# Exhibit C

UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RANDY WATSON AND LINDA WATSON | § § § § § § § § § § § § § | |
| *Plaintiffs* | | CIVIL ACTION NO. |
| vs. | | |
| GENERAL MOTORS LLC AND MOSS MOTORS, INC. | | JURY TRIAL REQUESTED |
| *Defendants* | | |

## COMPLAINT

### I. Parties

1. Plaintiffs, RANDY WATSON AND LINDA WATSON, are individuals of the lawful age of majority and citizens of the State of Louisiana.

2. Defendant, GENERAL MOTORS LLC, hereinafter "GM," is a foreign corporation authorized to do and doing business in the State of Louisiana whose agent for service of process is Corporation Service Company, 320 Somerulos St., Baton Rouge, LA 70802-6129.

3. Defendant, MOSS MOTORS, INC., hereinafter "MOSS MOTORS," is a local corporation authorized to do and doing business in the State of Louisiana whose agent for service of process is Sharon K. Moss, 127 Cherry Street, Lafayette, LA 70506.

### II. Jurisdiction

4. This Court has federal question jurisdiction over the lawsuit under the Magnuson-

-1-

Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that the disputes involve predominant issues of federal law. Declaratory relief is available pursuant to 28 USC §§ 2201 and 2202. The court has supplemental jurisdiction under 28 USC § 1367 over Plaintiffs' state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III. Venue

5. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant, MOSS MOTORS is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

### IV. Conditions Precedent

6. All conditions precedents have been performed or have occurred.

### V. Facts

#### A. The Transaction

7. On March 23, 2013, Plaintiffs purchased a 2009 CHEVROLET CORVETTE, VIN 1G1Y226EX95100249, (hereinafter referred to as the "CORVETTE") from MOSS MOTORS. The sales contract was presented to Plaintiffs at the dealership and was executed at the dealership. At all times during the transaction the dealership personnel held themselves out to be acting on behalf of GM as well as MOSS MOTORS.

8. The sales price of the CORVETTE was $59,375.02. Plaintiffs paid for the CORVETTE in full at the time of purchase.

#### B. Implied Warranties

9. As a result of the sale of the CORVETTE by Defendant, MOSS MOTORS, to

Plaintiffs, an implied warranty of merchantability arose in the transaction which included the guarantee that the CORVETTE would pass without objection in the trade under the contract description; and that the CORVETTE was fit for the ordinary purpose for which such recreational vehicles are purchased.

10. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendants, GM and MOSS MOTORS. Specifically, the Defendants, GM and MOSS MOTORS, impliedly warranted that the repair work would be performed in a good and workmanlike manner.

### C. Express Warranties

11. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the CORVETTE occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the CORVETTE had, in fact, repaired the defects.

12. Plaintiffs' purchase of the CORVETTE was accompanied by express warranties offered by Defendant, GM, and extending to Plaintiffs. These warranties were part of the basis of the bargain of Plaintiffs's contract for purchase of the CORVETTE.

13. The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in GM's warranty booklet and owners manual.

### D. Actionable Conduct

14. In fact, when delivered, the CORVETTE was defective in materials and workmanship, with such defects being discovered immediately after purchase.

15. Since purchase, Plaintiffs have returned their CORVETTE to qualified GM service departments, for repairs on numerous occasions. Despite this prolonged period during which Defendants were given the opportunity to repair the CORVETTE, the more significant and dangerous conditions were not repaired.

16. The defects experienced by Plaintiffs with the CORVETTE substantially impaired its use, value and safety.

17. Plaintiffs directly notified both Defendants and each of them of the defective conditions of the CORVETTE on numerous occasions. Plaintiffs notified Defendants that they wanted a rescission of the sale of the CORVETTE but Defendants have failed and refused to buy back Plaintiffs's defective CORVETTE.

### Count 1: Violations of the Louisiana Redhibition Laws

18. Plaintiffs reallege and incorporate by reference herein each and every allegation set forth in the preceding paragraphs.

19. The CORVETTE is a "thing" under La. Civil Code Articles 2520, et seq.

20. GM is a "manufacturer" under La. Civil Code Articles 2520, et seq.

21. MOSS MOTORS is a "seller" under La. Civil Code Articles 2520, et seq.

22. Plaintiffs are "buyers" under in La. Civil Code Articles 2520, et seq.

23. The defects described in the CORVETTE motor vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

24. Plaintiffs have provided the Defendants sufficient opportunity to repair their defective motor vehicle.

25. Plaintiffs have performed each and every duty required of them under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendants, as herein alleged.

