KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
|     f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------x

**NOTICE OF FILING OF SECOND SUPPLEMENT TO
SCHEDULE "2" TO THE MOTION OF GENERAL MOTORS LLC
PURSUANT TO 11 U.S.C. §§ 105 AND 363 TO ENFORCE THE COURT'S
JULY 5, 2009 SALE ORDER AND INJUNCTION (MONETARY RELIEF
ACTIONS, OTHER THAN IGNITION SWITCH ACTIONS)**

**PLEASE TAKE NOTICE** that on October 6, 2014, General Motors LLC filed the attached *Second Supplement to Schedule "2" to the Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other Than Ignition Switch Actions)* (the "**Motion to Enforce**") with the United States Bankruptcy Court for the Southern District of New York.

Dated: New York, New York
October 6, 2014

Respectfully submitted,

/s/ Scott I. Davidson
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

# SECOND SUPPLEMENT[1] TO SCHEDULE "2"

# SAMPLE ALLEGATIONS/CAUSES OF ACTION
# IN MONETARY RELIEF COMPLAINTS FILED AGAINST NEW GM
# NOT CONTAINED IN THE PREVIOUS SUPPLEMENT TO
# SCHEDULE "2" to MOTION TO ENFORCE[2]

| **Lead Plaintiff** | **Allegations** |
|---|---|
| Belt[3] | The Belt Action concerns a 2007 Chevrolet HHR, allegedly purchased by the Plaintiff in September 2011. Compl., ¶ 8.<br><br>"This is an action for monetary damages, declaratory and injunctive relief filed pursuant to the West Virginia Consumer Credit and Protection Act, the Uniform Commercial Code, the Magnuson-Moss Warranty Act and applicable state common law theories of liability, and arising out of the sale of a motor vehicle by the Defendant, General Motors LLC, hereinafter 'Manufacturer'." Compl. ¶ 2.<br><br>"That the Defendant, General Motors, LLC, also negligently manufactured and constructed the 2007 Chevrolet HHR sold to Plaintiff, thereby breaching a duty to Plaintiff, and causing the Plaintiff to sustain harm and damages." Compl., ¶ 19.<br><br>"That the Defendants General Motors, LLC and Ramey Motors, Inc., breached an implied warranty of merchantability by selling Plaintiff a defective car." Compl., ¶ 20.<br><br>"Defendants expressly warranted that: (a) the subject vehicle was free from defects, defective parts and workmanship; (b) the subject vehicle was so engineered and designed as to function without requiring unreasonable maintenance and repairs; (c) even if the subject vehicle was not free from defects, defective parts, or workmanship, Defendants would repair or replace same without cost, and/or (d) any such defects or non-conformities would be cured within a reasonable time period." Compl., ¶ 27.<br><br>"That the Defendants placed into the stream of commerce an unsafe, unreliable and dangerous vehicle." Compl., ¶ 32.<br><br>"Defendants breached the implied warranty of merchantability and fitness in that Plaintiff's 2007 Chevrolet HHR was not fit for the ordinary purpose for which it was |

---

[1] This schedule supplements the previous supplement and the original Schedule "2" previously filed with the Court in connection with the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other Than Ignition Switch Actions)* on August 1, 2014 [Dkt. No. 12808]. *See* Dkt. Nos. Dkt. No. 12808-2, 12909.

[2] Due to space limitations and the ever increasing number of actions filed against New GM related to pre-363 Sale vehicles, this chart contains only a *sample* of statements, allegations and/or causes of action contained in the complaints referenced in the chart above. This chart does *not* contain *all* statements, allegations and/or causes of action that New GM believes violate the provisions of the Court's Sale Order and Injunction and the MSPA.

[3] In addition to allegations regarding problems with "the sunroof leaking, vehicle paint failure . . . and power steering failure . . ." in the subject vehicle (Belt Compl., ¶ 10), the complaint in the Belt Action also references alleged problems with a defective ignition switch. Accordingly, New GM is also filing simultaneously herewith supplemental schedules in connection with its Ignition Switch Motion to Enforce to address those allegations.

| | |
|---|---|
| | sold. (Breach of Implied Warranty of Merchantability)" Compl., ¶ 35. |
| Bledsoe[4] | "Mr. and Mrs. Elliott jointly own a 2006 Chevrolet Trailblazer that they purchased new in 2006 from a Chevrolet dealer." Compl., ¶ 4.[5] |
| | "Mr. Fordham owns a 2006 Pontiac G6 that he purchased used in November 2012." Compl., ¶ 6. |
| | "Mr. Kanu currently owns a 2000 Chevrolet Impala." Compl., ¶ 7. |
| | "Mr. Tibbs owns a 2007 Chevrolet Impala that he purchased in 2011." Compl., ¶ 10. |
| | "GM instituted its own and continued policies and practices of its predecessor intended to conceal and minimize safety related risks in GM products . . . ." Compl., ¶ 14. |
| | "Given the continuity of engineers, corporate counsel, and other key personnel from Old GM to GM, GM was aware of many of the defects from the very date of its inception on July 10, 2009." Compl., ¶ 37. |
| | "GM also knew since its inception about the ignition key hazard, steering hazards, and brake light hazards described above." Compl., 94. |
| | "GM had a duty to use reasonable care in the manufacture of vehicles for sale . . . ." Compl., ¶ 123. |
| | "To the extent that any of the allegation [sic] of wrongdoing alleged in this count involve wrongdoing by Old GM, GM is responsible for that conduct because it is a successor in manufacturing to Old GM and liable for Old GM's wrongdoing." Compl., ¶ 128. |
| Watson | The Watson Action concerns a 2009 Chevrolet Corvette, allegedly purchased by the Plaintiffs in March 2013 from Moss Motors, which is not a GM dealer. Compl., ¶ 9. |
| | The Watson Action is based on a theory of successor liability. *See generally* Complaint. |
| | "Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendants, GM and MOSS MOTORS. Specifically, the Defendants, GM and MOSS MOTORS, impliedly warranted that the repair work would be performed in a good and workmanlike manner." Compl. ¶ 10. |
| | "In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the CORVETTE occurring during a specified warranty period resulting from defects in material or |

---

[4] Some of the Plaintiffs' allegations and/or causes of action contained in the Bledsoe Complaint are based on (i) economic losses, monetary and other relief relating to defective ignition switches, and (ii) personal injuries related to pre-363 Sale accidents. As such, in connection with the Bledsoe Action, New GM is also filing supplements to its Ignition Switch Motion to Enforce and Pre-Closing Accident Motion to Enforce to address such allegations.

[5] Mr. and Mrs. Elliott also previously commenced a separate action that originally referenced their 2006 Chevrolet Trailblazer. However, when the Elliotts amended their complaint, they deleted all references to the Trailblazer. The Elliotts' previous action was designated in New GM's Ignition Switch Motion to Enforce, and the Court has previously ruled that that Action is stayed pending resolution of certain threshold issues raised by the Ignition Switch Motion to Enforce.

|  | workmanship would be repaired, and that repair work on the CORVETTE had, in fact, repaired the defects." Compl., ¶ 11.<br><br>"In fact, when delivered, the CORVETTE was defective m materials and workmanship, with such defects being discovered immediately after purchase." Compl., 14.<br><br>Paragraph 20 of the complaint alleges that "GM is a 'manufacturer' under" Louisiana Law, but Old GM manufactured the vehicle.<br><br>"The hidden defects in the CORVETTE existed at the time of sale, but were not discovered until after delivery. The CORVETTE is not usable and neither Plaintiffs nor a reasonable prudent buyer would have purchased the CORVETTE had they known of the defects prior to the sale." Compl., ¶ 26.<br><br>Count 2 of the Complaint is based on a "[v]iolation of the Magnuson-Moss Warranty Act." |