**HEARING DATE (IF OBJECTIONS): November 6, 2014 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: October 30, 2014 at 4:00 p.m. (Eastern Time)**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
Matthew J. Williams
Keith Martorana

*Attorneys for the Motors Liquidation Company*
*Avoidance Action Trust Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                    :

**In re**                             :        **Chapter 11 Case No.**
                                 :
                             :        **09-50026 (REG)**

**MOTORS LIQUIDATION COMPANY,** *et al.,*  :
**f/k/a General Motors Corp.,** *et al.*     :        **(Jointly Administered)**
                             :

               **Debtors.**        :
-----------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF WILMINGTON TRUST**
**COMPANY, AS AVOIDANCE ACTION TRUST ADMINISTRATOR, FOR ENTRY**
**OF AN ORDER PURSUANT TO FED. R. BANKR. P. 9006(B)**
**EXTENDING THE DURATION OF THE AVOIDANCE ACTION TRUST**

        **PLEASE TAKE NOTICE** that on October 9, 2014, Wilmington Trust

Company, solely in its capacity as trust administrator and trustee (in such capacity, the

"**Avoidance Action Trust Administrator**"), of the Motors Liquidation Company Avoidance

Action Trust (the "**Avoidance Action Trust**"), formed by the above-captioned post-effective

date debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended

Joint Chapter 11 Plan dated March 18, 2011, filed a motion (the "**Motion**") for an order,

pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure and section 4.1 of the

Amended and Restated Motors Liquidation Company Avoidance Action Trust Agreement

dated as of May 11, 2012 [Docket No. 11704] extending the duration of the Avoidance

Action Trust for an additional 24 months, through and including December 15, 2016, all as more fully set forth in the Motion, and that a hearing will be held before the Honorable Judge Robert E. Gerber, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **November 6, 2014 at 9:45 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

        **PLEASE TAKE FURTHER NOTICE** that any responses or objections to this Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway,

47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); and (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn

Boulevard, Austin, Texas 78703, so as to be received no later than **October 30, 2014 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

            **PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, Wilmington Trust Company, acting in its capacity as Avoidance Action Trust Administrator may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  New York, New York
         October 9, 2014

                      GIBSON, DUNN & CRUTCHER LLP

                      By:    /s/ Matthew J. Williams

                      Matthew J. Williams
                      Keith Martorana
                      200 Park Avenue
                      New York, NY 10166-0193
                      (212) 351-4000

                      *Attorneys for the Motors Liquidation Company Avoidance Action Trust Administrator*

**HEARING DATE (IF OBJECTIONS): November 6, 2014 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: October 30, 2014 at 4:00 p.m. (Eastern Time)**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
Matthew J. Williams
Keith R. Martorana

*Attorneys for the Motors Liquidation Company*
*Avoidance Action Trust Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                 :
**In re**                                                        :          **Chapter 11 Case No.**
                                                                 :
**MOTORS LIQUIDATION COMPANY, *et al.*,**                        :
**f/k/a General Motors Corp., *et al.***                         :          **09-50026 (REG)**
                                                                 :
                              **Debtors.**                       :          **(Jointly Administered)**
                                                                 :
                                                                 :
-----------------------------------------------------------------x

**MOTION OF WILMINGTON TRUST COMPANY, AS AVOIDANCE**
**ACTION TRUST ADMINISTRATOR, FOR ENTRY OF AN ORDER**
**PURSUANT TO FED. R. BANKR. P. 9006(B) EXTENDING**
**THE DURATION OF THE AVOIDANCE ACTION TRUST**

**TO:    THE HONORABLE ROBERT E. GERBER**
**UNITED STATES BANKRUPTCY JUDGE**

Wilmington Trust Company, not in its individual capacity and solely in its capacity as

trust administrator and trustee (the "**Avoidance Action Trust Administrator**") of the Motors

Liquidation Company Avoidance Action Trust (the "**Avoidance Action Trust**"), as

established under the Debtors' Second Amended Joint Chapter 11 Plan dated as of March 18,

2011 [Docket No. 9836] (as confirmed, the "**Plan**") of the above-captioned post-effective

date debtors (the "**Debtors**"), submits this motion (the "**Motion**") seeking entry of an Order,

in the form attached hereto as <u>Exhibit A</u> (the "**Order**"), pursuant to Rule 9006(b) of the

Federal Rules of Bankruptcy Procedure and section 4.1 of the Amended and Restated Motors

Liquidation Company Avoidance Action Trust Agreement dated as of May 11, 2012 (as

amended, the "**Avoidance Action Trust Agreement**") [Docket No. 11704] extending the

duration of the Avoidance Action Trust for an additional 24 months, through and including

December 15, 2016.  In support of the foregoing, the Avoidance Action Trust Administrator

respectfully represents as follows:[1]

### PRELIMINARY STATEMENT

1.       On the effective date of the Plan (the "**Effective Date**") the Avoidance Action

Trust was established, and on December 15, 2011 (the "**Avoidance Action Trust Transfer**

**Date**"), the date on which the Debtors were dissolved, a cause of action styled as *Official*

*Committee of Unsecured Creditors of Motors Liquidation Co. v. JPMorgan Chase Bank, N.A.*

*et al.*, Adv. Pro. No. 09-00504 (Bankr. S.D.N.Y. July 31, 2009) (the "**Term Loan Avoidance**

**Action**") was transferred from the Debtors to the Avoidance Action Trust.  The Term Loan

Avoidance Action seeks the return of approximately $1.5 billion that had been transferred by

the Debtors to a consortium of lenders in satisfaction of a prepetition loan (the "**Term**

**Loan**") pursuant to the terms of this Court's order approving a DIP Credit Facility [Docket

No. 2529], on a theory that such lenders' security interests in the Debtors' property were not

properly perfected, and thus such lenders were unsecured creditors as of the bankruptcy

filing.

2.       Pursuant to the Plan, following the Avoidance Action Trust Transfer Date, the

Avoidance Action Trust Administrator was vested with the authority and responsibility of

prosecuting and resolving the Term Loan Avoidance Action on behalf of the beneficiaries of

the Avoidance Action Trust.  Plan ¶¶ 1.21, 1.23, 6.5(f), 10.5.  To perform this task, the

Avoidance Action Trust was afforded an initial three-year life, ending on December 15, 2014

(the "**Initial Term**").  While the Debtors and the other parties to the Avoidance Action Trust

---

[1]       Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan or the Avoidance
Action Trust Agreement, as applicable.  Any description herein of the terms of the Plan or the Avoidance
Action Trust Agreement is qualified in its entirety by the terms of the Plan or the Avoidance Action Trust
Agreement, as applicable.

Agreement believed that a three-year life was a reasonable time frame to accomplish the tasks required, it was understood that litigation timing is inherently unpredictable and, in that regard, the ability to extend the life of the Avoidance Action Trust upon order of the Bankruptcy Court for the Southern District of New York (this "**Court**") was preserved.

3.      On the Avoidance Action Trust Transfer Date, the prosecution of the Term Loan Avoidance Action was effectively stayed pending a decision of this Court with respect to two competing summary judgment motions that were *sub judice*.  This Court entered an order on March 1, 2013 granting summary judgment in favor of defendant JPMorgan Chase Bank, N.A. and denying the summary judgment motion of the Avoidance Action Trust.  As a result, the Avoidance Action Trust was unable to actively prosecute the Term Loan Avoidance Action during a substantial portion of the Initial Term (*i.e.*, from December 15, 2011 through March 1, 2013).

4.      Immediately following this Court's ruling on the summary judgment motions, the Avoidance Action Trust filed a timely appeal and has diligently pursued this appeal.  As discussed in more detail below, the Avoidance Action Trust has made much progress in the remaining portion of the Initial Term, but believes that the full and final resolution of the Term Loan Avoidance Action cannot be accomplished absent an extension of the duration of the Avoidance Action Trust.  Accordingly, the Avoidance Action Trust Administrator submits that the relief requested in this motion to extend the life of the Avoidance Action Trust for an additional 24 months following the Initial Term is necessary and appropriate.

## JURISDICTION

5.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and 1334(b), paragraph II of the order of this Court dated as of March 29, 2011 confirming the Plan [Docket No. 9941] (the "**Confirmation Order**"), Article XI of the Plan, and Section 4.1

of the Avoidance Action Trust Agreement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND[2]

### A.  The Avoidance Action Trust and Scheduled Dissolution Date

6.      The Avoidance Action Trust was established pursuant to Article VI of the Plan.  The primary purpose of the Avoidance Action Trust is to prosecute and resolve the Term Loan Avoidance Action and distribute any proceeds thereof to the Avoidance Action Trust beneficiaries.

7.      Pursuant to Section 4.1 of the Avoidance Action Trust Agreement, the Avoidance Action Trust became effective on the Avoidance Action Trust Transfer Date, and continues in full force and effect until:

> (a) all of the Distributable Trust Assets and all Distributable Other Debtor Residual Trust Assets, if any, have been distributed pursuant to the Plan and this Trust Agreement, (b) the Trust Administrator determines, in its discretion and with the approval of the Trust Monitor, that the administration of the Avoidance Action Trust Assets is not likely to yield sufficient additional Distributable Trust Assets or Distributable Other Debtor Residual Trust Assets to justify further pursuit, and (c) all other distributions required to be made by the Trust Administrator under the Plan and this Trust Agreement have been made, **but in no event shall the Trust be dissolved later than three (3) years from the earlier of (i) the Avoidance Action Trust Transfer Date and (ii) the Other Debtor Residual Assets Transfer Date**, unless the Bankruptcy Court, upon motion within the six (6) month period prior to the third (3rd) anniversary of the earlier of (i) the Avoidance Action Trust Transfer Date and (ii) the Other Debtor Residual Assets Transfer Date (or at least six (6) months prior to the end of an extension period), determines that a fixed period extension (such that, together with any prior extensions, the dissolution of the Trust shall occur no later than five (5) years from the date on which the Trust became effective, without a favorable private letter ruling from the IRS that any further extension would not adversely affect the status of the Trust as a liquidating trust for U.S. federal income tax purposes) is necessary to facilitate or complete the recovery and liquidation of the

---

[2]   Beginning on June 1, 2009, Motors Liquidation Company and its affiliated Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Substantially all of the Initial Debtors' (as defined in the Plan) assets were sold to an acquisition vehicle sponsored primarily by the United States Treasury pursuant to the Amended and Restated Master Sale and Purchase Agreement dated as of June 26, 2009.  The Effective Date of the Plan was March 31, 2011.

Avoidance Action Trust Assets or the Other Debtor Residual Trust Assets, as the case may be.

Avoidance Action Trust Agreement § 4.1 (emphasis added).

8.    The Avoidance Action Trust Agreement defines (i) the "Avoidance Action Trust Transfer Date" as the date selected by the Debtors on which the Term Loan Avoidance Action (and related assets) are transferred to the Avoidance Action Trust (which date shall be no later than December 15, 2011), and (ii) the "Other Debtor Residual Assets Transfer Date" as the date selected by the Debtors on which other miscellaneous assets of Motors Liquidation Company (the "**Other Debtor Residual Assets**"), if any, are transferred to the Avoidance Action Trust (which date shall be no later than December 15, 2011). The Avoidance Action Trust Transfer Date occurred on December 15, 2011, when the Term Loan Avoidance Action was transferred to the Avoidance Action Trust pursuant to an Assignment Agreement between Motors Liquidation Company and the Avoidance Action Trust. *See* Exhibit B attached hereto. No Other Debtor Residual Assets were transferred to the Avoidance Action Trust, and thus the Other Debtor Residual Assets Transfer Date did not transpire.

9.    Accordingly, the duration of the Avoidance Action Trust is currently scheduled to end on December 15, 2014 (the "**Trust Dissolution Date**"), three years following the Avoidance Action Trust Transfer Date, absent a further order of this Court.

**B.  The Term Loan Avoidance Action**

10.    On July 31, 2009, the Official Committee of Unsecured Creditors of Motors Liquidation Company (the "**Committee**"), on behalf of the Debtors, commenced the Term Loan Avoidance Action.

11.    On July 1, 2010, the Committee filed a *Motion of Official Committee of Unsecured Creditors for Partial Summary Judgment* [Adv. Docket No. 24] (the "**Committee Summary Judgment Motion**"), seeking a ruling in favor of the Committee with respect to

5

the Term Loan Avoidance Action.  Also on July 1, 2010, JPMorgan Chase Bank, N.A. filed a

*Motion for Summary Judgment of Defendant JPMorgan Chase Bank, N.A.* [Adv. Docket No.

28] (the "**JPMorgan Summary Judgment Motion**," and together with the Committee

Summary Judgment Motion, the "**Cross-Motions for Summary Judgment**"), seeking a

ruling in favor of JPMorgan Chase Bank, N.A. with respect to the Term Loan Avoidance

Action.

12.    On the Avoidance Action Trust Transfer Date, while the Cross-Motions for

Summary Judgment were still pending, the right to prosecute the Term Loan Avoidance

Action was transferred to the Avoidance Action Trust.  *See* Exhibit B.

13.    On March 1, 2013, this Court rendered a *Decision on Cross-Motions for

Summary Judgment* [Adv. Docket No. 71] and entered an *Order on Cross-Motions for

Summary Judgment* [Adv. Docket No. 72] (the "**Term Loan Order**"), and *Judgment* [Adv.

Docket No. 73] (the "**Term Loan Judgment**"), denying the Committee Summary Judgment

Motion and granting the JPMorgan Summary Judgment Motion.  In connection therewith, on

March 1, 2013, this Court entered an *Order, Pursuant to 28 U.S.C. § 158(d), and

Fed.R.Bankr.P. 8001(f)(4), Certifying Judgment for Direct Appeal to Second Circuit* [Adv.

Docket No. 74] certifying the Term Loan Judgment and the Term Loan Order for direct

appeal to the United States Court of Appeals for the Second Circuit (the "**Second Circuit**").

14.    On March 7, 2013, the Avoidance Action Trust filed a notice of appeal of the

Term Loan Judgment and Term Loan Order pursuant to Fed.R.Bankr.P. 8001.  On April 5,

2013, the Avoidance Action Trust filed a petition for permission to appeal directly to the

Second Circuit (the "**Second Circuit Petition**").  The Second Circuit Petition was

subsequently granted and the appeal was docketed as case number 13-2187-bk before the

Second Circuit.  Following briefing, the Second Circuit heard oral arguments from the parties

on March 25, 2014.

15.     On June 17, 2014, the Second Circuit issued an opinion certifying a question of first impression (the "**Certified Question**") of statutory interpretation regarding UCC Article 9, as adopted into Delaware law, to the Supreme Court of the State of Delaware (the "**Delaware Court**").

16.     On June 20, 2014, the Delaware Court accepted the Certified Question and scheduled briefing on an expedited basis.  Briefing of the Certified Question concluded on September 5, 2014, and oral argument was held on October 8, 2014.  As of the date hereof, a decision regarding the Certified Question is *sub judice* with the Delaware Court.  Following a decision of the Delaware Court, a decision regarding the appeal of the Term Loan Judgment and the Term Loan Order will, once again, be *sub judice* with the Second Circuit.

17.     While the timing of decisions by the Delaware Court and the Second Circuit are at the discretion of those courts, it is possible that both decisions may not be rendered prior to the close of the Initial Term of the Avoidance Action Trust.  Moreover, depending on the outcome of the Second Circuit decision, further appeals and/or further proceedings before this Court may be necessary before the Term Loan Avoidance Action can be considered fully resolved.  In particular, in the event that the Second Circuit reverses the Term Loan Judgment and the Term Loan Order, it is anticipated that the Term Loan Avoidance Action will be remanded to this Court for further proceedings, and potentially a trial, regarding the value of any additional collateral securing the Term Loan.  Such further proceedings, if necessary, may give rise to yet further appeals.

## RELIEF REQUESTED

18.     By this Motion, the Avoidance Action Trust Administrator seeks entry of an order continuing the duration of the Avoidance Action Trust for 24 months beyond the Initial Term, and to extend the Trust Dissolution Date to December 15, 2016, in order to permit the

Avoidance Action Trust ample time to complete its duties as set forth in the Avoidance Action Trust Agreement.

19.     This is the Avoidance Action Trust Administrator's first request for an extension of the duration of the Avoidance Action Trust.

## BASIS FOR RELIEF

20.     The relief requested herein is consistent with the terms of the Plan, the Confirmation Order, the Avoidance Action Trust Agreement and applicable bankruptcy law. The Avoidance Action Trust Administrator has the power and authority to perform such "functions as are provided in the Plan and the Trust Agreement" including seeking Court authority to extend the duration of the Avoidance Action Trust.  Confirmation Order ¶ 35; Avoidance Action Trust Agreement § 4.1.  More specifically, the Avoidance Action Trust Agreement provides that the duration of the Avoidance Action Trust may be extended by order of this Court, if necessary to facilitate or complete the recovery and liquidation of the "Avoidance Action Trust Assets."  Avoidance Action Trust Agreement § 4.1.

21.     The relief requested herein is also supported by governing bankruptcy law. Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or within a specified period . . . by order of [the] court, the court for cause shown may at any time in its discretion . . . order the period enlarged . . . ." Fed. R. Bankr. P. 9006(b).

22.     The extension of the duration of the Avoidance Action Trust is necessary to complete the recovery and liquidation of the "Avoidance Action Trust Assets" – namely the Term Loan Avoidance Action.  While the Avoidance Action Trust is working in good faith to prosecute its appeal of the Term Loan Judgment and Term Loan Order, the timing of a decision on the appeal remains in the hands of the Delaware Court and the Second Circuit, which must issue rulings seriatim, not concurrently, and such rulings may not be rendered

during the Initial Term.  Further, as discussed above, it is possible that any ruling by the Second Circuit will lead to further appeals or proceedings before this Court.

23.    Accordingly, the Avoidance Action Trust Administrator believes that an extension of the Trust Dissolution Date is necessary to facilitate the successful resolution of the Term Loan Avoidance Action.  Courts in this jurisdiction have granted similar relief.  *See e.g., In re Boylan Intern., Ltd.*, 452 B.R. 43 (Bankr. S.D.N.Y. 2001) (holding that the duration of the trust may be extended for an additional two years to permit the trustee an opportunity to continue its prosecution of a malpractice claim, the estate's "primary asset").  Accordingly, the Avoidance Action Trust Administrator respectfully requests that the relief sought herein be granted.

## NOTICE

24.    The Avoidance Action Trust Administrator has served notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, (ii) the DIP Lenders and (iii) parties in interest in accordance with the *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*, dated May 5, 2011 [Docket No. 10183].  The Avoidance Action Trust Administrator submits that no other or further notice need be provided.

25.    No previous motion for the relief sought herein has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Avoidance Action Trust Administrator respectfully requests that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u>, extending the duration of the Avoidance Action Trust for an additional 24 months, through and including December 15, 2016, and grant such other and further relief as may be deemed just and proper.

Dated:  New York, New York
       October 9, 2014

                                    GIBSON, DUNN & CRUTCHER LLP

                                    By:    /s/  Matthew J. Williams

                                    Matthew J. Williams
                                    Keith R. Martorana
                                    200 Park Avenue
                                    New York, NY 10166-0193
                                    (212) 351-4000

                                    *Attorneys for the Motors Liquidation Company*
                                    *Avoidance Action Trust Administrator*

# EXHIBIT A

**[Proposed Order]**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                               :

| | |
|---|---|
| In re | **Chapter 11 Case No.** |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* | |
| **f/k/a General Motors Corp.,** *et al.* | **09-50026 (REG)** |
| Debtors. | **(Jointly Administered)** |

-----------------------------------------------------------------x

### ORDER PURSUANT TO FED. R. BANKR. P. 9006(B)
### EXTENDING THE DURATION OF THE AVOIDANCE ACTION TRUST

Upon the motion (the "**Motion**"),[1] dated October 9, 2014, of Wilmington Trust Company, in its capacity as trust administrator and trustee (in such capacity, the "**Avoidance Action Trust Administrator**") of the Motors Liquidation Company Avoidance Action Trust (the "**Avoidance Action Trust**") established under Article VI of the *Debtors' Second Amended Joint Chapter 11 Plan*, dated as of March 18, 2011, seeking entry of an order, pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure and section 4.1 of the Amended and Restated Motors Liquidation Company Avoidance Action Trust Agreement dated as of May 11, 2012 (as amended, the "**Avoidance Action Trust Agreement**") extending the duration of the Avoidance Action Trust for an additional 24 months or through and including December 15, 2016, all as more fully described in the Motion; and any objections to the Motion having been settled, resolved, withdrawn or overruled; and this Court having determined that the relief requested in the Motion is in the best interests of the above-captioned post-effective date debtors' creditors and estates; and it further appearing that proper and adequate notice of the Motion has been given and that no other or further

---

[1]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefor:

**IT IS HEREBY:**

ORDERED, that the relief requested in the Motion is granted to the extent provided herein; and it is further

ORDERED, that the duration of the Avoidance Action Trust, as described in section 4.1 of the Avoidance Action Trust Agreement, is extended an additional 24 months and the Avoidance Action Trust shall remain in full force and effect through and including December 15, 2016; and it is further

ORDERED, that this Order is without prejudice to the right of the Avoidance Action Trust Administrator to seek authority to further extend or shorten the duration of the Avoidance Action Trust upon application of the Avoidance Action Trust Administrator to this Court in accordance with the Avoidance Action Trust Agreement; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated: _____, 2014
      New York, New York

                    _____
                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**[Assignment Agreement]**

EXECUTION VERSION

## ASSIGNMENT AGREEMENT (AVOIDANCE ACTION TRUST)

**THIS ASSIGNMENT AGREEMENT** (this "**Agreement**"), effective as of the 15th day of December, 2011, is made by Motors Liquidation Company, a Delaware corporation ("**MLC**" or "**Assignor**") and the Motors Liquidation Company Avoidance Action Trust (the "**Avoidance Action Trust**" or "**Assignee**") (acting through Wilmington Trust Company, solely in its capacity as trust administrator and trustee of the Avoidance Trust, and not in its individual or any other capacity (the "**Avoidance Action Trust Administrator**")).

WHEREAS, on June 1, 2009, MLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**");

WHEREAS, MLC's Chapter 11 case is being jointly administered with the chapter 11 cases of certain of its affiliates under Case No. 09-50026 (REG) (the "**Case**");

WHEREAS, in connection with the Case, on March 18, 2011, the Debtors filed that certain Second Amended Joint Chapter 11 Plan with the Bankruptcy Court (such plan, as it may be modified, supplemented or amended from time to time, the "**Plan**");

WHEREAS, capitalized terms used but not defined herein shall have the meanings set forth in the Plan;

WHEREAS, on March 29, 2011, the Bankruptcy Court approved the Plan pursuant to that certain Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure, filed with the Bankruptcy Court as Docket 9941 (the "**Confirmation Order**");

WHEREAS, on March 31, 2011, the Plan became effective;

WHEREAS, pursuant to Section 6.10 of the Plan, upon the dissolution of MLC, all remaining assets of MLC that are not transferred to the GUC Trust pursuant to the Plan are to be transferred to the Avoidance Action Trust at the sole discretion of the Avoidance Action Trust Administrator;

WHEREAS, MLC is the legal and beneficial owner of the Assigned Assets (as defined below) and in accordance with the Plan, MLC desires to transfer, assign and deliver to Assignee all of its right, title and interest in and to the Assigned Assets, and, subject to the terms and conditions precedent herein, Assignee agrees to accept such transfer, assignment and delivery of the Assigned Assets in accordance with and subject to the terms of the Plan and the Confirmation Order;

WHEREAS, notwithstanding section 6.10 of the Plan, it is the intent of MLC to transfer all remaining assets of MLC, other than the Assigned Assets, to a separate trust or trusts to be administered by a party other than the Avoidance Action Trust Administrator; and

WHEREAS, on December 2, 2011, the Bankruptcy Court entered an order (the "**Term Loan Ownership Order**"), granting summary judgment in favor of the plaintiff in the Adversary Proceeding entitled *Official Committee of Unsecured Creditors of Motors Liquidation Company, et al. v. United States Department of Treasury, Export Development Canada* [Adversary Proceeding No. 11-09406].

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants and agreements hereinafter contained, the parties hereby agree as follows:

# ARTICLE I

<u>Assignment</u>

SECTION 1.1.  <u>Assignment</u>.  Pursuant to the Plan, at the Effective Time, MLC hereby absolutely and unconditionally transfers, assigns and delivers unto Assignee (the "**Assignment**") all of MLC's right, title and interest in and to:

    (a)  an amount in cash equal to $500,000.00 (the "**Avoidance Action Trust SEC Reporting Cash**");

    (b)  an amount in cash equal to $1,576,323.00 in order to administer the Avoidance Action Trust (the "**Avoidance Trust Administrative Cash**"); and

    (c)  the Term Loan Avoidance Action and any proceeds thereof (collectively, with the Avoidance Trust Administrative Cash and the Avoidance Action Trust SEC Reporting Cash, the "**Assigned Assets**");

free and clear of all Claims and Encumbrances, but subject to any obligations imposed by the Plan or the Confirmation Order (including without limitation any Claim or Encumbrance in favor of the DIP Lenders that remains effective pursuant to the Plan) subject to, solely in the case of the Term Loan Avoidance Action and proceeds thereof, the Term Loan Ownership Order and any orders entered in connection with appeals or motions for reconsideration thereof.

SECTION 1.2.  <u>Closing Transactions</u>.  Subject to the terms and conditions set forth in this Agreement, and in accordance with the Plan and the Confirmation Order, the Assignor shall, as of the Effective Time or promptly thereafter, pay to Assignee, by wire transfer of immediately available funds to the accounts specified by Assignee on <u>Schedule A</u>, the Avoidance Trust Administrative Cash and the Avoidance Action Trust SEC Reporting Cash.

SECTION 1.3.  <u>Further Assurances</u>.  Prior to the dissolution of MLC, to further give effect to the Assignment, the parties hereto agree to execute and deliver any such additional documents or instruments of assignment, transfer or conveyance, as may be necessary or appropriate to effectuate the Assignment described in this <u>Article I</u> or that is contemplated by the Plan.

# ARTICLE II

<u>Miscellaneous</u>

SECTION 2.1.  <u>Effective Time</u>.  The Assignment shall be effective immediately upon the execution of this Agreement by each of Assignor and Assignee (the "**Effective Time**").

SECTION 2.2.  <u>Governing Law</u>.  Except to the extent the Bankruptcy Code is applicable, this Agreement shall be construed and enforced in accordance with, and the rights and obligations of the parties hereunder shall be governed by, the laws of the State of New York, without giving effect to the principles of conflicts of law thereof.

SECTION 2.3.  <u>Counterparts</u>.  This Agreement may be executed in multiple counterparts (including by means of telecopied or PDF signature pages), each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument.

[*Signature page follows*]

**IN WITNESS WHEREOF**, the parties have caused this Agreement to be executed and delivered as of the day and year first above written.

**MOTORS LIQUIDATION COMPANY**

By: _____

Name:  Albert A. Koch
Title:    President & Chief Executive Officer

**MOTORS LIQUIDATION COMPANY**
**AVOIDANCE ACTION TRUST**

By: WILMINGTON TRUST COMPANY, solely in its
    capacity as Avoidance Action Trust Administrator

By: _____

Name:  David A. Vanaskey, Jr.
Title:    Vice President

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed and delivered as of the day and year first above written.

MOTORS LIQUIDATION COMPANY

By: _____
Name:  Albert A. Koch
Title:    President & Chief Executive Officer

MOTORS LIQUIDATION COMPANY
AVOIDANCE ACTION TRUST

By: WILMINGTON TRUST COMPANY, solely in its capacity as Avoidance Action Trust Administrator

By: _____
Name:  David A. Vanaskey, Jr.
Title:    Vice President

[SIGNATURE PAGE TO ASSIGNMENT AND ASSUMPTION AGREEMENT (AVOIDANCE ACTION TRUST)]

# **SCHEDULE A**

REDACTED