# Exhibit A



# Notice of Service of Process

null / ALL
**Transmittal Number:** 12934868
**Date Processed:** 09/10/2014

| | |
|---|---|
| **Primary Contact:** | Rosemarie Williams<br>General Motors LLC<br>Mail Code 48482-038-210<br>400 Renaissance Center<br>Detroit, MI 48265 |
| **Entity:** | General Motors LLC<br>Entity ID Number  3113523 |
| **Entity Served:** | General Motors, LLC |
| **Title of Action:** | Mullins, Karen, Denise vs. General Motors LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | McDowell County Circuit Court, West Virginia |
| **Case/Reference No:** | 14-C-99 |
| **Jurisdiction Served:** | West Virginia |
| **Date Served on CSC:** | 09/10/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | WV Secretary of State on 09/08/2014 |
| **How Served:** | Certified Mail |
| Sender Information: | Lacy Wright, Jr. (Welch, WV)<br>304-436-6292 |
| **Client Requested Information:** | Year: 2010<br>Make: Chevrolet<br>Model: HHR<br>VIN: 3GNBABDB4AS601314 |
| **Notes:** | Lacy Wright, Jr. PO Box 800 Welch, WV 24801<br>CSC Location document was served: Corporation Service Company 209 West Washington Street Charleston, WV 25302 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



USPS CERTIFIED MAIL™



9214 8901 1251 3410 0000 3689 98

GENERAL MOTORS, LLC
Corporation Service Company
209 WASHINGTON ST W
CHARLESTON, WV 25302-2348

**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
**Phone:** 304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

| | |
|---|---|
| **Control Number:** 34695 | **Agent:** Corporation Service Company |
| **Defendant:** GENERAL MOTORS, LLC<br>209 WASHINGTON ST W<br>CHARLESTON, WV 25302-2348 US | **County:** McDowell |
| | **Civil Action:** 14-C-99 |
| | **Certified Number:** 92148901125134100000368998 |
| | **Service Date:** 9/8/2014 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

IN THE CIRCUIT COURT OF McDOWELL COUNTY, WEST VIRGINIA

KAREN DENISE MULLINS,

    Plaintiff,

vs.                                      CIVIL ACTION NO. 14-C 99

GENERAL MOTORS, LLC

    Defendant.

To the above-named Defendant:    **GENERAL MOTORS, LLC**
Serve:
Corporation Service Company,
209 W. Washington Street
Charleston, WV 25302

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon Lacy Wright, Jr., plaintiffs' attorney whose address is P.O. Box 800, Welch, West Virginia 24801, an answer including any related counterclaim you may have to the complaint filed against you in the above styled civil action, a true copy which is herewith delivered to you. You are required to serve your answer within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated: September 4, 2014

                                                    _____
                                                    Clerk of Court

                                            By _____
                                                       Deputy

[Stamp: ACCEPTED FOR SERVICE OF PROCESS 2014 SEP -8 PM 2:40 SECRETARY OF STATE STATE OF WEST VIRGINIA]

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

KAREN DENISE MULLINS,

    PLAINTIFF,

V.                      CIVIL ACTION NO.: 14-C-99

GENERAL MOTORS, LLC,

    DEFENDANT.

## COMPLAINT

NOW COMES Karen Denise Mullins, by counsel, Lacy Wright, Jr., and complains, alleges and seeks relief as follows.

1. The Plaintiff, Karen Denise Mullins, is a resident and bona fide citizen of Jolo, McDowell County, West Virginia.

2. The Defendant, General Motors, LLC, hereinafter referred to as "manufacturer" is a foreign corporation authorized to do business in West Virginia and doing business in McDowell County, West Virginia, and other counties in West Virginia, and whose agent to accept process is Corporation Service Company, 209 W. Washington St., Charleston, WV 25302.

3. This is an action for monetary damages, declaratory and injunctive relief filed pursuant to the West Virginia Consumer Credit and Protection Act, the Uniform Commercial Code, the Magnuson-Moss Warranty Act and applicable state common law theories of liability, and arising out of the sale of a motor vehicle by the Defendant, General Motors, LLC, hereinafter "Manufacturer".

4. On or about August 30th, 2010, the Plaintiff, Karen

Denise Mullins, (Consumer) purchased a 2010 Chevrolet HHR, Vehicle I.D. No. (3GNBABDB4AS601314) from a seller of the manufacturer's product, namely, Curtis Automotive.

5. The purchase price paid by the Plaintiff, Karen Denise Mullins, for said automobile was, based upon information and belief, $8,000.00, and that in addition thereto the Plaintiff paid West Virginia state consumer sales tax, license and registration fees and other costs reasonably related to the purchase of the vehicle.

6. Plaintiff alleges that the seller sold her a motor vehicle that did not conform to the Manufacturer's express warranties. Moreover, Plaintiff alleges that Defendant did not make the repairs necessary to conform the vehicle to said express warranties after a reasonable number of attempts and otherwise committed willful and/or negligent acts to the Plaintiff's detriment.

7. After the purchase of the motor vehicle as aforesaid, the Plaintiff experienced repeated nonconformities with the motor vehicle which substantially impaired the use and market value of the subject motor vehicle including but not limited to problems with the ignition, power steering, rack and pinion, and jerking of vehicle.

8. As a direct result of the Defendants' unlawful, unfair, unconscionable, deceptive, reckless, willful and negligent actions, Plaintiff suffered monetary loss, consequential and incidental

damages, compensatory damages, emotional and mental distress, aggravation, anxiety, loss of use, annoyance and inconvenience.

9. The manufacturer and seller have received prior written notification from or on behalf of the consumer and have had at least one opportunity to cure the defect(s) alleged. Further, after a reasonable number of attempts to do so, neither the manufacturer nor the seller conformed the motor vehicle to the warranty nor replaced the vehicle with a comparable motor vehicle which did conform to the warranties.

10. As a direct and proximate result of said Defendants' failure to conform the subject motor vehicle to the warranties after a reasonable number of attempts to do so, the Plaintiff was caused damage by the loss of use of her vehicle, annoyance, inconvenience and incurred expenses for replacement transportation.

11. The said Defendant, and/or their agents, breached a contract with the Plaintiff proximately causing the Plaintiff to sustain damages.

12. Upon information and belief, the Defendant took some part in the acts and omissions hereinafter set forth, by reason of which the Defendant is liable to the Plaintiff for the relief prayed for herein.

**BREACH OF CONTRACT, WARRANTIES AND NEGLIGENCE**

13. The Plaintiff hereby incorporates paragraphs one (1) through thirteen (13) referenced hereto as if fully set forth hereinafter.

14. That the Defendant, General Motors, LLC, breached a contract with the Plaintiff by selling a defective vehicle. That the Defendant, General Motors, LLC, also negligently manufactured and constructed the 2010 Chevrolet HHR sold to Plaintiff, thereby breaching a duty to Plaintiff, and causing the Plaintiff to sustain harm and damages.

15. That the Defendant, General Motors, LLC, breached an implied warranty of merchantability by selling Plaintiff a defective car.

16. That the Defendant broke a promise to the Plaintiff by selling the Plaintiff a defective vehicle also known in West Virginia as a "lemon." Plaintiff states upon information and belief that she believes the vehicle would also be called a "lemon" in most other states.

17. That the Defendant breached a contract with Plaintiff by a failure to honor guaranties and warranties made when Plaintiff in good faith purchased the vehicle manufactured by Defendant General Motors, LLC and purchased by Plaintiff from a seller of Defendant General Motors, LLC, namely, Curtis Automotive.

18. That the Defendant did not engage in good faith in dealing with Plaintiff by attempting to avoid honoring the terms of the contract and the warranties extended to the Plaintiff.

19. That the Defendant breached a contract with Plaintiff by breaching an implied warranty of merchantability as Plaintiff's vehicle was non-conforming.

20. Defendant has refused, declined and apparently is unable to fulfill their portion of the contract thus causing the Plaintiff to sustain harm, damages, and breaching said agreement.

21. Plaintiff has performed all of the conditions, covenants and promises required by the Defendant to be performed in accordance with the terms and conditions of the contract.

22. Defendant expressly warranted that: (a) the subject vehicle was free from defects, defective parts and workmanship; (b) the subject vehicle was so engineered and designed as to function without requiring unreasonable maintenance and repairs; ( c ) even if the subject vehicle was not free from defects, defective parts, or workmanship, Defendant would repair or replace same without cost, and/or (d) any such defects or non-conformities would be cured within a reasonable time period.

23. Defendant further expressly warranted that all repairs were performed in a good and workmanlike manner, and that the vehicle was fully repaired.

24. Defendant breached the aforementioned express warranties.

25. Defendant owed a duty of care to Plaintiff to perform repairs on the subject vehicle in a good and workmanlike manner within a reasonable time period.

26. Defendant breached this duty.

27. That the Defendant placed into the stream of commerce an unsafe, unreliable and dangerous vehicle.

28. That Plaintiff's vehicle has been subjected to multiple

recalls relating to the electric power steering, ignition switch defects, defective lock cylinder and other defective conditions which resulted in multiple accidents involving the vehicle.

29. Defendant manufactured or sold Plaintiff a vehicle with defective parts such as the ignition switch which was very clearly a defect and was a defect that represents an unreasonable risk to safety. (Product Liability)

30. Defendants owed a duty to exercise reasonable care in the design, manufacture, and sale of the 2010 Chevrolet HHR so as to render it free from defects and to make it reasonably safe for its foreseeable usage and uses and fit for its intended purpose which duties the Defendant breached. (Negligence)

31. Defendant breached the implied warranty of merchantability and fitness in that Plaintiff's 2010 Chevrolet HHR was not fit for the ordinary purpose for which it was sold. (Breach of Implied Warranty of Merchantability)

32. Defendant among other things made fraudulent misrepresentations and omission by assuring regulators that recalls were not necessary, hid changes to defective ignition switch, sent out misleading service bulletins related to engine failure, power steering, ignition switch dangers and as such fraudulently concealed with the intention to mislead. (Fraud, Fraudulent misrepresentation and Fraudulent concealment)

WHEREFORE, your Plaintiff demands judgment of the said Defendant as follows:

(A)   Revocation of acceptance and refund of the purchase price including but not limited to sales tax, license and registration and other reasonable expenses incurred for the purchase of the new motor vehicle and interest thereon in a total amount not to exceed more than seventy-five thousand dollars ($75,000.00);

(B).  Contract damages, direct damages incidental damages, special damages, general damages, compensatory damages, costs and attorney fees;

( C )   Damages for the loss of use, annoyance or inconvenience resulting from the nonconformity including but not limited to reasonable expense incurred for replacement transportation during any period when the vehicle was out of service for the reasons of the nonconformity or by reason of repair;

(D)   Her attorney fees incurred in prosecuting this action and interest from the dates of filing this action, and costs;

(E)   That Plaintiff be awarded prejudgment and postjudgment interest on all of the aforementioned damages, as allowed by law;

(F)   That Plaintiff be awarded any and all additional damages against Defendant, in an amount to be determined at trial;

(G)   That Plaintiff be awarded her costs-including a reasonable attorney fee-pursuant to W.Va. Code 46A-5-104, W.Va. Code 46A-6A-4, the Magnuson-Moss Act, the common law, and the general authority of this Court;

(H)   That Plaintiff be awarded punitive damages against

Defendant, in an amount to be determined at trial, for the willful, wanton and/or reckless disregard for their legal rights;

(I) That Plaintiff be awarded additional damages against Defendant, in an amount to be determined at trial, that fairly and reasonably compensates them for emotional and mental distress, loss of use, aggravation, anxiety, mental anguish, annoyance and inconvenience suffered as a result of Defendant's unlawful acts;

(J) That Plaintiff be awarded consequential and incidental damages against Defendant, in an amount to be determined at trial; and

(K) Such other and further relief as the Court deems appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

                                        KAREN DENISE MULLINS,
                                        BY COUNSEL,

_____
Lacy Wright, Jr.
Attorney at Law
PO Box 800
Welch, WV 24801
(304) 436-6292
WV Bar No.: 5826

09-50026-mg    Doc 12950-1    Filed 10/15/14    Entered 10/15/14 12:21:27    Exhibit A
Pg 13 of 15

CIVIL CASE INFORMATION STATEMENT

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

---

1.  CASE STYLE:

Plaintiff                                    Case # 14-C-99

KAREN DENISE MULLINS,                        Judge: McKinney

vs.                                          Days To
                                             Answer       Type of Service

DEFENDANT(S)

GENERAL MOTORS, LLC

SERVE:
Corporation Service Company,
209 W. Washington Street
Charleston, WV 25302                         30           WV SECRETARY OF
                                                          STATE


ORIGINAL AND TWO (2) COPIES ATTACHED HERETO.

PLAINTIFF:       KAREN DENISE MULLINS        CASE NUMBER: _____

DEFENDANTS:      GENERAL MOTORS, LLC

II.   TYPE OF CASE:

      CIVIL

III.  JURY DEMAND:

      YES

IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?

      NO


ATTORNEY NAME:   LACY WRIGHT, JR.
FIRM:            SAME
ADDRESS:         P.O. BOX 800, WELCH, WV  24801
TELEPHONE:       (304) 436-6292

REPRESENTING:    PLAINTIFF          DATED: August 26, 2014

                                    _____
                                    /s/ Lacy Wright, Jr.



