UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                                           :    Chapter 11
                                                                                     :
MOTORS LIQUIDATION COMPANY, *et al.*,       :    Case Nos.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                 :
                                                                                     :    (Jointly Administered)
                Debtors.                         :
---------------------------------------------------------------X

**STIPULATION AND AGREED ORDER AMENDING SUPPLEMENTS TO
SCHEDULE 1 AND SCHEDULE 2 TO THE MONETARY RELIEF MOTION
TO ENFORCE AS IT RELATES TO THE ACTION COMMENCED BY JONI PRECHT**

      General Motors LLC ("**New GM**") and Joni Precht, on behalf of herself and all others similarly situated ("**Precht**," and with New GM, the "**Parties**"), by and through their undersigned counsel, enter into this Stipulation and Order and state:

      WHEREAS, on August 1, 2014, New GM filed with this Court its *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other Than Ignition Switch Actions)* [Dkt. No. 12808-1] ("**Monetary Relief Motion to Enforce**"), seeking, *inter alia*, to enforce the injunction provisions contained in this Court's July 5, 2009 Sale Order and Injunction[1] against Plaintiffs who had commenced Monetary Relief Actions against New GM;

      WHEREAS, on June 17, 2014, a purported class action was commenced against New GM by Precht in the United States District Court for the Southern District of Florida, Case No.: 1:14-cv-20971-PCH ("**Precht Action**");

      WHEREAS, the Precht Action asserts various claims and causes of action against New GM concerning model years ("**MY**") 2010-2013 Chevrolet Traverse vehicles;

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Monetary Relief Motion to Enforce.

1

WHEREAS, certain of MY 2010 Chevrolet Traverse vehicles were manufactured by Old GM prior to the July 10, 2009 closing of the sale of assets from Old GM to New GM;

WHEREAS, prior to September 18, 2014, counsel for New GM and counsel for Precht had discussions to determine whether the Precht Action concerned vehicles manufactured and/or sold by both Old GM and New GM, or concerned vehicles manufactured and/or sold solely by New GM;

WHEREAS, on September 18, 2014, New GM filed with the Court supplements to Schedule 1 and Schedule 2 to the Monetary Relief Motion to Enforce [Dkt. Nos. 12908 and 12909] ("**Supplements**"), designating the Precht Action as being subject to the Monetary Relief Motion to Enforce;

WHEREAS, on September 19, 2014, counsel for Precht was served with the Supplements, as well as a Scheduling Order dated September 15, 2014 ("**Scheduling Order**") which provided that Precht had seven days from service of same (*i.e.*, September 26, 2014) to either (i) enter into a stipulation with New GM staying the Precht Action ("**Stay Stipulation**") or (ii) file a No Stay Pleading (as defined in the Scheduling Order) with the Court;

WHEREAS, on September 24, 2014, counsel for Precht contacted counsel for New GM and at that time agreed and confirmed that the Precht Action concerns only vehicles manufactured and/or sold solely by New GM, and does not concern any vehicles manufactured and/or sold by Old GM;

WHEREAS, given the agreement of counsel for Precht set forth in the immediately preceding WHEREAS clause, the Parties agree that the Supplements can be amended to delete the reference to the Precht Action subject to the terms and conditions stated herein.

2

NOW, THEREFORE, it is stipulated and agreed, by and among the Parties, subject to approval of the Court, that:

1. "Class Vehicles," as defined in the complaint ("**Complaint**") filed in the Precht Action, shall refer solely to vehicles manufactured and/or sold by New GM, and not by Old GM, and Precht hereby agrees that the Precht Action does not in any way concern, and does not in any way assert any claims or causes of action based on (i) vehicles manufactured and/or sold by Old GM, or (ii) Old GM conduct.

2. Precht hereby agrees to file an amended complaint ("**Amended Complaint**") in the Precht Action, within three (3) business days of this Stipulation and Order being so-ordered by the Court, amending footnote 1 to the Complaint as follows (amended language is in **bold**):

> Plaintiffs reserve the right to amend or add to the vehicle models included in the definition of Class Vehicles after conducting discovery, *provided however* **that all class vehicles that are or will be the subject of this action were manufactured and/or sold solely by General Motors LLC, and not by General Motors Corporation, and this action does not in any way concern, and does not in any way assert any claims or causes of action based on (a) vehicles manufactured and/or sold by General Motors Corporation, or (b) the conduct of General Motors Corporation.**

3. Except for the amended language set forth in paragraph 2 hereof with respect to footnote 1 of the Complaint, New GM does not consent to any further amendment of the Complaint.

4. Precht hereby agrees that she will not, in the future, seek to further amend the Amended Complaint to assert any claims or causes of action based on (i) vehicles manufactured and/or sold by Old GM, or (ii) Old GM conduct.

5. The briefing concerning New GM's pending motion to dismiss ("**Motion to Dismiss**") previously filed in the Precht Action shall not be affected by this Stipulation and Order, or the filing of the Amended Complaint in the Precht Action, and the Motion to Dismiss

shall be deemed to apply to the Amended Complaint, once it is filed in the Precht Action, without the necessity of either Party filing supplemental briefing in connection with the Motion to Dismiss.

6. Upon the Amended Complaint being filed in the Precht Action, the Supplements shall be deemed amended to delete the reference to the Precht Action, and the Parties agree that, at such time, the Precht Action shall not be subject to the Monetary Relief Motion to Enforce.

7. Precht's time to either enter into a Stay Stipulation or file a No Stay Pleading shall be extended until October 15, 2014.  Upon approval of this Stipulation and Order and the filing of the Amended Complaint, Precht shall not be required to enter into a Stay Stipulation or file a No Stay Pleading with the Court.

8. This Stipulation and Order has no effect on (i) New GM's *Motion To Transfer Tag-Along Actions For Consolidated Pretrial Proceedings* (as it relates to the Precht Action), filed with the United States Judicial Panel On Multidistrict Litigation (MDL Docket No. 2543) on September 26, 2014 ("**Motion to Transfer**"), or (ii) Precht's right to oppose the relief requested in the Motion to Transfer.

9. This Stipulation and Order is subject to approval by the Court and the filing of an Amended Complaint consistent with this Stipulation and Order, in the Precht Action.  In the event the Court declines to approve this Stipulation and Order, or the Amended Complaint is not filed in the Precht Action, this Stipulation shall be null and void and without force and effect.

10. The Parties agree to cooperate with each other, and each agree to execute such documents as may be reasonably necessary to carry out the terms of this Stipulation and Order, including but not limited to any documents required by any other court to effectuate the implementation of this Stipulation and Order.

11. This Stipulation and Order may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document. Facsimile signatures or signatures received via e-mail transmission are treated as a binding and original document, and the facsimile signature or e-mail signature of any party is considered an original signature.

Dated: New York, New York
   October 2, 2014

| | |
|---|---|
| ___/s/ Scott Davidson_____<br>Arthur Steinberg<br>Scott Davidson<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>(212) 556-2100<br><br>KIRKLAND & ELLIS LLP<br>200 North LaSalle<br>Chicago, Illinois 60654<br>(312) 862-2000<br>Richard C. Godfrey, P.C.<br>Andrew B. Bloomer, P.C.<br><br>*Counsel to General Motors LLC* | ___/s/ William H. Anderson_____<br>Charles J. LaDuca<br>William H. Anderson<br>CUNEO GILBERT & LADUCA LLP<br>507 C Street, NE<br>Washington, DC 20002<br>(202) 789-3960<br><br>BARON & HERSKOWITZ, LLP<br>9100 South Dadeland Boulevard<br>One Datran Center, Suite 1704<br>Miami, Florida 33156<br>(305) 670-0101<br>Jon M. Herskowitz<br><br>*Counsel to Joni Precht, on behalf of herself and all others similarly situated* |

**SO ORDERED:**

Dated: New York, New York
   October 15, 2014

            *s/ Robert E. Gerber*_____
            Honorable Robert E. Gerber
            United States Bankruptcy Judge