UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                    :        Chapter 11
                                                          :
MOTORS LIQUIDATION COMPANY, *et al.*,                     :        Case Nos.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                 :        (Jointly Administered)
                                                          :
                        Debtors.                         :
---------------------------------------------------------------X

## DECISION DENYING REQUESTS FOR EXTENSION OF TIME FILED BY RICHARD ALVIN FERRARO

Before the Court are several filings of pro se claimant Richard Alvin Ferraro, including two documents seeking an extension of time. The first, filed on September 15, 2014, is a letter "requesting extension as matter of time on appeal."[1] Mr. Ferraro filed a similar letter on September 23, 2014.[2] In both letters, he describes communication with an attorney about possible representation and states that he is re-opening the estates of his deceased parents.

Bankruptcy Rule 8002 requires that a notice of appeal be filed within 14 days of the entry of the order appealed from. *See* Fed. R. Bankr. Pro. 8002(a). In limited circumstances, a party may request an extension of time to file a notice of appeal, but such an extension "may not exceed 21 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 14 days from the date of entry of the order granting the motion [for extension], whichever is later." Fed. R. Bankr. Pro. 8002(c)(2).

Here, it is unclear why Mr. Ferraro seeks an extension. Typically, such a request would entail an extension to file a notice of appeal, but Mr. Ferraro already filed a notice of appeal on

---

[1]     ECF No. 12927-1.

[2]     ECF No. 12929.

September 2, 2014.[3] With the notice of appeal, Mr. Ferraro included a letter explaining that he appeals "the recent email decision of MLC GUC Trust dated Wednesday August 20, 2014 at 9:32 AM" notifying him that they expunged his late-filed claims.[4] Mr. Ferraro has not identified any order or judgment of this Court of which he seeks appellate review, but it appears that he is unhappy with the treatment of his late-filed claim.

The GUC Trust expunged Mr. Ferraro's claims pursuant to an order entered by this Court on February 8, 2012 (the "**Order**").[5] The Order provided that "all claims filed against the Debtors on or after the date of entry of this Order shall be deemed disallowed (each, a "**Late Claim**"), except any Late Claim (i) which amends a timely filed claim, (ii) which is filed with the written consent of the GUC Trust, or (iii) as to which this Court has entered an order deeming such Late Claim timely filed . . . ."[6]

On April 8, 2014, Mr. Ferraro filed three claims on behalf of the estates of his deceased parents. Shortly thereafter, the GUC Trust served a copy of the Order on Mr. Ferraro.[7] Mr. Ferraro did not seek leave from the Court to file late claims, nor did he obtain the consent of the GUC Trust, as required by the Order. Mr. Ferraro filed another claim in June 2014, and was again served with a copy of the Order.[8] Mr. Ferraro filed a letter, dated June 26, 2014, which explained difficulties he had regarding identity theft he described and seeking to clarify his name

---

[3]     ECF No. 12880.

[4]     August 28 Letter at 1 (ECF No. 12880-1).

[5]     ECF No. 11394.

[6]     Order at 1–2.

[7]     Affidavit of Service dated April 11, 2014 (ECF No. 12616).

[8]     Affidavit of Service dated June 26, 2014 (ECF No. 12736).

2

on the record.[9] Having failed to obtain the consent of the GUC Trust or an order from this Court deeming his claims timely filed, Mr. Ferraro's claims were deemed disallowed and eventually expunged by the GUC Trust pursuant to the Order.

Even giving the deference that pro se litigants typically get, Mr. Ferraro has failed to identify any legally cognizable basis that would be reason to not comply with the Order. He has failed to show why he filed claims approximately two years after the bar date, nor why he waited so long to respond after receipt of the Order. He has also failed to identify any order or judgment of the Court from which he appeals. For these reasons, the Court denies Mr. Ferraro's requests for an extension of time.

Dated: New York, New York
      October 20, 2014                                    *s/ Robert E. Gerber*
                                                           United States Bankruptcy Judge

---

[9]    June 26 Letter (ECF No. 12833).