# Exhibit B

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re                                          :   Chapter 11
                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,          :   Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*   :
                                               :
                  Debtors.   :   (Jointly Administered)
-----------------------------------------------------------------x

**NOTICE OF FILING OF NINTH SUPPLEMENT TO
SCHEDULE "1" TO THE MOTION OF GENERAL MOTORS LLC
PURSUANT TO 11 U.S.C. §§ 105 AND 363 TO ENFORCE THE
COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION**

**PLEASE TAKE NOTICE** that on October 6, 2014, General Motors LLC filed the attached *Ninth Supplement to Schedule "1" to the Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* with the United States Bankruptcy Court for the Southern District of New York.

23930711.2

Dated: New York, New York
       October 6, 2014

                            Respectfully submitted,

                            /s/ Scott I. Davidson
                            Arthur Steinberg
                            Scott Davidson
                            KING & SPALDING LLP
                            1185 Avenue of the Americas
                            New York, New York 10036
                            Telephone: (212) 556-2100
                            Facsimile: (212) 556-2222

                            Richard C. Godfrey, P.C. (admitted *pro hac vice*)
                            Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
                            KIRKLAND & ELLIS LLP
                            300 North LaSalle
                            Chicago, IL 60654
                            Telephone: (312) 862-2000
                            Facsimile: (312) 862-2200

                            *Attorneys for General Motors LLC*

# NINTH SUPPLEMENT[1] TO SCHEDULE "1"

# CHART OF ADDITIONAL IGNITION SWITCH ACTIONS COMMENCED AGAINST NEW GM NOT LISTED IN THE PREVIOUS SUPPLEMENTS TO SCHEDULE "1" TO MOTION TO ENFORCE

|   | **Name** | **Class Models** | **Plaintiffs' Model** | **Court** | **Filing Date** |
|---|---|---|---|---|---|
| 1 | Ross (Class Action)[2] | Various models from 2005 to 2011 | 2005 Chevy Cobalt | Eastern District of New York 14-cv-03670 | 6/10/14 |
| 2 | Belt[3] | N/A | 2007 Chevy HHR | Circuit Court of McDowell County, West Virginia 14-C-97[4] | 9/4/14 |
| 3 | Bloom[5] | N/A | 2008 Chevy Cobalt | Court of Common Pleas, Luzerne County, Pa. 2014-10215-0[6] | 9/5/14 |

---

[1] This schedule supplements the previous supplements and the original Schedule "1" previously filed with the Court in connection with the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* on April 21, 2014 [Dkt. No. 12620]. *See* Dkt. Nos. 12620-1, 12672, 12698, 12719, 12722, 12780, 12818, 12843, 12906.

[2] A copy of the complaint filed in the Ross Action is attached hereto as Exhibit "A." While the complaint in the Ross Action references a post-363 Sale accident, it does not appear from a review of the causes of action contained in the complaint (except, possibly, the Tenth Cause of Action) that the Plaintiff is asserting claims based on the accident and any injuries arising therefrom. The complaint seeks injunctive relief and economic loss damages.

[3] A copy of the complaint filed in the Belt Action is attached hereto as Exhibit "B." In addition to allegations regarding a defective ignition switch, the complaint in the Belt Action also references alleged problems with "the sunroof leaking, vehicle paint failure . . . and power steering failure . . . ." Belt Compl., ¶ 10. Accordingly, New GM is also filing simultaneously herewith supplemental schedules in connection with its Monetary Relief Motion to Enforce to address those allegations.

[4] The Belt Action was removed by New GM to the United States District Court for the Southern District of West Virginia (No.: 1:14-cv-26520) on October 3, 2014.

[5] A copy of the complaint filed in the Bloom Action is attached hereto as Exhibit "C."

[6] The Bloom Action was removed by New GM to the United States District Court for the Middle District of Pennsylvania (No. 3:14-cv-01903) on September 30, 2014.

3

| 4 | Bledsoe (Class Action)[7] | Not specifically identified. | 2008 Chevy Cobalt<br>2006 Chevy Trailblazer<br>2006 Chevy Cobalt<br>2005 Chevy Cobalt<br>2006 Pontiac G6<br>2000 Chevy Impala<br>2006 Chevy Impala<br>2007 Chevy HHR<br>2007 Chevy Impala | Southern District of New York<br>14-cv-7631 | 9/19/14 |

---

[7] A copy of the complaint filed in the Bledsoe Action is attached hereto as Exhibit "D." In addition to allegations concerning vehicles with defective ignition switches, the complaint in the Bledsoe Action also contains allegations concerning (i) vehicles with other alleged defects, and (ii) personal injuries allegedly arising from pre-363 Sale accidents. Accordingly, New GM is also filing simultaneously herewith supplemental schedules in connection with its Monetary Relief Motion to Enforce and Pre-Closing Accident Motion to Enforce to address those allegations.

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                      :    Chapter 11
                                           :
MOTORS LIQUIDATION COMPANY, *et al.*,      :    Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*   :
                                           :
                    Debtors.               :    (Jointly Administered)
------------------------------------------------------------x

**NOTICE OF FILING OF NINTH SUPPLEMENT TO
SCHEDULE "2" TO THE MOTION OF GENERAL MOTORS LLC
PURSUANT TO 11 U.S.C. §§ 105 AND 363 TO ENFORCE THE
<u>COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION</u>**

**PLEASE TAKE NOTICE** that on October 6, 2014, General Motors LLC filed the attached *Ninth Supplement to Schedule "2" to the Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* with the United States Bankruptcy Court for the Southern District of New York.

23928128.3

Dated: New York, New York
October 6, 2014

Respectfully submitted,

/s/ Scott I. Davidson
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

23928128.3

# NINTH SUPPLEMENT[1] TO SCHEDULE "2"

## SAMPLE ALLEGATIONS/CAUSES OF ACTION IN IGNITION SWITCH COMPLAINTS FILED AGAINST NEW GM NOT CONTAINED IN THE PREVIOUS SUPPLEMENTS TO SCHEDULE "2" TO MOTION TO ENFORCE[2]

| **Plaintiff** | **Allegations** |
|---|---|
| Belt[3] | The Belt Action concerns a 2007 Chevrolet HHR, allegedly purchased by the Plaintiff in September 2011. Compl., ¶ 8.<br><br>"This is an action for monetary damages, declaratory and injunctive relief filed pursuant to the West Virginia Consumer Credit and Protection Act, the Uniform Commercial Code, the Magnuson-Moss Warranty Act and applicable state common law theories of liability, and arising out of the sale of a motor vehicle by the Defendant, General Motors LLC, hereinafter 'Manufacturer'." Compl. ¶ 2.<br><br>"That the Defendant, General Motors, LLC, also negligently manufactured and constructed the 2007 Chevrolet HHR sold to Plaintiff, thereby breaching a duty to Plaintiff, and causing the Plaintiff to sustain harm and damages." Compl., ¶ 19.<br><br>"That the Defendants General Motors, LLC and Ramey Motors, Inc., breached an implied warranty of merchantability by selling Plaintiff a defective car." Compl., ¶ 20.<br><br>"Defendants expressly warranted that: (a) the subject vehicle was free from defects, defective parts and workmanship; (b) the subject vehicle was so engineered and designed as to function without requiring unreasonable maintenance and repairs; (c) even if the subject vehicle was not free from defects, defective parts, or workmanship, Defendants would repair or replace same without cost, and/or (d) any such defects or non-conformities would be cured within a reasonable time period." Compl., ¶ 27.<br><br>"That the Defendants placed into the stream of commerce an unsafe, unreliable and dangerous vehicle." Compl., ¶ 32.<br><br>"Defendants manufactured or sold Plaintiff a vehicle with defective parts such as the ignition switch which was very clearly a defect and was a defect that represents an unreasonable risk to safety. (Product Liability)." Compl., ¶ 33.<br><br>"Defendants breached the implied warranty of merchantability and fitness in that |

---

[1] This schedule supplements the previous supplements and the original Schedule "2" previously filed with the Court in connection with the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* on April 21, 2014 [Dkt. No. 12620]. *See* Dkt. Nos. 12620-2, 12672-8, 12699, 12720, 12723, 12781, 12819, 12844, 12907.

[2] Due to space limitations, this chart contains only a ***sample*** of statements, allegations and/or causes of action contained in the complaints referenced herein. This chart does ***not*** contain ***all*** statements, allegations and/or causes of action that New GM believes violates the provisions of the Court's Sale Order and Injunction and the MSPA.

[3] In addition to allegations regarding a defective ignition switch, the complaint in the Belt Action also references alleged problems with "the sunroof leaking, vehicle paint failure . . . and power steering failure . . . ." Belt Compl., ¶ 10. Accordingly, New GM is also filing simultaneously herewith supplemental schedules in connection with its Monetary Relief Motion to Enforce to address those allegations.

23928128.3

| Plaintiff | Allegations |
|---|---|
| | Plaintiff's 2007 Chevrolet HHR was not fit for the ordinary purpose for which it was sold. (Breach of Implied Warranty of Merchantability)." Compl., ¶ 35. |
| Bledsoe[4] | "Ms. Bledsoe owns a 2008 Chevrolet Cobalt that she purchased new from a Chevrolet dealer in December 2007, in the state of Georgia." Compl., ¶ 3.<br><br>"Ms. Farmer owns a 2005 Chevrolet Cobalt that she purchased new in 2007 in the state of Maryland." Compl., ¶ 5.<br><br>"Ms. Mitchell owns a 2007 Chevrolet HHR that she purchased in 2010." Compl., ¶ 8.<br><br>"Ms. Thomas owns a 2006 Chevrolet Cobalt that she purchased from a private party in 2006." Compl., ¶ 9.<br><br>"GM instituted its own and continued policies and practices of its predecessor intended to conceal and minimize safety related risks in GM products . . . ." Compl., ¶ 14.<br><br>"GM would change part design without a corresponding change in part number, in an attempt to conceal the fact that the original part design was risk. . . . GM knew from its inception that the part number irregularity was intended to conceal the faulty ignition switches in Plaintiffs' and class members' vehicles." Compl., ¶ 29.<br><br>"Given the continuity of engineers, corporate counsel, and other key personnel from Old GM to GM, GM was aware of many of the defects from the very date of its inception on July 10, 2009." Compl., ¶ 37.<br><br>"GM has also admitted that, from its inception in 2009, various New GM engineers, attorneys, and management officials knew of, and took measures to conceal, the ignition switch risk and/or diminish its significance." Compl., ¶ 41.<br><br>"GM has known since June 10, 2009, that the faulty ignition switch in the Plaintiffs' and class members' vehicles poses or posed a serious safety and public health hazard." Compl., ¶ 42.<br><br>"GM notified the NHTSA that it had possession of information regarding the ignition key problem since its inception on July 10, 2009 . . . ." Compl., ¶ 62.<br><br>"In this recall, NHTSA Recall Campaign 14V400, GM described the defect as involving the 'detent plunger force on the ignition switch' and admitted that it had information regarding the hazard as soon as it began its business on July 10, 2009. . . . GM admits that in 2004 when the detent plunger force was redesigned, GM did not change the part number to reflect the change." Compl., ¶ 67. |

---

[4] Some of the Plaintiffs' allegations and/or causes of action contained in the Bledsoe Complaint are based on (i) economic losses, monetary and other relief relating to vehicles or parts other than the ignition switch, and (ii) personal injuries related to pre-363 Sale accidents. As such, in connection with the Bledsoe Action, New GM is also filing supplements to its Monetary Relief Motion to Enforce and Pre-Closing Accident Motion to Enforce to address such allegations.

23928128.3

| **Plaintiff** | **Allegations** |
|---|---|
|  | "At the time of its inception, GM knew that the ignition switch used or which would be placed in the Plaintiffs' and class members' vehicles could inadvertently move from 'run' to 'accessory' or 'off,' under regular driving conditions." Compl., ¶ 94.<br><br>"GM had a duty to use reasonable care in the manufacture of vehicles for sale . . . ." Compl., ¶ 123.<br><br>"To the extent that any of the allegation [sic] of wrongdoing alleged in this count involve wrongdoing by Old GM, GM is responsible for that conduct because it is a successor in manufacturing to Old GM and liable for Old GM's wrongdoing." Compl., ¶ 128. |
| Bloom | "On or about 4/18/08, Plaintiff purchased a new 2008 Chevrolet Cobalt (hereinafter referred to as the 'vehicle'), manufactured and warranted by Defendant . . . ." Compl., ¶ 4.<br><br>"In consideration of the purchase of the above vehicle, Defendant, issued to Plaintiff several warranties, fully outlined in the warranty booklet." Compl., ¶ 7.<br><br>"On or about 4/18/08, Plaintiff took possession of the above mentioned vehicle and experienced nonconformities, which substantially impaired the use, value and/or safety of the vehicle." Compl., ¶ 8.<br><br>"The nonconformities violate the express written warranties issued to Plaintiff by Defendant." Compl., ¶ 10.<br><br>"Defendant is a 'Manufacturer' as defined by 73 P.S. §1952." Compl., ¶ 20.<br><br>"Said vehicle experienced non conformities within the first year of purchase, which substantially impairs the use, value and safety of said vehicle." Compl., ¶ 22.<br><br>"By the terms of the express written warranties referred to in this Complaint, Defendant agreed to perform effective warranty repairs at no charge for parts and/or labor." Compl., ¶ 32.<br><br>"As a direct and proximate result of Defendant's failure to comply with the express written warranties, Plaintiff has suffered damages . . . ." Compl., ¶ 34.<br><br>"The defects and nonconforrnities existing within the vehicle constitute a breach of contractual and statutory obligations of the Defendant, including but not limited to the following: a. Breach of Express Warranty, b. Breach of Implied Warranty of Merchantability; c. Breach of Implied Warranty of Fitness For a Particular Purpose; d. Breach of Duty of Good Faith." Compl., ¶ 38.<br><br>"The purpose [sic] for which Plaintiff purchased the vehicle include but are not limited to his personal, family and household use." Compl., ¶ 39.<br><br>"At the time of the purchase and at all times subsequent thereto, Defendant was aware Plaintiff was relying upon Defendant's express and implied warranties, obligations, and representations with regard to the subject vehicle." Compl., ¶ 41. |

23928128.3

| Plaintiff | Allegations |
|---|---|
| Ross[5] | The defined term "GM" in the complaint includes both Old GM and New GM. Compl., ¶ 1.<br><br>"Mr. Ross owns a 2005 Chevrolet Cobalt that he purchased new in 2005 at a dealership in Hicksville, Nassau County, New York. Mr. Ross's Chevrolet Cobalt was manufactured, sold, distributed, advertised, marketed, and warranted by GM." Compl., ¶ 16.<br><br>Paragraphs 45 through 51, 55 through 70, 104 through 106, and 145 through 149 of the Complaint contain references to events that occurred prior to the closing of the 363 Sale.<br><br>"GM provided to consumers false and misleading advertisements, technical data and other representations regarding the safety, performance, reliability, quality, and nature of the Class Vehicles that created express and implied warranties related to the future performance of the Class Vehicles." Compl., ¶ 75.<br><br>Purported Class questions are (i) "whether Defendants were negligent in designing, manufacturing, and selling the Class vehicles with the Key Defects;" (ii) "whether GM concealment of the true defective nature of the Class Vehicles induced Plaintiff and Class Members to act to their detriment by purchasing the Vehicles;" and (iii) "whether the Class Vehicles were fit for their ordinary and intended use, in violation of the implied warranty of merchantability[.]" Compl., ¶ 124.<br><br>Named Plaintiff asserts that the "RICO Enterprise" began "on or about 2001 . . . ." Compl., ¶ 133.<br><br>"Defendants intended that Plaintiff and Class Members rely on their misrepresentations and omissions, so that Plaintiff and other Class Members would purchase or lease the Class Vehicles[.]" Compl. ¶ 164(h).<br><br>"In connection with its sales of the Class Vehicles, GM gave an implied warranty as defined in 15 U.S.C. § 2301(7); namely, the implied warranty of merchantability." Compl., ¶ 174.<br><br>Paragraphs 174 through 177 of the Complaint concern breaches of the implied warranty of merchantability.<br><br>The Fourth Cause of Action asserts a "Breach of Implied Warranties."<br><br>"Defendants actively concealed and/or suppressed these material facts, in whole or in part, with the intent to induce Plaintiff and Class Members to purchase Class Vehicles at a higher price for the vehicles, which did not match the vehicles' true value." Compl., ¶ 201.<br><br>"Defendants violated the NYDTPA when they represented, through advertising, |

---

[5] While the complaint in the Ross Action references a post-363 Sale accident, it does not appear from a review of the causes of action contained in the complaint (except, possibly, the Tenth Cause of Action) that the Plaintiff is asserting claims based on the accident and any injuries arising therefrom. The complaint seeks injunctive relief and economic loss damages.

23928128.3

| Plaintiff | Allegations |
|---|---|
| | warranties, and other express representations, that the Class Vehicles had characteristics and benefits that they did not actually have." Compl., ¶ 210.<br><br>"Defendants caused to be made or disseminated through New York, through advertising, marketing and other publications, statements that were untrue or misleading, and that were known, or which by the exercise of reasonable care should have been known to Defendants, to be untrue and misleading to consumers and Plaintiff." Compl., ¶ 221.<br><br>"Defendants negligently designed, manufactured, and sold the Class Vehicles with the Key Defects, presenting an unreasonable risk of harm to Plaintiff William Ross and members of the Nationwide Subclass and New York Subclass." Compl., ¶ 228.<br><br>"At the time of delivery of the Class Vehicles, GM did not provide instructions and warnings to Plaintiff to not place extra weight on his vehicles' key chain, including a fob or extra keys." Compl., ¶ 235. |

23928128.3