# Exhibit C

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GENERAL MOTORS LLC
IGNITION SWITCH LITIGATION                                    MDL No. 2543

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs in the three actions listed on Schedule A move to vacate our orders conditionally transferring the actions to MDL No. 2543. Responding defendants General Motors LLC ("General Motors"), General Motors Company, and Mary Barra variously oppose the motions to vacate.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2543, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions encompassing MDL No. 2543 involve factual questions arising from allegations stemming from an alleged defect in certain General Motors vehicles that causes the vehicle's ignition switch to move unintentionally from the 'run' position to the 'accessory' or 'off' position.[1] *See In re: General Motors LLC Ignition Switch Litig.*, __ F. Supp. 2d __, 2014 WL 2616819, at *1 (J.P.M.L. Jun. 9, 2014).

Plaintiffs in the Eastern District of Missouri *Boyd* action do not dispute that their action shares questions of fact with MDL No. 2543, but rather argue that their action was improperly removed and their motion to remand to state court is pending. The Eastern District of Wisconsin *Kandziora* plaintiff also argues that the action was improperly removed. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter. Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] While MDL No. 2543 initially included only actions asserting economic damages, it has been expanded to include personal injury and wrongful death actions.

[2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does
(continued...)

-2-

Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Like many actions in the MDL, plaintiff in *Kandziora* alleges that her vehicle had the ignition switch defect and that she would not have purchased the vehicle had she known of the defect. This action, therefore, is within the MDL's ambit. Plaintiff's arguments that her action is unique because she names a particular dealership and brings Wisconsin state law claims are not persuasive. There are several actions involving claims against dealerships in MDL No. 2543, and many MDL No. 2543 actions bring state law claims, including under Wisconsin law.

The Central District of California *Yagman* plaintiff argues that he does not specifically allege an ignition switch defect, but rather claims defects in the electronic control module, the secondary air valve, the coolant sensor, and "other parts presently unknown." However, the defects alleged by plaintiff appear to manifest themselves similarly to the ignition switch defect, *i.e..*, the engine stops running while the car is being operated and there is a shut down of the electrical system. We are persuaded that transfer will result in efficiencies. We are sympathetic to plaintiff's claims of inconvenience due to his *pro se* status, but while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001). Furthermore, plaintiff is bringing class claims, previously was an attorney himself, and, according to his brief, is represented by an attorney as to his class claims. General Motors did not act improperly in notifying the Panel that *Yagman* was a potential tag-along action pursuant to Panel Rule 7.1(a), and we decline plaintiff's request for sanctions.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jesse M. Furman for inclusion in the coordinated or consolidated pretrial proceedings.

---

[2](...continued)
not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

-3-

## PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Sarah S. Vance
R. David Proctor

IN RE: GENERAL MOTORS LLC
IGNITION SWITCH LITIGATION                                    MDL No. 2543

# SCHEDULE A

Central District of California

YAGMAN V. GENERAL MOTORS CO., ET AL., C.A. No. 2:14-04696

Eastern District of Missouri

BOYD, ET AL. V. GENERAL MOTORS LLC, C.A. No. 4:14-01205

Eastern District of Wisconsin

KANDZIORA V. GENERAL MOTORS LLC, ET AL., C.A. No. 2:14-00801