**PRESENTMENT DATE AND TIME: November 7, 2014 at 12:00 noon (Eastern Standard Time)**
**OBJECTION DATE AND TIME: November 7, 2014 at 11:30 a.m. (Eastern Standard Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In re                                            :    Chapter 11
                                                 :
MOTORS LIQUIDATION COMPANY, *et al.*,            :    Case No.: 09-50026 (REG)
       f/k/a General Motors Corp., *et al.*      :
                                                 :
                        Debtors.                 :    (Jointly Administered)
                                                 :
---------------------------------------------------------------x

# APPLICATION BY GENERAL MOTORS LLC TO ENFORCE THE COURT'S SEPTEMBER 15, 2014 SCHEDULING ORDER REGARDING MOTION OF GENERAL MOTORS LLC PURSUANT TO §§ 105 AND 363 TO ENFORCE THE COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION (MONETARY RELIEF ACTIONS, OTHER THAN IGNITION SWITCH ACTIONS) <u>AS IT APPLIES TO RANDY WATSON AND LINDA WATSON</u>

General Motors LLC ("**New GM**"), by its undersigned counsel, respectfully submits this application ("**Application**") to enforce the Court's September 15, 2014 *Scheduling Order Regarding Motion of General Motors LLC Pursuant to §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other than Ignition Switch*

1

*Actions)* ("**Monetary Relief Actions Scheduling Order**")[1] against Randy Watson and Linda Watson ("**Watson Plaintiffs**") by confirming in a separate order that they are preliminarily enjoined from further prosecuting the Watson Monetary Relief Action[2] until further Order of this Court.  In support of this Application, New GM respectfully represents as follows:

## PROCEDURE

1.    New GM is proceeding by way of notice of presentment because the relief requested herein already has been granted pursuant to the Monetary Relief Actions Scheduling Order.  In addition, this same issue was raised, and the same procedure followed, in relation to the Kandziora Plaintiff, who previously failed to abide by similar terms in the Court's July 8, 2014 *Order Establishing Stay Procedures for Newly-Filed Ignition Switch Actions* by refusing to either enter into a Stay Stipulation with New GM or file a No-Stay Pleading within the allotted time.  The Court entered an Order with respect to the Kandziora Plaintiff on September 19, 2014, *inter alia*, confirming that the terms of the Stay Stipulation (as defined below) previously provided to Kandziora were fully binding on her as if she executed same.[3]

2.    As with the Kandziora Plaintiff, New GM is seeking an order specific to the Watson Plaintiffs indicating that, if they continue to litigate the Watson Monetary Relief Action, they will be in violation of this Court's Monetary Relief Actions Scheduling Order.  The time period provided by the notice of settlement to object to the proposed order is sufficient for the Watson Plaintiffs to decide whether they will comply with this Court's Order.  Essentially, New

---

[1]   A copy of the Monetary Relief Actions Scheduling Order is annexed hereto as Exhibit "A."

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order & Inj. (Monetary Relief Actions, Other Than Ignition Switch Actions)* ("**Monetary Relief Actions Motion to Enforce**"), dated August 1, 2014 [Dkt. No. 12808].

[3]   A copy of the Kandziora Order is annexed hereto as Exhibit "B."

2

GM is offering the Watson Plaintiffs one last opportunity to comply with an Order of this Court before seeking further relief for violations of this Court's Orders.

## BACKGROUND

3. From the end of February, 2014 through the date hereof, New GM has been named in well over 100 Ignition Switch Actions that seek economic damages against New GM relating to vehicles and/or parts manufactured and sold by Old GM. In response to these lawsuits, New GM filed its Ignition Switch Motion to Enforce, which New GM contends bars most, if not all of, the claims asserted in Ignition Switch Actions.

4. Given the large number of plaintiffs involved, and in an effort to establish an orderly process for resolving the Motion to Enforce, New GM sought, and the Court held a conference on May 2, 2014 ("**May Conference**").

5. At the May Conference, there was a general consensus reached between New GM and counsel speaking on behalf of nearly all Plaintiffs in the Ignition Switch Actions that, as part of the process through which the Court would address bankruptcy-related issues, Plaintiffs would either (i) voluntarily enter into a stipulation ("**Stay Stipulation**") with New GM staying the plaintiff's individual Ignition Switch Action, or (ii) file a pleading ("**No Stay Pleading**") with this Court explaining why a plaintiff's individual Ignition Switch Action should not be stayed (collectively, the "**Stay Procedures**"). The Stay Procedures were set forth in a Scheduling Order entered by the Court on May 16, 2014 ("**May Scheduling Order**").[4] After entry of the May Scheduling Order, New GM negotiated a form of the Stay Stipulation with, among others, Designated Counsel for the Ignition Switch Actions.[5] Most Plaintiffs in the Ignition Switch

---

[4] A copy of the May Scheduling Order is annexed hereto as Exhibit "C."
[5] Designated Counsel are Brown Rudnick LLP, Caplin & Drysdale, Chartered, and Stutzman, Bromberg, Esserman & Plifka.

3

Actions entered into Stay Stipulations with New GM. Plaintiffs in two Ignition Switch Actions commenced before the May Scheduling Order—*Phaneuf* and *Elliott*—filed No Stay Pleadings, and the Court denied the relief requested in each.

6. A number of additional Ignition Switch Actions continued to be filed against New GM after the May Scheduling Order. Accordingly, on June 13, 2014, New GM sought entry of a supplemental Stay Procedures Order ("**July Stay Procedures Order**") to establish Stay Procedures for newly-filed actions, which the Court approved on July 8, 2014. (Order Granting Motion of General Motors LLC to Establish Stay Procedures for Newly-Filed Ignition Switch Actions [Dkt. No. 12764].) The July Stay Procedures Order provides that "[i]f a plaintiff in any such Ignition Switch Action fails to either enter into a Stay Stipulation with New GM or file a No Stay Pleading with the Court within three (3) business days of receipt of a Stay Stipulation and [the May] Scheduling Order, the terms of the Stay Stipulation shall automatically be binding on such plaintiff." (*Id.* at 2.)

7. Some plaintiffs also filed actions seeking monetary relief due to alleged defects other than the ignition switch defect. On August 1, 2014, New GM accordingly filed the Monetary Relief Actions Motion to Enforce. (Dkt. No. 12808.) On September 15, 2014, the Court entered the Monetary Relief Actions Scheduling Order, which provided that stay procedures similar to those used in the Ignition Switch Actions would also apply to the Monetary Relief Actions. (*See* Ex. A.)

8. Since entry of the July Stay Procedures Order and the Monetary Relief Actions Scheduling Order, nearly every Plaintiff in a newly-filed Ignition Switch Action or Monetary Relief Action has complied with the terms of the July Stay Procedures Order or the Monetary

4

Relief Actions Scheduling Order by either executing a Stay Stipulation or filing with the Court a No Stay Pleading.

9. The Watson Plaintiffs were listed as Plaintiffs in New GM's Second Supplements to Schedules 1 and 2 to the Monetary Relief Actions Motion to Enforce (collectively "**Second Supplements**")[6] filed with the Court on October 6, 2014. Thereafter, counsel for New GM sent counsel for the Watson Plaintiffs copies of the Monetary Relief Actions Scheduling Order and form Stay Stipulation by e-mail[7] on October 24, 2014. In that e-mail, counsel for New GM explained the Stay Procedures and informed counsel for the Watson Plaintiffs that if they did not wish to execute a Stay Stipulation, they had to file a No Stay Pleading within seven (7) days.

10. However, despite being sent detailed correspondence explaining the Stay Procedures, the Watson Plaintiffs have failed or refused to comply with the Stay Procedures and have continued to prosecute their Monetary Relief Action.

## ARGUMENT

11. By this Application, New GM seeks an order confirming that the Watson Plaintiffs are bound to the terms of the Stay Stipulation as if they had signed it. The Watson Plaintiffs and their counsel have had ample opportunity to file a No Stay Pleading if they did not want to enter into a Stay Stipulation. Instead, the Watson Plaintiffs have simply ignored the Monetary Relief Actions Scheduling Order and New GM's correspondence regarding same. The Watson Plaintiffs should not be afforded an advantage over all of the other Plaintiffs who complied with this Court's stay procedures.

12. As stated in the Monetary Relief Actions Motion to Enforce, the United States Supreme Court in *Celotex Corp. v. Edwards* set forth the "well-established" rule that "'persons

---

[6] Copies of the Second Supplements are annexed hereto collectively as Exhibits "D" (some exhibits omitted due to size).

[7] A copy of this e-mail is annexed hereto as Exhibit "E" (some attachments to the e-mail omitted due to size).

subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order.'" 514 U.S. 300, 306 (1995). The Supreme Court further explained:

> If respondents believed the Section 105 Injunction was improper, they should have challenged it in the Bankruptcy Court, like other similarly situated bonded judgment creditors have done . . . . Respondents chose not to pursue this course of action, but instead to collaterally attack the Bankruptcy Court's Section 105 Injunction in the federal courts in Texas. This they cannot be permitted to do without seriously undercutting the orderly process of the law.

*Id.* at 313. The settled principles of *Celotex* required the Watson Plaintiffs to seek relief from the Sale Order and Injunction in this Court, prior to commencing their Monetary Relief Action. At a minimum, they were required to file a timely No Stay Pleading explaining why their Monetary Relief Action should not be stayed. They did neither.

13. Moreover, it is well settled that a "Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *In re Wilshire Courtyard*, 729 F.3d 1279, 1290 (9th Cir. 2013); *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 326 (Bankr. D. Del. 1999); *U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McClean Indus., Inc.)*, 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("All courts, whether created pursuant to Article I or Article III, have inherent contempt power to enforce compliance with their lawful orders. The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order.").

14. In addition, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out" the Bankruptcy Code's provisions, and this section "codif[ies] the bankruptcy court's inherent power to enforce its own orders." *Back v. LTV Corp. (In re Chateaugay Corp.)*, 213 B.R. 633, 640

6

(S.D.N.Y. 1997); 11 U.S.C. § 105(a). Consistent with these authorities, this Court retained subject matter jurisdiction to enforce its Monetary Relief Actions Scheduling Order.

15. The terms of the Monetary Relief Actions Scheduling Order are clear. The Watson Plaintiffs' failure to comply with the Monetary Relief Actions Scheduling Order necessitated the filing of this Application.

16. Accordingly, New GM requests that the Court enforce the Monetary Relief Actions Scheduling Order against the Watson Plaintiffs by confirming that the terms of the Stay Stipulation are binding on them, and that they are preliminarily enjoined from further prosecuting the Watson Monetary Relief Action until entry of a further Order of this Court. If the Watson Plaintiffs fail to comply with this Order, New GM reserves the right to seek contempt sanctions.

## NOTICE

17. Notice of this Application has been provided to (i) counsel for the Watson Plaintiffs, (ii) Designated Counsel, (iii) counsel for the *Groman* Plaintiffs, (iv) counsel for the GUC Trust, and (v) counsel for certain GUC Trust Unitholders. New GM submits that such notice is sufficient and no other notice need be provided.

WHEREFORE, New GM respectfully requests that this Court enter an order substantially in the form set forth as Exhibit "F" hereto, granting the relief sought herein, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York  
       November 4, 2014

Respectfully submitted,

   /s/ Arthur Steinberg  
Arthur Steinberg  
Scott Davidson  
KING & SPALDING LLP  
1185 Avenue of the Americas  
New York, New York  10036  
Telephone:   (212) 556-2100  
Facsimile:   (212) 556-2222  

Richard C. Godfrey, P.C. (admitted *pro hac vice*)  
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)  
KIRKLAND & ELLIS LLP  
300 North LaSalle  
Chicago, IL 60654  
Telephone: (312) 862-2000  
Facsimile: (312) 862-2200  

*Attorneys for General Motors LLC*

8