# Exhibit C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In re                                                          :   Chapter 11
                                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,                          :   Case No.: 09-50026 (REG)
      f/k/a General Motors Corp., *et al.*                 :
                                                               :
                 Debtors.                     :   (Jointly Administered)
---------------------------------------------------------------x
STEVEN GROMAN, ROBIN DELUCO,                                   :
ELIZABETH Y. GRUMET, ABC FLOORING,                             :
INC., MARCUS SULLIVAN, KATELYN                                 :
SAXSON, AMY C. CLINTON, AND ALLISON                            :   Adv. Pro. No.: 14-01929 (REG)
C. CLINTON, on behalf of themselves, and all                   :
others similarly situated,                                     :
                                                               :
                 Plaintiffs,                  :
                                                               :
           -v-                                         :
                                                               :
GENERAL MOTORS LLC,                                            :
                                                               :
                 Defendant.                   :
---------------------------------------------------------------X

**SCHEDULING ORDER REGARDING (I) MOTION OF
GENERAL MOTORS LLC PURSUANT TO 11 U.S.C. §§ 105 AND 363
TO ENFORCE THE COURT'S JULY 5, 2009 SALE ORDER AND
INJUNCTION, (II) OBJECTION FILED BY CERTAIN PLAINTIFFS IN
RESPECT THERETO, AND (III) ADVERSARY PROCEEDING NO. 14-01929[1]**

Upon the Court's Order, dated April 22, 2014 ("**April 22 Order**"), scheduling a conference for May 2, 2014 ("**Conference**") to address procedural issues respecting the Motion, dated April 21, 2014 ("**Motion**"), of General Motors LLC ("**New GM**"),[2] pursuant to Sections 105 and 363 of the Bankruptcy Code, seeking to enforce the Sale Order and Injunction, the Objection, dated April 22, 2014 to the Motion filed by certain Plaintiffs [Dkt. No. 12629]

---

[1] Blacklined to show differences from Order as proposed by Counsel for the Identified Parties.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

("**Objection**"), and the adversary proceeding, Adv. Proc. No. 14-01929 (REG) ("**Adversary Proceeding**") filed by Steven Groman *et al.* ("**Groman Plaintiffs**"); and due and proper notice of the Conference having been provided to counsel for the Plaintiffs, counsel for the Motors Liquidation Company GUC Trust ("**GUC Trust**"), counsel for certain holders of GUC Trust units that appeared at the Conference ("**Unitholders**"), and the Office of the United States Trustee, and it appearing that no other or further notice need be given; and it appearing that the April 22 Order encouraged Plaintiffs' counsel to band together, to the extent possible, to avoid repetition and duplicative arguments, and the Plaintiffs have made a good faith attempt to do so;[3] and the Court having considered the letters filed with the Court regarding the proposed agenda for the Conference; and the Conference having been held on May 2, 2014; and upon the record of the Conference, and the prior proceedings had herein, the Court having issued directives from the bench, which are memorialized in this Order. Accordingly, it is hereby

ORDERED that no discovery shall take place with respect to the Motion, the Objection or the Adversary Proceeding until further order of this Court; and it is further

ORDERED that the contested matter for the Motion, the Objection and the Adversary Proceeding shall be jointly administered by this Court and, for ease of this Court and all parties, all pleadings and other documents shall only be required to be filed on the main docket for the Chapter 11 case (Case No. 09-50026); and it is further

ORDERED that the Groman Plaintiffs shall have until May 21, 2014 to file any amendment as of right to their complaint in the Adversary Proceeding, *provided, however*, that any such amendment shall not affect the procedures set forth in this Order, absent further order of this Court; and it is further

---

[3] Certain Plaintiffs designated the law firms Brown Rudnick, LLP; Caplin & Drysdale, Chartered; and Stutzman, Bromberg, Esserman & Plifka, PC (collectively "**Designated Counsel**") to speak on their behalf at the Conference.

ORDERED that the time for New GM to answer or move with respect to the Adversary Proceeding is adjourned *sine die*; and it is further

ORDERED that the question of whether Court-ordered mediation may be useful to resolve issues in these proceedings is deferred without prejudice to any party's rights to request Court-ordered mediation at a later time; and it is further

ORDERED that the GUC Trust agrees that it shall not assert a timeliness objection to any claims that the Plaintiffs may attempt to assert against the Old GM bankruptcy estate and/or the GUC Trust, based directly or indirectly on the ignition switch issue, as a result of the Plaintiffs' delay in asserting such claims during the "Interval." For purposes hereof, (a) the "Interval" shall commence on the date of this Order and shall end 30 days after a Final Order is entered with respect to an adjudication of the Threshold Issues (as defined in this Order), and (b) "Final Order" shall mean the entry of an order by a court of competent jurisdiction, and there are no pending appeals, and the time period to file an appeal of such order has expired; and it is further

ORDERED that Wilmington Trust Company ("**WTC**"), as the GUC Trust Administrator, and the Unitholders, subject to WTC and such Unitholders coordinating their efforts in these proceedings to the extent reasonably practicable, shall be considered parties in interest in the contested matter concerning the Motion, the Objection, and the Adversary Proceeding, and shall have standing to appear and be heard on all issues regarding the Motion, the Objection, and the Adversary Proceeding. WTC and the Unitholders, subject to the coordination of efforts as discussed above, shall be permitted to participate in any discovery that may later be authorized by the Court; and it is further

ORDERED that the following initial case schedule shall apply to the Motion, the Objection and the Adversary Proceeding:

3

1. The threshold issues to be addressed by the parties ("**Threshold Issues**") are presently determined to be as follows:

   a. Whether procedural due process in connection with the Sale Motion and the Sale Order and Injunction was violated as it relates to the Plaintiffs;

   b. If procedural due process was violated as described in 1(a) above, whether a remedy can or should be fashioned as a result of such violation and, if so, against whom;

   c. Whether a fraud on the Court was committed in connection with the Sale Motion and Sale Order and Injunction based on the alleged issues regarding the ignition switch defect ("**Fraud on the Court Threshold Issue**");

   d. Whether New GM may voluntarily provide compensation to pre-petition accident victims that allege that their accident was caused by a defective ignition switch, while seeking to enforce the Sale Order and Injunction against claims asserted in the Ignition Switch Actions; and

   e. Whether any or all of the claims asserted in the Ignition Switch Actions are claims against the Old GM bankruptcy estate (and/or the GUC Trust).[4]

2. The following schedule shall apply to the Threshold Issues:

   a. by May 28, 2014, Designated Counsel, counsel for the Groman Plaintiffs, counsel for the GUC Trust and counsel for the Unitholders collectively, are to provide New GM with proposed stipulations of facts regarding the Threshold Issues;

   b. by June 11, 2014, New GM is to respond to the parties set forth in Section 2(a) by stating which proposed fact stipulations can be agreed to and which cannot, and which additional proposed fact stipulations should be considered by such parties;

   c. during the period from June 11, 2014 through and including June 30, 2014, New GM and the parties in Section 2(a) (collectively, the "**Counsel for the Identified Parties**") are to "meet and confer" on the proposed fact stipulations and attempt to narrow any remaining fact issues that may exist;

---

[4] For the avoidance of doubt, the issue of whether a claim asserted in the Ignition Switch Actions is timely and/or meritorious against the Old GM bankruptcy estate (and/or the GUC Trust) is not a Threshold Issue.

4

      d.    by July 1, 2014, the parties are to deliver to this Court the agreed upon stipulations of facts, and jointly identify for this Court any facts that could not be stipulated to; and

      e.    a further status conference shall be held on July 2, 2014 at 9:45 a.m. (Eastern) ("**July Conference**") so that this Court can address any remaining disputes that may exist among the parties in respect of the Threshold Issues, including how such issues should affect further proceedings, either by way of authorizing limited discovery on such issues, or by adding other issues to the list of Threshold Issues, or by removing such issues from the list of Threshold Issues at that time. The briefing schedule for the Threshold Issues will be set at the July Conference.

3.    With respect to the Fraud on the Court Threshold Issue, Counsel for the Identified Parties are to meet and confer to attempt to determine the appropriate scope of discovery for such issue. If, after good faith discussions among the Counsel for the Identified Parties they are unable to agree on the appropriate scope of discovery for the Fraud on the Court Threshold Issue, any of the Counsel for the Identified Parties shall be permitted to request that the Court remove the Fraud on the Court Threshold Issue from the list of Threshold Issues, and to defer the consideration of such issue until a later time, *provided, however*, that the Counsel for the Identified Parties are to jointly identify for the Court the area(s) of disagreement so that it can be reviewed by the Court and, if appropriate, addressed by the Court at the July Conference.

4.    This Order shall not interfere with the hearing scheduled for May 29, 2014 before the Judicial Panel on Multidistrict Litigation ("**JPML**") in *In re General Motors LLC Ignition Switch Litigation*, MDL 2543, and any order by the JPML regarding whether to consolidate and transfer the Ignition Switch Actions for coordinated or consolidated pretrial proceedings and, if so, the District Court and District Judge ("**Transferee Court**") before whom the Ignition Switch Actions will be centralized for that purpose.

5.    (a)    Plaintiffs shall be given until May 23, 2014 to enter into voluntary stipulations with New GM [proposed addition intentionally omitted] staying all proceedings in their Ignition Switch Action against New GM (including General Motors Holdings LLC and/or General Motors Company) other than the JPML proceedings set forth in paragraph 4 above and, if the Transferee Court so chooses, proceedings in the Transferee Court for the appointment of plaintiff and defendant liaison counsel and the formation of a plaintiffs' steering committee or other committee of plaintiffs' counsel.[5] The Order is without prejudice to the rights of any party to request that this Court stay the Plaintiff(s) from further proceedings before the Transferee Court or for any party to oppose such relief.

---

[5] The issue of whether Plaintiffs may file a consolidated complaint in the Transferee Court shall be addressed at the July Conference.

      (b)      If a Plaintiff chooses not to enter into a voluntary stay stipulation, it shall be required to file a pleading in this Court by no later than May 27, 2014 setting forth why it should not be directed to stay its Ignition Switch Action ("**No Stay Pleading**"). New GM will file a response to the No Stay Pleading by June 13, 2014, and the Court shall hold a hearing on a date set by the Court. Nothing set forth in this Order shall change the burden of proof as to whether there has been a violation of the Sale Order and Injunction by Plaintiffs who do not enter into a voluntary stay stipulation. This Order is without prejudice to any party, after September 1, 2014, requesting that this Court modify the stay for cause shown, including based on any rulings in this case, or any perceived delay in the resolution of the Threshold Issues.

6.     Counsel for the Identified Parties are to identify, prior to the July Conference, all issues (other than the issues identified in paragraph 1 hereof) that the Court will be asked to determine in connection with the Motion, the Objection and the Adversary Proceeding, and to state whether or not such issues are to be added to the list of Threshold Issues. Prior to the July Conference, Counsel for the Identified Parties are to "meet and confer" as to when any such issues are best decided.

7.     Consideration of non-Threshold Issues shall be deferred to a later time, and all parties shall reserve their rights with respect to such issues.

ORDERED that to the extent reasonably practicable, Designated Counsel shall consult and coordinate with other bankruptcy counsel who have filed a notice of appearance on behalf of any Plaintiff(s) in connection with the matters set forth in paragraphs 2, 3 and 6 above.

ORDERED that nothing in this Order is intended to or shall preclude any other Plaintiff's counsel from taking a position in connection with any of the matters set forth in paragraphs 2, 3 and 6 above, PROVIDED that any other counsel who wishes to be heard orally with respect to such position at the Conference on July 2 shall submit and electronically file, no later than noon on July 1, a letter to the Court (with copies to all Identified Parties) summarizing the points he or she will wish to make; and PROVIDED FURTHER that any counsel who has failed to do so will not be heard orally at the July 2 Conference.

ORDERED that this Court shall retain exclusive jurisdiction to interpret and enforce this Order.

Dated: May 16, 2014
      New York, New York

                                             s/Robert E. Gerber
                                     UNITED STATES BANKRUPTCY JUDGE