# Exhibit Z

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re**                                                    :    **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,                    :    **09-50026 (REG)**
   f/k/a General Motors Corp., *et al.*                      :
:
                         Debtors.                            :    **(Jointly Administered)**
:
------------------------------------------------------------x

 

## DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN

 

 

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

Attorneys for Debtors and
Debtors in Possession

## TABLE OF CONTENTS

Page

| | | |
|---|---|---|
| Article I. | Definitions and Interpretation | 1 |
| 1.1 | 363 Transaction | 1 |
| 1.2 | Administrative Expenses | 1 |
| 1.3 | ADR Procedures | 2 |
| 1.4 | Allowed | 2 |
| 1.5 | Asbestos Claimants' Committee | 2 |
| 1.6 | Asbestos Claims | 2 |
| 1.7 | Asbestos Insurance Assets | 2 |
| 1.8 | Asbestos Insurance Assets Trust | 3 |
| 1.9 | Asbestos Personal Injury Claim | 3 |
| 1.10 | Asbestos Property Damage Claim | 3 |
| 1.11 | Asbestos Trust | 4 |
| 1.12 | Asbestos Trust Administrator | 4 |
| 1.13 | Asbestos Trust Agreement | 4 |
| 1.14 | Asbestos Trust Assets | 4 |
| 1.15 | Asbestos Trust Claim | 4 |
| 1.16 | Asbestos Trust Distribution Procedures | 5 |
| 1.17 | Asbestos Trust Transfer Date | 5 |
| 1.18 | Avoidance Action | 5 |
| 1.19 | Avoidance Action Trust | 5 |
| 1.20 | Avoidance Action Trust Administrative Cash | 5 |
| 1.21 | Avoidance Action Trust Administrator | 5 |
| 1.22 | Avoidance Action Trust Agreement | 6 |
| 1.23 | Avoidance Action Trust Assets | 6 |
| 1.24 | Avoidance Action Trust Claims Reserve | 6 |
| 1.25 | Avoidance Action Trust Monitor | 6 |
| 1.26 | Avoidance Action Trust Transfer Date | 6 |
| 1.27 | Ballot | 6 |
| 1.28 | Bankruptcy Code | 6 |

## TABLE OF CONTENTS
## (continued)

Page

| | | |
|---|---|---|
| 1.29 | Bankruptcy Court | 6 |
| 1.30 | Bankruptcy Rules | 7 |
| 1.31 | Budget | 7 |
| 1.32 | Business Day | 7 |
| 1.33 | Cash | 7 |
| 1.34 | Causes of Action | 7 |
| 1.35 | Chapter 11 Cases | 7 |
| 1.36 | Claim | 7 |
| 1.37 | Claim Settlement Procedures | 7 |
| 1.38 | Class | 8 |
| 1.39 | Collateral | 8 |
| 1.40 | Commencement Date | 8 |
| 1.41 | Confirmation Date | 8 |
| 1.42 | Confirmation Hearing | 8 |
| 1.43 | Confirmation Order | 8 |
| 1.44 | Creditors' Committee | 8 |
| 1.45 | Debtors | 8 |
| 1.46 | Demand | 8 |
| 1.47 | DIP Credit Agreement | 8 |
| 1.48 | DIP Credit Agreement Claims | 9 |
| 1.49 | DIP Lenders | 9 |
| 1.50 | DIP Lenders' Avoidance Actions | 9 |
| 1.51 | DIP Lenders' Avoidance Assets | 9 |
| 1.52 | DIP Lenders' Collateral | 9 |
| 1.53 | Disclosure Statement | 9 |
| 1.54 | Disputed | 9 |
| 1.55 | Distribution Record Date | 10 |
| 1.56 | District Court | 10 |
| 1.57 | EDC | 10 |

# TABLE OF CONTENTS
### (continued)

Page

| | | |
|---|---|---|
| 1.58 | Effective Date | 10 |
| 1.59 | ENCORE | 10 |
| 1.60 | Encumbrance | 10 |
| 1.61 | Entity | 10 |
| 1.62 | Environmental Action | 10 |
| 1.63 | Environmental Laws | 10 |
| 1.64 | Environmental Response Trust | 11 |
| 1.65 | Environmental Response Trust Administrative Funding Account | 11 |
| 1.66 | Environmental Response Trust Administrative Trustee | 11 |
| 1.67 | Environmental Response Trust Agreement | 11 |
| 1.68 | Environmental Response Trust Assets | 11 |
| 1.69 | Environmental Response Trust Consent Decree and Settlement Agreement | 12 |
| 1.70 | Environmental Response Trust Parties | 12 |
| 1.71 | Environmental Response Trust Properties | 12 |
| 1.72 | Environmental Response Trust Transfer Date | 12 |
| 1.73 | Equity Interest | 12 |
| 1.74 | Eurobond Claim | 12 |
| 1.75 | Final Order | 12 |
| 1.76 | Fiscal and Paying Agency Agreements | 13 |
| 1.77 | Fiscal and Paying Agents | 13 |
| 1.78 | Future Claimants' Representative | 13 |
| 1.79 | General Unsecured Claim | 13 |
| 1.80 | Governmental Authorities | 13 |
| 1.81 | GUC Trust | 13 |
| 1.82 | GUC Trust Administrative Fund | 13 |
| 1.83 | GUC Trust Administrator | 14 |
| 1.84 | GUC Trust Agreement | 14 |
| 1.85 | GUC Trust Assets | 14 |
| 1.86 | GUC Trust Monitor | 14 |

## TABLE OF CONTENTS
### (continued)

Page

1.87     GUC Trust Transfer Date .................................................................... 14

1.88     GUC Trust Units .................................................................................. 14

1.89     Indentures ............................................................................................ 14

1.90     Indenture Trustee/Fiscal and Paying Agent Reserve Cash ................. 16

1.91     Indenture Trustees .............................................................................. 16

1.92     Indirect Asbestos Claim ...................................................................... 16

1.93     Initial Debtors ..................................................................................... 17

1.94     Medical Liens ...................................................................................... 17

1.95     MLC ..................................................................................................... 17

1.96     MSPA .................................................................................................. 17

1.97     New GM .............................................................................................. 17

1.98     New GM Securities ............................................................................. 18

1.99     New GM Stock .................................................................................... 18

1.100    New GM Warrants .............................................................................. 18

1.101    Note Claim .......................................................................................... 18

1.102    Nova Scotia Guarantee Claims .......................................................... 18

1.103    Nova Scotia Wind-Up Claim .............................................................. 19

1.104    Person ................................................................................................. 19

1.105    Plan ..................................................................................................... 19

1.106    Plan Supplement ................................................................................. 20

1.107    Post-Effective Date MLC ................................................................... 20

1.108    Priority Non-Tax Claim ...................................................................... 20

1.109    Priority Order Sites ............................................................................. 20

1.110    Priority Order Sites Consent Decrees and Settlement Agreements ......... 20

1.111    Priority Tax Claim .............................................................................. 20

1.112    Pro Rata Share .................................................................................... 20

1.113    Property or Properties ........................................................................ 21

1.114    Property Environmental Claim .......................................................... 21

1.115    Protected Party ................................................................................... 21

# TABLE OF CONTENTS
(continued)

Page

| | | |
|---|---|---|
| 1.116 | REALM | 22 |
| 1.117 | Registered Holder | 22 |
| 1.118 | Residual Wind-Down Assets | 22 |
| 1.119 | Schedules | 22 |
| 1.120 | Secured Claim | 22 |
| 1.121 | Solicitation Procedures | 23 |
| 1.122 | Tax Code | 23 |
| 1.123 | Term Loan Avoidance Action | 23 |
| 1.124 | Term Loan Avoidance Action Beneficiaries | 23 |
| 1.125 | Trusts | 23 |
| 1.126 | Unliquidated Litigation Claim | 23 |
| 1.127 | U.S. Treasury | 23 |
| 1.128 | U.S. Trustee | 23 |
| 1.129 | Voting Deadline | 23 |
| Article II. | Administrative Expenses and Priority Tax Claims | 24 |
| 2.1 | Administrative Expenses | 24 |
| 2.2 | Compensation and Reimbursement Claims | 24 |
| 2.3 | Priority Tax Claims | 24 |
| 2.4 | DIP Credit Agreement Claims | 24 |
| 2.5 | Special Provisions Regarding Fees and Expenses of Indenture Trustees and Fiscal and Paying Agents | 26 |
| Article III. | Classification of Claims and Equity Interests | 26 |
| Article IV. | Treatment of Claims and Equity Interests | 27 |
| 4.1 | Class 1 – Secured Claims | 27 |
| 4.2 | Class 2 - Priority Non-Tax Claims | 27 |
| 4.3 | Class 3 - General Unsecured Claims | 27 |
| 4.4 | Class 4 – Property Environmental Claims | 30 |
| 4.5 | Class 5 – Asbestos Personal Injury Claims | 30 |
| 4.6 | Class 6 - Equity Interests in MLC | 31 |
| Article V. | Provisions Governing Distributions | 32 |

## TABLE OF CONTENTS
### (continued)

| | | | Page |
|---|---|---|---|
| 5.1 | Distribution Record Date | | 32 |
| 5.2 | Method of Distributions Under the Plan | | 32 |
| | a. | Payments and Transfers on Effective Date | 32 |
| | b. | Repayment of Excess Cash to DIP Lenders | 33 |
| | c. | Payment of Cash or Certain Assets to Charitable Organizations | 34 |
| | d. | Distributions of Cash | 35 |
| | e. | Sale of New GM Warrants About to Expire | 35 |
| 5.3 | Delivery of Distributions and Undeliverable Distributions | | 35 |
| 5.4 | Withholding and Reporting Requirements | | 36 |
| 5.5 | Time Bar to Cash Payments | | 37 |
| 5.6 | Minimum Distributions and Fractional Shares or Units | | 37 |
| 5.7 | Setoffs | | 38 |
| 5.8 | Transactions on Business Days | | 38 |
| 5.9 | Allocation of Plan Distribution Between Principal and Interest | | 38 |
| 5.10 | Surrender of Existing Publicly-Traded Securities | | 39 |
| 5.11 | Class Proofs of Claim | | 39 |
| Article VI. | Means for Implementation and Execution of the Plan | | 40 |
| 6.1 | Substantive Consolidation | | 40 |
| 6.2 | The GUC Trust | | 40 |
| | a. | Execution of GUC Trust Agreement | 40 |
| | b. | Purpose of GUC Trust | 40 |
| | c. | GUC Trust Assets | 41 |
| | d. | Governance of GUC Trust | 41 |
| | e. | GUC Trust Administrator and GUC Trust Monitor | 41 |
| | f. | Role of GUC Trust Administrator | 42 |
| | g. | Role of GUC Trust Monitor | 41 |
| | h. | Transferability of GUC Trust Interests | 42 |
| | i. | Cash | 42 |
| | j. | Costs and Expenses of GUC Trust Administrator | 42 |

# TABLE OF CONTENTS
## (continued)

|      |      |                                                                                                  | Page |
|------|------|--------------------------------------------------------------------------------------------------|------|
|      | k.   | Compensation of GUC Trust Administrator                                                          | 42   |
|      | l.   | Distribution of GUC Trust Assets                                                                 | 43   |
|      | m.   | Retention of Professionals by GUC Trust Administrator and GUC Trust Monitor                      | 43   |
|      | n.   | U.S. Federal Income Tax Treatment of GUC Trust                                                   | 43   |
|      | o.   | Dissolution                                                                                      | 44   |
|      | p.   | Indemnification of GUC Trust Administrator and GUC Trust Monitor                                 | 44   |
|      | q.   | Closing of Chapter 11 Cases                                                                      | 45   |
| 6.3  |      | The Asbestos Trust                                                                               | 45   |
|      | a.   | Execution of Asbestos Trust Agreement                                                            | 45   |
|      | b.   | Purpose of Asbestos Trust                                                                        | 45   |
|      | c.   | Assumption of Certain Liabilities by Asbestos Trust                                              | 45   |
|      | d.   | Asbestos Trust Assets                                                                            | 45   |
|      | e.   | Governance of Asbestos Trust                                                                     | 46   |
|      | f.   | The Asbestos Trust Administrator                                                                 | 46   |
|      | g.   | Role of Asbestos Trust Administrator                                                             | 46   |
|      | h.   | Nontransferability of Asbestos Trust Interests                                                   | 46   |
|      | i.   | Cash                                                                                             | 46   |
|      | j.   | Costs and Expenses of Asbestos Trust                                                             | 46   |
|      | k.   | Resolution of Asbestos Personal Injury Claims                                                    | 46   |
|      | l.   | Distribution of Asbestos Trust Assets                                                            | 47   |
|      | m.   | Retention of Professionals by Asbestos Trust Administrator                                       | 47   |
|      | n.   | U.S. Federal Income Tax Treatment of Asbestos Trust                                              | 47   |
|      | o.   | Dissolution                                                                                      | 48   |
|      | p.   | Indemnification of Asbestos Trust Administrator                                                  | 48   |
| 6.4  |      | The Environmental Response Trust                                                                 | 48   |
|      | a.   | Environmental Response Trust Agreement and Environmental Response Trust Consent Decree and Settlement Agreement | 48   |

# TABLE OF CONTENTS
## (continued)

| | | | Page |
|---|---|---|---|
| | b. | Purpose of Environmental Response Trust | 49 |
| | c. | Environmental Response Trust Assets | 49 |
| | d. | Governance of Environmental Response Trust | 50 |
| | e. | Role of Environmental Response Trust Administrative Trustee | 50 |
| | f. | Nontransferability of Environmental Response Trust Interests | 50 |
| | g. | Cash | 50 |
| | h. | Indemnification of Environmental Response Trust Administrative Trustee | 50 |
| | i. | U.S. Federal Income Tax Treatment of Environmental Response Trust | 51 |
| 6.5 | | The Avoidance Action Trust | 51 |
| | a. | Execution of Avoidance Action Trust Agreement | 51 |
| | b. | Purpose of Avoidance Action Trust | 52 |
| | c. | Avoidance Action Trust Assets | 52 |
| | d. | Governance of Avoidance Action Trust | 52 |
| | e. | Avoidance Action Trust Administrator and Avoidance Action Trust Monitor | 52 |
| | f. | Role of Avoidance Action Trust Administrator | 52 |
| | g. | Role of Avoidance Action Trust Monitor | 53 |
| | h. | Nontransferability of Avoidance Action Trust Interests | 53 |
| | i. | Cash | 53 |
| | j. | Distribution of Avoidance Action Trust Assets | 53 |
| | k. | Costs and Expenses of Avoidance Action Trust | 54 |
| | l. | Compensation of Avoidance Action Trust Administrator | 54 |
| | m. | Retention of Professionals by Avoidance Action Trust Administrator and Avoidance Action Trust Monitor | 54 |
| | n. | U.S. Federal Income Tax Treatment of Avoidance Action Trust | 54 |
| | o. | Dissolution | 58 |

## TABLE OF CONTENTS
### (continued)

Page

|  |  |  |
|---|---|---|
|  | p. | Indemnification of Avoidance Action Trust Administrator and Avoidance Action Trust Monitor .......................................... 59 |
| 6.6 | Securities Law Matters ................................................................ 59 |
| 6.7 | Cancellation of Existing Securities and Agreements ............................. 60 |
| 6.8 | Equity Interests in MLC Subsidiaries Held by the Debtors ..................... 61 |
| 6.9 | Administration of Taxes .............................................................. 61 |
| 6.10 | Dissolution of the Debtors ............................................................ 61 |
| 6.11 | Determination of Tax Filings and Taxes ........................................... 62 |
| 6.12 | Books and Records .................................................................... 63 |
| 6.13 | Corporate Action ....................................................................... 64 |
| 6.14 | Effectuating Documents and Further Transactions ............................... 64 |
| 6.15 | Continued Applicability of Final Order Approving DIP Credit Agreement ............................................................................... 65 |
| Article VII. | Procedures for Disputed Claims ................................................... 65 |
| 7.1 | Objections to Claims and Resolution of Disputed Claims ...................... 65 |
| 7.2 | No Distribution Pending Allowance ................................................ 66 |
| 7.3 | Estimation ............................................................................... 67 |
| 7.4 | Allowance of Disputed Claims ...................................................... 67 |
| 7.5 | Dividends ................................................................................ 67 |
| Article VIII. | Executory Contracts and Unexpired Leases ..................................... 67 |
| 8.1 | Executory Contracts and Unexpired Leases ...................................... 67 |
| 8.2 | Approval of Rejection of Executory Contracts and Unexpired Leases ................................................................................... 68 |
| 8.3 | Rejection Claims ....................................................................... 68 |
| Article IX. | Effectiveness of the Plan ............................................................. 68 |
| 9.1 | Condition Precedent to Confirmation of Plan .................................... 68 |
| 9.2 | Conditions Precedent to Effective Date ........................................... 68 |
| 9.3 | Satisfaction and Waiver of Conditions ............................................ 69 |
| 9.4 | Effect of Nonoccurrence of Conditions to Consummation ..................... 69 |
| Article X. | Effect of Confirmation ............................................................... 70 |

# TABLE OF CONTENTS
## (continued)

Page

| | | | |
|---|---|---|---|
| | 10.1 | Vesting of Assets | 70 |
| | 10.2 | Release of Assets | 70 |
| | 10.3 | Binding Effect | 70 |
| | 10.4 | Term of Injunctions or Stays | 71 |
| | 10.5 | Term Loan Avoidance Action; Setoffs | 71 |
| | 10.6 | Injunction | 71 |
| | 10.7 | Injunction Against Interference with Plan | 71 |
| | 10.8 | Special Provisions for Governmental Units | 71 |
| Article XI. | | Retention of Jurisdiction | 72 |
| | 11.1 | Jurisdiction of Bankruptcy Court | 72 |
| Article XII. | | Miscellaneous Provisions | 74 |
| | 12.1 | Dissolution of Committees | 74 |
| | 12.2 | Substantial Consummation | 75 |
| | 12.3 | Effectuating Documents and Further Transactions | 75 |
| | 12.4 | Exemption from Transfer Taxes | 75 |
| | 12.5 | Release | 76 |
| | 12.6 | Exculpation | 76 |
| | 12.7 | Post-Confirmation Date Fees and Expenses | 77 |
| | | a. Fees and Expenses of Professionals | 77 |
| | | b. Fees and Expenses of GUC Trust Administrator, Asbestos Trust Administrator, Environmental Response Trust Administrative Trustee, and Avoidance Action Trust Administrator | 78 |
| | 12.8 | Payment of Statutory Fees | 78 |
| | 12.9 | Modification of Plan | 78 |
| | 12.10 | Revocation or Withdrawal of Plan | 78 |
| | 12.11 | Courts of Competent Jurisdiction | 79 |
| | 12.12 | Severability | 79 |
| | 12.13 | Governing Law | 79 |
| | 12.14 | Exhibits | 79 |

**TABLE OF CONTENTS**
**(continued)**

**Page**

12.15  Successors and Assigns.............................................................................. 79

12.16  Time ............................................................................................................ 79

12.17  Notices ........................................................................................................ 80

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                                      :    Chapter 11 Case No.
                                                           :
MOTORS LIQUIDATION COMPANY, *et al.*,                      :    09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                :
                                                           :
               Debtors.                    :    (Jointly Administered)
                                                           :
------------------------------------------------------------x

### DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN

       Motors Liquidation Company (f/k/a General Motors Corporation); MLC of Harlem, Inc. (f/k/a Chevrolet-Saturn of Harlem, Inc.); MLCS, LLC (f/k/a Saturn, LLC); MLCS Distribution Corporation (f/k/a Saturn Distribution Corporation); Remediation and Liability Management Company, Inc.; and Environmental Corporate Remediation Company, Inc., the above-captioned debtors, propose the following chapter 11 plan pursuant to section 1121(a) of title 11 of the United States Code:

### ARTICLE I.

### DEFINITIONS AND INTERPRETATION

**DEFINITIONS.** The following terms used herein shall have the respective meanings defined below (such meanings to be equally applicable to both the singular and plural):

    **1.1**    **363 Transaction** means the sale of substantially all the assets of General Motors Corporation and certain of its Debtor subsidiaries, and the assumption of certain executory contracts and unexpired leases of personal property and nonresidential real property, to a U.S. Treasury-sponsored purchaser pursuant to section 363 of the Bankruptcy Code, as embodied in the MSPA.

    **1.2**    **Administrative Expenses** means costs or expenses of administration of any of the Chapter 11 Cases allowed under sections 503(b), 507(a)(1), and 1114(e) of the Bankruptcy Code that have not already been paid by the Debtors, including, without limitation, any actual and necessary costs and expenses of preserving the Debtors' estates, any actual and necessary costs and expenses of operating the Debtors' businesses, any indebtedness or obligations incurred or assumed by the Debtors, as debtors in possession, during the Chapter 11 Cases, including, without limitation, for the acquisition or lease of property or an interest in property or the rendition of services, any compensation and reimbursement of expenses to the extent allowed by Final Order under sections 330 or 503 of the Bankruptcy Code, and any fees or charges assessed against the

**1.106** **Plan Supplement** means the forms of documents, in a form reasonably acceptable to the U.S .Treasury, the Creditors' Committee, the Asbestos Claimants' Committee, and the Future Claimants' Representative, to the extent such documents affect the respective party, effectuating the transactions contemplated by this Plan, which documents shall be filed with the Clerk of the Bankruptcy Court no later than ten (10) days prior to the Confirmation Hearing.  Upon its filing with the Bankruptcy Court, the Plan Supplement may be inspected at the Office of the Clerk of the Bankruptcy Court during normal court hours.  Holders of Claims and Equity Interests may obtain a copy of the Plan Supplement upon written request to the undersigned counsel.  Copies of the Plan Supplement also are available on the Voting Agent's website, www.motorsliquidationdocket.com.

**1.10** **Post-Effective Date MLC** means MLC on and after the Effective Date.

**1.10** **Priority Non-Tax Claim** means any Claim, other than an Administrative Expense or a Priority Tax Claim, entitled to priority in payment as specified in section 507(a)(3), (4), (5), (6), (7), or (9) of the Bankruptcy Code.

**1.109** **Priority Order Sites** means the non-owned sites, as set forth on Exhibit E hereto, that are subject to an order requiring performance of an Environmental Action.

**1.110** **Priority Order Sites Consent Decrees and Settlement Agreements** means the Consent Decrees and Settlement Agreements to be filed with the Bankruptcy Court in respect of the Priority Order Sites.

**1.111** **Priority Tax Claim** means any Claim of a governmental unit of the kind entitled to priority in payment as specified in sections 502(i) and 507(a)( ) of the Bankruptcy Code other than Priority Tax Claims that ew GM is liable for under the MSPA.

**1.112** **Pro Rata Share** means the ratio (expressed as a percentage) of (i) the amount of any Allowed Claim in a particular Class to (ii) the sum of (x) the aggregate amount of Allowed Claims in such Class and (y) the aggregate amount of Disputed Claims in such Class.  Solely for purposes of determining the Pro Rata Share with respect to any distribution from (a) the Debtors with respect to the Term Loan Avoidance Action, (b) the GUC Trust, or (c) the Avoidance Action Trust, the aggregate amount of Disputed Claims shall include (x) Disputed General Unsecured Claims, (y) the Asbestos Trust Claim in the amount set forth in the Confirmation Order until such time as the amount of the Asbestos Trust Claim is finally determined as set forth in Section 1.15 hereof, and ( ) the  Maximum Amount  (as defined in the GUC Trust Agreement) of the potential General Unsecured Claims arising from any successful recovery of proceeds from the Term Loan Avoidance Action or other Avoidance Actions.  The Debtors may seek a determination by the Bankruptcy Court of the amount that should be reserved in determining the Pro Rata Share on account of Disputed Claims on an individual or aggregate basis.

  **1.113** **Property or Properties** means the Environmental Response Trust Properties and the Priority Order Sites.

  **1.11** **Property Environmental Claim** means any civil Claim or Cause of Action by the Governmental Authorities against the Debtors under Environmental Laws with respect to the Properties except for any General Unsecured Claim reserved in Paragraph 100 of the Environmental Response Trust Consent Decree and Settlement Agreement or the Priority Order Sites Consent Decrees and Settlement Agreements.

  **1.115** **Protected Party** means (i) the Debtors, (ii) any Entity that, pursuant to the Plan or after the Effective Date, becomes a direct or indirect transferee of, or successor to, any assets of the Debtors (including, without limitation, the GUC Trust, the Environmental Response Trust, the Avoidance Action Trust, the GUC Trust Administrator, the Environmental Response Trust Administrative Trustee, the Avoidance Action Trust Administrator, the GUC Trust Monitor, the Avoidance Action Trust Monitor, and their respective professionals) or the Asbestos Trust (but only to the extent that liability is asserted to exist by reason of its becoming such a transferee or successor), (iii) the holders of DIP Credit Agreement Claims, (iv) any Entity that, pursuant to the Plan or after the Effective Date, makes a loan to the Debtors, Post-Effective Date MLC, or the Asbestos Trust, or to a successor to, or transferee of, any assets of the Debtors or the Asbestos Trust (but only to the extent that liability is asserted to exist by reason of such Entity's becoming such a lender or to the extent any pledge of assets made in connection with such a loan is sought to be upset or impaired), (v) an officer, director, or employee of the Debtors, of any past or present affiliate of the Debtors, of any predecessor in interest of the Debtors, or of any Entity that owns or at any time has owned a financial interest in the Debtors, in any past or present affiliate of the Debtors, or in any predecessor in interest of the Debtors, but only to the extent that he or she is alleged to be directly or indirectly liable for the conduct of, Claims against, or Demands on the Debtors or the Asbestos Trust on account of Asbestos Personal In ury Claims, (vi) any Entity to the extent he, she, or it is alleged to be directly or indirectly liable for the conduct of, Claims against, or Demands on the Debtors or the Asbestos Trust on account of Asbestos Personal In ury Claims by reason of such Entity's  provision of insurance to the Debtors, to any past or present affiliate of the Debtors, to any predecessor in interest of the Debtors, or to any Entity that owns or at any time has owned a financial interest in (I) the Debtors, (II) any past or present affiliate of the Debtors, or (III) any predecessor in interest of the Debtors, but only to the extent that the Debtors or the Asbestos Trust enters into a settlement with such Entity that is approved by the Bankruptcy Court and expressly provides that such Entity shall be a Protected Party under the Plan, or (vii) with the consent of the Asbestos Claimants' Committee and the Future Claimants' Representative, or the Asbestos Trust Administrator, as applicable, any other Entity that, pursuant to an agreement approved by Final Order, has been determined to be providing appropriate consideration to the Debtors' estates or the Trusts (including, by way of example, by waiving the Entity's claim(s) against the Debtors or any of the Trusts) in exchange for being included in the definition of a Protected Party herein (including, without limitation, Remy International, Inc. (f/k/a Delco Remy International, Inc. and DR International, Inc.

21

and its wholly-owned subsidiary Remy Inc. (f/k/a Delco Remy America, Inc. and DRA Inc.)) ( **Remy** ), for whom no further consent from the Asbestos Claimants' Committee and the Future Claimants' Representative, or the Asbestos Trust Administrator, as applicable, is required), to the extent he, she, or it is alleged to be directly or indirectly liable for the conduct of, Claims against, or Demands on the Debtors or the Asbestos Trust on account of Asbestos Personal In ury Claims by reason of one or more of the following: (a) without in any way limiting clause (v) above, such Entity's involvement in the management of the Debtors or of any predecessor in interest of the Debtors, (b) such Entity's ownership of a financial interest in the Debtors, in any past or present affiliate of the Debtors, or in any predecessor in interest of the Debtors, (c) such Entity's involvement in a transaction changing the corporate structure, or in a loan or other financial transaction affecting the financial condition, of the Debtors, of any past or present affiliate of the Debtors, of any predecessor in interest of the Debtors, or of any Entity that owns or at any time has owned a financial interest in the Debtors, in any past or present affiliate of the Debtors, or in any predecessor in interest of the Debtors, (d) such Entity's current ownership of the assets of a former division of the Debtors or of a former division of the Debtors, or (e) such Entity's lease of real property owned or formerly owned by the Debtors.   otwithstanding the foregoing,   ew GM shall neither be included in the definition of Protected Party herein nor shall Section 4.5 hereof govern or en oin claims against   ew GM; *provided, however*, that nothing contained in the Plan shall in any way modify or limit any protections or rights afforded to   ew GM under or in connection with the Bankruptcy Court order approving the 363 Transaction.

      **1.116**   **REALM** means Remediation and Liability Management Company, Inc., a Michigan corporation, as debtor or debtor in possession, as the context requires.

      **1.11**   **Re istered Holder** means the registered holders (or bearers, if applicable) of the securities issued pursuant to the Indentures or the Fiscal and Paying Agency Agreements.

      **1.11**   **Resid al Wind-Do n Assets** means the Cash necessary to fund the resolution of Administrative Expenses, Priority Tax Claims, Priority   on-Tax Claims, and Secured Claims, and the Cash reserved to pay such Administrative Expenses and Claims. If the Debtors have not resolved and paid all of the foregoing Claims and Administrative Expenses by the date of MLC's dissolution, then the Residual   ind-Down Assets (including the power to ob ect, settle, and or satisfy such Claims and Administrative Expenses) shall be transferred to the GUC Trust.

      **1.119**   **Sched les** means the schedules of assets and liabilities and the statements of financial affairs filed by the Debtors under section 521 of the Bankruptcy Code, Bankruptcy Rule 1007, and the Official Bankruptcy Forms of the Bankruptcy Rules as such schedules and statements have been or may be supplemented or amended through the Confirmation Date.

      **1.120**   **Sec red Claim** means a Claim (i) secured by Collateral, to the extent of the value of such Collateral (A) as set forth in the Plan, (B) as agreed to by the holder of