Endorsed Order:

It shouldn't be that hard to ascertain whether the ignition switch installed in Plaintiff Alers' 2010 Cobalt was made by Old GM or New GM.  An evidentiary hearing to ascertain that would be burdensome for the parties (especially since Plaintiff Alers and his counsel apparently reside and work on the West Coast), and an ill-advised use of judicial resources.

Counsel for New GM and Mr. Alers are to exchange information and confer with each other to try to ascertain, by agreement, whether the ignition switch was made by Old GM, and advise the Court after they have done so.  If it turns out that the ignition switch was made by Old GM (in which case it would at least seemingly be covered by the Sale Order), Mr. Alers should then consider whether he wishes to withdraw his No Stay Pleading (which he may do without penalty) and then file a letter or pleading advising the Court of his decision.  If the ignition switch was not made by Old GM, New GM should then file a supplemental letter or pleading advising the Court as to whether it nevertheless contends that the Sale Order applies.  In each case, the party wishing to continue to litigate should advise the Court of the basis for its position.

The parties may take any reasonable time necessary to clarify the matter for the Court.  In the meantime, Mr. Alers' action remains stayed, and both sides' rights with respect to any and all pending issues are reserved.

Dated: New York, New York            *s/Robert E. Gerber*
       November 10, 2014              United States Bankruptcy Judge

1  ALEJANDRO ALERS, JR., Esq., STATE BAR NO. 240532
   alalersjr@att.net
2  611 North Park Avenue
   Inglewood, California 90302
3  310-672-0369

4
   Attorneys for Plaintiff,
5  ALEJANDRO ALERS, SR.

6

7

8

9                  UNITED STATES BANKRUPTCY COURT
                   SOUTHERN DISTRICT OF NEW YORK
10

11 | ALEJANDRO ALERS, SR.          CASE NO. 09-50026(REG)

12 |        Plaintiff,              NO STAY PLEADING TO
   |    vs.                         NOTICE OF FILING EIGHTH
13 |                                SUPPLEMENT TO SCHEDULE"1"
   | GENERAL MOTORS, LLC            TO THE MOTION TO ENFORCE
14 |                                THE COURT'S JULY 5, 2009
   |        Defendant.              SALE ORDER AND
15 |                                INJUNCTION. IN RE <u>MOTORS
   |                                LIQUIDATION COMPANY, et
16 |                                al f/k/a/ GENERAL MOTORS
   |                                CORP., et al.</u>
17

18

19     1. In June 2009, Old GM filed Chapter 11
20 proceedings in the United States Bankruptcy Court for
21 the Southern District of New York. Through a
22 bankruptcy-approved sale process pursuant to Section
23 363 of the Bankruptcy Code, New GM acquired various of
24 Old GM's assets. New GM's purchase of Old GM's assets
25 closed on July 10, 2009. *DEFENDANT'S NOTICE OF REMOVAL*
26 *OF ACTION UNDER 28 U.S.C. SECTION 1441(A), CASE NO.*
27 *2:14-CV-7258, DOCUMENT#1, page 4, paragraph 7.*
28                                      NO STAY PLEADING
                                                      1

    2. Plaintiff, Alejandro Alers,Sr., purchased a New 2010 Chevrolet Cobalt from New GM's authorized dealer, S & J Chevrolet in Cerritos California on June 19, 2010.

    3. Plaintiff, Alejandro Alers,Sr., filed a lawsuit against New GM in California State Court, Case No. VC064207 on August 11, 2014.

    4. Defendant, New GM, filed for removal of the state case to federal court, Case No. 2:14-cv-07258-JVS-AN, September 17, 2014.

    5. Defendant, New GM, filed a Notice to enforce the Bankruptcy Court's July 5, 2009 Sale Order and Injunction against the Plaintiff's court action.

    6. This Pleading is in opposition to enforce the Sale Order and Injunction against the Plaintiff's court action against Defendant, New GM.

### BANKRUPTCY COURT HAS NO JURISDICTION OVER PLAINTIFF'S ACTION AGAINST THE DEFENDANT, NEW GM.

    7. The Bankruptcy Sale Order closed on July 10, 2009. New GM assumed control over the assets and liabilities that existed after that date. The Plaintiff

NO STAY PLEADING

2

was not a creditor during the Bankruptcy proceedings. The Plaintiff did not purchase the Chevrolet Cobalt until June 19, 2010, approximately eleven months after the Sale close date. Bankruptcy proceedings was designed to give an honest but unfortunate debtor a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. Local Loan Co. v. Hunt, 292 U.S. 234, 244(1934). The Plaintiff was not a pre-existing creditor, and the debt/ debt claim did not exist at the time the bankruptcy petition was filed by Old GM. In addition, the 2010 Chevrolet Cobalt was manufactured by New GM in 2010, all parts, including the ignition switch were produced in 2010 according to the Defendant, New GM. *DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES, CASE NO. 2:14-CV-07258-JVS-ANx, page 2, paragraphs 1 & 2.*(Attached as Exhibit A).

8. The Plaintiff was not permitted to participate in the Bankruptcy proceedings of Old GM. The Bankruptcy Court did not provide the Plaintiff with a copy of the Discharge Plan that Old GM had filed with the Bankruptcy Court. Second, the Plaintiff was not given the opportunity to participate in the Section 341 Meeting to permit the Plaintiff, as a creditor, to question Old GM about the debts that Old GM had plan to discharge or pay. Third, the Bankruptcy Court failed to

NO STAY PLEADING
3

1  provide the Plaintiff with a copy of the final order of
2  discharge that informs creditors which debts have been
3  discharged. Fourth, because of Old GM and New GM's
4  failure to disclose the defective ignition switch
5  problems to the public and to the Plaintiff, Plaintiff
6  was denied the right to object to the dischargeability
7  of Old GM's debts by New GM under section 532(a)(2).
8  These denials of opportunities to participate in the
9  Bankruptcy proceedings violate the Plaintiff's rights
10 of Due Process to appear and be heard under the Fifth
11 Amendment of the United States Constitution. Now, the
12 Bankruptcy Court wants to enforce a Sale order and
13 Injunction against the Plaintiff who did not have the
14 opportunity to participate in the Bankruptcy proceeding
15 as a creditor.

## THERE IS NO COMMON QUESTION OF LAW OR FACT IN PLAINTIFF'S ACTION

20    9. Plaintiff's action failed to have the recall
21 condition("Ignition Switch Recall Condition").
22 *DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES, page 2,*
23 *paragraph 1, lines 7-14.* The Defendant has separated
24 the Plaintiff's lawsuit from other lawsuits. In
25 addition, there were over 100 different lawsuits filed
26 that have over 100 different factual settings,
27 therefore eliminated the common question of fact.
28

10. The Plaintiff filed the lawsuit in California State Court based on California State laws for breach of contract, breach of warranty, fraud based on concealment, rescission and damages. There were over 100 lawsuits against the Defendant from different states which utilized different laws to support the different causes of action, therefore there was no common question of law.

**NEW YORK IS AN INCONVENIENT FORUM TO LITIGATE**

11. Plaintiff purchased the 2010 Chevrolet Cobalt in Cerritos California. The contract was formed in Cerritos California. The breach of the contract and breach of warranty, fraud, rescission and damages occurred in Cerritos California. Any witnesses to the contract, likely S & J Chevrolet, are located in Cerritos California. The Plaintiff is a resident of Los Angeles, nearby to Cerritos California. The Defendant has hired a Los Angeles Law Firm to represent the Defendant in Los Angeles. The most convenient venue for litigation is Los Angeles California.

**ENFORCEMENT OF THIS SALE ORDER AND INJUNCTION WILL INTERFERE WITH THE PROGRESSION AND INTERNAL ORDERS OF MDL NO. 2543 AND CASE NO. 2:14-CV-07258.**

12. This bankruptcy proceedings has closed against the Old GM. The Plaintiff has filed a new lawsuit against New GM subsequent to the closing sale date of the bankruptcy proceeding. The Sale Order and Injunction will hinder the progression of this present lawsuit under MDL NO. 2543 and its internal orders as well as the present lawsuit in California-2:14-cv-07258 and its internal orders.

13. Plaintiff prays for the reasons stated above that the Bankruptcy Court grants the No Stay Pleading in Plaintiff's favor, and permit the Plaintiff to continue the lawsuit against New GM without any restrictions.

DATED: October 6, 2014

By: _____
ALEJANDRO ALERS, JR., Esq.
Attorney for Plaintiff,
ALEJANDRO ALERS, SR.