Endorsed Order:

Bledsoe Plaintiffs' application for relief from existing Sale Order injunction denied.  *See In re Motors Liquidation Co.,* 513 B.R. 467 (Bankr. S.D.N.Y. 2014) ("***Phaneuf***"); *In re Motors Liquidation Co.*, 514 B.R. 377 (Bankr. S.D.N.Y. 2014) ("***Elliott***"); *In re Motors Liquidation Co.*, --- B.R. ---, 2014 Bankr. LEXIS ---, 2014 WL ---, ECF # 12989  (Bankr. S.D.N.Y. Nov. 10, 2014) ("***Sesay***").  Rights of New GM and other parties to seek a *Martin-Trigona* order, sanctions, and/or contempt are reserved.

Dated: New York, New York            *s/Robert E. Gerber*
       November 10, 2014             United States Bankruptcy Judge

Gary Peller
600 New Jersey Avenue NW
Washington, DC 20001
(202) 662-9122
peller@law.georgetown.edu
Counsel for Plaintiffs

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                              :        Chapter 11
                                                   :
MOTORS LIQUIDATION COMPANY, *et al.*,              :        Case No. 09-50026 (REG)
     f/k/a General Motors Corp., *et al.*        :
                                                   :
               Debtors.                    :        (Jointly Administered)
-------------------------------------------------------------x

-------------------------------------------------------------x
SHARON BLEDSOE et al.                              :        Case No. 1:14-cv-7631 (JMF)
                                                   :
    v.                                           :
                                                   :
GENERAL MOTORS LLC et al.                          :
-------------------------------------------------------------x

# BLEDSOE PLAINTIFFS' NO STAY PLEADING

...............

Blesdoe Plaintiffs' No Stay Pleading 9-5-2014
1

# TABLE OF CONTENTS

1.  Non-Debtor Is Not Entitled to Injunctive Relief because it has Not Initiated an Adversary Proceeding Against Plaintiffs, Nor Demonstrated Its Entitlement by the Requisite Clear and Convincing Evidence……………………………………………………………………………….5

2.  Plaintiffs Are Not Subject to the 2009 Injunction in that They Received Neither Notice Nor An Opportunity to Be Heard Prior to Its Entry……………………………………………………………………………..6

3.  This Court Lacks Jurisdiction Over Plaintiffs' Claims That Are Not Related To Any Matter Before this Court ………………………………………..8

    a.  GM Bears the Burden of Establishing this Court's Subject Matter Jurisdiction…………………………………………………………..8

    b.  The Plaintiffs' Claims Do Not "Relate to" Any Proceeding Before the Court..……………………………………………………….........

    c.  The Blesdoe Plaintiffs' Claims Do Not "Relate to" Any of the Liabilities that Were the Subject of the Sale Order and Injunction……………………………………………………………14

    CONCLUSION…......……………………………………………......17

Blesdoe Plaintiffs' No Stay Pleading 9-5-2014

2

# TABLE OF AUTHORITIES

Cases

*Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) .......... 5
*Baldwin v. Hale*, 68 U.S. (1 Wall.) 223, 233 (1863) .......... 5
*Bank of La. v. Craig's Stores of Tex., Inc.* .......... 10
*Binder v. Price Waterhouse & Co., LLP* (*In re Resorts Int'l, Inc.*), 372 F.3d 154, 161 (3rd Cir. 2004) .......... 9
*Coffin v. Malvern Fed. Sav. Bank*, 90 F.3d 851, 854 (3d Cir.1996) .......... 9
Compak Cos. LLC v. Johnson, 415 B.R. 334, 340 n.8 (N.D. Ill. 2009); .......... 6
*Diagnostic Int'l, Inc. v. Aerobic Life Prods. Co.* (*In re Diagnostic Int'l, Inc.*), 257 B.R. 511, 514 (Bankr. D. Ariz. 2000) .......... 9
Doolittle v. Cnty. of Santa Cruz (In re Metzger), 346 B.R. 806, 819 (Bankr. N.D. Cal. 2006) .......... 6
*Geruschat v. Ernst Young LP (In re Seven Fields Dev Corp.),* 505 F.3d 237 (2007). .......... 13
*Gray v. Polar Molecular Corp.* (*In re Polar Molecular Corp.*), 195 B.R. 548, 555 (Bankr. D.Mass. 1996) .......... 10
*Guttman v. Martin* (*In re Railworks Corp.*), 325 B.R. 709, 722-23 (Bankr. D. Md. 2005) .......... 9
*Harstad v. First Am. Bank*, 39 F.3d 898, 902 n.7 (8th Cir. 1994) .......... 9
Holdings (USA), Inc. v. United Air Lines, Inc., 871 F. Supp. 2d 143, 155 (E.D.N.Y. 2012) .......... 6
*In re Continental Airlines, Inc.*, 236 B.R. 318, 323 (Bankr.D.Del.1999) .......... 9
*In re Cuyahoga Equip. Corp.*, 980 F.2d 110 (2d Cir. 1992) .......... 12
*In re Dreir*, 429 B.R. 112 (Bankr. S.D.N.Y. 2010) .......... 12
*In re Fairchild Aircraft Corp.*, 184 B.R. 910 (Bankr. W.D. Tex. 1995) .......... 8
*In re Grumman*, 445 B.R. 243, 255 (Bankr. S.D.N.Y. 2011) .......... 12
In re Johns Manville Corp., 517 F.3d 52, 66 (2d Cir. 2008) .......... 16
*In re Kubly, 818 F.2d 643* (7th Cir. 1987) .......... 13
*In re Old Carco LLC*, 492 B.R. 392, 405 (Bankr. S.D.N.Y. 2013) .......... 12
*In re Quigley Co., Inc.*, 676 F.3d 45 (2d Cir. 2012) .......... 8, 12
*In re Zale Corp.*, 62 F.3d 746 (5th Cir. 1995) .......... 13
*Ins. Corp. v. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) .......... 9
*Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 170-71 (1951) .......... 5
*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 .......... 7
*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) .......... 5
*Matter of Mooney Aircraft, Inc.*, 730 F.2d 367, 374-75 (5th Cir. 1984) .......... 8
*Metal Founds. Acquisition, LLC v. Reinert (In re Reinert)*, 467 B.R. 830, 832 (Bankr. W.D. Pa. 2012) .......... 6
Morgan Olson L.L.C. v. Frederico (In re Grumman Olson Indus., Inc.), 467 B.R. 694, 708 (S.D.N.Y. 2012) .......... 6
*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) .......... 5
*NVF Co. v. New Castle County*, 276 B.R. 340, 348 (D.Del.2002) .......... 10
*Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) .......... 11
*Shenango Group*, 501 F.3d 338 at 344 n.1 (3rd Cir. 2007) .......... 9
*Trusky v. Gen. Motors Co. (In re Motors Liquidation Co.),* 2013 Bankr. LEXIS 620 at *33, 3013 WL 620281, at *11 (Bank. S.D.N.Y. Feb. 19, 2013) .......... 9
*U.S. Brass Corp.*, 301 F.3d at 303 (5th Cir. 2002) .......... 9
*United States Trustee v. Gryphon at the Stone Mansion*, 216 B.R. 764, 769 (W.D.Pa.1997) .......... 9

Blesdoe Plaintiffs' No Stay Pleading 9-5-2014

*Valley Historic Ltd. Partnership*, 486 F.3d at 831, 837 (4th Cir. 2007).......................................... 9
*Vanguard Prods. Corp. v. Citrin (In re Indicon),* 499 B.R. 395 (D. Conn. 2013) ....................... 11
*Zerand-Bernal Group, Inc. v. Cox, 23 F.3d 159, 164 (7th Cir. 1994)* ........................................ 8, 9

**Statutes**
28 U.S.C. § 1334................................................................................................................................ 8
U.S. Const. art. III............................................................................................................................. 7

Sharon Bledsoe, Celestine Elliott, Lawrence Elliott, Cina Farmer, Paul Fordham, Momoh Kanu, Tynesia Mitchell, and Dierra Thomas (collectively "**the *Bledsoe* Plaintiffs**" or "**Plaintiffs**") respectfully submit this "No Stay Pleading" pursuant to the Court's Scheduling Orders. The *Bledsoe* Plaintiffs are entitled to pursue without delay their lawsuit[1] against General Motors LLC ("**Non-Debtor GM**").

1. **Non-Debtor Is Not Entitled to Injunctive Relief because it has Not Initiated an Adversary Proceeding Against Plaintiffs, Nor Demonstrated Its Entitlement by the Requisite Clear and Convincing Evidence.**

Non-Debtor GM is not entitled to a preliminary injunction by way of a stay against any of their claims because it has failed to initiate an adversary proceeding against any of the Bledsoe Plaintiffs, and injunctive relief sought by a non-debtor non-party to Bankruptcy proceedings may only be initiated by such a method under FRBP 7001(7*)*, along with a demonstration of entitlement by clear and convincing evidence. *See Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1235 (3d Cir. 1994); *Matter of Zale Corp.*, 62 F.3d 746, 762 (5th Cir. 1995); *In re Lyons*, 995 F.2d 923, 924 (9th Cir. 1993) *First Bank P.R. Inc. v. Foti (In re Int'l Home Prods.)*, 491 B.R. 607, 611 (Bank. D. P.R. 2013); *In re Cincom iOutsource, Inc.*, 398 B.R. 223, 227 (Bank. S.D. Ohio 2008). The failure properly to initiate an adversary proceeding renders the Court without personal jurisdiction over the Plaintiffs.

Neither Non-Debtor GM nor Plaintiffs were parties to the proceedings that resulted in the issuance of the 2009 Sale Order and Injunction that Non-Debtor GM seeks to enforce against

---

[1] *Bledsoe et al. v. General Motors LLC*, 1:14-cv-7631 (JMF); 1:14-md-02543 (JMF) ("**the *Bledsoe* lawsuit**").

Blesdoe Plaintiffs' No Stay Pleading 9-5-2014

Plaintiffs. Non-Debtor GM has no standing to enforce the injunction against Plaintiffs without bringing an adversary proceeding for injunctive relief. Moreover, to the extent that Non-Debtor GM seeks to enforce an existing injunction, its exclusive remedy is to seek to hold Plaintiffs in contempt in appropriate proceedings.

## 2.     Plaintiffs Are Not Subject to the 2009 Injunction in that They Received Neither Notice Nor An Opportunity to Be Heard Prior to Its Entry

Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Fuentes v. Shevin, supra* at 80-81 (1972); *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 170-71 (1951) (Justice Frankfurter concurring); *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965); *Baldwin v. Hale*, 68 U.S. (1 Wall.) 223, 233 (1863).

To be effective in the bankruptcy context, notice must not only "'reasonably … convey the required information,' i.e., the nature and purpose of the proceeding," but also must inform the claimant of "the nature of the charges or claims that will be adjudicated." *DPWN*, 871 F. Supp. 2d at 153,155 (citations omitted); *see also Johns-Manville Corp. v. Chubb Indemnity Ins. Co.* (*In re Johns-Manville Corp.*), 600 F.3d 135, 158 (2d Cir. 2010) (holding claimant could not be bound by bankruptcy court orders where, even with notice, "it could not have anticipated . . . that its . . .claims . . . would be enjoined"); *In re Waterman Steamship Corp.*, 141 B.R. at 556 (finding notice ineffective if reader would not have known it affected his rights). "At its core, the concern is whether a claimant can be 'force[d] . . . to be bound by proceedings in which he did not and could not participate.'" Morgan Olson L.L.C. v. Frederico (In re Grumman Olson

Blesdoe Plaintiffs' No Stay Pleading 9-5-2014

6

Indus.), 467 B.R.694, 706 (Bank. SDNY 2012).

   Because the injunctive measure of a stay would deprive the Plaintiffs of important interests, indeed interests of constitutional dimension and weight, in being able to pursue civil redress for injuries they have suffered, and continue to suffer, at the hands of Non-Debtor GM, they were entitled to notice of and a reasonable opportunity to contest the entry of the Order upon which such injunctive relief purports to be based. GM has not established such due process prerequisites, nor could it. The record, contained in the filings appearing on this Court's docket, establish the contrary, even before the recent Stipulation that restated the obvious lack of such notice.

   Given the lack of notice to the Bledsoe Plaintiffs, they cannot be barred by the Sale Order and Injunction. See *Manville IV*, 135 F.3d at 140; *DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 871 F. Supp. 2d 143, 155 (E.D.N.Y. 2012); *Morgan Olson L.L.C. v. Frederico (In re Grumman Olson Indus., Inc.)*, 467 B.R. 694, 708 (S.D.N.Y. 2012); *Compak Cos. LLC v. Johnson,* 415 B.R. 334, 340 n.8 (N.D. Ill. 2009); *PolycelStructural Foam, Inc. v. Pool Builders Supply of the Carolinas (In re Polycel Liquidation, Inc.),* 2007 WL 77336, at *8-9 (D.N.J. Jan. 9, 2007); *Metal Founds. Acquisition, LLC v. Reinert (In re Reinert)*, 467 B.R. 830, 832 (Bankr. W.D. Pa. 2012*); Doolittle v. Cnty. of Santa Cruz (In re Metzger)*, 346 B.R. 806, 819 (Bankr. N.D. Cal. 2006).; *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 163 (7th Cir. 1994) (Posner, J *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 720 (1st Cir. 1994) (in case where claimant did not receive adequate notice of asset sale, rejecting argument that refusing to enforce "free and clear" provision of asset purchase agreement would "'chill' chapter 11 asset bidding").

## 3. This Court Lacks Jurisdiction Over Plaintiffs' Claims That Are Not Related To Any Matter Before this Court

Except for the negligence claim asserted on behalf of Ms. Bledoe, Ms. Farmer, and Mr. Kanu related to accidents they suffered as a result of the ignition switch related vehicles in their pre-petition cars, Plaintiffs seek redress exclusively for *Non-Debtor GM's* wrongdoing, for which *it* is entirely and independently responsible, and for which General Motors Corporation ("**Debtor GM**") was never liable and never could have been liable, because each wrongful act and omission alleged by the Plaintiffs as the basis for their claims occurred after that entity ceased operations. Even with respect to their negligence claim, Plaintiffs also assert that Non-Debtor GM violated independent, non-derivative duties it owed to them, resulting in injury. (They also assert negligence on the part of Debtor GM for which Non-Debtor GM is liable). Plaintiffs' non-negligence claims are based on *Non-Debtor GM's misconduct* occurring exclusively and explicitly from the period October 19, 2009, to the present, misconduct which had not yet occurred when Debtor GM sold Non-Debtor GM its assets on July 10, 2009. Non-Debtor GM seeks the equitable protection of this Court, not against *creditors* of Debtor GM trying to collaterally attack the Sale Order, but rather to shield itself from the *victims* of *its* continuing wrongdoing. It is not entitled to such protection.

### a. GM Bears the Burden of Establishing this Court's Subject Matter Jurisdiction.

Federal courts are courts of limited jurisdiction. See U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The "burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

### b. The Plaintiffs' Claims Do Not "Relate to" Any Proceeding Before the Court.

28 U.S.C. § 1334 provides for original jurisdiction in the district courts for "all cases under title 11" and "all civil proceedings arising under title 11, or arising in or related to cases under title 11." The technical jurisdiction issue presented is whether the *Blesdoe* Plaintiffs' claims against Non-Debtor GM "relate to" any proceeding properly before the Court, in that their claims themselves assuredly do not "arise in" the proceedings that Non-Debtor GM initiated. While jurisdiction to dnforce the Sale Order may uncontroversially be exercised under §105, the broad powers of §105 create no independent jurisdiction. The ancillary jurisdiction courts possess to enforce their own orders "is itself limited by the jurisdictional limits of the order sought to be enforced." *In re Fairchild Aircraft Corp.*, 184 B.R. 910, 916 (Bankr. W.D. Tex. 1995) (*citing Zerand-Bernal Group, Inc. v. Cox*; *Matter of Mooney Aircraft, Inc.*, 730 F.2d 367, 374-75 (5th Cir. 1984), vacated on other grounds, 220 B.R. 909 (Bankr. W.D. Tex. 1998); *see In re Quigley Co., Inc.*, 676 F.3d 45 (2d Cir. 2012).

This Court may have had "arising in" jurisdiction originally to issue the Sale Order in general under the bankruptcy code (although it would not have had jurisdiction in issuing its Order to have enjoined the Plaintiffs future claims based on post-Sale conduct by the Non-Debtor Purchaser and on independent, non-successor, non-derivative, non-transferee duties the Non-Debtor owed Plaintiffs), and to reserve jurisdiction to interpret and enforce that Order. However, the Bankruptcy Courts are not able, through that power, to "write their own jurisdictional ticket," and thereby, by the retention of exclusive jurisdiction to interpret and enforce their own orders, to bootstrap their reach to matters that have nothing to do with the bankruptcy case.

It is well-established that a reorganization plan's jurisdiction retention provision cannot

expand a bankruptcy court's post-confirmation jurisdiction beyond that provided by statute.[2] *In re Indicon,* 499 B.R. at 555, *quoting North Am. Car Corp. v. Peerless Weighing and Vending Mach. Corp.,* 143 F.2d 938, 940 (2d Cir. 1944).

The final decree confirming Debtor GM's reorganization was entered and Debtor GM's case was closed on April 18, 2013. Particularly in a post-confirmation setting where a

---

[2] As the Court stated in *Binder v. Price Waterhouse & Co., LLP* (*In re Resorts Int'l, Inc.*), 372 F.3d 154, 161 (3rd Cir. 2004),

> Retention of jurisdiction provisions will be given effect, assuming there is bankruptcy court jurisdiction. *But neither the bankruptcy court nor the parties can write their own jurisdictional ticket*. Subject matter jurisdiction "cannot be conferred by consent" of the parties. *Coffin v. Malvern Fed. Sav. Bank*, 90 F.3d 851, 854 (3d Cir.1996). Where a court lacks subject matter jurisdiction over a dispute, the parties cannot create it by agreement even in a plan of reorganization. *In re Continental Airlines, Inc.*, 236 B.R. 318, 323 (Bankr.D.Del.1999), aff'd, 2000 WL 1425751 (D.Del. September 12, 2000), aff'd, 279 F.3d 226 (3rd Cir.2002). Similarly, if a court lacks jurisdiction over a dispute, it cannot create that jurisdiction by simply stating it has jurisdiction in a confirmation or other order.*Id.*; *accord United States Trustee v. Gryphon at the Stone Mansion*, 216 B.R. 764, 769 (W.D.Pa.1997) ("A retention of jurisdiction provision within a confirmed plan does not grant a bankruptcy court jurisdiction."), aff'd, 166 F.3d 552 (3d Cir.1999). …If there is no jurisdiction under 28 U.S.C. § 1334 or 28 U.S.C. § 157, retention of jurisdiction provisions in a plan of reorganization or trust agreement are fundamentally irrelevant. But if there is jurisdiction, we will give effect to retention of jurisdiction provisions. Consequently, we will examine whether this dispute falls within the Bankruptcy Court's subject matter jurisdiction.

*See also Trusky v. Gen. Motors Co. (In re Motors Liquidation Co.),* 2013 Bankr. LEXIS 620 at *33, 3013 WL 620281, at *11 (Bank. S.D.N.Y. Feb. 19, 2013) ("Gm-Trusky") (stating that once the GM Sale Order was interpreted, it would be difficult to "see how I would have subject matter jurisdiction to decide anything else."); *Shenango Group*, 501 F.3d 338 at 344 n.1 (3rd Cir. 2007) (analyzing the existence of post-confirmation "related-to" jurisdiction and stating that court has "not placed any independent weight upon the retention of jurisdiction provision in [the debtor's] Reorganization Plan"); *Valley Historic Ltd. Partnership*, 486 F.3d at 831, 837 (4th Cir. 2007) (stating that "neither the parties nor the bankruptcy court can create § 1334 jurisdiction by simply inserting a retention of jurisdiction provision in a plan of reorganization if jurisdiction is otherwise lacking."); *U.S. Brass Corp.*, 301 F.3d at 303 (5th Cir. 2002) ("In asserting jurisdiction, the bankruptcy court relied on both a broad retention-of-jurisdiction provision in the confirmed plan and its authority under the Bankruptcy Code to clarify and enforce its own orders. 'However, the source of the bankruptcy court's subject matter jurisdiction is neither the Bankruptcy Code nor the express terms of the Plan. The source of the bankruptcy court's jurisdiction is 28 U.S.C. §§ 1334 and 157'") (*citation omitted*); *Harstad v. First Am. Bank*, 39 F.3d 898, 902 n.7 (8th Cir. 1994) (acknowledging that plan provision cannot confer jurisdiction upon bankruptcy court); *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 164 (7th Cir. 1994) ("[T]he fact that the bankruptcy court, in the orders approving the bankruptcy sale and later in the plan of reorganization, purported expressly to assume jurisdiction to entertain such proceedings could not confer jurisdiction. A court cannot write its own jurisdictional ticket."); *Guttman v. Martin (In re Railworks Corp.*), 325 B.R. 709, 722-23 (Bankr. D. Md. 2005) ("If there is no jurisdiction under 28 U.S.C. § 1334 retention of jurisdiction provisions in a plan of reorganization or trust agreement are fundamentally irrelevant*."); Diagnostic Int'l, Inc. v. Aerobic Life Prods. Co.* (*In re Diagnostic Int'l, Inc*.), 257 B.R. 511, 514 (Bankr. D. Ariz. 2000) (stating that retention of jurisdiction clause cannot grant subject-matter jurisdiction over proceeding when proceeding is outside court's jurisdictional limits defined by statute); *see also Ins. Corp. v. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (stating that subject matter jurisdiction cannot be conferred upon a federal court by consent of the parties).

Blesdoe Plaintiffs' No Stay Pleading 9-5-2014

bankruptcy court's jurisdictional basis is most tenuous,[3] bankruptcy courts must use caution lest applications for protection by a Non-Debtor seeking relief be abused, as it has in this instance. Just as the jurisdictional "arising in" power originally to issue the Sale Order may not constitutionally have reached claims—like those of the *Blesdoe* Plaintiffs--having nothing to do with the Bankruptcy case, the power to interpret and enforce that Order cannot extend the original jurisdictional limits of the Court. "Most courts agree that once confirmation occurs, the bankruptcy court's jurisdiction shrinks. The Second Circuit has used the 'close nexus text' to determine post-confirmation subject matter jurisdiction."

---

[3] As the Third Circuit has concluded,
> The post-confirmation context of this dispute affects our "related to" inquiry because bankruptcy court jurisdiction "must be confined within appropriate limits and does not extend indefinitely, particularly after the confirmation of a plan and the closing of a case." *Donaldson*, 104 F.3d at 553.7 After confirmation of a reorganization plan, retention of bankruptcy jurisdiction may be problematic. *See Bank of La. v. Craig's Stores of Tex., Inc.* (*In re Craig's Stores of Tex., Inc.*), 266 F.3d 388, 391 (5th Cir.2001); *In re Fairfield Cmtys., Inc.*, 142 F.3d 1093, 1095-96 (8th Cir.1998). This is so because, under traditional *Pacor* analysis, bankruptcy jurisdiction will not extend to a dispute between non-debtors unless the dispute creates "the logical possibility that the estate will be affected." *In re Federal-Mogul Global*, Inc., 300 F.3d 368, 380 (3d Cir.2002) (*internal quotations omitted*), cert. denied, 537 U.S. 1148, 123 S.Ct. 884, 154 L.Ed.2d 851 (2003). At the most literal level, it is impossible for the bankrupt debtor's estate to be affected by a post-confirmation dispute because the debtor's estate ceases to exist once confirmation has occurred. *See In re Fairfield Cmtys.*, 142 F.3d at 1095 (holding that once a bankrupt debtor's plan has been confirmed the debtor's estate ceases to exist). Unless otherwise provided by the plan or order confirming the plan, "the confirmation of a plan vests all of the property of the estate" in the reorganized debtor. 11 U.S.C. § 1141(b). *See also NVF Co. v. New Castle County*, 276 B.R. 340, 348 (D.Del.2002) (holding that the confirmation of a plan revests the estate's property in the reorganized debtor, and accordingly, the bankruptcy estate "no longer existed"), aff'd 61 Fed.Appx. 778 (3d Cir.2003).Although the statutory basis for a bankruptcy court's jurisdiction does not change after confirmation of a plan of reorganization (i.e., jurisdiction still is governed by 28 U.S.C.§ 1334), bankruptcy courts generally recognize that the scope of their jurisdiction narrows after confirmation of a plan. *See Penthouse Media Group v. Guccione* (*In re General Media, Inc.*), 335 B.R. 66, 73 (Bankr. S.D.N.Y. 2005) (stating that while section 1334 does not limit a bankruptcy court's jurisdiction after plan confirmation, "all courts that have addressed the question have ruled that once confirmation occurs, the bankruptcy court's jurisdiction shrinks"). This reduced scope of jurisdiction follows from the fact that as time passes after confirmation, the universe of matters that relates to a bankruptcy cases necessarily diminishes. *See Gray v. Polar Molecular Corp.* (*In re Polar Molecular Corp.*), 195 B.R. 548, 555 (Bankr. D.Mass. 1996) ("*Polar Molecular*").

*Vanguard Prods. Corp. v. Citrin (In re Indicon),* 499 B.R. 395 (D. Conn. 2013); *In re Metro-Goldwyn-Mayer Studios Inc.,* 459 B.R. 550 (Bankr. S.D.N.Y. 2011

Notably, the Court itself expressed doubt about its power to reach the "future claims" of those whose pre-sale exposure to asbestos would ripen into injury post-sale. The relation between the Sale Order and the *Blesdoe* claims is even more remote, as the *Blesdoe* Plaintiffs, unlike the future asbestos victims whose interests the court found no one before it had standing to assert, *id.* do not claim that Debtor GM's conduct and original liability gave rise to any of their claims against Non-Debtor GM. Not only their injury, but also the conduct that gives rise to their claims, occurred well after the Sale. *Cf. Lothian Cassidy, LLC v. Lothian Exploration & Dev. II*, 487 B.R. 158, 162 (S.D.N.Y. 2013) (Marrero, J.) ("Where, as here, the bankruptcy plan in question has already been confirmed, the Bankruptcy Court's jurisdiction shrinks to cover only matters that have a 'close nexus' to the bankruptcy plan and the plan provides for jurisdiction over the dispute.")

Like most circuits, the Second Circuit has adopted the Third Circuit's *Pacor* test[4] for determining a bankruptcy court's jurisdiction over a lawsuit between third parties to the bankruptcy case. *See Travelers Co. v. Bailey*, 557 U.S. at 137, 146 (2009). The court of Appeals has repeatedly warned lower Courts to exercise particular care when healthy non-debtors seek to avail themselves of the protective power of the Bankruptcy courts. It has made clear that this Court's "related to" jurisdiction is limited to power over litigants in proceedings *only* when the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. *See Manville II*, 517 F.3d at 66; *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114

---

4 *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).

(2d Cir. 1992) ("The test for determining whether litigation has a significant connection with a pending bankruptcy [sufficient to confer bankruptcy jurisdiction] is whether its outcome might have any conceivable effect on the bankrupt estate." (*internal quotation marks omitted*); *In re Quigley Co., Inc.*, 676 F.3d 45 (2d Cir. 2012) ("'related to' jurisdiction to enjoin a third party dispute exists where the subject of the third party dispute is property of the estate, or the dispute would have an effect on the estate.") (*internal quotation marks omitted*); *See also In re Old Carco LLC*, 492 B.R. 392, 405 (Bankr. S.D.N.Y. 2013) ("Nevertheless, the *law may impose a separate duty to warn on New Chrysler*," and there would in such circumstances be no subject matter jurisdiction over third party claims against New Chrysler); *In re Dreier*, 429 B.R. 112, 133 (Bankr. S.D.N.Y. 2010) ("While the Bar Order is limited to creditors and parties in interest in the LLP and Dreier cases, these parties may also have *direct* claims against GSO") *(emphasis added)*; *In re Grumman*, 445 B.R. 243 (Bankr. S.D.N.Y. 2011) ("§ 362(f) authorizes the Court to absolve the buyer of *in personam* liability for pre-confirmation claims in a chapter 11 case. The rule does not extend to potential future tort claims of the type now asserted by the Fredericos, and the GM sale order did not grant the buyer this relief.")[5]

In the particular context of third party claims against non-debtors, like those that the *Blesdoe* Plaintiffs assert against Non-Debtor GM, the rule for determining "related to" jurisdiction, and thus the constitutional bounds of this Court's power, is crystal clear and easy to apply: When the third-party's claims against a non-debtor rest on *independent duties* that the non-debtor allegedly owed the third party, rather than derivative, successor, or transferee duties

---

[5] Nothing in *Travelers* is to the contrary. As the Court stated, whether the Bankruptcy Court had jurisdiction and authority to enter the injunction in 1986 was not properly before the Court of Appeals in 2008 and is not properly before us…Our holding is narrow. We do not resolve whether a bankruptcy court, in 1986 or today, could properly enjoin claims against nondebtor insurers that are not derivative of the debtor's wrongdoing. *Travelers Indem.Co.v. Bailey,* 557 U.S. at 148. That issue was resolved definitively on remand in *Manville III,* 600 F.3d at 148-49. The answer is no.

Blesdoe Plaintiffs' No Stay Pleading 9-5-2014
13

of the debtor, there is no Bankruptcy Court subject matter jurisdiction over the dispute without an affirmative showing of some conceivable impact on the *res* of the bankrupt. *In re Johns-Manville Corp.*, 517 F.3d 52, 65 (2d Cir. 2008) ("Manville II"), *vacated & remanded on other grounds*, 129 S. Ct. 2195, 174 L. Ed. 2d 99 (2009), aff'g in part & rev'g in part, 600 F.3d 135, 2010 U.S. App. LEXIS 5877, 2010 WL 1007832 (2d Cir. Mar. 22, 2010) ("Manville III"); *In re Zale Corp.*, 62 F.3d 746 (5th Cir. 1995); *In re Kubly*, 818 F.2d 643, 645 (7th Cir. 1987); *Geruschat v. Ernst Young LP (In re Seven Fields Dev Corp.),* 505 F.3d 237 (2007).

Nor can the good intentions of a bankruptcy court to protect the purchaser of a bankrupt's assets to help it achieve "global peace" replace the necessity for a prior determination that subject matter jurisdiction, some connection to the bankrupt, be shown when a non-debtor like GM seeks its extraordinary protection:

> The district court emphasized the bankruptcy court's declaration that its "repeated use of the term[s] 'arising out of' and 'related to' [was] not gratuitous or superfluous; they were meant to provide . . . global finality for Travelers. But global finality is only as "global" as the bankruptcy court's jurisdiction. A court's ability to provide finality to a third-party is defined by its jurisdiction, not its good intentions.

*In re Johns Manville Corp.*, 517 F.3d at 66 (2d Cir. 2008

### c. The Blesdoe Plaintiffs' Claims Do Not "Relate to" Any of the Liabilities that Were the Subject of the Sale Order and Injunction.

Non-Debtor GM asserts that the Sale Order protects it against any claims that are based on "successor or transferee liability," claims that arose before the "closing date" and claims that existed against Debtor GM at the time of the closing of the sale. *See* Sale Order ¶¶ 7, 10, 46, 48. The Sale Order does not *immunize* Non-Debtor GM for any wrongdoing it commits. The claims the *Blesdoe* Plaintiffs bring do not fall within the scope of the Sale Order because, except for part of their negligence assertions, they neither allege, nor depend, upon successor or transferee

liability, they did not arise before the "closing date," and they do not implicate any past liability Debtor GM might have had in any way. Except for part of the negligence Count, the claims they wish to bring only arose when Non-Debtor GM came into being and allegedly began concealing and suppressing material, and potentially fatal, safety defects from them. The *Blesdoe* Plaintiffs' claims depend upon no wrongdoing by Debtor GM and could not have existed against Debtor GM because the alleged wrongdoing did not occur until after Debtor GM had ceased to exist – this is true despite the fact that, in this particular case, the *Blesdoe* Plaintiffs may have had *other* claims against Debtor GM. Non-Debtor GM could not have assumed liability for the *Blesdoe* Plaintiffs' claims from Debtor GM, and Debtor GM could not have retained liability for the *Blesdoe* Plaintiffs' claims, because Debtor GM never had liability for the *Blesdoe* Plaintiffs' claims, nor could it have. For this reason, the Sale Order, by its clear terms, simply does not reach the claims brought by the *Blesdoe* Plaintiffs against Non-Debtor GM.

The *Blesdoe* Plaintiffs' case is also distinguishable from prior rulings enforcing the July 2009 Sale Order and Injunction. The "Trusky Plaintiffs," for example, alleged that Non-Debtor GM "breached warranty obligations Non-Debtor GM *assumed* from Debtor GM in the 363 Sale." *In re Motors Liquidation Co.*, 09-50026 REG, 2013 WL 620281 (Bankr. S.D.N.Y. Feb. 19, 2013). The *Blesdoe* Plaintiffs make no allegations dependent upon duties or obligations that Non-Debtor GM *could* have assumed from Non-Debtor GM *at all*. The "Castillo Plaintiffs," meanwhile, sought a declaratory judgment that Non-Debtor GM "*assumed* a settlement agreement between Debtor GM and the Castillo Plaintiffs as part of Non-Debtor GM's purchase." *In re Motors Liquidation Co.*, 09-50026 REG, 2012 WL 1339496 (Bankr. S.D.N.Y. Apr. 17, 2012). Non-Debtor GM could *not* have assumed the liabilities at issue in the *Blesdoe* Plaintiffs' claims, because they never *existed* against Debtor GM. Finally, unlike the plaintiffs

Blesdoe Plaintiffs' No Stay Pleading 9-5-2014

15

addressed in the Court's May 17, 2010 Order Pursuant to 11 U.S.C. § 105(a) Enforcing 363 Sale Order (*Motors*, Doc. No. 6237), who brought personal injury claims against Non-Debtor GM after accidents that occurred *before* the closing date, the *Blesdoe* Plaintiffs allege only the injury that occurred *after* Non-Debtor GM had come into existence. Their case is not distinguishable from the *Elliott v. GM* matter that the Court has already considered. See Doc. No. 12815. The Court misapplied the law in that ruling and mistakenly thought that it had "arising in" jurisdiction over such claims and that it therefore did not need to attend to the tests that the Second Circuit has mandated in order to determine subject matter jurisdiction of the bankruptcy courts over third party claims. *In re Motors,* Courts have declined to find "related to" jurisdiction where "the asset [in question] had been sold, the bankruptcy estate was not a party to the action, and the defendants were not debtors or creditors." *In re DVI, Inc.,* 305 B.R. at 417 (discussing *New Horizon of N.Y. LLC v. Jacobs*, 231 F.3d 143 (4th Cir. 2000)).

The Blesdoe Plaintiffs' claims do relate to a "pre-petition" vehicle, but that single fact cannot act as a shorthand to justify neglecting the more extended consideration required to reach the ultimate conclusion that such claims are encompassed by the Sale Order and Injunction and therefore that Plaintiffs and their counsel must necessarily be acting in violation of this Court's authority by asserting such claims. Before such a conclusion can reasonably (or constitutionally) be reached, an analysis is necessary *first* to determine if their third-party non-debtor claims assert derivative or successor liability on the part of Non-Debtor GM for retained liability of Debtor GM, in which case the claims may well be within the terms of the Sale Order, or if they are based instead on allegations that Non-Debtor GM violated *independent* duties that Non-Debtor GM owed to the *Blesdoe* Plaintiffs, causing them legally cognizable harm, in which case the claims would not be, and constitutionally could not have been, encompassed by the Sale Order

Blesdoe Plaintiffs' No Stay Pleading 9-5-2014

16

and Injunction.[6] This analysis, which GM's invocation of "pre-petition" vehicles and auto parts neglects, is also required to determine the *constitutional* authority of this Court because, as discussed below, Bankruptcy Courts have no subject matter jurisdiction over third party non-debtor claims that allege breaches of duties independently owed by third party non debtors such as Non-Debtor GM. And, as discussed above, the relation to Ms. Yearwood's claims to any possible retained liabilities is based on pure speculation about parts that may or may not be present in her car.

The Court of Appeals has admonished the lower courts to conduct this analysis of the *Blesdoe* Plaintiffs claims.[7]

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' No Stay pleading should be granted, and the *Blesdoe* Plaintiffs should be free to prosecute their action against Non-Debtor GM without further hindrance.

Respectfully submitted,

---

[6] Presumably Non-Debtor GM will argue that it owed no such duties, and it may win that argument. But the relevant question before this Court is not whether the claims will withstand legal challenge, that is, whether there is a legal basis for the duties Plaintiffs allege were owed and breached, but more narrowly whether the *allegations* are essentially of breaches of independent or derivative duties.

[7] In our view, the jurisdictional analysis by the lower courts falls short for several reasons…The courts below appeared to view the jurisdictional inquiry as a factual one: if the direct actions "arose out of" or are "related to" the Manville-Travelers relationship, then the court had jurisdiction. But the factual determination was only half of the equation. The nature and extent of Travelers' duty to the Direct Action plaintiffs is a function of state law. Neither court looked to the laws of the states where the claims arose to determine if indeed Travelers did have an independent legal duty in its dealing with plaintiffs, notwithstanding the factual background in which the duty arose. … it is evident that Plaintiffs' Direct Action claims constitute independent tort actions… [And even] the states' unwillingness to recognize these actions does not vest a federal court with jurisdiction to enjoin all such future claims.
*In re Johns Manville Corp.*, 517 F.3d 52, 66 (2d Cir. 2008), vacated & remanded on other grounds, 557 U.S. 137 (2009), aff'g in part & rev'g in part, 600 F.3d 135 (2d Cir. 2010) ("Manville III"). The Supreme Court's intervening decision in *Travelers v. Bailey* did not alter the Second Circuit's statement of applicable law governing subject matter jurisdiction, but merely considered whether an Order that may have been issued without jurisdiction could be collaterally attacked on that basis years later. The Court held that it could not, on equitable mootness grounds.

Blesdoe Plaintiffs' No Stay Pleading 9-5-2014

/s/Gary Peller  
Gary Peller  
Counsel for the *Blesdoe* Plaintiffs  
600 New Jersey Ave. NW  
Washington, DC  20001  
(202) 662-9122  
peller@law.georgetown.edu