```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                             :    Chapter 11
                                                   :
MOTORS LIQUIDATION COMPANY, et al.,                :    Case Nos.:  09-50026 (REG)
     f/k/a General Motors Corp., et al.            :
                                                   :    (Jointly Administered)
                        Debtors.                   :
---------------------------------------------------------------X
```

**STIPULATION AND ORDER EXTENDING ANSWER DEADLINE
TO MOTIONS FOR LEAVE TO APPEAL INJUNCTIVE ORDERS OF THE
BANKRUPTCY COURT (ELLIOTT PLAINTIFFS AND SESAY PLAINTIFFS)**

General Motors LLC ("**New GM**"), Lawrence Elliott, Celestine Elliott and Bernice Summerville (collectively, the "**Elliott Plaintiffs**"), and Ishmail Sesay and Joanne Yearwood (collectively, "**Sesay Plaintiffs**," and with New GM and the Elliott Plaintiffs, the "**Parties**"), by and through their undersigned counsel, enter into this Stipulation and Agreed Order and state:

WHEREAS, on July 11, 2014, the Elliott Plaintiffs filed the *Plaintiffs Lawrence And Celestine Elliott's No Stay Pleading Pursuant To The Court's Scheduling Orders And Motion For Order Of Dismissal For Lack Of Subject Matter Jurisdiction Pursuant To Bankr. R. 7012(b) And For Related Relief* [Dkt. No. 12772] ("**Elliott No Stay Pleading**") with the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**");

WHEREAS, on July 21, 2014, New GM filed the *Response By General Motors LLC To No Stay Pleading Filed By The Elliott Plaintiffs* [Dkt. No. 12782] ("**Elliott Response**") with the Bankruptcy Court;

WHEREAS, on August 5, 2014, the Bankruptcy Court held a hearing ("**Elliott Hearing**") with respect to the Elliott No Stay Pleading and the Elliott Response, and at the Elliott Hearing the Bankruptcy Court orally found and determined that the relief requested in the Elliott No Stay Pleading should be denied ("**Oral Ruling**");

WHEREAS, on August 6, 2014, the Bankruptcy Court issued its *Decision With Respect To No Stay Pleading And Related Motion To Dismiss For Lack Of Subject Matter Jurisdiction (Elliott Plaintiffs)* [Dkt. No. 12815], memorializing its Oral Ruling;

WHEREAS, on August 12, 2014, the Bankruptcy Court entered the *Order Denying The Relief Requested In Plaintiffs Lawrence And Celestine Elliott's No Stay Pleading Pursuant To The Court's Scheduling Orders And Motion For Order Of Dismissal For Lack Of Subject Matter Jurisdiction Pursuant To Bankr. R. 7012(b) And For Related Relief* [Dkt. No. 12834] ("**Elliott Order**");

WHEREAS, on August 13, 2014, the Elliott Plaintiffs filed with the Bankruptcy Court a *Notice of Appeal* with respect to the Elliott Order [Dkt. No. 12839], on November 21, 2014, the Elliott Plaintiffs filed with the Bankruptcy Court a *(Renewed) Notice of Appeal* with respect to the Elliott Order [Dkt. No. 13002], and on November 24, 2014, the Elliott Plaintiffs filed the *Elliott Plaintiffs' Motion for Leave to Appeal Injunctive Order of the Bankruptcy Court* [Dkt. No. 13005] ("**Elliott Motion**");

WHEREAS, on September 5, 2014, the Sesay Plaintiffs filed the *Plaintiffs' Amended No Stay Pleading, Motion For Order Of Dismissal For Lack Of Subject Matter And Personal Jurisdiction, Objections To GM's Motion To Enforce, Objections To The Court's Orders, And For Related Relief* [Dkt. No. 12883] with the Bankruptcy Court;

WHEREAS, on September 19, 2014, New GM filed the *Response By General Motors LLC To Plaintiffs' Amended No Stay Pleading, Motion For Order Of Dismissal For Lack Of Subject Matter And Personal Jurisdiction, Objections To GM's Motion To Enforce, To The Court's Orders, And For Related Relief* [Dkt. No. 12921] with the Bankruptcy Court;

WHEREAS, on November 10, 2014, the Bankruptcy Court issued its *Decision With Respect To No Stay Pleading, And Related Motion For Abstention (Sesay Plaintiffs)* [Dkt. No. 12989];

WHEREAS, on November 12, 2014, the Bankruptcy Court entered the *Order Denying The Relief Requested In Plaintiffs' Amended No Stay Pleading, Motion For Order Of Dismissal For Lack Of Subject Matter And Personal Jurisdiction, Objections To GM's Motion To Enforce, Objections To The Court's Orders, And For Related Relief* [Dkt. No. 12995] ("**Sesay Order**");

WHEREAS, on November 24, 2014, the Sesay Plaintiffs filed with the Bankruptcy Court a *Notice of Appeal* with respect to the Sesay Order [Dkt. No. 13004], and on November 24, 2014, the Sesay Plaintiffs filed the *Sesay Plaintiffs' Motion for Leave to Appeal Injunctive Order of the Bankruptcy Court* [Dkt. No. 13007] ("**Sesay Motion**," and with the Elliott Motion, the "**Motions**");

WHEREAS, pursuant to the Motions and Rule 8003(a) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), the deadline for New GM to file an answer ("**Answer**") to the Motions is December 8, 2014 ("**Answer Deadline**"); and

WHEREAS, the Parties have agreed to extend the Answer Deadline for New GM.

NOW, THEREFORE, it is stipulated and agreed, by and among the Parties, subject to approval of the Bankruptcy Court, that:

1.      The Answer Deadline for New GM to file an Answer or respond to the Motions is extended to December 17, 2014, without prejudice to New GM's right to request a further extension.

2.      The time for the Clerk of the Bankruptcy Court to transmit the Motions and Answer to the United States District Court for the Southern District of New York pursuant to

Bankruptcy Rule 8003(b) shall be extended until New GM files its Answer with the Bankruptcy Court.

3. This Stipulation and Order may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document. Facsimile signatures or signatures received via e-mail transmission are treated as a binding and original document, and the facsimile signature or e-mail signature of any party is considered an original signature.

Dated: New York, New York
December 2, 2014

| | |
|---|---|
| ___/s/ Arthur Steinberg___<br>Arthur Steinberg<br>Scott Davidson<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY  10036<br>(212) 556-2100<br><br>KIRKLAND & ELLIS LLP<br>200 North LaSalle<br>Chicago, Illinois 60654<br>(312) 862-2000<br>Richard C. Godfrey, P.C.<br>Andrew B. Bloomer, P.C.<br><br>*Counsel to General Motors LLC* | ___/s/ Gary Peller___<br>Gary Peller<br>600 New Jersey Avenue, N.W.<br>Washington, DC 20001<br>(202) 662-9122<br><br>*Counsel for the Elliott Plaintiffs<br>and the Sesay Plaintiffs* |

**SO ORDERED:**

Dated: New York, New York
December 3, 2014

                                      *s/ Robert E. Gerber*
                                      Honorable Robert E. Gerber
                                      United States Bankruptcy Judge