KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:      (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------x

**NOTICE OF FILING OF THIRTEENTH SUPPLEMENT TO
SCHEDULE "2" TO THE MOTION OF GENERAL MOTORS LLC
PURSUANT TO 11 U.S.C. §§ 105 AND 363 TO ENFORCE THE
<u>COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION</u>**

**PLEASE TAKE NOTICE** that on December 8, 2014, General Motors LLC filed the attached *Thirteenth Supplement to Schedule "2" to the Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* with the United States Bankruptcy Court for the Southern District of New York.

24521328.1

Dated: New York, New York
December 8, 2014

Respectfully submitted,

/s/ Scott I. Davidson
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

24521328.1

# THIRTEENTH SUPPLEMENT[1] TO SCHEDULE "2"

## SAMPLE ALLEGATIONS/CAUSES OF ACTION IN IGNITION SWITCH COMPLAINTS FILED AGAINST NEW GM NOT CONTAINED IN THE PREVIOUS SUPPLEMENTS TO SCHEDULE "2" TO MOTION TO ENFORCE[2]

| Action | Allegations |
|---|---|
| Brochey | One of the vehicles at issue in the Brochey Action is a 2009 Chevrolet Impala, that was manufactured by Old GM.[3] Compl., at 1.<br><br>"The 2009 model year Impala has been Manufactured and equipped with defective ignition switch. The Vehicles' ignition switches are uniformly and inherently defective in material s, design or workmanship, and exhibit the ability to be turned off inadvertently . In the alternative the ignition condition is a condition that the Manufacturer was aware of and a fact the Plaintiffs should have been made aware prior to their purchase." Compl., ¶ 12.<br><br>"The Defect described herein is an extremely dangerous latent defect in materials or workmanship with the Plaintiffs' vehicle that the Defendant had been aware and yet chooses to ignore out of greed" Compl., ¶ 24(A)(i).<br><br>"Moreover, the Manufacturer provided an express warranty that the vehicle would be free from defects in materials and workmanship; despite knowing that the Plaintiff vehicle contained a latent defect." Compl., ¶ 24(A)(ii).<br><br>"The Defendant was engaged in unfair or deceptive practices while engaged in commerce in the State of Plaintiff by placing into the stream of commerce the Plaintiffs' vehicle containing latent defects in materials or workmanship and not fit for its ordinary purpose of safe reliable transportation." Compl., ¶ 24(B).<br><br>"The Manufacturer marketed, sold and place the Plaintiffs' vehicle into the stream of commerce with latent defects in materials or workmanship and not fit for its ordinary purpose of safe reliable transportation despite knowing of the latent defects solely because of corporate greed and a desire to save money on producing the vehicle." Compl., ¶ 24(B)(ii). |

---

[1] This schedule supplements the previous supplements and the original Schedule "2" previously filed with the Court in connection with the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* ("**Motion to Enforce**").

[2] Due to space limitations, this chart contains only a ***sample*** of statements, allegations and/or causes of action contained in the complaint referenced herein. This chart does ***not*** contain ***all*** statements and/or allegations that New GM believes violates the provisions of the Court's Sale Order and Injunction and the MSPA.

[3] While the Brochey Action also concerns a 2011 Chevrolet Camaro, the claims regarding that vehicle do not implicate the Motion to Enforce.

24521328.1

| **Action** | **Allegations** |
|---|---|
| | "The defects were actively concealed from the Plaintiffs and the Plaintiffs were never given a meaningful opportunity to negotiate in good faith because of the unfair and deceptive trade practices employed by the Manufacturer." Compl., ¶ 24(B)(iii). <br><br> "The manufacturer represented the vehicle to be safe and fit for its ordinary purpose of transportation when in fact the vehicle was manufactured with a latent defect to the ignition switch which renders the vehicle unsafe, dangerous and not fit for its ordinary purpose." Compl., ¶ 24(C)(i). <br><br> "Finally, the Defendant has committed an unfair and deceptive act pursuant to 73 P.S. 201.2(4) (xxi) by: <br><br>     i. Placing the Plaintiffs' vehicle into the stream of commerce without informing the public/Plaintiffs that the vehicle exhibited the severe and dangerous defect thereby depriving Plaintiff of the opportunity to make an informed vehicle purchase." Compl., ¶ 24(D)(i). <br><br> "Moreover, Plaintiff changed their position by undertaking a large financial purchase and contracting for the Plaintiffs' vehicle they otherwise would not have done." Compl., ¶ 24(D)(iii). |

24521328.1