# **Exhibit 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION    14-MD-2543 (JMF)

*This Document Relates to All Actions*

------------------------------------------------------------------------x

# GENERAL MOTORS LLC'S RESPONSE IN SUPPORT OF DEFERRING ALL BRIEFING ON PLAINTIFFS' POST-SALE CONSOLIDATED COMPLAINT UNTIL AFTER THE BANKRUPTCY COURT DECIDES THE PENDING MOTIONS TO ENFORCE

## TABLE OF CONTENTS

|                                                                                                                                                  | Page |
| ------------------------------------------------------------------------------------------------------------------------------------------------ | ---- |
| TABLE OF AUTHORITIES                                                                                                                             | ii   |
| INTRODUCTION                                                                                                                                     | 1    |
| I.    JUDGE GERBER SHOULD INTERPRET THE BANKRUPTCY COURT'S SALE ORDER AND INJUNCTION IN THE FIRST INSTANCE.                                      | 2    |
|     A.    Plaintiffs Agreed Judge Gerber Should Decide The Motions To Enforce.                                              | 3    |
|     B.    This Court Repeatedly Has Recognized That Judge Gerber Should Interpret His Sale Order And Injunction.            | 4    |
| II.   LEAD COUNSEL'S ARGUMENTS ALREADY ARE BEFORE THE BANKRUPTCY COURT AND FAIL AS A MATTER OF LAW.                                             | 5    |
| III.  LEAD COUNSEL FAIL TO IDENTIFY WHERE BRIEFING MAY PROCEED                                                                                  | 9    |
| CONCLUSION                                                                                                                                       | 10   |

## TABLE OF AUTHORITIES

**Cases**

*Campbell v. Motors Liquidation Co. (In re Motors Liquidation Co.),*
428 B.R. 43 (S.D.N.Y. 2010) .................................................................................. 8

*Celotex Corp. v. Edwards,*
514 U.S. 300 (1995) ................................................................................................ 7

*Douglas v. Stamco,*
363 Fed. App'x 100 (2d Cir. 2010) ..................................................................... 7, 8

*In re 347 Linden LLC,*
No. 11-cv-1990, 2011 WL 2413526 (E.D.N.Y. June 8, 2011) ............................... 7

*In re Caldor, Inc.-NY,*
240 B.R. 180 (Bankr. S.D.N.Y. 1999) .................................................................... 6

*In re Edwards,*
962 F.2d 641 (7th Cir. 1992) ................................................................................... 6

*In re Interpictures, Inc.,*
No. 96–5116, 1997 U.S. App. LEXIS 19234, 1997 WL 416925 (2d Cir. July 25, 1997) .......... 7

*In re Johns-Manville Corp.,*
600 F.3d 135 (2d Cir. 2010) .................................................................................... 8

*In re Rezulin Prods. Liab. Litig.,*
390 F. Supp. 2d 319 (S.D.N.Y. 2005) .................................................................. 10

*In re Vanguard Oil & Serv. Co.,*
88 B.R. 576 (E.D.N.Y. 1988) ................................................................................. 6

*Pearl-Phil GMT (Far East) Ltd. v. Caldor Corp.,*
266 B.R. 575 (S.D.N.Y. 2001) ............................................................................... 6

*Travelers Indem. Co. v. Bailey,*
557 U.S. 137 (2009) ................................................................................................ 7

*Zernand-Bernal Grp. v. Cox,*
23 F.3d 159 (7th Cir. 1994) .................................................................................... 8

**Statutes**

11 U.S.C. § 363(f) .......................................................................................................... 8

## INTRODUCTION

Instead of briefing "the threshold issue of whether and to what extent motion practice should be deferred until after Judge Gerber decides New GM's Motion to Enforce,"[1] Lead Counsel seek to avoid the Bankruptcy Court's jurisdiction altogether by asking this Court "to rule on the question of whether the Bankruptcy Court has the authority to enjoin any of the claims in the Post-Sale Complaint."[2] Lead Counsel's request should be rejected for at least three reasons, confirming that all motion practice on the Post-Sale Complaint should be deferred.

*First*, the Court did not ask the parties to brief the Bankruptcy Court's jurisdiction or the enforceability of the Sale Order and Injunction. The briefing requested by the Court related *solely* to whether motion practice on the Consolidated Complaints should proceed at this time. Instead of following the Court's directive, Lead Counsel improperly have sought to raise in this Court, in this misplaced context, the same issues that are already being litigated in the Bankruptcy Court. The plaintiffs have long since stipulated, and this Court expressly has recognized, that Judge Gerber will decide those issues in the first instance.

*Second*, none of Lead Counsel's arguments—most of which simply repeat plaintiffs' arguments to the Bankruptcy Court—have merit. Lead Counsel assert that the Bankruptcy Court lacks jurisdiction to enforce the Sale Order and Injunction, but the United States Supreme Court, the Second Circuit, and other courts in this District repeatedly have rejected this contention. Indeed, this principle is so well recognized that the Bankruptcy Court has characterized the same argument advanced by individual plaintiffs (and now Lead Counsel) as "frivolous."[3] And there are no efficiencies to be gained by attempting to short-cut Judge Gerber's review of issues with which he is uniquely familiar as a result of five years of litigation.

---

[1] MDL 2543 Order No. 22 § IV.
[2] Pls. Opening Br., ECF No. 440, at 18.
[3] New GM's Opening Br. at Ex. B, *Sesay* Order at 7-8 n.13.

1

*Third*, Lead Counsel assert that, "at a minimum, the Court [should] allow the Post-Sale Complaint to proceed on behalf of Plaintiffs who purchased vehicles manufactured and sold by New GM."[4] Plaintiffs ask this Court to ignore Judge Gerber's prior rulings that such claims must be stayed where they are comingled "under a common complaint" with Old GM vehicle claims (as they are in the Post-Sale Complaint).[5] Further, Lead Counsel provide no explanation for how such claims can proceed—either globally or as to a bellwether subset—where the Post-Sale Complaint expressly alleges that they are pleaded in the alternative "[i]n the event the Court declines to certify a Nationwide Class under Michigan law."[6] Indeed, after their opening briefs were filed, the parties jointly submitted a letter to the Court agreeing that "*if* this Court rules that motion practice regarding the Post-Sale Consolidated Complaint will proceed before Judge Gerber has decided New GM's Motions to Enforce pending in the Bankruptcy Court, then the *first* issue that should be decided is the choice-of-law question of whether Michigan law can be applied nationwide . . . ."[7] But here too, Lead Counsel offer no explanation for how choice-of-law briefing can proceed, or result in anything other than an advisory opinion, where basic choice-of-law principles require that the Court have before it all of the jurisdictions, plaintiffs, and claims that may be at issue before it can make a choice-of-law determination. Because this cannot be known until Judge Gerber rules, choice-of-law briefing also cannot proceed.

I. **JUDGE GERBER SHOULD INTERPRET THE BANKRUPTCY COURT'S SALE ORDER AND INJUNCTION IN THE FIRST INSTANCE.**

The bulk of Lead Counsel's brief is devoted to asking this Court "to rule on the question of whether the Bankruptcy Court has the authority to enjoin any of the claims in the Post-Sale

---

[4] Pls. Opening Br., ECF No. 440, at 18.
[5] New GM's Opening Br. at Ex. D, *Phaneuf* Order at 13 n.26; *see also* Ex. C, *Elliott* Order at 8 n.24, Ex. B, *Sesay* Order at 10.
[6] *See, e.g.*, Post-Sale Complaint at ¶¶ 1133, 1147.
[7] Dec. 2, 2014 Ltr. to Ct., ECF No. 445, at 1 (emphasis added).

Complaint."[8] Notwithstanding months of negotiations between the parties and the extraordinary case management efforts of both this Court and the Bankruptcy Court, plaintiffs for the first time suggest that "[t]here is nothing but delay to be gained by awaiting Judge Gerber's ruling *on the same issue*, followed by the inevitable appeal to this Court."[9] Lead Counsel's position contradicts both plaintiffs' prior commitments and this Court's mandate.

### A.    Plaintiffs Agreed Judge Gerber Should Decide The Motions To Enforce.

Shortly after the Ignition Switch Motion to Enforce was filed, Designated Counsel were retained to represent substantially all plaintiffs in the Bankruptcy Court: "The plaintiffs are together, and with the exception of again one outlier . . . there's not a plaintiff group that we're aware of that isn't prepared to have their interests in the first instance, represented by one of the three of us. . . ."[10] Lead Counsel likewise have acknowledged that they retained Designated Counsel to represent plaintiffs in the Bankruptcy Court.[11]

At the May 2, 2014 status conference, Judge Gerber addressed with Designated Counsel whether his eventual ruling on the Motion to Enforce should be directed at "a multiplicity of lawsuits and then having to parse each and every one" or whether those complaints should first be "gather[ed] up and bundl[ed] in [an] amended [consolidated] complaint."[12] Designated Counsel specifically agreed that "when viewed from the perspective of judicial economy if there is a single complaint and Your Honor were then to determine what's kosha (ph) and what's unkosha (ph) about that amended complaint one has an easier vehicle to start making chops to."[13]

---

[8] Pls. Opening Br., ECF No. 440, at 18.
[9] *Id.* at 20 (emphasis added).
[10] Ex. 1, May 2, 2014 Bankr. Hr'g. Tr. at 73.
[11] Ex. 2, Aug. 11, 2014 MDL Hr'g. Tr. at 50 ("MR. ROBINSON: . . . temporary lead counsel and proposed executive committee members have actually been the ones who actually retained the designated counsel, the counsel designated by Judge Gerber as the leaders in . . . the bankruptcy").
[12] Ex. 1, May 2, 2014 Bankr. Hr'g. Tr. at 73.
[13] *Id.* at 51-52 (emphasis added).

Based on the agreement of Designated Counsel, Judge Gerber entered two Scheduling Orders that established procedures to resolve certain threshold issues (hereafter, the "Four Threshold Issues") arising from the Motion to Enforce, including "[w]hether any or all of the claims asserted in the Ignition Switch Actions are claims against the Old GM bankruptcy estate," and "[w]hether procedural due process in connection with the Sale Motion and the Sale Order and Injunction was violated as it relates to the Plaintiffs."[14] After a schedule was entered by this Court for filing the consolidated complaints, the Bankruptcy Court entered a revised scheduling order—again by agreement of the parties—postponing briefing on the Four Threshold Issues specifically in order to take into account the consolidated complaints to be filed in MDL 2543.[15]

Throughout these proceedings, Lead Counsel have never told Judge Gerber that he should not enter scheduling orders because Lead Counsel believed this Court would decide the same issues, that he lacked jurisdiction to enforce the Sale Order and Injunction, or that his consideration of these issues would cause undue delay in the MDL.[16] Instead, plaintiffs—including Lead Counsel themselves—almost universally have, without qualification, entered into stipulations "agree[ing] to voluntarily stay this Action and any proceeding before the [MDL] Transferee Court . . . *pending a resolution by the Bankruptcy Court of the issues raised in the Motion to Enforce. . . .*"[17] Plaintiffs should be held to their judicial stipulations.

**B.   This Court Repeatedly Has Recognized That Judge Gerber Should Interpret His Sale Order And Injunction.**

Likewise, this Court has recognized that the Bankruptcy Court has jurisdiction to interpret the Sale Order and Injunction in the first instance and is in the best position to do so:

---

[14]   Ex. 3, May 16, 2014 Scheduling Order re Mots. to Enforce, ECF No. 12697, at 4; Ex. 6, July 11, 2014 Scheduling Order re Mots. to Enforce, ECF No. 12770.
[15]   Ex. 4, Aug. 22, 2014 Scheduling Ltr., ECF No. 12869.
[16]   *Id.*
[17]   Ex. 5, compiling representative stay stipulations from cases where Lead Counsel are counsel of record.

4

> I am also going to be sensitive about stepping on the toes of Judge Gerber and the bankruptcy proceeding and ensuring an orderly process of the litigation of any issues before the bankruptcy court, mindful of the bankruptcy court's exclusive jurisdiction.[18]

* * *

> ... Judge Gerber is in a better position to interpret his prior orders and figure out what is and isn't subject to those orders and that it will just cause undue complications to withdraw the reference as to some subset of claims or proceedings.[19]

So too, this Court has previously rejected requests, no different from Lead Counsel's here, asking this Court to preemptively rule on issues related to the Sale Order and Injunction:

> My question for you is you'll have ample opportunity to raise the arguments that you want to make I am sure before Judge Gerber. To the extent you lose there, there is an opportunity to appeal.[20]

Lead Counsel offer no basis on which this Court should change course now. There is none.

## II. LEAD COUNSEL'S ARGUMENTS ALREADY ARE BEFORE THE BANKRUPTCY COURT AND FAIL AS A MATTER OF LAW.

Rather than answer the question their brief was supposed to address—"whether and to what extent motion practice should be deferred"—Lead Counsel ask this Court to hastily decide: (i) that "the sale order does not apply to any of the claims in the Post-Sale Complaint;" (ii) that "the Bankruptcy Court would not have jurisdiction to enjoin the Post-Sale Complaint;" (iii) that "enjoining Post-Sale claims . . . would [violate] the Post-Sale Plaintiffs' rights to Due Process;" (iv) that "[p]laintiffs do not bring Successor Liability Claims in the Post-Sale Complaint;" and (v) that "ruling on these issues now . . . will promote the prompt and efficient resolution of this MDL."[21] Each of these arguments is without merit.

---

[18]   Ex. 2, Aug. 11, 2014 MDL 2543 Hr'g Tr. at 6.
[19]   Id. at 22-23.
[20]   Id. at 35-36.
[21]   Pls. Opening Br., ECF No. 440, at 7, 10, 12, 18, and 20.

5

As a starting point, three of these five issues—applicability of the Sale Order and Injunction to the Post-Sale Complaint, due process, and successor liability—already are pending in the Bankruptcy Court and should be decided there. Applicability of the Sale Order and Injunction to the claims asserted in the Post-Sale Complaint is one of the Four Threshold Issues and is prominently addressed in New GM's Threshold Issues Brief before the Bankruptcy Court. In particular, New GM's Threshold Issues Brief explains why *all* claims (other than Assumed Liabilities) arising from Old GM vehicles are barred and why claims and damages theories with respect to even New GM vehicles are limited to the extent they rely on Old GM conduct.[22] Due process is another of the Four Threshold Issues before the Bankruptcy Court that is prominently addressed in New GM's Threshold Issues Brief.[23] And even Lead Counsel acknowledge that "[i]n briefing before Judge Gerber, among [New] GM's primary arguments is that the Sale Order enjoins claims 'predicated on a successor liability theory.'"[24]

---

[22] New GM's Opening Br. at Ex. E, Opening Brief by General Motors LLC On Threshold Issues Concerning Its Motions to Enforce the Sale Order and Injunction, No. 09-50026-reg, ECF No. 12981 ("Threshold Issues Brief"), at 12-22, 57-76 (Bankr. S.D.N.Y. Nov. 5, 2014). As discussed extensively in New GM's opening brief in this Court, regardless of the conduct alleged or when a vehicle was acquired, the Bankruptcy Court already has decided that "if you have a vehicle made by Old GM prepetition it's subject to [] the sale order. . . .," Nov. 25, 2014 New GM Opening Br. at 10, citing Ex. M, Aug. 18, 2014 Bankr. Hr'g. Tr. at 81-83. In addition, and contrary to Lead Counsel's assertion, New GM has *not* conceded that the Sale Order has no application to New GM vehicle claims, especially as pleaded in the Post-Sale Complaint. As expressly argued in New GM's Threshold Issues Brief, the Post-Sale Complaint's New GM vehicle claims and damage theories cannot proceed as pleaded, because they expressly rely on Old GM conduct. And the Bankruptcy Court already has held that claims against New GM vehicles comingled with Old GM vehicle claims in a single, common complaint must be stayed. New GM's Opening Br. at Ex. D, *Phaneuf* Order at 13 n.26.

[23] New GM's Opening Br. at Ex. E, Threshold Issues Brief, at 23-50 (Bankr. S.D.N.Y. Nov. 5, 2014). As set forth in the Threshold Issues Brief, and by way of summary only, it is well-established that publication notice suffices to satisfy due process in these circumstances and that plaintiffs simply cannot demonstrate prejudice on these facts, as they must. *See, e.g., In re Edwards*, 962 F.2d 641, 644-45 (7th Cir. 1992); *Pearl-Phil GMT (Far East) Ltd. v. Caldor Corp.*, 266 B.R. 575 (S.D.N.Y. 2001); *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988); *In re Caldor, Inc.-NY*, 240 B.R. 180, 188 (Bankr. S.D.N.Y. 1999).

[24] New GM's Opening Br. at Ex. E, Threshold Issues Brief, at 42-51. On its face, the Post-Sale Complaint is replete with hundreds of paragraphs alleging Old GM conduct, *see, e.g.*, Post-Sale Compl. ¶¶ 162-63, 172-75, 240-53, 338, 379-405, 492, 567-69, 596, and Lead Counsel's attempt to rely on Old GM conduct under the guise of attributing knowledge to New GM has, on similar allegations, already been rejected by the Bankruptcy Court as an "effort[] to muddy the distinctions between [Old and New GM], and to impose liability on New GM based on Old GM's conduct." New GM's Opening Br. at Ex. D, *Phaneuf* Order at 13 n.28.

As other courts (including the Second Circuit) have held, the Bankruptcy Court should be allowed an opportunity to decide the issues already pending before it:

> Once a case has been so referred, the bankruptcy court has "original and exclusive" jurisdiction over the case and the district court "merely retain[s] jurisdiction to hear appeals from the bankruptcy court's orders." *In re Interpictures, Inc.*, No. 96–5116, 1997 U.S. App. LEXIS 19234, at *5, 1997 WL 416925 (2d Cir. July 25, 1997). ... In the instant case, the bankruptcy court had original jurisdiction and this court retains only appellate jurisdiction over the case.

*In re 347 Linden LLC*, No. 11-cv-1990 (kam), 2011 WL 2413526, at *5 (E.D.N.Y. June 8, 2011); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) ("If dissatisfied with the Bankruptcy Court's ultimate decision, respondents can appeal 'to the district court'").

Next, Lead Counsel argue that "the Bankruptcy Court would not have jurisdiction to enjoin the Post-Sale Complaint."[25] Although this argument has been raised by individual plaintiffs in the Bankruptcy Court, it has never been asserted by Designated Counsel there, and with good reason—it is flatly contradicted by precedent from the Supreme Court, the Second Circuit, and other courts in the Southern District of New York. In *Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009), the Supreme Court rejected a similar collateral attack on the Bankruptcy Court's jurisdiction, holding that "the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders."[26] So too in *Douglas v. Stamco*, the Second Circuit rejected an argument identical to Lead Counsel's here, that a bankruptcy court lacked authority to enforce "free and clear" provisions in a sale agreement in favor of the purchaser of a debtor's assets:

> [T]o the extent that the "free and clear" nature of the sale (as provided for in the Asset Purchase Agreement ("APA") and § 363(f)) was a crucial inducement in the sale's successful transaction, it is evident that the potential chilling effect of allowing a tort claim subsequent to the sale would run counter to a core aim of the

---

[25] Opening Br., ECF No. 440, at 10.
[26] *Id.* at 151.

7

> Bankruptcy Code, which is to maximize the value of the assets and thereby maximize potential recovery to the creditors.[27]

Likewise, claims substantially similar to Lead Counsel's were rejected in *Campbell v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, 428 B.R. 43 (S.D.N.Y. 2010) (Buchwald, J.), a prior appeal from the Sale Order and Injunction at issue here:

> The jurisdictional issue here, if any, is the Bankruptcy Court's "core" or "arising under" jurisdiction to approve the 363 Transaction and issue the Sale Order. It is well-settled that bankruptcy courts have core jurisdiction to approve section 363 sales, and corollary jurisdiction to interpret and enforce their own orders carrying out the provisions of the Bankruptcy Code. Moreover, courts have characterized the injunctive authority of bankruptcy courts as "core" when the rights sought to be enforced by injunction are based on provisions of the Bankruptcy Code, such as the "free and clear" authority of section 363(f).[28]

Indeed, the Bankruptcy Court's jurisdiction to enforce the Sale Order and Injunction is so well-established that when the *Elliott* plaintiffs (in this MDL) raised the same jurisdictional argument in their no-stay pleading, Judge Gerber held as follows:

> [Any] claim that I don't have subject matter jurisdiction to construe and enforce the Sale Order in this case . . . is frivolous, disregarding controlling decisions of the United States Supreme Court and the Second Circuit; district court authority in this District; four earlier decisions that I personally have issued; three decisions by other bankruptcy judges in the Southern District of New York, and the leading treatise in the area, *Collier*.[29]

Lastly, Lead Counsel argue that "ruling on these issues now [by the MDL Court]. . . will promote the prompt and efficient resolution of this MDL."[30] Even if there were efficiencies to

---

[27] 363 Fed. App'x 100, 102-03 (2d Cir. 2010).

[28] 428 B.R. at 56-57 (collecting cases) (internal citations omitted). *Campbell* also distinguished *Zernand-Bernal Grp. v. Cox*, 23 F.3d 159 (7th Cir. 1994), the primary case on which Lead Counsel relies. *Campbell* explained that in *Zernand-Bernal*, the sale order was only tenuously connected to the bankruptcy, while in Old GM's Chapter 11 case, the Sale Order and Injunction is central to the proceedings. 428 B.R. at 57 n.17. *Campell* also noted that *Zerand-Bernal* had been rejected by other courts, and distinguished *In re Johns-Manville Corp.*, 600 F.3d 135 (2d Cir. 2010), another case relied on by Lead Counsel, concluding that the injunction there was not based on 11 U.S.C. § 363(f), that the enjoined claims did not involve property of the estate, and that the notice there was inadequate. *Id.* at 58 n.18.

[29] New GM's Opening Br. at Ex. C, *Elliott* Order at 2-3 (citations omitted). Most recently, having ruled on this same jurisdictional issue several times, the Bankruptcy Court warned that further attempts to rehash it may result in a "*Martin-Trigona* order, sanctions, or both." New GM's Opening Br. at Ex. B, *Sesay* Order at 7-8 n.13.

[30] Pls. Opening Br., ECF No. 440, at 20.

be gained, which there are not, plaintiffs' course cannot be followed where it would violate settled law. As Judge Gerber has said, "I have the responsibility to do my job. My responsibilities include construing and enforcing my earlier orders (and, to the extent applicable, determining any limits on their enforceability), and I will be doing just that, with respect to all of the 100 or more cases presenting identical or nearly identical issues, in any event."[31] Moreover, given the Bankruptcy Court's extraordinary familiarity with these issues, allowing the Bankruptcy Court to decide them in the first instance, thereby providing a framework for subsequent review, will speed the MDL, not delay it: "I have more than 40 years of experience in bankruptcy law. And I have more familiarity than any other judge with the circumstances leading up to the entry of the Sale Order, and its underlying intent. Respectfully, I have more tools to decide the relevant issues than any other judge might."[32] And as a practical matter, at this point, any delay will be brief, with motion practice to be completed in the Bankruptcy Court on January 16, 2015.[33] There is no efficiency to be gained by re-briefing these issues here and then asking this Court to decide issues that already are pending in the Bankruptcy Court.

### III. LEAD COUNSEL FAIL TO IDENTIFY WHERE BRIEFING MAY PROCEED.

Ignoring this Court's clear instructions, nowhere in their 20-page brief do Lead Counsel specifically address "whether there are any discrete issues on which motion practice can or should proceed with respect to the Post-Sale Consolidated Complaint."[34] Instead, Lead Counsel broadly assert that, "at a minimum . . . the Post-Sale Complaint [should] proceed on behalf of Plaintiffs who purchased vehicles manufactured and sold by New GM."[35] Nowhere do Lead Counsel explain, however, how motion practice could proceed on this small subset of claims or

---

[31] New GM's Opening Br. at Ex. B, *Sesay* Order at 20-21.
[32] *Id.* at 16-17.
[33] Ex. 4, Aug. 22, 2014 Scheduling Ltr., ECF No. 12869.
[34] Order No. 22 at IV.
[35] Pls. Opening Br., ECF No. 440, at 18.

9

what such briefing might accomplish. Perhaps recognizing this deficiency, Lead Counsel agreed with New GM that "*if* this Court rules that motion practice regarding the Post-Sale Consolidated Complaint will proceed before Judge Gerber has decided New GM's Motions to Enforce . . . then the first issue that should be decided is the choice-of-law question . . . ."[36]

Thus, as a practical matter, the only question that the Court needs to decide today is whether choice-of-law briefing should proceed on the Post-Sale Complaint before the Bankruptcy Court rules. For the reasons set forth in New GM's opening brief, it cannot. Put simply, to make a choice-of-law determination, two things must be known. ONE: because this Court is required to apply the choice-of-law rules of the state from which a claim originates,[37] the Court must know the universe of jurisdictions at issue to determine what legal regimes apply. TWO: under any of the myriad choice-of-law tests applied across the various states, the Court's analysis must be based on actual claims asserted by concrete plaintiffs, not merely where New GM may be headquartered or where its personnel may reside, as alleged in the Post-Sale Complaint.[38] Whether the claims of the overwhelming majority of plaintiffs named in the Consolidated Complaint can proceed, and therefore what states' laws and choice-of-law rules ultimately will be at issue, cannot be known until the Bankruptcy Court rules. Choice-of-law briefing, therefore, cannot and should not proceed.

## CONCLUSION

For all of the foregoing reasons, New GM respectfully requests that this Court defer motion practice on Lead Counsels' Post-Sale Complaint pending decision by the Bankruptcy Court on New GM's Motions to Enforce the Sale Order and Injunction.

---

[36] Dec. 2, 2014 Ltr. to Ct., ECF No. 445, at 1 (emphasis added). As set forth in New GM's opening brief, choice-of-law was also among the first issues to be addressed in the *Toyota Unintended Acceleration MDL*, where the Court held that California law could *not* be applied nationwide. New GM's Opening Br. at 17.
[37] *In re Rezulin Prods. Liab. Litig.*, 390 F. Supp. 2d 319, 329-30 (S.D.N.Y. 2005) (citations omitted).
[38] Post-Sale Complaint at ¶¶ 835-845.

Dated: December 10, 2014          Respectfully submitted,

    */s/ Andrew B. Bloomer, P.C.*
Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle St
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
Email: rgodfrey@kirkland.com
      abloomer@kirkland.com

*Attorneys for Defendant General Motors LLC*

11

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2014, I electronically filed the foregoing Brief using the CM/ECF system which will serve notification of such filing to the email of all counsel of record in this action.

By: /s/ *Andrew B. Bloomer*
Andrew B. Bloomer, P.C.