# EXHIBIT 1

09-50026-mg    Doc 13022-1    Filed 12/16/14    Entered 12/16/14 15:32:38    Exhibit 1
Pg 1 of 12

Hearing Date and Time: To Be Determined
Opposition Deadline: December 16, 2014
Reply Deadline: January 16, 2015

Jonathan L. Flaxer
S. Preston Ricardo
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
Telephone: (212) 907-7300
Facsimile: (212) 754-0330

*and*

Alexander H. Schmidt
Malcolm T. Brown
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

*Counsel for Dr. Steven Groman, Robin DeLuco, Elizabeth Y. Grumet, ABC Flooring, Inc., Marcus Sullivan, Katelyn Saxson, Amy C. Clinton, and Allison C. Clinton, each individually and as a class representative on behalf of all similarly situated persons*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| In re : | Chapter 11 |
| : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, : | Case No.: 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.*, : | |
| : | |
| Debtors. : | (Jointly Administered) |

------------------------------------------------------------X

**THE GROMAN PLAINTIFFS' RESPONSE TO THAT PART OF NEW GM'S OPENING BRIEF REGARDING THE "FRAUD ON THE COURT LEGAL STANDARD"**

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Accord Shields v. Citytrust Bancorp, Inc.*,
   25 F.3d 1124, 1128 (2d Cir. 1994) ............................................................................................3

*Appling v. State Farm Mut. Auto. Ins. Co.*,
   340 F.3d 769 (9th Cir. 2003) ......................................................................................................4

*Bishop v. Gamble (In re Bishop)*,
   No. 08-40078, 2009 WL 348844 (Bankr. N.D. Ala. Feb. 6, 2009) ............................................5

*Brannan v. Wells Fargo Home Mortg., Inc. (In re Brannan)*,
   485 B.R. 443 (Bankr. S.D. Ala. 2013) .......................................................................................3

*Demjanjuk v. Petrovsky*,
   10 F.3d 338 (6th Cir. 1994) ........................................................................................................3

*Gleason v. Jandrucko*,
   860 F.2d 556 (2d Cir. 1988) ................................................................................................ 1, 3

*Gumport v. China Int'l Trust and Inv. Corp. (In re Intermagnetics Am., Inc.)*,
   926 F.2d 912 (9th Cir. 1991) ............................................................................................ 1, 2, 5

*In re Andrada Financing, LLC*,
   No. AZ-10-1209-JuMkPa, 2011 WL 3300983 (B.A.P. 9th Cir. Apr. 7, 2011) ........................4

*In re Arlan's Dep't Stores, Inc.*,
   61 5 F.2d 925 (2d Cir. 1979) .....................................................................................................1

*In re Clinton Street Food Corp.*,
   254 B.R. 523 (Bankr. S.D.N.Y. 2000) ......................................................................................2

*In re Food Management Group, LLC*,
   380 B.R. 677 (Bankr. S.D.N.Y. 2008) ......................................................................................2

*In re Galanis*,
   71 B.R. 953 (Bankr. D. Conn. 1987) ........................................................................................4

*In re Hoti Enterprises, LP*,
   2012 WL 6720378 (S.D.N.Y. Dec. 27, 2012) ..........................................................................3

*In re Intermagnetics Am., Inc.*,
   926 F.2d 912, 917 (9th Cir. 1991) ................................................................................ 1, 2, 4, 5

*In re Levander*,
   180 F.3d 1114 (9th Cir. 1999) ............................................................................................. 3

*In re Mucci*,
   488 B.R. 186 (Bankr. D.N.M. 2013) ................................................................................... 4

*In re Ticketplanet.com*,
   313 B.R. 46 (Bankr. S.D.N.Y. 2004) .................................................................................. 2

*Johnson v. Bell*,
   605 F.3d 333 (6th Cir. 2010) .............................................................................................. 3

*Kerwit Med. Prods., Inc. v. N & H Instruments, Inc.*,
   616 F.2d 833, 837 (5th Cir. 1980) ...................................................................................... 4

*Kupferman v. Consol. Research & Mfg. Corp.*,
   459 F.2d 1072 (2d Cir. 1972) ............................................................................................. 1

*Matter of Tudor Assocs., Ltd. II. v. Rulisa Operating Co.*,
   64 B.R. 656 (E.D.N.C. 1986) ......................................................................................... 1, 5

*Meinhard v. Salmon*,
   164 N.E. 545 (N.Y. 1928) .................................................................................................. 5

*Mims v. Kennedy Capital Mgmt., Inc. (In re Performance Nutrition, Inc.)*,
   239 B.R. 93 (Bankr. N.D. Tex. 1999) ................................................................................. 5

*Shields v. Citytrust Bancorp, Inc.*,
   25 F.3d 1124 (2d Cir. 1994) ............................................................................................... 3

*Space Hunters, Inc. v. U.S.*,
   500 Fed. Appx. 76 (2d Cir. 2012) ................................................................................... 2, 3

*Temtechco, Inc. v. CIBC Wood Gundy Ventures, Inc. (In re Temtechco, Inc.)*,
   No. 97-00077, 1998 WL 887256 (Bankr. D. Del. Dec. 18, 1998) ..................................... 5

*Tevis*, BAP No. EC-13-1211, 2014
   WL 345207 (BAP 9th Cir. Jan. 30, 2014) .......................................................................... 4

*Tri-Cran, Inc. v. Fallon (In re Tri-Cran, Inc.)*,
   98 B.R. 609 (Bankr. D. Mass. 1989) .................................................................................. 5

*U.S. v. Estate of Stonehill*,
   660 F.3d 415, 444 (9th Cir. 2011) ...................................................................................... 4

*Wilson v. Johns-Manville Sales Corp.*,
   873 F.2d 869 (5th Cir. 1989) .............................................................................................. 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 60(d)(3) ................................................................................................. 1, 4

The undersigned counsel, for and on behalf of the Groman Plaintiffs, file this brief in response to Section IV ("Fraud on the Court Legal Standard") of the *Opening Brief of General Motors LLC On Threshold Issues Concerning Its Motion To Enforce The Sale Order And Injunction* [ECF No. 12981] (the "**GM Br.**"), and respectfully state as follows:

### GM Has Misstated the Proper Legal Standard for Proving "Fraud on the Court"

Under Fed. R. Civ. P. 60(d)(3), a court can "set aside a judgment for fraud on the court." Fraud on the court, in summary, is (1) a fraud that seriously affects the normal process of adjudication or (2) a fraud perpetrated by an officer of the court. In either case, the fraud must be such that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases before it. *See Gleason v. Jandrucko*, 860 F.2d 556, 569 (2d Cir. 1988); *Kupferman v. Consol. Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972). In a bankruptcy proceeding, a fraud perpetrated by an officer of the court includes fraud by a debtor-in-possession, including its officers and professionals. *See, e.g., Matter of Tudor Assocs., Ltd. II. v. Rulisa Operating Co.*, 64 B.R. 656, 662 (E.D.N.C. 1986) (debtor-in-possession); *Gumport v. China Int'l Trust and Inv. Corp. (In re Intermagnetics Am., Inc.)*, 926 F.2d 912, 917 (9th Cir. 1991) (officers of debtor-in-possession); *In re Arlan's Dep't Stores, Inc.*, 61 5 F.2d 925, 932 (2d Cir. 1979) (counsel for debtor is officer of the court).

To prove fraud on the court, a party must (1) identify a misrepresentation to the court; (2) describe the detrimental impact the misrepresentation had on the proceedings before the court; (3) demonstrate that it lacked an opportunity to discover the misrepresentation before or during the proceedings and either bring that misrepresentation to the court's attention or bring a corrective proceeding; and (4) demonstrate that the party who made the misrepresentation

derived a benefit. *See In re Food Management Group, LLC*, 380 B.R. 677, 714-15 (Bankr. S.D.N.Y. 2008); *In re Ticketplanet.com*, 313 B.R. 46, 64 (Bankr. S.D.N.Y. 2004). The misrepresentation to the court must be made with fraudulent intent, which includes recklessness. *See Space Hunters, Inc. v. U.S.*, 500 Fed. Appx. 76, 78 (2d Cir. 2012). GM's discussion of the legal standard in Section IV of its brief misstates the standard in several respects.

First, GM erroneously contends that the only way to prove fraud on the court is by alleging "a fraud perpetrated by an officer of the court." (GM Br. at 77.) Fraud on the court, however, consists of "that species of fraud which does or attempts to, defile the court itself, *or* is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases presented for adjudication." (GM Br. at 76 (quoting *Kupferman*, 459 F.2d at 1078) (emphasis added). The relevant legal standard is disjunctive and encompasses more than fraud committed by an officer of the court. *See, e.g., In re Clinton Street Food Corp.*, 254 B.R. 523, 532 (Bankr. S.D.N.Y. 2000). *See also In re Intermagnetics Am., Inc.*, 926 F.2d at 916 ("[F]raud on the court includes both attempts to subvert the integrity of the court *and* fraud by an officer of the court.") (emphasis added).

Second, GM, without support, asserts that the requisite misrepresentation to the court must result from "intentional conduct." (GM Br. at 77.) While, as with any type of fraud, the claimant must provide evidence of "fraudulent intent," *see Space Hunters, Inc. v. U.S.*, 500 Fed. Appx. at 78, it may do so "either (a) by alleging facts to show that the defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or *recklessness*." *Id.* at 79 (emphasis added). *Accord Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).[1]

---

[1] Other jurisdictions have also held that fraudulent intent includes recklessness. *See Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010) (fraudulent intent can be shown by conduct "that is intentionally false, willfully blind to the

2

Third, GM incorrectly asserts the facially dubious proposition that nondisclosure of pertinent facts concerning a controversy before the court, or even perjury about such facts, can never constitute fraud on the court. (GM Br. at 78.) GM's "per se" rule, if adopted, would *encourage* debtors to defraud the court if they were confident they could succeed while their case was pending, because they could then never be held accountable for their fraud after the case concluded. Surely, encouraging fraud is not the law.

GM relies on *Gleason*, 860 F.2d at 560, and *In re Hoti Enterprises, LP*, 2012 WL 6720378, at *3-4 (S.D.N.Y. Dec. 27, 2012), among other cases, for its tenuous proposition. But an analysis of the facts in *Gleason*, on which *In re Hoti* relies, demonstrates that *Gleason* does not stand for the blanket rule GM ascribes to it.

This was shown in *In re Levander*, 180 F.3d 1114 (9th Cir. 1999), where the Ninth Circuit explained that non-disclosure or perjury *can* qualify as fraud on the court when the proponent of that claim did not have an opportunity to uncover and challenge the alleged nondisclosure or perjured testimony concerning an issue before the court. *Id.* at 1120. The court harmonized its conclusion with *Gleason* and other cases – where the courts found that the particular non-disclosure or perjury at issue was not fraud on the court – by pointing out that in those cases the alleged subject of the fraud was already before the court and the fraud could have been – but was not – rooted out during the discovery process or at trial. *Id.*

Another case on which GM relies – *In re Tevis* – cites to a decision which agrees with *Levander* that fraud on the court can exist where the non-disclosure or perjury at issue could not have been discovered through due diligence. *See Tevis*, BAP No. EC-13-1211, 2014 WL 345207

---

truth, or is in reckless disregard for the truth"). *See also Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1994); *Brannan v. Wells Fargo Home Mortg., Inc. (In re Brannan)*, 485 B.R. 443, 453 (Bankr. S.D. Ala. 2013).

3

(BAP 9th Cir. Jan. 30, 2014) (citing *U.S. v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011)). *Accord Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003).[2]

GM's reliance on *In re Andrada Financing, LLC*, No. AZ-10-1209-JuMkPa, 2011 WL 3300983, at *7 (B.A.P. 9th Cir. Apr. 7, 2011), and *In re Galanis*, 71 B.R. 953, 960 (Bankr. D. Conn. 1987), is also misplaced. In *Andrada Financing*, the court concluded that non-disclosure did not amount to fraud on the court only because it could have been challenged in the bankruptcy court. *See id.*, at *5. And in *Galanis*, a misleading affidavit did not rise to the level of fraud on the court because the court did not rely on the problematic portion of the affidavit and the party claiming fraud had previously been provided with other information that contradicted what the witness had averred in the affidavit. 71 B.R. at 960.

GM also contends that *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869 (5th Cir. 1989), supports its implausible rule about non-disclosure. But *Wilson* itself cites to an earlier Fifth Circuit decision stating that the court might have found fraud on the court if the party had culpably withheld material facts during the discovery process. *See id.*, at 872 (citing *Kerwit Med. Prods., Inc. v. N & H Instruments, Inc.*, 616 F.2d 833, 837 (5th Cir. 1980)).

Thus, while a party cannot succeed on a "fraud on the court" claim when it has failed to use the tools available to it to expose the other party's malfeasance, this is not the case when the court has been misled despite the aggrieved party having made diligent efforts to ferret out the truth, or where the aggrieved party had no such opportunity.

---

[2] In footnote 37 of its Brief, GM also provides a string cite to numerous cases outside of the Second Circuit that it claims support the hard line rule that non-disclosure and perjury can never be fraud on the court. (GM Br. at 78.) A number of these cases, however, state only that these acts are not "typically" enough to constitute fraud on the court or, by themselves, are not "normally" fraud on the court. *See In re Tevis, supra; In re Mucci*, 488 B.R. 186, 193-94 & n.8 (Bankr. D.N.M. 2013) ("fraud on the court under Rule 60(d)(3) *ordinarily* does not include perjured testimony") (emphasis added).

4

Fourth, GM fails to address the law supporting the notion that a debtor-in-possession, including its officers and professionals, are officers of the court for purposes of fraud on the court. *See, e.g., In re Intermagnetics Am., Inc.*, 926 F.2d at 917 ("Officers of a debtor-in-possession are officers of the court because of their responsibility to act in the best interests of the estate as a whole and the accompanying fiduciary duties."); *Matter of Tudor Assocs.*, 64 B.R. at 662 ("The debtor in possession, like a trustee, is an officer of the court subject to the bankruptcy court's complete power to control."); *Bishop v. Gamble (In re Bishop)*, No. 08-40078, 2009 WL 348844, *5 (Bankr. N.D. Ala. Feb. 6, 2009); *Mims v. Kennedy Capital Mgmt., Inc. (In re Performance Nutrition, Inc.)*, 239 B.R. 93, 112 (Bankr. N.D. Tex. 1999) ("[O]fficers of a debtor in possession are considered to be officers of the court, who, therefore, owe a duty not to perpetrate a fraud upon the Court."); *Temtechco, Inc. v. CIBC Wood Gundy Ventures, Inc. (In re Temtechco, Inc.)*, No. 97-00077, 1998 WL 887256, *14 (Bankr. D. Del. Dec. 18, 1998); *Tri-Cran, Inc. v. Fallon (In re Tri-Cran, Inc.)*, 98 B.R. 609, 617 (Bankr. D. Mass. 1989).[3] Pursuant to these decisions, any of the debtor-in-possession's officers or its professionals would be "officers of the court" for the purposes of proving fraud on the court.

Finally, GM erroneously assumes that the factual predicate for fraud on the court is the same as the factual predicate for due process, and then characterizes the Ignition Switch Plaintiffs' fraud on the court theory as a "recasting" of the due process argument. (GM Br. at 78-79.) While the factual predicate for the Ignition Switch Plaintiffs' fraud on the court theory overlaps substantially with the due process argument, that does not preclude the Court from

---

[3] These decisions reflect the special relationship between a debtor and the bankruptcy court. A debtor in possession and its officers have a "responsibility to act in the best interests of the estate as a whole and the accompanying fiduciary duties." *In re Intermagnetics Am., Inc.*, 926 F.2d at 917. As fiduciaries, debtors in possession bear the responsibility of acting not with "honesty alone, but [with] the punctilio of an honor the most sensitive . . . ." *Meinhard v. Salmon*, 164 N.E. 545, 546 (N.Y. 1928) (Cardozo, J.). Thus, the level of conduct for fiduciaries like debtors in possession has "been kept at a higher level than that trodden by the crowd." *Id.*

5

finding a fraud on the court even if the Court finds no due process violation. In this respect, GM ignores the distinct purposes served by due process and fraud on the court. The right to due process protects individual parties so that such party's rights are not affected without their knowledge. Fraud on the court, however, protects the integrity of the court system itself. The need to protect the court process is particularly necessary in high-profile cases such as this, which inevitably engender public policy considerations.

There are numerous scenarios in which a party has been afforded due process but has no genuine opportunity to ferret out a fraud during discovery or trial. For example, if a debtor fails to disclose a material liability to the court, submits perjured testimony that no additional liabilities exist, and then fails during discovery or trial to produce documents evidencing the liability or spoliates such evidence, even the most seasoned judges, lawyers and trustees would not likely detect the fraud.

Dated: New York, New York
December 16, 2014

          **GOLENBOCK EISEMAN ASSOR
          BELL & PESKOE LLP**

          /s/ Jonathan L. Flaxer
          Jonathan L. Flaxer, Esq.
          S. Preston Ricardo, Esq.
          437 Madison Avenue
          New York, New York 10022
          Telephone: (212) 907-7300
          Facsimile: (212) 754-0330

          *and*

          **WOLF HALDENSTEIN ADLER
          FREEMAN & HERZ LLP**
          Alexander H. Schmidt, Esq.
          Malcolm T. Brown, Esq.
          270 Madison Avenue
          New York, NY 10016
          Telephone: (212) 545-4600

Facsimile: (212) 545-4653

*Counsel for Dr. Steven Groman, Robin DeLuco, Elizabeth Y. Grumet, ABC Flooring, Inc., Marcus Sullivan, Katelyn Saxson, Amy C. Clinton, and Allison C. Clinton, each individually and as a class representative on behalf of all similarly situated persons*

7