# **EXHIBIT 6**

1                                                 Hon. John C. Coughenour

2

3

4

5

6                   UNITED STATES DISTRICT COURT

                 WESTERN DISTRICT OF WASHINGTON

7                          AT SEATTLE

8

9  KEVIN ZWICKER and TERESA K. PALMER,       | MDL No. 1896
    individually and on behalf of all others similarly
    situated,

10                             | NO. C07-0291 JCC
              Plaintiffs,             | *Consolidated with* C08-0031-JCC,

11        v.                          | C08-0032-JCC, C08-0418-JCC

12  GENERAL MOTORS CORPORATION, a
    Delaware corporation,

13                    Defendant.     | **FINAL JUDGMENT**

14
  ROY FALK, LEE KRATZER and BARBARA

15  McRAE, on behalf of themselves and all others
    similarly situated, and on behalf of the general

16  public,

17                   Plaintiffs,

18        v.

19  GENERAL MOTORS CORPORATION, a
    Delaware corporation,

20                    Defendant.

21  CHRIS CHRISTENSEN, TERRY M. KELLY,
    and PEGGY KELLY, on behalf of themselves

22  and all others similarly situated,

23                   Plaintiffs,

24        v.

  GENERAL MOTORS CORPORATION, a

25  Delaware corporation,

                   Defendant.

FINAL JUDGMENT-1

1

2   REBECCA CONNELLY, individually and on
    behalf of all others similarly situated,

3
                                Plaintiffs,
4
            v.
5
    GENERAL MOTORS CORPORATION, a
    Delaware corporation,
6
                                Defendant.
7
                        **FINAL JUDGMENT**
8
            This matter having come before the Court on the application (Dkt. No. 123) of
9
    Plaintiffs Kevin Zwicker, Teresa Palmer, Roy Falk, Lee Kratzer, Barbara McRae, Robert W.
10
    Christensen, Terry M. Kelly and Peggy Kelly, individually and as representatives of a certified
11
    Settlement Class (collectively, "Plaintiffs"), and General Motors Corporation ("Defendant") for
12
    approval of the settlement set forth in the Settlement Agreement and the exhibits thereto
13
    (collectively the "Agreement"), and the Court having considered all papers filed, all evidence
14
    submitted and proceedings had herein, including the timely objections to the proposed
15
    Settlement submitted by Class members, and the Court having heard the argument of counsel
16
    at the Final Approval Hearing on November 6, 2008, and no objector having appeared at the
17
    hearing, and the Court otherwise being fully informed;
18
            **HEREBY ORDERS, ADJUDGES AND DECREES:**
19
            1.      This Final Judgment incorporates the Agreement and the terms defined therein.
20
    A copy of the Agreement is attached to this Final Judgment as <u>Exhibit A</u>.
21
            2.      This Court has jurisdiction over the subject matter of this litigation, and over all
22
    parties to the litigation, including all members of the Settlement Class, and has jurisdiction to
23
    approve the settlement reflected in the Agreement, and hereby approves same.
24

25

FINAL JUDGMENT-2

3.      The Court hereby finds that for Settlement purposes, the following Class meets

the requirements of Federal Rule of Civil Procedure 23, and certifies for purposes of the

Agreement and Settlement, the following Settlement Class:

> All current United States owners and lessees of Model Year 2003-2005 General
> Motors GMT800 Platform automobiles manufactured on or before December
> 31, 2004.  The makes and models included in the GMT 800 Platform, and
> owned by the Settlement Class are Chevrolet – Avalanche, Silverado, Suburban,
> and Tahoe; GMC – Sierra, Yukon and Yukon XL; Cadillac – Escalade,
> Escalade ESV, and Escalade EXT.  Excluded is any person, firm, corporation,
> trust or other entity related to or affiliated with Defendant General Motors and
> Defendant's legal representatives, assigns and successors.  Also excluded is any
> person who has or had an action for personal injury or death against General
> Motors as a result of an allegedly defective instrument cluster, speedometer, or
> stepper motor in any of the subject Vehicles, the judge to whom this case is
> assigned and any member of the judge's immediate family.

4.      The Court hereby finds that: (a) the settlement has been entered into in good

faith and was concluded after Class Counsel had conducted an investigation concerning the

issues raised by Plaintiffs' claims; (b) the settlement evidenced by the Agreement is fair,

reasonable and adequate as to, and in the best interests of, the Settlement Class Members;

(c) the settlement delivers benefits to the Class in a timely manner while resolving complex

issues that would require expensive and long-lasting litigation; (d) the Agreement was the

result of extensive arms' length negotiations between highly experienced counsel, with full

knowledge of the risks inherent in this litigation, facilitated by a respected, experienced

mediator; (e) there is no evidence of collusion or fraud in connection with the settlement;

(f) the investigation conducted in the case to date suffices to enable the parties and the Court to

make an informed decision as to the fairness and adequacy of the settlement; (g) the case raised

complex and vigorously contested issues of law and fact, if fully litigated, that would result in

complex, expensive, and lengthy litigation; (h) the Plaintiffs faced significant risks in

establishing liability and damages; and (i) the release is tailored to address the allegations in

the case.  Accordingly, the Court hereby orders and declares (a) the Agreement is approved by

the Court and shall be binding on all Settlement Class Members except those individuals and

entities who have timely filed and served an election to be excluded from the Settlement Class,

a list of whom is attached to this Judgment as <u>Exhibit B</u>, "List of Excluded Class Members ";

and (b) the Agreement is binding and preclusive in all pending and future lawsuits or other

proceedings whether in state or federal court.  The Plaintiff in one transferred putative class

action, *Rebecca Connelly, individually and on behalf of all others similarly situated v. General

Motors,* Civil Action 1:08-483, District of South Carolina, Aiken Division (the "Connelly

Action"), has served a timely request for exclusion from the Settlement Class.  Connelly,

personally, having requested exclusion, is not a member of the Settlement Class.  The Class

allegations in the Connelly Action are stricken, but Plaintiff Connelly's individual claim

alleged on her own behalf in the Connelly Action is not dismissed, in light of her request for

exclusion.  Each and every term and condition of the Agreement as a whole (including the

attached exhibits) is approved as proposed, and the Agreement is made part of this Judgment

and is to be effective, implemented, and enforced as provided in the Agreement.

5.    The Court finds that the Class Notice implemented pursuant to this Court's

Preliminary Approval Order provided the best notice practicable under the circumstances.  The

Court further finds that the Class Notice advised each member of the Class, in plain easily

understood language: (a) the nature of the suit; (b) the definition of the Class certified; (c) the

class claims, issues, and defenses; (d) that a Class Member could enter an appearance through

counsel if desired; (e) that the Court would exclude from the Class any member who timely

requested exclusion by a specified date; and (f) that the judgment incorporating the settlement

will fully release Defendant, dismiss the lawsuits consolidated and transferred to this Court for

purposes of Multi-District Litigation No. 1896 with prejudice, and include and bind all

members of the Class who did not timely request exclusion.  The Court finds that the Class

Notice and Notice methodology fully complied with all applicable legal requirements,

including the Due Process Clause of the Constitution of the United States.

FINAL JUDGMENT-4

6.      The Court finds that Class Counsel and the Class representatives adequately represented the Class for purposes of entering into and implementing the Agreement.

7.      The terms of the Agreement and this Judgment shall be forever binding on, and shall have *res judicata* effect and preclusive effect in, all pending and future lawsuits or other proceedings that may be maintained by or on behalf of the Plaintiffs or any Settlement Class Members, as well as their collective heirs, executors, administrators, successors and assigns, relating to the Action and/or the Released Claims (as defined in the Agreement).

8.      The release which is set forth in the Agreement is expressly incorporated herein in all respects and is effective as of the date of this Judgment.

9.      The preceding paragraph of this Judgment covers, without limitation, any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or the Settlement Class Members, or incurred by Plaintiffs or the Settlement Class Members, or any of them, in connection with or related in any manner to this Action, the settlement of this Action, the administration of the settlement and/or the Released Claims.

10.      All Settlement Class Members who did not timely exclude themselves from the Class are, from this day forward, hereby permanently barred and enjoined from:

(a)      filing, commencing, prosecuting, intervening in, or participating in (as Settlement Class Members or otherwise), any lawsuit in any jurisdiction based on or relating to: (i) the claims and causes of action asserted or assertable in this Action; (ii) the facts and circumstances relating to this Action; or (iii) the Released Claims, or

(b)      organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, in a separate class for purposes of pursuing as a purported class action any other lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to the Released Claims.

FINAL JUDGMENT-5

11.     Class Counsel are hereby awarded attorneys' fees in the total amount of $2,300,000 ("Attorneys' Fees") and expenses ("Expenses") in the total amount of $72,000, to be paid in accordance with the terms and conditions set forth in the Agreement. Class Counsel shall have sole responsibility to allocate and distribute this award of Attorneys' Fees and Expenses. Defendant shall have no responsibility for, and no liability with respect to, the allocation of Attorneys' Fees and Expenses among Class Counsel or any other person who may assert some claim thereto.

12.     Each of the named Class Representatives in the Zwicker, Falk and Christensen cases is hereby awarded $1,500.00 for their services as Class Representatives in the litigation, the amount being fair, adequate and reasonable for the time and effort each expended.  Such incentive payments are to be paid by and from Class Counsel as part of the Expenses. Defendant shall not be responsible for payment of such incentive payments.

13.     Neither this Judgment, nor the Agreement (nor any document referred to herein or any action taken to carry out this Final Judgment) is, may be construed as, or may be used as an admission by Defendant of the validity of any claim, of actual or potential fault, wrongdoing or liability whatsoever.  Entering into or carrying out the Agreement and any negotiations or proceedings relating to the settlement shall not in any event be construed as, or deemed to be evidence of, an admission or concession of the Defendant and shall not be offered or received into evidence in any action or proceeding against any party hereto in any court, judicial, administrative, regulatory hearing, arbitration, or other tribunal or proceeding for any purpose whatsoever, except in a proceeding to enforce the Agreement.  This Final Judgment and the Agreement (including exhibits thereto) may, however, be filed in any action against or by the Defendant to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

FINAL JUDGMENT-6

14.     Without affecting the finality of this judgment in any way, this Court hereby retains continuing jurisdiction over implementation of the terms of the Settlement Agreement and any resolution of any disputes arising thereunder.

15.     The Court considered the objections filed by approximately thirty-five (35) Class members and finds that none of them warrants disapproval of the Agreement and are hereby OVERRULED. No objectors appeared at the fairness hearing held on November 6, 2008.

16.     This Action, including all individual claims and Class claims asserted or assertable herein, is hereby DISMISSED WITH PREJUDICE, without fees or costs to any party except as otherwise provided herein.

**IT IS SO ORDERED**.

Dated: November 7, 2008

John C. Coughenour
UNITED STATES DISTRICT JUDGE

FINAL JUDGMENT-7

# — EXHIBIT  A —

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is made and entered into between Plaintiffs, Kevin Zwicker, Teresa Palmer, Roy Falk, Lee Kratzer, Barbara McRae, Robert W. Christensen, Terry M. Kelly and Peggy Kelly, individually and as representatives of the **Settlement Class**, by and through their counsel of record, on one hand, and **Defendant**, General Motors Corporation ("**GM**" or "**Defendant**") on the other hand. The **Agreement** is intended to resolve and settle the litigation entitled *In re General Motors Corporation Speedometer Litigation*, MDL Case No. 1896 which includes, at the present time, the following lawsuits: *Kevin Zwicker, and Teresa Palmer, et al. v. General Motors Corporation*, Case No. C07-0291 JCC, pending in the United States District Court, Western District of Washington at Seattle; *Roy Falk, Lee Kratzer, Barbara McRae, v. General Motors Corporation*, Case No. C 07 1731 JL, pending in the United States District Court, Northern District of California; and *Robert W. Christensen, Terry M. Kelly and Peggy Kelly v. General Motors Corporation*, Case No. CV07-0512-HA, pending in the United States District Court for the District of Oregon, and all matters raised therein, subject to the terms and conditions hereof and approval of the Court.

## A.   BACKGROUND

1.      Plaintiffs filed the three  Federal Court putative class actions in Washington (*Zwicker, et al. v. General Motors Corporation*), California (*Falk, et al. v. General Motors Corporation*) and Oregon (*Christensen, et al. v. General Motors Corporation*) (hereafter the "**Single State Actions**").  The Complaints in those cases seek certification of state-wide classes of owners of model year 2003-2007 "light pick-ups and sport utility vehicles" manufactured by General Motors.  The purported classes pleaded in each of those cases encompass owners in each of the three states of various makes and models of the GMT800 and the GMT360 lines of vehicles.

--1--

2.      In each of the **Single State Actions**, Plaintiffs contend the **Vehicles** at issue in those cases have instrument clusters which contain stepper motors which do not last for the life of the **Vehicles**. As a result, plaintiffs contend, among other issues, the speedometers in the **Vehicles** may not register the accurate speed of the **Vehicles**, or may cease to function entirely. **GM** denies the **Vehicles** are defective or that it is responsible to provide instrument clusters, stepper motors, and/or speedometers that last the life of the **Vehicles**.

3.      <u>**Special Coverage** Campaign</u>:    Commencing on or about September 28, 2007, **GM** began notifying owners of Model Year 2003 and 2004 GMT 800 platform **Vehicles** of **Special Coverage** which would provide for instrument cluster repairs and/or reimbursement for such repairs for owners of those **Vehicles** as described in Exhibit A to this Agreement. Pursuant to the **Special Coverage**, **GM** agreed, subject to certain limitations, to pay for repairs to current owners' instrument panel clusters, or to reimburse those current owners who previously paid for instrument panel repairs on the **Vehicles**, subject to certain limitations. Attached as Exhibit A and incorporated herein by reference is a copy of the September, 2007 **Special Coverage** Service Bulletin which describes in detail the terms, limitations and conditions of the **Special Coverage**. The **Special Coverage** campaign provides benefits to current owners of model year 2003-2004 GMT800 platform **Vehicles** as described more fully in Exhibit A. For purposes of settlement, **GM** agrees that the **Single State Actions** were a factor in its decision to provide the **Special Coverage** to current owners.

4.      **Defendant** filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") seeking an order to consolidate the three **Single State Actions** under 28 U.S.C. 1407 and transfer them to the Western District of Washington, MDL Case No. 1896.

5.      Before commencing the **Single State Actions** and prior to and during settlement negotiations, **Class Counsel** (as that term is defined below) conducted an examination and evaluation of the relevant law and facts to assess the merits of the claims and potential claims,

and of the defenses and potential defenses, and to determine how best to serve the interests of Plaintiffs and the **Settlement Class** (as that term is defined below). Based thereon, and after reviewing approximately 100,000 pages of documents and taking several depositions, Plaintiffs and **Class Counsel** are satisfied that the **Agreement** is based upon a thorough analysis of the facts and law, after the investment of a significant amount of time and money, and that this **Agreement** is fair, reasonable and adequate.

      6.     Plaintiffs and **Class Counsel** have agreed to settle the **Action** pursuant to the provisions of the **Agreement**, and subject to court approval, after considering such factors as: (i) the benefits to Plaintiffs and the **Settlement Class** under the terms of the **Agreement**; (ii) the uncertainty of being able to prove the allegations made in the **Action**, and the uncertainty of being able to overcome defenses thereto; (iii) the inherent risks and uncertainty of complex litigation such as the **Action**; (iv) the difficulties, risks and delays inherent in such litigation; (v) the desirability of consummating the **Agreement** promptly in order to provide expeditious and effective relief to Plaintiffs and the **Settlement Class**; (vi) the **Defendant** has consistently and vigorously disputed the substantive allegations on the merits made against it and vigorously and consistently opposed the relief requested by the **Settlement Class**; and (vii) the significant expense and time necessary to prosecute the litigation through trial and appeal. Plaintiffs and **Class Counsel** believe that settlement in accordance with the terms of the **Agreement** is desirable and preferable to proceeding with a lengthy, protracted, and expensive lawsuit because they believe that it is fair and reasonable and provides substantial benefits. The **Agreement** has been reached after substantial, good faith, arms length negotiations, including two in-person sessions with the Hon. Edward Infante in San Francisco, California, phone and e-mail communications with Judge Infante, and negotiation sessions between the lawyers.

      7.     On January 8, 2008, the JPML issued an order transferring and consolidating the

--3--

LA/723972

**Single State Actions** in the United States District Court, Western District of Washington. Plaintiffs will dismiss the **Single State Actions**, with the exception of the *Zwicker* action, and will file in the *Zwicker* action an amended class action complaint on behalf of the named plaintiffs and a nationwide **Settlement Class** of owners and lessees in all 50 states of model year 2003-2005 GMT800 Platform automobiles manufactured on or before December 31, 2004. The makes and models to be included are Chevrolet – Avalanche, Silverado, Suburban, and Tahoe; GMC – Sierra, Yukon and Yukon XL; Cadillac – Escalade, Escalade ESV, and Escalade EXT. The parties contemplate that claims pleaded in the **Single State Actions** relating to the GMT360 line of **Vehicles** will be subject to a separate tolling agreement, attached as Exhibit B to this **Agreement.**

8.     The **Defendant** expressly denies any wrongdoing alleged in the pleadings and neither admits nor concedes any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been or could have been alleged against it in the **Action,** or that Plaintiffs or any **Settlement Class** members have suffered damage or were harmed by the conduct alleged.  **Defendant** expressly maintains all applicable defenses to class certification. The **Defendant** has nonetheless concluded that it is desirable that the **Action** be fully and finally settled in the manner and upon the terms and conditions set forth in the **Agreement** because this settlement will: (i) fully resolve all matters raised in the **Action** pertaining to the **Vehicles**; (ii) avoid the substantial expense, burdens and uncertainties associated with continued litigation of the **Action**; and (iii) maintain and preserve the goodwill of **Defendant**, and promote customer satisfaction in connection with the **Vehicles** and other **GM** products.

9.     Plaintiffs and **Defendant**, therefore, agree that, subject to the approval of the Court, the **Action** shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions, each party to bear its own costs, except as otherwise noted herein:

--4--

## B.    **DEFINITIONS**

As used in the **Agreement**, and exhibits hereto, the following terms have the meanings specified below:

1.    "**Action**" means the litigation entitled *In re General Motors Corporation Speedometer Litigation*, MDL Case NO. 1896 and includes, at the present time, the following lawsuits: *Kevin Zwicker, and Teresa Palmer, et al. v. General Motors Corporation*, Case No. C07-0291 JCC, pending in the United States District Court, Western District of Washington at Seattle; *Roy Falk, Lee Kratzer, Barbara McRae, v. General Motors Corporation*, Case No. C 07 1731 JL, pending in the United States District Court, Northern District of California; and *Robert W. Christensen, Terry M. Kelly and Peggy Kelly v. General Motors Corporation*, Case No. CV07-0512-HA, pending in the United States District Court for the District of Oregon.  The term the "**Action**" will also include any additional cases that become part of the *In re General Motors Corporation Speedometer Litigation* before the time **Judgment** is entered.

2.    "**Attorneys' Fees**" means the amount awarded by the Court to **Class Counsel** to compensate them, and any other attorneys for Plaintiffs or the **Settlement Class**, for their **Attorneys' Fees** in connection with prosecuting the **Action**.  **Attorneys' Fees** will not exceed $2,300,000.00.

3.    "**Authorized Dealer**" means any Cadillac, Chevrolet, or GMC dealer in the United States that is a signatory to an existing and effective General Motors Corporation Dealer Sales and Service Agreement.

4.    "**Claim Form**" means the form, in substantially the form attached hereto as Exhibit  C and incorporated herein by reference, to be sent to **Settlement Class Members** with the Settlement **Class Notice**.

5.    "**Class Counsel**" means the following attorneys, who are the attorneys of record

--5--

representing the interests of Plaintiffs and **Settlement Class Members**.

> Michael F. Ram
> Karl Olson
> Levy, Ram & Olson
> 639 Front Street, Fourth Floor
> San Francisco, CA 94111
>
> Kim D. Stephens
> Beth E. Terrell
> Tousley Brain Stephens PLLC
> 1700 Seventh Avenue, Suite 2200
> Seattle, Washington 98101-4416
>
> Gary E. Mason
> The Mason Law Firm, PC
> 1225 19th Street NW, Suite 500
> Washington, DC 90036
>
> Keven L. Oufnac
> Kahn Gauthier Swick LLC
> 650 Poydras Street, Suite 2150
> New Orleans, Louisana, 70130

6.    "**Class Notice**" means the notice, substantially in the form attached hereto as Exhibit D and incorporated herein by reference, provided to **Settlement Class Members** after the court issues the **Preliminary Approval Order**.

7.    "**Defendant's Counsel**" means the law firm of Sedgwick, Detert, Moran & Arnold, 801 S. Figueroa Street., 19th Floor, Los Angeles, California 90017-5556, attorneys of record for General Motors Corporation.

8.    "**Effective Date of Settlement**" means five (5) business days after the later of (a) the date upon which the time for seeking appellate review of the **Judgment** shall have expired, or all appellate challenges to the **Judgment** shall have been dismissed with prejudice without any person having any further right to seek appellate review of the **Judgment**; or (b) the date upon which the time for seeking appellate review of any appellate decision affirming the **Judgment** shall expire, or all appellate challenges to the **Judgment** shall have been dismissed with prejudice without any person having any further right to seek appellate review thereof.

--6--

9.      **"Judgment"** means the **Judgment**, substantially in the form attached hereto as Exhibit E and incorporated herein by reference, to be entered by the Court in the **Action** finally approving this **Agreement**.

10.     **"Preliminary Approval Order"** means the Court's preliminary approval of the terms of this **Agreement** as fair, adequate, and reasonable, including the Court's approval of the form and manner of giving notice to **Settlement Class Members**, substantially in the form attached hereto as Exhibit F and incorporated herein by reference.

11.     **"Released Claims"** means any and all past, present, and future claims, demands, causes of actions or liabilities, including but not limited to those for alleged violations of any state or federal statutes, rules or regulations, and all common law claims, and including **Unknown Claims** as defined herein, based on or related in any way to an allegedly defective instrument cluster, speedometer, or stepper motor in any of the **Vehicles** or the factual allegations and claims made in the **Action**. This release expressly does not apply to claims for personal injury.

12.     **"Settlement Class"** or **"Settlement Class Members"** means all current United States owners and lessees of  Model Year 2003-2005 General Motors GMT800 Platform automobiles manufactured on or before December 31, 2004.  The makes and models included in the GMT 800 Platform, and owned by the **Settlement Class** are Chevrolet – Avalanche, Silverado, Suburban, and Tahoe; GMC –  Sierra, Yukon and Yukon XL; Cadillac – Escalade, Escalade ESV, and Escalade EXT.  Excluded is any person, firm, corporation, trust or other entity related to or affiliated with **Defendant** General Motors and Defendant's legal representatives, assigns and successors.  Also excluded is any person who has or had an action for personal injury or death against General Motors as a result of an allegedly defective instrument cluster, speedometer, or stepper motor in any of the subject **Vehicles,** the judge to whom this case is assigned and any member of the judge's immediate family.

–7–

LA/723972

13.    **"Special Coverage"** means the campaign **GM** commenced on or about September 28, 2007 in connection with repairs or reimbursement for owners of certain makes, models and model years of the **Vehicles** as more fully described in the **Special Coverage** Service Bulletin and sample customer letter attached hereto as Exhibit A and incorporated herein by reference.

14.    **"Unknown Claims"** means any **Released Claim** that any plaintiff or **Settlement Class Member** does not know or suspect to exist at the time of the release provided for herein, including without limitation, any act or omission in any way related to the instrument panel, speedometer, or stepper motors in the **Vehicles** or factual allegations and claims made in the **Action** even if such knowledge would have materially affected the decision to remain in the **Settlement Class** and not to object to the **Agreement**.

15.    **"Vehicles"** means Model Year 2003-2005 General Motors GMT800 Platform automobiles manufactured on or before December 31, 2004.  The makes and models included in the **Settlement Class** are Chevrolet – Avalanche, Silverado, Suburban, and Tahoe; GMC – Sierra, Yukon and Yukon XL; Cadillac – Escalade, Escalade ESV, and Escalade EXT.

**C.    SETTLEMENT CLASS RELIEF, ATTORNEYS' FEES, AND COSTS**

1.    Extension Of **Special Coverage** Campaign:    **GM** agrees to extend  the **Special Coverage**  to the **Vehicles** identified herein in Section B(15), subject to the terms and limitations described in the **Special Coverage** documents attached as Exhibit A.  The extension of the **Special Coverage** campaign will include model year 2005 GMT800 platform **Vehicles** with build dates on or before December 31, 2004.  GM further agrees to complete the Special Coverage Campaign, as described in paragraph A-3 and Exhibit A to this Agreement.

2.    Replacement Instrument Cluster To Be Provided For **Vehicles** Between 70,000 And 80,000 Miles At No Cost:    **GM** further agrees to provide a replacement instrument cluster for the **Vehicles** at no cost in the event any current owner or lessee has a **Vehicle** which

--8--

experiences a verified instrument panel stick, flutter or failure between 70,000 and 80,000 miles.
Under this term, **GM** will provide the instrument cluster part only and will not pay for any
additional costs in connection with such cluster replacement, including diagnosis or labor.

      3.    <u>Reimbursement</u>:    In addition to the reimbursement described in the **Special
Coverage**, **GM** further agrees to reimburse current owners and lessees of the **Vehicles**, for
instrument cluster cost only, if those owners and lessees paid for an instrument cluster to be
replaced in his/her **Vehicle** when the mileage on the **Vehicle** was between 70,000-80,000 miles.
Such reimbursement shall be processed according to the procedures, terms and conditions
outlined in the Customer Reimbursement Procedure and Customer Reimbursement **Claim Form**
attached as Exhibit C and incorporated herein by reference.

      4.    **Attorneys' Fees**:    Prior to the Fairness Hearing and entry of the **Judgment**,
**Class Counsel** agrees to make, and **Defendant** agrees not to oppose, an application to the Court
for **Attorneys' Fees** not to exceed the total sum of $2,300,000.00. Payment of **Attorneys' Fees**
will not reduce benefits being made available to **Settlement Class Members**, and **Settlement
Class Members** will not be required to pay any portion of the **Attorneys' Fees**. The **Class
Notice** will advise the **Settlement Class Members** of **Class Counsel's** intent to seek
**Attorneys' Fees**, including the amount of such fees.

      5.    <u>Timing Of Payment Of **Attorneys' Fees**</u>:    A portion of the **Attorneys' Fees**, if
awarded by the Court, and in the amount up to $1,800,000.00, shall be paid to **Class Counsel**
by **Defendant** within fifteen (15) business days after the court issues an order preliminarily
approving the settlement and the attorney's fees. Such payment is contingent on **Class Counsel**
providing to **Defendant's Counsel** documentation demonstrating **Class Counsel's** ability to
repay the $1,800,000 in fees, no later than five (5) business days after the court issues an order
preliminarily approving the settlement and upon the court's preliminary approval of an
**Attorneys' Fees** award and upon the receipt of appropriate taxpayer identification information.

--9--

**Defendant** shall pay any remaining amount of the **Attorneys' Fees** ("Second Payment"), as awarded by the Court, no later than fifteen (15) business days after the **Effective Date of Settlement**. In no event shall the **Defendant** pay or be required to pay more than $2,300,000.00 in **Attorneys' Fees** to **Class Counsel**, except that **Defendant** will pay interest in the amount of 6% per annum on the Second Payment of **Attorneys' Fees** awarded by the Court beginning on the day the court enters the **Judgment** and ending on the date the **Attorneys' Fees** are paid to **Class Counsel**. It is understood that for each payment of **Attorneys' Fees**, **Defendant** will only need to transmit one payment to a **"Designated Class Counsel Payee"**, and that the **Designated Class Counsel Payee** shall be Tousley Brain Stephens PLLC, 1700 Seventh Avenue, Suite 2200, Seattle, Washington 98101-4416. It is further understood that **Designated Class Counsel Payee** shall be responsible for distribution to all **Class Counsel** of any proportionate attorney fee. **Designated Class Counsel Payee** shall receive one payment for expense reimbursement owed by **Defendant** to **Class Counsel**.

6. <u>Designated Payee For **Attorneys' Fees**</u>: **Class Counsel's** "Designated Payee" will allocate and distribute the award of **Attorneys' Fees** and Expenses among all other counsel for the **Settlement Class**. **Defendant** shall have no responsibility for and no liability with respect to the allocation of the **Attorneys' Fees** and Expenses among any counsel representing the **Settlement Class**, or any other person who may assert some claim thereto, and the **Defendant** takes no position with respect to such matters. **Defendant's** only obligation is to pay the Court Ordered **Attorneys' Fees** and Expenses to the **"Designated Payee"** of **Class Counsel**.

7. <u>Payment Of Costs/Expenses</u>: **Defendant** agrees to pay after entry of the **Judgment** and within fifteen (15) business days after the **Effective Date of Settlement** reasonable and necessary costs and expenses (not including **Attorneys' Fees**) incurred by **Class Counsel** in the prosecution of the **Action**, in an amount not to exceed $72,000, subject to an order from the court awarding such costs/expenses. Receipts for the costs and expenses will be

--10--

submitted to **Defendant's Counsel** for approval as soon as possible. If there is an unresolved
dispute as to the eligibility of any submitted item or items, the dispute will be mediated with the
Hon. Edward Infante and if no agreement is reached, Judge Infante will decide the disputed
issue, and his decision will be final and binding on the parties. If Judge Infante is unwilling or
unable to serve, another neutral third party will be selected by the parties or, if the parties cannot
agree, selected by JAMS. The cost of this procedure will be equally split between **Defendant**
and **Class Counsel**.

8.    Payment Of Incentive Payments To Named Class Representatives By **Class
Counsel**:    **Class Counsel** has agreed to pay, after entry of the **Judgment**, and within ten (10)
business days after the **Effective Date of Settlement**, incentive payments of $1,500 to each of
those individuals who remain as named Class Representatives in the **Action** at the time
**Judgment** is entered.  Such incentive payments are to be paid by and from **Class Counsel**.
**Defendant** shall not be responsible for payment of such incentive payments.

9.    No Additional Payments For Party Fees, Costs, Or Disbursements:    **Defendant**
shall have no liability or obligation to pay any fees, expenses, costs or disbursements to, or incur
any expense on behalf of, any person, either directly or indirectly, in connection with this
**Action**, the **Agreement**, or the proposed settlement, other than the amounts expressly provided
for in the **Agreement**.

10.    **Preliminary Approval Order**:    Promptly after execution, Plaintiffs shall
submit this **Agreement** and its exhibits to the Court and apply for a **Preliminary Approval
Order** which contains substantially all of the terms and provisions in Exhibit F attached hereto,
including approving the **Class Notice**, **Claim Form**, notification procedure, and the provisions
for **Settlement Class Members** to opt out or object as set forth herein.

11.    Release And Waiver:    Each Plaintiff and **Settlement Class Member** stipulates
and agrees that, upon the **Effective Date of Settlement**, he, she, or it shall be deemed to have,

--11--

LA/723972

and by operation of the **Judgment** shall have, released, waived and discharged his, her or its

**Released Claims** as defined herein and shall have expressly waived and relinquished, to the

fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California

Civil Code, or of any similar law, which provides:

> **A general release does not extend to claims which the creditor does not know**
>
> **or suspect to exist in his favor at the time of executing the release, which if**
>
> **known by him must have materially affected his settlement with the debtor.**

Upon entry of the **Judgment**, each Plaintiff and **Settlement Class Member** shall be

deemed to have, and by operation of the **Judgment** shall have, expressly waived and

relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits

conferred by any law of the United States, or any state of the United States, or principle of

common law that is similar, comparable or equivalent to § 1542 of the California Civil Code.

The Plaintiffs and **Settlement Class Members** may hereafter discover facts in addition to or

different from those which he or she now knows or believes to be true with respect to the subject

matter of the **Released Claims**, but each Plaintiff and **Settlement Class Member**, upon entry of

the **Judgment**, shall be deemed to have, and by operation of law shall have, fully, finally and

forever settled, released and discharged any and all **Released Claims**, known claims or

**Unknown Claims**, suspected or unsuspected, contingent or noncontingent, whether or not

concealed or hidden, that now exist or heretofore have existed upon any theory of law or equity

now existing or coming into existence in the future, including but not limited to, conduct that is

negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule,

without regard to the subsequent discovery or existent of such different or additional facts.

**D.**     **NOTICE**

1.     Notice shall be provided to **Settlement Class Members** by direct mail.  General

Motors shall obtain from the R L Polk Company ( Polk) names and addresses for registered

owners of the **Vehicles** for use in connection with the mailing of **Class Notice** in accordance with applicable law.

    2.    As soon as reasonably practicable after entry of the Preliminary Approval Order, Defendant or Polk shall request authorization to use name and address information for all current owners of the **Vehicles** from the appropriate state officials in each of the fifty states. No later than 75 days after Polk has obtained and compiled the necessary mailing information, **GM** at its own expense shall cause to be mailed by first class mail the **Class Notice** and **Claim Form** to each **Settlement Class Member**.

    3.    A settlement website (www. _____.com) and toll-free number (1-\_\_\_-\_\_\_-\_\_\_) will indicate when, and if, the court issues a final order approving the settlement. If the court issues a final order approving the settlement, the settlement website and toll-free number will also indicate the **Effective Date of Settlement** thereby allowing **Settlement Class Members** to determine when, and if, they are entitled to settlement benefits, in addition to the benefits already available to some **Settlement Class Members** pursuant to the terms of the existing **Special Coverage** Campaign.

**E.**    **REQUESTS FOR EXCLUSION**

    1.    Any Putative **Settlement Class Member** who wishes to be excluded from the **Settlement Class** must deliver a written request for exclusion to:

                Michael F. Ram
                Karl Olson
                Levy, Ram & Olson
                639 Front Street, Fourth Floor
                San Francisco, CA 94111
                Fax: (415) 433-7311

    and        Jacqueline Jauregui
                Amand Mines
                Sedgwick, Detert, Moran & Arnold
                801 S. Figueroa Street, 19th Floor
                Los Angeles, CA 90017
                Fax: (213) 426-6921

--13--

LA/723972

The request must be postmarked no later than twenty (20) days before the Fairness Hearing, or as the Court otherwise may direct. Copies of any requests received by **Class Counsel** shall be forwarded immediately to **Defendant's Counsel**. The original requests for exclusion shall be filed by **Class Counsel** with the Court before the Fairness Hearing.

2.    Any putative **Settlement Class Member** who does not file a timely written request for exclusion shall be bound by all subsequent proceedings, orders and **Judgments** in the **Action**, even if he or she has pending or subsequently initiates litigation against the **Defendant** relating to any of the claims released in this **Action**.

3.    The named Plaintiffs agree that they will not opt out of the **Settlement Class**.

### ·F.    OBJECTIONS TO SETTLEMENT

1.    Any **Settlement Class Member** who has not submitted a timely written request for exclusion and who wishes to object to the **Agreement**, the proposed settlement, or to the award of **Attorneys' Fees**, must serve a written objection received by **Class Counsel** and **Defendant's Counsel** and file marked by the Court, no later than twenty (20) days before the Fairness Hearing or as the Court otherwise may direct. Written objections must include: (i) the objector's name, address and telephone number; (ii) the Vehicle Identification Number of the **Vehicle** that makes the objector a member of the **Settlement Class**; (iii) the name of this case and the case number, (iv) a statement of each objection; and (v) a written brief detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s). If the objection is presented through an attorney, the written objection must also include: (i) the identity and number of **Settlement Class Members** represented by objector's counsel; (ii) the number of such represented **Settlement Class Members** who have opted out of the settlement; (iii) the number of such represented

--14--

**Settlement Class Members** who have remained in the settlement and have not objected; (iv) the date the objector's counsel assumed representation for the objector, and (v) a list of the names of all cases where the objector's counsel has objected to a class action settlement in the last three years. Objecting **Settlement Class Members** must also make themselves available for deposition by **Class Counsel** or **Defendant's Counsel** in their state of residence, between the time the objection is filed and the date of the Fairness Hearing, and the objection must include the date, time and location where the objecting **Settlement Class Member** will be available for deposition.

2.     Any **Settlement Class Member** who properly files and serves a written objection may appear at the Fairness Hearing, either in person or through a personal counsel hired at the **Settlement Class Member's** expense, to object to the fairness, reasonableness, or adequacy of the **Agreement** or the proposed settlement, or to the award of **Attorneys' Fees**. **Settlement Class Members**, or their attorneys, intending to make an appearance at the Fairness Hearing; must deliver to **Class Counsel** and **Defendant's Counsel**, and have file-marked by the Court, no later than twenty (20) days before the Fairness Hearing or as the Court otherwise may direct, a Notice of Intention to Appear. The Notice of Intention to Appear must: (i) state how much time the **Settlement Class Member** and/or their attorney anticipates needing to present the objection; (ii) identify, by name, address, telephone number and detailed summary of testimony, all witnesses the **Settlement Class Member** and/or their attorney intends to present any testimony from; and (iii) identify all exhibits the **Settlement Class Member** and/or their attorney intends to offer in support of the objection and attach complete copies of all such exhibits.

3.     Any **Settlement Class Member** and/or their attorney who fails to comply with the provisions of the preceding subsections shall waive and forfeit any and all rights he or she

LA/723972

may have to appear separately and/or object, and shall be bound by all the terms of the **Agreement**.

4.      The provisions of Section F of this **Agreement** are not intended to apply to any Appropriate Federal and State Officials, as that term in defined in 28 USC 1715. Those appropriate Federal and State Officials shall file any objection or comment concerning the settlement in the format and at the time the Court shall order at the time it makes its preliminary fairness determination. **GM** shall be responsible for giving any notice to Appropriate Federal and State Officials which may be required under 28 USC 1715.

## G.      GENERAL PROVISIONS

1.      The terms and provisions of the **Agreement** may only be amended, modified or expanded by written agreement of the Parties.

2.      The **Agreement** will terminate at the sole option and discretion of the **Defendant** or Plaintiffs if: (i) the Court, or any appellate court(s), rejects, modifies or denies approval of any material portion of the **Agreement** or the proposed settlement, including, without limitation, the terms of relief, the findings of the Court, the provisions relating to notice, the definition of the **Settlement Class** and/or the scope or terms of the **Released Claims**; or (ii) the Court, or any appellate court(s), does not enter or affirm, or alters or expands, any material portion of the Final **Judgment**. The terminating party must exercise the option to withdraw from and terminate the **Agreement**, in writing, no later than fifteen (15) business days after receiving notice of the event prompting the termination

3.      The **Defendant** may elect to terminate the **Agreement** if it is required to pay any amount or take any action not agreed upon herein by the Parties, or if more than 50,000 **Settlement Class Members** opt out of the **Settlement Class**.

4.      If the **Agreement** is terminated, then the **Agreement** shall be null and void and

--16--

shall have no force or effect, and no party to the **Agreement** shall be bound by any of its terms, and:

a.   The **Agreement**, all of its provisions, and all negotiations, statements and proceedings relating to it shall be without prejudice to the rights of the **Defendant**, Plaintiffs or any other **Settlement Class Member**, all of whom shall be restored to their respective positions existing immediately before the execution of the **Agreement**;

b.   **Defendant** reserves all defenses, arguments and motions as to all claims that have been or might later be asserted in the **Action**, including (without limitation) any argument that the **Action** may not be litigated as a class action;

c.   Plaintiffs reserve all motions as to, and arguments in support of, all claims that have been or might later be asserted in the **Action**;

d.   Neither the **Agreement**, nor the fact of its having been made, shall be admissible or entered into evidence for any purpose whatsoever, and the settlement negotiations shall remain confidential; and

e.   Any order or **Judgment** entered as a result of the **Agreement** will be deemed vacated and will be without force or effect, and shall be inadmissible into evidence for any purpose whatsoever.

5.   The **Agreement** shall be governed by and interpreted according to the law of the State of Michigan.

6.   If any disputes arise regarding the implementation or interpretation of this **Agreement**, the parties will submit the dispute to the United States District Court, Western

--17--

LA/723972

District of Washington. To that end, the Parties will ask the court to exercise continuing

jurisdiction over the settlement until all disputes, if any, are concluded.

7.       Whenever the **Agreement** requires or contemplates that one Party shall or may

give notice to the other, notice shall be provided by facsimile and/or next-day (excluding

Sunday) express delivery service as follows:

If to **Defendant**, then to:

> Jacqueline Jauregui
> Amand Mines
> Sedgwick, Detert, Moran & Arnold
> 801 S. Figueroa Street, 19th Floor
> Los Angeles, CA 90017
> Fax:     (213) 426-6921

If to **Plaintiffs**, then to:

> Michael F. Ram
> Karl Olson
> Levy, Ram & Olson
> 639 Front Street, Fourth Floor
> San Francisco, CA  94111
> Fax: (415) 433-7311

8.       The Parties reserve the right, subject to the Court's approval, to make any

reasonable extensions of time that might be necessary to carry out any of the provisions of the

**Agreement**.

9.       All Parties agree that the **Agreement** is clear and unambiguous and was drafted

by counsel for the Parties at arm's length, and that no parol or other evidence may be offered to

explain, construe, contradict or clarify its terms, the intent of the Parties or their counsel, or the

circumstances under which the **Agreement** was made or executed.

10.      This **Agreement** and Exhibits hereto constitute the entire agreement among the

Parties. No representations, warranties or inducements have been made to any party concerning

the settlement, **Agreement** or exhibits thereto other than are contained in the **Agreement** and

--18--

exhibits.

11.    In no event shall the **Agreement**, any of its provisions or any negotiations, statements, or court proceedings relating hereto in any way be construed as, offered as, received as, or used as an admission of liability in any judicial, administrative, regulatory, arbitration or other proceeding. Further, this **Agreement** shall not be offered or admitted into evidence in any proceeding, except the proceeding to seek Court approval of this settlement or in a proceeding to enforce the terms of the settlement.

12.    The Parties, their successors and assigns, and their attorneys undertake to implement the terms of the **Agreement** in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of the **Agreement**.

13.    The Parties, their successors and assigns, and their attorneys agree to cooperate fully with one another in seeking Court approval of the **Agreement** and to use their best efforts to effect the prompt consummation of the **Agreement** and the proposed settlement.

14.    Each person executing this **Agreement** warrants that he or she has the authority to do so.

15.    The **Agreement** may be signed in counterparts, each of which shall constitute a duplicate original.  Signatures can be obtained and exchanged by fax or e-mail.

**APPROVED AND AGREED TO BY AND ON BEHALF OF PLAINTIFFS**

By:  _____        Date: 2/19/08
     Kevin Zwicker

By:  _____        Date:
     Teresa Palmer

By:  _____        Date:
     Roy Falk

--19--

LA/723972

exhibits.

11.     In no event shall the **Agreement**, any of its provisions or any negotiations, statements, or court proceedings relating hereto in any way be construed as, offered as, received as, or used as an admission of liability in any judicial, administrative, regulatory, arbitration or other proceeding. Further, this **Agreement** shall not be offered or admitted into evidence in any proceeding, except the proceeding to seek Court approval of this settlement or in a proceeding to enforce the terms of the settlement.

12.     The Parties, their successors and assigns, and their attorneys undertake to implement the terms of the **Agreement** in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of the **Agreement**.

13.     The Parties, their successors and assigns, and their attorneys agree to cooperate fully with one another in seeking Court approval of the **Agreement** and to use their best efforts to effect the prompt consummation of the **Agreement** and the proposed settlement.

14.     Each person executing this **Agreement** warrants that he or she has the authority to do so.

15.     The **Agreement** may be signed in counterparts, each of which shall constitute a duplicate original. Signatures can be obtained and exchanged by fax or e-mail.

### APPROVED AND AGREED TO BY AND ON BEHALF OF PLAINTIFFS

By: _____          Date: _____
    Kevin Zwicker

By: _____          Date: 2/20/2008
    Teresa Palmer

By: _____          Date: _____
    Roy Falk

—19—

LA/723972

09-50026-mg  Doc 13025-6  Filed 12/16/14  Entered 12/16/14 16:56:41  Exhibit 6
Case 2:08-cv-00412-JC  Document 31-2  Filed 11/07/08  Page 21 of 107
Pg 30 of 115

exhibits.

11.    In no event shall the **Agreement**, any of its provisions or any negotiations, statements, or court proceedings relating hereto in any way be construed as, offered as, received as, or used as an admission of liability in any judicial, administrative, regulatory, arbitration or other proceeding. Further, this **Agreement** shall not be offered or admitted into evidence in any proceeding, except the proceeding to seek Court approval of this settlement or in a proceeding to enforce the terms of the settlement.

12.    The Parties, their successors and assigns, and their attorneys undertake to implement the terms of the **Agreement** in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of the **Agreement**.

13.    The Parties, their successors and assigns, and their attorneys agree to cooperate fully with one another in seeking Court approval of the **Agreement** and to use their best efforts to effect the prompt consummation of the **Agreement** and the proposed settlement.

14.    Each person executing this **Agreement** warrants that he or she has the authority to do so.

15.    The **Agreement** may be signed in counterparts, each of which shall constitute a duplicate original.  Signatures can be obtained and exchanged by fax or e-mail.

**APPROVED AND AGREED TO BY AND ON BEHALF OF PLAINTIFFS**

By: _____        Date: _____
        Kevin Zwicker

By: _____        Date: _____
        Teresa Palmer

By: _____        Date: 02/18/08
        Roy Falk

—19—

LA/723972

By: _____     Date: 2-20-08
    Lee Kratzer

By: _____     Date:
    Barbara McRae

By: _____     Date:
    Robert W. Christensen

By: _____     Date:
    Terry M. Kelly

By: _____     Date:
    Peggy Kelly


**APPROVED AND AGREED TO BY DEFENDANT GENERAL MOTORS CORPORATION**


By: _____     Date:
    Authorized Representative of
    General Motors Corporation


--20--

02/21/2008   08:33   9393084213            MOR FURNITURE                    PAGE  02/02

By: _____        Date:
    Lee Kratzer

By: *Barbara McRae*                      Date:  2/19/08
    Barbara McRae

By: _____        Date:
    Robert W. Christensen

By: _____        Date:
    Terry M. Kelly

By: _____        Date:
    Peggy Kelly


**APPROVED AND AGREED TO BY DEFENDANT GENERAL MOTORS CORPORATION**


By: _____        Date:
    Authorized Representative of
    General Motors Corporation


--20--

By: _____   Date:
Lee Kratzer

By: _____   Date:
Barbara McRae

By: _____   Date: 2/19/08
Robert W. Christensen

By: _____   Date:
Terry M. Kelly

By: _____   Date:
Peggy Kelly


**APPROVED AND AGREED TO BY DEFENDANT GENERAL MOTORS CORPORATION**


By: _____   Date:
Authorized Representative of
General Motors Corporation


—20--

09-50026-mg Doc 13025-6 Filed 12/16/14 Entered 12/16/14 16:56:41 Exhibit 6
Pg 34 of 115
Case 2:08-cv-00412-JCC Document 34-2 Filed 11/07/08 Page 20 of 20

FEB-19-2008 15:52 SALEM ELECTRIC-MEMBER SVC 5033752645 P.21/22

By: _____    Date:
    Lee Kratzer

By: _____    Date:
    Barbara McRae

By: _____    Date:
    Robert W. Christensen

By: _____    Date: FEB 19, 2008
    Terry McKelly

By: _____    Date: 2 19 2008
    Peggy Kelly

## APPROVED AND AGREED TO BY DEFENDANT GENERAL MOTORS CORPORATION

By: _____    Date:
    Authorized Representative of
    General Motors Corporation

By: _____     Date:
    Lee Kratzer

By: _____     Date:
    Barbara McRae

By: _____     Date:
    Robert W. Christensen

By: _____     Date:
    Terry M. Kelly

By: _____     Date:
    Peggy Kelly


**APPROVED AND AGREED TO BY DEFENDANT GENERAL MOTORS CORPORATION**

By: _____     Date: 2-25-08
    Authorized Representative of
    General Motors Corporation

--20--

APPROVED AS TO FORM AND CONTENT:

TOUSLEY BRAIN STEPHENS PLLC

By: _____
   Kim D. Stephens, WSBA #11984
   Beth E. Terrell, WSBA #26759
   1700 Seventh Avenue, #2200
   Seattle, WA 98101

By: _____
   Kevin L. Oufnac
   KAHN GAUTHIER SWICK LLC
   650 Poydras Street, #2150
   New Orleans, LA 70130

By: _____
   Michael F. Ram
   Karl Olson
   LEVY, RAM & OLSON LLP
   639 Front Street, 4th Floor
   San Francisco, CA 94111

By: _____
   Gary E. Mason
   THE MASON LAW FIRM
   1225 19th Street Northwest
   Washington, DC 20036

   Attorneys for Plaintiffs

SEDGWICK, DETERT, MORAN &
ARNOLD, LLP

By: _____
   Jacqueline M. Jauregui, SBN # 95289
   Micki S. Singer, SBN #148699
   Amand K. Mines, SBN # 155195
   801 South Figueroa Street, 18th Floor
   Los Angeles, CA 90017-5556

By: _____
   John A. Knox, WSBA #12707
   WILLIAMS, KASTNER & GIBBS PLLC
   601 Union Street, Suite 4100
   Seattle, WA 98101-2380
   Attorneys for Defendant

--21--

LA/723972

APPROVED AS TO FORM AND CONTENT:

TOUSLEY BRAIN STEPHENS PLLC      SEDGWICK, DETERT, MORAN & ARNOLD, LLP

By: _____
    Kim D. Stephens, WSBA #11984
    Beth E. Terrell, WSBA #26759
    1700 Seventh Avenue, #2200
    Seattle, WA 98101

By: _____
    Jacqueline M. Jauregui, SBN # 95289
    Micki S. Singer, SBN #148699
    Amand K. Mines, SBN # 155195
    801 South Figueroa Street, 18th Floor
    Los Angeles, CA 90017-5556

By: _____
    Kevin L. Oufnac
    KAHN GAUTHIER SWICK LLC
    650 Poydras Street, #2150
    New Orleans, LA 70130

By: _____
    John A. Knox, WSBA #12707
    WILLIAMS, KASTNER & GIBBS PLLC
    601 Union Street, Suite 4100
    Seattle, WA 98101-2380
    Attorneys for Defendant

By: _____
    Michael F. Ram
    Karl Olson
    LEVY, RAM & OLSON LLP
    639 Front Street, 4th Floor
    San Francisco, CA 94111

By: _____
    Gary E. Mason
    THE MASON LAW FIRM
    1225 19th Street Northwest
    Washington, DC 20036

    Attorneys for Plaintiffs

LA/723972

APPROVED AS TO FORM AND CONTENT:

TOUSLEY BRAIN STEPHENS PLLC

SEDGWICK, DETERT, MORAN & ARNOLD, LLP

By:_____
    Kim D. Stephens, WSBA #11984
    Beth E. Terrell, WSBA #26759
    1700 Seventh Avenue, #2200
    Seattle, WA 98101

By:_____
    Jacqueline M. Jauregui, SBN # 95289
    Micki S. Singer, SBN #148699
    Amand K. Mines, SBN # 155195
    801 South Figueroa Street, 18th Floor
    Los Angeles, CA 90017-5556

By:_____
    Kevin L. Oufnac
    KAHN GAUTHIER SWICK LLC
    650 Poydras Street, #2150
    New Orleans, LA 70130

By:_____
    John A. Knox, WSBA #12707
    WILLIAMS, KASTNER & GIBBS PLLC
    601 Union Street, Suite 4100
    Seattle, WA 98101-2380
    Attorneys for Defendant

By:_____
    Michael F. Ram
    Karl Olson
    LEVY, RAM & OLSON LLP
    639 Front Street, 4th Floor
    San Francisco, CA 94111

By:_____
    Gary E. Mason
    THE MASON LAW FIRM
    1225 19th Street Northwest
    Washington, DC 20036

Attorneys for Plaintiffs

LA/723972

APPROVED AS TO FORM AND CONTENT:

TOUSLEY BRAIN STEPHENS PLLC

SEDGWICK, DETERT, MORAN &
ARNOLD, LLP

By:_____

Kim D. Stephens, WSBA #11984
Beth E. Terrell, WSBA #26759
1700 Seventh Avenue, #2200
Seattle, WA 98101

By:_____   2-26-2008

Jacqueline M. Jauregui, SBN # 95289
Micki S. Singer, SBN #148699
Amand K. Mines, SBN # 155195
801 South Figueroa Street, 18th Floor
Los Angeles, CA 90017-5556

By:_____

Kevin L. Oufnac
KAHN GAUTHIER SWICK LLC
650 Poydras Street, #2150
New Orleans, LA 70130

By:_____

Michael F. Ram
Karl Olson
LEVY, RAM & OLSON LLP
639 Front Street, 4th Floor
San Francisco, CA 94111

By:_____

Gary E. Mason
THE MASON LAW FIRM
1225 19th Street Northwest
Washington, DC 20036

Attorneys for Plaintiffs

--21--

LA/723972

# — EXHIBIT A —



# Service Bulletin

File In Section:   Special Coverage
Bulletin No.:   07187
Date:   September 2007

    

## SPECIAL COVERAGE

**SUBJECT:** SPECIAL COVERAGE ADJUSTMENT – INSTRUMENT PANEL CLUSTER GAUGE NEEDLE FUNCTION

**MODELS:** **2003-2004 CADILLAC ESCALADE, ESCALADE ESV, ESCALADE EXT
2003-2004 CHEVROLET AVALANCHE, SILVERADO, SUBURBAN, TAHOE
2003-2004 GMC SIERRA, YUKON, YUKON XL**

> **DUE TO PART AVAILABILITY, THIS SPECIAL COVERAGE IS BEING ADMINISTERED IN PHASES. YOU WILL BE NOTIFIED AS EACH ADDITIONAL PHASE IS RELEASED.**

> **CUSTOMERS ARE BEING INSTRUCTED TO CONTACT THE DEALERSHIP TO ARRANGE AN APPOINTMENT IF THEY BELIEVE THEIR VEHICLE HAS THIS CONDITION. THE CUSTOMER IS BEING ASKED TO PROVIDE THE VIN SO THE IPC CAN BE ORDERED IN ADVANCE OF THE SCHEDULED APPOINTMENT. THIS WILL ELIMINATE THE NEED TO KEEP THE VEHICLE OVERNIGHT.**

## CONDITION

Some customers of 2003-2004 model year Cadillac Escalade, Escalade ESV, and Escalade EXT; Chevrolet Avalanche, Silverado, Suburban, and Tahoe; and GMC Sierra, Yukon, and Yukon XL vehicles have reported that one or more of the instrument panel (IP) cluster gauges stick, flutter, or become inoperative. This may cause inaccurate readings, including the speedometer and fuel gauge.

## SPECIAL COVERAGE ADJUSTMENT

This special coverage covers the condition described above for a period of 7 years or 70,000 miles (110,000 km), whichever occurs first, from the date the vehicle was originally placed in service, regardless of ownership.

Dealers are to replace the instrument panel cluster after the condition has been verified. The repairs will be made at no charge to the customer. Returned IP clusters will be inspected upon return and replacement of IP clusters that do not exhibit the condition will not be covered.

For vehicles covered by Vehicle Service Contracts, all eligible claims with repair orders on or after September 28, 2007 are covered by this special coverage and must be submitted using the labor operation codes provided with this bulletin. Claims with repair orders prior to September 28, 2007, must be submitted to the Service Contract provider.

Copyright 2007 General Motors Corporation. All Rights Reserved.

09-50026-mg   Doc 13025-6   Filed 12/16/14   Entered 12/16/14 16:56:41   Exhibit 6
Case 2:08-cv-04125-JC   Document 31-2   Filed 11/7/08   Page 34 of 101
Pg 42 of 115

**VEHICLES INVOLVED**

Involved are **certain** 2003-2004 model year Cadillac Escalade, Escalade ESV, and Escalade EXT; Chevrolet Avalanche, Silverado, Suburban, and Tahoe; and GMC Sierra, Yukon, and Yukon XL vehicles built within the following VIN breakpoints:

| YEAR | DIVISION | MODEL | FROM | THROUGH |
|------|----------|-------|------|---------|
| 2003 | Cadillac | Escalade | 3R100001 | 3R320163 |
| 2004 | Cadillac | Escalade | 4R100006 | 4R323240 |
| 2003 | Cadillac | Escalade ESV | 3G117982 | 3G348029 |
| 2004 | Cadillac | Escalade ESV | 4G100001 | 4G343605 |
| 2003 | Cadillac | Escalade EXT | 3G100002 | 3G343890 |
| 2004 | Cadillac | Escalade EXT | 4G100005 | 4G343604 |
| 2003 | Chevrolet | Avalanche | 3G100001 | 3G347428 |
| 2004 | Chevrolet | Avalanche | 4G100011 | 4G344788 |
| 2003 | Chevrolet | Silverado | 31100001 | 31412794 |
| 2003 | Chevrolet | Silverado | 3E100001 | 3E381150 |
| 2003 | Chevrolet | Silverado | 3F100001 | 3F259060 |
| 2003 | Chevrolet | Silverado | 3M100001 | 3M112290 |
| 2003 | Chevrolet | Silverado | 3Z100001 | 3Z361857 |
| 2004 | Chevrolet | Silverado | 41100005 | 41435572 |
| 2004 | Chevrolet | Silverado | 4E100001 | 4E403760 |
| 2004 | Chevrolet | Silverado | 4F100001 | 4F269046 |
| 2004 | Chevrolet | Silverado | 4M100006 | 4M112271 |
| 2004 | Chevrolet | Silverado | 4Z100002 | 4Z353683 |
| 2003 | Chevrolet | Suburban | 3G100007 | 3G348254 |
| 2003 | Chevrolet | Suburban | 3J100007 | 3J346322 |
| 2003 | Chevrolet | Suburban | 3R100004 | 3R319989 |
| 2004 | Chevrolet | Suburban | 4G100010 | 4G344801 |
| 2004 | Chevrolet | Suburban | 4J100031 | 4J333376 |
| 2004 | Chevrolet | Suburban | 4R100001 | 4R323241 |
| 2003 | Chevrolet | Tahoe | 3J100001 | 3J346326 |
| 2003 | Chevrolet | Tahoe | 3R100014 | 3R320162 |
| 2004 | Chevrolet | Tahoe | 4J100005 | 4J333379 |
| 2004 | Chevrolet | Tahoe | 4R100003 | 4R323252 |
| 2003 | GMC | Sierra | 31100002 | 31412793 |
| 2003 | GMC | Sierra | 3E100003 | 3E381153 |
| 2003 | GMC | Sierra | 3F100008 | 3F259040 |
| 2003 | GMC | Sierra | 3Z100004 | 3Z900320 |
| 2004 | GMC | Sierra | 41100001 | 41435571 |
| 2004 | GMC | Sierra | 4E100002 | 4E403758 |
| 2004 | GMC | Sierra | 4F100005 | 4F269047 |
| 2004 | GMC | Sierra | 4Z100001 | 4Z900747 |
| 2003 | GMC | Yukon | 3J100003 | 3J346327 |
| 2003 | GMC | Yukon | 3R100006 | 3R320129 |
| 2004 | GMC | Yukon | 4J100002 | 4J333371 |
| 2004 | GMC | Yukon | 4R100002 | 4R323250 |
| 2003 | GMC | Yukon XL | 3G100020 | 3G348252 |
| 2003 | GMC | Yukon XL | 3J100006 | 3J346324 |
| 2003 | GMC | Yukon XL | 3R100002 | 3R320042 |

## VEHICLES INVOLVED, Cont'd.

| YEAR | DIVISION | MODEL | FROM | THROUGH |
|------|----------|-------|------|---------|
| 2004 | GMC | Yukon XL | 4G100023 | 4G340744 |
| 2004 | GMC | Yukon XL | 4J100001 | 4J333378 |
| 2004 | GMC | Yukon XL | 4R100004 | 4R323210 |

## PARTS INFORMATION – U.S. and Canadian Dealers Only

Instrument panel clusters (IPC) required to complete this special coverage are to be obtained from the Electronic Service Centers. Refer to GM Service Policies and Procedures Manual, section 1.5.9, for specific procedures. To eliminate keeping the customer's vehicle overnight, customers are being told to contact the dealership to arrange a service appointment and to supply their VIN. Dealers are to pre-order the IPC identifying the part from the Electronic Parts Catalog using the VIN filter so it will be at the dealership on the day of the scheduled appointment.

1. The customer will contact the dealership to arrange an appointment and provide their VIN.

2. Contact a GM Authorized Electronic Service Center to order an exchange and arrange for delivery of the pre-exchange product.

3. All units will be shipped FedEx Ground.

4. After removal of the defective unit, return the defective core to the Electronic Service Center using the supplied pre-paid Automatic Return shipping (ARS) label.

5. Failure to return the product within 30 days to the Electronic Service Center will result in a charge to the Dealer's Open Parts Account.

## PARTS INFORMATION – Export Dealers Only

For Export Dealers Only: Order appropriate instrument panel cluster from General Motors Service and Parts Operation (GMSPO).

## CUSTOMER NOTIFICATION

General Motors will notify customers of this special coverage on their vehicles (see copy of typical customer letter included with this bulletin - actual divisional letter may vary slightly).

## SERVICE PROCEDURE

**Important:** Dealers will be debited for IPCs returned for reasons other than cluster gauges sticking, fluttering, or inoperative.

1. Perform a gauge sweep test to determine/verify that an IPC gauge is sticking, stuck, or inoperative. Using the Tech 2, navigate to the following screens to perform the gauge sweep test: Body -> Instrument Panel Cluster -> Special Functions -> IPC Gauges -> Display(s) Test.

   • If one or more of the gauges are sticking, stuck, or inoperative. Replace the IPC. Refer to Step 2.

   • If the Tech 2 gauge sweep test indicates the gauges function as designed. Refer to SI diagnostics. <u>Further diagnosis or repair for conditions other than the condition described above is not covered under this special coverage program.</u> You may submit a claim for 0.1 labor hours for inspecting the IPC. Refer to the Claim Information section.

**Important:** If the IPC is to be replaced, record the vehicle odometer and engine hour (where applicable) value from the original IPC.

2. Remove the instrument panel cluster. Refer to the appropriate vehicle IPC removal and installation procedure in SI.

3. Install the new instrument panel cluster. Refer to the appropriate vehicle IPC removal and installation procedure in SI.

### Tech 2 Legacy Pass-Thru or J2534 Pass-Thru Programming Method for the IPC

**Important:** If Tech 2 Legacy Pass-Thru programming fails, call Techline Customer Support Center (TCSC) at 1-800-828-6860 (English) or 1-800-503-3222 (French). A "Candi" module is necessary.

<u>CALIBRATION INFORMATION</u>

Do not attempt to order the calibration number from GMSPO. The calibration numbers required for this service procedure are programmed into control modules via a Techline Tech 2® scan tool and TIS 2 Web with the calibration update. Use **TIS2Web version 8.5 for 2007** (available on 08/20/07). If you cannot access the calibration, call the Techline Customer Support Center at 1-800-828-6860 (English) or 1-800-503-3222 (French) and it will be provided.

*Notice:* Before reprogramming, please check the battery condition to prevent a reprogramming error of any of the modules due to battery discharge. Battery voltage must be between 12 and 16 volts during reprogramming. If the vehicle battery is not fully charged, use approved Midtronics PCS charger, a fully charged 12V jumper, or booster pack disconnected from the AC voltage supply. Be sure to turn off or disable any system that may put a load on the battery, such as automatic headlamps, daytime running lights, interior lights, heating, ventilation, and air conditioning (HVAC) system, radio, engine cooling fan, etc. A programming failure or control module damage may occur if battery voltage guidelines are not observed.

The ignition switch must be in the proper position. The Service Programming System (SPS) application prompts you to turn ON the ignition, with the engine OFF. DO NOT change the position of the ignition switch during the programming procedure, unless instructed to do so.

Make certain all tool connections are secure, including the following components and circuits:

- The RS-232 communication cable port
- The connection at the data link connector (DLC)
- The voltage supply circuits

**DO NOT** disturb the tool harnesses while programming. If an interruption occurs during the programming procedure, programming failure or control module damage may occur.

**DO NOT** turn OFF the ignition if the programming procedure is interrupted or unsuccessful. Ensure that all control module and DLC connections are secure and the TIS terminal operating software is up to date.

1. Verify that there is a battery charge of 12 to 16 volts. The battery must be able to maintain a charge during programming. Only use approved Midtronics PCS charger, a fully charged 12V jumper, or booster pack disconnected from the AC voltage supply to maintain proper battery voltage during programming.

**Important:**  Two programming events are required after installing the IPC. First select **IPC Instrument Panel Cluster** from the *Supported Controllers* screen to perform the first calibration. After completing the first programming event, perform the second programming event.  Select **IPC/IPC Setup** from the *Supported Controllers* screen.  The odometer mileage and engine hour information (where applicable) is required to perform the second calibration.  Follow TIS2WEB instructions.  For information about odometer mileage and engine hour setup, please refer to Technical Service Bulletin 07-08-49-015.

2.   Reprogram the instrument panel cluster (IPC).  Refer to SI and Service Programming System (SPS) documentation for IPC programming instructions, if required.

## CLAIM INFORMATION

For vehicles repaired under the terms of this special coverage, submit a claim with the information indicated below:

| REPAIR PERFORMED | PART COUNT | PART NUMBER | PARTS ALLOW | CC-FC | LABOR OP | LABOR HOURS | NET ITEM |
|---|---|---|---|---|---|---|---|
| Perform Tech 2 Gauge Sweep Test | N/A | N/A | N/A | MK-95 | T5685 | 0.1 | N/A |
| Replace & Reprogram IPC (inc. Gauge Sweep Test) | N/A | N/A | N/A | MK-95 | T5686 | 0.9* | $20.00 |
| Replace IP Cluster Gauge – Mobile Service Provided at Dealership – Canada Only | N/A | N/A | N/A | MK-95 | T5687 | 0.3** | N/A |
| Customer Reimbursement (Canadian & Export Dealers/US CAC) | N/A | N/A | N/A | MK-95 | T5688 | 0.2 | *** |

\*      Labor time includes 0.2 hours administrative allowance.

\*\*     Labor includes 0.2 hours administrative allowance and 0.1 hours for the gauge sweep test.

\*\*\*    The amount identified in the "Net Item" column should represent the customer reimbursement amount.

## CUSTOMER REIMBURSEMENT  - For US

All customer requests for reimbursement for previous repairs for the special coverage condition will be handled by the Customer Assistance Center, not by dealers.

A General Motors Customer Reimbursement Procedure and Claim Form is included with the customer letter.

**IMPORTANT**: Refer to the GM Service Policies and Procedures Manual, section 6.1.12, for specific procedures regarding customer reimbursement and the form.

## CUSTOMER REIMBURSEMENT  - For Canada and Export

Customer requests for reimbursement of previously paid repairs to correct the condition described in this bulletin are to be submitted to the dealer within one year.  Repairs must have occurred within the 7 years of the date the vehicle was originally placed in service, or 110,000 kilometers, whichever occurs first.

When a customer requests reimbursement, they must provide the following:

Case 2:08-cv-00412-JOC   Document 31-2   Filed 11/07/08   Page 36 of 101

| Page 6 | September 2007 | Bulletin No.: 07187 |
|---|---|---|

- Proof of ownership at time of repair.
- Original paid receipt confirming the amount of unreimbursed repair expense(s) (including Service Contract deductibles), a description of the repair, and the person or entity performing the repair.

If the work was done by someone other than a GM dealership, the amount of reimbursement will be limited to the amount that the repair would have cost GM to have it completed by a GM dealership.

GM bulletins are intended for use by professional technicians, NOT a "do-it-yourselfer". They are written to inform these technicians of conditions that may occur on some vehicles, or to provide information that could assist in the proper service of a vehicle. Properly trained technicians have the tools, equipment, safety instructions, and know-how to do a job properly and safely. If a condition is described, DO NOT assume that the bulletin applies to your vehicle, or that your vehicle will have that condition. See your dealer/retailer for information on whether your vehicle may benefit from the information.

We Support
Voluntary Technician
Certification

Page 7                         September 2007                    Bulletin No.: 07187

Dear General Motors Customer:

As the owner of a 2003 or 2004 model year Cadillac Escalade, Escalade ESV or Escalade EXT; Chevrolet Avalanche, Silverado, Suburban, or Tahoe; or GMC Sierra, Yukon, or Yukon XL vehicle, your satisfaction with our product is very important to us.

This letter is intended to make you aware that some of these vehicles could develop a condition where one or more of the instrument panel gauge needles may stick, flutter, or become inoperative. This may cause inaccurate readings, including the speedometer and the fuel gauge.

**Do not take your vehicle to your GM dealer as a result of this letter unless you believe that your vehicle has this condition.**

**What We Have Done:** General Motors is providing owners with a special coverage that extends the warranty on the instrument panel cluster for the condition described above. If this condition occurs on your 2003 or 2004 model year Cadillac Escalade, Escalade ESV, or Escalade EXT; Chevrolet Avalanche, Silverado, Suburban, or Tahoe; GMC Sierra, Yukon, or Yukon XL within 7 years of the date your vehicle was originally placed in service or 70,000 miles, whichever occurs first, the condition will be repaired for you at no charge.

**What You Should Do:** Repairs and adjustments qualifying under this special coverage must be performed by a General Motors dealer. If you believe your vehicle has this condition, contact your GM dealer to schedule an appointment at a time that is convenient for you. Your dealer will inspect the vehicle and if the condition is found, your dealer will replace the instrument panel cluster. When calling your dealer, please have your 17-character vehicle identification number (VIN) handy so your dealer can ensure that the cluster will be available on your appointment date. Keep this letter with your other important glove box literature for future reference.

**Reimbursement:** The enclosed form explains what reimbursement is available and how to request reimbursement if you have paid for repairs for the special coverage condition.

If you have any questions or need any assistance, just contact your dealer or the appropriate Customer Assistance Center at the number listed below. The Customer Assistance Center's hours of operation are from 8:00 AM to 11:00 PM, EST, Monday through Friday.

| Division | Number | Text Telephones (TTY) |
|---|---|---|
| Cadillac | 1-866-982-2339 | 1-800-833-2622 |
| Chevrolet | 1-800-630-2438 | 1-800-833-2438 |
| GMC | 1-866-996-9463 | 1-800-462-8583 |
| Guam | 1-671-648-8650 | |
| Puerto Rico – English | 1-800-496-9992 | |
| Puerto Rico – Español | 1-800-496-9993 | |
| Virgin Islands | 1-800-496-9994 | |

We are sorry for any inconvenience you may experience; however we have taken this action in the interest of your continued satisfaction with our products.

General Motors Corporation

Enclosure
07187

Case 2:08-cv-00412-JDC Document 34-2 Filed 11/07/08 Page 46 of 50

07187

## CUSTOMER REIMBURSEMENT PROCEDURE

If you have paid to have this condition corrected prior to this notification, you may be eligible to receive reimbursement.

Requests for reimbursement may include parts, labor, fees and taxes. Reimbursement may be limited to the amount the repair would have cost if completed by an authorized dealer.

Your claim will be acted upon within 60 days of receipt.

**If your claim is:**

- Approved, you will receive a check,

- Denied, you will receive a letter with the reason(s) for the denial, or

- Incomplete, you will receive a letter identifying the documentation that is needed to complete the claim and offered the opportunity to resubmit the claim when the missing documentation is available.

Please follow the instructions on the Claim Form provided on the reverse side to file a claim for reimbursement. If you have any questions or need assistance, please contact the <VINDivisionName> Customer Assistance Center at <DivCACPhone>.

## CUSTOMER REIMBURSEMENT CLAIM FORM

This section to be completed by Claimant

Date Claim Submitted: _____

17-Digit Vehicle Identification Number (VIN): _____

Mileage at Time of Repair: _____ Date of Repair: _____

Claimant Name (please print): _____

Street Address or PO Box Number: _____

City:_____ State:_____ ZIP Code: _____

Daytime Telephone Number (include Area Code): _____

Evening Telephone Number (include Area Code): _____

Amount of Reimbursement Requested: $ _____

The following documentation must accompany this claim form.

Original or clear copy of all receipts, invoices, and/or repair orders that show:

- The name and address of the person who paid for the repair.
- The Vehicle Identification Number (VIN) of the vehicle that was repaired.
- What problem occurred, what repair was done, when it was done, and who did it.
- The total cost of the repair expense that is being claimed.
- Payment for the repair in question and the date of payment.
  (copy of front and back of cancelled check, or copy of credit card receipt)

My signature to this document attests that all attached documents are genuine and I request reimbursement for the expense I incurred for the repair covered by this letter.

Claimant's Signature: _____

Please mail this claim form and the required documents to:

**Reimbursement Department**
**P.O. Box 33170**
**Detroit, MI 48232-5170**

Reimbursement questions should be directed to the following number:
1-800-204-0261

# — EXHIBIT B —

# I. THE PARTIES

This Tolling Agreement is entered into this _____ day of February, 2008 by:

    A.    Counsel, including Michael F. Ram and Karl Olson of Levy, Ram & Olson, Kim D. Stephens and Beth E. Terrell of Tousley Brain Stephens PLLC, Gary E. Mason of the Mason Law Firm, LLP, and Kevin L. Oufnac of Kahn Gauthier Swick LLC (collectively, "Counsel"); and

    B.    General Motors Corporation ("Defendant").

Throughout this Tolling Agreement, Counsel and Defendant will be jointly referred to as "The Parties."

# II. BACKGROUND

    A.    WHEREAS, Counsel represent the Plaintiffs in the following putative class actions against Defendant:

*Kevin Zwicker and Teresa K. Palmer et al. v. General Motors Corporation,* Case No. C07-0291-JCC (W.D. Wash.);

*Roy Falk, Lee Kratzer and Barbara McRae et al. v. General Motors Corporation* Case No. C07-1731-WHA (N.D. Cal.); and

*Robert W. Christensen, Terry M. Kelly and Peggy Kelly et al. v. General Motors Corporation,* Case No. CV07-0512-HA (D. Or.).

The three individual cases are sometimes collectively referred to as "the Actions."

    B.    WHEREAS, Plaintiffs allege in the Actions that Defendant manufactured and sold vehicles with a defective part that resulted in premature speedometer failures.

    C.    WHEREAS, Plaintiffs seek relief in the Actions on behalf of the following putative classes:

Putative class alleged in *Zwicker*:

All persons in the State of Washington who purchased or leased a GM light pick-up truck or a GM Sports Utility Vehicle of any type for the model years 2003-2007.

Putative class alleged in *Falk*:

All persons in the State of California who purchased or leased a GM light pick-up truck or a GM sport utility vehicle of any type for the model years 2003-2007.

1

Putative class alleged in *Christensen*:

All persons in the State of Oregon who purchased or leased a GM light pick-up or Sports Utility Vehicle of any type for model years 2003-2007.

D.    WHEREAS, the wording "GM light pickup truck or a GM Sports Utility Vehicle of any type" used in defining the putative state-wide classes alleged in the Actions describes makes and models of GM vehicles designated as the GMT800 line of vehicles and the GMT360 line of vehicles.

E.    WHEREAS, the Parties have agreed to settle Plaintiffs' claims asserted in the Actions only with respect to a proposed nationwide class consisting of owners and lessees of the GMT800 Platform line of vehicles.  The proposed settlement class is defined as follows:

All current United States owners and lessees of Model Year 2003-2005 General Motors GMT800 Platform automobiles manufactured on or before December 31, 2004.  The makes and models included in the GMT 800 Platform, and owned by the Settlement Class are Chevrolet – Avalanche, Silverado, Suburban, and Tahoe; GMC – Sierra, Yukon and Yukon XL; Cadillac – Escalade, Escalade ESV, and Escalade EXT.  Excluded is any person, firm, corporation, trust or other entity related to or affiliated with Defendant General Motors or any person who has or had an action for personal injury or death against General Motors as a result of an allegedly defective instrument cluster, speedometer, or stepper motor in any of the subject vehicles.

F.    WHEREAS, the Parties wish to settle claims of owners and lessees of vehicles included in the GMT800 Platform line of vehicles as described in paragraph D above (the "Settling Class"), but have not agreed on any settlement for owners and lessees of the GMT360 vehicles.  The Parties have agreed to toll the claims alleged in the Actions as to putative class members in the Actions who are residents of the states of Washington, Oregon or California, and are the owners and lessees of GMT360 vehicles (the "Non-Settling GMT360 Putative Class").

G.    WHEREAS, the Parties intend that all time periods applicable to the claims asserted in the Actions shall be tolled for the Non-Settling GMT360 Putative Class, whose claims are not being settled and will therefore be dismissed without prejudice from the Actions.

NOW, THEREFORE, in consideration of the dismissal of the Actions and mutual promises and covenants hereinafter set forth, the Parties hereby agree as follows:

LA/723967v1

### III. TOLLING AGREEMENT

1.       Any and all statutes of limitation, contractual time limits, statutes of repose, and any and all other time limitations applicable to the claims (collectively, "SOL") asserted in the Actions and that would otherwise apply to the Non-Settling GMT360 Owner Putative Class shall be tolled for sixty (60) days, beginning on the date the court enters a dismissal of the *Falk* and *Christensen* cases (Tolling Period). The Parties contemplate Plaintiffs will simultaneously file dismissals in both *Falk* and *Christensen*, at the time the Second Amended Complaint is filed in the *Zwicker* action as contemplated in paragraph A-6 of the Settlement Agreement. The Tolling Period shall end sixty (60) days after the court enters a dismissal of the *Falk* and *Christensen* cases. The Tolling Period shall be excluded from all computations of any applicable SOL;

2.       During the Tolling Period, the Non-Settling GMT360 Owner Putative Class reserves all claims or defenses asserted against Defendant in the Actions.

3.       This Tolling Agreement does not apply to any claims, other than the claims asserted in the Actions, and does not revive any claim or any portion thereof for which the statute of limitations, period of laches or contractual deadline for filing a claim expired before the filing of the Actions. This Tolling Agreement applies only to members of the putative classes alleged in the Actions. This Tolling Agreement does not constitute a waiver of any defense that the applicable limitations period (set by statute, laches or estoppel) to file a claim has already expired before the Tolling Period or before filing of the Actions.

4.       The Parties recognize and understand that execution of this Tolling Agreement is not, and shall not be deemed to constitute evidence of, or an admission of liability for any claim or cause of action. This Tolling Agreement shall not be submitted as evidence in any action, except to establish the fact of this Tolling Agreement as it may pertain to or involve the assertion of a statute of limitations defense.

5.       This Tolling Agreement may only be modified in writing signed by the Parties. This Tolling Agreement constitutes the entire understanding between the Parties hereto pertaining to the subject matter hereof and fully supersedes any and all prior agreements and understandings, whether written or oral, between the Parties hereto pertaining to the subject matter hereof.

6.       This Tolling Agreement may be executed in two or more counterparts and by facsimile, each of which shall be deemed an original, but all of which together shall constitute the whole; and

7.       The undersigned represent and warrant that they have the full legal power, capacity, and authority to enter into and execute this Tolling Agreement and bind the parties for whom they are acting to the terms and conditions of this Tolling Agreement.

3

PLAINTIFFS AND THE PUTATIVE CLASSES

BY: LEVY, RAM & OLSON

By: _____
    Michael F. Ram
    mfr@lrolaw.com
    Karl Olson]
    kolson@lrolaw.com
    639 Front Street, Fourth Floor
    San Francisco, California  94111
    Telephone:  (415) 433-4949
    Facsimile:  (415) 433-7311

    Kim D. Stephens
    kstephens@tousley.com
    Beth E. Terrell
    bterrell@tousley.com
    TOUSLEY BRAIN STEPHENS PLLC
    1700 Seventh Avenue, Suite 2200
    Seattle, Washington  98101-4416
    Telephone:  (206) 682-5600
    Facsimile:  (206) 682-2992

    Gary E. Mason
    gmason@masonlawdc.com
    THE MASON LAW FIRM, LLP
    1225 19th Street NW, Suite 500
    Washington, DC  20036
    Telephone:  (202) 429-2290
    Facsimile:  (202) 429-2294

    Kevin L. Oufnac
    kevin.oufnac@kgscounsel.com
    KAHN GAUTHIER SWICK LLC
    650 Poydras Street, Suite 2150
    New Orleans, Louisiana  70130
    Telephone:  (504) 455-1400
    Facsimile:  (504) 455-1498

    *Attorneys for Plaintiffs*

GENERAL MOTORS CORPORATION

BY: SEDGWICK, DETERT, MORAN
    & ARNOLD LLP

By: _____
    Jacqueline M. Jauregui
    jacqueline.jauregui@sdma.com
    Amand K. Mines
    amand.mines@sdma.com
    801 South Figueroa Street, 19th Floor
    Los Angeles, California  90017
    Telephone: (213) 426-6900
    Facsimile:  (213) 426-6621

    Micki S. Singer
    micki.singer@sdma.com
    SEDGWICK, DETERT, MORAN
    & ARNOLD LLP
    One Market Plaza, Steuart Tower,
    8th Floor
    San Francisco, California  94105
    Telephone: (415) 781-7900
    Facsimile:  (415) 781-2635

    E. Paul Cauley, Jr.
    paul.cauley@sdma.com
    SEDGWICK, DETERT, MORAN
    & ARNOLD LLP
    1717 Main Street, Suite 5400
    Dallas, Texas  75201-7367
    Telephone:  (469) 227-8200
    Facsimile:  (469) 227-8004

    Jeffrey R. Johnson
    jjohnson@wkg.com
    John A. Knox
    jknox@wkg.com
    WILLIAMS, KASTNER & GIBBS PLLC
    P.O. Box 21926
    Seattle, Washington  98101
    Telephone:  (206) 628-6600
    Facsimile:  (206) 628-6611

LA/723967v1

PLAINTIFFS AND THE PUTATIVE CLASSES

BY: LEVY, RAM & OLSON

By: _____
    Michael F. Ram
    mfr@lrolaw.com
    Karl Olson]
    kolson@lrolaw.com
    639 Front Street, Fourth Floor
    San Francisco, California  94111
    Telephone: (415) 433-4949
    Facsimile: (415) 433-7311

    Kim D. Stephens
    kstephens@tousley.com
    Beth E. Terrell
    bterrell@tousley.com
    TOUSLEY BRAIN STEPHENS PLLC
    1700 Seventh Avenue, Suite 2200
    Seattle, Washington 98101-4416
    Telephone: (206) 682-5600
    Facsimile: (206) 682-2992

    Gary E. Mason
    gmason@masonlawdc.com
    THE MASON LAW FIRM, LLP
    1225 19th Street NW, Suite 500
    Washington, DC 20036
    Telephone: (202) 429-2290
    Facsimile: (202) 429-2294

    Kevin L. Oufnac
    kevin.oufnac@kgscounsel.com
    KAHN GAUTHIER SWICK LLC
    650 Poydras Street, Suite 2150
    New Orleans, Louisiana  70130
    Telephone: (504) 455-1400
    Facsimile: (504) 455-1498

    *Attorneys for Plaintiffs*

GENERAL MOTORS CORPORATION

BY: SEDGWICK, DETERT, MORAN
    & ARNOLD LLP

By: _____
    Jacqueline M. Jauregui
    jacqueline.jauregui@sdma.com
    Amand K. Mines
    amand.mines@sdma.com
    801 South Figueroa Street, 19th Floor
    Los Angeles, California  90017
    Telephone: (213) 426-6900
    Facsimile: (213) 426-6621

    Micki S. Singer
    micki.singer@sdma.com
    SEDGWICK, DETERT, MORAN
    & ARNOLD LLP
    One Market Plaza, Steuart Tower,
    8th Floor
    San Francisco, California  94105
    Telephone: (415) 781-7900
    Facsimile: (415) 781-2635

    E. Paul Cauley, Jr.
    paul.cauley@sdma.com
    SEDGWICK, DETERT, MORAN
    & ARNOLD LLP
    1717 Main Street, Suite 5400
    Dallas, Texas 75201-7367
    Telephone: (469) 227-8200
    Facsimile: (469) 227-8004

    Jeffrey R. Johnson
    jjohnson@wkg.com
    John A. Knox
    jknox@wkg.com
    WILLIAMS, KASTNER & GIBBS PLLC
    P.O. Box 21926
    Seattle, Washington  98101
    Telephone: (206) 628-6600
    Facsimile: (206) 628-6611

4

Eric J. Neiman
eneiman@wkg.com
George S. Pitcher
gpitcher@wkg.com
WILLIAMS, KASTNER & GIBBS PLLC
888 SW Fifth Avenue, Suite 600
Portland, Oregon  97204-2025
Telephone:  (503) 228-7967
Facsimile:  (503) 222-7261

*Attorneys for Defendant General Motors
Corporation*

5

# — EXHIBIT C —

## CUSTOMER REIMBURSEMENT PROCEDURE

If you have paid to have this condition corrected prior to this notification, you may be eligible to receive reimbursement.

If your vehicle had 70,000 miles or less at the time you paid to have this condition corrected, your request for reimbursement may include parts, labor, fees and taxes. If your vehicle had greater then 70,000 miles, but less than 80,000 miles at the time you paid to have this condition corrected, your request for reimbursement may include parts only. If your vehicle had 80,000 miles or more at the time you paid to have this condition corrected, you are not entitled to reimbursement.

Your claim will be acted upon within 60 days of receipt.

If your claim is:

- Approved, you will receive a check,

- Denied, you will receive a letter with the reason(s) for the denial, or

- Incomplete, you will receive a letter identifying the documentation that is needed to complete the claim and offered the opportunity to resubmit the claim when the missing documentation is available.

Please follow the instructions on the Claim Form provided on the reverse side to file a claim for reimbursement. If you have any questions or need assistance, please contact the <VINDivisionName> Customer Assistance Center at <DivCACPhone>.

LA/717281v1

## CUSTOMER REIMBURSEMENT CLAIM FORM

This section to be completed by Claimant

Date Claim Submitted: _____

17-Digit Vehicle Identification Number (VIN): _____

Mileage at Time of Repair: _____   Date of Repair: _____

Claimant Name (please print): _____

Street Address or PO Box Number: _____

City:_____State:_____ ZIP Code: _____

Daytime Telephone Number (include Area Code): _____

Evening Telephone Number (include Area Code): _____

Amount of Reimbursement Requested:  $ _____

The following documentation must accompany this claim form.

Original or clear copy of all receipts, invoices, and/or repair orders that show:

- The name and address of the person who paid for the repair.
- The Vehicle Identification Number (VIN) of the vehicle that was repaired.
- What problem occurred, what repair was done, when it was done, and who did it.
- The total cost of the repair expense that is being claimed.
- Payment for the repair in question and the date of payment.
  (copy of front and back of cancelled check, or copy of credit card receipt)

My signature to this document attests that all attached documents are genuine and I request reimbursement for the expense I incurred for the repair covered by this letter.

Claimant's Signature: _____

Please mail this claim form and the required documents to:

**Reimbursement Department**
**P.O. Box 33170**
**Detroit, MI 48232-5170**

Reimbursement questions should be directed to the following number:
1-800-204-0261

# — EXHIBIT D —

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**THIS NOTICE IS BEING SENT TO YOU BECAUSE YOU MAY OWN OR LEASE A MODEL YEAR 2003-2005 CHEVROLET – AVALANCHE, SILVERADO, SUBURBAN, TAHOE; GMC – SIERRA, YUKON, YUKON XL; OR CADILLAC – ESCALADE, ESCALADE ESV, ESCALADE EXT, MANUFACTURED ON OR BEFORE DECEMBER 31, 2004.**

**THIS NOTICE MAY AFFECT YOUR RIGHTS SO PLEASE READ IT CAREFULLY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF A CLASS ACTION AND, IF YOU ARE A CLASS MEMBER, CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS CONCERNING THE PROPOSED SETTLEMENT.**

## 1.  WHO IS IN THE CLASS

The proposed Class consists of all current owners and lessees of model year 2003-2005 GMT800 Platform vehicles manufactured on or before December 31, 2004, who are residents of the United States. The makes and models included are Chevrolet – Avalanche, Silverado, Suburban, and Tahoe; GMC – Sierra, Yukon and Yukon XL; Cadillac – Escalade, Escalade ESV, and Escalade EXT. (These vehicles are sometimes referred to as "the Vehicles"). Owners or lessors of model year 2005 GMT800 Platform vehicles manufactured after December 31, 2004, are not in the class. Excluded is any person, firm, corporation, trust or other entity related to or affiliated with Defendant General Motors and Defendant's legal representatives, assigns and successors. Also excluded is any person who has or had an action for personal injury or death against General Motors as a result of an allegedly defective instrument cluster, speedometer, or stepper motor in any of the Vehicles, the judge to whom this case is assigned and any member of the judge's immediate family.

## 2.  CHOICES OF CLASS MEMBERS

If you are a Class Member, you have the following choices: (a) you may remain in the Class and be eligible to receive relief under the proposed settlement if it is approved by the court; (b) if you do not wish to remain in the Class, you may exclude yourself by sending a formal, written

-1-

request for exclusion; or (c) you may remain in the Class and file with the Court a written objection to the proposed settlement. If you choose to remain in the class, and if the court approves the settlement, you may be able to obtain a replacement of your vehicle's instrument panel cluster if you have a verified problem with your vehicle's speedometer within certain mileage limitations. You may also be entitled to reimbursement for sums you have paid for a prior instrument panel cluster replacement, under certain conditions, and if you complete and return the enclosed claim form.

3.    **DESCRIPTION OF THE LAWSUIT**

In Multi District Litigation No. 1896 In Re: General Motors Corp. Speedometer Products Liability Litigation (the Action), Plaintiffs have filed a Second Amended Complaint seeking certification of a class of current owners and lessees of Model Year 2003-2005 GMT800 Platform vehicles manufactured on or before December 31, 2004, who are residents of the fifty United States. Plaintiffs allege that the Vehicles have instrument panel clusters which contain speedometers that do not last for the life of the Vehicles. As a result, plaintiffs contend, among other issues, the speedometers in the Vehicles may not register the accurate speed of the Vehicles, or may cease to function entirely. GM denies the Vehicles are defective or that it is responsible to provide instrument clusters, stepper motors, and/or speedometers that last the life of the Vehicles.

Plaintiffs, Class Counsel and GM have agreed to settle the Action pursuant to the provisions of a Settlement Agreement, and subject to court approval. GM expressly denies any wrongdoing alleged in the pleadings and neither admits nor concedes any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been or could have been alleged against it in the Action, or that Plaintiffs or any Settlement Class members have suffered damage or were harmed by the conduct alleged.

-2-

LA/749770v1

**4.    RELIEF AVAILABLE TO CLASS MEMBERS**

Under the terms of the proposed settlement, Settlement Class Members will be entitled to various benefits, including:

**4.A.    SPECIAL COVERAGE CAMPAIGN:**    Beginning on September 28, 2007, GM began a Special Coverage Campaign to provide repairs and/or reimbursement to instrument panel clusters for current owners in the United States of certain model year 2003-2004 General Motors vehicles including Chevrolet – Avalanche, Silverado, Suburban, Tahoe; GMC – Sierra, Yukon, Yukon XL; or Cadillac – Escalade. Escalade ESV, Escalade EXT.  Pursuant to the Special Coverage Campaign, GM has agreed to extend the warranty for the above-referenced owners' instrument panel clusters to 7 years/70,000 miles, whichever comes first, and to reimburse those current owners who previously paid for instrument panel cluster repairs on the Vehicles, subject to certain limitations as described in paragraph 4.D. below.

If you own a model year 2003-2004 General Motors vehicle including Chevrolet – Avalanche, Silverado, Suburban, Tahoe; GMC – Sierra, Yukon, Yukon XL; or Cadillac – Escalade. Escalade ESV, Escalade EXT, you may have already received a letter and a Reimbursement Claim Form from General Motors explaining your rights under the Special Coverage Campaign.  If you own a model year 2003-2004 Chevrolet – Avalanche, Silverado, Suburban, Tahoe; GMC – Sierra, Yukon, Yukon XL; or Cadillac – Escalade. Escalade ESV, Escalade EXT, and you receive a letter and Reimbursement Claim Form from GM, you may proceed to obtain to relief and/or reimbursement under the Special Coverage Campaign if you qualify for such relief and/or reimbursement without waiting until final approval of the settlement as described in paragraph 6 below.  If you have already submitted a Reimbursement Claim Form under the Special Coverage Campaign, GM will process that claim form pursuant to the terms of the Special Coverage Campaign.  The proposed settlement, if approved, may provide you with relief in addition to the Special Coverage Campaign, as outlined below.  A

-3-

sample of the Owner Letter describing the Special Coverage Campaign is attached as Exhibit One to this Notice.

**4.B.    EXTENSION OF SPECIAL COVERAGE CAMPAIGN:**  Upon final approval of the settlement, GM will extend  the Special Coverage Campaign to all model year 2005 GMT800 Platform automobiles manufactured on or before December 31, 2004.  The makes and models included are Chevrolet – Avalanche, Silverado, Suburban, and Tahoe; GMC – Sierra, Yukon and Yukon XL; Cadillac – Escalade, Escalade ESV, and Escalade EXT.   If you are the current owner of one of the above-referenced model year 2005 vehicles manufactured before December 31, 2004, you will only be entitled to relief upon final approval of the proposed settlement.

**4.C.    REPLACEMENT INSTRUMENT CLUSTER PART TO BE PROVIDED FOR VEHICLES BETWEEN 70,000 AND 80,000 MILES AT NO COST:**     Upon the final approval of the settlement, GM will provide a replacement instrument panel cluster for the Vehicles at no cost in the event any current owner or lessee has a Vehicle which experiences a verified speedometer failure between 70,000 and 80,000 miles. Under this term, GM will provide the instrument cluster part only and will not  pay for any additional costs in connection with such cluster replacement, including diagnosis or labor.

**4.D.    REIMBURSEMENT:**  As part of the Special Coverage Campaign, GM has agreed to reimburse current owners and lessees of the Vehicles who paid for an instrument panel cluster to be replaced in his/her Vehicle when the mileage on the Vehicle was between 36,000-70,000 miles.   That benefit currently only applies to current owners of model year 2003 and 2004 Vehicles.  Upon final approval of the proposed settlement, GM will also reimburse current owners and lessees of the Vehicles, for instrument panel cluster cost only, if those owners and lessees paid for an instrument cluster to be replaced in his/her Vehicle when the mileage on the Vehicle was between 70,000-80,000 miles and if they submit a completed Reimbursement Claim

-4-

Form. Such reimbursement shall be processed according to the procedures, terms and conditions outlined in the attached Customer Reimbursement Procedure and Customer Reimbursement Claim Form attached as Exhibit Two to this Notice.

In order to be entitled to relief under the proposed settlement, you must remain a member of the class and the court must approve the settlement. If the court approves the settlement and you are entitled to reimbursement for an instrument panel cluster repair under the terms of the Agreement, you must seek an instrument panel cluster replacement according to the terms of the Special Coverage Campaign and/or complete and return the enclosed Reimbursement Claim Form and remain a member of the class to obtain such benefits.

## 5.    DISMISSAL AND RELEASE OF CLAIMS

If the proposed Settlement Agreement is approved by the Court, all claims asserted in this Action will be dismissed with prejudice. None of those claims may thereafter be asserted by anyone who remains in the Class. If the Court does not approve the proposed settlement, the Settlement Agreement will terminate and shall be null and void, and this Action will remain before the Court.

## 6.    HOW WILL I KNOW IF THE SETTLEMENT HAS BEEN APPROVED?

The Court will scheduled a hearing date to consider final approval of the settlement. On or after the hearing date, the Court will issue an order either granting or denying final approval of the settlement. If the Court grants final approval, and if no appeal or post-judgment motion is filed within thirty-five (35) days after entry of judgment on that order, the settlement will become final and the further benefits described in this notice, which are in addition to the Special Coverage Program, will become available. In the event the Court denies final approval, the further benefits will not become available. In the event the Court grants final approval, but an appeal is filed, the additional benefits will be postponed, and may ultimately not become available, depending upon how the appeal is decided.

If you remain in the Class and wish to know the status of final approval and the availability

-5-

of benefits (in addition to the special coverage described in paragraph 4.A), you may visit www._____.com to see information about the status of final approval or download another copy of the claim form attached to this notice, or you may call 1-800-XXX-XXXX to listen to a recorded message about the status of final approval.

## 7.    **EXCLUSION FROM THE CLASS**

To request exclusion, you must send a written request for exclusion to Class Counsel and GM's Counsel:

**CLASS COUNSEL:**

Michael F. Ram
Karl Olson
Levy, Ram & Olson
639 Front Street, Fourth Floor
San Francisco, CA  94111

Kim D. Stephens
Beth E. Terrell
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416

**GM'S COUNSEL:**

Jacqueline Jauregui
Amand Mines
Sedgwick, Detert, Moran & Arnold
801 S. Figueroa Street, 19th Floor
Los Angeles, CA 90017
Phone: (213) 426-6900
Fax:    (213) 426-6921

You must include in your request for exclusion (i) your name, address, and telephone number, (ii) a statement that you want to be excluded from the Class, (iii) the name of the Action appearing in this Notice, and (iv) your signature. If you exclude yourself from the Class, you will not be eligible for any settlement relief or be permitted to participate in the proposed settlement. Your written request for exclusion must be postmarked no later than _____, 2008 (twenty days before the date of the fairness hearing at which the court will consider final approval of the

-6-

settlement) or you will lose your right to request exclusion and you will be bound by the settlement and by all orders and judgments in this Action even if you have pending or subsequently initiate litigation against GM relating to any of the claims released in the Action.

**8. FAIRNESS HEARING, DATE AND LOCATION**

The Court will hold a Fairness Hearing to consider whether to approve the proposed Settlement Agreement and to determine the amount of attorneys' fees to award to Class counsel. The fairness hearing will take place on _____, 2008 at _____, or as soon thereafter as may be heard on the 16th floor of the United States District Court, Western District of Washington, 700 Stewart Street, Seattle, Washington, before the Honorable John C. Coughnour.

**9. YOUR RIGHT TO OBJECT AND APPEAR**

If you do not exclude yourself from the settlement, you may file a written objection to the proposed settlement. Your written objection must be verified by sworn affidavit and include: (i) the objector's name, address and telephone number; (ii) the name of the Action and the case number, (iii) a statement of each objection; and (iv) a written statement detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s). If the objection is presented through an attorney, the written objection must also include: (i) the identity and number of Class Members represented by objector's counsel; (ii) the number of such represented Class Members who have opted out of the settlement; (iii) the number of such represented Class Members who have remained in the settlement and have not objected; (iv) the date the objector's counsel assumed representation for the objector, and (v) a list of the names of all cases where the objector's counsel has objected to a class action settlement in the last three years. Objecting Class Members who intend to testify in support of their objection either in person or by affidavit must also make themselves available for deposition by Plaintiffs' counsel or Defendants' counsel in their county of residence, between the time the objection is filed and at least ten (10) days before the date

-7-

LA/749770v1

of the Fairness Hearing, and the objection must include the date when the objecting Class Member

will so present for deposition. You must file your written objection with the Clerk of the Court and

send copies to Class Counsel and Defendants' counsel postmarked no later than _____,

2008 (twenty (20) days before the date of the Fairness Hearing) at the following addresses:

> U.S. District Court
> Seattle Clerk's Office
> U.S. Courthouse
> 700 Stewart Street, Lobby Level
> Seattle, Washington 98101
>
> **COUNSEL FOR PLAINTIFFS**
>
> Michael F. Ram
> Karl Olson
> Levy, Ram & Olson
> 639 Front Street, Fourth Floor
> San Francisco, CA 94111
>
> **COUNSEL FOR DEFENDANT**
>
> Jacqueline M. Jauregui
> Amand K. Mines
> 801 South Figueroa Street, 18th Floor
> Los Angeles, CA 90017-5556

As a Class Member, if you file and serve a written objection as described above, you may

appear at the Fairness Hearing, either in person or through an attorney paid by you, to object to the

proposed settlement. If you or your attorney intend to appear, you must file a Notice of Intention to

Appear with the Clerk of the Court that includes (i) how much time you or your lawyer anticipates

will be required to present the objection; (ii) the name, address and telephone number of all

witnesses who will testify and a detailed summary of such testimony; (iii) identification of all

exhibits to be offered in support of your objection and attach complete copies of all such exhibits.

Notices of Intention to Appear must be filed with the Court and delivered to Class Counsel and

Defendants' Counsel no later than twenty (20) days before the date of the Fairness Hearing in order

-8-

to be allowed to appear at the Fairness Hearing.

**10.   ATTORNEYS' FEES**

At the Fairness Hearing, Class Counsel will apply to the Court for an award of attorneys' fees not to exceed $2,300,000, and costs, not to exceed $72,000. The amount of attorneys' fees awarded will be paid by GM and will not effect the relief available to Class Members.

**11.   ADDITIONAL INFORMATION**

This Notice is only a summary of the proposed settlement. The full proposed Settlement Agreement, along with the pleadings and other papers, are on file with the Clerk of the Court, and you may inspect it at the U.S. District Court, Seattle Clerk's Office, U.S. Courthouse, 700 Stewart Street, Lobby Level, Seattle, Washington 98101 during normal business hours, or obtain a copy from Class Counsel by written request to Class Counsel at the above address.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

LA/749770v1

Dear General Motors Customer:

As the owner of a 2003 or 2004 model year Cadillac Escalade, Escalade ESV or Escalade EXT; Chevrolet Avalanche, Silverado, Suburban, or Tahoe; or GMC Sierra, Yukon, or Yukon XL vehicle, your satisfaction with our product is very important to us.

This letter is intended to make you aware that some of these vehicles could develop a condition where one or more of the instrument panel gauge needles may stick, flutter, or become inoperative. This may cause inaccurate readings, including the speedometer and the fuel gauge.

**Do not take your vehicle to your GM dealer as a result of this letter unless you believe that your vehicle has this condition.**

**What We Have Done:** General Motors is providing owners with a special coverage that extends the warranty on the instrument panel cluster for the condition described above. If this condition occurs on your 2003 or 2004 model year Cadillac Escalade, Escalade ESV, or Escalade EXT; Chevrolet Avalanche, Silverado, Suburban, or Tahoe; GMC Sierra, Yukon, or Yukon XL within 7 years of the date your vehicle was originally placed in service or 70,000 miles, whichever occurs first, the condition will be repaired for you at no charge.

**What You Should Do:** Repairs and adjustments qualifying under this special coverage must be performed by a General Motors dealer. If you believe your vehicle has this condition, contact your GM dealer to schedule an appointment at a time that is convenient for you. Your dealer will inspect the vehicle and if the condition is found, your dealer will replace the instrument panel cluster. When calling your dealer, please have your 17-character vehicle identification number (VIN) handy so your dealer can ensure that the cluster will be available on your appointment date. Keep this letter with your other important glove box literature for future reference.

**Reimbursement:** The enclosed form explains what reimbursement is available and how to request reimbursement if you have paid for repairs for the special coverage condition.

If you have any questions or need any assistance, just contact your dealer or the appropriate Customer Assistance Center at the number listed below. The Customer Assistance Center's hours of operation are from 8:00 AM to 11:00 PM, EST, Monday through Friday.

| Division | Number | Text Telephones (TTY) |
|---|---|---|
| Cadillac | 1-866-982-2339 | 1-800-833-2622 |
| Chevrolet | 1-800-630-2438 | 1-800-833-2438 |
| GMC | 1-866-996-9463 | 1-800-462-8583 |
| Guam | 1-671-648-8650 | |
| Puerto Rico – English | 1-800-496-9992 | |
| Puerto Rico – Español | 1-800-496-9993 | |
| Virgin Islands | 1-800-496-9994 | |

We are sorry for any inconvenience you may experience; however we have taken this action in the interest of your continued satisfaction with our products.

General Motors Corporation

**Exhibit 1**

**CUSTOMER REIMBURSEMENT PROCEDURE**

If you have paid to have this condition corrected prior to this notification, you may be eligible to receive reimbursement.

If your vehicle had 70,000 miles or less at the time you paid to have this condition corrected, your request for reimbursement may include parts, labor, fees and taxes. If your vehicle had greater then 70,000 miles, but less than 80,000 miles at the time you paid to have this condition corrected, your request for reimbursement may include parts only. If your vehicle had 80,000 miles or more at the time you paid to have this condition corrected, you are not entitled to reimbursement.

Your claim will be acted upon within 60 days of receipt.

If your claim is:

- Approved, you will receive a check,

- Denied, you will receive a letter with the reason(s) for the denial, or

- Incomplete, you will receive a letter identifying the documentation that is needed to complete the claim and offered the opportunity to resubmit the claim when the missing documentation is available.

Please follow the instructions on the Claim Form provided on the reverse side to file a claim for reimbursement.    If you have any questions or need assistance, please contact the <VINDivisionName> Customer Assistance Center at <DivCACPhone>.

**Exhibit 2**

## CUSTOMER REIMBURSEMENT CLAIM FORM

This section to be completed by Claimant

Date Claim Submitted: _____

17-Digit Vehicle Identification Number (VIN): _____

Mileage at Time of Repair: _____  Date of Repair: _____

Claimant Name (please print): _____

Street Address or PO Box Number: _____

City: _____  State: _____  ZIP Code: _____

Daytime Telephone Number (include Area Code): _____

Evening Telephone Number (include Area Code): _____

Amount of Reimbursement Requested:  $ _____

The following documentation must accompany this claim form.

Original or clear copy of all receipts, invoices, and/or repair orders that show:

- The name and address of the person who paid for the repair.
- The Vehicle Identification Number (VIN) of the vehicle that was repaired.
- What problem occurred, what repair was done, when it was done, and who did it.
- The total cost of the repair expense that is being claimed.
- Payment for the repair in question and the date of payment.
  (copy of front and back of cancelled check, or copy of credit card receipt)

My signature to this document attests that all attached documents are genuine and I request reimbursement for the expense I incurred for the repair covered by this letter.

Claimant's Signature: _____

Please mail this claim form and the required documents to:

**Reimbursement Department**
**P.O. Box 33170**
**Detroit, MI 48232-5170**

Reimbursement questions should be directed to the following number:
1-800-204-0261

# — EXHIBIT E —

Hon. John C. Coughenour

1

2

3

4

5

6            UNITED STATES DISTRICT COURT
7        WESTERN DISTRICT OF WASHINGTON
                 AT SEATTLE

8   IN RE:                       MDL DOCKET NO. 1896

9   GENERAL MOTORS CORP.
    SPEEDOMETER PRODUCTS         **FINAL JUDGMENT**
10   LIABILITY LITIGATION

11

12                         **FINAL JUDGMENT**

13       This matter having come before the Court on the application of Plaintiffs Kevin

14 Zwicker, Teresa Palmer, Roy Falk, Lee Kratzer, Barbara McRae, Robert W. Christensen, Terry

15 M. Kelly and Peggy Kelly, individually and as representatives of a class of similarly situated

16 persons (collectively, "Plaintiffs"), and General Motors Corporation ("Defendant") for approval

17 of the settlement set forth in the Settlement Agreement and the exhibits thereto (collectively the

18 "Agreement"), and the Court having considered all papers filed, all evidence submitted and

19 proceedings had herein and otherwise being fully informed;

20     **HEREBY ORDERS, ADJUDGES AND DECREES:**

21       1.      This Final Judgment incorporates the Agreement and the terms defined therein.

22 A copy of the Agreement is attached to this Final Judgment as Exhibit A.

23       2.      This Court has jurisdiction over the subject matter of this litigation, and over all

24 parties to the litigation, including all members of the Settlement Class, and has jurisdiction to

25 approve the settlement reflected in the Agreement, and hereby approves same.

FINAL JUDGMENT-1
MDL DOCKET NO. 1896                   **Williams, Kastner & Gibbs PLLC**
                                          601 Union Street, Suite 4100
                                          Seattle, Washington 98101-2380
                                          (206) 628-6600

1         3.     The Court hereby finds that: (a) the settlement has been entered into in good

2 faith and was concluded after Class Counsel had conducted an investigation concerning the

3 issues raised by Plaintiffs' claims; (b) the settlement evidenced by the Agreement is fair,

4 reasonable and adequate as to, and in the best interests of, the Settlement Class Members;

5 (c) the settlement delivers benefits to the Class in a timely manner while resolving complex

6 issues that would require expensive and long-lasting litigation; (d) the Agreement was the

7 result of extensive arms' length negotiations between highly experienced counsel, with full

8 knowledge of the risks inherent in this litigation, facilitated by a respected, experienced

9 mediator; (e) there is no evidence of collusion or fraud in connection with the settlement;

10 (f) the investigation conducted in the case to date suffices to enable the parties and the Court to

11 make an informed decision as to the fairness and adequacy of the settlement; (g) the case raised

12 complex and vigorously contested issues of law and fact, if fully litigated, that would result in

13 complex, expensive, and lengthy litigation; (h) the Plaintiffs faced significant risks in

14 establishing liability and damages; and (i) the release is tailored to address the allegations in

15 the case. Accordingly, the Court hereby orders and declares (a) the Agreement is approved by

16 the Court and shall be binding on all Settlement Class Members except those individuals and

17 entities who have timely filed and served an election to be excluded from the Settlement Class,

18 a list of whom is attached to this Judgment as Exhibit B, "List of Excluded Class Members ";

19 and (b) the Agreement is binding and preclusive in all pending and future lawsuits or other

20 proceedings whether in state or federal court. Each and every term and condition of the

21 Agreement as a whole (including the attached exhibits) is approved as proposed, and the

22 Agreement is made part of this Judgment and is to be effective, implemented, and enforced as

23 provided in the Agreement.

24         4.     The Court finds that the Class Notice implemented pursuant to this Court's

25 Preliminary Approval Order provided the best notice practicable under the circumstances. The

FINAL JUDGMENT-2
MDL DOCKET NO. 1896

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   Court further finds that the Class Notice advised each member of the Class, in plain easily

2   understood language: (a) the nature of the suit; (b) the definition of the Class certified; (c) the

3   class claims, issues, and defenses; (d) that a Class Member could enter an appearance through

4   counsel if desired; (e) that the Court would exclude from the Class any member who timely

5   requested exclusion by a specified date; and (f) that the judgment incorporating the settlement

6   will fully release Defendant, dismiss this lawsuit with prejudice, and include and bind all

7   members of the Class who did not timely request exclusion.  The Court finds that the Class

8   Notice and Notice methodology fully complied with all applicable legal requirements,

9   including the Due Process Clause of the Constitution of the United States.

10       5.    The Court finds that Class Counsel and the Class representatives adequately

11   represented the Class for purposes of entering into and implementing the Agreement.

12       6.    The terms of the Agreement and this Judgment shall be forever binding on, and

13   shall have *res judicata* effect and preclusive effect in, all pending and future lawsuits or other

14   proceedings that may be maintained by or on behalf of the Plaintiffs or any Settlement Class

15   Members, as well as their collective heirs, executors, administrators, successors and assigns,

16   relating to the Action and/or the Released Claims (as defined in the Agreement).

17       7.    The release which is set forth in the Agreement is expressly incorporated herein

18   in all respects and is effective as of the date of this Judgment.

19       8.    The preceding paragraph of this Judgment covers, without limitation, any and

20   all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other

21   counsel representing Plaintiffs or the Settlement Class Members, or incurred by Plaintiffs or

22   the Settlement Class Members, or any of them, in connection with or related in any manner to

23   this Action, the settlement of this Action, the administration of the settlement and/or the

24   Released Claims.

25

FINAL JUDGMENT-3
MDL DOCKET NO. 1896

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

9.     All Settlement Class Members who did not timely exclude themselves from the Class are, from this day forward, hereby permanently barred and enjoined from:

(a)     filing, commencing, prosecuting, intervening in, or participating in (as Settlement Class Members or otherwise), any lawsuit in any jurisdiction based on or relating to: (i) the claims and causes of action asserted or assertable in this Action; (ii) the facts and circumstances relating to this Action; or (iii) the Released Claims, or

(b)     organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, in a separate class for purposes of pursuing as a purported class action any other lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to the Released Claims.

10.    Class Counsel are hereby awarded attorneys' fees in the total amount of $_____ ("Attorneys' Fees") and expenses ("Expenses") in the total amount of $_____, to be paid in accordance with the terms and conditions set forth in the Agreement. Class Counsel shall have sole responsibility to allocate and distribute this award of Attorneys' Fees and Expenses. Defendant shall have no responsibility for, and no liability with respect to, the allocation of Attorneys' Fees and Expenses among Class Counsel or any other person who may assert some claim thereto.

11.    Each of the named Class Representatives in the Zwicker, Falk and Christensen cases is hereby awarded $1,500.00 for their services as Class Representatives in the litigation, the amount being fair, adequate and reasonable for the time and effort each expended. Such incentive payments are to be paid by and from Class Counsel. Defendant shall not be responsible for payment of such incentive payments.

12.    Neither this Judgment, nor the Agreement (nor any document referred to herein or any action taken to carry out this Final Judgment) is, may be construed as, or may be used as

FINAL JUDGMENT-4
MDL DOCKET NO. 1896

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

an admission by Defendant of the validity of any claim, of actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Agreement and any negotiations or proceedings relating to the settlement shall not in any event be construed as, or deemed to be evidence of, an admission or concession of the Defendant and shall not be offered or received into evidence in any action or proceeding against any party hereto in any court, judicial, administrative, regulatory hearing, arbitration, or other tribunal or proceeding for any purpose whatsoever, except in a proceeding to enforce the Agreement. This Final Judgment and the Agreement (including exhibits thereto) may, however, be filed in any action against or by the Defendant to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this judgment in any way, this Court hereby retains continuing jurisdiction over implementation of the terms of the Settlement Agreement and any resolution of any disputes arising thereunder.

14.     This Action, including all individual claims and Class claims asserted or assertable herein, is hereby DISMISSED WITH PREJUDICE, without fees or costs to any party except as otherwise provided herein.

**IT IS SO ORDERED.**

Dated:_____     By:_____
                                             Hon. John C. Coughenour

FINAL JUDGMENT-5
MDL DOCKET NO. 1896

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Case 2:08-cv-00412-JC   Document 31-2   Filed 11/07/08   Page 71 of 101

# — EXHIBIT  B —

## GM Speedometer
## Opt-Outs/Exclusions

| No. | **Name** | **Address** | **Date of Opt-Out** | **Filed?** |
|-----|----------|-------------|---------------------|------------|
| 1. | **AAA American Exterminators II (Timothy A. Hilliker, President)** | P.O. Box 347 Terryville, CT 06786-0347 | 8/13/08 | No |
| 2. | **Adam, Rich** | 23409 Timberlane Drive Valencia, CA 91354 | 8/23/08 | No |
| 3. | **Adams, Betty** | 29828 Old Highway 112 Poteau, OK 74953 | 9/4/08 | No |
| 4. | **Adamson, Kevin M.** | 5225 Freeman Road Munnsville, NY 13409 | 10/4/08 | No |
| 5. | **Admire, Elaine M.** | 805 N. Maddox Dumas, TX 79029 | 8/26/08 | No |
| 6. | **Alvord, Warren C.** | 11426 N. 68th Street Scottsdale, AZ 85254 | 9/2/08 | No |
| 7. | **Ameye, Kris** | 6724 Starville Cottrellville, MI 48039-1822 | 9/23/08 | No |
| 8. | **Amore, Eugene J.** | 11060 NW 92nd Ct. Chiefland, FL 32626-3800 | 9/12/08 | No |
| 9. | **Askins, William** | 123 Village Cirlce Apartments Yantis, TX 75497 | 8/4/08 | No |
| 10. | **Austin Bridge & Road (John Lessner, Vice President & Controller)** | 6330 Commerce Drive, Suite 150 Irving, TX 75063 | 8/19/08 | No |
| 11. | **Avina, Bernice W.** | 16835 Oak Glen Avenue Morgan Hill, CA 95037 | 10/6/08 | No |
| 12. | **Bailey, Michael A.** | 5064 Norriswood Drive Mulberry, FL 33860 | 9/15/08 | No |

1

Updated: 11/5/08

| No. | Name | Address | Date of Opt-Out | Filed? |
|---|---|---|---|---|
| 13. | **Baker, Carol A.** | 1045 Cortland Street<br>Albany, NY 12203-2721 | 10/6/08 | Yes<br>124 |
| 14. | **Baker, Maniel O.** | 528 Swimley Rd.<br>Berryville, VA 22611-1706 | 09/09/08 | No |
| 15. | **Baldridge, Mary D.** | P.O. Box 731<br>Pierre, SD 57501 | 9/30/08 | No |
| 16. | **Barber, Barrie** | 6 Delante Ct.<br>Edgewood, NM 87015 | 8/26/08 | No |
| 17. | **Barden, Douglas E.** | 7025 Harvison Road Ext<br>Caronelle, AL 36522-5510 | 9/19/08 | No |
| 18. | **Barker, Hubert** | Box 431<br>Salem, NH 03079 | 8/4/08 | No |
| 19. | **Barnes, Patricia** | 7271 West Cadmus<br>Adrian, MI 49221 | 7/16/08 | No |
| 20. | **Barrett, Michael** | 155 Stony Point Road #34<br>Santa Rosa, CA 95401 | 10/14/08 | No |
| 21. | **Basina, Lavern R.** | 101 Rice Ave.<br>P.O. Box 651<br>Bayfield, WI 54814 | 7/30/08 | No |
| 22. | **Baten, Robert** | 16927 Laguna Springs Dr.<br>Houston, TX 77095 | 8/22/08 | No |
| 23. | **Bauer, Gary** | bauerg@cooley.edu | 9/10/08 | No |
| 24. | **Beauregard, Anthony** | 16783 Lahontan Dam Road<br>Fallon, NV 89406 | 10/5/08 | No |
| 25. | **Beck, David A.** | N 3612 Hall Drive<br>Medford, WI 54451 | 8/22/08 | No |
| 26. | **Bellinger, David** | 3401 Cleveland Avenue<br>Plower, WI 54467 | 8/8/08 | No |

Updated: 11/5/08

LA/824671v1

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 27. | Benbrook, Bradley and Benbrook, Katherine W. | 1565 Barnett Circle Carmichael, CA 95608 | 8/27/08 | No |
| 28. | Benesh, Ronald E. | 2095 Helena Flats Rd. Kalispell, MT 59901 | 8/20/08 | No |
| 29. | Bennett, Stanley | P.O. Box 1255 Galt, CA 95632 | 8/28/08 | No |
| 30. | Berniak, John (Berniaks Auto Body) | P.O. Box 307, Rt. 837 Elrama, PA 15038 | 7/28/08 | No |
| 31. | Biggs, Curley | P.O. Box 43 Ramah, NM 87321 | 8/3/08 | No |
| 32. | Bihm, Frederick | 703 South Adams Rayne, LA 70578 | 10/19/08 | No |
| 33. | Bistline, Andy Bistline, Verda | 4785 Topaz Drive Colorado Springs, CO 80918-2746 | 8/19/08 | No |
| 34. | Blackburn, Nolan Wayne | 2402 Highway 205 Marshville, NC 28103 | 7/6/08 | No |
| 35. | Blakely, Denise | 2228 Cawthon Davis Road Canon, GA 30520 | 8/1/08 | No |
| 36. | Bliven, Brad | 1303 Spring St., Apt. C Quincy, IL 62301-2855 | 8/18/08 | No |
| 37. | Bogatzke, Roger C. | 3960 Highway O Saukville, Wisconsin 53080 | 8/8/08 | No |
| 38. | Booher, David Booher, Stephanie | 27 Lakeshore Circle Brownsburg, IN 46122 | 9/16/08 | No |
| 39. | Boone, Larry L. (Madison County Cabinets, Inc.) | 9592W. 6t0 S. Pendleton, Indiana 46064 | 8/7/08 | No |

3

Updated: 11/5/08

| No. | Name | Address | Date of Opt-Out | Filed? |
|---|---|---|---|---|
| 40. | Bordogna, Anthony F., Jr. | 34 Maple Avenue Shalimar, FL 32579-4260 | 9/14/08 | No |
| 41. | Bosco, Sandra | 46 Russett Lane North Andover, MA 01845 | 7/30/08 | No |
| 42. | Bott, David E. | 1679 Washington Blvd. Ogden, UT 84404 | 8/27/08 | No |
| 43. | Mark H. Bott | 1679 Washington Blvd. Ogden, UT 84404 | 8/27/08 | No |
| 44. | Bowen, Michael & Michelle | 114 Angus Ct. Lexington, NC 27295 | 8/11/08 | No |
| 45. | Brass, Jeffrey A. | 6422 Dawson Blvd. Mentor, OH 44060 | 8/20/08 | No |
| 46. | Braud, Kevin | 12731 Two Lake Lane Collinsville, MS 39325 | 7/26/08 | No |
| 47. | Breaux, Jamie | 32804 St. Jude Road Gueydan, LA 70542 | 8/1/08 | No |
| 48. | Brennan, Leo D. | 410 W. Maple St. Carson City, MI 48811-9775 | 7/30/08 (Mailed 9/19/08) | No |
| 49. | Brooks, William | 118 South Bridge Street Grand Ledge, Michigan 48837 | 7/18/08 | No |
| 50. | Brothers, Kenneth L. | 745 N. Pennsylvania Ave. Yardley, PA 19067-2019 | 9/22/08 | No |
| 51. | Brumback, Ken | 4120 21st Road North Arlington, VA 22207 | 8/5/08 | No |
| 52. | Bruno, Cassandra | 98 Glenerie Lane Saugerties, NY 12477 | 10/16/08 | Yes 156 |
| 53. | Burnham, James | P.O. Box 111 Arimo, ID 83214 | 8/18/08 | No |

4

LA/824671v1

| No. | Name | Address | Date of Opt-Out | Filed? |
|---|---|---|---|---|
| 54. | Burr, Kenneth L. and Burr, Gloria E. | E-mail From:<br>  Debee Burr --<br>  [mail to:dawnburr@hotmail.com] | | No |
| 55. | Butler, Jack | 2936 Sunset Ridge<br>Mc Kinney, TX  75070-4216 | 8/20/08 | No |
| 56. | Buzzar, Thomas J. | 173 Maple Avenue<br>Collegeville, PA  19426 | 9/9/08 | No |
| 57. | Cain, Nadine C. | 515 Celtic Court<br>Colorado Springs, CO  80921 | 8/28/08 | No |
| 58. | Campbell, James N., Jr. | 154 Ashworth School Road<br>Gaffney, SC  29341 | 10/3/08 | No |
| 59. | Campominosi, Joanne | 87 Wyndemere Lane<br>Windsor, CT  06095 | 7/24/08 | No |
| 60. | Carns, Barry A. | 1947 Luciusboro Rd.<br>Brush Valley, PA  15720 | 8/18/08 | Yes<br>105 |
| 61. | Cassidy, Mary Belle | 1323 Old Lincoln Highway<br>Stoystown, PA  15563 | 9/22/08 | No |
| 62. | Catalano, Michael<br>Catalano, Crystal | 161 Destrehan Drive<br>Destrehan, LA  70047 | 8/25/08 | No |
| 63. | Cato, James A. | 545 Crestland Dr.<br>Bartlesville, OK  74006 | 8/14/08 | No |
| 64. | Chandler, Edmund L. | 591 Black Hole Road<br>Coudersport, PA  16905 | 10/4/08 | No |
| 65. | Cheroke, George (Fire Control Sprinklers Systems, Inc. | 2830 N. Hogan<br>P.O. Box 7204<br>Spokane, WA  99207 | 7/25/08 | No |
| 66. | Chipman, Steven | 19360 E. 1500th St.<br>Good Hope, IL 61438 | 09/04/08 | No |

5

Updated:  11/5/08

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 67. | **City of New London WI (Chief of Police)** | 215 N. Shawano St.<br>New London, WI 54961-1147 | 8/13/08 | No |
| 68. | **Clabaugh, Jerry** | 2180 Boise Street<br>Duncombe, Iowa 50532 | 9/10/08 | No |
| 69. | **Claerhout, Donald M.** | 3053 Myers Road<br>Sebewaing, MI 48759 | 7/17/08 | No |
| 70. | **Clapp, Victoria L.** | 6127 West "Q" Ave.<br>Kalamazoo, MI 49009-8941 | 8/11/08 | No |
| 71. | **Clapper, Susie** | P.O. Box 546<br>Sun Prairie, WI 53590 | 9/10/08 | No |
| 72. | **Clark, Judith C.** | 12123 West Bell Road, Unit 219<br>Surprise, AZ 85374 | 9/20/08 | No |
| 73. | **Clemans, Alan J.**<br>**Clemans, Connie** | RR 1 Box 21<br>Guymon, OK 73942-9714 | 8/13/08 | Yes<br>106 |
| 74. | **Cobb, Martha** | 1709 East Gulf Beach Drive<br>Saint George Island, FL 32328 | 7/23/08 | No |
| 75. | **Cole, Michael and Nancy** | 8771 N 510 Rd<br>Tahlequah, OK 74464 | 8/15/08 | No |
| 76. | **Collins, S. Frank** | 1549 S. Tally Ho Dr.<br>Fayetteville, AR 72701-8071 | 8/19/08 | No |
| 77. | **Combs, Deborah L.** | 672 Clearview Heights<br>Charleston, WV 25312 | 10/12/08 | Yes<br>144 |
| 78. | **Condren, Robert W.** | 1428 Southwest 72<br>Oklahoma City, OK 73159 | 8/22/08 | No |
| 79. | **Connelly, Rebecca S.** | 9 Flower Break Road<br>Aiken, SC 29803 | 10/17/08 | Yes<br>149 |

6

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 80. | Corbett, Douglas | 609 E. Main St. P.O. Box 441 Crescent City, IL 60928-0441 | 8/19/08 | No |
| 81. | Correll, James | 1106 Wheaton Hill Court Town & Country, MO 63131 | 8/20/08 | No |
| 82. | Counts, James W., Jr. | 1130 W. Dexter Trail Mason, MI 48854 | 8/18/08 | No |
| 83. | County of Macomb (Macomb County, Michigan, Lucy Kaiser, Asst. Corporation Counsel) | 1 S. Main St., 8th Flr. Mount Clemens, Michigan 48043 | 8/8/08 | No |
| 84. | Couser, Alice | 164 Milberry Drive Milford, PA 18337 | 7/28/08 | No |
| 85. | Cox, Birney | PMB 116 24695 U.S. Hwy 85 Four Corners, WY 82715-9901 | 8/12/08 | No |
| 86. | Craighead, Beverly R. | 219 Britton Road Calhoun, LA 71225 | 9/21/08 | No |
| 87. | Crane, Thomas E. | 2907 Saddle Club Court Jamestown, NC 27282 | 9/10/08 | No |
| 88. | Creamer, James | P.O. Box 377 New Freedom, PA 17349 | 8/6/08 | No |
| 89. | Crippen, Richard L. | 10447 Kensington Circle Collierville, TN 38017 | 8/27/08 | No |
| 90. | Curtis, Mark W. | 13674 S. Van Horn Ave. Selma, CA 93662 | 8/25/08 | No |
| 91. | Dannenberg, Thomas | 4753 Brenda Street, NE Albuquerque, NM 87109 | 7/31/08 | No |

Updated: 11/5/08

LA/824671v1

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 92. | David, Ferlton, Sr. | 20065 Highway 77 Grosse Tete, LA 70740 | 8/19/08 | No |
| 93. | Davidson, Lee D. Davidson, Nancy E. | 1704 Carroll Dr. Cleburne, TX 76033-7656 | 8/20/08 | No |
| 94. | Davis, James W. | 5654 Harbormist Drive Powder Springs, GA 30127 | 9/25/08 | No |
| 95. | Davis, Nicklis M., Sr. | 975 Saddoris Drive Craig, CO 81625 | 8/29/08 | No |
| 96. | Davis, William R. | 1203 Tilghmans Landing Way Annapolis, MD 21403 | 8/12/08 | No |
| 97. | Davis, William Walter | 1408 Bluebonnet Street Woodville, TX 75979 | 10/16/08 | No |
| 98. | Dawson, Diane | 18138 Drayton Street Brooksville, FL 34610 | 8/7/08 | No |
| 99. | Dean, John Peter, Jr. | 10105 McCree Road Dallas, TX 75238 | 8/26/08 | No |
| 100. | Delgado, Maria I. | 2637 Barndance Lane Santa Rosa, CA 95407 | 9/2/08 | No |
| 101. | Del Rio, Kimberley D. (fka Kimberley D. White) | 118 Franks Road Decatur, TX 76234 | 8/20/08 | No |
| 102. | DeMars, Dennis DeMars, Michelle | 2242 Governor Way Buford, GA 30519 | 8/18/08 | No |
| 103. | Demond, Rebecca L. | 66 Pierce Road Fitzwilliam, NH 03447 | 10/16/08 | No |
| 104. | Dennis, Walter A. | P.O. Box 485 Lakeland, FL 33802 | 8/3/08 | No |
| 105. | DeVader, Donald | 207 Vine Street Burlington, CO 80807 | 9/12/08 | No |

Updated: 11/5/08

LA/824671v1

| No. | Name | Address | Date of Opt-Out | Filed? |
|---|---|---|---|---|
| 106. | **Dietz, Arthur** | 206 Garfield Avenue Ridgway, PA 15853 | 7/18/08 | No |
| 107. | **Dill, Larry and Nancy** | P.O. Box 164 McCurtain, OK 74944 | 8/1/08 | No |
| 108. | **Donald, Richard** | P.O. Box 1317 Blanco, TX 78606 | 7/27/08 | No |
| 109. | **Dornan, Patrick and Susan** | 15528 Cattail Oaks Glenwood, MD 21738 | 8/16/08 | No |
| 110. | **Dosenback, Richard and Imogene** | 344 Grant St. Elkhorn, WI 53121-4383 | 8/17/08 | No |
| 111. | **Doty, Robert D.** | 1521 Ridge Road Mokelumne Hill, CA 95245 | 8/4/08 | No |
| 112. | **Drummond Company Inc. (J. Fred McDuff)** | P.O. Box 10246 Birmingham, AL 35202-0246 | 8/15/08 | No |
| 113. | **Drummond, David** | 1204 Cedar Creek Drive Opelika, AL 36801 | 8/7/08 | No |
| 114. | **Dungan, Katherine** | 5059 Timberlane Road Wesson, MS 39191 | 8/6/08 | No |
| 115. | **Dutill, Keith R.** | 95 Spruce Lane Pine Hill, NJ 08021-6121 | 10/6/08 | No |
| 116. | **Eber, Brian E.** | 964 S. Brairie Wood Drive Rochester, IN 46975 | 8/26/08 | No |
| 117. | **Elliott, James D. and Ellen** | 310 Hummingbird Way Bayfield, CO 81122 | 10/15/08 | No |
| 118. | **Embassy of Japan, (Motohiko Kato, Minister, Management Section)** | 2520 Massachusetts Ave., N.W. Washington, D.C. 20008 | 8/11/08 | No |

Updated: 11/5/08

LA/824671v1

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 119. | Emricson, LaVern T. | 2620 Dunham Woods Road<br>Harvard, IL 60033 | 9/15/08 | No |
| 120. | Erlandson, John | 6501 Nordic Drive<br>Minneapolis, Minn. 55439 | 8/1/08 | No |
| 121. | Esbenshade, Harry and Margaret | 804 Paul Hollow Rd.<br>Galeton, PA 16922 | 8/11/08 | No |
| 122. | Eskew, William E. | 4115 SW Badger Ave.<br>Redmond, OR 97756 | 9/23/08 | No |
| 123. | Evans, Sally L. | 706 Alexander Street<br>Greenwood, IN 46143-1419 | 8/22/08 | No |
| 124. | Everhart, Richard J. | 1870 E. Grand Ave.<br>Lot 32<br>Hot Springs, AR 71901 | 8/20/08 | No |
| 125. | Fagan, Harley and Gail | 112 Saugatuck Rd.<br>Montgomery, IL 60538 | 8/20/08 | No |
| 126. | Farrar, Wilbur H. | 408 Patton Road<br>Many, LA 71449-6754 | 8/18/08 | No |
| 127. | Federle, Neal | 5751 August Court<br>Mason, OH 45040 | 8/4/08 | No |
| 128. | Flora, Duane J. | 5100 New Carlisle-St. Paris Road<br>New Carlisle, OH 45344 | 8/22/08 | No |
| 129. | Fonseca, Mirna | 544 E. 33rd Street<br>Los Angeles, CA 90011 | 10/01/08 | No |
| 130. | Foster, Sandra | P.O. Box 9243<br>McLean, VA 22102-0243 | 7/20/08 | No |
| 131. | Fowler, Ross L. and Blanche | 2425 West Boston Boulevard<br>Detroit, Michigan 48206 | 7/18/08 | No |

10

Updated: 11/5/08

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 132. | Frederick, Joseph F., Jr. | 2135 Warwick Dr. Oldsmar, FL 34677 | 8/21/08 | No |
| 133. | Froehlich, Reinhardt G. | 814 Rosemary Dr. New Braunfels, TX 78130-5360 | 8/22/08 | No |
| 134. | Fry, James and Connie | P.O. Box 748 Waddell, AZ 85355 | 7/28/08 | No |
| 135. | Gamble, William | P.O. Box 7216 Naples, FL 34101-7216 | 7/26/08 | No |
| 136. | Gamboa, Patricia M. | 9408 W. Pierson St. Phoenix, AZ 85037 | 8/22/08 | No |
| 137. | Gardiner, Stephen W. | 501 Tasker Avenue Norwood, PA 19074-1322 | 9/1/08 | No |
| 138. | Gardner, Gene F. and Olivia S. | 2214 Shelby Park Drive Katy, TX 77450 | 8/25/08 | No |
| 139. | Gaskins, Louise C. | 110 Meridian Drive Kingsland, GA 31548 | 8/22/08 | No |
| 140. | Gasparatz, Thomas and Kimberly A. | 296 Mt. Gretna Road Elizabethtown, PA 17022 | 10/10/08 | No |
| 141. | Gellert, Fred | 93 West Shore Road Belvedere, CA 94920 | 7/30/08 | No |
| 142. | Gerling, Matthew | 8220 Bellair Road Pilot Grove, MO 65276-2546 | 9/4/08 | No |
| 143. | German | P.O. Box 1131 Lake Junaluska, NC 28745 | 7/24/08 | No |
| 144. | Glass, Hollice W. | 3712 W. Lowell Artesia, NM 88210 | 9/6/08 | No |
| 145. | Glenn, William H. | 103 W. Esparada Georgetown, TX 78628 | 9/15/08 | No |

LA/824671v1

Updated: 11/5/08

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 146. | Glowczewskie, Jr., Frank P. | 6669 SE 65 Avenue<br>Trenton, FL 32693 | 8/11/08 | No |
| 147. | Gold, Glenn S., Jr., DPM | 425 Medical Drive, Suite 209<br>Bountiful, UT 84010 | 8/19/08 | No |
| 148. | Goulart, Edward G. | 3407 Humphrey Road<br>Loomis, CA 95650 | 8/26/08 | No |
| 149. | Graffagnino, Joyce L. | 504 N 33rd Street<br>Nederland, TX 77627-7104 | 8/19/08 | No |
| 150. | Gravenmier, Stanley A.<br>Gravenmier, Mary Stacey | 730 Sequioa Trail<br>Maitland, FL 32751-4570 | 8/27/08 | Yes<br>112 |
| 151. | Gravett, J.S. and Marilyn | 2307 Katherine St.<br>Brenham, TX 77833 | 8/14/08 | No |
| 152. | Gray, Josef E. | 13605 Main Street<br>Bellevue, Washington 98005 | 9/10/08 | No |
| 153. | Green, James and Carrie | 3945 Dumont Dr.<br>Odessa, TX 79762 | 8/20/08 | No |
| 154. | Green, Nivia S. | 1013 Lake Village Drive<br>Columbia, SC 29229 | 8/19/08 | No |
| 155. | Green, Thomas | 307 N. Lake Street<br>Carlsbad, NM 88220 | 9/2/08 | No |
| 156. | Greggs, Doris Lillian | 6677 Nightingale Drive<br>Gaylord, MI 49735-9081 | 9/8/08 | No |
| 157. | Griffith, Warren J. | P.O. Box 365<br>371 N. Third St.<br>Pembina, ND 58271 | 8/15/08 | No |
| 158. | Groves, Oliver J. | P.O. Box 896<br>Freeland, WA 98249 | 8/21/08 | No |

Updated: 11/5/08

LA/824671v1

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 159. | Hagan, Harvey | 166 Palmetto Drive<br>Rincon, GA  31326 | 8/19/08 | No |
| 160. | Hagedorn, Timothy | 1616 Main Street East<br>P.O. Box 2480<br>Thompson Falls, MT  59873 | 7/30/08 | No |
| 161. | Haggerty, Dean E. | 1005 Austin Dr.<br>Chesapeake, VA  23320-2914 | 8/11/08 | No |
| 162. | Haggerty, Daniel J. and Ruth | 5816 Long Brake Trail<br>Edina, MN  55439 | 7/24/08 | No |
| 163. | Hall, William W., Jr. | 5 Woodstone<br>Houston, TX  77024 | 819/08 | No |
| 164. | Hancock, John D. | 557 Elm Street<br>Boulder City, NV  89005 | 8/25/08 | No |
| 165. | Handegard, Roger | P.O. Box 964<br>1017 33rd St. S.<br>Moorhead, MN  56561-0964 | 9/28/08 | No |
| 166. | Harding, Gary D. | 2547 W. Evergreen<br>Bloomington, IN  47404 | 9/10/08 | No |
| 167. | Harper, Jeanie | 1000 W. Roanoke Drive Ext.<br>Fitzgerald, GA  31750 | 10/10/08 | No |
| 168. | Harper, Rose | 54 S. Fairview Road<br>Poughkeepsie, AR  72569 | 9/7/08 | No |
| 169. | Hart, Fred | 1625 Reed Road<br>Pennington, NJ 08534-5004 | 7/24/08 | No |
| 170. | Hassan, Mark | 9240 S. Karlov Ave.<br>Oak Lawn, IL  60453 | 9/4/08 | No |
| 171. | Hatfield, Henry R. | 226 Westfield Road<br>Leesburg, GA  31763-4515 | 10/5/08 | No |

Updated:  11/5/08

LA/824671v1

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 172. | Hatton, Jo Brittan | 10811 N. Coveview Terrace Crystal River, FL 34428 | 8/4/08 | No |
| 173. | Hausher, Daniel L. | 1286 S. 105th E. Ave. Tulsa, OK 74128 | 8/25/08 | No |
| 174. | Haut, Jr., Robert J. | 8811 Surfwood Dr. Monroe, Michigan 41862 | 8/15/08 | No |
| 175. | Hawk, III, Travis H. | 12 Donald Pl. Pittsgrove, NJ 08318-4445 | 8/9/08 | No |
| 176. | Hawkins, Caley C. | 75 Joshbury Circle Laurel, MS 39443 | 10/16/08 | No |
| 177. | Hawkins, T.H. | P.O. Box 3086 T or C, NM 87901 | 8/13/08 | No |
| 178. | Heide, Carl | G&H Sheet Metal 1423 Chestnut Avenue Hillside, NJ 07205 | 7/21/08 | No |
| 179. | Hellewell, Richard C. | 3500 Ruth Road Richland Hills, TX 76118 | 8/17/08 | No |
| 180. | Helms, Marion Richard | 2510 Deep Eddy Trail Keller, TX 76248 | 8/19/08 | No |
| 181. | Herman, Jerome O. | 1644 Hartley Court Adrian, MI 49221-9246 | 7/21/08 | No |
| 182. | Hicks, Joseph David | 19529 Wintu Way Redding, CA 96003 | 10/8/08 | No |
| 183. | Hile, Dennis (J. E. Miller, Inc.) | 747 West Manlius Street East Syracuse, NY 13057 | 7/29/08 | No |
| 184. | Hilton, John | 2718 White Sage Drive Henderson, NV 89052 | 9/3/08 | No |
| 185. | Hodges, Judith | 8700 Hallwood Drive Montgomery, AL 36117 | 8/5/08 | No |

Updated: 11/5/08

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 186. | Hoelmer, Bernell | 1679 Hwy. 100 Hermann, MO 65041 | 8/1/08 | No |
| 187. | Hoenshell, Terry | 31312 S. Clement Road Harrisonville, MO 64701-8116 | 8/15/08 | No |
| 188. | Hoffman, Alta A. | 11445 NW 13th St. Topeka, KS 66615 | 8/12/08 | No |
| 189. | Hogancamp, Paul E. | 26167 Copiapo Circle Punta Gorda, FL 33983 | 8/5/08 | No |
| 190. | Holdren, Charles | 29 Village Ct. Columbiana, OH 44408-9376 | 7/22/08 | No |
| 191. | Holford, Raymond D. | 2780 South Newton Way Denver, CO 80236 | 9/19/08 | No |
| 192. | Hollen, Grace | 6200 EP True Parkway, 152 West Des Moines, IA 50266 | 8/15/08 | Yes 100 |
| 193. | Holt, C.W. | 3422 CR403 Llano, TX 78643 | 8/19/08 | No |
| 194. | Hook, Shelley | 3047 S. Claude Ct. Denver, CO 80210 | 8/25/08 | No |
| 195. | Horton, Robert | 1755 A Horton Road Kerhsaw, SC 29067 | 7/2/08 | No |
| 196. | Hostetter, Earl W. (L. E. Services, Inc.) | 121 East Main Street New Holland, PA 17557 | 7/31/08 | No |
| 197. | Houle, Sarah D. | 4325 Crestwood Court Grapevine, TX 76051 | 8/17/08 | No |
| 198. | House of God, The (Jamie Sanks) | 7230 Flat Rock Road Midland, GA 31820 | 9/29/08 | No |
| 199. | Houser, Harold | 501 North Camden Drive Fort Wayne, IN 46825 | 8/8/08 | No |

LA/824671v1

Updated: 11/5/08

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 200. | Howe, Erik and Alison | 2205 Michael Brooke<br>Wenatchee, WA 98801 | 8/26/08 | No |
| 201. | Howell, E.K. (Elmin) | 326 Harbor Landing<br>Rockwall, TX 75032 | 8/14/08 | No |
| 202. | Howell, Jane C. | 4282 Highway 24 South<br>Waynesboro, Georgia 30830 | 8/4/08 | No |
| 203. | Howton, Orman | 733 6th Street N.E.<br>Fayette, Alabama | 10/13/08 | No |
| 204. | Hryb, Deborah Ann | 3800 S. Cantabria Circle, #1083<br>Chandler, Arizona 85248 | 8/13/08 | No |
| 205. | Hubbard, Penny L. | 4701 W. Villa Theresa Dr.<br>Glendale, AZ 85308 | 8/18/08 | No |
| 206. | Hunt, David R. | Hunt Ross & Allen<br>P.O. Box 1196<br>Clarksdale, Mississippi 38614 | 7/22/08 | No |
| 207. | Hunt-Garcia, Kay S. | 14105 211 St. S.E.<br>Snohomich, WA 98296 | 9/16/08 | No |
| 208. | Interface, Inc.<br>(Elizabeth A. Hanlon,<br>Associate Counsel) | 2859 Paces Ferry Road<br>Suite 2000<br>Atlanta, GA 30339 | 8/19/08 | No |
| 209. | Iparaguirre, Jennie | 775 N. Sanderson<br>San Jacinto, CA 92582 | 10/5/08 | No |
| 210. | Jamison, Ernest M. | 4836 Margaret Wallace Road<br>Matthews, NC 28105 | 8/2/08 | No |
| 211. | Jaycox, Janet M. | 434 Greenwood Court<br>Elyria, OH 44035-8373 | 09/05/08 | No |
| 212. | Jennings, James S. | 2221 Cape Cod Way<br>Santa Ana, CA 92703 | 10/10/08 | No |

LA/824671v1

Updated: 11/5/08

| No. | Name | Address | Date of Opt-Out | Filed? |
|---|---|---|---|---|
| 213. | Jennings, Oscar K. | 1106 Georgia Street<br>Shreveport, LA  71104 | 8/3/08 | No |
| 214. | Jensch, Warren | P.O. Box 459<br>Bayfield, WI  54814 | 9/15/08 | No |
| 215. | Jewell, John H. | 30 Ridge View Pl.<br>Parachute, CO  81635 | 8/5/08 | No |
| 216. | Johnson, Shelia | 3045 Champions Dr., #104<br>Arlington, TX  38002 | 8/12/08 | No |
| 217. | Joint Venture, Inc.<br>(Bruce Dworshak,<br>President) | P.O. Box 999<br>Worland, WY  82401 | 8/25/08 | No |
| 218. | Jones, Scott C. | 8253 Noblet Road<br>Davison, MI  48423 | 7/18/08 | No |
| 219. | Jordan-Botke<br>Enterprises<br>((dba: PW<br>Environmental<br>(Sauceda, Laurie,<br>  PW Environmental<br>  Accounting Dept.)) | 230 Dove Court<br>Santa Paula, CA  93060 | 9/18/08 | No |
| 220. | Jordan, Ralph L. | No Address | 8/7/08 | No |
| 221. | Ketcham, Stephen O. | P.O. Box 323<br>Mount Vernon, IN  47620 | 8/29/08 | No |
| 222. | Kilmer, Carolyn | Box 116<br>Solen, ND  58570 | 7/28/08 | No |
| 223. | Kirch, Joseph J. | 3617 Sage Canyon Dr.<br>Encinitas, CA  92024-7918 | 8/25/08 | No |
| 224. | Klaft, Richard | No address | 7/22/08 | No |
| 225. | Klodzinski, Gary | P.O. Box 168<br>Anderson, TX  77830 | 7/25/08 | No |

Updated:  11/5/08

LA/824671v1

| No. | Name | Address | Date of Opt-Out | Filed? |
|---|---|---|---|---|
| 226. | Klosterman, Jeffrey and Donna | 10556 Lancaster Lane N. Maple Grove, MN 55369 | 8/18/08 | No |
| 227. | Koch, Isaac | 118 23rd St. PMB 111 Columbus, NE 68601 | 8/12/08 | No |
| 228. | Kolles, Gary J. | 516 W. Dawn Drive Freeland, MI 48623 | 8/5/08 | No |
| 229. | Konrath, Kurt | 2734 E. Gelding Drive Phoenix, AZ 85032 | 10/1/08 | No |
| 230. | Kovach, K.J. | 250 Alpha Lane Hackbery, LA 70645 | 7/30/08 | No |
| 231. | Knutzen, James Rudd and Lavone Irene | 867 Seabright Lane Solana Beach, CA 92075 | 8/5/08 | No |
| 232. | Krauss, John | 5315 Oakdale Drive Oak Lawn, IL 60453-4610 | 8/10/08 | No |
| 233. | Kurek, Richard | 307 Treis Trail Yorktown, VA 23693 | 8/11/08 | No |
| 234. | Kurth, Timothy | 4509 Buchanan Ave. Hawarden, IA 51023 | 8/8/08 | No |
| 235. | Kwong, Benny | 3722 Tracy Street Los Angeles, CA 90027 | 7/28/08 | No |
| 236. | Landry, Gerald L. | 233 Oakview Drive Azusa, CA 91702 | 9/12/08 | No |
| 237. | Lang, Joan | 17 Mountain Avenue Woodstock, VT 05091 | 7/22/08 | No |
| 238. | Langknecht, John M. | 9395 Cloudberry Way Manassas, VA 20110 | 9/22/08 | No |
| 239. | Larson, Richard | P.O. Box 116 _____, NE 68063 | Undated | No |

18

| No. | **Name** | **Address** | **Date of Opt-Out** | **Filed?** |
|---|---|---|---|---|
| 240. | **Latham, Carroll D.** | 919 Forest Oaks Dr. Houston, TX 77017 | 8/18/08 | No |
| 241. | **Lecy Bros. Homes (Roy H. Lecy, President/Owner)** | 15012 Highway 7 Minnetonka, MN | 8/20/08 | No |
| 242. | **Lecy Bros. Construction (Roy H. Lecy, President/Owner)** | 15012 Highway 7 Minnetonka, MN | 8/20/08 | No |
| 243. | **Lecy Bros. Construction, Inc. (Roy H. Lecy, President/Owner)** | 15012 Highway 7 Minnetonka, MN | 8/20/08 | No |
| 244. | **Lebsack, Raymond** | 507 S. Glenbrook Street Greenacres, WA 99016 | 9/20/08 | No |
| 245. | **Lee, Chul Yong** | 326 Congers Avenue Northvale, NJ 07647 | 8/5/08 | No |
| 246. | **Lewis, Bruce** | Gwin, Lewis & Punches, LLP 319 Market Street Natchez, Mississippi 39120 | 7/21/08 | No |
| 247. | **Lewis, Charles N.** | 425 Belvedere Beaumont, TX 77706 | 8/22/08 | No |
| 248. | **Lincoln Farms, Ltd.** | 1305 Timber Lane Glenwood, IA 51534 | 8/10/08 | No |
| 249. | **Lindstrom, Larry W.** | 11873 W. Armga Dr. Boise, ID 83709 | 8/22/08 | No |
| 250. | **Litchfield, Eric** | 26 Almond Way Ocala, FL 34472 | 8/6/08 | No |
| 251. | **Litwiller, Sheldon** | 3781 N. 1500 East Buhl, ID 83316 | 9/22/08 | No |
| 252. | **Lockhart, Kevin J. (Lockhart Harvesting, Inc.)** | P.O. Box 6 Colfax, ND 58018 | 9/12/08 | No |

Updated: 11/5/08

LA/824671v1

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 253. | Loewen, Duane & Kathryn | 1526 N. East Lake Road<br>Newton, KS 67114 | 10/17/08 | No |
| 254. | Long, Steven E. | 8314 E. Morris St.<br>Wichita, KS 67207 | 8/27/08 | No |
| 255. | Longgood, Agatha | P.O. Box 27<br>Chama, NM 87520 | 9/11/08 | No |
| 256. | Lopez, Adriana | 2305 Logsdon Drive<br>North Las Vegas, NV 89032 | 10/13/08 | No |
| 257. | Loucks, Donna | 17312 E. Prentice Circle<br>Centennial, CO 80015 | 9/11/08 | No |
| 258. | Loucks, Kris | 17312 E. Prentice Circle<br>Centennial, CO 80015 | 9/11/08 | No |
| 259. | Lucio, Rogerto<br>(Two Vehicles) | P.O. Box 422<br>Sutherland Springs, TX 78161 | 7/27/08 | No |
| 260. | Lundy, Derek R. | 3893 Savage Forks Road<br>Leesville, LA 71446-5755 | 10/15/08 | No |
| 261. | Maguire, Theresa | 966 Maple Hill Road<br>Castleton, NY 12033 | 7/22/08 | No |
| 262. | Mahalitc, Calvin | 1851 CR 79<br>Eagle Lake, TX 77434 | 7/25/08 | No |
| 263. | Malnic, Michael J. | 449 Chicago Road<br>Earlville, IL 60518 | 7/25/08 | No |
| 264. | Mangum, Timothy Ray | 535 Hidden Path<br>Battleboro, NC 27809 | 9/16/08 | No |
| 265. | Marcum, David | P.O. Box 606<br>Winters, CA 95694 | 8/6/08 | No |

20

LA/824671v1

Updated: 11/5/08

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 266. | **Martin, Lawrence** | 231 Wentzel Road P.O. Box 733 Adamstown, PA 19501 | 9/30/08 | No |
| 267. | **Martin, Melissa H.** | 159 Tutty Loop Houma, LA 70363 | 8/15/08 | No |
| 268. | **Martinez, Elsa I.** | 16439 CR 283 San Antonio, TX 78253 | 10/9/08 | No |
| 269. | **Martinez, Enrique** | 16439 CR 283 San Antonio, TX 78253 | 10/9/08 | No |
| 270. | **Martinez, Hwanju** | 4734 N. Windward Way Clovis, CA 93619 | 8/25/08 | No |
| 271. | **Matthews, Roger Kent** | 18725 St. Andrews Drive Monument, CO 80132-8825 | 8/21/08 | No |
| 272. | **Mauldin, George** | 197 Boat Dock Road Dover, TN 37058 | 7/31/08 | No |
| 273. | **Maxfield, Russell W.** | 3466 E. County Road 20C, Unit B2 Loveland, CO 80537-8928 | 8/25/08 | No |
| 274. | **Maziasz, Michael M.** | 2401 Cheswick Drive Troy, MI 48084-1156 | 7/19/08 | No |
| 275. | **McAllister, Keith** | 2725 Willie Shirah Road Buena Vista, GA 31808 | 8/28/08 | No |
| 276. | **McCarty-Irwin, Susan** | 1 Mormon Route Clayton, NM 88415 | 10/14/08 | No |
| 277. | **McCoy, Andrew M.** | 5547 E. Dolphin Avenue Mesa, AZ 85206 | 9/2/08 | No |
| 278. | **McElwee, Luke** | 18 Kenneth Dr. Rising Sun, MD 21911-2702 | 8/27/08 | No |

LA/824671v1

Updated: 11/5/08

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 279. | McLawhorn, Rebecca P. of McLawhorn Farms | P.O. Box 12272<br>New Bern, NC 28561 | 10/1/08 | No |
| 280. | McManus, Terry L. | 10346 Country Horn<br>San Antonio, TX 78240 | 8/23/04 | No |
| 281. | McMeans, Jeffrey A. | 911 Front St.<br>Richmond, TX 77469 | 09/04/08 | No |
| 282. | McNabb, James A. | 4400 73rd Street<br>Urbandale, IA 50322-1118 | 8/17/08 | No |
| 283. | Meis, J. Anthony | 422 N. 1st Street<br>Pacific, MO 63069-1508 | 10/7/08 | No |
| 284. | Mellis, Carol<br>Mellis, Frank | 304 Hunter Road<br>Longview, WA 98632 | 9/10/08 | No |
| 285. | Menomonee Falls (Village of Menomonee Falls, WI) | W156 N8480 Pilgrim Road<br>Menomonee Falls, WI 53051 | 9/11/08 | No |
| 286. | Menzel, Marvin W. | 720 14th St.<br>Shallowater, TX 79363 | 9/12/08 | Yes<br>119 |
| 287. | Mertz, Joe | 5441 San Gabriel Way<br>Orlando, FL 32837 | 8/25/08 | No |
| 288. | Metzger, Merlin | 4159 Wayne-Trace Rd.<br>Eaton, OH 45320 | 8/15/08 | No |
| 289. | Meza, Adan | 573 Canada Street<br>Jacksonville, TX 75766 | 8/22/08 | No |
| 290. | Michael, Marcia | 13310 Colis Run Ct.<br>Leisberg, OH 45135 | 8/19/08 | No |
| 291. | Michaelson, Lloyd J. | 5700 Corsa Avenue, Suite 200<br>Westlake Village, CA 91362 | 9/15/08 | No |
| 292. | Michaud, David A. and Denise | 43 Denbow Road<br>St. Albans, ME 04971 | 8/22/08 | No |

22

Updated: 11/5/08

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 293. | Mikolajczyk, Patsy A. and James J. | 9240 I Drive, South Cresco, Michigan 49033 | 8/14/08 | No |
| 294. | Miller, Bruce G. | 10 Schoolhouse Road Jim Thorpe, PA 18229 | 8/7/08 | No |
| 295. | Miller, Molly J. & Brian M. | 2451 Montclair Lane Montgomery, Illinois 60538 | 10/14/08 | No |
| 296. | Milnor, Charles | 15 Frogtown Road Ottsville, PA 19842 | 8/4/08 | No |
| 297. | Moll, Daniel | 1069 Jenkins Street Perryville, MO 63775 | 9/11/08 | No |
| 298. | Montgomery, Judy Jo | 3900 Leviston Rd. Bumpass, VA 23032 | 8/13/08 | No |
| 299. | Moore, Bruce L. | 4401 Highway 162 Granite City, IL 62040 | 10/13/08 | No |
| 300. | Moore, Travis | 301 Old Ft. Gates Road Gatesville, TX 76528 | 9/2/08 | No |
| 301. | Moraca, Thomas | 1100 Tamarind Way Boca Raton, FL 33486 | 7/23/08 | No |
| 302. | Morgan, Darrell and Margaret | 16100 St. Hwy. 39 Lexington, OK 73051 | 8/4/08 | No |
| 303. | Morris, Brenna Su | 475 Coffman Road Marietta, OH 45750 | 8/1/08 | No |
| 304. | Morris, Aubrey Lee | 122 Orchard Crest Clinton, TN 37716 | 8/5/08 | No |
| 305. | Morrow, James | 5 Winged Foot Ct. Lufkin, TX 75901 | 8/7/08 | No |
| 306. | Morts, Francis | 626N 2100 E Rd. Milford, Illinois 60953 | 8/9/08 | No |

Updated: 11/5/08

LA/824671v1

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 307. | **Mundt, James** | 4180 Greenside Court<br>Dacula, GA  30019 | 8/8/08 | No |
| 308. | **Nance, Ronnie (Nance Contractors, Inc.)** | 1988 Suwanee Roberts Court<br>Lawrenceville, GA  30043 | 8/4/08 | No |
| 309. | **Nelson, David Brit** | 11211 Patridge Dr.<br>Houston, TX  77002 | 8/18/08 | No |
| 310. | **Nelson, Ginna** | P.O. Box 29<br>Fischer, TX  78623 | 8/23/08 | YesNo<br>108No |
| 311. | **Nichols, Curtis R. and Anita** | P.O. Box 821<br>Coos Bay, Oregon  97420 | 9/8/08 | No |
| 312. | **Nichols, Gary L.** | 5632 Lynnbrook Plaza<br>Yorba Linda, CA  92886 | 10/1/08 | No |
| 313. | **Nilles, Robert D.** | 2491 Elm Ave.<br>Gilmore City, IA  50541 | 9/16/08 | No |
| 314. | **Nilles, Wendy M.** | 2491 Elm Avenue<br>Gilmore City, IA  50541 | 9/11/08 | No |
| 315. | **Nolen, O'neal Dale** | P.O. Box 1396<br>Grayson, KY  41143 | 8/11/08 | No |
| 316. | **Norris, Walter B.** | 107 21st Street<br>Mexico Beach, FL  94111 | 8/16/08 | No |
| 317. | **Oakey, Kendel** | 581 E 500 N<br>Orem, UT  84097 | 9/1/08 | No |
| 318. | **Olsen, Arthur W.** | 23215 420th Street<br>Lake Mills, IA  50450 | Undated | No |
| 319. | **Osborne, Gary and Deborah** | 3404 Wentworth Way<br>Highland Village, TX  75077 | 8/18/08 | No |
| 320. | **Osowski, Thomas P. and Connie M.** | 7281 S. Lincoln Way<br>Centennial, CO  80122-1145 | 8/20/08 | No |

LA/824671v1

Updated:  11/5/08

Case 2:08-cv-00412-JC   Document 31-2   Filed 11/7/08   Page 96 of 107

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 321. | Pankey, Keith and Michelle | 4471 Clear Creek Road Ellijay, GA 30536 | 9/27/08 | No |
| 322. | Pannell, George W. | 6508 N. 50 E. Fortville, IN 46040-9775 | 9/2/08 | No |
| 323. | Pappas, Spiro | 10509 Beinhorn Houston, TX 77024 | 8/19/08 | No |
| 324. | Parker, Charles | 4515 18th Pl. S. Salem, OR 97302-2402 | 9/25/08 | No |
| 325. | Parker, James | 13709 Quaking Aspen Pl., NE Albuquerque, NM 87111 | 9/1/08 | No |
| 326. | Parsley, James | 750 Countrywood Circle Sour Lake, TX 77659 | 8/22/08 | No |
| 327. | Parsons, Carl S. | 7659 South Fort Road Moorefield, WV 26836 | 9/29/08 | No |
| 328. | Pavill, Martin | 1030 Gates Road Savertown, PA 18708-9595 | 7/23/08 | No |
| 329. | Pepper, Brenda Sue | 3922 Mannie Road Rolling Fork, MS 39159 | 7/21/08 | No |
| 330. | Perko, Jeff | 1043 Serpentine Lane, Suite 1 Pleasonton, CA 94566 | 7/30/08 | No |
| 331. | Peternell, Carl | 223 Angle Rock Springs, WY 82901 | 8/25/08 | No |
| 332. | Peters, Cynthia J. | 10332 South 159th Street Gilbert, AZ 85234 | 8/6/08 | No |
| 333. | Peters, Ronald | 8890 91st Ave., NW Powers Lake, N. Dakota 58773 | 8/5/08 | No |
| 334. | Pfister, Darryl | 6032 East River Street P.O. Box 334 Indian River, MI 49749-0334 | 7/29/08 | No |

25

Updated: 11/5/08

| No. | Name | Address | Date of Opt-Out | Filed? |
|---|---|---|---|---|
| 335. | Phillips, Bradley C. | 1120 Taylor Broome Road<br>Chickamauga, GA 30707 | 9/22/08 | No |
| 336. | Phillips, David | 221 Riverford Road<br>Maryville, TN | 8/10/08 | No |
| 337. | Pieper, Lyla | 7688 40th Street, N.W.<br>Williams, MN 56686 | 7/30/08 | No |
| 338. | Plaeg, Avandea (Mid Frisisan Dairy) | 507 Curry Road 8<br>Clovis, NM 88101 | 9/4/08 | No |
| 339. | Plath, Curtis L. and Shayne | 8350 88th Street South<br>Cottage Grove, MN 55016 | 10/17/08 | No |
| 340. | Polydoros, Pamela and Nick | 41714 N. Signal Hill Ct.<br>Anthem, AZ 85086 | Undated | Yes 111 |
| 341. | Posada, Dolores J. | 2106 "B" Avenue<br>National City, CA 91950-6733 | 9/26/08 | No |
| 342. | Prindiville, J. | 1600 Revere Lane<br>Wall, NJ 07753 | 7/26/08 | No |
| 343. | Proctor, Leonard | 26191 Pioneer Lane<br>Parma, Idaho 83660 | 9/22/08 | No |
| 344. | QVC, Inc. | Daniel J. Feiner, Esq.<br>Associate Counsel, QVC, Inc.<br>M/C 207<br>West Chester, PA 19380 | 09/03/08 | No |
| 345. | Rabeaux, Linda | 1704 Juanita Street<br>New Iberia, LA 70560 | 10/14/08 | No |
| 346. | Rains, Shirley M. | 78 Brown Road<br>Vilonia, AK 72173 | 8/20/08 | No |
| 347. | Ramey, Harvey | 108 Brunson Drive<br>Pickens, SC 29671 | 9/5/08 | No |
| 348. | Ramirez, Erasmo | 3605 S. Parrton Street<br>Santa Ana, CA 92707 | 8/25/08 | No |

26

Updated: 11/5/08

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 349. | Ratleff, Roy J. | 1378 Sunset Dr. Slidell, LA 70460-2565 | 8/12/08 | No |
| 350. | Ratliff, Brent Dawes | 1602 Spring Creek Ct. Keller, TX 76248 | 8/19/08 | No |
| 351. | Ravis, Alexander S. and Kathy | 7710 Cemetary Road Vermilion, OH 44089 | 10/20/08 | No |
| 352. | Reale, Dennis | 108 Thoreau Way, Apt. 735 Lawrence, MA 01843 | 8/23/08 | No |
| 353. | Reichle, Gregory (American Wilbert Vault Corporation) | P.O. Box 146 Forest Park, IL 60130 | 8/1/08 | No |
| 354. | Reid and James P.C. (R. Ried, President) | 307 East Court Street Flint, Michigan 48502 | 7/18/08 | No |
| 355. | Richardson, Morris Wade | 200 Cahaba Park Circle Suite 125 Birmingham, Alabama 35242 | 8/12/08 | No |
| 356. | Rickard, Kevin D. | 317 McGill Avenue Ventura, CA 93003 | 9/10/08 | No |
| 357. | Riegel, Bryan V. | 11765 W. Darkwood Ct. Star, ID 83669 | 09/03/08 | No |
| 358. | Riendeau, Aldoria A. | 18062 Mimosa Ave. Robertsdale, AL 36567 | 8/8/08 | No |
| 359. | Riskus, Troy | 243 Polk Street Rock Springs, WY 82901 | 8/23/08 | No |
| 360. | Robinson, James R. | 5890 Windy Ridge Road West Point, MS 39773 | 10/17/08 | Yes 154 |
| 361. | Robison, Vince and Mailyn | 6017 Chestnut Court Edmond, OK 73025 | 8/14/08 | |

27

Updated: 11/5/08

| No. | Name | Address | Date of Opt-Out | Filed? |
|---|---|---|---|---|
| 362. | Rogers, Natasha | 150 Riverview Road<br>Jackson, GA 30233 | 8/2/08 | No |
| 363. | Roloff, Arthur | 2682 River Road<br>Willoughby Hills, Ohio 44094 | 10/6/08 | No |
| 364. | Romeo, Steven | 3921 Simms Street<br>Wheat Ridge, CO 80033 | 7/31/08 | No |
| 365. | Roraback, Rodney | DBA Nuwave Homes<br>17915 NW Park View Blvd.<br>Portland, OR 97229-3442 | 8/25/08 | No |
| 366. | Roudebush, Elvon | 291 George Anderson Road<br>Medina, TN 38355 | 7/31/08 | No |
| 367. | Rowehl, John | 55 Stricker Dr.<br>York Haven, PA 17370-9116 | 8/18/08 | No |
| 368. | Ruschke, Gerald | 1731 Wright Drive<br>Sandwich, IL 60548 | 10/16/08 | No |
| 369. | Ruvalcaba, Esperanza and Antonio | 4011 Pontiac Avenue<br>Riverside, CA 92509 | 10/14/08 | No |
| 370. | Sadler, J.W. | 11406 Greenville Road<br>Hopkinsville, KY 42240 | 7/31/08 | No |
| 371. | Sadler, Robert M. | 1946 John Towers Ave.<br>El Cajon, CA 92020 | 8/11/08 | No |
| 372. | Safety International, Inc.<br>(Kelly Phillips, Manager) | 2412 East I-20<br>Odessa, TX 78766<br>P.O. Box 12060<br>Odessa, TX 70868-2060 | 8/25/08 | No |
| 373. | Salic, Michael R. and Joanna K. | 1868 270th Ave.<br>Granada, MN 56039 | 9/14/08 | No |

LA/824671v1
Updated: 11/5/08

| No. | Name | Address | Date of Opt-Out | Filed? |
|---|---|---|---|---|
| 374. | **Sallee, Steve** | 106 S. Washington St. P.O. Box 77 Saybrook, IL 61770 | 9/4/08 | No |
| 375. | **Samuel, Trevor N.** | 11330 Trotting Horse Lane Jacksonville, FL 32225 | 8/4/08 | No |
| 376. | **Sandoval, Juan** | 330 Ell Street Brawley, Ca 92227 | 9/11/08 | No |
| 377. | **Sanford, Francis H. Sanford, Mary B.** | 199 W Road Fall River, KS 67047-4728 | 8/26/08 | No |
| 378. | **Schaubhut, Dwayne** | 135 Lot 2 Dufrene Lane Des Allemands, LA 70030 | 7/28/08 | No |
| 379. | **Schleicher, Lloyd O.** | 1720 Washington St., N.E. Minneapolis, MN 55413-1338 | 8/11/08 | No |
| 380. | **Schwartz, Brian and Phillis** | 15677 Highway 135 Stover, MO 65078 | 7/29/08 | No |
| 381. | **Sealy, Taylor, P.E.** | 3818 Glen Arbor Dr., Apt. 5 Houston, TX 77025 | 8/18/08 | No |
| 382. | **Sensenig's Wood Shavings (Sensenig, Eugene, Owner)** | 375 Lausch Road Denver, PA 17517 | 8/29/08 | No |
| 383. | **Sharp & Williams, Inc. (Jeff Spruell)** | 202 W. 9th Street Mt. Carmel, IL 62863 | 8/20/08 | No |
| 384. | **Shively, Catherine** | 2700 Ski Trail Lane Steamboat Springs, CO 80487 | 9/23/08 | No |
| 385. | **Shumaker, Roger** | 11069 Quincy Street Zeeland, Michigan 49464 | 7/25/08 | No |
| 386. | **Simmons, Leslie** | lvsimmons@wildblue.net | 10/17/08 | No |
| 387. | **Sims, Leonard H.** | 8423 Timber Loche San Antonio, TX 78250-4466 | 8/17/08 | No |

Updated: 11/5/08

LA/824671v1

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 388. | **Sinclair, Norman D.** | 1175 NoHighland Greens Dr. VeNonice, FL 34285 | 8/21/08 | No |
| 389. | **Sisk, Ray** | 10178 Marvil Drive Laurel, DE 19956 | 8/2/08 | No |
| 390. | **Skaggs, Elward E.** | 717 German St. Lacon, IL 61540-1716 | 8/22/08 | No |
| 391. | **Skeens, Nancy J.** | 42 Sycamore Dr. Hyde Park, NY 12538 | 8/12/08 | No |
| 392. | **Slater, M. Elizabeth** | 15133 Pleasant Grove Drive Disputanta, VA 23842 | 8/7/08 | No |
| 393. | **Smith, Elwin R.** | 5339 Coroner Drive Jacksonville, FL 32205 | 8/6/08 | No |
| 394. | **Smith, Frank** | 2960 U.S. Highway 34 Altona, Illinois 61414 | 9/11/08 | No |
| 395. | **Smtih, Rita** | 2960 U.S. Highway 34 Altona, Illinois 61414 | 9/11/08 | No |
| 396. | **Smithlin, Nona** | 22850 Henna Ave. N. Forest Lake, MN 55025-8535 | 8/11/08 | No |
| 397. | **Snyder, Edwin G., Jr.** | 36330 Boyce Clinton Township, Michigan 48035 | 7/17/08 | No |
| 398. | **Snyder, John M.** | 5006 Snow Drive Frederick, MA 21703 | 9/3/08 | No |
| 399. | **Southwest Gas Corporation** | Keith A. Brown Associate General Counsel Southwest Gas Corporation 5241 Spring Mountain Rd. Las Vegas, Nevada 89150-0002 | 09/05/08 | No |

Updated: 11/5/08

LA/824671v1

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 400. | **Spahn, Tommy** | c/o Prestigious Pool Care, Inc. 9900 Highway 71 South Fort Smith, AR 72916 | 9/10/08 | Yes 117 |
| 401. | **Specialty Construction, Inc. (Jaime Wallace, Executive Assistant)** | 645 Clarion Court San Luis Obispo, CA 93401 | 8/27/08 | No |
| 402. | **Starke, Robert G.** | 73 N 600 E Greentown, IN 46936 | 8/25/08 | No |
| 403. | **State Farm Mutual Automobile Insurance Company (Mary T. Lindstrom, Counsel)** | One State Farm Plaza Bloomington, IL 61710-0001 | 8/12/08 | No |
| 404. | **Stehling, Stephen** | Stephen.Stehling@tylertech.com | 10/2/08 | No |
| 405. | **Stephens, Robert F.** | 4655 Miami Road Cincinnati, OH 45243 | 10/14/08 | No |
| 406. | **Stewart, Gordon H.** | 173 W. Church St. Mocksville, NC 27038 | 8/11/08 | No |
| 407. | **Stewart, Ken** | 7107 West Turquoise Avenue Peoria, AZ 85345 | 9/9/08 | No |
| 408. | **Stewart, Troy** | 2436 Highway 820 Chouchant, LA 71227 | 8/4/08 | No |
| 409. | **Stuckey, Mike** | 3768 County Road 25 Archbold, OH 43502 | 7/21/08 | No |
| 410. | **Sullivan, Joseph S.** | 4J Welding LLC 5911 Thirty Three Mile Rd. Casper, WY 82604 | 09/06/08 | No |
| 411. | **Surber, Olen** | 421 Candleglo San Antonio, TX 78239 | 9/10/08 | No |

31

Updated: 11/5/08

LA/824671v1

| No. | **Name** | **Address** | **Date of Opt-Out** | **Filed?** |
|---|---|---|---|---|
| 412. | **Svendsen, Randy and Valerie** | 30271 445th Ave. Volin, SD 57072 | 8/11/08 | No |
| 413. | **Swartzendruber, Lynn A.** | 30685 Lagoon Road Minier, IL 61759 | 10/16/08 | No |
| 414. | **Tams, Elvon** | 1424 Maryland Avenue Myrtle Point, OR 97458 | 7/29/08 | No |
| 415. | **Teal, James** | P.O. Box 43 Wallace, SC 29596 | 8/5/08 | No |
| 416. | **Teeter, Joe** | 7935 Buckhorn Drive Sanger, CA 93657-9021 | 9/8/08 | No |
| 417. | **Termaat, Glenden** | 12000 Panama Road Hickman, NE 68372-7008 | 9/15/08 | No |
| 418. | **Terra Contracting, Inc. (Todd Witther)** | Todd Wittlief Operations Manager Terra Contracting, Inc. 5980 West Cougar Ave. Las Vegas, NV 89139 | 09/04/08 | No |
| 419. | **Terra Contracting in Arizona (Todd Witther)** | Todd Wittlief Operations Manager Terra Contracting, Inc. 18378 Piedmont Rd. Goodyear, AZ 85338 | 09/04/08 | No |
| 420. | **Terry, Timothy A.** | 3232 Villanova Street Dallas, TX 75225-4839 | 10/16/08 | No |
| 421. | **Thatcher, Charles** | 100 Fifth Avenue Peebles, Ohio 45660 | 7/27/08 | No |
| 422. | **Thiel, Donald** | P.O. Box 1835 Little Egg Harbor, NJ 08087 | 7/30/08 | No |
| 423. | **Thompson, Jack D.** | 425 Sequachee Drive Whitwell, TN 37397 | 7/28/08 | No |

32

Updated: 11/5/08

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 424. | Thompson, James O. | 7401 S. Mulford Rd.<br>Cherry Valley, IL  61016 | 8/11/08 | No |
| 425. | Thompson, Jerome | 961 Kimball Lane<br>Safford, AZ  85546 | 9/3/08 | No |
| 426. | Thompson, Robert and Juanita | 13757 Ginger Loop<br>Penn Valley, CA 95946 | 8/20/08 | No |
| 427. | Three Rivers Housing | P.O. Box 306<br>Three Rivers, TX  78071 | 7/28/08 | No |
| 428. | Turner, Judy | P.O. Box 103<br>Moore, TX  78057 | 8/1/08 | No |
| 429. | Tuttle, Polly | 1210 Westwood Drive<br>Henderson, TX  75654 | 9/25/08 | No |
| 430. | Tye, James | 2401 Greenbriar<br>Opelika, AL  36801 | 8/7/08 | No |
| 431. | Valentine, Loyd | P.O. Box 432<br>Edgewood, TX  75117 | 7/25/08 | No |
| 432. | Van Overbeke, Pamela K. | P.O. Box 185<br>109 E. Lake Avenue<br>Russell, MN  56169 | 09/02/08 | No |
| 433. | VanRiper, Gary A. | 903 Malzahn Street<br>Saginaw, MI  48602 | 8/6/08 | No |
| 434. | Vanni, Sharon L. and Don | 11891 Calle Cielo<br>Gilroy, CA  95020 | 8/6/08 | No |
| 435. | Varatta, Joseph D. (Rawdon Myers, Inc.) | 300 Milford Parkway<br>Milford, OH  45150 | 8/5/08 | No |
| 436. | Vernali, Lisbeth | 5937 Berryhill Road<br>Milton, FL  32570 | 9/10/08 | No |

Updated:  11/5/08

LA/824671v1

Case 2:08-cv-00105-C Document 31-2 Filed 11/7/08 Page 103 of 107

| No. | Name | Address | Date of Opt-Out | Filed? |
|---|---|---|---|---|
| 437. | Vicenti, Irene | P.O. Box 444<br>Zuni, New Mexico 87327 | 7/20/08 | No |
| 438. | Vidal, Michael | 13681 Piedmont Vista Drive<br>Haymarket, VA 20169 | 8/6/08 | No |
| 439. | Wade, James D. | 2785 Christmasville Road<br>Jackson, TN 38305 | 9/29/08 | No |
| 440. | Wadsworth, George | Hardee County Farm Bureau<br>1017 U.S. Highway 17 N.<br>Wauchula, FL 33873 | 8/18/08 | Yes<br>104 |
| 441. | Wagner Law Office, P.C.<br>Wagner, Robert J., President | 103 West Kemp<br>Watertown, SD 57201 | 9/3/08 | No |
| 442. | Wall, Jeffery | 346 Ruby Lane<br>Montreal, MO 65591 | 7/28/08 | No |
| 443. | Wallace, Clarence | 50 Baseline Drive<br>Morehead, KY 40351 | 8/5/08 | No |
| 444. | Walton, Kenneth H. | 322 Harvestwood Court<br>Madison, AL 35758 | 8/11/08 | No |
| 445. | Wardenburg, Peter (Hydrofarm, Inc.) | 2249 South McDowell Ext.<br>Petaluma, CA 94954 | 7/29/08 | No |
| 446. | Warren, Bruce W. | Warren, Carlson & Moore, L.L.P.<br>6964 N. 79th Street<br>P.O. Box 610<br>Niwot, CO 80544-0610 | 8/20/08 | No |
| 447. | Waterman, Nicole C. | 543 Harvey Hill Road<br>Trumansburg, NY 14886 | 8/2/08 | No |
| 448. | Weant, Robert E. | 5504 Shawnee Drive<br>Huntington, WV 25705 | 8/24/08 | No |

34

Updated: 11/5/08

LA/824671v1

| No. | Name | Address | Date of Opt-Out | Filed? |
|---|---|---|---|---|
| 449. | Weaver, John E. | 1565 Maplewood Dr. Slidell, LA 70458 | 8/11/08 | No |
| 450. | Wegner, Catherine and B.H. | 1620 Cimmaron Trail Tyler, TX 75703-7616 | 8/24/08 | No |
| 451. | Weinberg, Daniel (Adsum, Inc.) | 2700 Bardy Road Santa Rosa, CA 95404 | 7/31/08 | No |
| 452. | Wells, John A. | 20 Gibson Street Bergen, NY 14416 | 10/7/08 | No |
| 453. | White, Brad | 3704 S. Braden Place Tulsa, OK 74135-5510 | 8/20/08 | No |
| 454. | White, Anthony C. and Donna | 9411 Highpoint Road Villa Rica, GA 30180 | 8/5/08 | No |
| 455. | Whitley, James R. | 143 Rolling Meadows Drive Bowling Green, KY 42101 | 9/18/08 | No |
| 456. | Wiebe, Abe | P.O. Box 1622 Seminole, TX 79360 | 9/9/08 | No |
| 457. | Willbur, Earl D. | 361 E. Hickory Road Battle Creek, MI 49017 | 9/18/08 | No |
| 458. | Williams, Don W. | 8849 Fm 726 South Gilmer, TX 75645 | 8/16/08 | No |
| 459. | Willis, Guy A., Jr. | 2690 Mirabella St. Henderson, NV 89052 | 8/26/08 | No |
| 460. | Wilson, Matthew G. | 771 Goodstein Drive Casper, WY 82601 | 9/3/08 | No |
| 461. | Wise, Mervin | 1924 Gravel Road Seneca Falls, NY 13148 | 10/14/08 | No |
| 462. | Wolfe, Ashton T. | 17321 Tye Street South, Suite B Monroe, WA 98272-1047 | 8/26/08 | No |

Updated: 11/5/08

LA/824671v1

Case 2:08-cv-04105-CC  Document 31-2  Filed 11/27/08  Page 101 of 101

| No. | Name | Address | Date of Opt-Out | Filed? |
|-----|------|---------|-----------------|--------|
| 463. | Wood, Brian | 445 Quail Valley Farm Road Oneonta, Alabama 35121 | 8/8/08 | No |
| 464. | Woods, Jr., Walter W. | 6 – 3rd St. Vaughn, MT 59487 | 8/10/08 | No |
| 465. | Workman, Jed | 518 S. 12th St. Murray, KY 42071 | 8/12/08 | No |
| 466. | Worrall, Sharon R. | 710 E. Baldwin St. St. Johns, MI 48879 | 8/20/08 | No |
| 467. | Zaiger, James | 6100 Hess-Benedict Road Waynesboro, PA 17268 | 7/28/08 | Yes 88 |
| 468. | Ziemer, Roger M. and Beverly J. | 249 221st Avenue, N.W. Cedar, MN 55011 | 10/15/08 | No |

Updated: 11/5/08

LA/824671v1