# EXHIBIT 8

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| TRONOX INCORPORATED, et al.,[1] | ) ) | Case No. 09-10156 (ALG) |
| Debtors. | ) ) | Jointly Administered |
|  | ) |  |

## ORDER (A) SETTING BAR DATES FOR FILING PROOFS
## OF CLAIM, (B) APPROVING THE FORM AND MANNER FOR
## FILING PROOFS OF CLAIM AND (C) APPROVING NOTICE THEREOF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) establishing the deadline for filing claims in these chapter 11 cases (the "Chapter 11 Cases"), (b) approving the form and manner for filing such claims and (c) approving notice thereof; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

1.     The Motion is granted.

---

[1]     The Debtors in these cases include:  Tronox Luxembourg S.ar.L; Tronox Incorporated; Cimarron Corporation; Southwestern Refining Company, Inc.; Transworld Drilling Company; Triangle Refineries, Inc.; Triple S, Inc.; Triple S Environmental Management Corporation; Triple S Minerals Resources Corporation; Triple S Refining Corporation; Tronox LLC; Tronox Finance Corp.; Tronox Holdings, Inc.; Tronox Pigments (Savannah) Inc.; and Tronox Worldwide LLC.

[2]     Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Motion.

2.     Pursuant to Bankruptcy Rule 3003(c)(3), except as provided in paragraph 7 hereof, all persons and entities (including individuals, partnerships, corporations, joint ventures, trusts, and governmental units), holding or wishing to assert a claim, as that term is defined in section 101(5) of the Bankruptcy Code (each, a "Claim"), against any of the Debtors that arose on or prior to the filing of the Debtors' Chapter 11 Cases on January 12, 2009, are required to file proof of such Claim (a "Proof of Claim") pursuant to the procedures and on or before the deadlines (each a "Bar Date" and, collectively, the "Bar Dates") established by this Order.

3.     Except as expressly provided herein, each and every Proof of Claim for a Claim that arose before the Petition Date against any of the Debtors, including a Claim pursuant to section 503(b)(9) of the Bankruptcy Code, in these Chapter 11 Cases shall be actually received on or before **August 12, 2009 at 8:00 5:00 p.m. (Eastern Time) (Pacific Time)** (the "Bar Date").

4.     Pursuant to Bankruptcy Rule 3003(c)(2), all creditors that fail to comply with this Order by timely filing a Proof of Claim in appropriate form shall not be treated as a creditor with respect to such Claim for purposes of voting on a chapter 11 plan and distribution thereunder on account of such Claim.

5.     The standard form of Proof of Claim (the "Proof of Claim Form") attached to the Motion as Exhibit B is hereby approved.

6.     The following rules shall govern the completion and filing of each Proof of Claim:

a.     Each Proof of Claim must conform substantially with the Proof of Claim Form or Official Form No. 10;

b.     All Proofs of Claim must be **actually received** no later than **8:00 5:00 p.m. (Eastern Time) (Pacific Time) on August 12, 2009** at the following address:

2

**Tronox Claims Processing Center**
**c/o Kurtzman Carson Consultants LLC**
**2335 Alaska Ave.**
**El Segundo, CA 90245**

Proof of Claim must be delivered to the above address by first class U.S. mail (postage prepaid), in person, by courier service, or by overnight delivery;

**The Debtors' notice and claims agents, Kurtzman Carson Consulting LLC ("KCC"), will not accept a Proof of Claim sent by facsimile or e-mail;**

c.    Each Proof of Claim will be deemed filed only when received;

d.    Each Proof of Claim must: (i) be signed by the creditor or if the creditor is not an individual, by an authorized agent of the creditor; (ii) be written in English; (iii) include a Claim amount denominated in United States dollars; (iv) state a Claim against only one Debtor; and (v) clearly indicate the Debtor against which the creditor is asserting a Claim;

e.    Each Proof of Claim must include supporting documentation (or, if such documentation is voluminous, a summary of such documentation) or an explanation as to why such documentation is not available; provided, however, that a Proof of Claim may be filed without supporting documentation upon the prior written consent of the Debtors and any other party in interest; provided, further, that any creditor that received such written consent shall be required to transmit such writings to the Debtors or other party in interest upon request no later than ten (10) days from the date of such request; and

f.    A creditor who wishes to receive acknowledgment of receipt of its Proof of Claim Form may submit a copy of the Proof of Claim Form and a self-addressed, stamped envelope to KCC along with the original Proof of Claim Form.

7.    Parties are not required to submit Proofs of Claim or interest in accordance with

the procedures established herein for the following ~~categories of Claims~~:

a.    Any Claim for which a Proof of Claim has already been filed against the Debtors with the Clerk of the Court (the

"Clerk") in a form substantially similar to Official Bankruptcy Form No. 10;

b.      Any Claim that is listed on the Debtors' Schedules; <u>provided</u>, <u>however</u>, that: (i) the Claim is not scheduled as "disputed," "contingent" or "unliquidated"; (ii) the Claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) the Claimant does not dispute that the Claim is an obligation of the specific Debtor(s) as set forth in the Schedules;

c.      Any Claim that has been allowed previously pursuant to an order of this Court;

d.      Any Claim against a Debtor that has been paid in full by any of the Debtors or any other party;

e.      Any Claim that is subject to specific deadlines, aside from those established pursuant to this Order, fixed by this Court;

f.      Any Claim held by a Debtor in these Chapter 11 Cases;

g.      Any Claim held by a current employee of the Debtors for Wages and Benefits (as defined in the order of this Court entered on February 6, 2009 [Dkt. No. 143] authorizing the Debtors to honor Claims for Employee Wages and Benefits);

h.      Any Claim that is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges ("Debt Claim") owed under any bond or note issued by the Debtors pursuant to an indenture (a "Debt Instrument"); <u>provided</u>, <u>however</u>, that: (i) an indenture trustee under a Debt Instrument (the "Indenture Trustee") must file one Proof of Claim, on or before the Bar Date, with respect to all of the amounts owed under each of the Debt Instruments and (ii) any holder of a Debt Claim wishing to assert a Claim, other than a Debt Claim, arising out of or relating to a Debt Instrument must file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

i.      Any Claim or interest that is based on an interest in an equity security of the Debtors; <u>provided</u>, <u>however</u>, that any ~~Claimant~~ person who wishes to assert a Claim against any of the Debtors based on, without limitation, Claims for

damages or rescission based on the purchase or sale of an equity security, must file a Proof of Claim on or before the Bar Date;[3] and

j.      Any Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' Chapter 11 Cases, with the exception of any Claim allowable under section 503(b)(9) of the Bankruptcy Code, which is subject to Bar Date as provided above.

8.      In the event the Debtors amend or supplement their schedules of liabilities (collectively, the "Schedules"), the Debtors shall give notice of any amendment or supplement to the holders of any Claim affected thereby, and such holders shall be afforded thirty (30) days from the date on which such notice is given or until the Bar Date, if the Bar Date is later, to file a Proof of Claim with respect to their Claim or be forever barred from doing so.

9.      The holder of any Claim that arises from the Debtors' rejection of any executory contract or unexpired lease after the date of entry of this Order shall file a Proof of Claim based on such rejection by the later of (a) the Bar Date, (b) a date provided in an order authorizing the Debtors to reject (or notice of rejection of) an executory contract or unexpired lease or (c) if no date is provided, thirty (30) days after the date of any order authorizing such rejection or notice of such rejection is entered.

10.     The Debtors, with the assistance of KCC, are hereby authorized and directed to serve the following materials by first class U.S. mail, postage prepaid, on all known creditor holding actual or potential Claims no later than five (5) business days after the date of entry of this Order:  (a) written notice of the Bar Date in substantially the form annexed to the Motion as

---

[3]    The Debtors reserve all rights with respect to any such Claims including, *inter alia*, to assert that such Claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code

Exhibit C, (the "Bar Date Notice"); and (b) the Proof of Claim Form (collectively, the "Bar Date

Package").

11.     The Bar Date Notice, substantially in the form attached to the Motion as

Exhibit C, is hereby approved.

12.     KCC is further authorized and directed to mail the Bar Date Package no later than

five (5) business days after the date of entry of this Order to the following parties:

a.     The U.S. Trustee;

b.     Counsel to the agent for the Debtors' prepetition and postpetition secured lenders;

c.     Counsel to the Creditors' Committee;

d.     Counsel to the Equity Committee;

e.     Anadarko Petroleum Corporation;

f.     The ~~United States Attorney for the Southern District of New York~~ Attorney General of the United States or such other officer, as appropriate, on behalf of the United States Department of Justice, the Environmental Protection Agency, and the Securities and Exchange Commission;

g.     All persons or entities that have requested notice of the proceedings in the Chapter 11 Cases;

h.     All persons or entities that have filed Claims against the Debtors as of the date of entry of this Order;

i.     All creditors and other known holders of Claims against the Debtors as of the date of entry of this Order, including all persons or entities listed in the Schedules as holding Claims against one or more of the Debtors;

j.     All parties to executory contracts and unexpired leases of the Debtors listed on the Schedules;

k.     All parties to litigation with the Debtors or, where individual addresses are not available, through their counsel of record;

l.     The Attorney General of the United States or the United States Attorney for the Southern District of New York **or such other officer,** as appropriate, on behalf of the Environmental Protection Agency, and other agencies and instrumentalities of the Unites States of America;

6

09-50026-reg   Doc 4066   Filed 05/29/09   Entered 05/29/09 15:34:17   Main Document
Pg 7 of 40

> m.   State attorneys general for the states in which the Debtors'
>       property is located;
>
> n.   The Internal Revenue Service;
>
> o.   The Debtors' current employees, and the Debtors' former
>       employees to the extent that contact information for former
>       employees is available in the Debtors' records; and
>
> p.   Such additional persons and entities as deemed appropriate
>       by the Debtors.

13.   The Debtors are further directed, with the assistance of KCC, to include the following information on every Proof of Claim Form that they supply to a creditor whose Claim is listed on the Debtors' Schedules: (a) the amount of such creditor's Claim against the applicable Debtor (if such information is reasonably ascertainable), as reflected in the Schedules; (b) the type of Claim held by such creditor (i.e., non-priority unsecured, priority unsecured or secured), as reflected in the Schedules; and (c) whether such Claim is contingent, unliquidated or disputed as reflected in the Schedules.  Any person or entity that receives the Proof of Claim Form is authorized to correct any incorrect information contained in the name and address portion of such form.

14.   The Debtors are hereby authorized to provide supplemental mailings of the Bar Date Package as may be necessary in situations, including, without limitation, (a) notices that are returned by the post office with forwarding addresses, (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to bondholders and equity holders) that decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing and (c) additional potential creditors that become known as the result of the Bar Date noticing process.  Such mailings made at any time up to 30 days in advance of the Bar Date are hereby deemed timely.  Notwithstanding the foregoing, the Debtors shall not be required to provide any additional notice to any creditor to whom the Debtors mailed the Bar

Date Package in accordance with the terms of this Order and such notice was returned to the Debtors as undeliverable without a forwarding address.

15.     Pursuant to Bankruptcy Rule 2002(f), the Debtors shall give notice of the Bar Dates by publishing the Bar Date Notice, modified for publication in substantially the form annexed to the Motion as Exhibit D (the "General Publication Notice"), in *The Wall Street Journal* on one occasion on or before July ~~12~~ 10, 2009.  The General Publication Notice shall include a telephone number that creditors may call to obtain copies of the Proof of Claim Form, a URL for a website where the creditors may obtain a copy of a Proof of Claim Form, and information concerning the procedures for filing Proofs of Claim.  The Debtors are authorized to enter into such transactions to cause such publication to be made and to make reasonable payments required for publication.

16.     The Debtors shall also give notice of the Bar Dates by publishing certain Site-Specific Publication Notices, modified for publication in substantially the form attached to the Motion as Exhibit E, in the publications listed in Exhibit F to the Motion, on one occasion on or before July ~~12~~ 10, 2009.  The Debtors are authorized to enter into such transactions to cause such publication to be made and to make reasonable payments required for publication.

17.     The forms of the General Publication Notice and the Site-Specific Publication Notices substantially in the form attached to the Motion as Exhibits D and E are hereby approved.

18.     The Debtors, with the assistance of KCC, are authorized to mail the Bar Date Notice to counsel~~s~~ of record for Tort Claimants for whom the Debtors lack personal information.

19.     The Debtors are authorized ~~to establish~~ without further notice to file with the Court one or more orders establishing additional Bar Dates, as necessary, (the "Supplemental

Bar Dates") with respect to (a) creditors as to whom a remailing of the Bar Date Package is appropriate, but which cannot be accomplished in time to provide at least thirty (30) days' notice of the Bar Date and (b) other creditors that become known to the Debtors after the applicable Bar Date; provided, however, that the Debtors obtain the written consent of the Creditors' Committee before establishing a Supplemental Bar Date~~;~~. ~~provided, further, that the Debtors advise the Court of a Supplemental Bar Date by filing notice of such Supplemental Bar Date which identifies the Supplemental Bar Date and the creditors subject thereto.~~ In the event the Debtors establish a Supplemental Bar Date, the Debtors shall mail a Bar Date Package, modified to include the Supplemental Bar Date, to Claimants who are subject to the Supplemental Bar Date within thirty (30) days of any Supplemental Bar Date.

20.    Notice of the Bar Dates as set forth in this Order and in the manner set forth herein (including the Bar Date Notice, the Bar Date Package, the General Publication Notice, the Site-Specific Publication Notices, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates (including with respect to any environmental or tort Claims arising from or relating to the Legacy Businesses), and satisfies the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and General Order M-279.

21.    The Debtors are authorized, in their discretion and upon the written consent of the Creditors' Committee, to extend a Bar Date by stipulation where the Debtors determine that such extension is in the best interests of the Debtors and their estates.

22.    The Debtors are authorized to use the services of KCC to coordinate the processing of Proofs of Claim.

23.     Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

24.     Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the Bar Dates contained herein must file such Proofs of Claim or interests or be barred from doing so.

25.     The Debtors and KCC are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

26.     The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

27.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  May 28, 2009
        New York, New York          */s/ Allan L. Gropper*
                                     UNITED STATES BANKRUPTCY JUDGE

**Exhibit C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                          :
In re:                                    :       Chapter 11
                                          :
TRONOX INCORPORATED, et al.,              :       Case No. 09-10156 (ALG)
                                          :
         Debtors.                         :       (Jointly Administered)
                                          :
-----------------------------------------------------------------x
```

### NOTICE OF AUGUST 12, 2009 DEADLINE FOR FILING PROOFS OF CLAIM

**TO:  ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST TRONOX**
**INCORPORATED OR ITS AFFILIATED DEBTORS.**

**PLEASE TAKE NOTICE** that, on January 12, 2009, Tronox Incorporated and 14 of its affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").  A list of the Debtors may be found on page 3 of this notice.

**PLEASE TAKE FURTHER NOTICE** that, on May 28, 2009, the Court entered an order establishing **August 12, 2009 at 8:00 5:00 p.m. (Eastern Time) (Pacific Time)** as the last date (the "Bar Date") for any person or entity (including individuals, corporations, partnerships, trusts, and governmental units) to file a proof of claim (a "Proof of Claim").  The Bar Date and the procedures for filing a Proof of Claim apply to all Claims (as defined in section 101(5) of the Bankruptcy Code) against a Debtor that arose prior to January 12, 2009, except as specifically excluded below.

**YOU ARE RECEIVING THIS NOTICE** because you may have a Claim against one or more of the Debtors.  However, the fact that you are receiving this notice does not mean that you do have a Claim against a Debtor or that the Debtors believe that you have such a Claim.

**PURSUANT TO THE BAR DATE ORDER ENTERED BY THE COURT:**

- **THE DEADLINE TO FILE A PROOF OF CLAIM IN THESE CASES IS AUGUST 12, 2009 AT 8:00 5:00 P.M. (EASTERN TIME) (PACIFIC TIME).**

- **IF YOU ARE REQUIRED TO FILE A PROOF OF CLAIM BY THE BAR DATE BUT FAIL TO DO SO, YOUR CLAIM WILL BE FOREVER BARRED.  THIS MEANS THAT YOU WILL NOT BE ELIGIBLE TO VOTE ON ANY CHAPTER 11 PLAN OR RECEIVE ANY DISTRIBUTION FROM THE DEBTORS ON ACCOUNT OF YOUR CLAIM.**

**THIS NOTICE CONTAINS INFORMATION REGARDING (1) HOW TO DETERMINE IF YOU MUST FILE A PROOF OF CLAIM AND, IF YOU ARE REQUIRED TO DO SO, (2) HOW TO FILE A PROOF OF CLAIM.**

**I.      WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim if you have a Claim[1] against any of the Debtors that arose before January 12, 2009, except for the types of Claims listed below.  Acts or omissions that occurred before January 12, 2009 may give rise to Claims that are subject to the Bar Date, even if the Claims may not have become known or fixed or liquidated until after January 12, 2009.

The Debtors were "spun off" from Kerr-McGee Corporation in 2006.  As a result of the spin-off, it is possible that you may have a Claim against the Debtors that is related to Kerr-McGee Corporation's operations prior to March 2006.

**II.     WHAT TO FILE**

Enclosed with this notice is a form Proof of Claim for you to use.

For your filed Proof of Claim to be valid, it must (a) be signed by you or your authorized agent, (b) be written in the English language, (c) be denominated in lawful currency of the United States, and (d) conform substantially with the enclosed Proof of Claim form or to Official Form No. 10.  In addition, you must attach to your Proof of Claim any documents on which your Claim is based (if voluminous, you may instead attach a summary).  You also must specifically identify the Debtor against which you assert a Claim by name and case number (listed on page 3 of this notice).  You should include all Claims against a particular Debtor in a single Proof of Claim.  If you have Claims against multiple Debtors, you must file a separate Proof of Claim against each Debtor.

**III.    WHEN AND WHERE TO FILE**

Proofs of Claim must be submitted so as to be actually received no later than ~~8:00~~  **5:00 p.m. ~~(Eastern Time)~~ (Pacific Time) on August 12, 2009** at the following address:

> **Tronox Claims Processing Center**
> **c/o Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, CA 90245**

**PLEASE NOTE** that your Proof of Claim must be delivered to the above address by first class U.S. Mail (postage prepaid), in person, by courier service, or by overnight delivery.

---

[1]    Under section 101(5) of the Bankruptcy Code, the word "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2

**A PROOF OF CLAIM THAT IS SENT BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.**

## IV.    A LIST OF THE DEBTORS AND CERTAIN RELATED INFORMATION

| DEBTOR | CASE NUMBER | PRIOR NAMES USED IN THE LAST 6 YEARS (IF ANY) |
|---|---|---|
| Tronox Incorporated | 09-10156 | New-Co Chemical, Inc. |
| Tronox Luxembourg S.ar.l. | 09-10155 | Kerr-McGee Chemical (Luxembourg) S.ar.l; Kerr-McGee Luxembourg S.ar.l. |
| Cimarron Corporation | 09-10157 | |
| Southwestern Refining Company, Inc. | 09-10158 | Southwestern Oil & Refining Company |
| Transworld Drilling Company | 09-10159 | |
| Triangle Refineries, Inc. | 09-10160 | |
| Triple S Environmental Management Corporation | 09-10161 | Edgebrook Development Corp.; Kerr-McGee Environmental Management Corp. |
| Triple S Mineral Resources Corporation | 09-10162 | Kerr-McGee Minerals Resources Corporation |
| Triple S Refining Corporation | 09-10163 | Kerr-McGee Refining Corporation |
| Triple S, Inc. | 09-10164 | |
| Tronox Finance Corp. | 09-10165 | |
| Tronox Holdings, Inc. | 09-10166 | Kemira Holdings Inc.-2000; Kerr-McGee Holdings Inc.-2006 |
| Tronox LLC | 09-10167 | Kerr-McGee Chemical LLC |
| Tronox Pigment (Savannah) Inc. | 09-10168 | Kemira Pigments, Inc.; Kerr-McGee Pigments (Savannah), Inc. |
| Tronox Worldwide LLC | 09-10169 | Kerr-McGee Chemical Worldwide LLC |

## V.    WHO NEED NOT FILE A PROOF OF CLAIM

You **DO NOT** need to file a Proof of Claim for the following types of Claims or interests:

A.    Any Claim for which a Proof of Claim already has been filed with the Clerk of the Court in a form substantially similar to Official Bankruptcy Form No. 10;

B.    Any Claim that was listed in the Debtors' schedules of assets and liabilities and statements of financial affairs, which were filed on March 30, 2009 (the "Schedules"); however, if (i) the Schedules list your Claim as "contingent," "unliquidated" or "disputed," (ii) you dispute the Schedules' description of the amount, nature and classification of your Claim, or (iii) you dispute that your Claim is an obligation of the specific Debtor that is identified in the Schedules, then you MUST submit a Proof of Claim by the Bar Date;

3

C. Any Claim that has been allowed pursuant to an order of the Court that was entered prior to May 28, 2009 at 12:00 p.m. (Eastern Time);

D. Any Claim against a Debtor that has been paid in full by any of the Debtors or any other party;

E. Any Claim that is subject to specific deadlines other than the Bar Date fixed by the Court;

F. Any Claim held by a Debtor in these Chapter 11 Cases;

G. Any Claim held by a current employee of the Debtors for Wages and Benefits (as defined in the order of the Court entered on February 6, 2009 [Dkt. No. 143] authorizing the Debtors to honor Claims for Employee Wages and Benefits);

H. Any Claim that is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges ("Debt Claim") owed under any bond or note issued by the Debtors pursuant to an indenture (a "Debt Instrument"); however, (i) an indenture trustee under a Debt Instrument (the "Indenture Trustee") MUST file one Proof of Claim by the Bar Date with respect to all of the amounts owed under each of the Debt Instruments and (ii), if you are the holder of a Debt Claim and wish to assert a Claim, other than a Debt Claim, arising out of or relating to a Debt Instrument, you MUST submit a Proof of Claim by the Bar Date;

I. Any Claim that is based on an interest in an equity security of the Debtors; however, that if you wish to assert a Claim against any of the Debtors based on, without limitation, Claims for damages or rescission based on the purchase or sale of an equity security, you MUST submit a Proof of Claim by the Bar Date. The Debtors reserve all rights with respect to any such Claims, including the right to assert that such Claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code; and

J. Any Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases, with the exception of any Claim allowable under section 503(b)(9) of the Bankruptcy Code, which is subject to the Bar Date.

## VI. SPECIAL DEADLINES APPLY TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Bankruptcy Code provides that the Debtors may, at any time before a plan of reorganization is confirmed by the Court, choose to reject certain executory contracts or unexpired leases. If your contract or lease is rejected, you may have a Claim resulting from that rejection. If the Debtors reject your contract or lease after ~~May 28, 2009~~ the date of this notice, you must file a Proof of Claim for damages relating to the rejection of your contract or lease by the later of: (a) the Bar Date; or (b) the date provided in the order authorizing the Debtor to reject (or notice of rejection of) the contract or lease, or, if no date is provided in the order, thirty (30) days after the date ~~the~~ you are served notice that an order authorizing the rejection ~~is~~ has been entered.

4

## VII.    EXAMINATION OF SCHEDULES

Your Claim may be listed in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Forms regarding the nature, amount and status of your Claim(s).  If the Debtors believe that you hold Claims against multiple Debtors, you will receive a Proof of Claim Form for each Debtor.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules; however, you may rely on the information in the enclosed Proof of Claim Form.  If you agree with the nature, amount and status of your Claim and the Debtor against whom your Claim is scheduled, and if your Claim is not described as "disputed," "contingent" or "unliquidated," then you do not need to file a Proof of Claim.

The Debtors' Schedules may be examined and inspected by interested parties during regular business hours at any of (a) the offices of Kirkland & Ellis LLP, 153 East 53rd Street, New York, New York 10022 or (b) the Clerk of the Court, United States Bankruptcy Court, Southern District of New York, One Bowling Green, Room 511, New York, New York 10004-1408, Monday through Friday, 9:00 a.m.-4:30 p.m.  The Debtors' Schedules and the Bar Date Order also are available online at www.kccllc.net/tronox.  All documents filed in the cases are accessible at the Court's internet site: https://ecf.nysb.uscourts.gov through an account obtained from the PACER website at http://pacer.psc.uscourts.gov.

If the Debtors later amend their Schedules, the Debtors will notify all holders of the Claims that are affected by the amendment.  Those holders will have an opportunity to file Proofs of Claim before a new deadline that will be specified in that future notice.

## VIII.    ACCESS TO PROOF OF CLAIM FORMS AND OTHER QUESTIONS

Additional information regarding the Bar Date, including Proof of Claim Forms and a copy of the Bar Date Order, may be obtained by contacting the Debtors' notice and claims agent, Kurtzman Carson Consultants LLC, at 2335 Alaska Ave., El Segundo, California 90245, Telephone: (866) 381-9100.  Proof of Claim Forms also may be obtained at Kurzman Carson Consultants' website at www.kccllc.net/tronox or at the Court's website at www.uscourts.gov/bankform.

Kurtzman Carson Consultants LLC cannot advise you how to, or whether you should, file a Proof of Claim.  If you have additional questions that are not covered by this notice, you should consult an attorney to determine your rights and obligations.

Dated:    May 28, 2009                              **BY ORDER OF THE COURT**
           New York, New York

KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022

Counsel to the Debtors and Debtors in Possession

Richard M. Cieri
Jonathan S. Henes
Colin M. Adams
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRONOX INCORPORATED, et al.,[1] | ) | Case No. 09-10156 (ALG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF PRESENTMENT OF TRONOX'S MOTION**
**FOR ENTRY OF AN ORDER (A) SETTING BAR DATES FOR**
**FILING PROOFS OF CLAIM, (B) APPROVING THE FORM AND MANNER**
**FOR FILING PROOFS OF CLAIM AND (C) APPROVING NOTICE THEREOF**

PLEASE TAKE NOTICE that the above-referenced debtors and debtors in possession

(collectively, "Tronox") will present Tronox's Motion for Entry of an Order (A) Setting Bar

Dates for Filing Proofs of Claim, (B) Approving the Form and Manner for Filing Proofs of

Claim and (C) Approving Notice Thereof (the "Motion") to the Honorable Allan L. Gropper,

United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District

---

[1]   The Debtors in these cases include:  Tronox Luxembourg S.ar.L; Tronox Incorporated; Cimarron Corporation;
Southwestern Refining Company, Inc.; Transworld Drilling Company; Triangle Refineries, Inc.; Triple S, Inc.;
Triple S Environmental Management Corporation; Triple S Minerals Resources Corporation; Triple S Refining
Corporation; Tronox LLC; Tronox Finance Corp.; Tronox Holdings, Inc.; Tronox Pigments (Savannah) Inc.;
and Tronox Worldwide LLC.

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, for signature on **May 26, 2009 at 12:00 p.m. (ET)**.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of for the Southern District of New York, and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, in text-searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (in either case, with a hard-copy delivered directly to Chambers), and shall be served upon (a) counsel to Tronox, Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, New York 10022-4611, Attn: Jonathan S. Henes, Esq. and Colin M. Adams, Esq.; (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Susan D. Golden, Esq.; (c) counsel to the agent for Tronox's prepetition and postpetition secured lenders, Cravath, Swaine & Moore LLP, 825 Eighth Avenue, New York, NY 10019-7475, Attn: Robert H. Trust, Esq.; (d) counsel to the official committee of unsecured creditors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Attn: Brian Hermann, Esq. and Elizabeth McColm, Esq.; (e) counsel to the official committee of equity security holders, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, New York 10036-4039, Attn: Craig A. Barbarosh, Esq. and Karen Dine, Esq.; (f) the Office of the United States Attorney for the Southern District of New York and the Environmental Protection Agency, Attn: Matthew L. Schwartz, Assistant United States Attorney,

Southern District of New York, 86 Chambers Street, 3rd Floor, New York, New York 10007 and

(g) all those persons and entities that have formally requested notice by filing a written request

for notice pursuant to Bankruptcy Rule 2002 (by electronic notice only) and the Local

Bankruptcy Rules, so as to be actually received **no later than May 26, 2009 at 11:00 a.m. (ET)**

(the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if a written objection is timely filed and

received by the parties set forth above, the Court will notify the parties of the date and time of

the hearing to consider the Motion and any Objections thereto.  The parties are required to attend

such hearing, and failure to attend in person or by counsel may result in relief being granted or

denied upon default.

PLEASE TAKE FURTHER NOTICE that if no written objection to the Motion has been

properly filed and served by the Objection Deadline, the Bankruptcy Court may enter an order

granting the Motion as requested by Tronox.

New York, New York                   /s/ Colin M. Adams
Dated: May 5, 2009                   ─────────────────────────────
                                     Richard M. Cieri
                                     Jonathan S. Henes
                                     Colin M. Adams
                                     KIRKLAND & ELLIS LLP
                                     Citigroup Center
                                     153 East 53rd Street
                                     New York, New York  10022-4611
                                     Telephone:    (212) 446-4800
                                     Facsimile:    (212) 446-4900

                                     Counsel to the Debtors
                                     and Debtors in Possession

3

**Presentment Date:  May 26, 2009 at 12:00 p.m. (ET)**
**Objection Deadline:  May 26, 2009 at 11:00 a.m. (ET)**

Richard M. Cieri
Jonathan S. Henes
Colin M. Adams
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TRONOX INCORPORATED, et al.,[1] | ) | Case No. 09-10156 (ALG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## TRONOX'S MOTION FOR ENTRY OF AN ORDER (A) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, (B) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM AND (C) APPROVING NOTICE THEREOF

The above-captioned debtors and debtors in possession (collectively, "Tronox" or the "Debtors") file this motion (the "Motion") seeking entry of an order (the "Bar Date Order"), substantially in the form attached hereto as Exhibit A, (a) establishing the deadline for filing

---

[1]     The debtors in these chapter 11 cases include:  Tronox Luxembourg S.ar.L; Tronox Incorporated; Cimarron Corporation; Southwestern Refining Company, Inc.; Transworld Drilling Company; Triangle Refineries, Inc.; Triple S, Inc.; Triple S Environmental Management Corporation; Triple S Minerals Resources Corporation; Triple S Refining Corporation; Tronox LLC; Tronox Finance Corp.; Tronox Holdings, Inc.; Tronox Pigments (Savannah) Inc.; and Tronox Worldwide LLC.

claims in these chapter 11 cases, (b) approving the form and manner for filing such claims, and

(c) approving notice thereof.[2]  In support of this Motion, Tronox respectfully states as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in

this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are section 501 of title 11 of the

United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 3003 and

9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3003-1 of

the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"), and General Order M-279, which was adopted on January 15, 2003 by the Bankruptcy

Court for the Southern District of New York.

## Background

3.      On January 12, 2009 (the "Petition Date"), each of Tronox and its debtor affiliates

commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code

(collectively, the "Chapter 11 Cases").  Tronox is operating its businesses and managing its

properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  On January 21, 2009, the United States Trustee for the Southern District of New York

(the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors'

Committee").  On March 13, 2009, the U.S. Trustee appointed an official committee of equity

---

[2]      Tronox is mindful of the Court's comments made on the record of the hearing on April 7, 2009 with respect to
seeking bar date relief in an efficient and cost-effective manner and has, accordingly, filed this Motion on
presentment.  However, as set forth herein, Tronox has proposed additional notice procedures for certain of its
unknown creditors that are beyond the standard-form procedures typically approved by this Court.  For this
reason, and to give parties in interest sufficient information regarding Tronox's proposed procedures, Tronox
believes that it is appropriate and necessary to file this Motion with the Court.

security holders (the "Equity Committee"). No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

4.      Tronox, together with its non-debtor affiliates, is among the world's leading producers of titanium dioxide pigment and electrolytic and other specialty chemicals. Tronox's products are used in the manufacture of a number of everyday goods and consumer products such as paints, coatings, plastics, paper, batteries, toothpaste, sunscreen and shampoo. Tronox employs approximately 1,000 people worldwide and has approximately 1,100 customers located in more than 100 countries. Pursuant to the terms of Tronox's debtor in possession financing, which was approved by this Court on a final basis on February 6, 2009 [Dkt. No. 151], Tronox is engaged in a marketing process to sell substantially all of its operating assets.

## Potential Claims Against Tronox

5.      Tronox anticipates that thousands of parties in interest potentially may file claims against it in the Chapter 11 Cases. As listed in Tronox's statement of financial affairs and schedules of assets and liabilities (the "Schedules"), which were filed on March 30, 2009, Tronox has assets and liabilities in excess of $1 billion, and thousands of known creditors with claims arising from Tronox's operating businesses.

6.      Moreover, in contrast in other debtors whose claims pools are limited to claims arising from its operating businesses, Tronox was formed in 2006 as a spinoff from its former parent company, Kerr-McGee Corporation ("Kerr-McGee"). As set forth in the *Declaration of Gary Barton, Senior Director at Alvarez & Marsal North America LLC, in Support of First Day Motions* (the "First Day Declaration") (Dkt. No. 3), as a result of the spinoff, Tronox is burdened by a variety of environmental, tort, pension, workers' compensation and other post-employment liabilities arising from discontinued chemical, refining, coal, nuclear, offshore contract drilling, and other businesses (collectively, the "Legacy Businesses") that were formerly conducted by

3

Kerr-McGee. Thus, Tronox anticipates that thousands of parties in interest potentially may file claims against Tronox related to the Legacy Businesses, in addition to the creditors and parties in interest with claims arising from Tronox's operating businesses.

## Relief Requested

7. By this Motion, Tronox respectfully requests entry of an order (a) establishing the deadline for filing proofs of claim in the Chapter 11 Cases (the "Bar Date"), (b) approving the form and manner for filing proofs of claim and (c) approving notice thereof.

**A.    Bar Dates**

8. Tronox requests that the Court establish **August 12, 2009 at 8:00 pm. (Eastern Time)** as the Bar Date by which all persons and entities (including individuals, partnerships, corporations, joint ventures, trusts, and governmental units), holding or wishing to assert a claim, as that term is defined in section 101(5) of the Bankruptcy Code (each a "Claim"), against any of Tronox Incorporated or its affiliate debtors, must file proof of such Claim (a "Proof of Claim").

9. Tronox further requests that the Court authorize Tronox to establish supplemental bar dates as needed in certain circumstances upon written consent of the Creditors' Committee (collectively, the "Supplemental Bar Dates"). Tronox proposes to file a notice on the Court's docket which identifies the Supplemental Bar Date and the creditors subject thereto, and send a Bar Date Package (as defined below) to the impacted creditors. Tronox anticipates that Supplemental Bar Dates may be needed in the following instances:

- <u>First</u>, in the event that Tronox amends or supplements its Schedules, Tronox requests that the Court establish the later of (a) the Bar Date or (b) thirty (30) days from the date on which Tronox notifies affected creditors of the amendment to the Schedules as the deadline by which such creditors may file a Proof of Claim with respect thereto.

- <u>Second</u>, Tronox anticipates rejecting various executory contracts and unexpired leases pursuant to section 365(a) of the Bankruptcy Code during the Chapter 11 Cases. In connection therewith, Tronox requests that the Court

4

establish the later of (a) the Bar Date, (b) the date provided in the order authorizing the rejection (or notice of rejection) of the contract or lease or (c) if no such date is provided, then 30 days after the date such order is entered or notice is provided, as the deadline by which counterparties may file a Proof of Claim asserting damages arising from the rejection of an executory contract or unexpired lease.

- <u>Third</u>, Tronox anticipates that it may be appropriate to supplement the initial mailing of the Bar Date Package (as defined below) in certain instances, including when (a) other creditors become known to Tronox after the initial mailing, (b) notices are returned by post office with forwarding addresses and (c) certain parties acting on behalf of other parties in interest (<u>e.g.</u>, banks and brokers with respect to equity holders) provide appropriate names and addresses of those other parties in interest for direct mailing by Tronox. To the extent that Tronox determines that a re-mailing is appropriate under the circumstances, but the re-mailing cannot be accomplished in time to provide at least 30 days' notice of the Bar Date to the impacted creditors, then Tronox proposes that the Court establish a deadline which provides the impacted creditors with at least 30 days' notice to file a Proof of Claim.

## B.    Parties Excluded from the Bar Dates

10.    As a matter of law, procedure or case administration, parties should <u>not</u> be required to file a Proof of Claim on account of certain categories of Claims that they may hold against Tronox. Specifically, the Bar Dates should not apply to:

a.    Any Claim for which a Proof of Claim has previously been filed against Tronox with the Clerk of the Court (the "Clerk") in a form substantially similar to Official Bankruptcy Form No. 10 ("Official Form 10");

b.    Any Claim that is listed on Tronox's Schedules; <u>provided</u>, <u>however</u>, that: (i) the Claim is not scheduled as "disputed," "contingent" or "unliquidated;" (ii) the Claimant does not disagree with the amount, nature and priority of the Claim as set forth in the Schedules; and (iii) the Claimant does not dispute that the Claim is an obligation of the specific Debtor(s) as set forth in the Schedules;

c.    Any Claim that has been allowed pursuant to an order of the Court;

d.    Any Claim against a Debtor that has been paid in full by any of the Debtors or any other party;

e.    Any Claim that is subject to specific deadlines, aside from those established pursuant to this Motion, fixed by the Court;

f.      Any Claim held by a Debtor in these Chapter 11 Cases;

g.      Any Claim of a current Tronox employee for Wages and Benefits (as defined in the order of this Court, entered on February 6, 2009 (Dkt. No. 143), authorizing Tronox to honor Claims for Employee Wages and Benefits);

h.      Any Claim that is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges ("Debt Claim") owed under any bond or note issued by Tronox pursuant to an indenture (a "Debt Instrument"); provided, however, that: (i) an indenture trustee under a Debt Instrument (the "Indenture Trustee") must file one Proof of Claim, on or before the Bar Date, with respect to all of the amounts owed under each of the Debt Instruments and (ii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument must file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

i.      Any Claimant whose Claim is based on an interest in an equity security of Tronox; provided, however, that any Claimant who wishes to assert a Claim against Tronox based on, without limitation, Claims for damages or rescission based on the purchase or sale of an equity security, must file a Proof of Claim on or before the Bar Date;[3] and

j.      Any Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as administrative expenses of Tronox's Chapter 11 Cases, with the exception of Claims allowable under section 503(b)(9) of the Bankruptcy Code, which are subject to Bar Date as provided above.

## C.      The Proof of Claim Form

11.      Tronox has prepared a standard form for each Proof of Claim (the "Proof of Claim Form"), a copy of which is attached hereto as Exhibit B.  The proposed Proof of Claim Form is based on Official Form 10, and Tronox requests that the Court approve the proposed Proof of Claim Form for the filing of Proofs of Claim in the Chapter 11 Cases.

12.      Tronox further proposes to provide, with the assistance of its notice and claims agent, Kurtzman Carson Consultants LLC ("KCC"), a "personalized" Proof of Claim to each of

---

[3]      Tronox reserves all rights with respect to any such Claims including, *inter alia*, to assert that such Claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

6

the creditors listed on Tronox's Schedules. Each Proof of Claim will include information reflected in the Schedules as to the appropriate creditor's name, the amount of the Claim against the applicable Debtor, the type of Claim held by such creditor (i.e., non-priority unsecured, priority unsecured or secured) and whether such Claim is disputed, contingent or unliquidated. Each creditor will have an opportunity to review the Proof of Claim provided by KCC and correct any information that is missing, incorrect or incomplete. Additionally, any creditor may choose to submit a Proof of Claim. The personalized Proof of Claim Form will facilitate the Chapter 11 Cases by reducing delay, confusion and expense and will make possible the matching of scheduled and filed Claims while providing scheduled creditors with an opportunity to correct any erroneous information.

**D.      Requirements for Preparing and Filing Proofs of Claim**

13.      Tronox requests that, with respect to filing and preparing Proofs of Claim, the following requirements be met to render such Proofs of Claims timely filed and valid[4]:

a.      Each Proof of Claim must: (i) be signed by the creditor or, if the creditor is not an individual, by an authorized agent of the creditor; (ii) be written in English; (iii) include a Claim amount denominated in United States dollars; (iv) state a Claim against only one Debtor; and (v) clearly indicate the Debtor against which the creditor is asserting a Claim;

b.      Each Proof of Claim must include supporting documentation (or, if such documentation is voluminous, a summary of such documentation) or an explanation as to why such documentation is not available; provided, however, that a Proof of Claim may be filed without supporting documentation upon the prior written consent of Tronox and any other party in interest; provided, further, that any creditor that received such written consent shall be required to transmit such writings to Tronox or

---

[4]   The following procedures shall not apply to Credit Suisse, as administrative agent for Tronox's prepetition lenders. Rather, Tronox requests that the Court authorize Credit Suisse to file a single, consolidated proof of claim in the Chapter 11 Cases on behalf of itself and the prepetition lenders in connection with all of the Claims arising under or in connection with the applicable prepetition agreements (and all documents related thereto).

other party in interest upon request no later than ten days from the date of such request;

c.  All Proofs of Claim must be **actually received** by no later than 8:00 p.m. (Eastern Time) on August 12, 2009 (or an alternative Bar Date, if applicable) at the following address:

> **Tronox Claims Processing Center**
> **c/o Kurtzman Carson Consultants LLC**
> **2335 Alaska Ave.**
> **El Segundo, CA 90245**

Proofs of Claim may be delivered to the above address only by first class U.S. mail (postage prepaid), in person, by courier service, or by overnight delivery.

**KCC WILL NOT ACCEPT A PROOF OF CLAIM SENT BY FACSIMILE OR E-MAIL**; and

d.  A creditor who wishes to receive acknowledgment of receipt of its Proof of Claim Form must submit a copy of the Proof of Claim Form and a self-addressed, stamped envelope to KCC along with the original Proof of Claim Form.

**E.    Procedures for Providing Notice of the Bar Date**

**a.    Mailing of Bar Date Notices**

14.    Tronox, with the assistance of KCC, proposes to provide actual notice of the Bar Date to its known creditors.  Specifically, Tronox intends to mail by first class U.S. mail, postage prepaid, of the following materials no later than five business days after the date of entry of the Bar Date Order: (a) written notice of the Bar Date in substantially the form attached hereto as Exhibit C (the "Bar Date Notice"); and (b) the Proof of Claim Form (together with the Bar Date Notice, the "Bar Date Package") to its known creditors.   The Bar Date Notice, which is consistent with the form of notice adopted by this district pursuant to General Order M-279, contains information that will notify parties of the Bar Date and inform them as to whether they must file a Proof of Claim, the procedure for filing a Proof of Claim, and the consequences of not timely filing a Proof of Claim.

8

15.     KCC will serve the Bar Date Package on the following parties:

a.      The U.S. Trustee;

b.      Counsel to the agent for Tronox's prepetition and postpetition secured lenders;

c.      Counsel to the Creditors' Committee;

d.      Counsel to the Equity Committee;

e.      All persons or entities that have requested notice of the proceedings in the Chapter 11 Cases;

f.      All persons or entities that have filed Claims against Tronox as of the date of entry of the Bar Date Order;

g.      All creditors and other known holders of Claims against Tronox as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules as holding Claims against one or more of the Debtors;

h.      All parties to Tronox's executory contracts and unexpired leases as listed on the Schedules;

i.      All parties to litigation with Tronox or, where individual addresses are not available, through their counsel of record;

j.      Anadarko Petroleum Corporation, as the successor-in-interest to Kerr-McGee;

k.      The Internal Revenue Service;

l.      The United States Attorney for the Southern District of New York on behalf of the Environmental Protection Agency, and other agencies and instrumentalities of the Unites States of America;

m.      State attorneys general for states in which Tronox's property is located; and

n.      Tronox's current employees, and Tronox's former employees, to the extent that contact information for former employees is available in Tronox's records.

### (i)     Notice to Tort Plaintiffs

16.     As discussed in the First Day Declaration, Tronox is presently aware of approximately 120 tort suits pending against Tronox related to the Legacy Businesses inherited from Kerr-McGee.  Tronox does not have personal information for many of the plaintiffs in these lawsuits (collectively, the "Tort Claimants").  Specifically, due to the manner in which certain of

9

these alleged claims are handled by plaintiffs' counsel, Tronox does not have, and cannot reasonably obtain, the name and address of each individual Tort Claimant. In many instances, communication regarding the Tort Claimants and their pending lawsuits has been solely through and with counsels of record. Accordingly, Tronox intends to mail the Bar Date Notice to individual Tort Claimants where individual contact information is known and, where individual contact information for Tort Claimants is not known, to their counsel of record on their behalf. Tronox believes that these procedures will reduce the administrative and economic burdens placed on Tronox and will not adversely affect the rights of the Tort Claimants, because they will receive notice of the Bar Date through their counsel of record in their respective lawsuits.

### (ii) Supplemental Mailings

17. After the initial mailing of the Bar Date Package, Tronox anticipates it may be appropriate to make supplemental mailings of notices in a number of situations, including in the event that (a) notices are returned by the post office with forwarding addresses (unless notices are returned as "return to sender" without a forwarding address, in which cases Tronox should not be required to mail additional notices to such creditors), (b) certain parties acting on behalf of other parties in interest that decline to pass along notices to these parties and instead return the names and addresses of these parties in interest to Tronox for direct mailing, and (c) additional creditors that become known as the result of the Bar Date noticing process. In this regard, Tronox requests that the Court authorize supplemental mailings of the Bar Date Notice in these and similar circumstances. If such mailings are made at any time up to 30 days in advance of the Bar Date, Tronox requests that the Court deem such mailings timely and deem the Bar Date applicable to the recipient creditor. Tronox believes that these proposed supplemental mailings will help to provide actual notice to known creditors wherever practicable, while preserving the integrity of the Bar Date and facilitating the Claims resolution process.

### b.     Publication of General and Site-Specific Bar Date Notices

18.     In the interest of ensuring that as many potential creditors as possible receive notice of the Bar Dates in these Chapter 11 Cases, Tronox intends to give additional notice of the Bar Date by two types of publication: (a) a general publication notice in the national edition of *The Wall Street Journal*; and (b) supplemental site-specific notices in local publications in those areas in which Tronox believes unknown creditors with Legacy Business Claims are most likely to be located.

19.     <u>General Publication Notice</u>:  In accordance with Bankruptcy Rules 2002(a)(7) and (l), Tronox intends to publish the Bar Date Notice, modified for publication in substantially the form attached hereto as <u>Exhibit D</u> (the "General Publication Notice"), in the national edition of *The Wall Street Journal* on one occasion on or before July 12, 2009.  The General Publication Notice will include a telephone number for KCC that creditors may call to obtain copies of the Proof of Claim Form, the URL for a website at which the creditors may obtain a copy of a Proof of Claim Form and information concerning the procedures and appropriate deadlines for filing Proofs of Claim.

20.     <u>Site-Specific Publication Notices</u>:  As stated above, Tronox believes that there may be thousands of unknown claimants who may have environmental, personal injury, property or any other Claims against Tronox related to the Legacy Businesses (collectively, the "Legacy Claimants").  To provide potential Legacy Claimants with appropriate notice of the Bar Date, Tronox has sought to identify the areas most likely to have been impacted by the Legacy Businesses and, with the assistance of KCC, the publications most likely to reach affected creditors.  Based on that review, Tronox preliminarily has determined that there is a reasonable basis to assume that a majority of the Legacy Claimants presently unknown to Tronox may live in the areas immediately surrounding 35 sites owned or operated by the Legacy Businesses.

11

These sites include, among others, Tronox's most significant known environmental sites such as Manville, New Jersey and West Chicago, Illinois. Tronox believes that these sites, taken together, reasonably represent the locations in which unknown Legacy Claimants most impacted by the Legacy Businesses are likely to be located.

21.     To provide potential Legacy Claimants near these identified sites with information regarding the Bar Date, Tronox intends to supplement the General Publication Notice with 35 site-specific notices (collectively, the "Site-Specific Publication Notices"). Each Site-Specific Publication Notice will contain additional information regarding the particular site at issue and will be published adjacent to the General Publication Notice in local and regional newspapers or periodicals within the impacted areas on one occasion on or before July 12, 2009. Forms of the Site-Specific Publication Notices are attached hereto as Exhibit E. A list of proposed local publications for the Site-Specific Publication Notice, along with the target coverage area and an estimated cost for each publication, is also annexed hereto as Exhibit F. Tronox believes that publication of Site-Specific Publication Notices in the areas Tronox believes have been most impacted by the Legacy Businesses is most likely, in a cost effective manner, to provide sufficient notice to unknown Legacy Claimants who may have Claims against Tronox related to the Legacy Businesses.

## F.    Consequences of Failing to File a Proof of Claim by the Applicable Bar Date

22.     Pursuant to Bankruptcy Rule 3003(c)(2), Tronox proposes that any creditor who is required to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date or Supplemental Bar Date, as applicable, but fails to do so shall be forever barred, estopped and enjoined from asserting such claim against Tronox (or from filing a Proof of Claim with respect thereto). Tronox proposes further that, with respect to a creditor who fails to file a Proof of Claim, Tronox shall be forever discharged from any and all indebtedness or liability with

respect to such Claim, and that such creditor shall not be permitted to vote to accept or reject any plan of reorganization filed in the Chapter 11 Cases, participate in any distribution on account of such Claim, or receive further notices regarding such Claim.

### **Basis for Relief**

23.     The Bankruptcy Code broadly defines a "claim" as:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).  Generally, a creditor must file a proof of claim with the Bankruptcy Court to assert a claim in a bankruptcy proceeding.  See 11 U.S.C. § 501(a).

24.     Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled in the debtor's schedules or whose claim is scheduled as disputed, contingent or unliquidated must file a proof of claim.  Fed. R. Bankr. P. 3003(c)(2).  Bankruptcy Rule 3003(c)(3) further provides that the Court shall fix the time within which proofs of claim must be filed.  Fed. R. Bankr. P. 3003(c)(3).

25.     It is well-recognized that a claim bar date plays an essential role in allowing a debtor and parties in interest to expeditiously determine and evaluate the liabilities of an estate, which is, in turn, necessary to develop a plan of reorganization.  Prolonged uncertainty regarding claims can delay and potentially derail this process.  As the Bankruptcy Court for the Southern District of New York noted in In re Waterman Steamship Corp., 59 B.R. 724, 726 (Bankr. S.D.N.Y. 1986) ("Absent the setting of a bar date, a Chapter 11 case could not be administered to a conclusion.  There would be no time established for the filing of claims.").

13

26.     Given the particular circumstances of the Chapter 11 Cases, and to ensure the greatest possible value for the estates and Tronox's stakeholders at the conclusion of the sale process, it is important that Tronox ascertain, as soon as possible, the full nature and scope of the Claims asserted against its respective estates.  See 2/6/09 Hr'g Trans. at p. 65 (this Court noting that the particular circumstances of the Chapter 11 Cases lend themselves to the early identification and resolution of claims).  Entry of the Bar Date Order will make this possible.

**A.     The Proposed Form and Manner of Notice is Reasonable and Adequate.**

27.     To ensure that as wide a range of potential creditors as possible are apprised of the Bar Date and have the opportunity to file a Proof of Claim in the Chapter 11 Cases, Tronox seeks to give all interested parties appropriate notice of the Bar Date.  To determine the adequacy of notice to a creditor, the case law distinguishes between "known" and "unknown" creditors. The United States Supreme Court has characterized a "known" creditor as one whose identity is either known or is "reasonably ascertainable by the debtor."  Tulsa Prof'l Collection Serv., Inc. v. Pope, 485 U.S. 478, 490 (1988).  An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."  Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317 (1950).

28.     Tronox proposes to mail notice of the Bar Date to its known creditors and propose to rely on publication to give notice to its unknown creditors.  This notice is consistent with applicable case law and practice in this district.  See Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306 (1950) (publication is acceptable where it is not "reasonably possible or practicable to give more adequate warning," whereas when names and addresses are available, notice must be mailed); In re Enron Corp., 2006 WL 898031 at *4 (Bankr. S.D.N.Y. 2006) ("debtor must send actual notice of the bar date to any known creditor, while constructive notice

14

is generally sufficient with an unknown creditor"); Daewoo Int'l (Am.) Corp. Creditor Trust v. SSTS Am. Corp., 2003 WL 21355214 at *3 (S.D.N.Y. 2003) (same).

29.     The entry of orders granting the relief requested herein is generally uncontroversial in large chapter 11 cases in this district. See, e.g., In re Frontier Airlines Holdings, Inc., Case No. 08-11298 (Bankr. S.D.N.Y. Sept. 24, 2008) (approving notice by mail to known creditors and notice by publication to unknown creditors); In re Wellman, Inc., Case No. 08-10595 (Bankr. S.D.N.Y. June 17, 2008) (same); In re Dana Corp., Case No. 06-10354 (Bankr. S.D.N.Y. July 5, 2006) (same); In re Northwest Airlines Corp., Case No. 05-17930 (Bankr. S.D.N.Y. May 19, 2006) (same); In re Calpine Corp., Case No. 05-60200 (Bankr. S.D.N.Y. Apr. 26, 2006).

### (i)     Notice to Known Creditors

30.     Where a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim. See Pope, 485 U.S. at 491 (holding that where creditor was known or "reasonably ascertainable," then due process only requires "notice by mail or other means as certain to ensure actual notice"); Fogel v. Zell, 221 F.3d 955, 963 (7th Cir. 2000) ("If his name and address are reasonably ascertainable, he is entitled to have that information sent directly to him."); In re Waterman Steamship Corp., 157 B.R. 220, 221 (S.D.N.Y. 1993) (same).

31.     A debtor must undertake "reasonably diligent efforts" to uncover the identities and claims of known creditors. In re Brooks Fashion Stores, 1994 WL 132280 at *2 (S.D.N.Y. 1994). A debtor does not have to undergo a "vast, open-ended investigation," but rather only needs to focus on its own "books and records." In re XO Commc'ns, 301 B.R. 782, 793 (Bankr. S.D.N.Y. 2003) (quoting Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995)). While a debtor is obligated to review its own books and records to ascertain the identity of its creditors,

15

"[d]ebtors cannot be required to provide actual notice to anyone who potentially could have been affected by their actions; such a requirement would completely vitiate the most important goal of prompt and effectual administration and settlement of the debtors' estates." In re U.S.H. Corp. of New York, 223 B.R. 654, 659 (Bankr. S.D.N.Y. 1998).

32.     To ascertain its known creditors, Tronox has undertaken a careful examination of its books and records and all aspects of its operating businesses.  Tronox also has investigated claims that may have arisen from the Legacy Businesses, including (a) environmental cleanup and remediation at sites related to the Legacy Businesses, (b) third-party tort liabilities related to the alleged release of hazardous materials by the Legacy Businesses and (c) retirement and other employee benefit liabilities for current and former employees of the Legacy Businesses. Accordingly, Tronox believes it has identified all creditors that are reasonably ascertainable and, hence, known creditors.

33.     Tronox proposes to provide all creditors identified during the review of its books and records and operations with 60 days' notice of the Bar Date by mailing them the Bar Date Package.  Tronox submits that this satisfies the requirement that it provide actual notice to creditors who are reasonably known to it.

**(ii)     Notice to Unknown Creditors**

34.     Where a creditor is unknown to the debtor, due process requires that the debtor must take reasonable steps, such as notice by publication, to provide constructive notice of the deadline for filing proofs of claim.  See XO Comm., 301 B.R. at 792 (if a creditor is unknown constructive notice is generally sufficient); DePippo v. Kmart Corp., 335 B.R. 290, 296 (S.D.N.Y. 2005) ("It is well-settled that when a creditor is "unknown" to the debtor, publication notice of the claims bar date is adequate constructive notice sufficient to satisfy due process requirements"); U.S.H. Corp., 223 B.R. at 658 (same).  Furthermore, debtors are not required to

16

publish notice in an excessive number of publications. See In re Best Products Co., Inc., 140 B.R. 353 (Bankr. S.D.N.Y. 1992) (Court found it impracticable to expect a debtor to publish notice in every newspaper that an unknown creditor possibly may read).

35. Bankruptcy Rule 9008 provides that the Court "shall determine the form and manner" of notice by publication including the "newspaper or other medium to be used and the number of publications." As set forth above, Tronox proposes to supplement the Bar Date Notice mailing by publishing the General Publication Notice in the national edition of *The Wall Street Journal* on at least one occasion prior to July 12, 2009, so as to provide unknown creditors with at least 30 days' constructive notice of the Bar Date. Tronox submits that the publication of the General Publication Notice complies with the requirements of the Local Bankruptcy Rules and General Order M-279 and will provide reasonable constructive notice to unknown creditors.

36. Moreover, as stated above, Tronox intends to provide targeted notices to potential Legacy Claimants located in those geographical areas that Tronox has determined are most likely to have been impacted by the Legacy Businesses. As explained above, to select the areas to be targeted with the Site-Specific Publication Notices, Tronox engaged in an intensive review to identify the areas where it was reasonable to assume Legacy Claimants presently unknown to Tronox may live and, with the assistance of KCC, the publications most likely to reach those parties. Tronox believes that the Site-Specific Publication Notices and the selection of the areas selected for notification are reasonably designed to reach those parties in a cost-effective manner.

37. Accordingly, Tronox submits that the publication of the Site-Specific Publication Notices, in conjunction with the General Publication Notice, is reasonably calculated to reach all parties in interest, is reasonable and adequate and should be approved.

### (iii)  **Notice to Tort Claimants**

38.     Courts have found that sending notice to the counsel of record to litigation claimants where personal information cannot be obtained provides sufficient notice of a bar date to those claimants.  See Robbins v. Amoco Prod. Co., 952 F.2d 901, 908 (5th Cir. 1992) (creditor put on notice of bar date through their counsel of record); In re Northwest Airlines Corp., 2007 WL 2815917 at *4 (Bankr. S.D.N.Y. 2007) (notice to class counsel was *prima facie* reasonable); In re Solutia Inc., Case No. 03-17949 (Bankr. S.D.N.Y. Sept. 30, 2004) (authorizing notice by mail to counsel of record for litigation claimants where personal information was not available).

39.     Tronox submits that the mailing of Bar Date Notices to the counsels of record for the various Tort Claimants for whom Tronox does not have personal information will reduce the administrative and economic burdens placed on Tronox.  Moreover, mailing the Bar Date Notices to the counsels of record will not adversely affect the rights of the Tort Claimants, because they will receive notice of the Bar Date through their counsel of record in their respective lawsuits.  Under these circumstances, Tronox believes that giving notice of the Bar Date to the counsel of record for the Tort Claimants for whom Tronox lacks personal information constitutes sufficient notice of the Bar Date and is appropriate and warranted.

### B.     **The Proposed Notice Periods are Reasonable and Adequate.**

40.     Bankruptcy Rule 2002(a)(7) requires that a debtor provide claimants at least 20 days' notice by mail of the time fixed for filing proofs of claims.  Fed. R. Bankr. P. 2002(a)(7). In the Southern District of New York, additional notice of a bar date is required beyond the notice periods set forth in the Bankruptcy Rules.  Specifically, Local Bankruptcy Rule 3003(c) and General Order M-279 provide that creditors should have at least 35 days' notice of the date by which they must file claims against a debtor, when measured from the date on which notice is mailed, and at least 25 days' notice of such date, when measured from the date on which notice

is published.  See L.B.R. 3003(c) (adopting Gen. Order M-279) and Gen. Order M-279 (bar date should be at least 35 days after the mailing date and at least 25 days after the publication date, plus an additional five business days to process the bar date order).

41.     The relief requested herein provides for clear and sufficient notice of the Bar Date.  Specifically, Tronox intends to mail the Bar Date Notice within five business days after entry of the Bar Date Order to known creditors, which will provide known creditors with 60 days' actual notice of the Bar Date.  Tronox further intends to provide unknown creditors with 30 days' constructive notice by publication of the General and Site-Specific Publication Notices. This notice more than satisfies Bankruptcy Rule 2002(a)(7) and Local Rule 3003-1.

42.     Accordingly, Tronox requests that the Court find that the procedures regarding the notices described herein be deemed good, adequate and sufficient notice.

## Motion Practice

43.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion.  Accordingly, Tronox submits that this Motion satisfies Local Bankruptcy Rule 9013-1(a).

## Notice

44.     Tronox has provided notice of this Motion to:  (a) the U.S. Trustee; (b) counsel to the agent for the Debtors' prepetition and postpetition secured lenders; (c) counsel to the Creditors' Committee; (d) counsel to the Equity Committee; (e) the Office of the United States Attorney for the Southern District of New York; and (f) all those persons and entities that have formally appeared and requested service in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, Tronox respectfully submits that no further notice is necessary.

**<u>No Prior Request</u>**

45.     No prior motion for the relief requested herein has been made to this or any other

court.

WHEREFORE, for the reasons set forth herein, Tronox respectfully requests that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, (a) establishing the deadline for filing Claims in the Chapter 11 Cases, (b) approving the form and manner for filing such Claims and (c) approving notice thereof.

New York, New York
Dated: May 5, 2009

/s/ Colin M. Adams
Richard M. Cieri
Jonathan S. Henes
Colin M. Adams
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Counsel to the Debtors
and Debtors in Possession

# EXHIBIT A

## Bar Date Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TRONOX INCORPORATED, et al.,[1] | ) | Case No. 09-10156 (ALG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### ORDER (A) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, (B) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM AND (C) APPROVING NOTICE THEREOF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) establishing the deadline for filing claims in these chapter 11 cases (the "Chapter 11 Cases"), (b) approving the form and manner for filing such claims and (c) approving notice thereof; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

    1.      The Motion is granted.

---

[1]    The Debtors in these cases include: Tronox Luxembourg S.ar.L; Tronox Incorporated; Cimarron Corporation; Southwestern Refining Company, Inc.; Transworld Drilling Company; Triangle Refineries, Inc.; Triple S, Inc.; Triple S Environmental Management Corporation; Triple S Minerals Resources Corporation; Triple S Refining Corporation; Tronox LLC; Tronox Finance Corp.; Tronox Holdings, Inc.; Tronox Pigments (Savannah) Inc.; and Tronox Worldwide LLC.

[2]    Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Motion.

2.      Pursuant to Bankruptcy Rule 3003(c)(3), except as provided in paragraph 7 hereof, all persons and entities (including individuals, partnerships, corporations, joint ventures, trusts, and governmental units), holding or wishing to assert a claim, as that term is defined in section 101(5) of the Bankruptcy Code (each, a "Claim"), against any of the Debtors that arose on or prior to the filing of the Debtors' Chapter 11 Cases on January 12, 2009, are required to file proof of such Claim (a "Proof of Claim") pursuant to the procedures and on or before the deadlines (each a "Bar Date" and, collectively, the "Bar Dates") established by this Order.

3.      Except as expressly provided herein, each and every Proof of Claim for a Claim that arose before the Petition Date against any of the Debtors, including a Claim pursuant to section 503(b)(9) of the Bankruptcy Code, in these Chapter 11 Cases shall be actually received on or before **August 12, 2009 at 8:00 p.m. (Eastern Time)** (the "Bar Date").

4.      Pursuant to Bankruptcy Rule 3003(c)(2), all creditors that fail to comply with this Order by timely filing a Proof of Claim in appropriate form shall not be treated as a creditor with respect to such Claim for purposes of voting on a chapter 11 plan and distribution thereunder on account of such Claim.

5.      The standard form of Proof of Claim (the "Proof of Claim Form") attached to the Motion as <u>Exhibit B</u> is hereby approved.

6.      The following rules shall govern the completion and filing of each Proof of Claim:

    a.      Each Proof of Claim must conform substantially with the Proof of Claim Form or Official Form No. 10;

    b.      All Proofs of Claim must be **actually received** no later than **8:00 p.m. (Eastern Time) on August 12, 2009** at the following address:

2

**Tronox Claims Processing Center**
**c/o Kurtzman Carson Consultants LLC**
**2335 Alaska Ave.**
**El Segundo, CA 90245**

Proof of Claim must be delivered to the above address by first class U.S. mail (postage prepaid), in person, by courier service, or by overnight delivery;

**The Debtors' notice and claims agents, Kurtzman Carson Consulting LLC ("KCC"), will not accept a Proof of Claim sent by facsimile or e-mail;**

c.    Each Proof of Claim will be deemed filed only when received;

d.    Each Proof of Claim must: (i) be signed by the creditor or if the creditor is not an individual, by an authorized agent of the creditor; (ii) be written in English; (iii) include a Claim amount denominated in United States dollars; (iv) state a Claim against only one Debtor; and (v) clearly indicate the Debtor against which the creditor is asserting a Claim;

e.    Each Proof of Claim must include supporting documentation (or, if such documentation is voluminous, a summary of such documentation) or an explanation as to why such documentation is not available; provided, however, that a Proof of Claim may be filed without supporting documentation upon the prior written consent of the Debtors and any other party in interest; provided, further, that any creditor that received such written consent shall be required to transmit such writings to the Debtors or other party in interest upon request no later than ten (10) days from the date of such request; and

f.    A creditor who wishes to receive acknowledgment of receipt of its Proof of Claim Form may submit a copy of the Proof of Claim Form and a self-addressed, stamped envelope to KCC along with the original Proof of Claim Form.

7.    Parties are not required to submit Proofs of Claim in accordance with the procedures established herein for the following categories of Claims:

a.    Any Claim for which a Proof of Claim has already been filed against the Debtors with the Clerk of the Court (the

3

"Clerk") in a form substantially similar to Official Bankruptcy Form No. 10;

b.    Any Claim that is listed on the Debtors' Schedules; provided, however, that: (i) the Claim is not scheduled as "disputed," "contingent" or "unliquidated"; (ii) the Claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) the Claimant does not dispute that the Claim is an obligation of the specific Debtor(s) as set forth in the Schedules;

c.    Any Claim that has been allowed previously pursuant to an order of this Court;

d.    Any Claim against a Debtor that has been paid in full by any of the Debtors or any other party;

e.    Any Claim that is subject to specific deadlines, aside from those established pursuant to this Order, fixed by this Court;

f.    Any Claim held by a Debtor in these Chapter 11 Cases;

g.    Any Claim held by a current employee of the Debtors for Wages and Benefits (as defined in the order of this Court entered on February 6, 2009 [Dkt. No. 143] authorizing the Debtors to honor Claims for Employee Wages and Benefits);

h.    Any Claim that is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges ("Debt Claim") owed under any bond or note issued by the Debtors pursuant to an indenture (a "Debt Instrument"); provided, however, that: (i) an indenture trustee under a Debt Instrument (the "Indenture Trustee") must file one Proof of Claim, on or before the Bar Date, with respect to all of the amounts owed under each of the Debt Instruments and (ii) any holder of a Debt Claim wishing to assert a Claim, other than a Debt Claim, arising out of or relating to a Debt Instrument must file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

i.    Any Claim that is based on an interest in an equity security of the Debtors; provided, however, that any Claimant who wishes to assert a Claim against any of the Debtors based on, without limitation, Claims for damages or rescission

4

based on the purchase or sale of an equity security, must file a Proof of Claim on or before the Bar Date;[3] and

j.      Any Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' Chapter 11 Cases, with the exception of any Claim allowable under section 503(b)(9) of the Bankruptcy Code, which is subject to Bar Date as provided above.

8.     In the event the Debtors amend or supplement their schedules of liabilities (collectively, the "Schedules"), the Debtors shall give notice of any amendment or supplement to the holders of any Claim affected thereby, and such holders shall be afforded thirty (30) days from the date on which such notice is given or until the Bar Date, if the Bar Date is later, to file a Proof of Claim with respect to their Claim or be forever barred from doing so.

9.     The holder of any Claim that arises from the Debtors' rejection of any executory contract or unexpired lease after the date of entry of this Order shall file a Proof of Claim based on such rejection by the later of (a) the Bar Date, (b) a date provided in an order authorizing the Debtors to reject (or notice of rejection of) an executory contract or unexpired lease or (c) if no date is provided, thirty (30) days after the date of any order authorizing such rejection or notice of such rejection is entered.

10.     The Debtors, with the assistance of KCC, are hereby authorized and directed to serve the following materials by first class U.S. mail, postage prepaid, on all known creditor holding actual or potential Claims no later than five (5) business days after the date of entry of this Order:  (a) written notice of the Bar Date in substantially the form annexed to the Motion as

---

3    The Debtors reserve all rights with respect to any such Claims including, *inter alia*, to assert that such Claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code

K&E 14199940.3

Exhibit C, (the "Bar Date Notice"); and (b) the Proof of Claim Form (collectively, the "Bar Date Package").

11.     The Bar Date Notice, substantially in the form attached to the Motion as Exhibit C, is hereby approved.

12.     KCC is further authorized and directed to mail the Bar Date Package no later than five (5) business days after the date of entry of this Order to the following parties:

  a.    The U.S. Trustee;

  b.    Counsel to the agent for the Debtors' prepetition and postpetition secured lenders;

  c.    Counsel to the Creditors' Committee;

  d.    Counsel to the Equity Committee;

  e.    Anadarko Petroleum Corporation;

  f.    The United States Attorney for the Southern District of New York, on behalf of the United States Department of Justice, the Environmental Protection Agency, and the Securities and Exchange Commission;

  g.    All persons or entities that have requested notice of the proceedings in the Chapter 11 Cases;

  h.    All persons or entities that have filed Claims against the Debtors as of the date of entry of this Order;

  i.    All creditors and other known holders of Claims against the Debtors as of the date of entry of this Order, including all persons or entities listed in the Schedules as holding Claims against one or more of the Debtors;

  j.    All parties to executory contracts and unexpired leases of the Debtors listed on the Schedules;

  k.    All parties to litigation with the Debtors or, where individual addresses are not available, through their counsel of record;

  l.    The United States Attorney for the Southern District of New York on behalf of the Environmental Protection Agency, and other agencies and instrumentalities of the Unites States of America;

  m.    State attorneys general for the states in which the Debtors' property is located;

6

n.    The Internal Revenue Service;

o.    The Debtors' current employees, and the Debtors' former employees to the extent that contact information for former employees is available in the Debtors' records; and

p.    Such additional persons and entities as deemed appropriate by the Debtors.

13.    The Debtors are further directed, with the assistance of KCC, to include the following information on every Proof of Claim Form that they supply to a creditor whose Claim is listed on the Debtors' Schedules: (a) the amount of such creditor's Claim against the applicable Debtor (if such information is reasonably ascertainable), as reflected in the Schedules; (b) the type of Claim held by such creditor (i.e., non-priority unsecured, priority unsecured or secured), as reflected in the Schedules; and (c) whether such Claim is contingent, unliquidated or disputed as reflected in the Schedules.  Any person or entity that receives the Proof of Claim Form is authorized to correct any incorrect information contained in the name and address portion of such form.

14.    The Debtors are hereby authorized to provide supplemental mailings of the Bar Date Package as may be necessary in situations, including, without limitation, (a) notices that are returned by the post office with forwarding addresses, (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to bondholders and equity holders) that decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing and (c) additional potential creditor that become known as the result of the Bar Date noticing process.  Such mailings made at any time up to 30 days in advance of the Bar Date are hereby deemed timely.  Notwithstanding the foregoing, the Debtors shall not be required to provide any additional notice to any creditor to whom the Debtors mailed the Bar Date Package in accordance with the terms of this Order and such notice was returned to the Debtors as undeliverable without a forwarding address.

7

15.     Pursuant to Bankruptcy Rule 2002(f), the Debtors shall give notice of the Bar Dates by publishing the Bar Date Notice, modified for publication in substantially the form annexed to the Motion as <u>Exhibit D</u> (the "General Publication Notice"), in *The Wall Street Journal* on one occasion on or before July 12, 2009.  The General Publication Notice shall include a telephone number that creditors may call to obtain copies of the Proof of Claim Form, a URL for a website where the creditors may obtain a copy of a Proof of Claim Form, and information concerning the procedures for filing Proofs of Claim.  The Debtors are authorized to enter into such transactions to cause such publication to be made and to make reasonable payments required for publication.

16.     The Debtors shall also give notice of the Bar Dates by publishing certain Site-Specific Publication Notices, modified for publication in substantially the form attached to the Motion as <u>Exhibit E</u>, in the publications listed in <u>Exhibit F</u> to the Motion, on one occasion on or before July 12, 2009.  The Debtors are authorized to enter into such transactions to cause such publication to be made and to make reasonable payments required for publication.

17.     The forms of the General Publication Notice and the Site-Specific Publication Notices substantially in the form attached to the Motion as <u>Exhibits F</u> and <u>G</u> are hereby approved.

18.     The Debtors, with the assistance of KCC, are authorized to mail the Bar Date Notice to counsels of record for Tort Claimants for whom the Debtors lack personal information.

19.     The Debtors are authorized to establish additional Bar Dates, as necessary, (the "Supplemental Bar Dates") with respect to (a) creditors as to whom a remailing of the Bar Date Package is appropriate, but which cannot be accomplished in time to provide at least thirty (30) days' notice of the Bar Date and (b) other creditors that become known to the Debtors after

8

the applicable Bar Date; provided, however, that the Debtors obtain the written consent of the Creditors' Committee before establishing a Supplemental Bar Date; provided, further, that the Debtors advise the Court of a Supplemental Bar Date by filing notice of such Supplemental Bar Date which identifies the Supplemental Bar Date and the creditors subject thereto.  In the event the Debtors establish a Supplemental Bar Date, the Debtors shall mail a Bar Date Package, modified to include the Supplemental Bar Date, to Claimants who are subject to the Supplemental Bar Date within thirty (30) days of any Supplemental Bar Date.

20.    Notice of the Bar Dates as set forth in this Order and in the manner set forth herein (including the Bar Date Notice, the Bar Date Package, the General Publication Notice, the Site-Specific Publication Notices, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates (including with respect to any environmental or tort Claims arising from or relating to the Legacy Businesses), and satisfies the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and General Order M-279.

21.    The Debtors are authorized, in their discretion and upon the written consent of the Creditors' Committee, to extend a Bar Date by stipulation where the Debtors determine that such extension is in the best interests of the Debtors and their estates.

22.    The Debtors are authorized to use the services of KCC to coordinate the processing of Proofs of Claim.

23.    Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

24.     Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the Bar Dates contained herein must file such Proofs of Claim or interests or be barred from doing so.

25.     The Debtors and KCC are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

26.     The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

27.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:

_____
                    UNITED STATES BANKRUPTCY JUDGE

10

09-10156-aug Doc 395 Filed 05/09/09 Entered 05/09/09 19:31:35 Main Document
Pg 2 of 65

# **EXHIBIT B**

## **Proof of Claim Form**

09-50026-reg Doc 399-1 Filed 05/05/09 Entered 05/05/09 19:31:35 Main Document Pg 53 of 105

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT _____ DISTRICT OF _____ | PROOF OF CLAIM |
|---|---|

| Name of Debtor: | Case Number: |
|---|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

Telephone number:

❏ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

❏ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

❏Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ❏ Real Estate    ❏ Motor Vehicle    ❏ Other
Describe:

**Value of Property:**$_____    **Annual Interest Rate**_____%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $_____    **Basis for perfection:** _____

**Amount of Secured Claim:** $_____    **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

❏ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

❏ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$_____

*\*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (12/08) – Cont.

---

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

#### _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10)

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

#### _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

# EXHIBIT C

## Form of Bar Date Notice

K&E 14199940.3

Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                            :

In re:                     :          Chapter 11
                            :

**TRONOX INCORPORATED,** *et al.,*    :          Case No. 09-10156 (ALG)
                            :

        Debtors.            :          (Jointly Administered)
                            :
-------------------------------------------------------------------x

### NOTICE OF AUGUST 12, 2009 DEADLINE FOR FILING PROOFS OF CLAIM

**TO:  ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST TRONOX
INCORPORATED OR ITS AFFILIATED DEBTORS.**

**PLEASE TAKE NOTICE** that, on January 12, 2009, Tronox Incorporated and 14 of its affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").  A list of the Debtors may be found on page 3 of this notice.

**PLEASE TAKE FURTHER NOTICE** that, on May __, 2009, the Court entered an order establishing **August 12, 2009 at 8:00 p.m. (Eastern Time)** as the last date (the "Bar Date") for any person or entity (including individuals, corporations, partnerships, trusts, and governmental units) to file a proof of claim (a "Proof of Claim").  The Bar Date and the procedures for filing a Proof of Claim apply to all Claims (as defined in section 101(5) of the Bankruptcy Code) against a Debtor that arose prior to January 12, 2009, except as specifically excluded below.

**YOU ARE RECEIVING THIS NOTICE** because you may have a Claim against one or more of the Debtors.  However, the fact that you are receiving this notice does not mean that you do have a Claim against a Debtor or that the Debtors believe that you have such a Claim.

**PURSUANT TO THE BAR DATE ORDER ENTERED BY THE COURT:**

- **THE DEADLINE TO FILE A PROOF OF CLAIM IN THESE CASES IS AUGUST 12, 2009 AT 8:00 P.M. (EASTERN TIME).**

- **IF YOU ARE REQUIRED TO FILE A PROOF OF CLAIM BY THE BAR DATE BUT FAIL TO DO SO, YOUR CLAIM WILL BE FOREVER BARRED.  THIS MEANS THAT YOU WILL NOT BE ELIGIBLE TO VOTE ON ANY CHAPTER 11 PLAN OR RECEIVE ANY DISTRIBUTION FROM THE DEBTORS ON ACCOUNT OF YOUR CLAIM.**

**THIS NOTICE CONTAINS INFORMATION REGARDING (1) HOW TO DETERMINE IF YOU MUST FILE A PROOF OF CLAIM AND, IF YOU ARE REQUIRED TO DO SO, (2) HOW TO FILE A PROOF OF CLAIM.**

14399272

## I.   WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a Proof of Claim if you have a Claim[1] against any of the Debtors that arose before January 12, 2009, except for the types of Claims listed below.  Acts or omissions that occurred before January 12, 2009 may give rise to Claims that are subject to the Bar Date, even if the Claims may not have become known or fixed or liquidated until after January 12, 2009.

The Debtors were "spun off" from Kerr-McGee Corporation in 2006.  As a result of the spin-off, it is possible that you may have a Claim against the Debtors that is related to Kerr-McGee Corporation's operations prior to March 2006.

## II.   WHAT TO FILE

Enclosed with this notice is a form Proof of Claim for you to use.

For your filed Proof of Claim to be valid, it must (a) be signed by you or your authorized agent, (b) be written in the English language, (c) be denominated in lawful currency of the United States, and (d) conform substantially with the enclosed Proof of Claim form or to Official Form No. 10.  In addition, you must attach to your Proof of Claim any documents on which your Claim is based (if voluminous, you may instead attach a summary).  You also must specifically identify the Debtor against which you assert a Claim by name and case number (listed on page 3 of this notice).  You should include all Claims against a particular Debtor in a single Proof of Claim.  If you have Claims against multiple Debtors, you must file a separate Proof of Claim against each Debtor.

## III.   WHEN AND WHERE TO FILE

Proofs of Claim must be submitted so as to be actually received no later than **8:00 p.m. (Eastern Time) on August 12, 2009** at the following address:

**Tronox Claims Processing Center
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245**

**PLEASE NOTE** that your Proof of Claim must be delivered to the above address by first class U.S. Mail (postage prepaid), in person, by courier service, or by overnight delivery.

**A PROOF OF CLAIM THAT IS SENT BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.**

---

[1]   Under section 101(5) of the Bankruptcy Code, the word "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## IV.    A LIST OF THE DEBTORS AND CERTAIN RELATED INFORMATION

| DEBTOR | CASE NUMBER | PRIOR NAMES USED IN THE LAST 6 YEARS (IF ANY) |
|---|---|---|
| Tronox Incorporated | 09-10156 | New-Co Chemical, Inc. |
| Tronox Luxembourg S.ar.l. | 09-10155 | Kerr-McGee Chemical (Luxembourg) S.A.R.L; Kerr-McGee Luxembourg S.a.r.l. |
| Cimarron Corporation | 09-10157 | |
| Southwestern Refining Company, Inc. | 09-10158 | Southwestern Oil & Refining Company |
| Transworld Drilling Company | 09-10159 | |
| Triangle Refineries, Inc. | 09-10160 | |
| Triple S Environmental Management Corporation | 09-10161 | Edgebrook Development Corp.; Kerr-McGee Environmental Management Corp. |
| Triple S Mineral Resources Corporation | 09-10162 | Kerr-McGee Minerals Resources Corporation |
| Triple S Refining Corporation | 09-10163 | Kerr-McGee Refining Corporation |
| Triple S, Inc. | 09-10164 | |
| Tronox Finance Corp. | 09-10165 | |
| Tronox Holdings, Inc. | 09-10166 | Kemira Holdings Inc.-2000; Kerr-McGee Holdings Inc.-2006 |
| Tronox LLC | 09-10167 | Kerr-McGee Chemical LLC |
| Tronox Pigment (Savannah) Inc. | 09-10168 | Kemira Pigments, Inc.; Kerr-McGee Pigments (Savannah), Inc. |
| Tronox Worldwide LLC | 09-10169 | Kerr-McGee Chemical Worldwide LLC |

## V.    WHO NEED NOT FILE A PROOF OF CLAIM

You **DO NOT** need to file a Proof of Claim for the following types of Claims:

A.    Any Claim for which a Proof of Claim already has been filed with the Clerk of the Court in a form substantially similar to Official Bankruptcy Form No. 10;

B.    Any Claim that was listed in the Debtors' schedules of assets and liabilities and statements of financial affairs, which were filed on March 30, 2009 (the "Schedules"); however, if (i) the Schedules list your Claim as "contingent," "unliquidated" or "disputed," (ii) you dispute the Schedules' description of the amount, nature and classification of your Claim, or (iii) you dispute that your Claim is an obligation of the specific Debtor that is identified in the Schedules, then you MUST submit a Proof of Claim by the Bar Date;

C. Any Claim that has been allowed pursuant to an order of the Court that was entered prior to May __, 2009 at TIME p.m. (Eastern Time);

D. Any Claim against a Debtor that has been paid in full by any of the Debtors or any other party;

E. Any Claim that is subject to specific deadlines other than the Bar Date fixed by the Court;

F. Any Claim held by a Debtor in these Chapter 11 Cases;

G. Any Claim held by a current employee of the Debtors for Wages and Benefits (as defined in the order of the Court entered on February 6, 2009 [Dkt. No. 143] authorizing the Debtors to honor Claims for Employee Wages and Benefits);

H. Any Claim that is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges ("Debt Claim") owed under any bond or note issued by the Debtors pursuant to an indenture (a "Debt Instrument"); however, (i) an indenture trustee under a Debt Instrument (the "Indenture Trustee") MUST file one Proof of Claim by the Bar Date with respect to all of the amounts owed under each of the Debt Instruments and (ii), if you are the holder of a Debt Claim and wish to assert a Claim, other than a Debt Claim, arising out of or relating to a Debt Instrument, you MUST submit a Proof of Claim by the Bar Date;

I. Any Claim that is based on an interest in an equity security of the Debtors; however, that if you wish to assert a Claim against any of the Debtors based on, without limitation, Claims for damages or rescission based on the purchase or sale of an equity security, you MUST submit a Proof of Claim by the Bar Date. The Debtors reserve all rights with respect to any such Claims, including the right to assert that such Claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code; and

J. Any Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases, with the exception of any Claim allowable under section 503(b)(9) of the Bankruptcy Code, which is subject to the Bar Date.

## VI.  SPECIAL DEADLINES APPLY TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Bankruptcy Code provides that the Debtors may, at any time before a plan of reorganization is confirmed by the Court, choose to reject certain executory contracts or unexpired leases.  If your contract or lease is rejected, you may have a Claim resulting from that rejection.  If the Debtors reject your contract or lease after [DATE], you must file a Proof of Claim for damages relating to the rejection of your contract or lease by the later of: (a) the Bar Date; or (b) the date provided in the order authorizing the Debtor to reject (or notice of rejection of) the contract or lease, or, if no date is provided in the order, thirty (30) days after the date the order authorizing the rejection is entered.

## VII.    EXAMINATION OF SCHEDULES

Your Claim may be listed in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Forms regarding the nature, amount and status of your Claim(s).  If the Debtors believe that you hold Claims against multiple Debtors, you will receive a Proof of Claim Form for each Debtor.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules; however, you may rely on the information in the enclosed Proof of Claim Form.  If you agree with the nature, amount and status of your Claim and the Debtor against whom your Claim is scheduled, and if your Claim is not described as "disputed," "contingent" or "unliquidated," then you do not need to file a Proof of Claim.

The Debtors' Schedules may be examined and inspected by interested parties during regular business hours at any of (a) the offices of Kirkland & Ellis LLP, 153 East 53rd Street, New York, New York 10022 or (b) the Clerk of the Court, United States Bankruptcy Court, Southern District of New York, One Bowling Green, Room 511, New York, New York 10004-1408, Monday through Friday, 9:00 a.m.-4:30 p.m.  The Debtors' Schedules and the Bar Date Order also are available online at www.kccllc.net/tronox.  All documents filed in the cases are accessible at the Court's internet site: https://ecf.nysb.uscourts.gov through an account obtained from the PACER website at http://pacer.psc.uscourts.gov.

If the Debtors later amend their Schedules, the Debtors will notify all holders of the Claims that are affected by the amendment.  Those holders will have an opportunity to file Proofs of Claim before a new deadline that will be specified in that future notice.

## VIII.    ACCESS TO PROOF OF CLAIM FORMS AND OTHER QUESTIONS

Additional information regarding the Bar Date, including Proof of Claim Forms and a copy of the Bar Date Order, may be obtained by contacting the Debtors' noticing and claims agent, Kurtzman Carson Consultants LLC, at 2335 Alaska Ave., El Segundo, California 90245, Telephone: (866) 381-9100.  Proof of Claim Forms also may be obtained at Kurzman Carson Consultants' website at www.kccllc.net/tronox or at the Court's website at www.uscourts.gov/bankform.

Kurtzman Carson Consultants LLC cannot advise you how to, or whether you should, file a Proof of Claim.  If you have additional questions that are not covered by this notice, you should consult an attorney to determine your rights and obligations.

Dated:    [INSERT DATE]                          **BY ORDER OF THE COURT**
          New York, New York

KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022

Attorneys for the Debtors and Debtors in Possession

09-10458-atp    Doc 399    Filed 05/09/09    Entered 05/09/09 19:31:35    Main Document
Pg 49 of 89

**<u>EXHIBIT D</u>**

**Form of General Publication Notice**

**Exhibit D**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                         :
In re:                                   :        Chapter 11
                                         :
TRONOX INCORPORATED, et al.,             :        Case No. 09-10156 (ALG)
                                         :
              Debtors.                   :        (Jointly Administered)
                                         :
-----------------------------------------------------------------x
```

<u>NOTICE OF AUGUST 12, 2009 DEADLINE FOR FILING PROOFS OF CLAIM</u>

**TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST TRONOX INCORPORATED OR ITS AFFILIATED DEBTORS.**

**PLEASE TAKE NOTICE** that, on January 12, 2009, Tronox Incorporated and 14 of its affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors are listed below.

**PLEASE TAKE FURTHER NOTICE** that, on May __, 2009, the Court entered an order establishing **August 12, 2009 at 8:00 p.m. (Eastern Time)** as the last date (the "Bar Date") for any person or entity (including individuals, corporations, partnerships, trusts, and governmental units) to file a proof of claim (a "Proof of Claim"). The Bar Date and the procedures for filing a Proof of Claim apply to all Claims (as defined in section 101(5) of the Bankruptcy Code) against a Debtor that arose prior to January 12, 2009, except as specifically excluded below.

**PURSUANT TO THE BAR DATE ORDER ENTERED BY THE COURT:**

- **THE DEADLINE TO FILE A PROOF OF CLAIM IN THESE CASES IS AUGUST 12, 2009 AT 8:00 P.M. (EASTERN TIME).**

- **IF YOU ARE REQUIRED TO FILE A PROOF OF CLAIM BY THE BAR DATE BUT FAIL TO DO SO, YOUR CLAIM WILL BE FOREVER BARRED. THIS MEANS THAT YOU WILL NOT BE ELIGIBLE TO VOTE ON ANY CHAPTER 11 PLAN OR RECEIVE ANY DISTRIBUTION FROM THE DEBTORS ON ACCOUNT OF YOUR CLAIM.**

**THIS NOTICE CONTAINS INFORMATION REGARDING (1) HOW TO DETERMINE IF YOU MUST FILE A PROOF OF CLAIM AND, IF YOU ARE REQUIRED TO DO SO, (2) HOW TO FILE A PROOF OF CLAIM.**

**I.     WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim if you have a Claim against any of the Debtors that arose before January 12, 2009, except for the types of Claims listed below. Acts or omissions that occurred

before January 12, 2009 may give rise to Claims that are subject to the Bar Date, even if the Claims may not have become known or fixed or liquidated until after January 12, 2009.

The Debtors were "spun off" from Kerr-McGee Corporation in 2006. As a result of the spin-off, it is possible that you may have a Claim against the Debtors that is related to Kerr-McGee Corporation's operations prior to March 2006.

Under section 101(5) of the Bankruptcy Code, the word "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## II.    WHAT TO FILE

For your Proof of Claim to be valid, it must (a) be signed by you or your authorized agent, (b) be written in the English language, (c) be denominated in lawful currency of the United States, and (d) conform substantially with Official Form No. 10. In addition, you must attach to your Proof of Claim any documents on which your Claim is based (if voluminous, you may instead attach a summary). You must specifically identify the Debtor against which you assert a Claim by name and case number. You should include all Claims against a particular Debtor in a single Proof of Claim. If you have Claims against multiple Debtors, you must file a separate Proof of Claim against each Debtor. You may obtain a Proof of Claim form from any bankruptcy court clerk's office, from your lawyer, by going to www.uscourts.gov/bankform or www.kccllc.net/tronox, or by calling (866) 381-9100.

## III.    WHEN AND WHERE TO FILE

Proofs of Claim must be submitted so as to be actually received no later than **8:00 p.m. (Eastern Time) on August 12, 2009** at:

> **Tronox Claims Processing Center**
> **c/o Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, CA 90245**

**PLEASE NOTE** that your Proof of Claim must be delivered to the above address by first class U.S. Mail (postage prepaid), in person, by courier service, or by overnight delivery.

**A PROOF OF CLAIM THAT IS SENT BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.**

## IV.    A LIST OF THE DEBTORS AND CERTAIN RELATED INFORMATION

| DEBTOR | CASE NUMBER | PRIOR NAMES USED IN THE LAST 6 YEARS (IF ANY) |
|---|---|---|
| Tronox Incorporated | 09-10156 | New-Co Chemical, Inc. |

| Tronox Luxembourg S.ar.l. | 09-10155 | Kerr-McGee Chemical (Luxembourg) S.A.R.L.; Kerr-McGee Luxembourg S.a.r.l. |
|---|---|---|
| Cimarron Corporation | 09-10157 | |
| Southwestern Refining Company, Inc. | 09-10158 | Southwestern Oil & Refining Company |
| Transworld Drilling Company | 09-10159 | |
| Triangle Refineries, Inc. | 09-10160 | |
| Triple S Environmental Management Corporation | 09-10161 | Edgebrook Development Corp.; Kerr-McGee Environmental Management Corp. |
| Triple S Mineral Resources Corporation | 09-10162 | Kerr-McGee Minerals Resources Corporation |
| Triple S Refining Corporation | 09-10163 | Kerr-McGee Refining Corporation |
| Triple S, Inc. | 09-10164 | |
| Tronox Finance Corp. | 09-10165 | |
| Tronox Holdings, Inc. | 09-10166 | Kemira Holdings Inc.-2000; Kerr-McGee Holdings Inc.-2006 |
| Tronox LLC | 09-10167 | Kerr-McGee Chemical LLC |
| Tronox Pigment (Savannah) Inc. | 09-10168 | Kemira Pigments, Inc.; Kerr-McGee Pigments (Savannah), Inc. |
| Tronox Worldwide LLC | 09-10169 | Kerr-McGee Chemical Worldwide LLC |

## V.    WHO NEED NOT FILE A PROOF OF CLAIM

You **DO NOT** need to file a Proof of Claim for the following types of Claims:

A.    Any Claim for which a Proof of Claim already has been filed with the Clerk of the Court in a form substantially similar to Official Bankruptcy Form No. 10;

B.    Any Claim that was listed in the Debtors' schedules of assets and liabilities and statements of financial affairs, which were filed on March 30, 2009 (the "Schedules"); however, if (i) the Schedules list your Claim as "contingent," "unliquidated" or "disputed," (ii) you dispute the Schedules' description of the amount, nature and classification of your Claim, or (iii) you dispute that your Claim is an obligation of the specific Debtor that is identified in the Schedules, then you MUST submit a Proof of Claim by the Bar Date;

C.    Any Claim that has been allowed pursuant to an order of the Court that was entered prior to May __, 2009 at TIME p.m. (Eastern Time);

D.    Any Claim against a Debtor that has been paid in full by any of the Debtors or any other party;

E.    Any Claim that is subject to specific deadlines other than the Bar Date fixed by the Court;

F.    Any Claim held by a Debtor in these Chapter 11 Cases;

G. Any Claim held by a current employee of the Debtors for Wages and Benefits (as defined in the order of the Court entered on February 6, 2009 [Dkt. No. 143] authorizing the Debtors to honor Claims for Employee Wages and Benefits);

H. Any Claim that is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges ("Debt Claim") owed under any bond or note issued by the Debtors pursuant to an indenture (a "Debt Instrument"); however, (i) an indenture trustee under a Debt Instrument (the "Indenture Trustee") MUST file one Proof of Claim by the Bar Date with respect to all of the amounts owed under each of the Debt Instruments and (ii), if you are the holder of a Debt Claim and wish to assert a Claim, other than a Debt Claim, arising out of or relating to a Debt Instrument, you MUST submit a Proof of Claim by the Bar Date;

I. Any Claim that is based on an interest in an equity security of the Debtors; however, that if you wish to assert a Claim against any of the Debtors based on, without limitation, Claims for damages or rescission based on the purchase or sale of an equity security, you MUST submit a Proof of Claim by the Bar Date. The Debtors reserve all rights with respect to any such Claims, including the right to assert that such Claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code; and

J. Any Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases, with the exception of any Claim allowable under section 503(b)(9) of the Bankruptcy Code, which is subject to the Bar Date.

## VI.   SPECIAL DEADLINES APPLY TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtors may choose to reject certain executory contracts or unexpired leases. If your contract or lease is rejected, you may have a Claim resulting from that rejection. If the Debtors reject your contract or lease after [DATE], you must file a Proof of Claim for damages relating to the rejection of your contract or lease by the later of: (a) the Bar Date; or (b) the date provided in the order authorizing the Debtor to reject (or notice of rejection of) the contract or lease, or, if no date is provided in the order, 30 days after the date the order authorizing the rejection is entered.

## VII.   EXAMINATION OF SCHEDULES

Your Claim may be listed in the Debtors' Schedules. If you agree with the nature, amount and status of your Claim and the Debtor against whom your Claim is scheduled as listed in the Schedules, and if your Claim is not described as "disputed," "contingent" or "unliquidated," then you do not need to file a Proof of Claim.

The Debtors' Schedules may be examined and inspected during regular business hours at (a) the offices of Kirkland & Ellis LLP, 153 East 53rd Street, New York, New York 10022 or (b) the Clerk of the Court, United States Bankruptcy Court, Southern District of New York, One Bowling Green, Room 511, New York, New York 10004-1408, Monday through Friday, 9:00 a.m.-4:30 p.m. The Debtors' Schedules also are available online at www.kccllc.net/tronox. All documents filed in the cases are accessible at the Court's internet site: https://ecf.nysb.uscourts.gov through an account

4

obtained from the PACER website at http://pacer.psc.uscourts.gov.  Creditors that wish to rely on the Schedules are responsible for determining that their Claims are listed accurately on them.

## VIII.   ADDITIONAL INFORMATION

Additional information regarding the Bar Date, including Proof of Claim Forms and a copy of the Bar Date Order, may be obtained by contacting the Debtors' noticing and claims agent, Kurtzman Carson Consultants LLC, at 2335 Alaska Ave., El Segundo, California 90245, Telephone: (866) 381-9100, at www.kccllc.net/tronox.

If you have additional questions that are not covered by this notice, you should consult an attorney to determine your rights and obligations.

Dated:   [INSERT DATE]                                    **BY ORDER OF THE COURT**
         New York, New York

KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022

Attorneys for the Debtors and Debtors in Possession

# EXHIBIT E

**Form of Site-Specific Publication Notices**

**(Henderson, Nevada)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites.  One of these sites is the Debtors' specialty chemicals manufacturing facility and nearby areas in Henderson, Nevada, at which perchlorate contamination arising from past operations of the facility is alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Henderson site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages.  Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages.  Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages.  More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Henderson site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.**  Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Manville, New Jersey)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is the Federal Creosote Superfund Site located in the Borough of Manville, Somerset County, New Jersey. The United States Environmental Protection Agency, the New Jersey Department of Environmental Protection and others have alleged that, as a result of a wood-treating facility that was operated at the site until the mid-1950s, creosote contamination exists or did exist at the site.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Manville site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Manville site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Soda Springs, Idaho)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is the Debtors' manufacturing facility and surrounding areas in Soda Springs, Idaho, at which heavy metals contamination, including arsenic, manganese, molybdenum, vanadium, tributyl phosphate (TBP), and total petroleum hydrocarbon (TPH) contamination, arising from past operations of the facility is alleged to exist or to have existed. This site is listed on the United States Environmental Protection Agency's ("EPA") National Priorities List.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Soda Springs site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Soda Springs site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

3

09-10156-atg   Doc 399   Filed 05/05/09   Entered 05/05/09 19:31:35   Main Document
Pg 59 of 69

**(Savannah, Georgia)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is the Debtors' manufacturing facility and surrounding areas in Savannah, Georgia. Because of a municipal landfill which was previously operated at the site, the Georgia Environmental Protection Division has listed the landfill site on the Georgia Hazardous Site Inventory.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Savannah site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Savannah site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Calhoun, Louisiana)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a former gas plant and surrounding areas in Calhoun, Louisiana, at which waste oil and liquid hydrocarbon contamination, including benzene, toluene, lead and dissolved iron, arising from past operations of the facility is alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Calhoun site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Calhoun site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Cimarron, Oklahoma)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a nuclear fuels facility formerly operated in Cimarron, Oklahoma, at which uranium contamination arising from past operations of the nuclear facility is alleged to exist or to have previously existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Cimarron site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Cimarron site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

6

**(Cleveland, Oklahoma)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is an oil refinery formerly operated in Cleveland, Oklahoma, at which contamination from metals such as lead, aluminum, cadmium, copper, and manganese; volatile organic compounds such as benzene, toluene, xylenes, acetone, chloroform, and methylene chloride; and semi-volatile organic compounds such as naphthalene, phenanthrene, and others is alleged to exist or to have previously existed as a result of former operations at the refinery.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Cleveland site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Cleveland site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Columbus, Mississippi)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a wood-treating facility in Columbus, Mississippi and surrounding areas, at which creosote contamination arising from operations at the wood-treating facility is alleged to exist or to have previously existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Columbus site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Columbus site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Cushing, Oklahoma)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is an oil refinery and nuclear fuels production plant formerly operated in Cushing, Oklahoma, at which residual uranium and thorium, petroleum hydrocarbons, metals, and liquid petroleum hydrocarbons contamination arising from past operations at the former refinery and nuclear facility is alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Cushing site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Cushing site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Jacksonville, Florida)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites.  These sites include a former pesticide and fertilizer manufacturing operation and a petroleum terminal formerly operated in Jacksonville, Florida. The pesticide and fertilizer manufacturing operation  is a US EPA Superfund Alternative Site. Various pesticides, volatile organic compounds, dioxins/furans, polychlorinated biphenyls (PCBs), radionuclides and metals contamination arising from past operations at the pesticide and fertilizer manufacturing operation is alleged to exist or to have existed at the site.  In addition, various oil, fuel, kerosene, and gasoline contamination arising from past operations at the petroleum terminal is alleged to exist or to have existed at the site

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Jacksonville site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages.  Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages.  Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages.  More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Jacksonville site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.**  Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Milwaukee, Wisconsin)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a former wood-treating facility and surrounding areas in Milwaukee, Wisconsin, at which creosote contamination arising from past operations at the facility is alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Cleveland site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Cleveland site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Edwardsville, Illinois)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a former wood-treating facility in Edwardsville, Illinois, at which creosote contamination arising from past operations of the facility may be alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Edwardsville site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Edwardsville site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Marion, Illinois)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a former wood-treating facility in Marion, Illinois, at which creosote or other contamination arising from past operations of the facility may be alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Marion site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Marion site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Worthington, Kentucky)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a former wood-treating facility in Worthington, Kentucky, at which creosote or other contamination arising from past operations of the facility may be alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Worthington site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Worthington site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Bogalusa, Louisiana)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a former wood-treating facility in Bogalusa, Louisiana, at which creosote or other contamination arising from past operations of the facility may be alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Bogalusa site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Bogalusa site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Constable Hook (Bayonne), New Jersey)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a former wood-treating facility in Bayonne, New Jersey, at which creosote or other contamination arising from past operations of the facility may be alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Bayonne site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Bayonne site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

16

**(Rome, New York)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites.  One of these sites is a former wood-treating facility in Rome, New York, at which creosote or other contamination arising from past operations of the facility may be alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Rome site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages.  Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages.  More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Rome site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.**  Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Aiken, South Carolina)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a farm center previously operated in Aiken, South Carolina, at which various pesticides, fertilizers, volatile organic compounds and other related chemicals contamination arising from past operations of the center may be alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Aiken site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Aiken site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

18

**(Cartersville, Georgia)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a farm center previously operated in Cartersville, Georgia, at which various pesticides, fertilizers, volatile organic compounds and other related chemicals contamination arising from past operations of the center may be alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Cartersville site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Cartersville site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

19

**(Davidson, North Carolina)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a farm center previously operated in Davidson, North Carolina, at which various pesticides, fertilizers, volatile organic compounds and other related chemicals contamination arising from past operations of the center may be alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Davidson site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Davidson site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Hugo, Oklahoma)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a former wood-treating facility in Hugo, Oklahoma, at which creosote or other contamination arising from past operations of the facility may be alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Hugo site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Hugo site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Jackson and Hattiesburg, Mississippi)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. Two of these sites are former wood-treating facilities located in Jackson and Hattiesburg, Mississippi, at which creosote contamination arising from past operations of the facilities is alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Jackson and/or Hattiesburg sites, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Jackson and/or Hattiesburg sites, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Mobile and Theodore, Alabama)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a former synthetic rutile facility in Mobile and Theodore, Alabama, at which arsenic, mercury, copper, selenium, thallium and related contamination arising from past operations of the facility may be alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Mobile site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Mobile site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Sauget and Madison, Illinois)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. Two of these sites are former wood-treating facilities located in Sauget and Madison, Illinois, at which creosote or other contamination arising from past operations of the facilities may be alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Sauget and/or Madison sites, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Sauget and/or Madison sites, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(West Chicago and Winfield Township, Illinois)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is the Rare Earth Facility, a former milling facility used to produce thorium and thorium compounds that was operated until the mid-1970s in West Chicago, Illinois, and nearby areas. It is alleged that uranium, sulfate and other contamination arising from past operations of the Rare Earth Facility exists or did exist at the site and may have migrated to nearby areas. These nearby areas include, among others, the Kress Creek/West Branch DuPage River Superfund Site, the nearby Reed-Keppler Superfund Site, and the Sewage Treatment Plant Superfund Site (collectively with the Rare Earth Facility site, the "West Chicago Sites").

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the West Chicago sites, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the West Chicago sites, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Ambrosia Lake and Albuquerque, New Mexico)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a nuclear fuels facility formerly operated in Ambrosia Lake, New Mexico, at which uranium, sulfate and other contamination arising from past operations of the facility may be alleged exist. Another one of these sites is a service station formerly operated in Albuquerque, New Mexico, at which xylenes (BTEX), methyl tertiary butyl ether (MTBE), naphthalene and lead contamination may be alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Ambrosia Lake and/or Albuquerque sites, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Ambrosia Lake and/or Albuquerque sites, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Birmingham, Alabama)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites.  One of these sites is a petroleum and storage terminal related to former operations of a petroleum terminal in Birmingham, Alabama, at which dissolved petroleum hydrocarbons including benzene, toluene, ethylbenzene, xylenes (BTEX), methyl tertiary butyl ether (MTBE), Polynuclear Aromatic Hydrocarbons (PAH), lead and related contamination arising from past operations of the facility is alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Birmingham site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages.  Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages.  Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages.  More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Birmingham site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.**  Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Los Angeles, California)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. Three of these sites are former chemical manufacturing facilities located in Torrence, Vernon, Hobary and Culver City, California, at which various pesticides, fertilizers, volatile organic compounds (VOCs), metals and other chemicals related contamination arising from past operations of the facilities may be alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Torrence, Vernon, Hobart, and Culver City sites, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Torrence, Vernon, Hobart, and Culver City sites, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

28

**(Bossier City, Louisiana)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites.  One of these sites is a former wood-treating facility in Bossier City, Louisiana, at which creosote or other contamination arising from past operations of the facility is alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Bossier City site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages.  Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages.  Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages.  More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Bossier City site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.**  Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

29

**(Texarkana, Texas)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a former wood-treating facility in Texarkana, Texas, at which creosote contamination arising from past operations of the facility is alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Texarkana site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Texarkana site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Toledo, Ohio)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a former wood-treating facility in Toledo, Ohio, at which creosote contamination arising from past operations of the facility is alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Toledo site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Toledo site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Bloomington, Indiana)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a former wood-treating facility in Bloomington, Indiana, at which creosote contamination arising from past operations of the facility is alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Bloomington site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Bloomington site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

32

**(El Dorado, Arkansas)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a former wood-treating facility in El Dorado, Arkansas, at which creosote contamination arising from past operations of the facility is alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the El Dorado site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the El Dorado site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Avoca, Pennsylvania)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites.  One of these sites is a former wood-treating facility and surrounding areas in Avoca, Pennsylvania, at which creosote contamination arising from past operations at the facility is alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Avoca site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages.  Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages.  Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages.  More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Avoca site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.**  Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**(Hanover, Massachusetts)**

Tronox Incorporated and certain of its affiliates (collectively, the "Debtors") are required to provide notice to parties who may have a claim against the Debtors related to exposure to hazardous materials at particular sites. One of these sites is a former munitions plant in Hanover, Massachusetts, at which heavy metals, arsenic and lead contamination arising from past operations of the facility is alleged to exist or to have existed.

If you, your property, your spouse or an immediate family member was exposed to contaminants at or near the Hanover site, and if that exposure directly or indirectly caused injury that becomes apparent now or in the future, you may have a claim under various legal theories for damages. Personal injury damages could relate to physical, emotional or other personal injuries such as bodily injury, wrongful death, medical monitoring, survivorship or proximate, consequential, general and special damages or punitive damages. Property-related damages could relate to cost of removal, diminution of property value or economic loss, or proximate, consequential, general and special damages or punitive damages. More information about the definition of "claims" that must be filed before the August 12, 2009 deadline is included in the legal notice that appears above.

If you believe that you may have a claim related to you or your property's exposure to any products, raw materials or contaminants that were produced, manufactured, supplied, used or disposed of at the Hanover site, you **MUST** file a proof of claim form with the Bankruptcy Court according to the legal instructions above by August 12, 2009 **or you will forever lose your rights to recover on your claim in the future.** Filing a proof of claim form does not automatically entitle you to compensation.

For more information about the filing process and/or to receive a proof of claim form, please call (866) 381-9100 or visit www.kccllc.net/tronox.

**Exhibit F**

**Publications for Site-Specific Publication Notices**

## Exhibit F

| Location[1] | State | Local Publication | Est. Cost[2] |
|---|---|---|---|
| Birmingham, Alabama | AL | Birmingham News | 1,512.21 |
| Mobile, Alabama | AL | Mobile Register | 5,456.53 |
| El Dorado, Arkansas | AR | El Dorado News-Times | 1,013.52 |
| Torrance, California | CA | Torrance Daily Breeze | 1,126.31 |
| Jacksonville, Florida | FL | Jacksonville FL Times Union | 2,564.57 |
| Savannah, Georgia | GA | Savannah Morning News | 1,814.94 |
| Cartersville, Georgia | GA | Cartersville Daily Tribune News | 557.91 |
| Soda Springs, Idaho | ID | Caribou County Sun | 450.39 |
| Edwardsville, Illinois | IL | Edwardsville Intelligencer | 602.15 |
| Marion, Illinois | IL | Marion Daily Republican | 670.77 |
| West Chicago & Winfield Township, IL | IL | Chicago Tribune | 13,146.59 |
| Sauget and Madison, Illinois | IL | St. Louis Post-Dispatch | 9,210.76 |
| Bloomington, Indiana | IN | Bloomington Herald-Times | 1,521.70 |
| Worthington, Kentucky | KY | Ashland Independent | 1,082.43 |
| Bogalusa, Louisiana | LA | Bogalusa Daily News | 402.74 |
| Bossier City, Louisiana | LA | Bossier Press-Tribune | 564.70 |
| Calhoun, Louisiana | LA | Monroe News-Star | 2,268.19 |
| Calhoun, Louisiana | LA | Ouachita Citizen | 444.52 |
| Hanover, Massachusetts | MA | Hanover Mariner | 845.64 |
| Jackson & Hattiesburg, Mississippi | MS | Jackson Clarion Ledger/ Hattiesburg American | 5,821.38 |
| Columbus, Mississippi | MS | Columbus Commercial Dispatch | 755.69 |
| Davidson, North Carolina | NC | Charlotte Observer | 5,284.70 |
| Constable Hook (Bayonne), New Jersey | NJ | Jersey Journal | 466.02 |
| Manville, New Jersey | NJ | Bridgewater Courier News | 528.13 |
| Manville, New Jersey | NJ | Manville News | 440.52 |
| Ambrosia Lake & Albuquerque, NM | NM | Albuquerque Daily Journal | 3,788.52 |
| Henderson, Nevada | NV | Las Vegas Review-Journal | 1,214.86 |
| Rome, New York | NY | Rome Daily Sentinel | 667.29 |
| Toledo, Ohio | OH | Toledo Blade | 4,195.63 |
| Hugo, Oklahoma | OK | Hugo Daily News | 506.09 |
| Cimarron, Oklahoma | OK | Oklahoma City Oklahoman | 7,446.95 |
| Cushing, Oklahoma | OK | Cushing Daily Citizen | 515.88 |
| Cleveland, Oklahoma | OK | Tulsa World | 2,502.56 |

---

[1]   This Exhibit lists the sites that Tronox has identified as appropriate for supplemental notice in the form of site-specific notices to be published in local publications.  To the extent Tronox determines that it is appropriate to modify and/or supplement this list of locations, Tronox will provide the Court and appropriate parties with notice of any such alternation.

[2]   The estimated costs listed herein have been estimated based on a specific word count for each notice; actual costs may vary depending on the word count of the final published versions of the notices.

| Cleveland, Oklahoma | OK | Cleveland American | 432.40 |
| Avoca, Pennsylvania | PA | Scranton Times-Tribune | 2,310.21 |
| Aiken, South Carolina | SC | Aiken Standard | 622.75 |
| Texarkana, Texas | TX | Texarkana Gazette | 1,164.31 |
| Milwaukee, Wisconsin | WI | Milwaukee Journal Sentinel | 3,900.56 |
| | | | **87,821.03** |