**Hearing Date and Time: To Be Determined**
                                                                           **Opposition Deadline: December 16, 2014**
                                                                             **Reply Deadline: January 16, 2015**

| | |
|---|---|
| Edward S. Weisfelner | Sander L. Esserman |
| David J. Molton | STUTZMAN, BROMBERG, ESSERMAN & |
| May Orenstein | PLIFKA, A PROFESSIONAL |
| Howard S. Steel | CORPORATION |
| Rebecca L. Fordon (*pro hac vice* pending) | 2323 Bryan Street, Suite 2200 |
| BROWN RUDNICK LLP | Dallas, Texas 75201 |
| Seven Times Square | Telephone: 214-969-4900 |
| New York, New York 10036 | Email: esserman@sbep-law.com |
| Telephone: 212-209-4800 | |
| Email: eweisfelner@brownrudnick.com | |
| Email: dmolton@brownrudnick.com | |
| Email: morenstein@brownrudnick.com | |
| Email: hsteel@brownrudnick.com | |
| Email: rfordon@brownrudnick.com | |

*Designated Counsel for Certain Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------X
                                                               :
In re:                                                         :    Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,                            :    Case No.: 09-50026 (REG)
         f/k/a General Motors Corp., et al.,                   :
                                                               :
                                        Debtors.               :    (Jointly Administered)
---------------------------------------------------------------X
```

### DECLARATION OF STEVE W. BERMAN
### IN SUPPORT OF DESIGNATED COUNSEL'S OPPOSITION TO
### NEW GM'S MOTIONS FOR ENFORCEMENT OF SALE ORDER AND INJUNCTION

I, Steve W. Berman, declare as follows:

       1.     I am a partner at the law firm Hagens Berman Sobol Shapiro LLP.

       2.     I am one of the Lead Counsel appointed in the General Motors LLC Ignition Switch Litigation Multidistrict Litigation, currently pending in the United States District Court for the Southern District of New York, Judge Furman presiding, Case No. 14-MD-2543 (JMF) (the "**MDL Proceeding**").

3. I respectfully submit this Declaration in Support of *Designated Counsel's Opposition to New GM's Motions for Enforcement of Sale Order and Injunction* (the "**Opposition**"), filed contemporaneously herewith.[1]

4. Pursuant to this Court's *Supplemental Scheduling Order Regarding (I) Motion of General Motors LLC Pursuant to §§ 11 U.S.C. 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction, (II) Objection Filed by Certain Plaintiffs in Respect Thereto, and (II) Adversary Proceeding No. 14-01929*, dated July 11, 2014 [ECF No. 12770] (the "**Supplemental Scheduling Order**"), Counsel for the Identified Parties (as defined in the Supplemental Scheduling Order) were required to deliver to the Court agreed upon stipulations of fact with respect to the Threshold Issues by August 8, 2014. The Supplemental Scheduling Order further provides that "all parties may rely on . . . any factual materials that would be considered by the Court pursuant to Rule 7056 of the Federal Rules of Bankruptcy procedure and all parties may offer for that purpose any material which they would wish considered part of the record . . . ." Supplemental Scheduling Order at 5.

5. On August 8, 2014, Counsel for the Identified Parties jointly filed the *Agreed and Disputed Stipulations of Fact Pursuant to the Court's Supplemental Scheduling Order, Dated July 11, 2014* [ECF No. 12826] (the "**Stipulated Facts**"), which included all agreed upon stipulations of fact, and certain disputed facts, with respect to the Threshold Issues. The Stipulated Facts further provided that the parties could, upon approval of the Court after good cause shown, "use documents, testimony, or other evidence that is not specifically referenced in these stipulations including documents produced after the date of these stipulations." Stipulated Facts at 1.

---

[1] Capitalized terms used herein by not otherwise defined shall have the meanings ascribed to them in the Opposition.

2

6. Since the Stipulated Facts were filed, Plaintiffs, through Lead Counsel, continued to take discovery in the MDL Proceeding, including as to the recalls of certain Defective Vehicles and the GM customer complaint database. See *Order No. 20: Regarding the Phase One Discovery Plan* [MDL Proceeding ECF No. 383] at 1-2. The information obtained by Lead Counsel thus far (certain of which is attached hereto) has revealed that Old GM was aware of numerous additional accidents involving the ISD and customer complaints about the ISD.

7. Lead Counsel has also sought discovery relating to the personnel files of current and former New GM employees, including "separation agreements, including any undertaking letters, for any former employees who New GM reasonably believes was separated from New GM relating to ignition switch issues related to [certain of the Ignition Switch recalls]." See *Order No. 26: Order Regarding the Production of Personnel Files by General Motors LLC* [MDL Proceeding ECF No. 434] at 2. As of the date hereof, New GM has failed to produce this information.

8. The following exhibits, attached to this Declaration, are true and correct copies of documents produced by New GM in the MDL Proceeding.

9. Attached hereto as **Exhibit 1** is a true and correct copy of an Old GM Technical Assistance Center ("**TAC**") report regarding a customer complaint opened on July 1, 2003.

10. Attached hereto as **Exhibit 2** is a true and correct copy of an Old GM TAC report regarding a customer complaint opened on September 18, 2003.

11. Attached hereto as **Exhibit 3** is a true and correct copy of an Old GM report regarding a customer complaint opened on October 23, 2003.

12. Attached hereto as **Exhibit 4** is a true and correct copy of an Old GM TAC report regarding a customer complaint opened on November 19, 2003.

13. Attached hereto as **Exhibit 5** is a true and correct copy of an Old GM TAC report regarding a customer complaint opened on November 19, 2003.

14. Attached hereto as **Exhibit 6** is a true and correct copy of an Old GM TAC report regarding a customer complaint opened on November 25, 2003.

15. Attached hereto as **Exhibit 7** is a true and correct copy of an Old GM TAC report regarding a customer complaint opened on December 4, 2003.

16. Attached hereto as **Exhibit 8** is a true and correct copy of an Old GM TAC report regarding a customer complaint opened on December 9, 2003.

17. Attached hereto as **Exhibit 9** is a true and correct copy of an Old GM report regarding a customer complaint opened on December 12, 2003.

18. Attached hereto as **Exhibit 10** is a true and correct copy of an Old GM report regarding a customer complaint opened on December 29, 2003.

19. Attached hereto as **Exhibit 11** is a true and correct copy of an Old GM TAC report regarding a customer complaint opened on April 13, 2004.

20. Attached hereto as **Exhibit 12** is a true and correct copy of an Old GM report regarding a customer complaint opened on October 15, 2004.

21. Attached hereto as **Exhibit 13** is a true and correct copy of an Old GM report regarding a customer complaint opened on November 29, 2004.

22. Attached hereto as **Exhibit 14** is a true and correct copy of an Old GM report regarding a customer complaint opened on March 9, 2005.

23. Attached hereto as **Exhibit 15** is a true and correct copy of an Old GM report regarding a customer complaint opened on March 14, 2005.

24. Attached hereto as **Exhibit 16** is a true and correct copy of an Old GM report regarding a customer complaint opened on May 24, 2005.

25. Attached hereto as **Exhibit 17** is a true and correct copy of an Old GM TAC report regarding a customer complaint opened on June 2, 2005.

26. Attached hereto as **Exhibit 18** is a true and correct copy of an Old GM report regarding a customer complaint opened on June 7, 2005.

27. Attached hereto as **Exhibit 19** is a true and correct copy of a customer letter addressed to Old GM dated June 29, 2005.

28. Attached hereto as **Exhibit 20** is a true and correct copy of an Old GM report regarding a customer complaint opened on November 1, 2005.

29. Attached hereto as **Exhibit 21** is a true and correct copy of an Old GM TAC report regarding a customer complaint opened on November 10, 2005.

30. Attached hereto as **Exhibit 22** is a true and correct copy of an Old GM TAC report regarding a customer complaint opened on December 26, 2005.

31. Attached hereto as **Exhibit 23** is a true and correct copy of an Old GM TAC report regarding a customer complaint opened on March 9, 2006.

32. Attached hereto as **Exhibit 24** is a true and correct copy of an Old GM report regarding a customer complaint opened on October 24, 2006.

33. Attached hereto as **Exhibit 25** is a true and correct copy of an Old GM document entitled "Preliminary Information," dated November 10, 2006.

34. Attached hereto as **Exhibit 26** is a true and correct copy of an Old GM report regarding a customer complaint opened on November 6, 2007.

35. Attached hereto as **Exhibit 27** is a true and correct copy of an email from Thomas E. Svoboda, Delphi Automotive, to John B. Coniff, Delphi Automotive, and George J. Lin, Delphi Automotive (June 14, 2005, 7:30 p.m.), produced by Delphi in the MDL Proceeding.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

Dated: December 16, 2014
Seattle, Washington

*/s/ Steve W. Berman*
Steve W. Berman