# **EXHIBIT A**

**BROWNRUDNICK**

EDWARD S. WEISFELNER

direct dial: (212) 209-4900
fax : (212) 938-2900
EWeisfelner@brownrudnick.com

Seven Times Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

November 4, 2014

**VIA EMAIL**

Matthew J. Williams
Lisa H. Rubin
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166-0193

RE:   In re Motors Liquidation Company, *et al.*,
      f/k/a General Motors Corp, *et al.*, Case No. 09-50026 (REG)

Dear Matt and Lisa:

As you are aware, this firm, Stutzman, Bromberg, Esserman & Plifka, PC, and Goodwin Procter LLP represent certain plaintiffs ("**Plaintiffs**") with respect to the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* [ECF No. 12620] (the "**Ignition Switch Motion to Enforce**") and the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce this Court's July 5, 2009 Sale Order and Injunction Against Plaintiffs in Pre-Closing Accident Lawsuits* [ECF No. 12807] (the "**Pre-Closing Accident Motion to Enforce**").

I write to you on behalf of these Plaintiffs in your capacity as counsel for Wilmington Trust Company, as Trust Administrator of the Motors Liquidation Company GUC Trust. Specifically, I write with respect to the *Motors Liquidation Company GUC Trust Quarterly Section 6.2(c) Report and Budget Variance Report as of September 30, 2014* [ECF No. 12963] (the "**GUC Trust Report**"). The GUC Trust Report states that, on or about November 12, 2014, the GUC Trust anticipates making a distribution of GUC Trust assets to holders of GUC Trust units consisting of 3,712,897 shares of New GM Common Stock, 3,375,361 New GM Series A Warrants, 3,375,361 New GM Series B Warrants, and $3,341,607 in cash (the "**GUC Trust Proposed Distribution**"). See GUC Trust Report, Exhibit A at 5.

As you know, in connection with the Ignition Switch Motion to Enforce, Judge Gerber will consider the following Threshold Issues: (i) Due Process Threshold Issue; (ii) Remedies Threshold Issue; (iii) Old GM

brownrudnick.com

Brown Rudnick LLP    Boston | Dublin | Hartford | London | New York | Orange County | Paris | Providence | Washington, D.C.

Claim Threshold Issue; and (iv) Equitable Mootness Threshold Issue, as defined in the *Supplemental Scheduling Order Regarding (I) Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction, (II) Objection Filed by Certain Plaintiffs in Respect Thereto, and (III) Adversary Proceeding No. 14-01929* [ECF No. 12770]. Judge Gerber also proposes to address the same or similar issues in connection with the Pre-Closing Accident Motion to Enforce. See *Scheduling Order Regarding Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce This Court's July 5, 2009 Sale Order and Injunction Against Plaintiffs in Pre-Closing Accident Lawsuits* [ECF No. 12897]. The determination of these Threshold Issues may compel Plaintiffs to prosecute claims against New GM, Old GM and/or the GUC Trust.

Accordingly, Plaintiffs are known potential contingent beneficiaries of the GUC Trust and the GUC Trust should not make any further distributions unless and until it demonstrates that adequate reserves have been established with respect to Plaintiffs' potential claims against Old GM and/or the GUC Trust that could be in the multiple billions of dollars. Plaintiffs request that the Trust Administrator confirm in writing that adequate reserves will be available for the Plaintiffs' potential claims post-GUC Trust Proposed Distribution. Failure to establish adequate reserves may constitute a breach of fiduciary duty. If there are not adequate reserves, and the Bankruptcy Court ultimately determines that Plaintiffs are entitled to and must pursue their claims against Old GM and/or the GUC Trust, please be advised that the Plaintiffs reserve all rights and may seek to enforce their rights, including, without limitation, seeking to surcharge the Trust Administrator. Please also be advised that this letter is sent to you without waiver of or prejudice to Plaintiffs' rights and positions against New GM, all of which are expressly reserved.

Please feel free to contact me with any questions you may have.

Sincerely,

BROWN RUDNICK LLP

By: *[signature]* (HSS)

Edward S. Weisfelner

c.c.    Sander Esserman
        William Weintraub
        Steve Berman
        Robert Hilliard
        Elizabeth Cabraser
        Eamonn O'Hagan
        Arthur Steinberg
        Scott Davidson
        Richard C. Godfrey
        Andrew B. Bloomer
        Melanie Cyganowski
        Daniel H. Golden
        Deborah Newman