# **<u>EXHIBIT 1</u>**

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 09-50026

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:


GENERAL MOTORS CORPORATION, et al.,


      Debtors.


- - - - - - - - - - - - - - - - - - - -x


        United States Bankruptcy Court

        One Bowling Green

        New York, New York


        July 2, 2009

        9:02 AM



B E F O R E:

HON. ROBERT E. GERBER

U.S. BANKRUPTCY JUDGE

2

1

2    HEARING re Motion of the Debtors for Entry of Order Pursuant to

3    11 U.S.C. § 363(b) Authorizing and Approving Settlement

4    Agreements with Certain Unions

5

6    HEARING re Debtors' Motion Pursuant to Bankruptcy Code §§

7    105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002,

8    4001 and 6004 to Amend DIP Credit Facility

9

10   HEARING re Continuation of GM 363 Sale Hearing

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Lisa Bar-Leib

3

1

2    A P P E A R A N C E S :

3    WEIL, GOTSHAL & MANGES LLP

4         Attorneys for Debtor General Motors Corporation

5         767 Fifth Avenue

6         New York, NY 10153

7

8    BY:  HARVEY R. MILLER, ESQ.

9         STEPHEN KAROTKIN, ESQ.

10        JOSEPH H. SMOLINSKY, ESQ.

11        JOHN A. NEUWIRTH, ESQ.

12        IRWIN WARREN, ESQ.

13

14   HONIGMAN MILLER SCHWARTZ & COHN

15        Special Counsel for General Motors Corporation

16        2290 First National Building

17        660 Woodward Avenue

18        Detroit, MI 48226

19

20   BY:  ROBERT B. WEISS, ESQ.

21        SETH A. DRUCKER, ESQ. (TELEPHONICALLY)

22

23

24

25

4

1

2    JENNER & BLOCK LLP

3         Special Counsel for Debtors and Debtors-in-Possession

4         919 Third Avenue

5         37th Floor

6         New York, NY 10022

7

8    BY:  PATRICK J. TROSTLE, ESQ.

9

10   JENNER & BLOCK LLP

11        Special Counsel for Debtors and Debtors-in-Possession

12        330 North Wabash Avenue

13        Chicago, IL 60611

14

15   BY:  DANIEL R. MURRAY, ESQ.

16

17   KRAMER LEVIN NAFTALIS & FRANKEL LLP

18        Attorneys for Official Committee of Unsecured Creditors

19        1177 Avenue of the Americas

20        New York, NY 10036

21

22   BY:  KENNETH ECKSTEIN, ESQ.

23        ADAM ROSOFF, ESQ.

24        THOMAS MOERS MAYER, ESQ.

25        ROBERT T. SCHMIDT, ESQ.

5

1

2    UNITED STATES DEPARTMENT OF JUSTICE

3         Office of the United States Trustee

4         33 Whitehall Street

5         21st Floor

6         New York, NY 10004

7

8    BY:  TRACY HOPE DAVIS, ESQ.

9         BRIAN MASUMOTO, ESQ.

10

11   U.S. DEPARTMENT OF JUSTICE

12        United States Attorney's Office

13        Southern District of New York

14        86 Chambers Street

15        New York, NY 10007

16

17   BY:  MATTHEW L. SCHWARTZ, AUSA

18        DAVID S. JONES, AUSA

19

20

21

22

23

24

25

6

1

2   ARENT FOX LLP

3       Attorneys for The Timken Company, Superior Industries

4        International, Inc., Discovery Communications, LLC,

5        Harman Becker Automotive Systems and its affiliated

6        companies, Toyota Boshoku America, Inc., and JJF

7        Management Services, Inc.

8       1675 Broadway

9       New York, NY 10019

10

11   BY:   JAMES M. SULLIVAN, ESQ.

12

13   ATTORNEY GENERAL OF TEXAS

14       Counsel to State of Texas On Behalf of Texas Department of

15        Transportation

16       P.O. Box 12548

17       Austin, TX 78711

18

19   BY:   J. CASEY ROY, ASSISTANT ATTORNEY GENERAL

20

21

22

23

24

25

7

1

2   BINGHAM MCCUTCHEN LLP

3        Attorneys for Wells Fargo Bank, as Indenture Trustee

4        399 Park Avenue

5        New York, NY 10022

6

7   BY:  ERIN H. MAUTNER, ESQ.

8

9   CADWALADER, WICKERSHAM & TAFT LLP

10        Attorneys for U.S. Treasury Auto Task Force

11        One World Financial Center

12        New York, NY 10281

13

14   BY:  JOHN RAPISARDI, ESQ.

15

16   CADWALADER, WICKERSHAM & TAFT LLP

17        Attorneys for U.S. Treasury Auto Task Force

18        1201 F Street, N.W.

19        Washington, DC 20004

20

21   BY:  PETER M. FRIEDMAN, ESQ.

22        JILL KAYLOR, ESQ. (TELEPHONICALLY)

23

24

25

8

1

2    CAPLIN & DRYSDALE, CHARTERED

3         Attorneys for Mark Buttita

4         375 Park Avenue

5         35th Floor

6         New York, NY 10152

7

8    BY:  RITA C. TOBIN, ESQ.

9

10   CAPLIN & DRYSDALE, CHARTERED

11        Attorneys for Mark Buttita

12        One Thomas Circle N.W.

13        Suite 1100

14        Washington, DC 20005

15

16   BY:  RONALD E. REINSEL, ESQ.

17

18

19

20

21

22

23

24

25

9

1

2    CLEARY GOTTLIEB STEEN & HAMILTON LLP

3          Attorneys for The International Union, United Automobile

4           Aerospace and Agricultural Implement Workers of America,

5           AFL-CIO

6          One Liberty Plaza

7          New York, NY 10006

8

9    BY:   AVRAM E. LUFT, ESQ.

10          JAMES BROMLEY, ESQ.

11

12    CLIFFORD CHANCE US LLP

13          Attorneys for ABN AMRO BANK N.V., RBS Citizens N.A., Royal

14           Bank of Scotland plc

15          31 West 52nd Street

16          New York, NY 10019

17

18    BY:   ANDREW BROZMAN, ESQ.

19

20    COHEN, WEISS AND SIMON LLP

21          Attorneys for United Auto Workers

22          330 West 42nd Street

23          New York, NY 10036

24

25    BY:   BABETTE CECCOTTI, ESQ.

10

1

2    THE COLEMAN LAW FIRM

3         Attorneys for Product Liability Claimants:  Callan

4          Campbell, Kevin Junso, et al.; Edwin Agosto, Kevin

5          Chadwick, et al., and Joseph Berlingieri

6         77 West Wacker Drive

7         Suite 4800

8         Chicago, IL 60601

9

10   BY:  STEVE JAKUBOWSKI, ESQ.

11

12   CONNOLLY BOVE LODGE & HUTZ LLP

13        Attorneys for Connecticut General

14        The Nemours Building

15        1007 North Orange Street

16        Wilmington, DE 19899

17

18   BY:  JEFFREY C. WISLER, ESQ.

19

20

21

22

23

24

25

11

1

2    COVINGTON & BURLING LLP

3        Attorneys for Union Pacific Railroad Company

4        The New York Times Building

5        620 Eighth Avenue

6        New York, NY 10018

7

8    BY:  MARTIN E. BEELER, ESQ.

9

10   DLA PIPER US LLP

11       Attorneys for Hewlett-Packard Company and all of its

12        Affiliates, Domestic and International, Including but not

13        Limited to Electronic Data Systems Corporation, and HP

14        Company and Hewlett-Packard Financial Services Company

15       550 South Hope Street

16       Suite 2300

17       Los Angeles, CA 90071

18

19   BY:  KAROL K. DENNISTON, ESQ.

20

21

22

23

24

25

12

1

2    DICKINSON WRIGHT PLLC

3        Attorneys for Multimatic Inc.

4        301 East Liberty

5        Suite 500

6        Ann Arbor, MI 48104

7

8    BY:  TRENT B. COLLIER, ESQ.

9

10   DRINKER BIDDLE & REATH LLP

11       Attorneys for Cross-Complainant/Defendant, Manufacturers

12        and Trust Company and Wells Fargo Bank Northwest

13       1500 K Street, N.W.

14       Washington, DC 20005

15

16   BY:  STEPHANIE WICKOUSKI, ESQ.

17

18   FORMAN HOLT ELIADES & RAVIN LLC

19       Attorneys for Rose Cole, Guardian of Timothy L. Montis, a

20        Disabled Adult

21       80 Route 4 East

22       Paramus, NJ 07652

23

24   BY:  KIMBERLY J. SALOMON, ESQ.

25

13

1

2   GIBSON, DUNN & CRUTCHER LLP

3       Attorneys for Wilmington Trust Co., as Indenture Trustee

4       200 Park Avenue

5       New York, NY 10166

6

7   BY:  MATTHEW J. WILLIAMS, ESQ.

8        DAVID M. FELDMAN, ESQ.

9

10  GORLICK, KRAVITZ & LISTHAUS, P.C.

11      Attorneys for International Union of Operating Engineers

12       Local 18S, 101S and 832S, United Steelworkers, IUE- CWA

13      17 State Street

14      4th Floor

15      New York, NY 10004

16

17  BY:  BARBARA S. MEHLSACK, ESQ.

18

19  HISCOCK & BARCLAYS

20      Attorneys for The Schaeffer Group

21      One Park Place

22      300 South State Street

23      Syracuse, NY 13202

24

25  BY:  SUSAN R. KATZOFF, ESQ.

14

1

2    KELLEY DRYE & WARREN LLP

3        Attorneys for Law Debenture Trust Company of New York, as

4        Successor Indenture Trustee

5        101 Park Avenue

6        New York, NY 10178

7

8    BY:  JENNIFER A. CHRISTIAN, ESQ.

9         ROBERT L. LEHANE, ESQ.

10

11   KENNEDY JENNIK AND MURRAY, PC

12        Attorneys for IUE-CWA

13        113 University Place

14        Floor 7

15        New York, NY 10003

16

17   BY:  THOMAS M. KENNEDY, ESQ.

18        JOHN HOFFMAN, ESQ.

19

20   KIRKLAND & ELLIS LLP

21        Citigroup Center

22        153 East 53rd Street

23        New York, NY 10022

24

25   BY:  MARC A. LEWINSTEIN, ESQ.

15

1

2     KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

3          Attorneys for Manufactures Traders & Trust

4          260 South Broad Street

5          Philadelphia, PA 19102

6

7     BY:  BRIAN CROWLEY, ESQ.

8

9     LATHAM & WATKINS LLP

10         Attorneys for GE Capital Corp.

11         Sears Tower

12         Suite 5800

13         233 South Wacker Drive

14         Chicago, IL 60606

15

16     BY:  DOUGLAS BACON, ESQ.

17

18     LAW OFFICES OF OLIVER ADDISON PARKER

19         Attorney Pro Se

20         4900 North Ocean Blvd.

21         Suite 421

22         Lauderdale By the Sea, FL 33308

23

24     BY:  OLIVER A. PARKER, ESQ.

25

16

```
 1
 2     MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
 3          Attorneys for Henry Case Class Plaintiffs
 4          1350 Broadway
 5          Suite 501
 6          New York, NY 10018
 7
 8     BY:  EDWARD J. LOBELLO, ESQ.
 9          HANAN KOLKO, ESQ.
10
11     N.W. BERNSTEIN & ASSOCIATES, LLC
12          Attorneys for Environmental Conservation and Chemical
13          Corporation Site Trust Fund
14          800 Westchester Avenue
15          Suite N319
16          Rye Brook, NY 10573
17
18     BY:  NORMAN W. BERNSTEIN, ESQ.
19
20     NATIONAL ASSOCIATION OF ATTORNEYS GENERAL
21          2030 M Street, NW
22          8th Floor
23          Washington, DC 20036
24
25     BY:  KAREN CORDRY, ESQ.
```

17

1

2    PUBLIC CITIZEN LITIGATION GROUP

3         Attorneys for Product Liability Claimants:  Center for

4          Auto Safety, Consumer Action, Consumers for Auto

5          Reliability and Safety, National Association of Consumer

6          Advocates, and Public Citizen

7         1600 20th Street NW

8         Washington, DC 20009

9

10   BY:  ADINA H. ROSENBAUM, ESQ.

11        ALLISON M. ZIEVE, ESQ.

12

13   ORRICK, HERRINGTON & SUTCLIFFE LLP

14        Attorneys for GM Unofficial Dealer Committee

15        Columbia Center

16        1152 15th Street, NW

17        Washington, DC 20005

18

19   BY:  RICHARD H. WYRON, ESQ.

20        ROGER FRANKEL, ESQ.

21

22

23

24

25

18

1

2    ORRICK, HERRINGTON & SUTCLIFFE LLP

3         Attorneys for Finmeccenica S.p.A. and Ansaldo Ricercke

4          S.p.A.; Ad Hoc Dealer Committee

5         666 Fifth Avenue

6         New York, NY 10103

7

8    BY:  ROBERT M. ISACKSON, ESQ.

9         ALYSSA D. ENGLUND, ESQ.

10

11   PATTON BOGGS LLP

12        Attorneys for Unofficial Committee of Family Bondholders

13        1185 Avenue of the Americas

14        30th Floor

15        New York, NY 10036

16

17   BY:  MICHAEL P. RICHMAN, ESQ.

18

19   PATTON BOGGS LLP

20        Attorneys for Unofficial Committee of Family Bondholders

21        2550 M Street, NW

22        Washington, DC 20037

23

24   BY:  MARK A. SALZBERG, ESQ.

25

19

1

2    PATTON BOGGS LLP

3          Attorneys for Unofficial Committee of Family Bondholders

4          2001 Ross Avenue

5          Suite 3000

6          Dallas, TX 75201

7

8    BY:  JAMES CHADWICK, ESQ.

9          (TELEPHONICALLY)

10

11   PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

12          Attorneys for Ad Hoc Bondholders Group

13          1285 Avenue of the Americas

14          New York, NY 10019

15

16   BY:  ANDREW N. ROSENBERG, ESQ.

17          JONATHAN KOEVARY, ESQ. (TELEPHONICALLY)

18

19   PENSION BENEFIT GUARANTY CORPORATION

20          United States Government Agency

21          1200 K Street NW

22          Washington, DC 20005

23

24   BY:  MICHAEL A. MARICCO, ESQ.

25          ANDREA WONG, Assistant Chief Counsel

20

1

2    ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

3         Attorneys for Greater New York Automobile Dealers

4          Association

5         1345 Avenue of the Americas

6         New York, NY 10105

7

8    BY:  RUSSELL P. MCRORY, ESQ.

9

10   ROBINSON WATERS & O'DORISIO, PC

11        Attorneys for Environmental Testing Corporation

12        1099 18th Street

13        Suite 2600

14        Denver, CO 80202

15

16   BY:  ANTHONY L. LEFFERT, ESQ.

17

18   SCHNADER HARRISON SEGAL & LEWIS LLP

19        Attorneys for Ad Hoc Committee Consumer Victims

20        1600 Market Street

21        Suite 3600

22        Philadelphia, PA 19103

23

24   BY:  BARRY E. BRESSLER, ESQ.

25

21

1

2     SCHNADER HARRISON SEGAL & LEWIS LLP

3          Attorneys for Ad Hoc Committee Consumer Victims

4          824 North Market Street

5          Suite 1001

6          Wilmington, DE 19801

7

8     BY:  RICHARD A. BARKASY, ESQ.

9

10    STATE OF MICHIGAN

11         Office of the State Attorney General

12         G. Mennen Williams Building

13         525 West Ottawa Street

14         6th Floor

15         Lansing, MI 48909

16

17    BY:  CELESTE R. GILL, Assistant Attorney General

18

19    STATE OF NEW YORK

20         Office of the Attorney General

21         The Capitol

22         Albany, NY 12224

23

24    BY:  MAUREEN F. LEARY, Assistant Attorney General

25

22

```
 1

 2     STATE OF NEW YORK

 3          Office of the Attorney General

 4          120 Broadway

 5          New York, NY 10271

 6

 7     BY:  KATHERINE KENNEDY, Special Deputy Attorney General

 8

 9     STEMBERG FEINSTEIN DOYLE & PAYNE, LLC

10          Attorneys for Class Representatives in Henry Case

11          1007 Mt. Royal Blvd.

12          Pittsburgh, PA 15223

13

14     BY:  WILLIAM T. PAYNE, ESQ.

15

16     STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.

17          Attorneys for Ad Hoc Committee of Unsecured Creditors

18          2323 Bryan Street

19          Suite 2200

20          Dallas, TX 75201

21

22     BY:  SANDER L. ESSERMAN, ESQ.)

23

24

25
```

23

1

2    VEDDER PRICE P.C.

3        Attorneys for Export Development Canada

4        1633 Broadway

5        47th Floor

6        New York, NY 10019

7

8    BY:  MICHAEL L. SCHEIN, ESQ.

9

10   WILMER CURLER PICKERING HALE AND DORR LLP

11       Attorneys for Pension Benefit Guaranty Corporation

12       399 Park Avenue

13       New York, NY 10022

14

15   BY:  PHILIP D. ANKER, ESQ.

16

17   WINDELS MARK LANE & MITTENDORF, LLP

18       Attorneys for Lloyd Good; Plastic Omanna et al.;

19        Progressive Stamping Company; Morgan Adhesives Co. d/b/a

20         MACTAC; Western Flyer Express

21       156 West 56th Street

22       New York, NY 10019

23

24   BY:  LESLIE S. BARR, ESQ.

25

24

1

2    TELEPHONIC APPEARANCES:

3    ALLARD & FISH, P.C.

4         Attorneys for Creditor Severstal North America, Inc.

5         535 Griswold

6         Suite 2600

7         Detroit, MI 48226

8

9    BY:   DEBORAH L. FISH, ESQ.

10        (TELEPHONICALLY)

11

12   ARNALL GOLDEN & GREGORY LLP

13        Attorneys for Verizon Communications

14        171 17TH Street NW

15        Suite 1200

16        Atlanta, GA 30363

17

18   BY:   DARRYL S. LADDIN, ESQ.

19        FRANK N. WHITE, ESQ.

20        (TELEPHONICALLY)

21

22

23

24

25

25

1

2    ATTORNEY GENERAL'S OFFICE, STATE OF CALIFORNIA

3         Attorneys for State of California

4         California Dept. of Justice

5         P.O. Box 744255

6         Sacramento, CA 94244

7

8    BY:  MARGARITA PACFILLA, ESQ.

9         (TELEPHONICALLY)

10

11   ATTORNEY GENERAL'S OFFICE, STATE OF ILLINOIS

12        Attorneys for State of Illinois

13        100 West Randolph Street

14        Chicago, IL 60601

15

16   BY:  JAMES NEWBOLD, ESQ.

17        (TELEPHONICALLY)

18

19

20

21

22

23

24

25

26

1

2   ATTORNEY GENERAL'S OFFICE, STATE OF MICHIGAN

3        State of Michigan Department of Treasury

4        G. Mennen Williams Building

5        7th Floor

6        525 West Ottawa Street

7        Lansing, MI 48909

8

9   BY:   JULIUS O. CURTING, ESQ.

10        (TELEPHONICALLY)

11

12   ATTORNEY GENERAL'S OFFICE, STATE OF NEW JERSEY

13        Attorneys for State of New Jersey Department of

14         Environmental Protection Agency

15        Richard J. Hughes Justice Complex

16        8th Floor, West Wing

17        25 Market Street

18        Trenton, NJ 08625

19

20   BY:   RACHEL LEHR, ESQ.

21        (TELEPHONICALLY)

22

23

24

25

27

1

2    ATTORNEY GENERAL'S OFFICE, STATE OF TENNESSEE

3         Attorneys for Tennessee Department of Revenue

4         Office of the Attorney General

5         P.O. Box 20207

6         Nashville, TN 37202

7

8    BY:  MARVIN CLEMENTS, ESQ.

9         (TELEPHONICALLY)

10

11   ATTORNEY GENERAL'S OFFICE, STATE OF TEXAS

12        Attorneys for Texas Department of Transportation Motor

13         Vehicle Division

14        300 West 15th Street

15        Austin, TX 78701

16

17   BY:  HAL F. MORRIS, ESQ.

18        RON DEL VENTO, ESQ.

19        (TELEPHONICALLY)

20

21

22

23

24

25

28

1

2    DAVIS POLK & WARDWELL

3         Attorneys for Interested Party Ford Motor Company

4         450 Lexington Avenue

5         New York, NY 10017

6

7    BY:   BRIAN M. RESNICK, ESQ.

8         (TELEPHONICALLY)

9

10   DLA PIPER LLP U.S.

11        Attorneys for Creditor Hewlett Packard

12        550 South Hope Street

13        Suite 2300

14        Los Angeles, CA 90071

15

16   BY:   KAROL K. DENNISTON, ESQ.

17        (TELEPHONICALLY)

18

19

20

21

22

23

24

25

29

1

2    FOLEY & LARDNER LLP

3         Attorneys for Toyota Motor Corp.

4         One Detroit Center

5         500 Woodward Avenue

6         Suite 2700

7         Detroit, MI 48226

8

9    BY:  KATHERINE R. CALANESE, ESQ.

10        JOHN A. SIMON, ESQ.

11        (TELEPHONICALLY)

12

13   FOLEY & LARDNER LLP

14        Attorneys for Toyota Motor Corp.

15        407 West Broadway

16        Suite 2100

17        San Diego, CA 92101

18

19   BY:  MATTHEW J. RIOPELLE, ESQ.

20        (TELEPHONICALLY)

21

22

23

24

25

30

```
 1

 2     FREEBORN & PETERS LLP

 3          Attorneys for Trico Products & PGW LLC

 4          311 South Wacker Drive

 5          Suite 3000

 6          Chicago, IL 620606

 7

 8     BY:  THOMAS R. FAWKES, ESQ.

 9          (TELEPHONICALLY)

10

11     FROST BROWN TODD LLC

12          Lexington Financial Center

13          250 West Main

14          Suite 2800

15          Lexington, KY 40507

16

17     BY:  ROBERT V. SARTIN, ESQ.

18          (TELEPHONICALLY)

19

20

21

22

23

24

25
```

31

1

2    FULBRIGHT & JAWORSKI L.L.P

3         Attorneys for Bell Atlantic

4         2200 Ross Avenue

5         Suite 2800

6         Dallas, TX 75201

7

8    BY:  ELIZABETH N. BOYDSTON, ESQ.

9         (TELEPHONICALLY)

10

11

12   GOULSTON & STORRS P.C.

13        Attorneys for Creditor 767 Fifth Partners, LLC

14        400 Atlantic Avenue

15        Boston, MA 02110

16

17   BY:  DOUGLAS B. ROSNER, ESQ.

18        (TELEPHONICALLY)

19

20

21

22

23

24

25

32

1

2      HANGLEY ARONCHICK SEGAL & PUDLIN

3            Attorneys for NCR Corporation

4            One Logan Square

5            18th & Cherry Streets

6            27th Floor

7            Philadelphia, PA 19103

8

9      BY:   MATTHEW A. HAMERMESH, ESQ.

10           (TELEPHONICALLY)

11

12     KEMP KLEIN LAW FIRM

13           Attorneys for Custom Automotive Services, Inc.

14           201 West Big Beaver Road

15           Suite 600

16           Troy, MI 48084

17

18     BY:   GLORIA M. CHON, ESQ.

19           (TELEPHONICALLY)

20

21

22

23

24

25

33

1

2     MASTROMARCO FIRM

3          Attorneys for Gerald Haynor, Interested Party

4          1024 North Michigan Avenue

5          Saginaw, MI 48602

6

7     BY:  VICTOR MASTROMARCO, ESQ.

8          (TELEPHONICALLY)

9

10    MCDONALD HOPKINS CO., LPA

11         Attorneys for Swegalok Company

12         39533 Woodward Avenue

13         Bloomfield Hills, MI 48304

14

15    BY:  JAYSON B. RUFF, ESQ.

16         (TELEPHONICALLY)

17

18    MCNAMEE, LOCHNER, TITUS & WILLIAMS, PC

19         Attorneys for The Saint Regis Mohawk Tribe

20         677 Broadway

21         Albany, NY 12201

22

23    BY:  JACOB F. LAMME, ESQ.

24         (TELEPHONICALLY)

25

34

1

2      MILLER, CANFIELD, PADOCK AND STONE, P.L.C.

3          Attorneys for Creditor Ford Motor Company

4          150 West Jefferson

5          Suite 2500

6          Detroit, MI 48226

7

8      BY:  MARC N. SWANSON, ESQ.

9          (TELEPHONICALLY)

10

11     MORRIS JAMES LLP

12         Attorneys for Monster Worldwide

13         500 Delaware Avenue

14         Suite 1500

15         Wilmington, DE 19801

16

17     BY:  CARL N. KUNZ, III, ESQ.

18         (TELEPHONICALLY)

19

20

21

22

23

24

25

35

1

2    OFFICE OF SANTA CLARA COUNTY COUNSEL

3         Attorneys for County of Santa Clara Tax Collector

4         70 West Hedding Street

5         9th Floor, East Wing

6         San Jose, CA 95110

7

8    BY:  NEYSA A. FIGOR, ESQ.

9         (TELEPHONICALLY)

10

11   OHIO ATTORNEY GENERAL'S OFFICE

12        Attorneys for State of Ohio

13        State Office Tower

14        30 East Broad Street

15        17th Floor

16        Columbus, OH 43215

17

18   BY:  LUCAS C. WARD, ESQ.

19        (TELEPHONICALLY)

20

21

22

23

24

25

36

1

2     PEPPER HAMILTON LLP

3          Attorneys for Creditor SKF USA Inc.

4          400 Berwyn Park

5          899 Cassatt Road

6          Berwyn, PA 19312

7

8     BY:  HENRY J. JAFFE, ESQ.

9          (TELEPHONICALLY)

10

11    PERDUE, BRANDON, FIELDER, COLLINS & MOTT LLP

12         Attorneys for Arlington ISD et al.

13         4025 South Woodland Park Boulevard

14         Suite 300

15         Arlington, TX 76013

16

17    BY:  ELIZABETH BANDA, ESQ.

18         (TELEPHONICALLY)

19

20

21

22

23

24

25

37

1

2     ROTH & DEMPSEY P.C.

3           Attorneys for Burton Taft

4           436 Jefferson Avenue

5           Scranton, PA 18510

6

7     BY:   MICHAEL G. GALLACHER, ESQ.

8           (TELEPHONICALLY)

9

10    SCHIFF HARDIN LLP

11          Attorneys for Columbia Gas of Ohio; Columbia Gas of

12          Virginia

13          233 South Wacker Drive

14          Suite 6600

15          Chicago, IL 60606

16

17    BY:   JASON TORF, ESQ.

18          (TELEPHONICALLY)

19

20

21

22

23

24

25

38

1

2    SINGER & LEVICK, P.C.

3        Attorneys for ACS Affiliated Computers Services, Inc.

4        16200 Addison Road

5        Suite 140

6        Addison, TX 75001

7

8    BY:  LARRY A. LEVICK, ESQ.

9        (TELEPHONICALLY)

10

11   WOLFSON BOLTON PLLC

12       Attorneys for Guardian Industries

13       3150 Livernois

14       Suite 275

15       Troy, MI 48084

16

17   BY:  SCOTT A. WOLFSON, ESQ.

18       (TELEPHONICALLY)

19

20

21

22

23

24

25

95

1        THE COURT:  I understand that I don't always speak

2   with perfect clarity.  And no offense intended.  But certainly

3   I want to deal with it, Ms. Wickouski.

4        MS. WICKOUSKI:  Understood, Your Honor.  Thank you.

5        THE COURT:  Thank you.  Okay.  Do I have any other

6   substantive objections that are actually being argued that I

7   haven't heard yet?  Mr. Schulman?  Mr. Mayer?

8        MR. MAYER:  Yes, Your Honor.  If I may.  Well, this -

9   -

10       THE COURT:  Oh, another asbestos objection.

11       MR. REINSEL:  Your Honor, Ron Reinsel on behalf of

12   Mark Buttita.  I will try not to rehash anything Mr. Esserman

13   said or anything the very eloquent Mr. Jakubowski said.  I want

14   to make just a couple of points and a clarification.

15       We have objected on a number of grounds, including

16   sub rosa plan, and the extent to which the requested sale

17   extends pat the bounds of 363, specifically to claims, and most

18   importantly to future claims; that they are not interests in

19   property, and a certainly that future claim that has not come

20   into existence, has not arisen, goes so far beyond the pale of

21   an "interest in property" even if that is permitted.  But I

22   want to concentrate on just a couple of points that distinguish

23   this case both from Chrysler and TWA, and also the White Motor

24   case that the debtors have relied on.

25       Contrary to Chrysler, Judge, and contrary to TWA,

96

1    this isn't a sale of assets that will meld assets into an

2    existing business.  It is, instead, a standalone, complete

3    continuation of the exact same business enterprise.  It is the

4    same products; it is the same employees; it's the same

5    management; it's the same marketing; it's the same logos.  And

6    to accomplish what the debtor and Treasury has indicated they

7    want is "a seamless transition in the eyes of consumers."  In

8    other words, New GM is just the same Old GM.

9         Yet, they want to escape the strictures of potential

10   continuation of liability as a successor of existing GM.  They

11   look -- in the order that they're going to present to you,

12   while we haven't seen any final order yet, but we've seen what

13   they're looking for.  And that is complete, but not just an

14   approval of a sale, but protection from specific factual

15   findings that may lead subsequent state courts to find that

16   there is continuation of liability under relevant state law;

17   despite the fact that many of those findings fly specifically

18   in the face of the evidence that we heard here, that could well

19   lead a state court to find such continuing liability.

20        Secondly, Judge, as you noted yesterday also in that

21   order, they're looking for an injunction.  And you asked if

22   that injunction didn't kind of sound like a duck -- like the

23   injunction under 524(g).  Well, Your Honor, it not only sounds

24   like a duck, it quacks like a duck, it walks like a duck, it

25   flies like a duck, and leaves feathers behind it like a duck.

97

1    It is completely the injunction as to future asbestos liability

2    that was provided for in Section 524(g).

3         Now, aside from the discriminatory treatment that's

4    provided here, they're trying to get protections under the code

5    without complying with the code's requirements.  Now, Mr.

6    Miller pointed out that this is not an asbestos case.  This is

7    not an asbestos-driven case, and that they're not seeking

8    relief under -- they're not including Section 524 treatment

9    here.  All of that is absolutely true.  The point is, however,

10   they're trying to get equivalent relief without complying with

11   the statutory requirements.  And that goes both to the ability

12   to even give the relief, as well as the effective notice and

13   due process requirements that are required in order to get that

14   relief.

15        Let's distinguish some of those cases -- the other

16   cases.  White Motors, it acknowledges, found that 363 did not

17   provide a basis to sell assets free and clear of claims.  And

18   it went on to find that in order to do that, however -- this is

19   certainly beyond the express statutory language -- the statue

20   says "free and clear of interest in that property."

21        Now, whether or not claims become interest in

22   property, cited in other cases.  But it found that 363 didn't

23   provide that basis.  We had to look to Section 105 of the code,

24   the Court's general equitable powers to make things happen --

25             THE COURT:  Yes, I know.  We went through that with

1    Mr. Jakubowski.

2        MR. REINSEL:  All right.  But here's where I wanted

3    to get with that, Judge.  White Motors was decided in 1987.  In

4    1994 Congress enacted Section 524(g).  Section 524(g) provides

5    a comprehensive design by Congress for dealing with asbestos

6    claims specifically, both present, and more importantly, future

7    claims; looking at the unique situation that that kind of

8    injury entails, particularly that it's an insidious product, it

9    went into commerce, and it has a very long latency period, such

10   that from exposure to actually manifesting a disease, finding

11   out that you have a claim, is a matter of decades.  Ten,

12   twenty, thirty, forty years.  Such that those folks who will

13   develop disease, who will become claimants, are not presently

14   claimants.  In fact, the nature of their potential future

15   illness is specifically excluded from the definition of a claim

16   under the Bankruptcy Code.  And in fact, under 524(g) it's

17   referred to a demand.

18       The problem of recognizing of how to give adequate

19   due process to those future potential claimants, those demand

20   holders, and how to give adequate notice, because you can't

21   give them notice -- in fact, we asked Mr. Henderson -- one of

22   the few questions I asked here, was, you gave broad notice of

23   these proceedings in order to give everyone notice of their

24   rights were at issue and could be affected.  But he recognized

25   that GM has 650 million dollars-worth of projected asbestos

99

1    liability going out over a period of at least ten years, and

2    that many of those claimants, many of those potential

3    claimants, don't presently have a disease, don't know they have

4    a claim, and that whatever publication notice was given to

5    them, wouldn't have reached them and would have done them no

6    good whatsoever.

7          In Chrysler, they kind of gave that notice issue

8    fairly short shrift.  There's one -- they deal with it in about

9    two sentences on page 111 of that decision, simply holding that

10   "With respect to potential future tort claimants, their

11   objections are overruled, as those issues have been discussed.

12   Notice of the proposed sale was published in newspapers in very

13   wide circulation, and the Supreme Court has held that

14   publication of notice in such newspapers provide sufficient

15   notice to claimants 'whose interests or whereabouts could not

16   be with due diligence, ascertained'", citing to the Supreme

17   Court's decision in Mullane v. Central Hanover Bank.

18         Mullane was a trust fund case.  You either held funds

19   in a trust or you didn't.  This --- we're not presented here

20   with a question of we can't ascertain the location of folks; we

21   can't, with reasonable due diligence send them a specific

22   notice, such that the publication even becomes sufficient.

23   We're dealing with individual whose claim doesn't yet exist,

24   who don't know that they have rights that may be affected, and

25   won't know that for years.  That's why Congress, in Section

100

1    524(g), provided mechanisms to provide due process to those

2    folks, by the creation of a specific representative in the

3    court.

4         Last week you were asked to appoint someone -- a

5    futures representative to look out after the interests of those

6    future folks.  You declined.  You said you may look at that

7    later.  But the point is, there is no one here looking out for

8    their interests today.  They didn't get notice of this

9    proceeding.  You can't give effective notice of this

10   proceeding.  And no one is representing them here.  I want to

11   be clear, I am representing a single current asbestos claimant.

12   Mr. Esserman was representing single current asbestos

13   claimants.  We're not advocating -- other than saying they're

14   not here, Judge, we're not here in a position where we can

15   reasonably represent their interests in this case.

16        But let me be clear about the impact of 524(g) here.

17   As we said, this is not an asbestos-driven case.  There is no

18   requirement that the debtor use 524(g) here.  However, the

19   point is, if they don't -- if they don't employ the processes

20   that Congress designed in that section of the code to provide

21   adequate notice, adequate due process to claimants, then you

22   don't get the protections that that section provides.  You

23   don't get the injunction that they're looking for, at least as

24   to asbestos claimants.  You don't get the removal of future

25   successor liability as to those asbestos claimants.  It's a

101

1    question -- it's up to the debtor, and in this case, and the

2    buyer, to decide if they want to include those sorts of

3    relevant protections.  If they don't -- protections for the

4    claimants and future claimants.  However, if they don't the

5    point is, they take their chances, and you, Judge, can't give

6    them the same protections as that specific statute would under

7    the Court's general 105 equitable powers.  That's all, Your

8    Honor.  Thank you very much.

9             THE COURT:  Thank you.  Mr. Mayer?

10            MR. MAYER:  Thank you, Your Honor.

11       (Pause)

12            MR. MAYER:  Excuse me, Your Honor.  I need thirty

13   seconds to decide -- to figure how much of what we talked about

14   last night can be put on the public record at this moment.  Is

15   it possible to take a five --

16            THE COURT:  How much time to you need?

17            MR. MAYER:  -- take a short recess, perhaps?

18            THE COURT:  Actually, since we've been going so long,

19   let's take a ten-minute recess.

20            MR. MAYER:  Okay.  Thank you, Your Honor.

21            THE COURT:  See you back in ten minutes, folks.

22       (Recess from 10:47 a.m. until 11:10 a.m.)

23            MR. MAYER:  Thank you, Your Honor.  And good morning.

24   Again, Thomas Moers Mayer for Kramer Levin Naftalis & Frankel,

25   counsel to the official committee of unsecured creditors.

166

1    that's an issue to be determined, Your Honor, after the sale is

2    consummated.

3    　　　　THE COURT:  Mr. Miller, there's no channeling order,

4    but there is an injunction requested.  And the two lawyers who

5    were raising asbestos issues pointed out that if you did give

6    personal notice and applied it to every state in the United

7    States you wouldn't be able to do much with it because they

8    wouldn't know that they've contracted asbestos.

9    　　　　Now, I have an interesting twist here.  Both of those

10   folks represent existing asbestos claimants who analytically in

11   the Jakubowski situation.  But I also believe that this issue

12   was raised that hasn't been discussed in the Second Circuit

13   argument in the (indiscernible) appeal.  To what extent would

14   it be proper or improper in Your view if words were added to

15   any approval order that said to the fullest extent

16   constitutional principal?

17   　　　　MR. MILLER:  Just speaking for myself, Your Honor,

18   without consultation for client, I don't have problem with that

19   language.  But I would, again, note, Your Honor, that Judge

20   Gonzalez dealt with the issue of notice and I do not recall the

21   colloquy between Judge Sack and Mr. Esserman, and I'm not sure

22   that colloquy related to injunctions or the ability to sue.

23   All I'm saying, Your Honor, there is going to be an estate.

24   And estate which we believe will have significant value.

25   　　　　Part of the claimants who will have rights against