# **EXHIBIT 10**

09-50026-mg    Doc 13031-10    Filed 12/17/14    Entered 12/17/14 00:00:19    Exhibit 10
Pg 1 of 5

GM Ignition Compensation

Claims Resolution Facility

FINAL PROTOCOL

for

Compensation of Certain Death and Physical Injury Claims Pertaining to the GM Ignition Switch Recall

**June 30, 2014**

### I.     PURPOSE

General Motors LLC ("GM") issued safety recalls identifying a defect in the ignition switch of certain vehicles in which the ignition switch may unintentionally move from the "run" position to the "accessory" or "off" position ("the Ignition Switch Defect"). This Protocol outlines the eligibility and process requirements for individual claimants to submit and settle claims alleging that the Ignition Switch Defect caused a death or physical injury in an automobile accident.

The effective date of the Final Protocol is August 1, 2014.

   A.  Role

GM asked Kenneth R. Feinberg to develop and design a Protocol for the submission, evaluation, and settlement of death or physical injury claims allegedly resulting from the Ignition Switch Defect.  The resulting Protocol creates a Claims Resolution Facility ("the Facility") under which the independent Administrator, Mr. Feinberg, will process and evaluate claims to determine:  a) whether the submitted claim meets the eligibility requirements, and b) the compensation to be paid for eligible claims as defined below.

GM has authorized the Facility to process only eligible claims involving death or physical injury. No other claims for economic injury or other allegations of damage are subject to this Protocol.

Participation in the Facility is completely voluntary and does not affect any rights the claimant may have until and unless the claimant accepts the compensation amount and signs a release.

   B.  Approach

The following non-exclusive principles apply to the operation of this Protocol.

- The Facility will evaluate claims submitted with the required documentation in a prompt and fair manner.

1

- Any documentation already submitted by individuals to GM in support of death or physical injury claims allegedly resulting from the Ignition Switch Defect will be transferred to the Facility consistent with this Protocol.
- GM has agreed that a substantially complete submission of an individual claim pursuant to this Protocol will toll the statute of limitations on any potential death or personal injury claim that the claimant has related to the Ignition Switch Defect (1) until the Facility renders a decision rejecting the submitted claim or (2) until the claimant rejects the Facility's offer to settle the claim or the settlement offer becomes null and void.
- Acceptance of payment from the Facility will require the execution of a full release of liability, as discussed below.
- The Facility is administered by Mr. Feinberg, a neutral fund Administrator responsible for all decisions relating to the administration, processing, and evaluation of claims submitted to the Facility.

## II.   ELIGIBILITY REQUIREMENTS

The only claimants that can submit claims to the Facility are:  a) the individual physically injured in the accident, or  b) the Legal Representative (as defined below) of the decedent or the individual physically injured in the accident.

Claims submitted by insurance companies seeking reimbursement for payments made to individual claimants are ineligible pursuant to this Protocol.

The "Legal Representative" of the decedent or the individual physically injured in the accident shall mean:  (1) in the case of a minor, a parent or legal guardian authorized under law to serve as a minor's legal representative; (2) in the case of a decedent, the spouse, descendant, relative or other person who is authorized by law to serve as the decedent's legal representative; and (3) in the case of an incompetent or legally incapacitated individual, a person who has submitted proof to the Facility that such person has been duly appointed in accordance with applicable law.

For a claimant to be eligible for compensation under the Protocol ("Eligible Claimants"), the following eligibility requirements must be met:

A. The individual on whose behalf the claim is filed must have been the driver, a passenger, a pedestrian, or the occupant of another vehicle, in an accident involving one of the following categories of vehicles ("Eligible Vehicle"):

2

### *Production Part Vehicles*
*(Ignition Switch Recall Repair was not Performed Prior to the Accident)*

- Chevrolet Cobalt (Model Years 2005-2007)
- Chevrolet HHR (Model Years 2006-2007)
- Daewoo G2X (Model Year 2007)
- Opel/Vauxhall GT (Model Year 2007)
- Pontiac G4 (Model Years 2005-2006)
- Pontiac G5 (Model Year 2007)
- Pontiac Pursuit (Model Years 2005-2006)
- Pontiac Solstice (Model Years 2006-2007)
- Saturn Ion (Model Years 2003-2007)
- Saturn Sky (Model Year 2007)

### *Service Part Vehicles*
*(Ignition Switch was Replaced by a Dealer or Independent Service Center with an Ignition Switch bearing Part Number 10392423)*

- Chevrolet Cobalt (Model Years 2008-2010)
- Chevrolet HHR (Model Years 2008-2011)
- Daewoo G2X (Model Years 2008-2009)
- Opel/Vauxhall GT (Model Years 2008-2010)
- Pontiac G5 (Model Years 2008-2010)
- Pontiac Solstice (Model Years 2008-2010)
- Saturn Sky (Model Years 2008-2010)

B. The accident must have occurred prior to December 31, 2014. In addition:

1. If the accident involved an Eligible Production Part Vehicle, the Ignition Switch Recall Repair[1] was not performed prior to the accident; or

2. If the accident involved an Eligible Service Part Vehicle, (a) the vehicle's ignition switch was replaced by a dealer or independent service center with an ignition switch bearing Part Number 10392423 and (b) the accident occurred after such replacement of the ignition switch and prior to the Ignition Switch Recall Repair.

---

[1] Ignition Switch Recall Repair is defined as a repair performed by a dealer or independent service center to address the recall condition set forth in National Highway Traffic and Safety Administration Recalls 14V-047 and 14V-171.

3

C. Any individual claim submitted to the Facility shall be deemed <u>ineligible</u> if the facts and circumstances of the accident demonstrate the deployment of any airbag during the accident and/or the deployment of seatbelt pretensioners during the accident.

D. There are three categories of individual claims for physical injury/death which may be submitted pursuant to this Protocol. <u>Claims for physical injury must provide contemporaneous documentation of either overnight hospitalization or outpatient medical treatment within 48 hours of the accident</u>. The following are the three categories:

 1. <u>Individual Death Claims</u>

 2. <u>Category One Physical Injury Claims</u>: claims involving quadriplegic injury, paraplegic injury, double amputation, permanent brain damage requiring continuous home medical assistance, or pervasive burns encompassing a substantial part of the body.

 3. <u>Category Two Physical Injury Claims</u>: claims, other than Category One Physical Injury Claims, that, within 48 hours of the accident, require either overnight hospitalization of one or more nights or, in extraordinary circumstances as determined on a case by case basis by the Administrator, outpatient medical treatment.

E. No claim shall be eligible unless, after reviewing all of the information submitted as required herein, the Facility determines, <u>in its sole discretion</u>, that the Ignition Switch Defect in an Eligible Vehicle was the proximate cause of the death or physical injury. The Facility will not take into account any contributory negligence of the claimant in making this determination.

## III. METHODOLOGIES FOR CALCULATING COMPENSATION

To determine the amount of compensation to be paid to Eligible Claimants the Facility will use the following calculation methodologies:

 A. <u>Individual Death Claims</u>

Eligible Claimants submitting a death claim shall voluntarily elect to receive compensation based on one of the following two tracks: