# Exhibit B

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/12/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates to All Actions*
------------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

**ORDER NO. 28**

JESSE M. FURMAN, United States District Judge:

**[Regarding Whether To Defer Briefing on Plaintiffs' Post-Sale Consolidated Complaint Until After the Bankruptcy Court Decides the Pending Motions To Enforce]**

In Section IV of Order No. 22 (14-MD-2543 Docket No. 399), the Court directed the parties to brief "the threshold issue of whether and to what extent motion practice should be deferred until after Judge Gerber decides New GM's Motions to Enforce with respect to Plaintiffs' Consolidated Complaint Concerning All GM-Branded Vehicles That Were Acquired July 11, 2009 Or Later." Upon review of the parties' briefs (14-MD-2543 Docket Nos. 439-40 and 467-68), the Court concludes, with one possible exception, that all such briefing should be deferred until after Judge Gerber's decisions, substantially for the reasons provided by New GM in its memoranda of law. Plaintiffs may ultimately be proved right that the Sale Order "does not enjoin any of the claims in the Post-Sale Complaint" (14-MD-2543 Docket No. 440, at 1), but the Bankruptcy Court is tasked with deciding that question in the first instance — and Judge Gerber is in the process of doing just that with all deliberate speed.

The one possible exception is whether the Court should order briefing now on choice-of-law issues relating solely to claims brought by the nine sets of plaintiffs from seven states that — by New GM's own admission — "allege vehicles that were definitely manufactured by New GM." (14-MD-2543 Docket No. 439, at 5). If such briefing is practicable, the Court is

inclined to think it makes sense to proceed now, on the theory that (1) some or all of those claims are the most likely to survive, in some form, any Bankruptcy Court ruling; and (2) to the extent that any other claims survive the Bankruptcy Court's ruling, this Court's choice-of-law rulings with respect to those claims may expedite and narrow motion practice thereafter. The parties should confer on whether such limited briefing should proceed now (and on a proposed schedule for any such briefing, unless the schedule proposed by the parties in their joint letter of December 2, 2014 (14-MD-2543 Docket No. 445) would suffice) and be prepared to address the issue at the December 15, 2014 status conference.

SO ORDERED.

Date: December 12, 2014
New York, New York

_____
JESSE M. FURMAN
United States District Judge

-2-