**PRESENTMENT DATE AND TIME: January 8, 2015 at 12:00 noon (Eastern Standard Time)**
**OBJECTION DATE AND TIME: January 8, 2015 at 11:30 a.m. (Eastern Standard Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re                                             :    Chapter 11
                                                  :
MOTORS LIQUIDATION COMPANY, *et al.*,             :    Case No.: 09-50026 (REG)
     f/k/a General Motors Corp., *et al.*         :
                                                  :
                    Debtors.                      :    (Jointly Administered)
                                                  :
------------------------------------------------------------x

### APPLICATION BY GENERAL MOTORS LLC TO ENFORCE THE COURT'S JULY 8, 2014 ORDER ESTABLISHING STAY PROCEDURES FOR NEWLY-FILED IGNITION SWITCH ACTIONS AS IT APPLIES TO DANNY E. BROCHEY, CHERYL A. BROCHEY, DANIEL J. MATTEO, AND STARLEEN E. MATTEO

General Motors LLC ("**New GM**"), by its undersigned counsel, respectfully submits this application ("**Application**") to enforce the Court's July 8, 2014 *Order Establishing Stay Procedures for Newly-Filed Ignition Switch Actions* ("**July Stay Procedures Order**")[1] against Danny E. Brochey, Cheryl A. Brochey, Daniel J. Matteo, and Starleen E. Matteo (collectively,

---

[1]    A copy of the July Stay Procedures Order is annexed hereto as Exhibit 1.

1

the "**Brochey Plaintiffs**") by confirming in a separate order that they are preliminarily enjoined from further prosecuting the Brochey Ignition Switch Action[2] until further Order of this Court. In support of this Application, New GM respectfully represents as follows:

## PROCEDURE

1. New GM is proceeding by way of notice of presentment because the relief requested herein already has been granted pursuant to the July Stay Procedures Order. New GM is seeking an order that is specific to the Brochey Plaintiffs to avoid any ambiguity that if they continue to litigate the Brochey Ignition Switch Action they will be in violation of this Court's Order. The time period provided by the notice of settlement to object to the proposed order is sufficient for the Brochey Plaintiffs to decide whether they will comply with this Court's Order. Essentially, New GM is giving the Brochey Plaintiffs one last opportunity to comply with orders of this Court before seeking further relief (including appropriate sanctions) for violations of this Court's Orders.[3]

## BACKGROUND

2. From the end of February 2014 through the date hereof, New GM has been named in over 140 Ignition Switch Actions that seek economic damages against New GM relating to vehicles and/or parts manufactured and sold by Old GM. In response to these lawsuits, New GM filed its Ignition Switch Motion to Enforce, which New GM contends bars claims asserted in the Ignition Switch Actions.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Motion of General Motors LLC Pursuant to 11 U.S.C.§§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* ("Ignition Switch Motion to Enforce"), dated April 21, 2014 [Dkt. No. 12620].

[3] New GM previously sought, and was granted, the same relief with respect to two other sets of plaintiffs who had disregarded the July Stay Procedures Order. A copy of those orders ("the Kandziora Order" and "the Watson Order") are annexed hereto as Exhibit 2.

2

3.  Given the large number of plaintiffs involved, and in an effort to establish an orderly process for resolving the Ignition Switch Motion to Enforce, New GM sought, and the Court held a conference on May 2, 2014 ("**May Conference**").

4.  At the May Conference, there was a general consensus reached between New GM and counsel speaking on behalf of nearly all plaintiffs in the Ignition Switch Actions that, as part of the process through which the Court would address bankruptcy-related issues, Plaintiffs would either (i) voluntarily enter into a stipulation ("**Stay Stipulation**") with New GM staying the plaintiff's individual Ignition Switch Action, or (ii) file a pleading ("**No Stay Pleading**") with this Court explaining why a plaintiff's individual Ignition Switch Action should not be stayed (collectively, the "**Stay Procedures**"). The Stay Procedures were set forth in a Scheduling Order entered by the Court on May 16, 2014 ("**May Scheduling Order**").[4] After entry of the May Scheduling Order, New GM negotiated a form of the Stay Stipulation with, among others, Designated Counsel for the Ignition Switch Actions.[5] Most Plaintiffs in the Ignition Switch Actions entered into Stay Stipulations with New GM. Plaintiffs in two Ignition Switch Actions commenced before the May Scheduling Order—*Phaneuf* and *Elliott*—filed No Stay Pleadings, and the Court denied the relief requested in each.

5.  A number of additional Ignition Switch Actions continued to be filed against New GM after the May Scheduling Order. Accordingly, on June 13, 2014, New GM sought entry of a supplemental Stay Procedures Order ("**July Stay Procedures Order**") to establish Stay Procedures for newly-filed actions, which the Court approved on July 8, 2014. (Ex. 1, July Stay Procedures Order.) The July Stay Procedures Order provides that "[i]f a plaintiff in any such

---

[4] A copy of the May Scheduling Order is annexed hereto as Exhibit 3.
[5] Designated Counsel are Brown Rudnick LLP; Caplin & Drysdale, Chartered; and Stutzman, Bromberg, Esserman & Plifka.

3

Ignition Switch Action fails to either enter into a Stay Stipulation with New GM or file a No Stay Pleading with the Court within three (3) business days of receipt of a Stay Stipulation and [the May] Scheduling Order, the terms of the Stay Stipulation shall automatically be binding on such plaintiff." (*Id.* at 2.)

6.     Since entry of the July Stay Procedures Order, nearly every plaintiff in a newly-filed Ignition Switch Action has complied with the terms of the July Stay Procedures Order by either executing a Stay Stipulation or filing with the Court a No Stay Pleading.  New GM was previously granted relief against the two plaintiffs (Kandziora and Watson) who refused to comply. (Ex. 2.)

7.     The Brochey Plaintiffs were listed as Plaintiffs in New GM's Thirteenth Supplements to Schedules 1 and 2 of the Ignition Switch Actions Motion to Enforce (collectively "**Thirteenth Supplements**")[6] filed with the Court on December 8, 2014.  Thereafter, counsel for New GM sent counsel for the Brochey Plaintiffs copies of the May Scheduling Order, July Stay Procedures Order, and a form Stay Stipulation by e-mail[7] on December 23, 2014.[8]  In that e-mail, counsel for New GM explained the Stay Procedures and informed counsel for the Brochey Plaintiffs that if they did not wish to execute a Stay Stipulation, they had to file a No-Stay Pleading by December 29, 2014.

8.     When the Brochey Plaintiffs failed to comply, counsel for New GM sent a final notice to counsel for the Brochey Plaintiffs on December 30, 2014, requesting that the Brochey

---

[6] Copies of the Thirteenth Supplements are annexed hereto collectively as Exhibit 4.

[7] A copy of this e-mail is annexed hereto as Exhibit 5.

[8] Counsel for New GM first sent the Brochey Plaintiffs substantially similar correspondence, along with all of this Court's relevant orders and a draft stay stipulation, on December 15, 2014.  That initial correspondence, however, incorrectly referred to the Monetary Relief Motion to Enforce rather than the Ignition Switch Motion to Enforce applicable to the Brochey Ignition Switch Action.  Accordingly, counsel for New GM corrected the inadvertent error and resent the materials to the Brochey Plaintiffs on December 23, 2014, effectively resetting the clock for the Brochey Plaintiffs to enter into a Stay Stipulation or file a No-Stay Pleading.  Thus, the Brochey Plaintiffs have effectively been provided over two weeks to comply with the terms of the July Stay Procedures Order.  They still failed to do so.

4

Plaintiffs confirm that they had consented to a stay of the Brochey Ignition Switch Litigation.[9] Counsel for the Brochey Plaintiffs responded by refusing to stay the Brochey Ignition Switch Litigation and denying this Court's jurisdiction to enforce the July Stay Procedures Order as to the Brochey Plaintiffs. (*See* Ex. 6.) As a further courtesy, on December 31, 2014, counsel for New GM provided counsel for the Brochey Plaintiffs with a copy of this Court's order denying the Phaneuf Plaintiffs' No-Stay Pleading, which addressed the issues raised by counsel for the Brochey Plaintiffs in his prior e-mail. (*See* Ex. 6.) Counsel for the Brochey Plaintiffs responded that the *Phaneuf* "order does not explain how a Bankruptcy court has the power to close the courthouse to litigants suing a non-debtor over which it has no jurisdiction as such this seems like an unprecedented power grab . . . ." (*See* Ex. 6.) Counsel for the Brochey plaintiffs said that he would consider a proposed stay stipulation that stayed the Brochey Ignition Switch Action as to Daniel J. Matteo and Starleen E. Matteo (who alleged claims with respect to a vehicle manufactured by Old GM) but not Danny E. Brochey and Cheryl A. Brochey (who alleged claims with respect to a vehicle manufactured by New GM). (*Id.*) When informed that this Court had ordered all claims brought under common complaints to be stayed in *Phaneuf* and in *Elliott*, counsel for the Brochey Plaintiffs responded on January 2, 2015 that he would not agree to stay the Brochey Ignition Switch Action, that he would continue to prosecute the remand motion pending in the Western District of Pennsylvania, and that counsel for New GM should "do what you need to do." (*See* Ex. 6.)

9.   Thus, despite being sent detailed correspondence explaining the Stay Procedures, the Orders establishing same, as well as this Court's previous Orders interpreting and enforcing such Orders,, the Brochey Plaintiffs have refused to comply with the July Stay Procedures Order

---

[9] A copy of this e-mail and the follow-up emails discussed herein are annexed hereto as Exhibit 6.

either by entering into a Stay Stipulation or filing a No-Stay Pleading, and have continued to prosecute their Ignition Switch Action.

## ARGUMENT

10.     By this Application, New GM seeks an order confirming that the Brochey Plaintiffs are bound to the terms of the Stay Stipulation as if they had signed it. The Brochey Plaintiffs and their counsel have had ample opportunity to file a No Stay Pleading if they did not want to enter into a Stay Stipulation. Instead, the Brochey Plaintiffs have simply ignored the requirements contained in the July Stay Procedures Order. The Brochey Plaintiffs should not be afforded an advantage over all of the other plaintiffs who complied with the May Scheduling Order and the July Stay Procedures Order.

11.     As stated in the Ignition Switch Motion to Enforce, the United States Supreme Court in *Celotex Corp. v. Edwards* set forth the "well-established" rule that "'persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order.'" 514 U.S. 300, 306 (1995). The Supreme Court further explained:

> If respondents believed the Section 105 Injunction was improper, they should have challenged it in the Bankruptcy Court, like other similarly situated bonded judgment creditors have done . . . . Respondents chose not to pursue this course of action, but instead to collaterally attack the Bankruptcy Court's Section 105 Injunction in the federal courts in Texas. This they cannot be permitted to do without seriously undercutting the orderly process of the law.

*Id.* at 313. The settled principles of *Celotex* required the Brochey Plaintiffs to seek relief from the Sale Order and Injunction in this Court, prior to commencing their Ignition Switch Action.

6

At a minimum, they were required to file a timely No Stay Pleading explaining why their Ignition Switch Action should not be stayed. They did neither.[10]

12. Moreover, it is well settled that a "Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *In re Wilshire Courtyard*, 729 F.3d 1279, 1290 (9th Cir. 2013); *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 326 (Bankr. D. Del. 1999); *U.S. Lines, Inc. v. GAC Marine Fuels Ltd. (In re McClean Indus., Inc.)*, 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("All courts, whether created pursuant to Article I or Article III, have inherent contempt power to enforce compliance with their lawful orders. The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order.").

13. In addition, Section 105(a) of the Bankruptcy Code provides that "[the] court may issue any order, process, or judgment that is necessary or appropriate to carry out" the Bankruptcy Code's provisions, and this section "codif[ies] the bankruptcy court's inherent power to enforce its own orders." *Back v. LTV Corp. (In re Chateaugay Corp.)*, 213 B.R. 633, 640 (Bankr. S.D.N.Y. 1997); 11 U.S.C. § 105(a). Consistent with these authorities, this Court retained subject matter jurisdiction to enforce its July Stay Procedures Order.

14. The terms of the July Stay Procedures Order are clear. The Brochey Plaintiffs' failure to comply with the July Stay Procedures Order necessitated the filing of this Application.

---

[10] In particular, counsel for the Brochey Plaintiffs previously has asserted that even if Daniel and Starleen Matteo, who own a 2009 Chevrolet Impala manufactured by Old GM, were subject to the Stay Procedures Order, Danny and Cheryl Brochey, who own a 2011 Chevrolet Camaro manufactured by New GM, should not be. If the Brochey Plaintiffs wished to pursue this argument, they should have raised it in a No-Stay Pleading, which they failed to do. Regardless, as this Court expressly held in both *Phaneuf* and in *Elliott*, claims with respect to vehicles purportedly manufactured by New GM commingled in a single, common complaint with claims arising from Old GM vehicles are properly stayed. *See Phaneuf* Order at 13 n. 26, No. 09-50026 (REG), ECF No. 12791 (Bankr. S.D.N.Y. July 30, 2014); *Elliot* Order at 8 n.24, No. 09-50026 (REG), ECF No. 12791 (Bankr. S.D.N.Y. Aug. 12, 2014).

7

15. Accordingly, New GM requests that the Court enforce the July Stay Procedures Order against the Brochey Plaintiffs by confirming that the terms of the Stay Stipulation are binding on them, and that they are preliminarily enjoined from further prosecuting the Brochey Ignition Switch Action until entry of a further Order of this Court. If the Brochey Plaintiffs fail to comply with this Order, New GM reserves the right to seek contempt sanctions.

### **NOTICE**

16. Notice of this Application has been provided to (i) counsel for the Brochey Plaintiffs, (ii) Designated Counsel, (iii) counsel for the *Groman* Plaintiffs, (iv) counsel for the GUC Trust, and (v) counsel for certain GUC Trust Unitholders. New GM submits that such notice is sufficient and no other notice need be provided.

WHEREFORE, New GM respectfully requests that this Court enter an order substantially in the form set forth as Exhibit 7 hereto, granting the relief sought herein, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 5, 2015

Respectfully submitted,

/s/ Arthur Steinberg
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:    (212) 556-2100
Facsimile:     (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*