# Exhibit 6

**From:** Kurt Mitchell [mailto:kmitchell@hoglaw.com]
**Sent:** Friday, January 02, 2015 10:11 AM
**To:** Fronk, Casey R.
**Subject:** RE: Brochey v. GM

Sorry, I do not agree then as the complaint is not a single common complaint. The allegations and counts are completely separate.

As to the motion to remand I would have withdrawn as to the Matteo matter but given GM's position I will no longer do that. You do what you need to do and I will do what I need to do in the Western District of Pennsylvania. Thank you and have a nice day.

**From:** Fronk, Casey R. [mailto:cfronk@kirkland.com]
**Sent:** Thursday, January 1, 2015 11:06 PM
**To:** 'Kurt Mitchell'
**Cc:** Feller, Leonid; 'James Johnson'
**Subject:** RE: Brochey v. GM

Kurt,

Attached please find the draft stay stipulation we previously provided to you on December 23, 2014. We do not agree that the stipulation should apply only to the Matteo Plaintiffs and exclude the Brochey Plaintiffs, nor is it clear to us how this could be accomplished as a practical matter. Regardless, the Bankruptcy Court addressed this precise situation in both *Phaneuf* and in *Elliott*, where different plaintiffs purported to assert claims both with respect to vehicles manufactured by Old GM and by New GM under a single, common complaint. In both *Phaneuf* and *Elliott*, the Bankruptcy Court held that the entire case must be stayed. *See Phaneuf* at 13 n. 26 ("all of the Phaneuf Plaintiffs sue under a common complaint. In the briefing to follow, [the subset of Post-Sale plaintiffs] will be free to flesh out the facts with respect to the manufacture of their vehicles, and to point out any factual distinctions that might be warranted, and thus that their claims should be treated differently."); *Elliott* at 8 n. 24 ("Assuming that the facts bear this out, this additional plaintiff seemingly is in the same category as some of the Phaneuf Plaintiffs—those who purchased vehicles that conceivably could have been manufactured after the July 2009 363 Sale. For the avoidance of doubt, I am not going to put this additional plaintiff in a different category than the Phaneuf Plaintiffs, or Lawrence and Celestine Elliott. . . .").

Please return the executed stay stipulation to us by January 2, 2015 at 1 pm -- or confirm that we are authorized to e-file on your behalf -- or we will have no recourse but to proceed in the Bankruptcy Court.

Separately, since you now appear to acknowledge the Bankruptcy Court's jurisdiction at least over the Matteo Plaintiff's claims, will you please agree to withdraw your motion to remand?

Thanks,

Casey R. Fronk | Kirkland & Ellis LLP
300 North LaSalle | Chicago, Illinois  60654
P 312.862.3084 | F 312.862.2200

---

**From:** Kurt Mitchell [mailto:kmitchell@hoglaw.com]
**Sent:** Thursday, January 01, 2015 6:32 AM
**To:** Fronk, Casey R.
**Subject:** RE: Brochey v. GM

Casey:

Unfortunately, the order does not explain how a Bankruptcy court has the power to close the courthouse to litigants suing a non-debtor over which it has no jurisdiction as such this seems like an unprecedented power grab to assist a company created and allowed to exists on the tax-payers dime. That being said I am pragmatic and realize fighting this issue will get me nowhere. Please provide a proposed stipulation and be sure to make clear in the stipulation that it applies only to the Matteo Plaintiffs and expressly excludes the Brochey Plaintiffs.

---

**From:** Fronk, Casey R. [mailto:cfronk@kirkland.com]
**Sent:** Wednesday, December 31, 2014 3:16 PM
**To:** 'Kurt Mitchell'
**Cc:** Feller, Leonid; 'James Johnson'
**Subject:** RE: Brochey v. GM

Kurt,

As a courtesy, and in addition to the materials we already have sent to you, please find the Bankruptcy Court's decision in *Phaneuf* with regard to a no-stay pleading filed by another group of ignition switch plaintiffs, which should address your questions below.  Other no-stay decisions are also available for your review on the Bankruptcy Court's docket.  As set forth in our December 30 letter, please let us know by 1:00 pm on January 2 whether you will agree to stay your action.

Thanks,

Casey R. Fronk | Kirkland & Ellis LLP
300 North LaSalle | Chicago, Illinois  60654
P 312.862.3084 | F 312.862.2200

---

**From:** Kurt Mitchell [mailto:kmitchell@hoglaw.com]
**Sent:** Wednesday, December 31, 2014 5:36 AM
**To:** Fronk, Casey R.
**Subject:** RE: Brochey v. GM

Mr. Fronk:

Obviously I will not stay the Brochey action in its entirety as the 2011 Camaro has nothing to do with old GM. As to the 2009 Impala please explain to me the authority a non-article three court from the S.D. of New York has to order a Pennsylvania citizen to either agree to an overarching stay or file a motion in its court concerning a non-debtor?  Obviously, the entity  created by the federal government known as new GM was the not the debtor. Moreover, I am having trouble with any court outside the state of Pennsylvania grasping personal jurisdiction over a Pennsylvania citizen. To me this issue has to be raised in the court where the action is currently pending.

2

**From:** Fronk, Casey R. [mailto:cfronk@kirkland.com]
**Sent:** Tuesday, December 30, 2014 8:00 PM
**To:** 'Kurt D. Mitchell'
**Cc:** Feller, Leonid; 'James Johnson'
**Subject:** Brochey v. GM

Kurt,

Please see the attached.

Thanks,

**Casey R. Fronk** | Kirkland & Ellis LLP
300 North LaSalle | Chicago, Illinois  60654
P 312.862.3084 | F 312.862.2200

***********************************************************
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
***********************************************************

***********************************************************
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
***********************************************************

***********************************************************
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
***********************************************************

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 300 North LaSalle<br>Chicago, Illinois 60654 |  |
|---|---|---|
| Leonid Feller<br>To Call Writer Directly:<br>(312) 862-2954<br>leonid.feller@kirkland.com | (312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

December 30, 2014

**VIA E-MAIL**

Kurt D. Mitchell
KDM Law Firm PLLC
106 S. Armenia Ave.
Tampa, FL 33609
kmitchell@hoglaw.com

     *Re:* *Brochey, et al. v. General Motors LLC,*
       *No. 1:14-CV-00304 (W.D. Pa.)*

Dear Mr. Mitchell:

  We intend to file in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") an Application to Enforce the terms of the Bankruptcy Court's May 16, 2014 Scheduling Order Regarding Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction, and the Court's July 8, 2014 Order to Establish Procedures For Newly Filed Ignition Switch Actions. Please let us know by 1:00 p.m. EST on January 2 whether you will voluntarily agree to stay further proceedings in the above-referenced action to avoid the need for this filing.

  On December 23, 2014, we wrote to you with respect to the stay procedures implemented by the Bankruptcy Court. (*See* 12/23/2014 E-Mail from C. Fronk to K. Mitchell, attached hereto). Specifically, on April 21, 2014, New GM filed a motion ("Ignition Switch Actions Motion to Enforce") with the United States Bankruptcy Court for the Southern District of New York seeking to enforce the Bankruptcy Court's July 5, 2009 Sale Order and Injunction, which among other things, (i) approved a sale of assets from Old GM to New GM, and (ii) enjoins the assertion of certain claims against New GM. The *Brochey* Action was made subject to the Ignition Switch Motion to Enforce pursuant to the Thirteenth Supplements to Schedules 1 and 2 of the Ignition Switch Motion to Enforce, which were filed on December 8, 2014. The Ignition Switch Actions Motion to Enforce seeks to bar some or all of the claims you recently asserted against New GM, in an Action commenced in a non-Bankruptcy Court forum, as being prohibited by the Sale Order and Injunction.

  On May 16, 2014, the Bankruptcy Court issued a scheduling order ("Scheduling Order") establishing certain procedures for addressing issues raised in the Ignition Switch Actions

## KIRKLAND & ELLIS LLP

Kurt D. Mitchell
December 30, 2014
Page 2

Motion to Enforce. A Supplemental Scheduling Order ("Supplemental Scheduling Order") was entered by the Bankruptcy Court on July 11, 2014. Additionally, on July 8, 2014, the Bankruptcy Court issued an Order to Establish Procedures for Newly-Filed Ignition Switch Actions ("Newly-Filed VIS Action Procedures Order"). Copies of the Scheduling Order, the Supplemental Scheduling Order, and the the Newly-Filed VIS Action Procedures Order are attached hereto.

Pursuant to the Newly-Filed VIS Action Procedures Order, all Plaintiffs that have commenced Actions against New GM after the filing of the notice of settlement of the Scheduling Order have three (3) business days from receipt of a Stay Stipulation and Scheduling Order to (a) enter into a Stay Stipulation by executing the same and returning it to New GM's counsel, or (b) file a No Stay Pleading with the Bankruptcy Court. You were advised that, pursuant to the terms of that Order, if any plaintiff chooses not to (i) execute a Stay Stipulation, or (ii) file a No Stay Pleading, the terms of the Stay Stipulation shall automatically be binding on such plaintiff.

Copies of the Scheduling Order, the Supplemental Scheduling Order, the Newly-Filed VIS Action Procedures Order, a Stay Stipulation, and other relevant documents were served on you on December 23. (*See* 12/23/2014 E-Mail from C. Fronk to K. Mitchell, with attachments.) Because you did not execute a Stay Stipulation or file a No Stay Pleading by December 29, this action was automatically stayed by operation of the Stay Procedures Order and Newly-Filed VIS Action Procedures Order. (*See* Newly-Filed VIS Action Procedures Order at 2 ("If a plaintiff in any such Ignition Switch Action fails to either enter into a Stay Stipulation with New GM or file a No Stay Pleading with the Court within three (3) business days of receipt of a Stay Stipulation and Scheduling Order, the terms of the Stay Stipulation shall automatically be binding on such plaintiff.").)

Accordingly, please confirm in writing by 1:00 pm EST on January 2, that you will stay the *Brochey* action. If not, we will proceed in the Bankruptcy Court and provide appropriate notice to the United States District Court for the Western District of Pennsylvania. Please contact me if you have any questions or would like to discuss.

Sincerely,

*/s/ Leonid Feller*

Leonid Feller

*Counsel for Defendant General Motors LLC*