# Exhibit F

```
                                                          Page 1

 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   Case No. 09-50026-reg
 5   - - - - - - - - - - - - - - - - - - - - - - - -x
 6   In the Matter of:
 7
 8   MOTORS LIQUIDATION COMPANY, ET AL.,
 9        F/K/A GENERAL MOTORS CORP., ET AL.,
10
11            Debtors.
12
13   - - - - - - - - - - - - - - - - - - - - - - - -x
14
15               U.S. Bankruptcy Court
16               One Bowling Green
17               New York, New York
18
19               February 10, 2011
20               9:47 AM
21
22   B E F O R E:
23   HON. ROBERT E. GERBER
24   U.S. BANKRUPTCY JUDGE
25
```

Page 2

2 HEARING re Debtors' Objection to Proofs of Claim Nos. 16440 and

3 16441

25  Transcribed by:  Sharona Shapiro

09-50026-mg Doc 13049-6 Filed 01/16/15 Entered 01/16/15 16:50:03 Exhibit E
09-50026-reg Doc 9764 Filed 05/11/11 Entered 05/11/11 09:29:00 Main Document
Pg 4 of 12
Pg 3 of 45

Page 3

```
 1
 2   A P P E A R A N C E S :
 3   WEIL, GOTSHAL & MANGES LLP
 4        Attorneys for Debtors
 5        200 Crescent Court
 6        Suite 300
 7        Dallas, TX 75201
 8
 9   BY:  ANGELA C. ZAMBRANO, ESQ.
10
11
12   WEIL, GOTSHAL & MANGES LLP
13        Attorneys for Debtors
14        767 Fifth Avenue
15        New York, NY 10153
16
17   BY:  PABLO FALABELLA, ESQ.
18
19
20   KRAMER LEVIN NAFTALIS & FRANKEL LLP
21        1177 Avenue of the Americas
22        New York, NY 10036
23
24   BY:  LAUREN M. MACKSOUD, ESQ.
25
```

Page 4

```
 1
 2   HORWITZ ,HORWITZ & PARADIS
 3        Attorneys for Saturn Class Plaintiffs
 4        570 Seventh Avenue
 5        20th Floor
 6        New York, NY 10018
 7
 8   BY:  GINA M. TUFARO, ESQ.
 9        MICHAEL A. SCHWARTZ, ESQ.
10
11
12   STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.
13        Attorneys for the Dean Trafalet,
14           the Future Claimants' Representative
15        2323 Bryan Street
16        Suite 2200
17        Dallas, TX 75201
18
19   BY:  JACOB L. NEWTON, ESQ. (TELEPHONICALLY)
20
21
22
23
24
25
```

Page 38

1 factors require me to deny class action certification in this

2 Chapter 11 case, just a few weeks before the scheduled

3 confirmation hearing, in any event.

4     I'm not now going to repeat all of the underlying law

5 applicable to matters of this character.  I discussed them in

6 depth just a few weeks ago in the apartheid decision.  And for

7 understandable reasons, class counsel doesn't dispute the

8 underlying law or legal standards or otherwise debate either

9 the holding of my recent apartheid decision or the legal

10 principles or reasoning it contained.

11     Turning first to class action superiority, the second

12 of the two requirements that Rule 23(b)(3) imposes, and which,

13 at the risk of stating the obvious, is in addition to the

14 requirement for the predominance of common issues.  The points

15 I made in the apartheid decision about class action treatment

16 not being superior are equally applicable here.  Assuming,

17 arguendo, that we could conquer the class action predominance

18 issues by setting up enough subclasses and plow through the

19 individual law of twenty-six states as applicable to the claims

20 of members of those various classes, that would place

21 tremendous strain on the bankruptcy system and the resources of

22 this Court in particular.

23     And class action treatment wouldn't be superior to the

24 mechanisms that are available in a bankruptcy court, for the

25 reasons I noted in the apartheid decision, based in material

09-50026-mg Doc 13049-6 Filed 01/16/15 Entered 01/16/15 16:50:03 Exhibit F Main Document
Pg 39 of 45
09-50026-reg Doc 9764-4 Filed 02/29/12 GENERAL MOTORS CORPORATION
Pg 7 of 12

Page 39

1 part on Chief Judge Bernstein's decision in Musicland, as he

2 had there pointed out, the inherent simplicity of the

3 bankruptcy process tends to make class action treatment not

4 superior, as a general matter, and in this case, because an

5 individual claimant would need only to fill out and return a

6 proof of claim form.  Further, the deterrence that class

7 actions often provide would be of little utility in a case like

8 this one, where Old GM is liquidating and the punishment for

9 any wrongful Old GM conduct would be borne by Old GM's innocent

10 creditors.  See Musicland 362 B.R. at pages 650 to 651.

11      Turning now to unique bankruptcy concerns.  First, I

12 noted in the apartheid decision that the motion for class

13 certification should have been made much earlier in that case,

14 citing the Ephedra cases and Northwest Airlines; and that late

15 motions of this character raise concerns when they would have a

16 material effect on distributions to other creditors, as the 100

17 million dollars in claims asserted here so obviously would.

18      I ruled there that late filing would not, by itself,

19 bar class certification, but that it was an important factor.

20 My thinking in that respect hasn't changed in the three weeks

21 since I ruled on that issue before.  It's not relevant for

22 purposes of placing blame, but it's relevant because late

23 motions of this type have a major effect on the administration

24 of the Chapter 11 case and on potential prejudice to creditors.

25      Here, the Saturn plaintiffs failed to file a motion

09-50026-mg Doc 13049-6 Filed 01/16/15 Entered 01/16/15 16:50:03 Exhibit F
Pg 40 of 45
09-50026-reg Doc 9764 Filed 03/11/11 Entered 03/11/11 15:16:50 Main Document
Pg 40 of 125
GENERAL MOTORS CORPORATION

Page 40

1  for class action treatment until fourteen months after Old GM's
2  bar date and twenty months after the commencement of Old GM's
3  bankruptcy.  Given the substantial impact that almost 100
4  million dollars in claims could have on the Old GM estate, the
5  Saturn claimants should have sought class certification here,
6  just as in the apartheid litigation, far sooner than they did.
7  And that concern is particularly significant and perhaps
8  obvious, when we have a confirmation hearing set for March 3,
9  only three and a half weeks away.  The issues presented here
10 would take extraordinary court resources to hear in an
11 allowance hearing or even to estimate under Section 502, and
12 where until and unless the claims were fixed or estimated, we'd
13 have to set up a 100 million dollar reserve.
14          Secondly, we here have a variant of the point I made
15 before, which is relevant in this different context.  Once
16 again, assuming that I could deal with the predominance issues
17 by setting up enough subclasses, the issues dealing with the
18 twenty-six states' separate laws and the particular issues as
19 amongst the various subclasses and other aspects of the
20 individual nature of consumers' claims, dealing with this,
21 would just place too much strain on the bankruptcy system and
22 on this Court.
23          As Judge Rakoff observed in the Ephedra litigation,
24 bankruptcy significantly changes the balance of factors to be
25 considered in determining whether to allow a class action.  And

09-50026-mg Doc 13049-6 Filed 01/16/15 Entered 01/16/15 16:50:03 Exhibit E
Pg 41 of 45
09-50026-reg Doc 9764 Filed 03/16/11 GENERAL MOTORS CORPORATION Main Document
Pg 41 of 125

Page 41

1 class certification may be less desirable in bankruptcy than in
2 ordinary civil litigation. See his Ephedra decision at 329
3 B.R. at page 5. See also Judge Lifland's analysis very
4 recently in Blockbuster. Class-based claims have the potential
5 to adversely affect the administration of a case by adding
6 layers of procedural and factual complexity, siphoning the
7 debtor's resources and interfering with the orderly progression
8 of the reorganization.

9 For those reasons, among others, I must find that
10 entertaining these claims on a class action basis would
11 significantly complicate the GM debtors' Chapter 11 case here.
12 Thus, on a matter where bankruptcy judges have unquestioned
13 discretion to determine whether class action certification
14 would inappropriately clash with bankruptcy needs and concerns,
15 I can't authorize class action treatment here.

16 Finally, unlike the apartheid case, the quality of the
17 notice here is not even debatable. The notice within the
18 United States was unquestionably satisfactory. And as I noted
19 before, that is, in the apartheid litigation, the filing of the
20 GM Chapter 11 case was well known. Paraphrasing Judge Kaplan's
21 observation back in July 2009, on a stay application from my
22 363 decision, the filing of the GM Chapter 11 case was an event
23 of which no sentient American was unaware.

24 Here, the class is made up of U.S. citizens who are
25 car owners and who, it may reasonably be inferred, watch

09-50026-mg Doc 13049-6 Filed 01/16/15 Entered 01/16/15 16:50:03 Exhibit E
Pg 42 of 45
09-50026-reg Doc 9764 Filed 02/24/11 GENERAL MOTORS CORPORATION Main Document
Pg 42 of 45

Page 42

1 television, listen to the radio, read newspapers and knew any
2 problems that had infected GM and had resulted in GM's
3 bankruptcy. It would be incorrect to argue that they did not
4 have notice. I'm not persuaded by the distinction that I heard
5 in oral argument that I should consider notice of GM's
6 bankruptcy to be an unsatisfactory substitute for telling
7 people that they have problems in their vehicles with respect
8 to their bad timing chains. If anyone had a problem with a
9 failed timing chain, he or she would know that and could easily
10 file a regular proof of claim in this case.

11     The debtors point out, without dispute, that there is
12 no decision in this district in which the Court has ever
13 exercised its discretion to make civil rule applicable in a
14 Chapter 11 case, where the class was not certified pre-petition
15 or the estate didn't consent. In this case, with confirmation
16 just three and a half weeks away, I'm not going to be the
17 first.

18     For the reasons I just summarized, I'm denying the
19 cross motion for class certification and I'm granting the
20 motion to disallow the claims insofar as they're asserted on
21 behalf of absent class members. However, I will authorize the
22 individual class representatives to file individual proofs of
23 claim for their personal damages underlying these claims,
24 within the later of the time agreed upon between class action
25 plaintiffs' counsel and the debtors, or thirty days from the

```
 1  entry of the order denying class certification here.
 2          If the individual class representatives elect to avail
 3  themselves of the right I'm giving them to file individual
 4  proofs of claim, I'm ruling that their doing so will be without
 5  prejudice to any rights they have to appeal or leave to appeal.
 6          The debtors are to settle an order in accordance with
 7  the foregoing, but they're first to consult with Mr. Schwartz
 8  and to find out from him, whether he'd like to appeal or seek
 9  leave to appeal or otherwise wants me to make full findings of
10  fact, conclusions of law and bases for the exercise of my
11  discretion.  I have many things on my plate, and obviously I
12  think this capsulizes the bases for my ruling.  But if it's
13  desired, I will make more extensive full findings, as I did on
14  the apartheid decision.  Mr. Schwartz is entitled to that, and
15  if he's of a mind to, he's entitled to that before or at the
16  time that I enter the order.
17          I appreciate your indulgence.  We've now gone through
18  the whole morning, and I made you wait a while for this
19  decision.  We're now adjourned.  Have a good day.
20      (Whereupon these proceedings were concluded at 12:07 p.m.)
21
22
23
24
25
```

Page 44

                        I N D E X

                        RULINGS

                                                    Page    Line

Class certification is denied                         36      18

Claims of absent class members are disallowed         36      20

Individual class representatives may file             42      21
individual proofs of claim for personal
damages