```
                                                    ┌─────────────────────────────┐
                                                    │ USDC SDNY                   │
                                                    │ DOCUMENT                    │
                                                    │ ELECTRONICALLY FILED        │
UNITED STATES DISTRICT COURT                        │ DOC #: _____      │
SOUTHERN DISTRICT OF NEW YORK                       │ DATE FILED: 12/31/2014      │
------------------------------------------------X   └─────────────────────────────┘
                                                :
RICHARD ALVIN FERRARO,                          :
                                                :
                         Appellant,             :       14-cv-8918 (KBF)
                                                :
              -v-                               :       ORDER
                                                :
MOTORS LIQUIDATION COMPANY GUC                  :
TRUST,                                          :
                                                :
                         Appellee.              :
                                                :
------------------------------------------------X
```

KATHERINE B. FORREST, District Judge:

On November 7, 2014, Richard Alvin Ferraro ("appellant") filed a bankruptcy appeal. (ECF Nos. 1 and 2.)[1] On November 13, 2014, the Court issued an Order setting out a briefing schedule for the bankruptcy appeal. (ECF No. 3.) Per that Order, appellant's opening brief was due November 21, 2014. On December 2, 2014, the Court issued an Order advising appellant that he had missed the November 21, 2014 deadline and that the appeal will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure if an opening brief is not filed by December 23, 2014. (ECF

---

[1] The documents filed on November 7, 2014 are nearly incomprehensible. For example, the "ISSUE STATEMENT" states the following:

> Are you like US in Common? The 14th Amendment says so….
> As Tried and True Resilience and Redundancy by Use in Government,
> For One & All ! Is a "Gold Standard for Identity" A Roadmap to follow!
> As Old adage reflects "A Chevy in Every Garage" was the hopes of the old
> Stakeholders, thereby I hereby Chevy Chase.

(ECF No. 2.)

No. 4.) To date, the Court has not received an opening brief from appellant. For the reasons set forth below, this appeal is dismissed without prejudice.

Rule 41(b) of the Federal Rules of Civil Procedure "gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)). A district court considering a Rule 41(b) dismissal with prejudice must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). Even where a plaintiff fails to comply with a court order that includes a notice of possible dismissal, "the court must still make a finding of willfulness, bad faith, or reasonably serious fault" by evaluating those criteria. Id. at 217 (quoting Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013)). A pro se litigant's claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." Id. at 9 (quoting LeSane, 239 F.3d at 209) (internal quotation marks omitted).

Here, the Court finds that the <u>Baptiste</u> factors weigh in favor of dismissing this appeal without prejudice.[2]  Appellant filed his bankruptcy appeal almost two months ago, and the original deadline to file an opening brief in support of his appeal elapsed over a month ago.  Thus, the first factor weighs in favor of dismissal.  The second factor also weighs in favor of dismissal: the Court gave appellant a second chance to file an opening brief and explicitly warned him that the appeal will be dismissed under Rule 41(b) unless the brief is filed by December 23, 2014.  The third factor is neutral, as the Court does not have specific information about whether appellee is likely to be prejudiced by further delay in the proceedings.  The fourth and fifth factors weigh in favor of dismissal without prejudice.  Appellant has received a fair chance to be heard, and the Court's interest in managing its docket outweighs appellant's interest in keeping this case open without interruption.  Finally, the Court has not adopted the most drastic sanction here: the Court is dismissing the appeal without prejudice.

---

[2] A Rule 41(b) dismissal operates as an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b).

Accordingly, this appeal is dismissed without prejudice. The Clerk of Court is directed to terminate this action.

SO ORDERED.

Dated:    New York, New York
             December 31, 2014

_____
KATHERINE B. FORREST
United States District Judge

CC:    Richard Alvin Ferraro
        625 Wilson Pond Road,
        N. Monmouth, ME 04265