Endorsed Order:

The proposed overall time requests, and proposed sequence for oral argument, are satisfactory and approved.[1]  But the Court will be assisted best by more oral argument on Due Process and Remedy, and less on Equitable Mootness.

The parties are to reduce their requested Equitable Mootness reargument time to about half the time now requested.  They are encouraged, but not required, to reallocate the time saved to additional argument time on Due Process and Remedy.  They should confer and then submit a revised joint recommendation, consistent with this order, by 5:00 p.m. Friday, January 30.

Dated: New York, New York             *s/Robert E. Gerber*
       January 28, 2015               United States Bankruptcy Judge

---

[1] If the Groman Plaintiffs renew their request, denied without prejudice today, for oral argument on disputed facts, and if that request is granted, the Court will hear them after Designated Counsel for Pre-Closing Accident Plaintiffs, and before counsel for the GUC Trust.

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

January 27, 2015

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

      Re:    In re Motors Liquidation Company, *et al.*
                Case No. 09-50026 (REG)

              **Letter Pursuant to January 13, 2015 Administrative
              Order Re Oral Argument and Related Matters**

Dear Judge Gerber:

      King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. In connection with its pending Motions to Enforce the Sale Order and Injunction, New GM, on behalf of itself and on behalf of Designated Counsel and counsel for the GUC Trust (each of whom is copied on this correspondence), submits this letter in accordance with Paragraph 2 of the *Administrative Order Re Oral Argument and Related Matters*, entered on January 13, 2015 [Dkt. No. 13044], which provides as follows: "New GM, Designated Counsel and GUC Trust Counsel are . . . to confer and submit a joint recommendation to the Court on a sequence for oral argument and time allocations for each. The joint recommendation is to be submitted by letter, emailed . . . or delivered by hand and also filed on ECF, so as to be received by the Court's Chambers no later than noon on Tuesday, January 27."

      Counsel for New GM, Designated Counsel and counsel for the GUC Trust have met and conferred on the sequence for oral argument and time allocations for each party, and jointly recommend the following:

24875647v3

Honorable Robert E. Gerber
January 27, 2015
Page 2

**A.      Due Process / Remedy / Old GM Claim Threshold Issues**

The following would constitute the sequence for oral argument and the time allocation for each party:

(1) New GM opening argument - 1 hour 30 minutes,

(2) Designated Counsel response – 1 hour 15 minutes,

(3) Designated Counsel for Pre-Closing Accident Plaintiffs response - 15 minutes,

(4) GUC Trust/Unitholders response (the GUC Trust will present the argument on behalf of itself and the Unitholders) - 40 minutes,

(5) New GM reply - 30 minutes, and

(6) Designated Counsel sur-reply, *only if permitted by the Court* – 15 minutes.

It is anticipated that this portion of the oral argument would run to approximately 3:35 p.m. on Wednesday, February 4, 2015.[1]

**B.      Equitable Mootness Threshold Issue (To Begin After "A" Above)**

(1) GUC Trust/Unitholders opening (the Unitholders will present the argument on behalf of themselves and the GUC Trust)- 30 minutes,

(2) Designated Counsel response - 15 minutes,

(3) New GM response - 10 minutes, and

(4) Unitholders reply - 10 minutes.

It is anticipated that this portion of the oral argument would be completed by approximately 5:00 p.m. on Wednesday, February 4, 2015.

With respect to the legal standard for the "Fraud on the Court" issue, counsel for New GM, Designated Counsel and counsel for the GUC Trust believe that no oral argument is necessary and would rest on their papers.[2]

---

1   The parties agree that the lunch break should not interfere with any party's presentation. The parties leave it to the Court to determine whether the lunch break should occur after New GM's opening argument, or after Designated Counsel's response. Designated Counsel request that the lunch break come prior to Designated Counsel's response.

2   It is New GM's understanding that counsel for the Unitholders and Designated Counsel for the Pre-Closing Accident Plaintiffs consent to the schedule set forth herein. New GM understands that counsel for the Groman

Honorable Robert E. Gerber
January 27, 2015
Page 3

      Counsel for New GM, Designated Counsel and counsel for the GUC Trust respectfully request that the foregoing sequence of arguments and time allocations be approved and authorized by the Court. If approved, counsel for New GM, Designated Counsel and counsel for the GUC believe that the oral argument on the Four Threshold Issues can be completed on February 4, 2015, and that the Court will not need to set aside any time for oral argument on February 5, 2015.

      Respectfully submitted,

      */s/ Arthur Steinberg*

      Arthur Steinberg

cc:    Richard C. Godfrey, P.C.
        Andrew B. Bloomer, P.C.
        Edward S. Weisfelner
        Howard Steel
        Sander L. Esserman
        Jonathan L. Flaxer
        S. Preston Ricardo
        Matthew J. Williams
        Lisa H. Rubin
        Keith Martorana
        Daniel Golden
        Deborah J. Newman
        Jamison Diehl
        William P. Weintraub
        Eamonn O'Hagan
        Gregory W. Fox

---

    Plaintiffs have filed a letter with the Court requesting an allotment of 10 minutes to address the Court on non-redundant, material points if counsel for the Groman Plaintiffs believe that their points have not been adequately addressed by other parties. If the Court grants the Groman Plaintiffs' request, Counsel for New GM, Designated Counsel and counsel for the GUC Trust reserve their rights to respond to the Groman Plaintiffs' arguments.