CAUSE NO. 07-CV 1040

| | | |
|---|---|---|
| DORIS POWLEDGE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ADAM POWLEDGE, DECEASED, THE ESTATE OF RACHEL POWLEDGE, DECEASED, THE ESTATE OF ISAAC POWLEDGE, DECEASED, THE ESTATE OF CHRISTIAN POWLEDGE, DECEASED, AND THE ESTATE OF JACOB POWLEDGE, DECEASED; AND CONNIE MCNEIL AS NEXT FRIEND TO AUSTIN POWLEDGE, A MINOR; AND AMBER POWLEDGE AND MARY LOU POWLEDGE, INDIVIDUALLY, | § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| and | § | |
| RONALD ALTON POWLEDGE, | § | |
| Intervenor, | § | |
| VS. | § | 10th JUDICIAL DISTRICT |
| GENERAL MOTORS CORPORATION, | § | |
| Defendant. | § | GALVESTON COUNTY, TEXAS |

**PLAINTIFFS' FOURTH AMENDED PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, DORIS POWLEDGE, both in her individual capacity and as representative of the ESTATE OF ADAM POWLEDGE, deceased, the ESTATE OF RACHEL POWLEDGE, deceased, the ESTATE OF ISAAC POWLEDGE, deceased, the ESTATE OF CHRISTIAN POWLEDGE, deceased, and the ESTATE OF JACOB POWLEDGE, deceased; CONNIE MCNEIL, as next friend to AUSTIN POWLEDGE, a minor; and AMBER POWLEDGE and MARY LOU POWLEDGE, individually

(hereinafter referred to as "Plaintiffs"), and respectfully file this Fourth Amended Petition against GENERAL MOTORS CORPORATION (hereinafter referred to as "Defendant"), and in support hereof would state and show the following:

## I. Discovery Control Plan

1.  Plaintiffs intend to conduct discovery under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II. Parties

2.  Plaintiff Doris Powledge appears in this action as the surviving spouse and representative of the Estate of Adam Powledge, deceased. She also appears in this action as the surviving mother and representative of the estates of her children, Rachel Powledge, Isaac Powledge, Christian Powledge, and Jacob Powledge, deceased. Doris Powledge resides in and is a citizen of League City, Texas.

3.  Plaintiff Austin Powledge is a surviving minor child of Adam Powledge, deceased. He brings forth his causes of action through his next friend and natural mother, Connie McNeil. He resides in and is a citizen of Crosby, Texas.

4.  Plaintiff Amber Powledge is an individual who is a surviving child of Adam Powledge, deceased. She resides in and is a citizen of League City, Texas.

5.  Plaintiff Mary Lou Powledge is the natural surviving mother of Adam Poweldge, deceased. She resides in and is a citizen of League City, Texas.

6.  Defendant General Motors Corporation is a foreign Corporation doing business in Texas, and service of process upon this Defendant is not necessary at this time as Defendant has previously filed an answer.

### III. Facts

7. On or about October 18, 2005, Adam Powledge was driving a 2004 Chevrolet Malibu (VIN# 1G1ND52F34M598780) at approximately the 4600 Block of IH45 North, and near the intersection of Holland Road, in Texas City, Galveston County, Texas. According to the police report, at some point in time, his vehicle apparently struck another vehicle while southbound. Mr. Powledge's vehicle then apparently drove on the grass median until it struck a steel support beam, at which point it split in half and caught fire, killing all of the occupants.

8. At the time of the accident, Jacob Powledge was the right-front passenger, Christian Powledge was the back-right passenger, Rachel Powledge was the back-middle passenger, and Isaac Powledge was the back-left passenger.

9. At the time of the accident, all of the occupants of the vehicle were properly seated and properly wearing their 3-point seat belts.

10. However, despite being properly restrained, Adam Powledge, Jacob Powledge, Christian Powledge, Rachel Powledge, and Isaac Powledge all sustained fatal injuries when their vehicle failed to protect them.

### IV. Cause(s) of Action as to Defendant General Motors Corporation

11. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

12. The injuries and damages complained of herein occurred because the vehicle in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable, accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

13. Defendant designed, manufactured, marketed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because of the following defects:

a. The vehicle experienced an electrical failure that allowed the vehicle's engine to race out of control;
b. The vehicle experienced a computer failure that allowed the vehicle's engine to race out of control;
c. The vehicle experienced a mechanical failure that allowed the vehicle's engine to race out of control;
d. The vehicle experienced unwanted engine racing;
e. The vehicle experienced unwanted engine acceleration that lead to a loss of control and/or an accident event;
f. The vehicle experienced unwanted acceleration that lead to a loss of control and/or an accident event;
g. The vehicle violated GM's internal performance, reliability, and/or quality standards;
h. The vehicle breached implied warranties of fitness for a particular purpose and/or merchantability;
i. The vehicle violated applicable FMVSS provisions and recommended guidelines set forth by the SAE;
j. The defects were design and/or manufacturing defects;
k. The vehicle experienced an unwanted acceleration due to a stuck throttle. Defendant had experienced a stuck throttle on other 4 cylinder engines like that used on the subject vehicle that have been reported to the NHTSA and to Defendant. These vehicles include Chevrolet, Saturn, Pontiac, and Cobalt vehicles;
l. The vehicle may have needed to be the subject of a recall, service bulletin, or service campaign based on a later model year vehicle experiencing problems associated with unwanted engine acceleration;
m. The ABS brakes failed to stop the vehicle as it was on dirt and grass which would not permit the brakes to override the acceleration;
n. Defendant violated FMVSS 124 in that there are not two separate energy sources to return the throttle to closed;
o. Defendant's violation of FMVSS 124 caused the out of control condition which lead to the fatal crash;
p. Defendant used a throttle cable and cruise control cable on this vehicle rather than a drive by wire system which is a safer design; and/or

      q.    The vehicle's cruise control failed stuck or malfunctioned.

14.    Defendant was negligent in the design, manufacture, assembly, marketing, and/or testing of the vehicle in question.

15.    The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiffs' damages.

16.    The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the fatal injuries to Plaintiffs Adam Powledge, Jacob Powledge, Christian Powledge, Rachel Powledge, and Isaac Powledge.

### V. Damages To Plaintiffs

17.    As a result of the acts and/or omissions of Defendant, Plaintiff Adam Powledge suffered disfigurement, conscious physical and emotional pain, torment, mental anguish, and/or emotional distress prior to his death, and these injuries survive his death through his estate.

18.    As a result of the acts and/or omissions of Defendant, Plaintiff Jacob Powledge suffered disfigurement, conscious physical and emotional pain, torment, mental anguish, and/or emotional distress prior to his death, and these injuries survive his death through his estate.

19.    As a result of the acts and/or omissions of Defendant, Plaintiff Christian Powledge suffered disfigurement, conscious physical and emotional pain, torment, mental anguish, and/or emotional distress prior to his death, and these injuries survive his death through his estate.

20.    As a result of the acts and/or omissions of Defendant, Plaintiff Rachel Powledge suffered disfigurement, conscious physical and emotional pain, torment,

mental anguish, and/or emotional distress prior to her death, and these injuries survive her death through her estate.

21.  As a result of the acts and/or omissions of Defendant, Plaintiff Isaac Powledge suffered disfigurement, conscious physical and emotional pain, torment, mental anguish, and/or emotional distress prior to his death, and these injuries survive his death through his estate.

22.  As a result of the acts and/or omissions of Defendant, Plaintiff Doris Powledge has suffered past and future: loss of care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary value, loss of companionship and society, loss of consortium, and mental anguish as a result of the fatal injuries to Adam Powledge, Jacob Powledge, Christian Powledge, Rachel Powledge, and Isaac Powledge.

23.  As a result of the acts and/or omissions of Defendant, Plaintiff Doris Powledge has suffered a loss of inheritance of the assets that Adam Powledge, Jacob Powledge, Christian Powledge, Rachel Powledge, and Isaac Powledge, in reasonable probability, would have added to the estate and left at natural death to Plaintiff.

24.  As a result of the acts and/or omissions of Defendant, Plaintiff Doris Powledge has become obligated to pay reasonable and necessary medical, funeral, and burial expenses as a result of the fatal injuries to Adam Powledge, Jacob Powledge, Christian Powledge, Rachel Powledge, and Isaac Powledge.

25.  As a result of the acts and/or omissions of Defendant, Plaintiff Austin Powledge has suffered past and future: loss of care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary value, loss of companionship

and society, loss of consortium, and mental anguish as a result of the fatal injuries to his father, Adam Powledge.

26. As a result of the acts and/or omissions of Defendant, Plaintiff Austin Powledge has suffered a loss of inheritance of the assets that Adam Powledge, in reasonable probability, would have added to the estate and left at natural death to Plaintiff.

27. As a result of the acts and/or omissions of Defendant, Plaintiff Amber Powledge has suffered past and future: loss of care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary value, loss of companionship and society, loss of consortium, and mental anguish as a result of the fatal injuries to her father, Adam Powledge.

28. As a result of the acts and/or omissions of Defendant, Plaintiff Amber Powledge has suffered a loss of inheritance of the assets that Adam Powledge, in reasonable probability, would have added to the estate and left at natural death to Plaintiff.

29. As a result of the acts and/or omissions of Defendant, Plaintiff Mary Lou Powledge has suffered past and future: loss of care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary value, loss of companionship and society, loss of consortium, and mental anguish as a result of the fatal injuries to her son, Adam Powledge.

30. The above and foregoing acts and/or omissions of Defendant, resulting in the fatal injuries to Plaintiffs Adam Powledge, Jacob Powledge, Christian Powledge, Rachel Powledge, and Isaac Powledge, have caused actual damages to Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court.

## VI. Prayer

31. For the reasons presented herein, Plaintiffs pray that upon a final trial of this cause, Plaintiffs recover judgment against Defendant for:

    a.    economic and non-economic damages;
    b.    prejudgment and post-judgment interest beginning October 18, 2005;
    c.    costs of suit; and
    d.    all other relief the Court deems proper.

Respectfully submitted,

**The TRACY firm**

E. Todd Tracy (Lead Counsel)
State Bar No. 20178650
Andrew G. Counts
State Bar No. 24036408
5473 Blair Road Suite 200
Dallas, TX 75231
(214) 324-9000 Phone
(972) 387-2205 Fax

And

**The Buzbee Law Firm**

Anthony G. Buzbee
State Bar No. 24001820
Peter K. Taaffe
State Bar No. 24003029
104 21st Street
Galveston, Texas 77550
(409) 762-5393 Phone
(409) 762-0538 Fax

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been sent to all counsel of record on this 1st day of July, 2008, in accordance with the Texas Rules of Civil Procedure.

                                                                                            _____
                                                                                            E. Todd Tracy
                                                                                            Andrew G. Counts