CAUSE NO. 07CV1040

| | | |
|---|---|---|
| DORIS POWLEDGE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ADAM POWLEDGE, DECEASED, THE ESTATE OF RACHEL POWLEDGE, DECEASED, THE ESTATE OF ISAAC POWLEDGE, DECEASED, THE ESTATE OF CHRISTIAN POWLEDGE, DECEASED, AND THE ESTATE OF JACOB POWLEDGE, DECEASED, AND AS NEXT FRIEND TO AUSTIN POWLEDGE, A MINOR; AND AMBER POWLEDGE, INDIVIDUALLY, | § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | GALVESTON COUNTY, TEXAS |
| GENERAL MOTORS CORPORATION, | § § | |
| Defendant. | § | 10th JUDICIAL DISTRICT |

### DEFENDANT GENERAL MOTORS CORPORATION'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION

To: **Plaintiffs,** by and through their attorneys of record, E. Todd Tracy and Andrew Counts, Esqs., The Tracy Firm, 5473 Blair Road, Suite 200, Dallas, Texas 75231.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, General Motors Corporation ("General Motors"), Defendant herein, serves these Amended Objections and Responses to Plaintiffs' Third Set of Requests for Production.

Defendant General Motors Corporation's Amended Objections
and Responses to Plaintiffs' Third Set of Requests For Production

Page 1

Respectfully submitted,

_____
KYLE H. DREYER
State Bar No. 06119500
**JEFFREY J. COX**
State Bar No. 04947530
**LOREN B. LOWE**
State Bar No. 24060483
**HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.**
6688 North Central Expressway
Suite 1000
Dallas, Texas 75206
(214) 369-2100
(214) 369-2118 – facsimile

**ATTORNEYS FOR DEFENDANT
GENERAL MOTORS CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2008, a true and correct copy of this pleading was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

_____

# I.
## GENERAL RESPONSE AND PREFATORY OBJECTIONS

General Motors' investigation of the facts relating to this incident is incomplete and is continuing. General Motors has not yet received or collected all documents relating to this action, interviewed all witnesses in this lawsuit, nor completed its discovery or preparation of its defenses to Plaintiffs' allegations. General Motors reserves the right, at any time in this litigation, to identify additional witnesses, information or documents, if any, that pertain to any such theories known or unknown, or which may be discovered.

General Motors understands the vehicle involved in this case is claimed to be a 2004 Chevrolet Classic (VIN 1G1ND52F34M598780) ("subject vehicle"). Though Plaintiffs have not identified any <u>specific</u> components as being defective or the cause of the alleged unwanted acceleration, General Motors presumes Plaintiffs intend to claim some sort of defect relating to the vehicle's throttle control system, which includes the throttle body assembly, accelerator cable assembly, and accelerator pedal assembly. For the purpose of discovery as it relates to these components only – (1) the throttle body assembly; (2) the accelerator cable assembly; and (3) the accelerator pedal assembly – the proper scope of vehicles using the same components as the subject vehicle would include 2004-2005 N-Cars equipped with a 2.2L L61 4-cylinder engine that have been marketed as the Chevrolet Classic, Pontiac Grand Am, and Oldsmobile Alero.

By answering these discovery requests, General Motors does not intend to make any admission regarding the admissibility of any documents referenced, identified, or produced. Once Plaintiffs provide more specific information regarding their defect claims, General Motors may need to further refine or broaden the scope of its responses. Finally, since this case is in its preliminary

stages, General Motors reserves the right to file supplemental Responses, if necessary, as the case develops.

## II.
## OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

If the subject vehicle contained ABS brakes, furnish the performance specifications.

**RESPONSE:**

For the reasons described in more detail in General Motors' Amended Response to Interrogatory No. 1 previously served in this litigation, General Motors has confirmed the subject vehicle was not equipped with ABS brakes when it left General Motors' possession. Therefore, performance specifications for ABS brakes would not be relevant and would not lead to the discovery of admissible evidence. *See* TEX. R. CIV. P. 192.3(a).

**REQUEST FOR PRODUCTION NO. 2:**

Furnish all recalls, service campaigns, service bulletins, dealer bulletins or by whatever name called involving the subject platform vehicle or any vehicle with the 4 cylinder engine like that used in the subject vehicle.

**RESPONSE:**

For the reasons discussed more fully in the General Response and Prefactory Objections above, General Motors will search for and produce, if found, recalls, service campaigns, service bulletins and dealer bulletins relating to the throttle control system and/or unwanted acceleration in 2004-2005 N-Cars equipped with a 2.2L L61 4-cylinder engine (Chevrolet Classic, Pontiac Grand Am, and Oldsmobile Alero) (subject to Protective Order).

General Motors objects to further response to this Request because it is overly broad, vague, ambiguous, not properly limited in time and scope, and asks for information that is not relevant and will not lead to the discovery of admissible evidence. *See* TEX. R. CIV. P. 192.3(a).

---

To date, Plaintiffs have not identified any component or subsystem alleged to be defective. Plaintiffs have only generally alleged that the vehicle experienced unwanted acceleration, but fail to say what was the specific cause. In addition, this Request is not limited to the subject Chevrolet Classic or vehicles substantially similar to the subject Chevrolet Classic, but instead seeks the production of documents related to "any vehicle" with the 4-cylinder engine like that used in the "subject vehicle." Without more, a request for all recalls, *etc.* for vehicles with the same engine size constitutes a failure to describe with reasonable particularity the information and materials Plaintiffs seek, or how such information or materials may be relevant to the claims and allegations in this action. *See* TEX. R. CIV. P. 196.1(b).

## REQUEST FOR PRODUCTION NO. 3:

Furnish all claims, complaints or notices that defendant has received from the NHTSA pertaining to the 2005 Chevrolet Cobalt and allegations that the accelerator throttle was sticking.

## RESPONSE:

General Motors objects to this Request because it is overly broad, vague, ambiguous, not properly limited in time and scope, and asks for information that is not relevant and will not lead to the discovery of admissible evidence. *See* TEX. R. CIV. P. 192.3(a). For example, Plaintiffs' defect allegations in this matter relate to the unwanted acceleration of the subject 2004 Chevrolet Classic. This Request is not limited to the subject Chevrolet Classic or vehicles substantially similar to the subject Chevrolet Classic, but instead seeks the production of documents related to the "2005 Chevrolet Cobalt," which does not have the same throttle control system as the subject vehicle.