# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

February 3, 2015

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

> Re: **In re Motors Liquidation Company,** *et al.*
> **Case No. 09-50026 (REG)**
>
> **Response to Letter, dated February 2, 2015, Submitted by the
> State of California Regarding Oral Argument [Dkt. No. 13072]**

Dear Judge Gerber:

    King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. New GM is compelled to submit this letter as a result of the letter ("**California Letter**") filed by counsel for the State of California on February 2, 2015, that relates to the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction*, dated April 21, 2014 [Dkt. No. 12620] ("**Motion to Enforce**").[1] New GM will not address herein the substance of the California Letter; it will do so at the February 17, 2015 oral argument on the Motion to Enforce. As explained below, the California Letter violates this Court's procedures and Orders and, as such, should be stricken from the record and disregarded by the Court.

    The State of California references this Court's Orders regarding oral argument entered between January 13, 2015 and January 30, 2015 [Dkt. Nos. 13044, 13059 and 13066] as the basis for submitting the California Letter. However, none of those Orders authorized the

---

[1] The State of California is the plaintiff in the action captioned *The People of the State of California v. General Motors LLC*, case No. 30-2014-00731038-CU-BT-CXC pending in the Orange County Superior Court ("**California Action**"). The California Action was made subject to the Motion to Enforce pursuant to New GM's Sixth Supplemental Schedules filed with the Court on August 7, 2014 [Dkt. Nos. 12818 and 12819].

25027238v2

Honorable Robert E. Gerber
February 3, 2015
Page 2

submission of the California Letter. The Administrative Order entered on January 13, 2015 provided that "[c]ounsel other than New GM's counsel, Designated Counsel and GUC Trust are to consult with counsel for the entity most aligned with their interests to ascertain whether their oral argument needs can be satisfied by counsel for the most closely aligned entity." If any other party wanted to participate in oral argument, that party would be heard by the Court "only if (a) that party has filed a brief (other than an unqualified joinder) and (b) writes the Court, no later than noon on Tuesday, January 27, (i) requesting time for oral argument; (ii) stating the amount of time requested; and, most importantly, (iii) stating the reasons why argument by one of the most closely aligned counsel would be insufficient . . . ."

The State of California did not file an independent brief so it was not eligible to present oral argument at the February 17, 2015 hearing. Even if it did file an independent brief, the State of California did not file a statement by the January 27 deadline asking for oral argument time. Moreover, counsel for the State of California are one of the Plaintiffs' Lead Counsel as well as a Member of the Plaintiffs' Executive Committee in the MDL Proceeding before Judge Furman. Lead Counsel retained the Designated Counsel to brief the Threshold Issues. *See* Designated Counsel Opposition Brief, dated December 16, 2014 [Dkt. No. 13025], at 1 n.1. Thus, there was never a need for counsel for the State of California to coordinate oral argument with its own selected counsel. The transparent purpose of the California Letter was to supplement the briefing on the Old GM Claim Threshold Issues. This was clearly improper. Briefing on the Motion to Enforce had already concluded pursuant to the schedule agreed to by the parties and approved by the Court.

The California Letter references Judge Furman's November 24, 2014 decision granting the State of California's motion to remand the California Action to state court.[2] That decision was rendered weeks before Designated Counsel's Opposition Brief was due. Whatever counsel for the State of California wanted to say about Judge Furman's remand decision could have been said by its counsel (*i.e.*, Designated Counsel) in their Opposition Brief filed on December 16, 2014. Supplemental briefing through the California Letter was not permitted, and in violation of the Court's procedures and Orders.

Based on the foregoing, the California Letter should be stricken from the record and disregarded by the Court.

Respectfully submitted,

*/s/ Arthur Steinberg*

Arthur Steinberg

---

[2] The State of California previously agreed to stay the California Action and to submit to the jurisdiction of the Bankruptcy Court so long as Judge Furman could decide its remand motion. *See "Limited" No Stay Pleading*, filed by the State of California on August 19, 2014 [Dkt. No. 12862], at 2 (the State of California "merely asks that it be given the opportunity to oppose JPML transfer and to proceed with a motion to remand this action back to California Orange County Superior Court where it was originally filed, where the [State of California] agrees it would be stayed pending further proceedings before this Court").

Honorable Robert E. Gerber
February 3, 2015
Page 3

cc: Mark P. Robinson, Jr.
Steve W. Berman
Tony Rackauckas
Joe D'Agostino
Brad Keogh
Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.
Leonid Feller
Edward S. Weisfelner
Howard Steel
Sander L. Esserman
Jonathan L. Flaxer
S. Preston Ricardo
Matthew J. Williams
Lisa H. Rubin
Keith Martorana
Daniel Golden
Deborah J. Newman
Jamison Diehl
William P. Weintraub
Eamonn O'Hagan
Gregory W. Fox