Endorsed Order:

This letter is untimely as a brief, and can have no proper purpose, as it disclaims a desire to argue orally, and its author, Mark P. Robinson, Jr., could not seek oral argument now by reason of his failure to file a brief by the earlier deadline.  New GM's request that it be stricken from the record is denied.  Nothing is stricken in cases on this Court's watch; everything appears, and remains, as part of the full public record in these proceedings.  But this letter will not be considered by this Court.  Hereafter, Mr. Robinson is to comply with the rules this Court has imposed, which are applicable to all counsel in this case, including him.

Dated: New York, New York                    *s/Robert E. Gerber*
       February 9, 2015                             United States Bankruptcy Judge



| PARTNERS | | LOS ANGELES OFFICE |
|---|---|---|
| MARK P. ROBINSON JR | | 600 S. COMMONWEALTH, SUITE 1254 |
| KEVIN F. CALCAGNIE | | LOS ANGELES, CA 90005 |
| JEOFFREY L. ROBINSON | ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC. | TELEPHONE: (213) 355-3525 |
| WILLIAM D. SHAPIRO | | FACSIMILE: (213) 355-3526 |
| ALLAN F. DAVIS | 19 CORPORATE PLAZA DRIVE | INLAND EMPIRE OFFICE |
| DANIEL S. ROBINSON* | NEWPORT BEACH, CALIFORNIA 92660 | 893 EAST BRIER DRIVE |
| *Admitted In CA, NY, PA | TELEPHONE: (949) 720-1288 | SAN BERNARDINO, CA 92408 |
| KAREN BARTH MENZIES | FACSIMILE: (949) 720-1292 | TELEPHONE: (909) 890-1000 |
| SCOT D. WILSON | WWW.ORANGECOUNTYLAW.COM | FACSIMILE: (909) 890-1001 |

February 2, 2015

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

      **Re:**    **In re Motors Liquidation Company,** *et al.*
             **Case No. 09-50026 (REG)**

             **Letter Pursuant to Administrative and Endorsed**
             **Orders Regarding Oral Argument and Related Matters**

Dear Judge Gerber:

      Robinson Calcagnie Robinson Shapiro Davis, Inc. and Hagens Berman Sobol Shapiro, LLP are co-counsel for the Plaintiff in association with the District Attorney of Orange County, Tony Rackauckas, in the action *The People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas v. General Motors LLC*, Case No.: 30-2014-00731038-CU-BT-CXC pending in the Orange County Superior Court before Judge Kim G. Dunning (the "California Action").

      In accordance with the Court's Administrative Order, entered on January 13, 2015 [Dkt. No. 13044], First Endorsed Order, entered on January 28, 2015 [Dkt. No. 13059], and Second Endorsed Order, entered on January 30, 2015 [Dkt. No. 13066], I submit this letter on behalf of Plaintiff The People of the State of California in the California Action, concerning oral argument on New GM's Motions to Enforce.

      New GM has included the California action in its schedules of actions subject to the Motions to Enforce. See Dkt No. 12818. The California Action raises several unique issues related to the Motions to Enforce that, after consultation with Designated Counsel, the Plaintiff in the California Action believes will be sufficiently addressed by Designated Counsel as part of Designated Counsel's oral argument.

Honorable Robert E. Gerber
United States Bankruptcy Judge
February 2, 2015
Page 2

By way of background, the Amended Complaint in the California action alleges that, by failing to disclose and by actively concealing several known defects in its vehicles, including the ignition switch defects, New GM "enticed vehicle purchasers to buy GM vehicles under false pretenses" (Am. Compl. ¶ 2), and thus violated California's Business & Professions Code, Sections 17200 *et seq.* (California's Unfair Competition Law, or "UCL") and 17500 *et seq.* (California's False Advertising Law, or "FAL") (Am. Compl. ¶¶ 1, 253–274). *In re Gen. Motors LLC Ignition Switch Litig.*, 60 Bankr. Ct. Dec. 77, 2014 WL 6655796, at *1 (S.D.N.Y. Nov. 24, 2014). New GM filed a Notice of Removal on August 5, 2014, removing the case to the United States District Court for the Central District of California under 28 U.S.C. § 1441(a) (Bankruptcy Court & Subject Matter Jurisdiction). *In re Gen. Motors LLC Ignition Switch Litig., supra*, at *2. New GM asserted that removal was proper for two reasons. First, New GM contended that "Plaintiff's claims in this case, and any dispute concerning the [Sale Order], arise under the Bankruptcy Code or in a case under the Bankruptcy Code, and the Bankruptcy Court therefore has core jurisdiction over this action under 28 U.S.C. §§ 157(b) and 1334(b)." (*Id.*). Second, New GM asserted federal question jurisdiction under Title 28, United States Code, Section 1331. (*Id.*)

Plaintiff filed a motion to remand on October 9, 2014. (14–MD–2543 Docket No. 335). New GM opposed the motion, contending, *inter alia*, that "the case falls within the bankruptcy jurisdiction created by Section 1334(b)." *In re Gen. Motors LLC Ignition Switch Litig.*, *supra,* at *3. On November 24, 2014, Judge Furman granted Plaintiff's motion to remand and directed the clerk of the court "to terminate 14–MD–2543 Docket No. 335 and 14–CV–7787 Docket No. 43, to remand 14–CV–7787 back to the Orange County Superior Court, and to then close 14–CV–7787." *In re Gen. Motors LLC Ignition Switch Litig.*, *supra,* at *8. In his remand order Judge Furman noted that: "The Amended Complaint asserts that the case is a "law enforcement action which primarily seeks to protect the public safety and welfare, brought by a governmental unit in the exercise of and to enforce its police power" and that Plaintiff only seeks to hold New GM liable for its ***"own*** acts and omissions ***after*** the July 10, 2009 effective date" of the Sale Order. (Am. Compl. ¶¶ 1, 3 (emphasis in original))." *In re Gen. Motors LLC Ignition Switch Litig., supra*, at *1. He also pointed out that: "Removal based on bankruptcy jurisdiction, however, is subject to an important limitation: It does not extend to "a civil action by a governmental unit to enforce such governmental unit's police or regulatory power." 28 U.S.C. § 1452(a)." *In re Gen. Motors LLC Ignition Switch Litig.*, *supra,* at *2.

Judge Furman went on to state: "the Court concludes that this case falls within the police-power exception. Viewed objectively, Plaintiff's UCL claims meet the "public purpose" test, as the Ninth Circuit has held that "[a] civil action brought by a governmental entity under [the UCL] is fundamentally a law enforcement action designed to protect the public and not to benefit private parties." *City & Cnty. of San Francisco v. PG & E Corp.,* 433 F.3d 1115, 1125–26 (9th Cir.2006) (internal quotation marks omitted). …The monetary remedies available to Plaintiff through the UCL and FAL are thus means of reaching the ultimate goal of such actions—deterring fraud and unfair trade practices by California corporations—not the ultimate goal itself." *In re Gen. Motors LLC Ignition Switch Litig., supra*, at *5.

Honorable Robert E. Gerber
United States Bankruptcy Judge
February 2, 2015
Page 3

  In addition to being a law enforcement action, the California Action is limited to New GM's conduct occurring only well after the date of the Sale Order. California's Unfair Competition Law (California Business & Professions Code, Sections 17200 *et seq.*) *has a four year statute of limitations. Ortega v. Natural Balance Inc.*, 2013 WL 6596792, at *4 (C.D. Cal. Dec. 16, 2013). Because the original complaint was filed on June 27, 2014, it does not seek relief for conduct occurring prior to June 27, 2010.  Moreover, as Judge Furman noted, Plaintiff only seeks to hold New GM liable for its ***"own** acts and omissions **after** the July 10, 2009 effective date"* of the Sale Order. (Am. Compl. ¶¶ 1, 3 (emphasis in original))." *In re Gen. Motors LLC Ignition Switch Litig., supra*, at *1. Therefore, to the extent the Plaintiff seeks relief for New GM's conduct with respect to vehicles manufactured prior to the Sale Order, it does so only for violation of New GM's obligations assumed as to those vehicles under the Master Transaction and Sale Order. Those include the agreement to, from and after the closing, "comply with certification, reporting, and recall requirements of the National Traffic and Motor Vehicle Safety Act, as amended and recodified, including by the Transportation Recall Enhancement, Accountability and Documentation Act, the Clean Air Act, the California Health and Safety Code, and similar Laws, in each case, to the extent applicable in respect of motor vehicles, vehicles, motor vehicle equipment, and vehicle parts manufactured or distributed by the Sellers prior to the Closing."

  I submit this letter to provide the Court and parties-in-interest notice of the foregoing.

            Respectfully submitted,

            */s/ Mark P. Robinson, Jr.*

            Mark P. Robinson, Jr.
            Admitted *pro hac vice*

cc: Steve W. Berman
   Tony Rackauckas
   Joe D'Agostino
   Brad Keogh
   Arthur Steinberg
   Scott Davidson
   Richard C. Godfrey, P.C.
   Andrew B. Bloomer, P.C.
   Leonid Feller
   Edward S. Weisfelner
   Howard S. Steel
   Sander L. Esserman
   Matthew J. Williams
   Lisa H. Rubin
   Daniel Golden
   Deborah J. Newman
   William P. Weintraub
   Eamonn O'Hagan