**Presentment Date and Time: March 20, 2015 at 4:00 p.m. (Eastern Time)**
**Response Deadline: March 20, 2015 at 12:00 p.m. (Eastern Time)**

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Motors Liquidation
Company GUC Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                         :    Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY**, *et al.*,     :    09-50026 (REG)
f/k/a General Motors Corp., *et al.*          :
:
Debtors.                            :    (Jointly Administered)
:
------------------------------------------------------------x

## NOTICE OF PRESENTMENT AND APPLICATION FOR ORDER EXPUNGING CLAIM FILED BY SHERIF RAFIQ KODSY (CLAIM NUMBER 69683)

> **PLEASE CAREFULLY REVIEW THIS NOTICE, APPLICATION AND ATTACHMENT. THIS NOTICE APPLIES TO YOUR FILED PROOF OF CLAIM WHICH IS THE SUBJECT OF A PROPOSED ORDER EXPUNGING THE CLAIM.**

**PLEASE TAKE NOTICE** that the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan dated March 18, 2011, make this application and will present the attached Order (the "**Proposed Order**") to the Honorable Robert E. Gerber, United States Bankruptcy Judge, for approval and signature at Room 523 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004 on **March 20, 2015, at**

**4:00 p.m. (Eastern Time)**, which expunges the filed proof of claim (the **"Claim"**) below:

| Claimant | Claim No. |
|---|---|
| SHERIF RAFIQ KODSY (the "**Claimant**") | 69683 |

**PLEASE TAKE FURTHER NOTICE** that, the GUC Trust is seeking expungement of the Claim because (i) the Claimant asserted claims brought in a lawsuit styled *Sherif Rafiq Kodsy vs. General Motors Corporation,* Case No. 09-CA-011174 (the "**Action**") in the 15th Judicial Circuit Court in Palm Beach County, Florida (the "**State Court**"); (ii) the Action was allowed to proceed in the State Court, and subsequently on appeal, pursuant to that certain *Order Granting Motion of Motors Liquidation Company GUC Trust For Limited Modification of the Automatic Stay and Plan Injunction as to the Action Filed By Sherif Rafiq Kodsy* (ECF No. 11743) (the "**Lift Stay Order**"); and (iii) the Action is now fully resolved in favor of the GUC Trust.  After the Lift Stay Order was entered, the State Court dismissed the Claimant's claims for Fraud, Breach of Implied Warranty, Bad Faith, Personal Injury, Civil Conspiracy and Comparative Fault with prejudice, but allowed the Claimant to proceed on claims for Strict Liability and Negligence.  On August 28, 2013, the State Court entered an order declaring the Claimant a vexatious litigant pursuant to Florida Statutes Section 68.093.  The State Court found that the record and evidence presented showed that it was not reasonably likely the Claimant would prevail on the merits.  Accordingly, the State Court required the Claimant to post security in the amount of $35,000 to secure the payment of the defense costs and expenses likely to be incurred (the "**Costs Order**").  The Costs Order provided that if the Claimant failed to post the required security within 30 days, the case would be dismissed with prejudice.  The Claimant failed to post the security in

accordance with the Costs Order and, on November 26, 2013, the State Court dismissed the Claimant's claims with prejudice. The Claimant subsequently appealed the dismissal to Florida's Fourth District Court of Appeal. On November 13, 2014, the Fourth District Court of Appeal affirmed the dismissal. On December 22, 2014, the Fourth District Court of Appeal denied the Claimant's Motion for Reconsideration. The Claimant then sought discretionary review by the Supreme Court of Florida. On January 27, 2015, the Supreme Court of Florida determined it was without jurisdiction to consider the Claimant's petition for review and dismissed the case (the "**Supreme Court Order**"). The Supreme Court Order is annexed hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that, based on the November 26, 2014 State Court Order dismissing the Claimant's claim with prejudice and the exhaustion of all appeals, the GUC Trust seeks to remove the Claim from the claims registry, to ensure that the claims registry accurately reflects claims being sought against the GUC Trust;

**PLEASE TAKE FURTHER NOTICE** that, if the Claimant objects to the expungement of the Claim, as set forth in the Proposed Order, the Claimant must file a response, in writing, which shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn:

3

Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (ii) the Debtors, c/o Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow); (iii) General Motors LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: General Counsel); (iv) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (v) the United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.); (vi) Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (vii) Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (viii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.); (ix) the U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (x) Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and One Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (xi) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L.

WEIL:\95262069\4\64318.0003

Esserman, Esq. and Robert T. Brousseau, Esq.); (xii) Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.); (xiii) FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Conor Tully); (xiv) Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.); (xv) Kirk P. Watson, Esq., as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703, and (xvi) Paul Hastings LLP, attorneys for Rolls-Royce Corporation, 75 East 55th Street, New York, New York, 10022 (Attn: Harvey A. Strickon), so as to be received no later than **March 20, 2015 at 4:00 p.m. (Eastern Time)** (the "**Response Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, if no responses to the Proposed Order are timely filed and served, the GUC Trust may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the Proposed Order, which may be entered without further notice or opportunity to be heard offered to any party.

Dated: New York, New York  
　　　　March 4, 2015

　　　　　　　　　　　　　　　　　　　　/s/ Joseph H. Smolinsky  
　　　　　　　　　　　　　　　　　　　　Harvey R. Miller  
　　　　　　　　　　　　　　　　　　　　Stephen Karotkin  
　　　　　　　　　　　　　　　　　　　　Joseph H. Smolinsky

　　　　　　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP  
　　　　　　　　　　　　　　　　　　　　767 Fifth Avenue  
　　　　　　　　　　　　　　　　　　　　New York, New York 10153  
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 310-8000  
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 310-8007

　　　　　　　　　　　　　　　　　　　　Attorneys for Motors Liquidation  
　　　　　　　　　　　　　　　　　　　　　　Company GUC Trust

Presentment Date and Time: **March 20, 2015 at 4:00 p.m. (Eastern Time)**
Response Deadline: **March 20, 2015 at 12:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re                                                     :     Chapter 11 Case No.
                                                          :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                 :     09-50026 (REG)
     f/k/a General Motors Corp., *et al.*                 :
                                                          :
                    Debtors.                              :     (Jointly Administered)
                                                          :
---------------------------------------------------------------x

## ORDER EXPUNGING CLAIM FILED BY
## SHERIF RAFIQ KODSY (CLAIM NUMBER 69683)

Upon the notice of presentment and application for an order (the "**Proposed Order**") expunging the claim filed Sherif Rafiq Kodsy (Claim Number 69683), dated March 4, 2015, of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), formed by the above-captioned debtors (collectively, the "**Debtors**") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18, 2011; and due and proper notice of the application and the Proposed Order having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought is in the best interests of the Debtors, their estates, creditors, and all parties in interest and after due deliberation and sufficient cause appearing therefor, it is:

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, Claim Number 69683 is hereby expunged and the Garden City Group, LLC, the claims and noticing agent for the Debtors, is authorized to update the claims register accordingly; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____ ____, 2015
         New York, New York

_____
United States Bankruptcy Judge

WEIL:\95262069\4\64318.0003

**EXHIBIT A**

**SUPREME COURT ORDER**

# Supreme Court of Florida

TUESDAY, JANUARY 27, 2015

CASE NO.: SC15-134
Lower Tribunal No(s).: 4D13-3513;
502009CA011174
XXXXMB

| SHERIF RAFIK KODSY | vs. | GENERAL MOTORS CORPORATION, ET AL. |
|---|---|---|
| Petitioner(s) | | Respondent(s) |

Having determined that this Court is without jurisdiction, this case is hereby dismissed. See Jackson v. State, 926 So. 2d 1262 (Fla. 2006); Jenkins v. State, 385 So. 2d 1356 (Fla. 1980).

No motion for rehearing or reinstatement will be entertained by the Court.

A True Copy
Test:

John A. Tomasino
Clerk, Supreme Court

mh
Served:

DAVID BRYAN SHELTON
STEVEN IRA KLEIN
SHERIF RAFIK KODSY
HON. SHARON BOCK, CLERK
HON. LONN WEISSBLUM, CLERK
HON. LUCY CHERNOW BROWN, JUDGE