# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

BARON E. BETANCOURT VEGA

**Plaintiff**

vs.

GENERAL MOTORS, LLC AND
GENERAL MOTORS CO.

**Defendants**

Civil No.

**PRODUCT  LIABILITY**

**Plaintiff Requests Trial by Jury**

### COMPLAINT

**TO THE HONORABLE COURT:**

COME NOW, THE PLAINTIFF, through the undersigned attorney, and very respectfully, allege state and pray as follows:

### I.    PARTIES, JURISDICTION AND VENUE

### A. IDENTIFICATION OF PLAINTIFF

1. Plaintiff, Baron E. Betancourt Vega, is of legal age, single and resident of the Commonwealth of Puerto Rico.  His physical address is State Road #181, Km. 13.4, Quebrada Negrito Ward, Santa Rita,  Trujillo Alto,  Puerto Rico 00976.  His postal address is HC 61, Box 4789, Trujillo Alto, Puerto Rico 00976.

**Baron E. Betancourt Vega v. General Motors**
Page 2 of 14

## B.  IDENTIFICATION OF DEFENDANTS

2. The General Motors LLC and General Motors Co. ("GM" or Defendant") are headquartered in the City of Detroit, County of Wayne, State of Michigan, and doing business in the Commonwealth of Puerto Rico.

3. This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to *28 U.S.C. Sec. 1332*, inasmuch as there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy, exclusive of costs and interests, exceeds seventy-five thousand dollars ($75,000.00).

4. This Court has personal jurisdiction over the Defendants because a substantial portion of the wrongdoing alleged in this Complaint took place in the Commonwealth of Puerto Rico, the Defendants are authorized to do business in Puerto Rico, the Defendants have minimum contacts with Puerto Rico, and/or the Defendants otherwise intentionally avail themselves of the markets in Puerto Rico through the promotion, marketing and sale of their products in Puerto Rico, each of which are sufficient bases to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

Baron E. Betancourt Vega v. General Motors
Page 3 of 14

_____

5. Venue is proper in the District of Puerto Rico pursuant to *28 U.S.C. § 1391 (a)* since the injuries occurred and the claims alleged arose in this judicial district.

6. Defendants General Motors Corporation LLC and General Motors Co. ("GMC") designed, manufactured and sold the vehicle driven by PLAINTIFF, and purposefully availed of the market in Puerto Rico, and knowingly manufactured said vehicle with the purpose of selling it in Puerto Rico.

## II.   **INTRODUCTION**

7. Plaintiff Baron E. Betancourt Vega seeks to recover damages suffered on March 21, 2008 when, while driving a Chevrolet Cobalt  2005, License plate #GCX-893 from north to south bound on State Route 185, Municipality of Canóvanas, P.R., it suddenly went off his traveling lane, crashing against the central isle of the roadway, losing control and crashing against a traffic light post, after which the vehicle came to a resting position.

8.  On February 7, 2014, GM filed a Defect Notice with the National Highway Traffic Safety Administration to recall 2005-2007 Chevrolet Cobalt and 2007 Pontiac G5 vehicles. The Defect Notice stated in relevant part:

> General Motors has decided that a defect, which relates to motor vehicle safety, exists in 2005-2007 model year Chevrolet Cobalt and 2007 Pontiac G5 vehicles.  The ignition switch torque performance may not meet General Motors' specification.  If the torque performance is not to specification, and the key ring is carrying added weight or the vehicle goes  off  road  or  experience  some  other  jarring

Case 3:14-cv-01243-DRD Document 1   Filed 03/23/15   Page 4 of 14
**Baron E. Betancourt Vega v. General Motors**
Page 4 of 14

event, the ignition switch may inadvertently be moved out of the "run position", relative to the activation of the sensing algorithm of the crash event, may result in the airbags not deploying, increasing the potential for occupant injury in certain kinds of crashes. Until this correction is performed, customers should remove non-essential items from their key ring.

9. According to GM's February 7, 2014 Defect Notice, the defect affects 619,122 vehicles.

10. On February 24, 2014, GM filed an Amended Defect Notice with the National Highway Traffic Safety Administration, which expanded the recall to include all of the Defective GM Vehicles in the definition set forth above.

11. According to the February 24, 2014 Defect Notice, GM was aware of the defects in the Defective GM Vehicles since 2004, GM actively sought to cover up the defects while touting vehicle safety to its prospective customers. All the while, GM had information that the Defective GM vehicles were involved in crashes leading to fatalities, and did nothing to correct the problems or even to warn the public.

12. GM's proposed recall sets forth no specific dates and provides no specific actions as to what GM will do to cure the defects.

13. Although GM had knowledge that there were many instances of sudden engine power loss and non-deployment of airbags associated with the ignition switch failure in the Defective GM vehicles, GM did not attempt to cure the defects until 10 years after it first learned of them—and not until there were

Case 3:15-cv-01245-DRD   Document 1   Filed 03/23/15   Page 6 of 14

**Baron E. Betancourt Vega v. General Motors**
Page 5 of 14

over a million Defective GM vehicles on the road. GM should have taken swift and decisive corrective action to cure the defect ten years ago when it learned of the problem.

14. The defect in the Defective GM vehicles has created doubt in the minds of the public about GM's ability to manufacture safe and properly functioning vehicles that hold their value. Thus, the resale value of GM vehicles has been diminished.

15. Further, given that GM knew about and covered up the defects for ten years, the public is rightfully skeptical that the information it is receiving about the defects is full and forthright. That is, GM continued to cover up the defects and manufacture and sell the Defective GM vehicles even after knowing that people had been injured and had died as a result of its actions. Given this information, it is dubious that GM is now disclosing the full extent of the defects in its vehicles. This has further eroded the value of Plaintiff's vehicle.

16. Plaintiff seeks damages suffered as a result of GM's conduct, including but not limited to: (a) total loss of the vehicle and personal damages.

### III.   FACTUAL ALLEGATIONS

17. This Complaint is based on an automobile accident that occurred on Friday, March 21, 2008, at 12:31 a.m.

18. On the aforementioned date and time, plaintiff was driving his vehicle Chevrolet Cobalt 2005, License plate #GCX-893 from north to south bound on State Route 185, Municipality of Canóvanas, P.R. Upon approaching the

Case 3:15-cv-01243-DRD   Document 1   Filed 03/23/15   Page 10 of 14

**Baron E. Betancourt Vega v. General Motors**
Page 6 of 14

---

Intersection of Route 66,  The vehicle suddenly went off his traveling lane, crashing against the central isle of the roadway, losing control and crashing against a traffic light post, after which the vehicle came to a resting position.

## IV.   <u>NEGLIGENCE</u>

19.  At all times Plaintiff properly used and maintained his Defective GM vehicle.

20. GM designed, manufactured, tested, inspected, marketed, labeled, and sld the Defective GM Vehicles which were intended to be used as a safe and reliable method of transportation, but was inadequate and unsafe for its purpose.

21. GM owed Plaintiff a duly of care in the design, manufacture, testing, inspection, marketing, labeling and sale of its products.

22. At all times material and relevant to this Complaint, GM breached its duties to Plaintiff in the following manner:

      a.  Failure to exercise reasonable care in designing the Defective GM vehicle.

      b. Failure to exercise care in manufacturing the defective GM vehicle.

      c. Failure to prevent or adequately reduce the risk of ignition switch failure in the defective GM vehicle.

      d. Failure to adequately warn users of the risk of injury associated with defective GM vehicles.

**Baron E. Betancourt Vega v. General Motors**
Page 7 of 14

e.  Failure to adequately warn learned intermediaries of the risk of injury associated with the defective GM vehicles.

f.  Failure to adequately test the defective GM vehicles to evaluate the hazards associated with it.

g.  Failure to issue a recall sufficient to prevent Plaintiff from receiving the defective GM vehicle after knowledge of the defect.

h.  Any and all other negligence that becomes known throughout the course of litigation.

23.  Each of the aforesaid acts and omissions of GM was a legal cause of plaintiff's damages.

24.  As a direct and proximate result of GM's conduct, plaintiff suffered the injuries and compensable damages set forth in the Damages action below.

25.  At all times material and relevant, plaintiff was free of comparative negligence.

## V.  BREACH OF IMPLIED WARRANTY/STRICT LIABILITY

26.  Plaintiff re-alleges and incorporates all previous allegations as if fully restated herein.

27.  The defective GM vehicle was defective at the time it left GM's control and was not reasonably safe for the reasonably uses to which it would be used.

28.  GM is in the business of manufacturing, designing, distributing, selling, and/or supplying into the stream of commerce, the defective GM vehicles.

Case 3:14-cv-01245-DRD   Document 1   Filed 03/28/15   Page 3 of 14

**Baron E. Betancourt Vega v. General Motors**

Page 8 of 14

_____

29. At the time GM designed, manufactured, marketed, sold, and/or distributed defective GM vehicle for use by plaintiff, GM knew of the use for which defective GM vehicle was intended and impliedly warranted the product to be of merchantable quality and safe for each used.

30. Plaintiff reasonably relied upon the skill and judgment of GM as to whether defective GM vehicle was of merchantable quality and safe for its intended use and upon GM's implied warranty as to such matters.

31. GM breached its implied warranty in the design of defective GM vehicles such that the damages suffered by plaintiff was foreseeable by GM, the likelihood of the occurrence of the damage suffered by plaintiff was foreseeable by GM at the time it distributed defective GM vehicles, there was a reasonable alternative design available, and such alternative design was practicable and would have reduced the foreseeable risk of harm posed by GM's product, and the omission of the available and practicable reasonable alternative design rendered GM's product and reasonably safe for use by a consumer.

32. GM breached its implied warranty in the manufacturing of defective GM vehicles such that the defective GM vehicles product was unreasonably dangerous, not fit for the ordinary purpose for which it was intended, and not manufactured in such a way to eliminate unreasonable risks of foreseeable injury. Furthermore, GM failed to make reasonable inspections or conduct adequate testing  of defective GM vehicles.  And, after knowing of the problems

**Baron E. Betancourt Vega v. General Motors**
Page 9 of 14

---

associated with the defective GM vehicles, GM took no action for ten years to cure the defects.

33. GM breached its implied warranty in the labeling of defective GM vehicles such that GM knew or should have known that the product was unreasonably dangerous and created significant risks of serious harm and/or death, yet it failed to provide adequate warnings to consumers of such significant risks of serious harm and/or death.

34. The defective GM vehicles manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by GM was defective in its manufacture, construction, design and labelling as described above at the time it left GM's control.

35. As a direct and proximate result, plaintiff's purchase, use and ownership of defective GM vehicle as manufactured, designed, sold, supplied and introduced into the stream of commerce by GM. Plaintif has suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

36. The defects then present were  a legal and/or proximate cause of plaintiff's harm, damages and economic loss.

37. Plaintiff did not know that the defective GM vehicles was defective and dangerous until after he owned it.

38. As a direct and proximate result of GM's conduct, plaintiff suffered the injuries and compensable damages set forth in the damages section below.

# VI.  BREACH OF IMPLIED CONTRACT

39. Plaintiff re-alleges and incorporates all previous allegations as it fully restated herein.

40. The defective GM vehicles were defective at the time they left GM's control and were not reasonably safe for the reasonably foreseeable uses to which it would be used.

41. The essential elements of an implied contract are an offer, acceptance, and consideration.  The existence and terms of the contract are implied by the conduct of the parties.

42. An offer, acceptance, and consideration for the sale of vehicles existed, evidenced by the fact that plaintiff paid money to GM in exchange for vehicle.  The act of exchanging money for vehicles was an offer and acceptance. The money and vehicle constituted consideration.

43. An implied term of the sale was that GM would provide vehicles that did not contain an unreasonably dangerous defect.  There was a meeting of the minds regarding the absence of unreasonably dangerous defect.

44. GM's intent to provide safe vehicles was evidenced by, among other things, its advertising and marketing materials emphasizing the safety qualities of its vehicles.

45. The absence of unreasonably dangerous defects was a material term to the contracts.  Plaintiff would not have purchased the vehicles, or would not have paid the purchase price had they known of the ignition switch defect.

Case 3:15-cv-30245-DRD    Document 1    Filed 03/18/15    Page 11 of 15

**Baron E. Betancourt Vega v. General Motors**
Page 11 of 14

---

46. GM breached the implied terms of their contracts by provising vehicles that contained unreasonably dangerous defects.

47. As a direct and proximate result of GM's conduct, plaintiff suffered the injuries and compensable damages set forth in the damages section before.

## VII.  BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE.

48. Plaintiff re-alleges and incorporates all previous allegations as if fully restated herein.

49. GM knew at the time they sold vehicles to the plaintiff, that such vehicle would be used for the specific purpose of among, other things, providing safe transportation.

50. GM knew at the time they sold the vehicle to plaintiff that he chose to buy his vehicle from GM at least in part because of the reputation of GM cars and trucks as safe vehicles with high resale value, as compared to cars and trucks manufactured by GM's competitors.

51. GM knew that plaintiff was relying on GM's skill and judgment in furnishing and/or recommending vehicles that were purportedly suitable for providing safe transportation.

52. Defendant GM breached the implied warranty of fitness for a particular purpose because the defective GM vehicles contained an unreasonably dangerous condition and were not suitable for providing safe transportation.  Likewise, the unreasonably dangerous condition of the vehicle

Case 3:13-cv-02475-DRD  Document 1  Filed 06/24/13  Page 12 of 14

**Baron E. Betancourt Vega v. General Motors**
Page 12 of 14

___

has resulted in a substantial diminishment in the resale value of those vehicles.

53. As a direct and proximate result of GM's conduct, plaintiff suffered the injuries and compensable damages set forth in the damages section below.

54. Plaintiff demands that all questions of fact be tried before a jury.

## VIII.  DAMAGES

55. As a result of the impact, Mr. Baron E. Betancourt suffered severe multiple body injuries, particularly severe head trauma with loss of consciousness, femur (thigh bone) fracture and lower back fracture.  As a result, plaintiff remained unable to ambulate for one (1) year, in continuous medical treatment, including operations and physical therapy.  Presently, plaintiff has physical permanent impairments and his head trauma caused learning disabilities, and loss of sense of smell and taste, numbness face and throat and his facial skin is very sensible to cold temperatures, especially for reading skills and lack of ability to retain information. Reading gives him migraines.  He has permanent scars in face, head, above the eye with indent between both eyes, from the lower back all the way across to the belly button and from his spine to his coccix.   Plaintiff is impaired for the rest of his life with serious digestive problems and gastric pain.  His physical damages are estimated to be in excess of $3,000,000.00.

56. Plaintiff was 19 years old at the time of accident and in excellent health conditions.  He has endured and still suffers great mental anguish as a

Case 3:13-cv-01247-DRD Document 1 Filed 03/28/13 Page 13 of 14

**Baron E. Betancourt Vega v. General Motors**

Page 13 of 14

_____

result of his tragic accident and as a result of all the physical pain that he has suffered and continues to suffer. His anguish and depression is further aggravated by his impairment. At the time of the accident, plaintiff was a prominent baseball player in the AA League. His dream in becoming a star was chattered. Furthermore, plaintiff was forced to involuntarily choose another life's style. Plaintiff's mental damages are reasonably calculated in the amount of $1,000,000.00.

57. Plaintiff was unable to return to his job for the first year after the accident. His life impairment has caused loss of future earnings as he is incapable to meet the necessary requirements in jobs with higher wages that demand more physical and mental efforts. His past loss of earnings is calculated

**WHEREFORE**, in view of the foregoing, Plaintiff respectfully requests that judgment be entered against defendants jointly for the amount of $4,500,000.00, plus interests, costs, expenses and a reasonable amount for attorney's fees and expenses as provided under the law.

Respectfully submitted in San Juan, P.R. this 17th day of March, 2015.

s/ Jorge M. Izquierdo San Miguel
USDC No. 209312
**IZQUIERDO-SAN MIGUEL LAW OFFICE, P.S.C.**
Capital Center South Tower
Arterial Hostos Avenue 239
Floor 10, Suite 1005
San Juan, PR 00918-0918
Tels: 787-723-7767 / 725-4599
Fax: 787-723-6964
jizquierdo@izquierdosanmiguel.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BARON E. BETANCOURT VEGA | GENERAL MOTORS LLC, ETC. |

| (b) County of Residence of First Listed Plaintiff TRUJILLO ALTO, PR. | County of Residence of First Listed Defendant DETROIT, MICHIGAN |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>JORGE M. IZQUIERDO-SAN MIGUEL, 239 Arterial Hostos, Capital Center, South Tower, Suite 1005, 10th Floor, San Juan, Puerto Rico 00918. 787-723-7767 | Attorneys *(If Known)* |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☒ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C., Section 1332 actionable under 31 L.P.R.A. Section 6141, et seq.

Brief description of cause:
Personal injury due to product liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 4,500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE 3/17/15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# United States District Court

### District of Puerto Rico

## CURRENT ADDRESS NOTICE

You must accompany your complaint with this Current Address Notice, the Civil Cover Sheet (JS-44), and Category Sheet.  Keeping the Court informed as to any changes in your address (office, mailing and email) and telephone and facsimile numbers is an ongoing responsibility.

## CHANGE OF ADDRESS FORM

(Please print legibly or type.
Fill all fields in the form. Enter "N/A" if not applicable)

Check this box
if this represents
a change

| | |
|---|---|
| **Name of Attorney:** | Izquierdo San Miguel, Jorge M. |

(last name, first name, middle initial)

| | |
|---|---|
| **USDC-PR BAR NO.** | 209312 |
| **Email Address:** | jizquierdo@izquierdosanmiguel.com     cc:ctorres@izquierdosanmigu |

| | |
|---|---|
| **Office Address:** | 239 Arterial Hostos, Capital Center, South Tower |
| **Office Address 2** | 10th Floor, Suite 1005 |
| **City, State, Zip:** | San Juan, Puerto Rico  00918 |

| | |
|---|---|
| **Phone Number:** | (787) 723-7767  /   725-4599 |
| **Fax Number:** | (787) 723-6964 |
| **Cellular Number:** | (787) 688-7764 |

| | |
|---|---|
| **Mailing Address:** | 239 Arterial Hostos, Capital Center, South Tower |
| **Mailing Address 2:** | 10th Floor, Suite 1005 |
| **City, State, Zip:** | San Juan, Puerto Rico   00918 |

Date: March 17, 2015

Signature:

(Rev. 7/16/09)

# UNITED STATES DISTRICT COURT

## DISTRICT OF PUERTO RICO

### CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

Attorney Name (Last, First, MI):  JORGE M. IZQUIERDO-SAN MIGUEL

USDC-PR Bar Number:  209312

Email Address:  jizquierdo@izquierdosanmiguel.com; ctorres@izquierdosanmiguel.com

1. Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

   Plaintiff:  Baron E. Betancourt Vega

   Defendant:  General Motors LLC

2. Indicate the category to which this case belongs:

   ☒ Ordinary Civil Case

   ☐ Social Security

   ☐ Banking

   ☐ Injunction

3. Indicate the title and number of related cases (if any).

   None

4. Has a prior action between the same parties and based on the same claim ever been filed before this Court?

   ☐ Yes

   ☒ No

5. Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

   ☐ Yes

   ☒ No

6. Does this case question the constitutionality of a state statute?  (See, Fed.R.Civ. P. 24)

   ☐ Yes

   ☒ No

Date Submitted:  March 17, 2015

rev. Dec. 2009

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| BARON E. BETANCOURT VEGA | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| | ) |
| GENERAL MOTORS LLC, ETC. | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   GENERAL MOTORS LLC
300 RENASSAINCE
DETROIT, MICHIGAN  48243


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Jorge M. Izquierdo-San Miguel
Izquierdo San Miguel Law Offices, PSC
239 Arterial Hostos, Capital Center, South Tower
10th Floor, Suite 1005
San Juan, Puerto Rico 00918


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____     _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| BARON E. BETANCOURT VEGA | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | )   Civil Action No. |
| | ) |
| GENERAL MOTORS LLC, ETC. | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   GENERAL MOTORS CO.
300 RENASSAINCE
DETROIT, MICHIGAN   48243

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Jorge M. Izquierdo-San Miguel
Izquierdo San Miguel Law Offices, PSC
239 Arterial Hostos, Capital Center, South Tower
10th Floor, Suite 1005
San Juan, Puerto Rico 00918

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: