## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 09-50026 (REG) |
| | ) | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, | ) | (Jointly Administered) |
| f/k/a General Motors Corp., *et al.*, | ) | |
| | ) | |
| Debtors. | ) | |

## STIPULATION AND ORDER OF SETTLEMENT AND LIMITED MODIFICATION OF ENVIRONMENTAL RESPONSE TRUST CONSENT DECREE AND SETTLEMENT AGREEMENT AMONG THE ENVIRONMENTAL RESPONSE TRUST ADMINISTRATIVE TRUSTEE, THE UNITED STATES, THE STATES OF DELAWARE, ILLINOIS, INDIANA, KANSAS, MICHIGAN, MISSOURI, NEW JERSEY, NEW YORK, OHIO, WISCONSIN, COMMONWEALTH OF VIRGINIA, THE LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY, THE MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION, THE DEPARTMENT OF ENVIRONMENTAL PROTECTION OF THE COMMONWEALTH OF PENNSYLVANIA, AND THE SAINT REGIS MOHAWK TRIBE

WHEREAS, on March 29, 2011, the Court entered an order confirming the Debtors'

Plan of Liquidation and ("Confirmation Order") approving an Environmental Response Trust

Consent Decree and Settlement Agreement (the "ERT Consent Decree") (*see* Dkt. No. 9941 ¶

7 at 19-20) among the United States, fourteen states and/or state agencies, the St. Regis

Mohawk Tribe (referred to collectively as the "Governments"), and Debtors, resolving,

among other things, the dispositions of various properties that were then owned by Debtors

and providing certain funding for environmental actions at many of those properties; and

WHEREAS, the ERT Consent Decree provided for the establishment of an

environmental response trust, funded by the Debtors using funds (the "Trust Funding") that

were provided to Debtors, in part, by the United States Department of Treasury as a debtor-in-

possession lender, and that the environmental response trust would hold title to certain

properties that had been owned by Debtors, and whose purpose would be, among other things,

to conduct, manage, and/or fund Environmental Actions in accordance with the provisions of

the ERT Consent Decree; to carry out administrative and property management functions

related to the properties and pay associated administrative costs; and to try to sell or transfer

the properties (ERT Consent Decree ¶ 29 at 11-12); and

WHEREAS, the Court approved and appointed EPLET, LLC to serve as the

Environmental Response Trust Administrative Trustee ("Administrative Trustee"),

(Confirmation Order ¶ 7, at 20), and the Trust is now known as the Revitalizing Auto

Communities Environmental Response Trust ("RACER Trust" or "Trust"); and

WHEREAS, the Debtors' confirmed Plan of Liquidation became effective on March

31, 2011, and pursuant to the terms of the Confirmation Order, the ERT Consent Decree

likewise became effective on that date and the Debtor-owned properties and Trust Funding

were transferred to the RACER Trust; and

WHEREAS, the Trust's funding falls into two broad categories, one of which is for

the purpose of funding Trust administration (*see* ERT Consent Decree ¶¶ 32, 33, 36(b), 52-54)

and the other of which is for the purpose of funding Environmental Actions (*see* ERT Consent

Decree ¶¶ 32, 33, 36(a), 55-63) ; and

WHEREAS, the ERT Consent Decree provides that the Trust's administrative funding

shall not be used to fund Environmental Actions (*see* ERT Consent Decree ¶¶ 52, 53); and

WHEREAS, the ERT Consent Decree includes provisions concerning the disposition

of Trust funds that prove unneeded, and further provides that any unneeded Trust

administrative funds are to be returned in specified circumstances to the United States

Treasury and EDC (*see* ERT Consent Decree ¶¶ 53, 54), while any remaining environmental

response funds are to be transferred in specified circumstances to the Hazardous Substances

Superfund if they are not needed and used for other environmental purposes as specified in the

ERT Consent Decree (*see* ERT Consent Decree ¶ 77); and

WHEREAS, the RACER Trust's funding includes an "Administrative Funding

Reserve Account" (Approval Order ¶ 7, at 20-21; ERT Consent Decree ¶ 53), the purpose of

which was to fund actual or projected shortfalls in the Administrative Funding Account

identified by the Administrative Trustee prior to the third anniversary of the Effective Date,[1]

"strictly limited to unexpectedly high demolition costs and Property holding costs and

---

[1] Capitalized terms not otherwise defined in this document have the same meaning as stated in the ERT Consent
Decree.

unexpectedly low proceeds derived from rental of Properties or proceeds derived from the sale of Properties" (ERT Consent Decree ¶ 53); and

WHEREAS, the ERT Consent Decree specifically provided that "[a]ny funds remaining" in the Administrative Funding Reserve Account "shall" be returned to the United States Department of the Treasury "after the third anniversary of the Effective Date," *i.e.*, March 31, 2014 (ERT Consent Decree ¶ 53); and

WHEREAS, shortly after the ERT Consent Decree was approved, the Debtors liquidated pursuant to the Plan of Liquidation and will therefore be unable to execute this stipulation; and

WHEREAS, following discussions among the remaining parties to the ERT Consent Decree (the "Parties") and a request submitted to the Bankruptcy Court, the Bankruptcy Court approved a stipulation (Dkt. No. 12614) that extended the required date for the return of the Administrative Funding Reserve Account funds to the United States Department of the Treasury for one year, until March 31, 2015 (the "Extension Stipulation"); and

WHEREAS the Administrative Trustee has not made an application for administrative funding from the Administrative Funding Reserve Account pursuant to Paragraph 53 of the ERT Consent Decree (as modified by the Extension Stipulation) nor does it anticipate a need to make such an application; and

WHEREAS, the ERT Consent Decree provides for a Cushion Funding Account to provide portfolio-wide backup funding with respect to any of the Properties where funding for an Environmental Action has been exhausted and additional funding is necessary, under certain limitations set forth in the ERT Consent Decree, to undertake or complete the Environmental Action; and additionally to provide funding with respect to Properties where

3

no funding is allocated and unforeseeable conditions are discovered or arise which require funding to undertake an Environmental Action (*see* ERT Consent Decree ¶ 55) ; and

WHEREAS, the Governments entered into the ERT Consent Decree and the Trust Agreement in significant reliance on the availability of the Cushion Funding Account for any of the Properties (*see* ERT Consent Decree ¶ 55); and

WHEREAS, the States of Delaware, Illinois, Indiana, Michigan, Missouri, and New York, and the St. Regis Mohawk Tribe (the "Potential Movant Parties"), contend that, as a result of the severity and magnitude of unanticipated site conditions and costs at the RACER Trust's Massena Property, the Cushion Funding Account may now be insufficiently funded to fulfill its portfolio-wide function, constituting changed circumstances that justify modification of the ERT Consent Decree pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure and/or Rule 60 of the Federal Rules of Civil Procedure and *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992), and that the Court should modify the ERT Consent Decree to achieve its purposes by permitting administrative funding, in the Administrative Funding Reserve Account, to be used, if needed, for funding of unforeseen costs for Environmental Actions at the Properties; and

WHEREAS, Potential Movant Parties have expressed an intention to move for a modification of the ERT Consent Decree pursuant to, among other provisions, Rules 9024 and/or 60 and *Rufo*, based on their contention that changed circumstances justify a modification of the ERT Consent Decree to permit certain administrative funds now in the Administrative Funding Reserve Account to be re-designated or re-purposed as environmental funds so as to ensure that the ERT Consent Decree's purposes of environmental remediation and restoration of Trust properties  will be achieved; and

4

WHEREAS, the Potential Movant Parties may contend in the future that additional site conditions and cost overruns at Properties owned by the RACER Trust are of an unanticipated severity and magnitude such that the Cushion Funding Account, even in combination with the funds contained in the Administrative Funding Reserve Account, will be insufficient to achieve the ERT Consent Decree's purposes, constituting changed circumstances that justify modification of the ERT Consent Decree pursuant to Rules 9024 and/or 60 and *Rufo*, and that the Court should modify the ERT Consent Decree to achieve its purposes by permitting funds contained in the Administrative Funding Account to be used, if needed, to fund unforeseen costs for Environmental Actions at the Properties; and

WHEREAS, the United States believes that it may have valid defenses to the contentions of the Potential Movant Parties, including that the ERT Consent Decree was negotiated and designed to provide specific protections to cover possible overruns in environmental response costs, and that the potential movants may not be able to meet the standards required for relief under Rules 9024 and/or 60 and *Rufo* under circumstances where the parties already attempted to address the possibility of unforeseen environmental conditions; and

WHEREAS, all parties to the ERT Consent Decree that are still in existence recognize and acknowledge that any application to modify the ERT Consent Decree would entail significant litigation risks and that the outcome of the dispute cannot be predicted and that therefore this dispute could undermine predictability and common understandings that are critical to the successful management of the RACER Trust and achievement of its purposes; and

WHEREAS, all parties to the ERT Consent Decree that are still in existence wish to resolve any and all past, present, or future disputes about the use of administrative funding for environmental funding through the implementation of a limited modification of the ERT Consent Decree; and

WHEREAS, all parties to the ERT Consent Decree that are still in existence wish to resolve any and all past, present, or future disputes about the propriety of a modification, under Rules 9024 and/or 60 and *Rufo,* at this or any future time, to allow any administrative funding to be used for any Environmental Action at the Properties as described in paragraph 4 below.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED that:

1. Notwithstanding any provision of the ERT Consent Decree and the orders approving it, the RACER Trust is hereby authorized to maintain all funds in its Administrative Funding Reserve Account as of March 31, 2015, and to not return those funds upon that date to the United States Department of the Treasury pursuant to Paragraph 53 of the ERT Consent Decree (as modified by the Extension Stipulation), and any funds contained in the Administrative Funding Reserve Account (including any future appreciation or interest) shall be available only to fund Cushion Funding Account requests that have been approved pursuant to the procedures and criteria specified in the ERT Consent Decree, and solely to the extent that funds available in the Cushion Funding Account have been expended and/or are not sufficient to pay for an authorized Cushion Funding Account request. The RACER Trust must expend all funds contained in the Cushion Funding Account before expending any funds contained in the Administrative Funding Reserve Account to fund any Environmental Action in full or in part.

2.  If some or all of the funds contained in the Administrative Reserve Funding Account have not been expended by March 31, 2030 any funds remaining in the Administrative Reserve Funding Account at that time shall be returned to the United States Treasury and not to the Hazardous Substances Superfund or to any other Party or for any other purpose.

3.  Any request for the use of funds contained in the Administrative Funding Reserve Account to pay in whole or in part for any Environmental Action is to be considered and decided in accordance with paragraphs 55-59 of the ERT Consent Decree.

4.  In consideration of having funds contained in the Administrative Funding Reserve Account made available if necessary and if approved as set forth in the ERT Consent Decree to fund future Cushion Funding Account requests in the event the Cushion Funding Account is insufficient to cover the costs of any such application, and in consideration of the existence and compromise of defenses to the contemplated Rule 9024 and Rule 60 motions, all signatories hereto waive and release the following past, present and future claims, causes of action, and contentions, including but not limited to motions or claims pursuant to Rule 9024, Rule 60, or *Rufo,* whether based on information currently known, unknown or information discovered in the future (including, but not limited to, unanticipated cost overruns or site conditions), asserting: (a) that any monies in the Administrative Funding Account, or monies required to be placed into that account pursuant to Paragraphs 66-67 of the ERT Consent Decree, should be used to fund Environmental Actions, (b) that monies in the Administrative Funding Account, or monies required to be placed into that account pursuant to Paragraphs 66-67 of the ERT Consent Decree, should not be paid to the U.S. Treasury and EDC in accordance with the provisions of Paragraphs 54 of the ERT Consent Decree, and (c) that the terms of this

Stipulation should be modified to preclude or delay the repayment of monies in the

Administrative Funding Reserve Account to the U.S. Treasury as provided in this

Stipulation.  The parties further acknowledge and agree that they are accepting this

Stipulation and Order as a compromise of matters resolved herein including disputed

issues of law and fact.

5. Nothing herein shall preclude the use of the Superfund or similar governmental funds

   administered by federal or state governments for response actions at the Properties.

6.  All other provisions of the ERT Consent Decree shall remain in full force and effect.

7. This stipulation is expressly conditioned on approval by the United States Bankruptcy

   Court for the Southern District of New York, and if not so approved shall be null and void,

   with no force or effect.

8. This stipulation may be signed in counterparts.

9. This stipulation does not otherwise change or alter in any respect the terms and conditions

   of the ERT Consent Decree.

[Remainder of this page is intentionally left blank]

THE UNDERSIGNED PARTIES ENTER INTO THIS SETTLEMENT AGREEMENT

**FOR THE UNITED STATES**

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources
    Division
U.S. Department of Justice

Date: 3/18/15

ALAN S. TENENBAUM
National Bankruptcy Coordinator
PATRICK CASEY
Senior Counsel
Environment and Natural Resources Division
Environmental Enforcement Section
U.S. Department of Justice

Date: 3/18/15

PREET BHARARA
United States Attorney
Southern District of New York
By: David S. Jones
Assistant U.S. Attorney

Date: 3/19/2015

CYNTHIA GILES
Assistant Administrator
Office of Enforcement and Compliance
Assurance
U.S. Environmental Protection Agency

9

THE UNDERSIGNED PARTIES ENTER INTO THIS SETTLEMENT AGREEMENT

## FOR THE UNITED STATES

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources
    Division
U.S. Department of Justice

PREET BHARARA
United States Attorney
Southern District of New York
By:  David S. Jones
Assistant U.S. Attorney

Date: _____

Date: _____

ALAN S. TENENBAUM
National Bankruptcy Coordinator
PATRICK CASEY
Senior Counsel
Environment and Natural Resources Division
Environmental Enforcement Section
U.S. Department of Justice

Date: _____

CYNTHIA GILES
Assistant Administrator
Office of Enforcement and Compliance
Assurance
U.S. Environmental Protection Agency

Date: ___3/13/15___

**FOR THE ENVIRONMENTAL RESPONSE TRUST ADMINISTRATIVE TRUSTEE**

By:    EPLET, LLC in its Representative Capacity
as the Environmental Response
Administrative Trustee of The
Environmental Response Trust

Date: _3-17-15_    By:    s/ _(signature)_

ELLIOTT P. LAWS, not individually, but
acting solely in his capacity as Managing
Member

10

**FOR THE STATE OF DELAWARE**

Date: 3/24/15

_s/ David S. Small_

David S. Small, Secretary
Delaware Department of Natural Resources
and Environmental Control


Date:  March 23, 2015

_s/Robert F. Phillips_

Robert F. Phillips
Deputy Attorney General
Delaware Department of Justice

11

# FOR THE STATE OF ILLINOIS AND THE ILLINOIS ENVIRONMENTAL PROTECTION AGENCY

FOR THE STATE OF ILLINOIS
LISA MADIGAN, Attorney General of the State of Illinois

MATTHEW J. DUNN, Chief
Environmental Enforcement/Asbestos Litigation Division

Date: 3/13/15

ELIZABETH WALLACE, Chief
Assistant Attorney General
Environmental Bureau
69 West Washington Street, Suite 1800
Chicago, IL   60602

FOR THE ILLINOIS ENVIRONMENTAL PROTECTION
AGENCY

LISA BONNETT, Director
Illinois Environmental Protection Agency

Date: 3/10/15

JOHN J. KIM
Chief Legal Counsel
1021 North Grand Avenue East
P.O. Box 19276
Springfield, IL 62794-9276

12

# FOR THE STATE OF INDIANA

Indiana Department of
Environmental Management

By:   s/ _____
Thomas W. Easterly
Commissioner


By:   s/ Bruce H Palin
Bruce H Palin,
Assistant Commissioner
Office of Land Quality
Ind. Dept. of Environmental Mgmt
100 North Senate Avenue

MC 50-01, ICGN 1301
Indianapolis, IN 46204


Date: 3/6/2015

Gregory F. Zoeller,
Attorney General of Indiana
Atty. No. 1958-98

By:   s/ _____
Patricia Orloff Erdmann
Chief Counsel for Litigation
Atty. No. 17664-49A

By:   s/ _____
Timothy J. Junk
Deputy Attorney General
Atty. No. 5587-02
Office of the Attorney General
Indiana Government Center South, Fifth
Floor
302 West Washington Street
Indianapolis, IN 46204


Date: 3/13/2015

13

# FOR THE STATE OF KANSAS

Date: 3/13/15                By: _____
                            Susan Mosier, M.D.
                            Acting Secretary
                            Kansas Department of
                            Health and Environment


                            Derek Schmidt
                            Attorney General of Kansas

Date: 3/16/15                By: _____
                            Jeffrey A. Chanay
                            Chief Deputy Attorney General
                            Kansas Bar Number 12056

## FOR THE STATE OF MICHIGAN

Date: 3/16/15

s/ _____

Bill Schuette
Attorney General

By:   Celeste R. Gill (P52484)
      Assistant Attorney General
      Environment, Natural Resources and
      Agriculture Division
      6th Floor, G. Mennen Williams Building
      525 West Ottawa Street
      P.O. Box 30755
      Lansing, MI 48909
      Tel.: (517) 373-7540
      Fax: (517) 373-1610
      gillc1@michigan.gov
      Attorneys for the Michigan Department of
      Environmental Quality

## FOR THE STATE OF MISSOURI

Date: 3/16/15

**CHRIS KOSTER**
Attorney General for the State of Missouri

s/
JOHN K. McMANUS
Chief Counsel
Agriculture and Environment Division
P.O. Box 899
Jefferson City, Missouri 65102
Tel.: (573) 751-8370
Fax: (573) 751-8796
Email: jack.mcmanus@ago.mo.gov

Date: 3/16/15

s/
for Leanne Tippett Mosby
Director
Division of Environmental Quality
Missouri Department of Natural Resources
P.O. Box 176
Jefferson City, Missouri 65102

16

**FOR THE STATE OF NEW JERSEY**

Date: March 16, 2015

s/ _____

JOHN J. HOFFMAN
Acting Attorney General for
the State of New Jersey

By:    John F. Dickinson, Jr.
       Deputy Attorney General
       Richard J. Hughes Justice Complex
       25 Market Street
       P.O. Box 093
       Trenton, New Jersey  08625-0093
       Tel.:  (609) 984-4863
       Fax:  (609) 984-9315

## FOR THE STATE OF NEW YORK

ERIC T. SCHNEIDERMAN
Attorney General

Date: *March 16, 2015*   By: *Maureen F. Leary*

Maureen F. Leary
Assistant Attorney General
Chief, Toxics Section
New York State Department of Law
Environmental Protection Bureau
The Capitol
Albany, New York 12224-0341
Tel.:  (518) 474-7154
Fax:  (518) 473-2534
maureen.leary@ag.ny.gov

18

## FOR THE STATE OF OHIO

Date: _3/19/15_

**MICHAEL DEWINE**
**OHIO ATTORNEY GENERAL**

By: _____

Michael E. Idzkowski (OH Reg. #0062839)
Assistant Attorney General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, OH 43215
(614) 466-2766
(614) 644-1926 (Fax)
Michael.Idzkowski@OhioAttorneyGeneral.gov

*Attorney for State of Ohio, Ohio Environmental Protection Agency*

19

## FOR THE COMMONWEALTH OF VIRGINIA

Date: 3·16·15                    By: _____

Mark R. Herring
Attorney General of Virginia

John W. Daniel, II
Deputy Attorney General

Lynne C. Rhode
Senior Assistant Attorney General

David C. Grandis
Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 225-2741  (telephone)
(804) 786-2650  (fax)
dgrandis@oag.state.va.us

FOR THE STATE OF WISCONSIN

CATHY L. STEPP
Secretary

Date: _2/23/15_

Michael L. Bruhn
Assistant Deputy Secretary
Wisconsin Department of Natural Resources

Approved as to form:

BRAD D. SCHIMEL
Attorney General

Date: _02/24/15_

F. MARK BROMLEY
Assistant Attorney General
State Bar # 1018353
Attorneys for the State of Wisconsin

16

## FOR THE LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY

Date: 3-3-15

D. Chance McNeely
Assistant Secretary
Office of Environmental Compliance
Louisiana Department of Environmental Quality
P.O. Box 4312 (70821-4312)
602 N. 5th Street
Baton Rouge, LA 70802

## FOR THE MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION

MASSACHUSETTS DEPARTMENT OF
ENVIRONMENTAL PROTECTION
By its attorney,

MAURA HEALEY,
ATTORNEY GENERAL

Date: 3/16/15

By: _____
Carol Iancu, MA BBO # 635626
Assistant Attorney General
Environmental Protection Division
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 963-2428
carol.iancu@state.ma.us

23

**FOR THE DEPARTMENT OF ENVIRONMENTAL PROTECTION OF
THE COMMONWEALTH OF PENNSYLVANIA**

Date: _February 27, 2015_          s/ _Dennis A. Whitaker_

Dennis A. Whitaker
Chief Counsel
Office of Chief Counsel
Rachel Carson State Office Building
400 Market Street
Harrisburg, Pennsylvania  17101-2301

24

**FOR THE SAINT REGIS MOHAWK TRIBE**

Date: _03/17/15_

McNAMEE, LOCHNER, TITUS
    & WILLIAMS, P.C.
John J. Privitera, Esq.
Jacob F. Lamme, Esq.
677 Broadway
Albany, New York  12207
Tel.: (518) 447-3200
Fax:  (518) 426-4260

25