# Exhibit A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF BAY

---

BENJAMIN W. PILLARS,
as Personal Representative of the Estate of
KATHLEEN ANN PILLARS, deceased,

     Plaintiffs,

v.

GENERAL MOTORS LLC,

     Defendant.

_____/

Case No. 15-3159    -NP ℧

HON.    JOSEPH K. SHEERAN
          P# 28575



THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR.  (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan  48602
(989) 752-1414

_____/

There is no other pending or resolve civil action arising out
of the same transaction or occurrence previously filed or alleged in the Complaint.

## COMPLAINT, DEMAND FOR JURY TRIAL
## AND DEMAND FOR PRETRIAL

NOW COMES, the above-entitled Plaintiff, BENJAMIN W. PILLARS, as

personal representative of the estate of KATHLEEN ANN PILLARS, deceased, by and

through his attorneys, THE MASTROMARCO FIRM, by VICTOR J.

MASTROMARCO, JR., and hereby complains against the Defendant, stating more fully

as follows:

## COMMON ALLEGATIONS

1.  That at all times material hereto, the Plaintiff, BENJAMIN W. PILLARS, is a resident of the County of Bay, State of Michigan.

2.  At all times material hereto, the Defendant GENERAL MOTORS LLC, was a Delaware Corporation with its headquarters and principal place of business being located in the State of Michigan and doing business in Bay County, State of Michigan.

3.  Upon information and belief, General Motors LLC is the successor to the General Motors Corporation and/or General Motors Company, hereinafter referred to jointly as "Defendant".

4.  Plaintiff's cause of action arises from an automobile accident on November 23, 2005, which took place in the County of Arenac, State of Michigan involving a defective GM vehicle, 2004 Pontiac Grand Am, driven by the decedent, KATHLEEN ANN PILLARS.

5.  On the day of the accident, November 23, 2005, the decedent had gone to Whittemore-Prescott for a blood drive.

6.  The decedent was driving southbound on US-23 near AuGres and the intersection of M-65 at the time of the accident.

7.  Upon information and belief, the decedent lost control of her vehicle when the defective ignition switch in her vehicle went to the off position while the vehicle was being used by the decedent.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

8.  The evidence supporting the ignition being off at the time of the event can be largely focused on the SDM not recording a new event at the time of the crash. This is notwithstanding the fact that the event did reach the recording threshold, the electrical system was intact, with the only remaining reason that a new recording would not have been made, is that the ignition switch was off at the time.  Photos taken of the inside of the vehicle also show the keys in the off position.

9.  At the time and as a direct result of the above-mentioned accident, the decedent became incapacitated and was in a coma until the time of her untimely death on March 24, 2012.

10. The Plaintiff is the decedent's widower and the duly appointed personal representative of her estate having received his letter of authority on November 14, 2014.

11. That the amount in controversy exceeds the jurisdictional limits of this court of $25,000.00.

12. That at all times material hereto, the Plaintiff and decedent are free from any negligence in the premises, or wrongdoing.

## COUNT I - PRODUCTS LIABILITY/WRONGFUL DEATH

13. That Plaintiffs hereby incorporate by reference thereto, paragraphs 1 through 12 of their common allegations, word for word and paragraph by paragraph.

14. That at all times material hereto, Defendant set forth into the stream of commerce 2004 Pontiac Grand Am, and, upon information and belief, the General Motors

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

LLC, has accepted and/or is legally responsible for any liability arising from the use of said vehicle attributable to itself, its agents along with the General Motors Corporation and the General Motors Company along with any concealment of liability by itself, its agents and/or by said corporations.

15. That at the time of the sale of said product, certain express and implied warranties of fitness for a particular purpose, and express and implied warranties of merchantability was provided by the Defendant.

16. That specifically, said product was set into the stream of commerce by the Defendant in a defective condition, unreasonably dangerous to the users thereof, and not fit for its intended use and reasonably foreseeable purposes.

17. That in addition the Defendant failed to provide adequate warnings of danger, or instructions for safe use of the vehicle, or provide any type of instruction for its safe use, and in fact specifically omitted any avenues for instruction.

18. That the above acts and/or omissions were, in part, the direct and proximate cause of decedents injuries and death along with the damages suffered by the Plaintiffs.

19. That specifically, the Defendant knew or should have known, that in the exercise of reasonable care, that the product in question was defectively designed, manufactured and/or marketed, to those persons likely to use the product for its intended purpose and in the manner in which it was intended to be used.

20. That furthermore, the Defendant had a duty to warn the ultimate user of the defective design, and had an affirmative duty to provide instructions by the manufacturer on how to utilize the machine in question.

Page 4 of 23

21.   That Defendant breached this duty, thereby proximately causing decedent's injuries and Plaintiffs' damages.

22.   That specifically, but not limited thereto, Defendant did breach MCL 600.2946, et seq., and MCL 600.2947, et seq, and MCL 600.2948, et seq, and MCL 600.2949(a), et seq, and any and all further applicable provisions of what is known as the Michigan "Product Liability Act" in one or more of the following ways:

a.   In setting the decedent's 2004 Pontiac Grand Am into the stream of commerce in a condition which was not reasonably safe at the time the vehicle left the control of the Defendant:

b.   In setting said product into the stream of commerce when they were on notice of the fact that said vehicle had a defective ignition system which could result in automobile accidents and that there was substantial likelihood that the defect would cause the injury and eventual death that is the basis of the present action, and knowing said information, Defendant willfully disregarded that knowledge;

c.   In failing to provide adequate warning of the defective ignition system, which in fact caused the Plaintiff's severe injuries, her incapacitation, and eventual death;

d.   That Defendant herein, independently failed to exercise reasonable care, including breaching warranties of implied fitness for particular purpose and merchantability with respect to the product and that failure was a proximate cause of the decedent's injuries and eventual death;

Page 5 of 23

e.   That in fact the Defendant did make express warranties as to said product, and their failure to comply and conform to the warranty was a proximate cause of Plaintiff's injuries and eventual death;

f.   If failing to provide adequate warnings or instructions, when Defendant knew or should have known about the risk of harm when there was scientific, technical and medical information reasonably available at the time the 2004 Pontiac Grand Am left the control of the Defendant;

g.   In failing to use reasonable care in relation to the product after the product had left Defendant's control;

h.   That in point of fact, the Defendant did have actual knowledge that the product was defective and that there was substantial likelihood that the defects in said product would cause the injury that is the basis of this action, and the Defendant willfully disregarded that knowledge in the manufacture and distribution of the product.

23.   That Defendant as noted above were negligent, and also breached express and implied warranties that the 2004 Pontiac Grand Am at issue in this case, and their representation that the component parts thereof, were not defective, were not unreasonably dangerous, had been designed, manufactured and constructed and assembled in a good and workmanlike manner, and that same were reasonably fit, safe and suitable for its intended use, and for the particular purpose that decedent intended for said 2004 Pontiac Grand Am's use.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

24.   That Defendant did breach such warranties in that said product was defective, and the product had been designed and constructed in a defective manner, and the product was not manufactured and constructed in a good and workmanlike manner, and was not fit for the purposes for which it was intended, and said product was unreasonably dangerous, and said product was defective for the uses and purposes for which it was designed, manufactured, constructed, sold and delivered, and decedent's injuries were proximately caused by Defendant's breach of these warranties.

25.   That said damages exceed TWENTY-FIVE THOUSAND DOLLARS ($25,000.00).

26.   That furthermore, Defendant's actions were reckless, and in reckless disregard for decedent's safety and/or well-being, and as such, Defendant's actions constituted gross negligence, since Defendant had, at the time of distribution, actual knowledge that this product was defective and that there was substantial likelihood that the defects within the product would cause the injury that is the basis of this action, i.e., serious injuries and death, and the Defendants willfully disregarded that knowledge in the manufacture and distribution of the product.

27.   That as such, Plaintiff is entitled to the full measure of economic and noneconomic loss along with all other available relief and damages.

WHEREFORE, the Plaintiff hereby requests all available damages and relief that the Court deems fair and equitable including, but not limited to, reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable

compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.

## COUNT II - NEGLIGENCE and GROSS NEGLIGENCE/WRONGFUL DEATH

28.    That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of his common allegations and paragraphs 13 through 27 of Count I, word for word and paragraph by paragraph.

29.    That Defendant was negligent and/or grossly negligent in making false representations to the decedent as to the safety of the 2004 Pontiac Grand Am, in failing to perform a safety inspection, in failing to properly prepare the vehicle for sale, and failing to provide safety training to the decedent.

30.    That the decedent was injured and eventually killed as a result of the negligence and/or gross negligence described above.

31.    That the negligence and/or gross negligence was the proximate cause of decedent's injuries and eventual death.

32.    That Defendant allowed the 2004 Pontiac Grand Am to leave its control although it was not reasonably safe, not safety inspected, and expressed false representations to the decedent regarding the safety of the vehicle.

33.    That Defendant breached its duty of care owed to the decedent.

34.    That Plaintiff has sustained damages as a result of Defendant's wrongful actions, and is entitled to all available damages and relief.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

WHEREFORE, the Plaintiff hereby requests all available damages and relief that the Court deems fair and equitable including, but not limited to, reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.

### COUNT III - MISREPRESENTATION/WRONGFUL DEATH

35.    That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of his common allegations, paragraphs 13 through 27 of Count I and paragraphs 28 through 34 of Count II word for word and paragraph by paragraph.

36.    That Defendant made material false representations as to the safety of the 2004 Pontiac Grand Am at issue.

37.    Specifically, the Defendant represented that its vehicles, which would include the decedents, were safe leading up to decedent's purchase of the 2004 Pontiac Grand Am and even after said purchase.

38.    As an example, the Defendant, in a 2005 statement, insisted that the ignition system issue was not a problem and was not a safety issue because the vehicle, according to Defendant, was still controllable and Defendant insisted that the engine can be restarted after shifting to neutral. It was also claimed by Defendant that the ignition issue was widespread because practically any vehicle can have power to a running engine cut off by inadvertently bumping the ignition.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

39.   That the statements made by the Defendant were false.

40.   That when Defendant made the representations, they were made knowing they
      were false (or in the alternative made recklessly without any knowledge of its truth
      and as a positive assertion).

41.   That Defendant made the representations with the intention that it should be acted
      upon by the decedent and decedent acted in reliance upon it, i.e., she purchased
      and utilized the 2004 Pontiac Grand Am.

42.   That the decedent suffered injury thereby and eventually death.

43.   That Plaintiff has sustained damages as a result of Defendant's wrongful actions,
      and is entitled to all available damages and relief.

      WHEREFORE, the Plaintiff hereby requests all available damages and relief that
the Court deems fair and equitable including, but not limited to, reasonable medical,
hospital, funeral, and burial expenses for which the estate is liable; reasonable
compensation for the pain and suffering, while conscious, undergone by the deceased
during the period intervening between the time of the injury and death; and damages for
the loss of financial support and the loss of the society and companionship of the
deceased.

## COUNT IV –
## MICHIGAN CONSUMER PROTECTION ACT/WRONGFUL DEATH

44.   That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of
      his common allegations, paragraphs 13 through 27 of Count I, paragraphs 28

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

through 34 of Count II, and paragraphs 35 through 43 of Count III word for word and paragraph by paragraph.

45.   Defendant breached a duty owed to the decedent by engaging in unfair, unconscionable, and deceptive methods, acts, and practices in the conduct of trade or commerce with regards to the sale of its vehicles including the vehicle owned by the decedent.

46.   As an example, Defendant knowingly and failed to reveal the defective nature of decedent's vehicle of which constitutes a material fact, the omission of which tended to mislead or deceive the decedent, and which fact could not have reasonably been known by the decedent.

47.   That Plaintiff has sustained damages as a result of Defendant's wrongful actions, and is entitled to all available damages and relief.

WHEREFORE, the Plaintiff hereby requests all available damages and relief that the Court deems fair and equitable including, but not limited to, reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased. The Plaintiff further requests his attorney fees and costs as authorized by statute.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

## COUNT V – BREACH OF CONTRACT

48. That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of his common allegations, paragraphs 13 through 27 of Count I, paragraphs 28 through 34 of Count II, paragraphs 35 through 43 of Count III, and paragraphs 44 through 47 of Count IV word for word and paragraph by paragraph.

49. That Defendant created an entity called the "GM Ignition Compensation Claims Resolution Facility."

50. The entity's stated purpose is:

> **General Motors LLC ("GM") issued safety recalls identifying a defect in the ignition switch of certain vehicles in which the ignition switch may unintentionally move from the "run" position to the "accessory" or "off" position ("the Ignition Switch Defect").** This Protocol outlines the eligibility and process requirements for individual claimants to submit and settle claims alleging that the Ignition Switch Defect caused a death or physical injury in an automobile accident.

51. In June of 2014 Plaintiff received a recall notice from Defendant that the 2004 Grand Am that was involved in the wrongful death accident referenced herein had a defect in the ignition switch as described in the above recall notice.

52. Plaintiff submitted his claim to the GM Ignition Compensation Claims Resolution Facility on or about December 17, 2014.

53. Defendant General Motors LLC through its agent wrongfully denied the claim stating that the vehicle was not eligible notwithstanding the fact that it comes within the definition of eligible vehicle as defined in the stated purpose.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

54.     Plaintiff by submitting its claim and Defendant by accepting the claim initially entered into an agreement that the claim first be resolved pursuant to the terms of the aforementioned "Final Protocol".

55.     Defendant breached its agreement with Plaintiff by refusing to consider the claim.

56.     Plaintiff requests this Court to order Defendant to accept the claim and make a determination pursuant to the terms thereof and award such other relief and damages as provided by Michigan law.

57.     That Plaintiff has sustained damages as a result of Defendant's wrongful actions, and is entitled to all available damages and relief.

WHEREFORE, the Plaintiff also requests all available damages and relief that the Court deems fair and equitable including, but not limited to, reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.

## COUNT VI – PROMISSORY ESTOPPEL

58.     That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of his common allegations, paragraphs 13 through 27 of Count I, paragraphs 28 through 34 of Count II, paragraphs 35 through 40 of Count III, paragraphs 44 through 47 of Count IV and paragraphs 48 through 57 of Count V word for word and paragraph by paragraph.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

59. That Defendant created an entity called the "GM Ignition Compensation Claims Resolution Facility."

60. The entity's stated purpose is:

> General Motors LLC ("GM") issued safety recalls identifying a defect in the ignition switch of certain vehicles in which the ignition switch may unintentionally move from the "run" position to the "accessory" or "off" position ("the Ignition Switch Defect"). This Protocol outlines the eligibility and process requirements for individual claimants to submit and settle claims alleging that the Ignition Switch Defect caused a death or physical injury in an automobile accident.

61. In June of 2014 Plaintiff received a recall notice from Defendant that the 2004 Grand Am that was involved in the wrongful death accident referenced herein had a defect in the ignition switch as described in the above recall notice.

62. Plaintiff submitted his claim to the GM Ignition Compensation Claims Resolution Facility on or about December 17, 2014.

63. Defendant General Motors LLC through its agent wrongfully denied the claim stating that the vehicle was not eligible notwithstanding the fact that it comes within the definition of eligible vehicle as defined in the stated purpose.

64. Plaintiff by submitting its claim and Defendant by accepting the claim initially entered into an agreement that the claim first be resolved pursuant to the terms of the aforementioned "Final Protocol".

65. The Defendant, through its agents, made a clear and definite promise that Plaintiff would be afforded the program through the "GM Ignition Compensation Claims Resolution Facility."

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

66.    When the promise was made, the defendant knew or should reasonably have expected that this promise would induce the plaintiff to refrain from filing suit, and, indeed, the Plaintiff refrained from bringing suit due to the promise by Defendant to afford Plaintiff with the benefits of the program.

67.    The Plaintiff has been damaged as a result of Defendant's promise, since the Plaintiff refrained from bringing suit and will now, in part, experience damages necessitated by the delay in filing a lawsuit.

68.    Plaintiff requests this Court to order Defendant to accept the claim and make a determination pursuant to the terms thereof and award such other relief and damages as provided by Michigan law.

69.    That Plaintiff has sustained damages as a result of Defendant's wrongful actions, and is entitled to all available damages and relief.

WHEREFORE, the Plaintiff also requests all available damages and relief that the Court deems fair and equitable including, but not limited to, reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.

## COUNT VII – FRAUD/WRONGFUL DEATH

70.    That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of his common allegations, paragraphs 13 through 27 of Count I, paragraphs 28 through 34 of Count II, paragraphs 35 through 43 of Count III, paragraphs 44

Page 15 of 23

through 47 of Count IV, paragraphs 48 through 57 of Count V, and paragraphs 58

through 69 of Count VI word for word and paragraph by paragraph.

71.    That Defendant made material false representations as to the safety of the 2004

Pontiac Grand Am at issue leading up to decedent's purchase of the

72.    Specifically, the Defendant represented that its vehicles, which would include the

decedents, were safe leading up to decedent's purchase of the 2004 Pontiac Grand

Am and even after said purchase.

73.    As an example, the Defendant, in a 2005 statement, insisted that the ignition

system issue was not a problem and was not a safety issue because the vehicle,

according to Defendant, was still controllable and Defendant insisted that the

engine can be restarted after shifting to neutral. It was also claimed by Defendant

that the ignition issue was widespread because practically any vehicle can have

power to a running engine cut off by inadvertently bumping the ignition.

74.    That the statements made by the Defendant were false.

75.    That Defendant made the representations, knowing that the statements were false.

76.    That Defendant made the representations with the intention that it should be acted

upon by the decedent and decedent acted in reliance upon it, i.e., she purchased

and utilized the 2004 Pontiac Grand Am.

77.    That the decedent suffered injury thereby and eventually death.

78.    That Plaintiff has sustained damages as a result of Defendant's wrongful actions,

and is entitled to all available damages and relief.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

WHEREFORE, the Plaintiff hereby requests all available damages and relief that the Court deems fair and equitable including, but not limited to, reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.

## COUNT VIII - FRAUDULENT CONCEALMENT

79.    That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of his common allegations, paragraphs 13 through 27 of Count I, paragraphs 28 through 34 of Count II, paragraphs 35 through 43 of Count III, paragraphs 44 through 47 of Count IV, paragraphs 48 through 57 of Count V, paragraphs 58 through 69 of Count VI and paragraphs 70 through 78 of Count VII word for word and paragraph by paragraph.

80.    While Defendant has publicly acknowledged the existence of a defective ignition switch in over a million of its vehicles in various press releases and before various public forums, Defendant has actively concealed the fact that the vehicle operated by the decedent had the same defect until the recall notice even though that fact was known by Defendant.

81.    As an example, the Defendant, in a 2005 statement, insisted that the ignition system issue was not a problem and was not a safety issue because the vehicle, according to Defendant, was still controllable and Defendant insisted that the

engine can be restarted after shifting to neutral. It was also claimed by Defendant that the ignition issue was widespread because practically any vehicle can have power to a running engine cut off by inadvertently bumping the ignition.

82.    Defendant also created the GM Ignition Compensation Claims Resolution Facility for the purported purpose of providing compensation to all the individuals affected by the defective ignitions contained within its various vehicles, but did not include decedent's vehicle within its claims resolution facility even though decedent's vehicle has the same ignition system.

83.    Upon information and belief, Defendant has known of the Ignition Switch Defect in the vehicles since at least 2001, and certainly well before decedent purchased the defective vehicle, and has concealed from or failed to notify the decedent, the Plaintiff, and the public of the full and complete nature of the Ignitions Switch Defect.

84.    Although Defendant acknowledged in a recall dated August 12, 2014, that the defect existed with decedent's vehicle, Defendant did not fully disclose the Ignition Switch Defect and in fact downplayed the widespread prevalence of the problem, and minimized the risk of the defect occurring during normal operation of decedent's vehicle as well as other vehicles.

85.    In 2005, Defendant issued a Technical Service Bulletin to dealers and service technicians directing that customers be advised to "remove unessential items from their key chains" to avoid inadvertent ignition switching, but did not identify or disclose the Defect. In February 2014, Defendant instituted only a limited recall,

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

only identifying two of the several models with the Ignition Switch Defect. Likewise, the later recall expanded to include five additional model years and makes does not fully disclose all the vehicles affected by the Ignition Switch Defect.

86. Any applicable statute of limitation has therefore been tolled by Defendant's knowledge, active concealment, and denial of the facts alleged herein, which behavior is ongoing.

87. That Plaintiff has sustained damages as a result of Defendant's wrongful actions, and is entitled to all available damages and relief.

WHEREFORE, the Plaintiff hereby requests all available damages and relief that the Court deems fair and equitable including, but not limited to, reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.

## COUNT IX - ESTOPPEL

88. That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of his common allegations, paragraphs 13 through 27 of Count I, paragraphs 28 through 34 of Count II, paragraphs 35 through 43 of Count III, paragraphs 44 through 47 of Count IV, paragraphs 48 through 57 of Count V, paragraphs 58

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

through 69 of Count VI, paragraphs 70 through 78 of Count VII and paragraphs 79

through 87 of Count VIII word for word and paragraph by paragraph.

89.    Defendant was and is under a continuous duty to disclose to the decedent and to

the Plaintiff the true character, quality, and nature of the vehicles. Defendant

actively concealed the true character, quality, and nature of the vehicles and

knowingly made misrepresentations about the quality, reliability, characteristics,

and performance of the vehicles. The decedent and Plaintiff reasonably relied

upon Defendant's knowing and affirmative misrepresentations and/or active

concealment of these facts. Based on the foregoing, Defendant is estopped from

relying on any statutes of limitation in defense of this action.

## COUNT X – DISCOVERY RULE

90.    That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of

his common allegations, paragraphs 13 through 27 of Count I, paragraphs 28

through 34 of Count II, paragraphs 35 through 43 of Count III, paragraphs 44

through 47 of Count IV, paragraphs 48 through 57 of Count V, paragraphs 58

through 69 of Count VI, paragraphs 70 through 78 of Count VII, paragraphs 79

through 87 of Count VIII and paragraphs 88 through 89 of Count IX word for

word and paragraph by paragraph.

91.    The causes of action alleged herein did not accrue until Plaintiff discovered that

decedent's vehicle had the Ignition Switch Defect.

92.    However, Plaintiff had no realistic ability to discern that decedent's vehicle was

defective until—at the earliest—after the Ignition Switch Defect caused a sudden

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

unintended ignition shut off. Even then, Plaintiff had no reason to know the sudden loss of power was caused by a defect in the ignition switch because of General Motor's active concealment of the Ignition Switch Defect.

93.    Not only did Defendant fail to notify the decedent and Plaintiff about Ignition Switch Defect, Defendant in fact denied any knowledge of or responsibility for the Ignition Switch Defect by virtue of the misrepresentations regarding the scope of the defect even after the accident at issue in this Complaint.

WHEREFORE, the Plaintiff prays for judgment against the Defendant in whatever amount in excess of this Court's jurisdictional limit that he is found to be entitled by a jury, together with any attorney fees that are allowable, and any and all economic and non-economic damages that Plaintiff has proven to have incurred as well as all other available relief and damages which are authorized by common law, court rule and/or statute.

Respectfully submitted

THE MASTROMARCO FIRM

Dated: March 23, 2015        By:

VICTOR J. MASTROMARCO, JR. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

## DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, BENJAMIN W. PILLARS, individually and as personal

representative of the estate of KATHLEEN ANN PILLARS, and hereby demands Trial

by Jury of all issues in this cause unless expressly waived.

Respectfully submitted

THE MASTROMARCO FIRM

Dated: March 23, 2015          By: _____
VICTOR J. MASTROMARCO, JR. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

Page 22 of 23

## DEMAND FOR PRE-TRIAL CONFERENCE

NOW COME the Plaintiff, BENJAMIN W. PILLARS, individually and as personal representative of the estate of KATHLEEN ANN PILLARS, and hereby demands a Pre-Trial Conference pursuant to the Michigan Court Rules.

Respectfully submitted

THE MASTROMARCO FIRM

Dated: March 23, 2015        By: _____
VICTOR J. MASTROMARCO, JR. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan  48602
(989) 752-1414