HEARING DATE:  May 7, 2015 at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE:  April 20, 2015
REPLY DEADLINE: April 27, 2015

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222
Arthur Steinberg, Esq.
Scott Davidson, Esq.

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Counsel to General Motors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **Case No.: 09-50026 (REG)** |
| f/k/a **General Motors Corp.,** *et al.* | : | |
| | : | **(Jointly Administered)** |
| **Debtors.** | : | |

--------------------------------------------------------------x

**OBJECTION BY GENERAL MOTORS LLC TO PLAINTIFFS'**
**FIRST AMENDED RULE 60(b)(6) MOTION FOR RELIEF FROM**
**AUGUST 9, 2010 STIPULATION AND SETTLEMENT RESOLVING CLAIM**
**NO. [44614], OR ALTERNATIVELY, RULE 60(d) MOTION TO SET ASIDE**

## <u>TABLE OF CONTENTS</u>

**INTRODUCTION**...................................................................................................... 1

**BACKGROUND** ....................................................................................................... 5

   A.  The Sale Of Assets To New GM ........................................................................5

   B.  The Pre-Petition Phillips Lawsuit Against Old GM ...........................................6

   C.  Phillips Was Provided Direct Mail Notice Of The 363 Sale, And Filed A
       Timely Proof Of Claim That Was Settled And Allowed Against Old GM ........7

   D.  The Pre-Closing Accident Motion To Enforce And The Phillips 2014
       Lawsuit..............................................................................................................9

**OBJECTION** .......................................................................................................... 10

   A.  Phillips' Claims Are Barred By The Sale Order And Injunction .....................10

   B.  Phillips Is Bound By The Settlement Agreement ............................................11

      1.  Phillips Released All Claims Related To The Accident, Including
          Unknown Claims and Successor Liability Claims.......................................11

      2.  Phillips Lacks Standing To Seek Relief From The Settlement
          Agreement...................................................................................................12

      3.  Federal Rule 60(b)(6) Relief Is Unavailable...............................................13

          a.  Phillips' Allegations Of Newly Discovered Evidence, Fraud Or
              Misconduct Cannot Form The Basis For Relief Pursuant To
              Federal Rule 60(b)(6)............................................................................14

          b.  Phillips Has Not Demonstrated Extraordinary Circumstances
              Justifying Relief Pursuant To Federal Rule 60(b)(6)............................15

      4.  Any Relief Requested Pursuant To Federal Rule 60(b)(3) Is Untimely ......17

      5.  Phillips Has Not Satisfied Her Heavy Burden Under Federal
          Rule 60(d) ...................................................................................................17

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alvarado v. Manhattan Worker Career Center,*
    No. 01 Civ. 9288(CBM), 2003 WL 22462032 (S.D.N.Y. Oct. 30, 2003).............................14

*Buffalo Teachers Fed'n v. Tobe,*
    514 F. App'x 57 (2d Cir. 2013) ...........................................................................17

*Calavano v. N.Y.C. Health & Hosps. Corp.,*
    667 N.Y.S.2d 351 (1st Dept. 1998) ......................................................................12

*Compagnie Noga d'Importation et d'Exportation S.A. v. Russian Fed'n,*
    No. 00 Civ. 0632(WHP), 2008 WL 3833257 (S.D.N.Y. Aug. 15, 2008)...............................12

*Gache v. Hill Realty Assocs., LLC,*
    No. 13–CV–1650 (CS), 2014 WL 5048336 (S.D.N.Y. Sept. 22, 2014).................................17

*Gleason v. Jandrucko,*
    860 F.2d 556 (2d Cir. 1988)............................................................................18, 20

*Hadges v. Yonkers Racing Corp.,*
    48 F.3d 1320 (2d Cir. 1995)................................................................................18

*In re Hoti Enters., LP,*
    No. 12-CV-5341 (CS), 2012 WL 6720378 (S.D.N.Y. Dec. 27, 2012)....................................20

*King v. First American Investigations, Inc.,*
    287 F.3d 91 (2d Cir. 2002).................................................................................18

*In re Kreisler,*
    331 B.R. 364 (Bankr. N.D. Ill. 2005) ...................................................................13

*Kupferman v. Consol. Research & Mfg. Corp.,*
    459 F.2d 1072 (2d Cir. 1972)...............................................................................18

*Macondo's Profit Corp. v. Motorola Commc'ns & Elec., Inc.,*
    863 F. Supp. 148 (S.D.N.Y. 1994)........................................................................12

*Mangini v. McClurg,*
    301 N.Y.S.2d 508 (N.Y. 1969) ............................................................................16

*McEachin v. Northland Group, Inc.,*
    No. 12 Civ. 3283(CM), 2012 WL 6582423 (S.D.N.Y. Dec. 14, 2012)....................................12

*Middle E. Banking Co. v. State Street Bank Int'l*,
  821 F.2d 897 (2d Cir. 1987)................................................................................11

*Morgenstein v. Motors Liquidation Company (In re Motors Liquidation Company)*,
  462 B.R. 494 (Bankr. S.D.N.Y. 2012), *aff'd, Morgenstein v. Motors Liquidation Co.*,Order, 12 Civ. 01746 (AJN) (S.D.N.Y., August 9, 2012) [Dkt. No. 21].......................................................................................................19

*In re Motors Liquidation Co.*,
  Case No. 09-50026, 2015 WL 1727285 (Bankr. S.D.N.Y. April 15, 2015)..............2, 6, 18, 20

*Nemaizer v. Baker*,
  793 F.2d 58 (2d Cir. 1986)............................................................................14, 15

*In re Old Carco LLC*,
  423 B.R. 40 (Bankr. S.D.N.Y. 2010), *aff'd*, 2010 WL 3566908 (S.D.N.Y. Sept. 14, 2010), *aff'd, Mauro Motors Inc. v. Old Carco LLC*, 420 F. App'x 89 (2d Cir. 2011).........................................................................................................13

*Powell v. Omnicon*,
  497 F.3d 124 (2d Cir. 2007)...............................................................................12

*Rivera v. Fed. Bureau of Prisons*,
  No. 08 Civ. 5590(SAS), 2013 WL 5052153 (S.D.N.Y. Sept. 12, 2013)................................15

*Serzysko v. Chase Manhattan Bank*,
  461 F.2d 699 ..................................................................................................18

*Space Hunters, Inc. v. U.S.*,
  No. 10 Civ. 6335(CM), 2011 WL 1899627 (S.D.N.Y. May 17, 2011)..................................19

*State Street Bank & Trust, Co. v. Inversions Errazuriz Limitada*,
  374 F.3d 158 (2d Cir. 2004)...............................................................................18

*Trusky v. Gen. Motors LLC (In re Motors Liquidation Co.)*,
  Adv. Proc. No. 09–09803, 2013 WL 620281 (Bankr. S.D.N.Y. Feb. 19, 2013) .....................6

*Transaero, Inc. v. La Fuerza Area Boliviana*,
  24 F.3d 457 (2d Cir.) *on reh'g in part sub nom. Transaero, Inc. v. La Fuerza Aerea Boliviana*, 38 F.3d 648 (2d Cir. 1994) ........................................................18

*U.S. v. Int'l Tel. & Tel. Corp.*,
  349 F. Supp. 22 (D. Conn. 1972), *aff'd mem. sub. nom.*, *Nader v. U.S.*, 410 U.S. 919 (1973)..............................................................................................20

*U.S. v. Mason*,
  477 F. App'x 846 (2d Cir. 2012) .........................................................................14

*Vasquez v. Carey*,
No. 03 Civ. 3905 (RJH), 2010 WL 1140850 (S.D.N.Y. Mar. 24, 2010)................................14

*Vornado Realty Trust v. Marubenmi Sustainable Energy, Inc.*,
987 F. Supp. 2d 267 (E.D.N.Y. 2013) .................................................................................12

*Weese v. Schukman*,
98 F.3d 542 (10th Cir. 1996) ...............................................................................................20

*Whitehead v. City of New York*,
953 F.Supp.2d 367 (E.D.N.Y. 2012) ...................................................................................15

*Wilson v. Johns-Manville Sales Corp.*,
873 F.2d 869 (5th Cir. 1989) ...............................................................................................18

**Statutes**

Fed. R. Bankr. P. 3001(e)(2)...................................................................................................13

Fed. R. Civ. P. 60 ..............................................................................................................17, 20

Fed. R. Civ. P. 60(b) ...........................................................................4, 13, 14, 15, 17, 20

Fed. R. Civ. P. 60(b)(2) ...................................................................................................14, 15

Fed. R. Civ. P. 60(b)(3)......................................................................4, 14, 15, 17, 20

Fed. R. Civ. P. 60(b)(6)...............................................................................................4, 14, 15

Fed. R. Civ. P. 60(d) .......................................................................................................19, 20

Fed. R. Civ. P. 60(d)(3)...........................................................................4, 17, 18, 19, 20

Fed. R. Civ. P. 60(c)(1)...........................................................................................................17

Fed. R. Civ. P. 9(b) .........................................................................................................4, 19

General Motors LLC ("**New GM**"), by its undersigned counsel, hereby submits this objection ("**Objection**") to *Plaintiffs' First Amended Rule 60(b)(6) Motion For Relief From August 9, 2010 Stipulation And Settlement Resolving Claim No. [44614], Or Alternatively, Rule 60(d) Motion To Set Aside*, dated February 23, 2015 ("**Motion**"),[1] filed by Phillips (as defined in the Motion),[2] and, in support thereof, represents as follows:

### INTRODUCTION

1.       The Motion appears to have a two-fold purpose: to set aside the Settlement Agreement so that (i) Phillips can seek an increased claim from the bankruptcy estate of General Motors Corporation (now known as Motors Liquidation Company) ("**Old GM**"), and (ii) Phillips can maintain an action against New GM, unburdened by the Settlement Agreement, in the event the Court rules that the Sale Order and Injunction does not apply to her pre-363 Sale Accident.

2.       The first purpose of the Motion is an Old GM issue, and New GM will generally defer to the Motors Liquidation Company General Unsecured Creditors Trust to demonstrate why Phillips should not be permitted to vacate the Settlement Agreement to seek an increased claim against the Old GM bankruptcy estate.  However, as explained herein, there are glaring reasons why the relief sought by the Motion is improper, procedurally and substantively, both for this purpose and the second purpose discussed below.

---

[1]     The title of the Motion indicates that relief is sought from the Settlement Agreement in connection with Proof of Claim No. 44614 (filed by Phillips) ("**Claim 44614**").  There is no mention of the three other proofs of claim resolved by the Settlement Agreement.  Accordingly, the Motion presumably does not seek relief for such other claimants.

[2]     Phillips originally filed the *Plaintiffs' Rule 60(b)(6) Motion For Relief From August 9, 2010 Stipulation And Settlement Resolving Claim No. [44614], Or Alternatively, Rule 60(d) Motion To Set Aside* [Dkt. No. 13071] ("**Original Motion**") on February 2, 2015.

3.      With respect to the second purpose of the Motion, it is clear that any claim
Phillips may have arises from the pre-363 Sale Accident and as such, her claim is barred by the
June 26, 2009 Amended and Restated Master Sale and Purchase Agreement ("**Sale Agreement**")
between Old GM and New GM, which was approved by an Order of this Court dated July 5,
2009 ("**Sale Order and Injunction**").   The Sale Agreement and Sale Order and Injunction
clearly provide that liabilities based on accidents that occurred prior to the closing of the sale
from Old GM to New GM ("**363 Sale**") are "Retained Liabilities" of Old GM, and not "Assumed
Liabilities" of New GM.   *See* Sale Agreement, §§ 2.3(a)(ix), 2.3(b)(ix).   By taking the following
actions after the 363 Sale: (a) filing Claim 44614 against Old GM, (b) bargaining for a settlement
with Old GM with respect to Claim 44614, and (c) bargaining for a distribution from Old GM on
account of Claim 44614, Phillips has conceded that she always understood that any liability with
respect to the Accident remained with Old GM, and was not assumed by New GM.

4.      The fact that any claim Phillips may have based on the Accident is a Retained
Liability has now been reaffirmed by this Court's *Decision on Motion to Enforce Sale Order*,
dated April 15, 2015 [Dkt. No. 13109] ("**Motion to Enforce Decision**"),[3] wherein the Court
expressly held that successor liability claims are barred pursuant to the Sale Order and Injunction
and claimants, like Phillips, who were involved in pre-363 Sale accidents are bound by the
provisions of the Sale Order and Injunction.   *See* Motion to Enforce Decision, 2015 WL
1727285, at *6, *45-*46.   Accordingly, there is no meaningful relief being sought in the Motion
against New GM.   To be treated the same as the other plaintiffs ("**Pre-Closing Accident
Plaintiffs**") that commenced lawsuits against New GM after the 2014 recalls were announced
based on accidents that occurred prior to the closing of the 363 Sale ("**Pre-Closing Accident**

---

[3]    The Motion to Enforce Decision is published at *In re Motors Liquidation Co.*, Case No. 09-50026, 2015 WL
1727285 (Bankr. S.D.N.Y. April 15, 2015).

2

**Lawsuits**"), simply means that Phillips (like the other Pre-Closing Accident Plaintiffs) has no claim against New GM.

5.      Moreover, as shown below, Phillips is dissimilar to other Pre-Closing Accident Plaintiffs in important, material respects such that, based on additional circumstances, she is not entitled to the relief sought in the Motion.

6.      By way of background: (i) Phillips commenced a lawsuit against Old GM in September 2007 ("**Pre-Petition Phillips Lawsuit**"), almost two years prior to the closing of the 363 Sale, based on an accident ("**Accident**") that occurred almost four years prior to the closing of the 363 Sale; (ii) Phillips received direct mail notice of Old GM's motion seeking approval of the 363 Sale; (iii) Phillips had the opportunity to, but did not file an objection to the 363 Sale— she was unquestionably on notice that any claims based on the Accident would be Retained Liabilities of Old GM, and that New GM would be acquiring substantially all of the assets of Old GM, free and clear of successor liability claims; and (iv) Phillips received notice of the bar date for filing proofs of claim against Old GM, and in fact timely filed Claim 44614.

7.      The actions and events described in the preceding paragraph are typical of what occurred in the *Old GM* bankruptcy case.  Pre-363 Sale accident claimants who were in active litigation with Old GM as of Old GM's bankruptcy filing date received direct mail notice from Old GM of the 363 Sale and later on, Old GM's claims bar date notice.

8.      But the Phillips' situation is *sui generis* in the following material respects: (a) after the 363 Sale, Phillips participated in a mediation with Old GM (New GM was not a party) with respect to her filed claim; (b) Phillips entered into the Settlement Agreement which fixed her allowed claim against Old GM and released any other claims, including claims

unknown to her at the time and successor-based claims;[4] (c) Phillips **unconditionally and irrevocably transferred, assigned, and sold Claim 44614 to a third party shortly after the Settlement Agreement was signed** and, therefore, is not now the holder of Claim 44614, and has not been the holder of that claim for almost five years; and (d) multiple distributions, spanning years, have been made by Old GM to the holder of Claim 44614.[5]   Based on these additional circumstances, New GM does not believe it has any liability with respect to the relief requested in the Motion.

9.       New GM notes that the Motion is flawed and should be denied on other grounds, including the following:

(i)       The relief requested pursuant to Federal Rule 60(b)(6) (a) is inappropriate because the relief sought falls under other time-barred provisions of Federal Rule 60(b), and (b) is unavailable because Phillips cannot demonstrate extraordinary circumstances to justify such relief;

(ii)       The relief requested pursuant to Federal Rule 60(b)(3) is time barred because it was not sought within one year of the date of the Settlement Agreement; and

(iii)       The relief requested pursuant to Federal Rule 60(d)(3) should be denied because no court approved the Settlement Agreement and thus, there could be no "fraud on the court" since no Court action was taken with respect to the Settlement Agreement.   In addition, Phillips failed to satisfy the extremely high burden placed on her for proving fraud on the Court, and has not pled fraud with particularity in accordance with Federal Rule 9(b).

10.       For all of these reasons, as more fully explained below, the relief requested in the Motion should be denied.

---

[4]       New GM does not believe it is a successor to Old GM.  However, since the Accident occurred prior to the 363 Sale, any claim that Phillips would assert against New GM would have to be predicated on a "successor liability" theory.  As noted, this type of claim was not only barred by the Sale Order and Injunction, but also by the Settlement Agreement.  This Court reiterated that ruling in the Motion to Enforce Decision.

[5]       The Motion is silent about whether the holder of Claim 44614 intends to keep the distributions already made to it by Old GM.

# BACKGROUND

A.     The Sale Of Assets To New GM

11.     On June 26, 2009, Old GM and certain of its affiliates (collectively, the "**Debtors**") entered into the Sale Agreement with New GM.  On July 5, 2009, the Court entered the Sale Order and Injunction, and on July 10, 2009, the Debtors consummated the 363 Sale. Pursuant to the 363 Sale, New GM acquired substantially all of the assets of the Debtors free and clear of all of Old GM's liabilities pursuant to Section 363(f) of the Bankruptcy Code, except for certain, specifically-defined Assumed Liabilities.  The scope and limitations of New GM's responsibilities with respect to Old GM's liabilities are defined in the Sale Agreement and the Sale Order and Injunction.  The Sale Order and Injunction is a final, binding Order and not subject to appeal.

12.     Specifically, the Sale Order and Injunction provides that, with the exception of certain limited liabilities expressly assumed under the relevant agreements (*i.e.*, "Assumed Liabilities"), the assets acquired by New GM were transferred "free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever . . . ." Sale Order and Injunction, ¶ 7.[6]

13.     Pre-363 accident claims were not Assumed Liabilities; they were expressly defined as Retained Liabilities.[7]  Section 2.3(b) of the Sale Agreement provided that "Retained Liabilities" included (but were not limited to) the following:

---

[6]     Many of the facts and arguments relating to the impact of the Sale Order and Injunction on Pre-Closing Accident Lawsuits are set forth in more detail in the briefing of the Threshold Issues with respect to the Motions to Enforce.  While, for the sake of brevity, New GM is not restating those facts and arguments herein, it does seek to incorporate such facts and arguments to the extent required for the Court to decide the Motion.

[7]     The Sale Order and Injunction permanently enjoined claimants from attempting to enforce liabilities against New GM other than Assumed Liabilities.  *See e.g.*, Sale Order and Injunction, ¶¶ 8, 9, 46, 47.

       (ix)    all Product Liabilities arising in whole or in part from any accidents, incidents or other occurrences that happen prior to the Closing Date;

. . .

       (xi)    all Liabilities to third parties for Claims based upon Contract, tort or any other basis;

14.    In addition, the Sale Order and Injunction stated that, except for Assumed Liabilities, all claims arising in connection with Old GM's actions or omissions (*i.e.*, Old GM's conduct) may not be asserted against New GM. *See* Sale Order and Injunction ¶ AA; *see also Trusky v. Gen. Motors LLC (In re Motors Liquidation Co.)*, Adv. Proc. No. 09–09803, 2013 WL 620281, at *2 (Bankr. S.D.N.Y. Feb. 19, 2013). This Court recently confirmed these holdings in it Motion to Enforce Decision. *See* Motion to Enforce Decision, 2015 WL 1727285, at *8 ("New GM is right that it expressly declined to assume any liabilities based on Old GM's wrongful conduct, and that these were 'retained liabilities' to be satisfied by Old GM.").

**B.**    **The Pre-Petition Phillips Lawsuit Against Old GM**

15.    The vehicle at issue in this matter is a 2004 Chevrolet Malibu Classic ("**Vehicle**"). Although Phillips alleges that the 2004 Malibu Classic was subject to multiple recalls in 2014, this model Vehicle was in fact the subject of only one recall, *i.e.*, NHTSA Recall Number 14V400,[8] that occurred on or about July 2014. The other recalls referred to in the Motion concern a different model, the Chevrolet Malibu (among other models), and not the Chevrolet Malibu Classic, which was a different vehicle manufactured by Old GM under a different platform.

16.    The Accident that underlies the Motion occurred on October 18, 2005, more than three and half years before Old GM's bankruptcy filing.

---

[8]    *See Recalls Results Look-up by VIN*, attached hereto as **Exhibit "A"** which was obtained from NHTSA's website by inputting the vehicle identification number for the Vehicle.

17.     Phillips filed the Pre-Petition Phillips Lawsuit on or about September 6, 2007. Old GM defended the Pre-Petition Phillips Lawsuit, which was ultimately stayed pursuant to Old GM's bankruptcy filing.   From a review of the exhibits attached to the Motion, all of the discovery referenced by Phillips in the Motion occurred prior to the closing of the 363 Sale and, thus necessarily concerned the conduct of Old GM.   For example, (i) the expert report attached as Exhibit "5" to the Motion is dated July 14, 2008; (ii) the Oral Deposition of Stephan Richard Syson attached as Exhibit "6" to the Motion is dated March 29, 2009; (iii) each of the Requests for Production of Documents, and the one response thereto is from 2008 (*see* Exhibits "7" through "11," and Exhibit "15"); (iv) the Engineer Report attached as Exhibit "13" to the Motion is dated February 18, 2009, and (v) the Videotaped Deposition of Linda Paige Gilman attached as Exhibit "14" to the Motion is dated October 9, 2008.

**C.     Phillips Was Provided Direct Mail Notice Of The 363 Sale, And Filed A Timely Proof Of Claim That Was Settled And Allowed Against Old GM**

18.     Phillips was provided timely direct mail notice of the 363 Sale by Old GM,[9] and did not file any objections.  In addition, Phillips timely filed Claim 44614 in connection with the Accident and the Pre-Petition Phillips Lawsuit.[10]

19.     Phillips and Old GM mediated Claim 44614.  New GM was not a party to the mediation.  Ultimately, Phillips and Old GM settled Claim 44614 pursuant to a *Stipulation and Settlement Resolving Claim No. [44614, 44615, 44616, 44617]*, dated August 9, 2010 ("**Settlement Agreement**").  New GM did not negotiate the settlement and is not a party to the Settlement Agreement.[11]

---

[9]     *See Certificate of Service* filed by Jeffrey S. Stein of The Garden City Group, filed on June 15, 2009 [Dkt. No. 973].  Relevant excerpts of this Certificate of Service are annexed hereto as **Exhibit "B."**

[10]    A copy of Claim 44614 is annexed hereto as **Exhibit "C."**

[11]    A copy of the Settlement Agreement is annexed hereto as **Exhibit "D."**

20.    Under the Settlement Procedures Order (as defined in the Settlement Agreement),

Old GM was authorized to settle disputes related to proofs of claim without Court authorization

if the settled amounts were within certain limits and the Creditors Committee consented.  The

Settlement Agreement fit those parameters.  Accordingly, the Settlement Agreement was not

approved by this or any other Court.

21.    The Settlement Agreement did not specifically address the dismissal of the Pre-

Petition Philips Lawsuit.  Ultimately that litigation was dismissed by the Texas State Court, *sua*

*sponte*, for want of prosecution.[12]

22.    Pursuant to the Settlement Agreement, Claim 44614 was allowed in a liquidated

dollar amount, and multiple distributions have been made on account of that claim.

23.    Shortly after the Settlement Agreement was signed, on August 25, 2010, an

"Evidence of Transfer of Claim," dated August 20, 2010, was filed with the Court [Dkt. No.

6793] stating that Claim 44614 was "unconditionally and irrevocably [sold], transfer[ed] and

assign[ed] unto:  DOVER MASTER FUND II, L.P. . . . ."[13]

24.    In addition to fixing the allowed amount of Claim 44614, the Settlement

Agreement contains the following provisions that are relevant to this Motion:

> 4.    With respect to the Claims, other than the right to receive
> distributions on account of the Allowed Claims under the Plan, the
> Claimant and its affiliates, successors and assigns, and its past,
> present and future members, officers, directors, partners,
> principals, agents, insurers, servants, employees, representatives,
> administrators, executors, trustees and attorneys (collectively, the
> "**Claimant Parties**"), shall have no further right to payment from
> the Debtors, their affiliates, their estates or their respective
> *successors* or assigns (collectively, the "**Debtor Parties**").  With
> respect to the Claims, except as set forth in this Stipulation and

---

[12]    *See Order*, dated August 7, 2012, entered by the Texas State Court, a copy of which is annexed hereto as
**Exhibit "E."**

[13]    A copy of the "Evidence of Transfer of Claim" is annexed hereto as **Exhibit "F."**

Settlement, the Claimant Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtor Parties, and are hereby barred from asserting any and all claims whatsoever, ***whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation and Settlement by the Parties***.
. . .

8.      Each person who executes this Stipulation and Settlement represents that he or she is duly authorized to do so on behalf of the respective Parties hereto ***and that each such party has full knowledge and has consented to this Stipulation and Settlement***.
. . .

***THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS STIPULATION AND SETTLEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS STIPULATION AND SETTLEMENT.***

(Emphasis added.)

**D.      The Pre-Closing Accident Motion
To Enforce And The Phillips 2014 Lawsuit**

25.      In response to recalls of Old GM vehicles instituted by New GM in 2014, various plaintiffs began filing Pre-Closing Accident Lawsuits against New GM asserting claims based on, among other things, Product Liabilities (as defined in the Sale Agreement) arising from accidents that occurred prior to the closing of the 363 Sale. Phillips filed such a lawsuit on or about April 28, 2014 in the Texas State Court ("**Phillips 2014 Lawsuit**").[14]

26.      Because the claims raised in the Pre-Closing Accident Lawsuits were expressly barred by the Sale Agreement and the Sale Order and Injunction, on August 1, 2014, New GM

---

[14]      A copy of Phillips' *Original Petition for Bill of Review and Original Petition*, Cause No. 14-CV-0477 ("**Original Petition**"), filed in the District Court of Galveston County, Texas ("**Texas State Court**") is annexed hereto as **Exhibit "G."**

filed with this Court its *Motion Of General Motors LLC Pursuant To 11 U.S.C. §§ 105 And 363 To Enforce This Court's July 5, 2009 Sale Order And Injunction Against Plaintiffs In Pre-Closing Accident Lawsuits* ("**Pre-Closing Accident Motion to Enforce**") [Dkt. No. 12807], seeking to enforce the Sale Agreement and the Sale Order and Injunction against Pre-Closing Accident Plaintiffs (including the Phillips 2014 Lawsuit).[15]

27.    This Court heard oral argument in February 2015 concerning various threshold issues ("**Threshold Issues**") that relate to the Motions to Enforce.  Among those issues is whether the Sale Order and Injunction should be enforced against the Pre-Closing Accident Lawsuits.  The Court ruled on the Pre-Closing Accident Motion to Enforce in the Motion to Enforce Decision, expressly barring such claims from proceeding against New GM.

## OBJECTION

### A.    Phillips' Claims Are Barred By The Sale Order And Injunction

28.    Phillips was provided direct mail notice of the 363 Sale and had an opportunity to object, but she did not.  Consequently, she is bound by the Sale Order and Injunction, which approved the Sale Agreement.

29.    As the Motion to Enforce Decision confirmed, the Sale Agreement contains unambiguous provisions that clearly set forth that claims based on accidents that pre-date the closing of the 363 Sale and claims based on Old GM conduct are Retained Liabilities of Old GM, not Assumed Liabilities of New GM.  Accordingly, regardless of whether Phillips could set

---

[15]    In addition to the Pre-Closing Accident Motion to Enforce, New GM also previously filed (i) the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction* on April 21, 2014 [Dkt. No. 12620] ("**Ignition Switch Motion to Enforce**"), seeking to enforce the Sale Order and Injunction against plaintiffs who are asserting economic loss claims against New GM that emanate out of recalls concerning an allegedly defective ignition switch manufactured by Old GM, and (ii) the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other Than Ignition Switch Actions)* [Dkt. No. 12808] ("**Non-Ignition Switch Motion to Enforce**, and with the Pre-Closing Accident Motion to Enforce, the "**Motions to Enforce**"), against plaintiffs who are asserting economic loss claims against New GM that emanate out of recalls concerning alleged defects in Old GM vehicles, other than the ignition switch manufactured by Old GM.

aside the Settlement Agreement, any claim that she may have based on the Accident would only be assertable against Old GM, not New GM.[16]

## B.   Phillips Is Bound By The Settlement Agreement

30.    Phillips would have this Court believe that she does "not seek special treatment," and that she merely "want[s] to be treated like all other pre-sale accident plaintiffs." Motion, at ¶ 49.   While she is like other Pre-Closing Accident Plaintiffs insofar as she is barred from asserting any claims that originate from the Accident against New GM, Phillips is  not like other Pre-Closing Accident Plaintiffs because her claims are also barred by a valid settlement agreement.   Phillips (i) filed a proof of claim against Old GM after the 363 Sale, (ii) mediated her claims with Old GM after the 363 Sale, (iii) settled all claims—known and unknown, and successor based—related to the Accident, as reflected in the Settlement Agreement, (iv) had her claim allowed and distributions were made thereon by Old GM, and (v) sold her claim to a third party.   Given these undisputed facts, Phillips *is* seeking special treatment:  she wants this Court to ignore these outcome-determinative facts that distinguish her from other Pre-Closing Accident Plaintiffs.[17]

### 1.    Phillips Released All Claims Related To The
### Accident, Including Unknown Claims and Successor Liability Claims

31.    When general language is used in a release, "the release is to be construed ***most strongly against the releaser***."   *Middle E. Banking Co. v. State Street Bank Int'l*, 821 F.2d 897, 907 (2d Cir. 1987) (internal citation omitted) (emphasis added).   "[T]he ***burden is on the releaser to establish that the release should be limited***."   *Id.* (emphasis added).   Thus, the party

---

[16]    As New GM was not involved in any litigation regarding Claim 44614, including being a party to the mediation between Phillips and Old GM, any claims based on the conduct of Old GM during the litigation and mediation would also not be claims against New GM.

[17]    Pre-Closing Accident Plaintiffs generally have no claims against New GM for the reasons set forth in Section A, *supra*.

seeking relief from a general release bears the burden to show both that the claim was "unknown at the time of the release and that the release was limited rather than general, in order to establish that the parties had not intended the literal effect of the release." *Calavano v. N.Y.C. Health & Hosps. Corp.*, 667 N.Y.S.2d 351, 353 (1ˢᵗ Dept. 1998); *see also Vornado Realty Trust v. Marubenmi Sustainable Energy, Inc.*, 987 F. Supp. 2d 267, 277 (E.D.N.Y. 2013).

32.    Phillips' sole ground for setting aside the Settlement Agreement are alleged discovery violations allegedly by Old GM concerning the Pre-Petition Phillips Lawsuit which she says she did not learn about until later.  But Phillips released all claims—including, specifically, ***unknown claims and successor-based claims***—she had in connection with Claim 44614, which related to the Accident.  *See* Settlement Agreement, ¶ 4.  "When a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that  choice simply because his assessment of the consequences was incorrect." *Powell v. Omnicon,* 497 F.3d 124, 128 (2d Cir. 2007) (citing *U.S. v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994)); *see also McEachin v. Northland Group, Inc.*, No. 12 Civ. 3283(CM), 2012 WL 6582423, at *9 (S.D.N.Y. Dec. 14, 2012) (quoting *Powell*).

33.    Accordingly, any claims (including unknown claims and successor-based claims) that Phillips had regarding the Accident were waived and released pursuant to the terms of the Settlement Agreement.

### 2.    Phillips Lacks Standing To Seek Relief From The Settlement Agreement

34.    An unequivocal and complete assignment extinguishes all rights against the obligor . . . , and leaves the assignor . . . without standing to sue." *Macondo's Profit Corp. v. Motorola Commc'ns & Elec., Inc.*, 863 F. Supp. 148, 149 (S.D.N.Y. 1994); *Compagnie Noga d'Importation et d'Exportation S.A. v. Russian Fed'n*, No. 00 Civ. 0632(WHP), 2008 WL

3833257, at *6 (S.D.N.Y. Aug. 15, 2008) ("A party that has assigned its entire interest in a claim

lacks standing to bring suit on that claim."); *see also* Fed. R. Bankr. P. 3001(e)(2) ("If a timely

objection is not filed by the alleged transferor, the transferee shall be substituted for the

transferor.").  As stated by the court in *In re Kreisler*, 331 B.R. 364 (Bankr. N.D. Ill. 2005)

> Pursuant to Bankruptcy Rule 3001(e)(2), a transferee of a proof of
> claim that has already been filed must file evidence of the transfer.
> *In re Wilson*, 96 B.R. 257, 261 (9th Cir. BAP 1988).  ***Such
> evidence puts the trustee on notice that the original holder of the
> claim against the estate is no longer an interested party with
> respect to that claim***.  *In re Ellington*, 151 B.R. 90, 96 (Bankr.
> W.D. Tex. 1993).

*Id.* at 376 (emphasis added).

35.     Shortly after she signed the Settlement Agreement, Phillips also executed an

"Evidence of Transfer of Claim," wherein she "***unconditionally and irrevocably*** [agreed to] sell,

transfer and assign unto [Dover Master Fund II, L.P.] . . . all rights, title and interest in and to the

claim of Seller . . . ."  S*ee* **Exhibit "F"** attached hereto (emphasis added).  Because Phillips

unconditionally and irrevocably transferred Claim 44614, she lacks standing to seek relief with

respect to that Claim now.

### 3.     Federal Rule 60(b)(6) Relief Is Unavailable

36.     Rule 60(b) provides for "extraordinary judicial relief," which may only be granted

in "exceptional circumstances", that will "not impose undue hardship on other parties."  *See In re

Old Carco LLC*, 423 B.R. 40, 45 (Bankr. S.D.N.Y. 2010), *aff'd*, 2010 WL 3566908 (S.D.N.Y.

Sept. 14, 2010), *aff'd, Mauro Motors Inc. v. Old Carco LLC*, 420 F. App'x 89 (2d Cir. 2011).

37.     Phillips fails to meet her burden of demonstrating that (i) the supporting evidence

is "highly convincing;" (ii) there is good cause for her failure to act sooner; and (iii) granting

Rule 60(b) relief will not impose undue hardship on other parties.  *Id.*  "[F]inal judgments should

not 'be lightly reopened.' . . .  The Rule may not be used as a substitute for a timely appeal."

*Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted).  Moreover, "[w]here the

parties have submitted to an agreed-upon disposition rather than seeking a resolution on the

merits, the burden to obtain Rule 60(b) relief is heavier than if one party proceed(ed) to trial, lost,

and failed to appeal."  *Vasquez v. Carey*, No. 03 Civ. 3905 (RJH), 2010 WL 1140850, at *6

(S.D.N.Y. Mar. 24, 2010).  Here, Phillips entered into the Settlement Agreement, which resolved

Claim 44614.  She has an extremely heavy burden to undo her consensual agreement, and she

has not met such burden.

> **a.       Phillips' Allegations Of Newly Discovered
> Evidence, Fraud Or Misconduct Cannot Form
> The Basis For Relief Pursuant To Federal Rule 60(b)(6)**

38.       In the Motion, Phillips claims to seek relief under Rule 60(b)(6).  To substantiate

her argument, however, Phillips accuses Old GM of defrauding her during the mediation by not

complying with its pre-363 Sale discovery obligations.   In other words, Phillips attempts to

bolster her request for Rule 60(b)(6) relief by essentially arguing that newly discovered evidence

(addressed in Rule 60(b)(2)) and/or fraud, misrepresentation, or misconduct by Old GM

(addressed in Rule 60(b)(3)) have changed the landscape.  By law, however, relief under Rule

60(b)(6) cannot be granted based upon other subsections of Federal Rule 60(b):

> [I]n order for a court to grant relief from a final judgment under
> this provision [Federal Rule 60(b)(6)], the movant must show that
> there are extraordinary circumstances justifying relief, the
> judgment works an extreme hardship, ***and the asserted grounds
> for relief are not recognized in subsections (1)-(5) of the Rule***.

*Alvarado v. Manhattan Worker Career Center*, No. 01 Civ. 9288(CBM), 2003 WL 22462032, at

*3 (S.D.N.Y. Oct. 30, 2003) (emphasis added); *see also, e.g.*, *U.S. v. Mason*, 477 F. App'x 846,

847 (2d Cir. 2012) ("Although Mason failed to carry her burden of proof under Rule 60(b)(3),

there is no question that her reasons for seeking relief from judgment fell within that specific

clause, precluding her from seeking relief alternatively under Rule 60(b)(6).").

39.    Phillips essentially concedes that she is making fraud and misconduct allegations against Old GM when she seeks alternative relief in the Motion under Federal Rule 60(b)(3). The Federal Rule 60(b)(3) allegations are the same as the arguments regarding Federal Rule 60(b)(6). This is impermissible, and Phillips' request for relief based on Federal Rule 60(b)(6) should be denied as the relief she seeks more appropriately falls under other sections of Federal Rule 60(b), each of which is now time barred.

### b.    Phillips Has Not Demonstrated Extraordinary Circumstances Justifying Relief Pursuant To Federal Rule 60(b)(6)

40.    Even if (i) Phillips had standing to seek the requested relief (she does not), and (ii) the grounds for her Rule 60(b)(6) relief did not fall under Rule 60(b)(2) or (3) (they do), the Motion would still lack merit because Phillips has failed to demonstrate that "extraordinary circumstances" justify the relief sought. As stated by the Second Circuit, "Clause (6) of Rule 60(b) provides that relief may be granted for 'any other reason justifying relief from the operation of the judgment. This portion of the Rule is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (citations omitted); *see also Whitehead v. City of New York*, 953 F.Supp.2d 367, 378 (E.D.N.Y. 2012) ("The standard for granting a motion brought under Rule 60(b)(6) is 'strict,' and such a motion 'should be granted only in extraordinary circumstances.'" (citations and internal quotations omitted)). "In addition, the moving party's burden to obtain Rule 60(b) relief is greater '[w]hen the parties submit to an agreed-upon disposition instead of seeking a resolution on the merits . . . than if one party proceeded to trial, lost, and failed to appeal.'" *Rivera v. Fed. Bureau of Prisons*, No. 08 Civ.

5590(SAS), 2013 WL 5052153, at *2 (S.D.N.Y. Sept. 12, 2013) (quoting *Nemaizer,* 793 F.2d at 63).

41.    Here, Phillips' only argument for seeking relief from the Settlement Agreement is that Old GM allegedly did not comply with its discovery obligations during the Pre-Petition Phillips Lawsuit.

42.    Contrary to Phillips' allegations, there is only one recall that was instituted in 2014 that concerns the Vehicle—NHTSA Recall Number 14V400.    The alleged "Control Module" defect that Phillips repeatedly references in her Motion was the subject of a ***different*** recall (NHTSA Recall Number 14V-252).    The Vehicle at issue in the Phillips' lawsuit was a Chevrolet Malibu Classic.    The vehicles at issue for NHTSA Recall 14V-252 were the 2004-2007 Malibu Maxx vehicles and 2005-2010 Pontiac G6 vehicles (each manufactured during a specific time period).    Accordingly, Phillips' Vehicle was not even subject to many of the recalls she complains about.

43.    Moreover, the facts here demonstrate that Phillips believed that the Vehicle was the subject of a defect, and actively litigated that issue in both Texas State Court and in mediation in the Bankruptcy Court.    Phillips disputed Old GM's theory of the case for years, and she used documents produced by Old GM, as well as the opinions of her retained experts, to develop her theory of the case.    After three years of litigating against Old GM, Phillips decided to settle her case, agreeing to accept a significant allowed claim in Old GM's bankruptcy case in exchange for a release of all claims.    Only Phillips and her counsel are privy to the reasons why she chose to enter into the Settlement Agreement with Old GM in August 2010.    *See Mangini v. McClurg*, 301 N.Y.S.2d 508, 566 (N.Y. 1969) ("There are many reasons, including doubtful liability, the willingness to take a calculated risk, the desire to obtain an earlier rather than a later

16

settlement, and perhaps others, why releasers may wish to effect a settlement and intend to give the release a discharge of liability for any unknown injuries—in short to bargain for general peace."). Revisiting those reasons nearly five years after Phillips entered into the Settlement Agreement does not warrant a finding of "extraordinary circumstances" to vacate the Settlement Agreement.

### 4.  Any Relief Requested Pursuant To Federal Rule 60(b)(3) Is Untimely

44.     Alternatively, Phillips invokes Federal Rule 60(b)(3), which provides relief from an order, judgment or proceeding for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." But Phillips conveniently ignores the one-year limitation in Rule 60(c)(1): "[A] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." "This one-year limitations period is 'absolute' . . . ." *Buffalo Teachers Fed'n v. Tobe*, 514 F. App'x 57, 58 (2d Cir. 2013); *see also Gache v. Hill Realty Assocs., LLC*, No. 13–CV–1650 (CS), 2014 WL 5048336, at *7 n.11 (S.D.N.Y. Sept. 22, 2014) ("Plaintiff's Fed. R. Civ. P. 60 motion is time-barred because Fed. R. Civ. P. 60(b)(3) motions are subject to a one-year statute of limitations [under Fed. R. Civ. P. 60(c)(1)].").

45.     Phillips signed the Settlement Agreement on August 9, 2010—more than four years before she filed her Original Motion. Consequently, her Motion, to the extent it relies upon Federal Rule 60(b)(3), is untimely. For this additional reason, the Motion must be denied.

### 5.  Phillips Has Not Satisfied Her Heavy Burden Under Federal Rule 60(d)

46.     Federal Rule 60(d)(3) provides, in relevant part, that a court can "set aside a judgment for fraud on the court." While Federal Rule 60(b) motions are closely scrutinized and rarely granted, relief under Federal Rule 60(d)(3) "is reserved for only the most egregious misconduct, and requires a showing of an unconscionable plan or scheme which is designed to

17

improperly influence the court in its decision." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989); *State Street Bank & Trust, Co. v. Inversions Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004).

47.    A "fraud on the court" under Fed. R. Civ. P. 60(d)(3) relates to:

> only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.

*Kupferman v. Consol. Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972) (quotation marks omitted); *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995); *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 460 (2d Cir.) *on reh'g in part sub nom. Transaero, Inc. v. La Fuerza Aerea Boliviana*, 38 F.3d 648 (2d Cir. 1994); *Gleason v. Jandrucko*, 860 F.2d 556, 558 (2d Cir. 1988); *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir. 1972).

48.    As this Court just found in the Motion to Enforce Decision, "fraud on the court" "turns on the knowledge and intent of *those actually interfacing with the Court*. In each of those respects, and its application otherwise, establishing a fraud on the Court requires a knowing and purposeful effort to subvert the judicial process."   Motion to Enforce Decision, 2015 WL 1727285, at *9 (emphasis in original).   Importantly, the Court also found "that establishing a fraud on the Court requires defrauding the *court*, as contrasted to a non-judicial victim (such as a vehicle owner)." *Id*. (emphasis in original).

49.    The burden of proof in establishing fraud upon the court is on the movant.   The threshold for the burden is "clear and convincing" evidence.   *King v. First American Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002).   Here, Federal Rule 60(d)(3)—which, on its

face, concerns relief from a judgment—does not even apply simply because the Settlement

Agreement was never approved by this or any other court.

50.    In all events, Phillips has completely failed to satisfy her burden of demonstrating

a fraud on the Court, and has not satisfied the Federal Rule 9(b) standards for pleading fraud with

particularity.  *See Morgenstein v. Motors Liquidation Company (In re Motors Liquidation

Company)*, 462 B.R. 494, 505-508 (Bankr. S.D.N.Y. 2012)(dismissing Federal Rule 60(d) claim

based, *inter alia*, on failure to satisfy the "more stringent requirements" of Federal Rule 9(b));[18]

*Space Hunters, Inc. v. U.S.*, No. 10 Civ. 6335(CM), 2011 WL 1899627, at *5 (S.D.N.Y. May 17,

2011) ("Even if Plaintiffs' Rule 60(d) action were not barred by res judicata and *Gleason,*

Plaintiffs' complaint is nevertheless dismissed because Plaintiffs do not allege facts that give rise

to a strong inference of fraudulent intent as required by Rule 9(b).").  All that Phillips has done

in the Motion with respect to Federal Rule 60(d)(3) is refer the Court to briefs filed in connection

with the Threshold Issues.  However, those briefs only set forth the parties' views of the ***legal***

***standard*** for "fraud on the Court."  There is absolutely no application of this legal standard to

any facts.  In addition, nowhere in those briefs has the legal standard been applied to the facts

surrounding Phillips' individual situation.  Nothing has been pleaded by Phillips, much less fraud

with particularity.

51.    Moreover, since the Settlement Agreement was not approved by this or any other

court, it is axiomatic that Rule 60(d) does not apply to this situation.  Simply put, you cannot

have a fraud committed on a court when nothing was presented to the court for judicial action.

---

[18]    In *Morgenstein*, the plaintiffs alleged that, to obtain the Court's approval of Old GM's bankruptcy plan, Old GM concealed from the plaintiffs and the Court design defects in 2007 and 2008 Chevy Impalas that were allegedly known to Old GM prior to the formulation of its liquidation plan. 462 B.R. at 505-08.  They argued that the plan confirmation order should be partially revoked, or not apply to them pursuant to Federal Rule 60(d)(3).  The Court's decision in *Morgenstein* was upheld on appeal.  *See Morgenstein v. Motors Liquidation Co.*, Order, 12 Civ. 01746 (AJN) (S.D.N.Y. Aug. 9, 2012) [Dkt. No. 21].

*See* Motion to Enforce Decision, 2015 WL 1727285, at *66 ("The *Leber-Krebs* factors bring into

the analysis, among other things, requirements of an interface with the court; an injury to the

court or the judicial system (as contrasted to an injury to one or more individuals)[.]  . . . There

must be a direct nexus between the knowledge and intent of any wrongdoer and communications

to the court.").

52.     Furthermore, typical examples of "fraud on the court" include bribery of a judge

or members of a jury, or fabrication of evidence by a party in which an attorney, as an officer of

the court, is involved.  *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996); *U.S. v. Int'l

Tel. & Tel. Corp.*, 349 F. Supp. 22, 29 (D. Conn. 1972), *aff'd mem. sub. nom.*, *Nader v. U.S.*, 410

U.S. 919 (1973).  Phillips has not made any allegations sufficient to support her argument of a

"fraud on the court."

53.     In addition, Phillips fails to meet the Rule 60 standard for relief.  Even if

adequately alleged or proven (which it is not), the failure to disclose pertinent facts relating to a

controversy before the court, whether to an adverse party or to the court, does not, without more,

constitute "fraud upon the court," nor does it merit relief under Federal Rule 60(d)(3).  *See, e.g.*,

*Gleason*, 860 F.2d at 559-60; *In re Hoti Enters., LP*, No. 12-CV-5341 (CS), 2012 WL 6720378,

at * 3-4 (S.D.N.Y. Dec. 27, 2012).  Instead, such conduct would only be covered by Federal Rule

60(b)(3) (*see Gleason*, 860 F.2d at 559-60), and, as noted above, any relief requested under that

subsection of Rule 60(b) would be time-barred.  The facts and circumstances surrounding the

Phillips' matter do not satisfy the extremely high burden of proving a fraud on the Court.

Accordingly, any relief requested pursuant to Rule 60(d) should be denied.

WHEREFORE, New GM respectfully requests that the Court (i) deny the relief requested

in the Motion as it pertains to New GM, and (ii) grant to New GM such other and further relief

as is just and proper.

Dated: New York, New York
      April 20, 2015                 Respectfully submitted,


                      /s/ Arthur Steinberg
                   Arthur Steinberg
                   Scott Davidson
                   KING & SPALDING LLP
                   1185 Avenue of the Americas
                   New York, New York  10036
                   Telephone:    (212) 556-2100
                   Facsimile:    (212) 556-2222

                   Richard C. Godfrey, P.C. (admitted *pro hac vice*)
                   Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
                   KIRKLAND & ELLIS LLP
                   300 North LaSalle
                   Chicago, IL 60654
                   Telephone: (312) 862-2000
                   Facsimile: (312) 862-2200

                   *Attorneys for General Motors LLC*