

# j|d
## LAW

| 713.337.4100 | 1010 LAMAR, SUITE 200 | 713.337.4101 |
| TELEPHONE | HOUSTON, TEXAS 77002 | FACSIMILE |

## FACSIMILE TRANSMITTAL SHEET

**TO:** Stephen Karotkin             **FAX NO.:** (212) 310-8007
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP

**FROM:** Josh Davis                 **PAGES (including cover sheet):** 14

**DATE:** April 29, 2014

**RE:** Cause No. 14-CV-0477; *Doris Powledge, et al vs. General Motors Corp., et al;* In the 10th Judicial District Court of Galveston County, Texas

**COMMENTS:**

Please see attached.

**CONFIDENTIALITY NOTICE**

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents.



# j|d
## LAW

| 713.337.4100 | 1010 LAMAR, SUITE 200 | 713.337.4101 |
|---|---|---|
| TELEPHONE | HOUSTON, TEXAS 77002 | FACSIMILE |

JOSH DAVIS
josh@thejdfirm.com
*Board Certified in Personal Injury Trial Law
By the Texas Board of Legal Specialization*

April 29, 2014

Stephen Karotkin                                    <u>*Via Facsimile (212) 310-8007*</u>
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

      Re:    Cause No. 14-CV-0477; *Doris Powledge, et al vs. General Motors Corp.*;
              In the 10th Judicial District Court of Galveston County, Texas

Dear Counsel:

      Attached you will find a courtesy copy of the *Original Petition for Bill of Review and Original Petition* that was filed yesterday with the court and refiled today to correct e-file requirements. Due to the voluminous nature of the exhibits, I am not faxing them to you. However, if you would like a copy emailed to you I would be happy to do so.

      Should you have any questions or concerns, please contact me at (713) 337-4100. Thank you.

                                    With best wishes,

                                    /s/ Joshua P. Davis

                                    Joshua P. Davis

JPD/kam
Enclosure

## CAUSE NO. _____

| | | |
|---|---|---|
| DORIS PHILLIPS, f/k/a DORIS POWLEDGE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ADAM POWLEDGE, DECEASED, THE ESTATE OF RACHEL POWLEDGE, DECEASED, THE ESTATE OF ISAAC POWLEDGE, DECEASED, THE ESTATE OF CHRISTIAN POWLEDGE, DECEASED, AND THE ESTATE OF JACOB POWLEDGE, DECEASED, *Petitioner-Plaintiff*, | § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | GALVESTON COUNTY, TEXAS |
| GENERAL MOTORS CORPORATION, *Respondent-Defendant*, | § § § | |
| AND | § § | |
| DORIS PHILLIPS, f/k/a DORIS POWLEDGE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ADAM POWLEDGE, DECEASED, THE ESTATE OF RACHEL POWLEDGE, DECEASED, THE ESTATE OF ISAAC POWLEDGE, DECEASED, THE ESTATE OF CHRISTIAN POWLEDGE, DECEASED, AND THE ESTATE OF JACOB POWLEDGE, DECEASED, *Plaintiff*, | § § § § § § § § § § § § § § | |
| VS. | § § | |
| GENERAL MOTORS CORPORATION, AND GENERAL MOTORS LLC. *Defendants*. | § § § § | \_\_\_\_ JUDICIAL DISTRICT COURT |

## ORIGINAL PETITION FOR BILL OF REVIEW AND ORIGINAL PETITION

TO THE HONORABLE COURT:

Doris Powledge Phillips, f/k/a Doris Powledge, Petitioner-Plaintiff, Individually and as Representative of the Estate of Adam Powledge, deceased, the Estate of Rachel Powledge, deceased, the Estate of Isaac Powledge, deceased, the Estate of Christian Powledge, deceased, and the Estate of Jacob Powledge, deceased (collectively, "Plaintiffs"), complains of General Motors Corporation ("Old GM"), Respondent-Defendant, and Defendant General Motors LLC ("New GM") (collectively, "GM"), and respectfully shows the following:

### INTRODUCTION

On October 18, 2005 a father and his four children were killed in a fiery one-car accident. That morning Adam Powledge was taking his children to school. As they drove along I-45 in Houston, Adam lost control of his vehicle, a 2004 Chevy Malibu, and drove onto a grassy median. Unable to control the vehicle, the Malibu drove in an almost perfectly straight line until it was cut into two parts, down the middle, by a metal pole located at the center of the median. The car erupted in fire with Adam and the little children inside. These lives were unnecessarily taken from us because of GM's negligence and gross negligence.

On September 6, 2007 Dori Powledge filed suit, *Powledge, et al. v. General Motors Corp.*, Cause No. 07-CV-1040, alleging that an electrical malfunction caused a loss of control of the vehicle. During the litigation GM dismissed Dori's claims because "[her] theories require failures of both the cruise control and brake systems, as well as the

2

inability to steer." Such a significant malfunction, according to GM, was implausible given that "[Dori] cannot demonstrate any defect and any alleged 'recall'" of the 2004 Malibu that would have contributed to the accident.

A cornerstone of GM's legal defense to the 2007 lawsuit was a particularly nefarious accusation—that Adam Powledge was not the victim of a GM defect, but was a murderer and intended to kill himself and his children.[1] This defense was used throughout the litigation as a means of undermining Dori's case.

We now know that GM was aware that the power steering system on the 2004 Malibu—identical to the 2004-2007 Saturn Ion and part of the March 31, 2014 recall—could cause a loss of control. But GM put off a recall and never disclosed this information during the 2007 litigation. Years later, after bankruptcy forced Dori and other tort plaintiffs to accept penny-on-the-dollar settlements, GM finally disclosed information that supports Dori's theory of the case. Rather than a lack of evidence concerning "any defect and any alleged 'recall,'" GM had mountains of evidence that demonstrate its drive-by-wire electrical systems—including the power steering and cruise control systems—were harming thousands of GM customers nationwide.

But GM fraudulently concealed this information, and lied under oath regarding related electrical failures. In the course of this fraud, GM conspired in bankruptcy, waiting to disclose this information until well after the bankruptcy sale. In hindsight, the financial collapse of 2008-2009 created the perfect opportunity for GM to shed the many

---

[1] Exhibit A, *correspondence from A. Zambrano* dated July 27, 2010 at pp. 7; Exhibit B, *Expert Report of S. Syson* dated July 14, 2008, pp. 5 - 15; and Exhibit C, *Rebuttal Assessment Report of S. Syson*, pp. 2, 5, and 6; *See also* Exhibit D, *Report of B. Bowman* dated February 18, 2009, pp. 3.

3

lawsuits it was facing as it actively concealed key evidence. Certainly it would be more difficult to justify a taxpayer-funded bailout if GM disclosed the truth—that it put profits ahead of safety.

## DISCOVERY CONTROL PLAN

Plaintiffs intend that discovery be conducted under Discovery Level 3.

## PARTIES

Doris Phillips is a resident of Galveston County, Texas.

Defendant General Motors Corporation, n/k/a Motors Liquidation GUC Trust is a foreign for-profit corporation doing business in the state of Texas, and service of process upon Respondent-Defendant may be obtained by serving it through the Texas Secretary of State at its business address via certified mail return receipt requested at Motors Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009, Attn: Thomas Morrow.

General Motors LLC is a foreign for-profit corporation doing business in the state of Texas, and service of process upon New GM may be obtained by serving its Chief Executive Officer, Mary T. Barra, General Motors LLC, 300 Renaissance Center, Detroit, MI 48265-3000 through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-4234.

4

## JURISDICTION AND VENUE

This Court has jurisdiction over this controversy because the damages sought by Plaintiffs are within the jurisdictional limits of this Court. Plaintiffs seek damages between $50 million and $300 million.

Venue is proper in this county because all or a substantial part of the actions giving rise to this lawsuit occurred in Galveston County. TEX. CIV. PRAC. & REM. CODE §15.015.

## VERIFIED PETITION FOR BILL OF REVIEW

The affidavit of Dori Powledge Phillips in support of a petition for bill of review is filed with this Original Petition For Bill Of Review as Exhibit E, and is incorporated herein by reference for all purposes.

## FACTUAL BACKGROUND

On October 18, 2005 Adam Powledge was driving his four children, Isaac, Rachel, Christian, and Jacob to school in the family's 2004 Chevrolet Malibu. As Adam approached the 4600 Block of I-45 North near the intersection of Holland Road, he lost control of the vehicle. Witnesses described the Malibu traveling at a high rate of speed, even as other vehicles began slowing for approaching traffic. As the Malibu drove off the interstate and onto the median it made a straight-line that was so direct in its trajectory that there is one explanation for its course—a vehicle malfunction.

Adam, Rachel, Isaac, Christian and Jacob died at the scene. The wreckage was so severe that valuable evidence was lost. As traumatic as the accident was, GM's subsequent actions have caused further trauma to Plaintiffs.

5

On September 6, 2007 Plaintiffs filed suit against GM asserting that the crash was the result of an electrical malfunction.[2] During the course of the litigation GM blamed Adam for the crash—GM's primary legal defense was that Adam committed murder-suicide and acted purposefully. On June 1, 2009 GM entered bankruptcy. A government orchestrated purchase allowed New GM to purchase assets and avoid liabilities of Old GM. Plaintiffs 2007 Lawsuit was transferred to the bankruptcy court and Plaintiffs were order to mediation.

Plaintiffs agreed to a confidential settlement based on a fundamental belief—that GM was litigating in good faith and adhering to due process by producing relevant, discoverable evidence and testifying truthfully while under oath. That belief was misplaced. Rather than conducting discovery in a forthright manner, GM was committing fraud by withholding key documents concerning the power steering system.

On March 31, 2014 GM notified the National Highway Safety Administration of a safety recall that GM initiated due to a defect in the power steering system. The 2004 Chevy Malibu driven by Adam on October 18, 2005 was included in the list of vehicles that were recalled.

Contrary to GM's smears and accusations, Adam did nothing wrong—he was the innocent victim of GM's negligence, gross negligence and cover-up. Dori and her family, as they mourned this unspeakable loss, had to contend with these baseless accusations. GM knowingly made these accusations as it withheld evidence that proves Adam did not

---

[2] Exhibit F, *Plaintiffs' Fourth Amended Petition, Powledge, et al v. General Motors Corp.*, Cause No. 07-CV-1040 (July 3, 2008).

6

murder his children.

Plaintiffs bring their Original Petition for Bill of Review and Original Petition to right this incredible wrong.

### PETITION FOR BILL OF REVIEW

Plaintiffs filed suit against GM on September 6, 2007, *Doris Powledge, et al. v. General Motors Corp.* The parties litigated—believing GM was conducting itself as a forthright litigant—for almost 2-years. Then, on June 1, 2009 GM filed for bankruptcy in United States Bankruptcy Court in New York.[3] Shortly after GM's bankruptcy the 2007 Lawsuit was transferred to the bankruptcy court.

The parties subsequently reached a settlement in bankruptcy. This settlement was based on several factors, most significantly that GM was in bankruptcy and was vigorously defending itself. GM hired multiple experts in its defense, and accused Adam Powledge of negligent and purposeful actions that caused the wreck.

GM has committed a fraud on the public for over a decade. That fraud has been acutely felt by the Powledge family.

In the prior suit GM wrongfully and fraudulently withheld evidence that prohibited Plaintiffs from fully and fairly making their claims.[4] The underlying settlement was based on GM's extrinsic fraud and the settlement should be overturned. Plaintiffs stand ready to deposit the settlement proceeds into the registry of the Court.

---

[3] Exhibit G, *In re General Motors Corp.*, Cause No. 09-50026, filed June 1, 2009.
[4] Exhibit H, *"Sending Alerts Instead, G.M. Delayed Car Recalls,"* New York Times, April 19, 2014; http://www.nytimes.com/2014/04/20/business/sending-alerts-gm-delayed-recall-of-cars.html?_r=0.

7

## ARGUMENT

Generally, a plaintiff must allege and prove:

(1) a meritorious defense to the cause of action alleged to support the judgment,

(2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party,

(3) unmixed with any fault or negligence of his own.

*Alexander v Hagedorn*, 226 SW2d 996, 998 (Tex 1950); *See also Hagedorn*, 148 Tex. at 568–69, 226 S.W.2d at 998; *Transworld Fin. Services Corp. v. Briscoe*, 722 S.W.2d 407 (Tex. 1987). GM's extrinsic fraud that includes lying under oath and withholding key documents and evidence that would prove Plaintiffs' 2007 Lawsuit constitute sufficient *prima facie* evidence to meet this standard.[5]

Pleading further, the statute of limitations for this bill of review did not begin to run until August 7, 2012, when the final judgment was signed. Plaintiff filed her petition within 4-years of the date of that judgment. This suit, therefore, was brought within the period of limitations and is not barred by limitations. It would deprive plaintiff of her right to due process guaranteed in the federal constitution to bar this action by limitations.

---

[5] *Chapman v. Chapman*, 591 S.W.2d 574, 577 (Tex. Civ. App.—Fort Worth 1979, no writ)(examples of sufficient extrinsic fraud to warrant a new trial include a plaintiff that is misled by fraud or deception: "[I]n other words fraud which denied him the opportunity to fully litigate upon the trial all the rights or defenses he was entitled to assert.").

8

## ORIGINAL PETITION

*Claims*

## FRAUD

Plaintiffs expected—and had the right to expect—that GM would adhere to due process and would respect the litigation process, this Court, and act lawfully in defending itself against Plaintiffs' claims. GM had actual knowledge of the evidence it was withholding, and withheld that evidence purposefully. The intentional misrepresentations, including lying under oath and withholding key documents that would prove Plaintiffs' claims and undermine GM's defense that Adam Powledge acted purposefully demonstrates an intent to deceive Plaintiffs. Plaintiffs relied upon GM as—at a minimum—a litigant that would not violate the law as it litigated with Plaintiffs.

GM and its agents, made numerous misrepresentations. GM's representations were known to be false when made or made recklessly without knowledge of the truth and were made as positive assertions. GM made material misrepresentations to Plaintiffs or failed to disclose material facts to Plaintiffs concerning GM's knowledge of the causes of the underlying accident.

GM intended that Plaintiffs rely on these false or unknowing statements to their detriment and injury upon the false statements and impressions of fact being made, and on the presumption that no material facts of the contrary existed. Plaintiffs relied to their detriment upon the false statements and impressions of fact purposely created by GM. As a result, Plaintiffs have been damaged in an amount within the jurisdictional limits of the Court.

## ASSISTING OR ENCOURAGING – CONSPIRACY – AIDING AND ABETTING- RATIFICATION – PIERCING THE CORPORATE VEIL – JOINT ENTERPRISE

Plaintiffs plead the theories of assisting or encouraging conspiracy, conspiracy, aiding and abetting conspiracy, ratification, and fraudulent enterprise as a means of employing joint/mutual liability for GM's tortious conduct and damages made the basis of this suit.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In the alternative, Plaintiffs plead that GM intentional caused Dori Powledge Phillips severe emotional distress and that GM's conduct is extreme and outrageous. GM not only withheld key evidence, but it accused Adam Powledge of murder-suicide as part of its legal defense. Such knowing and malicious conduct is not sanctioned by the litigation privilege.

## RACKETEERING

GM engaging in multiple illegal acts of racketeering activity that constitutes a pattern of racketeering. GM engaged in illegal acts designed to defraud Plaintiffs and the public—most notably, committing perjury, misleading the public, the United States government and regulatory authorities, and filing purposefully misleading bankruptcy filings. These underlying criminal acts create civil liability under 18 U.S.C. §1962.

## DAMAGES

As a direct and proximate result of the acts, omissions, breaches and violations more fully described above, Plaintiffs have been damaged by GM's acts and/or omissions and those damages are within the jurisdictional limits of this Court.

10

Ultimately, Plaintiffs will ask a jury of their peers to assess a fair and reasonable amount of money damages as compensation for its economic and non-economic injuries, physical pain and mental anguish, loss of society, medical expenses, as well as punishment for GM's actions. Additionally, Plaintiffs seek pre- and post-judgment interest and costs of court, and attorneys' fees.

## EXEMPLARY DAMAGES

GM's actions as described above were intentional and made with knowing disregard for Plaintiffs' rights and/or with malice towards Plaintiffs. Plaintiffs pray for punitive damages in addition to compensatory damages.

## PRAYER

WHEREFORE, Plaintiffs pray that General Motors Corporation and General Motors LLC be duly cited to appear and answer herein and that upon final trial the Court order that the Final Judgment in Cause No. 07-CV-1040, styled *Powledge, et al. v. General Motors Corp.*, be set aside and vacated; that the Court enter judgment for Plaintiffs as outlined above, and for such other and further relief at law or in equity to which Plaintiffs may be justly entitled.

Respectfully submitted,

JOSH DAVIS LAW FIRM

By: /s/ J. P. Davis
    Joshua P. Davis
    State Bar No. 24055379
1010 Lamar, Suite 200
Houston, Texas 77002
(713) 337-4100/Phone
(713) 337-4101/Fax
josh@thejdfirm.com

*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served on all counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on April 28, 2014 as follows:

*Via Facsimile (212) 310-8007*
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Stephen Karotkin, Esq.
      Joseph H. Smolinsky, Esq.


    /s/ J. P. Davis
    Joshua P. Davis

12