5/30/2014 5:59:54 PM
JOHN D. KINARD
District Clerk
Galveston County, Texas

## CAUSE NO. 14-CV-0477

| | | |
|---|---|---|
| DORIS PHILLIPS, f/k/a DORIS POWLEDGE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ADAM POWLEDGE, DECEASED, THE ESTATE OF RACHEL POWLEDGE, DECEASED, THE ESTATE OF ISAAC POWLEDGE, DECEASED, THE ESTATE OF CHRISTIAN POWLEDGE, DECEASED, AND THE ESTATE OF JACOB POWLEDGE, DECEASED, *Petitioner-Plaintiffs,* | § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | GALVESTON COUNTY, TEXAS |
| GENERAL MOTORS CORPORATION, *Respondent-Defendant,* | § § § § | |
| AND | § § | |
| DORIS PHILLIPS, f/k/a DORIS POWLEDGE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ADAM POWLEDGE, DECEASED, THE ESTATE OF RACHEL POWLEDGE, DECEASED, THE ESTATE OF ISAAC POWLEDGE, DECEASED, THE ESTATE OF CHRISTIAN POWLEDGE, DECEASED, AND THE ESTATE OF JACOB POWLEDGE, DECEASED, *Plaintiffs,* | § § § § § § § § § § § § § | |
| VS. | § § § | |
| GENERAL MOTORS CORPORATION, n/k/a MOTORS LIQUIDATION GUC Trust AND GENERAL MOTORS LLC. *Defendants.* | § § § § | 10th JUDICIAL DISTRICT COURT |

## FIRST AMENDED PETITION FOR BILL OF REVIEW
## AND FIRST AMENDED PETITION

TO THE HONORABLE COURT:

Doris Powledge Phillips, f/k/a Doris Powledge, Petitioner-Plaintiff, Individually and as Representative of the Estate of Adam Powledge, deceased, the Estate of Rachel Powledge, deceased, the Estate of Isaac Powledge, deceased, the Estate of Christian Powledge, deceased, and the Estate of Jacob Powledge, deceased (collectively, "Plaintiffs"), complains of General Motors Corporation n/k/a Motors Liquidation GUC Trust ("Old GM"), Respondent-Defendant, and Defendant General Motors LLC ("New GM") (collectively, "GM"), and respectfully shows the following:

### INTRODUCTION

On October 18, 2005 a father and his four children were killed in a fiery one-car accident. That morning Adam Powledge was taking his children to school. As they drove along I-45 in Houston, Adam lost control of his vehicle, a 2004 Chevy Malibu, and drove onto a grassy median. Unable to control the vehicle, the Malibu drove in an almost perfectly straight line until it was cut into two parts, down the middle, by a metal pole located at the center of the median. The car erupted in fire with Adam and the little children inside. These lives were unnecessarily taken from us because of GM's negligence and gross negligence.

On September 6, 2007 Dori Powledge filed suit, *Powledge, et al. v. General Motors Corp.*, Cause No. 07-CV-1040, alleging that an electrical malfunction caused a loss of control of the vehicle. During the litigation GM dismissed Plaintiffs' claims

2

because "[her] theories require failures of both the cruise control and brake systems, as well as the inability to steer." Such a significant malfunction, according to GM, was implausible given that "[Plaintiffs] cannot demonstrate any defect and any alleged 'recall'" of the 2004 Malibu that would have contributed to the accident.

A cornerstone of GM's legal defense to the 2007 lawsuit was a particularly nefarious accusation—that Adam Powledge was not the victim of a GM defect, but was a murderer and intended to kill himself and his children.[1] This defense was used throughout the litigation as a means of undermining Plaintiffs' case.

We now know that GM was aware that the power steering system on the 2004 Malibu—identical to the 2004-2007 Saturn Ion and part of the March 31, 2014 recall— could cause a loss of control. But GM put off a recall and never disclosed this information during the 2007 litigation. And now, in the days since Plaintiffs' Original Bill of Review and Original Petition were filed, we know of even more defects. Below is a chart of all GM recalls affecting Plaintiffs' 2004 Malibu that was the subject of this crash:

---

[1] Exhibit A, *correspondence from A. Zambrano* dated July 27, 2010 at pp. 7; Exhibit B, *Expert Report of S. Syson* dated July 14, 2008, pp. 5 - 15; and Exhibit C, *Rebuttal Assessment Report of S. Syson*, pp. 2, 5, and 6; *See also* Exhibit D, *Report of B. Bowman* dated February 18, 2009, pp. 3.

| Recall Date | Model | Reason(s) | Hazard | What is the recall |
|---|---|---|---|---|
| 5/15/14 | 2004-2012 Malibu | Increased resistance in the Body Control Module (BCM). This condition can cause brake lamp failure, cruise control failure, traction control failure, braking assist failure, electronic stability control failure | Any of the failure conditions increase the risk of a crash | GM will notify owners and dealers, attach wiring harness to BCM with a spacer, apply dialectic lubricant to both the BCM and harness connector, and will relearn the brake pedal home position, free of charge |
| 3/31/14 | 2004-2006 Malibu | Possible loss of electric power steering (EPS) assist could occur at any time while driving | If power steering is lost, greater driver effort required to steer at low speeds, increasing the risk of a crash | At time of recall, parts to fix problem were not currently available. Around April 28, 2014, GM will send bulletin for owners. Dealers will replace torque sensor assembly. |

While the ignition switch recall has received greater media attention, the Malibu is now the most recalled GM vehicle for 2014.[2] According to GM, the 5-15-14 recall listed above is the result of a "problem with the wiring harness associated with the brake lamp."[3] This can cause "the vehicles' brake lights to illuminate when the brakes aren't being engaged, or, on the other hand, **prevent the lights from illuminating when the driver hits the brakes.**"[4] Importantly for Plaintiffs' claims, the problem can also

---

[2] CNNMoney.com, "*Chevy Malibu tops GM's recall parade,*" May 23, 2014,
http://features.blogs.fortune.cnn.com/2014/05/23/chevy-malibu-tops-gms-recall-parade/ (last visited 5-30-14).
[3] Yahoo!News, "*Huge GM Recall: Chevrolet Corvette, Malibu, Silverado, Tahoe, Cadillac CTS, GMC Sierra, More,*" May 15, 2014,
https://autos.yahoo.com/news/huge-gm-recall-chevrolet-corvette-141857653.html?soc_src=mediacontentsharebuttons (last visited 5-30-14).
[4] *Id.*

"disable important systems like **electronic stability control, traction control, panic braking assist, and cruise control.**"[5] These systems were the primary areas that we know Plaintiffs' Malibu demonstrated a lack of control prior to the crash.[6]

We also know that the reason why Ms. Linda Paige Gilman, a witness to the crash and whose testimony was heavily relied upon by GM, testified that she watched Plaintiffs' Malibu prior to the crash, and that "the brake lights never came on...."[7] The brake lights never came on because the problems with the "wiring harness associated with the brake lamp" can **"prevent the lights from illuminating when the driver hits the brakes."** But rather than GM disclosing this known electrical issue, the lack of brake lights being observed *was used as the basis for accusing Adam Powledge of murdering his children.*

When did GM know about this potentially fatal flaw concerning the wiring harness. In 2009, during the height of the 2007 litigation.[8] From USA Today:

> The documents, filed Thursday, show that GM recalled about 8,000 Pontiacs from the 2005 and 2006 model years because the brake lights might not work when the driver stepped on the brake pedal. But the company didn't recall later-model G6s or the Chevrolet Malibu and Saturn Aura until three weeks ago. The cars are nearly identical.

USA Today, "*Documents show another delayed GM recall*," May 29, 2014.

---

[5] *Id.*

[6] Ex. B, pp. 23. Plaintiffs' expert from the 2007 Lawsuit concluded a "mechanical/electrical or environmental failure in the design" was a contributing factor to the crash. Additionally, the expert concluded that the "brake system, throttle control, vehicle speed control and cruise control system is defectively designed..." These are the exact components that are impacted by GM's most recent Malibu recall and that effected Plaintiffs' 2004 Malibu.

[7] Ex. A, pp.2 (*citing* L. Gilman's deposition, 19:4-20).

[8] USA Today, "*Documents show another delayed GM recall*," May 29, 2014,
http://www.usatoday.com/story/money/cars/2014/05/29/another-delayed-gm-recall/9740545/ (last visited 5-30-14).

As noted above, the problem not only impacts the brakes, but "can affect some of a car's other functions. If the cruise control is on, drivers may have to push harder on the brake pedal to get it to disengage.... Also, the cars' traction control, electronic stability control and panic braking assist features, all designed to prevent crashes or lessen their severity, could become disabled."[9] None of this information was provided to Plaintiffs during the 2007 Litigation, but was withheld.

Years later, after bankruptcy forced Plaintiffs and other tort plaintiffs to accept penny-on-the-dollar settlements, GM finally disclosed this information—as it continues to trickle out—that supports Plaintiffs' theory of the case. Rather than a lack of evidence concerning "any defect and any alleged 'recall,'" GM had mountains of evidence that demonstrate its drive-by-wire electrical systems—including the power steering, cruise control, and braking systems—were harming thousands of GM customers nationwide.

But GM fraudulently concealed this information, and lied under oath regarding related electrical failures. In the course of this fraud, GM conspired in bankruptcy, waiting to disclose this information until well after the bankruptcy sale. In hindsight, the financial collapse of 2008-2009 created the perfect opportunity for GM to shed the many lawsuits it was facing as it actively concealed key evidence. Certainly it would be more difficult to justify a taxpayer-funded bailout if GM disclosed the truth—that it put profits ahead of safety.

---

[9] *Id.*

## DISCOVERY CONTROL PLAN

Plaintiffs intend that discovery be conducted under Discovery Level 3.

## PARTIES

Doris Phillips is a resident of Galveston County, Texas.

Defendant General Motors Corporation, n/k/a Motors Liquidation GUC Trust is a foreign for-profit corporation doing business in the state of Texas. Service of process has been obtained and Plaintiffs await an answer. No citation is requested at this time.

General Motors LLC is a foreign for-profit corporation doing business in the state of Texas. Service of process has been obtained and Plaintiffs await an answer. No citation is requested at this time.

## JURISDICTION AND VENUE

This Court has jurisdiction over this controversy because the damages sought by Plaintiffs are within the jurisdictional limits of this Court. Plaintiffs seek damages between $50 million and $300 million.

Venue is proper in this county because all or a substantial part of the actions giving rise to this lawsuit occurred in Galveston County. TEX. CIV. PRAC. & REM. CODE §15.015.

## VERIFIED PETITION FOR BILL OF REVIEW

The affidavit of Dori Powledge Phillips in support of a petition for bill of review is filed with this First Amended Petition For Bill Of Review as Exhibit E, and is incorporated herein by reference for all purposes.

7

## FACTUAL BACKGROUND

On October 18, 2005 Adam Powledge was driving his four children, Isaac, Rachel, Christian, and Jacob to school in the family's 2004 Chevrolet Malibu. As Adam approached the 4600 Block of I-45 North near the intersection of Holland Road, he lost control of the vehicle. Witnesses described the Malibu traveling at a high rate of speed, even as other vehicles began slowing for approaching traffic. As the Malibu drove off the interstate and onto the median it made a straight-line that was so direct in its trajectory that there is one explanation for its course—a vehicle malfunction.

Adam, Rachel, Isaac, Christian and Jacob died at the scene. The wreckage was so severe that valuable evidence was lost. As traumatic as the accident was, GM's subsequent actions have caused further trauma to Plaintiffs.

On September 6, 2007 Plaintiffs filed suit against GM asserting that the crash was the result of an electrical malfunction.[10] During the course of the litigation GM blamed Adam for the crash—GM's primary legal defense was that Adam committed murder-suicide and acted purposefully. On June 1, 2009 GM entered bankruptcy. A government orchestrated purchase allowed New GM to purchase assets and avoid liabilities of Old GM. Plaintiffs 2007 Lawsuit was transferred to the bankruptcy court and Plaintiffs were ordered to mediation.

Plaintiffs agreed to a confidential settlement based on a fundamental belief—that GM was litigating in good faith and adhering to due process by producing relevant,

---

[10] Exhibit F, *Plaintiffs' Fourth Amended Petition, Powledge, et al v. General Motors Corp.*, Cause No. 07-CV-1040 (July 3, 2008).

8

discoverable evidence and testifying truthfully while under oath. That belief was misplaced. Rather than conducting discovery in a forthright manner, GM was committing fraud by withholding key documents concerning the power steering system.

On March 31, 2014 GM notified the National Highway Safety Administration of a safety recall that GM initiated due to a defect in the power steering system. Plaintiffs' 2004 Chevy Malibu driven by Adam on October 18, 2005 was included in the list of vehicles that were recalled. Then, on May 15, 2014 GM recalled Plaintiffs' Malibu concerning a "problem with the wiring harness associated with the brake lamp."[11] This can cause "the vehicles' brake lights to illuminate when the brakes aren't being engaged, or, on the other hand, **prevent the lights from illuminating when the driver hits the brakes.**"[12] Importantly for Plaintiffs' claim, the problem can also "disable important systems like **electronic stability control, traction control, panic braking assist, and cruise control.**"[13]

Contrary to GM's smears and accusations, Adam did nothing wrong—he was the innocent victim of GM's negligence, gross negligence and cover-up. Dori and her family, as they mourned this unspeakable loss, had to contend with these baseless accusations. GM knowingly made these accusations as it withheld evidence that proves Adam did not murder his children.

---

[11] Yahoo!News, "*Huge GM Recall: Chevrolet Corvette, Malibu, Silverado, Tahoe, Cadillac CTS, GMC Sierra, More,*" May 15, 2014,
https://autos.yahoo.com/news/huge-gm-recall-chevrolet-corvette-
141857653.html?soc_src=mediacontentsharebuttons (last visited 5-30-14).
[12] *Id.*
[13] *Id.*

Plaintiffs bring their First Amended Petition for Bill of Review and First Amended Petition to right this incredible wrong.

## PETITION FOR BILL OF REVIEW

Plaintiffs filed suit against GM on September 6, 2007, *Doris Powledge, et al. v. General Motors Corp.* The parties litigated—believing GM was conducting itself as a forthright litigant—for almost 2-years. Then, on June 1, 2009 GM filed for bankruptcy in United States Bankruptcy Court in New York.[14] Shortly after GM's bankruptcy the 2007 Lawsuit was transferred to the bankruptcy court.

The parties subsequently reached a settlement in bankruptcy. This settlement was based on several factors, most significantly that GM was in bankruptcy and was vigorously defending itself. GM hired multiple experts in its defense, and accused Adam Powledge of negligent and purposeful actions that caused the wreck.

GM has committed a fraud on the public for over a decade. That fraud has been acutely felt by the Powledge family.

In the prior suit GM wrongfully and fraudulently withheld evidence that prohibited Plaintiffs from fully and fairly making their claims.[15] The underlying settlement was based on GM's extrinsic fraud and the settlement should be overturned. Plaintiffs stand ready to deposit the settlement proceeds into the registry of the Court.

---

[14] Exhibit G, *In re General Motors Corp.*, Cause No. 09-50026, filed June 1, 2009.
[15] Exhibit H, *"Sending Alerts Instead, G.M. Delayed Car Recalls,"* New York Times, April 19, 2014; http://www.nytimes.com/2014/04/20/business/sending-alerts-gm-delayed-recall-of-cars.html?_r=0.

## ARGUMENT

Generally, a plaintiff must allege and prove:

(1) a meritorious defense to the cause of action alleged to support the judgment,

(2) which he was prevented from making by the fraud, accident or wrongful act of
    the opposite party,

(3) unmixed with any fault or negligence of his own.

*Alexander v Hagedorn* , 226 SW2d 996, 998 (Tex 1950); *See also Hagedorn,* 148 Tex. at

568–69, 226 S.W.2d at 998; *Transworld Fin. Services Corp. v. Briscoe*, 722 S.W.2d 407

(Tex. 1987). GM's extrinsic fraud that includes lying under oath and withholding key

documents and evidence that would prove Plaintiffs' 2007 Lawsuit constitute sufficient

*prima facie* evidence to meet this standard.[16]

Pleading further, the statute of limitations for this bill of review did not begin to

run until August 7, 2012, when the final judgment was signed. Plaintiffs filed their

petition within 4-years of the date of that judgment. This suit, therefore, was brought

within the period of limitations and is not barred by limitations. It would deprive

Plaintiffs of their right to due process guaranteed in the federal constitution to bar this

action by limitations.

---

[16] *Chapman v. Chapman*, 591 S.W.2d 574, 577 (Tex. Civ. App.—Fort Worth 1979, no writ)(examples of
sufficient extrinsic fraud to warrant a new trial include a plaintiff that is misled by fraud or deception:
"[I]n other words fraud which denied him the opportunity to fully litigate upon the trial all the rights or
defenses he was entitled to assert.").

## ORIGINAL PETITION

### *Claims*

### FRAUD

Plaintiffs expected—and had the right to expect—that GM would adhere to due process and would respect the litigation process, this Court, and act lawfully in defending itself against Plaintiffs' claims. GM had actual knowledge of the evidence it was withholding, and withheld that evidence purposefully. The intentional misrepresentations, including lying under oath and withholding key documents that would prove Plaintiffs' claims and undermine GM's defense that Adam Powledge acted purposefully demonstrates an intent to deceive Plaintiffs. Plaintiffs relied upon GM as—at a minimum—a litigant that would not violate the law as it litigated with Plaintiffs.

GM and its agents, made numerous misrepresentations. GM's representations were known to be false when made or made recklessly without knowledge of the truth and were made as positive assertions. GM made material misrepresentations to Plaintiffs or failed to disclose material facts to Plaintiffs concerning GM's knowledge of the causes of the underlying accident.

GM intended that Plaintiffs rely on these false or unknowing statements to their detriment and injury upon the false statements and impressions of fact being made, and on the presumption that no material facts of the contrary existed. Plaintiffs relied to their detriment upon the false statements and impressions of fact purposely created by GM. As a result, Plaintiffs have been damaged in an amount within the jurisdictional limits of the Court.

12

## ASSISTING OR ENCOURAGING – CONSPIRACY – AIDING AND ABETTING-RATIFICATION – PIERCING THE CORPORATE VEIL – JOINT ENTERPRISE

Plaintiffs plead the theories of assisting or encouraging conspiracy, conspiracy, aiding and abetting conspiracy, ratification, and fraudulent enterprise as a means of employing joint/mutual liability for GM's tortious conduct and damages made the basis of this suit.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In the alternative, Plaintiffs plead that GM intentionally caused Dori Powledge Phillips severe emotional distress and that GM's conduct is extreme and outrageous. GM not only withheld key evidence, but it accused Adam Powledge of murder-suicide as part of its legal defense. Such knowing and malicious conduct is not sanctioned by the litigation privilege.

### RACKETEERING

GM engaging in multiple illegal acts of racketeering activity that constitutes a pattern of racketeering. GM engaged in illegal acts designed to defraud Plaintiffs and the public—most notably, committing perjury, misleading the public, the United States government and regulatory authorities, and filing purposefully misleading bankruptcy filings. These underlying criminal acts create civil liability under 18 U.S.C. §1962.

### DAMAGES

As a direct and proximate result of the acts, omissions, breaches and violations more fully described above, Plaintiffs have been damaged by GM's acts and/or omissions and those damages are within the jurisdictional limits of this Court.

13

Ultimately, Plaintiffs will ask a jury of their peers to assess a fair and reasonable amount of money damages as compensation for its economic and non-economic injuries, physical pain and mental anguish, loss of society, medical expenses, as well as punishment for GM's actions. Additionally, Plaintiffs seek pre- and post-judgment interest and costs of court, and attorneys' fees.

## EXEMPLARY DAMAGES

GM's actions as described above were intentional and made with knowing disregard for Plaintiffs' rights and/or with malice towards Plaintiffs. Plaintiffs pray for punitive damages in addition to compensatory damages.

## PRAYER

WHEREFORE, Plaintiffs pray that General Motors Corporation and General Motors LLC be duly cited to appear and answer herein and that upon final trial the Court order that the Final Judgment in Cause No. 07-CV-1040, styled *Powledge, et al. v. General Motors Corp.*, be set aside and vacated; that the Court enter judgment for Plaintiffs as outlined above, and for such other and further relief at law or in equity to which Plaintiffs may be justly entitled.

Respectfully submitted,

**JOSH DAVIS LAW FIRM**

By:   /s/ J. P. Davis
       Joshua P. Davis
       State Bar No. 24055379
1010 Lamar, Suite 200
Houston, Texas 77002
(713) 337-4100/Phone
(713) 337-4101/Fax
josh@thejdfirm.com
*Attorneys for Plaintiffs*

**WYLY & COOK, LLP**
Brad T. Wyly
State Bar No. 24042198
Kelly E. Cook
State Bar No. 24062675
4101 Washington Ave.
Houston, Texas 77007
(713) 236-8330/Phone
(713) 863-8502/Fax
bwyly@wylycooklaw.com
kcook@wylycooklaw.com

**THE GALTNEY LAW FIRM, PLLC**
Robert F. Galtney
State Bar No. 24067612
820 Gessner, Suite 1850
Houston, Texas 77024
(713) 491-4299/Phone
(832) 603-4029/Fax
rgaltney@galtney.com

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served on all counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on May 30, 2014 as follows:

*Via Facsimile (212) 310-8007*
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Stephen Karotkin, Esq.
      Joseph H. Smolinsky, Esq.

*Via Facsimile (214) 369-2118*
Hartline Dacus Barger Dreyer, LLP
6688 N. Central Expy.
Suite 1000
Dallas, Texas 75206
Attn: Jeff J. Cox

_____/s/ J. P. Davis_____
Joshua P. Davis