IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DORIS PHILLIPS, f/k/a DORIS POWLEDGE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ADAM POWLEDGE, DECEASED, THE ESTATE OF RACHEL POWLEDGE, DECEASED, THE ESTATE OF ISAAC POWLEDGE, DECEASED, THE ESTATE OF CHRISTIAN POWLEDGE, DECEASED, AND THE ESTATE OF JACOB POWLEDGE, DECEASED,<br>    *Petitioner-Plaintiff,* | § § § § § § § § § § § § § § | Civil Action No: 3:14-cv-00192 |
| VS. | § § | |
| GENERAL MOTORS CORPORATION,<br>    *Respondent-Defendant*, | § § § § | |
| AND | § § | |
| DORIS PHILLIPS, f/k/a DORIS POWLEDGE, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ADAM POWLEDGE, DECEASED, THE ESTATE OF RACHEL POWLEDGE, DECEASED, THE ESTATE OF ISAAC POWLEDGE, DECEASED, THE ESTATE OF CHRISTIAN POWLEDGE, DECEASED, AND THE ESTATE OF JACOB POWLEDGE, DECEASED,<br>    *Plaintiff,* | § § § § § § § § § § § § § § § | |

|  |  |
|---|---|
| VS. | § |
|  | § |
| GENERAL MOTORS | § |
| CORPORATION | § |
| AND GENERAL MOTORS LLC, | § |
| *Defendants.* | § |

## AGREED STAY STIPULATION

WHEREAS, the above-referenced plaintiff(s) ("**Plaintiff(s)**") commenced this action ("**Action**") against General Motors LLC ("**New GM**") and the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), asserting claims against New GM and the GUC Trust all as more particularly described in the complaint filed in the Action;

WHEREAS, on August 1, 2014, New GM filed the *Motion Of General Motors LLC Pursuant To 11 U.S.C. §§ 105 And 363 To Enforce This Court's July 5, 2009 Sale Order And Injunction Against Plaintiffs In Pre-Closing Accident Lawsuits* ("**Motion to Enforce**") in the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**") asserting, *inter alia*, that (i) the Action violates the Order of the Bankruptcy Court, dated July 5, 2009 ("**Sale Order and Injunction**") approving the sale of substantially all of the assets from General Motors Corp. (n/k/a Motors Liquidation Company) ("**Old GM**") to New

2

GM, and the injunction contained therein, and (ii) the Bankruptcy Court has exclusive jurisdiction to interpret and enforce the Sale Order and Injunction;

WHEREAS, a Status Conference with respect to the Motion to Enforce was held in the Bankruptcy Court on August 18, 2014 and an Order was noticed for settlement on September 2, 2014 ("**Scheduling Order**"), pursuant to which the Bankruptcy Court will establish certain procedures to address the issues raised in the Motion to Enforce. One of the procedures set forth in the Scheduling Order provides that the Plaintiff(s) shall be given a specific period of time to enter into voluntary stipulations with New GM[1] for a stay of all proceedings in this Action against New GM; and

WHEREAS, subject to the terms hereof, and any further order of the Bankruptcy Court, the Plaintiff(s) have agreed to voluntarily stay this Action pending a resolution by the Bankruptcy Court of the issues raised in the Motion to Enforce or as otherwise set forth herein.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Plaintiff(s), New GM, and the GUC Trust (collectively, the "**Parties**"), as follows:

---

[1] For purposes of this Stipulation, New GM shall also include General Motors Holdings LLC and General Motors Company. As the *Phillips* matter names the GUC Trust as a defendant, all parties agree that it is appropriate for the stay of that matter to extend to the GUC Trust as well.

3

1. The Parties have agreed to enter into this Stipulation to stay the Action against New GM and the GUC Trust, and that Plaintiff(s), subject to further order of the Bankruptcy Court, shall not seek to further prosecute this Action during the "Interval" against New GM or the GUC Trust. For purposes hereof, (a) the "**Interval**" shall commence on the date of this Stipulation and shall end 30 days after a Final Order(s) is entered resolving all issues raised in the Motion to Enforce, and (b) "**Final Order**" shall mean the entry of an order by the Bankruptcy Court, and the time period to file an appeal of such order has expired.

2. The Parties agree that this Stipulation terminates when, and to the extent that, the Bankruptcy Court grants relief from the stay of this Action as set forth in this Stipulation; provided however if a plaintiff in a different Pre-Closing Accident Lawsuit (as defined in the Motion to Enforce) obtains a ruling from the Bankruptcy Court which permits that plaintiff to go forward in its Pre-Closing Accident Lawsuit, the Plaintiff(s) who signed this Stipulation reserves the right to promptly seek the same relief from the Bankruptcy Court as it applies to this Action if the same factual and/or legal predicate on which the other plaintiff obtained relief applies to the Plaintiff(s) in this Action as it did to the plaintiff in the other Pre-Closing Accident Lawsuits who obtained such relief.

3. To the extent this Action is consolidated with, administered together with, or administered in conjunction with, the proceedings in *In re General Motors*

*LLC Ignition Switch Litigation*, MDL 2543, currently pending in the United States District Court for the Southern District of New York (the "MDL Court"), the Parties agree that this Stipulation shall not interfere with hearings or procedures otherwise scheduled by the MDL Court. Except as otherwise ordered or permitted by the MDL Court or the Bankruptcy Court, Plaintiff(s) agrees that it will continue to abide by this Stipulation in the MDL Court during the Interval, including by not initiating any motion practice with respect to this Action; provided, however, nothing in this Stipulation prevents or should be construed to prevent the MDL Court from taking (or permitting) such actions as that Court deems fit or appropriate.

    4.    The Parties each agree to execute such documents as may be reasonably necessary to carry out the terms of this Stipulation, including but not limited to any documents required by any other court to effectuate the implementation of this Stipulation.

    5.    In the event an ambiguity or question of intent or interpretation arises with respect to this Stipulation, this Stipulation shall be construed as if drafted by all Parties, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any provision of this Stipulation.

6. This Stipulation shall be governed by and construed in accordance with the substantive laws of the State of New York, without regard to the conflict of laws principles thereof.

7. This Stipulation constitutes the entire agreement and understanding between the Parties regarding the subject matter herein, and supersedes any Party's promises to or agreements with any other Party with respect to the subject matter herein. No waiver or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by the Parties hereto.

8. Nothing set forth herein is intended to modify the terms of the Scheduling Order. If there are any inconsistencies or conflicts between the terms of this Stipulation and the terms of the Scheduling Order, the terms of the Scheduling Order shall control.

9. This Stipulation may, but is not required to, be filed by any Party in the Action and in the Bankruptcy Court.

10. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or e-mail transmission, and each of which shall be deemed an original.

Dated: September 4, 2014     Respectfully submitted,

          By:  /s/ Kyle H. Dreyer
**KYLE H. DREYER (LEAD COUNSEL)**
State Bar No. 06119500
Federal Bar No. 14721
kdreyer@hdbdlaw.com
**JEFFREY J. COX**
Attorney-In-Charge
Federal Bar No. 23531
State Bar No. 04947530
jcox@hdbdlaw.com
**GIOVANNA TARANTINO BINGHAM**
Federal Bar No. 568188
State Bar No. 24042613
gtarantino@hdbdlaw.com
**ROY B. MCKAY**
Federal Bar No. 2257977
State Bar No. 24071171
rmckay@hdbdlaw.com
**HARTLINE DACUS BARGER DREYER LLP**
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
(214) 369-2100
(214) 369-2118 (fax)

*Attorneys for Defendant*
*GENERAL MOTORS LLC*

By: /s/ Joshua P. Davis
**Joshua P. Davis (LEAD COUNSEL)**
State Bar No. 24055379
Federal Bar No. 1109971
josh@thejdfirm.com
**JOSH DAVIS LAW FIRM**
1010 Lamar, Suite 200
Houston, Texas 77002
(713) 337-4100/Phone
(713) 337-4101 /Fax

**Brad T. Wyly**
State Bar No. 24042198
bwyly@wylycooklaw.com
**Kelly E. Cook**
State Bar No. 24062675
kcook@wylycooklaw.com
**WYLY & COOK, LLP**
4101 Washington Ave.
Houston, Texas 77007
(713) 236-8330/Phone
(713) 863-8502/Fax

**Robert F. Galtney**
State Bar No. 24067612
rgaltney@galtney.com
**THE GALTNEY LAW FIRM, PLLC**
820 Gessner, Suite 1850
Houston, Texas 77024
(713) 491-4299/Phone
(832) 603-4029/Fax

*Attorneys for Plaintiffs*

By: /s/ Eric B. Fisher
**ERIC B. FISHER (LEAD COUNSEL)**
Admitted *pro hac vice*
fishere@dicksteinshapiro.com
**SHAYA M. BERGER**
Admitted *pro hac vice*
bergers@dicksteinshapiro.com
**COLLEEN KILFOYLE**
Admitted *pro hac vice*
ckilfoyle@dicksteinshapiro.com
**DICKSTEIN SHAPIRO LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

*Attorneys for Defendant*
*MOTORS LIQUIDATION COMPANY*
*GUC TRUST*

## CERTIFICATE OF SERVICE

This hereby certifies that on September 4, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

By: /s/ Kyle H. Dreyer
Kyle H. Dreyer