Page 1

1  UNITED STATES BANKRUPTCY COURT
2  SOUTHERN DISTRICT OF NEW YORK
3  - - - - - - - - - - - - - - - - - - - - - - - - - -x
4  In the Matter of:
5                                          Chapter 11
6  MOTORS LIQUIDATION COMPANY,              Case No.: 09-50026(REG)
7  et al, f/k/a General Motors              (Jointly Administered)
8  Corp., et al.,
9
10         Debtors.
11 - - - - - - - - - - - - - - - - - - - - - - - - - -x
12
13             U.S. Bankruptcy Court
14             One Boling Green
15             New York, New York
16
17             August 18, 2014
18             9:46 AM
19
20
21 B E F O R E :
22 HON ROBERT E. GERBER
23 U.S. BANKRUPTCY JUDGE
24
25

1  Hearing re:  Threshold Issues Letters, filed pursuant to the
2  Supplemental Scheduling Order, Dated July 11, 2014.
3
4  Hearing re:  Motion of General Motors LLC Pursuant to 11
5  U.S.C. § 105 And 363 To Enforce the Sale Order And
6  Injunction ("Motion to Enforce"), filed by General Motors
7  LLC (ECF 12620, 12621).
8
9  Hearing re:  Motion of General Motors LLC Pursuant to 11
10 U.S.C. §§ 105 and 363 to Enforce This Court's July 5, 2009
11 Sale Order And Injunction Against Plaintiffs In Pre-Closing
12 Accident Lawsuits ("Pre-Closing Accident Lawsuits Motion to
13 Enforce"), filed by General Motors LLC (ECF 12807).
14
15 Hearing re:  Motion of General Motors LLC Pursuant to 11
16 U.S.C. §§ 105 and 363 To Enforce This Court's July 5, 2009
17 Sale Order And Injunction (Monetary Relief Actions, Other
18 than Ignition Switch Actions)("Monetary Relief Actions
19 Motion to Enforce"), filed by General Motors LLC (ECF
20 12808).
21
22
23
24
25 Transcribed by:  Dawn South

```
 1  A P P E A R A N C E S :
 2  KING & SPALDING LLP
 3       Attorneys for General Motors LLC
 4       1185 Avenue of the Americas
 5       New York, NY 10036-4003
 6
 7  BY:  ARTHUR J. STEINBERG, ESQ.
 8       SCOTT DAVIDSON, ESQ.
 9
10  KIRKLAND & ELLIS
11       Attorney for New GM
12       300 North LaSalle
13       Chicago, IL 60654
14
15  BY:  RICHARD C. GODFREY, P.C., ESQ.
16
17  STUZMAN, BROMBERG, ESSERMAN & PLIFKA
18       Attorney for the Plaintiffs
19       2323 Bryan Street
20       Suite 2200
21       Dallas, TX 75201-2689
22
23  BY:  SANDER L. ESSERMAN, ESQ.
24
25
```

1    BROWN RUDNICK LLP
2        Attorneys for Plaintiffs
3        Seven Times Square
4        New York, NY 10036
5
6    BY:   EDWARD WEISFELNER, ESQ.
7          DAVID J. MOLTON, ESQ.
8          HOWARD S. STEEL, ESQ.
9
10   GOODWIN ROCTER LLP
11       Attorneys for Hilliard, et al.
12       The New York Times Building
13       620 Eighth Avenue
14       New York, NY 10018
15
16   BY:   WILLIAM P. WEINTRAUB, ESQ.
17         EAMONN O'HAGAN, ESQ.
18
19   AKIN GUMP STRAUSS HAUER & FELD LLP
20       Attorney for Holders of Units in the GUC Trust
21       One Bryant Park
22       New York, NY 10036-6745
23
24   BY:   DANIEL H. GOLDEN, ESQ.
25

| | |
|---|---|
| 1 | CAPLIN & DRYSDALE, CHARTERED |
| 2 |     Attorney for Holders of Units in the GUC Trust |
| 3 |     600 Lexington Avenue |
| 4 |     21st Floor |
| 5 |     New York, NY 10022-7619 |
| 6 | |
| 7 | BY: ELIHU INSELBUCH, ESQ. |
| 8 | |
| 9 | GIBSON, DUNN & CRUTCHER LLP |
| 10 |     Attorney for Motors Liquidation GUC Trust |
| 11 |     200 Park Avenue |
| 12 |     New York, NY 10166-0193 |
| 13 | |
| 14 | BY: LISA H. RUBIN, ESQ. |
| 15 | |
| 16 | GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP |
| 17 |     Attorneys for the Plaintiffs |
| 18 |     437 Madison Avenue |
| 19 |     New York, NY 10022 |
| 20 | |
| 21 | BY: JONATHAN FLAXER, ESQ. |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

```
 1   LAW OFFICES OF JOSH DAVIS
 2        Attorney for Dori Powledge
 3        1010 Lamar
 4        Suite 200
 5        Houston, TX 77002
 6
 7   BY:  JOSH DAVIS, ESQ.
 8
 9   HAGENS BERMAN SOBOL SHAPIRO LLP
10        555 Fifth Avenue
11        Suite 1700
12        New York, NY 10017
13
14   BY:  JASON A. ZWEIG, ESQ.
15
16   WOLF HALDENSTEIN ADLER FREEMAN & HERBZ LLP
17        Attorney for the Groman Plaintiffs
18        270 Madison Avenue
19        New York, NY 10016
20
21   BY:  ALEXANDER H. SCHMIDT, ESQ.
22
23
24
25
```

1  GENERAL MOTORS COMPANY
2       Attorney for General Motors
3       400 Renaissance Center
4       P.O. Box 400
5       Detroit, MI 48265-4000
6
7  BY:  L. JOSEPH LINES III, ESQ.
8
9  OTTERBOURG
10      Bankruptcy Liaison Counsel
11      230 Park Avenue
12      New York, NY 10169
13
14 BY:  MELANIE L. CYGANOWSKI, ESQ.
15
16
17
18
19
20
21
22
23
24
25

1  New GM had already filed a 12(b)(6) motion, we were in the
2  midst of very active litigation, and at no time had they
3  indicated either to plaintiff, myself, my client, or to this
4  Court that they were going to be enforcing the sale order as
5  to personal injury claims, even those that predated the sale
6  order. It was only on August 1st that that occurred.
7      So to the extent that New GM in its briefing in
8  its letter to the Court has somehow complained of
9  plaintiff's counsel ignoring the injunctive order of the
10 Court or the sale order we were simply operating on what was
11 already New GM's public statements concerning its
12 willingness or unwillingness to litigate these issues with
13 this Court.
14     THE COURT: Pause, please, Mr. Davis.
15     I don't think anybody, or at least I'm not trying
16 to find fault with you in trying to represent your client up
17 to this point, I guess the issue that I have is can we weave
18 your needs and concerns into the scheduling orders that I've
19 previously entered and I'm about to enter, and can you join
20 the dialogue, and will you enter into a stay stip to tee
21 those issues up before me either in conjunction with or
22 shortly after the other guys?
23     MR. DAVIS: With regard to the legal issues that
24 have already been discussed, due process, mootness, those
25 issues I think can adequately be addressed by myself on the

1  kind of extended timeline that the Court has already

2  outlined.

3           With regard to my client's specific recall that we

4  think is the actual cause of this wreck, which is a May 15th

5  recall that does not impact or implicate the ignition

6  switch, but is solely about a brake wiring harness that has

7  not been the subject of the Valucas report, has not been the

8  subject of multiple congressional hearings in which GM

9  provided documents, and certainly would not be discussed

10 significantly in what's already been ordered to be delivered

11 the redelivery materials by the MDL, my client is prejudiced

12 from being able to adequately brief the merits of her fraud

13 claim that is specific to her and to the recall that we

14 think most closely fits the facts as that know them in terms

15 of what caused the upside lying wreck.

16          THE COURT:  Well you're saying two separate

17 things, Mr. Davis, let's slice and dice them.

18          One you're saying that you don't have an ignition

19 switch issue but you have a separate issue, and then second

20 you're saying that although you enter into a stip you were

21 defrauded effectively in entering into that stip either by

22 things that were said to you or by discovery violations, if

23 I hear you right.

24          Although the offense -- alleged offense that New

25 GM entered into or engaged in doesn't involve an ignition

Page 79

1  switch it at least seemingly has a lot of overlap with the
2  other issues that the other folks are litigating, except
3  that I guess whether there was failures of disclosure,
4  vis-à-vis, your problem, I think you said a harness in --
5          MR. DAVIS:  A brake wiring harness.
6          THE COURT:  Brake wiring harness.  And that's an
7  electro mechanical device that links the brake pedal with
8  the brakes actually operating or something different?
9          MR. DAVIS:  Yes, and there are associated problems
10 with the cruise control, power steering, other similar
11 effects that have been described by an ignition switch
12 defect, but given the fact that one of the -- one of the
13 side affects of this issue is that the brake lights fail to
14 come on when you're applying the brake.
15         Well GM as part of its murder, suicide,
16 affirmative defense specifically highlighted the fact that
17 witnesses testified they did not observe brake lights
18 leading up to impact.
19         THE COURT:  And your contention is that the reason
20 that the brake lights didn't light up is unrelated to
21 whether or not the driver put his foot on the brake pedal.
22         MR. DAVIS:  Well we know -- well, it's plaintiff's
23 position --
24         THE COURT:  You're saying that even though he
25 might have put his foot on the brake pedal the witnesses

```
                                                        Page 80
 1    might have not seen brake lights because of the separate
 2    issue that you're identifying.
 3              MR. DAVIS:  Correct.  The brake wiring harness.
 4              THE COURT:  I understand the issue.
 5              MR. DAVIS:  Okay.
 6              THE COURT:  Obviously I'm not dealing with the
 7    merits.
 8              MR. DAVIS:  And --
 9              THE COURT:  But forgive me, I could swear that you
10    had a vehicle produced back in the Old GM era, like a 2007
11    or was that the time of the accident and the vehicle was
12    made even before that?
13              MR. DAVIS:  It was a 2004 Malibu, and the accident
14    occurred on October 18th, 2005.
15              THE COURT:  Oh, 2005.
16              MR. DAVIS:  But in -- I'll just quickly, Your
17    Honor, my delineation between what we can stipulate to and
18    what we can't is purely the legal arguments in which the
19    Court is going to be assessing due process violations and
20    legal arguments concerning, for example, the correct
21    standard for fraud on the Court that can certainly be
22    briefed absent some specific discovery regarding the brake
23    wiring harness recall that we think my client's underlying
24    case was caused by.
25              The thing that I think certainly my individual
```

Page 81

1  client needs to be provided discovery on is documents that
2  have never been produced to anyone and certainly haven't
3  been the subject of an internal GM report.
4            The Valucas report is going to provide and has
5  provided a lot of information and documents that are
6  applicable to the ignition switch recall that simply are not
7  going to be particularly helpful regarding the recall that
8  based on what we know seems to be most applicable to this
9  underlying crash.
10           THE COURT: Okay. Well, Mr. Davis, I'm not here
11 to play let's make a deal with you. I can tell you if you
12 don't already know how I've ruled on people who are of a
13 mind to go it alone and who have made similar arguments to
14 you, and I encourage you to read my decisions in the Finuf
15 (ph) and Elliott matters.
16           You have the right if you want to file a no stay
17 pleading. I guess it would have to come after New GM filed
18 something, which I'm not sure if it's fully filed yet or
19 not. And if you do you'd have to -- or if you're thinking
20 about doing it you'd have to make a preliminary decision
21 first as to whether you can comply with Bankruptcy Rule 9011
22 which is like Federal Civil Rule 11, in light of the rulings
23 in that area.
24           I imagine you could enter into a stip with New GM
25 so you could go directly up on appeal if you wanted to

Page 82

1    without subjecting yourself to Rule 11 risks.

2              At some point your contentions will be heard

3    either as flowing from the matters that are already before

4    me or anything else you want to argue, but the chances of

5    you being allowed to go it alone ahead of the other -- I

6    thought there were 94 -- I thought I heard 104 at this point

7    -- others, practically everybody is making arguments that

8    their cases -- that's an exaggeration -- many people are

9    making arguments that their cases are special.

10             You also heard the back and forth on discovery

11   today.  If I'm not of a mind to allow discovery of the type

12   that Mr. Flaxer issued or desired, which had some legitimate

13   justification, albeit on balancing I ruled against him, I

14   have some great difficulty, I'll just at the start of every

15   argument I tell you what I need you to address and this is

16   what I'm going need you to address, why your claim that you

17   should get any discovery at this point is any different.  It

18   sounds like it's a lot worse.

19             MR. DAVIS:  Well, Your Honor --

20             THE COURT:  But here's what I'm telling you you

21   got to do.  You're to caucus with the other parties in this

22   case, get yourself bankruptcy counsel, because at least

23   seemingly if you have a vehicle made by Old GM prepetition

24   it's subject to at least one of the three categories of the

25   sale order that New GM has been relying upon and going

Page 83

1  against people like the Finufs and the Elliotts and most of
2  the others, and if you want to deal with it the mechanism is
3  going to be by a no stay pleading.
4          Sooner or later your concerns are going to be
5  heard, but the chances of you being allowed to litigate them
6  in another court before I've ruled on this issue are about
7  the same as me playing for the Knicks, or in your term it's
8  the Rockets.
9          MR. DAVIS:  And I understand Your Honor's
10 instruction regarding the stay.
11         THE COURT:  Okay.
12         MR. DAVIS:  It's not -- it's not my intent to file
13 something that is clearly so unnecessary based on Your
14 Honor's representations from the bench.
15         THE COURT:  I appreciate that.
16         I would encourage you to have a dialogue with the
17 other guys to see when and how your claim should be
18 addressed in the context of everything else that's being
19 addressed.
20         MR. DAVIS:  And I will certainly abide by the
21 Court's instruction on that issue as well.
22         That being said, with regard to discovery I don't
23 know how to make this any clearer.  Plaintiff's claims were
24 being actively litigated related to recalls that are
25 completely unrelated and were not addressed by the Valucas

Page 84

1  report or any documents that would be subject to the
2  redelivery material, and for that reason being able for my
3  client to demonstrate the due process prejudice that
4  occurred to her it's very difficult to say that we are
5  somehow going to be able to rely on these documents that
6  don't appear to be particularly relevant to her recall that
7  underlies her due process claim because there just hasn't
8  been much.
9         You know, the Valucas report doesn't address the
10 brake wiring harness recall or what GM knew or when it knew
11 or when it didn't disclose information or documents to
12 either this Court or to my client.
13        And it would seem that because my client's claims
14 are so intertwined on that specific recall that we would be
15 able to get some documents similar to those that have
16 already been produced by GM but specific to this recall.
17        Because at the end of the day, Your Honor, I
18 imagine I'm going to be left in a position where the Court
19 having the briefing from both sides is going to be looking
20 at the stipulations and certainly all the documents that are
21 being relied upon, moth significantly the Valucas report,
22 and I'm going to be left out in the cold because my claim
23 and the underlying prejudice relates to a recall that is
24 completely separate and not addressed by either the Valucas
25 report or any congressional hearing.  That's my issue.

Page 85

1        THE COURT:  I understand your issue, Mr. Davis, I
2   understood it the first time you told it to me.
3        MR. DAVIS:  Okay.
4        THE COURT:  The problem is as I articulated to
5   you, that the sale order and related sale injunction don't
6   mention ignition switches.  What they speak of is vehicles
7   that were manufactured by Old GM.
8        I am not going prejudge the ultimate outcome of
9   any controversy between you and Mr. Steinberg on that issue,
10  and I don't rule out for half a second that sooner or later
11  you're going to get the discovery you're looking for.
12       But the procedural issue before me now is how in
13  the context of 104 or whatever individual and class actions,
14  mainly the latter, that are on my watch, the extent to which
15  I allow matters premised on the outcome of arguments to
16  govern how I manage them before I decide the underlying
17  issues.
18       And as I stated in the Finuf decision I am
19  unwilling to assume the outcome in determining my extent of
20  jurisdiction to decide the underlying issues.
21       MR. DAVIS:  I appreciate that.
22       THE COURT:  Thank you.
23       MR. DAVIS:  Again.
24       THE COURT:  Okay.  Anybody else wanting to be
25  heard at this point on the issue that I discussed with