# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Lisa H. Rubin
Direct: +1 212.351.2390
Fax: +1 212.716.0790
LRubin@gibsondunn.com

May 12, 2015

VIA ECF AND ELECTRONIC MAIL

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

Re: *In re Motors Liquidation Co.*, Case No. 09-50026 (REG)

Dear Judge Gerber:

We write jointly on behalf of Wilmington Trust Company, as trustee for and trust administrator of the Motors Liquidation Company GUC Trust (the "GUC Trust"), and certain participating GUC Trust Unitholders (the "Unitholders").

In keeping with the Court's April 15 Decision on the Motions to Enforce the Sale Order (the "Decision") [Docket No. 13109] and Your Honor's May 5, 2015 endorsed order [Docket No. 13131], counsel for the GUC Trust and the Unitholders have participated in extensive negotiations regarding a proposed form of judgment memorializing the Court's Decision. Unfortunately, the parties' meet-and-confer process did not produce an agreed-upon form of judgment, and other parties have now submitted competing proposals to Your Honor.

The dispute between Plaintiffs and New GM primarily concerns issues to which the GUC Trust and Unitholders are peripheral, and for the sake of judicial economy, we have not submitted our own proposed form of judgment. However, we object to Plaintiffs' proposed language concerning the equitable mootness issue. Among other problems, that language seeks to circumvent the Court's equitable mootness holding in the Decision. Specifically, Plaintiffs' proposed form of judgment is intended to, and would, allow Plaintiffs to seek to recover from the GUC Trust any assets that the GUC Trust obtains now or in the future, including by operation of the so-called "accordion feature" of the MSPA. It also would exempt from the equitable mootness holding any Ignition Switch Plaintiff, Non-Ignition Switch Plaintiff, or Pre-Closing Accident Plaintiff who has already filed a proof of claim, such as Doris Powledge Phillips, whose Rule 60(b) motion to vacate her August 2010 settlement with Motors Liquidation Company is pending before this Court, so that such

**GIBSON DUNN**

The Honorable Robert E. Gerber
May 12, 2015
Page 2

plaintiff may seek to amend his or her claim and/or obtain increased distributions from the GUC Trust.

In our view, Plaintiffs' proposed language on equitable mootness does not accurately reflect the Decision, or appropriately consider the briefing and argument that was submitted to the Court by Designated Counsel for the Ignition Switch Plaintiffs, counsel for the GUC Trust, and counsel for the Unitholders on this matter. *See, e.g.*, Docket No. 13029 at 13, 20; Tr. at 89:11-21; 123:12-22; 149:11-150:19.

Although we take no position on the other issues in dispute, we respectfully request that the Court incorporate paragraphs 6 and 13 of New GM's proposal into the ultimate judgment it enters. This language faithfully reflects the Court's Decision respecting equitable mootness, while providing an opportunity for any Non-Ignition Switch Plaintiff or Non-Ignition Switch Pre-Closing Accident Plaintiff to demonstrate to the Court why that ruling should not apply to that plaintiff.

We would be happy to answer any questions the Court may have. In the meantime, we thank the Court in advance for considering our position.

Respectfully submitted,

Lisa H. Rubin

Deborah J. Newman