# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

May 12, 2015

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

      Re:    **In re Motors Liquidation Company,** *et al.*
              **Case No. 09-50026 (REG)**
              **Letter Regarding Proposed Judgment for the Court's**
              **April 15, 2015 Decision On New GM's Motions to Enforce ("Decision")** [1]

Dear Judge Gerber:

      King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. The parties have exchanged numerous drafts of a proposed judgment memorializing the Decision, and have met and conferred several times over the past few weeks in an attempt to reach agreement as to the form of judgment. While the parties' efforts have resulted in substantive agreement on many provisions and narrowed the areas of disagreement, the parties have been unable to agree completely on the form of proposed judgment.[2] The principal remaining areas of disagreement are as follows:

      **1.**    **Dismissal with Prejudice v. Stay of Cases**: New GM believes that, with two exceptions,[3] the lawsuits commenced by (i) the Pre-Closing Accident Plaintiffs and (ii) the

---

[1] The Decision is published at *In re Motors Liquidation Co.*, Case No. 09-50026, 2015 WL 1727285 (Bankr. S.D.N.Y. April 15, 2015).

[2] Attached as **Exhibit "1"** is the proposed form of judgment prepared by New GM ("**New GM Proposed Judgment**"), and (ii) attached as **Exhibit "2"** is a redline comparing the New GM Proposed Judgment with the proposed judgment ("**Designated Counsel Proposed Judgment**") submitted by Designated Counsel. While the subject matter areas of disagreement are discussed in this letter, the Designated Counsel Proposed Judgment also contains certain language changes that were made at the "eleventh hour", that New GM finds objectionable for the reasons set forth in **Exhibit "3"** attached hereto.

[3] The two exceptions are *People of California v. General Motors LLC, et al.*, No. 30-2014-00731038-CU-BT-

25645965v1

Honorable Robert E. Gerber
May 12, 2015
Page 2

Ignition Switch Plaintiffs (or certain claims contained in such lawsuits) should be dismissed with prejudice (or claims that violate the Sale Order should be stricken).  The filing of those lawsuits (or claims contained therein) violated the injunction contained in the Sale Order and the lawsuits never should have been brought against New GM in the first place. The Plaintiffs agreed to stay their lawsuits until the Court ruled on the Four Threshold Issues.  Now that the Court has ruled, the result should be a dismissal with prejudice, which is the standard form of relief to dispose of a lawsuit brought improperly following confirmation of an injunction that bars that lawsuit. *See e.g., In re Motors Liquidation Co.*, No. 09-50026 (REG), 2011 WL 6119664 (Bankr. S.D.N.Y. Nov. 29, 2011) (ordering various plaintiffs to dismiss New GM "with prejudice"); *see also In re Escarent Entities, L.P.*, 519 Fed. App'x 895, 897-98 (5th Cir. Apr. 18, 2013); *New Jersey Transit Corp. v. Am. Premier Underwriters, Inc.*, No. CIV.A.05-CV-06614-JF, 2006 WL 3004893, at *2 (E.D. Pa. Oct. 19, 2006); *In re Residential Capital, LLC*, 508 B.R. 838, 842 (Bankr. S.D.N.Y. 2014).

Designated Counsel's argument that New GM's dismissal procedures are unnecessary and cumbersome is without merit.  Dismissals with prejudice can be quickly and cleanly executed. For example, in MDL 2543,  by virtue of the filing of Consolidated Complaints by Lead Counsel, over 120 separate cases (or causes of action therein) that were brought against New GM throughout the country were dismissed,[4] and the dismissal relief was supported by Lead Counsel as being efficient, and not too cumbersome to implement.

A dismissal will eliminate confusion and uncertainty regarding the status of the remaining cases that were brought in violation of the Sale Order.  A dismissal will also eliminate the possibility that plaintiffs in the proscribed cases will seek relief precluded by the Decision from the court in which their action is docketed or otherwise engage in time-consuming and unnecessary motion practice.  Moreover, in the dismissal context, unlike in the stay situation, the parties will not have to deal with the potential circumstance of other courts modifying the stay in the name of managing the docket of their active cases.  Having fully litigated this matter, New GM should not have to incur the potential expense, disruption, and risk of inconsistent rulings attendant to a stay.  Dismissal of the cases avoids these problems.[5]

For ease of administration, New GM has categorized the lawsuits and claims affected by the Decision on Exhibits A-D attached to its proposed judgment, and proposes the following relief for each.

---

CXC (Orange County, Cal.)("**California Action**") and *State of Arizona v. General Motors LLC*, No. CV2014-014090 (Maricopa County, Ariz.)("**Arizona Action**," and with the California Action, the "**State Lawsuits**").  As discussed in Point 2, New GM believes that the State Lawsuits should be stayed until all appeals of the Decision have been decided.

[4] The dismissals in MDL 2543 were without prejudice because class certification issues have not yet been decided.  That circumstance is different than here, where the Four Threshold Issues have been decided.

[5] These problems are not hypothetical.  In the *Elliott* case, after plaintiff's counsel had been ordered by this Court to withdraw his pending motion to amend the complaint, he refused to do so, and the court where the *Elliott* lawsuit was originally brought by plaintiffs (in violation of the Sale Order) thereafter rendered a decision on plaintiff's motion to amend.

Honorable Robert E. Gerber
May 12, 2015
Page 3

Exhibit "A" to the New GM Proposed Judgment identifies a dozen Ignition Switch pre-363 Sale accident cases that should be dismissed with prejudice. As this Court recognized in the Decision, "[t]he Pre–Closing Accident Plaintiffs suffered the injury or death underlying their claims in Old GM cars, and with Old GM parts. Any actionable conduct causing that injury or death took place before the 363 Sale—and necessarily was by Old GM, not New GM, and indeed before New GM could have done anything wrong. . . . The Pre–Closing Accident Plaintiffs did not suffer the prejudice that is an element to a denial of due process claim." 2015 WL 1727285, at *45-*46. Accordingly, dismissal with prejudice for the cases on Exhibit A is necessary and appropriate at this time.

Exhibit "B" to the New GM Proposed Judgment identifies for dismissal with prejudice two Ignition Switch economic loss cases. The first is the Pre-Sale Consolidated Complaint filed in the MDL. As this Court recognized in its Decision, the claims contained in the Pre-Sale Consolidated Complaint "would all be barred under the Sale Order and Injunction, to the extent it is enforceable." *Id.* at *17 n. 63. Having found that the Sale Order and Injunction *is* enforceable (with the exception of claims arising exclusively from New GM conduct), the dismissal with prejudice of the Pre-Sale Consolidated Complaint is the necessary outcome of the Decision. The second case is *Hailes*. That case was just recently filed in state court and therefore is not yet in the MDL or subject to the dismissal procedures in MDL 2543 for individual economic loss complaints not included in the Consolidated Complaints. *Hailes* alleges Old GM conduct related to an Old GM vehicle, and expressly asserts a theory of successor liability. Accordingly, it should also be dismissed with prejudice as a result of the Decision.

Exhibit "C" to the New GM Proposed Judgment generally identifies Ignition Switch post-363 Sale accident wrongful death/personal injury lawsuits that include additional allegations of discrete economic loss arising from Old GM vehicles and conduct. While the wrongful death/personal injury claims may be Assumed Liabilities because they arise from post-363 Sale accidents, the economic loss claims contained therein arising from Old GM vehicles and conduct are barred. The plaintiffs prosecuting these claims should be required to dismiss the economic loss allegations and claims as being in violation of the Sale Order and Decision. The post-363 Sale accident claims contained in these complaints can proceed. The other cases on Exhibit "C" are the Post-Sale Consolidated Complaint, and three cases brought by Mr. Peller. The Post-Sale Consolidated Complaint will be amended on or about June 12, 2015 pursuant to an order in MDL 2543. Presumably, that amendment will be in conformity with the Decision. The complaints brought by Mr. Peller contain a mix of allegations with regard to Old GM and New GM vehicles and conduct. While those actions are presently stayed pursuant to MDL procedures, the claims therein that are proscribed by the Decision should be dismissed now.

Exhibit "D" to the New GM Proposed Judgment identifies for dismissal with prejudice mostly non-Ignition Switch pre-363 Sale accident lawsuits.[6] The Decision generally deferred issues on non-Ignition Switch Cases. However, the Court's "no prejudice" ruling and its ruling

---

[6] The one exception is a non-Ignition Switch economic loss case asserting Old GM conduct arising from an Old GM vehicle that is not in MDL 2543 (and thus not otherwise dismissed already).

Honorable Robert E. Gerber
May 12, 2015
Page 4

on pre-363 Sale accidents for Ignition Switch cases should apply equally to non-Ignition Switch cases. The Sale Agreement makes no distinction between pre-sale accident or economic loss claims based on the nature of the defect alleged in the complaint. Likewise, the objections to the Sale Motion and arguments at the Sale Hearing did not make those distinctions either. The New GM Proposed Judgment contains a summary procedure to address this issue, providing notice to each of these plaintiffs and an opportunity to challenge the dismissal New GM believes necessarily arises from the Decision. The failure to include this type of provision could lead to potentially more complex litigation in this Court relating to the Non-Ignition Switch Motion to Enforce.

Importantly, New GM's dismissal procedures preserve the rights of plaintiffs therein if the Decision is reversed on appeal, including tolling the statute of limitations and providing that plaintiffs should be returned to the identical position they were in prior to dismissal. It also allows plaintiffs to challenge the dismissal/strike pleading remedy if they have a good faith basis to do so. New GM understands that, while Designated Counsel are proposing a "stay" resolution for cases affected by the Decision, plaintiffs do not object to the procedures New GM has proposed if the Court agrees with New GM's "dismissal" resolution.

    **2.** **Disposition of State Lawsuits**: The New GM Proposed Judgment provides that the State Lawsuits continue to be stayed, subject to the right of plaintiffs to seek relief from this Court for good cause shown. The State Lawsuits were brought after the Motion to Enforce was filed (in violation of the Sale Order), and counsel therein immediately agreed to stay their lawsuits pending the Court's resolution of the Four Threshold Issues. That *status quo* should be preserved.

While the State Lawsuits are not part of MDL 2543, the complaints in the State Lawsuits assert many of the same allegations and claims found in the Consolidated Complaints. That is not surprising since counsel for the plaintiffs in the State Lawsuits are also Co-Lead Counsel and members of the Executive Committee in MDL 2543.

The basis for Designated Counsels' argument that the State Lawsuits should proceed in the state courts is their allegation that the State Lawsuits assert claims based only on New GM conduct. However, if that were the case, the plaintiffs in the State Lawsuits would never have entered into Stay Stipulations while waiting for this Court to decide the Motions to Enforce. Moreover, a cursory review of the complaints in the State Lawsuits demonstrates that they have pled Old GM conduct. The complaint in the California Action includes at least 18 paragraphs specifically alleging events that took place prior to the 363 Sale; the complaint in the Arizona Action similarly includes at least 75 paragraphs asserting pre-363 Sale conduct. Such allegations are expressly proscribed by the Decision, and the Sale Order is binding on the plaintiffs in the State Lawsuits.[7]

It is true that the State Lawsuits are similar in nature to the lawsuits contained in Exhibit "C" to the New GM Proposed Judgment (in that both sets of cases assert a mix of claims

---

    [7]    *See* Sale Order, ¶ 8 (making injunction applicable to governmental authorities).

Honorable Robert E. Gerber
May 12, 2015
Page 5

involving Old GM and New GM conduct). Unlike the cases on Exhibit "C," however, New GM believes that the State Lawsuits should continue to be stayed as opposed to requiring the plaintiffs to amend their complaint by striking the offending claims (which is the treatment sought for the lawsuits set forth in Exhibit "C"). The State Lawsuits should be treated differently because the plaintiffs in the State Lawsuits already have stated they will not amend their complaints to eliminate the claims that New GM believes violate the Decision.

Based on that representation, motion practice may well ensue on the issue of whether the State Lawsuit complaints can go forward as currently pled. That issue should be decided first by this Court because of its exclusive jurisdiction over the Sale Order. That would have been the result (and should be the result now) if the plaintiffs had filed a No-Stay Pleading instead of agreeing to a Stay Stipulation.[8] Designated Counsel should not be permitted to end-run this Court's jurisdiction by asking that these two cases—unlike *every* other case in the country —be permitted to go forward in disparate state courts to decide core bankruptcy issues in potentially inconsistent ways. New GM should be given a full opportunity to address this issue in this Court, which is what would occur if the States moved to modify the stay here, should they choose to do so.

3. **Language Regarding Barred Claims**: In its Proposed Judgment, New GM contends that "any claims and/or causes of action that the Ignition Switch Plaintiffs may have against New GM concerning an Old GM vehicle or part seeking to impose liability or damages based on Old GM conduct, or a successor liability theory of recovery, are forever barred and enjoined pursuant to the Sale Order." The Designated Counsel Proposed Judgment seeks to limit the types of claims that are barred to just claims "based on successor liability[.]" But the Decision was not so limiting. Specifically, the Court found that "it is plain that to the extent the Plaintiffs seek to impose successor liability, ***or to rely, in suits against New GM, on any wrongful conduct by Old GM***, these are actually claims against Old GM, and not New GM." 2015 WL 1727285, at *8; *see also id.* at *68 ("The Economic Loss Plaintiffs (but not the Pre-Closing Sale Claimants) may, however, assert otherwise viable claims against New GM for any causes of action that might exist arising solely out of New GM's own independent, post-Closing acts, so long as those Plaintiffs' claims do not in any way rely on any acts of or conduct by Old GM."). The language proposed in the New GM Proposed Judgment is consistent with the Decision; the Designated Counsel Proposed Judgment is not.

4. **Language Regarding GUC Trust Assets**: The language in the New GM Proposed Judgment incorporates the GUC Trust/Unitholders views, and is consistent with the Decision. Both New GM and the GUC Trust/Unitholders read the Decision as forbidding any of the assets of the GUC Trust, whenever obtained, to be used to satisfy any claims not yet filed by the parties opposing the Motions to Enforce. The Court succinctly stated in the Decision that

---

[8] The plaintiffs in the California Action filed a "limited" no-stay pleading, seeking to litigate a remand motion in the Central District of California, but otherwise agreed to accept this Court's jurisdiction for all purposes. *See "Limited" No Stay Pleading*, dated August 19, 2014 [Dkt. No. 12862], at 2 ("the [plaintiff] merely asks that it be given the opportunity to oppose JPML transfer and to proceed with a motion to remand this action back to the California Orange County Superior Court where it was originally filed, where the [plaintiff] agrees it will be stayed pending further proceedings before this Court").

Honorable Robert E. Gerber
May 12, 2015
Page 6

"[t]he Plaintiffs may file late claims, and to the extent otherwise appropriate such late claims may hereafter be allowed—***but the assets of the GUC Trust may not be tapped to satisfy them, nor will Old GM's Plan be modified in this or any other respect***." 2015 WL 1727285, at *68. (emphasis added). There is no qualification in this statement, and there are no temporal limitations. Designated Counsel's definition of GUC Trust Assets seeks to change that fundamental finding.

Also, in order to ensure that the Court's equitable mootness finding is binding on all parties to the Motions to Enforce (and not just the Plaintiffs' cases), a result that New GM and the GUC Trust/Unitholders believe is compelled by the Decision, there are summary procedures included in the Proposed Judgment to afford non-Ignition Switch parties to the Motions to Enforce an opportunity to challenge that conclusion. The failure to include this type of provision could lead to potentially more complex litigation in this Court on the equitable mootness ruling.

**5.    Language Regarding Disputed Facts**: Designated Counsel request that language be included in their proposed judgment regarding the disputed facts submitted by the parties in connection with the Four Threshold Issues. They ask this Court to make a finding that such disputed facts did not raise any "genuine issue of material fact as to any of the Four Threshold Issues, and that treating any of the disputed facts as part of the undisputed stipulated record would not have affected the Decision." This alleged "finding" is found nowhere in the Decision and, in fact, is inconsistent with the Decision. The Court specifically stated in the Decision that it "asked the parties to agree on stipulated facts, and they did so. By analogy to motions for summary judgment, *the Court has relied only on undisputed facts*." 2015 WL 1727285, at *9 n. 17. The Court never mentions the "disputed facts" in the Decision, let alone that they did not raise any issues or would have affected the ruling. Designated Counsel's proposed language is not part of the Decision and should be rejected.

Also, Designated Counsel has removed a critical sentence in Paragraph 15 of the New GM Proposed Judgment that ensures that the Court's ruling on the Four Threshold Issues, and the actions proscribed and to be taken on account thereof pursuant to the Decision and Proposed Judgment, are enforceable.

Based on the foregoing, New GM respectfully requests that the New GM Proposed Judgment be entered.

                                            Respectfully submitted,

                                            */s/ Arthur Steinberg*

                                            Arthur Steinberg

AJS/sd
Encl.

Honorable Robert E. Gerber
May 12, 2015
Page 7

cc: Edward S. Weisfelner
    Howard Steel
    Sander L. Esserman
    Jonathan L. Flaxer
    S. Preston Ricardo
    Matthew J. Williams
    Lisa H. Rubin
    Keith Martorana
    Daniel Golden
    Deborah J. Newman
    Jamison Diehl
    William Weintraub
    Steve W. Berman
    Elizabeth J. Cabraser
    Robert C. Hilliard