# Exhibit 3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                            :    Chapter 11
                                                 :
MOTORS LIQUIDATION COMPANY, *et al.*,            :    Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*     :
                                                 :
                   Debtors.    :    (Jointly Administered)
---------------------------------------------------------------x

## JUDGMENT

> **Comment [DS1]:** The strikethrough language in this redline is from New GM's version of the Judgment, and the additional underlined language is from Designated Counsel's version of the Judgment.

      For the reasons set forth in the Court's *Decision on Motion to Enforce Sale Order*, entered on April 15, 2015 ("**Decision**"),[1] it is hereby ORDERED AND ADJUDGED as follows:

    1.    For the reasons set forth in the Decision, the Ignition Switch Plaintiffs and the Ignition Switch Pre-Closing Accident Plaintiffs (collectively, the "**Plaintiffs**") were "known creditors" of the Debtors. The Plaintiffs did not receive the requisite notice ~~from Old GM~~ of the sale of substantially all of the assets of Old GM to New GM ("**363 Sale**").

> **Comment [DS2]:** The 363 Sale notice came from Old GM and the deleted clause is accurate. To strike it is to imply that someone else was responsible for the 363 Sale notice, which clearly is not true.

    2.    Subject to the sole exception of the Independent Claims (as herein defined), for the reasons set forth in the Decision, the Ignition Switch Plaintiffs have not ~~established~~<u>demonstrated that their lack of notice of the 363 Sale was prejudicial and, therefore, failed to establish</u> a due process violation with respect to the 363 Sale.

> **Comment [DS3]:** The parties agreed that the Court could use its knowledge of the 2009 bankruptcy proceedings in ruling on the Four Threshold Issues. The Court's due process findings were not simply based on what the Ignition Switch Plaintiffs "failed to demonstrate". The clause "for the reasons set forth in the Decision" was intended to subsume all of the Court's findings on this point.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Decision. For purposes of this Judgment, the following terms shall apply: (i) "**Ignition Switch Plaintiffs**" shall mean plaintiffs that have commenced a lawsuit against New GM asserting economic losses based on or arising from the Ignition Switch in the Subject Vehicles (each term as defined in the *Agreed and Disputed Stipulations of Fact Pursuant to the Court's Supplemental Scheduling Order, Dated July 11, 2014*, filed on August 8, 2014 [Dkt. No. 12826], at 3); (ii) "**Pre-Closing Accident Plaintiffs**" shall mean plaintiffs that have commenced a lawsuit against New GM based on an accident or incident that occurred prior to the closing of the 363 Sale; (iii) "**Ignition Switch Pre-Closing Accident Plaintiffs**" shall mean that subset of the Pre-Closing Accident Plaintiffs that had the Ignition Switch in their Subject Vehicles; (iv) "**Non-Ignition Switch Pre-Closing Accident Plaintiffs**" shall mean that subset of Pre-Closing Accident Plaintiffs that are not Ignition Switch Pre-Closing Accident Plaintiffs; and (v) "**Non-Ignition Switch Plaintiffs**" shall mean plaintiffs that have commenced a lawsuit against New GM asserting economic losses based on or arising from an alleged defect, other than the Ignition Switch, in an Old GM vehicle.

25598126v~~5~~3

3.  For the reasons set forth in the Decision, the Ignition Switch Pre-Closing Accident Plaintiffs have not ~~established~~demonstrated that their lack of notice of the 363 Sale was prejudicial and, therefore, failed to establish a due process violation with respect to the 363 Sale.

> **Comment [DS4]:** Same as comment for paragraph 2.

4.  ~~The Ignition Switch Plaintiffs were prejudiced by the failure of Old GM to give them the requisite notice of the 363 Sale with respect to the Independent Claims.~~  For the reasons set forth in the Decision, the Ignition Switch Plaintiffs established prejudice and thus a due process violation with respect to the Independent Claims.  The Sale Order shall be deemed modified to permit the assertion and continued prosecution of Independent Claims.  For purposes of this Judgment~~,~~ "**Independent Claims**" shall mean claims or causes of action asserted by Ignition Switch Plaintiffs against New GM, whether or not involving Old GM vehicles or parts, that are based solely on New GM's own, independent, post-Closing acts or conduct.  Nothing set forth herein ~~should~~shall be construed to imply whether or not Ignition Switch Plaintiffs have viable Independent Claims against New GM.

> **Comment [DS5]:** This was the Court's finding. The Designated Counsel formulation does not tie the "prejudice" issue to the 363 Sale.
>
> **Comment [DS6]:** Continued prosecution assumes that Independent Claims have been asserted and the Court did not make this finding.
>
> **Comment [DS7]:** The Independent Claims issue was a modification of the Sale Order that dealt with Old GM vehicles and parts. It did not deal with anything else, including New GM conduct for New GM vehicles.  To suggest otherwise is to take this finding out of the context that it was made.

5.  Except for the modification to permit the assertion and continued prosecution of Independent Claims by the Ignition Switch Plaintiffs, the Sale Order shall remain unmodified and in full force and effect.

> **Comment [DS8]:** Same comment as in paragraph 4.

6.  For the reasons set forth in the Decision, the Plaintiffs were prejudiced by the failure ~~of Old GM~~ to ~~give them~~receive the requisite notice of the deadline ("**Bar Date**") to file proofs of claim against the Old GM bankruptcy estate.  The Plaintiffs ~~who did not file a proof of claim prior to the Bar Date~~ may petition the Bankruptcy Court (on motion and notice) for authorization to file late or amended proofs of claim against the Old GM bankruptcy estate.  ~~The Court has not determined whether any late proof of claim will ultimately be allowed~~.  However, based on the doctrine of equitable mootness, in no event shall ~~the assets of the GUC Trust held at~~

> **Comment [DS9]:** Point 4 of Letter.
>
> **Comment [DS10]:** Same comment as paragraph 1 as to Old GM being responsible for sending out the Bar Date notice.
>
> **Comment [DS11]:** The Court did not deal with the concept of amended claims. Rather, it discussed the possibility of late filed claims only.
>
> **Comment [DS12]:** This statement is true and to take it out, implies the opposite.

2

any time in the past, now, or in the future (collectively, the "GUC Trust Assets" (as defined in the Decision) be used to satisfy any claims of the Plaintiffs, nor will Old GM's Plan be modified with respect to such claims.  The preceding sentence shall not apply to any PlaintiffsIgnition Switch Plaintiff, Pre-Closing Accident Plaintiff, or Non-Ignition Switch Plaintiff that had a claim previously allowed by the Court, but in no event shall they be entitled to increase the amount of such allowed claim without the prior authorization of the Bankruptcy Court or an appellate court following an appeal from the Bankruptcy Court.

> **Comment [DS13]:** The Decision dealt with GUC Trust Assets in terms of what the Plan says. That is why the Court noted that the Plan cannot be modified.

7. Any claims and/or causes of action brought by the Ignition Switch Pre-Closing Accident Plaintiffs against New GM that seek to hold it liable for accidents or incidents that occurred prior to the closing of the 363 Sale are barred and enjoined pursuant to the Sale Order. The Ignition Switch Pre-Closing Accident Plaintiffs shall not assert or maintain any such claim or cause of action against New GM.

8. (a) Subject to the other provisions of this paragraph 8, the Ignition Switch Pre-Closing Accident Plaintiffs, including without limitation the Ignition Switch Pre-Closing Accident Plaintiffs identified in Exhibit "A" attached hereto, shall each dismiss, with prejudice, within 17 business days after the entry of this Judgment, any lawsuit commenced by them against New GM and, within 22 business days after the entry of this Judgment, each of the Ignition Switch Pre-Closing Accident Plaintiffs shall file with the Clerk of this Court evidence of the dismissal of such lawsuit.

> **Comment [DS14]:** Point 1 in the Letter.

(b) Within two (2) business days of the entry of this Judgment, New GM shall serve a copy of this Judgment on counsel in the lawsuits identified on Exhibit "A," by e-mail, facsimile, overnight mail or, if none of the foregoing are available, regular mail, with a cover note

3

~~that states: "The attachment is the Judgment entered by the Bankruptcy Court. Please review the Judgment, including without limitation, the provisions of paragraph 8 of the Judgment."~~

~~(c)   If counsel for an Ignition Switch Pre-Closing Accident Plaintiff identified on Exhibit "A" believes that, notwithstanding the Decision and this Judgment, it has a good faith basis to maintain that its lawsuit against New GM should not be dismissed, it shall file a pleading with this Court within 17 business days of this Judgment ("**No Dismissal Pleading**"). The No Dismissal Pleading shall not reargue issues that were already decided by the Decision and Judgment. If a No Dismissal Pleading is timely filed, New GM shall have 17 business days to respond to such pleading. The Court will schedule a hearing thereon if it believes one is necessary.~~

~~(d)   For any lawsuit filed by Ignition Switch Pre-Closing Accident Plaintiffs that is dismissed pursuant to this Judgment, (i) the statute of limitations shall be tolled from the date of dismissal to 30 days after all appeals of the Decision and Judgment are decided, and (ii) if the Decision and Judgment are reversed on appeal such that the appellate court finds that the Ignition Switch Pre-Closing Accident Plaintiffs can maintain the lawsuit against New GM heretofore dismissed pursuant to this Judgment, all of the Ignition Switch Pre-Closing Accident Plaintiffs' rights against New GM that existed as of the dismissal of their lawsuit shall be reinstated as if the dismissal never occurred.~~

**8.**  ~~9.~~ Except for the Independent Claims and Assumed Liabilities, ~~if~~ any~~, all~~ claims and/or causes of action that the Ignition Switch Plaintiffs may have against New GM ~~concerning an Old GM vehicle or part seeking to impose liability or damages based on Old GM conduct, or a~~ based on successor liability ~~theory of recovery,~~ are barred and enjoined pursuant to the Sale Order~~.~~, and such lawsuits shall remain stayed pending appeal of the Decision and this Judgment.

> **Comment [DS15]:** Point 3 in the Letter.
>
> **Comment [DS16]:** Point 1 in the Letter.

4

10. (a) ~~Subject to the other provisions of this paragraph 10 and unless already dismissed without prejudice pursuant to an order(s) entered in MDL 2543, the Ignition Switch Plaintiffs shall each dismiss, with prejudice, on or before June 12, 2015, any lawsuit commenced by them against New GM. Exhibit "B" is a list of the lawsuits to be dismissed with prejudice. The lawsuits identified on Exhibit "B" include the Pre-Sale Consolidated Complaint. On or before June 15, 2015, the Ignition Switch Plaintiffs, other than those whose complaints already have been dismissed by operation of orders entered in MDL 2543, shall file with the Clerk of this Court evidence of the dismissal of such lawsuits that are required to be dismissed pursuant to this Judgment.~~

> **Comment [DS17]:** Point 1 in the Letter.

(b) ~~Within two (2) business days of the entry of this Judgment, New GM shall serve a copy of this Judgment on counsel in the lawsuits identified on Exhibit "B", by e-mail, facsimile, overnight mail or, if none of the foregoing are available, regular mail, with a cover note that states: "The attachment is the Judgment entered by the Bankruptcy Court. Please review the Judgment, including without limitation, the provisions of paragraph 10 of the Judgment."~~

(c) ~~If a counsel listed on Exhibit "B" believes that, notwithstanding the Decision and this Judgment, it has a good faith basis to maintain that its lawsuit against New GM should not be dismissed, it shall file a No Dismissal Pleading with this Court within 17 business days of this Judgment. The No Dismissal Pleading shall not reargue issues that were already decided by the Decision and Judgment. If a No Dismissal Pleading is timely filed, New GM shall have 17 business days to respond to such pleading. The Court will schedule a hearing thereon if it believes one is necessary.~~

(d) ~~For any lawsuit of the Ignition Switch Plaintiffs listed on Exhibit "B" that is dismissed pursuant to this Judgment, (i) the statute of limitations shall be tolled from the date of~~

5

~~dismissal to 30 days after all appeals of the Decision and Judgment are decided, and (ii) if the Decision and Judgment are reversed on appeal such that the appellate court finds that the Ignition Switch Plaintiffs can maintain the lawsuit against New GM heretofore dismissed pursuant to this Judgment, all of the Ignition Switch Plaintiffs' rights against New GM that existed prior to the dismissal of their lawsuit shall be reinstated as if the dismissal never occurred.~~

~~11.    (a)    Subject to the other provisions of this paragraph 11 and unless already dismissed without prejudice pursuant to an order(s) entered in MDL 2543, the Ignition Switch Plaintiffs shall each amend their respective complaints on or before June 12, 2015, such that all allegations, claims and/or causes of action concerning an Old GM vehicle or part seeking to impose liability or damages based on Old GM conduct, or a successor liability theory of recovery are stricken, and only Independent Claims are pled. Exhibit "C" is a list of the lawsuits that are to be amended by the Ignition Switch Plaintiffs. The lawsuits identified on Exhibit "C" include the Post-Sale Consolidated Complaint.~~

> **Comment [DS18]:** Point 1 in the Letter.

~~(b)    Within two (2) business days of the entry of this Judgment, New GM shall serve a copy of this Judgment on counsel in the lawsuits identified on Exhibit "C", by e-mail, facsimile, overnight mail or, if none of the foregoing are available, regular mail, with a cover note that states: "The attachment is the Judgment entered by the Bankruptcy Court. Please review the Judgment, including without limitation, the provisions of paragraph 11 of the Judgment."~~

~~(c)    If a counsel listed in the lawsuits on Exhibit "C" believes that, notwithstanding the Decision and this Judgment, it has a good faith basis to maintain that its allegations, claims or causes of action against New GM, should not be stricken, it shall file a pleading with this Court within 17 business days of this Judgment ("**No Strike Pleading**"). The No Strike Pleading shall not reargue issues that were already decided by the Decision and~~

6

~~Judgment. If a No Strike Pleading is timely filed, New GM shall have 17 business days to respond to such pleading. The Court will schedule a hearing thereon if it believes one is necessary.~~

~~(d)    If an Ignition Switch Plaintiff fails to either (i) amend their respective complaints on or before June 12, 2015, such that all allegations, claims and/or causes of action concerning an Old GM vehicle or part seeking to impose liability or damages based on Old GM conduct, or a successor liability theory of recovery are stricken, and only Independent Claims are pled, or (ii) timely file a No Strike Pleading with the Court within the time period set forth above, New GM shall be permitted to file with this Court a notice of presentment on five (5) business days' notice, with an attached order ("**Strike Order**") that directs the Ignition Switch Plaintiff to strike specifically-identified allegations, claims and/or causes of action contained in their complaint that violate the Decision, this Judgment and/or the Sale Order (as modified by the Decision and Judgment), within 17 business days of receipt of the Strike Order.~~

~~(e)    For any allegations, claims or causes of action of the Ignition Switch Plaintiffs listed on Exhibit "C" that are stricken pursuant to this Judgment, (i) the statute of limitations shall be tolled from the date of the amended complaint to 30 days after all appeals of the Decision and Judgment are decided, and (ii) if the Decision and Judgment are reversed on appeal such that the appellate court finds that the Ignition Switch Plaintiffs can maintain the claims or causes of action against New GM heretofore stricken pursuant to this Judgment, all of the Ignition Switch Plaintiffs' rights against New GM that existed prior to the striking of such claims or causes of action pursuant to this Judgment shall be reinstated as if the striking of such claims or causes of action never occurred.~~

**9.**    ~~12.~~ The lawsuits captioned *People of California v. General Motors LLC, et al.*, No. 30-2014-00731038-CU-BT-CXC (Orange County, Cal.) and *State of Arizona v. General Motors*

7

*LLC*, No. CV2014-014090 (Maricopa County, Ariz.) shall ~~remain stayed without prejudice to the plaintiffs in such lawsuits seeking relief from the stay in this Bankruptcy Court for good cause shown.~~ be subject to appropriate motion practice in the courts where those proceedings are currently pending, consistent with the Decision and this Judgment.

**Comment [DS19]:** Point 2 in the Letter.

**10.**   ~~13. (a)~~ To the fullest extent permissible, the rulings set forth herein and in the Decision that proscribe claims and actions being taken against New GM ~~or the GUC Trust~~ shall apply equally to the Non-Ignition Switch Pre-Closing Accident Plaintiffs and the Non-Ignition Switch Plaintiffs ~~including those identified on Exhibit "D" attached hereto~~.  As a result, the Sale Order remains unmodified and in full force and effect with respect to the Non-Ignition Switch Pre-Closing Accident Plaintiffs and Non-Ignition Switch Plaintiffs.  To the extent an issue shall arise in the future as to whether (i) the Non-Ignition Switch Pre-Closing Accident Plaintiffs and Non-Ignition Switch Plaintiffs were known or unknown creditors of the Debtors, ~~(ii) the doctrine of equitable mootness bars the use of any GUC Trust Assets to satisfy late filed claims of the Non-Ignition Switch Pre-Closing Accident Plaintiffs and Non-Ignition Switch Plaintiffs, or (iii~~or (ii) the Non-Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs were otherwise bound by the provisions of the Sale Order, the Non-Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs shall be required to first seek resolution of such issues from this Court before proceeding any further against New GM ~~and/or the GUC Trust~~.

~~(b)    Within two (2) business days of the entry of this Judgment, New GM shall serve a copy of this Judgment on counsel for the Non-Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs identified on Exhibit "D", by e-mail, facsimile, overnight mail or, if none of the foregoing are available, regular mail, with a cover note that states:~~

**Comment [DS20]:** Point 1 in the Letter

8

~~"The attachment is the Judgment entered by the Bankruptcy Court. Please review the Judgment, including without limitation, the provisions of paragraph 13 of the Judgment."~~

~~(c)     If a counsel for a Non-Ignition Switch Pre-Closing Accident Plaintiff or Non-Ignition Switch Plaintiff listed on Exhibit "D" believes that, notwithstanding the Decision and this Judgment, it has a good faith basis to maintain that its lawsuit, or certain claims or causes of action contained therein, against New GM should not be dismissed or stricken, it shall file a No Dismissal Pleading with this Court within 17 business days of this Judgment.  If a No Dismissal Pleading is timely filed, New GM shall have 17 business days to respond to such pleading. The Court will schedule a hearing thereon if it believes one is necessary.~~

~~(d)     If counsel for a Non-Ignition Switch Pre-Closing Accident Plaintiff or a Non-Ignition Switch Plaintiff believes that, notwithstanding the Decision and this Judgment, it has a good faith basis to believe that any of the GUC Trust Assets may be used to satisfy late proofs of claim filed by them that may ultimately be allowed by the Bankruptcy Court, it shall file a pleading with this Court within 17 business days of this Judgment ("**GUC Trust Asset Pleading**").  The GUC Trust Asset Pleading shall not reargue issues that were already decided by the Decision and Judgment.  If a GUC Trust Asset Pleading is timely filed, the GUC Trust, the GUC Trust Unitholders and/or New GM shall have 17 business days to respond to such pleading.  The Court will schedule a hearing thereon if it believes one is necessary.~~

~~(e)     If a Non-Ignition Switch Pre-Closing Accident Plaintiff or Non-Ignition Switch Plaintiff listed on Exhibit "D" fails to timely file a No Dismissal Pleading with the Court within the time period set forth in paragraphs 13(c) and (d) above, New GM shall be permitted to file with this Court a notice of presentment on five (5) business days' notice, with an attached order ("**Dismissal Order**") that directs the Non-Ignition Switch Pre-Closing Accident Plaintiff or~~

9

~~Non-Ignition Switch Plaintiff to dismiss with prejudice its lawsuit, or certain claims or causes of action contained therein that violate the Decision, this Judgment and/or the Sale Order (as modified by the Decision and Judgment), within 17 business days of receipt of the Dismissal Order.  For any lawsuit, or any claims or causes of action contained therein, of the Non-Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs that are dismissed pursuant to this Judgment, (i) the statute of limitations shall be tolled from the date of dismissal to 30 days after all appeals of the Decision and Judgment are decided, and (ii) if the Decision and Judgment are reversed on appeal, such that the appellate court finds that the Non-Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs can maintain the lawsuit or claims or causes of action against New GM heretofore dismissed or stricken pursuant to this Judgment, all of the Non-Ignition Switch Pre-Closing Accident Plaintiffs' or Non-Ignition Switch Plaintiffs' rights against New GM that existed prior to the dismissal of their lawsuit or the striking of claims or causes of action pursuant to this Judgment shall be reinstated as if the dismissal or the striking of such claims or causes of action never occurred.~~

~~14.~~ 11.    The Court adopts the legal standard for "fraud on the court" as set forth in the Decision.

~~15.~~      12.    (a)    By agreement of New GM, Designated Counsel for the Ignition Switch Plaintiffs, the GUC Trust, and the GUC Trust Unitholders, and approved by the Court, no discovery ~~in the Bankruptcy Court~~ was conducted in connection with the resolution of the Four Threshold Issues.  The Ignition Switch Pre-Closing Accident Plaintiffs did not challenge the earlier decision ~~not to seek~~ barring discovery in ~~the Bankruptcy Court in~~ connection with the ~~Bankruptcy Court's determination of the~~ Four Threshold Issues.  Instead, New GM, Designated

**Comment [DS21]:** The parties (other than the Groman Plaintiffs) agreed to no discovery and the Court agreed with that determination. It did not enter an order "barring discovery."

10

Counsel, the Groman Plaintiffs, the GUC Trust, and the GUC Trust Unitholders developed and submitted to the Court a set of agreed upon stipulated facts. Such parties also submitted to the Bankruptcy Court certain disputed facts and exhibits.

(b)    The Court ~~decided~~finds that the agreed-upon factual stipulations were sufficient for purposes of determining the Four Threshold Issues ~~on the agreed upon stipulated facts only~~, that none of the disputed factual stipulations raised a genuine issue of material fact as to any of the Four Threshold Issues, and that treating any of the disputed facts as part of the undisputed stipulated record would not have affected the Decision. [Comment DS22: Point 5 in the Letter.]

(c)    The Groman Plaintiffs requested discovery with respect to the Four Threshold Issues but the other parties opposed the ~~discovery~~ request~~,~~ and the Court denied ~~the~~said request. The Groman Plaintiffs' continuing request for such discovery ~~request~~is also denied. [Comment DS23: This last sentence implies there has been a new request after the Decision which is not true.]

(d)    For these reasons (and others), the findings of fact in the Decision shall apply only for the purpose of this Court's resolution of the Four Threshold Issues and shall have no force or applicability in any other legal proceeding or matter, including without limitation, MDL 2543. ~~Notwithstanding the foregoing, in all events, however, the Decision and Judgment shall apply with respect to (a) the Court's interpretation of the enforceability of the Sale Order, and (b) the actions of the affected parties that are authorized and proscribed by the Decision and Judgment.~~ [Comment DS24: The Court's ruling on the Four Threshold Issues is relevant to the actions authorized and proscribed by the Judgment. This point should be made explicit. The deletion creates an ambiguity.]

~~16.~~ 13.    The Court shall retain exclusive jurisdiction, to the fullest extent permissible under law, to construe or enforce the Sale Order, this Judgment, and/or the Decision on which it was based.

**14.**    ~~17.~~ Pursuant to Bankruptcy Rule 8006(e)(1), for the reasons stated in the Decision, the Court hereby certifies this Judgment for direct appeal to the Circuit Court ("**Appeal**"). The Ignition Switch Plaintiffs, the Pre-Closing Accident Plaintiffs, the Non-Ignition Switch Plaintiffs, New GM, the GUC Trust, the GUC Trust Unitholders and the Groman Plaintiffs each reserve all of

11

their rights with respect to the Appeal, including the right to challenge any of the factual and legal findings made by the Court in the Decision and to challenge certification for direct appeal.

**15.** ~~18.~~ The parties have stipulated that they shall not file any voluntary supplemental statements regarding the Court's certification of the Appeal as allowed pursuant to Bankruptcy Rule 8006(e)(2), and shall submit all statements either in support or against certification of the Appeal in the Circuit Court.

**16.** ~~19.~~ Count One of the amended complaint ("**Groman Complaint**") filed in *Groman et al v. General Motors LLC* (Adv. Proc. No. 14-01929 (REG)) is dismissed with prejudice. The remaining counts of the Groman Complaint that deal with the "fraud on the court" issue are deferred and stayed until 30 days after all appeals of the Decision and Judgment are decided. With respect to Count One of the Groman Complaint, (i) the statute of limitations shall be tolled from the date of dismissal of Count One to 30 days after all appeals of the Decision and Judgment are decided, and (ii) if the Decision and Judgment are reversed on appeal such that the appellate court finds that the Groman Plaintiffs can maintain the cause of action in Count One of the Groman Complaint heretofore dismissed pursuant to this Judgment, the Groman Plaintiffs' rights against New GM that existed as of the dismissal of Count One shall be reinstated as if the dismissal of Count One never occurred.

**17.** ~~20.~~ New GM is hereby authorized to serve this Judgment and the Decision upon any additional party (and/or their attorney) (each, an "**Additional Party**") that commences a lawsuit ~~and/or is not otherwise on Exhibits "A" through "D" hereto~~ (each, an "**Additional Lawsuit**") against New GM that would be proscribed by the Sale Order (as modified by the Decision and Judgment). Any Additional Party shall have 17 business days upon receipt of service by New GM of the Decision and Judgment to dismiss, ~~with~~<u>without</u> prejudice, such

> **Comment [DS25]:** A new action commenced after the Judgment is a violation of the Decision and the dismissal should be with prejudice.

12

Additional Lawsuit or the allegations, claims or causes of action contained in such Additional Lawsuit that would violate the Decision, this Judgment, and the Sale Order (as modified by the Decision and Judgment). If any Additional Party has a good faith basis to maintain that the Additional Lawsuit or certain allegations, claims or causes of action contained in such Additional Lawsuit should not be dismissed ~~with~~without prejudice, such Additional Party shall, within 17 business days upon receipt of the Decision and Judgment, file with this Court a pleading ("**No Dismissal Pleading**") explaining why such Additional Lawsuit or certain claims or causes of action contained therein should not be dismissed ~~with~~without prejudice. The No Dismissal Pleading shall not reargue issues that were already decided by the Decision and Judgment. New GM shall file a response to the No Dismissal Pleading within 17 business days of service of the No Dismissal Pleading. The Court will schedule a hearing thereon if it believes one is necessary. If an Additional Party fails to either (i) dismiss ~~with~~without prejudice the Additional Lawsuit or the claims and/or causes of action contained therein that New GM asserts violates the Decision, Judgment, and/or Sale Order (as modified by the Decision and Judgment), or (ii) timely file a No Dismissal Pleading with the Court within the time period set forth above, New GM shall be permitted to file with this Court a notice of presentment on five (5) business days' notice, with an attached Dismissal Order that directs the Additional Party to dismiss ~~with~~without prejudice the Additional Lawsuit or the claims and/or causes of action contained therein that violate the Decision, this Judgment and/or the Sale Order (as modified by the Decision and Judgment), within 17 business days of receipt of the Dismissal Order. With respect to any lawsuit that is dismissed pursuant to this Paragraph, (i) the statute of limitations shall be tolled from the date of dismissal of such lawsuit to 30 days after all appeals of the Decision and Judgment are decided, and (ii) if the Decision and Judgment are reversed on appeal such that the appellate court finds that the

13

Additional Party can maintain the lawsuit heretofore dismissed pursuant to this Judgment, the Additional Party's rights against New GM that existed as of the dismissal of the lawsuit shall be reinstated as if the dismissal of the lawsuit never occurred. For the avoidance of doubt, nothing in this Paragraph 2017 shall apply to the Amended Consolidated Complaint to be filed in the MDL 2543 proceeding on or before June 12, 2015.

Dated: New York, New York
       May __, 2015

_____
UNITED STATES BANKRUPTCY JUDGE