# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To All Actions*

------------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/24/2015

14-MD-2543 (JMF)
14-MC-2543 (JMF)

ORDER NO. 50

JESSE M. FURMAN, United States District Judge:

### [Reconsidering and Amending Order No. 29 Regarding the Effect of the Consolidated Complaints]

This matter is before the Court on the motion of the *Elliott*, *Sesay* and *Bledsoe* plaintiffs to reconsider Order No. 29 (14-MD-2543 Docket No. 477), regarding the effect on the claims of economic loss plaintiffs of consolidated complaints filed by Lead Counsel pursuant to Order No. 7 on October 14, 2014 (14-MD-2543, Docket Nos. 345, 347), and any amendments to those Consolidated Complaints pursuant to the procedures set forth below. As noted in Order No. 39 (14-MD-2543 Docket No. 671), the motion for reconsideration is GRANTED.

Specifically, upon due consideration of the parties' submissions and proposed orders (14-MD-2543 Docket Nos. 809, 810; *see also* 14-MD-2543 Docket Nos. 502, 553, 554, 571), and having given the parties an opportunity to comment on the Court's own proposed order (*see* Order No. 49, 14-MD-2543 Docket No. 855), the Court determines that Order No. 29 should be: (1) clarified to specify that all dismissals are, unless and until the Court orders otherwise, without prejudice; (2) modified to provide a procedure to allow certain economic loss plaintiffs not named in the amended Consolidated Complaints to challenge the dismissal of their claims; and (3) revised to protect the due process rights of economic loss plaintiffs, such that dismissal of their individual complaints in order to streamline these proceedings does not preclude such plaintiffs from (a) recovering as a member of any class that might be certified or (b) pursuing claims, should a plaintiff choose to do so, if no class is certified or

if the plaintiff opts out of a class that is certified.

Accordingly, this Order supersedes Order No. 29 in its entirety, except that Order No. 29 remains intact insofar as it dismissed, without prejudice, the allegations, claims, and defendant(s) included in complaints that already had been transferred to or were filed in MDL 2543 as of the date of entry of that Order and not included in the Consolidated Complaints, which complaints were listed in Order No. 29, Exhibit A. (*See* 14-MD-2543 Docket No. 477; *see* ¶ 6, *infra*).

## Background

In Order No. 7, the Court directed Lead Counsel to review all the existing complaints and "file a consolidated or master complaint with claims on behalf of the class or classes, as appropriate. After doing so, any counsel who believed that their claims should have been included, but were not, would have an opportunity to object." The Court's intent was that the Consolidated Complaints "would streamline and clarify the [economic loss] claims and help eliminate those that are duplicative, obsolete, or unreflective of developing facts or current law." (Order No. 7 (14-MD-2543 Docket No. 215) at 3). In Order No. 8, the Court set a schedule for filing the Consolidated Complaints, which provided opportunities for other plaintiffs' counsel to submit comments on the draft Consolidated Complaints and to object to the final Consolidated Complaints. (Order No. 8 (14-MD-2543 Docket No. 249) at 5).

On October 14, 2014, Lead Counsel filed two Consolidated Complaints (14-MD-2543 Docket Nos. 345, 347). The first Consolidated Complaint asserts economic loss claims concerning GM-branded vehicles (manufactured by either General Motors Corporation ("Old GM") or General Motors LLC ("New GM")) that were acquired July 11, 2009 or later. The second Consolidated Complaint asserts economic loss claims for owners of vehicles manufactured by Old GM and purchased before July 11, 2009. In each, New GM was the sole defendant. Each of the Consolidated Complaints includes the following caveat:

2

> This pleading neither waives nor dismisses any claims for relief against any defendant not included in this pleading that are asserted by any other plaintiffs in actions that have been or will be made part of this MDL proceeding, except by operation of the class notice and (with respect to any 23(b)(3) class) any opt-out provisions on claims or common questions asserted in this Complaint and certified by this Court.

(14-MD-2543 Docket No. 345 at 1; 14-MD-2543 Docket No. 347 at 2). The Consolidated Complaint as to vehicles manufactured by Old GM and purchased before July 11, 2009, further alleges that "[c]ertain claims for certain parties may, consistent with 28 U.S.C. § 1407 and the caselaw thereunder, be matters for determination on remand by transferor courts." (14-MD-2543 Docket No. 347 at 2).

The Court and certain of the parties are concerned that the above language in the Consolidated Complaints may create ambiguity as to the status of economic loss claims not asserted in the Consolidated Complaints. To clarify the effect of the Consolidated Complaints (and any amended Consolidated Complaints) on claims asserted in these MDL proceedings, the Court makes the following findings and adopts the following procedures.

## General Provisions

1. In its June 9, 2014 Transfer Order transferring the MDL 2543 proceedings to this Court, the Judicial Panel on Multidistrict Litigation found that "[c]entralization under Section 1407 will eliminate duplicate discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary." *In re: General Motors LLC Ignition Switch Litigation,* 26 F. Supp. 3d 1390, 1391 (J.P.M.L. 2014).

2. Order Nos. 7, 29, and this Order were and are intended to streamline and simplify the operation and management of MDL 2543 by reducing the need of the parties to file or respond to (and the Court to decide) pretrial motions in multiple underlying complaints. The Consolidated Complaints and their amendments are intended to bring together common allegations and claims asserted by economic loss plaintiffs in these MDL proceedings. The Consolidated Complaints have

3

been, and will continue to be, critical tools to organize and conduct motion practice, both here and in the Bankruptcy Court, to address class certification, and to manage the discovery process. They are the operative pleadings for these purposes.

3. The provisions of this Order do not extinguish the claims of individual plaintiffs in the event class certification is denied, or the presentation of claims by individual plaintiffs who exclude themselves from any class that is certified, under procedures to be prescribed by the Court (after hearing from the parties) in connection with its class certification determinations.

### **Procedures for Dismissal Without Prejudice**

4. As stated on the record at the status conference earlier today, Lead Counsel has until June 12, 2015 (*i.e.*, almost six weeks after May 5, 2015, the expected date for substantial completion of Phase One discovery pursuant to Order No. 20) to amend the Consolidated Complaints based upon discovery or other developments in the case, including the April 15, 2015 ruling — and any subsequent rulings — by the Bankruptcy Court. Thereafter, it shall be presumed that no further amendment will be permitted, except upon good cause shown as to factual matters and claims that are thereafter revealed by discovery or alleged for the first time in cases that are transferred to or filed in the MDL after the above-described deadline.

5. The Court has designated the Consolidated Complaints as the operative class action complaints in these MDL 2543 proceedings. The Court entrusts Lead Counsel with the identification and appropriate pleading of common claims asserted in the lawsuits consolidated in this MDL, after consultation with other plaintiffs' counsel, subject to the procedures for objections to be described in the paragraphs and sub-paragraphs below. Accordingly:

(a) By joining the Consolidated Complaints, those plaintiffs named in the Consolidated Complaints have amended their prior pleadings, and — to the extent they were not already dismissed pursuant to the terms of Order No. 29 — their underlying complaints are

4

dismissed without prejudice. The underlying complaints of any plaintiffs added to any amended Consolidated Complaints (*see* ¶ 4, *supra*) will be deemed dismissed on the date of the submission of those Complaints (*see* ¶ 7, *infra*).

(b) Lead Counsel shall provide a copy of any draft amended Consolidated Complaints by secure electronic means to counsel for each economic loss plaintiff fourteen (14) days prior to the amendment deadline. Plaintiffs' counsel will provide Lead Counsel with any comments or proposed changes seven (7) days prior to the amendment deadline.

(c) Plaintiffs will have fourteen (14) days from the filing of the amended Consolidated Complaints to object and Lead Counsel shall have fourteen (14) days to respond. Any such objections and responses shall not exceed five (5) single-spaced pages and shall be filed in both 14-MD-2543 and 14-MC-2543. No replies shall be allowed without leave of Court.

6. With respect to complaints filed in or transferred to this MDL before December 18, 2014, allegations, claims, and defendant(s) not included in the Consolidated Complaints, as well as the complaints of plaintiffs not named in the Consolidated Complaints, were dismissed without prejudice effective December 18, 2014. (*See* Order No. 29, Ex. A). The time to object to that dismissal without prejudice of the cases identified on Order No. 29, Exhibit A having passed, all of those complaints — with the sole exceptions of the *Elliott*, *Bledsoe*, and *Sesay* complaints, which were reinstated by the Court on March 13, 2015 (*see* Order No. 39 (14-MD-2543, Docket No. 671) § VII) — remain dismissed.

7. With respect to complaints filed in or transferred to this MDL since December 18, 2014, up until the time of the filing of the amended Consolidated Complaints, any allegations, claims and defendant(s) that are not included in the amended Consolidated Complaints shall be deemed dismissed without prejudice with respect to the plaintiffs named in such amended Consolidated

5

Complaints; and any allegations, claims and defendant(s) shall be deemed dismissed without prejudice with respect to plaintiffs who are not named in such amended Consolidated Complaints, unless such plaintiff not named in the Consolidated Complaints seeks leave of Court to reinstate his/her claims, for good cause shown, within fourteen (14) days of the filing of amended Consolidated Complaints. Lead Counsel shall file, concurrently with the amended Consolidated Complaints, a list of the allegations, claims, and/or defendant(s) to be dismissed without prejudice pursuant to this paragraph.

8. With respect to claims transferred to or filed in MDL 2543 after the filing of amended Consolidated Complaints, Lead Counsel shall have 60 days following transfer or filing to seek leave to amend the Consolidated Complaints, for good cause shown, to address any factual matter, claims and/or defendant(s) raised for the first time in such pleadings. If Lead Counsel do not seek leave to amend the Consolidated Complaints within the 60-day period, or if the requested amendment is denied by the Court, then any allegations, claims, and defendant(s) not included in the amended Consolidated Complaints shall be dismissed without prejudice at the expiration of the 60-day period or the Court's order denying the amendment, whichever occurs first, unless such plaintiff not named in the Consolidated Complaints sustains an objection to dismissal pursuant to the following procedure:

    a. On August 15, 2015, and every month thereafter (*i.e.*, on the fifteenth day of every month) until the Court orders otherwise, Lead Counsel and Counsel for New GM shall jointly submit a list of allegations, claims, and defendant(s) in later-filed complaints to be dismissed without prejudice pursuant to this paragraph.

    b. Any such plaintiff not named in the Consolidated Complaints may seek leave of Court to reinstate his/her claims, for good cause shown, within fourteen (14) days of the filing of the list naming his/her complaint to object to dismissal. Lead

6

Counsel and New GM shall have fourteen (14) days to respond. Any such objections and responses shall not exceed five (5) single-spaced pages and shall be filed in both 14-MD-2543 and 14-MC-2543. No replies shall be allowed without leave of Court.

9. The parties should meet and confer with an eye toward proposing an order to be entered after Plaintiffs file the amended Consolidated Complaints to ensure that motion practice and discovery with respect to common issues of fact and law are conducted as part of these MDL proceedings. Among other things, the proposed order should create a process requiring any Plaintiffs' counsel with allegations, claims, or defendants not included in the amended Consolidated Complaints to coordinate with Lead Counsel to ensure that discovery as to common issues of law and fact is completed as part of the MDL proceedings. Additionally, the parties should discuss whether, when, and how the Court should create a process to litigate the viability of allegations, claims, or defendants not included in the amended Consolidated Complaints.

10. For any allegations, claims, and defendants that have been or will be dismissed pursuant to Order No. 29 or this Order, the statute of limitations shall be tolled from the date of dismissal to 30 days after the Court decides Lead Counsel's motion for class certification.

**Obligations of the Parties with Respect to Allegations, Claims, or Defendant(s) that are Reinstated Pursuant to the Preceding Paragraphs**

11. If any allegations, claims or dismissed defendant(s) are reinstated after dismissal without prejudice pursuant to Order No. 29 or this Order, such individual economic loss plaintiff shall serve, in accordance with Order No. 30 (14-MD-2543 Docket No. 758), a plaintiff fact sheet ("PFS") within 30 days of this Order or of such reinstatement, whichever is later. Other than the obligation to serve a PFS, any individual economic loss action that is not dismissed pursuant to Order No. 29 or this Order shall be stayed and no motion or responsive pleading to any allegations or claims or on behalf of a defendant reinstated by the Court shall be due unless and until ordered by the Court.

7

## Procedure for Objecting to Application of Rulings on the Consolidated Complaints to Underlying Actions

12. In order to achieve the efficiencies of consolidation while respecting the principle that consolidation may not diminish the rights of plaintiffs, the Court adopts the following procedure to apply rulings made on the basis of consolidated pleadings to non-consolidated actions (*i.e.*, actions involving plaintiffs not named in the Consolidated Complaints). Rulings made with respect to the Consolidated Complaints shall apply to non-consolidated actions unless challenged as follows: Upon the application of any party to these MDL proceedings — to be made no later than fourteen (14) days following a Court ruling on the Consolidated Complaints — a party in a non-consolidated action shall be required to show cause within fourteen (14) days why a ruling made on the basis of the Consolidated Complaints should not apply to the non-consolidated action. The initial moving party shall then have seven (7) days to respond. Absent leave of Court, any such show cause papers and responses shall not exceed five (5) single-spaced pages and shall be filed in both 14-MD-2543 and 14-MC-2543. No replies shall be allowed without leave of Court.

SO ORDERED.

Date: April 24, 2015
New York, New York

_____
JESSE M. FURMAN
United States District Judge

8