**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Lisa H. Rubin
Direct: +1 212.351.2390
Fax: +1 212.716.0790
LRubin@gibsondunn.com

May 12, 2015

VIA ECF AND ELECTRONIC MAIL

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

Re:   *In re Motors Liquidation Co.,* et al., Case No. 09-50026 (REG)
      Amended Motion of Doris Powledge Phillips for Relief from, or to Set Aside, the
      August 9, 2010 Stipulation and Settlement Resolving Claim No. 44614

Dear Judge Gerber:

At the May 7, 2015 hearing on the amended motion of Doris Powledge Phillips for relief from, or to set aside, the August 9, 2010 Stipulation and Settlement Resolving Claim No. 44614, Mrs. Phillips's counsel raised for the first time a 1962 decision from the Supreme Court of Minnesota, *Spaulding v. Zimmerman*, 263 Minn. 346 (1962). Because that case had not been cited in any of Mrs. Phillips's multiple, written submissions, Your Honor granted any interested parties "the opportunity to file a written response addressing th[e] case." 5/7/15 Hearing Transcript ("Tr.") at 40:18-20. Wilmington Trust Company, as trustee for and trust administrator of the Motors Liquidation Company GUC Trust (the "GUC Trust"), and General Motors LLC ("New GM") respectfully submit this joint response.

*Spaulding* does not remotely support Mrs. Phillips's amended motion. *Spaulding* is limited to its unique facts involving a personal injury settlement on behalf of a minor, which required court approval.[1] *See Crowe v. Smith*, 151 F.3d 217, 237 n.30 (5th Cir. 1998) (explaining that *Spaulding* was "an unusual case with a narrow range of factual applicability"); *C.M. ex rel. P.M. v. Syosset Cent. School Dist.*, No. CV 11–1402 (MKB) (GRB), 2013 WL 5799908, at *6 (E.D.N.Y. October 25, 2013) ("Because minor plaintiffs 'are wards of [the] court,' . . . parties must seek judicial approval of the Court before settling an action by or on behalf of a minor, which approval must be embodied in an order, judgment or decree.").

---

[1]   The lower court in *Spaulding* stated that if the plaintiff was not a minor, the motion to vacate would likely have been denied. *See Spaulding*, 263 Minn. at 351 ("Except for the character of the concealment in the light of plaintiff's minority, the Court would, I believe, be justified in denying plaintiff's motion to vacate, leaving him to whatever questionable remedy he may have against his doctor and against his lawyer.").

GIBSON DUNN

The Honorable Robert E. Gerber
May 12, 2015
Page 2

In *Spaulding*, the minor was injured in an automobile accident and, unbeknownst to him and his medical team, suffered from an aorta aneurysm that may have been caused by the accident. Defendants' medical examiner discovered the aneurysm, but neither defendants nor their counsel disclosed the aneurysm to the plaintiff or his counsel, who agreed to settle the claim on the eve of trial. 263 Minn. at 349. Nor did defendants reveal the aneurysm to the court that approved the settlement. Upon discovering his injury years later, the plaintiff filed a second personal injury suit and moved to vacate the settlement. *Id.* at 350-51. The Minnesota Supreme Court held that the settlement of the minor's lawsuit was properly vacated because it had been "shown that in the accident the minor sustained separate and distinct injuries which were not known or considered by the court at the time settlement was approved." *Id.* at 353 (citations omitted).

*Spaulding* has absolutely no application here.

- *First*, *Spaulding* did not involve an assignment or transfer of the claim at issue. By contrast, it is undisputed here that Mrs. Phillips agreed to transfer "all rights, title, and interest" in Claim No. 44614 to Dover Master Fund II, L.P. *See* Dkt. 13112, Ex. F (evidence of transfer of claim). Claim No. 44614 subsumed the lawsuit that was settled. Simply put, Mrs. Phillips has no remaining interest in the Claim and has no standing to raise these issues now. Mrs. Phillips's lack of standing to challenge the settlement because of the assignment disposes of the Amended Motion and renders *Spaulding* irrelevant to this case.

- *Second*, unlike *Spaulding*, which turned on "the court's authority to vacate settlements made on behalf of minors," 263 Minn. at 352-53, Mrs. Phillips's settlement was made on her own behalf for her own alleged losses. *See* Tr. at 70:22-71:18.

- *Third*, in *Spaulding*, defendants' counsel's concealment of the aneurysm was "undisputed." 263 Minn. at 352. Here, by contrast, Mrs. Phillips has been given numerous chances, but has not proffered any evidence, much less the "highly convincing" evidence required for Rule 60(b) relief, that Old GM failed to respond appropriately to discovery requests. Instead, Mrs. Phillips's motion is based on unsubstantiated allegations of discovery misconduct. *See Coe v. RJM, LLC*, 372 F. App'x 188, 190 (2d Cir. 2010) (summary order) (affirming denial of Rule 60(b) motion and explaining that "unsubstantiated allegations" unsupported by "affidavits or other evidence" are insufficient).

- *Fourth*, the withheld information in *Spaulding* meaningfully changed the plaintiff's understanding of his injuries. *See* 263 Minn. at 351 (describing a

**GIBSON DUNN**

The Honorable Robert E. Gerber
May 12, 2015
Page 3

    doctor's recommendation of "immediate surgery" and his later lawsuit due to "the more serious injuries" he discovered). Here, by contrast, Mrs. Phillips does not contend that there was any injury to the decedents that was unknown to her.

- *Fifth*, no federal court has ever adopted *Spaulding* to grant a Rule 60(b) motion. In addition, no court has applied *Spaulding* in the expansive fashion that Mrs. Phillips has urged—a view that, if adopted, would vitiate the public policy promoting the settlement of cases. *See, e.g., In re Sony Corp. SXRD*, 448 F. App'x 85, 87 (2d Cir. 2011) ("Public policy favors settlement.").

- *Sixth*, as the settlement in *Spaulding* was with a minor, court approval was required, and a main focus of the case was on what *the Court* was told about the minor's claim so that the court could properly assess the settlement. Here, by virtue of prior orders of the Court, court approval was not required for Mrs. Phillips's settlement, and unlike *Spaulding*, there was no Court involvement with respect to the settlement.

Thus, far from being "very on point," as Mrs. Phillips's counsel argued at the May 7, 2015 hearing, Tr. at 38:20, *Spaulding* is wholly inapposite. Accordingly, the GUC Trust and New GM respectfully request that the Court deny Mrs. Phillips's motion.

Respectfully submitted,

*/s/ Lisa H. Rubin*

Lisa H. Rubin

Respectfully submitted,

*/s/ Arthur Steinberg / LHR*

Arthur Steinberg

cc:  Josh Davis, Esq.
      William Weintraub, Esq.