**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE**LLP

Attorneys at Law I 437 Madison Ave., New York, NY 10022-7020
T (212) 907-7300 I  F (212) 754-0330 I  www.golenbock.com

*DIRECT DIAL NO.: (212) 907-7327*
*DIRECT FAX NO.: (212) 754-0777*
*EMAIL ADDRESS: JFLAXER@GOLENBOCK.COM*

May 12, 2015

*Via Email & ECF Filing*
Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

     Re:   *In re Motors Liquidation Company (Case No. 09-50026 (REG))*
           *Groman v. General Motors LLC (Adv. Pro. No. 14-01929 (REG))*

Dear Judge Gerber:

We write as co-counsel to the Groman Plaintiffs, together with Wolf Haldenstein Adler Freeman & Herz LLP, in response to the direction set forth in the April 15 Decision and May 5 Endorsed Order. The Groman Plaintiffs participated fully in the "meet and confer" sessions and exchange of drafts pertaining to the proposed Judgment. Our reason for writing to the Court independently – and at this hour – is explained below.

As an initial point of information, the Groman Plaintiffs endorse and support the Court's execution of the form of Judgment that was submitted by Designated Counsel, rather than the competing form submitted by New GM, largely for the reasons expressed by Designated Counsel. As the Court recognized in its April 15 Decision, the matters to be addressed on appeal "are important, difficult," and require the application of "conflicting" authorities that "came nowhere close to addressing" a factual situation similar to that presented here. Dec. at 17, 133. Under such circumstances, and given the gravity and public importance of this case, staying all the pending pre-sale related litigations pending appeal would be prudent and less procedurally cumbersome for all parties involved than ordering dismissals with prejudice at this time.

Of principal importance to our clients is that Designated Counsel's proposed Judgment, but not New GM's, includes provisions that go to the Groman Plaintiffs' repeated requests for discovery on the Four Threshold Issues and to the Court's consideration and disposition of the parties' collectively numerous disputed facts, which were submitted along with the undisputed facts. *See* Plaintiffs' Proposed Judgment at ¶ 12. The Groman Plaintiffs were the party that asked for these provisions to be included in any proposed Judgment. New GM refused to include them without explanation (despite being asked for one) during the negotiation process. We just learned its reasons for that refusal at 5 p.m. today, when we read Point 5 of

2284589.1

**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE**LLP

Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
May 12, 2015
Page 2

New GM's letter to the Court. Accordingly, we are compelled to address it ourselves.

We submit that the Court's rulings on the immateriality of the disputed facts are necessarily implicit in the decision. First, the penultimate paragraph of the Decision states that the Court "has canvassed" *every* contention raised by the parties' briefing "and satisfied itself that no material points other than those it has specifically addressed were raised and have merit." Second, as New GM correctly points out, the Court ruled based on the undisputed facts in a process that was akin to a "motion[] for summary judgment." GM Ltr. at 6 (quoting Decision at n. 17). The inherent implication of conducting a summary judgment-like inquiry is that the Court must have found that there were *no disputed facts sufficient to raise a genuine issue of material fact precluding summary judgment.* If the Court found that any of the disputed facts were material such that, if proved, they would have potentially altered the Court's decision on any issue, the Court could not have ruled definitively as a matter of law as to every issue as it did, and the Court would have instead set aside for discovery and trial any issues affected by the material disputed facts.

Making the Court's implicit rulings pertaining to the disputed facts express in the Judgment will help crystallize and frame the issues that our clients may ultimately elect to appeal. New GM, we believe, is improperly attempting to remove issues pertaining to the materiality of the disputed facts from the permissible scope of appeal, to the substantial prejudice of both the Groman Plaintiffs and the Ignition Switch Plaintiffs generally.

Accordingly, we urge the Court to adopt Designated Counsel's proposed Judgment, or, alternatively, to incorporate paragraph 12 thereof into any final Judgment the Court prepares and executes.

Respectfully submitted,

/s/ Jonathan L. Flaxer

Jonathan L. Flaxer

cc:    (via e-mail)
       Arthur Steinberg, Esq.
       Scott Davidson, Esq.
       Richard C. Godfrey, P.C.

2284589.1

**GOLENBOCK EISEMAN
ASSOR BELL & PESKOE** LLP

Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
May 12, 2015
Page 3


Andrew B. Bloomer, P.C.
Leonid Feller, Esq.
Edward S. Weisfelner, Esq.
Howard Steel, Esq.
Sander L. Esserman, Esq.
Matt Williams, Esq.
Lisa H. Rubin, Esq.
Keith Martorana, Esq.
Daniel H. Golden, Esq.
Deborah J. Newman, Esq.
Alexander H. Schmidt, Esq.
William P. Weintraub, Esq.

2284589.1