# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Lisa H. Rubin
Direct: +1 212.351.2390
Fax: +1 212.716.0790
LRubin@gibsondunn.com

May 13, 2015

VIA ECF AND E-MAIL

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

Re:   *In re Motors Liquidation Co.*, et al., Case No. 09-50026 (REG)
      Amended Motion of Doris Powledge Phillips for Relief from, or to Set Aside, the
      August 9, 2010 Stipulation and Settlement Resolving Claim No. 44614

Dear Judge Gerber:

Last night and pursuant to an agreement among the parties, counsel for Mrs. Phillips submitted to the Court a copy of Mrs. Phillips's Assignment of Claim to Dover Master Fund II, L.P. (the "Assignment"), a document that was not previously referenced in or attached to any of Mrs. Phillips's written submissions on the above-captioned motion. *See* Dkt. 13142; 5/7/15 Hearing Transcript ("Tr.") at 110:15-111:21.

The GUC Trust and New GM now jointly submit this letter to demonstrate that the Assignment unequivocally supports their position. The Assignment, by its own terms, clearly establishes that Mrs. Phillips does not have standing to seek to vacate the Settlement nearly five years after its execution. In particular, under the Assignment, Mrs. Phillips unconditionally assigned all rights to her Claim, which subsumed her prepetition lawsuit against Old GM. There was no part of or interest in her Claim that was retained by her. In fact, she expressly agreed (a) not to file any other claims against Old GM, (b) to assign any other claim she may have against Old GM to Dover, and (c) to distribute any future recoveries on account of her Claim to Dover. The relevant parts of the Assignment are as follows:

- Mrs. Phillips "absolutely and unconditionally sells, transfer and assigns unto [Dover], its successors and assigns, all rights, title and interest in and to the claim(s) . . . as more fully defined below (the 'Claim') of [Mrs. Phillips] against . . . the debtor-in-possession in the Chapter 11 reorganization case." Assignment, Paragraph 2.

**GIBSON DUNN**

The Honorable Robert E. Gerber
May 13, 2015
Page 2

- The term "Claim" includes, "without limitation," "all of [Mrs. Phillips's] right, title and interest in and to any Proofs of Claim if filed . . . ," "all rights to receive principal, interest, . . . fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing," and "all other claims, causes of action . . . and other rights arising under or relating to any of the foregoing, including, without limitation, all of [Mrs. Phillips's] rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or the Case," which is a defined term referring to the above-captioned case in this Court. *Id.*

- Mrs. Phillips acknowledges that she filed a $250 million Proof of Claim, as attached to the Assignment, and agrees that "[Dover] shall be deemed to be the owner of the Claim in the amount set forth in such Proof of Claim, subject to the terms of this Assignment . . . ." *Id.*, Paragraph 3. The Proof of Claim specifically lists her pre-petition lawsuit against Old GM as the basis for her Claim. *See* Dkt. 13112, Ex. C (Proof of Claim).

- Mrs. Phillips represents and warrants that she "is hereby selling to [Dover] *good and sole legal beneficial title to the Claim free and clear of any and all* liens, security interests, encumbrances or *claims of any kind or nature whatsoever*," and that "the basis for the Claim is amounts due and owing by Debtor arising from the Wrongful Death claim filed in the 10th Judicial Court, Galveston County TX as Cause No. 07-cv-1040 and settled in accordance with [the Settlement]." Assignment, Paragraph 4(j) & (k) (emphasis added).

- Mrs. Phillips "acknowledges and agrees that Dover Master Fund II, L.P. shall be the holder of record of the Claim . . . ." *Id.*, Paragraph 12.

- Mrs. Phillips "irrevocably appoints [Dover] with *full power* of substitution as [her] true and lawful attorney and authorizes [Dover] to act in [her] name, plead, and stead, *to* demand, *sue for,* compromise, recover, *and transfer to [Dover] all such sums of money and securities which . . . may hereafter become due and payable for, or on account of the Claim herein assigned.*" *Id.*, Paragraph 10 (emphasis added).

In addition to clarifying Mrs. Phillips's lack of standing, as reflected in the provisions quoted above, the Assignment also indicates that even if Mrs. Phillips had any valid basis to attempt to vacate the Settlement (which she does not), she is not entitled to seek or recover any additional funds in relation to her Claim for herself.

**GIBSON DUNN**

The Honorable Robert E. Gerber
May 13, 2015
Page 3

- The Assignment contains her representation and warranty—which, per Paragraph 13, survives the Assignment's execution and the sale of the Claim—that "other than the Proof of Claim, no proof of claim has been *or will be* filed by or on [her] behalf . . . in the Case or any related proceeding." *Id.*, Paragraph 4(n).

- More significantly, pursuant to Paragraphs 8(a) and (b), in the event that Mrs. Phillips receives any "payments or distributions . . . with respect to or relating to the Claim," she is obligated to accept such payments and distributions as Dover's agent, hold them in trust for Dover's "sole benefit," and deposit any distributions of cash or securities in specific accounts belonging to Dover within 2 business days and 5 business days respectively with interest due and owing for any delay. *See id.*, Paragraph 8(a) (discussing deposit of cash distributions); 8(b) (discussing securities distributions).

- Finally, the Assignment authorizes Dover to file "other evidences of transfer that may be necessary to transfer other proofs of claim filed by [Mrs. Phillips] in the Case." *Id.*, Paragraph 12(b).

For all of the reasons outlined above, the GUC Trust and New GM respectfully submit that the Assignment conclusively establishes Mrs. Phillips's lack of standing to seek to vacate or set aside the Settlement, pursue any other claim or cause of action relating to or arising from her Proof of Claim and the underlying Texas state court litigation, or recover any additional funds in respect of the Claim.

We thank Your Honor in advance for allowing us to comment on the Assignment.

Respectfully submitted,

Lisa H. Rubin

Respectfully submitted,

Arthur Steinberg

cc: Josh Davis, Esq.
    William Weintraub, Esq.