*Endorsed Order: New GM is to respond to this letter on or before May 22, 2015.*

*/s/ REG, USBJ*
*5/15/15*

Gary Peller
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 662-9122
(202) 662-9680 (facsimile)

May 13, 2015

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408
gerber.chambers@nysb.uscourts.gov

**Re: In re Motors Liquidation Company, et al., Case No. 09-50026 (REG);**
*Sesay et al v. General Motors et al*, 1:14-06018 (JMF); *Elliott, et al. v.. General Motors LLC, et al.*, 1:14-cv-8382-JMF; *Sesay et al. v. General Motors LLC et al.*, 1:14-cv- 0618-JMF; *Bledsoe et al. v. General Motors LLC*, 1:14-cv-7631-JMF

Your Honor:

    I represent Counsel Celestine Elliott, Lawrence Elliott, Berenice Summerville, Ishmail Sesay, Joanne Yearwood, Sharon Bledsoe, Tina Farmer, Paul Fordham, Momoh Kanu, Tynesia Mitchell, Dierra Thomas and James Tibbs, plaintiffs in the above captioned actions. Ms. Bledsoe is a pre-closing accident victim. On their behalf, I write to request that the Court set a schedule for consideration of additional objections Plaintiffs wish to submit in response to New GM's Motions to Enforce the Sale Order.

    The May 16, 2014, Scheduling Order, provides that "consideration of non-Threshold Issues shall be deferred to a later time, and all parties shall reserve their rights with respect to such issues." The Court having ruled upon the Threshold issues, and the Identified Parties having proposed "judgments," Plaintiffs thought it prudent to alert the Court that they intend to submit "non-Threshold Issues" objections to GM's motions directed against them, and accordingly that the entry of any "judgment" purporting to resolve issues raised by New GM's motions may be premature. In addition, Ms. Bledsoe intends to argue that the same reasons that the Court found the 2009 Sale Order "overbroad" with respect to independent economic loss claims against New GM on behalf of pre-closing purchasers should apply to independent claims against New GM on behalf of pre-closing accident victims, an issue that was not presented to the Court during its consideration of the Threshold Issues.

Honorable Robert E. Gerber
May 13, 2015
Page 2

    Because they were not Identified Parties who were heard regarding the Threshold Issues, the *Elliott*, *Sesay*, and *Bledsoe* Plaintiffs cannot be bound by the Court's rulings without first being accorded an opportunity to be heard. The proposed judgments submitted by New GM and Designated counsel each recognize that requirement and accordingly provide an opportunity for plaintiffs who were not Identified Parties to object to the application of the Court's rulings regarding the Threshold Issues to them. Plaintiffs respectfully suggest that efficiency in judicial administration may be served by coordinating any such objections to the application of the Threshold Issues rulings with the submission of objections relating to non-Threshold Issues. Any entry of "judgment" regarding New GM's Motions to Enforce would be premature until all such objections were disposed of.

    In light of the Court's references to possible contemptible conduct in its rulings disposing of the *Sesay* and *Bledsoe* No Stay Pleading, Plaintiffs wish to make clear that they seek to protect their rights and appropriately to preserve issues for appeal. Because coordinated proceedings are not representative actions, and the disposition of issues in a single contested matter between New GM and a particular set of plaintiffs cannot become the "law of the case" applicable to distinct contested matters between New GM and different sets of plaintiffs, representation may require presentation of identical legal positions in these distinct matters. Plaintiffs would be happy to follow the Court's preferences regarding how such issues, common to several distinct matters, should be presented.

    Please feel free to contact me if you have any questions.

                                                     Respectfully submitted,

                                                     /s/ *Gary Peller*

                                                   Gary Peller

cc:    Arthur Steinberg, Esq.