KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

May 21, 2015

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

**Re: In re Motors Liquidation Company, *et al.***
**Case No. 09-50026 (REG)**

**Letter Responding to Letter Filed by Gary Peller, dated May 13, 2015 [Dkt. No. 13143]**

Dear Judge Gerber:

King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. New GM submits this letter pursuant to Your Honor's Endorsed Order dated May 15, 2015 [Dkt. No. 13147], and in response to the letter dated May 13, 2015, from Gary Peller, Esq. ("**Peller Letter**"), which requests that the Court delay entry of judgment with respect to the Decision, and that "the Court set a schedule for consideration of additional objections Plaintiffs wish to submit in response to New GM's Motions to Enforce." As explained below, the relief sought in the Peller Letter should be denied.

**1. Mr. Peller's Clients are Bound by the Rulings in the Decision.**

Mr. Peller asserts that his clients are not bound by the Court's *Decision on Motion to Enforce Sale Order*, dated April 15, 2015 [Dkt. No. 13109] ("**Decision**"), because the rulings on the Four Threshold Issues are only binding on the "Identified Parties" (as defined in this Court's Scheduling Order dated May 16, 2014), and not his clients. That conclusion is wrong—Mr. Peller's clients are bound by the Decision and any judgment entered in connection therewith. This Court has never limited the proceedings relating to the Four Threshold Issues to only the Identified Parties. Indeed, all plaintiffs whose complaints were the subject of the Motions to

Enforce and who were served with those Motions, including Mr. Peller's clients, had the opportunity to file a brief and present oral argument on the Four Threshold Issues. The only caveat for them was that they had to comply with the administrative directives of the Court to first consult with the Designated Counsel and not make repetitive arguments. The Court made this point at the very first conference in this matter:

> I don't want repetition, and that includes making the same point in different ways. I need to hear from anybody who thinks those three firms [*i.e.*, Designated Counsel] aren't good enough why that's so, or conversely why they're not raising issues that need to be addressed. That's not to say that anybody who thinks up anything those firms couldn't can't be heard, but I need to know why and what's the problem.

May 2, 2014 Transcript, at 13:1-13:8.

The ability of all parties to participate in proceedings relating to the Motions to Enforce was confirmed in the May 16 Scheduling Order, as follows:

> nothing in this Order is intended to or shall preclude any other Plaintiff's counsel from taking a position in connection with any of the matters set forth in paragraphs 2, 3 and 6 above, PROVIDED that any other counsel who wishes to be heard orally with respect to such position at the Conference on July 2 shall submit and electronically file, no later than noon on July 1, a letter to the Court (with copies to all Identified Parties) summarizing the points he or she will wish to make; and PROVIDED FURTHER that any counsel who has failed to do so will not be heard orally at the July 2 Conference.

*Id.*, p. 6.[1] Thus, contrary to Mr. Peller's assertion that the Motions to Enforce only affected "a particular set of plaintiffs," the Motions to Enforce and the resolution of the Four Threshold Issues affected ***all plaintiffs*** whose complaints were the subject of the Motions to Enforce and who were served with those Motions, including Mr. Peller's clients.

The argument that the Decision is not binding on Mr. Peller's clients is particularly unavailing given that he and his co-counsel (for the Elliotts) filed pleadings and letters in connection with this contested matter,[2] and they made appearances before the Court in

---

1 Paragraph 2 of the May 16 Scheduling Order concerned the schedule for the Threshold Issues; Paragraph 3 concerned the process for the "fraud on the court" issue; and Paragraph 6 concerned the identification of non-Threshold Issues.

2 *See, e.g.*, Dkt. No. 12737 (Endorsed Order Regarding Letter by Mr. Peller's co-counsel, Daniel Hornal); Dkt. Nos. 12761, 12766, 12769, 12777, 12783 (Letters filed by Mr. Hornal); Dkt. No. 12774 (Motion to Dismiss Party filed by Mr. Hornal); Dkt. No. 12788 (Response filed by Mr. Peller); Dkt. Nos. 12821, 12830 (Letters filed by Mr. Peller); Dkt. No. 12822 (Notice of filing Counter-Order by Mr. Peller); Dkt. No. 12828 (Supplemental Notice of Counter-Order filed by Mr. Peller); Dkt. No. 12839 (Notice of Appeal filed by Mr. Peller); Dkt. No. 12870 (Motion to Dismiss Party filed by Mr. Peller); Dkt. No. 12871 (Motion to Amend filed by Mr. Peller); Dkt. No. 12872 (Motion for an Order of Abstention filed by Mr. Peller); Dkt. No. 12883

connection therewith.[3] The fact that Mr. Peller ultimately decided not to file a brief, or request oral argument in connection with the hearing on the Four Threshold Issues, was his choice to make. But that choice does not exempt his clients from the rulings in the Decision.

Mr. Peller's statement that he has the right to re-litigate matters already decided by the Decision has no basis and should be rejected out of hand.[4] The Court's prior orders were intended to avoid this precise result. *See, e.g.*, Endorsed Order, dated April 22, 2014 [Dkt. No. 12627] ("As at the original June 2009 sale hearing, those with the same or substantially similar positions are to band together and to designate one of their number who will speak for the group."); Administrative Order, dated January 13, 2015 [Dkt. No. 13044] ("Counsel other than New GM counsel, Designated Counsel and GUC Trust Counsel are to consult with counsel for the entity most aligned with their interests to ascertain whether their oral argument needs can be satisfied by counsel for the most closely aligned entity. If, after such consultation, any other party wishes oral argument, that party will be heard orally only if (a) that party has filed a brief (other than an unqualified joinder) and (b) writes the Court, no later than noon on Tuesday, January 27, (i) requesting time for oral argument; (ii) stating the amount of time requested; and, most importantly, (iii) stating the reasons why argument by one of the most closely aligned counsel would be insufficient . . . .").

In all events, Mr. Peller's clients should not be permitted to raise issues (in the guise of non-Threshold Issues) that were previously decided by the Court in connection with his clients' No Stay Pleadings and motions to dismiss. Issues such as the Court's subject matter jurisdiction to decide the Motions to Enforce, and procedural issues such as whether the Motions to Enforce should have been brought by adversary proceeding, were all raised previously by Mr. Peller and rejected by the Court.[5]

Finally, Mr. Peller is wrong when he asserts that New GM's proposed judgment "recognizes" that his clients are not bound by the Decision. New GM's proposed judgment

---

(Amended Motion to Dismiss Party filed by Mr. Peller); Dkt. No. 12948 (Memorandum of Law Regarding No Stay Pleading filed by Mr. Peller); Dkt. No. 13002 (Amended Notice of Appeal filed by Mr. Peller); Dkt. No. 13004 (Notice of Appeal filed by Mr. Peller); Dkt. Nos. 13005 and 13007 (Motions Seeking Leave to Appeal filed by Mr. Peller).

[3] *See* Dkt. No. 12741 (Order Admitting Mr. Hornal to Practice *Pro Hac Vice*); Transcript of July 2 Conference (appearance by Mr. Hornal); Dkt. No. 12858 (Order Admitting Mr. Peller to Practice *Pro Hac Vice*); Transcript of August 5, 2014 Hearing (appearance by Mr. Peller).

[4] *See* Peller Letter, at 2 ("Because coordinated proceedings are not representative actions, and the disposition of issues in a single contested matter between New GM and a particular set of plaintiffs cannot become the 'law of the case' applicable to distinct contested matters between New GM and different sets of plaintiffs, representation may require presentation of ***identical legal positions*** in these distinct matters." (emphasis added)).

[5] *See Decision with Respect to No Stay Pleading, and Related Motion for Abstention (Sesay Plaintiffs)*, dated November 11, 2014 [Dkt. No. 12989]; *Decision with Respect to No Stay Pleading and Related Motion to Dismiss for Lack of Subject Matter Jurisdiction (Elliott Plaintiffs)*, dated August 6, 2014 [Dkt. No. 12815]. Mr. Peller's requests to take interlocutory appeals of Your Honor's decisions with respect to No Stay Pleadings were denied by District Judge Furman pursuant to his Order dated May 18, 2015.

submitted to the Court on May 12, 2015 provided that, *inter alia*, lawsuits (either in whole or in part) should be dismissed with prejudice to the extent they violated the injunction provisions contained in the Sale Order as modified by the Decision. *See* Letter Regarding Proposed Judgment In Connection To Decision On Motion To Enforce Sale Order, filed May 12, 2014 [Dkt. No 13136]. The lawsuits commenced by Mr. Peller's clients are expressly set forth in Exhibits "A," "C" and "D" to New GM's proposed judgment, indicating that such complaints should be dismissed (either in whole or in part) with prejudice. Thus, New GM's proposed judgment plainly applies to Mr. Peller's clients.

The procedures included in New GM's proposed judgment allowed Mr. Peller's clients to oppose the dismissal relief if they in good faith believed that (a) their economic loss claims are solely based on independent, post-363 Sale conduct of New GM, or (b) there were special circumstances relating to their Pre-Sale Accident Lawsuit that distinguished it from the rulings on that issue in the Decision. Significantly, however, New GM's proposed judgment stated that such pleading "shall not reargue issues that were already decided by the Decision and Judgment."

**2. Mr. Peller's Request to Delay Entry of Judgment is Inappropriate.**

Mr. Peller does not specify in his letter what the "non-Threshold Issues" are that he contends were not addressed by the Decision. Because Mr. Peller failed to list them, neither the Court nor New GM can know specifically what he is referring to.

The Peller Letter refers to paragraph 7 in the May 16 Scheduling Order that stated "[c]onsideration of non-Threshold Issues shall be deferred to a later time, and all parties shall reserve their rights with respect to such issues." However, that paragraph must be read in conjunction with the preceding decretal paragraph in the May 16 Scheduling Order, which stated that the "non-Threshold Issues" should be identified for the Court before the determination of the Four Threshold Issues. Specifically, the May 16 Scheduling Order provided:

> Counsel for the Identified Parties are to identify, prior to the July Conference, all issues (other than the issues identified in paragraph 1 hereof) that the Court will be asked to determine in connection with the Motion, the Objection and the Adversary Proceeding, and to state whether or not such issues are to be added to the list of Threshold Issues. Prior to the July Conference, Counsel for the Identified Parties are to "meet and confer" as to when any such issues are best decided.

May 16 Scheduling Order, at 6, ¶ 6.

Mr. Peller's co-counsel was at the July 2 Conference and argued that his clients had different legal theories from those that were being asserted:

> MR. HORNAL: Your Honor, our legal theories are considerably different from the Phaneufs and the other 87 plaintiffs and I believe we would be filing a no stay.

THE COURT: You think you thought of something that 87 other lawyers didn't?

MR. HORNAL: I'm quite confident we did, Your Honor.

Transcript of July 2 Conference, at 103:2-103:8. Mr. Peller's clients never stated what those legal theories were. It is too late for the plaintiffs in the Peller lawsuits to raise other arguments now. After fully contested litigation pursuant to this Court's Scheduling Orders and procedures, in which Mr. Peller and his co-counsel participated, the Decision has been rendered, and Mr. Peller's clients are bound by the rulings therein. The Court should enter the proposed judgment without the further hearing requested by Mr. Peller.

**3. The "Overbreadth" Finding in the Decision <u>Does Not Apply to Pre-Closing Accident Plaintiffs.</u>**

Mr. Peller's contention that the "overbreadth" finding in the Decision somehow applies to pre-closing accident plaintiffs, and that such issue was not presented to, and thus not decided by, the Court is flatly wrong. Specifically, the Court found as follows:

> The arguments as to Sale Order breadth that the Economic Loss Plaintiffs might have asserted would not be relevant to the Pre–Closing Accident Plaintiffs. To the extent the Sale Order was overbroad, it was so as to any claims that might arise *solely by reason of New GM's conduct*. The Pre–Closing Accident Plaintiffs suffered the injury or death underlying their claims in Old GM cars, and with Old GM parts. Any actionable conduct causing that injury or death took place before the 363 Sale—and necessarily was by Old GM, not New GM, and indeed before New GM could have done anything wrong.

2015 WL 1727285, at *45 (emphasis in original). In short, this issue was presented and determined in the Decision, and Mr. Peller's clients are bound by the adverse ruling therein.

Based on the foregoing, New GM believes that the relief requested in the Peller Letter should be denied, and Judgment should be entered at this time.

Respectfully submitted,

*/s/ Arthur Steinberg*

Arthur Steinberg

AJS/sd

cc: Gary Peller
Edward S. Weisfelner
Howard Steel

Pg 6 of 6

Honorable Robert E. Gerber
May 21, 2015
Page 6

Sander L. Esserman
Jonathan L. Flaxer
S. Preston Ricardo
Matthew J. Williams
Lisa H. Rubin
Keith Martorana
Daniel Golden
Deborah J. Newman
Jamison Diehl
William Weintraub
Steve W. Berman
Elizabeth J. Cabraser
Robert C. Hilliard