**HEARING DATE AND TIME: June 23, 2015 at 9:45 a.m. (Eastern Time)**
**OBJECTION DEADLINE: June 16, 2015 at 4:00 p.m. (Eastern Time)**

Barry N. Seidel
Eric B. Fisher
Colleen Kilfoyle
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

and

Jeffrey Rhodes (admitted pro hac vice)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, D.C. 20006
Telephone:  (202) 420-3150

*Attorneys for Motors Liquidation Company Avoidance Action Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
**In re**                                                        :      **Chapter 11 Case No.**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,                        :
**f/k/a General Motors Corp.,** *et al.*                         :      **09-50026 (REG)**
:
**Debtors.**                                                     :      **(Jointly Administered)**
:
-----------------------------------------------------------------x

**MOTION OF THE MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION
TRUST, BY AND THROUGH WILMINGTON TRUST COMPANY ACTING
SOLELY IN ITS CAPACITY AS AVOIDANCE ACTION TRUST
ADMINISTRATOR, FOR ORDER APPROVING APPOINTMENT OF SUCCESSOR
<u>AVOIDANCE ACTION TRUST MONITOR</u>**

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................ii

JURISDICTION ................................................................................................................1

RELIEF REQUESTED......................................................................................................1

DISCUSSION ....................................................................................................................2

I.   THE ROLES OF THE AA TRUST ADMINISTRATOR AND AA TRUST MONITOR..................................................................................................2

II.  IT IS IMPORTANT TO APPOINT AN AA MONITOR WITH NO ROLE IN THE GUC TRUST BECAUSE RECOVERIES IN THE ACTION COULD DILUTE GUC TRUST UNITS ............................................................................3

III. APPOINTMENT OF ARTHUR J. GONZALEZ, ESQ., AS AA TRUST MONITOR 5

NOTICE..............................................................................................................................6

CONCLUSION...................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Official Comm. of Unsecured Creditors of Motors Liquidation Co. v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.), 486 B.R. 596 (Bankr. S.D.N.Y. 2013), question certified for determination by Delaware Supreme Court, 755 F.3d 78 (2d Cir. 2014), question answered, 103 A.3d 1010 (Del. 2014), rev'd and remanded, 777 F.3d 100 (2d Cir. 2015), rehearing en banc denied, No. 13-2187, ECF No. 179 (2d Cir. Apr. 13, 2015) .................................................................................................2

U.S. Dep't of Treasury v. Official Comm. of Unsecured Creditors of Motors Liquidation Co., 475 B.R. 347 (S.D.N.Y. 2012) ...............................................................................2

**TO:    THE HONORABLE ROBERT E. GERBER,
        UNITED STATES BANKRUPTCY JUDGE**

The Motors Liquidation Company Avoidance Action Trust ("**AA Trust**"), as established under the Second Amended Joint Chapter 11 Plan dated as of March 18, 2011 [Docket No. 9836] (the "**Plan**") of the above-captioned debtors (the "**Debtors**"), by and through Wilmington Trust Company ("**Wilmington Trust**"), solely in its capacity as the administrator and trustee of the AA Trust ("**AA Trust Administrator**"), submits this motion for approval of the appointment of Arthur J. Gonzalez, Esq.,[1] as the successor monitor to the AA Trust (the "**AA Trust Monitor**").  In support of the foregoing, the AA Trust Administrator respectfully states as follows:

## JURISDICTION

This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and 1334(b), Article XI of the Plan, and Section 11.2 of the Trust Agreement (defined below).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## RELIEF REQUESTED

On May 26, 2015, FTI Consulting, Inc. ("**FTI**"), the current AA Trust Monitor, delivered its resignation letter to the AA Trust Administrator (attached hereto as Exhibit A), consistent with Section 11.2 of the May 11, 2012 Amended and Restated Motors Liquidation Company Avoidance Action Trust Agreement [Docket No. 11704-1] (the "**AA Trust Agreement**").  FTI's resignation is contingent upon the approved appointment of a successor AA Trust Monitor.

Under Section 11.2(d) of the AA Trust Agreement, in the event of the AA Trust Monitor's resignation, the AA Trust Administrator may appoint a successor with the approval

---

[1]    Arthur J. Gonzalez, Esq., served as a United States Bankruptcy Judge in this District for seventeen years, including serving as Chief Judge of this Court, and is now a Senior Fellow at New York University School of Law, teaching courses in bankruptcy law.  Professor Gonzalez's professional experience is discussed in detail in Section III, infra.

of this Court and acceptance of the role by the successor AA Trust Monitor. The AA Trust Administrator has asked Professor Gonzalez, to accept appointment as successor AA Trust Monitor and, subject to this Court's approval, Professor Gonzalez is willing to accept this appointment.

By this Motion, the AA Trust Administrator requests entry of an order approving the appointment of Professor Gonzalez as the AA Trust Monitor.

## DISCUSSION

### I.     THE ROLES OF THE AA TRUST ADMINISTRATOR AND AA TRUST MONITOR

The Plan designated Wilmington Trust as the AA Trust Administrator and FTI as the AA Trust Monitor. Plan § 6.5(e). The AA Trust Administrator is empowered to prosecute and resolve the adversary proceeding captioned Official Committee of Unsecured Creditors of Motors Liquidation Co. v. JPMorgan Chase Bank, N.A. et al., Adv. Pro. No. 09-00504 (Bankr. S.D.N.Y.) (the "**Action**"), an avoidance action seeking recovery of approximately $1.5 billion from defendant JPMorgan Chase Bank, N.A. ("**JPMorgan**") and a syndicate of lenders that received payments related to a November 29, 2006 term loan between the lenders and General Motors Corporation. Plan § 6.5(f); AA Trust Agreement § 8.1(I)(b)(iii). The AA Trust Monitor, in turn, oversees certain of the AA Trust Administrator's activities. Plan § 6.5(g); AA Trust Agreement § 11.1(a). In particular, under the Plan, the AA Trust Administrator is required to "seek approval for material decisions" from the AA Trust Monitor, including those related to prosecution and resolution of the Action. Plan § 6.5(g). The AA Trust Administrator, with the oversight of the AA Trust Monitor, is required to prosecute and resolve the Action in a manner that promotes the "best interests of the

beneficiaries" of the AA Trust. See Plan §§6.5(f), (g) and (j).[2]

Following a direct appeal to the U.S. Court of Appeals for the Second Circuit from an order of this Court in the Action, the Second Circuit directed entry of partial summary judgment in favor of plaintiff on a critical issue in the case. See <u>Official Comm. of Unsecured Creditors of Motors Liquidation Co. v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.)</u>, 486 B.R. 596 (Bankr. S.D.N.Y. 2013), <u>question certified for determination by Delaware Supreme Court</u>, 755 F.3d 78 (2d Cir. 2014), <u>question answered</u>, 103 A.3d 1010 (Del. 2014), <u>rev'd and remanded</u>, 777 F.3d 100 (2d Cir. 2015), <u>rehearing en banc denied</u>, No. 13-2187, ECF No. 179 (2d Cir. Apr. 13, 2015). The Second Circuit's mandate issued on April 20, 2015, and the Action has now been returned to this Court.

## II. IT IS IMPORTANT TO APPOINT AN AA MONITOR WITH NO ROLE IN THE GUC TRUST BECAUSE RECOVERIES IN THE ACTION COULD DILUTE GUC TRUST UNITS

The GUC Trust is a second trust that was established pursuant to Article VI of the Plan. As with the AA Trust, the Plan designated Wilmington Trust and FTI as Trust Administrator and Trust Monitor, respectively, for the GUC Trust. See Plan §§ 6.2(e) and 6.5(e) (designating Wilmington Trust and FTI as Administrator and Monitor of each respective trust.)[3] The Plan provides for a GUC Trust Administrator to implement the Plan and GUC Trust Agreement. See Plan § 6.2(g). Duties of the GUC Trust Administrator include resolving disputed claims, distributing trust assets to beneficiaries of the GUC Trust, and winding down the estates of the dissolved Debtors. See Plan § 6.2(f). The GUC Trust

---

[2]  The United States Treasury has asserted that it is entitled to any recoveries in the Action. <u>U.S. Dep't of Treasury v. Official Comm. of Unsecured Creditors of Motors Liquidation Co.</u>, 475 B.R. 347, 350-51 (S.D.N.Y. 2012).

[3]  <u>See also</u> March 29, 2011 Confirmation Order [Docket No. 9941] ¶ K (noting that Debtors have disclosed identity of GUC Trust Administrator and GUC Trust Monitor and that such appointments are "consistent with the interests of the Debtors' creditors and equity security holders and with public policy"); <u>id.</u> ¶ 6 (expressly authorizing AA Trust Administrator to perform functions, including pursuit of Term Loan Avoidance Action); <u>id.</u> ¶ 17 (approving GUC Trust Agreement and AA Trust agreement).

Monitor oversees certain activities of the GUC Trust Administrator and approves settlements over threshold amounts. See Plan § 6.2(g). Plan Sections 6.2(f) and (g) provide that "[i]n all circumstances, [the GUC Trust Administrator and GUC Trust Monitor] shall act in the best interests of all beneficiaries of the GUC Trust."

The GUC Trust issues units ("**GUC Trust Units**") at a rate of one Trust Unit per $1,000 in amount of Allowed General Unsecured Claim, subject to rounding under the GUC Trust Agreement. GUC Trust Agreement § 1.1(cccc) & (dddd). Unlike the beneficial interests in the AA Trust, GUC Trust Units are transferable.[4] See Plan §§ 6.5(h) and 6.2(h). Because the GUC Trust Units have been transferable since the Effective Date and interests in the AA Trust have never been transferable, some, and perhaps many, holders of GUC Trust Units are not also AA Trust beneficiaries.[5]

As the Court has noted, if the AA Trust successfully avoids and recovers all or part of the transfers at issue in the Action for the benefit of AA Trust beneficiaries, the defendants who repay those transfers would then be entitled to Allowed General Unsecured Claims against the GUC Trust. See Decision on Motion to Enforce Sale Order [Docket. No. 13109] at 29 n. 50. This increase in Allowed General Unsecured Claims would, effectively, dilute the recoveries of holders of GUC Trust Units, who would not benefit from recoveries in the Action unless they were also AA Trust beneficiaries. Thus, litigation recoveries by the AA Trust in the Action would be for the benefit of beneficiaries of the AA Trust, but could reduce overall recoveries to some holders of GUC Trust Units.

Now that the Action will be progressing again before this Court, circumstances could

---

[4] As contemplated in the Plan, subsequent to the Plan Effective Date, the GUC Trust Administrator obtained a "no-action letter" from the U.S. Securities and Exchange Commission, which authorized the issuance of the GUC Trust Units in transferable form. Subsequent thereto, the GUC Trust issued transferrable GUC Trust Units to holders of Allowed Unsecured Claims.

[5] In fact, over 100 million GUC Trust Units have reportedly been bought and sold since June 2012. See Decision on Motion to Enforce Sale Order [Docket No. 13109] at 29 n. 51.

arise that would create potential conflicts of interest between the AA Trust beneficiaries and holders of GUC Trust Units. In recognition of the potentially differing interests of holders of the GUC Trust Units and AA Trust beneficiaries, Wilmington Trust (in its capacity as Trust Administrator of both the AA Trust and the GUC Trust) and FTI (as Trust Monitor of both the AA Trust and the GUC Trust) decided that the best way to ensure that their dual roles did not unduly influence the prosecution of the Action or prejudice holders of GUC Trust Units was for FTI to resign as AA Trust Monitor, and for the parties to appoint a successor AA Trust Monitor with no duties to the GUC Trust, whatsoever. Accordingly, consistent with the resignation procedures set forth in the AA Trust Agreement, FTI has provided Wilmington Trust with notice of its resignation as AA Trust Monitor, contingent on the approved appointment of a successor AA Trust Monitor.

### III. APPOINTMENT OF ARTHUR J. GONZALEZ, ESQ., AS AA TRUST MONITOR

Upon receipt of FTI's notice of resignation, the AA Trust Administrator requested that Professor Gonzalez accept appointment as the successor AA Trust Monitor of the AA Trust. The appointment of Professor Gonzalez as AA Trust Monitor will ensure that the AA Trust Monitor has no competing obligations to the GUC Trust.

Professor Gonzalez is highly qualified to serve as AA Trust Monitor.[6] Professor Gonzalez served as a United States Bankruptcy Judge in this District for seventeen years, including serving as Chief Judge of this Court. During his tenure as a judge, he presided over significant corporate bankruptcy cases, including Enron, Sunbeam, WorldCom and Chrysler. While on the bench, Judge Gonzalez was appointed by United States Supreme Court Chief Justice John G. Roberts to the Judicial Conference of the United States Committee on Financial Disclosure from 2010 to 2012.

---

[6] Professor Gonzalez's *curriculum vitae* is attached hereto as Exhibit B.

Prior to serving as a Bankruptcy Judge in this District, from 1993 to 1995, Professor Gonzalez was a United States Trustee in the United States Trustee Program – Department of Justice. In this role, Professor Gonzalez supervised seven field offices, served as a member of the Advisory Committee of the United States Trustees, chaired the Chapter 11 Committee of United States Trustees and chaired the committee that drafted the United States Trustee Guidelines for the Compensation of Professionals in bankruptcy cases.

From 1991 to 1993, Professor Gonzalez was an Assistant United States Trustee for the Southern District of New York United States Trustee Program – Department of Justice. As an Assistant U.S. Trustee, Professor Gonzalez supervised the administration of bankruptcy cases and selected members of the panel of Chapter 7 trustees. Professor Gonzalez also appointed Chapter 11 trustees, examiners and members of creditors committees.

Professor Gonzalez has also served as the Court Approved Examiner in the ResCap bankruptcy case and a mediator, arbitrator and consultant in bankruptcy cases. Since 2008, Professor Gonzalez has served as an adjunct professor and currently serves as a Senior Fellow at New York University School of Law, teaching courses in bankruptcy law.

Professor Gonzalez is not a beneficiary or potential beneficiary of either the AA Trust or the GUC Trust. Professor Gonzalez's compensation as Trust Monitor will be determined consistent with Section 11.5(a) of the AA Trust Agreement.

## NOTICE

The AA Trust Administrator has served notice of this Motion on (a) the Office of the United States Trustee, William K. Harrington, for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, New York 10014, and (b) the parties in interest in accordance with the Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management

Procedures, dated May 5, 2011 [Docket No. 10183]. Pursuant to the Confirmation Order, the AA Trust Administrator respectfully submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the AA Trust Administrator respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit C, approving the appointment of Arthur J. Gonzalez, Esq. as the successor AA Trust Monitor, and granting such other and further relief as may be deemed just and proper.

Dated:   New York, New York
         May 27, 2015

    Respectfully submitted,

    DICKSTEIN SHAPIRO LLP

    By:   /s/ Eric B. Fisher
         Barry N. Seidel
         Eric B. Fisher
         Colleen Kilfoyle
         DICKSTEIN SHAPIRO LLP
         1633 Broadway
         New York, New York 10019
         Telephone: (212) 277-6500
         Facsimile: (212) 277-6501
         Email: fishere@dicksteinshapiro.com

    and

    Jeffrey Rhodes (*admitted pro hac vice*)
    DICKSTEIN SHAPIRO LLP
    1825 Eye Street, NW
    Washington, D.C. 20006
    Telephone: (202) 420-3150

*Attorneys for Motors Liquidation Company Avoidance Action Trust*