UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, et al., f/k/a General Motors Corp., et al. | Case No. 09-50026 (REG) |
| Debtors. | |

## BENJAMIN PILLAR'S NO STAY PLEADING

NOW COMES the Plaintiff, BENJAMIN W. PILLARS, as Personal Representative of the Estate of KATHLEEN ANN PILLARS, deceased, by and through his attorneys, THE MASTROMARCO FIRM, and pursuant to the Scheduling Order regarding Motion of General Motors LLC submits his "No Stay Pleading" in opposition to a stay of proceedings for the reasons as set forth more fully in the brief filed in support of this pleading.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: May 28, 2015

By: /s/ Victor J. Mastromarco, Jr.
Victor J. Mastromarco, Jr. (P34564)
Attorney for Plaintiff Benjamin Pillars
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com

## BRIEF IN SUPPORT

## INTRODUCTION

Plaintiff's complaint surrounds an automobile accident which occurred on November 23, 2005. On that day, the decedent, Kathleen Ann Pillars, was driving her 2004 Pontiac Grand Am, to a blood drive. The decedent lost control of her vehicle when the defective ignition switch in her vehicle unexpectedly went to the off position causing the automobile accident. The decedent sustained severe injuries as a result of the accident rendering her incapacitated. The decedent remained incapacitated and died nearly seven (7) years later on March 12, 2012.

During decedent's on-going incapacitation, General Motors Corporation filed for bankruptcy on June 1, 2009, and a month later, without affording the decedent with her due process right of notice, entered into a bankruptcy approved Amended and Restated Master Sale and Purchase Agreement with General Motors LLC ("New GM") with a closing date of July 10, 2009.[1] Subsequently, General Motors LLC disclosed to the public that the car manufacturer had been aware of the fact that its vehicles had a defective ignition system and had concealed that fact from the public and government officials.

The Plaintiff is the decedent's widower and the duly appointed personal representative of her estate having received his letter of authority on November 14, 2014. The Plaintiff filed his wrongful death lawsuit against General Motors LLC on March 23, 2015, the Circuit Court for the County of Bay, State of Michigan.

---

[1] That agreement was later amended at least one more time. As explained more fully in this brief, the amended agreements do not apply to Plaintiff's claims.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

General Motors LLC removed the case to the Eastern District of Michigan citing to 28 U.S.C.A. § 1452 as the sole statutory basis for removal. As explained more fully in this brief, the bankruptcy statute cited by General Motors LLC does not apply to the facts and circumstances which exist in the present case, since Plaintiff's lawsuit will not conceivably have any effect on the bankruptcy estate of Motors Liquidation Company, f/k/a General Motors Corporation. Furthermore, the facts and circumstances which exist in the present case are unrelated to the rulings from this Court as explained more fully in this brief.[2]

For the reasons set forth in this brief, the Plaintiff requests that the Court refrain from imposing a stay on the cause of action brought by the Plaintiff against General Motors LLC.

## DISCUSSION

I. IN THE CONTEXT OF PLAINTIFF'S CLAIMS, GENERAL MOTORS LLC HAS TAKEN THE POSITION THAT IT IS RESPONSIBLE FOR "OCCURRENCES" WHICH TOOK PLACE AFTER THE DATE IT ACQUIRED THE BUSINESS OF THE GENERAL MOTORS CORPORATION, AND, AS SUCH, PLAINTIFF'S CLAIMS ARE NOT SUBJECT TO THIS COURT'S ORDERS AND THEY WILL NOT HAVE AN EFFECT ON THE BANKRUPTCY ESTATE RESULTING IN A LACK OF JURISDICTION.

---

[2] Even if it was determined by this Court that Plaintiff's lawsuit might conceivably have an effect on the bankruptcy estate, both the abstention provisions of 28 USC § 1334(c) and the equitable remand provision of § 1452(b) grants the District Court wide discretion in the determination whether to hear a case or remand it to the court from which it came. See Shamieh v. HCB Financial Corp., 2014 WL 5365452, 3 (W.D.La.,2014). A copy of the Shameih Opinion is attached as **Exhibit 1**. The Plaintiff submits that the circumstances which exist in the present case support both abstention and equitable remand even if New GM was ultimately able to demonstrate an effect on the bankruptcy estate.

Page 3 of 9

Federal courts are courts of limited jurisdiction. See U.S. Const. art. III, § 2, cl. 1; Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The "burden of establishing the contrary rests upon the party asserting jurisdiction." Id.

As acknowledged by New GM in its notice of removal, the Plaintiff brought the above-captioned action in state court seeking a recovery under a number of state theories of recovery including (1) products liability; (2) negligence; (3) Michigan Consumer Protection Act; (4) misrepresentation; (5) breach of contract, (6) promissory estoppel; (7) fraud; (8) fraudulent concealment; and (9) gross negligence. A copy of New GM's Notice of Removal w/o exhibits is attached as **Exhibit 2**.

Indeed, Plaintiff's complaint against New GM seeks money damages following the wrongful death of Kathleen Ann Pillars on March 24, 2012. A copy of the Complaint is attached as **Exhibit 3**.[3] The Plaintiff further alleges that the March 24, 2012, death was the result of a defective motor vehicle. (**Exhibit 3**). This is not disputed in New GM's notice of removal. (**Exhibit 2**).

The Court should note that New GM admitted in its notice of removal that, in the context of Plaintiff's claims against it, it is responsible for any "occurrences" that happen on or after the July 10, 2009, closing date:

> GM LLC admits it ultimately assumed a narrow band of certain liabilities, including the following as provided in Section 2.3(a)(ix) of the Sale Order and/or the Amended and Restated Master Sale and Purchase Agreement:

---

[3] New GM attached a copy of the complaint to its notice of removal as Exhibit D. The Court should note that the Plaintiff had already amended his complaint and served said amendment on New GM at the time of removal. For the purpose of this motion, reference to the amended complaint is not necessary since the changes/additions made in the amendment are not material to the limited issue before this Court.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

> all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), which arise directly out of accidents, incidents *or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009]* and arise from such motor vehicles' operation or performance. (Emphasis Added by Plaintiff).

(See page 4, footnote 1 of Notice of Removal - **Exhibit 2**).

New GM made the same representations in paragraph seventeen (17) of its Answer to Plaintiff's Complaint. A copy of the Answer to the Complaint is attached as **Exhibit 4**. As this Court has noted in various rulings, the Amended and Restated Master Sale and Purchase Agreement was subsequently amended and reference to "occurrences" was removed from the amendments. A copy of this Court's Decision is attached as **Exhibit 5**.

In the present case, New GM has chosen to rely upon the original agreement rather than the subsequent amendments (which have different language) which this Court has ruled upon. It is firmly established that New GM is bound by the clear and unequivocal admissions of its attorneys in its submissions. Barnes v. Owens-Corning Fiberglass Corp., 201 F.3d 815, 829 (6th Cir. 2000), MacDonald v. Gen. Motors Corp., 110 F.3d 337, 340 (6th Cir. 1997).

Based upon New GM's admissions, the relevant inquiry is what constitutes an "occurrence" as set forth in the original version of the agreement. Again, the issue of

what constitutes an "occurrence" has never been raised to this Court as evidenced by at least one decision from this Court. **Exhibit 5**.

If an occurrence has taken place after the closing date of July 10, 2009, liability falls squarely upon the liability assumed by New GM rather than the bankrupt entity based upon the language relied upon New GM in its notice of removal and its answer in the District Court proceeding.

It is firmly established that in the absence of a specific definition to the contrary, courts are to give the words their ordinary meaning. The definition of "occurrence" is, "the action, fact, or instance of occurring ... 'something that takes place; an event or incident.'" See the American Heritage Dictionary of the English Language 1219 (5th ed. 2011). A copy of the American Heritage Dictionary definition is attached as **Exhibit 6**. Likewise, the Merriam–Webster's Collegiate Dictionary 858 (11th ed. 2003) defines "occurrence" as, "something that occurs... the action or instance of occurring". A copy of the Merriam–Webster's Dictionary definition is attached as **Exhibit 7**.

In the present case, the Plaintiff brought wrongful death causes of action on behalf of the estate. (See Complaint - **Exhibit 3**). The death of the decedent on March 24, 2012, occurred almost three (3) years after the bankruptcy closing date, is certainly a distinct and discreet occurrence as the term "occurrence" is defined by two (2) major dictionaries.[4]

---

[4] Furthermore, the death of the Plaintiff was the result of the injuries she sustained from her operation of a General Motors vehicle. (**Exhibit 3**).

Significantly, federal subject matter jurisdiction is lacking if an effect on the bankruptcy estate cannot be shown:

> Since the proceeding before this court does not involve the bankruptcy petition itself we find that it is not a "core" proceeding. Therefore, in order to determine whether we may exercise jurisdiction at all, we must determine whether it is at least "related to" Daher's bankruptcy case. And we find that it is at least "related to" because resolution of Daher's liability in this matter "could *conceivably* have [an] effect on the estate being administered in bankruptcy." Wood, 825 F.2d at 93.

Shamieh v. HCB Financial Corp., 2014 WL 5365452, 3 (W.D.La.,2014). **Exhibit 1.**

Pursuant to the Amended and Restated Master Sale and Purchase Agreement, relied upon by New GM in its notice of removal and its answer to the complaint the March 24, 2012, occurrence is a liability of the New GM and not a liability of the bankrupt entity. As such, Plaintiff's state court complaint (which is currently pending in the Eastern District of Michigan, does not involve the bankruptcy petition and, as already explained in the above-mentioned discussion, it will not have any effect on the bankruptcy estate being administered because Plaintiff's claims pertain to the New GM and not the bankrupt entity.[5][6]

---

[5] The Plaintiff in his complaint alleges a number of claims including intentional torts. **Exhibit 3.** Even if this Court (or a court with jurisdiction) ultimately concluded that the bankrupt entity, rather than New GM, was ultimately found to be liable, an intentional tort is not dischargeable through the bankruptcy process. See 11 U.S.C.A. § 523(a)(6). Again, it remains Plaintiff's position that New GM is liable.

[6] If this Court (or a court with jurisdiction) ultimately concluded that the bankrupt entity rather than New GM was liable for Plaintiff's claims, the Plaintiff has been unfairly prejudiced by the rulings from this Court.

As set forth more fully in the complaint, the decedent was incapacitated from the date of her motor vehicle accident on November 23, 2005, to her untimely death on March 24, 2012. (See Complaint - **Exhibit 2**). The lack of notice provided to the decedent or her family is significant. Recognizing the obvious fact that an incapacitated person lacks the

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

## CONCLUSION

As such the Plaintiff respectfully requests that the Court issue an order concluding that Plaintiff's claims are not subject to a stay of proceedings.

---

ability to advocate that person's rights, Michigan law acknowledges that any deadline to act is tolled while the incapacitation exists. See Michigan Compiled Laws Annotated (MCLA) 600.5851(1)&(2).

When a bankruptcy debtor seeks relief against third parties, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections as explained by the Supreme Court. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-315, 70 S.Ct. 652, 657 (1950).

This fundamental principle has been repeated in subsequent decisions including the following from the Bankruptcy Court for the District of New Jersey. In re Martini, 2006 WL 4452974, 7 (Bkrtcy.D.N.J.,2006).

The method of notice necessary to satisfy due process depends on whether a creditor is "known" or "unknown" at the time the notice is to be given. While unknown creditors are merely entitled to constructive publication notice of the proceedings, known creditors must receive actual notice. See Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800 (1983). This is true regardless of how widely-publicized the bankruptcy case is or whether the known creditor is actually aware of the bankruptcy proceedings. See City of New York v. New York, New Haven & Hartford R.R. Co., 344 U.S. 293, 297 (1953) ("[E]ven creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred."); Arch Wireless, Inc. v. Nationwide Paging, Inc. (In re Arch Wireless, Inc.), 534 F.3d 76, 83 (1st Cir. 2008) (same).

This Court has already concluded that the circumstances surrounding the Sale Order regarding the Amended and Restated Master Sale and Purchase Agreement violated the due process rights of the various owners of vehicles with defective ignition systems. In re Motors Liquidation Company, 2015 WL 1727285 (Bkrtcy.S.D.N.Y.2015). The Supreme Court has expressly rejected the notion that a court should hypothesize an outcome, detrimental to the party that has been deprived of due process, as a substitute for the actual opportunity to defend that due process affords every party against whom a claim is stated. Nelson v. Adams USA, Inc., 529 U.S. 460, 471, 120 S.Ct. 1579, 1587 (2000).

The Plaintiff (along with the decedent) in the present case has been unconstitutionally prejudiced by the lack of notice. Furthermore, the bankruptcy court's order leaves the Plaintiff without a remedy for the wrongs resulting from decedent's operation of a General Motors vehicle. The deprivation of the due process rights is unjust and unconstitutional.

                                      Respectfully submitted,
                                      THE MASTROMARCO FIRM

Dated: May 28, 2015          By: */s/ Victor J. Mastromarco, Jr.*
                                      Victor J. Mastromarco, Jr. (P34564)
                                      Attorney for Plaintiff Benjamin Pillars
                                      1024 N. Michigan Avenue
                                      Saginaw, Michigan 48602
                                      (989) 752-1414
                                      vmastromar@aol.com