Gary Peller
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 662-9122
(202) 662-9680 (facsimile)

May 29, 2015

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408
gerber.chambers@nysb.uscourts.gov

>   **Re: In re Motors Liquidation Company, et al., Case No. 09-50026 (REG);**
>   *Sesay et al v. General Motors et al*, 1:14-06018 (JMF); *Elliott, et al. v.. General
>   Motors LLC, et al.*, 1:14-cv-8382-JMF; *Bledsoe et al. v. General Motors LLC*,
>   1:14-cv-7631-JMF

Your Honor:

      I represent Counsel Celestine Elliott, Lawrence Elliott, Berenice Summerville, Ishmail Sesay, Joanne Yearwood, Sharon Bledsoe, Tina Farmer, Paul Fordham, Momoh Kanu, Tynesia Mitchell, Dierra Thomas and James Tibbs, plaintiffs in the above captioned actions (**"Plaintiffs"**).

      I write pursuant to the Court's Order Re Technical Matters Concerning Judgment, Doc. 13163, to alert the Court to technical matters. By submitting this letter, Plaintiffs do not waive their contention that they were not before the Court and had no reasonable opportunity to be heard during the Court's consideration of the Objection to GM's Motion to Enforce submitted by the *Benton* Plaintiffs and of the the *Groman* Adversary Proceeding, and accordingly that no judgment can apply to them until they have been accorded an opportunity to be heard and to make their own Objections to GM's Motions.

      1) Paragraphs 13(c) and (e) refer to "dismissals" of non-ignition switch Plaintiffs' claims. These provisions appear to conflict with the Court's decision that:

> New GM would not be prejudiced, much less materially so, if
> complaints embodying claims proscribed by the Sale Order are simply stayed for
> the time being.Staying the actions embodying barred claims more than
> satisfactorily protects New GM's legitimate needs and concerns for now. If, as the

Honorable Robert E. Gerber
May 29, 2015
Page 2

> Court believes, its conclusions on the issues to be appealed were right, New GM can then come back to the Court for full dismissals after the appellate process has taken its course.

Decision Re Form Of Judgment, Doc. No. 13162, at 5.

    2) The Exhibits appear to incorrectly categorize the Plaintiffs' actions.

        a) Specifically, *Elliott v. General Motors LLC* includes allegations of both ignition switch and non-ignition switch defects causing economic loss. Accordingly, it should also be included in Exhibit D with the other economic loss complaints (in addition to Exhibit C).

        b) *Sesay v. General Motors LLC* also includes non-ignition switch economic loss claims, and should be included on Exhibit D with the other economic loss complaints.

        c) *Bledsoe v. General Motors LLC* includes pre and post-petition claims for personal injury flowing from the ignition switch defect, claims for economic loss flowing from the ignition switch defect, and claims for economic loss and property damage caused by non-ignition switch hazards. *Bledsoe* is correctly listed on Exhibits A and C. However, it should not be listed on Exhibit D with personal injury claims based on non-ignition switch hazards, as there are no such claims in the *Bledsoe* Complaint. The Bledsoe Complaint does allege economic loss claims based on non-ignition switch defects, and thus should be included only with the "economic loss" complaint in Exhibit D.

    Please feel free to contact me if you have any questions.

        Respectfully submitted,

        /s/ *Gary Peller*

        Gary Peller

cc:    Arthur Steinberg, Esq.