# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel:  (212) 556-2100
Fax:  (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial:  212-556-2158
asteinberg@kslaw.com

May 29, 2015

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York  10004

                    **Re:**    **In re Motors Liquidation Company, *et al.*
                            Case No. 09-50026 (REG)**

                               **Technical Matters Concerning Proposed Judgment**

Dear Judge Gerber:

       King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter.  It is submitting this letter pursuant to Your Honor's *Order Re Technical Matters Concerning Judgment*, entered on May 27, 2015 [Dkt. No. 13163] ("**May 27 Order**"), in which counsel was "invited to submit comments on technical matters relating to the Judgment."  New GM would like to raise the following six technical matters for the Court's consideration:

       1.      Paragraph 6 of the proposed judgment provides, in part, as follows: "But based on the doctrine of equitable mootness, in no event shall assets of the GUC Trust held at any time in the past, now, or in the future (collectively, the "**GUC Trust Assets**") (as defined in the Decision) be used to satisfy any claims of the Plaintiffs, nor will Old GM's Plan be modified with respect to such claims . . . ."  The parenthetical "(as defined in the Decision)" seems to have been inadvertently included, given that the term "GUC Trust Assets" is already defined in the proposed Judgment as the assets of the GUC Trust whenever acquired.  Adding a cross-reference definition, to a term already defined in the Judgment, is superfluous and creates a potential ambiguity that can be avoided by deleting the parenthetical from the final version of the Judgment.

25744050v2

Honorable Robert E. Gerber
May 29, 2015
Page 2

2. Also in paragraph 6, there is a proviso that states as follows: "*provided* that nothing in this Judgment shall impair any party's rights with respect to the potential applicability of Bankruptcy Code section 502(j)." As Section 502(j) of the Bankruptcy Code concerns claims that have already been filed with the Court, New GM requests that the following language be added at the end of the above-referenced sentence so that the proviso is explicit on this point: "to any claims that have been previously allowed or disallowed by the Court." Thus, the entire proviso would read as follows: "*provided* that nothing in this Judgment shall impair any party's rights with respect to the potential applicability of Bankruptcy Code section 502(j) *to any claims that have been previously allowed or disallowed by the Court*." [additional language in bold and italics.]

3. In paragraphs 8(d) and 10(d), there is bracketed language that states as follows: "[Intentionally deleted, as inapplicable to stays, in contrast to dismissals]." The Court may want to consider removing this bracketed language from the final version of the Judgment.

4. In paragraph 13(a), there is a sentence that reads: "They shall also apply to any other plaintiffs in these proceedings (including, without limitation, the Non-Ignition Switch Pre-Closing Accident Plaintiffs and Non-Ignition Switch Plaintiffs) . . . ." New GM believes the following should be added to the parenthetical to make it consistent with other paragraphs in the proposed judgment that refer to exhibits: "identified on Exhibit 'D' attached hereto." The sentence, in full, would then read as follows: "They shall also apply to any other plaintiffs in these proceedings (including, without limitation, the Non-Ignition Switch Pre-Closing Accident Plaintiffs and Non-Ignition Switch Plaintiffs *identified on Exhibit 'D' attached hereto*) . . . ." [additional language in bold and italics.]

5. Also in paragraph 13(a), there is a sentence that states: "The rulings set forth herein are without prejudice to the submission of other objections to New GM's Motions to Enforce Sale Order." As New GM noted in its May 21, 2015 response letter [Dkt. No. 13153] to the letter filed by Mr. Peller, pursuant to the May 16, 2014 Scheduling Order entered by the Court, parties were to identify any issues (including non-Threshold Issues) that the Court was being asked to determine in connection with the Motion to Enforce prior to the July 2, 2014 Conference held in connection therewith. Other than the "fraud on the court" issue (except for the legal standard which was part of the Four Threshold Issues), no additional issues were timely raised by any party. Thus, the above-referenced sentence is contrary to what already has been resolved by the prior procedures established by the Court. The inclusion of this sentence might arguably cause Mr. Peller, or other plaintiffs' counsel, to believe it was now proper to raise issues such as (a) the Court's subject matter jurisdiction relating to the Motions to Enforce, or (b) whether the Motions to Enforce should have been brought as an adversary proceeding instead of a contested matter. While these issues were never raised by Designated Counsel and were resolved by the Court in connection with certain No Stay Pleadings, they arguably may not be explicitly part of the "rulings on the Four Threshold Issues." Notably, the Court dealt with this issue in its *Decision Re Form of Judgment*, dated May 27, 2015 [Dkt. No. 13162], wherein it held that "[t]he Peller Plaintiffs had more than ample opportunity to raise contentions Designated Counsel did not raise." *Id.* at 3. But, in order to avoid any confusion on this issue, New GM requests that the sentence be omitted from the final version of the Judgment.

Honorable Robert E. Gerber
May 29, 2015
Page 3

6.      In paragraph 13(e) of New GM's proposed form of judgment, which the Court did not change in its proposed judgment, New GM inadvertently omitted a reference to the GUC Trust Asset Pleading, and the GUC Trust's ability to file a Dismissal Order if no GUC Trust Asset Pleading is filed. The sentence in full should read as follows: "If a Non-Ignition Switch Pre-Closing Accident Plaintiff or Non Ignition Switch Plaintiff listed on Exhibit "D" fails to timely file a No Dismissal Pleading *or a GUC Trust Asset Pleading* with the Court within the time period set forth in paragraphs 13(c) and (d) above, New GM, *the GUC Trust and/or the GUC Trust Unitholders* shall be permitted to file with this Court a notice of presentment on five (5) business days' notice, with an attached order . . . ." [additional language in bold and italics.]

A redlined version of the proposed judgment, with the above technical matters addressed, is attached hereto as Exhibit "1."

                                            Respectfully submitted,

                                            */s/ Arthur Steinberg*

                                            Arthur Steinberg

AJS/sd

cc:     Edward S. Weisfelner
        Howard Steel
        Sander L. Esserman
        Jonathan L. Flaxer
        S. Preston Ricardo
        Matthew J. Williams
        Lisa H. Rubin
        Keith Martorana
        Daniel Golden
        Deborah J. Newman
        Jamison Diehl
        William Weintraub
        Steve W. Berman
        Elizabeth J. Cabraser
        Robert C. Hilliard