# GOODWIN | PROCTER

William P Weintraub
212.813.8839
WWeintraub@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

May 29, 2015

**AND ECF FILING**
**VIA E-MAIL**

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

Re:    **In re Motors Liquidation Company, et al., Case No. 09-50026 (REG)**

Dear Judge Gerber:

    Goodwin Procter LLP has been retained by the Co-Lead Counsels in the ***In re: General Motors Ignition Switch Litigation***, 14-MD-2543(JMF), to address the bankruptcy issues affecting the Ignition Switch Pre-Closing Accident Plaintiffs.

    We write pursuant to Your Honor's ***Order re Technical Matters Concerning Judgment*** (Dkt. No. 13163) to raise an issue with respect to the [Proposed] Judgment.

    In this regard, although we have not been retained to address bankruptcy issues affecting pre-closing accident plaintiffs whose vehicles contained a defect other than the Ignition Switch Defect, we feel we should call to the Court's attention a provision of the [Proposed] Judgment that possibly could be misunderstood by Non-Ignition Switch Pre-Closing Accident Plaintiffs. Specifically, Paragraph 13 of the [Proposed] Judgment appears to contain a Catch-22.

    The first portion of Paragraph 13(a) bars the commencement and/or prosecution of claims against New GM by Non-Ignition Switch Pre-Closing Accident Plaintiffs, even though the Motion to Enforce Sale Order was deferred as to those plaintiffs, and even though there was no factual record made or discovery taken with respect to the Non-Ignition Switch Defects. This is to be expected because, as the Court has made clear, the Sale Order remains in full force and effect as to all pre-closing accident claims and any extant stay stipulations remain in effect. This same Paragraph 13(a) sets up a procedure for those plaintiffs to object to the application of the Decision to them. However, the effect of the failure to object, now, upon the future rights of the

ACTIVE/82528198.1

GOODWIN | PROCTER

The Honorable Robert E. Gerber
May 29, 2015
Page 2

Non-Ignition Switch Defect personal injury plaintiffs is unclear. This is because, notwithstanding the objection procedure, the second part of this same Paragraph 13(a) also provides that "to the extent an issue shall arise in the future" for those same plaintiffs as to whether there were due process violations as to them, whether the doctrine of equitable mootness bars their access to the assets of the GUC Trust, etc., those plaintiffs must first go to the Bankruptcy Court to seek relief before proceeding any further against New GM or the GUC Trust. The language of this second portion of Paragraph 13(a) suggests that, in the absence of filing an "Objection Pleading," the lawsuits filed by Non-Ignition Switch Pre-Closing Accident Plaintiffs would remain stayed unless and until those plaintiffs are prepared to at least address the Four Threshold Issues with facts of their own.

Reading further into Paragraph 13, sub-paragraph 13(c) seems to upend the foregoing because it affirmatively requires the Non-Ignition Switch Pre-Closing Accident Plaintiffs to act within a 17 business day window to assert a "good faith" argument that his or her lawsuit should not be dismissed or stricken. How this can be done on a "good faith" basis given the lack of a factual record equivalent to the Valukas Report for plaintiffs with a defect other than the Ignition Switch Defect is unclear, if not impossible.

Finally, Paragraph 13(e) contains a non-obvious pitfall that provides what might be an illusory safe-harbor. That sub-paragraph provides that any lawsuit for a Non-Ignition Switch Pre-Closing Accident Plaintiff that has been dismissed or stricken under the procedures contained in the first part of Paragraph 13(e) can be reinstated "if the Decision and Judgment are reversed on appeal, *such that the appellate court finds that the Non-Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs can make the allegations, or maintain the lawsuit or claims or causes of action, against New GM heretofore dismissed or stricken pursuant to this Judgment....*" (Emphasis added.) The Catch-22 is that, because (i) there was no fact record ever made for defects other than the Ignition Switch Defect and (ii) the Decision did not address any defects other than the Ignition Switch Defect, it is hard to envision how an appellate court would or could "find" that the Non-Ignition Switch Pre-Closing Accident Plaintiffs could bring actions based on a defect *other than* the Ignition Switch Defect. Consequently, the safe-harbor following a possible reversal of the Decision and Judgment on appeal is really a dead end because it is highly unlikely that an appellate court would resuscitate a claim that was not addressed (and, in fact, that was specifically deferred) in the Decision on appeal.

In sum, we are concerned that a close reading of Paragraph 13 reveals that, contrary to both the second portion of Paragraph 13(a) and the "reinstatement" provision of Paragraph 13(e), the only real opportunity for Non-Ignition Switch Pre-Closing Accident Plaintiffs to protect their rights under the [Proposed] Judgment as currently drafted would be for those plaintiffs to promptly object to the application of the rulings made in the Decision to them by using the

ACTIVE/82528198.1

GOODWIN | PROCTER

The Honorable Robert E. Gerber
May 29, 2015
Page 3

procedure outlined in the first portion of Paragraph 13(a), file an "Objection Pleading" within 17 business days of entry of the Judgment, and concurrently request discovery in order to be able to address the Four Threshold Issues relative to the particular vehicle defect applicable to those plaintiffs. We are also concerned that many such plaintiffs will not understand that the failure to object within the time period set forth in the first portion of Paragraph 13(a) might be fatal to their claims. To ameliorate this risk, because of the short time periods set forth in Paragraph 13 of the [Proposed] Judgment, we respectfully request that lawsuits brought by the Non-Ignition Switch Pre-Closing Accident Plaintiffs not be dismissed but rather be stayed for a window longer than 17 business days to give those plaintiffs a fair opportunity to organize and determine how to address the Four Threshold Issues with a proper factual record of their own.

To assist the Court, a redline version of the [Proposed] Judgment containing suggested revisions is attached hereto as Exhibit A.

Respectfully Submitted,

William P Weintraub

WPW:ac

cc:  Edward S. Weisfelner
     Howard S. Steel
     Sander L. Esserman
     Jonathan L. Flaxer
     Arthur J. Steinberg
     Scott Davidson
     Richard C. Godfrey
     Andrew B. Bloomer
     Matthew J. Williams
     Lisa H. Rubin
     Daniel H. Golden
     Deborah J. Newman
     Elizabeth J. Cabraser
     Steve W. Berman
     Alexander H. Schmidt
     Robert C. Hilliard

ACTIVE/82528198.1