# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

May 29, 2015

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York  10004

        Re:    In re Motors Liquidation Company, *et al.*
                 Case No. 09-50026 (REG)

               **Certification of Direct Appeal/Request for Procedural Stay**

Dear Judge Gerber:

      King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. In the Court's *Decision Re Form of Judgment*, entered on May 27, 2015 [Dkt. No. 13162] ("**May 27 Decision**"), the Court stated that "[c]ertification to the Second Circuit Court of Appeals is more appropriately handled by separate order." By this letter, New GM respectfully requests that in the Order certifying any appeal to the Second Circuit, the Court include therein a provision staying certain appellate procedures until the Second Circuit decides the certification question.[1]

      Pursuant to 28 U.S.C. § 158(d)(1)(D):

> An appeal under this paragraph does not stay any proceeding of the bankruptcy court, the district court, or the bankruptcy appellate panel from which the appeal is taken, unless the respective bankruptcy court, district court, or bankruptcy appellate panel, or the court of appeals in which the appeal is pending, issues a stay of such proceeding pending the appeal.

---

[1] By this request, New GM does *not* seek a stay of any ruling contained in the Judgment that will be issued by the Court in connection with the its *Decision on Motion to Enforce Sale Order*, dated April 15, 2015 [Dkt. No. 13109] ("**April 15 Decision**").

25744118v1

Honorable Robert E. Gerber
May 29, 2015
Page 2

As stated by COLLIER ON BANKRUPTCY, while an appeal under 28 U.S.C. § 158 (d)(2) does not stay any proceedings, "some thought might be given to holding the appeal in abeyance (extending the time to file briefs, for example) in the district court or appellate panel until it is determined whether the court of appeals will accept the direct appeal." 1 COLLIER ON BANKRUPTCY ¶ 5.06[5] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

In many cases, the appellant and the appellee agree on which appellate court should hear the appeal, and they can readily resolve these type of procedural issues by stipulation. Here, New GM is in agreement with the Court that the appeal should go directly to the Second Circuit, but Designated Counsel do not agree, and have indicated that they will seek to have the appeal determined by the District Court. Under these circumstances, it is unlikely that Designated Counsel will stipulate to hold the appeal in abeyance until the Second Circuit decides whether it will accept the direct appeal. This likely stalemate necessitates that the Court address the issue in its certification order.

Unless this Court issues the requested stay, the normal appellate process would govern until the Second Circuit issues a ruling on the certification question. This would mean that, depending on the timing of a Second Circuit decision on the certification question, any appeal of the Court's forthcoming judgment may proceed before the District Court. Such a result would be contrary to the Court's expressed intent as set forth in its April 15 Decision. While New GM does not seek to stay the filing of any notices of appeal or cross notices of appeal, or the statement of issues on appeal and the designation of the contents of the record on appeal, the filing of briefs on appeal should wait until it is determined which court (the Second Circuit or the District Court) will actually hear the appeal.

The time for filing briefs in the District Court begins to run "after the docketing of notice that the record has been transmitted or is available electronically." Rule 8018 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"). Pursuant to Bankruptcy Rule 8010(b)(1), "when the record is complete, the bankruptcy clerk must transmit to the clerk of the court where the appeal is pending either the record or a notice that the record is available electronically." Accordingly, New GM respectfully requests that the Order certifying any appeal to the Second Circuit contain a provision staying the Clerk of the Bankruptcy Court from transmitting the record on appeal until 14 days after the Second Circuit issues its ruling on the certification question. This would, as suggested by COLLIER, hold the appeal in abeyance pending a ruling by the Second Circuit, when the Clerk of the Bankruptcy Court can then transmit the record on appeal in accord with the Second Circuit's decision.

Respectfully submitted,

*/s/ Arthur Steinberg*

Arthur Steinberg

AJS/sd

Honorable Robert E. Gerber
May 29, 2015
Page 3

cc:   Edward S. Weisfelner
      Howard Steel
      Sander L. Esserman
      Jonathan L. Flaxer
      S. Preston Ricardo
      Matthew J. Williams
      Lisa H. Rubin
      Keith Martorana
      Daniel Golden
      Deborah J. Newman
      Jamison Diehl
      William Weintraub
      Steve W. Berman
      Elizabeth J. Cabraser
      Robert C. Hilliard