**Hearing Date and Time: To Be Determined**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re                                              :    Chapter 11
                                                   :
MOTORS LIQUIDATION COMPANY, *et al.*,              :    Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*           :
                                                   :
                              Debtors.             :    (Jointly Administered)
                                                   :
---------------------------------------------------------------x

# RESPONSE BY GENERAL MOTORS LLC TO
# BENJAMIN PILLARS' NO STAY PLEADING

25769694v2

## TABLE OF CONTENTS

**Cases**          **Page**

**PRELIMINARY STATEMENT** .................................................................................................1

**BACKGROUND RELEVANT TO RESPONSE** .......................................................................4

    A.    The Ignition Switch Motion To Enforce, Court Conferences And Scheduling Orders ..............................................................................................4

    B.    The Pre-Closing Accident Motion to Enforce ...........................................................5

    C.    The Court's *Deutsch* Decision ..................................................................................6

    D.    Previous Ruling Respecting the Court's Subject Matter Jurisdiction ......................7

    E.    The Pillars Lawsuit ....................................................................................................7

**RESPONSE** ..................................................................................................................................8

   **THE RELIEF REQUESTED IN THE PILLARS NO STAY PLEADING SHOULD BE DENIED** ........................................8

    A.    Movant Is Subject To The Injunction Contained In The Sale Order And Injunction ..............................................................8

    B.    Pre-Sale Accident Claims Are Barred ......................................................................9

    C.    This Court Unequivocally Has Jurisdiction to Interpret and Enforce the Sale Order and Injunction ..........................................10

    D.    Movant's Due Process Argument Is Unavailing ...................................................11

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Celotex Corp. v. Edwards*,
  514 U.S. 300 (1995) .................................................................................................... 9

*In re Motors Liquidation Co.*,
  447 B.R. 142 (Bankr. S.D.N.Y. 2011) ............................................................... 3, 7, 10

*In re Motors Liquidation Co.*,
  No. 09-50026 (REG), 2015 WL 1727285 (Bankr. S.D.N.Y. Apr. 15, 2015) ................... 1, 4, 12

*Shamieh v. HCB Financial Corp.*,
  No. 2:14-cv-02215, 2014 WL 5365452 (W.D. La. Oct. 21, 2014) ........................................... 11

*Stewart v. General Motors Corp.*,
  756 F.2d 1285 (7th Cir. 1985) ........................................................................................ 9

General Motors LLC ("**New GM**"), by its undersigned counsel, respectfully submits this response ("**Response**") to *Benjamin Pillar's No Stay Pleading*, dated May 28, 2015 [Dkt. No. 13166] ("**Pillars No Stay Pleading**") filed by Benjamin Pillars ("**Movant**") with respect to his lawsuit against New GM ("**Pillars Lawsuit**"), which implicates (a) New GM's Pre-Closing Accident Motion to Enforce,[1] (b) the Court's *Decision on Motion to Enforce Sale Order* (*see In re Motors Liquidation Co.*, No. 09-50026 (REG), 2015 WL 1727285 (Bankr. S.D.N.Y. Apr. 15, 2015) ("**April 15 Decision**"), and (c) the Court's *Judgment*, dated June 1, 2015 [Dkt. No. 13177] ("**Judgment**").

## PRELIMINARY STATEMENT

1.  In the Pillars No Stay Pleading, Movant advances three arguments as to why the Pillars Lawsuit is not subject to the Pre-Closing Accident Motion to Enforce, and this Court's April 15 Decision and Judgment: (i) while the accident in question occurred prior to the closing of the 363 Sale, the decedent passed away after the closing of the 363 Sale; (ii) this Court does not have subject matter jurisdiction because the Pillars Lawsuit will not have any effect on the Old GM bankruptcy estate; and (iii) Movant's due process rights were violated because he (and the decedent) did not receive direct mail notice of the 363 Sale. As shown below, each of these arguments have already been raised by other plaintiffs, and each has been rejected by this Court. The same result should occur here.

---

[1] The full title of the Pre-Closing Accident Motion to Enforce is *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Courts July 5, 2009 Sale Order and Injunction Against Plaintiffs in Pre-Closing Accident Lawsuits*, dated August 1, 2014 [Dkt. No. 12807]. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Pre-Closing Accident Motion to Enforce.

New GM previously filed two other motions to enforce, the full titles of which are: (i) *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction*, dated April 21, 2014 [Dkt. No. 12620] ("**Ignition Switch Motion to Enforce**"), and (ii) *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Courts July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other Than Ignition Switch Actions)*, dated August 1, 2014 [Dkt. No. 12808] ("**Monetary Relief Motions to Enforce**," and with the Pre-Closing Accident Motion to Enforce and the Ignition Switch Motion to Enforce, the "**Motions to Enforce**"). As the Pillars Lawsuit concerns a pre-363 Sale accident, these other two motions to enforce are not implicated.

1

2.   **Pre-363 Sale Accidents:** Under the terms of the Sale Order and Injunction, and the Sale Agreement, New GM acquired Old GM's assets free and clear of all claims and liabilities other than Assumed Liabilities. Assumed Liabilities expressly excluded, among other things, "all Product Liabilities arising in whole or in part from any accidents, incidents or other occurrences that happen prior to the Closing Date [July 10, 2009]." Sale Agreement, § 2.3(b)(ix)).

3.   This Court recently confirmed that plaintiffs, like Movant, who were involved in accidents that occurred prior to the closing of the 363 Sale are barred from asserting claims against New GM that are based on pre-363 Sale accidents. *See* Judgment, ¶ 7 ("Any claims and/or causes of action brought by the Ignition Switch Pre-Closing Accident Plaintiffs that seek to hold New GM liable for accidents or incidents that occurred prior to the closing of the 363 Sale are barred and enjoined pursuant to the Sale Order. The Ignition Switch Pre-Closing Accident Plaintiffs shall not assert or maintain any such claim or cause of action against New GM.").[2] Movant's claims are identical to the Ignition Switch Pre-Closing Accident Plaintiffs' claims, and the Court should find that the rulings set forth in the Judgment apply equally to Movant.

4.   In addition, this Court has already considered the question of whether New GM assumed "the liabilities associated with a tort action in which a car accident took place before the [Closing Date] upon which New GM acquired the business of Old GM, but the accident victim

---

[2] While the Pillars No Stay Pleading was filed prior to entry of the Judgment, the Pillars Lawsuit is set forth on Exhibit "D" to the Judgment and thus the procedures set forth therein should control the continued prosecution of the Pillars Lawsuit. Pursuant to paragraph 13(a) of the Judgment, Movant would have 17 business days from entry of the Judgment to file an Objection Pleading (as defined in the Judgment), asserting why he should not be bound by the Judgment. In the alternative, pursuant to paragraph 13(f) of the Judgment, Movant could agree to stay his lawsuit. Movant has not given any indication that it is prepared to voluntarily stay the Pillars Lawsuit. In fact, it has continued to actively litigate the Pillars Lawsuit. The issues in the Pillars No Stay Pleading are presumably the same as those that Movant would have asserted in an Objection Pleading. As such, New GM believes that the Pillars No Stay Pleading should also be deemed the equivalent of an Objection Pleading filed pursuant to the Judgment, and the Court should rule on the matter as such.

25769694v2

died thereafter." *See In re Motors Liquidation Co.,* 447 B.R. 142, 143-44 (Bankr. S.D.N.Y. 2011) ("***Deutsch* Decision**").  In its *Deutsch* Decision, this Court held that the post-Closing-Date death was ***not*** "an 'incident[] first occurring on or after the Closing Date,' as that term was used in the [Amended and Restated Master Sale and Purchase Agreement]." *Id.* at 145.  Thus, this Court already has rejected Movant's argument that a post-Closing-Date death resulting from a pre-Closing-Date accident is a liability assumed by New GM under the Sale Order and Injunction.[3]

5. **Subject Matter Jurisdiction**:  Movant makes the same subject matter jurisdiction argument already emphatically rejected by the Court in connection with other no stay pleadings filed by other plaintiffs.  Specifically, this Court has previously ruled that the "no subject matter jurisdiction" argument was ***frivolous***, disregarding controlling decisions issued by not only this Court, but by the United States Supreme Court, the Second Circuit and District Courts within this District.  *See Decision with Respect to No Stay Pleading and Related Motion to Dismiss for Lack of Subject Matter Jurisdiction (Elliott Plaintiffs)*, dated August 6, 2014 [Dkt. No. 12815] ("**Elliott Written Decision**"), at 1-2; *see also Decision With Respect To No Stay Pleading, And Related Motion For Abstention (Sesay Plaintiffs)*, dated November 10, 2014 [Dkt. No. 12989] ("**Sesay Written Decision**").

6. In the Pillars No Stay Pleading, counsel argues that this Court lacks subject matter jurisdiction over this controversy because it will not have any effect on the bankruptcy estate.  However, this argument, in the Court's words, "misses the point."  Elliott Written Decision, p. 4.  This Court clearly possesses "arising in" jurisdiction over this controversy given that it is being called upon to enforce its prior Orders, Judgments and Decisions (*i.e.*, the Sale Order and

---

[3]  Movant's commencement of the Pillars Lawsuit after the Pre-Sale Motion to Enforce was filed, and after the *Deutsch* Decision was rendered, was a blatant violation of the Sale Order and Injunction.  New GM reserves all of its rights with respect to such actions, and continued actions, by Movant.

3

25769694v2

Injunction, the Judgment, the April 15 Decision). *See* Elliott Written Decision, at 4-7. Thus, the law of this case is that this Court has subject matter jurisdiction over this controversy.

7.  **Due Process**: Movant's due process argument is identical to the Due Process Threshold Issue recently decided by the Court in the April 15 Decision wherein this Court found "[t]he Pre–Closing Accident Plaintiffs suffered the injury or death underlying their claims in Old GM cars, and with Old GM parts. Any actionable conduct causing that injury or death took place before the 363 Sale—and necessarily was by Old GM, not New GM, and indeed before New GM could have done anything wrong. . . . The Pre–Closing Accident Plaintiffs did not suffer the prejudice that is an element to a denial of due process claim." 2015 WL 1727285, at *45-*46. There is no difference between Movant's claims and the claims made by the Pre–Closing Accident Plaintiffs. Thus, the Court's rulings in the April 15 Decision apply equally to Movant.

8.  Accordingly, based on the foregoing and as more fully detailed below, the relief requested in the Pillars No Stay Pleading should be denied in its entirety.

## BACKGROUND RELEVANT TO RESPONSE

**A.   The Ignition Switch Motion To Enforce, Court Conferences And Scheduling Orders**

9.  On April 21, 2014, New GM filed its Ignition Switch Motion to Enforce and designated numerous Ignition Switch Action as being subject to the relief requested therein. On April 22, 2014, the Court issued an Order, scheduling a conference in May, 2014 ("**May Conference**").

10. At the May Conference, various bankruptcy-related issues were discussed with the Court, and there was a general consensus reached between New GM and counsel speaking on behalf of almost all of the plaintiffs subject to the Ignition Switch Motion to Enforce that, as part of the process in which the Court would address bankruptcy-related issues, the plaintiffs would either (i) agree to enter into a stipulation ("**Stay Stipulation**") with New GM staying their

4

25769694v2

individual Ignition Switch Actions, or (ii) file with the Court a "No Stay Pleading" setting forth why they believed their individual Ignition Switch Actions should not be stayed (collectively, the "**Initial Stay Procedures**"). The Initial Stay Procedures were set forth and approved in a Scheduling Order dated May 16, 2014 ("**May Scheduling Order**"). An overwhelming number of plaintiffs agreed to enter into Stay Stipulations.

11.    Thereafter, the Court held a further conference in July 2014 ("**July Conference**") to address certain procedural issues that had arisen since the May Scheduling Order. As part of the July Conference, the Court ruled on which issues should be decided first in these contested proceedings, and listed them in a Supplemental Scheduling Order entered on July 11, 2014 ("**Supplemental Scheduling Order**"). The Due Process Threshold Issue (among others) (as defined in the Supplemental Scheduling Order) is implicated by the Pillars No Stay Pleading. A briefing schedule respecting the Four Threshold Issues (as defined in the Supplemental Scheduling Order) was established in the Supplemental Scheduling Order, as amended.

B.    **The Pre-Closing Accident Motion to Enforce**

12.    Notwithstanding the express language of the Sale Agreement that proscribed pre-Closing accident claims being brought against New GM,[4] various plaintiffs nevertheless commenced litigation against New GM on account of such claims, which necessitated that New GM file the Pre-Closing Accident Motion to Enforce with the Court.

13.    After a conference on the Pre-Closing Accident Motion to Enforce on August 18, 2014, the Court entered a Scheduling Order on September 15, 2014 [Dkt. No. 12897] ("**September Scheduling Order**") which established certain stay procedures for lawsuits subject to the Pre-Closing Accident Motion to Enforce. In addition, the September Scheduling Order

---

[4]    *See* Sale Agreement ¶ 2.3(b)(ix).

5

25769694v2

provided that "[u]ntil further order of the Court, the schedule governing New GM's Ignition Switch Motion to Enforce (which is subject to various Orders previously entered by the Court, copies of which shall be provided by New GM to Plaintiffs upon written request) shall govern the schedule for the Pre-Closing Accident Motion to Enforce." *Id.* at 2.

14. Briefing on the Four Threshold Issues concluded in January 2015. In connection therewith, on December 15, 2014, certain "designated counsel" for Pre-Closing Accident Plaintiffs filed a brief in opposition to the Pre-Closing Accident Motion to Enforce (*see* Dkt. No. 13021), advancing several arguments as to why the Four Threshold Issues should be decided against New GM and in favor of Pre-Closing Accident Plaintiffs. Among these arguments was that the Pre-Closing Accident Plaintiffs were denied due process and that the Sale Order and Injunction should not be binding on them.

15. The Court heard oral argument on the Four Threshold Issues during two days in February 2015, and thereafter entered the April 15 Decision, finding, among other things, that Pre-Closing Accident Plaintiffs—like Movant—could not demonstrate a violation of their due process rights, and that the Sale Order and Injunction is binding on them.

16. On June 1, 2015, the Court entered the Judgment in connection with the rulings set forth in the April 15 Decision, again finding that the Sale Order and Injunction is binding on Pre-Closing Accident Plaintiffs.

C.   **The Court's *Deutsch* Decision**

17. After the Sale Order and Injunction was entered and the 363 Sale closed, a lawsuit was commenced against New GM that concerns the same fact pattern as here. The estate of Beverly Deutsch ("**Deutsch Estate**") sought to hold New GM liable for claims arising from an accident that occurred prior to the closing of the 363 Sale, but where the decedent passed away after the closing of the 363 Sale. Pursuant to the *Deutsch* Decision, the Court found that the

6

liabilities asserted by the Deutsch Estate—which are the same types of liabilities asserted by Movant—were not assumed by New GM. *See In re Motors Liquidation Co.*, 447 B.R. 142 (Bankr. S.D.N.Y. 2011).

18.  An issue in the *Deutsch* Decision was which language governed the status of the Deutsch Estate's claims as either an Assumed Liability or a Retained Liability, *i.e.*, the language from the original version of the Sale Agreement or the language from the First Amendment. The Court found that the amended language governed. *See id.* at 144-45.[5]

### D. Previous Ruling Respecting the Court's Subject Matter Jurisdiction

19.  In connection with the Motions to Enforce, certain other no stay pleadings were filed by other plaintiffs that also asserted that this Court does not have subject matter jurisdiction over the issues raised in the Motions to Enforce. In response to this argument, the Court specifically held that bankruptcy courts have subject matter jurisdiction to enforce their prior orders pursuant to "arising in" jurisdiction. *See* Elliott Written Decision at 4; *see also* Sesay Written Decision at 7-9.

### E. The Pillars Lawsuit

20.  The Pillars Lawsuit was commenced on or about March 23, 2015,[6] and was removed by New GM to the United States District Court for the Eastern District of Michigan on April 14, 2015. The Pillars Lawsuit was listed on New GM's Fifth Supplement to the Chart of Pre-Closing Accident Lawsuits ("**Fifth Supplement**"),[7] which was filed with the Court on April 15, 2015. Thereafter, counsel for Movant was sent by e-mail correspondence on May 22, 2015

---

[5] While New GM may have inadvertently referred to the original language contained in Section 2.3(b)(ix) of the Sale Agreement in certain pleadings filed in the underlying lawsuit, the language contained in the First Amendment with respect to Section 2.3(b)(ix) clearly governs this matter.

[6] A copy of the complaint ("**Complaint**") filed in the Pillars lawsuit is annexed to the Pillars No Stay Pleading as Exhibit "3."

[7] A copy of the Fifth Supplement is annexed hereto as Exhibit "A."

7

25769694v2

copies of the Scheduling Order, Stay Procedures Order, and form Stay Stipulation. In the e-mail correspondence, counsel for New GM explained the Stay Procedures and informed counsel for Movant that if he did not wish to execute a Stay Stipulation, he had to file a No Stay Pleading by May 29, 2015, which Movant did on May 28, 2015.

21. On April 16, 2015, New GM filed a tag-along notice with the Judicial Panel on Multidistrict Litigation ("**JPML**") designating the Pillars Lawsuit as being subject to MDL No. 2543 pending before Judge Furman. On April 17, 2015, the JPML entered a conditional order of transfer. On April 23, 2015, Movant filed an opposition to the tag-along notice, arguing that the Pillars Lawsuit should not be transferred to the MDL.[8]

## RESPONSE

### THE RELIEF REQUESTED IN THE PILLARS NO STAY PLEADING SHOULD BE DENIED

22. As noted above, each of Movant's arguments as to why the Pillars Lawsuit is not subject to the Pre-Closing Accident Motion to Enforce has been raised before, and each argument has been previously rejected by this Court. Under the principles of *stare decisis*, each of the Court's prior rulings should be applied to Movant. Since Movant did not agree to a stay, and has given no indication that he would agree to a stay, his claims and/or causes of action contained in the Pillars Lawsuit should now be dismissed pursuant to Section 13 of the Judgment.

**A.    Movant Is Subject To The Injunction
       Contained In The Sale Order And Injunction**

23. As stated in the Motions to Enforce, the United States Supreme Court in *Celotex*

---

[8] While the JPML will decide whether the Pillars Lawsuit will be transferred to the MDL, New GM believes that such transfer will ultimately take place given the allegations regarding the ignition switch. *See, e.g.*, JPML Transfer Orders regarding Phillips Action, Yagman Action, Boyd Action, Kandziora Action and Elliott Action, copies of which are collectively annexed hereto as Exhibit "B."

8

25769694v2

*Corp. v. Edwards* set forth the "well-established" rule that "'persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order.'" 514 U.S. 300, 306 (1995). New GM did not seek a new injunction against Movant; New GM is seeking to enforce the preexisting injunction set forth in the Sale Order and Injunction, which remains in effect. Through his pleading, Movant is essentially asking the Court to vacate its preexisting injunction as to him. The burden is on Movant to demonstrate that the injunction in the Sale Order and Injunction should be vacated. *See Stewart v. General Motors Corp.*, 756 F.2d 1285, 1291 (7th Cir. 1985) ("The law appears settled that the defendant bears that burden on a motion to vacate an injunction."). Movant has not come close to meeting his burden.

**B.    Pre-Sale Accident Claims Are Barred**

24.    The Court recently confirmed that any claim based on a pre-363 Sale accident—like the claims asserted by Movant—cannot be asserted against New GM, and is proscribed by the Sale Order and Injunction. Specifically, the Judgment expressly holds as follows:

> Any claims and/or causes of action brought by the Ignition Switch Pre-Closing Accident Plaintiffs that seek to hold New GM liable for accidents or incidents that occurred prior to the closing of the 363 Sale are barred and enjoined pursuant to the Sale Order. The Ignition Switch Pre-Closing Accident Plaintiffs shall not assert or maintain any such claim or cause of action against New GM.

Judgment, ¶ 7.[9]

25.    Movant attempts to distinguish his case from other Pre-Sale Accident Lawsuits by arguing that the "occurrence" at issue in the Pillars Lawsuit is the death of the decedent (which took place after the closing of the 363 Sale), and not the underlying accident (which took place before the closing of the 363 Sale). However, this Court was previously confronted with this

---

[9] As Movant's claims all emanate out of a pre-363 Sale accident, and there is no functional difference between Movant's claims and claims asserted by the Ignition Switch Pre-Closing Accident Plaintiffs, the Judgment should be binding on Movant in the same way as it is binding on other plaintiffs with similar claims.

9

25769694v2

exact same argument, and squarely rejected it. In the *Deutsch* Decision, the Court specifically found as follows:

> In this contested matter in the chapter 11 case of Motors Liquidation Company (formerly, General Motors Corp., and referred to here as "Old GM") and its affiliates, General Motors LLC ("New GM") seeks a determination from this Court that New GM did not assume the liabilities associated with a tort action in which a car accident took place before the date ("Closing Date") upon which New GM acquired the business of Old GM, but the accident victim died thereafter. The issue turns on the construction of the documents under which New GM agreed to assume liabilities from Old GM—which provided that New GM would assume liabilities relating to "accidents or incidents" "first occurring on or after the Closing Date"—and in that connection, whether a liability of this character is or is not one of the types of liabilities that New GM thereby agreed to assume.
>
> Upon consideration of those documents, the Court concludes that the liability in question was not assumed by New GM.

447 B.R. at 143-44.

26.  Movant admits in his complaint that the accident in question took place on November 23, 2005 (*see* Complaint, ¶ 4)—more than three years before the closing of the 363 Sale—and claims that the death of the decedent was "a direct result" of that accident (*see* Complaint, ¶ 9). Accordingly, any claims asserted by Movant flow from the pre-363 Sale accident and, as such, are Retained Liabilities of Old GM and not Assumed Liabilities of New GM.

C.  **This Court Unequivocally Has Jurisdiction to Interpret and Enforce the Sale Order and Injunction**

27.  The Sale Order and Injunction unquestionably reserved exclusive jurisdiction to this Court to interpret and enforce the Sale Order and Injunction, as well as the terms of the Sale Agreement.[10] Movant's arguments concerning this Court's lack of subject matter jurisdiction have been squarely rejected by the Court. *See* Elliott Written Decision, at 4; Sesay Written Decision, at 7-9. As set forth in the Elliot Written Decision (at page 4), "[b]ankruptcy courts

---

[10] *See* Sale Order and Injunction, ¶ 71.

(and when it matters, district courts) have subject matter jurisdiction to enforce their orders in bankruptcy cases and proceedings under those courts' "*arising in*" jurisdiction. The nearly a dozen cases cited [in the first two pages of the Elliott Written Decision] expressly so hold." (emphasis in original)(footnote omitted); *see also* Sesay Written Decision, at 9 ("Despite the Sesay Plaintiffs' efforts to recast the issues, and to discuss other issues not at all relevant, the simple fact is that New GM seeks construction and enforcement of the Sale Order, and I have subject matter jurisdiction to do exactly that.").[11]

28. Accordingly, Movant's argument that this Court lacks subject matter jurisdiction over this matter should be summarily rejected by the Court in the same manner as it has done in the past when confronted with the same argument.

### D. Movant's Due Process Argument Is Unavailing

29. Although only raised in a footnote in the Pillars No Stay Pleading, Movant appears to contend that, since neither he (nor the decedent) received notice of the 363 Sale, they were prejudiced and, thus, their due process rights were violated. *See* Pillars No Stay Pleading, at 7-8 n.6. This was the exact issue addressed by the Court in connection with the Due Process Threshold Issue, as it related to the Pre-Sale Accident Plaintiffs. And, the Court unequivocally found in the April 15 Decision that

> [t]he Pre–Closing Accident Plaintiffs suffered the injury or death underlying their claims in Old GM cars, and with Old GM parts. Any actionable conduct causing that injury or death took place before the 363 Sale—and necessarily was by Old GM, not New GM, and indeed before New GM could have done anything wrong.

---

[11] Movant relies on *Shamieh v. HCB Financial Corp.*, No. 2:14-cv-02215, 2014 WL 5365452 (W.D. La. Oct. 21, 2014) in connection with his subject matter jurisdiction argument. However, the *Shamieh* case is inapposite because it did not concern a situation, like here, where a bankruptcy court was being asked to interpret and enforce a prior order that the bankruptcy court entered. That case concerned a district court reviewing whether it had jurisdiction in connection with a notice of removal of a lawsuit on the same day that an involuntary bankruptcy petition was filed against the debtor. The district court in *Shamieh* did find that it had "related to" jurisdiction. As noted above, this Court has previously found, and should find the same here, that it has "arising in" jurisdiction to interpret and enforce its prior Orders.

11

> . . . ***The Pre–Closing Accident Plaintiffs did not suffer the prejudice that is an element to a denial of due process claim***."

2015 WL 1727285, at *45-*46 (emphasis added).

30.     The Judgment entered in connection with the April 15 Decision specifically provides that "[a]ny claims and/or causes of action brought by the Ignition Switch Pre-Closing Accident Plaintiffs that seek to hold New GM liable for accidents or incidents that occurred prior to the closing of the 363 Sale are barred and enjoined pursuant to the Sale Order." Judgment, ¶ 7. The Judgment further provides that "[t]he Ignition Switch Pre-Closing Accident Plaintiffs shall not assert or maintain any such claim or cause of action against New GM." Movant has not and cannot set forth any fact that would differentiate him from Ignition Switch Pre-Closing Accident Plaintiffs. As such, pursuant to the principles of *stare decisis*, the April 15 Decision and the Judgment should apply equally to Movant.

WHEREFORE, New GM respectfully requests that this Court (i) deny the relief requested in the Pillars No Stay Pleading, (ii) find that the provisions of the Judgment apply to Movant; (iii) direct Movant to dismiss the Pillars Lawsuit, and (iv) grant New GM such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 8, 2015

Respectfully submitted,

    /s/ Arthur Steinberg
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:   (212) 556-2100
Facsimile:    (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

13