# Exhibit B

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GENERAL MOTORS LLC
IGNITION SWITCH LITIGATION                                    MDL No. 2543

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407(c), defendant General Motors LLC moves to transfer the present action listed on Schedule A (*Phillips*) to MDL No. 2543. Plaintiff opposes the motion.

After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2543, and that transfer of the action will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions encompassing MDL No. 2543 involve factual questions arising from allegations stemming from an alleged defect in certain General Motors vehicles that causes the vehicle's ignition switch to move unintentionally from the 'run' position to the 'accessory' or 'off' position.[1] *See In re: General Motors LLC Ignition Switch Litig.*, __ F. Supp. 2d __, 2014 WL 2616819, at *1 (J.P.M.L. Jun. 9, 2014).

*Phillips* stems from previous litigation by the same plaintiff against General Motors, arising from a fatal crash involving her husband and their children. Plaintiff claims that General Motors had knowledge of various defects in the subject vehicle that likely caused or contributed to the crash, including the ignition switch defect, and that it purposely withheld that information and implied that plaintiff's husband had intentionally caused the crash to kill himself and their children, causing plaintiff great emotional distress. *Phillips* therefore will focus not on what representations were made to the general public and consumers, but rather, what representations were made to plaintiff and the court during the previous litigation. Like the MDL No. 2543 actions, however, *Phillips* will seek to discover what General Motors knew about the alleged defects and when the defects became known, including the ignition switch defect. Moreover, plaintiff alleges she was forced to accept a much

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter. Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] While MDL No. 2543 initially included only actions asserting economic damages, it has been expanded to include personal injury and wrongful death actions.

-2-

lower settlement because of the 2009 General Motors bankruptcy and, like many plaintiffs in MDL No. 2543, plaintiff alleges that General Motors fraudulently withheld information concerning defects from the bankruptcy court.

Plaintiff alleges that the ignition switch defect did not cause the crash, but may have contributed to decedents' fatal injuries. Plaintiff's counsel has declined to stipulate that plaintiff will not seek discovery or seek to introduce evidence about the ignition switch defect. Given that such discovery will overlap substantially with that in MDL No. 2543, it is likely that transfer will create efficiencies. While our initial intent was to limit MDL No. 2543 to cases alleging only an ignition switch defect, several actions have been brought with similar general claims that inhibit separation of claims. Given that discovery and pretrial proceedings likely will overlap concerning the ignition switch defect and general allegations that General Motors concealed safety defects, particularly from the bankruptcy court, we are persuaded that transfer of all plaintiff's claims will promote efficiencies in this action and in MDL No. 2543.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jesse M. Furman for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell         Charles R. Breyer
Lewis A. Kaplan             Sarah S. Vance
R. David Proctor

**IN RE: GENERAL MOTORS LLC**
**IGNITION SWITCH LITIGATION**                                MDL No. 2543

## SCHEDULE A

<u>Southern District of Texas</u>

PHILLIPS V. GENERAL MOTORS LLC, C.A. No. 3:14-00192

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GENERAL MOTORS LLC
IGNITION SWITCH LITIGATION                                           MDL No. 2543

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs in the three actions listed on Schedule A move to vacate our orders conditionally transferring the actions to MDL No. 2543. Responding defendants General Motors LLC ("General Motors"), General Motors Company, and Mary Barra variously oppose the motions to vacate.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2543, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions encompassing MDL No. 2543 involve factual questions arising from allegations stemming from an alleged defect in certain General Motors vehicles that causes the vehicle's ignition switch to move unintentionally from the 'run' position to the 'accessory' or 'off' position.[1] *See In re: General Motors LLC Ignition Switch Litig.*, __ F. Supp. 2d __, 2014 WL 2616819, at *1 (J.P.M.L. Jun. 9, 2014).

Plaintiffs in the Eastern District of Missouri *Boyd* action do not dispute that their action shares questions of fact with MDL No. 2543, but rather argue that their action was improperly removed and their motion to remand to state court is pending. The Eastern District of Wisconsin *Kandziora* plaintiff also argues that the action was improperly removed. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter. Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] While MDL No. 2543 initially included only actions asserting economic damages, it has been expanded to include personal injury and wrongful death actions.

[2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does
(continued...)

-2-

Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Like many actions in the MDL, plaintiff in *Kandziora* alleges that her vehicle had the ignition switch defect and that she would not have purchased the vehicle had she known of the defect. This action, therefore, is within the MDL's ambit. Plaintiff's arguments that her action is unique because she names a particular dealership and brings Wisconsin state law claims are not persuasive. There are several actions involving claims against dealerships in MDL No. 2543, and many MDL No. 2543 actions bring state law claims, including under Wisconsin law.

The Central District of California *Yagman* plaintiff argues that he does not specifically allege an ignition switch defect, but rather claims defects in the electronic control module, the secondary air valve, the coolant sensor, and "other parts presently unknown." However, the defects alleged by plaintiff appear to manifest themselves similarly to the ignition switch defect, *i.e..*, the engine stops running while the car is being operated and there is a shut down of the electrical system. We are persuaded that transfer will result in efficiencies. We are sympathetic to plaintiff's claims of inconvenience due to his *pro se* status, but while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001). Furthermore, plaintiff is bringing class claims, previously was an attorney himself, and, according to his brief, is represented by an attorney as to his class claims. General Motors did not act improperly in notifying the Panel that *Yagman* was a potential tag-along action pursuant to Panel Rule 7.1(a), and we decline plaintiff's request for sanctions.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jesse M. Furman for inclusion in the coordinated or consolidated pretrial proceedings.

---

[2](...continued)
not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

-3-

## PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Sarah S. Vance
R. David Proctor

IN RE: GENERAL MOTORS LLC
IGNITION SWITCH LITIGATION                                          MDL No. 2543

## SCHEDULE A

<u>Central District of California</u>

YAGMAN V. GENERAL MOTORS CO., ET AL., C.A. No. 2:14-04696

<u>Eastern District of Missouri</u>

BOYD, ET AL. V. GENERAL MOTORS LLC, C.A. No. 4:14-01205

<u>Eastern District of Wisconsin</u>

KANDZIORA V. GENERAL MOTORS LLC, ET AL., C.A. No. 2:14-00801

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: GENERAL MOTORS LLC
IGNITION SWITCH LITIGATION             MDL No. 2543

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407(c), defendant General Motors LLC moves to transfer the present action listed on Schedule A (*Elliott*) to MDL No. 2543. Plaintiffs support transfer of their ignition switch defect claims, but request separation and remand of their claims regarding fuel pumps.

After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2543, and that transfer of the action in its entirety will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like many of the already-centralized actions, *Elliott* involves factual questions arising from allegations stemming from an alleged defect in certain General Motors vehicles that causes the vehicle's ignition switch to move unintentionally from the 'run' position to the 'accessory' or 'off' position.[1] *See In re: General Motors LLC Ignition Switch Litig.*, __ F. Supp. 2d __, 2014 WL 2616819, at *1 (J.P.M.L. Jun. 9, 2014).

*Elliott* also involves an alleged defect in the fuel pump of certain General Motors vehicles. Plaintiffs request that the claims regarding the fuel pump be separated and remanded to District of District of Columbia. Despite plaintiffs' assertion that their ignition switch and fuel pump defect claims are asserted independently, separation of these claims would be difficult. In almost all claims in the *Elliott* complaint, plaintiffs allege a pattern and practice of concealment of safety defects by General Motors, including both the ignition switch and fuel pump defects. While our initial intent was to limit MDL No. 2543 to cases alleging only an ignition switch defect, several actions have been brought with similar general claims that inhibit separation of claims. Given that discovery and pretrial proceedings likely will overlap concerning the ignition switch defect and general allegations that

---

[*]     Judge Ellen Segal Huvelle took no part in the decision of this matter. Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1]     While MDL No. 2543 initially included only actions asserting economic damages, it has been expanded to include personal injury and wrongful death actions.

-2-

General Motors concealed safety defects, we are persuaded that transfer of all plaintiffs' claims will promote efficiencies in this action and in MDL No. 2543.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jesse M. Furman for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Sarah S. Vance
R. David Proctor

**IN RE: GENERAL MOTORS LLC**
**IGNITION SWITCH LITIGATION**                                MDL No. 2543

## SCHEDULE A

<u>District of District of Columbia</u>

ELLIOTT, ET AL. V. GENERAL MOTORS LLC, C.A. No. 1:14-00691