# **Exhibit A**

09-50026-mg Doc 13194-1 Filed 06/10/15 Entered 06/10/15 03:35:05 Main Document
Pg 1 of 21

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                  :         Chapter 11
                                       :

MOTORS LIQUIDATION COMPANY, *et al.*,      :         Case No.: 09-50026 (REG)
           f/k/a General Motors Corp., *et al.*       :
                                       :
                      Debtors.          :         (Jointly Administered)
-------------------------------------------------------------x

### JUDGMENT

For the reasons set forth in the Court's *Decision on Motion to Enforce Sale Order*, entered on April 15, 2015 ("**Decision**"),[1] it is hereby ADJUDGED as follows:

1.      The Ignition Switch Plaintiffs and the Ignition Switch Pre-Closing Accident Plaintiffs (collectively, the "**Plaintiffs**") were "known creditors" of the Debtors. The Plaintiffs did not receive the notice of the sale of assets of Old GM to New GM ("**363 Sale**") that due process required.

2.      Except with respect to Independent Claims (as herein defined), the Ignition Switch Plaintiffs were not prejudiced by their lack of notice of the 363 Sale, and they thus failed to demonstrate a due process violation with respect to the 363 Sale.

---

[1]       Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Decision. For purposes of this Judgment, the following terms shall apply: (i) "**Ignition Switch Plaintiffs**" shall mean plaintiffs that have commenced a lawsuit against New GM asserting economic losses based on or arising from the Ignition Switch in the Subject Vehicles (each term as defined in the *Agreed and Disputed Stipulations of Fact Pursuant to the Court's Supplemental Scheduling Order, Dated July 11, 2014*, filed on August 8, 2014 [Dkt. No. 12826], at 3); (ii) "**Pre-Closing Accident Plaintiffs**" shall mean plaintiffs that have commenced a lawsuit against New GM based on an accident or incident that occurred prior to the closing of the 363 Sale; (iii) "**Ignition Switch Pre-Closing Accident Plaintiffs**" shall mean that subset of the Pre-Closing Accident Plaintiffs that had the Ignition Switch in their Subject Vehicles; (iv) "**Non-Ignition Switch Pre-Closing Accident Plaintiffs**" shall mean that subset of Pre-Closing Accident Plaintiffs that are not Ignition Switch Pre-Closing Accident Plaintiffs; and (v) "**Non-Ignition Switch Plaintiffs**" shall mean plaintiffs that have commenced a lawsuit against New GM asserting economic losses based on or arising from an alleged defect, other than the Ignition Switch, in an Old GM vehicle.

3.      The Ignition Switch Pre-Closing Accident Plaintiffs were not prejudiced by their

lack of notice of the 363 Sale, and they thus failed to demonstrate a due process violation with

respect to the 363 Sale.

4.      With respect to the Independent Claims, the Ignition Switch Plaintiffs were

prejudiced by the failure to give them the notice of the 363 Sale that due process required.  The

Ignition Switch Plaintiffs established a due process violation with respect to the Independent

Claims.  The Sale Order shall be deemed modified to permit the assertion of Independent

Claims.  For purposes of this Judgment, "**Independent Claims**" shall mean claims or causes of

action asserted by Ignition Switch Plaintiffs against New GM (whether or not involving Old GM

vehicles or parts) that are based solely on New GM's own, independent, post-Closing acts or

conduct.  Nothing set forth herein shall be construed to set forth a view or imply whether or not

Ignition Switch Plaintiffs have viable Independent Claims against New GM.

5.      Except for the modification to permit the assertion  of Independent Claims by the

Ignition Switch Plaintiffs, the Sale Order shall remain unmodified and in full force and effect.

6.      The Plaintiffs were prejudiced by the failure to receive the notice due process

required of the deadline ("**Bar Date**") to file proofs of claim against the Old GM bankruptcy

estate.  Any Plaintiff may petition the Bankruptcy Court (on motion and notice) for authorization

to file a late or amended proof of claim against the Old GM bankruptcy estate.  The Court has

not determined the extent to which any late or amended proof of claim will ultimately be allowed

or allowed in a different amount.  But based on the doctrine of equitable mootness, in no event

shall assets of the GUC Trust held at any time in the past, now, or in the future (collectively, the

"**GUC Trust Assets**") (as defined in the Plan) be used to satisfy any claims of the Plaintiffs, nor

will Old GM's Plan be modified with respect to such claims; *provided* that nothing in this

Judgment shall impair any party's rights with respect to the potential applicability of Bankruptcy Code section 502(j) to any claims that were previously allowed or disallowed by the Court. The constraints on recourse from GUC Trust Assets shall not apply to any Ignition Switch Plaintiff, Pre-Closing Accident Plaintiff, or Non-Ignition Switch Plaintiff who had a claim previously allowed or disallowed by the Court, but in no event shall he or she be entitled to increase the amount of any allowed claim without the prior authorization of the Bankruptcy Court or an appellate court following an appeal from the Bankruptcy Court.

7.      Any claims and/or causes of action brought by the Ignition Switch Pre-Closing Accident Plaintiffs that seek to hold New GM liable for accidents or incidents that occurred prior to the closing of the 363 Sale are barred and enjoined pursuant to the Sale Order. The Ignition Switch Pre-Closing Accident Plaintiffs shall not assert or maintain any such claim or cause of action against New GM.

8.      (a)      Subject to the other provisions of this paragraph 8, each Ignition Switch Pre-Closing Accident Plaintiff (including without limitation the Ignition Switch Pre-Closing Accident Plaintiffs identified on Exhibit "A" attached hereto) is stayed and enjoined from prosecuting any lawsuit against New GM.

(b)      Within two (2) business days of the entry of this Judgment, New GM shall serve a copy of this Judgment on counsel in the lawsuits identified on Exhibit "A," by e-mail, facsimile, overnight mail or, if none of the foregoing are available, regular mail, with a cover note that states: "The attachment is the Judgment entered by the Bankruptcy Court. Please review the Judgment, including without limitation, the provisions of paragraph 8 of the Judgment."

(c)     If counsel for an Ignition Switch Pre-Closing Accident Plaintiff (including, but not limited to, one identified on Exhibit "A") believes that, notwithstanding the Decision and this Judgment, it has a good faith basis to maintain that its lawsuit against New GM should not be stayed, it shall file a pleading with this Court within 17 business days of this Judgment ("**No Stay Pleading**").  The No Stay Pleading shall not reargue issues that were already decided by the Decision, this Judgment, or any other decision, order, or judgment of this Court.  If a No Stay Pleading is timely filed, New GM shall have 17 business days to respond to such pleading.  The Court will schedule a hearing thereon if it believes one is necessary.

9. Except for  Independent Claims and Assumed Liabilities (if any), all claims and/or causes of action that the Ignition Switch Plaintiffs may have against New GM concerning an Old GM vehicle or part seeking to impose liability or damages based in whole or in part on Old GM conduct (including, without limitation, on any successor liability theory of recovery) are barred and enjoined pursuant to the Sale Order, and such lawsuits shall remain stayed pending appeal of the Decision and this Judgment.

10.     (a)     The lawsuits stayed pursuant to the preceding paragraph shall include those on the attached Exhibit "B."  The lawsuits identified on Exhibit "B" include the Pre-Sale Consolidated Complaint.

(b)     Within two (2) business days of the entry of this Judgment, New GM shall serve a copy of this Judgment on counsel in the lawsuits identified on Exhibit "B", by e-mail, facsimile, overnight mail or, if none of the foregoing are available, regular mail, with a cover note that states: "The attachment is the Judgment entered by the Bankruptcy Court.  Please review the Judgment, including without limitation, the provisions of paragraph 10 of the Judgment."

(c)    If a counsel listed on Exhibit "B" believes that, notwithstanding the

Decision and this Judgment, it has a good faith basis to maintain that its lawsuit against New GM

should not be stayed, it shall file a No Stay Pleading with this Court within 17 business days of

this Judgment.  The No Stay Pleading shall not reargue issues that were already decided by the

Decision and this Judgment, or any other decision or order of this Court.  If a No Stay Pleading

is timely filed, New GM shall have 17 business days to respond to such pleading.  The Court will

schedule a hearing thereon if it believes one is necessary.

11.    (a)    The complaints in the lawsuits listed on the attached Exhibit "C"

("**Hybrid Lawsuits**") include claims and allegations that are permitted under the Decision and

this Judgment and others that are not.  Accordingly, until and unless the complaint in a Hybrid

Lawsuit is (x) amended to assert solely claims and allegations permissible under the Decision

and this Judgment (as determined by this or any higher court, if necessary), or (y) is judicially

determined (by this or any higher court) not to require amendment, that lawsuit is and shall

remain stayed.  The Hybrid Lawsuits include the Post-Sale Consolidated Complaint.  Within two

(2) business days of the entry of this Judgment, New GM shall serve a copy of this Judgment on

counsel in the Hybrid Lawsuits, by e-mail, facsimile, overnight mail or, if none of the foregoing

are available, regular mail, with a cover note that states: "The attachment is the Judgment entered

by the Bankruptcy Court.  Please review the Judgment, including without limitation, the

provisions of paragraph 11 of the Judgment."

(b)    Notwithstanding the stay under the preceding subparagraph, however, the

complaints in the actions listed in Exhibit "C" may, if desired, be amended in accordance with

the subparagraphs that follow.  Subject to the other provisions of this paragraph 11, and unless

the applicable complaint already has been dismissed without prejudice pursuant to an order

entered in MDL 2543, each Plaintiff in a Hybrid Lawsuit wishing to proceed at this time may

amend his or her complaint on or before June 12, 2015, such that any allegations, claims or

causes of action concerning an Old GM vehicle or part seeking to impose liability or damages

based on Old GM conduct (including, without limitation, any successor liability theory of

recovery) are stricken, and only Independent Claims are pled.

(c)     If a counsel listed in the lawsuits on Exhibit "C" believes that,

notwithstanding the Decision and this Judgment, it has a good faith basis to maintain that its

allegations, claims or causes of action against New GM should not be stricken, it shall file a

pleading with this Court within 17 business days of this Judgment ("**No Strike Pleading**").  The

No Strike Pleading shall not reargue issues that were already decided by the Decision and

Judgment.  If a No Strike Pleading is timely filed, New GM shall have 17 business days to

respond to such pleading.  The Court will schedule a hearing thereon if it believes one is

necessary.

(d)     If an Ignition Switch Plaintiff fails to either (i) amend his or her respective

complaints on or before June 12, 2015, such that all allegations, claims and/or causes of action

concerning an Old GM vehicle or part seeking to impose liability or damages based on Old GM

conduct (including, without limitation, any successor liability theory of recovery) are stricken,

and only Independent Claims are pled, or (ii) timely file a No Strike Pleading with the Court

within the time period set forth above, New GM shall be permitted to file with this Court a notice

of presentment on five (5) business days' notice, with an attached order ("**Strike Order**") that

directs the Ignition Switch Plaintiff to strike specifically-identified allegations, claims and/or

causes of action contained in his or her complaint that violate the Decision, this Judgment and/or

the Sale Order (as modified by the Decision and this Judgment), within 17 business days of

-6-

receipt of the Strike Order.

(e)  For any allegations, claims or causes of action of the Ignition Switch

Plaintiffs listed on Exhibit "C" that are stricken pursuant to this Judgment (voluntarily or

otherwise), (i) the statute of limitations shall be tolled from the date of the amended complaint to

30 days after all appeals of the Decision and Judgment are decided, and (ii) if the Decision and

Judgment are reversed on appeal such that the appellate court finds that the Ignition Switch

Plaintiffs can make the allegations, or maintain the claims or causes of action, against New GM

heretofore stricken pursuant to this Judgment, all of the Ignition Switch Plaintiffs' rights against

New GM that existed prior to the striking of such claims or causes of action pursuant to this

Judgment shall be reinstated as if the striking of such claims or causes of action never occurred.

(f)  Notwithstanding the foregoing, to the extent (but only the extent)

acceptable to the MDL Court, the Plaintiff in any lawsuit listed on Exhibit "C" may elect not to

amend his or her complaint and may await the outcome of appellate review of this Judgment.  If

that plaintiff thereafter determines to proceed with his or her lawsuit, the plaintiff's counsel shall

provide notice to New GM, and the procedures set forth above shall apply.

12.  (a)  The lawsuits captioned *People of California v. General Motors LLC, et

al.*, No. 30-2014-00731038-CU-BT-CXC (Orange County, Cal.) and *State of Arizona v. General

Motors LLC*, No. CV2014-014090 (Maricopa County, Ariz.)  (the "**State Lawsuits**") likewise

include claims and allegations that are permitted under the Decision and this Judgment and

others that are not.  Accordingly, until and unless the complaint in a State Lawsuit is

(x) amended to assert solely claims and allegations permissible under the Decision and this

Judgment (as determined by this or any higher court, if necessary), or (y) is judicially determined

(by this or any higher court) not to require amendment, that lawsuit is and shall remain stayed.

Within two (2) business days of the entry of this Judgment, New GM shall serve a copy of this

Judgment on counsel in the State Lawsuits, by e-mail, facsimile, overnight mail or, if none of the

foregoing are available, regular mail, with a cover note that states: "The attachment is the

Judgment entered by the Bankruptcy Court.  Please review the Judgment, including without

limitation, the provisions of paragraph 12 of the Judgment."

(b)    Notwithstanding the stay under the preceding subparagraph, however, the

State Lawsuits may, if desired, be amended in accordance with the subparagraphs that follow.

Subject to the other provisions of this paragraph 12, and unless the applicable complaint already

has been dismissed without prejudice, each Plaintiff in a State Lawsuit ("**State Plaintiff**")

wishing to proceed at this time may amend its complaint on or before June 12, 2015, such that

any allegations, claims or causes of action concerning an Old GM vehicle or part seeking to

impose liability or damages based on Old GM conduct (including, without limitation, any

successor liability theory of recovery) are stricken, and only Independent Claims are pled.

(c)    If a counsel in a State Lawsuit believes that, notwithstanding the Decision

and this Judgment, it has a good faith basis to maintain that its allegations, claims or causes of

action against New GM should not be stricken, it shall file a No Strike Pleading with this Court

within 17 business days of this Judgment.  The No Strike Pleading shall not reargue issues that

were already decided by the Decision and Judgment.  If a No Strike Pleading is timely filed,

New GM shall have 17 business days to respond to such pleading.  The Court will schedule a

hearing thereon if it believes one is necessary.

(d)    If a State Plaintiff fails to either (i) amend its complaint, on or before June

12, 2015, such that all allegations, claims and/or causes of action concerning an Old GM vehicle

or part seeking to impose liability or damages based on Old GM conduct (including, without

-8-

limitation, any successor liability theory of recovery) are stricken, and only Independent Claims

are pled, or (ii) timely file a No Strike Pleading with the Court within the time period set forth

above, New GM shall be permitted to file with this Court a notice of presentment on five (5)

business days' notice, with an attached Strike Order that directs such State Plaintiff to strike

specifically-identified allegations, claims and/or causes of action contained in its complaint that

violate the Decision, this Judgment and/or the Sale Order (as modified by the Decision and

Judgment), within 17 business days of receipt of the Strike Order.

(e)   For any allegations, claims or causes of action of a State Plaintiff that are

stricken pursuant to this Judgment (voluntarily or otherwise), (i) the statute of limitations shall be

tolled from the date of the amended complaint to 30 days after all appeals of the Decision and

Judgment are decided, and (ii) if the Decision and Judgment are reversed on appeal such that the

appellate court finds that the State Plaintiff can make the allegations, or maintain the claims or

causes of action, against New GM heretofore stricken pursuant to this Judgment, all of the State

Plaintiff's rights against New GM that existed prior to the striking of such allegations, claims or

causes of action pursuant to this Judgment shall be reinstated as if their striking never occurred.

(f)   Notwithstanding the foregoing, a State Plaintiff may elect not to amend its

complaint and may await the outcome of appellate review of this Judgment.  If such plaintiff

thereafter determines to proceed with its lawsuit, the plaintiff's counsel shall provide notice to

New GM, and the procedures set forth above shall apply.

13.   (a)   The rulings set forth herein and in the Decision that proscribe claims and

actions being taken against New GM shall apply to the "Identified Parties"[2] who were heard

---

[2]   "**Identified Parties**" as defined in the Court's Scheduling Order entered on May 16, 2014
(ECF No. 12697), and persons that have asserted Pre-Closing personal injury and wrongful death claims
against New GM based on the Ignition Switch Defect (as defined in the Decision).

during the proceedings regarding the Four Threshold Issues and any other parties who had notice

of the proceedings regarding the Four Threshold Issues and the opportunity to be heard in

them—including, for the avoidance of doubt, the plaintiffs in the *Bledsoe*, *Elliott* and *Sesay*

lawsuits listed on Exhibit "C." They shall also apply to any other plaintiffs in these proceedings

(including, without limitation, the Non-Ignition Switch Pre-Closing Accident Plaintiffs and Non-

Ignition Switch Plaintiffs identified on Exhibit "D" attached hereto), subject to any objection

("**Objection Pleading**") submitted by any such party within 17 business days of the entry of this

Judgment. New GM shall file a response to any such Objection Pleading within 17 business

days of service. The Court will schedule a hearing thereon if it believes one is necessary. To

the extent an issue shall arise in the future as to whether (i) the Non-Ignition Switch Pre-Closing

Accident Plaintiffs and Non-Ignition Switch Plaintiffs were known or unknown creditors of the

Debtors, (ii) the doctrine of equitable mootness bars the use of any GUC Trust Assets to satisfy

late-filed claims of the Non-Ignition Switch Pre-Closing Accident Plaintiffs and Non-Ignition

Switch Plaintiffs, or (iii) the Non-Ignition Switch Pre-Closing Accident Plaintiffs or Non-

Ignition Switch Plaintiffs were otherwise bound by the provisions of the Sale Order, the Non-

Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs shall be

required to first seek resolution of such issues from this Court before proceeding any further

against New GM and/or the GUC Trust.

(b) Within two (2) business days of the entry of this Judgment, New GM shall

serve a copy of this Judgment on counsel for the Non-Ignition Switch Pre-Closing Accident

Plaintiffs or Non-Ignition Switch Plaintiffs identified on Exhibit "D", by e-mail, facsimile,

overnight mail or, if none of the foregoing are available, regular mail, with a cover note that

states: "The attachment is the Judgment entered by the Bankruptcy Court. Please review the

Judgment, including without limitation, the provisions of paragraph 13 of the Judgment."

(c)    If a counsel for a Non-Ignition Switch Pre-Closing Accident Plaintiff or Non-Ignition Switch Plaintiff listed on Exhibit "D" believes that, notwithstanding the Decision and this Judgment, it has a good faith basis to maintain that its lawsuit, or certain claims or causes of action contained therein, against New GM should not be dismissed or stricken, it shall file a pleading with this Court within 17 business days of this Judgment ("**No Dismissal Pleading**").  Such No Dismissal Pleading may request, as part of any good faith basis to maintain a lawsuit (or certain claims or causes of action contained therein) against New GM, (i) an opportunity to select one or more designated counsel from among the affected parties to address the Four Threshold Issues with respect to particular defects in the vehicles involved in the accidents or incidents that form the basis for the subject claims, and (ii) the establishment of appropriate procedures (including a briefing schedule and discovery, if appropriate) with respect thereto.  If a No Dismissal Pleading is timely filed, New GM shall have 17 business days to respond to such pleading.  The Court will schedule a hearing thereon if it believes one is necessary.

(d)    If counsel for a Non-Ignition Switch Pre-Closing Accident Plaintiff or a Non-Ignition Switch Plaintiff believes that, notwithstanding the Decision and this Judgment, it has a good faith basis to believe that any of the GUC Trust Assets may be used to satisfy late proofs of claim filed by them that may ultimately be allowed by the Bankruptcy Court, it shall file a pleading with this Court within 17 business days of this Judgment ("**GUC Trust Asset Pleading**").  The GUC Trust Asset Pleading shall not reargue issues that were already decided by the Decision and Judgment.  If a GUC Trust Asset Pleading is timely filed, the GUC Trust,

the GUC Trust Unitholders and/or New GM shall have 17 business days to respond to such

pleading.  The Court will schedule a hearing thereon if it believes one is necessary.

(e)      If a Non-Ignition Switch Pre-Closing Accident Plaintiff or Non-Ignition

Switch Plaintiff listed on Exhibit "D" fails to timely file a No Dismissal Pleading or a GUC

Trust Asset Pleading with the Court within the time period set forth in paragraphs 13(c) and (d)

above, New GM, the GUC Trust and/or the GUC Trust Unitholders, as applicable, shall be

permitted to file with this Court a notice of presentment on five (5) business days' notice, with an

attached order ("**Dismissal Order**") that directs the Non-Ignition Switch Pre-Closing Accident

Plaintiff or Non-Ignition Switch Plaintiff to dismiss with prejudice its lawsuit, or certain claims

or causes of action contained therein that violate the Decision, this Judgment and/or the Sale

Order (as modified by the Decision and Judgment), within 17 business days of receipt of the

Dismissal Order.  For any lawsuit, or any claims or causes of action contained therein, of the

Non-Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs that are

dismissed pursuant to this Judgment, (i) the statute of limitations shall be tolled from the date of

dismissal to 30 days after all appeals of the Decision and Judgment are decided, and (ii) if the

Decision and Judgment are reversed on appeal, such that the appellate court finds that the Non-

Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs can make the

allegations, or maintain the lawsuit or claims or causes of action, against New GM and/or the

GUC Trust heretofore dismissed or stricken pursuant to this Judgment, all of the Non-Ignition

Switch Pre-Closing Accident Plaintiffs' or Non-Ignition Switch Plaintiffs' rights against New

GM and/or the GUC Trust that existed prior to the dismissal of their lawsuit or the striking of

claims or causes of action pursuant to this Judgment shall be reinstated as if the dismissal or the

striking of such claims or causes of action never occurred.

(f)     Notwithstanding the provisions of this Paragraph 13, any plaintiff whose
lawsuit would otherwise have to be dismissed, in whole or in part, under this Paragraph 13 may
elect, by notice filed on ECF and served upon New GM and the GUC Trust (no later than 14
days after the entry of this judgment), to stay the lawsuit instead.  Except as the Court may
otherwise provide by separate order (entered on stipulation or on motion), the provisions of
Paragraph 13 shall then apply to any request for relief from that stay.

14.     The Court adopts the legal standard for "fraud on the court" as set forth in the
Decision.

15.     (a)     By agreement of New GM, Designated Counsel for the Ignition Switch
Plaintiffs, the GUC Trust, and the GUC Trust Unitholders, and as approved by the Court, no
discovery in the Bankruptcy Court was conducted in connection with the resolution of the Four
Threshold Issues.  The Ignition Switch Pre-Closing Accident Plaintiffs did not challenge the
earlier decision not to seek discovery in the Bankruptcy Court in connection with the Bankruptcy
Court's determination of the Four Threshold Issues.  New GM, Designated Counsel, the Groman
Plaintiffs, the GUC Trust, and the GUC Trust Unitholders developed and submitted to the Court
a set of agreed upon stipulated facts.  Such parties also submitted to the Bankruptcy Court certain
disputed facts and exhibits.  The Court decided the Four Threshold Issues on the agreed upon
stipulated facts only.

(b)     The Court has determined that the agreed-upon factual stipulations were
sufficient for purposes of determining the Four Threshold Issues; that none of the disputed facts
were or would have been material to the Court's conclusions as to any of the Four Threshold
Issues; and that treating any disputed fact as undisputed would not have affected the outcome or
reasoning of the Decision.

(c)     The Groman Plaintiffs requested discovery with respect to the Four

Threshold Issues but the other parties opposed that request, and the Court denied that request.

To the extent the Groman Plaintiffs' discovery request continues, it is denied without prejudice

to renewal in the event that after appeal of this Judgment, the discovery they seek becomes

necessary or appropriate.

(d)     For these reasons (and others), the findings of fact in the Decision shall

apply only for the purpose of this Court's resolution of the Four Threshold Issues, and shall have

no force or applicability in any other legal proceeding or matter, including without limitation,

MDL 2543.  Notwithstanding the foregoing, in all events, however, the Decision and Judgment

shall apply with respect to (a) the Court's interpretation of the enforceability of the Sale Order,

and (b) the actions of the affected parties that are authorized and proscribed by the Decision and

Judgment.

16.     The Court shall retain exclusive jurisdiction, to the fullest extent permissible

under law, to construe or enforce the Sale Order, this Judgment, and/or the Decision on which it

was based.  For the avoidance of doubt, except as otherwise provided in this Judgment, the Sale

Order remains fully enforceable, and in full force and effect.  This Judgment shall not be

collaterally attacked, or otherwise subjected to review or modification, in any Court other than

this Court or any court exercising appellate authority over this Court.

17.     Count One of the amended complaint ("**Groman Complaint**") filed in *Groman et

al v. General Motors LLC* (Adv. Proc. No. 14-01929 (REG)) is dismissed with prejudice.  The

remaining counts of the Groman Complaint that deal with the "fraud on the court" issue are

deferred and stayed until 30 days after all appeals of the Decision and Judgment are decided.

With respect to Count One of the Groman Complaint, (i) the statute of limitations shall be tolled

from the date of dismissal of Count One to 30 days after all appeals of the Decision and

Judgment are decided, and (ii) if the Decision and Judgment are reversed or modified on appeal

such that the appellate court finds that the Groman Plaintiffs can maintain the cause of action in

Count One of the Groman Complaint heretofore dismissed pursuant to this Judgment, the

Groman Plaintiffs' rights against New GM that existed as of the dismissal of Count One shall be

reinstated as if the dismissal of Count One never occurred.

18.    (a)    New GM is hereby authorized to serve this Judgment and the Decision

upon any additional party (or his or her attorney) (each, an "**Additional Party**") that commences

a lawsuit and/or is not otherwise on Exhibits "A" through "D" hereto (each, an "**Additional

Lawsuit**") against New GM that would be proscribed by the Sale Order (as modified by the

Decision and this Judgment).  Any Additional Party shall have 17 business days upon receipt of

service by New GM of the Decision and Judgment to dismiss, without prejudice, such Additional

Lawsuit or the allegations, claims or causes of action contained in such Additional Lawsuit that

would violate the Decision, this Judgment, or the Sale Order (as modified by the Decision and

this Judgment).

(b)    If any Additional Party has a good faith basis to maintain that the

Additional Lawsuit or certain allegations, claims or causes of action contained in such Additional

Lawsuit should not be dismissed without prejudice, such Additional Party shall, within 17

business days upon receipt of the Decision and Judgment, file with this Court a No Dismissal

Pleading explaining why such Additional Lawsuit or certain claims or causes of action contained

therein should not be dismissed without prejudice. The No Dismissal Pleading shall not reargue

issues that were already decided by the Decision and Judgment.  New GM shall file a response to

the No Dismissal Pleading within 17 business days of service of the No Dismissal Pleading.  The

09-50026-mg Doc 13194-1 Filed 06/10/15 Entered 06/10/15 03:37:05 Main Document Pg 17 of 22

Court will schedule a hearing thereon if it believes one is necessary.

(c)     If an Additional Party fails to either (i) dismiss without prejudice the Additional Lawsuit or the claims and/or causes of action contained therein that New GM asserts violates the Decision, Judgment, and/or Sale Order (as modified by the Decision and this Judgment), or (ii) timely file a No Dismissal Pleading with the Court within the time period set forth above, New GM shall be permitted to file with this Court a notice of presentment on five (5) business days' notice, with an attached Dismissal Order that directs the Additional Party to dismiss without prejudice the Additional Lawsuit or the claims and/or causes of action contained therein that violate the Decision, this Judgment and/or the Sale Order (as modified by the Decision and this Judgment), within 17 business days of receipt of the Dismissal Order.  With respect to any lawsuit that is dismissed pursuant to this paragraph, (i) the statute of limitations shall be tolled from the date of dismissal of such lawsuit to 30 days after all appeals of the Decision and Judgment are decided, and (ii) if the Decision and Judgment are reversed on appeal such that the appellate court finds that the Additional Party can maintain the lawsuit heretofore dismissed pursuant to this Judgment, the Additional Party's rights against New GM that existed as of the dismissal of the lawsuit shall be reinstated as if the dismissal of the lawsuit never occurred.

(d)     For the avoidance of doubt, nothing in this paragraph 18 shall apply to the Amended Consolidated Complaint to be filed in MDL 2543 on or before June 12, 2015.

Dated: New York, New York          *s/ Robert E. Gerber*
      June 1, 2015          United States Bankruptcy Judge

## Exhibit "A": Complaints Alleging Pre-Closing Ignition Switch Accidents To Be Stayed

Bachelder, et al. v. General Motors LLC, MDL No. 1:15-cv-00155-JMF (S.D.N.Y.)[3]

Betancourt Vega v. General Motors LLC, et al., No. 3:15-cv-01245-DRD (D.P.R.)
(MDL No. 1:15-cv-02638)

Bledsoe, et al. v. General Motors LLC, MDL No. 1:14-cv-07631-JMF (S.D.N.Y.)[4]

Boyd, et al. v. General Motors LLC, No. 4:14-cv-01205-HEA (E.D. Mo.)
(MDL No. 1:14-cv-08385)[5]

Doerfler-Bashucky v. General Motors LLC, et al., No. 5:15-cv-00511-GTS-DEP (N.D.N.Y.)

Edwards, et al. v. General Motors LLC, MDL No. 1:14-cv-06924-JMF (S.D.N.Y.)[6]

Johnston-Twining v. General Motors LLC, et al., No. 3956 (Philadelphia County, Pa.)

Meyers v. General Motors LLC, No. 1:15-cv-00177-CCC (M.D. Pa.)

Occulto v. General Motors Co., et al., No. 15-cv-1545 (Lackawanna County, Pa.)

Scott v. General Motors Company, et al., No. 8:15-cv-00307-JDW-AEP (M.D. Fla.)
(MDL No. 1:15-cv-01790)

Vest v. General Motors LLC, et al., No. 1:14-cv-24995-DAF (S.D. W.Va.)
(MDL No. 1:14-cv-07475)

---

[3]     The *Bachelder* complaint includes both Ignition Switch and non-Ignition Switch Pre-Closing Accident vehicles subject to the Judgment.  Accordingly, it is listed both on Exhibits "A" and "D."

[4]     The *Bledsoe* complaint includes both Ignition Switch and non-Ignition Switch Pre-Closing Accident vehicles subject to the Judgment.  Accordingly, it is listed both on Exhibits "A" and "D."  In addition, the *Bledsoe* complaint includes economic loss claims regarding Old GM conduct and vehicles and, therefore, also appears on Exhibit "C."

[5]     The *Boyd* complaint contains allegations regarding both a Pre-Closing ignition switch accident and one or more Post-Closing ignition switch accidents.  To the extent the complaint concerns one or more Post-Closing ignition switch accidents, those portions of the *Boyd* complaint that assert Product Liabilities (as defined in the Sale Agreement) based on a Post-Closing ignition switch accident are not subject to the Judgment.

[6]     The *Edwards* complaint includes both Ignition Switch and non-Ignition Switch Pre-Closing Accident vehicles subject to the Judgment.  Accordingly, it is listed both on Exhibits "A" and "D."

## Exhibit "B": Economic Loss Complaints To Be Stayed

Hailes, et al. v. General Motors LLC, et al., No. 15PU-CV00412 (Pulaski County, Mo.)

In re General Motors LLC Ignition Switch Litigation, 14-MD-2543, *Consolidated Class Action Complaint Against New GM For Recalled Vehicles Manufactured By Old GM and Purchased Before July 11, 2009*

### Exhibit "C": Complaints Containing Particular Allegations
### And/Or Claims Barred By Sale Order To Be Stricken

**Post-Sale Personal Injury/Wrongful Death Complaints With Economic Loss Claims To Be Stricken:**

Ackerman v. General Motors Corp., et al., No. MRS-L-2898-14 (Morris County, N.J.)

Austin, et al. v. General Motors LLC, No. 2015-L- 000026 (St. Clair County, Ill.)

Berger, et al. v. General Motors LLC, No. 9241/2014 (Kings County, N.Y.)

Casey, et al.  v. General Motors LLC, et al., No. 2014-54547 (Texas MDL)

Colarossi v. General Motors, et al., No. 14-22445 (Suffolk County, N.Y.)

Dobbs v. General Motors LLC, et al., No. 49D051504PL010527 (Marion County, Ind.)

Felix, et al. v. General Motors LLC, No. 1422-CC09472 (City of St. Louis, Mo.)

Gable, et al. v. Walton, et al., No. 6737 (Lauderdale County, Tenn.)

Goins v. General Motors LLC, et al., No. 2014-CI40 (Yazoo County, Miss.)

Grant v. General Motors LLC, et al., No. 2014CV02570MG (Clayton County, Ga.)

Green v. General Motors LLC, et al., No. 15-144964-NF (Oakland County, Mich.)

Hellems v. General Motors LLC, No. 15-459-NP (Eaton County, Mich.)

Hinrichs v. General Motors LLC, et al., No. 15-DCV-221509 (Texas MDL)

Jackson v. General Motors LLC, et al., No. 2014-69442 (Texas MDL)

Largent v. General Motors LLC, et al., No. 14-006509-NP (Wayne County, Mich.)

Licardo v. General Motors LLC, No. 03236 (Fulton County, N.Y.)

Lincoln, et al. v. General Motors LLC, No. 2015-0449-CV (Steuben County, N.Y.)

Lucas v. General Motors LLC, et al., No. 15-CI-00033 (Perry County, Ky.)

Miller v. General Motors LLC, et al., No. CACE-15-002297 (Broward County, Fla.)

Mullin, et al. v. General Motors LLC, et al., No. BC568381 (Los Angeles County, Cal.)

Nelson v. General Motors LLC, et al., No. D140141 (Texas MDL)

Petrocelli v. General Motors LLC, et al., No. 14-17405 (Suffolk County, N.Y.)

Polanco, et al. v. General Motors LLC, et al., No. CIVRS1200622 (San Bernardino County, Cal.)

Quiles v. Catsoulis, et al., No. 702871/14 (Queens County, N.Y.)

Quintero v. General Motors LLC, et al., No. 15-995 (Orleans Parish, La.)

Shell, et al. v. General Motors LLC, No. 1522-CC00346 (City of St. Louis, Mo.)

Solomon v. General Motors LLC, No. 15A794-1 (Cobb County, Ga.)

Spencer v. General Motors LLC, et al., No. D-1-GN-14-001337 (Texas MDL)

Szatkowski, et al. v. General Motors LLC, et al., No. 2014-08274-0 (Luzerne County, Pa.)

Tyre v. General Motors LLC, et al., No. GD-14-010489 (Allegheny County, Pa.)

Wilson v. General Motors LLC, et al., No. 2014-29914 (Texas MDL)

**Post-Sale Economic Loss Complaints With Old GM Allegations/Claims To Be Stricken:**

Bledsoe, et al. v. General Motors LLC, MDL No. 1:14-cv-07631-JMF (S.D.N.Y.)

Elliott, et al. v. General Motors LLC, No. 1:14-cv-00691-KBJ (D.D.C.)
(MDL No. 1:14-cv-08382)

Sesay, et al. v. General Motors LLC, et al., MDL No.1:14-cv-06018-JMF (S.D.N.Y.)

In re General Motors LLC Ignition Switch Litigation, 14-MD-2543, *Consolidated Complaint Concerning All GM-Branded Vehicles That Were Acquired July 11, 2009 or Later*

**Exhibit "D": Non-Ignition Switch Complaints Subject to the Judgment**

**Personal Injury/Wrongful Death Complaints:**

Abney, et al. v. General Motors LLC, MDL No. 1:14-cv-05810-JMF (S.D.N.Y.)[7]

Bachelder, et al. v. General Motors LLC, MDL No. 1:15-cv-00155-JMF (S.D.N.Y.)

Bacon v. General Motors LLC, MDL No. 1:15-cv-00918-JMF (S.D.N.Y.)

Edwards, et al. v. General Motors LLC, MDL No. 1:14-cv-06924-JMF (S.D.N.Y.)

Phillips-Powledge v. General Motors LLC, No. 3:14-cv-00192 (S.D. Tex.)
(MDL No. 1:14-cv-08540)

Pillars v. General Motors LLC, No. 1:15-cv-11360-TLL-PTM (E.D. Mich.)

Williams, et al. v. General Motors LLC, No. 5:15-cv-01070-EEF-MLH (W.D. La.)
(MDL No. 1:15-cv-03272)

**Economic Loss Complaints:**

Bledsoe, et al. v. General Motors LLC, MDL No. 1:14-cv-07631-JMF (S.D.N.Y.)

Elliott, et al. v. General Motors LLC, No. 1:14-cv-00691-KBJ (D.D.C.)
(MDL No. 1:14-cv-08382)

Sesay, et al. v. General Motors LLC, et al., MDL No.1:14-cv-06018-JMF (S.D.N.Y.)

Watson, et al. v. General Motors LLC, et al., No. 6:14-cv-02832 (W.D. La.)

---

[7]    The *Abney* complaint includes a non-Ignition Switch Pre-Closing Accident vehicle subject to the Judgment.