# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BENJAMIN W. PILLARS, as
Personal Representative for the
Estate of KATHLEEN ANN PILLARS,
Deceased,

                      Honorable Thomas J. Ludington
          Plaintiff,          Case:  1:15-cv-11360-TLL-PTM

v.

GENERAL MOTORS LLC,

          Defendant.

| | |
|---|---|
| Victor J. Mastromarco, Jr. (P35464) | Thomas P. Branigan (P41774) |
| Russell C. Babcock (P57662) | Elizabeth A. Favaro (P69610) |
| The Mastromarco Firm | Bowman and Brooke LLP |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 1024 N. Michigan Avenue | 41000 Woodward Avenue, Suite 200 East |
| Saginaw,  MI  48602 | Bloomfield Hills, MI  48304 |
| 989.752.1414 / 989.752.6202 fx | 248.205.3300 ph / 248.205.3399 fx |
| Vmastromar@aol.com | tom.branigan@bowmanandbrooke.com |
| russellbabcock@aol.com | elizabeth.favaro@bowmanandbrooke.com |

## DEFENDANT GENERAL MOTORS LLC'S MOTION TO STAY

       Defendant General Motors LLC, by its counsel, Bowman and Brooke

LLP,  Moves this Court for an Order Staying proceedings. As set forth in

more detail in the accompanying brief, this action should be stayed pending

1

final determination by the Judicial Panel on Multidistrict Litigation ("JPML")

whether this action should be transferred to the MDL court in the Southern

District of New York alongside more than 200 other Ignition Switch Actions

for coordinated or consolidated pretrial proceedings in MDL 2543, *In re*

*General Motors LLC Ignition Switch Litigation*, pursuant to

28 U.S.C. § 1407.

 

 

 

Respectfully submitted,

Bowman and Brooke LLP

By:   /s/ Thomas P. Branigan
      Thomas P. Branigan (P41774)
      Elizabeth A. Favaro (P69610)
      Attorneys for Defendant
      41000 Woodward Avenue
      Suite 200 East
      Bloomfield Hills, MI  48304
      248.205.3300 ph / 248.205.3399 fx
      tom.branigan@bowmanandbrooke.com
      elizabeth.favaro@bowmanandbrooke.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BENJAMIN W. PILLARS, as
Personal Representative for the
Estate of KATHLEEN ANN PILLARS,
Deceased,

          Plaintiff,

v.

GENERAL MOTORS LLC,

          Defendant.

Honorable Thomas J. Ludington
Case:  1:15-cv-11360-TLL-PTM

| | |
|---|---|
| Victor J. Mastromarco, Jr. (P35464)<br>Russell C. Babcock (P57662)<br>The Mastromarco Firm<br>Attorneys for Plaintiff<br>1024 N. Michigan Avenue<br>Saginaw,  MI  48602<br>989.752.1414 / 989.752.6202 fx<br>Vmastromar@aol.com<br>russellbabcock@aol.com | Thomas P. Branigan (P41774)<br>Elizabeth A. Favaro (P69610)<br>Bowman and Brooke LLP<br>Attorneys for Defendant<br>41000 Woodward Avenue, Suite 200 East<br>Bloomfield Hills, MI  48304<br>248.205.3300 ph / 248.205.3399 fx<br>tom.branigan@bowmanandbrooke.com<br>elizabeth.favaro@bowmanandbrooke.com |

## DEFENDANT GENERAL MOTORS LLC'S BRIEF
## IN SUPPORT OF ITS MOTION TO STAY

3

# Table of Contents

Table of Contents ........................................................................... i

Table of Authorities ....................................................................... ii

Concise Statement of the Issues Presented ............................... vi

Background ................................................................................... 7

Argument ..................................................................................... 10

Conclusion ................................................................................... 23

## Table of Authorities

**Cases**

*Abney, et al. v. Gen. Motors LLC*, 14-CV-5810 (S.D.N.Y.) ......................... 8

*Aikins v. Microsoft Corp.*, No. Civ. A. 00-0242, 2000 U.S. Dist. LEXIS 4371, at *4 (E.D. La. Mar. 24, 2000) .............................................................. 13

*Anderson v. Merck & Co.*, 417 F. Supp. 2d 842, 849 (E.D. Ky. 2006) ....... 11

*Arenberg v. Bristol–Meyers Co.*, No 12–6207, 2013 U.S. Dist. LEXIS 57458, at *6 (N.D. Cal. Apr. 22, 2013) ................................................... 17

*Arnold v. Bristol–Meyers Squibb Co.*, No. 12–6426, 2013 U.S. Dist. LEXIS 48540, at *4 (N.D. Cal. Apr. 3, 2013) ..................................................... 17

*Ayers v. ConAgra Foods, Inc.*, No. H-08-3723, 2009 U.S. Dist. LEXIS, at *3 (S.D. Tex. Apr. 9, 2009) ......................................................................... 12

*Benton v. Gen. Motors LLC*, No. 14-590, (C.D. Cal. Apr. 16, 2014 ........... 14

*Bertram v. Fed. Express Corp.*, No. 05-28-C, 2006 U.S. Dist. LEXIS 85065, *3 (W.D. Ky. Nov. 20, 2006) ................................................................... 15

*Blalock v. DePuy Orthopaedics, Inc.*, No. C 11-4746 SBA, 2011 U.S. Dist. LEXIS 143717, at *2 (N.D. Cal. Dec. 14, 2011) ...................................... 17

*Boudin v. Residential Essentials, LLC*, No. 07-0018-WS-C, 2007 U.S. Dist. LEXIS, at *4-5 (S.D. Ala. Sept. 6, 2007) ................................................. 12

*Butler v. McKesson Corp.*, No. C 13-03154 JSW, 2013 U.S. Dist. LEXIS 113524, at *6 (N.D. Cal. Aug. 12, 2013) ................................................. 13

*D's Pet Supplies, Inc. v. Microsoft Corp.*, No. 99-76056, 2000 U.S. Dist. LEXIS 16482 at *3 (E.D. Mich. Feb. 7, 2000) ......................................... 11

*Davis v. Merck & Co.*, No. 05-1322-T/An, 2005 U.S. Dist. LEXIS 29379, *3 (W.D. Tenn. Nov. 8, 2005) ...................................................................... 12

*Egon v. Del-Val Fin. Corp.*, Civ. A. No. 90-4338, 1991 U.S. Dist. LEXIS 1420, at *2-3 (D. N.J. Feb. 1, 1991) ....................................................... 12

*Ellis v. Merck & Co.*, No. 06-1005-T/AN, 2006 U.S. Dist. LEXIS 9639, at *4 (W.D. Tenn. Feb. 19, 2006) ................................................................... 12

*Emerson v. Gen. Motors LLC*, No. 14-21713, (S.D. Fla. May 12, 2014)....14

*Falgoust v. Microsoft Corp.*, No. CIV.A. 00-0779, 2000 U.S. Dist. LEXIS 5417, at *8 (E.D. La. Apr. 19, 2000) ....................................................... 13

*Fleck v. Gen. Motors LLC*, 14-08176 (S.D.N.Y.) ......................................... 9

*Fox v. Depuy Orthopaedics, Inc.*, No. 3:11-cv-387-crs, 2011 U.S. Dist. LEXIS 140489, *3 (W.D. Ky. Dec. 6, 2011) ............................................ 10

12176895v1

*Franklin v. Prospect Mortg., LLC*, No. 2:13-CV-00790 JAM-AC, 2013 U.S. Dist. LEXIS 172894, at *6 (E.D. Cal. Dec. 9, 2013)................................18

*Gavitt v. Merck & Co., Inc.*, No. 2:08-cv-755-FTM-UA-DNF, 2008 U.S. Dist. LEXIS 88421, at *4 (M.D. Fla. Oct. 20, 2008) ........................................12

*Gonzalez v. Am. Home Prods. Corp.*, 223 F. Supp. 2d 803, 806 (S.D. Tex. 2002) ..........................................................................................12

*Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) .............................................................................................................13

*Green v. Gen. Motors LLC*, No. 1:14-cv-0107, (M.D. Tenn. Sept. 2, 2014 14

*Harris v. Merck & Co.*, No. 06-CV-01986-JMRBB, 2006 U.S. Dist. LEXIS 96872, at *4 (S.D. Cal. Dec. 11, 2006)....................................................13

*In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014)...................................................................................8

*In re Motors Liquidation Co.* No. 09-50026 (REG), ECF No. 12620 (Bankr. S.D.N.Y. Apr. 21, 2014) ........................................................................22

*In re Motors Liquidation Co.*, 447 B.R. 142 (Bankr. S.D.N.Y. 2011)); ECF No. 10 at 15-19..........................................................................................21

*In re Motors Liquidation Co.*, No. 09-50026 (REG), 2015 Bankr. LEXIS 1296 (Bankr. S.D.N.Y. Apr. 15, 2015)....................................................21

*In re Motors Liquidation Co.,* No. 09-50026 (REG), ECF No. 13108 (Bankr. S.D.N.Y. Apr. 15, 2015) ........................................................................22

*Jones v. Bristol-Myers Squibb Co.*, No. C 13-2415 PJH, 2013 U.S. Dist. LEXIS 94933, *9 (N.D. Cal. July 8, 2013) ...............................................17

*Kelley v. Gen. Motors Co.*, No. 14-465, (C.D. Cal. Apr. 16, 2014).............14

*Kennedy v. Novartis Pharm. Corp.*, No. CIV.A. 02-2331, 2002 U.S. Dist. LEXIS 17266, at *4-5 (E.D. La. Sept. 12, 2002) .....................................13

*Klingensmith v. General Motors LLC,* 14-cv-9110 (S.D.N.Y.).......................9

*La. Stadium & Exposition Dist. v. Fin. Guaranty Ins. Co.*, No. 09-235, 2009 U.S. Dist. LEXIS 35004, at *5-6 (E.D. La. Apr. 2, 2009) ................12

*Landis v. North Am. Co.,* 299 U.S. 248, 254-55 (1936) ..............................10

*Lannon v. Gen. Motors LLC*, No. 14-21933, (S.D. Fla. May 28, 2014) ......14

*Lyman v. Asbestos Defs.*, No. C 07-4240 SBA, 2007 U.S. Dist. LEXIS 78766, at *8 (N.D. Cal. Oct. 10, 2007) ...................................................13

*Maciel v. Gen. Motors LLC*, No. 14-1339, (N.D. Cal. Apr. 22, 2014) .........14

*Maiben v. CSX Transp., Inc.*, No. 09-0125-WS-B, 2009 U.S. Dist. LEXIS 37875, at *3 (S.D. Ala. May 1, 2009).......................................................12

*McVicar v. Goodman Global Inc.*, No. SACV 13-1223-DOC (RNBx), 2013 U.S. Dist. LEXIS 168370, at *4 (C.D. Cal. Nov. 25, 2013).............18

iii

*McVicar v. Goodman Global, Inc.*, No. SACV 13–1223–DOC, 2013 U.S. Dist. LEXIS 168370, at *4 (C.D. Cal. Nov. 25, 2013).............................. 13

*Melton v. Gen. Motors LLC et al.,* No. 1:14-cv-1815-TWT (N.D. Ga. July 18, 2014, ECF No. 45)................................................................................ 16

*Morales v. Merck & Co., Inc.*, No. H-07-0599, 2007 U.S. Dist. LEXIS 14073, at *1 (S.D. Tex. Feb. 28, 2007) ............................................................. 12

Nekritz v. Canary Capital Partners, LLC, Civ. A. No. 03–5081, 2004 U.S. Dist. LEXIS 12473, at *5 (D.N.J. Jan. 12, 2004) (citing In re Ivy, 901 F.2d 7 (2d Cir. 1990)....................................................................................... 20

*Nielsen v. Merck & Co.*, No. C07-0076, 2007 U.S. Dist. LEXIS 21250, at *6 (N.D. Cal. Mar. 15, 2007)........................................................................ 17

Packer v. Power Balance, LLC, Civ. A. No. 11–802, 2011 U.S. Dist. LEXIS 29767, at *1 (D.N.J. March 22, 2011)..................................................... 12

*People of the State of California v. Gen. Motors LLC*, No. 8:14-cv-01238, (C.D. Cal. Sept. 19, 2014)......................................................................... 14

*Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)...... 15

*Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997)...... 12

*Rivers*, 980 F. Supp. at 1362, n.5 ............................................................. 18

*Sanborn v. Asbestos Corp.*, No. C 08-5260 PJH, 2009 U.S. Dist. LEXIS 7528, at *5 (N.D. Cal. Jan. 27, 2009) ...................................................... 13

*Sanchez v. DePuy Orthopaedics Inc.*, No. 2:11-cv-07867-JHN-SHx, 2011 U.S. Dist. LEXIS 152813, at *2 (C.D. Cal. Nov. 21, 2011) (granting stay pending transfer decision by the JPML)........................................... 13

*Sanford v. Capital City Rests., Inc.*, No. CIV. 05-0519 WBS JFM, 2006 U.S. Dist. LEXIS 97016, at *3 n.1 (E.D. Cal. Jan. 12, 2006) .......................... 13

*Stevens et al. v. Gen. Motors LLC et al.,* No. 4:15-cv-00628..................... 16

*Sumners v. Gen. Motors LLC, et al.*, No. 1_14-cv-00070, (M.D. Tenn. June 17, 2014) ............................................................................................... 14

*Tenn. ex rel. Cooper v. McGraw-Hill Cos., Inc.*, No. 3:13-00193, 2013 U.S. Dist. LEXIS 59803, *16, 19 (M.D. Tenn. Apr. 25, 2013) ......................... 16

*Tenn. ex rel. Cooper v. McGraw-Hill Cos., Inc.,* No. 3:13-00193, 2013 U.S. Dist. LEXIS 59803, *19 (M.D. Tenn. Apr. 25, 2013) ................................ 12

*Thomas v. Ameriquest Mortg. Co.*, No. 07-0652-WS-C, 2007 U.S. Dist. LEXIS 82468, at *3 (S.D. Ala. Nov. 5, 2007).......................................... 12

*Vermurlen v. Ameriquest Mortg. Co.,* No. 1:06-cv-828, 2007 U.S. Dist. LEXIS 78181 at * 2-3 (W.D. Mich. Oct. 22, 2007) .................................. 11

*Witherspoon v. Gen. Motors LLC and Gen. Motors Co.*, No. 4:14-cv-00425-HFS (W.D. Mo. June 09, 2014, ECF No. 15) ........................................ 16

iv

## Statutes

11 U.S.C. § 105 ........................................................................... 22
11 U.S.C. § 363 ........................................................................... 22
28 U.S.C. § 1407 ................................................................. 2, 8, 24
28 U.S.C. § 1452(a) ..................................................................... 9

## Rules

FRCP 9027 .................................................................................. 9

12176895v1

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1. Whether the Court should stay this case pending final determination by the Judicial Panel on Multidistrict Litigation whether this action should be transferred to the MDL court in the Southern District of New York.

12176895v1

## **BACKGROUND**

In March 2015, Plaintiff brought this action in the Circuit Court for Bay County, Michigan against General Motors LLC ("New GM"). The Complaint alleges claims arising out of a motor vehicle accident that allegedly occurred on November 23, 2005, when Kathleen Ann Pillars ("Pillars") was operating a 2004 Pontiac Grand Am. *See* ECF No. 1-5 ¶ 4. The Complaint alleges that Pillars "lost control of her vehicle when the defective ignition switch in her vehicle went to the off position[.]" *Id.* ¶ 7. In the Complaint, Plaintiff further contends that Pillars sustained incapacitating injuries that eventually led to her death. *Id.* ¶ 9.

This Action is one of approximately 200 actions (the "Ignition Switch Actions") filed in, or removed to, federal court since February 2014 that assert factual allegations involving allegedly defective ignition switches, including in Pontiac Grand Am vehicles. The Ignition Switch Actions have been brought in at least 38 federal district courts, including in Alabama, Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, and Texas.

7

On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re: General Motors LLC Ignition Switch Litigation*. Subsequently, on June 9, 2014, the JPML designated the United States District Court for the Southern District of New York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or consolidated proceedings in the Ignition Switch Actions. *In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014), attached as <u>Exhibit A</u>. The JPML transferred an initial group of fifteen actions pending in six federal districts to the Southern District of New York after concluding that it was "undisputed" that cases alleging a defect in the vehicle ignition switch of certain New GM vehicles satisfied the requirements for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. *Id.* at 2.

More than 185 additional Ignition Switch Actions have since been filed in, or transferred to, the MDL Court, including claims to recover both for alleged economic losses and alleged personal injuries. *See generally* MDL No. 2543; *e.g.* ECF Nos. 207, 358, and 424, attached as <u>Exhibit B</u> (*Abney, et al. v. Gen. Motors LLC*, 14-CV-5810 (S.D.N.Y.) (alleging personal injury claims related to Pontiac Grand Am vehicles, among

8

others);   *Klingensmith v. General Motors LLC,* 14-cv-9110 (S.D.N.Y.) (alleging wrongful death and personal injury claims involving a 2000 Pontiac Grand Am and a 2002 Pontiac Grand Am); *Fleck v. Gen. Motors LLC*, 14-08176 (S.D.N.Y.) (involving more than 300 personal injury plaintiffs allegedly involved in accidents in various model vehicles, including the Pontiac Grand Am)).

On April 14, 2015, New GM filed a Notice of Removal to remove this action pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure.  As soon as the docket was created, on April 16, 2015, New GM gave notice to the JPML of this case as a tag-along action pursuant to Panel Rule 7.1.  *See* MDL No. 2543, ECF No. 684, Notice of Tag-Along, attached as Exhibit C.  On March 6, 2015, the JPML issued an Order conditionally transferring the case to the MDL. *See* MDL No. 2543, ECF No. 686, CTO-38, attached as Exhibit D.  Although Plaintiff has filed an objection to CTO-38, the JPML has set a briefing schedule, with briefing to be closed on May 28, 2015, and a decision expected shortly thereafter. *Id.,* ECF No. 692.  Thus, unless the JPML sustains Plaintiff's objection to the CTO, the JPML's forthcoming decision will obviate the need for further proceedings in this Court.

## **ARGUMENT**

This case should be stayed pending a final determination by the JPML whether this case should be consolidated with other Ignition Switch Actions in the Southern District of New York, and thereby eliminate the need for further proceedings here.

A stay will prevent needless waste of time and resources of the parties and this Court. Moreover, it will protect New GM from being required to litigate identical issues in multiple jurisdictions, with the danger of inconsistent rulings. If Plaintiff's case is not transferred and consolidated in the Southern District of New York, Plaintiff will not have suffered any prejudice as a result of the temporary stay requested here.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254-55 (1936). Specifically, "[w]hether to grant a stay of proceedings pending a final ruling of the MDL Panel on the transfer of a case is within the inherent power of the court and is discretionary." *Fox v. Depuy Orthopaedics, Inc.*, No. 3:11-cv-387-crs, 2011 U.S. Dist. LEXIS 140489, *3 (W.D. Ky. Dec. 6, 2011) (collecting cases).

Federal district courts routinely stay cases to allow the JPML to decide
whether a case should be transferred and consolidated pursuant to an MDL
petition. *Id.* at *4 (noting judicial economy is served by a stay pending
transfer if the issues involved in the remand motion are likely to arise in the
cases that have been or will be transferred to the MDL transferee court);
*see also Vermurlen v. Ameriquest Mortg. Co.,* No. 1:06-cv-828, 2007 U.S.
Dist. LEXIS 78181 at * 2-3 (W.D. Mich. Oct. 22, 2007) (finding that "in the
interest of judicial economy and efficiency, it is appropriate to stay this case
until it is determined whether it will be included in the MDL litigation"); *D's
Pet Supplies, Inc. v. Microsoft Corp.,* No. 99-76056, 2000 U.S. Dist. LEXIS
16482 at *3 (E.D. Mich. Feb. 7, 2000) (finding that "the interests of justice
would best be served, and the risk of inconsistent rulings would be
minimized, by staying all proceedings in the above-captioned actions while
the MDL Panel considers the possible transfer of these cases[.]");
*Anderson v. Merck & Co.*, 417 F. Supp. 2d 842, 849 (E.D. Ky. 2006) ("The
reason an MDL is established is to provide for 'the convenience of the
parties and witnesses and . . . promote the just and efficient conduct' of
complex matters").[1]

---

[1] *See also Tenn. ex rel. Cooper v. McGraw-Hill Cos., Inc.,* No. 3:13-00193, 2013

U.S. Dist. LEXIS 59803, *19 (M.D. Tenn. Apr. 25, 2013) (finding stay appropriate because any prejudice to plaintiff would be minimal and far less than potential harm to defendant absent stay; "Further, given the number of cases involved, and the possibility that they may be consolidated, judicial economy is served by the issuance of a stay which is expected to be of a relatively short duration."); *Ellis v. Merck & Co.*, No. 06-1005-T/AN, 2006 U.S. Dist. LEXIS 9639, at *4 (W.D. Tenn. Feb. 19, 2006) (staying case removed on basis of diversity pending MDL transfer as "having the pretrial issues decided in the MDL proceeding will best promote judicial economy and conserve judicial resources"); *Packer v. Power Balance, LLC*, Civ. A. No. 11–802, 2011 U.S. Dist. LEXIS 29767, at *11 (D.N.J. March 22, 2011) ("Stays . . . are common when the issue of transfer is before the JPML."); *Davis v. Merck & Co.*, No. 05-1322-T/An, 2005 U.S. Dist. LEXIS 29379, *3 (W.D. Tenn. Nov. 8, 2005) ("The decision whether to grant a stay is within the inherent power of the Court and is discretionary. Although some courts have opted to rule on pending motions to remand prior to the MDL Panel's decision on transfer, there are many more that have chosen to grant a stay, even if a motion to remand has been filed."); *Egon v. Del-Val Fin. Corp.*, Civ. A. No. 90-4338, 1991 U.S. Dist. LEXIS 1420, at *2-3 (D. N.J. Feb. 1, 1991) (granting stay because it fosters the purpose of the MDL statute to coordinate related litigation); *Maiben v. CSX Transp., Inc.*, No. 09-0125-WS-B, 2009 U.S. Dist. LEXIS 37875, at *3 (S.D. Ala. May 1, 2009) ("[S]taying this action pending transfer by the MDL Panel would promote the interests of efficiency and judicial economy, would mitigate the possibility of inconsistent results between sister courts, and would not prejudice the parties in any respect."); *Thomas v. Ameriquest Mortg. Co.*, No. 07-0652-WS-C, 2007 U.S. Dist. LEXIS 82468, at *3 (S.D. Ala. Nov. 5, 2007) (granting motion to stay and noting that "the interests of promoting judicial efficiency, avoiding inconsistent results between sister courts, and avoiding prejudice to the parties" weighed in favor of allowing the MDL to decide pending motions); *Boudin v. Residential Essentials, LLC*, No. 07-0018-WS-C, 2007 U.S. Dist. LEXIS, at *4-5 (S.D. Ala. Sept. 6, 2007) (declining to rule on motion to dismiss until after JPML decided transfer motion); *see also Gavitt v. Merck & Co., Inc.*, No. 2:08-cv-755-FTM-UA-DNF, 2008 U.S. Dist. LEXIS 88421, at *4 (M.D. Fla. Oct. 20, 2008) (granting stay pending disposition of JPML motion to transfer); *Ayers v. ConAgra Foods, Inc.*, No. H-08-3723, 2009 U.S. Dist. LEXIS, at *3 (S.D. Tex. Apr. 9, 2009) ("The stay of the proceedings in this court furthers the policies of efficiency and consistency of pretrial rulings. This case has been stayed to await the ruling of the MDL Panel."); *Morales v. Merck & Co., Inc.*, No. H-07-0599, 2007 U.S. Dist. LEXIS 14073, at *1 (S.D. Tex. Feb. 28, 2007); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (granting motion to stay pending a decision regarding consolidation); *Gonzalez v. Am. Home Prods. Corp.*, 223 F. Supp. 2d 803, 806 (S.D. Tex. 2002) (granting stay to await ruling of JPML to avoid "duplicating the work of the MDL court"); *La. Stadium & Exposition Dist. v. Fin. Guaranty Ins. Co.*, No. 09-235, 2009 U.S. Dist. LEXIS 35004, at *5-6 (E.D. La. Apr. 2, 2009) (granting stay pending JPML's disposition of motion to transfer and consolidate); *Kennedy v.*

12

In the Ignition Switch Actions, federal courts repeatedly have imposed

stays to permit the JPML to issue its transfer order, either *sua sponte* or

after a contested briefing.  *See, e.g.*, MDL No. 2543, ECF Nos. 3, 4, 35, 36,

38 attached as <u>Exhibit E</u> (*Benton v. Gen. Motors LLC*, No. 14-590,

---

*Novartis Pharm. Corp.*, No. CIV.A. 02-2331, 2002 U.S. Dist. LEXIS 17266, at *4-5 (E.D. La. Sept. 12, 2002) ("[T]he interests of judicial economy will best be served by a temporary stay in these proceedings pending a ruling by the Judicial Panel on Multidistrict Litigation."); *Falgoust v. Microsoft Corp.*, No. CIV.A. 00-0779, 2000 U.S. Dist. LEXIS 5417, at *8 (E.D. La. Apr. 19, 2000) (short stay to allow JPML to consider transfer motion would best promote "the interests of judicial economy"); *Aikins v. Microsoft Corp.*, No. Civ. A. 00-0242, 2000 U.S. Dist. LEXIS 4371, at *4 (E.D. La. Mar. 24, 2000) ("Consistency and economy are both served by resolution of [common] issues by a single court after transfer by the JPML."); *Butler v. McKesson Corp.*, No. C 13-03154 JSW, 2013 U.S. Dist. LEXIS 113524, at *6 (N.D. Cal. Aug. 12, 2013) ("[A] stay will promote judicial economy, uniformity and consistency in decision making."); *McVicar v. Goodman Global, Inc.*, No. SACV 13–1223–DOC, 2013 U.S. Dist. LEXIS 168370, at *4 (C.D. Cal. Nov. 25, 2013) ("[I]n consideration of the fact that the action is still in its nascent stages of development and out of deference to the JPML, the Court finds it prudent to temporarily stay this case pending a decision by the JPML."); *Sanchez v. DePuy Orthopaedics Inc.*, No. 2:11-cv-07867-JHN-SHx, 2011 U.S. Dist. LEXIS 152813, at *2 (C.D. Cal. Nov. 21, 2011) (granting stay pending transfer decision by the JPML); *Sanborn v. Asbestos Corp.*, No. C 08-5260 PJH, 2009 U.S. Dist. LEXIS 7528, at *5 (N.D. Cal. Jan. 27, 2009) (staying proceedings pending a transfer decision by the MDL Panel and holding that prejudice to plaintiffs will be minimal and a stay "will further the aim of judicial efficiency"); *Lyman v. Asbestos Defs.*, No. C 07-4240 SBA, 2007 U.S. Dist. LEXIS 78766, at *8 (N.D. Cal. Oct. 10, 2007) (granting motion to stay because it "will likely preserve judicial resources by preventing a duplication of proceedings before this Court and MDL court"); *Harris v. Merck & Co.*, No. 06-CV-01986-JMRBB, 2006 U.S. Dist. LEXIS 96872, at *4 (S.D. Cal. Dec. 11, 2006) (finding a stay pending a transfer decision by the MDL Panel "particularly appropriate"); *Sanford v. Capital City Rests., Inc.*, No. CIV. 05-0519 WBS JFM, 2006 U.S. Dist. LEXIS 97016, at *3 n.1 (E.D. Cal. Jan. 12, 2006) ("[A] stay would allow the court to postpone decision-making pending other action that will resolve at least some, if not all, of the issues in the case."); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) ("Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case.").

(C.D. Cal. Apr. 16, 2014) (entering stay, finding that "it is virtually certain that the actions asserting class claims on the basis of alleged defects in the ignition switch system in certain General Motors vehicles will be transferred to a single forum for pretrial proceedings"); *Kelley v. Gen. Motors Co.*, No. 14-465, (C.D. Cal. Apr. 16, 2014) (same); *Emerson v. Gen. Motors LLC*, No. 14-21713, (S.D. Fla. May 12, 2014) (same); *Lannon v. Gen. Motors LLC*, No. 14-21933, (S.D. Fla. May 28, 2014); *Maciel v. Gen. Motors LLC*, No. 14-1339, (N.D. Cal. Apr. 22, 2014)).

Courts in Ignition Switch Actions have also granted stays notwithstanding pending remand motions. *See generally* MDL No. 2543, ECF Nos. 8, 24, 35 attached as Exhibit F, (*Sumners v. Gen. Motors LLC, et al.*, No. 1_14-cv-00070, (M.D. Tenn. June 17, 2014) (ordering Clerk to administratively close the action given the pending motion to transfer); *Green v. Gen. Motors LLC*, No. 1:14-cv-0107, (M.D. Tenn. Sept. 2, 2014 (same); *People of the State of California v. Gen. Motors LLC*, No. 8:14-cv-01238, (C.D. Cal. Sept. 19, 2014) (staying "the present action, including specifically Plaintiff's Motion [to] Remand, pending resolution" of the JPML conditional transfer order and the Motion to Enforce in the Bankruptcy Court).

Further, the JPML has twice rejected challenges to cases being transferred to MDL 2543 on the basis of pending remand motions, ruling that "[t]he Panel often has held that jurisdictional issues [*i.e.*, motions to remand] do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge."  *See generally* MDL No. 2543, ECF Nos. 495 and 537, attached as <u>Exhibit G</u> (Transfer Order 495, Oct. 15, 2014; Transfer Order 537, Dec. 12, 2014 ("Plaintiffs do not dispute that their actions share questions of fact with MDL No. 2543, but rather argue that their actions were improperly removed.  The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge.")).

Courts traditionally weigh three factors to determine whether a stay should be granted: (1) the promotion of judicial economy; (2) hardship to the parties if a stay is (or is not) granted; and (3) the duration of the requested stay. *See Bertram v. Fed. Express Corp.*, No. 05-28-C, 2006 U.S. Dist. LEXIS 85065, *3 (W.D. Ky. Nov. 20, 2006); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *Tenn. ex rel. Cooper v. McGraw-Hill Cos., Inc.*, No. 3:13-00193, 2013 U.S. Dist. LEXIS 59803, *16,

15

19 (M.D. Tenn. Apr. 25, 2013). Each of these factors weighs heavily in favor of a stay in this case.

**First**, just as other courts presiding over Ignition Switch actions have already found, a stay will conserve judicial resources and prevent inconsistent adjudications. *See* Exhibit E, *Maciel* Order ("A stay will promote judicial economy, uniformity, and consistency in decision making."); *see* Exhibit F, *California* Order (granting stay "in the interest of judicial economy").[2]

**Second**, New GM faces the risk of wasted resources and needless duplication of effort if a stay is not granted. This case has been brought against New GM based on the same facts and raising many of the same threshold legal issues—as well as mutual questions for discovery and trial—as the other Ignition Switch Actions subject to the JPML Transfer Order. *See Fox*, 2011 U.S. Dist. LEXIS 140489, *5 ("[I]t would unnecessarily duplicate work and potentially lead to inconsistent results if this Court were to rule on Plaintiffs' motion to remand before the MDL

---

[2] In three other cases, courts in Ignition Switch Actions have proceeded to decide remand, notwithstanding the substantial weight of authority to the contrary. *Witherspoon v. Gen. Motors LLC and Gen. Motors Co.*, No. 4:14-cv-00425-HFS (W.D. Mo. June 09, 2014, ECF No. 15); *Melton v. Gen. Motors LLC et al.,* No. 1:14-cv-1815-TWT (N.D. Ga. July 18, 2014, ECF No. 45), and *Stevens et al. v. Gen. Motors LLC et al.,* No. 4:15-cv-00628 (S.D. Tex. April 22, 2015, ECF No. 26).

16

Panel's final decision."); *see also Jones v. Bristol-Myers Squibb Co.*, No. C 13-2415 PJH, 2013 U.S. Dist. LEXIS 94933, *9 (N.D. Cal. July 8, 2013) (citing *Blalock v. DePuy Orthopaedics, Inc.*, No. C 11-4746 SBA, 2011 U.S. Dist. LEXIS 143717, at *2 (N.D. Cal. Dec. 14, 2011) (The "potential burden of engaging in duplicative litigation weighs heavily in favor of staying . . . proceedings pending MDL transfer.")).[3]  The stay requested would alleviate the risk to New GM of being subjected to multiple pleading and discovery requirements and potentially conflicting or inconsistent rulings on pretrial matters.  *See Fox*, 2011 U.S. Dist. LEXIS 140489, *5.  Moreover, after prior cases have been transferred to MDL 2543, Judge Furman has acted promptly to decide pending remand motions.  *See e.g.,* MDL No. 2543, ECF Nos. 307 (denying motion to remand in case transferred to the MDL) and 431 (granting motion to remand in case transferred to the MDL) attached as Exhibit H.

**Third**, the stay requested is of short duration, no longer than is needed for the JPML—which already has conditionally transferred this case

---

[3]    *See also Nielsen v. Merck & Co.*, No. C07-0076, 2007 U.S. Dist. LEXIS 21250, at *6 (N.D. Cal. Mar. 15, 2007) ("absent a stay, [defendant] would suffer prejudice from being forced to litigate the same jurisdictional issues in multiple forums"); *Arnold v. Bristol–Meyers Squibb Co.*, No. 12–6426, 2013 U.S. Dist. LEXIS 48540, at *4 (N.D. Cal. Apr. 3, 2013); *Arenberg v. Bristol–Meyers Co.*, No 12–6207, 2013 U.S. Dist. LEXIS 57458, at *6 (N.D. Cal. Apr. 22, 2013).

17

in CTO-38—to finalize its transfer determination. *See, e.g., Tenn. ex rel. Cooper*, 2013 U.S. Dist. LEXIS 59803, *19 ("judicial economy is served by the issuance of a stay which is expected to be of a relatively short duration."). This action is in its infancy. There is no basis to suggest that evidence, witnesses, or documents would be lost during a short stay. *See, e.g., Franklin v. Prospect Mortg., LLC*, No. 2:13-CV-00790 JAM-AC, 2013 U.S. Dist. LEXIS 172894, at *6 (E.D. Cal. Dec. 9, 2013) (granting stay and finding no prejudice to plaintiffs where, among other things, "there has not been a significant amount of activity in this case"); *McVicar v. Goodman Global Inc.*, No. SACV 13-1223-DOC (RNBx), 2013 U.S. Dist. LEXIS 168370, at *4 (C.D. Cal. Nov. 25, 2013) (granting stay where "the action is still in its nascent stages of development"). Moreover, any purported prejudice from a brief stay is more than offset by the obvious benefits of centralized and coordinated discovery and pretrial proceedings. *Tenn. ex rel. Cooper*, 2013 U.S. Dist. LEXIS 59803, *16-17 ("in fact, there may be some economy of scale in the various Attorneys General [plaintiffs in related actions] consolidating and coordinating their efforts before the JPMDL." (citation omitted); *Rivers*, 980 F. Supp. at 1362, n.5 ("[E]ven if a temporary stay could be characterized as a delay that would be prejudicial .

18

. . there are still considerations of judicial economy that outweigh any prejudice.").

Plaintiff's Motion to Remand does nothing to alter this analysis. As set forth above, courts presiding over other Ignition Switch Actions have stayed those actions despite pending remand motions. *See* Exhibit F, *California* Order ("the present Motion to Remand raises issues that are likely to be common to the other cases in the GM MDL"); *Green* Order (administratively closing action despite pending motion for remand); *Sumners* Order (same). Likewise, the JPML has held that "jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge." *See generally* MDL 2543, ECF Nos. 495 and 537, attached as Exhibit G; *see also Fox*, 2011 U.S. Dist. LEXIS 140489, *5 ("Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course.").

Indeed, "[a]n immediate stay will permit the most efficient possible use of the courts' and the parties' resources, and it will eliminate the danger that a decision on this remand motion might be inconsistent with decisions by other courts on similar questions." *Nekritz v. Canary Capital Partners,*

19

*LLC,* Civ. A. No. 03–5081, 2004 U.S. Dist. LEXIS 12473, at *5 (D.N.J. Jan. 12, 2004) (citing *In re Ivy,* 901 F.2d 7 (2d Cir. 1990) ("Plaintiff apparently concedes, correctly, that the Court has the power to consider [the defendant's] motion for a stay without first determining conclusively that removal was proper and that it has jurisdiction over the merits of the case."); *In re Facebook, Inc., IPO Securities and Derivative Litig.,* 899 F. Supp. 2d 1374, 1376 (J.P.M.L. 2012) ("Plaintiffs in the removed derivative actions can present their pending motions for remand to state court to the transferee court.") (citations omitted); *In re New Eng. Mut. Life Ins. Co. Sales Practices Litig.,* 324 F. Supp. 2d 288, 291–92 (D. Mass. 2004) ("The [JPML] has concluded repeatedly that pending motions to remand MDL-transferred actions to their respective state courts can be presented to and decided by the transferee judge."); *In re Western States Wholesale Natural Gas Antitrust Litig.,* 290 F. Supp. 2d 1376, 1378 (J.P.M.L. 2003) ("Plaintiffs in the actions to be centralized have suggested that a decision in their favor on pending motions to remand to state court may obviate the need for transfer. We note, however, that such motions can be presented to and decided by the transferee judge."); *In re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig.,*

12176895v1

229 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002) ("We note that any pending motions to remand these actions to their respective state courts can be presented to and decided by the transferee judge.").

The interest in avoiding inconsistent judicial decisions is especially strong in this action, where Plaintiff's proposed basis for remanding this action to state court directly conflicts with two orders of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in its enforcement and application of the Sale Order and Injunction. *See* New GM's Response in Opposition to Plaintiff's Motion for Remand, ECF No. 10 at 12-15 (regarding the Bankruptcy Court's Decision on New GM's Motion to Enforce Section 363 Order With Respect to Product Liability Claim of Estate of Beverly Deutsch, *In re Motors Liquidation Co.*, 447 B.R. 142 (Bankr. S.D.N.Y. 2011)); ECF No. 10 at 15-19 (regarding the Bankruptcy Court's Decision on Motion to Enforce Sale Order, *In re Motors Liquidation Co.*, No. 09-50026 (REG), 2015 Bankr. LEXIS 1296 (Bankr. S.D.N.Y. Apr. 15, 2015)).   The requested temporary stay will avert the issuance of inconsistent rulings on these and other issues and thereby will further the interest of judicial economy and consistency.

21

New GM has informed the Bankruptcy Court of this action and has
filed a motion to enforce the Bankruptcy Court's Sale Order and Injunction
with respect to lawsuits, like this one, alleging purported liability against
New GM arising from pre-Closing-Date accidents.[4]    New GM expects the
Bankruptcy Court to take up that motion promptly, as it already has done
with respect to a pending motion to enforce the Sale Order and Injunction
regarding economic loss claims arising from the purportedly defective
ignition switch manufactured by General Motors Corporation ("Old GM").[5]

Finally, when considering whether to decide the motion to remand
before the motion to stay, the court found that, "when the jurisdictional
issues are purely legal in nature and when the issues are virtually identical
to those present in other cases, district courts should defer to the possibility
of consolidation and determination by one judicial body to promote judicial
economy and to avoid inconsistent judgments."  *Tenn. ex rel. Cooper*, 2013
U.S. Dist. LEXIS 59803, *14-15.

---

[4] *See* Notice of Filing of Fifth Supplement to the Chart of Pre-Closing Accident Lawsuits
Set Forth in the Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to
Enforce the Court's July 5, 2009 Sale Order and Injunction Against Plaintiffs in Pre-
Closing Accident Lawsuits, *In re Motors Liquidation Co.,* No. 09-50026 (REG), ECF No.
13108 (Bankr. S.D.N.Y. Apr. 15, 2015).

[5] *See* Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce
the Court's July 5, 2009 Sale Order and Injunction, *In re Motors Liquidation Co.* No. 09-
50026 (REG), ECF No. 12620 (Bankr. S.D.N.Y. Apr. 21, 2014).

12176895v1

## <u>CONCLUSION</u>

For all of the foregoing reasons, General Motors LLC respectfully

moves for an order temporarily staying proceedings in this action until the

JPML decides whether this action should be consolidated with other related

actions transferred by the JPML to the Southern District of New York for

coordinated or consolidated proceedings pursuant to 28 U.S.C. § 1407.

Respectfully submitted,

Bowman and Brooke LLP

By:  /s/ Thomas P. Branigan
     Thomas P. Branigan (P41774)
     Elizabeth A. Favaro (P69610)
     Attorneys for Defendant
     41000 Woodward Avenue
     Suite 200 East
     Bloomfield Hills, MI  48304
     248.205.3300 ph / 248.205.3399 fx
     tom.branigan@bowmanandbrooke.com
     elizabeth.favaro@bowmanandbrooke.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 26, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> Victor J. Mastromarco, Jr. (P35464)
> Russell C. Babcock (P57662)
> The Mastromarco Firm
> Attorneys for Plaintiff
> 1024 N. Michigan Avenue
> Saginaw, MI  48602
> 989.752.1414 / 989.752.6202 fx
> Vmastromar@aol.com
> russellbabcock@aol.com

> Bowman and Brooke LLP

> By:   /s/ Thomas P. Branigan
> Thomas P. Branigan (P41774)
> Elizabeth A. Favaro (P69610)
> Attorneys for Defendant
> 41000 Woodward Avenue
> Suite 200 East
> Bloomfield Hills, MI  48304
> 248.205.3300 ph / 248.205.3399 fx
> tom.branigan@bowmanandbrooke.com
> elizabeth.favaro@bowmanandbrooke.com

12176895v1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BENJAMIN W. PILLARS, as
Personal Representative for the
Estate of KATHLEEN ANN PILLARS,
Deceased,

Honorable Thomas J. Ludington

     Plaintiff,          Case:  1:15-cv-11360-TLL-PTM

v.

GENERAL MOTORS LLC,

     Defendant.

## DEFENDANT GENERAL MOTORS LLC'S MOTION TO STAY

### <u>INDEX OF EXHIBITS</u>

A.  Transfer Order

B.  MDL ECF 207, 358, 424

C.  Notice of Tag Along Action

D.  Conditional Transfer Order

E.  Stay Orders

F.  Sumners Order, Green Order, People Order

G.  Transfer Orders

H.  Memorandum Opinion and Order

# EXHIBIT A

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: GENERAL MOTORS LLC**
**IGNITION SWITCH LITIGATION**                                      MDL No. 2543

## TRANSFER ORDER

    **Before the entire Panel:**[*]  In two separate motions, plaintiffs in two actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California.  This litigation currently consists of fifteen actions pending in six districts as listed on Schedule A.[1]

    All parties agree that centralization is warranted, but disagree about the most appropriate transferee district.  Plaintiffs in more than 40 actions and potential tag-along actions have responded to the motions, and they variously argue in support of centralization[2] in the Central District of California, the Northern District of California, the Southern District of Florida, the Northern District of Illinois, the Southern District of Indiana, the Middle District of Louisiana, the Eastern District of Louisiana, the District of Massachusetts, the Eastern District of Michigan, the Eastern District of New York, the Southern District of New York, the Northern District of Ohio, the Western District of Oklahoma, the Eastern District of Pennsylvania, the Middle District of Pennsylvania, and the Southern District of Texas.  Defendants General Motors LLC (General Motors) and Delphi Automotive PLC (Delphi) support centralization in the Southern District New York or, alternatively, the Eastern District of Michigan.

    Each of the actions currently before the Panel asserts economic damages on behalf of certain classes and/or individuals stemming from an alleged defect in certain General Motors vehicles that causes the vehicle's ignition switch to move unintentionally from the "run" position to the "accessory" or "off" position, resulting in a loss of power, vehicle speed control, and braking, as well as a failure

---

    [*]  Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

    [1]  The Panel has been notified of 74 related actions pending in 31 district courts.  These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1 and 7.2.

    [2]  Plaintiff in one Western District of Missouri potential tag-along action responded requesting that transfer of her case be stayed pending resolution of a pending motion to remand.  That action is not yet before the Panel, as it was not included in the initial Section 1407 motion for centralization. Plaintiff's arguments will be heard if and when the action is placed on a conditional transfer order.

-2-

of the vehicle's airbags to deploy.[3]  It is undisputed that the cases involve common questions of fact. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The parties have suggested a number of able transferee districts and judges.  We have settled upon the Southern District of New York as the most appropriate choice.  The Southern District of New York is the site of the bankruptcies of both General Motors and Delphi.  The Southern District of New York Bankruptcy Court already has been called upon by both General Motors and certain plaintiffs to determine whether the 2009 General Motors bankruptcy Sale Order prohibits plaintiffs' ignition switch defect lawsuits.  Several judges in this district, including Judge Jesse M. Furman, have heard appeals related to General Motors' bankruptcy and, therefore, have some familiarity with the common defendant and its prior bankruptcy proceedings.  Judge Furman is an experienced transferee judge with the ability to handle these complex proceedings expeditiously.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jesse M. Furman for coordinated or consolidated pretrial proceedings in that district.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Sarah S. Vance
Ellen Segal Huvelle          R. David Proctor

---

[3]  At oral argument, various counsel represented that a number of personal injury actions also have been or may be soon filed that stem from the alleged ignition switch defect.  The Panel has been notified of at least two potentially-related actions that allege personal injury or wrongful death claims. Since those actions are not before us now, we will not determine at this time whether their inclusion in centralized proceedings with the economic loss actions is appropriate.  Any arguments regarding the inclusion of personal injury actions in centralized proceedings will be considered if and when the actions are placed on a conditional transfer order.

**IN RE: GENERAL MOTORS LLC**
**IGNITION SWITCH LITIGATION**                                    MDL No. 2543

## SCHEDULE A

Central District of California

MARTIN PONCE v. GENERAL MOTORS LLC, ET AL., C.A. No. 2:14-02161
ESPERANZA RAMIREZ, ET AL. v. GENERAL MOTORS LLC, ET AL.,
        C.A. No. 2:14-02344
DANIEL RATZLAFF, ET AL. v. GENERAL MOTORS LLC, C.A. No. 2:14-02424
SYLVIA BENTON v. GENERAL MOTORS LLC, C.A. No. 5:14-00590
KATIE MICHELLE MCCONNELL v. GENERAL MOTORS LLC, C.A. No. 8:14-00424
DEVORA KELLEY v. GENERAL MOTORS COMPANY, C.A. No. 8:14-00465
TELESO SATELE, ET AL. v. GENERAL MOTORS LLC, C.A. No. 8:14-00485
NICOLE HEULER v. GENERAL MOTORS LLC, C.A. No. 8:14-00492

Northern District of California

MACIEL, ET AL. v. GENERAL MOTORS, LLC, C.A. No. 4:14-01339

Northern District of Illinois

WOODWARD v. GENERAL MOTORS LLC, ET AL., C.A. No. 1:14-01877

Eastern District of Michigan

JAWAD v. GENERAL MOTORS LLC, C.A. No. 4:14-11151
JONES v. GENERAL MOTORS LLC, C.A. No. 4:14-11197

Middle District of Pennsylvania

SHOLLENBERGER v. GENERAL MOTORS, LLC, C.A. No. 1:14-00582

Southern District of Texas

BRANDT, ET AL. v. GENERAL MOTORS, LLC, C.A. No. 2:14-00079
SILVAS, ET AL. v. GENERAL MOTORS, LLC, C.A. No. 2:14-00089

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/07/2014
```

------------------------------------------------------------------------- X
                                                    :
IN RE:                                              :
                                                    :
GENERAL MOTORS LLC IGNITION SWITCH LITIGATION       :          14-MD-2543 (JMF)
                                                    :
------------------------------------------------------------------ :
                                                    :
BOB ABNEY et al.,                                   :
                                                    :
                                    Plaintiffs,     :          14-CV-5810 (JMF)
                                                    :
              -v-                                   :
                                                    :
GENERAL MOTORS, LLC,                                :          MDL CONSOLIDATED
                                                    :               ORDER
                                    Defendant.      :
                                                    :
------------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

        Pursuant to the June 12, 2014 Order of the Judicial Panel on Multidistrict Litigation

(JPML), *In re: General Motors Ignition Switch Litigation*, 14-MD-2543, has been assigned to

this Court for coordinated or consolidated pretrial proceedings.  (14-MD-2543, Docket No. 1).

As this case, *Abney v. General Motors, LLC*, 14-CV-5810, appears to be within the scope of that

Multidistrict Litigation, it is hereby ORDERED that it is transferred to 14-MD-2543 for

coordinated or consolidated pretrial proceedings.

        The Clerk of Court is directed to docket this Order in the above-captioned cases.


        SO ORDERED.

Date:   August 7, 2014
        New York, New York                    _____
                                              JESSE M. FURMAN
                                              United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

:

IN RE:                                                                    :

:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION        :            14-MD-2543 (JMF)

:

------------------------------------------------------------------------ :

:

JOSEPH FLECK et al.,                                                      :

:

                              Plaintiffs,                                 :            14-CV-8176 (JMF)

:

              -v-                                                         :

:

GENERAL MOTORS, LLC,                                                      :            MDL CONSOLIDATED

:                ORDER

                              Defendant.                                  :

:

------------------------------------------------------------------------ X

JESSE M. FURMAN, United States District Judge:

        Pursuant to the June 12, 2014 Order of the Judicial Panel on Multidistrict Litigation
(JPML), *In re: General Motors Ignition Switch Litigation*, 14-MD-2543, has been assigned to
this Court for coordinated or consolidated pretrial proceedings.  (14-MD-2543, Docket No. 1).
As this case, *Fleck v. General Motors, LLC*, 14-CV-8176, has been directly filed in this district
and, based on the Court's review, appears to be within the scope of the multidistrict litigation
("MDL"), it is hereby ORDERED that it is transferred to 14-MD-2543 for coordinated or
consolidated pretrial proceedings, subject to the process for objections set forth in Section II of
Order No. 8.  (14-MD-2543, Docket No. 249, at 4).

        The Clerk of Court is directed to docket this Order in the above-captioned cases.

        SO ORDERED.

Date:   October 20, 2014
        New York, New York

                                                  _____
                                                  JESSE M. FURMAN
                                                  United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: *10/20/2014*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- X

IN RE:                                                              :
                                                                    :
GENERAL MOTORS LLC IGNITION SWITCH LITIGATION        :            14-MD-2543 (JMF)
                                                                    :
------------------------------------------------------------------------- :
                                                                    :
BRITTANY KLINGENSMITH, et al.,                          :
                                                                    :
                              Plaintiffs,                :            14-CV-9110 (JMF)
                                                                    :
              -v-                                        :
                                                                    :
GENERAL MOTORS, LLC,                                    :            MDL CONSOLIDATED
                                                                    :                 ORDER
                      Defendant.                        :
                                                                    :
------------------------------------------------------------------------------- X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 11/20/2014

JESSE M. FURMAN, United States District Judge:

Pursuant to the June 12, 2014 Order of the Judicial Panel on Multidistrict Litigation
(JPML), *In re: General Motors Ignition Switch Litigation*, 14-MD-2543, has been assigned to
this Court for coordinated or consolidated pretrial proceedings.  (14-MD-2543, Docket No. 1).
As this case, *Klingensmith v. General Motors LLC*, 14-CV-9110, has been directly filed in this
district and, based on the Court's review, appears to be within the scope of the multidistrict
litigation ("MDL"), it is hereby ORDERED that it is transferred to 14-MD-2543 for coordinated
or consolidated pretrial proceedings, subject to the process for objections set forth in Section II
of Order No. 8.  (14-MD-2543, Docket No. 249, at 4).

The Clerk of Court is directed to docket this Order in the above-captioned case.

SO ORDERED.

Date:   November 20, 2014
        New York, New York

                                                    _____
                                                            JESSE M. FURMAN
                                                       United States District Judge

1:15-cv-11360-TLL-PTM    Doc # 9-11    Filed 05/26/15    Pg 1 of 43    Pg ID 468

# EXHIBIT C

### BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE GENERAL MOTORS LLC IGNITION SWITCH LITIGATION | MDL No. 2543 |

### <u>NOTICE OF TAG-ALONG ACTION</u>

Pursuant to Rule 7.1(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (the "Panel"), defendant General Motors LLC hereby notifies the clerk of the Panel of the tag-along action listed on Schedule A and states as follows.

1.    On June 9, 2014, the Panel issued a transfer order creating Multidistrict Litigation ("MDL") 2543, *In re General Motors LLC Ignition Switch Litigation.*

2.    An additional related action is now pending in the United States District Court for the Eastern District of Michigan:  *Pillars v. General Motors LLC*, No. 1:15-cv-11360 (E.D. Mich. Apr. 14, 2015).  *Pillars* is a wrongful death action alleging a purported ignition switch defect caused a November 23, 2005 accident involving a 2004 Pontiac Grand Am. (*See Pillars* Compl. ¶¶ 4–7.)  Specifically, plaintiff alleges that a "defective ignition switch in her vehicle went to the off position while the vehicle was being used" and causing her to lose control.  (*Id.* ¶ 7.)[1]  As such, *Pillars* will involve a significant part of the same discovery and pretrial proceedings as cases currently consolidated in MDL No. 2543 and satisfies the requirements of 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings.

3.    The additional related action is listed on Schedule A of this Notice.

---

[1]    The model and model-year vehicle at issue in *Pillars*—the 2004 Pontiac Grand Am—is already at issue in the MDL.  (*See, e.g.*, Compl. ¶¶ 16–18, *Edwards v. Gen. Motors LLC*, No. 1:14-cv-06924 (S.D.N.Y. Aug. 25, 2014) (transferred 9/2/2014, MDL ECF No. 278) (personal injury and wrongful death action listing the 2004 Pontiac Grand Am among "Defective Vehicles"); Pre-Sale Consol. Compl. Concerning All GM-Branded Vehicles Manufactured by Old GM and Purchased Before July 11, 2009 ¶ 828, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 1:14-md-02543 (S.D.N.Y. Oct. 14, 2014) (MDL ECF No. 347-2) (listing the 2004 Pontiac Grand Am among "Defective Vehicles" for the putative nationwide class); Post-Sale Consol. Compl. Concerning All GM-Branded Vehicles Acquired July 11, 2009 or Later ¶¶ 367–75, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 1:14-md-02543 (S.D.N.Y. Oct. 14, 2014) (MDL ECF No. 345) (alleging ignition switch defects in the 2004 Pontiac Grand Am and other vehicles and describing related recalls).)

DATED:  April 16, 2015

Respectfully submitted,

KIRKLAND & ELLIS LLP

By:  /s/ Andrew B. Bloomer, P.C.
Andrew B. Bloomer, P.C.
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL  60654
Phone:  312-862-2000
Fax:  312-862-2200
Email:  andrew.bloomer@kirkland.com

*Attorney for Defendant General Motors LLC*

**SCHEDULE A - Notice of Tag-Along Action**

*In re General Motors LLC Ignition Switch Litigation*, MDL No. 2543

| NO. | CASE NAME | CASE NO. | COURT | JUDGE |
|---|---|---|---|---|
| 1 | *Benjamin W. Pillars, as Personal Representative of the Estate of Kathleen Ann Pillars, Deceased v. General Motors LLC* | 1:15-cv-11360 | E.D. Mich. | Hon. Thomas L. Ludington |

## BEFORE THE UNITED STATES JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

IN RE GENERAL MOTORS LLC                MDL No. 2543
IGNITION SWITCH LITIGATION

### PROOF OF SERVICE

      In accordance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, the undersigned hereby certifies that a true and correct copy of the foregoing Notice of Tag-Along Action was served on all CM/ECF registered users on the 16th day of April 2015 and by First Class Mail on the following, who has not registered with CM/ECF.

***Pillars v. Gen. Motors LLC*, No. 1:15-cv-11360 (E. D. Mich.)**

Victor J. Mastromarco, Jr.
THE MASTROMARCO FIRM
1024 N. Michigan Ave.
Saginaw, MI 48602

*Attorney for the Plaintiff*

                        /s/ Andrew B. Bloomer, P.C.
                        Andrew B. Bloomer, P.C.
                        Kirkland & Ellis LLP
                        300 N. LaSalle
                        Chicago, IL 60654-3406
                        Phone: 312-862-2000
                        Fax: 312-862-2200
                        Email: andrew.bloomer@kirkland.com

                        *Attorney for Defendant General Motors LLC*

## UNTED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

| | | |
|---|---|---|
| BENJAMIN W. PILLARS, | § | |
| as Personal Representative of the Estate of | § | |
| KATHLEEN ANN PILLARS, deceased, | § | CIVIL ACTION NO. |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| GENERAL MOTORS LLC, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant General Motors LLC ("New GM") removes this action from the Circuit Court of

Bay County, Michigan to the United States District Court for the Eastern District of Michigan,

Northern Division, pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of

Bankruptcy Procedure ("Bankruptcy Rules"), based on the following facts:

### BACKGROUND

1.      On March 24, 2015, New GM was served with a Summons and Complaint (the

"Complaint") in an action styled *Benjamin W. Pillars, as Personal Representative of the Estate of*

*Kathleen Ann Pillars, deceased, v. General Motors LLC,* Case No. 15-3159, filed March 23, 2015, in

the Circuit Court for Bay County, Michigan (the "Action").

2.      The Complaint alleges claims arising out of a motor vehicle accident that allegedly

occurred on November 23, 2005, when Kathleen Ann Pillars ("Pillars") was operating a 2004

Pontiac Grand Am.  Compl. ¶ 4.  The Complaint alleges that Pillars "lost control of her vehicle when

the defective ignition switch in her vehicle went to the off position[.]"  *Id. ¶* 7.  The Complaint

further contends that Pillars sustained incapacitating injuries that eventually led to her death. *Id.* ¶ 9.

1

3.      Plaintiff Benjamin W. Pillars ("Plaintiff") brings this Action as Personal Representative of the Estate of Kathleen Ann Pillars. *Id.* ¶ 10. Plaintiff seeks recovery under theories of (1) products liability; (2) negligence; (3) Michigan Consumer Protection Act; (4) misrepresentation; (5) breach of contract, (6) promissory estoppel; (7) fraud; (8) fraudulent concealment; and (9) gross negligence. *Id.* ¶¶ 13-87.

4.      This Action is one of more than 185 actions (the "Ignition Switch Actions") filed in, or removed to, federal court since February 2014 that assert factual allegations involving defective ignition switches, including in Pontiac Grand Am vehicles. The Ignition Switch Actions have been brought in at least 38 federal district courts, including in Alabama, Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, and Texas.

5.      On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re: General Motors LLC Ignition Switch Litigation*. Subsequently, on June 9, 2014, the JPML designated the United States District Court for the Southern District of New York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or consolidated proceedings in the Ignition Switch Actions. *In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014), attached as <u>Exhibit A</u>. The JPML transferred an initial group of fifteen actions pending in six federal districts to the Southern District of New York after concluding that it was "undisputed" that cases alleging a defect in the vehicle ignition switch of certain New GM vehicles satisfied the requirements for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. *Id.* at 2.

2

11877765v1

6.      More than 170 additional Ignition Switch Actions have since been filed in, or transferred to, the MDL Court, including claims to recover both for alleged economic losses and alleged personal injuries.  *See generally* MDL No. 2543; *e.g.* ECF Nos. 207, 358, and 424, attached as Exhibit B (*Abney, et al. v. Gen. Motors LLC*, 14-CV-5810 (S.D.N.Y.) (alleging personal injury claims related to Pontiac Grand Am vehicles, among others); *Klingensmith v. General Motors LLC,* 14-cv-9110 (S.D.N.Y.) (alleging wrongful death and personal injury claims involving a 2000 Pontiac Grand Am and a 2002 Pontiac Grand Am); *Fleck v. Gen. Motors LLC*, 14-08176 (S.D.N.Y.) (involving more than 300 personal injury plaintiffs allegedly involved in accidents in various model vehicles, including the Pontiac Grand Am)).

7.      As soon as the Clerk assigns this case a docket number, New GM will notify the JPML that this case is a tag-along action pursuant to Panel Rule 7.1.  Because the ignition switch allegations in this case share "one or more common questions of fact" with the other Ignition Switch Actions, this case is appropriate for MDL transfer and consolidation with the other Ignition Switch Actions pending in the Southern District of New York.  *See* 28 U.S.C. § 1407(a).

## BASIS FOR REMOVAL

8.      On June 1, 2009, Motors Liquidation Company, f/k/a General Motors Corporation ("Old GM") filed a petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court").

9.      On July 5, 2009, the New York Bankruptcy Court issued an order ("Sale Order and Injunction") approving the sale ("363 Sale") of substantially all of Old GM's assets to the Purchaser, defined as "NGMCO, Inc., a Delaware corporation and successor-in-interest to Vehicle Acquisition Holdings LLC, a Delaware limited liability company."  The sale of assets was free and clear of all liens, claims, and encumbrances, except for certain limited exceptions not applicable here. *See* Sale

Order and Injunction attached as <u>Exhibit C,</u> ¶ 7.  The 363 Sale was consummated on July 10, 2009.

Ultimately, New GM was transferred Old GM's assets and also assumed certain limited liabilities, as

outlined in the Sale Order and Injunction and Amended and Restated Master Sale and Purchase

Agreement ("Sale Agreement").

10.    The Sale Order and Injunction is a final order and no longer subject to any appeal.

11.    Under the terms of the Sale Order and Injunction, and the Sale Agreement that it

approved, all liabilities relating to vehicles and parts sold by Old GM (subject to limited exceptions

not applicable here) were legacy liabilities retained by Old GM.  *See* <u>Exhibit C,</u> ¶¶ 44-45; *see also In*

*re Gen. Motors Corp.*, 407 B.R. 463, 481 (Bankr. S.D.N.Y. 2009), *aff'd sub nom., In re Motors*

*Liquidation Co.*, 428 B.R. 43 (S.D.N.Y. 2010), and 430 B.R. 65 (S.D.N.Y. 2010).  The Bankruptcy

Court's Sale Order and Injunction explicitly provides that New GM would have no responsibility for

any liabilities (except for Assumed Liabilities[1]) relating to the operation of Old GM's business, or

the production of vehicles and parts before July 10, 2009.  *See* <u>Exhibit C,</u> ¶¶ 46, 9 & 8.  This

limitation includes, in particular, "all Product Liabilities arising in whole or in part from any

accidents, incidents or other occurrences that happen prior to the Closing Date [July 10, 2009]."  Sale

Agreement § 2.3(b)(ix).  The Order also enjoins "[a]ll persons and entities . . . holding claims against

[Old GM] or the Purchased Assets arising under or out of, in connection with, or in any way relating

to [Old GM], the Purchased Assets, the operation of the Purchased Assets prior to the Closing [July

---

[1] GM LLC admits it ultimately assumed a narrow band of certain liabilities, including the following as provided
in Section 2.3(a)(ix) of the Sale Order and/or the Amended and Restated Master Sale and Purchase Agreement:

all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to
property caused by motor vehicles designed for operation on public roadways or by the component
parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively,
"Product Liabilities"), which arise directly out of accidents, incidents or other distinct and discreet
occurrences that happen on or after the Closing Date [July 10, 2009] and arise from such motor
vehicles' operation or performance . . . .

4

10, 2009]. . . from asserting [such claims] against [New GM]. . . ." *See* <u>Exhibit C</u> ¶ 8.  This injunction expressly applies to rights or claims "based on any successor or transferee liability." *Id.* ¶ 46.

12.     The New York Bankruptcy Court reserved exclusive and continuing jurisdiction to enforce its injunction and to address and resolve all controversies concerning the interpretation and enforcement of the Sale Order and Injunction.  *Id.* ¶ 71.  Old GM's bankruptcy case is still pending in the New York Bankruptcy Court, and that Court has previously exercised its exclusive and continuing jurisdiction to enforce the Sale Order and Injunction to actions filed against New GM, including cases based on alleged defects in Old GM vehicles.  *See Trusky v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 12-09803, 2013 Bankr. LEXIS 620 (Bankr. S.D.N.Y. Feb. 19, 2013); *Castillo v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 09-00509, 2012 Bankr. LEXIS 1688 (Bankr. S.D.N.Y. Apr. 17, 2012), *aff'd*, 500 B.R. 333 (S.D.N.Y. 2013); *see also In re Motors Liquidation Co.*, 2011 WL 6119664 (Bankr. S.D.N.Y. 2010).

13.     Under 28 U.S.C. §§ 157(b) and 1334(b), the New York Bankruptcy Court had core jurisdiction to approve the 363 Sale and enter the Sale Order and Injunction.  Thus, this Action and any dispute concerning the Sale Order and Injunction, and the Sale Agreement, are subject to the core jurisdiction of the New York Bankruptcy Court.  *See In re Hereford Biofuels, L.P.,* 466 B.R. 841, 844 (Bankr. N.D. Tex. 2012) (post-confirmation dispute regarding interpretation and enforcement of a sale order was a core proceeding); *Luan Investment S.E. v. Franklin 145 Corp.*, 304 F.3d 223, 229-30 (2d Cir. 2002) (disputes concerning Bankruptcy Court's sale order fall within "core" jurisdiction); *In re Eveleth Mines*, *LLC*, 312 B.R. 634, 644-45 and n.14 (Bankr. D. Minn. 2004) ("A purchaser that relies on the terms of a bankruptcy court's order, and whose title and rights are given life by that order, should have a forum in the issuing court.").

11877765v1

14.     On August 1, 2014, New GM filed a "Motion to Enforce the Sale Order and Injunction Against Plaintiffs in Pre-Closing Accident Lawsuits" ("Pre-Closing Accident Motion to Enforce"), requesting that the New York Bankruptcy Court enforce the injunction contained in the Sale Order and Injunction against plaintiffs who were involved in accidents that pre-date the closing of the 363 Sale, and who are asserting liabilities not assumed by New GM from Old GM. Specifically, because Plaintiff's claims are based on a vehicle and parts manufactured by Old GM, and a motor vehicle accident predating the closing of the 363 Sale, the Amended Complaint necessarily requires judicial construction and/or interpretation of the Sale Order and Injunction. The Complaint, therefore, is subject to the Sale Order and Injunction. Accordingly, immediately upon removal, New GM will identify this case on a supplemental schedule in the New York Bankruptcy Court as being subject to the Pre-Closing Accident Motion to Enforce.

15.     As such, the Action implicates the New York Bankruptcy Court's core and exclusive jurisdiction, and is therefore removable to this Court under 28 U.S.C. §§ 1452(a) and Bankruptcy Rule 9027.

## REMOVAL IS TIMELY

16.     This Notice of Removal is timely because it is being filed within 30 days after New GM was served with the Summons and Complaint. 28 U.S.C. § 1446(b). Plaintiff filed suit on March 23, 2015, and New GM was served with the Summons and Complaint on March 24, 2015. *See* Exhibit D.

## VENUE

17.     The United States District Court for the Eastern District of Michigan, Northern Division, is the United States district and division embracing the Circuit Court for Bay County,

Michigan, where this action was filed and is pending.  *See* 28 U.S.C. § 89(b).  Therefore, venue of this removed action is proper in this Court.

## CONSENT

18.    New GM is the only defendant named in the underlying suit.  Consent is therefore not necessary to remove this Action.

## NOTICE TO THE STATE COURT

19.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the Circuit Court for Bay County, Michigan, where this case was originally filed.

## STATE COURT FILINGS

20.    New GM files as Exhibit D copies of all process served upon it in this action as a part of this Notice, such being the Summons and Complaint.

WHEREFORE, Defendant General Motors LLC respectfully requests that this action in the Circuit Court for Bay County, Michigan be removed to this Court, and that no further proceedings be had in the Michigan state court.

11877765v1

Respectfully submitted,

/s/ Thomas P. Branigan
Thomas P. Branigan (P41774)
BOWMAN AND BROOKE LLP
41000 Woodward Ave., Ste. 200 East
Bloomfield Hills, Michigan 48304
248.205.3300 / 248.205.3399 Fax
thomas.branigan@bowmanandbrooke.com

Attorney for General Motors LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by e-mail to Victor J. Mastromarco, Jr. (Counsel for Plaintiff) at Vmastromar@aol.com, this 14th day of April, 2015.

/s/Thomas P. Branigan
Thomas P. Branigan (P41774)
BOWMAN AND BROOKE LLP
41000 Woodward Ave., Ste. 200 East
Bloomfield Hills, Michigan 48304
248.205.3300 / 248.205.3399 Fax
thomas.branigan@bowmanandbrooke.com

Attorney for General Motors LLC

11877765v1

1:15-cv-11360-TLL-PTM   Doc # 1-1   Filed 04/14/15   Pg 1 of 1   Pg ID 9

**United States District Court**

**Eastern District of Michigan**


**<u>INDEX OF EXHIBITS</u>**

**IN SUPPORT OF DEFENDANT GENERAL MOTORS LLC'S
NOTICE OF REMOVAL**


Exhibit A          MDL Transfer Order

Exhibit B          MDL Consolidated Orders

Exhibit C          Sale Order

Exhibit D          Summons and Complaint

1:15-cv-11360-TLL-PTM    Document 6412    Filed 06/10/15    Page 1 of 85482

# EXHIBIT D



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 13606912**
**Date Processed: 03/24/2015**

| | |
|---|---|
| Primary Contact: | Rosemarie Williams<br>General Motors LLC<br>Mail Code 48482-038-210<br>400 Renaissance Center<br>Detroit, MI 48265 |

| | |
|---|---|
| **Entity:** | General Motors LLC<br>Entity ID Number  3113523 |
| **Entity Served:** | General Motors LLC |
| **Title of Action:** | Pillars, Benjamin, W. vs. General Motors LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Bay County Circuit Court, Michigan |
| **Case/Reference No:** | 15-3159-NP |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 03/24/2015 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | The Mastromarco Firm (Saginaw, Michigan)<br>989-752-1414 |
| **Client Requested Information:** | Year: 2004<br>Make: Pontiac<br>Model: Grand Am<br>VIN: |

**Notes:**     The Mastromarco Firm 1024 N. Michigan AvenueSaginaw, Michigan 48602
CSC Location document was served: CSC-Lawyers Inc Service Co 601 Abbot Rd. East Lansing, MI 48823

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

1:15-cv-11360-TLL-PTM   Doc # 1   Filed 04/14/15   Pg 3 of 27   Pg ID 1094

| **Approved, SCAO** | | | Original - Court | 2nd copy - Plaintiff |
| | | | 1st copy - Defendant | 3rd copy - Return |

| **STATE OF MICHIGAN** | | **CASE NO.** |
| 18th | **JUDICIAL DISTRICT** **JUDICIAL CIRCUIT** **COUNTY PROBATE** | **SUMMONS AND COMPLAINT** | 15- 3159 -NP JS |

**Court address**   Court telephone no.

1230 Washington Ave., Bay City, MI 48708    (989) 895-4115

| Plaintiff name(s), address(es), and telephone no(s). | | Defendant name(s), address(es), and telephone no(s). |
| BENJAMIN W. PILLARS, <br><br> as Personal Representative of the Estate of <br> KATHLEEN ANN PILLARS, deceased, | v | GENERAL MOTORS LLC, |

| Plaintiff attorney, bar no., address, and telephone no. | Resident Agent: |
| VICTOR J. MASTROMARCO, JR.     P34564 <br><br> THE MASTROMARCO FIRM <br> 1024 N. MICHIGAN AVE. <br> SAGINAW, MI 48602 <br> (989) 752-1414 | CSC-LAWYERS INCORPORATING SERVICE (COMPANY) <br> 601 ABBOT ROAD   EAST LANSING MI 48823 |

**SUMMONS**   **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued <br> **MAR 2 3 2015** | This summons expires <br> **JUN 2 2 2015** | Court clerk <br> Cynthia A. Luerak |

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☑ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**General Civil Cases**

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint/

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
| BAY COUNTY, MICHIGAN | BAY COUNTY, MICHIGAN |

| Place where action arose or business conducted |
| BAY COUNTY, MICHIGAN |

03/23/2015
_____
Date                                    Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

**MC 01** (6/04) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT<br>Case No. |
| --- | --- |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE**

|  ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
| --- | --- | --- |
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____
_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |
| | | |

| Service fee<br>$ | Miles traveled | Mileage fee<br>$ | Total fee<br>$ | Signature |
| --- | --- | --- | --- | --- |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                            Date

My commission expires: _____ Signature: _____
                          Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                      Attachments

_____ on _____
                                  Day, date, time

_____ on behalf of _____ .
Signature

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF BAY

BENJAMIN W. PILLARS,
as Personal Representative of the Estate of
KATHLEEN ANN PILLARS, deceased,

      Plaintiffs,

                      Case No. 15-3159   -NP US

v.

                      HON.   JOSEPH K. SHEERAN
                                   P# 28575

GENERAL MOTORS LLC,

      Defendant.

_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR.  (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan  48602
(989) 752-1414

_____/

STATE OF MICHIGAN
COUNTY OF BAY
A TRUE COPY
ATTESTED
CYNTHIA A. LUCZAK
CLERK OF CIRCUIT COURT
By _____ Deputy

There is no other pending or resolve civil action arising out
of the same transaction or occurrence previously filed or alleged in the Complaint.

### COMPLAINT, DEMAND FOR JURY TRIAL
### AND DEMAND FOR PRETRIAL

    NOW COMES, the above-entitled Plaintiff, BENJAMIN W. PILLARS, as

personal representative of the estate of KATHLEEN ANN PILLARS, deceased, by and

through his attorneys, THE MASTROMARCO FIRM, by VICTOR J.

MASTROMARCO, JR., and hereby complains against the Defendant, stating more fully

as follows:

## COMMON ALLEGATIONS

1. That at all times material hereto, the Plaintiff, BENJAMIN W. PILLARS, is a resident of the County of Bay, State of Michigan.

2. At all times material hereto, the Defendant GENERAL MOTORS LLC, was a Delaware Corporation with its headquarters and principal place of business being located in the State of Michigan and doing business in Bay County, State of Michigan.

3. Upon information and belief, General Motors LLC is the successor to the General Motors Corporation and/or General Motors Company, hereinafter referred to jointly as "Defendant".

4. Plaintiff's cause of action arises from an automobile accident on November 23, 2005, which took place in the County of Arenac, State of Michigan involving a defective GM vehicle, 2004 Pontiac Grand Am, driven by the decedent, KATHLEEN ANN PILLARS.

5. On the day of the accident, November 23, 2005, the decedent had gone to Whittemore-Prescott for a blood drive.

6. The decedent was driving southbound on US-23 near AuGres and the intersection of M-65 at the time of the accident.

7. Upon information and belief, the decedent lost control of her vehicle when the defective ignition switch in her vehicle went to the off position while the vehicle was being used by the decedent.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

8.   The evidence supporting the ignition being off at the time of the event can be largely focused on the SDM not recording a new event at the time of the crash. This is notwithstanding the fact that the event did reach the recording threshold, the electrical system was intact, with the only remaining reason that a new recording would not have been made, is that the ignition switch was off at the time. Photos taken of the inside of the vehicle also show the keys in the off position.

9.   At the time and as a direct result of the above-mentioned accident, the decedent became incapacitated and was in a coma until the time of her untimely death on March 24, 2012.

10.  The Plaintiff is the decedent's widower and the duly appointed personal representative of her estate having received his letter of authority on November 14, 2014.

11.  That the amount in controversy exceeds the jurisdictional limits of this court of $25,000.00.

12.  That at all times material hereto, the Plaintiff and decedent are free from any negligence in the premises, or wrongdoing.

### COUNT I - PRODUCTS LIABILITY/WRONGFUL DEATH

13.  That Plaintiffs hereby incorporate by reference thereto, paragraphs 1 through 12 of their common allegations, word for word and paragraph by paragraph.

14.  That at all times material hereto, Defendant set forth into the stream of commerce 2004 Pontiac Grand Am, and, upon information and belief, the General Motors

Page 3 of 23

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

LLC, has accepted and/or is legally responsible for any liability arising from the use of said vehicle attributable to itself, its agents along with the General Motors Corporation and the General Motors Company along with any concealment of liability by itself, its agents and/or by said corporations.

15.  That at the time of the sale of said product, certain express and implied warranties of fitness for a particular purpose, and express and implied warranties of merchantability was provided by the Defendant.

16.  That specifically, said product was set into the stream of commerce by the Defendant in a defective condition, unreasonably dangerous to the users thereof, and not fit for its intended use and reasonably foreseeable purposes.

17.  That in addition the Defendant failed to provide adequate warnings of danger, or instructions for safe use of the vehicle, or provide any type of instruction for its safe use, and in fact specifically omitted any avenues for instruction.

18.  That the above acts and/or omissions were, in part, the direct and proximate cause of decedents injuries and death along with the damages suffered by the Plaintiffs.

19.  That specifically, the Defendant knew or should have known, that in the exercise of reasonable care, that the product in question was defectively designed, manufactured and/or marketed, to those persons likely to use the product for its intended purpose and in the manner in which it was intended to be used.

20.  That furthermore, the Defendant had a duty to warn the ultimate user of the defective design, and had an affirmative duty to provide instructions by the manufacturer on how to utilize the machine in question.

Page 4 of 23

21.    That Defendant breached this duty, thereby proximately causing decedent's injuries and Plaintiffs' damages.

22.    That specifically, but not limited thereto, Defendant did breach MCL 600.2946, et seq., and MCL 600.2947, et seq, and MCL 600.2948, et seq, and MCL 600.2949(a), et seq, and any and all further applicable provisions of what is known as the Michigan "Product Liability Act" in one or more of the following ways:

a.    In setting the decedent's 2004 Pontiac Grand Am into the stream of commerce in a condition which was not reasonably safe at the time the vehicle left the control of the Defendant:

b.    In setting said product into the stream of commerce when they were on notice of the fact that said vehicle had a defective ignition system which could result in automobile accidents and that there was substantial likelihood that the defect would cause the injury and eventual death that is the basis of the present action, and knowing said information, Defendant willfully disregarded that knowledge;

c.    In failing to provide adequate warning of the defective ignition system, which in fact caused the Plaintiff's severe injuries, her incapacitation, and eventual death;

d.    That Defendant herein, independently failed to exercise reasonable care, including breaching warranties of implied fitness for particular purpose and merchantability with respect to the product and that failure was a proximate cause of the decedent's injuries and eventual death;

Page 5 of 23

e.    That in fact the Defendant did make express warranties as to said product, and their failure to comply and conform to the warranty was a proximate cause of Plaintiff's injuries and eventual death;

f.    If failing to provide adequate warnings or instructions, when Defendant knew or should have known about the risk of harm when there was scientific, technical and medical information reasonably available at the time the 2004 Pontiac Grand Am left the control of the Defendant;

g.    In failing to use reasonable care in relation to the product after the product had left Defendant's control;

h.    That in point of fact, the Defendant did have actual knowledge that the product was defective and that there was substantial likelihood that the defects in said product would cause the injury that is the basis of this action, and the Defendant willfully disregarded that knowledge in the manufacture and distribution of the product.

23.    That Defendant as noted above were negligent, and also breached express and implied warranties that the 2004 Pontiac Grand Am at issue in this case, and their representation that the component parts thereof, were not defective, were not unreasonably dangerous, had been designed, manufactured and constructed and assembled in a good and workmanlike manner, and that same were reasonably fit, safe and suitable for its intended use, and for the particular purpose that decedent intended for said 2004 Pontiac Grand Am's use.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

24.  That Defendant did breach such warranties in that said product was defective, and the product had been designed and constructed in a defective manner, and the product was not manufactured and constructed in a good and workmanlike manner, and was not fit for the purposes for which it was intended, and said product was unreasonably dangerous, and said product was defective for the uses and purposes for which it was designed, manufactured, constructed, sold and delivered, and decedent's injuries were proximately caused by Defendant's breach of these warranties.

25.  That said damages exceed TWENTY-FIVE THOUSAND DOLLARS ($25,000.00).

26.  That furthermore, Defendant's actions were reckless, and in reckless disregard for decedent's safety and/or well-being, and as such, Defendant's actions constituted gross negligence, since Defendant had, at the time of distribution, actual knowledge that this product was defective and that there was substantial likelihood that the defects within the product would cause the injury that is the basis of this action, i.e., serious injuries and death, and the Defendants willfully disregarded that knowledge in the manufacture and distribution of the product.

27.  That as such, Plaintiff is entitled to the full measure of economic and noneconomic loss along with all other available relief and damages.

WHEREFORE, the Plaintiff hereby requests all available damages and relief that the Court deems fair and equitable including, but not limited to, reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable

Page 7 of 23

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.

## COUNT II - NEGLIGENCE and GROSS NEGLIGENCE/WRONGFUL DEATH

28.   That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of his common allegations and paragraphs 13 through 27 of Count I, word for word and paragraph by paragraph.

29.   That Defendant was negligent and/or grossly negligent in making false representations to the decedent as to the safety of the 2004 Pontiac Grand Am, in failing to perform a safety inspection, in failing to properly prepare the vehicle for sale, and failing to provide safety training to the decedent.

30.   That the decedent was injured and eventually killed as a result of the negligence and/or gross negligence described above.

31.   That the negligence and/or gross negligence was the proximate cause of decedent's injuries and eventual death.

32.   That Defendant allowed the 2004 Pontiac Grand Am to leave its control although it was not reasonably safe, not safety inspected, and expressed false representations to the decedent regarding the safety of the vehicle.

33.   That Defendant breached its duty of care owed to the decedent.

34.   That Plaintiff has sustained damages as a result of Defendant's wrongful actions, and is entitled to all available damages and relief.

Page 8 of 23

WHEREFORE, the Plaintiff hereby requests all available damages and relief that the Court deems fair and equitable including, but not limited to, reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.

## COUNT III - MISREPRESENTATION/WRONGFUL DEATH

35.   That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of his common allegations, paragraphs 13 through 27 of Count I and paragraphs 28 through 34 of Count II word for word and paragraph by paragraph.

36.   That Defendant made material false representations as to the safety of the 2004 Pontiac Grand Am at issue.

37.   Specifically, the Defendant represented that its vehicles, which would include the decedents, were safe leading up to decedent's purchase of the 2004 Pontiac Grand Am and even after said purchase.

38.   As an example, the Defendant, in a 2005 statement, insisted that the ignition system issue was not a problem and was not a safety issue because the vehicle, according to Defendant, was still controllable and Defendant insisted that the engine can be restarted after shifting to neutral. It was also claimed by Defendant that the ignition issue was widespread because practically any vehicle can have power to a running engine cut off by inadvertently bumping the ignition.

39.   That the statements made by the Defendant were false.

40.   That when Defendant made the representations, they were made knowing they were false (or in the alternative made recklessly without any knowledge of its truth and as a positive assertion).

41.   That Defendant made the representations with the intention that it should be acted upon by the decedent and decedent acted in reliance upon it, i.e., she purchased and utilized the 2004 Pontiac Grand Am.

42.   That the decedent suffered injury thereby and eventually death.

43.   That Plaintiff has sustained damages as a result of Defendant's wrongful actions, and is entitled to all available damages and relief.

WHEREFORE, the Plaintiff hereby requests all available damages and relief that the Court deems fair and equitable including, but not limited to, reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.

## COUNT IV –
## MICHIGAN CONSUMER PROTECTION ACT/WRONGFUL DEATH

44.   That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of his common allegations, paragraphs 13 through 27 of Count I, paragraphs 28

through 34 of Count II, and paragraphs 35 through 43 of Count III word for word and paragraph by paragraph.

45.   Defendant breached a duty owed to the decedent by engaging in unfair, unconscionable, and deceptive methods, acts, and practices in the conduct of trade or commerce with regards to the sale of its vehicles including the vehicle owned by the decedent.

46.   As an example, Defendant knowingly and failed to reveal the defective nature of decedent's vehicle of which constitutes a material fact, the omission of which tended to mislead or deceive the decedent, and which fact could not have reasonably been known by the decedent.

47.   That Plaintiff has sustained damages as a result of Defendant's wrongful actions, and is entitled to all available damages and relief.

WHEREFORE, the Plaintiff hereby requests all available damages and relief that the Court deems fair and equitable including, but not limited to, reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased. The Plaintiff further requests his attorney fees and costs as authorized by statute.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

## COUNT V – BREACH OF CONTRACT

48.    That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of

his common allegations, paragraphs 13 through 27 of Count I, paragraphs 28

through 34 of Count II, paragraphs 35 through 43 of Count III, and paragraphs 44

through 47 of Count IV word for word and paragraph by paragraph.

49.    That Defendant created an entity called the "GM Ignition Compensation Claims

Resolution Facility."

50.    The entity's stated purpose is:

> **General Motors LLC ("GM") issued safety recalls identifying a defect
> in the ignition switch of certain vehicles in which the ignition switch
> may unintentionally move from the "run" position to the "accessory"
> or "off" position ("the Ignition Switch Defect").** This Protocol outlines
> the eligibility and process requirements for individual claimants to submit
> and settle claims alleging that the Ignition Switch Defect caused a death or
> physical injury in an automobile accident.

51.    In June of 2014 Plaintiff received a recall notice from Defendant that the 2004

Grand Am that was involved in the wrongful death accident referenced herein had

a defect in the ignition switch as described in the above recall notice.

52.    Plaintiff submitted his claim to the GM Ignition Compensation Claims Resolution

Facility on or about December 17, 2014.

53.    Defendant General Motors LLC through its agent wrongfully denied the claim

stating that the vehicle was not eligible notwithstanding the fact that it comes

within the definition of eligible vehicle as defined in the stated purpose.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

54.  Plaintiff by submitting its claim and Defendant by accepting the claim initially
entered into an agreement that the claim first be resolved pursuant to the terms of
the aforementioned "Final Protocol".

55.  Defendant breached its agreement with Plaintiff by refusing to consider the claim.

56.  Plaintiff requests this Court to order Defendant to accept the claim and make a
determination pursuant to the terms thereof and award such other relief and
damages as provided by Michigan law.

57.  That Plaintiff has sustained damages as a result of Defendant's wrongful actions,
and is entitled to all available damages and relief.

WHEREFORE, the Plaintiff also requests all available damages and relief that the
Court deems fair and equitable including, but not limited to, reasonable medical, hospital,
funeral, and burial expenses for which the estate is liable; reasonable compensation for
the pain and suffering, while conscious, undergone by the deceased during the period
intervening between the time of the injury and death; and damages for the loss of
financial support and the loss of the society and companionship of the deceased.

## COUNT VI – PROMISSORY ESTOPPEL

58.  That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of
his common allegations, paragraphs 13 through 27 of Count I, paragraphs 28
through 34 of Count II, paragraphs 35 through 40 of Count III, paragraphs 44
through 47 of Count IV and paragraphs 48 through 57 of Count V word for word
and paragraph by paragraph.

59.  That Defendant created an entity called the "GM Ignition Compensation Claims Resolution Facility."

60.  The entity's stated purpose is:

> **General Motors LLC ("GM") issued safety recalls identifying a defect in the ignition switch of certain vehicles in which the ignition switch may unintentionally move from the "run" position to the "accessory" or "off" position ("the Ignition Switch Defect").** This Protocol outlines the eligibility and process requirements for individual claimants to submit and settle claims alleging that the Ignition Switch Defect caused a death or physical injury in an automobile accident.

61.  In June of 2014 Plaintiff received a recall notice from Defendant that the 2004 Grand Am that was involved in the wrongful death accident referenced herein had a defect in the ignition switch as described in the above recall notice.

62.  Plaintiff submitted his claim to the GM Ignition Compensation Claims Resolution Facility on or about December 17, 2014.

63.  Defendant General Motors LLC through its agent wrongfully denied the claim stating that the vehicle was not eligible notwithstanding the fact that it comes within the definition of eligible vehicle as defined in the stated purpose.

64.  Plaintiff by submitting its claim and Defendant by accepting the claim initially entered into an agreement that the claim first be resolved pursuant to the terms of the aforementioned "Final Protocol".

65.  The Defendant, through its agents, made a clear and definite promise that Plaintiff would be afforded the program through the "GM Ignition Compensation Claims Resolution Facility."

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

66.    When the promise was made, the defendant knew or should reasonably have expected that this promise would induce the plaintiff to refrain from filing suit, and, indeed, the Plaintiff refrained from bringing suit due to the promise by Defendant to afford Plaintiff with the benefits of the program.

67.    The Plaintiff has been damaged as a result of Defendant's promise, since the Plaintiff refrained from bringing suit and will now, in part, experience damages necessitated by the delay in filing a lawsuit.

68.    Plaintiff requests this Court to order Defendant to accept the claim and make a determination pursuant to the terms thereof and award such other relief and damages as provided by Michigan law.

69.    That Plaintiff has sustained damages as a result of Defendant's wrongful actions, and is entitled to all available damages and relief.

WHEREFORE, the Plaintiff also requests all available damages and relief that the Court deems fair and equitable including, but not limited to, reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.

### COUNT VII – FRAUD/WRONGFUL DEATH

70.    That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of his common allegations, paragraphs 13 through 27 of Count I, paragraphs 28 through 34 of Count II, paragraphs 35 through 43 of Count III, paragraphs 44

Page 15 of 23

through 47 of Count IV, paragraphs 48 through 57 of Count V, and paragraphs 58 through 69 of Count VI word for word and paragraph by paragraph.

71. That Defendant made material false representations as to the safety of the 2004 Pontiac Grand Am at issue leading up to decedent's purchase of the

72. Specifically, the Defendant represented that its vehicles, which would include the decedents, were safe leading up to decedent's purchase of the 2004 Pontiac Grand Am and even after said purchase.

73. As an example, the Defendant, in a 2005 statement, insisted that the ignition system issue was not a problem and was not a safety issue because the vehicle, according to Defendant, was still controllable and Defendant insisted that the engine can be restarted after shifting to neutral. It was also claimed by Defendant that the ignition issue was widespread because practically any vehicle can have power to a running engine cut off by inadvertently bumping the ignition.

74. That the statements made by the Defendant were false.

75. That Defendant made the representations, knowing that the statements were false.

76. That Defendant made the representations with the intention that it should be acted upon by the decedent and decedent acted in reliance upon it, i.e., she purchased and utilized the 2004 Pontiac Grand Am.

77. That the decedent suffered injury thereby and eventually death.

78. That Plaintiff has sustained damages as a result of Defendant's wrongful actions, and is entitled to all available damages and relief.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

WHEREFORE, the Plaintiff hereby requests all available damages and relief that the Court deems fair and equitable including, but not limited to, reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.

## COUNT VIII - FRAUDULENT CONCEALMENT

79.     That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of his common allegations, paragraphs 13 through 27 of Count I, paragraphs 28 through 34 of Count II, paragraphs 35 through 43 of Count III, paragraphs 44 through 47 of Count IV, paragraphs 48 through 57 of Count V, paragraphs 58 through 69 of Count VI and paragraphs 70 through 78 of Count VII word for word and paragraph by paragraph.

80.     While Defendant has publicly acknowledged the existence of a defective ignition switch in over a million of its vehicles in various press releases and before various public forums, Defendant has actively concealed the fact that the vehicle operated by the decedent had the same defect until the recall notice even though that fact was known by Defendant.

81.     As an example, the Defendant, in a 2005 statement, insisted that the ignition system issue was not a problem and was not a safety issue because the vehicle, according to Defendant, was still controllable and Defendant insisted that the

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

engine can be restarted after shifting to neutral. It was also claimed by Defendant that the ignition issue was widespread because practically any vehicle can have power to a running engine cut off by inadvertently bumping the ignition.

82.   Defendant also created the GM Ignition Compensation Claims Resolution Facility for the purported purpose of providing compensation to all the individuals affected by the defective ignitions contained within its various vehicles, but did not include decedent's vehicle within its claims resolution facility even though decedent's vehicle has the same ignition system.

83.   Upon information and belief, Defendant has known of the Ignition Switch Defect in the vehicles since at least 2001, and certainly well before decedent purchased the defective vehicle, and has concealed from or failed to notify the decedent, the Plaintiff, and the public of the full and complete nature of the Ignitions Switch Defect.

84.   Although Defendant acknowledged in a recall dated August 12, 2014, that the defect existed with decedent's vehicle, Defendant did not fully disclose the Ignition Switch Defect and in fact downplayed the widespread prevalence of the problem, and minimized the risk of the defect occurring during normal operation of decedent's vehicle as well as other vehicles.

85.   In 2005, Defendant issued a Technical Service Bulletin to dealers and service technicians directing that customers be advised to "remove unessential items from their key chains" to avoid inadvertent ignition switching, but did not identify or disclose the Defect. In February 2014, Defendant instituted only a limited recall,

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

only identifying two of the several models with the Ignition Switch Defect. Likewise, the later recall expanded to include five additional model years and makes does not fully disclose all the vehicles affected by the Ignition Switch Defect.

86. Any applicable statute of limitation has therefore been tolled by Defendant's knowledge, active concealment, and denial of the facts alleged herein, which behavior is ongoing.

87. That Plaintiff has sustained damages as a result of Defendant's wrongful actions, and is entitled to all available damages and relief.

WHEREFORE, the Plaintiff hereby requests all available damages and relief that the Court deems fair and equitable including, but not limited to, reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.

## COUNT IX - ESTOPPEL

88. That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of his common allegations, paragraphs 13 through 27 of Count I, paragraphs 28 through 34 of Count II, paragraphs 35 through 43 of Count III, paragraphs 44 through 47 of Count IV, paragraphs 48 through 57 of Count V, paragraphs 58

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

through 69 of Count VI, paragraphs 70 through 78 of Count VII and paragraphs 79 through 87 of Count VIII word for word and paragraph by paragraph.

89.  Defendant was and is under a continuous duty to disclose to the decedent and to the Plaintiff the true character, quality, and nature of the vehicles. Defendant actively concealed the true character, quality, and nature of the vehicles and knowingly made misrepresentations about the quality, reliability, characteristics, and performance of the vehicles. The decedent and Plaintiff reasonably relied upon Defendant's knowing and affirmative misrepresentations and/or active concealment of these facts. Based on the foregoing, Defendant is estopped from relying on any statutes of limitation in defense of this action.

## COUNT X – DISCOVERY RULE

90.  That Plaintiff hereby incorporates by reference thereto, paragraphs 1 through 12 of his common allegations, paragraphs 13 through 27 of Count I, paragraphs 28 through 34 of Count II, paragraphs 35 through 43 of Count III, paragraphs 44 through 47 of Count IV, paragraphs 48 through 57 of Count V, paragraphs 58 through 69 of Count VI, paragraphs 70 through 78 of Count VII, paragraphs 79 through 87 of Count VIII and paragraphs 88 through 89 of Count IX word for word and paragraph by paragraph.

91.  The causes of action alleged herein did not accrue until Plaintiff discovered that decedent's vehicle had the Ignition Switch Defect.

92.  However, Plaintiff had no realistic ability to discern that decedent's vehicle was defective until—at the earliest—after the Ignition Switch Defect caused a sudden

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

unintended ignition shut off. Even then, Plaintiff had no reason to know the sudden loss of power was caused by a defect in the ignition switch because of General Motor's active concealment of the Ignition Switch Defect.

93.    Not only did Defendant fail to notify the decedent and Plaintiff about Ignition Switch Defect, Defendant in fact denied any knowledge of or responsibility for the Ignition Switch Defect by virtue of the misrepresentations regarding the scope of the defect even after the accident at issue in this Complaint.

WHEREFORE, the Plaintiff prays for judgment against the Defendant in whatever amount in excess of this Court's jurisdictional limit that he is found to be entitled by a jury, together with any attorney fees that are allowable, and any and all economic and non-economic damages that Plaintiff has proven to have incurred as well as all other available relief and damages which are authorized by common law, court rule and/or statute.

Respectfully submitted

THE MASTROMARCO FIRM

Dated: March 23, 2015        By: _____

VICTOR J. MASTROMARCO, JR. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan  48602
(989) 752-1414

Page 21 of 23

## DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, BENJAMIN W. PILLARS, individually and as personal

representative of the estate of KATHLEEN ANN PILLARS, and hereby demands Trial

by Jury of all issues in this cause unless expressly waived.

Respectfully submitted

THE MASTROMARCO FIRM

Dated: March 23, 2015     By:                                 
VICTOR J. MASTROMARCO, JR. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

## DEMAND FOR PRE-TRIAL CONFERENCE

NOW COME the Plaintiff, BENJAMIN W. PILLARS, individually and as
personal representative of the estate of KATHLEEN ANN PILLARS, and hereby
demands a Pre-Trial Conference pursuant to the Michigan Court Rules.

Respectfully submitted

THE MASTROMARCO FIRM

Dated: March 23, 2015        By: _____
                                 VICTOR J. MASTROMARCO, JR. (P34564)
                                 Attorneys for Plaintiff
                                 1024 N. Michigan Avenue
                                 Saginaw, Michigan  48602
                                 (989) 752-1414

Page 23 of 23

## U.S. District Court
### Eastern District of Michigan (Bay City)
### CIVIL DOCKET FOR CASE #: 1:15-cv-11360-TLL-PTM

| | |
|---|---|
| Pillars v. General Motors LLC | Date Filed: 04/14/2015 |
| Assigned to: District Judge Thomas L. Ludington | Jury Demand: Defendant |
| Referred to: Magistrate Judge Patricia T. Morris | Nature of Suit: 365 Personal Inj. Prod. |
| Case in other court: Bay County Circuit Court, 15-03159 | Liability |
| Cause: 28:1332 Diversity-Product Liability | Jurisdiction: Diversity |

**Plaintiff**

**Benjamin W. Pillars**                        represented by    **Victor J. Mastromarco , Jr.**
                                                                 The Mastromarco Firm
                                                                 1024 N. Michigan Avenue
                                                                 Saginaw, MI 48602
                                                                 989-752-1414
                                                                 Email: vmastromar@aol.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**General Motors LLC**                         represented by    **Thomas P. Branigan**
                                                                 Bowman & Brooke LLP (Detroit)
                                                                 41000 Woodward Avenue
                                                                 200 East
                                                                 Bloomfield Hills, MI 48304
                                                                 248.205.3300
                                                                 Fax: 248.205.3399
                                                                 Email:
                                                                 thomas.branigan@bowmanandbrooke.com
                                                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/14/2015 | 1 | NOTICE OF REMOVAL by General Motors LLC from Bay County Circuit Court, case number 15-3159. Receipt No: 0645-5115153 - Fee: $ 400 [Previously dismissed case: No] [Possible companion case(s): None] (Attachments: # 1 Index of Exhibits Index, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D) (Branigan, Thomas) (Entered: 04/14/2015) |
| 04/14/2015 | | A United States Magistrate Judge of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form is available for download at http://www.mied.uscourts.gov (TMcg) (Entered: 04/14/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/16/2015 16:33:23 | | |
| **PACER Login:** | ke1501:3047085:3934342 | **Client Code:** 25025-0001/43721 |
| | | **Search** 1:15-cv-11360- |

09-50026-mg Doc 13195-1 Filed 06/11/15 Entered 06/11/15 16:31:25 Exhibit 1
Pg 81 of 126

| Description: | Docket Report | Criteria: | TLL-PTM |
|---|---|---|---|
| Billable Pages: | 1 | Cost: | 0.10 |

1:15-cv-11900-TLL-PTM    Doc # 9-5    Filed 05/26/15    Pg 1 of 8    Pg ID 511

# EXHIBIT D

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: GENERAL MOTORS LLC IGNITION
SWITCH LITIGATION**                                    MDL No. 2543

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO −38)**

On June 9, 2014, the Panel transferred 15 civil action(s) to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 26 F.Supp.3d 1390 (J.P.M.L. 2014). Since that time, 140 additional action(s) have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable Jesse M Furman.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Furman.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of June 9, 2014, and, with the consent of that court, assigned to the Honorable Jesse M Furman.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

1:15-cv-11900-TLL-PTM    Doc # 5-1    filed 08/26/15    Pg 83 of 91    Pg ID 513

**IN RE: GENERAL MOTORS LLC IGNITION
SWITCH LITIGATION**

MDL No. 2543

## SCHEDULE CTO−38 − TAG−ALONG ACTIONS

| **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
|---|---|---|---|
| MICHIGAN EASTERN | | | |
| MIE | 1 | 15−11360 | Pillars v. General Motors LLC |
| NEBRASKA | | | |
| NE | 8 | 15−00123 | Hofling v. General Motors LLC |

# EXHIBIT E

**Full docket text for document 3:**

PAPERLESS ORDER. THIS CAUSE is before the Court upon the Plaintiffs' filing of the Complaint, which indicates that the instant action is related to MDL 2543. Accordingly, it is ORDERED AND ADJUDGED that this case is STAYED until the earlier of (1) its transfer to MDL 2543 pursuant to a final transfer order by the Judicial Panel on Multi District Litigation or (2) 14 days after entry of an order denying such transfer. It is further ORDERED AND ADJUDGED that any party which has reason to believe such transfer is not imminent or otherwise intending to oppose such transfer shall file a notice of the same without delay. It is further ORDERED AND ADJUDGED that for administrative purposes this case is hereby CLOSED. Signed by Judge K. Michael Moore (jme)

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 03/13/2015 13:25:35 | | |
| PACER Login: | hd0069:2559948:0 | Client Code: | 788.0000 |
| Description: | History/Documents | Search Criteria: | 1:14-cv-21933-KMM |
| Billable Pages: | 1 | Cost: | 0.10 |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:14-cv-21713-UU

JONATHAN EMERSON, *et al.*,

     Plaintiffs,

v.

GENERAL MOTORS LLC, *et al.*,

     Defendant.

_____

## ORDER STAYING CASE RE PENDING MDL TRANSFER

THIS CAUSE is before the Court upon the Clerk's Notice of Potential Tag-Along Action, D.E. 3.

THE COURT is fully advised in the premises.  It is

ORDERED AND ADJUDGED that the this case is STAYED until the earlier of (1) its transfer to MDL 2543 pursuant to a final transfer order by the Judicial Panel on Multi District Litigation or (2) 14 days after entry of an order denying such transfer.   It is further

ORDERED AND ADJUDGED that any party which has reason to believe such transfer is not imminent or otherwise intending to oppose such transfer shall file a notice of the same without delay.  It is further

ORDERED AND ADJUDGED that for administrative purposes this case is hereby CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of May,

2014.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-465 JVS (ANx) | Date | April 16, 2014 |
|---|---|---|---|
| | **EDCV 14-590 JVS (ANx)** | | |

| Title | Kelley v. General Motors Company |
|---|---|
| | **Benton v. General Motors LLC** |

| Present: The Honorable | James V. Selna | | |
|---|---|---|---|
| Karla J. Tunis | | Not Present | |
| Deputy Clerk | | Court Reporter | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers)**
**Order Staying Plaintiffs' Motions for Entry of Preliminary Injunction and Provisional Certification of Classes**

Plaintiffs in the above actions have moved for entry of a preliminary injunction and provisional certification of one or more classes under Federal Rules of Civil Procedure 23(b)(2). (Kelley, SACV 14-456, Docket No.19 ; Benton, EDCV 14-590, Docket No. 14.)

On March 24, 2014, a proceeding was initiated before the Judicial Panel on Multidistrict Litigation ("Panel"), seeking to transfer these and similar cases to a single jurisdiction pursuant 28 U.S.C. Section 1407. In re: General Motors LLC Ignition Switch Litigation, MDL 2543. The Panel has scheduled a hearing for May 29, 2014 to consider the various transfer motions. (Id., Docket No. 30.)

The Court has reviewed the parties' motions and finds no immediacy in ruling on the motions.[1] Moreover, it is virtually certain that the actions asserting class claims on the basis of alleged defects in the ignition switch system in certain General Motors vehicles will be transferred to a single forum for pretrial proceedings. See In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products

---

[1] The Court does not minimize the alleged safety risk which may result from a failure of the ignition switch system. Rather, the Court does not believe that relief sought presents an emergency.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 14-465 JVS (ANx) **EDCV 14-590 JVS (ANx)** | Date | April 16, 2014 |

| | |
|---|---|
| Title | Kelley v. General Motors Company **Benton v. General Motors LLC** |

Liability Litigation, ML 2151 JVS.  While the Court has jurisdiction to proceed in these cases notwithstanding the pendency of the transfer motions before the Panel, the Court is of the firm belief that rulings, such as class certification and appointment of class counsel, would be more informed if a court had all the putative class actions before it.  A ruling at this time has the potential for overlapping and inconsistent rulings.[2]

The motions are stayed, and further briefing is suspended .  In the event that the Panel does not transfer the actions, the Court is prepared to consider these motions promptly.

| | | |
|---|---|---|
| | | : 00 |
| Initials of Preparer | | kjt |

---

[2]For example, the Kelley plaintiffs seek preliminary approval of a California class, but request injunctive relief on a nation-wide basis.  (Kelley, Docket No. 20, pp. 17, 24.)  The Benton plaintiffs seek preliminary approval of California, Virginia, and Connecticut classes.  (Benton, Docket No. 15, p. 16.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GALDINA MACIEL, DANIEL CORTEZ, CINDY WADE, ZACHARY DEWITT, ROBERTA CHERASO, DEMETRIUS SMITH, JENEE BYRD, ASUHAN LEYVA, JIM GRESIK, BARBARA ELLIS STEELE, MARIA RAYGOZA, BARBARA GRAY, and MICHELE BENNETT, individually and on behalf of all others similarly situated, <br><br>         Plaintiffs, <br><br>     vs. <br><br> GENERAL MOTORS LLC, <br><br>         Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 4:14-cv-01339-JSW

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR STAY**

Defendant General Motors LLC ("New GM") has moved to stay proceedings pending rulings by the Judicial Panel on Multidistrict Litigation and the Bankruptcy Court for the Southern District of New York.

Having considered the argument of the parties and the papers submitted, and finding good cause therefore, the Court hereby grants New GM's Motion For Stay of Proceedings Pending Rulings By The Judicial Panel On Multidistrict Litigation and The Bankruptcy Court For The Southern District of New York. A stay will promote judicial economy, uniformity, and consistency in decision making. Plaintiffs' motion to expedite discovery is DENIED

**IT IS SO ORDERED.** without prejudice to refiling before MDL or this Court after stay is lifted.

Dated: April 21, 2014

_Jeffrey S. White_

Hon. Jeffrey S. White
United States District Judge

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 14-465 JVS (ANx)** | Date | April 16, 2014 |
| | EDCV 14-590 JVS (ANx) | | |

| | |
|---|---|
| Title | **Kelley v. General Motors Company** |
| | Benton v. General Motors LLC |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers)**
**Order Staying Plaintiffs' Motions for Entry of Preliminary Injunction and Provisional Certification of Classes**

Plaintiffs in the above actions have moved for entry of a preliminary injunction and provisional certification of one or more classes under Federal Rules of Civil Procedure 23(b)(2). (Kelley, SACV 14-456, Docket No.19 ; Benton, EDCV 14-590, Docket No. 14.)

On March 24, 2014, a proceeding was initiated before the Judicial Panel on Multidistrict Litigation ("Panel"), seeking to transfer these and similar cases to a single jurisdiction pursuant 28 U.S.C. Section 1407. In re: General Motors LLC Ignition Switch Litigation, MDL 2543. The Panel has scheduled a hearing for May 29, 2014 to consider the various transfer motions. (Id., Docket No. 30.)

The Court has reviewed the parties' motions and finds no immediacy in ruling on the motions.[1] Moreover, it is virtually certain that the actions asserting class claims on the basis of alleged defects in the ignition switch system in certain General Motors vehicles will be transferred to a single forum for pretrial proceedings. See In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products

---

[1]The Court does not minimize the alleged safety risk which may result from a failure of the ignition switch system. Rather, the Court does not believe that relief sought presents an emergency.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 14-465 JVS (ANx)** | Date | April 16, 2014 |
|---|---|---|---|
|  | EDCV 14-590 JVS (ANx) |  |  |

| Title | **Kelley v. General Motors Company** |
|---|---|
|  | Benton v. General Motors LLC |

<u>Liability Litigation</u>, ML 2151 JVS.  While the Court has jurisdiction to proceed in these cases notwithstanding the pendency of the transfer motions before the Panel, the Court is of the firm belief that rulings, such as class certification and appointment of class counsel, would be more informed if a court had all the putative class actions before it.  A ruling at this time has the potential for overlapping and inconsistent rulings.[2]

   The motions are stayed, and further briefing is suspended .  In the event that the Panel does not transfer the actions, the Court is prepared to consider these motions promptly.

|  |  | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | kjt |  |

---

[2]For example, the <u>Kelley</u> plaintiffs seek preliminary approval of a California class, but request injunctive relief on a nation-wide basis.  (<u>Kelley</u>, Docket No. 20, pp. 17, 24.)  The <u>Benton</u> plaintiffs seek preliminary approval of California, Virginia, and Connecticut classes.  (<u>Benton</u>, Docket No. 15, p. 16.)

# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

| | |
|---|---|
| TYSON SUMNERS, et al., | ) |
| | ) |
| Plaintiffs, | ) Case No. 1:14-cv-00070 |
| | ) Chief Judge Haynes |
| v. | ) |
| | ) |
| GENERAL MOTORS, LLC, et al, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Judicial Panel on Multidistrict Litigation is In re General Motors Ignition

Switch Litigation, MDL-2543, that will consider a Conditional Transfer Order for this action.

The Clerk of this Court is directed to **ADMINISTRATIVELY CLOSE** this action and upon

receipt of a Conditional Transfer Order of the Judicial Panel on Multidistrict Litigation, the Clerk

of this Court shall transfer the files in this action to the assigned transferee district court for

coordinated or consolidated pretrial proceedings.

If the Judicial Panel on Multidistrict Litigation does not enter a final transfer order in this

action, then either party may move to reopen this action.

It is so **ORDERED.**

**ENTERED** this the _17_ day of June, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

TAUNIA GREEN and TYLER GREEN,       )
next of kin and parents of TAYLOR    )
GREEN, deceased,                     )
                                     )
    Plaintiffs,              )    Case No. 1:14-cv-0107
                                     )    Chief Judge Haynes
v.                                   )
                                     )
GENERAL MOTORS, LLC, et al.          )
                                     )
    Defendants.              )

## O R D E R

Given the notice of the motion to transfer actions, including this action, filed with the Judicial

Panel on Multidistrict Litigation, this action is **ADMINISTRATIVELY CLOSED**, but may be

reopened by any party if this action is not transferred.

It is so **ORDERED**.

**ENTERED** this the _____ day of September, 2014.

WILLIAM J. HAYNES, JR.
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.   SACV 14-1238 JVS (ANx)          Date   September 19, 2014

Title   People of the State of California v. General Motors LLC

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                               Not Present

**Proceedings:**   **(In Chambers)  Order Staying Action and Vacating Hearing**

In the present action, the People of the State of California, by and through Orange County District Attorney Tony Rackauckas, bring claims against General Motors LLC ("GM"), based on a number of alleged defects in motor vehicles manufactured and sold by GM.  This matter is before the Court on Plaintiff's Motion to Remand (Docket No. 18) and GM's Motion to Stay (Docket No. 23).  The matters are fully briefed.  (See Docket Nos. 22, 30-32.)

Defendant moves to stay the present action pending resolution of issues pending before the Joint Panel on Multidistrict Litigation ("JPML") and the United States Bankruptcy Court for the Southern District of New York ("the Bankruptcy Court").  Currently pending before the JPML is Plaintiff's Objection to GM's petition to transfer this action to the GM multidistrict litigation captioned MDL 2543, In re Gen. Motors LLC Ignition Switch Litig. ("GM MDL").  Currently pending before the Bankruptcy Court is a Motion to Enforce a July 5, 2009 Order that limits GM's liabilities on specified terms.

The decision whether to stay a proceeding falls within the discretion of the Court as part of a district court's inherent power to control its docket and calendar. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  As GM points out, the present Motion to Remand raises issues that are likely to be common to the other cases in the GM MDL and the matters pending before the Bankruptcy Court.

Therefore, pursuant to the Court's inherent power, and in the interest of judicial economy, the Court stays the present action, including specifically Plaintiff's Motion

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-1238 JVS (ANx) | Date | September 19, 2014 |
|---|---|---|---|

| Title | People of the State of California v. General Motors LLC |
|---|---|

Remand, pending resolution of these matters. Within seven days of the entry of an Order resolving these issues, Defendant shall file a notice so advising the Court.

    The Court finds that oral argument would not be helpful in this matter and therefore vacates the September 22, 2014 hearing. Fed. R. Civ. P. 78; Local Rule 7-15.

    **IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | kjt |  |

1:15-cv-11900-TLL-PTM   Doc # 9-8   Filed 05/26/15   Pg 1 of 8   Pg ID 528

# EXHIBIT G

1:14-cv-11100-TAD-25143    Document 495    Filed 06/09/14    Page 1 of 2    529

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: GENERAL MOTORS LLC
IGNITION SWITCH LITIGATION**                                    MDL No. 2543

## TRANSFER ORDER

**Before the Panel:** * Pursuant to Panel Rule 7.1, plaintiffs in the three actions listed on
Schedule A move to vacate our orders conditionally transferring the actions to MDL No. 2543.
Responding defendants General Motors LLC ("General Motors"), General Motors Company, and
Mary Barra variously oppose the motions to vacate.

After considering all argument of counsel, we find these actions involve common questions
of fact with the actions previously transferred to MDL No. 2543, and that transfer will serve the
convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.
The actions encompassing MDL No. 2543 involve factual questions arising from allegations
stemming from an alleged defect in certain General Motors vehicles that causes the vehicle's ignition
switch to move unintentionally from the 'run' position to the 'accessory' or 'off' position.[1] *See In
re: General Motors LLC Ignition Switch Litig.*, __ F. Supp. 2d __, 2014 WL 2616819, at *1
(J.P.M.L. Jun. 9, 2014).

Plaintiffs in the Eastern District of Missouri *Boyd* action do not dispute that their action shares
questions of fact with MDL No. 2543, but rather argue that their action was improperly removed and
their motion to remand to state court is pending. The Eastern District of Wisconsin *Kandziora*
plaintiff also argues that the action was improperly removed. The Panel often has held that
jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments
to the transferee judge.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.

---

[*]         Judge Ellen Segal Huvelle took no part in the decision of this matter. Certain Panel
members who could be members of the putative classes in this docket have renounced their
participation in these classes and have participated in the decision.

[1]         While MDL No. 2543 initially included only actions asserting economic damages, it
has been expanded to include personal injury and wrongful death actions.

[2]         Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does
(continued...)

-2-

Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Like many actions in the MDL, plaintiff in *Kandziora* alleges that her vehicle had the ignition switch defect and that she would not have purchased the vehicle had she known of the defect. This action, therefore, is within the MDL's ambit. Plaintiff's arguments that her action is unique because she names a particular dealership and brings Wisconsin state law claims are not persuasive. There are several actions involving claims against dealerships in MDL No. 2543, and many MDL No. 2543 actions bring state law claims, including under Wisconsin law.

The Central District of California *Yagman* plaintiff argues that he does not specifically allege an ignition switch defect, but rather claims defects in the electronic control module, the secondary air valve, the coolant sensor, and "other parts presently unknown." However, the defects alleged by plaintiff appear to manifest themselves similarly to the ignition switch defect, *i.e..*, the engine stops running while the car is being operated and there is a shut down of the electrical system. We are persuaded that transfer will result in efficiencies. We are sympathetic to plaintiff's claims of inconvenience due to his *pro se* status, but while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001). Furthermore, plaintiff is bringing class claims, previously was an attorney himself, and, according to his brief, is represented by an attorney as to his class claims. General Motors did not act improperly in notifying the Panel that *Yagman* was a potential tag-along action pursuant to Panel Rule 7.1(a), and we decline plaintiff's request for sanctions.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jesse M. Furman for inclusion in the coordinated or consolidated pretrial proceedings.

---

[2](...continued)

not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand or other motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.

-3-

PANEL ON MULTIDISTRICT LITIGATION


_____

John G. Heyburn II
Chairman

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Sarah S. Vance
R. David Proctor

**IN RE: GENERAL MOTORS LLC**
**IGNITION SWITCH LITIGATION**                                    MDL No. 2543

## SCHEDULE A

Central District of California

YAGMAN V. GENERAL MOTORS CO., ET AL., C.A. No. 2:14-04696

Eastern District of Missouri

BOYD, ET AL. V. GENERAL MOTORS LLC, C.A. No. 4:14-01205

Eastern District of Wisconsin

KANDZIORA V. GENERAL MOTORS LLC, ET AL., C.A. No. 2:14-00801

1:14-cv-11360-RWZ-TCB   Document 43   Filed 06/11/15   Page 1 of 3

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: GENERAL MOTORS LLC
IGNITION SWITCH LITIGATION**                               MDL No. 2543

## TRANSFER ORDER

**Before the Panel:**[*]  Plaintiffs in the two actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders conditionally transferring the actions to MDL No. 2543. Responding defendant General Motors LLC (General Motors) opposes the motions to vacate.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2543, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  The actions in MDL No. 2543 involve factual questions arising from allegations stemming from an alleged defect in certain General Motors vehicles that causes the vehicle's ignition switch to move unintentionally from the "run" position to the "accessory" or "off" position.[1]  *See In re: General Motors LLC Ignition Switch Litig.*, __ F. Supp. 2d __, 2014 WL 2616819, at *1 (J.P.M.L. Jun. 9, 2014).

Plaintiffs do not dispute that their actions share questions of fact with MDL No. 2543, but rather argue that their actions were improperly removed.  The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge.[2]  *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*]      Judge Charles R. Breyer took no part in the decision of this matter.  Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1]      While MDL No. 2543 initially included only actions asserting economic damages, we expanded the litigation to include personal injury and wrongful death actions.

[2]      Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

Like many actions in the MDL, plaintiff in *Alers* alleges that his vehicle contained the ignition switch defect, and he suffered economic injury. Plaintiff argues that transfer would be inconvenient, but while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole under Section 1407. *See, e.g., In re: Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001). Moreover, plaintiff already must participate in the related bankruptcy court proceedings in New York, and he will be aided in the transferee court by lead counsel and in the bankruptcy court by designated counsel.

Like similar personal injury actions in MDL No. 2543, plaintiffs in *Green* allege that their daughter was killed as the result of a collision caused by the ignition switch defect. The *Green* plaintiffs argue that the Panel should defer transfer until the Electronic Data Recorder (EDR) data is analyzed to determine whether the ignition switch defect caused the collision. We are not convinced by this argument. The transferee court already will be involved with the analysis of the EDR data to determine the cause of the collision, because the driver of the vehicle also has brought an action against General Motors that is pending in MDL No. 2543.

IT IS THEREFORE ORDERED that these actions are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jesse M. Furman for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

_____

Sarah S. Vance
Chair

Marjorie O. Rendell          Lewis A. Kaplan
Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry

1:14-cv-11903-TLL-PTM  Doc # 94  Filed 09/02/14  Page 106 of 126

**IN RE: GENERAL MOTORS LLC**
**IGNITION SWITCH LITIGATION**                    MDL No. 2543

## SCHEDULE A

<u>Central District of California</u>

ALERS, SR. V. GENERAL MOTORS LLC, C.A. No. 2:14-07258

<u>Middle District of Tennessee</u>

GREEN, ET AL. V. GENERAL MOTORS LLC, ET AL., C.A. No. 1:14-00107

1:15-cv-11360-TLL-PTM   Doc # 9-11   Filed 05/26/15   Pg 1 of 20   Pg ID 530

# EXHIBIT H

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  09/17/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To*
*Sumners et al. v. General Motors et al., 14-CV-5461 (JMF)*
------------------------------------------------------------------------------x

14-MD-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiffs in *Sumners et al. v. General Motors et al.*, 14-CV-5461 (JMF), which is part of

this multi-district litigation, move to remand their case to the Tennessee state court from which it

was removed by Defendant General Motors LLC ("New GM").  In removing the case, New GM

invoked the federal courts' diversity jurisdiction.  *See* 28 U.S.C. § 1332.  Plaintiffs move to

remand, contending that the federal courts lack subject-matter jurisdiction pursuant to Section

1332 because the parties are not completely diverse.  Upon review of the parties' motion papers

(14-MD-2543, Docket Nos. 182, 183, 184, 268), the motion is DENIED.

Federal jurisdiction in this case turns on whether Plaintiffs, citizens of Tennessee, are

diverse from Defendants New GM and AutoFair Chevrolet LLC ("AutoFair"), both of which are

limited liability companies.  It is well established that, for purposes of assessing diversity

jurisdiction, an unincorporated entity such as a partnership or a limited liability company is

deemed to be a citizen of all states of which its partners or members are citizens.  *See, e.g.*,

*Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (Sotomayor, J.); *see*

*also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2

(W.D.N.Y. Sept. 2, 2010) (noting that every Court of Appeals to have considered the issue has

held that a limited liability company has the citizenship of all of its members).[1]

    As New GM's opposition papers make clear, that rule makes New GM a citizen of

Delaware and Michigan, as New GM's sole member is General Motors Holdings LLC, which, in

turn, has only one member as well: General Motors Company, which is a publicly traded

corporation organized under the laws of Delaware with its principal place of business in

Michigan.  (Def. New GM's Resp. Opp'n Pls.' Mot. To Remand (14-MD-2543, Docket No. 268)

("Def.'s Resp.") 3-4).  Although Plaintiffs speculate that one or more shareholders of General

Motors Company are likely Tennessee citizens (Pls.' Br. Supp. Mot. To Remand (14-MD-2543,

Docket No. 183) 4-5), that possibility is irrelevant to the analysis.  *See, e.g.*, *Hertz Corp. v.

Friend*, 559 U.S. 77, 80 (2010) ("[A] corporation shall be deemed to be a citizen of any State by

which it has been incorporated and of the State where it has its principal place of business."

(emphasis omitted) (internal quotation marks omitted)); *People of Puerto Rico v. Russell & Co.,

Sucesores S. En. C.*, 288 U.S. 476, 479 (1933) ("[I]n ascertaining whether there is the requisite

diversity of citizenship to confer jurisdiction on the federal courts, we have looked to the

domicile of a corporation, not that of its individual stockholders, as controlling.").

    New GM's motion papers also confirm that AutoFair is not a citizen of Tennessee.

Putting aside the fact that AutoFair was apparently dissolved in 2009 (*see* Def.'s Resp., Ex. B

---

[1]    In their motion papers, the parties rely primarily on decisions by and within the Sixth Circuit.  When an action is transferred pursuant to Title 28, United States Code, Section 1407, however, the transferee court must apply "'its interpretations of federal law, not the constructions of federal law of the transferor circuit.'"  *In re Oxycontin Antitrust Litig.*, 821 F. Supp. 2d 591, 595 n.1 (S.D.N.Y. 2011) (quoting *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993)).  Accordingly, the Court applies Second Circuit law in deciding whether to remand this action.

Case 1:13-md-02543-JMF    Document 1032    Filed 09/17/14    Page 3 of 3

(Certif. of Tre Hargett, Sec'y of the State of Tenn.)), AutoFair had only two members when it was a going concern: AutoFair Investors L.P., a limited partnership, and AutoFair Automotive Management, LLC, a limited liability company.  (Def.'s Resp., Ex. A (Decl. of Harry A. Crews) ¶ 6).  AutoFair Investors L.P., in turn, has one general partner, a corporation organized under the laws of Delaware with its principal place of business in New Hampshire.  (*Id.* ¶ 7).  The remaining limited partners of AutoFair Investors L.P., and all members of AutoFair Automotive Management, LLC, are natural persons, none of whom was a citizen of Tennessee when Plaintiffs filed their Complaint on May 9, 2014, or when New GM removed the case to federal court on June 13, 2014.  (*Id.* ¶¶ 8-10).

In short, neither New GM nor AutoFair is a citizen of Tennessee.  As there is no dispute that the other requirements for diversity jurisdiction are met, there is plainly federal jurisdiction.[2]  Accordingly, Plaintiffs' motion to remand is DENIED.

The Clerk of Court is directed to terminate Docket No. 182 in 14-MD-2543.

SO ORDERED.

Dated: September 17, 2014
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[2]      In light of that conclusion, the Court need not and does not reach New GM's other arguments for why jurisdiction is proper.

3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/24/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

This Document Relates To: *People of the State of California v.*
*General Motors L.L.C., 14cv7787*

-----------------------------------------------------------------------------x

14-MD-2543 (JMF)

OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

The present case — brought by the People of the State of California, acting by and

through Orange County District Attorney Tony Rackauckas ("Plaintiff"), against General Motors

L.L.C. ("New GM") — is part of the multidistrict litigation ("MDL") proceedings relating to

defects in the ignition switches and other features of certain General Motors vehicles and

associated product recalls.  The question at this stage does not pertain to the merits, but to

whether the case should remain in federal court as part of the MDL.  Plaintiff originally filed suit

in California state court (specifically, Orange County Superior Court); thereafter, New GM

removed the case to the United States District Court for the Central District of California, from

which it was transferred to this Court as part of the MDL proceedings.  Now pending is

Plaintiff's motion to remand the case back to Orange County Superior Court.

For the reasons to follow, the motion is GRANTED.

## BACKGROUND

As noted, this case is part of the ongoing MDL proceedings relating to defects in certain

General Motors vehicles and associated product recalls, familiarity with which is assumed.  In

parallel proceedings pending before the Honorable Robert E. Gerber, a United States Bankruptcy

Judge in this District, New GM is seeking to enjoin many of the claims within the MDL.

Specifically, to the extent relevant here, New GM has moved to enforce a Sale Order and

Injunction entered by Judge Gerber in 2009 (the "Sale Order"), through which New GM

purchased the majority of the assets of Reorganized Debtor General Motors Corporation, now

called Motors Liquidation Corporation ("Old GM"), "free and clear" of many of Old GM's

liabilities.  (09-BR-50026 Docket Nos. 2968, 12620).  During the pendency of those

proceedings, Judge Gerber has required parties seeking to litigate defects claims against New

GM to either enter into a stipulation with New GM staying their actions pending his decision on

the motions to enforce or to file a "No Stay Pleading" indicating why their actions should not be

stayed.  (*See, e.g.*, 09-BR-50026 Docket No. 12697, at 5-6).

On June 27, 2014, the District Attorney of Orange County, Tony Rackauckas, acting on

behalf of the People of the State of California, filed the action that is the subject of this motion in

California's Orange County Superior Court.  (14-CV-7787 Docket No. 1, Ex. 3).  On July 1,

2014, Plaintiff filed its First Amended Complaint.  (Am. Compl. (14-CV-7787 Docket No. 1, Ex.

5)).  The Amended Complaint alleges that, by failing to disclose and by actively concealing

several known defects in its vehicles, including the ignition switch defects, New GM "enticed

vehicle purchasers to buy GM vehicles under false pretenses" (Am. Compl. ¶ 2), and thus

violated California's Business & Professions Code, Sections 17200 *et. seq.* (California's Unfair

Competition Law, or "UCL") and 17500 *et seq.* (California's False Advertising Law, or "FAL")

(Am. Compl. ¶¶ 1, 253-274).  The Amended Complaint asserts that the case is a "law

enforcement action which primarily seeks to protect the public safety and welfare, brought by a

governmental unit in the exercise of and to enforce its police power" and that Plaintiff only seeks

to hold New GM liable for its "***own*** acts and omissions ***after*** the July 10, 2009 effective date" of

the Sale Order.  (Am. Compl. ¶¶ 1, 3 (emphasis in original)).

New GM filed a Notice of Removal on August 5, 2014, removing the case to the United
States District Court for the Central District of California.  (*See* Def.'s Notice Removal Action
Under 28 U.S.C. § 1441(a) (Bankruptcy Court & Subject Matter Jurisdiction) ("Notice of
Removal") (14-CV-7787 Docket No. 1)).  New GM asserted (and continues to assert) that
removal was proper for two reasons.  First, New GM contended that "Plaintiff's claims in this
case, and any dispute concerning the [Sale Order], arise under the Bankruptcy Code or in a case
under the Bankruptcy Code, and the Bankruptcy Court therefore has core jurisdiction over this
action under 28 U.S.C. §§ 157(b) and 1334(b)."  (*Id.* ¶ 10).  Second, New GM asserted federal
question jurisdiction under Title 28, United States Code, Section 1331.  (*Id.* ¶¶ 13-18).  On
August 6, 2014, New GM filed a Notice of Tag-Along Action with the Judicial Panel on
Multidistrict Litigation ("JPML"), seeking to have the case transferred to this Court and included
as part of the MDL.  (JPML MD-2543 Docket No. 399).  On August 19, 2014, Plaintiff filed an
opposition to the Notice of Tag-Along action (JPML MD-2543 Docket No. 413); on the same
day, Plaintiff filed a "'*Limited*' No Stay Pleading" in the Bankruptcy Court, seeking permission
to file a motion to remand the action to state court (09-BR-50026 Docket No. 12862).  Plaintiff
proceeded to file such a motion on August 22, 2014 (C.D. Cal. 14-CV-1238 Docket No. 18), but
the United States District Court for the Central District of California declined to rule on it
pending the JPML's decision on transfer (C.D. Cal. 14-CV-0123 Docket No. 35).  Thereafter,
Plaintiff withdrew its opposition to transfer (JPML MD-2543 Docket No. 470), and on
September 25, 2014, the action was transferred here.  (14-CV-7787 Docket No. 38).  Plaintiff
filed the motion to remand in this Court on October 9, 2014.  (14-MD-2543 Docket No. 335).

Case 1:13-cv-01053-JMF Document 435 Filed 09/24/14 Page 5 of 63

## DISCUSSION

It is axiomatic that "federal courts are courts of limited jurisdiction and, as such, lack the

power to disregard such limits as have been imposed by the Constitution or Congress."  *Purdue*

*Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted).

As a general matter, Congress has granted federal district courts original jurisdiction over cases

"arising under" federal law,  28 U.S.C. § 1331, and certain cases between citizens of different

States, *see* 28 U.S.C. § 1332.  *See generally In re Standard & Poor's Rating Agency Litig*., No.

13-MD-2446 (JMF), — F. Supp. 2d —, 2014 WL 2481906, at *8 (S.D.N.Y. June 3, 2014).

Additionally, district courts are vested with "original but not exclusive jurisdiction of all civil

proceedings arising under title 11 [of the Bankruptcy Code], or arising in or related to cases

under title 11."  28 U.S.C. § 1334(b).  If a case falls within any of those categories — that is, "if

the case could have been originally filed in federal court," *Hernandez v. Conriv Realty Assocs.,*

116 F.3d 35, 38 (2d Cir. 1997) — it may be "removed by the defendant or defendants" to federal

court.  *See* 28 U.S.C. §§ 1441(a), 1452(a).  Removal based on bankruptcy jurisdiction, however,

is subject to an important limitation: It does not extend to "a civil action by a governmental unit

to enforce such governmental unit's police or regulatory power."  28 U.S.C. § 1452(a).

"Judicial scrutiny is especially important in the context of removal, where considerations

of comity play an important role," *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 933 F.

Supp. 2d 613, 618 (S.D.N.Y. 2013) (internal quotation marks omitted), and "the importance of

such scrutiny is at its zenith where, as here, the suit was brought by a State itself, as 'the claim of

sovereign protection from removal' in such circumstances 'arises in its most powerful form,'"

*Standard & Poor's*, 2014 WL 2481906, at *8 (quoting *Nevada v. Bank of Am. Corp.*, 672 F.3d

661, 676 (9th Cir. 2012)).  In fact, "'[i]n light of the congressional intent to restrict federal court

4

jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Purdue Pharma,* 704 F.3d at 213 (quoting *Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 274 (2d Cir.1994)) (alteration in original); *accord Veneruso,* 933 F.Supp.2d at 618. Such "strict construction of the right of removal" also "makes good sense," as "[a]n order denying a motion to remand a case to state court is ordinarily not appealable until after a final judgment or order is filed in the case." *Standard & Poor's*, 2014 WL 2481906, at * 9 (quoting 16 James Wm. Moore et al., Moore's Federal Practice § 107.05 (3d ed. 2012)) (alteration in original).  "If the court of appeals determines that the case should have been remanded on the ground that there was no federal jurisdiction, the judgment on the merits must also be vacated because of the lack of jurisdiction.  If the case was improperly remanded, at least the state court judgment will not be invalidated because of a lack of subject matter jurisdiction." *Id.*; *cf. New York v. Shinnecock Indian Nation,* 686 F.3d 133, 136-41 (2d Cir. 2012) (vacating a judgment, after nine years of litigation and trial, for lack of subject matter jurisdiction, where the district court had denied remand).  The removing party — here, New GM — bears the burden of establishing that removal was proper.  *See, e.g., Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 57-58 (2d Cir. 2006).

## A.  The Police-Power Exception to Bankruptcy Jurisdiction

New GM contends first that, pursuant to Section 1452(a), removal was proper because the case falls within the bankruptcy jurisdiction created by Section 1334(b).[1]  (Def. General

---

[1]    Plaintiff disputes the existence of bankruptcy jurisdiction in the first instance, noting that — in light of the statutes of limitations for claims under the UCL and FAL — its claims are limited to New GM's conduct since 2010, one year *after* the 2009 Sale Order.  (Mem. Law Supp. Mot. To Remand Pl. People State Cal. (14-MD-2543 Docket No. 336) ("Pl.'s Mem.") 2).  Judge

Motors, LLC's Resp. Opp'n Pl.'s Mot To Remand (14-MD-2543 Docket No. 354) ("GM's

Opp'n") 9-12).  As noted, however, removal under Section 1452(a) does not apply to "a civil

action by a governmental unit to enforce such governmental unit's police or regulatory power."

28 U.S.C. § 1452(a).  The question presented here is whether Plaintiff's case falls within this

"police-power exception."

 In analyzing the police-power exception, courts typically apply the "pecuniary purpose"

test, asking "whether the governmental action relates primarily to the government's pecuniary

interest in the debtor's property . . . or to matters of safety and welfare."  *In re Methyl Tertiary*

*Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 133 (2d Cir. 2007).[2]  In addition,

courts often apply the "public policy" test, in which a court asks "whether the government seeks

to effectuate public policy or to adjudicate private rights."  *Lockyer v. Mirant Corp.*, 398 F.3d

1098, 1109 (9th Cir. 2005) (internal quotation marks omitted).  Although the Second Circuit has

never ruled on the validity of these tests, it has found them to be met when cases "relate

primarily to matters of public health and welfare, and the money damages sought will not inure,

strictly speaking, to the economic benefit of the states," but rather, are brought to further

"significant area[s] of state policy."  *In re MBTE Prods. Liab. Litig.*, 488 F.3d at 133.[3]

---

Gerber rejected a substantially similar attack on the Bankruptcy Court's jurisdiction on the
ground that it "conflates the conclusion [the Bankrupty Court] might reach after analysis of
matters before [it] — that certain claims ultimately might not be covered by the Sale Order —
with [its] jurisdiction to decide whether or not they are."  *In re Motors Liquidation Co.*, 514 B.R.
377, 382-83 (Bankr. S.D.N.Y. 2014).  This Court, however, need not reach the question.

[2] As the Second Circuit has noted, the automatic stay provision of the Bankruptcy Code,
Title 11, United States Code, Section 362(b)(4), contains an analogous police-power exception.
*See In re MTBE Prods. Liab. Litig.*, 488 F.3d at 132.  Accordingly, it is "proper to look to
judicial interpretations of section 362 for guidance."  *Id.*

[3] As both parties note (*see* GM's Opp'n 13 n.8; Pl.'s Mem. 10), some courts have applied a
broader "pecuniary advantage" test, pursuant to which "the relevant inquiry is not whether the

Significantly, application of these tests (and, therefore, the police-power exception) has evolved over time. In early cases, courts applying the pecuniary purpose and public policy tests looked primarily to the legislative history of the police-power exception — specifically, to comments by members of Congress that the exception was "intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety." *In re Chateaugay Corp.*, 115 B.R. 28, 32 (S.D.N.Y. 1988) (quoting 124 Cong. Rec. 32,395 (1978) (Statement of Rep. Edwards)); 124 Cong. Rec. 33,995 (1978) (identical Statement of Sen. Deconcini)). Relying on that legislative history, courts concluded that whether the police-power exception applied turned on the merits of the individual exercise of police power and whether the lawsuit was truly intended to deter ongoing harmful conduct rather than benefit a state's coffers. *See, e.g.*, *id.* at 33 (finding that the police-power exception did not apply because "allowing the Government to pursue this action . . . would at best have a marginal effect

---

governmental unit seeks property of the debtor's estate, but rather whether the specific acts that the government wishes to carry out would create a pecuniary advantage for the government vis-à-vis other creditors." *Solis v. SCA Rest. Corp.*, 463 B.R. 248, 252 (E.D.N.Y. 2011); *see also*, *e.g.*, *U.S. ex rel. Fullington v. Parkway Hosp., Inc.*, 351 B.R. 280, 286 (E.D.N.Y. 2006) (making a persuasive case for application of the pecuniary advantage test in lieu of the pecuniary purpose test in interpreting Section 362(b)(4)). The Second Circuit, however, has discussed only the pecuniary purpose test, and has not even mentioned the pecuniary advantage test. *See In re MBTE Prods. Liab. Litig.,* 488 F.3d at 133. Additionally, although both parties mention the pecuniary advantage test and allude to the *other* party's mention of it, neither party actually advocates for its application here (despite Plaintiff's assertion to the contrary). (*See* GM's Opp'n 13 n.8 ("Plaintiff points out that some Second Circuit courts outside the Southern District of New York have substituted the 'pecuniary advantage' test for the 'pecuniary purpose' (or interest) test"); Reply Mem. Law Supp. Mot. To Remand Pl. People State Cal. (14-MD-2543 Docket No. 361) ("Pl.'s Reply Mem.") 5 ("GM . . . argues that the pecuniary advantage test be used in determining the applicability of the police power exception.")). Accordingly, the Court need not and does not address the applicability of the test in this case. In any event, application of the test would not change the result because Plaintiff does not seek, nor could obtain, a "pecuniary advantage . . . vis-à-vis other creditors," *Solis*, 463 B.R. at 252, as it has agreed to stay its case pending Judge Gerber's ruling on the motions to enforce "for all . . . purposes" other than to file this instant motion. (GM's Opp'n, Ex. F at 9).

on the deterrence of other entities"); *United States v. Seitles*, 106 B.R. 36, 39 (S.D.N.Y. 1989)

(ruling that the police-power exception did not apply because the action involved "no threat to

public health or safety" and the "civil action . . . does not serve to stop any continuing

misconduct by the debtor."), *vacated pursuant to settlement*, 742 F. Supp. 1275 (S.D.N.Y. 1990).

In 1991, however, the Supreme Court rejected the argument that courts applying the

police-power exception must first decide whether the proposed exercise of police or regulatory

power is "legitimate," finding that such a "broad reading . . . would require bankruptcy courts to

scrutinize the validity of every administrative or enforcement action brought against a bankrupt

entity." *Bd. of Governors of Fed. Reserve Sys. v. MCorp Fin., Inc.*, 502 U.S. 32, 40 (1991). The

Court concluded that "[s]uch a reading is problematic, both because it conflicts with the broad

discretion Congress has expressly granted many administrative entities and because it is

inconsistent with the limited authority Congress has vested in bankruptcy courts." *Id.* Since that

decision, most courts analyzing the police-power exception have looked not to the subjective

merits of a governmental entity's exercise of its police power in a given case, but rather "only to

the purpose of the law that the governmental unit is attempting to enforce." *In re Enron Corp.*,

314 B.R. 524, 535 (S.D.N.Y. 2004). As the Fourth Circuit has put it, "[t]he inquiry is objective:

we examine the purpose of the law that the state seeks to enforce rather than the state's intent in

enforcing the law in a particular case." *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846,

865 (4th Cir. 2001). Such an inquiry, courts have reasoned, is not only more consistent with the

Supreme Court's analysis in *MCorp*, but also avoids a subjective inquiry into a governmental

entity's motive and intent that is inevitably "amorphous and speculative." *In re Commonwealth

Cos., Inc.*, 913 F.2d 518, 523 n.6 (8th Cir. 1990) (internal quotation marks omitted).

In light of the foregoing — and mindful of its obligation to resolve all doubts against

removability, *Purdue Pharma,* 704 F.3d at 213 — the Court concludes that this case falls within

the police-power exception.  Viewed objectively, Plaintiff's UCL claims meet the "public

purpose" test, as the Ninth Circuit has held that "[a] civil action brought by a governmental

entity under [the UCL] is fundamentally a law enforcement action designed to protect the public

and not to benefit private parties."  *City & Cnty. of San Francisco v. PG & E Corp.*, 433 F.3d

1115, 1125-26 (9th Cir. 2006) (internal quotation marks omitted). [4]  And just as this case is

"fundamentally a law enforcement action designed to protect the public," *id.*, it does not "relate[]

primarily to the protection of the government's pecuniary interest," *In re Universal Life Church,

Inc.*, 128 F.3d 1294, 1297 (9th Cir. 1997).  There is no indication, for example, that UCL and

FAL actions filed by governmental entities are brought primarily to confer financial benefit upon

the state; to the contrary, the only form of monetary relief sought in this case — civil penalties

— is a well-established "'means of securing obedience to statutes validly enacted under the

police power.'"  *California ex rel. Brown v. Villalobos*, 453 B.R. 404, 413 (D. Nev. 2011)

(quoting *Hale v. Morgan,* 22 Cal. 3d 388, 398 (1978)).  Such penalties are primarily "punitive in

nature" and "are part of the enforcement mechanism" of consumer protection laws like the UCL

and FAL.  *Missouri ex rel. Koster v. Portfolio Recovery Assocs., Inc.*, 686 F. Supp. 2d 942, 948

(E.D. Mo. 2010); *cf. People v. the State of California v. Purdue Pharma L.P.*, No. 14-CV-1080

---

[4]      In arguing that the police-power exception does not apply, New GM relies heavily on *In
Chateaugay Corp.*, *Seitles*, and *Enron*.  (GM's Opp'n 15-16).  As noted above, however,
*Chateaugay* and *Seitles* reflect a subjective approach to the pecuniary purpose test that has since
been reconsidered by many courts.  *See Parkway Hosp., Inc.*, 351 B.R. at 289 n.8.  And while the
*Enron* Court noted the shift away from a subjective analysis, *see* 314 B.R. at 534-35, it
"curiously" applied the subjective approach in finding, for case-specific reasons, that the police-
power exception did not apply.  *Parkway Hosp., Inc.*, 351 B.R. at 289 n.8; *see Enron*, 314 B.R.
at 538-39.  For these reasons, the Court declines to follow *Chateaugay Corp.*, *Seitles*, and *Enron*.

09-50026-mg    Doc 13195-1    Filed 06/11/15    Entered 06/11/15 16:31:25    Exhibit 1

(JLS), 2014 WL 6065907, at *4 (C.D. Cal. Nov. 12, 2014) (noting that "civil penalties paid

under the UCL and FAL . . . may be used only for the future enforcement of California's

consumer protection laws," and citing *People v. Pacific Land Research Co.*, 20 Cal. 3d 10, 17,

(1977), for the proposition that a state consumer protection action "seeking civil penalties and

injunctive relief is 'fundamentally a law enforcement action designed to protect the public and

not to benefit private parties'").  The monetary remedies available to Plaintiff through the UCL

and FAL are thus means of reaching the ultimate goal of such actions — deterring fraud and

unfair trade practices by California corporations — not the ultimate goal itself.[5]

     In arguing otherwise, New GM observes that Plaintiff's role in this action is

"indistinguishable" from the plaintiffs' role in *Andrews v. General Motors LLC*, No. 14-CV-

5351 — a similar, but *private*, action pending in the MDL.  "[I]t simply cannot be," New GM

asserts, "that Congress intended for a local governmental authority — like the Orange County

Plaintiff here — to be able to hire a plaintiffs' firm to do no more than refile a private civil suit in

the name of the State and thereby deprive a defendant of its right to a federal forum."  (GM's

Opp'n 18).  But that argument is little more than *ipse dixit*, and unpersuasive *ipse dixit* at that.

By its terms, the police-power exception applies only to civil actions brought by a "governmental

unit."  28 U.S.C. § 1452(a); *see also* 11 U.S.C. § 362(b)(4).  Thus, the identity of the plaintiff is

---

[5]    Additionally, the legislative history — cited approvingly by the Second Circuit — plainly
supports application of the police-power exception to consumer protection actions such as the
one before this Court.  *See City of N.Y. v. Exxon Corp.*, 932 F.2d 1020, 1024 (2d Cir. 1991)
("'[W]here a government unit is suing a debtor to prevent or stop violation of fraud,
environmental protection, consumer protection, safety, or similar police or regulatory laws, or
attempting to fix damages for violation of such a law, the action or proceeding is not stayed
under the automatic stay.'" (quoting S. Rep. No. 989, 95th Cong. 2d Sess. at 52 (1978); H.R.
Rep. No. 595, 95th Cong. 2d Sess. at 343 (1978), U.S. Code Cong. & Admin. News 1978, pp.
5787, 5838, 6299) (emphasis omitted)).

not merely relevant — it can indeed mean the difference between whether the exception applies and whether it does not. *See, e.g.*, *Parkway Hosp.*, 351 B.R. at 290-91; *see also, e.g.*, *In re Reliance Grp. Holdings, Inc.*, 273 B.R. 374, 387-89 (E.D. Pa. 2002) (holding that a suit brought by the Pennsylvania insurance commissioner in her capacity as a liquidator was not an action by a "governmental unit" and thus did not fall within the police-power exception). In *Parkway Hospital*, for example, the Court held that the exception applied to *qui tam* claims under the False Claims Act where the Government had intervened. *See* 351 B.R. at 283-91. Applying the plain language of the statute, however, the Court held that the exception did *not* apply to the claims in which the Government did not intervene — even though it could "certainly be said" that they were brought by the *qui tam* relator "on behalf of a governmental unit or for a governmental unit." *Id.* at 290-91 (internal quotation marks omitted).

New GM also insists that Plaintiff's interpretation of the police-power exception allows for the exception to swallow the rule, by mandating that "*any* action brought by a governmental unit against a private business is automatically a police-power action." (GM's Opp'n 16). New GM's argument is overstated, however, as the police-power exception does not apply to "any" action by a governmental unit; it applies only to actions brought pursuant to laws with the primary purpose of enforcing a State's police power, as opposed to those intended to further a state's pecuniary interests. Additionally, New GM's alternative interpretation of the police-power exception suffers from its own problems. It would require courts to delve into the true motives of governmental units — at best, an "amorphous and speculative" task and, quite likely, an impossible task. *In re Commonwealth Cos., Inc.*, 913 F.2d at 523 n.6.[6] Finally, to the extent

---

[6]   New GM's position in this case, for example, rest on highly subjective, not to mention speculative, arguments about Plaintiff's purpose in bringing this enforcement action, based on

that New GM has a valid complaint, it should be directed to Congress.  That is, this Court's task

is not to decide whether the police-power exception is good policy.  It is to apply the statutory

language as written.  For the reasons stated above, and in light of "developing precedent

regarding the application of the [police-power] exception," the Court concludes that GM's

interpretation is unpersuasive, and that the exception applies to this case.  *Parkway Hosp.*, 351

B.R. at 285.  Accordingly, Section 1452(a) did not provide a basis for removal.

## B.  Federal Question Jurisdiction

New GM argues, in the alternative, that there is federal jurisdiction over this matter

pursuant to Section 1331, the federal-question statute.  As a general matter, a claim falls within

the scope of Section 1331 "only [in] those cases in which a well-pleaded complaint establishes

either that federal law creates the cause of action or that the plaintiff's right to relief necessarily

depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Constr.*

*Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983).  At the same time, a "plaintiff

cannot avoid removal by declining to plead 'necessary federal questions.'"  *Romano v. Kazacos*,

609 F.3d 512, 518-19 (2d Cir. 2010) (quoting *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998));

*see Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005) ("[A] plaintiff may not defeat

federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state

law where the plaintiff's suit is, in essence, based on federal law.").  Applying that principle, the

Supreme Court has held that "in certain cases federal-question jurisdiction will lie over state-law

claims that implicate significant federal issues."  *Grable & Sons Metal Prods., Inc. v. Darue

Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  The doctrine — known as the "substantial federal

---

alleged contingency fee arrangements and settlements in other, unrelated actions.  (*See* GM's
Opp'n 18-20).

question doctrine" — "captures the commonsense notion that a federal court ought to be able to

hear claims recognized under state law that nonetheless turn on substantial questions of federal

law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal

forum offers on federal issues." *Id.; see generally Standard & Poor's*, 2014 WL 2481906, at *9.

Pursuant to the substantial federal-question doctrine, "federal jurisdiction over a state law

claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and

(4) capable of resolution in federal court without disrupting the federal-state balance approved by

Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013). In *Grable*, the leading modern case

on the substantial federal-question doctrine, the Supreme Court found federal jurisdiction proper

in part because the federal issue in dispute — whether a plaintiff in a quiet title action had

received proper notice from the Internal Revenue Service of the sale of his seized property —

"appear[ed] to be the only legal or factual issue contested in the case." 545 U.S. at 315. Further,

and importantly, the Court found that "jurisdiction over actions like Grable's would not

materially affect, or threaten to affect, the normal currents of litigation" because "it is the rare

state quiet title action that involves contested issues of federal law." *Id.* at 319. The Supreme

Court has since emphasized that *Grable* confers federal jurisdiction in only a "special and small

category" of cases, *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006), and

that if the federal issue presented is not "a nearly pure issue of law," but rather "is fact-bound

and situation-specific," federal jurisdiction may not be appropriate, *id.* at 700-01 (internal

quotation marks omitted).

Contrary to New GM's assertions, "[t]his case cannot be squeezed into the slim category

*Grable* exemplifies." *Id.* at 701. Plaintiff's claims arise solely under California state law. And

although the UCL claims are predicated, in part, on alleged violations of federal law — namely,

the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. §§ 30101 *et seq.*, as amended by

the Transportation Recall, Enhancement, Accountability, and Documentation Act, 49 U.S.C. §§

30101-30170 (the "TREAD Act" and, together with the National Traffic and Motor Vehicle

Safety Act, the "Motor Vehicle Safety Act") — the alleged federal law violations are anything

but the "only" issues contested in the case.  Instead, as Plaintiff notes, the claims for violations of

the UCL and FAL are premised on various allegedly deceptive practices by New GM, "for which

violation of the TREAD Act is only one small part of multiple bases for liability."  (Pl.'s Reply

Mem. 10 (emphasis omitted)).  Second, the federal issues at play in this case are not "nearly

pure" issues of law.  Whether or not New GM complied with the TREAD Act (*see, e.g.*, Am.

Compl. ¶ 252) turns on, among other things, what New GM knew about the alleged defects in its

vehicles and when — a highly "fact-bound and situation-specific" inquiry.  *Empire*

*Healthchoice*, 547 U.S. at 701.  Finally, it is not the "rare" state consumer protection suit that

involves alleged violations of federal law; instead, "[s]tate courts frequently handle state-law

consumer protection suits that refer to or are predicated on standards set forth in federal statutes."

*Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 676 (9th Cir. 2012).  Allowing federal courts to

exercise jurisdiction over these types of suits, therefore, would have far more than "a

microscopic effect on the federal-state division of labor."  *Grable*, 545 U.S. at 315.  In short, this

case is "poles apart" from *Grable*.  *Empire Healthchoice*, 547 U.S. at 700.

## CONCLUSION

For the foregoing reasons, the Court concludes that subject-matter jurisdiction is lacking

with respect to this case and that the case must be remanded to the Orange County Superior

Court from which it was removed.  The Court recognizes that that conclusion comes with a cost.

As this Court has observed, "[p]utting aside the natural temptation to find federal jurisdiction

every time a [high] dollar case with national implications arrives at the doorstep of a federal court, the federal courts undoubtedly have advantages over their state counterparts when it comes to managing a set of substantial cases filed in jurisdictions throughout the country." *Standard & Poor's*, 2014 WL 2481906, at *27 (internal quotation marks and brackets omitted).  The present MDL illustrates many of those advantages, as the Court has been able to manage and oversee the claims of well over a thousand plaintiffs in a manner that promotes efficiency and minimizes the risks of inconsistent rulings and unnecessary duplication of efforts.  Nevertheless, as the Court has made clear, it also has tools to promote coordination with related cases pending in state court, whether through communication with judges presiding over those cases or, where counsel in those cases is among the leadership in the MDL (as in this case), through counsel.  (*See* 14-MD-2543, Order No. 15 (Docket No. 315) (establishing procedures for coordinated discovery in this MDL and related state court proceedings).  "[I]n any event, as any student of the Constitution knows, efficiency is not the only interest served by this country's federalist system of state and federal courts." *Standard & Poor's*, 2014 WL 2481906, at *27.

In the final analysis, this Court is not free to disregard or evade "[t]he limits upon federal jurisdiction, whether imposed by the Constitution or by Congress." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  For the reasons stated above, the Court concludes that this case exceeds the limits of federal jurisdiction imposed by Congress.  Accordingly, Plaintiff's motion is GRANTED, and the case is remanded back to the Orange County Superior Court.

The Clerk of Court is directed to terminate 14-MD-2543 Docket No. 335 and 14-CV-7787 Docket No. 43, to remand 14-CV-7787 back to the Orange County Superior Court, and to then close 14-CV-7787.

SO ORDERED.

Date:   November 24, 2014
New York, New York

_____
JESSE M. FURMAN
United States District Judge