# Exhibit 4

  

June 11, 2015

*Via Electronic Court Filing*

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York

  Re: *In re: General Motors LLC Ignition Switch Litigation*,
    14-MD-2543 (JMF); 14-MC-2543

Dear Judge Furman:

  Pursuant to this Court's Order No. 8 § IV.B, counsel for General Motors LLC ("New GM") and Lead Counsel – having met and conferred on multiple occasions with each other and having conferred with counsel for the other Defendants – submit this joint letter setting forth the parties' tentative agenda for the June 16, 2015 Status Conference. The parties believe that the Court does not need to allot more than three hours for the Status Conference.

  **1.** **Status of Bankruptcy Proceedings.**

  On June 1, 2015, Judge Gerber entered: (i) a Judgment ("Judgment") related to the Bankruptcy Court's April 15, 2015 Decision on Motion to Enforce Sale Order; and (ii) an Order certifying the Judgment for Direct Appeal to Second Circuit ("Certification Order"). Notices of Appeal with respect to the Judgment have been filed with the Bankruptcy Court. Pursuant to the Certification Order, with certain exceptions, appellate proceedings (including, but not limited to, the filing of briefs or motions) with respect to the appeal of the Judgment are stayed pending a decision from the Second Circuit as to whether it will hear the appeal of the Judgment. The following deadlines were not stayed pursuant to the Certification Order: (i) the time for filing notices of appeal with respect to the Judgment; (ii) the time for filing the designation of the record on appeal; and (iii) the time for filing any statement of issues on appeal.

  It is Plaintiffs' position that, per the terms of the Judgment, the Ignition Switch Plaintiffs contemplate filing, *inter alia*: (i) a No Stay Pleading for certain claims in the Pre-Sale Consolidated Complaint; (ii) No Strike Pleadings for the Post-Sale Consolidated Complaint and State Lawsuits; and (iii) an Objection / No Dismissal / GUC Trust Asset Pleading for Non-Ignition Switch Plaintiffs (collectively, "Judgment Pleadings"). The Ignition Switch Plaintiffs further contemplate filing a proposed class proof of claim against Old GM and seek related relief (the "Class Claim Pleading"). Contemporaneously with the Judgment Pleadings and the Class Claim Pleading, the Ignition Switch Plaintiffs intend to file an omnibus motion to withdraw the reference to the Bankruptcy Court related thereto. Likewise, certain Ignition Switch Pre-Closing Accident Plaintiffs intend to file late proofs of claim against Old GM and pursue related relief.

09-50026-mg Doc 13195-4 Filed 06/11/15 Entered 06/11/15 16:31:25 Exhibit 4
Pg 3 of 5
Case 1:14-md-02543-JMF Document 1053 Filed 06/11/15 Page 2 of 4

The Honorable Jesse M. Furman
June 11, 2015
Page 2

New GM notes that Lead Counsel, on behalf of various categories of plaintiffs, describes "contemplat[ing]" the filings set forth above. New GM will review any such filings, including any amendments to the Pre-Sale Consolidated Complaint and/or the Post-Sale Consolidated Complaint, if and when they are made and respond appropriately. However, at least some of the filings contemplated by Lead Counsel would violate the express terms of the Bankruptcy Court's Judgment. New GM reserves the right to seek any further relief before the Bankruptcy Court as may be required should Plaintiffs act in contravention of the Judgment.

Finally, on June 3, 2015, Wilmington Trust Company, as GUC Trust Administrator and Trustee, filed a motion to, inter alia, exercise New GM warrants and liquidate stock [ECF No. 13186] (the "GUC Trust Motion"). The Ignition Switch Plaintiffs intend to object to, and may seek withdrawal of the reference of, the GUC Trust Motion to the extent that the GUC Trust Administrator seeks to make distributions while the appeal is pending. New GM will review any pleadings filed by Plaintiffs and if and when they are made and will respond appropriately.

### 2. Timing and Scope of Motion Practice on Amended Consolidated Complaint.

The parties will be prepared to discuss their preliminary views regarding the timing and scope of motion practice on plaintiffs' amended consolidated complaint, which is due to be filed on June 12, 2015, pursuant to Order No. 51 Section VII.

### 3. Timing of Motion Practice on Reinstated Individual Economic Loss Complaints.

In accordance with Order No. 51, Section VII, the parties will be prepared to address the timing of motion practice on any factual predicates and legal claims that are alleged in any individual economic loss complaints that are not included in the amended consolidated complaint.

### 4. Coordination in Related Actions.

The parties will be prepared to address their ongoing coordination efforts and emerging coordination risks in Related Actions (*See* Order No. 15, Doc. No. 315).

### 5. New GM's Document Production.

New GM continues to comply with its rolling production obligations and deadlines set forth in the Court's orders. To date, New GM has produced into the MDL 2543 Document Depository more than 1.37 million documents (totaling over 9.9 million pages). New GM anticipates making several additional productions in the next few weeks as its rolling Phase Two and deponent custodial productions continue.

### 6. Deposition Update.

To date, the parties have conducted 160 depositions, including 147 depositions of Category 3 – 6 witnesses (case-specific witnesses, *see* Order No. 43, Doc. No. 744) and thirteen depositions of Category 1 witnesses (current or former General Motors' employees, *see id.*), and dates for the depositions of an additional 43 Category 1 witnesses have been confirmed. The parties will be

09-50026-mg    Doc 13195-4    Filed 06/11/15    Entered 06/11/15 16:31:25    Exhibit 4
Pg 4 of 5
Case 1:14-md-02543-JMF   Document 1053   Filed 06/11/15   Page 3 of 4

The Honorable Jesse M. Furman
June 11, 2015
Page 3

prepared to propose a briefing schedule with respect to issues regarding the deposition of New GM's outside counsel Anton Valukas.

### 7. Bellwether Trial Scheduling Submissions.

Pursuant to Order No. 25 Paragraph 49, on July 15, 2015, the parties will be "submit[ting] letter briefs proposing the order of [Early Trial Cases] and setting forth the parties' rationales for their proposed orders." *Id*. The parties would like the Court's guidance on issues regarding these submissions, including page length and what information the Court would find useful in considering the parties' submissions.

### 8. Inspection and Testing of Ignition Switches.

On May 20, 2015, New GM delivered to Lead Counsel 100 ignition switches for inspection and testing in accordance with Preservation Order No. 7 (Doc. No. 881).

### 9. Additional Documents that New GM Has Produced to the U.S. Government.

The parties are continuing to meet and confer regarding production of documents that New GM has produced to the U.S. Government and will promptly propose a briefing schedule should the parties be unable to resolve any issues through the meet and confer process.

### 10. New GM Confidential Information Referenced in Plaintiffs' Motion to Compel King & Spalding.

On June 10, 2015, in accordance with the Court's June 2, 2015 Memo Endorsement, Plaintiffs filed a motion to compel production of documents from New GM outside counsel King & Spalding LLP. In conjunction with that filing, Plaintiffs requested that the Court temporarily seal New GM's Confidential Information referenced in and attached to Plaintiffs' Motion. The parties will meet and confer regarding whether these documents should remain under seal pursuant to the terms of Order No. 10 (Doc. No. 294) and will propose a briefing schedule for any unresolved issues.

### 11. Treatment of Non-Confidential Discovery Material.

The parties disagree regarding the appropriate treatment of non-confidential documents and testimony produced in discovery and will be prepared to propose a briefing schedule.

### 12. New GM's Objections and Responses to Plaintiffs' First Set of Interrogatories.

The parties continue to meet and confer regarding New GM's objections and responses to Plaintiffs' First Set of Interrogatories.

### 13. Settlement.

The parties continue to discuss possible resolution mechanisms.

09-50026-mg  Doc 13195-4  Filed 06/11/15  Entered 06/11/15 16:31:25  Exhibit 4
Case 1:14-md-02543-JMF  Document 1053  Filed 06/11/15  Page 4 of 4
Pg 5 of 5

The Honorable Jesse M. Furman
June 11, 2015
Page 4

Respectfully,

| /s/ Steve W. Berman | /s/ Elizabeth J. Cabraser | /s/ Bob Hilliard |
|---|---|---|
| Steve W. Berman | Elizabeth J. Cabraser | Bob Hilliard |
| **Hagens Berman Sobol Shapiro LLP** | **Lieff Cabraser Heimann & Bernstein, LLP** | **Hilliard Muñoz Gonzales L.L.P.** |
| 1918 Eighth Ave. | 275 Battery Street | 719 S Shoreline Blvd |
| Suite 3300 | 29th Floor | Suite #500 |
| Seattle, WA 98101 | San Francisco, CA 94111-3339 | Corpus Christi, TX 78401 |
| -and- | -and- | |
| 555 Fifth Avenue | 250 Hudson Street | |
| Suite 1700 | 8th Floor | |
| New York, NY 10017 | New York, NY 10013-1413 | |

cc: Counsel of Record for Defendants