Gary Peller  RETURN DATE: JUNE 29, 2015
600 New Jersey Avenue, N.W.
Washington, DC 20001
(202) 662-9122
peller@law.georgetown.edu
Counsel for Plaintiffs

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                    :    Chapter 11
                                                         :
MOTORS LIQUIDATION COMPANY, *et al.*,  :    Case No. 09-50026 (REG)
       f/k/a General Motors Corp., *et al.*    :
                                                         :
                  Debtors.    :    (Jointly Administered)
-----------------------------------------------------------------x

-----------------------------------------------------------------x
SHARON BLEDSOE et al.                        :    Case No. 1:14-cv-7631 (JMF)
                                                         :
   v.                                                :
                                                         :
GENERAL MOTORS LLC et al.               :
-----------------------------------------------------------------x

# *BLEDSOE* PLAINTIFFS' MOTION TO AMEND FINDINGS PURSUANT TO FRBP 7052, FOR REARGUMENT PURSUANT TO LOCAL BANKRUPTCY RULE 9023.1, TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FRBP 9023, AND FOR RELIEF FROM THE JUDGMENT PURSUANT TO FRBP 9024

Sharon Bledsoe, Celestine Elliott, Lawrence Elliott, Tina Farmer, Paul Fordham,

Momoh Kanu, Tynesia Mitchell, Dierra Thomas and James Tibbs, (**"the Bledsoe**

**Plaintiffs"**), through undersigned counsel,[1] hereby move for relief with respect to the

---

[1] Counsel is aware of the Court's prior statements regarding arguments presented to the Court and affirms that he has a good faith basis for presenting this motion because, as explained below, the *Bledsoe* Plaintiffs were precluded from being heard regarding the "threshold issues," *See Bledsoe Plaintiff's Brief in Support of their Motion for Relief Related to the Court's Judgment of June1,* at 6-13; the Court's prior disposition of their subject matter jurisdiction arguments were explicitly preliminary to its now completed construction of the SOI, *id.*, at 9; they present new Second Circuit authority to support jurisdictional contentions, *id. at 17,* Lead and Designated counsel have each adopted the *Bledsoe* Plaintiffs' subject matter jurisdiction arguments, *see, Responsive Brief of Designated Counsel for Pre-closing Accident Plaintiffs on Threshold Issues*, at 39;

1

Court's Judgment of June 1, 2015, Doc. No. 13177 ("**Judgment**"), issued with respect to GM's Motions to Enforce ("**MTE**").

1. Pursuant to FRBP 7052, the *Bledsoe* Plaintiffs move for the Court to amend its finding that the 2009 Sale Order and Injunction ("**SOI**") encompasses their independent and non-derivative claims against General Motors LLC ("**New GM**") for its own wrongdoing because construing the SOI to treat such claims as "retained liabilities" of Old GM is illogical and unsupportable.

2. They also move for the Court to amend its finding that the Judgment applies to the *Bledsoe* Plaintiffs on the ground that the record is clear that they had no opportunity to be heard during the proceedings regarding the "threshold issues" and accordingly may not be precluded by any Judgment resolving those proceedings.

3. Pursuant to Local Rule 9023.1, they seek reargument regarding whether the *Bledsoe* Plaintiffs may be bound by the SOI consistent with the Due Process Clause, and an amendment of the Judgment to exempt each of their independent, non-derivative claims from its reach. Failing to distinguish a bankruptcy court's *in rem* from its *in personam* powers, the Court and the Identified Parties looked to the wrong due process rules to determine whether those, like the *Bledsoe* Plaintiffs, asserting wholly *in personam* claims against New GM, are bound by the SOI, resulting in manifest error.

4. The Court and the Identified Parties treated Plaintiffs owning cars made by Old GM and asserting claims against New GM as if they were "creditors" of Old GM, and

---

Plaintiffs' Brief Re: General Motors Llc's Obligation To Answer Or Otherwise Respond To Plaintiffs' Post-Sale Consolidated Complaint, 14-md-2543-JMF, at 10-11, the Court earlier deferred consideration of their due process arguments pending the determination of the "threshold issues," but the Court failed to consider the arguments that the *Bledsoe* Plaintiffs make in its disposition of issues, *id.* at 7-8; and counsel has confirmed with other experts in the fields of bankruptcy and constitutional law that there is a good faith basis for each of the arguments contained herein. Counsel also represents that issues are presented to ensure their preservation for appeal.

2

considered whether notice accorded was sufficient according to the specialized bankruptcy regime of due process rights—distinguishing, for example, between "known" and "unknown" creditors regarding the prerequisites to foreclose creditors' *in rem* interests in the debtor's property. In determining that prejudice was required to make out a due process violation in these circumstances, the Court relied on finality interests that are relevant solely to orders issued pursuant to the Court's *in rem* jurisdiction. Because the *Bledsoe* Plaintiffs assert non-successor liability claims that are wholly *in personam* against New GM for breaches of independent, non-derivative duties New GM owed Plaintiffs, and because with respect to such claims they never were "creditors" of Old GM, however, the specialized bankruptcy due process regime applicable to the Court's exercise of its *in rem* jurisdiction does not apply. Instead, the more stringent due process regime that generally governs the preclusion of *in personam* claims—the same rules that determine preclusion of absent class members under FRCP 23--determines whether the *Bledsoe* Plaintiffs are or ever were bound by the SOI. The finality interests that pertain to the preclusive effect of *in rem* orders are irrelevant to such an inquiry, and no showing of prejudice is required. Because there is no dispute that they were not accorded the constitutionally required notice and opportunity to be heard before its entry, the *Bledsoe* Plaintiffs were never bound by the SOI.

5.  The Judgment should be amended in any event because, even on the Court's analysis that prejudice is required, Ms. Bledsoe, a pre-Sale accident victim, was prejudiced in the same way as pre-Sale purchasers of Old GM cars alleging economic loss in that the Sale Order is "overbroad" with respect to her independent, non-derivative claims as well. The Court failed to consider the possibility that pre-Sale accident victims may have

3

"Independent" claims against New GM for its own wrongdoing, claims that they should be able to pursue on the Court's own mistaken reasoning.

6. The Judgment should also be amended to distinguish between successor liability claims based on a mere continuation of the lawful business of the debtor and successor liability claims alleging, as here, the continuation of unlawful business practices of the debtor, on the ground that the latter claims are beyond the legitimate interests of bankruptcy law and may not be extinguished by a Sale Order nor enjoined in furtherance of a "free and clear" sale.

7. In addition, the Judgment should be amended so that it is limited to the construction of the SOI, and does not enjoin the *Bledsoe* Plaintiffs in any way, on the ground that the Court has no power to issue successive injunctions. New GM's exclusive remedy for alleged violations of the SOI is to seek enforcement of the SOI through a contempt motion. Because New GM failed to (and could not possibly) establish the requisite elements for holding the *Bledsoe* Plaintiffs in contempt, they are entitled no relief by way of their motion, and it was manifest error for the Court to impose injunctive measures in its Judgment.

8. Because the Court has no power to issue any final judgment of the *Bledsoe* Plaintiffs' state law claims against New GM, it may neither censor the contents of Plaintiffs' pleadings pending before other courts nor do indirectly what it cannot do directly by ordering plaintiffs to take prejudicial action in their state law actions that this Court has no constitutional authority to take itself. The Judgment should be amended to reflect the appropriate limits of the Court's power.

9. Pursuant to FRBP 9034, the *Bledsoe* Plaintiffs move for relief from the judgment because the Judgment is void as to them for the following reasons:

a) The Court has no subject matter jurisdiction over their independent, non-derivative claims against New GM. Because they did not participate in those proceedings and were not accorded the constitutionally required notice of them, the *Bledsoe* Plaintiffs are not precluded by the SOI and are free to challenge the subject matter jurisdiction of the Court to enjoin their independent, non-derivative claims. And because the Court has no jurisdiction to enjoin such purely *in personam* claims that are not conceivably "related to" the property of Old GM, the Court lacks jurisdiction over the *Bledsoe* Plaintiffs' claims;

b) As explained above, with respect to their independent, non-derivative claims against New GM, the *Bledsoe* Plaintiffs are not and were never bound by the SOI because they never received the requisite notice and opportunity to be heard regarding that order; and

c) The *Bledsoe* Plaintiffs are not bound by the Court's Judgment regarding its disposition of "threshold issues" regarding New GM's MTE because they had no opportunity to be heard during those proceedings.

The grounds for this motion are more fully elaborated in the Brief the *Bledsoe* Plaintiffs submit in support of the motion.

        Respectfully submitted,

        /s/ Gary Peller_____
        Gary Peller
        Counsel for the *Blesdoe* Plaintiffs
        600 New Jersey Ave. NW
        Washington, DC 20001
        (202) 662-9122
        peller@law.georgetown.edu