# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENJAMIN W. PILLARS,

                Plaintiff,                        Case No. 15-cv-11360

v                                        Honorable Thomas L. Ludington

GENERAL MOTORS LLC,

                Defendant.

_____/

## ORDER GRANTING MOTION TO STAY, STAYING CASE, AND CANCELLING HEARING

On June 1, 2009, General Motors Corporation sought bankruptcy protection. About one month later, General Motors Corporation entered into a bankruptcy approved Amended and Restated Master Sale and Purchase Agreement with General Motors LLC—the Defendant in the instant case.  Subsequently, General Motors LLC acknowledged that some of General Motors Corporation's employees were aware of the fact that its vehicles had a defective ignition system.

On March 23, 2015, Plaintiff Benjamin Pillars filed suit in Bay County Circuit Court against General Motors LLC on behalf of his deceased wife, Kathleen Ann Pillars.  Plaintiff claims that Kathleen Pillars lost control of her vehicle when the defective ignition switch in her vehicle unexpectedly went to the off position, causing the automobile accident that rendered her incapacitated and eventually resulted in her death.

On April 14, 2015, Defendant General Motors LLC removed the case to this Court, claiming that the proceedings are subject to the core jurisdiction of the New York Bankruptcy Court under 28 U.S.C. §§ 157(b) and 1334(b) because the proceedings relate to the interpretation and enforcement of the 2009 Sale Order.  General Motors LLC further indicated that it would

apply to transfer the case to the Judicial Multidistrict Litigation Panel ("JMPL") assigned to the faulty ignition switch cases in the Southern District of New York.[1]

On May 6, 2015, Plaintiff filed a motion to remand the case back to the Bay County Circuit Court, claiming that the bankruptcy statute does not apply to the facts and circumstances of this case and that this Court lacks subject matter jurisdiction.

On May 26, 2015, Defendant filed a motion to stay the proceedings. Defendant explained that the JMPL had previously issued an order conditionally transferring this case to the MDL in New York. Plaintiff filed an objection to the order, and therefore the parties have recently finished briefing the issue of whether this case should be transferred to the MDL. The parties are therefore currently waiting for a decision from the JMPL on whether this case will be transferred to the MDL.

Because Plaintiff's objection to transfer is still pending before the JMPL, Defendant's motion to stay will be granted. If the JMPL overrules Plaintiff's objection and transfers the case to New York, then any further proceedings here—including Plaintiff's pending motion to remand—will be obviated. To conserve judicial resources, the most appropriate course of action is to stay the instant case until the JMPL has determined whether the case belongs in the MDL in New York.

Accordingly, it is **ORDERED** that Defendant General Motors LLC's Motion to Stay (ECF No. 9) is **GRANTED**.

It is further **ORDERED** that this case is **STAYED**.

---

[1] On June 9, 2014, the Judicial Panel on Multidistrict Litigation "designated the United States District Court for the Southern District of New York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or consolidated proceedings in the Ignition Switch Actions." Removal ¶ 5.

It is further **ORDERED** that Defendant General Motors LLC is **DIRECTED** to notify the Court of the JMPL's decision within seven days of that decision by filing notice on the docket.

It is further **ORDERED** that the August 19, 2015 motion hearing is **CANCELLED**.


<u>s/Thomas L. Ludington</u>
THOMAS L. LUDINGTON
United States District Judge

Dated: June 12, 2015


---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 12, 2015.

<u>s/Karri Sandusky</u>
Karri Sandusky, Acting Case Manager

---