Slip Copy, 2014 WL 5365452 (W.D.La.)

<u>Motions, Pleadings and Filings</u>
<u>Judges and Attorneys</u>
Only the Westlaw citation is currently available.

United States District Court,
W.D. Louisiana,
Lake Charles Division.
Fayez and Amal SHAMIEH
v.
HCB FINANCIAL CORP. et al.

No. 2:14-cv-02215.
Signed Oct. 21, 2014.

<u>Hunter W. Lundy</u>, <u>Candace Pousson Howay</u>, <u>Troy Houston Middleton, IV</u>, Lundy Lundy et al., Lake Charles, LA, for Fayez and Amal Shamieh.

<u>Robin Bryan Cheatham</u>, <u>Scott Robert Cheatham</u>, Adams & Reese, New Orleans, LA, <u>Winfield Earl Little, Jr.</u>, Lake Charles, LA, for HCB Financial Corp. et al.

*MEMORANDUM RULING*

KATHLEEN KAY, United States Magistrate Judge.
*1 Before the Court is a motion to remand filed by the plaintiffs Fayez and Amal Shamieh in response to a Notice of Removal filed by defendant HCB Financial Corp. (hereinafter HCB). For the reasons set forth below, the motion is hereby **GRANTED.**

## I. FACTS & PROCEDURAL HISTORY
*A. The Mortgage Transfers.*
On April 28, 2006, Estephan Daher and the plaintiffs executed a mortgage and promissory note for $832,000 in favor of Central Progressive Bank (CPB) for the purchase and development of property in Florida ( *see B. supra* ). Doc. 1, att. 14, pp. 14-15. In November, 2011, CPB failed and its assets and liabilities, including the mortgage, were assumed by the Federal Deposit Insurance Corporation (FDIC). Doc. 1, p. 2. On December 14, 2011, the First NBC Bank (NBC) purchased the mortgage and other former CPB assets from the FDIC. On November 30, 2013, was reassigned a third time when NBC transferred it to HCB. *Id.*

*B. The Plaintiffs' Lawsuit*
On November 30, 2012, prior to the final transfer, plaintiffs filed a petition in state court against NBC, Mark Juneau, Ralph Menetre, III, Donna Erminger, Estephan Daher, and Daher Contracting, Inc. NBC is a Louisiana Corporation domiciled in New Orleans. Juneau, Menetre, and Erminger are Louisiana domiciliaries and were former affiliates/employees of CPB. Estephan Daher and Daher Contracting, Inc. are Florida domiciliaries. Doc. 16, p. 1. After NBC transferred their interest in the mortgage to HCB, plaintiffs amended their petition to add HCB, Olin Marler, Rufus Tingle, and Kevin Tingle all Florida domiciliaries. Doc. 16, att. 2, p. 1.

The petition alleges that, after encouragement from CPB, Daher approached plaintiffs and enticed them to join him in a venture to acquire and develop a tract of Florida property. They allege that Daher and his company were insolvent and that neither Daher nor CPB ever informed the plaintiffs of those financial difficulties. Doc. 16, p. 3 The plaintiffs claim that HCB, through its predecessors, breached its fiduciary duties of professional care and good faith and conspired to defraud them when it approved the loan and mortgage in question. Against Estephan Daher and Daher Contracting, Inc. the plaintiffs raise claims of fraudulent inducement and intentional misrepresentation. They seek rescission of the mortgage and damages against the defendants. Doc. 16, p. 5

**PLAINTIFF'S EXHIBIT 1**

### C. Removal

On June 30, 2014, HCB filed an Involuntary Petition against Estephan Daher in the United States Bankruptcy Court Northern District of Florida and, on that same day, HCB filed its Notice of Removal in this court along with a motion to transfer venue to the Northern District of Florida and a motion to dismiss the plaintiffs' complaint. The plaintiffs filed this motion to remand on July 22, 2014.

### D. Arguments

Plaintiffs argue that HCB's Notice of Removal is fatally defective because (1) it was not filed within 30 days of service of the plaintiffs' amended petition and (2) HCB failed to obtain consent of all joined defendants as required by 28 USC § 1446.

*2 The defendant responds that its Notice of Removal was timely filed pursuant to 12 USC § 1819 (Financial Institutions Reform and Recovery and Enforcement Act (FIRREA)) and, alternatively, Fed. Bankr.R. 9027. The defendant claims that because HCB is a successor to the FDIC with respect to the plaintiffs' mortgage, it is entitled to benefit from the relaxed removal standards accorded the FDIC under FIRREA by way of the *D'Oench*[FN1] doctrine which extends to third party successors certain benefits given to the FDIC. In addition, the defendant asserts that the Bankruptcy Court has jurisdiction over this matter pursuant to 28 USC 1334(b) [FN2] and removal is therefore proper and timely pursuant to 28 USC 1452(a) [FN3] and Fed. Bankr.R. 9027(a)(2) [FN4]

> FN1. *D'Oench, Duhme & Co. v. Fed. Deposit Ins. Corp.*, 315 U.S. 447 (1942).

> FN2. (b) ... notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. 28 U.S.C.A. § 1334 (West)

> FN3. (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C.A. § 1452 (West)

> FN4. (a) ... (2) Time for filing; civil action initiated before commencement of the case under the Code
>
> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code ... Fed. R. Bankr.P. 9027.

Plaintiffs reply that removal under FIRREA is not available to HCB because the FDIC has never been a party to this case. They also claim that removal under bankruptcy law is improper because this court has the power to remand the case "on any equitable ground," 28 U.S.C.A. § 1452(b) (West), and moreover that it must or at least should remand the case pursuant to the mandatory and permissive abstention provisions of 28 USC 1334(c)(1) and (2).[FN5]

> FN5. (c)(1) ....nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11

or arisiactionng in a case under title 11 in respect of which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. 28 U.S.C .A. § 1334 (West)

## II. LAW & ANALYSIS

### A. FIRREA

Due to the substantial federal interest in ensuring its sustainability, the Financial Institutions Reform and Recovery and Enforcement Act of 1989 gives the FDIC significant removal power in state court actions in which it is a party. *Matter of Meyerland Co.*, 960 F.2d 512, 515 (5th Cir.1992). In addition to extending the time-limit for removal the Act also allows the FDIC to unilaterally remove even if it is realigned as a plaintiff. *F.D.I .C. v. S & I 85-1, Ltd.*, 22 F.3d 1070, 1072 (11th Cir.1994); *Matter of 5300 Mem'l Investors, Ltd.*, 973 F.2d 1160, 1162 (5th Cir.1992). While we acknowledge that this power has been held to extend even to third party institutions who later acquire assets from the FDIC, *Fed. Sav. & Loan Ins. Corp. v. Griffin*, 935 F.2d 691, 696 (5th Cir.1991); *F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 101 (2d Cir.1999); *Adair v. Lease Partners, Inc.*, 587 F.3d 238, 242 (5th Cir.2009), we cannot conclude that it does so in this case.

Here, as the plaintiffs aptly point out, the FDIC was never a party to this case. In fact the FDIC could never have been a party since the suit was not filed until after it transferred the mortgage to NBC. In addition the defendant did not acquire the mortgage directly from the FDIC but instead obtained it from NBC nearly two years after the initial transfer. In each of the cases cited above and notably in those cited by the defendant the FDIC had either been a party to the initial suit or had transferred its rights directly to the party asserting removal while litigation was still pending.

We do not accept the defendant's argument that the *D'Oench* doctrine should be applied here. *D'Oench* was codified in 12 USC § 1823(e) and protects the FDIC and its successors against claims and defenses based on secret side agreements not evidenced in writing. *FDIC v. McClanahan*, 795 F.2d 512, 515 (5th Cir.1986); *Fed. Deposit Ins. Corp. v. Castle*, 781 F.2d 1101, 1106 (5th Cir.1986). Here, we deal with § 1819 and we find that extending its broad removal powers to every successor who might happen to acquire an asset once held by the FDIC would dilute the removal restrictions of § 1446, and would expand federal jurisdiction to an overwhelming degree.

### B. Bankruptcy

*3 In 1984 Congress created a statutory distinction between "core" proceedings and "non-core" proceedings in cases under title 11. At issue in "core" proceedings are matters involving the bankruptcy petition itself. In these cases, the district courts and their bankruptcy units have both original and exclusive jurisdiction. "Non-core" proceedings on the other hand are those which merely "arise under," "arise in," or "relate to" a title 11 case. Over these matters, the district courts have original but not exclusive jurisdiction. 28 U.S.C.A. § 1334 (West); *Matter of Wood*, 825 F.2d 90, 92 (5th Cir.1987).

Since the proceeding before this court does not involve the bankruptcy petition itself we find that it is not a "core" proceeding. Therefore, in order to determine whether we may exercise jurisdiction at all, we must determine whether it is at least "related to" Daher's bankruptcy case. And we find that it is at least "related to" because resolution of Daher's liability in this matter "could *conceivably* have [an] effect on the estate being administered in bankruptcy." *Wood*, 825 F.2d at 93.

Jurisdiction is only our first hurdle, however. A district court's jurisdiction under 28 U.S.C.A. § 1334 is by no means mandatory. First, it is well-settled that removal jurisdiction is strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988); *Borne v. New Orleans Health Care, Inc.*, 116 B.R. 487, 489 (E.D.La.1990). Second, in the bankruptcy context, both the abstention provisions of 28 USC § 1334(c) and the equitable remand provision of § 1452(b) grant us wide discretion in the determination whether to hear a case or remand it to the court from which it came.

1. *§ 1334(c) Abstention & § 1452(b) Remand*

The abstention of a district court with jurisdiction under 28 USC § 1334(b) is either permissive or mandatory. As an initial matter the issue here is not mandatory abstention because the language of § 1334(c)(2) indicates that mandatory abstention is only available "upon timely motion of a party." The Fifth Circuit has recently suggested a strict construction of this provision. *In re Moore*, 739 F.3d 724, 729 (5th Cir.2014). The motion at issue here is a motion to remand, not a motion for abstention. In addition, the plaintiffs do not raise the issue of mandatory abstention in their motion to remand. Accordingly we decline to consider it here.

As to permissive abstention we are given significant guidance. As we have noted before in *Briese v. Conoco-Phillips Co.*, 2:08–CV–1884, 2009 WL 256591 (W.D.La. Feb. 3, 2009):

[I]n the Fifth Circuit, "courts have broad discretion to abstain from hearing state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'" *Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir.1996) (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir.1987) (noting that § 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case")). *Trahan v. Devon Energy Prod. Co.*, 2009 WL 56911, at *5 (W.D.La. Jan. 06, 2009); *Ford Motor Credit Co. v. AA Plumbing, Inc.*, 2000 WL 1059858, *3 (E.D.La. Aug. 2, 2000).

*4 Thus, we recognize the wide discretion granted to us in this context. But HCB reminds us that this is a single, removed proceeding and "inherent in the concept of abstention is the presence of a [parallel] state action in favor of which the federal court ... may, abstain." *KSJ Developent Co. of Louisiana v. Lambert*, 223 B.R. 677, 679 (E.D.La.1998). We do not agree. We have held to the contrary before, and we do so now. *Briese*, 2:08–CV–1884, 2009 WL 256591 (citing *Patterson v. Morris*, 337 B.R. 82, 96 (E.D.La. Jan. 25, 2006)).

As we have recognized, discretionary abstention is available even without a parallel state court proceeding because of the equitable remand provision of § 1452(b). *Id.* Consequently, the two sections operate in conjunction and are regularly discussed together. In fact, "... the considerations underlying [them] are the same." *Borne*, 116 B.R. at 494. Those considerations are non-exhaustive and have taken various forms, but perhaps the most comprehensive list can be found in *In re Republic Reader's Service, Inc.*, 81 B.R. 422 (Bankr.S.D.Tex.1987).

In summary, those factors may include: (1) the effect on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty of applicable state law, (4) the presence of a related proceeding commenced in state court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on the] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties. *In re Republic Reader's Service, Inc.*, 81 B.R. at 429 (Bankr.S.D.Tex.1987); *See also Browning v. Navarro*, 743 F.2d 1069 (5th Cir.1984).

Applying these factors to this case, we find remand proper. First and since FIRREA does not apply there is no independent basis for federal jurisdiction absent the bankruptcy petition because the parties are non-diverse and these are all state law claims. Second this is not a voluntary bankruptcy petition filed by Daher himself but an involuntary petition filed against Daher by his co-defendant HCB on the exact same day that it filed its Notice of Removal in this court. Third there are multiple non-debtor parties in this case. Fourth all of the causes of action here arise under Louisiana law and a Louisiana court would be better equipped to handle the claims than a Florida bankruptcy court.[FN6] Finally the majority of the parties in this case are domiciled in Louisiana and even HCB (Florida domiciliary) is a successor in interest to a Louisiana corporation, CPB. As such most of the parties,

witnesses, and evidence will likely be located in Louisiana. In the interest of justice, equity, and convenience the case is remanded.

> FN6. Along with its Notice of Removal, HCB also filed a Motion to Transfer Venue to the Northern District of Florida. We do not decide that issue, but we find that filing to be further indicative of HCB's attempt to forum shop.

### III. CONCLUSION

*5 For the reasons stated above, the plaintiffs' motion to remand is hereby **GRANTED**. The effect of this order is stayed for a period of fourteen (14) days to allow any aggrieved party to seek review from the district court. If no review is timely sought then the clerk will remand to the court from which this matter came.

W.D.La.,2014.
Shamieh v. HCB Financial Corp.
Slip Copy, 2014 WL 5365452 (W.D.La.)