UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| BENJAMIN W. PILLARS, as Personal Representative of the Estate of KATHLEEN ANN PILLARS, deceased, | § § § § § § § § § § § § § | CIVIL ACTION NO. |
| Plaintiffs, | | |
| v. | | |
| GENERAL MOTORS LLC, | | |
| Defendant. | | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant General Motors LLC ("New GM") removes this action from the Circuit Court of Bay County, Michigan to the United States District Court for the Eastern District of Michigan, Northern Division, pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), based on the following facts:

## BACKGROUND

1. On March 24, 2015, New GM was served with a Summons and Complaint (the "Complaint") in an action styled *Benjamin W. Pillars, as Personal Representative of the Estate of Kathleen Ann Pillars, deceased, v. General Motors LLC*, Case No. 15-3159, filed March 23, 2015, in the Circuit Court for Bay County, Michigan (the "Action").

2. The Complaint alleges claims arising out of a motor vehicle accident that allegedly occurred on November 23, 2005, when Kathleen Ann Pillars ("Pillars") was operating a 2004 Pontiac Grand Am. Compl. ¶ 4. The Complaint alleges that Pillars "lost control of her vehicle when the defective ignition switch in her vehicle went to the off position[.]" *Id.* ¶ 7. The Complaint further contends that Pillars sustained incapacitating injuries that eventually led to her death. *Id.* ¶ 9.



1

11877765v1

3.    Plaintiff Benjamin W. Pillars ("Plaintiff") brings this Action as Personal Representative of the Estate of Kathleen Ann Pillars. *Id.* ¶ 10. Plaintiff seeks recovery under theories of (1) products liability; (2) negligence; (3) Michigan Consumer Protection Act; (4) misrepresentation; (5) breach of contract, (6) promissory estoppel; (7) fraud; (8) fraudulent concealment; and (9) gross negligence. *Id.* ¶¶ 13-87.

4.    This Action is one of more than 185 actions (the "Ignition Switch Actions") filed in, or removed to, federal court since February 2014 that assert factual allegations involving defective ignition switches, including in Pontiac Grand Am vehicles. The Ignition Switch Actions have been brought in at least 38 federal district courts, including in Alabama, Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, and Texas.

5.    On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re: General Motors LLC Ignition Switch Litigation.* Subsequently, on June 9, 2014, the JPML designated the United States District Court for the Southern District of New York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or consolidated proceedings in the Ignition Switch Actions. *In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014), attached as Exhibit A. The JPML transferred an initial group of fifteen actions pending in six federal districts to the Southern District of New York after concluding that it was "undisputed" that cases alleging a defect in the vehicle ignition switch of certain New GM vehicles satisfied the requirements for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. *Id.* at 2.

2

6. More than 170 additional Ignition Switch Actions have since been filed in, or transferred to, the MDL Court, including claims to recover both for alleged economic losses and alleged personal injuries. *See generally* MDL No. 2543; *e.g.* ECF Nos. 207, 358, and 424, attached as Exhibit B (*Abney, et al. v. Gen. Motors LLC*, 14-CV-5810 (S.D.N.Y.) (alleging personal injury claims related to Pontiac Grand Am vehicles, among others); *Klingensmith v. General Motors LLC*, 14-cv-9110 (S.D.N.Y.) (alleging wrongful death and personal injury claims involving a 2000 Pontiac Grand Am and a 2002 Pontiac Grand Am); *Fleck v. Gen. Motors LLC*, 14-08176 (S.D.N.Y.) (involving more than 300 personal injury plaintiffs allegedly involved in accidents in various model vehicles, including the Pontiac Grand Am)).

7. As soon as the Clerk assigns this case a docket number, New GM will notify the JPML that this case is a tag-along action pursuant to Panel Rule 7.1. Because the ignition switch allegations in this case share "one or more common questions of fact" with the other Ignition Switch Actions, this case is appropriate for MDL transfer and consolidation with the other Ignition Switch Actions pending in the Southern District of New York. *See* 28 U.S.C. § 1407(a).

## BASIS FOR REMOVAL

8. On June 1, 2009, Motors Liquidation Company, f/k/a General Motors Corporation ("Old GM") filed a petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court").

9. On July 5, 2009, the New York Bankruptcy Court issued an order ("Sale Order and Injunction") approving the sale ("363 Sale") of substantially all of Old GM's assets to the Purchaser, defined as "NGMCO, Inc., a Delaware corporation and successor-in-interest to Vehicle Acquisition Holdings LLC, a Delaware limited liability company." The sale of assets was free and clear of all liens, claims, and encumbrances, except for certain limited exceptions not applicable here. *See* Sale

3

11877765v1

Order and Injunction attached as Exhibit C, ¶ 7. The 363 Sale was consummated on July 10, 2009. Ultimately, New GM was transferred Old GM's assets and also assumed certain limited liabilities, as outlined in the Sale Order and Injunction and Amended and Restated Master Sale and Purchase Agreement ("Sale Agreement").

10. The Sale Order and Injunction is a final order and no longer subject to any appeal.

11. Under the terms of the Sale Order and Injunction, and the Sale Agreement that it approved, all liabilities relating to vehicles and parts sold by Old GM (subject to limited exceptions not applicable here) were legacy liabilities retained by Old GM. *See* Exhibit C, ¶¶ 44-45; *see also In re Gen. Motors Corp.*, 407 B.R. 463, 481 (Bankr. S.D.N.Y. 2009), *aff'd sub nom., In re Motors Liquidation Co.*, 428 B.R. 43 (S.D.N.Y. 2010), and 430 B.R. 65 (S.D.N.Y. 2010). The Bankruptcy Court's Sale Order and Injunction explicitly provides that New GM would have no responsibility for any liabilities (except for Assumed Liabilities[1]) relating to the operation of Old GM's business, or the production of vehicles and parts before July 10, 2009. *See* Exhibit C, ¶¶ 46, 9 & 8. This limitation includes, in particular, "all Product Liabilities arising in whole or in part from any accidents, incidents or other occurrences that happen prior to the Closing Date [July 10, 2009]." Sale Agreement § 2.3(b)(ix). The Order also enjoins "[a]ll persons and entities . . . holding claims against [Old GM] or the Purchased Assets arising under or out of, in connection with, or in any way relating to [Old GM], the Purchased Assets, the operation of the Purchased Assets prior to the Closing [July

---

[1] GM LLC admits it ultimately assumed a narrow band of certain liabilities, including the following as provided in Section 2.3(a)(ix) of the Sale Order and/or the Amended and Restated Master Sale and Purchase Agreement:

> all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), which arise directly out of accidents, incidents or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009] and arise from such motor vehicles' operation or performance . . . .

4

10, 2009] . . . from asserting [such claims] against [New GM]. . . ." *See* Exhibit C ¶ 8. This injunction expressly applies to rights or claims "based on any successor or transferee liability." *Id.* ¶ 46.

12.  The New York Bankruptcy Court reserved exclusive and continuing jurisdiction to enforce its injunction and to address and resolve all controversies concerning the interpretation and enforcement of the Sale Order and Injunction. *Id.* ¶ 71. Old GM's bankruptcy case is still pending in the New York Bankruptcy Court, and that Court has previously exercised its exclusive and continuing jurisdiction to enforce the Sale Order and Injunction to actions filed against New GM, including cases based on alleged defects in Old GM vehicles. *See Trusky v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 12-09803, 2013 Bankr. LEXIS 620 (Bankr. S.D.N.Y. Feb. 19, 2013); *Castillo v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 09-00509, 2012 Bankr. LEXIS 1688 (Bankr. S.D.N.Y. Apr. 17, 2012), *aff'd*, 500 B.R. 333 (S.D.N.Y. 2013); *see also In re Motors Liquidation Co.*, 2011 WL 6119664 (Bankr. S.D.N.Y. 2010).

13.  Under 28 U.S.C. §§ 157(b) and 1334(b), the New York Bankruptcy Court had core jurisdiction to approve the 363 Sale and enter the Sale Order and Injunction. Thus, this Action and any dispute concerning the Sale Order and Injunction, and the Sale Agreement, are subject to the core jurisdiction of the New York Bankruptcy Court. *See In re Hereford Biofuels, L.P.*, 466 B.R. 841, 844 (Bankr. N.D. Tex. 2012) (post-confirmation dispute regarding interpretation and enforcement of a sale order was a core proceeding); *Luan Investment S.E. v. Franklin 145 Corp.*, 304 F.3d 223, 229-30 (2d Cir. 2002) (disputes concerning Bankruptcy Court's sale order fall within "core" jurisdiction); *In re Eveleth Mines, LLC*, 312 B.R. 634, 644-45 and n.14 (Bankr. D. Minn. 2004) ("A purchaser that relies on the terms of a bankruptcy court's order, and whose title and rights are given life by that order, should have a forum in the issuing court.").

14. On August 1, 2014, New GM filed a "Motion to Enforce the Sale Order and Injunction Against Plaintiffs in Pre-Closing Accident Lawsuits" ("Pre-Closing Accident Motion to Enforce"), requesting that the New York Bankruptcy Court enforce the injunction contained in the Sale Order and Injunction against plaintiffs who were involved in accidents that pre-date the closing of the 363 Sale, and who are asserting liabilities not assumed by New GM from Old GM. Specifically, because Plaintiff's claims are based on a vehicle and parts manufactured by Old GM, and a motor vehicle accident predating the closing of the 363 Sale, the Amended Complaint necessarily requires judicial construction and/or interpretation of the Sale Order and Injunction. The Complaint, therefore, is subject to the Sale Order and Injunction. Accordingly, immediately upon removal, New GM will identify this case on a supplemental schedule in the New York Bankruptcy Court as being subject to the Pre-Closing Accident Motion to Enforce.

15. As such, the Action implicates the New York Bankruptcy Court's core and exclusive jurisdiction, and is therefore removable to this Court under 28 U.S.C. §§ 1452(a) and Bankruptcy Rule 9027.

## REMOVAL IS TIMELY

16. This Notice of Removal is timely because it is being filed within 30 days after New GM was served with the Summons and Complaint. 28 U.S.C. § 1446(b). Plaintiff filed suit on March 23, 2015, and New GM was served with the Summons and Complaint on March 24, 2015. *See* Exhibit D.

## VENUE

17. The United States District Court for the Eastern District of Michigan, Northern Division, is the United States district and division embracing the Circuit Court for Bay County,

Michigan, where this action was filed and is pending. *See* 28 U.S.C. § 89(b). Therefore, venue of this removed action is proper in this Court.

## CONSENT

18. New GM is the only defendant named in the underlying suit. Consent is therefore not necessary to remove this Action.

## NOTICE TO THE STATE COURT

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the Circuit Court for Bay County, Michigan, where this case was originally filed.

## STATE COURT FILINGS

20. New GM files as Exhibit D copies of all process served upon it in this action as a part of this Notice, such being the Summons and Complaint.

WHEREFORE, Defendant General Motors LLC respectfully requests that this action in the Circuit Court for Bay County, Michigan be removed to this Court, and that no further proceedings be had in the Michigan state court.

Respectfully submitted,

/s/ Thomas P. Branigan
Thomas P. Branigan (P41774)
BOWMAN AND BROOKE LLP
41000 Woodward Ave., Ste. 200 East
Bloomfield Hills, Michigan 48304
248.205.3300 / 248.205.3399 Fax
thomas.branigan@bowmanandbrooke.com

Attorney for General Motors LLC

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by e-mail to Victor J. Mastromarco, Jr. (Counsel for Plaintiff) at Vmastromar@aol.com, this 14th day of April, 2015.

/s/Thomas P. Branigan
Thomas P. Branigan (P41774)
BOWMAN AND BROOKE LLP
41000 Woodward Ave., Ste. 200 East
Bloomfield Hills, Michigan 48304
248.205.3300 / 248.205.3399 Fax
thomas.branigan@bowmanandbrooke.com

Attorney for General Motors LLC

8

11877765v1