HEARING DATE AND TIME: July 16, 2015, at 9:45 a.m. (Eastern Time)
OBJECTION DEADLINE: July 9, 2015 at 5:00 p.m. (Eastern Time)

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                        :    Chapter 11
                                                             :
MOTORS LIQUIDATION COMPANY, *et al.*,                        :    Case No.:  09-50026 (REG)
        f/k/a General Motors Corp., *et al.*                 :
                                                             :
                        Debtors.                             :    (Jointly Administered)
                                                             :
------------------------------------------------------------x

### NOTICE OF MOTION BY GENERAL MOTORS LLC, PURSUANT TO RULE 8009(e)(1) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, TO STRIKE CERTAIN DOCUMENTS CONTAINED IN APPELLANTS' DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

PLEASE TAKE NOTICE that upon the annexed Motion, dated June 29, 2015 (the "**Motion**"), of General Motors LLC ("**New GM**"),[1] to strike certain documents contained in the *Appellants' Statement Of Issues On Appeal And Designation Of Items To Be Included In The*

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

26005588v1

*Record On Appeal*, filed by Designated Counsel for Ignition Switch Plaintiffs ("**Designated Counsel**") on June 16, 2015 [Dkt. No. 13219] ("**Statement**"), all as more fully set forth in the Motion, a hearing will be held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 16, 2015 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036 (Attn: Arthur Steinberg and Scott Davidson) and (ii) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654 (Attn: Richard C. Godfrey, P.C. and Andrew B. Bloomer, P.C.), so as to be received no later than **July 9, 2015, at 5:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no responses or objections are timely filed and served with respect to the Motion, New GM may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
June 29, 2015

Respectfully submitted,

__/s/ Arthur Steinberg___
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:    (212) 556-2100
Facsimile:     (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

Hearing Date and Time: **July 16, 2015 at 9:45 a.m. (Eastern Time)**
Objection Deadline: **July 9, 2015 at 5:00 p.m.**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In re                                                :     Chapter 11
                                                     :
MOTORS LIQUIDATION COMPANY, *et al.*,                :     Case No.: 09-50026 (REG)
       f/k/a General Motors Corp., *et al.*          :
                                                     :
                            Debtors.                 :     (Jointly Administered)
                                                     :
---------------------------------------------------------------x

**MOTION BY GENERAL MOTORS LLC, PURSUANT TO RULE 8009(e)(1)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, TO
STRIKE CERTAIN DOCUMENTS CONTAINED IN APPELLANTS'
STATEMENT OF ISSUES ON APPEAL AND DESIGNATION
<u>OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL</u>**

General Motors LLC ("**New GM**"), by its undersigned counsel, respectfully submits this

motion ("**Motion**"), pursuant to Rule 8009(e)(1) of the Federal Rules of Bankruptcy Procedure

("**Bankruptcy Rules**"), to strike certain documents contained in the *Appellants' Statement Of*

*Issues On Appeal And Designation Of Items To Be Included In The Record On Appeal*, filed by

1

25996690v3

Designated Counsel for Ignition Switch Plaintiffs ("**Designated Counsel**") on June 16, 2015 [Dkt. No. 13219] ("**Statement**").[1] In support of this Motion, New GM represents as follows:

1. On June 16, 2015, Designated Counsel filed the Statement setting forth (i) the issues they intend to advance on appeal ("**Appeal**") of the Court's Judgment, entered on June 1, 2015 [Dkt. No. 13177] ("**Judgment**"), and (ii) the documents ("**Documents**") they seek to be included in the record on Appeal.

2. New GM objects to the Statement to the extent that it seeks to designate documents that were not before the Court in connection with the entry of the Judgment. Documents 201 through 204, 206 through 210, 212 through 219, 221 through 223, and 225 (collectively, the "**Additional Documents**") set forth in the Statement were not filed with the Court or referenced in any pleading filed with the Court in connection with this contested matter. Thus, they were not included in the record before the Court in connection with the Judgment.[2]

3. Bankruptcy Rule 8009(e), entitled "*Correcting or Modifying the Record*," provides as follows:

> (1) *Submitting to the Bankruptcy Court.* If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly. If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.

This "Court is the appropriate forum to resolve the objection" to a designation of the record on appeal. *In re Ames Dep't Stores, Inc.*, 320 B.R. 518, 520 (Bankr. S.D.N.Y. 2005). A "fundamental reason" for this Court to make the determination is "that the bankruptcy court knows best what was before it and what it considered in making its ruling." *Id.* at 521.

---

[1] A copy of the Statement (without exhibits) is attached hereto as Exhibit "A."

[2] Documents 199, 200, 205, 211, 220 and 224 were also not filed on the docket of Old GM's bankruptcy case in connection with this matter. However, such documents were referred to in certain pleadings filed with the Court and therefore, taking a broadly inclusive view, New GM is not moving to strike them from the record on Appeal.

2

4. This Court recognized in *Ames* that, "[a]s the decisions in this area make clear, the touchstone for the designation of matter as part of the record is whether the matter was before the lower court (or at least considered by that court) in entering the order or judgment appealed from." *Id.* at 522; *see also Wendover Financial Services v. Hervey (In re Hervey)*, 252 B.R. 763, 766 (BAP 8th Cir. 2000) ("documents presented for the first time at the appellate stage of any proceeding are generally not considered part of the record for review by the appellate court," and "[o]nly those papers and exhibits filed in the [trial] court can constitute the record on appeal") (internal citations omitted) (striking designated items)).

5. In *Ames*, as the Court found that "none of Documents # 18 through # 28 were ever filed with this Court, and this Court never saw or considered any of them," such documents were stricken from the designation. *Ames*, 320 B.R. at 521.

6. As in *Ames*, the Additional Documents here were not before the Court when it rendered the Decision or issued the Judgment. As a glaring example of this, Designated Counsel has designated the Second Amended Consolidated Complaint filed in MDL 2543 (pending before the District Court) ***eleven (11) days after*** the Judgment was issued; this document could not possibly have been reviewed by the Court when rendering the Decision (in April 2015) or issuing the Judgment. The other Additional Documents are Congressional hearing documents and securities filings which were not referenced in any pleadings filed with the Court. Accordingly, as the Additional Documents were not before the Court in connection with the Decision or Judgment, the Additional Documents may not be included in the record on Appeal, and should be stricken.

WHEREFORE, New GM respectfully requests that this Court (a) enter an order substantially in the form attached hereto as Exhibit "B," granting the relief sought herein by requiring that the Additional Documents be stricken from the record on Appeal by directing Designated Counsel to file an amended Statement with the Court that does not reference the Additional Documents, and (b) grant New GM such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
      June 29, 2015

Respectfully submitted,

    /s/ Arthur Steinberg
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:   (212) 556-2100
Facsimile:   (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*