# Exhibit 1

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

| | | |
|---|---|---|
| --------------------------------------------------- X | | |
| | -------- : | From a decision of |
| **CELESTINE ELLIOT**, *et al.*, | : | THE UNITED STATES |
| **Plaintiffs and Petitioners,** | : | BANKRUPTCY COURT |
| | : | FOR THE SOUTHERN |
| v. | : | DISTRICT OF NEW YORK |
| | : | Before The Honorable Judge |
| | : | Robert E. Gerber |
| **GENERAL MOTORS LLC**, *et al.*, | : | Case No. 09-50026 |
| **Defendants and Respondents,** | X | |

## CELESTINE ELLIOTT'S, LAWRENCE ELLIOTT'S, AND BERENICE SUMMERVILLE'S PETITION FOR PERMISSION TO APPEAL A JUDGMENT AND ASSOCIATED ORDERS OF THE BANKRUPTCY COURT

Celestine Elliott, Lawrence Elliott, and Berenice Summerville ("the *Elliott Parties*"), through undersigned counsel, hereby petition pursuant to Federal Rule of Appellate Procedure 5 and 28 U.S.C. § 158(d) for permission to appeal a Judgment and associated rulings and orders of the Bankruptcy Court.

I. **STATEMENT OF FACTS NECESSARY TO UNDERSTAND THE QUESTIONS PRESENTED**

On July 10, 2009, General Motors LLC ("New GM") acquired substantially all the assets of General Motors Corporation ("Old GM") in a "free and clear" sale authorized under 28 U.S.C. §363 of the Bankruptcy Code. In connection with the sale, the Bankruptcy Court issued a Sale Order and Injunction ("the 2009 Order"),

1

which authorized the sale of assets "free and clear" of liabilities to be retained by Old GM.

The 2009 Order enjoins the assertion of any claim asserting "successor or transferee liability" against New GM unless the claim is otherwise assumed. The 2009 Order does not address direct, non-derivative claims that might be asserted against New GM based on *its own conduct* after the sale, the only types of claims asserted by the *Elliott* Parties. The *Elliott* Parties were not notified of the 2009 proceedings and had no opportunity to participate in them prior to the Order's entry, as their claims against New GM had not yet arisen.

Starting in February 2014, and in piecemeal fashion ever since, New GM has publicly admitted that *its* employees and lawyers knew about various safety-related defects in millions of vehicles, including the vehicle models owned by the *Elliott* Parties, and that *New GM* failed to disclose those defects as *it* was required to do by law. GM'S CEO, Mary Barra attributed New GM's "failure to disclose critical pieces of information,"[2] in her words, to New GM's policies and practices that mandated and rewarded the elevation of profit over safety concerns.

The *Elliott* parties are Plaintiffs and putative class representatives in *Elliott et al. v. General Motors, LLC*, et al., a lawsuit pending before the United States District Court for the Southern District of New York (Furman, J.) and consolidated

---

[2] Dominic Rushe, *GM Chief Mary Barra: 'pattern of incompetence' caused fatal recall delay*, The Guardian (June 5, 2014), http://www.theguardian.com/business/2014/jun/05/gm-mary-barra-fatal-recall-incompetence-neglect.

in the multidistrict litigation styled *In re GM Ignition Switch,* 14-md-2543-JMF . The Elliotts filed their lawsuit on April 1, 2014. They jointly own a 2006 Chevrolet Cobalt, one of the vehicles that New GM admits contained a dangerous ignition switch hazard that has caused the death or injury of thousands of people. Ms. Summerville, who joined the lawsuit when the Elliotts amended their complaint in July 2014, owns a 2010 Chevrolet Cobalt, a model that New GM recalled because of the risk that it may have had the hazardous ignition switch installed during a repair. In addition to their ignition switch related claims for relief, the *Elliott* parties also allege that their vehicles contain a fuel pump hazard that, they allege, New GM continues to deny and/or minimize. The Elliott parties assert only direct claims against New GM, a non-debtor, based on alleged breaches of independent, non-derivative duties that New GM owed them, claims bearing no conceivable relationship to the *res* of debtor General Motors Corporation ("Old GM"), whose Bankruptcy case is long over. The *Elliott* parties' First Amended Complaint explicitly disclaim reliance on any successor, transferee or derivative theories of liability.

On April 21, 2014, New GM initiated a series of "contested matters" in the Bankruptcy Court[3] against the *Elliott* parties and scores of other "ignition switch lawsuits" that had been filed against New GM. New GM moved the Bankruptcy

---

[3] F. R. Bank. P. 9014.

Court to enforce its 2009 Order by restraining the various parties New GM listed on a bulk schedule, including the *Elliott* parties, from suing New GM for claims related to "ignition switch defects" insofar as such claims were based on liability that Old GM retained under the 2009 Order.[4] New GM later filed two parallel motions to enforce the 2009 Order, one against Pre-Closing Accident Plaintiffs and a second directed at Other Monetary Plaintiffs asserting non-ignition switch hazards in vehicles made by Old GM.[5]

On August 5, 2014, the Bankruptcy Court denied the *Elliott* parties' motion to dismiss for lack of subject matter jurisdiction and its "No Stay Pleading." On November 10, 2014, the Bankruptcy Court denied the *Elliott* parties' motion for reconsideration, in which they had contended that enjoining them from pursuing their independent, non-derivative claims against New GM violated their Due Process rights, as they had no notice or opportunity to be heard prior to the entry of the 2009 Order.

On June 1, 2015, the Bankruptcy Court entered its Judgment on New GM's Motion to Enforce the 2009 Sale Order and Injunction, construing the 2009 Order to bar the *Elliott* Plaintiffs from proceeding with their claims against New GM for

---

[4] *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction*, [Dkt. No. 12620], at 3. (*emphasis added*)

[5] *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Courts July 5, 2009 Sale Order and Injunction Against Plaintiffs in Pre-Closing Accident Lawsuits*, [Dkt. No. 12807]; *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Courts July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other Than Ignition Switch Actions)*, [Dkt. No. 12808].

4

its own wrongdoing. The Court enforced the 2009 Order through the issuance of a successive injunction that bars the *Elliott* Plaintiffs from asserting some of their (non-ignition switch) claims entirely and censors the allegations they may make in support of the (ignition switch related) claims they are permitted to assert.[6]

## II.    QUESTIONS PRESENTED

Does the Constitution grant the Bankruptcy Court the power categorically to suspend the application of all laws imposing civil liability on New GM, a non-debtor, for its own wrongdoing?

Did the Bankruptcy Court err in concluding that it had subject matter jurisdiction to enjoin the prosecution of the *Elliott* Parties' direct, non-successor liability claims for injuries caused by New GM's breaches of independent, non-derivative duties?

Did the Bankruptcy Court err in enforcing the 2009 Order against the *Elliott* Parties, even though they did not receive the notice and opportunity to be heard required by the Due Process Clause for preclusion of *in personam* claims against New GM?

Does the Bankruptcy court have the power to enforce its 2009 Order by censoring what the *Elliott* Parties may say in support of claims that are not barred by that Order?

---

[6] Pursuant to F. R. Bank. P. 8006(e), the Bankruptcy court's certification for direct appeal became effective when the *Elliott* Plaintiffs filed their Notice of Appeal from the Judgment. This petition is accordingly timely.

### III. RELIEF SOUGHT

The *Elliott* Parties seek reversal of the Bankruptcy Courts' Judgment and related Orders enjoining and censoring their independent, non-derivative claims against New GM for its own wrongdoing and a remand mandating dismissal of GM's Motion to Enforce the 2009 Order against them in its entirety.

### IV. JUDGMENT AND ORDERS APPEALED FROM

The *Elliott* Parties appeal from the Bankruptcy Court's Judgment (Attached Exhibit A) on New GM's Motion to Enforce the 2009 Sale Order and Injunction. Additionally, Plaintiffs appeal from the Decision on the Motion to Enforce the 2009 Sale Order and Injunction (Attached Exhibit B); the Endorsed Order Denying the Elliott Plaintiffs' Motion to Alter or Amend and Denying Plaintiffs' Motion for Abstention (Attached Exhibit C); and the Decision Denying the Elliott Plaintiffs' No Stay Pleading (Attached Exhibit D).

### V. THE APPEAL'S AUTHORIZATION BY STATUTE OR RULE AND THE REASONS WHY THE APPEAL SHOULD BE ALLOWED

The Bankruptcy Court has concluded that the "issues here are important, difficult, and involve the application of often conflicting authority. Their prompt determination will affect further proceedings not just in this Court, but also the MDL Court. The Court believes that it should certify its judgment for direct review

6

by the Circuit."⁷ By separate order, it certified this appeal pursuant to 28 U.S.C. §158(d). ⁸

The *Elliott* parties do not agree with the Bankruptcy Court's characterization of the issues as either "difficult" or requiring the "application of often conflicting authority."

With respect to their subject matter jurisdiction and due process contentions, the Bankruptcy Court made clear errors of law in explicitly refusing to follow controlling rulings by this Court in *In re Johns-Manville Corp.*, 517 F.3d 52, 68 (2d Cir. 2008) (Manville II) (bankruptcy court lacks subject matter jurisdiction over direct claims against non-debtor based on alleged breaches of independent, non-derivative duties); *In re Johns-Manville Corp.*, 600 F.3d 135, 158 (2d Cir. 2010) (Manville III) (parties who did not participate in bankruptcy proceedings not precluded from challenging its subject matter jurisdiction to enjoin *in personam* claims against non-debtor).

Because reversal on any of the issues presented would conclude the proceedings below, interests in judicial economy and efficiency may support granting the petition for permission to appeal. Alternatively, the *Elliott* Parties believe that, given the United States District Court's familiarity with the issues

---

⁷ *Decision on Motion to Enforce Sale Order*, [Dkt. No. 13109], at 17.

⁸ *Order Pursuant to 28 U.S.C. § 158(d), and Fed.R.Bank.P. 8006(e), Certifying Judgment for Direct Appeal to*
⁸ *Order Pursuant to 28 U.S.C. § 158(d), and Fed.R.Bank.P. 8006(e), Certifying Judgment for Direct Appeal to Second Circuit*, [Dkt. No. 13178].

7

presented, initial review by that Court may facilitate this Court's eventual review, and they have no objection to their appeal being heard by that Court in the first instance. They file this petition to ensure that this Court's consideration of the Bankruptcy Court's Certification Order begins without delay.

Respectfully submitted,

*/s/ Gary Peller*_____
Gary Peller (*pro hac vice pending*)
600 New Jersey Ave. NW
Washington, DC  20001
(202) 662-9122
peller@law.georgetown.edu
Counsel for Celestine Elliott, Lawrence Elliott, and Berenice Summerville

# Certificate of Service

I hereby certify that on June 18, 2015, I caused this Celestine Elliott's, Lawrence Elliott's and Berenice Summerville's Petition for Permission to Appeal a Judgment and Associated Orders of the Bankruptcy Court to be served via electronic mail and first class mail upon the following counsel, including counsel for respondent General Motors LLC:

Brown Rudnick LLP
ATTN Edward S Weisfelner, Esq.
7 Times Square, 47th FL
New York, NY 10036
eweisfelner@brownrudnick.com

Stutzman Bromberg Esserman & Plifka PC
ATTN, Sander Esserman, Esq.
2323 Bryan Street Suite 2200
Dallas, TX 75201
esserman@sbep-law.com

Goodwin Procter LLP
ATTN, William P Weintraub, Esq.
The New York Times Bldg.
620 Eighth Ave
New York, NY 10018
wweintraub@goodwinprocter.com

Wolf Haldenstein Alder Freeman & Herz LLP
ATTN, Alexander H Schmidt, Esq.
270 Madison Ave
New York, NY 10116
Schmidt@whafh.com

Golenbock Eiseman Assor Bell & Peskoe LLP
ATTN, Jonathan L Flaxer, Esq.
437 Madison Ave
New York, NY 10022
jflaxer@golenbock,com

Gibson Dunn & Crutcher LLP
ATTN, Lisa H Rubin, Esq.
200 Park Avenue
New York, NY 10166-0193
lrubin@gibsondunn.com

Akin Gump Strauss Hauer & Feld LLP
ATTN, Daniel H Golden, Esq.
One Bryant Park
New York, NY 10036
dgolden@akingump.com

King & Spalding LLP
ATTN, Arthur J Steinberg, Esq.
1185 Avenue of the Americas

New York, NY 10036
asteinberg@sklaw.com

Dated: June 18, 2015

/s/ Gary Peller
Gary Peller (*pro hac vice pending*)
600 New Jersey Ave. NW
Washington, DC  20001
(202) 662-9122
peller@law.georgetown.edu
Counsel for Celestine Elliott, Lawrence Elliott, and Berenice Summerville