# Exhibit 4

No. 15–1958

_____

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

_____

IN RE: MOTORS LIQUIDATION COMPANY,
F/K/A GENERAL MOTORS CORPORATION,

_____

CELESTINE ELLIOTT, *ET AL.*,
*Plaintiffs-Appellants*,

*v.*

GENERAL MOTORS LLC, *ET AL.*,
*Defendants-Appellees*.

_____

## NOTICE OF ERRATA

_____

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Edward S. Weisfelner
David J. Molton
May Orenstein
Howard S. Steel
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
T: 212-209-4800
eweisfelner@brownrudnick.com
dmolton@brownrudnick.com
morenstein@brownrudnick.com
hsteel@brownrudnick.com

Sander L. Esserman
STUTZMAN,
BROMBERG,
ESSERMAN &
PLIFKA, A
PROFESSIONAL
CORPORATION
2323 Bryan Street
Suite 2200
Dallas, Texas 75201
T: 214-969-4900
esserman@sbep-law.com

William P. Weintraub
Gregory W. Fox
GOODWIN PROCTOR LLP
The New York Times Bldg.
620 Eighth Avenue
New York, New York 10018
T: 212-813-8800
wweintraub@goodwinproctor.com
gfox@goodwinproctor.com

*Co-Designated Counsel for the Ignition Switch Plaintiffs*
*and the Ignition Switch Pre-Closing Accident Plaintiffs,*
*Represented in the MDL Proceeding with Co-Lead Counsel*

Steve W. Berman
HAGENS BERMAN
SOBOL SHAPIRO LLP
1918 Eighth Avenue,
Suite 3300
Seattle, WA 98101

-and-

555 Fifth Avenue, Suite
1700
New York, New York
10017

*Co-Lead Counsel with a
primary focus on
Economic Loss Cases*

Elizabeth J. Cabraser
LIEFF CABRASER
HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th
Floor
San Francisco, California
94111

-and-

250 Hudson Street, 8th
Floor
New York, New York
10013

*Co-Lead Counsel with a
primary focus on
Economic Loss Cases*

Robert C. Hilliard
HILLIARD MUÑOZ
GONZALES LLP
719 S. Shoreline
Boulevard, Suite 500
Corpus Christi, Texas
78401

*Co-Lead Counsel with a
primary focus on
Personal Injury Cases*

On June 29, 2015, the Ignition Switch Plaintiffs[1] and Ignition Switch Pre-Closing Accident Plaintiffs[2] (collectively, the "Plaintiffs"), by and through their undersigned counsel, submitted their *Motion to Intervene In Appeal To Respond To Petitioners' Petition For Permission To Appeal*, supporting *Memorandum of Law In Support of Motion For Leave To Intervene In Appeal and To Respond To Petitioners' Petition For Permission to Appeal* (the "Memorandum of Law"), and *Opposition to Petition for Permission to Appeal* (attached as Exhibit A to the Declaration of Edward S. Weisfelner, the "Opposition").

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Decision on Motion to Enforce Sale Order*, *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015) (the "Decision") or in the *Judgment*, dated June 1, 2015 [ECF No. 13177] (the "Judgment").  As defined in the Judgment, the term "Ignition Switch Plaintiffs" shall mean Plaintiffs who have commenced a lawsuit against New GM asserting economic losses based on or arising from the Ignition Switch in the Subject Vehicles (each term as defined in the *Agreed and Disputed Stipulations of Fact Pursuant to the Court's Supplemental Scheduling Order, Dated July 11, 2014*, filed on August 8, 2014 [ECF No. 12826], at 3).  Because the Subject Vehicles in the Judgment are *only* those vehicles involved in the February and March 2014 Recalls (Recall No. 14-V-047), the term Ignition Switch Plaintiffs as used in this Memorandum of Law includes only Plaintiffs who own or lease those vehicles, and does not include those Plaintiffs who own or lease other vehicles with defective ignition switches (made by both Old and New GM) that were recalled in June and July of 2014.

[2]  As defined in the Judgment, the term "Ignition Switch Pre-Closing Accident Plaintiffs" shall mean Plaintiffs that had the Ignition Switch in their Subject Vehicles and that have commenced a lawsuit against New GM based on an accident or incident that occurred prior to the closing of the 363 Sale.  Goodwin Procter LLP was engaged by Co-Lead Counsel in *In re: General Motors Ignition Switch Litigation* (14-MD-2543 (JMF)) to address certain issues of bankruptcy law affecting the Ignition Switch Pre-Closing Accident Plaintiffs.

PLEASE TAKE NOTICE that Plaintiffs hereby make the following corrections to the *Memorandum of Law* and *Opposition*:

1.     On page 7 of the Memorandum of Law, the following text has been modified: "On July 28, 2014, Petitioners' counsel, Gary Peller (hereinafter, "Peller") submitted his application to serve as Lead Counsel.[3]   On August 15, 2014, the District Court appointed Steve W. Berman of Hagens Berman Sobol Shapiro LLP, Elizabeth J. Cabraser of Lieff Cabraser Heimann & Bernstein, LLP, and Robert C. Hilliard of Hilliard Muñoz Gonzales LLP as Co-Lead Counsel.[4] Peller's application was rejected.[5]"  It now reads: "By letter dated July 28, 2014, Petitioners' counsel, Gary Peller (hereinafter, "Peller") sought an opportunity to comment on the appointment process.[6]  However, Peller never sought and does not hold a leadership position in the MDL Action. On August 15, 2014, the District Court appointed Steve W. Berman of Hagens Berman Sobol Shapiro LLP,

---

[3]   *See* Letter from Gary Peller to Hon. Jesse M. Furman, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 [ECF No. 115] (S.D.N.Y. July 28, 2014).

[4]   *See* Order No. 8, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 [ECF No. 249] (S.D.N.Y. Aug. 15, 2014).

[5]   The Court also appointed a nine-member Executive Committee, a Plaintiff Liaison Counsel, and Federal/State Liaison Counsel. *See id.* at 3.  Peller was not appointed to any of these posts.

[6]   *See* Letter from Gary Peller to Hon. Jesse M. Furman, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 [ECF No. 115] (S.D.N.Y. July 28, 2014).

Elizabeth J. Cabraser of Lieff Cabraser Heimann & Bernstein, LLP, and Robert C.

Hilliard of Hilliard Muñoz Gonzales LLP as Co-Lead Counsel.[7]"

2.     On pages 6 and 7 of the Opposition, the following text has been

modified: "On July 28, 2014, the Elliott Petitioners' counsel, Gary Peller

(hereinafter, "Peller") submitted his application to serve as Lead Counsel.[8]   On

August 15, 2014, the District Court appointed Steve W. Berman of Hagens Berman

Sobol Shapiro LLP, Elizabeth J. Cabraser of Lieff Cabraser Heimann & Bernstein,

LLP, and Robert C. Hilliard of Hilliard Muñoz Gonzales LLP as Co-Lead

Counsel.[9]   Peller's application was rejected.[10]"   It now reads: "By letter dated July

28, 2014, the Elliott Petitioners' counsel, Gary Peller (hereinafter, "Peller") sought

an opportunity to comment on the appointment process.[11]   However, Peller never

---

[7]   *See* Order No. 8, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 [ECF No. 249] (S.D.N.Y. Aug. 15, 2014).   The Court also appointed a nine-member Executive Committee, a Plaintiff Liaison Counsel, and Federal/State Liaison Counsel.   *See id.* at 3.   Peller was not appointed to any of these posts.

[8]   *See* Letter from Gary Peller to Hon. Jesse M. Furman, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 [ECF No. 115] (S.D.N.Y. July 28, 2014).

[9]   *See* Order No. 8, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 [ECF No. 249] (S.D.N.Y. Aug. 15, 2014).

[10]   The Court also appointed a nine-member Executive Committee, a Plaintiff Liaison Counsel, and Federal/State Liaison Counsel.   *See id.* at 3.   Peller was not appointed to any of these posts.

[11]   *See* Letter from Gary Peller to Hon. Jesse M. Furman, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 [ECF No. 115] (S.D.N.Y. July 28, 2014).

sought and does not hold a leadership position in the MDL Action.  On August 15,
2014, the District Court appointed Steve W. Berman of Hagens Berman Sobol
Shapiro LLP, Elizabeth J. Cabraser of Lieff Cabraser Heimann & Bernstein, LLP,
and Robert C. Hilliard of Hilliard Muñoz Gonzales LLP as Co-Lead Counsel.[12]"

      3.    A corrected version of the Memorandum of Law is attached hereto as
Exhibit A.

      4.    A corrected version of the Opposition is attached hereto as Exhibit B.

---

[12]   *See* Order No. 8, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-
2543 [ECF No. 249] (S.D.N.Y. Aug. 15, 2014).  The Court also appointed a
nine-member Executive Committee, a Plaintiff Liaison Counsel, and
Federal/State Liaison Counsel.  *See id.* at 3.  Peller was not appointed to any of
these posts.

Dated:      June 30, 2015
            New York, New York

Respectfully submitted,

**BROWN RUDNICK LLP**

By:  */s/ Edward S. Weisfelner*
Edward S. Weisfelner
David J. Molton
May Orenstein
Howard S. Steel
Seven Times Square
New York, New York 10036
T: 212-209-4800
E: eweisfelner@brownrudnick.com
E: dmolton@brownrudnick.com
E: morenstein@brownrudnick.com
E: hsteel@brownrudnick.com

-and-

**STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA, P.C.**
Sander L. Esserman
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
T: 214-969-4900
E: esserman@sbep-law.com

*Co-Designated Counsel & Counsel to
Ignition Switch Plaintiffs, Represented
in the MDL Proceeding by Co-Lead
Counsel*

**GOODWIN PROCTOR LLP**
William P. Weintraub
Gregory W. Fox
The New York Times Bldg.
620 Eighth Avenue
New York, New York 10018

T: 212-813-8800
wweintraub@goodwinproctor.com
gfox@goodwinproctor.com

*Co-Designated Counsel & Counsel to*
*Ignition Switch Pre-Closing Accident*
*Plaintiffs, Represented in the MDL*
*Proceeding by Co-Lead Counsel:*

Steve W. Berman
**HAGENS BERMAN SOBOL**
**SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101

-and-

555 Fifth Avenue, Suite 1700
New York, New York 10017

*Co-Lead Counsel with a primary focus*
*on Economic Loss Cases*

Elizabeth J. Cabraser
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111

-and-

250 Hudson Street, 8th Floor
New York, New York 10013

*Co-Lead Counsel with a primary focus*
*on Economic Loss Cases*

Robert C. Hilliard
**HILLIARD MUÑOZ GONZALES**

**LLP**
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401

*Co-Lead Counsel with a primary focus
on Personal Injury Cases*

## CERTIFICATE OF SERVICE & CM/ECF FILING

I hereby certify that I caused the foregoing *Notice of Errata* with exhibits to

be served on Counsel for Petitioners and Respondents *via* Electronic Mail and one

(1) copy via Next Business Day Delivery to:

Gary Peller
600 New Jersey Avenue, NW
Washington, DC 20001
T: 202-662-9122
peller@law.georgetown.edu

*Counsel for Petitioners*

**KING & SPALDING LLP**
Arthur J. Steinberg
Scott I. Davidson
1185 Avenue of the Americas
New York, New York 10036
T: 212-556-2100
E: asteinberg@kslaw.com
E: sdavidson@kslaw.com

**KIRKLAND & ELLIS LLP**
Richard C. Godfrey
Andrew B. Bloomer
300 North LaSalle
Chicago, Illinois 60654
T: 312-862-2000
E: rgodfrey@kirkland.com
E: abloomer@kirkland.com

*Counsel for Respondents*

**GIBSON, DUNN & CRUTCHER, LLP**
Lisa H. Rubin
Matthew Williams
Adam H. Offenhartz
Aric H. Wu
Keith R. Martorana
200 Park Avenue
New York, New York 10166
T: 212-351-3845
E: lrubin@gibsondunn.com
E: mjwilliams@gibsondunn.com
E: aoffenhartz@gibsondunn.com
E: awu@gibsondunn.com
E: kmartorana@gibsondunn.com

*Counsel for Wilmington Trust Co., as trustee and administrator of the GUC Trust*

**GOLDENBOCK, EISEMAN, ASSOR, BELL & PESKOE, LLP**
Jonathan L. Flaxer
S. Preston Ricardo
437 Madison Avenue
New York, New York 10022
T: 212-907-7300
E: jflaxer@golenbock.com
E: pricardo@golenbock.com

*Counsel for Groman Plaintiffs*

**AKIN, GUMP, STRAUSS, HAUER & FELD, LLP**
Daniel Golden
Deborah J. Newman
Jamison A. Diehl
Naomi Moss
One Bryant Park
New York, New York, 10036
T: 212-872-1000
E: dgolden@akingump.com
E: djnewman@akingump.com
E: jdiehl@akingump.com
E: nmoss@akingump.com

*Counsel for Participating GUC Trust Unit Trust Holders*

Case 15-1588, Document 27, 06/15/2015, 1540065, Page133 of 68

I certify that an electronic copy was filed using the CM/ECF system and that

three (3) paper copies of the foregoing *Notice of Errata* with exhibits were sent to

the Clerk's Office by Next Business Day delivery to:

Clerk of Court
United States Court of Appeals, Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007
(212) 857-8500

on this 30th day of June, 2015

Respectfully submitted,

*/s/ Edward S. Weisfelner*
Edward S. Weisfelner

Case 19-1387, Document 47, 02/05/2019, 2484069, Page133 of 68

# EXHIBIT A

No. 15–1958

———————————

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

———————————

IN RE: MOTORS LIQUIDATION COMPANY,
F/K/A GENERAL MOTORS CORPORATION,

———————————

CELESTINE ELLIOTT, *ET AL.*,

*Plaintiffs-Appellants*,

*v.*

GENERAL MOTORS LLC, *ET AL.*,

*Defendants-Appellees*.

———————————

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR LEAVE TO INTERVENE IN APPEAL AND TO RESPOND TO
PETITIONERS' PETITION FOR PERMISSION TO APPEAL**

———————————

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Edward S. Weisfelner | Sander L. Esserman | William P. Weintraub |
| David J. Molton | STUTZMAN, | Gregory W. Fox |
| May Orenstein | BROMBERG, | GOODWIN PROCTOR LLP |
| Howard S. Steel | ESSERMAN & | The New York Times Bldg. |
| BROWN RUDNICK LLP | PLIFKA, A | 620 Eighth Avenue |
| Seven Times Square | PROFESSIONAL | New York, New York 10018 |
| New York, New York 10036 | CORPORATION | T: 212-813-8800 |
| T: 212-209-4800 | 2323 Bryan Street | wweintraub@goodwinproctor.com |
| eweisfelner@brownrudnick.com | Suite 2200 | gfox@goodwinproctor.com |
| dmolton@brownrudnick.com | Dallas, Texas 75201 | |
| morenstein@brownrudnick.com | T: 214-969-4900 | |
| hsteel@brownrudnick.com | esserman@sbep-law.com | |

*Co-Designated Counsel for the Ignition Switch Plaintiffs and the Ignition Switch Pre-Closing Accident Plaintiffs, Represented in the MDL Proceeding with Co-Lead Counsel*

Steve W. Berman
HAGENS BERMAN
SOBOL SHAPIRO LLP
1918 Eighth Avenue,
Suite 3300
Seattle, WA 98101

-and-

555 Fifth Avenue, Suite
1700
New York, New York
10017

*Co-Lead Counsel with a
primary focus on
Economic Loss Cases*

Elizabeth J. Cabraser
LIEFF CABRASER
HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th
Floor
San Francisco, California
94111

-and-

250 Hudson Street, 8th
Floor
New York, New York
10013

*Co-Lead Counsel with a
primary focus on
Economic Loss Cases*

Robert C. Hilliard
HILLIARD MUÑOZ
GONZALES LLP
719 S. Shoreline
Boulevard, Suite 500
Corpus Christi, Texas
78401

*Co-Lead Counsel with a
primary focus on
Personal Injury Cases*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ...............................................................................2

BACKGROUND .....................................................................................................4

I.    New GM's Concealment Of The Ignition Switch Defect. ..............................4

II.   Establishment Of The MDL Action  And The Appointment Of Co-Lead
      Counsel. ...............................................................................................................5

III.  Proceedings In The Bankruptcy Court  Following The Disclosure Of The
      Ignition Switch Defect..........................................................................................8

IV.   The Bankruptcy Court's Decision And Judgment. .......................................10

V.    Plaintiffs' Appeal From The Decision And Judgment....................................12

VI.   Petitioners' Appeal From and Motion for  Reconsideration Of The Decision
      and Judgment. ...................................................................................................13

ARGUMENT .......................................................................................................14

I.    The Motion To Intervene Should Be Granted Under Federal Rule 24. .........14

      A.    The Plaintiffs Have An Unqualified Statutory  Right To
            Intervene In The Appeal Under Federal Rule 24(a)(1)......................15

      B.    The Plaintiffs Are Entitled  To Intervene As Of Right Under
            Federal Rule 24(a)(2). ........................................................................16

CONCLUSION ....................................................................................................18

# TABLE OF AUTHORITIES

**Page**

*Adelphia Commc'ns Corp. v. Rigas (In re Adelphia Commc'ns Corp.)*,
  285 B.R. 848 (Bankr. S.D.N.Y. 2002) ................................................................16

*Algonquin Gas Transmission Co. v. Fed. Power Comm'n*,
  201 F.2d 334 (1st Cir. 1953) ................................................................15

*Carter v. Welles-Bowen Realty, Inc.*,
  628 F.3d 790 (6th Cir. 2010) ................................................................15

*Floyd v. City of New York*,
  770 F.3d 1051 (2d Cir. 2014) ................................................................14, 15

*Int'l Union v. Scofield*,
  382 U.S. 205 (1965) ................................................................14

*In re Motors Liquidation Co.*,
  529 B.R. 510 (Bankr. S.D.N.Y. 2015) ................................................................*passim*

*Term Loan Holder Comm. v. Ozer Grp., L.L.C. (In re Caldor Corp.)*,
  303 F.3d 161 (2d Cir. 2002) ................................................................15, 16

*Weber v. U.S. Tr.*,
  484 F.3d 154 (2d Cir. 2007) ................................................................17

**Statutes**

11 U.S.C. § 1109(b) ................................................................4, 15, 16

Fed. R. Bankr. P. 8002(b) ................................................................2

Fed. R. Bankr. P. 8016 ................................................................3

Fed. R. Bankr. P. 8006(a)(3) ................................................................2

Fed. R. Civ. P. 24(a)(1) ................................................................4, 15

Fed. R. Civ. P. 24(a)(2) ................................................................4, 16

The Ignition Switch Plaintiffs[1] and Ignition Switch Pre-Closing Accident Plaintiffs[2] (collectively, the "Plaintiffs"), by and through their undersigned counsel, respectfully submit this *Memorandum of Law* in support of the *Motion for Leave to Intervene in Appeal and to Respond to Petitioners' Petition for Permission to Appeal* (the "Motion"). By the Motion, the Plaintiffs request that this Court permit the Plaintiffs to intervene in the above-referenced appeal (the "Appeal") and to respond to *Celestine Elliott's, Lawrence Elliott's, and Bernice Summerville's*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Decision on Motion to Enforce Sale Order*, *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015) (the "Decision") or in the *Judgment*, dated June 1, 2015 [ECF No. 13177] (the "Judgment"). As defined in the Judgment, the term "Ignition Switch Plaintiffs" shall mean Plaintiffs who have commenced a lawsuit against New GM asserting economic losses based on or arising from the Ignition Switch in the Subject Vehicles (each term as defined in the *Agreed and Disputed Stipulations of Fact Pursuant to the Court's Supplemental Scheduling Order, Dated July 11, 2014*, filed on August 8, 2014 [ECF No. 12826] (the "Stipulations of Fact"), at 3). Because the Subject Vehicles in the Judgment are *only* those vehicles involved in the February and March 2014 Recalls (Recall No. 14-V-047), the term Ignition Switch Plaintiffs as used in this Memorandum of Law includes only Plaintiffs who own or lease those vehicles, and does not include those Plaintiffs who own or lease other vehicles with defective ignition switches (made by both Old and New GM) that were recalled in June and July of 2014. Except where otherwise indicated, references to "ECF No. __" are to docket entries in the Bankruptcy Court proceedings: *In re Motors Liquidation Co.*, Bankr. Case No. 09-50026 (REG).

[2] As defined in the Judgment, the term "Ignition Switch Pre-Closing Accident Plaintiffs" shall mean Plaintiffs that had the Ignition Switch in their Subject Vehicles and that have commenced a lawsuit against New GM based on an accident or incident that occurred prior to the closing of the 363 Sale. Goodwin Procter LLP was engaged by Co-Lead Counsel in *In re: General Motors Ignition Switch Litigation* (14-MD-2543 (JMF)) to address certain issues of bankruptcy law affecting the Ignition Switch Pre-Closing Accident Plaintiffs.

*Petition for Permission to Appeal a Judgment and Associated Orders of the Bankruptcy Court* (the "Petition").  In support of the Motion, the Plaintiffs state as follows:

## PRELIMINARY STATEMENT

Plaintiffs file this Motion seeking authority to intervene in this Appeal and submit a response to the Petition for Permission.[3]  The Plaintiffs are represented by Lead Counsel in the *General Motors LLC* ("New GM") *Ignition Switch Litigation* before Judge Jesse M. Furman of the U.S. District Court for the Southern District of New York (the "MDL Action").[4]  The Plaintiffs have appealed the Decision and

---

[3]   The Petition is procedurally improper and ineffective as Petitioners previously filed a motion for reconsideration of the Decision and Judgment that remains pending before the Bankruptcy Court.  *See Bledsoe Plaintiffs' Motion to Amend Findings Pursuant to FRBP 7052, for Reargument Pursuant to Local Bankruptcy Rule 9023.1, to Alter or Amend the Judgment Pursuant to FRBP 9023, and For Relief From the Judgment Pursuant to FRBP 9024*, dated June 11, 2015 [ECF No. 13196] (the "Motion for Reconsideration").   Under Bankruptcy Rule 8002(b), the filing of the Motion for Reconsideration tolled the time to appeal the Decision and Judgment until entry of an order with respect to the Motion for Reconsideration.  *See* Fed. R. Bankr. P. 8002(b)(1)-(2).  As a result, the certification of the direct appeal to the Second Circuit from the Bankruptcy Court is not yet effective.  *See* Fed. R. Bankr. P. 8006(a)(3).  Accordingly, until the Motion for Reconsideration is resolved, the Petition is likely void and any responses thereto premature.   However, out of an abundance of caution, the Plaintiffs file this Motion now given the key issues at stake raised by the Petition and reserve their rights with respect to whether the Bankruptcy Court's certification is effective or any of the notices of appeal of the Decision and Judgment are effective given the Motion for Reconsideration.

[4]   While the Plaintiffs have appealed the Decision and Judgment to the District Court as set forth herein, the Plaintiffs file this Motion because they are not listed as a party to this Appeal on the Elliott Notice of Appeal (as defined

Judgment to the District Court and, contrary to the views of the Petitioners, believe the appeal should be heard by the District Court in the first instance.

Respectfully, Lead Counsel should be permitted to participate in these proceedings. Lead Counsel was appointed by Judge Furman to represent the views of *all* plaintiffs in the MDL Action. Conversely, Petitioners' counsel represents no more than twelve plaintiffs.[5] This Court should not permit Petitioners, who chose not to participate in the process developed under the direction of the Bankruptcy Court for the hearing and determination of certain "Threshold Issues" bearing on the rights of plaintiffs to pursue claims against New GM to potentially prejudice the rights of those plaintiffs and a putative class in the MDL Action for whom Lead Counsel has undertaken a duty of representation. Accordingly, the Plaintiffs request that this Court enter an Order allowing them to intervene in this Appeal

---

below) or as a party to the Appeal on this Court's docket. Given Plaintiffs' appeals of the Decision and Judgment, they may respond to the Petition as a matter of right under Bankruptcy Rule 8016, but file this Motion out of an abundance of caution to conform to any additional procedural requirements.

[5] Petitioners' counsel represents the following plaintiffs in the MDL Action: (1) Ishmael Sesay and (2) Joanne Yearwood (collectively, the "Sesay Plaintiffs"); (3) Lawrence Elliott, (4) Celestine Elliott, and (5) Bernice Summerville (collectively, the "Elliott Plaintiffs"); and (6) Sharon Bledsoe, (7) Cina Farmer, (8) Paul Fordham, (9) Momoh Kanu, (10) Tynesia Mitchell, (11) Dierra Thomas; and (12) James Tibbs (together with Lawrence and Celestine Elliott, the "Bledsoe Plaintiffs").

3

and file the Plaintiffs' *Opposition to the Petition for Permission* (the
"Opposition").[6]

The Plaintiffs have an unqualified statutory right to intervene in the Appeal
under Fed. R. Civ. P. 24(a)(1) and 11 U.S.C. § 1109(b), and are entitled to
intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2).  Therefore, as set forth
below, the relief requested in the Motion is appropriate.

## **BACKGROUND**

## I.   **New GM's Concealment Of The Ignition Switch Defect.**

In February and March of 2014, New GM disclosed the existence of the
Ignition Switch Defect, a safety defect in multiple model years of GM-branded
vehicles which causes the loss of power, an inability to control speed and braking
functions, and the disablement of airbags.  In its Consent Order with the National
Highway Safety Administration, New GM conceded that it violated the law by
failing to properly disclose the Ignition Switch Defect and conduct a timely recall.[7]
New GM concealed the existence of the Ignition Switch Defect from the public for
nearly five years notwithstanding it knew of the potential for it to cause injury and

---

[6]   A copy of the Plaintiffs' Opposition is attached as **<u>Exhibit A</u>** to the *Declaration
of Edward S. Weisfelner, Esq.* (the "Weisfelner Declaration") submitted in
support of the Motion.  Plaintiffs reserve the right to supplement the Opposition
given the impact of the Motion for Reconsideration on the timing of its
submission.

[7]   *See* Consent Order, In re TQ14-001 NHTSA Recall No. 14V-047 (U.S. Dep't
of Transp. May 16, 2014), *available at* http://www.nhtsa.gov/staticfiles/
communications/pdf/May-16-2014-TQ14-001-Consent-Order.pdf, at 4.

death.  To date, the Ignition Switch Defect has been linked to 119 deaths and 243 serious injuries.[8]  As the Bankruptcy Court recognized, at least twenty-four (24) Old GM personnel, including engineers, senior managers, and attorneys, were informed or otherwise aware of the Ignition Switch Defect, all of whom were transferred to New GM.  *See In re Motors Liquidation Co.*, 529 B.R. at 524, 538, 557.  Following the February and March recall, New GM issued numerous recalls for other safety defects, including ignition switch defects in an additional 11 million vehicles.  In all, New GM recalled approximately 26 million vehicles in the first seven months of 2014.[9]

## II.   Establishment Of The MDL Action And The Appointment Of Co-Lead Counsel.

Following the Ignition Switch recalls in 2014, over 150 class actions and lawsuits have been filed against New GM alleging economic loss damages, including those actions initiated by the Ignition Switch Plaintiffs and Ignition Switch Pre-Closing Accident Plaintiffs.[10]

---

[8]   *See* Detailed Overall Program Statistics, GM Ignition Compensation Claims Resolution Facility (June 26, 2015), *available at* http://www.gmignition compensation.com/docs/ProgramStatistics.pdf.

[9]   *See* Stipulations of Fact, Ex. D ¶ 77.

[10]   *See In re Motors Liquidation Co.*, 529 B.R. at 521, 539; Motors Liquidation Company GUC Trust (Form 10-K for year ended March 31, 2015) (May 22, 2015), at 21.

Case 1:14-cv-13387   Document 1   Filed 07/02/15   Entered 13:40:02   Page 23 of 68

On June 9, 2014, the Judicial Panel on Multidistrict Litigation ordered certain economic loss suits against New GM to be transferred to the District Court for consolidated pretrial proceedings in the MDL Action.[11]

In the MDL Action, Judge Furman actively manages discovery and pretrial proceedings in the consolidated actions involving the Ignition Switch and other defects, convenes regular status conferences, had issued over sixty (60) case management orders, presides over phased discovery including the production of millions of documents and scores of depositions, and has set bellwether trials for 2016. The Court-appointed Co-Lead Counsel and other counsel designated by Order No. 5[12] are responsible for the prosecution and discovery of common claims and questions.

On July 18, 2014, the District Court established an application procedure to select Lead Counsel and other leadership positions in the MDL Action. Any attorney who had filed an action consolidated into the MDL Action was eligible to apply for a leadership position.[13] By letter dated July 28, 2014, Petitioners'

---

[11]   *See* Transfer Order, *In re Gen. Motors Ignition Switch Litig.*, MDL No. 2543 [ECF No. 266] (J.P.M.L. June 12, 2014); Order No. 1, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 [ECF No. 19] (S.D.N.Y. June 24, 2014), at 1.

[12]   *See* Order No. 5, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 [ECF No. 70] (S.D.N.Y. July 18, 2014); MDL Action Orders and Transcripts, *available at* MDL 2543 official website, http://www.gmignitionmdl.com.

[13]   *Id.* at 4.

counsel, Gary Peller (hereinafter, "Peller") sought an opportunity to comment on the appointment process.[14]    However, Peller never sought and does not hold a leadership position in the MDL Action.

On August 15, 2014, the District Court appointed Steve W. Berman of Hagens Berman Sobol Shapiro LLP, Elizabeth J. Cabraser of Lieff Cabraser Heimann & Bernstein, LLP, and Robert C. Hilliard of Hilliard Muñoz Gonzales LLP as Co-Lead Counsel.[15]

Brown Rudnick LLP and Goodwin Proctor LLP serve as special bankruptcy counsel ("Designated Counsel") to Lead Counsel in the bankruptcy proceedings before Judge Robert E. Gerber in the U.S. Bankruptcy Court for the Southern District of New York.

Co-Lead Counsel are charged by Order of the Court with acting for all plaintiffs in the MDL Action by, *inter alia*, presenting written and oral arguments and suggestions to the District Court and working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, and conducting the principal examination of deponents and

---

[14]    *See* Letter from Gary Peller to Hon. Jesse M. Furman, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 [ECF No. 115] (S.D.N.Y. July 28, 2014).

[15]    *See* Order No. 8, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 [ECF No. 249] (S.D.N.Y. Aug. 15, 2014).  The Court also appointed a nine-member Executive Committee, a Plaintiff Liaison Counsel, and Federal/State Liaison Counsel.  *See id.* at 3.  Peller was not appointed to any of these posts.

Case 1:14-cv-01887   Document 27-12   Filed 11/25/2015   D340707   Page 26 of 68

retaining experts.  *See* Order No. 5.  Peller has no leadership role in the MDL

Action.

## III.  Proceedings In The Bankruptcy Court Following The Disclosure Of The Ignition Switch Defect.

In April 2014, New GM filed the Ignition Switch Motion to Enforce seeking

to enjoin the prosecution of numerous lawsuits, including class actions arising out

of the Ignition Switch Defect.[16]

The Bankruptcy Court identified four threshold issues relating to the Motion

to Enforce for judicial determination (the "Threshold Issues").[17]

The Bankruptcy Court then directed certain parties to meet and confer to

establish agreed and disputed stipulated facts in connection with the contested

---

[16]  *See Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction*, dated April 21, 2014 [ECF No. 12620] (the "Ignition Switch Motion to Enforce").

[17]  *See Scheduling Order Regarding (I) Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 To Enforce the Court's July 5, 2009 Sale Order and Injunction, (II) Objection Filed by Certain Plaintiffs in Respect thereto, and (III) Adversary Proceeding No. 14-01929*, dated May 16, 2014 [ECF No. 12697] (the "Scheduling Order"), at 4.  The Threshold Issues include: (i) whether plaintiffs' due process rights were violated in connection with the Sale Order, or would be violated by enforcement of the Sale Order; (ii) if so, what was the appropriate remedy for the due process violation; (iii) whether any claims asserted in the Ignition Switch Actions were against Old GM; and (iv) if so, whether such claims should be disallowed/dismissed on grounds of equitable mootness.  *See In re Motors Liquidation Co.*, 529 B.R. at 539-40.

8

Ignition Switch Motion to Enforce.[18]   On August 8, 2014, the parties filed the
Stipulations of Fact.[19]

Counsel for Petitioners chose not to participate in the development of the
Threshold Issues, the Stipulations of Fact, or the briefing submitted to the
Bankruptcy Court on the Threshold Issues despite having a full opportunity to do
so.[20]

Instead, counsel for the Petitioners filed pleadings and letters[21] seeking
special treatment and recognition of the asserted right to "go it alone."[22]   For

---

[18]   *See* Scheduling Order at 4; *Supplemental Scheduling Order Regarding (I)
Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to
Enforce the Court's July 5, 2009 Sale Order and Injunction, (II) Objection
Filed by Certain Plaintiffs in Respect thereto, and (III) Adversary Proceeding
No. 14-01929*, dated July 11, 2014 [ECF No. 12770], at 4.

[19]   *See* ECF No. 12826.   A true and correct copy of the Stipulations of Fact are
attached as **Exhibit B** to the Weisfelner Declaration.

[20]   On December 6, 2014, pursuant to the Bankruptcy Court's instruction,
Designated Bankruptcy Counsel for the Ignition Switch Plaintiffs circulated
drafts of their Threshold Issues Briefs to all plaintiffs involved in the
bankruptcy proceedings.   *See Endorsed Order*, dated Aug. 22, 2014 [ECF No.
12869].   Designated Bankruptcy Counsel for the Ignition Switch Plaintiffs
solicited input and comments on the drafts from other plaintiffs' counsel,
including counsel to the Petitioners. Counsel to the Petitioners did not
comment.

[21]   *See, e.g.*, ECF No. 12737 (Endorsed Order Regarding Letter by Peller's co-
counsel, Daniel Hornal); ECF Nos. 12761, 12766, 12769, 12777, 12783
(Letters filed by Hornal); ECF No. 12774 (Motion to Dismiss Party filed by
Hornal); ECF No. 12788 (Response filed by Peller); ECF Nos. 12821, 12830
(Letters filed by Peller); ECF No. 12822 (Notice of filing Counter-Order by
Peller); ECF No. 12828 (Supplemental Notice of Counter-Order filed by
Peller); ECF No. 12839 (Notice of Appeal filed by Peller); ECF No. 12870

example, Peller filed at least three "No Stay Pleadings" with the Bankruptcy Court

seeking to move his clients' actions ahead of all other plaintiffs' actions.[23]  All of

the efforts of counsel for the Petitioners were rejected by Judge Gerber[24] who

characterized Peller's arguments as "frivolous."[25]

## IV.    The Bankruptcy Court's Decision And Judgment.

On April 15, 2015, the Bankruptcy Court issued its Decision.[26]  It held that

the Ignition Switch Defect was known to Old GM at the time it filed its chapter 11

cases and for some time prior to that date, and the Subject Vehicles should have

---

(Motion to Dismiss Party filed by Peller); ECF No. 12871 (Motion to Amend
filed by Peller); ECF No. 12872 (Motion for an Order of Abstention filed by
Peller); ECF No. 12883 (Amended Motion to Dismiss Party filed by Peller);
ECF No. 12948 (Memorandum of Law Regarding No Stay Pleading filed by
Peller); ECF No. 13002 (Amended Notice of Appeal filed by Peller); ECF No.
13004 (Notice of Appeal filed by Peller); ECF Nos. 13005 and 13007 (Motions
Seeking Leave to Appeal filed by Peller).

[22]  *See Decision with Respect to No Stay Pleading and Related Motion to Dismiss
for Lack of Subject Matter Jurisdiction (Elliott Plaintiffs)*, dated Aug. 6, 2014
[ECF No. 12815], at 9.

[23]  *See* ECF Nos. 12766; 12774; 12871 (Elliott Plaintiffs' No Stay Pleadings); ECF
Nos. 12830; 12835; 12868; 12883 (Sesay Plaintiffs' No Stay Pleadings); ECF
No. 12948 (Bledsoe Plaintiffs' No Stay Pleading).

[24]  *See* ECF Nos. 12771; 12815; 12933 (Orders and Decision denying Elliott
Plaintiffs' No Stay Pleadings); ECF Nos. 12835; 12877; 12989 (Orders and
Decision denying Sesay Plaintiffs' No Stay Pleadings); ECF No. 12991 (Order
denying Bledsoe Plaintiffs' No Stay Pleading).

[25]  *See* ECF No. 12815, at 2-3; *Decision with Respect to No Stay Pleading, and
Related Motion for Abstention (Sesay Plaintiffs)*, dated November 10, 2014
[ECF No. 12989], at 1-2, 5; *see also Endorsed Order*, dated Nov. 10, 2014
[ECF No. 12991].

[26]  *See* ECF No. 13109.

been recalled prior to Old GM's June 2009 bankruptcy filing.  *See In re Motors
Liquidation Co.*, 529 B.R. at 538.  As a result, the Bankruptcy Court found that the
Plaintiffs were "known" creditors of the Debtor who were entitled to notice and an
opportunity to be heard in connection with the Old GM bankruptcy proceedings.
*See In re Motors Liquidation Co.*, 529 B.R. at 525, 557.  It further held that the
Plaintiffs had been prejudiced by the failure of New GM to provide them with an
opportunity to object to the breadth of the Sale Order as it applied to New GM's
own conduct.  *See id.* at 524-27.  The Bankruptcy Court further held that, as a
result of this due process violation, the Sale Order would be deemed modified so
that notwithstanding its overbreadth as issued, the Plaintiffs could now assert
"claims or causes of action . . . against New GM (whether or not involving Old
GM vehicles or parts) that are based solely on New GM's own, independent, post-
Closing acts or conduct."  Judgment ¶ 4; *see In re Motors Liquidation Co.*, 529
B.R. at 598.  The Bankruptcy Court also held that the Plaintiffs' due process rights
were violated by the failure to provide them with notice of the Bar Date and, thus,
they could assert late proofs of claim against the Old GM estate.  *See In re Motors
Liquidation Co.*, 529 B.R. at 583.[27]

---

[27]  Despite this finding, the Bankruptcy Court also found that while "late claims
filed by the Plaintiffs might still be allowed, assets transferred to the GUC Trust
under the Plan could not now be tapped to pay them."  *See In re Motors
Liquidation Co.*, 529 B.R. at 529.

On June 1, 2015, the Bankruptcy Court entered the Judgment implementing the Decision. *See* ECF No. 13177.[28]

On the same day, the Bankruptcy Court entered its *Order, Pursuant to 28 U.S.C. § 158(d), and Fed. R. Bankr. P. 8006(e), Certifying Judgment for Direct Appeal to Second Circuit*, dated June 1, 2015 [ECF No. 13178] (the "Certification Order"). The Certification Order permits the parties to the Decision and Judgment to pursue a direct appeal to this Court. *Id.* ¶ 1.

## V.    Plaintiffs' Appeal From The Decision And Judgment.

On June 2, 2015, the Ignition Switch Plaintiffs filed a *Notice of Appeal* from the Decision and Judgment to the District Court. *See* ECF No. 13185.

On June 10, 2015, the Ignition Switch Pre-Closing Accident Plaintiffs filed a *Notice of Appeal* from the Decision and Judgment to the District Court.[29] *See* ECF No. 13194.

On June 16, 2015, the Ignition Switch Plaintiffs filed the *Appellants' Statement Of Issues On Appeal And Designation Of Items To Be Included In the Record On Appeal*. *See* ECF No. 13219.

---

[28]    A true and correct copy of the Judgment is attached as **Exhibit C** to the Weisfelner Declaration.

[29]    The Decision and Judgment are subject to appeal by several other parties. *See* ECF Nos. 13200 (Notice of Cross-Appeal for New GM); 13209 (Notice of Appeal for Groman Plaintiffs).

On June 22, 2015, the Ignition Switch Pre-Closing Accident Plaintiffs filed the *Ignition Switch Pre-Closing Accident Plaintiffs' Statement Of Issues And Designation Of Record On Appeal*. *See* ECF. No. 13236.

## VI.    Petitioners' Appeal From And Motion For Reconsideration Of The Decision and Judgment.

On June 1, 2015, the Petitioners filed an *Amended Notice of Appeal* from the Judgment to the District Court (the "Elliott Notice of Appeal"). *See* ECF No. 13179. The Elliott Notice of Appeal designated four parties to the appeal: (i) Lawrence Elliott-Appellant; (ii) Celestine Elliott-Appellant; (iii) Bernice Summerville-Appellant; and (iv) New GM-Appellee. *See id.* at 1.

On the same day, the Sesay Plaintiffs filed a *Notice of Appeal* from the Judgment. *See* Notice of Appeal, dated June 1, 2015 [ECF No. 13180].

On June 11, 2015, the Bledsoe Plaintiffs (which, as defined by Peller, include Petitioners Celestine Elliott and Lawrence Elliott) filed the Motion for Reconsideration. *See* ECF No. 13196.

Counsel for the Petitioners and New GM then entered a stipulation setting a July 6, 2015 deadline for New GM to respond to the Motion for Reconsideration. *See* ECF No. 13203. A hearing date for the Motion for Reconsideration has not yet been scheduled.

13

On June 15, 2015, notwithstanding the Motion for Reconsideration, Peller filed the *Elliott Plaintiffs/Appellants' Statement of the Issues And Designation Of Items To Be Included In The Record On Appeal*. *See* ECF No. 13207.

On June 18, 2015, the Petitioners filed the Petition and served it on Designated Counsel for the Plaintiffs via email.[30]

## ARGUMENT

## I.    The Motion To Intervene Should Be Granted Under Federal Rule 24.

Intervention on appeal may be permitted under the criteria set forth in Federal Rule of Civil Procedure 24, notwithstanding that such rule is not expressly applicable to appeals.  *See Int'l Union v. Scofield*, 382 U.S. 205, 217 n.10 (1965) ("The Federal Rules of Civil Procedure, of course, apply only in the federal district courts.  Still, the policies underlying intervention may be applicable in appellate courts.  Under Rule 24(a)(2) or Rule 24(b)(2), we think the charged party would be entitled to intervene.").

This Court has likewise recognized that Rule 24 of the Federal Rules of Civil Procedure applies to the consideration of motions to intervene by appellate courts. *See Floyd v. City of New York*, 770 F.3d 1051, 1062 & n.39 (2d Cir. 2014)

---

[30]    *See* Email from Gary Peller (Georgetown University), to Edward S. Weisfelner (Brown Rudnick LLP), et al., *re: In re Motors Liquidation Company; Case No: 09-50026 -- Service of Petition for Permission to Appeal* (June 18, 2015 10:23 PM), a true and correct copy is attached as **Exhibit D** to the Weisfelner Declaration.

(applying criteria found in Rule 24 to uphold denial of motions to intervene on appeal).  Other circuit courts have adopted the same position.  *See, e.g.*, *Algonquin Gas Transmission Co. v. Fed. Power Comm'n*, 201 F.2d 334, 342 (1st Cir. 1953) (holding that appellate proceedings should be "guide[d] . . . by analogy to Rule 24 of the Federal Rules of Civil Procedure"); *Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790, 790 (6th Cir. 2010) ("On appeal, we may grant either intervention of right or permissive intervention.").

As set forth below, the Plaintiffs meet the Federal Rule 24 requirements for intervention as of right in this Appeal.

### A.    The Plaintiffs Have An Unqualified Statutory Right To Intervene In The Appeal Under Federal Rule 24(a)(1).

Federal Rule 24(a)(1) provides "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute."  Fed. R. Civ. P. 24(a)(1) (emphasis supplied).  Under Bankruptcy Code Section 1109(b), "[a] party in interest, including . . . a creditor . . . may raise and may appear and be heard on any issue in a case under this chapter."  11 U.S.C. § 1109(b).

Given that the Bankruptcy Court concluded that the Plaintiffs were "known" creditors of Old GM, Bankruptcy Code Section 1109(b) provides the Plaintiffs with an unqualified and unconditional right to intervene in the Appeal.  *See* 11 U.S.C. § 1109(b); *In re Motors Liquidation Co.*, 529 B.R. at 560; *Term Loan*

*Holder Comm. v. Ozer Grp., L.L.C. (In re Caldor Corp.)*, 303 F.3d 161, 169 (2d Cir. 2002) ("We hold, therefore, that the phrase 'any issue in a case' plainly grants a right to raise, appear and be heard on *any issue* regardless whether it arises in a contested matter or an adversary proceeding."); *Adelphia Commc'ns Corp. v. Rigas (In re Adelphia Commc'ns Corp.)*, 285 B.R. 848, 850-51 (Bankr. S.D.N.Y. 2002) (holding that creditors, as intervenors under section 1109, "may 'raise and may appear and be heard on any issue'" in the proceedings).

Accordingly, the Plaintiffs have an unconditional statutory right to intervene in the Appeal.

### B.    The Plaintiffs Are Entitled To Intervene As Of Right Under Federal Rule 24(a)(2).

The Plaintiffs are also entitled to intervene in the Appeal as of right under Federal Rule 24(a)(2). Rule 24(a) provides:

> On timely motion, the court must permit anyone to intervene who:
>
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

The Plaintiffs have a vital interest in the Appeal as any decision on the Appeal will apply to the same issues that are the subject of Plaintiffs' appeal to the

District Court, including, *inter alia*, the Plaintiffs' right to bring claims against New GM as successor to Old GM, notwithstanding the "free and clear" language of the Sale Order. The Petition seeks to have this Court hear that an appeal in the first instance rather than, if necessary, only after the issues have first been decided by the District Court.

Allowing the District Court to hear the appeal in the first instance would "facilitate a wise and well-informed decision." *See Weber v. U.S. Tr.*, 484 F.3d 154, 161 (2d Cir. 2007). Judge Furman has superior knowledge and experience with the facts and legal issues relating to the Ignition Switch Defect litigation that will provide essential context for the appeal. Moreover, as is shown more fully in the Opposition, the appeal meets none of the requirements for direct certification set forth in 28 U.S.C. § 158(d)(2). It does not present any question of law as to which there is no controlling authority in this Circuit, nor does it concern a question of law requiring the resolution of conflicting decisions.

Moreover, the Plaintiffs recently filed a motion to withdraw the reference from the Bankruptcy Court with regard to certain pleadings pertaining to their right to assert claims against New GM under the Judgment.[31] The Plaintiffs anticipate

---

[31] *See Motion to Withdraw the Reference for the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading*, dated June 24, 2015 [ECF No. 13250].

that the motion to withdraw the reference will be heard by Judge Furman.  Having

the appeal from the Decision and Judgment and proceedings on that Decision and

Judgment heard by the same court (the District Court) will both facilitate their

conclusion and avoid inconsistent or duplicative proceedings.

Therefore, the Plaintiffs have an interest in the Petition and should be

granted the right to intervene under Rule 24(a)(2).

## <u>CONCLUSION</u>

WHEREFORE, the Plaintiffs respectfully request that this Court enter an

Order:   (i) allowing the Plaintiffs to intervene in the Appeal and file the

Opposition; and (ii) granting such other further relief that is just and proper.


Dated:      June 29, 2015
            New York, New York

Respectfully submitted,

**BROWN RUDNICK LLP**

By: */s/ Edward S. Weisfelner*
Edward S. Weisfelner
David J. Molton
May Orenstein
Howard S. Steel
Seven Times Square
New York, New York 10036
T: 212-209-4800
E: eweisfelner@brownrudnick.com
E: dmolton@brownrudnick.com
E: morenstein@brownrudnick.com
E: hsteel@brownrudnick.com

-and-

**STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA, P.C.**
Sander L. Esserman
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
T: 214-969-4900
E: esserman@sbep-law.com

*Co-Designated Counsel & Counsel to
Ignition Switch Plaintiffs, Represented
in the MDL Proceeding by Co-Lead
Counsel*

**GOODWIN PROCTOR LLP**
William P. Weintraub
Gregory W. Fox
The New York Times Bldg.
620 Eighth Avenue
New York, New York 10018
T: 212-813-8800
wweintraub@goodwinproctor.com

gfox@goodwinproctor.com

*Co-Designated Counsel & Counsel to
Ignition Switch Pre-Closing Accident
Plaintiffs, Represented in the MDL
Proceeding by Co-Lead Counsel:*

Steve W. Berman
**HAGENS BERMAN SOBOL
SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101

-and-

555 Fifth Avenue, Suite 1700
New York, New York 10017

*Co-Lead Counsel with a primary focus
on Economic Loss Cases*

Elizabeth J. Cabraser
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111

-and-

250 Hudson Street, 8th Floor
New York, New York 10013

*Co-Lead Counsel with a primary focus
on Economic Loss Cases*

Robert C. Hilliard
**HILLIARD MUÑOZ GONZALES
LLP**
719 S. Shoreline Boulevard, Suite 500

Corpus Christi, Texas 78401

*Co-Lead Counsel with a primary focus
on Personal Injury Cases*

Case 15-1588, Document 47, 08/05/2015, 1584063, Page39 of 68

# EXHIBIT B

No. 15–1958

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

IN RE: MOTORS LIQUIDATION COMPANY,
F/K/A GENERAL MOTORS CORPORATION,

---

CELESTINE ELLIOTT, ET AL.,

*Plaintiffs-Appellants,*

*v.*

GENERAL MOTORS LLC, ET AL.,

*Defendants-Appellees.*

---

## OPPOSITION TO PETITIONS FOR PERMISSION TO APPEAL

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Edward S. Weisfelner | Sander L. Esserman | William P. Weintraub |
| David J. Molton | STUTZMAN, | Gregory W. Fox |
| May Orenstein | BROMBERG, | GOODWIN PROCTOR LLP |
| Howard S. Steel | ESSERMAN & | The New York Times Bldg. |
| BROWN RUDNICK LLP | PLIFKA, A | 620 Eighth Avenue |
| Seven Times Square | PROFESSIONAL | New York, New York 10018 |
| New York, New York 10036 | CORPORATION | T: 212-813-8800 |
| T: 212-209-4800 | 2323 Bryan Street | wweintraub@goodwinproctor.com |
| eweisfelner@brownrudnick.com | Suite 2200 | gfox@goodwinproctor.com |
| dmolton@brownrudnick.com | Dallas, Texas 75201 | |
| morenstein@brownrudnick.com | T: 214-969-4900 | |
| hsteel@brownrudnick.com | esserman@sbep-law.com | |

*Co-Designated Counsel for the Ignition Switch Plaintiffs
and the Ignition Switch Pre-Closing Accident Plaintiffs,
Represented in the MDL Proceeding with Co-Lead Counsel*

Steve W. Berman
HAGENS BERMAN
SOBOL SHAPIRO LLP
1918 Eighth Avenue,
Suite 3300
Seattle, WA 98101

-and-

555 Fifth Avenue, Suite
1700
New York, New York
10017

*Co-Lead Counsel with a
primary focus on
Economic Loss Cases*

Elizabeth J. Cabraser
LIEFF CABRASER
HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th
Floor
San Francisco, California
94111

-and-

250 Hudson Street, 8th
Floor
New York, New York
10013

*Co-Lead Counsel with a
primary focus on
Economic Loss Cases*

Robert C. Hilliard
HILLIARD MUÑOZ
GONZALES LLP
719 S. Shoreline
Boulevard, Suite 500
Corpus Christi, Texas
78401

*Co-Lead Counsel with a
primary focus on
Personal Injury Cases*

## CORPORATE DISCLOSURE STATEMENT

No corporate disclosure statement is required for the Plaintiffs, each of whom is an individual and not a corporate entity.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................2

BACKGROUND ........................................................................................3

  I.    New GM's Concealment Of The Ignition Switch Defect. ...........................3

  II.   Establishment Of The MDL Action And The
       Appointment Of Co-Lead Counsel. ......................................................5

  III.  Proceedings In The Bankruptcy Court Following
       The Disclosure Of The Ignition Switch Defect. ....................................7

  IV.  The Bankruptcy Court's Decision And Judgment. ..................................10

  V.    Plaintiffs' Appeal From The Decision And Judgment. ...........................12

  VI.  Petitioners' Appeal From and Motion for Reconsideration
       Of The Decision and Judgment................................................................13

ARGUMENT .........................................................................................14

  I.    The Elliott Petition is Procedurally Improper. ......................................14

  II.   The Petitions Should Be Denied Because
       Direct Appeal Is Unwarranted. .............................................................15

    A.  The Appeal Does Not Involve A Question Of Law As To
         Which There Is No Controlling Decision. ...............................................15

    B.  The Appeal Does Not Involve a Question of Law
         Requiring Resolution of Conflicting Decisions. .......................................18

    C.  This Court's Acceptance Of The Appeal Will Not Materially Advance The
         Progress Of The Case. .........................................................................19

CONCLUSION .....................................................................................20

# TABLE OF AUTHORITIES

**Page**

*Am. Home Mortg. Inv. Corp. v. Lehman Bros. (In re Am. Home Mortg. Inv. Corp.)*,
    408 B.R. 42 (D. Del. 2009) ................................................................ 17

*Beeman v. BGI Creditors' Liquidating Trust (In re BGI, Inc.)*,
    772 F.3d 102 (2d Cir. 2014) .............................................................. 17

*DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*,
    747 F.3d 145 (2d Cir. 2014) .............................................................. 16

*Frito-Lay, Inc. v. LTV Steel Co. (In re Chateaugay Corp.)*,
    10 F.3d 944 (2d Cir. 1993) ................................................................ 17

*Johns-Manville Corp. v. Chubb Indem. Ins. Co. (In re Johns-Manville Corp.)*,
    517 F.3d 52 (2d Cir. 2008), *rev'd on other grounds sub nom. Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009) ...................... 16

*Koepp v. Holland*,
    593 F. App'x 20 (2d Cir. 2014) .................................................... 16, 19

*In re Motors Liquidation Co.*,
    529 B.R. 510 (Bankr. S.D.N.Y. 2015) ...................................... *passim*

*Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. Official Comm. Of Unsecured Creditors of LTV Steel Co. (In re Chateaugay Corp.)*,
    988 F.2d 322 (2d Cir. 1993) .............................................................. 17

*Pfizer Inc. v. Law Offices of Peter G. Angelos (In re Quigley Co., Inc.)*,
    676 F.3d 45 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 2849 (2013) ..................... 16

*Ritchie Capital Mgmt., L.L.C. v. Stoebner*,
    No. 12-3038, 2013 U.S. Dist. LEXIS 79636 (D. Minn. June 6, 2013) ................................................................................................ 17

*Travelers Cas. & Sur. Co. v. Chubb Indem. Ins. Co. (In re Johns-*
   *Manville Corp.)*,
   600 F.3d 135 (2d Cir. 2010) .........................................................16, 17

*Weber v. U.S. Tr.*,
   484 F.3d 154 (2d Cir. 2007) ...................................................2, 18, 19

**Statutes**

Fed. R. Bankr. P. 8002(b) ..................................................................3, 15

Fed. R. Bankr. P. 8006(a)(3) ..............................................................3, 15

The Ignition Switch Plaintiffs[1] and Ignition Switch Pre-Closing Accident Plaintiffs[2] (collectively, the "Plaintiffs"), by and through their undersigned counsel, hereby oppose (this "Opposition") *Celestine Elliott's, Lawrence Elliott's, and Berenice Summerville's Petition for Permission to Appeal a Judgment and Associated Orders of the Bankruptcy Court* (the "Elliott Petition") and New GM's Cross-Petition for Permission for Direct Appeal (the "Cross-Petition, and together with the Elliott Petition, the "Petitions"). In support of this Opposition, the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Decision on Motion to Enforce Sale Order*, In re Motors Liquidation Co., 529 B.R. 510 (Bankr. S.D.N.Y. 2015) (the "Decision") or in the *Judgment*, dated June 1, 2015 [ECF No. 13177] (the "Judgment"). As defined in the Judgment, the term "Ignition Switch Plaintiffs" shall mean Plaintiffs who have commenced a lawsuit against New GM asserting economic losses based on or arising from the Ignition Switch in the Subject Vehicles (each term as defined in the *Agreed and Disputed Stipulations of Fact Pursuant to the Court's Supplemental Scheduling Order, Dated July 11, 2014*, filed on August 8, 2014 [ECF No. 12826] (the "Stipulations of Fact"), at 3). Because the Subject Vehicles in the Judgment are *only* those vehicles involved in the February and March 2014 Recalls (Recall No. 14-V-047), the term Ignition Switch Plaintiffs as used in this Memorandum of Law includes only Plaintiffs who own or lease those vehicles, and does not include those Plaintiffs who own or lease other vehicles with defective ignition switches (made by both Old and New GM) that were recalled in June and July of 2014. Except where otherwise indicated, references to "ECF No. __" are to docket entries in the Bankruptcy Court proceedings: *In re Motors Liquidation Co.*, Bankr. Case No. 09-50026 (REG).

[2] As defined in the Judgment, the term "Ignition Switch Pre-Closing Accident Plaintiffs" shall mean Plaintiffs that had the Ignition Switch in their Subject Vehicles and that have commenced a lawsuit against New GM based on an accident or incident that occurred prior to the closing of the 363 Sale. Goodwin Procter LLP was engaged by Co-Lead Counsel in *In re: General Motors Ignition Switch Litigation* (14-MD-2543 (JMF)) to address certain issues of bankruptcy law affecting the Ignition Switch Pre-Closing Accident Plaintiffs.

Plaintiffs respectfully state as follows:

## PRELIMINARY STATEMENT

For the reasons set forth below, the Petitions should be denied. The Plaintiffs, who are represented by Lead Counsel in the *General Motors LLC* ("New GM") *Ignition Switch Litigation* (the "MDL Action") have appealed the Decision and Judgment to the District Court for the Southern District of New York (the "District Court") to be heard, in the first instance, by that Court. The District Court is the court before which is now pending the MDL Action involving claims against New GM arising from the Ignition Switch Defect and other defects in GM-branded vehicles.

The Petitions should be denied (and appeal heard by the District Court in the first instance) because the requirements for certification of a direct appeal to the Second Circuit under 28 U.S.C. § 158(d) are not met here. The appeal does not present any questions of law without controlling authority in this Circuit, nor does it concern questions of law requiring the resolution of conflicting decisions. Given the District Court's substantial experience conducting the MDL Action and familiarity with the facts and issues on appeal, this is a situation where a decision from the District Court "would cast more light on the issue and facilitate a wise and well-informed decision by the Second Circuit." *See Weber v. U.S. Tr.*, 484 F.3d 154, 161 (2d Cir. 2007). Accordingly, the Plaintiffs oppose direct appeal.

However, this Court need not make a determination at present regarding whether the criteria for direct appeal to the Second Circuit are satisfied here because some of the same individuals who are petitioning this Court for a direct appeal are concurrently seeking reconsideration by the Bankruptcy Court of the Decision and Judgment.[3]  Under Bankruptcy Rule 8006(a)(3), the Bankruptcy Court's certification of a direct appeal to the Second Circuit is not yet effective and under Bankruptcy Rule 8002, Petitioners' and Plaintiffs' appeals are tolled, pending resolution of the Motion for Reconsideration.[4]  Accordingly, any consideration of the Petitions is inappropriate and the Petitions should be stricken as void or held in abeyance until the Motion for Reconsideration is resolved (with rights to respond commensurately tolled).[5]

## **BACKGROUND**

### I.  **New GM's Concealment Of The Ignition Switch Defect.**

In February and March of 2014, New GM disclosed the existence of the Ignition Switch Defect, a safety defect in multiple model years of GM-branded

---

[3]  *See Bledsoe Plaintiffs' Motion to Amend Findings Pursuant to FRBP 7052, for Reargument Pursuant to Local Bankruptcy Rule 9023.1, to Alter or Amend the Judgment Pursuant to FRBP 9023, and For Relief From the Judgment Pursuant to FRBP 9024*, dated June 11, 2015 [ECF No. 13196] (the "Motion for Reconsideration").

[4]  *See* Fed. R. Bankr. P. 8006(a)(3); Fed. R. Bankr. P. 8002(b)(1)-(2).

[5]  The Plaintiffs expressly reserve and do not waive their rights to supplement this Opposition in response to a procedurally proper petition for permission to directly appeal the Decision and/or the Judgment and to supplement this response to the Cross-Petition.

vehicles which causes the loss of power, an inability to control speed and braking functions, and the disablement of airbags.  In its Consent Order with the National Highway Safety Administration, New GM conceded that it violated the law by failing to properly disclose the Ignition Switch Defect and conduct a timely recall.[6]

New GM concealed the existence of the Ignition Switch Defect from the public for nearly five years notwithstanding it knew of the potential for it to cause injury and death.  To date, the Ignition Switch Defect has been linked to 119 deaths and 243 serious injuries.[7]  Although New GM knew about the Ignition Switch Defect since its inception in 2009, it concealed its existence from the public for nearly five years.  As the Bankruptcy Court recognized, at least twenty-four (24) Old GM personnel, including engineers, senior managers, and attorneys, were informed or otherwise aware of the Ignition Switch Defect, all of whom were transferred to New GM.  *See In re Motors Liquidation Co.*, 529 B.R. at 524, 538, 557.  Following the February and March recall, New GM issued numerous recalls for other safety defects, including ignition switch defects in an additional 11 million vehicles.  In all, New GM recalled approximately 26 million vehicles in the

---

[6]   *See* Consent Order, In re TQ14-001 NHTSA Recall No. 14V-047 (U.S. Dep't of Transp. May 16, 2014), *available at* http://www.nhtsa.gov/staticfiles/ communications/pdf/May-16-2014-TQ14-001-Consent-Order.pdf, at 4.

[7]   *See* Detailed Overall Program Statistics, GM Ignition Compensation Claims Resolution Facility (June 26, 2015), *available at* http://www.gmignition compensation.com/docs/ProgramStatistics.pdf.

first seven months of 2014.[8]

## II.    Establishment Of The MDL Action
## And The Appointment Of Co-Lead Counsel.

Following the Ignition Switch recalls in 2014, over 150 class actions and lawsuits have been filed against New GM alleging economic loss damages, including those actions initiated by the Ignition Switch Plaintiffs and Ignition Switch Pre-Closing Accident Plaintiffs.[9]

On June 9, 2014, the Judicial Panel on Multidistrict Litigation ordered certain economic loss suits against New GM to be transferred to the District Court for consolidated pretrial proceedings in the MDL Action.[10]   In the MDL Action, Judge Furman actively manages discovery and pretrial proceedings in the consolidated actions involving the Ignition Switch and other defects, convenes regular status conferences, had issued over fifty (50) case management orders, presides over phased discovery including the production of millions of documents and scores of depositions, and has set bellwether trials for 2016.   The Court-

---

[8]    *See* Stipulations of Fact, Ex. D ¶ 77.

[9]    *See In re Motors Liquidation Co.*, 529 B.R. at 521, 539; Motors Liquidation Company GUC Trust (Form 10-K for year ended March 31, 2015) (May 22, 2015), at 21.

[10]   *See* Transfer Order, *In re Gen. Motors Ignition Switch Litig.*, MDL No. 2543 [ECF No. 266] (J.P.M.L. June 12, 2014); Order No. 1, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 [ECF No. 19] (S.D.N.Y. June 24, 2014), at 1.

Case 19c-1387/Document 24/05/15/2015, 2540003/Page513068

appointed Co-Lead Counsel and other counsel designated by Order No. 5[11] are responsible for the prosecution and discovery of common claims and questions.

On July 18, 2014, the District Court established an application procedure to select Lead Counsel and other leadership positions in the MDL Action.[12] Any attorney who had filed an action consolidated into the MDL Action was eligible to apply for a leadership position.[13] By letter dated July 28, 2014, the Elliott Petitioners' counsel, Gary Peller (hereinafter, "Peller") sought an opportunity to comment on the appointment process.[14] However, Peller never sought and does not hold a leadership position in the MDL Action.

On August 15, 2014, the District Court appointed Steve W. Berman of Hagens Berman Sobol Shapiro LLP, Elizabeth J. Cabraser of Lieff Cabraser Heimann & Bernstein, LLP, and Robert C. Hilliard of Hilliard Muñoz Gonzales LLP as Co-Lead Counsel.[15] Brown Rudnick LLP and Goodwin Proctor LLP serve

---

[11] *See* Order No. 5, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 [ECF No. 70] (S.D.N.Y. July 18, 2014); MDL Action Orders and Transcripts, *available at* MDL 2543 official website, http://www.gmignitionmdl.com.

[12] *See* Order No. 5, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 [ECF No. 70] (S.D.N.Y. July 18, 2014).

[13] *Id.* at 4.

[14] *See* Letter from Gary Peller to Hon. Jesse M. Furman, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 [ECF No. 115] (S.D.N.Y. July 28, 2014).

[15] *See* Order No. 8, *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 [ECF No. 249] (S.D.N.Y. Aug. 15, 2014). The Court also appointed a

as special bankruptcy counsel ("Designated Counsel") to Lead Counsel in the bankruptcy proceedings before Judge Robert E. Gerber in the U.S. Bankruptcy Court for the Southern District of New York.

Co-Lead Counsel are charged by Order of the Court with acting for all plaintiffs in the MDL Action by, *inter alia*, presenting written and oral arguments and suggestions to the District Court and working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, and conducting the principal examination of deponents and retaining experts. *See* Order No. 5. Peller has no leadership role in the MDL Action.

## III.     Proceedings In The Bankruptcy Court Following The Disclosure Of The Ignition Switch Defect.

In April 2014, New GM filed the Ignition Switch Motion to Enforce seeking to enjoin the prosecution of numerous lawsuits, including class actions arising out of the Ignition Switch Defect.[16] The Bankruptcy Court identified four threshold issues relating to the Motion to Enforce for judicial determination (the "Threshold

---

nine-member Executive Committee, a Plaintiff Liaison Counsel, and Federal/State Liaison Counsel. *See id.* at 3. Peller was not appointed to any of these posts.

[16] *See Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction*, dated April 21, 2014 [ECF No. 12620] (the "Ignition Switch Motion to Enforce").

Issues").[17]

The Bankruptcy Court then directed certain parties to meet and confer to establish agreed and disputed stipulated facts in connection with the contested Ignition Switch Motion to Enforce.[18]  On August 8, 2014, the parties filed the Stipulations of Fact.[19]

Counsel for the Elliott Petitioners chose not to participate in the development of the Threshold Issues, the Stipulations of Fact, or the briefing submitted to the Bankruptcy Court on the Threshold Issues despite having a full opportunity to do so.[20]  Instead, counsel for the Petitioners filed pleadings and

---

[17]  *See Scheduling Order Regarding (I) Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 To Enforce the Court's July 5, 2009 Sale Order and Injunction, (II) Objection Filed by Certain Plaintiffs in Respect Thereto, and (III) Adversary Proceeding No. 14-01929*, dated May 16, 2014 [ECF No. 12697] (the "Scheduling Order"), at 4.   The Threshold Issues include: (i) whether plaintiffs' due process rights were violated in connection with the Sale Order, or would be violated by enforcement of the Sale Order; (ii) if so, what was the appropriate remedy for the due process violation; (iii) whether any claims asserted in the Ignition Switch Actions were against Old GM; and (iv) if so, whether such claims should be disallowed/dismissed on grounds of equitable mootness.  *See In re Motors Liquidation Co.*, 529 B.R. at 539-40.

[18]  *See* Scheduling Order at 4; *Supplemental Scheduling Order Regarding (I) Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction, (II) Objection Filed by Certain Plaintiffs in Respect thereto, and (III) Adversary Proceeding No. 14-01929*, dated July 11, 2014 [ECF No. 12770], at 4.

[19]  *See* ECF No. 12826.  A true and correct copy of the Stipulations of Fact are attached as **Exhibit B** to the Declaration of Edward S. Weisfelner (the "Weisfelner Declaration").

[20]  On December 6, 2014, pursuant to the Bankruptcy Court's instruction,

letters[21] seeking special treatment and recognition of the asserted right to "go it

alone."[22]   For example, Peller filed at least three "No Stay Pleadings" with the

Bankruptcy Court seeking to move his clients' actions ahead of all other plaintiffs'

actions.[23]  All of the efforts of counsel for the Elliott Petitioners were rejected[24] by

---

Designated Bankruptcy Counsel for the Ignition Switch Plaintiffs circulated drafts of their Threshold Issues Briefs to all plaintiffs involved in the bankruptcy proceedings. *See Endorsed Order*, dated Aug. 22, 2014 [ECF No. 12869].  Designated Bankruptcy Counsel for the Ignition Switch Plaintiffs solicited input and comments on the drafts from other plaintiffs' counsel, including counsel to the Elliott Petitioners. Counsel to the Elliott Petitioners did not comment.

[21] *See, e.g.*, ECF No. 12737 (Endorsed Order Regarding Letter by Peller's co-counsel, Daniel Hornal); ECF Nos. 12761, 12766, 12769, 12777, 12783 (Letters filed by Hornal); ECF No. 12774 (Motion to Dismiss Party filed by Hornal); ECF No. 12788 (Response filed by Peller); ECF Nos. 12821, 12830 (Letters filed by Peller); ECF No. 12822 (Notice of filing Counter-Order by Peller); ECF No. 12828 (Supplemental Notice of Counter-Order filed by Peller); ECF No. 12839 (Notice of Appeal filed by Peller); ECF No. 12870 (Motion to Dismiss Party filed by Peller); ECF No. 12871 (Motion to Amend filed by Peller); ECF No. 12872 (Motion for an Order of Abstention filed by Peller); ECF No. 12883 (Amended Motion to Dismiss Party filed by Peller); ECF No. 12948 (Memorandum of Law Regarding No Stay Pleading filed by Peller); ECF No. 13002 (Amended Notice of Appeal filed by Peller); ECF No. 13004 (Notice of Appeal filed by Peller); ECF Nos. 13005 and 13007 (Motions Seeking Leave to Appeal filed by Peller).

[22] *See Decision with Respect to No Stay Pleading and Related Motion to Dismiss for Lack of Subject Matter Jurisdiction (Elliott Plaintiffs)*, dated Aug. 6, 2014 [ECF No. 12815], at 9.

[23] *See* ECF Nos. 12766; 12774; 12871 (Elliott Plaintiffs' No Stay Pleadings); ECF Nos. 12830; 12835; 12868; 12883 (Sesay Plaintiffs' No Stay Pleadings); ECF No. 12948 (Bledsoe Plaintiffs' No Stay Pleading).

[24] *See* ECF Nos. 12771; 12815; 12933 (Orders and Decision denying Elliott Plaintiffs' No Stay Pleadings); ECF Nos. 12835; 12877; 12989 (Orders and Decision denying Sesay Plaintiffs' No Stay Pleadings); ECF No. 12991 (Order

Judge Gerber who characterized Peller's arguments as "frivolous."[25]

## IV.   **The Bankruptcy Court's Decision And Judgment.**

On April 15, 2015, the Bankruptcy Court issued its Decision.[26]  It held that the Ignition Switch Defect was known to Old GM at the time it filed its chapter 11 cases and for some time prior to that date, and the Subject Vehicles should have been recalled prior to Old GM's June 2009 bankruptcy filing.  *See In re Motors Liquidation Co.*, 529 B.R. at 538.  As a result, the Bankruptcy Court found that the Plaintiffs were "known" creditors of the Debtor who were entitled to notice and an opportunity to be heard in connection with the Old GM bankruptcy proceedings.  *See id.* at 525, 557.  It further held that the Plaintiffs had been prejudiced by the failure of New GM to provide them with an opportunity to object to the breadth of the Sale Order as it applied to New GM's own conduct.  *See id.* at 524-27.  The Bankruptcy Court further held that, as a result of this due process violation, the Sale Order would be deemed modified so that notwithstanding its overbreadth as issued, the Plaintiffs could now assert "claims or causes of action . . . against New GM (whether or not involving Old GM vehicles or parts) that are based solely on

---

denying Bledsoe Plaintiffs' No Stay Pleading).

[25]   *See* ECF No. 12815, at 2-3; *Decision with Respect to No Stay Pleading, and Related Motion for Abstention (Sesay Plaintiffs)*, dated November 10, 2014 [ECF No. 12989], at 1-2, 5; *see also Endorsed Order*, dated Nov. 10, 2014 [ECF No. 12991].

[26]   *See* ECF No. 13109.

New GM's own, independent, post-Closing acts or conduct."  Judgment ¶ 4; *see In re Motors Liquidation Co.*, 529 B.R. at 598.  The Bankruptcy Court also held that the Plaintiffs' due process rights were violated by the failure to provide them with notice of the Bar Date and, thus, they could assert late proofs of claim against the Old GM estate.  *See In re Motors Liquidation Co.*, 529 B.R. at 583.[27]

The Bankruptcy Court certified its Judgment for direct review by this Court.  The Bankruptcy Court found that the Decision was based on "undisputed facts," that there were no controlling decisions of the Second Circuit on the issues "beyond the most basic fundamentals," and that the legal issues addressed in the Decision would affect due process, 363 sales, and the claims allowance procedures in future chapter 11 cases.  *See In re Motors Liquidation Co.*, 529 B.R. at 597-98.

The Bankruptcy Court found that intermediate appeal to the District Court, "would have a foreseeable adverse effect on the ability of the MDL Court to proceed with the matters on its watch."  *Id.*

On June 1, 2015, the Bankruptcy Court entered the Judgment implementing the Decision.  *See* ECF No. 13177.  On the same day, the Bankruptcy Court entered its *Order, Pursuant to 28 U.S.C. § 158(d), and Fed. R. Bankr. P. 8006(e), Certifying Judgment for Direct Appeal to Second Circuit*, dated June 1, 2015 [ECF

---

[27]  Despite this finding, the Bankruptcy Court also found that while "late claims filed by the Plaintiffs might still be allowed, assets transferred to the GUC Trust under the Plan could not now be tapped to pay them."  *See In re Motors Liquidation Co.*, 529 B.R. at 529.

No. 13178] (the "Certification Order"). The Certification Order permits the parties to the Decision and Judgment to pursue a direct appeal to this Court. *Id.* ¶ 1. The Certification Order provides that it "shall be effective at such time, and only at such time, that a timely appeal has been taken in the manner required by Fed. R. Bankr. P. 8003 or 8004, and the notice of appeal *has become effective* under Fed. R. Bankr. P. 8002." *Id.* ¶ 2 (emphasis supplied).

## V.    **Plaintiffs' Appeal From The Decision And Judgment.**

On June 2, 2015, the Ignition Switch Plaintiffs filed a *Notice of Appeal* from the Decision and Judgment to the District Court. *See* ECF No. 13185.

On June 10, 2015, the Ignition Switch Pre-Closing Accident Plaintiffs filed a *Notice of Appeal* from the Decision and Judgment to the District Court.[28] *See* ECF No. 13194.

On June 16, 2015, the Ignition Switch Plaintiffs filed the *Appellants' Statement Of Issues On Appeal And Designation Of Items To Be Included In the Record On Appeal*. *See* ECF No. 13219.

On June 22, 2015, the Ignition Switch Pre-Closing Accident Plaintiffs filed the *Ignition Switch Pre-Closing Accident Plaintiffs' Statement Of Issues And Designation Of Record On Appeal*. *See* ECF. No. 13236.

---

[28]   The Decision and Judgment are subject to appeal by several other parties. *See* ECF Nos. 13200 (Notice of Cross-Appeal for New GM); 13209 (Notice of Appeal for Groman Plaintiffs).

## VI.   Petitioners' Appeal From and Motion for Reconsideration Of The Decision and Judgment.

On June 1, 2015, the Petitioners filed an *Amended Notice of Appeal* from the Judgment to the District Court (the "Elliott Notice of Appeal").  *See* ECF No. 13179.  The Elliott Notice of Appeal designated four parties to the appeal: (i) Lawrence Elliott-Appellant; (ii) Celestine Elliott-Appellant; (iii) Bernice Summerville-Appellant; and (iv) New GM-Appellee. *See id.* at 1.

On the same day, the Sesay Plaintiffs filed a *Notice of Appeal* from the Judgment.  *See* Notice of Appeal, dated June 1, 2015 [ECF No. 13180].

On June 11, 2015, the Bledsoe Plaintiffs (which, as defined by Peller, include Petitioners Celestine Elliott and Lawrence Elliott) filed the Motion for Reconsideration.  *See* ECF No. 13196.

Counsel for the Petitioners and New GM then entered a stipulation setting a July 6, 2015 deadline for New GM to respond to the Motion for Reconsideration. *See* ECF No. 13203.  A hearing date for the Motion for Reconsideration has not yet been scheduled.

On June 15, 2015, notwithstanding the Motion for Reconsideration, Peller filed the *Elliott Plaintiffs/Appellants' Statement of the Issues And Designation Of Items To Be Included In The Record On Appeal*.  *See* ECF No. 13207.

On June 18, 2015, the Elliott Petitioners filed the Elliott Petition and served

it on Designated Counsel for the Plaintiffs via email.[29]  The Elliott Petitioners argue, "interests in judicial economy and efficiency *may* support granting the petition for permission to appeal." Petition at 7 (emphasis added).  The Elliott Petitioners submit, however, that "given the . . . District Court's familiarity with the issues presented, initial review by that Court may facilitate this Court's eventual review, and they have no objection to their appeal being heard by [the District] Court in the first instance."  *Id.* at 7-8.  The Elliott Petitioners also disagree with the Bankruptcy Court's characterization of the issues below as either "'difficult'" or requiring the "'application of often conflicting authority.'"  *Id.* at 6 (quoting *In re Motors Liquidation Co.*, 529 B.R. at 529).

On June 29, 2015, Cross-Petitioner, New GM, filed the Cross-Petition requesting that the Court authorize a direct appeal from the Judgment once it becomes effective.  *See* Cross-Petition at 4.

## **ARGUMENT**

## I.     **The Elliott Petition is Procedurally Improper.**

This Court has jurisdiction to hear appeals from "final" decisions and judgments.  *See* 28 U.S.C. §§ 158(a)(1), 158(d)(2)(A).  Given the Motion for

---

[29]  *See* Email from Gary Peller (Georgetown University), to Edward S. Weisfelner (Brown Rudnick LLP), et al., *re: In re Motors Liquidation Company; Case No: 09-50026 -- Service of Petition for Permission to Appeal* (June 18, 2015 10:23 PM), a true and correct copy is attached as **Exhibit D** to the Weisfelner Declaration.

Reconsideration, the Judgment is not final.  The Elliott Petition is procedurally improper and ineffective, and should be stricken or held in abeyance pending resolution of the Motion for Reconsideration.

The Motion for Reconsideration remains pending before the Bankruptcy Court.  Upon filing the Motion for Reconsideration, the Elliott Petitioners tolled the time to appeal for all parties under Bankruptcy Rule 8002(b), until entry of an order resolving the Motion for Reconsideration.  *See* Fed. R. Bankr. P. 8002(b)(1)-(2).  As a result, the certification of the direct appeal from the Bankruptcy Court is not yet effective.  *See* Fed. R. Bankr. P. 8006(a)(3) ("certification of a judgment . . . of a bankruptcy court for direct review in a court of appeals . . . is effective when: [*inter alia*] the notice of appeal has become effective under Rule 8002").  Accordingly, until the Motion for Reconsideration is resolved, the Judgment is not a final order and the Petition is void.

## II.    <u>The Petitions Should Be Denied Because Direct Appeal Is Unwarranted.</u>

Even if the Petitions could be construed as procedurally proper, they should be denied, because the appeal does not meet any of the requirements for direct certification under 28 U.S.C. § 158(d)(2)(A).

### A. The Appeal Does Not Involve A Question<br>Of Law As To Which There Is No Controlling Decision.

The appeal does not involve a question of law as to which there is no controlling decision.  Neither the Elliott Petitioners nor New GM assert otherwise.

Indeed, a plethora of Second Circuit law directly controls the correct outcome on appeal. For example:

- *Travelers Cas. & Sur. Co. v. Chubb Indem. Ins. Co. (In re Johns-Manville Corp.)*, 600 F.3d 135, 158 (2d Cir. 2010) ("*Manville IV*") is controlling authority with respect to the issue of whether the Plaintiffs must demonstrate prejudice to establish a due process violation in connection with the entry or enforcement of the Sale Order. There, this Court held that an insurance company's due process rights were violated because it was not provided appropriate notice of the hearing that led to an order which precluded the insurance company from bringing its claim against a primary liability insurer for contribution and indemnity. *Manville IV*, 600 F.3d at 153-54. Without imposing any requirement of a showing of "prejudice" and, indeed, without discussing such a purported requirement, this Court held that the due process violation was sufficient to render the relevant order inapplicable to the adversely affected insurance company. *Id.*

- On the issue of whether the Plaintiffs failed to demonstrate prejudice in connection with the entry or enforcement of the Sale Order, the following cases each stand for the proposition that the denial of an opportunity for Plaintiffs to be heard necessarily satisfies any prejudice requirement: *Manville IV*, 600 F.3d at 153-54; *DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 747 F.3d 145, 150 (2d Cir. 2014); and *Koepp v. Holland*, 593 F. App'x 20, 23 (2d Cir. 2014).

- On the issue of whether the Bankruptcy Court had jurisdiction to enjoin claims against New GM based on New GM's own independent, post-Closing acts or conduct, directly on point are: *Johns-Manville Corp. v. Chubb Indem. Ins. Co. (In re Johns-Manville Corp.)*, 517 F.3d 52, 66-68 (2d Cir. 2008) (holding that, despite a "common nucleus of operative facts involving" the debtor and the insurer, bankruptcy order enjoining third-party claims against insurers predicated on insurer's independent misconduct were unrelated to *res* of the estate and outside the scope of the bankruptcy court's injunctive power), *rev'd on other grounds sub nom. Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009); and *Pfizer Inc. v. Law Offices of Peter G. Angelos (In re Quigley Co., Inc.)*, 676 F.3d 45, 61-62 (2d Cir. 2012) (finding that bankruptcy court lacks jurisdiction to enjoin a claim against a third party where such claim would not have an effect on the *res* of the bankruptcy estate), *cert. denied*, 133 S. Ct. 2849 (2013).

- On the issue of whether the Sale Order may be enforced by enjoining and barring claims asserted against New GM where such claims "concern[] an Old GM vehicle or part," and through the creation of procedures for staying, striking or

dismissing such claims, on point is: *Manville IV*, 600 F.3d at 158 (holding that a claimant could not be bound by bankruptcy court orders where, even with notice, "it could not have anticipated . . . that its . . . claims . . . would be enjoined"), *cert. denied* 131 S. Ct. 644 (2010).

- On the issue of whether the doctrine of equitable mootness applies to the Plaintiffs' potential claims against the Old GM estate, the Bankruptcy Court recognized, and the parties did not dispute, that "three holdings of the Second Circuit largely determine the mootness issues here[:]"   *Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. Official Comm. Of Unsecured Creditors of LTV Steel Co. (In re Chateaugay Corp.)*, 988 F.2d 322 (2d Cir. 1993); *Frito-Lay, Inc. v. LTV Steel Co. (In re Chateaugay Corp.)*, 10 F.3d 944 (2d Cir. 1993); and *Beeman v. BGI Creditors' Liquidating Trust (In re BGI, Inc.)*, 772 F.3d 102 (2d Cir. 2014).  *See In re Motors Liquidation Co.*, 529 B.R. at 84.

Moreover, to warrant certification for direct appeal under 28 U.S.C. § 158(d)(2)(A)(i), the appeal must involve a "lack of controlling precedent ***on a purely legal question***."  *Ritchie Capital Mgmt., L.L.C. v. Stoebner*, No.  12-3038, 2013 U.S. Dist. LEXIS 79636, at *10 (D. Minn. June 6, 2013) (emphasis added). Where the issues presented on appeal involve "mixed questions that implicate the particular circumstances of this case . . . they are not pure legal questions warranting direct certification."  *Am. Home Mortg. Inv. Corp. v. Lehman Bros. (In re Am. Home Mortg. Inv. Corp.)*, 408 B.R. 42, 44 (D. Del. 2009); *see also Weber*, 484 F.3d at 158 (2d Cir. 2007) ("[A] 'direct appeal would be most appropriate where [the court] is called upon to resolve a question of law not heavily dependent on the particular facts of a case, because such questions can often be decided based on an incomplete or ambiguous record.'").

Case 1:15-cv-01837   Document 24   Filed 07/02/15   Page 63 of 68

The appeal will not involve a "purely legal question," but mixed questions of law and fact not appropriate for direct review. At the Bankruptcy Court's direction there has been no discovery on the Threshold Issues. Yet, a key finding by the Bankruptcy Court was that the Plaintiffs had failed to demonstrate prejudice from the inclusion in the Sale Order of a provision that New GM would succeed to Old GM's business "free and clear" of certain liabilities. On appeal, a court may find that the Stipulations of Fact do not support the Bankruptcy Court's findings or that such a finding was inappropriate absent a fully developed record after discovery. Accordingly, additional discovery may be inevitable on remand.

Additionally, the appeal of the Decision and Judgment will necessarily implicate the "particular circumstances" of this case as discovery in the MDL Action progresses. For example, the appellate court will be called to determine whether, *under the specific factual circumstances of this case*, the Bankruptcy Court erred in holding, *inter alia*, that: (i) the Sale Order may be enforced so as to enjoin claims and/or causes of action against New GM where such claims "concern[] an Old GM vehicle or part;" and (ii) the Plaintiffs failed to demonstrate prejudice in connection with the entry or enforcement of the Sale Order.

### B. The Appeal Does Not Involve a Question of Law Requiring Resolution of Conflicting Decisions.

The appeal does not require a "resolution of conflicting decisions." Existing, controlling authority is not in conflict as to the elements of a due process

violation, the applicability of the due process clause of the Constitution to bankruptcy, and the available remedies for such a violation. *See Koepp*, 593 F. App'x at 23 ("Bankruptcy courts cannot extinguish the interests of parties who lacked notice of or did not participate in the proceedings.").

The controlling case law provided the Bankruptcy Court with the necessary tools to fashion an appropriate remedy, had it chosen to do so. In short, the result below, which left the Plaintiffs without the full remedy Plaintiffs are entitled to, was not the consequence of conflicting case law.

### C. This Court's Acceptance Of The Appeal Will Not Materially Advance The Progress Of The Case.

New GM is wrong asserting that if the District Court hears the appeal in the first instance the case will not advance. *See* Cross-Petition at 19-20. As a general matter, "district courts tend to resolve bankruptcy appeals faster than the courts of appeals." *Weber*, 484 F.3d at 160. This general rule holds especially true here, where the District Court has presided over the MDL Action for nearly two years and is well-versed in the extensive factual background and legal issues underlying this appeal. For these reasons, New GM is also wrong asserting that the District Court will not shed more light on the issues on appeal. *See* Cross-Petition at 19-20. Under these circumstances, the District Court will be able to sharply focus the issues for any subsequent review by this Court. Accordingly "[a]ny cost to speed in permitting district court review will likely be outweighed by the benefit of such

19

review on casting light on the issues and facilitating a wise and well-informed decision." *Id.*

Moreover, the stated goal of the MDL Action is to centralize consideration of all claims arising from the Ignition Switch Defect before the District Court. *See* Transfer Order, *In re Gen. Motors Ignition Switch Litig.*, MDL No. 2543 [ECF No. 266] (J.P.M.L. June 12, 2014). It is therefore proper for the District Court to review, in the first instance, any and all issues relating to the Ignition Switch Defect, including the appeal of the Decision and Judgment.

In addition, given the likelihood of remand for further proceedings (including discovery), a direct appeal to this Court will not appreciably accelerate a process that has already taken more than a year (despite the Bankruptcy Court's prohibition of discovery and efforts to streamline the process through the Threshold Issues).

## CONCLUSION

**WHEREFORE**, the Plaintiffs respectfully request that the Court: (i) deny the Petition; and (ii) grant the Plaintiffs such other and further relief as is just and proper.

DATED this 29th day of June, 2015.

Respectfully Submitted,

**BROWN RUDNICK LLP**

By: */s/ Edward S. Weisfelner*
Edward S. Weisfelner
David J. Molton
May Orenstein
Howard S. Steel
Seven Times Square
New York, New York 10036
T: 212-209-4800
E: eweisfelner@brownrudnick.com
E: dmolton@brownrudnick.com
E: morenstein@brownrudnick.com
E: hsteel@brownrudnick.com

-and-

**STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA, P.C.**
Sander L. Esserman
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
T: 214-969-4900
E: esserman@sbep-law.com

*Co-Designated Counsel & Counsel to
Ignition Switch Plaintiffs, Represented
in the MDL Proceeding by Co-Lead
Counsel*

-and-

**GOODWIN PROCTOR LLP**
William P. Weintraub
Gregory W. Fox

The New York Times Bldg.
620 Eighth Avenue
New York, New York 10018
T: 212-813-8800
wweintraub@goodwinproctor.com
gfox@goodwinproctor.com

*Co-Designated Counsel & Counsel to
Ignition Switch Pre-Closing Accident
Plaintiffs, Represented in the MDL
Proceeding by Co-Lead Counsel:*

Steve W. Berman
**HAGENS BERMAN SOBOL
SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101

-and-

555 Fifth Avenue, Suite 1700
New York, New York 10017

*Co-Lead Counsel with a primary focus
on Economic Loss Cases*

Elizabeth J. Cabraser
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111

-and-

250 Hudson Street, 8th Floor
New York, New York 10013

*Co-Lead Counsel with a primary focus
on Economic Loss Cases*

22

Robert C. Hilliard
**HILLIARD MUÑOZ GONZALES LLP**
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401

*Co-Lead Counsel with a primary focus on Personal Injury Cases*