# Exhibit 6




June 30, 2015

**VIA ELECTRONIC COURT FILING**

The Honorable Jesse M. Furman
United States District Court for the
 Southern District of New York

    Re:    *In re: General Motors LLC Ignition Switch Litig.*, 14-MD-2543 (JMF), 14-MC-2543

Dear Judge Furman:

      Consistent with Order No. 60 and this Court's directive to move this litigation in reasonable but aggressive fashion, Plaintiffs request that Rule 12(b)(6) motion practice proceed on the Second Amended Consolidated Complaint ("SAC").[1]  It has been 18 months since the first class actions were filed, and serious questions remain as to the adequacy of the "fixes" that New GM has implemented for the ignition switch defects and the many other dangerous defects that are New GM's responsibility as a matter of law.  New GM's request for a full stay of **all** briefing pending further proceedings concerning the impact of the bankruptcy court's Sale Order is inefficient, and serves only the goal of delay.  New GM concedes that claims by Plaintiffs with vehicles manufactured by New GM ("New GM purchasers") are unaffected by the Sale Order.  And, under Judge Gerber's Decision and Judgment,[2] "Independent Claims" based solely on New GM's own post-Closing acts or conduct can proceed on behalf of the Ignition Switch Plaintiffs.[3]

      The purpose and intent of the SAC is to assert only such independent claims, against New GM.  Briefing should therefore proceed promptly on behalf of the Ignition Switch Plaintiffs and the New GM purchasers on the following claims:  (i) nationwide claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"),[4] and (ii) state law claims in six bellwether states—with each side choosing three states within 48 hours after this Court's order.  The remaining claims, brought on behalf of Non-Ignition Switch Plaintiffs, are Independent Claims, based solely on New GM's own independent violations of federal and state law.[5]  When and if Judge Gerber (or this Court, upon withdrawal of the reference)[6] finds that the Sale Order did not

---

    [1] *See* MDL ECF No. 1038 (June 12, 2015), as corrected June 22, 2015 (MDL ECF No. 1061).

    [2] "Decision" means the *Decision on Motion to Enforce Sale Order*, *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015).  The "Judgment," which followed the Decision, is attached as Exhibit A.

    [3] Because the Judgment concerns **only** those vehicles involved in the February and March 2014 recalls (Recall No. 14-V-047), "Ignition Switch Plaintiffs" as used in this letter includes only Plaintiffs who own or lease those vehicles, and does **not** include those Plaintiffs who own or lease other vehicles with defective ignition switches (made by both Old and New GM) that were recalled in June and July of 2014.

    [4] *See* SAC, ¶¶ 1015-1127.

    [5] For the purposes of this letter, "Non-Ignition Switch Plaintiffs" are all those economic loss Plaintiffs (other than the Ignition Switch Plaintiffs) who own or lease vehicles manufactured by Old GM.

    [6] Plaintiffs have filed an "Omnibus Judgment Pleading" demonstrating that all the claims in the SAC are in fact Independent Claims that should be free to proceed in this MDL action, and have filed a motion to withdraw the

The Honorable Jesse M. Furman
June 30, 2015
Page 2

(and could not) enjoin the Independent Claims in the SAC, New GM can then brief any additional grounds for dismissal of claims in the SAC. Following the relevant rulings, the parties will quickly meet and confer and present a further briefing schedule, or competing schedules, to this Court.

## A.    Relevant Background

The ignition switch recalls that gave rise to this MDL action began in February 2014. As a horrified American public looked on, the ugly truth about New GM's knowledge and concealment of the Ignition Switch Defect came out, and New GM announced scores of other serious safety defects in a parade of recalls throughout 2014.[7] In its Consent Order with NHTSA, New GM conceded that it violated the Safety Act by failing to properly disclose the Ignition Switch Defect and conduct a timely recall. The consent decree involved vehicles in the February and March recalls.[8] To date, just the initial Ignition Switch Defect has been linked to 119 deaths and 243 serious injuries.[9] The revelation of this and many other serious safety defects, and of New GM's callous disregard for safety, has greatly tarnished the GM-brand and caused massive diminution in value for all GM-branded vehicle owners and lessors.[10]

On October 14, 2014, economic loss Plaintiffs filed two Consolidated Class Action Complaints—the "Pre-Sale Complaint" and the "Post-Sale Complaint."[11] New GM opposed any motion practice with respect to either Complaint pending Judge Gerber's resolution of the "Threshold Issues" in connection with New GM's Motions to Enforce the Sale Order's ban on litigation of certain claims against New GM.[12] New GM argued that Rule 12(b)(6) motion practice should await Judge Gerber's resolution of the Threshold Issues and the determination of which States would serve as bellwether States. With the exception of choice-of-law issues (which have now been resolved with respect to 22 Plaintiffs from 14 jurisdictions),[13] this Court chose to defer motion practice on the Complaints.[14]

Judge Gerber then issued the Decision and the Judgment, in which he held, *inter alia*, that the Sale Order's bar on successor liability claims would stand, but that the Ignition Switch

---

reference with respect to that pleading. *See* Motion to Withdraw the Reference for the Ignition Switch Plaintiffs' No-Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading (hereafter "Motion to Withdraw").

[7] *See* SAC, ¶¶ 227-935.

[8] *See* Consent Order, ¶ 10, *In re TQ14-001 NHTSA Recall No. 14V-047* (U.S. Dep't of Transp. May 16, 2014), available at http://www.nhtsa.gov/staticfiles/communications/pdf/May-16-2014-TQ14-001-Consent-Order.pdf.

[9] *See* Detailed Overall Program Statistics, GM Ignition Compensation Claims Resolution Facility (June 26, 2015), available at www.GMIgntionCompensation.com/docs.programstatistics_.pdf.

[10] *See, e.g.*, SAC, ¶¶ 945-982.

[11] *See* MDL ECF Nos. 345 and 347.

[12] *See* Bankr. ECF Nos. 12620 and 12808. (New GM's Motion to Enforce the Sale Order and Injunction).

[13] *See* Order No. 40 [Regarding Choice-of-Law for Certain Plaintiffs] (3/24/2015) (MDL ECF No. 697).

[14] *See* Order No. 28 (12/12/2014) (MDL ECF No. 474).

The Honorable Jesse M. Furman
June 30, 2015
Page 3

Plaintiffs could bring "Independent Claims" based solely on New GM's post-Sale acts or omissions.[15]    Accordingly, in amending the Complaints on June 12, Plaintiffs (i) filed only a single Complaint, the SAC; (ii) did not plead any successor liability claims;[16] and (iii) pled only Independent Claims based solely on New GM's post-sale conduct. ***Though none of its previously-stated arguments for further delay exist, New GM continues to seek an open-ended stay of even initial motion practice with respect to the SAC.***

## B.    Argument

Consistent with the mandate that litigation be conducted in a "just" and "speedy" manner, Fed R. Civ. P. 1, the claims in the SAC that are not colorably stayed by the Sale Order should proceed.  Although there appear to be few—if any—arguments that New GM may raise against the Non-Ignition Switch Plaintiffs that will not be resolved in briefing concerning the Ignition Switch Plaintiffs and the New GM purchasers, the Non-Ignition Switch Plaintiffs must await a ruling on Plaintiffs' Omnibus Judgment Pleading before proceeding further.  But there is simply no reason for the New GM purchasers and the Ignition Switch Plaintiffs to suffer further delay.

### 1.    The Sale Order does not impede the claims of New GM purchasers and the Ignition Switch Plaintiffs.

New GM concedes that the claims of New GM purchasers are unaffected by the Sale Order,[17] and their claims in the SAC can therefore proceed.  In addition, under the Decision and Judgment, it is now clear that the Ignition Switch Plaintiffs can bring "Independent Claims" against New GM, defined by Judge Gerber to mean:

> Claims or causes of action asserted by Ignition Switch Plaintiffs against New GM (whether or not involving Old GM vehicles or parts) that are based solely on New GM's own, independent, post Closing acts or conduct.  Nothing set forth herein shall be construed to set forth a view or imply whether or not Ignition Switch Plaintiffs have viable Independent Claims against New GM.[18]

Judge Gerber squarely held, then, that the claims of the Ignition Switch Plaintiffs can proceed, and expressly recognized that the question of whether the Ignition Switch Plaintiffs state viable Independent Claims is for this Court to resolve.  Now is the time for that resolution.

---

[15] *See* Judgment, ¶¶ 2, 4-5.

[16] In the event Judge Gerber's ruling is reversed on appeal, Plaintiffs will seek leave to amend to add successor liability claims under applicable state law.

[17] *See, e.g.*, May 2, 2014 Hg. Tr. at 36:24-37:4 (*Groman v. Gen. Motors LLC*, Adv. Pro. No. 14-01929 (REG) (Bankr. S.D.N.Y. 2014) (previously provided to this Court as Ex. B to MDL ECF No. 440 (Nov. 25, 2014)).

[18] Judgment, ¶ 4.

The Honorable Jesse M. Furman
June 30, 2015
Page 4

### 2.    Each of the claims in the SAC is brought as an Independent Claim on behalf of New GM purchasers and/or the Ignition Switch Plaintiffs.

The SAC exclusively asserts direct liability claims against New GM based entirely upon New GM's own knowledge, conduct, duty, breach of duty, and intentional and ongoing violation of federal and state law.  Specifically, the SAC asserts claims for:

(i) <u>Violation of RICO</u> arising from New GM's scheme to conceal the true scope and nature of the Ignition Switch Defect and many other defects in GM-Branded Vehicles, which it executed through use of a RICO Enterprise.  *See* ¶¶ 1015-99.  This claim is brought on behalf of all Plaintiffs, including the New GM purchasers and the Ignition Switch Plaintiffs.  ¶ 1015 (RICO claim); ¶ 992 (defining Nationwide Class to include all Plaintiffs).

(ii) <u>Fraudulent concealment of the right to file a proof of claim against Old GM</u> arising from New GM's concealment of the Ignition Switch Defect in vehicles subject to the February and March 2014 recalls during the four month period from New GM's inception until the Bar Date in Old GM's bankruptcy.  *See, e.g.*, ¶¶ 1424-45.  This claim is brought under various states' common law ***only*** on behalf of the Ignition Switch Plaintiffs.  *See, e.g.*, ¶ 1424 (Arkansas claims brought on behalf of "Arkansas Pre-Sale ISD Subclass"); *see also* ¶ 1003 (defining Pre-Sale Subclasses as coextensive with the Ignition Switch Plaintiffs).

(iii) <u>Breach of the covenant to comply with the TREAD Act based on third-party beneficiary principles</u> arising from New GM's failure to "take ***immediate*** remedial action" despite knowledge of the defect, which breached its covenant to comply with the TREAD Act with respect to Old GM vehicles.  *See, e.g.*, ¶¶ 1277-86.  This claim is also brought under various States' common law ***only*** on behalf of the Ignition Switch Plaintiffs.  *See, e.g.*, ¶ 1277 (Alaska).

(iv) <u>Fraudulent concealment</u> arising from New GM's concealment of material facts concerning the quality of its vehicles and brand, its corporate culture that devalued safety, and the many serious defects plaguing GM-Branded Vehicles, despite its superior knowledge of the true facts and duty to disclose.  *See, e.g.*, ¶¶ 1155-68.  This claim is brought under state common law on behalf of all Plaintiffs, including the New GM purchasers and the Ignition Switch Plaintiffs.  *See, e.g.*, ¶ 1156 (Alabama claim brought on behalf of Nationwide Class members from Alabama).

(v) <u>Violation of State consumer protection statutes</u> arising from New GM's deceptive, unfair, and/or unlawful business practices, including material false representations of the quality of GM-Branded Vehicles and concealment of the Ignition Switch Defect and many other dangerous defects.  *See, e.g.*, ¶¶ 1128-54.  This claim is brought on behalf of all Plaintiffs, including the New GM purchasers and the Ignition Switch Plaintiffs.  *See, e.g.*, ¶ 1129 (Alabama).

(vi) <u>Unjust enrichment</u> arising from New GM's inequitable retention of the benefits of its conduct and avoiding the costs and negative publicity of recalls, which New GM gained through deceptive conduct.  *See, e.g.*, ¶¶ 1201-10.  This claim is also brought under state laws on behalf of, *inter alia*, New GM purchasers and the Ignition Switch Plaintiffs.  *See, e.g.*, ¶ 1201 (Alabama).

The Honorable Jesse M. Furman
June 30, 2015
Page 5

   (vii) <u>Breach of the implied warranty of merchantability/violation of Magnuson-Moss Warranty Act</u> arising from New GM's breach of its state-law implied warranty that its vehicles were merchantable and fit for their ordinary purpose by supplying new and Certified Previously Owned vehicles with defective ignition switches.  *See*, *e.g*., ¶¶ 1248-54.  This claim is brought ***only*** on behalf of Plaintiffs who purchased vehicles with defective ignition switches from New GM (whether as New or Certified Previously Owned).  *See*, *e.g.*, ¶ 1249 (Alaska); ¶ 1101 (Magnuson Moss); *see also* ¶ 996 (defining Post-Sale Ignition Switch Defect Subclass).

   **3.    The SAC's references to pre-bankruptcy events does not change the independent nature of the claims against New GM.**

   The Court should reject New GM's facile argument that, simply because the SAC contains factual allegations about Old GM, the claims asserted against New GM are somehow improperly based on Old GM's conduct.  The Judgment ***allows*** Independent Claims "whether or not involving Old GM vehicles or parts" to proceed against New GM.  Judgment, ¶ 4.  While the Sale Order enjoins "claims" premised on successor or transferee liability, it cannot be read to prohibit allegations regarding Old GM in support of otherwise valid claims against New GM. *See* Sale Order, ¶ 8 (barring the assertion of, *inter alia*, "rights or claims based on any successor or transferee liability"); ¶ 46 (providing that New GM "shall not have any successor, transferee, derivative, or vicarious liabilities . . . for any claims").

   New GM's obligations to report and promptly recall defective vehicles under the Safety Act give rise to its own liability, notwithstanding the fact that Old GM and New GM maintained the same TREAD databases and records of accidents.  Because New GM was aware of the Ignition Switch Defect and scores of other defects, it had an ***independent*** legal obligation to inform drivers and consumers of the defects and take remedial action, which New GM never did until 2014.  New GM cannot avoid liability under the Sale Order for its failure to act appropriately with the information ***its own*** employees possessed simply because they previously worked at Old GM.

**C.    Conclusion**

   All of the factual bases for this Court's prior decision to defer motion practice on Plaintiffs' claims are now moot.  The Court should therefore order briefing on all claims in the SAC on behalf of the New GM purchasers and the Ignition Switch Plaintiffs.  Plaintiffs suggest that after the parties pick the bellwether states they, within three days thereafter, submit an agreed order or letter brief on the timing and length of the motions to dismiss.

The Honorable Jesse M. Furman
June 30, 2015
Page 6

Respectfully submitted,

| | | |
|---|---|---|
| Steve W. Berman | Elizabeth J. Cabraser | Robert C. Hilliard |
| **Hagens Berman Sobol Shapiro LLP** | **Lieff Cabraser Heimann & Bernstein, LLP** | **Hilliard Muñoz Gonzales L.L.P.** |
| 1918 Eighth Ave., Suite 3300 | 275 Battery Street 29th Floor | 719 S Shoreline Blvd, # 500 |
| Seattle, WA  98101 | San Francisco, CA  94111-3339 | Corpus Christi, TX 78401 |
| -and- | -and- | |
| 555 Fifth Avenue Suite 1700 | 250 Hudson Street 8th Floor | |
| New York, NY 10017 | New York, NY  10013-1413 | |

cc:    All Counsel of Record (via ECF)

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                                       :        Chapter 11

                                           :

MOTORS LIQUIDATION COMPANY, *et al.*,    :    Case No.: 09-50026 (REG)

      f/k/a General Motors Corp., *et al.*    :

                                           :

                    Debtors.        :    (Jointly Administered)

-------------------------------------------------------------x

JUDGMENT

For the reasons set forth in the Court's *Decision on Motion to Enforce Sale Order*, entered on April 15, 2015 ("**Decision**"),[1] it is hereby ADJUDGED as follows:

1.      The Ignition Switch Plaintiffs and the Ignition Switch Pre-Closing Accident Plaintiffs (collectively, the "**Plaintiffs**") were "known creditors" of the Debtors.  The Plaintiffs did not receive the notice of the sale of assets of Old GM to New GM ("**363 Sale**") that due process required.

2.      Except with respect to Independent Claims (as herein defined), the Ignition Switch Plaintiffs were not prejudiced by their lack of notice of the 363 Sale, and they thus failed to demonstrate a due process violation with respect to the 363 Sale.

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Decision. For purposes of this Judgment, the following terms shall apply: (i) "**Ignition Switch Plaintiffs**" shall mean plaintiffs that have commenced a lawsuit against New GM asserting economic losses based on or arising from the Ignition Switch in the Subject Vehicles (each term as defined in the *Agreed and Disputed Stipulations of Fact Pursuant to the Court's Supplemental Scheduling Order, Dated July 11, 2014*, filed on August 8, 2014 [Dkt. No. 12826], at 3); (ii) "**Pre-Closing Accident Plaintiffs**" shall mean plaintiffs that have commenced a lawsuit against New GM based on an accident or incident that occurred prior to the closing of the 363 Sale; (iii) "**Ignition Switch Pre-Closing Accident Plaintiffs**" shall mean that subset of the Pre-Closing Accident Plaintiffs that had the Ignition Switch in their Subject Vehicles; (iv) "**Non-Ignition Switch Pre-Closing Accident Plaintiffs**" shall mean that subset of Pre-Closing Accident Plaintiffs that are not Ignition Switch Pre-Closing Accident Plaintiffs; and (v) "**Non-Ignition Switch Plaintiffs**" shall mean plaintiffs that have commenced a lawsuit against New GM asserting economic losses based on or arising from an alleged defect, other than the Ignition Switch, in an Old GM vehicle.

3.      The Ignition Switch Pre-Closing Accident Plaintiffs were not prejudiced by their lack of notice of the 363 Sale, and they thus failed to demonstrate a due process violation with respect to the 363 Sale.

4.      With respect to the Independent Claims, the Ignition Switch Plaintiffs were prejudiced by the failure to give them the notice of the 363 Sale that due process required.  The Ignition Switch Plaintiffs established a due process violation with respect to the Independent Claims.  The Sale Order shall be deemed modified to permit the assertion of Independent Claims.  For purposes of this Judgment, "**Independent Claims**" shall mean claims or causes of action asserted by Ignition Switch Plaintiffs against New GM (whether or not involving Old GM vehicles or parts) that are based solely on New GM's own, independent, post-Closing acts or conduct.  Nothing set forth herein shall be construed to set forth a view or imply whether or not Ignition Switch Plaintiffs have viable Independent Claims against New GM.

5.      Except for the modification to permit the assertion  of Independent Claims by the Ignition Switch Plaintiffs, the Sale Order shall remain unmodified and in full force and effect.

6.      The Plaintiffs were prejudiced by the failure to receive the notice due process required of the deadline ("**Bar Date**") to file proofs of claim against the Old GM bankruptcy estate.  Any Plaintiff may petition the Bankruptcy Court (on motion and notice) for authorization to file a late or amended proof of claim against the Old GM bankruptcy estate.  The Court has not determined the extent to which any late or amended proof of claim will ultimately be allowed or allowed in a different amount.  But based on the doctrine of equitable mootness, in no event shall assets of the GUC Trust held at any time in the past, now, or in the future (collectively, the "**GUC Trust Assets**") (as defined in the Plan) be used to satisfy any claims of the Plaintiffs, nor will Old GM's Plan be modified with respect to such claims; *provided* that nothing in this

09-50026-reg   Doc 13147-3   Filed 04/30/15   Entered 04/30/15 14:42:40   Main Document
Pg 13 of 21

Judgment shall impair any party's rights with respect to the potential applicability of Bankruptcy Code section 502(j) to any claims that were previously allowed or disallowed by the Court. The constraints on recourse from GUC Trust Assets shall not apply to any Ignition Switch Plaintiff, Pre-Closing Accident Plaintiff, or Non-Ignition Switch Plaintiff who had a claim previously allowed or disallowed by the Court, but in no event shall he or she be entitled to increase the amount of any allowed claim without the prior authorization of the Bankruptcy Court or an appellate court following an appeal from the Bankruptcy Court.

7.     Any claims and/or causes of action brought by the Ignition Switch Pre-Closing Accident Plaintiffs that seek to hold New GM liable for accidents or incidents that occurred prior to the closing of the 363 Sale are barred and enjoined pursuant to the Sale Order. The Ignition Switch Pre-Closing Accident Plaintiffs shall not assert or maintain any such claim or cause of action against New GM.

8.     (a)     Subject to the other provisions of this paragraph 8, each Ignition Switch Pre-Closing Accident Plaintiff (including without limitation the Ignition Switch Pre-Closing Accident Plaintiffs identified on Exhibit "A" attached hereto) is stayed and enjoined from prosecuting any lawsuit against New GM.

(b)     Within two (2) business days of the entry of this Judgment, New GM shall serve a copy of this Judgment on counsel in the lawsuits identified on Exhibit "A," by e-mail, facsimile, overnight mail or, if none of the foregoing are available, regular mail, with a cover note that states: "The attachment is the Judgment entered by the Bankruptcy Court. Please review the Judgment, including without limitation, the provisions of paragraph 8 of the Judgment."

(c)     If counsel for an Ignition Switch Pre-Closing Accident Plaintiff
(including, but not limited to, one identified on Exhibit "A") believes that, notwithstanding the
Decision and this Judgment, it has a good faith basis to maintain that its lawsuit against New GM
should not be stayed, it shall file a pleading with this Court within 17 business days of this
Judgment ("**No Stay Pleading**").  The No Stay Pleading shall not reargue issues that were
already decided by the Decision, this Judgment, or any other decision, order, or judgment of this
Court.  If a No Stay Pleading is timely filed, New GM shall have 17 business days to respond to
such pleading.  The Court will schedule a hearing thereon if it believes one is necessary.

9.  Except for  Independent Claims and Assumed Liabilities (if any), all claims and/or
causes of action that the Ignition Switch Plaintiffs may have against New GM concerning an Old
GM vehicle or part seeking to impose liability or damages based in whole or in part on Old GM
conduct (including, without limitation, on any successor liability theory of recovery) are barred
and enjoined pursuant to the Sale Order, and such lawsuits shall remain stayed pending appeal of
the Decision and this Judgment.

10.     (a)     The lawsuits stayed pursuant to the preceding paragraph shall include
those on the attached Exhibit "B."  The lawsuits identified on Exhibit "B" include the Pre-Sale
Consolidated Complaint.

(b)     Within two (2) business days of the entry of this Judgment, New GM shall
serve a copy of this Judgment on counsel in the lawsuits identified on Exhibit "B", by e-mail,
facsimile, overnight mail or, if none of the foregoing are available, regular mail, with a cover
note that states: "The attachment is the Judgment entered by the Bankruptcy Court.  Please
review the Judgment, including without limitation, the provisions of paragraph 10 of the
Judgment."

(c)     If a counsel listed on Exhibit "B" believes that, notwithstanding the Decision and this Judgment, it has a good faith basis to maintain that its lawsuit against New GM should not be stayed, it shall file a No Stay Pleading with this Court within 17 business days of this Judgment.  The No Stay Pleading shall not reargue issues that were already decided by the Decision and this Judgment, or any other decision or order of this Court.  If a No Stay Pleading is timely filed, New GM shall have 17 business days to respond to such pleading.  The Court will schedule a hearing thereon if it believes one is necessary.

11.     (a)     The complaints in the lawsuits listed on the attached Exhibit "C" ("**Hybrid Lawsuits**") include claims and allegations that are permitted under the Decision and this Judgment and others that are not.  Accordingly, until and unless the complaint in a Hybrid Lawsuit is (x) amended to assert solely claims and allegations permissible under the Decision and this Judgment (as determined by this or any higher court, if necessary), or (y) is judicially determined (by this or any higher court) not to require amendment, that lawsuit is and shall remain stayed.  The Hybrid Lawsuits include the Post-Sale Consolidated Complaint.  Within two (2) business days of the entry of this Judgment, New GM shall serve a copy of this Judgment on counsel in the Hybrid Lawsuits, by e-mail, facsimile, overnight mail or, if none of the foregoing are available, regular mail, with a cover note that states: "The attachment is the Judgment entered by the Bankruptcy Court.  Please review the Judgment, including without limitation, the provisions of paragraph 11 of the Judgment."

(b)     Notwithstanding the stay under the preceding subparagraph, however, the complaints in the actions listed in Exhibit "C" may, if desired, be amended in accordance with the subparagraphs that follow.  Subject to the other provisions of this paragraph 11, and unless the applicable complaint already has been dismissed without prejudice pursuant to an order

-5-

entered in MDL 2543, each Plaintiff in a Hybrid Lawsuit wishing to proceed at this time may amend his or her complaint on or before June 12, 2015, such that any allegations, claims or causes of action concerning an Old GM vehicle or part seeking to impose liability or damages based on Old GM conduct (including, without limitation, any successor liability theory of recovery) are stricken, and only Independent Claims are pled.

(c)    If a counsel listed in the lawsuits on Exhibit "C" believes that, notwithstanding the Decision and this Judgment, it has a good faith basis to maintain that its allegations, claims or causes of action against New GM should not be stricken, it shall file a pleading with this Court within 17 business days of this Judgment ("**No Strike Pleading**").  The No Strike Pleading shall not reargue issues that were already decided by the Decision and Judgment.  If a No Strike Pleading is timely filed, New GM shall have 17 business days to respond to such pleading.  The Court will schedule a hearing thereon if it believes one is necessary.

(d)    If an Ignition Switch Plaintiff fails to either (i) amend his or her respective complaints on or before June 12, 2015, such that all allegations, claims and/or causes of action concerning an Old GM vehicle or part seeking to impose liability or damages based on Old GM conduct (including, without limitation, any successor liability theory of recovery) are stricken, and only Independent Claims are pled, or (ii) timely file a No Strike Pleading with the Court within the time period set forth above, New GM shall be permitted to file with this Court a notice of presentment on five (5) business days' notice, with an attached order ("**Strike Order**") that directs the Ignition Switch Plaintiff to strike specifically-identified allegations, claims and/or causes of action contained in his or her complaint that violate the Decision, this Judgment and/or the Sale Order (as modified by the Decision and this Judgment), within 17 business days of

receipt of the Strike Order.

(e)     For any allegations, claims or causes of action of the Ignition Switch

Plaintiffs listed on Exhibit "C" that are stricken pursuant to this Judgment (voluntarily or

otherwise), (i) the statute of limitations shall be tolled from the date of the amended complaint to

30 days after all appeals of the Decision and Judgment are decided, and (ii) if the Decision and

Judgment are reversed on appeal such that the appellate court finds that the Ignition Switch

Plaintiffs can make the allegations, or maintain the claims or causes of action, against New GM

heretofore stricken pursuant to this Judgment, all of the Ignition Switch Plaintiffs' rights against

New GM that existed prior to the striking of such claims or causes of action pursuant to this

Judgment shall be reinstated as if the striking of such claims or causes of action never occurred.

(f)     Notwithstanding the foregoing, to the extent (but only the extent)

acceptable to the MDL Court, the Plaintiff in any lawsuit listed on Exhibit "C" may elect not to

amend his or her complaint and may await the outcome of appellate review of this Judgment.  If

that plaintiff thereafter determines to proceed with his or her lawsuit, the plaintiff's counsel shall

provide notice to New GM, and the procedures set forth above shall apply.

12.     (a)     The lawsuits captioned *People of California v. General Motors LLC, et

al.*, No. 30-2014-00731038-CU-BT-CXC (Orange County, Cal.) and *State of Arizona v. General

Motors LLC*, No. CV2014-014090 (Maricopa County, Ariz.)  (the "**State Lawsuits**") likewise

include claims and allegations that are permitted under the Decision and this Judgment and

others that are not.  Accordingly, until and unless the complaint in a State Lawsuit is

(x) amended to assert solely claims and allegations permissible under the Decision and this

Judgment (as determined by this or any higher court, if necessary), or (y) is judicially determined

(by this or any higher court) not to require amendment, that lawsuit is and shall remain stayed.

-7-

Within two (2) business days of the entry of this Judgment, New GM shall serve a copy of this

Judgment on counsel in the State Lawsuits, by e-mail, facsimile, overnight mail or, if none of the

foregoing are available, regular mail, with a cover note that states: "The attachment is the

Judgment entered by the Bankruptcy Court.  Please review the Judgment, including without

limitation, the provisions of paragraph 12 of the Judgment."

(b)       Notwithstanding the stay under the preceding subparagraph, however, the

State Lawsuits may, if desired, be amended in accordance with the subparagraphs that follow.

Subject to the other provisions of this paragraph 12, and unless the applicable complaint already

has been dismissed without prejudice, each Plaintiff in a State Lawsuit ("**State Plaintiff**")

wishing to proceed at this time may amend its complaint on or before June 12, 2015, such that

any allegations, claims or causes of action concerning an Old GM vehicle or part seeking to

impose liability or damages based on Old GM conduct (including, without limitation, any

successor liability theory of recovery) are stricken, and only Independent Claims are pled.

(c)       If a counsel in a State Lawsuit believes that, notwithstanding the Decision

and this Judgment, it has a good faith basis to maintain that its allegations, claims or causes of

action against New GM should not be stricken, it shall file a No Strike Pleading with this Court

within 17 business days of this Judgment.  The No Strike Pleading shall not reargue issues that

were already decided by the Decision and Judgment.  If a No Strike Pleading is timely filed,

New GM shall have 17 business days to respond to such pleading.  The Court will schedule a

hearing thereon if it believes one is necessary.

(d)       If a State Plaintiff fails to either (i) amend its complaint, on or before June

12, 2015, such that all allegations, claims and/or causes of action concerning an Old GM vehicle

or part seeking to impose liability or damages based on Old GM conduct (including, without

limitation, any successor liability theory of recovery) are stricken, and only Independent Claims are pled, or (ii) timely file a No Strike Pleading with the Court within the time period set forth above, New GM shall be permitted to file with this Court a notice of presentment on five (5) business days' notice, with an attached Strike Order that directs such State Plaintiff to strike specifically-identified allegations, claims and/or causes of action contained in its complaint that violate the Decision, this Judgment and/or the Sale Order (as modified by the Decision and Judgment), within 17 business days of receipt of the Strike Order.

(e)     For any allegations, claims or causes of action of a State Plaintiff that are stricken pursuant to this Judgment (voluntarily or otherwise), (i) the statute of limitations shall be tolled from the date of the amended complaint to 30 days after all appeals of the Decision and Judgment are decided, and (ii) if the Decision and Judgment are reversed on appeal such that the appellate court finds that the State Plaintiff can make the allegations, or maintain the claims or causes of action, against New GM heretofore stricken pursuant to this Judgment, all of the State Plaintiff's rights against New GM that existed prior to the striking of such allegations, claims or causes of action pursuant to this Judgment shall be reinstated as if their striking never occurred.

(f)     Notwithstanding the foregoing, a State Plaintiff may elect not to amend its complaint and may await the outcome of appellate review of this Judgment.  If such plaintiff thereafter determines to proceed with its lawsuit, the plaintiff's counsel shall provide notice to New GM, and the procedures set forth above shall apply.

13.     (a)     The rulings set forth herein and in the Decision that proscribe claims and actions being taken against New GM shall apply to the "Identified Parties"[2] who were heard

---

[2]     "**Identified Parties**" as defined in the Court's Scheduling Order entered on May 16, 2014
(ECF No. 12697), and persons that have asserted Pre-Closing personal injury and wrongful death claims against New GM based on the Ignition Switch Defect (as defined in the Decision).

during the proceedings regarding the Four Threshold Issues and any other parties who had notice

of the proceedings regarding the Four Threshold Issues and the opportunity to be heard in

them—including, for the avoidance of doubt, the plaintiffs in the *Bledsoe*, *Elliott* and *Sesay*

lawsuits listed on Exhibit "C."  They shall also apply to any other plaintiffs in these proceedings

(including, without limitation, the Non-Ignition Switch Pre-Closing Accident Plaintiffs and Non-

Ignition Switch Plaintiffs identified on Exhibit "D" attached hereto), subject to any objection

("**<u>Objection Pleading</u>**") submitted by any such party within 17 business days of the entry of this

Judgment.  New GM shall file a response to any such Objection Pleading within 17 business

days of service.  The Court will schedule a hearing thereon if it believes one is necessary.   To

the extent an issue shall arise in the future as to whether (i) the Non-Ignition Switch Pre-Closing

Accident Plaintiffs and Non-Ignition Switch Plaintiffs were known or unknown creditors of the

Debtors, (ii) the doctrine of equitable mootness bars the use of any GUC Trust Assets to satisfy

late-filed claims of the Non-Ignition Switch Pre-Closing Accident Plaintiffs and Non-Ignition

Switch Plaintiffs, or (iii) the Non-Ignition Switch Pre-Closing Accident Plaintiffs or Non-

Ignition Switch Plaintiffs were otherwise bound by the provisions of the Sale Order, the Non-

Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs shall be

required to first seek resolution of such issues from this Court before proceeding any further

against New GM and/or the GUC Trust.

> (b)    Within two (2) business days of the entry of this Judgment, New GM shall

serve a copy of this Judgment on counsel for the Non-Ignition Switch Pre-Closing Accident

Plaintiffs or Non-Ignition Switch Plaintiffs identified on Exhibit "D", by e-mail, facsimile,

overnight mail or, if none of the foregoing are available, regular mail, with a cover note that

states: "The attachment is the Judgment entered by the Bankruptcy Court.  Please review the

Judgment, including without limitation, the provisions of paragraph 13 of the Judgment."

> (c)  If a counsel for a Non-Ignition Switch Pre-Closing Accident Plaintiff or Non-Ignition Switch Plaintiff listed on Exhibit "D" believes that, notwithstanding the Decision and this Judgment, it has a good faith basis to maintain that its lawsuit, or certain claims or causes of action contained therein, against New GM should not be dismissed or stricken, it shall file a pleading with this Court within 17 business days of this Judgment ("**No Dismissal Pleading**").  Such No Dismissal Pleading may request, as part of any good faith basis to maintain a lawsuit (or certain claims or causes of action contained therein) against New GM, (i) an opportunity to select one or more designated counsel from among the affected parties to address the Four Threshold Issues with respect to particular defects in the vehicles involved in the accidents or incidents that form the basis for the subject claims, and (ii) the establishment of appropriate procedures (including a briefing schedule and discovery, if appropriate) with respect thereto.  If a No Dismissal Pleading is timely filed, New GM shall have 17 business days to respond to such pleading.  The Court will schedule a hearing thereon if it believes one is necessary.

> (d)  If counsel for a Non-Ignition Switch Pre-Closing Accident Plaintiff or Non-Ignition Switch Plaintiff believes that, notwithstanding the Decision and this Judgment, it has a good faith basis to believe that any of the GUC Trust Assets may be used to satisfy late proofs of claim filed by them that may ultimately be allowed by the Bankruptcy Court, it shall file a pleading with this Court within 17 business days of this Judgment ("**GUC Trust Asset Pleading**").  The GUC Trust Asset Pleading shall not reargue issues that were already decided by the Decision and Judgment.  If a GUC Trust Asset Pleading is timely filed, the GUC Trust,

the GUC Trust Unitholders and/or New GM shall have 17 business days to respond to such
pleading.  The Court will schedule a hearing thereon if it believes one is necessary.

        (e)       If a Non-Ignition Switch Pre-Closing Accident Plaintiff or Non-Ignition
Switch Plaintiff listed on Exhibit "D" fails to timely file a No Dismissal Pleading or a GUC
Trust Asset Pleading with the Court within the time period set forth in paragraphs 13(c) and (d)
above, New GM, the GUC Trust and/or the GUC Trust Unitholders, as applicable, shall be
permitted to file with this Court a notice of presentment on five (5) business days' notice, with an
attached order ("**Dismissal Order**") that directs the Non-Ignition Switch Pre-Closing Accident
Plaintiff or Non-Ignition Switch Plaintiff to dismiss with prejudice its lawsuit, or certain claims
or causes of action contained therein that violate the Decision, this Judgment and/or the Sale
Order (as modified by the Decision and Judgment), within 17 business days of receipt of the
Dismissal Order.  For any lawsuit, or any claims or causes of action contained therein, of the
Non-Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs that are
dismissed pursuant to this Judgment, (i) the statute of limitations shall be tolled from the date of
dismissal to 30 days after all appeals of the Decision and Judgment are decided, and (ii) if the
Decision and Judgment are reversed on appeal, such that the appellate court finds that the Non-
Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs can make the
allegations, or maintain the lawsuit or claims or causes of action, against New GM and/or the
GUC Trust heretofore dismissed or stricken pursuant to this Judgment, all of the Non-Ignition
Switch Pre-Closing Accident Plaintiffs' or Non-Ignition Switch Plaintiffs' rights against New
GM and/or the GUC Trust that existed prior to the dismissal of their lawsuit or the striking of
claims or causes of action pursuant to this Judgment shall be reinstated as if the dismissal or the
striking of such claims or causes of action never occurred.

-12-

(f)    Notwithstanding the provisions of this Paragraph 13, any plaintiff whose lawsuit would otherwise have to be dismissed, in whole or in part, under this Paragraph 13 may elect, by notice filed on ECF and served upon New GM and the GUC Trust (no later than 14 days after the entry of this judgment), to stay the lawsuit instead.  Except as the Court may otherwise provide by separate order (entered on stipulation or on motion), the provisions of Paragraph 13 shall then apply to any request for relief from that stay.

14.    The Court adopts the legal standard for "fraud on the court" as set forth in the Decision.

15.    (a)    By agreement of New GM, Designated Counsel for the Ignition Switch Plaintiffs, the GUC Trust, and the GUC Trust Unitholders, and as approved by the Court, no discovery in the Bankruptcy Court was conducted in connection with the resolution of the Four Threshold Issues.  The Ignition Switch Pre-Closing Accident Plaintiffs did not challenge the earlier decision not to seek discovery in the Bankruptcy Court in connection with the Bankruptcy Court's determination of the Four Threshold Issues.  New GM, Designated Counsel, the Groman Plaintiffs, the GUC Trust, and the GUC Trust Unitholders developed and submitted to the Court a set of agreed upon stipulated facts.  Such parties also submitted to the Bankruptcy Court certain disputed facts and exhibits.  The Court decided the Four Threshold Issues on the agreed upon stipulated facts only.

(b)    The Court has determined that the agreed-upon factual stipulations were sufficient for purposes of determining the Four Threshold Issues; that none of the disputed facts were or would have been material to the Court's conclusions as to any of the Four Threshold Issues; and that treating any disputed fact as undisputed would not have affected the outcome or reasoning of the Decision.

   (c)  The Groman Plaintiffs requested discovery with respect to the Four

Threshold Issues but the other parties opposed that request, and the Court denied that request.

To the extent the Groman Plaintiffs' discovery request continues, it is denied without prejudice

to renewal in the event that after appeal of this Judgment, the discovery they seek becomes

necessary or appropriate.

   (d)  For these reasons (and others), the findings of fact in the Decision shall

apply only for the purpose of this Court's resolution of the Four Threshold Issues, and shall have

no force or applicability in any other legal proceeding or matter, including without limitation,

MDL 2543. Notwithstanding the foregoing, in all events, however, the Decision and Judgment

shall apply with respect to (a) the Court's interpretation of the enforceability of the Sale Order,

and (b) the actions of the affected parties that are authorized and proscribed by the Decision and

Judgment.

   16.  The Court shall retain exclusive jurisdiction, to the fullest extent permissible

under law, to construe or enforce the Sale Order, this Judgment, and/or the Decision on which it

was based. For the avoidance of doubt, except as otherwise provided in this Judgment, the Sale

Order remains fully enforceable, and in full force and effect. This Judgment shall not be

collaterally attacked, or otherwise subjected to review or modification, in any Court other than

this Court or any court exercising appellate authority over this Court.

   17.  Count One of the amended complaint ("**Groman Complaint**") filed in *Groman et*

*al v. General Motors LLC* (Adv. Proc. No. 14-01929 (REG)) is dismissed with prejudice. The

remaining counts of the Groman Complaint that deal with the "fraud on the court" issue are

deferred and stayed until 30 days after all appeals of the Decision and Judgment are decided.

With respect to Count One of the Groman Complaint, (i) the statute of limitations shall be tolled

from the date of dismissal of Count One to 30 days after all appeals of the Decision and

Judgment are decided, and (ii) if the Decision and Judgment are reversed or modified on appeal

such that the appellate court finds that the Groman Plaintiffs can maintain the cause of action in

Count One of the Groman Complaint heretofore dismissed pursuant to this Judgment, the

Groman Plaintiffs' rights against New GM that existed as of the dismissal of Count One shall be

reinstated as if the dismissal of Count One never occurred.

18.    (a)    New GM is hereby authorized to serve this Judgment and the Decision

upon any additional party (or his or her attorney) (each, an "**Additional Party**") that commences

a lawsuit and/or is not otherwise on Exhibits "A" through "D" hereto (each, an "**Additional
Lawsuit**") against New GM that would be proscribed by the Sale Order (as modified by the

Decision and this Judgment).  Any Additional Party shall have 17 business days upon receipt of

service by New GM of the Decision and Judgment to dismiss, without prejudice, such Additional

Lawsuit or the allegations, claims or causes of action contained in such Additional Lawsuit that

would violate the Decision, this Judgment, or the Sale Order (as modified by the Decision and

this Judgment).

(b)    If any Additional Party has a good faith basis to maintain that the

Additional Lawsuit or certain allegations, claims or causes of action contained in such Additional

Lawsuit should not be dismissed without prejudice, such Additional Party shall, within 17

business days upon receipt of the Decision and Judgment, file with this Court a No Dismissal

Pleading explaining why such Additional Lawsuit or certain claims or causes of action contained

therein should not be dismissed without prejudice. The No Dismissal Pleading shall not reargue

issues that were already decided by the Decision and Judgment.  New GM shall file a response to

the No Dismissal Pleading within 17 business days of service of the No Dismissal Pleading.  The

Court will schedule a hearing thereon if it believes one is necessary.

(c)     If an Additional Party fails to either (i) dismiss without prejudice the Additional Lawsuit or the claims and/or causes of action contained therein that New GM asserts violates the Decision, Judgment, and/or Sale Order (as modified by the Decision and this Judgment), or (ii) timely file a No Dismissal Pleading with the Court within the time period set forth above, New GM shall be permitted to file with this Court a notice of presentment on five (5) business days' notice, with an attached Dismissal Order that directs the Additional Party to dismiss without prejudice the Additional Lawsuit or the claims and/or causes of action contained therein that violate the Decision, this Judgment and/or the Sale Order (as modified by the Decision and this Judgment), within 17 business days of receipt of the Dismissal Order.  With respect to any lawsuit that is dismissed pursuant to this paragraph, (i) the statute of limitations shall be tolled from the date of dismissal of such lawsuit to 30 days after all appeals of the Decision and Judgment are decided, and (ii) if the Decision and Judgment are reversed on appeal such that the appellate court finds that the Additional Party can maintain the lawsuit heretofore dismissed pursuant to this Judgment, the Additional Party's rights against New GM that existed as of the dismissal of the lawsuit shall be reinstated as if the dismissal of the lawsuit never occurred.

(d)     For the avoidance of doubt, nothing in this paragraph 18 shall apply to the Amended Consolidated Complaint to be filed in MDL 2543 on or before June 12, 2015.

Dated: New York, New York          _____*s/ Robert E. Gerber*_____
       June 1, 2015          United States Bankruptcy Judge

**Exhibit "A": Complaints Alleging Pre-Closing Ignition Switch Accidents To Be Stayed**

Bachelder, et al. v. General Motors LLC, MDL No. 1:15-cv-00155-JMF (S.D.N.Y.)[3]

Betancourt Vega v. General Motors LLC, et al., No. 3:15-cv-01245-DRD (D.P.R.)
(MDL No. 1:15-cv-02638)

Bledsoe, et al. v. General Motors LLC, MDL No. 1:14-cv-07631-JMF (S.D.N.Y.)[4]

Boyd, et al. v. General Motors LLC, No. 4:14-cv-01205-HEA (E.D. Mo.)
(MDL No. 1:14-cv-08385)[5]

Doerfler-Bashucky v. General Motors LLC, et al., No. 5:15-cv-00511-GTS-DEP (N.D.N.Y.)

Edwards, et al. v. General Motors LLC, MDL No. 1:14-cv-06924-JMF (S.D.N.Y.)[6]

Johnston-Twining v. General Motors LLC, et al., No. 3956 (Philadelphia County, Pa.)

Meyers v. General Motors LLC, No. 1:15-cv-00177-CCC (M.D. Pa.)

Occulto v. General Motors Co., et al., No. 15-cv-1545 (Lackawanna County, Pa.)

Scott v. General Motors Company, et al., No. 8:15-cv-00307-JDW-AEP (M.D. Fla.)
(MDL No. 1:15-cv-01790)

Vest v. General Motors LLC, et al., No. 1:14-cv-24995-DAF (S.D. W.Va.)
(MDL No. 1:14-cv-07475)

---

[3]    The *Bachelder* complaint includes both Ignition Switch and non-Ignition Switch Pre-Closing Accident vehicles subject to the Judgment.  Accordingly, it is listed both on Exhibits "A" and "D."

[4]    The *Bledsoe* complaint includes both Ignition Switch and non-Ignition Switch Pre-Closing Accident vehicles subject to the Judgment.  Accordingly, it is listed both on Exhibits "A" and "D."  In addition, the *Bledsoe* complaint includes economic loss claims regarding Old GM conduct and vehicles and, therefore, also appears on Exhibit "C."

[5]    The *Boyd* complaint contains allegations regarding both a Pre-Closing ignition switch accident and one or more Post-Closing ignition switch accidents.  To the extent the complaint concerns one or more Post-Closing ignition switch accidents, those portions of the *Boyd* complaint that assert Product Liabilities (as defined in the Sale Agreement) based on a Post-Closing ignition switch accident are not subject to the Judgment.

[6]    The *Edwards* complaint includes both Ignition Switch and non-Ignition Switch Pre-Closing Accident vehicles subject to the Judgment.  Accordingly, it is listed both on Exhibits "A" and "D."

## Exhibit "B": Economic Loss Complaints To Be Stayed

Hailes, et al. v. General Motors LLC, et al., No. 15PU-CV00412 (Pulaski County, Mo.)

In re General Motors LLC Ignition Switch Litigation, 14-MD-2543, *Consolidated Class Action Complaint Against New GM For Recalled Vehicles Manufactured By Old GM and Purchased Before July 11, 2009*

## Exhibit "C": Complaints Containing Particular Allegations
## And/Or Claims Barred By Sale Order To Be Stricken

**Post-Sale Personal Injury/Wrongful Death Complaints With Economic Loss Claims To Be Stricken:**

Ackerman v. General Motors Corp., et al., No. MRS-L-2898-14 (Morris County, N.J.)

Austin, et al. v. General Motors LLC, No. 2015-L- 000026 (St. Clair County, Ill.)

Berger, et al. v. General Motors LLC, No. 9241/2014 (Kings County, N.Y.)

Casey, et al.  v. General Motors LLC, et al., No. 2014-54547 (Texas MDL)

Colarossi v. General Motors, et al., No. 14-22445 (Suffolk County, N.Y.)

Dobbs v. General Motors LLC, et al., No. 49D051504PL010527 (Marion County, Ind.)

Felix, et al. v. General Motors LLC, No. 1422-CC09472 (City of St. Louis, Mo.)

Gable, et al. v. Walton, et al., No. 6737 (Lauderdale County, Tenn.)

Goins v. General Motors LLC, et al., No. 2014-CI40 (Yazoo County, Miss.)

Grant v. General Motors LLC, et al., No. 2014CV02570MG (Clayton County, Ga.)

Green v. General Motors LLC, et al., No. 15-144964-NF (Oakland County, Mich.)

Hellems v. General Motors LLC, No. 15-459-NP (Eaton County, Mich.)

Hinrichs v. General Motors LLC, et al., No. 15-DCV-221509 (Texas MDL)

Jackson v. General Motors LLC, et al., No. 2014-69442 (Texas MDL)

Largent v. General Motors LLC, et al., No. 14-006509-NP (Wayne County, Mich.)

Licardo v. General Motors LLC, No. 03236 (Fulton County, N.Y.)

Lincoln, et al. v. General Motors LLC, No. 2015-0449-CV (Steuben County, N.Y.)

Lucas v. General Motors LLC, et al., No. 15-CI-00033 (Perry County, Ky.)

Miller v. General Motors LLC, et al., No. CACE-15-002297 (Broward County, Fla.)

Mullin, et al. v. General Motors LLC, et al., No. BC568381 (Los Angeles County, Cal.)

Nelson v. General Motors LLC, et al., No. D140141 (Texas MDL)

Petrocelli v. General Motors LLC, et al., No. 14-17405 (Suffolk County, N.Y.)

Polanco, et al. v. General Motors LLC, et al., No. CIVRS1200622 (San Bernardino County, Cal.)

Quiles v. Catsoulis, et al., No. 702871/14 (Queens County, N.Y.)

Quintero v. General Motors LLC, et al., No. 15-995 (Orleans Parish, La.)

Shell, et al. v. General Motors LLC, No. 1522-CC00346 (City of St. Louis, Mo.)

Solomon v. General Motors LLC, No. 15A794-1 (Cobb County, Ga.)

Spencer v. General Motors LLC, et al., No. D-1-GN-14-001337 (Texas MDL)

Szatkowski, et al. v. General Motors LLC, et al., No. 2014-08274-0 (Luzerne County, Pa.)

Tyre v. General Motors LLC, et al., No. GD-14-010489 (Allegheny County, Pa.)

Wilson v. General Motors LLC, et al., No. 2014-29914 (Texas MDL)

**Post-Sale Economic Loss Complaints With Old GM Allegations/Claims To Be Stricken:**

Bledsoe, et al. v. General Motors LLC, MDL No. 1:14-cv-07631-JMF (S.D.N.Y.)

Elliott, et al. v. General Motors LLC, No. 1:14-cv-00691-KBJ (D.D.C.)
(MDL No. 1:14-cv-08382)

Sesay, et al. v. General Motors LLC, et al., MDL No.1:14-cv-06018-JMF (S.D.N.Y.)

In re General Motors LLC Ignition Switch Litigation, 14-MD-2543, *Consolidated Complaint Concerning All GM-Branded Vehicles That Were Acquired July 11, 2009 or Later*

## Exhibit "D": Non-Ignition Switch Complaints Subject to the Judgment

**Personal Injury/Wrongful Death Complaints:**

Abney, et al. v. General Motors LLC, MDL No. 1:14-cv-05810-JMF (S.D.N.Y.)[7]

Bachelder, et al. v. General Motors LLC, MDL No. 1:15-cv-00155-JMF (S.D.N.Y.)

Bacon v. General Motors LLC, MDL No. 1:15-cv-00918-JMF (S.D.N.Y.)

Edwards, et al. v. General Motors LLC, MDL No. 1:14-cv-06924-JMF (S.D.N.Y.)

Phillips-Powledge v. General Motors LLC, No. 3:14-cv-00192 (S.D. Tex.)
(MDL No. 1:14-cv-08540)

Pillars v. General Motors LLC, No. 1:15-cv-11360-TLL-PTM (E.D. Mich.)

Williams, et al. v. General Motors LLC, No. 5:15-cv-01070-EEF-MLH (W.D. La.)
(MDL No. 1:15-cv-03272)

**Economic Loss Complaints:**

Bledsoe, et al. v. General Motors LLC, MDL No. 1:14-cv-07631-JMF (S.D.N.Y.)

Elliott, et al. v. General Motors LLC, No. 1:14-cv-00691-KBJ (D.D.C.)
(MDL No. 1:14-cv-08382)

Sesay, et al. v. General Motors LLC, et al., MDL No.1:14-cv-06018-JMF (S.D.N.Y.)

Watson, et al. v. General Motors LLC, et al., No. 6:14-cv-02832 (W.D. La.)

---

[7]    The *Abney* complaint includes a non-Ignition Switch Pre-Closing Accident vehicle subject to the Judgment.