# Exhibit 1

# 15-1958

**IN THE UNITED STATED COURT OF APPEALS
FOR THE SECOND CIRCUIT**

In re:
MOTORS LIQUIDATION COMPANY,
F/K/A GENERAL MOTORS CORPORATION,

*Debtors*.

CELESTINE ELLIOTT, LAWRENCE ELLIOTT,
AND BERENICE SUMMERVILLE,

*Petitioners*,

—against—

GENERAL MOTORS LLC,

*Respondent*.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CHAPTER 11 CASE NO. 09-50026 (REG)
HONORABLE ROBERT E. GERBER, JUDGE PRESIDING

***ELLIOTT* PETITIONERS' REPLY
TO WILMINGTON TRUST COMPANY'S RESPONSE
TO THEIR PETITION FOR PERMISSION TO APPEAL**

GARY PELLER
600 New Jersey Avenue, NW
Washington, DC 20001
(202) 662-9122

*Attorney for Celestine Elliott, Lawrence Elliott, and Berenice Summerville*

Petitioners Celestine Elliott, Lawrence Elliott, and Berenice Summerville ("the *Elliott* Petitioners"), through undersigned counsel, respectfully submit this Reply to Wilmington Trust Company's ("Wilmington's") *Response and Cross-Petition for Permission for Direct Appeal under 28 U.S.C. § 158(D)(2)(A)*, Doc. No. 33.

The *Elliott* Petitioners did not identify Wilmington as a Respondent in their appeal because Wilmington was not a party to the contested proceeding between General Motors LLC ("New GM") and the *Elliott* Petitioners. Wilmington is not a proper party to this appeal.

In the event the Court chooses to consider Wilmington's opposition, the Court should reject its contention that the *Elliott* Petition is premature and that the Court accordingly does not yet have jurisdiction over their appeal. Wilmington argues that the filing of post-judgment motions by other parties tolled the time to appeal under Fed. R. Bankr. P. 8002(b), and therefore the Bankruptcy Court's certification for direct appeal to this Court has not yet become effective under Bankruptcy Rule 8006(g). The argument lacks merit.

When it filed its Motions to Enforce, New GM initiated a series of "contested matters" in the Bankruptcy Court against scores of parties, including the *Elliott* Petitioners, who had filed lawsuits against New GM. New GM claims these lawsuits are barred by the Sale Order and Injunction issued by the Bankruptcy

1

Court in 2009. New GM listed the lawsuits it wished the Bankruptcy Court to enjoin in a bulk schedule appended to its initial motion, and periodically added to the initial list of forty-six lawsuits by the submission of additional bulk schedules presented as supplements to its original filing, listing more lawsuits New GM wanted the Bankruptcy Court to enjoin.[1]

The Bankruptcy Court consolidated its treatment of the various contested matters before it, both in its consideration of issues common to the contested matters and in its Judgment, in which it listed the scores of lawsuits subject to the Judgment in bulk fashion in Appendices. But consolidated contested matters, like consolidated lawsuits in an MDL proceeding under 28 U.S.C. § 1407, retain their independent status regardless of the consolidation, and one party's rights to appeal orders or judgments that are final *as to that party* are not affected by the fact that such a decision may not be final *as to other parties* in the consolidation. *Gelboim v. Bank of American Corp.*, 135 S. Ct. 897; 190 L. Ed. 2d 789; 2015 U.S. LEXIS 756 (2015).

---

[1] As the *Elliott* appeal contends, the Bankruptcy Court mistakenly treated the proceedings as if they were *in rem* proceedings and as if New GM were a debtor in possession, entitled to enjoin all lawsuits against it by simply filing schedules listing its creditors. But New GM is not the debtor in this bankruptcy case, parties suing it are not creditors of a debtor, and the contested matters initiated by non-debtor New GM's Motions to Enforce are *in personam* proceedings in which each party New GM targeted in its motion possesses independent rights under applicable due process requirements to oppose New GM's motions and to appeal from the Judgment barring them from suing New GM. *See Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 447-50 (2004) (distinguishing between a bankruptcy court's *in rem* power and *in personam* jurisdiction); *Taylor v. Sturgell*, 553 U.S. 880, 896-902 (2008), *quoting Hansberry v. Lee*, 311 U.S. 32, 40 (1940) (fundamental right of each party to be heard in *in personam* proceedings).

The *Elliott* Petitioners did not join the post-judgment motions of the *Bledsoe* Parties, the only parties subject to the Bankruptcy Court's Judgment to file post-judgment motions. The *Elliott* Petitioners will not be affected by the disposition of post-judgment motions submitted by those other parties. The Bankruptcy Court's Judgment is final with respect to all of their claims, and there is no reason to delay consideration of their appeal.

The Elliott Parties respectfully request that the Court consider without delay their petition for permission to appeal a judgment and associated order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(d).

Dated:      July 9, 2015                                    Respectfully Submitted,

                                                            /s/ *Gary Peller*
                                                            Gary Peller (*admitted pro hac vice*)
                                                            600 New Jersey Ave, NW
                                                            Washington, DC  20001
                                                            (202) 662-9122
                                                            *Counsel for Celestine Elliott,
                                                            Lawrence Elliott, and Berenice
                                                            Summerville*

## CERTIFICATE OF COMPLIANCE

This Reply complies with Rule 5 of the Federal Rules of Appellate Procedure as it does not exceed the 20 page limitation and Rules 32(a)(5) and (6) because it has been prepared using Microsoft Work in Time New Roman 14-point font.

Dated:       July 9, 2015                                      Respectfully Submitted,


                                                                /s/ *Gary Peller*
                                                                Gary Peller (*admitted pro hac vice*)

## CERTIFICATE OF SERVICE & CM/ECF FILING

I hereby certify that I caused the foregoing **REPLY WILMINGTON TRUST COMPANY'S RESPONSE TO PETITION FOR PERMITTION TO APPEAL** to be served on all parties *via* the Courts CM/ECF procedures on this 9th day of July, 2015.

/s/ *Gary Peller*
Gary Peller (*admitted pro hac vice*)