# Exhibit 2

# 15-1958

---

**IN THE UNITED STATED COURT OF APPEALS
FOR THE SECOND CIRCUIT**

---

In re:
MOTORS LIQUIDATION COMPANY,
F/K/A GENERAL MOTORS CORPORATION,

*Debtors.*

---

CELESTINE ELLIOTT, LAWRENCE ELLIOTT,
AND BERENICE SUMMERVILLE,

*Petitioners,*

—against—

GENERAL MOTORS LLC,

*Respondent.*

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CHAPTER 11 CASE NO. 09-50026 (REG)
HONORABLE ROBERT E. GERBER, JUDGE PRESIDING

---

### *ELLIOTT* PETITIONERS' RESPONSE AND REPLY TO CERTAIN PLAINTIFFS' MOTION FOR LEAVE TO INTERVENE AND TO RESPOND TO THE PETITION

---

GARY PELLER
600 New Jersey Avenue, NW
Washington, DC 20001
(202) 662-9122

*Attorney for Celestine Elliott, Lawrence Elliott, and Berenice Summerville*

Petitioners Celestine Elliott, Lawrence Elliott, and Berenice Summerville ("the *Elliott* Petitioners"), through undersigned counsel, respectfully submit this Response and Reply to the Motion by certain "Ignition Switch and Ignition Switch Pre-Closing Accident Plaintiffs"[1] ("Certain Plaintiffs") for leave to intervene in this action in order to be heard regarding the *Elliott* Petitioners' request for permission to appeal. *Motion for Leave to Intervene in Appeal and to Respond to Petitioners' Petition for Permission to Appeal*, Doc. No 21.

The *Elliott* Petitioners do not oppose intervention for this limited purpose. The contention of Certain Plaintiffs that the *Elliott* Petition is premature is without merit, however. Certain Plaintiffs argue that the filing of post-judgment motions by other parties tolled the time for the *Elliott* Petitioners to appeal under Fed. R. Bankr. P. 8002(b), and therefore the Bankruptcy Court's certification for direct appeal to this Court has not yet become effective under Bankruptcy Rule 8006(g). But because post-judgment motions made by other parties cannot affect the finality

---

[1] Counsel for "Certain Plaintiffs" have, throughout the Bankruptcy proceedings, opposed the rights of the *Elliott* Petitioners and other plaintiffs targeted by New GM's Motions to Enforce to present their objections to New GM's Motions to Enforce independently, inviting the Bankruptcy Court to proceed as if "designated counsel for *certain* plaintiffs" were entitled to speak for *all* plaintiffs opposing New GM's Motion. But consolidated proceedings are not representative actions, nor were the proceedings from which the *Elliott* Petitioners appeal *in rem* proceedings in which representation by committee may be permissible. The *Elliott* Petitioners have made clear that they are not represented by counsel acting for other parties who managed to monopolize the proceedings below by contributing to the Bankruptcy Court's confusion about the nature of the proceedings before it, to the prejudice of their fellow plaintiffs. *See* note 2, *infra*. Despite their insinuations that they are somehow the legal representatives for the *Elliott* Petitioners, or for any party other than those who have retained them, "designated counsel" represent the particular plaintiffs who may have retained them, and no one else.

1

of the Bankruptcy Court's Judgment as to the claims of the *Elliott* Petitioners, the *Elliott* Petition is timely.

When it filed its Motions to Enforce, General Motors LLC ("New GM") initiated a series of "contested matters" in the Bankruptcy Court against scores of parties, including the *Elliott* Petitioners and Certain Plaintiffs, who had filed lawsuits against New GM. New GM claims these lawsuits are barred by the Sale Order and Injunction issued by the Bankruptcy Court in 2009. New GM listed the lawsuits it wished the Bankruptcy Court to enjoin in a bulk schedule appended to its initial motion, and periodically added to the initial list of forty-six lawsuits by the submission of additional bulk schedules presented as supplements to its original filing, listing about 100 more lawsuits New GM wanted the Bankruptcy Court to enjoin.[2]

The Bankruptcy Court consolidated its treatment of the various contested matters before it, both in its consideration of issues common to the contested matters and in its Judgment, in which it listed the scores of lawsuits subject to the

---

[2] As the *Elliott* appeal contends, the Bankruptcy Court mistakenly treated the proceedings as if they were *in rem* proceedings and as if New GM were a debtor in possession, entitled to relief by simply filing schedules listing its creditors. But New GM is not the debtor in this bankruptcy case, parties suing it are not creditors of a debtor, and the contested matters initiated by non-debtor New GM's Motions to Enforce are *in personam* proceedings in which each party New GM targeted in its motion possesses independent rights under applicable due process requirements to oppose New GM's motions and to appeal from the Judgment barring them from suing New GM. *See Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 447-50 (2004) (distinguishing between a bankruptcy court's *in rem* power and *in personam* jurisdiction); *Taylor v. Sturgell*, 553 U.S. 880, 896-902 (2008), *quoting Hansberry v. Lee*, 311 U.S. 32, 40 (1940) (describing the fundamental right of each party to be heard in *in personam* proceedings).

2

Judgment in bulk fashion through Appendices. But consolidated contested matters, like consolidated lawsuits in an MDL proceeding under 28 U.S.C. § 1407, retain their independent status regardless of the consolidation, and one party's right to appeal orders or judgments that are final *as to that party* are not affected by the fact that such a decision may not be final *as to other parties* in the consolidation. *Gelboim v. Bank of American Corp.*, 135 S. Ct. 897; 190 L. Ed. 2d 789; 2015 U.S. LEXIS 756 (2015).

The *Elliott* Petitioners did not join the post-judgment motions of the *Bledsoe* Parties, the only parties subject to the Bankruptcy Court's Judgment to file post-judgment motions. The *Elliott* Petitioners will not be affected by the disposition of post-judgment motions submitted by those other parties. The Bankruptcy Court's Judgment is final with respect to all of their claims, and there is no reason to delay consideration of their appeal.

For the reasons stated above, the *Elliott* Petitioners respectfully request that the Court consider without delay their petition for permission to appeal a judgment and associated orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158(d).

Dated:   July 9, 2015              Respectfully Submitted,

 /s/ *Gary Peller*
Gary Peller (*admitted pro hac vice*)
600 New Jersey Ave, NW
Washington, DC  20001
(202) 662-9122
*Counsel for Celestine Elliott, Lawrence Elliott, and Berenice Summerville*

4

## CERTIFICATE OF COMPLIANCE

This Response and Reply complies with Rule 5 of the Federal Rules of Appellate Procedure as it does not exceed the 20 page limitation and Rules 32(a) because it has been prepared using Microsoft Work in Time New Roman 14-point font.

Dated:    July 9, 2015                                    Respectfully Submitted,


                                                          /s/ *Gary Peller*
                                                          Gary Peller (*admitted pro hac vice*)

## CERTIFICATE OF SERVICE & CM/ECF FILING

I hereby certify that I caused the foregoing **RESPONSE AND REPLY TO CERTAIN PLAINTIFFS MOTION FOR LEAVE TO INTERVENE AND TO RESPOND TO THE PETITION** to be served on all parties *via* the Court's CM/ECF procedures on this 9th day of July, 2015.

/s/ *Gary Peller*
Gary Peller (*admitted pro hac vice*)