Hearing Date: July 16, 2015 at 9:45 a.m.[1]

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:   (212) 556-2100
Facsimile:    (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
|     f/k/a General Motors Corp., *et al.* | : | |
| | : | |
|     Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

**OMNIBUS RESPONSE BY GENERAL MOTORS LLC TO BENJAMIN
PILLARS' OBJECTION PLEADING AND NO DISMISSAL PLEADING**

General Motors LLC ("**New GM**"), by its attorneys King & Spalding LLP and Kirkland

& Ellis LLP, hereby responds to *Benjamin Pillars' Objection Pleading* ("**Objection Pleading**")

and *Benjamin Pillars' No Dismissal Pleading* ("**No Dismissal Pleading**," and with the Objection

---

[1] A hearing with respect to Movant's No Stay Pleading (as defined herein) has been scheduled for July 16, 2015 at 9:45 a.m. ("**Hearing**"). Pursuant to the Judgment (as defined herein), New GM has 17 business days to respond to Objection Pleadings and No Dismissal Pleadings, and the Court can schedule a hearing thereafter if it believes one is necessary. The deadline to file this Response is July 17, 2015. New GM is filing this Response early, and respectfully requests that all issues with respect to Movant's lawsuit be addressed at the Hearing.

1

Pleading, the "**Pillars Pleadings**"), each filed by Benjamin Pillars ("**Movant**") on June 23, 2015 [Dkt. Nos. 13238, 13239], as follows:

1.    In the Objection Pleading, Movant states: "[t]he Court should note that the Plaintiff has also filed a 'No Dismissal Pleading' which essentially mirrors this pleading in its content and exhibits. The additional pleading was filed so as to conform with the Court's direction as to the nature of permissible pleadings which could be filed in response to its judgment." Objection Pleading, at 1. A similar statement is made in the No Dismissal Pleading.

2.    Movant also filed the *Benjamin Pillars' No Stay Pleading* ("**No Stay Pleading**") with the Court on May 28, 2015 [Dkt. No. 13166], which also "essentially mirrors" the Pillars Pleadings. New GM filed a response ("**Response**") to the No Stay Pleading on June 8, 2015 [Dkt. No. 13191], referencing the Judgment, and stating that it viewed the No Stay Pleading as the equivalent of an Objection Pleading that could be filed pursuant to paragraph 13(a) of the Judgment entered by the Court on June 1, 2015 ("**Judgment**") [Dkt. No. 13177].

3.    As the arguments in the Pillars Pleadings are the same (with one exception discussed below) as the No Stay Pleading, New GM respectfully refers the Court to its Response, and incorporates such Response herein, in full, by reference.[2]

4.    The one argument made in the Pillars Pleadings that is not made in the No Stay Pleading is that the Court "improperly identifies plaintiff's claim as being a 'non-ignition switch complaint.'" Pillars Pleadings, at 3. "Ignition Switch Defect" is defined in the Court's *Decision on Motion to Enforce Sale Order* ("**Decision**"), as an allegedly defective ignition switch in "Chevy Cobalts and HHRs, Pontiac G5s and Solstices, and Saturn Ions and Skys . . ., going back to the 2005 model year." *In re Motors Liquidation Co.*, 529 B.R. 510, 521 (Bankr. S.D.N.Y.

---

[2] A copy of the Response is attached hereto as Exhibit "A."

2

2015). The term "Ignition Switch Defect" is based on specific 2014 recalls relating to these particular vehicles only. In contrast, the vehicle at issue in Movant's lawsuit relates to a later, unrelated recall of a different vehicle, the 2004 Pontiac Grand Am.[3] As the vehicle is not one of the models identified in the Decision as being subject to the defined "Ignition Switch Defect," Movant's complaint was correctly designated as a "Non-Ignition Switch Complaint" and appropriately listed on Exhibit "D" to the Judgment.

WHEREFORE, for the foregoing reasons, and for all of the reasons set forth in the Response, New GM respectfully requests that this Court (i) deny the relief requested in the Pillars Pleadings and the No Stay Pleading, (ii) find that the provisions of the Judgment apply to Movant; (iii) direct Movant to dismiss the Pillars Lawsuit, and (iv) grant New GM such other and further relief as the Court may deem just and proper.

Dated: New York, New York  
      July 9, 2015

Respectfully submitted,

    /s/ Arthur Steinberg  
Arthur Steinberg  
Scott Davidson  
KING & SPALDING LLP  
1185 Avenue of the Americas  
New York, New York  10036  
Telephone:    (212) 556-2100  
Facsimile:    (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)  
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)  
KIRKLAND & ELLIS LLP  
300 North LaSalle  
Chicago, IL 60654  
Telephone: (312) 862-2000  
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

---

[3] New GM has sought to transfer the Pillars litigation to MDL 2543 pending before Judge Furman. The United States Judicial Panel of Multidistrict Litigation has scheduled a hearing on July 30, 2015 with respect to New GM's transfer request.