# Exhibit B

Mark P. Robinson, Jr. (*Pro Hac Vice*)
ROBINSON CALCAGNIE ROBINSON
SHAPIRO DAVIS, INC.
19 Corporate Plaza Drive
Newport Beach, CA 92660
Tel: (949) 720-1288
Fax: (949) 720-1292
mrobinson@rcrlaw.net

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206) 623-0594
steve@hbsslaw.com

Attorneys for Plaintiff
The People of the State of California

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through Orange County District Attorney Tony Rackauckas, <br><br> Plaintiff, <br> v. <br><br> GENERAL MOTORS LLC, <br><br> Defendant. <br> ------------------------------------------------------ <br> In re: <br> MOTORS LIQUIDATION COMPANY, <br><br> Debtor. | Chapter 11 <br> Case No. 09-50026 (REG) |

### *"LIMITED"* NO STAY PLEADING

*LIMITED* NO STAY PLEADING

I. **INTRODUCTION**

The People of the State of California ("California" and/or the "State"), by and through the Orange County District Attorney's Office ("OCDA"), the plaintiff in *The People of the State of California v. General Motors, LLC*, Case No. 8:14−cv−01238−JVS−AN (C.D. Cal.), respectfully submit this ***limited*** No Stay Pleading in accordance with the Court's May 14, 2014 order regarding the stay procedures. In connection with this pleading, there are four (4) points that the OCDA wishes to emphasize and make clear.

*First*, in submitting this pleading, the OCDA in no way seeks to avoid a stay in order to cut to the head of the line or get in front of any other GM action in connection with the motion of defendant General Motors ("GM") to enforce the Sales Order. Nor does the OCDA challenge this Court's jurisdiction to interpret its own orders. To the contrary, the OCDA merely asks that it be given the opportunity to oppose JPML transfer and to proceed with a motion to remand this action back to the California Orange County Superior Court where it was originally filed, where the OCDA agrees it would be stayed pending further proceedings before this Court.

*Second*, this action appears fundamentally different than any case in the GM MDL or other GM case filed in any state court throughout the country. It is the only known case of its kind. This case has been filed by a governmental unit in the public interest and on behalf of the public in order to enforce a police power. As such, pursuant to 11 U.S.C. § 1452(a), this case was not and remains not subject to removal by GM, and we believe that such a case is not, cannot and was not intended to be covered by the Sales Order injunction (we note that this case would be exempt from the section 362(a) automatic stay triggered by the filing of a bankruptcy case under 11 U.S.C. § 362(b)(4)). In any event, with the very narrow and limited exception of allowing the OCDA to proceed with a motion to remand, the OCDA is willing (and has communicated its willingness to GM) to agree to stay of all other proceedings in the State's action pending resolution of the Threshold Issues by this Court.

*Third*, this pleading has been filed solely to return to and maintain the status quo and to prevent GM from unfairly capitalizing on a series of cleverly orchestrated tactical procedural maneuvers. The day after GM removed this case from state to federal court, GM filed a "Notice of Tag-Along Action" seeking to transfer the case to the MDL in the Southern District of New York.

- 2 -

***LIMITED*** NO STAY PLEADING

The day after that, GM demanded that the State agree to a stay and sought to subject the case to the bankruptcy proceedings, and thereby prevent the State from opposing any of GM's procedural maneuvers, including a motion to remand. The limited no stay relief sought by the OCDA solely addresses these tactical moves by GM and is focused on preserving the status quo existing at the filing of the case by allowing the OCDA to resist JPML transfer and seek remand.

*Fourth* and finally, it should be noted that the State attempted to informally resolve these issues with GM and proposed a stay stipulation with the limited carve out allowing the State to proceed with a motion to remand and oppose JPML transfer to the MDL, but GM refused to do so.

## II. BACKGROUND

The State's action was filed by the Orange County District Attorney ("OCDA") on behalf of the State in California's Orange County Superior Court on June 27, 2014. The State filed a First Amended Complaint on July 1, 2014. The very first paragraph of the operative complaint made clear that the State's action primary purpose was to enforce a police power, alleging:

> **"This is a law enforcement action which primarily seeks to protect the public safety and welfare, brought by a governmental unit in the exercise of and to enforce its police power.** The action is brought by Tony Rackauckas, District Attorney of the County of Orange, under California Business and Professions Code sections 17200 et seq., the Unfair Competition Law ("UCL"), and 17500 et seq., the False Advertising Law ("FAL"), and involves sales, leases, or other wrongful conduct or injuries occurring in California. The defendant is General Motors LLC ("Defendant" or "GM"), which is based in Detroit, Michigan."

First Am. Compl., at ¶ 1 (internal citations omitted) (emphasis added). Paragraph 25 of the complaint alleges:

> **"Tony Rackauckas, District Attorney for the County of Orange, acting to protect the public as consumers from unlawful, unfair, and fraudulent business practices, brings this action in the public interest** in the name of the People of the State of California for violations of the Unfair Competition Law pursuant to California Business and Professions Code Sections 17200, 17204 and 17206, and for violations of the False Advertising Law pursuant to California Business and Professions Code Sections 17500, 17535 and 17536. Plaintiff, by this action, seeks to enjoin GM from engaging in the unlawful, unfair, and fraudulent business practices alleged herein, and seeks civil penalties for GM's violations of the above statutes."

First Am. Compl., at ¶ 25.

Although the State's action seeks civil penalties and other equitable relief, it primarily seeks injunctive relief, namely that GM "be permanently enjoined from committing any acts of unfair competition, including the violations alleged" in the complaint. First Am. Compl., at p. 57. The complaint also made clear that the State's "action seeks to hold GM liable only for its *own* acts and omissions *after* the July 10, 2009 effective date of the Sale Order and Purchase Agreement through which GM acquired virtually all of the assets and certain liabilities of Old GM." First Am. Compl., ¶ 3 (emphasis in original).

On August 5, 2014, GM, which to this date had not served a Stay Stipulation on the State, filed a notice of removal, removing the case to the United States District of the Central District of California. GM removed the action primarily on the grounds that it was subject to bankruptcy proceedings involving GM's predecessor, General Motors Corporation ("Old GM") and the Sale Order. GM made no mention of the fact that this action was filed by a governmental unit to enforce a police or regulatory power which would render the case, by clear and unequivocal statutory language, immune from removal under 11 U.S.C. § 1452(a). After removal, the case was assigned to the Honorable James V. Selna. GM does not want to allow Judge Selna to hear the State's motion to remand.

The day after removing the State's action to federal court, on August 6, 2014, GM, still not having served a Stay Stipulation on the State, filed a Notice of Tag-Along Action in the MDL, attempting to have this case transferred from the United States District Court for the Central District of California to and included as part of the *In re General Motors LLC Ignition Switch Litigation MDL* in the United States District Court for the Southern District of New York (Document 399).[1]

The day after that, and only after GM had completed its tactical moves, on August 7, 2014, GM demanded that the State either agree to be subject to the stay or file a "No Stay Pleading" with this Court in New York by August 12, 2014 which was later extended by agreement to August 19, 2014.

---

[1] On August 19, 2014, the State filed opposition and objection to the Notice of Tag-Along Action in accordance with Rule 7.1(c) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation.

- 4 -

**LIMITED** NO STAY PLEADING

On August 15, 2014, the OCDA's office sent a letter to counsel for GM in accordance with Central District of California Local Rule 7-3,[2] requesting that GM agree to stipulate to remand of this action to Orange County Superior Court and stating that the OCDA would file a motion to remand to be heard by Judge Selna. A copy of the letter is attached as Exhibit 1.

In the letter, the OCDA attempted to outline: (1) the reasons why the State's action has been improperly removed and should be remanded; (2) why the case should not be stayed; and (3) why the action should not be transferred to or included in the MDL. To date, GM has not responded to this letter.

On August 18, 2014, a day before the deadline to file a "No Stay Pleading," associated counsel for the State asked GM's counsel whether GM might agree to a limited stay whereby the State could: (1) proceed with filing a motion to remand to be heard by Judge Selna; and (2) file an opposition and objection to transfer to and inclusion with the MDL, but in all other respects agree to the stay and make no efforts to otherwise cut to the head of the line in any way.

On August 19, 2014, the day of the deadline for the State to file a "No Stay Pleading," GM's counsel responded that it would not agree to any type of carve-out allowing the State to proceed with filing either a motion to remand or objection/opposition to its Notice of Tag-Along. GM's counsel made clear that it did not want to allow Judge Selna to hear the State's motion to remand. Instead, GM wants the OCDA to have to litigate this case in the Southern District of New York – despite the fact that it should have never been removed and despite the State's opposition to transfer to the MDL.

Based on GM's tactical maneuvering, the OCDA has been forced to file this *limited* No Stay Pleading on behalf of the State. The removal by GM is clearly part of an orchestrated effort to prevent the State's case from proceeding in state court by: (a) removing it to federal court; and (b) including the action in the Multi-District Litigation.

---

[2] C.D. Cal. Local Rule 7-3 requires that parties meet and confer before filing motions and wait at least five (5) days after meeting and conferring regarding the substance of a motion before filing the motion. Accordingly, to comply with the local rule, the OCDA has not yet filed a motion to remand. In accordance with C.D. Cal. Local Rule 7-3, the State intends to file a motion to remand (unless GM stipulates to remand) on or before August 22, 2014 to be heard by Judge Selna on Monday, September 22, 2014 at 1:30 p.m. On August 18, 2014, Judge Selna also issued an Initial Order and Order setting a Fed. R. Civ. P. 26(f) Scheduling Conference on December 22, 2014 at 11:30 a.m.

- 5 -

III. **THE STATE'S ACTION SHOULD NOT BE STAYED AND SHOULD NOT PROCEED IN FEDERAL COURT**

A. **Actions By Governmental Units To Enforce Police Or Regulatory Powers Are Not Subject To Removal Or The Automatic Stay**

Actions by governmental entities to enforce police or regulatory powers are treated differently for removal and automatic stay purposes than other types of cases. Pursuant to 11 U.S.C. section 362(b)(4), an action by a governmental unit to enforce a police and regulatory power is exempt from the automatic stay that is usually attendant to bankruptcy proceedings. Massachusetts v. New England Pellet, LLC, 409 B.R. 255, 257 (Bankr. D. Mass. 2009) (citing 11 U.S.C. § 362(b)(4)). See also City & County of San Francisco v. PG&E Corp., 433 F.3d 1115 (9th Cir. 2006). In addition to being excepted from a stay pursuant to section 362(b)(4), actions by governmental units to enforce a police or regulatory power are, in all circumstances, not subject to removal and cannot proceed in federal court pursuant to 11 U.S.C. section 1452(a) which states:

> "A party may remove any claim or cause of action in a civil action *other than* a proceeding before the United States Tax Court or *a civil action by a governmental unit to enforce such governmental unit's police or regulatory power*, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

11 U.S.C. § 1452(a) (emphasis added).

The meaning and intent of section 1452(a) is informed by section 362(b)(4) and its case law. New England Pellet, 409 B.R. at 258 (citing California v. Atl. Richfield Co. (In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.), 488 F.3d 112, 132 (2d Cir. 2007). See also PG&E Corp., 433 F.3d at 1123 ("The language of the police and regulatory power exceptions in the automatic stay context and in the removal context is virtually identical, and the purpose behind each exception is the same); Massachusetts v. Sohmer (In re Sohmer), 388 B.R. 448, 455 (Bankr. D. Mass. 2008) (holding that the purpose behind the two statutes is the same). "Section 1452 and [section] 362(b)(4) were designed specifically to work in tandem." Koken v. Reliance Group Holdings, Inc. (In re Reliance Group Holdings, Inc.), 273 B.R. 374, 385 (Bankr. E.D. Pa. 2002). "Therefore, interpretation of these two provisions should be consonant." Id. See also 1 Collier on Bankruptcy (15th ed.) § 3.07[3] ("It would seem, therefore, that the congressional intent was to

- 6 -

*LIMITED* NO STAY PLEADING

make those types of civil actions that are not subject to removal correspond to civil actions that are excepted from the automatic stay."). In other words, if an action would not be subject to the automatic stay pursuant to section 362(b)(4), it cannot be subject to removal pursuant to section 1452(a). See id.

### B. The State Action Has Been Brought In The Public Interest By A Governmental Unit To Enforce A Police Power

"In the automatic stay context, [courts] generally have construed the phrase 'police or regulatory power' to 'refer to the enforcement of state laws affecting health, welfare, morals, and safety, but not regulatory laws that directly conflict with the control of the res or property by the bankruptcy court.'" PG&E Corp., 433 F.3d at 1123). In determining whether actions by a governmental unit are in the exercise of its police or regulatory power, as defined by section 362(b)(4), courts have applied both the "pecuniary purpose" and "public policy" tests. Id. at 1123-24. "Satisfaction of either test will suffice to exempt the action from the reach of the automatic stay." Id. at 1124. Both tests are satisfied here. The State's case has not been brought primarily to benefit the government's pecuniary interest. Rather, it has been brought to protect public safety, to enforce a police and regulatory power and with the primary aim of trying to effectuate public policy and safety. Civil penalties are just part of the relief sought. As such, falls well within the State's police and regulatory powers. See PG&E Corp., 433 F.3d at 1124; see also New England Pellet, 409 B.R. at 259. The primary purpose of the State's action is protect the public by enjoining continuing and future unfair, deceptive, fraudulent and unlawful practices in California by New GM.

### C. The State's Action Is Fundamentally Different From Other Cases

The State's action is fundamentally different than any of the cases in the MDL. California Business and Professions Code sections 17204 and 17535 specifically authorize District Attorneys in California to bring law enforcement actions for injunctive relief, restitution and civil penalties under the UCL and FAL. Cal. Bus. & Prof. Code §§ 17204, 17535.[3]

---

[3] The California Attorney General oversees District Attorneys and the prosecution or assistance in prosecuting violations of law over which the superior courts have jurisdiction. Cal. Const., Art. V, § 13; accord Cal. Gov. Code § 12550.

"As the California Supreme Court has explained, a civil action by a governmental entity under section 17200 'is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.'" PG&E Corp., 433 F.3d at 1125-26 (quoting People of the State of California v. Pacific Land Research Co., 20 Cal.3d 10, 141 Cal.Rptr. 20, 24, 569 P.2d 125 (1977)). "The character of a section 17200 action is not affected by the choice of restitution" or civil penalties "as a remedy." Id. at 1126. Because this is fundamentally a law enforcement action designed to protect the public it should neither be subject to removal or a bankruptcy stay. Id.

In City & County of San Francisco v. PG&E Corp., 433 F.3d 1115 (9th Cir. 2006), the Ninth Circuit Court of Appeals concluded:

> "Through various provisions of the Bankruptcy Code, Congress has evidence its intent that a governmental unit's police or regulatory action not be litigated in federal bankruptcy court. Section 362(b)(4) of the Bankruptcy Code exempts such an action from the reach of the automatic stay; 28 U.S.C. section 1452(a) exempts such an action from removal to bankruptcy court."

Id. at 1127. Yet, this is exactly what GM seeks to do here. The law, however, makes clear that this action by the Orange County District Attorney should not have been removed, should not be litigated in federal bankruptcy court, and should not be subject to a bankruptcy stay. The OCDA respectfully requests that it be permitted to proceed with filing a motion to remand to Orange County Superior Court.

IV. **THE STATE PROPOSED A REASONABLE COMPROMISE WHICH GM REJECTED**

Based on the authorities cited above, the State could now seek to have this Court accept its position that this action is exempt from the stay and is not covered by the Sales Order injunction. However, that is not what the State is trying to do. The State is not in any way seeking to cut to the head of the line for any purpose. The State is willing to agree to the terms of the stay for all purposes and reserve its position – with the limited exception that the State be allowed to proceed with a motion to remand and oppose transfer to the MDL. Before filing this pleading, counsel for the State attempted to reach an agreement with counsel for GM which would allow for exactly the type of limited stay that the State is proposing. GM, however, declined to agree to any modification of the stay procedures which would allow for the State to bring a motion to remand.

- 8 -

*LIMITED* NO STAY PLEADING

V. **THE STATE SEEKS A NARROW CARVE OUT FROM THE STAY SOLELY ALLOWING IT TO FILE A MOTION TO REMAND SO THAT THIS CASE CAN PROPERLY PROCEED IN STATE COURT**

As previously mentioned, the State is not trying to jump to the head of the line, get in front of any other cases, or otherwise take advantage of anything. That is not what this is about. The State is attempting to prevent GM from taking advantage of its own coy tactical maneuvers that it made (prior to it serving the Stay Stipulation on the State) to alter the status quo and prevent the State from restoring it. The State, agreeing to the stay for all other purposes, merely seeks the opportunity to be able to proceed with a motion to remand before Judge Selna and to oppose JPML transfer of this case to the MDL. The State is confident that, based on the applicable legal authorities, the State's motion will be granted and the action will be remanded to Orange County Superior Court where it was originally filed and where it belongs and that JPML transfer will be denied. The State should be allowed to proceed with that motion and with its objection to JPML transfer.

VI. **CONCLUSION**

Based on the foregoing, Plaintiff The People of the State of California, by and through the Orange County District Attorney respectfully request that this Court grant the *limited* no stay relief requested herein which would allow OCDA to proceed with a motion to remand the action to Orange County Superior Court where it was originally filed and to oppose JPML transfer of the case to the MDL.

Dated: August 19, 2014         */s/ Mark P. Robinson, Jr.*
                               Mark P. Robinson, Jr. (*Pro Hac Vice*)
                               ROBINSON CALCAGNIE ROBINSON
                               SHAPIRO DAVIS, INC.
                               19 Corporate Plaza Drive
                               Newport Beach, CA 92660
                               Tel.: 949-720-1288
                               Fax: 949-720-1292
                               mrobinson@rcrlaw.net

Dated: August 19, 2014   */s/ Steve w. Berman*_____
Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Attorneys for Plaintiff*
THE PEOPLE OF THE STATE OF CALIFORNIA

- 10 -

*LIMITED* NO STAY PLEADING

09-50026-reg Doc 13802-1 Filed 08/19/14 Entered 08/19/14 17:22:52 Exhibit 1 Pg 1 of 5

# Exhibit 1

# OFFICE OF THE
# DISTRICT ATTORNEY
ORANGE COUNTY, CALIFORNIA

**TONY RACKAUCKAS, DISTRICT ATTORNEY**

**JIM TANIZAKI**
SENIOR ASSISTANT D.A.
VERTICAL PROSECUTIONS/
VIOLENT CRIMES

**JOSEPH D'AGOSTINO**
SENIOR ASSISTANT D.A.
GENERAL FELONIES/
ECONOMIC CRIMES

**MICHAEL LUBINSKI**
SENIOR ASSISTANT D.A.
SPECIAL PROJECTS

**JAIME COULTER**
SENIOR ASSISTANT D.A.
BRANCH COURT OPERATIONS

**CRAIG HUNTER**
CHIEF
BUREAU OF INVESTIGATION

**LISA BOHAN - JOHNSTON**
DIRECTOR
ADMINISTRATIVE SERVICES

**SUSAN KANG SCHROEDER**
CHIEF OF STAFF

August 15, 2014

*Via U.S. Mail, Fax and E-mail*

Darin T. Beffa
KIRLAND & ELLIS LLP
333 S. Hope Street, Suite 2900
Los Angeles, CA 90071
Fax: (213) 680-8400
Email: darin.beffa@kirkland.com

Re:    *People of the State of California v. General Motors, LLC*

Dear Counsel:

My name is Joe D'Agostino. I am a Senior Assistant District Attorney in the Orange County District Attorney's ("OCDA") office. Along with District Attorney Tony Rackauckas, I am counsel in this action which has been brought by the OCDA on behalf of the People of the State of California against Defendant General Motors, LLC ("GM"). I am writing to briefly address three (3) items for which I hope that we can reach an agreement.

## I.    REMAND TO ORANGE COUNTY SUPERIOR COURT IS APPROPRIATE

*First*, I am writing request that GM agree to stipulate to remand of this case to Orange County Superior Court. This action was filed in Orange County Superior Court on June 27, 2014. On August 5, 2014, GM filed a notice of removal. (Document 1) The removal by GM is clearly part of an orchestrated effort by GM to: (1) prevent the State's case from proceeding in state court; (2) removing it to federal court; (3) including the action in the Multi-District Litigation ("MDL") proceedings in the United States District Court for the Southern District of New York;[1] and (4) subjecting the case to the jurisdiction of the bankruptcy court in New York.[2] As outlined below, GM's removal was improper and that this action should be remanded for several reasons.

---

[1] GM filed a Notice of Tag-Along Action in the MDL on August 6, 2014, the day after it removed this case, attempting to have this case transferred to and included as part of the *In re General Motors LLC Ignition Switch Litigation MDL*. (Document 399).
[2] Two (2) days after removal, GM demanded on August 7, 2014 that the State either agree to be subject to the Bankruptcy Court stay or file a "No Stay Pleading" with the Bankruptcy Court in New York by August 12, 2014 which was later extended to August 19, 2014.

REPLY TO: ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE                                                              WEB PAGE: www.OrangeCountyDA.com

☒ MAIN OFFICE
401 CIVIC CENTER DR W
P.O. BOX 808
SANTA ANA, CA 92701
(714) 834-3600

☐ NORTH OFFICE
1275 N. BERKELEY AVE.
FULLERTON, CA 92631
(714) 773-4480

☐ WEST OFFICE
8141 13TH STREET
WESTMINSTER, CA 92683
(714) 896-7261

☐ HARBOR OFFICE
4601 JAMBOREE RD.
NEWPORT BEACH, CA 92660
(949) 476-4650

☐ JUVENILE OFFICE
341 CITY DRIVE SOUTH
ORANGE, CA 92868
(714) 935-7624

☐ CENTRAL OFFICE
401 CIVIC CENTER DR. W
P.O. BOX 808
SANTA ANA, CA 92701
(714) 834-3952

### A.    GM's Removal Of This This Action On The Grounds That It Is Subject To Bankruptcy Court Jurisdiction Is Misplaced

GM removed the action primarily on the grounds that it was subject to bankruptcy proceedings involving GM's predecessor, General Motors Corporation ("Old GM") and the Bankruptcy's Court's Sale Order. GM's removal of this action for reasons relating to the Bankruptcy Court or Sale Order fails.

#### 1.    The State's Case Does Not Involve Old GM

As a preliminary matter, the case asserts no claims against Old GM, does not involve the conduct or practices of Old GM, and does not seek to impose any liability on GM for anything relating to Old GM. *See, e.g.*, First Am. Compl., ¶ 3 (making clear that "[t]his action seeks to hold GM liable only for its ***own*** acts and omissions ***after*** the July 10, 2009 effective date of the Sale Order and Purchase Agreement through which GMacquired virtually all of the assets and certain liabilities of Old GM.") (emphasis in original). Thus, removal is clearly not justified here.

#### 2.    Law Enforcement Actions Brought By A Governmental Unit To Enforce A Police Or Regulatory Power Cannot Be Removed And Are Not Subject To Bankruptcy Jurisdiction, Stays Or Proceedings

Even more importantly, GM cannot remove the State's case to federal court subject this case to bankruptcy proceedings because this case has been brought by a governmental unit (the OCDA's office) on behalf of the public (the People of the State of California) to enforce and police and regulatory power. Unlike private lawsuits that have been filed against GM. This is a police and regulatory power action has been brought by a public law enforcement entity on behalf of the People of the State of California. The very first paragraph of the State's complaint alleges:

> "This is a law enforcement action which primarily seeks to protect the public safety and welfare, brought by a governmental unit in the exercise of and to enforce its police power. *City & Cnty. of San Francisco v. PG & E Corp.*, 433 F.3d 1115, 1124-1125 (9th Cir. 2006). The action is brought by Tony Rackauckas, District Attorney of the County of Orange, under California Business and Professions Code sections 17200 et seq., the Unfair Competition Law ("UCL"), and 17500 et seq., the False Advertising Law ("FAL"), and involves sales, leases, or other wrongful conduct or injuries occurring in California. The defendant is General Motors LLC ("Defendant" or "GM"), which is based in Detroit, Michigan."

First Am. Compl., at ¶ 1.

In *City & County of San Francisco v. PG&E Corporation*, 433 F.3d 1115 (9th Cir. 2006), the Ninth Circuit Court of Appeals held that "police or regulatory power" actions filed by governmental entities cannot be removed to federal court and are exempt from bankruptcy jurisdiction or proceedings. *Id*. at 1118. The Ninth Circuit based its decision in part on 28 U.S.C. section 1452(a) which specifically states:

> "**A party may remove any claim or cause of action in a civil action *other than*** a proceeding before the United States Tax Court or **a civil action by a governmental unit to enforce such governmental unit's police or regulatory power**, to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

28 U.S.C. 1452(a)(emphasis added).

09-50026-reg    Doc 12802-1    Filed 08/19/14    Entered 08/19/14 17:22:52    Exhibit 1
Pg 5 of 15

Actions by governmental entities involving a police or regulatory power are similarly not subject to a bankruptcy stay. *City & County of San Francisco*, 433 F.3d at 1123.[3] Part of the rationale underlying these rules exempting police and regulatory power actions from bankruptcy stays is that there are important public policies and safety reasons why such actions must be allowed to proceed unencumbered by bankruptcy related issues. Accordingly, it is clear that GM's removal of this action was not proper and that remand is appropriate.

### B.    Federal Question Jurisdiction Does Not Exist Either

As although it was not GM's primary basis for removal, GM also suggested in its removal papers that removal was warranted based on federal question jurisdiction. Although the State's complaint includes allegations regarding federal law (e.g., the TREAD Act), the only causes of action alleged involve violations of state law, i.e., California Business & Professions Code sections 17200 (the Unfair Competition Law ("UCL") and 17500 (the False Advertising Law ("FAL"). The UCL and FAL claims are based on alleged: (1) *unfair* business practices; (2) *fraudulent* business practices; (3) *unlawful* business practices; and (4) *deceptive* practices and *false advertising*. The State's UCL and FAL claims are not based solely on alleged violations of federal law and are not dependent or contingent upon federal law. Federal question jurisdiction does not exist unless a UCL claim hinges or is premised entirely and only on a violation of federal law. *See, e.g., Rose v. Seamless Fin. Corp.*, 2012 WL 3985964, at *4 (S.D. Cal. Sept. 10, 2012); *Avenius v. Banc of Am. Securities, LLC*, 2006 WL 4008711, at *5-6 (N.D. Cal. Dec. 30, 2006).

"Where a plaintiff has alleged a UCL claim based on both the violation of state and federal law, courts have found that federal question jurisdiction does not exist." *Williams v. Wells Fargo Bank, N.A.*, 2010 WL 3184248, at *4 (C.D. Cal. Aug.9, 2010). See also Holliman v. Kaiser Foundation Health Plan, 2006 WL 662430, at *13 (N.D. Cal. Mar. 14, 2006) (finding no federal question jurisdiction where UCL claim was based on violations of both state and federal law). Moreover, "[b]ecause a single unlawful[, unfair, fraudulent or deceptive] business practice may give rise to liability under the UCL, [the Court] could very well find that [GM] violated section 17200 without also finding that [they] violated [federal law]. As such, [the] UCL claim does not depend upon the resolution of a question of federal law." *Williams*, 2010 WL 3184248 at *4. *See also Holliman*, 2006 WL 662430 at *4. Therefore, the exercise of subject matter jurisdiction premised on federal question jurisdiction is not appropriate here.[4]

### C.    There Is A "Strong Presumption" Against Removal And Any Doubts Are Resolved In Favor Of Remand To State Court

---

[3] The cases cited by GM in its removal papers as standing for the proposition that removal is warranted because of the bankruptcy issues are distinguishable because: (1) none were brought by governmental unit (i.e., like the OCDA); (2) none were filed on behalf of the public (i.e., like the People of the State of California); and (3) none involve enforcement of a police or regulatory power.

[4] GM does not claim that any other basis for subject matter jurisdiction (i.e., diversity jurisdiction) applies, and clearly cannot do so. The People of the State of California (the "State") is not a citizen for purposes of diversity jurisdiction. Numerous courts have granted motions to remand law enforcement actions brought on behalf of the People of the State of California on the grounds that the "State is not a 'citizen' for purposes of diversity jurisdiction.'" *People of the State of California v. Universal Syndications, Inc.*, 2009 WL 1689651, *2 (N.D. Cal. June 16, 2009) (granting motion to remand) (quoting *Moor v. Alameda County*, 411 U.S. 693, 717 (1973); *accord People of the State of California v. Steelcase, Inc.*, 792 F.Supp. 84, 86 (C.D. Cal. 1992) (granting motion to remand because, "for diversity purposes, a state is not a citizen of itself. Therefore, the State cannot sue or be sued in a diversity action."); *In re TFT-LCD (Flat Panel) Anitrust Litig.*, 2011 WL 1689651, *2 (N.D. Cal. June 16, 2009) (granting motion to remand UCL and FAL action brought on behalf of the People of the State of California because the "State is not a 'citizen' for purposes of the diversity jurisdiction.'"); *Time Warner, Inc.*, 2008 WL 4291435, at *1 ("Unlike a city, which is a citizen of the state, 'a state is not a 'citizen' for purposes of diversity jurisdiction.'"); *People of the State of California v. Check 'N Go of California, Inc.*, 2007 WL 2406888, *4-5 (N.D. Cal. Aug. 20, 2007) (granting motion to remand).

"In the Ninth Circuit, there is a 'strong presumption' against removal and 'the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal courts "strictly construe the removal statute against removal jurisdiction." *Id*. Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id. See also People of the State of California v. Time Warner, Inc.*, 2008 WL 4291435, *1 (C.D. Cal. Sept. 17, 2008) (granting motion to remand).

We respectfully request that GM agree to stipulate to remand of this action to Orange County Superior Court. If GM is unwilling to stipulate to remand, we will proceed with filing a motion to remand. We have tried to outline the reasons why we believe removal was improper and remand is warranted in this letter. We are also open to having further discussions with you (perhaps a conference at our offices in Orange County) if you are available and interested in doing so. If we do not hear from you or if GM is unwilling to stipulate to remand, we will proceed with filing a motion to remand on or before September 4, 2014 to be heard before Judge Selna. We may actually aim to file the motion on August 29, 2014 (i.e., ten (10) days from the date of this letter).

## II. THIS ACTION IS NOT SUBJECT TO THE BANKRUPTCY STAY AND SHOULD NOT BE STAYED

*Second*, regarding GM's request on August 7, 2014 that the State agree to be subject to a bankruptcy stay or file a "No Stay Pleading" by August 12, 2014 which was later extended to August 19, 2014, the State's action against GM is not subject to the bankruptcy court's jurisdiction or stay for several reasons. We ask that you agree that this case is not subject to any bankruptcy court stay or at least refrain from arguing that any stay applies or taking any action to enforce a stay until our motion to remand can be heard by Judge Selna.

## III. THIS ACTION SHOULD NOT BE TRANSFERRED TO OR INCLUDED IN THE SOUTHERN DISTRICT OF NEW YORK MDL

*Third* and finally, with respect to the Notice of Tag-Along Action filed by GM on August 6, 2014, this action should not be transferred into or proceed as part of the *In re General Motors LLC Ignition Switch Litigation* MDL in the United States District Court for the Southern District of New York. We object to any transfer and consolidation of this action with the other cases in the MDL. This action is fundamentally different than the cases in the MDL and other actions against GM and should proceed in Orange County Superior Court. In accordance with Rule 7.1(c) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, we will be filing a notice of opposition to any transfer or inclusion of this action as part of the MDL.

Thank you for considering the items set forth in this letter. Please let me know if you would like to further discuss these items or perhaps have a conference to see if any of these items can be informally resolved. We believe that it is important that Judge Selna resolve these issues, if we are not able to informally resolve them ourselves, as soon as possible.

Respectfully,

s/ Joe D'Agostino

Joe D'Agostino
Sr. Assistant District Attorney

*SW/JD:vlb*

## CERTIFICATE OF SERVICE

I, Mark P. Robinson, Jr., Esquire, hereby certify that a true and correct copy of the foregoing document entitled *Limited* **No Stay Pleading** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system as indicated on the electronic filing receipt. This document so filed is available for viewing and downloading on the Court's electronic filing system.

I declare that I am a registered Filing User for this Court. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on August 19, 2014, at Newport Beach, California.

        */s/ Mark P. Robinson, Jr.*
        Mark P. Robinson, Jr. (*Pro Hac Vice*)
        ROBINSON CALCAGNIE ROBINSON
        SHAPIRO DAVIS, INC.
        19 Corporate Plaza Drive
        Newport Beach, CA 92660
        Tel.: 949-720-1288
        Fax: 949-720-1292
        mrobinson@rcrlaw.net