# Exhibit B

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Corinne Ball
Veerle Roovers

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
David G. Heiman

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 581-3939
Facsimile:  (404) 581-8330
Jeffrey B. Ellman

Attorneys for Debtors
and Debtors in Possession

SULLIVAN & CROMWELL
125 Broad Street
New York, New York  10004-2498
Telephone  (212) 558-4000
Facsimile:  (212) 558-3588
Andrew G. Dietderich
Mark U. Schneiderman

Attorneys for Fiat S.p.A. and
Chrysler Group LLC

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re                                                      :  Chapter 11
                                                           :
Old Carco LLC                                              :  Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al.*,                            :
                                                           :  (Jointly Administered)
                              Debtors.                     :
                                                           :
---------------------------------------------------------- x

**STIPULATION AND AGREED ORDER**
**APPROVING AMENDMENT NO. 4 TO MASTER TRANSACTION AGREEMENT**

WHEREAS, on April 30, 2009 (the "Petition Date"), Old Carco LLC f/k/a Chrysler LLC ("Old Carco") and 24 of its affiliated debtors and debtors in possession (collectively with Old Carco, the "Original Debtors") commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On May 19, 2009, Alpha Holding LP (collectively with the Original Debtors, the "Debtors") commenced its reorganization case by filing a voluntary petition under chapter 11 of the Bankruptcy Code. By orders of the Court (Docket Nos. 97 and 2188), the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under In re Old Carco LLC (f/k/a Chrysler LLC), *et al.*, Case No. 09-50002 (AJG);

WHEREAS, Old Carco is a party to the Master Transaction Agreement, dated as of April 30, 2009 (as amended and collectively with all exhibits and supporting and ancillary documents, the "Purchase Agreement"),[1] among Fiat S.p.A., a *Societ per Azioni* organized under the laws of Italy, Chrysler Group LLC, formerly known as New CarCo Acquisition LLC, a Delaware limited liability company, Old Carco and the Old Carco subsidiaries identified on the signature pages to the Purchase Agreement;

WHEREAS, on May 31, 2009, this Court issued: (a) an Opinion Granting the Debtors' Motion Seeking Authority to Sell, Pursuant to 11 U.S.C. 363, Substantially All of the Debtors' Assets (Docket No. 3073) (the "Sale Opinion"); and (b) an Opinion and Order Regarding Emergency Economic Stabilization Act of 2008 and Troubled Asset Relief Program

---

[1] All terms used but not defined herein have the meaning given to such terms in the Purchase Agreement.

NYI-4225556v4 -2-

(Docket Nos. 3074 and 3229) (together with the Sale Opinion, the "Opinions"). On June 1, 2009 and consistent with the Sale Opinion, this Court entered the Order (I) Authorizing the Sale of Substantially all of the Debtors' Assets Free and Clear of all Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection therewith and Related Procedures and (III) Granting Related Relief (Docket No. 3232) (the "Sale Order") approving the Purchase Agreement and the transactions contemplated thereby. The Opinions and the Sale Order were affirmed by the United States Court of Appeals for the Second Circuit. See In re Chrysler LLC, 576 F.3d 108 (2d Cir. 2009);

WHEREAS, pursuant to the Purchase Agreement, Chrysler Group LLC acquired substantially all of the assets of the Debtors in a sale transaction that was consummated on June 10, 2009 (the "Closing");

WHEREAS, the undersigned parties desire to amend the Purchase Agreement pursuant to the terms and conditions of Amendment No. 4 to Master Transaction Agreement, dated as of October 29, 2009 (the "MTA Amendment"), a copy of which is attached hereto as Annex A;

WHEREAS, pursuant to and as set forth in the MTA Amendment, among other things: (a) Section 2.08(h) of the Purchase Agreement is amended in its entirety to add certain Product Liability Claims as Assumed Liabilities; and (b) Section 2.09(i) of the Purchase Agreement is amended to include as Excluded Liabilities all Product Liability Claims arising from the sale of Products or Inventory on or prior to the Closing that are not described in Section 2.08(h) of the Purchase Agreement (as amended by the MTA Amendment);

WHEREAS, the Debtors believe that the MTA Amendment is appropriate and in the best interests of their estates and creditors;

WHEREAS, the undersigned parties agree to the terms and conditions relating to the MTA Amendment set forth in this Stipulation and Agreed Order, filed with the Court with a notice of presentment on October 29, 2009 (Docket No. 5867) (the "Stipulation and Agreed Order");

WHEREAS, on November 3, 2009, Patricia Pascale filed a Limited Objection to the Stipulation and Agreed Order (Docket No. 5887) (the "Limited Objection") and the Stipulation and Agreed Order was subsequently set for hearing on November 19, 2009;

WHEREAS, on November 16, 2009, Chrysler Group LLC and Fiat S.p.A. filed a Reply to the Limited Objection (Docket No. 5953).

NOW, THEREFORE, it is hereby stipulated and agreed by and between the parties to this Stipulation and Agreed Order, through their undersigned counsel, that:

1. The Debtors are authorized to enter into the MTA Amendment, the MTA Amendment is hereby APPROVED and the Limited Objection is OVERRULED.

2. The Court shall retain jurisdiction over all matters or disputes arising out of or in connection with this Stipulation and Agreed Order.

3. This Stipulation and Agreed Order shall not be modified, altered, amended or vacated without the prior written consent of all parties hereto. Any such modification, alteration, amendment or vacation in whole or in part shall be subject to the approval of this Court. No statement made or action taken in the negotiation of this Stipulation and Agreed Order may be used by any party for any purpose whatsoever.

4. This Stipulation and Agreed Order is the entire agreement between the parties in respect of the subject matter hereof and may be signed in counterpart originals.

[*The remainder of this page is intentionally blank.*]

| | |
|---|---|
| Dated:  November 19, 2009 | Respectfully submitted, |
| /s/ Andrew G. Dietderich<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York  10004-2498<br>Telephone:  (212) 558-4000<br>Facsimile:  (212) 558-3588<br>Andrew G. Dietderich<br>Mark U. Schneiderman<br><br>ATTORNEYS FOR FIAT S.P.A.<br>AND CHRYSLER GROUP LLC | /s/ Jeffrey B. Ellman<br>JONES DAY<br>222 East 41st Street<br>New York, New York  10017<br>Telephone:  (212) 326-3939<br>Facsimile:  (212) 755-7306<br>Corinne Ball<br>Veerle Roovers<br><br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio  44114<br>Telephone:  (216) 586-3939<br>Facsimile:  (216) 579-0212<br>David G. Heiman<br><br>JONES DAY<br>1420 Peachtree Street, N.E.<br>Suite 800<br>Atlanta, Georgia  30309<br>Telephone:  (404) 581-3939<br>Facsimile:  (404) 581-8330<br>Jeffrey B. Ellman<br><br>ATTORNEYS FOR DEBTORS<br>AND DEBTORS IN POSSESSION |
| IT IS SO ORDERED.<br><br>Dated: New York, New York<br>        November 19, 2009 | **s/Arthur J. Gonzalez**<br>UNITED STATES BANKRUPTCY JUDGE |

ANNEX A

EXECUTION COPY

# AMENDMENT NO. 4 TO
# MASTER TRANSACTION AGREEMENT

This AMENDMENT NO. 4, dated as of October 29, 2009 (this "Amendment"), to the Master Transaction Agreement, dated as of April 30, 2009 (as amended by Amendment No. 1 thereto dated as of May 31, 2009, Amendment No. 2 thereto dated as of June 5, 2009 and Amendment No. 3 thereto dated as of June 10, 2009, the "MTA"), among Fiat S.p.A., a *Società per Azioni* organized under the laws of Italy ("Fiat"), Chrysler Group LLC, formerly known as New CarCo Acquisition LLC, a Delaware limited liability company ("Purchaser"), Old CarCo LLC, formerly known as Chrysler LLC, a Delaware limited liability company (the "Company") and the Subsidiaries of the Company identified on the signature pages thereto (each of the Company and such Subsidiaries, a "Seller" or "Selling Group Member" and, collectively, "Sellers"). All capitalized terms used but not defined herein have the meanings set forth in the MTA.

WHEREAS, Fiat, Purchaser and Sellers wish to further amend the MTA, as more fully set forth herein.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and undertakings contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Section 2.08(h) of the MTA shall be amended in its entirety to read as follows:

    "(h) (i) all Product Liability Claims arising from the sale after the Closing of Products or Inventory manufactured by Sellers or their Subsidiaries in whole or in part prior to the Closing and (ii) all Product Liability Claims arising from the sale on or prior to the Closing of motor vehicles or component parts, in each case manufactured by Sellers or their Subsidiaries and distributed and sold as a Chrysler, Jeep, or Dodge brand vehicle or MOPAR brand part, solely to the extent such Product Liability Claims (A) arise directly from motor vehicle accidents occurring on or after Closing, (B) are not barred by any statute of limitations, (C) are not claims including or related to any alleged exposure to any asbestos-containing material or any other Hazardous Material and (D) do not include any claim for exemplary or punitive damages."

2. Section 2.09(i) of the MTA shall be amended in its entirety to read as follows:

    "(i) all Product Liability Claims arising from the sale of Products or Inventory on or prior to the Closing that are not described in Section 2.08(h);"

3. Except as expressly provided herein, all of the terms and provisions in the MTA are and shall remain in full force and effect, on the terms and subject to the conditions set forth therein. This Amendment does not constitute, directly or by implication, an amendment or waiver of any provision of the MTA, or any other right, remedy, power or privilege of any party to the MTA, except as expressly set forth herein.

NYI-4225364v2

NY12528:397175.4

4. This Amendment shall be binding upon and inure solely to the benefit of the parties hereto and their respective permitted successors and permitted assigns. Subject to the preceding sentence, nothing herein, express or implied, is intended to or shall be deemed to confer upon any other Person any legal or equitable right, benefit or remedy of any nature whatsoever.

5. This Amendment may not be amended except by an instrument in writing signed by each of the parties hereto. At any time, any party hereto may (a) extend the time for the performance of any obligation or other act of any other party hereto and (b) waive compliance with any agreement or condition contained herein. Any such extension or waiver shall be valid if set forth in an instrument in writing signed by the party or parties to be bound thereby.

6. This Amendment shall be governed by and construed in accordance with the laws of the State of New York, excluding (to the extent permissible by law) any rule of law that would cause the application of the laws of a jurisdiction other than the State of New York.

7. Without limiting any party's right to appeal any order of the Bankruptcy Court, each party hereby irrevocably (i) submits to the exclusive jurisdiction of the Bankruptcy Court, for the purpose of any action or proceeding arising out of or relating to this Amendment, (ii) each party hereto hereby irrevocably agrees that all claims in respect to such action or proceeding may be heard and determined exclusively in the Bankruptcy Court and (iii) agrees that it will not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from the Bankruptcy Court, including a motion to dismiss on the grounds of forum non conveniens. Each of the parties hereto agrees that a final judgment in any action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law; provided, however, that if the Bankruptcy Case has closed, the parties agree to unconditionally and irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York sitting in New York County for the resolution of any such claim or dispute. Each of the parties hereto irrevocably consents to the service of the summons and complaint and any other process in any action or proceeding relating to the transactions contemplated by this Amendment, on behalf of itself or its property, by personal delivery of copies of such process to such party. Such service shall be in lieu of any other potentially applicable requirement of service, including, without limitation, the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters. Nothing in this Section 7 shall affect the right of any party to serve legal process in any other manner permitted by law.

8. This Amendment may be executed and delivered (including by facsimile transmission) in one or more counterparts, and by the different parties hereto in separate counterparts, each of which when executed and delivered shall be deemed to be an original but all of which taken together shall constitute one and the same agreement.

9. If any term or other provision of this Amendment is invalid, illegal or incapable of being enforced by any rule of Law, or public policy, then to the maximum extent permitted by

Law, all other conditions and provisions of this Amendment shall nevertheless remain in full force and effect.

10. This Amendment shall become effective immediately upon entry of an order approving this Amendment by the Bankruptcy Court in form and substance acceptable to Fiat, Purchaser and Sellers.

*[Remainder of page left intentionally blank]*

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be executed as of the date first written above by their respective officers thereunto duly authorized.

FIAT S.p.A.

By: _____
Name: Sergio Marchionne
Title: Chief Executive Officer


CHRYSLER GROUP LLC, formerly known as NEW CARCO ACQUISITION LLC

By: _____
Name: Holly Leese
Title: Senior Vice President


[Signature Page to Amendment No. 4 to the MTA]

09-50002-smb    Doc 5938-1    Filed 11/19/09    Entered 11/19/09 15:59:34    Annex A
Pg 3 of 19

OLD CARCO LLC, formerly known as
CHRYSLER LLC

By: _____*R. E. Kolka*_____
Name: Ronald E. Kolka
Title: Chief Executive Officer

OLD CARCO AVIATION INC., formerly known
as CHRYSLER AVIATION INC.

By: _____*R. E. Kolka*_____
Name: Ronald E. Kolka
Title: President

OLD CARCO INTERNATIONAL
CORPORATION, formerly known as
CHRYSLER INTERNATIONAL
CORPORATION

By: _____*R. E. Kolka*_____
Name: Ronald E. Kolka
Title: President

[Signature Page to Amendment No. 4 to the MTA]

OLD CARCO INTERNATIONAL LIMITED,
    L.L.C., formerly known as CHRYSLER
    INTERNATIONAL LIMITED, L.L.C.,

By:   OLD CARCO INTERNATIONAL
       CORPORATION, formerly known
       as CHRYSLER INTERNATIONAL
       CORPORATION

By:   */s/ R. E. Kolka*
      Name: Ronald E. Kolka
      Title: President


OLD CARCO INTERNATIONAL SERVICES,
    S.A., formerly known as CHRYSLER
    INTERNATIONAL SERVICES, S.A.

By:   */s/ R. E. Kolka*
      Name: Ronald E. Kolka
      Title: President


OLD CARCO MOTORS LLC, formerly known as
    CHRYSLER MOTORS LLC

By:   */s/ R. E. Kolka*
      Name: Ronald E. Kolka
      Title: President


[Signature Page to Amendment No. 4 to the MTA]

OLD CARCO REALTY COMPANY LLC,
   formerly known as CHRYSLER REALTY
   COMPANY LLC

By: _____/s/ R. E. Kolka_____
   Name: Ronald E. Kolka
   Title: President

OLD CARCO SERVICE CONTRACTS
   FLORIDA, INC., formerly known as
   CHRYSLER SERVICE CONTRACTS
   FLORIDA, INC.

By: _____/s/ R. E. Kolka_____
   Name: Ronald E. Kolka
   Title: President

OLD CARCO SERVICE CONTRACTS INC.,
   formerly known as CHRYSLER SERVICE
   CONTRACTS INC.

By: _____/s/ R. E. Kolka_____
   Name: Ronald E. Kolka
   Title: President

[Signature Page to Amendment No. 4 to the MTA]

OLD CARCO TECHNOLOGIES MIDDLE EAST LTD., formerly known as CHRYSLER TECHNOLOGIES MIDDLE EAST LTD.

By: _____R E Kolka_____
Name: Ronald E. Kolka
Title: President


OLD CARCO TRANSPORT INC., formerly known as CHRYSLER TRANSPORT, INC.

By: _____R E Kolka_____
Name: Ronald E. Kolka
Title: President


OLD CARCO VANS LLC, formerly known as CHRYSLER VANS LLC

By: _____R E Kolka_____
Name: Ronald E. Kolka
Title: President


[Signature Page to Amendment No. 4 to the MTA]

DCC 929, INC.

By: _____R E Kolka_____
Name: Ronald E. Kolka
Title: President


DEALER CAPITAL, INC.

By: _____R E Kolka_____
Name: Ronald E. Kolka
Title: President


GLOBAL ELECTRIC MOTORCARS, LLC

By: _____R E Kolka_____
Name: Ronald E. Kolka
Title: President


[Signature Page to Amendment No. 4 to the MTA]

NEV MOBILE SERVICE, LLC

By: _____
Name: Ronald E. Kolka
Title: President

NEV SERVICE, LLC

By: _____
Name: Ronald E. Kolka
Title: President

PEAPOD MOBILITY LLC

By: _____
Name: Ronald E. Kolka
Title: President

[Signature Page to Amendment No. 4 to the MTA]

TPF ASSET, LLC

By:   OLD CARCO LLC, formerly known as
      CHRYSLER LLC

By:   _____*R E Kolka*_____
      Name: Ronald E. Kolka
      Title: Chief Executive Officer




TPF NOTE, LLC

By:   OLD CARCO LLC, formerly known as
      CHRYSLER LLC

By:   _____*R E Kolka*_____
      Name: Ronald E. Kolka
      Title: Chief Executive Officer




UTILITY ASSETS LLC

By:   _____*R E Kolka*_____
      Name: Ronald E. Kolka
      Title: President




[Signature Page to Amendment No. 4 to the MTA]

OLD CARCO DUTCH HOLDING LLC, formerly known as CHRYSLER DUTCH HOLDING LLC

By: _____/s/ R E Kolka_____
Name: Ronald E. Kolka
Title: President


OLD CARCO DUTCH INVESTMENT LLC, formerly known as CHRYSLER DUTCH INVESTMENT LLC

By: _____/s/ R E Kolka_____
Name: Ronald E. Kolka
Title: President


OLD CARCO DUTCH OPERATING GROUP LLC, formerly known as CHRYSLER DUTCH OPERATING GROUP LLC

By: _____/s/ R E Kolka_____
Name: Ronald E. Kolka
Title: President


OLD CARCO INSTITUTE OF ENGINEERING, formerly known as CHRYSLER INSTITUTE OF ENGINEERING

By: _____/s/ R E Kolka_____
Name: Ronald E. Kolka
Title: President


[Signature Page to Amendment No. 4 to the MTA]

ALPHA HOLDING LP

By:   3217923 NOVA SCOTIA COMPANY

By:   OLD CARCO LLC, formerly known as
      CHRYSLER LLC

By:   _____
      Name: Ronald E. Kolka
      Title: Chief Executive Officer

[Signature Page to Amendment No. 4 to the MTA]