Joshua P. Davis
**JOSH DAVIS LAW FIRM**
1010 Lamar, Suite 200
Houston, Texas 77002
Telephone: (713) 337-4100
Facsimile: (713) 337-4101
josh@thejdfirm.com

*Attorneys for Doris Phillips*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.,* | : | Case No.: 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | **(Jointly Administered)** |
| Debtors. | : | |
| | : | |

------------------------------------------------------------X

**PLAINTIFFS' STATEMENT OF ISSUES**
**AND DESIGNATION OF RECORD ON APPEAL**

Doris Powledge Phillips, f/k/a Doris Powledge, Plaintiff, Individually and as Representative of the Estate of Adam Powledge, deceased, the Estate of Rachel Powledge, deceased, the Estate of Isaac Powledge, deceased, the Estate of Christian Powledge, deceased, and the Estate of Jacob Powledge, deceased (collectively, "**Phillips Plaintiffs**"), submit this Statement of Issues and Designation of Record on Appeal pursuant to Rule 8009(a) of the Federal Rules of Bankruptcy Procedure with respect to their appeal from the Judgment entered by the United States Bankruptcy Court for the

1

Southern District of New York (the "Bankruptcy Court") on June 1, 2015 [ECF No. 13177] (the "Judgment"] and the Decision on Motion to Enforce Sale Order issued on April 15, 2015 [ECF No. 13109] (the "Decision"), and respectfully state as follows:

## STATEMENT OF ISSUES

This appeal by the Phillips Plaintiffs addresses the following issues:

1. Did the Bankruptcy Court err by entering the Judgment barring the assertion of successor liability claims by the Phillips Plaintiffs against New GM?

2. Having prohibited Phillips Plaintiffs' request for discovery related to their non-ignition switch complaint, did the Bankruptcy Court err in including Phillips Plaintiffs in Exhibit "D" as non-ignition switch complaints subject to the Judgment? Unlike the Ignition Switch Plaintiffs, Phillips Plaintiffs did not have the benefit of any stipulated facts related to their complaint and did not reach agreement with any party that no discovery would be conducted in connection with the Four Threshold Issues. Phillips Plaintiffs specifically sought discovery and were denied.

3. Did the Bankruptcy Court err by not providing the Phillips Plaintiffs with the opportunity for further development the factual record with respect to the impact of such matters as non-disclosure, fraud, concealment, lack of good faith, inequitable conduct, and collusion upon the issues of (i) whether the Phillips Plaintiffs were prejudiced by the lack of transparency concerning New GM's purchase of Old GM assets minus liabilities, and (ii) the appropriate remedy for the due process notice violation found by the Bankruptcy Court?

4. Did the Bankruptcy Court err in failing to consider the allegations of New GM's concealment of documents and evidence that tend to support Phillips Plaintiffs' contested claim and that is specific to Phillips Plaintiffs in connection with the entry or enforcement of the Sale Order?

5. Did the Bankruptcy Court err in applying the judicially created doctrine of equitable mootness to this dispute?

6. Assuming the judicially created doctrine of equitable mootness is applicable to matters other than the mootness of timely appeals from orders confirming plans of reorganization or liquidation, whether the doctrine was appropriately applied in this case to deny any meaningful relief to the Phillips Plaintiffs on account of their claims against Old GM?

7. Did the Bankruptcy Court err in including paragraph 13 in the Judgment, applying the Decision and Judgment to all Identified Parties, including non-ignition switch claimants? As worded paragraph 13 contains a Catch-22 for non-ignition switch plaintiffs. The Judgment exceeds the initial scope of Four Threshold Issues originally defined by the Bankruptcy Court for "Subject Vehicles" with the "Ignition Switch Defect." Specifically, because the proceedings in the Bankruptcy Court only addressed the Four Threshold Issues for Subject Vehicles with the Ignition Switch Defect, the requirement in the second sentence of paragraph 13(e) sets a nearly impossible test for Non-Ignition Switch Pre-Closing Accident Plaintiffs to meet. Those suits are to be dismissed (or allegations stricken) unless a No Dismissal Pleading is filed within 17 business days of entry of the Judgment. A like deadline was set for a GUC Trust Asset

3

Pleading to preserve rights to file late claims and seek a recovery from the GUC Trust. If dismissed, the suits are dismissed "with prejudice" and the lawsuit and/or the GUC Trust claim, as applicable, are only reinstated if the Decision and Judgment are reversed on appeal and "the appellate court finds that the Non-Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs can make the allegations, or maintain the lawsuits or claims or causes of action against New GM and/or the GUC Trust heretofore dismissed or stricken pursuant to this Judgment…." But this procedural trigger is not possible because the only issues decided by the Decision relate to the Ignition Switch Pre-Closing Accident Plaintiffs. So there is no basis for the appellate court—or any party to appeal—to address issues on behalf of Non-Ignition Switch Pre-Closing Accident Plaintiffs that were not previously raised below and were specifically excluded by the Bankruptcy Court's Decision. No appellate court will make a finding on a matter that was not part of the proceedings below. Based on the forgoing did the Bankruptcy Court err in entering any rulings that affected Non-Ignition Switch Pre-Closing Accident Plaintiffs and, as such, does paragraph 13 of the Judgment exceed the scope of the proceedings and procedures that the Bankruptcy Court established in its Scheduling Orders? And does the Judgment exceed the findings and rulings the Bankruptcy Court made in its Decision, which nowhere deals with Non-Ignition Switch matters. These issues were more fully described by Mr. William Weintraub in his letter to the Bankruptcy Court dated May 29, 2015 [ECF No. 13172].

## DESIGNATED ITEMS

The Phillips Plaintiffs hereby designate for inclusion in the record on appeal (i) items 1 through 225 designated in the Appellants' Statement of Issues on Appeal and Designation of Items to Be Included in the Record on Appeal [ECF No. 13219], filed by the Ignition Switch Plaintiffs on June 16, 2015, (ii) items 1 and 2 designated in the Ignition Switch Pre-Closing Accident Plaintiffs' Statement of Issues and Designation of Record on Appeal [ECF No. 13236] and (iii) the following additional items:

|    | **Description** | **Docket No.** |
|----|---|---|
| 1. | United States Bankruptcy Court for the Southern District of New York Proof of Claim on behalf of Powledge Plaintiffs, filed November 23, 2009 | |
| 2. | Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction, filed April 21, 2014 | 12620 |
| 3. | Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce this Court's July 5, 2009 Sale Order and Injunction Against Plaintiffs in Pre-Closing Accident Lawsuits | 12807 |
| 4. | Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other than Ignition Switch Actions) | |
| 5. | Motion for Admission to Practice Pro Hac Vice of Joshua P. Davis, filed August 12, 2014 | 12837 |
| 6. | August 14, 2014 Letter to Honorable Robert E. Gerber from Joshua P. Davis on behalf of Powledge Plaintiffs requesting a meeting, filed August 14, 2014 | 12845 |
| 7. | Objection to General Motors LLC's Motion to Enforce, Pursuant to 11 U.S.C. 105 & 363, the Court's July 5, 2009 Sale Order and Injunction Against Plaintiffs in Pre-Closing Accident Law Suits with Exhibits A – F and Certificate of Service, filed August 14, 2014 | 12847 |
| 8. | Endorsed Order Granting Discussion, filed August 15, 2014 | 12849 |
| 9. | August 15, 2014 letter to Honorable Robert E. Gerber from King & Spalding LLP for General Motors LLC responding to Joshua P. Davis's August 14, 2014 letter, filed August 15, 2014 | 12850 |

5

Pg 6 of 8


| | | |
|---|---|---|
| 10. | Endorsed Order Granting Briefing Schedule for Four Threshold Issues, filed August 22, 2014 | 12869 |
| 11. | Order Authorizing Admission Pro Hac Vice of Joshua P. Davis, filed September 12, 2014 | 12894 |
| 12. | Scheduling Order Regarding Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce this Court's July 5, 2009 Sale Order and Injunction Against Palintiffs in Pre-Closing Accident Lawsuits with Exhibit A and Certificate of Service, filed September 15, 2014 | 12897 |
| 13. | Scheduling Order Regarding Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other than Ignition Switch Actions) with Exhibit A and Certificate of Service, filed September 15, 2014 | 12898 |
| 14. | Opening Brief by General Motors LLC on Threshold Issues Concerning its Motions to Enforce the Sale Order and Injunction, filed November 5, 2014 | 12981 |
| 15. | Appendix of Exhibits for Opening Brief by General Motors LLC on Threshold Issues Concerning its Motions to Enforce the Sale Order and Injunction, filed November 5, 2014 | 12982 |
| 16. | Response by General Motors LLC Regarding the Equitable Mootness Threshold Issue with Exhibits A and B and Certificate of Service, filed December 16, 2014 | 13024 |
| 17. | Administrative Order Re Oral Argument and Related Matters, filed January 13, 2015 | 13044 |
| 18. | Reply Brief by General Motors LLC on Threshold Issues Concerning its Motions to Enforce the Sale Order and Injunction with Certificate of Service, filed January 16, 2015 | 13048 |
| 19. | Appendix of Exhibits to Reply Brief by General Motors LLC on Threshold Issues Concerning its Motions to Enforce the Sale Order and Injunction with Exhibits A - J and Certificate of Service, filed January 16, 2015 | 13049 |
| 20. | Notice of Adjourned Hearing, filed January 29, 2015 | 13065 |
| 21. | Plaintiffs' Rule 60(b)(6) Motion for Relief from August 9, 2010 Stipulation and Settlement Resolving Claim No. [44614], or Alternatively, Rule 60(d) Motion to Set Aside with Exhibits 1 – 16 and Certificate of Service, filed on February 2, 2015 | 13071 |
| 22. | Notice of Rescheduled Hearing, filed February 6, 2015 | 13076 |
| 23. | Notice of Matters Scheduled for Hearing on February 17, 2015 at 9:00- a.m. (Eastern Time), filed February 13, 2015 | 13086 |
| 24. | Plaintiffs' First Amended Rule 60(b)(6) Motion for Relief from August 9, 2010 Stipulation and Settlement Resolving Claim No. | 13090 |

|     |     |     |
| --- | --- | --- |
|     | [44614], or Alternatively, Rule 60(d) Motion to Set Aside with Exhibits 1 - 15 and Certificate of Service, filed on February 23, 2015 |     |
| 25. | Plaintiffs' Notice of Hearing, filed February 26, 2015 | 13091 |
| 26. | Decision on Motion to Enforce Sale Order, filed April 15, 2015 | 13109 |
| 27. | Plaintiffs' First Amended Reply to Motors Liquidation GUC Trust and General Motors, LLC's Response to Plaintiffs' First Amended Rule 60(b)(6) Motion for Relief From August 9, 2010 Stipulation and Settlement Resolving Claim No. [44614], or Alternatively, Rule 60(d) Motion to Set Aside with Certificate of Service, filed on April 27, 2015 | 13121 |
| 28. | May 12, 2014 Letter to Judge Gerber enclosing redacted copy of Assignment with Exhibit 1, filed May 12, 2015 | 13142 |
| 29. | Decision re Form of Judgment, filed May 27, 2015 | 13162 |
| 30. | Order re Technical Matters Concerning Judgment, filed May 27, 2015 | 13163 |
| 31. | Judgment, filed June 1, 2015 | 13177 |
| 32. | Order, Pursuant to 28 U.S.C. § 158(d), and Fed.R.Bankr.P. 8006(e), Certifying Judgment for Direct Appeal to Second Circuit, filed June 1, 2015 | 13178 |
| 33. | Decision on Motion for 60(b) Relief (Doris Phillips), filed June 8, 2015 | 13190 |
| 34. | Notice of Settlement of Order on Motion for 60(B) Relief (Doris Phillips), filed June 17, 2015 | 13224 |
| 35. | Memorandum Opinion and Order, filed June 18, 2015 | 13225 |
| 36. | Order on Motion for 60(B) Relief (Doris Phillips), filed June 29, 2015 | 13258 |
| 37. | Plaintiffs' Notice of Appeal with Exhibits A – D and Certificate of Service, filed July 6, 2015 | 13274 |
| 38. | Plaintiffs' Notice of Appeal with Exhibits A – B and Certificate of Service, filed July 10, 2015 | 13287 |
| 39. | February 17, 2015 Hearing Transcript |     |
| 40. | February 18, 2015 Hearing Transcript |     |
| 41. | May 7, 2015 Hearing Transcript |     |

Dated:    July 20, 2015
          New York, New York

Respectfully submitted,

**JOSH DAVIS LAW FIRM**

By: /s/ Joshua P. Davis
      Joshua P. Davis
      SDNY Bar No. JD6110
1010 Lamar, Suite 200
Houston, Texas 77002
T: 713-337-4100
F: 713-337-4101
E: josh@thejdfirm.com

*Attorney-in-Charge for Phillips Plaintiffs*