Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    MOTORS LIQUIDATION COMPANY,        Case No. 09-50026(REG)

8

9          Debtor.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11

12                 U.S. Bankruptcy Court

13                 One Bowling Green

14                 New York, New York

15

16                 July 1, 2015

17                 10:19 AM

18

19

20

21

22

23   B E F O R E :

24   HON ROBERT E. GERBER

25   U.S. BANKRUPTCY JUDGE

Page 2

1    Hearing re:  Motion Filed by Wilmington Trust Company, as

2    GUC Trust Administrator and Trustee, for an Order Granting

3    Authority (A) to Exercise New GM Warrants and Liquidate New

4    GM Common Stock, and (B) to Make Corresponding Amendments to

5    The GUC Trust Agreement

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Dawn South

Page 3

```
 1   A P P E A R A N C E S :

 2   GIBSON, DUNN & CRUTCHER LLP

 3        Attorneys for the GUC Trust Administrator

 4        200 Park Avenue

 5        New York, NY 10166-0193

 6

 7   BY:  KEITH R. MARTORANA, ESQ.

 8        LISA RUBIN, ESQ.

 9

10   BROWN RUDNICK

11        Attorneys for Ignition Switch Plaintiffs and Certain

12        Non-Ignition Switch Plaintiffs

13        Seven Times Square

14        New York, NY 10036

15

16   BY:  HOWARD S. STEEL, ESQ.

17        EDWARD S. WEISFELNER, ESQ.

18

19   GOODWIN PROCTER LLP

20        Attorney for the Plaintiffs

21        The New York Times Building

22        620 Eighth Avenue

23        New York, NY 10018-1405

24

25   BY:  WILLIAM P. WEINTRAUB, ESQ.
```

1    AKIN GUMP STRAUSS HAUER & FELD LLP

2         Attorneys for Participating Unitholders

3         One Bryant Park

4         New York, NY 10036-6745

5

6    BY:  DEBORAH NEWMAN, ESQ.

7         NAOMI MOSS, ESQ.

8

9

10   KING & SPALDING

11        Attorney for New GM

12        1185 Avenue of the Americas

13        New York, NY 10036-4003

14

15   BY:  ARTHUR J. STEINBERG, ESQ.

16

17

18

19

20

21

22

23

24

25

Page 5

1              P R O C E E D I N G S

2          THE COURT:  GM Motors Liquidation.

3          MR. MARTORANA:  Good morning, Your Honor, Keith

4    Martorana of Gibson, Dunn & Crutcher on behalf of Motors

5    Liquidation Company GUC Trust.

6          THE COURT:  Okay.  Mr. Martorana, I know others

7    had filed objections which may have been withdrawn.  Is

8    Mr. Shaw in the courtroom?  I don't see him.  Okay.  And of

9    course there were files by Mr. Weisfelner and Mr. Weintraub.

10   But I gather, Mr. Martorana, that the issues have been

11   narrowed or elongated in some respects?

12         MR. MARTORANA:  Yes, that is correct, Your Honor.

13         As you noted with respect to Dr. Shaw we are

14   prepared to go forward.  That issue has not been resolved.

15         With respect to the responses that are filed by

16   the ignition switch plaintiffs, uncertain non-ignition

17   switch plaintiffs, as well as the joinder that was filed by

18   the pre-closing accident plaintiffs, where we have come out

19   is the following.

20         The plaintiffs -- both sets of plaintiffs withdraw

21   any objection to the relief that the GUC Trust is seeking

22   today, which is the motion to sell the securities and

23   convert them into cash.

24         The affirmative relief sought by the plaintiffs,

25   which is the stay of any future GUC Trust distributions

1    pending the appeal, has been adjourned.

2          We had initially spoken to your chambers and I

3    believe we got July 30th at 9:45, but I understand and I'll

4    let others speak, I understand there may be a request to

5    move that to the following week if your chambers -- if that

6    works for Your Honor.

7          And then in the interim the parties plan to work

8    on a potential global resolution to the plaintiffs' issues

9    with respect to the GUC Trust assets, not involving

10   necessarily New General Motors, this is currently -- we're

11   talking about potential framework for a global resolution

12   between plaintiffs and the GUC Trust.

13         I'll pause there to see if anyone has anything

14   else to say.

15         THE COURT:  Okay.

16         MR. STEEL:  Good morning, Your Honor, Howard

17   Steel, Brown Rudnick, designated counsel to the ignition

18   switch plaintiffs and certain non-ignition switch

19   plaintiffs.

20         Your Honor, we don't disagree with Mr. Martorana's

21   recap.  I think it goes without saying during the

22   intervening period the GUC Trust (indiscernible) agreed that

23   no distributions will be made of GUC Trust assets.

24         MR. MARTORANA:  That's correct, Your Honor.

25         MR. STEEL:  And in terms of scheduling on the

Page 7

1    affirmative request for stay I do think there is a conflict

2    with the July 30th date, and the first or second week of

3    August may be more appropriate given peoples' schedules, if

4    the Court is available.

5            THE COURT:  Okay.  And I take it, Mr. Steel,

6    you're comfortable, as I would be, unless you have an

7    objection, with Mr. Martorana simply having made you the

8    assurance on the record that the GUC Trust is voluntarily

9    going to refrain from making distributions during this

10   period of time?

11           MR. STEEL:  Yes, Your Honor, we're comfortable

12   with his word.

13           THE COURT:  Okay.  And I'm comfortable as well.

14           Anybody else want to be heard?  Mr. Martorana?

15           MR. MARTORANA:  And just to be clear, Your Honor,

16   we will contact your chambers to work on a further adjourned

17   date, but we do want to be back here as soon as possible,

18   because we do want resolution to this issue and the GUC

19   Trust does want to be free to make distributions at some

20   point in the future.  So we'll --

21           THE COURT:  And you're talking about what I'd

22   call, for lack of a better word, a Phase II.

23           Phase I is liquidating the securities and

24   converting them to cash and accomplishing your tax event, if

25   that's not the improper word.

Page 8

1          MR. MARTORANA:  Correct.  No, that we're hoping to

2     get relief on today.

3          THE COURT:  Which I will grant you today given the

4     resolution.

5          And then you're working on Phase II, which would

6     be something that would permit you to get distributions out

7     to your creditors but which is a matter of greater concern

8     to the tort plaintiff community.

9          MR. MARTORANA:  I think that's right.

10         To be clear, Your Honor, during this 30 plus day

11    period the idea is to hopefully work towards a more global

12    resolution of the entire appeal process with respect to GUC

13    Trust assets.  If we cannot reach a resolution during that

14    time, and it's possible that if we come up with a framework

15    that works we may be, you know, seeking to file a motion for

16    a settlement in that respect and further adjourning what is

17    currently scheduled for July 30th.  If we can't, if none of

18    that works out what we want to do is come back on the papers

19    that have already been filed by the plaintiffs and the reply

20    by the GUC Trust to just deal with the issue of a stay

21    pending appeal, and we'd like to be able to present at that

22    time why we don't think a stay pending appeal is

23    appropriate, assuming that we can't reach a more global

24    resolution.

25         THE COURT:  Okay.  Fair enough.

Page 9

1          Now you mentioned the appeal, Mr. Martorana, I

2     know you and Ms. Rubin have some stake in this appeal.  I

3     have the benefit of having Mr. Steinberg and Mr. Weisfelner

4     and Mr. Weintraub here.

5          Your motion is granted under the terms that you

6     propose, Mr. Martorana.  I'm going leave et to you and the

7     others to ascertain how it's best papered and if they can

8     lead to have express reservation of rights in it that's fine

9     with me.

10          While I have everybody here I would just like to

11     get an update of where things stand on the appeal in terms

12     of a motion for leave for appeal before the circuit, which I

13     think is required, but I haven't seen yet, and/or any other

14     filings or whatever.

15          I don't know if you're the best guy to tell me

16     that, Mr. Martorana, I see you have your colleague,

17     Ms. Rubin, here, I see Mr. Weisfelner behind you, we have

18     the whole array of the usual suspects.  So come on up for a

19     second and give me an update guys.

20          MR. MARTORANA:  Could I just ask one

21     clarification, Your Honor, before we move on to that?

22          THE COURT:  Of course.

23          MR. MARTORANA:  We submitted an order, and in fact

24     we submitted a revised proposed order which does -- on a

25     substantive level does really nothing more than enhance the

Page 10

1    flexibility in the sale process for the GUC Trust.

2            My question is obviously we'd like to get that

3    entered as soon as possible.  Would it be okay if we

4    submitted that order and then if others feel strongly about

5    how we deal with the adjournment we could put that on a

6    separate order?  Is that -- would that work?

7            THE COURT:  I want to be sure that I understand

8    what you're asking me to do.

9            You had originally asked for leave to liquidate

10   your securities, which by reason of the narrowness of that

11   request I had always regarded that as a no-brainer.  As I

12   expected the plaintiffs said, well we don't care about your

13   liquidating the securities but we do care about you

14   distributing the proceeds of that securities and we want

15   reservations of rights in the deal that you just announced

16   to me.

17           MR. MARTORANA:  Right.

18           THE COURT:  Now the first half is that what you're

19   talking about in this proposed order?

20           MR. MARTORANA:  That's correct.  The proposed

21   order, and I'll let others speak if they think differently,

22   but the proposed order addresses nothing other than the

23   authority to liquidate the securities.

24           THE COURT:  Okay.  Then I want to invite

25   Mr. Weisfelner or Mr. Steel and Mr. Weintraub to say whether

1    if I give you -- so order the record to say you got full

2    reservation of rights with respect to distributions does

3    that skin the cat or do you want Mr. Martorana's order

4    modified to say that in baby talk in writing?

5              MR. WEISFELNER:  Your Honor, I can't imagine that

6    we care.

7              THE COURT:  Okay.

8              MR. WEISFELNER:  If he wants the order entered the

9    way he wants the order entered so long as the record is so

10   ordered and based on his representations we don't have an

11   issue.

12             THE COURT:  Okay.  Does that meet your needs,

13   Mr. Martorana?

14             MR. MARTORANA:  Yes, it does, Your Honor.

15             THE COURT:  Okay, good.  I'm so ordering the

16   record.  You guys got a full reservation of rights on

17   distributions.

18             MR. MARTORANA:  Thank you, Your Honor.

19             THE COURT:  And I also have your earlier assurance

20   that you gave me on the order as well, Mr. Martorana.

21             MR. MARTORANA:  That's right, Your Honor.

22             THE COURT:  Okay, fair enough.

23             So now I'd like to get an update on the appeal,

24   and while we're at it on the state of the briefing on the

25   appellate motion and anything else that I may need to deal

Page 12

1    with.

2          MR. WEISFELNER:  Your Honor, I think the catch

3    word is a state of confusion, and let me try and unpack

4    that.

5          There were any number of notices of appeal filed

6    with respect to Your Honor's April 15th decision and

7    subsequent judgment.  To the best of my recollection those

8    notices of appeal were filed on behalf of our plaintiffs,

9    Mr. Weintraub's plaintiffs, the Groman (ph) plaintiffs, the

10   GUC, trust, and unitholders, and New GM.

11         In addition we had a notice of appeal filed by

12   Mr. Peller (ph) on behalf of -- I can't remember which of

13   his three or four different clients.

14         UNIDENTIFIED SPEAKER:  Elliott and Susick (ph).

15         MR. WEISFELNER:  Elliott and Susick.

16         Thereafter there was a motion for reconsideration

17   filed by Mr. Peller on behalf of other of his clients.

18         UNIDENTIFIED SPEAKER:  Bledsoe (ph).

19         MR. WEISFELNER:  Bledsoe, thanks.

20         And as far as we all read the rules the filing of

21   the --

22         THE COURT:  This being 8006(g)?

23         MR. WEISFELNER:  Correct.  And I think everyone

24   here shares the same opinion that the filing of the motion

25   for reconsideration in effect puts all of the appellate

                                                            Page 13

1    process into, for lack of a better term, a (indiscernible),

2    and that all the appellate procedures are, for lack of a

3    better term, frozen until such time as the motion for

4    reconsideration is resolved since there is no final order.

5              Nevertheless, Mr. Peller sought to apply to the

6    second circuit to petition the second circuit.  I'm not even

7    sure what his petition requests, because on the one hand he

8    talks about a direct appeal to the second circuit, I think

9    he goes so far as the cite to some of Your Honor's

10   determinations in the decision or judgment with regard to

11   the necessity or propriety of going to the second circuit,

12   but then at the end of his petition Mr. Peller indicates

13   that he has no objection to the matter going to the district

14   court in the first instance.

15             I think Your Honor knows that -- and as a

16   consequence I know that we have filed a motion to intervene

17   in Mr. Peller's petition, which we understood procedurally

18   was required were we to desire as we did to comment on the

19   petition before the second circuit.  I believe our

20   intervention has been successful or is at least pending.

21   As --

22             THE COURT:  Is that -- pause please,

23   Mr. Weisfelner.  Is that considered to be a separate motion

24   that the circuit has to decide to grant or deny leave to

25   intervene so you can then be heard on his motion for leave

Page 14

1    to appeal?

2              MR. WEISFELNER:  I believe that's correct, Your

3    Honor.

4              THE COURT:  Continue.

5              MR. WEISFELNER:  And then we've also substantively

6    responded to the petition, even though it doesn't

7    affirmatively stake out a position on where the appeal ought

8    to go to as between the second circuit and the district

9    court.  We've indicated our views respectfully that

10   notwithstanding Your Honor's certification that we believe

11   the matter is more appropriately addressed in the first

12   instance by the district court.

13             Other than that I believe that New GM as of Monday

14   likewise threw in on the petition, Mr. Steinberg will tell

15   you the procedural posture of New GM's position, but I think

16   as a matter of substance New GM has indicated that it

17   believes that the appellate process ought to proceed in the

18   first instance before the second circuit.

19             There are any number of no strike, no objection

20   GUC Trust related pleadings that have been filed by various

21   of the plaintiffs, including us, following the procedures

22   outlined in the judgment, and by virtue of an omnibus

23   request I believe all of our no strike, no objection GUC

24   Trust pleadings are the subject of an omnibus motion to

25   withdraw the reference, which is currently pending before

Page 15

1    Judge Furman I believe by virtue of assignment.

2           So, I think, Your Honor, what the parties are in

3    effect are waiting for is a resolution of the motion for

4    reconsideration.

5           THE COURT:  And at such time as that motion were

6    decided would that untie the knot in many or all respects?

7           MR. WEISFELNER:  We believe so.

8           THE COURT:  All right.  Let me get other people to

9    comment and tell me whether they have any problems with what

10   you said or they want to supplement it.  Mr. Steinberg.

11          MR. STEINBERG:  Your Honor, I essentially agree

12   with what Mr. Weisfelner has said, but I do want to add a

13   couple other things.

14          One is that I think Mr. Peller was as clear as

15   sometimes he is, but by petitioning the second circuit for a

16   direct appeal he had stated that that was his preferred

17   relief, and that's what he had done.

18          The response on the Bledsoe pleadings, which are

19   the pleadings for reconsideration, are due a week from this

20   coming Friday, and so we will be responding to that

21   reconsideration motion.  I don't know if there's a reply,

22   but then Your Honor will have it in front of you.

23          THE COURT:  Did you stipulate to a right to reply?

24   Because motions for reconsideration don't even require a

25   response by the guy in your position unless the court

Page 16

1    otherwise orders.

2              MR. STEINBERG:  Yeah.  We did not stipulate for a

3    reply.  There is already a draft of the reply, which we'll

4    be filing on a timely basis.  I do think that --

5              THE COURT:  Well, I was saying that Peller's reply

6    to what you submit.

7              MR. STEINBERG:  I'm sorry.  We did not stipulate

8    to Peller's reply, we will be doing a response that will be

9    filed on Friday.

10             THE COURT:  Which is still a week from Friday.

11             MR. STEINBERG:  That's correct.

12             THE COURT:  Okay.

13             MR. STEINBERG:  The other thing, Your Honor, is

14   that I think most sides have filed the designation for the

15   record on appeal and statement of issues on appeal as well,

16   but I do think that when you untie the knot what'll actually

17   happen again is that the notices of appeal and the

18   designations of the record will all happen again, because I

19   think everybody understands the rule to be that once all the

20   argument positions have been solidified and there is

21   actually a judgment for the second circuit to consider

22   that's the real time when people should have been filing the

23   notice of appeal, the designation for the record on appeal,

24   and the certification.  And maybe the parties will agree to

25   accelerate that process because they've already done the

Page 17

1    work, and if Your Honor doesn't touch your decision then I

2    think no one has a changed position on it.  But there is

3    that lag because that -- Mr. Peller's position required the

4    restart and the same time periods again.

5            I will note just to -- the Bledsoe plaintiffs,

6    which are the people who move to reargue, include the

7    Elliotts for a different car.  So Mr. Peller in this case,

8    just like --

9            THE COURT:  What there are two cars?

10           MR. STEINBERG:  They had two cars.

11           THE COURT:  All right.

12           MR. STEINBERG:  So the Elliotts have appealed

13   directly to the second circuit with respect to one car and

14   move to reargue with respect to a different car.

15           THE COURT:  Uh-huh.  Okay.

16           MR. STEINBERG:  And we'll try to explain why we

17   think that happened when we file our reply papers.

18           THE COURT:  Okay.  Ms. Rubin, I gather you have a

19   protective cross-appeal?

20           MS. RUBIN:  Yes, Your Honor.  If I may be heard

21   briefly?

22           THE COURT:  Yes.

23           MS. RUBIN:  Your Honor, just to clarify, you had

24   mentioned earlier the rule that you felt governed the state

25   appellate proceedings while Mr. Peller's motion was pending.

Page 18

1    I understand that's Rule 8002(e), because his motion to

2    amend the judgment is one of the contemplated motions in

3    that rule.

4             In terms of the recitation of the history that

5    Mr. Weisfelner and Mr. Steinberg have given you I have no

6    disagreement with that other than to add a couple of

7    additional items.

8             Tomorrow the GUC Trust and the unitholders will be

9    filing their own cross-petition to the second circuit for

10   direct appeal to the second circuit.  We will largely echo

11   the points made by Mr. Steinberg and New GM in their

12   petition but add some additional points.

13            You are correct to say that our appeal is a

14   conditional cross-appeal.  In the event that the equitable

15   mootness holding is disturbed, vacated, or reversed in any

16   way we have a number of issues that we have indicated in our

17   statements of issues on appeal, which was filed Monday, that

18   we would like to have the circuit hear.

19            The final thing that I would say is that there are

20   two motions to withdraw the reference to Your Honor right

21   now.  One implicates only the California and Arizona

22   actions, known in the judgment as the state actions.  The

23   GUC Trust is obviously not a party to that.

24            With respect to what Mr. Weisfelner called the

25   omnibus motion to withdraw the reference on the other hand

Page 19

1    the GUC Trust asset pleadings are implicated in that and the

2    GUC Trust will want to be heard on that as well.

3              We've been having conversations with Mr.

4    Weisfelner and his team about extending our time to respond

5    to that motion to withdraw the reference before Judge

6    Furman.

7              THE COURT:  Okay.  Anybody have anything further

8    to add?

9              MR. STEINBERG:  I do, Your Honor.

10             Your Honor, you had indicated to us that you'd

11   like to be periodically updated as to what is going on in

12   other courts that may impact what you're doing as well too,

13   so we will be filing tomorrow some of the letters that have

14   been exchanged and sent out last night to Judge Furman

15   relating to briefing issues where there's an ensuing battle

16   as to who will hear what issues between Your Honor and Judge

17   Furman.  So you'll have the full picture of that.

18             THE COURT:  That's helpful, Mr. Steinberg.  As a

19   point of the personal privilege one other thing.

20             I think I observed everything as Mr. Weisfelner

21   and you and Ms. Rubin were explaining it to me, but if you

22   can confirm what you stated to me by weaving it into that

23   letter, to the extent it's not already there, that would be

24   helpful to me.  And since I assume Jesse Furman is copied on

25   these letters I think it'll help him as well.

Page 20

1           MR. STEINBERG:  So we will do -- we will follow

2     the process of whatever letter we're drafting we will

3     coordinate with the people all here today so they can sign

4     off on the letter.  So this will be a joint letter.

5           THE COURT:  I assume it'll be merely repeating

6     what I heard from Mr. Weisfelner and you and Ms. Rubin, but

7     it'll give you a chance to satisfy yourselves that

8     everything you wanted to convey did get conveyed when I

9     didn't give you advanced notice that I'd be asking you this

10    and would also lay it out for both his benefit and mine so

11    we have something to look at very easily to understand

12    what's happening and when.

13          MR. STEINBERG:  Sure.  Thank you, Your Honor.

14          THE COURT:  Thank you.

15          Okay.  Anybody else, anything?

16           All right, thank you very much, folks, have a

17    good day.

18      (Whereupon these proceedings were concluded at 10:40

19    AM)

20

21

22

23

24

25

Page 21

1                              I N D E X

2

3                             RULINGS

4                                                       PAGE

5    Motion Filed by Wilmington Trust Company, as GUC

6    Trust Administrator and Trustee, for an Order

7    Granting Authority (A) to Exercise New GM Warrants

8    and Liquidate New GM Common Stock, and (B) to Make

9    Corresponding Amendments to The GUC Trust Agreement    9, 11

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 22

1                         C E R T I F I C A T I O N

2

3     I, Dawn South, certify that the foregoing transcript is a

4     true and accurate record of the proceedings.

5     Dawn South   Digitally signed by Dawn South
                   DN: cn=Dawn South, o, ou,
                   email=digital1@veritext.com, c=US
6     _____   Date: 2015.07.07 14:55:25 -04'00'

7     Dawn South

8     AAERT Certified Electronic Transcriber CET**D-408

9

10

11

12    Date:  July 7, 2015

13

14

15

16

17

18

19

20

21

22     Veritext Legal Solutions

23     330 Old Country Road

24     Suite 300

25     Mineola, NY 11501