UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
: 
In re: : Chapter 11
MOTORS LIQUIDATION COMPANY, *et al.*, : Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*, :
:
                               Debtors. : (Jointly Administered)
------------------------------------------------------------X

STIPULATION AND AGREED ORDER TOLLING
CERTAIN OF THE IGNITION SWITCH PLAINTIFFS'
NO STRIKE PLEADING WITH REGARD TO THE SECOND
AMENDED CONSOLIDATED COMPLAINT; AND THE NON-IGNITION
SWITCH PLAINTIFFS' (I) OBJECTION PLEADING WITH REGARD TO
THE SECOND AMENDED CONSOLIDATED COMPLAINT AND (II)
GUC TRUST ASSET PLEADING AND THE AMENDED RESERVATION
OF RIGHTS OF CERTAIN NON-ISD PRE-CLOSING ACCIDENT PLAINTIFFS

The Ignition Switch Plaintiffs, certain Non-Ignition Switch Plaintiffs, certain Non-Ignition Switch Pre-Closing Accident Plaintiffs, the GUC Trust, certain participating GUC Trust Unitholders (the "**Unitholders**"), and General Motors LLC ("**New GM**" and together with the Ignition Switch Plaintiffs, Non-Ignition Switch Plaintiffs, Non-Ignition Switch Pre-Closing Accident Plaintiffs, GUC Trust, and Unitholders, the "**Parties**"),[1] by and through their undersigned counsel, enter into this Stipulation and Agreed Order and state:

WHEREAS, on June 1, 2015, the Bankruptcy Court entered its *Judgment* [ECF No. 13177] on New GM's Motions to Enforce;

WHEREAS, the Judgment provides, *inter alia*, that the Ignition Switch Plaintiffs may file, within 17 business days of the Judgment, a "**No Strike Pleading**" if they believe that,

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in this Court's *Judgment*, dated June 1, 2015 [ECF No. 13177] (the "**Judgment**") or In re Motors Liquidation Co., 529 B.R. 510 (Bankr. S.D.N.Y. 2015), as corrected in *Errata Order RE: Decision on Motion to Enforce Sale Order*, dated July 13, 2015 [ECF No. 13290] (the "**Decision**"), as applicable.

1

notwithstanding the Decision and Judgment, a good faith basis exists to maintain that their allegations, claims or causes of action against New GM should not be stricken;

WHEREAS, the Judgment further provides, *inter alia*, that the Non-Ignition Switch Plaintiffs may, within 17 business days of the Judgment, (i) object to the application of the rulings in the Decision and Judgment to them (an "**Objection Pleading**"); or (ii) make a showing of a good faith basis to maintain that, notwithstanding the Decision and Judgment, their claims or causes of action against New GM should not be dismissed or stricken (a "**No Dismissal Pleading**");

WHEREAS, the Judgment further provides, *inter alia*, that the Non-Ignition Switch Plaintiffs and Non-Ignition Switch Pre-Closing Accident Plaintiffs may file, within 17 business days of the Judgment, a "**GUC Trust Asset Pleading**" if they believe that, notwithstanding the Decision and Judgment, a good faith basis exists to believe that any of the GUC Trust Assets may be used to satisfy late proofs of claim filed by them that may ultimately be allowed by the Bankruptcy Court;

WHEREAS, on June 24, 2015, the Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs filed *The Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading* [ECF No. 13247] (the "**Omnibus Judgment Pleading**");

WHEREAS, on June 24, 2015, certain Non-Ignition Switch Pre-Closing Accident Plaintiffs filed an *Amended Reservation of Rights of Certain Non-ISD Pre-Closing Accident Plaintiffs* [ECF No. 13254] with respect to their ability to seek to file late proofs of claim at a

future date and seek recovery on such claims from the assets of the GUC Trust (the "**Non-ISD Pre-Closing Accident Reservation of Rights/GUC Trust Asset Pleading**");

WHEREAS, the original deadline for New GM, the GUC Trust, and the Unitholders to respond to the Omnibus Judgment Pleading was July 20, 2015;

WHEREAS, on July 16, 2015, the Bankruptcy Court so-ordered an extension of the deadline for New GM, the GUC Trust, and the Unitholders to respond to the Omnibus Judgment Pleading until July 23, 2015;

WHEREAS, counsel for the GUC Trust, counsel for the Unitholders, Designated Counsel for the Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs, Designated Counsel for the Ignition Switch Pre-Closing Accident Plaintiffs, and counsel for certain Non-Ignition Switch Pre-Closing Accident Plaintiffs have engaged in preliminary settlement discussions with regard to matters addressed in the GUC Trust Asset Pleading contained in the Omnibus Judgment Pleading and the Non-ISD Pre-Closing Accident Reservation of Rights/GUC Trust Asset Pleading;

WHEREAS, because such settlement negotiations are ongoing and in recognition of the upcoming response deadlines, the Ignition Switch Plaintiffs, Non-Ignition Switch Plaintiffs, Ignition Switch Pre-Closing Accident Plaintiffs, and certain Non-Ignition Switch Pre-Closing Accident Plaintiffs have conferred with the GUC Trust and the Unitholders, and they have agreed that the GUC Trust Asset Pleading within the Omnibus Judgment Pleading should be tolled and the Non-ISD Pre-Closing Accident Reservation of Rights/GUC Trust Asset Pleading should also be tolled (collectively, the "**Tolled Pleadings**");[2] and

---

[2] The tolling of the Tolled Pleadings shall be without prejudice to any Parties' rights with respect to the GUC Trust Asset Pleading within the Omnibus Judgment Pleading and the Non-ISD Pre-Closing Accident Reservation of Rights/GUC Trust Asset Pleading.

3

WHEREAS, New GM does not object to the tolling of the Tolled Pleadings as set forth herein, subject to the agreement by the Parties that any settlement arising from or relating to the Tolled Pleadings be on notice to New GM of not less than seventeen (17) business days' notice, and seeking approval from the appropriate court regarding same.

NOW, THEREFORE, it is stipulated and agreed, by and among the Parties, subject to the approval of the Bankruptcy Court, that:

1. The Tolled Pleadings are tolled as set forth herein;

2. The deadline for New GM to respond to the remainder of the Omnibus Judgment Pleading shall be unchanged and such response shall accordingly be due on July 23, 2015, as so-ordered by this Court on July 16, 2015;

3. The Tolled Pleadings may continue to be prosecuted on written notice to counsel for New GM, the GUC Trust, and the Unitholders; with any responses thereto due within seven (7) business days of such notice;

4. Other than as expressly set forth herein, nothing in this Stipulation and Agreed Order shall be interpreted as allowing the filing of a GUC Trust Asset Pleading beyond the date set in the Judgment; and

5. This Stipulation and Agreed Order may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document. Facsimile signatures or signatures received via e-mail transmission are treated as a binding and original document, and the facsimile signature or e-mail signature of any party is considered an original signature.

Dated: July 23, 2015
      New York, New York

| /s/ Edward S. Weisfelner | /s/ Arthur Steinberg |
|---|---|
| Edward S. Weisfelner | Arthur Steinberg |
| David J. Molton | Scott Davidson |
| May Orenstein | KING & SPALDING LLP |
| Howard S. Steel | 1185 Avenue of the Americas |
| BROWN RUDNICK LLP | New York, New York 10036 |
| 7 Times Square | T: 212-556-2100 |
| New York, New York 10036 | E: asteinberg@kslaw.com |
| T: 212-209-4800 | E: sdavidson@kslaw.com |
| E: eweisfelner@brownrudnick.com | |
| E: dmolton@brownrudnick.com | -and- |
| E: morenstein@brownrudnick.com | |
| E: hsteel@brownrudnick.com | Richard C. Godfrey, P.C. |
| | Andrew B. Bloomer, P.C. |
| -and- | KIRKLAND & ELLIS LLP |
| | 200 North LaSalle |
| Sander L. Esserman | Chicago, Illinois 60654 |
| STUTZMAN, BROMBERG, | T: 312-862-2000 |
| ESSERMAN & PLIFKA, P.C. | E: richard.godfrey@kirkland.com |
| 2323 Bryan Street, Suite 2200 | E: andrew.bloomer@kirkland.com |
| Dallas, Texas 75201 | |
| T: 214-969-4900 | *Counsel for New GM* |
| E: esserman@sbep-law.com | |

*Designated Counsel for Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

/s/ William P. Weintraub
William P. Weintraub
Gregory W. Fox
GOODWIN PROCTOR LLP
The New York Times Bldg.
620 Eighth Avenue
New York, New York 10018
T: 212-813-8800
wweintraub@goodwinproctor.com
gfox@goodwinproctor.com

*Counsel for Certain Non-Ignition Switch Pre-Closing Accident Plaintiffs*

5

| | |
|---|---|
| /s/ Matthew Williams | /s/ Daniel Golden |
| Matthew Williams | Daniel Golden |
| Lisa H. Rubin | Deborah J. Newman |
| Keith R. Martorana | Naomi Moss |
| GIBSON, DUNN & CRUTCHER, LLP | AKIN, GUMP, STRAUSS, HAUER & FELD, LLP |
| 200 Park Avenue | One Bryant Park |
| New York, New York 10166 | New York, New York, 10036 |
| T: 212-351-3845 | T: 212-872-1000 |
| lrubin@gibsondunn.com | dgolden@akingump.com |
| mjwilliams@gibsondunn.com | djnewman@akingump.com |
| aoffenhartz@gibsondunn.com | jdiehl@akingump.com |
| awu@gibsondunn.com | nmoss@akingump.com |
| kmartorana@gibsondunn.com | |
| *Counsel for Wilmington Trust Company, as GUC Trust Administrator and Trustee* | *Counsel for Participating GUC Trust Unitholders* |

**SO ORDERED:**

Dated: July ___, 2015
       New York, New York

                                                                   _____
HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

6