# Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

BENJAMIN W. PILLARS,
as Personal Representative of the Estate of
KATHLEEN ANN PILLARS, deceased,

      Plaintiffs,                  Case No. 1:15-cv-11360-TLL-PTM

v.                                    Hon. Thomas L. Ludington

GENERAL MOTORS LLC,

      Defendant.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR.  (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
 Saginaw, Michigan  48602
(989) 752-1414
vmastromar@aol.com

BOWMAN AND BROOKE LLP
THOMAS P. BRANIGAN (P41774)
Attorneys for Defendant
41000 Woodward Ave., Ste. 200 East
Bloomfield Hills, Michigan 48304
(248)205-3300
thomas.branigan@bowmanandbrooke.com

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL AND AMENDED ANSWER

NOW COMES the Plaintiff, BENJAMIN W. PILLARS, as Personal Representative of the Estate of KATHLEEN ANN PILLARS, deceased, by and through his attorneys, THE MASTROMARCO FIRM, and hereby submits his response to Defendant's motion and requests that this Honorable Court deny Defendant's motion for the reasons as set forth more fully in the brief filed in support of this response.

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: July 21, 2015

By: */s/ Russell C. Babcock*
RUSSELL C. BABCOCK (P57662)
Attorney for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
russellbabcock@aol.com

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

# BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL AND AMENDED ANSWER

## INTRODUCTION

As the Court is aware, the Defendant, after removing the above-captioned case to this Court, filed a motion to stay proceedings before this Court which was granted by this Court on June 12, 2015. See ECF Document No. 14. The Court in its order noted the following:

> **On April 14, 2015, Defendant General Motors LLC removed the case to this Court, claiming that the proceedings are subject to the core jurisdiction of the New York Bankruptcy Court under 28 U.S.C. §§ 157(b) and 1334(b) because the proceedings relate to the interpretation and enforcement of the 2009 Sale Order**. General Motors LLC further indicated that it would apply to transfer the case to the Judicial Multidistrict Litigation Panel ("JMPL") assigned to faulty ignition switch cases in the Southern District of New York.
>
> ***
>
> The parties are therefore currently waiting for a decision from the JMPL on whether this case will be transferred to the MDL.
>
> Because Plaintiff's objection to transfer is still pending before the JMPL, Defendant's motion to stay will be granted. If the JMPL overrules Plaintiff's objection and transfers the case to New York, then any further proceedings here – including Plaintiff's motion to remand will be obviated. **To conserve judicial resources, the most appropriate course of action is to stay the instant case until the JMPL has determined whether the case belongs to the MDL in New York.** (Emphasis added by Plaintiff).

ECF Document No. 14.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

In what appears to be an attempt at circumventing this Court's stay order, the Defendant has improperly filed a motion seeking to amend certain pleadings following an adverse outcome in the United States Bankruptcy Court for the Southern District of New York. (Hearing Transcript – **Exhibit 1**).[1] No effort was made by the Defendant to have the stay before this Court lifted prior to the filing of the pending motion even though the Judicial Multidistrict Litigation Panel has not yet issued its decision which was, in part, the purpose of the stay issued by this Court.

## DISCUSSION

Contrary to the representations contained within Defendant's motion, on Thursday, July 16, 2015, the Honorable Robert E. Gerber, United States Bankruptcy Judge for the Southern District of New York, issued his ruling from the bench unequivocally concluding that the Defendant was bound by the judicial admissions contained within its answer to Plaintiff's amended complaint along with the admissions contained within its notice of removal. (Hearing Transcript pgs. 24-29 – **Exhibit 1**). Based upon Defendant's admissions, Judge Gerber

---

[1] The attached hearing transcript is twenty-nine (29) pages in length. At the conclusion of oral arguments and after the bankruptcy court's ruling, the bankruptcy court took up an unrelated procedural matter involving the GM bankruptcy. The matter did not pertain to Plaintiff's pleadings and that portion of the transcript has not been attached to this response.

Page 4 of 15

concluded the Plaintiff's pending lawsuit can proceed against the Defendant. (Hearing Transcript pgs. 24-29 – **Exhibit 1**).

Specifically, Judge Gerber concluded at the end of oral arguments that Defendant admitted in its pleadings, for the above-captioned case only, that the death of the decedent which occurred after July 10, 2009, was an assumed liability of the Defendant. (Hearing Transcript pgs. 24-29 – **Exhibit 1**). Accordingly, Judge Gerber lifted the bankruptcy stay so that Plaintiff's claims against the Defendant can proceed. (Hearing Transcript pgs. 24-29 – **Exhibit 1**).

On Friday, July 17, 2015, the Defendant filed its motion to amend which now seeks to have this Court circumvent the bankruptcy court's rulings. Contrary to Defendant's assertions, Judge Gerber has already considered and rejected Defendant's argument that it should now be excused from its earlier admissions because of the purported mistake made by its attorneys. (Hearing Transcript pgs. 24-29 – **Exhibit 1**). Judge Gerber noted, in part, that Defendant had done nothing to correct the purported errors contained within its pleadings prior to the July 16, 2015, hearing and specifically refused to entertain Defendant's request for a rehearing after his ruling was rendered. (Hearing Transcript pgs. 24-29 – **Exhibit 1**). The following excerpts from Judge Gerber's opinion illustrate the findings by the bankruptcy court:

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

**Obviously GM has the ability to ensure that its counsel do their jobs and it's not too much to hold GM for the consequences of what it's counsel who is plainly an agent did.**

\*\*\*

**So I'm going to allow this lawsuit to proceed, and I'm going to state a couple of things for the avoidance of doubt, although they should be obvious. One is I reiterate for the 900th time that I have subject matter jurisdiction over this dispute.** As is apparent from everything that I've said, this applies only to this particular judicial admission in this particular wrongful death case, and has no bearing on anything that I ruled on April 15th or on the Cary Cutler (phonetic) matters [indiscernable]. **It does however, mean that New GM has to defend this wrongful death case. And if it doesn't like defending wrongful death cases when its local counsel admit things that maybe they shouldn't have been admitted to, it should supervise its counsel more carefully.**

\*\*\*

MR. STEINBERG:   Your Honor, will we have, can we have the opportunity to make a submission, and I don't know whether this is true or not, I would need to verify that at the time to answer or amend, we had a right to amend the answer, that this is not a judicial admission to give further briefing.

THE COURT:  **There was plenty of time to focus on these issues before today. That's my ruling.**

MR. STEINBERG:  All right.

THE COURT:  **Mr. Steinberg, I have a zillion things on my watch and I have to rely on lawyers dealing with issues in a timely way. We can't have do-overs after I've ruled. I had the same issue with a motion for rearguments now which is in substance a do-over after I've ruled, I'm not going to invite even more stuff of that character.** (Emphasis added by Plaintiff).

(Hearing Transcript pgs. 27-29 – **Exhibit 1**).

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Judge Gerber's conclusion that Defendant is bound by the admissions contained within its answer and notice of removal is consistent with the prevailing case law. As the Court is aware, a party is bound by the judicial admissions made by its attorneys in its pleadings. The Sixth Circuit has discussed the dispositive effect of judicial admissions:

> Judicial admissions "eliminate the need for evidence on the subject matter of the admission," as admitted facts are no longer at issue. Seven-Up Bottling Co. v. Seven-Up Co., 420 F.Supp. 1246, 1251 (E.D.Mo.1976), aff'd, 561 F.2d 1275 (8th Cir.1977). Once made, the subject matter of the admission should not be reopened in the absence of a showing of exceptional circumstances. New Amsterdam Casualty Co. v. Waller, 323 F.2d 20, 24 (4th Cir.1963), cert. denied, 376 U.S. 963, 84 S.Ct. 1124, 11 L.Ed.2d 981 (1964). This court has observed that "[u]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." Brown v. Tennessee Gas Pipeline Co., 623 F.2d 450, 454 (6th Cir.1980) (citations omitted). Not only are such admissions and stipulations binding before the trial court, but they are binding on appeal as well. See, e.g., Glick v. White Motor Co., 458 F.2d 1287, 1291 (3d Cir.1972).

Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc., 780 F.2d 549, 550-51 (6th Cir. 1986).

> Judicial admissions, on the other hand, are formal admissions in the pleadings of a present action, "which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." In re Fordson Eng' Corp., 25 B.R. 506, 509 (Bankr.E.D.Mich.1982). "[U]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." Ferguson v. Neighborhood Hous. Servs., Inc., 780 F.2d 549, 551 (6th Cir.1986) (citation and quotation marks omitted). "Not only are such admissions and stipulations binding before the trial court, but they are binding on appeal as well." Id. (citation omitted).

Cadle Co. II v. Gasbusters Prod. I Ltd. P'ship, 441 F. App'x 310, 312-13 (6th Cir. 2011).

Again, Judge Gerber concluded at the end of oral arguments that Defendant admitted in its pleadings, for the above-captioned case only, that the death of the decedent which occurred after July 10, 2009, was an assumed liability of the Defendant. (Hearing Transcript pgs. 24-29 – **Exhibit 1**). Furthermore, Judge Gerber has already considered and rejected Defendant's argument that it should now be excused from its earlier admissions. (Hearing Transcript pgs. 27-29 – **Exhibit 1**). It is respectfully submitted that Judge Gerber's ruling has become the law of this case:

> Under the law-of-the-case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. See United States v. Moored, 38 F.3d 1419, 1421 (6th Cir.1994). The doctrine also bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but were not. See United States v. Adesida, 129 F.3d 846, 849–50 (6th Cir.1997) (citation omitted).

Rouse v. DaimlerChrysler Corp., 300 F.3d 711, 715 (6th Cir. 2002).

If the Defendant is dissatisfied with Judge Gerber's decision, the mechanism is for the Defendant to appeal Judge Gerber's decision to the United States District Court for the Southern District of New York:

> If New GM really wants to appeal this, I reserve the right to issue a written opinion. But as you all well know, I've got so many things beyond that to deal with in GM and for that matter other cases on my watch, that I'm not going to write on this unless I need to.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

(Hearing Transcript pgs. 28 – **Exhibit 1**).

An appeal has not been filed by the Defendant. Instead, the Defendant has filed its motion with this Court. Defense Counsel, in an e-mail to the undersigned, acknowledged Defendant's plan to utilize this Court as a means of forcing Judge Gerber to revisit his earlier ruling:

> **New GM intends to appeal Judge Gerber's ruling in Pillars, unless he reconsiders it, in light of the proceeding referred to in the next paragraph.** [The proceeding referred to by defense counsel is the pending motion to amend before this Court.]
>
> ***
>
> [The next paragraph to the e-mail states in part.] **If the Michigan District Court grants New GM's Motion to Amend, New GM will ask Judge Gerber to reconsider his ruling.**

(7/21/15 e-mail – **Exhibit 11**).

Again, Judge Gerber has already ruled and provided notice to the Defendant that his decision is final:

> MR. STEINBERG:  Your Honor, will we have, can we have the opportunity to make a submission, and I don't know whether this is true or not, I would need to verify that at the time to answer or amend, we had a right to amend the answer, that this is not a judicial admission to give further briefing.
>
> THE COURT:  **There was plenty of time to focus on these issues before today. That's my ruling.**
>
> MR. STEINBERG:  All right.

THE COURT:  **Mr. Steinberg, I have a zillion things on my watch and I have to rely on lawyers dealing with issues in a timely way. We can't have do-overs after I've ruled. I had the same issue with a motion for rearguments now which is in substance a do-over after I've ruled, I'm not going to invite even more stuff of that character.** (Emphasis added by Plaintiff).

(Hearing Transcript pgs. 27-29 – **Exhibit 1**).

It is respectfully submitted that the Defendant is attempting to avoid the bankruptcy court ruling by attempting to obtain a ruling from this Court on an issue which has already been decided by the bankruptcy court. The bankruptcy court has concluded that Defendant's judicial admissions are dispositive and has rejected Defendant's request for a rehearing. (Hearing Transcript pgs. 27-29 – **Exhibit 1**). Indeed, the Defendant did not provide a copy of Judge Gerber's opinion to its motion to amend.

The Defendant has previously acknowledged, as a basis for its removal of Plaintiff's state claims to this Court, that the bankruptcy court was the Court which has jurisdiction to decide the issue of whether or not Defendant assumed the liability regarding Plaintiff's claims. The bankruptcy court has now issued its ruling in favor of the Plaintiff.

Indeed, Judge Gerber's refusal to give Defendant a "second bite at the apple" is supported by the procedural history. As shown below, the Defendant failed to take any action to correct the purported mistakes appearing in its answer to the amended complaint and in its notice of removal in the months leading up to

Page 10 of 15

2:25-cv-1380-TLF-PM    Doc #: 1    Filed 07/21/15    Pg 11 of 15   Pg ID 800

the bankruptcy hearing despite the existence of clear (and repeated) notice as illustrated below:

- **April 14, 2015** – Defendant filed notice of removal with the admissions at issue;

- **May 5, 2015** – Defendant filed its answer to Plaintiff's amended complaint with the admissions at issue;

- **May 6, 2015 –** Plaintiff filed a motion for remand with this Court pointing out Defendant's admissions in the notice of removal along with the legal effect of said admissions on pages seven and eight of Plaintiff's motion. (**Exhibit 2**);

- **May 16, 2015** – Plaintiff filed a motion to vacate a conditional transfer order before the Multi-District Judicial Panel pointing out Defendant's admissions in the notice of removal along with the legal effect of said admissions on pages five and six of Plaintiff's motion. (**Exhibit 3**);[2]

- **May 28, 2015** – Plaintiff filed a no stay pleading in the bankruptcy court again pointing out Defendant's admissions in the notice of removal <u>and</u> in Defendant's answer along with the legal effect of said admissions on pages four and five of Plaintiff's bankruptcy submission. (**Exhibit 4**);[3]

- **June 4, 2015 -** Plaintiff filed a reply to his motion to vacate before the Multi-District Judicial Panel again pointing out Defendant's admissions in the notice of removal <u>and</u> in Defendant's answer along with the legal effect of said admissions on page two of Plaintiff's reply. (**Exhibit 5**);

- **June 9, 2015** – Plaintiff filed a response to Defendant's motion for stay again pointing out Defendant's admissions in the notice of removal <u>and</u> in Defendant's answer along with the legal

---

[2] The multidistrict litigation docket sheets are attached as **Exhibit 9**.
[3] The bankruptcy court docket sheets are attached as **Exhibit 10**.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

effect of said admissions on page four of Plaintiff's response. (**Exhibit 6**);

- **June 23, 2015** - Plaintiff filed an objection pleading in the bankruptcy court again pointing out Defendant's admissions in the notice of removal <u>and</u> in Defendant's answer along with the legal effect of said admissions on page five of Plaintiff's bankruptcy submission. (**Exhibit 7**);

- **June 23, 2015** – Plaintiff also filed a no dismissal pleading in the bankruptcy court again pointing out Defendant's admissions in the notice of removal <u>and</u> in Defendant's answer along with the legal effect of said admissions on page five of Plaintiff's bankruptcy submission. (**Exhibit 8**);

- **July 16, 2015** – Bankruptcy hearing & ruling. (**Exhibit 1**);

- **July 17, 2015** – Defendant's motion to amend pleadings.

Accordingly, Judge Gerber had ample reason to side with the Plaintiff. On at least seven (7) separate occasions in at least three (3) different forums over a period of almost three (3) months, the Plaintiff gave Defendant notice of its admissions along with the legal consequences of said admissions. Instead of addressing Plaintiff's argument regarding its admissions and attempt to correct its purported errors in the months leading up to the July 16, 2015, bankruptcy hearing, the Defendant chose to proceed with the hearing before the bankruptcy court. (Hearing Transcript – **Exhibit 1**).

The bankruptcy court noted the fact that Defendant provided little explanation for its actions leading up to the hearing along with the consequences of

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

said actions during its questioning of defense counsel during the hearing notwithstanding the fact that defense counsel was well aware of the purported mistake as illustrated by defense counsel's comments on the record. (Hearing Transcript pgs. 16-19 – **Exhibit 1**). The process of amending pleadings was discussed at the hearing. (Hearing Transcript pgs. 17-18 – **Exhibit 1**). As noted by a reading of this portion of the hearing transcript, the bankruptcy court expressly addressed the admissions and why they were binding upon the Defendant. (Hearing Transcript pgs. 16-19 – **Exhibit 1**). It was only after the bankruptcy sided with the Plaintiff that the Defendant for the first time sought to "correct" its answer and its notice of removal.

There is no excuse for Defendant's purported mistake and there is also no excuse for its failure to take action to challenge its admissions before the bankruptcy hearing. The Plaintiff will be unfairly prejudiced in a substantial manner if the relief sought by the Defendant is granted. Defendant should be precluded from doing so at this late date after the bankruptcy court has already issued its ruling.

## CONCLUSION

As such and as set forth more fully in the above-mentioned paragraphs, the Plaintiff respectfully requests that the Court deny Defendant's motion.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: July 21, 2015        By: */s/ Russell C. Babcock*
                                        RUSSELL C. BABCOCK (P57662)
                                        Attorney for Plaintiff
                                        1024 N. Michigan Avenue
                                        Saginaw, Michigan 48602
                                        (989) 752-1414
                                        russellbabcock@aol.com

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

### PROOF OF SERVICE

  I hereby certify that on **July 21, 2015**, I presented the foregoing papers to the Clerk of the Court for the filing and uploading to the CM/ECF system, which will send notification of such filing to the following: **Andrew Baker Bloomer & Thomas P. Branigan**.

Dated: <u>July 21, 2015</u>     By: */s/ Russell C. Babcock*
             RUSSELL C. BABCOCK (P57662)
             Attorney for Plaintiff
             1024 N. Michigan Avenue
             Saginaw, Michigan 48602
             (989) 752-1414
             russellbabcock@aol.com

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

BENJAMIN W. PILLARS,
as Personal Representative of the Estate of
KATHLEEN ANN PILLARS, deceased,

      Plaintiffs,                         Case No. 1:15-cv-11360-TLL-PTM

v.                                            Hon. Thomas L. Ludington

GENERAL MOTORS LLC,

      Defendant.

_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR.  (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
 Saginaw, Michigan  48602
(989) 752-1414
vmastromar@aol.com

BOWMAN AND BROOKE LLP
THOMAS P. BRANIGAN (P41774)
Attorneys for Defendant
41000 Woodward Ave., Ste. 200 East
Bloomfield Hills, Michigan 48304
(248)205-3300
thomas.branigan@bowmanandbrooke.com

_____/

## EXHIBIT INDEX – PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL AND AMENDED ANSWER

| Exhibit 1 | Transcript 7-16-15 |
|-----------|--------------------|
| Exhibit 2 | Plaintiff's Motion for Remand to Bay County Circuit Court |
| Exhibit 3 | Brief in Support of Plaintiff's Motion to Vacate Conditional Transfer Order – 38 |
| Exhibit 4 | Benjamin Pillar's No Stay Pleading |
| Exhibit 5 | Brief in Support of Plaintiff's Reply to New GM's Response to Plaintiff's Motion to Vacate Conditional Transfer Order – 38 and Supporting Brief |
| Exhibit 6 | Plaintiff's Response to Defendant's Motion to Stay |
| Exhibit 7 | Benjamin Pillars Objection Pleading |
| Exhibit 8 | Benjamin Pillars No Dismissal Pleading |
| Exhibit 9 | Civil Docket Sheets – Judicial Panel on Multi District Litigation |
| Exhibit 10 | Civil Docket Sheets for U.S. Bankruptcy Court |
| Exhibit 11 | July 21, 2015 e-mail |

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 09-50026-LAS

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

5    In the Matter of:

6    MOTORS LIQUIDATION COMPANY

7              Debtor.

8    - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

9                          United States Bankruptcy Court

10                         One Bowling Green

11                         New York, New York  10004-1408

12

13                         July 16, 2015

14                         9:48 AM

15

16

17

18

19

20

21

22   B E F O R E:

23   HONORABLE ROBERT E. GERBER

24   U.S. BANKRUPTCY JUDGE

25   ECRO:  K. HARRIS

PLAINTIFF'S
EXHIBIT
_____

1    Hearing Re:  No Stay Pleading

2

3    Hearing Re:  Motion to Strike Certain Documents Contained in

4    Appellants' Designation of Items to be Included in the Record

5    on Appeal

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Theresa Pullan

1    A P P E A R A N C E S :

2

3    KING & SPALDING

4         Attorneys for General Motors

5         1185 Avenue of the Americas

6         New York, NY  10036-2601

7    BY:  ARTHUR STEINBERG, ESQ.

8

9    THE MASTROMARCO FIRM

10        Attorneys for the Estate of Kathleen Pillars

11   BY:  RUSSELL C. BABCOCK, ESQ.

12

13   AKIN GUMP

14        Attorneys for General Motors

15        One Bryant Park

16        New York, NY  10036-6745

17   BY:  DEBORAH NEWMAN, ESQ.

18

19   GIBSON DUNN

20        Attorney for Motors Liquidation Company GUC Trust

21        200 Park Avenue

22        New York, NY  10166-0193

23   BY:  KEITH R. MARTORANA, ESQ.

24

25   MR. WEISFELNER

P R O C E E D I N G S

1

2          THE COURT:  I want to get appearances, and then I

3   have some comments.

4          MR. BABCOCK:  Good morning, Your Honor, Russell

5   Babcock, I'm here on behalf of the estate of Kathleen Pillars.

6          THE COURT:  Mr. Babcock that is.

7          MR. BABCOCK:  Yes.

8          THE COURT:  Okay.  I thought I saw a different name

9   on the papers, Mr. Babcock.

10         MR. BABCOCK:  Yes, Mr. Markell is a lawyer, while he

11  is a partner of the firm I am employed with, I filed an

12  appearance too so I could argue the motion today.

13         THE COURT:  Okay, sure.  Mr. Steinberg.

14         MR. STEINBERG:  On behalf of the New General Motors,

15  and I'm with Mr. Davidson.

16         THE COURT:  Okay.  Folks, you don't need me to tell

17  you about the similarities between this case and Deutsch.  But

18  there is a twist in it that I need you to address which neither

19  of you dealt with as directly as I would have liked in the

20  papers.

21         Mr. Babcock, Mr. Mastramarcos's brief recognized my

22  earlier ruling in Deutsch which is quite obviously directly on

23  point.  And he tried to get around that, not by saying that

24  Deutsch was improperly decided, but relied on a different kind

25  of argument, although he didn't use what I would have thought

1    would be the right words to describe it.

2            The premise was that because whoever had filed the

3    removal petition in the answer in the State Court action which

4    I think was Michigan, certainly wasn't in this district, had

5    relied on the earlier version of the sale agreement.  We had

6    apparently said execution copy, but was amended by our first

7    amended filed on June 30th, 2009, that this might be an

8    occurrence even though I had moved in Deutsch that the death of

9    a victim after a car wreck wasn't either an accident or an

10   incident.  But you didn't flesh out the law of, didn't mention

11   the key words, judicial estoppel, trying to rely on some kind

12   of admission.

13           And it seems to me in essence what you and Mr.

14   Mastramarco are asking me to do is to rely on a wrong version

15   of the sale agreement.  I got a couple of problems with that:

16   a) I didn't know how a guy in my position could responsibly

17   rely on what he knows to be the wrong agreement, and as a

18   matter of Second Circuit law, thought it's not unique to the

19   Second Circuit because the Supreme Court has said it as well.

20   To make out judicial estoppel, you need to have a couple of

21   things: one is materially different statements, and second,

22   reliance by the tribunal on the statement by the opponent.

23           New GM used the wrong language as far as I can tell.

24   I will allow Mr. Steinberg to be heard if he wants to correct

25   me on that, but it wasn't materially wrong at least at the

```
 1   time, and more importantly, there's no reliance by me on that,

 2   and then third, of course, what the agreement says is the

 3   evidence of what it says, not what a lawyer says about what the

 4   agreement says.  So I need help from you on that.

 5              Conversely, Mr. Steinberg, I'll need some help from

 6   you as to why either [indiscernible] there seemed to be

 7   reliance on the old language rather than the new, and why the

 8   issue that I just articulated wasn't raised.  Once I rely on

 9   the proper language in the agreement, and I got to tell you Mr.

10   Babcock that I think you'd have to throw a Hail Mary to

11   convince me that I should rely on the wrong language.  So you

12   can tell me whether you think Deutsch was wrongly decided, and

13   materially wrongly decided being mindful of what I said in

14   quite a number of published decisions, that the interest of

15   predictability in the Southern District of New York is of great

16   importance and that the absence of manifest error I follow the

17   decisions, I follow bankruptcy Judges in this district and of

18   course I follow my own.

19              So strictly speaking, it's your motion, Mr. Babcock,

20   so I'll hear from you first, and then Mr. Steinberg with the

21   usual reply.

22              MR. BABCOCK:  Your Honor, Russell Babcock here on

23   behalf of the estate of Kathleen Pillars.  I guess the problem

24   as we see it from the New GM's perspective is that parties can

25   and do quite often waive defenses or arguments that they may
```

1    otherwise have.  Why do I think that's important here?  Your

2    Honor, there has been no evidence to suggest that this was an

3    error on the part of New GM.  New GM like anyone can take on

4    whatever obligations they want to.  If they want to rely on

5    different contractual language they can do so.  And in fact,

6    that takes it outside the purview.  We're not asking the Court

7    here to make any changes to its rulings as to these, as to the

8    subsequent agreements.  We're saying that New General Motors

9    has made admissions, in fact they've even used the words

10   admissions in their complaint, and not just once, Your Honor,

11   in paragraph 17, but I mean paragraphs 22, 27, 29, 31 through

12   34, 36, 37, 39 through 44, 46 and onward.  There's at least 40

13   times where they make the same admission or incorporate the

14   same admission I should say.

15            And for them to come in here, and this case as Your

16   Honor pointed out was an Eastern District of Michigan under

17   Sixth Circuit rules courts, parties are bound by the statements

18   of their attorneys and especially in the context of pleadings.

19   As Your Honor is well aware of Federal Rules of Civil

20   Procedure, when you answer a complaint you either make a denial

21   or an admission.  In this case they made an admission, and not

22   only that but they made it in the notice as well.  There's been

23   no authority cited by New GM which disputes what I've just

24   said.  They say we didn't really mean it.  That's not

25   authority, that's an unsupported assertion.

1        And then, Your Honor, I guess with regards to the,

2   and I guess I want to make sure we flush out the Deutsch

3   opinion.  There is a couple of key language that appeared in

4   the subsequent version that I think is important, besides the

5   fact that it did not have or other distinct and discrete

6   occurrences which the court noted in its opinion.  Also in the

7   version that New GM is not relying upon in this particular

8   context, in this particular case, it doesn't have the first

9   occurring language which also the Court found important in the

10  Deutsch opinion as well.

11        THE COURT:  Doesn't first occurring appear in both

12  versions?

13        MR. BABCOCK:  Not in the excerpt that they've, well

14  see they did quote the language they're relying on in their

15  answer.  And in fact if you look at paragraph, page 4 to

16  exhibit 2 to their notice of removal, they quote the language

17  that they're standing --

18        THE COURT:  My bundle doesn't include that document.

19  Can you hand up what you're making reference to after showing

20  it to Mr. Steinberg?

21        MR. BABCOCK:  Sure, I can hand you this document,

22  Your Honor.

23        THE COURT:  And this is from the removal petition?

24        MR. BABCOCK:  Yeah, it's from the removal.  May I

25  approach the bench, Your Honor?

Page 9

1          THE COURT:  Yes sir.

2          MR. BABCOCK:  Okay.  That language is from the page 4

3     of the notice of removal.  And as Your Honor can see, the

4     language that they're representing to the District Court of the

5     Eastern District of Michigan is this is what controls the

6     situation from our perspective.  And --

7          THE COURT:  Give me a second to reach it.  Was

8     withdrawn by a Thomas P. Branigan of Bowman and Brook in

9     Bloomfield Hills, Michigan, attorney for New GM.

10         MR. BABCOCK:  And I believe Your Honor --

11         THE COURT:  Do you need this back?

12         MR. BABCOCK:  I was going to reference it, Your

13    Honor.  I can get -- all right.  And again, Your Honor, if you

14    don't have, I apologize if you didn't get these documents, Your

15    Honor.  And again, Your Honor, in paragraph 17 to the answer to

16    our amended complaint, now, that was marked I believe -- hold

17    one second here -- as exhibit 4 to our pleading, I don't know

18    if Your Honor has that as well.  It says here, and I think it's

19    the same language.  It says:  all liabilities to third parties

20    for death, personal injury or other injury to persons or damage

21    to property caused by motor vehicles designed for operation on

22    public roadways or by the component parts of such motor

23    vehicles and, in each case, manufactured, sold, or delivered by

24    sellers (collectively) "product liabilities" which arise

25    directly out of accidents, incidents -- excuse me -- accidents,

1     incidents or other and discrete occurrences that happened or

2     after the closing date, July 10, 2009 and arise from such --

3              THE COURT:  What are you reading from, Mr. Babcock?

4              MR. BABCOCK:  I'm reading from, this is the quote

5     from paragraph 17 to New GM's answer to the amended complaint.

6     And again, and arise from such motor vehicles' operation or

7     performance.  That's the language, Your Honor, that New GM

8     represented to the District Court for the Eastern District, not

9     once but on two separate occasions, two separate pleadings.

10             And when Your Honor considers the fact that they

11    acknowledge in paragraph 17 that this is what they state, GM

12    LLC admits it ultimately did assume certain liabilities,

13    including the following as provided in section 2.3 (a)(ix) of

14    sale agreement.  That's where the quote that I just read you

15    comes from.  That's what they're relying upon, and that was

16    from attorney Tomas Branigan from Bowman and Brook LLP on

17    behalf of New General Motors.

18             So, Your Honor, the reason we're here, and this is

19    kind of, I mean I'm not aware of any other case where New GM

20    decided to take this approach.  This is a situation where in

21    the context of this case, New General Motors made a decision to

22    take a certain position, and as we've pointed out in responding

23    to that position, the language that they're relying upon

24    provides broader liability and explore to New GM in the case

25    which covers, in the case of my client's claim at least than

1   what may or may not have been accomplished in subsequent

2   agreements, but they're not relying on the subsequent

3   agreements in the case before the United States District Court

4   Eastern District of Michigan which is where this case was

5   removed by New GM.

6          So, Your Honor, we cited Sixth Circuit cases that

7   would explain why the Court in that case in that venue would,

8   why those statements are dispositive to New GM.  There's been

9   no authority cited to the contrary.  And then in --

10         THE COURT:  Do I have the Sixth Circuit rule that

11  you're relying on in the record?

12         MR. BABCOCK:  Basically the Federal Rule of Civil

13  Procedure Rule of pleading plus the two cases I was talking

14  about, the two cases talking, which are Barnes and the McDonald

15  opinions which appear in that no state pleading, and we cite to

16  them.  On page 4 of our brief, Barnes vs. Owens Corning Fiber

17  Glass Corporation which is 201 F.3d 815 and page 829 is

18  referenced specifically as the Sixth Circuit 2000 opinion.

19  There's another one, McDonald vs. General Motors Corporation,

20  110 F.3d 337, 340 Sixth Circuit 1997.  Again talking about the

21  impact of admissions made by attorneys or defendants of parties

22  in the course of litigation.

23         And again, Your Honor there's been no authority cited

24  by New GM that disputes that.  They say we don't really mean

25  it.  I take it as simply being buyer's remorse on their part

1    now that they, that the consequences of their position has

2    become apparent now more willing to consider the impact to

3    there is any form their opinion with regard to this Court's

4    ruling rather than their own admissions earlier on.

5         THE COURT:  Mr. Babcock, did the Pillars family file

6    a claim against Old GM where its trust, back in the time when

7    claims could still be filed?

8         MR. BABCOCK:  Your Honor, that's the tragedy of the

9    situation.  My client was in an automobile, the estate, the

10   decedent was in an automobile accident in 2005.  She was in a,

11   she was incapacitated until her death in 2000, I believe it was

12   in 2012, Your Honor.  And an estate was formed back in 2014.

13        THE COURT:  Was there any kind of guardian or

14   anything appointed for her in the time between the wreck and

15   the time of her passing?

16        MR. BABCOCK:  Not to my knowledge, Your Honor.  In

17   fact, the appointment took place in 2014.  She had a, she had

18   a, she was married at the time of the accident, and she was

19   being taken care for in basically a vegetative state from my

20   understanding at least up to the point of her death.  And so

21   that's what, and so that's what I think is the most, the tragic

22   part about all this.  New GM wants to be excused for its

23   conduct and its statements and its actions it's made in front

24   of Federal District Court in Michigan.  But yet they want to

25   penalize my client for something that they did when they did

```
 1    nothing wrong.  They were accused of, the decedent was a victim

 2    of a car accident.  Her wrongful death did not occur until

 3    2012.  A wrongful death statute claim could not have been

 4    brought until her death, it goes without saying, and thus New

 5    GM is saying sorry, you're out of luck.  And but yet they want

 6    this Court, to come in here and say on the other hand what we

 7    say and what we do doesn't matter.  And that is where, that's

 8    where -- again, this is not going to have any impact on the

 9    ruling from this Court today on this issue that we're bringing

10    to the Court's attention, will have no impact on the bankruptcy

11    estate.  In fact, quite the contrary, New GM's agreed to take

12    on the additional liability which might otherwise went to the

13    old bankruptcy.

14         THE COURT:  Well you're not pressing that

15    jurisdictional argument that I rejected I don't know how many

16    times in the cases that that lawyer Gary Peller brought.

17    You're simply saying that letting your client bring a wrongful

18    death case against New GM isn't that big a deal?

19         MR. BABCOCK:  Because this is just one case, Your

20    Honor.  This is, the admissions that they made in this

21    particular case, the position that they took in this particular

22    case involves only this particular case.  It does not involve

23    or require this Court to make any adjustments to any of its

24    earlier rulings because --

25         THE COURT:  I understand.
```

1          MR. BABCOCK:  Yeah, so that's kind of where we're

2     coming from, Your Honor.  And again I think it's also

3     important, that the defendant, that New GM I should say doesn't

4     provide any explanation as to this additional changed language,

5     the occurrence language that we already quoted.  The fact that

6     there is no first occurrence language in the portion that

7     they're relying upon, the United States District Court Eastern

8     District of Michigan, none of that is being challenged.  They

9     haven't said that we're not correct on our interpretation of

10    that occurrence and or the fact that it says or other distinct

11    occurrences.  They don't challenge any of that, Your Honor.

12    They just say, well Your Honor made the rulings.  Well Your

13    Honor did make the rulings, and as you pointed out in the

14    Deutsch opinion, you were, the issue in that case was whether

15    or not accidents and incidences were, you had to deal with

16    those particular terms.

17          And yet as you point out in your opinion that this

18    occurrence issue wasn't even a part of it, so there was no

19    reason to get into it.  And as you pointed out in that case, no

20    one bothered even to discuss it.  And in this case we are

21    discussing it.  We've provided evidence, we provided definition

22    term, definition for this, for this terminology.  I think that,

23    and the fact that the other additional language as we point out

24    further supports the fact that what we have here is a much

25    broader language.

1    So I guess with regards to this issue about the

2    Deutsch opinion, I guess as a representative of a victim of

3    these accidents, I would take the position even though I don't

4    think that the Court needs to get to this point because I don't

5    think you need to reverse yourself and Deutsch at all or even

6    clarify it to give us the relief we're asking for today.  But

7    if push comes to shove, I guess and for the purpose of

8    preserving it for the record, I guess in addition to the

9    arguments made by the lawyers for that, for the estate in that

10   case, I guess the way I read the terminology with all due

11   respect to the Court is that you basically came down to

12   accident or incident meaning at least in my opinion and how I

13   took it, and maybe I'm wrong about this, is being the same

14   thing.  But I think that we don't need to go there.  I think

15   that the Court can grant the relief that we've already asked

16   for to the mechanism I've already explained.

17        Unless Your Honor has any questions, and I guess,

18   they have brought up these other issues about, and I just got

19   these, I got these when I came back from vacation yesterday,

20   about the responses to the [indiscernible] and the objection

21   where they make the additional argument about the, whether this

22   is, whether this is an ignition system.  I guess we look at

23   paragraph 4 to their answer to the complaint, they kind of tie

24   it all together, they say this is all, ours is the same as

25   everyone else's as far as the recall problem.  And so I guess,

1    I don't think we need to go there because if you grant the

2    relief we asked for at the very beginning, all this additional

3    stuff becomes academic.

4         THE COURT:  You're saying if I grant the relief you

5    still got to prove your case in Michigan State Court or

6    Michigan Federal Court?

7         MR. BABCOCK:  Sure.  Of course we would have to, we

8    would have to prove the underlying case against New GM, the

9    claims itself, yes.  Unless Your Honor has any questions.

10        THE COURT:  No, thank you.  I want to hear from Mr.

11   Steinberg.

12        MR. STEINBERG:  Your Honor, I think the most

13   fundamental point to start is that this lawsuit was improperly

14   brought.  It was in violation of Your Honor's sale order and

15   injunction, and that it was a violation of the injunction to

16   start. That actually is the starting point.  Under the Seletex

17   (phonetic) decision which we've cited to, Your Honor, many

18   times that if there was any confusion, they were required to

19   come in.  Your Honor's Deutsch decision had been decided over

20   three years ago, and they brought this lawsuit anyway.  And

21   they're arguing that some local counsel for New GM in the

22   context of trying to get this to the JPML for purpose of then

23   moving it to the MDL cited to the wrong version of the sale

24   agreement.

25        THE COURT:  He was a lawyer for New GM, wasn't he?

1          MR. STEINBERG:  Yes he was.

2          THE COURT:  And I don't know if it matters because

3     over 45 years I've learned a little bit about the agency, but

4     isn't there somebody at the national level that supervises

5     local counsel?

6          MR. STEINBERG:  I'm sure that in the context of this

7     wave of lawsuits there was more than the local counsel just

8     doing this.  I think, Your Honor, that this was a mistake that

9     was made.

10          THE COURT:  It plainly was.  And the consequence is,

11     the question is who should bear the consequences of that

12     mistake?

13          MR. STEINBERG:  But I don't think there's any

14     reliance on anything here.  First you start with an improperly

15     brought --

16          THE COURT:  Well that was the way I started, Mr.

17     Steinberg, because more likely if not plainly we don't have a

18     judicial estoppel, but Mr. Babcock makes a different point, he

19     asserts a judicial admission that's contrasted to a judicial

20     estoppel by reason of the fact that when people answer

21     complaints we hold people to what they say.

22          MR. STEINBERG:  People amend their answers all the

23     time.  And what was the admission that other than it was just a

24     mistake?  Because at the end of the day if we had asserted the

25     old agreement and they had not refuted it, then are we all

1   governed by the old agreement instead of what was the governing

2   agreement that applies to everybody in this case?  The fact of

3   the matter is there's an underlying agreement that governed

4   this circumstance, the underlying agreement was the first

5   amendment.  That first amendment --

6        THE COURT:  I didn't see much reference to that in

7   your brief either, or attention to the distinction.

8        MR. STEINBERG:  I think the, with regard to my brief

9   --

10        THE COURT:  Unless I read the wrong brief.

11        MR. STEINBERG:  No, no, I think we say that the fact

12   that there was a citation to the old amendment shouldn't change

13   what the controlling law is and I think we put that in a

14   sentence there.

15        THE COURT:  In --

16        MR. STEINBERG:  In our response.

17        THE COURT:  12 page response, it was pretty buried if

18   it was stated.

19        MR. STEINBERG:  Yes.  If you can bear with --

20        THE COURT:  You mean [indiscernible] reliance on

21   subject matter jurisdiction and due process.  Where is the

22   discussion of judicial or admissions or estoppels?

23        MR. STEINBERG:  I think, well I think Your Honor on

24   page 7, footnote 5, New GM may have inadvertently referred to

25   the original language contained in section 2(b)(3)(b)(9) of the

```
 1    sale agreement --

 2              THE COURT:  I see.  All right.

 3              MR. STEINBERG: -- and certain pleadings filed in the

 4    underlying lawsuit, the language contained in the first

 5    amendment with respect clearly governs this matter.  Perhaps we

 6    didn't give it the attention that Your Honor wanted us to give

 7    the attention because we didn't think it mattered that much

 8    because at the end of the day --

 9              THE COURT:  It matters critically, Mr. Steinberg.

10              MR. STEINBERG:  Well, Your Honor, this issue actually

11    did come up in Deutsch.  The first hearing that you had in

12    Deutsch, people had cited actually to the wrong amendment, you

13    actually had I think a second hearing on Deutsch where you

14    analyzed what would be the governing position, and you actually

15    in the Deutsch decision compared the language that was in the

16    June 26th, 2009 agreement versus the first amendment and said

17    no one has explained why the language changed, and therefore it

18    could have been because it was duplicative or otherwise, but

19    otherwise you were going to discount it.  So this actual, you

20    know, this actual problem actually took place before in the

21    Deutsch case and Your Honor handled it that way by just looking

22    at the actual agreement.  And maybe that's the reason why we

23    didn't give it as much attention in our brief that perhaps it

24    warranted.

25              But I go back and I also wanted to just address the
```

1    issue that Your Honor said that you thought that we perhaps

2    miss-cited the section in our own brief.  If you were referring

3    to page 2 of our brief, we were actually citing to the section

4    that was in the retain liabilities portion of the sale

5    agreement as compared to the assumed liabilities and that is

6    the right quote of how it was written in the retained

7    liabilities.  So I think we got it right in our pleading.

8            But fundamentally what happened is that you had an

9    improperly started lawsuit in violation of Your Honor's sale

10   order.  And we had deadlines in the state court because those

11   things go forward.  We sent the no stay letter to them, and in

12   the meantime we had to try to remove this to the JPML and get

13   it ultimately before Judge Furman (phonetic) in the MDL, and

14   the statement that is being referred to here has no material

15   difference as to whether we cite it to the first amendment or

16   the second amendment, the June 26th agreement or the first

17   amendment, because the central focus was that it had bankruptcy

18   court jurisdiction and there was a basis for federal removal,

19   it relates to the bankruptcy case.  New GM was disclaiming

20   liability and was saying that it should all be ultimately moved

21   to the MDL where it gets stayed because they're handling

22   [indiscernible] cases, and it's subject to Your Honor's order.

23   We waited then for them to file their response to the no stay

24   pleading and then Your Honor entered the judgment and that

25   created a separate procedure for the same thing.

```
1            Once in the, so the answer that was filed was the
2     answer that was filed in conjunction with something that was
3     ultimately going to be removed and stayed and ultimately the
4     answer should not have necessarily been required to be filed
5     because this action never should have been brought in the first
6     place.  It was a violation of the Deutsch decision.  There's
7     no, there's no judicial admission of anything because there was
8     no attempt to admit to an older agreement versus a new
9     agreement.
10            And if Your Honor needs a declaration from someone to
11     say that it was a mistake and answers could be amended all the
12     time, and so therefore I don't think in the very early stages
13     of an improperly led complaint you can say there's a judicial
14     admission of anything.  This would have been amended if this
15     case would have gone forward, but this case never should have
16     been brought in the first place.
17            And I think the estate representative is the husband
18     who was taking care of the wife since the accident in 2005.  So
19     Your Honor had this issue in Deutsch, unfortunately local
20     counsel made a mistake in responding where the goal was just to
21     get this to the MDL where it would be stayed while we
22     simultaneously would be dealing with this in the bankruptcy
23     court to say that it was subject to Your Honor's order.
24     There's no difference as to whether we cited the first
25     amendment or the June 26th amendment for purposes of the over-
```

1  reaching point, that this was an improperly started lawsuit,

2  that this was, that there was federal jurisdiction based on the

3  bankruptcy court on this, and that this matter should be

4  ultimately removed to the federal court and then to the JPML.

5         Your Honor's decision in Deutsch also said that if

6  you even relied on the old amendment that it wasn't sure

7  whether there was any difference.  And if you look at their

8  brief when they decide, when they're focusing on the word

9  occurrence --

10         THE COURT:  I read Deutsch this morning again, I did

11  not see in there but you can refresh my recollection if I'm

12  mistaken any suggestion that if the words occurrence had

13  appeared and the words first occurring had not appeared, that I

14  had then ruled, assuming it wouldn't have been dictum, that the

15  conclusion would be the same.

16         MR. STEINBERG:  I don't think you said that.  I think

17  on page 5 of the Deutsch decision --

18         THE COURT:  Give me a second please.  Well I have it

19  in the Br. form, is it in the discussion or where?

20         MR. STEINBERG:  It is in the discussion, it is after

21  the heavily blocked quote, and it starts with the paragraph,

22  but while incidents may be deemed to be somewhat ambiguous.

23         THE COURT:  Right.  I'm with you now.  Basically I

24  said is I didn't have an evidentiary basis for concluding,

25  making conclusions as to the reasons for the change.

1          MR. STEINBERG:  But the reason why this was even in

2     your decision was because there was the same mistake that was

3     made before, people were referring to the June 26th amendment

4     in an earlier hearing and Your Honor was struggling with would

5     it have made a difference, why was the change being made.  If

6     people had cited to it properly the first time even in Deutsch,

7     you never would have had to deal with this discussion, because

8     the operative agreement is what controls.  And that is really

9     you know we didn't say it in lots of words, sometimes you get

10    criticized for being verbose, here we basically said there is

11    one agreement, that is the agreement that is controlling, that

12    is what Your Honor has to apply in this case.

13          No matter what we said, we could say that the sky is

14    orange, but the sky is blue, that's what you have to recognize.

15    Here, there was no attempt to change a different agreement with

16    respect to a plaintiff who improperly started a lawsuit based

17    on an accident that took place ten years ago.  The rest of the

18    arguments, I think, Your Honor, I think if, once you find that

19    there are prepetition non-ignition switch plaintiff, then the

20    rest flows from the judgment on the due process arguments and

21    the Court's jurisdiction argument.  And so I think really we're

22    left to, and I think Your Honor has already said that you

23    believe that Deutsch is applicable of not for this particular

24    issue where a local counsel had improperly cited to a June

25    26th, but it wasn't to take any advantage, no court has ruled

1    on this matter.  The JPML hasn't even ruled on the removal

2    action.

3           And frankly again, and I'll conclude with this, and I

4    know I've said it a number of times, it all starts with the

5    fundamental notion that this was an improperly brought lawsuit.

6    And to say that someone in an answer said something on a

7    lawsuit that never should have been brought which was a

8    violation of an injunction I don't think they should be able to

9    bootstrap that type of argument.  Thank you.

10          THE COURT:  Mr. Babcock.

11          MR. BABCOCK:  New GM filed a 58 page answer, a very

12   detailed, they went through quotes, it's a very detailed

13   answer.  To suggest that what they say in this very detailed

14   answer should be disregarded by this Court flies in the face of

15   what the purpose of an answer is which is either make denials

16   or make admissions.  They could have just said denied, isn't

17   true, denied, isn't true.  But they instead they made the

18   decision to make admissions.  They have not, as Your Honor, as

19   you pointed out when you, during opposing counsel's -- they

20   have not cited any authority that says they are excused from

21   the consequences of what they did, and I mean what the lawyers

22   in that case did.

23          Your Honor, unless Your Honor has any questions for

24   us, we'd --

25          THE COURT:  Have everybody sit in place for a minute.

1          Gentleman, ladies and gentlemen, I'm ruling that the

2     Pillars action can proceed against the New GM and that New GM

3     will have the duty and of course the right to defend it on the

4     merits without expressing [indiscernible] merits in the filing

5     of my findings of fact conclusions of law and bases for the

6     exercise of my discretion in connection of this decision,

7     although I don't think I'm really relying on my discretion in

8     any way on this.

9          At the outset of oral argument I recognized as we all

10    had to recognize my Deutsch decision which if it had been

11    decided in a vacuum, this controversy had been decided in a

12    vacuum based upon the proper language of the sale agreement

13    would have resulted in a victory for New GM.  But the fact that

14    had the potential ability to change the applicability of the

15    Deutsch decision was the language under which New GM's

16    assumption of its liabilities would rest.

17         In Deutsch, as we all know, the key language was

18    accidents or incidents first occurring.  And the underlying

19    principal of that was that each word had to be given individual

20    meaning although they could overlap.  It is not disputed that a

21    local counsel through GM said in two separate submissions,

22    first in a notice of removal and then also in an answer,

23    perhaps I'm flip-flopping their chronological order, but in two

24    separate documents, that New GM had assumed liabilities for

25    accidents, incidents or other occurrences, and did not rely on

1    the words first occurring or mention the words first occurring.

2    As I discussed in the Deutsch opinion, first occurring had

3    significance as well.  As I indicated at the outset of oral

4    argument, this is not a judicial estoppel, the requirements for

5    judicial estoppel of reliance by the tribunal is missing.

6    Nevertheless, as Mr. Babcock properly pointed out, it is a

7    judicial admission, which is similar in some respects, but

8    different in others.  It is not for instance a statement in a

9    brief.  It's a statement in the answer which has significance.

10   Answers have to be taken seriously.  Although it is true that

11   answers can thereafter be amended, unless and until they have

12   been, they stand.  Judges need to have the ability to rely on

13   answers because answers take issues off the table.

14          So then we get to the issue as to whether what GM's

15   counsel which is obviously an agent [indiscernible] should be

16   regarded because the litigation shouldn't have been brought in

17   the first place.  Well, lots of litigations were brought in

18   what we now know to have been violation of my earlier order.

19   And when I had become aware of that, I have stopped them, I

20   have stopped them by stays.  And it's for that reason that this

21   litigation is stayed.  But it was one thing to say that this

22   action should be stayed, then later dismissed, and quite a

23   different way to say never mind [indiscernible] vis-à-vis

24   everything that happened in the first place.

25          I have not ruled to that affect in any of the 22

```
 1   decisions that previously issued in connection with the GM

 2   case, and I am not of the mind to do that now.  Obviously GM

 3   has the ability to ensure that its counsel do their jobs and

 4   it's not too much to hold GM for the consequences of what its

 5   counsel who is plainly an agent did.  So having admitted that

 6   New GM is liable for accidents, incidents or other occurrences

 7   I think have to parse those words.  Under the principals of

 8   Deutsch each word is to be given meaning.  Accidents refers to

 9   wrecks, we all know what an accident is.  Incidents are,

10   applies to something that can include wrecks but can also

11   include other things.  And as I ruled in Deutsch in of the

12   Pillars actions, repeating or characterizing my ruling in

13   Deutsch, that covers things like explosions, fires, car running

14   off the road and the like.  Occurrences can overlap with that,

15   but it can also have some other meaning.  And in this instance,

16   occurrences which as far as I'm aware has not and will not ever

17   be the subject of another judicial construction in this case.

18   But the principals of Deutsch should be construed as meaning

19   something else, and the arguments made by Pillars' counsel in

20   its brief that death from that is subject to coverage under

21   that ambiguity.  Of course, the construction of documents when

22   they're ambiguous necessarily must go against the drafter.

23            So I'm going to allow this lawsuit to proceed, and

24   I'm going to state a couple of things for the avoidance of

25   doubt, although they should be obvious.  One is I reiterate for
```

1    the 900th time that I have subject matter jurisdiction over

2    this dispute.  As is apparent from everything that I've said,

3    this applies only to this particular judicial admission in this

4    particular wrongful death case, and has no bearing on anything

5    that I ruled on April 15th or on the Cary Cutler (phonetic)

6    matters [indiscernible].  It does however, mean that New GM has

7    to defend this wrongful death case.  And if it doesn't like

8    defending wrongful death cases when its local counsel admit

9    things that maybe they shouldn't have been admitted to, it

10   should supervise its counsel more carefully.

11         That summarizes my rulings.  If New GM really wants

12   to appeal this, I reserve the right to issue a written opinion.

13   But as you all well know, I've got so many things beyond that

14   to deal with in GM and for that matter other cases on my watch,

15   that I'm not going to write on this unless I need to.

16         Mr. Babcock, you or your co-counsel can settle an

17   order in accordance with this ruling.  Not by way of

18   rearguments, are there any questions?

19         MR. STEINBERG:  Your Honor, will we have, can we have

20   the opportunity to make a submission, and I don't know whether

21   this is true or not, I would need to verify that at the time to

22   answer or amend, we had a right to amend the answer, that this

23   is not a judicial admission to give further briefing.

24         THE COURT:  There was plenty of time to focus on

25   these issues before today.  That's my ruling.

```
 1              MR. STEINBERG:  All right.

 2              THE COURT:  Mr. Steinberg, I have a zillion things on

 3    my watch and I have to rely on lawyers dealing with issues in a

 4    timely way.  We can't have do-overs after I've ruled.  I had

 5    the same issue with a motion for rearguments now which is in

 6    substance a do-over after I've ruled, I'm not going to invite

 7    even more stuff of that character.  Anything else?

 8              MR. BABCOCK:  Your Honor, I'm not familiar with how

 9    the Court handles its orders.

10              THE COURT:  Do you want to stand please?  I take it

11    in most of the courts you would stand when you're talking to a

12    Judge?

13              MR. BABCOCK:  I'm sorry, Your Honor, I wasn't being

14    disrespectful.  Okay, at this point, the lawyers, would GM be

15    submitting a proposed order?  Is that, do I understand what

16    your instruction was or do you want me to prepare an order?

17              THE COURT:  I said you are to settle an order.  We

18    have local court rules in this Court to deal with the

19    settlement of orders.

20              MR. BABCOCK:  Okay, Your Honor.

21              THE COURT:  Okay.  Anything else?  Have a good day.

22    We're adjourned.

23              MR. WEISFELNER:  Your Honor, I apologize.  This is a

24    procedural housekeeping issue.  And let me see if I can't state

25    succinctly what the issue is.
```

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

BENJAMIN W. PILLARS,
as Personal Representative of the Estate of
KATHLEEN ANN PILLARS, deceased,

     Plaintiffs,                 Case No. 1:15-cv-11360-TLL-PTM

v.                            Hon. Thomas L. Ludington

GENERAL MOTORS LLC,

     Defendant.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR.  (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
 Saginaw, Michigan  48602
(989) 752-1414
vmastromar@aol.com

BOWMAN AND BROOKE LLP
THOMAS P. BRANIGAN (P41774)
Attorneys for Defendant
41000 Woodward Ave., Ste. 200 East
Bloomfield Hills, Michigan 48304
(248)205-3300
thomas.branigan@bowmanandbrooke.com

_____/

## PLAINTIFF'S MOTION FOR REMAND TO THE BAY COUNTY CIRCUIT COURT



NOW COMES the Plaintiff, BENJAMIN W. PILLARS, as Personal Representative of the Estate of KATHLEEN ANN PILLARS, deceased, by and through his attorneys, THE MASTROMARCO FIRM, and hereby moves this Honorable Court pursuant to 28 U.S.C.A. § 1447 (c) for an order of remand of the above-captioned case to the Bay County Circuit Court for the reasons as set forth more fully in the brief filed in support of this motion.

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: <u>May 6, 2015</u>

By: <u>/s/ Victor J. Mastromarco, Jr.</u>
Victor J. Mastromarco, Jr. (P34564)
Attorney for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND TO THE BAY COUNTY CIRCUIT COURT

### INTRODUCTION

Plaintiff's complaint surrounds an automobile accident which occurred on November 23, 2005. On that day, the decedent, Kathleen Ann Pillars, was driving her 2004 Pontiac Grand Am, to a blood drive. The decedent lost control of her vehicle when the defective ignition switch in her vehicle unexpectedly went to the off position causing the automobile accident. The decedent sustained severe injuries as a result of the accident rendering her incapacitated. The decedent remained incapacitated and died nearly seven (7) years later on March 12, 2012.

During decedent's on-going incapacitation, General Motors Corporation filed for bankruptcy on June 1, 2009, and a month later, without affording the decedent with her due process right of notice, entered into a bankruptcy approved Amended and Restated Master Sale and Purchase Agreement with General Motors LLC ("New GM") with a closing date of July 10, 2009. Subsequently, General Motors LLC disclosed to the public that the car manufacturer had been aware of the fact that its vehicles had a defective ignition system and had concealed that fact from the public and government officials.

The Plaintiff is the decedent's widower and the duly appointed personal representative of her estate having received his letter of authority on November 14,

Page 3 of 17

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

2014. The Plaintiff filed his wrongful death lawsuit against General Motors LLC on March 23, 2015, the Circuit Court for the County of Bay, State of Michigan.

General Motors LLC removed the case to this Court citing to 28 U.S.C.A. § 1452 as the sole statutory basis for removal. As explained more fully in this brief, the bankruptcy statute cited by General Motors LLC does not apply to the facts and circumstances which exist in the present case, since Plaintiff's lawsuit will not conceivably have any effect on the bankruptcy estate of Motors Liquidation Company, f/k/a General Motors Corporation.

Even if it was determined by this Court that Plaintiff's lawsuit might conceivably have an effect on the bankruptcy estate, both the abstention provisions of 28 USC § 1334(c) and the equitable remand provision of § 1452(b) grants this Court wide discretion in the determination whether to hear a case or remand it to the court from which it came. See <u>Shamieh v. HCB Financial Corp.</u>, 2014 WL 5365452, 3 (W.D.La.,2014). A copy of the Shameih Opinion is attached as **Exhibit 1**. The Plaintiff submits that the circumstances which exist in the present case support both abstention and equitable remand even if New GM was ultimately able to demonstrate an effect on the bankruptcy estate.

For the reasons set forth in this brief, the Plaintiff requests that the Court remand the above-captioned case to the Bay County Circuit Court.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

# DISCUSSION

## I.   FEDERAL COURTS LACK JURISDICTION OVER PLAINTIFF'S PENDING LAWSUIT.

Again, New GM relies upon 28 U.S.C.A. § 1452 as the sole statutory basis

for removal. That statute states in relevant part:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C.A. § 1452.

It is well-settled that federal courts are courts of limited jurisdiction, and are,

"empowered to hear only cases within the judicial power of the United States as

defined by Article III of the Constitution." University of South Alabama v.

American Tobacco Co., 68 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v.

Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). As the removing party, New GM

has the burden to prove the existence of federal subject matter jurisdiction.

Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998); Her Majesty

the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339

(6th Cir. 1989).

Because the effect of removal is to deprive the state court of an action

otherwise properly before it, removal raises significant federalism concerns which

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

mandate strict construction of the removal statute in favor of state court jurisdiction and against removal. See Merrell Dow Pharmaceutical, Inc. v. Thompson, 478 U.S. 804, 809 (1986); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); University of South Alabama, 168 F.3d at 411.

Courts have correctly concluded that issues of remand should be decided before anything else as illustrated by the following decision excerpt from the Eleventh Circuit:

> once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue. As the Supreme Court long ago held in Ex parte McCardle, 74 U.S. (7 Wall.) 506, 19 L.Ed 264 (1868), "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Id. at 514; see also Wernick v. Mathews, 524 F.2d 543, 545 (5th Cir. 1975) "[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits.").

University of South Alabama v. American Tobacco Co., 68 F.3d 405, 410 (11th Cir. 1999). All doubts about jurisdiction are to be resolved in favor of remand to state court. University of South Alabama, 168 F.3d at 411.

As acknowledged by New GM in its notice of removal, the Plaintiff brought the above-captioned action in state court seeking a recovery under a number of state theories of recovery including (1) products liability; (2) negligence; (3) Michigan Consumer Protection Act; (4) misrepresentation; (5) breach of contract, (6) promissory estoppel; (7) fraud; (8) fraudulent concealment; and (9) gross

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

negligence. A copy of New GM's Notice of Removal w/o exhibits is attached as **Exhibit 2**.

Indeed, Plaintiff's complaint against New GM seeks money damages following the wrongful death of Kathleen Ann Pillars on March 24, 2012. A copy of the Complaint is attached as **Exhibit 3**.[1]

The Plaintiff further alleges that the March 24, 2012, death was the result of a defective motor vehicle. (**Exhibit 3**). This is not disputed in New GM's notice of removal. The Court should note that New GM admitted in its notice of removal that it is responsible for any occurrences that happen on or after the July 10, 2009, closing date:

> GM LLC admits it ultimately assumed a narrow band of certain liabilities, including the following as provided in Section 2.3(a)(ix) of the Sale Order and/or the Amended and Restated Master Sale and Purchase Agreement:
>
> > all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), which arise directly out of accidents, incidents <u>or other</u> <u>*distinct and discreet occurrences that happen on or*</u>

---

[1] New GM attached a copy of the complaint to its notice of removal as Exhibit D. The Court should note that the Plaintiff had already amended his complaint and served said amendment on New GM at the time of removal. For the purpose of this motion, reference to the amended complaint is not necessary since the changes/additions made in the amendment are not material to the limited issue before this Court.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

> *after the Closing Date [July 10, 2009]* and arise from
> such motor vehicles' operation or performance.
> (Emphasis Added by Plaintiff).

(See page 4, footnote 1 of Notice of Removal - **Exhibit 2**).

New GM is bound by the clear and unequivocal admissions of its attorneys in its submissions to this Court. <u>Barnes v. Owens-Corning Fiberglass Corp.</u>, 201 F.3d 815, 829 (6th Cir. 2000), <u>MacDonald v. Gen. Motors Corp.</u>, 110 F.3d 337, 340 (6th Cir. 1997).

Based upon New GM's admissions, the relevant inquiry is what constitutes an "occurrence". If an occurrence has taken place after the closing date of July 10, 2009, liability falls squarely upon the New GM rather than the bankrupt entity based upon the language relied upon New GM in its notice of removal so long as the occurrence arose from the operation or performance of a motor vehicle.

It is firmly established that in the absence of a specific definition to the contrary, courts are to give the words their ordinary meaning. The definition of "occurrence" is, "the action, fact, or instance of occurring ... 'something that takes place; an event or incident.'" See the American Heritage Dictionary of the English Language 1219 (5th ed. 2011). A copy of the American Heritage Dictionary definition is attached as **Exhibit 4**. Likewise, the Merriam–Webster's Collegiate Dictionary 858 (11th ed. 2003) defines "occurrence" as, "something that occurs...

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

the action or instance of occurring". A copy of the Merriam–Webster's Dictionary definition is attached as **Exhibit 5**.

Furthermore, the death of the Plaintiff was the result of the injuries she sustained from her operation of a General Motors vehicle. (**Exhibit 3**).

In the present case, the Plaintiff brought wrongful death causes of action on behalf of the estate. (See Complaint - **Exhibit 3**). The death of the decedent on March 24, 2012, occurred almost three (3) years after the bankruptcy closing date, is certainly a distinct and discreet occurrence as the term "occurrence" is defined by two (2) major dictionaries.

Significantly, federal subject matter jurisdiction is also lacking if an effect on the bankruptcy estate cannot be shown:

> Since the proceeding before this court does not involve the bankruptcy petition itself we find that it is not a "core" proceeding. Therefore, in order to determine whether we may exercise jurisdiction at all, we must determine whether it is at least "related to" Daher's bankruptcy case. And we find that it is at least "related to" because resolution of Daher's liability in this matter "could *conceivably* have [an] effect on the estate being administered in bankruptcy." Wood, 825 F.2d at 93.

Shamieh v. HCB Financial Corp., 2014 WL 5365452, 3 (W.D.La.,2014). A copy of the Shamieh Opinion is attached as **Exhibit 1**.

Pursuant to the Amended and Restated Master Sale and Purchase Agreement, relied upon by New GM in its notice of removal, the March 24, 2012, occurrence is a liability of the New GM and not a liability of the bankrupt entity.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

As such, Plaintiff's state court complaint does not involve the bankruptcy petition and, as already explained in the above-mentioned discussion, it will not have any effect on the bankruptcy estate being administered because Plaintiff's claims pertain to the New GM and not the bankrupt entity.[2]

As such and as set forth more fully in the above-mentioned paragraphs, the Plaintiff respectfully requests that the Court remand the above-captioned case to the Bay County Circuit Court.

## II.   IN THE ALTERNATIVE, THE PURPORTED REMOVAL AUTHORITY RELIED UPON BY NEW GM WAS IMPROPERLY OBTAINED AT THE EXPENSE OF PLAINTIFF'S DUE PROCESS RIGHTS AND THUS IS VOID.

As stated in the preceding discussion, New GM, in its notice of removal, relied upon 28 U.S.C.A. § 1452 as the sole statutory basis for removal. In doing so, New GM relies upon the Amended and Restated Master Sale and Purchase Agreement. (See page 4, footnote 1 of Notice of Removal - **Exhibit 2**).

It is respectfully submitted that the authority relied upon by New GM for its basis of removal from the state court proceeding was improperly obtained at the

---

[2] Even if it was determined that Plaintiff's lawsuit might conceivably have an effect on the bankruptcy estate, both the abstention provisions of 28 USC § 1334(c) and the equitable remand provision of § 1452(b) grants courts wide discretion in the determination whether to hear a case or remand it to the court from which it came. See Shamieh v. HCB Financial Corp., 2014 WL 5365452, 3 (W.D.La.,2014) (**Exhibit 1**). The Plaintiff submits that the circumstances which exist in the present case support both abstention and equitable remand even if New GM was ultimately able to demonstrate an effect on the bankruptcy estate.

Page 10 of 17

expense of Plaintiff's (along with the decedent's) due process rights. Again, the decedent was incapacitated from November 23, 2005, to her death on March 24, 2012, a period of almost seven (7) years. As a result, the decedent was unable to advocate her position during that period of time due to her incapacitation.

The lack of notice provided to the decedent or her family is significant. When a bankruptcy debtor seeks relief against third parties, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections as explained by the Supreme Court:

> **An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action <u>and afford them an opportunity to present their objections</u>**. <u>Milliken v. Meyer</u>, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357; <u>Grannis v. Ordean</u>, 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363; <u>Priest v. Board of Trustees of Town of Las Vegas</u>, 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751; <u>Roller v. Holly</u>, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520. The notice must be of such nature as reasonably to convey the required information, <u>Grannis v. Ordean</u>, supra, and it must afford a reasonable time for those interested to make their appearance, <u>Roller v. Holly</u>, supra, and cf. Goodrich v. Ferris, 214 U.S. 71, 29 S.Ct. 580, 53 L.Ed. 914. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. 'The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.' <u>American Land Co. v. Zeiss</u>, 219 U.S. 47, 67, 31 S.Ct. 200, 207, 55 L.Ed. 82, and see <u>Blinn v. Nelson</u>, 222 U.S. 1, 7, 32 S.Ct. 1, 2, 56 L.Ed. 65, Ann.Cas.1913B, 555.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-315, 70 S.Ct.

652, 657 (1950).

   This fundamental principle has been repeated in subsequent decisions

including the following from the Bankruptcy Court for the District of New Jersey:

> Further, as held by the United States Supreme Court in Mullane v.
> Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652,
> 657, 94 L.Ed. 865, 873 (1950), "an elementary and fundamental
> requirement of due process in any proceeding which is accorded
> finality is notice reasonably calculated, under all the circumstances, to
> apprise interested parties of the pendency of the action and afford
> them an opportunity to present their objections."

In re Martini, 2006 WL 4452974, 7 (Bkrtcy.D.N.J.,2006).

   The method of notice necessary to satisfy due process depends on whether a

creditor is "known" or "unknown" at the time the notice is to be given. While

unknown creditors are merely entitled to constructive publication notice of the

proceedings, known creditors must receive actual notice. See Mennonite Bd. of

Missions v. Adams, 462 U.S. 791, 800 (1983). This is true regardless of how

widely-publicized the bankruptcy case is or whether the known creditor is actually

aware of the bankruptcy proceedings. See City of New York v. New York, New

Haven & Hartford R.R. Co., 344 U.S. 293, 297 (1953) ("[E]ven creditors who have

knowledge of a reorganization have a right to assume that the statutory 'reasonable

notice' will be given them before their claims are forever barred."); Arch Wireless,

Inc. v. Nationwide Paging, Inc. (In re Arch Wireless, Inc.), 534 F.3d 76, 83 (1st Cir. 2008) (same).

Significantly, the bankruptcy court has already concluded that the circumstances surrounding the Sale Order regarding the Amended and Restated Master Sale and Purchase Agreement violated the due process rights of the various owners of vehicles with defective ignition systems. In re Motors Liquidation Company, 2015 WL 1727285 (Bkrtcy.S.D.N.Y.2015). A copy of the Bankruptcy Opinion is attached as **Exhibit 6**.

Nevertheless, the bankruptcy court has improperly denied relief to the car owners speculating that the deprivation of the various car owners' due process rights was harmless, since the bankruptcy concluded that any opposition to the sale order would not have changed the outcome. In re Motors Liquidation Company, 2015 WL 1727285 (Bkrtcy.S.D.N.Y.2015)(**Exhibit 6**). The bankruptcy court's conclusion is inconsistent with Supreme Court precedent.

The Court should note that the Supreme Court has expressly rejected the notion that a court should hypothesize an outcome, detrimental to the party that has been deprived of due process, as a substitute for the actual opportunity to defend that due process affords every party against whom a claim is stated:

> Instead, the Federal Circuit reasoned that nothing much turned on whether the party opposing Adams' claim for costs and fees was OCP or Nelson. "[N]o basis has been advanced," the panel majority concluded, "to believe anything different or additional would have

been done to defend against the allegation of inequitable conduct had Nelson individually already been added as a party or had he been a party from the outset." 175 F.3d, at 1351. We neither dispute nor endorse the substance of this speculation. **We say instead that judicial predictions about the outcome of hypothesized litigation cannot substitute for the actual opportunity to defend that due process affords every party against whom a claim is stated. As Judge Newman wrote in dissent: "The law, at its most fundamental, does not render judgment simply because a person might have been found liable had he been charged."** Id., at 1354. (Emphasis Added).

Nelson v. Adams USA, Inc., 529 U.S. 460, 471, 120 S.Ct. 1579, 1587 (2000).

Even if the bankruptcy court's unconstitutional actual prejudice standard had any merit, the Plaintiff (along with the decedent) in the present case has been prejudiced by the lack of notice.

Furthermore, the bankruptcy court's order leaves the Plaintiff without a remedy for the wrongs resulting from decedent's operation of a General Motors vehicle. (**Exhibit 6**). The deprivation of the due process rights is unjust and unconstitutional.

As set forth more fully in the complaint, the decedent was incapacitated from the date of her motor vehicle accident on November 23, 2005, to her untimely death on March 24, 2012. (See Complaint - **Exhibit 2**). Recognizing the obvious fact that an incapacitated person lacks the ability to advocate that person's rights, Michigan law acknowledges that any deadline to act is tolled while the incapacitation exists. See Michigan Compiled Laws Annotated (MCLA)

600.5851(1)&(2). A copy of MCL§ 600.5851 is attached as **Exhibit 7**. Without providing notice to the decedent, the bankruptcy court has affectively deprived the decedent and her family (including the Plaintiff) of the tolling provisions provided by the Michigan legislature which is a statutory right which applies to claims arising under Michigan law.

Indeed, the incapacity of the decedent is a significant factor, since the only person with knowledge of the defective nature of the ignition switch when the ignition system unexpectedly shut down causing the accident (other than the bankrupt GM and later the New GM) along with the impact said defect had on the accident in question was the decedent and she was incapacitated at the time of the July 10, 2009, bankruptcy closing date. Her family did not have knowledge of the defect as evidenced by New GM's admissions that the defect was concealed from the public and governmental officials, and decedent's family was not in the car with her at the time of the accident.

The Plaintiff respectfully submits that the above-mentioned circumstances support both abstention and equitable remand even if New GM was ultimately able to demonstrate an effect on the bankruptcy estate. Both the abstention provisions of 28 USC § 1334(c) and the equitable remand provision of § 1452(b) grants courts wide discretion in the determination whether to hear a case or remand it to the

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

court from which it came. See Shamieh v. HCB Financial Corp., 2014 WL 5365452, 3 (W.D.La.,2014). (**Exhibit 1**).

As such and as set forth more fully in the above-mentioned paragraphs, the Plaintiff respectfully requests that the Court remand the above-captioned case to the Bay County Circuit Court.

## CONCLUSION

As such and as set forth more fully in the above-mentioned paragraphs, the Plaintiff respectfully requests that the Court remand the above-captioned case to the Bay County Circuit Court.

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: May 6, 2015                    By: */s/ Victor J. Mastromarco, Jr.*
                                      Victor J. Mastromarco, Jr. (P34564)
                                      Attorney for Plaintiff
                                      1024 N. Michigan Avenue
                                      Saginaw, Michigan 48602
                                      (989) 752-1414
                                      vmastromar@aol.com

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

## PROOF OF SERVICE

I hereby certify that on **May 6, 2015**, I presented the foregoing papers to the Clerk of the Court for the filing and uploading to the CM/ECF system, which will send notification of such filing to the following: **Andrew Baker Bloomer & Thomas P. Branigan**.

THE MASTROMARCO FIRM

Dated: May 6, 2015

By: */s/ Victor J. Mastromarco, Jr.*
Victor J. Mastromarco, Jr.
Attorney for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE: GENERAL MOTORS LLC IGNITION
SWITCH LITIGATION                                                    MDL NO. 2543

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER-38

### INTRODUCTION

Plaintiff's complaint surrounds an automobile accident which occurred on November 23, 2005. On that day, the decedent, Kathleen Ann Pillars, was driving her 2004 Pontiac Grand Am, to a blood drive. The decedent lost control of her vehicle when the defective ignition switch in her vehicle unexpectedly went to the off position causing the automobile accident. The decedent sustained severe injuries as a result of the accident rendering her incapacitated. The decedent remained incapacitated and died nearly seven (7) years later on March 12, 2012.

During decedent's on-going incapacitation, General Motors Corporation filed for bankruptcy on June 1, 2009, and, without affording the decedent with her due process right of notice, a month later entered into a bankruptcy approved Amended and Restated Master Sale and Purchase Agreement with General Motors LLC with a closing date of July 10, 2009. Subsequently, General Motors LLC disclosed to the public that the car manufacturer had been aware of the fact that its vehicles had a defective ignition system and had concealed that fact from the public and government officials.

PLAINTIFF'S
EXHIBIT
3

The Plaintiff is the decedent's widower and the duly appointed personal representative of her estate having received his letter of authority on November 14, 2014. The Plaintiff filed his wrongful death lawsuit against General Motors LLC on March 23, 2015, the Circuit Court for the County of Bay, State of Michigan.

General Motors LLC removed the case to the Eastern District of Michigan citing to 28 U.S.C.A. § 1452 as the sole statutory basis for removal. The Schedule of Actions is attached as **Exhibit 1**. As explained more fully in this brief, the statute cited by General Motors LLC does not apply to the facts and circumstances which exist in the present case. Simultaneous with the filing of this motion, the Plaintiff is also filing a motion for remand with the Eastern District of Michigan.

In the alternative, the basis for removal was obtained without affording Plaintiff her due process right of notice as explained more fully in this brief. In the alternative, the transfer of this case will not further convenience of the parties and the witnesses, as required by 28 USC 1407(a).

For the reasons set forth in this brief, the Plaintiff requests that the Court reverse the conditional transfer order 38.

## DISCUSSION

## I.   FEDERAL COURTS LACK JURISDICTION OVER PLAINTIFF'S PENDING LAWSUIT.

This Court's issuance of Conditional Transfer Order-38 necessarily followed the improper removal of Plaintiff's lawsuit against General Motors LLC ("New GM") by its counsel from state court to the Eastern District of Michigan. The propriety of the transfer

hinges, in part, upon whether or not the removal of the lawsuit was valid. If the removal was improper, the transfer of this case is likewise improper.

The Court should note that, contemporaneously with the filing of this motion, the Plaintiff is also filing a motion for remand with the Eastern District of Michigan referencing, in part, the arguments contained within this response. It is respectfully submitted that it is the transferor court, i.e. the Eastern District of Michigan, rather than this Court that is in the best position to adjudicate the issue of remand. The Honorable R. Wilson, Jr., in the context of a dispute over whether or not diversity jurisdiction existed, has noted that the issue of remand is better addressed by the transferor court. In re Prempro Products Liability Litigation, 417 F.Supp.2d 1058, 1061, n. 12 (E.D.Ark.,2006), see also Southern v. Pfizer, Inc., 471 F.Supp.2d 1207, 1212, n. 2 (N.D. Ala. 2006).

Without waiving Plaintiff's objections to this Court deciding the issue of remand, New GM, in the present case, relies upon 28 U.S.C.A. § 1452 as the sole statutory basis for removal. That statute states in relevant part:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C.A. § 1452.

It is well-settled that federal courts are courts of limited jurisdiction, and are, "empowered to hear only cases within the judicial power of the United States as defined by Article III of the Constitution." University of South Alabama v. American Tobacco

Co., 68 F.3d 405, 409 (11th Cir. 1999) (quoting <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994)). As the removing party, New GM has the burden to prove the existence of federal subject matter jurisdiction. <u>Pacheco de Perez v. AT&T Co.</u>, 139 F.3d 1368, 1373 (11th Cir. 1998); <u>Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit</u>, 874 F.2d 332, 339 (6th Cir. 1989).

Because the effect of removal is to deprive the state court of an action otherwise properly before it, removal raises significant federalism concerns which mandate strict construction of the removal statute in favor of state court jurisdiction and against removal. See <u>Merrell Dow Pharmaceutical, Inc. v. Thompson</u>, 478 U.S. 804, 809 (1986); <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941); <u>University of South Alabama</u>, 168 F.3d at 411.

Courts have correctly concluded that issues of remand should be decided before anything else as illustrated by the following decision excerpt from the Eleventh Circuit:

> once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue. As the Supreme Court long ago held in <u>Ex parte McCardle</u>, 74 U.S. (7 Wall.) 506, 19 L.Ed 264 (1868), "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Id</u>. at 514; see also <u>Wernick v. Mathews</u>, 524 F.2d 543, 545 (5th Cir. 1975) "[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits.").

<u>University of South Alabama v. American Tobacco Co.</u>, 68 F.3d 405, 410 (11th Cir. 1999). All doubts about jurisdiction are to be resolved in favor of remand to state court. <u>University of South Alabama</u>, 168 F.3d at 411.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

As acknowledged by New GM in its notice of removal, the Plaintiff brought the action in state court seeking a recovery under a number of state theories of recovery including (1) products liability; (2) negligence; (3) Michigan Consumer Protection Act; (4) misrepresentation; (5) breach of contract, (6) promissory estoppel; (7) fraud; (8) fraudulent concealment; and (9) gross negligence. A copy of New GM's Notice of Removal is attached as **Exhibit 2**.

Indeed, Plaintiff's complaint against New GM seeks money damages following the wrongful death of Kathleen Ann Pillars on March 24, 2012. A copy of the Complaint is attached as **Exhibit 3**.[1]

The Plaintiff further alleges that the March 24, 2012, death was the result of a defective motor vehicle. (**Exhibit 3**). This is not disputed in New GM's notice of removal. The Court should note that New GM admitted in its notice of removal that it is responsible for any occurrences that happen on or after the July 10, 2009, closing date:

> GM LLC admits it ultimately assumed a narrow band of certain liabilities, including the following as provided in Section 2.3(a)(ix) of the Sale Order and/or the Amended and Restated Master Sale and Purchase Agreement:
>
>> all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), which arise directly out of accidents, incidents _**or other distinct and discreet occurrences that**_

---

[1] New GM attached a copy of the complaint to its notice of removal as Exhibit D. The Court should note that the Plaintiff had already amended his complaint and served said amendment on New GM at the time of removal. For the purpose of this motion, reference to the amended complaint is not necessary since the changes/additions made in the amendment are not material to the limited issue before this Court.

> *happen on or after the Closing Date [July 10, 2009]* and arise from such motor vehicles' operation or performance. (Emphasis Added by Plaintiff).

(See page 4, footnote 1 of Notice of Removal - **Exhibit 2**).

New GM is bound by the clear and unequivocal admissions of its attorneys in its submissions to this Court as well as the United States District Court for the Eastern District of Michigan. <u>Barnes v. Owens-Corning Fiberglass Corp.</u>, 201 F.3d 815, 829 (6th Cir. 2000), <u>MacDonald v. Gen. Motors Corp.</u>, 110 F.3d 337, 340 (6th Cir. 1997).

Based upon New GM's admissions, the relevant inquiry is what constitutes an "occurrence". If an occurrence has taken place after the closing date of July 10, 2009, liability falls squarely upon the New GM rather than the bankrupt entity based upon the language relied upon New GM in its notice of removal so long as the occurrence arose from the operation or performance of a motor vehicle.

It is firmly established that in the absence of a specific definition to the contrary, courts are to give the words their ordinary meaning. The definition of "occurrence" is, "the action, fact, or instance of occurring ... 'something that takes place; an event or incident.'" See the American Heritage Dictionary of the English Language 1219 (5th ed. 2011). A copy of the American Heritage Dictionary definition is attached as **Exhibit 4**. Likewise, the Merriam–Webster's Collegiate Dictionary 858 (11th ed. 2003) defines "occurrence" as, "something that occurs... the action or instance of occurring". A copy of the Merriam–Webster's Dictionary definition is attached as **Exhibit 5**.

In the present case, the Plaintiff brought wrongful death causes of action on behalf of the estate. (See Complaint - **Exhibit 3**). The death of the decedent on March 24, 2012,

occurred almost three (3) years after the bankruptcy closing date, is certainly a distinct and discreet occurrence as the term "occurrence" is defined by two (2) major dictionaries.

Furthermore, the death of the Plaintiff was the result of the injuries she sustained from her operation of a General Motors vehicle. (**Exhibit 3**).

Significantly, federal subject matter jurisdiction is also lacking if an effect on the bankruptcy estate cannot be shown:

> Since the proceeding before this court does not involve the bankruptcy petition itself we find that it is not a "core" proceeding. Therefore, in order to determine whether we may exercise jurisdiction at all, we must determine whether it is at least "related to" Daher's bankruptcy case. And we find that it is at least "related to" because resolution of Daher's liability in this matter "could *conceivably* have [an] effect on the estate being administered in bankruptcy." Wood, 825 F.2d at 93.

Shamieh v. HCB Financial Corp., 2014 WL 5365452, 3 (W.D.La.,2014). A copy of the Shamieh Opinion is attached as **Exhibit 6**.

Pursuant to the Amended and Restated Master Sale and Purchase Agreement, relied upon by New GM in its notice of removal, the March 24, 2012, occurrence is a liability of the New GM and not a liability of the bankrupt entity. As such, Plaintiff's state court complaint does not involve the bankruptcy petition and, as already explained in the above-mentioned discussion, it will not have any effect on the bankruptcy estate being administered because Plaintiff's claims pertain to the New GM and not the bankrupt entity.[2]

---

[2] Even if it was determined that Plaintiff's lawsuit might conceivably have an effect on the bankruptcy estate, both the abstention provisions of 28 USC § 1334(c) and the equitable remand provision of § 1452(b) grants courts wide discretion in the determination whether to hear a case or remand it to the court from which it came. See

Page 7 of 16

As such and as set forth more fully in the above-mentioned paragraphs, the Plaintiff respectfully requests the following relief. The Plaintiff requests that this Court allow the Eastern District of Michigan to decide the issue of remand. If remand is granted the issues before this Court becomes moot. In the alternative, the Plaintiff requests that this Court decide the issue of remand and to vacate the CTO-38 upon a showing of lack of subject matter jurisdiction.

## II.   IN THE ALTERNATIVE, THE PURPORTED REMOVAL AUTHORITY RELIED UPON BY NEW GM WAS IMPROPERLY OBTAINED AT THE EXPENSE OF PLAINTIFF'S DUE PROCESS RIGHTS AND THUS IS VOID.

As stated in the preceding discussion, New GM, in its notice of removal, relied upon 28 U.S.C.A. § 1452 as the sole statutory basis for removal. In doing so, New GM relies upon the Amended and Restated Master Sale and Purchase Agreement. (See page 4, footnote 1 of Notice of Removal - **Exhibit 2**).

It is respectfully submitted that the authority relied upon by New GM for its basis of removal from the state court proceeding was improperly obtained at the expense of Plaintiff's (along with the decedent's) due process rights. Again, the decedent was incapacitated from November 23, 2005, to her death on March 24, 2012, a period of almost seven (7) years. As a result, the decedent was unable to advocate her position during that period of time due to her incapacitation.

---

Shamieh v. HCB Financial Corp., 2014 WL 5365452, 3 (W.D.La.,2014) (**Exhibit 6**). The Plaintiff submits that the circumstances which exist in the present case support both abstention and equitable remand even if New GM was ultimately able to demonstrate an effect on the bankruptcy estate.

The lack of notice provided to the decedent or her family is significant. When a bankruptcy debtor seeks relief against third parties, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections as explained by the Supreme Court:

> **An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections**. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357; Grannis v. Ordean, 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363; Priest v. Board of Trustees of Town of Las Vegas, 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751; Roller v. Holly, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520. The notice must be of such nature as reasonably to convey the required information, Grannis v. Ordean, supra, and it must afford a reasonable time for those interested to make their appearance, Roller v. Holly, supra, and cf. Goodrich v. Ferris, 214 U.S. 71, 29 S.Ct. 580, 53 L.Ed. 914. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. 'The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.' American Land Co. v. Zeiss, 219 U.S. 47, 67, 31 S.Ct. 200, 207, 55 L.Ed. 82, and see Blinn v. Nelson, 222 U.S. 1, 7, 32 S.Ct. 1, 2, 56 L.Ed. 65, Ann.Cas.1913B, 555.

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-315, 70 S.Ct. 652, 657 (1950).

This fundamental principle has been repeated in subsequent decisions including the following from the Bankruptcy Court for the District of New Jersey:

> Further, as held by the United States Supreme Court in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950), "an elementary and fundamental requirement of due process in any proceeding which is accorded finality is notice reasonably

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

In re Martini, 2006 WL 4452974, 7 (Bkrtcy.D.N.J.,2006).

The method of notice necessary to satisfy due process depends on whether a creditor is "known" or "unknown" at the time the notice is to be given. While unknown creditors are merely entitled to constructive publication notice of the proceedings, known creditors must receive actual notice. See Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800 (1983). This is true regardless of how widely-publicized the bankruptcy case is or whether the known creditor is actually aware of the bankruptcy proceedings. See City of New York v. New York, New Haven & Hartford R.R. Co., 344 U.S. 293, 297 (1953) ("[E]ven creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred."); Arch Wireless, Inc. v. Nationwide Paging, Inc. (In re Arch Wireless, Inc.), 534 F.3d 76, 83 (1st Cir. 2008) (same).

Significantly, the bankruptcy court has already concluded that the circumstances surrounding the Sale Order regarding the Amended and Restated Master Sale and Purchase Agreement violated the due process rights of the various owners of vehicles with defective ignition systems. In re Motors Liquidation Company, 2015 WL 1727285 (Bkrtcy.S.D.N.Y.2015). A copy of the Bankruptcy Opinion is attached as **Exhibit 7**.

Nevertheless, the bankruptcy court has improperly denied relief to the car owners speculating that the deprivation of the various car owners' due process rights was harmless, since the bankruptcy concluded that any opposition to the sale order would not

Page 10 of 16

have changed the outcome. <u>In re Motors Liquidation Company</u>, 2015 WL 1727285 (Bkrtcy.S.D.N.Y.2015)(**Exhibit 7**). The bankruptcy court's conclusion is inconsistent with Supreme Court precedent.

The Court should note that the Supreme Court has expressly rejected the notion that a court should hypothesize an outcome, detrimental to the party that has been deprived of due process, as a substitute for the actual opportunity to defend that due process affords every party against whom a claim is stated:

> Instead, the Federal Circuit reasoned that nothing much turned on whether the party opposing Adams' claim for costs and fees was OCP or Nelson. "[N]o basis has been advanced," the panel majority concluded, "to believe anything different or additional would have been done to defend against the allegation of inequitable conduct had Nelson individually already been added as a party or had he been a party from the outset." 175 F.3d, at 1351. We neither dispute nor endorse the substance of this speculation. **We say instead that judicial predictions about the outcome of hypothesized litigation cannot substitute for the actual opportunity to defend that due process affords every party against whom a claim is stated. As Judge Newman wrote in dissent: "The law, at its most fundamental, does not render judgment simply because a person might have been found liable had he been charged."** <u>Id.</u>, at 1354. (Emphasis Added).

<u>Nelson v. Adams USA, Inc.</u>, 529 U.S. 460, 471, 120 S.Ct. 1579, 1587 (2000).

Even if the bankruptcy court's unconstitutional actual prejudice standard had any merit, the Plaintiff (along with the decedent) in the present case has been prejudiced by the lack of notice.

Furthermore, the bankruptcy court's order leaves the Plaintiff without a remedy for the wrongs resulting from decedent's operation of a General Motors vehicle. The deprivation of the due process rights is unjust and unconstitutional. (**Exhibit 7**).

Page 11 of 16

As set forth more fully in the complaint, the decedent was incapacitated from the date of her motor vehicle accident on November 23, 2005, to her untimely death on March 24, 2012. (**Exhibit 3**). Recognizing the obvious fact that an incapacitated person lacks the ability to advocate that person's rights, Michigan law acknowledges that any deadline to act is tolled while the incapacitation exists. See Michigan Compiled Laws Annotated (MCLA) 600.5851(1)&(2). A copy of MCL§ 600.5851 is attached as **Exhibit 8**. Without providing notice to the decedent, the bankruptcy court has affectively deprived the decedent and her family (including the Plaintiff) of the tolling provisions provided by the Michigan legislature which is a statutory right which applies to claims arising under Michigan law.

Indeed, the incapacity of the decedent is a significant factor, since the only person with knowledge of the defective nature of the ignition switch when the ignition system unexpectedly shut down causing the accident (other than the bankrupt GM and later the New GM) along with the impact said defect had on the accident in question was the decedent and she was incapacitated at the time of the July 10, 2009, bankruptcy closing date. Her family did not have knowledge of the defect as evidenced by New GM's admissions that the defect was concealed from the public and governmental officials, and decedent's family was not in the car with her at the time of the accident.

As such and as set forth more fully in the above-mentioned paragraphs, the Plaintiff respectfully requests the following relief. The Plaintiff requests that this Court allow the Eastern District of Michigan to decide the issue of remand. If remand is granted the issues before this Court becomes moot. In the alternative, the Plaintiff requests that

Page 12 of 16

this Court decide the issue of remand and to vacate the CTO-38 upon a showing of lack of subject matter jurisdiction as a result of the due process violations.

## III.   IN THE ALTERNATIVE, TRANSFER OF THIS CASE WILL NOT MAKE LITIGATION MORE CONVENIENT FOR THE PARTIES AND THE WITNESSES AND IT WILL NOT ADVANCE THE JUST AND EFFICIENT CONDUCT OF THIS CASE.

At a minimum, the transfer of this case will not further convenience of the parties and the witnesses, as required by 28 USC 1407(a). Assuming this Court was to find the existence of jurisdiction along with the existence of due process in obtaining jurisdiction, transfer is appropriate, "only when significant economy and efficiency in judicial administration may be obtained." In re Ivy, 901 F.2d 7 (2d. Cir. 1990).

Transfer is not appropriate because issues common to the MDL do not predominate over individual issues of fact. General Motor's fraudulent concealment and Plaintiff's additional claims are actionable under Michigan state law, and should be litigated in Michigan, with Michigan witnesses. Moreover, given the issuance of the Valukas Report[3], common issues of basic liability against General Motors are no longer contested, and transfer would be of no help.

It is also submitted that a transfer of the case will not further the convenience of the Plaintiff and the Michigan witnesses.

As an illustrative example, witnesses to the accident include at least three (3) Michigan State Police officials i.e., Trooper Jason Overstreet, Trooper Greg Hubers and

---

[3] Mr. Valukas is a former United States prosecutor. General Motors commissioned Mr. Valukas to conduct a thorough review of the facts behind the key ignition system defect and recall. A copy of the report is available at: http://www.detroitnews.com/article/20140605/SPECIAL01/140605001

Page 13 of 16

Sergeant Timothy Robbins along with at least one Arenac County Deputy Sheriff i.e., Deputy Chris Jaime. Other identified witnesses to the accident include Steven Danajkowski, Terry Aidif, Gerald Anschuetz and Ruby Anschuetz. A copy of a redacted police report is attached as **Exhibit 9**.

In addition, the decedent was hospitalized and incapacitated for almost seven (7) years during which the decedent was treated by numerous healthcare providers including, but not limited to, Drs. George Shell, Richard Levy, Sunil S. Kini, Thomas Veverka, Jamal Akbar, and Dr. Christian VanDenberg, to name a few of the physicians. In the years that followed the accident, the decedent was treated at Saint Mary's of Standish, Saint Mary's of Michigan (Saginaw), Bay Medical Care Facility and at Spectrum Health Continuing Care Center. All of these facilities are in Michigan.

As illustrated by the above-mentioned witnesses and health care providers, a number of depositions will need to be taken and a transfer to a court in New York will not advance the just and efficient conduct of this case, since the accident and Plaintiff's subsequent treatment all took place in Michigan.

Furthermore, the vehicle at issue was marketed in Michigan. The decedent resided in Michigan, was in the accident in Michigan, was incapacitated in Michigan, and died in Michigan. The personal representative also resides in Michigan.

Furthermore, all of the claims at issue resolve the application of Michigan law to the facts and circumstances which exist in the present case. It would be more efficient for the dispositive issues of Michigan state law to be decided or adjudicated by a Michigan court. Any benefits of coordination of pretrial proceedings can be realized by less drastic

Page 14 of 16

means than transfer of this action and consolidation with a conglomeration of scores of other actions under federal statutes and various laws of many states.

As such and as set forth more fully in the above-mentioned paragraphs, the Plaintiff respectfully requests the following relief. The Plaintiff requests that this Court allow the Eastern District of Michigan to decide the issue of remand. If remand is granted the issues before this Court becomes moot. In the alternative the Plaintiff respectfully requests that this Court first decide the issue of remand and order that Plaintiff's cause of action be remanded to state court.

In the alternative to the above-mentioned relief, the Plaintiff further requests that this Court vacate the CTO-38 upon a showing that the transfer of Plaintiff's lawsuit will not satisfy requirements set forth in 28 USC 1407(a).

## CONCLUSION

For the reasons stated herein, this case should not be transferred to MDL 2543, and the Plaintiff respectfully asks this panel to vacate CTO-38 as it pertains to the Plaintiff.[4]

---

[4] A motion for remand is being filed with the United States District Court for the Eastern District of Michigan. A copy of an Affidavit from Attorney Russell C. Babcock is attached as **Exhibit 10**. A copy of the docket sheets for the Eastern District of Michigan is attached as **Exhibit 11**.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: May 6, 2015

By: /s/ Victor J. Mastromarco, Jr.
Victor J. Mastromarco, Jr.
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com

Counsel for Benjamin W. Pillars as personal Representative of the Estate of Kathleen Ann Pillars, deceased

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re

Chapter 11

MOTORS LIQUIDATION COMPANY, et al.,
f/k/a General Motors Corp., et al.

Case No. 09-50026 (REG)

Debtors.

## BENJAMIN PILLAR'S NO STAY PLEADING

NOW COMES the Plaintiff, BENJAMIN W. PILLARS, as Personal Representative of the Estate of KATHLEEN ANN PILLARS, deceased, by and through his attorneys, THE MASTROMARCO FIRM, and pursuant to the Scheduling Order regarding Motion of General Motors LLC submits his "No Stay Pleading" in opposition to a stay of proceedings for the reasons as set forth more fully in the brief filed in support of this pleading.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: May 28, 2015

By: /s/ Victor J. Mastromarco, Jr.
Victor J. Mastromarco, Jr. (P34564)
Attorney for Plaintiff Benjamin Pillars
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com



THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

## BRIEF IN SUPPORT

## INTRODUCTION

Plaintiff's complaint surrounds an automobile accident which occurred on November 23, 2005. On that day, the decedent, Kathleen Ann Pillars, was driving her 2004 Pontiac Grand Am, to a blood drive. The decedent lost control of her vehicle when the defective ignition switch in her vehicle unexpectedly went to the off position causing the automobile accident. The decedent sustained severe injuries as a result of the accident rendering her incapacitated. The decedent remained incapacitated and died nearly seven (7) years later on March 12, 2012.

During decedent's on-going incapacitation, General Motors Corporation filed for bankruptcy on June 1, 2009, and a month later, without affording the decedent with her due process right of notice, entered into a bankruptcy approved Amended and Restated Master Sale and Purchase Agreement with General Motors LLC ("New GM") with a closing date of July 10, 2009.[1] Subsequently, General Motors LLC disclosed to the public that the car manufacturer had been aware of the fact that its vehicles had a defective ignition system and had concealed that fact from the public and government officials.

The Plaintiff is the decedent's widower and the duly appointed personal representative of her estate having received his letter of authority on November 14, 2014. The Plaintiff filed his wrongful death lawsuit against General Motors LLC on March 23, 2015, the Circuit Court for the County of Bay, State of Michigan.

_____

[1] That agreement was later amended at least one more time. As explained more fully in this brief, the amended agreements do not apply to Plaintiff's claims.

Page 2 of 9

General Motors LLC removed the case to the Eastern District of Michigan citing to 28 U.S.C.A. § 1452 as the sole statutory basis for removal. As explained more fully in this brief, the bankruptcy statute cited by General Motors LLC does not apply to the facts and circumstances which exist in the present case, since Plaintiff's lawsuit will not conceivably have any effect on the bankruptcy estate of Motors Liquidation Company, f/k/a General Motors Corporation. Furthermore, the facts and circumstances which exist in the present case are unrelated to the rulings from this Court as explained more fully in this brief.[2]

For the reasons set forth in this brief, the Plaintiff requests that the Court refrain from imposing a stay on the cause of action brought by the Plaintiff against General Motors LLC.

## DISCUSSION

I.    **IN THE CONTEXT OF PLAINTIFF'S CLAIMS, GENERAL MOTORS LLC HAS TAKEN THE POSITION THAT IT IS RESPONSIBLE FOR "OCCURRENCES" WHICH TOOK PLACE AFTER THE DATE IT ACQUIRED THE BUSINESS OF THE GENERAL MOTORS CORPORATION, AND, AS SUCH, PLAINTIFF'S CLAIMS ARE NOT SUBJECT TO THIS COURT'S ORDERS AND THEY WILL NOT HAVE AN EFFECT ON THE BANKRUPTCY ESTATE RESULTING IN A LACK OF JURISDICTION.**

--------

[2] Even if it was determined by this Court that Plaintiff's lawsuit might conceivably have an effect on the bankruptcy estate, both the abstention provisions of 28 USC § 1334(c) and the equitable remand provision of § 1452(b) grants the District Court wide discretion in the determination whether to hear a case or remand it to the court from which it came. See Shamieh v. HCB Financial Corp., 2014 WL 5365452, 3 (W.D.La.,2014). A copy of the Shameih Opinion is attached as **Exhibit 1**. The Plaintiff submits that the circumstances which exist in the present case support both abstention and equitable remand even if New GM was ultimately able to demonstrate an effect on the bankruptcy estate.

Federal courts are courts of limited jurisdiction. See U.S. Const. art. III, § 2, cl. 1;

Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The "burden of

establishing the contrary rests upon the party asserting jurisdiction." Id.

As acknowledged by New GM in its notice of removal, the Plaintiff brought the

above-captioned action in state court seeking a recovery under a number of state theories

of recovery including (1) products liability; (2) negligence; (3) Michigan Consumer

Protection Act; (4) misrepresentation; (5) breach of contract, (6) promissory estoppel; (7)

fraud; (8) fraudulent concealment; and (9) gross negligence. A copy of New GM's Notice

of Removal w/o exhibits is attached as **Exhibit 2**.

Indeed, Plaintiff's complaint against New GM seeks money damages following

the wrongful death of Kathleen Ann Pillars on March 24, 2012. A copy of the Complaint

is attached as **Exhibit 3**.[3]  The Plaintiff further alleges that the March 24, 2012, death was

the result of a defective motor vehicle. (**Exhibit 3**). This is not disputed in New GM's

notice of removal. (**Exhibit 2**).

The Court should note that New GM admitted in its notice of removal that, in the

context of Plaintiff's claims against it, it is responsible for any "occurrences" that happen

on or after the July 10, 2009, closing date:

> GM LLC admits it ultimately assumed a narrow band of certain liabilities,
> including the following as provided in Section 2.3(a)(ix) of the Sale Order
> and/or the Amended and Restated Master Sale and Purchase Agreement:

---

[3] New GM attached a copy of the complaint to its notice of removal as Exhibit D. The
Court should note that the Plaintiff had already amended his complaint and served said
amendment on New GM at the time of removal. For the purpose of this motion, reference
to the amended complaint is not necessary since the changes/additions made in the
amendment are not material to the limited issue before this Court.

Page 4 of 9

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

> all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), which arise directly out of accidents, incidents **_or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009]_** and arise from such motor vehicles' operation or performance. (Emphasis Added by Plaintiff).

(See page 4, footnote 1 of Notice of Removal - **Exhibit 2**).

New GM made the same representations in paragraph seventeen (17) of its Answer to Plaintiff's Complaint. A copy of the Answer to the Complaint is attached as **Exhibit 4**. As this Court has noted in various rulings, the Amended and Restated Master Sale and Purchase Agreement was subsequently amended and reference to "occurrences" was removed from the amendments. A copy of this Court's Decision is attached as **Exhibit 5**.

In the present case, New GM has chosen to rely upon the original agreement rather than the subsequent amendments (which have different language) which this Court has ruled upon. It is firmly established that New GM is bound by the clear and unequivocal admissions of its attorneys in its submissions. Barnes v. Owens-Corning Fiberglass Corp., 201 F.3d 815, 829 (6th Cir. 2000), MacDonald v. Gen. Motors Corp., 110 F.3d 337, 340 (6th Cir. 1997).

Based upon New GM's admissions, the relevant inquiry is what constitutes an "occurrence" as set forth in the original version of the agreement. Again, the issue of

what constitutes an "occurrence" has never been raised to this Court as evidenced by at least one decision from this Court. **Exhibit 5**.

If an occurrence has taken place after the closing date of July 10, 2009, liability falls squarely upon the liability assumed by New GM rather than the bankrupt entity based upon the language relied upon New GM in its notice of removal and its answer in the District Court proceeding.

It is firmly established that in the absence of a specific definition to the contrary, courts are to give the words their ordinary meaning. The definition of "occurrence" is, "the action, fact, or instance of occurring ... 'something that takes place; an event or incident.'" See the American Heritage Dictionary of the English Language 1219 (5th ed. 2011). A copy of the American Heritage Dictionary definition is attached as **Exhibit 6**. Likewise, the Merriam–Webster's Collegiate Dictionary 858 (11th ed. 2003) defines "occurrence" as, "something that occurs... the action or instance of occurring". A copy of the Merriam–Webster's Dictionary definition is attached as **Exhibit 7**.

In the present case, the Plaintiff brought wrongful death causes of action on behalf of the estate. (See Complaint - **Exhibit 3**). The death of the decedent on March 24, 2012, occurred almost three (3) years after the bankruptcy closing date, is certainly a distinct and discreet occurrence as the term "occurrence" is defined by two (2) major dictionaries.[4]

_____

[4] Furthermore, the death of the Plaintiff was the result of the injuries she sustained from her operation of a General Motors vehicle. (**Exhibit 3**).

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Significantly, federal subject matter jurisdiction is lacking if an effect on the bankruptcy estate cannot be shown:

> Since the proceeding before this court does not involve the bankruptcy petition itself we find that it is not a "core" proceeding. Therefore, in order to determine whether we may exercise jurisdiction at all, we must determine whether it is at least "related to" Daher's bankruptcy case. And we find that it is at least "related to" because resolution of Daher's liability in this matter "could *conceivably* have [an] effect on the estate being administered in bankruptcy." Wood, 825 F.2d at 93.

Shamieh v. HCB Financial Corp., 2014 WL 5365452, 3 (W.D.La.,2014). **Exhibit 1**.

Pursuant to the Amended and Restated Master Sale and Purchase Agreement, relied upon by New GM in its notice of removal and its answer to the complaint the March 24, 2012, occurrence is a liability of the New GM and not a liability of the bankrupt entity. As such, Plaintiff's state court complaint (which is currently pending in the Eastern District of Michigan, does not involve the bankruptcy petition and, as already explained in the above-mentioned discussion, it will not have any effect on the bankruptcy estate being administered because Plaintiff's claims pertain to the New GM and not the bankrupt entity.[5][6]

---

[5] The Plaintiff in his complaint alleges a number of claims including intentional torts. **Exhibit 3.** Even if this Court (or a court with jurisdiction) ultimately concluded that the bankrupt entity, rather than New GM, was ultimately found to be liable, an intentional tort is not dischargeable through the bankruptcy process. See 11 U.S.C.A. § 523(a)(6). Again, it remains Plaintiff's position that New GM is liable.

[6] If this Court (or a court with jurisdiction) ultimately concluded that the bankrupt entity rather than New GM was liable for Plaintiff's claims, the Plaintiff has been unfairly prejudiced by the rulings from this Court.
As set forth more fully in the complaint, the decedent was incapacitated from the date of her motor vehicle accident on November 23, 2005, to her untimely death on March 24, 2012. (See Complaint - **Exhibit 2**). The lack of notice provided to the decedent or her family is significant. Recognizing the obvious fact that an incapacitated person lacks the

Page 7 of 9

# CONCLUSION

As such the Plaintiff respectfully requests that the Court issue an order concluding

that Plaintiff's claims are not subject to a stay of proceedings.

---

ability to advocate that person's rights, Michigan law acknowledges that any deadline to act is tolled while the incapacitation exists. See Michigan Compiled Laws Annotated (MCLA) 600.5851(1)&(2).

When a bankruptcy debtor seeks relief against third parties, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections as explained by the Supreme Court. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-315, 70 S.Ct. 652, 657 (1950).

This fundamental principle has been repeated in subsequent decisions including the following from the Bankruptcy Court for the District of New Jersey. In re Martini, 2006 WL 4452974, 7 (Bkrtcy.D.N.J.,2006).

The method of notice necessary to satisfy due process depends on whether a creditor is "known" or "unknown" at the time the notice is to be given. While unknown creditors are merely entitled to constructive publication notice of the proceedings, known creditors must receive actual notice. See Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800 (1983). This is true regardless of how widely-publicized the bankruptcy case is or whether the known creditor is actually aware of the bankruptcy proceedings. See City of New York v. New York, New Haven & Hartford R.R. Co., 344 U.S. 293, 297 (1953) ("[E]ven creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred."); Arch Wireless, Inc. v. Nationwide Paging, Inc. (In re Arch Wireless, Inc.), 534 F.3d 76, 83 (1st Cir. 2008) (same).

This Court has already concluded that the circumstances surrounding the Sale Order regarding the Amended and Restated Master Sale and Purchase Agreement violated the due process rights of the various owners of vehicles with defective ignition systems. In re Motors Liquidation Company, 2015 WL 1727285 (Bkrtcy.S.D.N.Y.2015). The Supreme Court has expressly rejected the notion that a court should hypothesize an outcome, detrimental to the party that has been deprived of due process, as a substitute for the actual opportunity to defend that due process affords every party against whom a claim is stated. Nelson v. Adams USA, Inc., 529 U.S. 460, 471, 120 S.Ct. 1579, 1587 (2000).

The Plaintiff (along with the decedent) in the present case has been unconstitutionally prejudiced by the lack of notice. Furthermore, the bankruptcy court's order leaves the Plaintiff without a remedy for the wrongs resulting from decedent's operation of a General Motors vehicle. The deprivation of the due process rights is unjust and unconstitutional.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: <u>May 28, 2015</u>                   By: <u>*/s/ Victor J. Mastromarco, Jr.*</u>
                                            Victor J. Mastromarco, Jr. (P34564)
                                            Attorney for Plaintiff Benjamin Pillars
                                            1024 N. Michigan Avenue
                                            Saginaw, Michigan 48602
                                            (989) 752-1414
                                            <u>vmastromar@aol.com</u>

Page 9 of 9

## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE:  GENERAL MOTORS LLC IGNITION
SWITCH LITIGATION                                    MDL NO. 2543

## BRIEF IN SUPPORT PLAINTIFF'S REPLY TO NEW GM'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER-38 AND SUPPORTING BRIEF

## INTRODUCTION

New GM in its response argues that this Court should rule upon the motion to vacate the conditional transfer order forthwith rather than afford the Honorable Thomas L. Ludington an opportunity to rule upon a motion for remand which has been fully briefed as acknowledged by New GM in its response.

It is respectfully submitted that a decision on the motion for remand may make the issues before this Court moot, and, as such, affording the Eastern District of Michigan an opportunity to rule upon said motion will promote judicial economy.

Furthermore, the issue raised by New GM before Judge Ludington is unique as explained more fully in this reply. As such and as explained more fully in this reply, there is no chance that Judge Ludington will issue a ruling which will be inconsistent with prior rulings in this forum or in the bankruptcy proceeding.



# REBUTTAL ARGUMENT

New GM in its response to Plaintiff's motion does not dispute the fact that it admitted in its Eastern District of Michigan notice of removal that, in the context of Plaintiff's claims against it, it is responsible for any "occurrences" that happen on or after the July 10, 2009, closing date. Again, New GM made the following representation in its notice of removal:

> GM LLC admits it ultimately assumed a narrow band of certain liabilities, including the following as provided in Section 2.3(a)(ix) of the Sale Order and/or the Amended and Restated Master Sale and Purchase Agreement:
>
> > all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), which arise directly out of accidents, incidents **_or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009]_** and arise from such motor vehicles' operation or performance. (Emphasis Added by Plaintiff).

(See page 4, footnote 1 of Notice of Removal - Exhibit 2 to Motion to Vacate CTO38).

The Court should also note that New GM made the same representations in paragraph seventeen (17) of its Answer to Plaintiff's Amended Complaint.[1] A copy of the Answer to the Complaint is attached as **Exhibit A**.

---

[1] New GM attached a copy of the complaint to its notice of removal as Exhibit D. The Court should note that the Plaintiff had already amended his complaint and served said amendment on New GM at the time of removal. For the purpose of this

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Accordingly, New GM's answer to the complaint along with its notice of removal further demonstrates that there is no dispute as to which version of the purchase agreement which New GM has chosen to rely upon in the context of Plaintiff's pending lawsuit before the Eastern District of Michigan.[2]

The position taken by New GM in the Eastern District of Michigan is significant, since, as the Bankruptcy Court has noted in its rulings, the Amended and Restated Master Sale and Purchase Agreement was superseded by subsequent amendments to said agreement wherein the phrase, "*or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009]*" was removed. A copy of the Bankruptcy Court's Decision is attached as **Exhibit B**.

The undersigned is not aware of a single case where New GM has chosen to rely upon the above-mention language which only appears in the original purchase agreement. In other words, the arguments raised by New GM in the present case are unique. There is no reason why the District Court for the Eastern District of Michigan should not decide the issue. See In re Consol. Fen-Phen Cases, No. 03

---

motion, reference to the amended complaint is not necessary since the changes/additions made in the amendment are not material to the limited issue before this Court.

[2] New GM in its response has not challenged the fact that it is bound by the clear and unequivocal admissions of its attorneys in its submissions to this Court. Barnes v. Owens-Corning Fiberglass Corp., 201 F.3d 815, 829 (6th Cir. 2000), MacDonald v. Gen. Motors Corp., 110 F.3d 337, 340 (6th Cir. 1997).

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

CV 3081 (JG), 2003 WL 22682440 (E.D.N.Y. Nov. 12, 2003). A copy of the

District Court Decision is attached as **Exhibit C**.

Furthermore, the bankruptcy court has never been asked by New GM to rule

upon the original purchase agreement or the language, "*or other distinct and*

*discreet occurrences that happen on or after the Closing Date [July 10, 2009]*".

(See **Exhibit B**, see also Exhibit 6 to Motion for Remand). This fact has been

noted by the bankruptcy court in at least one of its rulings:

> Though it is undisputed that "incidents" remained in the MSPA after
> additional words "or other distinct and discrete occurrences," were deleted,
> neither side was able, or chose, to explain, by evidence, why the latter words
> were dropped, and what, if any relevance the dropping of the additional
> words might have as to the meaning of the word "incidents" that remained.

(**Exhibit B**). Again, it remains Plaintiff's position that the phrase, "*or other*

*distinct and discreet occurrences that happen on or after the Closing Date [July*

*10, 2009]*" is significant.

New GM also does not challenge in its response the proposition that courts

are to give the words their ordinary meaning. The definition of "occurrence" is,

"the action, fact, or instance of occurring ... 'something that takes place; an event

or incident.'" See the American Heritage Dictionary of the English Language 1219

(5th ed. 2011). A copy of the American Heritage Dictionary definition was

attached as Exhibit 4 to Plaintiff's motion to vacate CTO38. Likewise, the

Merriam–Webster's  Collegiate  Dictionary  858  (11th  ed.  2003)  defines

"occurrence" as, "something that occurs... the action or instance of occurring". A copy of the Merriam–Webster's Dictionary definition was attached as Exhibit 5 to the motion to vacate CTO38.

As pointed out in Plaintiff's motion, the Plaintiff brought wrongful death causes of action on behalf of the estate. (See Exhibit 3 to Motion to vacate CTO38). The death of the decedent on March 24, 2012, occurred almost three (3) years after the bankruptcy closing date, is certainly a distinct and discreet occurrence as the term "occurrence" is defined by two (2) major dictionaries.[3] New GM in its response does not dispute this fact.

## CONCLUSION

For the reasons stated herein, the Court should refrain from ruling on the transfer of this case until the issue of subject matter jurisdiction is addressed by the Eastern District of Michigan.

In the alternative and/or in the unlikely event the motion for remand is denied, the Plaintiff respectfully asks this panel to vacate CTO-38 as it pertains to the Plaintiff for the reasons set forth in his motion.

---

[3] Furthermore, the death of the decedent was the result of the injuries she sustained from her operation of a General Motors vehicle. (See Exhibit 3 to Motion to vacate CTO38).

Page 5 of 6

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: June 4, 2015

By: /s/ Victor J. Mastromarco, Jr.
Victor J. Mastromarco, Jr.
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com

Counsel for Benjamin W. Pillars as personal
Representative of the Estate of Kathleen
Ann Pillars, deceased

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

BENJAMIN W. PILLARS,
as Personal Representative of the Estate of
KATHLEEN ANN PILLARS, deceased,

     Plaintiffs,               Case No. 1:15-cv-11360-TLL-PTM

v.                             Hon. Thomas L. Ludington

GENERAL MOTORS LLC,

     Defendant.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR.  (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
 Saginaw, Michigan  48602
(989) 752-1414
vmastromar@aol.com

BOWMAN AND BROOKE LLP
THOMAS P. BRANIGAN (P41774)
Attorneys for Defendant
41000 Woodward Ave., Ste. 200 East
Bloomfield Hills, Michigan 48304
(248)205-3300
thomas.branigan@bowmanandbrooke.com

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY



NOW COMES the Plaintiff, BENJAMIN W. PILLARS, as Personal Representative of the Estate of KATHLEEN ANN PILLARS, deceased, by and through his attorneys, THE MASTROMARCO FIRM, and hereby submits his response to Defendant's motion and requests that this Honorable Court deny Defendant's motion for the reasons as set forth more fully in the brief filed in support of this response.

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: June 9, 2015          By: /s/ Victor J. Mastromarco, Jr.
                             Victor J. Mastromarco, Jr. (P34564)
                             Attorney for Plaintiff
                             1024 N. Michigan Avenue
                             Saginaw, Michigan 48602
                             (989) 752-1414
                             vmastromar@aol.com

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

## BRIEF IN SUPPORT OF
## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY

## INTRODUCTION

New GM in its response urges this Court to issue a stay and refrain from ruling on the motion for remand stating that allowing the Judicial Panel on Multidistrict Litigation to the decide the issue of remand. New GM's argument is misplaced for at least two reasons.

First, a motion for remand has been filed with this Court rather than with the Multidistrict Litigation panel. The motion before the Multidistrict Litigation panel is a motion to vacate the Conditional Transfer Order rather than a motion for remand. A copy of the Multidistrict Litigation Docket Entry is attached as **Exhibit A.** Issues of remand should be decided before all other matters. See University of South Alabama v. American Tobacco Co., 68 F.3d 405, 410 (11th Cir. 1999).

Second, the issue raised by New GM in its notice of removal before this Court is unique as explained more fully in this response. New GM has not raised this issue in any other proceeding. Accordingly, this Court's addressing the issue raised before this Court will not result in an inconsistent ruling.[1]

---

[1] Even if an inconsistent ruling was possible, none of the cases cited by New GM are binding upon this Court and none of the cases cited by New GM stands for the proposition that this Court cannot decide issues of jurisdiction.

Page 3 of 10

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

# ARGUMENT

New GM in its motion does not dispute the fact that it admitted in its notice

of removal that, in the context of Plaintiff's claims against it, it is responsible for

any "occurrences" that happen on or after the July 10, 2009, closing date. Again,

New GM made the following representation in its notice of removal:

> GM LLC admits it ultimately assumed a narrow band of certain liabilities,
> including the following as provided in Section 2.3(a)(ix) of the Sale Order
> and/or the Amended and Restated Master Sale and Purchase Agreement:
>
> > all Liabilities to third parties for death, personal injury, or other
> > injury to Persons or damage to property caused by motor vehicles
> > designed for operation on public roadways or by the component parts
> > of such motor vehicles and, in each case, manufactured, sold or
> > delivered by Sellers (collectively, "Product Liabilities"), which arise
> > directly out of accidents, incidents **or other distinct and discreet**
> > **occurrences that happen on or after the Closing Date [July 10,**
> > **2009]** and arise from such motor vehicles' operation or performance.
> > (Emphasis Added by Plaintiff).

(See page 4, footnote 1 of Notice of Removal - Exhibit 2 to Motion for Remand).

The Court should also note that New GM made the same representations in

paragraph seventeen (17) of its Answer to Plaintiff's Amended Complaint.[2]

Accordingly, New GM's answer to the complaint along with its response to

Plaintiff's motion further demonstrates that there is no dispute as to which version

---

[2] New GM attached a copy of the complaint to its notice of removal as Exhibit D.
The Court should note that the Plaintiff had already amended his complaint and
served said amendment on New GM at the time of removal. For the purpose of this
response, reference to the amended complaint is not necessary since the
changes/additions made in the amendment are not material to the limited issue
before this Court.

Page 4 of 10

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

of the purchase agreement which New GM has chosen to rely upon in the context of Plaintiff's pending lawsuit before this Court.[3]

The position taken by New GM in the above-captioned lawsuit is significant, since, as the Bankruptcy Court has noted in its rulings, the Amended and Restated Master Sale and Purchase Agreement was superseded by subsequent amendments to said agreement wherein the phrase, "*__or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009]__*" was removed. A copy of the Bankruptcy Court's Decision is attached as **Exhibit B**.

The undersigned is not aware of a single case where New GM has chosen to rely upon the above-mention language which only appears in the original purchase agreement.  In other words, the arguments raised by New GM in the present case are unique.

There is no reason why this Court should not decide the issue. See <u>In re Consol. Fen-Phen Cases</u>, No. 03 CV 3081 (JG), 2003 WL 22682440 (E.D.N.Y. Nov. 12, 2003). A copy of the District Court Decision is attached as **Exhibit C**. In its filings with the MultiDistrict Litigation Panel acknowledges that this Court has the ability to rule on the motion for remand:

---

[3] New GM in its response has not challenged the fact that it is bound by the clear and unequivocal admissions of its attorneys in its submissions to this Court. <u>Barnes v. Owens-Corning Fiberglass Corp.</u>, 201 F.3d 815, 829 (6th Cir. 2000), <u>MacDonald v. Gen. Motors Corp.</u>, 110 F.3d 337, 340 (6th Cir. 1997).

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

To the contrary, as the Panel also recognized in each of those cases, "under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so." (12/12/14 Transfer Order (*Alers* and *Green*) at 1 n. 2; 2/5/15 Transfer Order (*Bloom*) at 1–2 n. 1; *accord* 10/15/14 Transfer Order (*Boyd*, *Kandziora*, and *Yagman*) at 1–2 n. 2.)

A copy of New GM's Response to the Motion to Vacate CTO38 is attached as

**Exhibit D**.

Furthermore, the bankruptcy court has never been asked by New GM to rule upon the original purchase agreement or the language, "***or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009]***".

(See **Exhibit B**, see also Exhibit 6 to Motion for Remand). This fact has been noted by the bankruptcy court in at least two of its rulings:

> Though it is undisputed that "incidents" remained in the MSPA after additional words "or other distinct and discrete occurrences," were deleted, neither side was able, or chose, to explain, by evidence, why the latter words were dropped, and what, if any relevance the dropping of the additional words might have as to the meaning of the word "incidents" that remained.

**(Exhibit B)**.

> The agreement under which the 363 Sale would take place, which had the formal name of "Amended and Restated Master Sale and Purchase Agreement," dated June 26, 2009 (often referred to by the parties as the "ARMSPA" but by this Court as the "Sale Agreement"), was originally filed with the Sale Motion on June 1, 2009. **It was thereafter <u>amended</u>—in respects relevant here (1) to incorporate an agreement with the AGs under which New GM would assume**

Page 6 of 10

> liabilities under state Lemon Laws, and (2) to provide that New
> GM would assume responsibility for any and all accidents or
> incidents giving rise to death, personal injury, or property
> damage after the date of closing of the 363 Sale, irrespective of
> whether the vehicle was manufactured by Old GM or New GM.

(Pages 23-24 Exhibit 6 to Motion for Remand). Again, it remains Plaintiff's

position that the phrase, "*or other distinct and discreet occurrences that happen*

*on or after the Closing Date [July 10, 2009]*"is significant.

This fact is further illustrated by a judgment which was recently entered by

the bankruptcy court wherein that court again relies upon the language "incident"

and "accident" on page three (3) of the judgment but makes no mention to the

phrase, "*or other distinct and discreet occurrences that happen on or after the*

*Closing Date [July 10, 2009]*" which only appears in the original version of the

agreement:

> Any claims and/or causes of action brought by the Ignition Switch
> Pre-Closing Accident Plaintiffs that seek to hold New GM liable for
> **accidents or incidents** that occurred prior to the closing of the 363
> Sale are barred and enjoined pursuant to the Sale Order. (Emphasis
> Added by Plaintiff).

A copy of the Bankruptcy Court's Judgment is attached as **Exhibit E**.

New GM also does not challenge in its response to the motion for remand

the proposition that courts are to give the words their ordinary meaning. The

definition of "occurrence" is, "the action, fact, or instance of occurring ...

'something that takes place; an event or incident.'" See the American Heritage

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Dictionary of the English Language 1219 (5th ed. 2011). A copy of the American Heritage Dictionary definition was attached as Exhibit 6 to Plaintiff's motion for remand. Likewise, the Merriam–Webster's Collegiate Dictionary 858 (11th ed. 2003) defines "occurrence" as, "something that occurs... the action or instance of occurring". A copy of the Merriam–Webster's Dictionary definition was attached as Exhibit 7 to the motion for remand.

As pointed out in Plaintiff's motion for remand, the Plaintiff brought wrongful death causes of action on behalf of the estate. (See Exhibit 3 to Motion for Remand). The death of the decedent on March 24, 2012, occurred almost three (3) years after the bankruptcy closing date, is certainly a distinct and discreet occurrence as the term "occurrence" is defined by two (2) major dictionaries.[4] New GM in its response to the motion for remand does not dispute this fact.

As such, the Plaintiff again requests that this Court deny Defendant's motion for stay and find a lack of subject matter jurisdiction and remand Plaintiff's case back to the Bay County Circuit Court.

---

[4] Furthermore, the death of the decedent was the result of the injuries she sustained from her operation of a General Motors vehicle. (See Exhibit 3 to Motion for Remand).

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

# CONCLUSION

As such and as set forth more fully in the above-mentioned paragraphs, the Plaintiff respectfully requests that the Court deny Defendant's motion for a stay and remand the above-captioned case to the Bay County Circuit Court.

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: June 9, 2015

By: */s/ Victor J. Mastromarco, Jr.*
Victor J. Mastromarco, Jr. (P34564)
Attorney for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

## PROOF OF SERVICE

I hereby certify that on **June 9, 2015**, I presented the foregoing papers to the Clerk of the Court for the filing and uploading to the CM/ECF system, which will send notification of such filing to the following: **Andrew Baker Bloomer & Thomas P. Branigan**.

THE MASTROMARCO FIRM

Dated: June 9, 2015

By: */s/ Victor J. Mastromarco, Jr.*
Victor J. Mastromarco, Jr.
Attorney for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, et al., f/k/a General Motors Corp., et al. | Case No. 09-50026 (REG) |
| Debtors. | |

### BENJAMIN PILLAR'S OBJECTION PLEADING

NOW COMES the Plaintiff, BENJAMIN W. PILLARS, as Personal Representative of the Estate of KATHLEEN ANN PILLARS, deceased, by and through his attorneys, THE MASTROMARCO FIRM, and pursuant to this Court's Judgment dated June 1, 2015, submits his "Objection Pleading" for the reasons as set forth more fully in the brief filed in support of this pleading.

**The Court should note that the Plaintiff has also filed a "No Dismissal Pleading" which essentially mirrors this pleading in its content and exhibits. The additional pleading was filed so as to conform with the Court's direction as to the nature of permissible pleadings which could be filed in response to its judgment.**

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: <u>June 23, 2015</u>

By: <u>/s/ Victor J. Mastromarco, Jr.</u>
Victor J. Mastromarco, Jr. (P34564)
Attorney for Benjamin Pillars
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com



PLAINTIFF'S EXHIBIT 2

# BRIEF IN SUPPORT

## INTRODUCTION

Plaintiff's complaint surrounds an automobile accident which occurred on November 23, 2005. On that day, the decedent, Kathleen Ann Pillars, was driving her 2004 Pontiac Grand Am, to a blood drive. The decedent lost control of her vehicle when the defective ignition switch in her vehicle unexpectedly went to the off position causing the automobile accident. The decedent sustained severe injuries as a result of the accident rendering her incapacitated. The decedent remained incapacitated and died nearly seven (7) years later on March 12, 2012.

During decedent's on-going incapacitation, General Motors Corporation filed for bankruptcy on June 1, 2009, and a month later, without affording the decedent with her due process right of notice, entered into a bankruptcy approved Amended and Restated Master Sale and Purchase Agreement with General Motors LLC ("New GM") with a closing date of July 10, 2009.[1] Subsequently, General Motors LLC disclosed to the public that the car manufacturer had been aware of the fact that its vehicles had a defective ignition system and had concealed that fact from the public and government officials.

The Plaintiff is the decedent's widower and the duly appointed personal representative of her estate having received his letter of authority on November 14, 2014. The Plaintiff filed his wrongful death lawsuit against General Motors LLC on March 23, 2015, the Circuit Court for the County of Bay, State of Michigan.

---

[1] That agreement was later amended at least one more time. As explained more fully in this brief, the amended agreements do not apply to Plaintiff's claims.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

General Motors LLC removed the case to the Eastern District of Michigan citing to 28 U.S.C.A. § 1452 as the sole statutory basis for removal. As explained more fully in this brief, the bankruptcy statute cited by General Motors LLC does not apply to the facts and circumstances which exist in the present case, since Plaintiff's lawsuit will not conceivably have any effect on the bankruptcy estate of Motors Liquidation Company, f/k/a General Motors Corporation. Furthermore, the facts and circumstances which exist in the present case are unrelated to the rulings from this Court as explained more fully in this brief.[2] Finally, this Court's Judgment improperly identifies Plaintiff's lawsuit as a "non-ignition switch complaint".

For the reasons set forth in this brief, the Plaintiff objects this Court's judgment and hereby submits his "Objection Pleading".

## DISCUSSION

**I.    THIS COURT'S JUDGMENT IMPROPERLY IDENTIFIES PLAINTIFF'S CLAIMS AS BEING A "NON-IGNITION SWITCH COMPLAINT".**

In its judgment this Court identifies Plaintiff's claims as being a "non-ignition switch complaint". A review of Plaintiff's complaint clearly demonstrates that his claims pertain to a defective ignition switch. As illustrative examples, paragraphs (7) and (8)

---

[2] Even if it was determined by this Court that Plaintiff's lawsuit might conceivably have an effect on the bankruptcy estate, both the abstention provisions of 28 USC § 1334(c) and the equitable remand provision of § 1452(b) grants the District Court wide discretion in the determination whether to hear a case or remand it to the court from which it came. See Shamieh v. HCB Financial Corp., 2014 WL 5365452, 3 (W.D.La.,2014). A copy of the Shameih Opinion is attached as **Exhibit 1**. The Plaintiff submits that the circumstances which exist in the present case support both abstention and equitable remand even if New GM was ultimately able to demonstrate an effect on the bankruptcy estate.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

along with paragraphs (22b) and (22c) specifically mention the defective ignition switch. A copy of the Complaint is attached as **Exhibit 2**.

Accordingly, Plaintiff's complaint is not a "non-ignition switch complaint" and should not be subjected to the dismissal set forth in this Court's judgment.

## II.    IN THE CONTEXT OF PLAINTIFF'S CLAIMS, GENERAL MOTORS LLC HAS TAKEN THE POSITION THAT IT IS RESPONSIBLE FOR "OCCURRENCES" WHICH TOOK PLACE AFTER THE DATE IT ACQUIRED THE BUSINESS OF THE GENERAL MOTORS CORPORATION, AND, AS SUCH, PLAINTIFF'S CLAIMS ARE NOT SUBJECT TO THIS COURT'S ORDERS AND THEY WILL NOT HAVE AN EFFECT ON THE BANKRUPTCY ESTATE RESULTING IN A LACK OF JURISDICTION.

Federal courts are courts of limited jurisdiction. See U.S. Const. art. III, § 2, cl. 1; Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The "burden of establishing the contrary rests upon the party asserting jurisdiction." Id.

As acknowledged by New GM in its notice of removal, the Plaintiff brought the above-captioned action in state court seeking a recovery under a number of state theories of recovery including (1) products liability; (2) negligence; (3) Michigan Consumer Protection Act; (4) misrepresentation; (5) breach of contract, (6) promissory estoppel; (7) fraud; (8) fraudulent concealment; and (9) gross negligence. A copy of New GM's Notice of Removal w/o exhibits is attached as **Exhibit 3**.

Indeed, Plaintiff's complaint against New GM seeks money damages following the wrongful death of Kathleen Ann Pillars on March 24, 2012. A copy of the Complaint

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

is attached as **Exhibit 2**.[3] The Plaintiff further alleges that the March 24, 2012, death was

the result of a defective motor vehicle. (**Exhibit 2**). This is not disputed in New GM's

notice of removal. (**Exhibit 3**).

The Court should note that New GM admitted in its notice of removal that, in the

context of Plaintiff's claims against it, it is responsible for any "occurrences" that happen

on or after the July 10, 2009, closing date:

> GM LLC admits it ultimately assumed a narrow band of certain liabilities,
> including the following as provided in Section 2.3(a)(ix) of the Sale Order
> and/or the Amended and Restated Master Sale and Purchase Agreement:
>
>> all Liabilities to third parties for death, personal injury, or
>> other injury to Persons or damage to property caused by
>> motor vehicles designed for operation on public roadways or
>> by the component parts of such motor vehicles and, in each
>> case, manufactured, sold or delivered by Sellers (collectively,
>> "Product Liabilities"), which arise directly out of accidents,
>> incidents **_or other distinct and discreet occurrences that
>> happen on or after the Closing Date [July 10, 2009]_** and
>> arise from such motor vehicles' operation or performance.
>> (Emphasis Added by Plaintiff).

(See page 4, footnote 1 of Notice of Removal - **Exhibit 3**).

New GM made the same representations in paragraph seventeen (17) of its

Answer to Plaintiff's Complaint. A copy of the Answer to the Complaint is attached as

**Exhibit 4**. As this Court has noted in various rulings, the Amended and Restated Master

Sale and Purchase Agreement was subsequently amended and reference to "occurrences"

---

[3] New GM attached a copy of the complaint to its notice of removal as Exhibit D. The
Court should note that the Plaintiff had already amended his complaint and served said
amendment on New GM at the time of removal. For the purpose of this motion, reference
to the amended complaint is not necessary since the changes/additions made in the
amendment are not material to the limited issue before this Court.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

was removed from the amendments. A copy of this Court's Decision is attached as **Exhibit 5**.

In the present case, New GM has chosen to rely upon the original agreement rather than the subsequent amendments (which have different language) which this Court has ruled upon. It is firmly established that New GM is bound by the clear and unequivocal admissions of its attorneys in its submissions. Barnes v. Owens-Corning Fiberglass Corp., 201 F.3d 815, 829 (6th Cir. 2000), MacDonald v. Gen. Motors Corp., 110 F.3d 337, 340 (6th Cir. 1997).

Based upon New GM's admissions, the relevant inquiry is what constitutes an "occurrence" as set forth in the original version of the agreement.  Again, the issue of what constitutes an "occurrence" has never been raised to this Court as evidenced by at least one decision from this Court. **Exhibit 5**.

If an occurrence has taken place after the closing date of July 10, 2009, liability falls squarely upon the liability assumed by New GM rather than the bankrupt entity based upon the language relied upon New GM in its notice of removal and its answer in the District Court proceeding.

It is firmly established that in the absence of a specific definition to the contrary, courts are to give the words their ordinary meaning. The definition of "occurrence" is, "the action, fact, or instance of occurring ... 'something that takes place; an event or incident.'" See the American Heritage Dictionary of the English Language 1219 (5th ed. 2011). A copy of the American Heritage Dictionary definition is attached as **Exhibit 6**. Likewise, the Merriam–Webster's Collegiate Dictionary 858 (11th ed. 2003) defines

Page 6 of 10

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

"occurrence" as, "something that occurs... the action or instance of occurring". A copy of the Merriam–Webster's Dictionary definition is attached as **Exhibit 7**.

In the present case, the Plaintiff brought wrongful death causes of action on behalf of the estate. (See Complaint - **Exhibit 2**). The death of the decedent on March 24, 2012, occurred almost three (3) years after the bankruptcy closing date, is certainly a distinct and discreet occurrence as the term "occurrence" is defined by two (2) major dictionaries.[4]

Significantly, federal subject matter jurisdiction is lacking if an effect on the bankruptcy estate cannot be shown:

> Since the proceeding before this court does not involve the bankruptcy petition itself we find that it is not a "core" proceeding. Therefore, in order to determine whether we may exercise jurisdiction at all, we must determine whether it is at least "related to" Daher's bankruptcy case. And we find that it is at least "related to" because resolution of Daher's liability in this matter "could *conceivably* have [an] effect on the estate being administered in bankruptcy." Wood, 825 F.2d at 93.

Shamieh v. HCB Financial Corp., 2014 WL 5365452, 3 (W.D.La.,2014). **Exhibit 1**.

Pursuant to the Amended and Restated Master Sale and Purchase Agreement, relied upon by New GM in its notice of removal and its answer to the complaint the March 24, 2012, occurrence is a liability of the New GM and not a liability of the bankrupt entity. As such, Plaintiff's state court complaint (which is currently pending in the Eastern District of Michigan, does not involve the bankruptcy petition and, as already explained in the above-mentioned discussion, it will not have any effect on the

---

[4] Furthermore, the death of the Plaintiff was the result of the injuries she sustained from her operation of a General Motors vehicle. (**Exhibit 2**).

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

bankruptcy estate being administered because Plaintiff's claims pertain to the New GM and not the bankrupt entity.[5]

For the above-mentioned reasons, a dismissal or staying of Plaintiff's complaint is not appropriate, since Plaintiff's claims pertain to the New GM.

In the alternative, if this Court (or a court with jurisdiction) ultimately concluded that the bankrupt entity rather than New GM was liable for Plaintiff's claims, the Plaintiff has been unfairly prejudiced by the rulings from this Court.

As set forth more fully in the complaint, the decedent was incapacitated from the date of her motor vehicle accident on November 23, 2005, to her untimely death on March 24, 2012. (See Complaint - **Exhibit 2**). The lack of notice provided to the decedent or her family is significant. Recognizing the obvious fact that an incapacitated person lacks the ability to advocate that person's rights, Michigan law acknowledges that any deadline to act is tolled while the incapacitation exists. See Michigan Compiled Laws Annotated (MCLA) 600.5851(1)&(2).

When a bankruptcy debtor seeks relief against third parties, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections as explained by the Supreme Court. See <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314-315, 70 S.Ct. 652, 657 (1950).

---

[5] The Plaintiff in his complaint alleges a number of claims including intentional torts. **Exhibit 2.** Even if this Court (or a court with jurisdiction) ultimately concluded that the bankrupt entity, rather than New GM, was ultimately found to be liable, an intentional tort is <u>not</u> dischargeable through the bankruptcy process. See 11 U.S.C.A. § 523(a)(6). Again, it remains Plaintiff's position that New GM is liable.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

This fundamental principle has been repeated in subsequent decisions including the following from the Bankruptcy Court for the District of New Jersey. In re Martini, 2006 WL 4452974, 7 (Bkrtcy.D.N.J.,2006).

The method of notice necessary to satisfy due process depends on whether a creditor is "known" or "unknown" at the time the notice is to be given. While unknown creditors are merely entitled to constructive publication notice of the proceedings, known creditors must receive actual notice. See Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800 (1983). This is true regardless of how widely-publicized the bankruptcy case is or whether the known creditor is actually aware of the bankruptcy proceedings. See City of New York v. New York, New Haven & Hartford R.R. Co., 344 U.S. 293, 297 (1953) ("[E]ven creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred."); Arch Wireless, Inc. v. Nationwide Paging, Inc. (In re Arch Wireless, Inc.), 534 F.3d 76, 83 (1st Cir. 2008) (same).

This Court has already concluded that the circumstances surrounding the Sale Order regarding the Amended and Restated Master Sale and Purchase Agreement violated the due process rights of the various owners of vehicles with defective ignition systems. In re Motors Liquidation Company, 2015 WL 1727285 (Bkrtcy.S.D.N.Y.2015). The Supreme Court has expressly rejected the notion that a court should hypothesize an outcome, detrimental to the party that has been deprived of due process, as a substitute for the actual opportunity to defend that due process affords every party against whom a

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

claim is stated. <u>Nelson v. Adams USA, Inc.</u>, 529 U.S. 460, 471, 120 S.Ct. 1579, 1587 (2000).

The Plaintiff (along with the decedent) in the present case has been unconstitutionally prejudiced by the lack of notice. Furthermore, the bankruptcy court's order leaves the Plaintiff without a remedy for the wrongs resulting from decedent's operation of a General Motors vehicle. The deprivation of the due process rights is unjust and unconstitutional. The Plaintiff should not be subjected to proceedings which were the result of unconstitutional behavior.

## CONCLUSION

As such the Plaintiff respectfully objects to the Court's judgment and requests that the Court issue an order concluding that Plaintiff's complaint is not a "non-ignition switch complaint" and is not subject to the dismissal set forth in the judgment. Furthermore, the Plaintiff requests that the Court find that the Plaintiff can proceed with his claims against the New GM. In the alternative, the Plaintiff requests that the Court find Plaintiff is not subject to the limitations which arose from unconstitutional behavior and/or outcomes.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: <u>June 23, 2015</u>

By: <u>/s/ Victor J. Mastromarco, Jr.</u>
Victor J. Mastromarco, Jr. (P34564)
Attorney for Plaintiff Benjamin Pillars
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com

Page 10 of 10

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, et al., f/k/a General Motors Corp., et al. | Case No. 09-50026 (REG) |
| Debtors. | |

## BENJAMIN PILLAR'S NO DISMISSAL PLEADING

NOW COMES the Plaintiff, BENJAMIN W. PILLARS, as Personal Representative of the Estate of KATHLEEN ANN PILLARS, deceased, by and through his attorneys, THE MASTROMARCO FIRM, and pursuant to this Court's Judgment dated June 1, 2015, submits his "No Dismissal Pleading" for the reasons as set forth more fully in the brief filed in support of this pleading.

**The Court should note that the Plaintiff has also filed an "Objection Pleading" which essentially mirrors this pleading in its content and exhibits. The additional pleading was filed so as to conform with the Court's direction as to the nature of permissible pleadings which could be filed in response to its judgment.**

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: June 23, 2015

By: /s/ Victor J. Mastromarco, Jr.
Victor J. Mastromarco, Jr. (P34564)
Attorney for Benjamin Pillars
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com



## BRIEF IN SUPPORT

## INTRODUCTION

Plaintiff's complaint surrounds an automobile accident which occurred on November 23, 2005. On that day, the decedent, Kathleen Ann Pillars, was driving her 2004 Pontiac Grand Am, to a blood drive. The decedent lost control of her vehicle when the defective ignition switch in her vehicle unexpectedly went to the off position causing the automobile accident. The decedent sustained severe injuries as a result of the accident rendering her incapacitated. The decedent remained incapacitated and died nearly seven (7) years later on March 12, 2012.

During decedent's on-going incapacitation, General Motors Corporation filed for bankruptcy on June 1, 2009, and a month later, without affording the decedent with her due process right of notice, entered into a bankruptcy approved Amended and Restated Master Sale and Purchase Agreement with General Motors LLC ("New GM") with a closing date of July 10, 2009.[1] Subsequently, General Motors LLC disclosed to the public that the car manufacturer had been aware of the fact that its vehicles had a defective ignition system and had concealed that fact from the public and government officials.

The Plaintiff is the decedent's widower and the duly appointed personal representative of her estate having received his letter of authority on November 14, 2014. The Plaintiff filed his wrongful death lawsuit against General Motors LLC on March 23, 2015, the Circuit Court for the County of Bay, State of Michigan.

_____

[1] That agreement was later amended at least one more time. As explained more fully in this brief, the amended agreements do not apply to Plaintiff's claims.

Page 2 of 10

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

General Motors LLC removed the case to the Eastern District of Michigan citing to 28 U.S.C.A. § 1452 as the sole statutory basis for removal. As explained more fully in this brief, the bankruptcy statute cited by General Motors LLC does not apply to the facts and circumstances which exist in the present case, since Plaintiff's lawsuit will not conceivably have any effect on the bankruptcy estate of Motors Liquidation Company, f/k/a General Motors Corporation. Furthermore, the facts and circumstances which exist in the present case are unrelated to the rulings from this Court as explained more fully in this brief.[2] Finally, this Court's Judgment improperly identifies Plaintiff's lawsuit as a "non-ignition switch complaint".

For the reasons set forth in this brief, the Plaintiff objects this Court's judgment and hereby submits his "No Dismissal Pleading".

## DISCUSSION

### I.   THIS COURT'S JUDGMENT IMPROPERLY IDENTIFIES PLAINTIFF'S CLAIMS AS BEING A "NON-IGNITION SWITCH COMPLAINT".

In its judgment this Court identifies Plaintiff's claims as being a "non-ignition switch complaint". A review of Plaintiff's complaint clearly demonstrates that his claims pertain to a defective ignition switch. As illustrative examples, paragraphs (7) and (8)

---

[2] Even if it was determined by this Court that Plaintiff's lawsuit might conceivably have an effect on the bankruptcy estate, both the abstention provisions of 28 USC § 1334(c) and the equitable remand provision of § 1452(b) grants the District Court wide discretion in the determination whether to hear a case or remand it to the court from which it came. See Shamieh v. HCB Financial Corp., 2014 WL 5365452, 3 (W.D.La.,2014). A copy of the Shameih Opinion is attached as **Exhibit 1**. The Plaintiff submits that the circumstances which exist in the present case support both abstention and equitable remand even if New GM was ultimately able to demonstrate an effect on the bankruptcy estate.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

along with paragraphs (22b) and (22c) specifically mention the defective ignition switch. A copy of the Complaint is attached as **Exhibit 2**.

Accordingly, Plaintiff's complaint is not a "non-ignition switch complaint" and should not be subjected to the dismissal set forth in this Court's judgment.

## II.   IN THE CONTEXT OF PLAINTIFF'S CLAIMS, GENERAL MOTORS LLC HAS TAKEN THE POSITION THAT IT IS RESPONSIBLE FOR "OCCURRENCES" WHICH TOOK PLACE AFTER THE DATE IT ACQUIRED THE BUSINESS OF THE GENERAL MOTORS CORPORATION, AND, AS SUCH, PLAINTIFF'S CLAIMS ARE NOT SUBJECT TO THIS COURT'S ORDERS AND THEY WILL NOT HAVE AN EFFECT ON THE BANKRUPTCY ESTATE RESULTING IN A LACK OF JURISDICTION.

Federal courts are courts of limited jurisdiction. See U.S. Const. art. III, § 2, cl. 1; Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The "burden of establishing the contrary rests upon the party asserting jurisdiction." Id.

As acknowledged by New GM in its notice of removal, the Plaintiff brought the above-captioned action in state court seeking a recovery under a number of state theories of recovery including (1) products liability; (2) negligence; (3) Michigan Consumer Protection Act; (4) misrepresentation; (5) breach of contract, (6) promissory estoppel; (7) fraud; (8) fraudulent concealment; and (9) gross negligence. A copy of New GM's Notice of Removal w/o exhibits is attached as **Exhibit 3**.

Indeed, Plaintiff's complaint against New GM seeks money damages following the wrongful death of Kathleen Ann Pillars on March 24, 2012. A copy of the Complaint

is attached as **Exhibit 2**.[3]  The Plaintiff further alleges that the March 24, 2012, death was

the result of a defective motor vehicle. (**Exhibit 2**). This is not disputed in New GM's

notice of removal. (**Exhibit 3**).

The Court should note that New GM admitted in its notice of removal that, in the

context of Plaintiff's claims against it, it is responsible for any "occurrences" that happen

on or after the July 10, 2009, closing date:

> GM LLC admits it ultimately assumed a narrow band of certain liabilities,
> including the following as provided in Section 2.3(a)(ix) of the Sale Order
> and/or the Amended and Restated Master Sale and Purchase Agreement:
>
> > all Liabilities to third parties for death, personal injury, or
> > other injury to Persons or damage to property caused by
> > motor vehicles designed for operation on public roadways or
> > by the component parts of such motor vehicles and, in each
> > case, manufactured, sold or delivered by Sellers (collectively,
> > "Product Liabilities"), which arise directly out of accidents,
> > incidents ___or other distinct and discreet occurrences that___
> > ___happen on or after the Closing Date [July 10, 2009]___ and
> > arise from such motor vehicles' operation or performance.
> > (Emphasis Added by Plaintiff).

(See page 4, footnote 1 of Notice of Removal - **Exhibit 3**).

New GM made the same representations in paragraph seventeen (17) of its

Answer to Plaintiff's Complaint. A copy of the Answer to the Complaint is attached as

**Exhibit 4**. As this Court has noted in various rulings, the Amended and Restated Master

Sale and Purchase Agreement was subsequently amended and reference to "occurrences"

---

[3] New GM attached a copy of the complaint to its notice of removal as Exhibit D. The
Court should note that the Plaintiff had already amended his complaint and served said
amendment on New GM at the time of removal. For the purpose of this motion, reference
to the amended complaint is not necessary since the changes/additions made in the
amendment are not material to the limited issue before this Court.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

was removed from the amendments. A copy of this Court's Decision is attached as **Exhibit 5**.

In the present case, New GM has chosen to rely upon the original agreement rather than the subsequent amendments (which have different language) which this Court has ruled upon. It is firmly established that New GM is bound by the clear and unequivocal admissions of its attorneys in its submissions. Barnes v. Owens-Corning Fiberglass Corp., 201 F.3d 815, 829 (6th Cir. 2000), MacDonald v. Gen. Motors Corp., 110 F.3d 337, 340 (6th Cir. 1997).

Based upon New GM's admissions, the relevant inquiry is what constitutes an "occurrence" as set forth in the original version of the agreement.  Again, the issue of what constitutes an "occurrence" has never been raised to this Court as evidenced by at least one decision from this Court. **Exhibit 5**.

If an occurrence has taken place after the closing date of July 10, 2009, liability falls squarely upon the liability assumed by New GM rather than the bankrupt entity based upon the language relied upon New GM in its notice of removal and its answer in the District Court proceeding.

It is firmly established that in the absence of a specific definition to the contrary, courts are to give the words their ordinary meaning. The definition of "occurrence" is, "the action, fact, or instance of occurring ... 'something that takes place; an event or incident.'" See the American Heritage Dictionary of the English Language 1219 (5th ed. 2011). A copy of the American Heritage Dictionary definition is attached as **Exhibit 6**. Likewise, the Merriam–Webster's Collegiate Dictionary 858 (11th ed. 2003) defines

Page 6 of 10

"occurrence" as, "something that occurs... the action or instance of occurring". A copy of the Merriam–Webster's Dictionary definition is attached as **Exhibit 7**.

In the present case, the Plaintiff brought wrongful death causes of action on behalf of the estate. (See Complaint - **Exhibit 2**). The death of the decedent on March 24, 2012, occurred almost three (3) years after the bankruptcy closing date, is certainly a distinct and discreet occurrence as the term "occurrence" is defined by two (2) major dictionaries.[4]

Significantly, federal subject matter jurisdiction is lacking if an effect on the bankruptcy estate cannot be shown:

> Since the proceeding before this court does not involve the bankruptcy petition itself we find that it is not a "core" proceeding. Therefore, in order to determine whether we may exercise jurisdiction at all, we must determine whether it is at least "related to" Daher's bankruptcy case. And we find that it is at least "related to" because resolution of Daher's liability in this matter "could *conceivably* have [an] effect on the estate being administered in bankruptcy." <u>Wood</u>, 825 F.2d at 93.

<u>Shamieh v. HCB Financial Corp.</u>, 2014 WL 5365452, 3 (W.D.La.,2014). **Exhibit 1**.

Pursuant to the Amended and Restated Master Sale and Purchase Agreement, relied upon by New GM in its notice of removal and its answer to the complaint the March 24, 2012, occurrence is a liability of the New GM and not a liability of the bankrupt entity. As such, Plaintiff's state court complaint (which is currently pending in the Eastern District of Michigan, does not involve the bankruptcy petition and, as already explained in the above-mentioned discussion, it will not have any effect on the

---

[4] Furthermore, the death of the Plaintiff was the result of the injuries she sustained from her operation of a General Motors vehicle. (**Exhibit 2**).

Page 7 of 10

bankruptcy estate being administered because Plaintiff's claims pertain to the New GM and not the bankrupt entity.[5]

For the above-mentioned reasons, a dismissal or staying of Plaintiff's complaint is not appropriate, since Plaintiff's claims pertain to the New GM.

In the alternative, if this Court (or a court with jurisdiction) ultimately concluded that the bankrupt entity rather than New GM was liable for Plaintiff's claims, the Plaintiff has been unfairly prejudiced by the rulings from this Court.

As set forth more fully in the complaint, the decedent was incapacitated from the date of her motor vehicle accident on November 23, 2005, to her untimely death on March 24, 2012. (See Complaint - **Exhibit 2**). The lack of notice provided to the decedent or her family is significant. Recognizing the obvious fact that an incapacitated person lacks the ability to advocate that person's rights, Michigan law acknowledges that any deadline to act is tolled while the incapacitation exists. See Michigan Compiled Laws Annotated (MCLA) 600.5851(1)&(2).

When a bankruptcy debtor seeks relief against third parties, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections as explained by the Supreme Court. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-315, 70 S.Ct. 652, 657 (1950).

---

[5] The Plaintiff in his complaint alleges a number of claims including intentional torts. **Exhibit 2.** Even if this Court (or a court with jurisdiction) ultimately concluded that the bankrupt entity, rather than New GM, was ultimately found to be liable, an intentional tort is <u>not</u> dischargeable through the bankruptcy process. See 11 U.S.C.A. § 523(a)(6). Again, it remains Plaintiff's position that New GM is liable.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

This fundamental principle has been repeated in subsequent decisions including the following from the Bankruptcy Court for the District of New Jersey. In re Martini, 2006 WL 4452974, 7 (Bkrtcy.D.N.J.,2006).

The method of notice necessary to satisfy due process depends on whether a creditor is "known" or "unknown" at the time the notice is to be given. While unknown creditors are merely entitled to constructive publication notice of the proceedings, known creditors must receive actual notice. See Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800 (1983). This is true regardless of how widely-publicized the bankruptcy case is or whether the known creditor is actually aware of the bankruptcy proceedings. See City of New York v. New York, New Haven & Hartford R.R. Co., 344 U.S. 293, 297 (1953) ("[E]ven creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred."); Arch Wireless, Inc. v. Nationwide Paging, Inc. (In re Arch Wireless, Inc.), 534 F.3d 76, 83 (1st Cir. 2008) (same).

This Court has already concluded that the circumstances surrounding the Sale Order regarding the Amended and Restated Master Sale and Purchase Agreement violated the due process rights of the various owners of vehicles with defective ignition systems. In re Motors Liquidation Company, 2015 WL 1727285 (Bkrtcy.S.D.N.Y.2015). The Supreme Court has expressly rejected the notion that a court should hypothesize an outcome, detrimental to the party that has been deprived of due process, as a substitute for the actual opportunity to defend that due process affords every party against whom a

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

claim is stated. <u>Nelson v. Adams USA, Inc.</u>, 529 U.S. 460, 471, 120 S.Ct. 1579, 1587 (2000).

The Plaintiff (along with the decedent) in the present case has been unconstitutionally prejudiced by the lack of notice. Furthermore, the bankruptcy court's order leaves the Plaintiff without a remedy for the wrongs resulting from decedent's operation of a General Motors vehicle. The deprivation of the due process rights is unjust and unconstitutional. The Plaintiff should not be subjected to proceedings which were the result of unconstitutional behavior.

## CONCLUSION

As such the Plaintiff respectfully objects to the Court's judgment and requests that the Court issue an order concluding that Plaintiff's complaint is not a "non-ignition switch complaint" and is not subject to the dismissal set forth in the judgment. Furthermore, the Plaintiff requests that the Court find that the Plaintiff can proceed with his claims against the New GM. In the alternative, the Plaintiff requests that the Court find Plaintiff is not subject to the limitations which arose from unconstitutional behavior and/or outcomes.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: <u>June 23, 2015</u>              By: <u>/s/ Victor J. Mastromarco, Jr.</u>
                                        Victor J. Mastromarco, Jr. (P34564)
                                        Attorney for Plaintiff Benjamin Pillars
                                        1024 N. Michigan Avenue
                                        Saginaw, Michigan 48602
                                        (989) 752-1414
                                        vmastromar@aol.com

Page 10 of 10

CTO_OPPOSED

# United States Judicial Panel on Multidistrict Litigation
## CIVIL DOCKET FOR CASE #: MIE/1:15-cv-11360

**Pillars v. General Motors LLC**
Assigned to: U.S. District Judge Thomas L Ludington
Lead case: MDL No. 2543 (Transferred)
Member case: (View Member Case)

Date Filed: 04/14/2015
Jurisdiction: Diversity

### Plaintiff

**Benjamin W. Pillars**    represented by   **Russell C. Babcock**
The Mastromarco Firm
1024 N. Michigan Avenue
Saginaw, MI 48602
989-752-1414
Email: Russellbabcock@aol.com
*ATTORNEY TO BE NOTICED*

**Victor Joseph Mastromarco , Jr.**
The Mastromarco Firm
1024 N. Michigan Avenue
Saginaw, MI 48602
989-752-1414
Fax: 989-752-6202
Email: vmastromar@aol.com
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**General Motors LLC**    represented by   **Andrew Baker Bloomer**
KIRKLAND & ELLIS LLP
300 North LaSalle
Suite 3800
Chicago, IL 60654
(312)862-2000
Fax: 321-862-2200
Email: andrew.bloomer@kirkland.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas P Branigan**
Bowman and Brooke LLP
41000 Woodward Avenue
Suite 200 East
Bloomfield Hills, MI 48304



7/21/2015 9:12 AM

(248) 687-5300
Fax: (248) 205-3399
Email:
Thomas.Branigan@bowmanandbrooke.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/17/2015 | 1 | CONDITIONAL TRANSFER ORDER FILED TODAY (CTO-38) - 2 action(s)<br><br>Signed by Clerk of the Panel Jeffery N. Luthi on 4/17/2015.<br><br>Associated Cases: MDL No. 2543, MIE/1:15-cv-11360, NE/8:15-cv-00123 (TL) (Entered: 04/17/2015) |
| 04/17/2015 | 2 | ***TEXT ONLY NOTICE***<br><br>**NOTICE OF FILING OF CTO AND PUBLICATION OF BRIEFING SCHEDULE (CTO-38)** *re: pldg. ( 686 in MDL No. 2543, 1 in MIE/1:15-cv-11360, 1 in NE/8:15-cv-00123)*<br><br>**BRIEFING SCHEDULE IS SET AS FOLLOWS:**<br>**Oppositions due on or before 4/24/2015.**<br><br>**Signed by Clerk of the Panel Jeffery N. Luthi on 4/17/2015.**<br><br>**Associated Cases: MDL No. 2543, MIE/1:15-cv-11360, NE/8:15-cv-00123 (TL) (Entered: 04/17/2015)** |
| 04/23/2015 | 3 | NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER (CTO-38) - 1 action(s) - re: pldg. ( 686 in MDL No. 2543, 1 in MIE/1:15-cv-11360) Filed by Plaintiff Benjamin W. Pillars Associated Cases: MDL No. 2543, MIE/1:15-cv-11360 (Mastromarco, Victor) (Entered: 04/23/2015) |
| 04/23/2015 | 4 | ***TEXT ONLY NOTICE***<br><br>**NOTICE OF FILED OPPOSITION TO CTO-38 AND PUBLICATION OF BRIEFING SCHEDULE** *re: pldg. ( 691 in MDL No. 2543, 3 in MIE/1:15-cv-11360)*<br><br>**BRIEFING SCHEDULE IS SET AS FOLLOWS:**<br>**Notices of Appearance due on or before 5/7/2015. Corporate Disclosure Statements due on or before 5/7/2015. Motion to Vacate with Brief in Support due on or before 5/7/2015. Responses due on or before 5/28/2015.**<br><br>**Appearance forms (JPML form 18) and Corporate Disclosure forms can be downloaded from our website. Important: A Corporate Disclosure Form, if required, must be filed, even if one has previously been filed in this MDL.**<br><br>**Please visit the CM/ECF Filing Guidelines & Forms page of our website for additional information.** |

| | | Signed by Clerk of the Panel Jeffery N. Luthi, on 4/23/2015. |
| | | Associated Cases: MDL No. 2543, MIE/1:15-cv-11360 (TL) (Entered: 04/23/2015) |
| 04/27/2015 | 5 | CORPORATE DISCLOSURE STATEMENT re: pldg. ( 691 in MDL No. 2543, 3 in MIE/1:15-cv-11360) -- Identifying **Corporate Parent** General Motors Company, **Non-Party/Financial Interest** General Motors Holdings LLC, **Non-Party/Financial Interest** General Motors LLC for General Motors LLC. (Attachments: # 1 Proof of Service) Associated Cases: MDL No. 2543, MIE/1:15-cv-11360 (Bloomer, Andrew) (Entered: 04/27/2015) |
| 04/27/2015 | 6 | NOTICE OF APPEARANCE FOR CTO-38 re: pldg. ( 686 in MDL No. 2543, 1 in MIE/1:15-cv-11360) Filed by Andrew Baker Bloomer on behalf of Defendant General Motors LLC (Attachments: # 1 Proof of Service) Associated Cases: MDL No. 2543, MIE/1:15-cv-11360 (Bloomer, Andrew) (Entered: 04/27/2015) |
| 05/06/2015 | 7 | MOTION TO VACATE CONDITIONAL TRANSFER ORDER WITH BRIEF IN SUPPORT (CTO-38) *re: pldg. ( 691 in MDL No. 2543, 3 in MIE/1:15-cv-11360)* Filed by Plaintiff Benjamin W. Pillars (Attachments: # 1 Brief in Support of Motion to Vacate CTO 38, # 2 Exhibit 1 - Schedule of Actions, # 3 Exhibit 2 - Defendant's Notice of Removal, # 4 Exhibit 3 - State Court Complaint, # 5 Exhibit 4 - American Heritage Dictionary Print out, # 6 Exhibit 5- Merriam Webster Dictionary Print out, # 7 Exhibit 6 - Shamieh v. HCB Financial, # 8 Exhibit 7 - Decision on Motion to Enforce Sale, # 9 Exhibit 8 - Westlaw Print Out, # 10 Exhibit 9 - State of Michigan Traffic Crash Report, # 11 Exhibit 10 - Affidavit of Russell C. Babcock, # 12 Exhibit 11 - Civil Docket Sheets, # 13 Proof of Service) <br><br> Associated Cases: MDL No. 2543, MIE/1:15-cv-11360 (Mastromarco, Victor) Modified on 5/6/2015 (TL).(MDL LINK ADDED) (Entered: 05/06/2015) |
| 05/06/2015 | 8 | NOTICE OF APPEARANCE FOR CTO-38 re: pldg. ( 686 in MDL No. 2543, 1 in MIE/1:15-cv-11360) Filed by Victor Joseph Mastromarco, Jr on behalf of Plaintiff Benjamin W. Pillars Associated Cases: MDL No. 2543, MIE/1:15-cv-11360 (Mastromarco, Victor) Modified on 5/6/2015 (TL).(MDL LINK ADDED) (Entered: 05/06/2015) |
| 05/06/2015 | 9 | CERTIFICATE OF SERVICE re: pldg. ( 713 in MDL No. 2543, 8 in MIE/1:15-cv-11360) Filed by Plaintiff Benjamin W. Pillars -- Associated Cases: MDL No. 2543, MIE/1:15-cv-11360 (Mastromarco, Victor) Modified on 5/6/2015 (TL).(MDL LINK ADDED) (Entered: 05/06/2015) |
| 05/28/2015 | 10 | RESPONSE IN OPPOSITION TO MOTION TO VACATE CTO *(re: pldg. ( 712 in MDL No. 2543, 7 in MIE/1:15-cv-11360) )* (CTO-38) Filed by Defendant General Motors LLC (Attachments: # 1 Proof of Service) <br><br> Associated Cases: MDL No. 2543, MIE/1:15-cv-11360 (Bloomer, Andrew) (Entered: 05/28/2015) |
| 06/04/2015 | 11 | REPLY TO RESPONSE TO MOTION TO VACATE CTO-38 re: pldg. ( 732 in MDL No. 2543, 10 in MIE/1:15-cv-11360) Filed by Plaintiff Benjamin W. Pillars (Attachments: # 1 Brief Plaintiff's Reply to New GM's Response to Plaintiff's |

| | | |
|---|---|---|
| | | Motion to Vacate Conditional Transfer Order - 38 and Supporting Brief, # 2 Exhibit A - Plaintiff's Amended Complaint, # 3 Exhibit B - Decision on New Gm's Motion to Enforce Section 363 Order with Respect to Product Liability Claim of Beverly Deutsch, # 4 Exhibit C - Fen-Phen Cases, # 5 Proof of Service Proof of Service) |
| | | Associated Cases: MDL No. 2543, MIE/1:15-cv-11360 (Mastromarco, Victor) Modified on 6/4/2015 (TLL).(MDL LINK ADDED) (Entered: 06/04/2015) |
| 06/10/2015 | 12 | HEARING ORDER re: pldg. ( 712 in MDL No. 2543, 7 in MIE/1:15-cv-11360), ( 737 in MDL No. 2543, 12 in NYN/1:15-cv-00240) in the following opposition(s) of Plaintiff in Pillars, MIE 1:15-11360, Defendants The City of Albany, Jack Wallace in Perez, NYN 1:15-00240 - SECTION B (DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT) **PANEL HEARING set for 7/30/2015 in** San Francisco, California. Signed by Judge Sarah S. Vance, Chair, PANEL ON MULTIDISTRICT LITIGATION, on 6/10/2015. Associated Cases: MDL No. 2543, MIE/1:15-cv-11360, NYN/1:15-cv-00240 (RH) (Entered: 06/10/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/21/2015 09:11:48 | | |
| PACER Login: | mw0759:2712648:0 | Client Code: | Pillars |
| Description: | Docket Report | Search Criteria: | MIE/1:15-cv-11360 |
| Billable Pages: | 3 | Cost: | 0.30 |

**Lead, MEGA, PENAP, CLMAGT, SchedF, FeeDueAP, APPEAL, LV2APPEAL, WDREF, MDisCs, DirApl**

# U.S. Bankruptcy Court
## Southern District of New York (Manhattan)
### Bankruptcy Petition #: 09-50026-reg

*Date filed:*  06/01/2009

*Assigned to:* Judge Robert E. Gerber
Chapter 11
Voluntary
Asset

*Debtor*
**Motors Liquidation Company**
300 Renaissance Center
Detroit, MI 48265-3000
OUTSIDE HOME STATE
Tax ID / EIN: 38-0572515
*aka* **GMC Truck Division**
*aka* **Automotive Market Research**
*aka* **NAO Fleet Operations**
*aka* **National Car Rental**
*aka* **GM Corporation**
*aka* **National Car Sales**
*aka* **GM Corporation-GM Auction Department**
*fka* **General Motors Corporation**

represented by **Donald F. Baty, Jr.**
Honigman Miller Schwartz and Cohn, LLP
2290 First National Bldg.
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7314
Fax : (313) 465-7315
Email: dbaty@honigman.com

**David R. Berz**
Weil Gotshal & Manges, LLP
1300 Eye Street, NW
Suite 900
Washington, DC 20005
(202) 682-7190
Fax : (202) 682-7212
Email: gregory.bailey@weil.com

**Judy B. Calton**
Honigman Miller Schwartz & Cohn, LLP
2290 First National Bldg.
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7344
Fax : (313) 465-7345
Email: jcalton@honigman.com

**Stephen Karotkin**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8350
Fax : (212) 310-8007
Email: stephen.karotkin@w...

PLAINTIFF'S
EXHIBIT
10

**Deborah Kovsky-Apap**
Pepper Hamilton LLP
100 Renaissance Center
Suite 3600
Detroit, MI 48243-1157
(313) 393-7331
Fax : (313) 731-1572
Email: kovskyd@pepperlaw.com

**Robert J. Lemons**
Weil Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8924
Fax : (212) 310-8007
Email: robert.lemons@weil.com

**Harvey R. Miller**
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
Fax : (212) 310-8007
Email: harvey.miller@weil.com

**Daniel R. Murray**
Jenner & Block, LLP
330 N. Wabash Avenue
Chicago, IL 606011
(312) 923-2953
Fax : (312) 527-0584
Email: dmurray@jenner.com

**Joseph R. Sgroi**
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7570
Fax : (313) 465-7571
Email: jsgroi@honigman.com

**Tricia A. Sherick**
Honigman Miller Schwartz and Cohn, LLP
660 Woodward Avenue
Suite 2290
Detroit, MI 48226
(313) 465-7662

Fax : (313) 465-7663
Email: tsherick@honigman.com

**Joseph H. Smolinsky**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8767
Fax : (212) 310-8007
Email: Joseph.Smolinsky@weil.com

**Patrick J. Trostle**
Jenner & Block LLP
919 Third Avenue
37th Floor
New York, NY 10022
(212) 891-1665
Fax : (212) 891-1699
Email: ptrostle@jenner.com

**Robert B. Weiss**
Honigman Miller Schwartz & Cohn, LLP
2290 First National Building
Detroit, MI 48226
(313) 465-7596
Fax : (313) 465-7597
Email: rweiss@honigman.com

*Trustee*
**Wilmington Trust Company**

represented by **Lisa H. Rubin**
Gibson Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
212-351-2390
Fax : 212-716-0790
Email: lrubin@gibsondunn.com

**Aric Wu**
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
212-351-3820
Email: awu@gibsondunn.com

*Trustee*
**GUC Trust**

*U.S. Trustee*
**United States Trustee**
Office of the United States Trustee

represented by **Brian Shoichi Masumoto**
Office of the United States Trustee
33 Whitehall Street

U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014
(212) 510-0500

21st Floor
New York, NY 10004
(212) 510-0500
Fax : (212) 668-2255

**Andrea B. Schwartz**
Dept. of Justice - Office of the U.S. Trustee
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500
Fax : (212) 668-2255
Email: andrea.b.schwartz@usdoj.gov

**Andrew D. Velez-Rivera**
Office of the U.S. Trustee
33 Whitehall Street
21st. Floor
New York, NY 10004
(212) 510-0500
Fax : (212) 668-2255

*Claims and Noticing Agent*
**GCG, Inc. Claims Agent**
a/k/a The Garden City Group, Inc.
1985 Marcus Ave
Lake Success, NY 11042
www.gcginc.com
631-470-5000

represented by **Angela Ferrante**
Garden City Group, LLC
1985 Marcus Avenue, Suite 200
Lake Success, NY 11042
631-470-5000
Fax : 631-940-6544
Email: PACERTeam@gardencitygroup.com

**Jeffrey S. Stein**
The Garden City Group, Inc.
105 Maxess Road
Melville, NY 11747
(631) 470-6834
Email: PACERTeam@gardencitygroup.com

*Creditor Committee*
**Official Committee of Unsecured**
**Creditors of General Motors**
**Corporation**

represented by **Philip Bentley**
Kramer, Levin, Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
Fax : (212) 715-8000
Email: pbentley@kramerlevin.com

**David E. Blabey**
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

(212) 715-9100
Fax : (212) 715-8000
Email: dblabey@kramerlevin.com

**Amy Caton**
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
Email: acaton@kramerlevin.com

**Eric Fisher**
Dickstein Shapiro LLP
1630 Broadway
32nd Floor
New York, NY 10017
(212) 277-6500
Fax : (212) 277-6501
Email: fishere@dicksteinshapiro.com

**Eric Fisher**
Dickstein Shapiro
1633 Broadway
31st Floor
New York, NY 10019
(212) 277-6500
Fax : (212) 277 6501
Email: fishere@dicksteinshapiro.com

**Lauren Macksoud**
Kramer Levin LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9145
Fax : (212) 715-8000
Email: lmacksoud@kramerlevin.com

**Thomas Moers Mayer**
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036

**Gordon Z. Novod**
Kramer Levin Naftalis & Frankel LLP
1177 AVENUE OF THE AMERICAS
New York, NY 10036
(212) 715-3275

**Gregory G. Plotko**

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9149
Fax : (212) 715-8000
Email: gplotko@kramerlevin.com

**Adam C. Rogoff**
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036-2714
(212) 715-9285
Fax : (212) 715-8000
Email: arogoff@kramerlevin.com

**Robert T. Schmidt**
Kramer, Levin, Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
Email: rschmidt@kramerlevin.com

**Jennifer Sharret**
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9526
Fax : (212) 715-8000
Email: jsharret@kramerlevin.com

*Creditor Committee*
**Official Committee of Unsecured
Creditors Holding Asbestos-Related
Claims**

represented by **Lauren Macksoud**
(See above for address)

| Filing Date | # | Docket Text |
|---|---|---|
| 05/28/2015 | 13166 (120 pgs; 9 docs) | Answer to Involuntary Petition *BENJAMIN PILLARS NO STAY PLEADING WITH EXHIBITS AND PROPOSED ORDER* filed by Victor J. Mastromarco Jr. on behalf of The Estate of Kathleen Pillars, Deceased. (Attachments: # 1 Exhibit Exhibit 1 - Shamieh Case # 2 Exhibit Exhibit 2 - Defendant's Notice of Removal # 3 Exhibit Exhibit 3 - Complaint # 4 Exhibit Exhibit 4 - General Motors, LLC Answer to Plaintiff's Amended Complaint # 5 Exhibit Exhibit 5 - Decision on New GM's Motion Enforce Section 363 Order with Respect to Product |

|            |                              |                                                                                                                                                                                                                                                                                                                                                           |
|------------|------------------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |                              | Liability Claim of Estate # 6 Exhibit Exhibit 6 - American Heritage Dictionary # 7 Exhibit Merriam Webster # 8 Exhibit Proposed Order) (Mastromarco, Victor) (Entered: 05/28/2015)                                                                                                                                                                          |
| 05/28/2015 | 13167 (1 pg)                 | Certificate of Service *RE; Benjamin Pillars No Stay Pleading* filed by Victor J. Mastromarco Jr. on behalf of The Estate of Kathleen Pillars, Deceased. (Mastromarco, Victor) (Entered: 05/28/2015)                                                                                                                                                        |
| 05/28/2015 | 13168 (39 pgs)               | Affidavit of Service *re Notice of Hearing and Motion of the Motors Liquidation Company Avoidance Action Trust, by and through Wilmington Trust Company Acting Solely in its Capacity as Avoidance Action Trust Administrator, for Order Approving Appointment of Successor Avoidance Action Trust Monitor* (related document(s)13165, 13164) Filed by Angela Ferrante on behalf of The Garden City Group, Inc.. (Ferrante, Angela) (Entered: 05/28/2015) |
| 05/29/2015 | 13169 (2 pgs)                | Letter *Regarding Technical Matters re Judgment* (related document(s)13163) Filed by Gary Peller on behalf of Celestine Elliott. (Peller, Gary) (Entered: 05/29/2015)                                                                                                                                                                                       |
| 05/29/2015 | 13170 (1 pg)                 | Certificate of Service (related document(s)13169) Filed by Gary Peller on behalf of Celestine Elliott. (Peller, Gary) (Entered: 05/29/2015)                                                                                                                                                                                                                 |
| 05/29/2015 | 13171 (25 pgs; 2 docs)       | Letter *to The Honorable Judge Robert E. Gerber regarding Technical Matters Concerning Proposed Judgment* (related document(s)13163) Filed by Arthur Jay Steinberg on behalf of General Motors LLC. (Attachments: # 1 Exhibit 1)(Steinberg, Arthur) (Entered: 05/29/2015)                                                                                   |
| 05/29/2015 | 13172 (26 pgs; 2 docs)       | Letter *Regarding Proposed Judgment for April 15, 2015 Decision* (related document(s)13163) Filed by William P. Weintraub on behalf of Ignition Switch Plaintiffs in Pre-Closing Accident Lawsuits. (Attachments: # 1 Exhibit A - Redline Version of the [Proposed] Judgment)(Weintraub, William) (Entered: 05/29/2015)                                      |
| 05/29/2015 | 13173 (24 pgs)               | Letter *Regarding Technical Matters re Judgment* (related document(s)13162) Filed by Lisa H. Rubin                                                                                                                                                                                                                                                         |

New York Southern Live System                    https://ecf.nysb.uscourts.gov/cgi-bin/DktRpt.pl?731877098865757-L_...

09-50026-mg    Doc 13320-1    Filed 07/24/15    Entered 07/24/15 15:55:40    Exhibit 1
1:15-cv-13600-t-13820-M    Doc 124-1    Filed 07/23/15 d526 40   Pg ID 521
Pg 137 of 151

| | | on behalf of Wilmington Trust Company. (Rubin, Lisa) (Entered: 05/29/2015) |
|---|---|---|
| 05/29/2015 | [13174](#) (3 pgs) | Letter *to The Honorable Judge Robert E. Gerber regarding Certification of Direct Appeal/Request for Procedural Stay* Filed by Arthur Jay Steinberg on behalf of General Motors LLC. (Steinberg, Arthur) (Entered: 05/29/2015) |
| 05/29/2015 | [13175](#) (4 pgs) | Certificate of Service *For: (i) Letter to The Honorable Judge Robert E. Gerber Regarding Technical Matters Concerning Proposed Judgment (With Exhibit) [ECF No. 13171], and (ii) Letter to The Honorable Judge Robert E. Gerber Regarding Certification of Direct Appeal/Request for Procedural Stay [ECF No. 13174]* (related document(s)[13174](#), [13171](#) Filed by Scott I. Davidson on behalf of General Motors LLC. (Davidson, Scott) (Entered: 05/29/2015) |
| 06/01/2015 | [13176](#) (23 pgs) | Letter *Responding to Letter Filed by Gary Peller, dated May 29, 2015 [Dkt. No. 13169]* (related document(s)[13169](#)) Filed by Arthur Jay Steinberg on behalf of General Motors LLC. (Steinberg, Arthur) (Entered: 06/01/2015) |
| 06/01/2015 | [13177](#) (21 pgs) | Judgment Signed on 6/1/2015. (related document(s)[13162](#)) (Nulty, Lynda) (Entered: 06/01/2015) |
| 06/01/2015 | [13178](#) (141 pgs) | Order Signed on 6/1/2015 Certifying Judgment for Direct Appeal to Second Circuit. (related document(s)[13109](#)) (Nulty, Lynda) (Entered: 06/01/2015) |
| 06/01/2015 | [13179](#) (2 pgs) | Amended Notice of Appeal filed by Gary Peller on behalf of Celestine Elliott. (Peller, Gary) (Entered: 06/01/2015) |
| 06/01/2015 | [13180](#) (2 pgs) | Amended Notice of Appeal filed by Gary Peller on behalf of Ishmail Sesay. (Peller, Gary) (Entered: 06/01/2015) |
| 06/01/2015 | [13181](#) (4 pgs) | Certificate of Service *For: Letter Responding to Letter Filed by Gary Peller, dated May 29, 2015 [Dkt. No. 13169]* (related document(s)[13176](#)) Filed by Scott I. Davidson on behalf of General Motors |

| | | |
|---|---|---|
| | | LLC. (Davidson, Scott) (Entered: 06/01/2015) |
| 06/01/2015 | 13182<br>(1 pg) | Certificate of Service *Notice of Appeals on behalf of Sesay and Elliott Plaintiffs* (related document(s)13179, 13180) Filed by Gary Peller on behalf of Gary Peller. (Peller, Gary) (Entered: 06/01/2015) |
| 06/01/2015 | 13183<br>(39 pgs) | Affidavit of Service *re Joint Letter from Lisa H. Rubin and Deborah J. Newman on Behalf of the GUC Trust and the GUC Trust Unitholders, to the Honorable Robert E. Gerber, United States Bankruptcy Court Southern District of New York, dated May 29, 2015, regarding Proposed Judgment* (related document(s)13173) Filed by Angela Ferrante on behalf of The Garden City Group, Inc.. (Ferrante, Angela) (Entered: 06/01/2015) |
| 06/02/2015 | 13184<br>(2 pgs) | Certificate of Service *for Letter Regarding Proposed Judgment for April 15, 2015 Decision* (related document(s)13172) Filed by William P. Weintraub on behalf of Ignition Switch Plaintiffs in Pre-Closing Accident Lawsuits. (Weintraub, William) (Entered: 06/02/2015) |
| 06/02/2015 | 13185<br>(165 pgs; 3 docs) | Notice of Appeal (related document(s)13109, 13177) filed by Edward S. Weisfelner on behalf of Designated Counsel for Ignition Switch Plaintiffs. (Attachments: # 1 Exhibit A # 2 Exhibit B)(Weisfelner, Edward) (Entered: 06/02/2015) |
| 06/02/2015 | | Receipt of Notice of Appeal(09-50026-reg) [appeal,97] ( 298.00) Filing Fee. Receipt number 10731953. Fee amount 298.00. (Re: Doc # 13185) (U.S. Treasury) (Entered: 06/02/2015) |
| 06/03/2015 | 13186<br>(150 pgs) | Motion to Authorize / *Motion of Wilmington Trust Company, as GUC Trust Administrator and Trustee, for an Order Granting Authority (A) to Exercise New GM Warrants and Liquidate New GM Common Stock and (B) to Make Corresponding Amendments to The GUC Trust Agreement* filed by Matthew Williams on behalf of Motors Liquidation Company GUC Trust with hearing to be held on 7/1/2015 at 09:45 AM at Courtroom 523 (REG) Responses due by 6/24/2015,. (Williams, Matthew) (Entered: 06/03/2015) |

| | | |
|---|---|---|
| 06/03/2015 | <u>13187</u><br>(15 pgs) | Certificate of Service *for: The Judgment Regarding the April 15 Decision [ECF 13177]* (related document(s)<u>13177</u>) Filed by Scott I. Davidson on behalf of General Motors LLC. (Davidson, Scott) (Entered: 06/03/2015) |
| 06/03/2015 | | Receipt of Notice of Appeal(09-50026-reg) [appeal,97] ( 298.00) Filing Fee. Receipt number 10736181. Fee amount 298.00. (Re: Doc # <u>13179</u>) (U.S. Treasury) (Entered: 06/03/2015) |
| 06/03/2015 | | Receipt of Notice of Appeal(09-50026-reg) [appeal,97] ( 298.00) Filing Fee. Receipt number 10736181. Fee amount 298.00. (Re: Doc # <u>13180</u>) (U.S. Treasury) (Entered: 06/03/2015) |
| 06/05/2015 | <u>13188</u><br>(248 pgs; 8 docs) | Letter *to the Honorable Judge Robert E. Gerber Regarding Update on Related Proceedings* Filed by Arthur Jay Steinberg on behalf of General Motors LLC. (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Exhibit 4 # <u>5</u> Exhibit 5 # <u>6</u> Exhibit 6 # <u>7</u> Exhibit 7)(Steinberg, Arthur) (Entered: 06/05/2015) |
| 06/05/2015 | <u>13189</u><br>(4 pgs) | Certificate of Service *For: Letter to the Honorable Judge Robert E. Gerber Regarding Update on Related Proceedings (With Exhibits)* (related document(s)<u>13188</u>) Filed by Scott I. Davidson on behalf of General Motors LLC. (Davidson, Scott) (Entered: 06/05/2015) |
| 06/08/2015 | <u>13190</u><br>(10 pgs) | Decision on Motion for 60(b) Relief (Doris Phillips) Signed on 6/8/2015. (related document(s)<u>13071</u>) (Nulty, Lynda) (Entered: 06/08/2015) |
| 06/08/2015 | <u>13191</u><br>(105 pgs; 3 docs) | Response *By General Motors LLC to Benjamin Pillars' No Stay Pleading* (related document(s)<u>13166</u>) filed by Arthur Jay Steinberg on behalf of General Motors LLC. (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (Steinberg, Arthur) (Entered: 06/08/2015) |
| 06/08/2015 | <u>13192</u><br>(144 pgs) | Affidavit of Service *re (i) Notice of and Motion of Wilmington Trust Company, as GUC Trust Administrator and Trustee, for an Order Granting Authority (A) to Exercise New GM Warrants and Liquidate New GM Common Stock and (B) to Make* |

| | | |
|---|---|---|
| | | *Corresponding Amendments to the GUC Trust Agreement; and (ii) Notice to Holders of Motors Liquidation Company GUC Trust Units (CUSIP No. 62010U101)* (related document(s)13186) Filed by Angela Ferrante on behalf of The Garden City Group, Inc.. (Ferrante, Angela) (Entered: 06/08/2015) |
| 06/09/2015 | 13193 (4 pgs) | Certificate of Service re *Response By General Motors LLC To Benjamin Pillars No Stay Pleading (With Exhibits) [ECFNo. 13191]* (related document(s)13191) Filed by Scott I. Davidson on behalf of General Motors LLC. (Davidson, Scott) (Entered: 06/09/2015) |
| 06/10/2015 | 13194 (165 pgs; 3 docs) | Notice of Appeal (related document(s)13109, 13177) filed by William P. Weintraub on behalf of Ignition Switch Plaintiffs in Pre-Closing Accident Lawsuits. (Attachments: # 1 Exhibit A - Judgment # 2 Exhibit B - Decision)(Weintraub, William) (Entered: 06/10/2015) |
| 06/10/2015 | | Receipt of Notice of Appeal(09-50026-reg) [appeal,97] ( 298.00) Filing Fee. Receipt number 10746389. Fee amount 298.00. (Re: Doc # 13194) (U.S. Treasury) (Entered: 06/10/2015) |
| 06/11/2015 | 13195 (202 pgs; 5 docs) | Letter *to the Honorable Judge Robert E. Gerber Regarding Update on Related Proceedings* Filed by Arthur Jay Steinberg on behalf of General Motors LLC. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4)(Steinberg, Arthur) (Entered: 06/11/2015) |
| 06/11/2015 | 13196 (5 pgs) | Motion to Reconsider FRCP 60 or FRBP 3008 *FRCP 52; FRCP 59(e); Local Rule 9023.1* (related document(s)13177) filed by Gary Peller on behalf of Sharon Bledsoe Responses due by 6/29/2015,. (Peller, Gary) (Entered: 06/11/2015) |
| 06/11/2015 | 13197 (28 pgs) | Motion to Reconsider FRCP 60 or FRBP 3008 *Brief in Support* (related document(s)13196) filed by Gary Peller on behalf of Sharon Bledsoe. (Peller, Gary) (Entered: 06/11/2015) |
| 06/11/2015 | 13198 (1 pg) | Certificate of Service *Motion for Post-Judgment Relief; Brief* (related document(s)13197, 13196) |

| | | |
|---|---|---|
| | | Filed by Gary Peller on behalf of Sharon Bledsoe. (Peller, Gary) (Entered: 06/11/2015) |
| 06/12/2015 | 13199 (4 pgs) | Certificate of Service *For: Letter to the Honorable Judge Robert E. Gerber Regarding Update on Related Proceedings (With Exhibits)* (related document(s)13195) Filed by Scott I. Davidson on behalf of General Motors LLC. (Davidson, Scott) (Entered: 06/12/2015) |
| 06/12/2015 | 13200 (307 pgs; 4 docs) | Cross Appeal - *Notice of Cross-Appeal to The United States Court of Appeals for the Second Circuit* (related document(s)13179, 13194, 13185, 13180) filed by Arthur Jay Steinberg on behalf of General Motors LLC. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C)(Steinberg, Arthur) (Entered: 06/12/2015) |
| 06/12/2015 | | Receipt of Cross Appeal(09-50026-reg) [appeal,93] ( 298.00) Filing Fee. Receipt number 10751281. Fee amount 298.00. (Re: Doc # 13200) (U.S. Treasury) (Entered: 06/12/2015) |
| 06/12/2015 | 13201 (6 pgs; 2 docs) | Letter *to The Honorable Judge Robert E. Gerber Regarding Update on Related Proceedings* Filed by Arthur Jay Steinberg on behalf of General Motors LLC. (Attachments: # 1 Exhibit 1)(Steinberg, Arthur) (Entered: 06/12/2015) |
| 06/14/2015 | 13202 (2 pgs) | Notice of Withdrawal *of Appearance and Notice of Request for Removal from Service List* filed by J. Alex Kress on behalf of KONE, Inc. and KONE Elevators, Niject Services Company. (Kress, J.) (Entered: 06/14/2015) |
| 06/15/2015 | 13203 (3 pgs) | So Ordered Stipulation and Order Signed on 6/15/2015 Regarding Response Date for Pleadings Filed by the Bledsoe Plaintiffs on June 11, 2015. (Nulty, Lynda) (Entered: 06/15/2015) |
| 06/15/2015 | 13204 (307 pgs; 4 docs) | Cross Appeal / *Notice of Cross-Appeal* (related document(s)13179, 13194, 13185, 13180) filed by Aric Wu on behalf of Wilmington Trust Company. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3)(Wu, Aric) (Entered: 06/15/2015) |
| 06/15/2015 | | Receipt of Cross Appeal(09-50026-reg) [appeal,93] |

| | | ( 298.00) Filing Fee. Receipt number 10755111. Fee amount 298.00. (Re: Doc # 13204) (U.S. Treasury) (Entered: 06/15/2015) |
|---|---|---|
| 06/15/2015 | 13205 (4 pgs) | Certificate of Service *For: Notice of Cross-Appeal (With Exhibits)* (related document(s)13200) Filed by Scott I. Davidson on behalf of General Motors LLC. (Davidson, Scott) (Entered: 06/15/2015) |
| 06/15/2015 | 13206 (4 pgs) | Certificate of Service *For: Letter to The Honorable Judge Robert E. Gerber Regarding Update on Related Proceedings (With Exhibit)* (related document(s)13201) Filed by Scott I. Davidson on behalf of General Motors LLC. (Davidson, Scott) (Entered: 06/15/2015) |
| 06/15/2015 | 13207 (9 pgs) | Statement of Issues *for the Elliott Appellants,* Designation of Contents (appellant). filed by Gary Peller on behalf of Celestine Elliott. (Peller, Gary) (Entered: 06/15/2015) |
| 06/15/2015 | 13208 (7 pgs) | Statement of Issues *for Sesay Appellants,* Designation of Contents (appellant). filed by Gary Peller on behalf of Ishmail Sesay. (Peller, Gary) (Entered: 06/15/2015) |
| 06/16/2015 | 13209 (165 pgs; 4 docs) | Notice of Appeal filed by Alexander H. Schmidt on behalf of ABC Flooring, Inc., Allison C. Clinton, Amy C. Clinton, Robin DeLuco, Steven Groman, Groman, et al. Plaintiffs, Elizabeth Y. Grumet, Katelyn Saxson, Marcus Sullivan. (Attachments: # 1 Exhibit A # 2 Exhibit B - Part 1 # 3 Exhibit B - Part 2)(Schmidt, Alexander) (Entered: 06/16/2015) |
| 06/16/2015 | | Receipt of Notice of Appeal(09-50026-reg) [appeal,97] ( 298.00) Filing Fee. Receipt number 10756203. Fee amount 298.00. (Re: Doc # 13209) (U.S. Treasury) (Entered: 06/16/2015) |
| 06/16/2015 | 13210 (92 pgs; 2 docs) | Response *People of the State of California's "No Strike" Pleading* (related document(s)13177) filed by Steve Berman on behalf of The People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas. (Attachments: # 1 Exhibit A) (Berman, Steve) (Entered: 06/16/2015) |

| | | |
|---|---|---|
| 06/16/2015 | 13211 (159 pgs; 2 docs) | Response *State of Arizona's "No Strike" Pleading* (related document(s)13177) filed by Steve Berman on behalf of State of Arizona ex rel. Mark Brnovich, the Attorney General. (Attachments: # 1 Exhibit A) (Berman, Steve) (Entered: 06/16/2015) |
| 06/16/2015 | 13212 (2 pgs) | Certificate of Service Filed by Alexander H. Schmidt on behalf of ABC Flooring, Inc., Allison C. Clinton, Amy C. Clinton, Robin DeLuco, Steven Groman, Groman, et al. Plaintiffs, Elizabeth Y. Grumet, Katelyn Saxson, Marcus Sullivan. (Schmidt, Alexander) (Entered: 06/16/2015) |
| 06/16/2015 | 13213 (3 pgs) | Motion to Withdraw the Reference *With Regard to No Strike Pleadings* (related document(s)13210, 13211) filed by Jason A. Zweig on behalf of State of Arizona ex rel. Mark Brnovich, the Attorney General, The People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas. (Zweig, Jason) (Entered: 06/16/2015) |
| 06/16/2015 | | Receipt of Motion to Withdraw the Reference (fee)(09-50026-reg) [motion,205] ( 176.00) Filing Fee. Receipt number 10756617. Fee amount 176.00. (Re: Doc # 13213) (U.S. Treasury) (Entered: 06/16/2015) |
| 06/16/2015 | 13214 (278 pgs; 5 docs) | Memorandum of Law *In Support of Motion to Withdraw the Reference With Regard to No Strike Pleadings* (related document(s)13213) filed by Jason A. Zweig on behalf of State of Arizona ex rel. Mark Brnovich, the Attorney General, The People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (Zweig, Jason) (Entered: 06/16/2015) |
| 06/16/2015 | 13215 (2 pgs) | Certificate of Service *Motion to Withdraw the Reference With Regard To No Strike Pleadings* (related document(s)13214, 13213) Filed by Jason A. Zweig on behalf of State of Arizona ex rel. Mark Brnovich, the Attorney General, The People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas. (Zweig, Jason) (Entered: 06/16/2015) |

| | | |
|---|---|---|
| 06/16/2015 | 13216 (1 pg) | Certificate of Service (related document(s)13208, 13207) filed by Gary Peller on behalf of Celestine Elliott. (Peller, Gary) (Entered: 06/16/2015) |
| 06/16/2015 | 13217 (2 pgs) | Notice of Proposed Order *[Proposed] Order Granting Motion to Withdraw the Reference With Regard to No Strike Pleadings* (related document(s)13213 filed by Jason A. Zweig on behalf of The People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas. (Zweig, Jason) (Entered: 06/16/2015) |
| 06/16/2015 | 13218 (40 pgs) | Affidavit of Service *re Notice of Cross Appeal* (related document(s)13204) Filed by Angela Ferrante on behalf of The Garden City Group, Inc.. (Ferrante, Angela) (Entered: 06/16/2015) |
| 06/16/2015 | 13219 (4850 pgs; 30 docs) | Statement of Issues */ Appellants' Statement of Issues on Appeal and Designation of Items to be Included in the Record on Appeal* (related document(s)13185 filed by Edward S. Weisfelner on behalf of Designated Counsel for Ignition Switch Plaintiffs. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17 # 18 Exhibit 18 # 19 Exhibit 19 # 20 Exhibit 20 # 21 Exhibit 21 # 22 Exhibit 22 # 23 Exhibit 23 # 24 Exhibit 24 # 25 Exhibit 25 # 26 Exhibit 26 # 27 Exhibit 27 # 28 Exhibit 28 # 29 Exhibit 29)(Weisfelner, Edward) (Entered: 06/16/2015) |
| 06/17/2015 | 13220 (2 pgs) | Certificate of Service *for Notice of Appeal* (related document(s)13194) Filed by William P. Weintraub on behalf of Ignition Switch Plaintiffs in Pre-Closing Accident Lawsuits. (Weintraub, William) (Entered: 06/17/2015) |
| 06/17/2015 | 13221 (3 pgs) | Civil Cover Sheet from U.S. District Court, Case Number: 1504685 (related document(s)13213) filed by Clerk's Office of the U.S. Bankruptcy Court, S.D.N.Y.. (Rouzeau, Anatin) (Entered: 06/17/2015) |
| 06/17/2015 | 13222 | Notice of Hearing *No Stay Pleading* (related |

|  |  |  |
|---|---|---|
|  | (1 pg) | document(s)13166) filed by Victor J. Mastromarco Jr. on behalf of Pillars, Estate of Kathleen Pillars, Deceased. with hearing to be held on 7/16/2015 at 09:45 AM at Courtroom 523 (REG) (Mastromarco, Victor) (Entered: 06/17/2015) |
| 06/17/2015 | 13223 (1 pg) | Certificate of Service filed by Victor J. Mastromarco Jr. on behalf of Pillars, Estate of Kathleen Pillars, Deceased. (Mastromarco, Victor) (Entered: 06/17/2015) |
| 06/17/2015 | 13224 (4 pgs) | Notice of Settlement of an Order *on Motion For 60(B) Relief (Doris Phillips) with Proposed Order* filed by Aric Wu on behalf of Wilmington Trust Company. (Wu, Aric) (Entered: 06/17/2015) |
| 06/18/2015 | 13225 (3 pgs) | Order of U.S. District Court Judge Jesse M. Furman signed on 5/18/2015 re: 12839. For the reasons stated above, Plaintiffs' motions for leave to appeal are DENIED. The Clerk of Court is directed to terminate 15-CV-772 Docket No. 3 and 15-CV-776 Docket No. 2 and to close both cases. (tro) (Entered: 06/18/2015) |
| 06/18/2015 | 13226 (1 pg) | First Application for Pro Hac Vice Admission *on behalf of Dolly Walton* filed by Matthew E. Wright on behalf of Dolly Walton. (Wright, Matthew) (Entered: 06/18/2015) |
| 06/18/2015 |  | Receipt of Application for Pro Hac Vice Admission(09-50026-reg) [motion,122] ( 200.00) Filing Fee. Receipt number 10762816. Fee amount 200.00. (Re: Doc # 13226) (U.S. Treasury) (Entered: 06/18/2015) |
| 06/18/2015 | 13227 (3 pgs) | Certificate of No Objection Pursuant to LR 9075-2 (related document(s)13165, 13164) Filed by Eric Fisher on behalf of Motors Liquidation Company Avoidance Action Trust. (Fisher, Eric) (Entered: 06/18/2015) |
| 06/18/2015 | 13228 (30 pgs; 2 docs) | First Motion to Vacate *Judgment - No Strike* filed by Matthew E. Wright on behalf of Dolly Walton. (Attachments: # 1 Exhibit Filed Cross-Claim of Dolly Walton) (Wright, Matthew) (Entered: 06/18/2015) |

New York Southern Live System                                    https://ecf.nysb.uscourts.gov/cgi-bin/DktRpt.pl?75187769886375?-L_...

09-50026-mg   Doc 13320-1   Filed 07/24/15   Entered 07/24/15 15:25:40   Exhibit 1
1:15-cv-mc360-RJW   Doc #1   Filed 01/11/16   Filed 07/15/20   Pg ID 1000
Pg 146 of 151

| | | |
|---|---|---|
| 06/19/2015 | <u>13229</u><br>(2 pgs) | Order Signed on 6/19/2015 Granting Motion of the Motors Liquidation Company Avoidance Action Trust, By and Through Wilmington Trust Company Acting Solely in Its Capacity as Avoidance Action Trust Administrator, for Approval of Appointment of Successor Avoidance Action Trust Monitor. (Related Doc # <u>13164</u>) (Nulty, Lynda) (Entered: 06/19/2015) |
| 06/19/2015 | <u>13230</u><br>(1 pg) | Order Signed on 6/19/2015 Admitting Matthew E. Wright to Practice Pro Hac Vice in this Court. (Related Doc # <u>13226</u>) (Nulty, Lynda) (Entered: 06/19/2015) |
| 06/19/2015 | <u>13231</u><br>(5 pgs) | Statement of Issues *on Appeal and Designation of Additional Items to be Included in the Record on Appeal* filed by Alexander H. Schmidt on behalf of ABC Flooring, Inc., Allison C. Clinton, Amy C. Clinton, Robin DeLuco, Steven Groman, Groman, et al. Plaintiffs, Elizabeth Y. Grumet, Katelyn Saxson, Marcus Sullivan. (Schmidt, Alexander) (Entered: 06/19/2015) |
| 06/19/2015 | <u>13232</u><br>(2 pgs) | Certificate of Service Filed by Alexander H. Schmidt on behalf of ABC Flooring, Inc., Allison C. Clinton, Amy C. Clinton, Robin DeLuco, Steven Groman, Groman, et al. Plaintiffs, Elizabeth Y. Grumet, Katelyn Saxson, Marcus Sullivan. (Schmidt, Alexander) (Entered: 06/19/2015) |
| 06/19/2015 | <u>13233</u><br>(39 pgs) | Affidavit of Service *re Notice of Settlement of Order on Motion for 60(B) Relief (Doris Phillips)* (related document(s)<u>13224</u>) Filed by Angela Ferrante on behalf of The Garden City Group, Inc.. (Ferrante, Angela) (Entered: 06/19/2015) |
| 06/19/2015 | <u>13234</u><br>(18 pgs; 3 docs) | Letter *to the Honorable Judge Robert E. Gerber Regarding Update on Related Proceedings* Filed by Arthur Jay Steinberg on behalf of General Motors LLC. (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2)(Steinberg, Arthur) (Entered: 06/19/2015) |
| 06/19/2015 | <u>13235</u><br>(39 pgs) | Affidavit of Service *re Certificate of No Objection to the Motion of the Motors Liquidation Company Avoidance Action Trust, by and through Wilmington Trust Company Acting Solely in its Capacity as Avoidance Action Trust Administrator, for Order Approving Appointment of Successor Avoidance* |

New York Southern Live System                    https://ecf.nysb.uscourts.gov/cgi-bin/DktRpt.pl?73187769886375?-L_...

09-50026-reg    Doc 13320-1    Filed 07/24/15    Entered 07/24/15 15:05:40    Exhibit 1
1:15-cv-mc360    DOCL  13AM    Docfled 117/24/15 Ered d 07/24/15 of 25 55:40    Pg ID 1001
Pg 147 of 151

| | | |
|---|---|---|
| | | *Action Trust Monitor* (related document(s)[13227]) Filed by Angela Ferrante on behalf of The Garden City Group, Inc.. (Ferrante, Angela) (Entered: 06/19/2015) |
| 06/22/2015 | [13236](4 pgs) | Statement of Issues *and Designation of Record on Appeal* filed by William P. Weintraub on behalf of Ignition Switch Plaintiffs in Pre-Closing Accident Lawsuits. (Weintraub, William) (Entered: 06/22/2015) |
| 06/22/2015 | [13237](2 pgs) | Certificate of Service (related document(s)[13236]) Filed by William P. Weintraub on behalf of Ignition Switch Plaintiffs in Pre-Closing Accident Lawsuits. (Weintraub, William) (Entered: 06/22/2015) |
| 06/23/2015 | [13238](120 pgs; 8 docs) | Objection *Benjamin Pillars Objection Pleading* (related document(s)[13177] filed by Victor J. Mastromarco Jr. on behalf of The Estate of Kathleen Pillars, Deceased. (Attachments: # [1] Exhibit Ex 1 - Shamieh Case # [2] Exhibit Ex 2 - State Court Complaint # [3] Exhibit Ex 3 - Defendant's Notice of Removal # [4] Exhibit Ex 4 - GM's Answer to Plaintiff's Amended Complaint # [5] Exhibit Ex 5 - Decision on New GM's Motion to Enforce Section 363 Order # [6] Exhibit Ex 6 - American Heritage Dictionary # [7] Exhibit Ex 7 - Merriam Webster Dictionary) (Mastromarco, Victor) (Entered: 06/23/2015) |
| 06/23/2015 | [13239](120 pgs; 8 docs) | Statement *Benjamin Pillars No Dismissal Pleading* (related document(s)[13177] filed by Victor J. Mastromarco Jr. on behalf of The Estate of Kathleen Pillars, Deceased. (Attachments: # [1] Exhibit Ex 1 - Shamieh Case # [2] Exhibit Ex 2 - State Court Complaint # [3] Exhibit Ex 3 - Defendant's Notice of Removal # [4] Exhibit Ex 4 - GM's Answer to Plaintiff's Amended Complaint # [5] Exhibit Ex 5 - Decision on New GM's Motion to Enforce Section 363 Order # [6] Exhibit Ex 6 - American Heritage Dictionary # [7] Exhibit Ex 7 - Merriam Webster Dictionary) (Mastromarco, Victor) (Entered: 06/23/2015) |
| 06/23/2015 | [13240](1 pg) | Certificate of Service *Benjamin Pillars Objection Pleading with Exhibits* filed by Victor J. Mastromarco Jr. on behalf of The Estate of Kathleen Pillars, Deceased. (Mastromarco, Victor) (Entered: |

New York Southern Live System    https://ecf.nysb.uscourts.gov/cgi-bin/DktRpt.pl?751877698803737-L_...

09-50026-mg    Doc 13320-1    Filed 07/24/15    Entered 07/24/15 15:55:40    Exhibit 1
1:15-cv-0360    DOC 1-FAW    Doc # 1 11/17/15    filed 09/19/15 41:25    Pg ID 002
Pg 148 of 151

| | | |
|---|---|---|
| | | 06/23/2015) |
| 06/23/2015 | <u>13241</u><br>(1 pg) | Certificate of Service *Benjamin Pillars No Dismissal Pleading* filed by Victor J. Mastromarco Jr. on behalf of The Estate of Kathleen Pillars, Deceased. (Mastromarco, Victor) (Entered: 06/23/2015) |
| 06/23/2015 | <u>13242</u><br>(4 pgs) | Certificate of Service *For: Letter to the Honorable Judge Robert E. Gerber Regarding Update on Related Proceedings (With Exhibits)* (related document(s)<u>13234</u>) Filed by Scott I. Davidson on behalf of General Motors LLC. (Davidson, Scott) (Entered: 06/23/2015) |
| 06/23/2015 | <u>13243</u><br>(4 pgs) | Counter Designation (appellee) / *Motors Liquidation Company GUC Trust's Counter-Designation of Additional Items to Be Included in the Record on Appeal in Connection with the Appeal of Sherif Kodsy* (related document(s)<u>13111</u>) filed by Joseph H. Smolinsky on behalf of Motors Liquidation Company GUC Trust. (Smolinsky, Joseph) (Entered: 06/23/2015) |
| 06/23/2015 | <u>13244</u><br>(75 pgs) | Response to Motion / *Response with Objection by Atul C. Shah to the Notice of Motion of Wilmington Trust Company, as GUC Trust Administrator and Trustee, for an Order Granting Authority (A) to Exercise New GM Warrants and Liquidate New GM Common Stock, and (B) to Make Corresponding Amendments to the GUC Trust Agreement (C) Sharing of the Monetary Wealth with Creditor Atul C. Shah (D) Sharing of the Knowledge by Atul C. Shah, MD with the Distinguished Entities* (related document(s)<u>13186</u>) filed by Matthew Williams on behalf of Motors Liquidation Company GUC Trust. (Williams, Matthew) (Entered: 06/23/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/21/2015 09:18:48 | | | |
| PACER Login: | mw0759:2712648:0 | Client Code: | Pillars |

New York Southern Live System                    https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?73187769880373?-L_...

09-50026-mg    Doc 13320-1    Filed 07/24/15    Entered 07/24/15 15:25:40    Exhibit 1
1:15-cv-01360-PLF-HM    Doc #1 1/12/16    Entered 09/09/15    Pg 20 of 20    Pg ID 1003
Pg 149 of 151

| **Description:** | Docket Report | **Search Criteria:** | 09-50026-reg Fil or Ent: filed From: 5/28/2015 To: 6/23/2015 Doc From: 0 Doc To: 99999999 Headers: included Format: html Page counts for documents: included |
|---|---|---|---|
| **Billable Pages:** | 12 | **Cost:** | 1.20 |

**From:** Davidson, Scott <SDavidson@KSLAW.com>
**To:** russellbabcock <russellbabcock@aol.com>
**Cc:** Steinberg, Arthur <ASteinberg@KSLAW.com>
**Subject:** RE: Pillars vs. General Motors LLC
**Date:** Tue, Jul 21, 2015 11:13 am

---

Mr. Babcock:

Thank you for your e-mail.  As you may recall, Judge Gerber
stated at the conclusion of the July 16, 2016 hearing that, if New GM intends to
appeal his ruling, he reserved the right to issue a written opinion on the
matter.  In connection with denying a No Stay Pleading filed by the Phaneuf
plaintiffs in and around July/August 2014, the Bankruptcy Court made a similar
statement.  When counsel for the Phaneuf plaintiffs stated he intended to appeal
the Bankruptcy Court's ruling, the procedure that Judge Gerber followed was that
he did not enter the order until after he wrote the decision.  That is what I
think needs to happen here.  New GM intends to appeal Judge Gerber's ruling in
Pillars, unless he reconsiders it, in light of the proceeding referred to in the
next paragraph.

As you know, New GM has filed a motion with the United States
District Court for the Eastern District of Michigan ("Michigan District Court")
seeking authority to file an amended answer and an amended Notice of Removal
with respect to the Pillars Lawsuit in order to correct the inadvertent mistake
respecting the language found in Section 2.3(a)(ix) of the Sale Agreement and in
the First Amendment to the Sale Agreement.  The Michigan District Court put this
motion to amend on a fast track briefing schedule which will be concluded in a
few days.  If the Michigan District Court grants New GM's Motion to Amend, New
GM will ask Judge Gerber to reconsider his ruling.

Under these circumstances,
we believe it makes sense to notify Judge Gerber of New GM's intent to appeal so
that he could decide whether to write a decision prior to the entry of an order.
Further, in view of his comment regarding his busy schedule and the many matters
before him, we should also include in such letter to Judge Gerber a reference to
the fast track motion to amend in the Michigan District Court, which might
inform him as to if and when he should render his decision.

Please let us
know if you agree with proceeding in this fashion. If so, we will compose the
appropriate letter, subject to your review.  If not, we should further
discuss.

Thank you
Scott I. Davidson | King & Spalding
LLP

---

Tel: 212.556.2164 | Fax:
212.556.2222 | E-mail: sdavidson@kslaw.com
1185 Avenue of the Americas | New
York, New York 10036

---

The information contained in this
e-mail is personal and confidential and is intended for the recipient only. In
the event that you have received this message in error, please delete it
immediately and inform the sender as soon as possible.

-----Original
Message-----
From: russellbabcock@aol.com
[mailto:russellbabcock@aol.com]
Sent: Monday, July 20, 2015 2:31 PM
To:
Steinberg, Arthur
Subject: Fwd: Pillars vs. General Motors LLC



7/21/2015 11:19 AM

I still await
your response to my earlier e-mail.


-----Original Message-----
From:
russellbabcock <russellbabcock@aol.com>
To: asteinberg
<asteinberg@kslaw.com>
Cc: Vmastromar <Vmastromar@aol.com>; marylynnmcphail
<marylynnmcphail@yahoo.com>
Sent: Fri, Jul 17, 2015 11:53 am
Subject: Pillars
vs. General Motors LLC


Mr. Steinberg,

Pursuant to Local Rule 9074-1,
please find attached a draft proposed order regarding the hearing which took
place on July 16, 2015. Please advise as to whether or not you can agree to the
language of the proposed order.

Russell C. Babcock
The Mastromarco
Firm
1024 North Michigan Avenue
Saginaw, Michigan 48602
(989)
752-1414



1


King & Spalding Confidentiality Notice:

This message
is being sent by or on behalf of a lawyer.  It is intended exclusively for the
individual or entity to which it is addressed.  This communication may contain
information that is proprietary, privileged or confidential or otherwise legally
exempt from disclosure.  If you are not the named addressee, you are not
authorized to read, print, retain, copy or disseminate this message or any part
of it.  If you have received this message in error, please notify the sender
immediately by e-mail and delete all copies of the message.