# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BENJAMIN W. PILLARS, as
Personal Representative for the
Estate of KATHLEEN ANN PILLARS,
Deceased,

        Plaintiff,

v.

GENERAL MOTORS LLC,

        Defendant.

Honorable Thomas J. Ludington
Case: 1:15-cv-11360-TLL-PTM

| | |
|---|---|
| Victor J. Mastromarco, Jr. (P35464) | Thomas P. Branigan (P41774) |
| Russell C. Babcock (P57662) | Elizabeth A. Favaro (P69610) |
| The Mastromarco Firm | Bowman and Brooke LLP |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 1024 N. Michigan Avenue | 41000 Woodward Avenue, Suite 200 East |
| Saginaw, MI 48602 | Bloomfield Hills, MI 48304 |
| 989.752.1414 / 989.752.6202 fx | 248.205.3300 ph / 248.205.3399 fx |
| Vmastromar@aol.com | tom.branigan@bowmanandbrooke.com |
| russellbabcock@aol.com | elizabeth.favaro@bowmanandbrooke.com |

**DEFENDANT GENERAL MOTORS LLC'S REPLY BRIEF IN SUPPORT
OF ITS MOTION FOR LEAVE TO FILE AMENDED NOTICE OF
<u>REMOVAL AND AMENDED ANSWER</u>**

1

# TABLE OF CONTENTS

I.   There is no Dispute That GM LLC's Notice of Removal and Answer Contain the Same Inadvertent Error. .................................................. 5

II.  Plaintiff Does Not Dispute That the Factors the Court Should Consider Weigh in Favor of Granting Leave to Amend. ...................... 6

III. Conclusion ................................................................................ 11

# TABLE OF AUTHORITIES

## Cases

*Cadle Company II, Inc. v. Gasbusters Prod. I Ltd. P'ship*, 441 Fed. App'x 310 (6th Cir. 2011) ................................................................................... 9

*Coleman v. Rafferty*, 627 F. Supp. 735, 736 (D. N.J. 1986) ........................ 5

*Creelgroup, Inc. v. NGS Am., Inc.* 518 Fed.Appx. 343, 347 (6th Cir. 2013). 1

*Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1465 (4th Cir. 1991) ................................................................................................. 1

*Ferguson v. Neighborhood Housing Services of Cleveland, Inc.*, 780 F.2d 549 (6th Cir. 1986) ......................................................................................... 9

*Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973) ........ 7

*In re Motors Liquidation Co.,* 447 B.R. 142, 143-44 (Bankr. S.D.N.Y. 2011) 4

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 458-459 (6th Cir. 2001) ............... 7

*Williams v. CitiMortgage, Inc.,* 498 Fed.Appx. 532, 536 (6th Cir. 2012) ...... 1

## Statutes

28 United States Code § 1334(b) ................................................................. 2

28 United States Code § 157(b) ................................................................... 2

## Rules

Federal Rules of Civil Procedure 10(c) ......................................................... 1

Federal Rules of Civil Procedure 15(a)(2) ............................................. 5, 6, 9

# CONCISE STATEMENT OF ISSUES PRESENTED

Whether this Court should grant General Motors LLC leave to amend its Notice of Removal and Answer to Plaintiff's Amended Complaint?

General Motors LLC answers: **YES.**

12412224v1

Plaintiff does not and cannot dispute the only fact material to the disposition of defendant General Motors LLC's ("GM LLC's") motion for leave to amend—that the Bankruptcy Court Sale Agreement quoted by GM LLC in its Removal and Answer is not controlling and was superseded by a First Amendment. Nor does plaintiff dispute that GM LLC's error was an inadvertent one. To the contrary, GM LLC **attached** the governing First Amendment to its removal papers (ECF No. 1-4 at Pg. ID 182). Pursuant to Fed.R.Civ.P. 10(c), "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." And "when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Creelgroup, Inc. v. NGS Am., Inc.* 518 Fed.Appx. 343, 347 (6th Cir. 2013) (quoting *Williams v. CitiMortgage, Inc.,* 498 Fed.Appx. 532, 536 (6th Cir. 2012); *see Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1465 (4th Cir. 1991) ("Indeed, in the event of conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c), Fed.R.Civ.P., the exhibit prevails.").

Plaintiff complains that GM LLC did not move to correct the error for three months. That is true, but only because (i) the error was not

1

significant to the basis for removal or the substance of the answer; and (ii) because this case was stayed both in this Court and, under procedures adopted by the MDL Court if the case is transferred there by the JPML, would continue to be stayed at least until resolution of six personal injury bellwether trials scheduled for 2016.  Order No. 1, at § XI, *In Re Gen. Motors LLC Ignition Switch Litig.*, MDL Docket No. 2543, (S.D.N.Y. June 24, 2014), ECF No. 19.  Put another way, this case was removed on the basis of bankruptcy jurisdiction, 28 U.S.C. §§ 157(b) and 1334(b).  The provision at issue in the First Amendment has no impact whatsoever on whether removal on the basis of bankruptcy jurisdiction is proper—to the contrary, parallel proceedings have been underway in the Bankruptcy Court since plaintiff's Complaint was filed.[1]  Accordingly, there was no reason for GM LLC to take the extraordinary step of correcting an obvious scrivener's error in a case that was stayed and that would remain so for the foreseeable future.

---

[1]   As Bankruptcy Court Judge Gerber stated at the July 16, 2015 hearing, "I reiterate for the 900th time that I have subject matter jurisdiction over this dispute." (Tr. 27:25-28:2).

2

At the July 16, 2015 Bankruptcy Court hearing, the Bankruptcy Court held that Plaintiff could not rely on an admittedly superseded document under the doctrine of "judicial estoppel."

> And it seems to me in essence what you [] are asking me to do is to rely on a wrong version of the sale agreement. I got a couple of problems with that . . . I didn't know how a guy in my position could responsibly rely on what he knows to be the wrong agreement. . . .

(Tr. 5:13-17, attached hereto as Ex. 1). Judge Gerber also recognized that use of the superseded language "plainly was" a mistake by GM LLC. (Tr. 17:10). Nevertheless, Judge Gerber concluded that GM LLC would be bound by the erroneous language under the doctrine of "judicial admission" because "[a]lthough it is true that answers can thereafter be amended, unless and until they have been, they stand." (Tr. at 26). As a result of Judge Gerber's ruling, what was an immaterial mistake obviously took on far greater significance and GM LLC has promptly moved to correct it.

But to be clear, the Bankruptcy Court did not rule that the answer should not be amended, and that is what this pending motion is about. Plaintiff's underlying claim is that he should be able to sue GM LLC notwithstanding the fact that the accident at issue took place before General Motors Corporation ("Old GM") filed for bankruptcy. Under procedures set up by the Bankruptcy Court, that court effectively serves as

3

12412224v1

a gatekeeper for whether such lawsuits that implicate the Sale Agreement and First Amendment can go forward—indeed, in a prior case, Order With Respect to Product Liability Claim of Estate of Beverly Deutsch, *In re Motors Liquidation Co.,* 447 B.R. 142, 143-44 (Bankr. S.D.N.Y. 2011) ("*Deutsch* Decision"), Judge Gerber held on identical facts that the claims of an accident plaintiff in a pre-bankruptcy accident but that passed away after the bankruptcy were barred under the Sale Agreement and First Amendment.[2]

Here, based on GM LLC's error, the Bankruptcy Court has ruled that the *Pillars* suit can go forward. But, as Judge Gerber already held, plaintiff must now meet his burden to prove his underlying case. ("Q. You're saying if I grant the relief you still got to prove your case in Michigan State Court or Michigan Federal Court? A. Sure."). Depending on the JPML's forthcoming ruling, plaintiff's case will proceed either in this Court or as part of MDL No. 2543. But regardless, it makes no sense to proceed on plaintiff's underlying case on pleadings that ***everyone*** agrees are erroneous.

---

[2] As Judge Gerber held at the July 16, 2015 hearing: "At the outset of oral argument I recognized as we all had to recognize my *Deutsch* decision which if it had been decided in a vacuum, this controversy had been decided in a vacuum based upon the proper language of the sale agreement would have resulted in a victory for New GM." (Tr. 25:9-13).

4

12412224v1

Plaintiff's ***only*** argument to the contrary is that once the pleadings are corrected to reflect the undisputed fact that the First Amendment controls, Judge Gerber may reconsider his earlier decision or the appellate court might reach a different result if Judge Gerber's ruling is appealed. Those things may or may not ultimately prove to be true. But they are certainly not the type of prejudice contemplated by Fed.R.Civ.P. 15(a)(2), which requires that "[t]he court should freely give leave when justice so requires." *Id*. The legal principle set forth in *Coleman v. Rafferty*, 627 F. Supp. 735, 736 (D. N.J. 1986), clearly applies to this case:

> It is entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of a mere technicality. The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

And as set forth below, the other authority put forth by plaintiff is inapposite. GM LLC's motion to amend should be granted.

## I. THERE IS NO DISPUTE THAT GM LLC'S NOTICE OF REMOVAL AND ANSWER CONTAIN THE SAME INADVERTENT ERROR.

It is undisputed that the June 30, 2009 First Amendment to the Sale Agreement (the "First Amendment")—and not the June 26, 2009 Amended and Restated Master Sale and Purchase Agreement ("Sale Agreement")—

5

12412224v1

is the controlling document that sets forth GM LLC's assumed liabilities as approved by the Bankruptcy Court for the Southern District of New York in an order dated July 5, 2009 ("Sale Order and Injunction"). Plaintiff's opposition does not challenge this or otherwise contend that GM LLC's quotation from the Sale Agreement in its Notice of Removal and Answer was anything other than a scrivener's error. Nor can he.[3] As such, it defies reason to move forward in this case with an answer that mistakenly quotes from a previous version of a document that everyone agrees is *not* the controlling document. It makes no sense to rely on such a mistake rather than allow GM LLC to amend its pleadings to correct the inadvertent error.

## II. PLAINTIFF DOES NOT DISPUTE THAT THE FACTORS THE COURT SHOULD CONSIDER WEIGH IN FAVOR OF GRANTING LEAVE TO AMEND.

Plaintiff's opposition does not address the factors this Court should consider in deciding a motion to amend under Federal Rule of Civil Procedure 15(a)(2).[4] Nor does plaintiff contest that "[n]otice and

---

[3] Indeed, at the July 16, 2015 Bankruptcy Court hearing, counsel for Plaintiff acknowledged that he was "not aware of any other case where [GM LLC]" has quoted from the Sale Agreement rather than the First Amendment. (Tr. 10:19-20).

[4] "[U]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous

6

12412224v1

substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted" (*Wade v. Knoxville Utilities Bd.*, 259 F.3d 458-459 (6th Cir. 2001)). These factors weigh heavily in favor of granting GM LLC leave to amend its Notice of Removal and Answer.

***First***, plaintiff does not dispute that he has long had notice of the inadvertent nature of the error in GM LLC's pleadings, as evidenced by the fact that (i) GM LLC attached the First Amendment to its Notice of Removal, (ECF No. 1-4 at Pg. ID 182); (ii) GM LLC correctly quoted from the First Amendment in its May 26, 2015 opposition to Plaintiff's remand motion (ECF No. 10 at 15, Pg ID 571); and (iii) that GM LLC noted in its June 8, 2015 filing in the Bankruptcy Court that while it "may have inadvertently referred to the original language contained in Section 2.3(b)(ix) of the Sale Agreement in certain pleadings filed in the underlying lawsuit, the language contained in the First Amendment with respect to Section 2.3(b)(ix) clearly governs this matter." (GM LLC's Response to Pillars' No Stay Pleading at 7 n. 5. See, ECF 09-50026-reg Doc 13191 Filed 06/08/15).

---

amendments, undue prejudice to the opposing party, and futility of amendment." (*See* GM Motion at 4-5, ECF No. 15) (citing *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).)

7

12412224v1

***Second***, plaintiff cannot show undue prejudice if the Court grants GM LLC leave to amend its pleadings.  Although plaintiff baldly asserts that he "will be unfairly prejudiced in a substantial manner if the relief sought by the Defendant is granted" and that GM LLC "should be precluded [from amending its pleadings] at this late date" (Pl. Br. at 13), plaintiff offers no support whatsoever for this assertion.  GM LLC's mistaken inclusion of language from the Sale Agreement rather than the First Amendment has had no bearing on the proceedings in this Court to date, nor in the MDL should the case be transferred there by the JPML.  Rather, other than the gatekeeping proceedings in the Bankruptcy Court, it is undisputed that this case is in its infancy, that nothing of substance has transpired in this case, and that the proposed amendment is minimal and relates to nothing more than correcting a reference in one document from an earlier version to the governing final version.

The fact that plaintiff may no longer be able to use this scrivener's error as an unintended "admission" against GM LLC in the parallel proceedings in the Bankruptcy Court cannot constitute undue prejudice to plaintiff.  In fact, it is the opposite. It is prejudicial to GM LLC for plaintiff to take undue advantage of this scrivener's error.

8

12412224v1

And notwithstanding plaintiff's contentions to the contrary (Pl. Br. at 8-10), nothing in Judge Gerber's oral ruling precludes this Court from granting GM LLC leave to amend its pleadings under Rule 15(a)(2) in order to correct this obvious error. Indeed, Judge Gerber understood that an amendment could impact his ultimate decision when he acknowledged at the July 16, 2015 hearing that "[a]lthough it is true that answers can thereafter be amended, **unless and until they have been**, they stand." (Tr. at 26.) (emphasis added). Furthermore, what the Bankruptcy Court does or does not do once GM LLC amends its complaint is of no moment to this Court's decision as to whether to grant leave to amend "when justice so requires." Fed.R.Civ.P. 15(a)(2).

***Third***, the authorities cited by plaintiff are inapposite and concern cases dealing with judicial admissions at trial or evidentiary hearings, rather than a case in its infancy such as the one here. *See Ferguson v. Neighborhood Housing Services of Cleveland, Inc.*, 780 F.2d 549 (6th Cir. 1986) (affirming finding of judicial admission where defendant did not seek to amend its answer until immediately prior to trial, three years after the litigation began); *Cadle Company II, Inc. v. Gasbusters Prod. I Ltd. P'ship*, 441 Fed. App'x 310 (6th Cir. 2011) (affirming finding of judicial admission in

9

12412224v1

connection with an evidentiary hearing). Plaintiff identifies no cases, and GM LLC is likewise aware of no cases where any court in the Sixth Circuit has denied a motion for leave to amend an answer to correct an undisputed mistake. (*Cf.* GM Br. at 6) (citing cases granting motions for leave to amend where original answer included inadvertent mistakes.)

**Fourth**, justice requires the amendment be granted. The alleged "judicial admission" was in response to paragraph 17 of the Complaint. That paragraph never referred to the 2009 Sale Agreement between a predecessor to General Motors LLC (the Defendant herein) as buyer, and General Motors Corporation (as seller). In particular, there was no reference in paragraph 17 to Section 2.3(a)(ix) of the Sale Agreement, let alone which version of Section 2.3(a)(ix) applied to Plaintiff. Defendant's Answer to paragraph 17 referenced the 2009 Sale Agreement to specifically deny that it assumed any liabilities under the Sale Agreement for the subject accident. The particular reference to Section 2.3(a)(ix) was not specific to Plaintiff. Rather, it was a generic reference to a provision of the Sale Agreement that Defendant asserted did not apply, and the obvious mistake, which this motion seeks to correct, is to cite to the undisputed controlling version of that provision. Justice requires that Defendant be

10

permitted to amend this obvious scrivener's error. Plaintiff cites no authority, nor is there any, binding a litigant to an erroneous quote in a pleading when the correct underlying document was filed as an attachment to the Notice of Removal, in a case that has not progressed past the pleading stage. No purpose would be served by doing so.

### III.  CONCLUSION

For all the foregoing reasons, and the reasons stated in its opening brief, General Motors LLC respectfully requests that the Court grant its motion for leave to amend its Notice of Removal and Answer to Plaintiff's Amended Complaint.

                Respectfully submitted,

                Bowman and Brooke LLP

By:   /s/ Thomas P. Branigan
      Thomas P. Branigan (P41774)
      Elizabeth A. Favaro (P69610)
      Attorneys for Defendant
      41000 Woodward Avenue
      Suite 200 East
      Bloomfield Hills, MI  48304
      248.205.3300 ph / 248.205.3399 fx
      tom.branigan@bowmanandbrooke.com
      elizabeth.favaro@bowmanandbrooke.com

# CERTIFICATE OF SERVICE

I certify that on July 23, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

>Victor J. Mastromarco, Jr. (P35464)
>Russell C. Babcock (P57662)
>The Mastromarco Firm
>Attorneys for Plaintiff
>1024 N. Michigan Avenue
>Saginaw, MI 48602
>989.752.1414 / 989.752.6202 fx
>Vmastromar@aol.com
>russellbabcock@aol.com


>Bowman and Brooke LLP
>
>By: /s/ Thomas P. Branigan
>Thomas P. Branigan (P41774)
>Elizabeth A. Favaro (P69610)
>Attorneys for Defendant
>41000 Woodward Avenue
>Suite 200 East
>Bloomfield Hills, MI 48304
>248.205.3300 ph / 248.205.3399 fx
>tom.branigan@bowmanandbrooke.com
>elizabeth.favaro@bowmanandbrooke.com