# Exhibit 8

# BROWN RUDNICK

EDWARD S. WEISFELNER
direct dial: (212) 209-4900
fax: (212) 938-2900
eweisfelner@brownrudnick.com

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

July 23, 2015

**VIA E-MAIL
AND ECF FILING**

Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

RE:   *Ignition Switch Plaintiffs & Non-Ignition Switch Plaintiffs v. Motors Liquidation Company (In re Motors Liquidation Co., f/k/a General Motors Corp.),
Case Nos. 15-CV-5056 (JMF) and 14-MD-2543 (JMF)*

Dear Judge Furman:

     We write as Co-Designated Counsel for the Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs, joined by Co-Designated Counsel for Ignition Switch Pre-Closing Accident Plaintiffs and Counsel for certain Non-Ignition Switch Pre-Closing Accident Plaintiffs, Counsel for the GUC Trust, Counsel for certain participating GUC Trust Unitholders, and Counsel for General Motors LLC ("New GM" and together with the above-referenced entities, the "Parties"),[1] to inform Your Honor that the Parties have agreed to toll part of the Omnibus Judgment Pleading for which the Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs seek to withdraw the reference to the Bankruptcy Court.

     On July 23, 2015, the Parties submitted to the Bankruptcy Court a Stipulation and Agreed Order (the "Stipulation"), seeking to toll, *inter alia*, that portion of the Omnibus Judgment Pleading that relates to the Non-Ignition Switch Plaintiffs' "GUC Trust Asset Pleading" (defined in the Bankruptcy Court's Judgment, dated June 1, 2015, as a pleading setting forth the Non-Ignition Switch Plaintiffs' "good faith basis" to believe that any of the GUC Trust Assets may be used to

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the *Motion to Withdraw the Reference for the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Complaint and (II) GUC Trust Asset Pleading*, dated June 24, 2015, entered June 29, 2015 [ECF No. 1] (the "Motion to Withdraw").

brownrudnick.com

Brown Rudnick LLP    Boston | Dublin | Hartford | London | New York | Orange County | Paris | Providence | Washington, D.C.

satisfy late proofs of claim, if filed by them and ultimately allowed by the Bankruptcy Court). A copy of the executed Stipulation is attached hereto as Exhibit A.

The response deadline to the Motion to Withdraw is currently July 23, 2015. In accordance with the Stipulation, the Parties have agreed, subject to Your Honor's approval, that the portion of the Motion to Withdraw relating to the GUC Trust Asset Pleading is also presently tolled, subject to its continued prosecution on written notice to counsel for New GM, the GUC Trust, and the Unitholders; with any responses thereto due within seven (7) business days of such notice.

Respectfully submitted,

 /s/ Edward S. Weisfelner
Edward S. Weisfelner
Howard S. Steel
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036

*Designated Counsel for Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

 /s/ Sander L. Esserman
Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
2323 Bryan Street, Suite 2200
Dallas, TX 75201

*Designated Counsel for Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

 /s/ William P. Weintraub
William P. Weintraub
Gregory W. Fox
GOODWIN PROCTOR LLP
The New York Times Bldg.
620 Eighth Avenue
New York, NY 10018

*Designated Counsel for Certain Ignition Switch Pre-Closing Accident Plaintiffs and Counsel for Certain Non-Ignition Switch Pre-Closing Accident Plaintiffs*

 /s/ Arthur Steinberg
Arthur Steinberg
Scott Davidson
KING & SPALDING
1185 Avenue of the Americas
New York, NY 10036

*Counsel for New GM*

| | |
|---|---|
| /s/ Matthew Williams | /s/ Daniel Golden |
| Matthew Williams | Daniel Golden |
| Lisa H. Rubin | Deborah J. Newman |
| Keith R. Martorana | Naomi Moss |
| GIBSON, DUNN & CRUTCHER, LLP | AKIN, GUMP, STRAUSS, HAUER & FELD, LLP |
| 200 Park Avenue | One Bryant Park |
| New York, New York 10166 | New York, New York 10036 |
| *Counsel for Wilmington Trust Company, as GUC Trust Administrator and Trustee* | *Counsel for Participating GUC Trust Unitholders* |

cc:   Steve W. Berman
      Elizabeth J. Cabraser
      Robert Hilliard
      Richard C. Godfrey
      Andrew B. Bloomer
      Jonathan Flaxer

**SO ORDERED:**

Dated: July ___, 2015
       New York, New York

_____
HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                    :
In re:                                                     :           Chapter 11
MOTORS LIQUIDATION COMPANY, *et al.*,   :           Case No.: 09-50026 (REG)
      f/k/a General Motors Corp., *et al.*,     :
                                                     :
                                 Debtors.     :           (Jointly Administered)
------------------------------------------------------------X

**STIPULATION AND AGREED ORDER TOLLING
CERTAIN OF THE IGNITION SWITCH PLAINTIFFS'
NO STRIKE PLEADING WITH REGARD TO THE SECOND
AMENDED CONSOLIDATED COMPLAINT; AND THE NON-IGNITION
SWITCH PLAINTIFFS' (I) OBJECTION PLEADING WITH REGARD TO
THE SECOND AMENDED CONSOLIDATED COMPLAINT AND (II)
GUC TRUST ASSET PLEADING AND THE AMENDED RESERVATION
OF RIGHTS OF CERTAIN NON-ISD PRE-CLOSING ACCIDENT PLAINTIFFS**

The Ignition Switch Plaintiffs, certain Non-Ignition Switch Plaintiffs, certain Non-Ignition Switch Pre-Closing Accident Plaintiffs, the GUC Trust, certain participating GUC Trust Unitholders (the "**Unitholders**"), and General Motors LLC ("**New GM**" and together with the Ignition Switch Plaintiffs, Non-Ignition Switch Plaintiffs, Non-Ignition Switch Pre-Closing Accident Plaintiffs, GUC Trust, and Unitholders, the "**Parties**"),[1] by and through their undersigned counsel, enter into this Stipulation and Agreed Order and state:

WHEREAS, on June 1, 2015, the Bankruptcy Court entered its *Judgment* [ECF No. 13177] on New GM's Motions to Enforce;

WHEREAS, the Judgment provides, *inter alia*, that the Ignition Switch Plaintiffs may file, within 17 business days of the Judgment, a "**No Strike Pleading**" if they believe that,

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in this Court's *Judgment*, dated June 1, 2015 [ECF No. 13177] (the "**Judgment**") or *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015), as corrected in *Errata Order RE: Decision on Motion to Enforce Sale Order*, dated July 13, 2015 [ECF No. 13290] (the "**Decision**"), as applicable.

1

notwithstanding the Decision and Judgment, a good faith basis exists to maintain that their allegations, claims or causes of action against New GM should not be stricken;

WHEREAS, the Judgment further provides, *inter alia*, that the Non-Ignition Switch Plaintiffs may, within 17 business days of the Judgment, (i) object to the application of the rulings in the Decision and Judgment to them (an "**Objection Pleading**"); or (ii) make a showing of a good faith basis to maintain that, notwithstanding the Decision and Judgment, their claims or causes of action against New GM should not be dismissed or stricken (a "**No Dismissal Pleading**");

WHEREAS, the Judgment further provides, *inter alia*, that the Non-Ignition Switch Plaintiffs and Non-Ignition Switch Pre-Closing Accident Plaintiffs may file, within 17 business days of the Judgment, a "**GUC Trust Asset Pleading**" if they believe that, notwithstanding the Decision and Judgment, a good faith basis exists to believe that any of the GUC Trust Assets may be used to satisfy late proofs of claim filed by them that may ultimately be allowed by the Bankruptcy Court;

WHEREAS, on June 24, 2015, the Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs filed *The Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading* [ECF No. 13247] (the "**Omnibus Judgment Pleading**");

WHEREAS, on June 24, 2015, certain Non-Ignition Switch Pre-Closing Accident Plaintiffs filed an *Amended Reservation of Rights of Certain Non-ISD Pre-Closing Accident Plaintiffs* [ECF No. 13254] with respect to their ability to seek to file late proofs of claim at a

2

future date and seek recovery on such claims from the assets of the GUC Trust (the "**Non-ISD Pre-Closing Accident Reservation of Rights/GUC Trust Asset Pleading**");

WHEREAS, the original deadline for New GM, the GUC Trust, and the Unitholders to respond to the Omnibus Judgment Pleading was July 20, 2015;

WHEREAS, on July 16, 2015, the Bankruptcy Court so-ordered an extension of the deadline for New GM, the GUC Trust, and the Unitholders to respond to the Omnibus Judgment Pleading until July 23, 2015;

WHEREAS, counsel for the GUC Trust, counsel for the Unitholders, Designated Counsel for the Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs, Designated Counsel for the Ignition Switch Pre-Closing Accident Plaintiffs, and counsel for certain Non-Ignition Switch Pre-Closing Accident Plaintiffs have engaged in preliminary settlement discussions with regard to matters addressed in the GUC Trust Asset Pleading contained in the Omnibus Judgment Pleading and the Non-ISD Pre-Closing Accident Reservation of Rights/GUC Trust Asset Pleading;

WHEREAS, because such settlement negotiations are ongoing and in recognition of the upcoming response deadlines, the Ignition Switch Plaintiffs, Non-Ignition Switch Plaintiffs, Ignition Switch Pre-Closing Accident Plaintiffs, and certain Non-Ignition Switch Pre-Closing Accident Plaintiffs have conferred with the GUC Trust and the Unitholders, and they have agreed that the GUC Trust Asset Pleading within the Omnibus Judgment Pleading should be tolled and the Non-ISD Pre-Closing Accident Reservation of Rights/GUC Trust Asset Pleading should also be tolled (collectively, the "**Tolled Pleadings**");[2] and

---

[2] The tolling of the Tolled Pleadings shall be without prejudice to any Parties' rights with respect to the GUC Trust Asset Pleading within the Omnibus Judgment Pleading and the Non-ISD Pre-Closing Accident Reservation of Rights/GUC Trust Asset Pleading.

3

WHEREAS, New GM does not object to the tolling of the Tolled Pleadings as set forth herein, subject to the agreement by the Parties that any settlement arising from or relating to the Tolled Pleadings be on notice to New GM of not less than seventeen (17) business days' notice, and seeking approval from the appropriate court regarding same.

NOW, THEREFORE, it is stipulated and agreed, by and among the Parties, subject to the approval of the Bankruptcy Court, that:

1. The Tolled Pleadings are tolled as set forth herein;

2. The deadline for New GM to respond to the remainder of the Omnibus Judgment Pleading shall be unchanged and such response shall accordingly be due on July 23, 2015, as so-ordered by this Court on July 16, 2015;

3. The Tolled Pleadings may continue to be prosecuted on written notice to counsel for New GM, the GUC Trust, and the Unitholders; with any responses thereto due within seven (7) business days of such notice;

4. Other than as expressly set forth herein, nothing in this Stipulation and Agreed Order shall be interpreted as allowing the filing of a GUC Trust Asset Pleading beyond the date set in the Judgment; and

5. This Stipulation and Agreed Order may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document. Facsimile signatures or signatures received via e-mail transmission are treated as a binding and original document, and the facsimile signature or e-mail signature of any party is considered an original signature.

Dated: July 23, 2015
      New York, New York

 */s/ Edward S. Weisfelner*  
Edward S. Weisfelner  
David J. Molton  
May Orenstein  
Howard S. Steel  
BROWN RUDNICK LLP  
7 Times Square  
New York, New York 10036  
T: 212-209-4800  
E: eweisfelner@brownrudnick.com  
E: dmolton@brownrudnick.com  
E: morenstein@brownrudnick.com  
E: hsteel@brownrudnick.com  

-and-

Sander L. Esserman  
STUTZMAN, BROMBERG,  
ESSERMAN & PLIFKA, P.C.  
2323 Bryan Street, Suite 2200  
Dallas, Texas 75201  
T: 214-969-4900  
E: esserman@sbep-law.com  

*Designated Counsel for Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

 */s/ Arthur Steinberg*  
Arthur Steinberg  
Scott Davidson  
KING & SPALDING LLP  
1185 Avenue of the Americas  
New York, New York 10036  
T: 212-556-2100  
E: asteinberg@kslaw.com  
E: sdavidson@kslaw.com  

-and-

Richard C. Godfrey, P.C.  
Andrew B. Bloomer, P.C.  
KIRKLAND & ELLIS LLP  
200 North LaSalle  
Chicago, Illinois 60654  
T: 312-862-2000  
E: richard.godfrey@kirkland.com  
E: andrew.bloomer@kirkland.com  

*Counsel for New GM*

 */s/ William P. Weintraub*  
William P. Weintraub  
Gregory W. Fox  
GOODWIN PROCTOR LLP  
The New York Times Bldg.  
620 Eighth Avenue  
New York, New York 10018  
T: 212-813-8800  
wweintraub@goodwinproctor.com  
gfox@goodwinproctor.com  

*Counsel for Certain Non-Ignition Switch Pre-Closing Accident Plaintiffs*

5

| | |
|---|---|
| */s/ Matthew Williams* | */s/ Daniel Golden* |
| Matthew Williams | Daniel Golden |
| Lisa H. Rubin | Deborah J. Newman |
| Keith R. Martorana | Naomi Moss |
| GIBSON, DUNN & CRUTCHER, LLP | AKIN, GUMP, STRAUSS, HAUER & FELD, LLP |
| 200 Park Avenue | One Bryant Park |
| New York, New York 10166 | New York, New York, 10036 |
| T: 212-351-3845 | T: 212-872-1000 |
| lrubin@gibsondunn.com | dgolden@akingump.com |
| mjwilliams@gibsondunn.com | djnewman@akingump.com |
| aoffenhartz@gibsondunn.com | jdiehl@akingump.com |
| awu@gibsondunn.com | nmoss@akingump.com |
| kmartorana@gibsondunn.com | |
| | |
| *Counsel for Wilmington Trust Company, as GUC Trust Administrator and Trustee* | *Counsel for Participating GUC Trust Unitholders* |

**SO ORDERED:**

Dated: July ___, 2015
      New York, New York

                                        _____
                                        HONORABLE ROBERT E. GERBER
                                        UNITED STATES BANKRUPTCY JUDGE