# Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

BENJAMIN W. PILLARS,
as Personal Representative of the Estate of
KATHLEEN ANN PILLARS, deceased,

      Plaintiffs,                      Case No. 1:15-cv-11360-TLL-PTM

v.                                       Hon. Thomas L. Ludington

GENERAL MOTORS LLC,

      Defendant.

_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR.  (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
 Saginaw, Michigan  48602
(989) 752-1414
vmastromar@aol.com

BOWMAN AND BROOKE LLP
THOMAS P. BRANIGAN (P41774)
Attorneys for Defendant
41000 Woodward Ave., Ste. 200 East
Bloomfield Hills, Michigan 48304
(248)205-3300
thomas.branigan@bowmanandbrooke.com

_____/

## MOTION TO SUPPLEMENT PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL AND AMENDED ANSWER WITH THE SIGNED ORDER FROM THE BANKRUPTCY COURT DATED JULY 29, 2015

NOW COMES the Plaintiff, BENJAMIN W. PILLARS, as Personal Representative of the Estate of KATHLEEN ANN PILLARS, deceased, by and through his attorneys, THE MASTROMARCO FIRM, and hereby submits his motion to supplement his response with the signed order from the bankruptcy court dated July 29, 2015.

1.   Concurrence was sought from Defense Counsel on July 30, 2015 in the form of a voice message; however, concurrence was not obtained as of the filing of this motion.

2.   A copy of the July 29, 2015, Bankruptcy Order is attached as **Exhibit A**.

                              Respectfully submitted,
                              THE MASTROMARCO FIRM

Dated: July 30, 2015          By: */s/ Russell C. Babcock*
                              RUSSELL C. BABCOCK (P57662)
                              Attorney for Plaintiff
                              1024 N. Michigan Avenue
                              Saginaw, Michigan 48602
                              (989) 752-1414
                              russellbabcock@aol.com

## BRIEF IN SUPPORT OF MOTION TO SUPPLEMENT PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL AND AMENDED ANSWER WITH THE SIGNED ORDER FROM THE BANKRUPTCY COURT DATED JULY 29, 2015

The Plaintiff hereby relies upon the Federal Rules of Civil Procedures as well as this Court's Local Rules in support of the relief sought in this motion.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: July 30, 2015

By: */s/ Russell C. Babcock*
RUSSELL C. BABCOCK (P57662)
Attorney for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
russellbabcock@aol.com

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

## PROOF OF SERVICE

I hereby certify that on **July 30, 2015**, I presented the foregoing papers to the Clerk of the Court for the filing and uploading to the CM/ECF system, which will send notification of such filing to the following: **Andrew Baker Bloomer & Thomas P. Branigan**.

Dated: July 30, 2015

By: */s/ Russell C. Babcock*
RUSSELL C. BABCOCK (P57662)
Attorney for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
russellbabcock@aol.com

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 09-50026 (REG) |
| MOTORS LIQUIDATION | ) | |
| COMPANY, et al | ) | Honorable Robert E. Gerber |
| f/k/a/ General Motors Corp. | ) | |
| Debtors. | ) | |
| | ) | |
| —————————————————— | ) | |

## ORDER REGARDING BENJAMIN PILLARS' NO STAY PLEADING AND RELATED PLEADINGS

Upon consideration of the pleadings filed by BENJAMIN W. PILLARS, as Personal Representative of the estate of KATHLEEN ANN PILLARS, deceased, including the No Stay Pleading, [Docket Entry #13166] along with the subsequent Objection Pleading, [Docket Entry #13238] and the No Dismissal Pleading [Docket Entry #13239] and the responses filed by GENERAL MOTORS LLC to said pleadings [Docket Entry #13191 & 13283] and the parties through their counsel having appeared before this Court for oral arguments on Thursday, July 16, 2015, and the Court having considered the arguments raised at said hearing along with the written submissions and the Court being fully advised as to the positions of each party and for the reasons stated on the record at the conclusion of the hearing (as reflected in the corrected transcript attached):

IT IS HEREBY ORDERED that the relief sought by the estate of Kathleen Ann Pillars is hereby GRANTED. The stay imposed by the Judgment, dated June 1, 2015, entered by the Court [Docket Entry # 13177] (to the extent, but only the extent, it relates to the lawsuit brought by the estate of Kathleen Ann Pillars against General Motors LLC)

1



09-50026-reg   Doc 13328   Filed 07/29/15   Entered 07/29/15 14:31:06   Main Document
Pg 7 of 36

is hereby lifted and said lawsuit[1] may proceed against General Motors LLC. The relief set

forth in this order is limited to the lawsuit brought by the estate of Kathleen Ann Pillars,

and shall have no bearing on any other lawsuit, action or proceeding.


Dated: New York, New York
     July 29, 2015

                                   *s/ Robert E. Gerber*                  
                                 UNITED STATES BANKRUPTCY JUDGE

---

[1] A complaint and then an amended complaint against General Motors LLC was filed by estate of Kathleen Ann Pillars in Michigan's Bay County Circuit Court with a state court file number of 15-3159 and said cause of action was subsequently removed to the United States District Court for the Eastern District of Michigan, Northern Division by General Motors LLC with a district court file number of 1:15-cv-11360-TLL-PTM.

Page 1

```
 1    UNITED STATES BANKRUPTCY COURT

 2    SOUTHERN DISTRICT OF NEW YORK

 3    Case No. 09-50026-LAS

 4    - - - - - - - - - - - - - - - - - - - - - - - - - -x

 5    In the Matter of:

 6    MOTORS LIQUIDATION COMPANY

 7              Debtor.

 8    - - - - - - - - - - - - - - - - - - - - - - - - - -x

 9                        United States Bankruptcy Court

10                        One Bowling Green

11                        New York, New York  10004-1408

12

13                        July 16, 2015

14                        9:48 AM

15

16

17

18

19

20

21

22    B E F O R E:

23    HONORABLE ROBERT E. GERBER

24    U.S. BANKRUPTCY JUDGE

25    ECRO:  K. HARRIS
```

PLAINTIFF'S
EXHIBIT
1

Page 2

1    Hearing Re:  No Stay Pleading

2

3    Hearing Re:  Motion to Strike Certain Documents Contained in

4    Appellants' Designation of Items to be Included in the Record

5    on Appeal

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Theresa Pullan

09-50026-mg Doc 13335-1 Filed 07/81/15 Entered 07/31/15 16:32:32 Exhibit A
09-50026-reg 13 Doc 13320-1 Filed 07/24/05 16:50:24 07/24/15 24:55:49 Exhibit 1
Pg 21 of 151

Page 3

```
 1    A P P E A R A N C E S :

 2

 3    KING & SPALDING

 4         Attorneys for General Motors

 5         1185 Avenue of the Americas

 6         New York, NY  10036-2601

 7    BY:  ARTHUR STEINBERG, ESQ.

 8

 9    THE MASTROMARCO FIRM

10         Attorneys for the Estate of Kathleen Pillars

11    BY:  RUSSELL C. BABCOCK, ESQ.

12

13    AKIN GUMP

14         Attorneys for General Motors

15         One Bryant Park

16         New York, NY  10036-6745

17    BY:  DEBORAH NEWMAN, ESQ.

18

19    GIBSON DUNN

20         Attorney for Motors Liquidation Company GUC Trust

21         200 Park Avenue

22         New York, NY  10166-0193

23    BY:  KEITH R. MARTORANA, ESQ.

24

25    MR. WEISFELNER
```

```
 1                    P R O C E E D I N G S

 2              THE COURT:  I want to get appearances, and then I

 3      have some comments.

 4              MR. BABCOCK:  Good morning, Your Honor, Russell

 5      Babcock, I'm here on behalf of the estate of Kathleen Pillars.

 6              THE COURT:  Mr. Babcock that is.

 7              MR. BABCOCK:  Yes.

 8              THE COURT:  Okay.  I thought I saw a different name

 9      on the papers, Mr. Babcock.
                                        Mastromarco
10              MR. BABCOCK:  Yes, Mr. Markell is a lawyer, while he

11      is a partner of the firm I am employed with, I filed an

12      appearance too so I could argue the motion today.

13              THE COURT:  Okay, sure.  Mr. Steinberg.

14              MR. STEINBERG:  On behalf of the New General Motors,

15      and I'm with Mr. Davidson.

16              THE COURT:  Okay.  Folks, you don't need me to tell

17      you about the similarities between this case and Deutsch.  But

18      there is a twist in it that I need you to address which neither

19      of you dealt with as directly as I would have liked in the

20      papers.
                                         o
21              Mr. Babcock, Mr. Mastramarcos's brief recognized my

22      earlier ruling in Deutsch which is quite obviously directly on

23      point.  And he tried to get around that, not by saying that

24      Deutsch was improperly decided, but relied on a different kind

25      of argument, although he didn't use what I would have thought
```

1    would be the right words to describe it.

2            The premise was that because whoever had filed the

3    removal petition in the answer in the State Court action which

4    I think was Michigan, certainly wasn't in this district, had

5    relied on the earlier version of the sale agreement. We had

6    apparently said "Execution Copy," but was amended by our first

7    amended filed on June 30th, 2009, that this might be an

8    occurrence even though I had moved in Deutsch that the death of

9    a victim after a car wreck wasn't either an accident or an

10   incident. But you didn't flesh out the law of, didn't mention

11   the key words, judicial estoppel, trying to rely on some kind

12   of admission.

13           And it seems to me in essence what you and Mr.

14   Mastramarco are asking me to do is to rely on a wrong version

15   of the sale agreement. I got a couple of problems with that:

16   a) I didn't know how a guy in my position could responsibly

17   rely on what he knows to be the wrong agreement, and as a

18   matter of Second Circuit law (though it's not unique to the

19   Second Circuit because the Supreme Court has said it as well),

20   to make out judicial estoppel, you need to have a couple of

21   things: one is materially different statements, and second,

22   reliance by the tribunal on the statement by the opponent.

23           New GM used the wrong language as far as I can tell.

24   I will allow Mr. Steinberg to be heard if he wants to correct

25   me on that, but it wasn't materially wrong at least at the

1  time, and more importantly, there's no reliance by me on that,

2  and then third, of course, what the agreement says is the *best*

3  evidence of what it says, not what a lawyer says about what the

4  agreement says.  So I need help from you on that.

5  Conversely, Mr. Steinberg, I'll need some help from

6  you as to why either [indiscernible] there seemed to be

7  reliance on the old language rather than the new, and why the

8  issue that I just articulated wasn't raised.  Once I rely on

9  the proper language in the agreement, and I got to tell you Mr.

10  Babcock that I think you'd have to throw a Hail Mary to

11  convince me that I should rely on the wrong language.  So you

12  can tell me whether you think Deutsch was wrongly decided, and

13  materially wrongly decided, being mindful of what I said in

14  quite a number of published decisions, that the interest of

15  predictability in the Southern District of New York is of great

16  importance and that in the absence of manifest error I follow the

17  decisions of fellow bankruptcy Judges in this district and of

18  course I follow my own.

19  So strictly speaking, it's your motion, Mr. Babcock,

20  so I'll hear from you first, and then Mr. Steinberg with the

21  usual reply.

22  MR. BABCOCK:  Your Honor, Russell Babcock here on

23  behalf of the estate of Kathleen Pillars.  I guess the problem

24  as we see it from the New GM's perspective is that parties can

25  and do quite often waive defenses or arguments that they may

1   otherwise have. Why do I think that's important here? Your

2   Honor, there has been no evidence to suggest that this was an

3   error on the part of New GM. New GM like anyone can take on

4   whatever obligations they want to. If they want to rely on

5   different contractual language they can do so. And in fact,

6   that takes it outside the purview. We're not asking the Court

7   here to make any changes to its rulings as to these, as to the

8   subsequent agreements. We're saying that New General Motors

9   has made admissions, in fact they've even used the words

10  admissions in their complaint, and not just once, Your Honor,

11  in paragraph 17, but I mean paragraphs 22, 27, 29, 31 through

12  34, 36, 37, 39 through 44, 46 and onward. There's at least 40

13  times where they make the same admission or incorporate the

14  same admission I should say.

15          And for them to come in here, and this case as Your

16  Honor pointed out was an *in the* Eastern District of Michigan under

17  Sixth Circuit rules courts, parties are bound by the statements

18  of their attorneys and especially in the context of pleadings.

19  As Your Honor is well aware *under the* of Federal Rules of Civil

20  Procedure, when you answer a complaint you either make a denial

21  or an admission. In this case they made an admission, and not

22  only that but they made it in the notice as well. There's been

23  no authority cited by New GM which disputes what I've just

24  said. They say we didn't really mean it. That's not

25  authority, that's an unsupported assertion.

09-50026-mg   Doc 13285-1   Filed 07/31/15   Entered 07/31/15 16:32:32   Exhibit 1
09-50026-reg   Doc 13320-1   Filed 07/31/15   Entered 07/31/15 15:40   Exhibit 1
Pg 26 of 151

Page 8

1    And then, Your Honor, I guess with regards to the,

2    and I guess I want to make sure we flush out the Deutsch

3    opinion.  There is a couple of key language that appeared in

4    the subsequent version that I think is important, besides the

5    fact that it did not have "or other distinct and discrete

6    occurrences" which the court noted in its opinion.  Also in the

7    version that New GM is not relying upon in this particular

8    context, in this particular case, it doesn't have the first

9    occurring" language which also the Court found important in the

10   Deutsch opinion as well.

11        THE COURT:  Doesn't "first occurring" appear in both

12   versions?

13        MR. BABCOCK:  Not in the excerpt that they've, well

14   see they did quote the language they're relying on in their

15   answer.  And in fact if you look at paragraph, page 4 to

16   exhibit 2 to their notice of removal, they quote the language

17   that they're standing --

18        THE COURT:  My bundle doesn't include that document.

19   Can you hand up what you're making reference to after showing

20   it to Mr. Steinberg?

21        MR. BABCOCK:  Sure, I can hand you this document,

22   Your Honor.

23        THE COURT:  And this is from the removal petition?

24        MR. BABCOCK:  Yeah, it's from the removal.  May I

25   approach the bench, Your Honor?

1    THE COURT: Yes sir.

2    MR. BABCOCK: Okay. That language is from the page 4

3    of the notice of removal. And as Your Honor can see, the

4    language that they're representing to the District Court of the

5    Eastern District of Michigan is this is what controls the

6    situation from our perspective. And --

7    THE COURT: Give me a second to reach it. Was

8    withdrawn by a Thomas P. Branigan of Bowman and Brook in

9    Bloomfield Hills, Michigan, attorney for New GM.

10    MR. BABCOCK: And I believe Your Honor --

11    THE COURT: Do you need this back?

12    MR. BABCOCK: I was going to reference it, Your

13    Honor. I can get -- all right. And again, Your Honor, if you

14    don't have, I apologize if you didn't get these documents, Your

15    Honor. And again, Your Honor, in paragraph 17 to the answer to

16    our amended complaint, now, that was marked I believe -- hold

17    one second here -- as exhibit 4 to our pleading, I don't know

18    if Your Honor has that as well. It says here, and I think it's

19    the same language. It says: all liabilities to third parties

20    for death, personal injury or other injury to persons or damage

21    to property caused by motor vehicles designed for operation on

22    public roadways or by the component parts of such motor

23    vehicles and, in each case, manufactured, sold, or delivered by

24    sellers (collectively) "product liabilities" which arise

25    directly out of accidents, incidents -- excuse me -- accidents,

09-50026-mg Doc 13235-1 Filed 07/31/15 Entered 07/31/15 16:32:82 Exhibit 1
09-50026-reg Doc 13300 Filed 07/29/15 14-47-03 Main Document
Pg 28 of 151

Page 10

1    incidents or other and discrete occurrences that happened or

2    after the closing date, July 10, 2009 and arise from such --

3          THE COURT:  What are you reading from, Mr. Babcock?

4          MR. BABCOCK:  I'm reading from, this is the quote

5    from paragraph 17 to New GM's answer to the amended complaint.

6    And again, and arise from such motor vehicles' operation or

7    performance.  That's the language, Your Honor, that New GM

8    represented to the District Court for the Eastern District, not

9    once but on two separate occasions, two separate pleadings.

10         And when Your Honor considers the fact that they

11    acknowledge in paragraph 17 that this is what they state, GM

12    LLC admits it ultimately did assume certain liabilities,

13    including the following as provided in section 2.3 (a)(ix) of

14    sale agreement.  That's where the quote that I just read you

15    comes from.  That's what they're relying upon, and that was

16    from attorney Tomas Branigan from Bowman and Brook LLP on

17    behalf of New General Motors.

18         So, Your Honor, the reason we're here, and this is

19    kind of, I mean I'm not aware of any other case where New GM

20    decided to take this approach.  This is a situation where in

21    the context of this case, New General Motors made a decision to

22    take a certain position, and as we've pointed out in responding

23    to that position, the language that they're relying upon

24    provides broader liability and explore to New GM in the case

25    which covers, in the case of my client's claim at least than

1   what may or may not have been accomplished in subsequent

2   agreements, but they're not relying on the subsequent

3   agreements in the case before the United States District Court

4   Eastern District of Michigan which is where this case was

5   removed by New GM.

6   So, Your Honor, we cited Sixth Circuit cases that

7   would explain why the Court in that case in that venue would

8   why those statements are dispositive to New GM.  There's been

9   no authority cited to the contrary.  And then in --

10  THE COURT:  Do I have the Sixth Circuit rule that

11  you're relying on in the record?

12  MR. BABCOCK:  Basically the Federal Rule of Civil

13  Procedure Rule of pleading plus the two cases I was talking

14  about, the two cases talking, which are Barnes and the McDonald

15  opinions which appear in that no state pleading, and we cite to

16  them.  On page 4 of our brief, Barnes vs. Owens Corning Fiber

17  Glass Corporation which is 201 F.3d 815 and page 829 is

18  referenced specifically as the Sixth Circuit 2000 opinion.

19  There's another one, McDonald vs. General Motors Corporation,

20  110 F.3d 337, 340 Sixth Circuit 1997.  Again talking about the

21  impact of admissions made by attorneys or defendants of parties

22  in the course of litigation.

23  And again, Your Honor there's been no authority cited

24  by New GM that disputes that.  They say we don't really mean

25  it.  I take it as simply being buyer's remorse on their part

1 now that they, that the consequences of their position has

2 become apparent now more willing to consider the impact to

3 there is any form their opinion with regard to this Court's

4 ruling rather than their own admissions earlier on.

5   THE COURT:  Mr. Babcock, did the Pillars family file

6 a claim against Old GM where its trust, back in the time when

7 claims could still be filed?

8   MR. BABCOCK:  Your Honor, that's the tragedy of the

9 situation.  My client was in an automobile, the estate, the

10 decedent was in an automobile accident in 2005.  She was in a,

11 she was incapacitated until her death in 2000, I believe it was

12 in 2012, Your Honor.  And an estate was formed back in 2014.

13   THE COURT:  Was there any kind of guardian or

14 anything appointed for her in the time between the wreck and

15 the time of her passing?

16   MR. BABCOCK:  Not to my knowledge, Your Honor.  In

17 fact, the appointment took place in 2014.  She had a, she had

18 a, she was married at the time of the accident, and she was

19 being taken care for in basically a vegetative state from my

20 understanding at least up to the point of her death.  And so

21 that's what, and so that's what I think is the most, the tragic

22 part about all this.  New GM wants to be excused for its

23 conduct and its statements and its actions it's made in front

24 of Federal District Court in Michigan.  But yet they want to

25 penalize my client for something that they did when they did

1　nothing wrong.  They were accused of, the decedent was a victim

2　of a car accident.  Her wrongful death did not occur until

3　2012.  A wrongful death statute claim could not have been

4　brought until her death, it goes without saying, and thus New

5　GM is saying sorry, you're out of luck.  And but yet they want

6　this Court, to come in here and say on the other hand what we

7　say and what we do doesn't matter.  And that is where, that's

8　where -- again, this is not going to have any impact on the

9　ruling from this Court today on this issue that we're bringing

10　to the Court's attention, will have no impact on the bankruptcy

11　estate.  In fact, quite the contrary, New GM's agreed to take

12　on the additional liability which might otherwise went to the

13　old bankruptcy.

14　　　　THE COURT:  Well you're not pressing that

15　jurisdictional argument that I rejected I don't know how many

16　times in the cases that that lawyer Gary Peller brought.

17　You're simply saying that letting your client bring a wrongful

18　death case against New GM isn't that big a deal?

19　　　　MR. BABCOCK:  Because this is just one case, Your

20　Honor.  This is, the admissions that they made in this

21　particular case, the position that they took in this particular

22　case involves only this particular case.  It does not involve

23　or require this Court to make any adjustments to any of its

24　earlier rulings because --

25　　　　THE COURT:  I understand.

1      MR. BABCOCK:  Yeah, so that's kind of where we're

2      coming from, Your Honor.  And again I think it's also

3      important, that the defendant, that New GM I should say doesn't

4      provide any explanation as to this additional changed language,

5      the occurrence language that we already quoted.  The fact that

6      there is no first occurrence language in the portion that

7      they're relying upon, the United States District Court Eastern

8      District of Michigan, none of that is being challenged.  They

9      haven't said that we're not correct on our interpretation of

10     that occurrence and or the fact that it says or other distinct

11     occurrences.  They don't challenge any of that, Your Honor.

12     They just say, well Your Honor made the rulings.  Well Your

13     Honor did make the rulings, and as you pointed out in the

14     Deutsch opinion, you were, the issue in that case was whether

15     or not accidents and incidences were, you had to deal with

16     those particular terms.

17          And yet as you point out in your opinion that this

18     occurrence issue wasn't even a part of it, so there was no

19     reason to get into it.  And as you pointed out in that case, no

20     one bothered even to discuss it.  And in this case we are

21     discussing it.  We've provided evidence, we provided definition

22     term, definition for this, for this terminology.  I think that,

23     and the fact that the other additional language as we point out

24     further supports the fact that what we have here is a much

25     broader language.

1          So I guess with regards to this issue about the

2   Deutsch opinion, I guess as a representative of a victim of

3   these accidents, I would take the position even though I don't

4   think that the Court needs to get to this point because I don't

5   think you need to reverse yourself and Deutsch at all or even

6   clarify it to give us the relief we're asking for today.  But

7   if push comes to shove, I guess and for the purpose of

8   preserving it for the record, I guess in addition to the

9   arguments made by the lawyers for that, for the estate in that

10   case, I guess the way I read the terminology with all due

11   respect to the Court is that you basically came down to

12   "accident" or "incident" meaning at least in my opinion and how I

13   took it, and maybe I'm wrong about this, is being the same

14   thing.  But I think that we don't need to go there.  I think

15   that the Court can grant the relief that we've already asked

16   for to the mechanism I've already explained.

17          Unless Your Honor has any questions, and I guess,

18   they have brought up these other issues about, and I just got

19   these, I got these when I came back from vacation yesterday,

20   about the responses to the [indiscernible] and the objection

21   where they make the additional argument about the, whether this

22   is, whether this is an ignition system.  I guess we look at

23   paragraph 4 to their answer to the complaint, they kind of tie

24   it all together, they say this is all, ours is the same as

25   everyone else's as far as the recall problem.  And so I guess,

1    I don't think we need to go there because if you grant the

2    relief we asked for at the very beginning, all this additional

3    stuff becomes academic.

4         THE COURT:  You're saying if I grant the relief you *will*

5    still got to prove your case in Michigan State Court or

6    Michigan Federal Court?

7         MR. BABCOCK:  Sure.  Of course we would have to, we

8    would have to prove the underlying case against New GM, the

9    claims itself, yes.  Unless Your Honor has any questions.

10        THE COURT:  No, thank you.  I want to hear from Mr.

11   Steinberg.

12        MR. STEINBERG:  Your Honor, I think the most

13   fundamental point to start is that this lawsuit was improperly

14   brought.  It was in violation of Your Honor's sale order and

15   injunction, and that it was a violation of the injunction to

16   start. That actually is the starting point.  Under the ~~Seletex~~ *Celotex*

17   (phonetic) decision which we've cited to, Your Honor, many

18   times that if there was any confusion, they were required to

19   come in.  Your Honor's Deutsch decision had been decided over

20   three years ago, and they brought this lawsuit anyway.  And

21   they're arguing that some local counsel for New GM in the

22   context of trying to get this to the JPML for purpose of then

23   moving it to the MDL cited to the wrong version of the sale

24   agreement.

25        THE COURT:  He was a lawyer for New GM, wasn't he?

1              MR. STEINBERG:  Yes he was.

2              THE COURT:  And I don't know if it matters because

3       over 45 years I've learned a little bit about the agency, but

4       isn't there somebody at the national level that supervises

5       local counsel?

6              MR. STEINBERG:  I'm sure that in the context of this

7       wave of lawsuits there was more than the local counsel just

8       doing this.  I think, Your Honor, that this was a mistake that

9       was made.

10             THE COURT:  It plainly was.  And the consequence is,

11      the question is who should bear the consequences of that

12      mistake?

13             MR. STEINBERG:  But I don't think there's any

14      reliance on anything here.  First you start with an improperly

15      brought --

16             THE COURT:  Well that was the way I started, Mr.

17      Steinberg, because more likely if not plainly we don't have a

18      judicial estoppel, but Mr. Babcock makes a different point, he

19      asserts a judicial admission that's contrasted to a judicial

20      estoppel by reason of the fact that when people answer

21      complaints we hold people to what they say.

22             MR. STEINBERG:  People amend their answers all the

23      time.  And what was the admission that other than it was just a

24      mistake?  Because at the end of the day if we had asserted the

25      old agreement and they had not refuted it, then are we all

1  governed by the old agreement instead of what was the governing

2  agreement that applies to everybody in this case?  The fact of

3  the matter is there's an underlying agreement that governed

4  this circumstance, the underlying agreement was the first

5  Amendment.  That First Amendment --

6          THE COURT:  I didn't see much reference to that in

7  your brief either, or attention to the distinction.

8          MR. STEINBERG:  I think the, with regard to my brief

9  --

10          THE COURT:  Unless I read the wrong brief.

11          MR. STEINBERG:  No, no, I think we say that the fact

12  that there was a citation to the old amendment shouldn't change

13  what the controlling law is and I think we put that in a

14  sentence there.

15          THE COURT:  In --

16          MR. STEINBERG:  In our response.

17          THE COURT:  12 page response, it was pretty buried if

18  it was stated.

19          MR. STEINBERG:  Yes.  If you can bear with --

20          THE COURT:  You mean [indiscernible] reliance on

21  subject matter jurisdiction and due process.  Where is the

22  discussion of judicial or admissions or estoppels?

23          MR. STEINBERG:  I think, well I think Your Honor on

24  page 7, footnote 5, New GM may have inadvertently referred to

25  the original language contained in section 2(b)(3)(b)(9) of the

 1     sale agreement --

 2              THE COURT:  I see.  All right.

 3              MR. STEINBERG:  -- and certain pleadings filed in the

 4     underlying lawsuit, the language contained in the first

 5     amendment with respect clearly governs this matter.  Perhaps we

 6     didn't give it the attention that Your Honor wanted us to give

 7     the attention because we didn't think it mattered that much

 8     because at the end of the day --

 9              THE COURT:  It matters critically, Mr. Steinberg.

10              MR. STEINBERG:  Well, Your Honor, this issue actually

11     did come up in Deutsch.  The first hearing that you had in

12     Deutsch, people had cited actually to the wrong amendment, you

13     actually had I think a second hearing on Deutsch where you

14     analyzed what would be the governing position, and you actually

15     in the Deutsch decision compared the language that was in the

16     June 26th, 2009 agreement versus the first amendment and said

17     no one has explained why the language changed, and therefore it

18     could have been because it was duplicative or otherwise, but

19     otherwise you were going to discount it.  So this actual, you

20     know, this actual problem actually took place before in the

21     Deutsch case and Your Honor handled it that way by just looking

22     at the actual agreement.  And maybe that's the reason why we

23     didn't give it as much attention in our brief that perhaps it

24     warranted.

25              But I go back and I also wanted to just address the

```
 1    issue that Your Honor said that you thought that we perhaps

 2    miss-cited the section in our own brief.  If you were referring

 3    to page 2 of our brief, we were actually citing to the section

 4    that was in the retain liabilities portion of the sale

 5    agreement as compared to the assumed liabilities and that is

 6    the right quote of how it was written in the retained

 7    liabilities.  So I think we got it right in our pleading.

 8              But fundamentally what happened is that you had an

 9    improperly started lawsuit in violation of Your Honor's sale

10    order.  And we had deadlines in the state court because those

11    things go forward.  We sent the no stay letter to them, and in

12    the meantime we had to try to remove this to the JPML and get

13    it ultimately before Judge Furman (phonetic) in the MDL, and

14    the statement that is being referred to here has no material

15    difference as to whether we cite it to the first Amendment or

16    the second Amendment, the June 26th agreement or the first

17    Amendment, because the central focus was that it had bankruptcy

18    court jurisdiction and there was a basis for federal removal,

19    it relates to the bankruptcy case.  New GM was disclaiming

20    liability and was saying that it should all be ultimately moved

21    to the MDL where it gets stayed because they're handling

22    [indiscernible] cases, and it's subject to Your Honor's order.

23    We waited then for them to file their response to the no stay

24    pleading and then Your Honor entered the judgment and that

25    created a separate procedure for the same thing.
```

1        Once in the, so the answer that was filed was the

2    answer that was filed in conjunction with something that was

3    ultimately going to be removed and stayed and ultimately the

4    answer should not have necessarily been required to be filed

5    because this action never should have been brought in the first

6    place.  It was a violation of the Deutsch decision.  There's

7    no, there's no judicial admission of anything because there was

8    no attempt to admit to an older agreement versus a new

9    agreement.

10        And if Your Honor needs a declaration from someone to

11    say that it was a mistake and answers could be amended all the

12    time, and so therefore I don't think in the very early stages

13    of an improperly led complaint you can say there's a judicial

14    admission of anything.  This would have been amended if this

15    case would have gone forward, but this case never should have

16    been brought in the first place.

17        And I think the estate representative is the husband

18    who was taking care of the wife since the accident in 2005.  So

19    Your Honor had this issue in Deutsch, unfortunately local

20    counsel made a mistake in responding where the goal was just to

21    get this to the MDL where it would be stayed while we

22    simultaneously would be dealing with this in the bankruptcy

23    court to say that it was subject to Your Honor's order.

24    There's no difference as to whether we cited the first

25    amendment or the June 26th amendment for purposes of the over-

1   reaching point, that this was an improperly started lawsuit,

2   that this was, that there was federal jurisdiction based on the

3   bankruptcy court on this, and that this matter should be

4   ultimately removed to the federal court and then to the JPML.

5        Your Honor's decision in Deutsch also said that if

6   you even relied on the old amendment that it wasn't sure

7   whether there was any difference.  And if you look at their

8   brief when they decide, when they're focusing on the word

9   occurrence --

10       THE COURT:  I read Deutsch this morning again, I did

11   not see in there but you can refresh my recollection if I'm

12   mistaken any suggestion that if the words occurrence had

13   appeared and the words first occurring had not appeared, that I

14   had then ruled, assuming it wouldn't have been dictum, that the

15   conclusion would be the same.

16       MR. STEINBERG:  I don't think you said that.  I think

17   on page 5 of the Deutsch decision --

18       THE COURT:  Give me a second please.  Well I have it

19   in the Br. form, is it in the discussion or where?

20       MR. STEINBERG:  It is in the discussion, it is after

21   the heavily blocked quote, and it starts with the paragraph,

22   but while incidents may be deemed to be somewhat ambiguous.

23       THE COURT:  Right.  I'm with you now.  Basically I

24   said is I didn't have an evidentiary basis for concluding,

25   making conclusions as to the reasons for the change.

1           MR. STEINBERG:  But the reason why this was even in

2      your decision was because there was the same mistake that was

3      made before, people were referring to the June 26th amendment

4      in an earlier hearing and Your Honor was struggling with would

5      it have made a difference, why was the change being made.  If

6      people had cited to it properly the first time even in Deutsch,

7      you never would have had to deal with this discussion, because

8      the operative agreement is what controls.  And that is really

9      you know we didn't say it in lots of words, sometimes you get

10     criticized for being verbose, here we basically said there is

11     one agreement, that is the agreement that is controlling, that

12     is what Your Honor has to apply in this case.

13           No matter what we said, we could say that the sky is

14     orange, but the sky is blue, that's what you have to recognize.

15     Here, there was no attempt to change a different agreement with

16     respect to a plaintiff who improperly started a lawsuit based

17     on an accident that took place ten years ago.  The rest of the

18     arguments, I think, Your Honor, I think if, once you find that

19     there are prepetition non-ignition switch plaintiff, then the

20     rest flows from the judgment on the due process arguments and

21     the Court's jurisdiction argument.  And so I think really we're

22     left to, and I think Your Honor has already said that you

23     believe that Deutsch is applicable et not for this particular

24     issue where a local counsel had improperly cited to a June

25     26th, but it wasn't to take any advantage, no court has ruled

1    on this matter.   The JPML hasn't even ruled on the removal

2    action.

3              And frankly again, and I'll conclude with this, and I

4    know I've said it a number of times, it all starts with the

5    fundamental notion that this was an improperly brought lawsuit.

6    And to say that someone in an answer said something on a

7    lawsuit that never should have been brought which was a

8    violation of an injunction I don't think they should be able to

9    bootstrap that type of argument.   Thank you.

10             THE COURT:  Mr. Babcock.

11             MR. BABCOCK:  New GM filed a 58 page answer, a very

12   detailed, they went through quotes, it's a very detailed

13   answer.   To suggest that what they say in this very detailed

14   answer should be disregarded by this Court flies in the face of

15   what the purpose of an answer is which is either make denials

16   or make admissions.   They could have just said denied, isn't

17   true, denied, isn't true.   But they instead they made the

18   decision to make admissions.   They have not, as Your Honor, as

19   you pointed out when you, during opposing counsel's -- they

20   have not cited any authority that says they are excused from

21   the consequences of what they did, and I mean what the lawyers

22   in that case did.

23             Your Honor, unless Your Honor has any questions for

24   us, we'd --

25             THE COURT:  Have everybody sit in place for a minute.

1       Gentleman, ladies and gentlemen, I'm ruling that the

2    Pillars action can proceed against the New GM and that New GM

3    will have the duty and of course the right to defend it on the

4    merits without expressing [indiscernible] merits in the filing

5    of my findings of fact, conclusions of law and bases for the

6    exercise of my discretion in connection of this decision,

7    although I don't think I'm really relying on my discretion in

8    any way on this.

9       At the outset of oral argument, I recognized, as we all

10   had to recognize, my Deutsch decision, which if it had been

11   decided in a vacuum, this controversy had been decided in a

12   vacuum based upon the proper language of the sale agreement,

13   would have resulted in a victory for New GM.  But the fact that

14   had the potential ability to change the applicability of the

15   Deutsch decision was the language under which New GM's

16   assumption of its liabilities would rest.

17       In Deutsch, as we all know, the key language was

18   accidents or incidents first occurring.  And the underlying

19   principal of that was that each word had to be given individual

20   meaning, although they could overlap.  It is not disputed that a

21   local counsel through GM said in two separate submissions,

22   first in a notice of removal and then also in an answer,

23   perhaps I'm flip-flopping their chronological order, but in two

24   separate documents, that New GM had assumed liabilities for

25   accidents, incidents or other occurrences, and did not rely on

1   the words first occurring or mention the words first occurring.

2   As I discussed in the Deutsch opinion, first occurring had

3   significance as well.  As I indicated at the outset of oral

4   argument, this is not a judicial estoppel, the requirements for

5   judicial estoppel of reliance by the tribunal is missing.

6   Nevertheless, as Mr. Babcock properly pointed out, it is a

7   judicial admission, which is similar in some respects, but

8   different in others.  It is not for instance a statement in a

9   brief.  It's a statement in the answer which has significance.

10  Answers have to be taken seriously.  Although it is true that

11  answers can thereafter be amended, unless and until they have

12  been, they stand.  Judges need to have the ability to rely on

13  answers because answers take issues off the table.

14          So then we get to the issue as to whether what GM's

15  counsel, which is obviously an agent [indiscernible] should be

16  regarded because the litigation shouldn't have been brought in

17  the first place.  Well, lots of litigations were brought in

18  what we now know to have been violation of my earlier order.

19  And when I had become aware of that, I have stopped them, I

20  have stopped them by stays.  And it's for that reason that this

21  litigation is stayed.  But it was one thing to say that this

22  action should be stayed, then later dismissed, and quite a

23  different way to say never mind [indiscernible] vis-a-vis

24  everything that happened in the first place.

25          I have not ruled to that effect in any of the 22

09-50026-reg Doc 13895-1 Filed 07/31/15 Entered 07/31/15 16:32:33 Exhibit A
09-50026-reg Doc 11332 ... Dated ... Pg 45 of 151

Page 27

*I've*

1   decisions that previously issued in connection with the GM

2   case, and I am not of the mind to do that now.  Obviously GM

3   has the ability to ensure that its counsel do their jobs, and

4   it's not too much to hold GM for the consequences of what its

5   counsel, who is plainly an agent, did.  So having admitted that

6   New GM is liable for accidents, incidents or other occurrences,

7   I think have to parse those words.  Under the principals *les* of

8   Deutsch, each word is to be given meaning.  Accidents refers to

9   wrecks, we all know what an accident is.  Incidents are,

10  applies to something that can include wrecks but can also

11  include other things.  And as I ruled in Deutsch in *and* of the *one*

12  Pellet [sic *] Pillars actions, repeating or characterizing my ruling in

13  Deutsch, that covers things like explosions, fires, car running

14  off the road and the like.  Occurrences can overlap with that,

15  but it can also have some other meaning.  And in this instance,

16  occurrences, which as far as I'm aware has not and will not ever

17  be the subject of another judicial construction in this case.

18  But the principals *les* of Deutsch should be construed as meaning

19  something else, and the arguments *it is* made by Pillars' counsel in

20  its brief that death from that is subject to coverage under

21  that ambiguity.  Of course, the construction of documents when

22  they're ambiguous necessarily must go against the drafter.

23          So I'm going to allow this lawsuit to proceed, and

24  I'm going to state a couple of things for the avoidance of

25  doubt, although they should be obvious.  One is I reiterate for

* See 513 B.R. at 472 & nn. 16, 17 (GM - Phaneuf).

1    the 900th time that I have subject matter jurisdiction over

2    this dispute.  As is apparent from everything that I've said,

3    this applies only to this particular judicial admission in this

4    particular wrongful death case, and has no bearing on anything

5    that I ruled on April 15th or on the ~~Cary Cutler~~ *Gary Peller* (phonetic)

6    matters [indiscernible].  It does however, mean that New GM has

7    to defend this wrongful death case.  And if it doesn't like

8    defending wrongful death cases when its local counsel admit

9    things that maybe they shouldn't have been admitted to, it

10   should supervise its counsel more carefully.

11         That summarizes my rulings.  If New GM really wants

12   to appeal this, I reserve the right to issue a written opinion.

13   But as you all well know, I've got so many things beyond that

14   to deal with in GM and for that matter other cases on my watch,

15   that I'm not going to write on this unless I need to.

16         Mr. Babcock, you or your co-counsel can settle an

17   order in accordance with this ruling.  Not by way of

18   rearguments, are there any questions?

19         MR. STEINBERG:  Your Honor, will we have, can we have

20   the opportunity to make a submission, and I don't know whether

21   this is true or not, I would need to verify that at the time to

22   answer or amend, we had a right to amend the answer, that this

23   is not a judicial admission to give further briefing.

24         THE COURT:  There was plenty of time to focus on

25   these issues before today.  That's my ruling.

1    MR. STEINBERG:  All right.

2    THE COURT:  Mr. Steinberg, I have a zillion things on

3  my watch and I have to rely on lawyers dealing with issues in a

4  timely way.  We can't have do-overs after I've ruled.  I had

5  the same issue with a motion for rearguments now which is in

6  substance a do-over after I've ruled, I'm not going to invite

7  even more stuff of that character.  Anything else?

8    MR. BABCOCK:  Your Honor, I'm not familiar with how

9  the Court handles its orders.

10    THE COURT:  Do you want to stand please?  I take it

11  in most of the courts you would stand when you're talking to a

12  Judge?

13    MR. BABCOCK:  I'm sorry, Your Honor, I wasn't being

14  disrespectful.  Okay, at this point, the lawyers, would GM be

15  submitting a proposed order?  Is that, do I understand what

16  your instruction was or do you want me to prepare an order?

17    THE COURT:  I said you are to settle an order.  We

18  have local court rules in this Court to deal with the

19  settlement of orders.

20    MR. BABCOCK:  Okay, Your Honor.

21    THE COURT:  Okay.  Anything else?  Have a good day.

22  We're adjourned.

23    MR. WEISFELNER:  Your Honor, I apologize.  This is a

24  procedural housekeeping issue.  And let me see if I can't state

25  succinctly what the issue is.