# Exhibit 3

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 15-2709

**Caption [use short title]**

**Motion for:** Leave to Intervene

General Motors LLC v. Elliot, et al. (In re Motors Liquidation Co., f/k/a General Motors Corp.)

*Opposing Parties: Celestine and Lawrence Elliott, Bernice Summerville (Appellants); General Motors LLC (Cross-Appellant); Wilmington Trust Co. (Cross-Appellant); Ignition Switch Plaintiffs and Ignition Switch Pre-Closing Plaintiffs (Intervenors)

**Set forth below precise, complete statement of relief sought:**
The Groman Plaintiffs respectfully move for leave to intervene under Fed. R. Civ. P. 24(a)(1) and (a)(2).

**MOVING PARTY:** The Groman Plaintiffs
[✓] Plaintiff  [ ] Defendant
[✓] Appellant/Petitioner  [ ] Appellee/Respondent

**OPPOSING PARTY:** See above (*)

**MOVING ATTORNEY:** Alexander H. Schmidt

**OPPOSING ATTORNEY:** Gary Peller, Arthur Steinberg, Lisa Rubin, Edward Weisfelner

[name of attorney, with firm, address, phone number and e-mail]

Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Ave., NY, NY 10016
212-545-4600 / schmidt@whafh.com

Gary Peller, 600 New Jersey Ave., NW, Washington, D.C. 20001, 202-662-9122, peller@law.georgetown.edu
Arthur Steinberg, King & Spalding LLP, 1185 Ave. of the Americas, NY, NY 10036, 212-556-2100, asteinberg@kslaw.com
Lisa Rubin, Gibson Dunn & Crutcher LLP, 200 Park Ave., NY, NY 10166, 212-351-4000, lrubin@gibsondunn.com
Edward Weisfelner, Brown Rudnick LLP, 7 Times Square, NY, NY 10036, 212-209-4800, eweisfelner@brownrudnick.com

**Court-Judge/Agency appealed from:** Bank. S.D.N.Y. (Gerber, J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes  [ ] No (explain): See **

Opposing counsel's position on motion:
[✓] Unopposed  [ ] Opposed  [✓] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes  [ ] No  [✓] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?  [ ] Yes  [ ] No
Has this relief been previously sought in this Court?  [ ] Yes  [ ] No
Requested return date and explanation of emergency:

**Messrs. Peller and Steinberg have advised that their clients do not oppose this motion; Ms. Rubin's and Mr. Weisfelner's positions are unknown as of the date of this filing.

Is oral argument on motion requested?  [ ] Yes  [✓] No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes  [✓] No  If yes, enter date:

**Signature of Moving Attorney:**
/s/ Alexander H. Schmidt    **Date:** July 28, 2015    **Service by:** [✓] CM/ECF  [✓] Other [Attach proof of service]

Form T-1080 (rev. 12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

DOCKET NO. 15-2079

IN RE: MOTORS LIQUIDATION COMPANY,
F/K/A/ GENERAL MOTORS CORPORATION,

GENERAL MOTORS LLC,

*Cross-Petitioner*,

v.

CELESTINE ELLIOTT, ET AL.,

*Respondents*.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

*GROMAN* PLAINTIFFS' MOTION
FOR LEAVE TO INTERVENE IN APPEAL

| | |
|---|---|
| Alexander H. Schmidt<br>WOLF HALDENSTEIN ADLER<br>  FREEMAN & HERZ LLP<br>270 Madison Avenue<br>New York, New York 10016<br>T: (212) 545-4600<br>schmidt@whafh.com | Jonathan L. Flaxer<br>GOLENBOCK EISEMAN ASSOR<br>  BELL & PESKOE LLP<br>437 Madison Avenue<br>New York, New York 10022<br>T: (212) 907-7300<br>jflaxer@golenbock.com |

*Counsel for the Groman Plaintiffs*

## CORPORATE DISCLOSURE STATEMENT

Plaintiff ABC Flooring, Inc. has no parent corporation, and no publicly held corporation owns 10% or more of its stock. The other Plaintiffs filing this motion are individuals, as to whom no corporate disclosure statement is required.

Plaintiffs Dr. Steven Groman, Robin DeLuco, Elizabeth Y. Grumet, ABC Flooring, Inc., Marcus Sullivan, Katelyn Saxson, Amy C. Clinton, and Allison C. Clinton, individually and on behalf of all similarly situated persons (collectively, the "Groman Plaintiffs"), respectfully move for leave to intervene in the above-referenced appeal.

The Groman Plaintiffs were one of the "Identified Parties" defined in the Bankruptcy Court's Scheduling Order, entered on May 16, 2014 [ECF 12697][1], designated to address in that Court many of the issues now on appeal, and were among the parties whose rights to appeal were specifically enumerated in the Bankruptcy Court's Order Certifying the Judgment for Direct Appeal to the Second Circuit [ECF 13178, at ¶ 5] (" … and the Groman Plaintiffs each reserve all of their rights with respect to the Appeal, including the right to challenge any of the factual and legal findings made by this Court in the Decision and to challenge certification for direct appeal").

On April 21, 2014, the Groman Plaintiffs filed a Class Action Complaint against General Motors LLC ("New GM"), as an adversary proceeding in the Bankruptcy Court, *Groman v. General Motors LLC (In re: Motors Liquidation Co.)*, Adv. Proc. No. 14-01929 (REG) [ECF 12619], which they amended on May 22, 2014 [ECF 12706]. The Bankruptcy Court's *Decision on Motion to Enforce*

---

[1] References to "ECF __" are to docket entries in *In re Motors Liquidation Co.*, Bankr. Case No. 09-50026 (REG).

*Sale Order*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015) (the "Decision"), filed April 15, 2015, and resulting Judgment, dated June 1, 2015 [ECF No. 13177, at ¶ 17], addressed and resolved one of the Groman Plaintiffs' three asserted claims for relief and stayed prosecution of the other two pending appeal.

The Groman Plaintiffs timely filed a Notice of Appeal in the Bankruptcy Court [ECF 13209], and a Statement of Issues on Appeal [ECF 13231], raising merits issues unique to them, such as the propriety of the Bankruptcy Court's denials of the Groman Plaintiffs' requests for discovery based, in part, on the fact that the other parties opposed conducting discovery [*see* Judgment, ECF 13177, at ¶ 15(a), (c)].

The Groman Plaintiffs make this motion, after consultation with the Case Manager assigned to this appeal, solely to preserve their rights to participate in the briefing and argument of the merits of the appeal in the event the Court grants one or more of the pending petitions or cross-petitions made by other parties to this action for leave to appeal the Decision and Judgment. The Groman Plaintiffs will not separately brief whether leave to appeal should be granted, as all of the relevant points going to that issue have been fully addressed by other parties.

**WHEREFORE**, the Groman Plaintiffs respectfully request that the Court enter an order granting them leave to intervene in this appeal.

Dated: July 28, 2015

2

Respectfully submitted,

WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP


By:   /s/ Alexander H. Schmidt

270 Madison Avenue
New York, New York  10016
T:  (212) 545-4600
schmidt@whafh.com


GOLENBOCK EISEMAN ASSOR
   BELL & PESKOE LLP
Jonathan L. Flaxer
437 Madison Avenue
New York, New York  10022
T:  (212) 907-7300
jflaxer@golenbock.com

*Counsel for the Groman Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that, on July 28, 2015, I caused the foregoing *Groman Plaintiffs' Motion for Leave to Intervene in Appeal* to be served via electronic mail, and one (1) copy via Next Business Day Delivery to:

**KING & SPALDING LLP**
Arthur J. Steinberg
Scott I. Davidson
1185 Avenue of the Americas
New York, New York 10036
T: 212-556-2100
E: asteinberg@kslaw.com
E: sdavidson@kslaw.com

**KIRKLAND & ELLIS LLP**
Richard C. Godfrey
Andrew B. Bloomer
300 North LaSalle
Chicago, Illinois 60654
T: 312-862-2000
E: rgodfrey@kirkland.com
E: abloomer@kirkland.com

*Counsel for General Motors LLC*

**BROWN RUDNICK LLP**
Edward S. Weisfelner
David J. Molton
May Orenstein
Howard S. Steel
Seven Times Square
New York, New York 10036
T: 212-209-4800
E: eweisfelner@brownrudnick.com
E: dmolton@brownrudnick.com
E: morenstein@brownrudnick.com
E: hsteel@brownrudnick.com

4

**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.**
Sander L. Esserman
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
T: 214-969-4900
E: esserman@sbep-law.com

*Counsel for the Ignition Switch Plaintiffs*

**GOODWIN PROCTOR LLP**
William P. Weintraub
Gregory W. Fox
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212-813-8800
E: wweintraub@goodwinprocter.com
E: gfox@goodwinprocter.com

*Counsel for Ignition Switch Pre-Closing Accident Plaintiffs*

**GIBSON, DUNN & CRUTCHER, LLP**
Lisa H. Rubin
Matthew Williams
Adam H. Offenhartz
Aric H. Wu
Keith R. Martorana
200 Park Avenue
New York, New York 10166
T: 212-351-3845
E: lrubin@gibsondunn.com
E: mjwilliams@gibsondunn.com
E: aoffenhartz@gibsondunn.com
E: awu@gibsondunn.com
E: kmartorana@gibsondunn.com

*Counsel for Wilmington Trust Co., as Trustee and Administrator of the GUC Trust*

5

        **AKIN, GUMP, STRAUSS, HAUER &**
          **FELD, LLP**
Daniel Golden
Deborah J. Newman
Jamison A. Diehl
Naomi Moss
One Bryant Park
New York, New York, 10036
T: 212-872-1000
E: dgolden@akingump.com
E: djnewman@akingump.com
E: jdiehl@akingump.com
E: nmoss@akingump.com

*Counsel for Participating GUC Trust
Unit Trust Holders*

Gary Peller
600 New Jersey Avenue, NW
Washington, DC 20001
T: 202-662-9122
peller@law.georgetown.edu

*Counsel for the Elliott, Sesay and Bledsoe Plaintiffs*

                Respectfully submitted,

                */s/ Alexander H. Schmidt*

                Alexander H. Schmidt

6

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

DOCKET NO. 15-2079

---

IN RE: MOTORS LIQUIDATION COMPANY,
F/K/A/ GENERAL MOTORS CORPORATION,

---

GENERAL MOTORS LLC,

*Cross-Petitioner*,

v.

CELESTINE ELLIOTT, ET AL.,

*Respondents*.

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**MEMORANDUM OF LAW IN SUPPORT OF *GROMAN* PLAINTIFFS'
MOTION FOR LEAVE TO INTERVENE IN APPEAL**

---

Alexander H. Schmidt
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
T: (212) 545-4600
schmidt@whafh.com

Jonathan L. Flaxer
GOLENBOCK EISEMAN ASSOR
  BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
T: (212) 907-7300
jflaxer@golenbock.com

*Counsel for the Groman Plaintiffs*

## PRELIMINARY STATEMENT

Plaintiffs Dr. Steven Groman, Robin DeLuco, Elizabeth Y. Grumet, ABC Flooring, Inc., Marcus Sullivan, Katelyn Saxson, Amy C. Clinton, and Allison C. Clinton, individually and on behalf of all similarly situated persons (collectively, the "Groman Plaintiffs"), respectfully move for leave to intervene in the above-referenced appeal.

The Groman Plaintiffs were one of the "Identified Parties" defined in the Bankruptcy Court's Scheduling Order, entered on May 16, 2014 [ECF 12697][1], designated to address in that Court the main issues now on appeal. The Groman Plaintiffs were one of the "Identified Parties" defined in the Bankruptcy Court's Scheduling Order, entered on May 16, 2014 [ECF 12697], designated to address in that Court many of the issues now on appeal, and were among the parties whose rights to appeal were specifically enumerated in the Bankruptcy Court's Order Certifying the Judgment for Direct Appeal to the Second Circuit [ECF 13178, at ¶ 5] (" … and the Groman Plaintiffs each reserve all of their rights with respect to the Appeal, including the right to challenge any of the factual and legal findings made by this Court in the Decision and to challenge certification for direct appeal").

---

[1] References to "ECF __" are to docket entries in *In re Motors Liquidation Co.*, Bankr. Case No. 09-50026 (REG).

On April 21, 2014, the Groman Plaintiffs filed a Class Action Complaint against General Motors LLC ("New GM"), as an adversary proceeding in the Bankruptcy Court, *Groman v. General Motors LLC (In re: Motors Liquidation Co.)*, Adv. Proc. No. 14-01929 (REG) [ECF 12619], which they amended on May 22, 2014 [ECF 12706]. The Bankruptcy Court's *Decision on Motion to Enforce Sale Order, In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015) (the "Decision"), filed April 15, 2015, and resulting Judgment dated June 1, 2015 [ECF 13177], addressed and resolved one of the Groman Plaintiffs' three asserted claims for relief and stayed prosecution of the other two pending appeal, *id.* [ECF 13177, at ¶ 17].

The Groman Plaintiffs timely filed a Notice of Appeal in the Bankruptcy Court [ECF 13209], and a Statement of Issues on Appeal [ECF 13231], raising merits issues unique to them, such as the propriety of the Bankruptcy Court's denials of the Groman Plaintiffs' requests for discovery based, in part, on the fact that the other parties opposed conducting discovery [*see* Judgment, ECF 13177, at ¶ 15(a), (c)].

The Groman Plaintiffs make this motion, after consultation with the Case Manager assigned to this appeal, solely to preserve their rights to participate in the briefing and argument of the merits of the appeal in the event the Court grants one or more of the pending petitions or cross-petitions made by other parties to this

2

action for leave to appeal the Decision and Judgment. The Groman Plaintiffs will not separately brief whether leave to appeal should be granted, as all of the relevant points going to that issue have been fully addressed by other parties.

## ARGUMENT

### I.    The Motion To Intervene Should Be Granted Under Federal Rule 24

Intervention on appeal is permissible pursuant to Federal Rule of Civil Procedure 24. *See Int'l Union v. Scofield*, 382 U.S. 205, 217 n.10 (1965) ("the policies underlying intervention may be applicable in appellate courts" under Rule 24(a)(2) or (b)(2)); *Floyd v. City of New York*, 770 F.3d 1051, 1062 & n.39 (2d Cir. 2014) (applying Rule 24 criteria to motion to intervene in appeal); *Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790, 790 (6th Cir. 2010) ("On appeal, we may grant either intervention of right or permissive intervention."); *Algonquin Gas Transmission Co. v. Fed. Power Comm'n*, 201 F.2d 334, 342 (1st Cir. 1953) (appellate intervention should be "guide[d] . . . by analogy to Rule 24").

As set forth below, the Groman Plaintiffs meet the Rule 24 requirements for intervention as of right in this appeal.

A.  **The Groman Plaintiffs Have An Unconditional Statutory Right To Intervene**

Under Federal Rule 24(a)(1), "the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute. ..." Fed. R. Civ. P. 24(a)(1). Bankruptcy Code Section 1109(b) grants such an unconditional statutory right to any interested party in a bankruptcy proceeding: "A party in interest, including . . . a creditor . . . may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

The Bankruptcy Court found that the all the plaintiffs who filed suits over the Ignition Switch Defects in automobiles made by General Motors Corporation ("Old GM") before its 2009 bankruptcy were creditors of Old GM with a right to be heard in connection with the Section 363 Sale Order at issue on appeal. *In re Motors Liquidation Co.*, 529 B.R. at 560. The Groman Plaintiffs filed such suits.

Accordingly, Section 1109(b) provides the Groman Plaintiffs with an unqualified and unconditional right to intervene in the Appeal. *See Term Loan Holder Comm. v. Ozer Grp., L.L.C. (In re Caldor Corp.)*, 303 F.3d 161, 169 (2d Cir. 2002) (§ 1109(b) authorizes interested party in bankruptcy proceeding to "appear and be heard on any issue regardless whether it arises in a contested matter or an adversary proceeding"); *Adelphia Commc'ns Corp. v. Rigas (In re Adelphia Commc'ns Corp.)*, 285 B.R. 848, 850-51 (Bankr. S.D.N.Y. 2002) (creditors may intervene under section 1109 "on any issue" in the proceedings).

4

**B. The Groman Plaintiffs Are Also Entitled To Intervene As Of Right**

Under Federal Rule 24(a)(2), the court must permit intervention by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

The Groman Plaintiffs have a vital interest in the appeal because they are the plaintiffs in the only adversary proceeding that was filed in the Bankruptcy Court against New GM pertaining to the enforceability of the Section 363 Sale Order. The Bankruptcy Court procedurally combined and considered the Groman Plaintiffs' adversary proceeding together with New GM's Motion to Enforce the 363 Sale Order. The Bankruptcy Court designated the Groman Plaintiffs' counsel as one of the "Identified Parties" in the Bankruptcy Court proceedings [ECF 12697], and their counsel duly participated in every aspect of those proceedings. The Decision and Judgment being appealed dismissed the Groman Plaintiffs first cause of action with prejudice and stayed them from prosecuting their remaining causes of action pending the outcome of this appeal. [ECF 13177, at ¶ 17].

No existing party can adequately represent the Groman Plaintiffs' unique interests. No other plaintiffs filed an adversary complaint on behalf of a class. No other plaintiffs joined in the Groman Plaintiffs' requests to conduct discovery on

5

the issues pertaining to enforceability of the 363 Sale in advance of the Bankruptcy Court's ruling on New GM's motion to enforce or on the Groman Plaintiffs' related adversary complaint. [*See* ECF 13177, at ¶ 15(a)]. Consequently, the Groman Plaintiffs are the only parties who can adequately represent their unique interests in appealing the Bankruptcy Court's orders, incorporated in the Judgment [*id.*, at ¶ 15(c)], denying the Groman Plaintiffs' right to conduct discovery.

## CONCLUSION

For the forgoing reasons, the Groman Plaintiffs respectfully request that this Court enter an Order allowing them to intervene in the appeal.

Dated: July 28, 2015

>Respectfully submitted,
>
>WOLF HALDENSTEIN ADLER
>   FREEMAN & HERZ LLP
>
>By:   /s/ Alexander H. Schmidt
>
>270 Madison Avenue
>New York, New York  10016
>T:  (212) 545-4600
>schmidt@whafh.com
>
>GOLENBOCK EISEMAN ASSOR
>   BELL & PESKOE LLP
>Jonathan L. Flaxer
>437 Madison Avenue
>New York, New York  10022
>T:  (212) 907-7300
>jflaxer@golenbock.com
>
>*Counsel for the Groman Plaintiffs*

09-50026-mg    Doc 13335-3    Filed 07/31/15    Entered 07/31/15 16:32:32    Exhibit 3
Pg 18 of 20

Case 15-2079, Document 95, 07/28/2015, 1564764, Page17 of 19

# CERTIFICATE OF SERVICE

I certify that, on July 28, 2015, I caused the foregoing *Memorandum of Law in Support of Groman Plaintiffs' Motion for Leave to Intervene in Appeal* to be served via electronic mail, and one (1) copy via Next Business Day Delivery to:

**KING & SPALDING LLP**
Arthur J. Steinberg
Scott I. Davidson
1185 Avenue of the Americas
New York, New York 10036
T: 212-556-2100
E: asteinberg@kslaw.com
E: sdavidson@kslaw.com

**KIRKLAND & ELLIS LLP**
Richard C. Godfrey
Andrew B. Bloomer
300 North LaSalle
Chicago, Illinois 60654
T: 312-862-2000
E: rgodfrey@kirkland.com
E: abloomer@kirkland.com

*Counsel for General Motors LLC*

**BROWN RUDNICK LLP**
Edward S. Weisfelner
David J. Molton
May Orenstein
Howard S. Steel
Seven Times Square
New York, New York 10036
T: 212-209-4800
E: eweisfelner@brownrudnick.com
E: dmolton@brownrudnick.com
E: morenstein@brownrudnick.com
E: hsteel@brownrudnick.com

7

**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.**
Sander L. Esserman
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
T: 214-969-4900
E: esserman@sbep-law.com

*Counsel for the Ignition Switch Plaintiffs*

**GOODWIN PROCTOR LLP**
William P. Weintraub
Gregory W. Fox
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212-813-8800
E: wweintraub@goodwinprocter.com
E: gfox@goodwinprocter.com

*Counsel for Ignition Switch Pre-Closing Accident Plaintiffs*

**GIBSON, DUNN & CRUTCHER, LLP**
Lisa H. Rubin
Matthew Williams
Adam H. Offenhartz
Aric H. Wu
Keith R. Martorana
200 Park Avenue
New York, New York 10166
T: 212-351-3845
E: lrubin@gibsondunn.com
E: mjwilliams@gibsondunn.com
E: aoffenhartz@gibsondunn.com
E: awu@gibsondunn.com
E: kmartorana@gibsondunn.com

*Counsel for Wilmington Trust Co., as Trustee and Administrator of the GUC Trust*

8

**AKIN, GUMP, STRAUSS, HAUER &**
  **FELD, LLP**
Daniel Golden
Deborah J. Newman
Jamison A. Diehl
Naomi Moss
One Bryant Park
New York, New York, 10036
T: 212-872-1000
E: dgolden@akingump.com
E: djnewman@akingump.com
E: jdiehl@akingump.com
E: nmoss@akingump.com

*Counsel for Participating GUC Trust
Unit Trust Holders*

Gary Peller
600 New Jersey Avenue, NW
Washington, DC 20001
T: 202-662-9122
peller@law.georgetown.edu

*Counsel for the Elliott, Sesay and Bledsoe Plaintiffs*

                Respectfully submitted,

                */s/ Alexander H. Schmidt*

                Alexander H. Schmidt