Hearing Date and Time: August 12, 2015, at 9:45 a.m. (Eastern Time)
Objection Deadline: August 5, 2015 at 5:00 p.m. (Eastern Time)

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone:  206-623-7292
Email: steve@hbsslaw.com

*Co-Lead Counsel in the MDL Proceeding*
*for the Ignition Switch Plaintiffs and Certain Non-*
*Ignition Switch Plaintiffs; and Counsel for the*
*People of the State of California, acting by and*
*through Orange County District Attorney Tony*
*Rackauckas and the State of Arizona*

Mark P. Robinson Jr. (*pro hac vice*)
ROBINSON CALCAGNIE ROBINSON
SHAPIRO DAVIS, INC.
19 Corporate Plaza Drive
Newport Beach, California 92660
Telephone: 949-720-1288
Email: mrobinson@rcrlaw.net

*Counsel for the People of the State of California,*
*acting by and through Orange County District*
*Attorney Tony Rackauckas*

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN,
LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone:  414-956-1000
Email: ecabraser@lchb.com

*Co-Lead Counsel in the MDL Proceeding*
*for the Ignition Switch Plaintiffs and Certain Non-*
*Ignition Switch Plaintiffs*

Edward S. Weisfelner
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: 212-209-4800
Email: eweisfelner@brownrudnick.com

-and-

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, P.C.
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Email:  esserman@sbep-law.com

*Designated Counsel in the Bankruptcy*
*Proceeding for the Ignition Switch Plaintiffs and*
*Certain Non-Ignition Switch Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.*, | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------x

# THE IGNITION SWITCH PLAINTIFFS', CERTAIN NON-IGNITION SWITCH PLAINTIFFS' AND THE STATES' OBJECTION TO MOTION BY GENERAL MOTORS LLC TO ENFORCE THE STAY IMPOSED BY THE JUDGMENT, DATED JUNE 1, 2015, AGAINST THE STATES AND PLAINTIFFS REPRESENTED BY DESIGNATED COUNSEL

Privileged and Confidential
Attorney Work Product

The Ignition Switch Plaintiffs,[1] certain Non-Ignition Switch Plaintiffs,[2] the State of Arizona *ex rel.* Mark Brnovich, the Attorney General, and the People of the State of California, by and through Orange County District Attorney Tony Rackauckas, through their undersigned counsel, submit this objection (the "**Objection**") to the *Motion By General Motors LLC To Enforce The Stay Imposed By The Judgment, Dated June 1, 2015, Against The States And Plaintiffs Represented By Designated Counsel*, dated July 10, 2015 [ECF No. 13289] (the "**Motion to Compel**").[3]   In support of this Objection, the Plaintiffs and the States respectfully state as follows:

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Decision on Motion to Enforce Sale Order*, In re Motors Liquidation Co., 529 B.R. 510 (Bankr. S.D.N.Y. 2015) (the "**Decision**") or in the *Judgment*, dated June 1, 2015 [ECF No. 13177] (the "**Judgment**").   The term "**Ignition Switch Plaintiffs**" shall mean those plaintiffs who own or lease a vehicle with the Ignition Switch Defect involved in the February and March 2014 Recalls (Recall No. 14-V-047).   Thus, the term Ignition Switch Plaintiffs as used in this Memorandum of Law includes only Plaintiffs who own or lease those vehicles, and does not include those Plaintiffs who own or lease other vehicles with defective ignition switches (made by both Old and New GM) that were recalled in June and July of 2014.   Except where otherwise indicated, references to "ECF No. _" are to docket entries in the Bankruptcy Court proceedings: In re Motors Liquidation Co., Bankr. Case No. 09-50026 (REF).

[2]   The term "**Non-Ignition Switch Plaintiffs**" shall mean all plaintiffs that have commenced a lawsuit against New GM asserting economic losses based on or arising from an alleged defect, other than the Ignition Switch in the vehicles subject to Recall No. 14-V-047, or based on or arising from economic losses and diminution in value of their GM-branded vehicles based on the Ignition Switch Defect or other alleged defects in Old and New GM vehicles.   The Non-Ignition Switch Plaintiffs together with the Ignition Switch Plaintiffs are defined herein as the "**Plaintiffs**."

[3]   Plaintiffs and the States seek to withdraw the reference of this contested matter by the Motion to Withdraw the Reference filed contemporaneously herein.

## PRELIMINARY STATEMENT

1.    By the Motion to Compel, New GM seeks the exceptional relief of an order voiding Plaintiffs' and the States' Motions to Withdraw the Reference,[4] and blocking their well-founded and inviolate Constitutional right to access an Article III court.  The Motion to Compel relies on a false proposition—that the Motions to Withdraw the Reference violate the Bankruptcy Court's June 1, 2015 Judgment.  This argument can be quickly dismissed as the Judgment does not include any such prohibition.[5]

2.    New GM also fails to provide any statutory basis or case law that curtails the Plaintiffs' and States' right to seek withdrawal of the reference.  This is so because, as recently recognized by the Supreme Court in Wellness, bankruptcy courts hear matters solely on a district court's reference, and accordingly, the District Court has the inherent ability to withdraw the reference *sua sponte* and the Plaintiffs and the States have the absolute right to seek withdrawal under 28 U.S.C. § 157(d).[6]  Unsurprisingly, the Bankruptcy Court recently noted that the determination of which court will decide the Plaintiffs' and States' "No-Stay Pleadings" is

---

[4]    See *Motion to Withdraw the Reference for the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading*, dated June 24, 2015 [ECF No. 13250] and the accompanying *Memorandum of Law in Support of Motion to Withdraw the Reference for the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading*, dated June 24, 2015 [ECF No. 13251] (collectively, the "**Plaintiffs' Motion to Withdraw the Reference**"); *Motion to Withdraw the Reference with Regard to No Strike Pleadings*, dated June 16, 2015 [ECF No. 13213] and the accompanying *Memorandum of Law in Support of Motion to Withdraw the Reference with Regard to No Strike Pleadings*, dated June 16, 2015 [ECF No. 13214] (collectively, the "**States' Motion to Withdraw the Reference**," and, together with the Plaintiffs' Motion to Withdraw the Reference, the "**Motions to Withdraw the Reference**").

[5]    Neither Plaintiffs nor the States have consented to proceed exclusively in the Bankruptcy Court, and nothing in Designated Counsel's form of judgment submitted to the Bankruptcy Court prevents the filing of a motion to withdraw the reference.  See *Joint Letter*, dated May 12, 2015 [ECF No. 13137].

[6]    See Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1945 (2015); 28 U.S.C. § 157(d); Fed. R. Bankr. P. 5011; Local Bankr. R. 5011-1.

dependent on the outcome of the Motions to Withdraw the Reference, without in any way suggesting that the Motions to Withdraw the Reference violated the Judgment.[7]

3.      The Motion to Compel is nothing more than an act of procedural gamesmanship, a nuisance pleading. New GM's arguments find no basis in case law, the applicable statutes, or the Judgment. Accordingly, and for the reasons set forth more fully herein, the Plaintiffs and the States respectfully request that the Court deny the Motion to Compel.

## BACKGROUND

4.      The bulk of the relevant factual background is set forth in the Omnibus Judgment Pleading and the "No Strike" Pleadings, and for the sake of brevity, not restated herein.[8]

5.      On June 16, 2015, the States filed the "No Strike" Pleadings and the States' Motion to Withdraw the Reference.

6.      On June 24, 2015, Designated Counsel filed the Omnibus Judgment Pleading and the Plaintiffs' Motion to Withdraw the Reference.

7.      On July 10, 2015, New GM filed its Opposition to the "No Strike" Pleadings.[9]

8.      On July 23, 2015, New GM filed its Oppositions to the Omnibus Judgment Pleading[10] and the Motions to Withdraw the Reference.[11]

---

[7]     See *Decision and Order on Bledsoe Plaintiffs' Reargument and Other Post-Judgment Motions*, dated July 22, 2015 [ECF No. 13313] (the "**Reargument Order**"), at 6 n.16; see also July 16, 2015 Hr'g. Tr., Bankr. Case No. 09-50026 (REG) at 31:13-23; 49:19-51:10; 54:4-15 (noting that procedural relief with respect to the Plaintiffs' Motion to Withdraw the Reference "is properly to be made by Judge Furman" and acknowledging that motion to withdraw the reference "calls on District Judges to make the decisions."). Relevant portions of the hearing transcript are attached hereto as **Exhibit A**.

[8]     See *People of the State of California's "No Strike" Pleading*, dated June 16, 2015 [ECF No. 13210] and the *State of Arizona's "No Strike" Pleading*, dated June 16, 2015 [ECF No. 13211] (collectively, the "**"No Strike' Pleadings**"); *The Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading*, dated June 24, 2015 [ECF No. 13247] (the "**Omnibus Judgment Pleading**").

[9]     See *Omnibus Response by General Motors LLC to the No Strike Pleadings Filed by the States of Arizona and California*, dated July 10, 2015 [ECF No. 13286].

9.      On July 30, 2015, Plaintiffs and the States filed Replies in support of their

Motions to Withdraw the Reference.[12]  Accordingly, the Motions to Withdraw the Reference

have been fully briefed before Judge Furman, with any hearing date to be determined.

10.     On July 10, 2015, New GM filed the Motion to Compel with the Bankruptcy

Court, <u>see</u> ECF No. 13289, notwithstanding Local Rule 5011-1, which provides that "[a]ll

subsequent papers relating to [a] motion [to withdraw the reference] shall be filed with the Clerk

of the District Court."  Local Bankr. R. 5011-1.

11.     Pursuant to the Motion to Compel, New GM seeks, *inter alia*, entry of an order

compelling Designated Counsel and the States to withdraw the Motions to Withdraw the

Reference.  <u>See</u> Motion to Compel ¶ 4.

## **OBJECTION**

**I.      Plaintiffs And The States Had The Absolute Right To File The Motions
         To Withdraw The Reference And There Are No Grounds For Voiding Them.**

12.     New GM argues that Plaintiffs and the States are only permitted to file pleadings

expressly specified in the Judgment.  <u>See</u> Motion to Compel ¶ 26.  New GM fails to cite

anything in the Judgment, or applicable statutes and rules for this proposition.  In New GM's

---

[10]   <u>See</u> *Response by General Motors LLC to the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' Objection Pleading with Regard to The Second Amended Consolidated Complaint*, dated July 23, 2015 [ECF No. 13316].

[11]   <u>See</u> *Memorandum of Law by General Motors LLC in Opposition to Motion to Withdraw the Reference for the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading*, Case No. 1:15-cv-05056-JMF (S.D.N.Y. July 23, 2015) [ECF No. 7]; *Memorandum of Law by General Motors LLC in Opposition to Motion to Withdraw the Reference with Regard to No Strike Pleadings Filed by the States of California and Arizona*, Case No. 1:15-cv-04685-JMF (S.D.N.Y. July 23, 2015) [ECF No. 5].

[12]   <u>See</u> *Reply in Support of Motion to Withdraw the Reference for the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading*, Case No. 1:15-cv-05056-JMF (S.D.N.Y. July 30, 2015) [ECF No. 11]; *Reply in Support of Motion to Withdraw the Reference with Regard to No Strike Pleadings Filed by the States of California and Arizona*, Case No. 1:15-cv-04685-JMF (S.D.N.Y. July 23, 2015) [ECF No. 7].

view, unless specifically identified in the Judgment, an action is *per se* prohibited.  See id. ¶¶ 20-21, 26.  The Court must reject this restrictive reading of the Judgment.

13.    As recognized by the Supreme Court in Wellness, "[j]ust as [t]he 'ultimate decision' whether to invoke [a] magistrate [judge]'s assistance is made by the district court, bankruptcy courts hear matters solely on a district court's reference, which the district court may withdraw *sua sponte* or at the request of a party, [under 28 U.S.C.] § 157(d).  [S]eparation of powers concerns are diminished when, as here, the decision to invoke [a non-Article III] forum is left entirely to the parties and the power of the federal judiciary to take jurisdiction remains in place."  Wellness Int'l Network, Ltd., 135 S. Ct. at 1945 (internal quotation marks and citations omitted).  New GM fails to explain how the Bankruptcy Court's Judgment does, or even could, circumscribe these fundamental rights to withdraw the reference.

14.    The Judgment specifically authorized the filing of pleadings demonstrating that lawsuits against New GM should be permitted to proceed.  Therefore, moving to withdraw the reference of the Omnibus Judgment Pleading and the "No Strike" Pleadings are permissible actions related to whether the Plaintiffs should be permitted to proceed with the claims in the Second Amended Consolidated Complaint[13] and the States should be permitted to proceed with the State Actions.[14]

15.    Plaintiffs and the States have not consented to proceeding exclusively before the Bankruptcy Court for the Omnibus Judgment Pleading and "No Strike" Pleadings.  See Motion to Compel ¶ 1; Wellness Int'l Network, Ltd., 135 S. Ct. at 1948 ("[A] litigant's consent—

---

[13]    See *Second Amended Consolidated Complaint*, In re General Motors LLC Ignition Switch Litigation, No. 14-MD-2543 (JMF) (S.D.N.Y. June 12, 2015) [ECF No. 1038], as corrected June 22, 2015 [ECF No. 1061] (the "**SAC**").

[14]    See People of California v. General Motors  LLC, No.  30-2014-00731038-CU-BT-CXC (Orange  County, Cal.); State of Arizona v. General Motors LLC, No. CV2014-014090 (Superior Court, Maricopa County, AZ) (collectively, the "**State Actions**").

whether express or implied—must still be knowing and voluntary.") (citation omitted). Nor would such consent preclude Plaintiffs or the States from asserting their right to withdraw the reference. 28 U.S.C. § 157(d) expressly contemplates the withdrawal of proceedings that have been referred to the Bankruptcy Court by consent of the parties under 28 U.S.C. § 157(c)(2). See 28 U.S.C. § 157(c)-(d). If the District Court grants the Motions to Withdraw the Reference, it will decide the Omnibus Judgment Pleading and the "No Strike" Pleadings pursuant to its original jurisdiction over bankruptcy proceedings. See 28 U.S.C. § 1334.[15] Requesting that the District Court withdraw the reference for a pleading permitted by the Judgment is clearly not an "end-run on the Bankruptcy Court's jurisdiction," as New GM suggests.[16] Accordingly, the Motion to Compel should be denied.

16.    Finally, New GM's reliance on Celotex—the sole authority of substance cited in the Motion to Compel—is misplaced. See Motion to Compel ¶¶ 4, 25. There, the Supreme Court held that a party seeking to overturn a Bankruptcy Court injunction must challenge it before the Bankruptcy Court and on appellate review, not by a collateral action in another court. See Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995). Nothing in Celotex prevents the filing of a motion to withdraw the reference for a pleading contemplated by the Judgment that is not stayed. Resolution of the Omnibus Judgment Pleading and "No Strike" Pleadings by the District Court would not result in overturning or modifying the Judgment. It would result in procedural fair play.

---

[15]    The SAC contains only Independent Claims against New GM as demonstrated by the Omnibus Judgment Pleading. Likewise, the States assert only Independent Claims in the State Actions as demonstrated by the "No Strike" Pleadings. Thus, these actions are not subject to a stay under the Judgment.

[16]    Nor is the Motion to Withdraw the Reference an attempt at forum shopping following an "adverse ruling" by the Bankruptcy Court. See Motion to Compel ¶ 3. The Bankruptcy Court ruled in favor of the Plaintiffs in finding that Independent Claims of Plaintiffs asserting approximately $10 billion in damages against New GM may proceed. See In re Motors Liquidation Co., 529 B.R. at 598.

17.    The entire absence of any relevant authority or any text in the Judgment prohibiting the Motions to Withdraw the Reference only serves to highlight the frivolous nature of the Motion to Compel.  New GM's attempt to obstruct Plaintiffs' and the States' fundamental procedural rights must be denied.

### CONCLUSION

WHEREFORE, for the reasons set forth above, the Plaintiffs and the States respectfully request that the Bankruptcy Court, or the District Court on withdrawal of the reference, deny the Motion to Compel and grant such other and further relief as is just and proper.

Dated:  New York, New York
          August 5, 2015

/s/ Edward S. Weisfelner

Edward S. Weisfelner
May Orenstein
Howard S. Steel
**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
morenstein@brownrudnick.com
hsteel@brownrudnick.com

-and-

Sander L. Esserman
**STUTZMAN, BROMBERG, ESSERMAN
& PLIFKA, A PROFESSIONAL
CORPORATION**
2323 Bryan Street, Ste 2200
Dallas, Texas 75201
Tel: 214-969-4900
esserman@sbep-law.com

*Designated Counsel in the Bankruptcy
Proceeding for the Ignition Switch Plaintiffs
and Certain Non-Ignition Switch Plaintiffs*

-and-

Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: 206-623-7292
Email: steve@hbsslaw.com

*Co-Lead Counsel in the MDL Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs; and Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas and the State of Arizona*

-and-

Elizabeth J. Cabraser
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
Email: ecabraser@lchb.com

*Co-Lead Counsel in the MDL Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

-and-

Mark P. Robinson Jr. (*pro hac vice*)
**ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC.**
19 Corporate Plaza Drive
Newport Beach, California 92660
Telephone: 949-720-1288
Email: mrobinson@rcrlaw.net

*Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas*