# EXHIBIT B

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re                                              :        Chapter 11
                                                   :
MOTORS LIQUIDATION COMPANY, *et al.*,              :        Case No.:  09-50026 (REG)
            f/k/a General Motors Corp., *et al.*    :
                                                   :
                        Debtors.                   :        (Jointly Administered)
                                                   :
-------------------------------------------------------------x

## NOTICE OF MOTION BY GENERAL MOTORS LLC TO ENFORCE THE STAY IMPOSED BY THE JUDGMENT, DATED JUNE 1, 2015, AGAINST THE STATES AND PLAINTIFFS REPRESENTED BY DESIGNATED COUNSEL

PLEASE TAKE NOTICE that upon the annexed Motion, dated July 10, 2015 (the

"**Motion**"), of General Motors LLC ("**New GM**"),[1] to enforce the stay imposed by this Court's

Judgment, dated June 1, 2015, against the States and Plaintiffs represented by Designated Counsel,

all as more fully set forth in the Motion, a hearing will be held before the Honorable Robert E.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Gerber, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 12**, **2015 at 9:45 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York  10036 (Attn:  Arthur Steinberg and Scott Davidson) and (ii) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois  60654 (Attn:  Richard C. Godfrey, P.C. and Andrew B. Bloomer, P.C.), so as to be received no later than **August 5, 2015, at 5:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no responses or objections are timely filed and
served with respect to the Motion, New GM may, on or after the Objection Deadline, submit to the
Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion,
which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      July 10, 2015

Respectfully submitted,


   /s/ Arthur Steinberg   
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

**Hearing Date and Time:  August 12, 2015 at 9:45 a.m. (Eastern Time)**
**Response Deadline: August 5, 2015 at 5:00 p.m. (Eastern Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.:  09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

--------------------------------------------------------------x

**MOTION BY GENERAL MOTORS LLC TO ENFORCE
THE STAY IMPOSED BY THE JUDGMENT, DATED
JUNE 1, 2015, AGAINST THE STATES AND
PLAINTIFFS REPRESENTED BY DESIGNATED COUNSEL**

## TABLE OF CONTENTS

**Cases**                                                                 **Page**

**PRELIMINARY STATEMENT** ....................................................................1

**RELEVANT BACKGROUND** .....................................................................3

    **A.**   **Old GM and the 363 Sale** ...................................................3

    **B.**   **The Motions to Enforce the Sale Order and Injunction** ...............4

    **C.**   **The Multi-District Litigation Pending Against New GM**.................4

    **D.**   **The California Lawsuit**.........................................................5

    **E.**   **The Arizona Lawsuit** ..........................................................6

    **F.**   **The Bankruptcy Court Decision and Judgment** .......................7

    **G.**  **The Bankruptcy Court's Judgment Regarding the April 15 Decision** ..................9

    **H.**  **The Bankruptcy Court's Certification**
        **of the Judgment for Direct Appeal**..........................................11

**ARGUMENT**.....................................................................................11

    **THE WITHDRAWAL MOTIONS VIOLATE**
    **THE STAY IMPOSED BY THE JUDGMENT AND THE STATES**
    **AND ECONOMIC LOSS  PLAINTIFFS SHOULD BE**
    **DIRECTED TO WITHDRAWN THEM IMMEDIATELY** .........................11

    **A.**   **The States Violated the Stay Imposed by the Judgment**...............12

    **B.**   **Designated Counsel Violated the Stay Imposed by the Judgment** ........13

**CONCLUSION** ..................................................................................14

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Celotex Corp. v. Edwards*,
   514 U.S. 300 (1995)............................................................................................................. 3, 12

*In re Motors Liquidation Co.*,
   522 B.R. 13 (Bankr. S.D.N.Y. 2014)................................................................................... 1, 3

*In re Motors Liquidation Co.*,
   529 B.R. 510 (Bankr. S.D.N.Y. 2015)...................................................................................... 7

*In re Motors Liquidation Co.*,
   Case No. 09-50026, 2015 WL 3398398 (Bankr. S.D.N.Y. May 27, 2015).............. 2, 3, 8, 9, 12

*Kijowska v. Haines*,
   463 F.3d 583 (7th Cir. 2006) ............................................................................................... 12

*United States v. Orr Water Ditch Co.*,
   391 F.3d 1077 (9th Cir. 2004) ............................................................................................. 12

General Motors LLC ("**New GM**"), by its undersigned counsel, respectfully submits this motion ("**Enforcement Motion**") to enforce the stay imposed by the Judgment, dated June 1, 2015 [Dkt. No. 13177] ("**Judgment**") against: (i) the State of Arizona ("**Arizona**") and the State of California ("**California**," and, with Arizona, the "**States**") for impermissibly filing their *Motion to Withdraw the Reference With Regard to No Strike Pleadings* [Dkt. No. 13213] ("**States Withdrawal Motion**"); and (ii) the Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs[1] (collectively, the "**Economic Loss Plaintiffs**") represented by Designated Counsel for impermissibly filing their *Motion to Withdraw the Reference for The Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading* [Dkt. No. 13250] ("**DC Withdrawal Motion**," and together with the States Withdrawal Motion, the "**Withdrawal Motions**").  In support of this Enforcement Motion, New GM represents as follows:

## PRELIMINARY STATEMENT

1.      This Court has presided over New GM's Motions to Enforce for over a year.  In the context of various parties seeking to end run this Court's exclusive jurisdiction to interpret the Sale Order and Injunction, this Court has been required to unequivocally confirm that it has exclusive jurisdiction, in the first instance, to interpret and enforce its prior orders, including the injunction provisions in the Sale Order and Injunction.[2]  The States, and plaintiffs in various actions subject to the Motions to Enforce (including those represented by Lead Counsel in MDL

---

[1] Capitalized terms not otherwise defined in the Preliminary Statement shall have the meanings ascribed to them in the Judgment or in the sections of this Enforcement Motion that follow.

[2] *See, e.g.*, *In re Motors Liquidation Co.*, 522 B.R. 13, 21 (Bankr. S.D.N.Y. 2014) ("The Sesay Plaintiffs are now covered, at least in material part, by the Sale Order.  And under familiar principles, until it is determined that the Sale Order does not apply, or should be invalidated, in whole or in part, they must abide by it, until I or a higher court rule otherwise." (footnote omitted)).

2543 ("**Lead Counsel**"), originally sought to skirt this Court's exclusive jurisdiction by commencing litigation in other courts in violation of the Sale Order and Injunction.[3] Ultimately, however, they consented to this Court's exclusive jurisdiction to decide issues relating to the Motions to Enforce, including the Four Threshold Issues. The Judgment, and the procedures set forth therein (*i.e.*, the No Strike Pleadings), all rise from the Motions to Enforce, and concern this Court's interpretation of the Sale Order and Injunction. Accordingly, the Court's exclusive jurisdiction as set forth in the Sale Order and Injunction, and the States and the Economic Loss Plaintiffs' consent to this Court's jurisdiction over such matters, including the requirements and procedures for the No Strike Pleadings, remains intact and unaltered.

2.      The Judgment is unambiguous as to what the States and the Economic Loss Plaintiffs are permitted to do while the appeal of the Judgment is pending. Their sole option is to file a No Strike Pleading in this Court (without rearguing issues already decided). Filing the Withdrawal Motions in *another* court, for actions otherwise stayed by the Judgment (*e.g.*, the States' lawsuits and the Pre-Sale Consolidated Complaint), is not permitted.

3.      It is clear what the States and the Economic Loss Plaintiffs[4] are trying to accomplish. The Withdrawal Motions are blatant forum shopping maneuvers resulting from having suffered  adverse rulings in the April 15 Decision and Judgment. The States and Economic Loss Plaintiffs  are also seeking to reargue matters in No Strike Pleadings, to another court, in contravention to the admonitions in the Judgment that proscribe such arguments for No Strike Pleadings. In addition, the States and Economic Loss Plaintiffs  are trying to prematurely

---

[3]      *In re Motors Liquidation Co.*, Case No. 09-50026, 2015 WL 3398398, at *2 (Bankr. S.D.N.Y. May 27, 2015) (noting that Lead Counsel filed "many actions that they knew or should have known were barred by the Sale Order, [with] apparently intentional efforts to intermingle permitted and impermissible claims in common complaints).

[4]      Designated Counsel has been retained by Lead Counsel to address bankruptcy issues in the Bankruptcy Court. The States and Lead Counsel in MDL 2543 have common counsel.

direct issues to the District Court (their preferred forum for the appeal of the Judgment) before the Second Circuit has ruled on the petition for a direct appeal of the Judgment.

4.        The States and Economic Loss Plaintiffs know that the proper procedure to seek a modification of the Judgment which stayed their actions is to first seek relief in this Court and not to file a withdrawal motion for another court to decide.   The States and Economic Loss Plaintiffs are familiar with the Supreme Court's decision in *Celotex Corp. v. Edwards*, which is cited in the Motions to Enforce, and frequently referred to by this Court in many of its decisions relating to its exclusive jurisdiction to interpret and enforce its' orders.[5]  In *Celotex*, the Supreme Court held that the rule is "well-established" that "'persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order.'" 514 U.S. 300, 306 (1995).   The States and Economic Loss Plaintiffs have chosen to ignore this clear and settled principle of law.   They should be directed to immediately withdraw the Withdrawal Motions.[6]

## RELEVANT BACKGROUND

### A.        Old GM and the 363 Sale

5.        In July 2009, Motors Liquidation Company, formerly known as General Motors Corporation ("**Old GM**"), sold substantially all of its assets to New GM, free and clear of all liens, claims and liabilities, other than liabilities that New GM expressly assumed, pursuant to an Amended and Restated Master Sale and Purchase Agreement ("**Sale Agreement**").   The Bankruptcy Court approved the sale ("**363 Sale**") and the terms of the Sale Agreement in its

---

[5]     *See, e.g.*, *Motors Liquidation Co.*, 2015 WL 3398398, at *2 n.5; *In re Motors Liquidation Co.*, 522 B.R. 13, 21 n.21 (Bankr. S.D.N.Y. 2014).

[6]     This Enforcement Motion does not seek to argue the substance of the Withdrawal Motions.  New GM will file objections to the Withdrawal Motions in the District Court setting forth the reasons they should be denied.

"**Sale Order and Injunction**" dated July 5, 2009.[7]  The Sale Agreement and various provisions

of the Sale Order and Injunction provide that New GM would have no responsibility for any

liabilities (except for Assumed Liabilities) relating to Old GM conduct, the operation of Old

GM's business, or the production of vehicles and parts before July 10, 2009, and that creditors

and other parties in interest were enjoined from asserting such liabilities against New GM.  *See,*

*e.g.*, Sale Order and Injunction, ¶¶ 8, 9, 46.

**B.**     **The Motions to Enforce the Sale Order and Injunction**

6.      After announcing various recalls in 2014, New GM was sued in many lawsuits

containing allegations, claims and/or causes of action that violated the injunction provisions of

the Sale Order and Injunction. New GM filed three motions with the Bankruptcy Court seeking

to enforce the provisions of the Sale Order and Injunction (collectively, the "**Motions to**

**Enforce**").  A substantial portion of the plaintiffs that are subject to the Motions To Enforce,

including the States and Economic Loss Plaintiffs, voluntarily agreed to stay their lawsuits

pending this Court's resolution of the Motions to Enforce.

**C.**     **The Multi-District Litigation Pending Against New GM**

7.      There is currently pending in the District Court the MDL, captioned *In re General*

*Motors LLC Ignition Switch Litig.*, Case No. 14-MD 2543 (JMF).  A substantial number of the

cases in the MDL are subject to the Motions to Enforce. The District Court has held certain

matters in abeyance pending a final resolution in this Court of the issues raised in the Motions to

Enforce.

8.      In 2014, Lead Counsel filed two consolidated complaints: (i) a complaint against

New GM by plaintiffs who purchased their Old GM vehicles prior to the closing of the 363 Sale

---

[7]     A copy of the Sale Order and Injunction, with the Sale Agreement (and its amendments) attached as an exhibit, is attached hereto as **Exhibit "A."**

09-50026-reg   Doc 13289-45   Filed 07/10/15   Entered 07/10/15 17:00:34   Main Document
Pg 12 of 22

("**Pre-Sale Consolidated Complaint**"), and (ii) a complaint against New GM by plaintiffs who purchased either Old GM vehicles or New GM vehicles after the closing of the 363 Sale ("**Post-Sale Consolidated Complaint**").   On June 12, 2015, Lead Counsel filed a Second Amended Consolidated Complaint which essentially combined the Pre-Sale Consolidated Complaint and the Post-Sale Consolidated Complaint, asserting claims on behalf of plaintiffs who, *inter alia*, bought Old GM vehicles both prior to and after the 363 Sale.

**D.      The California Lawsuit**

9.      In June, 2014, California commenced a lawsuit against New GM in the Superior Court of the State of California ("**California Lawsuit**").  As this Court previously found (*see* Section G, *infra*), the complaint ("**California Complaint**")[8] in the California Lawsuit asserts numerous allegations based on Old GM conduct.  *See, e.g.*, California Complaint ¶¶ 44-54, 56, 58-62, 71, 87, 96, 112-114, 149, 189-191, 196-206.  Both of California's causes of action in the California Complaint specifically "reallege[] and incorporate[] by reference all preceding paragraphs."  California Complaint, ¶¶ 253, 265.  The causes of action pled relate to Old GM's alleged conduct at the point of sale of the Old GM vehicle.  The States are seeking monetary sanctions against New GM for such Old GM conduct.

10.      After the California Lawsuit was filed, New GM designated it as being subject to the Motions to Enforce.  New GM also tagged the California Lawsuit as being related to the MDL and sought to have it transferred to that proceeding.  In connection with seeking to have the California Lawsuit remanded back to state court, California filed a *"Limited" No Stay Pleading* with the Bankruptcy Court,[9] requesting that the Court lift the stay of the California Lawsuit solely for the purpose of prosecuting a motion to remand back to state court.  With

---

[8]      A copy of the California Complaint was previously filed with the Court.  *See* Dkt. No. 13137, Exhibit "E."

[9]      A copy of the *"Limited" No Stay Pleading* is attached hereto as **Exhibit "B."**

5

respect to all other matters, California agreed to stay the California Lawsuit "pending further proceedings before th[e Bankruptcy Court]." Limited No Stay Pleading, at 2; *see also id.* at 9 ("The State, agreeing to the stay for all other purposes, merely seeks the opportunity to be able to proceed with a motion to remand before Judge Selna and to oppose JPML transfer of this case to the MDL.").

**E.     The Arizona Lawsuit**

11.     In November, 2014, Arizona commenced a lawsuit against New GM in the Superior Court of the State of Arizona ("**Arizona Lawsuit**"). Like the California Complaint, and as this Court also previously found, the complaint ("**Arizona Complaint**," and with the California Complaint, the "**Complaints**")[10] in the Arizona Lawsuit asserts numerous allegations based on Old GM conduct. *See, e.g.*, Arizona Complaint ¶¶ 92-94, 99-107, 135-179, 253(a)-(c), 256-259, 285, 288(a)-(l), 289-310. The cause of action in the Arizona Complaint specifically "realleges and incorporates by reference all paragraphs as though fully set forth herein." Arizona Complaint, ¶¶ 494. As is the case with the California Lawsuit, the cause of action pled by Arizona relates to Old GM's alleged conduct at the point of sale of the Old GM vehicle. Arizona is also seeking monetary sanctions against New GM for such Old GM conduct.

12.     After the Arizona Lawsuit was filed, New GM designated it as being subject to the Motions to Enforce. Arizona agreed to stay the Arizona Lawsuit pending final rulings by the Court of the Motions to Enforce.

13.     The States' Lawsuits are not part of the MDL. They are both pending in their respective state courts, subject to a stay imposed by the Court's Judgment.

---

[10]     A copy of the Arizona Complaint was previously filed with the Court. *See* Dkt. No. 13137, Exhibit "D."

## F.    The Bankruptcy Court Decision and Judgment

14.    In connection with the Motions to Enforce, the parties and the Court ultimately agreed to address four threshold issues ("**Four Threshold Issues**"). One of the Four Threshold Issues is whether the claims asserted against New GM were Retained Liabilities of Old GM. ("**Old GM Threshold Issue**").  The essence of the No Strike Pleadings is a determination of whether the specific claims made by the States and Economic Loss Plaintiffs are proscribed by the Sale Order and Injunction.  It is a variation of the Old GM Threshold Issue, and subsumed by the Motions to Enforce.

15.    After extensive briefing and a two day oral argument, the Court rendered its *Decision on Motion to Enforce Sale Order* on April 15, 2015 ("**April 15 Decision**").  *See In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015).  As directed in the April 15 Decision, the parties to the Motions to Enforce attempted to reach a consensual form of judgment.  New GM asserted that the lawsuits (except for the State Lawsuits) that violated the Sale Order and Injunction should be dismissed with prejudice; the State Lawsuits should be stayed.  New GM also proposed various procedures for plaintiffs to seek relief from the Court if they believed, in good faith, that they had a basis to do so in light of the April 15 Decision (procedures that were adopted in large part by the Court, as discussed in Section H, *infra*). Designated Counsel argued that the lawsuits (except for the State Lawsuits) should be stayed pending appeal, and that the State Lawsuits should be subject to "appropriate motion practice" in the courts where those proceedings were pending (the States did not file their own letter with the Court).

16.    When the parties could not reach agreement on a consensual form of a proposed judgment with respect to the April 15 Decision, letter briefs were submitted by the parties to the Court, along with proposed forms of judgment.  No party sought to include in the proposed

judgment, or discussed in any way, procedures for seeking withdrawal of the reference of any

part of the Motions to Enforce, or the ancillary procedures contemplated by the Judgment.  In

fact, Designated Counsel's form of judgment contained a provision that Non-Ignition Switch

Plaintiffs would be bound by the April 15 Decision and the proposed judgment, subject to filing

a pleading challenging that restriction *in this Court* whereupon *this Court* would rule on the

issue.  The DC Withdrawal Motion flies in the face of what the Designated Counsel actually

proposed to the Court.

17.     On May 27, 2015, the Court entered its *Decision Re Form of Judgment* ("**Form of

Judgment Decision**").  *See In re Motors Liquidation Co.*, Case No. 09-50026, 2015 WL

3398398 (Bankr. S.D.N.Y. May 27, 2015).[11]   The Court determined that all cases should be

stayed pending appeal, subject to certain specifically-identified procedures that all plaintiffs

(including the States and Economic Loss Plaintiffs) had to follow in order to obtain relief from

the stay imposed by the Court.

18.     In addition, the Court, after reviewing the States' Complaints, made the following

findings with respect to the States:

> New GM's form of judgment provides for those actions to be stayed.  Designated
> Counsel object to that, contending that the two State Actions assert claims based
> only on New GM conduct—which, if true, would be permissible under the
> Decision.
>
> But the Court does not believe that to be true. On their face, the State Plaintiffs,
> like many Ignition Switch Plaintiffs, intermix claims involving pre- and post-sale
> conduct. The California complaint includes at least 18 paragraphs alleging events
> that took place prior to the 363 Sale, and the Arizona complaint includes at least
> 60 paragraphs alleging pre-363 Sale conduct. Reliance on allegations of that
> character was expressly prohibited under the Court's decision. And the State
> Actions' prayers for monetary relief (as contrasted to injunctive relief, which is
> forward looking, and much less prone to rest on Old GM conduct), in reliance on
> pre-sale allegations aggravate the problem.

---

[11]     The Form of Judgment Decision was not appealed by any party.

Form of Judgment Decision, 2015 WL 3398398, at *2-*3.

19.     In its letter brief to the Court, New GM set forth its understanding that the States would not amend their Complaints, and that litigation would likely ensue.  In response, the Court stated:

> According to New GM, the State Plaintiffs have indicated that they will not amend their complaints to eliminate reliance on Old GM conduct. The Court does not know that to be true.  But assuming that it is, a decision of that character comes with a price—and that price is a stay of the State Action for as long as appropriate as the federal appellate process takes its course.  Compliance with the Sale Order, or with the Decision and Judgment, is not a matter for the State Plaintiffs, or the state courts, to decide. ***The issues addressed in the Decision were issues properly before the federal courts, and this Court in particular.  On matters properly within its purview, the Court cannot permit a disregard of its orders and judgments, or end-runs on its jurisdiction.***

*Id.* at *3 n.8 (emphasis added).   The Withdrawal Motions are nothing more than such an attempted end-run on this Court's jurisdiction.

20.     Also on May 27, 2015, the Court entered its *Order Re Technical Matters Concerning Judgment* [Dkt. No. 13163], and attached thereto was a form of judgment to be entered.  Parties were permitted to request technical amendments to the form of judgment, but were directed not to make substantive arguments.   No party took issue with the proposed procedures in the form of judgment, and no party sought to include any procedures for seeking to withdraw the reference.

## G.     The Bankruptcy Court's Judgment Regarding the April 15 Decision

21.     On June 1, 2015, the Bankruptcy Court issued the Judgment, memorializing its rulings set forth in the April 15 Decision.  The Judgment specifically addresses the procedures to be followed by the States and Economic Loss Plaintiffs.  Among other things:

(i)     "Except for Independent Claims and Assumed Liabilities, all claims and/or causes of action that the Ignition Switch Plaintiffs may have against New GM concerning an Old GM vehicle or part seeking to impose liability or damages based in whole

or in part on Old GM conduct (including, without limitation, on any successor liability theory of recovery) are barred and enjoined pursuant to the Sale Order, and such lawsuits shall remain stayed pending appeal of the Decision and this Judgment" (Judgment ¶ 9);

(ii)    The Pre-Sale Consolidated Complaint was stayed, but counsel could file a No Stay Pleading with this Court if "it has a good faith basis to maintain that its lawsuit against New GM should not be stayed" (*id.* ¶¶ 10(a) and (c));

(iii)   The Post-Sale Consolidated Complaint was designated a "Hybrid Lawsuit" pursuant to paragraph 11(a) of the Judgment, and was stayed unless counsel amended the Post-Sale Consolidated Complaint so that it asserts "solely claims and allegations permissible under the Decision and this Judgment (as determined by this or any higher court, if necessary)" (*id.* ¶ 11(a)). Counsel could file a No Strike Pleading with this Court if "it has a good faith basis to maintain that its allegations, claims or causes of action against New GM should not be stricken" (*id.* at ¶ 11(c));

(iv)   The State Lawsuits were stayed unless counsel amended them so that they assert "solely claims and allegations permissible under the Decision and this Judgment (as determined by this or any higher court, if necessary)" (*id.* ¶ 12(a)). The States could file a No Strike Pleading with this Court if they have "a good faith basis to maintain that [their] allegations, claims or causes of action against New GM should not be stricken" (*id.* at ¶ 12(c));

(v)    The rulings set forth in the Judgment applied to other plaintiffs, including Non-Ignition Switch Plaintiffs, who could also file certain pleadings with this Court to demonstrated that they should not be stayed (*id.*, ¶ 13).

22.    With respect to all of the pleadings permitted under the Judgment, the movant was ordered not to reargue issues that were already decided by the April 15 Decision, the Judgment, or any other decision or order of the Court. *See, e.g.*, *id.* ¶ 10(c). The States and the Economic Loss Plaintiffs were stayed from further action in their lawsuits except for the pleadings expressly permitted under the Judgment (which included the ability to amend a complaint in accordance with the Judgment).

23.    On June 16, 2015, the States filed No Strike Pleadings with the Court and, on the same day filed the States Withdrawal Motion. On June 24, 2015, Economic Loss Plaintiffs filed

a No Strike/Objection Pleading with the Court and, on the same day, filed the DC Withdrawal Motion.

### H.     The Bankruptcy Court's Certification of the Judgment for Direct Appeal

24.     In its April 15 Decision, the Court expressed its intent to certify the Judgment for direct review by the Second Circuit.  On June 1, 2015, the Court certified a direct appeal of the Judgment to the Second Circuit. *See Order, Pursuant to 28 U.S.C. § 158(d), and Fed. R. Bankr. P. 8006(e), Certifying Judgment for Direct Appeal to Second Circuit* ("**Certification Order**"). After the Judgment and Certification Order were entered by the Court, various parties, including New GM, filed notices or cross notices of appeal with respect to the Judgment.  Designated Counsel has filed a pleading opposing a direct appeal of the Judgment to the Second Circuit, seeking to have the appeal heard by the District Court in the first instance.

## ARGUMENT

### THE WITHDRAWAL MOTIONS VIOLATE THE STAY IMPOSED BY THE JUDGMENT AND THE STATES AND ECONOMIC LOSS PLAINTIFFS SHOULD BE DIRECTED TO WITHDRAWN THEM IMMEDIATELY

25.     The States and Economic Loss Plaintiffs do not have the choice of simply ignoring the stay imposed in the Court's Judgment.  As the Supreme Court expressed when addressing a similar situation:

> If respondents believed the Section 105 Injunction was improper, they should have challenged it in the Bankruptcy Court, like other similarly situated bonded judgment creditors have done . . .  Respondents chose not to pursue this course of action, but instead to collaterally attack the Bankruptcy Court's Section 105 Injunction in the federal courts in Texas. This they cannot be permitted to do without seriously undercutting the orderly process of the law.

*Celotex*, 514 U.S. at 313. Because a stay is a form of an injunction,[12] the holding in *Celotex* applies herein.

26. It is clear that, subject to certain limited exceptions, the Judgment stayed the State Lawsuits, as well as the lawsuits commenced by Lead Counsel that contain allegations, claims and/or causes of action against New GM concerning an Old GM vehicle or part, that is based on Old GM conduct, or that seeks to impose successor liability on New GM. *See* Judgment, ¶¶ 8-13. The only exceptions to the stay of these lawsuits were set forth in specific procedures adopted by the Court and set forth in the Judgment which permitted plaintiffs to seek specific forms of relief from this Court only. Any other actions in the lawsuits violate the stay imposed by the Judgment.

## A. The States Violated the Stay Imposed by the Judgment

27. With respect to the States, they refused to amend their Complaints even though the Court expressly found in the Form of Judgment Decision that such Complaints violated the Sale Order and Injunction. In the words of this Court, the decision not to amend "comes with a price—and that price is a stay of the State Action for as long as appropriate as the federal appellate process takes its course." 2015 WL 3398398, at *3 n.8.

28. By choosing not to amend their Complaints, the States properly had one other course of action—file a No Stay Pleading with this Court.[13] Not only did the States file No Stay Pleadings (which are essentially proscribed re-arguments), they went further and filed the States Withdrawal Motion, seeking—again, in the Court's own words—an "end run" on this Court's

---

[12] *See, e.g., Kijowska v. Haines,* 463 F.3d 583, 589 (7th Cir. 2006) (noting that a stay "is a form of injunction"); *United States v. Orr Water Ditch Co.,* 391 F.3d 1077, 1081 (9th Cir. 2004) ("[T]he stay order was the functional equivalent of a preliminary injunction[.]").

[13] Having already had the full opportunity to make all their arguments before entry of the Judgment, it is not surprising that the States' No Strike Pleadings consist primarily of re-argument, that is proscribed by the Judgment.

jurisdiction (even though they previously consented to this Court's jurisdiction by entering into Stay Stipulations). Their actions were unauthorized and not permitted by the Judgment. Accordingly, the States should be directed to withdraw the States Withdrawal Motion immediately as being in violation of the express terms of the Judgment.

**B.**     **Designated Counsel Violated the Stay Imposed by the Judgment**

29.     The DC Withdrawal Motion suffers from the same basic problem, and is thus subject to the same fate as the States Withdrawal Motion. As noted above, matters relating to the Pre-Sale Consolidated Complaint are stayed; matters relating to the Post-Sale Consolidated Complaint, however, are not stayed if Lead Counsel amended the complaint to strike all allegations, claims or causes of action that violated the Sale Order and Injunction. Instead of amending just the Post-Sale Consolidated Complaint, Lead Counsel chose to file a Second Amended Consolidated Complaint which lumped together the allegations and plaintiffs from both the Pre-Sale and Post-Sale Consolidated Complaints.[14] By doing so, the Second Amended Consolidated Complaint continues to assert claims against New GM based on Old GM vehicles purchased prior to the 363 Sale and based on Old GM conduct. Lead Counsel's attempt to circumvent the stay of the Pre-Sale Consolidated Complaint by incorporating such plaintiffs and allegations into the Second Amended Consolidated Complaint does not comply with, much less avoid, the legal effect of this Court's Judgment. Rather, Lead Counsel's tactic has caused the entire Second Amended Consolidated Complaint to be subject to the stay in the Judgment.

30.     In the *Phaneuf* and *Elliott* proceedings, this Court stayed the entire lawsuit even though it was possible that the complaint lumped claims and allegations that are proscribed by the Sale Order and Injunction, with other claims and allegations that are not. The Economic

---

[14]   *See* DC Memo of Law filed in connection with the DC Withdrawal Motion [Dkt. No. 13251], at 10 ("On June 12, 2015, Lead Counsel filed the SAC, amending and superseding the Pre-Sale and Post-Sale Complaints on behalf of the same group of plaintiffs and a virtually identical list of proposed class representatives.").

Loss Plaintiffs chose to ignore the "law of the case" when it acted to circumvent the stay in the

Judgment relating to the Pre-Sale Consolidated Complaint.

31.     Recognizing that New GM would assert that the Second Amended Consolidated

Complaint continues to violate the Sale Order and Injunction, not to mention the explicit rulings

in the April 15 Decision and Judgment, the Economic Loss Plaintiffs coupled their No Strike

Pleading with the DC Withdrawal Motion, seeking an impermissible "end run" on this Court's

jurisdiction.  This action was not permitted by the Judgment, and the Economic Loss Plaintiffs

should be directed to withdraw the DC Withdrawal Motion immediately.

## **CONCLUSION**

32.     The filing of the Withdrawal Motions disregarded the carefully-crafted procedures

established by the Court in the Judgment, and was a direct violation of the stays imposed by the

Judgment.  Accordingly, the Court should direct the States and Economic Loss Plaintiffs to

withdraw the Withdrawal Motions at once.

WHEREFORE, New GM respectfully requests that this Court enter an order substantially

in the form attached hereto as Exhibit "C," (a) directing the States and Economic Loss Plaintiffs

to withdraw immediately the Withdrawal Motions, and (b) granting New GM such other and

further relief as the Court deems just, proper and equitable.

Dated: New York, New York
     July 10, 2015                 Respectfully submitted,

                                     /s/ Arthur Steinberg     
                                    Arthur Steinberg
                                    Scott Davidson
                                    KING & SPALDING LLP
                                    1185 Avenue of the Americas
                                    New York, New York  10036
                                    Telephone:     (212) 556-2100
                                    Facsimile:     (212) 556-2222

                                    -and-

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*