# EXHIBIT C

Hearing Date and Time: August 12, 2015, at 9:45 a.m. (Eastern Time)
Objection Deadline: August 5, 2015 at 5:00 p.m. (Eastern Time)

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: 206-623-7292
Email: steve@hbsslaw.com

*Co-Lead Counsel in the MDL Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs; and Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas and the State of Arizona*

Mark P. Robinson Jr. (*pro hac vice*)
ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC.
19 Corporate Plaza Drive
Newport Beach, California 92660
Telephone: 949-720-1288
Email: mrobinson@rcrlaw.net

*Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas*

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: 414-956-1000
Email: ecabraser@lchb.com

*Co-Lead Counsel in the MDL Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

Edward S. Weisfelner
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: 212-209-4800
Email: eweisfelner@brownrudnick.com

-and-

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Email: esserman@sbep-law.com

*Designated Counsel in the Bankruptcy Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| ------------------------------------------------------------x | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.*, | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------x | | |

**THE IGNITION SWITCH PLAINTIFFS', CERTAIN NON-IGNITION SWITCH PLAINTIFFS' AND THE STATES' OBJECTION TO MOTION BY GENERAL MOTORS LLC TO ENFORCE THE STAY IMPOSED BY THE JUDGMENT, DATED JUNE 1, 2015, AGAINST THE STATES AND PLAINTIFFS REPRESENTED BY DESIGNATED COUNSEL**

The Ignition Switch Plaintiffs,[1] certain Non-Ignition Switch Plaintiffs,[2] the State of Arizona *ex rel.* Mark Brnovich, the Attorney General, and the People of the State of California, by and through Orange County District Attorney Tony Rackauckas, through their undersigned counsel, submit this objection (the "**Objection**") to the *Motion By General Motors LLC To Enforce The Stay Imposed By The Judgment, Dated June 1, 2015, Against The States And Plaintiffs Represented By Designated Counsel*, dated July 10, 2015 [ECF No. 13289] (the "**Motion to Compel**").[3] In support of this Objection, the Plaintiffs and the States respectfully state as follows:

1 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Decision on Motion to Enforce Sale Order*, In re Motors Liquidation Co., 529 B.R. 510 (Bankr. S.D.N.Y. 2015) (the "**Decision**") or in the *Judgment*, dated June 1, 2015 [ECF No. 13177] (the "**Judgment**"). The term "**Ignition Switch Plaintiffs**" shall mean those plaintiffs who own or lease a vehicle with the Ignition Switch Defect involved in the February and March 2014 Recalls (Recall No. 14-V-047). Thus, the term Ignition Switch Plaintiffs as used in this Memorandum of Law includes only Plaintiffs who own or lease those vehicles, and does not include those Plaintiffs who own or lease other vehicles with defective ignition switches (made by both Old and New GM) that were recalled in June and July of 2014. Except where otherwise indicated, references to "ECF No. _" are to docket entries in the Bankruptcy Court proceedings: In re Motors Liquidation Co., Bankr. Case No. 09-50026 (REF).

2 The term "**Non-Ignition Switch Plaintiffs**" shall mean all plaintiffs that have commenced a lawsuit against New GM asserting economic losses based on or arising from an alleged defect, other than the Ignition Switch in the vehicles subject to Recall No. 14-V-047, or based on or arising from economic losses and diminution in value of their GM-branded vehicles based on the Ignition Switch Defect or other alleged defects in Old and New GM vehicles. The Non-Ignition Switch Plaintiffs together with the Ignition Switch Plaintiffs are defined herein as the "**Plaintiffs**."

3 Plaintiffs and the States seek to withdraw the reference of this contested matter by the Motion to Withdraw the Reference filed contemporaneously herein.

## PRELIMINARY STATEMENT

1. By the Motion to Compel, New GM seeks the exceptional relief of an order voiding Plaintiffs' and the States' Motions to Withdraw the Reference,[4] and blocking their well-founded and inviolate Constitutional right to access an Article III court. The Motion to Compel relies on a false proposition—that the Motions to Withdraw the Reference violate the Bankruptcy Court's June 1, 2015 Judgment. This argument can be quickly dismissed as the Judgment does not include any such prohibition.[5]

2. New GM also fails to provide any statutory basis or case law that curtails the Plaintiffs' and States' right to seek withdrawal of the reference. This is so because, as recently recognized by the Supreme Court in Wellness, bankruptcy courts hear matters solely on a district court's reference, and accordingly, the District Court has the inherent ability to withdraw the reference *sua sponte* and the Plaintiffs and the States have the absolute right to seek withdrawal under 28 U.S.C. § 157(d).[6] Unsurprisingly, the Bankruptcy Court recently noted that the determination of which court will decide the Plaintiffs' and States' "No-Stay Pleadings" is

---

[4] See *Motion to Withdraw the Reference for the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading*, dated June 24, 2015 [ECF No. 13250] and the accompanying *Memorandum of Law in Support of Motion to Withdraw the Reference for the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading*, dated June 24, 2015 [ECF No. 13251] (collectively, the "**Plaintiffs' Motion to Withdraw the Reference**"); *Motion to Withdraw the Reference with Regard to No Strike Pleadings*, dated June 16, 2015 [ECF No. 13213] and the accompanying *Memorandum of Law in Support of Motion to Withdraw the Reference with Regard to No Strike Pleadings*, dated June 16, 2015 [ECF No. 13214] (collectively, the "**States' Motion to Withdraw the Reference**," and, together with the Plaintiffs' Motion to Withdraw the Reference, the "**Motions to Withdraw the Reference**").

[5] Neither Plaintiffs nor the States have consented to proceed exclusively in the Bankruptcy Court, and nothing in Designated Counsel's form of judgment submitted to the Bankruptcy Court prevents the filing of a motion to withdraw the reference. See *Joint Letter*, dated May 12, 2015 [ECF No. 13137].

[6] See Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1945 (2015); 28 U.S.C. § 157(d); Fed. R. Bankr. P. 5011; Local Bankr. R. 5011-1.

dependent on the outcome of the Motions to Withdraw the Reference, without in any way suggesting that the Motions to Withdraw the Reference violated the Judgment.[7]

3. The Motion to Compel is nothing more than an act of procedural gamesmanship, a nuisance pleading. New GM's arguments find no basis in case law, the applicable statutes, or the Judgment. Accordingly, and for the reasons set forth more fully herein, the Plaintiffs and the States respectfully request that the Court deny the Motion to Compel.

## BACKGROUND

4. The bulk of the relevant factual background is set forth in the Omnibus Judgment Pleading and the "No Strike" Pleadings, and for the sake of brevity, not restated herein.[8]

5. On June 16, 2015, the States filed the "No Strike" Pleadings and the States' Motion to Withdraw the Reference.

6. On June 24, 2015, Designated Counsel filed the Omnibus Judgment Pleading and the Plaintiffs' Motion to Withdraw the Reference.

7. On July 10, 2015, New GM filed its Opposition to the "No Strike" Pleadings.[9]

8. On July 23, 2015, New GM filed its Oppositions to the Omnibus Judgment Pleading[10] and the Motions to Withdraw the Reference.[11]

---

[7] See *Decision and Order on Bledsoe Plaintiffs' Reargument and Other Post-Judgment Motions*, dated July 22, 2015 [ECF No. 13313] (the "**Reargument Order**"), at 6 n.16; see also July 16, 2015 Hr'g. Tr., Bankr. Case No. 09-50026 (REG) at 31:13-23; 49:19-51:10; 54:4-15 (noting that procedural relief with respect to the Plaintiffs' Motion to Withdraw the Reference "is properly to be made by Judge Furman" and acknowledging that motion to withdraw the reference "calls on District Judges to make the decisions."). Relevant portions of the hearing transcript are attached hereto as **Exhibit A**.

[8] See *People of the State of California's "No Strike" Pleading*, dated June 16, 2015 [ECF No. 13210] and the *State of Arizona's "No Strike" Pleading*, dated June 16, 2015 [ECF No. 13211] (collectively, the "**'No Strike' Pleadings**"); *The Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading*, dated June 24, 2015 [ECF No. 13247] (the "**Omnibus Judgment Pleading**").

[9] See *Omnibus Response by General Motors LLC to the No Strike Pleadings Filed by the States of Arizona and California*, dated July 10, 2015 [ECF No. 13286].

9. On July 30, 2015, Plaintiffs and the States filed Replies in support of their Motions to Withdraw the Reference.[12] Accordingly, the Motions to Withdraw the Reference have been fully briefed before Judge Furman, with any hearing date to be determined.

10. On July 10, 2015, New GM filed the Motion to Compel with the Bankruptcy Court, see ECF No. 13289, notwithstanding Local Rule 5011-1, which provides that "[a]ll subsequent papers relating to [a] motion [to withdraw the reference] shall be filed with the Clerk of the District Court." Local Bankr. R. 5011-1.

11. Pursuant to the Motion to Compel, New GM seeks, *inter alia*, entry of an order compelling Designated Counsel and the States to withdraw the Motions to Withdraw the Reference. See Motion to Compel ¶ 4.

## OBJECTION

### I. Plaintiffs And The States Had The Absolute Right To File The Motions To Withdraw The Reference And There Are No Grounds For Voiding Them.

12. New GM argues that Plaintiffs and the States are only permitted to file pleadings expressly specified in the Judgment. See Motion to Compel ¶ 26. New GM fails to cite anything in the Judgment, or applicable statutes and rules for this proposition. In New GM's

---

[10] See *Response by General Motors LLC to the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' Objection Pleading with Regard to The Second Amended Consolidated Complaint*, dated July 23, 2015 [ECF No. 13316].

[11] See *Memorandum of Law by General Motors LLC in Opposition to Motion to Withdraw the Reference for the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading*, Case No. 1:15-cv-05056-JMF (S.D.N.Y. July 23, 2015) [ECF No. 7]; *Memorandum of Law by General Motors LLC in Opposition to Motion to Withdraw the Reference with Regard to No Strike Pleadings Filed by the States of California and Arizona*, Case No. 1:15-cv-04685-JMF (S.D.N.Y. July 23, 2015) [ECF No. 5].

[12] See *Reply in Support of Motion to Withdraw the Reference for the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading*, Case No. 1:15-cv-05056-JMF (S.D.N.Y. July 30, 2015) [ECF No. 11]; *Reply in Support of Motion to Withdraw the Reference with Regard to No Strike Pleadings Filed by the States of California and Arizona*, Case No. 1:15-cv-04685-JMF (S.D.N.Y. July 23, 2015) [ECF No. 7].

view, unless specifically identified in the Judgment, an action is *per se* prohibited. See id. ¶¶ 20-21, 26. The Court must reject this restrictive reading of the Judgment.

13. As recognized by the Supreme Court in Wellness, "[j]ust as [t]he 'ultimate decision' whether to invoke [a] magistrate [judge]'s assistance is made by the district court, bankruptcy courts hear matters solely on a district court's reference, which the district court may withdraw *sua sponte* or at the request of a party, [under 28 U.S.C.] § 157(d). [S]eparation of powers concerns are diminished when, as here, the decision to invoke [a non-Article III] forum is left entirely to the parties and the power of the federal judiciary to take jurisdiction remains in place." Wellness Int'l Network, Ltd., 135 S. Ct. at 1945 (internal quotation marks and citations omitted). New GM fails to explain how the Bankruptcy Court's Judgment does, or even could, circumscribe these fundamental rights to withdraw the reference.

14. The Judgment specifically authorized the filing of pleadings demonstrating that lawsuits against New GM should be permitted to proceed. Therefore, moving to withdraw the reference of the Omnibus Judgment Pleading and the "No Strike" Pleadings are permissible actions related to whether the Plaintiffs should be permitted to proceed with the claims in the Second Amended Consolidated Complaint[13] and the States should be permitted to proceed with the State Actions.[14]

15. Plaintiffs and the States have not consented to proceeding exclusively before the Bankruptcy Court for the Omnibus Judgment Pleading and "No Strike" Pleadings. See Motion to Compel ¶ 1; Wellness Int'l Network, Ltd., 135 S. Ct. at 1948 ("[A] litigant's consent—

[13] See *Second Amended Consolidated Complaint*, In re General Motors LLC Ignition Switch Litigation, No. 14-MD-2543 (JMF) (S.D.N.Y. June 12, 2015) [ECF No. 1038], as corrected June 22, 2015 [ECF No. 1061] (the "**SAC**").

[14] See People of California v. General Motors LLC, No. 30-2014-00731038-CU-BT-CXC (Orange County, Cal.); State of Arizona v. General Motors LLC, No. CV2014-014090 (Superior Court, Maricopa County, AZ) (collectively, the "**State Actions**").

whether express or implied—must still be knowing and voluntary.") (citation omitted). Nor would such consent preclude Plaintiffs or the States from asserting their right to withdraw the reference. 28 U.S.C. § 157(d) expressly contemplates the withdrawal of proceedings that have been referred to the Bankruptcy Court by consent of the parties under 28 U.S.C. § 157(c)(2). See 28 U.S.C. § 157(c)-(d). If the District Court grants the Motions to Withdraw the Reference, it will decide the Omnibus Judgment Pleading and the "No Strike" Pleadings pursuant to its original jurisdiction over bankruptcy proceedings. See 28 U.S.C. § 1334.[15] Requesting that the District Court withdraw the reference for a pleading permitted by the Judgment is clearly not an "end-run on the Bankruptcy Court's jurisdiction," as New GM suggests.[16] Accordingly, the Motion to Compel should be denied.

16. Finally, New GM's reliance on Celotex—the sole authority of substance cited in the Motion to Compel—is misplaced. See Motion to Compel ¶¶ 4, 25. There, the Supreme Court held that a party seeking to overturn a Bankruptcy Court injunction must challenge it before the Bankruptcy Court and on appellate review, not by a collateral action in another court. See Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995). Nothing in Celotex prevents the filing of a motion to withdraw the reference for a pleading contemplated by the Judgment that is not stayed. Resolution of the Omnibus Judgment Pleading and "No Strike" Pleadings by the District Court would not result in overturning or modifying the Judgment. It would result in procedural fair play.

---

15 The SAC contains only Independent Claims against New GM as demonstrated by the Omnibus Judgment Pleading. Likewise, the States assert only Independent Claims in the State Actions as demonstrated by the "No Strike" Pleadings. Thus, these actions are not subject to a stay under the Judgment.

16 Nor is the Motion to Withdraw the Reference an attempt at forum shopping following an "adverse ruling" by the Bankruptcy Court. See Motion to Compel ¶ 3. The Bankruptcy Court ruled in favor of the Plaintiffs in finding that Independent Claims of Plaintiffs asserting approximately $10 billion in damages against New GM may proceed. See In re Motors Liquidation Co., 529 B.R. at 598.

17. The entire absence of any relevant authority or any text in the Judgment prohibiting the Motions to Withdraw the Reference only serves to highlight the frivolous nature of the Motion to Compel. New GM's attempt to obstruct Plaintiffs' and the States' fundamental procedural rights must be denied.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Plaintiffs and the States respectfully request that the Bankruptcy Court, or the District Court on withdrawal of the reference, deny the Motion to Compel and grant such other and further relief as is just and proper.

Dated: New York, New York
August 5, 2015

/s/ *Edward S. Weisfelner*

Edward S. Weisfelner
May Orenstein
Howard S. Steel
**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
morenstein@brownrudnick.com
hsteel@brownrudnick.com

-and-

Sander L. Esserman
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION**
2323 Bryan Street, Ste 2200
Dallas, Texas 75201
Tel: 214-969-4900
esserman@sbep-law.com

*Designated Counsel in the Bankruptcy Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

-and-

Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: 206-623-7292
Email: steve@hbsslaw.com

*Co-Lead Counsel in the MDL Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs; and Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas and the State of Arizona*

-and-

Elizabeth J. Cabraser
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
Email: ecabraser@lchb.com

*Co-Lead Counsel in the MDL Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

-and-

Mark P. Robinson Jr. (*pro hac vice*)
**ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC.**
19 Corporate Plaza Drive
Newport Beach, California 92660
Telephone: 949-720-1288
Email: mrobinson@rcrlaw.net

*Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas*

# EXHIBIT A

09-50026-reg Doc 13344-1 Filed 08/05/15 Entered 08/05/15 16:36:03 Exhibit A
Pg 2 of 14

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 09-50026-LAS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In the Matter of:

MOTORS LIQUIDATION COMPANY

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

United States Bankruptcy Court

One Bowling Green

New York, New York 10004-1408

July 16, 2015

9:48 AM

B E F O R E:

HONORABLE ROBERT E. GERBER

U.S. BANKRUPTCY JUDGE

ECRO: K. HARRIS

09-50026-reg Doc 13344-1 Filed 08/05/15 Entered 08/05/15 16:56:03 Exhibit A
Pg 3 of 14

Hearing Re: No Stay Pleading

Hearing Re: Motion to Strike Certain Documents Contained in Appellants' Designation of Items to be Included in the Record on Appeal

Transcribed by: Theresa Pullan

As Your Honor knows, designated counsel on behalf of plaintiffs filed what I'll refer to as an omnibus no strike objection pleading, and also sought relief with respect to the GUC Trust. And with regard to that omnibus pleading, we had sought through a motion to have it, to have the reference withdrawn. We are working with the GUC Trust and the GUC unit holders on a potential resolution of issues that separate the two of us, that being the plaintiffs on the one hand, the GUC trust and unit holders on the other hand. And because we are still working towards that resolution, the GUC Trust and the unit holders have asked for the following form of relief that we have no opposition to.

One is they want, they don't want to have to respond to our motion to withdraw the reference, and have asked us to modify that portion of our motion that would seek to have the GUC Trust pleadings removed. And we are prepared to cede to that request. We are likewise --

THE COURT: Pause please, Mr. Weisfelner. Temporarily or the possibility that you won't have to revisit the issue if the settlement goes through or for a longer period?

MR. WEISFELNER: Your Honor, it would be our intention to have our ability to withdraw the reference on the GUC Trust pleadings spring back into effect if and only if we're unable to reach a settlement between the parties. And

09-50026-reg Doc 13344-1 Filed 08/05/15 Entered 08/05/15 16:56:03 Exhibit A
Pg 5 of 14

otherwise, the settlement that we're working on would resolve the issue once and for all. So I'll let the GUC Trust counsel address it, but again what we're looking for is merely a stipulation that this Court would approve that would extend the time for the GUC Trust holders to respond to our motion to withdraw the reference and on the merits with regard to the GUC Trust. And on the merits with regard to the GUC Trust pleadings, it would be our intention and we'll obviously document all this in a proposed stipulation to present to the Court, but since the deadlines are coming up so quickly, wanted Your Honor to be generally aware of what's developing between us and the GUC Trust.

THE COURT: Mr. Weisfelner, that's a common sense approach variance of which of has been a zillion times in this Court. I have only a technical question which is the one that you may have thought about already which is that on a motion of this character we have a shift over from my jurisdiction to Jesse Furman's (phonetic) and the rules are pretty plain that your first finding is done in this Court, which is I guess why you came to me. But I would have thought that further findings would be before Jesse Furman and in essence I'm tolling the deadline before him. Do we need Jesse Furman's okay on this as well?

MR. WEISFELNER: I think we do and it would be the parties' intention to likewise present to Judge Furman a

09-50026-reg Doc 13344-1 Filed 08/05/15 Entered 08/05/15 16:36:03 Exhibit A Pg 6 of 14

similar stipulation indicating that pending resolution or the filing of an appropriate motion to approve a settlement between the parties should we be able to reach one which I expect we'll be able to do, that the time periods to respond to pleadings either in this Court or before Judge Furman would be affected.

Now the reason for some of the confusion among the parties is we not only have pending motions to withdraw the reference, but only recently have had filed by New GM a motion to compel us to withdraw our motions to withdraw the reference, which have its own responsive and return dates. I think it's August 12th. Your Honor may be asked to consider --

THE COURT: On August 12th in the New GM motion to stop you from going to the District Court?

MR. WEISFELNER: Right. And frankly, Your Honor, I should tell you and this will seem a lot like the old Atari game of ping pong, my client's lead counsel in the MDL are contemplating filing a motion to withdraw the reference on GM's motion to compel us to withdraw our motion, to withdraw the reference. So the ball has yet to stop bouncing, but ought to shortly. All we're looking to accomplish today, Your Honor, is to advise Your Honor that we intend that the GUC Trust not be put to the test of filing a response to our motion to withdraw the reference, and for that matter not be put to the test to respond to our GUC Trust pleadings in a scenario where the parties are in my view very close to resolving their issues,

[*this page is intentionally left blank*]

 whatever omnibus pleading they filed, is the issue about whether the New GM can argue that what they filed in the, on the second amended complaint violated Your Honor's judgment then focus on that aspect of it, then we can file our response and do that as well too.

So Mr. Martorana says we're mixing apples and oranges because he's essentially arguing a bifurcation which he says exists based on the names of the pleadings, and if that's the case then that's fine. And I don't care, I just don't want to be in a position where I have to file a pleading on the 20th which we're prepared to do.

And for Your Honor with regard to the second amended complaint and I don't know whether the GUC Trust aspect is part of the thing that I have to respond to or not, as of this moment I still think I have to, if they are bifurcating it, if they are excluding it for me as well as them I don't have to consider it, either they withdraw it or bifurcate it, then that's okay.

THE COURT: All right. Folks, it seems to me that although I would have been offended if requests had been made of this character to Judge Furman without bringing it to my attention first, ultimately the decision is properly to be made by Judge Furman. To the extent that the GUC Trust and the plaintiffs are asking me to say to Judge Furman that to the extent if any to which I have the right to be heard on this,

I'm authorizing you to say that if it's okay with him it's okay with me. The second and more important issue is how any standstill between the plaintiffs on the one hand and the GUC Trust on the other or any deal that might thereafter be made could adversely affect New GM presents a slightly harder issue or perhaps a materially harder issue. But it is again one in which I think I can and should cede whatever residual jurisdiction I have over that over to Judge Furman, although frankly I think it's solely a Judge Furman issue. He may conclude that he needs to know with greater clarity what the GUC Trust and the plaintiffs propose to agree on matters that might affect New GM or he might conclude what is before him doesn't require him to know that. That's a decision that is appropriately to be decided by him without me stepping on his toes.

Related to that is a first cousin of that which is whether New GM would be impaired in its ability to address these matters by not knowing yet what the deal might be with respect to the plaintiffs on the one hand and the GUC Trust on the other or a variant of that knowing a broad outline what the concept might be, but where the devil might be in the details. Ultimately by reason of the withdraw of the reference structure which requires that motions for withdraw of the reference be filed in the first instance by the Bankruptcy Court when then calls on District Judges to make the decisions. And by reason

09-50026-reg Doc 13344-1 Filed 08/05/15 Entered 08/05/15 16:36:03 Exhibit A Pg 10 of 14

of that provisions in I think it's rule 9055 that says that on motions to withdraw the reference proceedings in the court below which is of course the Bankruptcy Court are not stayed in the absence of the contrary order. And I'm not of a mind at this point if ever to issue a contrary order on matters that are before Jesse Furman as a matter of judicial courtesy, and a comity with a T, tango. I think I should let Jesse Furman deal with that issue as well, what I'll call the fairness issue to New GM, assuming arguendo that I have the ability to tell Jesse Furman what to do in that regard. To the extent I have that power, I decline to exercise it.

So the bottom line is that I'm in substance allowing you all to say that if it's okay with Jesse Furman, it's okay with me. I assume he will consider issues of fairness to New GM in terms of when New GM's response should be done if it can't be consensually addressed, and if he thinks an adjustment should be made that of course is also fine with me. Conversely, if he decides that the existing schedule is sufficient, that is also fine with me.

I gather from what Mr. Weisfelner said that I will have at least initially before me not just New GM's motion to block the plaintiffs from trying to withdraw the reference, but some motion of some type to the plaintiffs to block New GM's attempt to block that. And I gather from the way both you guys are talking that there's no consensual resolution of that

09-50026-reg Doc 13344-1 Filed 08/05/15 Entered 08/05/15 16:36:03 Exhibit A
Pg 11 of 14

standoff in sight. And I'll decide after all the papers are in what I should be doing in that connection. But I'm expressing no view on that now.

What else Mr. Steinberg?

MR. STEINBERG: Your Honor, I --

THE COURT: Come to the main mike if you please.

MR. STEINBERG: I understood your ruling about deferring to Judge Furman with regard to the motions to withdraw the reference. But there are, and I just want to make sure I understood the ruling, there are the no strike pleadings that are before Your Honor, and I thought the request that was being made was something to do with adjourning the GUC Trust response to respond to that. And I wasn't sure how Judge Furman would deal with something that's before Your Honor on the no strike pleading.

THE COURT: Then we have a misunderstanding because I thought I was only talking about the plaintiff's motion to withdraw the reference. If there are no strike motions that are before me that are not the subject of a motion to withdraw the reference, I think under 9055 I've got to deal with them.

MR. STEINBERG: Your Honor, just to clarify, the no strike pleading is before Your Honor. The motion to withdraw the reference with regard to the no strike pleading is before Judge Furman. The request that Mr. Weisfelner was making was to ask you to adjourn to allow the GUC Trust ability to respond

09-50026-reg Doc 13344-1 Filed 08/05/15 Entered 08/05/15 16:56:03 Exhibit A Pg 12 of 14

to the motion to withdraw the reference which is before Judge Furman to be adjourned. I understood you saying that that's a Judge Furman call, but under rule 9055, that is the rule, the no strike pleading because the motion hasn't been withdrawn is before Your Honor. And there's a time for both New GM and the GUC trust to respond to that no strike pleading which is I think July 20th. They were asking you to allow the adjournment of that pleading in a, which is before Your Honor at that point in time because there is no stay caused by the motion to withdraw the reference.

THE COURT: Then I'm confused because what we were talking about is something that required the GUC trust to respond to Judge Furman. Are we talking about a response that GUC trust also has to make before me?

MR. STEINBERG: Without, I will say yes, but I will ask him to confirm that, I think it is, yes. There are two different deadlines, the motion to withdraw the reference deadline, the extension is now through July 23rd, that's a Judge Furman District Court issue, and then in the Bankruptcy Court, the no strike pleading, the deadline is July 20th, and that's a bankruptcy --

UNIDENTIFIED: [indiscernible]

MR. STEINBERG: 20th, and that's a Bankruptcy Court issue. So I think I understood, I understood deferring to Judge Furman on something that is before him but I don't, I

09-50026-reg Doc 13344-1 Filed 08/05/15 Entered 08/05/15 16:36:03 Exhibit A Pg 13 of 14

wasn’t sure whether you were actually saying that he should decide the pleading of the time limit to, that is before you at this point in time.

THE COURT: I didn't understand myself to be saying that because I was not then sensitive to the fact there were two separate deadlines imposed upon the GUC Trust. I think I need a little more discussion on this, but I want you to talk about the tentative which would be to toll the GUC Trust time for both until Jesse Furman has decided what he wants to do on the motion to withdraw the reference without prejudice to my ability to decide what I need to do on mine after he’s had a chance to think about it in terms of what goes on in his court. I don’t want to step on his toes by issuing a substantive ruling on something that is primarily before him in the first instance.

MR. STEINBERG: Right. And I think what I was saying in my prior presentation to Your Honor which is that if what’s before you now with regard to the GUC Trust is withdrawn then I have no issue with that. If they want to give them an adjournment then I think they really have to bifurcate the issue because I don’t want to be responding to that GUC Trust issue while they’re not responding to that issue, and Your Honor won’t have a complete record when this thing is argued.

THE COURT: My tentative, and I’m going to give both Mr. Weisfelner and Mr. Martorana a chance to comment on this

09-50026-reg Doc 13344-1 Filed 08/05/15 Entered 08/05/15 16:36:03 Exhibit A
Pg 14 of 14

CERTIFICATION

I, Theresa Pullan, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

Theresa Pullan

Digitally signed by Theresa Pullan
DN: cn=Theresa Pullan, o, ou, email=digital1@veritext.com, c=US
Date: 2015.07.17 14:19:29 -04'00'

AAERT Certified Electronic Transcriber CET**00650

Theresa Pullan

Veritext Legal Solutions
330 Old Country Road
Suite 300
Mineola, NY  11501