Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: 206-623-7292
Email: steve@hbsslaw.com

*Co-Lead Counsel in the MDL Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs; and Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas and the State of Arizona*

Mark P. Robinson Jr. (*pro hac vice*)
ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC.
19 Corporate Plaza Drive
Newport Beach, California 92660
Telephone: 949-720-1288
Email: mrobinson@rcrlaw.net

*Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas*

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: 414-956-1000
Email: ecabraser@lchb.com

*Co-Lead Counsel in the MDL Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

Edward S. Weisfelner
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: 212-209-4800
Email: eweisfelner@brownrudnick.com

-and-

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Email: esserman@sbep-law.com

*Designated Counsel in the Bankruptcy Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.*, | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE OF (I) MOTION BY GENERAL MOTORS LLC TO ENFORCE THE STAY IMPOSED BY THE JUDGMENT, DATED JUNE 1, 2015 AGAINST THE STATES AND PLAINTIFFS REPRESENTED BY DESIGNATED COUNSEL, AND (II) THE IGNITION SWITCH PLAINTIFFS', CERTAIN NON-IGNITION SWITCH PLAINTIFFS' AND THE STATES' OBJECTION TO MOTION BY GENERAL MOTORS LLC TO ENFORCE THE STAY IMPOSED BY THE JUDGMENT, DATED JUNE 1, 2015, AGAINST THE STATES AND PLAINTIFFS REPRESENTED BY DESIGNATED COUNSEL**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND .............................................................................................................................3

STATEMENT OF JURISDICTION.................................................................................................4

ARGUMENT ...................................................................................................................................5

I.    Legal Standard For Withdrawal Of The Reference.............................................................5

II.   The District Court Should Exercise Its Discretion To Withdraw The Reference
      For The Motion To Compel And The Objection. ...............................................................6

      A.    Withdrawal Of The Reference For The Motion To Compel And The
            Objection Promotes The Efficient Use Of Judicial Resources And
            Minimizes Cost And Delay. .....................................................................................6

      B.    Resolution Of The Motion To Compel And The Objection Can Have No
            Possible Effect On The Administration Of Old GM's Bankruptcy Estate. ............7

      C.    Withdrawal Of The Reference Will Not Interfere With The Uniform
            Administration Of Bankruptcy Law. .......................................................................9

      D.    The Plaintiffs And The States Are Not Forum Shopping. ....................................10

CONCLUSION..............................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP,
    462 B.R. 457 (S.D.N.Y. 2011) ................................................................................................10

Grant Thornton Int'l v. Parmalat Finanziaria S.p.A. (In re Parmalat
    Finanziaria S.p.A.),
    320 B.R. 46 (S.D.N.Y. 2005) ....................................................................................................6

In re Motors Liquidation Co.,
    529 B.R. 510 (Bankr. S.D.N.Y. 2015) ............................................................................... 1, 10

Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),
    4 F.3d 1095 (2d Cir. 1993) .............................................................................................. 6, 7, 9

Pan Am. Corp. v. Delta Air Lines, Inc. (In re Pan Am. Corp.),
    163 B.R. 41 (S.D.N.Y. 1993) ..................................................................................................10

ResCap Liquidating Trust v. PHH Mortg. Corp.,
    518 B.R. 259 (S.D.N.Y. 2014) ........................................................................................ 6, 7, 9

Residential Funding Co., LLC v. Greenpoint Mortg. Funding, Inc. (In re
    Residential Cap. LLC),
    519 B.R. 593 (S.D.N.Y. 2014) ..................................................................................................9

Secs. Inv. Protection Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff),
    454 B.R. 307 (S.D.N.Y. 2011) ..................................................................................................5

Universal Oil Ltd. v. Allfirst Bank (In re Millenium Seacarriers, Inc.),
    419 F.3d 83 (2d Cir. 2005) .......................................................................................................8

Wedtech Corp. v. London (In re Wedtech Corp.),
    81 B.R. 237 (S.D.N.Y. 1987) ....................................................................................................6

Wellness Int'l Network, Ltd. v. Sharif,
    135 S. Ct. 1932 (2015) ................................................................................................ 3, 7, 8, 9

**Statutes**

28 U.S.C. § 157 ..................................................................................................... 3, 4, 5, 7, 8, 10

28 U.S.C. § 1334 .............................................................................................................................4

**Other Authorities**

Fed. R. Bankr. P. 5011 ...................................................................................................................8

Fed. R. Bankr. P. 9033 ...................................................................................................................7

Local Bankr. R. 5011-1 .............................................................................................................3, 8

09-50026-mg    Doc 13346    Filed 08/05/15    Entered 08/05/15 17:27:23    Main Document
Pg 4 of 17

The Ignition Switch Plaintiffs,[1] certain Non-Ignition Switch Plaintiffs,[2] the State of Arizona *ex rel.* Mark Brnovich, the Attorney General, and the People of the State of California, by and through Orange County District Attorney Tony Rackauckas, through the undersigned counsel, respectfully submit this *Memorandum of Law* in support of the *Motion to Withdraw the Reference for the (I) Motion By General Motors LLC To Enforce The Stay Imposed By The Judgment, Dated June 1, 2015, Against The States And Plaintiffs Represented By Designated Counsel and (II) The Ignition Switch Plaintiffs', Certain Non-Ignition Switch Plaintiffs' and the States' Objection to Motion to Withdraw the Reference of Motion By General Motors LLC To Enforce The Stay Imposed By The Judgment, Dated June 1, 2015, Against The States And Plaintiffs Represented By Designated Counsel* (the "Motion"). In support of the Motion, the Plaintiffs and the States respectfully state as follows:

## PRELIMINARY STATEMENT

For the reasons set forth in the Objection,[3] New GM's Motion to Compel,[4] which seeks an order voiding the Plaintiffs' and the States' Motions to Withdraw the Reference,[5] and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Decision on Motion to Enforce Sale Order*, In re Motors Liquidation Co., 529 B.R. 510 (Bankr. S.D.N.Y. 2015) (the "Decision") or in the *Judgment*, dated June 1, 2015 [ECF No. 13177] (the "Judgment"). The term "Ignition Switch Plaintiffs" shall mean those plaintiffs who own or lease a vehicle with the Ignition Switch Defect involved in the February and March 2014 Recalls (Recall No. 14-V-047). Thus, the term Ignition Switch Plaintiffs as used in this Memorandum of Law includes only Plaintiffs who own or lease those vehicles, and does not include those Plaintiffs who own or lease other vehicles with defective ignition switches (made by both Old and New GM) that were recalled in June and July of 2014. Except where otherwise indicated, references to "ECF No. _" are to docket entries in the Bankruptcy Court proceedings: In re Motors Liquidation Co., Bankr. Case No. 09-50026 (REF).

[2] The term "Non-Ignition Switch Plaintiffs" shall mean all plaintiffs that have commenced a lawsuit against New GM asserting economic losses based on or arising from an alleged defect, other than the Ignition Switch in the vehicles subject to Recall No. 14-V-047, or based on or arising from economic losses and diminution in value of their GM-branded vehicles based on the Ignition Switch Defect or other alleged defects in Old and New GM vehicles. The Non-Ignition Switch Plaintiffs together with the Ignition Switch Plaintiffs are defined herein as the "Plaintiffs."

[3] See *The Ignition Switch Plaintiffs', Certain Non-Ignition Switch Plaintiffs' and the States' Objection to Motion to Withdraw the Reference of (I) Motion By General Motors LLC To Enforce The Stay Imposed By The Judgment, Dated June 1, 2015, Against The States And Plaintiffs Represented By Designated Counsel*, dated August 5, 2015, filed contemporaneously herewith (the "Objection").

1

blocking their fundamental right to access an Article III Court, amounts to nothing more than a nuisance pleading lacking in merit. While Plaintiffs and the States believe the Bankruptcy Court would deny the Motion to Compel, case efficiency is better served by withdrawal of the reference of this contested matter so the District Court may decide the Motion to Compel in tandem with the Motions to Withdraw the Reference, fully briefed and pending before it.

As set forth below, withdrawal of the reference is appropriate here under each of the Orion Pictures factors and withdrawal of the reference promotes judicial economy by procedurally consolidating all proceedings with respect to the Omnibus Judgment Pleading and "No Strike" Pleadings in front of the District Court.[6] The non-core nature of this dispute further supports withdrawal. By the Motion to Compel, New GM seeks an order blocking Plaintiffs' and the States' access to an Article III Court under a motion to withdraw the reference—a customary procedural vehicle for such access. As recently recognized by the Supreme Court in Wellness, bankruptcy courts hear matters solely on a district court's reference, and accordingly,

---

[4] See *Motion By General Motors LLC To Enforce The Stay Imposed By The Judgment, Dated June 1, 2015, Against The States And Plaintiffs Represented By Designated Counsel*, dated July 10, 2015 [ECF No. 13289] (the "Motion to Compel").

[5] See *Motion to Withdraw the Reference for the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading*, dated June 24, 2015 [ECF No. 13250] and the accompanying *Memorandum of Law in Support of Motion to Withdraw the Reference for the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading*, dated June 24, 2015 [ECF No. 13251] (collectively, the "Plaintiffs' Motion to Withdraw the Reference"); *Motion to Withdraw the Reference with Regard to No Strike Pleadings*, dated June 16, 2015 [ECF No. 13213] and the accompanying *Memorandum of Law in Support of Motion to Withdraw the Reference with Regard to No Strike Pleadings*, dated June 16, 2015 [ECF No. 13214] (collectively, the "States' Motion to Withdraw the Reference," and, together with the Plaintiffs' Motion to Withdraw the Reference, the "Motions to Withdraw the Reference").

[6] See *People of the State of California's "No Strike" Pleading*, dated June 16, 2015 [ECF No. 13210]; *State of Arizona's "No Strike" Pleading*, dated June 16, 2015 [ECF No. 13211] (collectively, the "'No Strike' Pleadings"); *The Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading*, dated June 24, 2015 [ECF No. 13247] (the "Omnibus Judgment Pleading").

the District Court has the inherent ability to withdraw the reference *sua sponte* and the Plaintiffs and the States have the absolute right to seek withdrawal under 28 U.S.C. § 157(d).[7] The issue here—whether Plaintiffs and the States can access the District Court under the Motions to Withdraw the Reference—can have no possible impact on the administration of the bankruptcy estate of Old GM and thus cannot be "core." Moreover, withdrawing the reference will not promote forum shopping or prevent the uniform administration of bankruptcy law because Plaintiffs and the States are seeking the most efficient forum for the resolution of a dispute unique to this case that does not raise any complex issues of bankruptcy law.

Accordingly, the Plaintiffs and the States respectfully request that the District Court withdraw the reference to the Bankruptcy Court of the Motion to Compel and Objection.

## BACKGROUND

The bulk of the factual background underlying the Motion is set forth in the Omnibus Judgment Pleading and "No Strike" Pleadings, and for the sake of brevity, not restated herein.

On June 16, 2015, the States filed the "No Strike" Pleadings and the States' Motion to Withdraw the Reference.

On June 24, 2015, the Plaintiffs filed the Omnibus Judgment Pleading and the Plaintiffs' Motion to Withdraw the Reference.

On July 10, 2015, New GM filed its Opposition to the "No Strike" Pleadings.[8]

On July 23, 2015, New GM filed its Oppositions to the Omnibus Judgment Pleading[9] and the Motions to Withdraw the Reference.[10]

---

[7] See Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1945 (2015); 28 U.S.C. § 157(d); Fed. R. Bankr. P. 5011; Local Bankr. R. 5011-1.

[8] See *Omnibus Response by General Motors LLC to the No Strike Pleadings Filed by the States of Arizona and California*, dated July 10, 2015 [ECF No. 13286].

3

On July 30, 2015, the Plaintiffs and the States filed their Replies in support of the Motion to Withdraw the Reference.[11] The Motions to Withdraw the Reference are fully briefed in front of the District Court with any hearing date to be determined.

On July 10, 2015, New GM filed the Motion to Compel with the Bankruptcy Court, asserting that the Motions to Withdraw the Reference are prohibited by the Judgment because any actions taken outside of the express procedures set forth in the Judgment are allegedly stayed or void. See Motion to Compel ¶ 26.

## STATEMENT OF JURISDICTION

28 U.S.C. § 1334(b) vests in the district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334.

Under 28 U.S.C. § 157(a), a district court may refer actions within its bankruptcy jurisdiction to the bankruptcy courts within its district. See 28 U.S.C. § 157(a). Under the *Amended Standing Order of Reference* signed by Acting Chief Judge Loretta A. Preska, dated

---

[9] See *Response by General Motors LLC to the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' Objection Pleading with Regard to The Second Amended Consolidated Complaint*, dated July 23, 2015 [ECF No. 13316].

[10] See *Memorandum of Law by General Motors LLC in Opposition to Motion to Withdraw the Reference for the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading*, Case No. 1:15-cv-05056-JMF (S.D.N.Y. July 23, 2015) [ECF No. 7] (the "Opposition to the Plaintiffs' Motion to Withdraw the Reference"); *Memorandum of Law by General Motors LLC in Opposition to Motion to Withdraw the Reference with Regard to No Strike Pleadings Filed by the States of California and Arizona*, Case No. 1:15-cv-04685-JMF (S.D.N.Y. July 23, 2015) [ECF No. 5] (the "Opposition to the States' Motions to Withdraw the Reference").

[11] See *Reply in Support of Motion to Withdraw the Reference for the Ignition Switch Plaintiffs' No Strike Pleading with Regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with Regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading*, Case No. 1:15-cv-05056-JMF (S.D.N.Y. July 30, 2015) [ECF No. 11]; *Reply in Support of Motion to Withdraw the Reference with Regard to No Strike Pleadings Filed by the States of California and Arizona*, Case No. 1:15-cv-04685-JMF (S.D.N.Y. July 23, 2015) [ECF No. 7].

January 31, 2012, actions within the District Court's bankruptcy jurisdiction are automatically referred to the Bankruptcy Court for the Southern District of New York.

28 U.S.C. § 157(d) permits a district court to withdraw cases or proceedings from the bankruptcy court "for cause shown," and mandates withdrawal of the reference when "resolution of the proceeding requires consideration of both [the Bankruptcy Code] and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d).

## ARGUMENT

### I. Legal Standard For Withdrawal Of The Reference.

The District Court has broad authority to withdraw the automatic reference to the Bankruptcy Court of any proceeding "in whole or in part . . . on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).[12]

Timeliness is a fact-specific inquiry that has been interpreted to mean "as soon as possible after the moving party has notice of the grounds for withdrawing the reference." See Secs. Inv. Protection Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff), 454 B.R. 307, 316-17 (S.D.N.Y. 2011). The Plaintiffs and the States have timely moved to withdraw the reference by filing the Motion within the deadline for responding to the Motion to Compel.

Whether "cause" exists is determined by weighing various factors, known as the Orion Pictures factors, including: (1) whether the bankruptcy court has final power to adjudicate the matter, including the core or non-core nature of the claim; (2) what will promote the efficient use of judicial resources; (3) what will prevent delay and costs to the parties; (4) whether withdrawal

---

[12] 28 U.S.C. § 157(d) requires withdrawal of the reference when "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." The Plaintiffs and the States do not assert that withdrawal of the reference for the Motion to Compel and Objection is mandatory under 28 U.S.C. § 157(d).

5

of the reference will interfere with the uniformity of bankruptcy administration; (5) what will prevent forum shopping; and (6) other related factors. See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1101 (2d Cir. 1993); ResCap Liquidating Trust v. PHH Mortg. Corp., 518 B.R. 259, 263, 266 (S.D.N.Y. 2014).

These factors all favor withdrawal of the Motion to Compel and the Objection, as set forth below.

## II. The District Court Should Exercise Its Discretion To Withdraw The Reference For The Motion To Compel And The Objection.

### A. Withdrawal Of The Reference For The Motion To Compel And The Objection Promotes The Efficient Use Of Judicial Resources And Minimizes Cost And Delay.

Good cause to withdraw the reference exists when it leads to the efficient use of judicial resources. See Grant Thornton Int'l v. Parmalat Finanziaria S.p.A. (In re Parmalat Finanziaria S.p.A.), 320 B.R. 46, 50 (S.D.N.Y. 2005) (holding that the "higher interest . . . of judicial efficiency" justified withdrawal of core proceeding under predecessor statute to Chapter 15). Issues of efficiency strongly favor withdrawal where, as here, the proceeding to be withdrawn shares common issues of fact or law with actions pending in the District Court. See Wedtech Corp. v. London (In re Wedtech Corp.), 81 B.R. 237, 239 (S.D.N.Y. 1987) (finding "good cause" to withdraw in the interests of fairness and judicial economy based on the "overlapping of facts, transactions, and issues" with on-going District Court actions).

The Motions to Withdraw the Reference have been fully briefed and are before the District Court. In its Oppositions to the Motions to Withdraw the Reference, New GM reasserts its argument in the Motion to Compel regarding the impropriety of the Motions to Withdraw the

6

Reference based on an alleged stay violation.[13] It is more efficient for the District Court to decide the Motions to Withdraw the Reference and the Motion to Compel as each raise the same issue in opposition by New GM. Further, withdrawal of the reference of the Motion to Compel and Objection promotes efficiencies given the strong likelihood of an appeal of any ruling by the Bankruptcy Court on the Motion to Compel. See ResCap Liquidating Trust, 518 B.R. at 265-66 (finding that withdrawal of the reference was warranted to, *inter alia*, prevent duplicative work).

Accordingly, this Orion Pictures factor favors withdrawal of the Motion to Compel and Objection.

### B. Resolution Of The Motion To Compel And The Objection Can Have No Possible Effect On The Administration Of Old GM's Bankruptcy Estate.

Under Orion Pictures, whether a claim is "core" or "non-core" under title 28 and thus whether the bankruptcy court has final power to adjudicate the matter is often determinative of permissive withdrawal since it is generally most efficient to proceed before the district court in the first instance if the bankruptcy court cannot issue a final determination.[14] See Orion Pictures, 4 F.3d at 1101 (noting that when a proceeding is non-core, "unnecessary costs could be avoided by a single proceeding" before the District Court).

The Motion to Compel seeks to prevent Plaintiffs and the States (without their consent) from accessing an Article III Court. New GM fails to provide any statutory basis for, or case law in support of, such an extraordinary restriction of Plaintiffs' and the States' fundamental right to

---

[13] See Opposition to the Plaintiffs' Motion to Withdraw the Reference at 12-13; Opposition to the States' Motion to Withdraw the Reference at 13.

[14] Bankruptcy judges may enter final judgment on non-core issues only where all parties have consented to final determination. See 28 U.S.C. § 157(c)(2); see also Wellness Int'l Network, 135 S. Ct. at 1944-49 (finding that bankruptcy courts have authority to finally adjudicate claims for which litigants are constitutionally entitled to an Article III adjudication upon "knowing and voluntary" consent). Absent consent, bankruptcy judges are limited to issuing proposed findings of fact and conclusions of law to the District Court, and any final order or judgment must be entered by the District Court. See 28 U.S.C. § 157(c)(1). Upon timely and specific objection of any party, the District Court shall review proposed findings of fact and conclusions of law *de novo*. See id.; see also Fed. R. Bankr. P. 9033.

7

09-50026-mg    Doc 13346    Filed 08/05/15    Entered 08/05/15 17:27:23    Main Document
                                    Pg 12 of 17

seek to withdraw the reference. This absence of authority is unsurprising because, as recently recognized by the Supreme Court in Wellness, bankruptcy courts hear matters solely on a district court's reference, and the District Court has the inherent ability to withdraw the reference *sua sponte* and the Plaintiffs and the States have the absolute right to seek withdrawal under 28 U.S.C. § 157(d).[15] Determining whether the Plaintiffs' and the States' access to the District Court through a customary procedural device could be curtailed under the Motion to Compel does not require the interpretation of the Sale Order, rely on bankruptcy law or invoke rights under the Bankruptcy Code. The resolution of this dispute will not restructure debtor/creditor rights or have any impact on the Old GM bankruptcy. The Motion to Compel is, accordingly, not "unique" to bankruptcy and is a non-core matter under 28 U.S.C. § 157(c)(1). Cf. Universal Oil Ltd. v. Allfirst Bank (In re Millenium Seacarriers, Inc.), 419 F.3d 83, 97 (2d Cir. 2005). Indeed, none of the statutorily identified "core" proceedings under 28 U.S.C. § 157(b)(2) are present here. See 28 U.S.C. § 157(b)(2).[16]

---

[15] See Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1945 (2015) ("Just as [t]he 'ultimate decision' whether to invoke [a] magistrate [judge]'s assistance is made by the district court, bankruptcy courts hear matters solely on a district court's reference, which the district court may withdraw *sua sponte* or at the request of a party, [under 28 U.S.C.] § 157(d). [S]eparation of powers concerns are diminished when, as here, the decision to invoke [a non-Article III] forum is left entirely to the parties and the power of the federal judiciary to take jurisdiction remains in place.") (internal quotation marks and citations omitted); 28 U.S.C. § 157(d); Fed. R. Bankr. P. 5011; Local Bankr. R. 5011-1.

[16] "Core proceedings include, but are not limited to – (A) matters concerning the administration of the estate; (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purpose of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11; (C) counterclaims by the estate against persons filing claims against the estate; (D) orders in respect to obtaining credit; (E) orders to turn over property of the estate; (F) proceedings to determine, avoid, or recover preferences; (G) motions to terminate, annul, or modify the automatic stay; (H) proceedings to determine, avoid, or recover fraudulent conveyances; (I) determinations as to the dischargeability of particular debts; (J) objections to discharges; (K) determinations of the validity, extent, or priority of liens; (L) confirmations of plans; (M) orders approving the use or lease of property, including the use of cash collateral; (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and (P) recognition of foreign proceedings and other matters under chapter 15 of title 11." 28 U.S.C. § 157(b)(2).

seek to withdraw the reference. This absence of authority is unsurprising because, as recently recognized by the Supreme Court in Wellness, bankruptcy courts hear matters solely on a district court's reference, and the District Court has the inherent ability to withdraw the reference *sua sponte* and the Plaintiffs and the States have the absolute right to seek withdrawal under 28 U.S.C. § 157(d).[15] Determining whether the Plaintiffs' and the States' access to the District Court through a customary procedural device could be curtailed under the Motion to Compel does not require the interpretation of the Sale Order, rely on bankruptcy law or invoke rights under the Bankruptcy Code. The resolution of this dispute will not restructure debtor/creditor rights or have any impact on the Old GM bankruptcy. The Motion to Compel is, accordingly, not "unique" to bankruptcy and is a non-core matter under 28 U.S.C. § 157(c)(1). Cf. Universal Oil Ltd. v. Allfirst Bank (In re Millenium Seacarriers, Inc.), 419 F.3d 83, 97 (2d Cir. 2005). Indeed, none of the statutorily identified "core" proceedings under 28 U.S.C. § 157(b)(2) are present here. See 28 U.S.C. § 157(b)(2).[16]

---

[15] See Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1945 (2015) ("Just as [t]he 'ultimate decision' whether to invoke [a] magistrate [judge]'s assistance is made by the district court, bankruptcy courts hear matters solely on a district court's reference, which the district court may withdraw *sua sponte* or at the request of a party, [under 28 U.S.C.] § 157(d). [S]eparation of powers concerns are diminished when, as here, the decision to invoke [a non-Article III] forum is left entirely to the parties and the power of the federal judiciary to take jurisdiction remains in place.") (internal quotation marks and citations omitted); 28 U.S.C. § 157(d); Fed. R. Bankr. P. 5011; Local Bankr. R. 5011-1.

[16] "Core proceedings include, but are not limited to – (A) matters concerning the administration of the estate; (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purpose of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11; (C) counterclaims by the estate against persons filing claims against the estate; (D) orders in respect to obtaining credit; (E) orders to turn over property of the estate; (F) proceedings to determine, avoid, or recover preferences; (G) motions to terminate, annul, or modify the automatic stay; (H) proceedings to determine, avoid, or recover fraudulent conveyances; (I) determinations as to the dischargeability of particular debts; (J) objections to discharges; (K) determinations of the validity, extent, or priority of liens; (L) confirmations of plans; (M) orders approving the use or lease of property, including the use of cash collateral; (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and (P) recognition of foreign proceedings and other matters under chapter 15 of title 11." 28 U.S.C. § 157(b)(2).

New GM's strained efforts to read into the Judgment a non-existent prohibition on motions to withdraw the reference do not invoke a core bankruptcy function or otherwise transform this dispute into a core matter. See Residential Funding Co., LLC v. Greenpoint Mortg. Funding, Inc. (In re Residential Cap. LLC), 519 B.R. 593, 601 (S.D.N.Y. 2014) (noting that the bankruptcy court's retention of jurisdiction to interpret and enforce its own orders is irrelevant to the core/non-core determination).

Finally, the Plaintiffs and the States have not and will not consent to the Bankruptcy Court's final adjudication of this non-core dispute. See Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1948 (2015) ("litigant's consent–whether express or implied–must still be knowing and voluntary" and is determined by inquiring into "whether 'the litigant or counsel were made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case' before the non-Article III adjudicator") (citation omitted).

Accordingly, this Orion Pictures factor favors withdrawal of the reference.

### C. Withdrawal Of The Reference Will Not Interfere With The Uniform Administration Of Bankruptcy Law.

In determining whether withdrawal of the reference is appropriate, courts consider whether withdrawal will undermine the uniform administration of bankruptcy law. See Orion Pictures, 4 F.3d at 1101. This factor is not implicated here because the Motion to Compel and Objection raise no complex issues of bankruptcy law. See ResCap Liquidating Trust, 518 B.R. at 266-67 (withdrawing the reference because, *inter alia*, the claims did not involve "complicated questions of bankruptcy law"). The Motion to Compel alleges that the Motions to Withdraw the Reference must be void. The inquiry requires consideration of the District Court's right to withdraw the reference, the Plaintiffs' and the States' right to seek withdrawal of the reference

9

under 28 U.S.C. § 157(d) and a common sense reading of the Judgment—issues that do not raise complex or novel issues of bankruptcy law.

While some courts consider the impact on the uniform administration of a particular bankruptcy proceeding under this factor, such concerns are irrelevant here because resolution of the Plaintiffs' and the States' right to seek withdrawal of the reference has no impact on the available assets of the bankruptcy estate. See Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP, 462 B.R. 457, 473 (S.D.N.Y. 2011) (resolution of claims that will not deplete the bankruptcy estate, "ha[s] no impact that would require uniform, coordinated adjudication before the Bankruptcy Court").

Accordingly, withdrawal of the reference for the Motion to Compel and Objection is appropriate under this Orion Pictures factor.

### D. The Plaintiffs And The States Are Not Forum Shopping.

Finally, in determining whether withdrawal of the reference is appropriate, courts seek to prevent forum shopping by considering whether withdrawal of the reference is sought for legitimate reasons, such as promoting efficiency. See Pan Am. Corp. v. Delta Air Lines, Inc. (In re Pan Am. Corp.), 163 B.R. 41, 44 (S.D.N.Y. 1993) (finding no forum shopping when party sought withdrawal of the reference to "promot[e] judicial economy and lessen duplicative efforts on the part of the parties"). There are no forum shopping concerns here as the Plaintiffs and the States are seeking to streamline these proceedings and prevent duplicative work.

The notion that Plaintiffs are seeking a "more favorable" forum following a perceived "loss" is outlandish in light of the Bankruptcy Court's ruling in Plaintiffs' favor that Independent Claims asserting approximately $10 billion in damages against New GM may go forward. See In re Motors Liquidation Co., 529 B.R. at 598. Moreover, any argument that the Plaintiffs or States are seeking a more favorable venue for resolution of this dispute is eclipsed by the

10

Bankruptcy Court's recent comments suggesting agreement with Plaintiffs' and the States' view that the Judgment does not interfere with the inviolate right to seek withdrawal of the reference.[17]

Accordingly, this <u>Orion Pictures</u> factor favors withdrawal.

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, the Plaintiffs and the States respectfully request that the District Court enter an Order withdrawing the reference for the Motion to Compel and Objection and granting such other and further relief and is just and proper.

---

[17] The Bankruptcy Court recently noted that the determination of which court will decide the Plaintiffs' and the States' "No-Stay Pleading" is dependent on the outcome of the Motion to Withdraw the Reference, without suggestion that the Motion violated the Judgment. <u>See</u> *Decision and Order on Bledsoe Plaintiffs' Reargument and Other Post-Judgment Motions*, dated July 22, 2015 [ECF No. 13313] at 6 n.16; <u>see also</u> July 16, 2015 Hr'g. Tr., Bankr. Case No. 09-50026 (REG) at 31:13-23; 49:19-51:10; 54:4-15 (noting that procedural relief with respect to the Plaintiffs' Motion to Withdraw the Reference "is properly to be made by Judge Furman" and acknowledging that a motion to withdraw the reference "calls on District Judges to make the decisions."). Relevant portions of the hearing transcript are attached hereto as **Exhibit A**.

11

Dated:  New York, New York
August 5, 2015

/s/ *Edward S. Weisfelner*

Edward S. Weisfelner
May Orenstein
Howard S. Steel
**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
morenstein@brownrudnick.com
hsteel@brownrudnick.com

-and-

Sander L. Esserman
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION**
2323 Bryan Street, Ste 2200
Dallas, Texas 75201
Tel: 214-969-4900
esserman@sbep-law.com

*Designated Counsel in the Bankruptcy Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

-and-

Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: 206-623-7292
Email: steve@hbsslaw.com

*Co-Lead Counsel in the MDL Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs; and Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas and the State of Arizona*

12

-and-

Elizabeth J. Cabraser
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
Email: ecabraser@lchb.com

*Co-Lead Counsel in the MDL Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

-and-

Mark P. Robinson Jr. (*pro hac vice*)
**ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC.**
19 Corporate Plaza Drive
Newport Beach, California 92660
Telephone: 949-720-1288
Email: mrobinson@rcrlaw.net

*Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas*

13