# EXHIBIT A

Page 1

1  UNITED STATES BANKRUPTCY COURT

2  SOUTHERN DISTRICT OF NEW YORK

3  Case No. 09-50026-LAS

4  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

5  In the Matter of:

6  MOTORS LIQUIDATION COMPANY

7              Debtor.

8  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

9                         United States Bankruptcy Court

10                        One Bowling Green

11                        New York, New York  10004-1408

12

13                        July 16, 2015

14                        9:48 AM

15

16

17

18

19

20

21

22  B E F O R E:

23  HONORABLE ROBERT E. GERBER

24  U.S. BANKRUPTCY JUDGE

25  ECRO:  K. HARRIS

```
                                                              Page 2
 1    Hearing Re:  No Stay Pleading

 2

 3    Hearing Re:  Motion to Strike Certain Documents Contained in

 4    Appellants' Designation of Items to be Included in the Record

 5    on Appeal

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Theresa Pullan
```

1              As Your Honor knows, designated counsel on behalf of
2     plaintiffs filed what I'll refer to as an omnibus no strike
3     objection pleading, and also sought relief with respect to the
4     GUC Trust.  And with regard to that omnibus pleading, we had
5     sought through a motion to have it, to have the reference
6     withdrawn.  We are working with the GUC Trust and the GUC unit
7     holders on a potential resolution of issues that separate the
8     two of us, that being the plaintiffs on the one hand, the GUC
9     trust and unit holders on the other hand.  And because we are
10    still working towards that resolution, the GUC Trust and the
11    unit holders have asked for the following form of relief that
12    we have no opposition to.
13             One is they want, they don't want to have to respond
14    to our motion to withdraw the reference, and have asked us to
15    modify that portion of our motion that would seek to have the
16    GUC Trust pleadings removed.   And we are prepared to cede to
17    that request.  We are likewise --
18             THE COURT:  Pause please, Mr. Weisfelner.
19    Temporarily or the possibility that you won't have to revisit
20    the issue if the settlement goes through or for a longer
21    period?
22             MR. WEISFELNER:  Your Honor, it would be our
23    intention to have our ability to withdraw the reference on the
24    GUC Trust pleadings spring back into effect if and only if
25    we're unable to reach a settlement between the parties.  And

1 otherwise, the settlement that we're working on would resolve
2 the issue once and for all. So I'll let the GUC Trust counsel
3 address it, but again what we're looking for is merely a
4 stipulation that this Court would approve that would extend the
5 time for the GUC Trust holders to respond to our motion to
6 withdraw the reference and on the merits with regard to the GUC
7 Trust. And on the merits with regard to the GUC Trust
8 pleadings, it would be our intention and we'll obviously
9 document all this in a proposed stipulation to present to the
10 Court, but since the deadlines are coming up so quickly, wanted
11 Your Honor to be generally aware of what's developing between
12 us and the GUC Trust.
13         THE COURT: Mr. Weisfelner, that's a common sense
14 approach variance of which of has been a zillion times in this
15 Court. I have only a technical question which is the one that
16 you may have thought about already which is that on a motion of
17 this character we have a shift over from my jurisdiction to
18 Jesse Furman's (phonetic) and the rules are pretty plain that
19 your first finding is done in this Court, which is I guess why
20 you came to me. But I would have thought that further findings
21 would be before Jesse Furman and in essence I'm tolling the
22 deadline before him. Do we need Jesse Furman's okay on this as
23 well?
24         MR. WEISFELNER: I think we do and it would be the
25 parties' intention to likewise present to Judge Furman a

1  similar stipulation indicating that pending resolution or the
2  filing of an appropriate motion to approve a settlement between
3  the parties should we be able to reach one which I expect we'll
4  be able to do, that the time periods to respond to pleadings
5  either in this Court or before Judge Furman would be affected.
6        Now the reason for some of the confusion among the
7  parties is we not only have pending motions to withdraw the
8  reference, but only recently have had filed by New GM a motion
9  to compel us to withdraw our motions to withdraw the reference,
10 which have its own responsive and return dates.  I think it's
11 August 12th.  Your Honor may be asked to consider --
12       THE COURT:  On August 12th in the New GM motion to
13 stop you from going to the District Court?
14       MR. WEISFELNER:  Right.  And frankly, Your Honor, I
15 should tell you and this will seem a lot like the old Atari
16 game of ping pong, my client's lead counsel in the MDL are
17 contemplating filing a motion to withdraw the reference on GM's
18 motion to compel us to withdraw our motion, to withdraw the
19 reference.  So the ball has yet to stop bouncing, but ought to
20 shortly.  All we're looking to accomplish today, Your Honor, is
21 to advise Your Honor that we intend that the GUC Trust not be
22 put to the test of filing a response to our motion to withdraw
23 the reference, and for that matter not be put to the test to
24 respond to our GUC Trust pleadings in a scenario where the
25 parties are in my view very close to resolving their issues,

[*this page is intentionally left blank*]

1  whatever omnibus pleading they filed, is the issue about
2  whether the New GM can argue that what they filed in the, on
3  the second amended complaint violated Your Honor's judgment
4  then focus on that aspect of it, then we can file our response
5  and do that as well too.
6         So Mr. Martorana says we're mixing apples and oranges
7  because he's essentially arguing a bifurcation which he says
8  exists based on the names of the pleadings, and if that's the
9  case then that's fine.  And I don't care, I just don't want to
10 be in a position where I have to file a pleading on the 20th
11 which we're prepared to do.
12        And for Your Honor with regard to the second amended
13 complaint and I don't know whether the GUC Trust aspect is part
14 of the thing that I have to respond to or not, as of this
15 moment I still think I have to, if they are bifurcating it, if
16 they are excluding it for me as well as them I don't have to
17 consider it, either they withdraw it or bifurcate it, then
18 that's okay.
19        THE COURT:  All right.  Folks, it seems to me that
20 although I would have been offended if requests had been made
21 of this character to Judge Furman without bringing it to my
22 attention first, ultimately the decision is properly to be made
23 by Judge Furman.  To the extent that the GUC Trust and the
24 plaintiffs are asking me to say to Judge Furman that to the
25 extent if any to which I have the right to be heard on this,

1   I'm authorizing you to say that if it's okay with him it's okay
2   with me.  The second and more important issue is how any
3   standstill between the plaintiffs on the one hand and the GUC
4   Trust on the other or any deal that might thereafter be made
5   could adversely affect New GM presents a slightly harder issue
6   or perhaps a materially  harder issue.  But it is again one in
7   which I think I can and should cede whatever residual
8   jurisdiction I have over that over to Judge Furman, although
9   frankly I think it's solely a Judge Furman issue.  He may
10  conclude that he needs to know with greater clarity what the
11  GUC Trust and the plaintiffs propose to agree on matters that
12  might affect New GM or he might conclude what is before him
13  doesn't require him to know that.  That's a decision that is
14  appropriately to be decided by him without me stepping on his
15  toes.
16          Related to that is a first cousin of that which is
17  whether New GM would be impaired in its ability to address
18  these matters by not knowing yet what the deal might be with
19  respect to the plaintiffs on the one hand and the GUC Trust on
20  the other or a variant of that knowing a broad outline what the
21  concept might be, but where the devil might be in the details.
22  Ultimately by reason of the withdraw of the reference structure
23  which requires that motions for withdraw of the reference be
24  filed in the first instance by the Bankruptcy Court when then
25  calls on District Judges to make the decisions.  And by reason

1   of that provisions in I think it's rule 9055 that says that on
2   motions to withdraw the reference proceedings in the court
3   below which is of course the Bankruptcy Court are not stayed in
4   the absence of the contrary order.  And I'm not of a mind at
5   this point if ever to issue a contrary order on matters that
6   are before Jesse Furman as a matter of judicial courtesy, and a
7   comity with a T, tango.  I think I should let Jesse Furman deal
8   with that issue as well, what I'll call the fairness issue to
9   New GM, assuming arguendo that I have the ability to tell Jesse
10  Furman what to do in that regard.  To the extent I have that
11  power, I decline to exercise it.
12          So the bottom line is that I'm in substance allowing
13  you all to say that if it's okay with Jesse Furman, it's okay
14  with me.  I assume he will consider issues of fairness to New
15  GM in terms of when New GM's response should be done if it
16  can't be consensually addressed, and if he thinks an adjustment
17  should be made that of course is also fine with me.
18  Conversely, if he decides that the existing schedule is
19  sufficient, that is also fine with me.
20          I gather from what Mr. Weisfelner said that I will
21  have at least initially before me not just New GM's motion to
22  block the plaintiffs from trying to withdraw the reference, but
23  some motion of some type to the plaintiffs to block New GM's
24  attempt to block that.  And I gather from the way both you guys
25  are talking that there's no consensual resolution of that

Page 52

1  standoff in sight.  And I'll decide after all the papers are in
2  what I should be doing in that connection.  But I'm expressing
3  no view on that now.
4           What else Mr. Steinberg?
5           MR. STEINBERG:  Your Honor, I --
6           THE COURT:  Come to the main mike if you please.
7           MR. STEINBERG:  I understood your ruling about
8  deferring to Judge Furman with regard to the motions to
9  withdraw the reference.  But there are, and I just want to make
10 sure I understood the ruling, there are the no strike pleadings
11 that are before Your Honor, and I thought the request that was
12 being made was something to do with adjourning the GUC Trust
13 response to respond to that.  And I wasn't sure how Judge
14 Furman would deal with something that's before Your Honor on
15 the no strike pleading.
16          THE COURT:  Then we have a misunderstanding because I
17 thought I was only talking about the plaintiff's motion to
18 withdraw the reference.  If there are no strike motions that
19 are before me that are not the subject of a motion to withdraw
20 the reference, I think under 9055 I've got to deal with them.
21          MR. STEINBERG:  Your Honor, just to clarify, the no
22 strike pleading is before Your Honor.  The motion to withdraw
23 the reference with regard to the no strike pleading is before
24 Judge Furman.  The request that Mr. Weisfelner was making was
25 to ask you to adjourn to allow the GUC Trust ability to respond

Page 53

1  to the motion to withdraw the reference which is before Judge
2  Furman to be adjourned.  I understood you saying that that's a
3  Judge Furman call, but under rule 9055, that is the rule, the
4  no strike pleading because the motion hasn't been withdrawn is
5  before Your Honor.  And there's a time for both New GM and the
6  GUC trust to respond to that no strike pleading which is I
7  think July 20th.  They were asking you to allow the adjournment
8  of that pleading in a, which is before Your Honor at that point
9  in time because there is no stay caused by the motion to
10  withdraw the reference.
11         THE COURT:  Then I'm confused because what we were
12  talking about is something that required the GUC trust to
13  respond to Judge Furman.  Are we talking about a response that
14  GUC trust also has to make before me?
15         MR. STEINBERG:  Without, I will say yes, but I will
16  ask him to confirm that, I think it is, yes.  There are two
17  different deadlines, the motion to withdraw the reference
18  deadline, the extension is now through July 23rd, that's a
19  Judge Furman District Court issue, and then in the Bankruptcy
20  Court, the no strike pleading, the deadline is July 20th, and
21  that's a bankruptcy --
22         UNIDENTIFIED:  [indiscernible]
23         MR. STEINBERG:  20th, and that's a Bankruptcy Court
24  issue.  So I think I understood, I understood deferring to
25  Judge Furman on something that is before him but I don't, I

1  wasn't sure whether you were actually saying that he should
2  decide the pleading of the time limit to, that is before you at
3  this point in time.
4            THE COURT:  I didn't understand myself to be saying
5  that because I was not then sensitive to the fact there were
6  two separate deadlines imposed upon the GUC Trust.  I think I
7  need a little more discussion on this, but I want you to talk
8  about the tentative which would be to toll the GUC Trust time
9  for both until Jesse Furman has decided what he wants to do on
10 the motion to withdraw the reference without prejudice to my
11 ability to decide what I need to do on mine after he's had a
12 chance to think about it in terms of what goes on in his court.
13 I don't want to step on his toes by issuing a substantive
14 ruling on something that is primarily before him in the first
15 instance.
16           MR. STEINBERG:  Right.  And I think what I was saying
17 in my prior presentation to Your Honor which is that if what's
18 before you now with regard to the GUC Trust is withdrawn then I
19 have no issue with that.  If they want to give them an
20 adjournment then I think they really have to bifurcate the
21 issue because I don't want to be responding to that GUC Trust
22 issue while they're not responding to that issue, and Your
23 Honor won't have a complete record when this thing is argued.
24           THE COURT:  My tentative, and I'm going to give both
25 Mr. Weisfelner and Mr. Martorana a chance to comment on this

```
                                                              Page 62
 1                          CERTIFICATION

 2            I, Theresa Pullan, certify that the foregoing is a

 3   correct transcript from the official electronic sound recording

 4   of the proceedings in the above-entitled matter.

 5   Theresa Pullan    Digitally signed by Theresa Pullan
                       DN: cn=Theresa Pullan, o, ou,
                       email=digital1@veritext.com, c=US
                       Date: 2015.07.17 14:19:29 -04'00'

 6   AAERT Certified Electronic Transcriber CET**00650

 7   Theresa Pullan

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22   Veritext Legal Solutions

23   330 Old Country Road

24   Suite 300

25   Mineola, NY  11501
```