GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035
Matthew J. Williams
Lisa H. Rubin
Keith R. Martorana
*Attorneys for the Motors Liquidation Company*
*GUC Trust Administrator*

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone:    (212) 872-1000
Facsimile:    (212) 872-1002
Daniel H. Golden
Deborah J. Newman
Naomi Moss

*Attorneys for the Participating Unitholders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                             :
:    **Chapter 11 Case No.**
**MOTORS LIQUIDATION COMPANY**, *et al.*,                         :
f/k/a General Motors Corp., *et al.*                              :    **09-50026 (REG)**
:
Debtors.                                              :    **(Jointly Administered)**
:
------------------------------------------------------------------x

**OMNIBUS RESPONSE OF WILMINGTON TRUST COMPANY, AS GUC TRUST
ADMINISTRATOR AND TRUSTEE, AND THE PARTICIPATING UNITHOLDERS
TO (A) THE NON-IGNITION SWITCH PLAINTIFFS' GUC TRUST ASSET
PLEADING AND (B) CERTAIN NON-IGNITION SWITCH PRE-CLOSING
ACCIDENT PLAINTIFFS' AMENDED RESERVATION OF RIGHTS**

Wilmington Trust Company, not in its individual capacity and solely in its capacity as trust administrator and trustee (the "**GUC Trust Administrator**") of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), and certain holders of beneficial units of the GUC Trust (the "**Participating Unitholders**") hereby file this joint omnibus response to (a) the *Non-Ignition Switch Plaintiffs' GUC Trust Asset Pleading* [Docket No. 13247] (the "**Non-**

1

**Ignition Switch Economic Loss Plaintiffs' Pleading**"),[1] and (b) the *Amended Reservation of Rights of Certain Non-ISD Pre-Closing Accident Plaintiffs* [Docket No. 13254] (the "**Non-Ignition Switch Personal Injury Plaintiffs' Pleading**"), and respectfully represent as follows:

## BACKGROUND

1. In April 2014, General Motors Company ("**New GM**") filed the first of a series of three motions (the "**Ignition Switch Motion to Enforce**") seeking to enforce the terms of this Court's order dated July 7, 2009 approving the sale of substantially all of the assets of General Motors Corporation ("**Old GM**") to New GM (the "**Sale Order**"). The Ignition Switch Motion to Enforce sought to enjoin the numerous complaints (the "**Ignition Switch Actions**") that had been filed by certain plaintiffs (the "**Ignition Switch Plaintiffs**") against New GM throughout the United States relating to economic losses suffered as a result of defects in the ignition switches (the "**Ignition Switch Defect**") contained in certain cars manufactured by Old GM.

2. In August 2014, New GM filed two additional motions seeking to enforce the Sale Order, this time with respect to complaints filed by plaintiffs asserting economic losses (the "**Non-Ignition Switch Economic Loss Plaintiffs**") or personal injuries (the "**Non-Ignition Switch Personal Injury Plaintiffs**," and collectively with the Non-Ignition Switch Economic Loss Plaintiffs, the "**Non-Ignition Switch Plaintiffs**") related to defects in cars manufactured by Old GM other than the Ignition Switch Defect (collectively with the Ignition Switch Motion to Enforce, the "**Motions to Enforce**").

3. In connection with the Motions to Enforce, the parties and the Court agreed to address four threshold issues (the "**Threshold Issues**"), which included the following

---

[1] The Non-Ignition Switch Economic Loss Plaintiffs' Pleading is combined, on an omnibus basis, with the Ignition Switch Plaintiffs' No Strike Pleading, and the Non-Ignition Switch Economic Loss Plaintiffs' Objection Pleading (each as defined in the Judgment, as defined below). The GUC Trust Administrator and Participating Unitholders take no position with respect to the No Strike Pleading or the Objection Pleading.

2

question: "if any or all of the claims asserted in the Ignition Switch Actions are or could be claims against the Old GM bankruptcy estate (and/or the GUC Trust), should such claims or the actions asserting such claims nevertheless be disallowed/dismissed on grounds of equitable mootness" (the "**Equitable Mootness Threshold Issue**"). *See Supplemental Scheduling Order* [Docket No. 12770].

4. Following briefing and oral argument on the Threshold Issues, on April 15, 2015 the Court rendered its *Decision on Motion to Enforce Sale Order and Injunction* [Docket No. 13109] (the "**Threshold Issues Decision**"), published as *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015). With respect to the Equitable Mootness Threshold Issue, the Court found that even if the Ignition Switch Plaintiffs' hypothetical late-filed claims were to be allowed, permitting them to access assets of the GUC Trust would constitute an impermissible modification of the confirmation order. *See* Threshold Issues Decision at 15-16. Accordingly, the Court held that the Ignition Switch Plaintiffs could file and seek allowance of their late claims, if any, but that the doctrine of equitable mootness barred them from obtaining any recovery on such claims from the assets of the GUC Trust (the "**Equitable Mootness Holding**"). *Id.*

5. On May 27, 2015 the Court rendered its *Decision re Form of Judgment* [Docket No. 13162] (the "**Judgment Decision**"), published as *In re Motors Liquidation Co.*, 531 B.R. 354 (Bankr. S.D.N.Y. 2015).

6. In its Judgment Decision, the Court recognized that, because the evidentiary record was not sufficiently developed, the Threshold Issues Decision did not have *res judicata* effect with respect to the Non-Ignition Switch Plaintiffs. *Id.* at 360. However, the Court also held that the Threshold Issues Decision, including the Equitable Mootness Holding, would be *stare decisis*, subject only to a Non-Ignition Switch Plaintiff's satisfactory showing that the Threshold Issues Decision is distinguishable on a factual basis with respect

3

to its claims. *Id.*

7.  The Court did not provide the Non-Ignition Switch Plaintiffs with unlimited time to make the required showing. Instead, the Court balanced the needs of the Non-Ignition Switch Plaintiffs to be heard, with the needs of the GUC Trust and Unitholders for closure, holding the following:

> The Court agrees with New GM, the GUC Trust and the Unitholders that *it is time to come to closure* on whether there is any basis to excuse the Non-Ignition Switch Plaintiffs from the provisions of the Sale Order and the Court's mootness conclusions. And fairness to the MDL Court requires that this Court timely provide the MDL Court with any rulings that the MDL Court may require. The Court's Judgment balances the Non-Ignition Switch Plaintiffs' need for an opportunity now to be heard with others' needs for expeditious closure on these additional claims.

*Id.* at 360 (emphasis added).

8.  The Non-Ignition Switch Plaintiffs did not appeal the Judgment Decision.

9.  On June 1, 2015, the Court entered its *Judgment* implementing the terms of the Threshold Issues Decision and the Judgment Decision [Docket No. 13177] (the "**Judgment**"). Pursuant to paragraph 13(d) of the Judgment:

> If counsel for a [Non-Ignition Switch Plaintiff] believes that, notwithstanding the [Threshold Issues] Decision and this Judgment, it has a good faith basis to believe that any of the GUC Trust Assets may be used to satisfy late proofs of claim filed by them that may ultimately be allowed by the Bankruptcy Court, it shall file a pleading with this Court within 17 business days of this Judgment ("**GUC Trust Asset Pleading**"). The GUC Trust Asset Pleading shall not reargue issues that were already decided by the Decision and Judgment. If a GUC Trust Asset Pleading is timely filed, the GUC Trust, the GUC Trust Unitholders and/or New GM shall have 17 business days to respond to such pleading. The Court will schedule a hearing thereon if it believes one is necessary.

Judgment ¶ 13(d).

10. On June 24, 2015, the Non-Ignition Switch Economic Loss Plaintiffs filed their Non-Ignition Switch Economic Loss Plaintiffs' Pleading, and the Non-Ignition Switch Personal Injury Plaintiffs filed their Non-Ignition Switch Personal Injury Plaintiffs' Pleading.

4

The parties subsequently agreed that responses to the Non-Ignition Switch Economic Loss Plaintiffs' Pleading and the Non-Ignition Switch Personal Injury Plaintiffs' Pleading would be filed no later than August 7, 2015.[2]

## RESPONSE[3]

11. Neither of the pleadings filed by the Non-Ignition Switch Plaintiffs complies with this Court's Judgment. Accordingly, the Court should find that the Equitable Mootness Holding of the Threshold Issues Judgment applies to the Non-Ignition Switch Plaintiffs.

12. First, while styled as a "GUC Trust Asset Pleading," the Non-Ignition Switch Economic Loss Plaintiffs' Pleading fails to assert any basis, let alone a "good faith basis," as to why the Equitable Mootness Holding should not apply to their claims as required by the Judgment. *See* Judgment ¶ 13(d). Nor could they assert such a basis. The rationale underlying the Court's Equitable Mootness Holding applies in equal measure to both the Ignition Switch Plaintiffs and Non-Ignition Switch Plaintiffs. Specifically, in reaching the Equitable Mootness Holding, the Court found that it could not grant effective relief for the Ignition Switch Plaintiffs from GUC Trust assets that had been reserved for existing GUC Trust beneficiaries or costs and expenses under the Plan and Confirmation Order; that permitting the Ignition Switch Plaintiffs to access the GUC Trust's assets "would be extraordinarily unjust for the purchasers of GUC Trust Units after confirmation" who understood that claims against the GUC Trust "could only go down"; and that the Ignition Switch Plaintiffs, having failed to seek to file claims against the GUC Trust or to stay its distributions, had not diligently pursued claims against the GUC Trust. Each of these factors

---

[2] *See Stipulation and Agreed Order Tolling Certain of the Ignition Switch Plaintiffs' No Strike Pleading With Regard to the Second Amended Consolidated Complaint and the Non-Ignition Switch Plaintiffs' (i) Objection Pleading With Regard to the Second Amended Consolidated Complaint and (ii) GUC Trust Asset Pleading and the Amended Reservation of Rights of Certain Non-ISD Pre-Closing Accident Plaintiffs*, so ordered by this Court on July 28, 2015 [Docket No. 13325].

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Threshold Issues Decision.

applies with equal force against the Non-Ignition Switch Plaintiffs, who seek to preserve indefinitely their right to access GUC Trust assets that rightfully belong to GUC Trust beneficiaries; who have failed, even to this day, to seek to file claims against the GUC Trust; and who joined the Ignition Switch Plaintiffs in their strategic decision not to seek a stay of the GUC Trust's distribution of assets in November 2014.

13. Instead of demonstrating a basis as to why the Equitable Mootness Holding should not apply to them, the Non-Ignition Switch Economic Loss Plaintiffs assert only that it is premature and/or inappropriate to impose the Equitable Mootness Holding on the Non-Ignition Switch Economic Loss Plaintiffs because they are not parties to the appeal of the Threshold Issues Decision. *See* Non-Ignition Switch Economic Loss Plaintiffs' Pleading ¶ 105. This rationale is circular; the entire purpose of the GUC Trust Asset Pleading is to immediately determine whether the Equitable Mootness Holding should apply to such plaintiffs, and if so, to permit them to participate in the related appeals.

14. The Non-Ignition Switch Personal Injury Plaintiffs, by comparison, did not even attempt to characterize their pleading as a "GUC Trust Asset Pleading," and instead filed a reservation of rights bereft of any "good faith basis" for distinguishing their claims, or explanation as to how their reservation of rights comports with the plain language of the Judgment and the Judgment Decision.

15. It is beyond dispute that paragraph 13(d) of the Judgment was intended to balance the needs of the Non-Ignition Switch Plaintiffs to have their day in court—and attempt to distinguish their factual record from that of the Ignition Switch Plaintiffs—with the needs of the GUC Trust and Unitholders for closure. Yet it is clear from the face of the pleadings filed by the Non-Ignition Switch Plaintiffs that, while they disagree with this Court's Equitable Mootness Holding, there is no reasoned, good-faith basis to distinguish their purported claims from those of the Ignition Switch Plaintiffs. If distinguishing facts

exist, the Non-Ignition Switch Plaintiffs have either failed to meet their burden of establishing such facts or have waived their right to do so. Respectfully, the Court should find that the Equitable Mootness Holding applies with equal force to the Non-Ignition Switch Plaintiffs.

## CONCLUSION

WHEREFORE, the GUC Trust Administrator and Participating Unitholders respectfully request that the Court (A) enter an order providing that the Equitable Mootness Holding applies to the Non-Ignition Switch Plaintiffs and (B) grant such other and further relief as may be deemed just and proper.

Dated: New York, New York
       August 7, 2015

GIBSON, DUNN & CRUTCHER LLP

By:   /s/  Matthew J. Williams

Matthew J. Williams
Lisa H. Rubin
Keith R. Martorana
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

*Attorneys for the Motors Liquidation Company GUC Trust Administrator*

AKIN, GUMP, STRAUSS, HAUER & FELD LLP

By:   /s/  Daniel G. Golden

Daniel H. Golden
Deborah J. Newman
Naomi Moss
One Bryant Park
New York, NY 10036
(212) 872-1000

*Attorneys for the Participating Unitholders*