**Hearing Date and Time:  To Be Determined
By the Court if Necessary**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------------------X | | |
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
|         f/k/a General Motors Corp., *et al.* | : | |
| | : | |
|                                   Debtors. | : | (Jointly Administered) |
| | : | |
| ------------------------------------------------------------x | | |

**OMNIBUS RESPONSE BY GENERAL MOTORS LLC TO (I) THE GUC
TRUST ASSET PLEADING FILED BY THE NON-IGNITION SWITCH
PLAINTIFFS AND (II) THE AMENDED RESERVATION OF RIGHTS
OF CERTAIN NON-ISD PRE-CLOSING ACCIDENT PLAINTIFFS**

General Motors LLC ("**New GM**"), by its undersigned counsel, submits this omnibus response ("**Response**") to (i) the GUC Trust Asset Pleading (as defined in the Judgment dated June 1, 2015 [Dkt. No. 13177] ("**Judgment**") filed by Designated Counsel for the Non-Ignition Switch Plaintiffs ("**DC GUC Trust Asset Pleading**"), and (ii) the Amended Reservation Of

1

Rights Of Certain Non-ISD Pre-Closing Accident Plaintiffs filed by Goodwin Proctor[1] on June 24, 2015 [Dkt. No. 13254] ("**Reservation of Rights**").[2] In support thereof, New GM states as follows:

1.   In the Judgment, the Court held that, while the Ignition Switch Plaintiffs and Ignition Switch Pre-Closing Accident Plaintiffs could seek to file late proofs of claim "based on the doctrine of equitable mootness, in no event shall assets of the GUC Trust held at any time in the past, now, or in the future (collectively, the 'GUC Trust Assets') (as defined in the Plan) be used to satisfy any claims of the Plaintiffs, nor will Old GM's Plan be modified with respect to such claims . . . ." Judgment ¶ 6.

2.   The Judgment further provides that the Court's ruling on equitable mootness shall also apply to "any other plaintiffs in these proceedings (including, without limitation, the Non-Ignition Switch Pre-Closing Accident Plaintiffs and Non-Ignition Switch Plaintiffs identified on Exhibit "D" attached hereto) . . ." unless it can be shown in a timely filed GUC Trust Asset Pleading (as defined in the Judgment) that such other plaintiffs should be exempt from such ruling. Judgment ¶ 13(a).

3.   The Reservation of Rights pleading is not a valid GUC Trust Asset Pleading. The Court expressly held in its *Decision re Form of Judgment*, dated May 27, 2015 ("**May 27 Decision**") that the time for other plaintiffs to set forth their arguments as to why they should be

---

[1] Goodwin Proctor filed the Reservation of Rights on behalf of certain law firms who represent Non-Ignition Switch Pre-Closing Accident Plaintiffs.

[2] Designated Counsel for the Ignition Switch Plaintiffs and Non-Ignition Switch Plaintiffs filed a No Strike Pleading, Objection Pleading, and GUC Trust Asset Pleading (each as defined in the Judgment) on June 24, 2015. On July 23, 2015, New GM filed a response to the No Strike Pleading and Objection Pleading with this Court. *See* Dkt. No. 13316. Pursuant to a Stipulation and Order so-ordered by the Court on July 28, 2015, the GUC Trust Asset Pleading was severed and the response deadline was tolled, subject to reinstatement, on seven business days' notice. Notice of the reinstatement was received on July 29, 2015 and thus, the response deadline for the GUC Trust Asset Pleading is August 7, 2015.

2

exempt from the Court's ruling on equitable mootness is now—and expressly rejected deferring argument in the form of a reservation of rights pleading:

> The Court agrees with New GM, the GUC Trust and the Unitholders that it is time to come to closure on whether there is any basis to excuse the Non-Ignition Switch Plaintiffs from the provisions of the Sale Order and the *Court's mootness conclusions*. And fairness to the MDL Court requires that this Court *timely* provide the MDL Court with any ruling that the MDL Court may require. The Court's Judgment balances the Non-Ignition Switch Plaintiffs' need for opportunity *now* to be heard with others' needs for expeditious closure on these additional claims.

*Id*. at 9 (emphasis supplied).

4. The "GUC Trust Asset Pleading" was intended to provide other plaintiffs with the opportunity to assert a "good faith basis" as to why "any of the GUC Trust Assets may be used to satisfy late proofs of claim filed by them that may ultimately be allowed by the Bankruptcy Court[.]" Judgment ¶ 13(d). The GUC Trust Asset Pleading, however, could not be used to "reargue issues that were already decided by the Decision and the Judgment." *Id.* The burden of proof was on the Non-Ignition Switch Plaintiffs and the Non-Ignition Switch Pre-Closing Accident Plaintiffs to demonstrate why they should be treated differently than the Ignition Switch Plaintiffs and Ignition Switch Pre-Closing Accident Plaintiffs with respect to the Court's equitable mootness ruling. Significantly, neither the DC GUC Trust Asset Pleading nor the Reservation of Rights set forth **any** basis for this Court to conclude that they should be treated differently.[3]

5. This glaring omission is not surprising. Both groups of plaintiffs are similarly situated, and all of the equitable mootness factors, as discussed in the April 15 Decision, apply

---

[3] In the April 15 Decision, the Court held that Non-Ignition Switch Plaintiffs had not yet proved that there was a due process violation relating to the Sale Order as it applied to them so, at this juncture, the Sale Order would not be modified for them to assert Independent Claims against New GM. That finding, which provided *no relief* for the Non-Ignition Switch Plaintiffs or the Non-Ignition Switch Pre-Closing Accident Plaintiffs relating to the Sale Order, cannot be contorted to provide them with *better* treatment than the Ignition Switch Plaintiffs or the Ignitions Switch Pre-Accident Plaintiffs. In all events, that finding has nothing to do with the Court's equitable mootness ruling in the April 15 Decision.

equally to them. The failure to raise any distinguishing argument is easily understood by the fact that counsel for the Ignition Switch Plaintiffs and the Ignition Switch Pre-Closing Accident Plaintiffs are the same as counsel for the Non-Ignition Switch Plaintiffs and counsel who filed the Reservation of Rights. Simply put, all of the relevant arguments were made by the same counsel prior to the entry of the Judgment, their arguments were rejected by the Court, and they have no new arguments with respect to the equitable mootness ruling.

6. The reality is that it is futile for plaintiffs to try and make a new argument purporting to distinguish Non-Ignition Switch-based claims for the simple and dispositive reason that the Court's ruling on equitable mootness is not dependent on whether the claim asserted against Old GM was an Ignition Switch based claim or a Non-Ignition Switch based claim. As the Court held in its May 27 Decision:

> When Old GM creditors received distributions under the Plan, and when Unitholders – even if as aftermarket acquirors of GUC Trust Units – acquired their units, they had a reasonable expectation that the total universe of claims filed against Old GM would not increase. And while they knew that there was an accordion feature, they also knew that claims exposure would result, with exceptions exceedingly difficult to show, only from previously filed claims. The Decision respected those concerns. The Court's Judgment will stay true to the principles articulated in the Decision, and will not allow GUC Trust assets to be tapped for claims not previously filed.

*Id.* at 9-10.

7. In summary, the argument made in the DC GUC Trust Asset Pleading (that "[i]t is premature and inappropriate to bar the Non-Ignition Switch Plaintiffs from accessing GUC Trust Assets", (*id*. at 30)) is vague, devoid of substance, and contrary to the direction in the May 27 Decision that the issue as to the applicability of the equitable mootness ruling be determined at this time. Moreover, plaintiffs' argument that it would be "inequitable" to now bar them "from accessing GUC Trust Assets without the same opportunity that was afforded the Ignition Switch

4

Plaintiffs" (*id.* at 30) ignores the fact that they have been given that opportunity (in the form of the GUC Trust Asset Pleading), and they have failed to carry their burden.

WHEREFORE, New GM respectfully requests that this Court (i) deny the relief requested in the DC GUC Trust Asset Pleading and in the Reservation of Rights, (ii) find that the provisions of the Judgment relating to the equitable mootness ruling apply equally to the Non-Ignition Switch Plaintiffs and the Non-Ignition Switch Pre-Closing Accident Plaintiffs; and (iii) grant New GM such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 7, 2015

Respectfully submitted,

    /s/ Arthur Steinberg
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*