**Hearing Date and Time:  August 12, 2015 at 9:45 a.m. (Eastern Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:     (212) 556-2100
Facsimile:      (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.:  09-50026 (REG) |
|      f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------------x


**REPLY IN SUPPORT OF MOTION BY GENERAL MOTORS LLC TO ENFORCE
THE STAY IMPOSED BY THE JUDGMENT, DATED JUNE 1, 2015, AGAINST THE
STATES AND PLAINTIFFS REPRESENTED BY DESIGNATED COUNSEL**

General Motors LLC ("**New GM**"), by its attorneys King & Spalding LLP and Kirkland

and Ellis LLP, hereby files this reply ("**Reply**") in support of its motion ("**Motion**")[1]  to enforce

the stay imposed by the Judgment, dated June 1, 2015 ("**Judgment**") against the States and

---

[1] *Notice Of Motion And Motion By General Motors LLC To Enforce The Stay Imposed By The Judgment, Dated June 1, 2015, Against The States And Plaintiffs Represented By Designated Counsel*, filed July 10, 2015 [Dkt. No. 13289].

plaintiffs represented by Designated Counsel ("**DC Plaintiffs**") and, in support thereof, respectfully represents as follows:

1.      In their objection ("**Objection**")[2] to the Motion, the States and the DC Plaintiffs claim that there is nothing in the record of these proceedings that preclude them from seeking to withdraw the reference for their No Strike Pleadings. They are wrong.

### A. The Judgment Enjoins the States and the DC Plaintiffs from Pursuing Their Litigations

2.      The States and the DC Plaintiffs are not operating on a "clean slate". They are subject to the injunction provisions of paragraph 47 of the Sale Order and Injunction. These injunction provisions were incorporated into the Judgment. Judgment ¶ 16 ("For the avoidance of doubt, except as otherwise provided in the Judgment, the Sale Order remains enforceable, and in full force and effect.").

3.      The States and DC Plaintiffs are also subject to the "stay of litigation" provisions of the Judgment.

4.      The Judgment provides for certain procedures (the No Strike Pleading procedures) so that the Bankruptcy Court can determine whether, notwithstanding the existing injunctions and stays , certain  actions can fairly go forward. A motion to withdraw the reference that side-steps this Court's ability to make that determination in the first instance is not sanctioned by the Judgment and, therefore, is precluded by the existing injunctions and stays in effect against the States and the DC Plaintiffs.

---

[2] *The Ignition Switch Plaintiffs' and Certain Non-Ignition Switch Plaintiffs' Objection to Motion By General Motors LLC To Enforce The Stay Imposed By The Judgment, Dated June 1, 2015, Against The States And Plaintiffs Represented By Designated Counsel*, filed August 5, 2015 [Dkt. No. 13344].

5.    Paragraph 12 of the Judgment relates to the States. It provides that the State Lawsuits are stayed unless (a) their complaints were amended (they were not), or (b) the Bankruptcy Court (or a higher court) says they may proceed (that has not occurred.). While the Judgment contemplates that the States may file a No Strike Pleading, paragraph 12 states that the No Strike Pleading must be filed in *this* Court (the Bankruptcy Court), and the Court (the Bankruptcy Court) could then schedule a hearing on the No Strike Pleading.

6.    This Court was sharply focused on what the States may do. It had ruled that the States' complaints violated the Sale Order and Injunction and would need to be modified. When told that they may not amend their complaint, this Court was clear that if the States did not do so, their action would be stayed "for as long as appropriate as the federal appellate process takes its course." *Decision Re Form of Judgment*, at 12, n.8, dated May 27, 2015 [Bankr. Dkt. No. 13162] ("**Form of Judgment Decision**")[3].

7.    It then went on to say:

On matters properly within its purview, the Court cannot permit a disregard of its orders and judgments, or end-runs on its jurisdiction.

*Id.*

8.    At its core, the States' No Strike Pleading is a re-argument of the position they lost with this Court (which is proscribed by the Judgment), and a forum shopping device.

9.    The No Strike Pleading procedures which vest in the Bankruptcy Court the right in the first instance to interpret the Judgment and rule on such Pleadings is consistent with paragraph 16 of the Judgment, which provides for the Bankruptcy Court's *exclusive* jurisdiction over these matters:

---

[3] Published as *In re Motors Liquidation Co.,* No. 09-50026, 2015 WL 3398398 (Bankr. S.D.N.Y. May 27, 2015).

> The Court [(*i.e.*, the Bankruptcy Court)] shall retain *exclusive* jurisdiction, to the fullest extent permissible under law, to construe the Sale Order, this Judgment, and/or the Decision on which it was based.

Judgment ¶ 16.[4] (emphasis supplied)

10.     By definition, the No Strike Pleadings contained in the Judgment are part of the

Judgment.

11.     In their proposed form of judgment, Designated Counsel asked to the Court to

strike the following sentence suggested by New GM which the Court refused to do:

> Notwithstanding the foregoing, in all events, however, the Decision and the Judgment shall apply with respect to (a) the Court's interpretation of the enforceability of the Sale Order, and (b) the actions of the affected parties that are authorized and proscribed by the Judgment.[5]

12.      In explaining why it would not strike this sentence, the Court stated:

> New GM has expressed an understandable concern that plaintiffs in actions whose prosecution is barred by the Sale Order (sic. Cases) will seek to have this Court's Sale Order or judgment vacated or modified by courts in which plaintiffs' underlying actions are docketed. This Court cannot (sic. not) tolerate efforts of that character. Wholly apart from the additional expertise that Bankruptcy Courts have with respect to the order they enter and the bankruptcy matters they decide, the interpretation of the Sale Order is a matter for this Court. Subject to the power, of course, of federal courts exercising appellate jurisdiction over this Court, so is the interpretation of the Decision and the Judgment. This Court's determinations with respect to each of those matters are reviewable by the federal appellate courts alone; they cannot be subject to collateral attack. And this last point is so important that the Court is adding even more language to the Judgment to make that clear.

Form of Judgment Decision, at 12.

---

[4] The form of Judgment submitted by Designated Counsel contained this sentence providing for the Bankruptcy Court's exclusive jurisdiction to decide all matters relating to the Judgment.

[5] *Joint Letter Enclosing Proposed Judgment of Co-Designated Counsel and Counsel for Economic Loss Plaintiffs and Designated Counsel and Counsel for Ignition Switch Pre-Closing Accident Plaintiffs in Response to the April 15, 2015 Decision*, with proposed form of judgment attached as Exhibit A thereto [Bankr. Dkt. No. 13137].

13.    The sentence that the Bankruptcy Court added to paragraph 16 of the Judgment is

as follows:

> For the avoidance of doubt, except as otherwise provided in this Judgment, the Sale Order remains fully enforceable, and in full force and effect. This Judgment shall not be collaterally attacked, *or otherwise subjected to review or modification, in any Court other than this Court or any court exercising appellate authority[6] over this Court.*

Judgment ¶ 16.

14.    The motions to withdraw the reference are a collateral attack/modification on the

enforcement procedures of the Judgment.

15.    The same procedures and reasoning that apply to the States are also applicable to

the DC Plaintiffs. Paragraph 11 of the Judgment expressly provides that Hybrid Lawsuits are

stayed unless their complaints are amended to assert only Independent Claims. A plaintiff cannot

unilaterally assert compliance with the Judgment if New GM has challenged their actions, or

inactions, Here, New GM has taken the position that the Second Amended Complaint filed by

Designated Counsel did not  assert only Independent Claims. Among other things, Designated

Counsel merged the Pre-Sale Consolidated Complaint into the Second Amended Consolidated

Complaint to avoid the stay imposed on the Pre-Consolidated Complaint by the Judgment. The

Second Amended Complaint also seeks damages against New GM for every Old GM vehicle

owner, even those pre-363 Sale owners who were never subject to a recall. No Strike Procedures

were incorporated into the Judgment so that the Bankruptcy Court would decide whether its

Judgment has been complied with. That is why the Judgment provides that if a No Strike

Pleading is filed, it must be done in "this Court" (*i.e.*, the Bankruptcy Court), and the Court (i.e.

the Bankruptcy Court) will schedule a hearing thereon, if necessary.

---

[6] A district court that withdraws the reference is not exercising appellate authority.

16.     The Form of Judgment Decision provides further support for New GM's Motion. In discussing the Non-Ignition Switch Plaintiffs (which are part of the DC Plaintiffs group), the Court noted that "the Non-Ignition Switch  Plaintiffs are entitled  to a fair opportunity to be heard by this Court (Bankruptcy Court) as to whether there are any reasons to excuse them from the Sale Order…." *Id.* at 8. The same reasoning applies to all No Strike Pleadings.

17.     In sum, the Motion is not seeking to deprive the States and Designated Counsel from an existing right they have. Rather, the Motion seeks to prevent a violation of the Judgment and an improper forum shopping end-run around this Court's exclusive jurisdiction.

### B. The States and DC Counsel Have  Consented to this Court's Exclusive Jurisdiction to Decide  No Strike Pleadings

18.     The Stay Stipulations executed by the States and the Designated Counsel recognized that this Court should be the gatekeeper and determine, in the first instance, if and when they should be allowed to go forward in their lawsuits against New GM. That is the essence of the *Celotex* decision (514 U.S. 300 (1995)), cited by New GM in the Motion. Courts' issuing injunctions should be the ones in the first instance to decide whether their injunctions had been violated.

19.     The *Wellness* decision cited by the Objection (135 S. Ct. 1932 (2015)) does not vitiate the Court's ability to enforce its injunctions and stays of litigation. Nor does it undermine this Court's authority to exercise its proper jurisdiction. As in any matter, the District Court can *sua sponte* withdraw the reference. That is completely different from  a party violating an injunction and stay in affirmatively seeking such relief.

### C. Designated Counsel's Reference to the Bankruptcy Court's July 16, 2015 Hearing is Misplaced

20.    At the July 16, 2015 hearing before the Bankruptcy Court, Designated Counsel

*asked the Bankruptcy Court* to grant an extension of the time for the GUC Trust to answer a

pleading (the motion to withdraw the reference) that was *pending in the District Court*.  It was in

that context that the Bankruptcy Court corrected Designated Counsel and indicated that it is the

District Court that must decide whether to grant the extension request for matters pending before

it (*i.e.*, a motion to withdraw the reference). There is nothing else that can be reasonably inferred.

****

21.    For the reasons stated above, and in New GM's prior pleadings, New GM

requests that the Court deny the motions to withdraw the reference, and grant New GM such

other and further relief as is just and proper.


Dated: New York, New York
       August 7, 2015

                                        Respectfully submitted,


                                        ___/s/ Arthur Steinberg_____
                                        Arthur Steinberg
                                        Scott Davidson
                                        KING & SPALDING LLP
                                        1185 Avenue of the Americas
                                        New York, New York  10036
                                        Telephone:    (212) 556-2100
                                        Facsimile:    (212) 556-2222

                                        Richard C. Godfrey, P.C. (admitted *pro hac vice*)
                                        Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
                                        KIRKLAND & ELLIS LLP
                                        300 North LaSalle
                                        Chicago, IL 60654

Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*