**Hearing Date and Time: September 22, 2015 at 9.45 a.m. (Eastern Time)**
**Evidentiary Hearing Requested**

Atul C. Shah, MD
2884 Manorwood Drive
Troy, Michigan 48085
Telephone (248) 879-0795 Home
Telephone (248) 835-5025 Cell Phone

Representing Himself (Atul C. Shah) for
MLC GUC Claim No. 28820 filed by Atul Shah

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------X
                                      I
                                      I
In re                                 I
                                      I
Motors Liquidation Company, et al.,   I    Chapter 11 Case No
f/k/a General Motors Corp., et al.    I        09-50026 (REG)
                                      I        (Jointly Administered)
                                      I
                  Debtors.            I
                                      I
------------------------------------------------------------X
```

**RESPONSE TO NOTICE OF RESCHEDULED HEARING WITH RESPECT**
**TO PLAINTIFF' REQUEST FOR A STAY PENDING APPEAL**
**(A) REQUESTING THAT CREDITOR ATUL C. SHAH SHOULD BE**
**INVITED FOR THE EVIDENTIARY HEARING ON SEPTEMBER 22, 2015**
**OR ANYTIME (B) REQUESTING FOR RESOLUTION OF RELIEF**
**SOUGHT FOR CREDITOR ATUL C. SHAH (C) REQUESTING TO VACATE**
**THE MULTIPLE JUDGMENTS OF HON JUDGE ROBERT E. GERBER**

## Introduction

This is a **Response to the Notice of Rescheduled Hearing with Respect to Plaintiffs' Request for a Stay Pending Appeal** of Wilmington Trust Company as GUC Trust Administrator and Trustee dated August 4, 2015 by the Plaintiff and Pro Se Litigant Atul C. Shah, MD (**Exhibit A**).

As an introduction and here comes, Atul C. Shah, MD a Plaintiff and Pro Se Litigant against the Motor Liquidation Company et al., f/ka/a General Motors Corp., et al since December 2008.

Atul C. Shah, Petitioner v. Motor Liquidation Company GUC Trust Civil Case Number 14-830 has been docketed with the Supreme Court of the United States on January 14, 2015.

Atul C. Shah, Petitioner have filed an Intention for the "Petition for an Extraordinary Writ" for Case Number 14-830 to the Supreme Court of the United States on April 23, 2015

Atul C. Shah, MD has been listed as the Creditor with the Consolidated List of Creditors at the United States Bankruptcy Court since 2010.

Now, I, Atul C. Shah, MD, humbly and sincerely requesting the Honorable United States Bankruptcy Court in New York to invite and have MY active participation for the **Evidentiary Hearing** Scheduled on September 22, 2015 or anytime for the fair and equal justice.

I, Atul C. Shah, MD as the Creditor and Plaintiff for this historic and unprecedented Civil Case should be invited for conducting the Cross Examination of the Witnesses and conduct an Evidentiary Hearing as requested by me (Atul C. Shah, MD) on June 25, 2012 (**Exhibit B**).

I, Atul C. Shah, MD, sincerely believe that Honorable Bankruptcy Judge Robert E. Gerber rendered **TWO DELAYED JUDGEMENTS** for my civil case during **Summer and Fall** of 2012 (**Exhibit C**).

So, the Honorable Bankruptcy Judge Robert E. Gerber rendered TWO JUDGMENTS during 2012 for my historic and unprecedented civil case that is unfair and unauthorized by the Court Rules.

I have had a nice telephone discussion with Keith Martorana, Esq. at Wilmington Company Trust Administrator few days after the Bankruptcy Court Hearing (Doc 13256) dated July 1, 2015.

I simply asked Keith Martorana on telephone that "How about my Monetary Share" for this civil case. He tactfully and honestly mentioned in Legal Terminology that he is "ALLOWED TO SHARE MONEY ONLY WITH ALLOWED CLAIMS" by the Honorable Judge at Bankruptcy Court on July 1, 2015 hearing proceeds.

So, my Claim was DISALLOWED AGAIN on July 1, 2015 by the Honorable Judge Robert E. Gerber per my simple assumption. This judgment by Hon Judge Robert E. Gerber is his THIRD JUDGMENTS for my Civil Case from 2012 to 2015.

Unfortunately, the Honorable Bankruptcy Judge Robert E. Gerber rendered **TWO** judgments in 2012 and **ONE** judgment in July 1, 2015 – total THREE JUDGMENTS for my civil case!!!

I am hundred percent sure and confident that Modern Law System, American Judiciary System and erudite Modern Law Practitioners perfectly know well that **MULTIPLE JUDGMENTS** are never allowed for any <u>Civil Case or Criminal Case</u> as documented in my Legal Brief titled as <u>"MOTION TO VACATE JUDGMENT AND TO HOLD EVIDENTIARY HEARING ON THE MERITS FOR MLC GUC CLAIM NUMBER 28820" dated June 25, 2012 as described in Exhibit B.</u>

Please kindly review again my above-mentioned Legal Briefs dated June 25, 2012 "**Motion to Vacate Judgment and to Hold Evidentiary Hearing**" submitted to the Honorable United States Bankruptcy Court on June 25, 2012 (Exhibit B) and to the Honorable United States District Court. I am forwarding only **7** Pages out of **36** Pages Legal Brief to the United States District Court dated February 11, 2013 (**Exhibit D**).

This is simple and humble request to the Honorable United States Bankruptcy Court, GUC Trust Administrators and all the erudite Modern Law Practitioners by Plaintiff and Pro Se Litigant Atul C. Shah, MD.

Again, this is a **<u>Soul Searching and Honest</u>** request and nothing else.

## **Conclusion:**

I, Atul C. Shah, humbly and sincerely request to the Honorable United States

Bankruptcy Court to vacate the Multiple Judgments by Honorable Judge

Robert E. Gerber and invite me for the "Evidentiary Hearing" to be held on

September 22, 2015 or anytime for the Fair and Equal Justice.


Respectfully submitted,



Atul C. Shah, MD

Plaintiff and Pro Se Litigant

Troy, Michigan

August 8, 2015



## **Enclosures are the following Exhibits with this Brief:**

**1.** Letter from Keith Martorana, Esq. Gibson, Dunn & Crutcher LLP
        Dated August 4, 2015 (**Exhibit A**)
**2.** Motion to Vacate Judgment and to Hold Evidentiary Hearing on the Merits
        for MLC GUC Claim Number 28820" dated June 25, 2012 (**Exhibit B**)
**3.** Two Delayed Judgments by Hon Bankruptcy Judge Robert E. Gerber
        Dated September 27, 2012 (**Exhibit C**)
**4.** United States District Court of the Southern District of New York
        Pro Se Office, Daniel Patrick Moynihan United States Courthouse
        500 Pearl Street, Room 200, New York, New York 10007
        Dated February 11, 2013 (**Exhibit D**)

**Hard Copy is forwarded via regular Mail to the following recipients:**

**1.** Weil, Gotshal & Manges LLP, attorneys for the Motors Liquidation Company GUC Trust,

767 Fifth Avenue, New York, New York 10153

(Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.);

**2.** The Debtors, c/o Motors Liquidation Company,

401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 (Attn: Thomas Morrow);

**3.** General Motors LLC, 400 Renaissance Centers, Detroit, Michigan 48265

(Attn: Lawrence S. Buonomo, Esq.);

**4.** Cadwalader, Wickersham & Taft LLP, attorneys for the United

States Department of the Treasury,

One World Financial Center, New York, New York 10281

(Attn: John J. Rapisardi, Esq.);

**5.** The United States Department of the Treasury, 1500 09-50026-reg Doc 13045 Filed 01/14/15 Entered 01/14/15 16:26:57 Main Document

Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.);

**6.** Vedder Price, P.C., attorneys for Export Development Canada,

1633 Broadway, 47th Floor, New York, New York 10019

(Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.);

**7.** Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.);

**8.** The Office of the United States Trustee for the Southern District of New York,

33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.);

**9.** The U.S. Attorney's Office, S.D.N.Y.,

86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.);

**10.** Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims,

375 Park Avenue, 35th Floor, New York, New York 10152-3500

(Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and

One Thomas Circle, N.W. Suite 1100, Washington, DC 20005

(Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.);

**11.** Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.);

**12.** Gibson, Dunn & Crutcher LLP, attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.);

**13.** FTI Consulting, as the GUC Trust Monitor and as the Avoidance Action Trust Monitor, 3 Times Square, 11th Floor New York, NY 10036 (Attn: Conor Tully);

**14.** Crowell & Moring LLP, attorneys for the Revitalizing Auto Communities Environmental Response Trust,

590 Madison Avenue, 19th Floor, New York, New York 10022-2524

(Attn: Michael V. Blumenthal, Esq.);

**15.** Kirk 09-50026-reg Doc 13045 Filed 01/14/15 Entered 01/14/15 16:26:57 Main Document

P. Watson, Esq., as the Asbestos Trust Administrator,

2301 Woodlawn Boulevard, Austin, Texas 78703

**16.** Jeffrey Rhodes Esq., Dickstein Shapiro, LLP, Defendant Attorneys for Motor Liquidation Company,
1825 Eye Street, NW Washington, DC 20006 and

**17.** Colleen Kilfoyle Esq., Associate Attorney, Dickstein Shapiro, LLP, Defendant Attorneys for Motor Liquidation Company, New York

## Exhibit A

HEARING DATE AND TIME: September 22, 2015 at 9:45 a.m. (Eastern Time)
Evidentiary Hearing Requested

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
Matthew J. Williams
Lisa H. Rubin
Keith Martorana

*Attorneys for the Motors Liquidation Company*
*GUC Trust Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                  :
**In re**                                                         :        **Chapter 11 Case No.**
                                                                  :
                                                                  :        **09-50026 (REG)**
**MOTORS LIQUIDATION COMPANY, *et al.*,**                         :
**f/k/a General Motors Corp., *et al.***                          :        **(Jointly Administered)**
                                                                  :
                   **Debtors.**                                   :
-----------------------------------------------------------------x

**NOTICE OF RESCHEDULED HEARING WITH RESPECT**
**TO PLAINTIFFS' REQUEST FOR A STAY PENDING APPEAL**

**PLEASE TAKE NOTICE** that on June 3, 2015, Wilmington Trust

Company, solely in its capacity as trust administrator and trustee (in such capacity, the "**GUC**

**Trust Administrator**"), of the Motors Liquidation Company GUC Trust (the "**GUC**

**Trust**"), formed by the above-captioned debtors in connection with the Debtors' Second

Amended Joint Chapter 11 Plan dated March 18, 2011, filed a motion (the "**Motion**") for an

order, pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code and

section 13.13 of the Amended and Restated Motors Liquidation Company GUC Trust

Agreement dated June 11, 2012 (as amended, the "**GUC Trust Agreement**"), authorizing

the GUC Trust Administrator to (A) (i) exercise and/or liquidate the GUC Trust's holdings of

certain warrants issued by General Motors Company ("**New GM**"), (ii) liquidate the GUC

Trust's holdings of common stock issued by New GM, and (B) make corresponding

amendments to the GUC Trust Agreement [Docket No. 13186].

      **PLEASE TAKE FURTHER NOTICE** that on June 24, 2015, the Ignition

Switch Plaintiffs, Certain Non-Ignition Switch Plaintiffs, and the Ignition Switch Pre-Closing

Accident Plaintiffs (collectively, "**Plaintiffs**") filed responses to the Motion affirmatively

requesting a stay of interim distributions by the GUC Trust pending resolution of certain

Plaintiffs' appeal of this Court's equitable mootness holdings in the *Decision on Motion to*

*Enforce Sale Order* (the "**Stay Requests**") [Docket Nos. 13246, 13248].

      **PLEASE TAKE FURTHER NOTICE** that on June 26, 2015, the GUC Trust

Administrator and certain unaffiliated holders of beneficial units of the GUC Trust filed

replies to the Stay Requests (the "**Stay Request Replies**") [Docket Nos. 13256, 13257].

      **PLEASE TAKE FURTHER NOTICE** that on July 2, 2015, following a

hearing, the Court entered an order approving the Motion, and adjourned the hearing on the

Stay Requests and the Stay Request Replies, which hearing was originally scheduled for

August 12, 2015 [Docket No. 13314].

      **PLEASE TAKE FURTHER NOTICE** that the hearing on Stay Requests and

Stay Request Replies has been further rescheduled for **September 22, 2015, at 9:45 a.m.**,

and will proceed as an evidentiary hearing.

Dated:  New York, New York
        August 4, 2015

                GIBSON, DUNN & CRUTCHER LLP

                By:    /s/ Matthew J. Williams

                Matthew J. Williams
                Lisa H. Rubin
                Keith Martorana
                200 Park Avenue
                New York, NY 10166-0193
                (212) 351-4000

                *Attorneys for the Motors Liquidation Company*
                *GUC Trust Administrator*

**Exhibit B**

**(EXHIBIT – B-1)**

**June 25, 2012**

**Atul C. Shah, MD**
**2884 Manorwood Drive**
**Troy, Michigan 48085**
**Telephone (248) 879-0795 Home**
**Telephone (248) 835-5025 Cell Phone**

**Representing Himself (Atul Shah) for**
**MLC GUC Claim No. 28820 filed by Atul Shah**

**UNITED STATES BANKRUPCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 Case No. |
| **MOTORS LIQUIDATION COMPNAY, et al.,** | **09-50026 (REG)** |
| **F/k/a General Motors Corp., et al.** | |
| **Debtor** | **(Jointly Administered)** |

## MOTION TO VACATE JUDGMENT AND TO HOLD
## EVIDENTIARY HEARING ON THE MERITS FOR
## MLC GUC CLAIM NUMBER 28820

Dr Atul C. Shah, MD, Plaintiff/Unsecured Creditor, hereby, moves this Honorable Court to vacate the judgment by Honorable Robert E. Gerber rendered at United Bankruptcy Court on May 15, 2012 for the above captioned case and to hold an evidentiary hearing on the merits.

**In support of his motion, Dr Shah states as follows**:

1. Hearing on objection for MLC GUC Claim Number 28820 was held before Honorable Judge Robert E. Gerber at United States Bankruptcy Court on May 15, 2012 in New York, New York.

1

2.  Your Honor (Honorable Judge Robert E. Gerber) permitted an out of state attorney (Deborah Kelly) whose application for Pro hoc vice was pending and of which you had no information and did not ask me if I would agree or object.

3.  She (Deborah Kelly) was a self-proclaimed expert in employment discrimination law.

4.  She (Deborah Kelly) told you that I did not have a case.

5.  Your Honor gave credence to her (Deborah Kelly) version of the applicable law and facts.

6.  Your Honor agrees with Deborah Kelly's presentation without any evidentiary hearing.

7.  Your Honor considered an evidentiary hearing but rejected it based upon my adversary's opinion of the applicable law and facts.

8.  My adversary admitted in its pleading that they may not be entitled to a dismissal of all my claims.

9.  They asked that punitive damages be dropped.

10.  They asked that compensatory damages be capped at $500,000. Your Honor reduce this Compensatory damages to $300,000.

11.  The defendant attorney (Stefanie Greer) went to your clerk and informed her that I had a plane to catch as if I wanted a decision in a hurry which was not true. I merely informed her that I may have to leave.  I was entitled to proper consideration of my claims.

12.  Your Honor then dismissed all my claims without a hearing and without any chance to brief the issues.

13.  Your Honor entered a judgment but informed me that if I want to appeal to let your honor know and your honor will write a more detailed opinion.

14.  That means that if I chose to appeal, this is not a final judgment.

15.  Upon information and belief, the court rules do not permit two final judgments.

16.  My appeal rights are in jeopardy because there are precise timelines from which to appeal.

17.  I already have grounds for an appeal and I am still waiting more than a reasonable time for your honor's second final judgment. I informed defendant attorney Stefanie J. Greer that I wish to appeal for this judgment on May 29, 2012 by email and a letter by certified mail prior to deadline of June 5, 2012.

**(EXHIBIT – B-1)**

18.  I was told that your honor will take quite some time before your honor get around to issuing this second final judgment.

19.  This is extremely prejudicial to me and not authorized by the court rules.

20.  The defendant attorney Stefanie Greer stated that my case was expunge or dismissed in court room after conclusion on May 15, 2012.  That is not true. My case was disallowed and not expunged or dismissed per letter I received dated May 22, 2012 from defendant attorney Stefanie J. Greer.

21.  Bashen Corporation is both a contractor for the EEOC and was the actual respondent "representing" GM.  They were listed as the respondent by EEOC.

22.  This court is unfamiliar with the intricacies of a discrimination case and listened only to my adversary for their guidance.

23.  To deny this motion would be a miscarriage of justice and abuse of discretion.

24.  It would be a denial of due process and of my equal protection rights.

**Wherefore, I ask this Honorable Court to vacate the "Judgment" by Honorable Judge Robert E. Gerber and to hold an evidentiary hearing where I can testify, call witnesses and conduct cross examination**.


Respectfully submitted,


Atul C. Shah, MD
Plaintiff/Unsecured Creditor
2884 Manorwood rive
Troy, Michigan 48085

June 25, 2012


Copy of this motion has been sent to the following Recipients who are affiliated with this case by email or letter via regular mail:

1. Dickstein Shapiro, LLP, attorneys for the GUC Trust, 1633 Broadway, New York, New York 10019-6708 (Attn: Barry N. Seidel, Esq., and Stefanie Birbrower Greer, Esq., Anamay Carmel, Esq., Alden O'Neil, Esq., Kenneth Griffith, Esq.)
2. Deborah Kelly, attorney as Employment Discrimination Specialist by Dickstein Shapiro, LLP

**(EXHIBIT – B-1)**

3. The Debtor, c/o Motor Liquidation Company, 401 South Old Woodward Avenue, Suite 370, Birmingham, Michigan 48009 ( Attn: Thomas Morrow)
4. General Motors, LLC, 400 Renaissance Center, Detroit, Michigan 48265 (Attn: Lawrence S. Buonomo, Esq.)
5. Cadwalder, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York New York 10281 (Attn: John J. Rapisardi, Esq.)
6. The United States Department of the Treasury, 1500 Pennsylvania Avenue NW, Room 2312, Washington, D.C. 20220 (Attn: Joseph Samarias, Esq.)
7. Vedder Price, P.C., attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, New York 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq)
8. Kramer Levin Naftalis & Frankel LLP, attorneys for the statutory committee of unsecured creditors, 1177 Avenue of the Americas, New York, New York 10036 ( Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud Esq., and Jennifer Sharret, Esq.)
9. The Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.)
10. The U.S. Attorney's Office, S.D.N.Y., 86 Chambers Street, Third Floor, New York, New York 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.)
11. Caplin & Drysdale, Chartered, attorneys for the official committee of unsecured creditors holding asbestos-related claims, 375 Park Avenue, 35th Floor, New York, New York 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and one Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, ESq.)
12. Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, attorneys for Dean M. Trafelet in his capacity as the legal representative for future asbestos personal injury claimants, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.)
13. Gibson, Dunn & Crutcher LLP, attorneys for Wilmington trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue,  47th Floor, New York, New York 10166 (Attn: Keith Martorana, Esq.)
14. FTI Consulting. As the GUC Trust Monitor and as the Avoidance Action Trust Monitor, One Atlantic Center, 1201 West Peachtree Street, Suite 500, Atlanta, Georgia 30309 (Attn: Anna Phillips)
15. Crowell & Moring LLP, attorneys for the revitalizing Auto Communities Environmental Response Trut, 590 Madison Avenue, 19th Floor, New York, New York 10022-2524 (Attn: Michael V. Blumenthal, Esq.)
16. Kirk P. Watson, Esq. as the Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, Texas 78703.
17. Bob McQuade, Retired Lawyer, 8118 Center Line, MI 48015
18. Satyam Talati, Esq., Attorney, Troy, Michigan

## Exhibit C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY, *et al,* *f/k/a* **General Motors Corp.,** *et al*: | 09-50026 (REG) |
| Debtors, | (Jointly Administered) |

## ORDER ~~GRANTING~~ SUSTSINING OBJECTION TO PROOF OF CLAIM NO. 28820 FILED BY ATUL SHAH

Upon the Objection to Proof of Claim Number 28820 (the "Claim") dated April 12, 2012 (the "Objection") (ECF. No. 11590), of the Motors Liquidation Company GUC Trust (the "GUC Trust"), formed by the above-captioned debtors (collectively, the "Debtors") in connection with the Debtors' Second Amended Joint Chapter 11 Plan, dated March 18,2011 (as may be amended, supplemented, or modified from time to time, the "Plan"), pursuant to section 502(b) of title 11, United States Code (the "Bankruptcy Code"), seeking entry of an order disallowing and expunging the Claim on the basis that such claim fails to set forth facts necessary to establish any legal or factual basis for the alleged claim, a? more fully described in the Objection (ECF No. 11590); and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having considered the response to the Objection filed by Dr. Shah (ECF No. 11696), the reply to the response to the Objection filed by the GUC Trust (ECF No. 11694), and the letter filed by Dr. Shah (ECF Nos. 11923 and 12002); and the Court at the hearing on the Objection on May 15th, 2012 (the "Hearing") having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their

legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon the record, including findings of fact and conclusions of law set forth by this Court at the Hearing and in the Decision On Objection to Claim of Dr. Atul C. Shah' dated August 6, 2012 (ECF No. 12001); and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Objection is granted; and it is further ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is disallowed and expunged; and it is further

ORDERED that the time to appeal runs from-the date this order is entered; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York    *September 27, 2012*          s/ Robert E. Gerber

                                                          United States Bankruptcy Judge

2

D0CSNY-5Q4859

**Exhibit D**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**United States District Court of the Southern District of New York**
Pro Se Office
**Daniel Patrick Moynihan United States Courthouse**
500 Pearl Street, Room 200
New York, New York 10007

February 11, 2013

In re

MOTORS LIQUIDATION COMPANY, et al.,      Case No. 12-cv-8783
       F/k/a General Motors Corp., et al.   HON. J. Paul Oetken

     Debtor

                            Chapter 11
                            (Jointly Administered)
                            Bankruptcy Case No. 09-50026 (REG)

Atul C. Shah
Pro Se Appellant
2884 Manorwood Drive
Troy, MI, 48085
(248) 879-0795

DICKSTEIN SHAPIRO LLP
Stefanie Birbrower Greer
Barry N. Seidel
Attorneys for Appellee
Motor Liquidation Company GUC Trust
1633 Broadway
New York, New York, 10019

## **Request for the Evidentiary Hearing for this Case**:

Evidentiary hearing is the process in the court system for discovery of the truths and actual findings that certainly help for the fair and clean judgments by the Honorable Judges. I may humbly request the Honorable Court and the Honorable J. Paul Oetken for the Cross examination and invitation of witnesses for fairness and justice with this case.

**A.** Request for the invitation or subpoena of the witnesses for Cross Examination for discovering truth with help of Evidentiary Hearing by the Honorable Court:

**1.** Dr. Miller and Dr. Burton from General Motors Company to appear in court for the cross examination at the evidentiary hearing for discovering the discrimination, injustice and abuse of power base upon Religion, Nationality, Color and Age of Dr. Shah.

**2.** Detroit EEOC investigator Spyridon Mellow should attend for cross examination for the Evidentiary Hearing for the fact finding.

**3.** Dr. Renato Ortega, MD should appear for the cross examination. Dr. Ortega mentioned to Dr. Shah that Dr. Miller was planning to dismiss and fire Dr. Shah for three years from 2005 to June 11, 2008.

**4.** Nursing Director Emerson Cameron and Nurse Chuck Rue at GM Medical Department at Willow Run Plant should be invited for the cross examination for discovering the truth about my documentation and work performance at work.

**5.** The defendant attorneys Stefanie B. Greer and Deborah Kelly from Dickstein Shapiro LLP must explain to the honorable court. The defendant attorney Stefanie B, Greer made a statement of "Laundry List Evidences of Dr. Shah" and Dr. Shah is throwing "Spaghetti Balls on Kitchen wall with one ball may stick to wall for

the monetary jackpot" statement by Deborah Kelly during hearing and court

proceedings. Merely ridiculing and making fun is certainly not the base for

proving or disproving the truth by anyone.

**6.**  The Honorable Judge Robert E. Gerber should explain accurately and

scientifically the definition of "Perception, Lack of Perception and

Misperception" with this case and other cases per his ability. Mere statement that

Dr. Shah perceived discrimination based upon his "Religion, Nationality, Color

and Age are nothing but the Perception of Dr. Shah" is inadequate and unfair

statement by the Honorable Judge Gerber.

**7.**  It is very interesting to mention that the Honorable Judge Gerber was thinking for

the Evidentiary Hearing for my case for discovering the truth. However, the

Honorable Judge Gerber never implemented or ordered Evidentiary Hearing as

requested several times in my Response letters to him.


**B.** Request for the invitation and input for the "Higher Dimensions" by the following

influential Executive heads or witnesses for discovering the truth with help of Evidentiary

Hearing by the honorable court for this case:

**1.**  Presidents of American Medical Association and American Psychiatric

Association as well as Director of Disability Determination Services should attend

personally or submit the explanation for rejecting or not implementing the Higher

Dimensions with Modern Science including Bio-medical Science, Psychiatry and

Psychology for the benefits and betterment of Modern Mankind as suggested by

Dr. Shah in several correspondences and articles within last six to seven years. I am affiliated with these medical organizations past two decades or more.

**2.** Dr. Jeremy A. Lazarus, MD is the current AMA President now and Dr. Dilip Jeste is the current President of APA should submit their written explanation for the need or no need of Higher Dimensions with the Bio-medical Science including Psychiatry and Psychology per the Vedic Literature: the Supreme Science. Dr. Lazarus and Dr. Jeste are practicing Psychiatry for a long time in USA.

**3.** Dr. Jeremy Lazarus, MD and Dr. Dilip Jeste, MD should submit short thesis or brief describing the "Perception, Lack of Perception and Misperception" per their educational, occupational, religious, cultural and intuitive backgrounds to the honorable court. Dr. Lazarus is from USA and Dr. Jeste is from India and both are practicing Psychiatry for the long time. Dr. Shah believes that the concepts of Psychiatry and Psychology are the most disorganized, superficial and craziest in nature. Dr. Lazarus and Dr. Jeste should submit their version of Psychiatry to prove or disprove my observation regarding Psychiatry in the democratic spirit.

**4.** Charles A. Jones is a Director of Disability Determination Service at Lansing in Michigan. He also should submit his written explanation to the honorable court for need of Higher Dimensions with DDS. I forwarded several articles and correspondences to Mr. Charles within last two or three years for the essential need of Higher Dimensions with Disability Determination Services.

**5.** The honorable court should invite Chairmen and CEO Mr. Bill Gates of Microsoft Company and other wealthy Internet and Computer companies to submit the thesis or article describing the "Description of the Fundamental Principles of

<u>Internet and Computer science for the comparative study</u>" as requested by Dr. Atul C. Shah, MD several times within last six to seven years.

6.  The honorable court should invite Chairmen and Research Directors of other Internet companies such as Yahoo, Google and Intel or AOL etc for the submission of the "<u>Description of the Fundamental Principles of Internet and Computer Science for the comparative study</u>" as requested several times to these wealthy and influential companies past less than one decade.

7.  I will be happy to present my personal article titled as "<u>Description of the Fundamental Principles of Internet and Computer Science Mystery per the Vedic Wisdom</u>" to the honorable court for the comparative study.

8.  The honorable court should established the "<u>Scientific Committee</u>" consisting of the Nobel Prize Winner Physicists, Scientists and Physicians for the review of thesis or articles submitted by Mr. Bill Gates and his Research Directors and other Internet Companies including myself about their description of the Fundamental Principles of Internet and Computer Science. The Scientific Committee should provide their final discovery or opinion regarding the Description of the Fundamental Principles of Internet and Computer Science submitted by Mr. Bill Gates and his Research Directors with the description of the Fundamental Principles of Internet and Computer Science as described in my article.

9.  The honorable court should invite the learned Law Practitioners from USA, United Kingdom and India as well as other countries for their input for the urgent necessity of the Higher Dimensions with the Modern man-made Constitutional

Laws and Applicable Laws for rendering the fair and equal judgments by the

Honorable Judges to the General Public in the democratic spirit right now.

**10.** The discovery of the truth and telling the truth by the General Public, Plaintiffs,

defendant attorneys and by the Honorable Judges is the sacred duty and sublime

function of the Honorable Court. This is a reality and a real truth.

**Hard Copy of Appeal Brief to:**

1. The Honorable J. Paul Oetken at the United States District Court, New York
2. Pro Se Office Clerks at the United States District Court, New York
3. Stefanie B. Greer, an Appellee and the defendant attorney from Dickstein Shapiro LLP at New York, New York

**Enclosures with hard copy of Exhibits and Letters**:

1. Eleven page EEOC letter submitted on December 14, 2008 in Detroit **(Exhibit A)**
2. Legal Brief submitted to Honorable Judge Gerber on May 4, 2012 in New York **(Exhibit B)**
3. Motion to Vacate the Judgment Legal Brief dated June 25, 2012 **(Exhibit–B 1)**
4. Letter by the defendant attorney Stefanie B. Greer Dickstein Shapiro LLP dated January 22, 2013 **(Exhibit C)**
5. "Higher Dimensions" article written by Dr. Atul C. Shah, MD describing the need of Higher Dimensions with Modern Science, Modern Law System and Modern Internet and Computer Science Technology **(Exhibit D)**
6. Attached are 10 pages out of 106 Pages Report by Subcommittee of the Congressmen describing the unfair treatment by the GM Bankruptcy Court dated June 22, 2011  Available via the World Wide Web: http://www.fdsys.gov http://www.house.gov/reform for the detail **(Exhibit E)**
7. Letter written to Pablo Falabella Attorney at Weil, Gotshal & Manges LLP for the Alternative Dispute Resolution dated July 17, 2010 **(Exhibit F)**
8. Letter written to Michelle Riba, MD  President and Nada Logan Stotland, MD, MPH  Secretary, American Psychiatric Association, Arlington, VA on March 31, 2005 for the Higher Dimensions with Psychiatry  **(Exhibit G)**
9. Letter written to late Dr. Ronald M. Davis, MD AMA President on January 2008 describing the need of Integration of Modern Science and Spiritual Science. **(Exhibit – H – 1)**

10. Letter written to Dr. Jeremy Lazarus, MD current AMA President describing the need of <u>Higher Dimensions</u> with Modern Science including Bio-medical Science, Psychiatry and Psychology. **(Exhibit – H-2)**

11. Response letter by Dr. Jeremy Lazarus, MD current AMA President  dated July 30, 2012 **(Exhibit-H-3)**

12. Letter to Charles A. Jones Director of DDS Lansing for the <u>Higher Dimensions</u> with Disability Determination Services dated March 28, 2012 **(Exhibit- H-4)**