**Deadline to Respond: September 3, 2015**
**Hearing Date and Time: TBD if Necessary**

William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
T: 212-813-8800
E: wweintraub@goodwinprocter.com
E: gfox@goodwinprocter.com

*Counsel for Hilliard Muñoz Gonzales LLP
and Thomas J. Henry Injury Attorneys*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X
　　　　　　　　　　　　　　　　　　　　　　:
In re:　　　　　　　　　　　　　　　　　　　:　　　Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,　　　:　　　Case No.: 09-50026 (REG)
　　　f/k/a General Motors Corp., et al.,　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　Debtors.　　:　　　(Jointly Administered)
----------------------------------------------------------X

## ADAMS PLAINTIFFS' NO DISMISSAL PLEADING

　　　　Ernest Adams, individually and as representative of the estate of Elizabeth Williams, and together with the other plaintiffs listed on the Exhibit A to the Omnibus Complaint for Pre-Sale Personal Injuries and Deaths (the "Complaint") attached hereto as Exhibit A (collectively, the "Adams Plaintiffs"), by and through undersigned counsel hereby respectfully submit this No Dismissal Pleading pursuant to paragraph 18(b) of the Judgment entered by the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on June 1, 2015 [Docket

No. 13177] (the "Judgment").[1]  In support of this No Dismissal Pleading, the Adams Plaintiffs respectfully state as follows:

## Background

As set forth in the Complaint, the Adams Plaintiffs are individuals with claims for personal injury and/or wrongful death stemming from accidents involving General Motors vehicles that occurred prior to the 363 Sale from Old GM to New GM, which sale closed on July 10, 2009.

In its April 15, 2015 Decision and subsequent Judgment, the Bankruptcy Court ruled that Plaintiffs (including Ignition Switch Pre-Closing Accident Plaintiffs) did not receive notice of the November 30, 2009 deadline to file proofs of claim against Old GM (the "Bar Date") that satisfied the Due Process Clause of the U.S. Constitution and that the Plaintiffs were prejudiced by this failure to receive constitutionally sufficient notice.  *See* Judgment at ¶¶ 1-6; *see also* Decision, 529 B.R. at 560, 573-74 (holding that publication notice of the Bar Date was insufficient for due process purposes because "owners of cars with Ignition Switch Defects had 'known' claims" and that "the denial of timely notice of the Old GM Bar Date prejudiced the Plaintiffs with respect to any claims they might have filed against Old GM.").

On July 16, 2015, the Adams Plaintiffs filed their Complaint against New GM in the General Motors multi-district litigation proceedings pending before District Judge Furman of the Southern District of New York (the "MDL").  The Complaint alleges a single count of liability against New GM:  Negligence, Gross Negligence, Recklessness and/or Fraud by Concealment of the Right to File a Claim Against Old GM in Bankruptcy.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Judgment and the Bankruptcy Court's April 15, 2015 Decision on Motion to Enforce Sale Order [Docket No. 13109], *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015) (the "Decision").

2

As explained more fully in the Complaint, the basis for the Adams Plaintiffs' claim against New GM is that, immediately following the closing of the 363 Sale from Old GM to New GM on July 10, 2009, by acquiring the employees, books and records of Old GM, New GM acquired knowledge of the existence of the Ignition Switch Defect and the resulting claims against Old GM held by those injured or killed as a result of this known safety defect. Thus, following the 363 Sale, New GM independently caused harm to the Adams Plaintiffs by concealing from them the existence of the Ignition Switch Defect, the direct consequence of which was that the Adams Plaintiffs did not timely file proofs of claim in Old GM's chapter 11 cases and were ultimately barred recovery from assets of the GUC Trust as a result of the Bankruptcy Court's equitable mootness ruling. *See* Decision, 529 B.R. at 592; Judgment at ¶ 6 (prohibiting Plaintiffs from recovering on late claims from GUC Trust Assets on equitable mootness grounds).[2]

The Complaint seeks recovery from New GM for the harm the Adams Plaintiffs suffered as a consequence of New GM's failure to inform them of the existence of the Ignition Switch Defect after the closing of the 363 Sale but prior to the Bar Date (a period of over one hundred and forty (140) days). Those damages are in an amount to be proven at trial but such damages in theory should at least equal the recovery that the Adams Plaintiffs would have recovered from the GUC Trust had they been informed by New GM of the existence of the Ignition Switch Defect at any time between the closing of the 363 Sale and the Bar Date and, thus, been afforded an opportunity to file timely proofs of claim.[3]

---

[2] Among other elements of the Decision and Judgment, the Bankruptcy Court's equitable mootness ruling is currently subject to an appeal.

[3] The Complaint also seeks punitive damages against New GM for its conduct to the extent permissible under applicable law. *See* Complaint at ¶ 57.

3

On July 20, 2015, counsel to the Adams Plaintiffs received a letter from counsel to New GM dated July 17, 2015 (the "New GM Letter") (attached hereto without attachments as Exhibit B). The New GM Letter asserts that the Complaint violates the terms of the Judgment by seeking to hold New GM liable for the actions of Old GM and instructs that the Adams Plaintiffs' failure to dismiss the Complaint or file a No Dismissal Pleading within seventeen (17) business days of the receipt of the New GM Letter enables New GM to seek and obtain from the Bankruptcy Court an order dismissing the Complaint.

## Argument

The Complaint does not seek to hold New GM liable as a successor to Old GM, which claims would be barred by the Bankruptcy Court's Judgment and Decision (which are currently on appeal). To the contrary, the Complaint seeks only to hold New GM liable for its own independent negligence, recklessness and/or fraud against the Adams Plaintiffs following the closing of the 363 Sale.

Upon the closing of the 363 Sale, New GM – through its employees, books and records – became aware of the existence of the Adams Plaintiffs' claims against Old GM and the likely consequences of not alerting those plaintiffs of their claims prior to the Bar Date (*i.e.*, that they would be barred from any recovery on account of their claims, which is the current state of affairs). Alerting the Adams Plaintiffs and all other Plaintiffs of the existence of their Ignition Switch Defect-related claims during this post-363 Sale timeframe could and should have been accomplished by New GM commencing a recall of these vehicles, which vehicles New GM knew to contain a deadly safety defect as of the moment the 363 Sale closed. *See* Decision, 529 B.R. at 538 (holding that Old GM employees had sufficient knowledge of the Ignition Switch Defect as of the 363 Sale to require a recall under applicable federal law and noting that all of

4

those employees were transferred to New GM). *See also In re Motors Liquidation Co.*, 2015 Bankr. LEXIS 2406, *9 n.16 (Bankr. S.D.N.Y. July 22, 2015) (the "Bledsoe Decision") (noting that for purpose of pursuing claims post-Judgment against New GM, "things New GM did, or knowledge New GM personnel had when acting for New GM (even if those personnel acquired that knowledge while acting for Old GM) would be fair game" and that "New GM would have to live with the knowledge its personnel had from the earliest days they began to serve New GM").

The Adams Plaintiffs expect that New GM will argue that the Complaint, which lists examples of knowledge of the Ignition Switch Defect and the cover-up of that defect that New GM acquired upon the closing of the 363 Sale, is a means of holding New GM responsible for Old GM's illegal and tortious conduct in violation of the Judgment. That is not the case.

Instead, the Complaint purely alleges that – as of acquiring this knowledge of the Ignition Switch Defect from employees, books and records previously belonging to Old GM – New GM had an independent duty to warn the Adams Plaintiffs that their rights vis-à-vis Old GM could be extinguished if they did not timely file a proof of claim. New GM did not do so. Whether New GM breached a duty it owed to the Adams Plaintiffs or acted negligently, recklessly or fraudulently with respect to the Adams Plaintiffs and whether New GM caused harm to them independent of the harm inflicted by Old GM are matters for trial in the MDL (or such appropriate trial court to which the MDL court refers this action).

In conclusion, the allegations of the Complaint are not "attempts to paint New GM with Old GM acts." Bledsoe Decision, 2015 Bankr. LEXIS 2406, at *9 n.16. The Complaint paints New GM with New GM acts alone. Accordingly, the Complaint does not violate the Judgment and the Adams Plaintiffs should be allowed to pursue these claims against New GM.

**Conclusion**

For the foregoing reasons, the Adams Plaintiffs respectfully request entry of an order deeming the Complaint not to be barred by the Bankruptcy Court's Decision and Judgment and permitting them to prosecute the Complaint in the appropriate forum.[4]

Dated: August 11, 2015

Respectfully submitted,

/s/ *William P. Weintraub*
William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: 212.813.8800
Fax:  212.355.3333
wweintraub@goodwinprocter.com
gfox@goodwinprocter.com

*Counsel for Hilliard Muñoz Gonzales LLP and Thomas J. Henry Injury Attorneys*

---

[4] On June 24, 2015, Designated Counsel for the Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs filed The Ignition Switch Plaintiffs' No Strike Pleading With Regard To The Second Amended Consolidated Complaint …" [Docket No. 13247] (the "Ignition Switch No Strike Pleading"). Concurrently therewith, Designated Counsel filed a motion to withdraw the reference to allow that Ignition Switch No Strike Pleading to be heard by District Judge Furman. *See* Docket No. 13250. One of the number of issues raised by the Ignition Switch No Strike Pleading is whether the Judgment bars claims against New GM for fraudulent concealment of those plaintiffs' ability to file a claim against Old GM. *See* Ignition Switch No Strike Pleading at ¶¶ 86-88. Because the Adams Plaintiffs' No Dismissal Pleading raises this same issue, in the interests of conserving judicial and party resources and consistency of rulings in related matters, the Adams Plaintiffs hereby reserve the right to file a motion to withdraw the reference with respect to this No Dismissal Pleading in the event the motion to withdraw the reference is granted with respect to the Ignition Switch No Strike Pleading.