# **EXHIBIT B**

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

July 17, 2015

**Via E-Mail And Overnight Delivery**
Robert C. Hilliard, Esq.
Hilliard Munoz Gonzales LLP
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401

Re:  *Adams v. General Motors LLC*
     **Case No.: 1:15-cv-05528 (S.D.N.Y.)**

Dear Mr. Hilliard:

As you know, King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**"), the defendant in the above-referenced action ("**Action**"). Reference is made to your complaint ("**Complaint**") filed in the Action which seeks to hold New GM liable for various claims, all of which are based on hundreds of accidents that occurred prior to the closing of the sale ("**Sale**") from General Motors Corporation (n/k/a Motors Liquidation Company) ("**Old GM**") to New GM.

Contrary to the allegations set forth in the Complaint, New GM is not liable for claims based on accidents that occurred prior to the closing of the Sale. The Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 (as amended) ("**Sale Agreement**"), which was approved by an Order, dated July 5, 2009 ("**Sale Order and Injunction**"), of the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"), is clear in this regard, providing that Retained Liabilities (as defined in Section 2.3(b) of the Sale Agreement) of Old GM specifically include "all Product Liabilities arising in whole or in part from any accidents, incidents or other occurrences that happen prior to the Closing Date[.]" Sale Agreement, § 2.3(b)(ix). Pursuant to the Sale Order and Injunction, you are prohibited from asserting any Retained Liabilities against New GM. *See, e.g.*, Sale Order and Injunction, ¶¶ 8, 46.

The Bankruptcy Court recently issued a Judgment, dated June 1, 2015 ("**Judgment**"), which reiterated that plaintiffs, like all of the plaintiffs in the Action, who were involved in accidents that occurred prior to the closing of the 363 Sale, are barred from asserting claims against New GM that are based on pre-Sale accidents. *See Judgment*, dated June 1, 2015 [Dkt. No. 13177]

26205832v1

Robert C. Hilliard, Esq.
July 17, 2015
Page 2

("**Judgment**"),[1] ¶ 7 ("Any claims and/or causes of action brought by the Ignition Switch Pre-Closing Accident Plaintiffs that seek to hold New GM liable for accidents or incidents that occurred prior to the closing of the 363 Sale are barred and enjoined pursuant to the Sale Order. The Ignition Switch Pre-Closing Accident Plaintiffs shall not assert or maintain any such claim or cause of action against New GM."). Accordingly, the Complaint should be dismissed.

The Judgment provides procedures for the dismissal of the Action. Specifically, it provides as follows:

> New GM is hereby authorized to serve this Judgment and the Decision upon any additional party (or his or her attorney) (each, an "**Additional Party**") that commences a lawsuit and/or is not otherwise on Exhibits "A" through "D" hereto (each, an "**Additional Lawsuit**") against New GM that would be proscribed by the Sale Order (as modified by the Decision and this Judgment). Any Additional Party shall have 17 business days upon receipt of service by New GM of the Decision and Judgment to dismiss, without prejudice, such Additional Lawsuit or the allegations, claims or causes of action contained in such Additional Lawsuit that would violate the Decision, this Judgment, or the Sale Order (as modified by the Decision and this Judgment).

Judgment, ¶ 18(a). Accordingly, pursuant to the terms of the Judgment, you have 17 business days from receipt of the Decision and Judgment to dismiss the Complaint.

> To the extent you have a
>
> good faith basis to maintain that the [Action] . . . should not be dismissed without prejudice, [you] shall, within 17 business days upon receipt of the Decision and Judgment, file with [the Bankruptcy Court] a No Dismissal Pleading explaining why such [Action] . . . should not be dismissed without prejudice. *The No Dismissal Pleading shall not reargue issues that were already decided by the Decision and Judgment.* New GM shall file a response to the No Dismissal Pleading within 17 business days of service of the No Dismissal Pleading. The [Bankruptcy] Court will schedule a hearing thereon if it believes one is necessary.

*Id.*, ¶ 18(b) (emphasis added).

If you fail to either timely dismiss the Complaint or timely file a No Dismissal Pleading, New GM is permitted to file with the Bankruptcy Court a "notice of presentment on five (5) business days' notice, with an attached Dismissal Order that directs [you] to dismiss without prejudice the [Complaint] . . ., within 17 business days of receipt of the Dismissal Order." *Id.*, ¶ 18(c).

This letter and its attachments constitute service on you of the Judgment and Decision, which triggers the provisions in paragraph 18 of the Judgment with respect to the Action.

---

[1] A copy of the Judgment is annexed hereto as Exhibit "A." The Judgment memorializes the rulings in the Bankruptcy Court's *Decision on Motion to Enforce Sale Order*, dated April 15, 2015 ("**Decision**"). A copy of the Decision is annexed hereto as Exhibit "B."

Robert C. Hilliard, Esq.
July 17, 2015
Page 3

If you have any questions, please call me.

Very truly yours,

*/s/ Scott I. Davidson*

Scott I. Davidson

SD/hs
Encl.