**OBJECTION DEADLINE: September 3, 2015 at 5:00 p.m. (Eastern Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In re                                                : Chapter 11
                                                     :
MOTORS LIQUIDATION COMPANY, *et al.*,                : Case No.: 09-50026 (REG)
        f/k/a General Motors Corp., *et al.*         :
                                                     :
                                Debtors.             : (Jointly Administered)
                                                     :
---------------------------------------------------------------x

# NOTICE OF MOTION BY GENERAL MOTORS LLC, PURSUANT TO RULES 7052 AND 9023 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL BANKRUPTCY RULE 9023-1, FOR RELIEF FROM AND TO RECONSIDER THE COURT'S ORDER DATED JULY 29, 2015

PLEASE TAKE NOTICE that on the date hereof, General Motors LLC ("**New GM**") has filed with the United States Bankruptcy Court for the Southern District of New York the annexed Motion, dated August 11, 2015 (the "**Motion**"),[1] pursuant to Rules 7052 and 9023 of the Federal

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

26435626v1

Rules of Bankruptcy Procedure, and Rule 9023-1(a) of the *Local Bankruptcy Rules for the Southern District of New York* ("**Local Bankruptcy Rules**"), for relief from and to reconsider the Court's *Order Regarding Benjamin Pillars' No Stay Pleading And Related Pleadings*, dated July 29, 2015 ("**Pillars Order**") [Dkt. No. 13328], all as more fully set forth in the Motion.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York  10036 (Attn:  Arthur Steinberg and Scott Davidson) and (ii) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois  60654 (Attn:  Richard C. Godfrey, P.C. and Andrew B. Bloomer, P.C.), so as to be received no later than **September 3, 2015, at 5:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no responses or objections are timely filed and served with respect to the Motion, New GM may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 9023-1 of the Local Bankruptcy Rules, no oral argument shall be heard unless the Court grants the Motion and specifically orders that the matter be re-argued orally.

Dated: New York, New York
August 11, 2015

Respectfully submitted,

__/s/ Arthur Steinberg___
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:    (212) 556-2100
Facsimile:     (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

**OBJECTION DEADLINE: September 3, 2015 at 5:00 p.m. (Eastern Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg, Esq.
Scott Davidson, Esq.

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Counsel to General Motors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | | |
| In re: | : | Chapter 11 |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **Case No.: 09-50026 (REG)** |
| f/k/a General Motors Corp., *et al*. | : | |
| | : | **(Jointly Administered)** |
| **Debtors.** | : | |
| ------------------------------------------------------------x | | |

**MOTION BY GENERAL MOTORS LLC, PURSUANT TO
RULES 7052 AND 9023 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE, AND LOCAL BANKRUPTCY
RULE 9023-1, FOR RELIEF FROM AND TO RECONSIDER
THE COURT'S ORDER DATED JULY 29, 2015**

26434465v3

## TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT** ................................................................................................. 1

**RELEVANT BACKGROUND** .................................................................................................. 2

    A.  The Sale Agreement ........................................................................................................ 2

    B.  The *Deutsch* Decision ..................................................................................................... 3

    C.  The Pre-Closing Accident Motion to Enforce,
        the April 15 Decision, and the Judgment ....................................................................... 3

    D.  The Pillars Lawsuit ......................................................................................................... 4

    E.  The July 16, 2015 Hearing and the Pillars Order ........................................................... 5

    F.  New GM's Motion to Amend ......................................................................................... 5

    G.  Transfer of the Pillars Lawsuit to MDL No. 2543 ......................................................... 5

**ARGUMENT** .............................................................................................................................. 6

    A.  Motion to Amend/Reconsider Standard ........................................................................ 6

    B.  The Approval of the Motion to Amend Removes any
        Judicial Admission, and thus the *Deutsch* Decision is Controlling. ............................ 7

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*Henderson v. Metro. Bank & Trust Co.*,
   502 F. Supp. 2d 372 (S.D.N.Y. 2007) ................................................................................ 6

*In re Motors Liquidation Co.*,
   447 B.R. 142 (Bankr. S.D.N.Y. 2011) ............................................................................ 1, 3

*ING Global v. United Parcel Serv. Oasis Supply Corp.*,
   757 F.3d 92 (2d Cir 2014) .................................................................................................. 6

*Parrish v. Sollecito*,
   253 F. Supp. 2d 713 (S.D.N.Y. 2003) ................................................................................ 6

*United States v. Local 1804-1, Int'l Longshoremen's Ass'n*,
   831 F. Supp. 167 (S.D.N.Y. 1993),
   *aff'd sub nom. United States v. Carson*, 52 F.3d 1173 (2d Cir. 1995) ........................................ 7

**Statutes**

Fed. R. Bankr. P. 7052 ................................................................................................................ 1, 6

Fed. R. Bankr. P. 9023 ................................................................................................................ 1, 6

Fed. R. Civ. P. 15 ............................................................................................................................ 2

Fed. R. Civ. P. 52(b) ....................................................................................................................... 6

Fed. R. Civ. P. 59 ............................................................................................................................ 6

U.S. Bankr. Ct. Rules S.D.N.Y., Rule 9023-1. .......................................................................... 1, 6

**Treatises**

10 COLLIER ON BANKRUPTCY ¶ 7052.03
   (Alan N. Resnick & Henry J. Somme reds., 16th ed.) .................................................... 6

General Motors LLC ("**New GM**"), by its undersigned counsel, hereby submits this motion ("**Motion**"), pursuant to Rules 7052 and 9023 of the Federal Rules of Bankruptcy Procedure, ("**FRBP**"), and Rule 9023-1(a) of the *Local Bankruptcy Rules for the Southern District of New York* ("**Local Bankruptcy Rules**"), for relief from and to reconsider the Court's *Order Regarding Benjamin Pillars' No Stay Pleading And Related Pleadings*, dated July 29, 2015 ("**Pillars Order**") [Dkt. No. 13328]. In support of this Motion, New GM respectfully represents as follows:

## PRELIMINARY STATEMENT

1. At the July 16, 2015 hearing on the Pillars No Stay Pleading,[1] this Court stated that the *Deutsch* Decision[2] would have controlled, and New GM's position would have been sustained, if not for the mistake contained in the Pillars' Answer and the Pillars' Notice of Removal wherein New GM's counsel inadvertently quoted language from an earlier version (but not the final version) of Section 2.3(a)(ix) of the Sale Agreement. This Court ruled that those mistakes (which had not at that time been corrected by amendment) constituted judicial admissions, and the inadvertently quoted language (not the actual language of the Court-approved First Amendment to the Sale Agreement) controlled the dispute with Pillars.

2. After the July 16, 2015 hearing, New GM filed a motion in the United States District Court for the Eastern District of Michigan ("**Michigan District Court**"), where the Pillars Lawsuit was pending, to amend its pleadings to correct the inadvertent references to Section 2.3(a)(ix) of the Sale Agreement. On August 5, 2015, the Michigan District Court entered an order granting New GM's motion to amend.[3] In the Michigan Decision, Judge Ludington cited to numerous United States Court of Appeals decisions that recognize the

---

[1] Some of the terms used in the Preliminary Statement are defined in later sections of the Motion.
[2] The *Deutsch* Decision is published at *In re Motors Liquidation Co.*, 447 B.R. 142 (Bankr. S.D.N.Y. 2011)[referred to herein as the "***Deutsch* Decision**" or "***Deutsch***"].
[3] A copy of Judge Ludington's decision ("**Michigan Decision**") is annexed hereto as **Exhibit "A".**

principle that "judicial admissions" may be withdrawn by amendment, and he authorized New GM to amend its pleadings pursuant to the "liberal amendment policy" of Rule 15 of the Federal Rules of Civil Procedure ("**FRCP**") that freely grants such relief "when justice so requires."  On August 6, 2015, New GM amended its pleadings to correct its inadvertent mistake.[4] Accordingly, all references to Section 2.3(a)(ix) of the Sale Agreement in the Pillars Lawsuit are to the First Amendment to the Sale Agreement that was approved by this Court, and which formed the basis of the Court's *Deutsch* Decision that governs this dispute.

3. Based on these new and changed circumstances, the "judicial admission" made by New GM that was the basis for this Court's Pillars Order no longer exists.  Rather, the language in the First Amendment to the June 26 Version of the Sale Agreement governs the Pillars Lawsuit, just as it did in *Deutsch*, and it is respectfully requested that the Court reconsider its July 29, 2015 Order, deny Pillars' No Strike Pleading, and grant New GM the relief requested: specifically, that the Pillars Lawsuit be deemed a Pre-Closing Accident case and a Retained Liability of Old GM, and that the disposition of the Pillars Lawsuit be governed by the applicable provisions of the Court's June 1, 2015 Judgment ("**Judgment**").[5]

## RELEVANT BACKGROUND

A. **The Sale Agreement**

4. On June 1, 2009, the Debtors filed a motion with this Court seeking approval of a sale agreement which sold substantially all of Old GM's assets to New GM.  On June 26, 2009, Old GM and New GM entered into an Amended and Restated Master Sale and Purchase Agreement ("**June 26 Version**"), which, was thereafter further amended, in relevant part, on

---

[4] A copy of the amended Answer ("**Amended Answer**") and the amended Notice of Removal ("**Amended Notice of Removal**") are annexed hereto as **Exhibits "B"** and **"C,"** respectively.
[5] A proposed order for the relief sought herein is annexed hereto as **Exhibit "D."**

2

June 30, 2009 ("**First Amendment**").[6]  One of the amendments to the June 26 Version of the Sale Agreement made by the First Amendment related to Section 2.3(a)(ix).

B.     **The *Deutsch* Decision**

5.     In 2011, this Court rendered the *Deutsch* Decision, holding that, based on the language contained in Section 2.3(a)(ix) of the First Amendment to the June 26 Version of the Sale Agreement, liabilities relating to a post-363 Sale death arising from a pre-363 Sale accident were a Retained Liability of Old GM and not an Assumed Liability of New GM.  *See In re Motors Liquidation Co.*, 447 B.R. 142 (Bankr. S.D.N.Y. 2011).

6.     At the hearing held on July 16, 2015 in connection with the Pillars No Stay Pleading, the Court, in its preliminary remarks, stated that the *Deutsch* Decision was "quite obviously directly on point."  July 16, 2015 Tr., at 4:22-23.

C.     **The Pre-Closing Accident Motion to Enforce,
       the April 15 Decision, and the Judgment**

7.     Notwithstanding the express language of the First Amendment to the June 26 Version of the Sale Agreement that proscribed pre-closing accident claims being brought against New GM, various plaintiffs nevertheless commenced litigation against New GM on account of such claims, which necessitated New GM filing the Pre-Closing Accident Motion to Enforce. The Court heard oral argument on certain threshold issues in February 2015, and thereafter entered the April 15 Decision finding, among other things, that Pre-Closing Accident Plaintiffs could not demonstrate a violation of their due process rights, and that the Sale Order and Injunction is binding on them.  On June 1, 2015, the Court entered the Judgment in connection with the rulings set forth in the April 15 Decision, again finding that the Sale Order and Injunction is binding on Pre-Closing Accident Plaintiffs.  Under the *Deutsch* Decision and based

---

[6]  The June 26 Version of the Sale Agreement was further amended on July 5, 2009, but that amendment is not relevant to this motion.

3

on the First Amendment to the June 26 Version of the Sale Agreement, Pillars is a Pre-Closing Accident Plaintiff.

**D.     The Pillars Lawsuit**

8.     The Pillars Lawsuit was commenced on or about March 23, 2015, and was removed ("**Notice of Removal**") by New GM to the United States District Court for the Eastern District of Michigan ("**Michigan District Court**") on April 14, 2015.  While the Notice of Removal correctly quoted Section 2.3(b)(ix) of the June 26 Version of the Sale Agreement, in a footnote, it inadvertently quoted the language from Section 2.3(a)(ix) of the June 26 Version and not the governing language set forth in the First Amendment to the Sale Agreement.  The First Amendment, with the correct language, was an attachment to the Notice of Removal.

9.     On May 5, 2015, New GM filed an answer ("**Answer**") to Pillars' Amended Complaint.  Like the Notice of Removal, the Answer inadvertently quoted, in response to paragraph 17 of the Pillars Complaint, the language from Section 2.3(a)(ix) of the June 26 Version of the Sale Agreement, and not the governing language set forth in the First Amendment.  Paragraph 17 of the Pillars Complaint never referred to any version of Section 2.3(a)(ix) of the June 26 Version of the Sale Agreement, nor did it refer to the June 26 Version of the Sale Agreement at all.  The inadvertent reference to the wrong version of Section 2.3(a)(ix) was not specific to Pillars, and was made as part of an overall denial of liability to Pillars; specifically, that Section 2.3(a)(ix) did not apply to the Pillars Lawsuit.

10.    Shortly thereafter, on May 26, 2015, New GM sought in the Michigan District Court a stay of the Pillars Lawsuit, which was granted on June 12, 2015.

11.    The Pillars Lawsuit was listed on New GM's fifth supplement to the chart of Pre-Closing Accident Lawsuits.  Counsel for Pillars was sent an e-mail which explained the stay procedures established in connection with the Pre-Closing Accident Motion to Enforce, and

4

informed that if he did not wish to execute a stay stipulation, he had to file a No Stay Pleading by May 29, 2015, which was done.

E. **The July 16, 2015 Hearing and the Pillars Order**

12. In his No Stay Pleading, Pillars argued, among other things, that New GM's inadvertent statements in its Notice of Removal and Answer were judicial admissions.

13. In an oral opinion issued from the bench ("**Pillars Oral Ruling**"), the Court agreed with Pillars. While finding that there "plainly was" a mistake (July 16, 2015 Tr., at 17:6-12), it held that "[a]lthough it is true that answers can thereafter be amended, unless and until they have been, they stand" (*id.* at 26:10-12). The Court thereafter construed the language of Section 2.3(a)(ix) of the June 26 Version of the Sale Agreement, and concluded that the Pillars Lawsuit could proceed. *Id.* at 26:14-27:25. The Pillars Oral Ruling was memorialized in the Pillars Order entered on July 29, 2015.

F. **New GM's Motion to Amend**

14. Shortly after the Pillars Oral Ruling, New GM moved ("**Motion to Amend**") in the Michigan District Court to amend its Answer and Notice of Removal. On the same day that New GM filed its Motion to Amend, the Michigan District Court entered an *Order Directing Expedited Response.* After briefs were filed, on August 5, 2015, the Michigan District Court granted the Motion to Amend, and New GM was permitted to amend its Answer and the Notice of Removal to reflect the language used in Section 2.3(a)(ix) of the First Amendment to the Sale Agreement. On August 6, 2015, New GM made the appropriate amendments to its pleadings.

G. **Transfer of the Pillars Lawsuit to MDL No. 2543**

15. On April 17, 2015, the Clerk of the Judicial Panel on Multi-District Litigation ("**JPML**") issued a Conditional Transfer Order ("**CTO**") that would transfer the Pillars Lawsuit to MDL No. 2543. On May 6, 2015, Pillars filed a motion to vacate the CTO. After the

5

Michigan Decision was entered and the pleadings amended pursuant to the Michigan Decision, the JPML denied Pillars' motion to vacate the CTO on August 7, 2015.

## ARGUMENT

### A.    Motion to Amend/Reconsider Standard

16.    FRBP 9023, which incorporates FRCP 59, governs motions to alter or amend a judgment. The Second Circuit has explained that under FRCP 59, "'district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice,' [and] that the rule 'covers a broad range of motions.'" *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir 2014) (quoting *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008)). In general, courts recognize three possible grounds upon which motions for reconsideration may be granted under FRCP 59, which are "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375–76 (S.D.N.Y. 2007) (quotation marks and citations omitted); *see also Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) ("Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence.").

17.    Local Bankruptcy Rule 9023-1 provides that motions for reconsideration "shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered." U.S. Bankr. Ct. Rules S.D.N.Y., Rule 9023-1.

18.    FRBP 7052, which incorporates FRCP 52(b), governs requests to amend findings or for the Court to make additional findings. "The standard for amending or adding findings under Rule 52(b) is nearly identical to the standard for granting similar relief under Rule 59(e)." 10 COLLIER ON BANKRUPTCY ¶ 7052.03 (Alan N. Resnick & Henry J. Somme reds., 16th ed.). "The purpose of post-judgment motions under Rule 52(b) is to give the district court an

6

opportunity to correct manifest errors of law or fact at trial, or in some limited situations, to present newly discovered evidence." *United States v. Local 1804-1, Int'l Longshoremen's Ass'n*, 831 F. Supp. 167, 169 (S.D.N.Y. 1993), *aff'd sub nom. United States v. Carson*, 52 F.3d 1173 (2d Cir. 1995).

**B.    The Approval of the Motion to Amend Removes any
Judicial Admission, and thus the *Deutsch* Decision is Controlling.**

19.    At oral argument on the Pillars No Stay Pleading, this Court stated that "[a]t the outset of oral argument, I recognized, as we all had to recognize, my Deutsch decision, which if it had been decided in a vacuum, this controversy had been decided in a vacuum based upon the proper language of the sale agreement, would have resulted in a victory for New GM." July 16, 2015 Tr., at 25:9-13. The only reason why the Pillars Lawsuit was allowed to proceed was the inadvertent mistake made in the Answer and Notice of Removal, wherein New GM quoted from Section 2.3(a)(ix) in the June 26 Version of the Sale Agreement, and not the controlling provision in the First Amendment. *Id.* at 26:14-27:25. The Court noted that pleadings can be amended, but until they are, the admissions in such pleadings stand. *Id.* at 26:10-12.

20.    As authorized by the Michigan District Court, New GM has now amended its Answer and Notice of Removal correcting this inadvertent mistake. Thus, the judicial admission upon which this Court based its prior decision does not exist.

21.    As New GM has now amended its pleadings, the Amended Answer and Amended Notice of Removal are the operative pleadings and supersede any prior pleadings. Thus, this case now falls squarely within the holding of *Deutsch*. The Court should thus reconsider its previous ruling based on this new evidence, deny the relief requested in the Pillars' No Stay Pleading, and direct Pillars to dismiss the Pillars Lawsuit without prejudice as mandated by the Judgment.

7

22. Further, the Pillars Lawsuit is now part of MDL No. 2543. Clearly, hundreds of personal injury cases in the MDL alleging pre-363 Sale accidents are governed by the First Amendment. Moreover, it may be that there will be other cases filed alleging that a pre-363 Sale accident eventually resulted in a post-363 Sale fatality, as the plaintiffs in *Deutsch* and in the Pillars Lawsuit do. It would make no sense to have all those other cases in MDL No. 2543 governed by the First Amendment, while Pillars alone is not, now that the inadvertent error in a pleading has been corrected by amendment in the Michigan District Court.

WHEREFORE, New GM respectfully requests that the Court (i) grant reconsideration of the Pillars Order and Pillars Oral Ruling; (ii) find that the Pillars Lawsuit falls within the definition of Retained Liabilities pursuant to the Court's *Deutsch* Decision; (iii) pursuant to the Judgment, direct Pillars to dismiss the Pillars Lawsuit without prejudice forthwith; and (iv) grant New GM such other and further relief as is just and proper.

Dated: New York, New York
August 11, 2015

Respectfully submitted,

   /s/ Arthur Steinberg   
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

8