# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENJAMIN W. PILLARS,

        Plaintiff,                         Case No. 15-cv-11360

v                                                           Honorable Thomas L. Ludington

GENERAL MOTORS LLC,

        Defendant.

_____/

## ORDER GRANTING MOTION FOR LEAVE TO FILE EXCESS PAGES, GRANTING MOTION TO AMEND, GRANTING MOTION TO SUPPLEMENT RESPONSE, TEMPORARILY LIFTING STAY, AND DIRECTING FILINGS

On March 23, 2015, Plaintiff Benjamin Pillars filed suit in Bay County Circuit Court against General Motors LLC on behalf of his deceased wife, Kathleen Ann Pillars. Plaintiff claims that Kathleen Pillars lost control of her vehicle when the defective ignition switch in her vehicle unexpectedly went to the off position in 2005, causing the automobile accident that rendered her incapacitated and eventually resulted in her death in 2012.

On April 14, 2015, Defendant General Motors LLC removed the case to this Court, claiming that the proceedings are subject to the core jurisdiction of the New York Bankruptcy Court under 28 U.S.C. §§ 157(b) and 1334(b) because the proceedings relate to the interpretation and enforcement of a 2009 bankruptcy-approved Amended and Restated Master Sale and Purchase Agreement.[1]

---

[1] General Motors Corporation sought bankruptcy protection on June 1, 2009, and then entered into the Amended Restated Master Sale and Purchase Agreement with General Motors LLC (the Defendant in this case) on June 26, 2009. On June 30, 2009, the Agreement was amended, as detailed below.

Defendant applied to transfer this case to the Judicial Multidistrict Litigation Panel ("JMPL") assigned to the faulty ignition switch cases in the Southern District of New York.[2] Defendant claims that transfer is appropriate because the June 30, 2009 First Amendment to the Amended Master Sale and Purchase Agreement governs this litigation.[3] This case is currently stayed pending a decision on whether to transfer from the JMPL.

## I.

Before addressing the parties' motions, it is necessary to provide the factual and procedural context that the parties have not. The following information is taken from *In re Motors Liquidation Co.*, 447 B.R. 142 (S.D.N.Y 2011) ("*Deutsch*"), a case outlining the relevant history and caselaw. Both parties cited to this case repeatedly in their arguments in front of the Bankruptcy Court, but did not cite to it in their instant motions.

> In July 2009, [the Bankruptcy Court] entered its order approving the sale of Old GM's assets, under section 363 of the Bankruptcy Code, to the entity now known as New GM [the Defendant in this case]. The sale order, among other things,

---

[2] On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re: General Motors LLC Ignition Switch Litigation*. On June 9, 2014, the JPML designated the United States District Court for the Southern District of New York as the MDL Court.

[3] The relevant sections of each document are reproduced below, with the amended language highlighted. The June 26, 2009 Agreement provides:

> all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), which arise directly out of ***accidents, incidents or other distinct and discreet occurrences that happen*** on or after the Closing Date [July 10, 2009] and arise from such motor vehicles' operation or performance. . . ."

Emergency Mot. 1-2 (emphasis original). In contrast, the June 30, 2009 Amended Agreement provides:

> all Liabilities to third parties for death, personal, injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), which arise directly out of ***death, personal injury or other injury to Persons or damage to property caused by accidents incidents*** [*sic*] ***first occurring on*** or after the Closing Date [July 10, 2009] and arising from such motor vehicles' operation or performance. . . .

Emergency Mot. 2 (emphasis original).

approved an agreement that was called an Amended and Restated Master Sale and Purchase Agreement (the "MSPA").

The MSPA detailed which liabilities would be assumed by New GM, and provided that all other liabilities would be retained by Old GM. The MSPA provided, in its § 2.3(a)(ix), that New GM would not assume any claims with respect to product liabilities (as such term was defined in the MSPA, "Product Liability Claims") of the Debtors except those that "arise directly out of death, personal injury or other injury to Persons or damage to property caused by *accidents or incidents* first occurring on or after the Closing Date July 10, 2009 . . . ." Thus, those Product Liability Claims that arose from "accidents or incidents" occurring before July 10, 2009 would not be assumed by New GM, but claims arising from "accidents or incidents" occurring on or after July 10, 2009 would be.

Language in an earlier version of the MSPA differed somewhat from its final language, as approved by the Court. Before its amendment, the MSPA provided for New GM to assume liabilities except those caused by "accidents, incidents, *or other distinct and discrete occurrences*.

*Id*. at 144-145.

After reviewing the relevant bankruptcy proceedings, Judge Gerber addressed whether New GM had assumed liability under the MSPA for the plaintiff's wrongful death in August 2009. The plaintiff, the Estate of Beverly Deutsch, sued GM for injuries and wrongful death arising out of an accident that occurred in 2007 and resulted in Ms. Deutsch's death in August 2009. Because the MSPA provided that new GM would only assume liabilities for death and personal injury caused "by accidents or incidents first occurring on or after the Closing Date [July 10, 2009]," Ms. Deutsch's estate argued that Ms. Deutsch's injuries arose from an "incident" that took place in 2007 (when she had the car accident) and therefore New GM was liable for her injuries and death.

Judge Gerber rejected the estate's argument:

Ultimately, while the Court respects the skill and fervor with which the point was argued, it cannot agree with the Deutsch Estate. Beverly Deutsch's death in [August] 2009 was the *consequence* of an even that took place in 2007, which undisputedly, was an accident and which also was an incident, which is a broader

- 3 -

word, but fundamentally of a similar type. The resulting death in [August 2009] was not, however, an "incident[] first occurring on or after the Closing Date," as that term was used" in the Amended Agreement. Accordingly, Judge Gerber concluded that "the Deutsch Estate may not pursue this claim against New GM.

*Id.* at 150.

There are obvious parallels between the situation in *Deutsch* and the present case: both Kathleen Pillars and Barbara Deutsch were injured in the early 2000's, but did not succumb to their injuries until after the MSPA was finalized. Indeed, in a hearing in front of Judge Gerber on July 16, 2015, Defendant argued that the ruling in *Deutsch* controlled the instant litigation, and that New GM did not assume any liability for Kathleen Pillars's wrongful death: "this action should never have been brought in the first place. It was a violation of the *Deutsch* decision." Ex. A at 23.

Plaintiff, however, distinguished its case from *Deutsch* by pointing out that Defendant—in both its notice of removal answer—admitted that the original MSPA governed the proceedings (rather than the later amendment that barred the plaintiff in *Deutsch*). The effect of Defendant's pleading that the original MSPA controlled is, essentially, to expose Defendant to liability for Pillars's wrongful death claim. Ex. A, Mot. To Suppl. The bankruptcy court deemed Defendant's answer to constitute a judicial admission that Pillars's case should continue. *See* Ex. A at 19, 27-29, Mot. to Suppl. ("[counsel] asserts a judicial admission that's contrasted to a judicial estoppel by reason of the fact that when people answer complaints we hold people to what they say . . . So I'm going to allow this lawsuit to proceed . . . . It does, however, mean that New GM has to defend this wrongful death case. And if it doesn't like defending wrongful death cases when its local counsel admit things that maybe they shouldn't have been admitted to, it should supervise its counsel more carefully.'").

Defendant now seeks to amend its answer, claiming it erroneously pleaded that the case was governed by the original MSPA, rather than the later, amended MSPA that barred the plaintiff's claim in *Deutsch*. Reply 4.

In general, "leave [to amend] shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has explained that courts may deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff does not assert that any of the circumstances outlined by the Supreme Court are present here; rather, Plaintiff claims that amendment is not warranted because the bankruptcy judge has already issued a ruling declaring that Defendant's answer (that the original, rather than the amended, agreement applies) is a binding judicial admission: "It is respectfully that the Defendant is attempting to avoid the bankruptcy court ruling by attempting to obtain a ruling from this Court on an issue which has already been decided by the bankruptcy court." Resp. 10. Thus, Plaintiff asserts that Defendant should not be permitted to amend the judicial admission as it is now the law of the case.

But contrary to Plaintiff's argument, several circuit courts have recognized that judicial admissions may be withdrawn by amendment. *See, e.g., West Run Student Housing Associates, LLC, v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013) ("Even if Plaintiffs' allegations in the original complaint constituted judicial admissions, it does not follow that they may not amend them."); *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002); *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). "Disallowing amendment

merely because an existing allegation constitutes a judicial admission is contrary to the liberal amendment policy embodied in Rule 15(a)(2)." *Schomburg*, 504 F. App'x at 104. Accordingly, the fact that Defendant wants to amend the answer and take a contrary position is not a justification for disallowing the amendment. *Id*. at 104 "[D]enial of leave to amend [is not] warranted merely because . . . the proposed amendment flatly contradicts the initial allegation . . . .").

Defendant will be permitted to amend its answer pursuant to Rule 15's liberal amendment policy. The Court takes no position on the effect—if any—of the amended answer on the bankruptcy court's original ruling concerning the judicial admissions.[4]

Accordingly, it is **ORDERED** that Defendant's Motion for Leave to File Excess Pages (ECF No. 18) is **GRANTED**. Defendant's Reply (ECF No. 19) is **ACCEPTED** as filed.

It is further **ORDERED** that Plaintiff's Motion to Supplement his Response (ECF No. 20) is **GRANTED**. Plaintiff is **DIRECTED** to file the supplement as a separate exhibit on the docket on or before **August 10, 2015**.

It is further **ORDERED** that Defendant's Emergency Motion for Leave to File Amended Notice of Removal and First Amended Answer (ECF No. 15) is **GRANTED**.

It is further **ORDERED** that the stay is **LIFTED** only to the extent necessary to permit Defendant to file an Amended Notice of Removal and First Amended Answer.

---

[4] It does appear that Defendant originally filed its motion to amend in order to challenge the bankruptcy court's original ruling on the judicial admission: "With those [proposed] amendments made, GM LLC will then make a request in the Bankruptcy Court to grant it further relief based on the application of the governing provision in the First Amendment of the Sale Agreement." Emergency Mot. 4. After Plaintiff filed its response (which contained extensive quotations from the Bankruptcy Court's ruling that indicate that the bankruptcy court would not be amendable to reconsideration of the issue), Defendant has subtly shifted its reason for seeking amendment: "Depending on the JPML's forthcoming ruling, plaintiff's case will proceed either in this Court or as part of MDL No. 2543. But regardless, it makes no sense to proceed on plaintiff's underlying case on pleadings that *everyone* agrees are erroneous." Reply 4 (emphasis original).

It is further **ORDERED** that Defendant is **DIRECTED** to file its Amended Notice of Removal and First Amended Answer on or before **August 10, 2015.**

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: August 5, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 5, 2015.

                              s/Karri Sandusky
                              Karri Sandusky, Acting Case Manager