UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
MOTORS LIQUIDATION COMPANY, *et al.*,              :    Case No.: 09-50026 (REG)
       f/k/a General Motors Corp., *et al.*        :
                                                   :    (Jointly Administered)
                      Debtors.                     :
-------------------------------------------------------------x

BENCH DECISION AND ORDER ON NEW GM'S
MOTION TO ENFORCE JUDGMENT STAY ON
<u>MOTIONS TO WITHDRAW REFERENCE</u>[1]

APPEARANCES:

KING & SPALDING LLP
*Counsel for General Motors LLC (New GM)*
1185 Avenue of the Americas
New York, New York 10036
By:    Arthur J. Steinberg, Esq. (argued)
       Scott Davidson, Esq.

BROWN RUDNICK
*Designated Counsel and Counsel for Economic Loss Plaintiffs*
Seven Times Square
New York, New York 10036
By:    Edward S. Weisfelner, Esq. (argued)

STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.
*Designated Counsel and Counsel for Economic Loss Plaintiffs*
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
By:    Sander L. Esserman, Esq.

HAGENS BERMAN SOBOL SHAPIRO LLP
*Co-Lead Counsel in MDL Proceeding and*
  *Counsel for States of California and Arizona*
1918 Eight Avenue, Suite 3300
Seattle, Washington 98101

By:    Steve W. Berman, Esq.

---

[1] I use bench decisions to lay out in writing decisions that are too long, or too important, to dictate in open court, but where the decision needs to be issued very promptly. To minimize confusion, given this decision's references to judges and their courts, it speaks in the first person.

-1-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
*Co-Lead Counsel in the MDL Proceeding*
275 Battery Street, 29th Floor
San Francisco, California 94111

By:    Elizabeth J. Cabraser, Esq.

ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC.
*Counsel for State of California*
19 Corporate Plaza Drive
Newport Beach, California 92.660

By:    Mark P. Robinson Jr., Esq.

ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

In this contested matter in the chapter 11 case of Debtor Motors Liquidation Company, previously known as General Motors Corporation ("**Old GM**"), General Motors LLC ("**New GM**") moves for an order to enforce the stay imposed by the judgment dated June 1, 2015 order (the "**Judgment**") implementing my April 2015 decision[2] addressing litigation flowing from New GM's announcement of a defect (the "**Ignition Switch Defect**") in ignition switches that had been installed in certain GM branded cars.

More specifically, New GM seeks to apply the Judgment's stay against litigation in other courts to enjoin the plaintiffs with whom it is litigating in the MDL and elsewhere from pursuing a withdrawal of the reference of matters that hereafter would come before me under the Judgment. New GM contends, among other things, that for so long as the Judgment remains in place, it must be construed only by me. The plaintiffs contend that the Judgment cannot preclude them from seeking to withdraw the reference.

---

[2] *See In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015) (the "**April Decision**").

-2-

Though elements of the language in the Judgment support New GM's position, the Judgment's most specific language, embodying the exclusive jurisdiction on which New GM relies, grants exclusive jurisdiction only "to the fullest extent permissible under law…."[3] I thus need to construe the Judgment in a fashion to avoid the constitutional infirmity that would otherwise result—and that requires construing the Judgment so as not to block motions to withdraw the reference. Accordingly, while I can and will construe and enforce the Judgment upon request—as I will, for example, if anyone seeks to subject the Judgment to collateral attack, or to disregard it—I cannot construe it in the way New GM asks me to do. In the latter respect, New GM's motion is denied, and motions to withdraw the reference may proceed.

## Facts

The facts underlying this dispute are undisputed. Background (and additional defined terms) can be found in the April Decision, familiarity with which is assumed.

In the respects relevant here, neither New GM nor the plaintiffs litigating against it prevailed in full under the April Decision. For reasons set forth in the April Decision and a second decision addressing the form of the Judgment,[4] I held that the Sale Order's injunction against litigation against New GM premised on Old GM's conduct (including, most obviously, successor liability) would remain in place. But I held that to the extent that any claims against New GM were based solely on New GM's own conduct, plaintiffs could assert them.

---

[3] Judgment ¶ 16.

[4] *See In re Motors Liquidation Co.*, 531 B.R. 354 (Bankr. S.D.N.Y. 2015) (the "**Form of Judgment Decision**").

That, perhaps inevitably, resulted in a situation where disputes would arise as to which side of the divide particular allegations in plaintiffs' complaints would fall—particularly in light of each side's natural inclination to push the envelope when applying the rules the Judgment would impose upon the litigation that would ensue.[5]  The Judgment included provisions to adjudicate disputes of that character.  It provided for procedures ("**No Strike Pleading Procedures**"[6]) to gauge allegations in complaints pending in the MDL and elsewhere against the rules imposed under the Decision and Judgment.  Pursuant to the No Strike Pleading Procedures—with disputes to be heard, at least initially, in the bankruptcy court—litigation elsewhere could proceed to the extent, but only the extent, that claims (or allegations supporting claims) weren't violative of the principles set forth in the Decision and Judgment.

To that end, the Judgment included language on which New GM relies.  A key sentence provided:

> The Court shall retain exclusive jurisdiction, to the fullest extent permissible under law, to construe the Sale Order, this Judgment, and/or the Decision on which it was based.[7]

---

[5] Importantly, this all presupposes that the Judgment will continue unaltered.  To my understanding, every litigant group has appealed, cross-appealed, or filed a protective appeal with respect to the Judgment.  But this controversy involves parties' efforts to proceed with their litigation against each other within the confines of the April Decision and resulting Judgment unless and until a higher court, on appeal, concludes that my analysis in the April Decision was flawed.

[6] *See* Judgment ¶ 11(c).  There was also a similar mechanism, establishing "No Stay Pleadings," *see id.* ¶ 8(c), but since it doesn't differ in concept from the No Strike Pleading Procedures, I see no need to discuss it separately.

[7] Judgment ¶ 16.  Another provided:

> Notwithstanding the foregoing, in all events, the Decision and Judgment shall apply with respect to (a) the Court's interpretation of the enforceability of the Sale Order, and (b) the actions of the affected parties that are authorized and proscribed by the Judgment.

Judgment ¶ 15(d).  Controversy over its inclusion in the Judgment led to language in the Form of Judgment Decision upon which New GM relies.  *See* n.26 below.

Another sentence, which is ultimately less relevant to this controversy, provided:

> For the avoidance of doubt, except as otherwise provided in this Judgment, the Sale Order remains fully enforceable, and in full force and effect. This Judgment shall not be collaterally attacked, or otherwise subjected to review or modification, in any Court other than this Court or any court exercising appellate authority over this Court.[8]

With respect to the determinations to be made pursuant to the Judgment's No Strike Pleading Procedures, Designated Counsel (and counsel for the States of California and Arizona) (collectively here, the "**Plaintiffs**") moved to withdraw the reference. Shortly thereafter (and before the motions to withdraw the reference could be heard in the district court), New GM brought this motion, asking me to rule that the Plaintiffs could not, consistent with the original Sale Order and the Judgment, move to withdraw the reference with respect to the No Strike Pleading Procedures.[9]

---

[8]  Judgment ¶ 16. It is not as relevant because the future proceedings that are the subject of the motions for withdrawal of the reference—the No Strike Pleading Procedures—do not involve efforts to overturn or modify the Decision and Judgment. They are merely to apply the rules laid out in the Decision and Judgment to a number of the plenary action complaints.

[9]  Then, Designated Counsel moved to withdraw the reference on *this* motion, and thus to prevent me from hearing it. But this motion came up for hearing before the latter motion could be heard in the district court. And under Fed. R. Bankr. P. 5011(c), the filing of a motion for withdrawal of a proceeding does not stay the administration of the proceeding before the bankruptcy judge "except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion." But this I decline to do.

Litigants may move for a Rule 5011(c) stay, of course. *See*, *e.g.*, *In re Residential Capital, LLC*, 519 B.R. 890 (Bankr. S.D.N.Y. 2014) (Glenn, J.) (considering such a request, but denying it). But when they do so, they must make the showing required for securing such a stay—upon which they "bear[] the burden of proof in establishing that a stay would be proper." *Id.* at 904. Here the Plaintiffs made neither the motion nor the required showing. In fact, while they mentioned in their response that "they seek to withdraw the reference of this contested matter by the Motion to Withdraw the Reference filed contemporaneously herein," Obj. at 1 n.3, they did not even make a request for a Rule 5011(c) stay of this motion in their response to it, or, for that matter, until oral argument.

I was not of a mind to hear the underlying issues on the No Strike Pleading Procedures until resolution of who should hear them anyway. But under the circumstances here, the Plaintiffs' suggestion that I should not have even heard this motion has no merit.

Discussion

Determining this controversy requires me to determine two separate, but intertwined, issues:

>(1) whether the terms of the Judgment proscribe efforts to seek withdrawal of the reference with respect to matters as to which the bankruptcy court would have continuing jurisdiction; and, if so,

>(2) whether such terms, if enforced in this fashion, would be consistent with the division of authority between district judges and bankruptcy judges imposed by statute and the United States Constitution.

I conclude that even though language in the Judgment supports New GM's position to the extent that it at least initially contemplates further proceedings in the bankruptcy court[10]—and, more to the point, the Judgment's ¶ 16 provides that "the Court shall retain exclusive jurisdiction… to construe … this Judgment and/or the Decision on which it was based"—the quoted language is not the only relevant language. And in my view, the language of the Judgment as a whole—including, especially, ¶ 16's additional language that its "exclusive jurisdiction" provision is only "to the fullest extent provided by law" (the "**Savings Clause**")—cannot be construed to limit motions to withdraw the reference.

I think it's highly unlikely that, consistent with statutory and constitutional law, a limit on litigants' rights to seek a withdrawal of the reference would be enforceable even

---

[10] *See* Judgment ¶ 11(a) (with respect to hybrid actions, "until and unless the complaint in a Hybrid Lawsuit is (x) amended to assert solely claims and allegations permissible under the Decision and this Judgment (as determined by this or any higher court, if necessary), or (y) is judicially determined (by this or any higher court) not to require amendment, that lawsuit is and shall remain stayed."); ¶ 12(a) (with respect to state actions, substantially the same as ¶ 11(a)); ¶ 11(d) (with respect to hybrid actions providing for determination of issues by "this Court"); ¶ 12(d) (with respect to state actions, substantially the same as ¶ 11(d)).

in the absence of the Judgment's Savings Clause. But because of the way I answer the first question, I don't need to answer the second.

Preliminarily, I note that when parties debated the form of the Judgment, I was not asked to focus on whether it would bar motions to withdraw the reference. And when I signed the Judgment, I did not then have this issue in mind. But just as judges must construe statutes and apply them to issues when it is highly unlikely that anyone in Congress had the future question in mind, I must decide the question here—at least initially, by reference to the terms of the Judgment.

As New GM observes, the Judgment provides, in its ¶ 16 (subject to the Savings Clause), that "the Court shall retain exclusive jurisdiction … to construe this Judgment and/or the Decision on which it was based." And New GM is right when it assumes that when I signed a judgment using the words "this Court" and "the Court," I was thinking of the United States Bankruptcy Court for the Southern District of New York. But that is not the end of the matter. Two additional important considerations need also to be taken into account.

First, by statute, the bankruptcy court is a unit of the district court.[11] At least in instances where the context does not require otherwise (and I do not believe that the context requires otherwise here), one would think that references to "the Court" in a bankruptcy court order or judgment should not exclude the district court of which the bankruptcy court is a unit—at least when both are in the same district *and* the district

---

[11] *See* 28 U.S.C. §§ 151 ("In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district."); 152(a)(1) ("Bankruptcy judges shall serve as judicial officers of the United States district court established under Article III of the Constitution.").

court is exercising (or called upon to exercise) the power that § 151's second sentence[12] grants.

Second, the exclusive jurisdiction given to "[t]he Court" under ¶ 16 of the Judgment is not absolute. It is only "to the fullest extent permissible under law." In determining the extent to which my jurisdiction is exclusive—so exclusive, in fact, that it precludes an exercise of jurisdiction by a district judge who has the power to withdraw the reference, even *sua sponte*,[13] with respect to proceedings in the bankruptcy court—I need to consider whether that is "permissible under law."[14] I think it's highly doubtful—if not also inconceivable—that an attempt to foreclose a party from invoking a district judge's power to withdraw the reference is "permissible under law." And I think it's even clearer that I should construe my order to avoid the constitutional issue that otherwise would result.[15]

Neither side has brought to my attention any case in which one party sought to enjoin another from moving to withdraw the reference. And I am aware of none. But the

---

[12]  It provides, in relevant part:

> Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding… except as otherwise provided by… order of the district court.

[13]  *See* 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.").

[14]  There are several places in the Judgment where consideration of future issues in the bankruptcy court is contemplated, but none deals with the matter as explicitly as ¶ 16. Especially if ¶ 16 is to achieve its purpose, I cannot regard any of the other text as trumping it.

[15]  Courts have long recognized the prudence of construing statutes so as "to avoid [constitutional] problems if it is fairly possible to do so." *Boumediene v. Bush*, 553 U.S. 723, 787 (2008) (internal quotation marks omitted) (citing *Crowell v. Benson*, 285 U.S. 22, 62 ("[I]t is a cardinal principle that this Court will first ascertain whether a construction of the statute is fairly possible by which the [constitutional] question may be avoided.")). The so-called canon of constitutional avoidance is a "tool for choosing between competing plausible interpretations," and favoring the interpretation avoiding constitutional issues. *Clark v. Martinez*, 543 U.S. 371, 381 (2005). I think it is appropriate for me to follow that canon in construing my own orders, and to sidestep constitutional issues where, as here, it is possible to do so.

-8-

Supreme Court's most recent pronouncement on the division of labor between bankruptcy judges and district judges leaves little doubt, in my view, as to the outcome here.

When the Supreme Court determined, in its well known *Wellness* decision,[16] that litigants' consent to the entry of final orders by bankruptcy judges would obviate problems that might otherwise exist under *Stern*,[17] an important element of the Court's analysis was an underlying premise. The Court held that allowing Article I adjudicators to decide claims submitted to them by consent did not offend separation of powers principles "so long as Article III courts retain supervisory authority over the process."[18] The Court observed, in this connection, that bankruptcy judges, like magistrate judges, "are appointed and subject to removal by Article III judges";[19] that they "serve as judicial officers of the United States district court";[20] and that they "collectively constitute a unit of the district court for that district."[21] Importantly, the Supreme Court reasoned that separation of powers concerns would be diminished when the decision to invoke a non-Article III forum would be left entirely to the parties "*and the power of the federal judiciary to take jurisdiction remains in place.*"[22]

The Court emphasized that "the entire process takes place under the district court's total control and jurisdiction,"[23] and observed that

---

[16]    *Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932 (2015) ("**Wellness**").

[17]    *Stern v. Marshall*, 564 U.S. ---, 131 S.Ct. 2594 (2011) ("**Stern**").

[18]    *Wellness*, 135 S.Ct. at 1944 (internal citations omitted).

[19]    *Id.* at 1945.

[20]    *Id.*

[21]    *Id.* (internal quotation marks omitted).

[22]    *Id.* (emphasis added).

[23]    *Id.* at 1945 (internal quotation marks deleted).

-9-

> Congress has supplemented the capacity of district courts through the able assistance of bankruptcy judges. *So long as those judges are subject to control by the Article III courts*, their work poses no threat to the separation of powers.[24]

The many statements just noted were not, strictly speaking, the holding of *Wellness*, but I think that is only because they were *already* so established. The Supreme Court plainly took them as a given. If I were to deny access to a district judge for Article III consideration of whether withdrawal of the reference is appropriate,[25] such a ruling would impair Article III judges' ability to exercise the control over the bankruptcy system that was such an important premise in *Wellness*. Depriving an Article III judge of the ability to exercise that control would raise substantial constitutional issues, as "the power of the federal judiciary to take jurisdiction," upon which the *Wellness* holding was so heavily based, would no longer "remain[] in place." Particularly since I never had a then-existing intention to deprive a district judge of the power to withdraw the reference when I signed the Judgment, I decline to construe the Judgment in so aggressive a fashion now. Though my reasoning might apply even in a situation where an order or judgment lacked the Savings Clause we have here, I need not decide any more of the second issue, given my determination as to the first.[26]

---

[24]  *Id.* at 1946 (emphasis added).

[25]  At the risk of stating the obvious, I express no view on the withdrawal of reference issue itself. Whether the reference should be withdrawn or not is a question solely for the district court. I'm ruling simply that I will not prevent litigants from going to the district court to pursue such a determination.

[26]  New GM is quite right when it notes that I stated, in the Form of Judgment Decision, that:

> New GM has expressed an understandable concern that plaintiffs in actions whose prosecution is barred by the Sale Order will seek to have this Court's Sale Order or judgment here vacated or modified by courts in which plaintiffs' underlying actions are docketed. This Court cannot tolerate efforts of that character. Wholly apart from the additional

-10-

## Conclusion

For these reasons, I grant New GM's request that I construe and enforce the Judgment, but decline to construe it in the way New GM advocates. Notwithstanding the Judgment's "exclusive jurisdiction" language, motions to withdraw the reference with respect to the No Strike Pleadings may proceed without interference by the bankruptcy court.

SO ORDERED.

Dated: New York, New York     *s/Robert E. Gerber*
       August 13, 2015             United States Bankruptcy Judge

---

expertise that bankruptcy courts have with respect to the orders they enter and the bankruptcy matters they decide, the interpretation of this Court's Sale Order was and is a matter for this Court. So was, and is, the interpretation of the Decision and the Judgment. This Court's determinations with respect to each of those matters are reviewable by the appellate courts alone; they cannot be subject to collateral attack.

Form of Judgment Decision, 531 B.R. at 362. But I do not here see a collateral attack. What troubled me then was the notion that the Decision and Judgment could be collaterally attacked in diverse jurisdictions around the country—a concern that is not threatened by a district judge taking my rulings as a given (subject to any modification on appeal) and then applying those rulings to issues going forward. Some of the measures taken by the Plaintiffs to incorporate allegations relating to Old GM into claims against New GM may well be violative of the underlying Decision and Judgment. But a district judge having withdrawn the reference can recognize that just as I can.