UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|                                | .   | Case No.  09-50026-reg       |
| ------------------------------ | --- | ---------------------------- |
| IN RE:                         | .   |                              |
|                                | .   | Chapter 11                   |
| MOTORS LIQUIDATION COMPANY,    | .   |                              |
| et al., f/k/a GENERAL          | .   | (Jointly administered)       |
| MOTORS CORP., et al,           | .   |                              |
|                                | .   | One Bowling Green            |
| Debtors.       | .   | New York, NY 10004           |
|                                | .   |                              |
|                                | .   | Wednesday, August 12, 2015   |
| . . . . . . . . . . . . . . .  | .   | 9:45 a.m.                    |

TRANSCRIPT OF NOTICE OF MOTION AND MOTION BY GENERAL
MOTORS LLC TO ENFORCE THE STAY IMPOSED BY THE JUDGMENT,
DATED JUNE 1, 2015, AGAINST THE STATES AND PLAINTIFFS
REPRESENTED BY DESIGNATED COUNSEL [13289];
THE IGNITION SWITCH PLAINTIFFS' AND CERTAIN NON-IGNITION
SWITCH PLAINTIFFS' OBJECTION TO MOTION BY GENERAL MOTORS LLC
TO ENFORCE THE STAY IMPOSED BY THE JUDGMENT,
DATED JUNE 1, 2015, AGAINST THE STATES AND PLAINTIFFS
REPRESENTED BY DESIGNATED COUNSEL [13344];
REPLY IN SUPPORT OF MOTION BY GENERAL MOTORS LLC TO ENFORCE
THE STAY IMPOSED BY THE JUDGMENT, DATED JUNE 1, 2015,
AGAINST THE STATES AND PLAINTIFFS REPRESENTED
BY DESIGNATED COUNSEL [13353];
JUDGMENT SIGNED ON 6/1/2015 [13177];
MOTION TO WITHDRAW THE REFERENCE WITH REGARD TO
NO STRIKE PLEADINGS FILED BY JASON A. ZWEIG ON BEHALF OF
STATE OF ARIZONA EX REL. MARK BRNOVICH, THE ATTORNEY GENERAL,
THE PEOPLE OF THE STATE OF CALIFORNIA, ACTING BY AND THROUGH
ORANGE COUNTY DISTRICT ATTORNEY TONY RACKAUCKAS [13213];
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW THE
REFERENCE WITH REGARD TO NO STRIKE PLEADINGS FILED BY
JASON A. ZWEIG ON BEHALF OF STATE OF ARIZONA EX REL.
MARK BRNOVICH, THE ATTORNEY GENERAL, THE PEOPLE OF
THE STATE OF CALIFORNIA, ACTING BY AND THROUGH ORANGE COUNTY
DISTRICT ATTORNEY TONY RACKAUCKAS [13214];
(CONTINUED)
**BEFORE THE HONORABLE ROBERT E. GERBER**
**UNITED STATES BANKRUPTCY COURT JUDGE**


Audio Operator:          Frances Ferguson, ECR

Transcription Company:   Access Transcripts, LLC
                         10110 Youngwood Lane
                         Fishers, IN 46038
                         (855) 873-2223
                         www.accesstranscripts.com


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

2

TRANSCRIPT OF:  (Continued)
MOTION TO WITHDRAW THE REFERENCE FOR THE IGNITION SWITCH
PLAINTIFFS' NO STRIKE PLEADING WITH REGARD TO THE SECOND
AMENDED CONSOLIDATED COMPLAINT; AND THE NONIGNITION
SWITCH PLAINTIFFS' (I) OBJECTION PLEADING WITH REGARD TO THE
SECOND AMENDED CONSOLIDATED COMPLAINT AND
(II) GUC TRUST ASSET PLEADING [13250];
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW THE
REFERENCE FOR THE IGNITION SWITCH PLAINTIFFS' NO STRIKE
PLEADING WITH REGARD TO THE SECOND AMENDED CONSOLIDATED
COMPLAINT; AND THE NON-IGNITION SWITCH PLAINTIFFS' (I)OBJECTION
PLEADING WITH REGARD TO THE SECOND AMENDED CONSOLIDATED
COMPLAINT AND (II) GUC TRUST ASSET PLEADING [13251];
MOTION TO WITHDRAW THE REFERENCE OF MOTION BY GENERAL MOTORS
LLC TO ENFORCE THE STAY IMPOSED BY THE JUDGMENT, DATED JUNE 1,
2015, AGAINST THE STATES AND PLAINTIFFS REPRESENTED BY
DESIGNATED COUNSEL, AND (II) THE IGNITION SWITCH
PLAINTIFFS', CERTAIN NON-IGNITION SWITCH PLAINTIFFS' AND THE
STATES' OBJECTION TO MOTION BY GENERAL MOTORS LLC TO ENFORCE
THE STAY IMPOSED BY THE JUDGMENT, DATED JUNE 1,
2015, AGAINST THE STATES AND PLAINTIFFS REPRESENTED BY
DESIGNATED COUNSEL [13345]; MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO WITHDRAW THE REFERENCE OF (I) MOTION BY GENERAL
MOTORS LLC TO ENFORCE THE STAY IMPOSED BY THE JUDGMENT,
DATED JUNE 1, 2015, AGAINST THE STATES AND PLAINTIFFS
REPRESENTED BY DESIGNATED COUNSEL, AND (II) THE
IGNITION SWITCH PLAINTIFFS', CERTAIN NON-IGNITION SWITCH
PLAINTIFFS' AND THE STATES' OBJECTION TO MOTION BY
GENERAL MOTORS LLC TO ENFORCE THE STAY IMPOSED BY THE JUDGMENT,
DATED JUNE 1, 2015, AGAINST THE STATES AND
PLAINTIFFS REPRESENTED BY DESIGNATED COUNSEL [13346]

APPEARANCES:

For the Debtor:          King & Spalding LLP
                         By:  ARTHUR STEINBERG, ESQ.
                              SCOTT DAVIDSON, ESQ.
                         1185 Avenue of the Americas
                         New York, New York 10036
                         (212) 556-2100


For General Motors on    Akin Gump Strauss Hauer & Feld LLP
behalf of participating  By:  NAOMI MOSS, ESQ.
unitholders:             One Bryant Park
                         New York, NY 10036-6745
                         (212) 872-8010



APPEARANCES (Continued):

| | |
|---|---|
| For the Ignition Switch plaintiffs and certain non-Ignition Switch plaintiffs: | Brown Rudnick LLP<br>By:  EDWARD S. WEISFELNER, ESQ.<br>7 Times Square<br>New York, New York 10036<br>(212) 209-4917 |
| For the Motors Liquidation GMC Trust Administrator: | Gibson, Dunn & Crutcher LLP<br>By:  LISA RUBIN, ESQ.<br>       KEITH R. MARTORANA, ESQ.<br>200 Park Avenue<br>New York, New York 10166-0193<br>(212) 351-4000 |

TELEPHONIC APPEARANCES:

| | |
|---|---|
| For Designated Counsel: | Stutzman, Bromberg, Esserman<br>  & Plifka, P.C.<br>By:  BRIANA L. CIONI, ESQ.<br>       DAVID J. PARSONS, ESQ.<br>2323 Bryan Street, Suite 2200<br>Dallas, TX 75201<br>(214) 969-4900 |
| For Plaintiff The Ignition Switch: | Leiff, Cabraser, Heimann & Bernstein<br>By:  ELIZABETH J. CABRASER, ESQ.<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>(415) 956-1000<br><br>Hagens Berman Sobol Shapiro LLP<br>By:  ANDREW VOLK, ESQ.<br>1918 8th Avenue, Suite 3300<br>Seattle, WA 98101<br>(206) 623-7292 |



4

 1          (Proceedings commence at 9:47 a.m.)

 2          THE COURT:  Good morning.  Have seats.  All right.

 3   We are here on new GM's motion to enforce the judgment, more

 4   specifically to stay efforts to withdraw the reference.  I know

 5   the guys who I think will be the principal speakers today.

 6          I don't have a whole lot in the way of opening

 7   remarks.  It seems to me this is all about Paragraph 16 of the

 8   judgment.  Its general rule covers a bar against litigation in

 9   other places, but it has a clause in it, I'll call it the

10   savings clause, that says "to the maximum extent permissible

11   under the law" or words to that effect, so I want both sides to

12   talk about that.

13          I also want you to talk about <u>Wellness</u>, which

14   although it doesn't go by way of holding to address this issue,

15   has any number of assumptions in it which may be relevant to

16   this controversy.

17          So with that said, I'll hear first from you,

18   Mr. Steinberg, and then from Mr. Weisfelner, with the usual

19   opportunities to reply and surreply.

20          MR. STEINBERG:  Good morning, Your Honor.

21          On July 10th, new GM filed its motion to enforce the

22   stay imposed by the June 1 judgment against the states and the

23   plaintiffs represented by the designated counsel for

24   impermissibly filing the motion to withdraw the reference with

25   respect to their no-stay pleadings.

ACCESS TRANSCRIPTS, LLC        1-855-USE-ACCESS (873-2223)

1         We think the judgment is fairly -- is clear that

2    these actions that the plaintiffs have and the states have are

3    generally stayed except for the -- to the extent that the

4    judgment allows them to go forward.  And they are prohibited

5    from taking any further actions, except they can amend their

6    complaints to strike the provisions that were proscribed by the

7    judgment to only assert independent claims or/and they could

8    file a no-strike pleading.

9         Now, with Paragraphs 11 and 12, 11 dealing with the

10   hybrid lawsuits, Paragraph 12 dealing with the states, provided

11   where the pleading, that no-strike pleading should be filed.

12   It said to be filed in the bankruptcy court.  It also said that

13   the Court would schedule a hearing thereon, and Paragraph 16,

14   which Your Honor referred to, said that the Court will retain

15   exclusive jurisdiction to handle this controversy.

16        And in response to a concern that new GM had

17   expressed that the states may not amend their complaint and

18   move forward and try to enforce their claims, arguing that they

19   had independent claims, Your Honor added a couple of sentences

20   to Paragraph 16 which essentially said that the judgment cannot

21   be collaterally attacked or otherwise subject to review in any

22   court other than this court or any court exercising appellate

23   authority.  Appellate authority --

24        THE COURT:  Pause, please, Mr. Steinberg.  Am I

25   correct that until and unless the circuit or whoever takes the

1    appeal modifies or reverses the judgment, whatever happens in

2    the steps to follow, with or without withdrawal of the

3    reference, take my judgment as a given?

4              MR. STEINBERG:  Yes.

5              THE COURT:  So it's a little different than the usual

6    collateral attack.  It's not like going off to a South Carolina

7    state court, no disrespect to South Carolina, and saying forget

8    about that stuff that Yankee told you up in New York.  Isn't

9    Judge Furman as capable of complying with the rule of law as I

10   am?

11             MR. STEINBERG:  I think Judge Furman, as well as a

12   judge in South Carolina, is capable of complying with the rule

13   of law as you have.  The issue is is whether, when a court

14   returns exclusive jurisdiction to interpret its judgment and to

15   enforce the injunctions that are embedded in its judgment,

16   whether it should have that right in the first instance to do

17   so.

18             Frankly, that's the Celotex case.  In Celotex, the

19   Court -- the Supreme Court said that as long as the bankruptcy

20   court properly exercised jurisdiction and had an injunction

21   binding parties, that the parties are required to go back to

22   the bankruptcy court to interpret its injunction before they

23   could seek relief anywhere else.  And in Celotex, it was the

24   district court that they wanted to move forward on in

25   connection with enforcement of a supersedeas bond, and the

7

1  Court said that it was related to jurisdiction in the

2  bankruptcy court, injunction was properly issued, and the --

3  and whether or not the action was appropriate, you had to go to

4  the bankruptcy court first.

5        So, Your Honor, the other thing that I was going to

6  state with regard to Paragraph 16 is that you had said that

7  unless it's a court exercising appellate authority, if the

8  district court withdraws the reference, it is not exercising

9  appellate authority.  That was how I interpreted Your Honor's

10 Paragraph 16 and what you were intending to --

11       THE COURT:  Well, I think it's clear that when a

12 district court withdraws the reference, it is not exercising

13 appellate authority, but it's still at least arguably

14 exercising some authority that it has by either statute, the

15 constitution, or both.

16       MR. STEINBERG:  Right.

17       THE COURT:  And that's why I need both you and

18 Mr. Weisfelner to address the entirety of Paragraph 16.

19       MR. STEINBERG:  I will.  So the first argument, Your

20 Honor, is that there was a stay, and that the stay required

21 them to not take any action other than the actions in the

22 bankruptcy court, and they violated that by filing the motions

23 to withdraw the reference.  Their argument, which is that the

24 judgment doesn't prohibit filing motions to withdraw the

25 reference, is really an improper argument because the judgment

1    stays their actions except for two exceptions.  And this is

2    most clearly seen in connection with the states and why they're

3    moving to withdraw the reference in the first place, and I

4    think you need to -- that needs to be taken into account, as

5    well, too.

6            Your Honor, in your May 27th decision, said that

7    notwithstanding what the states' position was, the states have

8    asserted claims or have proffered a complaint that is violative

9    of the sale order, and that they said to them, you're required

10   to amend it, and if you don't amend it, then you're going to be

11   stayed until the federal process relating to the judgment is

12   concluded.  And that was the reason why those sentences were

13   added to Paragraph 16.

14           The states did not amend their complaint, but they

15   immediately moved to withdraw the reference, which is in

16   essence trying to reargue, in the context of a no-strike

17   pleading, that which Your Honor has said needed to be changed.

18   That's the reason why they're moving to withdraw the reference.

19           Now, Your Honor had carefully said in the judgment

20   that the no-strike pleadings aren't supposed to be re-argument

21   pleadings, and so they knew they couldn't argue those pleadings

22   in front of Your Honor and so they moved to withdraw the

23   reference to try their shot at another judge.  I mean, that is

24   forum shopping.

25           Same thing with regard to the complaint filed by the

1 designated counsel.  Your Honor entered your judgment on

2 June 1.  Everyone knew that the complaint that was filed in the

3 district court was going to be amended by June 12th.  There was

4 a pre-sale consolidated complaint and a post-sale consolidated

5 complaint that was filed at the time that the judgment was

6 entered, and was frankly what Your Honor had analyzed in

7 connection with looking at the old GM claim threshold issue,

8 which was part of the four threshold issues.

9        And so what do they do on June 12th?  They

10 essentially merge the presale consolidated complaint, which

11 under the judgment is supposed to be stayed.  They merged it

12 into the -- into this new complaint.  If there are 135 named

13 plaintiffs in the new complaint, 63 of them were the same

14 plaintiffs that were in the pre-sale consolidated complaint

15 relating to old GM vehicles that was supposed to be stayed.

16        It also included another 40 plaintiffs, people who

17 purchased old GM vehicles after the 363 sale unrelated to new

18 GM.  So those are the, in the context of Your Honor's judgment,

19 the used car purchases.  Also, those claims were proscribed.

20        So in the second amended complaint, of the 135

21 plaintiffs, more than 100 plaintiffs are related to people who

22 were in the pre-sale consolidated complaint or dealt with old

23 GM vehicles on a used-car basis that was proscribed by the

24 judgment.  The --

25        THE COURT:  I well understand your annoyance with

1   that, but with that given, I don't fully understand where the

2   locale by which that tourism is brought to judicial attention

3   makes a difference.  It would seem to be -- Judge Furman is a

4   pretty smart guy.  I can see how that point would be as obvious

5   to him as it is to me and probably to you.

6        MR. STEINBERG:  Well, Your Honor, if Judge Furman had

7   decided the motions to withdraw the reference, which are sub

8   judice in front of him now, before we had this hearing today,

9   this hearing would be rendered moot.  This was done because --

10  and Your Honor's point, which is can't Judge Furman understand

11  what's going on and can't he administer justice, it's hard for

12  me to disagree with that point.  But the reality is, is that

13  they violated your stay.  They weren't supposed to do what they

14  did, and they did it for an improper purpose.

15       And Wellness -- and I'll turn to Wellness now --

16  doesn't give them any comfort in what they're doing.  Wellness

17  actually held that if you consent to bankruptcy court

18  jurisdiction, that the Court can administer claims even if they

19  otherwise would be proscribed by Stern v. Marshall.  So there

20  was a consent to jurisdiction aspect of Wellness that said that

21  the bankruptcy court's jurisdiction would be adhered to.

22       Here, in the context of the motions to enforce that

23  we brought, there were immediately done stay stipulations that

24  were entered by the states and were entered by people who the

25  designated counselor represent, people in the underlying

1  actions.  Those stay stipulations provided that the plaintiffs

2  agreed that they would not prosecute their action against new

3  GM subject to further order of the bankruptcy court during the

4  interval.

5          Now, the interval was defined in these stipulations

6  as 30 days after a final order is entered resolving all issues

7  raised in the motions to enforce, then pending those strike

8  pleadings are related to the motions to enforce.  They haven't

9  been decided yet, so we're still within the interval, and

10 they've consented to the jurisdiction of the bankruptcy court

11 with respect to their actions and for the determination of all

12 issues relating to the motions to enforce.  The stay

13 stipulations also provide that the plaintiffs acknowledge that

14 the stay stipulation would terminate when and only to the

15 extent that the bankruptcy court grants relief from the stay of

16 their action.

17         Now, so they have consented to the bankruptcy court's

18 jurisdiction, which is what Wellness says, that if that

19 happened, then the bankruptcy court can appropriately exercise

20 that jurisdiction and the matters can go forward there.  There

21 is nothing in Wellness that suggests that they have a

22 constitutional right to ask an Article III court to interpret

23 an Article I court's injunction.  Celotex said the opposite.

24         So if Your Honor were to ask why is Wellness not

25 applicable, I think Wellness actually supports what we have

12

1  because of the consent to jurisdiction.  But beyond that, this

2  is not a merits adjudication, which is what was underlying some

3  of the claims in <u>Stern v. Marshall</u>.  This is whether only the

4  claims that are being asserted on its face violate an existing

5  injunction that the Court entered in 2009 and carried forward

6  in the 2015 judgment.

7       Also, the parties' actions were stayed except for

8  some limited acts going forward, so they weren't supposed to do

9  what they did.  That's not <u>Wellness</u>.  <u>Wellness</u> didn't deal with

10  that at all, with a party violating the injunction and then

11  asserting a right to do it.  It is a little like what happened

12  here originally, right?  They were supposed to come to Your

13  Honor before anything and they didn't.  They started their

14  actions all over the country, knowing that they were in

15  violation of the 2009 injunction.

16       When the motions to enforce were brought, they

17  recognized that they had this issue and they immediately agreed

18  to stay stipulations and agreed that Your Honor would be the

19  one to determine those issues.  They consented to Your Honor's

20  jurisdiction.  We filed lengthy briefs.  Your Honor wrote a

21  lengthy decision.  And in the context of entering a judgment,

22  in order to make sure that there was clarity as to whether

23  actions can go forward or not before you ultimately turn the

24  matters over to the other courts, Your Honor had a mechanism,

25  which we had asked you to adopt -- they didn't want it, we did

1  -- to essentially clarify what can go forward and what can't go

2  forward in the context of specific complaints and specific

3  allegations.

4          Your Honor, in the threshold issue -- on the old GM

5  threshold issue, dealt with this thing on sort of a macro

6  basis, but the purpose of the no-strike pleadings is to turn it

7  on a micro basis with respect to specific complaints that had

8  not been properly amended to conform with the judgment.  That

9  was a continuation of everything that had been set forth for

10  the last year and a half.

11          To argue now that this now matter should be shifted

12  to the district court for a withdrawal of the reference is

13  improper, and the idea that they should be able to ask for it

14  when they agreed that they wouldn't ask for it is improper, as

15  well, too.

16          So Your Honor I think is asking me why am I making a

17  big deal out of this, and I guess it's because I think when

18  people violate a court's injunction and then try to do

19  something, what I think is for improper purposes, for purposes

20  of rearguing things that they couldn't argue in front of you

21  because it's already been decided --

22          THE COURT:  Well, I think both sides are making a big

23  deal of this thing.  Your opponent's move to withdraw the

24  reference, obviously both sides think they're representing

25  their clients because they don't want to be litigating before

14

1  me.   Then you bring a motion here because you don't want them

2  litigating before Jesse Furman.   Then they bring a second

3  motion before Jesse Furman so that I can't even hear what I'm

4  doing today.

5         Can you understand -- I guess I should say can you

6  all understand, because this goes to Mr. Weisfelner as much as

7  it goes to you, how a guy like me who cares not about

8  representing a client but only about institutional concerns,

9  feels about this chess game?

10        MR. STEINBERG:  Well, Your Honor, I certainly

11 understand the procedural quandary that has been set up, but

12 really it is not a procedural quandary of our making.   We come

13 to Your Honor not because necessarily we think we're going to

14 get the best decision possible, but because that's what the

15 prior orders have said should have happened.

16        Your Honor had reserved exclusive jurisdiction.   The

17 issues were before Your Honor.   And frankly, in connection with

18 enforcing the judgment and what was contemplated by the sale,

19 Your Honor is the best one to understand that.   I actually

20 think Judge Furman understood that, as well, too when he

21 deferred to your jurisdiction to decide the threshold issues.

22        And even in the context of the MDL proceeding, he has

23 said Judge Gerber has a familiarity with that, and I think in

24 Your Honor's May 27th decision, you said you have a familiarity

25 with that, as well, too.

15

1        You're the best one in the first instance to

2    interpret the judgment, and the orders that were entered and

3    the judgment that was entered require that to happen.  And if

4    someone is now trying to circumnavigate around that, then

5    that's the person who I think the spotlight should be on, not

6    the person who's trying to preserve the status quo that had

7    been set up.

8        And the fact that they're doing it now with everyone,

9    it just means that if you continue to do something that's

10   wrong, and you do it over and over again, does that somehow

11   insulate it and dull the senses as to whether it was

12   appropriate or not.

13       This was frankly a surprise to me of moving to

14   withdraw the reference, and frankly some of the no-stay

15   pleading concepts was done to protect designated counsel from

16   the Gary Pellers of the world who would argue that you did

17   something that you shouldn't have done.

18       So we set up a concept that if anybody wanted to

19   raise an issue and have a second chance to come before Your

20   Honor to be able to do it, it wasn't to give them -- it

21   certainly wasn't giving a chance to do it a second time.  It

22   certainly wasn't done to give the states a chance to do it a

23   second time.

24       I don't know what the argument is when Your Honor

25   wrote clearly that the states had to amend the complaint, and

1  they chose not to do it when they filed a no-strike pleading,

2  which is essentially an entire re-argument, which they're not

3  supposed to do either, and then they said, I want to take it

4  to another court, why I'm criticized at all for saying what

5  you've done is wrong, what you're trying to do is wrong.

6       And we were before Your Honor, I don't know, must

7  have been six weeks, two months ago, and Your Honor said you

8  wanted to know what was going on in the other courts and you

9  criticized both sides for not immediately telling you what was

10  going on in the other courts.  And so we have been much more

11  assiduous in trying to do that.  But part of the bringing of

12  this motion was to tell you what was going on, what was going

13  on and how people were trying to work around your judgment in

14  what we felt was an improper way, and that Your Honor should

15  stop it.

16       Now, I understand we're putting you in a difficult

17  position, and frankly, if Judge Furman had denied the motions

18  to withdraw the reference, then this would have become moot.

19  But clearly they're doing something wrong, and it was incumbent

20  on us to be able to say it.

21       I'll conclude, Your Honor, with referring to

22  something that you said in your May 27th decision.  You talked

23  about -- in the context of the purpose of the no-strike

24  pleading is to determine whether new GM's position of the

25  plaintiffs is correct.

1       They argue that they have $10 billion worth of

2  claims.  We would argue that most of that is barred by the

3  judgment.  So Your Honor is going to determine whether the

4  particular claims that they say now survive are subject to the

5  judgment or not, and the Court said, in the context of the

6  states, that compliance with the sale order and the judgment

7  are not matters for the plaintiffs to unilaterally decide on

8  their own, are matters within its purview.  The Court cannot

9  permit a disregard of its orders and judgments or end runs on

10  its jurisdiction.

11       The motion to withdraw the reference, even though

12  it's to the district court and where you sit, is a collateral

13  attack on your judgment, and it's an end run around the

14  judgment to assert re-argument positions and to assert

15  positions that Your Honor has preliminarily dealt with and they

16  have not dealt with.

17       Your Honor told the states to amend.  They chose not

18  to amend, and the notion that they're not going to amend and

19  they're going to file a pleading and then try to get Judge

20  Furman to deal with it when Your Honor had said that you

21  otherwise are stayed until the appellate process is resolved is

22  I think a direct confrontation to what happened here.  And they

23  want to say, we want to get away with it, and we're saying they

24  shouldn't be able to get away with it.  Wellness has nothing to

25  do with the fact that if a party violates a stay issued by an

1  Article I court where the Court has jurisdiction and the

2  parties consented to jurisdiction, Wellness does not prevent

3  Your Honor from enforcing your own judgment.  Thank you.

4          THE COURT:  Thank you.  Mr. Weisfelner.

5          MR. WEISFELNER:  Your Honor, I want to take an

6  opportunity to address Paragraph 16, Celotex, Wellness, and

7  some of Mr. Steinberg's arguments, but I want to start with

8  where I think we need to start, and that is procedure.

9          As I think Your Honor knows, and as you commented

10 during Mr. Steinberg's remarks, plaintiffs have filed a motion

11 to withdraw the reference with regard to their motion to

12 compel.  That's been docketed before the district court.  It

13 was opened on August the 7th.  Judge Furman has been assigned

14 to the motion to withdraw the reference on the motion to

15 compel.

16         THE COURT:  By that you mean a motion to withdraw the

17 reference and the very thing I'm hearing now.

18         MR. WEISFELNER:  Correct.  And GM's response is due

19 on August 19th, and the matter will be fully briefed in advance

20 of the next hearing before the MDL court on August the 28th.

21         Your Honor, most, if not all, of Mr. Steinberg's

22 arguments were proffered in opposition to our motion to

23 withdraw the reference of the no-strike pleadings.  They are

24 just as well argued before Judge Furman in opposition to our

25 substantive motion to withdraw the reference.

ACCESS TRANSCRIPTS, LLC    ⚖    1-855-USE-ACCESS (873-2223)

1            THE COURT:  Are you talking about your first motion

2   to withdraw the reference --

3            MR. WEISFELNER:  Yes.

4            THE COURT:  -- or the second?

5            MR. WEISFELNER:  The first.

6            THE COURT:  Because, as you know, Bankruptcy Rule

7   5001 says that a motion to withdraw the reference doesn't stay

8   proceedings in the court below, which means that I have the

9   right to keep going today.

10           MR. WEISFELNER:  Well, Your Honor, with all due

11  respect, I'm not sure that that's the --

12           THE COURT:  Every time I hear "with all due respect"

13  from you, Mr. Weisfelner, it really gets on my nerves.

14           MR. WEISFELNER:  Okay.  I withdraw the comment then,

15  and I'm sorry it gets on your nerves.  But frankly, Judge, you

16  are interpreting the rule wrong, and you're interpreting the

17  rule wrong not in my judgment but in the opinion of other

18  courts that have considered it.

19           Yes, the bankruptcy rule says that a motion to

20  withdraw the reference doesn't otherwise upset Your Honor's

21  jurisdiction with regard to a pending bankruptcy case or the

22  proceedings within that case, but courts have uniformly

23  determined that on a motion to withdraw the reference on a

24  specific narrow procedural issue within the context of a case,

25  let alone in the context of the bankruptcy case that's been

1 confirmed and consummated, the question of whether Your Honor

2 continues to maintain jurisdiction on a specific issue that's

3 already pending before the district court I suggest,

4 notwithstanding the rule -- and I would have said with all due

5 respect, but I won't because it angers you -- Your Honor

6 interprets the rule incorrectly.  If Your Honor were to rule

7 today either way --

8            THE COURT:  Lower your voice, Mr. Weisfelner.

9            MR. WEISFELNER:  If Your Honor were to rule today

10 either way, you would have served to moot the consideration by

11 Judge Furman of this issue.  Moreover, if one wants to worry

12 about the procedural integrity of the process, which I think

13 needs to be paramount, if Your Honor would have ruled in favor

14 of new GM and determined that we are to be compelled to

15 withdraw our motion to withdraw the reference, my guess is we

16 would appeal.  The appeal would go to Judge Furman and we'd be

17 in a circulatory waste of time, energy, and money.

18            Now I want to address the questions that Your Honor

19 posed.  Paragraph 16 of Your Honor's judgment of course

20 provides that the court, meaning this court, shall retain

21 exclusive jurisdiction, to the fullest extent permissible under

22 law.  Now, Your Honor, just as we know as bankruptcy

23 practitioners that oftentimes the word "debtor-in-possession"

24 or the phrase "debtor-in-possession" is co-extensive with the

25 phrase "trustee" as far as the code is concerned.

1          Well, frankly, references to the bankruptcy court

2    have to, under certain circumstances, be deemed to be a

3    reference to the district court in which the bankruptcy court

4    operates.  That's what we've learned in connection with

5    constitutional challenges to Article I judges' jurisdiction.

6          And what Wellness says -- not that it's a brand-new

7    concept, but what it says clearly is that the constitutional

8    integrity of the bankruptcy courts is dependent on the fact

9    that all matters before the bankruptcy court are thereby

10   referenced from the district court, and that reference may be

11   withdrawn sua sponte or by request of a party in interest.

12         So when one reads the phrase "the court," it's always

13   with the backdrop that the bankruptcy court enjoys its

14   jurisdiction by reference from the district court, and parties

15   always retain the right to seek to withdraw that reference.

16   It's not an absolute right.

17         If Mr. Steinberg is so convinced of his arguments

18   about the impropriety of withdrawal of the reference, he has

19   already argued that to Judge Furman and he can appeal to Judge

20   Furman to deny the motion to withdraw the reference.  Instead,

21   he wants to do an end run here and hope to appeal to Your Honor

22   and say, you know what, Judge, they violated a stay.

23         Well, Your Honor, you can read Your Honor's judgment,

24   both the April 15th version and the June judgment that enforced

25   the decision, and nowhere in that set of documents has Your

ACCESS TRANSCRIPTS, LLC          ⚖          1-855-USE-ACCESS (873-2223)

22

1  Honor said a word about preventing parties from exercising what

2  I would assert is an absolute constitutional right consistent

3  with the mandate and the establishment of the bankruptcy courts

4  to permit parties to seek to withdraw the reference.

5         I did not think I would have to come here today and

6  defend the merits of the no-strike pleadings.  I thought what I

7  was here today to do was to defend our constitutional right

8  under 157 to seek to withdraw the reference.  Mr. Steinberg has

9  a right to argue against it, and if he is right, for whatever

10 reason, Judge Furman will deny the motion.  And then, of

11 course, we're here on the no-strike pleading.  We think we have

12 fundamental rights and reasons for going in front of Judge

13 Furman.

14        Just to cut through it, even though this shouldn't be

15 an argument on the merits, the question that's being posed when

16 you cut through all the procedural shenanigans is whether or

17 not the second amended consolidated complaint does or does not

18 violate Your Honor's judgment.  In our view it does not.  In

19 fact, it's consistent with Your Honor's judgment in that it

20 asserts claims and causes of action against new GM, and only

21 new GM, that are predicated on only new GM's wrongful conduct

22 and bad actions and does not pursue new GM on the theory of

23 successor liability or anything akin to it.

24        THE COURT:  Does it rely on paragraphs in the

25 complaint, allegations in the complaint, that deal with

23

1  underlying old GM conduct?

2          MR. WEISFELNER:  To a certain extent, yes, it does.

3  It talks about --

4          THE COURT:  And --

5          MR. WEISFELNER:  -- conduct of old GM, but it

6  doesn't --

7          THE COURT:  All right.  Well, that then would require

8  a judicial determination by some judge as to whether that is

9  within or outside the ruling because I take it you don't

10 quarrel with the idea that the further proceedings are not a

11 substitute for an appeal.

12         MR. WEISFELNER:  Oh, absolutely right.  Further

13 proceedings is not a substitute for the appeal.  In our

14 judgment, what the judgment does is tell us that claims against

15 new GM that relate to their own conduct that we think is

16 violative of the law --

17         THE COURT:  Their being new GM?

18         MR. WEISFELNER:  New GM.  Is permissible, and we

19 assert, notwithstanding his characterization, Mr. Steinberg's

20 characterization, that that's exactly what the second amended

21 consolidated complaint does.  He's going to suggest that it

22 doesn't do that.

23         Now, when you think about it in terms of judicial

24 economy and other concerns of the process, you have a complaint

25 that is pending in front of Judge Furman.  It has been the

24

1  subject of multiple motion practice, and he has been living

2  with that complaint -- well, since June 12th when it was first

3  filed, but its predecessors for a long time prior to that.

4       There is discovery ongoing with regard to that

5  complaint.  There are bellwether trials that are scheduled with

6  regard to that complaint.  There is discovery and contested

7  discovery practice going on with regard to that complaint.  And

8  Your Honor, again, not to pick and choose between which court

9  is most capable.  The question in our mind is not who's more

10 capable of making the decision.  It's who ought to make the

11 decision given where the case is pending, and who it's in front

12 of, and who's been living with the complaint, and more

13 importantly will have to live with the complaint for a very

14 long period of time.

15      Now, again, that's the merits, and Judge Furman may

16 ultimately determine that that's not enough for him to want to

17 withdraw the reference.  Judge Furman may ultimately decide

18 that this matter is better determined by Your Honor.  Now, Your

19 Honor, again I believe that you're not the right court to make

20 the determination, and I'll give you the reasons why, or at

21 least part of them.

22      As Your Honor well recognized, in connection with

23 your determination of the four threshold issues, you were

24 determining those four threshold issues as they related to

25 designated counsel and their underlying clients.  Specifically,

1  your judgment didn't relate to the states specifically because

2  they weren't part of the proceeding.  Specifically, your

3  judgment didn't relate to non-ignition switch plaintiffs

4  because they weren't part of the proceeding.        But,

5  nevertheless, part of your June judgment took your April 15th

6  decision and applied it to parties that weren't before you on

7  the threshold issue.

8          That's the position the states find themselves in.

9  That's the position that the non-ignition switch plaintiffs

10 find themselves in.  And frankly, Your Honor, when Your Honor

11 interpreted the states' complaints in connection with the four

12 threshold issues that they weren't a party to, that they never

13 had an opportunity to discuss or contemplate, frankly, it was

14 surprising to the states of Arizona and California.

15          But that's neither here or there, and I want to avoid

16 getting embroiled in merits because at some point some court,

17 Your Honor or Judge Furman, will make a merits determination.

18 What we're here to talk about is whether or not there is

19 anything in Your Honor's decision, judgment, anything in the

20 case law, anything in the statute that says that a party can be

21 prohibited from exercising its rights to withdraw the

22 reference.

23          THE COURT:  Pause right there, please,

24 Mr. Weisfelner.  Unless I missed it, I did not see a case by

25 either Mr. Steinberg or by you that's clearly addressed whether

26

1  the Article I judge has the ability to stay parties from moving

2  for a withdrawal of the reference before an Article III judge.

3  Are you aware of any?

4      MR. WEISFELNER:  Your Honor, I've been doing this for

5  a little bit over 30 years, and I will tell you that not only

6  haven't I found anything in our research, but this is a first

7  for me.  I've never seen a party sought to be compelled to

8  withdraw a motion to withdraw the reference.  And the only

9  predicate is Mr. Steinberg's contention that somehow we

10 violated Your Honor's judgment.

11     And in particular he relies on Paragraph 16, and the

12 problem with his reliance on Paragraph 16 is, as Your Honor

13 noted when you drafted this, the Court retains exclusive

14 jurisdiction to the fullest extent permissible by law.  Well,

15 what did that section mean other than to the extent that

16 parties exercise their right to seek to withdraw the reference?

17 Not the right to have the reference withdrawn, the right to

18 seek to have the reference withdrawn.

19     All of Mr. Steinberg's arguments were put in

20 opposition papers before Judge Furman where they're pending.

21 He sought to take another bite of the apple and argue the exact

22 same thing to you in advance.  He's the one looking for a

23 tactical benefit.  He submitted, as he had to, to the

24 jurisdiction of Judge Furman when he responded to our motion to

25 withdraw the reference, but I guess he wanted to hedge his

27

1  bets.   Rather than wait for Judge Furman to rule, he ran to you

2  to say stop the music.   Don't let Judge Furman rule.   He wants

3  you to determine that Furman's decision on this is moot because

4  you're going to decide it first.

5          On the same basis, the parties have already joined

6  issue.   And, Your Honor, yes, it's embarrassing, frankly, for

7  us to have to have filed a motion to withdraw the reference on

8  his motion to compel.   As I said when I was before you once

9  before, it feels like an Atari game of ping-pong, and the ping-

10  pong won't end because if Your Honor were to grant

11  Mr. Steinberg's motion, I believe my clients will direct us to

12  seek an appeal, and the appeal will go to Judge Furman in any

13  event, and we've wasted a lot of time and a lot of energy.

14          And, Your Honor, I will tell you the last time we

15  were here, we told Your Honor we had a meet and confer to seek

16  to see if we can't stop the ping-pong ball from bouncing.   The

17  meet and confer was delayed until we could get a transcript of

18  some of Your Honor's commentary that came in response to some

19  of the inquiries we had made about GUC trust pleadings and the

20  possibility of a settlement.

21          I would have thought that Your Honor's commentary

22  about not wanting to step on Judge Furman's toes and about not

23  wanting to be in this procedural morass that you now find

24  yourself in would have been enough to motivate new GM to allow

25  this to be decided on the merits in front of Judge Furman, but

1  I was wrong.  Again, there's no downside to them.  They've made

2  the same argument to you, the same argument to you, that they

3  made to Judge Furman.  And if they lose here, they have a

4  second bite at the apple.  And, Your Honor, I think it's their

5  gamesmanship that's inappropriate.

6          And again I get down to the basics.  They can argue

7  all day long that the second amended consolidated complaint

8  somehow violates your judgment, and if Judge Furman agrees with

9  our motion to withdraw the reference, he'll make that

10  determination.  If he doesn't, he's in essence asking you to

11  make that determination, a determination that I think is not as

12  simple, quite frankly, as asking the question, do you have

13  paragraphs in the complaint that relate or refer to old GM

14  conduct.

15          I don't think that's the issue.  You can have

16  paragraphs that relate to old GM conduct as part of your

17  general background and allegations so long as your claims and

18  causes of action are only against New GM in a non-successor

19  liability framework that only seeks to hold them liable for

20  their own -- their being New GM's -- independent actions and

21  conduct, which is what the second amended consolidated

22  complaint, in my opinion and the opinion of our -- the counsel,

23  does.

24          But some Court is going to have to make that

25  determination because GM refuses to concede it.  So it's either

1  going to be made by Judge Furman in front of whom the second

2  amended consolidated complaint is pending, where he has

3  original and exclusive jurisdiction, or it'll be made by Your

4  Honor, depending on how Judge Furman decides the motion to

5  withdraw the reference.

6       Again, I have seen no case law that supports the

7  proposition that a party can be precluded from seeking to

8  withdraw the reference.  There's nothing in the statute.  There

9  is nothing in any case law we've found, and more importantly,

10 wellness mandates, as has the case law going all the way back

11 to Northern Pipeline, that the constitutionality of the federal

12 bankruptcy court system relies in no small part on -- you could

13 call it a fiction, but I think it's much more than that -- the

14 notion that all matters that are before the bankruptcy court

15 are there by virtue of a referral from the Article III district

16 courts.  And those district courts may, sua sponte or on motion

17 of a party, seek to withdraw it.

18      And, Your Honor, frankly, we called King & Spalding

19 yesterday because we thought, given the pendency of our motion

20 to withdraw the reference on today's motion, that this matter

21 wouldn't be going forward.  But lo and behold new GM said, no,

22 they want to press their luck.  They want to take a shot to see

23 if Your Honor will sustain their objection before they have to

24 have Judge Furman consider sustaining their objection.

25      Understand, Your Honor, new GM pays for all this

1  legal wrangling.  Class action counsel and designated counsel

2  don't get paid to do this except to the extent that we

3  ultimately prevail.  This is not fun for us.  This is being

4  done in response to an unprecedented and we think

5  unsubstantiated motion to compel us to withdraw our motion to

6  withdraw the reference.

7        Your Honor, we think it's procedurally inappropriate,

8  we don't think there's any substantive basis upon which they

9  can proceed, and we'd ask Your Honor to please defer the entire

10  argument that New GM just made to you, to Judge Furman, where

11  the matter is properly pending.

12        Thank you, Judge, unless you have any questions.

13        THE COURT:  No, no further questions.  Mr. Steinberg?

14        MR. STEINBERG:  Your Honor, Mr. Weisfelner has framed

15  my argument as only being about Paragraph 16, and I want to

16  call your attentions to paragraph -- Paragraphs 11 and 12 of

17  the judgment.  Paragraph 11 says, after the first sentence,

18  which defines what hybrid lawsuits are, it says:

19        "Accordingly, until and unless the complaint in a

20        hybrid lawsuit is amended to assert solely claims and

21        allegations permissible under the decision in this

22        judgment as determined by this, or any higher court

23        if necessary" -- which hasn't happened -- "or is

24        judicially determined not to require amendment by

25        this or any higher court, the lawsuit is and shall

1           remain stayed."

2           And then in the other paragraphs in Paragraph 11,

3   they talk about the no-strike pleading filed in the bankruptcy

4   court, with the bankruptcy court scheduling a hearing if

5   there's any issue.

6           So this is not again about a constitutional issue

7   about whether they have a right to withdraw the reference.

8   They consented to the jurisdiction of this Court to determine

9   these matters.  The matters have not been fully determined and

10  they're stayed.  They're stayed only for a couple of acts, and

11  what they did was beyond those couple of acts.

12          Now, Your Honor, I think in the -- refer to the

13  bankruptcy rule, it's Bankruptcy Rule 5011 --

14          THE COURT:  Is it 5011 and 5001?  You may be right.

15          MR. STEINBERG:  It's 50 -- I think it's 5011.

16          MR. WEISFELNER:  I think it's 5011, too.

17          THE COURT:  Okay.  All right.

18          MR. STEINBERG:  And 5011 clearly provides that the

19  case, that a matter is not stayed, a proceeding is not stayed.

20  There's not this requirement that Mr. Weisfelner is

21  introducing.  The proceeding is not stayed.  The Court could

22  stay it on its own if it wanted to, but the matter is not

23  stayed and courts can go forward notwithstanding the pending of

24  a motion to withdraw the reference.

25          So -- and then he's -- and then Mr. Weisfelner said,

32

1  the cases are unanimous that they -- this is interpreted as an

2  automatic stay.  Well, he didn't cite one case that said that

3  and he didn't move for a stay.  He wants to talk about

4  procedure.  I actually don't know what he's talking about.  I

5  mean, I know what the rule says, and I know I've been in a

6  situation where I had to familiarize myself with the rule

7  because, on a motion to withdraw the reference, the district

8  court held it for two years, and matters were going forward in

9  and bankruptcy court hadn't decided the matter.

10        So on a procedural basis, this case is different than

11  what he talks about as his constitutional right is because

12  there was a stay in effect.  Paragraph 12 is the paragraph that

13  deals with the states, has exactly the same language.  The

14  matters are stayed except for the filing of a no-strike

15  pleading in this court.  That's what the Paragraph 16 then

16  governs overall, which is the Court has exclusive jurisdiction

17  to interpret its judgment, but the judgment is Paragraphs 11

18  and 12, which says, the action relating to the remainder of the

19  motions to enforce are going to be in the bankruptcy court.

20        That doesn't mean that the district court can't sua

21  sponte move to withdraw the reference.  I wasn't quarreling

22  about position.  But it does mean that they're restrained from

23  certain acts.  Now, in a different context, Your Honor had said

24  to a different plaintiff in this case, and I think it was

25  Gary Peller, that you are to withdraw your request to amend the

1  complaint to assert a class action.

2          THE COURT:  Well, wasn't that in the District of

3  Columbia?

4          MR. STEINBERG:  Yes.

5          THE COURT:  And nobody would have contended that a

6  motion to withdraw the reference could be brought before that

7  district judge in D.C.

8          MR. STEINBERG:  That's correct.  It was just --

9  that's correct.

10         THE COURT:  So while I agree with you on what you

11 just said, I'm not particularly clear on why it should apply to

12 a situation such as this one.

13         MR. STEINBERG:  I was drawing an analogy.  Clearly,

14 it wasn't a motion to withdraw the reference circumstance, but

15 it was a motion to amend.  Most parties have a free right to

16 amend, and they have a constitutional right to ask for an

17 amendment, unless it was subject to some over -- countervailing

18 order that was entered that prevented certain actions from

19 taking place.

20         In the Peller case, they were under an injunction not

21 to start a litigation and not to continue a litigation.  Here,

22 they are under a stay not to do anything else other than to

23 challenge whether what they did was correct in this court, and

24 then they could take it up on appeal.  Then the district court

25 will have the benefit of Your Honor's learning on whether what

1  they did was incorrect.

2          Now, I know you don't want to do and I'm not trying

3  to do a merits argument on what's -- the motion to withdraw the

4  reference.  But they -- the damages that they seek under the

5  second amended complaint is for anybody who was a new GM

6  vehicle owner or an old GM vehicle owner, and whether the old

7  GM vehicle owner was recalled or not recalled.  They're seeking

8  damages for 70 million cars, and if they want to argue that

9  that's clearly an independent claim, we clearly oppose that and

10  we think that it's violative of the judgment.  They're

11  asserting that they should be able to go forward and let Judge

12  Furman decide.  We say they're flouting what Your Honor

13  actually determined, they're continuing to do exactly the same

14  thing, and they don't want Your Honor to be able to rule on

15  that subject matter, and that's what all of this is about.

16          And we did file our motion to compel their

17  withdrawal.  We did it over a month ago.  And then we filed our

18  responses in the district court, and if the matter had been

19  resolved then, it had been resolved then.  But it hasn't been

20  resolved, and it doesn't necessarily mean that Your Honor has

21  to resolve it immediately.  But the fact of the matter is, is

22  that all of these what he calls procedural gamesmanship is

23  caused by them, by the violation of the stay.

24          And they keep on doing it and they just say, well,

25  look at the mess that we're creating, but it's got to be both

1   people's fault.  But the reality is it's not both people's

2   fault.  It's not my fault that when they assert a complaint

3   again in the second amended complaint, they used the term "GM-

4   branded" which means old GM vehicle and new GM vehicle.  They

5   used it 36 times, and then they don't want to come to Your

6   Honor when Your Honor has already ruled that that's not

7   something that they're supposed to do.  And they do it in the

8   context of a motion to withdraw the reference, and they do it

9   without figuring out how they can avoid re-argument because

10   that's all they would be doing is re-arguing.

11          That's what's happening here, and we think that Your

12   Honor should enforce your order.  The bellwether trial they

13   talked about is the personal injury cases, it's not the

14   economic loss cases which he's representing.  And the fact of

15   the matter is, is that he says that Judge Furman has been

16   living with the complaint and there's been motion practice.

17   There actually has been no motion practice on the second

18   amended complaint at all.

19          There has been certain procedural issues, but not

20   motion practice as to the substance of the matter, and clearly

21   when you define what the old GM claim threshold was, it was a

22   threshold issue.  It was to give the district court and other

23   courts guidance as to how your judgment should be interpreted

24   as by you in the context of what is a proscribed claim and what

25   is a legitimate claim that could be asserted against new GM.

36

1          So they're trying to cut short what has been in place

2    in this court for the last year, which is the determination of

3    that old GM issue.  As far as discussing what happens at a meet

4    and confer, I'm not sure what the context is that he thinks a

5    meet and confer happened, and I'm not sure why he wants to

6    refer to a prior hearing that Your Honor held because Your

7    Honor understands what you said.  And to show you Your Honor's

8    words, to say he didn't catch this buzzword when it wasn't put

9    before you, to put into context that hearing that he's talking

10   about, that was the -- a hearing that we had on a different

11   matter and then unscheduled Mr. Weisfelner wanted to describe a

12   potential settlement that ultimately didn't take place with the

13   GUC trust.

14          And in the context of describing that, he was asking

15   to extend the times for people to answer so that the GUC trust

16   wouldn't be required to answer while they were still having

17   their pending discussion.  And there was a motion that was

18   pending before Your Honor which was the no-strike pleading, and

19   there was a motion that was pending before Judge Furman, which

20   was the withdrawal of the reference.  And they are asking Your

21   Honor to extend the time on the motion to withdraw the

22   reference which was before Judge Furman.  And I think it was

23   even me that said, Your Honor, how could you extend time for a

24   pleading that's before another court?  And Your Honor agreed,

25   and your statements there were in that context, which is that

1    I'm not going to grant extensions on matters that are before

2    Judge Furman's watch, which is the motion to withdraw the

3    reference.

4          That's about all I think you could say about that

5    entire hearing.  If you read the remainder of the transcript,

6    Mr. Weisfelner apologizes to me and to the Court for having

7    confused the Court as to what he was asking for, and for

8    essentially having wasted everybody's time.  So -- but it all

9    comes back with Your Honor knows what you said and Your Honor

10    knows what you intended to say, and I can't try to do any more

11    spin on that other than to say that was the context of when all

12    this came up.

13          I'll conclude with the following remark:  This is not

14    Wellness and this Celotex.  Wellness did not talk about a court

15    where there was a consent to jurisdiction enforcing its own

16    injunction, and that's what's happening here.  Thank you.

17          THE COURT:  All right.  Any surreply, Mr. Weisfelner?

18          MR. WEISFELNER:  Yeah, just very briefly.  Your

19    Honor, for the proposition that notwithstanding Rule 5011, when

20    there is a motion to withdraw the reference that is pending,

21    hearings on the underlying adversary proceeding themselves

22    ought to be deferred.  I would cite Your Honor to In re NatTel

23    LLC, Bankruptcy Court from the District of Connecticut, April

24    of 2012, at 212 WL 1309240.  And the jump cites are at 5 and 8.

25    Likewise, Summit Global Logistics, Bankruptcy Court for the

1  district of New Jersey, December of 2008, 2008 WL 5953690, and

2  the jump cite is at Page 2, both of which stand for the

3  proposition that in deference to the district court, the

4  bankruptcy court ought to withhold decision on motions to

5  dismiss until the district court rules on the motion for

6  withdrawal of the reference and jurisdiction over the adversary

7  proceeding is ultimately determined.

8          THE COURT:  Is there a reason that you brought those

9  to my attention only in surreply and they're not in your brief

10  or in anything you submitted before this minute?

11          MR. WEISFELNER:  Your Honor, it's only because I

12  didn't think that the construction of Bankruptcy Rule 5011(c)

13  was going to be argued to be as broad as Mr. Steinberg argued

14  it to be.  It wasn't included in our original brief because,

15  again, I don't know that this is really to be decided by Your

16  Honor based on the scope of Rule 5011.

17          I mean, yes, I have a motion to withdraw the

18  reference on their motion to compel, but Your Honor saw fit to

19  go forward with today's hearing notwithstanding.  You asked the

20  question whether or not any of us have seen cases that

21  interpret 5011 the way I suggested they ought to be, and only

22  in response to that inquiry, Your Honor, did I think it

23  appropriate to burden the record with additional case

24  citations.

25          Your Honor, the other point I wanted to make is we

39

1    keep getting references from Mr. Steinberg with regard to Your

2    Honor's order, and I just want to find where it is.  Paragraph

3    (c) of Paragraph 12 provides that if the counsel in a state

4    lawsuit believes that notwithstanding the decision and its

5    judgment, and let's again let's remember that the states were

6    not parties to the threshold issues, but if they believe it has

7    a good-faith basis to maintain, that its allegations, claims,

8    or causes of action against new GM should not be stricken.  It

9    shall file a no-strike pleading with this court within 17

10   business days of this judgment, which they did.

11        The no-strike pleading shall not reargue issues that

12   were already decided by the decision and judgment.  They

13   didn't.  And beside the fact they weren't parties to the

14   decision or judgment.  If a no-strike pleading is timely filed,

15   new GM shall have 17 business days to respond.  They have.  And

16   the Court will schedule a hearing thereon if it believes one is

17   necessary.

18        Now, again, nothing in that paragraph or any other

19   provision of Your Honor's decision or judgment provided that

20   the parties may not seek to withdraw the reference.  And I

21   guess I would ask Your Honor a question which I think every

22   textbook suggests you never ask a question, let alone of a

23   judge, if you don't think you know the answer.  Well, Your

24   Honor, I think I do know the answer so I'm going to take the

25   risk.

1          Your Honor, I would assert that in drafting your

2    decision and in drafting your judgment, you at no time intended

3    to preclude parties from pursuing the right under 157 to seek

4    to withdraw the reference because I believe that if Your Honor

5    had so determined to prevent parties from seeking to file

6    motions to withdraw the reference, you would have said so.

7          So, Your Honor, the whole notion that we are somehow

8    violating an injunction or a stay I think is something that's

9    made out of whole cloth.  The matter is pending before

10   Judge Furman.  Let Judge Furman decide it in the first

11   instance.  If he denies the motion to withdraw the reference,

12   we all know where we're going to be.

13         Until he decides the motion to withdraw the

14   reference, I believe that today's motion, because we have a

15   pending motion to withdraw the reference with regard to today's

16   proceedings, ought to be either deferred or new GM's motion

17   should be denied.  Thank you, Judge.

18         MR. STEINBERG:  Your Honor, just two quick points if

19   I can just real quick.

20         THE COURT:  If it's limited to --

21         MR. STEINBERG:  To two.

22         THE COURT:  -- the very last things that

23   Mr. Weisfelner said.

24         MR. STEINBERG:  Correct.  Your Honor, Mr. Weisfelner

25   has said twice and Mr. Davidson reminded me when I got back to

1  the table that I had not made this point.  The state's

2  obviously consented to Your Honor's jurisdiction to determine

3  the four threshold issues and were part of the discussion with

4  regard to the determination of it.  They brought their actions

5  after the motions to enforce were brought, and they are

6  represented by the same counsel that had agreed to the stay

7  stipulations.

8         And they said, we only want to determine whether we

9  should be able to go into the state court versus the MBL, but

10  otherwise we're consenting to allow this Court -- we're

11  agreeing to a voluntary stay, and we're agreeing to allow this

12  Court to determine the four threshold issues.  So when he says

13  that they were not bound by this, they are bound by that, and

14  they were part of these proceedings, and, in fact, Mr.

15  Weisfelner's co-counsel is the counsel for the states in these

16  matters.

17         The second point is that _Wellness_ was a case where

18  the parties had consented to the jurisdiction, and then they

19  were trying to argue afterwards based on the _Stern v. Marshall_

20  decision that the bankruptcy courts shouldn't hear their

21  matter.  It was in effect a withdrawal of a previous consent,

22  and there the Supreme Court said the consent was given and the

23  bankruptcy court was free to act.

24         And that's the circumstance here where there are

25  limitations as to what a party can do or can't do once they've

42

1    consented to the jurisdiction of the Court.  They don't get a

2    chance to say, oh, you know what, I don't really like what's

3    going on here, I should move somewhere else.  Thanks.

4            THE COURT:  All right.  Everybody sit in place for a

5    second.

6        (Pause in proceedings)

7            THE COURT:  All right.  Ladies and gentlemen, I am

8    determining now that under the Rule 5011, with respect to this

9    proceeding, I do have the discretion to decide whether or not I

10   will rule on the issue before me, and I'm going to decline to

11   abstain, if you will, from deciding it.  Putting it a different

12   way, I am going to decide this issue, and the ping-pong is

13   going to stop.

14           With respect to the remainder of the controversy,

15   which is for the avoidance of doubt, not the underlying issue

16   as to withdrawal of the reference, but whether a bankruptcy

17   judge appointed under Article I has the ability to stay parties

18   from proceeding before a bankruptcy -- excuse me, an Article

19   III district judge, I will be deciding that issue in a written

20   decision, probably in the next 24 to 48 hours.

21           So that is as much as I'm ruling on off the bench,

22   and I will be issuing a decision with respect to the remainder

23   as soon as practical.  We're adjourned.

24       (Proceedings concluded at 10:51 a.m.)

25                            * * * * *

1                     **C E R T I F I C A T I O N**

2

3          I, Ilene Watson, court-approved transcriber, hereby

4   certify that the foregoing is a correct transcript from the

5   official electronic sound recording of the proceedings in the

6   above-entitled matter.

7

8

9   _____

10  ILENE WATSON, AAERT NO. 447      DATE:  August 13, 2015

11  ACCESS TRANSCRIPTS, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

