


**DANIEL H. GOLDEN**
+1 212.872.8010/fax: +1 212.872.1002
dgolden@akingump.com

August 26, 2015

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

**Re: In re Motors Liquidation Company, *et al.***
**Case No. 09-50026 (REG)**

**Joint Letter In Response to Case**
**Management Order, dated August 19, 2015**

Dear Judge Gerber:

We represent certain holders of beneficial interests (the "**Unitholders**") in the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), and Wilmington Trust Company, as trustee for and administrator of the GUC Trust. We submit this letter on behalf of the Unitholders and the GUC Trust and on behalf of New GM, Designated Counsel and certain Non-Ignition Switch Pre-Closing Accident Plaintiffs (collectively, the "**Parties**") in response to the *Case Management Order Re No-Strike, No Stay, Objection, and GUC Trust Asset Pleadings* (the "**Case Management Order**"), entered by the Court on August 19, 2015 [ECF No. 13383].

On June 1, 2015, the Court entered the *Judgment* [ECF No. 13177] (the "**Judgment**"), which, among other things, required the Non-Ignition Switch Plaintiffs and the Non-Ignition Switch Pre-Closing Accident Plaintiffs to submit briefs setting forth a good-faith basis for why the Court's ruling on equitable mootness in the Court's *Decision on Motion to Enforce Sale Order* [ECF No. 13109] should not be binding on them, and provided New GM, the Unitholders,





and the GUC Trust with an opportunity to respond to such briefs, if any (the "**Equitable Mootness Issue**"). Judgment ¶ 13(d).[1]

The Parties agree that no additional briefing or oral argument is necessary with respect to the Equitable Mootness Issue and that the Equitable Mootness Issue may be decided separately from, and in advance of, the other issues raised by the Parties in response to the Case Management Order. These other issues may be addressed in separate letters submitted by the Parties.

We thank the Court in advance for its consideration.

Respectfully submitted,

/s/ *Daniel H. Golden* /s/ *Lisa H. Rubin*

Daniel H. Golden Lisa H. Rubin

cc: Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.
Edward S. Weisfelner
Howard Steel
Sander L. Esserman
Jonathan L. Flaxer
S. Preston Ricardo
Matthew J. Williams
Lisa H. Rubin
Keith Martorana

---

[1] Specifically, the Judgment provides: "If counsel for a Non-Ignition Switch Pre-Closing Accident Plaintiff or a Non-Ignition Switch Plaintiff believes that, notwithstanding the Decision and this Judgment, it has a good faith basis to believe that any of the GUC Trust Assets may be used to satisfy late proofs of claim filed by them that may ultimately be allowed by the Bankruptcy Court, it shall file a pleading with this Court within 17 business days of this Judgment . . . ." Judgment ¶ 13(d).






Deborah J. Newman
William P. Weintraub
Gregory W. Fox
Steve W. Berman
Elizabeth J. Cabraser
Robert C. Hilliard