**BROWN RUDNICK**

EDWARD S. WEISFELNER

direct dial: (212) 209-4900

fax: (212) 938-2900

eweisfelner@brownrudnick.com

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

August 26, 2015

**VIA E-MAIL
AND ECF FILING**

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

RE:   In re Motors Liquidation Company, *et al.*
      Case No. 09-50026 (REG)

      Letter in Response to Case
      Management Order, dated August 19, 2015

Dear Judge Gerber:

      We write on behalf of plaintiffs represented by Co-Lead and Designated Counsel for the so-called Economic Loss claims ("**Plaintiffs**") in response to the *Case Management Order Re No-Strike, No-Stay, Objection, and GUC Trust Asset Pleadings*, dated August 19, 2015 [ECF No. 13383] (the "**CMO**"). While the Court reasonably anticipated a joint response to the CMO, our recent meet and confers confirm that will not be possible. New GM has informed us of its intention, in the context of the matters pending before this Court, to seek to re-litigate issues that were determined in this Court's April 15, 2015 *Decision On Motion To Enforce Sale Order*, In re Motors Liquidation Co., 529 B.R. 510 (Bankr. S.D.N.Y. 2015) (the "**Decision**") and the *Judgment*, dated June 1, 2015 [ECF No. 13177] (the "**Judgment**"). New GM has also informed us of its desire to seek to embroil this Court in matters that we believe are more properly within the purview of those courts having jurisdiction over Independent Claims pending against New GM, including the Second Amended Consolidated Complaint (the "**SACC**") pending in the MDL Action. We have been advised that separate submissions will be forthcoming from the States of California and Arizona, as well as from Co-Lead and Designated Counsel for accident victims. This submission responds to the Court's specific inquiries as listed in the CMO.

Brown Rudnick LLP    Boston | Dublin | Hartford | London | New York | Orange County | Paris | Providence | Washington, D.C.

brownrudnick.com

(a)  The individual complaints that are currently the subject of No-Strike Pleadings, Objection Pleadings, or GUC Trust Asset Pleadings (or, applicable No-Stay and No Dismissal Pleadings) are listed below:

   i)   *Second Amended Consolidated Complaint*, In re General Motors LLC Ignition Switch Litig., No. 14-md-2543 [ECF No. 1038], *as corrected* [ECF No. 1061] (S.D.N.Y. June 1, 2015);

   ii)  *First Amended Complaint for Violations of California Unfair Competition Law and False Advertising Law*, California v. General Motors LLC, No. 30-2014-00731038-CU-BT-CXC [ECF No. 7] (Super. Ct. Orange Cnty. July 1, 2014);

   iii) *Complaint for Injunctive and Other Relief*, Arizona ex rel. Thomas C. Horne v. General Motors LLC, No. CV2014-014090 [ECF No. 1] (Super. Ct. Maricopa Cnty. Nov. 19, 2014); and

   iv)  *Omnibus Complaint for Pre-Sale Personal Injuries and Deaths*, Adams v. General Motors LLC (In re General Motors LLC Ignition Switch Litig.), Nos. 14-md-2543, 15-5528 [ECF No. 1] (S.D.N.Y. July 16, 2015).

(b)  Subject to subparagraph (h) below, Plaintiffs do not anticipate additional pleadings with respect to the complaints listed in paragraphs 1(a)(i)-(iii).  New GM's response to the No Dismissal Pleading with respect to the Adams action is due by September 3, 2015.

(c)  Plaintiffs believe that no further briefing or oral argument in connection with the GUC Trust Asset Pleading is necessary and the GUC Trust Asset Pleading may be decided separately from the other issues referenced herein.[1]

(d)  Plaintiffs believe that New GM should be in a position to submit marked pleadings no later than September 21, 2015, together with any supplemental brief it chooses to file, which brief should not exceed 50 pages.

(e)  Plaintiffs wish to provide commentary with respect to marked pleadings and would commit to do so no later than October 12, 2015.  Plaintiffs will also file their responsive brief, not to exceed 50 pages, by October 19, 2015.  Plaintiffs will consult with and attempt to coordinate with other counsel who may wish to respond to New GM's marked pleadings and/or supplemental brief.

(f)  New GM's omnibus reply to all responsive briefs, not to exceed 30 pages, would be filed no later than November 2, 2015.

(g)  Plaintiffs request that the Court schedule oral argument on all issues after November 2, 2015, at the Court's convenience.[2]

---

[1] Plaintiffs understand that the GUC Trust Administrator, Participating Unitholders and New GM also agree with paragraph 1(c) herein.

[2] Plaintiffs understand that New GM agrees with the Plaintiffs on the sequencing, dates, and page limits reflected in paragraphs 1(d)−1(g).



(h)  Notwithstanding the specific provisions of the Judgment which set forth the proper post-Judgment issues that might eventually be addressed by this Court, New GM has advised Plaintiffs that it now believes there are "other matters" that need to be addressed.  Plaintiffs believe that New GM's reference to these "other matters" is an inappropriate attempt to re-litigate issues already decided in the Decision and Judgment (which are currently pending in the direct appeal to the Second Circuit) and/or are more properly issues that should be determined by the courts having jurisdiction over the complaints listed above.  Apparently emboldened by the District Court's recent order denying motions to withdraw the reference, New GM is attempting to hijack matters more properly before Judge Furman in the pending MDL Action (which has original and subject matter/diversity jurisdiction over the federal and state class action claims asserted in the SACC and authority over all related discovery and pretrial rulings under 18 U.S.C. § 1407).  The issues New GM now contends, without any support, should be resolved in this Court are as follows:

i)  Whether punitive/special damages against New GM are somehow barred.  Plaintiffs believe that damages, if any, in connection with Independent Claims are not affected by the Decision or Judgment.  It is Plaintiffs' position that, so long as the action qualifies as an Independent Claim, a determination of the proper scope of damages should be up to a jury and are properly within the purview of those courts having jurisdiction over those actions.  New GM has not provided Plaintiffs with any contrary support for its newly identified issue.  In that regard, New GM is clearly attempting to hijack determinations that Judge Furman should be overseeing in the MDL Action and that are already part of the bellwether trials that Judge Furman is overseeing.  Furthermore, Plaintiffs do not consent to New GM's requests to have this issue briefed on an expedited or curtailed basis and without oral argument.

ii)  Whether New GM can be held liable for its failure to recall vehicles, which failure prevented Plaintiffs from filing timely proofs of claim in Old GM's chapter 11 case.  Once again, Plaintiffs believe that the extent of New GM's liability with regard to this particular Independent Claim is a matter for courts having jurisdiction of those actions.  It bears repeating that Independent Claims are claims by non-chapter 11 parties against a non-debtor, the outcome of which can have no bearing on Old GM's estate.

iii)  Whether Independent Claims based on state law consumer protection statutes may proceed.  Again, once this Court determines that there is an Independent Claim that does not sound in the nature of successor liability, the soundness of the claim and whether it can rely on consumer protection statutes is a matter properly before other courts.  For example, whether a consumer protection claim arises at the time of sale or whether it can arise years later is a legal question that is purely the type of statutory construction a federal district court is empowered to engage in.

iv)  Whether Independent Claims based on a failure to warn/duty to recall may proceed.  Again, New GM is apparently trying to circumvent this Court's determinations with regard to Independent Claims outside of the appellate proceedings presently pending.


Likewise, New GM has advised that it is seeking to re-litigate other aspects of the Decision and Judgment. Specifically, New GM contends that the knowledge of Old GM employees who became New GM employees cannot be imputed to New GM. The issue of imputation will arise under the state laws at issue in the MDL Action and again implicate the powers of decision making granted to the district court. It likewise contends that any contrary findings by this Court can have no force or effect in other proceedings, including in the MDL Action, again a matter for determination by other courts.

Plaintiffs anticipated that resolution of the pending No-Strike, No-Stay, Objection and GUC Trust Asset Pleadings would be focused on whether the pending complaints properly assert Independent Claims. In that regard, Plaintiffs believed that the reviewing court would be called upon to determine whether the actions sought recovery for the post-sale wrongful conduct of New GM and did not improperly attempt to paint New GM with Old GM acts. As this Court has previously determined, "th[e] things New GM did, or knowledge New GM personnel had when acting for New GM (even if those personnel acquired that knowledge while acting for Old GM) would be fair game. . . . New GM could still be held liable . . . for knowingly installing a part it knew to be defective even if the part had been made by Old GM . . . and likewise could be held liable for refusing to make a repair that New GM knew had to be made, no matter when its personnel acquired the requisite knowledge." In re Motors Liquidation Co., No. 09-50026, 2015 WL 4498006, at *3 n.16 (Bankr. S.D.N.Y. July 22, 2015). Instead, New GM is seeking to re-litigate issues it already lost and to otherwise embroil this Court in matters that are outside its jurisdiction and more properly determined in those courts where Independent Claims may ultimately be permitted to proceed.

Finally, New GM contends that Non-Ignition Switch Plaintiffs cannot assert Independent Claims absent a determination that those Plaintiffs suffered a denial of due process. That position has no merit. In its Decision, the Court properly determined that the Sale Order was overly broad to the extent it sought to preclude direct, independent claims against New GM based on its own actions and failures. See In re Motors Liquidation Co., 529 B.R. at 573. That same logic should apply to the Non-Ignition Switch Plaintiffs, regardless of whether they are ultimately determined to be known or unknown creditors. On the flip side, it may be argued that the Non-Ignition Switch Plaintiffs would ultimately be bound by the logic of this Court's decision with regard to equitable mootness, notwithstanding the fact that the Decision and Judgment were both entered without their participation. So long as their appellate rights are preserved, Plaintiffs do not contemplate objecting to having the Decision and Judgment apply to their claims as against the GUC Trust.


Honorable Robert E. Gerber
August 26, 2015
Page 5

Given the sharp disagreement over whether New GM's "other matters" are properly before this Court in connection with the pending No-Strike, No-Stay, No Dismissal, Objection and GUC Trust Asset Pleadings, the Plaintiffs believe a scheduling conference to be held as soon as possible is warranted where the Court may determine that additional briefing with regard to these "other matters" is appropriate. In that regard, Plaintiffs reserve the right to seek a resolution of the question of which court should appropriately consider said "other matters" through withdrawal of the reference or otherwise.

Respectfully submitted,

  /s/ Steve W. Berman                                    /s/ Elizabeth J. Cabraser
Steve W. Berman (*pro hac vice*)                       Elizabeth J. Cabraser
HAGENS BERMAN SOBOL SHAPIRO LLP                        LIEFF CABRASER HEIMANN &
1918 Eighth Avenue, Suite 3300                         BERNSTEIN, LLP
Seattle, Washington 98101                              275 Battery Street, 29th Floor
                                                       San Francisco, California 94111
*Co-Lead Counsel in the MDL Proceeding*
*for the Economic Loss Plaintiffs*                     *Co-Lead Counsel in the MDL Proceeding*
                                                       *for the Economic Loss Plaintiffs*

  /s/ Edward S. Weisfelner                               /s/ Sander L. Esserman
Edward S. Weisfelner                                   Sander L. Esserman
BROWN RUDNICK LLP                                      STUTZMAN, BROMBERG, ESSERMAN &
7 Times Square                                         PLIFKA, P.C.
New York, NY 10036                                     2323 Bryan Street, Suite 2200
                                                       Dallas, TX 75201
*Designated Counsel for the*
*Economic Loss Plaintiffs*                             *Designated Counsel for the*
                                                       *Economic Loss Plaintiffs*


cc:     Honorable Jesse M. Furman
        Robert C. Hilliard
        Arthur Steinberg
        Scott Davidson
        Richard C. Godfrey, P.C.
        Andrew Bloomer, P.C.
        Howard Steel
        Jonathan Flaxer
        Alex Schmidt
        Matt Williams
        Lisa Rubin
        Keith Martorana
        Daniel Golden
        Deborah Newman
        William P. Weintraub
        Greg Fox
        Gary Peller