GOODWIN | PROCTER

William P Weintraub
212.813.8839
WWeintraub@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

August 26, 2015

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

Re:  *In re Motors Liquidation Co., et al.* **(Case No. 09-50026 (REG)):**
     **Response of Personal Injury Claimants to Case Management Order, dated August 19, 2015**

Dear Judge Gerber:

      As the Court is aware, Goodwin Procter LLP ("Goodwin") has been engaged by Co-Lead Counsel in *In re: General Motors Ignition Switch Litigation* (14-md-2543 (JMF)) (the "MDL") to address issues of bankruptcy law affecting the Ignition Switch Pre-Closing Accident Plaintiffs.[1] Separately, Goodwin has been retained by certain law firms that represent personal injury victims to represent their interests in connection with Old GM's bankruptcy.[2] We submit this letter in response to the *Case Management Order Re No-Strike, No Stay, Objection, and GUC Trust Asset Pleadings*, entered by the Court on August 19, 2015 [ECF No. 13383] and as a supplement to the letter that Brown Rudnick LLP will be submitting for the so-called "Economic Damage Plaintiffs" (the "ED Letter"). We agree with and support the arguments made in the ED Letter with respect to New GM's improper attempt to deprive the District Court of its jurisdiction over and discretion to govern the scheduling of matters properly pending before Judge Furman. We also agree with the ED Letter's proposed briefing and

---

[1] As defined in this Court's Judgment, entered on June 1, 2015 [ECF No. 13177] (the "Judgment"), "Ignition Switch Pre-Closing Accident Plaintiffs" means the subset of the Pre-Closing Accident Plaintiffs that had the Ignition Switch in their Subject Vehicles (each term as defined in the *Agreed and Disputed Stipulations of Fact Pursuant to the Court's Supplemental Scheduling Order, Dated July 11, 2014*, filed Aug. 8, 2014 [ECF No. 12826], at 3). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Judgment.

[2] *See* Notice of Appearance filed by Goodwin on May 19, 2014 on behalf of Hilliard Muñoz Gonzales LLP; Thomas J. Henry Injury Attorneys; Girard Gibbs LLP; and Jordan, Hyden, Womble and Culbreth, P.C. [ECF No. 12702].

ACTIVE/83498318.3

GOODWIN | PROCTER

Honorable Robert E. Gerber
August 26, 2015
Page 2

argument schedule and procedures and write separately only to address issues that specifically impact the personal injury plaintiffs represented by our clients.

1. Goodwin represents law firms that have commenced the following personal injury and wrongful death actions, which are currently or will soon be the subjects of motion practice before this Court as contemplated under the Judgment:

    a. *Adams v. General Motors LLC* (Case No. 15-5528 (S.D.N.Y.)) (the "Adams Action"). The plaintiffs in the Adams Action each suffered accidents in cars manufactured by Old GM prior to the closing of the 363 Sale. The complaint in the Adams Action contains a single count against New GM, which seeks compensatory and punitive damages for New GM's independent negligence, recklessness and/or fraud against the Adams Action plaintiffs following the closing of the 363 Sale by failing to initiate a recall or otherwise alert these plaintiffs of the existence of the known defects in their vehicles in time to allow those plaintiffs to timely file proofs of claim in Old GM's chapter 11 cases. Goodwin filed a No Dismissal Pleading with respect to the Adams Action on August 11, 2015 [ECF No. 13359]. New GM's deadline to respond to that pleading is September 3, 2015.

    b. The following six actions, each of which involve personal injury and/or wrongful death claims against New GM arising from a post-363 Sale incident (collectively, the "Bellwether Actions").

        i. *Cockram v. General Motors, LLC* (Case No. 14-cv-08176) (S.D.N.Y.);

        ii. *Scheuer v. General Motors, LLC* (Case No. 14-cv-08176) (S.D.N.Y.);

        iii. *Norville v. General Motors, LLC* (Case No. 14-cv-08176) (S.D.N.Y.);

        iv. *Barthelemy v. General Motors, LLC* (Case No. 14-cv-05810) (S.D.N.Y.);

        v. *Reid v. General Motors, LLC* (Case No. 14-cv-05810) (S.D.N.Y.); and

        vi. *Yingling v. General Motors, L.L.C.* (Case No. 14-cv-05336) (S.D.N.Y.).

    The MDL court has entered orders scheduling the trials of the Bellwether Actions to commence on a rolling basis beginning on January 11, 2016.[3] On August 21, 2015, New

---

[3] *See* Memo Endorsed Letter Request Regarding Proposed Bellwether Trial Sequence and Replacement Protocol, entered July 28, 2015, Case No. 1:14-md-02543 (JMF) [ECF No. 1217]; MDL Order No. 25 -- Regarding The Selection Of Personal Injury And Wrongful Death Bellwether Cases And Early Trial Scheduling at ¶ 50, entered Nov. 19, 2014, Case No. 1:14-md-02543 (JMF) [ECF No. 422].

ACTIVE/83498318.3

GOODWIN | PROCTER

Honorable Robert E. Gerber
August 26, 2015
Page 3

>   GM sent letters to lead counsel in each of the Bellwether Actions stating that it believed the Bellwether Actions violated the Judgment by seeking economic loss and punitive damages from New GM. Pursuant to the Judgment, the deadline for the plaintiffs in the Bellwether Actions to file a no-strike or no-dismissal pleading is seventeen (17) business days from August 21, 2015, which is September 16, 2015.

2. We agree with the Economic Loss Plaintiffs that New GM should be able to submit marked pleadings showing the individual paragraphs of the complaints in the Adams Action and the Bellwether Actions that it finds problematic by no later than September 21, 2015. Indeed, we do not see the need for marked pleadings with respect to these actions because according to New GM's letters, the only matters at issue are: (i) whether the pre-sale accident plaintiffs in the Adams Action can assert claims against New GM for its failure to inform them of the defects in their vehicles prior to the Bar Date (the "Bar Date Claim") and (ii) whether any of the personal injury claimants in these actions can assert economic loss or punitive damages against New GM.[4] Whether the Bar Date Claim can be sustained and whether accident victims may seek punitive damages from New GM are "yes" or "no" questions; these issues do not lend themselves to excerpting specific allegations from complaints. Regardless, New GM should not be permitted to use the marking of these complaints as a dilatory tactic that would impact the MDL court's trial schedule. In the event New GM files marked pleadings, commentary, and briefing with respect to the Adams Action and the Bellwether Actions, we request the opportunity to file a separate commentary and a responsive brief according to sequencing and procedures approved by the Court.

3. New GM's newly-raised intention to have this Court bar accident plaintiffs from seeking punitive damages from New GM is a transparent attempt to have this Court interfere with the scope and timing of the trial of the Bellwether Actions and, thus, to interfere with Judge Furman's control of his docket. Claims for punitive damages against New GM stemming from post-363 Sale automobile accidents are either claims that (i) were expressly assumed by New GM at the time of the 363 Sale and/or (ii) are wholly independent claims by non-debtor plaintiffs against a non-debtor defendant. Thus, whether punitive damages are warranted as a result of the evidence presented at the trials of the Bellwether Actions is something that is fully within the jurisdiction and purview of the MDL Court. As such, we feel it is appropriate that Judge Furman try the Bellwether Actions according to the schedule Judge Furman has ordered, including the punitive damages aspects of these cases. If punitive damages are not awarded or are determined by Judge Furman to be contrary to this Court's prior rulings, then no punitive damages would be awarded. It makes no sense to delay these trials or try the Bellwether Cases without putting on

---

[4] It is our understanding that only two of the Bellwether Actions – the *Norville* and *Cockram* actions – seek economic loss damages. We have been informed that counsel to the plaintiffs in these two Bellwether Actions will not pursue claims against New GM for economic loss damages and are willing to amend their complaints to limit the damages sought to compensatory and punitive damages stemming from the post-363 Sale incidents at issue.

ACTIVE/83498318.3

GOODWIN | PROCTER

Honorable Robert E. Gerber
August 26, 2015
Page 4

the punitive damages case, only to have to try the case later if punitive damages are eventually determined to be recoverable. Whether any punitive damages awarded in the Bellwether Actions violates this Court's prior decisions, orders or judgments is (i) a matter ideally suited to the post-verdict litigation available to New GM before the trial court and (ii) something Judge Furman is more than capable of understanding and deciding. In sum, we strongly disagree with New GM that the issue of whether personal injury plaintiffs can seek punitive damages in the MDL is an appropriate matter to be decided by this Court. In the event that the Court disagrees, we do not consent to New GM's requests to have this issue briefed on an expedited or curtailed basis and without oral argument.

4. Finally, New GM's intention to raise before this Court issues such as (i) whether knowledge of Old GM employees can be imputed to New GM after the 363 Sale and (ii) the evidentiary weight of this Court's findings of fact in its April 15, 2015 Decision, are issues that are appropriately addressed to the MDL court that will be trying these matters. The request by New GM to have this Court bar the MDL court from considering those issues as part of its motion and trial calendar is improper and should be summarily rejected.

5. We will be prepared to separately brief and argue these issues on behalf of the personal injury plaintiffs and agree that a status conference before this Court is warranted.

Respectfully submitted,

*/s/ William P. Weintraub*

William P Weintraub

cc: Hon. Jesse M. Furman, U.S.D.J.
Richard C. Godfrey
Andrew B. Bloomer
Edward S. Weisfelner
Howard Steel
Sander L. Esserman
Jonathan L. Flaxer
S. Preston Ricardo
Matthew J. Williams
Lisa H. Rubin
Keith Martorana
Daniel Golden
Deborah J. Newman

ACTIVE/83498318.3

GOODWIN | PROCTER

Honorable Robert E. Gerber
August 26, 2015
Page 5

    Jamison Diehl
    Gregory W. Fox
    Steve W. Berman
    Elizabeth J. Cabraser
    Robert C. Hilliard

ACTIVE/83498318.3