UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re

MOTORS LIQUIDATION COMPANY, et al.,
f/k/a General Motors Corp., et al.

Debtors.

Chapter 11

Case No. 09-50026 (REG)

---

**BENJAMIN PILLAR'S RESPONSE IN OPPOSITION TO THE MOTION BY GENERAL MOTORS LLC, PURSUANT TO RULES 7052 AND 9023 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL BANKRUPTCY RULE 9023-1, FOR RELIEF FROM AND TO RECONSIDER THE COURT'S ORDER DATED JULY 29, 2015**

NOW COMES the Plaintiff, BENJAMIN W. PILLARS, as Personal Representative of the Estate of KATHLEEN ANN PILLARS, deceased, by and through his attorneys, THE MASTROMARCO FIRM, and for his response in opposition to the motion filed by General Motors LLC relies upon the brief filed in support of this response and requests that the motion be denied.

Dated: August 27, 2015

Respectfully submitted,
THE MASTROMARCO FIRM
By: /s/ Russell C. Babcock
Russell C. Babcock (P57662)
Attorney for Plaintiff Benjamin Pillars
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
russellbabcock@aol.com

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

## BRIEF IN SUPPORT OF BENJAMIN PILLAR'S RESPONSE

### Introduction

On Thursday, July 16, 2015, the Court issued its ruling from the bench concluding that General Motors LLC [hereinafter referred to as New GM] was bound by the judicial admissions contained within its answer to the amended complaint filed by the Estate of Kathleen Ann Pillars [hereinafter referred to as Pillars] along with the admissions contained within its notice of removal. (Corrected Hearing Transcript pgs. 24-29 – **Ex. 1**). Based upon the admissions, the Court concluded that the Pillars' lawsuit could proceed against New GM. (Corrected Hearing Transcript pgs. 24-29 – **Ex. 1**).

The very next day, i.e. Friday, July 17, 2015, New GM filed its motion to amend its answer and notice of removal before the Eastern District of Michigan. (E.D. Mich. Civil Docket Sheets – **Ex. 2**). The briefing schedule was expedited and Pillars' responded in opposition to the motion to amend arguing, in part, that New GM had been dilatory in seeking an amendment. (See pages 10 through 12 of the Pillars' Response to Motion to Amend – **Ex. 3**). On August 5, 2015, the Eastern District of Michigan issued an Order granting an amendment to the answer and the notice of removal with the following caveat:

> The Court takes no position on the effect – if any – of the amended answer on the bankruptcy court's original ruling concerning the judicial admissions.

(See page 7 to General Motors LLC's Exhibit A).

New GM now brings its motion for reconsideration arguing that the amended answer and the amended notice of removal constitutes new evidence warranting a different outcome:

> The Court should thus reconsider its previous ruling based on this new evidence, deny the relief requested in the Pillars' No Stay Pleading, and direct Pillars to dismiss the Pillars Lawsuit without prejudice as mandated by the Judgment.

(See page 7 to General Motors LLC's Motion, ECF Document No. 13360).

As set forth more fully in this response, New GM's motion lacks merit and should be denied. In the alternative to an immediate denial of the motion, Pillars request a hearing.

## Discussion

The standard applicable to a motion for re-argument or reconsideration is identical to a motion to amend a judgment under FRCP 59(e) as recently reiterated by a District Court. *See In re Papadopoulos,* No. 12-13125 (JLG), 2015 WL 1216541, at *2 (Bankr. S.D.N.Y. Mar. 13, 2015) (**Ex. 4**) citing to *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 41 (2d Cir.1982). The District Court reiterated the applicable standard in its opinion:

> Under FRCP 59 (e), a court can revisit a prior decision based upon an intervening change in the controlling law, the availability of new evidence, to correct manifest errors of law or fact upon which the judgment is based, or to prevent manifest injustice. *Official Comm. Of Unsecured Creditors of Enron Corp. v. Martin (In re Enron Creditors Recovery Corp.),* 378 B.R. 54, 56-57 (Bankr. S.D.N.Y. 2007) (citing *Cray v. Nationwide Mut. Ins. Co.,* 192 F.Supp.2d 37, 39 (W.D.N.Y. 2001)). "The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked– matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.,* 70 F.3d 255, 256 (2d Cir.1995) ("*Shrader* ") (citing *Schonberger v. Serchuk,* 742 F.Supp. 108, 119 (S.D.N.Y.1990); *Adams v. United States,* 686 F.Supp. 417, 418 (S.D.N.Y.1988)). In that way, the rule insures "the finality of decisions and ... prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Carolco Pictures, Inc. v. Sirota,* 700 F.Supp. 169, 170 (S.D.N.Y.1988); *see also Park South Tenants Corp. v. 200 Central Park Assocs., L.P.,* 754 F.Supp. 352, 354 (S.D.N.Y.1985) ("The standard for granting a motion for reargument is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court."). It also precludes repetitive arguments on issues that have already been considered by the court. *Ruiz v. Comm'r of Dep't of Transp.,* 687 F.Supp. 888, 890 (S.D.N.Y.), *aff'd,* 858 F.2d 898 (2d Cir.1988); *see also In re Taub,* 421 B.R. 713, 716 (Bankr.E.D.N.Y.1997) (A motion for reconsideration "is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion."). A motion for reconsideration is "limited to the record that was before the Court on the original motion." *Pereira v. Aetna Cas. & Surety Co. (In re Payroll Exp. Corp.),* 216 B.R. 713, 716 (S.D.N.Y.1997) (quoting *Wishner v. Cont'l Airlines,* 1997 WL 615401, at *1 (S.D.N.Y. Oct. 6, 1997))).

*In re Papadopoulos,* No. 12-13125 (JLG), 2015 WL 1216541, at *2 (Bankr. S.D.N.Y. Mar. 13, 2015) (**Ex. 4**).

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

New GM argues in its motion that the amended answer and the amended notice of removal constitute new evidence which New GM argues warrants this Court's reconsideration of its earlier ruling:

> The Court should thus reconsider its previous ruling based on this new evidence, deny the relief requested in the Pillars' No Stay Pleading, and direct Pillars to dismiss the Pillars Lawsuit without prejudice as mandated by the Judgment.

(See page 7 to General Motors LLC's Motion, ECF Document No. 13360).

It is firmly established that new evidence must be newly discovered and not otherwise discoverable through due diligence prior to the original ruling:

> In order to establish entitlement to reconsideration of a decision in light of the availability of new evidence, Principal Defendants must show that: "(1) newly discovered evidence is of facts existing at the time of [the prior decision]; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative ... of evidence already offered." *Fidelity Partners, Inc. v. First Trust Co. of New York*, 58 F.Supp.2d 55, 59 (S.D.N.Y.1999) (citation omitted). A party seeking to alter or amend a judgment on the basis of newly discovered evidence bears an "onerous" burden. *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir.2001).

*Banco Cent. Del Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 CIV. 9649 (JFK), 2007 WL 2493684, at *2 (S.D.N.Y. Sept. 5, 2007) (**Ex. 5**), See also *Awolesi v. Shinseki*, No. 10-CV-6125 MAT, 2013 WL 1819239, at *1 (W.D.N.Y. Apr. 29, 2013) (**Ex. 6**), See also *Stewart Park & Reserve Coal. Inc. (SPARC) v. Slater*, 374 F. Supp. 2d 243, 253-54 (N.D.N.Y. 2005), See also *In re Rezulin Products Liab. Litig.*, 224 F.R.D. 346, 350 (S.D.N.Y. 2004), See also *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001), See also *Palmer v. Sena*, 474 F. Supp. 2d 353, 355 (D. Conn. 2007).

At least one District Court has gone so far as to suggest that the submission of new evidence is not proper under any circumstances on a motion for reconsideration *East Coast Res., LLC v. Town of Hempstead*, 707 F. Supp. 2d 401, 414 (E.D.N.Y. 2010). Regardless of whether

or not newly discovered evidence can be considered, New GM has failed to demonstrate that the amended answer and the amended notice of removal is newly discovered evidence.

New GM has the onerous burden of showing that the purported mistakes along with its subsequent request for an amended answer and the amended notice of removal are newly discovered evidence and that the newly discovered evidence could not have been discovered prior to the hearing by New GM through due diligence. See *Banco Cent. Del Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 CIV. 9649 (JFK), 2007 WL 2493684, at *2 (S.D.N.Y. Sept. 5, 2007) (**Ex. 5**), See also *Awolesi v. Shinseki*, No. 10-CV-6125 MAT, 2013 WL 1819239, at *1 (W.D.N.Y. Apr. 29, 2013) (**Ex. 6**) See also *Davidson v. Scully,* 172 F. Supp. 2d 458, 464 (S.D.N.Y. 2001) (invoices were not newly discovered when a F.O.I.L. request was not made by the litigant until after the decision at issue). New GM has failed to do so.

As explained by a District Court, the rules at issue should be narrowly and strictly applied:

> These rules are "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." See *Walsh,* 918 F.Supp. at 110. **Strict application of these rules also "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters."** *Polar Int'l Brokerage Corp. v. Reeve,* 120 F.Supp.2d 267, 268–69 (S.D.N.Y.2000). The moving party may not use a motion for reconsideration to advance new facts, arguments, or theories that were available but not previously presented to the Court. See *Graham v. Sullivan,* No. 86 Civ. 163, 2002 WL 31175181, at *2 (S.D.N.Y. Sept. 23, 2002); *Leonard v. Lowe's Home Ctrs., Inc.*, No. 00 Civ. 9585, at *2 (S.D.N.Y. April 12, 2002). (Emphasis Added).

*Secured Sys. Tech., Inc. v. Frank Lill & Son, Inc.*, No. 08-CV-6256, 2011 WL 1599638, at *1 (W.D.N.Y. Apr. 27, 2011) (Ex. 7).

There can be no dispute that New GM was fully aware of the judicial admissions contained within its answer and notice of removal in the months leading up to the hearing before

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

this Court on Thursday, July 16, 2015, and chose to do nothing to correct the purported mistakes as illustrated by the following timeline:

- **May 6, 2015** – Pillars' filed a motion for remand with the Eastern District of Michigan pointing out the admissions in the notice of removal along with the legal effect of said admissions on pages seven and eight of the motion. (**Ex. 8**);[1]

- **May 16, 2015** – Pillars' filed a motion to vacate a conditional transfer order before the Multi-District Judicial Panel pointing out New GM's admissions in the notice of removal along with the legal effect of said admissions on pages five and six of Pillars' motion. (**Ex. 9**);[2]

- **May 28, 2015** – Pillars filed a no stay pleading in this Court again pointing out New GM's admissions in the notice of removal <u>and</u> in the answer along with the legal effect of said admissions on pages four and five of Pillars' bankruptcy submission. (**Ex. 11**);

- **June 4, 2015** - Pillars filed a reply to his motion to vacate before the Multi-District Judicial Panel again pointing out New GM's admissions in the notice of removal <u>and</u> in the answer along with the legal effect of said admissions on page two of Pillars' reply. (**Ex. 12**);

- **June 9, 2015** – Pillars filed a response to New GM's motion for stay in the Eastern District of Michigan again pointing out the admissions in the notice of removal <u>and</u> in the answer along with the legal effect of said admissions on page four of Pillars' response. (**Ex. 13**);

- **June 23, 2015** - Pillars filed an objection pleading in this Court again pointing out New GM's admissions in the notice of removal <u>and</u> in the answer along with the legal effect of said admissions on page five of Pillars' bankruptcy submission. (**Ex. 14**);

- **June 23, 2015** – Pillars also filed a no dismissal pleading in this Court again pointing out New GM's admissions in the notice of removal <u>and</u> in the answer along with the legal effect of said admissions on page five of Pillars' bankruptcy submission. (**Ex. 15**).

Indeed, counsel for New GM admitted at the hearing before this Court that New GM was aware of the purported mistakes within its answer and notice of removal leading up to the hearing:

---

[1] (E.D. Mich. Civil Docket Sheets – **Ex. 2**).
[2] The multidistrict litigation docket sheets are attached as **Ex. 10**.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

MR. STEINBERG: I think, well I think Your Honor on page 7, footnote 5, New GM may have inadvertently referred to the original language contained in section 2(b)(3)(b)(9) of the sale agreement –

THE COURT: I see. All right.

MR. STEINBERG: -- and certain pleadings filed in the underlying lawsuit, the language contained in the first amendment with respect clearly governs this matter. Perhaps we didn't give it the attention that Your Honor wanted us to give the attention because we didn't think it mattered that much because at the end of the day --

(Corrected Hearing Transcript pgs. 18-19 – **Ex. 1**).

It is submitted that New GM's motion is nothing more than New GM examining this Court's decision and then attempting to plug the gaps contained within its earlier submissions to this Court with additional matters, i.e. an amended answer and an amended notice of removal. As evidenced by the civil docket for the Eastern District of Michigan, New GM filed their motion to amend the answer and the notice of removal within twenty-four (24) hours of this Court's decision. (E.D. Mich. Civil Docket Sheets – **Ex. 2**).

It is also submitted that the ease and speed in which New GM filed its motion to amend the answer and notice of removal after this Court's ruling further illustrates that there is no reason why New GM could not have sought the purported new evidence well in advance of this Court's decision on July 16, 2015. Instead of seeking an amendment prior to the hearing before this Court, New GM waited for this Court to issue its ruling. As noted by the Court, New GM had ample opportunity to address the issue surrounding its mistake prior to the hearing:

MR. STEINBERG: Your Honor, will we have, can we have the opportunity to make a submission, and I don't know whether this is true or not, I would need to verify that at the time to answer or amend, we had a right to amend the answer, that this is not a judicial admission to give further briefing.

THE COURT: There was plenty of time to focus on these issues before today. That's my ruling.

MR. STEINBERG: All right.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

> THE COURT: Mr. Steinberg, I have a zillion things on my watch and I have to rely on lawyers dealing with issues in a timely way. We can't have do-overs after I've ruled. I had the same issue with a motion for reargument now which is in substance a do-over after I've ruled, I'm not going to invite even more stuff of that character.

(Corrected Hearing Transcript pgs. 28-29 – **Ex. 1**).

The Court should note that litigants have unsuccessfully sought reconsideration attaching "new evidence" claiming that parties were acting under a mistaken belief and that the wrong evidence was inadvertently considered by the court as illustrated by the following excerpt:

> Plaintiffs now seek to have the court examine additional policy evidence which they claim was inadvertently omitted from the papers they submitted in response to the original dismissal motion. They claim that incomplete copies of two of the excess liability policies in question were inadvertently attached as exhibits to the complaint, leading to a factual misunderstanding of the limits of those policies, which they believe resulted in an erroneous decision on the dismissal motion. Plaintiffs contend that the omitted portions of these policies set forth the underlying schedule of insurance showing that the policies provide coverage to St. Joe Minerals after the company has paid $25,000 of self-insured retention rather than after higher limits of insurance coverage have been exhausted.
>
> Putting the substantive legal argument aside, the court must examine whether this can truly be considered "new evidence." The parties and the court agree that this additional information does not meet the requirements for "new evidence" as just outlined. However, plaintiffs insist that the court must consider this information now because they believe their omission resulted in a mistaken finding of fact which in turn led to an erroneous decision to dismiss this action.

*Certain Underwriters at Lloyd's, London v. St. Joe Minerals Corp.*, 889 F. Supp. 65, 67 (N.D.N.Y. 1995) aff'd, 90 F.3d 671 (2d Cir. 1996).

It is submitted that the facts and circumstances before the District Court in *Certain Underwriters at Lloyd's, London v. St. Joe Minerals Corp.*, was far less egregious than the facts and circumstances which exist in the present case. Nevertheless, reconsideration was denied in that case. New GM was fully aware of the purported mistakes and did nothing to address the mistakes before the hearing with this Court. See also *Davidson v. Scully*, 172 F. Supp. 2d 458,

464 (S.D.N.Y. 2001) (invoices were not newly discovered when an F.O.I.L. request was not made by the pro se litigant until after the decision at issue).

Again, the sole basis given by the New GM for the relief sought in its motion is the purported existence of new evidence; however, New GM has failed to demonstrate that the evidence is newly discoverable and that it was not otherwise discoverable prior to the original hearing As set forth above, New GM's motion should be denied with regards to its allegation regarding purported new evidence.

New GM does not suggest in its motion that there has been a change in the controlling law. Accordingly, the analysis regarding a change in controlling law is irrelevant, since there is no allegation of a change in controlling law. There has been no change in the controlling law.

New GM's motion also does not argue the existence of manifest errors. See *In re Parikh*, 397 B.R. 518, 524 (Bankr. E.D.N.Y. 2008). Accordingly, the analysis regarding manifest errors is irrelevant, since there is no allegation of manifest errors. There have been no manifest errors made by this Court with regards to the judicial admissions.

Finally, New GM does not argue in its motion that this Court's decision was dead wrong and has not suggested the existence of extraordinary circumstances. As noted by a District Court, a manifest injustice requires a showing that this Court's earlier decision was dead wrong along with extraordinary circumstances:

> **Courts ordinarily have not defined precisely what constitutes clearly erroneous or manifest injustice for reconsideration purposes. At least one court has held though that reconsideration is not warranted unless the prior decision is "dead wrong."** *Parts & Electric Motors, Inc. v. Sterling Electric, Inc.*, 866 F.2d 228, 233 (7th Cir.1988), *cert. denied*, 493 U.S. 847, 110 S.Ct. 141, 107 L.Ed.2d 100 (1989). Finally, regardless of what the basis for reconsideration is, while acknowledging a court's power to revisit its own decision, the Supreme Court has cautioned that "as a rule courts should be loathe to do so in the absence of *extraordinary circumstances* ...." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988) (emphasis added).

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

*Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp.*, No. 88-CV-819, 1992 WL 121726, at *20 (N.D.N.Y. May 23, 1992) **(Ex. 16)**, See also *In re Parikh*, 397 B.R. 518, 524 (Bankr. E.D.N.Y. 2008).

Accordingly, the analysis regarding manifest injustice is irrelevant, since there is no allegation by New GM that this Court's decision was dead wrong and there has been no allegation by New GM of extraordinary circumstances.

Again, New GM limits the scope of its argument to the question of whether new evidence exists. (See page 7 to General Motors LLC's Motion, ECF Document No. 13360). As set forth more fully in this response, the purported mistakes which New GM claims resulted in an amendment to the answer to the complaint along with the amended notice of removal were known to New GM months before this Court's hearing and thus are not newly discovered evidence. Furthermore, an amendment to the answer and notice of removal could have been sought well in advance of the hearing further demonstrating that New GM did not act with due diligence. See *Banco Cent. Del Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 CIV. 9649 (JFK), 2007 WL 2493684, at *2 (S.D.N.Y. Sept. 5, 2007) **(Ex. 5)**, See also *Awolesi v. Shinseki*, No. 10-CV-6125 MAT, 2013 WL 1819239, at *1 (W.D.N.Y. Apr. 29, 2013) **(Ex. 6)**.

## Conclusion

As such the Estate of Kathleen Ann Pillars respectfully requests that the Court deny New GM's motion.

Dated: August 27, 2015

Respectfully submitted,

THE MASTROMARCO FIRM
By: /s/ *Russell C. Babcock*
Russell C. Babcock (P57662)
Attorney for Plaintiff Benjamin Pillars
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414