# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

BENJAMIN W. PILLARS,
as Personal Representative of the Estate of
KATHLEEN ANN PILLARS, deceased,

    Plaintiffs,                             Case No. 1:15-cv-11360-TLL-PTM

v.                                         Hon. Thomas L. Ludington

GENERAL MOTORS LLC,

    Defendant.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com

BOWMAN AND BROOKE LLP
THOMAS P. BRANIGAN (P41774)
Attorneys for Defendant
41000 Woodward Ave., Ste. 200 East
Bloomfield Hills, Michigan 48304
(248)205-3300
thomas.branigan@bowmanandbrooke.com
_____/



## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL AND AMENDED ANSWER

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

NOW COMES the Plaintiff, BENJAMIN W. PILLARS, as Personal Representative of the Estate of KATHLEEN ANN PILLARS, deceased, by and through his attorneys, THE MASTROMARCO FIRM, and hereby submits his response to Defendant's motion and requests that this Honorable Court deny Defendant's motion for the reasons as set forth more fully in the brief filed in support of this response.

                              Respectfully submitted,

                              THE MASTROMARCO FIRM

Dated: July 21, 2015           By: */s/ Russell C. Babcock*
                                  RUSSELL C. BABCOCK (P57662)
                                  Attorney for Plaintiff
                                  1024 N. Michigan Avenue
                                  Saginaw, Michigan 48602
                                  (989) 752-1414
                                  russellbabcock@aol.com

# BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL AND AMENDED ANSWER

## INTRODUCTION

As the Court is aware, the Defendant, after removing the above-captioned case to this Court, filed a motion to stay proceedings before this Court which was granted by this Court on June 12, 2015. See ECF Document No. 14. The Court in its order noted the following:

> **On April 14, 2015, Defendant General Motors LLC removed the case to this Court, claiming that the proceedings are subject to the core jurisdiction of the New York Bankruptcy Court under 28 U.S.C. §§ 157(b) and 1334(b) because the proceedings relate to the interpretation and enforcement of the 2009 Sale Order.** General Motors LLC further indicated that it would apply to transfer the case to the Judicial Multidistrict Litigation Panel ("JMPL") assigned to faulty ignition switch cases in the Southern District of New York.
>
> \*\*\*
>
> The parties are therefore currently waiting for a decision from the JMPL on whether this case will be transferred to the MDL.
>
> Because Plaintiff's objection to transfer is still pending before the JMPL, Defendant's motion to stay will be granted. If the JMPL overrules Plaintiff's objection and transfers the case to New York, then any further proceedings here – including Plaintiff's motion to remand will be obviated. **To conserve judicial resources, the most appropriate course of action is to stay the instant case until the JMPL has determined whether the case belongs to the MDL in New York.** (Emphasis added by Plaintiff).

ECF Document No. 14.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

In what appears to be an attempt at circumventing this Court's stay order, the Defendant has improperly filed a motion seeking to amend certain pleadings following an adverse outcome in the United States Bankruptcy Court for the Southern District of New York. (Hearing Transcript – **Exhibit 1**).[1] No effort was made by the Defendant to have the stay before this Court lifted prior to the filing of the pending motion even though the Judicial Multidistrict Litigation Panel has not yet issued its decision which was, in part, the purpose of the stay issued by this Court.

## DISCUSSION

Contrary to the representations contained within Defendant's motion, on Thursday, July 16, 2015, the Honorable Robert E. Gerber, United States Bankruptcy Judge for the Southern District of New York, issued his ruling from the bench unequivocally concluding that the Defendant was bound by the judicial admissions contained within its answer to Plaintiff's amended complaint along with the admissions contained within its notice of removal. (Hearing Transcript pgs. 24-29 – **Exhibit 1**). Based upon Defendant's admissions, Judge Gerber

---

[1] The attached hearing transcript is twenty-nine (29) pages in length. At the conclusion of oral arguments and after the bankruptcy court's ruling, the bankruptcy court took up an unrelated procedural matter involving the GM bankruptcy. The matter did not pertain to Plaintiff's pleadings and that portion of the transcript has not been attached to this response.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

concluded the Plaintiff's pending lawsuit can proceed against the Defendant. (Hearing Transcript pgs. 24-29 – **Exhibit 1**).

Specifically, Judge Gerber concluded at the end of oral arguments that Defendant admitted in its pleadings, for the above-captioned case only, that the death of the decedent which occurred after July 10, 2009, was an assumed liability of the Defendant. (Hearing Transcript pgs. 24-29 – **Exhibit 1**). Accordingly, Judge Gerber lifted the bankruptcy stay so that Plaintiff's claims against the Defendant can proceed. (Hearing Transcript pgs. 24-29 – **Exhibit 1**).

On Friday, July 17, 2015, the Defendant filed its motion to amend which now seeks to have this Court circumvent the bankruptcy court's rulings. Contrary to Defendant's assertions, Judge Gerber has already considered and rejected Defendant's argument that it should now be excused from its earlier admissions because of the purported mistake made by its attorneys. (Hearing Transcript pgs. 24-29 – **Exhibit 1**). Judge Gerber noted, in part, that Defendant had done nothing to correct the purported errors contained within its pleadings prior to the July 16, 2015, hearing and specifically refused to entertain Defendant's request for a rehearing after his ruling was rendered. (Hearing Transcript pgs. 24-29 – **Exhibit 1**). The following excerpts from Judge Gerber's opinion illustrate the findings by the bankruptcy court:

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

**Obviously GM has the ability to ensure that its counsel do their jobs and it's not too much to hold GM for the consequences of what it's counsel who is plainly an agent did.**

\*\*\*

**So I'm going to allow this lawsuit to proceed, and I'm going to state a couple of things for the avoidance of doubt, although they should be obvious. One is I reiterate for the 900th time that I have subject matter jurisdiction over this dispute.** As is apparent from everything that I've said, this applies only to this particular judicial admission in this particular wrongful death case, and has no bearing on anything that I ruled on April 15th or on the Cary Cutler (phonetic) matters [indiscernable]. **It does however, mean that New GM has to defend this wrongful death case. And if it doesn't like defending wrongful death cases when its local counsel admit things that maybe they shouldn't have been admitted to, it should supervise its counsel more carefully.**

\*\*\*

MR. STEINBERG:  Your Honor, will we have, can we have the opportunity to make a submission, and I don't know whether this is true or not, I would need to verify that at the time to answer or amend, we had a right to amend the answer, that this is not a judicial admission to give further briefing.

THE COURT:  **There was plenty of time to focus on these issues before today. That's my ruling.**

MR. STEINBERG:  All right.

THE COURT:  **Mr. Steinberg, I have a zillion things on my watch and I have to rely on lawyers dealing with issues in a timely way. We can't have do-overs after I've ruled. I had the same issue with a motion for rearguments now which is in substance a do-over after I've ruled, I'm not going to invite even more stuff of that character.** (Emphasis added by Plaintiff).

(Hearing Transcript pgs. 27-29 – **Exhibit 1**).

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Judge Gerber's conclusion that Defendant is bound by the admissions contained within its answer and notice of removal is consistent with the prevailing case law. As the Court is aware, a party is bound by the judicial admissions made by its attorneys in its pleadings. The Sixth Circuit has discussed the dispositive effect of judicial admissions:

> Judicial admissions "eliminate the need for evidence on the subject matter of the admission," as admitted facts are no longer at issue. Seven-Up Bottling Co. v. Seven-Up Co., 420 F.Supp. 1246, 1251 (E.D.Mo.1976), aff'd, 561 F.2d 1275 (8th Cir.1977). Once made, the subject matter of the admission should not be reopened in the absence of a showing of exceptional circumstances. New Amsterdam Casualty Co. v. Waller, 323 F.2d 20, 24 (4th Cir.1963), cert. denied, 376 U.S. 963, 84 S.Ct. 1124, 11 L.Ed.2d 981 (1964). This court has observed that "[u]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." Brown v. Tennessee Gas Pipeline Co., 623 F.2d 450, 454 (6th Cir.1980) (citations omitted). Not only are such admissions and stipulations binding before the trial court, but they are binding on appeal as well. See, e.g., Glick v. White Motor Co., 458 F.2d 1287, 1291 (3d Cir.1972).

Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc., 780 F.2d 549, 550-51 (6th Cir. 1986).

> Judicial admissions, on the other hand, are formal admissions in the pleadings of a present action, "which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." In re Fordson Eng' Corp., 25 B.R. 506, 509 (Bankr.E.D.Mich.1982). "[U]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." Ferguson v. Neighborhood Hous. Servs., Inc., 780 F.2d 549, 551 (6th Cir.1986) (citation and quotation marks omitted). "Not only are such admissions and stipulations binding before the trial court, but they are binding on appeal as well." Id. (citation omitted).

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Cadle Co. II v. Gasbusters Prod. I Ltd. P'ship, 441 F. App'x 310, 312-13 (6th Cir. 2011).

Again, Judge Gerber concluded at the end of oral arguments that Defendant admitted in its pleadings, for the above-captioned case only, that the death of the decedent which occurred after July 10, 2009, was an assumed liability of the Defendant. (Hearing Transcript pgs. 24-29 – **Exhibit 1**). Furthermore, Judge Gerber has already considered and rejected Defendant's argument that it should now be excused from its earlier admissions. (Hearing Transcript pgs. 27-29 – **Exhibit 1**). It is respectfully submitted that Judge Gerber's ruling has become the law of this case:

> Under the law-of-the-case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. See United States v. Moored, 38 F.3d 1419, 1421 (6th Cir.1994). The doctrine also bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but were not. See United States v. Adesida, 129 F.3d 846, 849–50 (6th Cir.1997) (citation omitted).

Rouse v. DaimlerChrysler Corp., 300 F.3d 711, 715 (6th Cir. 2002).

If the Defendant is dissatisfied with Judge Gerber's decision, the mechanism is for the Defendant to appeal Judge Gerber's decision to the United States District Court for the Southern District of New York:

> If New GM really wants to appeal this, I reserve the right to issue a written opinion. But as you all well know, I've got so many things beyond that to deal with in GM and for that matter other cases on my watch, that I'm not going to write on this unless I need to.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

(Hearing Transcript pgs. 28 – **Exhibit 1**).

An appeal has not been filed by the Defendant. Instead, the Defendant has filed its motion with this Court. Defense Counsel, in an e-mail to the undersigned, acknowledged Defendant's plan to utilize this Court as a means of forcing Judge Gerber to revisit his earlier ruling:

> **New GM intends to appeal Judge Gerber's ruling in Pillars, unless he reconsiders it, in light of the proceeding referred to in the next paragraph.** [The proceeding referred to by defense counsel is the pending motion to amend before this Court.]
>
> \*\*\*
>
> [The next paragraph to the e-mail states in part.] **If the Michigan District Court grants New GM's Motion to Amend, New GM will ask Judge Gerber to reconsider his ruling.**

(7/21/15 e-mail – **Exhibit 11**).

Again, Judge Gerber has already ruled and provided notice to the Defendant that his decision is final:

> MR. STEINBERG:  Your Honor, will we have, can we have the opportunity to make a submission, and I don't know whether this is true or not, I would need to verify that at the time to answer or amend, we had a right to amend the answer, that this is not a judicial admission to give further briefing.
>
> THE COURT:  **There was plenty of time to focus on these issues before today. That's my ruling.**
>
> MR. STEINBERG:  All right.

> THE COURT: **Mr. Steinberg, I have a zillion things on my watch and I have to rely on lawyers dealing with issues in a timely way. We can't have do-overs after I've ruled. I had the same issue with a motion for rearguments now which is in substance a do-over after I've ruled, I'm not going to invite even more stuff of that character.** (Emphasis added by Plaintiff).

(Hearing Transcript pgs. 27-29 – **Exhibit 1**).

It is respectfully submitted that the Defendant is attempting to avoid the bankruptcy court ruling by attempting to obtain a ruling from this Court on an issue which has already been decided by the bankruptcy court. The bankruptcy court has concluded that Defendant's judicial admissions are dispositive and has rejected Defendant's request for a rehearing. (Hearing Transcript pgs. 27-29 – **Exhibit 1**). Indeed, the Defendant did not provide a copy of Judge Gerber's opinion to its motion to amend.

The Defendant has previously acknowledged, as a basis for its removal of Plaintiff's state claims to this Court, that the bankruptcy court was the Court which has jurisdiction to decide the issue of whether or not Defendant assumed the liability regarding Plaintiff's claims. The bankruptcy court has now issued its ruling in favor of the Plaintiff.

Indeed, Judge Gerber's refusal to give Defendant a "second bite at the apple" is supported by the procedural history. As shown below, the Defendant failed to take any action to correct the purported mistakes appearing in its answer to the amended complaint and in its notice of removal in the months leading up to

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

the bankruptcy hearing despite the existence of clear (and repeated) notice as illustrated below:

- **April 14, 2015** – Defendant filed notice of removal with the admissions at issue;

- **May 5, 2015** – Defendant filed its answer to Plaintiff's amended complaint with the admissions at issue;

- **May 6, 2015** – Plaintiff filed a motion for remand with this Court pointing out Defendant's admissions in the notice of removal along with the legal effect of said admissions on pages seven and eight of Plaintiff's motion. (**Exhibit 2**);

- **May 16, 2015** – Plaintiff filed a motion to vacate a conditional transfer order before the Multi-District Judicial Panel pointing out Defendant's admissions in the notice of removal along with the legal effect of said admissions on pages five and six of Plaintiff's motion. (**Exhibit 3**);[2]

- **May 28, 2015** – Plaintiff filed a no stay pleading in the bankruptcy court again pointing out Defendant's admissions in the notice of removal and in Defendant's answer along with the legal effect of said admissions on pages four and five of Plaintiff's bankruptcy submission. (**Exhibit 4**);[3]

- **June 4, 2015** - Plaintiff filed a reply to his motion to vacate before the Multi-District Judicial Panel again pointing out Defendant's admissions in the notice of removal and in Defendant's answer along with the legal effect of said admissions on page two of Plaintiff's reply. (**Exhibit 5**);

- **June 9, 2015** – Plaintiff filed a response to Defendant's motion for stay again pointing out Defendant's admissions in the notice of removal and in Defendant's answer along with the legal

---

[2] The multidistrict litigation docket sheets are attached as **Exhibit 9**.
[3] The bankruptcy court docket sheets are attached as **Exhibit 10**.

Page 11 of 15

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

effect of said admissions on page four of Plaintiff's response. (**Exhibit 6**);

- **June 23, 2015** - Plaintiff filed an objection pleading in the bankruptcy court again pointing out Defendant's admissions in the notice of removal <u>and</u> in Defendant's answer along with the legal effect of said admissions on page five of Plaintiff's bankruptcy submission. (**Exhibit 7**);

- **June 23, 2015** – Plaintiff also filed a no dismissal pleading in the bankruptcy court again pointing out Defendant's admissions in the notice of removal <u>and</u> in Defendant's answer along with the legal effect of said admissions on page five of Plaintiff's bankruptcy submission. (**Exhibit 8**);

- **July 16, 2015** – Bankruptcy hearing & ruling. (**Exhibit 1**);

- **July 17, 2015** – Defendant's motion to amend pleadings.

Accordingly, Judge Gerber had ample reason to side with the Plaintiff. On at least seven (7) separate occasions in at least three (3) different forums over a period of almost three (3) months, the Plaintiff gave Defendant notice of its admissions along with the legal consequences of said admissions. Instead of addressing Plaintiff's argument regarding its admissions and attempt to correct its purported errors in the months leading up to the July 16, 2015, bankruptcy hearing, the Defendant chose to proceed with the hearing before the bankruptcy court. (Hearing Transcript – **Exhibit 1**).

The bankruptcy court noted the fact that Defendant provided little explanation for its actions leading up to the hearing along with the consequences of

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

said actions during its questioning of defense counsel during the hearing notwithstanding the fact that defense counsel was well aware of the purported mistake as illustrated by defense counsel's comments on the record. (Hearing Transcript pgs. 16-19 – **Exhibit 1**). The process of amending pleadings was discussed at the hearing. (Hearing Transcript pgs. 17-18 – **Exhibit 1**). As noted by a reading of this portion of the hearing transcript, the bankruptcy court expressly addressed the admissions and why they were binding upon the Defendant. (Hearing Transcript pgs. 16-19 – **Exhibit 1**). It was only after the bankruptcy sided with the Plaintiff that the Defendant for the first time sought to "correct" its answer and its notice of removal.

There is no excuse for Defendant's purported mistake and there is also no excuse for its failure to take action to challenge its admissions before the bankruptcy hearing. The Plaintiff will be unfairly prejudiced in a substantial manner if the relief sought by the Defendant is granted. Defendant should be precluded from doing so at this late date after the bankruptcy court has already issued its ruling.

## CONCLUSION

As such and as set forth more fully in the above-mentioned paragraphs, the Plaintiff respectfully requests that the Court deny Defendant's motion.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

        Respectfully submitted,

        THE MASTROMARCO FIRM

Dated: <u>July 21, 2015</u>        By: <u>*/s/ Russell C. Babcock*</u>
        RUSSELL C. BABCOCK (P57662)
        Attorney for Plaintiff
        1024 N. Michigan Avenue
        Saginaw, Michigan 48602
        (989) 752-1414
        russellbabcock@aol.com

## PROOF OF SERVICE

I hereby certify that on **July 21, 2015**, I presented the foregoing papers to the Clerk of the Court for the filing and uploading to the CM/ECF system, which will send notification of such filing to the following: **Andrew Baker Bloomer & Thomas P. Branigan**.

Dated: July 21, 2015

By: */s/ Russell C. Babcock*
RUSSELL C. BABCOCK (P57662)
Attorney for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
russellbabcock@aol.com