2007 WL 2493684
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

BANCO CENTRAL DEL PARAGUAY, on
behalf and as assignee of Banco Union
S.A.E.C.A. in liquidation and Banco Oriental
S.A.I.F.E.C.A. in liquidation, Plaintiff,
v.
PARAGUAY HUMANITARIAN FOUNDATION,
INC. f/k/a CQZ Humanitarian Foundation,
Inc., CQZ Holding Corp., Avijos, Inc., Jose
M. Avila, Ronald L. Wolfson and Jorge
Ralph Gallo Quintero, Principal Defendants.

No. 01 Civ. 9649(JFK).    |    Sept. 5, 2007.

**Attorneys and Law Firms**

Hughes Hubbard & Reed LLP, Nicolas Swerdloff, Esq., Daniel H. Weiner, Esq., of Counsel, New York, NY, for Plaintiff.

Cubitt & Cubitt, H. Dale Cubitt, Esq., of Counsel, Bad Axe, MI, for Defendants.

*OPINION and ORDER*

JOHN F. KEENAN, United States District Judge.

### BACKGROUND

*1 Before the Court is (i) Principal Defendants' motion for a "new trial", pursuant to Rule 59 of the Federal Rules of Civil Procedure, and (ii) Plaintiff's motion to impose sanctions on Principal Defendants' counsel for attorneys' fees and expenses incurred by Plaintiff in connection with its opposition to the Rule 59 motion. For the reasons that follow, Principal Defendants' motion pursuant to Rule 59 is denied. Plaintiff's motion for the imposition of fees and expenses is also denied.

The underlying facts of this case are set forth in considerable detail in prior decisions of this Court, *see, e.g., Banco Central de Paraguay v. Paraguay Humanitarian Foundation, Inc.,* No. 01 Civ. 9649(JFK), 2006 U.S. Dist. LEXIS 87093 (S.D.N.Y. Nov. 29, 2006), *Banco Central de Paraguay v. Paraguay Humanitarian Foundation, Inc .,* No. 01 Civ. 9649(JFK), 2005 U.S. Dist. LEXIS 293 (S.D.N.Y. Jan. 7, 2005), and familiarity is assumed.

In brief, by Order dated January 6, 2005, the Court granted Plaintiff Banco Central de Paraguay's ("Banco Central") motion for summary judgment on its claim of conversion (Count I of the amended complaint) and denied Principal Defendants' motion for summary judgment. On March 3, 2005, Principal Defendants moved for reconsideration of the Court's January 6, 2005 Order. By Order dated June 30, 2005, the Court denied Principal Defendants' motion for reconsideration, observing that it had already considered and rejected the arguments advanced by the Principal Defendants. On January 3, 2006, the Court entered judgment in favor of Banco Central in the amount of $16 million plus interest. On January 17, 2006, Principal Defendants filed another motion for reconsideration of the Court's January 6, 2005 grant of summary judgment, which the Principal Defendants characterized as a motion for a new trial pursuant to Federal Rule 59. On May 4, 2006, the Court denied Principal Defendants' Rule 59 motion.

By Order dated November 29, 2006, the Court granted Banco Central's motion to dismiss without prejudice its remaining claims for constructive trust and civil conspiracy (respectively, Counts II and III of the amended complaint). By the same Order, the Court also granted Banco Central's motion to compel Principal Defendants to produce discovery in aid of judgment and its motion to impose sanctions against Principal Defendants for their abuse of the discovery process. Principal Defendants' instant Rule 59 motion followed.[1]

### DISCUSSION

*(i) Principal Defendants' Rule 59 Motion*

Principal Defendants move for a "new trial" under Federal Rule 59. The Court construes this motion as one "to alter or amend the judgment" under Rule 59(e), because it follows the Court's Order of November 29, 2006, not a trial. Principal Defendants contend that "[r]ecently additional evidence has been obtained which was never provided by Plaintiff and was never available to Defendants which shed [sic] a new light on the case."(Principal Defendants' Brief In Support of Motion for New Trial Under FRCP Rule 59 ("Def.Mot.") 2.) The "new" evidence that Principal Defendants have submitted consists of a translation into English of an order, dated August 22, 2005, issued by a Paraguayan bankruptcy court

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works.

PLAINTIFF'S EXHIBIT
5

09-50026-mg    Doc 13397-6    Filed 08/27/15    Entered 08/27/15 12:33:20    Exhibit
Exhibit 5 - Banco Central Del Paraguay v. Paraguay Humanitarian Foundat    Pg 2 of 4
Banco Central Del Paraguay v. Paraguay Humanitarian Foundat..., Not Reported in...
2007 WL 2493684

(the "Paraguayan order"), in which Banco Orientale, one of the two insolvent Paraguayan banks for which Plaintiff has acted as representative in this case, was declared bankrupt and a bankruptcy trustee was appointed to administer Banco Orientale's assets. (Def. Mot., Ex. A .) Principal Defendants contend that the Paraguayan order constitutes proof that Banco Centrale is not authorized to act in a representative capacity for Banco Orientale. The new evidence, Principal Defendants argue, warrants the setting aside not only of the Court's November 29, 2006 Order, but also previous Orders of the Court, including the Court's grant of summary judgment in Banco Central's favor on January 6, 2005, and the Order of October 31, 2005, in which the Court dismissed Principal Defendants' counterclaim.

*2 Although Principal Defendants ask the Court to "review all of its Opinions issued since January of 2005," (Def.Mot.7), the Court notes at the outset that Principal Defendants' motion is timely only as to the Court's November 29, 2006 Order. *See Empresa Cubana Del Tabaco v. Culbro Corp.,* 478 F.Supp.2d 513, 518 (S.D.N.Y.2007) ("To be timely under Civil Rule 59(e), a motion must be filed within 10 days after entry of the judgment ... This time limitation is uncompromisable, for Civil Rule 6(b) provides, in pertinent part, that the district court may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e).") (internal quotation marks and citations omitted). Further, even if the Court were to consider Principal Defendants' motion as arising under Rule 60(b)(2), which permits a movant to seek relief from a judgment or order on the ground of newly discovered evidence within one year of the judgment or order, the motion would be untimely as to all orders except for the Order of November 29, 2006. This is because the prior Orders of this Court, including the January 6, 2005 Order granting summary judgment to Banco Central and the January 3, 2006 Order entering judgment against the Principal Defendants, were entered more than one year prior to the filing of the instant motion, which Principal Defendants filed on March 6, 2007. Therefore, the Court will consider Principal Defendants' motion only to the extent that it addresses the Court's Order of November 29, 2006.

A motion to alter or amend a judgment pursuant to Rule 59 is evaluated under the same standard as a motion for reconsideration under Local Civil Rule 6.3. *See Williams v. New York City Dep't of Corrections,* 219 F.R.D. 78, 83 (S.D.N.Y.2003). To receive reconsideration, "the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision."*Parrish v.. Sollecito,* 253 F.Supp.2d 713, 715 (S.D.N.Y.2003); *see also Williams,* 219 F.R.D. at 83. Rule 59(e) should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court,"*Williams,* 219 F.R.D. at 83, and "to prevent the rule from being used as a substitute for appealing a final judgment."*USA Certified Merchants, LLC v. Koebel,* 273 F.Supp.2d 501, 503 (S.D.N.Y.2003). Furthermore, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.' " *Montanile v. Nat'l Broad. Co.,* 216 F.Supp.2d 341, 342 (S.D.N.Y.2002) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000)).

In order to establish entitlement to reconsideration of a decision in light of the availability of new evidence, Principal Defendants must show that: "(1) newly discovered evidence is of facts existing at the time of [the prior decision]; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative ... of evidence already offered."*Fidelity Partners, Inc. v. First Trust Co. of New York,* 58 F.Supp.2d 55, 59 (S.D.N.Y.1999) (citation omitted). [2] A party seeking to alter or amend a judgment on the basis of newly discovered evidence bears an "onerous" burden. *United States v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 392 (2d Cir.2001).

*3 Principal Defendants have failed to meet their heavy burden of establishing that the new evidence is "probably effective to change the result of the former ruling," because the Paraguayan order simply has no bearing on the Court's former ruling of November 29, 2006. By that Order, the Court granted Banco Central's motion to dismiss its remaining claims without prejudice, pursuant to Federal Rule 41(a)(2); granted Banco Central's motion to compel discovery in aid of judgment, pursuant to Rule 37(a); and imposed sanctions on Principal Defendants for discovery abuses, also pursuant to Rule 37(a). In rendering its decision to dismiss the remaining claims, the Court found that Principal Defendants made no attempt to show, and indeed could not show, that dismissal of Banco Central's remaining claims would result in legal prejudice to Principal Defendants. The Court noted that Principal Defendants largely failed to address the five

Banco Central Del Paraguay v. Paraguay Humanitarian..., Not Reported in...
2007 WL 2493684

factors, set forth by the Second Circuit in *Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir.1990), that a court must consider in determining whether a defendant will suffer legal prejudice.[3] The Court observed that the Principal Defendants, instead of addressing the *Zagano* factors, argued fruitlessly and irrelevantly that various events unfolding in Paraguay would allow the Court to " 'discover that [Banco Central] is the real party in interest without authority and its allegations to a considerable extent are false, misrepresent the real facts and that this case was brought for [Banco Central's] political purposes without regard to the [insolvent banks] that they control by appointment of liquidators to do what it requests and its whim.' " *Banco Cent. de Para. v. Para. Humanitarian Found., Inc.*, 2006 U.S. Dist. LEXIS 87093, at *9-10 (quoting Principal Defendants' Mem. of Law in Denial of Pl. Mot. to Dismiss Remaining Claims Without Prejudice, at 9).

Here, too, Principal Defendants fail to demonstrate how the existence of the "new" evidence implicates the *Zagano* factors and thus constitutes proof of legal prejudice sufficient to preclude Banco Central from dismissing its remaining claims without prejudice. The Paraguayan order shows little beyond the facts that Banco Orientale was declared bankrupt under Paraguayan law and that a bankruptcy trustee was appointed to administer the insolvent bank's assets. Even assuming, arguendo, that the Principal Defendants are correct in their unsupported assertion that the Paraguayan order somehow divests Banco Central of its authority to act in a representative capacity for Banco Orientale, this fact alone does not implicate the *Zagano* factors and thus does not create legal prejudice within the meaning of Rule 41(a). Similarly, the Paraguayan order is utterly irrelevant to the other issues adjudicated in the November 29, 2006 Order, namely the compelling of Principal Defendants to provide discovery in aid of judgment and the imposition of sanctions for discovery abuses.

*4 In essence, Principal Defendants "seek to use this motion for reconsideration to introduce a decision of a foreign court that is wholly irrelevant" to the matters decided by the November 29, 2006 Order. *Dux S.A. v. Megasol Cosmetic GmbH*, No. 03 Civ. 8820(RO), 2006 U.S. Dist. LEXIS 15778, at *5 (S.D.N.Y. Apr. 3, 2006). Principal Defendants thus have failed to establish that the purported new evidence, had it been before the Court, would have caused me to alter or amend my rulings of November 29, 2006. *See id.;ACLU v. DOD*, 406 F.Supp.2d 330, 332 (S.D.N.Y.2005); *Fields v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, No. 03 Civ. 8363(SHS), 2004 U.S. Dist. LEXIS 5155, at *7 (S.D.N.Y. Mar. 30, 2004).

Finally, to the extent that Principal Defendants argue in their reply brief that their motion may be analyzed under Rule 60(b)(3), which permits relief from an order or judgment on the grounds of an adverse party's misconduct, "[a]rguments made for the first time in a reply brief need not be considered by a court."*Playboy Enters. v. Dumas*, 960 F.Supp. 710, 720 (S.D.N.Y.1997). In any event, there is no basis for Principal Defendants' claim for relief under the misconduct prong of Rule 60(b). A party seeking relief pursuant to Rule 60(b)(3) must establish by clear and convincing evidence that the opposing party engaged in fraud or other misconduct. *See Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir.1989). Moreover, "[t]o prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case."*State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir.2004) (internal quotation marks omitted). As stated above, Principal Defendants claim that, in light of the Paraguayan order, Banco Central had no authority to act in a representative capacity for Banco Orientale. Principal Defendants appear to claim that Banco Central was under an obligation to alert the Court about its alleged absence of authority under Paraguayan law. Principal Defendants do not explain, however, how the Paraguayan order operated to divest Banco Central of its authority to act as Banco Orientale's representative. Principal Defendants also do not state why Banco Central was obligated to keep the Court informed about the Paraguayan bankruptcy proceedings. Moreover, Principal Defendants themselves during the course of this litigation have repeatedly made the unsuccessful argument that, under Paraguayan law, Banco Central was not authorized to act as the representative of Banco Orientale. The Court cannot fathom how Banco Central's failure to echo the oft-repeated, losing arguments of its adversary constitutes fraud or misconduct. Principal Defendants have not come close to establishing by clear and convincing evidence any misconduct on the part of Banco Central.

In sum, Principal Defendants have failed to demonstrate that newly discovered evidence, or any overlooked controlling law or other factual matters, could reasonably be expected to alter the Court's November 29, 2006 rulings. Accordingly, Principal Defendants' motion is denied.

*(ii) Banco Central's Motion for Sanctions*

*5 Banco Central moves for the imposition of attorneys' fees and expenses against Principal Defendants' counsel, H. Dale

09-50026-mg    Doc 13397-6    Filed 08/27/15    Entered 08/27/15 12:33:20    Exhibit
Exhibit 5 - Banco Central Del Paraguay v. Paraguay Hummanitarian Foundat    Pg 4 of 4

Banco Central Del Paraguay v. Paraguay Humanitarian..., Not Reported in...
2007 WL 2493684

Cubitt ("Mr .Cubitt"), pursuant to 28 U.S.C. § 1927 and the inherent powers of the Court.

Section 1927 of Title 28, United States Code, authorizes a court to sanction an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously."28 U.S.C. § 1927. Further, under its "inherent power," a court "may impose sanctions against parties or their counsel who have litigated in bad faith or who have willfully abused the litigation process."*Jones v. Hirschfeld,* 348 F.Supp.2d 50, 62 (S.D.N.Y.2004) (quoting, *inter alia, Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-46 (1991))."[T]o impose sanctions under either authority, the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes."*Id.* (internal quotation marks and citations omitted). To impose sanctions pursuant to § 1927 or the court's inherent authority, the movant must make a "clear showing of bad faith." *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir.1986). Bad faith is found when an action is brought " 'entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons.' " *Howard v. Klynveld Peat Marwick Goerdeler,* 977 F.Supp. 654, 667 (2d Cir.1997) (quoting *Browning Debenture Holders' Committee v. DASA Corp.,* 560 F.2d 1078, 1088 (2d Cir.1977)). The United States Supreme Court has cautioned that the court's authority to impose sanctions should be used with "restraint and discretion." *Chambers,* 501 U.S. at 44.

Although the Court agrees that the defendants and Mr. Cubitt "have routinely taken unjustifiable positions and made unsupportable arguments," and that the instant motion arguably may be characterized as "frivolous," (Pl.Opp.8), Banco Central has not clearly shown bad faith on the part of Mr. Cubitt or Principal Defendants. The new evidence that forms the basis for the instant motion was never before submitted to the Court, and according to the affidavit of Mr. Cubitt, was not obtained by Principal Defendants until February 2007, well after the Court's Order of November 29, 2006. Thus, the evidence at issue, while incapable of altering the prior ruling of the Court, is arguably "new" and thus the instant motion is not "entirely without color." Banco Central also has not shown that the instant motion was brought solely to harass Banco Central or for any other clearly impropoer purpose. Accordingly, Banco Central's motion for sanctions is denied.

## CONCLUSION

For the foregoing reasons, Principal Defendant's motion for a "new trial" pursuant to Rule 59 is DENIED. Banco Central's motion for imposition of attorneys' fees and expenses against Principal Defendants' counsel, Mr. Cubitt, is DENIED. The Clerk of the Court is directed to close this case and remove it from the Court's active docket.

*6 SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2007 WL 2493684

Footnotes

1   Although issued on November 29, 2006, the Court's Order dismissing Plaintiff's remaining claims was not entered until February 16, 2007. The instant motion was filed within ten business days after entry of the Order and thus is timely under Rule 59(e).
2   Although the court in *Fidelity Partners, Inc.* was citing to the requirements for reconsideration on the grounds of new evidence under Rule 60(b)(2), the standard for newly discovered evidence under Rule 59(e) is identical. *See Brocuglio v. Proulx,* 478 F.Supp.2d 297, 300 (D.Conn.2007) ("Whether moving on the basis of presentation of new evidence under Rule 59(e) or Rule 60(b)(2), the standard for newly discovered evidence is the same.") (internal quotation marks and citation omitted).
3   The five factors set forth in *Zagano* are: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss."900 F.2d at 14.