Awolesi v. Shinseki, Slip Copy (2013)
2013 WL 1819239

2013 WL 1819239
Only the Westlaw citation is currently available.
United States District Court,
W.D. New York.

Mark AWOLESI, M.D., Plaintiff,
v.
Eric SHINSEKI, Secretary, Department
of Veterans Affairs, Defendant.

No. 10–CV–6125 (MAT).    |    April 29, 2013.

**Attorneys and Law Firms**

Christina A. Agola, Ryan Charles Woodworth, Christina Agola PLLC, Brighton, NY, for Plaintiff.

Kathryn L. Smith, U.S. Attorney's Office, Rochester, NY, for Defendant.

## DECISION AND ORDER

MICHAEL A. TELESCA, District Judge.

### INTRODUCTION

*1 Plaintiff Mark Awolesi, M.D. ("Plaintiff"), represented by counsel, filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., alleging race-based discrimination in the form of a hostile work environment and retaliation during his tenure at the Buffalo VA Medical Center ("Buffalo VA"). (Docket No. 1). On February 7, 2013, the Court granted and denied in part Defendant's motion for summary judgment (Docket No. 40) and referred the case to mediation (Docket No. 41).

On March 7, 2013, Plaintiff filed a motion for reconsideration (Docket No. 43) pursuant to both Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure ("F.R.C.P."). Defendant filed his opposition on April 9, 2013 (Docket No. 46), and the motion was submitted without oral argument on April 18, 2013. (Docket No. 47).

For the reasons discussed below, Plaintiff's motion for reconsideration is denied.

### DISCUSSION

**I. Plaintiff's Motion Is Properly Considered Under F.R.C.P. 59(e) and Not Under F.R.C.P. 60(b).**
Plaintiff asserts that he seeks relief pursuant to both F.R.C.P. 59(e) and F.R.C.P. 60(b)."[W]here a post-judgment motion is timely filed and 'calls into question the correctness of that *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 40 (2d Cir.1982) (quoting FED. R. CIV. P. 60(b)); *see also Rodriguez–Antuna v. Chase Manhattan Bank Corp.*, 871 F.2d 1, 3 (1st Cir.1989) ("[A] motion which asks the court to modify its earlier disposition of a case solely because of an ostensibly erroneous legal result is brought under Fed.R.Civ.P. 59(e). Such a motion, without more, does not invoke Fed.R.Civ.P. 60(b)....")

Plaintiff's motion, however, is properly considered under F.R.C.P. 59(e) only. As Defendant argues, Plaintiff timely filed his motion with F.R.C.P.'s 28–day time-limit. Furthermore, Plaintiff alleges no grounds that would entitle him to relief under Rule 60(b). His sole basis for relief is that the district court erred, as a matter of law, on several points. Consequently, the motion should be viewed as an F.R.C.P. 59(e) motion to alter or amend the judgment. *See Echevarria–Gonzalez v. Gonzalez–Chapel*, 849 F.2d 24, 26 (1st Cir.1988) (cautioning that " 'nomenclature should not be exalted over substance' ") (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir.1982)).

**II. Analysis of Plaintiff's Motion**

**A. Legal Standard for Evaluating F.R.C.P. 59(e) Motions**
The standard for granting a motion for reconsideration under F.R.C.P. 59(e) is strict, and relief will be denied unless the movant can demonstrate that the district court overlooked matters "that might reasonably be expected to alter the conclusion reached by the court[,]" such as "controlling decisions or data." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.2012). For instance, reconsideration under F.R.C.P. 59(e) is proper if the movant "presents newly discovered evidence that was not available at the time of the trial, or there is evidence in the record that establishes a manifest error of law or fact."*Cray v. Nationwide Mutual Ins. Co.*, 192 F.Supp.2d 37, 39 (W.D.N.Y.2001) (citing *Cavallo v. Utica–Watertown Health Ins. Co., Inc.*, 3 F.Supp.2d 223, 225 (N.D.N.Y.1998));

PLAINTIFF'S EXHIBIT 6

*see also United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir.1983) (stating that the evidence must be "newly discovered or ... could not have been found by due diligence") (citation omitted). The parties, however, may not "reargue those issues already considered." *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996). Denials of relief under F.R.C.P. 59(e) are reviewed only for abuse of discretion. *Analytical Surveys, Inc.*, 684 F.3d at 52 (citation omitted).

### B. Application to Plaintiff's Arguments

*2 Plaintiff asserts that the Court committed manifest errors of fact and law in determining whether he had sufficiently adduced evidence that there were other comparators, that is, employees at the VA similarly situated to him who were Caucasian and who committed patient abuse, but were not subject to adverse employment actions as he was. A plaintiff alleging discriminatory treatment must show he was " 'similarly situated in all material respects' to the individuals with whom [ ]he seeks to compare [him]self[,]"*Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir.2000) (citation omitted), including being "subject to the same performance evaluation and discipline standards."*Id.* (citation omitted). Evidence regarding whether a plaintiff's co-employee was "similarly situated" must be submitted in proper form to defeat a motion for summary judgment. *Id.* It is well established that "where a party relies on affidavits or deposition testimony to establish facts, the statements "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."*DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir.2012) (citing FED. R. CIV. P. 56(c)(4); FED. R. ENID. 602)).

In its decision granting summary judgment for Defendant, the Court found as follows:

> Plaintiff refers to several incidents in which other, [C]aucasian employees were subject to a patient abuse investigations or were accused of patient abuse and were allegedly treated differently. However, after reviewing Plaintiff's testimony it is clear that he either does not have personal knowledge of the events relating to these accusations or investigations or they are based on hearsay.

Decision at 7 (quoting *DiStiso v. Cook*, 691 F.3d at 230 ("[W]here a party relies on affidavits or deposition testimony to establish facts, the statements 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.'") (quoting FED. R. CIV. P. 56(c)(4); citing FED.R.EVID. 602)).

Plaintiff asserts that the Court committed a manifest error of fact in the above-quoted portion of its Decision, arguing that Plaintiff's deposition testimony illustrates that he did have personal knowledge of all of the comparators' incidents. The Court has re-reviewed the deposition testimony in question and adheres to its original ruling with regard to all of the alleged comparators except Dr. Li, as discussed further below.

With regard to the first comparator, Dr. Simpson, Plaintiff testified, "I know that there was a doctor who sent a patient home T.115:20–23.[1] Plaintiff did not know Dr. Simpson's first name or when this incident occurred. T.115:10, 14, 20. Plaintiff thus did not establish he had personal knowledge of the incident.

With regard to Dr. Dosluoglu, Plaintiff stated, "I know he left the patient to bleed to death in the hallway in the hospital."T.118:13–17. However, he did not offer any other details about the alleged incident involving Dr. Dosluoglu. This allegation is too conclusory for purposes of F.R.C.P. 56.

*3 As to Dr. Hobicka, Plaintiff testified that his knowledge of the incident came from Dr. Hobicka himself. T.120:16–23. He admitted that he "[did] n't know much about it" and did not know whether the incident resulted in injury to the patient. T.121:116–23. By Plaintiff's own admission, he did not have any first-hand knowledge of the incident involving Dr. Hobicka. Plaintiff notably has not argued that a hearsay exception applies to Dr. Hobicka's statements. It appears that Dr. Hobicka's statements would not qualify as declarations against interest for purposes of FED.R.EVID. 803(b)(4) as Plaintiff has failed to make any attempt to show that he is unavailable. *See Deutsche Asset Management, Inc. v. Callaghan*, 2004 WL 758303, at *13 (S.D.N.Y. Apr.7, 2004) (where party offering statements did not demonstrate that witnesses were unavailable, statements, even though against witnesses' interests, were hearsay and did not qualify for the exception in FED. R. EVID. 803(b)(4); thus the court did not consider them on a summary judgment motion).

With regard to Dr. Cartegena, Plaintiff testified, "He was accused of patient abuse and I also think sexual abuse, I don't know the details of it."T.122:20–22; *see also* T:125:20–23 (admitting that he "[did]n't know the details of the [patient abuse] allegation" such as whether Dr. Cartegena caused injury to the patient). Again, by Plaintiff's own admission, he did not have any personal knowledge of the incident involving Dr. Cartegena, meaning that his deposition testimony was not admissible to establish that Dr. Cartegena was a comparator. *See* FED. R. CIV. P. 56.

Finally, as to Dr. Li, Plaintiff said, "I know that Dr. Li had placed a patient into ventricular fibrillation... [and] he connected the pacemaker in a reverse manner" causing the patient's heart to stop. T.126:2–6. The patient did not die, however, and Plaintiff did not provide any further details about the resultant injury, if any, to the patient. *See id.* Plaintiff reported the incident to their supervisor, Dr. Rainstein, and "nothing was done." T.126:7.

Plaintiff could not identify the date of the Dr. Li incident more precisely than "2007, 2008." T.126:23. He did not write a formal memo charging Dr. Li with patient abuse, but he "did complain ... about the inappropriateness" of the service Dr. Li provided. T.127:12–16. Taking the testimony in the light most favorable to Plaintiff, and assuming *arguendo* that it showed personal knowledge sufficient to raise a triable issue of fact with regard to one comparator (Dr. Li), Plaintiff has failed to raise an issue of fact with regard to the issue of pretext, for which he bears the ultimate burden of proof.

As this Court found in its original Decision and Order, Plaintiff did not met his burden of coming forward with sufficient evidence of discriminatory, retaliatory animus to rebut the Defendant's legitimate, non-discriminatory reasons for its actions in investigating the allegation of patient abuse. As the Court noted, Plaintiff admitted that the actions taken were authorized by the Buffalo VA Patient Abuse Policy, and he did not present any admissible evidence to support a conclusion that following the Patient Abuse Policy was discriminatory in and of itself. *See Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir.2012) ("an employee does not suffer a materially adverse change in the terms and conditions of employment where the employer merely enforces its preexisting disciplinary policies in a reasonable manner").

*4 In sum, Plaintiff has offered no new arguments on this issue. It is beyond cavil that F.R.C.P. 59(e)"is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...."*Analytical Systems, Inc.*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998) (ellipsis in original)). Having offered nothing to change this Court's conclusion on the issue of pretext, Plaintiff is not entitled to the extraordinary relief contemplated by F.R.C.P. 59(e).*Cf. Graham*, 230 F.3d at 44 (reversing grant of summary judgment where "[t]he district court's conclusions regarding the similarity of [of several comparators] improperly resolved factual questions" and the Circuit "also f[ou]nd questions of fact with respect to plaintiff's ultimate burden on the issue of pretext").

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Docket No. 43) is denied with prejudice.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2013 WL 1819239

Footnotes

1     Citations to "T. ___" refer to pages from Plaintiff's deposition transcript. Numerals following a colon in these citations refer to individual lines from Plaintiff's deposition transcript.