UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENJAMIN W. PILLARS,
as Personal Representative of the Estate of
KATHLEEN ANN PILLARS, deceased,

    Plaintiffs,

Case No. 1:15-cv-11360-TLL-PTM

v.

Hon. Thomas L. Ludington

GENERAL MOTORS LLC,

    Defendant.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com

BOWMAN AND BROOKE LLP
THOMAS P. BRANIGAN (P41774)
Attorneys for Defendant
41000 Woodward Ave., Ste. 200 East
Bloomfield Hills, Michigan 48304
(248)205-3300
thomas.branigan@bowmanandbrooke.com

_____/

### PLAINTIFF'S MOTION FOR REMAND TO THE BAY COUNTY CIRCUIT COURT



THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

NOW COMES the Plaintiff, BENJAMIN W. PILLARS, as Personal Representative of the Estate of KATHLEEN ANN PILLARS, deceased, by and through his attorneys, THE MASTROMARCO FIRM, and hereby moves this Honorable Court pursuant to 28 U.S.C.A. § 1447 (c) for an order of remand of the above-captioned case to the Bay County Circuit Court for the reasons as set forth more fully in the brief filed in support of this motion.

    Respectfully submitted,

    THE MASTROMARCO FIRM

Dated: May 6, 2015    By: */s/ Victor J. Mastromarco, Jr.*
    Victor J. Mastromarco, Jr. (P34564)
    Attorney for Plaintiff
    1024 N. Michigan Avenue
    Saginaw, Michigan 48602
    (989) 752-1414
    vmastromar@aol.com

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND TO THE BAY COUNTY CIRCUIT COURT

### INTRODUCTION

Plaintiff's complaint surrounds an automobile accident which occurred on November 23, 2005. On that day, the decedent, Kathleen Ann Pillars, was driving her 2004 Pontiac Grand Am, to a blood drive. The decedent lost control of her vehicle when the defective ignition switch in her vehicle unexpectedly went to the off position causing the automobile accident. The decedent sustained severe injuries as a result of the accident rendering her incapacitated. The decedent remained incapacitated and died nearly seven (7) years later on March 12, 2012.

During decedent's on-going incapacitation, General Motors Corporation filed for bankruptcy on June 1, 2009, and a month later, without affording the decedent with her due process right of notice, entered into a bankruptcy approved Amended and Restated Master Sale and Purchase Agreement with General Motors LLC ("New GM") with a closing date of July 10, 2009. Subsequently, General Motors LLC disclosed to the public that the car manufacturer had been aware of the fact that its vehicles had a defective ignition system and had concealed that fact from the public and government officials.

The Plaintiff is the decedent's widower and the duly appointed personal representative of her estate having received his letter of authority on November 14,

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

2014. The Plaintiff filed his wrongful death lawsuit against General Motors LLC on March 23, 2015, the Circuit Court for the County of Bay, State of Michigan.

General Motors LLC removed the case to this Court citing to 28 U.S.C.A. § 1452 as the sole statutory basis for removal. As explained more fully in this brief, the bankruptcy statute cited by General Motors LLC does not apply to the facts and circumstances which exist in the present case, since Plaintiff's lawsuit will not conceivably have any effect on the bankruptcy estate of Motors Liquidation Company, f/k/a General Motors Corporation.

Even if it was determined by this Court that Plaintiff's lawsuit might conceivably have an effect on the bankruptcy estate, both the abstention provisions of 28 USC § 1334(c) and the equitable remand provision of § 1452(b) grants this Court wide discretion in the determination whether to hear a case or remand it to the court from which it came. See <u>Shamieh v. HCB Financial Corp.</u>, 2014 WL 5365452, 3 (W.D.La.,2014). A copy of the Shameih Opinion is attached as **Exhibit 1**. The Plaintiff submits that the circumstances which exist in the present case support both abstention and equitable remand even if New GM was ultimately able to demonstrate an effect on the bankruptcy estate.

For the reasons set forth in this brief, the Plaintiff requests that the Court remand the above-captioned case to the Bay County Circuit Court.

## DISCUSSION

I.  **FEDERAL COURTS LACK JURISDICTION OVER PLAINTIFF'S PENDING LAWSUIT.**

Again, New GM relies upon 28 U.S.C.A. § 1452 as the sole statutory basis for removal. That statute states in relevant part:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C.A. § 1452.

It is well-settled that federal courts are courts of limited jurisdiction, and are, "empowered to hear only cases within the judicial power of the United States as defined by Article III of the Constitution." University of South Alabama v. American Tobacco Co., 68 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). As the removing party, New GM has the burden to prove the existence of federal subject matter jurisdiction. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998); Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989).

Because the effect of removal is to deprive the state court of an action otherwise properly before it, removal raises significant federalism concerns which

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

mandate strict construction of the removal statute in favor of state court jurisdiction and against removal. See Merrell Dow Pharmaceutical, Inc. v. Thompson, 478 U.S. 804, 809 (1986); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); University of South Alabama, 168 F.3d at 411.

Courts have correctly concluded that issues of remand should be decided before anything else as illustrated by the following decision excerpt from the Eleventh Circuit:

> once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue. As the Supreme Court long ago held in Ex parte McCardle, 74 U.S. (7 Wall.) 506, 19 L.Ed 264 (1868), "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Id. at 514; see also Wernick v. Mathews, 524 F.2d 543, 545 (5th Cir. 1975) "[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits.").

University of South Alabama v. American Tobacco Co., 68 F.3d 405, 410 (11th Cir. 1999). All doubts about jurisdiction are to be resolved in favor of remand to state court. University of South Alabama, 168 F.3d at 411.

As acknowledged by New GM in its notice of removal, the Plaintiff brought the above-captioned action in state court seeking a recovery under a number of state theories of recovery including (1) products liability; (2) negligence; (3) Michigan Consumer Protection Act; (4) misrepresentation; (5) breach of contract, (6) promissory estoppel; (7) fraud; (8) fraudulent concealment; and (9) gross

Page 6 of 17

negligence. A copy of New GM's Notice of Removal w/o exhibits is attached as **Exhibit 2**.

Indeed, Plaintiff's complaint against New GM seeks money damages following the wrongful death of Kathleen Ann Pillars on March 24, 2012. A copy of the Complaint is attached as **Exhibit 3**.[1]

The Plaintiff further alleges that the March 24, 2012, death was the result of a defective motor vehicle. (**Exhibit 3**). This is not disputed in New GM's notice of removal. The Court should note that New GM admitted in its notice of removal that it is responsible for any occurrences that happen on or after the July 10, 2009, closing date:

> GM LLC admits it ultimately assumed a narrow band of certain liabilities, including the following as provided in Section 2.3(a)(ix) of the Sale Order and/or the Amended and Restated Master Sale and Purchase Agreement:
>
> > all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), which arise directly out of accidents, incidents *or other distinct and discreet occurrences that happen on or*

---

[1] New GM attached a copy of the complaint to its notice of removal as Exhibit D. The Court should note that the Plaintiff had already amended his complaint and served said amendment on New GM at the time of removal. For the purpose of this motion, reference to the amended complaint is not necessary since the changes/additions made in the amendment are not material to the limited issue before this Court.

> *after the Closing Date [July 10, 2009]* and arise from such motor vehicles' operation or performance. (Emphasis Added by Plaintiff).

(See page 4, footnote 1 of Notice of Removal - **Exhibit 2**).

New GM is bound by the clear and unequivocal admissions of its attorneys in its submissions to this Court. Barnes v. Owens-Corning Fiberglass Corp., 201 F.3d 815, 829 (6th Cir. 2000), MacDonald v. Gen. Motors Corp., 110 F.3d 337, 340 (6th Cir. 1997).

Based upon New GM's admissions, the relevant inquiry is what constitutes an "occurrence". If an occurrence has taken place after the closing date of July 10, 2009, liability falls squarely upon the New GM rather than the bankrupt entity based upon the language relied upon New GM in its notice of removal so long as the occurrence arose from the operation or performance of a motor vehicle.

It is firmly established that in the absence of a specific definition to the contrary, courts are to give the words their ordinary meaning. The definition of "occurrence" is, "the action, fact, or instance of occurring ... 'something that takes place; an event or incident.'" See the American Heritage Dictionary of the English Language 1219 (5th ed. 2011). A copy of the American Heritage Dictionary definition is attached as **Exhibit 4**. Likewise, the Merriam–Webster's Collegiate Dictionary 858 (11th ed. 2003) defines "occurrence" as, "something that occurs...

the action or instance of occurring". A copy of the Merriam–Webster's Dictionary definition is attached as **Exhibit 5**.

Furthermore, the death of the Plaintiff was the result of the injuries she sustained from her operation of a General Motors vehicle. (**Exhibit 3**).

In the present case, the Plaintiff brought wrongful death causes of action on behalf of the estate. (See Complaint - **Exhibit 3**). The death of the decedent on March 24, 2012, occurred almost three (3) years after the bankruptcy closing date, is certainly a distinct and discreet occurrence as the term "occurrence" is defined by two (2) major dictionaries.

Significantly, federal subject matter jurisdiction is also lacking if an effect on the bankruptcy estate cannot be shown:

> Since the proceeding before this court does not involve the bankruptcy petition itself we find that it is not a "core" proceeding. Therefore, in order to determine whether we may exercise jurisdiction at all, we must determine whether it is at least "related to" Daher's bankruptcy case. And we find that it is at least "related to" because resolution of Daher's liability in this matter "could *conceivably* have [an] effect on the estate being administered in bankruptcy." Wood, 825 F.2d at 93.

Shamieh v. HCB Financial Corp., 2014 WL 5365452, 3 (W.D.La.,2014). A copy of the Shamieh Opinion is attached as **Exhibit 1**.

Pursuant to the Amended and Restated Master Sale and Purchase Agreement, relied upon by New GM in its notice of removal, the March 24, 2012, occurrence is a liability of the New GM and not a liability of the bankrupt entity.

As such, Plaintiff's state court complaint does not involve the bankruptcy petition and, as already explained in the above-mentioned discussion, it will not have any effect on the bankruptcy estate being administered because Plaintiff's claims pertain to the New GM and not the bankrupt entity.[2]

As such and as set forth more fully in the above-mentioned paragraphs, the Plaintiff respectfully requests that the Court remand the above-captioned case to the Bay County Circuit Court.

## II. IN THE ALTERNATIVE, THE PURPORTED REMOVAL AUTHORITY RELIED UPON BY NEW GM WAS IMPROPERLY OBTAINED AT THE EXPENSE OF PLAINTIFF'S DUE PROCESS RIGHTS AND THUS IS VOID.

As stated in the preceding discussion, New GM, in its notice of removal, relied upon 28 U.S.C.A. § 1452 as the sole statutory basis for removal. In doing so, New GM relies upon the Amended and Restated Master Sale and Purchase Agreement. (See page 4, footnote 1 of Notice of Removal - **Exhibit 2**).

It is respectfully submitted that the authority relied upon by New GM for its basis of removal from the state court proceeding was improperly obtained at the

---

[2] Even if it was determined that Plaintiff's lawsuit might conceivably have an effect on the bankruptcy estate, both the abstention provisions of 28 USC § 1334(c) and the equitable remand provision of § 1452(b) grants courts wide discretion in the determination whether to hear a case or remand it to the court from which it came. See Shamieh v. HCB Financial Corp., 2014 WL 5365452, 3 (W.D.La.,2014) (**Exhibit 1**). The Plaintiff submits that the circumstances which exist in the present case support both abstention and equitable remand even if New GM was ultimately able to demonstrate an effect on the bankruptcy estate.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

expense of Plaintiff's (along with the decedent's) due process rights. Again, the decedent was incapacitated from November 23, 2005, to her death on March 24, 2012, a period of almost seven (7) years. As a result, the decedent was unable to advocate her position during that period of time due to her incapacitation.

The lack of notice provided to the decedent or her family is significant. When a bankruptcy debtor seeks relief against third parties, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections as explained by the Supreme Court:

> **An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action <u>and afford them an opportunity to present their objections</u>.** Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357; Grannis v. Ordean, 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363; Priest v. Board of Trustees of Town of Las Vegas, 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751; Roller v. Holly, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520. The notice must be of such nature as reasonably to convey the required information, Grannis v. Ordean, supra, and it must afford a reasonable time for those interested to make their appearance, Roller v. Holly, supra, and cf. Goodrich v. Ferris, 214 U.S. 71, 29 S.Ct. 580, 53 L.Ed. 914. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. 'The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.' American Land Co. v. Zeiss, 219 U.S. 47, 67, 31 S.Ct. 200, 207, 55 L.Ed. 82, and see Blinn v. Nelson, 222 U.S. 1, 7, 32 S.Ct. 1, 2, 56 L.Ed. 65, Ann.Cas.1913B, 555.

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-315, 70 S.Ct. 652, 657 (1950).

This fundamental principle has been repeated in subsequent decisions including the following from the Bankruptcy Court for the District of New Jersey:

> Further, as held by the United States Supreme Court in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950), "an elementary and fundamental requirement of due process in any proceeding which is accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

In re Martini, 2006 WL 4452974, 7 (Bkrtcy.D.N.J.,2006).

The method of notice necessary to satisfy due process depends on whether a creditor is "known" or "unknown" at the time the notice is to be given. While unknown creditors are merely entitled to constructive publication notice of the proceedings, known creditors must receive actual notice. See Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800 (1983). This is true regardless of how widely-publicized the bankruptcy case is or whether the known creditor is actually aware of the bankruptcy proceedings. See City of New York v. New York, New Haven & Hartford R.R. Co., 344 U.S. 293, 297 (1953) ("[E]ven creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred."); Arch Wireless,

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Inc. v. Nationwide Paging, Inc. (In re Arch Wireless, Inc.), 534 F.3d 76, 83 (1st Cir. 2008) (same).

Significantly, the bankruptcy court has already concluded that the circumstances surrounding the Sale Order regarding the Amended and Restated Master Sale and Purchase Agreement violated the due process rights of the various owners of vehicles with defective ignition systems. In re Motors Liquidation Company, 2015 WL 1727285 (Bkrtcy.S.D.N.Y.2015). A copy of the Bankruptcy Opinion is attached as **Exhibit 6**.

Nevertheless, the bankruptcy court has improperly denied relief to the car owners speculating that the deprivation of the various car owners' due process rights was harmless, since the bankruptcy concluded that any opposition to the sale order would not have changed the outcome. In re Motors Liquidation Company, 2015 WL 1727285 (Bkrtcy.S.D.N.Y.2015)(**Exhibit 6**). The bankruptcy court's conclusion is inconsistent with Supreme Court precedent.

The Court should note that the Supreme Court has expressly rejected the notion that a court should hypothesize an outcome, detrimental to the party that has been deprived of due process, as a substitute for the actual opportunity to defend that due process affords every party against whom a claim is stated:

> Instead, the Federal Circuit reasoned that nothing much turned on whether the party opposing Adams' claim for costs and fees was OCP or Nelson. "[N]o basis has been advanced," the panel majority concluded, "to believe anything different or additional would have

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

been done to defend against the allegation of inequitable conduct had Nelson individually already been added as a party or had he been a party from the outset." 175 F.3d, at 1351. We neither dispute nor endorse the substance of this speculation. **We say instead that judicial predictions about the outcome of hypothesized litigation cannot substitute for the actual opportunity to defend that due process affords every party against whom a claim is stated. As Judge Newman wrote in dissent: "The law, at its most fundamental, does not render judgment simply because a person might have been found liable had he been charged."** Id., at 1354. (Emphasis Added).

Nelson v. Adams USA, Inc., 529 U.S. 460, 471, 120 S.Ct. 1579, 1587 (2000).

Even if the bankruptcy court's unconstitutional actual prejudice standard had any merit, the Plaintiff (along with the decedent) in the present case has been prejudiced by the lack of notice.

Furthermore, the bankruptcy court's order leaves the Plaintiff without a remedy for the wrongs resulting from decedent's operation of a General Motors vehicle. (**Exhibit 6**). The deprivation of the due process rights is unjust and unconstitutional.

As set forth more fully in the complaint, the decedent was incapacitated from the date of her motor vehicle accident on November 23, 2005, to her untimely death on March 24, 2012. (See Complaint - **Exhibit 2**). Recognizing the obvious fact that an incapacitated person lacks the ability to advocate that person's rights, Michigan law acknowledges that any deadline to act is tolled while the incapacitation exists. See Michigan Compiled Laws Annotated (MCLA)

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

600.5851(1)&(2). A copy of MCL§ 600.5851 is attached as **Exhibit 7**. Without providing notice to the decedent, the bankruptcy court has affectively deprived the decedent and her family (including the Plaintiff) of the tolling provisions provided by the Michigan legislature which is a statutory right which applies to claims arising under Michigan law.

Indeed, the incapacity of the decedent is a significant factor, since the only person with knowledge of the defective nature of the ignition switch when the ignition system unexpectedly shut down causing the accident (other than the bankrupt GM and later the New GM) along with the impact said defect had on the accident in question was the decedent and she was incapacitated at the time of the July 10, 2009, bankruptcy closing date. Her family did not have knowledge of the defect as evidenced by New GM's admissions that the defect was concealed from the public and governmental officials, and decedent's family was not in the car with her at the time of the accident.

The Plaintiff respectfully submits that the above-mentioned circumstances support both abstention and equitable remand even if New GM was ultimately able to demonstrate an effect on the bankruptcy estate. Both the abstention provisions of 28 USC § 1334(c) and the equitable remand provision of § 1452(b) grants courts wide discretion in the determination whether to hear a case or remand it to the

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

court from which it came. See <u>Shamieh v. HCB Financial Corp.</u>, 2014 WL 5365452, 3 (W.D.La.,2014). (**Exhibit 1**).

As such and as set forth more fully in the above-mentioned paragraphs, the Plaintiff respectfully requests that the Court remand the above-captioned case to the Bay County Circuit Court.

## CONCLUSION

As such and as set forth more fully in the above-mentioned paragraphs, the Plaintiff respectfully requests that the Court remand the above-captioned case to the Bay County Circuit Court.

          Respectfully submitted,

          THE MASTROMARCO FIRM

Dated: <u>May 6, 2015</u>

<u>By: /s/ *Victor J. Mastromarco, Jr.*</u>
Victor J. Mastromarco, Jr. (P34564)
Attorney for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
<u>vmastromar@aol.com</u>

## PROOF OF SERVICE

I hereby certify that on **May 6, 2015**, I presented the foregoing papers to the Clerk of the Court for the filing and uploading to the CM/ECF system, which will send notification of such filing to the following: **Andrew Baker Bloomer & Thomas P. Branigan**.

THE MASTROMARCO FIRM

Dated: May 6, 2015

By: /s/ *Victor J. Mastromarco, Jr.*
Victor J. Mastromarco, Jr.
Attorney for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com