BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: GENERAL MOTORS LLC IGNITION
SWITCH LITIGATION                                          MDL NO. 2543

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER-38

### INTRODUCTION

Plaintiff's complaint surrounds an automobile accident which occurred on November 23, 2005. On that day, the decedent, Kathleen Ann Pillars, was driving her 2004 Pontiac Grand Am, to a blood drive. The decedent lost control of her vehicle when the defective ignition switch in her vehicle unexpectedly went to the off position causing the automobile accident. The decedent sustained severe injuries as a result of the accident rendering her incapacitated. The decedent remained incapacitated and died nearly seven (7) years later on March 12, 2012.

During decedent's on-going incapacitation, General Motors Corporation filed for bankruptcy on June 1, 2009, and, without affording the decedent with her due process right of notice, a month later entered into a bankruptcy approved Amended and Restated Master Sale and Purchase Agreement with General Motors LLC with a closing date of July 10, 2009. Subsequently, General Motors LLC disclosed to the public that the car manufacturer had been aware of the fact that its vehicles had a defective ignition system and had concealed that fact from the public and government officials.

PLAINTIFF'S EXHIBIT 9

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

The Plaintiff is the decedent's widower and the duly appointed personal representative of her estate having received his letter of authority on November 14, 2014. The Plaintiff filed his wrongful death lawsuit against General Motors LLC on March 23, 2015, the Circuit Court for the County of Bay, State of Michigan.

General Motors LLC removed the case to the Eastern District of Michigan citing to 28 U.S.C.A. § 1452 as the sole statutory basis for removal. The Schedule of Actions is attached as **Exhibit 1**. As explained more fully in this brief, the statute cited by General Motors LLC does not apply to the facts and circumstances which exist in the present case. Simultaneous with the filing of this motion, the Plaintiff is also filing a motion for remand with the Eastern District of Michigan.

In the alternative, the basis for removal was obtained without affording Plaintiff her due process right of notice as explained more fully in this brief. In the alternative, the transfer of this case will not further convenience of the parties and the witnesses, as required by 28 USC 1407(a).

For the reasons set forth in this brief, the Plaintiff requests that the Court reverse the conditional transfer order 38.

## DISCUSSION

### I. FEDERAL COURTS LACK JURISDICTION OVER PLAINTIFF'S PENDING LAWSUIT.

This Court's issuance of Conditional Transfer Order-38 necessarily followed the improper removal of Plaintiff's lawsuit against General Motors LLC ("New GM") by its counsel from state court to the Eastern District of Michigan. The propriety of the transfer

hinges, in part, upon whether or not the removal of the lawsuit was valid. If the removal was improper, the transfer of this case is likewise improper.

The Court should note that, contemporaneously with the filing of this motion, the Plaintiff is also filing a motion for remand with the Eastern District of Michigan referencing, in part, the arguments contained within this response. It is respectfully submitted that it is the transferor court, i.e. the Eastern District of Michigan, rather than this Court that is in the best position to adjudicate the issue of remand. The Honorable R. Wilson, Jr., in the context of a dispute over whether or not diversity jurisdiction existed, has noted that the issue of remand is better addressed by the transferor court. In re Prempro Products Liability Litigation, 417 F.Supp.2d 1058, 1061, n. 12 (E.D.Ark.,2006), see also Southern v. Pfizer, Inc., 471 F.Supp.2d 1207, 1212, n. 2 (N.D. Ala. 2006).

Without waiving Plaintiff's objections to this Court deciding the issue of remand, New GM, in the present case, relies upon 28 U.S.C.A. § 1452 as the sole statutory basis for removal. That statute states in relevant part:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C.A. § 1452.

It is well-settled that federal courts are courts of limited jurisdiction, and are, "empowered to hear only cases within the judicial power of the United States as defined by Article III of the Constitution." University of South Alabama v. American Tobacco

Co., 68 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). As the removing party, New GM has the burden to prove the existence of federal subject matter jurisdiction. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998); Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989).

Because the effect of removal is to deprive the state court of an action otherwise properly before it, removal raises significant federalism concerns which mandate strict construction of the removal statute in favor of state court jurisdiction and against removal. See Merrell Dow Pharmaceutical, Inc. v. Thompson, 478 U.S. 804, 809 (1986); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); University of South Alabama, 168 F.3d at 411.

Courts have correctly concluded that issues of remand should be decided before anything else as illustrated by the following decision excerpt from the Eleventh Circuit:

> once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue. As the Supreme Court long ago held in Ex parte McCardle, 74 U.S. (7 Wall.) 506, 19 L.Ed 264 (1868), "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Id. at 514; see also Wernick v. Mathews, 524 F.2d 543, 545 (5th Cir. 1975) "[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits.").

University of South Alabama v. American Tobacco Co., 68 F.3d 405, 410 (11th Cir. 1999). All doubts about jurisdiction are to be resolved in favor of remand to state court. University of South Alabama, 168 F.3d at 411.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

As acknowledged by New GM in its notice of removal, the Plaintiff brought the action in state court seeking a recovery under a number of state theories of recovery including (1) products liability; (2) negligence; (3) Michigan Consumer Protection Act; (4) misrepresentation; (5) breach of contract, (6) promissory estoppel; (7) fraud; (8) fraudulent concealment; and (9) gross negligence. A copy of New GM's Notice of Removal is attached as **Exhibit 2**.

Indeed, Plaintiff's complaint against New GM seeks money damages following the wrongful death of Kathleen Ann Pillars on March 24, 2012. A copy of the Complaint is attached as **Exhibit 3**.[1]

The Plaintiff further alleges that the March 24, 2012, death was the result of a defective motor vehicle. (**Exhibit 3**). This is not disputed in New GM's notice of removal. The Court should note that New GM admitted in its notice of removal that it is responsible for any occurrences that happen on or after the July 10, 2009, closing date:

> GM LLC admits it ultimately assumed a narrow band of certain liabilities, including the following as provided in Section 2.3(a)(ix) of the Sale Order and/or the Amended and Restated Master Sale and Purchase Agreement:
>
> > all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), which arise directly out of accidents, incidents *or other distinct and discreet occurrences that*

---

[1] New GM attached a copy of the complaint to its notice of removal as Exhibit D. The Court should note that the Plaintiff had already amended his complaint and served said amendment on New GM at the time of removal. For the purpose of this motion, reference to the amended complaint is not necessary since the changes/additions made in the amendment are not material to the limited issue before this Court.

Page 5 of 16

> *happen on or after the Closing Date [July 10, 2009]* and arise from such motor vehicles' operation or performance. (Emphasis Added by Plaintiff).

(See page 4, footnote 1 of Notice of Removal - **Exhibit 2**).

New GM is bound by the clear and unequivocal admissions of its attorneys in its submissions to this Court as well as the United States District Court for the Eastern District of Michigan. Barnes v. Owens-Corning Fiberglass Corp., 201 F.3d 815, 829 (6th Cir. 2000), MacDonald v. Gen. Motors Corp., 110 F.3d 337, 340 (6th Cir. 1997).

Based upon New GM's admissions, the relevant inquiry is what constitutes an "occurrence". If an occurrence has taken place after the closing date of July 10, 2009, liability falls squarely upon the New GM rather than the bankrupt entity based upon the language relied upon New GM in its notice of removal so long as the occurrence arose from the operation or performance of a motor vehicle.

It is firmly established that in the absence of a specific definition to the contrary, courts are to give the words their ordinary meaning. The definition of "occurrence" is, "the action, fact, or instance of occurring ... 'something that takes place; an event or incident.'" See the American Heritage Dictionary of the English Language 1219 (5th ed. 2011). A copy of the American Heritage Dictionary definition is attached as **Exhibit 4**. Likewise, the Merriam–Webster's Collegiate Dictionary 858 (11th ed. 2003) defines "occurrence" as, "something that occurs... the action or instance of occurring". A copy of the Merriam–Webster's Dictionary definition is attached as **Exhibit 5**.

In the present case, the Plaintiff brought wrongful death causes of action on behalf of the estate. (See Complaint - **Exhibit 3**). The death of the decedent on March 24, 2012,

Page 6 of 16

occurred almost three (3) years after the bankruptcy closing date, is certainly a distinct and discreet occurrence as the term "occurrence" is defined by two (2) major dictionaries.

Furthermore, the death of the Plaintiff was the result of the injuries she sustained from her operation of a General Motors vehicle. (**Exhibit 3**).

Significantly, federal subject matter jurisdiction is also lacking if an effect on the bankruptcy estate cannot be shown:

> Since the proceeding before this court does not involve the bankruptcy petition itself we find that it is not a "core" proceeding. Therefore, in order to determine whether we may exercise jurisdiction at all, we must determine whether it is at least "related to" Daher's bankruptcy case. And we find that it is at least "related to" because resolution of Daher's liability in this matter "could *conceivably* have [an] effect on the estate being administered in bankruptcy." Wood, 825 F.2d at 93.

Shamieh v. HCB Financial Corp., 2014 WL 5365452, 3 (W.D.La.,2014). A copy of the Shamieh Opinion is attached as **Exhibit 6**.

Pursuant to the Amended and Restated Master Sale and Purchase Agreement, relied upon by New GM in its notice of removal, the March 24, 2012, occurrence is a liability of the New GM and not a liability of the bankrupt entity. As such, Plaintiff's state court complaint does not involve the bankruptcy petition and, as already explained in the above-mentioned discussion, it will not have any effect on the bankruptcy estate being administered because Plaintiff's claims pertain to the New GM and not the bankrupt entity.[2]

---

[2] Even if it was determined that Plaintiff's lawsuit might conceivably have an effect on the bankruptcy estate, both the abstention provisions of 28 USC § 1334(c) and the equitable remand provision of § 1452(b) grants courts wide discretion in the determination whether to hear a case or remand it to the court from which it came. See

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

As such and as set forth more fully in the above-mentioned paragraphs, the Plaintiff respectfully requests the following relief. The Plaintiff requests that this Court allow the Eastern District of Michigan to decide the issue of remand. If remand is granted the issues before this Court becomes moot. In the alternative, the Plaintiff requests that this Court decide the issue of remand and to vacate the CTO-38 upon a showing of lack of subject matter jurisdiction.

## II. IN THE ALTERNATIVE, THE PURPORTED REMOVAL AUTHORITY RELIED UPON BY NEW GM WAS IMPROPERLY OBTAINED AT THE EXPENSE OF PLAINTIFF'S DUE PROCESS RIGHTS AND THUS IS VOID.

As stated in the preceding discussion, New GM, in its notice of removal, relied upon 28 U.S.C.A. § 1452 as the sole statutory basis for removal. In doing so, New GM relies upon the Amended and Restated Master Sale and Purchase Agreement. (See page 4, footnote 1 of Notice of Removal - **Exhibit 2**).

It is respectfully submitted that the authority relied upon by New GM for its basis of removal from the state court proceeding was improperly obtained at the expense of Plaintiff's (along with the decedent's) due process rights. Again, the decedent was incapacitated from November 23, 2005, to her death on March 24, 2012, a period of almost seven (7) years. As a result, the decedent was unable to advocate her position during that period of time due to her incapacitation.

---

Shamieh v. HCB Financial Corp., 2014 WL 5365452, 3 (W.D.La.,2014) (**Exhibit 6**). The Plaintiff submits that the circumstances which exist in the present case support both abstention and equitable remand even if New GM was ultimately able to demonstrate an effect on the bankruptcy estate.

Page 8 of 16

The lack of notice provided to the decedent or her family is significant. When a bankruptcy debtor seeks relief against third parties, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections as explained by the Supreme Court:

> **An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action <u>and afford them an opportunity to present their objections</u>.** Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357; Grannis v. Ordean, 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363; Priest v. Board of Trustees of Town of Las Vegas, 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751; Roller v. Holly, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520. The notice must be of such nature as reasonably to convey the required information, Grannis v. Ordean, supra, and it must afford a reasonable time for those interested to make their appearance, Roller v. Holly, supra, and cf. Goodrich v. Ferris, 214 U.S. 71, 29 S.Ct. 580, 53 L.Ed. 914. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. 'The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.' American Land Co. v. Zeiss, 219 U.S. 47, 67, 31 S.Ct. 200, 207, 55 L.Ed. 82, and see Blinn v. Nelson, 222 U.S. 1, 7, 32 S.Ct. 1, 2, 56 L.Ed. 65, Ann.Cas.1913B, 555.

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-315, 70 S.Ct. 652, 657 (1950).

This fundamental principle has been repeated in subsequent decisions including the following from the Bankruptcy Court for the District of New Jersey:

> Further, as held by the United States Supreme Court in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950), "an elementary and fundamental requirement of due process in any proceeding which is accorded finality is notice reasonably

Page 9 of 16

calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

In re Martini, 2006 WL 4452974, 7 (Bkrtcy.D.N.J.,2006).

The method of notice necessary to satisfy due process depends on whether a creditor is "known" or "unknown" at the time the notice is to be given. While unknown creditors are merely entitled to constructive publication notice of the proceedings, known creditors must receive actual notice. See Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800 (1983). This is true regardless of how widely-publicized the bankruptcy case is or whether the known creditor is actually aware of the bankruptcy proceedings. See City of New York v. New York, New Haven & Hartford R.R. Co., 344 U.S. 293, 297 (1953) ("[E]ven creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred."); Arch Wireless, Inc. v. Nationwide Paging, Inc. (In re Arch Wireless, Inc.), 534 F.3d 76, 83 (1st Cir. 2008) (same).

Significantly, the bankruptcy court has already concluded that the circumstances surrounding the Sale Order regarding the Amended and Restated Master Sale and Purchase Agreement violated the due process rights of the various owners of vehicles with defective ignition systems. In re Motors Liquidation Company, 2015 WL 1727285 (Bkrtcy.S.D.N.Y.2015). A copy of the Bankruptcy Opinion is attached as **Exhibit 7**.

Nevertheless, the bankruptcy court has improperly denied relief to the car owners speculating that the deprivation of the various car owners' due process rights was harmless, since the bankruptcy concluded that any opposition to the sale order would not

Page 10 of 16

have changed the outcome. In re Motors Liquidation Company, 2015 WL 1727285 (Bkrtcy.S.D.N.Y.2015)(**Exhibit 7**). The bankruptcy court's conclusion is inconsistent with Supreme Court precedent.

The Court should note that the Supreme Court has expressly rejected the notion that a court should hypothesize an outcome, detrimental to the party that has been deprived of due process, as a substitute for the actual opportunity to defend that due process affords every party against whom a claim is stated:

> Instead, the Federal Circuit reasoned that nothing much turned on whether the party opposing Adams' claim for costs and fees was OCP or Nelson. "[N]o basis has been advanced," the panel majority concluded, "to believe anything different or additional would have been done to defend against the allegation of inequitable conduct had Nelson individually already been added as a party or had he been a party from the outset." 175 F.3d, at 1351. We neither dispute nor endorse the substance of this speculation. **We say instead that judicial predictions about the outcome of hypothesized litigation cannot substitute for the actual opportunity to defend that due process affords every party against whom a claim is stated. As Judge Newman wrote in dissent: "The law, at its most fundamental, does not render judgment simply because a person might have been found liable had he been charged."** Id., at 1354. (Emphasis Added).

Nelson v. Adams USA, Inc., 529 U.S. 460, 471, 120 S.Ct. 1579, 1587 (2000).

Even if the bankruptcy court's unconstitutional actual prejudice standard had any merit, the Plaintiff (along with the decedent) in the present case has been prejudiced by the lack of notice.

Furthermore, the bankruptcy court's order leaves the Plaintiff without a remedy for the wrongs resulting from decedent's operation of a General Motors vehicle. The deprivation of the due process rights is unjust and unconstitutional. (**Exhibit 7**).

As set forth more fully in the complaint, the decedent was incapacitated from the date of her motor vehicle accident on November 23, 2005, to her untimely death on March 24, 2012. (**Exhibit 3**). Recognizing the obvious fact that an incapacitated person lacks the ability to advocate that person's rights, Michigan law acknowledges that any deadline to act is tolled while the incapacitation exists. See Michigan Compiled Laws Annotated (MCLA) 600.5851(1)&(2). A copy of MCL§ 600.5851 is attached as **Exhibit 8**. Without providing notice to the decedent, the bankruptcy court has affectively deprived the decedent and her family (including the Plaintiff) of the tolling provisions provided by the Michigan legislature which is a statutory right which applies to claims arising under Michigan law.

Indeed, the incapacity of the decedent is a significant factor, since the only person with knowledge of the defective nature of the ignition switch when the ignition system unexpectedly shut down causing the accident (other than the bankrupt GM and later the New GM) along with the impact said defect had on the accident in question was the decedent and she was incapacitated at the time of the July 10, 2009, bankruptcy closing date. Her family did not have knowledge of the defect as evidenced by New GM's admissions that the defect was concealed from the public and governmental officials, and decedent's family was not in the car with her at the time of the accident.

As such and as set forth more fully in the above-mentioned paragraphs, the Plaintiff respectfully requests the following relief. The Plaintiff requests that this Court allow the Eastern District of Michigan to decide the issue of remand. If remand is granted the issues before this Court becomes moot. In the alternative, the Plaintiff requests that

this Court decide the issue of remand and to vacate the CTO-38 upon a showing of lack of subject matter jurisdiction as a result of the due process violations.

### III. IN THE ALTERNATIVE, TRANSFER OF THIS CASE WILL NOT MAKE LITIGATION MORE CONVENIENT FOR THE PARTIES AND THE WITNESSES AND IT WILL NOT ADVANCE THE JUST AND EFFICIENT CONDUCT OF THIS CASE.

At a minimum, the transfer of this case will not further convenience of the parties and the witnesses, as required by 28 USC 1407(a). Assuming this Court was to find the existence of jurisdiction along with the existence of due process in obtaining jurisdiction, transfer is appropriate, "only when significant economy and efficiency in judicial administration may be obtained." In re Ivy, 901 F.2d 7 (2d. Cir. 1990).

Transfer is not appropriate because issues common to the MDL do not predominate over individual issues of fact. General Motor's fraudulent concealment and Plaintiff's additional claims are actionable under Michigan state law, and should be litigated in Michigan, with Michigan witnesses. Moreover, given the issuance of the Valukas Report[3], common issues of basic liability against General Motors are no longer contested, and transfer would be of no help.

It is also submitted that a transfer of the case will not further the convenience of the Plaintiff and the Michigan witnesses.

As an illustrative example, witnesses to the accident include at least three (3) Michigan State Police officials i.e., Trooper Jason Overstreet, Trooper Greg Hubers and

---

[3] Mr. Valukas is a former United States prosecutor. General Motors commissioned Mr. Valukas to conduct a thorough review of the facts behind the key ignition system defect and recall. A copy of the report is available at: http://www.detroitnews.com/article/20140605/SPECIAL01/140605001

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Sergeant Timothy Robbins along with at least one Arenac County Deputy Sheriff i.e., Deputy Chris Jaime. Other identified witnesses to the accident include Steven Danajkowski, Terry Aidif, Gerald Anschuetz and Ruby Anschuetz. A copy of a redacted police report is attached as **Exhibit 9**.

In addition, the decedent was hospitalized and incapacitated for almost seven (7) years during which the decedent was treated by numerous healthcare providers including, but not limited to, Drs. George Shell, Richard Levy, Sunil S. Kini, Thomas Veverka, Jamal Akbar, and Dr. Christian VanDenberg, to name a few of the physicians. In the years that followed the accident, the decedent was treated at Saint Mary's of Standish, Saint Mary's of Michigan (Saginaw), Bay Medical Care Facility and at Spectrum Health Continuing Care Center. All of these facilities are in Michigan.

As illustrated by the above-mentioned witnesses and health care providers, a number of depositions will need to be taken and a transfer to a court in New York will not advance the just and efficient conduct of this case, since the accident and Plaintiff's subsequent treatment all took place in Michigan.

Furthermore, the vehicle at issue was marketed in Michigan. The decedent resided in Michigan, was in the accident in Michigan, was incapacitated in Michigan, and died in Michigan. The personal representative also resides in Michigan.

Furthermore, all of the claims at issue resolve the application of Michigan law to the facts and circumstances which exist in the present case. It would be more efficient for the dispositive issues of Michigan state law to be decided or adjudicated by a Michigan court. Any benefits of coordination of pretrial proceedings can be realized by less drastic

means than transfer of this action and consolidation with a conglomeration of scores of other actions under federal statutes and various laws of many states.

As such and as set forth more fully in the above-mentioned paragraphs, the Plaintiff respectfully requests the following relief. The Plaintiff requests that this Court allow the Eastern District of Michigan to decide the issue of remand. If remand is granted the issues before this Court becomes moot. In the alternative the Plaintiff respectfully requests that this Court first decide the issue of remand and order that Plaintiff's cause of action be remanded to state court.

In the alternative to the above-mentioned relief, the Plaintiff further requests that this Court vacate the CTO-38 upon a showing that the transfer of Plaintiff's lawsuit will not satisfy requirements set forth in 28 USC 1407(a).

## CONCLUSION

For the reasons stated herein, this case should not be transferred to MDL 2543, and the Plaintiff respectfully asks this panel to vacate CTO-38 as it pertains to the Plaintiff.[4]

---

[4] A motion for remand is being filed with the United States District Court for the Eastern District of Michigan. A copy of an Affidavit from Attorney Russell C. Babcock is attached as **Exhibit 10**. A copy of the docket sheets for the Eastern District of Michigan is attached as **Exhibit 11**.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: May 6, 2015

By: /s/ *Victor J. Mastromarco, Jr.*
Victor J. Mastromarco, Jr.
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com

Counsel for Benjamin W. Pillars as personal Representative of the Estate of Kathleen Ann Pillars, deceased