BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: GENERAL MOTORS LLC IGNITION
SWITCH LITIGATION                                     MDL NO. 2543

### BRIEF IN SUPPORT PLAINTIFF'S REPLY TO NEW GM'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER-38 AND SUPPORTING BRIEF

#### INTRODUCTION

New GM in its response argues that this Court should rule upon the motion to vacate the conditional transfer order forthwith rather than afford the Honorable Thomas L. Ludington an opportunity to rule upon a motion for remand which has been fully briefed as acknowledged by New GM in its response.

It is respectfully submitted that a decision on the motion for remand may make the issues before this Court moot, and, as such, affording the Eastern District of Michigan an opportunity to rule upon said motion will promote judicial economy.

Furthermore, the issue raised by New GM before Judge Ludington is unique as explained more fully in this reply. As such and as explained more fully in this reply, there is no chance that Judge Ludington will issue a ruling which will be inconsistent with prior rulings in this forum or in the bankruptcy proceeding.



THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

## REBUTTAL ARGUMENT

New GM in its response to Plaintiff's motion does not dispute the fact that it admitted in its Eastern District of Michigan notice of removal that, in the context of Plaintiff's claims against it, it is responsible for any "occurrences" that happen on or after the July 10, 2009, closing date. Again, New GM made the following representation in its notice of removal:

> GM LLC admits it ultimately assumed a narrow band of certain liabilities, including the following as provided in Section 2.3(a)(ix) of the Sale Order and/or the Amended and Restated Master Sale and Purchase Agreement:
>
> > all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), which arise directly out of accidents, incidents *or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009]* and arise from such motor vehicles' operation or performance. (Emphasis Added by Plaintiff).

(See page 4, footnote 1 of Notice of Removal - Exhibit 2 to Motion to Vacate CTO38).

The Court should also note that New GM made the same representations in paragraph seventeen (17) of its Answer to Plaintiff's Amended Complaint.[1] A copy of the Answer to the Complaint is attached as **Exhibit A**.

---

[1] New GM attached a copy of the complaint to its notice of removal as Exhibit D. The Court should note that the Plaintiff had already amended his complaint and served said amendment on New GM at the time of removal. For the purpose of this

Page 2 of 6

Accordingly, New GM's answer to the complaint along with its notice of removal further demonstrates that there is no dispute as to which version of the purchase agreement which New GM has chosen to rely upon in the context of Plaintiff's pending lawsuit before the Eastern District of Michigan.[2]

The position taken by New GM in the Eastern District of Michigan is significant, since, as the Bankruptcy Court has noted in its rulings, the Amended and Restated Master Sale and Purchase Agreement was superseded by subsequent amendments to said agreement wherein the phrase, "*or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009]*" was removed. A copy of the Bankruptcy Court's Decision is attached as **Exhibit B**.

The undersigned is not aware of a single case where New GM has chosen to rely upon the above-mention language which only appears in the original purchase agreement. In other words, the arguments raised by New GM in the present case are unique. There is no reason why the District Court for the Eastern District of Michigan should not decide the issue. See In re Consol. Fen-Phen Cases, No. 03

---

motion, reference to the amended complaint is not necessary since the changes/additions made in the amendment are not material to the limited issue before this Court.

[2] New GM in its response has not challenged the fact that it is bound by the clear and unequivocal admissions of its attorneys in its submissions to this Court. Barnes v. Owens-Corning Fiberglass Corp., 201 F.3d 815, 829 (6th Cir. 2000), MacDonald v. Gen. Motors Corp., 110 F.3d 337, 340 (6th Cir. 1997).

Page 3 of 6

CV 3081 (JG), 2003 WL 22682440 (E.D.N.Y. Nov. 12, 2003). A copy of the District Court Decision is attached as **Exhibit C**.

Furthermore, the bankruptcy court has never been asked by New GM to rule upon the original purchase agreement or the language, "*or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009]*". (See **Exhibit B**, see also Exhibit 6 to Motion for Remand). This fact has been noted by the bankruptcy court in at least one of its rulings:

> Though it is undisputed that "incidents" remained in the MSPA after additional words "or other distinct and discrete occurrences," were deleted, neither side was able, or chose, to explain, by evidence, why the latter words were dropped, and what, if any relevance the dropping of the additional words might have as to the meaning of the word "incidents" that remained.

(**Exhibit B**). Again, it remains Plaintiff's position that the phrase, "*or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009]*" is significant.

New GM also does not challenge in its response the proposition that courts are to give the words their ordinary meaning. The definition of "occurrence" is, "the action, fact, or instance of occurring ... 'something that takes place; an event or incident.'" See the American Heritage Dictionary of the English Language 1219 (5th ed. 2011). A copy of the American Heritage Dictionary definition was attached as Exhibit 4 to Plaintiff's motion to vacate CTO38. Likewise, the Merriam–Webster's Collegiate Dictionary 858 (11th ed. 2003) defines

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

"occurrence" as, "something that occurs... the action or instance of occurring". A copy of the Merriam-Webster's Dictionary definition was attached as Exhibit 5 to the motion to vacate CTO38.

As pointed out in Plaintiff's motion, the Plaintiff brought wrongful death causes of action on behalf of the estate. (See Exhibit 3 to Motion to vacate CTO38). The death of the decedent on March 24, 2012, occurred almost three (3) years after the bankruptcy closing date, is certainly a distinct and discreet occurrence as the term "occurrence" is defined by two (2) major dictionaries.[3] New GM in its response does not dispute this fact.

## CONCLUSION

For the reasons stated herein, the Court should refrain from ruling on the transfer of this case until the issue of subject matter jurisdiction is addressed by the Eastern District of Michigan.

In the alternative and/or in the unlikely event the motion for remand is denied, the Plaintiff respectfully asks this panel to vacate CTO-38 as it pertains to the Plaintiff for the reasons set forth in his motion.

---

[3] Furthermore, the death of the decedent was the result of the injuries she sustained from her operation of a General Motors vehicle. (See Exhibit 3 to Motion to vacate CTO38).

Page 5 of 6

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: June 4, 2015

By: /s/ *Victor J. Mastromarco, Jr.*
Victor J. Mastromarco, Jr.
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com

Counsel for Benjamin W. Pillars as personal Representative of the Estate of Kathleen Ann Pillars, deceased