UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

BENJAMIN W. PILLARS,
as Personal Representative of the Estate of
KATHLEEN ANN PILLARS, deceased,

    Plaintiffs,                             Case No. 1:15-cv-11360-TLL-PTM

v.                                        Hon. Thomas L. Ludington

GENERAL MOTORS LLC,

    Defendant.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR.  (P34564)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan  48602
(989) 752-1414
vmastromar@aol.com

BOWMAN AND BROOKE LLP
THOMAS P. BRANIGAN (P41774)
Attorneys for Defendant
41000 Woodward Ave., Ste. 200 East
Bloomfield Hills, Michigan 48304
(248)205-3300
thomas.branigan@bowmanandbrooke.com

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY**



THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

NOW COMES the Plaintiff, BENJAMIN W. PILLARS, as Personal Representative of the Estate of KATHLEEN ANN PILLARS, deceased, by and through his attorneys, THE MASTROMARCO FIRM, and hereby submits his response to Defendant's motion and requests that this Honorable Court deny Defendant's motion for the reasons as set forth more fully in the brief filed in support of this response.

                                        Respectfully submitted,

                                        THE MASTROMARCO FIRM

Dated: June 9, 2015                 By: */s/ Victor J. Mastromarco, Jr.*
                                        Victor J. Mastromarco, Jr. (P34564)
                                        Attorney for Plaintiff
                                        1024 N. Michigan Avenue
                                        Saginaw, Michigan 48602
                                        (989) 752-1414
                                        vmastromar@aol.com

# BRIEF IN SUPPORT OF
# PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY

## INTRODUCTION

New GM in its response urges this Court to issue a stay and refrain from ruling on the motion for remand stating that allowing the Judicial Panel on Multidistrict Litigation to the decide the issue of remand. New GM's argument is misplaced for at least two reasons.

First, a motion for remand has been filed with this Court rather than with the Multidistrict Litigation panel. The motion before the Multidistrict Litigation panel is a motion to vacate the Conditional Transfer Order rather than a motion for remand. A copy of the Multidistrict Litigation Docket Entry is attached as **Exhibit A**. Issues of remand should be decided before all other matters. See University of South Alabama v. American Tobacco Co., 68 F.3d 405, 410 (11th Cir. 1999).

Second, the issue raised by New GM in its notice of removal before this Court is unique as explained more fully in this response. New GM has not raised this issue in any other proceeding. Accordingly, this Court's addressing the issue raised before this Court will not result in an inconsistent ruling.[1]

---

[1] Even if an inconsistent ruling was possible, none of the cases cited by New GM are binding upon this Court and none of the cases cited by New GM stands for the proposition that this Court cannot decide issues of jurisdiction.

Page 3 of 10

## ARGUMENT

New GM in its motion does not dispute the fact that it admitted in its notice of removal that, in the context of Plaintiff's claims against it, it is responsible for any "occurrences" that happen on or after the July 10, 2009, closing date. Again, New GM made the following representation in its notice of removal:

> GM LLC admits it ultimately assumed a narrow band of certain liabilities, including the following as provided in Section 2.3(a)(ix) of the Sale Order and/or the Amended and Restated Master Sale and Purchase Agreement:
>
> > all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), which arise directly out of accidents, incidents *or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009]* and arise from such motor vehicles' operation or performance. (Emphasis Added by Plaintiff).

(See page 4, footnote 1 of Notice of Removal - Exhibit 2 to Motion for Remand).

The Court should also note that New GM made the same representations in paragraph seventeen (17) of its Answer to Plaintiff's Amended Complaint.[2] Accordingly, New GM's answer to the complaint along with its response to Plaintiff's motion further demonstrates that there is no dispute as to which version

---

[2] New GM attached a copy of the complaint to its notice of removal as Exhibit D. The Court should note that the Plaintiff had already amended his complaint and served said amendment on New GM at the time of removal. For the purpose of this response, reference to the amended complaint is not necessary since the changes/additions made in the amendment are not material to the limited issue before this Court.

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

of the purchase agreement which New GM has chosen to rely upon in the context of Plaintiff's pending lawsuit before this Court.[3]

The position taken by New GM in the above-captioned lawsuit is significant, since, as the Bankruptcy Court has noted in its rulings, the Amended and Restated Master Sale and Purchase Agreement was superseded by subsequent amendments to said agreement wherein the phrase, "*or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009]*" was removed. A copy of the Bankruptcy Court's Decision is attached as **Exhibit B**.

The undersigned is not aware of a single case where New GM has chosen to rely upon the above-mention language which only appears in the original purchase agreement. In other words, the arguments raised by New GM in the present case are unique.

There is no reason why this Court should not decide the issue. See In re Consol. Fen-Phen Cases, No. 03 CV 3081 (JG), 2003 WL 22682440 (E.D.N.Y. Nov. 12, 2003). A copy of the District Court Decision is attached as **Exhibit C**. In its filings with the MultiDistrict Litigation Panel acknowledges that this Court has the ability to rule on the motion for remand:

---

[3] New GM in its response has not challenged the fact that it is bound by the clear and unequivocal admissions of its attorneys in its submissions to this Court. Barnes v. Owens-Corning Fiberglass Corp., 201 F.3d 815, 829 (6th Cir. 2000), MacDonald v. Gen. Motors Corp., 110 F.3d 337, 340 (6th Cir. 1997).

To the contrary, as the Panel also recognized in each of those cases, "under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so." (12/12/14 Transfer Order (*Alers* and *Green*) at 1 n. 2; 2/5/15 Transfer Order (*Bloom*) at 1–2 n. 1; *accord* 10/15/14 Transfer Order (*Boyd*, *Kandziora*, and *Yagman*) at 1–2 n. 2.)

A copy of New GM's Response to the Motion to Vacate CTO38 is attached as **Exhibit D**.

Furthermore, the bankruptcy court has never been asked by New GM to rule upon the original purchase agreement or the language, "***or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009]***". (See **Exhibit B**, see also Exhibit 6 to Motion for Remand). This fact has been noted by the bankruptcy court in at least two of its rulings:

> Though it is undisputed that "incidents" remained in the MSPA after additional words "or other distinct and discrete occurrences," were deleted, neither side was able, or chose, to explain, by evidence, why the latter words were dropped, and what, if any relevance the dropping of the additional words might have as to the meaning of the word "incidents" that remained.

(**Exhibit B**).

> The agreement under which the 363 Sale would take place, which had the formal name of "Amended and Restated Master Sale and Purchase Agreement," dated June 26, 2009 (often referred to by the parties as the "ARMSPA" but by this Court as the "Sale Agreement"), was originally filed with the Sale Motion on June 1, 2009. It was thereafter <u>amended</u>—**in respects relevant here (1) to incorporate an agreement with the AGs under which New GM would assume**

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

> liabilities under state Lemon Laws, and (2) to provide that New GM would assume responsibility for any and all accidents or incidents giving rise to death, personal injury, or property damage after the date of closing of the 363 Sale, irrespective of whether the vehicle was manufactured by Old GM or New GM.

(Pages 23-24 Exhibit 6 to Motion for Remand). Again, it remains Plaintiff's position that the phrase, "*or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009]*" is significant.

This fact is further illustrated by a judgment which was recently entered by the bankruptcy court wherein that court again relies upon the language "incident" and "accident" on page three (3) of the judgment but makes no mention to the phrase, "*or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009]*" which only appears in the original version of the agreement:

> Any claims and/or causes of action brought by the Ignition Switch Pre-Closing Accident Plaintiffs that seek to hold New GM liable for **accidents or incidents** that occurred prior to the closing of the 363 Sale are barred and enjoined pursuant to the Sale Order. (Emphasis Added by Plaintiff).

A copy of the Bankruptcy Court's Judgment is attached as **Exhibit E**.

New GM also does not challenge in its response to the motion for remand the proposition that courts are to give the words their ordinary meaning. The definition of "occurrence" is, "the action, fact, or instance of occurring ... 'something that takes place; an event or incident.'" See the American Heritage

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

Dictionary of the English Language 1219 (5th ed. 2011). A copy of the American Heritage Dictionary definition was attached as Exhibit 6 to Plaintiff's motion for remand. Likewise, the Merriam–Webster's Collegiate Dictionary 858 (11th ed. 2003) defines "occurrence" as, "something that occurs... the action or instance of occurring". A copy of the Merriam–Webster's Dictionary definition was attached as Exhibit 7 to the motion for remand.

As pointed out in Plaintiff's motion for remand, the Plaintiff brought wrongful death causes of action on behalf of the estate. (See Exhibit 3 to Motion for Remand). The death of the decedent on March 24, 2012, occurred almost three (3) years after the bankruptcy closing date, is certainly a distinct and discreet occurrence as the term "occurrence" is defined by two (2) major dictionaries.[4] New GM in its response to the motion for remand does not dispute this fact.

As such, the Plaintiff again requests that this Court deny Defendant's motion for stay and find a lack of subject matter jurisdiction and remand Plaintiff's case back to the Bay County Circuit Court.

---

[4] Furthermore, the death of the decedent was the result of the injuries she sustained from her operation of a General Motors vehicle. (See Exhibit 3 to Motion for Remand).

THE MASTROMARCO FIRM, 1024 N. Michigan Ave., Saginaw, MI 48602 (989) 752-1414

## CONCLUSION

As such and as set forth more fully in the above-mentioned paragraphs, the Plaintiff respectfully requests that the Court deny Defendant's motion for a stay and remand the above-captioned case to the Bay County Circuit Court.

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: June 9, 2015

By: /s/ *Victor J. Mastromarco, Jr.*
Victor J. Mastromarco, Jr. (P34564)
Attorney for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com

## PROOF OF SERVICE

I hereby certify that on **June 9, 2015**, I presented the foregoing papers to the Clerk of the Court for the filing and uploading to the CM/ECF system, which will send notification of such filing to the following: **Andrew Baker Bloomer & Thomas P. Branigan**.

THE MASTROMARCO FIRM

Dated: June 9, 2015

By: */s/ Victor J. Mastromarco, Jr.*
Victor J. Mastromarco, Jr.
Attorney for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromar@aol.com