# Exhibit B

# HANSON BOLKCOM
### LAW GROUP, LTD.

527 Marquette Avenue, Suite 2300
Minneapolis, Minnesota 55402
Phone: 612.342.2880
Fax: 612.342.2899

---

August 21, 2015

**Via E-Mail And Overnight Delivery**

John M. Simon, Esq.
Kevin M. Carnie, Jr., Esq.
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
St. Louis, MO 63101

Re:   Michael Bavlsik and Kathleen Skelly v. General Motors LLC
      USDC, Eastern District of Missouri, Eastern Division; Case No. 4:13-cv-00509-DDN

Dear Counsel:

Your Complaint filed in this Action seeks, among other things, to hold General Motors LLC ("**New GM**") liable for punitive damages. At a hearing before the Court on September 30, 2014, you subsequently withdrew the only opinion offered in this case relating to punitive damages: that expressed by your expert Larry Sicher relating to the purported high rollover rate of the subject 2003 Savana van and the contention that GM's design choices were grossly negligent as a result. See Sicher Rebuttal Report, Opinion 9 at p. 17. In light of that, we had assumed that you were no longer pursuing any punitive damages claim. As we complete final trial preparations, we note that your punitive damage claim has not formally been withdrawn. Please confirm that you will do so forthwith.

If, for any reason, you are still seeking punitive damages in this case, you are hereby advised that doing so would be a clear violation of the Sale Order and Injunction (as herein defined) entered by the Bankruptcy Court (as herein defined). Contrary to the allegations set forth in the Complaint, New GM is not responsible for any punitive damage claim with respect to the 2003 GMC Savana van that was manufactured by General Motors Corporation ("**Old GM**").

As you know, New GM acquired substantially all of the assets of Old GM on July 10, 2009 in a transaction subject to the jurisdiction and pursuant to the approval of the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"). The scope and limitations of New GM's responsibilities are defined in the Bankruptcy Court's Order entered on July 5, 2009 ("**Sale Order and Injunction**"), which is a final, binding order, no longer subject to appeal, as well as the Amended and Restated Master Sale and Purchase Agreement ("**Sale Agreement**"), which the Sale Order and Injunction approved. The Sale Order and Injunction provides that the assets acquired by New GM were transferred to it "free and clear of all rights or claims based on any *successor or transferee liability* . . . ." *Id.*, ¶ 7 (emphasis added); *see also id.*, ¶ 46 ("the Purchaser shall not have any successor, transferee, derivative, or vicarious liabilities of any kind or character for any claims, including, but not limited to, under any theory of successor or transferee liability, de facto merger or continuity, ... and products or antitrust liability, whether

John M. Simon, Esq., Kevin M. Carnie, Esq.
August 21, 2015
Page 2

known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated."). The claims asserted against New GM in your Complaint improperly meld the identity of these two separate entities by creating a definition of "GM", which is intended to mean both New GM and Old GM. Then, premised on that flawed foundation, you assert claims against New GM and seek damages including punitive damages. To the extent the claims asserted in the Complaint and damages sought are based on a successor liability theory, they were not assumed by New GM and, accordingly, New GM cannot be liable to the Plaintiffs under that theory of recovery.

In addition, the Sale Agreement made clear that while New GM assumed liabilities for post-sale accidents involving Old GM vehicles directly causing personal injury, loss of life, or property damage, that obligation was for the assumption of compensatory damages only – not punitive damages. The Sale Agreement defines "damages" as all Losses other than punitive damages. Moreover, the word "directly" in the definition of Product Liabilities was specifically used to make clear that the only liabilities assumed by New GM for post-sale accidents are those damages directly related to the accident. Punitive damages which are assessed to deter future wrongful conduct of Old GM, unrelated to the specific accident, was never something that New GM assumed. The Bankruptcy Court has previously found that New GM only assumed the liabilities that were commercially necessary for its post-sale business activities. Punitive damages assessed to punish alleged pre-sale wrongful conduct of Old GM would never be something considered "commercially necessary." In fact, based on the subordinated priority of punitive damage claims in bankruptcy, even Old GM would not have been required to pay such damages. And, clearly, New GM would never have assumed an obligation that Old GM was not required to pay.

As you know, your experts have premised their opinions concerning alleged defects in the design of roof structure and driver's safety belt in the 2003 GMC Savana on the contention that Old GM purportedly knew for decades before designing this vehicle that roof crush caused injury, and that this type of seat belt design would not keep occupants off the roof in a rollover crash. Indeed, your focus in this case has largely been on events from the 1960's and 1970's and the original enactment of Federal Motor Vehicle Safety Standard 216 in 1971, governing roof strength for certain vehicles (not the vehicle at issue). This is not a case where you have at any time contended that an alleged defect was first discovered after vehicle manufacture; this is a case where plaintiffs contend that Old GM took the wrong approach to vehicle design throughout the many years *leading up to* the design and manufacture of this vehicle; and that GM's research occurring over many years *before* the design and manufacture of this vehicle, showing this type of cervical spinal cord injury is *not* caused by roof crush is purportedly wrong. As you are also well aware, the exact issues you raise concerning the design of this vehicle have been the subject of study, testing, research, and debate, (and indeed, lawsuit claims) for many years prior to the design and manufacture of the subject vehicle. Thus, while the assertions in your Complaint, as a general proposition, would never warrant punitive damages, in the context of your case, punitive damages would unquestionably be without merit since it is based on Old GM conduct unrelated to the accident and the vehicle at issue. Such damages are barred by the Sale Order and Injunction.

The Sale Order and Injunction enjoins parties from bringing actions against New GM for unassumed Old GM liabilities. *Id.*, ¶ 8. It also provides that the Bankruptcy Court retains "exclusive jurisdiction to enforce and implement the terms and provision of [the] Order" including to "protect [New GM] against any of the [liabilities that it did not expressly assume under the Sale

John M. Simon, Esq., Kevin M. Carnie, Esq.
August 21, 2015
Page 3

Agreement]." *Id.*, ¶ 71. If there is any ambiguity with respect to any of the foregoing -- which there should not be -- the exclusive forum to clarify that ambiguity is the Bankruptcy Court. The Bankruptcy Court has consistently exercised jurisdiction over issues such as those raised in the Action.[1]

The Bankruptcy Court recently issued a Judgment,[2] dated June 1, 2015, which reiterated these concepts: "[e]xcept for Independent Claims and Assumed Liabilities (if any), all claims and/or causes of action that the Ignition Switch Plaintiffs may have against New GM concerning an Old GM vehicle or part seeking to impose liability or damages based in whole or in part on Old GM conduct (including, without limitation, on any successor liability theory of recovery) are barred and enjoined pursuant to the Sale Order . . . ." Judgment ¶ 9; *see also In re Motors Liquidation Co.*, 529 B.R. 510, 528 (Bankr. S.D.N.Y. 2015) ("Decision") ("Claims premised in any way on Old GM conduct are properly proscribed under the Sale Agreement and the Sale Order, and by reason of the Court's other rulings, the prohibitions against the assertion of such claims stand."). The reasoning and rulings set forth in the Judgment and Decision are equally applicable to this lawsuit. Your punitive damages claim was never assumed by New GM and it must be dismissed.

The Judgment provides procedures for the striking of such claims and causes of action. Specifically, it provides as follows:

> New GM is hereby authorized to serve this Judgment and the Decision upon any additional party (or his or her attorney) (each, an "Additional Party") that commences a lawsuit and/or is not otherwise on Exhibits "A" through "D" hereto (each, an "Additional Lawsuit") against New GM that would be proscribed by the Sale Order (as modified by the Decision and this Judgment). Any Additional Party shall have 17 business days upon receipt of service by New GM of the Decision and Judgment to dismiss, without prejudice, such Additional Lawsuit or the allegations, claims or causes of action contained in such Additional Lawsuit that would violate the Decision, this Judgment, or the Sale Order (as modified by the Decision and this Judgment).

Judgment ¶ 18(a). Accordingly, pursuant to the terms of the Judgment, you have 17 business days from receipt of the Decision and Judgment to strike the punitive damages claims from the Complaint.

> To the extent you have a
>
> good faith basis to maintain that the [claim and cause of action]. . . should not be dismissed without prejudice, [you] shall, within 17 business days upon receipt of the Decision and Judgment, file with [the Bankruptcy Court] a No Dismissal Pleading explaining why such [claim and cause of action]. . . should not be dismissed without prejudice. ***The No Dismissal Pleading shall not reargue issues that were already decided by the Decision and Judgment.*** New GM shall file a response to the No Dismissal Pleading within 17 business

---

[1] *See, e.g., Trusky*, 2013 WL 620281; *Castillo*, 2012 WL 1339496.
[2] A copy of the Judgment is annexed hereto as **Exhibit "A."** The Judgment memorializes the rulings in the Decision, a copy of which is annexed hereto as **Exhibit "B."**

John M. Simon, Esq., Kevin M. Carnie, Esq.
August 21, 2015
Page 4

days of service of the No Dismissal Pleadings. The [Bankruptcy] Court will schedule a hearing thereon if it believes one is necessary.

*Id.* ¶ 18(b)(emphasis added).

If you fail to either timely strike the offending claim or timely file a No Dismissal Pleading, New GM is permitted to file with the Bankruptcy court a "notice of presentment on fine (5) days' notice, with an attached dismissal Order that directs [you] to dismiss without prejudice the [claim and cause of action]. . ., within 17 business days of receipt of the Dismissal Order." *Id.* ¶ 18(c).

This letter and its attachments constitute service on you of the Judgment and Decision, which triggers the provisions in paragraph 18 of the Judgment with respect to the punitive damages claim in the Complaint.

Please note, however, that given the pendency of the trial, the generalized deadlines set forth in the Judgment will need to be modified and we may be required to ask the Bankruptcy Court for such relief. The Bankruptcy Court has recently issued an order that directs New GM and other parties that were involved in the proceedings that resulted in the Judgment and Decision, to submit to the Bankruptcy Court by Wednesday, August 26, 2015, a letter that, *inter alia*, details outstanding issues in lawsuits that concern the Judgment, the Decision and the Sale Order and Injunction. New GM intends to identify this Complaint as containing claims that violate the Judgment, the Decision and the Sale Order and Injunction, and reserves the right to ask for immediate relief in view of the upcoming trial schedule. We hope that it will not come to that and you will confirm the position that we assume is the case – that being, you will not be seeking punitive damages in your case.

If you have any questions, please call me. In all events, I need to hear from you, one way or another, by no later than close of business on Tuesday, August 25, 2015.

Very truly yours,

*[signature]*

Mary E. Bolkcom
Direct Dial: 612.342.2941
Email: mbolkcom@hblawgroup.com

Enclosures

cc:   Peter B. Hoffman, Esq. (via email)