# Exhibit C

**The Simon Law Firm, P.C.**
*Attorneys and Counselors at Law*

---

August 25, 2015

**Via Electronic Mail**

Mary E. Bolkcom
Hanson Bolkcom Law Group, LTD
527 Marquette Avenue, Suite 2300
Minneapolis, Minnesota 55402

     Re:   *Dr. Michael Bavlsik, et al. v. General Motors LLC*

Dear Ms. Bolkcom:

     This case was filed on March 18, 2013. Trial is set for September 14, 2015. Yet four days ago, in the midst of pre-trial deadlines, you—for the very first time—asserted that the Sale Agreement did not transfer punitive damage liability to your client. Indeed, you raised no affirmative defense based on the Sale Agreement. Nor did you ever mention, or suggest in any form or fashion, that your client believed it was not responsible for punitive damages. Thus, your argument is waived.

     But even worse, your recent letter significantly misrepresents both the Sale Agreement and the June 1, 2015 Judgment and April 15, 2015 Decision. At best, your letter is misguided. At worst, it smacks of dishonest extortion.

     Foremost, the Judgment and Decision—totaling 155 pages that you must have assumed we would not read, given the arbitrary and unreasonable 2 business day deadline you gave us to respond—has absolutely nothing to do with the interpretation of the portions of the Sale Agreement that would be pertinent to post-sale accident, product liability, punitive damage claims, like the claim at issue in this case. As GM admitted in other bankruptcy pleadings, the Judgment and Decision "did not concern lawsuits that are based on Product Liabilities arising from accidents that occurred after the closing of the 363 Sale." [Doc. 13298]. Indeed, it had nothing to do with Section 2.3(a)(ix) of the Sale Agreement, the section transferring Product Liabilities to your client. The Judgment and Decision involved claims that all parties agreed were *not* transferred by the language of the Sale Agreement. It involved two categories of plaintiffs: pre-sale ignition switch accidents and claims for economic losses. The Judgment and Decision never mentions punitive damages. Nor does it even analyze the scope of liabilities transferred by Section 2.3(a)(ix).

---

800 Market Street, Suite 1700
St. Louis, Missouri 63101
Telephone 314.241.2929

www.simonlawpc.com

Toll Free 877.767.3108
Facsimile 314.241.2029

Mary E. Bolkcom
August 25, 2015
Page 2

    Yet your letter repeatedly quotes the Decision out of context for the ridiculous assertion that New GM is not responsible for *any* of Old GM's conduct. If this assertion were true, it would render the entirety of Section 2.3 of the Sale Agreement completely meaningless. Section 2.3, of course, details the conduct of Old GM that New GM is responsible for.

    As you are well aware, the bankruptcy court has not addressed whether New GM is responsible for punitive damages under Section 2.3(a)(ix) of the Sale Agreement. Your false suggestion that it has is, quite frankly, disappointing.

    Likewise, your assertion that the Judgment procedures apply to this case is unfounded. Given the scope of its Decision, the Court certainly did not intend for the Judgment to apply to cases like this one, involving distinct interpretation issues that it has yet to address in any form.

    What's more, your interpretation of the Sale Agreement is nonsensical. Although, you are right about one thing: the Sale Agreement is unambiguous. Section 2.3 sets forth New GM's assumed liabilities and Old GM's retained liabilities. Section 2.3(a)(ix) broadly provides for the assumption of post-sale accident, Product Liabilities:

> (ix)    all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "<u>Product Liabilities</u>"), which arise directly out of accidents, incidents or other distinct and discreet occurrences that happen on or after the Closing Date and arise from such motor vehicles' operation or performance (for avoidance of doubt, Purchaser shall not assume, or become liable to pay, perform or discharge, any Liability arising or contended to arise by reason of exposure to materials utilized in the assembly or fabrication of motor vehicles manufactured by Sellers and delivered prior to the Closing Date, including asbestos, silicates or fluids, regardless of when such alleged exposure occurs);

The key phrase here is obviously "all Liabilities." Fortunately, the drafters were kind enough to define Liabilities:

> "<u>Liabilities</u>" means any and all liabilities and obligations of every kind and description whatsoever, whether such liabilities or obligations are known or unknown, disclosed or undisclosed, matured or unmatured, accrued, fixed, absolute, contingent, determined or undeterminable, on or off-balance sheet or otherwise, or due or to become due, including Indebtedness and those arising under any Law, Claim, Order, Contract or otherwise.



Mary E. Bolkcom
August 25, 2015
Page 3

There's no doubt that Liabilities is broad enough to include punitive damages. Notably, nowhere in (ix) or in the definition of Liabilities did the drafters use the term "damages." Thus, your assertion that the definition of "damages" has anything to do with this issue is patently incorrect.

Likewise, your distortion of the term "directly" and statement of the purpose of punitive damages is comical. Punitive damages arise directly from discreet accidents; indeed, nothing other than discreet harms can even give rise to punitive damages. Further, in addition to deterring the bad actor, punitive damages are also designed to punish the bad actor and deter *others*. Given that New GM is continuing to engage in the very conduct that forms the basis of Plaintiffs' punitive damages claim by continuing to produce the exact vehicle with the exact same deficiencies, deterrence and punishment will serve their purpose.

Finally, the retained liabilities portion of Section 2.3 makes no reference to punitive damages. Thus, unlike Chrysler, there is no language whatsoever that even implies, let alone explicitly states, that New GM disclaims liabilities for punitive damages.

If, as you suggest, New GM intended to disclaim liability for punitive damages, its time would be better spent pursuing a legal malpractice claim against its bankruptcy attorneys, rather than writing threatening letters to taxpayers injured by its products.

In short, we have no intention of dismissing our punitive damages claim.

Very truly yours,

Kevin M. Carnie Jr.