# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Lisa H. Rubin
Direct: +1 212.351.2390
Fax: +1 212.716.0790
LRubin@gibsondunn.com

September 1, 2015

VIA ECF AND E-MAIL TRANSMISSION

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

Re:   *In re Motors Liquidation Company*, et al., Case No. 09-50026 (REG)

Dear Judge Gerber:

We write on behalf of the GUC Trust and the Participating Unitholders in response to the letter submitted by Designated Counsel last night [ECF No. 13411] (the "**August 31 Letter**").  Designated Counsel's position in the August 31 Letter is not only contrary to an agreement among the parties, but more fundamentally, it seeks to do exactly what the Court's *Judgment*, dated June 1, 2015 [ECF No. 13177] (the "**Judgment**"), prohibits: "reargue issues that were already decided by the Decision and Judgment."  Judgment ¶ 13(d).

As Your Honor knows, the Judgment provided an opportunity for the Non-Ignition Switch Pre-Closing Accident Plaintiffs and the Non-Ignition Switch Plaintiffs with economic loss claims to submit pleadings, deemed "GUC Trust Asset Pleadings," detailing their "good faith basis to believe that any of the GUC Trust Assets may be used to satisfy late proofs of claim filed by them that may ultimately be allowed by the Bankruptcy Court."  *Id*.  The Judgment makes clear that any GUC Trust Asset Pleading "shall not reargue issues that were already decided by the Decision and Judgment."  *Id*.

Despite agreeing with all other affected parties last week that no additional briefing or oral argument was required with respect to the Equitable Mootness Issue, *see* ECF Nos. 13387 & 13391[1], the August 31 Letter argues, once again, that the Judgment fails to consider the accordion feature, and therefore, the equitable mootness holding should not be applied to

---

[1]   Designated Counsel's August 26, 2015 letter to the Court even states, "*So long as their appellate rights are preserved, Plaintiffs do not contemplate objecting to having the Decision and Judgment apply to their claims as against the GUC Trust.*"  ECF No. 13391 at 4 (emphasis added).

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Hong Kong · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

**GIBSON DUNN**

The Honorable Robert E. Gerber
September 1, 2015
Page 2

the Non-Ignition Switch Plaintiffs.  Yet as with their GUC Trust Asset Pleading, Designated Counsel has still not identified any good-faith, non-duplicative basis for allowing the Non-Ignition Switch Plaintiffs to access GUC Trust Assets.  Indeed, Designated Counsel attempts to reargue issues long ago briefed and decided.

Specifically, last spring, the parties attempted to negotiate language memorializing the equitable mootness holding in the *Decision on Motion to Enforce the Sale Order* [ECF No. 13109] (the **"Decision"**), but could not agree, especially with respect to *which* of the GUC Trust's assets were off limits.  In a May 12, 2015 letter to this Court, Designated Counsel set forth the same position it advances now: that the Decision "*did not address whether Plaintiffs may have the exclusive benefit of, or share in, the proceeds of triggering the accordion provision under the Plan and Sale Agreement.*"  ECF No. 13137.  The Judgment does not reflect this position, however.   It incorporates the language proposed by the GUC Trust and Unitholders: "[B]ased on the doctrine of equitable mootness, in no event shall GUC Trust Assets held at any time in the past, now, or in the future . . . be used to satisfy any claims of the Plaintiffs."  Judgment ¶ 6; *see also* ECF No. 13135 (May 12, 2015 joint letter from GUC Trust and Unitholders) ("Plaintiffs' proposed form of judgment is intended to, and would, allow Plaintiffs to seek to recover from the GUC Trust any assets that the GUC Trust obtains now *or in the future, including by operation of the so-called* 'accordion feature' of the MSPA.").  Further, as discussed at yesterday's hearing, the Court's *Decision Re: Form of Judgment*, dated May 27, 2015, demonstrates this Court considered the accordion feature in entering the Judgment and understood that references to "future" GUC Trust assets included any assets furnished through the accordion feature.  *See* ECF No. 13162 at 9-10.  Designated Counsel's attempts at re-arguing this issue violates the Judgment, and their GUC Trust Asset Pleading should be rejected on that basis alone.

The August 31 Letter further argues that the Non-Ignition Switch Plaintiffs should be relieved from the equitable mootness holding because (a) in the future, they *could* discover evidence that the Non-Ignition Switch Plaintiffs are known creditors whose due process rights were violated, and (ii) they are not parties to the existing appeal.  Even if the Non-Ignition Switch Plaintiffs can show that they are known creditors at some future point, Designated Counsel offers no reason why this Court should treat those Plaintiffs differently than their Ignition Switch counterparts, who may not recover from the GUC Trust under the Decision and Judgment.  Moreover, the Judgment recognizes that the Non-Ignition Switch Plaintiffs are not parties to the current appeals and provides them with corresponding protections.  In the event that any Non-Ignition Switch Plaintiffs' claims against the GUC Trust are dismissed through the resolution of the GUC Trust Asset Pleading, the Judgment states that their statutes of limitations "shall be tolled from the date of dismissal to 30 days after all appeals of the Decision and Judgment are decided."  Judgment ¶ 13(e).  In addition, if the Ignition Switch Plaintiffs prevail in their appeal of the equitable mootness holding, "all of the . . . Non-Ignition Switch Plaintiffs' rights against . . . the GUC Trust that existed prior

# GIBSON DUNN

The Honorable Robert E. Gerber
September 1, 2015
Page 3

to the dismissal of their lawsuit or the striking of claims or causes of action pursuant to this Judgment shall be reinstated." *Id.*

For all of the foregoing reasons, we urge the Court to extend the equitable mootness holding in the Decision and Judgment to any claims by the Non-Ignition Switch Plaintiffs against the GUC Trust. In addition, because counsel for certain Non-Ignition Switch Pre-Closing Accident Plaintiffs stated at yesterday's hearing that the certain Non-Ignition Switch Pre-Closing Accident Plaintiffs on whose behalf he submitted a "Reservation of Rights," *see* ECF No. 13252, no longer wish to pursue that pleading, the equitable mootness holding should also be applied to *all* Non-Ignition Switch Pre-Closing Accident Plaintiffs.

We thank the Court in advance for its consideration.

Respectfully submitted,


 /s/ *Lisa H. Rubin*                                       /s/ *Daniel H. Golden*
Lisa H. Rubin                                              Daniel H. Golden


cc: Richard C. Godfrey, P.C.
    Andrew B. Bloomer, P.C.
    Arthur Steinberg
    Scott Davidson
    Edward S. Weisfelner
    Howard Steel
    Sander L. Esserman
    Jonathan L. Flaxer
    S. Preston Ricardo
    William P. Weintraub
    Gregory W. Fox
    Steve W. Berman
    Elizabeth J. Cabraser
    Robert C. Hilliard