# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

September 1, 2015

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York  10004

> Re:   In re Motors Liquidation Company, *et al.*
>       Case No. 09-50026 (REG)
>
>       **Letter in Response to Letters
>       Regarding GUC Trust Asset Pleadings**

Dear Judge Gerber:

King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. We write in response to the August 31, 2015 letter from Designated Counsel regarding their GUC Trust Asset Pleading. At the August 31, 2015 Case Management Conference, Designated Counsel made the following statement:

> [Y]our Honor's determination with regard to equitable mootness was, by definition, applicable to folks other than the non-ignition switch plaintiffs. Nevertheless, it seems to us that the GUC Trust is probably correct that the rationale underlying your equitable mootness decision would apply with equal force to the non-ignition switch plaintiffs. And, in fact, your procedures under the judgment, the 17-day business about filing procedure, would have given the non-ignition switch plaintiffs all the due process that could be reasonably be afforded on the issue of applicability of Your Honor's equitable mootness ruling.

August 31, 2015 Transcript, at 32:25-33:10.

26746761v1
DMSLIBRARY01\21600\162081\26746761.v1-9/1/15

Honorable Robert E. Gerber
September 1, 2015
Page 2

    Based on that statement and other statements made at the Hearing, the Court asked Designated Counsel at the end of the hearing:

> However, I still don't know if this is an issue or not. So I'd like to know by the end of the day what, if anything, is still going to have to be done on GUC Trust. Maybe I can take this one off my plate.

*Id*. at 112:1-4.

    Based on this directive, Designated Counsel improperly seized the opportunity to reargue matters, on a record they acknowledged was closed, and should not otherwise be supplemented.

    But, the bottom line, as conceded by Designated Counsel, remains unchanged. Designated Counsel represented both of their clients—the Ignition Switch Plaintiffs and the Non-Ignition Switch Plaintiffs—in connection with the Equitable Mootness Threshold Issue, and made the same arguments for both clients. It is therefore not surprising they ultimately conceded that the Court's ruling on equitable mootness applied "with equal force" to both of their clients based on the same "underlying rationale." Designated Counsel anticipate that this Court will deny their GUC Trust Asset Pleading, and, apparently, they want the Court to rule in order to preserve whatever appellate rights they might have.

                           Respectfully submitted,

                           */s/ Arthur Steinberg*

                           Arthur Steinberg

AJS/sd
Encl.

cc:    Edward S. Weisfelner
       Howard Steel
       Sander L. Esserman
       Jonathan L. Flaxer
       S. Preston Ricardo
       Matthew J. Williams
       Lisa H. Rubin
       Keith Martorana
       Daniel Golden
       Deborah J. Newman
       Jamison Diehl
       William Weintraub
       Steve W. Berman
       Elizabeth J. Cabraser
       Robert C. Hilliard