UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                           :    Chapter 11
                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,           :    Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*        :
                                                :
                     Debtors.            :    (Jointly Administered)
-------------------------------------------------------------x

## SCHEDULING ORDER REGARDING CASE MANAGEMENT ORDER
## RE: NO-STRIKE, NO STAY, OBJECTION, AND GUC TRUST ASSET PLEADING

Upon the Court's Case Management Order, dated August 19, 2015 ("**August 19 Order**"), regarding issues related to No-Strike, No Stay, Objection and GUC Trust Asset Pleadings (each as defined in the Court's Judgment, dated June 1, 2015 ("**Judgment**")); and upon responses thereto being filed on August 26, 2015 by certain parties in connection with the issues raised in the August 19 Order; and upon the record of the Case Management Conference held before the Court on August 31, 2015 ("**August 31 Conference**"); and due and proper notice of the August 31 Conference having been provided; and the Court having issued directives from the bench at the August 31 Conference in connection with the issues raised thereat which are memorialized in this Order.  Accordingly, it is hereby

ORDERED that the following procedures shall apply:

1.     The briefing schedule with respect to the issue ("**Punitive Damages Issue**") in complaints filed against General Motors LLC ("**New GM**") that request punitive/special/exemplary damages against New GM based in any way on the conduct of Motors Liquidation Co. (f/k/a General Motors Corporation) ("**Old GM**"), shall be as follows: (i) simultaneous opening briefs shall be filed by Sunday, September 13, 2015 at 12:00 noon (Eastern Time), and shall be no longer than 25 pages; and (ii) simultaneous reply briefs shall be filed by no later than Tuesday, September 22, 2015 at 12:00 noon (Eastern Time), and shall be no longer than 10 pages.[1]  Designated Counsel for the Bellwether Cases (as herein

---

[1]   Hard copies of the briefs referred to in this paragraph may be delivered to Chambers the next business day.

      defined) and Designated Counsel for the Economic Loss Claims asserted in MDL 2543 shall try to coordinate the responses from various plaintiffs in order to minimize the number of briefs filed on this issue.

2. The briefing schedule with respect to whether causes of action in complaints filed against New GM relating to Old GM vehicles/parts based on the knowledge Old GM employees gained while working for Old GM and/or as reflected in Old GM's books and records transferred to New GM can be imputed to New GM ("**Imputation Issue**"), shall be as follows: (i) simultaneous opening briefs shall be filed by Friday, September 18 2015, and shall be no longer than 20 pages; and (ii) simultaneous reply briefs shall be filed by no later than Wednesday September 30, 2015, and shall be no longer than 10 pages.

3. With respect to the complaints in the six bellwether cases (collectively, the "**Bellwether Cases**") identified in MDL 2543 pending in the United States District Court for the Southern District Of New York:[2]

    a. On or before September 21, 2015, New GM shall file with the Court and serve on counsel of record in such cases (i) marked complaints ("**Bellwether Marked Complaints**") with respect to the Bellwether Cases, showing which portions thereof New GM contends violate the Judgment, this Court's *Decision on Motion to Enforce Sale Order*, dated April 15, 2015 ("**Decision**"),[3] and/or the Order of this Court dated July 5, 2009 ("**Sale Order and Injunction**") and (ii) a letter, not to exceed three (3) single-spaced pages for all the Bellwether Cases, setting forth New GM's position with respect to the Bellwether Marked Complaints ("**New GM Bellwether Letter**"); and

    b. On or before September 28, 2015, the plaintiffs in the Bellwether Cases shall file with the Court and serve on counsel of record in such cases their commentary next to the comments made by New GM with regard to the Bellwether Marked Complaints, together with a letter, not to exceed three (3) single-spaced pages for all the Bellwether Cases, responding to the Bellwether Marked Complaints and the New GM Bellwether Letter.

---

[2] The plaintiffs in the Bellwether Cases are (i) Scheuer, (ii) Barthelemy and Spain, (iii) Reid, (iv) Cockram, (v) Norville, and (vi) Yingling. Each of the plaintiffs in the Bellwether Cases are seeking, among other damages, compensation for property damage to their respective vehicles that occurred or was sustained in the applicable incident ("**Property Damage**"). The plaintiffs acknowledge that they are not seeking to recover damages for devaluation of their respective vehicles that is independent of Property Damage ("**Vehicle Devaluation Damages**"). To the extent that any of the requests for damages in the complaints in the Bellwether Cases can be construed to include Vehicle Devaluation Damages, the complaints are deemed to be amended to exclude Vehicle Devaluation Damages. In particular (i) paragraphs 367-369 of the complaint in *Norville v. General Motors, LLC* (Case No. 14-cv-08176) (S.D.N.Y.) and (ii) paragraphs 415-417 of the complaint in *Cockram v. General Motors, LLC* (Case No. 14-cv-08176) (S.D.N.Y.), shall be deemed amended to exclude any request for Vehicle Devaluation Damages. New GM will submit the Bellwether Marked Complaints with the assumption that such amendments were made.

[3] *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015).

4. With respect to the Second Amended Consolidated Complaint filed in MDL 2543 ("**SACC**"):

   a. On or before September 23, 2015, New GM shall file with the Court and serve as appropriate (i) a marked-up version of the Second Amended Consolidated Complaint ("**Marked SACC**"), showing which portions thereof New GM contends violate the Judgment, the Decision and/or the Sale Order and Injunction, and (ii) a letter, not to exceed five (5) single-spaced pages, setting forth New GM's position with respect to the Marked SACC ("**New GM Marked SACC Letter**"); and

   b. On or before September 30, 2015, the Designated Counsel for the plaintiffs named in the Second Amended Consolidated Complaint shall file with the Court and serve on counsel of record in such cases their commentary next to the comments made by New GM with regard to the Marked SACC, together with a letter, not to exceed five (5) single-spaced pages, responding to the Marked SACC and New GM Marked SACC Letter.

   c. Due to the length of the SACC, New GM and Designated Counsel are directed to consult with each other to see if there is an agreed-upon procedure such that the Marked SACC, and the response thereto, can be stream-lined, so that the relevant, representative issues are efficiently presented to this Court for resolution.

5. With respect to the complaints filed in *People of California v. General Motors LLC*, *et al.*, No. 30-2014-00731038-CUBT-CXC (Orange County, Cal.) and *State of Arizona v. General Motors LLC*, No. CV2014-014090 (Maricopa County, Ariz.) (collectively, the "**State Complaints**"):

   a. On or before September 23, 2015, New GM shall file with the Court and serve on counsel of record in such cases (i) a marked-up version of the State Complaints ("**Marked State Complaints**"), marked to show which portions thereof New GM contends violate the Judgment, the Decision and/or the Sale Order and Injunction, and (ii) a letter, not to exceed five (5) single-spaced pages for the States' Complaints, setting forth New GM's position with respect to the Marked State Complaints ("**New GM Marked State Complaint Letter**"); and

   b. On or before September 30, 2015, the plaintiffs named in the State Complaints shall file with the Court and serve on counsel of record in such cases their commentary next to the comments made by New GM with regard to the Marked State Complaints, together with a letter, not to exceed five (5) single-spaced pages for the States' Complaints, responding

        to the Marked State Complaints and New GM Marked State Complaints Letter.

6.     The Court has scheduled oral argument for the matters covered by paragraphs 1-5 for October 14, 2015 at 9:45 a.m.

7.     The parties agree that no further pleadings relating to the GUC Trust Asset Pleading need be submitted and no side has requested oral argument with respect to such Pleading.

8.     Counsel for the plaintiffs in *Bavlsik v. General Motors LLC* ("**Bavlsik Lawsuit**") pending in the United States District Court for the Eastern District of Missouri has notified New GM that they will withdraw their claim for punitive damages in order to promptly proceed to trial in the *Bavlsik* Lawsuit. Accordingly, there is no need for this Court to deal with the *Bavlsik* Lawsuit at this time.

ORDERED that within two (2) business days of the entry of this Scheduling Order, New GM shall serve, by either e-mail, facsimile, overnight mail or, if none of the foregoing are available, regular mail, a copy of this Scheduling Order on plaintiffs in any lawsuit where New GM has previously sent a demand letter as authorized by the Judgment, with a cover note that states as follows:

> General Motors LLC ("**New GM**") previously served on you a demand letter ("**Demand Letter**") in connection with a lawsuit commenced by you against New GM which set forth certain deadlines for filings pleadings with the Bankruptcy Court (as defined in the Demand Letter). The attachment is a Scheduling Order entered by the Bankruptcy Court on September 3, 2015 ("**Scheduling Order**"). Please review the Scheduling Order as it modifies the time periods set forth in the Demand Letter for filing certain pleadings with the Bankruptcy Court, including without limitation, the 17 business days to respond to the Demand Letter.
>
> If you have any objection to the procedures set forth in the Scheduling Order, you must file such objection in writing with the Bankruptcy Court within three (3) business days of receipt of this notice ("**Objection**"). Otherwise, you will be bound by the terms of the Scheduling Order and the determinations made pursuant thereto. If you believe there are issues that should be presented to the Court relating to your lawsuit that will not otherwise be briefed and argued in accordance with the Scheduling Order, you must set forth that position, with specificity in your Objection. The Court will decide whether a hearing is required with respect to any Objection timely filed and, if so, will, promptly notify the parties involved.

and it is further

ORDERED that in the event New GM believe there are issues to be decided by the Court in actions that received a demand letter that are not covered in paragraphs 1-5 above, New GM shall file with the Court and serve on counsel of record in such representative case(s) on or before September 23, 2015 (i) a marked-up version of their complaints ("**Other Plaintiffs' Complaints**"), showing which portions thereof New GM contends violate the Judgment, the Decision and/or the Sale Order and Injunction, and (ii) a letter, not to exceed three (3) single-spaced pages for the Other Plaintiffs' Complaints, setting forth New GM's position with respect to the Marked Other Plaintiffs' Complaints ("**New GM Marked Other Plaintiffs' Complaints Letter**"); and it is further

ORDERED that on or before September 30, 2015, the plaintiffs named in the Other Plaintiffs' Complaints shall file with the Court and serve on counsel of record in such cases their commentary next to the comments made by New GM with regard to the Other Plaintiffs' Complaints, together with a letter, not to exceed three (3) single-spaced pages for the Other Plaintiffs' Complaints, responding to the Marked Other Plaintiffs' Complaints and the New GM Marked Other Plaintiffs' Complaints Letter; and it is further

ORDERED that nothing in this Order is intended to nor shall preclude any other plaintiff's counsel (or *pro se* plaintiff), affected by the issues being resolved by this Court, from taking a position in connection with any such matters; *provided, however*, that such affected other plaintiffs' counsel who wishes to file a separate pleading with respect such matter(s) shall timely file a letter with the Court seeking permission to do so. Such letter shall specify (a) which issue is to be covered, (b) the length of the pleading sought to be filed, and (c) why such issue is not otherwise covered by the pleading to be filed by Designated Counsel. Prior to such time, such counsel shall consult with the Designated Counsel for the Bellwether Cases and Designated

Counsel for the Plaintiffs in MDL 2543 so as to avoid duplicative arguments and in an effort to limit the number of responsive briefs on the same issue(s); and it is further

ORDERED that, as stated on the record of the August 31 Conference, for all plaintiffs that have received a demand letter from New GM where the time period to file a No Strike, No Stay, and No Dismissal Pleading as set forth in the Judgment ("**Judgment Pleading**") had not expired as of the August 31 Conference, the briefing schedule set forth herein shall supersede the requirement to file such Judgment Pleadings; and it is further

ORDERED that this Court shall retain exclusive jurisdiction to interpret and enforce this Order.

Dated: September 3, 2015
      New York, New York

                                                      *s/ Robert E. Gerber*
                                      UNITED STATES BANKRUPTCY JUDGE