UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                  :         Chapter 11
                                                       :
MOTORS LIQUIDATION COMPANY, *et al.*,                  :         Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*               :
                                                       :         (Jointly Administered)
                               Debtors.                :
------------------------------------------------------------x

## DECISION AND ORDER ON GUC TRUST ASSET PLEADING

APPEARANCES:

BROWN RUDNICK
*Designated Counsel for Ignition Switch*
  *and Non-Ignition Switch Plaintiffs*
Seven Times Square
New York, New York 10036
By:    Edward S. Weisfelner, Esq.

KING & SPALDING LLP
*Counsel for General Motors LLC (New GM)*
1185 Avenue of the Americas
New York, New York 10036
By:    Arthur J. Steinberg, Esq.

GIBSON, DUNN & CRUTCHER, LLP
Counsel for Wilmington Trust Company as
  *GUC Trust Administrator*
200 Park Avenue
New York, New York 10166
BY:    Lisa H. Rubin, Esq.

AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
*Counsel for Participating GUC Trust Unit Trust Holders*
One Bryant Park
New York, New York 10036
BY:    Daniel H. Golden, Esq.

ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

In this contested matter in the chapter 11 case of Motors Liquidation Company, formerly known as General Motors Corporation, the Court has before it the Non-Ignition Switch Plaintiffs'[1] "GUC Trust Asset Pleading"—requiring the Court to decide the extent to which the Non-Ignition Switch Plaintiffs should be treated differently from the Ignition Switch Plaintiffs with regard to either plaintiff group's ability to tap funds now, or in the future, in the GUC Trust. The Court had previously ruled that the April Decision—including its earlier mootness component—would be *stare decisis* (but not *res judicata*) for Non-Ignition Switch Plaintiffs, but that if they failed to show any reason for treating them differently after an opportunity to be heard, the mootness rulings would then be *res judicata* for Non-Ignition Switch Plaintiffs as well. The Court now concludes, after opportunity for the Non-Ignition Switch Plaintiffs to be heard, that they have shown no reason to be treated differently with respect to the Court's earlier mootness rulings, and that they cannot access GUC Trust assets any more than Ignition Switch Plaintiffs could.

The bases for the Court's conclusions follow.

Findings of Fact

The relevant facts are undisputed. In the April Decision, the Court ruled that by reason of mootness concerns, Ignition Switch Plaintiffs could not access GUC Trust assets even if they might otherwise be entitled to file late proofs of claim.[2] But that

---

[1]  The Court assumes familiarity with its recently published decisions in *In re Motors Liquidation Co.,* 529 B.R. 510 (Bankr. S.D.N.Y. 2015) (the "**April Decision**"); *In re Motors Liquidation Co.,* 531 B.R. 354 (Bankr. S.D.N.Y. 2015) (the "**Form of Judgment Decision**"); and *In re Motors Liquidation Co.*, --- B.R. ----, 2015 Bankr. LEXIS 2406, 2015 WL 4498006 (Bankr. S.D.N.Y. Jul. 22, 2015) (the "**Bledsoe Reargument Decision**"), and uses terms as defined there.

[2]  *See* April Decision, 529 B.R. at 586-592. *See also* Form of Judgment Decision, 531 B.R. at 360 ("The Court's Judgment will stay true to the principles articulated in the Decision, and will not

-1-

ruling, when issued, was with respect to the Ignition Switch Plaintiffs alone. Though the Non-Ignition Switch Plaintiffs were discussed briefly in the April Decision,[3] in most respects their claims were not addressed there[4]—principally because their issues (which were partly, but only partly, similar) could not easily be melded into the earlier factual stipulations and briefing schedule. The Non-Ignition Switch Plaintiffs' issues were thus deferred pending the determination of the issues addressed in the April Decision.[5]

In the period during which the Non-Ignition Switch Plaintiffs' issues were deferred, the Court made clear, in the Form of Judgment Decision, that their claims would remain stayed, "and properly so; those Plaintiffs have not shown yet, if they ever will, that they were known claimants at the time of the 363 Sale, and that there was any kind of a due process violation with respect to them."[6] The Court addressed Non-Ignition Switch Plaintiffs' needs and concerns by saying:

> Yet as Designated Counsel properly observe, the Non–Ignition Switch Plaintiffs are still entitled to a fair opportunity to be heard in this Court as to whether there are any reasons to excuse them from the Sale Order, or the Court's mootness conclusions with respect to tapping GUC Trust assets. The Decision will be *stare decisis* for the Non–Ignition Switch Plaintiffs (subject to the usual right of any

---

allow GUC Trust assets to be tapped for claims not previously filed."); Judgment, dated June 1, 2015 (ECF # 13177) (the "**Judgment**"), ¶ 6 ("The Court has not determined the extent to which any late or amended proof of claim will ultimately be allowed or allowed in a different amount. But based on the doctrine of equitable mootness, in no event shall assets of the GUC Trust held at any time in the past, now, or in the future (collectively, the "**GUC Trust Assets**") (as defined in the Plan) be used to satisfy any claims of the Plaintiffs, nor will Old GM's Plan be modified with respect to such claims; *provided* that nothing in this Judgment shall impair any party's rights with respect to the potential applicability of Bankruptcy Code section 502(j) to any claims that were previously allowed or disallowed by the Court.") (bolding and underlining in original).

[3] See April Decision, at 522-23 & n.6.

[4] See id. at 539 (noting, with respect to a Motion to Enforce vis-à-vis Non-Ignition Switch Plaintiffs, that it "was on hold pending the rulings here").

[5] 531 B.R. at 360.

[6] Id.

litigant to show that a judicial opinion is distinguishable), but it will not be *res judicata*.[7]

But the Court went on to say that it was "time to come to closure on whether there is any basis to excuse the Non–Ignition Switch Plaintiffs from the provisions of the Sale Order and the Court's mootness conclusions."[8] And it thus included within the Judgment a mechanism proposed by the parties under which a Non-Ignition Switch Plaintiff could seek a judicial determination from this Court as to whether he or she would not be bound by the Court's mootness rulings as set forth in the April Decision, the Form of Judgment Decision, and resulting Judgment. Judgment ¶ 13(d) provided:

> If counsel for a Non-Ignition Switch Pre-Closing Accident Plaintiff or a Non-Ignition Switch Plaintiff believes that, notwithstanding the Decision and this Judgment, it has a good faith basis to believe that any of the GUC Trust Assets may be used to satisfy late proofs of claim filed by them that may ultimately be allowed by the Bankruptcy Court, it shall file a pleading with this Court within 17 business days of this Judgment ("**GUC Trust Asset Pleading**"). The GUC Trust Asset Pleading shall not reargue issues that were already decided by the Decision and Judgment. If a GUC Trust Asset Pleading is timely filed, the GUC Trust, the GUC Trust Unitholders and/or New GM shall have 17 business days to respond to such pleading. The Court will schedule a hearing thereon if it believes one is necessary.[9]

At some point before June 24, 2015, Designated Counsel for Ignition Switch Plaintiffs in this Court was also retained to act for Non-Ignition Plaintiffs in this Court. As part of a larger filing on that day (dealing principally with the Ignition Switch Plaintiff's Second Amended Consolidated Complaint in the MDL), that counsel included

---

[7] *Id.*

[8] *Id.*

[9] The Court has concluded that no hearing is necessary.

-3-

a GUC Trust Pleading.[10]  Designated Counsel filed a reservation of rights, on behalf of Non-Ignition Switch Plaintiffs, to "file and seek allowance of late claims, seek a recovery on such claims from the assets of the GUC Trust … and litigate issues … identified in paragraph 13(a) of the Judgment."[11]  They contended that it was "premature and inappropriate to bar the Non-Ignition Switch Plaintiffs from accessing GUC Trust Assets,"[12] but did not identify any facts germane to mootness that might provide a basis for considering Non-Ignition Switch Plaintiffs' circumstances different from those of the Ignition Switch Plaintiffs with respect to whom the Court earlier had ruled.

Designated Counsel moved to withdraw the reference with respect to the matters addressed in this Decision, but that motion was denied by Judge Furman of the district court.  Thus this matter remains here.

Discussion

At the hearing on August 31, Designated Counsel stated to this Court:

> Your Honor's determination with regard to equitable mootness was, by definition, applicable to folks other than the non-ignition switch plaintiffs. Nevertheless, it seems to us that the GUC Trust is probably correct that the rationale underlying Your Honor's equitable mootness decision would apply with equal force to the non-ignition switch plaintiffs.  And in fact, your procedures under the judgment, the 17-day business about filing procedure, would have given the non-ignition switch plaintiffs all of the due process that could be reasonably be afforded them on the issue of

---

[10] *See* The Ignition Switch Plaintiffs' No Strike Pleading with regard to the Second Amended Consolidated Complaint; and the Non-Ignition Switch Plaintiffs' (I) Objection Pleading with regard to the Second Amended Consolidated Complaint and (II) GUC Trust Asset Pleading (ECF #13247) ¶¶ 51, 103-106.

[11] *Id.* ¶ 51. Judgment ¶ 13(a) dealt with the Four Threshold Issues addressed in the April Decision and resulting Judgment.

[12] *Id.* ¶ 105.

>applicability of Your Honor's equitable mootness ruling as to them.[13]

That was hardly an ill-advised concession. Plainly the Court's mootness conclusions apply with equal force to each plaintiff group.

While there might be differences in the treatment appropriate for Ignition Switch Plaintiffs and Non-Ignition Switch Plaintiffs in other respects (*e.g.*, as a consequence of potentially different knowledge of Old GM or New GM personnel as to potential claims either plaintiff group might have), the Court's mootness rulings relied on wholly different facts—including, most significantly, what the Plan provided; what happened with respect to the trading in Units after the Plan was confirmed; and what the reasonable expectations of GUC Trust Unit Holders would be under those circumstances. In each of those respects, the facts applicable to Ignition Switch Plaintiffs, on the one hand, and Non-Ignition Switch Plaintiffs, on the other, were identical.

Even if Non-Ignition Plaintiffs had a good faith basis for contending that GUC Trust assets could be tapped to satisfy late-filed claims,[14] any argument that the mootness conclusions should now differ by plaintiff group would nevertheless be unpersuasive. Importantly, as the Non-Ignition Switch Plaintiffs Designated Counsel appropriately recognized,[15] the procedures under Judgment ¶ 16(d) gave the Non-Ignition Switch Plaintiffs all of the due process that could reasonably be afforded them with respect to the applicability of the mootness rulings as to them. And, of course, the rationale underlying

---

[13] Tr. of Conf. of 8/31/2015 at 32-33.

[14] That would presumably rest on the hope that the Judgment would be modified, at least insofar as it addresses mootness, on appeal. The Court sees no basis upon which any Non-Ignition Switch Plaintiff would have a basis for arguing that the Court's mootness conclusions should be inapplicable on any other basis.

[15] *See* n. 13 *supra*.

the mootness elements of the Court's April Decision applies with equal force to the Non-Ignition Switch Plaintiffs. There was no factual basis shown upon which the two plaintiff groups could be distinguished, insofar as mootness matters are concerned, nor could such be shown.

Insofar as mootness issues are concerned, the Ignition Switch and Non-Ignition Switch Plaintiffs' underlying factual situations are identical. Now that the Non-Ignition Switch Plaintiffs have had an opportunity to be heard, it is neither "premature" nor "inappropriate" to hold them to the mootness elements of the Judgment for so long as the Judgment remains unmodified in its mootness respects.[16] The Court's mootness conclusions—previously only *stare decisis* insofar as they would affect Non-Ignition Switch Plaintiffs—are now *res judicata* as well.[17]

SO ORDERED.

Dated: New York, New York             *s/Robert E. Gerber*
       September 3, 2015              United States Bankruptcy Judge

---

[16] Presumably, the Non-Ignition Switch Plaintiffs' reservation of rights was intended to cover any rights Non-Ignition Switch Plaintiffs might have if the Judgment were modified on appeal. That reservation of rights would seemingly be sufficient to protect Non-Ignition Switch Plaintiffs' rights to make further motions or arguments in the event this Court's mootness conclusions were hereafter modified on appeal—to the extent that is even necessary, given the protective provision already in Judgment ¶ 13(e) ("if the Decision and Judgment are reversed on appeal, such that the appellate court finds that the … Non-Ignition Switch Plaintiffs can … maintain the … claims … against … the GUC Trust heretofore dismissed or stricken pursuant to this Judgment, all of the … Non-Ignition Switch Plaintiffs' rights against … the GUC Trust that existed prior to the … striking of claims … pursuant to this Judgment shall be reinstated as if … the striking of such claims … never occurred."). But neither that reservation of rights nor the language of Judgment ¶ 13 is sufficient, however, to support a contention that the Non-Ignition Switch Plaintiffs should not *now* be covered by the Court's mootness rulings.

[17] The same logic applies to the Non-Ignition Switch Pre-Closing Accident Plaintiffs as well. And in addition, they filed no more than a reservation of rights, and (perhaps for reasons obvious from the preceding discussion) did not even file a GUC Trust Asset Pleading. They cannot obtain better treatment either.