# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| MOTORS LIQUIDATION COMPANY<br>f/k/a General Motors Corp., et al. | Case No. 09-50026 (REG) |
| Debtors. | |

## NO DISMISSAL PLEADING OF CAROLYN RICKARD, ADMINISTRATRIX OF THE ESTATE OF WILLIAM J. RICKARD, DECEASED

AND NOW comes the Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, by and through her attorneys, Julianne Cutruzzula Beil, Esquire and Cutruzzula & Nalducci, and pursuant to this Court's Judgment dated June 1, 2015, submits the following "No Dismissal Pleading":

**I.    BACKGROUND**

That on or about November 16, 2012, at or around 3:15 a.m., Plaintiff's decedent, William J. Rickard, was traveling Westbound in the right hand lane on Pennsylvania Interstate 376, a four land divided highway, just prior to the Squirrel Hill Tunnel, in his 2002 Chevrolet S-10 four-door pickup truck. At the same date, time and place, an individual, Woodley Paul, was operating a 2005 Toyota Camry, owned by Charles Phillips, also in the right hand lane of west-bound I-376 prior to the Squirrel Hill Tunnel, behind Plaintiff's decedent's vehicle.

At the same date, time and place, the left lane of travel prior to the Squirrel Hill Tunnel was completely blocked off, and all traffic was channeled into the right hand lane. That also on and at the above stated date, time and place, the Westbound Squirrel Hill Tunnel was suddenly

closed, blocking the one remaining lane of travel, whereupon Plaintiff's decedent, William J. Rickard, due to the aforementioned traffic restrictions, was brought to an abrupt halt.

That on and at the above stated date, time and place, as Defendant, Woodley Paul approached the closed tunnel he was unable to stop his vehicle, causing him to strike Mr. Rickard's vehicle directly from behind. That during the aforementioned impact, Plaintiff's decedent, William J. Rickard's 2002 Chevrolet S-10 pickup driver's seat, seat back, seat rails, headrest and related systems failed, such that the driver's seat and Plaintiff's decedent were propelled rearward into the backseat area of the vehicle. This resulted in his sustaining bilateral jump-lock facet injuries at C7-T1 with complete paraplegia, and other associated complications of this condition. As a result of the aforementioned accident and injuries, Plaintiff's decedent, after a long, slow, consciously painful and agonizing course, died.

On November 7, 2014, William Rickard's widow filed a wrongful death and survival action as administratrix of her husband's estate, and on behalf of herself and their minor daughter in the Court of Common Pleas of Allegheny County, Pennsylvania located at Docket No. GD-14-020549. Plaintiff more recently filed an Amended Complaint on March 19, 2015 (See Exhibit "A" attached). This action seeks wrongful death damages and survival damages from General Motors, LLC f/k/a General Motors Corp., and other defendants, resulting from the decedent's bodily injury and death following the aforementioned accident. This action does not state a claim for punitive damages, nor does it claim damages stemming from the loss of the value of decedent's Chevrolet S-10 pickup. On March 4, 2015, Pennsylvania counsel for General Motors and Plaintiff's counsel entered into a stipulation that General Motors, LLC was the proper General Motors party against whom this wrongful death and survival suit should be brought. (See attached Exhibit "B").

II.  ARGUMENT

### A. GENERAL MOTORS, LLC ("NEW GM") ASSUMED LIABILITY FOR THE PRODUCT LIABILITY CLAIMS ASSERTED BY PLAINTIFF IN HER COMPLAINT.

In an August 26, 2015 letter to Plaintiff's counsel (see attached Exhibit "C") New GM's bankruptcy counsel states that that Plaintiff's Amended Complaint "is making allegations and asserting claims against New GM for economic damages that arise from the conduct of Old GM" which includes a specific reference to Plaintiff's strict products liability claim pursuant to §402B of the Restatement (Second) of Torts.

Count XIX of Plaintiff's Amended Complaint does state a strict products liability claim pursuant to §402B against New GM, claiming damages for the physical harm and wrongful death caused by plaintiff's decedent's defective vehicle. This section permits a Plaintiff to recover for *bodily injury* sustained as the result of a negligent misrepresentation by the seller of a chattel concerning the character or quality of a chattel. Restatement (Second) of Torts §402B (1965). Section 2.3 of the Amended and Restated Master Sale and Purchase Agreement of June 26, 2009 ("Sale Agreement"), lists the Assumed Liabilities of New GM. Product liabilities are explicitly included in this list at §2.3(a)(ix) which states:

> all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), which arise directly out of accidents, incidents or other distinct and discreet occurrences that happen on or after the Closing Date and arise from such motor vehicles' operation or performance (for avoidance of doubt, Purchaser shall not assume, or become liable to pay, perform or discharge, any Liability arising or contended to arise by reason of exposure to materials utilized in the assembly or fabrication of motor vehicles manufactured by Sellers and delivered prior to the Closing Date, including asbestos, silicates or fluids, regardless of when such alleged exposure occurs)

3

§2.3(a)(ix) *Amended and Restated Master Sale and Purchase Agreement of June 26, 2009.*

Counsel for New GM further agrees that New GM assumed "Product Liabilities" as defined in the above cited Sale Agreement, and that to the extent Plaintiff's Amended Complaint is asserting a claim for assumed products liabilities, such a claim would not be barred by the Sale Order and Injunction, the Sale Agreement or the this Court's Judgment. *Exhibit C, Ltr. From Scott Davidson, Esquire to Cutruzzula & Nalducci (Aug. 26, 2015) at FN 3.*

The type of liability sought by Plaintiff for strict products liability pursuant to R.2d Torts §402B is included in the assumed liabilities of New GM and as such, is not barred by this Court's Judgment.

**B. PLAINTIFF'S COMPLAINT DOES NOT SEEK THE TYPE OF ECONOMIC DAMAGES THAT HAVE BEEN BARRED BY THIS COURT**

This Honorable Court has stated that "Economic Loss" cases with respect to the instant litigation as cases are those seeking "compensatory damages, punitive damages, RICO damages, and attorneys fees for *other* kinds of losses to consumers – **"Economic Losses"** – alleged to have resulted from the Ignition Switch Defect. The claims for Economic Loss include claims for alleged reduction in the resale value of affected cars, and other economic loss (such as unpaid time off from work when getting an ignition switch replaced), and inconvenience." *See, Decision on Motion to Enforce Sale Order, In re Motors Liquidation Company,* 529 B.R. 510 (Bankr. S.D.N.Y. 2015). In the same Decision, this Court clarified that, "this controversy does not involve death, personal injury or property damage arising in accidents. Instead, it involves

only *economic losses* allegedly sustained with respect to Old GM vehicles and parts." *Id. at FN 4.* (Emphasis included in the original).

It is evident from Plaintiff's Amended Complaint that she is not seeking the type of economic damages which this Court has precluded. Rather, she is seeking damages stemming from her husband's paraplegia and subsequent death. This Court has been clear that the type of damages sought in the instant death action are permissible.

WHEREFORE, Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, respectfully requests that this Court issue an Order stating that the claims set forth in Plaintiff's Amended Complaint constitute assumed liabilities of General Motors, LLC and are permissible pursuant to the Sale Agreement and this Court's June 1, 2015 Judgment.

                                       Respectfully Submitted,
                                       CUTRUZZULA & NALDUCCI

Dated:   September 4, 2015        By: */s/ Julianne Cutruzzula Beil, Esquire*
                                       Julianne Cutruzzula Beil, Esquire
                                         Pa I.D. #315892
                                         3300 Grant Building
                                         310 Grant Street
                                         Pittsburgh, PA 15219
                                         (412) 391-4040
                                         jbeil@cnlawfirm.net

                                         *(Attorney for Plaintiff, Carolyn Rickard, Administratrix of the Estate of William Rickard, Deceased)*

5

## **CERTIFICATE OF SERVICE**

I, Julianne Cutruzzula Beil, Esquire, hereby certify that I served a true and correct copy of the foregoing No Dismissal Pleading upon the following by United States Mail, postage pre-paid, this date:

Scott Davidson, Esquire
KING & SPALDING, LLP
1185 Avenue of the Americas
New York, NY 10036-4003
(Attorney for General Motors, LLC)

Date:  9/4/15                                By: /s/ Julianne Cutruzzula Beil, Esquire
                                             Attorney for Plaintiff, Carolyn Rickard,
                                             Administratrix of the Estate of William
                                             Rickard, Deceased