# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

CAROLYN RICKARD,                                    CIVIL DIVISION
ADMINISTRATRIX OF THE ESTATE
OF WILLIAM J. RICKARD, Deceased,

            Plaintiff,                              No.: GD-14-020549

v.
                                                    Code:

WALSH CONSTRUCTION COMPANY,
an Illinois Business Corporation, t/d/b/a
Walsh Northeast;                                    **AMENDED COMPLAINT**
SARGENT ELECTRIC COMPANY, a
Pennsylvania Business Corporation; CONCRETE
RESTORATION SPECIALISTS, LLC,                       Filed By:
an Ohio Business Corporation; INDEPENDENCE          Plaintiffs
EXCAVATING, INC., an Ohio Business
Corporation; W.G. TOMKO, INC., a Pennsylvania
Business Corporation, PARKING LOT                   Counsel of Record for
PAINTING CO., LLC, a Pennsylvania Business          This party:
Corporation; MICHAEL BAKER JR., INC.,
a Pennsylvania Business Corporation;                Arthur Cutruzzula, Esquire
BETH'S BARRICADES, a Pennsylvania Business          Pa. I.D. #27915
Corporation; COMMONWEALTH OF
PENNSYLVANIA, PENNSYLVANIA                          Walter J. Nalducci, Esquire
DEPARTMENT OF TRANSPORTATION;                       Pa. I.D. #69256
GENERAL MOTORS, LLC, a Delaware
Business Corporation f/k/a General Motors           Julianne Cutruzzula Beil, Esquire
Company; WOODLEY PAUL, an individual and            Pa. I.D. #315892
CHARLES PHILLIPS, an individual.
                                                    CUTRUZZULA & NALDUCCI
            Defendants.                             3300 Grant Building
                                                    Pittsburgh, PA 15219
                                                    (412) 391-4040

                                                    **A JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| CAROLYN RICKARD, | ) | CIVIL DIVISION |
| ADMINISTRATRIX OF THE ESTATE | ) | |
| OF WILLIAM J. RICKARD, Deceased | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: GD-14-020549 |
| | ) | |
| WALSH CONSTRUCTION COMPANY, | ) | |
| an Illinois Business Corporation, t/d/b/a | ) | Code: |
| Walsh Northeast; SARGENT ELECTRIC | ) | |
| COMPANY, a Pennsylvania Business Corporation; | ) | |
| CONCRETE RESTORATION SPECIALISTS, LLC, | ) | |
| an Ohio Business Corporation; INDEPENDENCE | ) | |
| EXCAVATING, INC., an Ohio Business | ) | |
| Corporation; W.G. TOMKO, INC., a Pennsylvania | ) | |
| Business Corporation, PARKING LOT | ) | |
| PAINTING CO., LLC, a Pennsylvania Business | ) | |
| Corporation; MICHAEL BAKER JR., INC., | ) | |
| a Pennsylvania Business Corporation; | ) | |
| BETH'S BARRICADES, a Pennsylvania Business | ) | |
| Corporation; COMMONWEALTH OF | ) | |
| PENNSYLVANIA, PENNSYLVANIA | ) | |
| DEPARTMENT OF TRANSPORTATION; | ) | |
| GENERAL MOTORS, LLC, a Delaware | ) | |
| Business Corporation f/k/a General Motors | ) | |
| Company; WOODLEY PAUL, an individual and | ) | |
| CHARLES PHILLIPS, an individual, | ) | |
| Defendants. | ) | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
ACBA LAWYER REFERRAL SERVICE
400 KOPPERS BUILDING – 436 SEVENTH AVENUE
PITTSBURGH, PA 15219
412-261-5555

## AMENDED COMPLAINT
## A JURY TRIAL DEMANDED

AND NOW, comes the Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, by and through her attorneys, Arthur Cutruzzula, Esquire and CUTRUZZULA & NALDUCCI, and files this action against the Defendants upon a set of particulars of which the following is a statement:

1.    That Plaintiff, Carolyn Rickard, wife of Plaintiff's Decedent, William J. Rickard, was duly appointed as the Administratrix of the Estate of William J. Rickard, Deceased by the Register of Wills of Westmoreland County, Pennsylvania on October 29, 2014 at No. 6514-2087 of 2014.

2.    That Plaintiff brings this action as the Administratrix of the Estate of William J. Rickard, Deceased of 2075 Guinevere Drive, North Huntingdon, PA 15642.

3.    That Defendant, Walsh Construction Company t/d/b/a Walsh Northeast is an Illinois Business Corporation with a principal place of business at 929 W. Adams Street, Chicago, Illinois 60607, which is registered to do business in Pennsylvania and which regularly conducts business in Western Pennsylvania, including Allegheny County.

4.    That Defendant, Sargent Electric Company is a Pennsylvania Business Corporation with a principal place of business at 2767 Liberty Avenue, Pittsburgh, Pennsylvania 15222.

5.    That Defendant, Concrete Restoration Specialists, LLC is an Ohio Business Corporation with a principal place of business at 388 S. Main Street, Suite 500 Akron, Ohio 44311, which is registered to do business in Pennsylvania and which regularly conducts business in Western Pennsylvania, including Allegheny County.

3

6.      That Defendant, Independence Excavating, Inc. is an Ohio business corporation with a principal place of business at 5720 Schaff Road, Independence, Ohio 44131, which is registered to do business in Pennsylvania and which regularly conducts business in Western Pennsylvania, including Allegheny County.

7.      That Defendant, W.G. Tomko, Inc. is a Pennsylvania business corporation with a principal place of business at 2559 Library Road, Finleyville, Pennsylvania 15332.

8.      That Defendant, Parking Lot Painting Company, LLC, is a Pennsylvania business corporation with a principal place of business at 2991 Industrial Boulevard, Bethel Park, Pennsylvania 15102.

9.      That Defendant, Michael Baker Jr., Inc. is a Pennsylvania business corporation with a principal place of business at 100 Airside Drive, Moon Township, Pennsylvania 15108.

10.      That Defendant, Beth's Barricades, is a Pennsylvania business corporation with a principal place of business at 8260 Fox Ridge Road, Pittsburgh, PA 15237.

11.      That Defendant, Commonwealth of Pennsylvania, Pennsylvania Department of Transportation (hereinafter "PennDOT") is a governmental agency duly organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 301 Fifth Avenue, Suite 210, Pittsburgh, Pennsylvania 15222.

12.      That Defendant, General Motors LLC f/k/a General Motors Company is a Delaware Business Corporation with a principal place of business at 300 Renaissance Center, Detroit, Michigan 48090, and is registered to do business in Pennsylvania and which regularly conducts business in Western Pennsylvania, including Allegheny County.

13.      That Defendant, Woodley Paul, is an individual residing at 6036 A Street, Philadelphia, PA 19120.

4

14.    That Defendant, Charles Phillips, is an individual residing at 335 Ashton Street, Pittsburgh, PA 15207.

15.    That Defendant, Walsh Construction Company t/d/b/a Walsh Northeast, entered into a contract with PennDOT on January 30, 2012, for the rehabilitation of the Squirrel Hill Tunnel, located on Pittsburgh Pennsylvania's Parkway East, I-376, which rehabilitation continued onward through November 16, 2012.

16.    That at all times relevant to this action, Defendants, Sargent Electric Company, Concrete Restoration Specialists, LLC, Independence Excavating, Inc., W.G. Tomko, Inc. and Parking Lot Painting Co., LLC were engaged in work on that project being the rehabilitation of the Squirrel Hill Tunnel, located on Pittsburgh Pennsylvania's Parkway East, I-376, which rehabilitation continued through November 16, 2012.

17.    That Defendant, Michael Baker Jr., Inc. entered into a contract with PennDOT for construction inspection and management services during the aforesaid rehabilitation of the Squirrel Hill Tunnel, located on Pittsburgh Pennsylvania's Parkway East, I-376, which rehabilitation continued onward through November 16, 2012.

18.    That Defendant, Beth's Barricades entered into a contract with Defendant, Walsh Construction Company t/d/b/a Walsh Northeast, on February 20, 2012, to provide services relative to the protection and maintenance of traffic during the construction project for the rehabilitation of the Squirrel Hill Tunnel, located on Pittsburgh Pennsylvania's Parkway East, I-376, which rehabilitation continued onward through November 16, 2012, and was responsible for, inter alia, the installation, maintenance and removal of traffic control signs, changeable message signs, arrow panels, impact attenuating devices, traffic channelizing devices and portable camera units.

5

19.     That at all times relevant to this action, Defendant General Motors, LLC f/k/a General Motors Company was engaged in the business of designing, manufacturing, assembling, selling, supplying, preparing for delivery, recalling, retrofitting, repairing, inspecting, and/or distributing, and did design, manufacture, assemble, sell, supply, prepare for delivery, recall, retrofit, repair, inspect, and/or distribute, inter alia, Chevrolet S-10 automobiles and their component parts, including their seats, seat backs, seat rails, headrests and related systems, including the 2002 Chevrolet S-10 pickup, its seats, seat backs, seat rails, headrests and related systems, devices and components, bearing vehicle identification number 1GCDT13W32K151405 involved in this accident.

20.     That on or about November 16, 2012, at or around 3:15 a.m., Plaintiff's decedent, William J. Rickard, was traveling Westbound in the right hand lane on Pennsylvania Interstate 376, a four land divided highway, just prior to the Squirrel Hill Tunnel, in his 2002 Chevrolet S-10 four-door pickup truck.

21.     That on and at the above stated date, time and place, Defendant, Woodley Paul, was operating a 2005 Toyota Camry, owned by Defendant, Charles Phillips, also in the right hand lane of west-bound I-376 prior to the Squirrel Hill Tunnel, behind Plaintiff's decedent's vehicle.

22.     That on and at the above stated date, time and place, the left lane of travel prior to the Squirrel Hill Tunnel was completely blocked off with cones and a stationary truck with a mounted arrow board located in the closed left lane which was directing all traffic to the right lane.

23.     That also on and at the above stated date, time and place, the Westbound Squirrel Hill Tunnel was suddenly closed, blocking the one remaining lane of travel.

6

24.     That on and at the above stated date, time and place, Plaintiff's decedent, William J. Rickard, due to the aforementioned traffic restrictions, was brought to an abrupt halt in the right lane of I-376 West, just prior to the Squirrel Hill Tunnel.

25.     That on and at the above stated date, time and place, as Defendant, Woodley Paul approached the closed tunnel he was unable to stop his vehicle, causing him to strike Mr. Rickard's vehicle directly from behind.

26.     That during the aforementioned impact, Plaintiff's decedent, William J. Rickard's 2002 Chevrolet S-10 pickup driver's seat, seat back, seat rails, headrest and related systems failed, such that the driver's seat and Plaintiff's decedent were propelled rearward into the backseat area of the vehicle, resulting in the injuries hereinafter described.

27.     That as a result of the aforementioned accident, Plaintiff's decedent, William J. Rickard, sustained, inter alia, the following injuries:

    a.  Bilateral jump-lock facets, C7-T1 with complete paraplegia;

    b.  Severe central canal stenosis;

    c.  Abnormal widening of T10-T9;

    d.  L2 spinous process fracture;

    e.  Posterior spinal fusion of C5-T2;

    f.  Posterior spinal fusion of T8-T11;

    g.  Tracheostomy;

    h.  Chronic respiratory failure;

    i.  Cardiac arrest;

    j.  Strep pneumo pneumonia;

    k.  Sepsis;

7

l.  Tracheal Stenosis;

m.  Decreased range of motion in upper extremities;

n.  Stage IV pressure ulcer;

o.  Left shoulder/scapular pain;

p.  Pain in upper extremities; and

q.  Other serious and severe injuries.

28.    That as a result of the aforementioned accident and injuries, Plaintiff's decedent,

after a long, slow, consciously painful and agonizing course, died.

## COUNT I

### Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, Plaintiff v. Walsh Construction Company t/d/b/a Walsh Northeast, An Illinois Business Corporation, Defendant

### UNDER THE WRONGFUL DEATH ACT

29.    That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, hereby incorporates by reference each and every allegation contained in

Paragraph 1 through 28, inclusive, as fully as if the same had been set forth herein at length.

30.    That Plaintiff brings this action by virtue of the Act of July 9, 1976, P.L. 586 No.

142, 2, effective June 27, 1978, 42 Pa. C.S.A. 8301 and Pa. R.C.P. No. 2202(a).

31.    That Decedent left surviving him the following persons entitled to recover

damages for his death and on whose behalf this action is brought:

| NAME | RELATIONSHIP | ADDRESS |
|------|--------------|---------|
| CAROLYN RICKARD | WIFE | 2075 Guinevere Drive<br>North Huntingdon, PA 15642 |
| SARAH RICKARD | DAUGHTER | 2075 Guinevere Drive<br>North Huntingdon, PA 15642 |

32.     That by reason of the death of Plaintiffs' decedent, the surviving beneficiaries have suffered pecuniary losses and incurred expenses resulting from the injuries and death of said Decedent, including the loss of nurture, care, training, advice, services, guidance, education, companionship, comfort, society, solace and protection.

33.     That, at all pertinent times, Walsh Construction Company t/d/b/a Walsh Northeast did perform work under a contract with PennDOT for the rehabilitation of the Squirrel Hill Tunnel, located on Pittsburgh Pennsylvania's Parkway East, I-376, which rehabilitation continued through November 16, 2012.

34.     That the above-described accident and resulting injuries and damages were caused solely and by and were the direct and proximate result of the negligence and/or strict liability and/or vicarious liability of the Defendant, Walsh Construction Company t/d/b/a Walsh Northeast, itself and acting through its agents, servants, workmen, and/or employees, including, Sargent Electric Company, Concrete Restoration Specialists, LLC, Independence Excavating, Inc., W.G. Tomko, Inc., Parking Lot Painting Co., LLC, Michael Baker Jr., Inc., Beth's Barricades and PennDOT, acting within the scope of their agency, servitude, workmanship and/or employment, said negligence consisting of inter alia, the following particulars:

### Negligence

a.     In stopping traffic on Westbound I-376 at the time of the accident;

b.     In failing to follow PennDOT's work zone rules and regulations;

c.     In failing to supplement PennDOT's work zone rules and regulations when they knew or should have known the plan was inadequate;

d.  In failing to make necessary changes to the traffic controls and devices in the work zone, advanced warning area and approach when, during the progress of the project and prior to the subject accident, it knew or should have known of other accidents, events and traffic mishaps which rendered the traffic control regimen in place wholly inadequate;

e.  In negligently designing, planning and performing work on the roadway in question at the time of Plaintiff's decedent's accident;

f.  In failing to request a "cue" car from the Pennsylvania State Police;

g.  In failing to provide or arrange for a "cue" and/or escort or pilot car in advance of the work area, when it knew or should have known from other accidents, events and traffic mishaps that the situation required one;

h.  In failing to provide a "cue" and/or escort or pilot vehicle for the stopped and/or slowing traffic when it knew or should have known from other accidents, events and traffic mishaps that the situation required one;

i.  In failing to have "cue" and/or escort or pilot vehicles to slow/stop traffic, particularly at times of lane closures or complete tunnel closures and particularly when the project history had demonstrated the need for this and other enhanced traffic controls;

j.  In failing to adequately slow approaching traffic to the lane closure and tunnel closure points when it knew or should have known from other accidents, events and traffic mishaps that the situation required it;

k.  In failing to adequately notify and slow approaching traffic well in advance of the lane restriction and complete closure, both as to time and distance, when it knew or should have known from other accidents, events and traffic mishaps that the situation required it;

l.  In failing to provide proper lighting conditions in the work zone and advanced warning area when it knew or should have known from other accidents, events and traffic mishaps that the situation required it;

m.    In lighting the work zone and advanced warning area in a
      manner that was confusing and disorienting to drivers,
      causing them to stop abruptly;

n.    In failing to properly design, plan, and put in place
      adequate signs and safeguards for the work being
      performed on the roadway in question at the time of the
      accident;

o.    In failing to maintain such signs and safeguards on the
      subject roadway in an adequately visible and effective
      condition;

p.    In failing to adequately warn persons such as Plaintiff's
      decedent of the dangers associated with the roadway and
      work being performed on the roadway;

q.    In negligently hiring and supervising an independent
      contractor to design, erect and maintain traffic controls and
      devices and/or safeguards with respect to the subject
      roadway and the work being performed on the roadway;

r.    In failing to provide approaching vehicles with adequate
      warning of lane closure ahead when it knew or should have
      known from other accidents, events and traffic mishaps that
      the situation required it;

s.    In failing to provide approaching vehicles with adequate
      warning of stopped traffic ahead when it knew or should
      have known from other accidents, events and traffic
      mishaps that the situation required it;

t.    In failing to properly restrict traffic to a single lane and in
      failing to properly close the tunnel;

u.    In failing to properly place warning signs for lane
      restrictions; and

v.    In negligently restricting traffic and closing the tunnel at
      the aforementioned time.


WHERERFORE, Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, claims damages from the Defendant, Walsh Construction Company t/d/b/a

11

Walsh Northeast, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00)

Dollars, exclusive of costs and interest.

### COUNT II

### Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, Plaintiff v. Walsh Construction Company t/d/b/a Walsh Northeast, An Illinois Business Corporation, Defendant

### UNDER THE SURVIVAL ACT

35.    That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs

1 through 28 and 33 and 34, inclusive, as fully as if the same had been set forth herein at length.

36.    The Plaintiff brings this action under and by virtue of the Act of July 9, 1976, P.L.

No. 142 2 effective June 27, 1978, 42 Pa.C.S.A. 8302.

37.    That no legal or court action for damages for the personal injuries sustained by

said Decedent that was brought during his lifetime remains active.

38.    That the Plaintiff claims damages on behalf of Decedent's Estate for the damage

suffered by said Estate as a result of the death of said Decedent as well as for his conscious pain,

suffering and inconvenience resulting from his above described accident and personal injuries.

WHEREFORE, Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, claims damages against Walsh Construction Company t/d/b/a Walsh

Northeast in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars

exclusive of interest and costs.

12

## COUNT III

## Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, Plaintiff v. Sargent Electric Company, a Pennsylvania Business Corporation, Defendant

### UNDER THE WRONGFUL DEATH ACT

39.     That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs 1 through 28, 30 through 32 inclusive, as fully as if the same had been set forth herein at length.

40.     That, at all pertinent times, Sargent Electric Company did perform work on the project that was for the rehabilitation of the Squirrel Hill Tunnel, located on Pittsburgh Pennsylvania's Parkway East, I-376, which rehabilitation continued through November 16, 2012.

41.     That the above-described accident and resulting injuries and damages were caused solely and by and were the direct and proximate result of the negligence of the Defendant, Sargent Electric Company , itself and acting through its agents, servants, workmen, and/or employees, including, Walsh Construction Company t/d/b/a Walsh Northeast, Concrete Restoration Specialists, LLC, Independence Excavating, Inc., W.G. Tomko, Inc., Parking Lot Painting Co., LLC, Michael Baker Jr., Inc., Beth's Barricades and PennDOT, acting within the scope of their agency, servitude, workmanship and/or employment, said negligence consisting of inter alia, the following particulars, being those contained in sub paragraphs (a) through (v) of Paragraph 34, above, which are incorporated herein by reference as fully as if the same had been set forth herein at length.

WHERERFORE, Plaintiff, Carolyn Rickard Administratrix of the Estate of William J. Rickard, Deceased, claims damages from the Defendant, Sargent Electric Company in an amount

in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and

interest.

## COUNT IV

### Carolyn Rickard, Administratrix of the Estate of William J.  Rickard, Deceased, Plaintiff v. Sargent Electric Company, a Pennsylvania Business Corporation, Defendant

### UNDER THE SURVIVAL ACT

42.     That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs

1 through 28, 36 through 38, 40 and 41 inclusive, as fully as if the same had been set forth herein

at length.

WHERERFORE, Plaintiff, Carolyn Rickard Administratrix of the Estate of William J.

Rickard, Deceased, claims damages from the Defendant, Sargent Electric Company in an amount

in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and

interest.

## COUNT V

### Carolyn Rickard, Administratrix of the Estate of William J.  Rickard, Deceased, Plaintiff v. Concrete Restoration Specialists, LLC an Ohio Business Corporation, Defendant

### UNDER THE WRONGFUL DEATH ACT

43.     That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs

1 through 28, 30 through 32 inclusive, as fully as if the same had been set forth herein at length.

44.     That, at all pertinent times, Concrete Restoration Specialists, LLC did perform

work on the project that was for the rehabilitation of the Squirrel Hill Tunnel, located on

14

Pittsburgh Pennsylvania's Parkway East, I-376, which rehabilitation continued through
November 16, 2012.

46. That the above-described accident and resulting injuries and damages were caused
solely and by and were the direct and proximate result of the negligence of the Defendant,
Concrete Restoration Specialists, LLC, itself and acting through its agents, servants, workmen,
and/or employees, including, Walsh Construction Company t/d/b/a Walsh Northeast, Sargent
Electric Company, Independence Excavating, Inc., W.G. Tomko, Inc., Parking Lot Painting Co.,
LLC, Michael Baker Jr., Inc., Beth's Barricades and PennDOT, acting within the scope of their
agency, servitude, workmanship and/or employment, said negligence consisting of inter alia, the
following particulars, being those contained in sub paragraphs (a) through (v) of Paragraph 34,
above, which are incorporated herein by reference as fully as if the same had been set forth
herein at length.

WHERERFORE, Plaintiff, Carolyn Rickard Administratrix of the Estate of William J.
Rickard, Deceased, claims damages from the Defendant, Concrete Restoration Specialists in an
amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs
and interest.

**COUNT VI**

**Carolyn Rickard, Administratrix of the Estate of William J.  Rickard, Deceased, Plaintiff v.
Concrete Restoration Specialists, LLC an Ohio Business Corporation, Defendant**

**UNDER THE SURVIVAL ACT**

46. That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.
Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs
1 through 28, 36 through 38, 44 and 45 inclusive, as fully as if the same had been set forth herein
at length.

15

WHERERFORE, Plaintiff, Carolyn Rickard Administratrix of the Estate of William J. Rickard, Deceased, claims damages from the Defendant, Concrete Restoration Specialists in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT VII

### Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, Plaintiff v. Independence Excavating, Inc. an Ohio Business Corporation, Defendant

### UNDER THE WRONGFUL DEATH ACT

47.     That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs 1 through 28, 30 through 32 inclusive, as fully as if the same had been set forth herein at length.

48.     That, at all pertinent times, Independence Excavating, Inc. did perform work on the project that was for the rehabilitation of the Squirrel Hill Tunnel, located on Pittsburgh Pennsylvania's Parkway East, I-376, which rehabilitation continued through November 16, 2012.

49.     That the above-described accident and resulting injuries and damages were caused solely and by and were the direct and proximate result of the negligence of the Defendant Independence Excavating, Inc. itself and acting through its agents, servants, workmen, and/or employees, including, Walsh Construction Company t/d/b/a Walsh Northeast, Sargent Electric Company, Concrete Restoration Specialists, LLC, W.G. Tomko, Inc., Parking Lot Painting Co., LLC, Michael Baker Jr., Inc., Beth's Barricades and PennDOT, acting within the scope of their agency, servitude, workmanship and/or employment, said negligence consisting of inter alia, the following particulars, being those contained in sub paragraphs (a) through (v) of Paragraph 34, above, which are incorporated herein by reference as fully as if the same had been set forth herein at length.

16

WHERERFORE, Plaintiff, Carolyn Rickard Administratrix of the Estate of William J.

Rickard, Deceased, claims damages from the Defendant, Independence Excavating, Inc. in an

amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs

and interest.

## COUNT VIII

## Carolyn Rickard, Administratrix of the Estate of William J.  Rickard, Deceased, Plaintiff v. Independence Excavating, Inc. an Ohio Business Corporation, Defendant

## UNDER THE SURVIVAL ACT

50.    That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs

1 through 28, 36 through 38, 48 and 49 inclusive, as fully as if the same had been set forth herein

at length.

WHERERFORE, Plaintiff, Carolyn Rickard Administratrix of the Estate of William J.

Rickard, Deceased, claims damages from the Defendant, Independence Excavating, Inc. in an

amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs

and interest.

## COUNT IX

## Carolyn Rickard, Administratrix of the Estate of William J.  Rickard, Deceased, Plaintiff v. W.G. Tomko, Inc., a Pennsylvania Business Corporation, Defendant

## UNDER THE WRONGFUL DEATH ACT

51.    That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs

1 through 28, 30 through 32 inclusive, as fully as if the same had been set forth herein at length.

17

52.    That, at all pertinent times, W.G. Tomko, Inc. did perform work on the project

that was for the rehabilitation of the Squirrel Hill Tunnel, located on Pittsburgh Pennsylvania's

Parkway East, I-376, which rehabilitation continued through November 16, 2012.

53.    That the above-described accident and resulting injuries and damages were caused

solely and by and were the direct and proximate result of the negligence of the Defendant, W.G.

Tomko, Inc. itself and acting through its agents, servants, workmen, and/or employees,

including, Walsh Construction Company t/d/b/a Walsh Northeast, Sargent Electric Company,

Concrete Restoration Specialists, LLC, Independence Excavating, Inc., Parking Lot Painting Co.,

LLC, Michael Baker Jr., Inc., Beth's Barricades and PennDOT, acting within the scope of their

agency, servitude, workmanship and/or employment, said negligence consisting of inter alia, the

following particulars, being those contained in sub paragraphs (a) through (v) of Paragraph 34,

above, which are incorporated herein by reference as fully as if the same had been set forth

herein at length.

WHERERFORE, Plaintiff, Carolyn Rickard Administratrix of the Estate of William J.

Rickard, Deceased, claims damages from the Defendant, W.G. Tomko, Inc. in an amount in

excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT X

### Carolyn Rickard, Administratrix of the Estate of William J.  Rickard, Deceased, Plaintiff v. W.G. Tomko, Inc., a Pennsylvania Business Corporation, Defendant

### UNDER THE SURVIVAL ACT

54.    That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs

18

1 through 28, 36 through 38, 52 and 53 inclusive, as fully as if the same had been set forth herein
at length.

WHERERFORE, Plaintiff, Carolyn Rickard Administratrix of the Estate of William J.
Rickard, Deceased, claims damages from the Defendant, W.G. Tomko, Inc. in an amount in
excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XI

### Carolyn Rickard, Administratrix of the Estate of William J.  Rickard, Deceased, Plaintiff v. Parking Lot Painting Company, LLC, a Pennsylvania Business Corporation, Defendant

### UNDER THE WRONGFUL DEATH ACT

55.     That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.
Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs
1 through 28, 30 through 32 inclusive, as fully as if the same had been set forth herein at length.

56.     That, at all pertinent times, Parking Lot Painting Company, LLC did perform
work on the project that was for the rehabilitation of the Squirrel Hill Tunnel, located on
Pittsburgh Pennsylvania's Parkway East, I-376, which rehabilitation continued through
November 16, 2012.

57.     That the above-described accident and resulting injuries and damages were caused
solely and by and were the direct and proximate result of the negligence of the Defendant
Parking Lot Painting Company, LLC itself and acting through its agents, servants, workmen,
and/or employees, including, Walsh Construction Company t/d/b/a Walsh Northeast, Sargent
Electric Company, Concrete Restoration Specialists, LLC, Independence Excavating, Inc., W.G.
Tomko, Inc., LLC, Michael Baker Jr., Inc., Beth's Barricades and PennDOT, acting within the
scope of their agency, servitude, workmanship and/or employment, said negligence consisting of

19

inter alia, the following particulars, being those contained in sub paragraphs (a) through (v) of

Paragraph 34, above, which are incorporated herein by reference as fully as if the same had been

set forth herein at length.

WHERERFORE, Plaintiff, Carolyn Rickard Administratrix of the Estate of William J.

Rickard, Deceased, claims damages from the Defendant, Parking Lot Painting Company, LLC in

an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of

costs and interest.

**COUNT XII**

**Carolyn Rickard, Administratrix of the Estate of William J.  Rickard, Deceased, Plaintiff v.
Parking Lot Painting Company, LLC, a Pennsylvania Business Corporation, Defendant**

**UNDER THE SURVIVAL ACT**

58.    That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs

1 through 28, 36 through 38, 56 and 57 inclusive, as fully as if the same had been set forth herein

at length.

WHERERFORE, Plaintiff, Carolyn Rickard Administratrix of the Estate of William J.

Rickard, Deceased, claims damages from the Defendant, Parking Lot Painting Company, LLC in

an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of

costs and interest.

## COUNT XIII

### Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, Plaintiff v. Michael Baker Jr., Inc., a Pennsylvania Business Corporation, Defendant

#### UNDER THE WRONGFUL DEATH ACT

59.    That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs 1 through 28, 30 through 32 inclusive, as fully as if the same had been set forth herein at length.

60.    That, at all pertinent times, Michael Baker Jr., Inc. did perform work on the project that was for the rehabilitation of the Squirrel Hill Tunnel, located on Pittsburgh Pennsylvania's Parkway East, I-376, which rehabilitation continued through November 16, 2012.

61.    That the above-described accident and resulting injuries and damages were caused solely and by and were the direct and proximate result of the negligence of the Defendant Michael Baker Jr. Inc. itself and acting through its agents, servants, workmen, and/or employees, including, Walsh Construction Company t/d/b/a Walsh Northeast, Sargent Electric Company, Concrete Restoration Specialists, LLC, Independence Excavating, Inc., W.G. Tomko, Inc., Parking Lot Painting Co., LLC, Beth's Barricades and PennDOT, acting within the scope of their agency, servitude, workmanship and/or employment, said negligence consisting of inter alia, the following particulars, being those contained in sub paragraphs (a) through (v) of Paragraph 34, above, which are incorporated herein by reference as fully as if the same had been set forth herein at length.

WHERERFORE, Plaintiff, Carolyn Rickard Administratrix of the Estate of William J. Rickard, Deceased, claims damages from the Defendant, Michael Baker Jr., Inc. in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

21

## COUNT XIV

### Carolyn Rickard, Administratrix of the Estate of William J.  Rickard, Deceased, Plaintiff v. Michael Baker Jr., Inc., a Pennsylvania Business Corporation, Defendant

### UNDER THE SURVIVAL ACT

62.     That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs

1 through 28, 36 through 38, 60 and 61 inclusive, as fully as if the same had been set forth herein

at length.

WHERERFORE, Plaintiff, Carolyn Rickard Administratrix of the Estate of William J.

Rickard, Deceased, claims damages from the Defendant, Michael Baker Jr., Inc. in an amount in

excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

### COUNT XV

### Carolyn Rickard, Administratrix of the Estate of William J.  Rickard, Deceased, Plaintiff v. Beth's Barricades, a Pennsylvania Business Corporation, Defendant

### UNDER THE WRONGFUL DEATH ACT

63.     That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs

1 through 28, 30 through 32 inclusive, as fully as if the same had been set forth herein at length.

64.     That, at all pertinent times, Beth's Barricades was responsible for the protection

and maintenance of traffic and did perform such duties on the project that was for the

rehabilitation of the Squirrel Hill Tunnel, located on Pittsburgh Pennsylvania's Parkway East, I-

376, which rehabilitation continued through November 16, 2012.

65.    That the above-described accident and resulting injuries and damages were caused solely and by and were the direct and proximate result of the negligence of the Defendant, Beth's Barricades, itself and acting through its agents, servants, workmen, and/or employees, including, Walsh Construction Company t/d/b/a Walsh Northeast, Sargent Electric Company, Concrete Restoration Specialists, LLC, Independence Excavating, Inc., W.G. Tomko, Inc., Parking Lot Painting Co., LLC, Michael Baker Jr., Inc. and PennDOT, acting within the scope of their agency, servitude, workmanship and/or employment, said negligence consisting of inter alia, the following particulars, being those contained in sub paragraphs (a) through (v) of Paragraph 34, above, which are incorporated herein by reference as fully as if the same had been set forth herein at length, and the following sub paragraphs (a) through (l) all of which caused Plaintiff's Decedent to stop suddenly and Defendant Mr. Paul to be unable to stop his vehicle, thereby hitting Plaintiff's Decedent's vehicle:

      a.  In failing to properly install and maintain the traffic control devices;

      b.  In failing to inspect whether it had properly installed signs for construction work on the day of Plaintiff's Decedent's accident;

      c.  In failing to alert vehicles that traffic was fully stopped ahead;

      d.  In failing to properly install and maintain traffic channelizing devices during a lane closure;

      e.  In failing to properly install and maintain traffic channelizing devices to adequately slow traffic when it knew or should have known that the set-up was inadequate;

      f.  In failing to make changes to the approved traffic control plan when it knew or should have known that it was assisting Walsh Construction and

23

PennDOT in the creation of a dangerous traffic
control area of the work zone;

g.  In failing to make recommendations to PennDOT
and/or Walsh Construction for changes to the early
approach to the work zone when it knew or should
have known that it was creating a dangerous traffic
control area of the work zone;

h.  In failing to train its workers in the installation and
maintenance of traffic control devices;

i.  In failing to require its foreman to drive through the
work zone to make certain that its laborers correctly
installed and maintained the traffic control devices;

j.  In failing to have its foreman supervise its workers
installation and maintenance of the traffic control
devices;

k.  In permitting hazardous defects of the traffic control
plan to exist; and

l.  In failing to maintain and update the traffic control
plan within the construction zone in a safe and
proper condition when it knew or should have
known that the plan was created a dangerous and/or
inadequate traffic control area.

WHERERFORE, Plaintiff, Carolyn Rickard Administratrix of the Estate of William J.

Rickard, Deceased, claims damages from the Defendant, Beth's Barricades in an amount in

excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XVI

## Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, Plaintiff v. Beth's Barricades, a Pennsylvania Business Corporation, Defendant

## UNDER THE SURVIVAL ACT

66.    That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs

24

1 through 28, 36 through 38, 64 and 65 inclusive, as fully as if the same had been set forth herein at length.

WHERERFORE, Plaintiff, Carolyn Rickard Administratrix of the Estate of William J. Rickard, Deceased, claims damages from the Defendant, Beth's Barricades in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

**COUNT XVII**

**Carolyn Rickard, Administratrix of the Estate of William J.  Rickard, Deceased, Plaintiff v. Commonwealth of Pennsylvania, Pennsylvania Department of Transportation, Defendant**

**UNDER THE WRONGFUL DEATH ACT**

67.    That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs 1 through 28, 30 through 32 inclusive, as fully as if the same had been set forth herein at length.

68.    That, at all pertinent times, Defendant, Commonwealth of Pennsylvania, Department of Transportation was the owner and/or lessee and/or manager and was responsible for the property where the accident occurred including the roadway surface and subsurface located at Pittsburgh Pennsylvania's Parkway East, I-376, just prior to the Squirrel Hill Tunnel.

69.    That the above-described accident and resulting injuries and damages were caused solely and by and were the direct and proximate result of the negligence of the Defendant, Commonwealth of Pennsylvania, Pennsylvania Department of Transportation, itself and acting through its agents, servants, workmen, and/or employees, including Walsh Construction Company t/d/b/a Walsh Northeast, Sargent Electric Company, Concrete Restoration Specialists, LLC, Independence Excavating, Inc., W.G. Tomko, Inc., Parking Lot Painting Co., LLC, Michael Baker Jr., Inc. and Beth's Barricades acting within the scope of their agency, servitude,

25

workmanship and/or employment, said negligence consisting of <u>inter</u> <u>alia</u>, the following

particulars:

      a.     In negligently causing Plaintiff's Decedent's accident;

      b.     In maintaining the subject roadway in a dangerous condition;

      c.     In allowing a dangerous condition of the roadway to exist;

      d.     In permitting traffic to be stopped on Westbound I-376 at the time of the accident;

      e.     In negligently designing, planning and performing work on the roadway in question at the time of the accident;

      f.     In failing to do and in failing to require a contractor to do the following:

            i.     Request a "cue" car from the Pennsylvania State Police;

            ii.     Provide or arrange for a "cue" car in advance of the work area when it knew or should have known from other accidents, events and traffic mishaps that the situation required one;

            iii.     Provide a "cue" and/or escort or pilot vehicle for stopped and/or slowing traffic, when it knew or should have known from other accidents, events and traffic mishaps that the situation required one;

            iv.     Have "cue" and/or escort or pilot vehicles to slow traffic particularly at times of lane closure or complete tunnel closure and particularly when the project history had demonstrated the need for this and other enhanced traffic controls;

            v.     Maintain adequate rules and/or regulations regarding the stoppage of traffic on a 4 lane divided highway;

vi.    Enforce PennDOT work zone rules and/or regulations;

vii.    Follow PennDOT work zone rules and/or regulations;

viii.    Supplement or amend the PennDOT work zone rules and/or regulations when during the progress of the project and prior to the subject accident, it knew or should have known of other accidents, events and traffic mishaps which rendered them wholly inadequate;

ix.    Establish adequate rules and/or regulations regarding work zone lighting;

x.    Make necessary changes to the traffic controls and devices in the work zone, advanced warning area and approach when, during the progress of the project and prior to the subject accident, it knew or should have known of other accidents, events and traffic mishaps which rendered the traffic control regimen in place, wholly inadequate;

xi.    Properly design, erect, position and maintain adequate traffic and/or warning signs and/or safeguards for travel on the subject roadway and/or for the work being performed on the roadway;

xii.    Maintain such signs on the subject roadway in an adequately visible and effective condition;

xiii.    Adequately inspect the condition of the roadway, the work being performed on the roadway and the traffic and/or warning signs and/or safeguards of the subject roadway;

xiv.    Adequately warn persons such as Plaintiff's decedent of the dangers

27

related to the subject roadway and work
being performed on the roadway;

xv.    Adequately slow approaching traffic to
the lane closure and tunnel closure
points when it knew or should have
known from other accidents, events and
traffic mishaps that the situation required
it;

xvi.    Adequately notify and slow approaching
traffic well in advance of the lane
restriction and complete closure, both as
to time and distance, when it knew or
should have known from other accidents,
events and traffic mishaps that the
situation required it;

xvii.    Properly restrict traffic to a single lane
and/or properly close the tunnel;

xviii.    Properly place warning signs for lane
restrictions;

xix.    Provide approaching vehicles with
adequate warning of lane closure ahead
when it knew or should have known
from other accidents, events and traffic
mishaps that the situation required it;

xx.    Provide adequate warning to
approaching vehicles of stopped traffic
ahead; and

xxi.    Maintain lighting in the work zone in a
manner that was not confusing or
disorienting to drivers.

g.    In negligently hiring and supervising an independent
contractor to maintain signs and safeguards with respect to
the subject roadway and the work being performed on the
roadway;

28

h.  In negligently designing, planning, and performing the
work on the roadway in question at the time of Plaintiff's
decedent's accident;

i.  In negligently closing the tunnel at the aforementioned
time;

j.  In being vicariously liable for the negligent design, plan
and performance of work on the roadway in question at the
time of the accident;

k.  In being vicariously liable for the negligence of others in
lighting the work zone in a manner that was confusing and
disorienting to drivers on the roadway in question at the
time of the accident;

l.  In being vicariously liable for the negligence of others in
designing, erecting, positioning and maintaining signs and
safeguards on the subject roadway at the time of the
accident;

m.  In being vicariously liable for the negligence of others in
restricting traffic to a single lane and stopping traffic on the
subject roadway at the time of the aforementioned accident;

n.  In being vicariously liable for the failure of an independent
contractor to properly restrict traffic to a single lane of
travel and to properly stop traffic on the subject roadway at
the time of the aforementioned accident;

o.  In being vicariously liable for the failure of an independent
contractor to adequately warn approaching vehicles that all
lanes of travel were closed on the subject roadway at the
time of the aforementioned accident; and

p.  In being vicariously liable for the failure of others to
request a "cue" car from the Pennsylvania State Police.

WHERERFORE, Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, claims damages from the Defendant, Commonwealth of Pennsylvania,

Pennsylvania Department of Transportation, in an amount in excess of Thirty Five Thousand and

00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XIII

### Carolyn Rickard, Administratrix of the Estate of William J.  Rickard, Deceased, Plaintiff v. Commonwealth of Pennsylvania, Pennsylvania Department of Transportation, Defendant

### UNDER THE SURVIVAL ACT

70.     That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs

1 through 28, 36 through 38, 68 and 69 inclusive, as fully as if the same had been set forth herein

at length.

WHERERFORE, Plaintiff, Carolyn Rickard Administratrix of the Estate of William J.

Rickard, Deceased, claims damages from the Defendant, Commonwealth of Pennsylvania,

Pennsylvania Department of Transportation in an amount in excess of Thirty Five Thousand and

00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XIX

### Carolyn Rickard, Administratrix of the Estate of William J.  Rickard, Deceased, Plaintiff v. General Motors, LLC, f/k/a General Motors Company, a Delaware Business Corporation, Defendant

### UNDER THE WRONGFUL DEATH ACT

71.     That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs

1 through 28 and 30 through 32 inclusive, as fully as if the same had been set forth herein at

length.

30

72.     That, at all pertinent times, Defendant, General Motors, LLC, f/k/a General
Motors Company, did design, manufacture, assemble, sell, supply, prepare for delivery, recall,
retrofit, repair, inspect and/or distribute the Chevrolet S-10 pickup truck, its seats, seat backs,
seat rails, headrests and related systems involved in this case.

73.     That the above-described accident and resulting injuries and damages were caused
solely and by and were the direct and proximate result of the negligence and/or strict and/or
vicarious liability of the Defendant, General Motors, LLC, f/k/a General Motors Company, itself
and acting through its agents, servants, workmen, and/or employees acting within the scope of
their agency, servitude, workmanship and/or employment, said negligence consisting of inter
alia, the following particulars:

### Negligence

a.     In negligently designing, manufacturing,
assembling, selling, supplying, leasing, maintaining,
inspecting, approving, and/or distributing the 2002
Chevrolet S-10 including its seats, seat backs, seat
rails, headrests and related systems, and materials
comprising the same;

b.     In failing to adequately warn Plaintiff's decedent of
any and all dangers and risks involved with the use
of the 2002 Chevrolet S-10 including their seats,
seat backs, seat rails, headrests and related systems;

c.     In supplying the 2002 Chevrolet S-10 to Plaintiff's
decedent when it knew or should have known that
the seats, seat backs, seat rails, headrests and related
systems and materials comprising the same, would
be dangerous, and when it knew or should have
known that Plaintiff's decedent would fail to realize
this dangerous condition, and in failing to use
reasonable care to inform Plaintiff's decedent of
this dangerous condition.

d.     In failing to adequately and properly test and
inspect the 2002 Chevrolet S-10 including their

31

seats, seat backs, seat rails, headrests and related
systems;

e.      In negligently supervising the design, manufacture,
assembly, sale, supply, lease maintenance,
inspection, approval, and/or distribution of the 2002
Chevrolet S-10 including their seats, seat backs,
seat rails, headrests and related systems;

f.      In negligently recommending and selecting
contractors for the design, manufacture, assembly,
sale, supply, lease, maintenance, inspection,
approval and/or distribution of the 2002 Chevrolet
S-10 including their seats, seat backs, seat rails,
headrests and related systems;

g.      In being vicariously liable for the causal negligence
of others for the design, manufacture, assembly,
sale, supply, lease, maintenance, inspection,
approval and/or distribution of the 2002 Chevrolet
S-10 including their seats, seat backs, seat rails,
headrests and related systems;

h.      In failing to recall or retrofit the vehicle in question;

i.      In failing to assure that any recall or retrofit work
was done and/or done properly; and

j.      In otherwise being negligent under the
circumstances as more fully described hereinafter.

### Strict Liability, 402 A

aa.    The 2002 Chevrolet S-10 was defective in its design;

bb.    The 2002 Chevrolet S-10 was defective in its
construction and manufacture including recall and
retrofit work;

cc.    The 2002 Chevrolet S-10 was not accompanied by
adequate warning and instruction in regard to its
intended use; and

dd.    The 2002 Chevrolet S-10 was not designed and constructed with the proper materials or in the proper manner for its intended use.

### Strict Liability, 402 B

aaa.    That with regard the 2002 Chevrolet S-10, the Defendant misrepresented material facts to the public, including Plaintiff's decedent William J. Rickard, concerning the character and/or quality of the vehicle and all safety features, including the seats, seat backs, seat rails, headrests and related systems;

bbb.    That Plaintiff's decedent justifiably relied on such misrepresentations; and

ccc.    That such justified reliance caused Plaintiff's decedent to suffer physical harm.

WHERERFORE, Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, claims damages from General Motors, LLC f/k/a General Motors Company in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

### COUNT XX

### Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, Plaintiff v. General Motors, LLC, f/k/a General Motors Company, a Delaware Business Corporation, Defendant

### UNDER THE SURVIVAL ACT

74.    That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs 1 through 28, 36 through 38, 72 and 73 inclusive, as fully as if the same had been set forth herein at length.

WHERERFORE, Plaintiff, Carolyn Rickard Administratrix of the Estate of William J.

Rickard, Deceased, claims damages from the Defendant, General Motors, LLC f/k/a General

Motors Company in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00)

Dollars, exclusive of costs and interest.

## COUNT XXI

### Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, Plaintiff v. Woodley Paul, Defendant

### UNDER THE WRONGFUL DEATH ACT

75.     That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs

1 through 28 and 30 through 32 inclusive, as fully as if the same had been set forth herein at

length.

76.     That the above-described accident and resulting injuries and damages were caused

solely and by and were the direct and proximate result of the negligence of the Defendant,

Woodley Paul, himself and acting through his agents, servants, workmen, and/or employees,

acting within the scope of their agency, servitude, workmanship and/or employment, said

negligence consisting of inter alia, the following particulars:

        a.  In negligently striking Plaintiff's decedent's vehicle;

        b.  In failing to operate the 2005 Toyota Camry at a safe speed and in a safe manner under the then existing conditions;

        c.  In failing to warn Plaintiff's decedent by sounding a horn or otherwise;

        d.  In being inattentive and failing to maintain a sharp lookout of the road for stopped vehicles;

e.   In failing to take evasive action to prevent striking
     Plaintiff's decedent's vehicle;

f.   In failing to operate the brakes in such a manner that
     the 2005 Toyota Camry could be stopped before the
     accident occurred;

g.   In failing to have the 2005 Toyota Camry under proper
     control;

h.   In negligently failing to maintain, repair and inspect the
     2005 Toyota Camry;

i.   In being vicariously liable for the failure of others to
     maintain, inspect and repair the 2005 Toyota Camry;

j.   In that Defendant was not in proper physical condition
     to operate the vehicle;

k.   In operating his vehicle in excess of the posted speed
     limit; and

l.   In failing to slow the speed of his vehicle for a  work
     zone.

WHERERFORE, Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, claims damages from the Defendant, Woodley Paul, in an amount in excess

of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XXII

### Carolyn Rickard, Administratrix of the Estate of William J.  Rickard, Deceased, Plaintiff v. Woodley Paul, Defendant

### UNDER THE SURVIVAL ACT

77.      That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J.

Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs

35

1 through 28, 36 through 38 and 76 inclusive, as fully as if the same had been set forth herein at length.

WHERERFORE, Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, claims damages from the Defendant, Woodley Paul, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

## COUNT XXIII

## Carolyn Rickard, Administratrix of the Estate of William J.  Rickard, Deceased, Plaintiff v. Charles Phillips, Defendant

## UNDER THE WRONGFUL DEATH ACT

78.     That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs 1 through 28 and 30 through 32 inclusive, as fully as if the same had been set forth herein at length.

79.     That the above-described accident and resulting injuries and damages were caused solely and by and were the direct and proximate result of the negligence of the Defendant, Charles Phillips, himself and acting through his agents, servants, workmen, and/or employees, including Woodley Paul, acting within the scope of their agency, servitude, workmanship and/or employment, said negligence consisting of inter alia, the following particulars:

> a.     In negligently permitting Defendant, Woodley Paul to use his 2005 Toyota Camry when he knew or should have known that he was likely to use the 2005 Toyota Camry in such a manner as to create an unreasonable risk of harm to others; and

> b.     In negligently failing to maintain, repair and inspect the 2005 Toyota Camry.

36

WHERERFORE, Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, claims damages from the Defendant, Charles Phillips, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

### COUNT XXIV

**Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, Plaintiff v. Charles Phillips, Defendant**

### UNDER THE SURVIVAL ACT

80.     That Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, incorporates by reference each and every allegation contained in Paragraphs 1 through 28, 36 through 38 and 79 inclusive, as fully as if the same had been set forth herein at length.

WHERERFORE, Plaintiff, Carolyn Rickard, Administratrix of the Estate of William J. Rickard, Deceased, claims damages from the Defendant, Charles Phillips, in an amount in excess of Thirty Five Thousand and 00/100 ($35,000.00) Dollars, exclusive of costs and interest.

Respectfully submitted,

CUTRUZZULA & NALDUCCI

By: _____
Arthur Cutruzzula, Esquire
Attorney for Plaintiff

37

## **A F F I D A V I T**

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF ALLEGHENY

BEFORE     ME,     the     undersigned     authority,     personally     appeared

_Carolyn M Rickard_ who,  being  first  duly

sworn according to law, deposes and says that the facts set forth in the foregoing

_Amended Complaint_ are true and correct to the best of his/her

knowledge, information and belief.

x _Carolyn M Rickard_

SWORN TO AND SUBSCRIBED
before me this ___ day
of _March_ , 20_15_ .

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Kristina Baker, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires April 10, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

## CERTIFICATE OF SERVICE

I, Arthur Cutruzzula, Esquire, hereby certify that I served a true and correct copy of the

foregoing Plaintiff's Amended Complaint upon the following by United States Mail, postage

pre-paid, this date:

William J. Ricci, Esquire
RICCI TYRELL JOHNSON & GREY
1515 Market Street, Suite 700
Philadelphia, PA 19102
**(Attorney for Defendant General Motors,
LLC f/k/a General Motors Company)**

Thomas McGinnis, Esquire
THOMAS, THOMAS & HAFER
525 William Penn Place
37th Floor, Suite 3750
Pittsburgh, PA 15219
**(Attorney for Defendants Woodley Paul and
Charles Phillips)**

Miles A. Kirshner, Esquire
MARGOLIS EDELSTEIN
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
**(Attorney for Defendant, Parking Lot
Painting Company, LLC)**

Jason G. Wehrle, Esquire
MINTZER, SAROWITZ, ZERIS,
LEDVA & MEYERS, LLP
EQT Plaza
625 Liberty Avenue, Suite 390
Pittsburgh, PA 15222
**(Attorney for Defendant Walsh Construction
Company t/d/b/a Walsh Northeast)**

George M. Evan, Esquire
GROGAN GRAFFAM, P.C.
Four Gateway Center, 12th Floor
Pittsburgh, PA 15222
**(Attorney for Defendant,
Michael Baker Jr., Inc.)**

Mark R. Lane, Esquire
DELL, MOSER, LANE & LOUGHNEY, LLC
Two Chatham Center, Suite 1500
112 Washington Place
Pittsburgh, PA 15219
**(Attorney for Defendant W.G. Tomko, Inc.)**

John Argento, Esquire
SWARTZ CAMPBELL, LLC
4750 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219
**(Attorney for Defendant, Independence
Excavating, Inc.)**

Robert A. Weinheimer, Esquire
WEINHEIMER, SCHADEL & HABER
602 Law and Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219
**(Attorney for Defendant Beth's Barricades)**

38

Edward W. Wertman, Esquire
WILLMAN & SILVAGGIO, LLP
One Corporate Center
5500 Corporate Drive, Suite 150
Pittsburgh, PA 15237
**(Attorney for Defendant, Sargent Electric
Company)**

Concrete Restoration Specialists, LLC
338 N. Main Street, Suite 500
Akron, OH 44311

John Benty, Esquire
Sr. Deputy Attorney General in-Charge
Office of Attorney General
Tort Litigation Unit
Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219
**(Attorney for Defendant Commonwealth of
Pennsylvania, Pennsylvania Department of
Transportation)**

Date: 3/19/15

By: _____
Arthur Cutruzzula, Esquire
Attorney for Plaintiff

39