KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg, Esq.
Scott Davidson, Esq.

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Counsel to General Motors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | Case No.: 09-50026 (REG) |
| f/k/a General Motors Corp., *et al*. | : | |
| | : | **(Jointly Administered)** |
| Debtors. | : | |

-------------------------------------------------------------x

**REPLY BY GENERAL MOTORS LLC TO THE OPPOSITION TO
THE MOTION, PURSUANT TO RULES 7052 AND 9023 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL
BANKRUPTCY RULE 9023-1, FOR RELIEF FROM AND TO
RECONSIDER THE COURT'S ORDER DATED JULY 29, 2015**

General Motors LLC ("**New GM**"), by its undersigned counsel, hereby submits this reply

("**Reply**") (i) in response to the Opposition filed by Benjamin Pillars to the motion

("**Reconsideration Motion**") filed by New GM, pursuant to Rules 7052 and 9023 of the Federal

Rules of Bankruptcy Procedure and Rule 9023-1(a) of the Local Bankruptcy Rules for the

Southern District of New York, for relief from and to reconsider the Court's *Order Regarding*

*Benjamin Pillars' No Stay Pleading And Related Pleadings*, dated July 29, 2015 ("**Pillars**

26805610v1

**Order**") [Dkt. No. 13328], and (ii) in further support of the Reconsideration Motion. New GM represents as follows:

1. After the Court entered the Pillars Order, New GM filed a motion in the United States District Court for the Eastern District of Michigan ("**Michigan District Court**") to amend its Answer[1] and Notice of Removal to cite to the correct version of Section 2.3(a)(ix) of the Sale Agreement contained in the First Amendment. New GM explained to the Michigan District Court in the Motion to Amend what occurred in this Court, and the reasons why such relief needed to be granted on an expedited basis. After reviewing the response pleading filed by Pillars' counsel, the Michigan District Court granted New GM's Motion to Amend on August 5, 2015, and the Answer and Notice of Removal were immediately amended. As a result, the original Answer and Notice of Removal, which contained inadvertent citations to the superseded versions of Section 2.3(a)(ix) of the Sale Agreement, became for all purposes—legal and factual—a nullity, such that there is no longer any reference whatsoever to the obsolete portions of the Sale Agreement. The Reconsideration Motion was filed in this Court shortly thereafter.

2. As a matter of uncontested, black-letter law, the effect of amending the Answer was to nullify the prior Answer and replace it with the Amended Answer. *See Barnville v. Mimosa Café*, No. 1:14-CV-518-GHW, 2014 WL 3582878, at *1 (S.D.N.Y. July 10, 2014) ("an amended answer supersedes the original answer . . . ."); *Allstate Ins. Co. v. Yadgarov*, No. 11-CV-6187, 2014 WL 860019, at *6 (E.D.N.Y. March 5, 2014)("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotations and citation omitted)). Thus, the original Answer which cited to the wrong version of Section 2.3(a)(ix) of the Sale Agreement, is not applicable to proceedings in this Court or the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Reconsideration Motion.

2

Michigan District Court. Accordingly, there is no judicial admission at issue in this case because the amendment superseded the pleading that the Court originally reviewed.

        3.       The amended Answer and Notice of Removal did not exist at the time this Court entered its Pillars Order. By definition, therefore, the amended Answer and Notice of Removal—and the nullification of the original pleadings—are new matters that can and should be considered as new evidence that supports and requires the reconsideration of the Pillars Order. *See e.g., Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (recognizing that motions for reconsideration may be granted on, among other grounds, the availability of new evidence); *see also Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) ("Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence.").

        4.       Pillars' argument that New GM could have corrected the Answer earlier misses the point. If New GM had amended the pleadings before the hearing on the Pillars No Strike Pleading, a motion for reconsideration would be unnecessary because the Court already has noted that New GM would already have prevailed based on the *Deutsch* Decision. *See* July 16, 2015 Tr., at 25:9-13 ("[a]t the outset of oral argument, I recognized, as we all had to recognize, my Deutsch decision, which if it had been decided in a vacuum, this controversy had been decided in a vacuum based upon the proper language of the sale agreement, would have resulted in a victory for New GM").

        5.       Reconsideration should also be granted to prevent manifest injustice. New GM is acutely sensitive to the workload facing this Court and regrets the need for this Reconsideration Motion. New GM has never denied that an inadvertent mistake was made in this circumstance. But it would make no sense to allow Pillars—unlike the *Deutsch* plaintiff and unlike *every* plaintiff that might face identical factual circumstances—to receive an unjustified windfall and

obtain a different result, particularly where the judicial admission found by this Court has since been nullified. As Judge Lundington noted in the Michigan Decision[2] authorizing New GM to amend its pleadings to correct its mistake, "several circuit courts have recognized that judicial admissions may be withdrawn by amendment." *See* Michigan Decision, at 5-6 (citing *West Run Student Housing Associates, LLC, v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013) ("Even if Plaintiffs' allegations in the original complaint constituted judicial admissions, it does not follow that they may not amend them."); *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002); *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)). New GM is asking only that it receive the benefit of being able to amend its pleadings to correct an inadvertent error, as any other litigant would be permitted to do under the same circumstances, and that Pillars not receive a benefit different from any other individual subject to the amended form of Section 2.3(a)(ix) of the Sale Agreement.

6.    Pillars cannot fairly complain about this result. Pillars started a lawsuit in violation of this Court's injunction, knowing full well that the *Deutsch* decision should govern this circumstance. Everything that followed, including the original mistake in citing to the wrong version of the Sale Agreement (since corrected by an amendment authorized by the Michigan District Court), was based on Pillars' willful violation of this Court's injunction. Granting the Reconsideration Motion returns Pillars to the *status quo* before he violated this Court's injunction.

7.    Under all of these circumstances, the Reconsideration Motion should be granted.

WHEREFORE, New GM respectfully requests that the Court (i) grant reconsideration of the Pillars Order and Pillars Oral Ruling; (ii) find that the Pillars Lawsuit falls within the definition of Retained Liabilities pursuant to the Court's *Deutsch* Decision; (iii) pursuant to the

---

[2]   A copy of the Michigan Decision was annexed to the Reconsideration Motion as Exhibit "A."

4

Judgment, direct Pillars to dismiss the Pillars Lawsuit without prejudice forthwith; and (iv) grant New GM such other and further relief as is just and proper.

Dated: New York, New York
September 4, 2015

Respectfully submitted,

/s/ Arthur Steinberg
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

5