UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                          :     Chapter 11
                                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,  :     Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*            :
                                                               :     (Jointly Administered)
                                        Debtors.       :
------------------------------------------------------------x

## DECISION AND ORDER ON MOTION TO RECONSIDER AND AMEND

APPEARANCES:

KING & SPALDING LLP
*Counsel for General Motors LLC (New GM)*
1185 Avenue of the Americas
New York, New York 10036
By:    Arthur J. Steinberg, Esq.
         Scott I. Davidson, Esq.

KIRKLAND & ELLIS LLP
*Counsel for General Motors LLC* (*New GM*)
300 North LaSalle
Chicago, Illinois 60654
By:    Richard C. Godfrey, Esq.
         Andrew B. Bloomer, Esq.

THE MASTROMARCO FIRM
*Counsel for Benjamin Pillars*
1024 N. Michigan Avenue
Saginaw, Michigan 48602
By:    Russell C. Babcock, Esq.

ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

In this contested matter in the chapter 11 case of Motors Liquidation Company (formerly, General Motors Corp., and referred to here as "**Old GM**") and its affiliates, General Motors LLC ("**New GM**") moves[1] this Court, pursuant to Fed. R. Bankr. P. 9023, Fed. R. Bankr. P. 7052, and Local Bankruptcy Rule 9023-1, to reconsider its *Order Regarding Benjamin Pillars' No Stay Pleading and Related Pleadings*, entered on July 29, 2015 (the "**Order**"),[2] which lifted the stay of proceedings as it relates to the lawsuit brought by Benjamin W. Pillars, as Personal Representative of the estate of Kathleen Ann Pillars ("**Pillars**"), against New GM (the "**Pillars Lawsuit**").[3] The Pillars Lawsuit[4] is currently before the United States District Court for the Eastern District of Michigan, Northern Division (the "**Michigan District Court**").[5]

New GM contends that reconsideration of the Order is warranted because, in the period since the issuance of the Order, the Michigan District Court approved certain amendments to New GM's Pillars Lawsuit pleadings (the "**Pleadings Amendments**") and that such amendments constitute "new evidence."[6] The Court concludes, however, that the Pleadings Amendments are not the type of newly discovered evidence for which

---

[1] ECF #13360.

[2] ECF #13328.

[3] Pillars filed a No Stay Pleading, dated May 28, 2015, requesting relief from the stay (ECF #13166) (the "**No Stay Pleading**"). Pillars also subsequently filed an Objection Pleading (ECF #13238) and No Dismissal Pleading (ECF #13239), requesting similar relief, in an effort to comply with procedures prescribed by the Court's Judgment, dated June 1, 2015.

[4] The Pillars Lawsuit is one of the litigations arising from the announcement by New GM of the defects in its ignition switches, and asserts New GM's liability for Ms. Pillars' post-363 Sale death arising from a pre-363 Sale accident.

[5] Case No. 1:15-cv-11360-TLL-PTM.

[6] Motion for Reconsideration, ¶ 21.

1

relief can be granted, and that New GM has failed to show that reconsideration of the Order is warranted.

The bases for the Court's conclusions follow.

## Findings of Fact

The relevant facts are not in dispute. The Pillars Lawsuit was commenced on or about March 23, 2015 in Michigan state court, and was removed to the Michigan District Court by New GM on April 14, 2015.[7] On May 5, 2015, New GM filed its Answer in the Pillars Lawsuit.[8] Both New GM's Notice of Removal and Answer, which were included in the record before this Court in its consideration of the No Stay Pleading, referred to the June 26, 2009 version of the Amended and Restated Master Sale and Purchase Agreement (the "**June 26 Version**"), which provided that New GM would assume Old GM's liabilities relating to "accidents, incidents or other distinct and discreet occurrences that happen on or after the Closing Date [July 10, 2009]."[9]

On May 26, 2015, New GM sought a stay of the Pillars Lawsuit from the Michigan District Court. In response, Pillars filed the No Stay Pleading with this Court, arguing that, based on New GM's Notice of Removal and Answer, New GM had assumed the liability arising from the Pillars Lawsuit. On July 16, 2015, this Court held a hearing on the No Stay Pleading (the "**July 16 Hearing**") and issued an oral ruling granting Pillars the requested relief.[10] The Court entered the Order memorializing the oral ruling on July 29, 2015.

---

[7] New GM's Notice of Removal (ECF# 13166-2).

[8] New GM's Answer to Plaintiff's Amended Complaint (ECF# 13166-4).

[9] Notice of Removal, n. 1; Answer to Plaintiff's Amended Complaint, ¶ 17.

[10] Tr. of Hrg. of 7/16/15 at 25-28.

2

After issuance of the Order, upon New GM's motion, the Michigan District Court granted New GM leave to amend the Notice of Removal and Answer to change references to the June 26 Version to refer to the June 30, 2009 version of the Amended and Restated Master Sale and Purchase Agreement (the "**June 30 Version**").  That version provides for New GM to assume liabilities arising only from those "accidents" or "incidents" first occurring on or after July 10, 2009.[11]  This Court has previously held that, under the June 30 Version, New GM had not assumed liabilities, like those alleged in the Pillars Lawsuit, relating to a post-363 Sale death arising from a pre-363 Sale accident.[12]  As the Court noted at the July 16 Hearing, under the June 30 Version, the Pillars Lawsuit would be subject to the stay.[13]  But the Court found that New GM's reliance on the assumed liability provisions of the June 26 Version in its Notice of Removal and Answer constituted judicial admissions, and therefore the stay did not preclude the Pillars Lawsuit from proceeding.

Following its filing of the Pleadings Amendments in the Michigan District Court, New GM filed the present motion before this Court.

Discussion

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."[14]  A court may reconsider a prior decision only on certain grounds: an intervening change in the controlling law; the availability of new evidence; to correct manifest errors of law or fact

---

[11]    General Motors LLC's Amended Notice of Removal, n. 2 (ECF# 13360-3) and First Amended Answer to Plaintiff's Amended Complaint, ¶ 17 (ECF# 13360-2).

[12]    *See In Re Motors Liquidation Co.*, 447 B.R. 142 (Bankr. S.D.N.Y. 2011).

[13]    Tr. of Hrg. of 7/16/15 at 25:9-13.

[14]    *In re Taub*, 421 B.R. 93, 101 (Bankr. E.D.N.Y. 2009) (citation omitted).

upon which the judgment is based; or to prevent manifest injustice.[15] Rule 9023-1 of the Local Rules of this Court provides, in relevant part:

> (a) A motion for reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. *The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered.* No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter re-argued orally.[16]

This rule insures "the finality of decisions and ... prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."[17] It also precludes repetitive arguments on issues that have already been considered by the court.[18] A motion for reconsideration is "limited to the record that was before the Court on the original motion."[19]

---

[15] *In re Papadopoulos*, No. 12-13125 (JLG), 2015 WL 1216541, *2 (Bankr. S.D.N.Y. Mar. 13, 2015) (citing *Official Comm. of Unsecured Creditors of Enron Corp. v. Martin (In re Enron Creditors Recovery Corp.)*, 378 B.R. 54, 56–57 (Bankr.S.D.N.Y.2007); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992).

[16] Emphasis added.

[17] *Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988).

[18] *Ruiz v. Comm'r of Dep't of Transp.*, 687 F.Supp. 888, 890 (S.D.N.Y.), *aff'd,*858 F.2d 898 (2d Cir.1988); *see also In re Taub*, 421 B.R. 713, 716 (Bankr. E.D.N.Y. 1997) (A motion for reconsideration "is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion.") (citation omitted).

[19] *Pereira v. Aetna Cas. & Surety Co. (In re Payroll Exp. Corp.)*, 216 B.R. 713, 716 (S.D.N.Y. 1997) (quoting *Wishner v. Cont'l Airlines*, 1997 WL 615401, at *1 (S.D.N.Y. Oct. 6, 1997))).

4

New GM contends that reconsideration is appropriate here because the Pleadings Amendments are "new evidence" for which relief can and should be granted.[20] However, this argument is not persuasive. In order to "obtain reconsideration of a judgment based upon newly discovered evidence", the moving party must show, *inter alia*, it was "excusably ignorant of the facts despite using due diligence to learn about them…"[21] The mistaken references to the June 26 Version in New GM's initial pleadings were clearly discoverable by New GM prior to the July 16 Hearing, and New GM in fact had knowledge of such mistakes prior to that hearing.[22] Moreover, New GM has not offered any explanation or excuse for its failure to take prompt remedial action once it discovered those references. As a result, the Pleadings Amendments are not the type of "new evidence" that warrants relief; rather, they were New GM's effort to correct its own mistakes that led to an unfavorable result at the July 16 Hearing.

New GM has failed to point to any authority – in this jurisdiction or otherwise – that supports its characterization of the Pleadings Amendments as "new evidence", and the Court finds none of the grounds for reconsideration present here. The Order does not deprive New GM of the opportunity to defend itself in the Pillars Lawsuit. Nor does the

---

[20] New GM argues in its Reply (ECF # 13425) that the Notice of Removal and Answer have been nullified and superseded by the Amended Notice of Removal and Amended Answer. Reply, ¶ 2. The Court assumes that conclusion to be true. However, New GM's conclusion that the nullification of the initial pleadings means the amended pleadings are new evidence that requires reconsideration of the Order is mistaken. The mistakes in the initial pleadings were reasonably discoverable by New GM prior to the July 16 Hearing. New GM could have, and should have, corrected those mistakes in the pleadings before the Michigan District Court prior to the July 16 Hearing and this Court's issuing the Order. The amended pleadings therefore are not a valid basis for reconsideration of the Order. *See* 12 *Moore's Federal Practice,* § 59.30[6] (a motion to amend or reconsider a judgment may not present evidence that "could reasonably have been … presented before the entry of judgment"); *see also Buy This, Inc. v. MCI Worldcom Commc'ns, Inc.*, No. 01 CIV. 8829 (NRB), 2002 WL 31011876, at *1 (S.D.N.Y. Sept. 6, 2002).

[21] *Kahn v. NYU Med. Ctr.*, No. 06 CIV.13455 (LAP), 2008 WL 190765, at *2 (S.D.N.Y. Jan. 15, 2008) aff'd sub nom. *Kahn v. New York Univ. Med. Ctr.*, 328 F. App'x 758 (2d Cir. 2009)

[22] *See* Response by General Motors LLC to Benjamin Pillars' No Stay Pleading, n. 5 (acknowledging that New GM's pleadings referred to the June 26 Version) (ECF #13191).

Order require New GM to proceed in that case based on its initial, erroneous pleadings. New GM's motion for reconsideration is an effort to relitigate the question of the stay as it relates to the Pillars Lawsuit based on an improved factual record and to revisit issues which the Court has already fully considered.[23]

The Motion is denied and the relief granted in the Order stands.

SO ORDERED.

Dated:  New York, New York                    *s/Robert E. Gerber*
        September 9, 2015                     United States Bankruptcy Judge

---

[23] *In re Adelphia Bus. Solutions, Inc.*, No. 02-11389 (REG), 2002 WL 31557665, at *1 (Bankr. S.D.N.Y. Oct. 15, 2002) (party may not obtain a "second bite at the apple" through a motion for reconsideration).