# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

September 11, 2015

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York  10004

      Re:    In re Motors Liquidation Company, *et al.*
              Case No. 09-50026 (REG)

              **Letter Regarding Update on Related Proceedings**

Dear Judge Gerber:

      King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter.  Pursuant to Your Honor's Endorsed Order dated May 5, 2015 [Dkt. No. 13131], we write to update the Court regarding developments in proceedings relating to New GM's Motions to Enforce.  Specifically,

      1.    On September 9, 2015, the Court of Appeals for the Second Circuit entered an Order, *inter alia*, authorizing a direct appeal to that Court of the Judgment entered by this Court on June 1, 2015 [Dkt. No. 13177]  A copy of the Order is attached hereto as Exhibit "1."

      2.    On September 10, 2015, Judge Furman entered Order No 77, which memorializes the actions taken and rulings made at the August 28, 2015 Status Conference held before the District Court.  A copy of Order No. 77 is attached hereto as Exhibit "2."

26957751v1

Honorable Robert E. Gerber
September 11, 2015
Page 2

3. Today, September 11, 2015, counsel to New GM and Lead and Liaison Counsel filed a joint letter ("**Joint Letter**") addressed to Judge Furman to advise on matters of possible significance in proceedings related to MDL 2543, which includes an update on the status of this bankruptcy case. A copy of the Joint Letter, without exhibits,[1] is attached hereto as Exhibit "3."

Respectfully submitted,

*/s/ Scott Davidson*

Scott Davidson

SD/hs
Encl.

cc: Edward S. Weisfelner
Howard Steel
Sander L. Esserman
Jonathan L. Flaxer
S. Preston Ricardo
Matthew J. Williams
Lisa H. Rubin
Keith Martorana
Daniel Golden
Deborah J. Newman
Jamison Diehl
William Weintraub
Steve W. Berman
Elizabeth J. Cabraser
Robert C. Hilliard

---

[1] There are 26 exhibits annexed to the Joint Letter, many of which are documents that have previously been filed with this Court; the other documents do not appear relevant to this bankruptcy case. To the extent the Court believes the exhibits should be filed, New GM will do so promptly.

# Exhibit 1

S.D.N.Y.—Bankr.
09-50026
Gerber, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

_____

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand fifteen.

Present:

  Gerard E. Lynch,
  Raymond J. Lohier, Jr.,
  Susan L. Carney,
   *Circuit Judges*.

_____

In Re: Motors Liquidation Company.


Lawrence Elliot, *et al.*,

   *Petitioners-Cross-Respondents*,

  v.                 15-1958 (L);
                       15-2079 (Con);
                       15-2131 (Con)

General Motors LLC,

   *Respondent-Cross-Petitioner,*

Wilmington Trust Company,

   *Trustee-Respondent-Cross-Petitioner*.

_____

The Petitioners and Cross-Petitioners petition, pursuant to 28 U.S.C. § 158(d)(2), for leave to appeal directly to this Court from the bankruptcy court's judgment entered on June 1, 2015. Additionally, the Ignition Switch Plaintiffs, the Ignition Switch Pre-Closing Accident Plaintiffs, and the Groman Plaintiffs move to intervene in this appeal, and Respondent-Cross-Petitioner General Motors LLC moves to consolidate the three appeals and to add additional plaintiffs as parties to the appeals.

Upon due consideration, it is hereby ORDERED that the petitions for leave to appeal are GRANTED because an immediate appeal directly to this Court is warranted. *See Weber v. U.S. Trustee*, 484 F.3d 154, 158-61 (2d Cir. 2007). Additionally, the motions to intervene are GRANTED insofar as the movants should be added to the captions of these appeals as appellees. The motions of General Motors LLC for consolidation and the addition of parties are DENIED. These appeals are already consolidated, allowing each party to file a single brief, and the additional parties identified by General Motors LLC should make their own determination whether they wish to participate in these appeals.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

# **Exhibit 2**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/10/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH
LITIGATION

*This Document Relates to All Actions*

------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

ORDER NO. 77

JESSE M. FURMAN, United States District Judge:

**[Regarding the August 28, 2015 Status Conference]**

The Court, having held a Status Conference on August 28, 2015, and having given Lead Counsel for Plaintiffs ("Lead Counsel") and counsel for Defendants an opportunity to be heard on the agenda items set forth in the August 25, 2015 memo endorsement (Docket No. 1284), issues this Order to memorialize the actions taken and rulings made at the Status Conference.

### I.    ADDITIONAL STATUS CONFERENCE DATES

Unless and until the Court orders otherwise, the Court will conduct additional Status Conferences on the following dates: **Friday, October 9, 2015; Friday, November 20, 2015;** and **Friday, December 18, 2015**.  Further, unless the Court orders or indicates otherwise, all Status Conferences will begin at **9:30 a.m. Eastern Time** and will be held in Courtroom 1105 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York.

### II.   BANKRUPTCY COURT PROCEEDINGS

In light of the Second Circuit's September 9, 2015 Order accepting a direct appeal of the Bankruptcy Court's Judgment on New GM's Motions to Enforce, the parties are directed to make a motion for expedited appeal.  The parties are also to keep the Court apprised regarding Bankruptcy proceedings that implicate the bellwether complaints.

**III.    VALUKAS DEPOSITION DISPUTE**

The deposition of New GM's counsel, Mr. Anton Valukas, may proceed on September 24, 2015, consistent with the Court's comments at the Status Conference. The deposition of Mr. Valukas shall be limited to no more than three hours, unless Plaintiffs make a detailed showing demonstrating a need for more time by **Friday, September 11, 2015**. Plaintiffs may make this showing on an *ex parte* basis if doing so would require revealing deposition or trial strategy, although the Court encourages the Plaintiffs to make any such filing public, if at all and to the extent possible. To the extent Plaintiffs make such a public or redacted filing, New GM has until **Wednesday, September 16, 2015** to file any response.

**IV.    BELLWETHER EXPERT DISCOVERY DEADLINES**

Consistent with its comments during the Status Conference, the Court modifies its August 28, 2015 Memo Endorsement (Docket No. 1301) regarding bellwether expert discovery deadlines as follows:

- Plaintiffs will present their experts for deposition no later than **Friday, October 2, 2015**;
- New GM will disclose expert witnesses and submit any reports required under Fed. R. Civ. P. 26(a)(2)(B) no later than **Friday, October 9, 2015**;
- New GM will present its experts for deposition no later than **Friday, November 20, 2015**.

**V.    PHASE THREE DISCOVERY PLAN**

The parties should submit any agreed upon proposed order regarding the Phase Three Discovery Plan by **Friday, October 2, 2015**. (*See* Order No. 20 [Regarding the Phase One Discovery Plan], Docket No. 383; Order No. 31 [Regarding the Phase Two Discovery Plan], Docket No. 526.) If the parties are unable to reach agreement, Lead Counsel and counsel for Defendants shall each submit a letter brief (not to exceed five single-spaced pages) setting forth

2

their respective positions and attaching their respective proposed orders, as well as a redline showing the difference between the two orders.

## VI.    PRIVILEGE CHALLENGES

The parties should continue to meet and confer and propose a reasonable and efficient process for resolving privilege disputes.

## VII.    ROBINSON DEPOSITION PRIVILEGE DISPUTE

Having reviewed the parties' briefs (Docket Nos. 1296, 1300), the Court sustains New GM's objections for the reasons stated by the Court at the Status Conference.

## VIII.    PLAINTIFF FACT SHEET MOTIONS TO DISMISS

Consistent with Order No. 72 (Docket No. 1237), if a party files a motion with respect to Plaintiff Fact Sheet issues, the party or parties to whom the motion is directed shall file a response indicating their opposition or non-opposition to the motion in accordance with the schedule laid out in the Order.

## IX.    FILING OF DOCUMENTS ON MDL MEMBER CASES' DOCKETS

The parties are reminded that, unless ordered otherwise, they should not file any submissions only on a relevant member case's docket, but also on the 14-MD-2453 docket and then "spread" the filing to any relevant member case's docket.

## X.    MOTIONS TO SEAL

Except for rare exceptions (*see* ¶ 6(A) of the Court's Individual Rules and Practices in Civil Cases), filing documents under seal or in redacted form requires Court approval.  To be approved, sealing and/or redactions must be narrowly tailored to serve whatever purpose justifies them and otherwise consistent with the presumption in favor of public access to judicial documents.  *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir.

2006). Accordingly, unless the Court orders otherwise, within seven (7) days of the Court ruling on the substance of any dispute wherein any party has filed a motion to temporarily seal (and regardless of whether the Court has granted the motion to temporarily seal), any party who believes that the materials should remain under seal or in redacted form shall file a letter brief regarding the propriety of doing so in light of the presumption in favor of public access to judicial documents. No responses or replies to any such submissions will be permitted without leave of the Court. Within three (3) days of the Court ruling on whether the materials at issue may be kept under seal and/or in redacted form, the relevant party must file on ECF and/or with the Sealed Records Department any documents implicated by the ruling that were not previously filed in the appropriate manner.

## XI.   ADDITIONAL MATTERS

The parties are to inform the Court if they learn of a case that is directly filed in this district and remains unassigned, is assigned to a different judge, or has not been consolidated with the MDL within ten (10) days of such direct filing.

SO ORDERED.

Dated: September 10, 2015
       New York, New York

                                                _____
                                                JESSE M. FURMAN
                                                United States District Judge

# Exhibit 3

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 300 North LaSalle | |
|---|---|---|
| Andrew B. Bloomer, P.C. | Chicago, Illinois 60654 | |
| To Call Writer Directly: | (312) 862-2000 | Facsimile: |
| (312) 862-2482 | | (312) 862-2200 |
| andrew.bloomer@kirkland.com | www.kirkland.com | |

September 11, 2015

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re: *In re: General Motors LLC Ignition Switch Litigation,*
       14-MD-2543 (JMF)

Dear Judge Furman:

  Pursuant to this Court's Order No. 8 § V, Lead and Liaison Counsel and counsel for General Motors LLC ("New GM") submit this joint written update to advise the Court of matters of possible significance in proceedings related to MDL 2543.

  First, on September 2, 2015, the court set trial for **July 25, 2016** in *Stidham v. Gen. Motors LLC,* No. 14-CI-00177 (Leslie County, Ky.), a personal injury action alleging ignition switch defects in a 2007 Chevrolet Cobalt. On August 31, 2015, New GM filed a motion for entry of the MDL 2543 Coordination Order ("Coordination Order"), which plaintiff has indicated he intends to oppose. A copy of New GM's motion is attached hereto as Exhibit 1. No hearing has been set on New GM's motion. The court in *Stidham* has ordered the parties to prepare a scheduling order.

  Second, on August 24, 2015, a stipulation of dismissal with prejudice was entered in *Ackerman v. Gen. Motors Corp., et al.*, No. MRS-L-2898-14 (Morris County, N.J.), a wrongful death action alleging ignition switch and other defects in a 2006 Chevrolet Cobalt. A copy of the stipulation is attached hereto as Exhibit 2.

  Third, on August 26, 2015, a scheduling order was entered setting trial for **October 24, 2016** in *Pate, et al. v. Gen. Motors LLC, et al.*, No. 14A-2712-1 (Cobb County, Ga.), a wrongful death action alleging ignition switch defects in a 2005 Cadillac CTS. A copy of the order is attached hereto as Exhibit 3.

  Fourth, on August 31, 2015, plaintiffs in *Felix, et al. v. Gen. Motors LLC*, No. 1422-CC09472 (City of St. Louis, Mo.), filed a renewed motion for sanctions against New GM concerning the form and substance of New GM's discovery responses. On September 4, 2015,

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
September 11, 2015
Page 2

counsel for New GM sent plaintiffs a letter requesting an opportunity to meet-and-confer regarding the search terms used to identify documents responsive to the discovery and responding to the substantive allegations in plaintiffs' motion.  On September 9, 2015, counsel for plaintiffs sent New GM a response to the September 4 letter.  Copies of plaintiffs' motion and counsel's correspondence are attached hereto as Exhibits 4–6, respectively.  The Honorable David Dowd will hear argument on plaintiffs' motion on **September 17, 2015**.

Fifth, on September 1, 2015, the Honorable Vincent Lopinot heard argument on New GM's motion for entry of the Coordination Order in *Austin, et al. v. Gen. Motors LLC*, No. 2015L000026 (St. Clair County, Ill.), a wrongful death and personal injury action alleging ignition switch defects in multiple accidents, which was a subject of the parties' August 14, 2015 joint letter to the Court (*see* Doc. No. 1252).  Judge Lopinot has taken the matter under advisement.

Sixth, on September 1, 2015, plaintiffs filed a motion to compel discovery and for sanctions against New GM in *Prospere, et al. v. Michelin N.A., Inc., et al.*, No. 12-CA-045273 (Brevard County, Fla.), a Category III personal injury action alleging handling and crashworthiness design defects in a 2002 Chevrolet TrailBlazer.  (*See* Order No. 16, Doc. No. 316 (defining Category III actions as "'unrelated' actions seeking ignition switch-related discovery").)  Plaintiffs' motion in part seeks to compel testimony from a New GM corporate representative concerning topics referenced in the Valukas Report, which are subject to a protective order entered by the court in *Prospere* on January 15, 2015.  Copies of plaintiffs' motion and the protective order are attached hereto as Exhibits 7–8, respectively.

Seventh, on September 2, 2015, a scheduling order was entered in *Rooney. v. Gen. Motors LLC,*, No. 15-2247-NP (Macomb County, Mich.), a personal injury action alleging ignition switch and electrical system defects in a 2009 Chevrolet Cobalt.  The scheduling order does not set a trial date or trial-readiness date.  A copy of the order is attached hereto as Exhibit 9.

Eighth, on September 3, 2015, the court granted New GM's *forum non conveniens* motion to dismiss certain plaintiffs in *Mullin, et al. v. Gen. Motors LLC, et al.*, No. BC568381 (Los Angeles County, Cal.), a wrongful death and personal injury action alleging ignition switch defects in multiple accidents.  A copy of the dismissal order is attached hereto as Exhibit 10.

Ninth, on September 4, 2015, the court denied New GM's motion for entry of the Coordination Order in *Mathes v. Gen. Motors LLC,* No. CL12001623-00 (Augusta County, Va.), a wrongful death action alleging airbag and seat belt defects in a 2002 Chevrolet Impala.  A copy of the opinion is attached hereto as Exhibit 11.

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
September 11, 2015
Page 3

Tenth, on September 9, 2015, plaintiffs filed a request for arbitration in *Brochey, et al. v. Gen. Motors LLC, et al.*, No. 11813-15 (Erie County, Pa.), an individual economic-loss action alleging ignition switch, electrical, and transmission defects in a 2011 Chevrolet Camaro. A copy of plaintiffs' request is attached hereto as Exhibit 12.

Eleventh, on **September 17, 2015**, the Honorable David Dowd will hear argument on New GM's motions for entry of the Coordination Order in *Alden, et al. v. Gen. Motors LLC*, No. 1522-CC09842 (City of St. Louis, Mo.), and *Shell, et al. v. Gen. Motors LLC*, No. 1522-CC00346 (City of St. Louis, Mo.), wrongful death and personal injury actions each alleging ignition switch defects in multiple accidents, which were subjects of the parties' August 14, 2015 joint letter to the Court (*see* Doc. No. 1252). On September 3, 2015, the *Alden* plaintiffs filed a response to New GM's motion. A copy of the *Alden* plaintiffs' response is attached hereto as Exhibit 13.

Twelfth, the following filings were made and orders entered related to proceedings in the Bankruptcy Court since the parties' August 27, 2015 joint letter to the Court (*see* Doc. No. 1252):

- August 27, 2015:   New GM filed a letter with the Bankruptcy Court advising it of proceedings in this Court.

- August 28 2015:   New GM filed a letter with the Bankruptcy Court advising it of the August 28, 2015 Status Conference conducted in this Court.

- August 31, 2015:  Designated Counsel for Non-ISD Plaintiffs filed a letter concerning the GUC Trust Asset Pleading.

- September 1, 2015:  New GM and the GUC Trust filed letters in response to Designated Counsel's letter concerning the GUC Trust Asset Pleading. Designated Counsel filed a statement of errata concerning their August 31, 2015 letter to the Bankruptcy Court.

- September 3, 2015:   The Bankruptcy Court entered three orders: i) a Decision and Order on the GUC Trust Asset Pleading; ii) a scheduling order regarding the Bankruptcy Court's August 19, 2015 case management order; and iii) an Endorsed Order approving the parties' agreed amendment of the scheduling order. Also, New GM filed a response to the *Adams* plaintiffs' No Dismissal Pleading.

- September 4, 2015:   New GM filed a reply in support of New GM's motion for reconsideration of the Bankruptcy Court's Order regarding the *Pillars* plaintiff's No Dismissal Pleading.

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
September 11, 2015
Page 4

- <u>September 9, 2015:</u>  The Bankruptcy Court entered a Decision and Order denying New GM's motion for reconsideration of the Bankruptcy Court's Order regarding the *Pillars* plaintiff's No Dismissal Pleading.

Copies of the foregoing documents are attached hereto as Exhibits 14–25, respectively.

    Thirteenth, pursuant to Order No. 1 § X.8, the Defendants' July 21, 2014 Status Letter (Doc. No. 73) included an Exhibit A listing cases consolidated to date in MDL 2543, as well as an Exhibit B listing related cases pending in state and federal court, together with their current status.  For the Court's convenience, updated versions of Exhibits A and B are attached hereto as Exhibit 26.

    Finally, the parties continue to work to ensure that the Court is provided with current and correct contact information for presiding judges in actions listed in the aforementioned Exhibit B.  To that end, the Federal/State Liaison Counsel will submit shortly to the Court updates to the e-mail addresses of the presiding judges in Related Actions.

                            Respectfully submitted,

                            /s/ Richard C. Godfrey, P.C.
                            /s/ Andrew B. Bloomer, P.C.

                            *Counsel for Defendant General Motors LLC*

cc:    The Honorable Robert E. Gerber
       MDL Counsel of Record