**Reply Deadline: September 22, 2015 at 12:00 noon (ET)**
**Hearing Date and Time: October 14, 2015 at 9:45 a.m. (ET)**

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: 206-623-7292
Email: steve@hbsslaw.com

Edward S. Weisfelner
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: 212-209-4800
Email: eweisfelner@brownrudnick.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: 414-956-1000
Email: ecabraser@lchb.com

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, A PROFESSIONAL
CORPORATION
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Email: esserman@sbep-law.com

*Co-Lead Counsel in the MDL Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

*Designated Counsel in the Bankruptcy Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a GENERAL MOTORS CORP., *et al.*, | : : | No. 09-50026 (REG) |
| | : | (Jointly Administered) |
| Debtors. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**JOINDER OF THE IGNITION SWITCH PLAINTIFFS AND
NON-IGNITION SWITCH PLAINTIFFS TO THE POST-CLOSING
IGNITION SWITCH ACCIDENT PLAINTIFFS' MEMORANDUM
<u>OF LAW WITH RESPECT TO PUNITIVE DAMAGES ISSUE</u>**

010440-11 806609 V1

The Ignition Switch Plaintiffs[1] and Non-Ignition Switch Plaintiffs[2] (collectively, the "Joining Plaintiffs"), by and through their undersigned counsel, hereby join in Point II of the *Post-Closing Ignition Switch Accident Plaintiffs' Memorandum of Law with Respect to Punitive Damages Issue* [ECF No. 13434] (the "Punitive Damages Brief").[3] In support of this Joinder, the Joining Plaintiffs respectfully state as follows:

### JOINDER

1. The Joining Plaintiffs seek to recover punitive damages from New GM for its own independent, post-closing actions, affirmative cover-up and material omissions related to the Ignition Switch Defect and other defects in GM-branded vehicles. Because the Joining Plaintiffs do not seek to recover punitive damages based on the conduct of Old GM in their currently-pending Second Amended Consolidated Complaint, the arguments made in Points I and III of the Punitive Damages Brief are not relevant to the Joining Plaintiffs' claims.

2. The Joining Plaintiffs agree with the legal arguments set forth in Point II of the Punitive Damages Brief and, accordingly, file this Joinder in support of the Punitive Damages Brief and request that the Court enter an Order: (i) deeming their requests for punitive damages

---

[1] The term "Ignition Switch Plaintiffs" shall mean those plaintiffs who own or lease a vehicle with the Ignition Switch Defect involved in the February and March 2014 Recalls (Recall No. 14-V-047).

[2] The term "Non-Ignition Switch Plaintiffs" shall mean all plaintiffs that have commenced a lawsuit against New GM asserting economic losses based on or arising from an alleged defect, other than the Ignition Switch in the vehicles subject to Recall No. 14-V-047, or based on or arising from economic losses and diminution in value of their GM-branded vehicles based on the Ignition Switch Defect or other alleged defects in Old and New GM vehicles.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Decision on Motion to Enforce Sale Order, *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015) or in the *Judgment*, dated June 1, 2015 [ECF No. 13177], as applicable.

against New GM permissible under the Sale Order, Decision and Judgment; and (ii) permitting them to pursue such punitive damages against New GM in the MDL Action.

3. Following this Court's determination that an Independent Claim has been properly asserted, it is then up to the court or jury with jurisdiction over the suit to determine whether punitive damages against New GM are appropriate based upon facts regarding New GM's conduct adduced through discovery ongoing in the MDL and coordinated proceedings.

4. New GM can be held liable to the Joining Plaintiffs for punitive damages under at least two independent theories of liability: (i) New GM can be held liable for its own independent, post-closing actions and inactions predicated on the knowledge that it acquired when the 363 Sale closed, *see* Punitive Damages Brief at 21-22;[4] and (ii) as "Independent Claims," based solely upon its own post-closing conduct and predicated on the knowledge it accumulated after the 363 Sale, *see* Punitive Damages Brief at 22-23.

5. At the appropriate time, the Joining Plaintiffs will prove their entitlement to punitive damages arising from New GM's post-363 misconduct under governing state law. Any award of punitive damages would of course be based on the jury's assessment of the degree of reprehensibility of New GM's own conduct.

6. In their Second Amended Consolidated Complaint, the Joining Plaintiffs plead various claims under state laws for which punitive damages are available.

7. For example, the Joining Plaintiffs plead claims of fraudulent concealment, or fraud by concealment, under the laws of various states, including New York. A copy of the New

---

[4] Joining Plaintiffs will further demonstrate why charging New GM with knowledge of pre-363 Sale events is proper under the Sale Order in their brief on the Imputation Issue, to be filed on September 18, 2015.

010440-11  806609 V1

York count from the Second Amended Consolidated Complaint, ¶¶ 3957-3970, is attached as Exhibit A.

8.  The fraudulent concealment count alleges that New GM concealed and suppressed material facts concerning the Ignition Switch Defect and many other serious safety defects in GM-branded vehicles, and that it valued cost-cutting over safety. *Id.* at ¶¶ 3959-61. Joining Plaintiffs allege this conduct by New GM harmed ***all*** GM vehicle owners. *Id.* at 3967-68.

9.  The fraudulent concealment count seeks punitive damages based on New GM's conduct. *Id.* at 3970.  Under New York law, a plaintiff may recover punitive damages on a fraud claim if the defendant's conduct is shown to be willful and wanton, outrageously immoral or criminal in nature. *Giblin v. Murphy,* 536 N.Y.S.2d 54, 56, 73 N.Y.2d 769, 772 (1988); *Sforza v. Health Ins. Plan of Greater New York,* 619 N.Y.S.2d 734, 736, 210 A.D.2d 214 (1994).  The Joining Plaintiffs believe that the evidence of New GM's conduct will warrant punitive damages under New York law, as well as under the law of many other states.

10. But regardless of whether the Joining Plaintiffs are ultimately able to recover punitive damages based on the post-363 Sale conduct of New GM, the Sale Order cannot be read to bar them from seeking punitive damages based on New GM's conduct.

## CONCLUSION

11. Accordingly, for the reasons stated in the Punitive Damages Brief and this Joinder, the Joining Plaintiffs request that the Court affords the relief requested herein together with such other and further relief as it deems necessary and proper under the circumstances.

Dated:  September 13, 2015

- 3 -

Respectfully submitted,

| _/s/ Steve W. Berman_ | _/s/ Edward S. Weisfelner_ |
|---|---|

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: 206-623-7292
Email: steve@hbsslaw.com

*Co-Lead Counsel in the MDL Action for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

Edward S. Weisfelner
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: 212-209-4800
Email: eweisfelner@brownrudnick.com

*Co-Designated Counsel in the Bankruptcy Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

| _/s/ Elizabeth J. Cabraser_ | _/s/ Sander L. Esserman_ |
|---|---|

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: 414-956-1000
Email: ecabraser@lchb.com

*Co-Lead Counsel in the MDL Action for the Ignition Switch Plaintiffs and Non-Ignition Switch Plaintiffs*

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Email: esserman@sbep-law.com

*Co-Designated Counsel in the Bankruptcy Proceeding for the Ignition Switch Plaintiffs and Non-Ignition Switch Plaintiffs*

- 4 -

010440-11 806609 V1

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2015, I caused the foregoing to be filed and served upon all parties receiving notice via the Court's ECF system.

Dated:  September 13, 2015    */s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Tel.:  206-623-7292
steve@hbsslaw.com