**FILED**
Los Angeles Superior Court
NOV 1 0 2014
Sherri R. Carter, Executive Officer/Clerk
By: K Gaudreau Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

In re Personal Injury Cases Assigned to the ) Case No.: BC568381
Personal Injury Courts (Departments 91, 92, )
93, and 97) ) THIRD AMENDED GENERAL ORDER
) RE PERSONAL INJURY COURT ("PI
) Court") PROCEDURES (Effective as of
) November 4, 2014)

---

**DEPARTMENT:**    91    92    93    97

**FINAL STATUS CONFERENCE ("FSC"):**

- Date: _____ at 10:00 a.m.

**TRIAL:**

- Date: _____ at 8:30 a.m.

**OSC re DISMISSAL (Code Civ. Proc., § 583.210):**

- Date: _____ at 8:30 a.m.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court, and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES ITS APRIL 4, 2014 AMENDED GENERAL ORDER AND

1

11/10/14

**GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

Effective March 18, 2013, the Court responded to systemic budget reductions by centralizing the management of more than 18,000 general jurisdiction personal injury cases in the Stanley Mosk Courthouse. LASC opened three Personal Injury Courts ("PI Courts") (Departments 91, 92 and 93), and on January 6, 2014, a fourth (Department 97) to adjudicate all pretrial matters for these cases. It also established a Master Calendar Court (Department One), to manage the assignment of trials to 31 dedicated Trial Courts located countywide. This Amended General Order lays out the basic procedures for the PI Courts' management of pretrial matters. The parties will find additional information about the PI Courts on the court's website, *www.lacourt.org*.

1. To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition." Local Rule 2.3(a)(1)(A).

The Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

A7260 Product Liability (not asbestos or toxic/environmental)

A7210 Medical Malpractice – Physicians & Surgeons

A7240 Medical Malpractice – Other Professional Health Care Malpractice

A7250 Premises Liability (e.g., slip and fall)

A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

2.  The Court sets the above dates in this action in the PI Court circled above (Department 91, 92, 93, or 97) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012. Cal. Rules of Court, Rules 3.714(b)(3), 3.729.

**SERVICE OF SUMMONS AND COMPLAINT**

3.  Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) within <u>three years</u> of the date when the complaint is filed. C. C. P. § 583.210, subd. (a). On the OSC re Dismissal date noted above, the PI Court will dismiss **the action and/or all**

1. unserved parties unless the plaintiff(s) show cause why the action or the unserved parties should not be dismissed. C.C.P. §§ 583.250; 581, subd. (b)(4).

4. The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six months of filing the complaint. Upon a showing that the plaintiff(s) failed to effect service within six months, the PI Court will vacate the trial and FSC date noted above.

**STIPULATIONS TO CONTINUE TRIAL**

5. Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P. § 583.310), the parties may advance or continue any trial date in the PI Courts without showing good cause or articulating any reason or justification for the change. To continue or advance a trial date, the parties (or their counsel of record) should jointly execute and file (in Room 102 of the Stanley Mosk Courthouse; fee required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form available on the court's website, Personal Injury Court link). The PI Courts schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight court days before the proposed advanced FSC date. Code Civ. Proc., § 595.2; Govt. Code § 70617, subd. (c)(2).

**NO CASE MANAGEMENT CONFERENCES**

6. The PI Courts do not conduct Case Management Conferences. The parties need not file a Case Management Statement.

**LAW AND MOTION**

ANY DOCUMENTS WITH DECLARATIONS AND/OR EXHIBITS MUST BE TABBED. CRC §3.1110(f)

ALL DEPOSITION EXCERPTS REFERENCED IN BRIEFS MUST BE MARKED ON THE TRANSCRIPTS ATTACHED AS EXHIBITS. CRC §3.1116(c)

*If your filing is not tabbed or depositions are not marked, do not file without the tabs or marked depositions unless today is the last day for filing. If so, you must file a tabbed/marked copy with the clerk in the department where your motion will be heard within 2 court days.*

**Chambers Copies Required**

7. In addition to filing original motion papers in Room 102 of the Stanley Mosk Courthouse, the parties must deliver, directly to the PI Court courtrooms, an extra copy (marked "Chambers Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one or more three-ring binders organizing the Chambers Copies behind tabs.

**Reservation of Hearing Date**

8. Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System available online at www.lacourt.org (link on homepage). Parties or counsel who are unable to utilize the online Court Reservation System may reserve a motion hearing date by telephoning the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**Withdrawal of Motion**

9. California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the

PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**Discovery Motions** The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person. The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.11. Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard, unless, the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC. Scheduling or participating in an IDC does not extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions. Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an IDC. If parties do not stipulate to extend the deadlines, the moving party may file the motion to avoid it being deemed untimely. However, the IDC must take place before the motion is heard so it is suggested that the moving party reserve a date for the motion hearing that is at least 60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery Responses are heard at 10:00 a.m. If the IDC is not productive, the moving party may advance the hearing on a Motion to Compel Further Discovery Responses on any available hearing date that complies with the notice requirements of the Code of Civil Procedure.

12. In order to reserve an IDC, the parties must complete the **Request for Informal Discovery Conference for Personal Injury Courts and Response (LACIV 239)** which can be found on the court's website under the Personal Injury tab. The party requesting the IDC must email the completed form to the department's email address. (The email addresses for all four PI Hub courts are listed on the form.) The court will then inform the requesting party of the date and time of the IDC. The requesting party must then notify all parties of the date and time of the IDC.

13. Time permitting; the PI Hub judges may be available to participate in IDCs to try to resolve other types of discovery disputes.

**Ex Parte Applications**

14. Under the California Rules of Court, courts may only grant *ex parte* relief upon a showing, by admissible evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where the moving party identifies "a statutory basis for granting relief ex parte." Cal. Rules of Court, Rule 3.1202(c). The PI Courts have no capacity to hear multiple *ex parte* applications or to shorten time to add hearings to their fully booked motion calendars. The PI Courts do not regard the Court's unavailability for timely motion hearings as an "immediate danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte* relief, counsel should reserve the earliest available motion hearing date, and stipulate with all parties to continue the trial to a date thereafter using the Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form available on the court's website, PI Court Tab). Counsel should also check the Court Reservation System from time to time because earlier hearing dates may become available as cases settle or counsel otherwise take hearings off calendar.

**REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

15. Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C") Court shall file (in Room 102 of the Stanley Mosk Courthouse) and serve the Court's "Motion to Transfer Complicated Personal Injury Case to Independent Calendar Court" (form available on the Court's website, PI Courts link). The PI Courts will transfer a matter to an I/C Court if the case is not a "Personal Injury" case as defined in the General Order re General Jurisdiction PI Cases, or if it is "complicated." In determining whether a personal injury case is too "complicated" for the PI Courts to manage, the PI Courts will consider, among other things, whether the case will involve numerous parties, cross-complaints, witnesses (including expert witnesses), and/or pretrial hearings.

16. Parties opposing a motion to transfer have five court days to file (in Room 102) an Opposition (using the same Motion to Transfer form).

17. The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**GENERAL ORDER – FINAL STATUS CONFERENCE**

18. Parties shall comply with the requirements of the PI Courts' "Amended General Order – Final Status Conference," which shall be served with the summons and complaint.

**JURY FEES**

19. Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint. (Code Civ. Proc., § 631, subds. (b) and (c).)

**JURY TRIALS**

11/10/14

20. The PI Courts do not conduct jury trials. On the trial date, a PI Court will transfer the case to the Master Calendar Court in Department One in the Stanley Mosk Courthouse. Department One assigns cases out for trial to dedicated Trial Courts located in the Stanley Mosk, Chatsworth, Van Nuys, Santa Monica, Torrance, Long Beach, Pomona, and Pasadena courthouses.

## SANCTIONS

21. The Court has discretion to impose sanctions for any violation of this general order. (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

Dated: **Nov 10, 2014**

_____
Daniel J. Buckley
Supervising Judge, Civil
Los Angeles Superior Court

**FILED**
Superior Court Of California
County Of Los Angeles

**APR 04 2014**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Wayne M. Sasaki

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Courts (Departments 91, 92, 93, and 97), | Case No.: BC56838) <br><br> SECOND AMENDED GENERAL ORDER - FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective as of January 6, 2014) |

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court **HEREBY AMENDS AND SUPERSEDES ITS July 19, 2013 AMENDED GENERAL ORDER – FINAL STATUS CONFERENCE AND GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

1. **PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions *in limine,* and the authentication and admissibility of exhibits.

/

## 2. TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse) the following Trial Readiness Documents:

### A. TRIAL BRIEFS (OPTIONAL)

Each party/counsel may file, but is not required to file, a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

### B. MOTIONS *IN LIMINE*

Before filing motions *in limine*, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion *in limine* shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion *in limine* shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C. JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury. Local Rule 3.25(i)(4).

### D. JOINT WITNESS LIST

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call (excluding impeachment and rebuttal witnesses). Local Rule 3.25(i)(5). The joint witness list shall identify each witness by name, specify which witnesses are experts, and estimate the length of the direct, cross examination re-direct examination (if any) of each witness. The parties/counsel shall identify and all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause.

### E.   LIST OF PROPOSED JURY INSTRUCTIONS (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.

### F.   JURY INSTRUCTIONS (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions for Judges and Attorneys ("CACI") instructions to insert party names and eliminate blanks and irrelevant material. The parties shall prepare special instructions in a format ready for submission to the jury (placing citations of authority and the identity of the requesting party above the text in compliance with Local Rules 3.170 and 3.171).

### G.   JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides. If the parties/counsel cannot agree on

a joint verdict form, each party must separately file a proposed verdict form. Local Rule 3.25(i)(7) and (8).

/

### H. JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit. To comply with Local Rules 3.52(i)(5) and 3.53, the parties shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### 3. EVIDENTIARY EXHIBITS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC), three sets of tabbed, internally paginated and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses). The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.

### 4. TRIAL BINDERS REQUIRED IN THE PI COURTS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) the Trial Documents, tabbed and organized into three-ring binders as follows:

Tab A: Trial Briefs

Tab B: Motions *in limine*

Tab C: Joint Statement to Be Read to the Jury

Tab D: Joint Witness List

Tab E: Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

Tab F: Joint and Contested Jury Instructions

Tab G: Joint and/or Contested Verdict Forms

The parties shall organize motions *in limine* (tabbed in numerical order) behind tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

## 5. FAILURE TO COMPLY WITH FSC OBLIGATIONS

The court has discretion to require any party/counsel who fails or refuses to comply with this General Order to Show Cause why the court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated this 4th day of April, 2014

_[signature]_
Daniel J. Buckley
Supervising Judge, Civil
Los Angeles Superior Court