| | |
|---|---|
| Steve W. Berman<br>steve@hbsslaw.com<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: 206-623-7292 | Hearing Date and Time:<br>October 14, 2015 at 9:45 a.m. |

*Co-Lead Counsel in the MDL Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs; and Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas and the State of Arizona*

Edward S. Weisfelner
eweisfelner@brownrudnick.com
Howard S. Steel
hsteel@brownrudnick.com
**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
Telephone: 212-209-4800

*Designated Counsel in the Bankruptcy Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

*[Additional Counsel on Signature Page]*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | No. 09-50026 (REG) |
| f/k/a GENERAL MOTORS CORP., *et al.*, | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

**MOTION PURSUANT TO 11 U.S.C. § 107(B) AND FED. R. BANKR. P. 9018 FOR AN ORDER AUTHORIZING FILING UNDER SEAL THE OPENING BRIEF ON IMPUTATION ISSUE ON BEHALF OF THE IGNITION SWITCH PLAINTIFFS, THE NON-IGNITION SWITCH PLAINTIFFS, THE STATE OF ARIZONA, THE PEOPLE OF THE STATE OF CALIFORNIA, THE POST-CLOSING IGNITION SWITCH ACCIDENT PLAINTIFFS AND THE ADAMS PLAINTIFFS, AND THE EXHIBITS THERETO**

010440-11 808046 V1

The Ignition Switch Plaintiffs, certain Non-Ignition Switch Plaintiffs, the State of Arizona *ex. rel.* Mark Brnovich, the Attorney General, the People of the State of California, by and through Orange County District Attorney Tony Rackauckas, the Post-Closing Ignition Switch Accident Plaintiffs and the Adams Plaintiffs (collectively, "**Plaintiffs**"), hereby move this Court pursuant to Section 107(b) of Title 11 of the United States Code (as amended, the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for an order authorizing filing under seal the *Opening Brief on Imputation Issues on Behalf of the Ignition Switch Plaintiffs, the Non-Ignition Switch Plaintiffs, the State of Arizona, the People of the State of California, the Post-Closing Ignition Switch Accident Plaintiffs and the Adams Plaintiffs* (the "**Imputation Brief**") and the exhibits thereto (the "**Subject Materials**") that Plaintiffs are filing today, September 18, 2015 (the "**Motion**").[1] While, as set forth herein, Plaintiffs seek to file the Subject Materials under seal because they are required to do so under the Protective Order entered by Judge Furman in *In re General Motors LLC Ignition Switch Litigation*, 14-MD-2543 (JMF) (S.D.N.Y.) (the "**Ignition Switch MDL**"), in the event that any part of the Subject Materials remains under seal, Plaintiffs plan to file a redacted version of the Subject Materials that will appear on the Court's public docket.

In support of this motion, Plaintiffs state as follows:

## I.     BACKGROUND

1.     Under ¶ 2 of this Court's *Scheduling Order Regarding Case Management Order Re: No-Strike, No Stay, Objection and GUC Trust Asset Pleading* dated September 3, 2015 [ECF No. 13416], Plaintiffs are filing their Imputation Brief today, September 18, 2015.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Imputation Brief.

- 1 -

2.  In support of their arguments in the Imputation Brief, Plaintiffs quote and attach excerpts from the depositions of certain current and former New GM employees that have been designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order (attached hereto as Exhibit B) entered by Judge Furman in the Ignition Switch MDL on September 10, 2014 (the "**MDL Protective Order**").

## II.  RELIEF REQUESTED

3.  By this motion, Plaintiffs seek entry of an order, in the form attached hereto as Exhibit A, authorizing them to file the Subject Materials under seal in accordance with section 107(b) of the Bankruptcy Code and directing that the Subject Materials shall remain under seal and confidential pending further order of the Court.  As discussed herein, in the event that a further order directing the unsealing of the Subject Materials is not issued, Plaintiffs intend to promptly file a redacted version of the Subject Materials on the Court's public docket.

## III.  BASIS FOR RELIEF

4.  Plaintiffs seek to initially file the Subject Materials under seal because they include quotations to and excerpts from discovery that was designated as "Confidential" or "Highly Confidential" in the Ignition Switch MDL pursuant to the MDL Protective Order.

5.  The MDL Protective Order states, in relevant part, that "[a]ny Party wishing to file a document or paper containing Confidential or Highly Confidential Information may request by motion that such Information be filed under seal."

6.  While Plaintiffs do not believe that any of the information in the Subject Materials should be considered either "Confidential" or "Highly Confidential," under the Protective Order Plaintiffs are required to initially file the Subject Materials under seal.

7. Accordingly, Plaintiffs request an order permitting them to file an unredacted version of the Subject Materials under seal, and a redacted version of the Subject Materials on the Court's public docket.

8. Pursuant to Section 107(b) of the Bankruptcy Code, the Court may authorize Plaintiffs to file the Subject Materials under seal. Section 107(b) states in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development or commercial information; . . . .

11 U.S.C. § 107(b).

9. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 states in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or entity in respect of a trade secret or confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

### IV.    NOTICE

10. Notice of this Motion has been provided in accordance with the *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*, dated May 5, 2011 [ECF No. 10183]. Plaintiffs respectfully submit that no further notice need be provided.

## V.    NO PRIOR REQUEST

11.    No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, Plaintiffs respectfully request entry of an order, in the form attached hereto as <u>Exhibit A</u>, authorizing Plaintiffs to file an unredacted version of the Subject Materials under seal, limiting the parties who have access to this document,[2] authorizing Plaintiffs to file a redacted version on the Court's public docket, and granting such other and further relief as the Court deems appropriate.

Dated: September 18, 2015

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Steve W. Berman*
Steve W. Berman
steve@hbsslaw.com
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: 206-623-7292

*Co-Lead Counsel in the MDL Proceeding
for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs; and Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas and the State of Arizona*

-and-

Elizabeth J. Cabraser
ecabraser@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: 414-956-1000

---

[2] Plaintiffs will of course provide an unredacted version of the Subject Materials to counsel for New GM.

- 4 -

*Co-Lead Counsel in the MDL Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

-and-

Mark P. Robinson Jr.
mrobinson@rcrlaw.net
**ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC.**
19 Corporate Plaza Drive
Newport Beach, California 92660
Telephone: 949-720-1288

*Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas*

-and-

Edward S. Weisfelner
eweisfelner@brownrudnick.com
Howard S. Steel
hsteel@brownrudnick.com
**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
Telephone: 212-209-4800

-and-

Sander L. Esserman
esserman@sbep-law.com
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION**
2323 Bryan Street, Ste 2200
Dallas, Texas 75201
Telephone: 214-969-4900

*Designated Counsel in the Bankruptcy Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

010440-11  808046 V1

-and-

William P. Weintraub
wweintraub@goodwinprocter.com
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: 212-813-8800

*Counsel for Post-Closing Accident Switch Plaintiffs
and the Adams Plaintiffs*

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2015, I caused the foregoing to be filed and served upon all parties receiving notice via the Court's ECF system.

Dated:  September 18, 2015          */s/ Steve W. Berman*
                                                   Steve W. Berman (*pro hac vice*)
                                                   HAGENS BERMAN SOBOL SHAPIRO LLP
                                                   1918 Eighth Avenue, Suite 3300
                                                   Seattle, Washington  98101
                                                   Tel.:  206-623-7292
                                                   steve@hbsslaw.com