# Exhibit  3

1

ORANGE COUNTY DISTRICT ATTORNEY
Tony Rackauckas, District Attorney

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/01/2014** at 12:58:00 PM
Clerk of the Superior Court
By Irma Cook, Deputy Clerk

2

Joseph D'Agostino, Senior Assistant District Attorney

3

401 Civil Center Drive
Santa Ana, CA 92701-4575

4

Tel: (714) 834-3600
Fax: (714) 648-3636

5

6

*– In association with –*

7

Mark P. Robinson, Jr., SBN 05442
Kevin F. Calcagnie, SBN 108994

Steve W. Berman (*Pro Hac Vice* Pending)
Andrew Volk (*Pro Hac Vice* Pending)

8

Scot D. Wilson, SBN 223367
ROBINSON CALCAGNIE ROBINSON

HAGENS BERMAN SOBOL
  SHAPIRO LLP

9

  SHAPIRO DAVIS, INC.
19 Corporate Plaza Drive

1918 Eighth Avenue, Suite 3300
Seattle, WA 98101

10

Newport Beach, CA 92660
Tel: (949) 720-1288

Tel: (206) 623-7292
Fax: (206) 623-0594

11

Fax: (949) 720-1292
mrobinson@rcrlaw.net

steve@hbsslaw.com

12

13

*Attorneys for Plaintiff*
*THE PEOPLE OF THE STATE OF CALIFORNIA*

14

15

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16

**IN AND FOR THE COUNTY OF ORANGE – COMPLEX LITIGATION DIVISION**

17

THE PEOPLE OF THE STATE OF
CALIFORNIA, acting by and through Orange
County District Attorney Tony Rackauckas,

Case No. 30-2014-00731038-CU-BT-CXC

18

**FIRST AMENDED COMPLAINT FOR
VIOLATIONS OF CALIFORNIA
UNFAIR COMPETITION LAW AND
FALSE ADVERTISING LAW**

19

Plaintiff,

20

21

v.

22

GENERAL MOTORS LLC

23

Defendant.

24

25

26

27

28

010440-12  692229 V1

1    vehicles have been supplied in accordance with a previous representation when they have not; and

2    (5) selling Defective Vehicles in violation of the TREAD Act.

### VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200

6    253.    Plaintiff realleges and incorporates by reference all preceding paragraphs.

7    254.    GM has engaged in, and continues to engage in, acts or practices that constitute

8    unfair competition, as that term is defined in section 17200 of the California Business and

9    Professions Code.

10    255.    GM has violated, and continues to violate, Business and Professions Code section

11    17200 through its unlawful, unfair, fraudulent, and/or deceptive business acts and/or practices.

12    GM uniformly concealed, failed to disclose, and omitted important safety-related material

13    information that was known only to GM and that could not reasonably have been discovered by

14    California consumers.  Based on GM's concealment, half-truths, and omissions, California

15    consumers agreed to purchase or lease one or more (i) new or used GM vehicles sold on or after

16    July 10, 2009; (ii) "GM certified" Defective Vehicles sold on or after July 10, 2009; (iii) and/or to

17    have their vehicles repaired using GM's defective ignition switches.  GM also repeatedly and

18    knowingly made untrue and misleading statements in California regarding the purported reliability

19    and safety of its vehicles, and the importance of safety to the Company.  The true information

20    about the many serious defects in GM-branded vehicles, and GM's disdain for safety, was known

21    only to GM and could not reasonably have been discovered by California consumers.

22    256.    As a direct and proximate result of GM's concealment and failure to disclose the

23    many defects and the Company's institutionalized devaluation of safety, GM intended that

24    consumers would be misled into believing that that GM was a reputable manufacturer of reliable

25    and safe vehicles when in fact GM was an irresponsible manufacture of unsafe, unreliable  and

26    often dangerously defective vehicles.

27

28

**UNLAWFUL**

257.    The unlawful acts and practices of GM alleged above constitute unlawful business acts and/or practices within the meaning of California Business and Professions Code section 17200.  GM's unlawful business acts and/or practices as alleged herein have violated numerous federal, state, statutory, and/or common laws – and said predicate acts are therefore per se violations of section 17200.  These predicate unlawful business acts and/or practices include, but are not limited to, the following:  California Business and Professions Code section 17500 (False Advertising), California Civil Code section 1572 (Actual Fraud – Omissions), California Civil Code section 1573 (Constructive Fraud by Omission), California Civil Code section 1710 (Deceit), California Civil Code section 1770 (the Consumers Legal Remedies Act – Deceptive Practices), California Civil Code section 1793.2 *et seq.* (the Consumer Warranties Act), and other California statutory and common law; the National Traffic and Motor Vehicle Safety Act (49 U.S.C. § 30101 *et. seq.*), as amended by the Transportation Recall Enhancement, Accountability and Documentation TREAD Act, (49 U.S.C. §§ 30101-30170) including, but not limited to 49 U.S.C. §§ 30112, 30115, 30118 and 30166, Federal Motor Vehicle Safety Standard 124 (49 C.F.R. § 571.124), and 49 CFR §§ 573.6, 579.11, 579.12, and 579.21.

**UNFAIR**

258.    GM's concealment, omissions, and misconduct as alleged in this action constitute negligence and other tortious conduct and gave GM an unfair competitive advantage over its competitors who did not engage in such practices.  Said misconduct, as alleged herein, also violated established law and/or public policies which seek to promote prompt disclosure of important safety-related information.  Concealing and failing to disclose the nature and extent of the numerous safety defects to California consumers, before (on or after July 10, 2009) those consumers (i) purchased one or more GM vehicles; (ii) purchased used "GM certified" Defective Vehicles; or (iii) had their vehicles repaired with defective ignition switches, as alleged herein, was and is directly contrary to established legislative goals and policies promoting safety and the prompt disclosure of such defects, prior to purchase.  Therefore GM's acts and/or practices alleged herein were and are unfair within the meaning of Business and Professions Code section 17200.

259.    The harm to California consumers outweighs the utility, if any, of GM's acts and/or practices as alleged herein.  Thus, GM's deceptive business acts and/or practices, as alleged herein, were unfair within the meaning of Business and Professions Code section 17200.

260.    As alleged herein, GM's business acts and practices offend established public policies, including, but not limited to, public policies against making partial half-truths and failing to disclose important material facts to consumers.

261.    In addition, as alleged herein, GM intended that California consumers would be misled and/or deceived into believing that they would be purchasing a safe and reliable vehicle built by a reputable manufacturer that values safety and stands behind its vehicles after they are sold, when, in fact, they were in many cases obtaining a vehicle that had defects that had the potential to cause serious bodily injury and/or death, and, in every case, obtaining a vehicle made by an irresponsible manufacturer that does not value safety and was concealing myriad known safety defects in millions of GM-branded vehicles.  This practice is and was immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers and thus unfair within the meaning of Business and Professions Code section 17200.

262.    At all times relevant, GM's misconduct and omissions alleged herein:  (a) caused substantial injury to the Public; (b) had no countervailing benefit to consumers or to competition that could possibly outweigh this substantial injury; and (c) caused injury that could not have been avoided or even discovered by ordinary consumers, because it resulted from GM's concealment, failure to disclose and/or omission of important safety related material information that only the Defendant knew or could have known.  Thus, GM's acts and/or practices as alleged herein were unfair within the meaning of Business and Professions Code section 17200.

**FRAUDULENT**

263.    GM's acts and practices, as alleged herein, were likely to, and did, deceive the Public.  GM's concealment, material omissions, acts, practices and non-disclosures, as alleged herein, therefore constitute fraudulent business acts and/or practices within the meaning of California Business and Professions Code section 17200.

264.   California consumers have been, and continue to be, deceived by GM's concealment and material omissions as alleged herein.  California consumers have suffered injury and lost money as a direct result of the deceptive conduct as alleged herein.  The unlawful, unfair, deceptive, and/or fraudulent business acts and practices of GM, as fully described herein, present a continuing threat to the citizens of California to be misled and/or deceived by GM as alleged herein, and/or to be substantially injured by these dangerously defective cars.

## SECOND CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17500

265.   Plaintiff realleges and incorporates by reference all preceding paragraphs.

266.   California Business and Professions Code § 17500 states: "It is unlawful for any ... corporation ... with intent directly or indirectly to dispose of real or personal property ... to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated ... from this state before the public in any state, in any newspaper or other publication, or any advertising device, ... or in any other manner or means whatever, including over the Internet, any statement ... which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

267.   GM caused to be made or disseminated through California and the United States, through advertising, marketing, and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to GM, to be untrue and misleading to consumers.

268.   GM has violated section 17500 because the misrepresentations and omissions regarding the safety and reliability of its vehicles and the importance of safety to the Company as set forth in this First Amended Complaint were material and likely to deceive a reasonable consumer.

269.   California consumers were exposed to and saw advertisements for GM vehicles on television, in magazines, on billboards, in brochures at dealerships, and on the Internet before purchasing GM vehicles.  Had those advertisements, window stickers, or any other materials disclosed that millions of GM-branded vehicles contained serious safety defects and that GM did

1    not value safety, consumers would not have purchased new GM vehicles on or after July 10, 2009

2    and would not have purchased "GM certified" Defective Vehicles on or after July 10, 2009.

3         270.    Despite notice of the serious safety defects in so many its vehicles, GM did not

4    disclose to consumers that its vehicles – which GM for years had advertised as "safe" and

5    "reliable" – were in fact not as safe or reliable as a reasonable consumer expected due to the risks

6    created by the many known defects, and GM's focus on cost-cutting at the expense of safety and

7    the resultant concealment of numerous safety defects.  GM never disclosed what it knew about the

8    defects.  Rather than disclose the truth, GM concealed the existence of the defects, and claimed to

9    be a reputable manufacturer of safe and reliable vehicles.

10        271.    GM, by the acts and misconduct alleged herein, violated Business & Professions

11   Code section 17500, and GM has engaged in, and continues to engage in, acts or practices that

12   constitute false advertising.

13        272.    GM has violated, and continues to violate, Business and Professions Code section

14   17500 by disseminating untrue and misleading statements as defined by Business and Professions

15   Code 17500.  GM has engaged in acts and practices with intent to induce members of the public to

16   purchase its vehicles by publicly disseminated advertising which contained statements which were

17   untrue or misleading, and which GM knew, or in the exercise of reasonable care should have

18   known, were untrue or misleading, and which concerned the real or personal property or services

19   or their disposition or performance.

20        273.    GM repeatedly and knowingly made untrue and misleading statements in California

21   regarding the purported reliability and safety of its vehicles.  The true information was known only

22   to GM and could not reasonably have been discovered by California consumers.  GM uniformly

23   concealed, failed to disclose and omitted important safety-related material information that was

24   known only to GM and that could not reasonably have been discovered by California consumers.

25   Based on GM's concealment, half-truths, and omissions, California consumers agreed (on or after

26   July 10, 2009) (i) to purchase GM vehicles; (ii) to purchase used "GM certified" Defective

27   Vehicles; and/or (iii) to have their vehicles repaired using defective ignition switches,

28

274.    As a direct and proximate result of GM's concealment and failure to disclose the many safety defects, GM intended that consumers would be misled into believing that they would be purchasing a safe and reliable vehicle built by a reputable manufacturer that values safety, when in fact they were purchasing vehicles that were in many cases dangerously defective and were in every case overpriced because they were in fact built by an irresponsible manufacturer that valued cost-cutting over safety and routinely concealed a myriad of serious defects from regulators and the public.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against GM as follows:

A.    Pursuant to Business and Professions Code sections 17203 and 17535, that GM, its employees, agents, representatives, successors, assigns, and all persons who act in concert with them be permanently enjoined from committing any acts of unfair competition, including the violations alleged herein.

B.    Pursuant to Business and Professions Code sections 17206 and 17536, that GM be ordered to pay a civil penalty in the amount of Two Thousand Five Hundred dollars ($2,500.00) for each violation of Business and Professions Code section 17200 and for Five Thousand dollars ($5,000) for each violation of Business and Professions Code section 17500 by GM in an amount according to proof.

C.    That Plaintiff recover its costs of suit, including costs of investigation.

D.    For reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5, or other applicable law; and

E.    For such other equitable relief as is just and proper.

///

///

///

///

///

Dated:  July 1, 2014

Respectfully submitted,

TONY RACKAUCKAS, DISTRICT ATTORNEY
COUNTY OF ORANGE, STATE OF CALIFORNIA

By: _Tony Rackauckas_

    TONY RACKAUCKAS
Joseph D'Agostino, Senior Assistant District Attorney
401 Civil Center Drive
Santa Ana, CA 92701-4575
Tel: (714) 834-3600
Fax: (714) 648-3636

Dated:  July 1, 2014

ROBINSON, CALCAGNIE AND ROBINSON

By: _Mark P. Robinson, Jr._

    MARK P. ROBINSON, JR., SBN 06442
Kevin F. Calcagnie, SBN. 108994
Scot D. Wilson, SBN. 223367
ROBINSON CALCAGNIE ROBINSON
  SHAPIRO DAVIS, INC.
19 Corporate Plaza Drive
Newport Beach, California 92660
Tel.: (949) 720-1288
Fax: (949) 720-1292
mrobinson@rcrlaw.net

Dated:  July 1, 2014

HAGENS BERMAN SOBOL SHAPIRO LLP
Steve W. Berman (Pro Hac Vice Pending)
Andrew Volk (Pro Hac Vice Pending)
HAGENS BERMAN SOBOL
  SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Attorneys for Plaintiff*
*THE PEOPLE OF THE STATE OF CALIFORNIA*