# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION
SWITCH LITIGATION

*This Document Relates to All Actions*

------------------------------------------------------------x

14-MD-2543 (JMF)

**[CORRECTED] SECOND AMENDED
CONSOLIDATED COMPLAINT**

[REDACTED]

which New GM had unjustly and unlawfully determined not to recall, New GM benefitted by avoiding the costs of a recall and other lawsuits, and further benefitted from its statements about the success of New GM.

1461. Thus, all Arkansas Unjust Enrichment Class Members conferred a benefit on New GM.

1462. It is inequitable for New GM to retain these benefits.

1463. Plaintiffs were not aware about the true facts about GM-branded vehicles, and did not benefit from GM's conduct.

1464. New GM knowingly accepted the benefits of its unjust conduct.

1465. As a result of New GM's conduct, the amount of its unjust enrichment should be disgorged, in an amount according to proof.

## CALIFORNIA

## COUNT I

## VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT

(CAL. CIV. CODE § 1750, *et seq*.)

1466. Plaintiffs reallege and incorporate by reference all paragraphs as though fully set forth herein.

1467. This claim is brought only on behalf of Nationwide Class Members who are California residents.

1468. New GM is a "person" under CAL. CIV. CODE § 1761(c).

1469. Plaintiffs and the California Class are "consumers," as defined by CAL. CIVIL CODE § 1761(d), who purchased or leased one or more Affected Vehicles.

1470. The California Legal Remedies Act ("CLRA") prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the

- 424 -

sale or lease of goods or services to any consumer[.]" CAL. CIV. CODE § 1770(a). New GM has engaged in unfair or deceptive acts or practices that violated CAL. CIV. CODE § 1750, *et seq.*, as described above and below, by among other things, representing that Affected Vehicles have characteristics, uses, benefits, and qualities which they do not have; representing that Affected Vehicles are of a particular standard, quality, and grade when they are not; advertising Affected Vehicles with the intent not to sell or lease them as advertised; and representing that the subject of a transaction involving Affected Vehicles has been supplied in accordance with a previous representation when it has not.

1471.   In the course of its business, New GM systematically devalued safety and concealed a plethora of defects in GM-branded vehicles as described herein and otherwise engaged in activities with a tendency or capacity to deceive. New GM also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of Affected Vehicles.

1472.   From the date of its inception on July 11, 2009, New GM knew of many serious defects affecting many models and years of GM-branded vehicles, because of (i) the knowledge of Old GM personnel who remained at New GM; (ii) continuous reports, investigations, and notifications from regulatory authorities; and (iii) ongoing performance of New GM's TREAD Act obligations, as discussed above. New GM became aware of other serious defects and systemic safety issues years ago, but concealed all of that information until recently.

1473.   New GM was also aware that it valued cost-cutting over safety, selected parts from the cheapest supplier regardless of quality, and actively discouraged employees from finding and flagging known safety defects, and that this approach would necessarily cause the

- 425 -

existence of more defects in the vehicles it designed and manufactured and the failure to disclose and remedy defects in all GM-branded vehicles. New GM concealed this information as well.

1474. According to one report from the Center for Auto Safety, some 2,004 deaths and injuries are connected with recently recalled GM-branded vehicles, and New GM should have recalled the vehicles years ago.

1475. By failing to disclose and by actively concealing the many defects in GM-branded vehicles, by marketing its vehicles as safe, reliable, and of high quality, and by presenting itself as a reputable manufacturer that valued safety and stood behind its vehicles after they were sold, New GM engaged in unfair and deceptive business practices in violation of the CLRA.

1476. In the course of New GM's business, it willfully failed to disclose and actively concealed the dangerous risk posed by the many safety issues and serious defects discussed above. New GM compounded the deception by repeatedly asserting that GM-branded vehicles were safe, reliable, and of high quality, and by claiming to be a reputable manufacturer that valued safety and stood behind its vehicles once they are on the road.

1477. New GM's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs, about the true safety and reliability of GM-branded vehicles, the quality of the GM brand, the devaluing of safety at New GM, and the true value of the Affected Vehicles.

1478. New GM intentionally and knowingly misrepresented material facts regarding the Affected Vehicles with an intent to mislead Plaintiffs and the California Class.

1479. New GM knew or should have known that its conduct violated the CLRA.

1480. As alleged above, New GM made material statements about the safety and reliability of the Affected Vehicles and the GM brand that were either false or misleading.

010440-11 789697 V1

1481.  New GM owed Plaintiffs a duty to disclose the true safety and reliability of the Affected Vehicles and the devaluing of safety at New GM, because New GM:

    a.    Possessed exclusive knowledge that it valued cost-cutting over safety, selected parts from the cheapest supplier regardless of quality, and actively discouraged employees from finding and flagging known safety defects, and that this approach would necessarily cause the existence of more defects in the vehicles it designed and manufactured;

    b.    Intentionally concealed the foregoing from Plaintiffs; and/or

    c.    Made incomplete representations about the safety and reliability of the Affected Vehicles generally, and the ignition switch and other defects in particular, while purposefully withholding material facts from Plaintiffs that contradicted these representations.

1482.  Because New GM fraudulently concealed the many defects in GM-branded vehicles, resulting in a raft of negative publicity once the defects finally began to be disclosed, the value of the Affected Vehicles has greatly diminished.  In light of the stigma attached to those vehicles by New GM's conduct, they are now worth significantly less than they otherwise would be.

1483.  New GM's systemic devaluation of safety and its concealment of a plethora of defects in GM-branded vehicles were material to Plaintiffs and the California Class.  A vehicle made by a reputable manufacturer of safe vehicles is safer and worth more than an otherwise comparable vehicle made by a disreputable manufacturer of unsafe vehicles that conceals defects rather than promptly remedies them.

1484.  Plaintiffs and the California Class suffered ascertainable loss caused by New GM's misrepresentations and its concealment of and failure to disclose material information.  Plaintiffs who purchased GM-branded vehicles after the date of New GM's inception either would have paid less for their vehicles or would not have purchased or leased

- 427 -

them at all.  For Plaintiffs who purchased Old GM Defective Ignition Switch Vehicles that were sold as "Certified Pre-Owned," they too either would have paid less for their vehicles or would not have purchased them but for New GM's violations of the CLRA.

1485.   Regardless of time of purchase or lease, no Plaintiffs would have maintained and continued to drive their vehicles had they been aware of New GM's misconduct.  By contractually assuming TREAD Act responsibilities with respect to Old GM vehicles, New GM effectively assumed the role of manufacturer of those vehicles because the TREAD Act on its face only applies to vehicle manufacturers.  49 U.S.C. § 30118(c).  New GM had an ongoing duty to all GM vehicle owners to refrain from unfair and deceptive acts or practices under the CLRA.  And, in any event, all GM vehicle owners suffered ascertainable loss of the diminished value of their vehicles as a result of New GM's deceptive and unfair acts and practices made in the course of New GM's business.

1486.   New GM's violations present a continuing risk to Plaintiffs as well as to the general public.  New GM's unlawful acts and practices complained of herein affect the public interest.

1487.   As a direct and proximate result of New GM's violations of the CLRA, Plaintiffs and the California Class have suffered injury-in-fact and/or actual damage.

1488.   Under CAL. CIV. CODE § 1780(a), Plaintiffs and the California Class seek monetary relief against New GM measured as the diminution of the value of their vehicles caused by New GM's violations of the CLRA as alleged herein.

1489.   Under CAL. CIV. CODE § 1780(b), Plaintiffs seek an additional award against New GM of up to $5,000 for each California Class member who qualifies as a "senior citizen" or "disabled person" under the CLRA.  New GM knew or should have known that its conduct was

directed to one or more California Class Members who are senior citizens or disabled persons. New GM's conduct caused one or more of these senior citizens or disabled persons to suffer a substantial loss of property set aside for retirement or for personal or family care and maintenance, or assets essential to the health or welfare of the senior citizen or disabled person. One or more California Class Members who are senior citizens or disabled persons are substantially more vulnerable to New GM's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and each of them suffered substantial physical, emotional, or economic damage resulting from New GM's conduct.

1490.  Plaintiffs also seek punitive damages against New GM because it carried out reprehensible conduct with willful and conscious disregard of the rights and safety of others, subjecting Plaintiffs and the California Class to potential cruel and unjust hardship as a result. New GM intentionally and willfully deceived Plaintiffs on life-or-death matters, and concealed material facts that only New GM knew. New GM's unlawful conduct constitutes malice, oppression, and fraud warranting punitive damages under CAL. CIV. CODE § 3294.

1491.  Plaintiffs further seek an order enjoining New GM's unfair or deceptive acts or practices, restitution, punitive damages, costs of court, attorneys' fees under CAL. CIV. CODE § 1780(e), and any other just and proper relief available under the CLRA.

1492.  Certain Plaintiffs have sent a letter complying with CAL. CIV. CODE § 1780(b).

## COUNT II

### VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW
### (CAL. BUS. & PROF. CODE § 17200, *et seq.*)

1493.  Plaintiffs reallege and incorporate by reference all paragraphs as though fully set forth herein.

010440-11 789697 V1

|  |  |
|---|---|
| DATED:  June 12, 2015 | HAGENS BERMAN SOBOL SHAPIRO LLP |

By: _____/s/ Steve W. Berman_____
      Steve W. Berman
*steve@hbsslaw.com*
Sean R. Matt
*sean@hbsslaw.com*
Andrew M. Volk
*andrew@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

|  |  |
|---|---|
| DATED:  June 12, 2015 | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |

By: _____/s/ Elizabeth J. Cabraser_____
      Elizabeth J. Cabraser
*ecabraser@lchb.com*
Steven E. Fineman
*sfineman@lchb.com*
Rachel Geman
*rgeman@lchb.com*
Annika K. Martin
*akmartin@lchb.com*
275 Battery St., 29th Floor
San Francisco, CA 94111
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

*Co-Lead Counsel with Primary Focus on Economic Loss Cases*

|  |  |
|---|---|
| DATED:  June 12, 2015 | HILLIARD MUÑOZ GONZALES L.L.P. |

By: _____/s/ Robert Hilliard_____
      Robert Hilliard
*bobh@hmglawfirm.com*
719 S Shoreline Blvd, Suite #500
Corpus Christi, TX 78401
Telephone:  (361) 882-1612
Facsimile:  (361) 882-3015

*Co-Lead Counsel with Primary Focus on Personal Injury Cases*

- 1205 -