# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

September 21, 2015

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

          Re:    In re Motors Liquidation Company, *et al.*
                 Case No. 09-50026 (REG)

Dear Judge Gerber:

      Pursuant to Your Honor's September 3, 2015 *Scheduling Order* (Dkt. No. 13416), we submit this New GM Bellwether Letter and the accompanying six Bellwether Marked Complaints, attached hereto alphabetically as Exhibits "A" through "F."[1] Each Bellwether Complaint asserts claims for personal injuries arising from a post-363 Sale accident involving an Old GM vehicle. But, instead of asserting only Product Liability claims (as defined in Sale Agreement Section 2.3(a)(ix)) for which New GM assumed liability under the Sale Order, each Complaint asserts an array of claims and allegations[2] that are Retained Liabilities of Old GM, thus violating the Sale Order and this Court's June 1, 2015 Judgment. We highlighted with different colors the allegations that violate the Sale Order: (1) pink, for allegations that wrongly assert New GM is the successor of Old GM; (2) orange, for allegations related to punitive damages, which were not assumed by New GM for Product Liability claims; (3) blue, for allegations seeking to impute wholesale Old GM's

---

[1] The issues raised by the Marked Bellwether Complaints are also found in numerous other complaints filed against New GM, both in MDL 2543 and elsewhere. New GM's arguments are equally applicable to such other lawsuits, and any rulings by the Court should be binding on all plaintiffs with complaints raising similar issues.

[2] Plaintiffs allege various claims under the law of states such as Michigan and New York, in addition to claims under plaintiffs' home states' laws. The parties have stipulated that claims under the laws of states other than the home state will be dismissed in *Scheuer*, the first bellwether case scheduled for trial, and we expect similar stipulations for other complaints. Therefore, although New GM has marked such allegations out of an abundance of caution, the Court need not address these counts and allegations under the law of states other than the plaintiff's home state at this time.

Honorable Robert E. Gerber
September 21, 2015
Page 2

knowledge to New GM;[3] (4) green, for allegations involving claims that are Old GM Retained Liabilities; and (5) yellow, for allegations based on New GM's conduct relating to a supposed failure to warn after the vehicle sale. The "marking" exercise was difficult because the Bellwether plaintiffs often do not distinguish between Old GM and New GM. Therefore, what facts are being alleged against which entity, and for which causes of action, frequently is unclear. For the sake of completeness, New GM also has extensively marked the factual allegations that appear to support the claims that are barred by the Sale Order on the same color-coded basis, under the assumption that, once the claims are stricken as violating the Sale Order, the supporting allegations should also be stricken from the complaints as well.

*Pink Coded Allegations:* Most of the Bellwether Complaints expressly allege that New GM is the successor of Old GM. For example, the Complaints assert "claims against Defendant General Motors LLC for liability as a successor and mere continuation of General Motors Corporation" or that "Defendant New GM is and was the successor corporation to General Motors Corporation and/or General Motors Company." *E.g., Cockram* Compl. ¶¶ 4, 28. New GM purchased the assets of Old GM "free and clear" of any claims "based on any successor or transferee liability." *E.g.*, Sale Order ¶¶ AA, DD, 10, 46. The Court upheld these provisions in its Decision and Judgment. *E.g.*, Decision at 11-12, 14, 133; Judgment ¶¶ 9-10. While New GM did assume Product Liabilities for post-closing accidents, that in no way makes New GM the successor of Old GM.[4]

*Orange Coded Allegations:* The Bellwether Complaints seek punitive damages from New GM for an accident involving an Old GM vehicle. For the reasons described in New GM's *Opening Brief With Respect To Punitive Damages*, Dkt. No. 13437, and its forthcoming Reply Brief, requests for punitive damages violate the Sale Order. The same is true of claims supporting a claim of punitive damages, such as gross negligence, recklessness, or willful misconduct.

*Blue Coded Allegations:* The Bellwether Complaints seek to automatically impute Old GM's knowledge to New GM. For the reasons described in *New GM's Opening Brief With Respect to the Imputation Issue*, Dkt. No. 13451, and its forthcoming Reply Brief, plaintiffs' attempt to impute to New GM, on a wholesale basis, knowledge of events that took place at Old GM, or information contained in Old GM's books and records, violates the Sale Order.

*Green Coded Allegations:* In the Sale Order, New GM assumed only precisely defined Product Liabilities for post-closing accidents/incidents involving Old GM vehicles/parts: specifically, those liabilities "***caused by motor vehicles*** … which arise ***directly*** out of death,

---

[3] Old GM's knowledge may be relevant for Product Liability Claims, but that is not a matter of imputation; rather it is a by-product of the claim being assumed. Old GM's knowledge cannot form the basis of the non-Product Liability Claims asserted in the Bellwether Complaints.

[4] Throughout the Bellwether Complaints, Plaintiffs intentionally allege that "New GM" engaged in activities that plaintiffs well know were performed by Old GM, as each of these allegations concern events that took place prior to New GM's existence. For example, the *Barthelemy* complaint alleges that "New GM defectively designed, manufactured, … distributed, and sold" a 2007 Saturn Sky, when only Old GM could have performed these actions in 2007. *Barthelemy* Compl. ¶ 340. New GM assumes plaintiffs meant to say that New GM assumed the liability of Old GM for such actions in connection with Product Liabilities, and has not, as a general matter, marked them as violating the Sale Order (if New GM did so, almost every paragraph of the Bellwether Complaints would have to be marked). But if plaintiffs intend, in fact, to allege that New GM performed such actions, then these allegations would be forbidden successor liability claims.

Honorable Robert E. Gerber
September 21, 2015
Page 3

personal injury or other injury to Persons or damage to property *caused by accidents or incidents* … and *arising from such motor vehicles' operation or performance* … ." Sale Agreement § 2.3(a)(ix) (emphasis added).[5] Thus, New GM did not assume every possible claim that could be asserted in connection with a post-closing accident involving an Old GM vehicle. Instead, each of the terms in Section 2.3(a)(ix) regarding the scope of Liabilities assumed by New GM must be given meaning. Under the Section's plain language, New GM only assumed Product Liabilities "caused by motor vehicles" or their parts, which excludes liabilities derived from other conduct of the Seller. Similarly, the word "directly" and the clause "arising from such motor vehicles' operation or performance" require any assumed Product Liabilities to immediately arise from a specific accident/incident rather than involving general conduct relating to Old GM. This language limits New GM's assumed liability to traditional product liability claims based on the vehicle and the accident/incident itself, such as strict liability, negligent design, negligent manufacture, a failure to adequately warn at the time of sale, and breach of implied warranty. By contrast, claims based on alleged representations or omissions—such as fraud, negligent misrepresentation, duty to warn after the vehicle sale, or violations of consumer protection statutes—do not satisfy the definition of Product Liabilities because such claims are not "caused by motor vehicles," but are instead caused by statements or omissions. They do not "arise directly out of" personal injuries or property damages and are not "caused by accident or incidents," but instead arise from and are caused by statements, omissions or other Old GM conduct. Thus, such representation or omission-based claims were not assumed by New GM. New GM purchased Old GM's assets "free and clear" of such claims, (*see* Sale Order ¶ 56; Sale Agreement, §§ 2.3(b)(xi), 2,3(b)(xvi)), and the Old GM conduct relating to such Claims. *E.g., Scheuer* Compl. ¶¶ 142-188; *Yingling* Compl. ¶¶ 21-98. Thus, plaintiffs' assertion of such claims against New GM violates the Sale Order.

*Yellow Coded Allegations:* The Bellwether Complaints allege that New GM had a post-vehicle sale duty to warn plaintiffs of the alleged ignition switch defect or to recall the vehicles, and include lengthy allegations about New GM's conduct to support such claims. But such post-vehicle sale failure-to-warn or failure-to-recall claims, if they exist as a matter of law at all, are Retained Liabilities. Once New GM purchased Old GM's assets free and clear of claims and obligations relating to Old GM vehicles, New GM (an entity that did not manufacture or sell the vehicle) did not have any ongoing duties to Old GM vehicle owners (other than Assumed Liabilities).[6] Leaving such duties with Old GM was the purpose and effect of the "free and clear" language in the Sale Order. Moreover, because the underlying claims are barred, the factual allegations regarding New GM's alleged conduct should be stricken as well.

Once the Bellwether plaintiffs' improper claims and allegations are stricken, their complaints will allege against New GM traditional product liability claims for compensatory damages based on Old GM conduct that New GM does not dispute were assumed under the Sale Agreement. That, and nothing more, is what plaintiffs are allowed to do under the Sale Order and the rulings of this Court.

---

[5] While New GM also assumed repair and replacement obligations pursuant to the "glove box" warranty delivered with Old GM vehicles (which generally has expired) and state Lemon Laws (as defined in the Sale Agreement), claims regarding these types of Assumed Liabilities are not in issue in the Bellwether Complaints.

[6] New GM had obligations under the Motor Vehicle Safety Act and to the U.S. Government based on a covenant in the Sale Agreement, as incorporated in the Sale Order. This covenant was not an Assumed Liability, and vehicle owners were not third party beneficiaries, and did not have a private right of action relating to any breach of the covenant.

Honorable Robert E. Gerber
September 21, 2015
Page 4

                                                Respectfully submitted,

                                                */s/ Arthur Steinberg*

                                                Arthur Steinberg

AJS/sd
Encl.

cc:    Edward S. Weisfelner
       Howard Steel
       Sander L. Esserman
       Jonathan L. Flaxer
       S. Preston Ricardo
       Matthew J. Williams
       Lisa H. Rubin
       Keith Martorana
       Daniel Golden
       Deborah J. Newman
       Jamison Diehl
       William Weintraub
       Steve W. Berman
       Elizabeth J. Cabraser
       Robert C. Hilliard
       Gary Peller