**Hearing Date and Time: October 14, 2015 at 9:45 a.m. (ET)**

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: 206-623-7292
Email: steve@hbsslaw.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: 414-956-1000
Email: ecabraser@lchb.com

Edward S. Weisfelner
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: 212-209-4800
Email: eweisfelner@brownrudnick.com

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, A PROFESSIONAL
CORPORATION
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Email: esserman@sbep-law.com

*Co-Lead Counsel in the MDL Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

*Designated Counsel in the Bankruptcy Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------X
| | |
|---|---|
| IN RE: : | Chapter 11 |
| : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, : | No. 09-50026 (REG) |
| f/k/a GENERAL MOTORS CORP., *et al.*, : | |
| : | (Jointly Administered) |
| Debtors. : | |

-----------------------------------X

**JOINDER OF THE IGNITION SWITCH PLAINTIFFS AND
NON-IGNITION SWITCH PLAINTIFFS TO THE POST-CLOSING
IGNITION SWITCH ACCIDENT PLAINTIFFS'
REPLY WITH RESPECT TO PUNITIVE DAMAGES ISSUE**

The Ignition Switch Plaintiffs[1] and Non-Ignition Switch Plaintiffs[2] (collectively, the "Joining Plaintiffs"), by and through their undersigned counsel, hereby join in the arguments made in Point II of the *Post-Closing Ignition Switch Accident Plaintiffs' Reply with Respect to Punitive Damages Issue* (ECF No. 13459) (the "Plaintiffs' Reply").[3] In support of this Joinder, the Joining Plaintiffs respectfully state as follows:

## JOINDER

1.  As the Court is aware, the Joining Plaintiffs seek to recover punitive damages from New GM for its own independent, post-closing actions, affirmative cover-up and material omissions related to the Ignition Switch Defect and other defects in GM-branded vehicles; New GM has just conclusively admitted that, at least by Spring of 2012,[4] it "failed to disclose a deadly safety defect to its U.S. regulator," and "falsely represented to consumers that vehicles containing the defect posed no safety concern."[5]

---

[1] The term "Ignition Switch Plaintiffs" shall mean those plaintiffs who own or lease a vehicle with the Ignition Switch Defect involved in the February and March 2014 Recalls (Recall No. 14-V-047).

[2] The term "Non-Ignition Switch Plaintiffs" shall mean all plaintiffs that have commenced a lawsuit against New GM asserting economic losses based on or arising from an alleged defect, other than the Ignition Switch in the vehicles subject to Recall No. 14-V-047, or based on or arising from economic losses and diminution in value of their GM-branded vehicles based on the Ignition Switch Defect or other alleged defects in Old and New GM vehicles.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Decision on Motion to Enforce Sale Order, *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015) or in the *Judgment*, dated June 1, 2015 [ECF No. 13177], as applicable.

[4] The Joining Plaintiffs allege and believe the evidence will show that New GM's misconduct well-predates the date it admitted to in the context of resolving the United States Justice Department's Investigation of the Ignition Switch Defect.

[5] *See* Ex. C to Deferred Prosecution Agreement, ¶ 3 (attached as Exhibit 1 to the *Opening Brief on Imputation Issue on Behalf of the Ignition Switch Plaintiffs, the Non-Ignition Switch Plaintiffs, the State of Arizona, the People of the State of California, the Post-Closing Ignition*

2. The Joining Plaintiffs agree with the legal arguments set forth in Point II of the Punitive Damages Reply and, accordingly, file this Joinder in support of the Reply Brief and in support of their request that the Court enter an Order: (i) deeming their requests for punitive damages against New GM permissible under the Sale Order, Decision and Judgment; and (ii) permitting them to pursue such punitive damages against New GM in the MDL Action.

3. As New GM correctly notes, one of the purposes of punitive damages is "to punish the defendant and deter future wrongdoing."[6] It is therefore appropriate to hold New GM liable to the Joining Plaintiffs for punitive damages arising from its own independent, post-closing actions and inactions predicated on *all* the knowledge that it had, including its knowledge of the deadly Ignition Switch Defect. *See* Plaintiffs' Reply at 6-7.[7] Just as the United States Department of Justice alleged that New GM could be subject to fines in connection with its misconduct concerning the Ignition Switch Defect, so, too, can New GM be subject to punitive damages for its own post-Sale actions and inactions in connection with the Ignition Switch Defect provided that Plaintiffs meet their burden under governing state laws.

4. New GM improperly conflates the ability of the Joining Plaintiffs to assert Independent Claims for punitive damages with the question of whether the Joining Plaintiffs will ultimately prevail on those claims. Joining Plaintiffs agree that such merits defenses "must be

---

*Switch Accident Plaintiffs, and the Adams Plaintiffs*, filed under seal September 18, 2015 (Redacted version filed as ECF No. 13452) ("Plaintiffs' Imputation Brief").

[6] *Opening Brief by General Motors LLC with Respect to Whether Plaintiffs May Seek Punitive Damage from General Motors LLC Based on the Conduct of General Motors Corporation*, dated September 13, 2015 [ECF No. 13437] ("GM Opening Brief") at 14 (quoting *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 432 (2001)).

[7] Joining Plaintiffs will further demonstrate why charging New GM with knowledge of pre-363 Sale events is proper under the Sale Order in their Imputation Brief.

asserted in the applicable trial courts" that will be determining New GM's post-sale responsibilities to the plaintiffs. *See* Plaintiffs' Reply at 8-10.

5. While the issue will be for Judge Furman in reviewing the merits of Joining Plaintiffs' claims, Joining Plaintiffs note that they do ***not*** assert private causes of action for violations of the Safety Act. *See* New GM Opening Brief at 4 n.4; Plaintiffs' Reply at 8-10. Indeed, New GM has admitted that it "falsely represented to consumers that vehicles containing the defect posed no safety concern."[8] Here, by concealing the safety defect notwithstanding its widespread and horrific consequences, New GM violated, *inter alia*, the Safety Act obligations it assumed in § 6.15 of the Sale Agreement, state consumer protection laws, the federal Racketeer Influenced and Corrupt Organizations Act,[9] and state common law. *See, e.g., Ayres v. General Motors Corp.*, 234 F.3d 514, 524 n.19 (11th Cir. 2000) ("[t]he lack of a private right of action under the Safety Act does not preclude [the plaintiffs from] acting under a state law cause of action").

6. New GM does not even attempt to explain how the Sale Order does (or could) grant it prospective immunity for its own future wrongdoing. Instead, like every other actor in our country, New GM must face the legal consequences of its own post-Sale conduct—including liability for punitive damages where the reprehensible nature of that conduct gives rise to claims for punitive damages under governing law.

7. Joining Plaintiffs agree completely with New GM when it states that punitive damages "must be directed at the entity that committed the bad conduct." GM Opening Brief at

---

[8] *See* Ex. C to Deferred Prosecution Agreement, ¶ 3.

[9] 18 U.S.C. § 1961, *et seq.*

19. Where, as Joining Plaintiffs allege, the wrong-doing entity was New GM, Joining Plaintiffs' punitive damages claims are properly directed at New GM.

8. Regardless of whether the Joining Plaintiffs are ultimately able to recover punitive damages based on the post-363 Sale conduct of New GM, the Sale Order cannot be read to bar them from seeking punitive damages based on New GM's conduct.

## CONCLUSION

9. Accordingly, for the reasons stated in the Punitive Damages Brief, the Reply Brief, and Plaintiffs' Joinder in both of those briefs, the Joining Plaintiffs request that the Court affords the relief requested herein together with such other and further relief as it deems necessary and proper under the circumstances.

Dated: September 22, 2015

Respectfully submitted,

| */s/ Steve W. Berman* | */s/ Edward S. Weisfelner* |
|---|---|
| Steve W. Berman (*pro hac vice*) | Edward S. Weisfelner |
| HAGENS BERMAN SOBOL SHAPIRO LLP | BROWN RUDNICK LLP |
| 1918 Eighth Avenue, Suite 3300 | Seven Times Square |
| Seattle, Washington 98101 | New York, New York 10036 |
| Telephone: 206-623-7292 | Telephone: 212-209-4800 |
| Email: steve@hbsslaw.com | Email: eweisfelner@brownrudnick.com |
| *Co-Lead Counsel in the MDL Action for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs* | *Co-Designated Counsel in the Bankruptcy Proceeding for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs* |

| */s/ Elizabeth J. Cabraser* | */s/ Sander L. Esserman* |
|---|---|
| Elizabeth J. Cabraser | Sander L. Esserman |
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C. |
| 275 Battery Street, 29th Floor | 2323 Bryan Street, Suite 2200 |

010440-11 809620 V1

| | |
|---|---|
| San Francisco, California 94111 | Dallas, Texas 75201 |
| Telephone:  414-956-1000 | Telephone:  214-969-4900 |
| Email: ecabraser@lchb.com | Email:  esserman@sbep-law.com |
| *Co-Lead Counsel in the MDL Action for the Ignition Switch Plaintiffs and Non-Ignition Switch Plaintiffs* | *Co-Designated Counsel in the Bankruptcy Proceeding for the Ignition Switch Plaintiffs and Non-Ignition Switch Plaintiffs* |

- 5 -

010440-11 809620 V1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 22, 2015, I caused the foregoing to be filed and served upon all parties receiving notice via the Court's ECF system.

Dated:  September 22, 2015             */s/ Steve W. Berman*
                                                    Steve W. Berman (*pro hac vice*)
                                                    HAGENS BERMAN SOBOL SHAPIRO LLP
                                                    1918 Eighth Avenue, Suite 3300
                                                    Seattle, Washington  98101
                                                    Tel.:  206-623-7292
                                                    steve@hbsslaw.com

010440-11 809620 V1