# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel:  (212) 556-2100
Fax:  (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial:  212-556-2158
asteinberg@kslaw.com

September 23, 2015

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

>   Re:   In re Motors Liquidation Company, *et al.*
>         Case No. 09-50026 (REG)

Dear Judge Gerber:

Pursuant to page 5 of Your Honor's September 3, 2015 *Scheduling Order* (Dkt. No. 13416), we submit this Letter regarding the claims made in Other Plaintiffs' Complaints against New GM that violate the Sale Order and Judgment, but are not raised by the Bellwether Complaints, the MDL Complaint or the States' Complaints (collectively, the "**Main Cases**").[1]  Because of the large volume of papers already submitted (and to be submitted) to the Court pursuant to the Scheduling Order, for efficiency purposes, New GM is only identifying at this time the specific claims in the Other Plaintiffs' Complaints that violate the Sale Order and Judgment.  New GM believes that submitting marked-up versions of the Other Plaintiffs' Complaints is not necessary for the Court to rule on the issues raised in this Letter.  If the Court decides it would be helpful to have marked-up versions of the Other Plaintiffs' Complaints, we will promptly submit them.

Set forth below are claims in Other Plaintiffs' Complaints that violate the Sale Order and Judgment, with an explanation of New GM's position and references to representative cases where the issue is raised.[2]

---

[1] The issues raised by the Other Plaintiffs' Complaints are found in multiple cases filed against New GM.  Pursuant to the Scheduling Order, New GM was permitted to identify "representative cases" that raise these issues. New GM's arguments are applicable to all such cases, and any rulings by the Court should be binding on all plaintiffs in such cases.

[2] New GM reserves the right to supplement this Letter if it becomes aware of other claims, not in the Main Cases or referenced in this Letter, that violate the Sale Order and Judgment.

Honorable Robert E. Gerber
September 23, 2015
Page 2

***Failure to Recall / Retrofit Vehicles*** (*e.g. Moore v. Ross, et al.*, No. 2011-CP-42-3625, 4th Am. Complaint at p. 3 ¶¶ f, g (S.C. 7th Cir. Ct. Com. Pl.) (**Exh. "A" hereto**)):  These claims allege that New GM had a duty to recall or retrofit Old GM vehicles.  But such claims, if they exist as a matter of law at all, are Retained Liabilities.  Once New GM purchased Old GM's assets free and clear of claims and obligations relating to Old GM vehicles, New GM (an entity that did not manufacture or sell the Old GM vehicles at issue) did not have any ongoing duties to Old GM vehicle owners (other than specific Assumed Liabilities).  Although New GM had obligations under the Motor Vehicle Safety Act and to the U.S. Government based on a covenant in the Sale Agreement ("**Recall Covenant**"), this covenant was not an Assumed Liability. Vehicle owners were not third party beneficiaries under the Sale Agreement, and did not have a private right of action relating to any breach of the Recall Covenant.  *See New GM's Opening Brief With Respect to the Imputation Issue*, Dkt. No. 13451 at 17-18; *New GM's Letter Brief re Bellwether Complaints*, Dkt. No. 13456, at 3.  Thus, claims for failure to recall or retrofit the vehicles violate the Sale Order.

***Negligent Failure to Identify Defects Or Respond To Notice of a Defect*** (*e.g., Benbow v. Medeiros Williams, Inc.*, *et al.*, No. 14 789, Complaint ¶ 16 (Mass. Hampden Cty. Super. Ct.) (**Exh. "B" hereto**)):  These claims purport to allege that New GM should have identified the defect earlier and taken some sort of action in response.  These are Retained Liabilities for the same reasons as the claims based on an alleged failure to recall or retrofit Old GM vehicles.  Such duties with respect to Old GM vehicles remained with Old GM.

***Negligent Infliction of Economic Loss and Increased Risk*** (*e.g., Elliott v. General Motors LLC*, No. 1:14-cv-00691, 1st Am. Complaint ("***Elliott* Complaint**") ¶¶ 79-86 (D.D.C.) (**Exh. "C" hereto**)):[3]  This claim alleges that New GM had a duty to warn consumers about the alleged defect but instead concealed it, and by doing so, the economic value of plaintiffs' vehicles was diminished. This claim violates the Sale Order for the reasons set forth in New GM's Bellwether Complaints letter relating to post-vehicle failure-to-warn claims and fraud claims. Dkt. No. 13456 at 2-3; *see also* the forthcoming *New GM Marked MDL Letter*.  Such claims are economic loss claims that relate to Old GM conduct at the time the vehicle was sold.  They do not "arise directly out of death, personal injury or other injury to Persons or damage to property caused by accidents or incidents," and are not otherwise Assumed Liabilities.

***Civil Conspiracy*** (*e.g., De Los Santos v. Ortega*, *et al.*, No. 2014CCV-6078802, 1st Am. Petition ¶¶ 50-51 (Tex. Nueces Cty. Ct.) (**Exh. "D" hereto**)):[4]  These claims allege that New GM was involved in a civil conspiracy with others to conceal the alleged ignition switch defect.  Such claims are based on representations, omissions, or other alleged acts relating to the supposed concealment rather than, as set forth in the Sale Agreement, being "caused by motor vehicles," "aris[ing] directly out of" personal injury or property damages, and being "caused by accidents or incidents."  *See also* Dkt. No. 13451 at 18-19; Dkt. No. 13456, at 2-3.  As such, these claims are not Product Liabilities, and thus not Assumed Liabilities under the Sale Agreement.

---

[3] The same claim is asserted in *Sesay et al. v. General Motors LLC*, No. 1:14-md-02543, Complaint ("***Sesay* Complaint**") ¶¶ (69-76).

[4] Claims for "Civil Conspiracy, Joint Action or Aiding and Abetting" are also asserted in the *Elliott* Complaint (¶¶ 114-123), *Sesay* Complaint (¶¶ 85-94), and the complaint filed in *Bledsoe v. General Motors LLC*, No. 1:14-cv-07631 (S.D.N.Y.), ¶¶ 115-121.

Honorable Robert E. Gerber
September 23, 2015
Page 3

*Section 402B – Misrepresentation by Seller* (*e.g.*, *Rickard v. Walsh Const. Co. et al.*, No. GD-14-020549, Am. Complaint ¶¶ 73aaa-73ccc (Pa. Allegheny Cty Ct. Com. Pleas) (**Exh. "E" hereto**)):[5]  These types of claims are based on alleged representations or omissions, and do not satisfy the definition of Product Liabilities because such claims are not "caused by motor vehicles," but are instead caused by statements or omissions.  They also do not "arise directly out of" personal injuries or property damages and are not "caused by accident or incidents."  Instead, they arise from and are caused by statements, omissions or other Old GM conduct.  Such representation or omission-based claims were not assumed by New GM.

*Claims Based on Pre-Sale Accidents* (*e.g.*, *Coleman v. General Motors LLC*, *et al.*, No. 1:15-cv-03961, Complaint (E.D. La.) (**Exh. "F" hereto**)):  The Judgment authorized New GM to send letters to plaintiffs who filed lawsuits asserting claims based on accidents that occurred prior to the 363 Sale, and set forth procedures with respect to such letters and potential responses.  The Scheduling Order superseded certain procedures in the Judgment.  As a result, New GM includes herein a representative example of complaints that assert claims based on pre-363 Sale accidents.  For the reasons set forth in the Sale Agreement, the Decision and the Judgment, New GM is not liable for claims based on accidents that occurred prior to the closing of the 363 Sale.  The Sale Agreement is clear that Retained Liabilities (as defined in Section 2.3(b) of the Sale Agreement) of Old GM specifically include "all Product Liabilities arising in whole or in part from any accidents, incidents or other occurrences that happen prior to the Closing Date[.]"  Sale Agreement, § 2.3(b)(ix); *see also Judgment*, ¶ 7.  Thus, lawsuits filed against New GM that are based on accidents or incidents occurring prior to the closing of the 363 Sale should be dismissed as provided by the Judgment.

Respectfully submitted,

*/s/ Arthur Steinberg*

Arthur Steinberg

AJS/sd

cc:  Edward S. Weisfelner
    Howard Steel
    Sander L. Esserman
    Jonathan L. Flaxer
    S. Preston Ricardo
    Matthew J. Williams
    Lisa H. Rubin
    Keith Martorana
    Daniel Golden

---

[5] Plaintiff filed with this Court a *No Dismissal Pleading Of Carolyn Rickard, Administratrix Of The Estate Of William J. Rickard, Deceased*, dated September 4, 2015 [Dkt. No. 13423].  This letter, and New GM's other letters and pleadings filed pursuant to the Scheduling Order should be deemed its response to the *Rickard* No Dismissal Pleading.

Honorable Robert E. Gerber
September 23, 2015
Page 4

    Deborah J. Newman
    Jamison Diehl
    William Weintraub
    Steve W. Berman
    Elizabeth J. Cabraser
    Robert C. Hilliard
    Gary Peller