# **<u>Exhibit A</u>**

# JAMES WALTER MOORE v. GM, ET AL.

# JAIMIE REDA MOORE v. GM, ET AL.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | SEVENTH JUDICIAL CIRCUIT |
| COUNTY OF SPARTANBURG ) | |
| ) | |
| James Walter Moore, ) | |
| ) | C.A. No. 2011-CP-42-3625 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **FOURTH AMENDED COMPLAINT** |
| ) | (Jury Trial Demanded) |
| Anthony Wade Ross, General Motors, LLC ) | |
| Dura Automotive Systems, Inc., Dura ) | |
| Operating LLC, Sparton Corporation, and ) | |
| Sparton Engineered Products, Inc. – Flora ) | |
| Group, ) | |
| ) | |
| Defendants. ) | |

Plaintiff would respectfully show unto this Court:

### FOR A FIRST CAUSE OF ACTION

1.  Plaintiff is a citizen and resident of Spartanburg County, South Carolina.

2.  Plaintiff is informed and believes that the Defendant Anthony Wade Ross is a citizen and resident of Spartanburg County, South Carolina.

3.  Plaintiff is informed and believes that Defendant General Motors, LLC is a Delaware corporation, doing business in Spartanburg County, South Carolina, and is legally responsible for vehicles manufactured by General Motors Corporation (n/k/a Motors Liquidation Company).

4.  Plaintiff is informed and believes that the Defendant Dura Automotive Systems, Inc., is a corporation organized and existing under and by virtue of the laws of the state of Michigan or one of the other states of the United States of America, doing business throughout the United States.

5.  Plaintiff is informed and believes that Dura Operating, LLC is a corporation organized and existing under and by virtue of the laws of the state of Delaware or one of the other states of the United States of America, doing business throughout the United States, and is a wholly-owned subsidiary of Defendant Dura Automotive Systems, Inc.

6.  Plaintiff is informed and believes that the Defendant Sparton Corporation is a corporation organized and existing under and by virtue of the laws of the state of Ohio or one of the other states of the United States of America, doing business throughout the United States.

7.  Plaintiff is informed and believes that Defendant Sparton Engineered Products, Inc. – Flora Group, is a corporation organized and existing under and by virtue of the laws of the state of Illinois or one of the other states of the United States of America, doing business throughout the United States, and is a wholly-owned subsidiary of Defendant Sparton Corporation.

8.  On or about August 8, 2011, the Plaintiff was traveling in a northeasterly direction on Interstate Highway 85 when the spare tire of the Defendant Ross fell from the 1996 GMC pickup truck that the Defendant Ross was driving, into the path of the Plaintiff. In attempting to avoid the tire, the vehicle of the Plaintiff struck a barrier and overturned. The truck being operated by the Defendant Ross was manufactured by General Motors Corporation (n/k/a Motors Liquidation Company), for whose acts the Defendant General Motors, LLC, is responsible. Upon information and belief, the spare wheel retaining device (device) on this vehicle was designed, manufactured, and/or distributed by one or more of the Defendants: Dura Automotive Systems, Inc.; Dura Operating, LLC; Sparton Corporation; and Sparton Engineered Products, Inc. – Flora Group.

9. As a direct and proximate result, the Plaintiff suffered severe disabling and incapacitating injuries, all of which have caused and will in the future cause the Plaintiff to endure great physical and mental pain and suffering, to require extensive medical treatment and care for the rest of his life, and will prevent him from working and earning an income.

10. The injuries and damages suffered by the Plaintiff herein were the direct and proximate result of the following negligent, wilful, wanton, careless, reckless, and grossly negligent acts of the Defendants herein at the time and place above mentioned:

### AS TO THE DEFENDANT ANTHONY WADE ROSS

a) Failing to maintain his vehicle in a proper condition;

b) Failing to have his vehicle properly secured and serviced; and

c) Operating his vehicle in an unsafe manner.

All of which are in violation of the common statutory laws of the state of South Carolina as wel as the rules and regulations of the South Carolina Department of Transportation.

### AS TO THE DEFENDANT
### GENERAL MOTORS, LLC

a) Failing to design the vehicle properly;

b) Failing to manufacture the vehicle properly;

c) Failing to inspect the vehicle properly;

d) Failing to test the vehicle properly;

e) Failing to warn owners and the public as to the dangerous defect in this vehicle;

f) Failing to recall vehicles with this dangerous condition; and

g) Failing to retrofit vehicles with this dangerous condition.

### AS TO THE DEFENDANTS
### DURA AUTOMOTIVE SYSTEMS, INC.,
### DURA OPERATING, LLC,
### SPARTON CORPORATION, AND

**SPARTON ENGINEERED PRODUCTS,
INC. – FLORA GROUP**

a) Failing to design the device properly;

b) Failing to manufacture the device properly;

c) Failing to test the device properly;

d) Failing to warn owners of the vehicles and the public as to the dangerous defect in this device;

e) Failing to recall the device; and

f) Failing to retrofit vehicles using the device.

**FOR A SECOND CAUSE OF ACTION
AS TO DEFENDANTS GENERAL MOTORS, LLC,
DURA AUTOMOTIVE SYSTEMS, INC.,
DURA OPERATING, LLC
SPARTON CORPORATION, AND
SPARTON ENGINEERED PRODUCTS,
INC. – FLORA GROUP**

11. Plaintiff reiterates and realleges all of the allegations contained in Paragraphs One (1) through Nine (9) of the First Cause of Action as fully as though set forth verbatim.

12. The 1996 pickup truck and the device were in defective condition and unreasonably dangerous to the consumer.

13. As a direct and proximate result, the Plaintiff suffered severe disabling and incapacitating injuries, all of which have caused and will in the future cause the Plaintiff to endure great physical and mental pain and suffering, to require extensive medical treatment and care for the rest of his life, and will prevent him from working and earning an income.

14. Plaintiff is informed and believes that he is entitled to such actual damages from the Defendants General Motors, LLC, Dura Automotive Systems, Inc., Dura Operating, LLC, Sparton Corporation, and Sparton Engineered Products, Inc. – Flora Group, as the jury may determine.

**WHEREFORE**, Plaintiff prays judgment against the Defendants for such actual and punitive damages as the jury may determine, for the costs of this action and for such other and further relief as may seem just and proper.

THE ANTHONY LAW FIRM, P.A.

*/s/ Kenneth C. Anthony, Jr.*

Kenneth C. Anthony, Jr., S.C. Bar No. 0404
K. Jay Anthony, S.C. Bar No. 77433
250 Magnolia Street (29306)
P.O. Box 3565 (29304)
Spartanburg, South Carolina
(864) 582-2355 p
(864) 583-9772 f

**ATTORNEYS FOR THE PLAINTIFF**

Spartanburg, South Carolina
July 29, 2014

Jury Trial Demanded:

*/s/ Kenneth C. Anthony, Jr.*

Kenneth C. Anthony, Jr.
Attorney for Plaintiff

FILED
CLERK OF COURT
SPARTANBURG COUNTY
2014 JUL 29 AM 9:38
HOPE BLACKLEY

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | SEVENTH JUDICIAL CIRCUIT |
| COUNTY OF SPARTANBURG ) | |
| ) | |
| Jaimie Reda Moore, ) | |
| ) | C.A. No. 2011-CP-42-3627 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **FOURTH AMENDED SUMMONS** |
| ) | (Jury Trial Demanded) |
| Anthony Wade Ross, General Motors, LLC ) | |
| Dura Automotive Systems, Inc., Dura ) | |
| Operating LLC, Sparton Corporation, and ) | |
| Sparton Engineered Products, Inc. -- Flora ) | |
| Group, ) | |
| ) | |
| Defendants. ) | |

TO THE DEFENDANTS ABOVE NAMED:

You are hereby summoned and required to answer the Complaint, herewith served upon you, (which was filed in the Office of the Clerk of Court), and to serve a copy of your answer to same upon the subscriber at 250 Magnolia Street, Post Office Box 3565, Spartanburg, South Carolina, 29304, within thirty (30) days after the service hereof, exclusive of the day of such service. If you fail to answer within that time, you will be considered to be in default and the Plaintiff will move before the Court for the relief demanded in the Complaint.

**THE ANTHONY LAW FIRM, P.A.**

_____
Kenneth C. Anthony, Jr., S.C. Bar No. 0404
K. Jay Anthony, S.C. Bar No. 77433
P.O. Box 3565 (29304)
250 Magnolia Street (29306)
Spartanburg, S.C.
(864) 582-2355 p
(864) 583-9772 f
kanthony@anthonylaw.com

**ATTORNEYS FOR THE PLAINTIFF**

July 29, 2014
Spartanburg, South Carolina

STATE OF SOUTH CAROLINA )
) IN THE COURT OF COMMON PLEAS
COUNTY OF SPARTANBURG )

Jaimie Reda Moore, )
)
      Plaintiff, ) **FOURTH**
) **AMENDED COMPLAINT**
vs. ) Case No.: 2011-CP-42-3627
) (Jury Trial Demanded)
Anthony Wade Ross, General )
Motors, LLC, Dura Automotive )
Systems Inc., Dura Operating LLC,)
Sparton Corporation, and Sparton )
Engineered Products, Inc. - Flora )
Group, )
)
      Defendants. )

Plaintiff would respectfully show unto this Court:

### FOR A FIRST CAUSE OF ACTION

1. Plaintiff is a citizen and resident of Spartanburg County, South Carolina.

2. Plaintiff is informed and believes that the Defendant Anthony Wade Ross is a citizen and resident of Spartanburg County, South Carolina.

3. Plaintiff is informed and believes that the Defendant General Motors, LLC, is a Deleware corporation, doing business in Spartanburg County, South Carolina, and is a legally responsible for vehicles manufactured by General Motors Corporation (n/ka Motors Liquidation Company).

4. Plaintiff is informed and believes that the Defendant Dura Automotive Systems, Inc., is a corporation organized and existing under and by virtue of the laws of the state of Michigan or one of the other states of the United States of America, doing business throughout the United States.

5. Plaintiff is informed and believes that Dura Operating, LLC is a corporation organized and existing under and by virtue of the laws of the state of Delaware or one of the other states of the United States of America, doing business throughout the United States, and is a wholly-owned subsidiary of Defendant Dura Automotive Systems, Inc.

6. Plaintiff is informed and believes that the Defendant Sparton Corporation is a corporation organized and existing under and by virtue of the laws of the state of Ohio or one of the other states of the United States of America, doing business throughout the United States.

7. Plaintiff is informed and believes that Defendant Sparton Engineered Products, Inc. – Flora Group, is a corporation organized and existing under and by virtue of the laws of the state of Illinois or one of the other states of the United States of America, doing business throughout the United States, and is a wholly-owned subsidiary of Defendant Sparton Corporation.

8. On or about August 8, 2011, the Plaintiff's husband was traveling in a northeasterly direction on Interstate Highway 85 when the spare tire of the Defendant Ross fell from the 1996 GMC pickup truck that the Defendant Ross was driving, into the path of Plaintiff's husband. In attempting to avoid the tire, the vehicle in which the Plaintiff's husband was driving, struck a barrier and overturned. The truck being operated by the Defendant Ross was manufactured by General Motors Corporation (n/k/a Motors Liquidation Company), for whose acts for the Defendant General Motors, LLC, is responsible. Upon information and belief, the spare wheel retaining device (device) on this vehicle was designed, manufactured and/or distributed by one or more of the Defendants: Dura Automotive Systems, Inc.; Dura Operating, LLC; Sparton Corporation; and Sparton Engineered Products, Inc. - Flora Group.

9. As a direct and proximate result, the Plaintiff's husband suffered severe disabling and incapacitating injuries.

10. As a further direct and proximate result, the Plaintiff has suffered as follows:

   a) Experiencing shock, grief and anguish from having seen her husband so injured, watching and assisting in his protracted recovery and viewing the disability with which he now suffers;

   b) Losing the care and companionship normally received from her husband;

   c) Losing the services and assistance in household chores, repairs, maintenance and other activities usually provided by her husband;

   d) Having to care for and assist her husband during his recovery and after to a greater extent than before.

11. The injuries and damages suffered by the Plaintiff herein were the direct and proximate result of the following negligent, willful, wanton, careless, reckless and grossly negligent acts on the part of the Defendants herein at the time and place above mentioned:

## AS TO THE DEFENDANT
## ANTHONY WADE ROSS

   a) Failing to maintain his vehicle in proper condition;

   b) Failing to have his vehicle properly secured and serviced;

   c) Operating his vehicle in an unsafe manner.

All of which are in violation of the common and statutory laws of the state of South Carolina as well as the rules and regulations of the South Carolina Department of Transportation.

## AS TO THE DEFENDANT
## GENERAL MOTORS, LLC

   a) Failing to design the vehicle properly;

   b) Failing to manufacture the vehicle properly;

   c) Failing to inspect the vehicle properly;

d) Failing to test the vehicle properly;

e) Failing to warn owners and the public as to the dangerous defect in this vehicle;

f) Failing to recall vehicles with this dangerous condition; and

g) Failing to retrofit vehicles with this dangerous condition.

**AS TO THE DEFENDANTS
AS TO DEFENDANTS GENERAL MOTORS, LLC,
DURA AUTOMOTIVE SYSTEMS, INC.
DURA OPERATING, LLC
SPARTON ENGINEERED PRODUCTS,
INC. - FLORA GROUP**

a) Failing to design the device properly;

b) Failing to manufacture the device properly;

c) Failing to test the device properly;

d) Failing to warn owners of vehicles and the public as to the dangerous defect in this device;

e) Failing to recall the device; and

f) Failing to retrofit vehicles using the device.

**FOR A SECOND CAUSE OF ACTION
AS TO DEFENDANTS GENERAL MOTORS, LLC,
DURA AUTOMOTIVE SYSTEMS, INC.
DURA OPERATING, LLC
SPARTON ENGINEERED PRODUCTS,
INC. - FLORA GROUP**

12. Plaintiff reiterates and realleges all of the allegations contained in Paragraphs One (1) through Ten (10) of the First Cause of Action as fully as though set forth verbatim.

13. The 1996 pickup truck and the device were in defective condition and unreasonably dangerous to the consumer.

14. As a direct and proximate result, the Plaintiff's husband suffered severe disabling and incapacitating injuries.

15. Plaintiff is informed and believes that she is entitled to such actual damages from the Defendants General Motors, LLC, Dura Automotive Systems, Inc., Dura Operating, LLC, Sparton Corporation, and Sparton Engineered Products, Inc. - Flora Group, as the jury may determine.

**WHEREFORE**, Plaintiff prays judgment against the Defendants for such actual damages as the jury may determine, for the costs of this action and for such other and further relief as the Court may deem just and proper.

**THE ANTHONY LAW FIRM, P.A.**

_____
Kenneth C. Anthony, Jr., S.C. Bar No. 0404
K. Jay Anthony, S.C. Bar No. 77433
250 Magnolia Street (29306)
Post Office Box 3565 (29304)
Spartanburg, South Carolina
(864) 582-2355 p
(864) 583-9772 f

**ATTORNEYS FOR PLAINTIFF**

July 29, 2014
Spartanburg, South Carolina

Jury Trial Demanded:

_____
Kenneth C. Anthony, Jr.
Attorney for Plaintiff

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | SEVENTH JUDICIAL CIRCUIT |
| COUNTY OF SPARTANBURG ) | |
| ) | |
| James Walter Moore, ) | |
| ) | C.A. No. 2011-CP-42-3625 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **FOURTH AMENDED SUMMONS** |
| ) | (Jury Trial Demanded) |
| Anthony Wade Ross, General Motors, LLC ) | |
| Dura Automotive Systems, Inc., Dura ) | |
| Operating LLC, Sparton Corporation, and ) | |
| Sparton Engineered Products, Inc. – Flora ) | |
| Group, ) | |
| ) | |
| Defendants. ) | |

TO THE DEFENDANTS ABOVE NAMED:

You are hereby summoned and required to answer the Complaint, herewith served upon you, (which was filed in the Office of the Clerk of Court), and to serve a copy of your answer to same upon the subscriber at 250 Magnolia Street, Post Office Box 3565, Spartanburg, South Carolina, 29304, within thirty (30) days after the service hereof, exclusive of the day of such service. If you fail to answer within that time, you will be considered to be in default and the Plaintiffs will move before the Court for the relief demanded in the Complaint.

**THE ANTHONY LAW FIRM, P.A.**

_____
Kenneth C. Anthony, Jr., S.C. Bar No. 0404
K. Jay Anthony, S.C. Bar No. 77433
P.O. Box 3565 (29304)
250 Magnolia Street (29306)
Spartanburg, S.C.
(864) 582-2355 p
(864) 583-9772 f
kanthony@anthonylaw.com

**ATTORNEYS FOR THE PLAINTIFF**

July 29, 2014
Spartanburg, South Carolina

*[Stamp: FILED 2014 JUL 29 AM 9:38 CLERK OF COURT SPARTANBURG COUNTY]*

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF SPARTANBURG  ) | IN THE COURT OF COMMON PLEAS |

| | |
|---|---|
| James Walter Moore,                )<br>                                               )<br>            Plaintiff,                      )<br>                                               )<br>vs.                                          )<br>                                               )<br>Anthony Wade Ross , General   )<br>Motors, LLC and Dura             )<br>Automotive Systems, Inc., Dura )<br>Operating LLC, Sparton            )<br>Corporation, and Sparton          )<br>Engineered Products, Inc. - Flora )<br>Group,                                     )<br>            Defendants.                 ) | Case No.: 2011-CP-42-3625<br><br>**ACCEPTANCE OF SERVICE** |

| | |
|---|---|
| Jaimie Reda Moore,                 )<br>                                               )<br>            Plaintiff,                       )<br>                                               )<br>vs.                                          )<br>                                               )<br>Anthony Wade Ross , General   )<br>Motors, LLC and Dura             )<br>Automotive Systems, Inc., Dura )<br>Operating LLC, Sparton            )<br>Corporation, and Sparton          )<br>Engineered Products, Inc. - Flora )<br>Group,                                     )<br>            Defendants.                 ) | Case No.: 2011-CP-42-3627<br><br>**ACCEPTANCE OF SERVICE** |

DUE and legal service of the within **Fourth Amended Summons and Fourth Amended Compliant** is accepted and retained this _____ day of _____ 2014.


_____
Thomas M. Kennaday
Attorney for General Motors, LLC
Defendant