# __Exhibit B__

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.

SUPERIOR COURT
CIVIL ACTION NO:

## 14   789

RAMONA BENBOW,

Plaintiff,

vs.

**COMPLAINT AND REQUEST**

MEDEIROS WILLIAMS, INC.,
and
GENERAL MOTORS, LLC.,
and DRIVE USA 2, INC.

**FOR JURY TRIAL**

Defendants.

<u>PARTIES</u>

1.    The plaintiff, Ramona Benbow, is a natural person of legal age residing at 33 Genesee Street, First Floor, Springfield, Hampden County, Massachusetts.

2.    The defendant, Medeiros Williams, Inc., (Formerly known as Medeiros / Williams Chevrolet, Inc.) (Hereinafter referred in this Complaint as "Medeiros Williams") was a corporation which was dissolved on December 28, 2012, but at all times relevant hereto conducted business in the Commonwealth of Massachusetts and had a usual place of business located at 2045 Boston Road, Wilbraham, MA.

3.    The defendant, General Motors, LLC, (Formerly known as: General Motors Company and hereinafter referred in this complaint as "General Motors"), is a foreign limited liability company, which has its principal office at 300 Renaissance Center, Detroit, Michigan, and at all times relevant hereto was a Massachusetts corporation conducting business in the Commonwealth of Massachusetts and maintained an office in the Commonwealth, which is presently located at 84 State Street, Boston, Massachusetts.

4.    The Defendant, Drive USA 2, Inc., was a domestic profit corporation involuntarily dissolved by court order or by the Secretary of the Commonwealth of Massachusetts on June 30, 2014, which had a principal place of business at 510 Boston Road, Springfield, Massachusetts, and which was doing business as "Drive USA".

<u>FACTS</u>

5.    On or about February 21, 2009, the plaintiff purchased a 2005 Chevrolet Malibu from the defendant, Drive USA 2 Inc., doing business as Drive USA, in Springfield, Massachusetts.

6.    Beginning in approximately January or February of 2010, the Plaintiff experienced periodic problems operating her 2005 Chevrolet Malibu when the power steering on the vehicle would stop functioning, thereby making it difficult to steer the vehicle in a safe manner.

7.    On March 1, 2010, the plaintiff brought her vehicle to Medeiros Williams. Employees at Medeiros Williams failed to diagnose any problem with the power steering. The plaintiff was sent on her way without being provided any further information nor was she given any options for correcting the periodic problem she experienced steering her vehicle in a safe manner. On this day, the mileage on plaintiff's vehicle was 101,257.

8.    In June, 2010, the plaintiff, Ramona Benbow, received a notice from the defendant General Motors, notifying her of a possible defect in the power steering of her 2005 Chevrolet Malibu. The notice of defect stated that: "if this condition occurs on your 2005 Chevrolet Malibu within 10 years of the date your vehicle was originally placed in service or 100,000 miles whichever occurs first, the condition will be repaired for you at no charge." The notice of defect stated that the car could be safely steered despite the defect in the power steering.

9.    On the date she received the notice of the defect the plaintiff called the defendant, General Motors. The plaintiff was informed by General Motors that they would do nothing to assist her because of the amount of miles on her vehicle. She immediately informed General Motors that her vehicle was not safe to drive and asked for a Supervisor; however, nothing was done to assist or advise her.

10.   On the same day in June of 2010 the plaintiff called Medeiros Williams and spoke with a supervisor in the Service Department. She was told they would not fix the vehicle because the car was over mileage and that no defect had been detected by Medeiros Williams.

11.   On October 14, 2011, the plaintiff was operating her 2005 Chevrolet Malibu on Elm Street in East Longmeadow, Massachusetts when the vehicle lost power steering. She was not able to control the vehicle after the power steering was lost and was involved in a single car accident, sustaining serious personal injuries.

## COUNT I: MEDEIROS WILLIAMS, INC.
### NEGLIGENT FAILURE TO DIAGNOSE, AND/OR IDENTIFY DEFECT IN A MOTOR VEHICLE AND/OR REPAIR VEHICLE AND/OR NEGLIGENT FAILURE TO WARN

12.   The plaintiff reaffirms paragraphs one through eleven of this Complaint and repeats, realleges and incorporates them by reference herein.

13.   The defendant, Medeiros Williams, was negligent in said services provided to the plaintiff, including but not limited to:

-     Failure to properly identify a mechanical problem with the steering;

-     Failure to property inspect the vehicle for mechanical problems;

-     Failure to repair mechanical problems which they knew or should have known were likely to be present in the plaintiff's vehicle;

-     Failure to adequately use, employ or otherwise operate, diagnostic equipment designed to identify mechanical defects in motor vehicles;

- Failure to warn the plaintiff that her vehicle was inherently dangerous to drive;

- Failure to properly test the vehicle for a dangerous mechanical condition;

- Failure to properly respond to a defect notice regarding a serious condition in the steering mechanism of the plaintiffs vehicle; and/or,

- Failure to properly supervise and train its employees, agents and servants in response to vehicles brought in for service, maintenance and /or repair which were the subject of a notice of defect by the manufacturer.

14. As a direct and proximate result of the said negligence by the defendant, Medeiros Williams, the plaintiff, Ramona Benbow, suffered severe pain of body and anguish of mind, has sustained serious personal injuries, has been disabled from her normal activities, suffered a diminution in her capacity to earn, and has incurred, and will continue to incur substantial expenses for medical care and attention.

<u>COUNT II: GENERAL MOTORS, LLC. NEGLIGENT FAILURE TO DIAGNOSE, AND/OR IDENTIFY DEFECT IN A MOTOR VEHICLE, AND/OR REPAIR VEHICLE, AND/OR NEGLIGENT FAILURE TO WARN.</u>

15. The plaintiff reaffirms paragraphs one through fourteen of this Complaint and repeats, realleges and incorporates them by reference herein.

16. The defendant, General Motors, LLC., directly and/or through its agents, dealers, servants and/or employees, failed to repair the plaintiff's power steering, including but not limited to:

- Failure to properly identify a mechanical problem with steering;

- Failure to properly inspect the vehicle for mechanical problems;

- Failure to repair mechanical problems which they knew or should have known were likely to be present in the plaintiff's vehicle;

- Failure to adequately use, employ or otherwise operate, diagnostic equipment designed to identify mechanical defects in motor vehicles;

- Failure to warn the plaintiff that her vehicle was inherently dangerous to drive;

- Failure to properly test the vehicle for a dangerous mechanical condition;

- Failure to properly respond to a inquiries regarding a defect notice it sent to the plaintiff regarding a serious condition in the steering mechanism of the plaintiffs vehicle;

- Failure to properly supervise and train its employees, agents, servants, and/or dealers to respond in a non-negligent manner when  vehicles which were the subject of a notice of defect were brought in for service, maintenance and /or repair;

- Negligently limited options for the consumer to have their vehicles repaired to those vehicles with less than 100,000 miles;

-     Negligently failed to establish adequate procedures, policies, notices, training, and/or communications with its dealers and/or other repair facilities for the identification and/or repair of the defect in the plaintiff's vehicle;

-     Negligently failed to establish adequate procedures, policies, notices and/or communications with owners of 2005 Chevrolet Malibu motor vehicles so that the power steering defect could be identified and/or diagnosed and/or repaired.

17.    As a direct and proximate result of the said negligence by the defendant, General Motors, LLC., the plaintiff, Ramona Benbow, suffered severe pain of body and anguish of mind, has sustained serious personal injuries, has been disabled from her normal activities, suffered a diminution in her capacity to earn, and has incurred, and will continue to incur substantial expenses for medical care and attention.

## COUNT III: NEGLIGENT DESIGN BY GENERAL MOTORS, LLC

18.    The plaintiff reaffirms paragraphs one through seventeen of this Complaint and repeats, realleges and incorporates them by reference herein.

19.    The defendant, General Motors, designed the motor vehicle, and its component parts, which the plaintiff was operating at the time of the automobile accident referenced in Paragraph 10 of this Complaint.

20.    The defendant, General Motors, had a duty to design motor vehicles and the components thereof, including the motor vehicle owned and operated by the plaintiff at the time of the automobile accident referenced in Paragraph 11 of this Complaint, in such a manner so that said motor vehicle was safe for its intended purpose as a means of transportation.

21.    The defendant, General Motors, breached its duty to properly design said motor vehicle, and its component parts, which the plaintiff owned and operated at the time of the automobile accident referenced in Paragraph 11 of this Complaint, such that said vehicle was unsafe for its intended purpose as a means of transportation..

22.    As a direct and proximate result of said breach of its duty to safely design said motor vehicle and its component parts, the plaintiff suffered severe pain and body and anguish of mind, has sustained serious personal injuries, has been disabled from her normal activities, suffered a diminution in her capacity to earn, and has incurred, and will continue to incur, substantial medical expenses for medical care and attention.

## COUNT IV: GENERAL MOTORS, LLC: NEGLIGENT MANUFACTURE OF PLAINTIFF'S MOTOR VEHICLE

23.    The plaintiff reaffirms paragraphs one through twenty-two of this Complaint and repeats, realleges and incorporates them by reference herein.

24.    The defendant, General Motors, had a duty to manufacture automobiles, including the motor vehicle owned and operated by the plaintiff at the time of the automobile accident referenced in Paragraph 11 of this Complaint, such that said motor vehicle was safe as a means of transportation.

25.    The defendant, General Motors, breached its duty to properly manufacture the motor vehicle operated by the plaintiff at the time of the automobile accident referenced in Paragraph 11 of this Complaint, such that said vehicle was unsafe for its intended purpose as a means of transportation.

26.     As a direct and proximate result of the said negligence of the defendant, General Motors, the plaintiff suffered severe pain of body and anguish of mind, has sustained serious personal injuries, has been disabled from her normal activities, suffered a diminution in her capacity to earn, and has incurred, and will continue to incur substantial expenses for medical care and attention.

## COUNT V GENERAL MOTORS, LLC: BREACH OF WARRANTY

27.     The plaintiff reaffirms paragraphs one through twenty-six of this Complaint and repeats, realleges and incorporates them by reference herein.

28.     The defendant, General Motors, sold the motor vehicle which the plaintiff was operating at the time of the automobile accident referenced in Paragraph 11 of this Complaint.

29.     The defendant, General Motors, impliedly warranted to consumers, including the plaintiff as an owner of a 2005 Chevrolet Malibu, that said vehicle, and each of its component parts, was merchantable, safe and/or free of defects.

30.     The vehicle sold by the defendant, General Motors, and owned by the plaintiff at the time of the automobile accident referenced in Paragraph 11 of this Complaint, had a defect and was therefore unsafe at the time the defendant sold said motor vehicle.

31.     As said motor vehicle was defective at the time of said sale, the defendant, General Motors, breached its said implied warranties that the vehicle owned and operated by the plaintiff at the time of the automobile accident referenced in Paragraph 11 of this Complaint was merchantable, safe, and/or free of defects.

32.     As a direct and proximate result of the said breach of said implied warranties by the defendant, General Motors, the plaintiff suffered severe pain of body and anguish of mind, has sustained serious injuries, has been disabled from her normal activities, suffered a diminution in her capacity to earn, and has incurred, and will continue to incur substantial expenses for medical care and attention.

## COUNT VI: DRIVE USA 2, INC.: BREACH OF WARRANTY

33.     The plaintiff reaffirms paragraphs one through thirty-two of this Complaint and repeats and realleges and incorporates them by reference herein.

34.     The defendant, Drive USA 2, Inc., sold the motor vehicle which the plaintiff was operating at the time of automobile accident referenced in Paragraph 11 of this Complaint.

35.     The defendant, Drive USA 2, Inc., impliedly warranted to consumers, including the plaintiff as an owner of a 2005 Chevrolet Malibu, that said vehicle, and each of its component parts, was merchantable, safe and/or free of defects.

36.     The vehicle sold by the defendant, Drive USA 2, Inc., and owned by the plaintiff at the time of the automobile accident referenced in Paragraph 11 of this Complaint, had a defect and was therefore unsafe at the time the defendant sold said motor vehicle.

37.    As said motor vehicle was defective at the time of said sale, the defendant, Drive USA 2, Inc, breached its said implied warranties that the vehicle owned and operated by the plaintiff at the time of the automobile accident referenced in Paragraph 11 of this Complaint was merchantable, safe, and/or free of defects.

38.    As a direct and proximate result of the said breach of said implied warranties by the defendant, Drive USA 2, Inc., the plaintiff suffered  severe pain of body and anguish of mind, has sustained serious injuries, has been disabled from her normal activities, suffered a diminution in her capacity to earn, and has incurred, and will continue to incur substantial expenses for medical care and attention.

Wherefore, pursuant to Count I of this Complaint, the plaintiff demands judgment against the defendant, Medeiros Williams, Inc., in an amount which will adequately compensate her for her severe pain of body and anguish of mind, serious personal injuries, disability from her normal activities, diminution of her capacity to earn, and expenses for past and future medical care and attention, plus interest, costs and attorney's fees, and such other relief as this court deems just and proper.

Wherefore, pursuant to Counts II, III, IV and V of this Complaint, the plaintiff demands judgment against the defendant, General Motors, LLC., in an amount which will adequately compensate her for her severe pain of body and anguish of mind, serious personal injuries, disability from her normal activities, diminution of her capacity to earn, and expenses for past and future medical care and attention, plus interest, costs and attorney's fees, and such other relief as this court deems just and proper.

Wherefore, pursuant to Count VI of this Complaint, the plaintiff demands judgment against the defendant, Drive USA 2, Inc., in an amount which will adequately compensate her for her  severe pain of body and anguish of mind, serious personal injuries, disability from her normal activities, diminution of her capacity to earn, and expenses for past and future medical care and attention, plus interest, costs and attorney's fees, and such other relief as this court deems just and proper

The plaintiff, Ramona Benbow, hereby requests a trial by jury on all counts and issues of this Complaint which may be tried to a jury.

The Plaintiff
By Her Attorneys
FEIN, EMOND & APPLEBAUM, P.C.

Eric D. Applebaum, Esq.
52 Mulberry Street
Springfield, MA  01105
Tel:  (413) 781-5400
Fax: (413) 739-0801
BBO#: 560298
Date: Oct. 14, 2014

## CERTIFICATE OF COMPLIANCE

I, Eric D. Applebaum, Esq., hereby certify that the foregoing Complaint has been filed within the time period provided therefor.

Eric D. Applebaum, Esq.