# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel:  (212) 556-2100
Fax:  (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial:  212-556-2158
asteinberg@kslaw.com

September 25, 2015

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

> Re:   In re Motors Liquidation Company, *et al.*
>       Case No. 09-50026 (REG)
>
> **Explanatory Letter With Respect to Marked MDL Complaint**

Dear Judge Gerber:

Pursuant to Your Honor's September 3, 2015 *Scheduling Order Regarding Case Management Order Re: No-Strike, No Stay, Object, and GUC Trust Asset Pleading* (Dkt. No. 13416), we submit this letter setting forth New GM's position with respect to the Marked Second Amended Consolidated Complaint, submitted simultaneously herewith. ("**Marked MDL Complaint**").[1]  The Marked MDL Complaint[2] includes parties, factual allegations and claims that violate the Judgment, the April 15 Decision, and the Sale Order.[3]  The Marked MDL

---

[1] New GM incorporates by reference its Response to the Ignition Switch Plaintiffs' No Strike Pleading and Non-Ignition Switch Plaintiffs' Objection Pleading, dated July 23, 2015 [Dkt. No. 13316), its Opening Brief regarding the Punitive Damages Issue, dated September 13, 2015 [Dkt. No. 13437], and its Opening Brief regarding the Imputation Issue [Dkt. No. 13451], dated September 18, 2015.  The issues raised by the Marked MDL Complaint are also found in other complaints filed in lawsuits, some in MDL 2543 and some not.  New GM's arguments are equally applicable to such other lawsuits and any rulings by the Court should be binding on all plaintiffs with complaints raising similar issues.

[2] Despite totaling more than 1,200 pages and 5,500 paragraphs, the MDL Complaint in fact presents only a handful of discrete issues for resolution by this Court.  For example, at least 308 pages set out, on a wholesale basis, underlying factual allegations alleging Old GM conduct or seeking to impute knowledge of such conduct to New GM; moreover, 843 pages set out largely repetitive state law claims for each of the 50 states.

[3] Judgment, entered on June 1, 2015 ("**Judgment**"), *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015) ("**April 15 Decision**"), and Order, dated July 5, 2009 ("**Sale Order**").

Honorable Robert E. Gerber
September 25, 2015
Page 2

Complaint is highlighted with different colors to identify the allegations that violate the Sale Order: (1) blue, for named plaintiffs and plaintiff classes/subclasses asserting claims based on Old GM vehicles; (2) yellow, for allegations based on Old GM conduct that support claims for Retained Liabilities; (3) pink, for claims alleging that New GM committed fraud in connection with Old GM's bankruptcy; and (4) orange, for claims alleging plaintiffs are entitled to contractual damages as third-party beneficiaries of the Sale Agreement.[4]

If the Court agrees with New GM's arguments, all Old GM vehicle plaintiffs and all Old GM conduct allegations and corresponding causes of action will be stricken. Put another way, *every* cause of action in the MDL Complaint arising from Old GM vehicle plaintiffs and/or Old GM conduct—including but not limited to (a) violations of consumer protection statutes, (b) fraud, (c) breach of implied warranty of merchantability and violations of the Magnuson-Moss Warranty Act, and (d) unjust enrichment—are Retained Liabilities and should be stricken. Therefore, assuming New GM's arguments prevail, the MDL Complaint will be properly narrowed to New GM vehicle plaintiffs, New GM conduct allegations, and corresponding causes of action.

However, if the Court determines that certain Old GM conduct allegations and related causes of action, or certain Old GM vehicle plaintiffs, are permitted to proceed, this Court will then need to determine which causes of action and which damage theories are barred by the Sale Order. In particular, as stated in New GM's Opening Brief regarding the Punitive Damages Issue, all punitive damages claims relying on Old GM conduct are barred, as are punitive damages claims against New GM premised on Old GM conduct. In addition, plaintiffs' claims for diminution of value of tens of millions of Old GM vehicles based on the purported tarnishing of the GM brand that diminished the value of all their vehicles—even those vehicles that have *never been subject to any recall*—also are necessarily barred by the Sale Order.

***Blue Coded Allegations:*** The Marked MDL Complaint identifies 63 named plaintiffs and a proposed subclass of plaintiffs who purchased vehicles that were manufactured by Old GM before the 363 Sale, and also identifies state law claims brought on their behalf. *See* MDL Complaint, 14-MD-2543 [ECF No. 1139]. Although plaintiffs assert that the MDL Complaint does not include successor liability claims, that is not the case. The MDL Complaint includes the same claims and damage theories that pre-363 Sale plaintiffs alleged in the Pre-Sale Consolidated Complaint, which is directly contrary to the Judgment. The Judgment held that "all claims and/or causes of action that the Ignition Switch Plaintiffs may have against New GM concerning an Old GM vehicle or part seeking to impose liability or damages based in whole or in part on Old GM conduct (including, without limitation, on any successor liability theory of recovery) are barred and enjoined pursuant to the Sale Order." Judgment, ¶ 9. Although this Court expressly stayed all litigation relating to the Pre-Sale Consolidated Complaint that relied on Old GM conduct and successor liability claims pending the outcome of any appeal, plaintiffs

---

[4] New GM has endeavored to consistently mark-up the allegations and causes of action contained in the MDL Complaint that violate the Sale Order, the April 15 Decision and the Judgment. However, the MDL Complaint is over 1,200 pages and is nothing resembling a "short and plain statement." To the extent that an allegation and/or cause of action was inadvertently not marked, but should have been (consistent with other marked portions of the Marked MDL Complaint), such portion should be deemed marked by New GM for purposes herein.

Honorable Robert E. Gerber
September 25, 2015
Page 3

have improperly attempted to sidestep the Judgment by including the same proscribed claims of pre-363 Sale plaintiffs in the MDL Complaint. *Id.* ¶ 10(a).

Further, the Marked MDL Complaint identifies 50 additional named plaintiffs and portions of the proposed nationwide class who purchased used Old GM vehicles after the closing of the 363 Sale from third parties with no connection to New GM. The inclusion of such plaintiffs' claims violates this Court's April 15 Decision, which held that "if the Sale Order and Injunction would have applied to the original owner who purchased the vehicle prior to the 363 Sale, it equally applies to the current owner who purchased the vehicle after the 363 Sale." April 15 Decision, 529 B.R. at 572. The claims of plaintiffs who purchased Old GM vehicles from Old GM or from a third party unrelated to New GM—whether before or after the closing of the 363 Sale—should be stricken.

This is particularly true with regard to the Non-Ignition Switch Plaintiffs. The Court held that with respect to Non-Ignition Switch Plaintiffs, the Sale Order prohibits all claims against New GM that are not Assumed Liabilities. In other words, the Sale Order was modified to allow only Ignition Switch Plaintiffs (and not Non-Ignition Switch Plaintiffs) to assert Independent Claims that would otherwise be barred by the Sale Order.[5] In the absence of any exclusion for Independent Claims, there is no theory pursuant to which the Non-Ignition Switch Plaintiffs can pursue any claim premised on any Old GM vehicle.

Plaintiffs also purport to assert a claim for negligent failure to recall "on behalf of California residents who are members of the Nationwide Post-Sale Ignition Switch Defect Subclass and the Pre-Sale Ignition Switch Defect Subclass." *See* MDL Complaint ¶¶ 1545–1553. To the extent the "Pre-Sale Ignition Switch Defect Subclass" is stricken, the remaining claim with regard to the "Nationwide Post-Sale Ignition Switch Defect Subclass" would not be barred by the Judgment. If any of the Pre-Sale Subclass is permitted to proceed, a claim of negligent failure to recall would nevertheless be barred. In the Sale Order, New GM assumed only precisely defined categories of "Assumed Liabilities" for vehicles/ parts manufactured/ sold by Old GM. *See* Sale Agreement § 2.3(a). All other liabilities relating to vehicles/parts manufactured/sold by Old GM were "Retained Liabilities" of Old GM. See id. § 2.3(b). The covenant to comply with the Safety Act (as herein defined) was not an Assumed Liability. Accordingly, plaintiffs' negligent failure to recall claim is an Old GM Retained Liability that is proscribed by the Sale Order and, therefore, should be stricken.

---

[5] *See In re Motors Liquidation Co.*, 531 B.R. 354, 360 (Bank. S.D.N.Y. 2015) ("The Non–Ignition Switch Plaintiffs' claims remain stayed, and properly so; those Plaintiffs have not shown yet, if they ever will, that they were known claimants at the time of the 363 Sale, and that there was any kind of a due process violation with respect to them. ***And unless and until they do so, the provisions of the Sale Order, including its injunctive provisions, remain in effect.*** Similar considerations (and also mootness points) may apply with respect to the allowance of late Non–Ignition Switch Plaintiffs' claims.") (emphasis added)).

Honorable Robert E. Gerber
September 25, 2015
Page 4

*Yellow Coded Allegations:* The Marked MDL Complaint identifies numerous paragraphs containing improper allegations of Old GM conduct that are the basis for their Retained Liabilities claims. *See, e.g.*, MDL Complaint, ¶¶ 253-297 (ECF No. 1039).[6]  In some of the MDL Complaint's paragraphs, plaintiffs preface their allegations by adding the words "New GM knew that . . ." before the Old GM conduct allegation.  But that does not change the nature of the Retained Liabilities being asserted against New GM, or the reason why such Old GM conduct allegations are being made. The Court unequivocally ruled that "[c]laims premised in any way on Old GM conduct are properly proscribed under the Sale Agreement and the Sale Order, and by reason of the Court's other rulings, the prohibitions against the assertion of such claims stand."  April 15 Decision, 529 B.R. at 528; *see also* Judgment, ¶ 9.[7]  Plaintiffs cannot circumvent the Judgment simply by adding a four-word preface to allegations asserted in prior iterations of the MDL Complaint that were held to be barred by the Sale Order. Nor can the alleged conduct or knowledge of Old GM employees be imputed, automatically and wholesale, into a complaint purportedly brought against New GM.  *See* New GM's Opening Brief regarding the Imputation Issue [Dkt. No. 13451], and its forthcoming Reply Brief.

Furthermore, the Marked MDL Complaint identifies allegations containing improper references to GM—for example, "the GM brand," "GM-branded vehicles," "GM vehicles," and "GM vehicle owners."  Plaintiffs' merging of Old GM and New GM in their defined terms was purposeful and violated the Court's prior rulings.  *See In re Motors Liquidation Co.*, 514 B.R. 377, 382 n.24 (Bankr. S.D.N.Y. 2014).  Ambiguous references to "GM" in the MDL Complaint should be modified.[8]

*Pink Coded Allegations:* The Marked MDL Complaint identifies claims alleging that *New* GM committed fraud in connection with *Old* GM's bankruptcy ("**<u>Bankruptcy Fraud Claim</u>**").  Specifically, plaintiffs assert that, "[b]ut for New GM's fraudulent concealment of the ignition switch defects, [putative class members] would have filed claims against Old GM before the Bar Date."  *E.g.*, MDL Complaint, ¶ 1182.  But the Judgment specifically precludes "all claims and/or causes of action . . . seeking to impose liability or damages based in whole or in part on Old GM conduct (including, without limitation, on any successor liability theory of recovery)."  Judgment, ¶ 9. It is difficult to conceive of a more axiomatic successor liability claim than that *New GM* purportedly committed fraud in connection with *Old GM's* establishment of the bar date for filing claims against Old GM after the 363 Sale closed.  This

---

[6] In determining that complaints filed by Arizona and California should be stayed, this Court similarly noted that the States' complaints impermissibly contained, respectively, 60 and 18 paragraphs alleging pre-363 Sale conduct, and that "[r]eliance on allegations of that character was expressly prohibited under the Court's decision."  *In re Motors Liquidation Co.,* 531 B.R. 354, 358 (Bankr. S.D.N.Y. 2015).

[7] *See also Decision On Motion For 60(B) Relief (Doris Phillips), In re Motors Liquidation Co.*, 533 B.R. 46, 51 n. 10 (Bankr. S.D.N.Y. 2015) ("Presumably her counsel envisioned a theory based on a species of successor liability or other theory under which New GM would be responsible for Old GM's acts.  But theories of this character cannot be asserted under the Court's recent opinions. . . .").

[8] The MDL Complaint's class and subclass definitions, and concomitant causes of action, intermix both plaintiffs who purchased Old GM vehicles from Old GM (or an unrelated third party), and those that purchased New GM vehicles from New GM.  New GM did not mark entire causes of action that might relate to both Old GM vehicle owner plaintiffs and New GM vehicle owner plaintiffs. If it had done so, almost every cause of action would have been marked.

Honorable Robert E. Gerber
September 25, 2015
Page 5

type of claim, which involves a bar date notice approved by the Court at the request of Old GM and concerns solely Old GM conduct in connection with its creditors, is proscribed by the April 15 Decision and the Judgment.[9]   Plaintiffs' bankruptcy fraud claims therefore are barred.

     ***Orange Coded Allegations:*** The Marked MDL Complaint identifies claims alleging that plaintiffs are somehow third-party beneficiaries under the Sale Agreement so that they can assert a purported breach of the recall covenant contained in Section 6.15 of the Sale Agreement.  *E.g.*, MDL Complaint, ¶¶ 1277–1286.  But the Sale Agreement expressly disclaims any third-party beneficiary claims: "nothing express or implied in this Agreement is intended or shall be construed to confer upon or give to any Person, other than the Parties, their Affiliates and their respective permitted successors or assigns, any legal or equitable Claims, benefits, rights or remedies of any nature whatsoever under or by reason of this Agreement." Sale Agreement, § 9.11.  And New GM's separate covenant to comply with the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101, et seq. ("**Safety Act**") flows to the government and does not create an independent obligation or duty to any third party like plaintiffs.[10]  Thus, no plaintiff is a third-party beneficiary under the Sale Agreement, and plaintiffs cannot base a third-party claim on New GM's failure to comply with the Safety Act.

*    *    *

     The April 15 Decision, the Judgment, and the Court's prior rulings gave plaintiffs' ample guidance as to how the MDL Complaint should have been amended.  They simply ignored all of the Court's prior admonitions, and they should now bear the consequences of their actions.

     Once plaintiffs' improper claims and allegations are stricken or modified, the MDL Complaint will include only New GM vehicle plaintiffs asserting claims against New GM for New GM conduct, as permitted by the Sale Order and the rulings of this Court.

                           Respectfully submitted,

                           */s/ Arthur Steinberg*

                           Arthur Steinberg

AJS/sd

cc:   Edward S. Weisfelner
      Howard Steel
      Sander L. Esserman

---

[9] New GM incorporates by reference its arguments against the Bankruptcy Fraud Claim set forth in its *Response to Adams Plaintiffs' No Dismissal Pleading*, dated September 3, 2015 [Dkt. No. 13422].

[10] Indeed, a claimed breach of the Safety Act does not provide for an individual consumer cause of action.  *See Handy v. Gen. Motors Corp.*, 518 F.2d 786, 788 (9th Cir. 1975) (*per curiam*); *see also Ayres v. GMC*, 234 F.3d 514, 522 (11th Cir. 2000) (Safety Act confers no private right of action).

Honorable Robert E. Gerber
September 25, 2015
Page 6

Jonathan L. Flaxer
S. Preston Ricardo
Matthew J. Williams
Lisa H. Rubin
Keith Martorana
Daniel Golden
Deborah J. Newman
Jamison Diehl
William Weintraub
Steve W. Berman
Elizabeth J. Cabraser
Robert C. Hilliard
Gary Peller