# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

September 25, 2015

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

    Re: In re Motors Liquidation Company, *et al.*
       Case No. 09-50026 (REG)

      **Explanatory Letter With Respect to Marked State Complaints**

Dear Judge Gerber:

  Pursuant to Your Honor's September 3, 2015 *Scheduling Order* (Dkt. No. 13416), we submit this letter setting forth New GM's position with respect to the Complaints filed in *People of California v. General Motors LLC*, *et al.*, No. 30-2014-00731038-CUBT-CXC (Orange County, Cal.) (**Exh. "A" hereto**), and *State of Arizona v. General Motors LLC*, No. CV2014-014090 (Maricopa County, Ariz.) (**Exh. "B" hereto**) ("**Marked State Complaints**").[1] The Marked State Complaints include factual allegations and claims that violate the Judgment, the April 15 Decision and the Sale Order.[2] Specifically, the State Complaints (a) include many allegations relating to Old GM conduct and otherwise attempt to impute Old GM conduct and knowledge, automatically and on a wholesale basis, to New GM; and (b) assert claims and damages based on vehicles manufactured by Old GM and intentionally and improperly intermingle allegations of Old GM and

---

[1] New GM incorporates by reference its arguments set forth in its *Omnibus Response to the No Strike Pleadings Filed by the States of Arizona and California*, dated July 10, 2015 [Dkt. No. 13286], its *Opening Brief regarding the Punitive Damages Issue*, dated September 13, 2015 [Dkt. No. 13437], and its *Opening Brief regarding the Imputation Issue* [Dkt. No. 13451], dated September 18, 2015. The issues raised herein and in the Marked States Complaint are also found in other complaints filed against New GM in MDL 2543 and elsewhere. The arguments contained herein are equally applicable to such other lawsuits and any rulings by the Court should be binding on all plaintiffs with complaints raising similar issues.
[2] June 1, 2015 Judgment [Dkt. No. 13177] ("**Judgment**"); *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015) ("**April 15 Decision**"); and Order, dated July 5, 2009 ("**Sale Order**").

Honorable Robert E. Gerber
September 25, 2015
Page 2

New GM vehicles.[3]  Accordingly, the accompanying Marked State Complaints are highlighted with different colors to identify the allegations that violate the Sale Order:  (1) yellow, for allegations based on Old GM conduct; and (2) blue, for allegations relating to vehicles manufactured by Old GM.[4]

*Yellow Coded Allegations:* As this Court has already found, the State Complaints include multiple paragraphs containing improper allegations of Old GM conduct.  *See In re Motors Liquidation Co.,* 531 B.R. 354, 358 (Bankr. S.D.N.Y. 2015) (noting that the Arizona and California Complaints impermissibly contained, respectively, 60 and 18 paragraphs alleging pre-363 Sale conduct).  The Court concluded that "[r]eliance on allegations of that character was expressly prohibited under the Court's decision."  *Id.*; *see also* April 15 Decision, 529 B.R. at 528 ("Claims premised in any way on Old GM conduct are properly proscribed under the Sale Agreement and the Sale Order, and by reason of the Court's other rulings, the prohibitions against the assertion of such claims stand."); *see also* Judgment, ¶ 9.[5]  The States simply chose to ignore the Court's directive and never amended their complaints.

More broadly, the State Complaints attempt to impute wholesale to New GM the knowledge, policies, and practices of Old GM without specifying whose knowledge, and what policies and practices, impacted particular New GM conduct, and how all of that relates to the States' claims.  *See* Calif. Compl. ¶¶ 33, 199; Ariz. Compl. ¶¶ 102, 119.  The States cannot import, whole cloth, pages and pages of Old GM conduct allegations, then argue it is acceptable to do so because Old GM conduct allegations are broadly and generically relevant to their claims.  Pleading in such a "broad brush" fashion essentially asserts a successor liability claim.[6]  Whether New GM may or may not have inherited "knowledge" or "practices" from its predecessor is not the proper question.  Instead, the relevant inquiry is whether New GM had *obligations* relating to Old GM vehicles and thereafter engaged in conduct that breached such obligations to third parties.  Knowledge and practices are only relevant to the extent New GM has such obligations. For the reasons described in New GM's Opening Brief regarding the Imputation Issue [Dkt. No. 13451], and its forthcoming Reply Brief, plaintiffs' attempt to automatically and wholesale impute to New GM knowledge of events that took place at Old GM or information contained in Old GM's books and records violates the Sale Order.

---

[3] California also asserts that, with respect to Defective Vehicles, GM failed to conduct an adequate retrofit campaign and/or warn of the danger presented by the defects after becoming aware of them.  Calif. Compl. ¶ 251.  Because the Complaint does not specify Old GM or New GM, and defines "Defective Vehicles" as including both New and Old GM vehicles, this allegation improperly implicates Old GM vehicles and Old GM conduct.  In the Sale Order, New GM assumed only precisely defined categories of "Assumed Liabilities" for vehicles and parts manufactured/sold by Old GM.  *See* Sale Agreement § 2.3(a).  All other liabilities relating to vehicles/parts manufactured/sold by Old GM were "Retained Liabilities" of Old GM.  *See id.* § 2.3(b).  To the extent plaintiffs assert claims against New GM for Old GM's Retained Liabilities (*i.e.*, relating to Old GM vehicles or Old GM conduct), such claims are proscribed by the Sale Order and should be stricken.

[4] New GM has endeavored to consistently mark-up the allegations and causes of action contained in the State Complaints that violate the Sale Order, the April 15 Decision and the Judgment.  To the extent that an allegation or cause of action was inadvertently not marked, but should have been consistent with other marked portions of the Marked State Complaints, such portion should be deemed marked by New GM for purposes herein.

[5] *See also In re Motors Liquidation Co.*, 533 B.R. 46, 51 n.10 (Bankr. S.D.N.Y. 2015) ("Presumably her counsel envisioned a theory based on a species of successor liability or other theory under which New GM would be responsible for Old GM's acts.  But theories of this character cannot be asserted under the Court's recent opinions. . . .").

Honorable Robert E. Gerber
September 25, 2015
Page 3

    ***Blue Coded Allegations***: The State Complaints also improperly attempt to assert claims and establish damages based on Old GM vehicles manufactured before the 363 Sale, both Old GM vehicles purchased new from dealers prior to New GM's existence and those purchased used from third parties after the Sale Order. The Judgment held that claims for pre-363 Sale vehicles sold by Old GM are barred: "all claims and/or causes of action that the Ignition Switch Plaintiffs may have against New GM concerning an Old GM vehicle or part seeking to impose liability or damages based in whole or in part on Old GM conduct (including, without limitation, on any successor liability theory of recovery) are barred and enjoined pursuant to the Sale Order." Judgment, ¶ 9. The same result was reached with regard to Old GM vehicles purchased used from unrelated third parties: "if the Sale Order and Injunction would have applied to the original owner who purchased the vehicle prior to the 363 Sale, it equally applies to the current owner who purchased the vehicle after the 363 Sale." April 15 Decision, 529 B.R. at 572. The States do not explain what purportedly "Independent Claims" they have with regard to an Old GM vehicle. Their claims are premised exclusively on consumer fraud and false advertising statutes, which necessarily concern the time and point of sale. It is necessarily impossible for any New GM statement, regardless of its content, to influence the decision to purchase an Old GM vehicle before New GM ever existed; nor can the States explain how New GM advertising about New GM vehicles purportedly impacted the decision to purchase a used Old GM vehicle from a third party, non-GM dealer.[6]

    Furthermore, the State Complaints intentionally and improperly use terms such as "GM-branded vehicles," "GM vehicles," and "Defective Vehicles" to refer to vehicles manufactured by both New GM and Old GM. Such references to Old GM conduct and vehicles in the State Complaints should be stricken and ambiguous references to "GM" in the MDL Complaint should be modified.[7]

*    *    *

    Since the States failed to obey the Court's directives set forth in the Judgment and other rulings to amend their complaints, their claims should be stayed until the appeal of the Judgment is resolved.

Respectfully submitted,

*/s/ Arthur Steinberg*

Arthur Steinberg

---

[6] New GM does not object or seek to strike under the Sale Order claims based exclusively on "certified" pre-owned Old GM vehicles, pursuant to which New GM issued an additional limited warranty upon the dealer's sale of a certified used vehicle.

[7] The State Complaints explicitly define some of these terms to include both New GM and Old GM vehicles. *See* Ariz. Compl. ¶ 5 n.1 ("The term 'GM-branded vehicles' refers to vehicles manufactured and sold by both New GM, and its predecessor, 'Old GM.'"); Calif. Compl. ¶ 2 (defining "GM-branded vehicles" as "vehicles sold by GM, and by its predecessor, 'Old GM'"); *id.* ¶ 4 (defining "Defective Vehicles" to include 17 million "GM-branded vehicles"). In other words, the States have acknowledged that they are intermingling Old GM vehicles and New GM vehicles in this way, explaining previously to this Court that "[t]he term 'GM vehicles' (or 'GM-branded vehicles') as used in the State Lawsuits is a generic term for GM vehicles—***regardless of whether they were sold by Old GM or New GM***." Calif. No Strike Pldg. at 2 n.4 (emphasis added); Ariz. No Strike Pldg. at 2 n.3 (same).

Honorable Robert E. Gerber
September 25, 2015
Page 4

AJS/sd

cc:   Edward S. Weisfelner
      Howard Steel
      Sander L. Esserman
      Jonathan L. Flaxer
      S. Preston Ricardo
      Matthew J. Williams
      Lisa H. Rubin
      Keith Martorana
      Daniel Golden
      Deborah J. Newman
      Jamison Diehl
      William Weintraub
      Steve W. Berman
      Elizabeth J. Cabraser
      Robert C. Hilliard
      Gary Peller