# **Exhibit A**

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE.**　　**2. PLEASE TYPE OR PRINT.**　　**3. STAPLE ALL ADDITIONAL PAGES**

| | | |
|---|---|---|
| Case Caption:<br><br>In the Matter of: Motors Liquidation Company.<br>Celestine Elliott, Lawrence Elliott, Berenice Summerville,<br>v.<br>General Motors LLC; Wilmington Trust Company; Participating Unitholders; Ignition Switch Plaintiffs, Ignition Switch Pre-Closing Accident Plaintiffs, Groman Plaintiffs. | District Court or Agency:<br>USDC Bankr. SDNY | Judge:<br>Robert Gerber |
| | Date the Order or Judgment Appealed from was Entered on the Docket:<br>09/09/2015 | District Court Docket No.:<br>09-50026 |
| | Date the Notice of Appeal was Filed:<br>09/09/2015 | Is this a Cross Appeal?<br>✓ Yes　　　No |

**Attorney(s) for Appellant(s):**

Plaintiff

Defendant

Counsel's Name:　Address:　Telephone No.:　Fax No.:　E-mail:

See attached.

**Attorney(s) for Appellee(s):**

Plaintiff

Defendant

Counsel's Name:　Address:　Telephone No.:　Fax No.:　E-mail:

(1) Arthur Steinberg, Esq., King & Spalding, LLP, 1185 Avenue of the Americas, New York, New York 10036; 212-556-2100; Fax-212-556-2222; asteinberg@kslaw.com; and (2) Richard Godfrey, P.C., and Andrew Bloomer, P.C., Kirkland & Ellis LLP, 300 North LaSalle Drive, Chicago, IL 60654; 312-862-2000; Fax-312-862.2200; rgodfrey@kirkland.com; abloomer@kirkland.com
See attached for other appellees/cross-appellants

| Has Transcript Been Prepared?<br><br>Yes | Approx. Number of Transcript Pages:<br><br>330 | Number of Exhibits Appended to Transcript:<br><br>0 | Has this matter been before this Circuit previously?　　Yes　✓ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:　　Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

***ADDENDUM "A":*** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

***ADDENDUM "B":*** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| U.S. a party　　　　Diversity<br><br>✓ Federal question　　Other (specify):<br>(U.S. not a party) | Final Decision　　　Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br><br>Interlocutory Decision<br>Appealable As of Right　　✓ Other (specify): 28 USC 158(d)(2)(A) |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B:  DISTRICT  COURT  DISPOSITION**   (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief |
|---|---|---|---|

**1. Stage of Proceedings**

_ Pre-trial
_ During trial
✓ After trial

**2. Type of Judgment/Order Appealed**

_ Default judgment
_ Dismissal/FRCP 12(b)(1)
   lack of subj. matter juris.
_ Dismissal/FRCP 12(b)(6)
   failure to state a claim
_ Dismissal/28 U.S.C. § 1915(e)(2)
   frivolous complaint
_ Dismissal/28 U.S.C. § 1915(e)(2)
   other dismissal

_ Dismissal/other jurisdiction
_ Dismissal/merit
✓ Judgment / Decision of the Court
_ Summary judgment
_ Declaratory judgment
_ Jury verdict
_ Judgment NOV
_ Directed verdict
_ Other (specify):

**3. Relief**

Damages:                          ✓ Injunctions:

_ Sought: $ _____              ✓ Preliminary
_ Granted: $ _____            ✓ Permanent
_ Denied: $ _____              _ Denied

---

**PART C:  NATURE OF SUIT**   (Check as many as apply)

**1. Federal Statutes**

_ Antitrust              _ Communications        _ Freedom of Information Act
✓ Bankruptcy        _ Consumer Protection  _ Immigration
_ Banks/Banking    _ Copyright □ Patent     _ Labor
_ Civil Rights          _ Trademark               _ OSHA
_ Commerce,          _ Election                   _ Securities
_ Energy                _ Soc. Security            _ Tax
_ Commodities       _ Environmental
_ Other (specify): _____

**2. Torts**

_ Admiralty/
   Maritime
_ Assault /
   Defamation
_ FELA
_ Products Liability
_ Other (Specify):

**3. Contracts**

_ Admiralty/
   Maritime
_ Arbitration
_ Commercial
_ Employment
_ Insurance
_ Negotiable
   instruments
_ Other Specify

**4. Prisoner Petitions**

_ Civil Rights
_ Habeas Corpus
_ Mandamus
_ Parole
_ Vacate Sentence
_ Other

**5. Other**

_ Forfeiture/Penalty
_ Real Property
_ Treaty (specify):
_ Other (specify): _____

**6. General**

_ Arbitration
_ Attorney Disqualification
_ Class Action
_ Counsel Fees
_ Shareholder Derivative
_ Transfer

**7. Will appeal raise constitutional issue(s)?**
✓ Yes         _ No

Will appeal raise a matter of first impression?

_ Yes         ✓ No

---

1. Is any matter relative to this appeal still pending below?   ✓ Yes, specify:   Issues Identified in Attached Scheduling Order         _ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)   Arises from substantially the same case or controversy as this appeal?          ✓ Yes          _ No

   (B)   Involves an issue that is substantially similar or related to an issue in this appeal?          ✓ Yes          _ No

If yes, state whether   "A," or   'B," or ✓ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| In re Motors Liquidation Co. | 15-2847; 15-2848 | | 2d Circuit |

Name of Appellant:   **(Cross Appellants) General Motors LLC; Wilmington Trust Company**

| Date: 09/22/2015 | Signature of Counsel of Record:   /s/ Arthur J. Steinberg |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1.   Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2.   File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3.   Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE:**   **IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.**   *SEE* LOCAL RULE 12.1.

## OTHER PARTIES

| | | |
|---|---|---|
| Daniel H. Golden<br>Deborah Newman<br>Jamison Diehl<br>Naomi Moss<br>**AKIN GUMP STRAUSS<br>  HAUER & FELD LLP**<br>One Bryant Park<br>New York, NY  10036<br>T: 212-872-1000<br>dgolden@akingump.com<br>djnewman@akingump.com<br>jdiehl@akingump.com<br>nmoss@akingump.com<br><br>*Counsel for Participating GUC Trust<br>Unit Holders* | Matthew J. Williams<br>Keith R. Martorana<br>Lisa Rubin<br>Adam Offenhartz<br>Aric Wu<br>**GIBSON, DUNN & CRUTCHER LLP**<br>200 Park Avenue<br>New York, NY  10166<br>T: 212-351-3845<br>mjwilliams@gibsondunn.com<br>kmartorana@gibsondunn.com<br>lrubin@gibsondunn.com<br>aoffenhartz@gibsondunn.com<br>awu@gibsondunn.com<br><br>*Counsel for Wilmington Trust<br>Company as GUC Trust Administrator* | Edward S. Weisfelner<br>Howard Steel<br>David Molton<br>May Orenstein<br>**BROWN RUDNICK LLP**<br>Seven Times Square<br>New York, NY  10036<br>T: 212-209-4800<br>eweisfelner@brownrudnick.com<br>hsteel@brownrudnick.com<br>dmolton@brownrudnick.com<br>morenstein@brownrudnick.com<br><br>*Designated Counsel for Economic<br>Loss Plaintiffs* |
| Gary Peller<br>**GARY PELLER, ESQ.**<br>600 New Jersey Avenue, NW<br>Washington, DC  20001<br>T: 202-662-9122<br>peller@law.georgetown.edu<br><br>*Counsel for the Petitioners Elliott<br>Plaintiffs and Sesay Plaintiffs* | Alexander Schmidt<br>Malcolm T. Brown<br>**WOLF HALDENSTEIN ADLER<br>  FREEMAN & HERZ LLP**<br>270 Madison Avenue<br>New York, NY  10016<br>T: 212-545-4600<br>schmidt@whafh.com<br>brown@whafh.com<br><br>*Counsel for ABC Flooring, Inc., et al.* | William Weintraub<br>Gregory Fox<br>**GOODWIN PROCTER LLP**<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY  10018<br>T: 212-813-8800<br>wweintraub@goodwinprocter.com<br>eohagan@goodwinprocter.com<br>gfox@goodwinprocter.com<br><br>*Designated Counsel for Pre-Sale<br>Accident Plaintiffs* |
| Sander L. Esserman<br>**STUTZMAN, BROMBERG,<br>  ESSERMAN & PLIFKA**<br>2323 Bryan Street, Suite 2200<br>Dallas, TX  75201<br>T: 214-969-4900<br>esserman@sbep-law.com<br><br>*Designated Counsel for Economic<br>Loss Plaintiffs* | Jonathan L. Flaxer<br>Preston Ricardo<br>**GOLENBOCK EISENMAN<br>  ASSOR BELL & PESKOE LLP**<br>437 Madison Avenue<br>New York, NY  10022<br>T: 212-907-7300<br>jflaxer@golenbock.com<br>pricardo@golenbock.com<br><br>*Counsel for Groman Plaintiffs* | Steve W. Berman<br>**HAGENS BERMAN SOBOL<br>  SHAPIRO LLP**<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WN 98101<br>T: 206-623-7292<br>steve@hbsslaw.com<br><br>*Counsel for the People of the State of<br>California, acting by and through<br>Orange County District Attorney Tony<br>Rackauckas and the State of Arizona*<br><br>*Lead Counsel* |

| | | |
|---|---|---|
| Mark P. Robinson, Jr.<br>ROBINSON CALCAGNIE<br> ROBINSON SHAPIRO DAVIS,<br> INC.<br>19 Corporate Plaza Drive<br>Newport Beach, CA 92660<br>T: 949-720-1288<br>mrobinson@rcrlaw.net<br><br>*Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas* | Elizabeth J. Cabraser<br>LIEFF, CABRASER, HEIMANN &<br> BERNSTEIN, L.L.P.<br>275 Battery Street<br>Embarcadero Center W.<br>San Francisco, CA 94111<br>T: 415- 956-1000<br>ecabraser@lchb.com<br><br>*Lead Counsel* | Robert Hilliard<br>HILLIARD MUNOZ GONZALES<br> LLP<br>719 South Shoreline<br>Suite 500<br>Corpus Christi, TX 78401<br>T: 361-882-1612<br>bobh@hmglawfirm.com<br><br>*Lead Counsel* |
| Mark Brnovich<br>Attorney General<br>Office of the Attorney General<br>1275 West Washington Street<br>Phoenix, AZ 85007<br>T: 602-542-5025<br><br>*Attorney General for the State of Arizona* | Joshua P. Davis<br>JOSH DAVIS LAW FIRM<br>1010 Lamar, Suite 200<br>Houston, TX 77002<br>T: 713-337-4100<br>josh@thejdfirm.com<br><br>*Counsel for Doris Phillips* | Gary Peller<br>GARY PELLER, ESQ.<br>600 New Jersey Avenue, NW<br>Washington, DC  20001<br>T: 202-662-9122<br>peller@law.georgetown.edu<br><br>*Counsel for Bledsoe Plaintiffs* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re                                       :        Chapter 11
                                           :
MOTORS LIQUIDATION COMPANY, *et al.*,    :        Case No.: 09-50026 (REG)
     f/k/a General Motors Corp., *et al.*    :
                                           :
                     Debtors.        :        (Jointly Administered)
------------------------------------------------------------x

### SCHEDULING ORDER REGARDING CASE MANAGEMENT ORDER RE: NO-STRIKE, NO STAY, OBJECTION, AND GUC TRUST ASSET PLEADING

Upon the Court's Case Management Order, dated August 19, 2015 ("**August 19 Order**"), regarding issues related to No-Strike, No Stay, Objection and GUC Trust Asset Pleadings (each as defined in the Court's Judgment, dated June 1, 2015 ("**Judgment**")); and upon responses thereto being filed on August 26, 2015 by certain parties in connection with the issues raised in the August 19 Order; and upon the record of the Case Management Conference held before the Court on August 31, 2015 ("**August 31 Conference**"); and due and proper notice of the August 31 Conference having been provided; and the Court having issued directives from the bench at the August 31 Conference in connection with the issues raised thereat which are memorialized in this Order. Accordingly, it is hereby

ORDERED that the following procedures shall apply:

1.      The briefing schedule with respect to the issue ("**Punitive Damages Issue**") in complaints filed against General Motors LLC ("**New GM**") that request punitive/special/exemplary damages against New GM based in any way on the conduct of Motors Liquidation Co. (f/k/a General Motors Corporation) ("**Old GM**"), shall be as follows: (i) simultaneous opening briefs shall be filed by Sunday, September 13, 2015 at 12:00 noon (Eastern Time), and shall be no longer than 25 pages; and (ii) simultaneous reply briefs shall be filed by no later than Tuesday, September 22, 2015 at 12:00 noon (Eastern Time), and shall be no longer than 10 pages.[1] Designated Counsel for the Bellwether Cases (as herein

---

[1]    Hard copies of the briefs referred to in this paragraph may be delivered to Chambers the next business day.

defined) and Designated Counsel for the Economic Loss Claims asserted in MDL 2543 shall try to coordinate the responses from various plaintiffs in order to minimize the number of briefs filed on this issue.

2.    The briefing schedule with respect to whether causes of action in complaints filed against New GM relating to Old GM vehicles/parts based on the knowledge Old GM employees gained while working for Old GM and/or as reflected in Old GM's books and records transferred to New GM can be imputed to New GM ("**Imputation Issue**"), shall be as follows: (i) simultaneous opening briefs shall be filed by Friday, September 18 2015, and shall be no longer than 20 pages; and (ii) simultaneous reply briefs shall be filed by no later than Wednesday September 30, 2015, and shall be no longer than 10 pages.

3.    With respect to the complaints in the six bellwether cases (collectively, the "**Bellwether Cases**") identified in MDL 2543 pending in the United States District Court for the Southern District Of New York:[2]

a.    On or before September 21, 2015, New GM shall file with the Court and serve on counsel of record in such cases  (i) marked complaints ("**Bellwether Marked Complaints**") with respect to the Bellwether Cases, showing which portions thereof New GM contends violate the Judgment, this Court's *Decision on Motion to Enforce Sale Order*, dated April 15, 2015 ("**Decision**"),[3] and/or the Order of this Court dated July 5, 2009 ("**Sale Order and Injunction**")  and (ii) a letter, not to exceed three (3) single-spaced pages for all the Bellwether Cases, setting forth New GM's position with respect to the Bellwether Marked Complaints ("**New GM Bellwether Letter**"); and

b.    On or before September 28, 2015, the plaintiffs in the Bellwether Cases shall file with the Court and serve on counsel of record in such cases their commentary next to the comments made by New GM with regard to the Bellwether Marked Complaints, together with a letter, not to exceed three (3) single-spaced pages for all the Bellwether Cases, responding to the Bellwether Marked Complaints and the New GM Bellwether Letter.

---

[2]    The plaintiffs in the Bellwether Cases are (i) Scheuer, (ii) Barthelemy and Spain, (iii) Reid, (iv) Cockram, (v) Norville, and (vi) Yingling.  Each of the plaintiffs in the Bellwether Cases are seeking, among other damages, compensation for property damage to their respective vehicles that occurred or was sustained in the applicable incident ("**Property Damage**").  The plaintiffs acknowledge that they are not seeking to recover damages for devaluation of their respective vehicles that is independent of Property Damage ("**Vehicle Devaluation Damages**").  To the extent that any of the requests for damages in the complaints in the Bellwether Cases can be construed to include Vehicle Devaluation Damages, the complaints are deemed to be amended to exclude Vehicle Devaluation Damages.  In particular (i) paragraphs 367-369 of the complaint in *Norville v. General Motors, LLC* (Case No. 14-cv-08176) (S.D.N.Y.) and (ii) paragraphs 415-417 of the complaint in *Cockram v. General Motors, LLC* (Case No. 14-cv-08176) (S.D.N.Y.), shall be deemed amended to exclude any request for Vehicle Devaluation Damages.  New GM will submit the Bellwether Marked Complaints with the assumption that such amendments were made.

[3]    *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015).

4.    With respect to the Second Amended Consolidated Complaint filed in MDL 2543 ("SACC"):

    a.    On or before September 23, 2015, New GM shall file with the Court and serve as appropriate (i) a marked-up version of the Second Amended Consolidated Complaint ("**Marked SACC**"), showing which portions thereof New GM contends violate the Judgment, the Decision and/or the Sale Order and Injunction, and (ii) a letter, not to exceed five (5) single-spaced pages, setting forth New GM's position with respect to the Marked SACC ("**New GM Marked SACC Letter**"); and

    b.    On or before September 30, 2015, the Designated Counsel for the plaintiffs named in the Second Amended Consolidated Complaint shall file with the Court and serve on counsel of record in such cases their commentary next to the comments made by New GM with regard to the Marked SACC, together with a letter, not to exceed five (5) single-spaced pages, responding to the Marked SACC and New GM Marked SACC Letter.

    c.    Due to the length of the SACC, New GM and Designated Counsel are directed to consult with each other to see if there is an agreed-upon procedure such that the Marked SACC, and the response thereto, can be stream-lined, so that the relevant, representative issues are efficiently presented to this Court for resolution.

5.    With respect to the complaints filed in *People of California v. General Motors LLC*, *et al.*, No. 30-2014-00731038-CUBT-CXC (Orange County, Cal.) and *State of Arizona v. General Motors LLC*, No. CV2014-014090 (Maricopa County, Ariz.) (collectively, the "**State Complaints**"):

    a.    On or before September 23, 2015, New GM shall file with the Court and serve on counsel of record in such cases (i) a marked-up version of the State Complaints ("**Marked State Complaints**"), marked to show which portions thereof New GM contends violate the Judgment, the Decision and/or the Sale Order and Injunction, and (ii) a letter, not to exceed five (5) single-spaced pages for the States' Complaints, setting forth New GM's position with respect to the Marked State Complaints ("**New GM Marked State Complaint Letter**"); and

    b.    On or before September 30, 2015, the plaintiffs named in the State Complaints shall file with the Court and serve on counsel of record in such cases their commentary next to the comments made by New GM with regard to the Marked State Complaints, together with a letter, not to exceed five (5) single-spaced pages for the States' Complaints, responding

to the Marked State Complaints and New GM Marked State Complaints
Letter.

6.       The Court has scheduled oral argument for the matters covered by paragraphs 1-5
for October 14, 2015 at 9:45 a.m.

7.       The parties agree that no further pleadings relating to the GUC Trust Asset
Pleading need be submitted and no side has requested oral argument with respect
to such Pleading.

8.       Counsel for the plaintiffs in *Bavlsik v. General Motors LLC* ("***Bavlsik* Lawsuit**")
pending in the United States District Court for the Eastern District of Missouri has
notified New GM that they will withdraw their claim for punitive damages in
order to promptly proceed to trial in the *Bavlsik* Lawsuit.  Accordingly, there is no
need for this Court to deal with the *Bavlsik* Lawsuit at this time.

ORDERED that within two (2) business days of the entry of this Scheduling Order, New

GM shall serve, by either e-mail, facsimile, overnight mail or, if none of the foregoing are

available, regular mail, a copy of this Scheduling Order on plaintiffs in any lawsuit where New

GM has previously sent a demand letter as authorized by the Judgment, with a cover note that

states as follows:

General Motors LLC ("**New GM**") previously served on you a demand letter
("**Demand Letter**") in connection with a lawsuit commenced by you against New
GM which set forth certain deadlines for filings pleadings with the Bankruptcy
Court (as defined in the Demand Letter).  The attachment is a Scheduling Order
entered by the Bankruptcy Court on September 3, 2015 ("**Scheduling Order**").
Please review the Scheduling Order as it modifies the time periods set forth in the
Demand Letter for filing certain pleadings with the Bankruptcy Court, including
without limitation, the 17 business days to respond to the Demand Letter.

If you have any objection to the procedures set forth in the Scheduling Order, you
must file such objection in writing with the Bankruptcy Court within three (3)
business days of receipt of this notice ("**Objection**").  Otherwise, you will be
bound by the terms of the Scheduling Order and the determinations made
pursuant thereto.  If you believe there are issues that should be presented to the
Court relating to your lawsuit that will not otherwise be briefed and argued in
accordance with the Scheduling Order, you must set forth that position, with
specificity in your Objection.  The Court will decide whether a hearing is required
with respect to any Objection timely filed and, if so, will, promptly notify the
parties involved.

and it is further

ORDERED that in the event New GM believe there are issues to be decided by the Court in actions that received a demand letter that are not covered in paragraphs 1-5 above, New GM shall file with the Court and serve on counsel of record in such representative case(s) on or before September 23, 2015 (i) a marked-up version of their complaints ("**Other Plaintiffs' Complaints**"), showing which portions thereof New GM contends violate the Judgment, the Decision and/or the Sale Order and Injunction, and (ii) a letter, not to exceed three (3) single-spaced pages for the Other Plaintiffs' Complaints, setting forth New GM's position with respect to the Marked Other Plaintiffs' Complaints ("**New GM Marked Other Plaintiffs' Complaints Letter**"); and it is further

ORDERED that on or before September 30, 2015, the plaintiffs named in the Other Plaintiffs' Complaints shall file with the Court and serve on counsel of record in such cases their commentary next to the comments made by New GM with regard to the Other Plaintiffs' Complaints, together with a letter, not to exceed three (3) single-spaced pages for the Other Plaintiffs' Complaints, responding to the Marked Other Plaintiffs' Complaints and the New GM Marked Other Plaintiffs' Complaints Letter; and it is further

ORDERED that nothing in this Order is intended to nor shall preclude any other plaintiff's counsel (or *pro se* plaintiff), affected by the issues being resolved by this Court, from taking a position in connection with any such matters; *provided, however*, that such affected other plaintiffs' counsel who wishes to file a separate pleading with respect such matter(s) shall timely file a letter with the Court seeking permission to do so.  Such letter shall specify (a) which issue is to be covered, (b) the length of the pleading sought to be filed, and (c) why such issue is not otherwise covered by the pleading to be filed by Designated Counsel.  Prior to such time, such counsel shall consult with the Designated Counsel for the Bellwether Cases and Designated

Counsel for the Plaintiffs in MDL 2543 so as to avoid duplicative arguments and in an effort to limit the number of responsive briefs on the same issue(s); and it is further

ORDERED that, as stated on the record of the August 31 Conference, for all plaintiffs that have received a demand letter from New GM where the time period to file a No Strike, No Stay, and No Dismissal Pleading as set forth in the Judgment ("**Judgment Pleading**") had not expired as of the August 31 Conference, the briefing schedule set forth herein shall supersede the requirement to file such Judgment Pleadings; and it is further

ORDERED that this Court shall retain exclusive jurisdiction to interpret and enforce this Order.

Dated: September 3, 2015
New York, New York

                                     *s/ Robert E. Gerber*
                               UNITED STATES BANKRUPTCY JUDGE

**BROWN**RUDNICK

EDWARD S. WEISFELNER
direct dial: (212) 209-4900
fax: (212) 938-2900
eweisfelner@brownrudnick.com

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

September 2, 2015

**VIA E-MAIL**

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

**RE:    In re Motors Liquidation Company**, *et al.*
**Case No. 09-50026 (REG)**

**Proposed Scheduling Order Regarding Case Management Order
re:  No-Strike, No Stay, Objection, And GUC Trust Asset Pleadings.**

Dear Judge Gerber:

We write on behalf of Co-Lead and Designated Counsel for the Economic Loss Claims
asserted in MDL 2543, the People of California and the State of Arizona, and General Motors LLC
("**New GM**") with respect to the agreed proposed Scheduling Order Regarding Case Management
Order re:  No-Strike, No Stay, Objection, and GUC Trust Asset Pleadings, filed contemporaneously
herewith (the "**Proposed Scheduling Order**"), and specifically with respect to the time for New
GM to file and serve the Marked SACC, New GM Marked SACC Letter, Marked State Complaints
and New GM Marked State Complaint Letter (each as defined in the Proposed Scheduling Order)
and the amount of time Designated Counsel and the States shall have to file and serve their
responsive commentary and letters under the Proposed Scheduling Order.  The parties understand
Your Honor's comments at the Case Management Conference on August 31, 2015 to have the
marked pleadings and responses all done by September 30, 2015, but each of the parties believes that
more time is necessary given the other matters to be addressed under the Proposed Scheduling
Order, and the tasks involved in marking and commenting on these lengthy pleadings.  We note that
the pleadings for which additional time is sought do not affect the Bellwether Cases, which are the
most time-sensitive cases before Judge Furman.  As a consequence, the parties respectfully request
that Your Honor so order the following proposed amendment to the Proposed Scheduling Order:

**BR**

(i)   New GM's Marked SACC, the New GM Marked SACC Letter, New GM's Marked State Complaints and the New GM Marked State Complaint Letter shall be filed and served on or before Friday, September 25, 2015; and

(ii)   Designated Counsel's and the States' responsive commentary and letters under the Proposed Scheduling Order shall be filed and served on or before 14 days thereafter.

For the avoidance of doubt, all other terms of the Proposed Scheduling Order remain unmodified.  We thank the Court in advance for its consideration.

Respectfully submitted,

  */s/ Steve W. Berman*                              */s/ Elizabeth J. Cabraser*
Steve W. Berman (*pro hac vice*)          Elizabeth J. Cabraser
HAGENS BERMAN SOBOL SHAPIRO LLP          LIEFF CABRASER HEIMANN &
1918 Eighth Avenue, Suite 3300          BERNSTEIN, LLP
Seattle, Washington  98101          275 Battery Street, 29th Floor
                                                   San Francisco, California 94111
*Co-Lead Counsel in the MDL Proceeding*
*for the Economic Loss Plaintiffs and for the*   *Co-Lead Counsel in the MDL Proceeding*
*People of California and the State of Arizona*   *for the Economic Loss Plaintiffs*

  */s/ Edward S. Weisfelner*                       */s/ Sander L. Esserman*
Edward S. Weisfelner          Sander L. Esserman
BROWN RUDNICK LLP          STUTZMAN, BROMBERG, ESSERMAN &
7 Times Square          PLIFKA, P.C.
New York, New York 10036          2323 Bryan Street, Suite 2200
                                                   Dallas, Texas 75201
*Designated Counsel for the*
*Economic Loss Plaintiffs*          *Designated Counsel for the*
                                                   *Economic Loss Plaintiffs*

  */s/ Arthur Steinberg*
Arthur Steinberg
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036

*Counsel for New GM*

cc:   Honorable Jesse M. Furman (via overnight mail)
        Scott Davidson
        John G. Simon
        Kevin M. Carnie, Jr.
        Richard C. Godfrey, P.C.
        Andrew B. Bloomer, P.C.
        Robert Hilliard

BR    Honorable Robert E. Gerber
September 2, 2015
Page 3

Jonathan Flaxer
Matt Williams
Lisa Rubin
Daniel Golden
Deborah Newman
William P. Weintraub
Greg Fox

09-50026-reg    Doc 13437    Filed 09/03/15    Entered 09/09/15 12:26:53    Main Document
Pg 4 of 4

Endorsed Order:


Approved.  To the extent dates in this letter are inconsistent with the Proposed Scheduling Order, the dates in this letter will trump them.


Dated:  New York, New York                                              _____*s/ Robert E. Gerber*_____
             September 3, 2015                                              United States Bankruptcy Judge

## ADDENDUM "A"

## 1. NATURE OF THE ACTION

The appeals and cross-appeals arise from the bankruptcy case of General Motors Corporation (n/k/a Motors Liquidation Company) ("Old GM"), and the Sale Order and Injunction, entered by the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") on July 5, 2009.  The Sale Order and Injunction approved an agreement transferring substantially all of the assets of Old GM to General Motors LLC ("New GM") free and clear of all liens, claims and interests, except for certain, expressly-defined assumed liabilities pursuant to 11 U.S.C. § 363 ("363 Sale").  This Court previously affirmed the 363 Sale when it dismissed an appeal challenging the Sale Order and Injunction.  *See Parker v. Motors Liquidation Co.*, 10-4882-bk (2d Cir. July 28, 2011).

This matter is a direct appeal from the Bankruptcy Court, and the issue in this litigation is whether the Sale Order and Injunction should be enforced according to its plain terms to bar: (1)   personal injury claims brought by Appellants against New GM arising from motor vehicle accidents that took place prior to entry of the Sale Order and Injunction; and (2) economic-loss claims arising from vehicles manufactured by Old GM containing a purported ignition-switch defect and resulting from Retained Liabilities of Old GM under the Sale Agreement.

Many of the Appellants' lawsuits contained allegations, claims and/or causes of action that violate the Sale Order and Injunction, and accordingly New GM filed a series of motions in the Bankruptcy Court in 2014 to enforce the Sale Order and Injunction. The Bankruptcy Court generally granted New GM's motions, but did not afford New GM complete relief.

This is now a consolidated appeal and cross-appeal arising from the Bankruptcy Court's final Judgment on the motions to enforce entered on June 1, 2015. On September 9, 2015, this Court granted several petitions and cross-petitions for a direct appeal to this Court. The appeal is a complex one, involving multiple separately-represented parties. The Appellants are certain individual plaintiffs, as well as groups of plaintiffs represented by certain designated counsel. The Appellees are New GM, a trust ("GUC Trust") created under Old GM's bankruptcy plan of liquidation, and certain beneficiaries of the GUC Trust. New GM is also the Appellee/Cross-Appellant, and it completes this Form C in so far as it relates to the issues New GM will raise on its cross appeal.

## 2. RESULT BELOW

After extensive briefing and lengthy oral argument on the issues raised by New GM's motions to enforce the Sale Order and Injunction, the Bankruptcy Court rendered a 138-page decision ("Decision") largely in New GM's favor on

April 15, 2015.  *See In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015).

First, the Bankruptcy Court found the 363 Sale publication notice used in Old GM's bankruptcy, which the Bankruptcy Court had previously approved, did not comport with due process for certain plaintiffs whom the Bankruptcy Court were known creditors of Old GM.  Although the Bankruptcy Court recognized that publication notice in a Bankruptcy Code section 363 sale is ordinarily satisfactory, such notice "was not [in this case] enough for those whose cars had Ignition Switch Defects—because from Old GM's perspective, the facts that gave rise to its recall obligation resulted in 'known' claims."  Decision, 529 B.R. at 525.  According to the Bankruptcy Court, "[b]ecause owners of cars with Ignition Switch Defects received neither the notice required under the Safety Act [*i.e.*, the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101, *et seq.*] nor any reasonable substitute (either of which, if given before Old GM's chapter 11 filing, could have been followed by the otherwise satisfactory post-filing notice by publication), they were denied the notice that due process requires."  *Id.*

The Bankruptcy Court next held that to establish a due process violation, Plaintiffs must demonstrate they sustained prejudice as a result of the insufficient notice.  With one exception, the Bankruptcy Court found Plaintiffs had not been "prejudiced with respect to the Sale Order's Free and Clear Provisions."  *Id.* at 526.

In particular, while Plaintiffs contend they had no opportunity to advance certain arguments relating to the 363 Sale, the Bankruptcy Court held that those arguments had been made by others in 2009 at the time of the extensive briefing and evidentiary hearing that considered the approval of the 363 Sale. Accordingly, the Bankruptcy Court found that its' prior rulings rejecting such arguments applied to and barred Plaintiffs' claims. *Id.* The one exception where the Bankruptcy Court did find prejudice was to the extent that certain plaintiffs alleging the ignition switch defect for Old GM vehicles/parts for economic losses had "Independent Claims" against New GM based solely on New GM's own, independent conduct.

With respect to remedies, the Bankruptcy Court concluded that remedying a constitutional violation trumps the property rights of the purchaser, as well as the public interest in the finality of bankruptcy sales. *Id.* at 527. Accordingly, the Bankruptcy Court held that the Sale Order and Injunction would be modified almost six years later to allow the assertion of "Independent Claims," defined as "claims or causes of action asserted by Ignition Switch Plaintiffs against New GM (whether or not involving Old GM vehicles or parts) that are based solely on New GM's own, independent, post-Closing acts or conduct." Judgment ¶ 4. The Bankruptcy Court made clear, however, that it would continue to enforce the prohibitions against successor liability and New GM would not be liable for Old GM conduct. Decision, 529 B.R. at 528.

4

## ADDENDUM "B"

In its cross-appeal, New GM intends to raise (and reserves the right to modify, supplement or revise) the following issues:

1. Whether the Bankruptcy Court erred in finding that the Ignition Switch Plaintiffs and the Ignition Switch Pre-Closing Accident Plaintiffs were "known" creditors of Old GM for purposes of determining the notice required by due process for the 363 Sale, where (i) no claims had been brought by such individuals prior to the 363 Sale, (ii) the stipulated record did not support the Bankruptcy Court's conclusion that Old GM knew prior to the 363 Sale that there was a safety defect that warranted a recall, and (iii) Plaintiffs did not dispute that they were aware of the 363 Sale, and the Bankruptcy Court had approved the form of the 363 Sale notice?

The Court's review of this issue, which presents a question of law on stipulated facts, is plenary and *de novo*. *See In re CBI Holding Co., Inc.*, 529 F.3d 432, 448-49 (2d Cir. 2008).

2. Whether the Bankruptcy Court erred in finding that the Ignition Switch Plaintiffs were prejudiced by the purported failure to give the notice required by due process with respect to Independent Claims, and that the Sale Order and Injunction could and should be modified almost six years

after it was entered, where (i) the Sale Agreement expressly defined the specific liabilities assumed by New GM with respect to Old GM vehicles/parts and there was no exception for Independent Claims, (ii) the allegedly defective 363 Sale notice was sent by Old GM and not New GM, and thus any remedy necessarily could only be levied against Old GM's bankruptcy estate and its successor, the GUC Trust, (iii) appeals of the Sale Order and Injunction were dismissed years ago as being equitably moot, (iv) the Sale Order and Injunction expressly provides that it cannot be modified, and (v) the Sale Order and Injunction holds that New GM acquired the assets from Old GM in good faith and for fair value?

This issue also involves questions of law that the Court should review *de novo* (*see CBI Holding Co.*, 529 F.3d at 448-49), except to the extent the Bankruptcy Court's equitable authority is implicated, which is reviewed for an abuse of discretion. *See Adelphia Business Solutions, Inc. v. Abnos*, 482 F.3d 602, 607 (2d Cir. 2007).