# **<u>Exhibit B</u>**

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE.**     **2. PLEASE TYPE OR PRINT.**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption:<br><br>Elliott et al., v. General Motors, LLC<br><br>In re: Motors Liquidation Company,<br>F/K/A/ General Motors Corporation, Debtors | District Court or Agency:<br>U.S. Bankruptcy Court Southern District of New York | Judge:<br>Robert E. Gerber |
|---|---|---|
| | Date the Order or Judgment Appealed from was Entered on the Docket:<br>June 1, 2015 | District Court Docket No.:<br>1:09-bk-50026 |
| | Date the Notice of Appeal was Filed:<br>June 1, 2015; leave to appeal September 9, 2015 | Is this a Cross Appeal?<br>☐ Yes  ✓ No |

| Attorney(s) for Appellant(s):<br>✓ Plaintiff<br>☐ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br><br>Gary Peller, 600 New Jersey Avenue, NW Washington, DC 20001, Telephone: 202-662-9122 peller@law.georgetown.edu |
|---|---|
| Attorney(s) for Appellee(s):<br>✓ Plaintiff<br>✓ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br><br>Arthur Jay Steinberg, King & Spalding LLP, 1185 Avenue of the Americas New York, NY 10036 Phone: 212-556-2158<br>Edward S. Weisfelner, Brown Rudnick LLP, 7 Time Square New York, NY 10036 Phone:212-209-4800<br>William Weintraub, Goodwin Procter LLP, 620 8th Ave New York, NY 10018 Phone: 212-813-8839<br>Alexander H. Schmidt, Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Ave New York, NY 10016 Phone: 212-545-4600<br>Daniel H. Golden, Akin Gump Strauss Haver & Feld LLP, 1 Bryant Park New York, NY 10036 Phone: 212-872-1000<br>Lisa H. Rubin, Gibson Dunn & Crutcher LLP, 200 Park Ave New York, NY 10166 Phone: 917-608-2038 |

| Has Transcript Been Prepared?<br>yes | Approx. Number of Transcript Pages:<br>600 | Number of Exhibits Appended to Transcript:<br>0 | Has this matter been before this Circuit previously?  ☐ Yes  ✓ No<br>If Yes, provide the following:<br>Case Name:<br>2d Cir. Docket No.:         Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A: JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☐ U.S. a party | ☐ Diversity | ☐ Final Decision | ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| ✓ Federal question (U.S. not a party) | ☐ Other (specify): | ☐ Interlocutory Decision Appealable As of Right | ✓ Other (specify): Petition for FRAP 6 Direct Appeal |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|
| Pre-trial<br>During trial<br>✓ After trial | Default judgment — Dismissal/other jurisdiction<br>Dismissal/FRCP 12(b)(1) — Dismissal/merit<br>  lack of subj. matter juris. — ✓ Judgment / Decision of the Court<br>Dismissal/FRCP 12(b)(6) — Summary judgment<br>  failure to state a claim — Declaratory judgment<br>Dismissal/28 U.S.C. § 1915(e)(2) — Jury verdict<br>  frivolous complaint — Judgment NOV<br>Dismissal/28 U.S.C. § 1915(e)(2) — Directed verdict<br>  other dismissal — Other (specify): | Damages:        Injunctions:<br>Sought: $ _____  ✓ Preliminary<br>Granted: $ _____  ✓ Permanent<br>Denied: $ _____    Denied |

## PART C: NATURE OF SUIT (Check as many as apply)

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ✓ Antitrust<br>Bankruptcy<br>Banks/Banking<br>Civil Rights<br>Commerce,<br>Energy<br>Commodities<br>Other (specify): | Communications<br>Consumer Protection<br>Copyright ☐ Patent<br>Trademark<br>Election<br>Soc. Security<br>Environmental | Freedom of Information Act<br>Immigration<br>Labor<br>OSHA<br>Securities<br>Tax | Admiralty/<br>Maritime<br>Assault /<br>Defamation<br>FELA<br>Products Liability<br>Other (Specify): | Admiralty/<br>Maritime<br>Arbitration<br>Commercial<br>Employment<br>Insurance<br>Negotiable<br>Instruments<br>Other Specify | Civil Rights<br>Habeas Corpus<br>Mandamus<br>Parole<br>Vacate Sentence<br>Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| Forfeiture/Penalty<br>Real Property<br>Treaty (specify): _____<br>Other (specify): _____ | Arbitration<br>Attorney Disqualification<br>Class Action<br>Counsel Fees<br>Shareholder Derivative<br>Transfer | ✓ Yes    No<br><br>Will appeal raise a matter of first impression?<br>Yes   ✓ No |

1. Is any matter relative to this appeal still pending below? ✓ Yes, specify: Post Judgment Motions in S.D.N.Y. Bankruptcy Court   No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)   Arises from substantially the same case or controversy as this appeal?   ✓ Yes   No

   (B)   Involves an issue that is substantially similar or related to an issue in this appeal?   ✓ Yes   No

If yes, state whether "A," or "B," or both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name:<br>SEE ATTACHED ADDENDUM C | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |

| Date:<br>Sept. 20, 2015 | Signature of Counsel of Record:<br>/s/ Gary Peller |
|---|---|

## NOTICE TO COUNSEL

Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

# ADDENDUM A

(1), (2) *Brief Description of Nature of the Action and Result Below*

On July 10, 2009, General Motors LLC ("New GM") acquired substantially all the assets of General Motors Corporation ("Old GM") in a "free and clear" sale authorized by the Bankruptcy Court under 11 U.S.C. §363 of the Bankruptcy Code. In connection with the sale, the Bankruptcy Court issued a Sale Order and Injunction ("the 2009 Order"), which authorized the sale of assets "free and clear" of liabilities to be retained by Old GM.[1]

The 2009 Order enjoins the assertion of any claim asserting "successor or transferee liability" against New GM unless the claim is otherwise assumed. The 2009 Order does not address direct, non-derivative claims that might be asserted against New GM based on *its own conduct* after the sale, the only types of claims asserted by the *Elliott* Parties. The *Elliott* Parties were not notified of the 2009 proceedings and they had no opportunity to participate in them prior to the Order's entry, as their claims against New GM had not yet arisen.

Starting in February 2014, and in piecemeal fashion ever since, New GM has publicly admitted that *its* employees and lawyers knew about various safety-related defects in millions of vehicles, including the vehicle models owned by the

---

[1] *Decision on Debtors' Motion for Approval of (1) Sale of Assets to Vehicle Acquisition Holdings LLC; (2) Assumption and Assignment of Related Executory Contracts; and (3) Entry of UAW Retiree Settlement Agreement*, [Dkt. No. 2967].

*Elliott* Parties, and that *New GM* failed to disclose those defects as *it* was required to do by law.

The *Elliott* parties are Plaintiffs and putative class representatives in *Elliott et al. v. General Motors, LLC*, et al., a lawsuit pending before the United States District Court for the Southern District of New York (Furman, J.) and consolidated in the multidistrict litigation styled *In re GM Ignition Switch*, 14-md-2543-JMF . The Elliotts filed their lawsuit on April 1, 2014. They jointly own a 2006 Chevrolet Cobalt, one of the vehicles that New GM admits contained a dangerous ignition switch hazard that has caused the death or injury of thousands of people. Ms. Summerville, who joined the lawsuit when the Elliotts amended their complaint in July 2014, owns a 2010 Chevrolet Cobalt, a model that New GM recalled because of the risk that it may have had the hazardous ignition switch installed during a repair. In addition to their ignition switch related claims for relief, the *Elliott* parties also allege that their vehicles contain a fuel pump hazard that, they allege, New GM continues to deny and/or minimize.

The Elliott parties assert solely direct claims against New GM, a non-debtor, based on alleged breaches of independent, non-derivative duties that New GM owed them, claims bearing no conceivable relationship to the *res* of debtor General Motors Corporation ("Old GM"), whose Bankruptcy case is long over. The *Elliott*

parties' First Amended Complaint explicitly disclaims reliance on any successor, transferee or derivative theories of liability.

On April 21, 2014, New GM initiated a series of "contested matters" in the Bankruptcy Court[2] against the *Elliott* parties and scores of other "ignition switch lawsuits" that had been filed against New GM. New GM moved the Bankruptcy Court to enforce its 2009 Order by restraining the various parties New GM listed on a bulk schedule, including the *Elliott* parties, from suing New GM for claims related to "ignition switch defects" insofar as such claims were based on liability that Old GM retained under the 2009 Order.[3] New GM later filed two parallel motions to enforce the 2009 Order, one against Pre-Closing Accident Plaintiffs and a second directed at Other Monetary Plaintiffs asserting non-ignition switch hazards in vehicles made by Old GM.[4]

On August 5, 2014, the Bankruptcy Court preliminarily enjoined the *Elliott* parties from prosecuting their lawsuit and denied their motion to dismiss for lack of subject matter jurisdiction and their "No Stay Pleading." On November 10, 2014, the Bankruptcy Court denied the *Elliott* parties' motion for reconsideration, in which they had contended that enjoining them from pursuing their independent,

---

[2] F. R. Bank. P. 9014.

[3] *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction*, [Dkt. No. 12620], at 3.

[4] *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Courts July 5, 2009 Sale Order and Injunction Against Plaintiffs in Pre-Closing Accident Lawsuits*, [Dkt. No. 12807]; *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Courts July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other Than Ignition Switch Actions)*, [Dkt. No. 12808].

non-derivative claims against New GM violated their Due Process rights, as they had no notice or opportunity to be heard prior to the entry of the 2009 Order.

On April 15, 2015, the Bankruptcy Court issued its decision, and on June 1, 2015, the Bankruptcy Court entered its Judgment, on New GM's Motion to Enforce the 2009 Sale Order and Injunction, construing the 2009 Order to bar the *Elliott* Plaintiffs from proceeding with their claims against New GM for its own wrongdoing. The Court enforced the 2009 Order through the issuance of a successive injunction that bars the *Elliott* Plaintiffs from asserting some of their (non-ignition switch) claims entirely and censors the allegations they may make in support of the (ignition switch related) claims they are permitted to assert. The Court found that the "ignition switch" Plaintiffs had established that their due process notice rights had been violated and that they were prejudiced by not being able to argue to limit the scope of the 2009 Sale Order and Injunction to exclude independent claims against New GM for its own wrongdoing. The Bankruptcy Court permitted "ignition switch" claims relating to vehicles or parts manufactured by Old GM to proceed, so long as they removed allegations involving Old GM wrongdoing. It categorically enjoined Plaintiffs from asserting against New GM "non-ignition switch" claims, such as the fuel pump claims of the Elliott Plaintiffs, relating to vehicles or parts manufactured by Old GM.

The Bankruptcy Court certified its decision for this Court's review, and this Court granted the Elliott Plaintiffs' petition for permission to appeal on September 9, 2015.

(3)        Copy of Notice of Appeal and Lower Court Docket Sheet

Attached hereto as appendix 1

(4)        Copy of Relevant Opinions/Orders Forming the Bases of Appeal

Attached hereto as appendix 2

List of Issues Proposed to be Raised on Appeal

Addendum B

List of Cases Pending or about to be Brought Before this Court

Addendum C

## ADDENDUM B

### Issues on Appeal

1) Did the Bankruptcy Court err in concluding that it had subject matter jurisdiction to enjoin the prosecution of the *Elliott* appellants' lawsuit against non-debtor New GM, when appellants assert direct, non-successor liability claims for injuries caused by breaches of independent, non-derivative duties New GM owed appellants, claims having no conceivable impact on the res of debtor Old GM?

2) Did the Bankruptcy Court err in enforcing the 2009 Sale Order and Injunction to bar the *Elliott* appellants from pursuing claims involving non-ignition switch hazards, even though they did not have the notice and opportunity to be heard required by the Due Process Clause before they may be precluded from asserting wholly in personam and non-successor liability claims against New GM based on its alleged breaches of independent, non-derivative duties?

3) Did the Bankruptcy Court err in requiring that the *Elliott* appellants demonstrate prejudice, in addition to a denial of Constitutionally required notice and opportunity to be heard, in order to be free from preclusion by the 2009 Sale Order and Injunction barring them from pursuing independent, non-derivative claims about which they had no notice or opportunity to be heard prior to the entry of the Order?

4) Did the Bankruptcy Court err in applying its Judgment to the *Elliott* appellants in violation of their Due Process rights, by not according them an opportunity to be heard in the proceedings regarding the issues resolved by the Judgment?

5) Did the Bankruptcy court err by treating counsel representing other parties as representatives of the *Elliott* appellants, and thereby denying appellants their right to be heard under the Due Process Clause?

6) Did the Bankruptcy Court err in construing the 2009 Sale Order and Injunction to encompass the *Elliott* appellants' independent, non-derivative claims against New GM for its own wrongdoing in light of textual and contextual interpretative evidence dictating a contrary reading?

7) Was the Bankruptcy Court's construction of the 2009 Sale Order and Injunction to encompass independent, non-derivative claims against New GM for its own wrongdoing so unexpected, that even those who received notice of the proceedings would not have had reasonable notice that such claims were to be barred?

8) Did the Bankruptcy Court err in issuing a successive injunction in a contested matter to enforce its earlier injunction?

9) Was New GM's exclusive remedy for enforcing its earlier injunction to seek contempt proceedings against the *Elliott* appellants?

10) Did the Bankruptcy court err by censoring what the *Elliott* Parties may say in support of claims that are not barred by the 2009 Sale Order and Injunction?

12) Did the Bankruptcy Court err by applying its 2009 Sale Order and Injunction barring Ms. Summerville's claims based on New GM's unsupported assertion that her 2010 model car may contain parts made by Old GM?

**Standard of Review**

Each issue presents questions of law. This Court reviews the Bankruptcy Court's legal conclusions *de novo*. *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012) (citing *Henry v. Champlain Enterprises, Inc.*, 445, F.3d 610, 617-18, 623 (2d Cir. 2006)).

# ADDENDUM C

Supplemental response to Question 2. Cases about to be brought to before this Court that,

(A)     Arise from substantially the same case as this appeal, and

(B)     Involve an issue that is substantially similar or related to an issue in

this appeal

Appellants in the following cases have appealed from the same Judgment in In re: Motors Liquidation Company, Bankruptcy Court Docket No., 1:09-bk-50026 that forms the basis of this appeal.

| Case Name | Docket No. | Citation | Court or Agency | Name of Appellant |
|---|---|---|---|---|
| In re: General Motors LLC Ignition Switch Litig. | 1:14-md-02543-JMF | In re: General Motors LLC Ignition Switch Litig., 1:14-md-02543-JMF (S.D.N.Y., July 9, 2015). | U.S. District Court for the Southern District of New York | Ignition Switch Plaintiffs |
| In re: General Motors LLC Ignition Switch Litig. | 1:14-md-02543-JMF | | U.S. Bankruptcy Court for the Southern District of New York | Ignition Switch Pre-Closing Accident Plaintiffs |
| Groman et al v. General Motors LLC | Adv. Proc. No. 14-01929-REG | Groman et al v. General Motors LLC, Adv. Proc. No. 14-01929 (Bankr.S.D.N.Y., Apr. 21, 2014). | U.S. District Court for the Southern District of New York | Dr. Steven Groman, et al. |
| State of Arizona v. General Motors LLC | CV2014-014090 | State of Arizona v. General Motors LLC, No. CV2014-014090 (Super. Ct. Ariz., Nov. 19, 2014). | Superior Court of Arizona | State of Arizona |
| The People of the State of California v. General Motors, LLC | 8:14-cv-01238-JVS | People of California v. General Motors LLC, 8:14-cv-01238-JVS (C.D. Cal., Aug. 5, 2014). | U.S. District Court for the Central District of California | The People of the State of California |

| Phillips-Powledge v. General Motors Corporation | 3:14-cv-00192 | Phillips-Powledge v. General Motors LLC, 3:14-cv-00192 (S.D. Tex., June 9, 2014). | U.S. District Court for the Southern District of Texas | Doris Phillips. |
|---|---|---|---|---|
| Bledsoe, et al. v. General Motors LLC | 1:14-cv-07631-JMF | Bledsoe, et al. v. General Motors LLC, MDL No. 1:14-cv-07631 (S.D.N.Y., Sept. 19, 2014). | U.S. District Court for the Southern District of New York | Sharon Bledsoe, et al. |
| Sesay, et al. v. General Motors LLC, et al. | 1:14:cv-06018-JMF | Sesay, et al. v. General Motors LLC, et al., 1:14-cv-06018-JMF (S.D.N.Y., Aug., 1, 2014). | U.S. District Court for the Southern District of New York | Ishamil Sesay, et al. |