# **<u>Exhibit C</u>**

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE.**   **2. PLEASE TYPE OR PRINT.**   **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| In the Matter of: Motors Liquidation Company. Celestine Elliott, Lawrence Elliott, Berenice Summerville, v. General Motors LLC; Wilmington Trust Company; Participating Unitholders; Ignition Switch Plaintiffs, Ignition Switch Pre-Closing Accident Plaintiffs, Groman Plaintiffs. | Bankr. S.D.N.Y. | Robert E. Gerber |
| | Date the Order or Judgment Appealed from was Entered on the Docket: June 01, 2015 | District Court Docket No.: 09-50026 (REG) |
| | Date the Notice of Appeal was Filed: September 9, 2015 | Is this a Cross Appeal? ✓ Yes    No |

| Attorney(s) for Appellant(s): ☐ Plaintiff ☐ Defendant | Counsel's Name:  Address:  Telephone No.:  Fax No.:  E-mail: |
|---|---|
| | Lisa Rubin, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, (T) 212-351-2390, (F) 212-716-0790, lrubin@gibsondunn.com |

| Attorney(s) for Appellee(s): ☐ Plaintiff ☐ Defendant | Counsel's Name:  Address:  Telephone No.:  Fax No.:  E-mail: |
|---|---|
| | See attached |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously?  Yes  ✓ No |
|---|---|---|---|
| Yes | 328 | 0 | If Yes, provide the following:  Case Name:  2d Cir. Docket No.:    Reporter Citation: (i.e., F.3d or Fed. App.) |

*ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A: JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☐ U.S. a party | ☐ Diversity | ☐ Final Decision | ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| ✓ Federal question (U.S. not a party) | ☐ Other (specify): | ☐ Interlocutory Decision Appealable As of Right | ✓ Other (specify): 28 U.S.C. § 158(d)(2)(A) |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

### PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief | |
|---|---|---|---|---|
| — Pre-trial<br>— During trial<br>✓ After trial | Default judgment<br>— Dismissal/FRCP 12(b)(1) lack of subj. matter juris.<br>Dismissal/FRCP 12(b)(6) failure to state a claim<br>Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint<br>Dismissal/28 U.S.C. § 1915(e)(2) other dismissal | Dismissal/other jurisdiction<br>Dismissal/merit<br>✓ Judgment / Decision of the Court<br>Summary judgment<br>Declaratory judgment<br>Jury verdict<br>Judgment NOV<br>Directed verdict<br>Other (specify): | Damages:<br>Sought: $ ____<br>Granted: $ ____<br>Denied: $ ____ | ✓ Injunctions:<br>✓ Preliminary<br>✓ Permanent<br>Denied |

### PART C: NATURE OF SUIT (Check as many as apply)

| 1. Federal Statutes | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|
| Antitrust<br>✓ Bankruptcy<br>Banks/Banking<br>Civil Rights<br>Commerce,<br>Energy<br>Commodities<br>Other (specify): ____<br><br>Communications<br>Consumer Protection<br>Copyright □ Patent<br>Trademark<br>Election<br>Soc. Security<br>Environmental<br><br>Freedom of Information Act<br>Immigration<br>Labor<br>OSHA<br>Securities<br>Tax | Admiralty/Maritime<br>Assault / Defamation<br>FELA<br>Products Liability<br>Other (Specify): | Admiralty/Maritime<br>Arbitration<br>Commercial<br>Employment<br>Insurance<br>Negotiable Instruments<br>Other Specify | Civil Rights<br>Habeas Corpus<br>Mandamus<br>Parole<br>Vacate Sentence<br>Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| Forfeiture/Penalty<br>Real Property<br>Treaty (specify): ____<br>Other (specify): ____ | Arbitration<br>Attorney Disqualification<br>Class Action<br>Counsel Fees<br>Shareholder Derivative<br>Transfer | ✓ Yes    No<br><br>Will appeal raise a matter of first impression?<br>✓ Yes    No |

1. Is any matter relative to this appeal still pending below?  ✓ Yes, specify: **Bankruptcy proceedings ongoing.**    No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   - (A) Arises from substantially the same case or controversy as this appeal?    ✓ Yes    No
   - (B) Involves an issue that is substantially similar or related to an issue in this appeal?    ✓ Yes    No

If yes, state whether "A," or "B," or both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| In re Motors Liquidation Co. | 15-2844; 15-2847 | | 2d Circuit |

| Name of Appellant: |
|---|
| Elliott et. al.; (Cross Appellant) General Motors LLC |

| Date: 9/23/15 | Signature of Counsel of Record: /s/ Lisa H. Rubin |
|---|---|

### NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE:   IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

## COUNSEL FOR OTHER PARTIES

| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Edward S. Weisfelner<br>David J. Molton<br>May Orenstein<br>Howard S. Steel<br>Seven Times Square<br>New York, NY 10036<br>Telephone: 212-209-4800<br>Email: eweisfelner@brownrudnick.com<br>Email: dmolton@brownrudnick.com<br>Email: morenstein@brownrudnick.com<br>Email: hsteel@brownrudnick.com<br><br>**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.**<br>Sander L. Esserman<br>2323 Bryan Street, Suite 2200<br>Dallas, TX 75201<br>Telephone: 214-969-4900<br>Email: esserman@sbep-law.com<br><br>*Counsel for Ignition Switch Plaintiffs* | **KING & SPALDING LLP**<br>Arthur J. Steinberg<br>Scott I. Davidson<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Telephone: 212-556-2100<br>Email: asteinberg@kslaw.com<br>Email: sdavidson@kslaw.com<br><br>**KIRKLAND & ELLIS LLP**<br>Richard C. Godfrey<br>Andrew B. Bloomer<br>300 North LaSalle<br>Chicago, IL 60654<br>Telephone: 312-862-2000<br>Email: rgodfrey@kirkland.com<br>Email: abloomer@kirkland.com<br><br>*Counsel for General Motors LLC* |
| **GOLDENBOCK, EISEMAN, ASSOR, BELL & PESKOE, LLP**<br>Jonathan L. Flaxer<br>S. Preston Ricardo<br>437 Madison Avenue<br>New York, NY 10022<br>Telephone: 212-907-7300<br>Email: jflaxer@golenbock.com<br>Email: pricardo@golenbock.com<br><br>*Counsel for Groman Plaintiffs* | **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Steve W. Berman<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: 206-623-7292<br>Email: steve@hbsslaw.com<br><br>*Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas and the State of Arizona* |
| Gary Peller<br>600 New Jersey Avenue, NW<br>Washington, D.C. 20001<br>Telephone: 202-662-9122<br>Email: peller@law.georgetown.edu<br><br>*Counsel for Elliott, Sesay, Summerville, and Bledsoe Plaintiffs* | Mark Brnovich<br>Attorney General<br>Office of the Attorney General<br>1275 West Washington Street<br>Phoenix, AZ 85007<br>Telephone: 602-542-5025<br><br>*Attorney General for the State of Arizona* |

## COUNSEL FOR OTHER PARTIES

| | |
|---|---|
| **GOODWIN PROCTER LLP**<br>William P. Weintraub<br>Gregory W. Fox<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Telephone: 212-813-8800<br>Email: weintraub@goodwinprocter.com<br>Email: gfox@goodwinprocter.com<br><br>*Counsel for Ignition Switch Pre-Closing Accident Plaintiffs* | **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Daniel H. Golden<br>Deborah J. Newman<br>Naomi Moss<br>One Bryant Park<br>New York, NY 10036<br>Telephone: (212) 872-1000<br>Email: dgolden@akingump.com<br>Email: dnewman@akingump.com<br>Email: nmoss@akingump.com<br><br>*Counsel for Participating Unitholders* |
| **ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC.**<br>Mark P. Robinson, Jr.<br>19 Corporate Plaza Drive<br>Newport Beach, CA 92660<br>Telephone: 949-720-1288<br>Email: mrobinson@rcrlaw.net<br><br>*Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas* | **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**<br>Alexander Schmidt<br>Malcolm T. Brown<br>270 Madison Avenue<br>New York, NY 10016<br>Telephone: 212-545-4600<br>Email: schmidt@whafh.com<br>Email: brown@whafh.com<br><br>*Counsel for ABC Flooring, Inc., et al.* |
| **LIEFF, CABRASER, HEIMANN & BERNSTEIN, L.L.P.**<br>Elizabeth J. Cabraser<br>275 Battery Street<br>Embarcadero Center W.<br>San Francisco, CA 94111<br>Telephone: 415- 956-1000<br>Email: ecabraser@lchb.com<br><br>*Lead Counsel* | **HILLIARD MUNOZ GONZALES LLP**<br>Robert Hilliard<br>719 South Shoreline<br>Suite 500<br>Corpus Christi, TX 78401<br>Telephone: 361-882-1612<br>Email: bobh@hmglawfirm.com<br><br>*Lead Counsel* |
| **JOSH DAVIS LAW FIRM**<br>Joshua P. Davis<br>1010 Lamar, Suite 200<br>Houston, TX 77002<br>Telephone: 713-337-4100<br>Email: josh@thejdfirm.com<br><br>*Counsel for Doris Phillips* | |

# FORM C - ADDENDUM A

Wilmington Trust Company, as Trustee for and Administrator of the Motors Liquidation Company GUC Trust (the "GUC Trust"), seeks affirmance of the portion of the bankruptcy court's judgment entered in this action on June 1, 2015 (D.E. 13177) (the "Judgment") and the corrected Decision on Motion to Enforce Sale Order entered in this action on April 15, 2015 (D.E. 13290 Ex. A) (the "Decision on the Threshold Issues"), holding that, under the doctrine of equitable mootness, "assets transferred to the GUC Trust under the Plan could not now be tapped to pay" claims filed by Plaintiffs. *In re Motors Liquidation Co.*, 529 B.R. 510, 529 (Bankr. S.D.N.Y. 2015). Should this Court reverse, vacate, or modify the bankruptcy court's equitable mootness holding in any manner adverse to the GUC Trust, the GUC Trust seeks reversal or vacatur of the Judgment and Decision on the Threshold Issues on the four bases articulated in Addendum B.

1. **Nature of the Action**
    A. **Background**

On June 1, 2009, General Motors Corporation ("Old GM") and certain of its subsidiaries filed a petition in the United States Bankruptcy Court for the Southern District of New York to sell substantially all of its assets, pursuant to 11 U.S.C. § 363 (the "Sale"), to a company now known as General Motors LLC ("New GM"). The bankruptcy court adopted procedures for the Sale and objecting to it, ordered

direct mail and publication notice to creditors, and held a hearing.  The notices did not disclose that certain Old GM vehicles contained an ignition switch or any other defect that could cause personal injury, death, economic loss, or other injuries to persons or property.

On July 5, 2009, the bankruptcy court issued a Sale Order and Injunction approving the Sale (D.E. 2968), pursuant to the terms in the Amended and Restated Master Sale and Purchase Agreement (the "Sale Agreement").  Under that Agreement, New GM acquired substantially all of Old GM's assets in exchange for about $45 billion, and New GM assumed certain of Old GM's liabilities, but purchased the assets "free and clear" of all other liabilities.  The Sale closed on July 10, 2009.

Thereafter, Old GM changed its name to Motors Liquidation Company ("MLC").  On March 18, 2011, MLC and the remaining debtors filed their second amended Chapter 11 plan.  The bankruptcy court confirmed that Plan on March 29, 2011, and the Plan became effective two days later.  The Plan has been substantially consummated.  *See In re Motors Liquidation Co.*, 529 B.R. at 585.

The GUC Trust was formed as part of the Plan on March 30, 2011.  It is a statutory trust under the Delaware Statutory Trust Act.  As relevant for this action, the GUC Trust is responsible for resolving disputed general unsecured claims and distributing New GM stocks and warrants (or the proceeds thereof) and GUC Trust

2

Units to the GUC Trust Beneficiaries. Those beneficiaries, as relevant here, are limited to holders of allowed general unsecured claims against the debtors and holders of units of beneficial interest in the GUC Trust. "The GUC Trust Units are freely tradable. As reported by Bloomberg Finance, as of October 21, 2014, approximately 100 million GUC Trust Units had been bought and sold since June 14, 2012, and the aggregate value of those GUC Trust Units (based on daily closing prices) totaled approximately $2.1 billion." *Id.* at 536 n.51.

"[B]y September 30, 2014, the GUC Trust had distributed more than 89% of the New GM Securities and nearly 32 million GUC Trust Units." *Id.* at 537. As of March 31, 2015, the GUC Trust had successfully resolved claims representing over 99% of the dollar amount of initial disputed general unsecured claims. *See Motors Liquidation Company GUC Trust Quarterly Section 6.2(c) Report and Budget Variance Report as of March 31,2015*, D.E. 13118 at 4 (Bankr. S.D.N.Y. April 22, 2015).

### B. New GM's 2014 Recalls and Subsequent Litigation

In 2014, New GM issued 80 recalls affecting 13.5 million vehicles worldwide for various defects, including the ignition switch defect. The recalls, which covered model years 1997 to 2015, have triggered over 270 lawsuits. *See General Motors Company, Quarterly Report 14 (Form 10-Q) (July 23, 2015).*

3

Most of those suits are now part of a multi-district litigation in the Southern District of New York, and consolidated in an omnibus complaint.

In response, New GM moved the bankruptcy court to enjoin those lawsuits as subject to the injunction provision of the Sale Agreement, which limited New GM's liability to certain claims. New GM suggested that plaintiffs explore causes of action against the GUC Trust.

The bankruptcy court ordered the parties to proceed on a stipulated factual record, and to address four so-called "Threshold Issues":

- **The Due Process Issue:** First, whether the plaintiffs' procedural due process rights were violated in connection with the entry of the Sale Order and Injunction or its enforcement;

- **The Remedies Issue:** Second, assuming plaintiffs' due process rights were violated, whether a remedy could be fashioned and against whom;

- **The Assumed Versus Retained Liabilities Issue:** Third, whether claims asserted against New GM could be asserted against the Old GM bankruptcy estate and/or the GUC Trust;

- **The Equitable Mootness Issue:** Fourth, whether any claims asserted against the Old GM bankruptcy estate and/or the GUC Trust would be equitably moot.

4

## 2. Result Below

Following briefing and two days of oral argument, the bankruptcy court issued its Decision on the Threshold Issues.

On the first threshold issue, the court found that Old GM knew enough about the ignition switch defect in 2009 to make "owners of cars with Ignition Switch Defects … 'known'" creditors, and that because only publication notice was given, "Plaintiffs were denied the notice due process requires." *In re Motors Liquidation Co.*, 529 B.R. at 559. Nonetheless, the court found that Economic Loss Plaintiffs, used-car purchasers, and Pre-Closing Accident Plaintiffs had not established a due process violation stemming from the Sale Order's "free and clear" provision because they could not demonstrate that they were prejudiced by the deficient notice. *Id.* at 565, 572-73. However, the court found that the Economic Loss Plaintiffs had suffered a due process violation and were prejudiced by the overbreadth of the Sale Order that barred them from pursuing claims against New GM based solely on New GM's independent misconduct. *Id.* at 565; *see id.* at 573.

On the second threshold issue, the court found that the appropriate remedy for the Economic Loss Plaintiffs, who suffered a due process violation and were prejudiced by the overbreadth of the Sale Order as to claims based on New GM's independent misconduct, was to deny enforcement of the Sale Order as against

5

those plaintiffs, without invalidating the entire Sale Order or finding it void as to all claimants. *Id.* at 527-28.

On the third threshold issue, the court found that, under the Sale Agreement, New GM did not assume liability for claims based on Old GM's conduct. *Id.* at 528.

On the fourth threshold issue, the court found that any claims by the Ignition Switch Plaintiffs against Old GM or the GUC Trust would be equitably moot, because allowing recourse against the GUC Trust assets would require modification of the order confirming the Plan, impair the rights of the Unitholders, and be unjust to unitholders who acquired GUC Trust Units in post-confirmation trading with the understanding that the universe of claims against the GUC Trust could not expand. *Id.* at 528-29. The court noted the plaintiffs did not "pursue[] with diligence all available remedies" because of their "tactical choice" not to seek a stay of the GUC Trust's November 2014 distribution to its beneficiaries. *Id.* at 590-91.

On June 1, 2015, the bankruptcy court issued its Judgment implementing the Decision on the Threshold Issues (D.E. 13177), and entered an order certifying the Judgment for direct appeal to this Court (D.E. 13178). After notices of appeal were filed by others, the GUC Trust timely filed its notice of cross-appeal (D.E. 13204) to preserve its rights. After certain plaintiffs who indicated that they were

6

challenging the bankruptcy court's equitable mootness holding filed a petition for permission to appeal with this Court, the GUC Trust cross-petitioned for permission to take its cross-appeal directly to this Court. *See* GUC Trust Response and Cross-Petition for Permission for Direct Cross-Appeal, No. 15-1958, ECF No. 33 (2d Cir. July 2, 2015). This Court granted the petitions and cross-petitions for direct appeal on September 9, 2015. Order, No. 15-1958, ECF No. 107 (2d Cir. Sept. 9, 2015).

**3. Notice of Appeal and Lower Court Docket Sheet**

Attached as Exhibit A is the GUC Trust's Notice of Cross-Appeal, *In re Motors Liquidation Corp.*, No. 09-50026 (REG), D.E. 13204 (Bankr. S.D.N.Y. June 15, 2015).

Attached as Exhibit B is a copy of the current docket sheet in the lower court, in *In re Motors Liquidation Corp.*, No. 09-50026 (REG) (Bankr. S.D.N.Y.).

**4. Other Opinions and Orders that Form the Basis for this Appeal**

Attached as Exhibit C is the bankruptcy court's Order (I) Authorizing Sale Of Assets Pursuant To Amended And Restated Master Sale And Purchase Agreement With NGMCO, Inc., A U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection With The Sale; And (III) Granting Related Relief,

7

*In re Motors Liquidation Corp.*, No. 09-50026 (REG), D.E. 2968 (Bankr. S.D.N.Y. July 5, 2009).

Attached as <u>Exhibit D</u> is the bankruptcy court's corrected Decision on Motion to Enforce Sale Order, *In re Motors Liquidation Corp.*, No. 09-50026 (REG), D.E. 13290 (Bankr. S.D.N.Y. April 15, 2015).

Attached as <u>Exhibit E</u> is the bankruptcy court's Judgment, *In re Motors Liquidation Corp.*, No. 09-50026 (REG), D.E. 13177 (Bankr. S.D.N.Y. June 1, 2015).

# FORM C - ADDENDUM B

## Issues To Be Raised On Cross-Appeal

1.      Did the Bankruptcy Court err in holding that some or all of the Ignition Switch Plaintiffs and Ignition Switch Pre-Closing Accident Plaintiffs had claims under 11 U.S.C. § 101(5)(A) in July 2009, when they could not have contemplated their causes of action at that time and, in some cases, did not own or lease a GM vehicle until after entry of the Sale Order?

2.      Did the Bankruptcy Court err in holding that in order to establish a due process violation in connection with entry of the Sale Order, the Ignition Switch Plaintiffs and Ignition Switch Pre-Closing Accident Plaintiffs must demonstrate in a "non-speculative fashion" that they were prejudiced by their lack of a full and fair opportunity to be heard prior to entry of the Sale Order?

3.      Did the Bankruptcy Court err in holding that, with the exception of the Ignition Switch Plaintiffs' Independent Claims, the Ignition Switch Plaintiffs and Ignition Switch Pre-Closing Accident Plaintiffs failed to demonstrate prejudice in connection with entry of the Sale Order?

4.      Did the Bankruptcy Court err in holding that the Ignition Switch Plaintiffs' alleged economic losses from New GM's recalls and New GM's violation of federal recall laws do not constitute Assumed Liabilities or otherwise

implicate New GM's obligations under the Amended and Restated Master Sale and Purchase Agreement, dated June 26, 2009?

***

Each of the foregoing issues rests on conclusions of law that this Court should review *de novo*. *In re Bernard L. Madoff Inv. Sec. LLC*, 740 F.3d 81, 87 (2d Cir. 2014). To the extent the issues also rest on findings of fact, this Court should apply the clearly erroneous standard. *Id.*