# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

September 28, 2015

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

      Re:    **In re Motors Liquidation Company,** *et al.*
           **Case No. 09-50026 (REG)**

           **Letter Regarding Update on Related Proceedings**

Dear Judge Gerber:

      King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC
("**New GM**") in the above-referenced matter. Pursuant to Your Honor's Endorsed Order dated
May 5, 2015 [Dkt. No. 13131], we write to update the Court regarding developments in
proceedings relating to New GM's Motions to Enforce. Specifically, on Friday, September 25,
2015, Lead Counsel filed a letter ("**September 25 Letter**") in MDL 2543 informing Judge
Furman that they filed with the Second Circuit Court of Appeals the *Ignition Switch Plaintiffs'*
*And Ignition Switch Pre-Closing Accident Plaintiffs' Unopposed Motion For Redesignation As*
*Appellants And Memorandum In Support*, dated September 25, 2015 ("**Redesignation Motion**").
A copy of the Redesignation Motion is attached to the September 25 Letter. A copy of the
September 25 Letter, with the attached Redesignation Motion, is attached hereto.

                Respectfully submitted,

                */s/ Scott Davidson*

                Scott Davidson

Honorable Robert E. Gerber
September 28, 2015
Page 2

SD/hs
Encl.


cc:    Edward S. Weisfelner
       Howard Steel
       Sander L. Esserman
       Jonathan L. Flaxer
       S. Preston Ricardo
       Matthew J. Williams
       Lisa H. Rubin
       Keith Martorana
       Daniel Golden
       Deborah J. Newman
       Jamison Diehl
       William Weintraub
       Steve W. Berman
       Elizabeth J. Cabraser
       Robert C. Hilliard
       Gary Peller




September 25, 2015

**VIA ELECTRONIC COURT FILING**

The Honorable Jesse M. Furman
United States District Court for the
 Southern District of New York

  Re: *In re: General Motors LLC Ignition Switch Litig.*, 14-MD-2543 (JMF)

Dear Judge Furman:

  The Plaintiffs write to apprise the Court of the current status of the appeal from Judge Gerber's Decision and Judgment concerning the impact of the bankruptcy Sale Order on the various complaints now pending against New GM in this MDL and in other courts.  When the Second Circuit took direct review of the appeal under 28 U.S.C. § 158(d)(2), the Plaintiffs wished to implement this Court's Order that the parties file a motion to expedite the appeal in the Second Circuit as quickly as possible.  The Plaintiffs certainly share this Court's desire for the prompt and final resolution of the appeal.

  However, when the Second Circuit took direct review of the appeal, it added the Plaintiffs (denominated as the "Ignition Switch Plaintiffs," and the "Ignition Switch Accident Plaintiffs") as *appellees*—aligned with New GM (whose interests are of course *adverse* to the Plaintiffs) and adverse to the Elliot Plaintiffs, represented by Mr. Peller (whose interests are essentially aligned with the Plaintiffs).  The Plaintiffs timely filed notices of appeal from Judge Gerber's decision, but those notices have only recently been sent to the Second Circuit.  After several phone calls with the Case Manager and Clerks at the Second Circuit, the Plaintiffs determined that it would be necessary to file a motion for redesignation.  We then drafted and circulated that motion and recirculated revised drafts and conferred by correspondence and phone in a continuous effort to get all involved parties to agree.  That unopposed motion, which we have filed today, is attached as Exhibit A to this letter.

  We have also drafted and circulated to all involved parties a proposed joint motion to expedite the appeal, and the parties are discussing a proposed schedule and the content of the motion.  This process has been delayed by the need for redesignation to ensure the proper alignment of the parties.  Simply put, it is not possible to negotiate a proposed schedule without knowing which parties are appellants (and cross-appellees) and which parties are appellees (and cross-appellants).

The Honorable Jesse M. Furman
September 25, 2015
Page 2


        The Plaintiffs regret the delay, and hope to have a motion to expedite on file as
early next week as possible.

                                Respectfully submitted,

<u>/s/ Steve W. Berman</u>          <u>/s/ Elizabeth J. Cabraser</u>          <u>/s/ Bob Hilliard</u>
Steve W. Berman               Elizabeth J. Cabraser         Bob Hilliard
**Hagens Berman Sobol**       **Lieff Cabraser Heimann &**  **Hilliard Muñoz Gonzales**
**Shapiro LLP**               **Bernstein, LLP**            **L.L.P.**
1918 Eighth Ave.              275 Battery Street            719 S Shoreline Blvd
Suite 3300                    29th Floor                    Suite #500
Seattle, WA  98101            San Francisco, CA  94111-3339 Corpus Christi, TX 78401


        -and-                         -and-
555 Fifth Avenue              250 Hudson Street
Suite 1700                    8th Floor
New York, NY 10017            New York, NY  10013-1413

# Exhibit A

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): 15-2844(L), 15-2847(con), 15-2848(con)                     Caption [use short title]

Motion for: Redesignation as Appellants

Elliott, et al. v. General Motors LLC, et al. (In re Motors Liquidation Co.)

Set forth below precise, complete statement of relief sought:

The Ignition Switch Plaintiffs and Ignition Switch Pre-Closing Accident Plaintiffs respectfully

request that this Court (1) designate them as appellants and allow them to submit briefing

simultaneously or along with the Elliott Plaintiffs, (2) direct the clerk of the bankruptcy court to

deliver the Moving Plaintiffs' appeals, including the corresponding statements of issues and

designations of the record, to the Second Circuit, and (3) docket the Moving Plaintiffs'

appeals so they can be heard in conjunction with the pending appeals.

Groman Plaintiffs; Participating Unitholders; Celestine Elliott, Lawrence Elliott, Berenice Summerville; State of Arizona, People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas; Sesay Plaintiffs; Bledsoe Plaintiffs; Wilmington Trust Company; General Motors LLC

MOVING PARTY: Ignition Switch Plaintiffs and Ignition Switch Pre-Closing Accident Plaintiffs

OPPOSING PARTY: and other parties

[✓] Plaintiff       [ ] Defendant
[ ] Appellant/Petitioner   [✓] Appellee/Respondent

MOVING ATTORNEY: Elizabeth J. Cabraser

OPPOSING ATTORNEY:

Gary Peller; Steve W. Berman; Arthur Jay Steinberg; Andrew Baker Bloomer; Richard C. Godfrey;  Lisa H. Rubin; Aric H. Wu; Gabriel Gillett; Adam H. Offenhartz; Daniel H. Golden; Alexander H. Schmidt

[name of attorney, with firm, address, phone number and e-mail]

Lieff Cabraser Heimann & Bernstein LLP, 275 Battery Street,

29th Floor, San Francisco, CA 94111-3339; 415-956-1000

ecabraser@lchb.com

See Attachment A for a list of attorneys for other

parties

Court-Judge/Agency appealed from: U.S. Bankruptcy Court for the Southern District of New York/Judge Robert E. Gerber

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes [ ] No (explain):

Opposing counsel's position on motion:
[✓] Unopposed [ ] Opposed [ ] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes [✓] No [ ] Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:
Has request for relief been made below?                [ ] Yes [ ] No
Has this relief been previously sought in this Court?  [ ] Yes [ ] No
Requested return date and explanation of emergency:

Is oral argument on motion requested? [ ] Yes [✓] No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? [ ] Yes [✓] No  If yes, enter date:

Signature of Moving Attorney:
/s/ Elizabeth J. Cabraser   Date: 9/25/2015   Service by: [✓] CM/ECF   [ ] Other [Attach proof of service]

Form T-1080 (rev. 12-13)

## Attachment A
## Attorneys for Other Parties

Gary Peller
600 New Jersey Avenue
NW Washington, DC 20001
202-862-9122
peller@law.georgetown.edu

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
206-623-7292
steve@hbsslaw.com

Arthur Jay Steinberg
King & Spalding LLP
1185 Ave. of the Americas
New York, NY 10036
212-556-2158
asteinberg@kslaw.com

Andrew Baker Bloomer
Kirkland & Ellis LLP
300 North LaSalle Street, 38th Floor
Chicago, IL 60654
312-862-2482
andrew.bloomer@kirkland.com

Richard C. Godfrey
Kirkland & Ellis LLP
300 North LaSalle Street, Suite 6048
Chicago, IL 60654
312-861-2391
richard.godfrey@kirkland.com

Lisa H. Rubin
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
917-808-2038
lrubin@gibsondunn.com

Aric H. Wu
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
212-351-3820
awu@gibsondunn.com

Gabriel Gillett
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
202-351-2656
ggillett@gibsondunn.com

Adam H. Offenhartz
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
212-351-4000
aoffenhartz@gibsondunn.com

Daniel H. Golden
Akin Gump Strauss Hauer & Feld LLP
1 Bryant Park
New York, NY 10036
212-872-1000
dgolden@akingump.com

Alexander H. Schmidt
Wolf Haldenstein Adler
Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016
212-545-4600
schmidt@whafh.com

No. 15–2844

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

IN RE: MOTORS LIQUIDATION COMPANY,
        *Debtor*,

_____

IGNITION SWITCH PLAINTIFFS,
IGNITION SWITCH PRE-CLOSING ACCIDENT PLAINTIFFS,
        *Appellees*,

CELESTINE ELLIOTT, LAWRENCE ELLIOTT, BERENICE SUMMERVILLE,
        *Appellants-Cross-Appellees*,

GROMAN PLAINTIFFS
        *Appellees*,

GENERAL MOTORS LLC,
        *Appellee-Cross-Appellant*,

WILMINGTON TRUST COMPANY,
        *Appellee-Cross-Appellant*,

PARTICIPATING UNITHOLDERS,
        *Creditors-Appellees*.

_____

## IGNITION SWITCH PLAINTIFFS'
## AND IGNITION SWITCH PRE-CLOSING ACCIDENT PLAINTIFFS'
## UNOPPOSED MOTION FOR REDESIGNATION AS APPELLANTS
## AND MEMORANDUM IN SUPPORT

_____

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

<table>
<tr>
<td>
Steve W. Berman<br>
HAGENS BERMAN<br>
SOBOL SHAPIRO LLP<br>
1918 Eighth Avenue,<br>
Suite 3300<br>
Seattle, WA 98101<br>
steve@hbsslaw.com<br>
-and-<br>
Andrew Volk<br>
555 Fifth Avenue, Suite 1700<br>
New York, New York 10017<br>
andrew@hbsslaw.com
</td>
<td>
Elizabeth J. Cabraser<br>
LIEFF CABRASER<br>
HEIMANN & BERNSTEIN, LLP<br>
275 Battery Street, 29th Floor<br>
San Francisco, California 94111<br>
ecabraser@lchb.com<br>
- and -<br>
Rachel J. Geman<br>
250 Hudson Street, 8th Floor<br>
New York, New York 10013<br>
rgeman@lchb.com
</td>
<td>
Robert C. Hilliard<br>
HILLIARD MUÑOZ<br>
GONZALES LLP<br>
719 S. Shoreline Boulevard,<br>
Suite 500<br>
Corpus Christi, Texas 78401<br>
bobh@hmglawfirm.com
</td>
</tr>
</table>

Case 14-ab-02435-jlm    Document 409-3   Filed 09/23/15   Page 10 of 24

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.    Rules Governing Appeals from U.S. Bankruptcy Courts ...................3

II.   Relevant Factual and Procedural Background .....................................4

    A.    The Parties Bringing This Motion and Other Relevant
        Parties. .........................................................................................4

    B.    Bankruptcy Court Proceedings and Notices of Appeal. ...........6

    C.    Proceedings in the Second Circuit. ...........................................7

III.  Argument ...........................................................................................9

    A.    All Parties to the Appeal Agree That the Moving
        Plaintiffs Are Appellants and Should Be Designated As
        Such. ............................................................................................9

    B.    Redesignation Is Allowed as a General Matter, and
        Necessary Here for an Orderly and Logical Briefing
        Sequence. ....................................................................................9

CONCLUSION ...................................................................................11

Case 1:14-md-02543-JMF    Document 1409    Filed 09/23/15    Page 2 of 24

## <u>CORPORATE DISCLOSURE STATEMENT</u>

No corporate disclosure statement is required for the Moving Plaintiffs, each
of whom is an individual and not a corporate entity.

Case 15-1958, Document 148, Filed 09/25/15, Page 20 of 24

The Ignition Switch Plaintiffs and Ignition Switch Pre-Closing Accident Plaintiffs[1] (collectively, "Moving Plaintiffs"), by and through their undersigned counsel, respectfully submit this *Unopposed Motion for Redesignation as Appellants*.[2]  The Moving Plaintiffs seek relief from this Court's Order granting permission to the Moving Plaintiffs to intervene in the direct appeal of the bankruptcy court's decision regarding the impact of General Motors' 2009 bankruptcy and resulting Sale Order on current civil cases against the post-bankruptcy General Motors LLC ("New GM").[3]  *See* Case No. 15-1958 (L), Dkt. No. 106.

The Moving Plaintiffs have asserted damages claims (including under federal civil RICO and state statutory and common-law fraud) against New GM in the federal multidistrict litigation.

The Ignition Switch Pre-Closing Accident Plaintiffs have sued New GM as the successor to General Motors Corp. ("Old GM") for personal injury, wrongful

---

[1] Capitalized terms not otherwise defined in this document have the meanings given in the bankruptcy court's Decision of April 15, 2015.  *See In re Motors Liquidation Co.*, Case No. 09-50026 (REG) (Bankr. S.D.N.Y.) (Dkt. No. 13109).

[2] The other parties to these proceedings do not oppose the relief sought by Moving Plaintiffs in this Motion—designating and treating the Moving Plaintiffs as appellants in these proceedings in all respects, including by integrating their statements of issues and designations of the record on appeal into these proceedings.  New GM, the GUC Trust, and the other parties, however, do not take any position as to the representations or arguments made in these Motion papers. *See* Section III.A *infra*.

[3] *See* Section II.A *infra*, defining party names.

1

death, and other claims arising from pre-sale accidents involving motor vehicles manufactured by Old GM.

The Moving Plaintiffs' claims overlap substantially with the claims of the individual litigants who are presently designated as "appellants" in this appeal, as discussed below.  Because *all* plaintiffs are adversaries with New GM, *all* plaintiffs belong opposite New GM in these appeals (and opposite the Unitholders, given they won on issues adverse to Moving Plaintiffs).

Consequently, the Moving Plaintiffs ask that this Court ensure that briefing proceeds in an orderly fashion by designating the Moving Plaintiffs as appellants rather than appellees (or, alternatively, and with the same result, deeming previously-filed motions filed by Moving Plaintiffs as direct appeals).  Moving Plaintiffs also seek the related relief that the Moving Plaintiffs' statements of issues and designations of the record on appeal, both of which the Moving Plaintiffs had previously (and timely) filed in the bankruptcy court, be deemed the statements of issues and designations of the record on appeal for Moving Plaintiffs as appellants.[4]  *See* Dkt. Nos. 13236; 13299.[5]

---

[4] Specifically, Moving Plaintiffs request that the Second Circuit direct the clerk of the bankruptcy court to deliver the Moving Plaintiffs' appeals to the Second Circuit and for the Second Circuit to docket the Moving Plaintiffs' appeals so they can be heard in conjunction with the pending appeals.

As grounds for this Motion, the Moving Plaintiffs state the following:

## I.    Rules Governing Appeals from U.S. Bankruptcy Courts

As an initial matter, to appeal a bankruptcy court order or judgment (such as the order at issue here), an appellant must file a notice of appeal with the bankruptcy court within 14 days of the entry of the judgment or order.  Fed. R. Bankr. P. 8002(a), 8003(a)(1).  "An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal . . . ."  Fed. R. Bankr. P. 8003(a)(2).

For an appeal to proceed directly in the court of appeals rather than the district court, it must be certified, either by the bankruptcy court or by agreement of the parties, pursuant to 28 U.S.C. § 158(d) and Bankruptcy Rule 8006(c)-(f).  A certification becomes effective only after: (a) it is filed with the clerk; (b) a timely notice of appeal has been filed in the bankruptcy court; and (c) the notice of appeal has taken effect upon the disposition of any post-judgment motions.  Fed. R. Bankr. P. 8006(a)-(b).

After the certification becomes effective, "a request for permission to take a direct appeal to the court of appeals must be filed with the circuit clerk."  Fed. R. Bankr. P. 8006(g).  That request need not be filed by *all* appellants—or even by the

---

[5] Except where otherwise indicated, references to "Dkt. No. __" are to docket entries in the bankruptcy court proceedings: *In re Motors Liquidation Co.*, Case No. 09-50026 (REG) (Bankr. S.D.N.Y.).

appellant at all.  *See, e.g.,* 10 *Collier on Bankruptcy* ¶ 8006.07 (Alan N. Resnick &

Henry J. Sommer eds., 16th ed.) (rule "does not identify the entity that is to make

and file the request" for a direct appeal).[6]

## II.    Relevant Factual and Procedural Background

Multiple different groups of plaintiffs are suing New GM for economic

losses or personal injuries.

On June 9, 2014, the Judicial Panel on Multidistrict Litigation ordered

numerous economic loss class action lawsuits against New GM as well as

individual personal injury/wrongful death lawsuits against New GM to be

transferred to the United States District Court for the Southern District of New

York for consolidated pretrial proceedings.  *See In re GM Ignition Switch*

("MDL"), Case No. 14-md-2543-JMF (S.D.N.Y.) (Furman, J.).[7]

### A.    The Parties Bringing This Motion and Other Relevant Parties.

The "Ignition Switch Plaintiffs" represented by Co-Lead Counsel on behalf

of a proposed nationwide class are suing New GM for economic losses for issues

relating to the Ignition Switch Defect and other defects.  In the consolidated class

---

[6] Illustrating this, the request even can be filed by an appellee that prefers that the
appeal proceed in the court of appeals rather than the district court.  *Hundley v.
Marsh (In re Hundley)*, 603 F.3d 95, 97-98 (1st Cir. 2010).

[7] *See* Transfer Order, *In re GM Ignition Switch Litig.*, MDL No. 2543
(Dkt. No. 266) (J.P.M.L. June 12, 2014); Order No. 1, *In re GM Ignition Switch*
("MDL"), No. 14-md-2543-JMF (S.D.N.Y.) (Dkt. No. 19), at 1.

action complaint that they have filed in the district court, the Ignition Switch
Plaintiffs and the other plaintiffs (together, "Putative Class Plaintiffs") seek relief
for all class members. The consolidated complaint that Putative Class Plaintiffs
have filed is the operative class complaint in the district court. *See* Dkt. No. 249,
Case No. 14-md-2543-JMF (appointing lead counsel and detailing their duties in
representing the putative class); Dkt. No. 1024 (deeming Putative Class Plaintiffs'
complaint as the operative class action complaint in the proceedings before the
MDL court).

Certain individual putative class members in the economic loss class case,
the "Elliott Plaintiffs" (Celestine Elliott, Lawrence Elliott, and Berenice
Summerville), are separately represented in this appeal and, of relevance here, are
the plaintiffs who filed the first direct appeal of the bankruptcy court's Decision.
For this reason, the Elliott Plaintiffs are currently designated as "appellants."

The "Ignition Switch Pre-Closing Accident Plaintiffs" are suing New GM
for motor vehicle accidents caused by the Ignition Switch Defect.

The States of California and Arizona have each filed complaints against
New GM seeking civil penalties, injunctive and related relief arising from New
GM's alleged violations of the respective States' consumer protection laws.

The Motors Liquidation Company GUC Trust (the "GUC Trust") benefits
certain creditors of Old GM. The "Participating Unitholders" are a subgroup of

5

these creditors; Wilmington Trust Company acts as the GUC Trust's trustee and administrator (collectively, these are the "GUC Parties"). They, along with New GM, are the true appellees to Moving Plaintiffs' appeal because these parties prevailed on certain issues against the Moving Plaintiffs in the bankruptcy court's Decision and Judgment.

### B.   <u>Bankruptcy Court Proceedings and Notices of Appeal.</u>

In June 2009, General Motors LLC filed a Chapter 11 bankruptcy petition. *See In re Motors Liquidation Co.*, Case No. 09-50026 (Bankr. S.D.N.Y.) (Gerber, J.).

In July 2009, the bankruptcy court entered a Sale Order that, among other things, detailed certain liabilities of New GM. The interpretation of the Sale Order is at issue in the Decision and Judgment that are the subject of this appeal. The bankruptcy court's Decision on Motion to Enforce Sale Order ("Decision") was entered on April 15, 2015, and the judgment and certificate for direct appeal were entered on June 1, 2015. Dkt. Nos. 13109 (Decision), 13177 (Judgment), 13178 (Certificate).

As part of the Certificate, Judge Gerber ordered the bankruptcy clerk not to transmit the Record on Appeal or any associated documents until the Second Circuit decided whether to hear the appeal. *See* Dkt. No. 1 ¶ 6. (As a result, and for that reason, the Moving Plaintiffs' appeals have not been docketed in either the

Case 1-14-mm-02543-cdwm    Document 44093    filed 09/25/15    Page 18 of 24

district court or the Second Circuit.)

The same day that the court entered the Judgment and Certificate, the Elliott Plaintiffs, by Attorney Gary Peller, filed a notice of appeal.  Dkt. No. 13179.

The Ignition Switch Plaintiffs (Dkt. No. 13185) and the Ignition Switch Pre-Closing Accident Plaintiffs (Dkt. No. 13194) filed timely notices of appeal on June 2 and 10, respectively.  Both sets of Moving Plaintiffs thus filed in advance of when New GM and the GUC Parties filed their cross-notices of appeal, on June 12 and 15, respectively.  Dkt. No. 13200 (New GM); Dkt. No. 13204 (GUC Parties).  But, as stated above, these appeals have not been docketed.

After Judge Gerber denied a motion for post-Judgment relief on July 22, (Dkt. No. 13313), the State of California (Dkt. No. 13333) and the State of Arizona (Dkt. No. 13335) filed timely notices of appeal.  These appeals, too, have not been docketed.

### C.    Proceedings in the Second Circuit.

On June 18, the Elliott Plaintiffs filed a Petition for Permission to Appeal in this Court.  *See* Case No. 15-1958, Dkt. No. 1.

The Moving Plaintiffs did not at that time file a petition in the Second Circuit Court of Appeals, intending instead to file appeal papers in the United States District Court for the Southern District of New York.

On June 29, 2015, New GM filed a combined opposition to the Elliott

7

Case 1-14-ma-02643-bwn    Document 140-9    Filed 09/25/15    Page 22 of 24

Plaintiffs' petition and (conditioned upon this Court's granting the Elliott

Plaintiffs' petition) petition to cross-appeal. Case No. 15-2079, Dkt. No. 1. On

July 2, the GUC Trust filed a similar combined opposition/conditional petition to

appeal. Case No. 15-2131, Dkt. No. 1.

On June 30, the Moving Plaintiffs timely moved to intervene in the Elliott

Plaintiffs' petition proceeding in order to oppose the petition. *See* Case No. 15-

1958, Dkt. Nos. 21, 24. The Moving Plaintiffs likewise timely moved to intervene

on substantially the same grounds in New GM's and the GUC Trust's' respective

petition proceedings. Case No. 15-2079, Dkt. No. 20; Case No. 15-2131, Dkt. No.

18.

On August 12, the Moving Plaintiffs filed a letter stating that they no longer

opposed a direct appeal to this Court. *See* Case No. 15-2131, Dkt. No. 36.

On September 9, this Court granted all of the petitions for direct appeal and

allowed the Moving Plaintiffs to intervene. The Court designated the Elliott

Plaintiffs as appellants and cross-appellees (to New GM's and the GUC Parties'

appeals), the Moving Plaintiffs as appellees (to the Elliott Plaintiffs' appeal), and

New GM and the GUC Parties as appellees (to the Elliott Plaintiffs' appeal) and

cross-appellants (based on their cross-notices of appeal and subsequent cross-

petitions). Dkt. No. 15-1958, Dkt. No. 106.

On September 16, 2015, the States of Arizona and California jointly filed in

this Court a motion to intervene as appellants.

**III.**  **Argument**

    **A.**  **All Parties to the Appeal Agree That the Moving Plaintiffs Are Appellants and Should Be Designated As Such.**

This Court's Rules provide that "designations may be modified by the parties' agreement . . . ." Fed. R. App. P. 28.1(b).  The undersigned have conferred with counsel for all other parties to these proceedings, as well as counsel for the proposed intervenors State of Arizona and People of the State of California, and confirmed that these parties agree to the relief sought in the present Motion: the designation and treatment of the Moving Plaintiffs as appellants, including by incorporating their statements of issues and designations of the record (duly filed in the bankruptcy court) into these proceedings.  Counsel for the other parties take no position as to any of the argument or representations in this Motion.  All counsel have confirmed that they do not intend to file any response to this Motion. *See* Fed. R. App. P. 27.1(b).

Because the Rules provide that designations may be modified by agreement and the parties are in such an agreement, the Moving Plaintiffs ask that this Court redesignate them as appellants.

    **B.**  **Redesignation Is Allowed as a General Matter, and Necessary Here for an Orderly and Logical Briefing Sequence.**

The rules governing this proceeding provide that "designations may be modified . . . by court order." Fed. R. App. P. 28.1(b); see generally Charles Alan

9

Wright & Arthur R. Miller, 16AA Fed. Prac. & Proc. Juris. § 3974.10 (4th ed. 2015) ("the party who files the second notice of appeal [may] raise [issues for appeal] that are more numerous or weighty than the party who files the first notice, and thus it may make sense to treat the second party as the appellant and the first party as the appellee.  Rule 28.1(b) authorizes . . . the court by order to modify the default designations in the rule.")

Prior to the passage of Rule 28.1(d) in 2005, courts redesignated parties by relying on Fed. R. App. P. 2, which allows courts to "suspend any provision of these rules in a particular case and order proceedings as it directs", and/or on their inherent powers as reflected in (but not limited by) that Rule.  *See, e.g.*, *Rosebud Sioux Tribe v. McDivitt*, 286 F.3d 1031, 1035 (8th Cir. 2002) (realigning parties based on the parties' positions in the substance of the dispute).

Rule 2 thus also supports an alternative basis for granting the relief that the Moving Plaintiffs seek, namely, construing the Moving Plaintiffs' prior filings (i.e., the intervention motion and subsequent letter informing the Court that the Moving Plaintiffs no longer opposed a direct appeal) as a petition for a direct appeal and then treating that petition as granted.  *See In re Turner*, 574 F.3d 349, 352–54 (7th Cir. 2009) (Posner, J.) (holding, in the context of an appeal of a bankruptcy court order, that the requirement to file a petition for leave to appeal is not jurisdictional; appellate court may overlook technical infirmities so long as the

10

party seeking relief has provided the court with the correct substantive information); *see also* Fed. R. Bankr. P. 8003(a)(2) (indicating that only jurisdictional bar to hearing bankruptcy appeals is failure to file notice of appeal).

Overall, either redesignating the Moving Plaintiffs as appellants, or construing the Moving Plaintiffs' prior papers as bringing a direct appeal, conforms the Moving Plaintiffs to be appellants, putting the parties in their proper positions in terms of their stance in this appeal. The MDL court designated the undersigned as lead counsel in the MDL proceedings and ruled that the consolidated complaint filed by the undersigned is the operative one in the MDL proceedings. *See* Dkt. No. 1024, Case No. 14-md-2543-JMF. All Plaintiffs are, moreover, united in interest and position in these proceedings: all took timely action to appeal, and all seek review of and relief from the bankruptcy court's Decision. All are, functionally, appellants. All should be designated as appellants.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should designate the Moving Plaintiffs as appellants in this appeal and allow them to submit briefing simultaneously or along with the Elliott Plaintiffs. As part of this relief, Moving Plaintiffs respectfully request the Second Circuit to direct the clerk of the bankruptcy court to deliver the Moving Plaintiffs' appeals, including the corresponding statements of issues and designations of the record, *see* Dkt. Nos. 13236; 13299, to the Second

Circuit and for the Second Circuit to docket the Moving Plaintiffs' appeals so they

can be heard in conjunction with the pending appeals.

12

Case 1:14-md-02543-JMF Document 1449-3 Filed 09/25/15 Page 22 of 24

Dated:  September 25, 2015          Respectfully submitted,

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**

By:      /s/ Elizabeth J. Cabraser

Elizabeth J. Cabraser
275 Battery Street, 29th Floor
San Francisco, California 94111
E: ecabraser@lchb.com

-and-

Rachel J. Geman
250 Hudson Street, 8th Floor
New York, New York 10013
E: rgeman@lchb.com

*Co-Lead Counsel with a primary focus on
Economic Loss Cases*

**HAGENS BERMAN SOBOL
SHAPIRO LLP**
Steve W. Berman
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
E: steve@hbsslaw.com

-and-

Andrew Volk
555 Fifth Avenue, Suite 1700
New York, New York 10017
E: andrew@hbsslaw.com

*Co-Lead Counsel with a primary focus on
Economic Loss Cases*

**HILLIARD MUÑOZ GONZALES LLP**
Robert C. Hilliard
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
E: bobh@hmglawfirm.com

*Co-Lead Counsel with a primary focus on
Personal Injury Cases*

-and-

**BROWN RUDNICK LLP**
Edward S. Weisfelner
David J. Molton
May Orenstein
Howard S. Steel
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
T: 212-209-4800
E: eweisfelner@brownrudnick.com
E: dmolton@brownrudnick.com
E: morenstein@brownrudnick.com
E: hsteel@brownrudnick.com

-and-

**STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA, P.C.**
Sander L. Esserman
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
T: 214-969-4900
E: esserman@sbep-law.com

*Co-Designated Counsel & Counsel to Ignition
Switch Plaintiffs, Represented in the MDL
Proceeding by Co-Lead Counsel*

14

**GOODWIN PROCTER LLP**
William P. Weintraub
Gregory W. Fox
The New York Times Bldg.
620 Eighth Avenue
New York, New York 10018
T: 212-813-8800
E: wweintraub@goodwinprocter.com
E: gfox@goodwinprocter.com

*Co-Designated Counsel & Counsel to Ignition
Switch Pre-Closing Accident Plaintiffs,
Represented in the MDL Proceeding by Co-Lead
Counsel:*

1274559.8

15