CUTRUZZULA & NALDUCCI
ATTORNEYS AT LAW
3300 GRANT BUILDING
310 GRANT STREET
PITTSBURGH, PENNSYLVANIA 15219

(412) 391-4040

September 29, 2015

*Via ECF Filing and U.S. Mail*
The Honorable Robert E. Gerber
United States Bankruptcy Court
For the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004

  RE: In re Motors Liquidation Company, *et al.*
     Case No. 09-50026 (REG)

Dear Judge Gerber:

  Pursuant to Your Honor's September 3, 2015 Scheduling Order, Plaintiff submits this letter response to New GM's September 23, 2015 letter.[1] In that letter, New GM alleges that certain claims in Plaintiff's Amended Complaint, filed in the Court of Common Pleas of Allegheny County, Pennsylvania, No. GD-14-020549 *Rickard v. Walsh Const. Co., et al.*, violate certain orders of this Court pertaining to the above captioned matter.

  On November 16, 2012, Plaintiff's decedent, William Rickard, was in a rear-end automobile accident during which his 2002 Chevrolet S-10 pickup driver's seat, seat back, seat rails, headrest and related systems failed. When this occurred, the driver's seat and Plaintiff's decedent were propelled rearward into the backseat area of the vehicle, resulting in his sustaining bilateral jump-lock facet injuries at C7-T1 with complete paraplegia, and other associated complications of this condition. As a result of the aforementioned accident and injuries, Plaintiff's decedent, after a long, slow, consciously painful and agonizing course, died on October 22, 2014. On November 7, 2014, William Rickard's widow filed a wrongful death and survival action as administratrix of her husband's estate, and on behalf of herself and their minor daughter, and more recently filed an Amended Complaint on March 19, 2015. This action seeks wrongful death damages and survival damages from General Motors, LLC f/k/a General Motors Corp., and other defendants, resulting from the decedent's bodily injury and death following the

---

[1] Prior to receipt of the September 3, 2015 scheduling order, Plaintiff herein had previously filed a "No Dismissal Pleading" dated September 4, 2015 and located at Docket No. 13423.

WWW.CUTRUZZULANALDUCCI.COM  FACSIMILE (412) 471-2650

September 29, 2015
Page 2

aforementioned accident. This action does not state a claim for punitive damages, nor does it claim damages stemming from the loss of the value of decedent's Chevrolet S-10 pickup.

    Count XIX of Plaintiff's Amended Complaint states a strict products liability claim pursuant to Restatement (Second) Torts §402B against New GM, claiming damages for the physical harm and wrongful death caused by plaintiff's decedent's defective vehicle. This section permits a Plaintiff to recover for *bodily injury sustained as the result of a negligent misrepresentation by the seller of a chattel concerning the character or quality of a chattel.* Restatement (Second) of Torts §402B (1965) (emphasis added). Section 2.3 of the Amended and Restated Master Sale and Purchase Agreement of June 26, 2009 ("Sale Agreement"), lists the Assumed Liabilities of New GM. Product liabilities are explicitly included in this list at §2.3(a)(ix) which states:

> all Liabilities to third parties for *death, personal injury, or other injury to Persons* or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), which *arise directly out of accidents, incidents or other distinct and discreet occurrences* that happen on or after the Closing Date and arise from such motor vehicles' operation or performance (for avoidance of doubt, Purchaser shall not assume, or become liable to pay, perform or discharge, any Liability arising or contended to arise by reason of exposure to materials utilized in the assembly or fabrication of motor vehicles manufactured by Sellers and delivered prior to the Closing Date, including asbestos, silicates or fluids, regardless of when such alleged exposure occurs)

    §2.3(a)(ix) *Amended and Restated Master Sale and Purchase Agreement of June 26, 2009.* (Emphasis added).

    Simply put, Plaintiff's claim pursuant to Section 402B is a claim for bodily injury and wrongful death which occurred during an accident or incident. As such, the type of liability sought by Plaintiff for strict products liability pursuant to Section 402B is included in the assumed liabilities of New GM and as such, is not barred by this Court's Judgment.

    Although New GM did not address the issue of "Economic Loss" in its September 23, 2015 letter, in its initial letter to Plaintiff's counsel dated August 26, 2015, it stated that Plaintiff's Amended Complaint "is making allegations and asserting claims against New GM for economic damages that arise from the conduct of Old GM." Plaintiff has not made any claim for "economic damages" as that term has been defined by this Court.

September 29, 2015
Page 3

      This Honorable Court has stated that "Economic Loss" cases with respect to the instant litigation as cases are those seeking "compensatory damages, punitive damages, RICO damages, and attorneys fees for *other* kinds of losses to consumers – **"Economic Losses"** – alleged to have resulted from the Ignition Switch Defect. The claims for Economic Loss include claims for alleged reduction in the resale value of affected cars, and other economic loss (such as unpaid time off from work when getting an ignition switch replaced), and inconvenience." *See, Decision on Motion to Enforce Sale Order, In re Motors Liquidation Company,* 529 B.R. 510 (Bankr. S.D.N.Y. 2015). In the same Decision, this Court clarified that, "this controversy does not involve death, personal injury or property damage arising in accidents. Instead, it involves only *economic losses* allegedly sustained with respect to Old GM vehicles and parts." *Id.* at FN 4. (Emphasis included in the original).

      It is evident from Plaintiff's Amended Complaint that she is not seeking the type of economic damages which this Court has precluded. Rather, she is seeking damages stemming from her husband's paraplegia and subsequent death. This Court has been clear that the type of damages sought in the instant death action are permissible.

      Please note that no commentary to Plaintiff's Complaint was made by New GM in Exhibit E to its September 23, 2015 letter. As such there can be no commentary by this party in response, as was requested by this honorable Court.

      Respectfully Submitted,

      CUTRUZZULA & NALDUCCI

      */s/ Julianne Cutruzzula Beil*

      Julianne Cutruzzula Beil, Esquire

/JCB
Enclosures

CC:    Arthur Steinberg, Esquire