Gary Peller (*pro hac vice*),
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 662-9122
(202) 662-9680 (facsimile)

**VIA E-MAIL TRANSMISSION**                September 29, 2015
**AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408
gerber.chambers@nysb.uscourts.gov

      Re: In re Motors Liquidation Company, et al., Case No. 09-50026 (REG); *Sesay et al v. General Motors et al*, 1:14-06018 (JMF); *Elliott, et al. v.. General Motors LLC*, *et al.*, 1:14-cv-8382 (JMF); *Bledsoe et al. v. General Motors LLC*, 1:14-cv-7631-(JMF) – Punitive Damages Issues

Your Honor:

     I represent Celestine Elliott, Lawrence Elliott, Berenice Summerville, Ishmail Sesay, Joanne Yearwood, Sharon Bledsoe, Tina Farmer, Paul Fordham, Momoh Kanu, Tynesia Mitchell, Dierra Thomas and James Tibbs, plaintiffs in the above captioned actions. Ms. Farmer and Mr. Kanu are post-Sale accident victims.

     Pursuant to the Court's September 3, 2015 Scheduling Order, I submit this letter on their behalf.

     According to page five of the Court's Order:

New GM shall file with the Court and serve on counsel of record in such representative case(s) on or before September 23, 2015 (i) a marked-up version of their complaints ("**Other Plaintiffs' Complaints**"), showing which portions thereof New GM contends violate the Judgment, the Decision and/or the Sale Order and Injunction, and (ii) a letter, not to exceed three (3) single- spaced pages for the Other Plaintiffs' Complaints, setting forth New GM's position with respect to the Marked Other Plaintiffs' Complaints ("**New GM Marked Other Plaintiffs' Complaints Letter**").

Honorable Robert E. Gerber
September 2, 2015
Page 2

    Despite the Court's Order, New GM unilaterally determined that "submitting marked-up versions of the Other Plaintiffs' Complaints is not necessary…" New GM has submitted no marked up complaints pertaining to the *Elliott*, *Sesay*, and *Bledsoe* lawsuits.

    The purpose of the "marked complaints" procedure is to bring finality to these proceedings by applying the Court's general rulings to the actual pleadings of the parties. In these circumstances, Plaintiffs submit that it is appropriate to treat New GM's failure to submit marked pleadings in which it identifies with particularity the allegations that it claims violate this Court's Orders as a waiver of any such contention with respect to the *Elliott*, *Sesay*, and *Bledsoe* lawsuits.

    In the event that the Court considers New GM's letter contentions despite its refusal to follow the procedures that the Court ordered, New GM's contentions should be rejected. Its argument that the *Elliott* and *Sesay* claims for negligent infliction of economic loss and increased risk "relate to Old GM conduct at the time the vehicle was sold..." ignores the actual pleadings, which explicitly disclaim any claims relating to the purchase of the vehicles and specifically allege that *New GM* owed duties to warn plaintiffs—not based on the sales transaction, but instead based on *New GM's own*, *independent*, and non-derivative duties. These duties are alleged to be based, *inter alia*, on 1) the common law requirement that a party in exclusive possession of information that another faces imminent risk of death or serious bodily injury has a duty to disclose the information; and 2) statutory duties that are incorporated into the negligence standards under the doctrine of *negligence per se*. Every allegation the Plaintiffs make is explicitly limited to duties that arose post-Sale.

    New GM's contention regarding Plaintiffs' allegations of civil conspiracy is not comprehensible from the mere mention of the claims in a footnote in its letter. Each such claim alleged in the *Elliott*, *Sesay*, and *Bledsoe* lawsuits is carefully limited in time to post-Sale conduct and constitutes an independent, non-derivative claim against New GM for it post-Sale conduct in concealing the ignition switch and other defects.

    The "marked complaint" procedure required New GM to identify allegedly offending allegations. It has identified no allegations in Plaintiffs' lawsuits that violate this Court's rulings. Accordingly, Plaintiffs should be free of this Court's jurisdiction to pursue their claims.

                                                  Respectfully submitted,
                                                  /s/ *Gary Peller*
                                                  Gary Peller

cc:    Arthur Steinberg, Esq.