# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

### *ELECTRONICALLY FILED*

MDL NO. 14-MD-2543 (JMF)

IN RE: GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

This Document Relates to *Hoskins v. General Motors LLC, et al.*, 1:15-cv-00409-JMF

### **MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COMES the Plaintiff, by counsel, and hereby moves the Court for leave to file her First Amended Complaint, tendered herewith. As grounds for this motion, Plaintiff states as follows.

1. Plaintiff's original Complaint, included claims for damages potentially related to pre-bankruptcy conduct of "Old GM," among other claims.

2. On June 1, 2015, as amended by a scheduling order entered September 3, 2015, the United States Bankruptcy Court for the Southern District of New York entered a Judgment in *In re: MOTORS LIQUIDATION COMPANY, et al., f/k/a General Motors Corp., et al.*, Case No.: 09-50026 (REG), in which it determined that certain claims, related to vehicles manufactured by Motors Liquidation Company (Old GM), could not be maintained against General Motors LLC (New GM).

3. That Judgment and the subsequent scheduling order entered by the Bankruptcy Court provided a provided a procedure for amendment of non-compliant pleadings. Specifically, once New GM gives notice of the Judgment and served it on a Plaintiff in a suit against New GM, the Plaintiff is required to amend its pleading to remove any claim that is proscribed by the Bankruptcy Court within 17 days.

4. New GM's bankruptcy counsel, King & Spaulding, notified Plaintiff on September 1, 2015, that it considered Plaintiff's Complaint to be non-conforming. Therefore, Plaintiff is required to amend her Complaint to remove the proscribed claims, without prejudice, no later than September 18, 2015.

WHEREFORE, Plaintiff respectfully requests that this Court enter the attached Order directing the filing of tendered Third Amended Complaint.

>Respectfully submitted,
>
>ATTORNEYS FOR PLAINTIFF
>
>BY:  /s/ Jerome P. Prather
>William R. Garmer, Esq.
>Jerome P. Prather, Esq.
>141 North Broadway
>Lexington, Kentucky 40507
>Telephone: (859) 254-9352
>Facsimile: (859) 233-9769
>Email: bgarmer@garmerprather.com
>Email: jprather@garmerprather.com
>
>Jason Charles Reichenbach
>1031 Broadway Street
>Suite #4
>Paintsville, KY 51240

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2015, I electronically served the foregoing Motion on all counsel of record in this action using the CM/ECF system.

>BY:  /s/ Jerome P. Prather
>Jerome P. Prather, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*ELECTRONICALLY FILED*

MDL NO.  14-MD-2543 (JMF)

IN RE: GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

This Document Relates to *Hoskins v. General Motors LLC, et al.*, 1:15-cv-00409-JMF

v.                                **ORDER**

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

The Plaintiff having filed a Motion for Leave to File a First Amended Complaint, in compliance with the June 1, 2015, Judgment of the United States Bankruptcy Court for the Southern District of New York in *In re: MOTORS LIQUIDATION COMPANY, et al., f/k/a General Motors Corp., et al.*, Case No.: 09-50026 (REG), and a demand to Amend Plaintiff's Complaint received from GM on September 1, 2015, the Court having considered the matter herein and otherwise being sufficiently advised,

IT IS NOW THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:

1. Plaintiff's Motion for Leave to File a First Amended Complaint is hereby GRANTED.

2. The Clerk of the Court is directed to file the tendered First Amended Complaint.

3. Plaintiff's claims relating to conduct of Old GM in her original Complaint and omitted from the First Amended Complaint are herby dismissed WITHOUT PREJUDICE.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*ELECTRONICALLY FILED*

MDL NO. 14-MD-2543 (JMF)

IN RE: GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

This Document Relates to *Hoskins v. General Motors LLC, et al.*, 1:15-cv-00409-JMF

v.        **FIRST AMENDED COMPLAINT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

COMES the Plaintiff, Judith M. Hoskins, and in compliance with a demand received from General Motors LLC, pursuant to the June 1, 2015, Judgment of the United States Bankruptcy Court for the Southern District of New York in *In re: MOTORS LIQUIDATION COMPANY, et al., f/k/a General Motors Corp., et al.*, Case No.: 09-50026 (REG), for her First Amended Complaint hereby reiterates and reaffirms each and every allegation contained in her original Complaint *except* paragraphs 50-54, and paragraphs 42-44 and 50-62, as originally stated, and further states as follows for her cause of action against the Defendants General Motors LLC, and Motors Liquidation Company f/k/a General Motors Corporation:

1.    The Plaintiff, Judith M. Hoskins, is a citizen and resident of South Charleston, Kanawha County, West Virginia. At the time of the events stated herein, she was a citizen and resident of Mattawan, Van Buren County, Michigan.

2.    The Defendant General Motors LLC ("New GM"), is and was at all times stated herein, a limited liability company organized and existing under the laws of Delaware, with its principal place of business located at 300 Renaissance Center, Detroit, Michigan 48265-3000. General Motors LLC, is authorized to conduct business in the Commonwealth of Kentucky and

its registered agent for service of process is CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601. General Motors LLC, conducts business through its agent in Madison County, Kentucky. Furthermore, General Motors LLC, engages in significant business activities and derives significant revenue within the Commonwealth of Kentucky, including through the manufacture and sale of automobiles.

3. The Defendant Motors Liquidation Company ("Old GM") was formerly known as General Motors Corporation, and is the successor company to General Motors Company before its 2009 bankruptcy. Motors Liquidation Company is and was at all times stated herein, a corporation organized and existing under the laws of Delaware with its principal place of business, on information and belief, located in Delaware, and transacted business directly and through its agents in the Commonwealth of Kentucky. It is subject to the jurisdiction of this Court pursuant to KRS 454.210, and therefore may be served with process through the Kentucky Secretary of State, who will mail a copy of the summons and complaint to The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

**FACTS COMMON TO ALL COUNTS – ACCIDENT AND INJURY**

4. Plaintiff Judith Hoskins owned a model year 2007 Chevrolet Cobalt LS, VIN 1G1AK55F877261671 (hereinafter "2007 Cobalt"), with 80,363 accrued miles, which she purchased in the ordinary course of business from Kentucky Auto Brokers LLC d/b/a/ Legacy Auto Store in London, Kentucky, on or about August 3, 2010. The 2007 Cobalt was first sold by GM's agent, Bob Montgomery Chevrolet, in Louisville, Kentucky, on or about January 23, 2007.

5. On or about November 23, 2012, at approximately 8:30 a.m., Plaintiff was operating the Cobalt southbound on Interstate 75 in Richmond, Madison County, Kentucky, near

milepoint 93.9, when she lost control of the Cobalt, and the vehicle left the roadway, and collided with a rock wall near the highway, then overturned (hereinafter "the collision").

6. The roadway at the location of the collision was straight with a slight grade. At the time of the collision, the weather conditions were dry, daylight conditions prevailed, and the roadway was free of debris, obstacles, or obstructions to travel.

7. Just before the moment of the collision, Plaintiff lost mechanical control of the Cobalt's steering system and braking system.

8. Despite multiple impacts, the Cobalt's airbags did not deploy.

9. Just before the moment of the collision, the Cobalt's ignition switch failed, causing the engine to shut off resulting in a loss of power and resulting in the events described above.

10. The events described above were the result of the commissions and omissions of each of the Defendants.

11. As a result of the events described above, Judith M. Hoskins sustained serious and grievous permanent injuries, including but not limited to, fractures of the sacrum, pelvic ring, spine, and ribs.

12. As a result of the injuries described herein, Plaintiff required surgical fixation, hospitalization for acute care and rehabilitation, and home health care. Nonetheless, Plaintiff has suffered permanent injuries.

13. As a result of the events described above, Judith M. Hoskins has suffered and will in the future suffer great pain of body and anguish of mind, to her damage in an amount in excess of the minimum amount required to invoke the jurisdiction of this Court.

14. As a result of the events described above, Judith M. Hoskins incurred in the past and will incur in the future, medical bills to her damage in an amount in excess of the minimum amount required to invoke the jurisdiction of this Court.

15. As a result of the events described above, Judith M. Hoskins lost time from work and as a result, suffered a loss of earnings to her damage in an amount in excess of the minimum amount required to invoke the jurisdiction of this Court.

16. As a result of the events described above, Judith M. Hoskins has lost the power to earn money in the future to her damage in an amount in excess of the minimum amount required to invoke the jurisdiction of this Court.

## FACTS COMMON TO ALL COUNTS – PRODUCT DEFECT

17. New GM was organized in 2009 and on July 10, 2009, acquired substantially all assets and assumed certain liabilities of General Motors Corporation ("Old GM.") through a Section 363 sale under Chapter 11 of the U.S. Bankruptcy Code.

18. Among the liabilities and obligations expressly retained by New GM after the bankruptcy are the following: "From and after the Closing, Purchaser [New GM] shall comply with the certification, reporting and recall requirements of the National Traffic and Motor Vehicle Act, the Transportation Recall Enhancement, Accountability and Documentation Act, the Clean Air Act, the California Health and Safety Code, and similar laws, in each case, to the extent applicable in respect of vehicles and vehicle parts manufactured or distributed by [Old GM]."

19. GM also expressly assumed: "all Liabilities arising under express written warranties of [Old GM] that are specifically identified as warranties and delivered in connection with the sale of new, certified used or pre-owned vehicles or new or remanufactured motor

vehicle parts and equipment (including service parts, accessories, engines and transmissions) manufactured or sold by [Old GM] or Purchaser prior to or after the Closing and (B) all obligations under Lemon Laws."

20.     Because New GM acquired and operated Old GM and ran it as a continuing business enterprise, and because New GM was aware from its inception of the ignition switch defects in the Defective Vehicles, New GM is liable through successor liability for the deceptive and unfair acts and omissions of Old GM, as alleged in this Complaint. (Hereinafter, new GM and Old GM are collectively referred to as "GM".)

21.     GM fraudulently withheld information concerning defects that are described herein from the United States Bankruptcy Court at the time of its reorganization.

22.     The 2007 Chevrolet Cobalt SE had safety-related design defects. First, a low torque detent in the ignition switch allowed the key to be inadvertently turned from the run to accessory/off position. Second, because of the low position of the key lock module on the steering column, a driver can inadvertently bump the key fob or chain which results in the key turning from run to the accessory/off position. Third, the key sold with the Cobalt had a slot design which allows the key fob or chain to hang lower on the key than it would with a single-hole design, which increases the chance of the key inadvertently moving from the run to accessory/off position during ordinary driving. (The design of the ignition switch, position of the key lock module, and slot design of the key, along with related components, are collectively referred to as the "Ignition Key System.")

23.     Plaintiff's 2007 Cobalt was sold with a key that included a slot design for attachment to a key ring.

24.     In March 2009, GM approved a design change in the key from the slot to a hole. According to GM, this redesigned change was implemented in model year 2010 Cobalts.

25.     During approximately the year 2000, GM and a supplier, Eaton Mechatronics, which sold its vehicle switch/electronic division to Delphi Automotive Systems ("Delphi") on March 31, 2001, completed the specifications for the ignition switch for the Saturn Ion. The same ignition switch design was incorporated into the 2007 Cobalt, which is essentially the same vehicle as the Saturn Ion, marketed under a different nameplate.

26.     GM had knowledge of defects within the ignition switch system, which resulted in ignition failure during normal vehicle operation, of the Saturn Ion and its sister vehicles since at least 2001 and at various times afterward. These known defects included "[l]ow contact force and low detent plunger force," and "a low position of the lock module in the [steering] column."

27.     GM further had knowledge that certain reasonable alternative designs would resolve the known defects, resulting in safer operation, at nominal cost. Those alternative designs would not have impaired the intended function of the ignition key system. Those design changes were not implemented before production of the 2007 Cobalt.

28.     GM concealed this serious safety problem described above, disclosed it only to customers who brought their cars to a dealership after an engine shut-down incident, and even then offered an incomplete, incorrect, and insufficient description of the defects and the manner in which to actually remedy them to its own dealers and its customers.

29.      Before November 2012, GM knew of at least 20 incidents of vehicle power loss incidents resulting in crashes and injuries, and hundred of additional instances of engine stalling, but at no time before 2014 cured the defect in cars it had previously manufactured and sold.

30. Through its marketing efforts, GM specifically represented to customers that its vehicles were safe.

31. Pursuant to 49 C.F.R. § 573.6, which requires an automobile manufacturer to "furnish a report to the NHTSA for each defect … related to motor vehicle safety," GM had a duty, no later than February 2005, to disclose the safety-related defects in the Chevrolet Cobalt vehicles.

32. Instead of complying with its legal obligations under 49 C.F.R. § 573.6, GM fraudulently concealed and continued to conceal the known defect from the public – including Plaintiff – and continued to manufacture and sell Cobalts and other automobiles with these known safety defects, causing Plaintiff to continue to own and operate a vehicle that contained a defective and dangerous ignition key system.

33. On or about February 7, 2014, GM issued Recall No. 13454 for certain 2005-2007 model year Chevrolet Cobalts and 2007 model year Pontiac G5 vehicles, and later expanded the recall to other GM vehicles manufactured as early as the 2003 model year.

34. The recall described above was based on information about the ignition key system installed in the recalled vehicles that GM had known for at least 10 years, since before the affected vehicles were manufactured.

## COUNT ONE
### (Strict Liability)

35. Plaintiff adopts and incorporates by reference all prior paragraphs of this Complaint.

36. GM designed, manufactured, tested, sold and placed into the stream of commerce, the 2007 Chevrolet Cobalt and component parts thereof, including but not limited to, equipping it with an ignition switch.

37. At the time the vehicle was placed into the stream of commerce, the vehicle was defective and those defects rendered the vehicle unreasonably dangerous to foreseeable users and consumers.

38. At the time Judith Hoskins purchased the 2007 Cobalt, it was in a substantially unchanged condition from the date of its manufacture and original sale, and remained in a substantially unchanged condition at all times stated herein.

39. GM, Delphi, Bob Montgomery Chevrolet, Inc., and Kentucky Auto Brokers LLC d/b/a/ Legacy Auto, are businesses that are ordinarily engaged in selling automobiles or their component parts, including ignition key systems.

40. At all times stated herein, the 2007 Cobalt was used as intended and in a manner reasonably foreseeable to Defendants.

41. As a foreseeable result of the defects to the 2007 Cobalt and its ignition key system, Plaintiff sustained the injuries described above.

## COUNT TWO
**(Failure to Warn)**

42. New GM assumed a continuing duty to warn the ultimate user of the 2007 Cobalt of the dangerous condition described herein after the sale of the vehicle. That continuing duty to warn was assumed by New GM consistent with transactions described above.

43. New GM failed to give any warning to Plaintiff, other consumers, or the public in general, about dangerous condition of the 2007 Cobalt, which was known to New GM after the sale of the vehicle.

44. As a direct result of the omissions and commissions by GM, Plaintiff was seriously injured as described above.

## COUNT THREE
### (Negligence/Recklessness)

45. Plaintiff adopts and incorporates by reference all prior paragraphs of this Complaint.

46. GM had a duty to use reasonable care to design a product that is reasonably safe for its intended use and for other foreseeable or probable uses.

47. GM negligently, grossly negligently, and/or recklessly designed, tested, manufactured and placed into the stream of commerce the 2007 Cobalt and its ignition key system in a defective condition.

48. GM negligently, grossly negligently, and/or recklessly failed to warn against or recall the 2007 Cobalt.

49. As a direct result of the omissions and commissions by GM, Plaintiff was seriously injured as described above.

## COUNT SEVEN
### (Fraudulent Concealment)

50. Plaintiff adopts and incorporates by reference all prior paragraphs of this Complaint.

51. Old GM knew that the ignition key system was defective, unreasonably dangerous, and prone to fail during operation, causing engine stalling and crash, at least as early as 2004, if not before, based upon customer reports of unintended engine shut-off, and knowledge of that the defective and unreasonably dangerous condition of the ignition key system was transferred to New GM.

52. New GM had a duty to disclose known defects, including but not limited to the duty imposed by 49 C.F.R. § 573.6.

53. New GM failed to disclose the defect in the ignition key system to, and purposely concealed this fact from, GM's dealers, customers, the general public, and the National Highway Transportation Administration, by failing to give notice of the known defect and its potential dangers.

54. New GM concealed the information described above with the intent that consumers would purchase GM's vehicles, who otherwise would not purchase GM's vehicles if they knew of the defect.

55. As a direct result of the fraudulent concealment made by GM, Plaintiff purchased the 2007 Cobalt and was seriously injured as described above.

## **Punitive Damages**

56. Plaintiff adopts and incorporates by reference all prior paragraphs of this Complaint.

57. Because New GM acted outrageously and were grossly negligent and reckless in designing, manufacturing, placing into the stream of commerce, failing to warn of the dangerous condition of, and failing to recall, the 2007 Cobalt, Plaintiff is entitled to punitive and exemplary damages.

58. Plaintiff only seeks punitive damages for conduct of New GM occurring on or after July 10, 2009.

WHEREFORE, Plaintiff demands:

1. Judgment against the Defendants herein in an amount that is fair and reasonable and in excess of the minimum amount required to establish the jurisdiction of this court;

2. Punitive damages;

3. Pre-judgment interest;

4. Post judgment interest;

5. Trial by jury;

6. Her costs and expenses herein;

7. Attorneys fees; and,

8. Any and all other relief to which she is entitled.

                          Respectfully submitted,

                          ATTORNEYS FOR PLAINTIFF

BY:   /s/ Jerome P. Prather
        William R. Garmer, Esq.
        Jerome P. Prather, Esq.
        141 North Broadway
        Lexington, Kentucky 40507
        Telephone: (859) 254-9352
        Facsimile: (859) 233-9769
        Email: bgarmer@garmerprather.com
        Email: jprather@garmerprather.com

        Jason Charles Reichenbach
        1031 Broadway Street
        Suite #4
        Paintsville, KY 51240