# EXHIBIT 12

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): 15-2844(L), 15-2847(con), 15-2848(con)            Caption [use short title]

Motion for: Redesignation as Appellants                    In re Motors Liquidation Company

Set forth below precise, complete statement of relief sought:

The Groman Plaintiffs respectfully ask the Court (i) to redesignate them from appellee to appellant

and permit them to submit briefing simultaneously with the other appellants; (ii) to direct the clerk

of the bankruptcy court to deliver the Groman Plaintiffs' appeal, including their statements of

of issues and designations of the record, to the Second Circuit, and (iii) to docket the Groman Plaintiffs'

appeal so it can be heard in conjunction with the other pending appeals from the Bankruptcy

Court's Decision filed April 15, 2015, and resulting Judgment dated June 1, 2015.

MOVING PARTY: Groman Plaintiffs                    OPPOSING PARTY: General Motors LLC, Wilmington Trust Co., Participating Unitholders
☑ Plaintiff            ☐ Defendant
☐ Appellant/Petitioner  ☐ Appellee/Respondent

MOVING ATTORNEY: Alexander H. Schmidt            OPPOSING ATTORNEY: Arthur J. Steinberg, Lisa H. Rubin, Daniel H. Golden
                                        [name of attorney, with firm, address, phone number and e-mail]

Wolf Haldenstein Adler Freeman & Herz LLP    See all counsel of Record on Attachment A

270 Madison Avenue, New York, NY 10016

212-545-4600, schmidt@whafh.com

Court-Judge/Agency appealed from: U.S. Bankruptcy Court for the Southern District of New York/Hon. Robert E. Gerber

Please check appropriate boxes:                    FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
                                        INJUNCTIONS PENDING APPEAL:
Has movant notified opposing counsel (required by Local Rule 27.1):   Has request for relief been made below?        ☐ Yes ☐ No
☑ Yes ☐ No (explain):_____   Has this relief been previously sought in this Court?   ☐ Yes ☐ No
_____   Requested return date and explanation of emergency:
Opposing counsel's position on motion:
☑ Unopposed ☐ Opposed ☐ Don't Know              _____
Does opposing counsel intend to file a response?
☐ Yes ☑ No ☐ Don't Know                    _____

                                        _____

Is oral argument on motion requested?   ☐ Yes ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No  If yes, enter date:_____

Signature of Moving Attorney:
/s/ Alexander H. Schmidt    Date: 10/1/2015    Service by: ☑ CM/ECF    ☐ Other [Attach proof of service]

Form T-1080 (rev. 12-13)

## <u>Attachment A</u>
## Attorneys for Other Parties

Gary Peller
600 New Jersey Avenue
NW Washington, DC 20001
202-862-9122
peller@law.georgetown.edu

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
206-623-7292
steve@hbsslaw.com

Arthur Jay Steinberg
King & Spalding LLP
1185 Ave. of the Americas
New York, NY 10036
212-556-2158
asteinberg@kslaw.com

Elizabeth J. Cabraser
Lieff Cabraser Heimann & Bernstein LLP
275 Battery Street, 29th Fl.
San Francisco, CA 94111-3339
415-956-1000
ecabrasser@lchb.com

Andrew Baker Bloomer
Kirkland & Ellis LLP
300 North LaSalle Street, 38th Fl.
Chicago, IL 60654
312-862-2482
andrew.bloomer@kirkland.com

Daniel H. Golden
Akin Gump Strauss Hauer & Feld LLP
1 Bryant Park
New York, NY 10036
212-872-1000
dgolden@akingump.com

Richard C. Godfrey
Kirkland & Ellis LLP
300 North LaSalle Street, Ste. 6048
Chicago, IL 60654
312-861-2391
richard.godfrey@kirkland.com

Adam H. Offenhartz
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
212-351-4000
aoffenhartz@gibsondunn.com

Lisa H. Rubin
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
917-808-2038
lrubin@gibsondunn.com

Gabriel Gillett
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
202-351-2656
ggillett@gibsondunn.com

Aric H. Wu
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
212-351-3820
awu@gibsondunn.com

No. 15–2844
_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

IN RE:MOTORS LIQUIDATION COMPANY,
      *Debtor,*

_____

IGNITION SWITCH PLAINTIFFS,
IGNITION SWITCH PRE-CLOSING ACCIDENT PLAINTIFFS,
      *Appellees,*

CELESTINE ELLIOTT, LAWRENCE ELLIOTT, BERENICE SUMMERVILLE,
      *Appellants-Cross-Appellees,*

GROMAN PLAINTIFFS
      *Appellees,*

GENERAL MOTORS LLC,
      *Appellee-Cross-Appellant,*

WILMINGTON TRUST COMPANY,
      *Appellee-Cross-Appellant,*

PARTICIPATING UNITHOLDERS,
      *Creditors-Appellees.*

_____

## GROMAN PLAINTIFFS'
## UNOPPOSED MOTION FOR REDESIGNATION AS APPELLANTS
## AND MEMORANDUM IN SUPPORT

_____

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

Alexander H. Schmidt
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York 10016
212-545-4600
schmidt@whafh.com

Case 15-2844, Document 198, 09/01/2015, 1611050, Page47 of 9

## CORPORATE DISCLOSURE STATEMENT

Movant ABC Flooring Inc. is a non-public company that has no parent corporation, and no publicly held corporation owns 10% or more of its stock.  No corporate disclosure statement is required for the other moving Groman Plaintiffs, each of whom is an individual and not a corporate entity.

Plaintiffs Dr. Steven Groman, Robin DeLuco, Elizabeth Y. Grumet, ABC

Flooring, Inc., Marcus Sullivan, Katelyn Saxson, Amy C. Clinton, and Allison C.

Clinton, individually and on behalf of all similarly situated persons (collectively,

the "Groman Plaintiffs"), respectfully submit this *Unopposed Motion for*

*Redesignation as Appellants*.[1]  For the same reasons as set forth in the Ignition

Switch Plaintiffs' and Ignition Switch Pre-Closing Accident Plaintiffs' (the

"Moving Parties'") similar unopposed motion filed September 25, 2015 [Doc. 82],

the Groman Plaintiffs seek relief from this Court's September 9, 2015 Order that

granted the Moving Parties' and Groman Plaintiffs' motions to intervene "insofar

as the movants should be added to the captions of these appeals as appellees."

[Case No. 15-1958, Doc. 106].  To properly align the parties and ensure that

briefing proceeds in an orderly fashion, the Groman Plaintiffs respectfully request

the Court to redesignate them as appellants rather than appellees.

The Groman Plaintiffs also seek the related relief that their statement of

issues and designation of the record on appeal, both of which were previously

timely filed in the bankruptcy court, be deemed their statement of issues and

---

[1]  The other parties to these proceedings do not oppose the relief sought by the
Groman Plaintiffs in this Motion—designating and treating the Groman Plaintiffs
as appellants in these proceedings in all respects, including by integrating their
statements of issues and designations of the record on appeal into these
proceedings.  New GM, the GUC Trust, and the other parties, however, do not take
any position as to the representations or arguments made in these Motion papers.

1

designation of the record on appeal for the Groman Plaintiffs as appellants.  [Dkt. Nos. 13209; 13231.][2]  In this regard, the Groman Plaintiffs request that the Second Circuit direct the clerk of the bankruptcy court to deliver the Groman Plaintiffs' appeal to the Second Circuit and for the Second Circuit to docket that appeal so that it can be heard together with the other pending appeals.

The Groman Plaintiffs were one of the "Identified Parties" defined in the Bankruptcy Court's Scheduling Order, entered on May 16, 2014 [ECF 12697], designated to address in that Court the central issues now on appeal.  The Groman Plaintiffs were also among the parties whose rights to appeal were specifically enumerated in the Bankruptcy Court's Order Certifying the Judgment for Direct Appeal to the Second Circuit [ECF 13178, at ¶ 5] (" … and the Groman Plaintiffs each reserve all of their rights with respect to the Appeal, including the right to challenge any of the factual and legal findings made by this Court in the Decision and to challenge certification for direct appeal").

On April 21, 2014, the Groman Plaintiffs filed a Class Action Complaint against General Motors LLC ("New GM"), as an adversary proceeding in the Bankruptcy Court, *Groman v. General Motors LLC  (In re: Motors Liquidation Co.)*, Adv. Proc. No. 14-01929 (REG) [ECF 12619], which they amended on May 22, 2014 [ECF 12706].  The Groman Plaintiffs' complaint sought a declaratory

---

[2] References to "ECF __" are to docket entries in *In re Motors Liquidation Co.*, Bankr. Case No. 09-50026 (REG).

2

judgment holding that a provision in the Section 363 Sale Order the Bankruptcy
Court entered on July 10, 2009 enjoining future economic loss claims against
General Motors LLC was not enforceable as against the Groman Plaintiffs or the
class of Ignition Switch Defect plaintiffs they sought to represent.[3]

The Bankruptcy Court's *Decision on Motion to Enforce Sale Order*, *In re
Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015) (the "Decision"),
filed April 15, 2015, and resulting Judgment dated June 1, 2015 [ECF 13177],
denied the Groman Plaintiffs' requested declaratory relief, dismissed the first of
three causes of action asserted in the Groman Plaintiffs' complaint and stayed
prosecution of the other two pending appeal, *id*. [ECF 13177, at ¶ 17].

The Groman Plaintiffs timely filed a Notice of Appeal in the Bankruptcy
Court [ECF 13209] and a Statement of Issues on Appeal [ECF 13231], raising
merits issues unique to them, including the propriety of the Bankruptcy Court's
denials of the Groman Plaintiffs' requests for discovery, which denials were based
in part on the fact that the other parties opposed conducting discovery [*see*
Judgment, ECF 13177, at ¶ 15(a), (c)].

The Groman Plaintiffs should be permitted to prosecute their appeal as an
appellant because they are plaintiffs who were aggrieved by the Bankruptcy
Court's Decision and Judgment and rulings denying them discovery and

_____

[3] Capitalized terms not otherwise defined herein have the meanings given in the
bankruptcy court's Decision of April 15, 2015. [ECF No. 13109.]

3

dismissing their claim.  As aggrieved party plaintiffs, the Groman Plaintiffs should properly be designated as appellants along with the other similarly aggrieved party plaintiffs – Appellants Celestine and Lawrence Elliott and Berenice Summerville, and the Moving Parties Ignition Switch Plaintiffs and Ignition Switch Pre-Closing Accident Plaintiffs – and the Groman Plaintiffs should be permitted to brief their questions presented on appeal in an initial brief filed by an appellant.

The Groman Plaintiffs' issues on appeal are not sensibly presentable in an appellees' responsive brief because their issues are not responsive to any issue the existing Appellants or the Moving Parties will be presenting in their initial briefs. Instead, the Groman Plaintiffs' issues and interests on appeal are aligned with and complement the issues and interests of those other plaintiffs, and the Groman Plaintiffs' issues on appeal will be adverse, in whole or part, to the interests of the parties that have properly been designated as appellees, General Motors LLC, Wilmington Trust Company and the Participating Urespectfully nitholders.  To maintain an orderly briefing schedule and properly align the parties to this appeal, the Court should redesignate the Groman Plaintiffs as Appellants.

To avoid redundancy, the Groman Plantiffs respectfully incorporate by reference and rely on the legal arguments presented in the Moving Parties Unopposed Motion.  [*See* Doc. 82, at 9-11.]

## CONCLUSION

For the forgoing reasons, the Groman Plaintiffs respectfully request that this

Court enter an Order redesignating them as Appellants on this appeal.

Dated: October 1, 2015

Respectfully submitted,

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP

By:   /s/ Alexander H. Schmidt

270 Madison Avenue
New York, New York  10016
T:  (212) 545-4600
schmidt@whafh.com

GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP
Jonathan L. Flaxer
437 Madison Avenue
New York, New York  10022
T:  (212) 907-7300
jflaxer@golenbock.com

*Counsel for the Groman Plaintiffs*