# EXHIBIT 13

  

October 2, 2015

*Via Electronic Court Filing*

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York

   Re: *In re: General Motors LLC Ignition Switch Litigation*,
      14-MD-2543 (JMF); 14-MC-2543

Dear Judge Furman:

  Pursuant to this Court's Order No. 8 § IV.B, counsel for General Motors LLC ("New GM") and Lead Counsel – having met and conferred on multiple occasions with each other and having conferred with counsel for the other Defendants – submit this joint letter setting forth the parties' tentative agenda for the October 9, 2015 Status Conference. The parties believe that the Court does not need to allot more than three hours for the Status Conference.

   **1.**  **Status of Bankruptcy Proceedings and Second Circuit Appeal.**

  As previously noted, on June 1, 2015, Judge Gerber entered: (i) a Judgment related to the Bankruptcy Court's April 15, 2015 Decision on Motion to Enforce Sale Order; and (ii) an Order certifying the Judgment for Direct Appeal to the Second Circuit. Notices of Appeal, Statements of Issues, and Designations of Record with respect to the Judgment have been filed with the Bankruptcy Court, and petition and cross-petitions were filed with the Court of Appeals for the Second Circuit, seeking a direct appeal of the Judgment (and related orders) to that Court. On September 9, 2015, the Second Circuit authorized a direct appeal of the Judgment. Following a meet and confer process, and as discussed in Plaintiffs' letter to Your Honor of Sept. 25, 2015, the Economic Loss Plaintiffs and the Pre-Closing Accident Plaintiffs filed an unopposed motion to redesignate the parties to the appeal such that plaintiffs, in addition to plaintiffs represented by Mr. Gary Peller, would be properly aligned as the appellants in the appeal. The motion has not yet been ruled upon. Other parties in the appeal, namely the Groman Plaintiffs and the Participating Unitholders, have filed, or indicated they imminently will be filing, similar motions.

  At the direction of this Court, the parties to the appeal also met and conferred on an appropriate expedited briefing schedule for the appeal, and an unopposed motion seeking an expedited briefing schedule was filed by Plaintiffs on September 29, 2015. The parties' proposed briefing schedule, subject to approval by the Second Circuit and premised on the assumption that the Unopposed Motion to Redesignate would be granted, is as follows: (i) Principal Briefs of all Appellants will be due November 16, 2015; (ii) Response Briefs of all Appellees and Cross-Appellants will be due January 11, 2016; (iii) Reply Briefs of all Appellants and Cross-Appellees will be due February 1, 2016; (iv) Reply Briefs for all Appellees and Cross-Appellants will be due

09-50026-mg    Doc 13489-13    Filed 10/05/15    Entered 10/05/15 17:17:08    Exhibit 13
Case 1:14-md-02543-JMF    Document 1450    Filed 10/02/15    Page 2 of 5
Pg 3 of 6
The Honorable Jesse M. Furman
October 2, 2015
Page 2

February 22, 2016; and (v) oral argument is requested for March 8, 2016, or the earliest possible date thereafter. It is anticipated that there will be at least three appellant briefs filed.

In addition, as noted in the previous conference agenda, Judge Gerber entered a case management order on August 19, 2015, which directed the parties, among other things, to advise him by August 26, 2015 whether/when additional submissions will be provided with respect to pleadings filed pursuant to the procedures outlined in the Judgment. After a hearing before the Bankruptcy Court on August 31, 2015, Judge Gerber entered a Scheduling Order on September 3, 2015 ("September 3 Scheduling Order") which set forth briefing schedules to address (i) whether plaintiffs may request punitive/special/exemplary damages against New GM based in any way on the conduct of Old GM, and (ii) whether causes of action in complaints filed against New GM relating to Old GM vehicles/parts based on the knowledge Old GM employees gained while working for Old GM and/or as reflected in Old GM's books and records, can be imputed to New GM. The briefing schedules on these two issues concluded on September 30, 2015. The September 3 Scheduling Order also established a schedule by which New GM was to file marked pleadings and explanatory letters with respect to (i) the complaints filed in the Bellwether Cases, (ii) the Second Amended Consolidated Complaint ("SACC"), (iii) the complaints filed in the lawsuits commenced by the States of Arizona and California, and (iv) complaints filed by other plaintiffs (which may be included in MDL 2543 or not). Plaintiffs involved in these lawsuits had a specific period of time in which to file responses to the marked pleadings and New GM's explanatory letters, with the last such date being October 9, 2015. Judge Gerber will hold a hearing on all matters set forth in the September 3 Scheduling Order on October 14, 2015.

Lastly, as also noted in the previous conference agenda letter, on June 3, 2015, Wilmington Trust Company, as GUC Trust Administrator and Trustee, filed a motion, *inter alia*, to exercise New GM warrants and liquidate stock. The Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs did not object to the sale of the warrants and stock but challenged the GUC Trust's right to make further distributions to GUC Trust beneficiaries. The Bankruptcy Court held an evidentiary hearing on the requested stay of further distributions on September 22, 2015, and closing argument took place on September 24. The matter has been taken under advisement.

    **2.    Coordination in Related Actions**.

The parties will be prepared to address their ongoing coordination efforts and emerging coordination risks in Related Actions (*See* Order No. 15, Doc. No. 315), including emerging coordination risks to these MDL proceedings posed by motion practice in the *Davidson* and *Mathes* matters. (*See* 9/25/2015 Related Case Update Letter, Docket No. 1406.) In light of the threat to MDL coordination efforts posed by the *Davidson* plaintiff's motion to compel production of the Valukas Report, including any and all documents referenced therein, the parties respectfully request that the Court utilize the tools at its disposal—including communications with the Honorable Corbin Johnson—to promote and facilitate coordination in *Davidson* prior to the October 9, 2015 hearing on the *Davidson* plaintiff's motion.

    **3.    New GM's Document Production**.

New GM has complied and will continue to comply with its rolling production obligations and deadlines set forth in the Court's orders. To date, New GM has produced into the MDL 2543

09-50026-mg Doc 13489-13 Filed 10/05/15 Entered 10/05/15 17:17:08 Exhibit 13
Case 1:14-md-02543-JMF Document 1450 Filed 10/02/15 Page 3 of 5
Pg 4 of 6

The Honorable Jesse M. Furman
October 2, 2015
Page 3

Document Depository more than 2.5 million documents (totaling over 14 million pages).

### 4. **Deposition Update**.

To date, the parties have conducted 242 depositions, including 178 depositions of Category 3 – 6 witnesses (case-specific witnesses, *see* Order No. 43, Doc. No. 744) and 64 depositions of Category 1 witnesses (current or former General Motors' employees, *see id.*), and dates for the depositions of an additional 26 Category 1 witnesses have been confirmed. In addition, New GM has taken the depositions of 17 experts designated by the bellwether plaintiffs.

The parties have agreed to a briefing schedule regarding the parties' dispute with respect to two Category 1 witnesses (Amber Hendricks and Lisa Stacey) whose depositions plaintiffs have requested. The parties propose filing competing letter briefs (not to exceed five single-spaced pages) by today, Friday October 2, and as such the issue will be ripe for discussion and resolution at the Status Conference.

Additionally, the parties will be prepared to propose a briefing schedule regarding a purported trial subpoena that plaintiffs served on counsel for former New GM General Counsel, Michael P. Millikin, during his deposition on August 26, 2015.

Finally, consistent with Order No. 12 Section XIII (Docket No. 296), New GM will file a letter brief (not to exceed three single-spaced pages) on Monday, October 5, regarding a discovery dispute related to New GM's 30(b)(6) deposition notice to Delphi.

### 5. **Bellwether Expert Discovery Disputes.**

The parties have two related disputes regarding expert discovery that are ripe for the Court's attention. The first involves whether and to what extent the bellwether plaintiffs and their experts should be permitted to rely upon and testify about analyses, tests and other work performed, or opinions disclosed after the July 29, 2015 report deadline. The second involves whether and to what extent plaintiffs' experts should be allowed to submit rebuttal reports. The parties propose submitting simultaneous letter briefs (not to exceed five single-spaced pages) on each of these issues in advance of the Status Conference, with New GM proposing that briefs be filed by Tuesday, October 6, at noon EDT, and plaintiffs proposing that briefs be filed on Wednesday, October 7.

### 6. **Trial Witnesses.**

Plaintiffs have requested that New GM agree to make available live in plaintiffs' case-in-chief any witnesses that New GM intends to present live in its case-in-chief. New GM has requested that plaintiffs provide authority for this request. Once the parties have met and conferred regarding this issue, the parties will raise any unresolved disputes to the Court's attention.

The parties also plan to meet and confer regarding whether interim disclosures of certain trial witnesses should be made in advance of the December 11, 2015 trial witness disclosure deadline. (*See* Order No. 78, Docket No. 1350.)

09-50026-mg Doc 13489-13 Filed 10/05/15 Entered 10/05/15 17:17:08 Exhibit 13
Pg 5 of 6
Case 1:14-md-02543-JMF Document 1450 Filed 10/02/15 Page 4 of 5

The Honorable Jesse M. Furman
October 2, 2015
Page 4

### 7. Jury Selection Matters

Consistent with Order No. 80 (Docket No. 1380), the parties will be prepared to discuss the Court's preliminary views and their own views regarding jury selection matters at the Status Conference.

### 8. Privilege Disputes.

The parties continue to work through various issues with respect to plaintiffs' privilege challenges and New GM's clawback of documents it asserts are privileged. Consistent with Order No. 77 Section VI, the parties anticipate proposing in the near future a reasonable and efficient process for resolving privilege disputes.

### 9. Timing and Scope of Motion Practice on SACC.

Plaintiffs wish to discuss the timing and scope of motion practice limited to plaintiffs' claims of New GM misconduct *vis-à-vis* vehicles sold by New GM as alleged in the SACC. Plaintiffs believe that addressing these issues soon will advance the litigation and would be consistent with the Court's expressed desire to maintain a "reasonable but aggressive" schedule. Since the Court's decision to defer motion practice, Plaintiffs believe that the circumstances have changed in that the overall scope of issues in the case has narrowed based on a resolution of part of the case. Moreover, the appeal process, while expedited, will endure deep into 2016 given the ongoing litigation in the bankruptcy court and the large number of appeals. Accordingly, Plaintiffs believe that issues related to New GM's conducted related to all cars sold by New GM after the Sale should now be considered.

New GM notes that the parties already litigated this issue in late June 2015 specifically and the Court already ruled on July 15, 2015 that "motion practice with respect to the SACC should be deferred — at least until after the question of whether the SACC is consistent with the Bankruptcy Court's judgment of June 1, 2015, is resolved." (*See* 6/30/2015 Letter Brief, Docket No. 1100; 07/15/2015 Memo Endorsement, Docket No. 1184.) The Court also denied plaintiffs' motion to withdraw the reference. (*See* 8/27/2015 Opinion and Order, Docket No. 1293.) As such, New GM does not believe that anything has changed that would support plaintiffs' request to undertake motion practice with the SACC at this time. New GM has also asked plaintiffs whether they intend to amend the SACC, and if so, when.

### 10. Phase Three Discovery Plan.

Consistent with Order No. 77 Section V (Docket No. 1349), the parties continue to meet and confer regarding a proposed Phase Three Discovery Plan, and propose that the Court permit the parties additional time to either narrow the issues in dispute or submit an agreed upon proposed order. The parties respectfully request that the Court extend the time to submit the agreed upon proposal or competing letter briefs to Friday, October 16, 2015.

09-50026-mg Doc 13489-13 Filed 10/05/15 Entered 10/05/15 17:17:08 Exhibit 13
Pg 6 of 6
Case 1:14-md-02543-JMF Document 1450 Filed 10/02/15 Page 5 of 5

The Honorable Jesse M. Furman
October 2, 2015
Page 5

**11.    Settlement.**

The parties continue to discuss possible resolution mechanisms.

In addition, as the Court knows, on September 17, certain Claimants' Counsel and New GM entered into a Confidential Memorandum of Understanding in which approximately 1,380 post-Bankruptcy personal injury and wrongful death claimants represented by certain Claimants' Counsel may be eligible to participate in an aggregate settlement. (*See* Docket No. 1368.) We anticipate filing shortly a motion and proposed order seeking establishment of a Qualified Settlement Fund and appointment of Special Masters. The six bellwether trials are not part of the Memorandum of Understanding, still remain on the docket, and the parties will be prepared to discuss trial issues at the Status Conference.

Finally, on September 17, New GM advised the Court regarding resolution of (i) the Department of Justice's investigation of New GM involving the ignition switch; and (ii) the putative securities class action pending before the Honorable Linda Parker in the Eastern District of Michigan. (*See* Docket No. 1370.) New GM will be prepared at the Status Conference to answer any questions the Court may have regarding either of these matters.

Respectfully,

| /s/ Steve W. Berman | /s/ Elizabeth J. Cabraser | /s/ Bob Hilliard |
|---|---|---|
| Steve W. Berman | Elizabeth J. Cabraser | Bob Hilliard |
| **Hagens Berman Sobol Shapiro LLP** | **Lieff Cabraser Heimann & Bernstein, LLP** | **Hilliard Muñoz Gonzales L.L.P.** |
| 1918 Eighth Ave. | 275 Battery Street | 719 S Shoreline Blvd |
| Suite 3300 | 29th Floor | Suite #500 |
| Seattle, WA 98101 | San Francisco, CA 94111-3339 | Corpus Christi, TX 78401 |
| -and- | -and- | |
| 555 Fifth Avenue | 250 Hudson Street | |
| Suite 1700 | 8th Floor | |
| New York, NY 10017 | New York, NY 10013-1413 | |

cc:    The Honorable Robert E. Gerber
       MDL Counsel of Record