

Steve W. Berman
Managing Partner
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVE., SUITE 3300
SEATTLE, WA  98101
www.hbsslaw.com
**(206) 623-7292**
**steve@hbsslaw.com**

T 212.752.5455    F 917.210.3980

October 9, 2015

**VIA E-MAIL TRANSMISSION AND ECF**

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

    Re:    *In re Motors Liquidation Company, et al.* **(Case No. 09-50026 (REG))**

    **Response to New GM's Marked State Complaints and Explanatory Letter**

Dear Judge Gerber:

    The States of Arizona and California submit this letter in response to New GM's marked State Complaints and its Explanatory Letter [ECF No. 13470]. Because the States' law-enforcement claims arise solely from New GM's post-Sale conduct, they are not impacted by the Sale Order. Each State claims that *New GM* itself engaged in deceptive and unfair acts in violation of each State's respective consumer protection legislation, entitling the States to injunctive relief, civil penalties and related relief. (New GM incorrectly asserts that the States seek "damages." New GM Letter at 3.) Hence, in each suit there are only two possible outcomes: either the States prove that New GM itself violated their consumer legislation, entitling the States to remedies, *or* the States fail to prove New GM's violations, in which case New GM would prevail. It is simply not possible for New GM to be held liable for the bad acts of Old GM under the State Complaints as pled.

    New GM continues to argue that the Complaints' mere mention of Old GM, pre-Sale facts, or Old GM parts or vehicles automatically violates the Sale Order. New GM Letter at 2. This Court has already rejected this argument,[1] and the States have addressed the argument in prior briefs.[2] Further, New GM argues, the States somehow violated this Court's Decision and

---

[1] *See In re Motors Liquidation Co.*, 2015 Bankr. LEXIS 2406, at *9 n.16 (Bankr. S.D.N.Y. July 22, 2015)

[2] *See State of Arizona's "No Strike" Pleading* [Dkt. No. 13211] (June 16, 2015) ("Arizona No Strike") at 12-22; *People of the State of California's "No Strike" Pleading* [Dkt. No. 13210] (June 16, 2015) ("California No Strike") at 14-22; *Opening Brief on Imputation Issue on Behalf of the Ignition Switch Plaintiffs, the Non-Ignition

SEATTLE   NEW YORK   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   MINNEAPOLIS   PHOENIX   SAN FRANCISCO   WASHINGTON, D.C.

10440-11  679379

Honorable Robert E. Gerber
October 9, 2015
Page 2

Judgment by filing their No Strike Pleadings. *Id.* New GM's argument makes no sense since the Judgment specifically authorized the States to file No Strike Pleadings. *See* Judgment, ¶ 12(c).

### A.  The States' claims arise exclusively from New GM's post-Sale conduct.

As the States pointed out in their No Strike Pleadings, the Sale Order enjoins "claims" based on "successor or transferee liability" or the like, and not factual allegations.[3] As one court recently recognized in addressing similar issues after the Chrysler bankruptcy, the appropriate inquiry in determining whether a post-Sale complaint is barred by "free and clear" provisions is to focus on the claim itself, and not on isolated allegations in the complaint. *Holland v. FCA US LLC*, 2015 U.S. Dist. LEXIS 117643, at *13-14 (N.D. Ohio Sept. 3, 2015). Accordingly, the focus of this Court's inquiry should be on the language of the States' claims themselves.

#### 1.  The claim in the *Arizona* Complaint.

The Arizona Complaint contains a single claim, for violations of the Arizona Consumer Fraud Act (A.R.S. § 44-1521, *et seq.*).[4] In that claim, the State alleges that, armed with knowledge of the ignition switch defects, a myriad of other defects and systemic safety issues plaguing New GM brand-wide, New GM concealed material safety issues and repeatedly made untrue and misleading statements in connection with the sale of vehicles after the effective date of the Sale Order.[5] As the Complaint makes clear, the deceptive or unfair acts or practices at issue were committed by New GM "in connection with the sale and lease of GM-branded vehicles on or after July 11, 2009."[6] Accordingly, the State's claim arises solely from New GM's post-sale conduct, and that is not changed by the marked language in the State's claim.

New GM has marked the phrase **"GM-branded vehicles"** each time it appears. But, as the State has explained, references to vehicles made by Old GM does not mean that the claims are based on the conduct of Old GM.[7] Instead, the State alleges that New GM concealed its knowledge of safety defects in those vehicles and misrepresented that it was committed to

---

*Switch Plaintiffs, the State of Arizona, the People of the State of California, the Post-Closing Ignition Switch Accident Plaintiffs and the Adams Plaintiffs* (Sept. 18, 2030) ("Plaintiffs' Imputation Brief") and *Reply Brief on Imputation Issue on Behalf of the Ignition Switch Plaintiffs, the Non-Ignition Switch Plaintiffs, the State of Arizona, the People of the State of California, the Post-Closing Ignition Switch Accident Plaintiffs and the Adams Plaintiffs* [Dkt. No. 13483] (Sept. 18, 2015) ("Plaintiffs' Imputation Reply").

[3] *See* Arizona No Strike at 7-9, 12-13.

[4] *See* Arizona Complaint, ¶¶ 494-511.

[5] *See id.*

[6] *Id.* at ¶ 498. *See also* Arizona No Strike at 6-7.

[7] *See* , *e.g.*, Arizona No Strike at 5-9 (discussing New GM's alleged violation of the Arizona Consumer Fraud Act, in part through its concealment and misrepresentations relating to Old GM vehicles and parts); Plaintiffs' Imputation Reply at 5-9 (discussing how New GM may properly be held liable for post-Sale conduct in connection with Old GM parts and vehicles).

Honorable Robert E. Gerber
October 9, 2015
Page 3

"innovation, safety and maintaining a strong brand." Arizona Complaint, ¶¶ 6, 35-78. New GM made those misrepresentations in order "to boost vehicle sales while knowing that millions of GM-branded vehicles, across numerous models and years, were plagued with serious and concealed safety defects." *Id*. at ¶ 79. The State's claims against New GM did not arise until after the Sale, and New GM cannot properly claim immunity for its post-Sale actions.[8]

The only other marked language in Arizona's claim is in ¶ 499, wherein the State alleges that, from the date of its inception, "New GM knew of many serious defects affecting many models and years of GM-branded vehicles, both because of the knowledge of Old GM personnel who remained at New GM, and continuous reports, investigations, and notifications from regulatory authorities." In other words, New GM asserts that the Sale Order bars the State from charging it with knowledge of pre-Sale events. But the State has already explained that, where a claim based solely on New GM's post-Sale conduct relies in part on New GM's knowledge, the fact that some of that knowledge is of pre-Sale events does not convert the claim into one based on the conduct of New GM.[9]

### 2.     The claims in the *California* Complaint.

The *California* Complaint contains two claims arising from New GM's post-Sale conduct: (i) a claim under California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200) and False Advertising Law (Cal. Bus. & Prof. Code § 17500). As the Complaint makes clear, the *California* action "seeks to hold [New] GM liable only for its ***own*** acts and omissions ***after*** the July 10, 2009 effective date of the Sale Order…" Am. Compl., ¶ 3 (emphasis in original). In each claim, the State alleges that New GM concealed material safety issues and repeatedly made untrue and misleading statements in connection with the sale of vehicles after the effective date of the Sale Order. *See*, *e.g.*, ¶ 261 (New GM violated the UCL by deceiving California consumers into believing that they were purchasing safe and reliable vehicles built by a reputable manufacturer that values safety and stands behind its vehicles after the are sold); ¶ 273 (New GM violated the FAL by making untrue and misleading statements regarding the purported reliability and safety of its vehicles). Once again, the State's claims arise solely from New GM's post-Sale conduct, and that is not changed by the language New GM has marked in the State's claims.

New GM has marked the terms **"GM vehicles"** and **"GM-branded vehicles"** each time they appear in the State's claims. For the reasons discussed above in connection with the *Arizona* claim, the mere use of that phrase does not convert the claims into barred claims based on Old GM's conduct.

---

[8] *See, e.g.,* Arizona No Strike at 9-12.

[9] *See, e.g.,* Plaintiffs' Imputation Brief at 1-2, 4-5, 19-20; Plaintiffs' Imputation Reply at 2, 4-5.

Honorable Robert E. Gerber
October 9, 2015
Page 4

The only other language marked by New GM in the State's claims is the term **"defective ignition switches"** – yet this Court has specifically stated that "New GM could still be held liable, consistent with this Court's ruling, for knowingly installing a part it knew to be defective even if the part had been made by Old GM…"[10]  That is precisely what California does here. Similarly, New GM attacks California for asserting "that, with respect to Defective Vehicles, GM failed to conduct an adequate retrofit campaign and/or warn of the danger presented by the defects after becoming aware of them."  New GM Letter at 2 n.4.  Once again, this Court has specifically stated that the Sale Order does not bar claims that New GM is "liable for refusing to make a repair that New GM knew had to be made, no matter when its personnel acquired the requisite knowledge."[11]  New GM cannot demonstrate that any of the State's claims are barred by the Sale Order.

### 3.   New GM's merits-based attacks on the States' claims are irrelevant to the gatekeeping issues before this Court.

Finally, in an inappropriate attack on the merits of the States' claims, New GM asserts:

> [The States'] claims are premised exclusively on consumer fraud and false advertising statutes, which necessarily concern the time and point of sale.  It is necessarily impossible for any New GM statement, regardless of its content, to influence the decision to purchase an Old GM vehicle before New GM ever existed; nor can the States explain how New GM advertising about New GM vehicles purportedly impacted the decision to purchase a used Old GM vehicle from a third party, non-GM dealer.  [New GM Letter at 3.]

Contrary to New GM's prior representations, neither State asserts that New GM's conduct influenced pre-Sale purchases, and the States do not bring any "point of sale" claims with respect to pre-Sale purchases of Old GM vehicles – such claims are clearly barred by the Sale Order. But the question of whether New GM can be held liable for civil penalties under the State consumer laws depends on the construction of the statutes by the courts construing the States' claims, and is ***not*** relevant to this Court's determination of whether the claims are barred by the Sale Order.[12]

---

[10] *In re Motors Liquidation Co.*, 2015 Bankr. LEXIS 2406, at *9 n.16 (Bankr. S.D.N.Y. July 22, 2015).

[11] *Id*.

[12] *See* Plaintiffs' Imputation Brief at 4-5; Imputation Reply at 5-7.

Honorable Robert E. Gerber
October 9, 2015
Page 5

### B. The allegations concerning pre-Sale events do not convert the States' claims into improper successor, transferee or other claims.

The remaining allegations in the States' Complaints consist of *Yellow Coded Allegations* and *Blue Coded Allegations*. While the parties' positions on each type of allegation have been made clear in prior briefing, the States will briefly summarize their position.

#### 1. Yellow Coded Allegations.

These allegations refer, in whole or in part, to pre-Sale events, and to New GM's knowledge of pre-Sale events. *See*, *e.g.*, *California* Complaint, ¶ 11 ("[New] GM was aware of the ignition switch defects (and many other serious defects in numerous models of GM-branded vehicles) from the very date of its inception on July 10, 2009"); *id*. ¶ 14 ("New GM conducted a parade of recalls in the first half of 2014, "many concerning safety defects that had long been known to New GM."). The States have demonstrated the propriety of charging New GM with knowledge of pre-Sale facts and events in prior briefing.[13]

#### 2. Blue Coded Allegations.

These allegations refer, in whole or in part, to vehicles or parts manufactured by Old GM. Once again, the Complaints' references to vehicles made by Old GM do not mean that the claims are based on the conduct of Old GM. New GM cannot explain why it is entitled to immunity from state law for its own misconduct by virtue of the fact that New GM's conduct relates (in part) to Old GM vehicles. As a corporation conducting business in the States of Arizona and California, New GM is obliged under the States' consumer protection laws to refrain from deceptive or unfair acts in the conduct of its business – and is subject to civil penalties, injunctive relief, and related remedies if it violates those laws.

Sincerely,

*/s/ Steve W. Berman*

Steve W. Berman

*Counsel for the People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas and the State of Arizona*

---

[13] *See generally* Plaintiffs' Imputation brief and Plaintiffs' Imputation Reply.

# CERTIFICATE OF SERVICE

      I hereby certify that on October 9, 2015, I caused the foregoing to be filed and served upon all parties receiving notice via the Court's ECF system.

Dated:  October 9, 2015        */s/ Steve W. Berman*
                                      Steve W. Berman (*pro hac vice*)
                                      HAGENS BERMAN SOBOL SHAPIRO LLP
                                      1918 Eighth Avenue, Suite 3300
                                      Seattle, Washington  98101
                                      Tel.:  206-623-7292
                                      steve@hbsslaw.com