# EXHIBIT 1

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

October 23, 2015

Elizabeth J. Cabraser
Partner
ecabraser@lchb.com

**VIA ECF**

Clerk of the Second Circuit Court of Appeals
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> RE: *In re Motors Liquidation Company,* Case No. 15-2844:
> Supplement to the Motion to Expedite

Dear Clerk of the Court:

The Ignition Switch Plaintiffs and Ignition Switch Pre-Closing Accident Plaintiffs[1] respectfully submit this supplemental letter to their *Unopposed Motion to Expedite These Appeal Proceedings* (ECF No. 84) ("*Motion to Expedite*"), filed on September 29, 2015. This letter provides additional information on the number and word allocation of the briefs implicated by the above-referenced appeal, and provides some additional information about the division of topics, pursuant to the Court's request.

*First*, the Appellants intend to submit the following set of opening (principal) briefs:

1. The Ignition Switch Plaintiffs will submit a brief using all allotted words as needed; this brief is on behalf of plaintiffs asserting economic loss claims.

2. The Ignition Switch Pre-Closing Accident Plaintiffs will submit a brief, using all allotted words as needed; this brief is on behalf of plaintiffs asserting personal injury and related property damage claims. These Plaintiffs do not intend to address equitable mootness issues.

3. The states of Arizona and California ("States") will file one joint brief limited to 10,000 words, focusing on issues particular to the States' law-enforcement claims against New GM for civil penalties, injunctions, and related relief.

---

[1] Capitalized terms not otherwise defined in this letter have the meanings given in the Bankruptcy Court's decision of April 15, 2015. *See In re Motors Liquidation Co.*, Case No. 09-50026 (REG) (Bankr. SDNY) (ECF No. 13109).

Clerk of the Second Circuit Court of Appeals
October 23, 2015
Page 2

      4.      The Groman Plaintiffs, who also assert economic loss claims, will file a brief limited to 10,000 words and focusing primarily on the request, denied by the Bankruptcy Court, for discovery in connection with the proceedings below.

      5.      The Elliott, Sesay, and Bledsoe Plaintiffs ("Elliott Plaintiffs") agreed to a process with the Ignition Switch Plaintiffs in which they will review the Ignition Switch Plaintiffs' and the Ignition Switch Pre-Closing Accident Plaintiffs' draft briefs in advance of filing to determine if the Elliott Plaintiffs wish to speak to issues particular to their appeal; this brief will be limited to 7,000 words if it is filed at all.

      All Appellants will refer to or incorporate certain of the background sections, such as procedural history, and will be mindful to target their discussions to the issues pertinent to their own claims or categories of plaintiffs.  Further, Appellants will file a Joint Appendix.

      *Second*, with respect to the Appellants' reply briefs, each Appellant understands they will have half the space of their opening brief for the reply and are not intending to ask for more words.  The Appellants will confer after receipt of the opposition briefs to see if any further streamlining is possible beyond what is reflected in the structure for the opening briefs and will report immediately to the Court if so.  Otherwise, each Appellant's working assumption is that they will file their own reply brief.

      *Third*, in the *Motion to Expedite* the parties had previously agreed that, subject to Court approval, General Motors LLC ("New GM") would have up to 18,000 words for its response brief, and now agree to, and propose, a slight increase to 20,000 words.  The two GUC Parties (as defined in footnote 3 of the *Motion to Expedite*) will be filing joint briefs for their opening and their reply briefs.

      Finally, all parties reserve the right to ask for more words in their respective briefs, if, based on careful review, the requesting party believes it is warranted under the circumstances then known.

      The Ignition Switch Plaintiffs and the Ignition Switch Pre-Closing Accident Plaintiffs are available to answer any further questions the Court may have as it considers the *Motion to Expedite.*

                                      Respectfully submitted,

Clerk of the Second Circuit Court of Appeals
October 23, 2015
Page 3

| Steve W. Berman<br>Andrew Volk<br>HAGENS BERMAN<br>SOBOL SHAPIRO LLP<br>1918 Eighth Avenue,<br>Suite 3300<br>Seattle, WA 98101 | Elizabeth J. Cabraser<br>LIEFF CABRASER<br>HEIMANN & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, California 94111<br>- and -<br>Rachel J. Geman<br>250 Hudson Street, 8th Floor<br>New York, New York 10013 | Robert C. Hilliard<br>HILLIARD MUÑOZ<br>GONZALES LLP<br>719 S. Shoreline Boulevard,<br>Suite 500<br>Corpus Christi, TX 78401 |
| --- | --- | --- |
| Edward S. Weisfelner<br>David J. Molton<br>May Orenstein<br>Howard S. Steel<br>BROWN RUDNICK LLP<br>Seven Times Square<br>New York, New York 10036<br>T: 212-209-4800<br>eweisfelner@brownrudnick.com<br>dmolton@brownrudnick.com<br>morenstein@brownrudnick.com<br>hsteel@brownrudnick.com | William P. Weintraub<br>Gregory W. Fox<br>GOODWIN PROCTER LLP<br>The New York Times Bldg.<br>620 Eighth Avenue<br>New York, New York 10018<br>T: 212-813-8800<br>wweintraub@goodwinprocter.com<br>gfox@goodwinprocter.com | Sander L. Esserman<br>STUTZMAN, BROMBERG,<br>ESSERMAN & PLIFKA,<br>A PROFESSIONAL<br>CORPORATION<br>2323 Bryan Street<br>Suite 2200<br>Dallas, Texas 75201<br>T: 214-969-4900<br>esserman@sbep-law.com |

*Co-Lead Counsel and Designated Bankruptcy Counsel for*
*the Ignition Switch Plaintiffs and*
*the Ignition Switch Pre-Closing Accident Plaintiffs*

1277662.2