Endorsed Order:

The Sale Order plainly covers Mr. Dunsmore's claims, and he has shown no basis for any exception.  The relief requested by Mr. Dunsmore is denied.  The stay imposed by the injunctive provisions of the Sale Order will remain in place with respect to Mr. Dunsmore's lawsuit in California state court until further action by this Court.  This Endorsed Order is without prejudice to the rights of any party to bring any additional relevant facts to the Court's attention or to any future rulings by this Court.

Dated: New York, New York    **_s/Robert E. Gerber_**
   October 19, 2015     United States Bankruptcy Judge

Darryl Dunsmore
AD6237 C3A-132
P O Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
IN R

General Motor LLC                    Case 09-50026 (REG)
IGNITION switch Litigation

Darryl Dunsmore
Plaintiff

          v

General Motors Et al
Defendants

RECEIVED
OCT - 2 2015
U.S. BANKRUPTCY COURT, SDNY
REG

Ex Parte Motion
for Declatory Relief

The New GM Attests and Declares it
is not an accessory to any misconduct or
crime Committed by the old GM Defendants
Notify and ordered The Defendants to
cooperate according to Law with all
Discovery requests by plaintiff to New
Defendants (New GM) Per Penal Code 135
of California

1 of 2

112 (103 Sct 1660 75 L Ed 2d 675 Elrod V Burns (1976) 427 US 347 373 (96 Sct 2673 49 L Ed 2d 542 The Deprivation of The Constitutional Right will cause irreparable harm by continued suffering for a wrongful Conviction of Some one Actually inocent with continued incarceration

I Declare under penalty of perjury The foregoing is true

9/22/15    DJDe

3 of 2

Darryl Dunsmore
ADG237 C3A-132
PO Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT of NEW YORK
IN RE

General Motors LLC                    Case 09-50026 (REG)
IGNITION switch Litigation

Darryl Dunsmore
Plaintiff

v

General Motor Et al
Defendants

Notice of Pending
Related Case

Pending Case/    001193 GPC PCL
Related case/    9th cir Court of Appeals
                 writ of Habeas

9/02/15  DND

1 of 1

Daryl Dinsmore
A06237 C3A-132
PO Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT of NEW YORK

IN RE                                    Case# 09-50026 RCG
General Motors LLC
Ignition Switch Litigation

---

Daryl Dinsmore
Plaintiff

            v

General Motors Etal
Defendants

        objection To
        scheduling order

Introduction

   This lawsuit pertain's to Plaintiffs wrongful
conviction n which plaintiff seek Constitutional
Mandated Discovery from Defendants as to
which he has not been able to obtain
Concerning actual innocence Claims n The
SOUTHERN DISTRICT of California Case 001193
GPC-PCL

                                        1 of 6

The Defendant foresee plaintiff to
file a state tort Case 045638 Dunsmore
v GMC (abel) Viking et al n Solano County
Court House State of California n order
To Secure constitutionally Mandated Discovery
To support his Claims of actual innocence
n the 9th cir n order to obtain a COA
and Brief the issues

Plaintiff objects to The schedule order
Because he is a Pro se litigant, incarcerated
with Physical Disibilities requireing assistence
to Dress transfer Bath it being extremely
Difficult for plaintiff to timely persue
this litigation Exhibit A

Any arguement concerning The late fileing
of this objection is mute according to
Prison Mail box and That plaintiff did not
Timely recieve The Denial Notice until
9/18/15 Due to transfer To a Medical
facility in California California Healthcare
facility in Stockton Plaintiff should thus
Not be bound to The terms of the schedoleing
order

Issues That should
Be Presented To The
Bankruptcy Court

2 of 6

This plaintiff is unique because The plaintiff is seeking exculpatory Discovery which is constitutionally Mandated and interference in the persuit of Said Evidence would be a manifest injustice of keeping an otherwise Actually innocent individule incarcerated for a longer period

That has been directly Caused by The Misconduct of General Motors Corp That fraudulantly Sold Millions of Defective parts endangering the lives of Customers and The General public and when The Company was finally rendered defunked by These fraudulant actions That bled The Company of all financial stability except its Brand name Conspired with The New GM N/K/A Motors Liquidation Company to Rid its self of Massive liabilities Through clever Manipulation of Rules of Law Contrary to The <u>rules of Prof Conduct 3-210</u> The Attornies knowingly assisted each other and Solicited The violation of California Rules of professional Conduct or State bar Act <u>Bus & PC 116000-6328, Cal Rules of Prof Cond 1-120</u> by concealing suppressing Destroying and removing Evidence of Their fraudulent

3 of 6

conduct of The attorneys and The general Public and The plaintiff unknowingly solicited the Court to Assist in These illegal acts Through clever Manipulation of The bankruptcy Laws of Liquidation in Violation of The Cal Penal Code 11 134-135 Price V State bar (1982) 30 C3d 537-139 179 CR 914

    Which The Attorneys continue to ignore The Rule of Law Denying Plaintiff Constitutionally Mandated discovery causing This plaintiff to suffer a wrongful conviction and a lengthy stay of incarceration while plaintiff attempts to Convince the Court of his actual innocence and the Merits of his claims yaughting around The New York habor and world while plaintiffs life has been completely destroyed by the Defendants fraudulant acts and clever unethical Manipulation of The rule of law Bus & Pc 6068(d) cal Rules of prof Cond 5-200 (B), Di Sabatino V State bar (1980) 27 C3d 159, 162 CR 458

    Despite The known plight of plaintiff Through Correspondance and litigation The Defendants Continue to Thumb their nose at the Law and are indifferent to the harm The are Causeing plaintiff by

willful Conceal Destruction and alteration of of evidence in the form of Documents of records that support petitioners claims of innocence and the Malfunction of The Vehical which was erroroosly Declared a weapon Due To the actions of The Defendants both new and old GM OWNERS as The simple sale of The Corpation Did not Viod the Defendants responsibilities to reveal Evidence of Crimes committed The are willing Co Conspritors once They decided to destoy Alter and conceal evidence They inhereted in The sale of GMC Corp in The form of Documents which revealed The Massive fraud old GM committed

The Defendants New GM can not argue They had no knowledge of alleged Defective parts or that Documents may not have been exculpatory evidence as supported in Exhibit B GM Test drivers were aware of The ignition problems in 2006 Two Years prior to The Sale the NHTSA crash report Made Mution of The ignition problem

The Defendants and Attornies Could have reasonably argued against Liabilities if They had Chosen to reveal and disclose The Nature of The fraud and Defective

5 of 6

to the Court and other Authorities
Chapter 11 does not relieve The New GM
owners of liabilities if They fail in Their
ethical and legal duties To disclose acts of
fraud and other criminal conduct which they
were aware of before the time of sale
at the time of Sale and after the sale
Nor of its responsibility To Release to
Plaintiff The Exculpatory evidence Defendants
have knowledge of That would release
Plaintiff of his wrongful Conviction and
support his actual innocence claims Thats
The Detective Malfunctioning Vehical not
Petitioner was responsible for The incident
hold petitioner incarcerated in Case 001903
GPC PCL Southern District of California
     For these reasons The schedule should
be Modified for This plaintiff as This
Judges own opinion in Exhibit B P 14
cite 41 stating The Denial of relief
would be Manifestly unconscionable what
could be More so Then The continued
incarceration of an actually innocent individule
wrongly Convicted because of The acts of
Defendants to Conceal exculpatory evidence
The would relieve plaintiff of The wrongful
conviction
I Declare under penalty of perjury the forgoing is
True                              9/22/15  DJD   6 of 6

AD6237 C3A-V3C
Po Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE

General Motors LLC
Ignition switch litigation

| Case 09-50026 (REG)

Darryl Dusman
Plaintiff

v

General Motor et al
Defendants

Memorandum of Points
and Authorities in
Support of objection
to scheduling order

as supported by exhibit A plaintiff is
severely Disabled and requires daily assistance
Physical incapacitation is Good Cause for ext and
relief from the scheduling order People v Crovedi
(1966) 65 C2d 199 53 CR 284

1 of 3

accordingly Plaintiff Serve all defendants according to prison mail box rule Hasten v Lack 487 US 266 273-76 108 Sct 2379 (1988)

## Liability

under California Law once New GM acquired The assets and Documents of Misconduct of old GM They forfiet their liability protection by Becoming Co Conspiritors According Penal Code 135 To Destroy and Conceal Documentary evidence as the New GM Defendants in this case and were Accessories according to penal code 32 help the alleged Principal of The Crimes old GM as defined in Penal code 31 to avoid trial and Conviction of felonies Committed by old GM

New GM Actions were an Accessory és Defined by penal Code 32 and forfieted liability protection The New defendants New GM Continue to Violate California Law of penal Code 135 by Concealing and refusing Destroying evidence of plaintiffs innocence in plaintiffs criminal wrongful Conviction Case 001193-6PC-PC1 If Defendants are not accessories to The Crimes of old GM Then They should immediately release all Exculpatory evidence and fullfill pramply all plaintiff Discovery requests

2 of 3

Plaintiff                                    in sectiors
speak for thunselfs and That of Their legal
representatives who believe They can Deny
Petitioner his right to Constitutionally
Mandated Discovery and claim They are
exempt from old Gm product liabilities
    while braking state local and Constitutional
Law to Conceal Exculpatory Evidence or destroy
it Thereby revealing thurselfs as accessories
to the principles crimes Old Gm Thereby
Nullifying Liability protection by Bankruptcy

    For these reason The briefing schedule
Should be Modified for plaintiff

I Declare under penalty of pajury the
foregoing is true

                        a/22/15    D-ND-c

                                    3 of 3

Darryl Dunsmore
A06237 C3A - 132
PO Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE                                    | Case 09-50026 (REG)
General Motor LLC                        |
Ignition switch Litigation               |
                                         |
Darryl Dunsmore                          |
Plaintiff                                |
         v                               |
                                         |
General Motors et al                     |
Defendants                               |

Table of Content
and Points and
Authorities in
Support of objection
to scheduling order

People v Croved. (1966) 65 c2d
199 53 CR 284 — — — — — — — )

1 of 2

Houston V Lac
273-76 los Set 2379 (1988) ━ ─ ─ ─ ─     2

California
Peacl Code

PC 31, 32, 95 ─ ─ ─ ─ ─ ─ ─ ─ ─ -2

## Contents

Objection ─ ─ ─ ─ ─ ─ ─ ─ 6 pages
Memorandum ─ ─ ─ ─ ─ ─ ─ 3 pages

## Lodgements

### Exhibit A
Medical order for assistance ─ ─ ─6 pages
### Exhibit B
General info on Gun History ─ ─ ─ 6 pages

9/22/15 DAD ━

2of2

A06237    C3A 132
PO Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
IN RE
General Motors LLC                    Case 09-50026 (REG)
Ignition switch Litigation

Darryl Dunsmore
Plaintiff

            V

General Motor et al
Defendants

                    Lodgements in Support
                    of objection To
                    scheduling order

Exhibit A
"Medical order for assistance  — — — 6 pages
Exhibit B
"General info on GM History — — — 6 pages

I Declare these lodgement to be true and
accurate
                    9/22/15    DAO
                            1 of 1

DRAFT

## REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE

**RAP Meeting Date:** 9/02/2015        **Date IAC Received 1824:** 8/31/2015        **1824 Log Number:** CHCF-C-15-02227

**Inmate's Name:** DUNSMORE, DARRYL        **CDCR #:** AD6237        **Housing:** FAC C3A-~~115~~ 132

**RAP Staff Present:**  ADA Coordinator  J.A. Zamora,  Custody Appeals Coordinator A. Infante,  Doctor G. Williams, Health Care Appeals Representative, L. Donnelly,  Registered Nurse  M. Lowe

**Inmate Interviewed:**  ☐ No  ☒ Yes      DPM, CCCMS

**Disability Access or Discrimination Issue:** SUBJECT STATES THAT HE IS HAVING DIFFICULTY IN TRANSFERRING, DRESSING OR ALTERATION OF CLOTHES WITH BUTTONS DUE TO HIS MEDICAL CONDITION.

**Interim Accommodations Needs Reviewed:**

☒    Interim Accommodation provided (List accommodation and date provided):

ON 8/31/15, MEDICAL STAFF TO ASSIST SUBJECT ON AS NEEDED BASIS FOR TRANSFERRING/DRESSING/OBTAINING ITEMS.

**Summary of Inmate's 1824 Request:**  THE SUBJECT IS REQUESTING ASSISTANCE IN TRANSFERRING, DRESSING OR ALTERATION OF CLOTHES WITH BUTTONS, ASSISTANCE WITH PLACING SOCKS ON AND A THREE TIER SHELF.

☒    **RAP is able to render a final decision.**

### APPROVE WITH MODIFICATION

ON 9/02/15, THE REASONABLE ACCOMODATION PANEL (RAP) HAS REVIEWED YOUR REQUEST. YOU HAVE BEEN APPROVED FOR A WHEELCHAIR ACCESSIBLE LOCKER.

ON 8/31/15, THE CHCF APPEALS COORDINATOR INTERVIEWED YOU, IN WHICH YOU REQUESTED ASISSTANCE WITH PULLOVER SHIRTS, REACHING DOWN TO PLACE SOCKS AND SHOES ON AND GETTING ITEMS FROM THE FLOOR/SHELF. YOU FURTHER STATED WHEN YOU WARM UP, YOU GET BETTER MOVEMENT BUT IN THE MORNING AND AT NIGHT IT BECOMES MORE DIFICULT TO MOVE. YOU STATED THAT THE OFFICERS DO ASSIST YOU AND THAT YOU ARE ABLE TO ACCESS PROGRAMS AND SERVICES WITHOUT CONCERN.

ON 8/31/15, THE CHCF APPEALS COORDINATOR INTERVIEWED CNA MOFOR. MOFOR STATED SHE ASSISTS YOU ON AN AS NEEDED BASIS. SHE HAS OBSERVED YOU MOVE IN OTHER ACTIVITIES SUCH AS FEEDING YOURSELF. SHE FURTHER STATED THAT SHE WILL INFORM OTHER STAFF TO ASSIST YOU IN THE INTERIM ON AN AS NEEDED BASIS.

**Additional information/instruction:** THE SUBJECT IS ABLE TO SAFELY ACCESS ALL PROGRAMS, SERVICES AND ACTIVITIES.

If you disagree with a health care decision made prior to or during the CDCR 1824 process, complete a CDCR 602-HC.  If you disagree with any other RAP decision, complete a CDCR 602.  Be sure to attach this document along with your CDCR 1824.

| J.A. Zamora | Signature | Date sent to inmate: 9/2/2015 |
|---|---|---|
| ADA Coordinator | | |

Staff processing instructions:  Does delivery of response meet criteria to establish effective communication?  No

☒    **Accommodation Order required:**

☐    Request alleges non-compliance of the Armstrong or Clark Remedial Plans.  Allegation logged on Accountability Log.

Distribution:  Original – Inmate        Copy – 1824 File        Copy – Miscellaneous Section of C-File        Copy – Medical/Mental Health Staff

State of California

**REASONABLE ACCOMMODATION REQUEST**

CDCR 1824 (rev: ?/2014)

Department of Corrections and Rehabilitation

| INSTITUTION (staff use only): | EC? Y / N | LOG NUMBER (staff use only): CHCF- C-15-62227 |
|---|---|---|

Date Received by Staff (staff use only):

*** TALK TO STAFF IF YOU HAVE AN EMERGENCY ***

<u>Do not</u> use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDCR 7362 or a CDCR 602-HC.

| INMATE'S NAME (Print) Dunsmore, D. | CDCR NUMBER AD6237 | ASSIGNMENT | HOUSING C3A-115 |
|---|---|---|---|

<u>INSTRUCTIONS</u>

• You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.

• You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service, or activity. You may also use this form to submit an allegation of disability-based discrimination.

• Submit this form to the Custody Appeals Office.

• The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response. <u>Do not</u> use an 1824 to request a response for a group of inmates. If you have received an 1824 decision that you disagree with, submit an appeal (CDCR 602, or 602-HC if disagreeing with a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM:**

**WHY CAN'T YOU DO IT:**

See attached

**WHAT DO YOU NEED:**

(use the back of this form if you need more space)

**Which of the following best describes your disability that caused you to file this request:**

☐ Difficulty walking or getting around   ☐ Difficulty seeing   ☐ Difficulty hearing   ☐ Difficulty talking   ☐ On kidney dialysis

☐ Difficulty using arms/hands   ☐ Difficulty learning   ☐ Difficulty thinking or understanding   ☐ Mental impairment

☐ Other Disability (briefly describe): _____

| **DO YOU HAVE ANY DOCUMENTS THAT DESCRIBE YOUR DISABILITY?**      Yes ☐   No ☐   Not Sure ☐ |
|---|
| (List and attach documents if available, including: 1845, 7410, 128-C): _____ |

I understand staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

| **INMATE'S SIGNATURE** | **DATE SIGNED** |
|---|---|

Assistance completing this form provided by: _____   _____   _____

| Last Name | First Name | Signature |
|---|---|---|

| ☐ IAP is not required as the CDCR 1824 contains no disability access or discrimination issues. | | |
|---|---|---|
| | Person making determination | Title |

STATE OF CALIFORNIA                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION

**REASONABLE MODIFICATION OR**
**ACCOMMODATION REQUEST**

CDCR 1824 (Rev. 10/06)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| CHCF | CHCF-C- 15-02207 | 18. ADA |

*NOTE:* THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME(PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Darryl Dunsmore | AD6237 | | | C3A-115 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you. If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY: Ankylosing Spondylitis Dsyphia

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY? Medical Records, outcome Data

DESCRIBE THE PROBLEM: I have a Rap Decision denying My Previous Requests for Alterations stating That I will be provided Assistence when Requested staff are refuseing to Assist with dressing Im unable to fully dress shirts sock due to Loss of Mobility in sholders back hips knees I am unable to use Locker Property all over Floor Etc get out bed.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED? Need Alternate Locker and assistence provided To occasionally Transfer and Dress and undress as Rap previously Decided or Alteration of Clothes with button and straps for socks Etc

INMATE/PAROLEE'S SIGNATURE                    DATE SIGNED  8/30/15

DRAFT

## REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE

**RAP Meeting Date:** 9/09/2015          **Date IAC Received 1824:** 9/4/2015          **1824 Log Number:** CHCF-C-15-02280

**Inmate's Name:** DUNSMORE, DARRYL          **CDCR #:** AD6237          **Housing:** FAC C3A-~~115~~ 13 2

**RAP Staff Present:**     ADA Coordinator   J.A. Zamora,   Custody Appeals Coordinator A. Infante,   Doctor G. Williams, Health Care Appeals Representative, ,  K. Martin, D. Nelson,   Registered Nurse  M. Lowe

**Inmate Interviewed:**   ☐ No   ☒ Yes      DPM, CCCMS

**Disability Access or Discrimination Issue:** SUBJECT STATES THAT HE IS HAVING DIFFICULTY IN TRANSFERRING, DRESSING OR ALTERATION OF CLOTHES WITH BUTTONS DUE TO HIS MEDICAL CONDITION.

**Interim Accommodations Needs Reviewed:**

☒      Interim Accommodation provided (List accommodation and date provided):

ON 8/31/15, MEDICAL STAFF TO ASSIST SUBJECT ON AS NEEDED BASIS FOR TRANSFERRING/DRESSING/OBTAINING ITEMS.

**Summary of Inmate's 1824 Request:**   THE SUBJECT IS REQUESTING ASSISTANCE IN TRANSFERRING, DRESSING OR ALTERATION OF CLOTHES WITH BUTTONS, ASSISTANCE WITH PLACING SOCKS ON AND A THREE TIER SHELF.

☒     **RAP is able to render a final decision.**

**DISAPPROVED**

ON 9/09/15, THE REASONABLE ACCOMODATION PANEL (RAP) HAS REVIEWED YOUR REQUEST.

( DUPLICATE ISSUE REFER TO CHCF #CHCF-C-15-02227 )

**Additional information/instruction:** THE SUBJECT IS ABLE TO SAFELY ACCESS ALL PROGRAMS, SERVICES AND ACTIVITIES.

**If you disagree with a health care decision made prior to or during the CDCR 1824 process, complete a CDCR 602-HC. If you disagree with any other RAP decision, complete a CDCR 602. Be sure to attach this document along with your CDCR 1824.**

___J.A. Zamora___                                              Date sent to inmate: 9/9/2015
**ADA Coordinator**                          **Signature**

| Staff processing instructions: Does delivery of response meet criteria to establish effective communication? No |
|---|
| ☐     **Accommodation Order required:** |
| ☐     Request alleges non-compliance of the Armstrong or Clark Remedial Plans.  Allegation logged on Accountability Log. |

Distribution:  Original – Inmate          Copy – 1824 File          Copy – Miscellaneous Section of C-File          Copy – Medical/Mental Health Staff

Page 1 of 1

State of California                                                        Department of Corrections and Rehabilitation

# REASONABLE ACCOMMODATION REQUEST
CDCR 1824 (rev: ?/2014)

| INSTITUTION (staff use only): | EC? Y/N | LOG NUMBER (staff use only): CHCF-C-15-02280 |
|---|---|---|
| | | Date Received by Staff (staff use only): |

**\* \* \* TALK TO STAFF IF YOU HAVE AN EMERGENCY \* \* \***

<u>Do not</u> use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDCR 7362 or a CDCR 602-HC.

| INMATE'S NAME (Print) | CDCR NUMBER | ASSIGNMENT | HOUSING |
|---|---|---|---|
| Dunsmore, D. | A06237 | | C3 A-115 |

<u>INSTRUCTIONS</u>

- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service, or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response. <u>Do not</u> use an 1824 to request a response for a group of inmates. If you have received an 1824 decision that you disagree with, submit an appeal (CDCR 602, or 602-HC if disagreeing with a medical diagnosis/treatment decision).

WHAT CAN'T YOU DO / WHAT IS THE PROBLEM:
_____
_____
_____

WHY CAN'T YOU DO IT:
_____
_____

WHAT DO YOU NEED:             *See Attached*
_____
_____
_____
_____
_____ (use the back of this form if you need more space)

Which of the following best describes your disability that caused you to file this request:

☐ Difficulty walking or getting around    ☐ Difficulty seeing    ☐ Difficulty hearing    ☐ Difficulty talking    ☐ On kidney dialysis

☐ Difficulty using arms/hands    ☐ Difficulty learning    ☐ Difficulty thinking or understanding    ☐ Mental impairment

☐ Other Disability (briefly describe): _____

| DO YOU HAVE ANY DOCUMENTS THAT DESCRIBE YOUR DISABILITY?    Yes ☐    No ☐    Not Sure ☐ |
|---|
| (List and attach documents if available, including: 1845, 7410, 128-C): _____ |

I understand staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

_____           _____
INMATE'S SIGNATURE                              DATE SIGNED

Assistance completing this form provided by: _____

              Last Name                First Name              Signature

| ☐ IAP is not required as the CDCR 1824 contains no disability access or discrimination issues. | | |
|---|---|---|
| | Person making determination | Title |

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

# REASONABLE MODIFICATION OR ACCOMMODATION REQUEST

CDCR 1824 (Rev. 10/06)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| | *CtkCF-C-15-02280* | 18. ADA |

**NOTE:** THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME(PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Dunsmore | AD6237 | | | C 3 A - 115 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you. If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY: Ankylosing Spondylitis

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY? Medical Records

DESCRIBE THE PROBLEM: I was told by Appeal Coordinator I would recieve interim accommodations of 3 tier locker Assistence but staff were not informed or provided Record of said action

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED? inform Custody, Medical of interim accommodation provide Record so I recieve interim accommodation

INMATE/PAROLEE'S SIGNATURE                          DATE SIGNED    9/3/15

The massive ongoing recall of General Motors vehicles with faulty ignition switches (and the dozen years the company spent *not* issuing a recall) has made headlines, launched lawsuits, angered legislators, but many consumers who don't own a recalled car have shrugged and said, "Glad I don't drive one of them."

One small defect in a part that controls a car's ignition switch: that's what's at the root of a massive car recall linked to at least thirteen deaths. The cars all came from General Motors brands sold for most of a decade — and as we now know, someone, somewhere knew about the fatal potential of that defect for as long as it existed. The ignition switch problem affects everyone who drives a GM car. But the way that the defect was allowed to remain in the production line for so long affects nearly everyone who drives or shares roads with cars — whether you've ever set foot in a GM vehicle or not.

The GM ignition switch recall started in February with an announcement about 778,000 compact cars. Over the months since then, the recall list has expanded to include about 2.6 million Saturn Ion (2003-2007), Chevrolet Cobalt (2005-2010), Chevrolet HHR (2006-2011), Pontiac G5 (2007-2010), Pontiac Solstice (2006-2010), and Saturn Sky (2007-2010) vehicles. (GM has also recalled another three million cars this year for other, unrelated issues.)

MORE THAN JUST A RECALL

The recall, though, isn't just a recall. It's led to an investigation that has shown that GM and the National Highway Traffic Safety Administration (NHTSA) were, between them, peripherally aware of the defect for over ten years. Let's take a quick, summary review of key moments in the timeline of events:

- 2001-2002: The first report of a switch problem shows up in pre-production notes for the 2002 Saturn Ion.
- 2005: GM realizes the Chevy Cobalt has a problem with the ignition switch and opens repeated engineering inquiries, but takes no action.
- 2006: GM test drivers become aware of the ignition problem. GM makes some repairs, but mixes older, defective part and newer, improved part under same item number, causing years' worth of confusion.

·2007: A NHTSA crash report makes mention of the ignition switch turning itself off. NHTSA proposes opening an investigation, but decides not to.

·2010: After more accidents and deaths, NHTSA once again considers, but then decides against, opening a formal investigation.

·2012-2013: GM internal testing finds that no, really, these ignition switches are broken.

·2014: GM finally issues recalls due to the faulty part, totaling roughly 2.6 million vehicles.

At least 13 people were killed (and possibly more) due to this particular defect in that 13-year span, and dozens of other drivers complained about it. But between the start of the problem in 2001 and the enormous and very public recalls in 2014, a few things changed at GM. And by "a few things," we mean "everything."

GENERAL MOTORS IS DEAD. LONG LIVE GENERAL MOTORS.

The early years of the 21st century were not among GM's best. It's easy to see why a GM at the time was so desperately concerned with cutting costs wherever possible: after a high point in 1999, their annual sales numbers began to drop slowly but steadily from 2000 onward. They posted significant losses in 2005, 2006, and 2007, and so were already off to a rough start in 2008.

Then came, well, 2008 — a now-infamous year of domestic and international economic crisis. In the space of less than a year, everything tanked: the housing market collapsed, giant megabanks began flailing wildly, energy prices jumped, and the automotive industry found itself in dire straits.

The combination of a less-than-great half-decade and an international near-collapse of the industry was a one-two punch that GM couldn't withstand. In Nov. 2008 the company announced that without drastic action, they'd be out of cash and out of business by the middle of 2009.

Ford, Chrysler, and GM all testified before Congress in Dec. 2008 to the effect that the U.S. car industry, that most American of industries, was going to collapse in on itself without an infusion of federal bailout cash. Congress declined to hand over money, but GM did get a "bridge loan" from the Bush administration to keep it afloat while a longer-term solution

could be worked out.

Between Dec. 2008 and March 2009, things failed in any way to get better for GM as they kept moving through a back-and-forth of proposed business plans to and with the federal government. On March 30, 2009, the Obama administration announced that the government would not be handing GM a mountain of cash, but that a detailed restructuring plan including Chapter 11 bankruptcy had been worked out in order to save the company. GM officially filed for Chapter 11 reorganization in a New York court on June 1, 2009.

Under the terms of that Chapter 11 filing, a new corporate entity called NGMCO Inc. — the "new" GM corporation — purchased all of GM's "continued operational assets." As part of the terms of sale, NGMCO, Inc., changed its name to "General Motors" and kept all of GM's brands, logos, and trademarks. In one fell swoop, GM ceased to be GM, the troubled corporation with a pile of liabilities, and became GM, the newer, leaner corporation that conveniently left all its liabilities sitting in a trash heap near the door when it walked out.

As for that mess next to the door, the "Old GM" still had to clean it up. Having let the New GM walk off with its name and branding, the remnants of Old GM became the Motors Liquidation Company. That company has been working its way through the bankruptcy, liability, and debtor process ever since.

The New GM, about 60% owned by the U.S. Department of the Treasury, promptly shed jobs, dealerships, manufacturing facilities, and car brands. (Remember Pontiac, Saturn, Hummer, and Saab?) And most critically, they also shed liability for anything they did back when they were still the original GM.

LEAVING BEHIND THE BLAME

Several states' attorneys general, perhaps having a collective moment of clairvoyance, filed an objection to the liability exception part of GM's bankruptcy agreement, saying that potential later accident victims could lose "key legal rights" if it went through. (The Wall Street Journal ran a detailed explainer of the relevant legal aspects back in 2009.) Under the pressure, GM eventually agreed to somewhat expand the scope of its liability to accident victims.

The gist of the change meant that, "[C]onsumers driving old GM cars who

get in accidents during GM's several weeks in bankruptcy court, or after
the new GM emerges, will be able to sue new GM."

At the time, then-Connecticut Attorney General Richard Blumenthal, one of
the attorneys general who filed the objection, said:

> "*This agreement captures a very significant group of claims
> that wouldn't have been covered and is a very significant
> victory for consumer advocates. It may seem symbolic, but it
> will be very real and important to people who suffered injuries
> during this period of time, and it sets a highly significant
> precedent.*"

That GM product liability pact is now front and center in the wake of the
recall. GM is trying to get lawsuits against it held on the grounds of the
restructuring, claiming liability protection.

Former Connecticut AG Blumenthal is now United States Senator
Blumenthal, and he's no less concerned about the new GM's liabilities for
the old GM's actions than he was in 2009. In late March, he pressed the
Justice Department to make sure that GM stays liable for GM's actions. At
the time, he told Consumerist, "There is a very powerful legal and moral
responsibility on the part of the federal government to intervene here.
They enabled GM to emerge from reorganization with very extensive
protections from legal responsibility for the death, injuries, and damage
their defective vehicles caused."

NOW WHAT?

Well, that's really the billion-dollar question.

It will take months, if not years, for the Justice Department to carry out
its criminal investigationand determine if charges are warranted. Getting
the various civil suits sorted out will probably take even longer still. GM, in
some way, will need to compensate the car owners, accident victims, and
surviving families of those who were killed due to this error. That
complicated question of how much legal liability GM actually bears for their
own error and cover-up will be a key factor in every proceeding.

But the most pressing question for the future isn't about GM at all.
Although this recall is massive, and GM's particular tie to American
taxpayers and the federal government is at play, this defect and this
question of liability aren't the central issues we're facing.

Instead, the real problem that the GM disaster has brought to light is that

nearly 250 million registered cars on the road in the United States... and 51 ODI employees to make sure that we all stay safe around them.

Of those 51 employees a little over half are investigators, Bloomberg reports. It makes for a ratio of about 8.6 million cars on the road for every defect investigator NHTSA has. The agency also receives more than 40,000 consumer complaints per year — and of course, not every consumer who has reason to make a safety complaint ever bothers to do so. NHTSA's 2015 budget for investigating defects is about $10.6 million, and it's been in that $10 million ballpark for years.

With those odds, it starts to feel surprising that NHTSA actually catches as many problems as it does.

28 investigators can only capture so much data first-hand. In order to act, NHTSA relies on data from the car companies themselves. When the companies take their own sweet time providing it, as GM has been doing, the safety review process hits a bottleneck... and just stops going anywhere at all.

So where do we sit today?

Consumers are aware of the problems, but the defective GM cars are still on the road. GM is paying meager fines of $7000 per day (from their 2013 revenue of $3.8 billion) for each day they miss their deadline for providing data to NHTSA. And thirteen people who were driving or riding in cars that had one small, faulty part in them are still dead.

Whatever this investigation uncovers about this particular defect, this tragic incident spotlights the fact that there are systemic problems with carmakers for whom lives are but data points on a cost/profit sheet and with regulators who ignore their own investigators' reports. Until those underlying issues are remedied, it's only a matter of time until another vehicle with a deadly defect is not only allowed to hit the road, but stay there for far too long.

Darryl Dunsmore
AD6237  CJA-132
PO Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE                                    Case 09-50026 (REG)
General Motor LLC
IGNITION SWITCH Litigation

Darryl Dunsmore
Plaintiff

        V

General Motors et al
Defendants

<u>Table of Contents
and Authorities in
support of objection
to any Motion to strike
stay Dismissal or any
enforcement of injunction
upon This plaintiff</u>

People V Lee 1970  3 CA3d  514  526  83 CR
715 -  —   —    —   —   —   —   —   —   — 4

1 of 2

People v Meredith (1981) 29 c3d 682 690
175 CR 612 — — — — — — — - - - 4

Imbler v Pachman 1976 424 US
409 ∧25 47 L Ed 2d 128 141 96 Sct 984 — 5

US v Bagley (1985) 473 US 667 676
87 L Ed 2d 481 490 105 Sct 3375 - - - 5

Brady v Maryland (1963) 373 US 83
87 10 L Ed 3d 215 83 Sct 1194 — — — — 5

Izazaga v Superior Court (1991)
54 c3d 756 378 285 CR 231 — — — — 5

## Penal Code

PC 31 — — — — — — — — 2
PC 32 — — — — — — — — 2
PC 135 — — — — — — — 3
PC 1054 (e) — — — — — — — 5

## Contents

objection — — — — — — ... Pages 5
Memorandum — — — — — — Pages 5
Lodgements — — — — — — ... Pages 3-9

## Lodgements

Exhibit A
Complaint  SCS045638 — — — — — 30 pages
Exhibit B
Correspondance — — — — — 1 page
Exhibit C
Housing in jail Documents — — 39 pages

9/2/15 D. L. Dve

2 of 2

Daryl Dugmar
AD6237  C3A-132
Po Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE
General Motors LLS
Ignition switch Litigation

Daryl Dugmar
Plantiff

v

General Motor Et al
Defendants

Case 09-50026 (REG)

objection to any
Motion to strike,
stay, Dismissal
or any enforcement
of injunction upon
This plaintiff

## Introduction

This plaintiffs Complaint  Exhibit A
Directectly attacks The Conduct of The New
GM in Solano Superior Court State of

1 of 5

California Case in Northern District v GMC,
Lobel, Viking et al

This plaintiff Contends That The Defendants
Present Conduct has and is voiding Their
Liability protection when The New GM began
to violate state local and constitutional
law of California when They failed to
Release Disclose or hand over Exculpatory
Constitutionally Mandated Discovery and
began to destroy, or conceal Documentary
evidence petitioner has been forced to
seek through his state tort after
failure to respond To correspondence request
for Documentary evidence in pocession of
The Defendants Exhibit B

Once The Defendants New GM began
to Conduct themselfs in This manner Depriving
Petitioner of Constitutionally Mandate Discovery
which would Prove his actual inocence
claims in his writ of Habeas on Conviction
in the Southern District of California
Case 001193 GPC PCL The New Defendants
became Accessories under California law
Penal Code 32 To The principle Defendants
The old GM as Defined by Penal Code 31
Voiding Their otherwise Ligitimate

2of5

Liability protection whatever These acts
To deprive petitioner of Evidence in Their
Possession and knowledge of Successor of
old GM Assets in The form of exculpatory
Documentation That support The Malfunction
Plaintiffs vehical .the Alleged weapon
as The Cause of the incident and not
intent of The plaintiff in The alleged
criminal Conduct which plaintiff now
only Continues to Suffer From because
The acts of the New GM to Conceal
Destroy Evidence in violation of Penal
Code 135 Thereby concealing The action
of The principle as Defined in Pnal Code
31 To prevent prosecution in a court
establishs the New GM Defendant as
Accessaries as Defined in Penal Code
Section 32 forfieting NEW GM'S
Liability protection, Dismissal of This
Plaintiff action and any motion to
strike or stay This plaintiffs Action
or claims
        Nor Can any injunction supercede
Plaintiffs Legal right To the evidence


                                        3of5

n question which plaintiff seeks which is constitutionally mandated any continued refusal clearly supports plaintiffs claims of fraud including to this court where they allege not to be in concert with the old GM Defendants actions yet continue to attempt to protect the principle cause the old GM Defendant with actions that Define and Describe the New GM Defendants as accessories in the old GM Defendants Conduct according penal Code 32

As Declared by the New GM Defendants they became successor in 'of the old GM Defendants assets which happened to be Documentary evidence which supports Plaintiffs Claims of Actual innocence in which petitioner seeks to over turn his wrongful Conviction

However at this time it is the New GM Defendants choice to refuse the Discovery and evidence request in violation penal Code 135 That they know is to be used in Trial and are Concealing and Destroying in in violation of California and Constitutional law

4 of 5

Plaintiff also argues Defendants did not Provide Notice to individules housed in county Jail Therby Depriving atleast this Plaintiff of his Due process to file a claim in a timely Maner Exhibit C

Defendants should of Made attempts to have Jailed inmates Notified with Posted Memorendums in County Jails Defendants should allow and compensate this Plaintiff on any late Filing as The declared they would provide to The Court Compesation

Plaintiff Contends New GM Defendents Action have barred them from taking any action against This complaint Through The Bankrupcy Court

Plaintiff further request a Declatary order Directing New GM Defendents from Destrooying or cancealing any More Documentary evidence in this and plaintiffs Case in question

I Declare under penalty of perjury the foregoing is true

a/22/15    D-MD——

5 of 5

Darryl Dunsmore
AD6237 C3A-132
PO Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE
General Motor LLC                    Case 09-50026 (REG)
IGNITION Switch Litigation

Darryl Dunsmore
Plaintiff

General Motors et al
Defendants

Memorandum of Points and
Authorities in support of objection
To any Motion To strike, stay,
Dismissal or any enforcement of
injunction upon This plaintiff

## Argument

Plaintiffs complaint attacks conduct of
The (New GM Defendants) who according to
state, local and constitutional law established
Themselfs as independent actors Accessaries
To The Crimes and Misconduct of The

1 of 8

Principle act (Defendants) as Defined
in California Penal Code Statute.


Penal Code 31 Principals Defined
(who are principles All persons concerned in The
Commission of a Crime wether it Be felony of Misdemeanor
and wether They Directly Commit The act Constituting
The offence or and and abet in its commission
and all persons counseling, advising)


Penal Code 32 Accessories defined
(Every person who after a felony has been committed
habors conceals or aids a principal in such felony
with The intent That said principal May avoid
or escope from arrest trial Conviction or punishment
having knowledge That said principal has committed
Such felony or has been charged with Such
felony or Convicted There of is an accessory
to Such felony


According to PC 31 The New GM established
it self as Accessories after haveing knowledge
of Said principals crimes which it attested
to in its own filings with this court with
in The meaning of PC 72 See any Brief
Motion filed by Defendants

When They independantly choose to Conceal
Destroy Documentary evidence after plaintiff
Made request and Notice of pending investigation
and trial action with in The meaning of

2085

Penal Code 135

Penal Code 135 Destroy OR CONCEALING
Documentary evidence

(every person who, knowing That any Book, paper
record instrument in writing or other matter
or Thing is about to be produced in evidence
upon any trial inquiry or investigation what
ever authorized by law willfully destroys of
conceals the same with intent there by to
Prevent it from being produced is guilty)

Plaintiff Made the inquiry Through
Correspondence Notified The New GM of
Pending actions according Penal Code 135
and Defendants New GM Made independent
Action to Deprive plaintiff of Constitutionally
Mandated Discovery Conceal Destroy said
documentary evidence which support
Petitioners Claim in a writ of habeas
Concerning the wrongful Conviction of
one actually innocent Case 00-193 GPC
PCL Southern District of California

Said Documentary evidence supports The
Merits of plaintiffs Klaims That The
incident was not ntational on plaintiff
Part but occurred because The Malfunction
of The product Sold by The old GM
Defendants and Their Misconduct

3of5

Plaintiffs Certificate of Notice Directly attacks the present conduct of GM Defendants (The New GM Defendants) which action causes Them To become Accessories to The (old GM Defendants) conduct (The principals) when The New Defendants (New GM) took The present action to Conceal, Destroy Exculpatory evidence of The (old GM Defendants) conduct which Plaintiffs complaint was filed see Exhibit A cause of Action (fraud)

Plaintiff Contends that if The New GM Defendants had simply complied with plaintiff request Concerning evidence of exculpatory Nature of Malfunctioning Defective parts New GMs liabilities protection would be in full force against plaintiff and there would be no cause of action but New GM Defendants did not choose That action but instead to conceal and destroy Constitutionally mandated Discovery and attempts To Manipulate this court into an accessory as well to its crimes and Those of Old GM People V Lee (1970) 3 CA3d 514 526 83 CR 715 (Counsel for The Defendant New Gm Must Disclose People v Meredith (1981) 29 C3d 682 696 175 CR 612

4 of 5

As supported by [14 USA (e)    Plaintiff was
in Jail at The time of Notice to file
a Claim with the old GM Defendant
    Plaintiff argues Defendents did not
provide Due Diligence To individules in
Jail Concerning Due process rights as
Plaintiff access to TV, Radio, print are
all restricted The Magnitude of The
Misconduct was massive enough to move
far Memorandum posting in nstitution were
such restrictions exist <u>imbler v Pachman</u>
<u>(1976) 424 US 409 125 47 L Ed 2d 128 141</u>
<u>96 s ct 984</u> / <u>US v Bagley (1985) 473 US 667</u>
<u>676 87 L Ed 2d 481 490 105 s ct 3375</u> / <u>Brady</u>
<u>v Maryland (1963) 373 US 83 87 10 L Ed</u>
<u>2d 215  83 S ct 1194</u> see <u>Penal Code</u>
<u>1054 (e)</u> (Discovery Required by united
States Constitution Must occur) <u>Izazaga</u>
<u>v Superior Court (1991) 54 C3d 356 378</u>
<u>285 CR 231</u> Plaintiff argues that Denile
of any relief would be a Manifestation
of injustice and Manifestly unconsicionable

    I Declare under Penalty of perjury The
foregoing is true

                        4/22/15    [signature]
                                5 of 5

Darryl Dunsmore
AD6237 C3A-132
PO Box 32200
Stockton Ca 95217

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT of NEW YORK

IN RE

General Motor LLC                    Case 09-50026 (REG)

16 Nition switch litigation

Darryl Dunsmore
Plaintiff

           V

General Motors et al
Defendants

           Codyenants in support of
           objection to any Motion
           to Strike, stay Dismissal
           or any intercement of
           injuction upon This plaintiff

Exhibit A
Complaint #CS045636 — — — — — — — 3 pages
                                              1 page
Exhibit B
correspondence — — — — — — —
Exhibit C                                        39 pages.
Housing jail Documents — — — — — —
   I Declare these Document to be true and accurate
                              9/22/15  D.M D—
                                              1 of 1



*Superior Court of California*
*County of Solano*

**CLERK OF THE COURT**

July 22, 2015

Ulonda Hill
Trust Account Office
1600 California Drive
Vacaville, CA 95687

**Re:  DARRYL DUNSMORE V GMC, LOBEL, VIKING, ET AL.
Solano Superior Court Case No. FCS045638**

Dear Ms Hill:

Enclosed please find the following documents in regards to the above case:

1.  Initial/Subsequent Billing Statement

If you have any questions, please don't hesitate to contact me at (707) 207-7330.

Sincerely,

Gillian Robins
Legal Process Clerk II
Civil/Small Claims Division

Cc: Darryl Dunsmore w/enclosures

---

Hall of Justice
600 Union Avenue
Fairfield, CA  94533

Old Solano Courthouse
580 Texas Street
Fairfield, CA  94533

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SOLANO

## INITIAL BILLING STATEMENT

**DATE:** _____ July 22, 2015 _____

**TO:** ☐    **Department of Corrections and Rehabilitation**

☐    _____ **County Jail**

Pursuant to Government Code §68635(d) and an *Order on Court Fee Waiver (Superior Court)* filed on July 15, 2015, please forward payment for court filing fees as follows:

**NAME OF INMATE:** ____ DARRYL DUNSMORE _____

**INMATE NO:** ____ AD6237 _____

**PRISON/JAIL FACILITY:** CALIFORNIA MEDICAL FACILITY _____

**SOLANO COUNTY CASE NUMBER:** FCS045638 _____

---

CALCULATION OF INITIAL PARTIAL FILING FEE PAYABLE BY INMATE:

(1)    **Filing fee: $ 435.00** _____

(2)    (a)    **Average monthly deposits to inmate's account:**    **$ 0** _____

(b)    **Average monthly balance in the inmate's account for the six-month period immediately preceding the application:**    **$ 0** _____

(3)    **20% of the greater of (2)(a) or (2)(b):**    **$ 0** _____

(4)    **INITIAL PAYMENT NOW DUE AND PAYABLE:**    **$ 0** _____

---

**Please pay amount listed on line (4).   Mail payment to:**

**Superior Court of California, County of Solano**
**Attention:** CIVIL/SMALL CLAIMS
**Old Solano Courthouse**
**580 Texas Street**
**Fairfield, CA 94533**

---

Superior Court of California, County of Solano
Form no. 1920   Rev. 07/09

GC § 68635
Page 1 of 1

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SOLANO**

FILED
Clerk of the Superior Court

JUL 2 2 2015

By: _____
DEPUTY CLERK

PLAINTIFF:  DARRYL DUNSMORE #AD6237

CASE NO. FCS045638

DEFENDANT: GMC, LOBEL, VIKING, ET AL.

**CLERK'S APPLICATION**
**AND ORDER**

I, the undersigned, employed as a Legal Process Clerk for the above-entitled court, apply for an order as follows:

☐ vacating default described below.
☐ vacating judgment described below.
☐ vacating answer and/or other responsive pleading described below.
☒ complex case determination pursuant to CRC 3.403
☐ other.

Document:  CIVIL CASE COVER SHEET

Date filed:  7/15/15

Reason: Item #2 of Civil Case Cover Sheet is marked "Is" complex.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on 7/15/15, at Fairfield, California.

By: _____
Deputy Clerk

**ORDER**

Upon consideration of the clerk's application and review of the court file:

**IT IS ORDERED:**

☐ The default(s) of the defendant(s) named in the clerk's application is (are) vacated.

☐ The judgment entered on _____ is vacated.

☐ The answer and/or other responsive pleading is vacated.

☐ Case is determined to be complex (CRC 3.403) ☒ Case is determined not to be complex (CRC 3.403).

☐ Complex Case fees of $1,000.00 due per defendant within 10 days of the mailing of this order.

☐ Set for complex case determination hearing on _____ at _____ in Dept _____.

☐ Other: _____

Dated:  JUL 2 0 2015 _____        _____
                                                                JUDGE

**CLERK'S APPLICATION AND ORDER**

Form #1050  5/31/13

44

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SOLANO

[X] 580 Texas Street, Fairfield, CA 94533   [ ] 600 Union Avenue, Fairfield, CA 94533

<u>CERTIFICATE AND AFFIDAVIT OF MAILING</u>          CASE NO: FCS045638

I, the undersigned, certify under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and am not a party to the within-entitled action; that I served the attached document:

CLERK'S APPLICATION AND ORDER

By causing to be placed a true copy thereof in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated. Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

DARRYL DUNSMORE #AD6237
CALIFORNIA MEDICAL FACILITY
PO BOX 2000
VACAVILLE, CA 95696-2000

Dated:  7/22/15                    By: _____
                                        Deputy Clerk

## -CERTIFICATE AND AFFIDAVIT OF MAILING

**FW-003**

## Order on Court Fee Waiver
## (Superior Court)

*Clerk stamps date here when form is filed.*

**FILED**
Clerk of the Superior Court

JUL 1 5 2015

DEPUTY CLERK

(1) **Person who asked the court to waive court fees:**
Name: DARRYL DUNSMORE #AD6237
Street or mailing address: CMF PO BOX 2000
City: VACAVILLE    State: CA    Zip: 95696-2000

(2) **Lawyer, if person in** (1) **has one** *(name, address, phone number, e-mail, and State Bar number):*

(3) A request to waive court fees was filed on *(date):* 7/15/2015
☐ The court made a previous fee waiver order in this case on *(date):*

*Read this form carefully. All checked boxes ☑ are court orders.*

*Fill in court name and street address:*

Superior Court of California, County of
SOLANO
OLD SOLANO COURTHOUSE
580 TEXAS STREET
FAIRFIELD, CA 94533

*Fill in case number and name:*

Case Number:
FCS045638

Case Name:
DUNSMORE V GMC, LOBEL, et al.

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

(4) After reviewing your:    ☒ *Request to Waive Court Fees*    ☐ *Request to Waive Additional Court Fees*
the court makes the following orders:    *"Payment of filing fees shall be made pursuant*
a. ☒ **The court grants your request, as follows:**    *to Government Code §68635."*

    (1) ☒ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in Superior Court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department
- Court-appointed interpreter in small claims court
- Reporter's fee for attendance at hearing or trial, if reporter provided by the court
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

    (2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

      ☐ Jury fees and expenses
      ☐ Fees for court-appointed experts
      ☐ Other *(specify):*
      ☐ Fees for a peace officer to testify in court
      ☐ Court-appointed interpreter fees for a witness

Judicial Council of California, *www.courts.ca.gov*
Revised July 1, 2015, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**    FW-003, Page 1 of 2

Your name: _____

| Case Number: |
| FCS045638 |

b. ☐ The court **denies** your fee waiver request, as follows:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) ☐ The court **denies** your request because it is incomplete. You have **10 days** after the clerk gives notice of this order (see date of service on next page) to:

   • Pay your fees and costs, or
   • File a new revised request that includes the items listed below *(specify incomplete items)*:

   _____

(2) ☐ The court **denies** your request because the information you provided on the request shows that you are not eligible for the fee waiver you requested *(specify reasons)*: _____

   _____
   _____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)*, form FW-006. You have **10 days** after the clerk gives notice of this order (see date of service below) to:

   • Pay your fees and costs in full or the amount listed in c. below, or
   • Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. ☐ The court needs more information to decide whether to grant your request. You must go to court on the date below. The hearing will be about *(specify questions regarding eligibility)*:

   _____
   _____

☐ Bring the following proof to support your request if reasonably available:

   _____

Name and address of court if different from above:

**Hearing Date** → Date: _____   Time: _____   _____
Dept.: _____   Room: _____   _____
_____

> **Warning!** If item c is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: 7/15/2015 _____     Signature of (check one): ☐ *Judicial Officer*   ☒ *Clerk, Deputy*

**Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation*, Form MC-410. (Civil Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one)*: ☐ A certificate of mailing is attached.

☐ I handed a copy of this order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☒ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city)*: FAIRFIELD _____, California on the date below.

Date: 7/15/2015 _____     Clerk, by _____, Deputy

**This is a Court Order.**

**Order on Court Fee Waiver (Superior Court)**

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT: *GMC, Cobalt, Nilsen, et al*
(AVISO AL DEMANDADO):

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

*Daryl Dunsmore*

ASSIGNED TO
JUDGE Harry S. Kinnicutt
FOR ALL PURPOSES

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: *Old Solano Courthouse*
(El nombre y dirección de la corte es): *580 Texas St*
*Fairfield Ca 94533*

CASE NUMBER:
(Número del Caso): **FCS045638**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *Pro Se*
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
*Daryl Dunsmore AD6237 G-2-224 PO Box 2000 Vacaville Ca 95696*

DATE: **JUL 15 2015**
(Fecha)

Clerk, by _____, Deputy
(Secretario)                           (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.

Duns Daryl
AD 6237 G-1-14
Po Box 2000
Vacaville Ca 95696
Pro Se

**FILED**
Clerk of the Superior Court

JUL 1 5 2015

By _____
DEPUTY CLERK

ASSIGNED TO
JUDGE Harry S. Kinnicutt
FOR ALL PURPOSES

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
SOLANO COUNTY

Daryl Dunsmore
Plantiff

v

GMC, Lobel, V. King Et Al
Defendants

Case# FCS045038

Declaration in support
of TRO/INJUNCTION ORDER
IN SUPPORT of Complex
unlimited civil Complaint

I Daryl Dunsmore plaintiff in the above
captioned case state Declare The parties involved have
been Notified by US Mail as pertains to Defendants
GMC, Lobel, V.King of The Complaint and TRO
injunction order to Show Cause

I Declare under penalty of perjury The foregoing
is true

5/26/15      DND
6/12/15
               1 of 1

Daryl Dunsmore
AD6277 6-1-14
PO BOX 2000
Vacaville Ca 95696
Pro Se

**FILED**
Clerk of the Superior Court

**JUL 1 5 2015**

By _____
DEPUTY CLERK

ASSIGNED TO
JUDGE Harry S. Kinnicutt
FOR ALL PURPOSES

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SOLANO

Daryl Dunsmore
Plaintiff

v.

GMC, Lobel, Viking Et Al
Defendants

Case # FCS 045638

## Motion for TRO
## INJUNCTIVE Relief

### Statement of the Case

· This is a civil tort claim unlimited complex case concerning large corporation and numerous defendants who in 2006-2007 conducted themselves in a fraudulent maner To sell a vehicel to the plaintiff known or should have been known to be stolen with Defective parts esther ntially nstalled by the Defendant GMC or later by un Authorized

1 of 3

'workers    which     direct     vehical    caused

An accident in 2007 Dec 3 of which The
Plaintiff was wrongly Convicted suffering personal
injury, loss of property Emotional Distress and
loss of future earnings and with Malice and
intent have continued to refuse plaintiff
exculpatory evidence Concerning such allegation
of which would exonerate the plaintiff and
hold defendant liable

### statement of The facts

1. The plaintiff was involved in an accident
on Dec 3 2007

2. Defendants paid a disclaimer to the witness
terry Ram who Declared it an accident

3. Appraiser Report indicates a Duplicate title
and indication that The Vehical May be Stolen
or tampered with

4. The Defendants had the ability prior to
the accident to know of the property being Stolen
or tampered With

5. The Defendants Manufactured and installed
defective parts and failed to disclose such
safty risks and Continue to do so

2 of 7

6. The Air bags Did not Deploy

7. The plaintiff has been wrongly convicted, Personally injured, Lost future earning, Property loss and Emotion Distress

8. The Defendants still own posses. have Knowledge of Material facts that are Exculpatory n nature in The form of personal knowledge written, Recorded, electonic records, Memos papers or other effects

9. Said above artifact Can Exonerate the plaintiff and hold Defendant Liable

<u>Argument</u>

Because the Defendants Can be held both Criminally and Substantially, financailly Liable Plaintiff Motions This court for a protective order Preventing The Defendants from Destoying any record that may pertain in any form to the allegations in The Civil Complaint or any other action that might Make such Records unavailable, from taking any Displinary or legal action against any employee witness with information Concerning the Civil Complaint and its allegation

I Declare under penalty of perjury The foregoing is true

5/28/15
6/12/15

D—D—

3 of 3

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): FOR COURT USE ONLY
AD6237 6-1-14 Po Box 2000 Vacaville Ca 95696

TELEPHONE NO.: Pro Se    FAX NO.:
ATTORNEY FOR (Name): Pro Se

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Solano
STREET ADDRESS: 580 Texas St
MAILING ADDRESS:
CITY AND ZIP CODE: Fairfeld Ca 94533
BRANCH NAME: Old Solano Cairt house

CASE NAME:
Dunsmore V GMC, Lobel, Viking et Al

**FILED**
Clerk of the Superior Court

JUL 1 5 2015

By _____ DEPUTY CLERK

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: FCS045138 |
|---|---|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: Harry S. Kinnicutt  DEPT: 3 |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☒ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☒ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☒ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☒ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☒ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☒ Substantial amount of documentary evidence
   d. ☒ Large number of witnesses
   e. ☒ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action (specify): Fraud, Personal injury Breach of Contract
5. This case ☒ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 5/28/15  6/12/15

Darryl Dunsmore
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* NO DemPDS4 0.89X

A06237 G-1-14 PO BOX 2000 Vacaville Ca 95696

TELEPHONE NO:                                      FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Pro Se

**FILED**
Clerk of the Superior Court

JUL 1 5 2015

By DEPUTY CLERK

$435 FWOF

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Solano
STREET ADDRESS: 580 Texas St
MAILING ADDRESS:
CITY AND ZIP CODE: Fairfield Ca 94533-
BRANCH NAME: Old Solano Courthouse

PLAINTIFF: Darryl Dunsmore

DEFENDANT: GMAC, Lobel, Viking et al

☒ DOES 1 TO 100

**ASSIGNED TO**
**JUDGE** Harry S. Kinnicutt
**FOR ALL PURPOSES**

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☐ **AMENDED** *(Number):*
Type *(check all that apply):*
☒ MOTOR VEHICLE      ☐ OTHER *(specify):*
  ☐ Property Damage     ☐ Wrongful Death
  ☒ Personal Injury     ☒ Other Damages *(specify):*

Jurisdiction *(check all that apply):*
☐ ACTION IS A LIMITED CIVIL CASE.
  Amount demanded  ☐ does not exceed $10,000
                   ☐ exceeds $10,000, but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
  ☐ from limited to unlimited
  ☐ from unlimited to limited

CASE NUMBER:

FCSO05638

1. Plaintiff *(name or names):* Darryl Dunsmore
alleges causes of action against defendant *(name or names):* GMC, Lobel, Viking et al

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
  a. ☒ except plaintiff *(name):* GMC, Lobel, Viking
    (1) ☒ a corporation qualified to do business in California
    (2) ☒ an unincorporated entity *(describe):*
    (3) ☐ a public entity *(describe):*
    (4) ☐ a minor   ☐ an adult
      (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) ☐ other *(specify):*
    (5) ☐ other *(specify):*
  b. ☐ except plaintiff *(name):*
    (1) ☐ a corporation qualified to do business in California
    (2) ☐ an unincorporated entity *(describe):*
    (3) ☐ a public entity *(describe):*
    (4) ☐ a minor   ☐ an adult
      (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) ☐ other *(specify):*
    (5) ☐ other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]
**COMPLAINT—Personal Injury, Property**
**Damage, Wrongful Death**        WEST®
Code of Civil Procedure, § 425.12

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Dunsmore V GMC ET al | |

4. ☒ Plaintiff (name): Darryl Dunsmore
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): GMC Label Vikey et al    ☐ except defendant (name):
      (1) ☒ a business organization, form unknown    (1) ☐ a business organization, form unknown
      (2) ☒ a corporation    (2) ☐ a corporation
      (3) ☒ an unincorporated entity (describe):    (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):    (4) ☐ a public entity (describe):

      (5) ☐ other (specify):    (5) ☐ other (specify):

   b. ☐ except defendant (name):    d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown    (1) ☐ a business organization, form unknown
      (2) ☐ a corporation    (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):    (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):    (4) ☐ a public entity (describe):

      (5) ☐ other (specify):    (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Complaint—Attachment 5.

6. The true names and capacities of defendants sued as Does are unknown to plaintiff.

7. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☒ other (specify): Real Property that is the subject of this action is located here

9. ☒ Plaintiff is required to comply with a claims statute, and
   a. ☒ plaintiff has complied with applicable claims statutes, or
   b. ☒ plaintiff is excused from complying because (specify): Medical incapicitation

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Dunsmore V GMC ET Al | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☒ Motor Vehicle
   b. ☒ General Negligence
   c. ☒ Intentional Tort
   d. ☒ Products Liability
   e. ☐ Premises Liability
   f. ☒ Other *(specify):* Fraud

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☒ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☒ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify):* wrongful conviction

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☒ punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☒ according to proof
      (2) ☒ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 6/12/15

Darryl Dunsmore
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

The Sheriff must have original, signed instructions and the attorney or party must sign in accordance with CCP 262 and 687.010

Darryl Dunsmore _____ vs GMC, Cobel, Viking Etal _____ _____

Plaintiff                              Defendant                          Case Number

**To the Sheriff, you are instructed to serve the following documents:**

☒ Summons and Complaint/Petition
☒ Order to Show Cause
☐ Claim of Plaintiff/Defendant (Small Claims)
☐ Order to Appear
☐ Civil Bench Warrant
☐ Other

☐ Writ of Possession for Real Property (Eviction)

Agent to Contact for Eviction: _____    Daytime Phone   (    )    Ext.

Are there any officer safety concerns that you are aware of?   ☐ Yes   ☐ No     Gate Code: _____

Explain:

**PARTY TO BE SERVED:** GMC, Cobel, Viking Et al

Agent for Service (if applicable) _____

**Address:** Viking 7878 Clairmont Blvd

**City** San Diego Ca    State CA   Zip 92111

Gate Code (if applicable) _____    Best time to attempt service at this address:

| Description (if applicable) | SEX | DOB | AGE | HT | WT | HAIR | EYES | RACE |
|---|---|---|---|---|---|---|---|---|

DISTINGUISHING MARKS, SCARS OR TATTOOS          DRIVER'S LICENSE # AND STATE

**Name of Employer** (if applicable) Western General

**Employer's Address** 5230 Las Virgenes Rd

**City** Calabasas    State CA   Zip 91302-3447

Best time to attempt service at employer

**Special Instructions**

****NOTICE TO REQUESTOR****
The Sheriff's Department DOES NOT guarantee service.
The Sheriff's Department is entitled to its fees whether the service is completed or not. (California Government Code 26738)
All communications, refunds and collections will be made to the name and address listed below.

**Name of attorney (or party without attorney) requesting service** Darryl Dunsmore AD6237 62-224

Address PO Box 2000    City Vacaville   State Ca   Zip 95696

Telephone Number (    )    Fax Number (    )

Email address

Signature D-D-e    Date 5/28/15  6/12/15

········· SHERIFF'S USE ONLY ·········

HEARING DATE _____    LAST DAY TO SERVE _____    FEE WAIVER ATTACHED?   Y    N

The Sheriff must have original, signed Certificate or Notice or party without attorney in accordance with CCP 262 and 687.010
www.sdsheriff.net/csb_courtlocations.html

Darryl Dunsmore _____ vs _G M C, Cobel, v.king et al_ _____
    Plaintiff                          Defendant                              Case Number

**To the Sheriff, you are instructed to serve the following documents:**

☑ Summons and Complaint/Petition
☒ Order to Show Cause
☐ Claim of Plaintiff/Defendant (Small Claims)
☒ Order to Appear
☐ Civil Bench Warrant
☐ Other

☐ **Writ of Possession for Real Property** (Eviction)

Agent to Contact for Eviction: _____ Daytime Phone: ( ) Ext.
Are there any officer safety concerns that you are aware of? ☐ Yes ☐ No   Gate Code: _____
Explain: _____

**PARTY TO BE SERVED:** _G M C Corp_

Agent for Service (if applicable) _____

Address: _HDFC CHUBB General Insurance Company Limited 5th Floor_

City _Express towers Nariman Point_ _____ State _Mumbai_ Zip _400-021_

Gate Code (if applicable) _____ Best time to attempt service at this address _____

| Description (if applicable) | SEX / | DOB / | AGE / | HT / | WT / | HAIR / | EYES / | RACE |
|---|---|---|---|---|---|---|---|---|

DISTINGUISHING MARKS, SCARS OR TATTOOS / DRIVER'S LICENSE # AND STATE

Name of Employer (if applicable) _G M C Corp_

Employer's Address _8585 E Frank Lloyd wright Blvd_

City _Scottsdale_ State _AZ_ Zip _85260_

Best time to attempt service at employer _____

Special Instructions _____

**····NOTICE TO REQUESTOR····**
The Sheriff's Department DOES NOT guarantee service
The Sheriff's Department is entitled to its fees whether the service is completed or not. (California Government Code 26738)
All communications, refunds and collections will be made to the name and address listed below

Name of attorney (or party without attorney) requesting service
_Darryl Dunsmore    AD6237 6-2-224_

Address _PO Box 2000_       City _Vacaville_   State _Ca_   Zip _95696_

Telephone Number ( )       Fax Number ( )

Email address _____

Signature _DvD_       Date _5/28/15  6/2/15_

················ SHERIFF'S USE ONLY ················

HEARING DATE _____   LAST DAY TO SERVE _____   FEE WAIVER ATTACHED?   Y   N

The Sheriff must have original, signed instructions by the attorney or party without attorney in accordance w/ CCP 262 and 687.010
www.sacsheriff.com/code_compliance/html

Daryl Dunsmore **Plaintiff** VS GMC, Cokel, viking Stal **Defendant** _____ **Case Number**

## To the Sheriff, you are instructed to serve the following documents:

☒ Summons and Complaint/Petition
☒ Order to Show Cause
☐ Claim of Plaintiff/Defendant (Small Claims)
☐ Order to Appear
☐ Civil Bench Warrant
☐ Other

| ☐ **Writ of Possession for Real Property** (Eviction) |
|---|
| Agent to Contact for Eviction: _____ Daytime Phone: ( ) Ext: _____ |
| Are there any officer safety concerns that you are aware of? ☐ Yes ☐ No  Gate Code: _____ |
| Explain: |

**PARTY TO BE SERVED:** Cokel

**Agent for Service** (if applicable): _____

**Address:** 1150 Magnolia Ave

**City:** Anaheim   State: CA  Zip: 92801-2605

**Gate Code** (if applicable): _____  Best time to attempt service at this address: _____

| Description (If applicable) | SEX / | DOB / | AGE / | HT / | WT / | HAIR / | EYES / | RACE |
|---|---|---|---|---|---|---|---|---|
| | | DISTINGUISHING MARKS, SCARS OR TATTOOS | | | / | | DRIVER'S LICENSE # AND STATE | |

**Name of Employer** (if applicable) _____

Employer's Address _____

City _____  State CA  Zip _____

Best time to attempt service at employer _____

Special Instructions: _____
_____

*****NOTICE TO REQUESTOR****
The Sheriff's Department DOES NOT guarantee service.
The Sheriff's Department is entitled to its fees whether the service is completed or not. (California Government Code 26738)
*All communications, refunds and collections will be made to the name and address listed below:*

Name of attorney (or party without attorney) requesting service: Daryl Dunsmore AD6237 B2-224

| Address PO Box 2000 | City Vacaville | State CA | Zip 95696 |
|---|---|---|---|

Telephone Number: ( )    Fax Number: ( )

Email address _____

Signature _D AD e_____  Date 5/28/15 6/12/15

·········**SHERIFF'S USE ONLY**·········

HEARING DATE _____  LAST DAY TO SERVE _____  FEE WAIVER ATTACHED?  Y   N

C 1 (Rev 8/11/2009)

The Sheriff must have original signed instructions filed at the attorney's office in accordance with CCP 262 and 687.010
(For levy under Writ of Attachment contact the Sheriff's Civil Division for additional requirements)
Certificate can be ordered at
www.sdsheriff.net/csb_courtlocations.html

_____    VS    _____
              Plaintiff                                              Defendant

_____          _____
         Court Case Number                              Levying Officer File Number

**To the Sheriff, you are instructed to execute a: (One levy per instruction ONLY):**

☐ **BANK LEVY**
    ☐ Levy is for any and all accounts of the Judgment Debtor(s).
    ☐ Including but not limited to account(s):

    ☐ Levy is to be limited to account(s):

☐ **THIRD PARTY LEVY**
    ☐ Levy is for all funds owed to the Judgment Debtor(s) by the Third Party.
    ☐ Levy is to be limited to:

☐ **RENT LEVY** (Levy is for all rents due during the 2 year lien period) Service will be made on any **Tenant in Possession**

☐ **PERSONAL PROPERTY LEVY** (The Sheriff is directed to **Levy and sell** the debtor's personal property listed below)

    Address where personal property is located  (Property must be in a public place or a separate "Break-in" order issued by the court is required)

☐ **TILL TAP** (Levy on contents of all cash receptacles in a going business)

☐ **KEEPER-CASH ONLY** (Levy on all cash and cash equivalent of a going business by placing a keeper in the business for the specified time period)
☐ **KEEPER-CASH AND TANGIBLE PERSONAL PROPERTY** (Levy on all cash and cash equivalent of a going business AND seize and sell all tangible personal property of the going business  (Requires a minimum fee deposit of $1,500 pending further quotation)
    Keeper is to be installed for ☐ 8, ☐ 12, ☐ 24 hours each day (excluding weekends) for _____ day(s)

Note: Fee waiver does not apply to the fee for the keeper(s)   Keeper fees MUST be paid in advance.
Name(s) of Judgment Debtor(s) whose property is subject to this levy (Include the debtor's social security number if known/applicable)

_____

_____

**SERVE LEVY UPON:**

    Address: _____

    City: _____    State: **CA**  Zip: _____

Special Instructions: _____

_____

**The Sheriff's Department DOES NOT guarantee service.**
**The Sheriff's Department is entitled to its fees whether the service is completed or not. (California Government Code 26738)**
*All communications, refunds and collections will be made to the name and address listed below:*

| Name of attorney (or party without attorney) requesting service | | | |
|---|---|---|---|
| Address | City: | State: | Zip: |
| Telephone Number: (      ) | | Fax Number: (      ) | |
| Email Address: | | | |

Signature _____    Date _____

G 1 (Rev 9/11/2009)

**FW-002** Request to Waive Additional
Court Fees (Superior Court)

**CONFIDENTIAL**

Clerk stamps date here when form is filed.

This form asks the court to waive *additional* court fees that are not covered in a current order. If you have not already received an order that waived or reduced your court fees, you must complete and file a *Request to Waive Court Fees (Superior Court)*, form FW-001, along with this form.

**①** Your Information *(person asking the court to waive the fees):*
Name: Daryl Dunsmore AD6237
Street or mailing address: PO Box 2000
City: Vacaville    State: Ca    Zip: 95696
Phone number: _____

*Fill in court name and street address:*
Superior Court of California, County of
Solano
Old Solano Courthouse
580 Texas St
Fairfield Ca 94533

**②** Your lawyer, if you have one *(name, firm or affiliation, address, phone number, and State Bar number):*
_____
_____
_____

*Fill in case number and case name:*
Case Number:
_____
Case Name:
Dunsmore V GMC, Lobel, Viking etal

a. The lawyer has agreed to advance all or a portion of your fees or costs
*(check one):* ☐ Yes  ☐ No
b. *(If yes, your lawyer must sign here):*
Lawyer's signature: _____
*If your lawyer is not providing legal-aid type services based on your low income, you may have to go to a hearing to explain why you are asking the court to waive the fees.*

**③** Date your *last* court fee waiver order, if any, was granted: _____

**④** Has your financial situation improved since your last *Request to Waive Court Fees?* ☐ No  ☐ Yes *(If yes, you must fill out a new* Request to Waive Court Fees, *form FW-001, and attach it to this form.)*

**⑤** What other fees do you want your court fee waiver order to cover? *(Check all that apply):*
a. ☐ Jury fees and expenses
b. ☐ Court-appointed interpreter fees for a witness
c. ☐ Fees for a peace officer to testify in court
d. ☒ Reporter's daily fees *(beyond 60-days after grant of a fee waiver, at court-approved daily rate)*
e. ☒ Fees for court-appointed experts
f. ☒ Other *(specify):* Complex Case

**⑥** Why do you need these other services? *(Explain):* Complex Litigation Concerning
Defective Manufacturing

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for $10,000 or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.
Date: 6/12/15

Daryl Dunsmore
*Print your name here*

D.D
*Sign here*

Judicial Council of California, www.courtinfo.ca.gov
Revised July 1, 2009, Mandatory Form
Government Code, § 68511.3
California Rules of Court, Rule 3.51

Request to Waive Additional Court Fees
(Superior Court)

FW-002, Page 1 of 1

American LegalNet, Inc.
www.FormsWorkflow.com

**PLD-C-001(1)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Winsure  v  GMC  ETAL | |

_____ **CAUSE OF ACTION—Breach of Contract**
(number)

ATTACHMENT TO    ☒ Complaint    ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.    Plaintiff (name): Daryl Winsure

alleges that on or about (date): 2006-2007

a ☒ written ☒ oral ☐ other (specify):

agreement was made between (name parties to agreement): Lobel, Viking

☐ A copy of the agreement is attached as Exhibit A, or

☒ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☒ are as follows (specify):

That The Vehical was void of poor workmanship
or part and was safe and legal

BC-2.    On or about (dates): 2006-2007

defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts
(specify): by knowingly allowing plaintiff to purchase and
insure The product known To have unauthorized work
performed defective parts and stolen

BC-3.    Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4.    Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4 ☒ as follows (specify): Severe personal injury emotional
Distress, loss of property, future earning, wrongful Conviction

BC-5.    ☒ Plaintiff is entitled to attorney fees by an agreement or a statute

☐ of $
☒ according to proof.

BC-6.    ☒ Other: TREBLE Damages

Page _____

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

**PLD-PI-001(5)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Dunsmore V GMC ET Al | |

_____ **CAUSE OF ACTION—Products Liability**   Page _____
(number)

**ATTACHMENT TO** ☒ Complaint ☐ Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Darryl Dunsmore

**Prod. L-1.** On or about *(date):* Dec 3 2007   plaintiff was injured by the following product: GMC

2001 SAVANA VAN SLE

**Prod. L-2.** Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
   ☒ used in the manner intended by the defendants.
   ☒ used in the manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

**Prod. L-3.** Plaintiff was a
   ☒ purchaser of the product.   ☒ user of the product.
   ☐ bystander to the use of the product.   ☐ other *(specify):*

**PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:**

**Prod. L- 4.** ☒ **Count One—Strict liability** of the following defendants who
   a. ☒ manufactured or assembled the product *(names):* GMC ET Al

      ☒ Does 1 to 100
   b. ☒ designed and manufactured component parts supplied to the manufacturer *(names):* GMC ET Al

      ☒ Does 1 to 100
   c. ☒ sold the product to the public *(names):* Lobel ET Al

      ☒ Does 1 to 100

**Prod. L-5.** ☒ **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names):* Viking ET Al

      ☒ Does 1 to 100
**Prod. L-6.** ☒ **Count Three—Breach of warranty** by the following defendants *(names):* Lobel, Viking, GMC

      ☒ Does 1 to 100
   a. ☒ who breached an implied warranty
   b. ☒ who breached an express warranty which was
      ☒ written ☒ oral
**Prod. L-7.** ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
      ☐ listed in Attachment-Prod. L-7 ☒ as follows: TReble Damage as Dependant Adult

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]

**CAUSE OF ACTION—Products Liability**

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001(1)

| SHORT TITLE: Dunsmore v GMC, Lobel, Viking | CASE NUMBER: |
|---|---|

_____     **CAUSE OF ACTION—Motor Vehicle**
(number)

ATTACHMENT TO  ☒ Complaint    ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*: Darryl Dunsmore

MV- 1. Plaintiff alleges the acts of defendants were negligent; the acts were the legal (proximate) cause of injuries
and damages to plaintiff; the acts occurred

on *(date)*: 2007 Dec 3
at *(place)*: East 5Th St National City Ca 91950

**MV- 2. DEFENDANTS**

a.  ☐   The defendants who operated a motor vehicle are *(names)*:

☐ Does _____ to _____

b.  ☐   The defendants who employed the persons who operated a motor vehicle in the course of their employment
are *(names)*:

☐ Does ___1___ to _____

c.  ☒   The defendants who owned the motor vehicle which was operated with their permission are *(names)*: Lobel et al

☐ Does _____ to _____

d.  ☒   The defendants who entrusted the motor vehicle are *(names)*:    Viking et al

☒ Does ___1___ to ___100___

e.  ☒   The defendants who were the agents and employees of the other defendants and acted within the scope
of the agency were *(names)*:  John June Does

☐ Does ___1___ to ___100___

f.  ☒   The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
☐ listed in Attachment MV-2f ☒ as follows:  The Defendants Knowingly allowed
A Dependant adult Per Penal Code 368 to operate an
Stolen Defective product Resulting in a wrongful conviction

☐ Does _____ to _____    **Page** _____

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Motor Vehicle**

Page 1 of 1
Code of Civil Procedure 425.12
www.courtinfo.ca.gov

SHORT TITLE

Dunsmore v GMC ET AL

_____ _____ Cause of Action - Fraud

Number

Attachment to Complaint

FR-1 Plaintiff Darryl Dunsmore

Alleges That Defendant GMC, Label, Viking, ET AL

On or about 2006-2007 Defrauded plaintiff as follows

FR-2 ☒ Intentional or Negligent Misrepresentation

a. Defendant Made Representation of Material fact as follows
That The Vehical being Sold was Legal, Safe Free From
Defect or un Authorize workmanship

b. These representations were in fact false The Truth
was as follows

The Vehical was manufactured with Defective parts
Stolen, and illegal with UN Authorized parts or workman
ship performed on The product

c. When Defendant Made These representation
☒ Defendant knew They were false or
☒ Defendant had No reasonable ground for believing The
Representations were True

d. Defendant Made The representations with The intent to
defraud and induce plaintiff to act as Described in Item
FR-5 At The time plaintiff acted plaintiff did not know
The Representations were false and believed They were true
Plaintiff acted in justifiable reliance upon The Truth of
The Representations

2 of 3

Short title                                             Case

Dunsmore v GMC, Cobalt, Viking et Al

Cause of Action - Fraud

FR 3 ☒ Concealment

a. Defendant Concealed or Surpress Material facts as
fallows

That The Vehical was stolen, illegal with Defective
Parts or UN Authorized workmanship

b. Defendant Concealed or Surpressed Material facts
☒ Defendant was bound To Disclose
☒ by telling plaintiff other facts to Mislead
Plaintiff and prevent plaintiff from Discovering
The Concealed or Surpressed facts

c. Defendant Concealed or Surpressed These facts
with The intat to Defraud and induce plaintiff
to act as Described in ITEM FR-5 At The time
Plaintiff acted plaintiff was unaware of The
Concealed or Surpressed facts and would not have
taken the action if plaintiff had known The
facts

3 of 3

_____    Cause of Action - Fraud
          Number

FR-4 ☒ Promise without intent to Perform

A. Defendant Made a promise about a Material Matter with out any intention of Performing it FR 4(a) as follows That The Vehical was safe from Defect, Part or Poor workmanship and legal

b. Defendants promise without any intention of Performing it was made with The intent To defraud and induce plaintiff to rely upon it and To act upon it as Described in Item FR-5 At The time plaintiff acted plaintiff was unaware of Defendants intention not to Perform the promise Plaintiff acted n Justifiable reliance upon The Promise

FR-5 ☒ The Justifiable reliance upon Defendents Conduct Plaintiff was induced to act as follows

To operate an unsafe Vehical That was Stolen with Defective parts and un Authorized workmanship

FR-6 ☒ Because The plaintiff reliance upon Defendant Conduct Plaintiff has been Damaged as follows wrongful Conviction, Lost Property, Emotional Distress Personal injury, Lost future Earnings

1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Dunsmore v GMC ET Al | |

## CAUSE OF ACTION—General Negligence

_____ (number)                                                    Page _____

ATTACHMENT TO ☒ Complaint    ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Darryl Dunsmore

alleges that defendant *(name):* GMC, Lobel, Viking

☐ Does ____1____ to ____100____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* 2007

at *(place):* Viking Insurance Lobel Financial

*(description of reasons for liability):*

The Defendants willfully or negligently Sold and insured a Motor Vehical To the plaintiff that They should have known was Manufactured with Defective Parts by Defendant GMC or That a Dupicate Title existed and That The Vehical was possibly Stolen and un-Authorized workmanship or Parts were nvolved and failed Report such issues to Authorities placing Plaintiff at Risk of injury and Death or other Liabilities That resulted on Dec 3 2007 in The form of an accident and wrongful Conviction and That The Defendant Caused prsonl injury To a Depndant adult with in the Meaning of Penal Code 368 and Continue To Cover These facts and Cause Plaintiff To be held incarcerated and wrongfully Convicted

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1. 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12

**WEST®**

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Dunsmore V GMC ET Al | |

_____    CAUSE OF ACTION—Intentional Tort    Page _____
(number)

ATTACHMENT TO    ☒ Complaint    ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Darryl Dunsmore

alleges that defendant *(name):* GMC, Lobel, Viking ET Al

☐ Does ____1____ to ___100___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
caused the damage to plaintiff
on *(date):* Dec 3 2007
at *(place):* East 5Th St

*(description of reasons for liability):*

The Defendants willfully Manufactured or Sold knowingly
Defective Vehicals Manufactured with Defective Parts The
Defendants knew of should have known The Vehical had
Defective Parts when Sold To plaintiff because a Duplicate
title existed the Defendants further Sold and INSURED
The Vehical knowing it was STolen and possibly
Defective workmanship or Parts were involved upon
such knowledg willfully Sought to Cover up such
information and failed to Contact authorities Resulting
in Plaintiffs injuries and wrongful Conviction

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

CAUSE OF ACTION—Intentional Tort

Code of Civil Procedure § 425.12
www.courtinfo.ca.gov

PLD-PI-001(6)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Dunsmor V GMC Ct Al | |

## Exemplary Damages Attachment

Page _____

ATTACHMENT TO ☒ Complaint ☐ Cross - Complaint

EX-1. As additional damages against defendant *(name):* Lobel, viking Ct al

Plaintiff alleges defendant was guilty of

☒ malice

☒ fraud

☒ oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows: The Defendants Knew or Should have Known That The Vehical was Defective and Manufactured with Defective parts and That a Duplicate Title existed and or That The Vehical May have Stolen Defective parts, Mechanical Problems or other Defects and That Defendants willfully and fraudulently Covered up These facts or failed to Disclose Resulting in personal injury, loss of property, incapacitation, wrongful conviction and That The Defendant Knew The plaintiff was a Dependant adult That They have oppressed The plaintiff by with holding exculpatory evidence to oppress The plaintiff and keep him incarcerated and wrongly Convicted

EX-3. The amount of exemplary damages sought is

a. ☐ not shown, pursuant to Code of Civil Procedure section 425.10.

b. ☒ $ TReble Damage

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

Exemplary Damages Attachment

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Darryl Dunsmore
AD6237 G-1-14
PO Box 2000
Vacaville Ca 95696
Pro Se

Received    JUL 15 2015
Clerk of the Superior Court

IN THE SUPERIOR COURT STATE OF CALIFORNIA
COUNTY OF SOLANO

Darryl Dunsmore
Plaintiff
v

Case FCS045638

GMC, Lobel Viking ETAL
Defendants

Attachments in support
of UNLIMITED Civil
Action

Attachment (A)
Viking insurance policy - - - - - - - . 1 page
Attachment (b)
Western General insurance Policy - - - - - - - - 1 Page
Attachment (C)
Correspondance with insurance - - - - - 16 Pages

1 of 2

Attachment (d)

correspondance    Cobel financial — — — 1 Page

Attachment (e)

Correspondence    General Motors Corp — — — 1 Page

Attachment (f)

Claim estimate — — — — — — — — — — 35 Pages

Attachment (g)

Value slope Market report — — — — 16 pages

## Table of Contents

civil Complaint — — — — — — . 14 Pages
TRO Motion — — — — — — — — — 3 Pages
order to show cause — — — — — — 2 Page
letter to Clerk .
for Motion hearing Date — — — — — 1 Page
Declaration in support of TRO — — — — 1 Page

6/12/15
5/28/15    DJD

2 of 2

GMC

Service Request #7F-1475390686

RE! Correspondance May 14 2015
Darryl Dunsmore AD6237
G-2-224 PO Box 2000
Vacaville Ca 95696


Because of The failure of My GMC Velical
I am unable to Correspond by telephone as I
have been wrongly Convicted behind The Mechanical
failure of My Velical and am in prison Seeking
Exculpatory evidence supporting The Defective
Parts that My Velical was Manufactured with
   I have been forced to file Civil litigation
and request That This correspondance be forwarded
to your Legal Dept for processing of Discovery
and interogotories



5/24/15

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

DATE  5-9-08          AT  9:00 A M.    HON.  THEODORE M. WEATHERS          JUDGE DEPT.  41

MH #  102411          CASE #  CS218128 CS215653 M042269

PROS. #  BBA96501 BBA01401 MISD

CLERK  GLORIA CARRILLO          REPORTER  RITA OTERO          CSR#  3313
                    REPORTER'S ADDRESS: PO BOX 120128, SAN DIEGO, CA 92112-0128

IN THE MATTER OF                    DAVID WILLIAMS, DDA & K. WESTFALL, DCA

DARRYL DUNSMORE                    DEPUTY COUNTY COUNSEL/DEPUTY DISTRICT ATTORNEY

AKA: DARRYL LEE DUNSMORE                    SELENA EPLEY - PUB DEF
                    ATTORNEY (APPOINTED/RETAINED)

INTERPRETER          SWORN/CERT          LANGUAGE

TYPE OF PROCEEDING

☒ DETERMINATION OF MENTAL COMPETENCY (PC1368/1372)    ☐ DEVELOPMENTALLY DISABLED PETITION (WI 6500)
☐ OTHER          ☐ MOTION TO REMOVE FIREARM PROHIBITION (WI 8103)

☐ OFF CALENDAR      ☐ CONTINUED for ☐ further investigation ☐ forensic exam ☐ Dr.'s testimony ☐ _____
☐ Defendant's presence waived based on Counsel/Medical representations.
☐ Jury trial requested for PC 1368 proceeding.
☒ Counsel stipulate: report received into evidence; Dr.  DAVID NAIMARK          is qualified; and doctor's presence waived.
☐ Dr(s). _____    sworn and examined.

AFTER HEARING PURSUANT TO PC 1368/1372/1385:
☐ Court finds defendant IS mentally competent to stand trial; orders that criminal proceedings are reinstated; remands Defendant to
  Superior Court, see Future Dates below.
CUSTODY STATUS: Defendant REMANDED to custody of Sheriff. Court reinstates bail in amount of ☐ $_____  ☐ NO BAIL.
  ☐ Trailing Cases: Case# _____ Ball $ _____  Case# _____ Ball $ _____
☒ Court finds defendant IS NOT mentally competent to stand trial; orders defendant committed/returned to:
  ☒ Patton State Hospital  ☐ County Jail, PSU  ☐ Las Colinas, PSU  ☐Other _____
  For:  ☒ Maximum term of 3 ☐Mos ☒Yrs. Credit Time Served 56 days.  ☐ Remainder of previously imposed term.
    Maximum sentence for most serious charge is 4 ☐ months ☒ years.  ☒ Clerk to notify Registrar of Voters.
  ☐ Defendant consents to the administration of antipsychotic medication.
  ☒ Court authorizes the treatment facility (to include San Diego County Jail's Psychiatric Security Units and Patton State
    Hospital) to involuntarily administer antipsychotic medication to the defendant when and as prescribed by the defendant's
    treating psychiatrist. (See Commitment Order)
    ☐ Court does not authorize the treatment facility to administer antipsychotic medication to the defendant involuntarily.
☐ Court orders criminal charges dismissed pursuant to PC 1370.2. Defendant RELEASED on Case(s) _____ .

AFTER HEARING PURSUANT TO WI 6500:
☐ Court finds RESPONDENT has been a resident of the State of California for more than one year; is mentally retarded; and is a
  danger to self or others. Petition GRANTED.  Court orders RESPONDENT placed, for a period of no longer than one year:
    ☐ with the STATE DEPARTMENT OF DEVELOPMENTAL SERVICES  ☐ in a BOARD AND CARE FACILITY
    ☐ in an OPEN TREATMENT FACILITY          ☐ in INDEPENDENT LIVING
    which the court finds to be the least restrictive type of residential placement necessary to achieve the purposes of treatment; and
    which is proper and adequate for the protection and safety of others and the welfare of the respondent.
☐ Court finds RESPONDENT IS NOT within the scope of WI 6500, et seq. Petition DENIED.

AFTER HEARING PURSUANT TO WI 8103: ☐ Motion DENIED.☐ Motion GRANTED, firearm prohibition is removed. ☐DOJ notified.

☒OTHER: Court orders deft. to be seen by appropriate dr's. in jail fo rhis medical cond as stated by Dr. S. Hennigan dated
05-01-08. SDSO specifically ordered to address any and all orthotic needs. The Court suspends crim. procdngs on M042269.

FUTURE DATES:
☐ Continued for reasons noted above to _____ at _____ in Dept. _____.
☐ Forensic examination in Room 1003 on _____ at _____.
            SHERIFF ORDERED TO PRODUCE DEFENDANT
Case(s) set in ☐ Central  ☐ North County  ☐ East County  ☐ South County  Division for:
☐ Readiness on _____ at _____ in Dept. _____      ☐ Preliminary Exam on _____ at _____ in Dept. _____
☐ Further Proceedings on _____ at _____ in Dept. _____    ☐ _____ on _____ at _____ in Dept. _____
☐ OTHER: _____

Attest a true copy.    Dated:  05-09-08 _____    CLERK, by  g. carrillo _____ , Deputy Clerk
Distribution by:  5  gac _____ ☐ Jail ☐ Deft. ☐ Atty ☐ Pros. ☐ Prob. ☐ Other: _____

SDSC MH-50  Rev.081805          MENTAL HEALTH MINUTES – CRIMINAL          Page 51 of 146

---

*SECTION 1*    *Complete this information to request medical attention.*

Print Name: Darryl Dunsmore    Bkg #: 9701989    Housing Unit: 1C    DOB: 9/12/67

I am requesting
- [ ] Medical Services
- [ ] Mental Health Services
- [x] Dental Services
- [ ] GBDF
- [x] SDCJ
- [ ] DDF
- [ ] EMDF
- [ ] LCDF
- [ ] SBDF
- [ ] VDF
- [ ] Other

Reason for request for health services: Another Bridge Broke on other side making it difficult to eat

I authorize and request the San Diego County Sheriff's Medical and Mental Health Services, its physicians, psychiatrists, dentists contracted agents, and medical personnel to administer and perform any and all medical and dental examinations, treatments, and diagnostic procedures deemed advisable or necessary.

I understand that the Sheriff's Department shall charge me $3.00 for any routine sick call visit that I initiate and that this charge will be deducted from my account during the current or future stays in jail. I also understand that I shall not be denied medical care if I am unable to pay the $3.00 fee.

Signed: D-D-e    Date: 9/1/9

---

*SECTION 2*    *FOLLOW-UP INFORMATION*
**(This section is to be completed by Medical Staff Only)**

Charge: [ ] Yes  [ ] No

Authorized signature_____ ID#_____ Date:_____ Charge posted by_____ Date_____

If no charge, explain: _____    Amount collected: [ ] $3.00 [ ]$_____

---

**SECTION 3**    Date Request Received: _____    Date Seen ~~AUG 3 1 2009~~

1. [ ] SEEN IN HUR    [ ] Chart reviewed
2. [ ] NOT SEEN DUE TO: [ ] Court [ ] Visit [ ] Released [ ] No Show/Refused [ ] Other_____ [ ] Rescheduled_____
3. [ ] Non-medical problem referred to: _____
4. [ ] Seen previously for same non-medical request, (tennis shoes, blankets, etc.). No further evaluation.
5. [ ] NO FURTHER COMPLAINTS. Patient advised to submit another Sick Call Request Slip if problem recurs.

"S"ubjective
Chief Complaint: _____

"O"bjective: You are Scheduled to See

"A"ssessment Nursing Diagnosis: the dentist.

"P"lan:
- [ ] Rx GIVEN as per SNP
- [ ] SCHEDULED FOR SICK CALL WITH: [ ]MD [ ]RN [ ]NP [ ] DDS
  - [ ]Psych/Mental Health Specialist
  - [ ]Other_____
- [ ] PATIENT EDUCATION AND ADDITIONAL INFO: _____

SIGNATURE: _____    ID# 7875

---

SAN DIEGO COUNTY SHERIFF'S DEPARTMENT
MEDICAL SERVICES DIVISION
SICK CALL REQUEST

[ ]DDF  [ ]GBDF/EMDF  [ ]LCDF  [ ]SBDF  [ ]SDCJ  [ ]VDF

Patient's Name: _____

D.O.B.: _____

Form J212 Rev 11/01    Booking Number    Date (MM-DD-YY)

**SECTION 1  Complete this information to request medical attention.**

Print Name: Darryl Dunsmore    B# 9701989    Housing Unit: 6 C  DOB: 9/12/67

I am requesting
- ☐ Medical Services
- ☐ Mental Health Services
- ☒ Dental Services
- ☐ GBDF
- ☒ SDCJ
- ☐ DDF
- ☒ EMDF
- ☐ LCDF
- ☐ SBDF
- ☐ VDF
- ☐ Other

Reason for request for health services: IN Pain Need Tooth Removed

I authorize and request the San Diego County Sheriff's Medical and Mental Health Services, its physicians, psychiatrists, dentists contracted agents, and medical personnel to administer and perform any and all medical and dental examinations, treatments, and diagnostic procedures deemed advisable or necessary.

I understand that the Sheriff's Department shall charge me $3.00 for any routine sick call visit that I initiate and that this charge will be deducted from my account during the current or future stays in jail.  I also understand that I shall not be denied medical care if I am unable to pay the $3.00 fee.

Signed: _____    Date: 7/14/09

**SECTION 2**                    **FOLLOW-UP INFORMATION**
                    **(This section is to be completed by Medical Staff Only)**

Charge: ☐ Yes  ☐ No

Authorized signature_____    ID#_____  Date:_____  Charge posted by_____  Date_____
If no charge, explain: _____    Amount collected: ☐ $3.00  ☐ $_____

                    JUL 16 2009

**SECTION 3**            Date Request Received: _____    Date Seen: _____

1. ☐ SEEN IN HUR    ☐ Chart reviewed
2. ☐ NOT SEEN DUE TO: ☐ Court ☐ Visit ☐ Released ☐ No Show/Refused ☐ Other_____ ☐ Rescheduled_____
3. ☐ Non-medical problem referred to: _____
4. ☐ Seen previously for same non-medical request, (tennis shoes, blankets, etc.).  No further evaluation.
5. ☐ NO FURTHER COMPLAINTS.  Patient advised to submit another Sick Call Request Slip if problem recurs.

"S"ubjective
Chief Complaint: The pain meds you are on should cover your dental pain

"O"bjective: until seen by medical/dental.

"A"ssessment Nursing Diagnosis: _____ RN6895
                    7/16/09
                    p/08
"P"lan: ☐ Rx GIVEN as per SNP
☐ SCHEDULED FOR SICK CALL WITH:  ☐ MD ☐ RN ☐ NP ☐ DDS
                    ☐ Psych/Mental Health Specialist
                    ☐ Other_____
☐ PATIENT EDUCATION AND ADDITIONAL INFO: _____

SIGNATURE: _____    ID#_____

SAN DIEGO COUNTY SHERIFF'S DEPARTMENT    ☐ DDF ☐ GBDF/EMDF ☐ LCDF ☐ SBDF ☐ SDCJ ☐ VDF
MEDICAL SERVICES DIVISION
SICK CALL REQUEST    Patient's Name: _____

                    D.O.B: _____

Form J212  Rev 11/01    Booking Number    Date (MM-DD-YY)

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
COUNTY DIVISION, 325 S. MELROSE DR., VISTA. CA 92081-6695
COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

**F I L E D**
MICHAEL M. RODDY
Clerk of the Superior Court

January 26, 2009

By _____, Deputy

PEOPLE OF THE STATE OF CALIFORNIA                    PLAINTIFF.
VS.

DARRYL DUNSMORE
A: DARRYL LEE DUNSMORE                              DEFENDANT

MH  MH 102411

CRIMINAL CASE NUMBER M042269
CS 218128 01; CS 215653 01

BBA96501; BBA01401

## ORDER FINDING DEFENDANT MENTALLY COMPETENT
### (PC 1370)

The defendant having been charged with the crime(s) of Charge [Allegation] {Priors};
[PC12022.1(b)]; PC273.6(a) (PC667(a)(1)) ; PC245(a)(1) [PC1192.7(c)(23);PC12022.7(a)] {PC1203(e)(4); PC667.5(b);
(a)(1),668; PC667(b)-(i)/1170.12} ; PC273.6(a); PC422; PC653m(a)
doubt having arisen as to the defendant's mental competency during the pendency of the proceedings, and the
ndant having been certified to the Superior Court for a determination of the question; the matter having come before the
at this date, therefore,

After examination and hearing, consideration of testimony and written reports of the examiners, the Court finds the
ndant mentally competent.

ORDERED  that the defendant be remanded to the San Diego Superior Court, South County Division, the court in which
inal charges are pending.

ring type READINESS CONFERENCE on 1-29-09 at 8:30AM. in Department 16.

itional Hearing:  Hearing type PRELIMINARY HEARING on 2-4-09 at 8:30AM. in Department 16.

S FURTHER ORDERED that the Sheriff of San Diego County deliver the defendant to said hearings.

te: January 26, 2009

HONORABLE FREDERICK MAGUIRE    Judge of the Superior Court

**CLERK'S CERTIFICATE**

The foregoing is a full, true and correct copy of the original on
file in this office.

MICHAEL M. RODDY
CLERK OF THE SUPERIOR COURT

EPLEY, SELENA

rill (2)

(2)

Date: 1-26-09                    by _____, Deputy

Page 78 of 148

ORDER FINDING DEFENDANT MENTALLY COMPETENT

CT MH-22(Rev. 3-04)

00007

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | **F I L E D** |
| [X] COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814 | **MICHAEL M. RODDY** |
| [ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6695 | **Clerk of the Superior Court** |
| [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941 | |
| [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649 | May 09, 2008 |

PEOPLE OF THE STATE OF CALIFORNIA

VS.                                                        PLAINTIFF,

DARRYL DUNSMORE
AKA: DARRYL LEE DUNSMORE

DEFENDANT

By _____, Deputy

MH  MH 102411

CRIMINAL CASE NUMBER  M 042269
CS 218128 01; CS 215653 01

BBA96501; BBA01401; *mtsd*

## JUDGMENT OF MENTAL INCOMPETENCY
## AND ORDER FOR COMMITMENT
### (Penal Code 1370 & 1372(a)(2))

The above case came on regularly for hearing this date.  Based upon the evidence presented the Court finds that the defendant is mentally incompetent.

The Court further finds:

[ ] Antipsychotic medication may be given to the defendant as prescribed by a treating psychiatrist pursuant to the defendant's consent.  If the defendant refuses to or withdraws consent for antipsychotic medication, after the treating psychiatrist complies with the provisions of this code, the defendant shall be returned to court for a hearing regarding whether antipsychotic medication shall be administered involuntarily.

[X] The defendant lacks capacity to make a decision regarding antipsychotic medication.  The defendant's mental disorder requires medical treatment with antipsychotic medication, and if the defendant's mental disorder is not treated with antipsychotic medication, it is possible that serious harm to the physical or mental health of the patient will result.

[ ] The defendant is a danger to others in that the defendant has inflicted, attempted to inflict, or made a serious threat of inflicting substantial physical harm on another while in custody; or the defendant had inflicted, attempted to inflict, or made a serious threat of inflicting substantial physical harm on another that resulted in his or her being taken into custody; and the defendant presents, as a result of mental disorder or mental defect, a demonstrated danger of inflicting substantial physical harm on others.

[ ] The people have charged the defendant with a serious crime against the person or property of another; involuntary administration of antipsychotic medication is substantially likely to render the defendant competent to stand trial; the medication is unlikely to have side effects that will interfere with the defendant's ability to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a reasonable manner; less intrusive treatments are unlikely to have substantially the same results; and antiphychotic medication is in the patient's best medical interest in light of his or her medical condition.

WHEREFORE, **IT IS ORDERED** that said defendant is committed to Patton State Hospital, or such other institution as may be directed by the Director, State Department of Health, for care and treatment until such time as provided by law or until further order of the Court.

The Sheriff shall redeliver the defendant to the court without any further order from the court upon receiving from the state hospital or treatment facility a copy of a certificate of restoration.

The maximum sentence on the most serious offense is 4 YEARS.  Commit to Patton State Hospital for 3 YEARS.  Defendant is to be given credit for time served of 56 days.

*Theodore M. Weathers*

Date: May 09, 2008                         HONORABLE THEODORE M. WEATHERS    Judge of the Superior Court

Atty: EPLEY, SELENA
Sheriff (2)
PO
DA
Deft
Dup(2)
Patton

**CLERK'S CERTIFICATE**

The foregoing is a full, true and correct copy of the original on file in this office.

**MICHAEL M. RODDY**
**CLERK OF THE SUPERIOR COURT**

Date: _____    by _____, Deputy

UPCT MH-23(Rev. 3-06)        **JUDGMENT OF MENTAL INCOMPETENCY AND ORDER FOR COMMITMENT**    *Page 50 = A 26*

**SECTION 1**    *Complete this information to request medical attention.*

Print Name: Darryl Dunsmore    Bkg #: 9701989    Housing Unit: 6C    DOB: 9/12/67

I am requesting
- [ ] Medical Services
- [x] Mental Health Services
- [x] Dental Services

- [ ] GBDF
- [x] SDCJ
- [ ] DDF

- [ ] EMDF
- [ ] LCDF
- [ ] SBDF

- [ ] VDF
- [ ] Other

Reason for request for health services: for Orajel until Tooth can be Pulled

I authorize and request the San Diego County Sheriff's Medical and Mental Health Services, its physicians, psychiatrists, dentists contracted agents, and medical personnel to administer and perform any and all medical and dental examinations, treatments, and diagnostic procedures deemed advisable or necessary.

I understand that the Sheriff's Department shall charge me $3.00 for any routine sick call visit that I initiate and that this charge will be deducted from my account during the current or future stays in jail. I also understand that I shall not be denied medical care if I am unable to pay the $3.00 fee.

Signed: _____    Date: 7/22/09

**SECTION 2**    **FOLLOW-UP INFORMATION**
**(This section is to be completed by Medical Staff Only)**

Charge: [ ] Yes [ ] No

Authorized signature_____ ID#_____ Date:_____ Charge posted by_____ Date_____
If no charge, explain:_____    Amount collected: [ ] $3.00 [ ] $_____

**SECTION 3**    Date Request Received: _____    Date Seen: _____

1. [ ] SEEN IN HUR    [ ] Chart reviewed
2. [ ] NOT SEEN DUE TO: [ ] Court [ ] Visit [ ] Released [ ] No Show/Refused [ ] Other_____ [ ] Rescheduled
3. [ ] Non-medical problem referred to:
4. [ ] Seen previously for same non-medical request, (tennis shoes, blankets, etc.). No further evaluation.
5. [ ] NO FURTHER COMPLAINTS. Patient advised to submit another Sick Call Request Slip if problem recurs.

"S"ubjective
Chief Complaint: _____

"O"bjective: _____

"A"ssessment Nursing Diagnosis: _____

"P"lan: [ ] Rx GIVEN as per SNP_____
[x] SCHEDULED FOR SICK CALL WITH:    [ ] MD [x] RN [ ] NP [ ] DDS
[ ] Psych/Mental Health Specialist
[ ] Other_____
[ ] PATIENT EDUCATION AND ADDITIONAL INFO: _____

SIGNATURE: _____    RN    ID# 3575

SAN DIEGO COUNTY SHERIFF'S DEPARTMENT    [ ] DDF [ ] GBDF/EMDF [ ] LCDF [ ] SBDF [ ] SDCJ [ ] VDF
MEDICAL SERVICES DIVISION
**SICK CALL REQUEST**    Patient's Name: _____

D.O.B: _____

Form J212  Rev 11/01    Booking Number    Date (MM-DD-YY)

# SAN DIEGO COUNTY SHERIFF'S DEPARTMENT **C-14**
## DETENTION FACILITIES

### INMATE REQUEST
*(PETICION DEL REO)*

**SECTION I**    Complete the following information: *(Llene la siguiente información)*

**Facility:**    ☐ CDF    ☑ DDF    ☐ EMDF    ☐ GBDF    ☐ LCDF    ☐ SBDF    ☐ VDF
*(Carcel)*

**Name:** Darryl Dunsmore
*(Nombre)*

**Booking #:** 9701984          **Date of Birth:** 9/12/67    **Housing Unit:** GC
*(Número)*                      *(Fecha de Nacimiento)*          *(Locación)*

---

**SECTION II**    Refer to instructions on the back of this form.  Select one of the following:
*Refierase a las instrucciones al revez de esta forma.  Seleccione uno de los siguientes.*

**I have a Request for the following:**
*(Tengo una Petición a lo siguiente):*    Counselor

Need Address To where
Sheriff Kollender, Bill Gore
Recieve Mail
            Thank You

**Signature:** D—/D—c          **Date and Time:** 7/23/09  3 PM
*(Firma)*                      *(Fecha y hora)*

---

**SECTION III**          RESPONSE BY DETENTION FACILITY STAFF **ONLY**

**Forwarded to:** _____    **Date:** _____    **Time:** _____

Sheriffs Administration Center
9621 Ridgehaven CT.
San Diego, CA 92123-2222

**Completed by:** _____          **Date:** _____

J-21 (REV 7/04) FRONT

## INSTRUCTIONS FOR USE OF THIS FORM

1. <u>REQUESTS</u>

   You may use this form when you have a request that has not been satisfied by speaking with the housing deputy.

## INSTRUCCIONES PARA EL USO DE ESTA FORMA

1. <u>PETICIONES</u>

   Usted puede usar esta forma cuando tenga algún próblema o petición que no fué resuelta por el Deputy de Piso.

J-21 (REV 7/04) BACK

JIMS - E000008

Page: 1 of 2

Run Date: 22-DEC-2009
Run Time: 07:42

San Diego County Sheriff
Detention Services - All Sheriff Facilities
Inmate Grievance Report
Grievance # 94002062

Grievance Num: 94002062    Grievance Dt: 18-DEC-09    Booknum: 9701989 DUNSMORE, DARRYL
Subject1: OTHR    Subject2:    Subject3:    Subject4:
Fac:1    Area: 7    Hu: B    Location: SDCJ 7B
Summary: *Inmate grievance is complaining about the time he is released from disciplinary isolation/lockdown status.*
*Inmate believes he should be released at 0230 hours, instead of the hearing report time of 2300 on 12-18-09*
#94024402

Action Dt: 18-DEC-09    Action Ofcr Name: LATIMER

Action Taken: I asked Sgt Storton to print up the hearing report from Sgt. Zucker.  I gave the inmate the hearing
report and explained the situation to the inmate.

Narrative Text:
N/A

United States Bankruptcy Court
Southern District of New York

In re:                                                      Case No. 09-50026-reg
Motors Liquidation Company                                  Chapter 11
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0208-1          User: brichards        Page 1 of 7         Date Rcvd: Oct 22, 2015
                             Form ID: pdf001         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 24, 2015.
5975253          +Dave Delaney's Columbia Buick-Pontiac-GMC Company,,   Thomas H. Curran,
                  Hinckley, Allen & Snyder,   28 State Street,   Boston, MA 02109-1776

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                          TOTAL: 0

        ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
unk             Darryl Dunsmore
                                                                  TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 24, 2015                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 19, 2015 at the address(es) listed below:
        ALEJANDRO ALERS, JR   on behalf of Interested Party   General Motors LLC alalersjr@att.net
        Abigail M. Stempson   on behalf of Interested Party   State of Nebraska, Attorney General's
         Office jalyn.wurm@nebraska.gov
        Adam J. Levitt,   on behalf of Plaintiff John Morgenstein
         tbibby@gelaw.com;cnevers@gelaw.com;jtangren@gelaw.com
        Alan R. Brayton   on behalf of Attorney   Brayton Purcell LLP bankruptcy@braytonlaw.com
        Alexander H. Schmidt   on behalf of Interested Party   ABC Flooring, Inc. schmidt@whafh.com
        Andrea Sheehan   on behalf of Creditor   Carrollton Farmers Branch Independent School District
         sheehan@txschoollaw.com,  coston@txschoollaw.com
        Andrew C. Kassner   on behalf of Creditor   Automotive Component Carriers LLC
         andrew.kassner@dbr.com
        Andrew P. Propps   on behalf of Interested Party   Wells Fargo Bank Northwest, N.A., as agent for
         the TPC Lenders apropps@sidley.com,  emcdonnell@sidley.com
        Angela Ferrante   on behalf of Claims and Noticing Agent   GCG, LLC
         PACERTeam@gardencitygroup.com,  debra.wolther@gcginc.com
        Aric Wu   on behalf of Trustee   Wilmington Trust Company awu@gibsondunn.com,
         GGillett@gibsondunn.com
        Arthur Jay Steinberg   on behalf of Interested Party   General Motors LLC asteinberg@kslaw.com,
         sdavidson@kslaw.com;jasher@kslaw.com
        Austin L. McMullen   on behalf of Creditor   Knowledge Learning Corporation amcmullen@babc.com
        Barbara S Mehlsack   on behalf of Creditor   International Union of Operating Engineers ("IUOE")
         and IUOE Locals 101, 18s, 832s bmehlsack@gkllaw.com
        Barry A. Weprin   on behalf of Plaintiff Donna M. Trusky bweprin@milberg.com
        Barry M. Kazan   on behalf of Creditor   Stanley Black & Decker, Inc.
         Barry.Kazan@ThompsonHine.com,  Docket@thompsonhine.com
        Barry M. Lasky   on behalf of Unknown   Atlas Technologies, Inc. BMLPC@aol.com
        Barry N. Seidel   on behalf of Plaintiff   Motors Liquidation Company GUC Trust
         seidelb@dicksteinshapiro.com,  nybankruptcydocketing@dicksteinshapiro.com
        Benjamin Rosenblum   on behalf of Defendant   The Ad Hoc Group of Term Lenders
         brosenblum@jonesday.com
        Benjamin P. Deutsch   on behalf of Creditor   Ad Hoc Committee of Consumer Victims of General
         Motors bdeutsch@schnader.com
        Brendan M. Scott   on behalf of Unknown   MLC Asbestos PI Trust bscott@klestadt.com
        Bruce R. Zirinsky   on behalf of Defendant   DbX Risk Arbitrage 1 Fund, Lyxor/Paulson
         International Fund Limited, Paulson Enhanced Ltd., Paulson International Ltd., Paulson Partners
         Enhanced, L.P., and Paulson Partners L.P. zirinskyb@gtlaw.com
        Bruce R. Zirinsky   on behalf of Defendant   Drawbridge DSO Securities LLC zirinskyb@gtlaw.com
        Bruce W. Hoover   on behalf of Interested Party   The Quaker Oats Company
         bhoover@goldbergsegalla.com,  jsymack@goldbergsegalla.com;rbraden@goldbergsegalla.com
        Carol A. Felicetta   on behalf of Creditor   Barnes Group Inc. cfelicetta@reidandriege.com
        Carol E. Momjian   on behalf of Creditor   Commonwealth of Pennsylvania, Department of Revenue
         cmomjian@attorneygeneral.gov
        Christopher K. Kiplok   on behalf of Unknown   Medianews Group, Inc. kiplok@hugheshubbard.com

District/off: 0208-1          User: brichards          Page 2 of 7          Date Rcvd: Oct 22, 2015
                             Form ID: pdf001          Total Noticed: 1

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
            Cynthia Jordan Lowery    on behalf of Creditor    Hagemeyer, N.A. cynthialowery@mvalaw.com
            Daniel Edelson    on behalf of Plaintiff Donna M. Trusky daniel.edelson@kattenlaw.com
            Daniel J Hornal    on behalf of Unknown Celestine    Elliott daniel@taloslaw.com,
            peller@law.georgetown.edu
            Daniel L. Keller    on behalf of Unknown    Keller, Fishback & Jackson LLP dkeller@kflegal.com
            Daniel W. Linna, Jr.    on behalf of Interested Party    General Motors LLC dlinna@honigman.com
            David Molton    on behalf of Unknown    The People of the State of California, acting by and
            through Orange County District Attorney Tony Rackauckas
            hsteel@brownrudnick.com;acarty@brownrudnick.com;MJackson@brownrudnick;acunningham@brownrudnic
            k.com
            David A. Rosenzweig    on behalf of Attorney    Fulbright & Jaworski LLP
            david.rosenzweig@nortonrosefulbright.com
            David B. Owens    on behalf of Unknown Roger Dean Gillispie david@loevy.com,
            melinda@loevy.com;blake@loevy.com
            David B. Wheeler    on behalf of Creditor    Hagemeyer, N.A. davidwheeler@mvalaw.com
            David G. Aelvoet    on behalf of Creditor    Bexar County sanantonio.bankruptcy@publicans.com
            David G. Ebert    on behalf of Unknown    Shepardson Stern & Kaminsky, LLC (SS&K)
            debert@ingramllp.com, mtajika@ingramllp.com
            David Henry Hartheimer    on behalf of Interested Party    Clarcor, Inc.
            dhartheimer@wilkauslander.com
            David J Cohen    on behalf of Unknown Karen    Bloom dcohen@kolmanlaw.net, dcohenlaw@comcast.net
            David N. Crapo    on behalf of Interested Party    J.D. Power and Associates dcrapo@gibbonslaw.com
            David R. Berz    on behalf of Debtor    Motors Liquidation Company gregory.bailey@weil.com
            David S. Jones    on behalf of Defendant    United States Department of Treasury
            david.jones6@usdoj.gov
            Dawn R. Copley    on behalf of Creditor    Johnson Controls, Inc. dcopley@dickinsonwright.com,
            dnavin@dickinsonwright.com
            Deborah L. Fish    on behalf of Creditor    Overhead Conveyor Company dfish@allardfishpc.com
            Debra A. Kowich    on behalf of Creditor    Board of Regents of The University of Michigan
            dkowich@umich.edu
            Denis Dice    on behalf of Defendant    DE-SEI Institutional Investment Trust - High Yield Bond
            Fund dcdicesfmdwcg.com
            Dennis J. Connolly    on behalf of Interested Party    Autoliv ASP, Inc. dconnolly@alston.com
            Dennis J. Drebsky    on behalf of Unknown    Aspen Insurance UK Limited ddrebsky@nixonpeabody.com,
            nyc.managing.clerk@nixonpeabody.com;apabon@nixonpeabody.com;cfong@nixonpeabody.com
            Dennis Jay Raterink    on behalf of Creditor    Michigan Funds Administration
            raterinkd@michigan.gov, bannisters@michigan.gov
            Dianna Lyons    on behalf of Interested Party    Kazan McClain Asbestos Claimants
            dlyons@kazanlaw.com
            Dominic J. Picca    on behalf of Unknown Dale    Earnhardt, Inc. dpicca@mintz.com,
            Docketing@mintz.com
            Donald F. Baty, Jr.    on behalf of Debtor    Motors Liquidation Company dbaty@honigman.com
            Douglas B. Rosner    on behalf of Creditor    767 Fifth Partners LLC drosner@goulstonstorrs.com
            Douglas Gregory Blankinship    on behalf of Creditor Lisa    Phaneuf gblankinship@fbflaw.com
            Eamonn O'Hagan    on behalf of Attorney    Hilliard Munoz Gonzales LLP and Thomas J. Henry Injury
            Attorney eohagan@goodwinprocter.com
            Edward Smith    on behalf of Creditor    Camino Real Chevrolet, Inc. easmith@venable.com,
            NYBankruptcyDocketing@venable.com
            Edward A. Friedman    on behalf of Defendant    Aurelius Investment LLC efriedman@fklaw.com,
            vgarvey@fklaw.com;jshaw@fklaw.com
            Edward F. Haber    on behalf of Defendant    Reams City of Montgomery Alabama Employees Retirement
            System ehaber@shulaw.com, filing@shulaw.com;mblauner@shulaw.com;pvallely@shulaw.com
            Elihu Inselbuch    on behalf of Attorney    Caplin & Drysdale, Chartered eb@capdale.com
            Elizabeth Weller    on behalf of Creditor    Cameron County dallas.bankruptcy@publicans.com,
            evelyn.palmer@lgbs.com
            Elizabeth K. Flaagan    on behalf of Creditor    Oxbow Carbon & Minerals LLC
            elizabeth.flaagan@faegrebd.com, carol.wildt@faegrebd.com,brad.dempsey@faegrebd.com
            Elliot Moskowitz    on behalf of Defendant    Arrowgrass Master Fund Ltd elliot.moskowitz@dpw.com,
            ecf.ct.papers@davispolk.com
            Emil A. Kleinhaus    on behalf of Defendant    JPMorgan Chase Bank, N.A. eakleinhaus@wlrk.com,
            calert@wlrk.com
            Eric Fisher    on behalf of Creditor Committee    Official Committee of Unsecured Creditors of
            General Motors Corporation fishere@dicksteinshapiro.com,
            nybankruptcydocketing@dicksteinshapiro.com
            Eric Fisher    on behalf of Plaintiff    Motors Liquidation Company Avoidance Action Trust
            fishere@dicksteinshapiro.com, nybankruptcydocketing@dicksteinshapiro.com
            Eric A. Goldberg    on behalf of Unknown    Seneca Insurance Company, Inc. eg@kahngoldberg.com
            Eric Alwin Boden    on behalf of Creditor    Ad Hoc Committee of Consumer Victims of General Motors
            tclancy@schnader.com
            Eugene J. Chikowski    on behalf of Interested Party    American Express Travel Related Services
            Company, Inc. eugene.chikowski@flastergreenberg.com
            Frank McGinn    on behalf of Creditor    Iron Mountain Information Management, Inc.
            ffm@bostonbusinesslaw.com
            Frank W. DiCastri    on behalf of Creditor    Webasto Roof Systems Inc. fdicastri@foley.com
            Frederick Perillo    on behalf of Creditor    International Ass'n of Machinists & Aerospace
            Workers (IAMAW) fp@previant.com
            Gary Peller    on behalf of Attorney Gary    Peller peller@law.georgetown.edu
            Gary Ticoll    on behalf of Defendant    Drawbridge DSO Securities LLC ticollg@gtlaw.com

District/off: 0208-1          User: brichards          Page 3 of 7          Date Rcvd: Oct 22, 2015
                             Form ID: pdf001          Total Noticed: 1

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

          German Yusufov    on behalf of Creditor    PIMA COUNTY pcaocvbk@pcao.pima.gov
          Gerrit M. Pronske    on behalf of Plaintiff Boyd  Bryant gpronske@pronskepatel.com
          Gordon J. Toering    on behalf of Defendant    Alticor Inc gtoering@wnj.com
          Gregory  Oxford    on behalf of Counter-Claimant    General Motors Company goxford@icclawfirm.com
          Gregory K. Arenson    on behalf of Unknown Kimi L. Hurst garenson@kaplanfox.com
          Gregory W. Fox    on behalf of Attorney    Hilliard Munoz Gonzales LLP and Thomas J. Henry Injury
           Attorney gfox@goodwinprocter.com
          H. Slayton Dabney, Jr.    on behalf of Unknown Patrice  Witherspoon sdabney@kslaw.com,
           rtrowbridge@kslaw.com
          Hanh V. Huynh    on behalf of Transferee    Kayson 48 Corp. hhuynh@herrick.com,
           courtnotices@herrick.com
          Harold S. Novikoff    on behalf of Defendant    JPMorgan Chase Bank, N.A. hsnovikoff@wlrk.com,
           calert@wlrk.com
          Harry A. Light    on behalf of Defendant    General Motors Corporation light@fec.net
          Harvey A. Strickon    on behalf of Unknown    Rolls-Royce plc and Rolls-Royce Corporation
           harveystrickon@paulhastings.com
          Harvey R. Miller    on behalf of Debtor    Motors Liquidation Company garrett.fail@weil.com
          Heather M. Crockett    on behalf of Defendant    State of Indiana Major Moves
           heather.crockett@atg.in.gov
          Henry A. Efroymson    on behalf of Creditor    Honeywell International Inc.
           henry.efroymson@icemiller.com
          J Eric Charlton    on behalf of Creditor    Autoport Limited echarlton@barclaydamon.com,
           rjones@barclaydamon.com
          J. Alex Kress    on behalf of Creditor    KONE, Inc. and KONE Elevators akress@becker.legal,
           jalexkress@gmail.com;maferrentino@becker.legal
          J. Casey Roy    on behalf of Interested Party    The State of Texas on Behalf of The Texas
           Department of Transportation, Motor Vehicle Division casey.roy@oag.state.tx.us
          Jacob F. Lamme    on behalf of Creditor    St. Regis Mohawk Tribe lamme@mltw.com
          James B. Helmer, Jr.    on behalf of Creditor Roger L Sanders jhelmer@fcalawfirm.com,
           wdiggs@fcalawfirm.com
          James Christopher Caldwell    on behalf of Creditor    Satterlund Supply Company
           ccaldwell@starkreagan.com
          James D. Newbold    on behalf of Interested Party    State of Illinois James.Newbold@illinois.gov
          James E. DeLine    on behalf of Creditor    AVL Americas, Inc. jed@krwlaw.com,  pal@krwlaw.com
          James E. Hough    on behalf of Defendant    Citigroup Global Markets Inc. jhough@mofo.com
          James M. Martin    on behalf of Unknown Frank L. Pugh mmllaw@swbell.net
          James Michael Lawniczak    on behalf of Creditor    Carolina Forge Company jlawniczak@calfee.com
          Jan I. Berlage    on behalf of Creditor Harold  Martin JBerlage@GHSLLP.com
          Jason A. Zweig    on behalf of Unknown    State of Arizona ex rel. Mark Brnovich, the Attorney
           General jzweig@kaplanfox.com
          Jayson B. Ruff    on behalf of Creditor    Swagelok Company jruff@mcdonaldhopkins.com
          Jeanette M. Gilbert    on behalf of Creditor    L.C. Jackson jgilbert@motleyrice.com
          Jeff  Klusmeier    on behalf of Creditor    State of Missouri jeff.klusmeier@ago.mo.gov,
           Michelle.Hirschvogel@ago.mo.gov
          Jeffrey  Rhodes    on behalf of Unknown    Motors Liquidation Company Avoidance Action Trust
           bankruptcy-jr@dsmo.com;canavan@dicksteinshapiro.com
          Jeffrey C. Wisler    on behalf of Unknown    Connecticut General Life Insurance Company and related
           CIGNA entities jwisler@connollygallaher.com
          Jeffrey J. Jones    on behalf of Defendant    General Motors LLC jjjones@jonesday.com
          Jeffrey S. Sabin    on behalf of Interested Party    Deutsche Bank AG JSSabin@Venable.com
          Jeffrey S. Stein    on behalf of Claims and Noticing Agent    Garden City Group, Inc
           PACERTeam@gardencitygroup.com,  michelle.murphy@gcginc.com
          Jeffrey S. Stein    on behalf of Claims and Noticing Agent    GCG, Inc
           PACERTeam@gardencitygroup.com,  michelle.murphy@gcginc.com
          Jeffrey T. Wegner    on behalf of Creditor    Kansas City Board of Public Utilities
           jeffrey.wegner@kutakrock.com,  marybeth.brukner@kutakrock.com
          Jennifer Lauren Saffer    on behalf of Creditor    TMI Custom Air Systems, Inc.
           jlsaffer@jlsaffer.com,  vjohnson@jlsaffer.com
          Jessica  Fainman    on behalf of Unknown    Barclays Bank PLC jessica.fainman@barclayscapital.com
          Joan M Blackwell    on behalf of Defendant    State of Indiana Major Moves joan.blackwell@atg.in.gov
          Joel  Wertman    on behalf of Defendant    DE-SEI Institutional Investment Trust - High Yield Bond
           Fund jmwertman@mdwcg.com
          John A. Simon    on behalf of Creditor    Cooper-Standard Automotive, Inc. jsimon@foley.com
          John F. Carberry    on behalf of Creditor    Emigrant Business Credit Corp. jcarberry@cl-law.com
          John F. Kostelnik    on behalf of Unknown    Avery Dennison jkostelnik@frantzward.com
          John J. Privitera    on behalf of Creditor    St. Regis Mohawk Tribe privitera@mltw.com,
           hill@mltw.com;lamme@mltw.com
          John M. Callagy    on behalf of Defendant    JPMorgan Chase Bank, N.A. jcallagy@kelleydrye.com
          John P. Dillman    on behalf of Creditor    Angelina County houston_bankruptcy@publicans.com
          John T. Banks    on behalf of Unknown    Hidalgo County jbanks@pbfcm.com,  jbanks@ecf.inforuptcy.com
          John T. Gregg    on behalf of Creditor    Continental Tire North America, Inc. jgregg@btlaw.com
          Jonathan Bradley Alter    on behalf of Unknown    Travelers Casualty and Surety Company of America
           jonathan.alter@bingham.com
          Jonathan I. Rabinowitz    on behalf of Attorney Jonathan I. Rabinowitz jrabinowitz@rltlawfirm.com,
           ypalmeri@rltlawfirm.com
          Jonathan L. Flaxer    on behalf of Interested Party    ABC Flooring, Inc. jflaxer@golenbock.com,
           eneuman@golenbock.com;mweinstein@golenbock.com
          Joon P. Hong    on behalf of Attorney    Richards Kibbe & Orbe LLP joonhong@chapman.com

District/off: 0208-1          User: brichards          Page 4 of 7          Date Rcvd: Oct 22, 2015
                             Form ID: pdf001          Total Noticed: 1

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

          Joseph A. Dworetzky    on behalf of Plaintiff    NCR Corporation jad@hangley.com
          Joseph B. Koczko    on behalf of Unknown    Linden Development, LLC joseph.koczko@thompsonhine.com
          Joseph H. Lemkin    on behalf of Defendant    Alticor Inc joseph.lemkin@gmail.com
          Joseph H. Smolinsky    on behalf of Debtor    Motors Liquidation Company
           Joseph.Smolinsky@weil.com,
           matthew.goren@weil.com;katherine.doorley@weil.com;mario.ventura@weil.com
          Joseph M. Cerra    on behalf of Creditor    Affiliated Computer Services of Spain SL
           jcerra@formanlaw.com
          Joseph N. Cordaro    on behalf of Unknown    United States Of America joseph.cordaro@usdoj.gov
          Joseph R. Sgroi    on behalf of Debtor    Motors Liquidation Company jsgroi@honigman.com
          Joshua Paul Davis    on behalf of Unknown Dori    Powledge josh@thejdfirm.com,
           maria@thejdfirm.com;kelly@thejdfirm.com
          Judy B. Calton    on behalf of Attorney    Honigman Miller Schwartz and Cohn LLP
           jcalton@honigman.com
          Julianne Cutruzzula Beil    on behalf of Unknown Carolyn    Rickard jbeil@cnlawfirm.net
          Justin S. Brooks    on behalf of Unknown    Grant & Eisenhofer P.A., Baron & Budd, P.C. and the
           Cooper Law Firm as counsel for certain class action cases jbrooks@gelaw.com
          Karon Y. Wright    on behalf of Creditor c/o Karon Y. Wright    Travis County
           karon.wright@co.travis.tx.us,  bkecf@co.travis.tx.us
          Kathleen H. Klaus    on behalf of Unknown    Mtech Associates, LLC khk@maddinhauser.com
          Ken Kansa    on behalf of Unknown    Wells Fargo Bank Northwest, N.A., as Agent to the TPC Lenders
           kkansa@sidley.com
          Kenneth Ziman    on behalf of Creditor    TPI Incorporated kziman@stblaw.com
          Kenneth C Anthony, Jr.    on behalf of Unknown Kenneth    Anthony kanthony@anthonylaw.com,
           janthony@anthonylaw.com
          Kevin Blaney    on behalf of Attorney Kevin    Blaney kblaney@kevinblaney.com,
           bmorehead@kevinblaney.com
          Kim Martin Lewis    on behalf of Interested Party    Convergys Corporation kim.lewis@dinslaw.com,
           john.persiani@dinslaw.com;lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com
          Kimberly Salomon    on behalf of Creditor Rose    Cole ksalomon@formanlaw.com
          Kirk L. Brett    on behalf of Defendant    Credit Suisse AG kbrett@dsllp.com
          Larry A. Levick    on behalf of Creditor    Affiliated Computer Services, Inc.
           levick@singerlevick.com,  croote@singerlevick.com;scotton@singerlevick.com
          Larry E. Parres    on behalf of Unknown    Leggett and Platt lparres@lewisrice.com
          Lauren Beslow    on behalf of Creditor    United Parcel Service, Inc. Lauren.Beslow@quarles.com
          Lawrence P. Eagel    on behalf of Unknown    County of Bastrop, et al. eagel@bragarwexler.com
          Leonora K. Baughman    on behalf of Creditor    City of Detroit ecf@kaalaw.com
          Leslie Levy    on behalf of Interested Party    State of Nebraska, Attorney General's Office
           leora.platte@nebraska.gov
          Lisa H. Rubin    on behalf of Trustee    Wilmington Trust Company lrubin@gibsondunn.com,
           MAO@gibsondunn.com
          Lorraine S. McGowen    on behalf of Defendant    Banca di Credito Cooperativo di Roma Societa
           Cooperativa lmcgowen@orrick.com,  dfelder@orrick.com
          Lynn M. Brimer    on behalf of Creditor    Pioneer Steel Corporation lbrimer@stroblpc.com
          Marc B. Merklin    on behalf of Creditor    FirstEnergy Corporation mmerklin@brouse.com
          Marc H. Edelson    on behalf of Plaintiff Donna M. Trusky medelson@edelson-law.com
          Marc N. Swanson    on behalf of Creditor    Kongsberg Automotive Holdings ASA
           swansonm@millercanfield.com
          Margreta Morgulas,    on behalf of Creditor    West Covina Motors, Inc. mmorgulas@okinhollander.com
          Maria A. Bove    on behalf of Unknown    Certain Class Action Plaintiffs mbove@pszjlaw.com,
           dharris@pszjlaw.com;mbove@pszjlaw.com
          Maria Elena Douvas    on behalf of Defendant    Appaloosa Investment Limited Partnership I
           mariadouvas@paulhastings.com
          Marianne Goldstein Robbins    on behalf of Creditor    International Ass'n of Machinists &
           Aerospace Workers (IAMAW) MGR@PREVIANT.COM,  MGR@PREVIANT.COM;EM@PREVIANT.COM
          Maricel E.V. Skiles    on behalf of Defendant    State of Indiana Major Moves
           maricel.skiles@atg.in.gov,  Heather.Crockett@atg.in.gov;Stephanie.Patrick@atg.in.gov
          Mark Schlachet    on behalf of Plaintiff Alante    Carpenter individually and on behalf of all
           others similarly situated mschlachet@gmail.com
          Mark E. McKane    on behalf of Plaintiff    New United Motors Manufacturing, Inc.
           mmckane@kirkland.com,  beth.friedman@kirkland.com;sarah.farley@kirkland.com
          Mark L. Brown    on behalf of Counter-Defendant    LakinChapman LLC markb@slchapman.com
          Mark P. Robinson, Jr.    on behalf of Defendant    The People of the State of California, acting by
           and through Orange County District Attorney Tony Rackauckas mrobinson@rcrlaw.net,
           beachlawyer51@hotmail.com
          Mark Russell Owens    on behalf of Creditor    Hirata Corporation of America mowens@btlaw.com,
           mowens@btlaw.com;bankruptcyindy@btlaw.com
          Mark S. Frankel    on behalf of Creditor    Commercial Contracting Corporation mfrankel@couzens.com
          Mark T. Power    on behalf of Defendant    Bechtel Trust & Thrift Plan MPower@HahnHessen.com,
           jcerbone@hahnhessen.com;jzawadzki@hahnhessen.com;jorbach@hahnhessen.com;sthompson@hahnhessen.com;
           aladd@hahnhessen.com;chunker@hahnhessen.com
          Marshall C. Turner    on behalf of Creditor    Newport Television marshall.turner@husch.com
          Martin Krolewski    on behalf of Defendant    JPMorgan Chase Bank, N.A. mkrolewski@kelleydrye.com,
           docketing@kelleydrye.com;BankruptcyCourt@KelleyDrye.com
          Martin James Weis    on behalf of Creditor    Medco Health Solutions, Inc. weismj@dilworthlaw.com
          Marvin E. Clements, Jr.    on behalf of Creditor    Tennessee Board of Regents-Columbia State
           Community College agbanknewyork@ag.tn.gov
          Mary Kay Shaver    on behalf of Creditor    ADAC Plastics, Inc. mkshaver@varnumlaw.com

District/off: 0208-1              User: brichards          Page 5 of 7            Date Rcvd: Oct 22, 2015
                                 Form ID: pdf001          Total Noticed: 1

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
             Matthew  Williams   on behalf of Unknown   Motors Liquidation Company GUC Trust
              mjwilliams@gibsondunn.com,
              sweiner@gibsondunn.com;akeats@gibsondunn.com;amoskowitz@gibsondunn.com;DFeldman@gibsondunn.com
             Matthew A. Hamermesh   on behalf of Creditor   NCR Corporation mhamermesh@hangley.com
             Matthew E. Wright   on behalf of Unknown Dolly  Walton mwright@hmdlaw1.com,  tscott@hmdlaw1.com
             Matthew F. Kye   on behalf of Creditor   Heard Robins Cloud & Black LLP mkye@magnozzikye.com
             Matthew J. Riopelle   on behalf of Plaintiff   Toyota Motor Corporation mriopelle@foley.com
             Matthew K. Beatman   on behalf of Unknown   Westfalia-Automotive GMBH mbeatman@zeislaw.com
             Maureen F. Leary   on behalf of Unknown   New York State Department of Environmental Conservation
              maureen.leary@oag.state.ny.us
             Melissa Z. Neier   on behalf of Interested Party   Sonic Automotive, Inc. mneier@ibolaw.com
             Michael A. Maricco   on behalf of Creditor   Pension Benefit Guaranty Corporation efile@pbgc.gov
             Michael A. Nedelman   on behalf of Creditor   Crown Enterprises Inc. mnedelman@nglegal.com
             Michael C. Lambert   on behalf of Creditor   Compania Sud Americana de Vapores S.A.
              mclambert@lawpost-nyc.com
             Michael E. Norton   on behalf of Creditor   SSDC Services Corp. mnorton@nortonlawassociates.com
             Michael G. Cruse   on behalf of Creditor   Auma S.A. de C.V. mcruse@wnj.com,  hziegler@wnj.com
             Michael J. Pendell   on behalf of Unknown   Plaintiffs mpendell@motleyrice.com
             Michael James Edelman   on behalf of Creditor   Export Development Canada
              mjedelman@vedderprice.com,  ecfnydocket@vedderprice.com
             Michael K. Cross   on behalf of Defendant   Green Hunt Wedlake, Inc., as trustee for General
              Motors Nova Scotia Finance Company mcross@akingump.com
             Michael M. Krauss   on behalf of Defendant   Indiana University michael.krauss@faegrebd.com
             Michael R. Enright   on behalf of Creditor   Carrier Corporation menright@rc.com
             Michael R. Wernette   on behalf of Attorney   CIE Celaya, S.A. de C.V.
              mwernette@schaferandweiner.com
             Michael S. Davis   on behalf of Unknown   American International Specialty Lines Insurance Co.
              and other entities related to Chartis, Inc. mdavis@zeklaw.com,
              mmccarthy@zeklaw.com;rguttmann@zeklaw.com;mmillnamow@zeklaw.com
             Michael S. Etkin   on behalf of Interested Party   Plaintiff and Putative Class re: Peggy Sue
              Jones, et al. v. General Motors, LLC and Larry Darby, et al. v. General Motors, LLC and Delphi
              Automotive PLLC metkin@lowenstein.com,  mseymour@lowenstein.com
             Michael S. Holmes   on behalf of Creditor   River Oaks L-M, Inc. dba Westpoint mshpclaw@gmail.com,
              mshatty@yahoo.com
             Michael T. Conway   on behalf of Creditor   Detroit Diesel Corporation
              michael.conway@leclairryan.com
             Michelle Goldis   on behalf of Unknown   Lowe's Companies, Inc. michelle.goldis@wilmerhale.com
             Michelle T. Sutter   on behalf of Creditor   Ohio Attorney General msutter@ag.state.oh.us
             N. Kathleen Strickland   on behalf of Creditor   Remy International, Inc. kstrickland@rmkb.com
             Nan E. Joesten   on behalf of Interested Party   General Motors Retiree Association
              njoesten@fbm.com
             Neil Andrew Goteiner   on behalf of Interested Party   General Motors Retiree Association
              ngoteiner@fbm.com,  calendar@fbm.com;karentsen@fbm.com
             Nicholas Heath Wooten   on behalf of Unknown Dianne  Ashworth nick@nickwooten.com,
              notices@nickwooten.com;linnea@nickwooten.com
             Oren  Giskan   on behalf of Plaintiff Rodolfo Fidel Mendoza ogiskan@gslawny.com
             Oscar B. Fears, III   on behalf of Creditor   Georgia Department of Revenue bfears@law.ga.gov
             Oscar N. Pinkas   on behalf of Defendant   Canadian Imperial Bank of Commerce
              oscar.pinkas@dentons.com
             P. Warren Hunt   on behalf of Creditor   AVL Americas, Inc. pwh@krwlaw.com
             Patrick E. Mears   on behalf of Creditor   M-Heat Investors, LLC patrick.mears@btlaw.com
             Patrick G. Warner   on behalf of Plaintiff John  Morgenstein pgwarn@climacolaw.com
             Patrick J. Orr   on behalf of Unknown   MLC Asbestos PI Trust
              tklestadt@klestadt.com;kgarofalo@klestadt.com
             Patrick J. Trostle   on behalf of Debtor   Motors Liquidation Company ptrostle@jenner.com
             Paul H. Silverman   on behalf of Creditor   Class of Saturn Consumers
              PSilverman@mclaughlinstern.com
             Paul J. Pascuzzi   on behalf of Creditor   The McClatchy Company ppascuzzi@ffwplaw.com
             Paul J. Ricotta   on behalf of Creditor   Hitachi Automotive Products (USA), Inc.
              pricotta@mintz.com,  docketing@mintz.com
             Peter  D'Apice   on behalf of Creditor   Ad Hoc Committee of Asbestos Personal Injury Claimants
              dapice@sbep-law.com
             Peter  D'Apice   on behalf of Unknown   Grant  & Eisenhofer P.A., Baron & Budd, P.C. and the
              Cooper Law Firm as counsel for certain class action cases dapice@sbep-law.com
             Peter Gregory Schwed   on behalf of Unknown   Deloitte Tax LLP gschwed@loeb.com,
              tcummins@loeb.com
             Peter S. Partee   on behalf of Interested Party   DTE Pontiac North, LLC ppartee@hunton.com
             Phillip W. Bohl   on behalf of Creditor   Willette Acquisition Corp., a/k/a Digital Technologies
              and Allied Vaughn phillip.bohl@gpmlaw.com
             R. Christopher Cataldo   on behalf of Plaintiff   MCM Management Corp. ccataldo@jaffelaw.com
             R. Hugh Stephens   on behalf of Creditor   Stephens & Stephens, LLP hstephens@stephensstephens.com
             Renee M. Dailey   on behalf of Creditor   Georg Fischer Automotive AG renee.dailey@bgllp.com,
              meghan.olsen@bgllp.com
             Richard David Lane   on behalf of Defendant   DE-SEI Institutional Investment Trust - High Yield
              Bond Fund rdlane@mdwcg.com
             Richard E. Kruger   on behalf of Creditor   BMW Group rkruger@jaffelaw.com
             Richard L. Epling   on behalf of Creditor   Financial Engines Advisors L.L.C.
              richard.epling@pillsburylaw.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
            Richard L. Ferrell    on behalf of Creditor    EnovaPremier of Michigan LLC Ferrell@taftlaw.com
            Richardo I. Kilpatrick    on behalf of Creditor    City of Detroit ecf@kaalaw.com
            Robert  Sidorsky    on behalf of Creditor    A Raymond, Inc. sidorsky@butzel.com
            Robert B. Weiss    on behalf of Debtor    Motors Liquidation Company rweiss@honigman.com
            Robert D. Gordon    on behalf of Creditor    ATS Automation Tooling Systems, Inc.
            rgordon@clarkhill.com
            Robert D. Wolford    on behalf of Creditor    Benteler Automotive Corp.
            ecfwolfordr@millerjohnson.com
            Robert H. Brownlee    on behalf of Creditor c/o Robert Brownlee  Maritz Holdings Inc.
            rbrownlee@thompsoncoburn.com
            Robert L. LeHane    on behalf of Creditor    LBA Realty Fund III  Company IX, LLC
            KDWBankruptcyDepartment@Kelleydrye.com;MVicinanza@ecf.inforuptcy.com
            Robert T. Schmidt    on behalf of Plaintiff    Official Committee of Unsecured Creditors of Motors
            Liquidation Company, et al. rschmidt@kramerlevin.com
            Robert W. Phillips    on behalf of Interested Party    Certain Mesothelioma Claimants
            rphillips@simmonscooper.com
            Roland  Hwang    on behalf of Unknown    Michigan Department of Energy, Labor & Economic Growth,
            Unemployment Insurance Agency hwangr@michigan.gov
            Ronald Jay Smolow    on behalf of Plaintiff Donna M. Trusky ron@smolow.com,  pat@smolow.com
            Ronald S. Pretekin    on behalf of Creditor    Harco Manufacturing Group LLC piatt@coollaw.com
            Russell Carl Babcock    on behalf of Unknown    The Estate of Kathleen Pillars, Deceased
            russellbabcock@aol.com,  marylynnmcphail@yahoo.com
            Ryan D. Heilman    on behalf of Attorney    BASF Corporation rheilman@schaferandweiner.com
            S. Alyssa Young    on behalf of Plaintiff Barbara  Allen ayoung@leaderberkon.com
            Sarah L. Prutzman    on behalf of Defendant    Citigroup Global Markets Inc. slp4@mofo.com,
            docketny@mofo.com
            Sarah M. Chen    on behalf of Unknown    Praxair Distribution Inc. schen@lockelord.com,
            docket@lockelord.com
            Sarah Sandok Rabinovici    on behalf of Creditor    SKF USA Inc. rabinovicis@pepperlaw.com
            Scott A. Golden    on behalf of Interested Party    News America Incorporated sagolden@hhlaw.com
            Scott I. Davidson    on behalf of Defendant    General Motors LLC sdavidson@kslaw.com
            Scott I. Davidson    on behalf of Interested Party    General Motors LLC sdavidson@kslaw.com
            Scott J. Freedman    on behalf of Attorney    Dilworth Paxson LLP sfreedman@dilworthlaw.com
            Scott L. Esbin    on behalf of Transferee    Pandora Select Partners, LP
            bankruptcyinfo@esbinalter.com,  bankruptcyinfo@esbinalter.com
            Scott N. Brown, Jr.    on behalf of Creditor    Hamilton County Trustee snb@smrw.com
            Sean E. O'Donnell    on behalf of Defendant    Green Hunt Wedlake, Inc., as trustee for General
            Motors Nova Scotia Finance Company sodonnell@akingump.com,
            nymco@akingump.com;sspector@akingump.com
            Sean E. O'Donnell    on behalf of Unknown    Green Hunt Wedlake, Inc., Trustee
            sodonnell@akingump.com,  nymco@akingump.com;sspector@akingump.com
            Sharon L. Stolte    on behalf of Creditor    Haldex Credit Services Corp.
            sharon.stolte@stinsonleonard.com
            Shaya M. Berger    on behalf of Unknown    Motors Liquidation Company GUC Trust
            bergers@dicksteinshapiro.com
            Stanley B. Tarr    on behalf of Interested Party    Cellco Partnership d/b/a Verizon Wireless on
            behalf of itself and its controlled affiliates tarr@blankrome.com
            Stephen M. Gross    on behalf of Attorney    McDonald Hopkins PLC sgross@mcdonaldhopkins.com
            Stephen S. LaPlante    on behalf of Interested Party    Ford Motor Company
            laplante@millercanfield.com
            Steve  Berman    on behalf of Unknown    Ignition Switch Plaintiffs steve@hbsslaw.com,
            heatherw@hbsslaw.com,carrie@hbsslaw.com
            Steven A. Ginther    on behalf of Creditor    Missouri Department of Revenue sdnyecf@dor.mo.gov
            Steven B. Eichel    on behalf of Defendant    Intesa Sanpaolo Private Banking SPA
            seichel@crowell.com
            Steven B. Eichel    on behalf of Creditor    Winkelmann Sp. z.o.o. se@robinsonbrog.com
            Steven B. Flancher    on behalf of Interested Party    Michael A. Cox Attorney General for the
            State of Michigan flanchers@michigan.gov
            Steven B. Soll    on behalf of Unknown    Certain Class Action Plaintiffs ssoll@oshr.com,
            awilliams@oshr.com;asilverstein@otterbourg.com;swells@otterbourg.com
            Steven Harris Blatt    on behalf of Unknown    Mount Kisco Chevrolet Cadillac Hummer, Inc.
            sblatt@dealerlaw.com
            Steven J. Reisman    on behalf of Defendant    DbX  Risk Arbitrage 1 Fund, Lyxor/Paulson
            International Fund Limited, Paulson Enhanced Ltd., Paulson International Ltd., Paulson Partners
            Enhanced, L.P., and Paulson Partners L.P. sreisman@curtis.com,
            cgiglio@curtis.com;jdrew@curtis.com;mgallagher@curtis.com;tsmith@curtis.com;bbutterfield@curtis.c
            om
            Steven J. Reisman    on behalf of Defendant    DbX - Risk Arbitrage 1 Fund, HFR MA Strategic Master
            Trust, Institutional Benchmarks Series (Master Feeder) Ltd., Lyxor/Paulson International Fund
            Limited, Paulson Enhanced Ltd., et al. sreisman@curtis.com,
            cgiglio@curtis.com;jdrew@curtis.com;mgallagher@curtis.com;tsmith@curtis.com;bbutterfield@curtis.c
            om
            Steven M. Bierman    on behalf of Unknown    WELLS FARGO BANK, N.A. sbierman@sidley.com,
            emalin@sidley.com;emcdonnell@sidley.com
            Steven R. Montgomery    on behalf of Creditor    J.B. Hunt Transport Services, Inc.
            smontgomery@rawle.com
            Stewart D Aaron    on behalf of Defendant    Kynikos Opportunity Fund II LP
            stewart.aaron@aporter.com

```
District/off: 0208-1        User: brichards           Page 7 of 7              Date Rcvd: Oct 22, 2015
                           Form ID: pdf001            Total Noticed: 1
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              Stuart A. Krause    on behalf of Interested Party    Toyota Tsusho America, Inc. skrause@zeklaw.com
              Susan M. Cook    on behalf of Creditor    Knight Facilities Management, Inc. smcook@lambertleser.com
              Susan R. Katzoff    on behalf of Creditor    Niagara Mohawk Power Corporation, d/b/a National Grid
               skatzoff@barclaydamon.com,    lmcrobbie@barclaydamon.com
              Thomas B. Radom    on behalf of Creditor    Gates de Mexico SA de CV radom@butzel.com
              Thomas E. Coughlin    on behalf of Creditor    MCM Management Corp. tcoughlin@jaffelaw.com
              Thomas J. Schank    on behalf of Creditor    John N. Graham, Trustee for the Bankruptcy Estate of
               High Tech Packaging, Inc. tomschank@hunterschank.com
              Thomas P. Sarb    on behalf of Creditor    Benteler Automotive Corp. ecfsarbt@millerjohnson.com
              Thomas W. Schouten    on behalf of Creditor    Ridgeview Industries, Inc. tschouten@dunnsslaw.com
              Todd S Garber    on behalf of Creditor Lisa    Phaneuf tgarber@fbfglaw.com
              Tonya A. Trumm    on behalf of Creditor    Jefferson Wells International, Inc.
               tatrumm@michaelbest.com,    safonte@michaelbest.com
              Trent P. Cornell    on behalf of Interested Party    General Motors National Retiree Association,
               Over The Hill Car People, LLC tcornell@pedersenhoupt.com
              Victor J. Mastromarco, Jr.    on behalf of Unknown Gerald    Haynor vmastromar@aol.com
              Victor J. Mastromarco, Jr.    on behalf of Creditor    Pillars, Estate of Kathleen Pillars,
               Deceased vmastromar@aol.com
              Victoria D. Garry    on behalf of Creditor    Ohio Attorney General vgarry@ag.state.oh.us
              Wendy S. Walker    on behalf of Creditor    A.P. Moller-Maersk A/S wwalker@morganlewis.com
              Whitney L. Mosby    on behalf of Defendant    Manual Transmissions of Muncie, LLC
               wmosby@binghammchale.com
              William P. Weintraub    on behalf of Attorney    Hilliard Munoz Gonzales LLP and Thomas J. Henry
               Injury Attorney wweintraub@goodwinprocter.com,    gfox@goodwinprocter.com
              Yolanda M. Humphrey    on behalf of Creditor    Tomball Independent School District
               houbank@pbfcm.com,    tpope@pbfcm.com
              c/o Robert Brownlee    Maritz Holdings Inc.    rbrownlee@thompsoncoburn.com
                                                                                        TOTAL: 289