Darryl Dunsmore
ADG237 C3A-132
Box 32200
Stockton Cu 95213

RECEIVED
OCT 27 2015

UNITED STATE SOUTHERN DISTRICT
BANKRUPTCY COURT OF NEW YORK

Darryl Dunsmore          | Case# 09-50026 (REG)
Plantff                  |
          v              |
                         |
GMC Et al                |
Defendants               |

Motion of Notice
of intnt in
support of Thrd
Party & Joinder

10/14/15     DAD    →

Lb of 1

Darryl Dunsmore
ADG-237 C3A-132
PO Box 32200
Stockton Ca 95213



UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Darryl Dunsmore
Petitioner

    v

Kamala Harris et al
Respondents

| | Case# 15-56308 |
|---|---|
| | Emergency |

### Circuit Rule 27-3
### Certificate in support
### of Joinder and
### Third party

Facts

Petitioners claims may be unjustly dismissed
if such emergency Motions are Not Recieved
immediately by The Court Relevant factual
Documents which support Petitioners Merito
Claims causeing Manifest injustice by
The Continued incarceration of an actually

1 of 2

09:50:26-mg   Doc 13517   Filed 10/27/15   Entered 10/27/15 16:18:48   Main Document
Pg 3 of 17

innocent person and that said constitutionally Mandated Discovery will be for ever lost Concealed, Destroyed by The Defendants in Related actions

I the petitioner certifies to these statements and Declare Them to be True under penalty of perjury

These grounds have not been presented to The Courts in question because of The obstruction of Court access and time Restraints outlined in related petitions even The attached Exhibits are incomplete due to This obstruction

for Good Cause and Due Diligence Petitioner upon appropriate access to Copying Services petitioner will file and forward appropriate Copies however emergency Consideration is needed now before any unfortunate Decision by The Court with out knowledge of These Related matters and This action should not be denied or Remanded

I Declare under Penalty of perjury The foregoing is true and correct

10/11/15   David Doe

2 of 2

09-50026-mg   Doc 13517   Filed 10/27/15   Entered 10/27/15 16:18:48   Main Document
Pg 4 of 17

Darryl Dunsmore
AD6237 C3A-132
P O Box 32200
Stockton Ca 95213



UNITED STATES COURT OF APPEALS
    FOR THE NINTH CIRCUIT

Darryl Dunsmore
Petitioner

          v

Kanola Harris et al
Respondents

Case # 15-56308

      EMERGENCY
      Rule 27-3

      Motion for Joinder
      of Claims and Remedies
      Federal Rules of Civil
      Procedure Rule 18(a)(b)
      Rule 19(a)

Petitioner Motions for Relief to prevent
irreparable harm to petitioner Claims. That said
Claims is only Cognizable after prosecution to
Conclusion of other Claims Case # 09-50026 (REC)
SOUTHERN DISTRICT OF NEW YORK ignition
switch litigation and Case Dunsmore v

                                        1 of 2

GMC, Lobel, Viking et al # FCS045638
Solano Superior Court Petitioner Motions for
Joinder and Jurisdiction over all pending
claims in order to protect Constitutionally
Mandated Discovery

Which supports petitioners claims of
Actual innocence of which The Defendants
are Concealing, Destroying in violation of
Penal Code 133, 134, 135 Petitioner Contends
such persons are Needed for Just
Adjudication under Rule 19 (a) Federal
Rules of Civil Procedure

I Declare under penalty of Perjury
The foregoing is true

10/11/15   D.M.De

2 of 2

Darryl Onsnon
ADG237 C3A 132
PO Box 32200
Stockton Ca 95213



RECEIVED
OCT 27 2015
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Darryl Onsnor
Petitioner

v

Kamala Harris et al
Respondents

Case# 15-56308

Emergency
27-3

Federal Rules of
Civil Procedure
14(a)(b) Motion
for Third Party

Petitioner Now Motions This Court To Join
3rd party Defendant/Respondent under Rule 14(a)
Federal Rules of Civil Procedure Said 3rd Party
(New GMC) in Related case ignition switch
litigation Southern District of New York

1 of 2

Holding Constitutional Mandated Discovery Case 09-50026 (REG) said Exculpatory evidence Directly and affirmatively supports Petitioners claims of actual inocence

That with out Relief from This court evidence may be Conceal, Destroyed in Violation of Penal Code 135 That emergency action is necessary to prevent irreparable harm to Petitioners claims of Actual inocence and his applications for COA

I Declare under penalty of perjury The foregoing is true

10/11/15  D∿D⁓

7 of 8

Darryl Dunsmore
AO6237  C3A-132
PO Box 32200
Stockton Ca 95213

RECEIVED
OCT 27 2015
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Darryl Dunsmore
Petitioner

v

Kamala Harris et al
Respondents

Case # 15-56308

Emergency
Rule 27-3

Federal Rules of
Civil Procedure
14(a)(b) Motion
for Third Party
and join der
memorandum of
Points and Authorities

Federal Rules of Evidence 404(b) (prior bad acts
Addmissable for Proof of Motive opportunity etc)
Martinez v Cornell Correction of texas 229 FRD
211,212 (D.N.M 2005) (entitled to Discovery
concerning misconduct During the course of
employment)

10/11/15  D~D~

1 of 1



# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Scott I. Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

September 8, 2015

**Via Overnight Delivery**
Darryl Dunsmore
AD #6327
P.O. BOX 2000
1600 California Drive
Vacaville, CA 95696-2000

　　　　　Re:　　*Dunsmore v. GMC, et al*
　　　　　　　　**Case No.: FCS 045638 (Super. Ct., Solano Cty., CA)**

Dear Mr. Dunsmore:

　　　　King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**"), the defendant in the above-referenced action ("**Action**"). Reference is made to your pleadings ("**Pleading**") filed in the Action which seeks, among other things, to hold New GM liable for various claims, all of which are based on an accident that occurred prior to the closing of the sale ("**Sale**") from General Motors Corporation (n/k/a Motors Liquidation Company) ("**Old GM**") to New GM.

　　　　Contrary to the allegations set forth in the Pleading, New GM is not liable for claims based on accidents that occurred prior to the closing of the Sale. The Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 (as amended) ("**Sale Agreement**"), which was approved by an Order, dated July 5, 2009 ("**Sale Order and Injunction**"), of the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"), is clear in this regard, providing that Retained Liabilities (as defined in Section 2.3(b) of the Sale Agreement) of Old GM specifically include "all Product Liabilities arising in whole or in part from any accidents, incidents or other occurrences that happen prior to the Closing Date[.]"  Sale Agreement, § 2.3(b)(ix).  Pursuant to the Sale Order and Injunction, you are prohibited from asserting any Retained Liabilities against New GM. *See, e.g.,* Sale Order and Injunction, ¶¶ 8, 46.

　　　　The Bankruptcy Court recently issued a Judgment, dated June 1, 2015 ("**Judgment**"), which reiterated that plaintiffs, like the plaintiff in the Action, who were involved in accidents that occurred prior to the closing of the 363 Sale, are barred from asserting claims against New GM that are based on pre-Sale accidents. *See Judgment,* dated June 1, 2015 [Dkt. No. 13177]

Darryl Dunsmore
September 8, 2015
Page 2

("**Judgment**"),[1] ¶ 7 ("Any claims and/or causes of action brought by the Ignition Switch Pre-Closing Accident Plaintiffs that seek to hold New GM liable for accidents or incidents that occurred prior to the closing of the 363 Sale are barred and enjoined pursuant to the Sale Order. The Ignition Switch Pre-Closing Accident Plaintiffs shall not assert or maintain any such claim or cause of action against New GM."). The reasoning and rulings set forth in the Judgment and Decision are equally applicable to the Lawsuit. Accordingly, the Pleading should be dismissed.

While the Judgment provided procedures for dismissing pleadings that violate the Judgment, Decision and Sale Order and Injunction, or filing a pleading with the Bankruptcy Court if you have a good faith basis to maintain that your pleading should not be amended, the Bankruptcy Court, on September 3, 2015, entered a *Scheduling Order Regarding Case Management Order Re: No-Strike, No Stay, Objection, And GUC Trust Asset Pleading* ("**Scheduling Order**"), which contains procedures that supersede the procedures set forth in the Judgment. A copy of the Scheduling Order is attached hereto as **Exhibit "C."** Please consult the Scheduling Order for the procedures that apply to this matter.

If you have any objection to the procedures set forth in the Scheduling Order, you must file such objection in writing with the Bankruptcy Court within three (3) business days of receipt of this demand letter ("**Objection**"). Otherwise, you will be bound by the terms of the Scheduling Order and the determinations made pursuant thereto. If you believe there are issues that should be presented to the Bankruptcy Court relating to your lawsuit that will not otherwise be briefed and argued in accordance with the Scheduling Order, you must set forth that position, with specificity, in your Objection. The Bankruptcy Court will decide whether a hearing is required with respect to any Objection timely filed and, if so, will, promptly notify the parties involved.

This letter and its attachments constitute service on you of the Judgment and Decision, as well as the Scheduling Order.

New GM reserves all of its rights regarding any continuing violations of the Bankruptcy Court's rulings.

If you have any questions, please call me.

Very truly yours,

*s/ Scott I. Davidson*

Scott I. Davidson

SD/hs
Encl.

---

[1]    A copy of the Judgment is annexed hereto as Exhibit "A." The Judgment memorializes the rulings in the Bankruptcy Court's *Decision on Motion to Enforce Sale Order*, dated April 15, 2015 ("**Decision**"). A copy of the Decision is annexed hereto as Exhibit "B."

# Exhibit A

3.      The Ignition Switch Pre-Closing Accident Plaintiffs were not prejudiced by their lack of notice of the 363 Sale, and they thus failed to demonstrate a due process violation with respect to the 363 Sale.

4.      With respect to the Independent Claims, the Ignition Switch Plaintiffs were prejudiced by the failure to give them the notice of the 363 Sale that due process required. The Ignition Switch Plaintiffs established a due process violation with respect to the Independent Claims. The Sale Order shall be deemed modified to permit the assertion of Independent Claims. For purposes of this Judgment, "**Independent Claims**" shall mean claims or causes of action asserted by Ignition Switch Plaintiffs against New GM (whether or not involving Old GM vehicles or parts) that are based solely on New GM's own, independent, post-Closing acts or conduct. Nothing set forth herein shall be construed to set forth a view or imply whether or not Ignition Switch Plaintiffs have viable Independent Claims against New GM.

5.      Except for the modification to permit the assertion of Independent Claims by the Ignition Switch Plaintiffs, the Sale Order shall remain unmodified and in full force and effect.

6.      The Plaintiffs were prejudiced by the failure to receive the notice due process required of the deadline ("**Bar Date**") to file proofs of claim against the Old GM bankruptcy estate. Any Plaintiff may petition the Bankruptcy Court (on motion and notice) for authorization to file a late or amended proof of claim against the Old GM bankruptcy estate. The Court has not determined the extent to which any late or amended proof of claim will ultimately be allowed or allowed in a different amount. But based on the doctrine of equitable mootness, in no event shall assets of the GUC Trust held at any time in the past, now, or in the future (collectively, the "**GUC Trust Assets**") (as defined in the Plan) be used to satisfy any claims of the Plaintiffs, nor will Old GM's Plan be modified with respect to such claims; *provided* that nothing in this

# Exhibit B

529 B.R. 510, 60 Bankr.Ct.Dec. 253, Bankr. L. Rep. P 82,789
(Cite as: 529 B.R. 510)

circumstances, to apprise interested parties of pendency of action and to afford them an opportunity to present their objections. U.S. Const. Amend. 5.

[2] Constitutional Law 92 &larr;3881

92 Constitutional Law
   92XXVII Due Process
      92XXVII(B) Protections Provided and Deprivations Prohibited in General
         92k3878 Notice and Hearing
            92k3881 k. Notice. Most Cited Cases

To satisfy due process requirements, notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. U.S. Const. Amend. 5.

[3] Constitutional Law 92 &larr;3881

92 Constitutional Law
   92XXVII Due Process
      92XXVII(B) Protections Provided and Deprivations Prohibited in General
         92k3878 Notice and Hearing
            92k3881 k. Notice. Most Cited Cases

Notice to others with an interest in objecting can ameliorate prejudice, and impliedly, if not expressly, even the existence of constitutionally deficient notice in first place, to those who did not get the notice that the Due Process Clause requires. U.S. Const. Amend. 5.

[4] Constitutional Law 92 &larr;3881

92 Constitutional Law
   92XXVII Due Process
      92XXVII(B) Protections Provided and Deprivations Prohibited in General

         92k3878 Notice and Hearing
            92k3881 k. Notice. Most Cited Cases

Due Process Clause requires the best notice practical under the circumstances, both in terms of the manner in which notice is provided and the quality of the notice; however, this notice requirement should not be interpreted so inflexibly as to make it an impractical or impossible obstacle. U.S. Const. Amend. 5.

[5] Constitutional Law 92 &larr;4478

92 Constitutional Law
   92XXVII Due Process
      92XXVII(G) Particular Issues and Applications
         92XXVII(G)25 Other Particular Issues and Applications
            92k4478 k. Bankruptcy. Most Cited Cases

Two-step methodology may be used by court, in bankruptcy context, in deciding whether claimant received notice sufficient to satisfy due process requirements, under which court first inquires whether claimant knew of the claim it might assert, and then determines whether the claim was, from perspective of notice-giver, often the debtor, a "known" claim, obligating the notice-giver to provide actual, and possibly more detailed, notice. U.S. Const. Amend. 5.

[6] Constitutional Law 92 &larr;3881

92 Constitutional Law
   92XXVII Due Process
      92XXVII(B) Protections Provided and Deprivations Prohibited in General
         92k3878 Notice and Hearing
            92k3881 k. Notice. Most Cited Cases

In some cases, even if the means of notice are

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

529 B.R. 510, 60 Bankr.Ct.Dec. 253, Bankr. L. Rep. P 82,789
(Cite as: 529 B.R. 510)

**Constitutional Law 92** ☞4478

92 Constitutional Law
    92XXVII Due Process
        92XXVII(G) Particular Issues and Applications
            92XXVII(G)25 Other Particular Issues and Applications
                92k4478 k. Bankruptcy. Most Cited Cases

While purchasers with products liability claims against bankrupt automobile manufacturer might eventually share, as general unsecured creditors, in proceeds from court-approved sale of Chapter 11 debtor-manufacturer's assets outside ordinary course of its business, their interest in pursuing successor liability claims against asset purchaser, whatever their merits, was not so minimal that they did not even have due process right to be heard in connection with sale of those assets. U.S. Const. Amend. 5; 11 U.S.C.A. § 363.

**[12] Corporations And Business Organizations 101** ☞2639

101 Corporations and Business Organizations
    101X Mergers, Acquisitions, and Reorganizations
        101X(A) In General
            101k2638 Assumption of or Succession to Transferor's Liabilities
                101k2639 k. In general. Most Cited Cases

Theories of successor liability, when permissible, permit claimant to assert claims not just against the transferor of assets, but also against transferee, and provide a second target for recovery.

**[13] Bankruptcy 51** ☞3170

51 Bankruptcy

51IX Administration
    51IX(E) Compensation of Officers and Others
        51IX(E)3 Attorneys
            51k3170 k. In general. Most Cited Cases

**Constitutional Law 92** ☞4478

92 Constitutional Law
    92XXVII Due Process
        92XXVII(G) Particular Issues and Applications
            92XXVII(G)25 Other Particular Issues and Applications
                92k4478 k. Bankruptcy. Most Cited Cases

Bankruptcy court could not rely upon conclusion which it reached at hearing to which purchasers with products liability claims against bankrupt automobile manufacturer were not invited, that there was no continuity between Chapter 11 debtor-manufacturer and purchaser of its assets and thus no basis for asserting successor liability claims against purchaser, as basis for excusing lack of notice to products liability claimants on ground that they had no due process right to be heard. U.S. Const. Amend. 5.

**[14] Bankruptcy 51** ☞3170

51 Bankruptcy
    51IX Administration
        51IX(E) Compensation of Officers and Others
        51IX(E)3 Attorneys
            51k3170 k. In general. Most Cited Cases

**Constitutional Law 92** ☞4478

92 Constitutional Law
    92XXVII Due Process
        92XXVII(G) Particular Issues and Applications
            92XXVII(G)25 Other Particular Issues and

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

PROOF OF SERVICE BY UNITED STATES MAIL
(Code of Civil Procedure Section 1015)
(28 U.S.C. Section 1746)

I, David Bell declare, depose and say, the following statement is true and correct under penalty of perjury according to the laws of the State of California based on matters known to me personally to be true:

1) I am over the age of eighteen years, a resident and a state prisoner, of the State of California with a present mailing address of:

Box 32200 Stockton Ca 95213

2) On this 14 day of OCt 20 15, I caused a true and correct copy of the following specifically described, document(s);

Motion for Third Party Joinder
Notice of intent

at the prison to be placed in a sealed envelope(s), with first postage, having been placed thereon, duly addressed to the interested person or persona described hereinafter, and then deposited such envelopes(s) in the regular United States mail, or mail service made availabe where I am detained, to the addressee(s):

Kings Spalding
1185 Ave of Americas
NY NY 10036-4003
Steve Brman 1918
Eighth Ave Ste3300
Seattle Washington 98101

David Shay 970
West 190Th St Ste700
Torrence Ca 90502
Matthew Mulford
600 West Broadway
Ste180 0
SD Ca 92101

Solano Superior Court
580 Texas St
Fairfield Ca 94533
Cth cir Appeals
Box 167339
San Francisco Ca 94116-7939
Southern District Court
880 front St
SD Ca 92101

3) I declare that there has been regular U.S. mail pick-up by correctional officers at the prison, and/or delivery service, at the places(s) where I posted the envelopes described above, regular communication by mail between the place of mailing and the place so addressed.

Elizabeth Cabraser
275 Battery St 29 Floor
San Francisco Ca 94111
Tony Rackauckas
401 Civil Center Dr
Santa Ana Ca 92701-4575

Mark P Robison
19 Corprate Plaza
Dr Newport Beach
Ca 92660
Kenth Anthony
250 Magnolia St
Spartanburg SC 29306

Edward wershdwr
7 Times Square
NY NY 10076
Sinclir Essman
2323 Bryan St
Ste2200
Dallas Texas 75201

Executed this 14 day of OCt, 20 15, under penalty of perjury according to the laws of the State of California, at Los Angeles, County, City of Lancaster.

Thomas Horne
1275 Washington St
Phoenix Arizona 85007

David Horral
705 4Th St NW # 403
Washington DC 20001

Richard Godfrey
300 North Lasalle
Chicago IL 60654