# EXHIBIT I

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **KAISER ALUMINUM CORPORATION, a** | : | **Case No. 02-10429 (JKF)** |
| **Delaware corporation, et al.,** | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | Hearing Date: 1/10/06 |
| | : | Re: Docket Nos. 8008 & 8009 |
| | : | Agenda No. 3 |

## CERTIFICATION OF COUNSEL REGARDING STIPULATED
## ORDER REGARDING LAW DEBENTURE TRUST COMPANY'S
## MOTION FOR CONTINUATION OF STAY PENDING APPEAL

The undersigned counsel hereby certifies that on January 3, 2006, Law Debenture

Trust Company of New York ("Law Debenture"), as indenture trustee for holders of certain

senior subordinated notes issued by the Debtors prepetition (the "Senior Subordinated

Noteholders"), filed the Motion of Law Debenture Trust Company of New York for

Continuation of Stay Pending Appeal [Docket No. 8049 ] (the "Stay Motion"), seeking to stay

the Court's order (the "Guaranty Decision") overruling Law Debenture's objections to the

liquidating plans of four of the above-captioned debtors and debtors in possession (collectively,

the "Debtors").  Pursuant to the Guaranty Decision, the Court determined that, with respect to

distributions under the liquidating plans of the four liquidating Debtors, the Senior Subordinated

Noteholders were subordinated to the holders of several series of senior notes issued by the

Debtors prepetition (the "Senior Noteholders").  On January 6, 2006, Liverpool Limited

Partnership ("Liverpool"), on behalf of certain Senior Subordinated Noteholders, filed a response

in support of the Stay Motion [D.I. 8088], and on January 9, 2006, the Debtors filed an objection

to the Stay Motion [D.I. 8100].

On January 10, 2006, the Court held a hearing on the Stay Motion.  During the

course of the hearing, counsel for the Debtors, counsel for the statutory committee of unsecured

creditors (the "Creditors' Committee"), counsel for the indenture trustee for certain Senior

Noteholders, counsel for an ad hoc group of Senior Noteholders, counsel for Law Debenture,

counsel for Liverpool and other parties in interest were given an opportunity to meet and confer

regarding the relief requested by Law Debenture, and ultimately were able to reach an

agreement, which was announced to the Court. Accordingly, at the conclusion of the January 10

hearing, the Court directed the parties to submit a proposed order, under certification of counsel,

which reflected their agreement. Pursuant to the instructions of the Court, the parties have

agreed on a proposed form of order regarding the relief requested in the Stay Motion (the

"Order"), which is attached hereto as Exhibit 1.

       The Order has been reviewed by and is acceptable to counsel for Law Debenture,

counsel for Liverpool and counsel for the Creditors' Committee. No response was received from

the Office of the United States Trustee, counsel for the Official Committee of Asbestos

Claimants, counsel for the Legal Representative for Future Asbestos Claimants or counsel for the

Legal Representative for Future Silica Claimants.

       The Debtors respectfully request that the Order be entered at the earliest

convenience of the Court.

Dated: February 24, 2006
      Wilmington, Delaware

Daniel J. DeFranceschi (No. 2732)
Kimberly D. Newmarch (No. 4340)
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, Delaware  19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Gregory M. Gordon (TX 08435300)
Daniel P. Winikka (TX 00794873)
JONES DAY
2727 North Harwood Street
Dallas, TX  75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

Attorneys for Debtors and Debtors in
Possession

**Kaiser Aluminum Corp., et al.**
**Case No. 02-10429 (JKF)**

## SUMMARY SHEET OF EXHIBITS

**EXHIBIT 1**
**Proposed Order**

## EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Case No. 02-10429 (JKF) |
| KAISER ALUMINUM CORPORATION, et al., | : |
| | : Jointly Administered |
| Debtors. | : |
| | : Chapter 11 |
| | : |
| | : Hearing Date: 1/10/06; Agenda No. 3 |
| | : Re: Docket Nos. 8008, 8009 and ____ |

### STIPULATED ORDER REGARDING LAW DEBENTURE TRUST COMPANY'S MOTION FOR CONTINUATION OF STAY PENDING APPEAL

Upon consideration of (i) the Motion of Law Debenture Trust Company of New York ("LDTC") for Continuation of Stay Pending Appeal (D.I. 8049, the "**Stay Motion**"); (ii) the Response of the Liverpool Limited Partnership ("**Liverpool**") in Support of Motion of Law Debenture Trust Company of New York for Continuation of Stay Pending Appeal (D.I. 8088); (iii) the Statement of Deutsche Bank Trust Company, N.A. ("**Deutsche Bank**"), as Successor Trustee, on Motion of Law Debenture Trust Company of New York for Continuation of Stay Pending Appeal (D.I. 8098);(iv) the Objection of Debtors and Debtors in Possession, U.S. Bank National Association, as Indenture Trustee for the 10-7/8% Noteholders ("**U.S. Bank**"), Certain Holders of Senior Notes, Official Committee of Unsecured Creditors and Certain Holders of, and the Indenture Trustee for, the 7-3/4% SWD Revenue Bonds to Law Debenture Trust Company of New York's Motion for Stay Pending Appeal (D.I. 8100); and (v) the arguments and stipulations of the parties set forth on the record and for other good cause shown, it is hereby

**ORDERED** that J.P. Morgan Trust Company, National Association, as the Distribution Trustee pursuant to the Subsidiary Plans (as defined in the Stay Motion) shall (a) within three (3) business days of the entry of this Order, distribute all funds held by it as disputed funds subject to the claims in the Guaranty Dispute (as defined below) in accordance with the terms of the

Subsidiary Plans and the Distribution Trust Agreement, which amounts to $213,015,911.98 as of

December 22, 2005, plus applicable per diem interest (the "**Initial Disputed Funds**"), to (i) U.S.

Bank as indenture trustee for the holders of the 10-7/8% Senior Notes, in the amount of

$115,284,938.30, plus applicable per diem interest, (ii) Deutsche Bank, as indenture trustee for the

holders of the 9-7/8% Senior Notes, in the amount of $89,230,973.70, plus applicable per diem

interest, and (iii) J.P. Morgan Trust Company, N.A., as indenture trustee for the 7-3/4% SWD

Revenue Bonds, in the amount of $8,000,000.00 plus applicable per diem interest, plus $500,000

(collectively, the "**Senior Indenture Trustees**"); and (b) within three (3) days that additional

monies (the "**Additional Disputed Funds**") or stock (the "**Disputed Stock**") are allocated as funds

or stock held by the Distribution Trustee as disputed funds or stock subject to the claims in the

Guaranty Dispute (as defined below), distribute such funds and stock to the Senior Indenture

Trustees (the Initial Disputed Funds and the Additional Disputed Funds hereinafter together referred

to as the "**Disputed Funds**" and the Disputed Funds together with the Disputed Stock hereinafter

referred to as the "**Funds and Stock Subject to Appeal**"), and it is further

ORDERED that this Court's Memorandum Opinion (D.I. 8008) and Order Overruling

Objections to Plan Confirmation by Law Debenture Trust Company of New York and by Liverpool

Limited Partnership [D.I. 8009], both dated December 22, 2005 (together the "**Guaranty**

**Decision**") are hereby stayed, without bond, and it is further

ORDERED that (except as specified below) distributions of Funds and Stock Subject to

Appeal by the Senior Indenture Trustees are stayed pending the entry of a Final Order (as defined in

the Subsidiary Plans, hereinafter "**Final Order**") concerning the matters addressed in the Guaranty

Decision establishing the priority in right of payment of the Senior Notes and other claimants to the

Funds and Stock Subject to Appeal (such dispute referred to herein as the "**Guaranty Dispute**"),

except that prior to entry of a Final Order in the Guaranty Dispute (such period of time from the

2

date of entry of this Order to the entry of a Final Order in the Guaranty Dispute referred to herein

and hereafter as the "**Stay Period**") the Disputed Funds (but not the Disputed Stock) may be

distributed by the Senior Indenture Trustees in accordance with the procedures set forth

hereinbelow; and it is further

    **ORDERED** that, notwithstanding the foregoing stays, (a) J.P. Morgan Trust Company,

indenture trustee for the 7 ¾% SWD Revenue Bonds, may distribute the "7 ¾% SWD Revenue

Bond Plaintiffs' Fees," as described by Section 2.6(b) of the Subsidiary Plans, provided, however,

that in the event that a Final Order is entered in the Guaranty Dispute that awards the Funds and

Stock Subject to Appeal to LDTC and/or the holders of the 12 ¾% notes issued by Kaiser

Aluminum & Chemical Corporation in 1993 (the "**12 ¾ Notes**" ) the recipients of such fees are

hereby ordered to return to J.P. Morgan Trust Company, within thirty (30) days of such Final Order,

one hundred percent (100%) of any such fees received, without interest earned after the distribution

of such fees, to be added to any Disputed Funds otherwise held by J.P. Morgan Trust Company

pursuant to this Order; and (b) the Senior Indenture Trustees may exercise any charging liens

applicable to the Disputed Funds they hold pursuant to this Order, provided, however, that in the

event that a Final Order is entered in the Guaranty Dispute that awards the Funds and Stock Subject

to Appeal to LDTC and/or the holders of the 12 ¾% Notes, such Senior Indenture Trustees are

hereby ordered to return, within thirty (30) days of such Final Order, one hundred percent (100%)

of any such monies received, without interest earned after the exercise of such charging liens, to be

added to any Disputed Funds otherwise held by them pursuant to this Order, and it is further

    **ORDERED** that, notwithstanding the foregoing stays, (a) the Senior Indenture Trustees are

authorized and directed to make one or more distributions of the applicable portion of the Initial

Disputed Funds in accordance with the applicable indenture to "**Qualified Recipients**" (defined

below) so long as (i) neither Liverpool or LDTC shall have timely objected to the distribution to

DLI-5982057v2

such Qualified Recipient in the time and manner required hereby; or (ii) any such objection has been overruled pursuant to Order of this Court, with a copy of such order provided to the applicable Senior Indenture Trustee; and (b) the Senior Indenture Trustees may, at their discretion, make one or more distributions of the applicable portion of the Additional Disputed Funds in accordance with the applicable indenture to "**Qualified Recipients**" (defined below) so long as neither Liverpool or LDTC shall have timely objected to the distribution to such Qualified Recipient in the time and manner required hereby or any such objection has not been overruled pursuant to Order of this Court, with a copy of such order provided to the applicable Senior Indenture Trustee; and it is further

ORDERED that a "Qualified Recipient" shall mean a holder of the 10-7/8% Senior Notes, the 9-7/8% Senior Notes or the SWD Revenue Bonds (collectively, the "Senior Notes") who, within the time periods established by their respective Senior Indenture Trustee, (a) tenders its Senior Notes for surrender to (i) the Depository Trust Company ("DTC"), if such Senior Notes are held through DTC, and (ii) the applicable Senior Indenture Trustee, if such Senior Notes are held in certificated form, in each case in the manner specified by the applicable Senior Indenture Trustee, and (b) executes and delivers to the applicable Senior Indenture Trustee the Noteholder Affidavit and Distribution Agreement in the form of Exhibit A attached hereto (as such affidavit may be modified pursuant to the terms of this Order) in writing or by electronic means (the "**Holder Affidavit**") together with such other documentation as the applicable Senior Indenture Trustee shall require from beneficial holders holding Senior Notes through the Depository Trust Company's indirect holding system, and it is further

ORDERED that the Senior Indenture Trustees shall have no obligation to make a distribution to any holder of Senior Notes who does not tender its Senior Notes in the manner specified by the applicable Senior Indenture Trustee and request, in accordance with the terms of

4

DLI-5982057v2

this Order, a distribution of its pro rata interest in the Disputed Funds on or before any final

deadline established in a written notice by its Senior Indenture Trustee to the holders of Senior

Notes, provided that nothing in this paragraph shall limit any holder's right to receive any

distribution following the expiration of the Stay Period that such holder is entitled to receive at such

time, and it is further

ORDERED that the Senior Indenture Trustees shall deliver each holder's Holder Affidavit

to LDTC and Liverpool at least fifteen days prior to making a distribution of Disputed Funds to

such holder, and it is further

**ORDERED** that LDTC and Liverpool shall have the right to object to any distribution of

Disputed Funds to any holder of Senior Notes made during the Stay Period, such objection,

however, shall be limited to (i) material variance in the form or content of the Holder Affidavit

submitted by a holder of Senior Notes; or (ii) the veracity of statements in the Holder Affidavit,

provided that LDTC or Liverpool (x) notify the applicable Senior Indenture Trustee and the

applicable holder of Senior Notes in writing of its objection to distribution within fifteen (15) days

after delivery of the Holder Affidavit to LDTC and Liverpool; and (y) contemporaneously with

such notification to the Indenture Trustee, file an objection with this Court, and it is further

**ORDERED**, that nothing in this Order shall affect, limit or impair any rights of the Senior

Indenture Trustees under the terms of the Subsidiary Plans or their respective indentures in respect

of the holders of Senior Notes, and the Senior Indenture Trustees shall have the right to condition

any distributions upon reasonable protections and practical considerations in accordance with the

applicable indentures and industry practice, and the Senior Indenture Trustees shall be entitled to

conclusively rely upon documents submitted to them without any duty to investigate the veracity of

any statements contained therein, and it is further

**ORDERED** that the Senior Indenture Trustees shall invest all Disputed Funds, unless and/or

5

DLI-5982057v2

until distributed pursuant to the terms of this Order, in AAA rated securities or investments of similar risk, and it is further

**ORDERED** that the Distribution Trustee and the Senior Indenture Trustees shall be protected from liability to any person or entity by Section 4.1(c) of the Subsidiary Plans in connection with all distributions made in accordance with this Order, and it is further

**ORDERED** that the form of Holder Affidavit may be modified by written consent of LDTC, Liverpool and the applicable Senior Indenture Trustee or, if the parties cannot agree, upon further order of the Court, and it is further

**ORDERED** that to the extent necessary the procedures for distributions of Disputed Funds as set forth in this order may be modified in order to make distributions to holders of Senior Notes that hold such notes through the indirect holding system and shall be governed in all other respects by the terms of this Order, provided, however, that should it be deemed necessary to modify the procedures for distribution in any material respect, no distribution shall be made without the prior written consent of LDTC and Liverpool, which consent shall not be unreasonably withheld or delayed, or further order of this Court, and it is further

**ORDERED,** that if a Final Order is entered in the Guaranty Dispute that awards the Funds and Stock Subject to Appeal to LDTC and/or the holders of the 12 ¾% Notes, all Qualified Recipients who have received a distribution of Disputed Funds shall, within thirty (30) days of the date that written notice is sent by LDTC or Liverpool (pursuant to the notice provisions of the Holder Affidavit), return one hundred percent (100%) of the amount of his or her distribution received from the Senior Indenture Trustee, without interest earned after distribution to such Qualified Recipients, to the respective Senior Indenture Trustee making the distribution. Any such person or entity who fails or refuses to timely return such distribution to the applicable Senior Indenture Trustee shall be subject to the jurisdiction and further order of this Court (including an

6

DLI-5982057v2

order which may require payment of the distribution directly to LDTC and/or the holders of the 12 ¼% Notes); and it is further

**ORDERED**, that if a Final Order is entered in the Guaranty Dispute that awards the Funds and Stock Subject to Appeal to LDTC and/or the holders of the 12 ¾% Notes, all Funds and Stock Subject to Appeal held by the Senior Indenture Trustees, and all interest earned thereon by the Senior Indenture Trustees, shall be delivered to LDTC to the extent contemplated thereby within (i) thirty (30) days after such Final Order, with respect to Funds and Stock Subject to Appeal held by the Senior Indenture Trustees as of the date of such Final Order, or (ii) on the date on or before the fourth Friday after receipt by the respective Senior Indenture Trustee, with respect to distributions returned to the Senior Indenture Trustees pursuant to the foregoing paragraph; and it is further

**ORDERED**, that if a Final Order is entered in the Guaranty Dispute that affirms the Guaranty Decision, the stays set forth in this Order shall be dissolved, the obligations of the holders of the Senior Notes under the Holder Affidavit shall terminate, and the Senior Indenture Trustees may distribute any Funds and Stock Subject to Appeal held by them, and any interest earned thereon, to holders of the Senior Notes, as their interest may appear; and it is further

**ORDERED**, that until at least one year after the entry of a Final Order in the Guaranty Dispute, the Senior Indenture Trustees shall maintain records of all distributions made and interest earned on account of Funds and Stock Subject to Appeal, including (to the extent applicable) (i) the names and amounts distributed to each Qualified Recipient; and (ii) the address of such Qualified Recipient as of the date of distribution and any changes to such address information to the extent such change of address information is available to the Senior Indenture Trustees; the Senior Indenture Trustees shall, upon written request, deliver to counsel for LDTC and Liverpool a report containing such information; and it is further

**ORDERED**, that neither (a) the receipt by a Qualified Recipient of one or more

7

DLI-5982057v2

distributions pursuant to this Order nor (b) the compliance by said Qualified Recipient with any

conditions established at law, by this Order or by the Indenture Trustee or Indenture Trustees under

the indenture or indentures for the Senior Notes held by such Qualified Recipient for receipt of such

distribution or distributions shall in any way prejudice said Qualified Recipient's right to

distributions pursuant to their Allowed Claims under the Second Amended Joint Plan of

Reorganization of Kaiser Aluminum Corporation, Kaiser Aluminum & Chemical Corporation and

Certain of Their Debtor Affiliates which was confirmed by Order of this Court dated February 6,

2006; and it is further

      **ORDERED**, that the Court will retain jurisdiction to enforce this Order and the obligations

set out in the Holder Affidavit, including but not limited to any and all disputes and or clarifications

related to distributions to holders of the Senior Notes hereunder and any and all other terms of this

Order.

 

                                                              _____

                                                              Judith K. Fitzgerald
                                                              United States Bankruptcy Judge

8

## **EXHIBIT A**

## NOTEHOLDER AFFIDAVIT AND DISTRIBUTION AGREEMENT

This Noteholder Affidavit and Distribution Agreement (the "**Affidavit and Agreement**") is made as of the date specified below by or on behalf of _____ (the "**Holder**"), the record or beneficial holder of $_____ in principal amount of [10 7/8% Senior Notes/ 9 7/8% Senior Notes/ 7 ¼% SWD Revenue Bonds] (the "**Senior Notes**") who has tendered the Senior Notes in accordance with that certain Stipulated Order Regarding Law Debenture Trust Company's Motion for Continuation of Stay Pending Appeal dated as of _____, 2006 (the "**Stay Order**").

In order to be valid, (a) three (3) originals of this Affidavit and Agreement must be executed by an individual person who either is the Holder, or who has authority to execute this Affidavit and Agreement on behalf of the Holder; (b) the signature of the individual executing this Affidavit and Agreement must be guaranteed with a medallion stamp by a member of the NYSE Medallion Signature Program, and (c) one (1) original of this Affidavit and Agreement must be delivered to [the Applicable Indenture Trustee] in addition to the delivery of any electronic transmission as otherwise required by the indirect holding system; and the remaining two (2) originals of this Affidavit and Agreement must be delivered to Law Debenture Trust Company of New York ("**LDTC**") and Liverpool Limited Partnership ("**Liverpool**") in accordance with the Stay Order.

If this Affidavit and Agreement is executed by a party other than the Holder, the executing party represents and warrants that it has authority to execute this Affidavit and Agreement on behalf of the Holder.

The Holder hereby requests that [Applicable Senior Indenture Trustee] distribute the Holder's pro rata share of the Disputed Funds[1] as held by such indenture trustee, in accordance with the Stay Order. The Holder further makes the following representations, warranties and agreements in connection therewith for the benefit of the [applicable Senior Indenture Trustee] and those parties who would become entitled to the Funds Subject to Appeal based on any Final Order relating thereto.

1.      The Holder certifies, represents and warrants that the Holder was the sole beneficial or record owner of the Senior Notes and has tendered the Senior Notes on or before the date hereof in accordance with the direction provided to the Holder by the [applicable Senior Indenture Trustee] to (i) the Depository Trust Company ("DTC"), if such Senior Notes are held through DTC, and (ii) to the [applicable Senior Indenture Trustee], if such Senior Notes are held in certificated form.

2.      To the extent that the Holder is not the registered holder of a certificated Senior Note, the Holder certifies, represents and warrants that it is the beneficial holder or duly authorized representative of the beneficial holder of the Senior Notes, and the broker(s) that the Senior Notes were held through are correctly identified below and have been tendered in accordance with the Stay Order on or before the date hereof.

_____
(Broker)
Broker Participant No. _____

_____
Contact information


_____
(Broker)
Broker Participant No. _____

_____
Contact information

---

[1]      All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Stipulated Order Regarding Law Debenture Trust Company's Motion for Continuation of Stay Pending Appeal dated as of _____, 2006 and entered by with the United States Bankruptcy Court for the District of Delaware in Case No 02-10429(JKF) on _____, 2006 as Docket No _____.

2

3.    The Holder hereby indemnifies the [applicable Senior Indenture Trustee] and any other injured party from any loss that results from its wrongful or inaccurate completion and submission of this document or any documents submitted in connection herewith.

4.    In the event that a Final Order is entered reversing the Guaranty Decision, the Holder promises for the benefit of the prevailing parties in the dispute to return the amount of all distributions of Disputed Funds received by it after the date hereof, without interest earned after distribution to the Holder, to [the applicable Senior Indenture Trustee] within thirty (30) days after written notice of the entry of the Final Order that is provided in accordance with the terms of this Affidavit and Agreement.

5.    The Holder certifies and represents that as of the date hereof it has a "net worth" (defined as assets in excess of current and long term debt obligations, or, in the case of a financial manager, as assets under management in the fund in excess of current and long term debt obligations) in excess of $_____, which is at least two and one-half (2.5) times the principal amount of the Senior Notes held by the Holder.

6.    By this Affidavit and Agreement, the Holder acknowledges and agrees that it shall be directly responsible to the competing claimants for repayment to the [applicable Senior Indenture Trustee] of those Disputed Funds that the [applicable Senior Indenture Trustee] has distributed to the Holder after the date hereof in the event of a Final Order reversing the Guaranty Decision.  The Holder further acknowledges and agrees that the [applicable Senior Indenture Trustee] shall be under no obligation to defend or assist the Holder if it fails to comply with the agreements contained herein and the Bankruptcy Court orders related hereto, including the Stay Order.

3

7.    The Holder acknowledges and agrees that, pursuant to the terms of the Stay Order and the distributions permitted thereunder, [the applicable Senior Indenture Trustee] may be required to provide information regarding the Holder to requesting parties, including but not limited to address and/or contact information regarding the Holder. The Holder expressly grants [the applicable Senior Indenture Trustee] the right to provide any and all such requested information to a party seeking such information in furtherance of the terms of the Stay Order.

8.    The undersigned parties hereby agree that the Bankruptcy Court has jurisdiction to enforce the terms of the Stay Order against them and that, in addition to [the applicable Indenture Trustee] LDTC and Liverpool shall have standing to enforce this Affidavit and Agreement. Furthermore, the UNDERSIGNED PARTIES HEREBY CONSENT TO THE EXCLUSIVE JURISDICTION OF THE BANKRUPTCY COURT TO ENFORCE THIS AFFIDAVIT AND AGREEMENT AND EXPRESSLY WAIVE ANY RIGHT TO CONTEST SUCH JURISDICTION. THE UNDERSIGNED AGREE THAT SERVICE OF PROCESS BY REGISTERED MAIL, POSTAGE PREPAID, OR BY PERSONAL SERVICE AT THE ADDRESS SPECIFIED BELOW IS EFFECTIVE AND VALID AS TO THE UNDERSIGNED.

9.    At least sixty (60) days prior to any merger, acquisition, dissolution, winding up, liquidation or other similar event involving the Holder, the Holder shall notify counsel for the Indenture Trustee, LDTC and Liverpool in accordance with the notice provisions of this Affidavit and Agreement  The Holder shall take reasonable actions to ensure that the Holder, or any successor thereof, shall be able to satisfy its future obligations under this Affidavit and Agreement. The Holder also shall promptly provide the [applicable Indenture Trustee], LDTC and Liverpool with notice of any change of name or address of Holder.

4

10.     It is further agreed that any and all notices to the Holder required or permitted by the Stay Order and this Affidavit and Agreement shall be deemed effective on the date sent, via overnight delivery service, to the Holder at the address listed below the signature block, unless a new address shall be designated in writing by the Holder and delivered to [the applicable Indenture Trustee], LDTC and Liverpool in accordance with the notice provisions of this Affidavit and Agreement.

11.     It is further agreed that any and all notices to [the applicable Indenture Trustee], LDTC and Liverpool required or permitted by the Stay Order and this Affidavit and Agreement shall be deemed effective on the date sent, via overnight delivery service, to those parties at the addresses listed below, unless a new address shall be designated in writing by [the applicable Indenture Trustee], LDTC or Liverpool in accordance with the notice provisions of this Affidavit and Agreement.:

**If to [applicable Indenture Trustee]:**

[ADDRESS FOR INDENTURE TRUSTEE]

**If to LDTC:**

Gregory W. Nye, Esq.
Bingham McCutchen LLP
One State Street
Hartford, CT  06103

**If to Liverpool:**

K. John Shaffer, Esq.
Stutman, Treister & Glatt, P.C.
1901 Avenue of the Stars, 12 Floor
Los Angeles, CA  90067

12.     The undersigned parties hereby agree that this Affidavit and Agreement shall be enforceable by [the applicable Indenture Trustee], LDTC and/or Liverpool.

5

DLI-5982066v2

13.    The Holder agrees that should the Holder breach its obligations under this Affidavit and Agreement, [he/she/it] shall be liable for all attorneys' fees, costs and other expenses incurred in enforcing such obligations under this Affidavit and Agreement.

14.    It is further agreed that this Affidavit and Agreement shall be binding and enforceable against the Holder, its successors and assigns, jointly and severally.

15.    The Holder's obligations hereunder shall terminate upon a Final Order affirming the Guaranty Decision.

6

Dated:_____

<div style="margin-left:50%">

_____
[Name of Holder]
By_____
Its_____

Tax ID No._____

_____
_____
_____
ADDRESS FOR NOTICE
AND SERVICE OF PROCESS

</div>

By executing this Affidavit and Agreement, _____, duly sworn upon oath, hereby deposes and says that he or she (i) is over the age of 18, (ii) is familiar with the facts stated in this Affidavit and Agreement, (iii) believes that the facts stated in this Affidavit and Agreement (including all facts represented, warranted, or certified by the Holder) are true and correct, and (iv) either (a) is the individual Holder, or (b) has authority to execute this Affidavit and Agreement on behalf of the entity that is the Holder.

Signature guaranteed by member of the NYSE Medallion Signature Program:
(please stamp below)

7