Endorsed Order:

Motion for reconsideration denied.  The Court did not overlook any of the Plaintiffs' arguments in connection with its determination, including their suggestion of a disgorgement certificate.  That suggestion did not need to be expressly addressed by the Court in its decision.  It was never mentioned in papers, where it should have been raised, and lacked evidentiary support.  More fundamentally, it had no relation to any of the established standards for the requirement of a supersedeas bond.  It was unworthy of discussion.  Mentioned expressly in the Court's decision or not, it would not, as Plaintiffs argue, have "materially influenced and/or altered the Stay Decision."

Preliminarily, the Plaintiffs' undertaking suggestion was never raised in their papers, when the Plaintiffs knew of the Court's practice of reviewing papers in advance, and of considering points first raised at oral argument only upon a showing of why such points could not have been raised previously, which the Plaintiffs here did not even try to do.  Plaintiffs should have known that their failure to address the suggestion in their papers was inconsistent with the way this and every court considers matters for judicial determination.  Importantly, they put forth no evidence at the hearing to support the feasibility of disgorgement—such as the number, location and holdings of Unitholders who would have to disgorge, and how easy or difficult it would be to gather up any undertakings in the available time—and so far as the record reflects, never gave their opponents an opportunity to prepare for these contentions before the time of argument.  Their off the cuff discussion of the suggestion at oral argument—whether mentioned one time or six—was inappropriate for consideration for these reasons alone.  In fact, it now smacks of an attempt to materially amend, at oral argument, the entire theory of Plaintiffs' request for stay relief.

Then, the suggestion that the Plaintiffs say was ignored had nothing to do with the standards for considering a stay request or fixing a bond.  If anything, it was inconsistent with their position, since the Court's finding of irreparable injury was premised on the difficulty in getting distributions back.  Whether to stay a distribution and require a bond (and, if so, in what amount) was all that this Court needed to address in the Decision.  Plaintiffs' suggestion vis-à-vis disgorgement by the Unitholders was not relevant to the Court's resolution of those issues or the standards for that determination, discussed at length in the Decision.  That the need for a stay can be obviated by consensual agreement is obvious.  But opponents need not be forced to accept a suggestion thrown up at them at the time of oral argument at the risk of losing their rights as to the merits of the stay dispute.

Finally, that Plaintiffs did not even put the disgorgement proposal in writing until _after_ the Court issued the Decision, and that the proposal as communicated was much less than concrete, reinforces the Court's determination that reconsideration is inappropriate now.

Dated: New York, New York          ___*s/Robert E. Gerber*_____
       October 28, 2015            United States Bankruptcy Judge

Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL
SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, Washington
98101
Telephone:  206-623-7292
Email: steve@hbsslaw.com

*Co-Lead Counsel in the MDL Proceeding
for the Ignition Switch Plaintiffs and Certain
Non-Ignition Switch Plaintiffs*

Elizabeth J. Cabraser
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California
94111
Telephone:  414-956-1000
Email: ecabraser@lchb.com

*Co-Lead Counsel in the MDL Proceeding
for the Ignition Switch Plaintiffs and Certain
Non-Ignition Switch Plaintiffs*

Edward S. Weisfelner
**BROWN RUDNICK LLP**
Seven Times Square
New York, New York
10036
Telephone: 212-209-4800
Email: eweisfelner@brownrudnick.com

*Designated Counsel in the Bankruptcy
Proceeding for the Ignition Switch Plaintiffs
and Certain Non-Ignition Switch Plaintiffs*

Sander L. Esserman
**STUTZMAN, BROMBERG, ESSERMAN
& PLIFKA, P.C.**
2323 Bryan Street, Suite 2200
Dallas, Texas
75201
Telephone:  214-969-4900
Email:  esserman@sbep-law.com

*Designated Counsel in the Bankruptcy
Proceeding for the Ignition Switch Plaintiffs
and Certain Non-Ignition Switch Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
|     f/k/a General Motors Corp., *et al.*, | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------x

## NOTICE OF MOTION OF THE IGNITION SWITCH PLAINTIFFS AND CERTAIN NON-IGNITION SWITCH PLAINTIFFS FOR RECONSIDERATION OF THE DECISION AND ORDER ON REQUEST FOR STAY

**PLEASE TAKE NOTICE** that on the date hereof, the Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs (together, the "**Plaintiffs**")[1] have filed with the United States Bankruptcy Court for the Southern District of New York the annexed *Motion of the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs for Reconsideration of the Decision and Order on Request for Stay*, dated October 27, 2015 (the "**Motion**"), for relief from and modification of the Court's *Decision and Order on Request for Stay*, No. 09-50026, 2015 WL 5996780 (Bankr. S.D.N.Y. Oct. 14, 2015) [ECF No. 13501], as corrected [ECF No. 13503] (the "**Stay Decision**") and the *Order on Bench Decision and Order on Request for Stay*, entered October 27, 2015 [ECF No. 13516] (the "**Order**"), pursuant to Fed. R. Civ. P. 59(e), made applicable to these proceedings by Fed. R. Bankr. P. 9023; Fed. R. Civ. P. 60(b), made applicable to these proceedings by Fed. R. Bankr. P. 9024; Local Bankruptcy Rule 9023-1(a); and Bankruptcy Code Section 105, as more fully set forth in the Motion.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion, if requested by the Court pursuant to Paragraph 35 of *Case Management Order #3*, dated April 22, 2014 [ECF No. 12625], must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at

---

[1]    All capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Stay Decision.

2

www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) Brown

Rudnick LLP, 7 Times Square, 47th Floor, New York, New York 10036 (Attn: Edward S.

Weisfelner & Howard S. Steel) and (ii) Stutzman, Bromberg, Esserman & Plifka, P.C., 32323

Bryan Street, Ste. 220, Dallas, Texas 75201 (Attn: Sander L. Esserman), so as to be received on

a date to be determined by the Court.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 9023-1 of the Local

Bankruptcy Rules, no oral argument shall be heard unless the Court grants the Motion and

specifically orders that the matter be re-argued orally.

Dated:  New York, New York
       October 27, 2015

Respectfully submitted,

*/s/ Edward S. Weisfelner*

Edward S. Weisfelner
Howard S. Steel
**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
Telephone: 212-209-4800
Email: eweisfelner@brownrudnick.com
Email: hsteel@brownrudnick.com

-and-

Sander L. Esserman
**STUTZMAN, BROMBERG, ESSERMAN
& PLIFKA, P.C.**
2323 Bryan Street, Ste. 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Email: esserman@sbep-law.com

*Designated Counsel for Ignition Switch
Plaintiffs & Certain Non-Ignition Switch
Plaintiffs*

-and-

3

Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO
LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: 206-623-7292
Email: steve@hbsslaw.com

*Co-Lead Counsel in the MDL Proceeding for
the Ignition Switch Plaintiffs and Certain Non-
Ignition Switch Plaintiffs*

-and-

Elizabeth J. Cabraser
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
Email: ecabraser@lchb.com

*Co-Lead Counsel in the MDL Proceeding for
the Ignition Switch Plaintiffs and Certain Non-
Ignition Switch Plaintiffs*

4

Hearing Date and Time: To Be Determined
Objection Deadline: To Be Determined
Reply Deadline: To Be Determined

Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL
SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, Washington
98101
Telephone: 206-623-7292
Email: steve@hbsslaw.com

*Co-Lead Counsel in the MDL Proceeding
for the Ignition Switch Plaintiffs and Certain
Non-Ignition Switch Plaintiffs*

Edward S. Weisfelner
**BROWN RUDNICK LLP**
Seven Times Square
New York, New York
10036
Telephone: 212-209-4800
Email: eweisfelner@brownrudnick.com

*Designated Counsel in the Bankruptcy
Proceeding for the Ignition Switch Plaintiffs
and Certain Non-Ignition Switch Plaintiffs*

Elizabeth J. Cabraser
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California
94111
Telephone: 414-956-1000
Email: ecabraser@lchb.com

*Co-Lead Counsel in the MDL Proceeding
for the Ignition Switch Plaintiffs and Certain
Non-Ignition Switch Plaintiffs*

Sander L. Esserman
**STUTZMAN, BROMBERG, ESSERMAN
& PLIFKA, P.C.**
2323 Bryan Street, Suite 2200
Dallas, Texas
75201
Telephone: 214-969-4900
Email: esserman@sbep-law.com

*Designated Counsel in the Bankruptcy
Proceeding for the Ignition Switch Plaintiffs
and Certain Non-Ignition Switch Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.*, | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------x

# MOTION OF THE IGNITION SWITCH PLAINTIFFS AND CERTAIN NON-IGNITION SWITCH PLAINTIFFS FOR RECONSIDERATION OF THE DECISION AND ORDER ON REQUEST FOR STAY

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

BACKGROUND ......................................................................................................................3

BASIS FOR RELIEF ...............................................................................................................4

ARGUMENT ...........................................................................................................................4

I.    The Court's Failure To Consider A Disgorgement  Certificate Warrants
      Reconsideration Of The Stay Decision And Order.................................................4

II.   Alternatively, The Stay Decision And Order Should Be  Modified Or
      Amended Pursuant To Rule 60(b)(1) or (6)...............................................................8

      A.  Relief Is Warranted Under Rule 60(b)(1) Because, Notwithstanding
          That Plaintiffs Raised The Undertaking Argument Multiple Times During
          Oral Argument,  It Was Not Addressed In The Stay Decision And Order.........................8

      B.  Modifying The Stay Decision And Order Under Rule 60(b)(6)
          To Incorporate An Undertaking Is In The Interests of Justice...........................9

III.  Relief From The Stay Decision And Order  Is Warranted Under
      Bankruptcy Code Section 105. ...............................................................................10

CONCLUSION........................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Canfield v. Van Atta Buick/GMC Truck, Inc.,
127 F.3d 248 (2d Cir. 1997)........................................................................................8

Enron Corp. v. J.P. Morgan Secs. (In re Enron Corp.),
356 B.R. 343 (Bankr. S.D.N.Y. 2006).......................................................................5

Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs.,
Inc.),
290 B.R. 55 (Bankr. S.D.N.Y. 2003).........................................................................5

Francis v. Riso (In re Riso),
48 B.R. 244 (Bankr. D. N.H. 1985), aff'd, 57 B.R. 789 (D.N.H. 1986)..........10, 11

Gey Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.),
346 F.3d 31 (2d Cir. 2003)......................................................................................8, 9

Griffin Indus. v. Petrojam, Ltd.,
72 F.Supp.2d 365 (S.D.N.Y. 1999) ...........................................................................5

In re Adelphia Communications Corp.,
No. 02-41729 (REG) (Bankr. S.D.N.Y.) ...............................................................2, 7

In re AMC Realty Corp.,
270 B.R. 132 (Bankr. S.D.N.Y. 2001)....................................................................8, 9

In re BearingPoint, Inc.,
453 B.R. 486 (Bankr. S.D.N.Y. 2011)....................................................................8, 9

In re Henning,
420 B.R. 773 (Bankr. W.D. Tenn. 2009)...................................................................5

In re Indu Craft, Inc.,
No. 97-44958-RDD, 2011 WL 2619501 (Bankr. S.D.N.Y. July 1, 2011), aff'd,
580 F. App'x 33 (2d Cir. 2014), cert. denied, 135 S. Ct. 2868 (2015) .....................5

In re Kaiser Aluminum Corp.,
No. 02-10429 (Bankr. D. Del. Mar. 7, 2006)..................................................2, 6, 7, 8

In re Motors Liquidation Co.,
No. 09-50026 (REG), 2015 WL 5996780 (Bankr. S.D.N.Y. Oct. 14, 2015) ........1, 3

In re Rideout,
86 B.R. 523 (Bankr. N.D. Ohio 1988) .....................................................................10

In re Weinstein,
    245 B.R. 188 (Bankr. E.D.N.Y. 2000)................................................................6

In re WorldCom, Inc.,
    329 B.R. 10 (Bankr. S.D.N.Y. 2005)................................................................6

Kingdom 5-KR-41 v. Star Cruises PLC,
    Nos. 01 Civ. 2946, 01 Civ. 7670 (DLC), 2005 U.S. Dist. LEXIS 762
    (S.D.N.Y. Jan. 20, 2005)................................................................4

LeBlanc v. Cleveland,
    248 F.3d 95 (2d Cir. 2001)................................................................9

Marrero Pichardo v. Ashcroft,
    374 F.3d 46 (2d Cir. 2004)................................................................10

Mission Iowa Wind Co. v. Enron Corp. (In re Enron),
    291 B.R. 39 (S.D.N.Y. 2003)................................................................7

Paddington Partners v. Bouchard,
    34 F.3d 1132 (2d Cir. 1994)................................................................8

Pollard v. Does,
    452 F. App'x 38 (2d Cir. 2011), cert. denied, 132 S. Ct. 2399 (2012) ....................8

Samuel's Temple Church of God in Christ v. Parade Place, LLC (In re Parade
    Place, LLC),
    508 B.R. 863 (Bankr. S.D.N.Y. 2014)................................................................5

Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C.,
    556 F. Supp. 2d 329 (S.D.N.Y. 2008)................................................................6

Shrader v. CSX Transp.,
    70 F.3d 255 (2d Cir. 1995)................................................................6

United Airlines, Inc. v. Brien,
    588 F.3d 158 (2d Cir. 2009)................................................................9

**STATUTES**

11 U.S.C. § 105(a) ................................................................1, 2, 4, 10, 11

Fed. R. Bankr. P. 9023 ................................................................1, 4

Fed. R. Bankr. P. 9024 ................................................................1, 4

Fed. R. Civ. P. 59 ................................................................4

Fed. R. Civ. P. 59(e) ................................................................1, 2, 4, 5

Fed. R. Civ. P. 60(b) ...........................................................................................................1, 2, 4

Fed. R. Civ. P. 60(b)(1)......................................................................................................8, 9

Fed. R. Civ. P. 60(b)(6)......................................................................................................9, 10

Local Bankruptcy Rule 9023-1(a) .....................................................................................1, 4, 5

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

The Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs (together, the

"**Plaintiffs**")[1] submit this motion for reconsideration (the "**Motion**") of the *Decision and Order*

*on Request for Stay*, No. 09-50026, 2015 WL 5996780 (Bankr. S.D.N.Y. Oct. 14, 2015) [ECF

No. 13501], as corrected [ECF No. 13503] (the "**Stay Decision**") and the *Order on Bench*

*Decision and Order on Request for Stay*, entered October 27, 2015 [ECF No. 13516] (the

"**Order**"), pursuant to Fed. R. Civ. P. 59(e) made applicable to these proceedings by Fed. R.

Bankr. P. 9023, Fed. R. Civ. P. 60(b) made applicable to these proceedings by Fed. R. Bankr. P.

9024, Local Bankruptcy Rule 9023-1(a), and Bankruptcy Code Section 105, and state as follows:

## PRELIMINARY STATEMENT

1.       By the Stay Decision and Order, the Court granted Plaintiffs' request for a stay of

the Anticipated November 2015 Distribution, conditioned on Plaintiffs posting a $10.6 million

*supersedeas* bond. Because the Stay Decision overlooked Plaintiffs' argument that the

Anticipated November 2015 Distribution should be made subject to a disgorgement certificate in

lieu of a bond, the Court should reconsider the Stay Decision and modify the Order to remove

the bond requirement.  In its place, the Court should condition the Anticipated November 2015

Distribution on an undertaking by Unitholders (or at a minimum Participating Unitholders) to

return any funds distributed, with interest only at the rate of return the GUC Trust Administrator

is currently realizing on Permissible Investments (*i.e.*, 0.12%), only if, and when, Plaintiffs

---

[1]    All capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Stay
Decision.

succeed on appeal of the equitable mootness holding in the April 15, 2015 Decision and June 1, 2015 Judgment.[2]

2.    That Plaintiffs first raised the concept of a disgorgement certificate in lieu of a bond at oral argument is no bar to this Court's consideration.  Likewise, Plaintiffs are not seeking to take a second bite at the apple or advance new facts or arguments.  Indeed, Plaintiffs' counsel raised the undertaking concept no less than six times at oral argument.[3]  Yet the Stay Decision did not address it.  This Motion is filed to remedy that oversight.

3.    There is ample precedent for using disgorgement in lieu of a bond in analogous situations.  Both Kaiser Aluminum and Adelphia, discussed in more depth below, approved of the concept of disgorgement in lieu of a bond.[4]  Due consideration of Plaintiffs' undertaking/disgorgement argument and the applicable authorities  may be made under Federal Rules 59(e) or 60(b), in addition to Bankruptcy Code Section 105(a), and should convince the Court to reconsider the Stay Decision and modify the Order.

4.    The requested modification represents a practical, fair, and flexible result that would not only eliminate any perceived "lost opportunity" costs and prejudice to Unitholders

---

[2]    If Plaintiffs are successful on appeal, then Unitholders would only have to return distributions with interest at a fraction of the rate of return the GUC Trust Administrator put on the record for "lost opportunity" costs (*i.e.*, 0.12% as compared to the 13.82% Weighted Average Protection Return Rate proposed by the GUC Trust Administrator, or approximately 0.009% of the Unitholders' anticipated returns according to the GUC Trust Administrator).  The remainder of any returns realized by Unitholders during pendency of the appeal may be retained under Plaintiffs' proposal.

[3]    Plaintiffs made a formal request to the GUC Trust Administrator and Participating Unitholders following the Stay Decision to consider a disgorgement agreement in lieu of this Motion.  That request and the responses are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

[4]    *See Stipulated Order Regarding Law Debenture Trust Company's Motion for Continuation of Stay Pending Appeal*, at 3, 6-7, In re Kaiser Aluminum Corp., No. 02-10429 (Bankr. D. Del. Mar. 7, 2006) [Docket No. 8370], a copy of which is attached as **Exhibit C**; *First Modified Fifth Amended Joint Chapter 11 Plan For Adelphia Communications Corporation And Certain Of Its Affiliated Debtors*, In re Adelphia Comme'ns Corp., No. 02-41729 (REG) (dated as of Jan. 3, 2007) (the "**Adelphia Plan**"), attached as **Exhibit D**; *see also Order Confirming Modified Fifth Amended Joint Chapter 11 Plan For Adelphia Communications Corporation And Certain Of Its Affiliated Debtors*, In re Adelphia Comme'ns Corp., No. 02-41729 (REG) (Bankr. S.D.N.Y. Jan. 5, 2007) [ECF No. 12952], attached as **Exhibit E**.

(who are always free to sell their Units on a liquid market), but also protects Plaintiffs' rights to GUC Trust Assets should they prevail on appeal, without the undue burden of requiring class action victims to post a $10.6 million bond.

## **BACKGROUND**

5.     On September 22 and September 24, 2015, the Court conducted an evidentiary hearing to determine, *inter alia*, whether to grant a stay of the Anticipated November 2015 Distribution pending Plaintiffs' appeal of the equitable mootness ruling.

6.     No less than six times during the hearing, counsel for Plaintiffs proposed a pragmatic solution to the concern that a stay would prejudice Unitholders and thus necessitate a bond.  To wit, Plaintiffs' counsel argued that the Court should allow the GUC Trust Administrator to make the Anticipated November 2015 Distribution subject to disgorgement in lieu of a bond.[5]

7.     In the Stay Decision, the Court acknowledged that whether a *supersedeas* bond is necessary is a matter within its discretion and that "a bond is not mandatory."  See In re Motors Liquidation Co., No. 09-50026 (REG), 2015 WL 5996780, at *7 (Bankr. S.D.N.Y. Oct. 14, 2015).  However, the Court held that the "requirements for a stay [in the instant case] . . . would be satisfied if, but only if, a satisfactory bond were posted . . . to protect GUC Trust Unitholders from the substantial loss they would suffer by reason of unjustified delay in receiving their GUC Trust distributions . . . ."  Id. at *3.

8.     The Court's Stay Decision failed to mention Plaintiffs' undertaking argument.

---

[5]     See Sept. 24, 2015 Tr. of Evid. Hr'g re: Request for Stay ("Sept. 24 Tr.") 11:11-12:24; 16:14-17:8; 23:21-24:12; 25:17-26:8; 63:25-64:21; 65:19-66:5.  The relevant excerpts of the September 24, 2015 Hearing Transcript are attached as **Exhibit F**.

## BASIS FOR RELIEF

9.      The Court's failure to consider disgorgement in lieu of a bond warrants reconsideration under Federal Rule of Civil Procedure 59(e) and Bankruptcy Rule 9023. Alternatively, Plaintiffs seek relief from the bond requirement pursuant to Federal Rule of Civil Procedure 60(b) and Bankruptcy Rule 9024, along with Bankruptcy Code Section 105(a). Upon reconsideration of the Stay Decision, the Court should modify the Order to remove the stay on the Anticipated November 2015 Distribution conditioned on an undertaking requirement as set forth herein.

## ARGUMENT

**I.    The Court's Failure To Consider A Disgorgement
Certificate Warrants Reconsideration Of The Stay Decision And Order.**

10.     Federal Rule 59, made applicable to this matter pursuant to Bankruptcy Rule 9023, allows parties to seek alteration or amendment of a judgment. See Fed. R. Civ. P. 59. "Rule 59(e) also allows courts to 'rectify their own mistakes in the period immediately following entry of judgment.'" Kingdom 5-KR-41 v. Star Cruises PLC, Nos. 01 Civ. 2946, 01 Civ. 7670 (DLC), 2005 U.S. Dist. LEXIS 762, at *7 (S.D.N.Y. Jan. 20, 2005) (quoting White v. Dep't of Emp't Sec., 455 U.S. 445, 450 (1982)).

11.     In this District, motions for reargument or reconsideration are governed by Local Rule 9023-1, which provides:

> A motion for reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be

4

heard unless the Court grants the motion and specifically orders
that the matter be re-argued orally.

L.B.R. 9023-1(a).

12.     "The standard applicable to motions for reargument [under Local Rule 9023-1] is
identical to that applicable to motions to alter or amend a judgment under Federal Rule of Civil
Procedure 59(e)."  Samuel's Temple Church of God in Christ v. Parade Place, LLC (In re Parade
Place, LLC), 508 B.R. 863, 868 (Bankr. S.D.N.Y. 2014) (Glenn, J.) (citations omitted).

13.     Under Federal Rule 59(e) and Local Rule 9023-1(a), a party must show that "the
Court overlooked controlling decisions or factual matters that might materially have influenced
the earlier decision or, alternatively, the need to correct a clear error or prevent manifest
injustice."  In re Indu Craft, Inc., No. 97-44958-RDD, 2011 WL 2619501, at *2 (Bankr.
S.D.N.Y. July 1, 2011), aff'd, 580 F. App'x 33 (2d Cir. 2014), cert. denied, 135 S. Ct. 2868
(2015); see also Griffin Indus. v. Petrojam, Ltd., 72 F.Supp.2d 365, 368 (S.D.N.Y. 1999) (setting
forth the standard applicable to motions brought under Federal Rule 59); Family Golf Ctrs., Inc.
v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.), 290 B.R. 55, 58, 61 & n.4
(Bankr. S.D.N.Y. 2003) (granting motion for reargument on opinion denying motion to dismiss).

14.     "The 'manifest injustice' contemplated by Federal Rule 59(e) is an amorphous
concept with no hard line definition."  In re Henning, 420 B.R. 773, 785 (Bankr. W.D. Tenn.
2009) (internal citation omitted).  "[A] finding of manifest injustice in a civil matter requires the
presence of either some unfair advantages taken by an opposing party *or clear inequity
warranting relief* . . . ."  Enron Corp. v. J.P. Morgan Secs. (In re Enron Corp.), 356 B.R. 343, 363
(Bankr. S.D.N.Y. 2006) (emphasis added).

15.     During oral argument, Plaintiffs asserted that any need for a bond could be
obviated by permitting the GUC Trust Administrator to make the Anticipated November 2015

5

Distribution subject to an undertaking by Unitholders to repay the distribution if Plaintiffs succeed on the equitable mootness appeal.  See, e.g., Sept. 24 Hr'g Tr. 9:3-13:4.  That critical argument is not addressed in the Stay Decision and Order.  Accordingly, reconsideration is warranted to remedy the Court's failure to address a matter that may have materially influenced and/or altered its Stay Decision.  See Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995) (affirming district court's decision to reconsider ruling that failed to take into account "additional relevant case law and substantial legislative history" that movant had presented); Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C., 556 F. Supp. 2d 329, 332 (S.D.N.Y. 2008) (granting motion for reconsideration where issue to be reconsidered was raised for the first time on reply).

16.    That Plaintiffs first raised the undertaking argument at the hearing is no bar to the Court's consideration.  See In re WorldCom, Inc., 329 B.R. 10, 14-15 (Bankr. S.D.N.Y. 2005) (considering claimant's damages argument raised for the first time at the hearing on the objection to its claim); In re Weinstein, 245 B.R. 188, 190-92 (Bankr. E.D.N.Y. 2000) (court considered and reserved decision on debtor's argument raised for first time at hearing regarding creditors' untimely filing of an order in connection with a motion).

17.    Reconsideration here is particularly appropriate given the existing precedent for disgorgement in lieu of a bond as set forth in In re Kaiser Aluminum Corp., No. 02-10429 (Bankr. D. Del. Mar. 7, 2006).[6]  There, the court ruled, in relevant part, that certain senior

---

[6]    In Kaiser Aluminum, indenture trustees for junior noteholders moved for a stay of distributions pursuant to the confirmed plan, pending an appeal of the Court's decision ruling that senior noteholders were permitted to receive the disputed funds.  See Motion of Law Debenture Trust Company of New York for Continuation of Stay Pending Appeal, In re Kaiser Aluminum Corp., No. 02-10429 (Bankr. D. Del. Jan. 3, 2006) [ECF No. 8049]; Response of the Liverpool Limited Partnership in Support of Motion of Law Debenture Trust Company of New York for Continuation of Stay Pending Appeal, In re Kaiser Aluminum Corp., No. 02-10429 (Bankr. D. Del. Jan. 6, 2006) [ECF No. 8088]; Statement of Deutsche Bank Trust Company, N.A., as Successor Trustee, on Motion of Law Debenture Trust Company of New York for Continuation of Stay Pending Appeal, In re Kaiser Aluminum Corp., No. 02-10429 (Bankr. D. Del. Jan. 9, 2006) [ECF No. 8098]; attached hereto as **Exhibit G**.  In response, the debtors, creditors' committee, and senior noteholders objected to the motion, arguing that a stay of distributions should not be granted because, inter alia, "[d]istributions to the Senior Noteholders [could] be

noteholders were entitled to receive *pro rata* distributions of funds and/or stock under a chapter

11 plan. But instead of conditioning a stay of those distributions on the posting of a bond, the

court authorized senior noteholders to receive distributions, subject to an obligation to disgorge

them if the underlying order was overturned on appeal.[7]

18.     An undertaking was also deployed in <u>In re Adelphia Communications Corp.</u>, No.

02-41729 (REG) (Bankr. S.D.N.Y.).[8]  In <u>Adelphia</u>, this Court approved a chapter 11 plan that

provided for the disgorgement of distributions made to prepetition lenders if the lenders' claims

were subsequently disallowed or subordinated, rather than a bond.[9]

19.     Plaintiffs' argument for a disgorgement certificate in lieu of a bond directly tracks

<u>Adelphia</u> and <u>Kaiser Aluminum</u>.  Plaintiffs' proposal represents a pragmatic and flexible solution

and is well-supported by existing precedent.  Therefore, the Court should reconsider the Stay

Decision and modify the Order to adopt a disgorgement certificate in lieu of the bond.  As in

<u>Kaiser</u>, a disgorgement certificate here will allow Unitholders to invest the funds they receive

from the Anticipated November 2015 Distribution during the pendency of the appeal subject to

---

conditioned on each holders' agreement to disgorge such funds and to submit to the Court's jurisdiction to
enforce such agreements" should the underlying order be reversed.  <u>See</u> *Objection of Debtors and Debtors in
Possession, U.S. Bank National Association, as Indenture Trustee for 10-7/8% Noteholders, Certain Holders of
Senior Notes, Official Committee of Unsecured Creditors and Certain Holders of, and the Indenture Trustee
for, the 7-3/4% SWD Revenue Bonds to Law Debenture Trust Company of New York's Motion for Stay Pending
Appeals*, <u>In re Kaiser Aluminum Corp.</u>, No. 02-10429 (Bankr. D. Del. Jan. 9, 2006) [ECF No. 8100], attached
hereto as **Exhibit H**.   Ultimately, all parties reached an agreement to permit distributions subject to
disgorgement and submitted an agreed-upon proposed order prior to the Court's entry of the stipulated order.
<u>See</u> *Certification of Counsel Regarding Stipulated Order Regarding Law Debenture Trust Company's Motion
for Continuation of Stay Pending Appeal*, <u>In re Kaiser Aluminum Corp.</u>, No. 02-10429 (Bankr. D. Del. Feb. 24,
2009) [ECF No. 8337], attached hereto as **Exhibit I**.

[7]     <u>See</u> Ex. C, at 2-3; <u>see also</u> <u>Mission Iowa Wind Co. v. Enron Corp. (In re Enron)</u>, 291 B.R. 39, 42 (S.D.N.Y.
2003) (finding that sale proceeds could be subject to future "reallocation" if allocation order were reversed).

[8]     Adelphia Plan §§ 5.2(c)(i), (c)(iv).

[9]     <u>See</u> Adelphia Plan § 5.2(c)(iv) (providing, *inter alia*, that should a Lender's claim be waived, subordinated or
disallowed after a Lender had "received under the Plan a distribution in an amount greater than that to which
such [Lender] would have been entitled" should the litigation have concluded prior to the plan's effective date,
the Lender would "promptly pay such [excess], including interest thereon at [a prime rate of interest]  to the
date of payment, in immediately available funds to the [Trust]").

return only upon Plaintiffs' success on appeal and at a fraction of the interest the GUC Trust

Administrator put in the record regarding "lost opportunity" costs. Accordingly, the Court

should grant the Motion and modify the Order to incorporate a disgorgement certificate in lieu of

a bond.

## II.    Alternatively, The Stay Decision And Order Should Be
Modified Or Amended Pursuant To Rule 60(b)(1) or (6).

### A.    Relief Is Warranted Under Rule 60(b)(1) Because, Notwithstanding
That Plaintiffs Raised The Undertaking Argument Multiple Times During
Oral Argument, It Was Not Addressed In The Stay Decision And Order.

20.    Granting relief from an order or judgment is within the broad discretion of the

court. See In re AMC Realty Corp., 270 B.R. 132, 143 (Bankr. S.D.N.Y. 2001) (citing Nemaizer

v. Baker, 793 F.2d 58, 61-62 (2d Cir. 1986)). In exercising this discretion, courts balance the

policy of serving the ends of justice against the policy of finality. See Paddington Partners v.

Bouchard, 34 F.3d 1132, 1144 (2d Cir. 1994).

21.    Rule 60(b)(1) states, in pertinent part, that "the court may relieve a party . . . from

a final judgment . . . for . . . mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ.

P. 60(b)(1). In the Second Circuit, "excusable neglect" under Rule 60(b) "has its normal,

expected meaning: inadvertence, carelessness, and mistake." Canfield v. Van Atta Buick/GMC

Truck, Inc., 127 F.3d 248, 250 (2d Cir. 1997) (citations omitted); Pollard v. Does, 452 F. App'x

38, 40 (2d Cir. 2011) (same), cert. denied, 132 S. Ct. 2399 (2012).

22.    Thus, Rule 60(b)(1) is available to correct errors of law and fact made by a court.

See In re BearingPoint, Inc., 453 B.R. 486, 495-96 (Bankr. S.D.N.Y. 2011) (holding, in part, that

Court's failure to consider all relevant factors that could impact a litigation was "[b]y itself, [a]

mistake of fact [that] supports Rule 60(b) relief" given that "[i]t's well established in this Circuit,

if not also elsewhere, that a judge's mistake of fact can support an award of 60(b) relief"); Gey

Assocs. Gen. P'ship v. 310 Assocs. (In re 310 Assocs.), 346 F.3d 31, 35 (2d Cir. 2003) (holding

that "a bankruptcy court has the authority to reopen a judgment based on its own mistake of fact

[or law]" under Rule 60(b)(1)); see also United Airlines, Inc. v. Brien, 588 F.3d 158, 175-76 (2d

Cir. 2009) (same).

23.     The Stay Decision should be reconsidered and the Order modified on the basis of

the Court's mistake, inadvertence, or excusable neglect.   Plaintiffs' counsel raised the

undertaking argument no less than six times at the hearing; yet the Stay Decision does not

address it.   Whether by mistake, inadvertence or excusable neglect, the Court overlooked the

undertaking argument.   This situation is precisely the type of event that warrants relief under

Rule 60(b)(1), which permits bankruptcy judges to "reopen" their judgments.   See In re

BearingPoint, Inc., 453 B.R. at 495-96; In re 310 Assocs., 346 F.3d at 35.   Accordingly, cause

exists under Rule 60(b)(1) to grant Plaintiffs relief from the Stay Decision and to modify the

Order to include a disgorgement certificate in lieu of a bond.

### B.     Modifying The Stay Decision And Order Under Rule 60(b)(6) To Incorporate An Undertaking Is In The Interests of Justice.

24.     Relief under Rule 60(b)(6) may be warranted for any reason justifying relief not

otherwise recognized in clauses (1)-(5).   See In re AMC Realty Corp., 270 B.R. at 143.   Rule

60(b)(6) is "liberally construed when substantial justice will thus be served" by granting relief

from a judgment or order when a judgment may work an extreme and undue hardship.   LeBlanc

v. Cleveland, 248 F.3d 95, 100 (2d Cir. 2001) (internal citation omitted); see also In re AMC

Realty Corp., 270 B.R. at 143 (noting that rule's purpose is "to do justice in a particular case

when relief is not warranted by the [other Rule 60(b)] clauses").

25.     Indeed, "[s]ubpart (6) 'confers broad discretion on the trial court to grant relief

when appropriate to accomplish justice [and] it constitutes a *grand reservoir of equitable power*

to do justice in a particular case." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55-56 (2d Cir. 2004) (granting motion to reconsider based on issues of law and fact that were not considered by court when underlying order entered originally) (emphasis added) (internal citation omitted).

26.     The Court's reconsideration of the Stay Decision to consider disgorgement in lieu of a bond would serve the interests of justice.  As articulated by Plaintiffs' counsel at the hearing, the merits of disgorgement in lieu of a *supersedeas* bond are manifold.   It would not delay the Anticipated November 2015 Distribution while Plaintiffs appeal the equitable mootness ruling. Upon receipt of the Anticipated November 2015 Distribution, the Unitholders would be free to invest the distributions as they deemed fit.  It also would protect Plaintiffs' rights to GUC Trust Assets if they succeed on the equitable mootness appeal, and would avoid the hardship that a $10.6 million bond imposes on Plaintiffs.  By fully protecting the Unitholders' rights while the appeal of the equitable mootness decision is pending and also giving Plaintiffs a fair chance to mount a full appeal, disgorgement in lieu of a bond will serve substantial justice.  See Marrero Pichardo, 374 F.3d at 55.  For those reasons, relief under Rule 60(b)(6) is appropriate in the interests of justice, and the Order should be modified to permit the Anticipated November 2015 Distribution, subject to disgorgement in lieu of a *supersedeas* bond.

**III.    Relief From The Stay Decision And Order
         Is Warranted Under Bankruptcy Code Section 105.**

27.     Finally, the Bankruptcy Court has the authority under Bankruptcy Code Section 105(a) to modify the Stay Decision and Order to include disgorgement in lieu of a *supersedeas* bond.  See 11 U.S.C. § 105(a); In re Rideout, 86 B.R. 523, 530 (Bankr. N.D. Ohio 1988) (bankruptcy court may use its inherent power to correct its own mistakes under Section 105(a)); Francis v. Riso (In re Riso), 48 B.R. 244, 247 (Bankr. D. N.H. 1985) ("the equitable powers of

the bankruptcy court can be used to fill a gap in an unusual procedural situation without doing violence to specific provisions of the bankruptcy laws"), aff'd, 57 B.R. 789 (D.N.H. 1986).

28.     The equities weigh heavily in favor of reconsidering the Stay Decision to address the undertaking argument.  Under Bankruptcy Code Section 105(a), the Court may correct its failure to consider the viability of using disgorgement in lieu of a *supersedeas* bond pursuant to its own inherent power.  Given the equitable solution the undertaking presents to both the Unitholders and Plaintiffs, relief pursuant to Bankruptcy Code Section 105(a) is particularly appropriate here.

## CONCLUSION

WHEREFORE, Plaintiffs request that the Court enter an order granting the Motion and reconsidering the Stay Decision to address the undertaking argument and modifying the Order to require disgorgement in lieu of the $10.6 million *supersedeas* bond.

Dated:  New York, New York
          October 27, 2015

Respectfully submitted,

 */s/ Edward S. Weisfelner*

Edward S. Weisfelner
Howard S. Steel
**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
Telephone: 212-209-4800
Email: eweisfelner@brownrudnick.com
Email: hsteel@brownrudnick.com

-and-

Sander L. Esserman
**STUTZMAN, BROMBERG, ESSERMAN
& PLIFKA, P.C.**
2323 Bryan Street, Ste. 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Email: esserman@sbep-law.com

*Designated Counsel for Ignition Switch*
*Plaintiffs & Certain Non-Ignition Switch*
*Plaintiffs*

-and-

Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO
LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: 206-623-7292
Email: steve@hbsslaw.com

*Co-Lead Counsel in the MDL Proceeding for*
*the Ignition Switch Plaintiffs and Certain Non-*
*Ignition Switch Plaintiffs*

-and-

Elizabeth J. Cabraser
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
Email: ecabraser@lchb.com

*Co-Lead Counsel in the MDL Proceeding for*
*the Ignition Switch Plaintiffs and Certain Non-*
*Ignition Switch Plaintiffs*