# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

October 30, 2015

**VIA E-MAIL TRANSMISSION AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

        Re:    **In re Motors Liquidation Company,** *et al.*
                **Case No. 09-50026 (REG)**
                **Explanatory Letter With Respect to Peller Clients Complaints**

Dear Judge Gerber:

      Pursuant to Your Honor's October 19, 2015 Endorsed Order [Dkt. No. 13506], General Motors LLC ("**New GM**") submits this letter setting forth its position with respect to the Marked Peller Client Complaints (as defined in the Endorsed Order), attached hereto as Exhibits "A" through "C."[1] Initially, New GM notes that the *Elliott*, *Sesay* and *Bledsoe* lawsuits are currently stayed in MDL 2543, and the Peller Client Complaints raise substantially similar issues as those addressed by New GM in the Marked MDL Complaint and its accompanying explanatory letter. In this regard, just like the MDL Complaint, the Peller Client Complaints include parties, factual allegations and claims that violate this Court's Judgment, Decision, and Sale Order,[2] and are highlighted with different colors as follows: (1) blue, for named plaintiffs and plaintiff classes/subclasses asserting claims based on Old GM vehicles; (2) green, for allegations based on Old GM conduct that support claims for Retained Liabilities; (3) yellow, for allegations seeking to impute wholesale Old GM's knowledge to New GM, and (4) pink, for allegations related to punitive damages, which were not assumed by New GM.

---

[1] New GM incorporates by reference (i) its Opening and Reply Briefs regarding the Punitive Damages Issue, dated September 13, 2015 and September 22, 2015, respectively [Dkt. Nos. 13437 and 13460]; (ii) its Opening and Reply Briefs regarding the Imputation Issue, dated September 18, 2015 and September 30, 2015, respectively [Dkt. No. 13451 and 13482]; and (iii) its explanatory letters regarding other marked complaints (*see* Dkt. Nos. 13456, 13466, 13469 and 13470).

[2] Judgment, entered on June 1, 2015 ("**Judgment**"); *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015) ("**Decision**"); and Order, dated July 5, 2009 ("**Sale Order**").

Honorable Robert E. Gerber
October 30, 2015
Page 2

If the Court agrees with New GM's arguments, all Old GM vehicle plaintiffs and all Old GM conduct allegations and corresponding causes of action will be stricken.[3] ***Every*** cause of action in the Peller Client Complaints asserted by Old GM vehicle plaintiffs and/or arising from Old GM conduct—including but not limited to (a) violations of RICO, (b) fraud, (c) negligent infliction of economic loss and increased risk under common law, (d) violations of consumer protection statutes, (e) breach of implied warranty of merchantability, and (f) civil conspiracy and joint action or aiding and abetting—are Retained Liabilities and should be stricken. Therefore, assuming New GM's arguments prevail, the Peller Client Complaints will be properly narrowed to address only New GM vehicle plaintiffs, New GM conduct allegations, and corresponding causes of action.

***Blue Coded Allegations:*** The Peller Client Complaints identify named plaintiffs and proposed classes of plaintiffs who purchased vehicles manufactured and sold by Old GM before the 363 Sale.[4] Although plaintiffs assert that the Peller Client Complaints do not include successor liability claims, that is not the case. The Judgment held that "all claims and/or causes of action that the Ignition Switch Plaintiffs may have against New GM concerning an Old GM vehicle or part seeking to impose liability or damages based in whole or in part on Old GM conduct (including, without limitation, on any successor liability theory of recovery) are barred and enjoined pursuant to the Sale Order." Judgment, ¶ 9; *see also In re Motors Liquidation Co*, 534 B.R. 542, 553 (Bankr. S.D.N.Y. 2015) (stating, in connection with the *Bledsoe* Plaintiffs' motion to amend the Judgment, "[i]f it is to argue that successor liability claims can still be asserted, notwithstanding the Court's extensive analysis and conclusions to the contrary, that is not a matter the Court overlooked; it is a matter for appeal." (footnote omitted)).

Further, certain of the Peller Client Complaints identify named plaintiffs and portions of proposed classes who purchased used Old GM vehicles after the closing of the 363 Sale from third parties with no connection to New GM. The inclusion of such plaintiffs' claims violates the Decision, which held that "if the Sale Order and Injunction would have applied to the original owner who purchased the vehicle prior to the 363 Sale, it equally applies to the current owner who purchased the vehicle after the 363 Sale." Decision, 529 B.R. at 572. The claims of plaintiffs who purchased Old GM vehicles from Old GM or from a third party unrelated to New GM—whether before or after the closing of the 363 Sale—should be stricken.

This is particularly true with regard to Non-Ignition Switch Plaintiffs in the Peller Client Complaints. The Court held that with respect to Non-Ignition Switch Plaintiffs, the Sale Order prohibits all claims against New GM that are not Assumed Liabilities. In other words, the Sale Order was modified to allow only Ignition Switch Plaintiffs (not Non-Ignition Switch Plaintiffs)

---

[3] The *Bledsoe* complaint appears to assert, among others, product liability claims resulting from accidents that took place before and after the closing of the sale from Old GM to New GM. New GM assumed "Product Liabilities" (as defined in the Sale Agreement) for post-363 Sale accidents. As such, to the extent the *Bledsoe* complaint asserts assumed Product Liabilities, those claims would not be barred by the Sale Order. Note, however, that New GM disputes any and all liability for such claims.

[4] New GM did not mark every reference to "Plaintiffs", "Class members", "Class members' vehicle" and the like because it would have made the marked complaints overly cumbersome to review. Nonetheless, because such terms include Old GM vehicle owners and Old GM vehicles, such terms should be deemed to be marked.

Honorable Robert E. Gerber
October 30, 2015
Page 3

to assert Independent Claims that would otherwise be barred by the Sale Order.[5] In the absence of any exclusion for Independent Claims, there is no theory pursuant to which the Non-Ignition Switch Plaintiffs can pursue any claim premised on any Old GM vehicle.

*Green Coded Allegations:* The Peller Client Complaints identify numerous paragraphs containing improper allegations of Old GM conduct that are the basis for their Retained Liabilities claims.[6] The Court unequivocally ruled that "[c]laims premised in any way on Old GM conduct are properly proscribed under the Sale Agreement and the Sale Order, and by reason of the Court's other rulings, the prohibitions against the assertion of such claims stand." Decision, 529 B.R. at 528; *see also* Judgment, ¶ 9.[7] Furthermore, the Peller Client Complaints identify allegations containing improper references to GM—for example, "GM," "GM vehicles" and "Class Vehicles." Plaintiffs' merging of Old GM and New GM in their defined terms was purposeful and violated the Court's prior rulings. *See In re Motors Liquidation Co.*, 514 B.R. 377, 382 n.24 (Bankr. S.D.N.Y. 2014). Ambiguous references to "GM" in the Peller Client Complaints should be modified to specify the proper entity.[8]

*Yellow Coded Allegations:* The Peller Client Complaints seek to automatically impute Old GM's knowledge to New GM. For the reasons described in New GM's Opening and Reply Briefs on the Imputation Issue, plaintiffs' attempt to impute to New GM, on a wholesale basis, knowledge of events that took place at Old GM, or information contained in Old GM's books and records, violates the Sale Order.

*Pink Coded Allegations:* The Peller Client Complaints seek punitive damages from New GM. For the reasons described in New GM's Opening and Reply Briefs on the Punitive Damages Issue, all requests for punitive damages based on Old GM conduct violate the Sale Order, and cannot be maintained against New GM.

---

[5] *See In re Motors Liquidation Co.*, 531 B.R. 354, 360 (Bank. S.D.N.Y. 2015) ("The Non–Ignition Switch Plaintiffs' claims remain stayed, and properly so; those Plaintiffs have not shown yet, if they ever will, that they were known claimants at the time of the 363 Sale, and that there was any kind of a due process violation with respect to them. ***And unless and until they do so, the provisions of the Sale Order, including its injunctive provisions, remain in effect.***") (emphasis added)).

[6] This Court has already found that the *Elliott* and *Sesay* complaints impermissibly contain allegations of Old GM conduct. *See In re Motors Liquidation Co.*, 514 B.R. 377, 383 (Bankr. S.D.N.Y. 2015) ("And while the Elliott Plaintiffs' brief disclaims reliance on Old GM acts, their complaint doesn't bear that out."); *In re Motors Liquidation Co.*, 522 B.R. 13, 19 (Bankr. S.D.N.Y. 2015) ("The Sesay Plaintiffs' allegations concerned model years ranging from 2003 to 2011—addressing, significantly, both Old GM and New GM vehicles, and bringing their claims within the express coverage of the Sale Order.").

[7] *See also In re Motors Liquidation Co.*, 533 B.R. 46, 51 n. 10 (Bankr. S.D.N.Y. 2015) ("Presumably her counsel envisioned a theory based on a species of successor liability or other theory under which New GM would be responsible for Old GM's acts. But theories of this character cannot be asserted under the Court's recent opinions . . . .").

[8] The Peller Client Complaints' class definitions, and concomitant causes of action, include both plaintiffs who purchased Old GM vehicles from Old GM (or an unrelated third party), and those that purchased New GM vehicles from New GM. New GM did not mark entire causes of action that might relate to both Old GM vehicle owner plaintiffs and New GM vehicle owner plaintiffs. If it had, almost every cause of action would have been marked.

Honorable Robert E. Gerber
October 30, 2015
Page 4

                                      Respectfully submitted,

                                      */s/ Arthur Steinberg*

                                      Arthur Steinberg

AJS/sd

cc:    Gary Peller
        Edward S. Weisfelner
        Howard Steel
        Sander L. Esserman
        Jonathan L. Flaxer
        S. Preston Ricardo
        Matthew J. Williams
        Lisa H. Rubin
        Keith Martorana
        Daniel Golden
        Deborah J. Newman
        William Weintraub
        Steve W. Berman
        Elizabeth J. Cabraser
        Robert C. Hilliard