Gary Peller (*pro hac vice*),
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 662-9122
(202) 662-9680 (facsimile)

**VIA E-MAIL TRANSMISSION**                November 6, 2015
**AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408
gerber.chambers@nysb.uscourts.gov

      **Re: In re Motors Liquidation Company, et al., Case No. 09-50026 (REG);**
      *Sesay et al v. General Motors et al*, **1:14-06018 (JMF);** *Elliott, et al. v.. General*
      *Motors LLC, et al.*, **1:14-cv-8382 (JMF);** *Bledsoe et al. v. General Motors LLC*,
      **1:14-cv-7631-(JMF) – Marked Complaints Issues**

Your Honor:

      I represent Celestine Elliott, Lawrence Elliott, Berenice Summerville, Ishmail Sesay, Joanne Yearwood, Sharon Bledsoe, Tina Farmer, Paul Fordham, Momoh Kanu, Tynesia Mitchell, Dierra Thomas and James Tibbs, plaintiffs in the above captioned, putative class actions. Ms. Farmer and Mr. Kanu are post-Sale accident victims. Mss. Summerville and Yearwood are post-Sale purchasers of 2010 Cobalts who assert claims against New GM in connection with their purchases.

      Pursuant to the Court's October 19, 2015 Endorsed Order (Dkt. No. 13506) ,I submit this letter on their behalf in Opposition to New GM's Explanatory Letter with Respect to Peller Clients Complaints (Dkt. No. 13523). The *Elliott*, *Bledsoe,* and *Sesay* Plaintiffs join in and adopt as their own the positions set forth in the letters regarding marked complaints submitted by the Ignition Switch and Non-Ignition Switch Plaintiffs (Dkt. No. 13495), and the State of Arizona and the People of the State of California (Dkt. No. 13494). In addition, Ms. Farmer and Mr. Kanu, post-Sale accident victims, join in and adopt as their own the positions set forth in the letter regarding submitted on behalf of the Bellwether Plaintiffs (Dkt. No. 13475).

      New GM's markup of any mention of claims relating to cars manufactured by Old GM ignores the Court's ruling that the Sale Order does not bar independent claims against New GM for its own wrongdoing related to the ignition switch defect. Each of the claims asserted on behalf of owners of vehicles manufactured by Old GM and containing the ignition switch defect in these lawsuits are independent claims. The pleadings

09-50026-mg    Doc 13529    Filed 11/06/15    Entered 11/06/15 11:03:16    Main Document
Pg 2 of 2

Honorable Robert E. Gerber
November 6, 2015
Page 2

explicitly disclaim any claims relating to the purchase of the vehicles and specifically allege that *New GM* owed duties to warn plaintiffs—not based on the sales transaction, but instead based on *New GM's own, independent,* and non-derivative duties. These duties are alleged to be based, *inter alia*, on 1) the common law requirement that a party in exclusive possession of information that another faces imminent risk of death or serious bodily injury has a duty to disclose the information; and 2) statutory duties that are incorporated into the negligence standards under the doctrine of *negligence per se*. Every allegation the Plaintiffs make regarding ignition switch defects in such vehicles is explicitly limited to duties that arose post-Sale.

      New GM's claims that these complaints "impute" Old GM knowledge to New GM are contradicted by the clear language of the pleadings, which allege that New GM actually possessed knowledge or has so admitted. New GM may deny that it possessed this knowledge or made the alleged admissions, but it may not stop Plaintiffs from alleging the same.

      With respect to allegations made in connection with claims by post-Sale purchasers of *new* vehicles, such as Ms. Summerville and Ms. Yearwood, New GM has never established that claims related to such vehicles are barred by the Sale Order. Accordingly, the Court has no jurisdiction over such claims, and no authority to compel Plaintiffs to alter pleadings submitted on their behalf in any way. The Court was without authority to stay such claims based on the flimsy representation that they "might" contain Old GM parts, and, now, at the conclusion of these proceedings, that such representations have been supported by no facts whatsoever, the Court should make clear that none of its rulings regarding its censorship of pleadings has any application to allegations made on behalf of such post-Sale new vehicle purchasers.

                                      Respectfully submitted,
                                      /s/ *Gary Peller*
                                      Gary Peller

cc:    Arthur Steinberg, Esq.