# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

November 16, 2015

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York  10004

>    Re:   In re Motors Liquidation Company, *et al.*
>          Case No. 09-50026 (REG)
>
>          **Letter Regarding Update on Related Proceedings**

Dear Judge Gerber:

     King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. Pursuant to Your Honor's Endorsed Order dated May 5, 2015 [Dkt. No. 13131], we write to update the Court regarding developments in proceedings relating to New GM. Specifically, on November 13, 2015, counsel to New GM and Lead and Liaison Counsel filed a joint letter ("**Joint Agenda Letter**") addressed to Judge Furman setting forth the parties' tentative agenda for the November 20, 2015 status conference before Judge Furman. A copy of the Joint Agenda Letter is attached hereto.

                                            Respectfully submitted,

                                            */s/ Scott Davidson*

                                            Scott Davidson

AJS/sd
Encl.

Honorable Robert E. Gerber
November 16, 2015
Page 2

cc:    Edward S. Weisfelner
        Howard Steel
        Sander L. Esserman
        Jonathan L. Flaxer
        S. Preston Ricardo
        Alexander H. Schmidt
        Matthew J. Williams
        Lisa H. Rubin
        Keith Martorana
        Daniel Golden
        Deborah J. Newman
        Jamison Diehl
        William Weintraub
        Steve W. Berman
        Elizabeth J. Cabraser
        Robert C. Hilliard
        Gary Peller

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

| | | |
|---|---|---|
| Andrew B. Bloomer, P.C.<br>To Call Writer Directly:<br>(312) 862-2482<br>andrew.bloomer@kirkland.com | 300 North LaSalle<br>Chicago, Illinois 60654<br><br>(312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

November 13, 2015

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

>  Re:   *In re: General Motors LLC Ignition Switch Litigation,*
>         14-MD-2543 (JMF); 14-MC-2543

Dear Judge Furman:

Pursuant to this Court's Order No. 8 § IV.B, counsel for General Motors LLC ("New GM") and Lead Counsel – having met and conferred on multiple occasions with each other as well as with counsel for the other Defendants – submit this joint letter setting forth the parties' tentative agenda for the November 20, 2015 Status Conference. The parties believe that the Court does not need to allot more than three hours for the Status Conference.

### 1.    Status of Bankruptcy Proceedings and Second Circuit Appeal.

As this Court is aware, on June 1, 2015, Judge Gerber entered: (i) a Judgment related to the Bankruptcy Court's April 15, 2015 Decision on Motion to Enforce Sale Order; and (ii) an Order certifying the Judgment for Direct Appeal to the Second Circuit. On September 9, 2015, the Second Circuit authorized a direct appeal of the Judgment. On September 29, 2015, Plaintiffs filed with the Second Circuit an unopposed motion seeking an expedited briefing schedule for the appeal. On November 2, 2015, the Second Circuit granted the Plaintiffs' unopposed motion. The approved briefing schedule calls for briefing to be completed by February 22, 2016, with oral argument to be held no earlier than the week of March 14, 2016.

In addition, on November 9, 2015, the Bankruptcy Court entered a "Decision on Imputation, Punitive Damages, and Other No-Strike and No-Dismissal Pleadings Issues." The Decision provides that the parties are to attempt to agree on a form of judgment implementing the Bankruptcy Court's rulings, without prejudice to anyone's right to appeal or cross-appeal, and the parties are in the process of doing so. A copy of the November 9 Decision was provided to the Court on November 9, 2015.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
November 13, 2015
Page 2

On November 10, as a result of the Decision and at the parties' request, this Court entered a Memo Endorsement providing that "[t]he dispositive motion, jury instruction, and bellwether answer deadlines shall be held in abeyance pending a further order of the Court or the parties' consent." (Docket No. 1628.) Consistent with the Court's November 13, 2015 Memo Endorsement (Docket No. 1661), the parties will submit a joint proposal on the above topics on November 16, 2015. The parties' submission will also propose a timeline for plaintiffs to amend the Second Amended Consolidated Complaint, consistent with the Bankruptcy Court's November 9 Decision.

Moreover, on October 14, 2015, the Bankruptcy Court issued a decision granting a stay of further distributions by the Wilmington Trust Company, as GUC Trust Administrator and Trustee, conditioned on the Plaintiffs filing a supersedeas bond by October 28, 2015 in the amount of $10.6 million. An order memorializing the October 14 Decision was entered on October 27, 2015. On that same day, the Plaintiffs filed a motion for reconsideration of the October 14 Decision and October 27 Order, which was denied by the Bankruptcy Court on October 28, 2015. Plaintiffs did not post the supersedeas bond by October 28, 2015.

Finally, on November 6, 2015, New GM filed a letter with this Court seeking an adjournment of briefing relating to the appeal of the Bankruptcy Court's decision in the *Pillars* matter (Docket No. 1613), which is currently stayed pursuant to this Court's Order No. 1 (Docket No. 19). On November 9, 2015, counsel for plaintiff in the *Pillars* matter filed a letter with this Court asking that New GM's request be denied. (15-cv-8432, Docket No. 6.) Consistent with the Court's order during today's telephone conference (*see* 15-cv-8432, Docket No. 7), the parties will propose a briefing schedule for the appeal.

   **2.    Coordination in Related Actions.**

The parties will be prepared to address their ongoing coordination efforts and emerging coordination risks in Related Actions. (*See* Order No. 15, Docket No. 315.)

   **3.    New GM's Document Production.**

New GM has complied and will continue to comply with its rolling production obligations and deadlines set forth in the Court's orders. To date, New GM has produced into the MDL 2543 Document Depository more than 2.8 million documents (totaling over 16 million pages).

   **4.    Deposition Update.**

To date, the parties have conducted 292 depositions, including 178 depositions of

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
November 13, 2015
Page 3

Category 3 – 6 witnesses (case-specific witnesses, *see* Order No. 43, Docket No. 744) and 86 depositions of Category 1 witnesses (current or former General Motors' employees, *see id.*), and dates for the depositions of an additional four Category 1 witnesses have been confirmed. To date the parties have taken the depositions of 24 experts related to the bellwether cases.

### 5. Bellwether Expert Discovery Disputes.

Pursuant to the Court's October 29, 2015 Memo Endorsement (Docket No. 1567), the parties will meet and confer regarding any disputes with respect to the rebuttal reports from certain of plaintiffs' experts that will be served today. The parties will be prepared to update the Court concerning such disputes and to propose a briefing schedule as appropriate.

### 6. Purported Other Similar Incidents.

The parties have a dispute regarding other incidents that MDL Bellwether Trial #1 plaintiff Robert Scheuer alleges are substantially similar to the *Scheuer* accident and which he intends to offer at trial. (*See* 11/10/2015 Memorandum in Support of New GM's Motion *in Limine* No. 11, Docket No. 1630.) New GM believes that it is necessary to seek the Court's guidance and to set a briefing schedule (and, if necessary, a hearing) in advance of the December 18, 2015 status conference to resolve this dispute.

Plaintiffs also believe that it would be helpful to obtain the Court's guidance regarding how the Court wants to address the admissibility of other incident evidence. Plaintiffs are amenable to setting a briefing schedule in order to resolve this dispute before trial.

### 7. Proposed Amended Pre-Trial Deadlines for Bellwether Trial #1.

Consistent with the Court's November 13, 2015 Memo Endorsement (Docket No. 1661), the parties plan to submit on Monday, November 16, 2015, a joint proposal for plaintiffs to amend the complaints in the bellwether trial cases and for resetting certain pre-trial deadlines, including the deadlines for New GM to respond to the amended complaints, filing of dispositive motions, and submission of proposed jury instructions, witness lists, and the pre-trial order and memoranda. The parties would also appreciate guidance from the Court regarding the substance of the pre-trial memoranda.

### 8. Exhibit Lists, Demonstratives, and Deposition Designation Procedures.

The parties will be prepared to discuss additional provisions with respect to trial exhibits, demonstratives, and deposition designations that are not already addressed in Order No. 78 or the Court's Individual Rules and Practices. The parties will also be prepared to discuss their efforts

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
November 13, 2015
Page 4

to meet and confer, pursuant to Order No. 52 (Docket No. 926), regarding New GM's objections to deposition exhibits (which plaintiffs will add to their trial exhibit list) on authenticity and business records grounds.

### 9. Trial Witnesses.

Pursuant to Order No. 83 § VII (Docket No. 1512), the parties are continuing to discuss issues relating to bellwether trial witnesses. The parties will be prepared to discuss the status of those negotiations.

### 10. Trial Tech Walkthrough.

The parties, in consultation with the Court's staff, continue to discuss coordination of a trial tech walkthrough in advance of MDL Bellwether Trial #1, likely in conjunction with the December 18, 2015 Status Conference.

### 11. Trial Confidentiality.

Pursuant to the Court's Order No. 83, § XI, the parties will be prepared to discuss procedures for resolving disputes regarding confidentiality issues at trial, consistent with the presumption of public access.

### 12. Order of the Bellwether Trials.

Plaintiffs will be prepared to discuss their request to change the order of the bellwether trials so that the *Yingling* case, which is currently scheduled as MDL Bellwether Trial #5, would become MDL Bellwether Trial #3. *Yingling* is a wrongful death case and the attorney for plaintiffs in that action, Victor H. Pribanic, has requested that the trial be moved up in the order. *Yingling* was formerly MDL Bellwether Trial #1. New GM does not agree to plaintiffs' request, including because the parties have already agreed to try the *Yingling* case as Bellwether Trial #5, and there is no reason to revisit that decision at this point. New GM will be prepared to address plaintiffs' request at the status conference.

### 13. Phase Three Plan for Discovery and Motion Practice.

Pursuant to the Court's Order No. 84 (Docket No. 1596), the parties continue to meet and confer regarding their Phase Three proposal(s), which are currently set for submission on November 16, 2015.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
November 13, 2015
Page 5

    **14.**     **Settlement.**

The parties continue to discuss possible resolution mechanisms.

Respectfully submitted,

/s/ Richard C. Godfrey, P.C.
/s/ Andrew B. Bloomer, P.C.

*Counsel for Defendant General Motors LLC*

cc:    MDL Counsel of Record