Daryl Dunsmore
AD6237 C3A 109
Box 32200
Stockton Ca 95213

RECEIVED
NOV 13 2015
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE

General Motors
IGNITION SWITCH LITIGATION

Case # 09-50026 (REG)

Daryl Dunsmore
Plaintiff

v

General Motor etal
Defendants

table of Contents
and Authorities in
support of 60(b)
Motion Relief from
Judgement

Di Sabatino v State bar 1980
27 C3d 159 162 458 — — — — — — — — 2
Bus & Prof Code 6068(d) — — — — — — — 2
cal Rules of Prof Cond 5-200(B) — — — — — 2
Penal Code 134 — — — — — — — — — — 2

1 of 2

Motion ~ — — — — — — — - 2 pages
memorandum — — — — — — — — - 2 pages

## Lodgements

Exhibit A
court order — — — — — — 1 page

Exhibit A 1
Case FCS 045638   Dunsmore v GMC
Amended Complaint  Solano Superior Court — - 21 pages

Exhibit B
Sentencing Brief Case 215653 — — — — 9 pages

Exhibit C
Defendants Motion to strike &
Demurrer  Case FCS045638 — — — — — 22 pages

I Declare The following lodgements are
True and accurrate

11/3/15      D+D ~

2 of 2

Daryl Dunsmore
AD6237 C3A 109
Box 32200
Stockton Ca 95213



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE                                    Case 09 50026 (REG)
General Motors
IGNITION SWITCH Litigation

Daryl Dunsmore
Plaintiff

        V

General Motor et al
Defendants

        60 (b) Motion
        Relief from
        Judgement

    Contrary To This courts order of
endorcement on 10/19/15 This court has failed
to consider plaintiffs Amended Complaint
which Directly Attacks (New GMC) actions
of fraud, Concealment of Constitutionally

1 of 2

Mandated Discovery Since The Close of The 363 Sale in 2009 That if such Disclosure would have been Made previous To plaintiffs Conviction in 2010 plaintiff May Not have been found guilty and wrongfully Convicted **Exhibit B** See Cause of Action #5,6 **Exhibit A 1**

Per endorcement order This plaintiff Motions to bring relevant facts to This courts Attention furthermore The Defendants who are aware of This stay order Certinly arn't Motioning The Solano Superior Court of This stay and are instead attempting To Move The Solano Superior court to Action to Strike a Dismiss The complaint contrary to The Stay imposed **Exhibit C**

This is The exact fraud all These Plaintiffs are complaining about That This court seems to be ignorant of or indifferent

<u>Conclusion</u>

For these reasons This court should Grant Some type of Relief

I Declare under penalty of perjury The fore going is true

11/3/15      D.O.

2 of 2

Daryl Dunsmore
AD6237 C3A-109
Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
IN RE
General Motors
IGNITION SWITCH Litigation
Daryl Dunsmore
Plaintiff

                    v

General Motors Et al
Defendents

Case 09-50026 (REG)

Memorandum of Points
and Authorities in Support
of 60 b Motion Relief
from Judgement

A 60 (b) motion is grantable under Mistake
and fraud clearly a Mistake of failure to
considered plaintiffs Amended Complaint has
occurred. However their is clearly No Mistake
concerning the fraud the Defendent wish to
Perpatrate on the Courts

1 of 2

No where in Defendants Memorandum in support
of Demurrer Does The Defendant seek to
enlighten The Superior Court of Solano Concerning
The stay order of The 363 Sale This Court
is enforcing on plaintiff

IN fact Defendants fraudulently presents
facts of This Court To Solano Superior Court
to take action Contrary to The stay order
exhibit D Defendants Judicial Notice page 3
exhibit 1 citeing only Supposed liability
Protection but Conviently forgets The stay
order

It is unethical for An Attorney to Mislead or
lie to a Court Bus + P C 86068(d) Cal Rules of
Prof Cond 5-200(B) Di Sabatino V State bar (1980)
27 C3d 159 162 458

(It is a felony to prepare a false paper or other
Matter with the intent That it will be introduced
for a fraudulent or deceitful purpose at trial or
at a legal proceeding or inquiry Pen C 134

I Declare under penalty of perjury The foregoing
is true

11/3/15          D A D

2 of 2

Exhibit A

**Endorsed Order:**

The Sale Order plainly covers Mr. Dunsmore's claims, and he has shown no basis for any exception. The relief requested by Mr. Dunsmore is denied. The stay imposed by the injunctive provisions of the Sale Order will remain in place with respect to Mr. Dunsmore's lawsuit in California state court until further action by this Court. This Endorsed Order is without prejudice to the rights of any party to bring any additional relevant facts to the Court's attention or to any future rulings by this Court.

Dated: New York, New York          _s/Robert E. Gerber_____
       October 19, 2015          United States Bankruptcy Judge

CM-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Darryl Dunsmore AD6237 G-2-224<br>Po Box 2000<br>Vacaville Ca 95696<br><br>TELEPHONE NO.:          FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Pro S | FOR COURT USE ONLY<br><br>RECEIVED<br>NOV 13 2015<br>U.S. BANKRUPTCY COURT<br>SO DIST OF NEW YORK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Solano
STREET ADDRESS: 586 Texas st
MAILING ADDRESS:
CITY AND ZIP CODE: Fairfield Ca 94533
BRANCH NAME: Solano

| | |
|---|---|
| PLAINTIFF/PETITIONER: Darryl Dunsmore | CASE NUMBER:<br>FCS045638 |
| DEFENDANT/RESPONDENT: GMC, Lobel, Viking Etal | JUDICIAL OFFICER: |
| **NOTICE OF RELATED CASE** | DEPT.: |

Identify, in chronological order according to date of filing, all cases related to the case referenced above.

1. a. Title: Dunsmore V Kamala Harris Etal
   b. Case number: 15-55593
   c. Court: ☐ same as above
      ☒ other state or federal court *(name and address)*: 9th cir Court of Appeals Po Box 193939 San Francisco Ca 94119-3939
   d. Department:
   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☒ other *(specify)*: Federal Habeas
   f. Filing date: 4/17/15
   g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No
   h. Relationship of this case to the case referenced above *(check all that apply)*:
      ☒ involves the same parties and is based on the same or similar claims.
      ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☒ involves claims against, title to, possession of, or damages to the same property.
      ☒ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         ☒ Additional explanation is attached in attachment 1h    Actual innocence Claim New evidences
   i. Status of case:
      ☒ pending
      ☐ dismissed ☐ with ☐ without prejudice
      ☐ disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: ☐ same as above
      ☐ other state or federal court *(name and address)*:
   d. Department:

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Page 1 of 3<br>Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov |

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* New GMC et al
Lobel Viking et al

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Daryl Dunsmore

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:    Old Solano Court House
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*
FCS045638

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE:                                          Clerk, by _____ , Deputy
*(Fecha)*                                       *(Secretario)*                                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Daryl Dunsmore AD6237 CJA 109<br>Box 32200 Stockton Ca 95213 | |

TELEPHONE NO.:     FAX NO.:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Solano

STREET ADDRESS: 580 Texas St

MAILING ADDRESS: Fairfield Ca 94533

CITY AND ZIP CODE: Fairfield Ca 94533

BRANCH NAME: Old Solano Court House

CASE NAME:

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ☒ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | FCS045638 |
| | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☒ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☒ Large number of separately represented parties
   b. ☒ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☒ Substantial amount of documentary evidence
   d. ☒ Large number of witnesses
   e. ☒ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/27/15

Daryl Dunsmore
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

982.1(1)

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*

Darryl Dunsmore AD6237 CJA.109
AD6237 CJA 109   Box 32200 Stockton Ca
95213

TELEPHONE NO.:          FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

NAME OF COURT: Solano Superior Court
STREET ADDRESS: 580 texas st
MAILING ADDRESS: fairfield Ca 94533
CITY AND ZIP CODE:
BRANCH NAME: old Solano Court house

PLAINTIFF: Darryl Dunsmore

DEFENDANT: GMC, Lobel, Viking et al

☐ DOES 1 TO 100

FOR COURT USE ONLY

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☒ AMENDED *(Number):* first amend.

Type *(check all that apply)*:
☐ MOTOR VEHICLE     ☐ OTHER *(specify)*:
  ☐ Property Damage    ☐ Wrongful Death
  ☐ Personal Injury     ☐ Other Damages *(specify)*:

**Jurisdiction** *(check all that apply)*:
☐ ACTION IS A LIMITED CIVIL CASE
  Amount demanded ☐ does not exceed $10,000
                  ☐ exceeds $10,000, but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
  ☐ from limited to unlimited
  ☐ from unlimited to limited

CASE NUMBER:

FCS045638

1. PLAINTIFF *(name)*:

   alleges causes of action against DEFENDANT *(name)*:

2. This pleading, including attachments and exhibits, consists of the following number of pages: _____

3. Each plaintiff named above is a competent adult
   a. ☐  except plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor    ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

   b. ☐  except plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor    ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

☐  Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 3.

Form Approved for Optional Use
Judicial Council of California
982.1(1) [Rev. July 1, 2002]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

THOMSON
✛
WEST

Code of Civil Procedure, § 425.12

SHORT TITLE: *Dinsmore V GMC ET al*

CASE NUMBER: *FCS045638*

4. ☒ **Plaintiff** (name): *Darryl Dinsmore*
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ **except** defendant (name): *GMC, Label V, king et al*    ☐ **except** defendant (name):
      (1) ☒ a business organization, form unknown        (1) ☐ a business organization, form unknown
      (2) ☒ a corporation                                 (2) ☐ a corporation
      (3) ☒ an unincorporated entity (describe):          (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                   (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                              (5) ☐ other (specify):

   b. ☐ **except** defendant (name):                   d. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown        (1) ☐ a business organization, form unknown
      (2) ☐ a corporation                                 (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):          (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                   (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                              (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Complaint—Attachment 5.

6. The true names and capacities of defendants sued as Does are unknown to plaintiff.

7. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☒ other (specify): *Real Property That is The subject of this action is located here*

9. ☒ Plaintiff is required to comply with a claims statute, and
   a. ☒ plaintiff has complied with applicable claims statutes, or
   b. ☒ plaintiff is excused from complying because (specify): *Medical incapication*

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: Dunsmore v GMC et al | CASE NUMBER: FCS045638 |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☒ Motor Vehicle
   b. ☒ General Negligence
   c. ☒ Intentional Tort
   d. ☒ Products Liability
   e. ☐ Premises Liability
   f. ☒ Other *(specify):* Fraud

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☒ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☒ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify):* Wrongful Conviction

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
       (2) ☒ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
       (1) ☒ according to proof
       (2) ☒ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 6/12/15

Darryl Dunsmore
(TYPE OR PRINT NAME)

► DD
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Page 3 of 3

PLD-PI-001(3)

| SHORT TITLE | CASE NUMBER |
|---|---|
| Dunsmae  V  GMC  ET Al | fcS045638 |

_____**1**_____       CAUSE OF ACTION—Intentional Tort          Page _____
(number)

ATTACHMENT TO  ☒ Complaint        ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1 Plaintiff *(name):* Darryl Dunsmore

alleges that defendant *(name):* GMC, Lobel, Viking  ET Al

☐ Does \_\_\_**1**\_\_\_ to \_\_**100**\_\_

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date):* Dec 3 2007
at *(place):* East 5Th ST

*(description of reasons for liability):*

The Defendants willfully Manufactured or Sold knowingly Defective Vehicals Manufactured with Defective Parts The Defendants knew of should have known The Vehical had Defective Parts when Sold To plaintiff because a Duplicate Title existed the Defendants further sold and INSURED The Vehical knowing it was STolen and possible Defective workmanship or Parts were involved upon such knowledge willfully Sought To Cover up such information and failed to Contact authorities Resulting in Plaintiffs injuries and wrongful Conviction

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) (Rev. January 1, 2007)

CAUSE OF ACTION–Intentional Tort

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

SHORT TITLE: Dunsmore V GMC ET Al

CASE NUMBER: FCS045638

_____2_____   **CAUSE OF ACTION—General Negligence**   Page _____
(number)

ATTACHMENT TO  ☒ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Darryl Dunsmore

alleges that defendant *(name):* GMC, Cobel, Viking

☐ Does _____1_____ to ___100___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* 2007

at *(place):* Viking Insurance Cobel Financial

*(description of reasons for liability):*

The Defendants willfully or negligently Sold and insured a Motor Vehical To The plaintiff That They should have known was Manufactured with Defective Parts by Defendant GMC or That a Duplicate Title existed and That The Vehical was possibly Stolen and un-Authorized workmanship or Parts were involved and failed Report Such issues To Authorities placing Plaintiff at Risk of injury and Death or other Liabilities That resulted on Dec 3 2007 in The form of an accident and wrongful Conviction and That The Defendant Caused personal injury To a Dependant adult with in The Meaning of Penal Code 368 and Continue To Cover These facts and Cause Plaintiff To be held incarcerated and wrongfully Convicted

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Page 1 of 1
Code of Civil Procedure 425.12

WEST

SHORT TITLE: Dinsmore V GMC Et Al

CASE NUMBER: FCS045638

PLD-PI-001(5)

**3** (number)

# CAUSE OF ACTION—Products Liability    Page _____

ATTACHMENT TO ☒ Complaint ☐ Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Darryl Dinsmore

Prod. L-1. On or about *(date):* Dec 3 2007    plaintiff was injured by the following product: GMC 2001 SAVANA VAN SLE

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
☒ used in the manner intended by the defendants.
☒ used in the manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
☒ purchaser of the product.        ☒ user of the product.
☐ bystander to the use of the product.    ☐ other *(specify):*

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L- 4. ☒ **Count One—Strict liability** of the following defendants who
  a. ☒ manufactured or assembled the product *(names):* GMC ET Al
        ☒ Does ___1___ to ___100___
  b. ☒ designed and manufactured component parts supplied to the manufacturer *(names):* GMC ET Al
        ☒ Does ___1___ to ___100___
  c. ☒ sold the product to the public *(names):* Lobel ET Al
        ☒ Does ___1___ to ___100___

Prod. L-5. ☒ **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names):* Viking ET Al
        ☒ Does ___1___ to ___100___

Prod. L-6. ☒ **Count Three—Breach of warranty** by the following defendants *(names):* Lobel, Viking, GMC
        ☒ Does ___1___ to ___100___
  a. ☒ who breached an implied warranty
  b. ☒ who breached an express warranty which was
        ☒ written    ☒ oral

Prod. L-7. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
        ☐ listed in Attachment-Prod. L-7 ☒ as follows: Treble Damage as Dependant Adult

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]

**CAUSE OF ACTION—Products Liability**

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

SHORT TITLE:                                                                    PLD-PI-001(1)

Dunsmore v GMC, Lobel, Viking                    CASE NUMBER: PCS045638

_____4_____        **CAUSE OF ACTION—Motor Vehicle**
(number)

ATTACHMENT TO  ☒ Complaint    ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Darryl Dunsmore

MV- 1. Plaintiff alleges the acts of defendants were negligent; the acts were the legal (proximate) cause of injuries
and damages to plaintiff; the acts occurred
on *(date):* 2007 Dec 3
at *(place):* East 5Th St National City Ca 91950

MV- 2. **DEFENDANTS**
a.  ☐  The defendants who operated a motor vehicle are *(names):*

☐ Does _____ to _____

b.  ☐  The defendants who employed the persons who operated a motor vehicle in the course of their employment
are *(names):*

☐ Does _____ to _____

c.  ☒  The defendants who owned the motor vehicle which was operated with their permission are *(names):* Lobel Et al

☐ Does _____ to _____

d.  ☒  The defendants who entrusted the motor vehicle are *(names):*  Viking Et al

☒ Does _____ to 100

e.  ☒  The defendants who were the agents and employees of the other defendants and acted within the scope
of the agency were *(names):* John Jane Does

☐ Does _____ to 100

f.  ☒  The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
☐ listed in Attachment MV-2f  ☒ as follows: The Defendants Knowingly allowed
A Dependant adult Per Penal Code 368 To operate an
stolen Detective product Resulting in a wrongful Conviction

☐ Does _____ to _____

Page _____

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(1) [Rev. January 1, 2007]

CAUSE OF ACTION—Motor Vehicle

Page 1 of 1
Code of Civil Procedure 425 12
www.courtinfo.ca.gov

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Dunsmor v GMC ET al | FCS045638 |

5
_(number)_

**CAUSE OF ACTION—Fraud**

FR-4. ⊠ **Promise Without Intent to Perform**

   a  Defendant made a promise about a material matter without any intention of performing it  ⊠  as stated
     in Attachment FR-4.a  ☐  as follows:

That New GMC would except liabilities for incidents accidents arising After the 363 sale of July 10 2009 and have failed, Refused to do so contrary to that agrement contrary to state, local and Constitutional Law and instead acted as accessories to the crimes and misconduct of old GMC according to penal code 32

   b. Defendant's promise without any intention of performance was made with the intent to defraud and induce
     plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of
     defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5.  In justifiable reliance upon defendant's conduct, plaintiff was induced to act  ☐  as stated in Attachment FR-5
     ⊠  as follows:  go to Jury Trial To exhonarate himself of alleged crime That he intentionally used a GMC Product as a weapon and that the GMC product was The actual cause by way of Defective Parts and Workmanship

FR-6.  Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged  ☐  as stated in
     Attachment FR-6  ⊠  as follows:  Life, Liberty and pursuit of Happiness

Defendants Conduct has caused plaintiff to suffer a wrongful Conviction and incarceration of one actually inocent

FIR - 7.  Other:  obstruction of Court access and Due process

982.114

CASE TITLE

Dunsmore  v  GMC  Etal

CASE NUMBER

FCS045638

G

(number)

CAUSE OF ACTION—Intentional Tort

Page _____

ATTACHMENT TO ☒ Complaint!    ☐ Cross-Complaint!

(Use a separate cause of action form for each cause of action.)

T-1    Plaintiff (name):    Darryl Dunsmore

alleges that defendant (name):    New GMC

☒ Does ___1___ to ___100___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on (date):  July 10 2009  To  10/27/15

at (place):

(description of reasons for liability):

Have intentionally Breach 363 Sale Contract to except liabilities of accidents and incidents arising after July 10 2009 Concerning GMC products In That They claim to be separate entities of the Conduct and crime of The Defendants (old GMC) yet have acted contrary To California Penal Code 133, 134, 135 Hiding Destroying Concealing Evidence of Constitutionally mandated Discovery which This complaint concern and have acted as an accessory to Those Acts of Misconduct and crimes Per penal Code 31 32 of old GMC That The acts of New GMC have Caused plaintiff to Suffer a wrongful Conviction and are Causing an actually innocent individule To remain illegally incarcerated and Continue to withhold This Constitutionally mandate Discovery plaintiff seeks contrary to Their assertions

8

Form Approved for the

THOMSON

FCS045638

## 7
### Number

## Cause of Action - Fraud

FR-4 ☒ Promise without intent to Perform

A. Defendant Made a promise about a Matterial Matter with out any intention of Performing it FR 4(a) as follows That The Vehical was safe from Defect, Part or Poor workmanship and legal

b. Defendants promise without any intention of Performing was made with The intent to defraud and induce plaintiff To rely upon it and To act upon it as described in Item FR-5 At The time plaintiff acted plaintiff was unaware of Defendants intention not to Perform the promise Plaintiff acted in Justifiable reliance upon The Promise

FR-5 ☒ The Justifiable reliance upon Defendants Conduct Plaintiff was induced to act as follows

To operate an unsafe Vehical That was Stolen with Defective parts and un Authorized workmanship

FR-6 ☒ Because The plaintiff reliance upon Defendant Conduct Plaintiff has been Damaged as follows wrongful Conviction, lost Property, Emotional Distress Personal injury, Lost future Earnings

1 of 3

Dinsmore v GMC et Al                    FCS045638

---

7          Cause of Action - Fraud
Number

Attachment to Complaint
FR-1 Plaintiff Darryl Dinsmore
Alleges That Defendant GMC, Lobel, Viking, ET AL
On or about 2006-2007 Defrauded plaintiff as follows

FR2 ☒ Intentional or Negligent Misrepresentation
   a. Defendant Made Representation of Material fact as follows
That The Vehical being Sold was Legal, Safe Free From
Defect or un Authorize workmanship

   b. These representations were in fact false The Truth
was as follows
   The Vehical was manufactured with Defective parts
Stolen, and illegal with UN Authorized parts or workm-
ship performed on The product

   C. When Defendant Made These representation
   ☒ Defendant knew They were false or
   ☒ Defendant had No reasonable ground for believing The
   Representations were true

   d. Defendant Made The representations with The intent to
defraud and induce plaintiff to act as Described in Item
FR-5  At The time plaintiff acted plaintiff did not knew
The Representations were false and believed They were true
Plaintiff acted in Justifiable reliance upon The Truth of
The Representations

2 of 3

Dunsmore v BMC, Lobel, Viking et al | FCS 045638

7     Cause of Action - Fraud

FR 3 ☒ Concealment

a. Defendant Concealed or Surpress Material facts as Fallows

That The Vehical was stolen, illegal with Defectiv Parts or UN Authorized workmanship

b. Defendant Concealed or Surpressed Material facts
☒ Defendant was bound To Disclose
☒ by telling plaintiff other facts to Mislead Plaintiff and prevent plaintiff from Discovering The Concealed or Surpressed facts

c. Defendant Concealed or Surpressed These facts with The intent To Defraud and induce plaintiff To act as Described in ITEM FR-5 At The time Plaintiff acted plaintiff was unaware of The Concealed or Surpressed facts and would not have taken the action if plaintiff had known The facts

3 of 3

SHORT TITLE:
Dunsmore v GMC Et al

CASE NUMBER:
SCS045638

PLD-C-001(1)

___8___
(number)

## CAUSE OF ACTION—Breach of Contract

ATTACHMENT TO ☒ Complaint   ☐ Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* Darryl Dunsmore

alleges that on or about *(date):* July 10 2009
a ☐ written ☒ oral ☐ other *(specify):*
agreement was made between *(name parties to agreement):*
Darryl Dunsmore and New GMC

☒ A copy of the agreement is attached as Exhibit A, or
☐ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☒ are as follows *(specify):*
That The Defendants New GMC would be liable
for incidents and accidents after July 10 2009 and
That They are separate entities from The acts and conduct
of Defendant old GMC

BC-2. On or about *(dates):* July 10, 2009 To 10/27/15
defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts
*(specify):* withholding, concealing Constitutionally mandated
Discovery in violation of alleged Contract and Penal Code
133 134 135 and is acting contrary to Contract as an
accessory to Those Acts of Misconduct and Crime Pr 31 32
of pual Code

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4 ☒ as follows *(specify):* Continued wrongful
conviction of plaintiff and conviction of 2010

BC-5. ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☒ according to proof.
BC-6. ☐ Other:

Page _____

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

## CAUSE OF ACTION—Breach of Contract

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

| SHORT TITLE: | | PLD-C-001(1) |
|---|---|---|
| Wusnoe v GMC ET AL | CASE NUMBER: | PCS045638 |

_____9_____  **CAUSE OF ACTION—Breach of Contract**
(number)

ATTACHMENT TO  ☒ Complaint  ☐ Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* Daryl Wusnor

alleges that on or about *(date):* 2006 - 2007
a ☒ written ☒ oral ☐ other *(specify):*
agreement was made between *(name parties to agreement):* Lobel, Viking

☐ A copy of the agreement is attached as Exhibit A, or
☒ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☒ are as follows *(specify):*

That The Vehical was void of poor workman ship
or part and was safe and legal

BC-2. On or about *(dates):* 2006 - 2007
defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts
*(specify):* by knowingly allowing plaintiff To purchase and
insure The product known to have unauthorized work
performed defective parts and stolen

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4 ☒ as follows *(specify):* Severe pursonal injury emotional
Distress, Loss of property, future earning, wrongful Conviction

BC-5. ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☒ according to proof.

BC-6. ☒ Other: TREBLE Damages

Page _____

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]
**CAUSE OF ACTION—Breach of Contract**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001(6)

| SHORT TITLE: | CASE NUMBER: |
|---|---|

Dunsmor V GMC ET AL

## Exemplary Damages Attachment          Page _____

ATTACHMENT TO    ☒ Complaint    ☐ Cross - Complaint

EX-1. As additional damages against defendant (name):    Lobel, V. King Et al

Plaintiff alleges defendant was guilty of

☒ malice

☒ fraud

☒ oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages
to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

The Defendants knew or Should have known That The Vehical was Defective and Manufactured with Defective parts and That a Duplicate Title existed and or That The Vehical May have Stolen Defective parts, Mechanical Problems or other Defects and That Defendants willfully and fraudulently covered up These facts or failed to Disclose Resulting in personal injury, Loss of Property, incapication, wrongful Conviction and That The Defendant knew The plaintiff was a Dependant adult That They have oppressed The plaintiff by with holding expolictory Evidence to oppress The plaintiff and keep him incarcerated and wrongly Convicted

EX-3. The amount of exemplary damages sought is

a. ☐ not shown, pursuant to Code of Civil Procedure section 425.10.

b. ☒ $ TREble Damage

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

Exemplary Damages Attachment

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Daryl Dunsmore
AD6237 G-1-14
PO Box 2000
Vacaville Ca 95696
Pro Se

Received JUL 15 2015
Clerk of the Superior Court

IN THE SUPERIOR COURT STATE OF CALIFORNIA
COUNTY OF SOLANO

Daryl Dunsmore
Plaintiff

v

GMC, Lobel Viking ETAL
Defendants

Case FCS045638

Attachments in support
of UNLIMITED civil
Action

Attachment (A)
Viking insurance policy — — — — — — — — — 1 page
Attachment (b)
Western General insurance Policy — . — — — — — 1 Page
Attachment (c)
Correspondance with insurance — — — — — 16 Pages

1 of 2

Attachment (d)

correspondence   Cobel financial — — — 1 Page

Attachment (e)

Correspondence   General Motors Corp — — — 1 Page

Attachment (f)

Claim estimate — — — — — — — — — — 35 Pages

Attachment (g)

Value skope Market report — — — — 16 pages

## Table of Contents

Civil Complaint — — — — — — — 14 Pages
TRO Motion — — — — — — — — — 3 Pages
order to Show cause — — — — — 2 Page
letter to Clerk.
for Motion hearing Date — — — — 1 Page
Declaration in Support of TRO — — — 1 Page

6/12/15
5/28/15   DJD

GMC

Service Request # 7-1-1475390686

RE: Correspondance May 14 2015
Darryl Dunsmore AD6237
G-2-224 PO Box 2000
Vacaville Ca 95696

Because of The failure of My GMC Vehical
I an unable to Correspond by telephone as I
have been wrongly Convicted behind The Mechanical
failure of My Vehical and an in prison Seeking
Exculpatory evidence supporting The Defective
Parts That My Vehical was Manufactured with

I have been forced to file Civil Litigation
and request That This correspondance be forwarded
to your Legal Dept for processing of Discovery
and interogatories

5/29/15

0112

BONNIE M. DUMANIS
District Attorney
MARY G. LOEB
State Bar Number 254512
Deputy District Attorney
2851 Meadowlark Drive
San Diego, CA 92123
Ph: (858) 694-4264
Fax: (858) 514-8525
Email: Mary.Loeb@sdcda.org

Attorneys for Plaintiff

F I L E D

-- 1 03 2010

By: _Amy Heifers_

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO, SOUTHERN DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>DARRYL LEE DUNSMORE<br><br>Defendant. | No. CS215653<br>DA  BBA014<br><br>**PEOPLE'S SENTENCING BRIEF**<br><br>Date: June 3, 2010<br>Time: 1:30 PM<br>Dept: 12<br>Judge: Hon. H. Ronald Domnitz<br>Time Estimate: 30 minutes |

Comes now the plaintiff, the People of the State of California, by and through their attorneys, BONNIE DUMANIS, District Attorney, MARY GINETTE LOEB, Deputy District Attorney, and respectfully submits the following Sentencing Brief.

## ARGUMENT

### I.

### SENTENCING OBJECTIVES

"The Legislature finds and declares that the purpose of imprisonment for crime is punishment. This purpose is best served by terms proportionate to the seriousness of the offense. . . ." (Pen. Code, § 1170(a)(1).)

0113

1    The seriousness of the crimes, along with the following sentencing objectives and

2    circumstances in aggravation, should be of primary concern to this court.

3    The Judicial Council Rules provide the following objectives to be achieved in

4    sentencing:

5    Rule 4.410(a). Protecting society. Here, even though the jurors found that passion or

6    provocation was a mitigating factor in this case and thus convicted the Defendant of

7    attempted voluntary manslaughter instead of attempted murder, in finding the Defendant

8    guilty they affirmed that **the Defendant formed the intent to kill** Joseph Camacho. The

9    Defendant is a danger to society as demonstrated not only by the facts of this case, but also

10    his long history of violence with Rose Roach and his prior convictions for violent crimes.

11    Rule 4.410(b). Punishing the defendant. The Defendant fails to take accountability

12    for his actions. He has told multiple different stores in an attempt to mitigate his conduct.

13    He continues to place blame on the victims in this case and make excuses. He needs to

14    understand the seriousness of his conduct and **be punished accordingly**.

15    Rule 4.410(c). Encouraging the defendant to lead a law abiding life in the future and

16    deterring him from future offenses. The Defendant continues to refuse to take responsibility

17    and needs encouragement in order to remain law abiding. The Court should demonstrate to

18    this Defendant that his criminal activity is **totally unacceptable to society** and that he will

19    be held accountable.

20    Rule 4.410(d). Deterring others from criminal conduct by demonstrating its

21    consequences.

22    Rule 4.410(e). Preventing the defendant from committing new crimes by isolating

23    him for a period of incarceration. The imposition of a prison sentence will insure that the

24    **Defendant will not victimize others** for at least the period of incarceration. It will isolate

25    the Defendant and protect the victims in this case and society.

26    Rule 4.410(f). Securing restitution for the victim of the crimes. Both Joseph

27    Camacho's and Terry Rahn suffered not only physically but financially as a result of the

28    Defendant's deliberate conduct. Mr. Camacho will never truly be compensated for the

0114

1   damage that has been done.

2       <u>Rule 4.410(g)</u>. Achieving uniformity in sentencing.

3       <u>Rule 4.410 (b)</u>. Because in some instances these objectives may suggest inconsistent

4   dispositions, the sentencing judge must consider which objectives are of primary importance

5   in the particular case. The sentencing judge should be guided statutory statements of policy,

6   the criteria in these rules, and the facts and circumstances of the case.

7                                     **II.**

8         **THE DEFENDANT IS INELIGIBLE FOR PROBATION**

9       Except in unusual cases where the interests of justice would be served, the defendant

10  is ineligible for probation under several subdivisions of Penal Code section 1203.

11       <u>Section 1203(e)(2)</u>. The Defendant personally used a deadly weapon against a human

12  being in connection with the perpetration of this crime.

13       <u>Section 1203(e)(3)</u>. The Defendant personally inflicted great bodily injury on the

14  victims during the perpetration of this crime.

15       <u>Section 1203(e)(4)</u>. The Defendant has more than two prior felony convictions.

16       Moreover, the Defendant is also absolutely ineligible for probation under Penal Code

17  Section 667, *et seq.*, because he has a prior serious felony conviction which the Court found

18  true and his current offenses are serious felony convictions.

19                                  **III.**

20    **THE DEFENDANT SHOULD BE SENTENCED TO PRISON**

21               **FOR THE UPPER TERM**

22       The facts and circumstances in aggravation outweigh the facts and circumstances in

23  mitigation which are defined by Rules 4.421 and 4.423 of the California Rules of Court. The

24  Defendant should be sentenced to the upper term. The applicable rule sections are discussed

25  below.

26     **A.**    **Circumstances in Aggravation**

27       <u>Rule 4.421(a)</u>. Facts relating to the crime, whether or not charged or chargeable as

28  enhancements, including the following:

0115

1    Rule 4.421(a)(1). The crime involved great violence, great bodily harm, threat of

2    great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or

3    callousness. It goes without saying that the crimes of attempted voluntary manslaughter and

4    assault with a deadly weapon are serious crimes. As the evidence showed, Joseph Camacho

5    was seriously and permanently injured as a result of the Defendant's crime. To this day, he

6    still walks with a cane and **will never be the same man again.** Terry Rahn was injured as

7    well. The Defendant's continued deflection of blame onto the victims is evidence of his

8    cruelty and callousness.

9    Rule 4.421 (a) (2). The defendant was armed with or used a weapon at the time of the

10   commission of the crime. The Defendant used his full size van to hit Terry Rahn and to run

11   over Joseph Camacho.

12   Rule 4.421 (a) (3). The victims were particularly vulnerable. The victims in this case

13   were vulnerable because the **Defendant made sure they were in a position of vulnerability**

14   before he attacked. He lured them to his house, waited until they were out of their car, and

15   callously ran them down with his van. They were in no position to fight back.

16   Rule 4.421 (a) (4). The defendant induced others to participate in the commission of

17   the crime or occupied a position of leadership or dominance of other participants in its

18   commission. Here the defendant was the sole planner and participant.

19   Rule (a) (6). The defendant threatened witnesses, unlawfully prevented or dissuaded

20   witnesses from testifying, **suborned perjury or in any other way illegally interfered with**

21   **the judicial process.** The Defendant lied to 911 and to police about how the incident

22   occurred. At trial, the Defendant continued his lies, taking the stand and suborning perjury.

23   So outrageous were the Defendants lies, that his own expert witnesses – his physician and an

24   accident reconstructionist – could not corroborate the Defendant's fabricated theories and

25   excuses for his conduct. Even the Defendant's story to the probation officer is different than

26   what he testified to at trial. At every turn, the Defendant said whatever he could to deny

27   culpability, minimize his actions, and place blame on the victims and elsewhere.

28   / / / /

0116

Rule 4.421(a)(8). The manner in which the crime was carried out indicates planning, sophistication, or professionalism. As mentioned above and as the evidence showed, the **Defendant set this incident into motion.** He knew Mr. Camacho and Mr. Rahn were coming to his house, and he waited for them. He then waited until they got out of their car and were the most vulnerable before he ran them down with his van. The then fled the scene. Even the Defendant's actions after the crime are evidence of his plan and criminal sophistication – he called 911 and fabricated a story and then lied to the police.

Rule 4.421(a)(11). The defendant took advantage of a position of trust or confidence to commit the offense. The victims in this case both testified that they thought the Defendant was a friend. **They trusted him,** and that is why it was easy for him to take advantage of their trust and **lure them into his trap.**

Rule (b) Facts relating to the defendant, including the following:

Rule (b)(1). The defendant has engaged in violent conduct which indicates a serious danger to society. This was an extremely violent act. The Defendant chased Joseph Camacho down until he ran him over, then backed over his body again. He then fled the scene, leaving Camacho to die. Although this is certainly the most violent act the Defendant has committed, he has a long history of violence with his ex-girlfriend and others.

Rule (b)(2). The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness. The Defendant has **six prior felony convictions.**

Rule (b)(3). The defendant has served a prior prison term. The Defendant has served multiple prisons terms dating back over twenty years.

Rule (b)(5). The defendant's prior performance on probation or parole was unsatisfactory.

B.    Circumstances in Mitigation

There are very few circumstances in mitigation which apply to this case.

Rule 4.423(a)(1). The defendant was a passive participant or played a minor role in the crime. Here, the Defendant was the sole and primary planner and actor.

0117

Rule 4.423 (a) (2). The victim was an initiator of, willing participant in, or aggressor or provoker of the incident. The Defendant claimed that he was provoked by the victims, and the jury obviously found some of this evidence credible because they only convicted of attempted voluntary manslaughter. However, there was no "great" provocation here. The Defendant's conduct and attitude is such that **his dangerous, violent behavior is likely to occur again**. Besides the Defendant's testimony, which was filled with inconsistencies and lies, there is no evidence that the victims initiated any violence or were aggressors.

Rule 4.423 (a) (3). The crime was committed because of an unusual circumstance, such as great provocation which is unlikely to reoccur. There is no evidence of any highly unusual circumstance or "great" provocation. The Defendant simply claimed he was "scared" (a regular excuse for his criminal conduct) and that his disease somehow makes him more vulnerable. The evidence was clear, however, that the Defendant made his own choices here – he could have done a lot of things including simply driving away, but chose not to.

Rule 4.423 (a) (4). The defendant participated in the crime under circumstances of coercion or duress, or the criminal conduct was partially excusable for some other reason not amounting to a defense. There was no coercion or duress.

Rule 4.423 (a) (5). The defendant, with no apparent predisposition to do so, was induced by others to participate in the crime. There is no evidence of this, and as stated above, the defendant was the sole and primary actor.

Rule 4.423 (a) (6). The defendant exercised caution to avoid harm to persons or damage to property, or the amounts of money or property taken were deliberately small, or no harm was done or threatened against the victim. Here, the Defendant acted rashly and with no caution. **He did nothing to prevent either property or personal damage.** The injuries the victims were both physical and financial.

Rule 4.423(b). Facts relating to the defendant, including the fact that:

Rule 4.423(b)(1). The defendant has no prior record, or an insignificant record of criminal conduct, considering the recency and frequency of prior crimes. This section does

0118

not apply to this Defendant. The Defendant's has been in and out of the criminal justice system and prison for most of his life. He has a history of thefts, drug use, violation of court orders, and violence. His most recent conviction was for a serious and violent felony, criminal threats. The Court heard testimony about his violence towards Rose Roach. The Defendant's criminal conduct is not only continuous, but it is increasing in seriousness.

Rule 4.423 (b) (2). The defendant was suffering from a mental or physical condition that significantly reduced culpability for the crime. The Defendant claims his arthritic condition was in part to blame for his conduct, but **his own physician did not support this theory**.

Rule 4.423(b)(3). The defendant admitted guilt at an early stage in the criminal process. To date, the Defendant still refuses to take responsibility, admit any blame, or show any remorse. He took the stand and lied, denying his culpability, placing blame on others, minimizing his actions, and merely attempting to garner sympathy for himself. He did the same during his probation interview, and this time his story changed yet again. He can't keep his many lies straight, and his only concern is himself.

Rule 4.423 (b) (4). The defendant is **ineligible for probation** and but for that ineligibility he would have been granted probation. As stated above, the defendant is presumptively ineligible for probation.

Rule 4.423 (b) (5). The defendant made restitution to the victim. Unfortunately, in this case the Defendant can never make restitution to these victims.

Rule 4.423 (b) (6). The defendant's prior performance on probation or parole was satisfactory. In the past, the Defendant has violated the conditions of both his probation and parole, usually by committing new offenses.

The circumstances in mitigation do not outweigh the circumstances in aggravation. In fact, the circumstances in aggravation far outweigh any mitigating factors. Thus, imposition of the upper term would be justified.

////

////

////

0119

## IV.

## <u>CONCLUSION</u>

The People respectfully submit the foregoing sentencing brief and ask the court to deny probation and impose a **prison term of 22 years**.


Dated: June 2, 2010


                                        Respectfully submitted.


                                        BONNIE DUMANIS
                                        District Attorney


                                    By _____
                                        MARY GINETTE LOEB
                                        Deputy District Attorney

1 | BOWMAN AND BROOKE LLP
Anthony S. Thomas (SBN: 149284)
2 | David Shay (SBN: 241702)
970 West 190th Street, Suite 700
3 | Torrance, CA  90502
Telephone: (310) 768-3068
4 | Facsimile:  (310) 719-1019

5 | Attorneys for Defendant GENERAL MOTORS LLC

6

7

8 |             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                     FOR THE COUNTY OF SOLANO

10

11 | DARREL DUNSMORE,                    ) CASE NO.:  FCS045638
                                       )
12 |                 Plaintiff,         ) Assigned to: Harry S. Kinnicutt
                                       ) Department: 3
13 | vs.                                )
                                       )
14 | GMC, LOBEL VIKING et. al           ) **DEFENDANT GENERAL MOTORS LLC'S**
                                       ) **DEMURRER TO PLAINTIFF'S**
15 |                                    ) **COMPLAINT; MEMORANDUM OF POINTS**
                 Defendants.           ) **AND AUTHORITIES; DECLARATION OF**
16 |                                    ) **DAVID C. SHAY; AND [PROPOSED]**
                                       ) **ORDER**
17 |

18 |                                      **(filed concurrently with Motion to Strike)**

19 |
                                       **Date:**      January 5, 2016
20 |                                     **Time:**      9:30 a.m.
                                       **Dept.:**      3
21 |

22 |                                      Action Filed:    July 15, 2015

23 |      TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

24 |      PLEASE TAKE NOTICE that on January 5, 2016 at 9:30 a.m., or as soon

25 | thereafter as the matter may be heard in Department 3 of the above-entitled court located

26 | at 600 Union Avenue, Fairfield, California 94533 Defendant General Motors LLC (the

27 | entity served herein), will and hereby does demur to the operative complaint on the

28 | following grounds:

1.    The entity served by the in pro per plaintiff, General Motors LLC, is not a proper party to this case under California *Code of Civil Procedure* Section 430.10(e) as it relates to the five causes of action asserted. Specifically, General Motors LLC did not design manufacture or sell the 2001 GMC Savana van that is the subject matter of this lawsuit. In fact, General Motors LLC did not even exist until 2009. As a result, although served with the operative Complaint, it is not a proper party to this action. Instead, the entity that designed, manufactured and originally sold the 2001 GMC Savana van was Motor Liquidation Company f/k/a General Motors Corporation; and,

2.    On the face of the complaint, the tort and misrepresentation claims are barred by the statute of limitations under California *Code of Civil Procedure* Sections 335.1 (tort) and 338(d) (fraud).

This Demurrer is based upon this Notice, the Memorandum of Points and Authorities set forth herein below, the attached Declaration of David C. Shay and the complete files and records of this action.

DATED: September _25_, 2015

BOWMAN AND BROOKE LLP

By: _____
Anthony S. Thomas
David C. Shay
Attorneys for Defendant
GENERAL MOTORS LLC

2

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

1                                               **DEMURRER**

2      General Motors LLC hereby demurs to the Complaint filed by plaintiff Darrel

3 Dunsmore generally and in its entirety on the following grounds:

4      **DEMURRER AS TO THE FIRST CAUSE OF ACTION "MOTOR VEHICLE"**

5      1.    The first cause of action does not state sufficient facts to constitute a cause

6 of action against General Motors LLC and is otherwise barred by the Bankruptcy Court's

7 Sale Approval Order (See Exhibit 1 to Request for Judicial Notice); and,.

8      2.    The first cause of action directed against General Motors LLC is barred by

9 the applicable statute of limitations.

10      **DEMURRER AS TO THE SECOND CAUSE OF ACTION "GENERAL NEGLIGENCE"**

11      1.    The second cause of action does not state sufficient facts to constitute a

12 cause of action against General Motors LLC and is otherwise barred by the Bankruptcy

13 Court's Sale Approval Order (See Exhibit 1 to Request for Judicial Notice); and,

14      2.    The second cause of action directed against General Motors LLC is barred

15 by the applicable statute of limitations.

16      **DEMURRER AS TO THE THIRD CAUSE OF ACTION "INTENTIONAL TORT"**

17      1.    The third cause of action does not state sufficient facts to constitute a cause

18 of action against General Motors LLC and is otherwise barred by the Bankruptcy Court's

19 Sale Approval Order (See Exhibit 1 to Request for Judicial Notice); and,

20      2.    The third cause of action directed against General Motors LLC is barred by

21 the applicable statute of limitations.

22      **DEMURRER AS TO THE FOURTH CAUSE OF ACTION "PRODUCTS LIABILITY"**

23      1.    The fourth cause of action does not state sufficient facts to constitute a

24 cause of action against General Motors LLC and is otherwise barred by the Bankruptcy

25 Court's Sale Approval Order (See Exhibit 1 Request for Judicial Notice); and,

26      2.    The fourth cause of action directed against General Motors LLC is barred

27 by the applicable statute of limitations.

28

12617395v3           3

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

1 | **DEMURRER AS TO THE FIFTH CAUSE OF ACTION FOR "INTENTIONAL OR**

2 | **NEGLIGENT MISREPRESENTATION"**

3 |      1.    The fifth cause of action does not state sufficient facts to constitute a cause

4 | of action against General Motors LLC and is otherwise barred by the Bankruptcy Court's

5 | Sale Approval Order (See Exhibit 1 to Request for Judicial Notice); and,

6 |      2.    The fifth cause of action is barred by the applicable statute of limitations.

7 |

8 | DATED: September _25_, 2015          BOWMAN AND BROOKE LLP

9 |

10 |                      By

11 |                           Anthony S. Thomas
                          David C. Shay

12 |                           Attorneys for Defendant
                          GENERAL MOTORS LLC

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Our incarcerated in pro per plaintiff filed the operative complaint asserting four causes of action based in tort and one cause of action based on misrepresentation (fraud) in connection with his purchase of a used 2001 GMC Savana van back in the 2006-2007 timeframe. He alleges damages in connection with a van versus pedestrian incident (plaintiff was convicted of attempted voluntary manslaughter after the van was used to run over his victims).[1]  As discussed below, the instant demurrer should be sustained without leave to amend for three reasons.

First, the entity served, General Motors LLC did not design, manufacture or distribute the subject 2001 GMC Savana van.   To the contrary, the correct entity involved was <u>Motors Liquidation Company</u> f/k/a General Motors Corporation.  Shay Decl. ¶3-4.  Therefore, General Motors LLC is not a proper party to this lawsuit.

Second, as it relates to the 2006-07 misrepresentation claims, since General Motors LLC did not exist until 2009, it could not possibly make any misrepresentations to plaintiff in connection with his purchase of the used van.  More importantly, since General Motors LLC is not liable for any pre-July 10, 2009 MLC conduct, it is not a proper party to this lawsuit.  Shay Decl. ¶3-4.

Finally, assuming arguendo that plaintiff served the correct manufacturing entity, the claims are otherwise barred by the statute of limitations.  Simply put, plaintiff Darrel Dunsmore filed his lawsuit on **July 15, 2015** for alleged damages stemming from the **December 3, 2007** incident.  (See also, Exhibit A--Plaintiff's Complaint)  Therefore, these claims are untimely under both California *Code of Civil Procedure* Sections 335.1 (tort) and 338(d) (fraud).

---

[1] See Exhibit A to Shay Declaration -- <u>People v Dunsmore</u> (unpublished opinion re the facts of the underlying litigation) which is offered for background information only. (See also, Exhibit B—to Shay Decl. Plaintiff's Complaint "Products Liability cause of action at PLD-PI-001(5) and handwritten fraud cause of action at FR-1-FR-2.).

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

## II.    OPERATIVE FACTS

1.    Plaintiff was the driver in a van versus pedestrian criminal incident on December 3, 2007. (Exhibit A--Shay Decl. ¶1).

2.    Plaintiff Darrel Dunsmore filed the instant action on July 15, 2015. (Exhibit B--Shay Decl. ¶2).   The operative Complaint list three defendants; namely, Lobel , Viking and General Motors Corporation "GMC" (manufacturer of the subject van).

3.    General Motors LLC is a corporation formed in 2009 under the laws of Delaware.   A true and correct copy of the Delaware Secretary of State's website identifying General Motors LLC is attached hereto as Exhibit "C".

4.    On July 10, 2009, General Motors LLC acquired certain assets of Motors Liquidation Company f/k/a/ General Motors Corporation following the filing of bankruptcy by General Motors Corporation in the United States Bankruptcy Court for the Southern District of New York  In acquiring these assets, General Motors LLC did not assume all of the liabilities of General Motors Corporation, but rather, only product liability claims arising out of incidents involving General Motors Corporation vehicles that occurred **after** the July 10, 2009 closing date. (See Exhibit 1 to the Request for Judicial Notice, *In re General Motors Corp.*, (S.D.N.Y. 2011) 447 B.R. 142, 144.

## III.    LEGAL ARGUMENT

Under California *Code of Civil Procedure* Section 430.10(f), it is essential that "a pleading set forth actionable facts relied upon with sufficient precision to inform the defendant of what plaintiff is complaining, and what remedies are being sought." (*Signal Hill Aviation Co. v. Stroppe* (1979) 96 Cal.App.3d 627, 636.)   Hence, pursuant to California *Code of Civil Procedure*, Section 430.50, a defendant may demur to any of plaintiff's individual counts, if a defect appears on the face thereof.   Specifically, California *Code of Civil Procedure* Section 430.10, provides as follows:

1    "The party against whom a complaint . . . has been filed may
2    object by demurrer . . . on any one or more of the following
     grounds:
3                              *  *  *
     (e)  The pleading does not state facts sufficient to constitute the cause of
4    action."

5    In that regard, it is well settled that a demurrer can be used to challenge defects

6    that appear on the face of the pleading under attack, or from matters outside the

7    pleading that are judicially noticeable.  (*Blank v. Kirwan* (1985) 39 C.3d 311, 318.)  In

8    fact, California *Code of Civil Procedure* Section 430.30(a) specifically authorizes the

9    court to consider, as a ground for demurrer, any matter which the court must or may

10   judicially notice. (*Evidence Code* Section 451 and 452.)  For example, in *Performance*

11   *Plastering v. Richmond American Homes of California, Inc.* (2007) 153 Cal.App.4th 659

12   the court properly took judicial notice of a court transcript regarding a settlement

13   agreement and considered their contents, even though they were outside the four

14   corners of the complaint.

15   **A.    PLAINTIFF'S CLAIMS ARE BARRED AS TO GENERAL MOTORS LLC**

16   Since General Motors LLC did not assume liability in connection with "accidents

17   or incidents" occurring before July 10, 2009, it is not a proper party to this action

18   Specifically, in 2009, the New York Bankruptcy Court oversaw and approved the sale of

19   the bankrupt General Motors Corporation's assets and assumed liabilities. In 2011, the

20   Bankruptcy Court interpreted the agreement and issued a Court Order confirming that

21   "New" GM only assumed liability for products liability claims arising <u>after</u> the "Old" GM's

22   *Bankruptcy Code* Section 363 Sale Agreement closing date (i.e. July 10, 2009).

23   In the case at bar, the subject crash involving the 2001 GMC Savana van giving

24   rise to the claims asserted by plaintiff occurred on December 3, 2007.  Hence, when

25   these parameters are applied to our facts, it is clear that "New" GM cannot be not a

26   proper party to this action because the incident pre-dates the bankruptcy.  Since this court

27   has all of the facts (within the complaint or subject to judicial notice) demonstrating this

28   lawsuit is barred against "New" GM; the demurrer should be sustained since it fails to

12617395v3                          7

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

1    state facts sufficient to constitute a cause of action.  See e.g. *Carroll v. Puritan Leasing*

2    *Co.* (1978) 77 Cal. App. 3d 481, 485.

3        **B.    PLAINTIFF'S TORT CLAIMS ARE BARRED BY THE APPLICABLE**

4        **STATUTE OF LIMITATION**

5          This Demurrer must be sustained without leave to amend because this action is

6    barred by the statute of limitation.  The statute of limitation for personal injuries is 2

7    years pursuant to California Code of Civil Procedure Section 335.1.  The crash

8    occurred on December 3, 2007.  The Complaint was filed on July 15, 2015.  The statute

9    has passed, and plaintiff's tort claims are time barred.

10        **C.    PLAINTIFF'S MISREPRESENTATION CLAIM IS BARRED BY THE**

11        **APPLICABLE STATUTE OF LIMITATION**

12          This Demurrer must be sustained without leave to amend because this action is

13    barred by the statute of limitation.   The statute of limitation for actions based on fraud

14    is 3 years pursuant to California *Code of Civil Procedure* Section 338(d).  Plaintiff

15    alleges the misrepresentations were made in connection with his purchase of the 2001

16    GMC Savana van used in 2006-2007. (See Exhibit A--Plaintiff's Complaint handwritten

17    fraud cause of action at FR-1-FR-2.)  The Complaint was filed on July 15, 2015.  The

18    statute has passed, and plaintiff's claims are time barred.

19    **III.    <u>CONCLUSION</u>**

20          There is no reasonable possibility that amendment could cure the defects.  See

21    *Banis Restaurant Design, Inc. v. Serrano* (2005) 134 Cal.App.4th 1035, 1044.  Where

22    the defects in a pleading are matters of law, it is proper to sustain a demurrer without

23    leave to amend. *Estes v. Monroe* (2004) 120 Cal.App.4th 1347, 1365.  Inasmuch as

24    General Motors LLC is not a proper party to this action, the claims asserted against

25

26

27

28

1   General Motors LLC must be dismissed.  As such, for the reasons set forth above, it is

2   respectfully requested that this court sustain this demurrer with prejudice as to General

3   Motors LLC.

4

5   DATED: September _25_, 2015               BOWMAN AND BROOKE LLP

6

7                                            By:

8                                            Anthony S. Thomas
                                             David C. Shay
9                                            Attorneys for Defendant
                                             GENERAL MOTORS LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

## DECLARATION OF DAVID C. SHAY

I, David C. Shay, declare as follows:

I am an attorney at law licensed to practice within the State of California and I am an associate attorney with the law firm of Bowman and Brooke, LLP attorneys of record for General Motors, LLC.  This declaration is submitted in support of General Motors LLC's demurer  in this action, which was filed in the Superior Court of the State of California, County of Solano, Case No. FCS045638

1.    This litigation stems from a van versus pedestrian crash that occurred on or about December 3, 2007 (plaintiff was subsequently convicted of attempted voluntary manslaughter after the van was used to run over his victim).  Attached hereto as Exhibit A is a true and correct copy of the *People v Dunsmore* unpublished appellate opinion which is offered for information concerning plaintiff's underlying criminal conviction concerning the subject van.

2.    The operative Complaint was filed on July 15, 2015 and mailed to General Motors LLC. Attached hereto as Exhibit B is a true and correct copy of Plaintiff's Complaint as served on General Motors LLC.

3.    General Motors LLC is a corporation formed in 2009 under the laws of Delaware.  A true and correct copy of the Delaware Secretary of State's website identifying General Motors LLC is attached hereto as Exhibit "C.".

4.    On July 10, 2009, General Motors LLC acquired certain assets of Motors Liquidation Company f/k/a/ General Motors Corporation following the filing of bankruptcy by General Motors Corporation in the United States Bankruptcy Court for the Southern District of New York  In acquiring these assets, General Motors LLC did not assume all of the liabilities of General Motors Corporation, but rather, only product liability claims arising out of incidents involving General Motors Corporation vehicles that occurred **after** the July 10, 2009 closing date.  (See Exhibit 1 to the Request for Judicial Notice, *In re General Motors Corp.*, (S.D.N.Y. 2011) 447 B.R. 142, 144

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

1    5.    At this time, the parties have not been able to resolve the jurisdictional

2  issues set forth in the motion without judicial intervention.  General Motors LLC has

3  been unable to secure contact information for plaintiff, who is a prisoner.

4    I declare under penalty of perjury under the laws of the State of California that

5  the foregoing is true and correct.

6    Executed this __25__ day of September, 2015 at Torrance, California.

7

8

9

    DAVID C. SHAY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

1 | BOWMAN AND BROOKE LLP
Anthony S. Thomas (SBN: 149284)
2 | David Shay (SBN: 241702)
970 West 190th Street, Suite 700
3 | Torrance, CA 90502
Telephone: (310) 768-3068
4 | Facsimile: (310) 719-1019

5 | Attorneys for Defendant GENERAL MOTORS LLC

6

7 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 | FOR THE COUNTY OF SOLANO

9

10 | DARREL DUNSMORE,

CASE NO.: FCS 045638

11 | Plaintiff,

Assigned to: Harry S. Kinnicutt
Department: 3

12 | vs.

13 | GMC, LOBEL VIKING et. al

REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF DEMURRER TO
PLAINTIFF'S COMPLAINT AND MOTION
TO STRIKE

14 | Defendants.

15

16 | Date:       January 5, 2016
Time:       9:30 a.m.
17 | Dept.:      3

18 | Action Filed:    July 15, 2015

19 | TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

20 | Pursuant to *Evidence Code* §452(a), General Motors LLC hereby requests that the

21 | court take judicial notice of the following:

22 | 1. *In re General Motors Corp.*, (S.D.N.Y. 2011) 447 B.R. 142 ("interpreting liabilities

23 | purchased by New GM").

24 | DATED: September 25, 2015       BOWMAN AND BROOKE LLP

25

26

27 | By:

Anthony S. Thomas
David C. Shay
Attorneys for Defendant
28 | GENERAL MOTORS LLC

DEFENDANT GENERAL MOTORS LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
DEMURRER TO PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE

# EXHIBIT 1

447 B.R. 142
United States Bankruptcy Court,
S.D. New York.

In re MOTORS LIQUIDATION COMPANY, et
al., f/k/a General Motors Corp., et al., Debtors.

No. 09–50026(REG).    |    Jan. 5, 2011.

## Synopsis
**Background:** Purchaser of assets of bankrupt automobile manufacturer that had filed for Chapter 11 relief moved to enforce terms of sales order to bar products liability claims against it by user of car manufactured by debtor.

[Holding:] The Bankruptcy Court, Robert E. Gerber, J., held that purchaser, in agreeing to assume liability only for products liability claims "aris[ing] directly out of death, personal injury or other injury to Persons or damage to property caused by accidents or incidents first occurring on or after the Closing Date," did not assume liability for death of motorist who was killed due to accident that predated its closing on the purchase of assets, though it was not until after closing date that motorist died.

Motion granted.

West Headnotes (4)

[1]    **Bankruptcy**
⟜ Rights and liabilities of purchasers, and right to purchase

Purchaser of assets of bankrupt automobile manufacturer that had filed for Chapter 11 relief, in agreeing to assume liability only for products liability claims "aris[ing] directly out of death, personal injury or other injury to Persons or damage to property caused by accidents or incidents first occurring on or after the Closing Date," did not assume liability for death of motorist who was killed due to accident that predated its closing on the purchase of assets, though it was not until after closing date that motorist died; motorist's death was not separate

"incident" that first occurred after closing, but consequence of "accident or incident" that predated closing.

Cases that cite this headnote

[2]    **Bankruptcy**
⟜ Rights and liabilities of purchasers, and right to purchase

Under rule against construing contract so as to render any contract term mere surplusage, term "incidents," as used in provision of master sales and purchase agreement where purchaser of bankrupt automobile manufacturer's assets agreed to assume liability only for products liability claims "aris[ing] directly out of death, personal injury or other injury to Persons or damage to property caused by accidents or incidents first occurring on or after the Closing Date," could not be construed in such a way that it always covered same thing as "accidents," but had to be construed as having been put there for a reason, because it added something to the liability that purchaser assumed in at least some circumstances.

Cases that cite this headnote

[3]    **Contracts**
⟜ Language of Instrument

Under the "noscitur a sociis" canon of contract construction, a word is known by the company it keeps, and words grouped in list should be given related meaning.

3 Cases that cite this headnote

[4]    **Bankruptcy**
⟜ Rights and liabilities of purchasers, and right to purchase

Term "incidents," as used in provision of master sales and purchase agreement in which purchaser of bankrupt automobile manufacturer's assets agreed to assume liability only for products liability claims "aris[ing] directly out of death, personal injury or other injury to Persons or damage to property caused by accidents or incidents first occurring on or after the Closing

Date," could not be interpreted in such a way as to render purchaser liable for the post-closing consequences, such as victim's eventual death, of accident that predated closing date, as this would read the terms "first occurring" out of this assumption-of-liability provision; rather, term had to be construed in manner consistent with the preceding term "accidents," as broadening the liability assumed to include claims relating to fires, explosions, or other definite events that, like "accidents," caused injuries and resulted in right to sue.

Cases that cite this headnote

**Attorneys and Law Firms**

*143 Weil, Gotshal & Manges LLP, By: Stephen Karotkin, Esq. (argued), Harvey R. Miller, Esq., Joseph H. Smolinsky, Esq., New York, NY, for General Motors, LLC.

Barry Novack, By: Barry Novack, Esq. (argued), Beverly Hills, CA, for Plaintiff Sanford Deutsch.

Norris McLaughlin & Marcus, PA, By: Melissa Peña, Esq., New York, NY, Local Counsel for Sanford Deutsch.

**Opinion**

### DECISION ON NEW GM'S MOTION TO ENFORCE SECTION 363 ORDER WITH RESPECT TO PRODUCT LIABILITY CLAIM OF ESTATE OF BEVERLY DEUTSCH

ROBERT E. GERBER, Bankruptcy Judge.

In this contested matter in the chapter 11 case of Motors Liquidation Company (formerly, General Motors Corp., and referred to here as "Old GM") and its affiliates, General Motors LLC ("New GM") seeks a determination from this Court that New GM did not assume the liabilities associated with a tort action in which a car accident took place before the date ("Closing Date") upon which New GM acquired the business of Old GM, but the accident *144 victim died thereafter.[1] The issue turns on the construction of the documents under which New GM agreed to assume liabilities from Old GM—which provided that New GM would assume liabilities relating to "accidents or incidents"

"first occurring on or after the Closing Date"—and in that connection, whether a liability of this character is or is not one of the types of liabilities that New GM thereby agreed to assume.

Upon consideration of those documents, the Court concludes that the liability in question was not assumed by New GM. However, if a proof of claim was not previously filed against Old GM with respect to the accident in question, the Court will permit one to be filed within 30 days of the entry of the order implementing this Decision, without prejudice to rights to appeal this determination.

The Court's Findings of Fact and Conclusions of Law in connection with this determination follow.

*Findings of Fact*

In June 2007, Beverly Deutsch was severely injured in an accident while she was driving a 2006 Cadillac sedan. She survived the car accident, but in August 2009, she died from the injuries that she previously had sustained.[2]

In January 2010, the Estate of Beverly Deutsch, the Heirs of Beverly Deutsch, and Sanford Deutsch (collectively "Deutsch Estate") filed a Third Amended Complaint against New GM (and others) in a state court lawsuit in California (the "Deutsch Estate Action"), claiming damages arising from the accident, the injuries which Beverly sustained, and her wrongful death. The current complaint superseded the original complaint in the Deutsch Estate Action, which was filed in April 2008, before the filing of Old GM's chapter 11 case.

In July 2009, this Court entered its order (the "363 Sale Order") approving the sale of Old GM's assets, under section 363 of the Bankruptcy Code, to the entity now known as New GM. The 363 Sale Order, among other things, approved an agreement that was called an Amended and Restated Master Sale and Purchase Agreement (the "MSPA").

The MSPA detailed which liabilities would be assumed by New GM, and provided that all other liabilities would be retained by Old GM. The MSPA provided, in its § 2.3(a)(ix), that New GM would not assume any claims with respect to product liabilities (as such term was defined in the MSPA, "Product Liability Claims") of the Debtors except those that "arise directly out of death, personal injury or other injury

to Persons or damage to property caused by *accidents or incidents* first occurring on or after the Closing Date [July 10, 2009] ..."[3] Thus, those Product Liability Claims that arose from "accidents or incidents" occurring before July 10, 2009 would not be assumed by New GM, but claims arising from "accidents or incidents" occurring on or after July 10, 2009 would be.

Language in an earlier version of the MSPA differed somewhat from its final language, as approved by the Court. Before its amendment, the MSPA provided *145 for New GM to assume liabilities except those caused by "accidents, incidents, *or other distinct and discrete occurrences*."[4]

The 363 Sale Order provides that "[t]his Court retains exclusive jurisdiction to enforce and implement the terms and provisions of this Order" and the MSPA, including "to protect the Purchaser [New GM] against any of the Retained Liabilities or the assertion of any ... claim ... of any kind or nature whatsoever, against the Purchased Assets."[5]

## Discussion

[1]    The issue here is one of contractual construction. As used in the MSPA, when defining the liabilities that New GM would assume, what do the words "accidents or incidents," that appear before "first occurring on or after the Closing Date," mean? It is undisputed that the accident that caused Beverly Deutsch's death took place in June 2007, more than two years prior to the closing. But her death took place after the closing. New GM argues that Beverly Deutsch's injuries arose from an "accident" and an "incident" that took place in 2007, and that her death did likewise. But the Deutsch Estate argues that while the "accident" took place in 2007, her death was a separate "incident"—and that the latter took place only in August 2009, after the closing of the sale to New GM had taken place.

Ultimately, while the Court respects the skill and fervor with which the point was argued, it cannot agree with the Deutsch Estate. Beverly Deutsch's death in 2009 was the *consequence* of an event that took place in 2007, which undisputedly, was an accident and which also was an incident, which is a broader word, but fundamentally of a similar type. The resulting death in 2009 was not, however, an "incident[ ] first occurring on or after the Closing Date," as that term was used in the MSPA.

As usual, the Court starts with textual analysis. The key provision of the MSPA, § 2.3(a)(ix), set forth the extent to which Product Liability Claims were assumed by New GM. Under that provision, New GM assumed:

> (ix) all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), *which arise directly out of death, personal injury or other injury to Persons or damage to property caused by accidents or incidents first occurring on or after the Closing Date and arising from such motor vehicles' operation or performance* (for avoidance of doubt, Purchaser shall not assume or become liable to pay, perform or discharge, any Liability arising or contended to arise by reason of exposure to materials utilized in the assembly or fabrication of motor vehicles manufactured by Sellers and delivered prior to the Closing Date, including asbestos, silicates or fluids, regardless of when such alleged exposure occurs).[6]

The key words, of course, are "accidents" and "incidents," neither of which are defined anywhere else in the MSPA, and whose interpretation, accordingly, must *146 turn on their common meaning and any understandings expressed by one side to the other in the course of contractual negotiations. Also important are the words "first occurring on or after the Closing Date," which modify the words "accidents" and "incidents," and shed light on the former words' meaning.

The word "accidents," of course, is not ambiguous. "Accidents" has sufficiently clear meaning on its own, and in any event its interpretation is not subject to debate, as both sides agree that Beverly Deutsch's death resulted from an accident that took place in 2007, at a time when, if "accidents" were the only controlling word, liability for the resulting death would not be assumed by New GM. The ambiguity, if

any, is instead in the word "incidents," which is a word that by its nature is more inclusive and less precise.

But while "incidents" may be deemed to be somewhat ambiguous, neither side asked for an evidentiary hearing to put forward parol evidence as to its meaning. Though it is undisputed that "incidents" remained in the MSPA after additional words "or other distinct and discrete occurrences," were deleted, neither side was able, or chose, to explain, by evidence, why the latter words were dropped, and what, if any relevance the dropping of the additional words might have as to the meaning of the word "incidents" that remained. The words "or other distinct and discrete occurrences" could have been deleted as redundant, to narrow the universe of claims that were assumed, or for some other reason. Ultimately, the Court is unable to derive sufficient indication of the parties' intent as to the significance, if any, of deleting the extra words.

So the Court is left with the task of deriving the meaning of the remaining words "accidents or incidents" from their ordinary meaning, the words that surround them, canons of construction, and the Court's understanding when it approved the 363 Sale as to how the MSPA would deal with prepetition claims against Old GM. Ultimately these considerations, particularly in the aggregate, point in a single direction—that a death resulting from an earlier "accident [ ] or incident[ ]" was not an "incident[ ] first occurring" after the closing.

Starting first with ordinary meaning, definitions of "incident" from multiple sources are quite similar. They include, as relevant here,[7] "an occurrence of an action or situation felt as a separate unit of experience";[8] "an occurrence of an action or situation that is a separate unit of experience";[9] "[a] discrete occurrence or happening";[10] "something that happens, especially a single event";[11] "a definite and separate occurrence; an event";[12] or, as proffered by the Deutsch Estate, "[a] separate *147 and definite occurrence: EVENT."[13] In ways that vary only in immaterial respects, all of the definitions articulate the concept of a separate and identifiable event. And, and of course, from words that follow, "arising from such motor vehicles' operation or performance," the event must be understood to relate to be one that that involves a motor vehicle. Accidents, explosions or fires all fit comfortably within that description. Deaths or other consequences that result from earlier accidents, explosions or fires technically might fit as well, but such a reading is much less natural and much more strained.

Turning next to words that surround the words "accidents or incidents," these words provide an interpretive aid to the words they modify. The word "incident[ ]" is followed by the words "first occurring." In addition to defining the relevant time at which the incident must take place (i.e., after the closing), that clause inserts the word "first" before "occurring." That suggests, rather strongly, that it was envisioned that some types of incidents could take place over time or have separate sub-occurrences, or that one incident might relate to an earlier incident, with the earliest incident being the one that matters. Otherwise it would be sufficient to simply say "occurring," without adding the word "first." This too suggests that the consequences of an incident should not be regarded as a separate incident, or that even if they are, the incident that first occurs is the one that controls.

[2]    Canons of construction tend to cut in opposite directions, though on balance they favor New GM. The Deutsch Estate appropriately points to the canon of construction against "mere surplusage," which requires different words of a contract or statute to be construed in a fashion that gives them separate meanings, so that no word is superfluous.[14] The Court would not go as far as to say that the words "accident" and "incident" cannot ever cover the same thing—or, putting it another way, that they always must be different.[15] But the Court agrees with the Deutsch Estate that they cannot always mean the same thing. "Incidents" must have been put there for a reason, and should be construed to add something in at least some circumstances.

[3]    But how different the two words "accidents" and "incidents" can properly be understood to be—and in particular, whether "incidents" can be deemed to separately exist[16] when they are a foreseeable consequence, or are the resulting injury, *148 from the accidents or incidents that cause them—is quite a different matter. A second canon of construction, "noscitur a sociis," provides that "words grouped in a list should be given related meaning."[17] Colloquially, "a word is known by the company it keeps ..."[18] For instance, in Dole, in interpreting a phrase of the Paper Work Reduction Act, the Supreme Court invoked noscitur a sociis to hold that words in a list, while meaning different things, should nevertheless be read to place limits on how broadly some of those words might be construed. The Dole court stated:

[t]hat a more limited reading of the phrase "reporting and recordkeeping requirements" was intended derives some further support from the words surrounding it. The traditional canon of construction, *noscitur a sociis*, dictates that words grouped in a list should be given related meaning. [19]

Here application of the canon against surplusage makes clear, as the Deutsch Estate argues, that "incidents" must at least sometimes mean something different than "accidents"—but application of that canon does not tell us when and how. The second canon, *noscitur a sociis*, does that, and effectively trumps the doctrine of surplusage because it tells us that "accidents" and "incidents" should be given related meaning.

The Deutsch Estate argues that the Court should construe a death resulting from an earlier "accident" or "incident" to be a separate and new "incident" that took place at a later time. But ultimately, the Court concludes that it cannot do so. While it is easy to conclude that "accidents" and "incidents," as used in the MSPA, will not necessarily be the same in all cases, they must still be somewhat similar. "Incidents" cannot be construed so broadly as to cover what are simply the consequences of earlier "accidents" or other "incidents."

Applying *noscitur a sociis* in conjunction with the canon against "mere surplusage" tells us that the two words "accidents" and "incidents" must be understood as having separate meanings in at least some cases, but that these meanings should be conceptually related. At oral argument, the Court asked counsel for New GM an important question: if an "incident" would not necessarily be an "accident," what would it be? What would it cover? Counsel for New GM came back with a crisp and very logical answer; he said that "incident" would cover a situation where a car caught fire or had blown up, or some problem had arisen by means other than a collision. [20]

\*149 Conversely, the interpretation for which the Deutsch Estate argues—that "incidents" refers to *consequences* of earlier accidents or incidents—is itself violative or potentially violative, of the two interpretive canons discussed above. It is violative of *noscitur a sociis*, since a death or other particular injury is by its nature distinct from the circumstance —collision, explosion, fire, or other accident or incident —that causes the resulting injury in the first place. The Deutsch Estate interpretation also tends to run counter to the doctrine against mere surplusage upon which the Deutsch Estate otherwise relies, making meaningless the words "first

occurring" which follow the words "accidents or incidents," in any cases where death or other particular injury is the consequence of an explosion, fire, or other non-collision incident that causes the resulting injury.

[4]    The simple interpretation, and the one this Court ultimately provides, is that "incidents," while covering more than just "accidents," are similar; they relate to fires, explosions, or other definite events that *cause* injuries and *result* in the right to sue, as contrasted to describing the *consequences* of those earlier events, or that relate to the resulting damages.

Finally, this Court's earlier understanding of the purposes of New GM's willingness to assume certain liabilities of Old GM is consistent with the Court's conclusion at this time as well. When the Court approved GM's 363 Sale, this Court noted, in its opinion, that New GM had chosen to broaden its assumption of product liabilities. [21] The MSPA was amended to provide for the assumption of liabilities not just for product liability claims for motor vehicles and parts delivered after the Closing Date (as in the original formulation), but also, for "all product liability claims arising from *accidents or other discrete incidents* arising from operation of GM vehicles occurring subsequent to the closing of the 363 Transaction, regardless of when the product was purchased." [22] As reflected in the Court's decision at the time, the Court understood that New GM was undertaking to assume the liabilities for "accidents or other discrete incidents" that hadn't yet taken place.

Finally, the Deutsch Estate notes another interpretative canon, that ambiguities in a contract must be read against the drafter. [23] If the matter were closer, the Court might consider doing so. [24] But the language in question is not that ambiguous, \*150 and the relevant considerations, fairly decisively, all tip in the same direction. While it cannot be said that the Deutsch Estate's position is a frivolous one, the issues are not close enough to require reading the language against the drafter.

## Conclusion

The Deutsch Estate's interpretation of "accident or incident" is not supportable. Thus, the Debtor's motion is granted, and the Deutsch Estate may not pursue this claim against New GM. [25] New GM is to settle an order consistent with this

In re Motors Liquidation Co., 447 B.R. 142 (2011)

opinion. The time to appeal from this determination will run from the time of the resulting order, and not from the date of filing of this Decision.

**Footnotes**

1    Technically speaking, the motion is denominated as one to Enforce the 363 Sale Order, which protects New GM from liabilities it did not assume. The Court here speaks to the motion's substance.

2    There is no contention by either side that her death resulted from anything other than the earlier accident.

3    Amended Master Sale and Purchase Agreement, at § 2.3(a)(ix) (as modified by First Amendment) (emphasis added).

4    Amended Master Sale and Purchase Agreement, at § 2.3(a)(ix) (prior to modification by First Amendment) (emphasis added) (typographical error corrected).

5    363 Sale Order ¶ 71.

6    Amended Master Sale and Purchase Agreement, at § 2.3(a)(ix) (as modified by First Amendment) (emphasis added).

7    The word "incident" has other meanings, in other contexts, which most commonly follow definitions of the type quoted here. Particularly since the definition proffered by the Deutsch Estate is so similar to the others, the Court does not understand either side to contend that definitions of "incident" in other contexts are relevant here.

8    Webster's Third New International Dictionary Unabridged (1993) at 1142.

9    Merriam–Webster's Collegiate Dictionary (11th ed. 2003) at 629.

10    Black's Law Dictionary (8th ed. 2004) at 777.

11    Encarta Dictionary: English (North America), http://encarta. msn.com/encnet/features/dictionary/dictionaryhome.aspx (query word "incident" in search field).

12    American Heritage College Dictionary (4th ed. 2004) at 700.

13    Deutsch Estate Reply Br. at 4 (quoting Webster's II New College Dictionary (1999) at 559).

14    *See, e.g., Sprietsma v. Mercury Marine,* 537 U.S. 51, 63, 123 S.Ct. 518, 154 L.Ed.2d 466 (2002) (a statute's preemption clause, which applied to "a [state or local] law or regulation" did not preempt common law tort claims, because if "law" were read that broadly, it might also be interpreted to include regulations, which would render the express reference to "regulation" in the preemption clause superfluous). *See also Gustafson v. Alloyd Co.,* 513 U.S. 561, 574, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995) (*"Alloyd"*) (in statutory construction context, "the Court will avoid a reading which renders some words altogether redundant.").

15    As previously noted, "incident" is a word that is inherently broader than "accident." Every accident could fairly be described as an incident. But not every incident could fairly be described as an accident.

16    It is important to note that to prevail on this motion, the Deutsch Estate must show that the alleged "incident" that is the resulting death was a wholly separate "incident." Even if the death took place after the Closing Date, if the death was an incident that was part of an earlier incident, it could not be said to be *"first* occurring" after the Closing Date.

17    *Dole v. United Steelworkers of America,* 494 U.S. 26, 36, 110 S.Ct. 929, 108 L.Ed.2d 23 (1990).

18    *Alloyd,* 513 U.S. at 575, 115 S.Ct. 1061 (applying *noscitur a sociis* in context of statutory interpretation).

19    *Dole,* at 36, 110 S.Ct. 929. (internal quotations and citations omitted) (emphasis in original). *See also Massachusetts v. Morash,* 490 U.S. 107, 114–15, 109 S.Ct. 1668, 104 L.Ed.2d 98 (1989) (quoting *Schreiber v. Burlington Northern Inc.,* 472 U.S. 1, 8, 105 S.Ct. 2458, 86 L.Ed.2d 1 (1985)); *Alloyd,* 513 U.S. at 575, 115 S.Ct. 1061 ("This rule we rely upon to avoid ascribing to one word a *meaning so broad that it is inconsistent with its accompanying words,* thus giving unintended breadth to the Acts of Congress." (emphasis added) (internal quotation marks deleted)).

20    Counsel for New GM answered:

        Now, what's the difference between an accident or an incident, if it were relevant with respect to product liability claims? And I think there's an easy answer. You could have a car accident. Or you could have a car catching on fire; that's not necessarily an accident; that's an incident. Or a car could blow up with someone in the car. Or something else could happen; some other malfunction could cause a fire or injury to someone, not an accident with another vehicle necessarily; or an accident where you ran off the road. So I think that's easily explained.

        Transcript, at 31.

21    *See In Re General Motors Corp.,* 407 B.R. 463, 481–82 (Bankr.S.D.N.Y.2009). *appeal dismissed and aff'd,* 428 B.R. 43 (S.D.N.Y.2010), and 430 B.R. 65 (S.D.N.Y.2010).

22    *Id.* (emphasis added and original emphasis deleted)

23   *See Jacobson v. Sassower,* 66 N.Y.2d 991, 993, 499 N.Y.S.2d 381, 489 N.E.2d 1283 (N.Y.1985) ("In cases of doubt or ambiguity, a contract must be construed most strongly against the party who prepared it, and favorably to a party who had no voice in the selection of its language"); *Cf. Aetna Casualty & Surety Co. v. General Time Corp.,* 704 F.2d 80, 85 (2d Cir.1983) ("Since the insurer is assumed to have control over drafting the contract provisions, it is fair to hold it responsible for ambiguous terms, and accord the insured the benefit of uncertainties which the insurer could have, but failed to clarify").

24   In that event, the Court would then have to consider the specifics of the negotiating environment at the time. The Deutsch Estate was of course not a party to those negotiations at all. But there was little in the record at the time of the 363 Sale, and there is nothing in the record now, as to who, if anybody, had control over the drafting of any MSPA terms.

25   Under the circumstances, however, since the Deutsch Estate's issues were fairly debatable and plainly raised in good faith, the Court will provide the Deutsch Estate with 30 days from the resulting order to file a claim against Old GM if it has not already done so, without prejudice to its underlying position and any rights of appeal.

**End of Document**                                    © 2014 Thomson Reuters. No claim to original U.S. Government Works.

# PROOF OF SERVICE
## CCP 1013A(3)

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, California 90502.

On September 28, 2015 I served the foregoing document described as **DEFENDANT GENERAL MOTORS LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE** on all interested parties in this action by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

## SEE ATTACHED SERVICE LIST

☒ **BY MAIL (CCP §1013(a) and §2015.5):** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Gardena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing.

☐ **BY OVERNIGHT DELIVERY/NEXT DAY DELIVERY (CCP §1013(a) and §2015.5):** I sealed such document(s) in separate envelopes for each addressee and deposited each for collection by mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an express service carrier, or delivered to an authorized courier or driver authorized by the U.S. Postal Service or an express service carrier to receive documents, with delivery fees paid or provided for.

☐ **BY FACSIMILE (CRC 2.306 and §2015.5):** The document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed on the attached service/mailing list and the transmission(s) reported as complete and without error. The facsimile machine I used complied with the California Rules of Court, Rule 2.306(g), and no error was reported by the machine. Pursuant to CRC, Rule 2.306(g), I caused the facsimile machine to print a transmission(s) record, a true and correct copy of which is attached hereto.

Executed on September 28, 2015, at Torrance, California.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Joyce T. Matsuoka

DEFENDANT GENERAL MOTORS LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
DEMURRER TO PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE

1

## Service/Mailing List

2

## DARREL DUNSMORE v. GENERAL MOTORS LLC et.al
Solano County Superior Court Case No.: FCS5045638

3

4

5    Darrel Dunsmore                              **Plaintiff in Pro Per**
AD 6237 G-2-224,

6    P.O. Box 2000
Vacaville, CA 95696

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28