# EXHIBIT 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/2015

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 300 North LaSalle<br>Chicago, Illinois 60654 |  |
|---|---|---|
| Andrew B. Bloomer, P.C.<br>To Call Writer Directly:<br>(312) 862-2482<br>andrew.bloomer@kirkland.com | (312) 862-2000<br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

November 16, 2015

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *In re: General Motors LLC Ignition Switch Litigation*
      14-MD-2543

Dear Judge Furman:

  Pursuant to the Court's Order No. 84 (Docket No. 1596), Lead Counsel and counsel for General Motors LLC ("New GM") have met and conferred regarding the appropriate claims and allegations to be included in—and procedures for—motion practice against the Second Amended Consolidated Complaint ("SACC"). In light of the Bankruptcy Court's Decision on Imputation, Punitive Damages, and Other No-Strike and No-Dismissal Pleading Issues, dated November 9, 2015 (Bkrtcy. Docket No. 13533), the parties agree that motion practice should be deferred until Lead Counsel file a Third Amended Consolidated Complaint ("TACC") consistent with the November 9 Decision. Lead Counsel propose to file the TACC within 30 days of this letter, by **December 16, 2015**. Thereafter, the parties shall have twenty-one (21) days to meet and confer to (i) reach agreement on the scope of, and procedures for, motion practice with regard to the TACC, consistent with the requirements of Order No. 84 (*see* Docket No. 1596 at 3-4 (motion practice may proceed with regard to "claims or allegations in the [TACC] that are not (1) implicated by the Bankruptcy Court's June 1, 2015 Judgment that is the subject of the pending Second Circuit appeal; or (2) at issue in the ongoing proceedings in the Bankruptcy Court, as ordered by Judge Gerber pursuant to the September 3, 2015 Scheduling Order, relating to whether certain claims and allegations in the SACC violate the Judgment"); and (ii) discuss, if necessary, any issue or dispute regarding whether allegations and claims in the TACC violate the Bankruptcy Court's November 9 Decision. If New GM believes that portions of the TACC violate Judge Gerber's November 9, 2015 Decision, the parties will discuss procedures for moving forward with motion practice on claims in the TACC that are not implicated by such violations, if possible and appropriate.

  Therefore, by January 6, 2016, Lead Counsel and counsel for New GM would submit an agreed order regarding (1) what claims and allegations in the TACC meet the conditions set forth above (or as to which motion practice would otherwise be appropriate); and (2) the procedures

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
November 16, 2015
Page 2

(timing, length of briefs, etc.) for motion practice as to such claims and allegations. If the parties are unable to reach agreement, Lead Counsel and counsel for New GM would each submit a letter brief (not to exceed five single-spaced pages) by the same date setting forth their respective positions and attaching their proposals, as well as a redline showing the differences between the competing proposals.

      Lead Counsel and counsel for New GM anticipate that motion practice contemplated herein shall be limited to vehicles manufactured by New GM. Such motion practice will not preclude New GM from later conducting additional motion practice related to other allegations and claims in the TACC. Such motion practice also will not preclude New GM from asserting that allegations and claims in the TACC violate the Bankruptcy Court's November 9 Decision, pursuant to procedures to be agreed upon by the parties or to be imposed by the Bankruptcy Court or this Court for challenging plaintiffs' compliance with the Bankruptcy Court's November 9 Decision.

      Respectfully submitted,

      /s/ Richard C. Godfrey, P.C.
      /s/ Andrew B. Bloomer, P.C.

      *Counsel for Defendant General Motors LLC*

cc:    MDL Counsel of Record

    Application GRANTED.

      SO ORDERED.

      November 17, 2015