NO 15-56308

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Daryl Dunsmore                    Case 09-50026 (REG)

Petitioner

                    v

The Southern District
Bankruptcy Court of
New York

Respondants

People of The State
of California                     The Honorable
Real party in interest           Robert T Gerber

                    writ of Mandate
                    ordering The stay
                    Lifted and Constitutionally
                    Mandated Discovery Produced

                              11/16/15        Darryl Dunsmore
                                              AD6237 C3A-150
                                              Box 32200
                                              Stockton Ca 95213

                                                        1 of 1

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Darryl Dunsmore
Petitioner

v

The Southern District
Bankruptcy court of
New york
Respondents

People of The State
of California
Real party in interest

Case 09-50026 (Reg)

## Table of Contents and authorities in support of mandate

US v Bagley (1985) 473 US 667 676 82 L Ed
2d 481 490 105 Sct 3775 - - - - - - - 4

Brady v Maryland (1963) 373 US 83 87 10 L Ed
2d 215 83 Sct 1194 - - - - - - - 4

Penal Code 1054(e) - - - - - - - 4

## Contents

Petition - - - - - - - 4 pages

## Lodgements

order of The Court of New York - - - - - - 41 pages

11/11/15

D-^D-~
Darryl Dunsmore
AD6237 C34 190
Box 32200
Stockton Ca 95213

1 of 1

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Darryl Dunsmore
Petitioner

v

The Southern District
Bankruptcy Court of
New York
Respondents

People of The state
of California

Real party in interest

Case# 09-50026 (REG)



RECEIVED
NOV 18 2015

Petition with Memorandum
of Points and Authorities

To The Honorable presiding Justice and To The
Honorable associate Justices of The Court of Appeals

Summary

1. Petitioner has been diligent in attempting to
Procure Constitutionally mandated Discovery from

1 of 4

sorces That have significant sway, Money and Power and are useing The Courts to Conceal said Discovery in violation of penal Code 133, 134 135 and petitioner Constitutional Due process rights

2. Petitioner filed a State tort on 7/15/15 in an attempt to force Defendants to Produce said Constitutionally Mandated Discovery Case# FCS045638 Dunsmore V GMC etal in The Solano Superior Court


3. Defendants promptly involved The Southern District Court (Bankruptcy) of New York To order a stay of petitioners/Plaintiffs State tort FCS045638 Contrary To The Constitution of The United States and in violation of Petitioners Due process rights

4. The Defendants have used Their influence and fraud of The Court to Deny petitioner Constitutionally Mandated Discovery of which They were informed of and Contrary to Their assertions That They have no involvement in The Misconduct of what They deem old GMC Are acting in a Manner to protect and Conceal said evidence their of in Violation

of State, Local and Constitutional Law

5. Petitioner is particularly aggrieved by Respondents Court actions which will result in irreparable damage to petitioner in that this Appeal of writ of Habeas No 15-56308 DC # 001193 GPC PCL will once again be dismissed for failure to Produce factual supporting Documentation of Petitioners claims of Actual innocence Behind The Brady Discovery that nfact the alleged incident occurred Not because of willfull intent on petitioners Part but because of the Malfunction of Mechanical Devises Produced by the Defendents GMC The Manufactures of The Alleged weapon a (GMC Savana Van 2001 SLE)

6. Numerous petitions have been filed in an attempt to procure said Discovery but it appears unless this court grants Relief petitioner will Not be afforded Due process and The Constitutionally Mandated Discovery

7. Petitioner contends that The Respondent Court has acted in excess of its Jurisdiction because The state tort attacks The present conduct of The Defendents New GMC after

3 of 4

The 363 Sale of Loop in which Defendants have and continue to Conceal facts that could have exonerated petitioner in his criminal proceeding and can Exonerate him now of the Alleged Crimes

8. For these Reasons the Southern District Bankruptcy court of New York should be order to lift the stay so that Constitutionally Mandated Discovery can occurr and petitioners Due process rights upheld <u>US v Bagley (1985) 473 US 667 676 87 L Ed 2d 481 490 105 Sct 3375 Brady v Maryland (1963) 373 US 83 87 10 LEd 2d 215 83 Sct 1194 Penal Code 1054 (e)</u>

<u>Prayer</u>

Wherefore petitioner prays that the respondent court be order to lift the stay or other Necessary relief so that constitutionally Mandated Discovery can occurr

I Declare under penalty of perjury the forgoing is true under the Laws of the State of California

11/11/15

B.J.D
Darryl Dunsmuir
AD6277 C3A-150
Box 32200
Stockton Ca 95217

4 of 4

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR *COURT USE ONLY* |
|---|---|
| BOWMAN AND BROOKE LLP<br>Anthony S. Thomas (SBN: 149284)<br>David C. Shay (SBN: 241702)<br>970 West 190th Street<br>Torrance, CA 90502<br>TELEPHONE NO.: 310.768.3068     FAX NO. *(Optional):* 310.719.1019<br>ATTORNEY FOR *(Name):* Defendant General Motors LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Solano**
STREET ADDRESS: 600 Union Avenue
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Fairfield 94533
BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER:   Darryl Dunsmore

DEFENDANT/RESPONDENT: General Motors LLC

| **NOTICE OF STAY OF PROCEEDINGS** | CASE NUMBER:<br>FCS045638 |
|---|---|
| | JUDGE: Harry S. Kinnicutt<br>DEPT.: "3" |

**To the court and to all parties:**

1.  Declarant *(name):* David C. Shay

    a. ☐ is ☐ the party ☒ the attorney for the party who requested or caused the stay.

    b. ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2.  This case is stayed as follows:

    a. ☐ With regard to all parties.

    b. ☒ With regard to the following parties *(specify by name and party designation):* Any purported claim against General Motors, LLC

3.  Reason for the stay:

    a. ☒ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

    b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

    c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

    d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

    e. ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October **23**, 2015

David C. Shay
_____
(TYPE OR PRINT NAME OF DECLARANT)                                   (SIGNATURE)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Cal. Rules of Court, rule 3.650
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

Endorsed Order:

The Sale Order plainly covers Mr. Dunsmore's claims, and he has shown no basis for any exception. The relief requested by Mr. Dunsmore is denied. The stay imposed by the injunctive provisions of the Sale Order will remain in place with respect to Mr. Dunsmore's lawsuit in California state court until further action by this Court. This Endorsed Order is without prejudice to the rights of any party to bring any additional relevant facts to the Court's attention or to any future rulings by this Court.

Dated: New York, New York            *s/Robert E. Gerber*
      October 19, 2015            United States Bankruptcy Judge

Daryl Dunsmore
AD6237 C3A-132
P O Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
IN R
General Motor LLC                    Case 09-50026 (REG)
IGNITION switch Litigation

Daryl Dunsmore
Plaintiff

        v

General Motors Et al
Defendants

RECEIVED
OCT - 2 2015
U.S. BANKRUPTCY COURT, SDNY
REG

Ex Parte Motion
for Declatory Relief

The New GM Attests and Declares it
is not an accessory to any misconduct or
crime Committed by the old GM Defendants
Notify and ordered The Defendants to
cooperate according to law with all
Discovery requests by plaintiff to New
Defendants (New GM) Per Penal Code 135
of California

1 of 2

09-50026-reg   Doc 13504   Filed 10/19/15   Entered 10/19/15 09:64:46   Main Document
Pg 3 of 82

112 (103 Sct 1660 75 L Ed 2d 675 Elrod
V Burns (1976) 427 US 347 373 (96 Sct
2673 49 L Ed 2d 542 The Deprivation of
The Constitutional Right will cause
irreparable harm by continued suffering for
a wrongful Conviction of Some one Actually
inocent with continued incarceation

I Declare under penalty of perjury The forgoing
is true

9/22/15   DJDe

2 of 2

Darryl Dinsmore
ADG237 C3A-132
PO Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
IN RE
General Motors LLC          | Case 09-50026 (REG)
IGNITION Switch Litigation  |

Darryl Dinsmore
Plaintiff                )

            v            (

General Motor Et al
Defendants               (

Notice of Pending
Related Case

Pending Case / 8011'03 6.PC PCL
Related case / 9th cir Court of Appeals
            writ of Habeus

                    9/02/15   DvD-e

                              1 of 1

Darryl Dunsmore
A06237 C3A-132
P O Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT of NEW YORK

IN RE
General Motors LLC                              Case# 09-50026 REG
Ignition Switch Litigation

Darryl Dunsmore
Plaintiff

            v

General Motors et al
Defendants

                    objection To
                    scheduling order

Introduction
    This Lawsuit pertains to Plaintiffs wrongful
conviction u which plaintiff seek constitutional
Mandated Discovery from Defendants as to
which he has not been able to obtain
Concerning actual innocence Claims n The
SOUTHERN DISTRICT of California Case 00193
GPC-PCL

                                                    1 of 6

The Defendents would reject to plaintiff to
file a state tort Case 045638 Dunsmore
V GMC (obel) Viking et al in Solano County
Court House State of California n order
To secure constitutionally Mandated Discovery
To support his Claims of actual moocice
n the 9th cir n order to obtain a COA
and Brief The issues

Plaintiff objects to The schedule order
Because he is a Pro se Litigent, incarcerated
with Physical Disibilities requireing assistence
to Dress transfer Bath it being extremly
Difficult for plaintiff to timely persue
this litigation Exhibit A

Any arguement concerning The late fileing
of this objection is mute according to
Prison Mail box and That plaintiff did not
Timely recieve The Demend Notice until
9/18/15 Due to transfer To a Medical
Facility n California California Healthcare
facility in Stockton Plaintiff should thus
Not be bound to The terms of the scheduleing
order

Issues That should
Be Presented To The
Bankruptcy Court

This plaintiffs Complaint is unique because The plaintiff is seeking exculpatory Discovery which is constitutionally Mandated and interference in the persuit of Said Evidence would be a manifest injustice of keeping an otherwise Actually innocent individule incarcerated for a longer period

That has been directly Caused by The Misconduct of General Motors Corp That fraudolantly Sold Millions of Defective parts endangering the lives of Customers and The General public and when The Company was finally rendered defunked by These fraudulent actions That bled The Company of all financial stability except its Brand name Conspired with The New GM N/K/A Motors Liquidation Company to Rid its self of Massive liabilities Through clever Manipulation of Rules of Law Contrary to The rules of Prof Conduct 3-210 The Attornies knowingly assisted each other and solicited The violation of California Rules of professional Conduct or State bar Act Bus & PC 6000-6328, Cal Rules of Prof Cond 1-120 by concealing suppressing Destroying and removing Evidence of Their Fraudulent

3 of 6

Public and The plaintiff unknowingly solicited the Court To Assist in These illegal acts Through Clever Manipulation of The bankruptcy laws of Liquidation in Violation of The Cal Penal Code 11 134-135 Price V State bar (1982) 30 C3d 537-139 179 CR 914

which The Attornys continue to ignore The Rule of Law Denying Plaintiff Constitutionally Mandated discovery causeing This plaintiff to Suffer a wrongful Conviction and a lengthy stay of incarceration while plaintiff attempts to Convince the Court of his actual innocence and the Merits of his claims yaughting around The New york habor and world while plaintiffs life has been completely destroyed by the Defendants fraudulent acts and clever un ethical Manipulation of The rule of law Bus & Pc 6068(d) cal Rules of prof Cond 5-200 (B) Di Sabatino V State bar (1980) 27 C3d 159, 162 CR 458

Despite The known plight of plaintiff Through Correspondance and Litigation The Defendants Continue to thumb Their nose at The law and are indifferent to the harm The are causeing plaintiff by

willful Concealment Obstruction and alteration
of of evidence in the form of Documents of
records that support petitioners claims of
innocence and the Malfunction of The Vehical
which was erroreosly Declared a weapon Due
to the actions of The Defendents both new
and old GM OWNERS as The Simple sale
of The Corpation Did not Void the Defendats
responsibilities to reveal Evidence of Crimes
commited The are willing Co Conspritors
once They decided to destoy Alter and
conceal evidence They inhurited in The Sale
of GMC Corp in The Form of Documents
which revealed The Massive fravd old
GM commited

      The Defendants New GM Can not
argue They had no knowledge of alleged
Defective parts or That Documents may not
have been exculpatory evidence as supported
in Exhibit B GM Test drivers were aware
of The ignition problems in 2006 Two
Years prior to The Sale the NHTSA crash
report Made Mention of The ignition problem
      The Defendants and Attornies Could have
reasonably argued against Liabilities if
They had Chosen to reveal and disclose
The Nature of The fraud and Defective

5 of 6

to the Courts Companies and other Authorities
Chapter 11 does not relieve The New GM
owners of liabilities if they fail in their
ethical and legal duties to disclose acts of
fraud and other criminal conduct which they
were aware of before the time of sale
at the time of sale and after the sale
Nor of its responsibility to Release to
Plaintiff the Exculpatory evidence Defendants
have knowledge of That would release
Plaintiff of his wrongful Conviction and
support his actual innocence claims Thats
The Detective Malfunctioning Vehical not
Petitioner was responsible for the incident
hold petitioner incarcerated in Case 001193
GPC PC1 Southern District of California
      for these reasons The schedule should
be Modified for This plaintiff as This
Judges own opinion in Exhibit B P 14
cite 41 stateing the Denile of relief
would be Manifestly unconscionable what
could be More so Then The Continued
incarceration of an actually innocent individule
wrongly Convicted because of The acts of
Defendants to Conceal exculpatory evidence
The would relieve plaintiff of The wrongful
Conviction
I Declare under penalty of perjury the forgoing is
True                              9/12/15  DnD-c  6686

AD62JT C3A-V32
PO BOX 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
IN RE
General Motors LLC                          | Case 09-50026 (REG)
IGNITION Switch Litigation

Darryl Dunsmore
Plaintiff

        v

General Motor et al
Defendants

                    Memorandum of Points
                    and Authorities in
                    Support of objection
                    to scheduling order

        as supported by exhibit A plaintiff is
severely Disabled and requires daily assistance
Physical incapacitation is Good cause for ext and
relief from the scheduling order People V Cravedi
(1966) 65 C2d 199 53 CR 284

                                                    1 of 3

accordingly plaintiff files according
to prison mail box rule <u>Houston v Lack</u> 487
US 266 273-76 108 Sct 2379 (1988)

<u>Liability</u>

under California law once New GM acquired
The assets and Documents of Misconduct of old
GM They forfiet Their liability protection by
Becoming Co Conspiritors According <u>Penal Code</u>
<u>135</u> To Destroy and conceal Documentary
evidence as the New GM Defendants in this
case and were Accessories according to <u>penal</u>
<u>code 32</u> help The alleged Principal of The
Crimes old GM as defined in Penal code
31 to avoid trial and Conviction of felonies
committed by old GM.

New GM Actions were an Accessory és
Defined by <u>penal Code 32</u> and forfieted
liability protection The New defendants
New GM Continue to Violate California law
of penal Code 135 by Concealing and refusing
Destroying evidence of plaintiffs innocence
in plaintiffs criminal wrongful Conviction
<u>Case 001193-GPC-PCL</u> if Defendants are not
accessories to The Crimes of old GM
Then They should immediately release all
Exculpatory evidence and fullfill promply
all plaintiff Discovery requests

2 of 3

plaintiff contends all the defenders
speak for thenselfs and that of their legal
representatives who believe they can Deny
petitioner his right to constitutionally
Mandated Discovery and claim they are
exempt fran old GM product liabilities
  while braking state local and constitutional
law to conceal Exculpatory evidence or destroy
it thereby revealing thenselfs as accessories
to the principles crimes Old GM thereby
Nullifying liability protection by Bankruptcy

   For these reason the briefing schedule
should be Modified far plaintiff

I Declare under penalty of pajury the
foregoing is true

                         a/22/15   D-M D-c

                                    3 of 3

Darryl Dunsmore
A06237 C3A - 132
PO Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE                                   Case 09-50026 (REG)
General Motor LLC
Ignition switch Litigation

Darryl Dunsmore
Plaintiff

        v

General Motors et al
Defendents

Table of Content
and Points and
Authorities in
Support of objection
to scheduling order

People V Crowed. (1966) 65 c2d
199 53 CR 284 - - - - - - )

1 of 2

Houston V Lack 487 U.S. 266
273-76 108 Sct 2379 (1988) — — — — — 2

California
Penal Code

PC 31, 32, 135 — — — — — — — -2

## Contents

Objection — — — — — — — 6 pages
Memorandum — — — — — — 3 pages

## Lodgements

Exhibit A
Medical order for assistence + — — — 6 pages
Exhibit B
General info on GM History — — — 6 pages

9/22/15 DAD —c

2 of 2

Darryl Dunsmore
A06237   C3A 132
PO Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
IN RE
General Motors LLC                          Case 09-50026 (REG)
Ignition switch Litigation

Darryl Dunsmore
Plaintiff

        V

General Motor et-al
Defendants

        Lodgements in Support
        of objection To
        scheduling order

Exhibit A
"Medical order for assistance — — — 6 pages
Exhibit B
"General info on Gm History — — 6 pages

I Declare these lodgement to be true and
accurate
                        9/20/15   DAD —
                                    1 of 1

## REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE

DRAFT

| | | |
|---|---|---|
| RAP Meeting Date: 9/02/2015 | Date IAC Received 1824: 8/31/2015 | 1824 Log Number: CHCF-C-15-02227 |
| Inmate's Name: DUNSMORE, DARRYL | CDCR #: AD6237 | Housing: FAC C3A-115 132 |

RAP Staff Present:    ADA Coordinator  J.A. Zamora,  Custody Appeals Coordinator A. Infante,  Doctor G. Williams, Health Care Appeals Representative, L. Donnelly,  Registered Nurse  M. Lowe

Inmate Interviewed:    ☐ No    ☒ Yes    DPM, CCCMS

Disability Access or Discrimination Issue: SUBJECT STATES THAT HE IS HAVING DIFFICULTY IN TRANSFERRING, DRESSING OR ALTERATION OF CLOTHES WITH BUTTONS DUE TO HIS MEDICAL CONDITION.

Interim Accommodations Needs Reviewed:

☒    Interim Accommodation provided (List accommodation and date provided):

ON 8/31/15, MEDICAL STAFF TO ASSIST SUBJECT ON AS NEEDED BASIS FOR TRANSFERRING/DRESSING/OBTAINING ITEMS.

Summary of Inmate's 1824 Request:    THE SUBJECT IS REQUESTING ASSISTANCE IN TRANSFERRING, DRESSING OR ALTERATION OF CLOTHES WITH BUTTONS, ASSISTANCE WITH PLACING SOCKS ON AND A THREE TIER SHELF.

☒    RAP is able to render a final decision.


### APPROVE WITH MODIFICATION

ON 9/02/15, THE REASONABLE ACCOMODATION PANEL (RAP) HAS REVIEWED YOUR REQUEST. YOU HAVE BEEN APPROVED FOR A WHEELCHAIR ACCESSIBLE LOCKER.

ON 8/31/15, THE CHCF APPEALS COORDINATOR INTERVIEWED YOU, IN WHICH YOU REQUESTED ASISSTANCE WITH PULLOVER SHIRTS, REACHING DOWN TO PLACE SOCKS AND SHOES ON AND GETTING ITEMS FROM THE FLOOR/SHELF. YOU FURTHER STATED WHEN YOU WARM UP, YOU GET BETTER MOVEMENT BUT IN THE MORNING AND AT NIGHT IT BECOMES MORE DIFICULT TO MOVE. YOU STATED THAT THE OFFICERS DO ASSIST YOU AND THAT YOU ARE ABLE TO ACCESS PROGRAMS AND SERVICES WITHOUT CONCERN.

ON 8/31/15, THE CHCF APPEALS COORDINATOR INTERVIEWED CNA MOFOR. MOFOR STATED SHE ASSISTS YOU ON AS NEEDED BASIS. SHE HAS OBSERVED YOU MOVE IN OTHER ACTIVITIES SUCH AS FEEDING YOURSELF. SHE FURTHER STATED THAT SHE WILL INFORM OTHER STAFF TO ASSIST YOU IN THE INTERIM ON AN AS NEEDED BASIS.

Additional information/instruction: THE SUBJECT IS ABLE TO SAFELY ACCESS ALL PROGRAMS, SERVICES AND ACTIVITIES.

If you disagree with a health care decision made prior to or during the CDCR 1824 process, complete a CDCR 602-HC. If you disagree with any other RAP decision, complete a CDCR 602. Be sure to attach this document along with your CDCR 1824.

| J.A. Zamora | _signature_ | Date sent to inmate: 9/2/2015 |
|---|---|---|
| ADA Coordinator | Signature | |

Staff processing instructions: Does delivery of response meet criteria to establish effective communication? No

☒    Accommodation Order required:

☐    Request alleges non-compliance of the Armstrong or Clark Remedial Plans. Allegation logged on Accountability Log.

Distribution: Original – Inmate         Copy – 1824 File         Copy – Miscellaneous Section of C-File         Copy – Medical/Mental Health Staff

State of California

## REASONABLE ACCOMMODATION REQUEST

CDCR 1824 (rev: ?/2014)

Department of Corrections and Rehabilitation

| INSTITUTION (staff use only): | EC? Y/N | LOG NUMBER (staff use only): CHCF- C-15-62227 |
|---|---|---|

### *** TALK TO STAFF IF YOU HAVE AN EMERGENCY ***

**Do not** use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDCR 7362 or a CDCR 602-HC.

Date Received by Staff (staff use only):

| INMATE'S NAME (Print) Dunsmore, D. | CDCR NUMBER AD6237 | ASSIGNMENT | HOUSING C3A-115 |
|---|---|---|---|

INSTRUCTIONS

- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service, or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response. **Do not** use an 1824 to request a response for a group of inmates. If you have received an 1824 decision that you disagree with, submit an appeal (CDCR 602, or 602-HC if disagreeing with a medical diagnosis/treatment decision).

WHAT CAN'T YOU DO / WHAT IS THE PROBLEM:

_____

_____

_____

WHY CAN'T YOU DO IT:

_____

_____

See attached

WHAT DO YOU NEED:

_____

_____

_____

_____

_____ (use the back of this form if you need more space)

Which of the following best describes your disability that caused you to file this request:

☐ Difficulty walking or getting around   ☐ Difficulty seeing   ☐ Difficulty hearing   ☐ Difficulty talking   ☐ On kidney dialysis
☐ Difficulty using arms/hands   ☐ Difficulty learning   ☐ Difficulty thinking or understanding   ☐ Mental impairment
☐ Other Disability (briefly describe): _____

| DO YOU HAVE ANY DOCUMENTS THAT DESCRIBE YOUR DISABILITY?   Yes ☐   No ☐   Not Sure ☐ |
|---|
| (List and attach documents if available, including: 1845, 7410, 128-C): _____ |

I understand staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

INMATE'S SIGNATURE _____         DATE SIGNED _____

Assistance completing this form provided by: _____

| | Last Name | First Name | Signature |
|---|---|---|---|

| ☐ IAP is not required as the CDCR 1824 contains no disability access or discrimination issues. | | |
|---|---|---|
| | Person making determination | Title |

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS AND REHABILITATION

## REASONABLE MODIFICATION OR ACCOMMODATION REQUEST

CDCR 1824 (Rev. 10/06)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| CHCF | CHCF-C-15-02227 | 18. ADA |

NOTE:   THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME(PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Daryl Dunsmore | AD6237 | | | C3A-115 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office.  A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you. If you do not agree with the decision on this form, you may pursue further review.  The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

### MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY: Ankylosing Spondylitis Dsyphia

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY? Medical Records, outcome Data

DESCRIBE THE PROBLEM: I have a Rap Decision denying My Previous Requests for Alterations Stateing That I will be provided Assistence when Requested staff are refuseing to Assist with dressing In unable to fully dress shirts sock due to loss of mobility in shoulders back hips knees I am unable to use Locker Property all over floor etc get out bed.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED? Need Alternate Locker and assistence provided To occasionally transfer and Dress and undress as Rap previously Decided or Alteration of Clothes with button and straps for socks etc

INMATE/PAROLEE'S SIGNATURE                          DATE SIGNED  8/30/15

## REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE

DRAFT

**RAP Meeting Date:** 9/09/2015          **Date IAC Received 1824:** 9/4/2015          **1824 Log Number:** CHCF-C-15-02280

**Inmate's Name:** DUNSMORE, DARRYL          **CDCR #:** AD6237          **Housing:** FAC C3A-115 13 2

**RAP Staff Present:**    ADA Coordinator    J.A. Zamora,    Custody Appeals Coordinator A. Infante,    Doctor G. Williams,
Health Care Appeals Representative, , K. Martin, D. Nelson;  Registered Nurse  M. Lowe

**Inmate Interviewed:**  ☐ No   ☒ Yes     DPM, CCCMS

**Disability Access or Discrimination Issue:** SUBJECT STATES THAT HE IS HAVING DIFFICULTY IN TRANSFERRING, DRESSING OR ALTERATION OF CLOTHES WITH BUTTONS DUE TO HIS MEDICAL CONDITION.

**Interim Accommodations Needs Reviewed:**

☒       Interim Accommodation provided (List accommodation and date provided):

ON 8/31/15, MEDICAL STAFF TO ASSIST SUBJECT ON AS NEEDED BASIS FOR TRANSFERRING/DRESSING/OBTAINING ITEMS.

**Summary of Inmate's 1824 Request:**   THE SUBJECT IS REQUESTING ASSISTANCE IN TRANSFERRING, DRESSING OR ALTERATION OF CLOTHES WITH BUTTONS, ASSISTANCE WITH PLACING SOCKS ON AND A THREE TIER SHELF.

☒    **RAP is able to render a final decision.**


**DISAPPROVED**


ON 9/09/15, THE REASONABLE ACCOMODATION PANEL (RAP) HAS REVIEWED YOUR REQUEST.

( DUPLICATE ISSUE REFER TO CHCF #CHCF-C-15-02227 )


**Additional Information/instruction:** THE SUBJECT IS ABLE TO SAFELY ACCESS ALL PROGRAMS, SERVICES AND ACTIVITIES.

If you disagree with a health care decision made prior to or during the CDCR 1824 process, complete a CDCR 602-HC. If you disagree with any other RAP decision, complete a CDCR 602. Be sure to attach this document along with your CDCR 1824.

| | | |
|---|---|---|
| __J.A. Zamora__ | | **Date sent to inmate:** 9/9/2015 |
| ADA Coordinator | Signature | |

Staff processing instructions: Does delivery of response meet criteria to establish effective communication?  No
☐        **Accommodation Order required:**
☐        Request alleges non-compliance of the Armstrong or Clark Remedial Plans. Allegation logged on Accountability Log.

Distribution: Original – Inmate          Copy – 1824 File          Copy – Miscellaneous Section of C-File          Copy – Medical/Mental Health Staff

State of California

Department of Corrections and Rehabilitation

## REASONABLE ACCOMMODATION REQUEST

CDCR 1824 (rev: ?/2014)

| INSTITUTION (staff use only): | EC? Y/N | LOG NUMBER (staff use only): CHCF-C-15-02280 |
|---|---|---|

**\* \* \* TALK TO STAFF IF YOU HAVE AN EMERGENCY \* \* \***

<u>Do not</u> use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDCR 7362 or a CDCR 602-HC.

Date Received by Staff (staff use only):

| INMATE'S NAME (Print) Dunsmore, D. | CDCR NUMBER A06237 | ASSIGNMENT | HOUSING C3 A-115 |
|---|---|---|---|

### INSTRUCTIONS

- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service, or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response. <u>Do not</u> use an 1824 to request a response for a group of inmates. If you have received an 1824 decision that you disagree with, submit an appeal (CDCR 602, or 602-HC if disagreeing with a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM:**

_____

_____

_____

**WHY CAN'T YOU DO IT:**

_____

_____

**WHAT DO YOU NEED:**

_____

_____

_____

_____

(use the back of this form if you need more space)

**Which of the following best describes your disability that caused you to file this request:**

☐ Difficulty walking or getting around  ☐ Difficulty seeing  ☐ Difficulty hearing  ☐ Difficulty talking  ☐ On kidney dialysis
☐ Difficulty using arms/hands  ☐ Difficulty learning  ☐ Difficulty thinking or understanding  ☐ Mental impairment
☐ Other Disability (briefly describe): _____

| DO YOU HAVE ANY DOCUMENTS THAT DESCRIBE YOUR DISABILITY? | Yes ☐ | No ☐ | Not Sure ☐ |
|---|---|---|---|
| (List and attach documents if available, including: 1845, 7410, 128-C): _____ | | | |

I understand staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

| INMATE'S SIGNATURE | | DATE SIGNED | |
|---|---|---|---|
| Assistance completing this form provided by: _____ | | | |
| | Last Name | First Name | Signature |

| ☐ IAP is not required as the CDCR 1824 contains no disability access or discrimination issues. | | |
|---|---|---|
| | Person making determination | Title |

STATE OF CALIFORNIA                                              DEPARTMENT OF CORRECTIONS AND REHABILITATION

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**

CDCR 1824 (Rev. 10/06)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| | CHCF-C-15-02280 | 18. ADA |

NOTE: THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME(PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Dunsmore | AD6737 | | | C3 A-115 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you. If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:    Ankylosing Spondylitis

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?    Medical Records

DESCRIBE THE PROBLEM:    I was told by Appeal Coordinator I would recieve interim accomodations of 3 tear locker Assistence but staff were not informed or provided Record of said action

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?    inform Custody medical of interim accomodation provide Record so I recieve interim accomodation

INMATE/PAROLEE'S SIGNATURE                    9/3/15
                                            DATE SIGNED

The massive ongoing recall of General Motors vehicles with faulty ignition switches (and the dozen years the company spent *not* issuing a recall) has made headlines, launched lawsuits, angered legislators, but many consumers who don't own a recalled car have shrugged and said, "Glad I don't drive one of them."

One small defect in a part that controls a car's ignition switch: that's what's at the root of a massive car recall linked to at least thirteen deaths. The cars all came from General Motors brands sold for most of a decade — and as we now know, someone, somewhere knew about the fatal potential of that defect for as long as it existed. The ignition switch problem affects everyone who drives a GM car. But the way that the defect was allowed to remain in the production line for so long affects nearly everyone who drives or shares roads with cars — whether you've ever set foot in a GM vehicle or not.

The GM ignition switch recall started in February with an announcement about 778,000 compact cars. Over the months since then, the recall list has expanded to include about 2.6 million Saturn Ion (2003-2007), Chevrolet Cobalt (2005-2010), Chevrolet HHR (2006-2011), Pontiac G5 (2007-2010), Pontiac Solstice (2006-2010), and Saturn Sky (2007-2010) vehicles. (GM has also recalled another three million cars this year for other, unrelated issues.)

MORE THAN JUST A RECALL

The recall, though, isn't just a recall. It's led to an investigation that has shown that GM and the National Highway Traffic Safety Administration (NHTSA) were, between them, peripherally aware of the defect for over ten years. Let's take a quick, summary review of key moments in the timeline of events:

 ⋅2001-2002: The first report of a switch problem shows up in pre-production notes for the 2002 Saturn Ion.
 ⋅2005: GM realizes the Chevy Cobalt has a problem with the ignition switch and opens repeated engineering inquiries, but takes no action.
 ⋅2006: GM test drivers become aware of the ignition problem. GM makes some repairs, but mixes older, defective part and newer, improved part under same item number, causing years' worth of confusion.

·2007: A NHTSA crash report makes mention of the ignition switch turning itself off. NHTSA proposes opening an investigation, but decides not to.

·2010: After more accidents and deaths, NHTSA once again considers, but then decides against, opening a formal investigation.

·2012-2013: GM internal testing finds that no, really, these ignition switches are broken.

·2014: GM finally issues recalls due to the faulty part, totaling roughly 2.6 million vehicles.

At least 13 people were killed (and possibly more) due to this particular defect in that 13-year span, and dozens of other drivers complained about it. But between the start of the problem in 2001 and the enormous and very public recalls in 2014, a few things changed at GM. And by "a few things," we mean "everything."

GENERAL MOTORS IS DEAD. LONG LIVE GENERAL MOTORS.

The early years of the 21st century were not among GM's best. It's easy to see why a GM at the time was so desperately concerned with cutting costs wherever possible: after a high point in 1999, their annual sales numbers began to drop slowly but steadily from 2000 onward. They posted significant losses in 2005, 2006, and 2007, and so were already off to a rough start in 2008.

Then came, well, 2008 — a now-infamous year of domestic and international economic crisis. In the space of less than a year, everything tanked: the housing market collapsed, giant megabanks began flailing wildly, energy prices jumped, and the automotive industry found itself in dire straits.

The combination of a less-than-great half-decade and an international near-collapse of the industry was a one-two punch that GM couldn't withstand. In Nov. 2008 the company announced that without drastic action, they'd be out of cash and out of business by the middle of 2009.

Ford, Chrysler, and GM all testified before Congress in Dec. 2008 to the effect that the U.S. car industry, that most American of industries, was going to collapse in on itself without an infusion of federal bailout cash. Congress declined to hand over money, but GM did get a "bridge loan" from the Bush administration to keep it afloat while a longer-term solution

could be worked out.

Between Dec. 2008 and March 2009, things failed in any way to get better for GM as they kept moving through a back-and-forth of proposed business plans to and with the federal government. On March 30, 2009, the Obama administration announced that the government would not be handing GM a mountain of cash, but that a detailed restructuring plan including Chapter 11 bankruptcy had been worked out in order to save the company. GM officially filed for Chapter 11 reorganization in a New York court on June 1, 2009.

Under the terms of that Chapter 11 filing, a new corporate entity called NGMCO Inc. — the "new" GM corporation — purchased all of GM's "continued operational assets." As part of the terms of sale, NGMCO, Inc., changed its name to "General Motors" and kept all of GM's brands, logos, and trademarks. In one fell swoop, GM ceased to be GM, the troubled corporation with a pile of liabilities, and became GM, the newer, leaner corporation that conveniently left all its liabilities sitting in a trash heap near the door when it walked out.

As for that mess next to the door, the "Old GM" still had to clean it up. Having let the New GM walk off with its name and branding, the remnants of Old GM became the Motors Liquidation Company. That company has been working its way through the bankruptcy, liability, and debtor process ever since.

The New GM, about 60% owned by the U.S. Department of the Treasury, promptly shed jobs, dealerships, manufacturing facilities, and car brands. (Remember Pontiac, Saturn, Hummer, and Saab?) And most critically, they also shed liability for anything they did back when they were still the original GM.

LEAVING BEHIND THE BLAME

Several states' attorneys general, perhaps having a collective moment of clairvoyance, filed an objection to the liability exception part of GM's bankruptcy agreement, saying that potential later accident victims could lose "key legal rights" if it went through. (The Wall Street Journal ran a detailed explainer of the relevant legal aspects back in 2009.) Under the pressure, GM eventually agreed to somewhat expand the scope of its liability to accident victims.

The gist of the change meant that, "[C]onsumers driving old GM cars who

get in accidents during GM's several weeks in bankruptcy court, or after
the new GM emerges, will be able to sue new GM."
At the time, then-Connecticut Attorney General Richard Blumenthal, one of
the attorneys general who filed the objection, said:

> "*This agreement captures a very significant group of claims
> that wouldn't have been covered and is a very significant
> victory for consumer advocates. It may seem symbolic, but it
> will be very real and important to people who suffered injuries
> during this period of time, and it sets a highly significant
> precedent.*"

That GM product liability pact is now front and center in the wake of the
recall. GM is trying to get lawsuits against it held on the grounds of the
restructuring, claiming liability protection.
Former Connecticut AG Blumenthal is now United States Senator
Blumenthal, and he's no less concerned about the new GM's liabilities for
the old GM's actions than he was in 2009. In late March, he pressed the
Justice Department to make sure that GM stays liable for GM's actions. At
the time, he told Consumerist, "There is a very powerful legal and moral
responsibility on the part of the federal government to intervene here.
They enabled GM to emerge from reorganization with very extensive
protections from legal responsibility for the death, injuries, and damage
their defective vehicles caused."
NOW WHAT?
Well, that's really the billion-dollar question.
It will take months, if not years, for the Justice Department to carry out
its criminal investigationand determine if charges are warranted. Getting
the various civil suits sorted out will probably take even longer still. GM, in
some way, will need to compensate the car owners, accident victims, and
surviving families of those who were killed due to this error. That
complicated question of how much legal liability GM actually bears for their
own error and cover-up will be a key factor in every proceeding.
But the most pressing question for the future isn't about GM at all.
Although this recall is massive, and GM's particular tie to American
taxpayers and the federal government is at play, this defect and this
question of liability aren't the central issues we're facing.
Instead, the real problem that the GM disaster has brought to light is that

nearly 250 million registered cars on the road in the United States... and 51 ODI employees to make sure that we all stay safe around them.

Of those 51 employees a little over half are investigators, Bloomberg reports. It makes for a ratio of about 8.6 million cars on the road for every defect investigator NHTSA has. The agency also receives more than 40,000 consumer complaints per year — and of course, not every consumer who has reason to make a safety complaint ever bothers to do so. NHTSA's 2015 budget for investigating defects is about $10.6 million, and it's been in that $10 million ballpark for years.

With those odds, it starts to feel surprising that NHTSA actually catches as many problems as it does.

28 investigators can only capture so much data first-hand. In order to act, NHTSA relies on data from the car companies themselves. When the companies take their own sweet time providing it, as GM has been doing, the safety review process hits a bottleneck... and just stops going anywhere at all.

So where do we sit today?

Consumers are aware of the problems, but the defective GM cars are still on the road. GM is paying meager fines of $7000 per day (from their 2013 revenue of $3.8 billion) for each day they miss their deadline for providing data to NHTSA. And thirteen people who were driving or riding in cars that had one small, faulty part in them are still dead.

Whatever this investigation uncovers about this particular defect, this tragic incident spotlights the fact that there are systemic problems with carmakers for whom lives are but data points on a cost/profit sheet and with regulators who ignore their own investigators' reports. Until those underlying issues are remedied, it's only a matter of time until another vehicle with a deadly defect is not only allowed to hit the road, but stay there for far too long.

09-50026-reg   Doc 13504   Filed 10/19/15   Entered 10/19/15 09:54:46   Main Document
Pg 28 of 82

Darryl Dunsmore
AD6237  CJA - 132
PO Box 32200
Stockton Ca 95213


UNITED STATES BANKRUPTCY COURt
SOUTHERN DISTRICT of NEW YORK
IN RE
General Motor LLC
IGNITION SWITCH Litigation

Case 09-50026 (REG)

Darryl Dunsmore
Plaintiff

v

General Motors et al
Defendants

Table of Contents
and Authorities in
support of objection
to any Motion to strike
stay Dismissal or any
enforcement of injunction
upon This plaintiff


People V Lee 1970 3 CA3d 514 526 83 CR
715 - — — — — — — — — — - 4


1 of 2

People V Meredith (1981) 29 C3d 682 690
175 CR 612 — — — — — — — — — 4

Imbler V Pachman 1976 424 US
409 ^25 47 L Ed 2d 128 141 96 S ct 984 — 5

US V Bagley (1985) 473 US 667 676
87 L Ed 2d 481 490 105 S ct 3375 — — 5

Brady v Maryland (1963) 373 US 83
87 10 L Ed 3d 215 83 S ct 1194 — — — — 5

Izazaga V Superior Court (1991)
54 C3d 756 378 285 CR 231 — — — — 5

## Penal Code

PC 31 — — — — — — — — — — 2
PC 32 — — — — — — — — — 2
PC 135 — — — — — — — — 3
PC 1054 (e) — — — — — — — 5

## Contents

objection — — — — — — Pages 5
Memorandum — — — — — — Pages 5
Lodgements — — — — — — Pages 3-9

## Lodgement

Exhibit A
Complaint  SCS045638 — — — — 30 pages
Exhibit B
Correspondance — — — — 1 page
Exhibit C
Housing in Jail Documents — — 39 pages

9/12/15 D-1 Doe

2 o f 2

AD6237   C3A-132
Po Box 32200
Stockton Ca 95213

# UNITED STATES BANKRUPCY COURT
# SOUTHERN DISTRICT OF NEW YORK

IN RE
General Motors LLS
Ignition switch Litigation

Darryl Dugnore
Plaintiff

        v

General Motor Etal
Defendants

Case 09-50026 (reg)

objection To any
Motion to strike,
stay, Dismissal
or any enforcement
of injunction upon
This plaintiff

## Introduction

This plaintiffs Complaint Exhibit A
Directectly attacks The Conduct of The New
GM in Solano Superior Court State of

1 of 5

09-50026-reg   Doc 13504   Filed 10/19/15   Entered 10/19/15 09:54:46   Main Document
Pg 31 of 82

California Case FCS 049284 Giguiere Current, Lobel, Viking et al

This plaintiff Contends That The Defendants Present Conduct has and is voiding Their Liability protection when The New GM began to violate state local and constitutional law of California when They failed to Release Disclose or hand over Exculpatory Constitutionally Mandated Discovery and began to destroy, or conceal Documentary evidence petitioner has been forced to seek through his state tort after failure to respond To Correspondance request for Documentary Evidence in pocession of The Defendants Exhibit B

Once The Defendants New GM began To Conduct themselfs in This manner Depriving Petitioner of Constitutionally Mandate Discovery which would Prove his actual inocence claims in his writ of Habeas on Conviction in The Southern District of California Case 001193 GPC PCL The New Defendants became Accessories under California law Penal Code 32 To The principle Defendants The old GM as Defined by Penal Code 31 Voiding Their otherwise Ligitimate

2 of 5

Liability protection however These acts
To deprive petitioner of evidence in Their
Possession and knowledge of successor of
old GM Assets in The form of exculpatory
Documentation That support The Malfunction
Plaintiffs vehical , the Alleged weapon
as The Cause of the incident and not
intent of the plaintiff in The alleged
criminal Conduct which plaintiff now
only Continues to suffer from because
The acts of the New GM To Conceal
Destroy evidence in violation of Penal
Code 135 Thereby concealing The action
of The principle as Defined in Penal Code
31 To prevent prosecution in a court
establishs The New GM Defendant as
Accessories as Defined in Penal Code
Section 32 forfieting NEW GM'S
Liability protection, Dismissal of This
Plaintiff action and any motion to
strike or stay This plaintiffs Action
or claims
    Nor Can any injunction supercede
Plaintiffs legal right To the evidence

3 of 5

n question which plaintiff seeks which
is constitutionally mandated any Continued
refusal clearly supports plaintiffs claims of
fraud including to this court where They
Allege not to be in concert with The
old GM Defendants actions yet Continue
to attempt to protect the principle
cause The old GM Defendant with actions
That Define and Describe The New GM
Defendants as accessories in The old GM
Defendants Conduct according penal Code
32

As Declared by The New GM Defendents
They became successor in 'of the old GM
Defendants assets which happened to be
Documentary evidence which supports
Plaintiffs Claims of Actual innocence in
which petitioner seeks to over turn his
wrongful Conviction

However at This time it is The
New GM Defendants choice to refuse
The Discovery and evidence request in
violation penal Code 135 That They
know is to be used in Trial and are
Concealing and Destroying in in violation
of California and Constitutional law

4 of 5

Plaintiff also argues Defendants did not Provide Notice to individuals housed in County Jail Thereby Depriving atleast this Plaintiff of his Due process to file a claim in a timely Maner Exhibit C

Defendants should of Made attempts to have Jailed inmates Notified with Posted Memorandums in County Jails Defendants should allow and compensate this Plaintiff on any late filing as they declared they would provide to the Court Compesation

Plaintiff Contends New GM Defendants Action have barred them from taking any action against this complaint Through The Bankrupcy Court

Plaintiff further request a Declatary order Directing New GM Defendants from Destroying or concealing any More Documentary evidence in this and plaintiffs case in question


I Declare under pinalty of perjury the foregoing is true

                                    9/22/15   D__D___

                                              5 of 5

Daryl Dunsmore
AD6237  C3A-132
PO Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE
General Motor LLC                    Case 09-50026 (REG)
IGNITION Switch Litigation

Daryl Dunsmore
Plaintiff
        v
General Motors  et al
Defendants

Memorandum of Points and
Authorities in support of objection
To any Motion To strike, stay,
Dismissal or any enforcement of
Injunction upon this Plaintiff

Arguement
    Plaintiff's Complaint attacks Conduct of
The (New GM Defendants) who according to
State, Local and Constitutional law established
Themselfs as independent actors Accessaries
To The Crimes and Misconduct of The

1 of 8

Principle actors (of the Defendants) as Defined
in California Penal Code Statute.


Penal Code 31 Principals Defined
(who are principles All persons Concerned in The
Commission of a Crime wether it Be felony of Misdemeanor
and wether They Directly Commit The act Constituting
The offence or aid and abet in its commission
and all persons counseling, adviseing )


Penal Code 32 Accessories defined
(every Person who after a felony has been committed
habors conceals or aids a principal in such felony
with The intent That said principal May avoid
or escape from arrest trial Conviction or punishment
having knowledge That said principal has committed
such felony or has been charged with such
felony or Convicted There of is an accessory
to Such felony


   According To PC 31 The New GM established
it self as Accessories after haveing knowledge
of Said principals crimes which it attested
to in it's own filings with This court with
in The meaning of PC 72 see any Brief
Motion filed by Defendants

   when They independantly choose to Conceal
Destroy Documentary evidence after plaintiff
Made request and Notice of pending investigation
and trial action with in The meaning of

                                                    2 of 5

<u>Penal Code 135</u> Destroy OR CONCEALING
Documentary evidence
(every person who, knowing That any Book, paper
record instrument in writing or other matter
or Thing is about to be produced in evidence
upon any trial inquiry or investigation what
ever authorized by law willfully destroys or
conceals the same with intent there by to
Prevent it from being produced is guilty)

Plaintiff Made the inquiry Through
Correspondence Notified the New GM of
Pending actions according <u>Penal Code 135</u>
and Defendants New GM Made independent
Action to Deprive plaintiff of Constitutional
Mandated Discovery Conceal Destroy said
documentary evidence which support
Petitioners Claim in a writ of habeas
Concerning the wrongful Conviction of
one actually innocent <u>Case 009193 GPC
PCL</u> Southern District of California
Said Documentary evidence supports The
Merits of plaintiffs Claims That The
incident was not intentional on plaintiff
Part but occurred because The Malfunction
of The product Sold by The old GM
Defendants and Their Misconduct

3 of 5

Plaintiffs Cause of Action Directly attacks the present conduct of GM Defendants (The New GM Defendants) which action causes Them To become Accessories to The (old GM Defendants) conduct (The principals) when The New Defendants (New GM) took The present action To Conceal, Destroy, exculpatory evidence of The (old GM Defendants) conduct which Plaintiffs complaint was filed see Exhibit A cause of Action (fraud)

Plaintiff Contends That if The New GM Defendants had simply complied with plaintiff request Concerning evidence of exculpatory Nature of Malfunctioning Defective parts New GMs liabilities protection would be in full force against plaintiff and there would be no cause of action but New GM Defendants did not choose That action but instead to conceal and destroy Constitutionally mandated Discovery and attempts To Manipulate This court into an accessory as well to its crimes and Those of Old GM People V Lee (1970) 3 CA3d 514 526 83 CR 715

(Counsel for The Defendant New GM Must Disclose People v Meredith (1981) 29 C3d 682 696 175 CR 612

4 of 5

As Supported by _Exhibit C_ Plaintiff was in Jail at The time of Notice to file a Claim with the old GM Defendant Plaintiff argues Defendants did not Provide Due Diligence To individuals in Jail Concerning Due process rights as Plaintiff access to TV, Radio, print are all restricted The Magnitude of The misconduct was massive enough to move for Memorandum posting in nstitution were such restrictions exist <u>Imbler v Pachman (1976) 424 US 409 125 47 L 2d 2d 128 141 96 s ct 984</u> / <u>US v Bagley (1985) 473 US 667 676 87 L 2d 2d 481 490 105 s ct 3375</u> / <u>Brady v Maryland (1963) 373 US 83 87 10 L 2d 2d 215 83 S ct 1194</u> see <u>penal code 1054 (e)</u> (Discovery Required by united States Constitution Must occur) <u>Izazaga v Superior Court (1991) 54 C3d 356 378 285 CR 231</u> Plaintiff argues that Denile of any relief would be a Manifestation of injustice and Manifestly unconscionable

‡ Declare under Penalty of perjury The Foregoing is true

9/22/15

[signature]

50f5

09-50026-reg   Doc 13501   Filed 10/19/15   Entered 10/19/15 09:54:46   Main Document
Pg 40 of 82

AD6237   C3A-132
PO Box  32200
Stockton  Ca 95213


UNITED  STATES  BANKRUPTCY  COURT
SOUTHERN  DISTRICT  of  NEW  YORK

IN RE
General Motor LLC                              Case 09-50026 (REG)
Ignition  switch  Litigation

Darryl Dunsmore
Plaintiff

              V

General Motors et al
Defendants


Todyments in Support of
objection to any Motion
to Strike, stay Dismissed
or any enforcement of
injunction upon This plaintiff

Exhibit A
Complaint  FCS045676 — — — — — — 3 pages
                                                    1 page
Exhibit B
Correspondence — — — — — — — —
Exhibit C                                      39 pages
Housing Jail Documents — — — — — —
   I Declare These Document to be True and accurate
                                    9/22/15  D.D.

                                    1 of 1