Endorsed Order:

Mr. Dunsmore's motion for relief from this Court's Endorsed Order, dated October 19, 2015, pursuant to Federal Rule 60(b) is denied for failure to assert a *prima facie* basis for the requested relief.

Dated: New York, New York          _s/Robert E. Gerber_____
      November 18, 2015          United States Bankruptcy Judge

Daryl D Dunsmore
AD6237 C3A 109
Box 32200
Stockton Ca 95213

RECEIVED
NOV 1 3 2015
U.S. BANKRUPTCY COURT
SO. DIST OF NEW YORK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE                                          Case # 09-50026 (REG)
General Motors
IGNITION SWITCH LITIGATION

Daryl Dunsmore
Plaintiff

          v

General Motor etal
Defendants

          Table of Contents
          and Authorities in
          support of 60(b)
          Motion Relief from
          Judgement

Di Sabatino v State bar 1980
27 C3d 159 162 458 — — — — — — — — — — 2
Bus & Prof Code 6068(d) — — — — — — — — — 2
cal Rules of Prof Cond 5-200(B) — — — — — . 2
Penal Code 134 — — — — — — — — — — 2

1of 2

Motion — — — — — — — — — — 2 pages
Memorandum — — — — — — — — — 2 pages

<u>Lodgments</u>

Exhibit A
court order — — — — — — — 1 page

Exhibit A1
case FCS045638  Dunsmore v GMC
Amended Complaint  Solano Superior Court — — 21 pages

Exhibit B
Sentencing Brief Case 215653 — — — — 9 pages

Exhibit C
Defendents Motion to strike &
Dumurrer Case FCS045638 — — — — — 22 pages

    I Declare The fallowing lodgments are
These and accurate

    11/3/15     D.A.D

                    2 of 2

Darryl Dunsmore
AO6237 C3A 109
Box 32200
Stockton Ca 95213



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE

General Motors

IGNITION SWITCH Litigation

Darryl Dunsmore
Plaintiff

        V

General Motor et al
Defendants

Case 69 50026 (REG)

## 60 (b) Motion
## Relief from
## Judgement

Contrary To This courts order of
endorcement on 10/19/15 This court has failed
to Consider plaintiffs Amended Complaint
which Directly Attacks (New GMC) actions
of fraud, Concealment of Constitutionally

1 of 2

Mandated Disclosure at The close of
The 363 Sale in 2009 That if such
Disclosure would have been Made previous
To plaintiffs Conviction in 2010 plaintiff
May Not have been found guilty and
wrongfully Convicted <u>Exhibit B</u> see
Cause of Action # 5,6 <u>Exhibit A 1</u>

Per endorcement order This plaintiff
Motions to bring relevant facts to This
courts Attention furthermore The Defendants
who are aware of This stay order Certinly
arn't Motioning The Solano Superior Court
of This stay and are instead attempting
To Move the Solano Superior court to
Action to strike a Dismiss The complaint
contrary to The Stay imposed <u>Exhibit C</u>

This is The exact fraud all These
Plaintiffs are complaining about That This
court seems to be ignorant of or
indifferant

<u>Conclusion</u>

For these reasons This court should
Grant Some type of Relief

I Declare under penalty of prjury The fore
going is True          11/3/15      D.O.

2 of 2

Daryl Dunsmore
AD6237  C3A-109
Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
IN RE
General Motors
IGNITION SWITCH Litigation

Daryl Dunsmore
Plaintiff

        v

General Motors etal
Defendents

Case 09-50026 (REG)

Memorandum of Points
and Authorities in Support
of 60 b Motion Relief
from Judgement

    A 60 (b) motion is grantable under Mistake
and Fraud Clearly a Mistake of failure to
considered plaintiffs Amended Complaint has
occurred. However Their is clearly No Mistake
concerning The fraud The Defendent wish to
Perpatrate on The Courts

                                        1 of 2

No where in the declaration in support of Demurrer Does The Defendant seek to enlighten The Superior Court of Solano Concerning The stay order of The 363 Sale This Court is enforcing on plaintiff

IN fact Defendants fraudulently presents facts of This Court To Solano Superior Court to take action Contrary to the stay order Exhibit D Defendants Judicial Notice page 3 exhibit 1 citeing only Supposed liability Protection but Conviently forgets the stay order

It is unethical for An Attorney to Mislead or lie to a Court Bus & P C 86068(d) Cal Rules of Prof Cond 5-200(B) Dr Sabatino v State bar (1980) 27 C3d 159 162 458

(It is a felony to prepare a false paper or other Matter with the intent That it will be introduced for a fraudulent or deceitful purpose at trial or at a legal proceeding or inquiry Pen C 134

I Declare under penalty of perjury The foregoing is true

11/3/15          D AD

2of2

Exhibit A

Endorsed Order:

The Sale Order plainly covers Mr. Dunsmore's claims, and he has shown no basis for any exception. The relief requested by Mr. Dunsmore is denied. The stay imposed by the injunctive provisions of the Sale Order will remain in place with respect to Mr. Dunsmore's lawsuit in California state court until further action by this Court. This Endorsed Order is without prejudice to the rights of any party to bring any additional relevant facts to the Court's attention or to any future rulings by this Court.

Dated: New York, New York              s/Robert E. Gerber
       October 19, 2015              United States Bankruptcy Judge

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Darryl Dunsmore AD6237 6-2-224
PO Box 2000
Vacaville Ca 95696

TELEPHONE NO.:     FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Pro S

RECEIVED
NOV 13 2015
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Solano
STREET ADDRESS: 586 Texas st
MAILING ADDRESS:
CITY AND ZIP CODE: Fairfield Ca 94533
BRANCH NAME: Solano

PLAINTIFF/PETITIONER: Darryl Dunsmore

DEFENDANT/RESPONDENT: GMC, Lobel, Viking Etal

CASE NUMBER: FCS045638

JUDICIAL OFFICER:

**NOTICE OF RELATED CASE**

DEPT.:

---

Identify, in chronological order according to date of filing, all cases related to the case referenced above.

1. a. Title: Dunsmore V Kamala Harris Etal
   b. Case number: 15-55593
   c. Court: [ ] same as above
      [x] other state or federal court *(name and address):* 9th Cir Court of Appeals PO Box 193939 San Francisco Ca 94119-3939
   d. Department:
   e. Case type: [ ] limited civil [ ] unlimited civil [ ] probate [ ] family law [x] other *(specify):* Federal Habeas
   f. Filing date: 4/17/15
   g. Has this case been designated or determined as "complex?" [ ] Yes [x] No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      [x] involves the same parties and is based on the same or similar claims.
      [x] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      [x] involves claims against, title to, possession of, or damages to the same property.
      [x] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         [x] Additional explanation is attached in attachment 1h   Actual innocence Claim New Evidences
   i. Status of case:
      [x] pending
      [ ] dismissed [ ] with [ ] without prejudice
      [ ] disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: [ ] same as above
      [ ] other state or federal court *(name and address):*
   d. Department:

---

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Page 1 of 3

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

09-50026-reg   Doc 13554   Filed 11/20/15   Entered 11/25/15 09:33:18   Main Document
Certificate of Notice   Pg 10 of 66
09-50026-reg   Doc 13554   Filed 11/20/15   Entered 11/25/15 09:33:18   Main Document
Certificate of Notice   Pg 10 of 66

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

| |
|---|
| **FOR COURT USE ONLY** |
| *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* New GMC et al
Cobel Viking et al

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Daryl Dinsmore

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Old Solano Court House | CASE NUMBER:<br>*(Número del Caso):*<br>FCS045638 |
|---|---|
| *(El nombre y dirección de la corte es):* | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| **DATE:**<br>*(Fecha)* _____ | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* _____ |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Daryl Dunsmore AD6237 CJA 109
Box 32200 Stockton Ca 95213

TELEPHONE NO.:                    FAX NO.:
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Solano
STREET ADDRESS: 580 Texas St
MAILING ADDRESS: Fairfield Ca 94533
CITY AND ZIP CODE:
BRANCH NAME: Old Solano Court House

CASE NAME:

FOR COURT USE ONLY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | FCS045638 JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☒ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☒ Large number of separately represented parties
   b. ☒ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☒ Substantial amount of documentary evidence
   d. ☒ Large number of witnesses
   e. ☒ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action (specify):
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 10/27/15

Daryl Dunsmore
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daryl Dunsmore AD6237 CJA 109<br>AD6237 CJA 109 Box 32200 Stockton Ca<br>95213 | |

TELEPHONE NO.       FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

NAME OF COURT: Solano Superior Court

STREET ADDRESS: 580 texas st

MAILING ADDRESS: fairfield Ca 94583

CITY AND ZIP CODE:

BRANCH NAME: old Solano Court house

PLAINTIFF: Daryl Dunsmore

DEFENDANT: GMC, Label, Viking Et al

☐ DOES 1 TO 100

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☒ AMENDED *(Number):* ~~2nd~~ addend.

**Type** *(check all that apply):*
☐ MOTOR VEHICLE ☐ OTHER *(specify):*
    ☐ Property Damage ☐ Wrongful Death
    ☐ Personal Injury ☐ Other Damages *(specify):*

**Jurisdiction** *(check all that apply):*
☐ ACTION IS A LIMITED CIVIL CASE
    Amount demanded ☐ does not exceed $10,000
    ☐ exceeds $10,000, but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
    ☐ from limited to unlimited
    ☐ from unlimited to limited

CASE NUMBER:

FCS 045638

1. PLAINTIFF *(name):*

    alleges causes of action against DEFENDANT *(name):*

2. This pleading, including attachments and exhibits, consists of the following number of pages: _____

3. Each plaintiff named above is a competent adult
    a. ☐ except plaintiff *(name):*
        (1) ☐ a corporation qualified to do business in California
        (2) ☐ an unincorporated entity *(describe):*
        (3) ☐ a public entity *(describe):*
        (4) ☐ a minor ☐ an adult
            (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) ☐ other *(specify):*
        (5) ☐ other *(specify):*

    b. ☐ except plaintiff *(name):*
        (1) ☐ a corporation qualified to do business in California
        (2) ☐ an unincorporated entity *(describe):*
        (3) ☐ a public entity *(describe):*
        (4) ☐ a minor ☐ an adult
            (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) ☐ other *(specify):*
        (5) ☐ other *(specify):*

    ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 3.

Form Approved for Optional Use
Judicial Council of California
982.1(1) [Rev. July 1, 2002]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

THOMSON
✦
WEST

Page 1 of 3

Code of Civil Procedure, § 425.12

SHORT TITLE:    Dunshore V GMC ET al                    CASE NUMBER: FCS045638

4. ☒ Plaintiff *(name):* Darryl Dunshore
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant *(name):* GMC Lbl V.Kllj ET al    ☐ except defendant *(name):*
      (1) ☒ a business organization, form unknown       (1) ☐ a business organization, form unknown
      (2) ☒ a corporation                               (2) ☐ a corporation
      (3) ☒ an unincorporated entity *(describe):*      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*               (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*                          (5) ☐ other *(specify):*


   b. ☐ except defendant *(name):*                   d. ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown       (1) ☐ a business organization, form unknown
      (2) ☐ a corporation                               (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*               (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*                          (5) ☐ other *(specify):*


   ☐ Information about additional defendants who are not natural persons is contained in Complaint—Attachment 5.

6. The true names and capacities of defendants sued as Does are unknown to plaintiff.

7. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names):*


8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☒ other *(specify):* Real Property That is The subject of this action is located here


9. ☒ Plaintiff is required to comply with a claims statute, and
   a. ☒ plaintiff has complied with applicable claims statutes, or
   b. ☒ plaintiff is excused from complying because *(specify):* Medical incapacitation


982.1(1) [Rev. July 1, 2002]                    **COMPLAINT—Personal Injury, Property**                    Page 2 of 3
                                                **Damage, Wrongful Death**

| | |
|---|---|
| SHORT TITLE: Dunsmore v GMC et Al | CASE NUMBER: FCS045638 |
| | PLD-PI-001 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☒ Motor Vehicle
   b. ☒ General Negligence
   c. ☒ Intentional Tort
   d. ☒ Products Liability
   e. ☐ Premises Liability
   f. ☒ Other *(specify):* Fraud

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☒ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☒ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify):* Wrongful Conviction

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☒ punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☒ according to proof
      (2) ☒ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: 6/12/15

Darryl Dunsmore
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

PLD-PI-001(3)

| SHORT TITLE | CASE NUMBER |
|---|---|
| Dunsmor v GMC ET Al | FCS045638 |

_____\1_____     CAUSE OF ACTION—Intentional Tort          Page _____
  (number)

ATTACHMENT TO  ☒ Complaint     ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1 Plaintiff *(name):* Darryl Dunsmore

allages that defendant *(name):* GMC, Lobel, Viking ET Al

☐ Does ___1___ to ___100___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
caused the damage to plaintiff

on *(date):* Dec 3 2007
at *(place):* East 5Th St

*(description of reasons for liability):*

The Defendants willfully Manufactured or Sold knowingly
Defective Vehicals Manufactured with Defective Parts The
Defendants knew of should have known The Vehical had
Defective Parts when Sold To plaintiff because a Duplicate
title existed the Defendants further Sold and INSURED
The Vehical knowing it was STolen and possible
Defective workmanship or Parts were involved upon
such knowledg Willfully Sought To Cover up such
information and failed to Contact authorities Resulting
In Plaintiffs injuries and wrongful Conviction

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

CAUSE OF ACTION–Intentional Tort

Page 1 of 1

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Dunsmore V GMC ET Al

CASE NUMBER
fCS045638

_____2_____
(number)

# CAUSE OF ACTION—General Negligence

Page _____

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Darryl Dunsmore

alleges that defendant *(name)*: GMC, COWEL, Viking

☐ Does _____1_____ to __100__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: 2007

at *(place)*: Viking insurance Cobel Financial

*(description of reasons for liability)*:

The Defendants willfully or negligently Sold and insured a Motor Vehical To the plaintiff that They should have known was Manufactured with Defective Parts by Defendant GMC or That a Dupicate title existed and That The Vehical was possibly Stolen and un-Authorized workmanship or Parts were involved and failed Report such issues To Authorities placing Plaintiff at Risk of injury and Death or other Liabilities That resulted on Dec 3 2007 in The form of an accident and wrongful Conviction and That The Defendant Caused personal injury To a Dependant adult with in The Meaning of Penal Code 368 and Continue To Cover These facts and Cause Plaintiff To be held incarcerated and wrongfully Convicted

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev January 1, 2007]

CAUSE OF ACTION—General Negligence

Page 1 of 1
Code of Civil Procedure 425.12

WEST®

| SHORT TITLE: | | PLD-PI-001(5) |
|---|---|---|
| Dinsmore V GMC Et Al | CASE NUMBER: FCS045638 | |

_____ **CAUSE OF ACTION—Products Liability** Page _____
(number)

ATTACHMENT TO  ☒ Complaint   ☐ Cross - Complaint
(Use a separate cause of action form for each cause of action.)

Plaintiff (name): Darryl Dinsmore

**Prod. L-1.** On or about (date): Dec 3 2007     plaintiff was injured by the following product: GMC
2001 SAVANA VAN SLE

**Prod. L-2.** Each of the defendants knew the product would be purchased and used without inspection for defects.
The product was defective when it left the control of each defendant. The product at the time of injury was being
☒ used in the manner intended by the defendants.
☒ used in the manner that was reasonably foreseeable by defendants as involving a substantial danger not
readily apparent. Adequate warnings of the danger were not given.

**Prod. L-3.** Plaintiff was a
☒ purchaser of the product.          ☒ user of the product.
☐ bystander to the use of the product.   ☐ other (specify):

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

**Prod. L-4.** ☒ **Count One—Strict liability** of the following defendants who
  a. ☒ manufactured or assembled the product (names): GMC ET AL

   ☒ Does ____1____ to ____100____
  b. ☒ designed and manufactured component parts supplied to the manufacturer (names): GMC ET AL

   ☒ Does ____1____ to ____100____
  c. ☒ sold the product to the public (names): Lobel ET AL

   ☒ Does ____1____ to ____100____

**Prod. L-5.** ☒ **Count Two—Negligence** of the following defendants who owed a duty to plaintiff (names): Viking ET Al

   ☒ Does ____1____ to ____100____
**Prod. L-6.** ☒ **Count Three—Breach of warranty** by the following defendants (names): Lobel, Viking, GMC

   ☒ Does ____1____ to ____100____
  a. ☒ who breached an implied warranty
  b. ☒ who breached an express warranty which was
   ☒ written   ☒ oral

**Prod. L-7.** ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
☐ listed in Attachment-Prod. L-7 ☒ as follows: Treble Damage as Dependant Adult

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]

**CAUSE OF ACTION—Products Liability**

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

SHORT TITLE:                                                              PLD-PI-001(1)

Dunsmore v GMC (Lobel, Viking          CASE NUMBER: CCS045638

___4___  **CAUSE OF ACTION—Motor Vehicle**
(number)

ATTACHMENT TO  ☒ Complaint      ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Darryl Dunsmore

MV- 1. Plaintiff alleges the acts of defendants were negligent; the acts were the legal (proximate) cause of injuries
and damages to plaintiff; the acts occurred

on *(date):* 2007 Dec 3

at *(place):* East 5Th st National City Ca 91950

MV- 2. DEFENDANTS

a.  ☐  The defendants who operated a motor vehicle are *(names):*

    ☐ Does _____ to _____

b.  ☐  The defendants who employed the persons who operated a motor vehicle in the course of their employment
       are *(names):*

    ☐ Does _____ to _____

c.  ☒  The defendants who owned the motor vehicle which was operated with their permission are *(names):* Lobel et al

    ☐ Does ____1____ to _____

d.  ☒  The defendants who entrusted the motor vehicle are *(names):* Viking et al

    ☒ Does ____1____ to ___100___

e.  ☒  The defendants who were the agents and employees of the other defendants and acted within the scope
       of the agency were *(names):* John Jane Does

    ☒ Does ____1____ to ___100___

f.  ☒  The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
       ☐ listed in Attachment MV-2f  ☒ as follows: The Defendants Knowingly allowed
    A dependant adult Per Penal Code 368 to operate an
    Stolen Detective product Resulting in a wronful Conviction

    ☐ Does _____ to _____                                    Page _____

Form Approved for Optional Use        **CAUSE OF ACTION—Motor Vehicle**                 Page 1 of 1
Judicial Council of California
PLD-PI-001(1) [Rev. January 1, 2007]                          Code of Civil Procedure 425.12
                                                                    www.courtinfo.ca.gov

| | | PLD-C-001(3) |
|---|---|---|
| SHORT TITLE: Dunsmor v GMC ETaL | CASE NUMBER FCS045638 | |

<u>5</u>
(number)

**CAUSE OF ACTION—Fraud**

FR-4. ☒ **Promise Without Intent to Perform**

    a. Defendant made a promise about a material matter without any intention of performing it ☒ as stated in Attachment FR-4.a ☐ as follows:

That New GMC would except liabilities for incidents accidents arising After the 363 sale of July 10 2009 and have failed, Refused to do so contrary to that agreement contrary to state, local and constitutional law and instead acted as accessories to the crimes and misconduct of old GMC according to penal code 32

    b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act ☐ as stated in Attachment FR-5 ☒ as follows: go to Jury Trial to exhonerate himself of alleged crime That he intentionally used a GMC Product as a weapon and that the GMC product was The actual cause by way of Defective Parts and Workmanship

FR-6. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged ☐ as stated in Attachment FR-6 ☒ as follows: Life, liberty and pursuit of Happiness Defendants Conduct has caused plaintiff to suffer a wrongful Conviction and incarceration of one actually innocent

FIR-7. Other: obstruction of court access and Due process

982-314

DR. TITLE
Dunsmore  v  GMC Et al

CASE NUMBER
FCS045638

G
(number)

CAUSE OF ACTION—Intentional Tort

Page _____

ATTACHMENT TO  ☒Complaint!  ☐ Cross-Complaint!

*[Use a separate cause of action form for each cause of action.]*

T-1  Plaintiff *(name):*  Darryl Dunsmore

alleges that defendant *(name):*  New GMC

☒ Does ___1___ to ___100___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date):*  July 10 2009  To  10/27/15
at *(place):*

*(description of reasons for liability):*

Have intentionally Breach 363 Sale Contract to except
liabilities of accidents and incidents arising after
July 10 2009 Concerning GMC products in That They
claim to be separate entities of the Conduct and crime
of the Defendants (old GMC) yet have acted contrary
to California Penal Code 133, 134, 135 Hiding Destroying
Concealing Evidence of Constitutionally mandated Discovery
which This complaint concern and have acted as
an accessory to Those Acts of Misconduct and
crimes Per penal Code 3172 of old GMC That
The acts of New GMC have caused plaintiff to
Suffer a wrongful Conviction and are causing an
actually innocent individual To remain illegally
incarcerated and Continue to withhold This
Constitutionally mandate Discovery plaintiff seeks
contrary to Their assertions

8

FCS045638

| 7 | Cause of Action - Fraud |
|---|---|
| Number | |

FR-4 ☒ Promise without intent to Perform

    A. Defendant Made a promise about a Material Matter with out any intention of Performing it FR 4(a) as fallows That The Vehical was safe from Defect, Part or Poor Workmanship and Legal

    b. Defendants promise without any intention of Performing it was made with The intent to defraud and induce plaintiff to rely upon it and To act upon it as Described in Item FR-5 At The time plaintiff acted plaintiff was unaware of Defendants intention not to Perform the promise Plaintiff acted in Justifiable reliance upon The Promise

FR-5 ☒ The Justifiable reliance upon Defendents Conduct Plaintiff was induced to act as fallows

  To operate an unsafe Vehical That was Stolen with Defective parts and unAuthorized workmanship

FR-6 ☒ Because The plaintiff reliance upon Defendent Conduct Plaintiff has been Damaged as fallows wrongful Conviction, Lost Property, Emotional Distress Personal injury, Lost future Earnings

Short Title: Dunsmore v GMC ET AL

FCS045638

7 _____ Cause of Action - Fraud
Number

Attachment to Complaint
FR-1 Plaintiff Darryl Dunsmore
Alleges That Defendant GMC, Lobel, Viking, ET AL
On or about 2006-2007 Defrauded plaintiff as follows

FR-2 ☒ Intentional or Negligent Misrepresentation
a. Defendant Made Representation of Material fact as follows
That the Vehical being Sold was Legal, Safe free from
Defect or un Authorize workmanship

b. These representations were in fact false The Truth
was as follows
The Vehical was manufactured with Defective parts
Stolen, and illegal with Un Authorized parts or workma
ship performed on The product

c. When Defendant Made These representation
☒ Defendant knew They were false or
☒ Defendant had No reasonable ground for believing The
Representations were true

d. Defendant Made The representations with The intent to
defraud and induce plaintiff to act as Described in Item
FR-5 At The time plaintiff acted plaintiff did not know
The Representations were false and believed They were true
Plaintiff acted in justifiable reliance upon The Truth of
The Representations

2 of 3

| Dunsmore v BMC, Wbal, Viking et Al | FCS045638 |

7        Cause of Action - Fraud

FR 3 ☒ Concealment

a. Defendant Concealed or Surpress Material facts as fallows

   That The Vehical was stolen, illegal with Defective Parts or UN Authorized workmanship

b. Defendant Concealed or Surpressed Material facts
   ☒ Defendent was bound to Disclose
   ☒ by telling plaintiff other facts to Mislead Plaintiff and prevent plaintiff from Discovering The Concealed or Surpressed facts


c. Defendant Concealed or Surpressed These facts with The intent To Defraud and induce plaintiff to act as Described in ITEM FR-5 At The time Plaintiff acted plaintiff was unaware of The Concealed or Surpressed facts and would not have taken the action if plaintiff had known The facts

3 of 3

| SHORT TITLE: | | PLD-C-001(1) |
|---|---|---|
| Dunsmore v GMC Etal | CASE NUMBER: SCS045638 | |

_____**8**_____      **CAUSE OF ACTION—Breach of Contract**
*(number)*

**ATTACHMENT TO**   ☒ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

**BC-1.** Plaintiff *(name):* Darryl Dunsmore

alleges that on or about *(date):* July 10 2009

a ☒ written ☒ oral ☐ other *(specify):*

agreement was made between *(name parties to agreement):*
Darryl Dunsmore and NEW GMC

☒ A copy of the agreement is attached as Exhibit A, or

☐ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☒ are as follows *(specify):*
That The Defendants New GMC would be liable for incidents and accidents after July 10 2009 and That They are separate entities from The acts and conduct of Defendant old GMC

**BC-2.** On or about *(dates):* July 10, 2009 To 10/27/15
defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts *(specify):* withholding, concealing Constitutionally Mandated Discovery in violation of Alleged Contract and Penal Code 133 134 135 and is acting contrary to Contract as an accessory to Those Acts of Misconduct and Crime Pu 31 32 of penal code

**BC-3.** Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

**BC-4.** Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4 ☒ as follows *(specify):* Continued wrongful conviction of plaintiff and conviction of 2010

**BC-5.** ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
     ☐ of $
     ☒ according to proof.

**BC-6.** ☐ Other:

Page _____

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]
**CAUSE OF ACTION—Breach of Contract**
Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

| SHORT TITLE: | | PLD-C-001(1) |
|---|---|---|
| Uensmore V GMC ETAL | CASE NUMBER: | |
| | PCS045638 | |

<u>9</u>
(number)
**CAUSE OF ACTION—Breach of Contract**

ATTACHMENT TO ☒ Complaint ☐ Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff (name): Daryl Uensmor

alleges that on or about (date): 2006-2007
a ☒ written ☒ oral ☐ other (specify):
agreement was made between (name parties to agreement): Lobel, Viking

☐ A copy of the agreement is attached as Exhibit A, or
☒ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☒ are as follows (specify):

That The Vehical was void of poor workmanship
or part and was safe and legal

BC-2. On or about (dates): 2006-2007
defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts
(specify): by knowingly allowing plaintiff To purchase and
insure The product known to have unauthorized work
performed defective parts and stolen

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4 ☒ as follows (specify): Severe personal injury emotional
Distress, loss of property, future earning, wrongful Conviction

BC-5. ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☒ according to proof.

BC-6. ☒ Other: TREBLE Damages

Page _____

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]
**CAUSE OF ACTION—Breach of Contract**
Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-Pi-001(6)

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| Dunsmor V GMC CT Al | |

## Exemplary Damages Attachment

Page _____

ATTACHMENT TO ☒ Complaint ☐ Cross - Complaint

EX-1. As additional damages against defendant *(name):* Lobel, V. King CT al

Plaintiff alleges defendant was guilty of

☒ malice

☒ fraud

☒ oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages
to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows: The Defendants knew or should
have known That The Vehical was Defective and
Manufactued with Defective parts and That a Duplicate
Title existed and or That The Vehical May have
Stolen Idefective parts, Mechanical Problems or other
Defects and That Defendants willfully and fraudulantly
Covered up These facts or failed to Disclose Resulting
in personal injury, loss of Property, incapacitation, wrongful
Conviction and That The Defendant knew The plaintiff
was a Dependant adult That They have oppressed
The plaintiff by with holding explefectory evidence
to oppress The plaintiff and keep him incarcerated and
wrongly Convicted

EX-3. The amount of exemplary damages sought is
a. ☐ not shown, pursuant to Code of Civil Procedure section 425.10.
b. ☒ $ TREble Damage

Exemplary Damages Attachment

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Case 09-90526 Doc 554 Filed 11/20/15 Entered 11/21/15 09:23:13 Main Document
Certificate of Notice Pg 27 of 66

AD6237 G-1-14
P O Box 2000
Vacaville Ca 95696
Pro Se

Received    JUL 1 5 2015
Clerk of the Superior Court

IN THE SUPERIOR COURT STATE OF CALIFORNIA
COUNTY OF SOLANO

Darryl Dunsmore
Plaintiff
v

GMC, Lobel viking ETAl
Defendants

Case FCS045638

Attachments in Support
of UNLIMITED civil
Action

Attachment (A)
Viking insurance policy - - - - - - - - . 1 page
Attachment (b)
western General insurance Policy - - - - - - - - 1 Page
Attachment (c)
Correspondance with insurance - - - - - 16 Pages

1 of 2

Attachment (a)

correspondence   Lobel financial — — — 1 Page

Attachment (c)

Correspondence   General Motors Corp — — — 1 Page

Attachment (f)

Claim estimate — — — — — — — — — 35 Pages

Attachment (g)

Value scope Market report — — — — — 16 pages

## Table of Contents

civil Complaint — — — — — — . 14 Pages
TRO Motion — — — — — — — — 3 Pages
order to Show Cause — — — — — — 2 Page
letter to Clerk.
for Motion hearing Date — — — — — — 1 Page
Declaration in Support of TRO — — — — 1 Page

6/12/15
5/28/15   DJD≤

2 of 2

GMC

Service Request #71-1475390686

RE: Correspondance May 14 2015
Darryl Dunsmore ADG237
G-2-224 PO Box 2000
Vacaville Ca 95696


Because of The failure of My GMC Vehical
I an unable to Correspond by telephone as I
have been wrongly Convicted behind The Mechanical
failure of My Vehical and am in Prison Seeking
Exculpatory evidence supporting The Defective
Parts That My Vehical was Manufactured with

I have been forced to file Civil Litigation
and request That This correspondance be forwarded
to your Legal Dept for processing of Discovery
and interogatories

5/24/15

0112

1  BONNIE M. DUMANIS
   District Attorney
2  MARY G. LOEB
   State Bar Number 254512
3  Deputy District Attorney
   2851 Meadowlark Drive
4  San Diego, CA 92123
   Ph: (858) 694-4264
5  Fax: (858) 514-8525
6  Email: Mary.Loeb@sdcda.org

7

8  Attorneys for Plaintiff

9        SUPERIOR COURT OF THE STATE OF CALIFORNIA

10       FOR THE COUNTY OF SAN DIEGO, SOUTHERN DIVISION

11

12  THE PEOPLE OF THE STATE OF CALIFORNIA,      No. CS215653
                                                DA BBA014
13                                  Plaintiff.
                                                PEOPLE'S SENTENCING
14  V.                                          BRIEF

15
                                                Date: June 3, 2010
16  DARRYL LEE DUNSMORE                         Time: 1:30 PM
                                                Dept: 12
17                                 Defendant.   Judge: Hon. H. Ronald Domnitz
                                                Time Estimate: 30 minutes
18

19
        Comes now the plaintiff, the People of the State of California, by and through their
20
    attorneys, BONNIE DUMANIS, District Attorney, MARY GINETTE LOEB, Deputy
21
    District Attorney, and respectfully submits the following Sentencing Brief.
22
                                    ARGUMENT
23
                                        I.
24
                            SENTENCING OBJECTIVES
25
        "The Legislature finds and declares that the purpose of imprisonment for crime is
26
    punishment.  This purpose is best served by terms proportionate to the seriousness of the
27
    offense. . . ."  (Pen. Code, § 1170(a)(1).)
28

0113

The seriousness of the crimes, along with the following sentencing objectives and circumstances in aggravation, should be of primary concern to this court.

The Judicial Council Rules provide the following objectives to be achieved in sentencing:

Rule 4.410(a). Protecting society. Here, even though the jurors found that passion or provocation was a mitigating factor in this case and thus convicted the Defendant of attempted voluntary manslaughter instead of attempted murder, in finding the Defendant guilty they affirmed that **the Defendant formed the intent to kill** Joseph Camacho. The Defendant is a danger to society as demonstrated not only by the facts of this case, but also his long history of violence with Rose Roach and his prior convictions for violent crimes.

Rule 4.410(b). Punishing the defendant. The Defendant fails to take accountability for his actions. He has told multiple different stores in an attempt to mitigate his conduct. He continues to place blame on the victims in this case and make excuses. He needs to understand the seriousness of his conduct and **be punished accordingly.**

Rule 4.410(c). Encouraging the defendant to lead a law abiding life in the future and deterring him from future offenses. The Defendant continues to refuse to take responsibility and needs encouragement in order to remain law abiding. The Court should demonstrate to this Defendant that his criminal activity is **totally unacceptable to society** and that he will be held accountable.

Rule 4.410(d). Deterring others from criminal conduct by demonstrating its consequences.

Rule 4.410(e). Preventing the defendant from committing new crimes by isolating him for a period of incarceration. The imposition of a prison sentence will insure that the **Defendant will not victimize others** for at least the period of incarceration. It will isolate the Defendant and protect the victims in this case and society.

Rule 4.410(f). Securing restitution for the victim of the crimes. Both Joseph Camacho's and Terry Rahn suffered not only physically but financially as a result of the Defendant's deliberate conduct. Mr. Camacho will never truly be compensated for the

0114

damage that has been done.

　　Rule 4.410(g). Achieving uniformity in sentencing.

　　Rule 4.410 (b). Because in some instances these objectives may suggest inconsistent dispositions, the sentencing judge must consider which objectives are of primary importance in the particular case. The sentencing judge should be guided statutory statements of policy, the criteria in these rules, and the facts and circumstances of the case.

## II.
## THE DEFENDANT IS INELIGIBLE FOR PROBATION

　　Except in unusual cases where the interests of justice would be served, the defendant is ineligible for probation under several subdivisions of Penal Code section 1203.

　　Section 1203(e)(2). The Defendant personally used a deadly weapon against a human being in connection with the perpetration of this crime.

　　Section 1203(e)(3). The Defendant personally inflicted great bodily injury on the victims during the perpetration of this crime.

　　Section 1203(e)(4). The Defendant has more than two prior felony convictions.

　　Moreover, the Defendant is also absolutely ineligible for probation under Penal Code Section 667, *et seq.*, because he has a prior serious felony conviction which the Court found true and his current offenses are serious felony convictions.

## III.
## THE DEFENDANT SHOULD BE SENTENCED TO PRISON
## FOR THE UPPER TERM

　　The facts and circumstances in aggravation outweigh the facts and circumstances in mitigation which are defined by Rules 4.421 and 4.423 of the California Rules of Court. The Defendant should be sentenced to the upper term. The applicable rule sections are discussed below.

### A.　　Circumstances in Aggravation

　　Rule 4.421(a). Facts relating to the crime, whether or not charged or chargeable as enhancements, including the following:

---

*People v. Dunsmore - Case No. CS215653 - People's Sentencing Brief*

3

0115

Rule 4.421(a)(1). The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness. It goes without saying that the crimes of attempted voluntary manslaughter and assault with a deadly weapon are serious crimes. As the evidence showed, Joseph Camacho was seriously and permanently injured as a result of the Defendant's crime. To this day, he still walks with a cane and **will never be the same man again.** Terry Rahn was injured as well. The Defendant's continued deflection of blame onto the victims is evidence of his cruelty and callousness.

Rule 4.421 (a) (2). The defendant was armed with or used a weapon at the time of the commission of the crime. The Defendant used his full size van to hit Terry Rahn and to run over Joseph Camacho.

Rule 4.421 (a) (3). The victims were particularly vulnerable. The victims in this case were vulnerable because the **Defendant made sure they were in a position of vulnerability** before he attacked. He lured them to his house, waited until they were out of their car, and callously ran them down with his van. They were in no position to fight back.

Rule 4.421 (a) (4). The defendant induced others to participate in the commission of the crime or occupied a position of leadership or dominance of other participants in its commission. Here the defendant was the sole planner and participant.

Rule (a) (6). The defendant threatened witnesses, unlawfully prevented or dissuaded witnesses from testifying, **suborned perjury or in any other way illegally interfered with the judicial process.** The Defendant lied to 911 and to police about how the incident occurred. At trial, the Defendant continued his lies, taking the stand and suborning perjury. So outrageous were the Defendants lies, that his own expert witnesses – his physician and an accident reconstructionist – could not corroborate the Defendant's fabricated theories and excuses for his conduct. Even the Defendant's story to the probation officer is different than what he testified to at trial. At every turn, the Defendant said whatever he could to deny culpability, minimize his actions, and place blame on the victims and elsewhere.

////

0116

Rule 4.421(a)(8). The manner in which the crime was carried out indicates planning, sophistication, or professionalism. As mentioned above and as the evidence showed, the **Defendant set this incident into motion.** He knew Mr. Camacho and Mr. Rahn were coming to his house, and he waited for them. He then waited until they got out of their car and were the most vulnerable before he ran them down with his van. The then fled the scene. Even the Defendant's actions after the crime are evidence of his plan and criminal sophistication – he called 911 and fabricated a story and then lied to the police.

Rule 4.421(a)(11). The defendant took advantage of a position of trust or confidence to commit the offense. The victims in this case both testified that they thought the Defendant was a friend. **They trusted him,** and that is why it was easy for him to take advantage of their trust and **lure them into his trap.**

Rule (b) Facts relating to the defendant, including the following:

Rule (b)(1). The defendant has engaged in violent conduct which indicates a serious danger to society. This was an extremely violent act. The Defendant chased Joseph Camacho down until he ran him over, then backed over his body again. He then fled the scene, leaving Camacho to die. Although this is certainly the most violent act the Defendant has committed, he has a long history of violence with his ex-girlfriend and others.

Rule (b)(2). The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness. The Defendant has **six prior felony convictions.**

Rule (b)(3). The defendant has served a prior prison term. The Defendant has served multiple prisons terms dating back over twenty years.

Rule (b)(5). The defendant's prior performance on probation or parole was unsatisfactory.

## B.    Circumstances in Mitigation

There are very few circumstances in mitigation which apply to this case.

Rule 4.423(a)(1). The defendant was a passive participant or played a minor role in the crime. Here, the Defendant was the sole and primary planner and actor.

0117

Rule 4.423 (a) (2).  The victim was an initiator of, willing participant in, or aggressor or provoker of the incident.  The Defendant claimed that he was provoked by the victims, and the jury obviously found some of this evidence credible because they only convicted of attempted voluntary manslaughter.  However, there was no "great" provocation here.  The Defendant's conduct and attitude is such that **his dangerous, violent behavior is likely to occur again**.  Besides the Defendant's testimony, which was filled with inconsistencies and lies, there is no evidence that the victims initiated any violence or were aggressors.

Rule 4.423 (a) (3).  The crime was committed because of an unusual circumstance, such as great provocation which is unlikely to reoccur.  There is no evidence of any highly unusual circumstance or "great" provocation.  The Defendant simply claimed he was "scared" (a regular excuse for his criminal conduct) and that his disease somehow makes him more vulnerable.  The evidence was clear, however, that the Defendant made his own choices here – he could have done a lot of things including simply driving away, but chose not to.

Rule 4.423 (a) (4).  The defendant participated in the crime under circumstances of coercion or duress, or the criminal conduct was partially excusable for some other reason not amounting to a defense.  There was no coercion or duress.

Rule 4.423 (a) (5).  The defendant, with no apparent predisposition to do so, was induced by others to participate in the crime.  There is no evidence of this, and as stated above, the defendant was the sole and primary actor.

Rule 4.423 (a) (6).  The defendant exercised caution to avoid harm to persons or damage to property, or the amounts of money or property taken were deliberately small, or no harm was done or threatened against the victim.  Here, the Defendant acted rashly and with no caution.  **He did nothing to prevent either property or personal damage.**  The injuries the victims were both physical and financial.

Rule 4.423(b).  Facts relating to the defendant, including the fact that:

Rule 4.423(b)(1).  The defendant has no prior record, or an insignificant record of criminal conduct, considering the recency and frequency of prior crimes.  This section does

0118

not apply to this Defendant.  The Defendant's has been in and out of the criminal justice system and prison for most of his life.  He has a history of thefts, drug use, violation of court orders, and violence.  His most recent conviction was for a serious and violent felony, criminal threats.  The Court heard testimony about his violence towards Rose Roach.  The Defendant's criminal conduct is not only continuous, but it is increasing in seriousness.

Rule 4.423 (b) (2).  The defendant was suffering from a mental or physical condition that significantly reduced culpability for the crime.  The Defendant claims his arthritic condition was in part to blame for his conduct, but **his own physician did not support this theory**.

Rule 4.423(b) (3).  The defendant admitted guilt at an early stage in the criminal process.  To date, the Defendant still refuses to take responsibility, admit any blame, or show any remorse.  He took the stand and lied, denying his culpability, placing blame on others, minimizing his actions, and merely attempting to garner sympathy for himself.  He did the same during his probation interview, and this time his story changed yet again.  He can't keep his many lies straight, and his only concern is himself.

Rule 4.423 (b) (4).  The defendant is **ineligible for probation** and but for that ineligibility he would have been granted probation.  As stated above, the defendant is presumptively ineligible for probation.

Rule 4.423 (b) (5).  The defendant made restitution to the victim.  Unfortunately, in this case the Defendant can never make restitution to these victims.

Rule 4.423 (b) (6).  The defendant's prior performance on probation or parole was satisfactory.  In the past, the Defendant has violated the conditions of both his probation and parole, usually by committing new offenses.

The circumstances in mitigation do not outweigh the circumstances in aggravation.  In fact, the circumstances in aggravation far outweigh any mitigating factors.  Thus, imposition of the upper term would be justified.

/ / / /

/ / / /

/ / / /

0119

IV.

## CONCLUSION

The People respectfully submit the foregoing sentencing brief and ask the court to deny probation and impose a **prison term of 22 years**.

Dated: June 2, 2010

Respectfully submitted.

BONNIE DUMANIS
District Attorney

By _____

MARY GINETTE LOEB
Deputy District Attorney

1   BOWMAN AND BROOKE LLP
    Anthony S. Thomas (SBN: 149284)
2   David Shay (SBN: 241702)
    970 West 190th Street, Suite 700
3   Torrance, CA 90502
    Telephone: (310) 768-3068
4   Facsimile: (310) 719-1019

5   Attorneys for Defendant GENERAL MOTORS LLC

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          FOR THE COUNTY OF SOLANO

10

11  DARREL DUNSMORE,                    )   CASE NO.: FCS045638
                                        )
12                  Plaintiff,          )   Assigned to: Harry S. Kinnicutt
                                        )   Department: 3
13          vs.                         )
                                        )   DEFENDANT GENERAL MOTORS LLC'S
14  GMC, LOBEL VIKING et. al            )   DEMURRER TO PLAINTIFF'S
                                        )   COMPLAINT; MEMORANDUM OF POINTS
15                                      )   AND AUTHORITIES; DECLARATION OF
                    Defendants.         )   DAVID C. SHAY; AND [PROPOSED]
16                                      )   ORDER
                                        )
17                                      )
                                            (filed concurrently with Motion to Strike)
18
19
                                            Date:        January 5, 2016
20                                          Time:        9:30 a.m.
                                            Dept.:       3
21
22                                          Action Filed:    July 15, 2015

23          TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

24          PLEASE TAKE NOTICE that on January 5, 2016 at 9:30 a.m., or as soon

25  thereafter as the matter may be heard in Department 3 of the above-entitled court located

26  at 600 Union Avenue, Fairfield, California 94533 Defendant General Motors LLC (the

27  entity served herein), will and hereby does demur to the operative complaint on the

28  following grounds:

    DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
    AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

1      1.    The entity served by the in pro per plaintiff, General Motors LLC, is not a

2  proper party to this case under California *Code of Civil Procedure* Section 430.10(e) as it

3  relates to the five causes of action asserted.  Specifically, General Motors LLC did not

4  design manufacture or sell the 2001 GMC Savana van that is the subject matter of this

5  lawsuit.  In fact, General Motors LLC did not even exist until 2009.  As a result, although

6  served with the operative Complaint, it is not a proper party to this action.  Instead, the

7  entity that designed, manufactured and originally sold the 2001 GMC Savana van was

8  Motor Liquidation Company f/k/a General Motors Corporation; and,

9      2.    On the face of the complaint, the tort and misrepresentation claims are

10  barred by the statute of limitations under California *Code of Civil Procedure* Sections

11  335.1 (tort) and 338(d) (fraud).

12      This Demurrer is based upon this Notice, the Memorandum of Points and

13  Authorities set forth herein below, the attached Declaration of David C. Shay and the

14  complete files and records of this action.

DATED: September **25**, 2015        BOWMAN AND BROOKE LLP

By: _____
Anthony S. Thomas
David C. Shay
Attorneys for Defendant
GENERAL MOTORS LLC

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

## DEMURRER

General Motors LLC hereby demurs to the Complaint filed by plaintiff Darrel Dunsmore generally and in its entirety on the following grounds:

### DEMURRER AS TO THE FIRST CAUSE OF ACTION "MOTOR VEHICLE"

1.    The first cause of action does not state sufficient facts to constitute a cause of action against General Motors LLC and is otherwise barred by the Bankruptcy Court's Sale Approval Order (See Exhibit 1 to Request for Judicial Notice); and,.

2.    The first cause of action directed against General Motors LLC is barred by the applicable statute of limitations.

### DEMURRER AS TO THE SECOND CAUSE OF ACTION "GENERAL NEGLIGENCE"

1.    The second cause of action does not state sufficient facts to constitute a cause of action against General Motors LLC and is otherwise barred by the Bankruptcy Court's Sale Approval Order (See Exhibit 1 to Request for Judicial Notice); and,

2.    The second cause of action directed against General Motors LLC is barred by the applicable statute of limitations.

### DEMURRER AS TO THE THIRD CAUSE OF ACTION "INTENTIONAL TORT"

1.    The third cause of action does not state sufficient facts to constitute a cause of action against General Motors LLC and is otherwise barred by the Bankruptcy Court's Sale Approval Order (See Exhibit 1 to Request for Judicial Notice); and,

2.    The third cause of action directed against General Motors LLC is barred by the applicable statute of limitations.

### DEMURRER AS TO THE FOURTH CAUSE OF ACTION "PRODUCTS LIABILITY"

1.    The fourth cause of action does not state sufficient facts to constitute a cause of action against General Motors LLC and is otherwise barred by the Bankruptcy Court's Sale Approval Order (See Exhibit 1 Request for Judicial Notice); and,

2.    The fourth cause of action directed against General Motors LLC is barred by the applicable statute of limitations.

3

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

1  **DEMURRER AS TO THE FIFTH CAUSE OF ACTION FOR "INTENTIONAL OR**

2  **NEGLIGENT MISREPRESENTATION"**

3      1.    The fifth cause of action does not state sufficient facts to constitute a cause

4  of action against General Motors LLC and is otherwise barred by the Bankruptcy Court's

5  Sale Approval Order (See Exhibit 1 to Request for Judicial Notice); and,

6      2.    The fifth cause of action is barred by the applicable statute of limitations.

7

8  DATED:  September  25 , 2015          BOWMAN AND BROOKE LLP

9

10                                    By
11                                       Anthony S. Thomas
                                         David C. Shay
12                                       Attorneys for Defendant
                                         GENERAL MOTORS LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Our incarcerated in pro per plaintiff filed the operative complaint asserting four causes of action based in tort and one cause of action based on misrepresentation (fraud) in connection with his purchase of a used 2001 GMC Savana van back in the 2006-2007 timeframe. He alleges damages in connection with a van versus pedestrian incident (plaintiff was convicted of attempted voluntary manslaughter after the van was used to run over his victims).[1] As discussed below, the instant demurrer should be sustained without leave to amend for three reasons.

First, the entity served, General Motors LLC did not design, manufacture or distribute the subject 2001 GMC Savana van. To the contrary, the correct entity involved was Motors Liquidation Company f/k/a General Motors Corporation. Shay Decl. ¶3-4. Therefore, General Motors LLC is not a proper party to this lawsuit.

Second, as it relates to the 2006-07 misrepresentation claims, since General Motors LLC did not exist until 2009, it could not possibly make any misrepresentations to plaintiff in connection with his purchase of the used van. More importantly, since General Motors LLC is not liable for any pre-July 10, 2009 MLC conduct, it is not a proper party to this lawsuit. Shay Decl. ¶3-4.

Finally, assuming arguendo that plaintiff served the correct manufacturing entity, the claims are otherwise barred by the statute of limitations. Simply put, plaintiff Darrel Dunsmore filed his lawsuit on **July 15, 2015** for alleged damages stemming from the **December 3, 2007** incident. (See also, Exhibit A--Plaintiff's Complaint) Therefore, these claims are untimely under both California *Code of Civil Procedure* Sections 335.1 (tort) and 338(d) (fraud).

---

[1] See Exhibit A to Shay Declaration -- People v Dunsmore (unpublished opinion re the facts of the underlying litigation) which is offered for background information only. (See also, Exhibit B—to Shay Decl. Plaintiff's Complaint "Products Liability cause of action at PLD-PI-001(5) and handwritten fraud cause of action at FR-1-FR-2.).

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

## II.    OPERATIVE FACTS

1.    Plaintiff was the driver in a van versus pedestrian criminal incident on December 3, 2007. (Exhibit A--Shay Decl. ¶1).

2.    Plaintiff Darrel Dunsmore filed the instant action on July 15, 2015. (Exhibit B--Shay Decl. ¶2).  The operative Complaint list three defendants; namely, Lobel , Viking and General Motors Corporation "GMC" (manufacturer of the subject van).

3.    General Motors LLC is a corporation formed in 2009 under the laws of Delaware.  A true and correct copy of the Delaware Secretary of State's website identifying General Motors LLC is attached hereto as Exhibit "C".

4.    On July 10, 2009, General Motors LLC acquired certain assets of Motors Liquidation Company f/k/a/ General Motors Corporation following the filing of bankruptcy by General Motors Corporation in the United States Bankruptcy Court for the Southern District of New York  In acquiring these assets, General Motors LLC did not assume all of the liabilities of General Motors Corporation, but rather, only product liability claims arising out of incidents involving General Motors Corporation vehicles that occurred **after** the July 10, 2009 closing date.  (See Exhibit 1 to the Request for Judicial Notice, *In re General Motors Corp.*, (S.D.N.Y. 2011) 447 B.R. 142, 144.

## III.    LEGAL ARGUMENT

Under California *Code of Civil Procedure*  Section 430.10(f), it is essential that "a pleading set forth actionable facts relied upon with sufficient precision to inform the defendant of what plaintiff is complaining, and what remedies are being sought." (*Signal Hill Aviation Co. v. Stroppe* (1979) 96 Cal.App.3d 627, 636.)  Hence, pursuant to California *Code of Civil Procedure*, Section 430.50, a defendant may demur to any of plaintiff's individual counts, if a defect appears on the face thereof.  Specifically, California *Code of Civil Procedure* Section 430.10, provides as follows:

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

1   "The party against whom a complaint . . . has been filed may
2   object by demurrer . . . on any one or more of the following
    grounds:
3                                       * * *
    (e)  The pleading does not state facts sufficient to constitute the cause of
4   action."

5       In that regard, it is well settled that a demurrer can be used to challenge defects

6   that appear on the face of the pleading under attack, or from matters outside the

7   pleading that are judicially noticeable. (*Blank v. Kirwan* (1985) 39 C.3d 311, 318.)  In

8   fact, California *Code of Civil Procedure* Section 430.30(a) specifically authorizes the

9   court to consider, as a ground for demurrer, any matter which the court must or may

10  judicially notice. (*Evidence Code* Section 451 and 452.)  For example, in *Performance*

11  *Plastering v. Richmond American Homes of California, Inc.* (2007) 153 Cal.App.4th 659

12  the court properly took judicial notice of a court transcript regarding a settlement

13  agreement and considered their contents, even though they were outside the four

14  corners of the complaint.

15      **A.       PLAINTIFF'S CLAIMS ARE BARRED AS TO GENERAL MOTORS LLC**

16      Since General Motors LLC did not assume liability in connection with "accidents

17  or incidents" occurring before July 10, 2009, it is not a proper party to this action

18  Specifically, in 2009, the New York Bankruptcy Court oversaw and approved the sale of

19  the bankrupt General Motors Corporation's assets and assumed liabilities. In 2011, the

20  Bankruptcy Court interpreted the agreement and issued a Court Order confirming that

21  "New" GM only assumed liability for products liability claims arising <u>after</u> the "Old" GM's

22  *Bankruptcy Code* Section 363 Sale Agreement closing date (i.e. July 10, 2009).

23      In the case at bar, the subject crash involving the 2001 GMC Savana van giving

24  rise to the claims asserted by plaintiff occurred on December 3, 2007.  Hence, when

25  these parameters are applied to our facts, it is clear that "New" GM cannot be not a

26  proper party to this action because the incident pre-dates the bankruptcy.  Since this court

27  has all of the facts (within the complaint or subject to judicial notice) demonstrating this

28  lawsuit is barred against "New" GM; the demurrer should be sustained since it fails to

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

1    state facts sufficient to constitute a cause of action.  See e.g. *Carroll v. Puritan Leasing*

2    *Co.* (1978) 77 Cal. App. 3d 481, 485.

3    **B.    PLAINTIFF'S  TORT  CLAIMS  ARE  BARRED  BY  THE  APPLICABLE**

4    **STATUTE OF LIMITATION**

5    This Demurrer must be sustained without leave to amend because this action is

6    barred by the statute of limitation.  The statute of limitation for personal injuries is 2

7    years pursuant to California Code of Civil Procedure Section 335.1.   The crash

8    occurred on December 3, 2007.  The Complaint was filed on July 15, 2015.  The statute

9    has passed, and plaintiff's tort claims are time barred.

10    **C.    PLAINTIFF'S  MISREPRESENTATION  CLAIM  IS  BARRED  BY  THE**

11    **APPLICABLE STATUTE OF LIMITATION**

12    This Demurrer must be sustained without leave to amend because this action is

13    barred by the statute of limitation.   The statute of limitation for actions based on fraud

14    is 3 years pursuant to California *Code of Civil Procedure* Section 338(d).   Plaintiff

15    alleges the misrepresentations were made in connection with his purchase of the 2001

16    GMC Savana van used in 2006-2007.  (See Exhibit A--Plaintiff's Complaint handwritten

17    fraud cause of action at FR-1-FR-2.)   The Complaint was filed on July 15, 2015.  The

18    statute has passed, and plaintiff's claims are time barred.

19    **III.    CONCLUSION**

20    There is no reasonable possibility that amendment could cure the defects.  See

21    *Banis Restaurant Design, Inc. v. Serrano* (2005) 134 Cal.App.4th 1035, 1044.  Where

22    the defects in a pleading are matters of law, it is proper to sustain a demurrer without

23    leave to amend.  *Estes v. Monroe* (2004) 120 Cal.App.4th 1347, 1365.  Inasmuch as

24    General Motors LLC is not a proper party to this action, the claims asserted against

25

26

27

28

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

1  General Motors LLC must be dismissed.  As such, for the reasons set forth above, it is

2  respectfully requested that this court sustain this demurrer with prejudice as to General

3  Motors LLC.

4

5  DATED:  September _25_, 2015                BOWMAN AND BROOKE LLP

6

7                                          By:

8                                              Anthony S. Thomas
                                               David C. Shay
9                                              Attorneys for Defendant
                                               GENERAL MOTORS LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

**DECLARATION OF DAVID C. SHAY**

I, David C. Shay, declare as follows:

I am an attorney at law licensed to practice within the State of California and I am an associate attorney with the law firm of Bowman and Brooke, LLP attorneys of record for General Motors, LLC.  This declaration is submitted in support of General Motors LLC's demurer  in this action, which was filed in the Superior Court of the State of California, County of Solano, Case No. FCS045638

1.    This litigation stems from a van versus pedestrian crash that occurred on or about December 3, 2007 (plaintiff was subsequently convicted of attempted voluntary manslaughter after the van was used to run over his victim).  Attached hereto as Exhibit A is a true and correct copy of the *People v Dunsmore* unpublished appellate opinion which is offered for information concerning plaintiff's underlying criminal conviction concerning the subject van.

2.    The operative Complaint was filed on July 15, 2015 and mailed to General Motors LLC. Attached hereto as Exhibit B is a true and correct copy of Plaintiff's Complaint as served on General Motors LLC.

3.    General Motors LLC is a corporation formed in 2009 under the laws of Delaware.  A true and correct copy of the Delaware Secretary of State's website identifying General Motors LLC is attached hereto as Exhibit "C.".

.    4.    On July 10, 2009, General Motors LLC acquired certain assets of Motors Liquidation Company f/k/a/ General Motors Corporation following the filing of bankruptcy by General Motors Corporation in the United States Bankruptcy Court for the Southern District of New York  In acquiring these assets, General Motors LLC did not assume all of the liabilities of General Motors Corporation, but rather, only product liability claims arising out of incidents involving General Motors Corporation vehicles that occurred **after** the July 10, 2009 closing date.  (See Exhibit 1 to the Request for Judicial Notice, *In re General Motors Corp.*, (S.D.N.Y. 2011) 447 B.R. 142, 144

12617395v3

10

1    5.    At this time, the parties have not been able to resolve the jurisdictional
2    issues set forth in the motion without judicial intervention.   General Motors LLC has
3    been unable to secure contact information for plaintiff, who is a prisoner.

4        I declare under penalty of perjury under the laws of the State of California that
5    the foregoing is true and correct.

6        Executed this  _25_  day of September, 2015 at Torrance, California.

7

8

9                                DAVID C. SHAY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GENERAL MOTORS LLC'S DEMURRER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DAVID C. SHAY; AND [PROPOSED] ORDER

1   BOWMAN AND BROOKE LLP
    Anthony S. Thomas (SBN: 149284)
2   David Shay (SBN: 241702)
    970 West 190th Street, Suite 700
3   Torrance, CA  90502
    Telephone: (310) 768-3068
4   Facsimile:  (310) 719-1019

5   Attorneys for Defendant GENERAL MOTORS LLC

6

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    FOR THE COUNTY OF SOLANO

9
    DARREL DUNSMORE,                    )    CASE NO.:  FCS  045638
10                                      )
                   Plaintiff,           )    Assigned to:  Harry S. Kinnicutt
11                                      )    Department: 3
         vs.                           )
12                                      )    REQUEST FOR JUDICIAL NOTICE IN
13  GMC, LOBEL VIKING et. al            )    SUPPORT OF DEMURRER TO
                                        )    PLAINTIFF'S COMPLAINT AND MOTION
14                 Defendants.          )    TO STRIKE
                                        )
15                                      )

16                                           Date:      January 5, 2016
                                             Time:      9:30 a.m.
17                                           Dept.:     3

18                                           Action Filed:   July 15, 2015

19       TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

20       Pursuant to *Evidence Code* §452(a), General Motors LLC hereby requests that the

21  court take judicial notice of the following:

22       1.  *In re General Motors Corp.*, (S.D.N.Y. 2011) 447 B.R. 142  ("interpreting liabilities

23  purchased by New GM").

24       DATED:  September __25__, 2015       BOWMAN AND BROOKE LLP

25

26

27                                           By:
                                                 Anthony S. Thomas
                                                 David C. Shay
28                                               Attorneys for Defendant
                                                 GENERAL MOTORS LLC

    12629833v1                        1
    DEFENDANT GENERAL MOTORS LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
        DEMURRER TO PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE

# EXHIBIT 1

447 B.R. 142
United States Bankruptcy Court,
S.D. New York.

In re MOTORS LIQUIDATION COMPANY, et
al., f/k/a General Motors Corp., et al., Debtors.

No. 09–50026(REG).   |   Jan. 5, 2011.

**Synopsis**
**Background:** Purchaser of assets of bankrupt automobile
manufacturer that had filed for Chapter 11 relief moved to
enforce terms of sales order to bar products liability claims
against it by user of car manufactured by debtor.

**[Holding:]** The Bankruptcy Court, Robert E. Gerber, J.,
held that purchaser, in agreeing to assume liability only
for products liability claims "aris[ing] directly out of death,
personal injury or other injury to Persons or damage to
property caused by accidents or incidents first occurring on
or after the Closing Date," did not assume liability for death
of motorist who was killed due to accident that predated its
closing on the purchase of assets, though it was not until after
closing date that motorist died.

Motion granted.

West Headnotes (4)

**[1]**   **Bankruptcy**
       ⟜ Rights and liabilities of purchasers, and
       right to purchase
Purchaser of assets of bankrupt automobile
manufacturer that had filed for Chapter 11 relief,
in agreeing to assume liability only for products
liability claims "aris[ing] directly out of death,
personal injury or other injury to Persons or
damage to property caused by accidents or
incidents first occurring on or after the Closing
Date," did not assume liability for death of
motorist who was killed due to accident that
predated its closing on the purchase of assets,
though it was not until after closing date that
motorist died; motorist's death was not separate

"incident" that first occurred after closing, but
consequence of "accident or incident" that
predated closing.

Cases that cite this headnote

**[2]**   **Bankruptcy**
       ⟜ Rights and liabilities of purchasers, and
       right to purchase
Under rule against construing contract so as
to render any contract term mere surplusage,
term "incidents," as used in provision of master
sales and purchase agreement where purchaser
of bankrupt automobile manufacturer's assets
agreed to assume liability only for products
liability claims "aris[ing] directly out of death,
personal injury or other injury to Persons or
damage to property caused by accidents or
incidents first occurring on or after the Closing
Date," could not be construed in such a way that
it always covered same thing as "accidents," but
had to be construed as having been put there
for a reason, because it added something to the
liability that purchaser assumed in at least some
circumstances.

Cases that cite this headnote

**[3]**   **Contracts**
       ⟜ Language of Instrument
Under the "noscitur a sociis" canon of contract
construction, a word is known by the company it
keeps, and words grouped in list should be given
related meaning.

3 Cases that cite this headnote

**[4]**   **Bankruptcy**
       ⟜ Rights and liabilities of purchasers, and
       right to purchase
Term "incidents," as used in provision of master
sales and purchase agreement in which purchaser
of bankrupt automobile manufacturer's assets
agreed to assume liability only for products
liability claims "aris[ing] directly out of death,
personal injury or other injury to Persons or
damage to property caused by accidents or
incidents first occurring on or after the Closing

Date," could not be interpreted in such a way as to render purchaser liable for the post-closing consequences, such as victim's eventual death, of accident that predated closing date, as this would read the terms "first occurring" out of this assumption-of-liability provision; rather, term had to be construed in manner consistent with the preceding term "accidents," as broadening the liability assumed to include claims relating to fires, explosions, or other definite events that, like "accidents," caused injuries and resulted in right to sue.

Cases that cite this headnote

**Attorneys and Law Firms**

*143 Weil, Gotshal & Manges LLP, By: Stephen Karotkin, Esq. (argued), Harvey R. Miller, Esq., Joseph H. Smolinsky, Esq., New York, NY, for General Motors, LLC.

Barry Novack, By: Barry Novack, Esq. (argued), Beverly Hills, CA, for Plaintiff Sanford Deutsch.

Norris McLaughlin & Marcus, PA, By: Melissa Peña, Esq., New York, NY, Local Counsel for Sanford Deutsch.

**Opinion**

**DECISION ON NEW GM'S MOTION TO ENFORCE SECTION 363 ORDER WITH RESPECT TO PRODUCT LIABILITY CLAIM OF ESTATE OF BEVERLY DEUTSCH**

ROBERT E. GERBER, Bankruptcy Judge.

In this contested matter in the chapter 11 case of Motors Liquidation Company (formerly, General Motors Corp., and referred to here as "Old GM") and its affiliates, General Motors LLC ("New GM") seeks a determination from this Court that New GM did not assume the liabilities associated with a tort action in which a car accident took place before the date ("Closing Date") upon which New GM acquired the business of Old GM, but the accident *144 victim died thereafter.[1] The issue turns on the construction of the documents under which New GM agreed to assume liabilities from Old GM—which provided that New GM would assume liabilities relating to "accidents or incidents"

"first occurring on or after the Closing Date"—and in that connection, whether a liability of this character is or is not one of the types of liabilities that New GM thereby agreed to assume.

Upon consideration of those documents, the Court concludes that the liability in question was not assumed by New GM. However, if a proof of claim was not previously filed against Old GM with respect to the accident in question, the Court will permit one to be filed within 30 days of the entry of the order implementing this Decision, without prejudice to rights to appeal this determination.

The Court's Findings of Fact and Conclusions of Law in connection with this determination follow.

*Findings of Fact*

In June 2007, Beverly Deutsch was severely injured in an accident while she was driving a 2006 Cadillac sedan. She survived the car accident, but in August 2009, she died from the injuries that she previously had sustained.[2]

In January 2010, the Estate of Beverly Deutsch, the Heirs of Beverly Deutsch, and Sanford Deutsch (collectively "Deutsch Estate") filed a Third Amended Complaint against New GM (and others) in a state court lawsuit in California (the "Deutsch Estate Action"), claiming damages arising from the accident, the injuries which Beverly sustained, and her wrongful death. The current complaint superseded the original complaint in the Deutsch Estate Action, which was filed in April 2008, before the filing of Old GM's chapter 11 case.

In July 2009, this Court entered its order (the "363 Sale Order") approving the sale of Old GM's assets, under section 363 of the Bankruptcy Code, to the entity now known as New GM. The 363 Sale Order, among other things, approved an agreement that was called an Amended and Restated Master Sale and Purchase Agreement (the "MSPA").

The MSPA detailed which liabilities would be assumed by New GM, and provided that all other liabilities would be retained by Old GM. The MSPA provided, in its § 2.3(a)(ix), that New GM would not assume any claims with respect to product liabilities (as such term was defined in the MSPA, "Product Liability Claims") of the Debtors except those that "arise directly out of death, personal injury or other injury

to Persons or damage to property caused by *accidents or incidents* first occurring on or after the Closing Date [July 10, 2009] ..."[3] Thus, those Product Liability Claims that arose from "accidents or incidents" occurring before July 10, 2009 would not be assumed by New GM, but claims arising from "accidents or incidents" occurring on or after July 10, 2009 would be.

Language in an earlier version of the MSPA differed somewhat from its final language, as approved by the Court. Before its amendment, the MSPA provided *145 for New GM to assume liabilities except those caused by "accidents, incidents, *or other distinct and discrete occurrences*."[4]

The 363 Sale Order provides that "[t]his Court retains exclusive jurisdiction to enforce and implement the terms and provisions of this Order" and the MSPA, including "to protect the Purchaser [New GM] against any of the Retained Liabilities or the assertion of any ... claim ... of any kind or nature whatsoever, against the Purchased Assets."[5]

### Discussion

[1] The issue here is one of contractual construction. As used in the MSPA, when defining the liabilities that New GM would assume, what do the words "accidents or incidents," that appear before "first occurring on or after the Closing Date," mean? It is undisputed that the accident that caused Beverly Deutsch's death took place in June 2007, more than two years prior to the closing. But her death took place after the closing. New GM argues that Beverly Deutsch's injuries arose from an "accident" and an "incident" that took place in 2007, and that her death did likewise. But the Deutsch Estate argues that while the "accident" took place in 2007, her death was a separate "incident"—and that the latter took place only in August 2009, after the closing of the sale to New GM had taken place.

Ultimately, while the Court respects the skill and fervor with which the point was argued, it cannot agree with the Deutsch Estate. Beverly Deutsch's death in 2009 was the *consequence* of an event that took place in 2007, which undisputedly, was an accident and which also was an incident, which is a broader word, but fundamentally of a similar type. The resulting death in 2009 was not, however, an "incident[] first occurring on or after the Closing Date," as that term was used in the MSPA.

As usual, the Court starts with textual analysis. The key provision of the MSPA, § 2.3(a)(ix), set forth the extent to which Product Liability Claims were assumed by New GM. Under that provision, New GM assumed:

> (ix) all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), *which arise directly out of death, personal injury or other injury to Persons or damage to property caused by accidents or incidents first occurring on or after the Closing Date and arising from such motor vehicles' operation or performance* (for avoidance of doubt, Purchaser shall not assume or become liable to pay, perform or discharge, any Liability arising or contended to arise by reason of exposure to materials utilized in the assembly or fabrication of motor vehicles manufactured by Sellers and delivered prior to the Closing Date, including asbestos, silicates or fluids, regardless of when such alleged exposure occurs).[6]

The key words, of course, are "accidents" and "incidents," neither of which are defined anywhere else in the MSPA, and whose interpretation, accordingly, must *146 turn on their common meaning and any understandings expressed by one side to the other in the course of contractual negotiations. Also important are the words "first occurring on or after the Closing Date," which modify the words "accidents" and "incidents," and shed light on the former words' meaning.

The word "accidents," of course, is not ambiguous. "Accidents" has sufficiently clear meaning on its own, and in any event its interpretation is not subject to debate, as both sides agree that Beverly Deutsch's death resulted from an accident that took place in 2007, at a time when, if "accidents" were the only controlling word, liability for the resulting death would not be assumed by New GM. The ambiguity, if

In re Motors Liquidation Co., 447 B.R. 142 (2011)

any, is instead in the word "incidents," which is a word that by its nature is more inclusive and less precise.

But while "incidents" may be deemed to be somewhat ambiguous, neither side asked for an evidentiary hearing to put forward parol evidence as to its meaning. Though it is undisputed that "incidents" remained in the MSPA after additional words "or other distinct and discrete occurrences," were deleted, neither side was able, or chose, to explain, by evidence, why the latter words were dropped, and what, if any relevance the dropping of the additional words might have as to the meaning of the word "incidents" that remained. The words "or other distinct and discrete occurrences" could have been deleted as redundant, to narrow the universe of claims that were assumed, or for some other reason. Ultimately, the Court is unable to derive sufficient indication of the parties' intent as to the significance, if any, of deleting the extra words.

So the Court is left with the task of deriving the meaning of the remaining words "accidents or incidents" from their ordinary meaning, the words that surround them, canons of construction, and the Court's understanding when it approved the 363 Sale as to how the MSPA would deal with prepetition claims against Old GM. Ultimately these considerations, particularly in the aggregate, point in a single direction—that a death resulting from an earlier "accident [ ] or incident[ ]" was not an "incident[ ] first occurring" after the closing.

Starting first with ordinary meaning, definitions of "incident" from multiple sources are quite similar. They include, as relevant here,[7] "an occurrence of an action or situation felt as a separate unit of experience";[8] "an occurrence of an action or situation that is a separate unit of experience";[9] "[a] discrete occurrence or happening";[10] "something that happens, especially a single event";[11] "a definite and separate occurrence; an event";[12] or, as proffered by the Deutsch Estate, "[a] separate *147 and definite occurrence: EVENT."[13] In ways that vary only in immaterial respects, all of the definitions articulate the concept of a separate and identifiable event. And, and of course, from words that follow, "arising from such motor vehicles' operation or performance," the event must be understood to relate to be one that that involves a motor vehicle. Accidents, explosions or fires all fit comfortably within that description. Deaths or other consequences that result from earlier accidents, explosions or fires technically might fit as well, but such a reading is much less natural and much more strained.

Turning next to words that surround the words "accidents or incidents," these words provide an interpretive aid to the words they modify. The word "incident[ ]" is followed by the words "first occurring." In addition to defining the relevant time at which the incident must take place (i.e., after the closing), that clause inserts the word "first" before "occurring." That suggests, rather strongly, that it was envisioned that some types of incidents could take place over time or have separate sub-occurrences, or that one incident might relate to an earlier incident, with the earliest incident being the one that matters. Otherwise it would be sufficient to simply say "occurring," without adding the word "first." This too suggests that the consequences of an incident should not be regarded as a separate incident, or that even if they are, the incident that first occurs is the one that controls.

[2]    Canons of construction tend to cut in opposite directions, though on balance they favor New GM. The Deutsch Estate appropriately points to the canon of construction against "mere surplusage," which requires different words of a contract or statute to be construed in a fashion that gives them separate meanings, so that no word is superfluous.[14] The Court would not go as far as to say that the words "accident" and "incident" cannot *ever* cover the same thing—or, putting it another way, that they *always* must be different.[15] But the Court agrees with the Deutsch Estate that they cannot *always* mean the same thing. "Incidents" must have been put there for a reason, and should be construed to add something in at least some circumstances.

[3]    But how different the two words "accidents" and "incidents" can properly be understood to be—and in particular, whether "incidents" can be deemed to separately exist[16] when they are a foreseeable consequence, or are the resulting injury, *148 from the accidents or incidents that cause them—is quite a different matter. A second canon of construction, *noscitur a sociis*," provides that "words grouped in a list should be given related meaning."[17] Colloquially, "a word is known by the company it keeps ..."[18] For instance, in *Dole*, in interpreting a phrase of the Paper Work Reduction Act, the Supreme Court invoked *noscitur a sociis* to hold that words in a list, while meaning different things, should nevertheless be read to place limits on how broadly some of those words might be construed. The *Dole* court stated:

[t]hat a more limited reading of the phrase "reporting and recordkeeping requirements" was intended derives some further support from the words surrounding it. The traditional canon of construction, *noscitur a sociis*, dictates that words grouped in a list should be given related meaning. [19]

Here application of the canon against surplusage makes clear, as the Deutsch Estate argues, that "incidents" must at least sometimes mean something different than "accidents"—but application of that canon does not tell us when and how. The second canon, *noscitur a sociis*, does that, and effectively trumps the doctrine of surplusage because it tells us that "accidents" and "incidents" should be given related meaning.

The Deutsch Estate argues that the Court should construe a death resulting from an earlier "accident" or "incident" to be a separate and new "incident" that took place at a later time. But ultimately, the Court concludes that it cannot do so. While it is easy to conclude that "accidents" and "incidents," as used in the MSPA, will not necessarily be the same in all cases, they must still be somewhat similar. "Incidents" cannot be construed so broadly as to cover what are simply the consequences of earlier "accidents" or other "incidents."

Applying *noscitur a sociis* in conjunction with the canon against "mere surplusage" tells us that the two words "accidents" and "incidents" must be understood as having separate meanings in at least some cases, but that these meanings should be conceptually related. At oral argument, the Court asked counsel for New GM an important question: if an "incident" would not necessarily be an "accident," what would it be? What would it cover? Counsel for New GM came back with a crisp and very logical answer; he said that "incident" would cover a situation where a car caught fire or had blown up, or some problem had arisen by means other than a collision. [20]

**\*149** Conversely, the interpretation for which the Deutsch Estate argues—that "incidents" refers to *consequences* of earlier accidents or incidents—is itself violative or potentially violative, of the two interpretive canons discussed above. It is violative of *noscitur a sociis*, since a death or other particular injury is by its nature distinct from the circumstance—collision, explosion, fire, or other accident or incident—that causes the resulting injury in the first place. The Deutsch Estate interpretation also tends to run counter to the doctrine against mere surplusage upon which the Deutsch Estate otherwise relies, making meaningless the words "first

occurring" which follow the words "accidents or incidents," in any cases where death or other particular injury is the consequence of an explosion, fire, or other non-collision incident that causes the resulting injury.

**[4]** The simple interpretation, and the one this Court ultimately provides, is that "incidents," while covering more than just "accidents," are similar; they relate to fires, explosions, or other definite events that *cause* injuries and *result* in the right to sue, as contrasted to describing the *consequences* of those earlier events, or that relate to the resulting damages.

Finally, this Court's earlier understanding of the purposes of New GM's willingness to assume certain liabilities of Old GM is consistent with the Court's conclusion at this time as well. When the Court approved GM's 363 Sale, this Court noted, in its opinion, that New GM had chosen to broaden its assumption of product liabilities. [21] The MSPA was amended to provide for the assumption of liabilities not just for product liability claims for motor vehicles and parts delivered after the Closing Date (as in the original formulation), but also, for "all product liability claims arising from *accidents or other discrete incidents* arising from operation of GM vehicles occurring subsequent to the closing of the 363 Transaction, regardless of when the product was purchased." [22] As reflected in the Court's decision at the time, the Court understood that New GM was undertaking to assume the liabilities for "accidents or other discrete incidents" that hadn't yet taken place.

Finally, the Deutsch Estate notes another interpretative canon, that ambiguities in a contract must be read against the drafter. [23] If the matter were closer, the Court might consider doing so. [24] But the language in question is not that ambiguous, **\*150** and the relevant considerations, fairly decisively, all tip in the same direction. While it cannot be said that the Deutsch Estate's position is a frivolous one, the issues are not close enough to require reading the language against the drafter.

### Conclusion

The Deutsch Estate's interpretation of "accident or incident" is not supportable. Thus, the Debtor's motion is granted, and the Deutsch Estate may not pursue this claim against New GM. [25] New GM is to settle an order consistent with this

opinion. The time to appeal from this determination will run from the time of the resulting order, and not from the date of filing of this Decision.

## Footnotes

1    Technically speaking, the motion is denominated as one to Enforce the 363 Sale Order, which protects New GM from liabilities it did not assume. The Court here speaks to the motion's substance.

2    There is no contention by either side that her death resulted from anything other than the earlier accident.

3    Amended Master Sale and Purchase Agreement, at § 2.3(a)(ix) (as modified by First Amendment) (emphasis added).

4    Amended Master Sale and Purchase Agreement, at § 2.3(a)(ix) (prior to modification by First Amendment) (emphasis added) (typographical error corrected).

5    363 Sale Order ¶ 71.

6    Amended Master Sale and Purchase Agreement, at § 2.3(a)(ix) (as modified by First Amendment) (emphasis added).

7    The word "incident" has other meanings, in other contexts, which most commonly follow definitions of the type quoted here. Particularly since the definition proffered by the Deutsch Estate is so similar to the others, the Court does not understand either side to contend that definitions of "incident" in other contexts are relevant here.

8    Webster's Third New International Dictionary Unabridged (1993) at 1142.

9    Merriam–Webster's Collegiate Dictionary (11th ed. 2003) at 629.

10   Black's Law Dictionary (8th ed. 2004) at 777.

11   Encarta Dictionary: English (North America), http://encarta. msn.com/encnet/features/dictionary/dictionaryhome.aspx (query word "incident" in search field).

12   American Heritage College Dictionary (4th ed. 2004) at 700.

13   Deutsch Estate Reply Br. at 4 (quoting Webster's II New College Dictionary (1999) at 559).

14   *See, e.g., Sprietsma v. Mercury Marine,* 537 U.S. 51, 63, 123 S.Ct. 518, 154 L.Ed.2d 466 (2002) (a statute's preemption clause, which applied to "a [state or local] law or regulation" did not preempt common law tort claims, because if "law" were read that broadly, it might also be interpreted to include regulations, which would render the express reference to "regulation" in the preemption clause superfluous). *See also Gustafson v. Alloyd Co.,* 513 U.S. 561, 574, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995) ("*Alloyd* ") (in statutory construction context, "the Court will avoid a reading which renders some words altogether redundant.").

15   As previously noted, "incident" is a word that is inherently broader than "accident." Every accident could fairly be described as an incident. But not every incident could fairly be described as an accident.

16   It is important to note that to prevail on this motion, the Deutsch Estate must show that the alleged "incident" that is the resulting death was a wholly separate "incident." Even if the death took place after the Closing Date, if the death was an incident that was part of an earlier incident, it could not be said to be "*first* occurring" after the Closing Date.

17   *Dole v. United Steelworkers of America,* 494 U.S. 26, 36, 110 S.Ct. 929, 108 L.Ed.2d 23 (1990).

18   *Alloyd,* 513 U.S. at 575, 115 S.Ct. 1061 (applying *noscitur a sociis* in context of statutory interpretation).

19   *Dole,* at 36, 110 S.Ct. 929. (internal quotations and citations omitted) (emphasis in original). *See also Massachusetts v. Morash,* 490 U.S. 107, 114–15, 109 S.Ct. 1668, 104 L.Ed.2d 98 (1989) (quoting *Schreiber v. Burlington Northern Inc.,* 472 U.S. 1, 8, 105 S.Ct. 2458, 86 L.Ed.2d 1 (1985)); *Alloyd,* 513 U.S. at 575, 115 S.Ct. 1061 ("This rule we rely upon to avoid ascribing to one word a *meaning so broad that it is inconsistent with its accompanying words,* thus giving unintended breadth to the Acts of Congress." (emphasis added) (internal quotation marks deleted)).

20   Counsel for New GM answered:

   Now, what's the difference between an accident or an incident, if it were relevant with respect to product liability claims? And I think there's an easy answer. You could have a car accident. Or you could have a car catching on fire; that's not necessarily an accident; that's an incident. Or a car could blow up with someone in the car. Or something else could happen; some other malfunction could cause a fire or injury to someone, not an accident with another vehicle necessarily; or an accident where you ran off the road. So I think that's easily explained.

   Transcript, at 31.

21   *See In Re General Motors Corp.,* 407 B.R. 463, 481–82 (Bankr.S.D.N.Y.2009). *appeal dismissed and aff'd,* 428 B.R. 43 (S.D.N.Y.2010), and 430 B.R. 65 (S.D.N.Y.2010).

22   *Id.* (emphasis added and original emphasis deleted)

23  *See Jacobson v. Sassower*, 66 N.Y.2d 991, 993, 499 N.Y.S.2d 381, 489 N.E.2d 1283 (N.Y.1985) ("In cases of doubt or ambiguity, a contract must be construed most strongly against the party who prepared it, and favorably to a party who had no voice in the selection of its language"); *Cf. Aetna Casualty & Surety Co. v. General Time Corp.*, 704 F.2d 80, 85 (2d Cir.1983) ("Since the insurer is assumed to have control over drafting the contract provisions, it is fair to hold it responsible for ambiguous terms, and accord the insured the benefit of uncertainties which the insurer could have, but failed to clarify").

24  In that event, the Court would then have to consider the specifics of the negotiating environment at the time. The Deutsch Estate was of course not a party to those negotiations at all. But there was little in the record at the time of the 363 Sale, and there is nothing in the record now, as to who, if anybody, had control over the drafting of any MSPA terms.

25  Under the circumstances, however, since the Deutsch Estate's issues were fairly debatable and plainly raised in good faith, the Court will provide the Deutsch Estate with 30 days from the resulting order to file a claim against Old GM if it has not already done so, without prejudice to its underlying position and any rights of appeal.

---

**End of Document** © 2014 Thomson Reuters. No claim to original U.S. Government Works.

1

**PROOF OF SERVICE**
*CCP 1013A(3)*

2

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, California 90502.

5

6

On **September 28, 2015** I served the foregoing document described as **DEFENDANT GENERAL MOTORS LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE** on all interested parties in this action by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

7

8

9

**SEE ATTACHED SERVICE LIST**

10

☒   **BY MAIL (CCP §1013(a) and §2015.5):** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Gardena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing.

11

12

13

14

15

☐   **BY OVERNIGHT DELIVERY/NEXT DAY DELIVERY (CCP §1013(a) and §2015.5):** I sealed such document(s) in separate envelopes for each addressee and deposited each for collection by mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an express service carrier, or delivered to an authorized courier or driver authorized by the U.S. Postal Service or an express service carrier to receive documents, with delivery fees paid or provided for.

16

17

18

19

☐   **BY FACSIMILE (CRC 2.306 and §2015.5):** The document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed on the attached service/mailing list and the transmission(s) reported as complete and without error. The facsimile machine I used complied with the California Rules of Court, Rule 2.306(g), and no error was reported by the machine. Pursuant to CRC, Rule 2.306(g), I caused the facsimile machine to print a transmission(s) record, a true and correct copy of which is attached hereto.

20

21

22

23

Executed on **September 28, 2015**, at Torrance, California.

24

☒   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25

26

27

_Joyce T. Matsuoka_

28

12629833v1

2

DEFENDANT GENERAL MOTORS LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE

1

**Service/Mailing List**

2

3

**DARREL DUNSMORE v. GENERAL MOTORS LLC et.al**
Solano County Superior Court Case No.: FCS5045638

4

5   Darrel Dunsmore                          **Plaintiff in Pro Per**
    AD 6237 G-2-224,
6   P.O. Box 2000
    Vacaville, CA 95696
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12604911v1

United States Bankruptcy Court
Southern District of New York

In re:                                                              Case No. 09-50026-reg
Motors Liquidation Company                                          Chapter 11
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0208-1         User: lnulty          Page 1 of 7           Date Rcvd: Nov 18, 2015
                             Form ID: pdf001       Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 20, 2015.
5976035        +Dale Earnhardt, Inc.,   1675 Dale Earnhardt Highway #3,   Mooresville, NC 28115-8330

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
unk          Darryl Dunsmore
                                                                      TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 20, 2015                         Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 18, 2015 at the address(es) listed below:
          ALEJANDRO  ALERS, JR   on behalf of Interested Party   General Motors LLC alalersjr@att.net
          Abigail M. Stempson   on behalf of Interested Party   State of Nebraska, Attorney General's
          Office jalyn.wurm@nebraska.gov
          Adam J. Levitt,   on behalf of Plaintiff John  Morgenstein
          tbibby@gelaw.com;cnevers@gelaw.com;jtangren@gelaw.com
          Alan R. Brayton   on behalf of Attorney   Brayton Purcell LLP bankruptcy@braytonlaw.com
          Alexander H. Schmidt   on behalf of Interested Party   ABC Flooring, Inc. schmidt@whafh.com
          Andrea  Sheehan   on behalf of Creditor   Carrollton Farmers Branch Independent School  District
          sheehan@txschoollaw.com,  coston@txschoollaw.com
          Andrew C. Kassner   on behalf of Creditor    Automotive Component Carriers LLC
          andrew.kassner@dbr.com
          Andrew K. Glenn   on behalf of Defendant   BBT Fund LP aglenn@kasowitz.com,
          courtnotices@kasowitz.com
          Andrew P. Propps   on behalf of Interested Party   Wells Fargo Bank Northwest, N.A., as agent for
          the TPC Lenders apropps@sidley.com,  emcdonnell@sidley.com
          Angela  Ferrante   on behalf of Claims and Noticing Agent   GCG, LLC
          PACERTeam@gardencitygroup.com,  debra.wolther@gcginc.com
          Aric  Wu   on behalf of Trustee   Wilmington Trust Company awu@gibsondunn.com,
          GGillett@gibsondunn.com
          Arthur Jay Steinberg   on behalf of Interested Party   General Motors LLC asteinberg@kslaw.com,
          sdavidson@kslaw.com;jasher@kslaw.com
          Austin L. McMullen   on behalf of Creditor   Knowledge Learning Corporation amcmullen@babc.com
          Barbara S Mehlsack   on behalf of Creditor   International Union of Operating Engineers ("IUOE")
          and IUOE Locals 101, 18s, 832s bmehlsack@gkllaw.com
          Barry A. Weprin   on behalf of Plaintiff Donna M. Trusky bweprin@milberg.com
          Barry M. Kazan   on behalf of Creditor   Stanley Black & Decker, Inc.
          Barry.Kazan@ThompsonHine.com,  Docket@thompsonhine.com
          Barry M. Lasky   on behalf of Unknown   Atlas Technologies, Inc. BMLPC@aol.com
          Barry N. Seidel   on behalf of Plaintiff   Motors Liquidation Company GUC Trust
          seidelb@dicksteinshapiro.com,  nybankruptcydocketing@dicksteinshapiro.com
          Benjamin Rosenblum   on behalf of Defendant   The Ad Hoc Group of Term Lenders
          brosenblum@jonesday.com
          Benjamin P. Deutsch   on behalf of Creditor   Ad Hoc Committee of Consumer Victims of General
          Motors bdeutsch@schnader.com
          Brendan M. Scott   on behalf of Defendant   Phoenix Edge SRS-Multi-Sector Fixed Income Series
          bscott@klestadt.com
          Bruce R. Zirinsky   on behalf of Defendant   DbX  Risk Arbitrage 1 Fund, Lyxor/Paulson
          International Fund Limited, Paulson Enhanced Ltd., Paulson International Ltd., Paulson Partners
          Enhanced, L.P., and Paulson Partners L.P. zirinskyb@gtlaw.com
          Bruce R. Zirinsky   on behalf of Defendant   Drawbridge DSO Securities LLC zirinskyb@gtlaw.com
          Bruce W. Hoover   on behalf of Interested Party   The Quaker Oats Company
          bhoover@goldbergsegalla.com,  jsymack@goldbergsegalla.com;rbraden@goldbergsegalla.com
          Carol A. Felicetta   on behalf of Creditor   Barnes Group Inc. cfelicetta@reidandriege.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
           Carol E. Momjian    on behalf of Creditor    Commonwealth of Pennsylvania, Department of Revenue
            cmomjian@attorneygeneral.gov
           Christopher K. Kiplok    on behalf of Unknown    Medianews Group, Inc. kiplok@hugheshubbard.com
           Colin T Bowen    on behalf of Defendant    City of Oakland Police & Fire Retirement System
            cbowen@oaklandcityattorney.org
           Cynthia Jordan Lowery    on behalf of Creditor    Hagemeyer, N.A. cynthialowery@mvalaw.com
           Daniel Edelson    on behalf of Plaintiff Donna M. Trusky daniel.edelson@kattenlaw.com
           Daniel J Hornal    on behalf of Unknown Celestine  Elliott daniel@taloslaw.com,
            peller@law.georgetown.edu
           Daniel L. Keller    on behalf of Unknown    Keller, Fishback & Jackson LLP dkeller@kflegal.com
           Daniel W. Linna, Jr.    on behalf of Interested Party    General Motors LLC dlinna@honigman.com
           David  Molton    on behalf of Unknown    The People of the State of California, acting by and
            through Orange County District Attorney Tony Rackauckas
            hsteel@brownrudnick.com;acarty@brownrudnick.com;MJackson@brownrudnick.com;acunningham@brownrudnic
            k.com
           David A. Rosenzweig    on behalf of Attorney    Fulbright & Jaworski LLP
            david.rosenzweig@nortonrosefulbright.com,
            melinda@loevy.com;blake@loevy.com
           David B. Wheeler    on behalf of Creditor    Hagemeyer, N.A. davidwheeler@mvalaw.com
           David G. Aelvoet    on behalf of Creditor    Bexar County sanantonio.bankruptcy@publicans.com
           David G. Ebert    on behalf of Unknown    Shepardson Stern & Kaminsky, LLC (SS&K)
            debert@ingramllp.com,  mtajika@ingramllp.com
           David Henry Hartheimer    on behalf of Interested Party    Clarcor, Inc.
            dhartheimer@wilkauslander.com
           David J Cohen    on behalf of Unknown Karen  Bloom dcohen@k&wlaw.net,  dcohenlaw@comcast.net
           David N. Crapo    on behalf of Interested Party    J.D. Power and Associates dcrapo@gibbonslaw.com
           David R. Berz    on behalf of Debtor    Motors Liquidation Company gregory.bailey@weil.com
           David S. Jones    on behalf of Defendant    United States Department of Treasury
            david.jones6@usdoj.gov
           Dawn R. Copley    on behalf of Creditor    Johnson Controls, Inc. dcopley@dickinsonwright.com,
            dnavin@dickinsonwright.com
           Deborah L. Fish    on behalf of Creditor    Overhead Conveyor Company dfish@allardfishpc.com
           Debra A. Kowich    on behalf of Creditor    Board of Regents of The University of Michigan
            dkowich@umich.edu
           Denis  Dice    on behalf of Defendant    DE-SEI Institutional Investment Trust - High Yield Bond
            Fund dcdice@mdwcg.com
           Dennis J. Connolly    on behalf of Interested Party    Autoliv ASP, Inc. dconnolly@alston.com
           Dennis J. Drebsky    on behalf of Unknown    Aspen Insurance UK Limited ddrebsky@nixonpeabody.com,
            nyc.managing.clerk@nixonpeabody.com;apabon@nixonpeabody.com;cfong@nixonpeabody.com
           Dennis Jay Raterink    on behalf of Creditor    Michigan Funds Administration
            raterinkd@michigan.gov,  bannisters@michigan.gov
           Dianna  Lyons    on behalf of Interested Party    Kazan McClain Asbestos Claimants
            dlyons@kazanlaw.com
           Dominic J. Picca    on behalf of Unknown Dale  Earnhardt, Inc. dpicca@mintz.com,
            Docketing@mintz.com
           Donald F. Baty, Jr.    on behalf of Debtor    Motors Liquidation Company dbaty@honigman.com
           Douglas B. Rosner    on behalf of Creditor    767 Fifth Partners LLC drosner@goulstonstorrs.com
           Douglas Gregory Blankinship    on behalf of Creditor Lisa  Phaneuf gblankinship@fbfglaw.com
           Eamonn  O'Hagan    on behalf of Attorney    Hilliard Munoz Gonzales LLP and Thomas J. Henry Injury
            Attorney eohagan@goodwinprocter.com
           Edward  Smith    on behalf of Creditor    Camino Real Chevrolet, Inc. easmith@venable.com,
            NYBankruptcyDocketing@venable.com
           Edward A. Friedman    on behalf of Defendant    Aurelius Investment LLC efriedman@fklaw.com,
            vgarvey@fklaw.com;jshaw@fklaw.com
           Edward F. Haber    on behalf of Defendant    Reams City of Montgomery Alabama Employees Retirement
            System ehaber@shulaw.com,  filing@shulaw.com;mblauner@shulaw.com;pvalley@shulaw.com
           Elihu  Inselbuch    on behalf of Attorney    Caplin & Drysdale, Chartered eb@capdale.com
           Elizabeth  Weller    on behalf of Creditor    Cameron County dallas.bankruptcy@publicans.com,
            evelyn.palmer@lgbs.com
           Elizabeth K. Flaagan    on behalf of Creditor    Oxbow Carbon & Minerals LLC
            elizabeth.flaagan@faegrebd.com,  carol.wildt@faegrebd.com,brad.dempsey@faegrebd.com
           Elliot  Moskowitz    on behalf of Defendant    Arrowgrass Master Fund Ltd elliot.moskowitz@dpw.com,
            ecf.ct.papers@davispolk.com
           Emil A. Kleinhaus    on behalf of Defendant    JPMorgan Chase Bank, N.A. eakleinhaus@wlrk.com,
            calert@wlrk.com
           Eric  Fisher    on behalf of Creditor Committee    Official Committee of Unsecured Creditors of
            General Motors Corporation fishere@dickteinshapiro.com,
            nybankruptcydocketing@dicksteinshapiro.com
           Eric  Fisher    on behalf of Plaintiff    Motors Liquidation Company Avoidance Action Trust
            fishere@dicksteinshapiro.com,  nybankruptcydocketing@dicksteinshapiro.com
           Eric A. Goldberg    on behalf of Unknown    Seneca Insurance Company, Inc. eg@kahngoldberg.com
           Eric Alwin Boden    on behalf of Creditor    Ad Hoc Committee of Consumer Victims of General Motors
            tclancy@schnader.com
           Eugene J. Chikowski    on behalf of Interested Party    American Express Travel Related Services
            Company, Inc. eugene.chikowski@flastergreenberg.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

          Evan J. Zucker   on behalf of Plaintiff   Motors Liquidation Company Avoidance Action Trust
            zuckere@dicksteinshapiro.com,
            nybankruptcydocketing@dicksteinshapiro.com;oneila@dicksteinshapiro.com
          Frank McGinn   on behalf of Creditor   Iron Mountain Information Management, Inc.
            ffm@bostonbusinesslaw.com
          Frank W. DiCastri   on behalf of Creditor   Webasto Roof Systems Inc. fdicastri@foley.com
          Frederick Perillo   on behalf of Creditor   International Ass'n of Machinists & Aerospace
            Workers (IAMAW) fp@previant.com
          Gary Peller   on behalf of Attorney Gary Peller peller@law.georgetown.edu
          Gary Ticoll   on behalf of Defendant   Drawbridge DSO Securities LLC ticollg@gtlaw.com
          German Yusufov   on behalf of Creditor   PIMA COUNTY pcaocvbk@pcao.pima.gov
          Gerrit M. Pronske   on behalf of Plaintiff Boyd Bryant gpronske@pronskepatel.com
          Gordon J. Toering   on behalf of Defendant   Alticor Inc gtoering@wnj.com
          Gregory Oxford   on behalf of Counter-Claimant   General Motors Company goxford@icclawfirm.com
          Gregory K. Arenson   on behalf of Unknown Kimi L. Hurst garenson@kaplanfox.com
          Gregory W. Fox   on behalf of Attorney   Hilliard Munoz Gonzales LLP and Thomas J. Henry Injury
            Attorney gfox@goodwinprocter.com
          H. Slayton Dabney, Jr.   on behalf of Unknown Patrice   Witherspoon sdabney@kslaw.com,
            rtrowbridge@kslaw.com
          Hanh V. Huynh   on behalf of Transferee   Kayson 48 Corp. hhuynh@herrick.com,
            courtnotices@herrick.com
          Harold S. Novikoff   on behalf of Defendant   JPMorgan Chase Bank, N.A. hsnovikoff@wlrk.com,
            calert@wlrk.com
          Harry A. Light   on behalf of Defendant   General Motors Corporation light@fec.net
          Harvey A. Strickon   on behalf of Unknown   Rolls-Royce plc and Rolls-Royce Corporation
            harveystrickon@paulhastings.com
          Harvey R. Miller   on behalf of Debtor   Motors Liquidation Company garrett.fail@weil.com
          Heather M. Crockett   on behalf of Defendant   State of Indiana Major Moves
            heather.crockett@atg.in.gov
          Henry A. Efroymson   on behalf of Creditor   Honeywell International Inc.
            henry.efroymson@icemiller.com
          J Eric Charlton   on behalf of Creditor   Autoport Limited echarlton@barclaydamon.com,
            rjones@barclaydamon.com
          J. Alex Kress   on behalf of Creditor   KONE, Inc. and KONE Elevators akress@becker.legal,
            jalexkress@gmail.com
          J. Casey Roy   on behalf of Interested Party   The State of Texas on Behalf of The Texas
            Department of Transportation, Motor Vehicle Division casey.roy@oag.state.tx.us
          Jacob F. Lamme   on behalf of Creditor   St. Regis Mohawk Tribe lamme@mltw.com
          James B. Helmer, Jr.   on behalf of Creditor Roger L Sanders jhelmer@fcalawfirm.com,
            wdiggs@fcalawfirm.com
          James Christopher Caldwell   on behalf of Creditor   Satterlund Supply Company
            ccaldwell@starkreagan.com
          James D. Newbold   on behalf of Interested Party   State of Illinois James.Newbold@illinois.gov
          James E. DeLine   on behalf of Creditor   AVL Americas, Inc. jed@krwlaw.com,  pal@krwlaw.com
          James E. Hough   on behalf of Defendant   Citigroup Global Markets Inc. jhough@mofo.com
          James M. Martin   on behalf of Unknown Frank L. Pugh mmllaw@swbell.net
          James Michael Lawniczak   on behalf of Creditor   Carolina Forge Company jlawniczak@calfee.com
          Jan I. Berlage   on behalf of Creditor Harold  Martin JBerlage@GHSLLP.com
          Jason A. Zweig   on behalf of Unknown   State of Arizona ex rel. Mark Brnovich, the Attorney
            General jzweig@kaplanfox.com
          Jayson B. Ruff   on behalf of Creditor   Swagelok Company jruff@mcdonaldhopkins.com
          Jeanette M. Gilbert   on behalf of Creditor   L.C. Jackson jgilbert@motleyrice.com
          Jeff Klusmeier   on behalf of Creditor   State of Missouri jeff.klusmeier@ago.mo.gov,
            Michelle.Hirschvogel@ago.mo.gov
          Jeffrey Rhodes   on behalf of Unknown   Motors Liquidation Company Avoidance Action Trust
            bankruptcy-jr@dsmo.com;canavanp@dicksteinshapiro.com
          Jeffrey C. Wisler   on behalf of Unknown   Connecticut General Life Insurance Company and related
            CIGNA entities jwisler@connollygallagher.com
          Jeffrey J. Jones   on behalf of Defendant   General Motors LLC jjjones@jonesday.com
          Jeffrey S. Sabin   on behalf of Interested Party   Deutsche Bank AG JSSabin@Venable.com
          Jeffrey S. Stein   on behalf of Claims and Noticing Agent   Garden City Group, Inc
            PACERTeam@gardencitygroup.com,  michelle.murphy@gcginc.com
          Jeffrey S. Stein   on behalf of Claims and Noticing Agent   GCG, Inc
            PACERTeam@gardencitygroup.com,  michelle.murphy@gcginc.com
          Jeffrey T. Wegner   on behalf of Creditor   Kansas City Board of Public Utilities
            jeffrey.wegner@kutakrock.com,  marybeth.brukner@kutakrock.com
          Jennifer Lauren Saffer   on behalf of Creditor   TMI Custom Air Systems, Inc.
            jlsaffer@jlsaffer.com,  vjohnson@jlsaffer.com
          Jessica Fainman   on behalf of Unknown   Barclays Bank PLC jessica.fainman@barclayscapital.com
          Joan M Blackwell   on behalf of Defendant   State of Indiana Major Moves joan.blackwell@atg.in.gov
          Joel Wertman   on behalf of Defendant   DE-SEI Institutional Investment Trust - High Yield Bond
            Fund jmwertman@mdwcg.com
          John A. Simon   on behalf of Creditor   Cooper-Standard Automotive, Inc. jsimon@foley.com
          John F. Carberry   on behalf of Creditor   Emigrant Business Credit Corp. jcarberry@cl-law.com
          John F. Kostelnik   on behalf of Unknown   Avery Dennison jkostelnik@frantzward.com
          John J. Privitera   on behalf of Creditor   St. Regis Mohawk Tribe privitera@mltw.com,
            hill@mltw.com;lamme@mltw.com
          John M. Callagy   on behalf of Defendant   J.P. Morgan Whitefriars Inc. jcallagy@kelleydrye.com

District/off: 0208-1          User: lnulty          Page 4 of 7          Date Rcvd: Nov 18, 2015
                              Form ID: pdf001        Total Noticed: 1

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

          John M. Callagy    on behalf of Defendant    JPMorgan Chase Bank, N.A. jcallagy@kelleydrye.com
          John P. Dillman    on behalf of Creditor    Angelina County houston_bankruptcy@publicans.com
          John T. Banks    on behalf of Unknown    Hidalgo County jbanks@pbfcm.com, jbanks@ecf.inforuptcy.com
          John T. Gregg    on behalf of Creditor    Continental Tire North America, Inc. jgregg@btlaw.com
          Jonathan Bradley Alter    on behalf of Unknown    Travelers Casualty and Surety Company of America
            jonathan.alter@bingham.com
          Jonathan I. Rabinowitz    on behalf of Attorney Jonathan I. Rabinowitz jrabinowitz@rltlawfirm.com,
            ypalmeri@rltlawfirm.com
          Jonathan L. Flaxer    on behalf of Interested Party    ABC Flooring, Inc. jflaxer@golenbock.com,
            eneuman@golenbock.com;mweinstein@golenbock.com
          Joon P. Hong    on behalf of Attorney    Richards Kibbe & Orbe LLP joonhong@chapman.com
          Joseph A. Dworetzky    on behalf of Plaintiff    NCR Corporation jad@hangley.com
          Joseph B. Koczko    on behalf of Unknown    Linden Development, LLC joseph.koczko@thompsonhine.com
          Joseph H. Lemkin    on behalf of Defendant    Alticor Inc jlemkin@stark-stark.com
          Joseph H. Smolinsky    on behalf of Defendant    Motors Liquidation Company
            Joseph.Smolinsky@weil.com,
            matthew.goren@weil.com;katherine.doorley@weil.com;mario.ventura@weil.com
          Joseph M. Cerra    on behalf of Creditor    Affiliated Computer Services of Spain SL
            jcerra@formanlaw.com
          Joseph N. Cordaro    on behalf of Unknown    United States Of America joseph.cordaro@usdoj.gov
          Joseph R. Sgroi    on behalf of Debtor    Motors Liquidation Company jsgroi@honigman.com
          Joshua Paul Davis    on behalf of Unknown Dori Powledge josh@thejdfirm.com,
            maria@thejdfirm.com;kelly@thejdfirm.com
          Judy B. Calton    on behalf of Attorney    Honigman Miller Schwartz and Cohn LLP
            jcalton@honigman.com
          Julianne Cutruzzula Beil    on behalf of Unknown Carolyn  Rickard jbeil@cnlawfirm.net
          Justin S. Brooks    on behalf of Unknown    Grant & Eisenhofer P.A., Baron & Budd, P.C. and the
            Cooper Law Firm as counsel for certain class action counsel jbrooks@gelaw.com
          Karon Y. Wright    on behalf of Creditor c/o Karon Y. Wright  Travis County
            karon.wright@co.travis.tx.us,  bkecf@co.travis.tx.us
          Kathleen H. Klaus    on behalf of Unknown    Mtech Associates, LLC khk@maddinhauser.com
          Ken Kansa    on behalf of Unknown    Wells Fargo Bank Northwest, N.A., as Agent to the TPC Lenders
            kkansa@sidley.com
          Kenneth Ziman    on behalf of Creditor    TPI Incorporated kziman@stblaw.com
          Kenneth C Anthony, Jr.    on behalf of Unknown Kenneth  Anthony kanthony@anthonylaw.com,
            janthony@anthonylaw.com
          Kevin Blaney    on behalf of Attorney Kevin  Blaney kblaney@kevinblaney.com,
            bmorehead@kevinblaney.com
          Kim Martin Lewis    on behalf of Interested Party    Convergys Corporation kim.lewis@dinslaw.com,
            john.persiani@dinslaw.com;lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com
          Kimberly Salomon    on behalf of Creditor Rose  Cole ksalomon@formanlaw.com
          Kirk L. Brett    on behalf of Defendant    Credit Suisse AG kbrett@dsllp.com
          Larry A. Levick    on behalf of Creditor    Affiliated Computer Services, Inc.
            levick@singerlevick.com,  croote@singerlevick.com;scotton@singerlevick.com
          Larry E. Parres    on behalf of Unknown    Leggett and Platt lparres@lewisrice.com
          Lauren Beslow    on behalf of Creditor    United Parcel Service, Inc. Lauren.Beslow@quarles.com
          Lawrence P. Eagel    on behalf of Unknown    County of Bastrop, et al. eagel@bragarwexler.com
          Leonora K. Baughman    on behalf of Creditor    City of Detroit ecf@kaalaw.com
          Leslie Levy    on behalf of Interested Party    State of Nebraska, Attorney General's Office
            leora.platte@nebraska.gov
          Lisa H. Rubin    on behalf of Trustee    Wilmington Trust Company lrubin@gibsondunn.com,
            MAO@gibsondunn.com
          Lorraine S. McGowen    on behalf of Defendant    Banca di Credito Cooperativo di Roma Societa
            Cooperativa lmcgowen@orrick.com,  dfelder@orrick.com
          Lynn M. Brimer    on behalf of Creditor    Pioneer Steel Corporation lbrimer@stroblpc.com
          Marc B. Merklin    on behalf of Creditor    FirstEnergy Corporation mmerklin@brouse.com
          Marc H. Edelson    on behalf of Plaintiff Donna M. Trusky medelson@edelson-law.com
          Marc N. Swanson    on behalf of Creditor    Kongsberg Automotive Holdings ASA
            swansonm@millercanfield.com
          Margreta Morgulas,    on behalf of Creditor    West Covina Motors, Inc. mmorgulas@okinhollander.com
          Maria A. Bove    on behalf of Unknown    Certain Class Action Plaintiffs mbove@pszjlaw.com,
            dharris@pszjlaw.com;mbove@pszjlaw.com
          Maria Elena Douvas    on behalf of Defendant    Appaloosa Investment Limited Partnership I
            mariadouvas@paulhastings.com
          Marianne Goldstein Robbins    on behalf of Creditor    International Ass'n of Machinists &
            Aerospace Workers (IAMAW) MGR@PREVIANT.COM,  MGR@PREVIANT.COM;EM@PREVIANT.COM
          Maricel E.V. Skiles    on behalf of Defendant    State of Indiana Major Moves
            maricel.skiles@atg.in.gov,  Heather.Crockett@atg.in.gov;Stephanie.Patrick@atg.in.gov
          Mark Schlachet    on behalf of Plaintiff Alante  Carpenter individually and on behalf of all
            others similarly situated mschlachet@gmail.com
          Mark E. McKane    on behalf of Plaintiff    New United Motors Manufacturing, Inc.
            mmckane@kirkland.com,  beth.friedman@kirkland.com;sarah.farley@kirkland.com
          Mark L. Brown    on behalf of Counter-Defendant    LakinChapman LLC markb@slchapman.com
          Mark P. Robinson, Jr.    on behalf of Unknown    The People of the State of California, acting by
            and through Orange County District Attorney Tony Rackauckas mrobinson@rcrlaw.net,
            beachlawyer51@hotmail.com
          Mark Russell Owens    on behalf of Creditor    Hirata Corporation of America mowens@btlaw.com,
            mowens@btlaw.com;bankruptcyindy@btlaw.com

District/off: 0208-1          User: lnulty          Page 5 of 7          Date Rcvd: Nov 18, 2015
                              Form ID: pdf001        Total Noticed: 1

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          Mark S. Frankel    on behalf of Creditor    Commercial Contracting Corporation mfrankel@couzens.com
          Mark T. Power    on behalf of Defendant    Bechtel Trust & Thrift Plan MPower@HahnHessen.com,
          jcerbone@hahnhessen.com;jzawadzki@hahnhessen.com;jorbach@hahnhessen.com;sthompson@hahnhessen.com;
          aladd@hahnhessen.com;chunker@hahnhessen.com;sgryll@hahnhessen.com
          Marshall C. Turner    on behalf of Creditor    Newport Television marshall.turner@husch.com
          Martin Krolewski    on behalf of Defendant    JPMorgan Chase Bank, N.A. mkrolewski@kelleydrye.com,
          docketing@kelleydrye.com;BankruptcyCourt@KelleyDrye.com
          Martin James Weis    on behalf of Creditor    Medco Health Solutions, Inc. weismj@dilworthlaw.com
          Marvin B. Clements, Jr.    on behalf of Creditor    Tennessee Board of Regents-Columbia State
          Community College agbankneuyork@ag.tn.gov
          Mary Kay Shaver    on behalf of Creditor    ADAC Plastics, Inc. mkshaver@varnumlaw.com
          Matthew Williams    on behalf of Unknown    Motors Liquidation Company GUC Trust
          mjwilliams@gibsondunn.com,
          sweiner@gibsondunn.com;akeats@gibsondunn.com;amoskowitz@gibsondunn.com;DFeldman@gibsondunn.com
          Matthew A Macdonald    on behalf of Unknown    Northern Trust Investments, Inc., as Named Fiduciary
          to the Central States, Southeast, and Southwest Areas Pension Fund matthew.macdonald@mto.com,
          gigi.ruegsegger@mto.com
          Matthew A. Hamermesh    on behalf of Creditor    NCR Corporation mhamermesh@hangley.com
          Matthew E. Wright    on behalf of Unknown Dolly    Walton mwright@hmdlaw1.com, tscott@hmdlaw1.com
          Matthew F. Kye    on behalf of Creditor    Heard Robins Cloud & Black LLP mkye@magnozzikye.com
          Matthew J. Riopelle    on behalf of Plaintiff    Toyota Motor Corporation mriopelle@foley.com
          Matthew K. Beatman    on behalf of Unknown    Westfalia-Automotive GMBH mbeatman@zeislaw.com
          Maureen F. Leary    on behalf of Unknown    New York State Department of Environmental Conservation
          maureen.leary@oag.state.ny.us
          Melissa Z. Neier    on behalf of Interested Party    Sonic Automotive, Inc. mneier@ibolaw.com
          Michael A. Maricco    on behalf of Creditor    Pension Benefit Guaranty Corporation efile@pbgc.gov
          Michael A. Nedelman    on behalf of Creditor    Crown Enterprises Inc. mnedelman@nglegal.com
          Michael C. Lambert    on behalf of Creditor    Compania Sud Americana de Vapores S.A.
          mclambert@lawpost-nyc.com
          Michael E. Norton    on behalf of Creditor    SSDC Services Corp. mnorton@nortonlawassociates.com
          Michael G. Cruse    on behalf of Creditor    Auma S.A. de C.V. mcruse@wnj.com, hziegler@wnj.com
          Michael J. Pendell    on behalf of Unknown    Plaintiffs mpendell@motleyrice.com
          Michael James Edelman    on behalf of Creditor    Export Development Canada
          mjedelman@vedderprice.com, ecfnydocket@vedderprice.com
          Michael K. Cross    on behalf of Defendant    Green Hunt Wedlake, Inc., as trustee for General
          Motors Nova Scotia Finance Company mcross@akingump.com
          Michael M. Krauss    on behalf of Defendant    Indiana University michael.krauss@faegrebd.com
          Michael R. Enright    on behalf of Creditor    Carrier Corporation menright@rc.com
          Michael R. Wernette    on behalf of Attorney    CIE Celaya, S.A. de C.V.
          mwernette@schaferandweiner.com
          Michael S. Davis    on behalf of Unknown    American International Specialty Lines Insurance Co.
          and other entities related to Chartis, Inc. mdavis@zeklaw.com,
          mmccarthy@zeklaw.com;rguttmann@zeklaw.com;mmillnamow@zeklaw.com
          Michael S. Etkin    on behalf of Interested Party    Plaintiff and Putative Class re: Peggy Sue
          Jones, et al. v. General Motors, LLC and Larry Darby, et al. v. General Motors, LLC and Delphi
          Automotive PLLC metkin@lowenstein.com, mseymour@lowenstein.com
          Michael S. Holmes    on behalf of Creditor    River Oaks L-M, Inc. dba Westpoint mshpclaw@gmail.com,
          mshatty@yahoo.com
          Michael T. Conway    on behalf of Creditor    Detroit Diesel Corporation
          michael.conway@leclairryan.com
          Michelle Goldis    on behalf of Unknown    Lowe's Companies, Inc. michelle.goldis@wilmerhale.com
          Michelle T. Sutter    on behalf of Creditor    Ohio Attorney General msutter@ag.state.oh.us
          N. Kathleen Strickland    on behalf of Creditor    Remy International, Inc. kstrickland@rmkb.com
          Nan E. Joesten    on behalf of Interested Party    General Motors Retiree Association
          njoesten@fbm.com
          Neil Andrew Goteiner    on behalf of Interested Party    General Motors Retiree Association
          ngoteiner@fbm.com, calendar@fbm.com;karentsen@fbm.com
          Nicholas Heath Wooten    on behalf of Unknown Dianne    Ashworth nick@nickwooten.com,
          notices@nickwooten.com;linnea@nickwooten.com
          Oren Giskan    on behalf of Plaintiff Rodolfo Fidel Mendoza ogiskan@gslawny.com
          Oscar B. Fears, III    on behalf of Creditor    Georgia Department of Revenue bfears@law.ga.gov
          Oscar N. Pinkas    on behalf of Defendant    Canadian Imperial Bank of Commerce
          oscar.pinkas@dentons.com
          Otis McGee, Jr.    on behalf of Defendant    City of Oakland Police & Fire Retirement System
          omcgeejr@oaklandcityattorney.org
          P. Warren Hunt    on behalf of Creditor    AVL Americas, Inc. pwh@krwlaw.com
          Patrick E. Mears    on behalf of Creditor    M-Heat Investors, LLC patrick.mears@btlaw.com
          Patrick G. Warner    on behalf of Plaintiff John    Morgenstein pgwarn@climacolaw.com
          Patrick J. Orr    on behalf of Unknown    MLC Asbestos PI Trust
          tklestadt@klestadt.com;kgarofalo@klestadt.com
          Patrick J. Trostle    on behalf of Debtor    Motors Liquidation Company ptrostle@jenner.com
          Paul H. Silverman    on behalf of Creditor    Class of Saturn Consumers
          PSilverman@mclaughlinstern.com
          Paul J. Pascuzzi    on behalf of Creditor    The McClatchy Company ppascuzzi@ffwplaw.com
          Paul J. Ricotta    on behalf of Creditor    Hitachi Automotive Products (USA), Inc.
          pricotta@mintz.com, docketing@mintz.com
          Peter D'Apice    on behalf of Unknown    Grant & Eisenhofer P.A., Baron & Budd, P.C. and the
          Cooper Law Firm as counsel for certain class action cases dapice@sbep-law.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

Peter  D'Apice    on behalf of Creditor    Ad Hoc Committee of Asbestos Personal Injury Claimants
  dapice@sbep-law.com
Peter Gregory Schwed    on behalf of Unknown    Deloitte Tax LLP gschwed@loeb.com,
  tcummins@loeb.com
Peter S. Partee    on behalf of Interested Party    DTE Pontiac North, LLC ppartee@hunton.com
Phillip W. Bohl    on behalf of Creditor    Willette Acquisition Corp., a/k/a Digital Technologies
  and Allied Vaughn phillip.bohl@gpmlaw.com
R. Christopher Cataldo    on behalf of Plaintiff    MCM Management Corp. ccataldo@jaffelaw.com
R. Hugh Stephens    on behalf of Creditor    Stephens & Stephens, LLP hstephens@stephensstephens.com
Renee M. Dailey    on behalf of Creditor    Georg Fischer Automotive AG renee.dailey@bgllp.com
Richard David Lane    on behalf of Defendant    DE-SEI Institutional Investment Trust - High Yield
  Bond Fund rdlane@mdwcg.com
Richard E. Kruger    on behalf of Creditor    BMW Group rkruger@jaffelaw.com
Richard L. Epling    on behalf of Creditor    Financial Engines Advisors L.L.C.
  richard.epling@pillsburylaw.com
Richard L. Ferrell    on behalf of Creditor    EnovaPremier of Michigan LLC Ferrell@taftlaw.com
Richardo I. Kilpatrick    on behalf of Creditor    City of Detroit ecf@kaalaw.com
Robert Honeywell    on behalf of Defendant    Ivy Fund Inc.-High Income Fund
  robert.honeywell@klgates.com, brian.koosed@klgates.com
Robert Sidorsky    on behalf of Creditor    A Raymond, Inc. sidorsky@butzel.com
Robert B. Weiss    on behalf of Debtor    Motors Liquidation Company rweiss@honigman.com
Robert D. Gordon    on behalf of Creditor    ATS Automation Tooling Systems, Inc.
  rgordon@clarkhill.com
Robert D. Wolford    on behalf of Creditor    Benteler Automotive Corp.
  ecfwolfordr@millerjohnson.com
Robert H. Brownlee    on behalf of Creditor c/o Robert Brownlee    Maritz Holdings Inc.
  rbrownlee@thompsoncoburn.com
Robert L. LeHane    on behalf of Creditor    LBA Realty Fund III    Company IX, LLC
  KDWBankruptcyDepartment@Kelleydrye.com;MVicinanza@ecf.inforuptcy.com
Robert T. Schmidt    on behalf of Plaintiff    Official Committee of Unsecured Creditors of Motors
  Liquidation Company, et al. rschmidt@kramerlevin.com
Robert W. Phillips    on behalf of Interested Party    Certain Mesothelioma Claimants
  rphillips@simmonscooper.com
Roland Hwang    on behalf of Unknown    Michigan Department of Energy, Labor & Economic Growth,
  Unemployment Insurance Agency hwangr@michigan.gov
Ronald Jay Smolow    on behalf of Plaintiff Donna M. Trusky ron@smolow.com, pat@smolow.com
Ronald S. Pretekin    on behalf of Creditor    Harco Manufacturing Group LLC piatt@coollaw.com
Russell Carl Babcock    on behalf of Unknown    The Estate of Kathleen Pillars, Deceased
  russellbabcock@aol.com, marylynnmcphail@yahoo.com
Ryan D. Heilman    on behalf of Attorney    BASF Corporation rheilman@schaferandweiner.com
S. Alyssa Young    on behalf of Plaintiff Barbara  Allen ayoung@leaderberkon.com
Sarah L. Prutzman    on behalf of Defendant    Citigroup Global Markets Inc. slp4@mofo.com,
  docketny@mofo.com
Sarah M. Chen    on behalf of Unknown    Praxair Distribution Inc. schen@lockelord.com,
  docket@lockelord.com
Sarah Sandok Rabinovici    on behalf of Creditor    SKF USA Inc. rabinovicis@pepperlaw.com
Scott A. Golden    on behalf of Interested Party    News America Incorporated sagolden@hhlaw.com
Scott I. Davidson    on behalf of Defendant    General Motors Co. sdavidson@kslaw.com
Scott I. Davidson    on behalf of Interested Party    General Motors LLC sdavidson@kslaw.com
Scott J. Freedman    on behalf of Attorney    Dilworth Paxson LLP sfreedman@dilworthlaw.com
Scott L. Esbin    on behalf of Transferee    Pandora Select Partners, LP
  bankruptcyinfo@esbinalter.com, bankruptcyinfo@esbinalter.com
Scott N. Brown, Jr.    on behalf of Creditor    Hamilton County Trustee snb@smrw.com
Sean E. O'Donnell    on behalf of Defendant    Green Hunt Wedlake, Inc., as trustee for General
  Motors Nova Scotia Finance Company sodonnell@akingump.com,
  nymco@akingump.com;sspector@akingump.com
Sean E. O'Donnell    on behalf of Unknown    Green Hunt Wedlake, Inc., Trustee
  sodonnell@akingump.com, nymco@akingump.com;sspector@akingump.com
Selia M Warren    on behalf of Defendant    City of Oakland Police & Fire Retirement System
  swarren@oaklandcityattorney.org
Serge  Ambroise    on behalf of Plaintiff    AFL-CIO sambroise@kjmlabor.com
Sharon L. Stolte    on behalf of Creditor    Haldex Credit Services Corp.
  sharon.stolte@stinsonleonard.com
Shaya M. Berger    on behalf of Unknown    Motors Liquidation Company GUC Trust
  bergers@dicksteinshapiro.com
Stanley B. Tarr    on behalf of Interested Party    Cellco Partnership d/b/a Verizon Wireless on
  behalf of itself and its controlled affiliates tarr@blankrome.com
Stanley B. Tarr    on behalf of Defendant    PNC Bank, National Association tarr@blankrome.com
Stephen M. Gross    on behalf of Attorney    McDonald Hopkins PLC sgross@mcdonaldhopkins.com
Stephen S. LaPlante    on behalf of Interested Party    Ford Motor Company
  laplante@millercanfield.com
Steve  Berman    on behalf of Unknown    Ignition Switch Plaintiffs steve@hbsslaw.com,
  heatherw@hbsslaw.com,carrie@hbsslaw.com
Steven A. Ginther    on behalf of Creditor    Missouri Department of Revenue sdnyecf@dor.mo.gov
Steven B. Eichel    on behalf of Defendant    Intesa Sanpaolo Private Banking SPA
  seichel@crowell.com
Steven B. Eichel    on behalf of Creditor    Winkelmann Sp. z.o.o. se@robinsonbrog.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

          Steven B. Flancher    on behalf of Interested Party    Michael A. Cox Attorney General for the
           State of Michigan flanchers@michigan.gov
          Steven B. Soll    on behalf of Unknown    Certain Class Action Plaintiffs ssoll@oshr.com,
           awilliams@oshr.com;asilverstein@otterbourg.com;swells@otterbourg.com
          Steven Harris Blatt    on behalf of Unknown    Mount Kisco Chevrolet Cadillac Hummer, Inc.
           sblatt@dealerlaw.com
          Steven J. Reisman    on behalf of Defendant    DbX  Risk Arbitrage 1 Fund, Lyxor/Paulson
           International Fund Limited, Paulson Enhanced Ltd., Paulson International Ltd., Paulson Partners
           Enhanced, L.P., and Paulson Partners L.P. sreisman@curtis.com,
           cgiglio@curtis.com;jdrew@curtis.com;mgallagher@curtis.com
          Steven J. Reisman    on behalf of Defendant    DbX - Risk Arbitrage 1 Fund, HFR MA Strategic Master
           Trust, Institutional Benchmarks Series (Master Feeder) Ltd., Lyxor/Paulson International Fund
           Limited, Paulson Enhanced Ltd., et al. sreisman@curtis.com,
           cgiglio@curtis.com;jdrew@curtis.com;mgallagher@curtis.com
          Steven M. Bierman    on behalf of Unknown    WELLS FARGO BANK, N.A. sbierman@sidley.com,
           emalin@sidley.com;emcdonnell@sidley.com
          Steven R. Montgomery    on behalf of Creditor    J.B. Hunt Transport Services, Inc.
           smontgomery@rawle.com
          Stewart D Aaron    on behalf of Defendant    Kynikos Opportunity Fund II LP
           stewart.aaron@aporter.com
          Stuart A. Krause    on behalf of Interested Party    Toyota Tsusho America, Inc. skrause@zeklaw.com
          Susan Jennik    on behalf of Plaintiff    AFL-CIO sjennik@kjmlabor.com,
           smiller@kjmlabor.com;dpaul@kjmlabor.com
          Susan M. Cook    on behalf of Creditor    Knight Facilities Management, Inc. smcook@lambertleser.com
          Susan R. Katzoff    on behalf of Creditor    Niagara Mohawk Power Corporation, d/b/a National Grid
           skatzoff@barclaydamon.com, lmcrobbie@barclaydamon.com
          Thomas B. Radom    on behalf of Creditor    Gates de Mexico SA de CV radom@butzel.com
          Thomas E. Coughlin    on behalf of Creditor    MCM Management Corp. tcoughlin@jaffelaw.com
          Thomas J. Schank    on behalf of Creditor    John N. Graham, Trustee for the Bankruptcy Estate of
           High Tech Packaging, Inc. tomschank@hunterschank.com
          Thomas M. Kennedy    on behalf of Plaintiff    AFL-CIO tkennedy@kjmlabor.com,
           sjennik@kjmlabor.com;sambroise@kjmlabor.com
          Thomas P. Sarb    on behalf of Creditor    Benteler Automotive Corp. ecfsarbt@millerjohnson.com
          Thomas W. Schouten    on behalf of Creditor    Ridgeview Industries, Inc. tschouten@dunnsslaw.com
          Todd S Garber    on behalf of Creditor Lisa  Phaneuf tgarber@fbfglaw.com
          Tonya A. Trumm    on behalf of Creditor    Jefferson Wells International, Inc.
           tatrumm@michaelbest.com, safonte@michaelbest.com
          Trent P. Cornell    on behalf of Interested Party    General Motors National Retiree Association,
           Over The Hill Car People, LLC tcornell@pedersenhoupt.com
          Victor J. Mastromarco, Jr.    on behalf of Unknown Gerald  Haynor vmastromar@aol.com
          Victor J. Mastromarco, Jr.    on behalf of Creditor    Pillars, Estate of Kathleen Pillars,
           Deceased vmastromar@aol.com
          Victoria D. Garry    on behalf of Creditor    Ohio Attorney General vgarry@ag.state.oh.us
          Wendy S. Walker    on behalf of Creditor    A.P. Moller-Maersk A/S wwalker@morganlewis.com
          Whitney L. Mosby    on behalf of Defendant    Manual Transmissions of Muncie, LLC
           wmosby@binghammchale.com
          William P. Weintraub    on behalf of Attorney    Hilliard Munoz Gonzales LLP and Thomas J. Henry
           Injury Attorney wweintraub@goodwinprocter.com, gfox@goodwinprocter.com
          Yolanda M. Humphrey    on behalf of Creditor    Tomball Independent School District
           houbank@pbfcm.com, tpope@pbfcm.com
          c/o Robert Brownlee  Maritz Holdings Inc.    rbrownlee@thompsoncoburn.com
                                                                              TOTAL: 301