

November 30, 2015

**VIA E-MAIL AND ECF**

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

      RE:   *In re Motors Liquidation Company, et al.*
              **Case No. 09-50026 (REG)**

              **Plaintiffs' Letter Brief in Support of Form of Proposed Judgment**

Dear Judge Gerber:

      The Ignition Switch Plaintiffs,[1] Non-Ignition Switch Plaintiffs, Post-Closing Accident Plaintiffs, and the States of Arizona and California ("**Plaintiffs**") submit this letter in support of their Proposed Judgment for this Court's November 9, 2015 *Decision on Imputation, Punitive Damages, and Other No-Strike and No-Dismissal Pleadings Issues* ("**Decision**") (ECF #13533).[2] Despite good faith efforts, Plaintiffs and New GM are unable to agree on the content of the Proposed Judgment.

      **1.**    **Plaintiffs' Proposed Judgment.**

      Plaintiffs' approach is simply to follow both the ordering and the *actual language* of the Decision as closely as possible. Specifically, Plaintiffs' Proposed Judgment begins with general principles relating to imputation and punitive damages, addresses the four general contexts (personal injuries in Post-Sale accidents involving Old GM-manufactured vehicles, personal injuries in Post-Sale accidents involving New GM-manufactured vehicles, non-Products Liabilities claims, and Retained Liabilities), and then expressly addresses particular allegations in marked pleadings.

      This approach ensures the faithful rendition of the precise rulings contained in the Decision and facilitates the ability of litigants and courts around the country to review the Decision and judgment in tandem, permitting a full and accurate review. In addition to following the specific structure of the Decision, Plaintiffs' Proposed Judgment implements each of the Decision's rulings. For example, if a paragraph in a particular complaint was determined by this Court to be in violation of the April 2015

---

[1]    Capitalized terms have the same meanings as those assigned to them in the Decision.

[2]    Plaintiffs' Proposed Judgment annotated with references to the Decision is attached hereto as **Exhibit A**.

Decision and June 1, 2015 Judgment, but other paragraphs of that same complaint expressly were determined not to be in violation, both are included, rather than only what is in violation (or only what is permissible). Likewise, Plaintiffs' Proposed Judgment does not go outside the four corners of the Decision to include discussions or selective interpretations of this Court's prior rulings.

Finally, unlike New GM's proposed form of judgment, Plaintiffs Proposed Judgment accurately captures this Court's conclusion that it had fulfilled its necessary gatekeeper role resulting in the Decision, and it is now the job of non-bankruptcy courts to apply the Judgment. See Decision at 14 ("The Court believes that it is sufficient that this Court state the principles under which imputation is permissible . . . and that there is nothing wrong with another court applying those principles to particular allegations in individualized contexts."); see also id. at 17, 43. Thus, Plaintiffs' Proposed Judgment makes clear that "complaints amended in compliance with this Judgment may be filed in the non-bankruptcy courts with jurisdiction over them, without violating any automatic stay or injunction or necessitating further Bankruptcy Court approval to file same." Plaintiffs' Proposed Judgment at ¶ 69.

This approach is also consistent with general principles of preclusion, and avoids the massive inefficiency and delay New GM seems to invite in its proposed judgment by seeking to have this Court retain (or assume) jurisdiction beyond its already-fulfilled gatekeeper role. This is discussed more below, along with Plaintiffs' additional specific objections to New GM's proposed judgment.

## 2.    **New GM's Proposed Judgment.**

New GM's proposed judgment contains three basic infirmities that are contrary to the Decision. First, New GM introduces language and concepts that are absent from the Decision. Second, it purports to tell (or suggest to) other courts how they should rule on important issues within their province.[3] Third, it sets forth an improper process by taking post-gatekeeping functions away from non-bankruptcy courts. These points are exemplified by the following objectionable paragraphs:

- Paragraph 3: This paragraph is misleading as it suggests imputation is limited to Product Liability Claims. It should be stricken (or replaced with an actual discussion of what this Court ruled, such as in the second sentence of Plaintiffs' Proposed Judgment at paragraph 1). Specifically, imputation has little to do with Assumed Liabilities, because they were contractually assumed. By conflating concepts New GM's proposed paragraph makes little sense.

- Paragraph 4: This paragraph adds language and concepts that are nowhere found in the Decision (e.g. "*relevant* to *viable* Independent Claims"; "imputation . . . can occur *only if*..."). This language suggests that this Court has said more than it has as to the *sort* of knowledge an New GM (former Old GM) employee must have as a predicate for imputation, and/or that this Court set forth a process for how non-bankruptcy courts should apply the imputation rulings whereas no such process is

---

[3]    The first and second infirmities are reflected in New GM's choice not to follow the ordering of the Decision and to combine various rulings. This leads to imprecision and makes it harder to review the Judgment and Decision together.

contained in the Decision. Instead, the Decision makes clear that it is for "nonbankruptcy courts [to] determin[e]" whether Plaintiffs' allegations "warrant findings of imputation." Decision at 3.

- Paragraph 5: This paragraph does not precisely track language from the Decision and provides the wrong impression that the Judgment is supposed to detail precise instructions to non-bankruptcy courts about how to impute knowledge to New GM, or how or when to admit evidence concerning imputed or inherited knowledge, when in fact the contrary is true. The Decision makes clear that imputation is very fact-specific, and in some cases could even be automatic.

- Paragraph 6: This paragraph is problematic insofar as it references the preceding paragraphs. This Court did not instruct other courts about how to decide imputation issues. The paragraph should be replace with actual language of the Decision: "[This Court] has ruled simply that allegations of imputation to New GM premised on the knowledge of New GM employees, or documents in New GM's files, get through the bankruptcy court gate. After that, issues as to the propriety of imputation in particular contexts in particular cases are up to the judges hearing those cases." Decision at 38.

- Paragraph 7: The first sentence of this paragraph is incorrect as nothing in the Decision provides that assumed Product Liabilities are limited only to compensatory damages. The Decision excludes only claims for punitive damages from the assumed Product Liability claims. The third sentence inaccurately suggests that, if a Plaintiff has an Assumed Product Liability claim against New GM, that Plaintiff may not *also* have an Independent Claim for punitive damages against New GM. Hence, the third sentence is contrary to the Court's holdings about Independent Claims.

- Paragraph 8: By referring to "viable Independent Claims" repeatedly in this paragraph, New GM misleadingly suggests that "viability" is a threshold issue, rather than something squarely in the province of non-bankruptcy courts.

- Paragraph 9: Plaintiffs submit that this entire paragraph should be stricken because it is not part of the Judgment, and mischaracterizes the Court's holdings. Moreover, the paragraph is confusing insofar as the first sentence uses capitalized terms that are not found in and were not part of the Decision. Specifically, there is no definition in the Decision for Non-Ignition Switch Plaintiffs or Pre-Closing Accident Plaintiffs.

- Paragraph 10: Neither the second sentence nor anything similar appears anywhere in the Decision and should be stricken.

- Paragraph 11: The vague reference to "similar phrases" should be stricken, as it does not appear in the Decision. Also, the Decision does not reference the MDL or State Complaints here, and the MDL and State Complaints do not use the referenced terminology. The inclusion of the MDL and State Complaints in the list of complaints in this paragraph is confusing and misleading.

- Paragraph 12:  New GM's characterization of how and when the terms "GM" or "GM-branded vehicles" may be used distorts the Decision.  It would be more accurate to quote the Decision's discussion that reference to GM-branded vehicles is appropriate "when the context is clear that they can refer only to New GM – and where they do not, by words or implication, blend periods during which vehicles were manufactured by Old GM, on the one hand, and New GM, on the other." Decision at 45.

- Paragraph 14:  Paragraph 14 misstates the Decision in two ways.  First, while the Decision mentions fraud and consumer protection claims by name as not among the Assumed Liabilities, Decision at 39, it does not mention constructive fraud, fraudulent concealment, fraudulent misrepresentation, and negligent misrepresentation.  Further, Paragraph 14 omits the Court's key distinction that fraud and consumer protection claims "are not for 'death' or 'personal injury,'" id., in contrast to a claim under Restatement §402B—"Misrepresentation by Seller" which this Court held *is* a Products Liability claim and therefore an Assumed Liability. Id. at 64.  Second, Paragraph 14 wrongfully omits that the Decision states that claims based on fraud or consumer protection statutes are permissible bases for Independent Claims.

- Paragraph 17:  The second sentence is *dicta* that does not belong in a Judgment, and is also plainly inaccurate insofar as the Decision noted disagreements between certain Plaintiffs and New GM over the subjects in that sentence, and did not adopt as holdings New GM's positions.  Decision at 52.  Moreover, the Decision is silent about the claims of other Plaintiffs.

- Paragraph 18:  The lead-in "unless otherwise set forth herein" is misleading and confusing given the earlier paragraphs about imputation in which New GM's proposed Judgment improperly suggests that this Court has set forth the standards governing non-bankruptcy courts' determination of whether imputation is made out under non-bankruptcy law.

- Paragraph 19:  Paragraph 19 incorrectly seeks to compel the dismissal of the entire Adams Complaint, although the allegations in the Adams Complaint are not limited to fraud claims or claims of fraudulent concealment.  Further, New GM appears to blur the distinction between, on the one hand, a duty to notify the plaintiffs of the bar date, a duty that this Court determined that New GM did not have, and, on the other hand, any claims for damages flowing from New GM's alleged failure to promptly recall vehicles with the Ignition Switch Defect.  The Decision does not compel dismissal or prevent the Adams plaintiffs from filing amended complaints that, among other things, assert claims for damages resulting from missing the bar date.

- Paragraph 20:  The last sentence misleadingly suggests that no claims may arise from the sale of vehicles that were Certified Pre-Owned by New GM.  The claim that New GM falsely or misleading "certified" that a given vehicle was free from known defects and/or in good working order is a paradigmatic Independent Claim.

- Paragraph 21-22: These paragraphs fail to address the paragraphs that were deemed permissible under the Decision.  Further, Paragraph 22 mischaracterizes paragraph 19 of the Arizona complaint which the Decision found as partially proper.

- Paragraphs 24, 26 and 28: The language "New GM is not the successor to Old GM" does not appear in the Decision in this context, and is misleading and should be stricken.

- Paragraph 25: Here, and in other places (such as Paragraph 27), New GM's proposed judgment adds language prefaced with "for the avoidance of doubt," which is not found in the Decision.  In fact, the language following the preface in Paragraph 25 (which reads "[f]or the avoidance of doubt, claims referred to in this section shall not be asserted by Plaintiffs in Old GM vehicles without the Ignition Switch Defect and/or Pre-Closing Accident Plaintiffs against New GM") illustrates New GM's imprecision:  there is not even a definition of Pre-Closing Accident Plaintiffs in the Decision.

- Paragraphs 32 and 33: New GM seeks to add to the Judgment a finding that this Court has continuing "exclusive" jurisdiction to construe or enforce the Judgment and Decision.  Notably, though, this Court did *not* reserve exclusive jurisdiction.  Rather, it squarely and repeatedly put the ball (appropriately) in the court of non-bankruptcy judges to evaluate the merits of the complaints under the principles set forth in the Decision; at best, the paragraph is needlessly ambiguous.  The second sentence of Paragraph 33 should be stricken because the Decision did not purport to dictate the procedures under which amended complaints could be filed in Article III or state courts (e.g., after permission from the court, or automatically). .

    Overall, New GM's proposed judgment fails to faithfully track the Decision and risks confusion and misinterpretation in its application. By contrast, Plaintiffs' Proposed Judgment adheres faithfully to this Court's Decision and should be entered by this Court.

                                                    Respectfully submitted,

 /s/ Steve W. Berman                                 /s/ Elizabeth J. Cabraser
Steve W. Berman (*pro hac vice*)                    Elizabeth J. Cabraser
HAGENS BERMAN SOBOL SHAPIRO                         LIEFF CABRASER HEIMANN &
LLP                                                 BERNSTEIN, LLP
1918 Eighth Avenue, Suite 3300                      275 Battery Street, 29th Floor
Seattle, Washington 98101                           San Francisco, California 94111

*Co-Lead Counsel in the MDL Proceeding*             *Co-Lead Counsel in the MDL Proceeding*
*for the Ignition Switch and Non-Ignition*          *for the Ignition Switch and Non-Ignition*
*Switch Plaintiffs, and Counsel for the*            *Switch Plaintiffs*
*State of Arizona and the People of the*
*State of California.*

 */s/ Edward S. Weisfelner*  
Edward S. Weisfelner  
BROWN RUDNICK LLP  
7 Times Square  
New York, New York 10036  

*Designated Counsel for the*  
*Ignition Switch and Non-Ignition Switch*  
*Plaintiffs*  

 */s/ William P. Weintraub*  
William P. Weintraub  
Gregory W. Fox  
GOODWIN PROCTER LLP  
The New York Times Building  
620 8th Avenue  
New York, New York 10018  
(212) 813-8800  

*Designated Counsel for Ignition Switch*  
*Post-Closing Accident Plaintiffs*  

 */s/ Sander L. Esserman*  
Sander L. Esserman  
STUTZMAN, BROMBERG, ESSERMAN &  
PLIFKA, P.C.  
2323 Bryan Street, Suite 2200  
Dallas, Texas 75201  

*Designated Counsel for the Ignition*  
*Switch and Non-Ignition Switch Plaintiffs*