# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

November 30, 2015

**VIA E-MAIL TRANSMISSION
AND ECF FILING**

The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

      Re:    In re Motors Liquidation Company, *et al.*
              Case No. 09-50026 (REG)

              **Letter Regarding Proposed Judgment for the
              Court's November 9, 2015** *Decision On Imputation,
              Punitive Damages, and Other No-Strike and
              No-Dismissal Pleadings Issues* **("November Decision")**[1]

Dear Judge Gerber:

      King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. We write to inform the Court that while the parties have met and conferred and exchanged drafts of a proposed judgment memorializing the conclusions contained in the November Decision, they have been unable to agree upon a consensual proposed judgment. Accordingly, attached hereto as **Exhibit "A"** is the proposed form of judgment prepared by New GM ("**New GM Proposed Judgment**"). Attached hereto as **Exhibit "B"** is an annotated version of the New GM Proposed Judgment, which includes citations to the November Decision that support individual paragraphs of the New GM Proposed Judgment. Attached hereto as **Exhibit "C"** is a mark-up of Plaintiffs' Proposed Judgment ("**Plaintiffs' Proposed Judgment**") showing (i) for sake of completeness, those portions of the November Decision that should have been included (but were not) in the Plaintiffs' Proposed Judgment; and (ii) which provisions should be revised to make them consistent with the rulings

---

[1] The November Decision is published at *In re Motors Liquidation Co.*, Case No. 09-50026, 2015 WL 6876114 (Bankr. S.D.N.Y. November 9, 2015).

Honorable Robert E. Gerber
November 30, 2015
Page 2

in the November Decision. To be clear, for the reasons set forth herein, New GM is not advocating that the Court enter the Plaintiffs' Proposed Judgment. Exhibit "C" is included to illustrate that (a) Plaintiffs' lengthier document is, in some respects, less inclusive than the New GM Proposed Judgment, and (b) the Plaintiffs' Proposed Judgment puts a gloss on the November Decision that New GM believes was never intended by the Court, and may prove to be confusing to other courts and plaintiffs reviewing it.

As support of the New GM Proposed Judgment, New GM states as follows:

1. **Form of Judgment:** The issues set forth in the Court's September 3, 2015 Scheduling Order and the Court's November Decision were meant to address the remaining issues concerning New GM's Motions to Enforce the Sale Order. In addition to MDL 2543 before Judge Furman, the November Decision clearly has application in numerous state and federal courts around the country. The November Decision is 71 pages long and contains many rulings. The New GM Proposed Judgment synthesizes the rulings by sections: first, the Imputation Issue; then, the Punitive Damages Issue; and finally, specific matters relating to complaints in general, as well as to particular lawsuits. The form of the New GM Proposed Judgment was designed to be user-friendly for other judges throughout the country so as to assist them in applying the rulings of the November Decision. It was also meant to be user-friendly to other plaintiffs so as to provide them with clearly enunciated principles to follow.

The Plaintiffs' Proposed Judgment was drafted differently and, in large part, quotes from selected sections of the November Decision. It does not seek to organize the rulings, and the end product makes an overly long and "choppy" presentation. It contains many duplicate provisions that often raise ambiguity rather than set forth clear principles, and that will not easily be applied by judges overseeing other lawsuits or by plaintiffs suing New GM in other courts. Moreover, by selectively quoting from the November Decision, the Plaintiffs' Proposed Judgment sometimes omits relevant portions that were set forth in other parts of the November Decision or in the Court's other rulings. This technique leads to an incomplete summary of the November Decision that does not properly reflect the actual rulings made (and not made) by the Court in the November Decision.

By way of two examples, *first*, the Court did not decide that Plaintiffs have viable Independent Claims. Rather, the Court ruled that the Plaintiffs' complaints made allegations that were sufficiently pled to "pass through the bankruptcy gate" such that the presiding court should decide whether Plaintiffs' complaints state a claim as a matter of non-bankruptcy law. In certain instances, the Plaintiffs' Proposed Judgment suggests that the Court made rulings as to these alleged Independent Claims more extensive than it actually did. *See, e.g.*, Plaintiffs' Proposed Judgment, footnote 3 and paragraph 56. *Second*, a significant portion of the Plaintiffs' Proposed Judgment discusses the color-coding of certain marked complaints. The color coding exercise was meant solely for this Court's convenience as an efficient way to review similar issues in various complaints, all of which were presented for this Court's review. The extensive referencing to such color-coding in Plaintiffs' Proposed Judgment will be meaningless to other courts and litigants without undertaking the burdensome (and needless) exercise of obtaining the underlying marked pleadings. A simpler presentation, as contained in the New GM Proposed

Honorable Robert E. Gerber
November 30, 2015
Page 3

Judgment, is preferable in New GM's view to provide straightforward guidance for future review and application of the November Decision.

Below, New GM analyzes the New GM Proposed Judgment and why the provisions therein are appropriate and consistent with the November Decision.

**2.    Imputation Rulings:**  The paragraphs in the New GM Proposed Judgment with respect to imputation are taken from various section of the November Decision. New GM synthesized the rulings on imputation, and put them in an easy-to-follow section so that judges and plaintiffs seeking to apply them can review a self-contained set of imputation principles.

Plaintiffs took the position during the meet and confer process that the Court did not explicitly rule that imputation must relate to a viable Independent Claim. *See* New GM Proposed Judgment, ¶ 4. But that is the underlying basis of the November Decision. Imputation relates to knowledge—and knowledge, by itself, has no relevance unless it is an element of a viable claim under nonbankruptcy law. In other words, knowledge is not a cause of action. It must be a basis for a claim, and the claim must be a valid one under applicable nonbankruptcy law before the imputation issue needs to be considered by the other courts. New GM's language is intended to eliminate any ambiguity or contrived argument that may later be raised in another court.

In a similar vein, imputation is not automatic, and there has to be a proper basis to impute knowledge under nonbankruptcy law. Plaintiffs did not want to include the phrase "to the extent valid under nonbankruptcy law" in all circumstances where it should be inserted. The omission of this clause suggests an inevitable imputation result, which is not what this Court ruled.

Footnote 1 contains an Errata point with respect to the inadvertent use of the word "Economic Loss Plaintiffs" on page 7 of the November Decision instead of "Ignition Switch Plaintiffs."

Footnote 3 defines Independent Claims as relating to Old GM Vehicles with the Ignition Switch Defect, and then clearly spells out that Independent Claims are a different concept than an Assumed Liability or a Retained Liability. This clarification is necessary so that other courts that have not participated in these proceedings understand these fundamental concepts.

**3.    Punitive Damages Rulings:**  During the meet and confer process, Plaintiffs took the position that assumed Product Liabilities could result in categories of damages other than compensatory damages, as long as they were not punitive damages. That is contrary to the November Decision.[2]  The New GM Proposed Judgment makes this point explicit in paragraph 7.

---

[2]   "New GM assumed liability for Product Liabilities claims, which (by definition) arose from accidents or incidents taking place *after* the Sale, and thereby became liable for ***compensatory damages for any Product Liabilities*** resulting from Old GM's action." November Decision, 2015 WL 6876114, at *8 n.30 (emphasis added).

Honorable Robert E. Gerber
November 30, 2015
Page 4

Under the Sale Agreement, June Judgment, and November Decision, there are only three categories of claims that can be asserted with respect to Old GM Vehicles: (a) Assumed Liabilities; (b) Retained Liabilities; and (c) Independent Claims. The November Decision is clear that there can be no punitive damages imposed against New GM for either Assumed Liabilities (specifically, Product Liabilities) or, necessarily, Retained Liabilities. Thus, the only category of claim where punitive damages could be asserted against New GM for an Old GM Vehicle is an "Independent Claim." And, the only plaintiffs that can bring an Independent Claim against New GM with respect to an Old GM Vehicle based on the Sale Order, as modified by the June Judgment, are (i) owners of vehicles with the Ignition Switch Defect bringing economic loss claims (*i.e.*, the Ignition Switch Plaintiffs) and (ii) Post-Closing Accident Plaintiffs who owned a vehicle with the Ignition Switch Defect.[3] The New GM Proposed Judgment makes this point clear in paragraphs 7-9.

On page 30 of the November Decision, the Court ruled that in pursuing punitive damages for New GM manufactured vehicles, plaintiffs can rely on anything appropriate under nonbankruptcy law. It also stated that "evidence of Old GM pre-Sale knowledge and conduct" may be used "if otherwise appropriate." New GM added the second sentence in paragraph 10 of the New GM Proposed Judgment to make clear that it is ***not*** appropriate to claim that New GM is ***liable*** for Old GM conduct, since that is explicitly prohibited by paragraph AA of the Sale Order.[4] The November Decision did not modify the Sale Order, and New GM believes it is important to make this clarification so that the Court's statements are not taken out of context. As noted, other courts and plaintiffs will look to the November Decision and this Court's Judgment with respect to cases that pass through the bankruptcy gate. It is critical that the Court's statement not be misconstrued so that a successor liability claim (dressed up to look like something else) is made against New GM based on plaintiffs assertion that they can rely on ***evidence*** of Old GM conduct to make a punitive damage claim against New GM for a New GM manufactured vehicle.

**4.    Claims in the Bellwether Complaints/MDL 2543:** The November Decision addressed New GM's argument that certain types of claims were not included within the definition of Product Liabilities, and as examples listed claims "such as fraud, negligent misrepresentation, duty to warn after the vehicle's sale, and violations of consumer protection statutes at the time of sale." November Decision, 2015 WL 6876114, at *19. The only claims that the Court stated might be assumed Product Liabilities were "alleged breaches of a duty to warn." *Id*. at *20. By negative implication, all other claims should not be included within the

---

[3]   *See* Judgment, dated June 1, 2015 [Dkt. No. 13177] ("**June Judgment**"), at ¶ 4; *see also* November Decision, 2015 WL 6876114, at *21 n. 70 ("Ignition Switch Plaintiffs asserting Economic Loss Claims may assert them [*i.e.*, Economic Loss Claims], to the extent they are Independent Claims, under the April 15 Decision and Judgment. Non–Ignition Switch Plaintiffs cannot." (emphasis added)).

[4]   The 363 Sale to New GM was "free and clear of liens, claims, encumbrances, and other interests (other than Permitted Encumbrances), including rights or claims . . . based on any successor or transferee liability, including, but not limited to . . . all claims arising in any way in connection with any agreements, acts, or failures to act, of any of the Sellers or any of the Sellers' predecessors or affiliates, whether known or unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity or otherwise, including, but not limited to, claims otherwise arising under doctrines of successor or transferee liability." Sale Order, at ¶ AA.

Honorable Robert E. Gerber
November 30, 2015
Page 5

definition of Product Liabilities, including any subset of fraud claims (such as, but not limited to, actual fraud, constructive fraud, fraudulent concealment, fraudulent misrepresentation, deceit, negligent misrepresentation, *etc.*). Paragraph 14 of the New GM Proposed Judgment expressly sets forth this ruling. Plaintiffs maintained during the meet and confer that, since this was not made explicit in the November Decision, they can raise this issue in another court, once it passes through the bankruptcy gate. New GM seeks to prevent that end-run from occurring.

      **5.**      **Claims Alleging New GM is Liable for their Failure to File Proofs of Claim:** Plaintiffs, in the meet and confer, took issue with paragraph 19 of the New GM Proposed Judgment, which provides, in part, that the *Adams* complaint should be dismissed. Plaintiffs argue that the November Decision does not prevent the *Adams* plaintiffs from filing an amended complaint. However, it is undisputed that the *Adams* complaint concerns claims based ***only*** on accidents that took place prior to the closing of the 363 Sale. The November Decision, and previous decisions, orders and/or judgments of the Court, clearly provide that claims based on pre-363 Sale accidents are barred by the Sale Order, April Decision and June Judgment. Any claims the *Adams* plaintiffs may have are barred, and the judgment should so state.

      **6.**      **Peller Complaints/Other Complaints:** The portion of Plaintiffs' Proposed Judgment relating to the Peller complaints is not accurate or complete. The Other Complaints section is also not complete. The principles enunciated in these sections have application in many lawsuits throughout the country. It is important that the judgment clearly state these principles, and the New GM Proposed Judgment (unlike the Plaintiffs' Proposed Judgment) accomplishes this.

      **7.**      **Other Issues:** With respect to the penultimate paragraph of the New GM Proposed Judgment, the Plaintiffs take issue with the Court retaining "exclusive jurisdiction, to the fullest extent permissible under law, to construe or enforce the Sale Order, this Judgment, and/or the Decision on which it was based." This exact language was used in the June Judgment, and it should also be included in this judgment. Although it is difficult to foresee every circumstance in which this Court's intervention and guidance might be needed in the future, at a minimum, the November Decision stayed cases, and compliance with the Court's judgment should be heard by this Court to the extent necessary.

      The last paragraph in the Plaintiffs' Proposed Judgment regarding amendments to complaints needs to take into account that other courts (such as in MDL 2543) have stayed many of the cases independent of the ongoing bankruptcy proceedings, and those courts should control how their dockets are managed with regard to amendments of stayed actions. New GM added this provision (as modified) to the New GM Proposed Judgment.

      Based on the foregoing, New GM respectfully requests that the New GM Proposed Judgment be entered.

Honorable Robert E. Gerber
November 30, 2015
Page 6

                                                     Respectfully submitted,

                                                     */s/ Arthur Steinberg*

                                                     Arthur Steinberg

AJS/sd
Encl.

cc:    Edward S. Weisfelner
       Howard Steel
       Sander L. Esserman
       Jonathan L. Flaxer
       S. Preston Ricardo
       Matthew J. Williams
       Lisa H. Rubin
       Keith Martorana
       Daniel Golden
       Deborah J. Newman
       William Weintraub
       Steve W. Berman
       Elizabeth J. Cabraser
       Robert C. Hilliard
       Gary Peller