# EXHIBIT B

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                        :    Chapter 11
                                             :
MOTORS LIQUIDATION COMPANY, et al.,          :    Case No.: 09-50026 (REG)
       f/k/a General Motors Corp., et al.    :
                                             :
                    Debtors.                 :    (Jointly Administered)
---------------------------------------------------------------x
```

## JUDGMENT

For the reasons set forth in the Court's *Decision on Imputation, Punitive Damages, and Other No-Strike and No-Dismissal Pleadings Issues*, entered on November 9, 2015 [Dkt. No. 13533] ("**Decision**"),[1] it is hereby ORDERED AND ADJUDGED as follows:[2]

**A.    Imputation**

1.    Knowledge of New GM personnel, whenever acquired, may be imputed to New GM if permitted under nonbankruptcy law. (Decision, at 2, 65).

2.    Knowledge of Old GM personnel may not be imputed to New GM based on any type of successorship theory. (*Id*. at 16).

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Decision. For purposes of this Judgment, the following terms shall apply: (i) "**Ignition Switch Plaintiffs**" shall mean plaintiffs that have commenced a lawsuit against New GM asserting economic losses based on or arising from the Ignition Switch in the Subject Vehicles (each term as defined in the *Agreed and Disputed Stipulations of Fact Pursuant to the Court's Supplemental Scheduling Order, Dated July 11, 2014*, filed on August 8, 2014 [Dkt. No. 12826], at 3); (ii) "**Non-Ignition Switch Plaintiffs**" shall mean plaintiffs that have commenced a lawsuit against New GM asserting economic losses based on or arising from an alleged defect, other than the Ignition Switch, in an Old GM Vehicle (as herein defined); (iii) "**Pre-Closing Accident Plaintiffs**" shall mean plaintiffs that have commenced a lawsuit against New GM based on an accident or incident that first occurred prior to the closing of the 363 Sale; and (iv) "**Post-Closing Accident Plaintiffs**" shall mean plaintiffs that have commenced a lawsuit against New GM based on an accident or incident that occurred after the closing of the 363 Sale.
The term "**Economic Loss Plaintiffs**" as used on page 7 of the Decision shall be changed to "Ignition Switch Plaintiffs."

[2] Any ruling set forth in this Judgment that refers to a particular lawsuit, complaint and/or plaintiff shall apply equally to all lawsuits, complaints and plaintiffs where such ruling may be applicable.

3.     To the extent knowledge of Old GM personnel is permitted under nonbankruptcy law to be imputed to Old GM, such knowledge may be imputed to New GM for purposes of Product Liability Claims that were assumed by New GM under the Sale Order. (*Id.* at 2-3, 65).

4.     With respect to Independent Claims,[3] knowledge of Old GM may be imputed to New GM to the extent permitted under nonbankruptcy law, if that knowledge is, under nonbankruptcy law, relevant to viable Independent Claims. (*Id.* at 16). To the extent imputation is appropriate for such viable Independent Claims, imputation of knowledge from Old GM to New GM can occur only if the fact (a) was actually known to a New GM employee (*e.g.*, because it is the knowledge of the same employee or because it was communicated to a New GM employee) (*id.* at 2-3, 16), or (b) could be ascertained from New GM's books and records, even if such documents were transferred by Old GM to New GM as part of the 363 Sale and, therefore, such documents first came into existence before the 363 Sale. (*Id.*).

5.     Imputation turns on the specifics and context of the situation and the particular purpose for which imputation is sought, and it must be based on identified individuals or identified documents. (*Id*. at 15). For causes of action where it is appropriate to impute knowledge to New GM, it is possible for such knowledge, depending on the specific circumstances, to be imputed to New GM as early as the first day of its existence, if otherwise permitted under nonbankruptcy law.[4] (*Id.* at 16)

6.     The foregoing general principles on imputation may be applied in courts other than this Court in the context of particular allegations that rely on such principles. By reason of this Court's limited gatekeeper role, this Court will not engage in further examination of whether

---

[3]  "Independent Claim" shall mean a claim or cause of action asserted against New GM relating to the Ignition Switch Defect that is based solely on New GM's own independent post-Closing acts or conduct. Independent Claims do not include (a) Assumed Liabilities, or (b) Retained Liabilities, which are any Liabilities that Old GM had prior to the closing of the 363 Sale that are not Assumed Liabilities.

[4]  Allegations in pleadings starting with "New GM knew…" or "New GM was on notice that…" are permissible.

2

particular allegations may be imputed to New GM, beyond the extent to which it has done so in the Decision and this Judgment. (*Id.* at 16).

B. **Punitive Damages and Related Issues**

7. New GM's assumption of Product Liabilities (as defined in the Sale Agreement) is limited to compensatory damages and does not include punitive damages. (*Id.* at 3, 19, 27). New GM did not contractually assume liability for punitive damages for Product Liabilities, economic loss claims, or under any other theories of recovery (by operation of law or otherwise). New GM is not liable for punitive damages for vehicles manufactured and first sold by Old GM ("**Old GM Vehicles**") if such claims are based in any way on Old GM conduct. (*Id.* at 3-4).

8. A claim for punitive damages involving an Old GM Vehicle with the Ignition Switch Defect (as defined in the April Decision) may be asserted against New GM to the extent—but only to the extent—it relates to an otherwise viable Independent Claim. (*Id.* at 65). The Court expresses no opinion on whether it is possible to state such a viable Independent Claim. Knowledge of New GM relevant to a viable Independent Claim may be based on (a) the imputation principles set forth in the Decision and this Judgment (*id.* at 27-28), and (b) information developed solely by New GM after the closing of the 363 Sale (*id.*).

9. Plaintiffs in vehicles without the Ignition Switch Defect and Pre-Closing Accident Plaintiffs have not demonstrated a due process violation with respect to the 363 Sale and, therefore, are not entitled to assert Independent Claims against New GM with respect to Old GM Vehicles. (*Id.* at 42 n.70). Thus, they may not assert punitive damages claims against New GM with respect to Old GM Vehicles. (*Id.*). To the extent such Plaintiffs have attempted to assert an Independent Claim against New GM in a pre-existing lawsuit with respect to an Old GM

3

Vehicle, such claims are proscribed by the Sale Order, April Decision and the Judgment dated June 1, 2015 [Dkt. No. 13177] ("**June Judgment**").

10. Claims of any type against New GM for compensatory and punitive damages that are based on vehicles manufactured by New GM are not affected by the Sale Order and may proceed in the nonbankruptcy court where they were brought. (*Id.* at 33-34). Except as provided in the June Judgment and the April Decision on which it was based, the provisions in the Sale Order shall remain unmodified and in full force and effect, including without limitation paragraph AA of the Sale Order, which states that, except with respect to Assumed Liabilities, New GM is not liable for Old GM's actions or inactions (*i.e.*, Old GM conduct).

**C.    Particular Allegations, Claims and/or Causes of Actions in Complaints**

11. Allegations in complaints that refer to New GM as the "successor of," a "mere continuation of," a "de facto successor of" (or similar phrases) (*id.* at 36) of Old GM are proscribed by the Sale Order, April Decision and June Judgment, and all complaints (including, but not limited to, the MDL Consolidated Complaint filed in MDL 2543, the Bellwether Complaints filed in MDL 2543, the States Complaints, the Peller Complaints and the Other Complaints) that contain such allegations are and/or remain stayed, unless and until they are amended consistent with the Decision and this Judgment. (*Id.* at 35-36).

12. Allegations in complaints (including, but not limited to, the MDL Complaint, the Bellwether Complaints, the States Complaints, the Peller Complaints and the Other Complaints) that do not distinguish between Old GM and New GM (*e.g.*, referring to "GM" or "General Motors") (*id.* at 36), or between Old GM vehicles and New GM vehicles (*e.g.,* referring to "GM-branded vehicles"), and/or assert that New GM "was not born innocent" (or any substantially similar phrase or language) (*id.* at 54 n.94) are proscribed by the Sale Order, April Decision and

4

June Judgment, and all complaints containing such allegations are and/or remain stayed, unless and until they are amended consistent with the Decision and this Judgment. Notwithstanding the foregoing, (i) the term "GM" or "GM-branded vehicles" may be used if the context is clear that it can only refer to New GM (*id.* at 45); and (ii) complaints may say, without using code words as euphemisms for imposing successor liability, or muddying the distinctions between Old GM and New GM, that New GM purchased the assets of Old GM (*id.* at 37); that New GM assumed Product Liabilities from Old GM; and that New GM acquired specified knowledge from Old GM (*id.* at 37).

13. Allegations in complaints that allege or suggest that New GM manufactured or designed an Old GM Vehicle, or performed other conduct relating to the Old GM Vehicle before the Sale Order, are proscribed by the Sale Order, April Decision and June Judgment, and all complaints containing such allegations are and/or remain stayed, unless and until they are amended consistent with the Decision and this Judgment. (*Id.* at 36 n.63).

D. **Claims in the Bellwether Complaints and MDL 2543**

14. Claims with respect to Old GM Vehicles that are based on fraud (including, but not limited to, actual fraud, constructive fraud, fraudulent concealment, fraudulent misrepresentation, negligent misrepresentation, *etc.*) and/or consumer protection statutes are not included within the definition of Product Liabilities and therefore do not constitute Assumed Liabilities. (*Id.* at 39, 55-56).

15. The Court expresses no view as to whether, as a matter of nonbankruptcy law, failure to warn claims for Old GM Vehicles are actionable against New GM, or whether New GM has a duty related thereto. (*Id.* at 40-41). A court other than this Court can make that determination for Post-Closing Accident Claims. (*Id.*).

5

16. A duty to recall or retrofit is not an Assumed Liability, and New GM is not responsible for any failures of Old GM to do so. (*Id.* at 61). But whether an Independent Claim can be asserted that New GM had a duty to recall or retrofit an Old GM Vehicle with the Ignition Switch Defect is a question of nonbankruptcy law that can be determined by a court other than this Court. (*Id.*).

17. Whether New GM had a duty, enforceable in damages to vehicle owners, to notify people who had previously purchased Old GM Vehicles of the Ignition Switch Defect is an issue that can be determined by a court other than this Court. (*Id.* at 61-62). However, it should be noted that (a) New GM's covenant in the Sale Agreement to comply with the Motor Vehicle Safety Act (as more fully set forth in Section 6.15(a) of the Sale Agreement) is not an Assumed Liability (*id.* at 41 n.67); (b) Plaintiffs in MDL 2543 have not asserted a private right of action under the Motor Vehicle Safety Act; and (c) Old GM Vehicle owners are not third-party beneficiaries under the Sale Agreement (*id.*).

18. Unless otherwise set forth herein, the determination of whether claims asserted in complaints filed by Ignition Switch Plaintiffs (including the MDL Consolidated Complaint filed in MDL 2543), or complaints filed by Post-Closing Accident Plaintiffs (including the Bellwether Complaints filed in MDL 2543) with the Ignition Switch Defect, are Independent Claims that may properly be asserted against New GM, or Retained Liabilities of Old GM, can be made by nonbankruptcy courts overseeing such lawsuits, *provided however*, such plaintiffs may not assert allegations of Old GM knowledge or seek to introduce evidence of Old GM's knowledge in support of such Independent Claims (except to the extent the Imputation principles set forth in the Decision and this Judgment are applicable). (*Id.* at 41-44).

6

**E.     Claims in Complaints Alleging New GM is Liable for Vehicle
         Owners' Failure to File Proofs of Claim Against Old GM**

19.     Claims in complaints (including, but not limited to, the MDL Consolidated Complaint and the *Adams* complaint) that allege New GM is liable for vehicle owners' failure to file proofs of claim in the Old GM bankruptcy case are barred and enjoined by the Sale Order, April Decision and June Judgment, and shall not be asserted against New GM. (*Id.* at 47-52). For the avoidance of doubt, (i) the one and only count in the *Adams* complaint, entitled "*Negligence, Gross Negligence, Recklessness and/or Fraud by Concealment of the Right to File a Claim Against Old GM in Bankruptcy*," is proscribed and the *Adams* plaintiffs are directed to dismiss the *Adams* complaint forthwith, and (ii) the counts in the MDL Consolidated Complaint, entitled "*Fraud By Concealment Of The Right To File A Claim Against Old GM In Bankruptcy*," are proscribed and the MDL plaintiffs are directed to dismiss such counts forthwith. (*Id.* at 50-52).

**F.     The States Complaints**

20.     New GM shall not be liable to the States for any violations of consumer protection statutes that took place before the 363 Sale. (*Id.* at 56). Whether New GM can be held liable to the States for New GM's sale of vehicles that post-date the 363 Sale is a matter of nonbankruptcy law that will be decided by nonbankruptcy courts overseeing such cases. To the extent nonbankruptcy law imposes duties at the time of a vehicle's sale, and if the Old GM Vehicle was first sold prior to the closing of the 363 Sale, claims premised on any breaches of such duties are barred by the Sale Order, April Decision and June Judgment. (*Id.*).

21.     With respect to the California complaint, the allegations relating to Old GM conduct in paragraphs 46-54, 58-60, 71, 95-96, 112-114, 189-190 and 200-201 violate the Sale Order, April Decision and June Judgment. (*Id.* at 54). Paragraphs 192, 195, 196, 198, 199, 203-206 and 211 do not say whether they make reference to Old GM or New GM and must be

7

clarified. (*Id.* at 54 n.93). For this and other reasons as set forth in the Decision and this Judgment, the California Action shall remain stayed until the complaint is amended as directed by the Decision and this Judgment. (*Id.* at 55).

22. With respect to the Arizona complaint, (i) the allegation in paragraph 19 that New GM "was not born innocent" is impermissible and violates the Sale Order, April Decision and June Judgment (*id.* at 54 n.94); and (ii) the allegations relating to Old GM conduct in paragraphs 92, 93, 136 and 357 violate the Sale Order, April Decision and June Judgment (*id.* at 54-55). The Arizona Action shall remain stayed until the complaint is amended as directed by the Decision and this Judgment. (*Id.* at 55).

**G.**     **The Peller Complaints**

23. With respect to the Peller Complaints, whether the claims asserted therein by Ignition Switch Plaintiffs with respect to Old GM Vehicles are Independent Claims are matters of nonbankruptcy law to be decided by nonbankruptcy courts, *provided however*, the Peller Complaints shall remain stayed unless and until they are amended with respect to Old GM Vehicles (i) to remove all allegations that are premised on Old GM conduct, (ii) to comply with the other applicable provisions of the Decision and this Judgment, and (iii) to strike any purported Independent Claims by Non-Ignition Switch Plaintiffs or Pre-Closing Accident Plaintiffs. (*Id.* at 57-60). To the extent the Peller Complaints assert claims against New GM based on New GM manufactured vehicles, such claims are not proscribed by the Sale Order, April Decision and June Judgment. (*Id.* at 59).

8

**H.     Other Complaints**

*(1)     "Failure to Recall/Retrofit Vehicles"*

24.     Obligations, if any, that New GM had to recall or retrofit Old GM Vehicles were not Assumed Liabilities, and New GM is not the successor to Old GM and is not responsible for any failures of Old GM to do so. (*Id.* at 61). But whether New GM had an independent duty to recall or retrofit previously sold Old GM Vehicles that New GM did not manufacture is a question of nonbankruptcy law. (*Id.*).

25.     The Court does not decide whether there is the requisite duty for New GM under nonbankruptcy law for such Old GM Vehicles, but allows this claim to be asserted by the Ignition Switch Plaintiffs and the Post-Closing Accident Plaintiffs (such as has been asserted by the plaintiff in *Moore v. Ross*) with the Ignition Switch Defect, leaving determination of whether this is a viable Independent Claim to the court hearing this action. (*Id.*). For the avoidance of doubt, claims referred to in this section shall not be asserted by Plaintiffs in Old GM Vehicles without the Ignition Switch Defect and/or Pre-Closing Accident Plaintiffs against New GM.

*(2)     "Negligent Failure to Identify Defects or Respond to Notice of a Defect"*

26.     Obligations, if any, that New GM had to identify or respond to defects in previously sold Old GM Vehicles were not Assumed Liabilities, and New GM is not the successor to Old GM and is not responsible for any failures of Old GM to do so. (*Id.* at 61-62). But whether New GM had an independent duty to identify or respond to defects in previously sold Old GM Vehicles that New GM did not manufacture is a question of nonbankruptcy law. (*Id.* at 62).

27.     The Court does not decide whether there is the requisite duty for New GM under nonbankruptcy law for such Old GM Vehicles, and allows this claim to be asserted by the

9

Ignition Switch Plaintiffs and the Post-Closing Accident Plaintiffs with the Ignition Switch Defect, leaving determination of whether this is a viable Independent Claim to the court hearing this action. (*Id.*). For the avoidance of doubt, claims referred to in this section shall not be asserted by Plaintiffs in Old GM Vehicles without the Ignition Switch Defect and/or Pre-Closing Accident Plaintiffs against New GM.

        *(3)*     *"Negligent Infliction of Economic Loss and Increased Risk"*

28.    Claims that New GM had a duty to warn consumers owning Old GM Vehicles of the Ignition Switch Defect but instead concealed it, and by doing so, the economic value of the Ignition Switch Plaintiffs' vehicles was diminished (such as been raised by the plaintiffs in *Elliott* and *Sesay*) were not Assumed Liabilities, and New GM is not the successor to Old GM and is not responsible for any failures of Old GM to do so. (*Id.* at 62). But whether New GM had an independent duty to warn consumers owning previously sold Old GM Vehicles that New GM did not manufacture of the Ignition Switch Defect is a question of nonbankruptcy law. (*Id.*). The Court does not decide whether there is the requisite duty for New GM under nonbankruptcy law to warn for such Old GM Vehicles with the Ignition Switch Defect, and allows this claim to be asserted by the Ignition Switch Plaintiffs to the extent, but only the extent, that New GM had an independent "duty to warn" owners of Old GM Vehicles of the Ignition Switch Defect, as relevant to situations *in which no one is alleged to have been injured* by that failure, but where the Old GM Vehicles involved are alleged to have lost value as a result. (*Id.*). Determination of whether this is a viable Independent Claim will be left to the court hearing the underlying actions. (*Id.*). For the avoidance of doubt, claims referred to in this section shall not be asserted by Non-Ignition Switch Plaintiffs and/or Pre-Closing Accident Plaintiffs against New GM.

10

*(4)    "Civil Conspiracy"*

29.    *De Los Santos v. Ortega*, in Texas state court, and the Peller Complaints in the District of Columbia, involve claims that New GM was involved "in a civil conspiracy with others to conceal the alleged ignition switch defect." Claims of this character were not Assumed Liabilities. (*Id.* at 62-63). The extent to which they might constitute Independent Claims requires a determination of nonbankruptcy law. (*Id.* at 63). This Court leaves the determination of the nonbankruptcy issue as to whether claims of this sort are actionable, with respect to vehicles previously manufactured and sold by a different entity, to the nonbankruptcy court hearing the underlying action. (*Id.*). For the avoidance of doubt, claims referred to in this section shall not be asserted by Plaintiffs in Old GM Vehicles without the Ignition Switch Defect and/or Pre-Closing Accident Plaintiffs against New GM.

*(5)    "Section 402B—Misrepresentation by Seller"*

30.    Claims based on "Section 402B-Misrepresentation by Seller" fall within the definition of assumed Product Liabilities, and such claims may be asserted against New GM, *provided however*, whether New GM is liable for such claims shall be determined by the nonbankruptcy courts overseeing such lawsuits. (*Id.* at 63-64).

*(6)    Claims Based on Pre-Closing Accidents*

31.    All claims brought by Pre-Closing Accident Plaintiffs (like the *Coleman* action in the Eastern District of Louisiana) seeking to hold New GM liable, under any theory of liability, for accidents or incidents that first occurred prior to the closing of the 363 Sale are barred and enjoined pursuant to the Sale Order, April Decision and June Judgment. (*Id.* at 64-65). The Pre-Closing Accident Plaintiffs shall not assert or maintain such claims against New GM. (*Id.*).

11

**I.      Jurisdiction**

32.     The Court shall retain exclusive jurisdiction, to the fullest extent permissible under law, to construe or enforce the Sale Order, this Judgment, and/or the Decision on which it was based.  This Judgment shall not be collaterally attacked, or otherwise subjected to review or modification, in any Court other than this Court or any court exercising appellate authority over this Court.

**J.      Amended Complaints**

33.     For the avoidance of any doubt, complaints amended in compliance with this Judgment may be filed in the non-bankruptcy courts with jurisdiction over them, without violating any automatic stay or injunction or necessitating further Bankruptcy Court approval to file same.  It will be up to the other courts (including the MDL court which has stayed many actions) to decide when it would be appropriate to file such amendments.

Dated: New York, New York
         December __, 2015

_____
UNITED STATES BANKRUPTCY JUDGE