Endorsed Order:

Denied for failure to show a *prima facie* entitlement to relief.

Dated:  New York, New York
        November 30, 2015

___s/ Robert E. Gerber_____
Honorable Robert E. Gerber
United States Bankruptcy Judge

Daryl Dunsmore
AD6257 C3A 150
Box 32200
Stockton Ca 95213.


UNITED STATES BANKRUPTY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE                              Case 09-50026 (REG)
Motors Liquidation
Company etol
Ignition switch litigation

Daryl Dunsmore
Plaintiff
        v
New GMC et al
Defendants

Motion for Relief
from stay 362(c)
(11 USCS 362(c)
Right to retrieve
Rule 2018 and
order to protect
my Rights Rule 8007(e)(2)

    Plaintiff Motions for Relief from stay
362(c) which such stay is violating plaintiffs

1 of 2

Due process rights and moves this
court to issue appropiate order to protect
my rights under Rule 8007 (2)(2) as a
real party in interest

To be heard and obtain Constitutionally
Mandated Discovery for production in
Plaintiff writ of Habeas concerning actual
innocence of which the Defendants have
knowledge of and Concealing by using
this court as a platform for immunity
of Criminal actions against a Defendant
adult

I Declare under penalty of perjury under
the laws of the state of California
11/17/15   Dd D e

2 of 2

Daryl Dunsmore
AD 6237  CJA 150
Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE
Motors Liquidation
Company et al
IGNITION Switch litigation

Case 09-50026 (REG)

Daryl Dunsmore
Plaintiff
        v
NEW GMC et al
Defendants

Table of Contents
and Authorities in
support of objection
of reply Brief

Penal code 368 (a),(b),(1),(f)  - - -   1, 2
              Contents
Motion - - -  - - - - - - - - - 4 pages
prunotender - - -  - - - - - - - - 2 pages
              Lodgments
Exhibit A
Disibility Certificates - - - - - - 3 pages
Brief Reply - - - - - - - - - - 7 pages

4/17/15 DAD
1of1

Darryl Dunsmore
AD 6237 C3A 150
Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT of NEW YORK

In Re
Motors Liquidation
Company et al
Ignition Switch Litigation

Case 09-50026 RGG

Darryl Dunsmore
Plaintiff
          v
NEW GMC et al
Defendants

Objection To
General Motors
Reply Brief Concerning
Punitive Damage awards
for Plaintiffs

This plaintiff individually and
independently objects To Defendants

1 of 4

Reply Brief arguments concerning
punitive Damage awards

First off New GMC as They refer
to them selfs are attempting to use This
Court as a platform for immunity of
Their present and Past Criminal activities
Since the Sale termed (The 363 Sale)

This plaintiffs complaint case FCS045638
Solano Superior Court Ca Complains That
if The Defendants had not Concealed The
acts of old GMC as They Continue
to do as of Date; plaintiff would
not have been wrongly Convicted in
2010 after The 363 Sale

Yet Defendants at this very moment
are useing This court and The Superior
Court of Solano To Conceal Exculpatory
Evidence That will exonerate plaintiff
Having been informed of pending proceedings
in the federal Southern District of Ca
plaintiffs writ of Habeas 001193 8PC PcL
Continue To Deprive plaintiff of
Constitutionally Mandated Discovery and
use These Courts as a platform for

2 of 4

immunity of Those criminal acts
in violation of California Penal Code
133, 134, 135

Defendants arguments fail and liability
protections were Voided The Moment They
decided To Conceal and abet The
principles Criminal actions and Misconduct
of old GMC

If They are no part of GMC actions
(old GMC) why are They providing Them
with Legal protection and argument

For New GMC Argue in its Brief
Page 10 Sec (E) That it cant be responsible
for knowledge for purported events that
took place at old GMC is unbelievable

So The Defendants claim here is
basically That if They new a Murder
occurred at old GMC and didnt tell
any one but was later caught and
found out to have knowledge Their
not criminally liable for not telling
any one

3 of 4

That's The biggest hogwash argument
I have ever heard

New GMC is responsible period They
day They became aware of The issues
They need to step up and take responsiblity
for every moment They continue to Conceal
and with hold constitutionally mandated
Discovery from This plaintiff They
should not only pay punitive Damages
to This plaintiff They should pay
trebble as well from This day forward
as This plaintiff is informing Them he
is an independant adult within The
meaning of Penal code 368 of California

I Declare under The penalty of perjury
under The laws of The state of California
is true

11/17/15          D-D-e

4 of 4

Darryl Dunsmore
AD6277 C3A 150
Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
IN RE                                    Case 09-50026 (REG)
Motors Liquidation
Company et al
IGN-t-on Switch Litigation
Darryl Dunsmore
Plaintiff
        v
New GMC etal
Defendants

Memorandum of Points
and Authorities in
Support of Objection
of Defendants Reply
Brief on Punitive
Damages

        California Penal Code 368(a)(The Legislature
finds and Declares That crimes against
elders and Dependant adults are Deserving
of special Consideration and protection

1 of 2

California Penal Code 368 (b) (1) (any Person who willfully causes to Suffer or inflicts unjustifiable physical pain and Mental Suffering) (or to be place in Situation where health is endangered) (is punishable by imprisonment for 2, 3, 4 years)

California Penal Code 368 (f) (any Person who Commits The false imprisonment of an elder or Dependant adult by use of fraud or Deceit is punishable by imprisonment for 2, 3, 4 years

The Defendants Consistantly Declare They know about The fraud, Deceit of old GMC with in The meaning of penal code 135 They've been Directly informed of that it is to be produced in an inquiry of writ of Habeas Through filings of This Court by plaintiff and his Complaint

Yet Continue to violate The law and use This court as a platform to do So causeing The false imprisonment of The plaintiff a Dependant adult

I Declare under penalty of perjury under The Laws of The state of California is true

DAD r

11/17/15   20f2

**Hearing Date: October 14, 2015, at 9:45 a.m. (Eastern Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.:  09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

## REPLY BRIEF BY GENERAL MOTORS LLC WITH RESPECT TO WHETHER PLAINTIFFS MAY SEEK PUNITIVE DAMAGES FROM GENERAL MOTORS LLC BASED ON THE CONDUCT OF GENERAL MOTORS CORPORATION

# TABLE OF CONTENTS

**Page**

ARGUMENT ...................................................................................................................1

    A.  Plaintiffs Have Not Shown That Section 2.3(a)(ix) Unambiguously Provides
        For Payment of Punitive Damages Relating to Post-Sale Accidents/Incidents ...........1

    B.  The Qualitative Differences Between Compensatory and Punitive Damages
        Demonstrate that Section 2.3(a)(ix) is Limited to Compensatory Damages.................4

    C.  Section 2.3(a)(ix) Must Be Interpreted in the Context
        Of the Entire Sale Agreement, and the Sale Order .......................................................6

    D.  Extrinsic Evidence Is Important Context For Construing Section 2.3(a)(ix) .............7

    E.  New GM Cannot Be Assessed Punitive Damages for Retained Liabilities.................10

DMSLIBRARY01\21600\162081\27080310.v2-9/22/15

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                                                        **<u>Page(s)</u>**

*Banxcorp v. Costco Wholesale Corp.,*
  723 F.Supp.2d 596 (S.D.N.Y. 2010) ................................................................ 5

*Barbagallo v. Marcum LLP,*
  820 F.Supp.2d 429 (E.D.N.Y. 2011) ................................................................ 5

*BMW of N. Am., Inc. v. Gore,*
  517 U.S. 559 (1996) ......................................................................................... 4

*Engquist v Oregon Dep't of Agriculture,*
  478 F.3d 985, 1002 (9th Cir. 2007) ............................................................. 4, 5

*Fabiano v. Philip Morris Inc.,*
  54 A.D.3d 146,150-51, 862 N.Y.S.2d 487 (2008) ........................................... 5

*Hillside Metro Assoc., LLC v. JP Morgan Chase Bank,*
  No. 10–cv–1772, 2011 WL 5008368 (E.D.N.Y. Oct, 20, 2011) ..................... 6

*Holland v. FCA US LLC,*
  1015 U.S. Dist. LEXIS 117643 (N.D. Ohio Sept. 3, 2015) .......................... 10

*Home Ins. Co. v. Am. Home Prods. Corp.,*
  75 N.Y.2d 196 (N.Y. 1990) .......................................................................... 4, 9

*Metz v. U.S. Life Ins. Co.,*
  No. 09–cv–10250, 2010 WL 3703810 (S.D.N.Y. Sept 21, 2010) .................. 6

*Soto v. State Farm Ins. Co.,*
  83 N.Y.2d 718 (N.Y. 1994) .............................................................................. 9

*State Farm Mut. Auto. Ins. Co. v. Campbell,*
  538 U.S. 408 (2003) ......................................................................................... 4

*Terwilliger v. Terwilliger,*
  206 F.3d 240 (2d Cir. 2000) ............................................................................ 6

**<u>Statutes</u>**

N.Y. Pattern Jury Instr., Civil § 2:278 ............................................................... 5

ii

General Motors LLC ("**New GM**") submits this reply brief to show that the Sale Order[1]

bars plaintiffs from asserting punitive damage claims against it based on the conduct of Motors

Liquidation Co. (f/k/a General Motors Corporation) ("**Old GM**").[2]

## ARGUMENT

**A.  Plaintiffs Have Not Shown That Section 2.3(a)(ix) Unambiguously Provides
For Payment of Punitive Damages Relating to Post-Sale Accidents/Incidents**

Plaintiffs assert that Section 2.3(a)(ix) of the Sale Agreement, addressing Assumed

Liabilities for post-363 Sale accidents/incidents, is unambiguous because it does not specifically

exclude the term "punitive damages." In fact, the opposite is true; Section 2.3(a)(ix) is

*ambiguous*, in the context of plaintiffs' argument concerning damages, precisely because there is

no specific mention of punitive damages. A negative implication argument (the omission of a

specific term such as punitive damages) rarely demonstrates unambiguity. It certainly does not

show unambiguity here since the generalized term—damages—is not even used in Section

2.3(a)(ix). In that circumstance, the Court is required to review the entirety of the Sale

Agreement to confirm that plaintiffs' proposed interpretation is consistent with the overall

Agreement and the parties' intent. Extrinsic evidence concerning the reason why the provision

was specifically amended also is relevant in these circumstances, as are the inherent differences

(including treatment in bankruptcy and public policy objectives) between compensatory damages

and punitive damages.

---

[1]  Terms used herein and not otherwise defined shall have the meanings ascribed to them in New GM's Opening Brief on the Punitive Damages Issue, dated September 13, 2015 [Dkt. No. 13437].

[2]  This Reply Brief is filed in response to (i) the *Post-Closing Ignition Switch Accident Plaintiffs' Memorandum of Law with Respect to Punitive Damages Issues*, dated September 13, 2015 [Dkt. No. 13434] ("**Post Closing Accident Plaintiffs' Brief**"), (ii) the *Joinder of the Ignition Switch Plaintiffs and Non-Ignition Switch Plaintiffs to the Post-Closing Ignition Switch Accident Plaintiffs' Memorandum of Law with Respect to Punitive Damages Issues*, dated September 13, 2015 [Dkt. No. 13436] ("**Plaintiffs' Joinder**"), and (iii) the *Brief of Plaintiffs Regarding Punitive Damages Issue*, dated September 13, 2015 (filed by the *Moore* Plaintiffs).

1

Plaintiffs alternatively argue that the Sale Agreement is unambiguous because the parties knew how to draft an exclusion for punitive damages, as they did in excluding punitive damages from the definition of "Damages" in Section 1.1 of the Sale Agreement. If anything, however, the express exclusion of punitive damages from Section 1.1 further demonstrates the parties' generalized contractual intent to exclude punitive damages caused by Old GM's conduct from the liabilities assumed by New GM. The text of the Sale Agreement, therefore, supports New GM because, if the parties had intended for New GM to assume punitive damages in connection with Assumed Liabilities, they would have expressly said so.

Indeed, in making their counter-textual argument, Plaintiffs ignore the sequence of the drafting of the respective Sale Agreement provisions. The "Damages" definition, which was intended to and did exclude punitive damages, never changed from the original version filed with the Sale Motion. Section 2.3(a)(ix) of the Sale Agreement, however, was modified just prior to the Sale Hearing for the narrow purpose of specifically addressing objections that owners of Old GM vehicles, who may become involved in post-363 Sale accidents, would not be compensated for damages arising from such accidents. Significantly, no interested party asked New GM to assume punitive damages relating to post-363 Sale accidents, and Section 2.3(a)(ix) was amended specifically to resolve the filed objections.

Plaintiffs next argue that unambiguity is shown by the defined term "Liabilities." But that term does not use the word "damages," much less "punitive damages." Even more important, the term "Liabilities" is not used as a standalone term in Section 2.3(a)(ix); it is one part of the definition "Product Liabilities." The original version of the Sale Agreement filed with the Sale Motion defined "Product Liabilities" in Section 2.3(a)(ix) as follows:

> All Liabilities (including Liabilities for negligence, strict liability, design defect, manufacturing defect, failure to warn or breach of express or implied warranties

2

DMSLIBRARY01\21600\162081\27080310.v2-9/22/15

of merchantability or fitness for a particular purpose) to third parties for death, personal injury, other injury to Persons or damage to property.[3]

In the version of the Sale Agreement approved by the Court, the definition of "Product Liabilities" in Section 2.3(a)(ix) changed as follows:

> All Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property *caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers* ("Product Liabilities"). . . (emphasis supplied)

For purpose of the punitive damages issue, the key difference between the two definitions of "Product Liability" is that the final version added the clause "caused by motor vehicles." Plaintiffs do not analyze this clause, which was intended to limit the scope of product liability claims to those where the vehicle itself was the direct cause of the alleged injury—*i.e.*, primarily as in the case of a motor vehicle accident—rather than more broadly to claims arising from the general conduct of Old GM, such as purportedly false misrepresentations giving rise to a fraud claim. Unambiguity cannot be established by an incomplete analysis which ignores a newly added clause.

The remainder of the revised Section 2.3(a)(ix), after defining "Product Liabilities," also is critically important to the scope of Product Liabilities assumed by New GM. This additional language limits Product Liabilities to those "which arise directly out of death, personal injury or other injury to Persons or damage to property caused by accidents or incidents first occurring on or after the Closing Date and arising from such motor vehicles' operation or performance . . . ." The word *directly* and the phrase *caused by accidents or incidents* (both of which are express limitations) were added after the newly defined term "Product Liabilities;" these mean that the injury from the Product Liability must be *directly* caused by the motor vehicle and *the*

---

3  In the original version, assumed Product Liabilities only related to vehicles sold by New GM.

3

09-50026-reg mg Doc 13560 Filed 12/02/15 Entered 12/03/15 00:31:06 Main Document
09-50026-reg    Doc 13460    Certificate of Notice Entered 09/24/15 11:50:30    Main Document
Pg 7 of 14

*accident/incident.* Then, another clause of limitation, *arise from such motor vehicles' operation or performance* was also added. Read together, the section means that an assumed Product Liability Claim is limited to the circumstance when an injury/damage to property is *(a) directly caused by the motor vehicle, (b) directly caused by the accident/incident, and (c) directly arises from such motor vehicle's performance/operation.* As shown in the next section, that is the essence of compensatory damages—not punitive damages.

**B.    The Qualitative Differences Between Compensatory and Punitive Damages Demonstrate that Section 2.3(a)(ix) is Limited to Compensatory Damages**

Compensatory damages are "intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct." *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 416 (2003) (citing Restatement (Second) of Torts § 903 (1979)). By contrast, punitive damages are imposed to serve two policy objectives: punishing unlawful conduct and deterring its repetition. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 568 (1996). A punitive damage award does not serve any compensatory goals. *Engquist v Oregon Dep't of Agriculture,* 478 F.3d 985, 1002, 1004 (9th Cir. 2007); *Home Ins. Co. v. Am. Home Prods. Corp.,* 75 N.Y.2d 196, 200 (1990) (punitive damages are a windfall for the plaintiff who has been made whole by compensatory damages).[4] As the Supreme Court has repeatedly cautioned: "It should be presumed a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence." *State Farm,* 538 U.S. at 418.

Compensatory damages are a property right subject to due process protections. Punitive damages are not. *See Engquist,* 478 F.3d at 1002 (because punitive damages are a discretionary,

---

[4]    The Sale Agreement (§ 9.12) provides that New York law governs if the Bankruptcy Code is not applicable.

4

moral judgment, a plaintiff's interest in punitive damages is too speculative to constitute property under the Takings Clause). As the Ninth Circuit put it: "punitive damages do not follow compensatory damages, as interest follows principal." *Id.* at 1003. Punitive damages are "never awarded as of right, no matter how egregious the defendant's conduct," in contrast to compensatory damages, which "are mandatory, once liability is found . . . ." *Id.* (citing *Smith v. Wade*, 461 U.S. 30, 52 (1983)).

Plaintiffs misconstrue the word "directly" in Section 2.3(a)(ix) of the Sale Agreement by claiming punitive damages arise directly from the injury. While it is true that if there are no compensatory damages, then there can be no punitive damages, that is as far as plaintiffs' argument can be extended.[5] Punitive damages "must be shown to be emblematic of much more than individually sustained wrong. It must be shown to reflect pervasive and grave misconduct affecting the public generally." *Fabiano v. Philip Morris Inc.*, 54 A.D.3d 146,150-51, 862 N.Y.S.2d 487, 490-91 (2008); *see also Banxcorp v. Costco Wholesale Corp.*, 723 F.Supp.2d 596, 621 (S.D.N.Y. 2010) (citing *Fabiano*); *Barbagallo v. Marcum LLP*, 820 F.Supp.2d 429, 448-49 (E.D.N.Y. 2011) (same). In other words, punitive damages are not directly tied to the injury caused by a motor vehicle accident. They address a different policy objective (punishment and deterrence) and, thus, their focus is on other issues *beyond the specific vehicle accident*.[6] Because, in contrast, Section 2.3(a)(ix) of the Sale Agreement is expressly limited to direct injuries caused by the particular operation of the motor vehicle specific to the accident or incident alleged, punitive damages cannot be included within this narrow definition.

---

[5]  Indeed, that is precisely New GM's point regarding punitive damage demands for what plaintiffs assert are Independent Claims but, in reality, are Retained Liabilities.

[6]  New York's Pattern Jury Instructions illustrate this distinction. Juries are instructed that they may consider the wrongdoer's similar conduct in other situations in order to determine the extent to which defendant's conduct was reprehensible. N.Y. Pattern Jury Instr., Civil § 2:278. Juries may also consider the wrongdoer's financial condition in determining the amount of punitive damages. *Id.*

5

C.   **Section 2.3(a)(ix) Must Be Interpreted in the Context
     Of the Entire Sale Agreement, and the Sale Order**

As the Second Circuit cautioned in *Terwilliger v. Terwilliger*, 206 F.3d 240, 245 (2d Cir.

2000), "the entire contract must be considered, and all parts of it reconciled, if possible, in order

to avoid an inconsistency." *See also Hillside Metro Assoc., LLC v. JP Morgan Chase Bank,* No.

10–cv–1772, 2011 WL 5008368, at *9 (E.D.N.Y. Oct, 20, 2011); *Metz v. U.S. Life Ins. Co.,* No.

09–cv–10250, 2010 WL 3703810, at *3 (S.D.N.Y. Sept 21, 2010).   Section 2.3(a)(ix) must

therefore be given a meaning consistent with the other provisions of the Sale Agreement.   In that

regard, Section 9.19 of the Sale Agreement is particularly relevant.   It provides:

> Except where expressly prohibited under applicable Law or otherwise expressly
> ordered by the Bankruptcy Court, upon the Closing, neither Purchaser nor any of
> its Affiliates or stockholders shall be deemed to (a) be the successor of Sellers; (b)
> have, de facto, or otherwise, merged with or into Sellers; (c) be a mere
> continuation or substantial continuation of Sellers or the enterprise(s) of Sellers;
> or (d) *other than as set forth in this Agreement, be liable for any acts or
> omission of Seller in the conduct of Sellers' business or arising under or related
> to the Purchased Assets.* Without limiting the generality of the foregoing, and
> except as otherwise provided in this Agreement, neither Purchaser nor any of its
> Affiliates or stockholders *shall be liable for any Claims against Sellers* or any of
> their predecessors or Affiliates, and neither Purchaser nor any of its Affiliates or
> stockholders shall have any successor, transferee or vicarious Liability of any
> kind or character *whether known or unknown* at the Closing, whether now
> existing or *hereafter arising*, whether fixed or contingent, *with respect to Sellers'
> business or any obligations of Sellers arising prior to the Closing . . .* (emphasis
> supplied).

This provision reflects the generalized contractual intent of the parties; that New GM was

not assuming liabilities relating to Old GM's conduct except as narrowly and explicitly set forth

in the Sale Agreement.   The failure to expressly mention punitive damages, a liability measured

by Old GM's conduct, and whose sole purpose is to punish the wrongdoer-seller and deter its

future wrongdoing, is therefore significant.   The absence of language explicitly including

punitive damages in the scope of Assumed Liabilities must be read consistently with the

contractual intent reflected by the other provisions of the Sale Agreement, which demonstrate

that New GM assumed liabilities that were as narrow and limited as commercially necessary for its' business. As shown in the next section, it would also be against public policy to do so. Plaintiffs here do not have standing to complain about this result; they are not third party beneficiaries under the plain terms of the Sale Agreement.[7]

**D.    Extrinsic Evidence Is Important Context For Construing Section 2.3(a)(ix)**

If the Court were to determine that the plain language of Section 2.3(a)(ix) and the agreement as a whole do not unambiguously exclude punitive damages, then extrinsic evidence is relevant to determining the parties' intent. Here, the extrinsic evidence is clear that New GM never agreed to assume punitive damages. *First*, it was not commercially necessary to assume that type of obligation. *Second*, Section 2.3(a)(ix) was amended to address certain objections to the 363 Sale, and no objector sought this type of relief. *Third*, punitive damages, as a subordinated claim, would never have been paid by Old GM and, thus, there was no compelling reason for Old GM to seek such a provision in the Sale Agreement, no compelling reason for the creditors who would be the future equity holders of New GM to do so, and no compelling reason for New GM to agree to pay for such an obligation.

As described in New GM's Opening Brief (*see* p. 8 n.7), this Court has repeatedly found that New GM only agreed to assume those liabilities that were commercially necessary for the operation of its new business. New GM had no reason to, and never agreed to, pay for non-compensatory awards designed to punish Old GM for its misconduct or to provide plaintiffs with a windfall recovery. Punishing New GM for Old GM conduct would have been of no

---

[7] Section 9.11 of the Sale Agreement provides: "This Agreement shall be binding upon and inure solely to the benefit of each Party hereto, and their respective permitted successors and assigns. . . . Subject to the preceding sentence, nothing express or implied in this Agreement is intended or shall be construed to confer upon or give to any Person, other than the Parties, their Affiliates, and their respective permitted successors or assigns, any legal or equitable Claims, benefits, rights or remedies of any nature whatsoever under or by reason of this Agreement."

7

commercial benefit to New GM, nor would paying plaintiffs after they had been made whole through compensatory damages. Plaintiffs have not presented any evidence that New GM intended to assume this type of obligation.

Section 2.3(a)(ix) was amended to address specific objections made to the 363 Sale by objectors that discussed the necessity of paying compensatory damages to future accident victims relating to Old GM vehicles. The objectors argued[8] that people who have not yet suffered injury or loss because of Old GM's misconduct are not creditors. Injury or loss, in that context, meant compensatory damages, not punitive damages. The objectors also argued they had a due process right to be compensated for injury or loss. Again, that meant compensatory damages, not punitive damages. No objector asserted that New GM should pay punitive damages, and Section 2.3(a)(ix) was amended to address only the specific objections that were made.

At the time of the 363 Sale, it was known to all parties that, based on the purchase price and the amount of undisputed claims against Old GM, unsecured creditors would not be paid in full and subordinated claims, such as punitive damage awards, would not be paid *anything*. There was nothing speculative about this result. These facts are all relevant to the proper interpretation of Section 2.3(a)(ix). Because claims for punitive damages would never have been paid by Old GM, New GM would have no logical reason to assume them.

Moreover, the policy objectives of punishment and deterrence are not served if Section 2.3(a)(ix) is construed to provide for New GM's assumption of punitive damages. New GM should not be punished for acts committed before it came into existence. Courts applying New York law have held that imposing punitive damages on a party who did not commit the wrongful conduct is against public policy. Specifically, New York's "public policy precludes

---

[8] *See* New GM Opening Brief on Punitive Damages, at p. 6 n.6.

DMSLIBRARY01\21600\162081\27080310.v2-9/22/15

indemnification for punitive damages." *Soto v. State Farm Ins. Co.*, 83 N.Y.2d 718, 724 (N.Y. 1994); *see also Home Ins. Co. v. Am. Home Prods. Corp.*, 75 N.Y.2d 196, 200 (N.Y. 1990) ("There is no question that the general rule, as articulated in two of our recent decisions, is that New York public policy precludes insurance indemnification for punitive damage awards, whether the punitive damages are based on intentional actions or actions which, while not intentional, amount to 'gross negligence, recklessness, or wantonness'")(citations omitted)).

In *Soto*, an insured sought to make its insurer indemnify it for punitive damages awarded in a motor vehicle accident lawsuit after the insurer refused to settle before trial. While the insurer was responsible for compensatory damages in excess of the policy limits, the New York Court of Appeals found that the insurer was not responsible for punitive damages:

> We conclude that a rule permitting recovery for excess civil judgments attributable to punitive damage awards would be unsound public policy. We have previously endorsed the "'fundamental principle that no one shall be permitted to take advantage of his own wrong.'" [citations omitted] This principle is not vitiated by the existence of an entirely separate and analytically distinct wrong on the part of the insurer. [citations omitted] . . .

*Soto*, 613 N.Y.S.2d at 724-25; *see also Home Ins. Co.*, 75 N.Y.2d at 203 ("allowing coverage serves no useful purpose since such damages are a windfall for the plaintiff who, by hypothesis, has been made whole by the award of compensatory damages'" (citations omitted)).

The assumption of liabilities in a 363 sale is analogous to an insurer's agreement to indemnify its insured. In both cases, there is an agreement on the part of a third party to be liable for claims based on the actions of another. Allowing punitive damages to be shifted from the wrongdoer to a third party nullifies the policy objectives of punitive damages and is, thus, contrary to New York public policy.

9

### E.   New GM Cannot Be Assessed Punitive Damages for Retained Liabilities

Plaintiffs' other two arguments for punitive damages related to New GM conduct are already covered in other New GM submissions.   New GM's opening imputation brief specifically addresses why New GM cannot be liable for punitive damages based on New GM's knowledge of purported events that took place at Old GM.   And the marked pleadings and accompanying letters will demonstrate that plaintiffs' alleged "Independent Claims" are actually Retained Liabilities, which plaintiffs concede are not subject to punitive damages.[9]

WHEREFORE, New GM respectfully requests that this Court: (i) find that any request for punitive damages against New GM based on Old GM conduct is barred by the Sale Order, and cannot be maintained against New GM; and (ii) direct plaintiffs in lawsuits that seek punitive damages against New GM based on Old GM conduct to withdraw their request for punitive damages.

Dated: New York, New York
September 22, 2015

Respectfully submitted,

    /s/ Arthur Steinberg
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:   (212) 556-2100
Facsimile:   (212) 556-2222

-and-

---

[9]   Plaintiffs cite to *Holland v. FCA US LLC*, 1015 U.S. Dist. LEXIS 117643 (N.D. Ohio Sept. 3, 2015), in support of their Independent Claim argument. But *Holland* is inapposite. There, the plaintiffs framed the issue as to whether New Chrysler established a sufficient relationship with Old Chrysler vehicle owners such that state law imposed an independent duty. The alleged new conduct included events that took place after the sale to New Chrysler, including: (i) New Chrysler extending warranty coverage (akin to the glove box warranty), and (ii) New Chrysler issuing technical service bulletins alerting dealers and vehicle owners about vehicle issues. The Court did not decide any substantive issue, but determined it would not transfer the case to the bankruptcy court. Other than using the words "Independent Conduct," plaintiffs have not made any of the "new conduct" allegations set forth in *Holland*.

10

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Attorneys for General Motors LLC*

11

Exhibit B

**EDD**
Employment
Development
Department
State of California

## Claim for Disability Insurance Benefits – Doctor's Certificate

**TYPE or PRINT with BLACK INK.**

| 34. PATIENT'S FILE NUMBER | 35. PATIENT'S SOCIAL SECURITY NO. | 36. PATIENT'S LAST NAME |
|---|---|---|
| 483 5901 | 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 | Dunsmore |

| 37. DOCTOR'S NAME AS SHOWN ON LICENSE | 38. DOCTOR'S TELEPHONE NUMBER | 39. DOCTOR'S STATE LICENSE NO. |
|---|---|---|
| Dalia Amezcvita Hunt | (858) 2790925 | A60602 |

**40. DOCTOR'S ADDRESS – NUMBER AND STREET, CITY, STATE, COUNTRY (IF NOT USA), ZIP CODE. POST OFFICE BOX NUMBER IS NOT ACCEPTED AS THE SOLE ADDRESS**
6973 Linda Vista Rd
San Diego, CA 92111

**41. THIS PATIENT HAS BEEN UNDER MY CARE AND TREATMENT FOR THIS MEDICAL PROBLEM**
FROM 11/10/04 to present day 3/11/05 AT INTERVALS OF ☐ DAILY ☐ WEEKLY ☐ MONTHLY ☒ AS NEEDED

**42. AT ANY TIME DURING YOUR ATTENDANCE FOR THIS MEDICAL PROBLEM, HAS THE PATIENT BEEN INCAPABLE OF PERFORMING HIS/HER REGULAR OR CUSTOMARY WORK?**
☐ NO – SKIP TO THE DOCTOR'S CERTIFICATION SECTION
☒ YES – ENTER DATE DISABILITY BEGAN: 11/10/04

**43. DATE YOU RELEASED OR ANTICIPATE RELEASING PATIENT TO HIS/HER REGULAR / CUSTOMARY WORK ("UNKNOWN," "INDEFINITE," ETC., NOT ACCEPTED.)**
9/1/05

| 44. ICD9 DISEASE CODE, PRIMARY (REQUIRED UNLESS DIAGNOSIS NOT YET OBTAINED) | 45. IDC9 DISEASE CODE(S), SECONDARY |
|---|---|
| 724.9 | |

**46. DIAGNOSIS (REQUIRED) – IF NO DIAGNOSIS HAS BEEN DETERMINED, ENTER OBJECTIVE FINDINGS OR A DETAILED STATEMENT OF SYMPTOMS**
Ankylosing spondylitis

**47. FINDINGS – STATE NATURE, SEVERITY, AND EXTENT OF THE INCAPACITATING DISEASE OR INJURY. INCLUDE ANY OTHER DISABLING CONDITIONS**
per ortho evaluation: significant limitations - see report

**48. TYPE OF TREATMENT / MEDICATION RENDERED TO PATIENT**
NSAIDS

**49. IF PATIENT WAS HOSPITALIZED, PROVIDE DATES OF ENTRY AND DISCHARGE**
___/___/___ TO ___/___/___

**50. DATE AND TYPE OF SURGERY / PROCEDURE PERFORMED OR TO BE PERFORMED**
___/___/___

**ICD9 PROCEDURE CODE(S)**

**51. IF PATIENT IS NOW PREGNANT OR HAS BEEN PREGNANT, WHAT DATE DID PREGNANCY TERMINATE OR WHAT DATE DO YOU EXPECT DELIVERY?**
___/___/___

**52. IF PREGNANCY IS / WAS ABNORMAL, STATE THE ABNORMAL AND INVOLUNTARY COMPLICATION CAUSING MATERNAL DISABILITY**

**53. BASED ON YOUR EXAMINATION OF PATIENT, IS THIS DISABILITY THE RESULT OF "OCCUPATION," EITHER AS AN "INDUSTRIAL ACCIDENT" OR AS AN "OCCUPATIONAL DISEASE"? (INCLUDE SITUATIONS WHERE PATIENT'S OCCUPATION HAS AGGRAVATED PRE-EXISTING CONDITIONS.)**
☐ YES ☒ NO

**54. ARE YOU COMPLETING THIS FORM FOR THE SOLE PURPOSE OF REFERRAL / RECOMMENDATION TO AN ALCOHOLIC RECOVERY HOME OR DRUG-FREE RESIDENTIAL FACILITY AS INDICATED BY THE PATIENT IN QUESTION 23?**
☐ YES ☒ NO

**55. WOULD DISCLOSURE OF THIS INFORMATION TO YOUR PATIENT BE MEDICALLY OR PSYCHOLOGICALLY DETRIMENTAL?**
☐ YES ☒ NO

**Doctor's Certification and Signature (REQUIRED):** Having considered the patient's regular or customary work, I certify under penalty of perjury that, based on my examination, this Doctor's Certificate truly describes the patient's disability (if any) and the estimated duration thereof.

I further certify that I am a **Medical** **Internal med** licensed to practice in the State of **California**
(TYPE OF DOCTOR)    (SPECIALTY, IF ANY)

► D A Hunt, MD
ORIGINAL SIGNATURE OF ATTENDING DOCTOR – RUBBER STAMP IS NOT ACCEPTABLE

**Linda Vista Health Care Center**
6973 Linda Vista Rd.
San Diego, CA 92111
T.(858) 279-0925
F.(858) 279-2119

3/11/05
DATE SIGNED

Under sections 2116 and 2122 of the California Unemployment Insurance Code, it is a violation for any individual who, with intent to defraud, falsely certifies the medical condition of any person in order to obtain disability insurance benefits, whether for the maker or for any other person, and is punishable by imprisonment and/or a fine not exceeding $20,000. Section 1143 requires additional administrative penalties.

DE 2501 Rev. 74 (9-04)

page 3

STATE OF CALIFORNIA
**DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)**
CDCR 1845 (Rev. 2/14)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Form: Page 1 of 1
Instructions: Page 2

Exam/observation and eUHR Review are both required prior to completion of this form

**SECTION A: DISABILITY VERIFICATION (for use with permanent disabilities lasting six months or longer)**

- ☑ DISABILITY CONFIRMED (see below)
- ☐ CHANGE IN DPP CODE: Previous code(s)
- ☐ ADDITIONAL DPP CODE: Current code(s)
- ☐ REMOVAL FROM A DPP CODE: Previous code(s)
- ☐ DISABILITY DOES NOT IMPACT PLACEMENT
- ☐ NO DISABILITY

**SECTION B: DISABILITY DESIGNATION**

| Disability Type: Mobility | | |
|---|---|---|
| **Disability Code Definitions** | **Criteria** | **Code** |
| Individual has severe mobility restrictions and requires a **Full Time Wheelchair** accommodation to ambulate <u>in and out</u> of cell/bed area. | • **Full Time Wheelchair** prescribed for use.<br>• Wheelchair accessible housing and path of travel required | ☐ DPW |
| Individual has severe mobility restrictions but only uses a Wheelchair **Intermittently** as an accommodation to ambulate <u>outside</u> of cell/bed area. | • Intermittent Wheelchair prescribed for use outside of cell/housing.<br>• Wheelchair accessible cell not required / Wheelchair can be kept outside of cell. | ☑ DPO |
| Individual has severe mobility restrictions and uses an assistive device other than a wheelchair to ambulate, and cannot walk up or down stairs because of the disability. | • No Wheelchair, but uses other assistive device (walker, cane, etc.).<br>• Generally no steps/stairs in regular path of travel. | ☐ DPM |
| Individual requires a relatively level terrain/path of travel accommodation to ambulate due to mobility or health concerns | • May or may not use a walking device for assistance.<br>• Can walk up/down at least 6 steps/stairs (but not an entire flight of stairs). | ☐ DLT |
| Individual may or may not require an assistive device accommodation to ambulate because of a disability, but the disability is not severe enough to require special housing or level terrain. | • Assistive device <u>may</u> be prescribed for ambulation needs.<br>• Impairment of major life activity must exist.<br>• May have special needs outside housing placement.<br>• Can walk up or down steps/stairs. | ☐ DNM |
| Disability Type: Hearing | | |
| Individual is <u>deaf or severely hearing impaired</u> and requires written notes, sign language, or lip reading accommodation to achieve effective communication. | • Hearing Impaired Vest is required while outside of cell/bed area<br>• May or may not use a sign language interpreter. | ☐ DPH |
| Individual <u>has a hearing impairment</u> and uses an assistive hearing device to achieve effective communication. | • Assistive hearing device prescribed.<br>• Hearing Impaired Vest required while outside of cell/bed area when hearing device(s) are not in use. | ☐ DNH |
| Disability Type: Vision | | |
| Individual has severe vision impairment which is not correctable to better than 20/200 with corrective lenses in at least one eye. | • Vision Impaired Vest is required while outside of cell/bed area. | ☐ DPV |
| Disability Type: Speech | | |
| Individual <u>does not</u> communicate effectively when <u>speaking</u> due to permanent speech impairments. | • Ensure that primary means of communication is documented. | ☐ DPS |
| Disability Type: Kidney | | |
| Individual has a kidney disease or other chronic illness. | • Requires Dialysis | ☐ DKD |

**SECTION C: RELATED FORMS**

☑ I have completed a new CDCR 7410, Comprehensive Accommodation Chrono, to document physical limitations for a verified disability.

☐ I have completed a new CDCR 128 C-3, Medical Classification Chrono, to document medical limitations for a verified disability.

**SECTION D: COMMENTS**

| Clinician Name/Title:<br>Haile, Bethlehem@CDCR | Clinician Signature:<br>Digitally Authenticated | Verification/Form date:<br>7/15/2015 |
|---|---|---|

| CME or Designee Name:<br>CME or Designee Signature:<br>Review date: | CDCR#: ad6237<br>Last Name: DUNSMORE<br>First Name: DARRYL      MI: L<br>DOB: 9/12/1967 |
|---|---|

**DISTRIBUTION: Original** to medical record. **Copy** to Chrono Section of C-File; C&PR/RC CC-III; CC-I; and inmate

**Forward a copy of this form and any Accommodation Chronos to the C&PR within 72 hours.**

This form has been approved electronically by Haile, Bethlehem@CDCR on 2015-07-15 12:07:21.


COPY

09-50026-reg    Doc 13555    Filed 11/25/15    Entered 11/25/15 16:30:16    Main Document
Pg 26 of 28



**DRAFT**

REASONABLE ACCOMMODATION CHANGE (RAP) RESPONSE

RAP Meeting Date: 9/02/2015          Date IAC Received 1824: 8/31/2015          1824 Log Number: CHCF-C-15-02227

Inmate's Name: DUNSMORE, DARRYL          CDCR #: AD6237          Housing: FAC C3A-115

RAP Staff Present:    ADA Coordinator   J.A. Zamora,  Custody Appeals Coordinator A. Infante,  Doctor G. Williams,
Health Care Appeals Representative, L. Donnelly,  Registered Nurse M. Lowe

Inmate Interviewed:    ☐ No    ☒ Yes          DPM, CCCMS

---

Disability Access or Discrimination Issue: SUBJECT STATES THAT HE IS HAVING DIFFICULTY IN TRANSFERRING,
DRESSING OR ALTERATION OF CLOTHES WITH BUTTONS DUE TO HIS MEDICAL CONDITION.

---

Interim Accommodations Needs Reviewed:

☒    Interim Accommodation provided (List accommodation and date provided):

ON 8/31/15, MEDICAL STAFF TO ASSIST SUBJECT ON AS NEEDED BASIS FOR TRANSFERRING/DRESSING/OBTAINING
ITEMS.

---

Summary of Inmate's 1824 Request:   THE SUBJECT IS REQUESTING ASSISTANCE IN TRANSFERRING, DRESSING OR
ALTERATION OF CLOTHES WITH BUTTONS, ASSISTANCE WITH PLACING SOCKS ON AND A THREE TIER SHELF.

☒    RAP is able to render a final decision.

---

APPROVE WITH MODIFICATION


ON 9/02/15, THE REASONABLE ACCOMODATION PANEL (RAP) HAS REVIEWED YOUR REQUEST. YOU HAVE BEEN
APPROVED FOR A WHEELCHAIR ACCESSIBLE LOCKER.


ON 8/31/15, THE CHCF APPEALS COORDINATOR INTERVIEWED YOU, IN WHICH YOU REQUESTED ASISSTANCE WITH
PULLOVER SHIRTS, REACHING DOWN TO PLACE SOCKS AND SHOES ON AND GETTING ITEMS FROM THE FLOOR/SHELF.
YOU FURTHER STATED WHEN YOU WARM UP, YOU GET BETTER MOVEMENT BUT IN THE MORNING AND AT NIGHT IT
BECOMES MORE DIFICULT TO MOVE. YOU STATED THAT THE OFFICERS DO ASSIST YOU AND THAT YOU ARE ABLE TO
ACCESS PROGRAMS AND SERVICES WITHOUT CONCERN.


ON 8/31/15, THE CHCF APPEALS COORDINATOR INTERVIEWED CNA MOFOR. MOFOR STATED SHE ASSISTS YOU ON AN AS
NEEDED BASIS. SHE HAS OBSERVED YOU MOVE IN OTHER ACTIVITIES SUCH AS FEEDING YOURSELF. SHE FURTHER
STATED THAT SHE WILL INFORM OTHER STAFF TO ASSIST YOU IN THE INTERIM ON AN AS NEEDED BASIS.

---

Additional information/instruction: THE SUBJECT IS ABLE TO SAFELY ACCESS ALL PROGRAMS, SERVICES AND
ACTIVITIES.

---

If you disagree with a health care decision made prior to or during the CDCR 1824 process, complete a CDCR 602-HC.  If you
disagree with any other RAP decision, complete a CDCR 602.  Be sure to attach this document along with your CDCR 1824.

| J.A. Zamora | | Date sent to inmate: 9/2/2015 |
| ADA Coordinator | Signature | |

Staff processing instructions: Does delivery of response meet criteria to establish effective communication?  No

☒    Accommodation Order required:

☐    Request alleges non-compliance of the Armstrong or Clark Remedial Plans.  Allegation logged on Accountability Log.

Distribution:  Original – Inmate          Copy – 1824 File          Copy – Miscellaneous Section of C-File          Copy – Medical/Mental Health Sr

Page 1 of 1

POS-020

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Daryl Dinsmore  AD6237 C3A-150
Box 32200 Stockton Ca 95213

TELEPHONE NO.:    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

DISTRICT COURT OF NEW YORK
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PETITIONER/PLAINTIFF:  Daryl Dinsmore

RESPONDENT/DEFENDANT:  New GMC  Et al

FOR COURT USE ONLY

RECEIVED
NOV 25 2015
U.S. BANKRUPTCY COURT
SO. DIST OF NEW YORK

**PROOF OF PERSONAL SERVICE—CIVIL**

CASE NUMBER:
09-50026-REG

***(Do not use this Proof of Service to show service of a Summons and Complaint.)***

1. I am over 18 years of age and **not a party to this action**.
2. I served the following **documents** *(specify):*  Motion For Relief from Stay  Objection to Reply Brief

   ☐ The documents are listed in the *Attachment to Proof of Personal Service—Civil (Documents Served)* (form POS-020(D)).

3. I personally served the following **persons** at the address, date, and time stated:
   a. Name:  King & Spalding LLP  1185 Ave of The Americas 10036-4003  New York NY
   b. Address:
   c. Date:  11/17/15
   d. Time:  7 PM

   ☐ The persons are listed in the *Attachment to Proof of Personal Service—Civil (Persons Served)* (form POS-020(P)).

4. I am
   a. ☒ not a registered California process server.
   b. ☐ a registered California process server.
   c. ☐ an employee or independent contractor of a registered California process server.
   d. ☐ exempt from registration under Business & Professions Code section 22350(b).

5. My name, address, telephone number, and, if applicable, county of registration and number are *(specify)*:
   David Richards  Box 32200  Stockton Ca 95213

6. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
7. ☐ I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date:  11/17/15

David Richards
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

▶    David Richards
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

Form Approved for Optional Use
Judicial Council of California
POS-020 [New January 1, 2005]

**PROOF OF PERSONAL SERVICE—CIVIL**

Code of Civil Procedure, § 1011
www.courtinfo.ca.gov

United States Bankruptcy Court
Southern District of New York

In re:                                                          Case No. 09-50026-reg
Motors Liquidation Company                                      Chapter 11
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0208-1          User: lnulty           Page 1 of 7            Date Rcvd: Nov 30, 2015
                             Form ID: pdf001         Total Noticed: 0

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 02, 2015.
  NO NOTICES MAILED.

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                    TOTAL: 0

        ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
unk           Darryl Dunsmore
                                                              TOTALS: 1, * 0, ## 0

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 02, 2015                          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 30, 2015 at the address(es) listed below:
   ALEJANDRO  ALERS, JR    on behalf of Interested Party   General Motors LLC alalersjr@att.net
   Abigail M. Stempson   on behalf of Interested Party   State of Nebraska, Attorney General's
      Office jalyn.wurm@nebraska.gov
   Adam J. Levitt,   on behalf of Plaintiff John  Morgenstein
      tbibby@gelaw.com;cnevers@gelaw.com;jtangren@gelaw.com
   Alan R. Brayton   on behalf of Attorney   Brayton Purcell LLP bankruptcy@braytonlaw.com
   Alexander H. Schmidt   on behalf of Interested Party   Mr. Schmidt hschmidt@whafh.com
   Andrea  Sheehan   on behalf of Creditor   Carrollton Farmers Branch Independent School  District
      sheehan@txschoollaw.com,  coston@txschoollaw.com
   Andrew C. Kassner   on behalf of Creditor   Automotive Component Carriers LLC
      andrew.kassner@dbr.com
   Andrew K. Glenn   on behalf of Defendant   BBT Fund LP aglenn@kasowitz.com,
      courtnotices@kasowitz.com
   Andrew P. Propps   on behalf of Interested Party   Wells Fargo Bank Northwest, N.A., as agent for
      the TPC Lenders apropps@sidley.com,  emcdonnell@sidley.com
   Angela  Ferrante   on behalf of Claims and Noticing Agent   GCG, LLC
      PACERTeam@gardencitygroup.com,  debra.wolther@gcginc.com
   Aric  Wu   on behalf of Trustee   Wilmington Trust Company awu@gibsondunn.com,
      GGillett@gibsondunn.com
   Arthur Jay Steinberg   on behalf of Interested Party   General Motors LLC asteinberg@kslaw.com,
      sdavidson@kslaw.com;jasher@kslaw.com
   Austin L. McMullen   on behalf of Creditor   Knowledge Learning Corporation amcmullen@babc.com
   Barbara J. Parker   on behalf of Creditor   City of Oakland Police & Fire Retirement System
      bparker@oaklandcityattorney.org,  jsmith@oaklandcityattorney.org
   Barbara S Mehlsack   on behalf of Creditor   International Union of Operating Engineers ("IUOE")
      and IUOE Locals 101, 18s, 832s bmehlsack@gkllaw.com
   Barry A. Weprin   on behalf of Plaintiff Donna M. Trusky bweprin@milberg.com
   Barry M. Kazan   on behalf of Creditor   Stanley Black & Decker, Inc.
      Barry.Kazan@ThompsonHine.com,  Docket@thompsonhine.com
   Barry M. Lasky   on behalf of Unknown   Atlas Technologies, Inc. BMLPC@aol.com
   Barry N. Seidel   on behalf of Plaintiff   Motors Liquidation Company GUC Trust
      seidelb@dicksteinshapiro.com,  nybankruptcydocketing@dicksteinshapiro.com
   Benjamin  Rosenblum   on behalf of Defendant   The Ad Hoc Group of Term Lenders
      brosenblum@jonesday.com
   Benjamin P. Deutsch   on behalf of Creditor   Ad Hoc Committee of Consumer Victims of General
      Motors bdeutsch@schnader.com
   Brendan M. Scott   on behalf of Defendant   Phoenix Edge SRS-Multi-Sector Fixed Income Series
      bscott@klestadt.com
   Bruce R. Zirinsky   on behalf of Defendant   DbX  Risk Arbitrage 1 Fund, Lyxor/Paulson
      International Fund Limited, Paulson Enhanced Ltd., Paulson International Ltd., Paulson Partners
      Enhanced, L.P., and Paulson Partners L.P. zirinskyb@gtlaw.com
   Bruce R. Zirinsky   on behalf of Defendant   Drawbridge DSO Securities LLC zirinskyb@gtlaw.com
   Bruce W. Hoover   on behalf of Interested Party   The Quaker Oats Company
      bhoover@goldbergsegalla.com,  jsymack@goldbergsegalla.com;rbraden@goldbergsegalla.com
   Carol A. Felicetta   on behalf of Creditor   Barnes Group Inc. cfelicetta@reidandriege.com

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          Carol E. Momjian    on behalf of Creditor    Commonwealth of Pennsylvania, Department of Revenue
           cmomjian@attorneygeneral.gov
          Christopher K. Kiplok    on behalf of Unknown    Medianews Group, Inc. kiplok@hugheshubbard.com
          Colin T Bowen    on behalf of Defendant    City of Oakland Police & Fire Retirement System
           cbowen@oaklandcityattorney.org
          Cynthia Jordan Lowery    on behalf of Creditor    Hagemeyer, N.A. cynthialowery@mvalaw.com
          Daniel Edelson    on behalf of Plaintiff Donna M. Trusky daniel.edelson@kattenlaw.com
          Daniel J Hornal    on behalf of Unknown Celestine  Elliott daniel@taloslaw.com,
           peller@law.georgetown.edu
          Daniel L. Keller    on behalf of Unknown    Keller, Fishback & Jackson LLP dkeller@kflegal.com
          Daniel W. Linna, Jr.    on behalf of Interested Party    General Motors LLC dlinna@honigman.com
          David Molton    on behalf of Unknown    The People of the State of California, acting by and
           through Orange County District Attorney Tony Rackauckas
           hsteel@brownrudnick.com;acarty@brownrudnick.com;MJackson@brownrudnick.com;acunningham@brownrudnic
           k.com
          David A. Rosenzweig    on behalf of Attorney    Fulbright & Jaworski LLP
           david.rosenzweig@nortonrosefulbright.com,
           melinda@loevy.com;blake@loevy.com
          David B. Owens    on behalf of Unknown Roger Dean Gillispie david@loevy.com,
           melinda@loevy.com;blake@loevy.com
          David B. Wheeler    on behalf of Creditor    Hagemeyer, N.A. davidwheeler@mvalaw.com
          David G. Aelvoet    on behalf of Creditor    Bexar County sanantonio.bankruptcy@publicans.com
          David G. Ebert    on behalf of Unknown    Shepardson Stern & Kaminsky, LLC (SS&K)
           debert@ingramllp.com, mtajika@ingramllp.com
          David Henry Hartheimer    on behalf of Interested Party    Clarcor, Inc.
           dhartheimer@wilkauslander.com
          David J Cohen    on behalf of Unknown Karen  Bloom dcohen@kalaw.net, dcohenlaw@comcast.net
          David N. Crapo    on behalf of Interested Party    J.D. Power and Associates dcrapo@gibbonslaw.com
          David R. Berz    on behalf of Debtor    Motors Liquidation Company gregory.bailey@weil.com
          David S. Jones    on behalf of Defendant    United States Department of Treasury
           david.jones6@usdoj.gov
          Dawn R. Copley    on behalf of Creditor    Johnson Controls, Inc. dcopley@dickinsonwright.com,
           dnavin@dickinsonwright.com
          Deborah L. Fish    on behalf of Creditor    Overhead Conveyor Company dfish@allardfishpc.com
          Debra A. Kowich    on behalf of Creditor    Board of Regents of The University of Michigan
           dkowich@umich.edu
          Denis Dice    on behalf of Defendant    DE-SEI Institutional Investment Trust - High Yield Bond
           Fund dcdice@mdwcg.com
          Dennis J. Connolly    on behalf of Interested Party    Autoliv ASP, Inc. dconnolly@alston.com
          Dennis J. Drebsky    on behalf of Unknown    Aspen Insurance UK Limited ddrebsky@nixonpeabody.com,
           nyc.managing.clerk@nixonpeabody.com;apabon@nixonpeabody.com;cfong@nixonpeabody.com
          Dennis Jay Raterink    on behalf of Creditor    Michigan Funds Administration
           raterinkd@michigan.gov, bannisters@michigan.gov
          Dianna Lyons    on behalf of Interested Party    Kazan McClain Asbestos Claimants
           dlyons@kazanlaw.com
          Dominic J. Picca    on behalf of Unknown Dale  Earnhardt, Inc. dpicca@mintz.com,
           Docketing@mintz.com
          Donald F. Baty, Jr.    on behalf of Debtor    Motors Liquidation Company dbaty@honigman.com
          Douglas B. Rosner    on behalf of Creditor    767 Fifth Partners LLC drosner@goulstonstorrs.com
          Douglas Gregory Blankinship    on behalf of Creditor Lisa  Phaneuf gblankinship@fbfglaw.com
          Eamonn O'Hagan    on behalf of Attorney    Hilliard Munoz Gonzales LLP and Thomas J. Henry Injury
           Attorney eohagan@goodwinprocter.com
          Edward Smith    on behalf of Creditor    Camino Real Chevrolet, Inc. easmith@venable.com,
           NYBankruptcyDocketing@venable.com
          Edward A. Friedman    on behalf of Defendant    Aurelius Investment LLC efriedman@fklaw.com,
           vgarvey@fklaw.com;jshaw@fklaw.com
          Edward F. Haber    on behalf of Defendant    Reams City of Montgomery Alabama Employees Retirement
           System ehaber@shulaw.com,  filing@shulaw.com;mblauner@shulaw.com;pvallely@shulaw.com
          Elihu Inselbuch    on behalf of Attorney    Caplin & Drysdale, Chartered eb@capdale.com
          Elizabeth Austin    on behalf of Defendant    State of Connecticut ea@pullcom.com,
           jgrossarth@pullcom.com
          Elizabeth Weller    on behalf of Creditor    Cameron County dallas.bankruptcy@publicans.com,
           evelyn.palmer@lgbs.com
          Elizabeth K. Flaagan    on behalf of Creditor    Oxbow Carbon & Minerals LLC
           elizabeth.flaagan@faegrebd.com, carol.wildt@faegrebd.com,brad.dempsey@faegrebd.com
          Elliot Moskowitz    on behalf of Defendant    Arrowgrass Master Fund Ltd elliot.moskowitz@dpw.com,
           ecf.ct.papers@davispolk.com
          Emil A. Kleinhaus    on behalf of Defendant    JPMorgan Chase Bank, N.A. eakleinhaus@wlrk.com,
           calert@wlrk.com
          Eric Fisher    on behalf of Creditor Committee    Official Committee of Unsecured Creditors of
           General Motors Corporation fishere@dicksteinshapiro.com,
           nybankruptcydocketing@dicksteinshapiro.com
          Eric Fisher    on behalf of Plaintiff    Motors Liquidation Company Avoidance Action Trust
           fishere@dicksteinshapiro.com, nybankruptcydocketing@dicksteinshapiro.com
          Eric A. Goldberg    on behalf of Unknown    Seneca Insurance Company, Inc. eg@kahngoldberg.com
          Eric Alwin Boden    on behalf of Creditor    Ad Hoc Committee of Consumer Victims of General Motors
           tclancy@schnader.com
          Eugene J. Chikowski    on behalf of Interested Party    American Express Travel Related Services
           Company, Inc. eugene.chikowski@flastergreenberg.com

District/off: 0208-1          User: lnulty              Page 3 of 7                 Date Rcvd: Nov 30, 2015
                             Form ID: pdf001           Total Noticed: 0

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

      Evan J. Zucker   on behalf of Plaintiff   Motors Liquidation Company Avoidance Action Trust
        zuckere@dicksteinshapiro.com,
        nybankruptcydocketing@dicksteinshapiro.com;oneila@dicksteinshapiro.com
      Frank McGinn   on behalf of Creditor   Iron Mountain Information Management, Inc.
        ffm@bostonbusinesslaw.com
      Frank W. DiCastri   on behalf of Creditor   Webasto Roof Systems Inc. fdicastri@foley.com
      Frederick Perillo   on behalf of Creditor   International Ass'n of Machinists & Aerospace
        Workers (IAMAW) fp@previant.com
      Gary Peller   on behalf of Attorney Gary Peller peller@law.georgetown.edu
      Gary Ticoll   on behalf of Defendant   Drawbridge DSO Securities LLC ticollg@gtlaw.com
      German Yusufov   on behalf of Creditor   PIMA COUNTY pcaocvbk@pcao.pima.gov
      Gerrit M. Pronske   on behalf of Plaintiff Boyd Bryant gpronske@pronskepatel.com
      Gordon J. Toering   on behalf of Defendant   Alticor Inc gtoering@wnj.com
      Gregory Oxford   on behalf of Counter-Claimant   General Motors Company goxford@icclawfirm.com
      Gregory K. Arenson   on behalf of Unknown Kimi L. Hurst garenson@kaplanfox.com
      Gregory W. Fox   on behalf of Attorney   Hilliard Munoz Gonzales LLP and Thomas J. Henry Injury
        Attorney gfox@goodwinprocter.com
      H. Slayton Dabney, Jr.   on behalf of Unknown Patrice Witherspoon sdabney@kslaw.com,
        rtrowbridge@kslaw.com
      Hanh V. Huynh   on behalf of Transferee   Kayson 48 Corp. hhuynh@herrick.com,
        courtnotices@herrick.com
      Harold S. Novikoff   on behalf of Defendant   JPMorgan Chase Bank, N.A. hsnovikoff@wlrk.com,
        calert@wlrk.com
      Harry A. Light   on behalf of Defendant   General Motors Corporation light@fec.net
      Harvey A. Strickon   on behalf of Unknown   Rolls-Royce plc and Rolls-Royce Corporation
        harveystrickon@paulhastings.com
      Harvey R. Miller   on behalf of Debtor   Motors Liquidation Company garrett.fail@weil.com
      Heather M. Crockett   on behalf of Defendant   State of Indiana Major Moves
        heather.crockett@atg.in.gov
      Henry A. Efroymson   on behalf of Creditor   Honeywell International Inc.
        henry.efroymson@icemiller.com
      J Eric Charlton   on behalf of Creditor   Autoport Limited echarlton@barclaydamon.com,
        rjones@barclaydamon.com
      J. Alex Kress   on behalf of Creditor   KONE, Inc. and KONE Elevators akress@becker.legal,
        jalexkress@gmail.com
      J. Casey Roy   on behalf of Interested Party   The State of Texas on Behalf of The Texas
        Department of Transportation, Motor Vehicle Division casey.roy@oag.state.tx.us
      Jacob F. Lamme   on behalf of Creditor   St. Regis Mohawk Tribe lamme@mltw.com
      James B. Helmer, Jr.   on behalf of Creditor Roger L Sanders jhelmer@fcalawfirm.com,
        wdiggs@fcalawfirm.com
      James Christopher Caldwell   on behalf of Creditor   Satterlund Supply Company
        ccaldwell@starkreagan.com
      James D. Newbold   on behalf of Interested Party   State of Illinois James.Newbold@illinois.gov
      James E. DeLine   on behalf of Creditor   AVL Americas, Inc. jed@krwlaw.com,  pal@krwlaw.com
      James E. Hough   on behalf of Defendant   Citigroup Global Markets Inc. jhough@mofo.com
      James M. Martin   on behalf of Unknown Frank L. Pugh mmllaw@swbell.net
      James Michael Lawniczak   on behalf of Creditor   Carolina Forge Company jlawniczak@calfee.com
      Jan I. Berlage   on behalf of Creditor Harold Martin JBerlage@GHSLLP.com
      Jason A. Zweig   on behalf of Unknown   State of Arizona ex rel. Mark Brnovich, the Attorney
        General jzweig@kaplanfox.com
      Jayson B. Ruff   on behalf of Creditor   Swagelok Company jruff@mcdonaldhopkins.com
      Jeanette M. Gilbert   on behalf of Creditor   L.C. Jackson jgilbert@motleyrice.com
      Jeff Klusmeier   on behalf of Creditor   State of Missouri jeff.klusmeier@ago.mo.gov,
        Michelle.Hirschvogel@ago.mo.gov
      Jeffrey Rhodes   on behalf of Unknown   Motors Liquidation Company Avoidance Action Trust
        bankruptcy-jr@dsmo.com;canavanp@dicksteinshapiro.com
      Jeffrey C. Wisler   on behalf of Unknown   Connecticut General Life Insurance Company and related
        CIGNA entities jwisler@connollygallagher.com
      Jeffrey J. Jones   on behalf of Defendant   General Motors LLC jjjones@jonesday.com
      Jeffrey S. Sabin   on behalf of Interested Party   Deutsche Bank AG JSSabin@Venable.com
      Jeffrey S. Stein   on behalf of Claims and Noticing Agent   Garden City Group, Inc
        PACERTeam@gardencitygroup.com, michelle.murphy@gcginc.com
      Jeffrey S. Stein   on behalf of Claims and Noticing Agent   GCG, Inc
        PACERTeam@gardencitygroup.com, michelle.murphy@gcginc.com
      Jeffrey T. Wegner   on behalf of Creditor   Kansas City Board of Public Utilities
        jeffrey.wegner@kutakrock.com, marybeth.brukner@kutakrock.com
      Jennifer Lauren Saffer   on behalf of Creditor   TMI Custom Air Systems, Inc.
        jlsaffer@jlsaffer.com, vjohnson@jlsaffer.com
      Jessica Fainman   on behalf of Unknown   Barclays Bank PLC jessica.fainman@barclayscapital.com
      Joan M Blackwell   on behalf of Defendant   State of Indiana Major Moves joan.blackwell@atg.in.gov
      Joel Wertman   on behalf of Defendant   DE-SEI Institutional Investment Trust - High Yield Bond
        Fund jmwertman@mdwcg.com
      John A. Simon   on behalf of Creditor   Cooper-Standard Automotive, Inc. jsimon@foley.com
      John F. Carberry   on behalf of Creditor   Emigrant Business Credit Corp. jcarberry@cl-law.com
      John F. Kostelnik   on behalf of Unknown   Avery Dennison jkostelnik@frantzward.com
      John J. Privitera   on behalf of Creditor   St. Regis Mohawk Tribe privitera@mltw.com,
        hill@mltw.com;lamme@mltw.com
      John M. Callagy   on behalf of Defendant   J.P. Morgan Whitefriars Inc. jcallagy@kelleydrye.com

District/off: 0208-1          User: lnulty          Page 4 of 7          Date Rcvd: Nov 30, 2015
                             Form ID: pdf001        Total Noticed: 0

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

John M. Callagy   on behalf of Defendant    JPMorgan Chase Bank, N.A. jcallagy@kelleydrye.com
John P. Dillman   on behalf of Creditor    Angelina County houston_bankruptcy@publicans.com
John T. Banks   on behalf of Unknown    Hidalgo County jbanks@pbfcm.com,   jbanks@ecf.inforuptcy.com
John T. Gregg   on behalf of Creditor    Continental Tire North America, Inc. jgregg@btlaw.com
Jonathan Bradley Alter   on behalf of Unknown    Travelers Casualty and Surety Company of America
   jonathan.alter@bingham.com
Jonathan I. Rabinowitz   on behalf of Attorney Jonathan I. Rabinowitz jrabinowitz@rltlawfirm.com,
   ypalmeri@rltlawfirm.com
Jonathan L. Flaxer   on behalf of Interested Party    ABC Flooring, Inc. jflaxer@golenbock.com,
   eneuman@golenbock.com;mweinstein@golenbock.com
Joon P. Hong   on behalf of Attorney    Richards Kibbe & Orbe LLP joonhong@chapman.com
Jordan E. Stern   on behalf of Defendant    Wells Cap Mgmt - 13923601 jstern@beckerglynn.com,
   saltreuter@beckerglynn.com;jxue@beckerglynn.com
Joseph A. Dworetzky   on behalf of Plaintiff    NCR Corporation jad@hangley.com
Joseph B. Koczko   on behalf of Unknown    Linden Development, LLC joseph.koczko@thompsonhine.com
Joseph H. Lemkin   on behalf of Defendant    Alticor Inc jlemkin@stark-stark.com
Joseph H. Smolinsky   on behalf of Debtor    Motors Liquidation Company
   Joseph.Smolinsky@weil.com,
   matthew.goren@weil.com;katherine.doorley@weil.com;mario.ventura@weil.com
Joseph M. Cerra   on behalf of Creditor    Affiliated Computer Services of Spain SL
   jcerra@formanlaw.com
Joseph N. Cordaro   on behalf of Unknown    United States Of America joseph.cordaro@usdoj.gov
Joseph R. Sgroi   on behalf of Debtor    Motors Liquidation Company jsgroi@honigman.com
Joshua Paul Davis   on behalf of Unknown Dori  Powledge josh@thejdfirm.com,
   maria@thejdfirm.com;kelly@thejdfirm.com
Judy B. Calton   on behalf of Attorney    Honigman Miller Schwartz and Cohn LLP
   jcalton@honigman.com
Julianne Cutruzzula Beil   on behalf of Unknown Carolyn  Rickard jbeil@cnlawfirm.net
Justin S. Brooks   on behalf of Unknown    Grant & Eisenhofer P.A., Baron & Budd, P.C. and the
   Cooper Law Firm as counsel for certain class action cases jbrooks@gelaw.com
Karon Y. Wright   on behalf of Defendant c/o Karon Y. Wright  Travis County
   karon.wright@co.travis.tx.us,  bkecf@co.travis.tx.us
Kathleen H. Klaus   on behalf of Unknown    Mtech Associates, LLC khk@maddinhauser.com
Ken Kansa   on behalf of Unknown    Wells Fargo Bank Northwest, N.A., as Agent to the TPC Lenders
   kkansa@sidley.com
Kenneth Ziman   on behalf of Creditor    TPI Incorporated kziman@stblaw.com
Kenneth C Anthony, Jr.   on behalf of Unknown Kenneth  Anthony kanthony@anthonylaw.com,
   janthony@anthonylaw.com
Kevin Blaney   on behalf of Attorney Kevin  Blaney kblaney@kevinblaney.com,
   bmorehead@kevinblaney.com
Kim Martin Lewis   on behalf of Interested Party    Convergys Corporation kim.lewis@dinslaw.com,
   john.persiani@dinslaw.com;lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com
Kimberly Salomon   on behalf of Creditor Rose  Cole ksalomon@formanlaw.com
Kirk L. Brett   on behalf of Defendant    Credit Suisse AG kbrett@dsllp.com
Larry A. Levick   on behalf of Creditor    Affiliated Computer Services, Inc.
   levick@singerlevick.com,  croote@singerlevick.com;scotton@singerlevick.com
Larry E. Parres   on behalf of Unknown    Leggett and Platt lparres@lewisrice.com
Lauren Beslow   on behalf of Creditor    United Parcel Service, Inc. Lauren.Beslow@quarles.com
Lawrence P. Eagel   on behalf of Unknown    County of Bastrop, et al. eagel@bragarwexler.com
Leonora K. Baughman   on behalf of Creditor    City of Detroit ecf@aalaw.com
Leslie Levy   on behalf of Interested Party    State of Nebraska, Attorney General's Office
   leora.platte@nebraska.gov
Lisa H. Rubin   on behalf of Trustee    Wilmington Trust Company lrubin@gibsondunn.com,
   MAO@gibsondunn.com
Lorraine S. McGowen   on behalf of Creditor    Banca di Credito Cooperativo di Roma Societa
   Cooperativa lmcgowen@orrick.com,  dfelder@orrick.com
Lynn M. Brimer   on behalf of Creditor    Pioneer Steel Corporation lbrimer@stroblpc.com
Marc B. Merklin   on behalf of Creditor    FirstEnergy Corporation mmerklin@brouse.com
Marc H. Edelson   on behalf of Plaintiff Donna M. Trusky medelson@edelson-law.com
Marc N. Swanson   on behalf of Creditor    Kongsberg Automotive Holdings ASA
   swansonm@millercanfield.com
Margreta Morgulas,   on behalf of Creditor    West Covina Motors, Inc. mmorgulas@okinhollander.com
Maria A. Bove   on behalf of Unknown    Certain Class Action Plaintiffs mbove@pszjlaw.com,
   dharris@pszjlaw.com;mbove@pszjlaw.com
Maria Elena Douvas   on behalf of Defendant    Appaloosa Investment Limited Partnership I
   mariadouvas@paulhastings.com
Marianne Goldstein Robbins   on behalf of Creditor    International Ass'n of Machinists &
   Aerospace Workers (IAMAW) MGR@PREVIANT.COM,  MGR@PREVIANT.COM;EM@PREVIANT.COM
Maricel E.V. Skiles   on behalf of Defendant    State of Indiana Major Moves
   maricel.skiles@atg.in.gov,  Heather.Crockett@atg.in.gov;Stephanie.Patrick@atg.in.gov
Mark Schlachet   on behalf of Plaintiff Alante  Carpenter individually and on behalf of all
   others similarly situated mschlachet@gmail.com
Mark E. McKane   on behalf of Plaintiff    New United Motors Manufacturing, Inc.
   mmckane@kirkland.com,  beth.friedman@kirkland.com;sarah.farley@kirkland.com
Mark L. Brown   on behalf of Counter-Defendant    LakinChapman LLC markb@slchapman.com
Mark P. Robinson, Jr.   on behalf of Unknown    The People of the State of California, acting by
   and through Orange County District Attorney Tony Rackauckas mrobinson@rcrlaw.net,
   beachlawyer51@hotmail.com

District/off: 0208-1          User: lnulty          Page 5 of 7          Date Rcvd: Nov 30, 2015
                              Form ID: pdf001        Total Noticed: 0

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

Mark Russell Owens   on behalf of Creditor   Hirata Corporation of America mowens@btlaw.com,
    mowens@btlaw.com;bankruptcyindy@btlaw.com
Mark S. Frankel   on behalf of Creditor   Commercial Contracting Corporation mfrankel@couzens.com
Mark T. Power   on behalf of Defendant   Bechtel Trust & Thrift Plan MPower@HahnHessen.com,
    jcerbone@hahnhessen.com;jzawadzki@hahnhessen.com;jorbach@hahnhessen.com;sthompson@hahnhessen.com;
    aladd@hahnhessen.com;chunker@hahnhessen.com;sgryll@hahnhessen.com
Marshall C. Turner   on behalf of Creditor   Newport Television marshall.turner@husch.com
Martin Krolewski   on behalf of Defendant   JPMorgan Chase Bank, N.A. mkrolewski@kelleydrye.com,
    docketing@kelleydrye.com;BankruptcyCourt@KelleyDrye.com
Martin James Weis   on behalf of Creditor   Medco Health Solutions, Inc. weismj@dilworthlaw.com
Marvin E. Clements, Jr.   on behalf of Creditor   Tennessee Board of Regents-Columbia State
    Community College agbanknewyork@ag.tn.gov
Mary Kay Shaver   on behalf of Creditor   ADAC Plastics, Inc. mkshaver@varnumlaw.com
Matthew Williams   on behalf of Unknown   Motors Liquidation Company GUC Trust
    mjwilliams@gibsondunn.com,
    sweiner@gibsondunn.com;akeats@gibsondunn.com;amoskowitz@gibsondunn.com;DFeldman@gibsondunn.com
Matthew A Macdonald   on behalf of Creditor   Northern Trust Investments, Inc., as Named Fiduciary
    to the Central States, Southeast, and Southwest Areas Pension Fund matthew.macdonald@mto.com,
    gigi.ruegsegger@mto.com
Matthew A. Hamermesh   on behalf of Creditor   NCR Corporation mhamermesh@hangley.com
Matthew E. Wright   on behalf of Unknown Dolly Walton mwright@hmdlaw1.com, tscott@hmdlaw1.com
Matthew F. Kye   on behalf of Creditor   Heard Robins Cloud & Black LLP mkye@magnozzikye.com
Matthew J. Riopelle   on behalf of Plaintiff   Toyota Motor Corporation mriopelle@foley.com
Matthew K. Beatman   on behalf of Unknown   Westfalia-Automotive GMBH mbeatman@zeislaw.com
Maureen F. Leary   on behalf of Unknown   New York State Department of Environmental Conservation
    maureen.leary@oag.state.ny.us
Melissa Z. Neier   on behalf of Interested Party   Sonic Automotive, Inc. mneier@ibolaw.com
Michael A. Maricco   on behalf of Creditor   Pension Benefit Guaranty Corporation efile@pbgc.gov
Michael A. Nedelman   on behalf of Creditor   Crown Enterprises Inc. mnedelman@nglegal.com
Michael C. Lambert   on behalf of Creditor   Compania Sud Americana de Vapores S.A.
    mclambert@lawpost-nyc.com
Michael E. Norton   on behalf of Creditor   SSDC Services Corp. mnorton@nortonlawassociates.com
Michael G. Cruse   on behalf of Creditor   Auma S.A. de C.V. mcruse@wnj.com, hziegler@wnj.com
Michael J. Pendell   on behalf of Unknown   Plaintiffs mpendell@motleyrice.com
Michael James Edelman   on behalf of Creditor   Export Development Canada
    mjedelman@vedderprice.com,   ecfnydocket@vedderprice.com
Michael K. Cross   on behalf of Defendant   Green Hunt Wedlake, Inc., as trustee for General
    Motors Nova Scotia Finance Company mcross@akingump.com
Michael M. Krauss   on behalf of Defendant   Indiana University michael.krauss@faegrebd.com
Michael R. Enright   on behalf of Creditor   Carrier Corporation menright@rc.com
Michael R. Wernette   on behalf of Attorney   CIE Celaya, S.A. de C.V.
    mwernette@schaferandweiner.com
Michael S. Davis   on behalf of Unknown   American International Specialty Lines Insurance Co.
    and other entities related to Chartis, Inc. mdavis@zeklaw.com,
    mmccarthy@zeklaw.com;rguttmann@zeklaw.com;mmillnamow@zeklaw.com
Michael S. Etkin   on behalf of Interested Party   Plaintiff and Putative Class re: Peggy Sue
    Jones, et al. v. General Motors, LLC and Larry Darby, et al. v. General Motors, LLC and Delphi
    Automotive PLLC metkin@lowenstein.com,   mseymour@lowenstein.com
Michael S. Holmes   on behalf of Creditor   River Oaks L-M, Inc. dba Westpoint mshpclaw@gmail.com,
    mshatty@yahoo.com
Michael T. Conway   on behalf of Creditor   Detroit Diesel Corporation
    michael.conway@leclairryan.com
Michele Angell   on behalf of Unknown   Ad Hoc Group of Term Lenders mangell@kasowitz.com,
    courtnotices@kasowitz.com
Michelle Goldis   on behalf of Unknown   Lowe's Companies, Inc. michelle.goldis@wilmerhale.com
Michelle T. Sutter   on behalf of Creditor   Ohio Attorney General msutter@ag.state.oh.us
N. Kathleen Strickland   on behalf of Creditor   Remy International, Inc. kstrickland@rmkb.com
Nan E. Joesten   on behalf of Interested Party   General Motors Retiree Association
    njoesten@fbm.com
Neil Andrew Goteiner   on behalf of Interested Party   General Motors Retiree Association
    ngoteiner@fbm.com,   calendar@fbm.com;karentsen@fbm.com
Nicholas Heath Wooten   on behalf of Unknown Dianne Ashworth nick@nickwooten.com,
    notices@nickwooten.com;linnea@nickwooten.com
Oren Giskan   on behalf of Plaintiff Rodolfo Fidel Mendoza ogiskan@gslawny.com
Oscar B. Fears, III   on behalf of Creditor   Georgia Department of Revenue bfears@law.ga.gov
Oscar N. Pinkas   on behalf of Defendant   Canadian Imperial Bank of Commerce
    oscar.pinkas@dentons.com
Otis McGee, Jr.   on behalf of Defendant   City of Oakland Police & Fire Retirement System
    omcgeejr@oaklandcityattorney.org
P. Warren Hunt   on behalf of Creditor   AVL Americas, Inc. pwh@krwlaw.com
Patrick E. Mears   on behalf of Creditor   M-Heat Investors, LLC patrick.mears@btlaw.com
Patrick G. Warner   on behalf of Plaintiff John Morgenstein pgwarn@climacolaw.com
Patrick J. Orr   on behalf of Unknown   MLC Asbestos PI Trust
    tklestadt@klestadt.com;kgarofalo@klestadt.com
Patrick J. Trostle   on behalf of Debtor   Motors Liquidation Company ptrostle@jenner.com
Paul H. Silverman   on behalf of Creditor   Class of Saturn Consumers
    PSilverman@mclaughlinstern.com
Paul J. Pascuzzi   on behalf of Creditor   The McClatchy Company ppascuzzi@ffwplaw.com

District/off: 0208-1          User: lnulty               Page 6 of 7                Date Rcvd: Nov 30, 2015
                             Form ID: pdf001            Total Noticed: 0

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          Paul J. Ricotta    on behalf of Creditor    Hitachi Automotive Products (USA), Inc.
           pricotta@mintz.com,  docketing@mintz.com
          Peter  D'Apice    on behalf of Unknown    Grant  & Eisenhofer P.A., Baron & Budd, P.C. and the
           Cooper Law Firm as counsel for certain class action cases dapice@sbep-law.com
          Peter  D'Apice    on behalf of Creditor    Ad Hoc Committee of Asbestos Personal Injury Claimants
           dapice@sbep-law.com
          Peter Gregory Schwed    on behalf of Unknown    Deloitte Tax LLP gschwed@loeb.com,
           tcummins@loeb.com
          Peter S. Partee    on behalf of Interested Party    DTE Pontiac North, LLC ppartee@hunton.com
          Phillip W. Bohl    on behalf of Creditor    Willette Acquisition Corp., a/k/a Digital Technologies
           and Allied Vaughn phillip.bohl@gpmlaw.com
          R. Christopher Cataldo    on behalf of Plaintiff    MCM Management Corp. ccataldo@jaffelaw.com
          R. Hugh Stephens    on behalf of Creditor    Stephens & Stephens, LLP hstephens@stephensstephens.com
          Renee M. Dailey    on behalf of Creditor    Georg Fischer Automotive AG renee.dailey@bgllp.com
          Richard David Lane    on behalf of Defendant    DE-SEI Institutional Investment Trust - High Yield
           Bond Fund rdlane@mdwcg.com
          Richard E. Kruger    on behalf of Creditor    BMW Group rkruger@jaffelaw.com
          Richard L. Epling    on behalf of Creditor    Financial Engines Advisors L.L.C.
           richard.epling@pillsburylaw.com
          Richard L. Ferrell    on behalf of Creditor    EnovaPremier of Michigan LLC Ferrell@taftlaw.com
          Richardo I. Kilpatrick    on behalf of Creditor    City of Detroit ecf@kaalaw.com
          Robert Honeywell    on behalf of Creditor    Ivy Fund Inc.-High Income Fund
           robert.honeywell@klgates.com,  brian.koosed@klgates.com
          Robert Sidorsky    on behalf of Creditor    A Raymond, Inc. sidorsky@butzel.com
          Robert B. Weiss    on behalf of Debtor    Motors Liquidation Company rweiss@honigman.com
          Robert D. Gordon    on behalf of Creditor    ATS Automation Tooling Systems, Inc.
           rgordon@clarkhill.com
          Robert D. Wolford    on behalf of Creditor    Benteler Automotive Corp.
           ecfwolfordr@millerjohnson.com
          Robert H. Brownlee    on behalf of Creditor c/o Robert Brownlee    Maritz Holdings Inc.
           rbrownlee@thompsoncoburn.com
          Robert L. LeHane    on behalf of Creditor    LBA Realty Fund III  Company IX, LLC
           KDWBankruptcyDepartment@Kelleydrye.com;MVicinanza@ecf.inforuptcy.com
          Robert T. Schmidt    on behalf of Plaintiff    Official Committee of Unsecured Creditors of Motors
           Liquidation Company, et al. rschmidt@kramerlevin.com
          Robert W. Phillips    on behalf of Interested Party    Certain Mesothelioma Claimants
           rphillips@simmonscooper.com
          Roland  Hwang    on behalf of Unknown    Michigan Department of Energy, Labor & Economic Growth,
           Unemployment Insurance Agency hwangr@michigan.gov
          Ronald Jay Smolow    on behalf of Plaintiff Donna M. Trusky ron@smolow.com,  pat@smolow.com
          Ronald S. Pretekin    on behalf of Creditor    Harco Manufacturing Group LLC piatt@coollaw.com
          Russell Carl Babcock    on behalf of Unknown    The Estate of Kathleen Pillars, Deceased
           russellbabcock@aol.com,  marylynnmcphail@yahoo.com
          Ryan D. Heilman    on behalf of Attorney    BASF Corporation rheilman@schaferandweiner.com
          S. Alyssa Young    on behalf of Plaintiff Barbara  Allen ayoung@leaderberkon.com
          Sarah L. Prutzman    on behalf of Defendant    Citigroup Global Markets Inc. slp4@mofo.com,
           docketny@mofo.com
          Sarah M. Chen    on behalf of Unknown    Praxair Distribution Inc. schen@lockelord.com,
           docket@lockelord.com
          Sarah Sandok Rabinovici    on behalf of Creditor    SKF USA Inc. rabinovicis@pepperlaw.com
          Scott A. Golden    on behalf of Interested Party    News America Incorporated sagolden@hhlaw.com
          Scott I. Davidson    on behalf of Defendant    General Motors Co. sdavidson@kslaw.com
          Scott I. Davidson    on behalf of Interested Party    General Motors LLC sdavidson@kslaw.com
          Scott J. Freedman    on behalf of Attorney    Dilworth Paxson LLP sfreedman@dilworthlaw.com
          Scott L. Esbin    on behalf of Transferee    Pandora Select Partners, LP
           bankruptcyinfo@esbinalter.com,  bankruptcyinfo@esbinalter.com
          Scott N. Brown, Jr.    on behalf of Creditor    Hamilton County Trustee snb@smrw.com
          Sean E. O'Donnell    on behalf of Defendant    Green Hunt Wedlake, Inc., as trustee for General
           Motors Nova Scotia Finance Company sodonnell@akingump.com,
           nymco@akingump.com;sspector@akingump.com
          Sean E. O'Donnell    on behalf of Unknown    Green Hunt Wedlake, Inc., Trustee
           sodonnell@akingump.com,  nymco@akingump.com;sspector@akingump.com
          Selia M Warren    on behalf of Defendant    City of Oakland Police & Fire Retirement System
           swarren@oaklandcityattorney.org
          Serge  Ambroise    on behalf of Plaintiff    AFL-CIO sambroise@kjmlabor.com
          Sharon L. Stolte    on behalf of Creditor    Haldex Credit Services Corp.
           sharon.stolte@stinsonleonard.com
          Shaya M. Berger    on behalf of Unknown    Motors Liquidation Company GUC Trust
           bergers@dicksteinshapiro.com
          Stanley B. Tarr    on behalf of Interested Party    Cellco Partnership d/b/a Verizon Wireless on
           behalf of itself and its controlled affiliates tarr@blankrome.com
          Stanley B. Tarr    on behalf of Defendant    PNC Bank, National Association tarr@blankrome.com
          Stephen M. Gross    on behalf of Attorney    McDonald Hopkins PLC sgross@mcdonaldhopkins.com
          Stephen S. LaPlante    on behalf of Interested Party    Ford Motor Company
           laplante@millercanfield.com
          Steve  Berman    on behalf of Unknown    Ignition Switch Plaintiffs steve@hbsslaw.com,
           heatherw@hbsslaw.com,carrie@hbsslaw.com
          Steven A. Ginther    on behalf of Creditor    Missouri Department of Revenue sdnyecf@dor.mo.gov

District/off: 0208-1           User: lnulty              Page 7 of 7               Date Rcvd: Nov 30, 2015
                              Form ID: pdf001           Total Noticed: 0

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          Steven B. Eichel   on behalf of Defendant   Intesa Sanpaolo Private Banking SPA
           seichel@crowell.com
          Steven B. Eichel   on behalf of Creditor   Winkelmann Sp. z.o.o. se@robinsonbrog.com
          Steven B. Flancher   on behalf of Interested Party   Michael A. Cox Attorney General for the
           State of Michigan flanchers@michigan.gov
          Steven B. Soll   on behalf of Unknown   Certain Class Action Plaintiffs ssoll@oshr.com,
           awilliams@oshr.com;asilverstein@otterbourg.com;swells@otterbourg.com
          Steven Harris Blatt   on behalf of Unknown   Mount Kisco Chevrolet Cadillac Hummer, Inc.
           sblatt@dealerlaw.com
          Steven J. Reisman   on behalf of Defendant   DbX   Risk Arbitrage 1 Fund, Lyxor/Paulson
           International Fund Limited, Paulson Enhanced Ltd., Paulson International Ltd., Paulson Partners
           Enhanced, L.P., and Paulson Partners L.P. sreisman@curtis.com,
           cgiglio@curtis.com;jdrew@curtis.com;mgallagher@curtis.com
          Steven J. Reisman   on behalf of Defendant   DbX - Risk Arbitrage 1 Fund, HFR MA Strategic Master
           Trust, Institutional Benchmarks Series (Master Feeder) Ltd., Lyxor/Paulson International Fund
           Limited, Paulson Enhanced Ltd., et al. sreisman@curtis.com,
           cgiglio@curtis.com;jdrew@curtis.com;mgallagher@curtis.com
          Steven M. Bierman   on behalf of Unknown   WELLS FARGO BANK, N.A. sbierman@sidley.com,
           emalin@sidley.com;emcdonnell@sidley.com
          Steven R. Montgomery   on behalf of Creditor   J.B. Hunt Transport Services, Inc.
           smontgomery@rawle.com
          Stewart D Aaron   on behalf of Defendant   Kynikos Opportunity Fund II LP
           stewart.aaron@aporter.com
          Stuart A. Krause   on behalf of Interested Party   Toyota Tsusho America, Inc. skrause@zeklaw.com
          Susan Jennik   on behalf of Plaintiff   AFL-CIO sjennik@kjmlabor.com,
           smiller@kjmlabor.com;dpaul@kjmlabor.com
          Susan M. Cook   on behalf of Creditor   Knight Facilities Management, Inc. smcook@lambertleser.com
          Susan R. Katzoff   on behalf of Creditor   Niagara Mohawk Power Corporation, d/b/a National Grid
           skatzoff@barclaydamon.com, lmcrobbie@barclaydamon.com
          Thomas B. Radom   on behalf of Creditor   Gates de Mexico SA de CV radom@butzel.com
          Thomas E. Coughlin   on behalf of Creditor   MCM Management Corp. tcoughlin@jaffelaw.com
          Thomas J. Schank   on behalf of Creditor   John N. Graham, Trustee for the Bankruptcy Estate of
           High Tech Packaging, Inc. tomschank@hunterschank.com
          Thomas M. Kennedy   on behalf of Plaintiff   AFL-CIO tkennedy@kjmlabor.com,
           sjennik@kjmlabor.com;sambroise@kjmlabor.com
          Thomas P. Sarb   on behalf of Creditor   Benteler Automotive Corp. ecfsarbt@millerjohnson.com
          Thomas W. Schouten   on behalf of Creditor   Ridgeview Industries, Inc. tschouten@dunnslaw.com
          Todd S Garber   on behalf of Creditor Lisa   Phaneuf tgarber@fbfglaw.com
          Tonya A. Trumm   on behalf of Creditor   Jefferson Wells International, Inc.
           tatrumm@michaelbest.com, safonte@michaelbest.com
          Trent P. Cornell   on behalf of Interested Party   General Motors National Retiree Association,
           Over The Hill Car People, LLC tcornell@pedersenhoupt.com
          Victor J. Mastromarco, Jr.   on behalf of Unknown Gerald   Haynor vmastromar@aol.com
          Victor J. Mastromarco, Jr.   on behalf of Creditor   Pillars, Estate of Kathleen Pillars,
           Deceased vmastromar@aol.com
          Victoria D. Garry   on behalf of Creditor   Ohio Attorney General vgarry@ag.state.oh.us
          Wendy S. Walker   on behalf of Creditor   A.P. Moller-Maersk A/S wwalker@morganlewis.com
          Whitney L. Mosby   on behalf of Defendant   Manual Transmissions of Muncie, LLC
           wmosby@binghammchale.com
          William P. Weintraub   on behalf of Attorney   Hilliard Munoz Gonzales LLP and Thomas J. Henry
           Injury Attorney wweintraub@goodwinprocter.com, gfox@goodwinprocter.com
          Yolanda M. Humphrey   on behalf of Creditor   Tomball Independent School District
           houbank@pbfcm.com, tpope@pbfcm.com
          c/o Robert Brownlee   Maritz Holdings Inc.   rbrownlee@thompsoncoburn.com
                                                                                          TOTAL: 305