Endorsed Order:

Mr. Dunsmore's motion, dated December 11, 2015, is denied for failure to articulate a *prima facie* basis for the requested relief.

Dated: New York, New York
   December 16, 2015
           *s/Robert E. Gerber*
           United States Bankruptcy Judge

Darryl Dunsmore
AD6237 CJA 150
Box 32200
Stockton Ca 95213

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE
General Motors
IGNITION SWITCH Litigation

Darryl Dunsmore
Plaintiff

v

General Motors et al
Defendants

Case # 09-50026(REG)

Affidavit in Support of Motion for Judicial Notice, Contempt in-effective assistence Request for Relief

I Darryl Dunsmore state and Declare I am a plaintiff involved in to above titled actions That I have contacted all counsel ordered by the Court To represent This plaintiff concerning The four Threshold issues and Selected all Counsel To Represent

1 of 2

1. Darryl Dunsmore
2. AD6257 C3A 150
3. Box 32200
4. Stockton Ca 95213

RECEIVED DEC 11 2015 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE
General Motors
IGNITION SWITCH Litigation

Case # 09-50026 REG

Darryl Dunsmore
Plaintiff
v
General Motors Etal
Defendants

Table of Content
and Authorities
in Support of Motion
for Judicial Notice
Contempt in effective
Assistance Request for
Relief

IN RE Misener (1985) 38 C3d
543 213 CR 569 -------- 2
People V Moses (1996) 43 CA4th 462
468 50 CR2d 89 -------- 2

1 of 2

1. Per order of This court Exhibit A
2. and That only one Counsel has Contacted
3. Me That being William P Weintraub and
4. That he Fraudulently represented himself
5. Concerning his involvement in This case
6. and his representation of This plaintiff
7. and refused This order To represent this
8. plaintiff Concerning The Four Threshold
9. issues in contempt of This Court and
10. oTher Counsel have not responded as well
11. Concerning representation ordered by This
12. Court
13.     That These actions are violating plaintiffs
14. Constitutional Due process rights

25. I Declare under pnalty of perjury is true
26. under The Laws of The State of California
27.                      12/1/15

2of2

```
 1 | Darryl Dunsmore
 2 | AD6237 CJA-50
 3 | Box 32200
 4 | Stockton Ca 95213
 5 |
 6 |
 7 |
 8 | UNITED STATES BANKRUPTCY COURT
 9 | SOUTHERN DISTRICT OF NEW YORK
10 | IN RE
11 | General Motors                    Case# 09-50026 REG
12 | IGNITION SWITCH Litigation
13 | Darryl Dunsmore
14 | Plaintiff
15 |    v
16 | General Motors Et al
17 | Defendants
18 |
19 |                              Motion for Judicial
20 |                              Notice Contempt and
21 |                              ineffective assistance
22 |                              Request for Relief
23 |    This Court ordered Counsel to
24 | Represent This Plaintiff Concerning The
25 | 4 Threshold issues   See: Exhibit A
26 | Doc 13177 Page 11 Sec(C)
27 |
28 |                                              1 of 3
```

1  and for plaintiff To select one or
2  More to do so
3     Plaintiff promptly selected all and
4  Notified them of such; plaintiff has
5  Recieved No Correspondence from
6  any except William P Weintraup, Who
7  first fraudulently represented himself
8  to Me Claiming he had No involvement
9  in Said Case <u>Exhibit B</u>    on oct
10 22 2015
11    Despite stating he would not be
12 responding again with Correspondence
13 I Recieved Correspondence from
14 William P Weintraup on Nov 17
15 2015 who in plaintiffs opinion is
16 in Contempt of This Courts order
17 <u>Exhibit A</u>  To represent This plaintiff
18 after having been Contacted by My
19 self and order of The Court Denying
20 This plaintiff his Due process rights
21 Concerning The issues
22
23    This Counsel Claims That in his
24 Correspondence That his representation is
25 The representation of The other (3) Co-Lead
26 Counsel <u>Exhibit C</u>
27
28                                    2 of 3

In fact stating he is in effectively Representing not only this plaintiff but all plaintiffs because he representing Counsel and Not Plaintiff or Plaintiff and Directly states he refuses to represent this plaintiff concerning the four threshold issues as ordered by this Court

## Conclusion

This Counsel or all Counsel should be directly ordered to again "Concerning" representation of this plaintiff and his issues concerning the four threshold issues and afford this plaintiff his rights to appropriate representation of his unique claims concerning the four threshold issues and any and all other relief available including finding all Counsel in Contempt of This Courts orders

I Declare under penalty of perjury is true under the laws of The State of California

12/1/15  D.D.

3 of 3

1 Daryl Dunsmore
2 AD6237 C7A 150
3 Box 32200
4 Stockton CA 95213

8 UNITED STATES BANKRUPTCY COURT
9 SOUTHERN DISTRICT OF NEW YORK
10 IN RE
11 General Motors    Case 09-50026 (REG)
12 IGNITION SWITCH Litigation
13 Daryl Dunsmore
14 Plaintiff
15   v
16 General Motor et al
17 Defendents

Memorandum of Points and Authorities in support of Motion for Judicial Notice Contempt in effective assistance Request for Relief

Disobedience of a court order may be punished as a contempt only if the order meets several prerequisites. The order must be valid and within the courts power

1 of 2

1. Motion — — — — — — — — — 3 pages
2. Memorandum — — — — — — — 2 pages
3. Affidavit — — — — — — — — 2 pages

Lodgements

Exhibit A
Court order — — — — — — 1 page
Exhibit B
Correspondence Oct 22 2015 — — — 5 pages
Exhibit C
Correspondence Nov 17 2015 — — — 1 page

I declare under penalty of perjury these lodgements are true under penalty of perjury under the laws of the State of California

12/1/15   DJD

2 of 2

1  to enter <u>in re Miserer (1985) 38 C3d</u>
2  <u>543 213 CR 569</u> the terms of the order
3  Must be specific and Narrowly Drawn
4  and Must be set by the Court its
5  Self <u>People V Moses (1996) 43 CA4th 462</u>
6  <u>468 50 CR2d 89</u>

8  Here the Court Gave an order that
9  this plaintiff would be represented by
10 Selected Counsel Exhibit A and that
11 Plaintiff could select one or all
12 Counsel to represent him concerning the
13 four threshold issues

15 This plaintiff has Selected all and
16 only one has responded and has done
17 so with fraudulent misrepresentation and
18 refusal of the order resulting in ineffective
19 assistance and clear violation of this
20 plaintiffs Due process rights both in
21 this Court his Civil Complaint and
22 his writ of habeas on wrongful conviction
23 in which said exculpatory evidence
24 connected with this case must occur

26 I Declare under the penalty of perjury
27 is true under the laws of the State of
28 California
                    12/1/15    [signature]    2 of 2

09-50026-reg    Doc 13177    Filed 06/01/15    Entered 06/01/15 15:03:17    Main Document
                                      Pg 11 of 21



Judgment, including without limitation, the provisions of paragraph 13 of the Judgment."

(c)     If a counsel for a Non-Ignition Switch Pre-Closing Accident Plaintiff or Non-Ignition Switch Plaintiff listed on Exhibit "D" believes that, notwithstanding the Decision and this Judgment, it has a good faith basis to maintain that its lawsuit, or certain claims or causes of action contained therein, against New GM should not be dismissed or stricken, it shall file a pleading with this Court within 17 business days of this Judgment ("<u>No Dismissal Pleading</u>"). Such No Dismissal Pleading may request, as part of any good faith basis to maintain a lawsuit (or certain claims or causes of action contained therein) against New GM, (i) an opportunity to select one or more designated counsel from among the affected parties to address the Four Threshold Issues with respect to particular defects in the vehicles involved in the accidents or incidents that form the basis for the subject claims, and (ii) the establishment of appropriate procedures (including a briefing schedule and discovery, if appropriate) with respect thereto. If a No Dismissal Pleading is timely filed, New GM shall have 17 business days to respond to such pleading. The Court will schedule a hearing thereon if it believes one is necessary.

(d)     If counsel for a Non-Ignition Switch Pre-Closing Accident Plaintiff or a Non-Ignition Switch Plaintiff believes that, notwithstanding the Decision and this Judgment, it has a good faith basis to believe that any of the GUC Trust Assets may be used to satisfy late proofs of claim filed by them that may ultimately be allowed by the Bankruptcy Court, it shall file a pleading with this Court within 17 business days of this Judgment ("<u>GUC Trust Asset Pleading</u>"). The GUC Trust Asset Pleading shall not reargue issues that were already decided by the Decision and Judgment. If a GUC Trust Asset Pleading is timely filed, the GUC Trust,

during the proceedings regarding the Four Threshold Issues and any other parties who had notice of the proceedings regarding the Four Threshold Issues and the opportunity to be heard in them—including, for the avoidance of doubt, the plaintiffs in the *Bledsoe*, *Elliott* and *Sesay* lawsuits listed on Exhibit "C." They shall also apply to any other plaintiffs in these proceedings (including, without limitation, the Non-Ignition Switch Pre-Closing Accident Plaintiffs and Non-Ignition Switch Plaintiffs identified on Exhibit "D" attached hereto), subject to any objection ("**Objection Pleading**") submitted by any such party within 17 business days of the entry of this Judgment. New GM shall file a response to any such Objection Pleading within 17 business days of service. The Court will schedule a hearing thereon if it believes one is necessary. To the extent an issue shall arise in the future as to whether (i) the Non-Ignition Switch Pre-Closing Accident Plaintiffs and Non-Ignition Switch Plaintiffs were known or unknown creditors of the Debtors, (ii) the doctrine of equitable mootness bars the use of any GUC Trust Assets to satisfy late-filed claims of the Non-Ignition Switch Pre-Closing Accident Plaintiffs and Non-Ignition Switch Plaintiffs, or (iii) the Non-Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs were otherwise bound by the provisions of the Sale Order, the Non-Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs shall be required to first seek resolution of such issues from this Court before proceeding any further against New GM and/or the GUC Trust.

(b)    Within two (2) business days of the entry of this Judgment, New GM shall serve a copy of this Judgment on counsel for the Non-Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs identified on Exhibit "D", by e-mail, facsimile, overnight mail or, if none of the foregoing are available, regular mail, with a cover note that states: "The attachment is the Judgment entered by the Bankruptcy Court. Please review the

# GOODWIN | PROCTER

William P Weintraub
212.813.8839
WWeintraub@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

October 22, 2015

Darryl Dunsmore
AD6237 C-3A-115
California Health Care Facility
P.O. Box 32200
Stockton, CA 95213

Dear Mr. Dunsmore:

I am in receipt of your letter dated October 15, 2015. Contrary to the statement in your letter, I have not received any previous correspondence from you. Your request for discovery is not in a proper form, and I am not a party to any pending litigation concerning General Motors. Requests for discovery should be addressed to parties. I suggest you contact General Motors directly and assert your discovery request in a proper form.

For the sake of good order, please be advised that I will not be responding to future correspondence.

Very truly yours,

William P Weintraub

WPW:ac

ACTIVE/84044411.1

William Weintruab, Goodwin, Procter LLP  
620 Eighth Ave  
New York, NY 10018

Darryl Dunsmore  
AD6237  C-3A-115  
Calif. Health Care Facility  
P.O. Box 32200  
Stockton, CA 95213

I, Lula Renteria, am sending this letter to you at the direction of my son, Darryl Dunsmore, for whom I have Power of Attorney.

According to the Demand and Notification letter that he received with attachment Exhibit A, Document 13177, page2, Paragraph C, under the No Dismissal Pleading, he is intitled to select one or more disnignated council concerning the 4 threshold issues. He is selecting you and all council and is expecting immediate response by mail. This is part of the court order.

Due to incarceration because of the accident in which his GMC vehicle mal-functioned and being in Administrative Segration at the time of the bankruptcy & sale of GMC he was unable to file a claim and was deprived of Due Process. His address is at the top of the page.

Thank you,  
Lula Renteria     9/22/2015

P.S. This is a follow up to my call on 9/21/2015 in which you referred me to Robert Hillard.

Edward Weisfelner& Brown,Rudnick LLP  
7 Times Sq. #47  
New York, NY 10036

Darryl Dunsmore  
AD6237 C-3A-115  
Calif. Health Care Facility  
P.O. Box 32200  
Stockton, CA 95213

I, Lula Renteria, am sending this letter to you at the direction of my son, Darryl Dunsmore, for whom I have Power of Attorney.

According to the Demand and Notification letter that he received with attachment Exhibit A, Document 13177, page2, Paragraph C, under the No Dismissal Pleading, he is intitled to select one or more disnignated council concerning the 4 threshold issues. He is selecting you and all council and is expecting immediate response by mail. This is part of the court order.

Due to incarceration because of the accident in which his GMC vehicle mal-functioned and being in Administrative Segration at the time of the bankruptcy & sale of GMC he was unable to file a claim and was deprived of Due Process. His address is at the top of the page.

Thank you,  
Lula Renteria        9/22/2015

P. S. This is a follow up to my conversation with you on Monday 9/21/2015 in which you referred me to William Weintruab.

Robert Hillard  
719 S Shoreline Blvd. #500  
Corpus Christi, TX 78401

Darryl Dunsmore  
AD6237 C-3A-115  
Calif. Health Care Facility  
P.O. Box 32200  
Stockton, CA 95213

I, Lula Renteria, am sending this letter to you at the direction of my son, Darryl Dunsmore, for whom I have Power of Attorney.

According to the Demand and Notification letter that he received with attachment Exhibit A, Document 13177, page2, Paragraph C, under the No Dismissal Pleading, he is intitled to select one or more disnignated council concerning the 4 threshold issues. He is selecting you and all council and is expecting immediate response by mail. This is part of the court order.

Due to incarceration because of the accident in which his GMC vehicle mal-functioned and being in Administrative Segration at the time of the bankruptcy & sale of GMC he was unable to file a claim and was deprived of Due Process. His address is at the top of the page.

Thank you,  
Lula Renteria          9/22/2015  
*Lula Renteria*

P. S. This is a follow up to the voice mail I left on Monday, 9/21/15.

Attention: Scott Davidson
King & Spalding

My name is Lula Renteria and I am the widowed mother of Darryl Dunsmore. Because he is in prison and very ill he can't respond immediatley. He is filing a motion for the extension of the filing of the objections. I am writing this for him because he is in prison and medicaly incapacitated. He was in a terribnle car accident in front of my home, in which his car malfunctioned. He was blamed for the crash and went to prison. He has already been there over 7 years. This was a terrible miscarriage of justice.

Lula Renteria   9/19/2015

*Lula Renteria*

# GOODWIN | PROCTER

William P Weintraub
212.813.8839
WWeintraub@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

November 17, 2015

Lula Renteria
c/o Darryl Dunsmore
AD6237 C-3A-115
California Health Care Facility
P.O. Box 32200
Stockton, CA 95213

Dear Ms. Renteria:

I am receipt of your letter dated September 22, 2015 written on behalf of Darryl Dunsmore.

The procedure does not work in the manner suggested in your letter. I decline to represent Mr. Dunsmore. My engagement is limited to the representation of the three (3) Co-Lead lawyers in the Multi-District Litigation with respect to specific bankruptcy matters.

As I told Mr. Dunsmore in my letter responding to him, and as I will now tell you, I will not be responding to further correspondence from you.

Very truly yours,

William P Weintraub

WPW:ac

ACTIVE/84303252.1

PROOF OF SERVICE BY UNITED STATES MAIL
(Code of Civil Procedure Section 1015)
(28 U.S.C. Section 1746)

RECEIVED
DEC 11 2015
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

I, David Richards declare, depose and say, the following statement is true and correct under penalty of perjury according to the laws of the State of California based on matters known to me personally to be true:

1) I am over the age of eighteen years, a resident and a state prisoner, of the State of California with a present mailing address of:

Box 32200 Stockton Ca 95213

2) On this 1 day of Dec 20 15, I caused a true and correct copy of the following specifically described, document(s);

Motion for Contemp Judicial Notice

at the prison to be placed in a sealed envelope(s), with first postage, having been placed thereon, duly addressed to the interested person or persona described hereinafter, and then deposited such envelopes(s) in the regular United States mail, or mail service made availabe where I am detained, to the addressee(s):

King + Spalding
1185 Ave of the Americas
New York New York
10036-4003

William Weintroub
620 Eighth Ave
New York New York
10018

3) I declare that there has been regular U.S. mail pick-up by correctional officers at the prison, and/or delivery service, at the places(s) where I posted the envelopes described above, regular communication by mail between the place of mailing and the place so addressed.

David Richards

Executed this 1 day of Dec, 20 15, under penalty of perjury according to the laws of the State of California, at Los Angeles, County, City of Lancaster.