# Exhibit K

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

October 28, 2015

**Via E-Mail And Overnight Delivery**
Andre E. Jardini, Esq.
Knapp, Petersen & Clarke
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922

      Re:    *Pilgrim, et al. v. General Motors LLC*
              **Case No.: 2:15-cv-08047 (C.D. Cal.)**

Dear Counsel:

      Reference is made to the *Class Action Complaint* ("**Pleading**") filed in the above-referenced lawsuit ("**Lawsuit**"), which seeks to hold General Motors LLC ("**New GM**") liable for various claims, as well as seeks punitive damages relating to vehicles/parts manufactured and sold by Motors Liquidation Company (f/k/a General Motors Corporation) ("**Old GM**"). From a review of the Pleading, it appears that Plaintiffs are making allegations and asserting claims against New GM that violate the Sale Order and Injunction (as herein defined) entered by the Bankruptcy Court (as herein defined). *See Decision on Motion to Enforce Sale Order*, *In re Motors Liquidation Company*, 529 B.R. 510 (Bankr. S.D.N.Y 2015) ("**Decision**"), as well as the Judgment entered by the Bankruptcy Court on June 1, 2015 ("**Judgment**").[1]

      The Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 (as amended) ("**Sale Agreement**"), which was approved by an Order, dated July 5, 2009 ("**Sale Order and Injunction**"), of the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"), provides that New GM assumed only three categories of liabilities for vehicles and parts sold by Old GM: (a) post-sale accidents or incidents involving Old GM vehicles causing personal injury, loss of life or property damage; (b) repairs provided for under the "Glove Box Warranty"—a specific written warranty, of limited duration, that only covers repairs and replacement of parts and not monetary damages; and (c) Lemon Law claims (as defined in the Sale Agreement) essentially tied to the failure to honor the Glove Box Warranty. All other liabilities relating to vehicles and parts sold by Old GM were "Retained Liabilities" of Old GM. *See* Sale Agreement § 2.3(b). To the extent the claims asserted in the Pleading and damages sought are

---

[1]   A copy of the Judgment is annexed hereto as **Exhibit "A."** The Judgment memorializes the rulings in the Decision, a copy of which is annexed hereto as **Exhibit "B."**

DMSLIBRARY01\21600\162081\27368332.v1-10/28/15

Andre E. Jardini, Esq.
October 28, 2015
Page 2

based on a successor liability theory, they were not assumed by New GM and, accordingly, New GM cannot be liable to the Plaintiffs under that theory of recovery.

Various provisions of the Sale Agreement and the Sale Order and Injunction provide that New GM would have no responsibility for any liabilities (except for Assumed Liabilities, as defined in the Sale Agreement) predicated on Old GM conduct, relating to the operation of Old GM's business, or the production of vehicles and parts before July 10, 2009. *See, e.g.*, Sale Order and Injunction ¶¶ AA, 8, 46. By way of illustration, many of the putative named plaintiffs are alleged to own vehicles that were clearly manufactured and sold by Old GM. The Sale Order and Injunction enjoins parties from bringing actions against New GM for Retained Liabilities of Old GM. *Id.*, ¶ 8. It also provides that the Bankruptcy Court retains "exclusive jurisdiction to enforce and implement the terms and provision of [the] Order" including to "protect [New GM] against any of the [liabilities that it did not expressly assume under the Sale Agreement]." *Id.*, ¶ 71. If there is any ambiguity with respect to any of the foregoing -- which there should not be -- the exclusive forum to clarify that ambiguity is the Bankruptcy Court. The Bankruptcy Court has consistently exercised jurisdiction over issues such as those raised in the Lawsuit.[2]

The Bankruptcy Court's Judgment held that (except for certain claims not relevant here) "all claims and/or causes of action that the Ignition Switch Plaintiffs may have against New GM concerning an Old GM vehicle or part seeking to impose liability or damages based in whole or in part on Old GM conduct (including, without limitation, on any successor liability theory of recovery) are barred and enjoined pursuant to the Sale Order . . . ." Judgment ¶ 9; *see also* Decision, 529 B.R. at 528 ("Claims premised in any way on Old GM conduct are properly proscribed under the Sale Agreement and the Sale Order, and by reason of the Court's other rulings, the prohibitions against the assertion of such claims stand."). The reasoning and rulings set forth in the Judgment and Decision are equally applicable to the Lawsuit.

While the Judgment provided procedures for amending pleadings that violate the Judgment, Decision and Sale Order and Injunction, or filing a pleading with the Bankruptcy Court if you have a good faith basis to maintain that your pleading should not be amended, the Bankruptcy Court, on September 3, 2015, entered a *Scheduling Order Regarding Case Management Order Re: No-Strike, No Stay, Objection, And GUC Trust Asset Pleading* ("**Scheduling Order**"), which contains procedures that supersede the procedures set forth in the Judgment. A copy of the Scheduling Order is attached hereto as **Exhibit "C."** All briefing on the matters set forth in Scheduling Order has concluded. Copies of the briefs, the marked complaints and letters referenced in the Scheduling Order can be obtained from the Bankruptcy Court's docket (*In re Motors Liquidation Co.,* Case No.: 09-50026 (REG)). The Bankruptcy Court held a hearing on October 14, 2015 to address the matters set forth in the Scheduling Order, and such matters are currently *sub judice* before the Bankruptcy Court.

In light of the foregoing, either (i) the Pleading should be amended so that it is consistent with what New GM contends are the rulings in the Judgment, Decision and Sale Order and

---

[2] *See, e.g.*, *Trusky v. Gen. Motors LLC (In re Motors Liquidation Co.)*, Adv. Proc. No. 09-09803, 2013 WL 620281 (Bankr. S.D.N.Y. Feb. 19, 2013); *Castillo v. Gen. Motors LLC (In re Motors Liquidation Co.)*, Adv. Proc. No. 09–00509, 2012 WL 1339496 (Bankr. S.D.N.Y. Apr. 17, 2012), aff'd, 500 B.R. 333 (S.D.N.Y. 2013), aff'd, No. 13-4223-BK, 2014 WL 4653066 (2d Cir. Sept. 19, 2014). *See also Celotex Corp. v. Edward*, 514 U.S. 300 (1995).

Andre E. Jardini, Esq.
October 28, 2015
Page 3

Injunction; in such event you may go forward with the Lawsuit; or (ii) the Lawsuit should be stayed pending the rulings by the Bankruptcy Court of the matters set forth in the Scheduling Order.

  This letter and its attachments constitute service on you of the Judgment and Decision, as well as the Scheduling Order.

  New GM reserves all of its rights regarding any continuing violations of the Bankruptcy Court's rulings.

  If you have any questions, please call me.

            Very truly yours,

            */s/ Scott I. Davidson*

            Scott I. Davidson

SD/hs
Encl.


cc: Greg Oxford, Esq.