# Exhibit L

GREGORY R. OXFORD (SBN 62333)
ISAACS CLOUSE CROSE & OXFORD LLP
21515 Hawthorne Boulevard, Suite 950
Torrance, California 90503
Telephone: (310) 316-1990
Facsimile: (310) 316-1330
goxford@icclawfirm.com

Attorneys for Defendant
General Motors LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM D. PILGRIM, WALTER GOETZMAN, JEROME E. PEDERSON, MICHAEL FERNANDEZ, ROY HALEEN, HOWARD KOPEL, ROBERT C. MURPHY, MIKE PETERS, CHRISTOPHER CONSTANTINE, JOHN PARSONS, LYLE DUNAHOO, AARON CLARK, EDWIN WILLIAM KRAUSE, DAVID SHELDON, JARED KILEY, JEFF KOLODZI, MORRIS SMITH, ANDRES FREY, individuals, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> GENERAL MOTORS COMPANY LLC and DOES 1-50 inclusive, <br><br> Defendants. | Case No. 2:15-cv-08047-JFW-E <br><br> **STIPULATION RE FILING OF AMENDED COMPLAINT AND TIME TO RESPOND, TIME TO FILE CLASS CERTIFICATION MOTION, AND VACATION OF SCHEDULING CONFERENCE** <br><br> Complaint Served: Oct. 23, 2015 <br><br> Current Response Date: Dec. 14, 2015 <br><br> Hon. John F. Walter |

WHEREAS, plaintiffs' 188-page complaint contains 1,099 numbered paragraphs and asserts claims under federal law and the laws of twelve states;

1

1  WHEREAS, the parties previously have stipulated to extend the date for
2  defendant's response to the complaint by thirty days, to Monday, December 14,
3  2015, pursuant to L.R. 8-3;
4  WHEREAS, defendant General Motors LLC ("New GM"), sued erroneously
5  herein as "General Motors Company LLC," came into existence shortly before
6  July 10, 2009,[1] the date on which it purchased certain specified business assets of
7  the former General Motors Corporation ("Old GM") free and clear of all of Old
8  GM's liabilities (with limited exceptions) in a transaction approved by the United
9  States Bankruptcy Court for the Southern District of New York ("Bankruptcy
10 Court") pursuant to Section 363 of the Bankruptcy Code ("363 Sale") by Order of
11 the Bankruptcy Court dated July 5, 2009 ("Sale Order");
12 WHEREAS, all of the model year 2006, 2007, 2008 and some or all of the
13 model year 2009 Chevrolet Corvettes that are the subject of the eighteen individual
14 plaintiffs' allegations were manufactured by Old GM;
15 WHEREAS, New GM, the defendant in this case, contends that many, but
16 not all, of the claims asserted in plaintiffs' complaint are Retained Liabilities of
17 Old GM for which New GM has no responsibility or liability to plaintiffs and
18 contends that the Sale Order prohibits and enjoins the assertion of such claims
19 against New GM;
20 WHEREAS, New GM asserted these positions in a letter to plaintiffs'
21 counsel dated October 28, 2015;
22 WHEREAS, plaintiffs dispute New GM's positions;
23 WHEREAS, the Sale Order approving the 363 Sale prohibits the assertion of
24 certain types of claims against New GM based on the conduct of Old GM, as

---

[1] As reflected in the accompanying Rule 7.1 disclosure, General Motors LLC is a Delaware limited liability company and is an indirect wholly-owned subsidiary of General Motors Company, a Delaware corporation that is publicly traded. General Motors LLC operates the GM automotive manufacturing, sales, service and parts business in the United States.

2

1  described in (1) *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y.
2  2015) ("Decision"), and (2) the Bankruptcy Court's judgment entered on June 1,
3  2015 implementing the rulings contained in the Decision, *In re Motors Liquidation
4  Co.*, No. 09-50026, Dkt 13177 ("Judgment");
5      WHEREAS, in a further decision issued on November 9, 2015, the
6  Bankruptcy Court delineated certain types of claims that are – and certain types of
7  claims that are not – barred by the terms of the Sale Order, Decision and Judgment,
8  *In re Motors Liquidation Co.*, No. 09-50026, Dkt 13533 ("November 9 Decision");
9      WHEREAS, the Sale Order (¶ 71) retained exclusive jurisdiction in the
10 Bankruptcy Court to interpret the provisions of its order;
11     WHEREAS, plaintiffs contend that, despite this reservation of jurisdiction,
12 the Bankruptcy Court has specifically permitted certain types of claims and issues
13 to be decided by non-bankruptcy courts;
14     WHEREAS, New GM contends that some of plaintiffs' claims in its current
15 complaint are not included in the categories of claims and issues that the
16 Bankruptcy Court has permitted to be decided by non-bankruptcy courts (*see*
17 Decision, Judgment and November 9 Decision);
18     WHEREAS, following issuance of the November 9 Decision by the
19 Bankruptcy Court, undersigned counsel for plaintiffs and New GM met and
20 conferred regarding the most efficient and expeditious means of resolving the
21 question of whether some of plaintiffs' claims are barred by the terms of the Sale
22 Order, Decision, Judgment and November 9 Decision;
23     WHEREAS, without conceding the validity of New GM's positions,
24 plaintiffs' counsel has agreed to file an amended complaint (1) to address at least
25 some of the claims that, as presently pled, New GM believes to be barred and (2)
26 to add additional parties plaintiff and claims for relief;
27     WHEREAS, given the size of the current complaint and the likely size of the
28 amended complaint, plaintiffs and New GM both have asked the other for

3

additional time to complete, respectively, (1) the drafting of the amended complaint and (2) New GM's review and analysis thereof and its response thereto;

WHEREAS, New GM's review of the amended complaint will include its assessment of whether any of the claims for relief to be asserted therein are barred by pertinent provisions of bankruptcy law, the Sale Order, the Decision, the Judgment and the November 9 Decision;

WHEREAS, if New GM determines, based on such assessment, that further action by the Bankruptcy Court is necessary, it would seek an agreed stay of these proceedings pending the Bankruptcy Court's rulings or, if necessary, seek an order of the Bankruptcy Court enforcing the injunction contained in the Sale Order;

WHEREAS, L.R. 23-3 requires plaintiffs in a putative class action to file a motion for class certification within ninety days of commencing the action, which the parties respectfully submit would be premature in light of the foregoing facts;

WHEREAS, this Court has scheduled a Scheduling Conference for January 4, 2016 which the parties in light of the foregoing facts respectfully submit would also be premature;

IT IS HEREBY STIPULATED, by and between plaintiffs and defendant, by and through their undersigned counsel, that the Court may enter its order as follows:

1. Defendant shall not be required to respond to the current complaint; instead, plaintiffs shall file an amended complaint no later than December 23, 2015;

2. Defendant shall have forty-five (45) days, to and including February 3, 2016 to answer, move or otherwise respond to the amended complaint, subject to any stay that may be issued pending action by the Bankruptcy Court. For the avoidance of doubt, New GM shall have the right to seek such orders as may be appropriate from the Bankruptcy Court enforcing the injunction in the Sale Order;

3. The time for filing a motion for class certification under Local Rule 23-3 is extended, and the requirements of that rule are excused. The deadline for the filing of a motion for class certification will be set at the Scheduling Conference or at such other time as this Court may deem appropriate.

4. The Scheduling Conference set for January 4, 2016 is vacated, subject to being re-set at such time as this Court may deem appropriate.

DATED: November 30, 2015  ANDRE E. JARDINI
K.L. MYLES
KNAPP PETERSEN & CLARKE

*[s] Andre E. Jardini*
Attorneys for Plaintiffs

DATED: November 30, 2015  GREGORY R. OXFORD
ISAACS CLOUSE CROSE & OXFORD LLP

*[s] Gregory R. Oxford*
Attorneys for Defendant

**Attestation per L.R. 5-4.3.4(a)(2)(i)**

The undersigned hereby attests that that all signatories listed above concur in this filing's content and have authorized the filing.

*[s] Gregory R. Oxford*
Attorneys for Defendant

5

GREGORY R. OXFORD (SBN 62333)
ISAACS CLOUSE CROSE & OXFORD LLP
21515 Hawthorne Boulevard, Suite 950
Torrance, California 90503
Telephone: (310) 316-1990
Facsimile: (310) 316-1330
goxford@icclawfirm.com

Attorneys for Defendant
General Motors LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| WILLIAM D. PILGRIM, WALTER GOETZMAN, JEROME E. PEDERSON, MICHAEL FERNANDEZ, ROY HALEEN, HOWARD KOPEL, ROBERT C. MURPHY, MIKE PETERS, CHRISTOPHER CONSTANTINE, JOHN PARSONS, LYLE DUNAHOO, AARON CLARK, EDWIN WILLIAM KRAUSE, DAVID SHELDON, JARED KILEY, JEFF KOLODZI, MORRIS SMITH, ANDRES FREY, individuals, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> GENERAL MOTORS COMPANY LLC and DOES 1-50 inclusive, <br><br> Defendants. | Case No. 2:15-cv-08047-JFW-E <br><br> **ORDER ON STIPULATION RE FILING OF AMENDED COMPLAINT AND TIME TO RESPOND, TIME TO FILE CLASS CERTIFICATION MOTION, AND VACATION OF SCHEDULING CONFERENCE** <br><br> Complaint Served:   Oct. 23, 2015 <br><br> Current Response Date: Dec. 14, 2015 <br><br> Hon. John F. Walter |

Based on the stipulation of counsel filed on November 30, 2015, and good cause appearing therefor, IT IS HEREBY ORDERED as follows:

1

1. Defendant shall not be required to respond to the current complaint; instead, plaintiffs shall file an amended complaint no later than December 23, 2015;

2. Defendant shall have forty-five (45) days, to and including February 3, 2016 to answer, move or otherwise respond to the amended complaint, subject to any stay that may be issued pending action by the Bankruptcy Court. For the avoidance of doubt, New GM shall have the right to seek such orders as may be appropriate from the Bankruptcy Court enforcing the injunction in the Sale Order;

3. The time for filing a motion for class certification under Local Rule 23-3 is extended, and the requirements of that rule are excused. The deadline for the filing of a motion for class certification will be set at the Scheduling Conference or at such other time as this Court may deem appropriate.

4. The Scheduling Conference set for January 4, 2016 is vacated, subject to being re-set at such time as this Court may deem appropriate.

Dated: December 1, 2015

_____
Hon. John F. Walter
United States District Judge