# Exhibit B

1 GREGORY R. OXFORD (SBN 62333)
ISAACS CLOUSE CROSE & OXFORD LLP
2 21515 Hawthorne Boulevard, Suite 950
Torrance, California 90503
3 Telephone: (310) 316-1990
Facsimile: (310) 316-1330
4 goxford@icclawfirm.com

5 Attorneys for Defendant
General Motors LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| WILLIAM D. PILGRIM, WALTER GOETZMAN, JEROME E. PEDERSON, MICHAEL FERNANDEZ, ROY HALEEN, HOWARD KOPEL, ROBERT C. MURPHY, MIKE PETERS, CHRISTOPHER CONSTANTINE, JOHN PARSONS, LYLE DUNAHOO, AARON CLARK, EDWIN WILLIAM KRAUSE, DAVID SHELDON, JARED KILEY, JEFF KOLODZI, MORRIS SMITH, ANDRES FREY, individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL MOTORS COMPANY LLC and DOES 1-50 inclusive,<br><br>Defendants. | Case No. 2:15-cv-08047 JFW (Ex)<br><br>**STIPULATION FOR ENTRY OF ORDER STAYING ACTION PENDING RULING BY BANKRUPTCY COURT**<br><br>Complaint Served: Oct. 23, 2015<br><br>Current Response Date: Feb. 3, 2016<br><br>Hon. John F. Walter |

WHEREAS, plaintiffs filed their First Amended Complaint on December 22, 2016 in accordance with the parties' prior stipulation and order of the Court;

1

WHEREAS, defendant General Motors LLC ("New GM"), sued erroneously herein as "General Motors Company LLC," came into existence shortly before July 10, 2009, the date on which it purchased certain assets of the former General Motors Corporation ("Old GM") free and clear of all of Old GM's liabilities (with limited exceptions) pursuant to an agreement ("Sale Agreement") approved by the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") under Section 363 of the Bankruptcy Code ("363 Sale") by Order of the Bankruptcy Court dated July 5, 2009 ("Sale Order");

WHEREAS, all of the model year 2006, 2007, and 2008 vehicles, and some or all of the 2009 vehicles that are the subject of individual plaintiffs' allegations were manufactured by Old GM ("Old GM Vehicles");

WHEREAS, New GM, the defendant in this case, contends that most of the claims asserted in plaintiffs' First Amended Complaint are Retained Liabilities of Old GM (as defined in the Sale Agreement) for which New GM has no responsibility or liability to plaintiffs and that the Sale Order prohibits and enjoins the assertion of such claims against New GM;

WHEREAS, New GM has asserted this contention in its counsel's letters to plaintiffs' counsel dated October 28, 2015, December 15, 2015, and December 24, 2015;

WHEREAS, plaintiffs dispute New GM's contention and contend that as a result of specific knowledge by Old GM of the specific defect alleged herein by plaintiffs and the alleged safety concerns raised by that defect, plaintiffs are permitted by the reasoning of Judge Gerber's order of April 15, 2015 ("Decision on Motion to Enforce Sale Order") to pursue "Independent Claims" for economic loss to Old GM vehicles based on New GM conduct.

WHEREAS, paragraph 71 of the Bankruptcy Court's Sale Order approving the 363 Sale retained exclusive jurisdiction in the Bankruptcy Court to interpret and enforce the provisions of the Sale Order;

2

1  WHEREAS, New GM on January 19, 2016 filed a motion in the Bankruptcy
2  Court seeking an order from the Bankruptcy Court, among other things, enforcing
3  the Sale Order and specifically enjoining and precluding plaintiffs from asserting
4  or prosecuting in this action any and all claims regarding Old GM Vehicles (*In re*
5  *Motors Liquidation Co.*, Case No. 09-50026 (MG) (Bankr. S.D.N.Y.), ECF
6  #13584) ("Motion To Enforce");
7  WHEREAS, the hearing on the Motion To Enforce has been set on the
8  Bankruptcy Court's docket for February 17, 2017;
9  WHEREAS, without conceding the validity of New GM's position,
10 plaintiffs' counsel agrees that it would promote judicial economy to permit the
11 Bankruptcy Court to hear and rule on the Motion To Enforce prior to any further
12 activity in this case;
13 IT IS HEREBY STIPULATED, by and between plaintiffs and New GM, by
14 and through their undersigned counsel, that the Court may enter its order as
15 follows:
16 1. This action shall be stayed pending the Bankruptcy Court's final order
17 on the Motion To Enforce filed on January 19, 2016 in Case No. 09-50026 (MG),
18 *In re Motors Liquidation Co.* (Bankr. S.D.N.Y.), and any final appellate ruling
19 sought by either side;
20 2. The Scheduling Conference currently set for March 7, 2016 is
21 vacated, subject to being re-set by further order of the Court;
22 3. The stay would delay, until a date later set by the Court, a response by
23 plaintiffs to the Court's Order (Docket no. 21) that plaintiffs file a "RICO Case
24 Statement."
25 4. Plaintiffs shall have thirty days from and after the final Bankruptcy
26 Court order or final appellate ruling on the Motion To Enforce to file a further
27 amended complaint or to inform New GM that it will not be filing a further
28

3

1 amended complaint, and New GM shall have thirty days thereafter to answer,
2 move or otherwise respond.

3 DATED: January 22, 2016        ANDRE E. JARDINI
                                 K.L. MYLES
4                                KNAPP PETERSEN & CLARKE

5                                        *[s] Andre E. Jardini*
6                                Attorneys for Plaintiffs

7 DATED: January 22, 2016        GREGORY R. OXFORD
8                                ISAACS CLOUSE CROSE & OXFORD LLP

9                                        *[s] Gregory R. Oxford*
                                 Attorneys for Defendant
10

11          **Attestation per L.R. 5-4.3.4(a)(2)(i)**

12     The undersigned hereby attests that that all signatories listed above concur in
13 this filing's content and have authorized the filing.

14                                       *[s] Gregory R. Oxford*
15                               Attorneys for Defendant

4