**Hearing Date: Apr. 13, 2016, 10:00 a.m. ET**

Jeffrey R. Harris
Madeline E. McNeeley
**Harris Penn Lowry LLP**
400 Colony Square
1201 Peachtree St. NE Suite 900
Atlanta, GA 30361
(404) 961-7650
(404) 961-7651 (fax)

*Attorneys for Marlos L. Chenault
and Shayrika L. Chenault*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, ) | |
| f/k/a General Motors Corp., *et al.*, ) | Case No. 09-50026 (MG) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**REPLY TO GENERAL MOTORS LLC'S OBJECTION TO MOTION FOR DETERMINATION OF APPLICABILITY OF AUTOMATIC STAY**

Movants Marlos L. Chenault and Shayrika L. Chenault respectfully file this Reply to General Motors LLC's Objection to the Chenaults' Motion for Determination of Applicability of Automatic Stay.

The issue before this Court is simple. The motion before the Fulton County State Court in the Underlying Case is between the Chenaults and New GM, none of whom is a debtor in the instant proceedings. The Chenaults were injured in a

1

wreck post-Closing Date in a vehicle that was manufactured by Old GM pre-Closing Date,[1] and according to their understanding of the terms of the sale of Old GM's assets to New GM, the Chenaults attempted to sue New GM for damages. After New GM failed to answer the complaint that was served on it through its registered agent, the Chenaults sought entry of a default judgment against it. (Ex. A). *No judgment has been sought or entered against Old GM*, and the Chenaults have never argued that New GM would be liable for a judgment entered against Old GM—they have argued only that New GM agreed to be subject to suit for claims such as these. The Hon. Diane Bessen of the State Court of Fulton County presently is deciding whether, under Georgia law, the Chenaults successfully sued New GM. Judge Bessen will determine whether to grant the Chenaults' motion for entry of a default judgment against New GM, including whether the complaint met Georgia's pleading standards with respect to New GM, whether the complaint was served properly on New GM, and whether the complaint contains defects (such as use of the word "corporation" to refer to an LLC) that are fatal to the Chenaults' attempts to sue New GM or can be corrected under Georgia law.

---

[1] Specifically, the Complaint alleges the wreck occurred when a defective tire on the Chenaults' 2005 GMC Envoy Denali failed, and that the tire was designed by Old GM as an original component part for this vehicle. (Ex. B).

In making these determinations, Judge Bessen concluded that she requires information from this Court about how Old GM's bankruptcy relates to the Chenaults' claims. To that end, she asked this Court specifically to explain the nature of the relationship between Old GM and New GM to assist in her "misnomer" analysis, whether the Chenaults' claim (a products-liability claim arising post-Closing Date regarding a product manufactured by Old GM pre-Closing Date) was extinguished in or survived the bankruptcy proceedings, and if it survived, whether such claims are subject to the bankruptcy stay (that is, whether Old GM is the entity subject to suit on such claims). These are the *only* questions before this Court; this request does not require this Court to issue any dispositive rulings or to interpret Georgia law itself.

Again, the Chenaults have never purported to have a claim against Old GM, they do not believe themselves to be potential creditors of Old GM, Old GM has never been involved in the Fulton County litigation, the complaint was not served on Old GM's registered agent, and the Fulton County litigation does not implicate the assets of Old GM. Plaintiffs have never sought relief from the bankruptcy stay or filed an adversary complaint because they do not believe they are adverse to Old GM or have any claim against it. Judge Bessen will determine whether, under Georgia law, the complaint and service of process successfully brought New GM

3

into the suit; she simply asks this Court for information about the relationship between the two entities and the status of claims such as the Chenaults' in order to aid her in making that determination.  If this Court informs Judge Bessen that the Chenaults were correct that their products-liability claim survives against New GM, Judge Bessen will use that information and this Court's explanation of the relationship between Old GM and New GM to determine whether the Chenaults properly brought New GM into the suit and whether New GM is in default for failing to answer the Complaint.  If this Court informs her that the Chenaults were mistaken and their products-liability claim either was extinguished or could only have been asserted against Old GM (and thus only in the stayed bankruptcy proceedings), Judge Bessen will rule accordingly.

    New GM's characterization of Judge Bessen's Order suggests that she already has determined the Complaint asserted its claims against Old GM and now is attempting to decide, with this Court's help, whether New GM can be substituted into the Complaint as a continuation entity.  Respectfully, this is an incorrect reading of the Order.  Judge Bessen has not yet stated any conclusion about whether the Complaint asserted its claims against Old GM (as New GM contends) or against New GM (as the Chenaults contend).  She has yet to make that decision, and she has sought information from this Court about the relationship between the

two entities and the status of this category of product-liability claims to help her understand the issues raised in the Fulton County motion.

Most of New GM's argument in its Objection indicates that it appears to be confused by the Chenaults' perhaps inartful passing use of the term "successor in interest." As should be abundantly clear from context, the Chenaults were simply referring to their understanding that New GM agreed to be subject to suit for post-Closing Date products-liability claims related to products manufactured by Old GM pre-Closing Date. They *never* argued or intended to suggest that New GM is a mere continuation entity of Old GM or that they may obtain a judgment against Old GM and collect it from New GM. Despite New GM's lengthy protestations that it should not be held liable as a continuation entity, an argument the Chenaults never actually made, New GM said nothing in the Fulton County court to contradict the Chenaults' actual argument—that New GM agreed to be subject to suit for products-liability claims arising post-Closing Date related to products manufactured by Old GM pre-Closing Date. In fact, its brief to this Court acknowledges that it did agree to be subject to suit for at least some categories of damages arising from such claims. (Objection at 15 n.18).

New GM's Objection also appears to argue that this Court should determine under Georgia pleading standards that the Chenaults sued Old GM, not New GM,

and that changing the caption of the complaint to read "General Motors LLC" would constitute an improper substitution of parties under Georgia law. Respectfully, this is beyond the scope of Judge Bessen's request to this Court.

New GM's Objection does not contradict the Chenaults' understanding of any of the relevant facts: (1) Old GM filed its voluntary petition for bankruptcy on June 1, 2009, changed its name from General Motors Corporation to Motors Liquidation Company sometime between that date and July 10, 2009, and dissolved entirely in or about December 2011; (2) New GM, a new entity (known first as General Motors Company and then General Motors LLC), purchased substantially all of the assets of Old GM, agreeing as part of the sale to be subject to suit for products-liability claims arising on or after July 10, 2009 regarding products manufactured by Old GM prior to July 10, 2009; (3) Accordingly, such claims were not extinguished in the bankruptcy and, to the extent a plaintiff alleges such a claim, it is to be asserted against New GM, not Old GM;[2] and (4) By the time the Chenaults filed their complaint in Fulton County, Old GM had not even

---

[2] Of course, the Chenaults understand that *if* Old GM had retained liability for these claims and they wished to bring suit against it, such a suit may have required an adversary complaint and/or relief from the automatic stay. The difference of opinion between the Chenaults and New GM is only over whether Judge Bessen should find this is a Complaint against Old GM or New GM.

6

been in existence for nearly a year and had not used the name "General Motors Corporation" for more than three years.

Judge Bessen simply asks this Court for an order clarifying the relationship between the GM entities and the status of this category of claims so she may then finish the job of determining whether the complaint and service of process actually did, as the Chenaults intended, bring suit against New GM and whether Georgia law allows the caption to be corrected and a default judgment to be entered. The Chenaults' goal in filing their Motion in this Court is simply to make sure Judge Bessen has all the information she feels she needs in order to make her ruling. The Chenaults respectfully request that this Court enter their proposed Order.

Respectfully submitted this 7th day of April, 2016.

HARRIS PENN LOWRY LLP

/s/ Madeline E. McNeeley
Jeffrey R. Harris
Georgia Bar No. 330315
Madeline E. McNeeley
Georgia Bar No. 460652
*Appearing pro hac vice*

400 Colony Square
1201 Peachtree St. NE Suite 900
Atlanta, GA 30361
(404) 961-7650
(404) 961-7651 (fax)

*Attorneys for Marlos L. Chenault and Shayrika L. Chenault*

7

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **REPLY TO GENERAL MOTORS LLC'S OBJECTION TO MOTION FOR DETERMINATION OF APPLICABILITY OF AUTOMATIC STAY** upon the following parties and attorneys of record by filing same with the Court's CM/ECF system:

Arthur Steinberg
Scott Davidson
**King & Spalding LLP**
1185 Avenue of the Americas
New York, NY 10036

*Attorneys for General Motors LLC*

Richard C. Godfrey
Andrew B. Bloomer
**Kirkland & Ellis LLP**
300 North LaSalle
Chicago, IL 60654

*Attorneys for General Motors LLC*

Thomas Morrow
**Motors Liquidation Company**
401 S. Old Woodward Ave., Ste. 370
Birmingham, MI 48009

*Debtors*

Lawrence S. Buonomo, Esq.
**General Motors LLC**
400 Renaissance Center
Detroit, MI 48265

Harvey R. Miller, Esq.
Stephen Karotkin, Esq.
Joseph H. Smolinsky, Esq.
**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153

*Attorneys for the Debtors, Post-Effective Date Debtors, and Motors Liquidation Company GUC Trust*

Tracy Hope Davis, Esq.
**Office of the United States Trustee for the Southern District of New York**
33 Whitehall Street, 21st Floor
New York, NY 10004

8

David S. Jones, Esq.
Natalie Kuehler, Esq.
**U.S. Attorney's Office, SDNY**
86 Chambers Street, Third Floor
New York, NY 10007

Joseph Samarias, Esq.
**The U.S. Department of the Treasury**
1500 Pennsylvania Ave. NW, Room 2312
Washington, DC 20220

John J. Rapisardi, Esq.
**Cadwalader, Wickersham & Taft LLP**
One World Financial Center
New York, NY 10281

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
**Vedder Price, P.C.**
1633 Broadway, 47th Floor
New York, NY 10019

*Attorneys for the United States Department of the Treasury*

*Attorneys for Export Development Canada*

Thomas Moers Mayer, Esq.
Robert Schmidt, Esq.
Lauren Macksoud, Esq.
Jennifer Sharret, Esq.
**Kramer Levin Naftalis & Frankel LLP**
1177 Avenue of the Americas
New York, NY 10036

Sander L. Esserman, Esq.
Robert T. Brousseau, Esq.
**Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, TX 75201

*Attorneys for the Future Claimants' Representative*

*Attorneys for the Creditors' Committee*

Elihu Inselbuch, Esq.
Rita C. Tobin, Esq.
**Caplin & Drysdale, Chartered**
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Trevor W. Swett III, Esq.
Kevin C. Maclay, Esq.
**Caplin & Drysdale, Chartered**
Thomas Circle, N.W., Suite 1100
Washington, DC 20005

*Attorneys for the Asbestos Claimants' Committee*

*Attorneys for the Asbestos Claimants' Committee*

Anna Phillips
**FTI Consulting**
GUC Trust Monitor and Avoidance Action Trust Monitor
One Atlantic Center
1201 W. Peachtree Street, Suite 500
Atlanta, GA 30309

Keith Martorana, Esq.
**Gibson, Dunn & Crutcher LLP**
200 Park Avenue, 47th Floor
New York, NY 10166

*Attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator*

Kirk P. Watson, Esq.
Asbestos Trust Administrator
2301 Woodlawn Boulevard
Austin, TX 78703

Michael V. Blumenthal, Esq.
**Crowell & Moring LLP**
590 Madison Avenue, 19th Floor
New York, NY 10022-2524

*Attorneys for the Environmental Response Trust*

I further certify that I have served the following persons or entities by placing a copy of the foregoing in first-class U.S. Mail, proper postage prepaid:

David L. Balser, Esq.
Philip E. Holladay, Jr., Esq.
Susan M. Clare, Esq.
Anneke J. Shepard, Esq.
**King & Spalding LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521

*Attorneys for General Motors LLC*

This the 7th day of April, 2016.

                                        HARRIS PENN LOWRY LLP

                                         /s/ Madeline E. McNeeley
                                        Jeffrey R. Harris
                                        Georgia Bar No. 330315
                                        Madeline E. McNeeley

09-50026-mg    Doc 13617    Filed 04/07/16    Entered 04/07/16 11:53:37    Main Document
    Pg 11 of 11

400 Colony Square  
1201 Peachtree St. NE Suite 900  
Atlanta, GA 30361  
(404) 961-7650  
(404) 961-7651 (fax)

Georgia Bar No. 460652

*Attorneys for Marlos L. Chenault and Shayrika L. Chenault*