09-50026-mg    Doc 13617-1    Filed 04/07/16    Entered 04/07/16 11:53:37    Exhibit Ex.
A    Pg 1 of 7

State Court of Fulton County
**E-FILED**
12EV016009
7/24/2015 2:38:58 PM
Cicely Barber, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARLOS L. CHENAULT and <br> SHAYRIKA L. CHENAULT, <br> <br> Plaintiffs, <br> <br> v. <br> <br> CONTINENTAL AG; CONTINENTAL TIRE THE AMERICAS, LLC, d/b/a CONTINENTAL TIRE NORTH AMERICA, INC.; GENERAL TIRE INTERNATIONAL COMPANY d/b/a GENERAL TIRE; GENERAL MOTORS CORPORATION; and BROWN TIRE SERVICE, <br> <br> Defendants. | **Civil Action No.**: 12EV016009J |

### PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT AND FOR CORRECTION OF MISNOMER

Plaintiffs Marlos L. Chenault and Shayrika L. Chenault respectfully move this Court for entry of judgment as to liability against Defendant "General Motors Corporation," properly known as General Motors LLC, and to correct the misnomer pursuant to O.C.G.A. § 9-10-132, showing as follows.

### I.    FACTUAL BACKGROUND

Plaintiffs were involved in a single-car collision on January 29, 2011, when the right rear tire on their 2005 GMC Envoy Denali experienced a tread separation, causing the vehicle to strike a guardrail and roll over. Plaintiffs filed their Complaint on October 18, 2012, against multiple defendants, including "General Motors Corporation."[1]

---

[1] An order of default judgment as to liability was entered against Brown Tire Service on July 15, 2015. All claims against Continental AG, Continental Tire the Americas, LLC, and General Tire International Company have been dismissed.

Exhibit A

General Motors LLC, against which the Chenaults have a products-liability claim as the successor-in-interest to the manufacturer of the Denali, was served with process on October 22, 2012, through its registered agent, Kara McDaniel. (*See* Aff. of Service on General Motors LLC, attached as Ex. A). The affidavit of service was filed on April 3, 2013. (*See id.*). General Motors LLC failed to answer the Complaint within 30 days of service, causing the case to go automatically into default on November 21, 2012, and it did not open the default as of right within 15 days of the automatic default. Accordingly, Plaintiffs moved for entry of a default judgment on May 23, 2013.[2] That motion remains pending.

Plaintiffs are aware that this Court might be unfamiliar with the details of the 2009 "General Motors bankruptcy" and whether the bankruptcy affects this Court's jurisdiction to act on the May 23rd Motion. To assist this Court's understanding of the issue, Plaintiffs offer this brief overview of the relevant facts.

On June 1, 2009, the entity then known as General Motors Corporation ("Old GM") filed a voluntary petition for bankruptcy in the U.S. Bankruptcy Court for the Southern District of New York, Case No. 09-50026-reg.[3] Old GM then changed its name to Motors Liquidation Company and sold substantially all of its assets to a new, independent entity subsequently called General Motors Company and now known as General Motors LLC ("New GM"). The sale of the Old GM assets to New GM closed on July 10, 2009 ("Closing Date"). As part of the sale, New GM assumed liability to third parties for all products liability claims arising after July 10,

---

[2] Plaintiffs first moved for entry of default judgment on April 3, 2013. That motion was denied, apparently because the proof of service had not been filed prior to the filing of the motion. (*See* Order of Apr. 3, 2013).

[3] Plaintiffs do not attach all of the supporting documents from the bankruptcy proceedings, but will gladly provide copies to this Court upon request. The documents and other background information may be obtained at http://www.motorsliquidationdocket.com.

2009. This includes claims pertaining to the 2005 GMC Envoy Denali, which was manufactured by Old GM.

Old GM/Motors Liquidation Company, the debtor in the bankruptcy proceeding, dissolved in December 2011. The bankruptcy case remains open while lingering issues involving Old GM/Motors Liquidation Company are resolved, but New GM—the entity liable for claims arising after the Closing Date—is not the debtor entity and is not subject to the bankruptcy proceedings.

## II.    ARGUMENT AND CITATION OF AUTHORITIES

Defendant "General Motors Corporation" went into default on November 21, 2012, pursuant to O.C.G.A. § 9-11-55(a). It did not reopen the default as of right within 15 days, and in fact, it has never entered any appearance before this Court in the nearly 3 years of litigation. For the reasons set forth in Plaintiffs' May 23, 2013, motion for entry of default judgment, which is expressly incorporated by reference herein, Plaintiffs ask this Court to enter default judgment against the Defendant.

Moreover, Plaintiffs respectfully submit that the 2009 General Motors bankruptcy has no effect on Plaintiffs' claims or on this Court's ability to enter relevant orders. When New GM purchased Old GM's assets from Motors Liquidation Company in July 2009, it agreed to assume liabilities for products-liability claims arising after the Closing Date of July 10, 2009. Plaintiffs' Complaint makes clear on its face that their products-liability claim regarding their GMC Envoy Denali arose on January 29, 2011, the date of the collision. Therefore, Plaintiffs have a valid claim against New GM, the successor-in-interest to Old GM. To the extent that any automatic bankruptcy stay might have affected claims against Old GM/Motors Liquidation Company, it would have no relevance here. New GM is not the debtor in the bankruptcy case, Plaintiffs are

not potential creditors of Old GM, and this case has no connection to the bankruptcy proceedings. Plaintiffs' only claim is against New GM, an independent company that purchased certain assets and liabilities of the debtor entity. Therefore, regardless of the status of the Old GM/Motors Liquidation Company bankruptcy proceedings, they do not affect the litigation against New GM in this Court.

Plaintiffs acknowledge that their Complaint mistakenly referred to New GM by the misnomer "General Motors Corporation" instead of its actual name, "General Motors LLC," or its previous name, "General Motors Company," but this does not affect Plaintiffs' claims against New GM. "It is an elementary rule of pleading that substance, not mere nomenclature, controls." *Miller v. U.S. Shelter Corp. of Del.*, 179 Ga. App. 469, 472 (1986) (quotation marks omitted). "A mere misnomer of a corporation in a judicial proceeding is not material or vital in its consequences, if the identity of the corporation intended is clear." *Id.* (quotation marks omitted). Where the real party-defendant was properly served, a mere misnomer in the process does not void a default judgment entered against it. *See id.* at 473 (reversing trial court order that had set aside default judgment against properly served, but technically misnamed, defendant). Moreover, where the correct defendant was properly served, the misnomer may be corrected by court order upon motion. *Mathis v. BellSouth Telecomms., Inc.*, 301 Ga. App. 881, 883 (2010) (citing O.C.G.A. § 9-10-132). Because such a correction does not change or add parties, the change does not require the plaintiff to serve the defendant a second time. *Id.*

Although the Complaint mistakenly referred to New GM as "General Motors *Corporation*" instead of "General Motors *Company*" (its previous name) or "General Motors *LLC*" (its current name), the Complaint properly described the Defendant as organized under the laws of Delaware, with its principal place of business in Michigan, and registered to do business

4

in Georgia. (*See* Compl. ¶ 6). That description, of course, can refer only to New GM, not Old GM, which not only changed its name to Motors Liquidation Company more than three years before the Complaint was filed but did not even exist by the time the Complaint was filed, having *dissolved* almost a year earlier. The substance of the Complaint also makes clear that Plaintiffs' claim arose post-Closing Date, meaning that it is against New GM rather than Old GM. Importantly, New GM was properly served with the Summons and Complaint. (*See* Ex. A (showing service on General Motors LLC's registered agent)). Because the correct defendant was properly served and the identity of the intended defendant is clear, litigation may proceed against it and default judgment may be entered against it. *See Miller*, 179 Ga. App. at 172-73. This Court may, in its discretion, correct the misnomer by changing the defendant's name in the caption of the case to "General Motors LLC," and Plaintiffs respectfully request that it do so in order to avoid any confusion in future. Such a correction would not affect the course of the litigation, and because additional service would not be required, the correction would not affect the ability of this Court to enter default judgment. *See Mathis*, 301 Ga. App. at 883.

### III.    CONCLUSION

New GM is in default and Plaintiffs are aware of nothing that would affect this Court's ability to enter default judgment against it. Therefore, for the reasons set forth above and in Plaintiffs' May 23, 2013, motion for entry of default judgment, which is expressly incorporated by reference herein, Plaintiffs respectfully request that this Court correct the misnomer "General Motors Corporation" in the caption to "General Motors LLC," enter default judgment as to liability against General Motors LLC, and set this case for a hearing as to the amount of Plaintiffs' unliquidated damages.


Respectfully submitted this 24th day of July, 2015.

**HARRIS PENN LOWRY LLP**

*/s/ Jeffrey R. Harris*
DARREN W. PENN
  Georgia Bar No. 571322
JEFFREY R. HARRIS
  Georgia Bar No. 330315
STEPHEN G. LOWRY
  Georgia Bar No. 460289
JED D. MANTON
  Georgia Bar No. 868587

400 Colony Square
1201 Peachtree St. NE, Suite 900
Atlanta, GA 30361
(404) 961-7650 (T)
(404) 961-7651 (F)

**FRANKLIN LAW, L.L.C.**

REBECCA C. FRANKLIN
  Georgia Bar No. 141350

400 Colony Square
1201 Peachtree St. NE, Suite 900
Atlanta, GA 30361
(404) 961-5333 (T)
(404) 969-4503 (F)

*COUNSEL FOR PLAINTIFFS, MARLOS L. CHENAULT AND SHAYRIKA L. CHENAULT*

## CERTIFICATE OF SERVICE

This is to certify that I have this day submitted **PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT AND FOR CORRECTION OF MISNOMER** via electronic filing and by serving via USPS, postage pre-paid to the following:

| | |
|---|---|
| Brown Tire Service | General Motors LLC |
| c/o Heyward Brown | By Serving Registered Agent |
| 2141 Jonesboro Road, SW | Corporation Service Company |
| Atlanta, GA 30315 | 2711 Centerville Road |
| | Suite 400 |
| | Wilmington, DE 19808 |

Respectfully submitted this 24th day of July, 2015.

**HARRIS PENN LOWRY LLP**

  */s/ Jeffrey R. Harris*
DARREN W. PENN
  Georgia Bar No. 571322
JEFFREY R. HARRIS
  Georgia Bar No. 330315
STEPHEN G. LOWRY
  Georgia Bar No. 460289
JED D. MANTON
  Georgia Bar No. 868587

400 Colony Square
1201 Peachtree St. NE, Suite 900
Atlanta, GA 30361
(404) 961-7650 (T)
(404) 961-7651 (F)

*Counsel for Plaintiffs*