Jeffrey R. Harris
*Appearing pro hac vice*
**Harris Penn Lowry LLP**
400 Colony Square
1201 Peachtree St. NE Suite 900
Atlanta, GA 30361
(404) 961-7650
(404) 961-7651 (fax)

*Attorneys for Marlos L. Chenault
and Shayrika L. Chenault*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | ) |
| | ) CHAPTER 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, | ) |
| f/k/a General Motors Corp., *et al.*, | ) Case No. 09-50026 (MG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**MOTION FOR LEAVE TO APPEAL**

Marlos L. Chenault and Shayrika L. Chenault, Movants in the above-styled case, hereby move for leave to appeal the Memorandum Opinion and Order Determining that the Automatic Stay Applies to the State Court Action, entered on April 15, 2016 (Doc. 13618). The Chenaults seek review of whether General Motors LLC ("New GM") assumed liability for product-liability claims involving component parts defectively designed by General Motors Corporation ("Old GM") that allegedly were sold or delivered by Old GM to the original buyer. Respectfully, the Chenaults further contend that the Order exceeded the Bankruptcy Court's jurisdiction and the scope of the State Court Order by ruling on a live dispute between New GM and the Chenaults that must be resolved by the State Court according to Georgia law—namely whether, under Georgia laws regarding pleading standards, service of process, and misnomer, the Complaint

1

named New GM or Old GM as the defendant. Both these questions are appropriate for interlocutory review.

## I.    BACKGROUND

The Chenaults were involved in a single-car collision on January 29, 2011, when the right rear tire of their 2005 GMC Envoy Denali experienced a tread separation, causing the vehicle to strike a guardrail and roll over. (Doc. 13612-1 ¶¶ 9-10). The Chenaults filed a product-liability suit in *Chenault v. Continental AG, et al.*, No. 12EV016009J (State Court of Fulton County, Georgia), alleging in part that Old GM, the manufacturer of their 2005 GMC Envoy Denali, participated in the defective design of the tire, which was original equipment to this class of GM vehicles.[1] (Doc. 13617-2 ¶ 12). The Amended Master Sale Agreement states that New GM agreed to assume liability for personal-injury claims involving vehicles designed by Old GM, or the vehicles' component parts, which that were "manufactured, sold or delivered" by Old GM. (Doc. 2968-2 § 2.3(a)(ix)). The Amended Master Sale Agreement does not appear to specify that the component part must have been sold or delivered by Old GM into the hands of the injured party. As the tire at issue in this case was original equipment to these vehicles (i.e., it was sold and/or delivered by Old GM to the first purchaser as a component part of the vehicle), the Chenaults contend that their claim is among those for which New GM assumed liability.

The Complaint in the State Court Action was served on General Motors LLC[2] ("New GM") but mistakenly referred to the defendant as "General Motors Corporation" in the caption

---

[1] The Chenaults purchased this particular tire from a tire dealer after it had been removed from the prior vehicle.
[2] Personal service was made on the registered agent for General Motors LLC and the process server's affidavit of service was returned and filed in the State Court of Fulton County. (Doc. 13612-1 at 207). Whether that service was effective despite the registered agent's apparent

of the complaint. (Doc. 13617-2 at 1; Doc. 13612-1 at 207). New GM did not answer the Complaint. In their pending motion for entry of default judgment and correction of misnomer in the State Court Action, Movants contend that the Complaint only asserted claims against New GM and that the reference to the defendant as a corporation rather than an LLC was a mere misnomer that may be corrected under Georgia law. (Doc. 13617-1). New GM contends in the State Court Action that the Complaint asserted the claims against Old GM and that changing the caption would constitute a substitution of parties under Georgia law rather than a correction of a misnomer. (Doc. 13612-1 at 252-69). The Fulton County court has not yet issued an order resolving this dispute.

On September 28, 2015, the Fulton County court issued an order directing the Chenaults "to seek a ruling from the Bankruptcy Court regarding the nature of the relationship between General Motors Corporation and General Motors, LLC, whether or not the claims herein survive or are barred for any reason, and whether or not the bankruptcy stay applies in this case." (Doc. 13611-1 at 2). The Bankruptcy Court Order entered April 15, 2016, ruled that (1) New GM is not a successor entity to Old GM and is not liable on claims of successor or transferee liability; (2) the State Court Complaint asserted the Chenaults' claims against Old GM and thereby violated the automatic stay; and (3) New GM did not assume liability for the Chenaults' claim because Old GM did not sell or deliver the defective tire to the Chenaults. (Doc. 13618).

## II.    ARGUMENT

Interlocutory appeal of a bankruptcy order will be granted where it "involves a controlling question of law as to which there is substantial ground for difference of opinion and .

---

decision not to forward process to General Motors LLC is a matter controlled by state law, which has not yet been resolved by the Fulton County court.

3

. . an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Pappas*, 207 B.R. 379, 381 (2d Cir. B.A.P. 1997). The Chenaults seek review of two issues raised by the Bankruptcy Order.

1. <u>The Bankruptcy Court Lacked Jurisdiction to Resolve a State-Law Dispute Between Third Parties that Does Not Involve the Debtor.</u>

First, the Chenaults contend that the Bankruptcy Court lacked jurisdiction to rule that the State Court Complaint asserted their claims against Old GM, not New GM, and thereby violated the automatic stay of litigation against Old GM. "Generally, bankruptcy courts lack jurisdiction to hear controversies between third parties which do not involve the debtor or property of the debtor, unless the court cannot perform its administrative duties without resolving the controversy." *Plaza at Latham Assocs. v. Citicorp N. Am., Inc.*, 150 B.R. 507, 512 (N.D.N.Y. 1993). A court must dismiss an action whenever it appears that the court lacks subject matter jurisdiction. *United Nat. Ins. Co. v. Waterfront N.Y. Realty Corp.*, 907 F. Supp. 663, 667 (S.D.N.Y. 1995). A judgment rendered by a court lacking subject matter jurisdiction is void and must be vacated. *Id.* at 668.

The dispute in the State Court Action is over whether a default judgment may be entered against New GM and, relatedly, whether the pleadings and service of process brought New GM into the State Court Action under Georgia law. The Chenaults have argued in those proceedings that they properly brought their action against New GM and that the reference to the defendant as a corporation rather than as an LLC was a mere misnomer that may be corrected under Georgia law. New GM has disputed this, arguing that the Complaint should be interpreted as asserting the Chenaults' claim against Old GM instead, and the Fulton County court has not yet resolved

4

the dispute. Regardless of which way the Fulton County court ultimately rules, though, Old GM and its assets will not be involved; the ultimate question before that court is only whether to enter judgment against New GM. *See Plaza at Latham Assocs.*, 150 B.R. at 512. The Chenaults have not served Old GM with the State Court Complaint, they are not pursuing any claim against Old GM, and they have not suggested that the Fulton County court may choose to enter judgment against Old GM. Resolving the question of whether the State Court Action was successfully brought against New GM also is not necessary to performing the Bankruptcy Court's administrative functions, as the pending motion for default judgment against New GM does not implicate administration of the debtor's estate. *See id.* Thus, while the Fulton County court asked the Bankruptcy Court to explain whether product-liability claims such as the Chenaults' survived the bankruptcy or are stayed or barred, the Chenaults contend the Bankruptcy Court was limited to describing that a claim asserted against Old GM would be stayed by the bankruptcy while a claim against New GM would not; the Bankruptcy Court did not have jurisdiction to resolve the dispute between New GM and the Chenaults over whether the State Court Action was brought against New GM.

The Chenaults seek to have the Bankruptcy Order vacated to the extent that Court exceeded its jurisdiction. Subject matter jurisdiction is a question of law. *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998). Whether the Bankruptcy Court lacked jurisdiction to enter part of its Order will, of course, control whether that portion of the Order must be vacated. *See United Nat. Ins. Co.*, 907 F. Supp. at 667-68. Finally, an immediate appeal will materially advance this litigation by allowing the Chenaults to resolve this jurisdictional question without waiting for the eventual resolution of the debtor's estate, and the debtor entity will not be

prejudiced by an immediate appeal, as no potential outcome of this dispute would alter the automatic bankruptcy stay or implicate its assets.  Moreover, the Fulton County court has stayed its resolution of the motion for default judgment against New GM until the Bankruptcy Court Order becomes final, so immediate appeal will materially advance the State Court litigation, as well.  This issue meets the criteria for interlocutory appeal.  *See In re Pappas*, 207 B.R. at 381.

2. New GM Assumed Liability for Product Liability Claims of the Type Asserted in the State Court Complaint.

The Chenaults also seek review of whether New GM assumed liability for product-liability claims such as theirs.  The Amended Master Sale Agreement states that New GM agreed to assume liability for design-defect claims involving component parts that were "manufactured, sold or delivered" by Old GM.  The Amended Master Sale Agreement does not appear to specify that the component part must have been sold or delivered by Old GM *into the hands of the injured party*.  The Chenaults contend that New GM assumed liability for their alleged claim because Old GM allegedly was involved in the defective design of the tire and Old GM allegedly sold and/or delivered the defectively designed tire to its first buyer.[3]  (*See* Doc. 13612-1 at 5 ¶ 12, alleging the tire was designed as a component part for GM-manufactured vehicles and was original equipment to such vehicles).  Whether a tort claim requires privity between the alleged tortfeasor and the injured party is a question of law.  *See, e.g.*, O.C.G.A. § 51-1-11 (stating that no privity is necessary to support a tort action in Georgia).  Whether the Chenaults were required to allege they were in privity with Old GM will control whether they are able to assert a claim

---

[3] New GM contends that Old GM was not in fact involved in the design of the tire, but the question at this stage is whether the pleadings alleged a claim for which New GM would be liable if true.

6

against New GM, and allowing an immediate appeal will materially advance the litigation for the same reasons stated above. Leave for interlocutory appeal should be granted. *See In re Pappas*, 207 B.R. at 381.

### III.     CONCLUSION

For the foregoing reasons, the Chenaults respectfully request that this Court grant them leave to file an appeal from the April 15th Order.

Respectfully submitted this 29th day of April, 2016.

HARRIS PENN LOWRY LLP

/s/ Jeffrey R. Harris
Jeffrey R. Harris
*Appearing pro hac vice*

400 Colony Square
1201 Peachtree St. NE Suite 900
Atlanta, GA 30361
(404) 961-7650
(404) 961-7651 (fax)

*Attorneys for Marlos L. Chenault and Shayrika L. Chenault*

7

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **MOTION FOR LEAVE TO APPEAL** upon all parties and attorneys of record by filing same with the Court's CM/ECF system.

This the 29th day of April, 2016.

HARRIS PENN LOWRY LLP

 /s/ Jeffrey R. Harris
Jeffrey R. Harris
Georgia Bar No. 330315

400 Colony Square
1201 Peachtree St. NE Suite 900
Atlanta, GA 30361
(404) 961-7650
(404) 961-7651 (fax)

*Attorneys for Marlos L. Chenault and Shayrika L. Chenault*