# Exhibit C

09-50026-mg    Doc 13626-3    Filed 05/13/16    Entered 05/13/16 15:21:48    Exhibit C
Pg 2 of 16

State Court of Fulton County
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 47124032
Date: Oct 18 2012 10:04AM
Mark Harper, Clerk

# IN THE STATE COURT OF FULTON COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| MARLOS L. CHENAULT and <br> SHAYRIKA L. CHENAULT <br><br> Plaintiffs, <br><br> v. <br><br><br> CONTINENTAL AG; CONTINENTAL TIRE THE AMERICAS, LLC, d/b/a CONTINENTAL TIRE NORTH AMERICA, INC.; GENERAL TIRE INTERNATIONAL COMPANY d/b/a/ GENERAL TIRE; GENERAL MOTORS CORPORATION; and BROWN TIRE SERVICE. <br><br> Defendants. | **Civil Action No.**: <br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

Plaintiffs, Shayrika Chenault and Marlos Chenault, by and through the undersigned attorneys, file this Complaint for Damages.

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiffs Shayrika Chenault and Marlos Chenault ("collectively Plaintiffs") are residents of Georgia and are entitled to bring this action for injuries sustained as a result of the incident described herein.

2.

Defendant Continental AG is a foreign corporation engaged in the business of developing, manufacturing, promoting, advertising, and selling light truck tires in the state of Georgia and throughout the United States and elsewhere. Defendant Continental AG is a

German corporation, registered in Hanover, Germany, with its principal place of business in Hanover Germany. Pursuant to the provisions of Georgia's long-arm statute, O.C.G.A. § 9-10-91(a), (b) and (c), Defendant Continental AG is subject to the *in personam* jurisdiction of this Court. Defendant Continental AG may be served pursuant to The Hague Convention, Continental AG Vahrenwalder Strasse 9, 30165 Hanover, Germany.

3.

Defendant, Continental Tire The Americas, LLC, d/b/a Continental Tire North America, hereafter to as "CTTA", is an Ohio corporation registered to do business in the State of Georgia. CTTA is engaged in the business of designing, manufacturing, and selling tires in the State of Georgia and throughout the United States and elsewhere. CTTA is subject to the jurisdiction of this Court because it is registered to do business throughout the State of Georgia and does transact business within this State. Defendant CTTA may be served with process, and has a registered agent for service of process in Georgia, to wit: CT Corporation System, 1201 Peachtree Street, Northeast, Atlanta, Fulton County, Georgia 30361.

4.

Defendant General Tire International Company d/b/a General Tire, hereafter referred to as "General Tire", is a foreign corporation engaged in the business of designing, manufacturing, and selling tires in the State of Georgia and throughout the United States and elsewhere. General Tire is an Ohio corporation, registered in Akron, Ohio. Pursuant to the provisions of Georgia's long-arm statute, O.C.G.A. § 9.10-91(a), (b) and (c), Defendant General Tire is subject to the *in personam* jurisdiction of this Court. Defendant General Tire may be served with process through its registered agent: CT Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114.

5.

Defendants CTTA and General Tire are both subsidiaries of Defendant Continental AG. At all relevant times, Defendant Continental AG, individually and by and through CTTA and General Tire, was engaged in the designing, manufacturing, and selling of tires throughout the State of Georgia, the United States, and elsewhere. CTTA, General Tire and Continental AG will be referred to collectively as the "Continental Defendants", unless otherwise noted.

6.

Defendant General Motors Corporation, hereafter "GMC", is a foreign corporation registered to do business in Georgia. Defendant General Motors is a Delaware corporation with its principal place of business in Michigan. Defendant GMC may be served with process through its registered agent: The Corporation Company, 328 Alexander Street, Suite 10, Marietta, Cobb County, Georgia 30060.

7.

Heyward Brown d/b/a/ Brown Tire is an unincorporated Georgia business association engaged in the business of selling and/or servicing new and used tires to the general public in and around Atlanta, Georgia. Pursuant to O.C.G.A. § 9-2-25 (b), Defendant Brown Tire may be served with process through its owner, Heyward Brown, or any other officer or official member of Brown Tire located at the Defendant's principal place of business: 2141 Jonesboro Road, SW, Atlanta, Fulton County, Georgia 30315.

8.

Venue is proper as to all parties pursuant to O.C.G.A. § 9-10-31.

## STATEMENT OF RELEVANT FACTS

9.

On January 29, 2011, Plaintiffs were traveling Eastbound on I-20 in Morgan County Georgia in a 2005 GMC Envoy Denali ("subject vehicle"). The subject vehicle's identification number is 1GKES63M452357201.

10.

As Plaintiffs approached the City of Madison, Georgia, the subject vehicle's right rear tire ("subject tire") suffered a tread separation, causing the vehicle to collide with a guardrail and ultimately roll over.

11.

As a result, Plaintiff Marlos L. Chenault was ejected from the subject vehicle rendering him paralyzed from the waist down.

12.

The defective subject tire was originally designed in part by GMC as a component part for GMC manufactured light passenger trucks. The subject tire was marked "TPC Spec 2321," which identifies the tire as an "Original Equipment" design for GMC manufactured vehicles.

13.

The defective subject tire was also designed, manufactured, tested, marketed and distributed by the Continental Defendants as a safe tire for use on vehicles such as the GMC Denali.

14.

The pertinent facts regarding the subject tire are as follows:

4

       Tire Brand and Size:  Continental ContiTrac TR P245/65R17
       Date of Manufacture: 4th Week of 2004
       Place of Manufacture:  General Tire International Company, Mt. Vernon, Illinois
       DOT No.: A38TBL50404

15.

The Subject Tire was purchased from Defendant Brown Tire prior the subject incident.

## COUNT I

## STRICT LIABILITY OF CONTINENTAL DEFENDANTS

16.

Plaintiffs hereby incorporate and reallege the preceding paragraphs as if set forth fully herein.

17.

During the time from when the subject tire was first researched and developed until its failure, the Continental Defendants were engaged in the business of designing, manufacturing, selling and distributing tires, including the subject tire.

18.

The Continental Defendants are responsible for placing the subject tire into the stream of commerce.

19.

The Continental Defendants are strictly liable to Plaintiffs because the subject tire, at the time it was sold, was (1) unfit for its intended and foreseeable use; (2) defective; and (3) unreasonably dangerous to the user or consumer and to all persons riding in a vehicle equipped with the subject tire.

20.

The subject tire was defective and unreasonably dangerous in the following particulars: design characteristics, lack of warnings, improper adhesive qualities, improper durability, improper quality of materials, propensity to permit a separation between the tread belt package and tire carcass, manufacturing defects and/or processing defects or any other reason which may be learned through discovery.  Further, the risks inherent in the design of the subject tire outweighed any utility of the chose design, rendering it defective.

21.

The Plaintiffs were foreseeable users of the subject tire and the subject tire was being used for its intended purpose in an intended manner at the time of the catastrophic injuries.

22.

The aforementioned defective condition was present and existed at the time the subject tire left the Defendants' control, and the subject tire was in the substantially same condition as it was at the time of initial sale.

23.

As a direct and proximate cause of the defective and unreasonably dangerous condition of the subject tire, Plaintiff Marlos Chenault was seriously and permanently injured.

**COUNT II**

**NEGLIGENCE OF CONTINENTAL DEFENDANTS**

24.

Plaintiffs hereby incorporate and reallege the preceding paragraphs as if set forth fully herein.

25.

At all times relevant, the Continental Defendants were in the business of supplying light truck passenger tires, including the defective subject tire, with the intent that the tires would be sold and used within and outside the State of Georgia.

26.

The Continental Defendants designed, marketed, distributed, sold and/otherwise placed into the stream of commerce the subject tire intending that it be used in the precise manner that it was being used at the time the above-mentioned tire failure occurred.

27.

At all material times, the Continental Defendants owed a duty to exercise reasonable care in designing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce the subject tire.

28.

At all material times, the Continental Defendants breached their duties of care as set forth herein, including but not limited to, the manners set forth below:

a. Designing and building the subject tire with a defective design which allowed for failure of the tire in reasonably foreseeable circumstances;

b. Manufacturing the tire with a manufacturing defect which allowed for failure of the tire in reasonably foreseeable circumstances;

c. Failing to utilize appropriate manufacturing processes in the manufacturing and assembly of the subject tire;

d. Failing to adopt or enforce a sufficient quality control program during its manufacturing process;

e. Selecting materials for use in the manufacturing process of the tire in question that would promote separation;

f. Failing to test their tires with sufficient care to detect the increased risk and danger of tread separation; and

g. Failing to adopt alternative tire designs known to reduce the risk of tread separation.

29.

The Continental Defendants should have known, from prior incidents, that under foreseeable conditions, the subject tire would fail and cause serious injury to the vehicle occupants.

30.

The subject tire was in the same defective condition at the time of the above-mentioned tire failure as it was when it left the Continental Defendant's possession or control.

31.

The injuries sustained by the Plaintiffs were a reasonably foreseeable consequence of the Continental Defendant's actions and omissions described above.

32.

As a direct and proximate cause of the defective and unreasonably dangerous condition of the subject tire, Plaintiff Marlos Chenault was seriously and permanently injured.

## COUNT III

## NEGLIGENCE OF DEFENDANT
## GENERAL MOTORS CORPORATION

33.

Plaintiffs hereby incorporate and reallege the preceding paragraphs as if set forth fully herein.

34.

Defendant GMC was engaged in the business of designing, in part, the subject tire with the intent that tires would be sold and used within the State of Georgia.

35.

At all material times, Defendant GMC owed a duty to exercise reasonable care in the design of the subject tire.

36.

At all material times, Defendant GMC breached its duty of care by designing a tire that was prone to tread belt separation, and was likely to fail even while being used in an intended and/or reasonably foreseeable manner.

37.

The injuries sustained by the Plaintiffs were a reasonably foreseeable consequence of Defendant GMC's actions and omissions described above.

38.

As a direct and proximate cause of the defective and unreasonably dangerous condition of the subject tire, Plaintiff Marlos Chenault was seriously and permanently injured.

## COUNT IV

## **FAILURE TO WARN**

39.

Plaintiffs hereby incorporate and reallege the preceding paragraphs as if set forth fully herein.

40.

The Continental Defendants and GMC had a continuing duty to warn the public of dangers associated with the design, use and operation of its products.

41.

Prior to the subject incident, the Continental Defendants and GMC were aware, or should have been aware, of the dangerous and defective design and/or manufacture of its products, including the subject tire.

42.

The Continental Defendants and GMC failed to warn the public of the problems associated with its products, including the subject tire.

43.

As a direct and proximate result of the Continental Defendants and GMC's failure to warn, Plaintiff Marlos Chenault was seriously and permanently injured.

## COUNT V

## **NEGLIGENCE OF DEFENDANT BROWN TIRE**

44.

Plaintiffs hereby incorporate and reallege the preceding paragraphs as if set forth fully herein.

45.

Defendant Heyward Brown, d/b/a/ Brown Tire, is engaged in the business of selling, installing, inspecting, and repairing new and used light passenger truck tires within the State of Georgia. Defendant Brown Tire further held itself out as having special expertise in the industry of servicing and maintaining tires.

46.

Defendant Brown Tire inspected, installed, and/or serviced the subject tire prior to selling the same to the Plaintiffs.

47.

At all times material, Defendant Brown Tire owed a duty to exercise reasonable care in inspecting ,installing and/or other servicing the subject tire.

48.

Defendant Brown Tire, by and through its employees and/or agents, breached that duty in its inspection, installing and/or servicing the subject tire prior to its failure on January 29, 2011.

49.

As a direct and proximate result of Brown Tire's negligence, Marlos Chenault was seriously and permanently injured.

50.

As a direct and proximate cause of the defective and unreasonably dangerous condition of the subject tire, Plaintiff Marlos Chenault was seriously and permanently injured.

## COUNT VI

## LOSS OF CONSORTIUM

51.

Plaintiffs hereby incorporate and reallege the preceding paragraphs as if set forth fully herein.

52.

At all times relevant hereto, Marlos Chenault and Shayrika Chenault were lawfully married.

53.

The Defendants' actions caused Plaintiff, Shayrika Chenault, to suffer the loss of Marlos Chenault's services for which she is entitled to recover.

## DAMAGES AND PRAYER FOR RELIEF

54.

Plaintiffs hereby incorporate and reallege the preceding paragraphs as if set forth fully herein.

55.

As a direct result of the defectively designed tire in the subject vehicle, the Continental Defendants and GMC's negligence in designing and warning of the dangers associated with the subject tire, and Brown Tire's negligent inspection, repairing and installation of the subject tire, Marlos Chenault has and will continue to suffer severe physical and mental injuries and substantial economic and non-economic damages for which he is entitled to a recovery.

56.

Plaintiff Marlos Chenault seeks damages from the Continental Defendants, GMC, and Brown Tire in an amount to be determined by the enlightened conscience of the jury and as demonstrated by the evidence, for the past and future mental and physical pain and suffering, past and future loss of enjoyment of life, lost future earnings and decreased earning capacity of Marlos Chenault.

57.

Plaintiff Marlos Chenault seeks damages from the Continental Defendants, GMC, and Brown Tire jointly and severally, for past, present, and future medical and other necessary expenses incurred for the care and treatment of Marlos Chenault, in amount to be shown by the evidence at trial.

58.

Plaintiff Shayrika Chenault seeks damages for the loss of services of Marlos Chenault in amount to be determined by the jury.

59.

Plaintiffs seek punitive damages against the Continental Defendants, GMC, and Brown Tire in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish, penalize, and deter the Defendants from similar future misconduct in light of the aggravating nature of its conduct and in light of its financial circumstances.

**WHEREFORE**, the Plaintiffs pray for the following relief:

1) That summons issue requiring Defendants to appear as provided by law to answer to the allegations in this Complaint;

2) That Plaintiffs have a trial by jury of all issues so triable;

13

3) That Plaintiffs have and recover all damages, both compensatory and punitive, to which they are entitled to recover under Georgia law; and

4) For such other and further relief as this Court deems just and appropriate.

**PLAINTIFFS DEMAND A TRIAL BY JURY**.

Respectfully submitted this 18th day of October, 2012.

**HARRIS PENN LOWRY DELCAMPO, LLP**

/s/ Darren W. Penn
By:_____
   JEFFREY R. HARRIS
    State Bar No. 330315
   DARREN W. PENN
    State Bar No. 571322
   STEPHEN J. LOWRY
    State Bar No. 460289
   J. ANTONIO DELCAMPO
    State Bar No. 216815
   JED D. MANTON
    State Bar No. 868587

400 Colony Square
1201 Peachtree Street, NE
Suite 900
Atlanta, GA 30361
(404) 961-7650 (T)
(404) 961-7651 (F)

**FRANKLIN LAW, L.L.C.**

REBECCA C. FRANKLIN
Georgia Bar No. 141350

400 Colony Square
1201 Peachtree Street, NE
Suite 900
Atlanta, GA 30361
(404)961-5333 (T)
(404)969-4503 (F)

**THE MABRA FIRM, LLC**

Ronnie E. Mabra, Jr.

                                                Georgia Bar No. 141249

197 Fourteenth Street, NW
Suite 200
Atlanta, GA 30318
(404)344-5255(T)
(404) 344-5254 (F)
*Counsel for Plaintiffs*