# Exhibit G

09-50026-mg   Doc 13626-7   Filed 05/13/16   Entered 05/13/16 15:21:48   Exhibit G
Pg 2 of 10

State Court of Fulton County
\*\*E-FILED\*\*
12EV016009
7/24/2015 2:38:58 PM
Cicely Barber, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARLOS L. CHENAULT and SHAYRIKA L. CHENAULT, | * * * **Civil Action No.:** 12EV016009J |
| Plaintiffs, | * * |
| v. | * * |
| CONTINENTAL AG; CONTINENTAL TIRE THE AMERICAS, LLC, d/b/a CONTINENTAL TIRE NORTH AMERICA, INC.; GENERAL TIRE INTERNATIONAL COMPANY d/b/a GENERAL TIRE; GENERAL MOTORS CORPORATION; and BROWN TIRE SERVICE, | * * * * * * * |
| Defendants. | * |

**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT
AND FOR CORRECTION OF MISNOMER**

Plaintiffs Marlos L. Chenault and Shayrika L. Chenault respectfully move this Court for entry of judgment as to liability against Defendant "General Motors Corporation," properly known as General Motors LLC, and to correct the misnomer pursuant to O.C.G.A. § 9-10-132, showing as follows.

**I.   FACTUAL BACKGROUND**

. Plaintiffs were involved in a single-car collision on January 29, 2011, when the right rear tire on their 2005 GMC Envoy Denali experienced a tread separation, causing the vehicle to strike a guardrail and roll over. Plaintiffs filed their Complaint on October 18, 2012, against multiple defendants, including "General Motors Corporation."[1]

---

[1] An order of default judgment as to liability was entered against Brown Tire Service on July 15, 2015. All claims against Continental AG, Continental Tire the Americas, LLC, and General Tire International Company have been dismissed.

General Motors LLC, against which the Chenaults have a products-liability claim as the successor-in-interest to the manufacturer of the Denali, was served with process on October 22, 2012, through its registered agent, Kara McDaniel. (*See* Aff. of Service on General Motors LLC, attached as Ex. A). The affidavit of service was filed on April 3, 2013. (*See id.*). General Motors LLC failed to answer the Complaint within 30 days of service, causing the case to go automatically into default on November 21, 2012, and it did not open the default as of right within 15 days of the automatic default. Accordingly, Plaintiffs moved for entry of a default judgment on May 23, 2013.[2] That motion remains pending.

Plaintiffs are aware that this Court might be unfamiliar with the details of the 2009 "General Motors bankruptcy" and whether the bankruptcy affects this Court's jurisdiction to act on the May 23rd Motion. To assist this Court's understanding of the issue, Plaintiffs offer this brief overview of the relevant facts.

On June 1, 2009, the entity then known as General Motors Corporation ("Old GM") filed a voluntary petition for bankruptcy in the U.S. Bankruptcy Court for the Southern District of New York, Case No. 09-50026-reg.[3] Old GM then changed its name to Motors Liquidation Company and sold substantially all of its assets to a new, independent entity subsequently called General Motors Company and now known as General Motors LLC ("New GM"). The sale of the Old GM assets to New GM closed on July 10, 2009 ("Closing Date"). As part of the sale, New GM assumed liability to third parties for all products liability claims arising after July 10,

---

[2] Plaintiffs first moved for entry of default judgment on April 3, 2013. That motion was denied, apparently because the proof of service had not been filed prior to the filing of the motion. (*See* Order of Apr. 3, 2013).

[3] Plaintiffs do not attach all of the supporting documents from the bankruptcy proceedings, but will gladly provide copies to this Court upon request. The documents and other background information may be obtained at http://www.motorsliquidationdocket.com.

2

2009. This includes claims pertaining to the 2005 GMC Envoy Denali, which was manufactured by Old GM.

Old GM/Motors Liquidation Company, the debtor in the bankruptcy proceeding, dissolved in December 2011. The bankruptcy case remains open while lingering issues involving Old GM/Motors Liquidation Company are resolved, but New GM—the entity liable for claims arising after the Closing Date—is not the debtor entity and is not subject to the bankruptcy proceedings.

## II.  ARGUMENT AND CITATION OF AUTHORITIES

Defendant "General Motors Corporation" went into default on November 21, 2012, pursuant to O.C.G.A. § 9-11-55(a). It did not reopen the default as of right within 15 days, and in fact, it has never entered any appearance before this Court in the nearly 3 years of litigation. For the reasons set forth in Plaintiffs' May 23, 2013, motion for entry of default judgment, which is expressly incorporated by reference herein, Plaintiffs ask this Court to enter default judgment against the Defendant.

Moreover, Plaintiffs respectfully submit that the 2009 General Motors bankruptcy has no effect on Plaintiffs' claims or on this Court's ability to enter relevant orders. When New GM purchased Old GM's assets from Motors Liquidation Company in July 2009, it agreed to assume liabilities for products-liability claims arising after the Closing Date of July 10, 2009. Plaintiffs' Complaint makes clear on its face that their products-liability claim regarding their GMC Envoy Denali arose on January 29, 2011, the date of the collision. Therefore, Plaintiffs have a valid claim against New GM, the successor-in-interest to Old GM. To the extent that any automatic bankruptcy stay might have affected claims against Old GM/Motors Liquidation Company, it would have no relevance here. New GM is not the debtor in the bankruptcy case, Plaintiffs are

not potential creditors of Old GM, and this case has no connection to the bankruptcy proceedings. Plaintiffs' only claim is against New GM, an independent company that purchased certain assets and liabilities of the debtor entity. Therefore, regardless of the status of the Old GM/Motors Liquidation Company bankruptcy proceedings, they do not affect the litigation against New GM in this Court.

Plaintiffs acknowledge that their Complaint mistakenly referred to New GM by the misnomer "General Motors Corporation" instead of its actual name, "General Motors LLC," or its previous name, "General Motors Company," but this does not affect Plaintiffs' claims against New GM. "It is an elementary rule of pleading that substance, not mere nomenclature, controls." *Miller v. U.S. Shelter Corp. of Del.*, 179 Ga. App. 469, 472 (1986) (quotation marks omitted). "A mere misnomer of a corporation in a judicial proceeding is not material or vital in its consequences, if the identity of the corporation intended is clear." *Id.* (quotation marks omitted). Where the real party-defendant was properly served, a mere misnomer in the process does not void a default judgment entered against it. *See id.* at 473 (reversing trial court order that had set aside default judgment against properly served, but technically misnamed, defendant). Moreover, where the correct defendant was properly served, the misnomer may be corrected by court order upon motion. *Mathis v. BellSouth Telecomms., Inc.*, 301 Ga. App. 881, 883 (2010) (citing O.C.G.A. § 9-10-132). Because such a correction does not change or add parties, the change does not require the plaintiff to serve the defendant a second time. *Id.*

Although the Complaint mistakenly referred to New GM as "General Motors *Corporation*" instead of "General Motors *Company*" (its previous name) or "General Motors *LLC*" (its current name), the Complaint properly described the Defendant as organized under the laws of Delaware, with its principal place of business in Michigan, and registered to do business

4

in Georgia. (*See* Compl. ¶ 6). That description, of course, can refer only to New GM, not Old GM, which not only changed its name to Motors Liquidation Company more than three years before the Complaint was filed but did not even exist by the time the Complaint was filed, having *dissolved* almost a year earlier. The substance of the Complaint also makes clear that Plaintiffs' claim arose post-Closing Date, meaning that it is against New GM rather than Old GM. Importantly, New GM was properly served with the Summons and Complaint. (*See* Ex. A (showing service on General Motors LLC's registered agent)). Because the correct defendant was properly served and the identity of the intended defendant is clear, litigation may proceed against it and default judgment may be entered against it. *See Miller*, 179 Ga. App. at 172-73. This Court may, in its discretion, correct the misnomer by changing the defendant's name in the caption of the case to "General Motors LLC," and Plaintiffs respectfully request that it do so in order to avoid any confusion in future. Such a correction would not affect the course of the litigation, and because additional service would not be required, the correction would not affect the ability of this Court to enter default judgment. *See Mathis*, 301 Ga. App. at 883.

### III.    CONCLUSION

New GM is in default and Plaintiffs are aware of nothing that would affect this Court's ability to enter default judgment against it. Therefore, for the reasons set forth above and in Plaintiffs' May 23, 2013, motion for entry of default judgment, which is expressly incorporated by reference herein, Plaintiffs respectfully request that this Court correct the misnomer "General Motors Corporation" in the caption to "General Motors LLC," enter default judgment as to liability against General Motors LLC, and set this case for a hearing as to the amount of Plaintiffs' unliquidated damages.

Respectfully submitted this 24th day of July, 2015.

**HARRIS PENN LOWRY LLP**

*/s/ Jeffrey R. Harris*
DARREN W. PENN
  Georgia Bar No. 571322
JEFFREY R. HARRIS
  Georgia Bar No. 330315
STEPHEN G. LOWRY
  Georgia Bar No. 460289
JED D. MANTON
  Georgia Bar No. 868587

400 Colony Square
1201 Peachtree St. NE, Suite 900
Atlanta, GA 30361
(404) 961-7650 (T)
(404) 961-7651 (F)

**FRANKLIN LAW, L.L.C.**

REBECCA C. FRANKLIN
  Georgia Bar No. 141350

400 Colony Square
1201 Peachtree St. NE, Suite 900
Atlanta, GA 30361
(404) 961-5333 (T)
(404) 969-4503 (F)

*COUNSEL FOR PLAINTIFFS,*
*MARLOS L. CHENAULT AND*
*SHAYRIKA L. CHENAULT*

## CERTIFICATE OF SERVICE

This is to certify that I have this day submitted **PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT AND FOR CORRECTION OF MISNOMER** via electronic filing and by serving via USPS, postage pre-paid to the following:

Brown Tire Service
c/o Heyward Brown
2141 Jonesboro Road, SW
Atlanta, GA 30315

General Motors LLC
By Serving Registered Agent
Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

Respectfully submitted this 24th day of July, 2015.

            **HARRIS PENN LOWRY LLP**

            */s/ Jeffrey R. Harris*
            DARREN W. PENN
             Georgia Bar No. 571322
            JEFFREY R. HARRIS
             Georgia Bar No. 330315
            STEPHEN G. LOWRY
             Georgia Bar No. 460289
            JED D. MANTON
             Georgia Bar No. 868587

400 Colony Square
1201 Peachtree St. NE, Suite 900
Atlanta, GA 30361
(404) 961-7650 (T)
(404) 961-7651 (F)

            *Counsel for Plaintiffs*

State Court of Fulton County
***EFILED***  **E-FILED**
12EV016009
File & ServeXpress  7/24/2015 2:38:58 PM
Transaction ID: 51501999
Date: Apr 03 2013 09:56AM
Cicely Barber, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARLOS L. CHENAULT AND SHAYRIKA L. CHENAULT | PLAINTIFFS |
| CONTINENTAL AG; CONTINENTAL TIRE THE AMERICAS, LLC, d/b/a CONTINENTAL TIRE NORTH AMERICA, INC.; GENERAL TIRE INTERNATIONAL COMPANY d/b/a GENERAL TIRE; GENERAL MOTORS CORPORATION; and BROWN TIRE SERVICE. | DEFENDANTS |

ATTORNEY: HARRIS PENN LOWRY DELCAMPO
1201 PEACHTREE STREET SUITE 900
ATLANTA, GEORGIA 30361
404-961-7650

Civil Action Number:
**12EV016009J**

| AFFIDAVIT OF SERVICE | Court Date: | Court Time: |
|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action and I served the following document:

SUMMONS, COMPLAINT FOR DAMAGES, PLAITIFFS FIRST INTERROGATORIES TO DEFENDANT, CONTINENTAL TIRE NORTH AMERICA, INC., PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, CONTINENTAL TIRE NORTH AMERICA, INC., CERTIFICATE OF SERVICE.

2. Person Served: **KARA MCDANIEL**
   Entity Served: **GENERAL MOTORS LLC**
   Service Address: **136 N. FAIRGROUND STREET NE, MARIETTA, GEORGIA 30060**
   Date Served: **10/22/2012**
   Time Served: **2:15 pm**

3. I served the person or entity in item 2 with the service documents by:

PLACING THE SERVICE DOCUMENTS INTO THE HANDS OF KARA MCDANIEL A PERSON AUTHORIZED TO ACCEPT SERVICE OF THE DOCUMENTS FOR CSC OF COBB COUNTY, THE REPORTED REGISTERED AGENT FOR GENERAL MOTORS LLC.

4. Agent Who Served Documents:
J. PRICE/Agent of Dial Services
3520 STONEY CREEK WAY
LOGANVILLE, GEORGIA 30052

I Declare under penalty of perjury under the laws of the State of Georgia that the statements above are true and accurate.

_____(Signature)

5. Sworn to and subscribed before me this 23rd day of October, 2012.

_Patty Ramirez_
Notary Public
My Commission Expires: 2/19/15

PL. EX.
A



**ATLANTA OFFICE**
400 Colony Square
1201 Peachtree Street NE
Suite 900
Atlanta, Georgia 30361

**SAVANNAH OFFICE**
410 E. Broughton Street
Savannah, Georgia 31401





$0.70
US POSTAGE
FIRST-CLASS
062S0008042025
30361

General Motors LLC
By Serving Registered Agent
Corporation Service Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

19808$1646 C073