# Exhibit I

# Weil, Gotshal & Manges LLP

VIA FEDEX

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Joseph H. Smolinsky
+1 212 310 8767
joseph.smolinsky@weil.com

November 10, 2014

Fulton County Clerk of Court
State Court of Fulton County
Justice Center Tower
185 Central Avenue, Suite TG800
Atlanta, Georgia 30303

Re: *Marlos L. Chenault and Shayrika L. Chenault v Continental AG, et. al.*
(Civil Action No. 12EV016009J)

Dear Judge:

This firm serves as bankruptcy counsel to the Motors Liquidation Company GUC Trust, the party designated under the Plan to administer liabilities of Motors Liquidation Company (f/k/a General Motors Corporation).[1] We write regarding the above-captioned case. For the reasons set forth below, the action cannot proceed as to General Motors Corporation and we respectfully request that General Motors Corporation be dismissed from the above-referenced action.

Beginning on June 1, 2009, General Motors Corporation and certain of its subsidiaries (collectively, the "**Debtors**") each commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors' chapter 11 cases are jointly administered under case number 09-50026. On July 10, 2009 (the "**Closing Date**"), General Motors Corporation consummated the sale of substantially all of its assets and transferred certain liabilities to NGMCO Inc. (n/k/a General Motors LLC) pursuant to that certain Amended and Restated Master Sale and Purchase Agreement (ECF No. 2968) (the "**MPA**").[2] Simultaneous with the sale, General Motors Corporation changed its name to

---

[1] On March 29, 2011, the Bankruptcy Court (as defined herein) entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (ECF No. 9941), which, among other things, confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**"). The effective date of the Plan was March 31, 2011 (ECF No. 9836). Among other things, the Plan established the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), to resolve Disputed General Unsecured Claims and to distribute assets to holders of Allowed General Unsecured Claims against the Debtors (Plan § 6.2). Accordingly, the GUC Trust is the proper entity to submit this letter.

[2] *See* Order (I) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (II) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (III) Granting Related Relief (ECF No. 2968) (the "**363 Sale Order**").

November 10, 2014                                                                            **Weil, Gotshal & Manges LLP**
Page 2

Motors Liquidation Company. Pursuant to the Plan, Motors Liquidation Company was dissolved on December 15, 2011, and is no longer in existence.[3]

Under the MPA, General Motors LLC assumed liability to third parties for all products liability claims arising after the Closing Date.[4] The 363 Sale Order specifically enjoins actions against the Debtors on account of any of the Assumed Liabilities stating in relevant part that:

> Except as expressly provided in the MPA or this Order, after the Closing, the Debtors and their estates shall have no further liabilities or obligations with respect to any Assumed Liabilities other than certain Cure Amounts as provided in the MPA, and all holders of such claims are forever barred and estopped from asserting such claims against the Debtors, their successors or assigns, and their estates.[5]

As a result, Motors Liquidation Company is not an appropriate party in actions based on accidents which occurred after the Closing Date.

Further, by order dated September 16, 2009 (ECF No. 4079) (the "**Bar Date Order**") the Bankruptcy Court established November 30, 2009 as the deadline (the "**Bar Date**") for creditors to file proofs of claim based on prepetition liabilities against the Debtors. The Bar Date Order states that any party that fails to file a proof of claim on or before the Bar Date "shall be forever barred, estopped and enjoined from asserting such Claim" against the Debtors and the Debtors "shall be forever discharged from any and all indebtedness or liability with respect to such Claim." The claims register in the Debtors' chapter 11 cases does not reflect a proof of claim filed by or on behalf of plaintiffs Marlos L. Chenault and Shayrika L. Chenault (the "**Plaintiffs**"). Accordingly, Plaintiffs are barred from recovering from the Debtors in this action and we respectfully request that the Debtors be dismissed from this action.

---

[3] Form 8-K reflecting the December 15, 2011, dissolution of Motors Liquidation Company in enclosed.

[4] Purchase Agreement § 2.3(a)(ix) under "Assumed and Retained Liabilities" provides that Assumed Liabilities include "all Liabilities to third parties for death, personal injury, or other injury to Persons or damage to property caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers (collectively, "Product Liabilities"), which arise directly out of accidents, incidents or other distinct and discreet occurrences that happen on or after the Closing Date and arise from such motor vehicles' operation or performance (for avoidance of doubt, Purchaser shall not assume, or become liable to pay, perform or discharge, any Liability arising or contended to arise by reason of exposure to materials utilized in the assembly or fabrication of motor vehicles manufactured by Sellers and delivered prior to the Closing Date, including asbestos, silicates or fluids, regardless of when such alleged exposure occurs)."

[5] 363 Sale Order § 26.

November 10, 2014                       **Weil, Gotshal & Manges LLP**
Page 3

Should you have any questions regarding the foregoing, please do not hesitate to contact the undersigned.[6]

Sincerely,

*Joseph Smolinsky*
                 W/ permission C.C.

Joseph H. Smolinsky

cc:     Darren W. Penn, Esq., Counsel for Plaintiffs
        Rebecca C. Franklin, Esq., Counsel for Plaintiffs
        Ronnie E. Mabra, Jr., Counsel for Plaintiffs

---

[6] Due to their volume, we are not attaching the Plan, the Confirmation Order, the MPA, or the 363 Sale Order to this letter, however, all documents filed on the docket of the chapter 11 cases are publicly available free of charge at www.motorsliquidationdocket.com.

8-K 1 d274623d8k.htm FORM 8-K

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, DC 20549

## FORM 8-K

### CURRENT REPORT

Pursuant to Section 13 or 15(d) of the
Securities Exchange Act of 1934

Date of report (Date of earliest event reported): December 15, 2011

# Motors Liquidation Company GUC Trust
(Exact Name of Registrant as Specified in Charter)

| Delaware | 1-43 | 45-6194071 |
|---|---|---|
| (State or Other Jurisdiction of Incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

c/o Wilmington Trust Company, as trust administrator and trustee
Attn: David A. Vanaskey Jr., Vice President
Rodney Square North
1100 North Market Street
Wilmington, Delaware               19890-1615
(Address of Principal Executive Offices)     (Zip Code)

Registrant's telephone number, including area code: (302) 636-6000

(Former Name or Former Address, if Changed Since Last Report)

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

☐ Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☐ Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

☐ Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

☐ Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

### Item 8.01   Other Events.

On December 15, 2011 (the "**Dissolution Date**"), as required by the Second Amended Joint Chapter 11 Plan of liquidation dated March 18, 2011 (the "**Plan**"), Motors Liquidation Company ("**MLC**") filed a Certificate of Dissolution with the Secretary of State of the State of Delaware and was dissolved as of such date. On the Dissolution Date, pursuant to the Plan and the Motors Liquidation Company GUC Trust Agreement, dated March 30, 2011, between the parties thereto (the "**GUC Trust Agreement**"), the trust administrator and trustee (the "**GUC Trust Administrator**") of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), assumed responsibility for the affairs of and certain claims against MLC and its debtor subsidiaries that were not concluded prior to the Dissolution Date. In accordance with the Plan and the GUC Trust Agreement, the GUC Trust shall implement the wind-down of MLC and its affiliated debtors, paying taxes and filing tax returns, making any other necessary filings related to the wind-down and in general taking any other actions necessary or appropriate to wind-down MLC and its debtor subsidiaries. The GUC Trust also assumed and shall administer the resolution of all disputed administrative expenses, priority tax claims, priority

non-tax claims and secured claims against MLC and its debtor subsidiaries that were not resolved or satisfied prior to the Dissolution Date.

On the Dissolution Date, MLC and its debtor subsidiaries transferred cash to the GUC Trust in the amount of $43,378,627.00. Also on the Dissolution Date, MLC transferred to the GUC Trust all remaining undistributed shares of common stock and warrants for the purchase of shares of common stock of General Motors Company ("**New GM**") held by MLC as of the Dissolution Date. The transferred common stock and warrants consist of 30,967,561 shares of New GM common stock, 28,152,186 warrants to acquire shares of New GM common stock with an exercise price set at $10.00 per share and 28,152,186 warrants to acquire shares of New GM common stock with an exercise price set at $18.33 per share.

2

---

## SIGNATURE

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

Date: December 21, 2011

**MOTORS LIQUIDATION COMPANY GUC TRUST**

By: Wilmington Trust Company, not in its individual capacity, but solely in its capacity as trust administrator and trustee of the Motors Liquidation Company GUC Trust

By:   /s/ David A. Vanaskey
Name: David A. Vanaskey
Title: Vice President of Wilmington Trust Company

3