26. The hidden defects in the CORVETTE existed at the time of sale, but were not discovered until after delivery. The CORVETTE is not usable and neither Plaintiffs nor a reasonable prudent buyer would have purchased the CORVETTE had they known of the defects prior to the sale.

27. Furthermore, Defendants, GM and MOSS MOTORS, failed to perform the repair work in a good and workmanlike manner. This conduct by Defendants, GM and MOSS MOTORS, constitute a breach of the implied warranties under Louisiana law, and entitles Plaintiffs to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, insurance premiums, and out of pocket expenses. The damages Plaintiffs have suffered as a direct and proximate result of Defendants' actions exceed $75,000.00.

28. Under Louisiana Redhibition laws, Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevail. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

## Count 2: Violation of the Magnuson-Moss Warranty Act

29. Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

30. Plaintiffs are "consumers" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

31. Defendants, GM and MOSS MOTORS, are "suppliers" and "warrantors" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

32. The CORVETTE is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(1), because it is normally used for personal purposes and Plaintiffs in fact purchased it wholly or primarily for personal use.

33. The express warranties pertaining to the CORVETTE are a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

34. The actions of Defendants in failing to tender the CORVETTE to Plaintiffs free of defects and refusing to repair or replace the defective CORVETTE constitutes a breach of the written and implied warranties and hence a violation of the Magnuson-Moss Warranty Act.

35. Plaintiffs have performed all things agreed to and required of them under the sales contract and warranty terms, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

36. The damages Plaintiffs have suffered as a direct and proximate result of Defendants' actions exceed $75,000.00.

37. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees

-6-

based on actual time expended. As a proximate result of the misconduct of Defendants as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

### Count 3: Negligent Repair

38. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in the preceding paragraphs. For purposes of this cause of action, the word "Defendants" refers to GM and MOSS MOTORS.

39. On numerous occasions after the sale, Plaintiffs delivered the CORVETTE to MOSS MOTORS for repairs of the defective conditions covered under the express and implied warranties set forth hereinabove.

40. On each such occasion, Plaintiffs are informed and believe, and thereupon alleges, that Defendants, GM and MOSS MOTORS, attempted the repairs of the CORVETTE pursuant to their obligations under the express and implied warranties. Defendants owed a duty of care to Plaintiffs to perform those repairs on the CORVETTE in a good and workmanlike manner within a reasonable time. The Defendants breached this duty to Plaintiffs.

41. Defendants' attempted repairs of Plaintiffs' CORVETTE were done so negligently, carelessly, and recklessly as to substantially impair the CORVETTE's use, value, and safety in its operation and use. At no not time was any repair attempt on Plaintiffs' CORVETTE fully and completely repaired by the Defendants, nor were many of the defective conditions fixed or significantly improved by the Defendants' repair attempts. Nonetheless, each time Plaintiffs picked

up the motor vehicle after the Defendants' repair attempts, Defendants represented to Plaintiffs that the repairs were complete, and Plaintiffs relied upon these statements by the Defendants.

42. As a direct and proximate result of Defendants' negligent failure to repair the CORVETTE within a reasonable time or within a reasonable number of attempts, Plaintiffs were not able to use the CORVETTE for weeks at a time. As a further direct and proximate result of Defendants' failure to repair the CORVETTE in a timely and workmanlike fashion, Plaintiffs were forced repeatedly to take the CORVETTE in for further repair attempts and to leave the CORVETTE for long periods of time at great inconvenience to Plaintiffs.

43. The damages Plaintiffs have suffered as a direct and proximate result of Defendants' actions exceed $75,000.00.

## VI. Damages

44. The conduct described above has been and is a producing and proximate cause of damages to Plaintiffs.

45. Plaintiffs' damages include rescission of the sale including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, damages, together with applicable penalties and attorney fees allowed by law, and with legal interest upon the entire sums awarded from the date judicial demand, until paid, and for all costs of these proceedings.

46. As a direct and proximate result of the acts and omissions of Defendants and each of them as set forth hereinabove, Plaintiffs has been damaged in an amount in excess of $75,000.00 according to proof at trial.

-8-

## VII. Request for Rescission

47. Plaintiffs seeks the remedy of rescission of the sales contract.

48. Plaintiffs revoke their acceptance of the CORVETTE for the reason that its defects substantially impair its use, value, and safety to Plaintiffs and the acceptance was based on Plaintiffs' reasonable reliance on the false representations and warranties of the Defendants that the defects in the CORVETTE would be repaired, and no reasonable prudent buyer would have purchased the CORVETTE with knowledge of these defects prior to the sale. Accordingly, Plaintiffs seek a cancellation of the sales contract and an order of the court restoring to them the money obtained by Defendants as a result of the false representations and breaches of express and implied warranties as set forth above. Plaintiffs also seek cancellation of the debt and offers to return the CORVETTE to the Defendants. The damages Plaintiffs have suffered as a direct and proximate result of Defendants' actions exceed $75,000.00.

## VIII. Attorney Fees and Costs

49. Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendants as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs has incurred and continue to incur legal fees, costs and expenses in connection therewith.

## IX. Prayer for Relief

50. For these reasons, Plaintiffs pray for judgment against the Defendants for the following:

|   |   |
|---|---|
| a. | For general, special and actual damages according to proof at trial; |
| b | Rescinding the sale of the 2009 CHEVROLET CORVETTE, VIN 1G1Y226EX95100249, and returning to Plaintiffs the purchase price including all collateral costs at the time of the sale, insurance premiums, maintenance costs, repair costs, and damages. |
| c. | For incidental and consequential damages according to proof at trial; |
| d. | Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges. |
| e. | Any diminution in value of the CORVETTE attributable to the defects; |
| f. | Past and future economic losses; |
| g. | Damages for Loss of Use; |
| h. | Non-pecuniary damages; |
| g. | Prejudgment and post-judgment interest; |
| h. | Attorney fees; |
| I. | Costs of suit, expert fees and litigation expenses; and |
| j. | All other relief this Honorable Court deems appropriate. |

## XI. Demand for Jury Trial

51.   Plaintiffs hereby demand trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

_____
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
1343 West Causeway Approach
Mandeville, Louisiana 70471
E-mail: rdalton746@aol.com
Tel. (985) 778-2215
Fax: (985) 778-2233

ATTORNEY FOR PLAINTIFFS

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
RANDY WATSON AND LINDA WATSON

**DEFENDANTS**
GENERAL MOTORS, LLC AND MOSS MOTORS, INC

**(b)** County of Residence of First Listed Plaintiff   LAFAYETTE PARISH
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RICHARD C. DALTON, LLC
1343 WEST CAUSEWAY APPROACH
MANDEVILLE, LA 70471 (985) 778-2215

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application |  |  |
|  |  / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |
|  |  / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
MAGNUSON-MOSS CONSUMER WARRANTY ACT
Brief description of cause:
BREACH OF IMPLIED AND EXPRESS WARRANTIES; NEGLIGENT REPAIRS

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE 9/30/14   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   **(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   **(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

09-50026-mg Doc 12940-3 Filed 10/06/14 Entered 10/06/14 16:30:56 Exhibit C
Pg 15 of 18
Case 6:14-cv-02832 Document 1-2 Filed 05/30/14 Page 1 of 2 PageID #: 14

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Louisiana

| | ) |
|---|---|
| RANDY WATSON AND LINDA WATSON | ) ) ) ) |
| *Plaintiff(s)* | ) ) |
| v. | ) Civil Action No. |
| GENERAL MOTORS LLC AND MOSS MOTORS, INC | ) ) ) ) |
| *Defendant(s)* | ) ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* MOSS MOTORS,INC
SHARON K. MOSS
127 CHERRY STREET
LAFAYETTE, LA 70506

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: RICHARD C. DALTON
RICHARD C. DALTON, LLC
1343 WEST CAUSEWAY APPROACH
MANDEVILLE, LA 70471

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Louisiana

| | |
|---|---|
| RANDY WATSON AND LINDA WATSON <br><br> *Plaintiff(s)* <br><br> v. <br><br> GENERAL MOTORS LLC AND MOSS MOTORS, INC <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  GENERAL MOTORS, LLC
CORPORATION SERVICE COMPANY
320 SUMERULOS ST
BATON ROUGE, LA 70802-6129


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  RICHARD C. DALTON
RICHARD C. DALTON, LLC
1343 WEST CAUSEWAY APPROACH
MANDEVILLE, LA 70471


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

09-50026-mg Doc 12940-3 Filed 10/06/14 Entered 10/06/14 16:30:56 Exhibit C
Pg 18 of 18
Case 6:14-cv-02832 Document 1-5 Filed 05/30/14 Page 2 of 2 PageID #: 17

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: