# Exhibit J

**Hearing date: April 13, 2016**
**Objection deadline: March 23, 2016**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, | ) | |
| f/k/a General Motors Corp., *et al.*, | ) | Case No. 09-50026 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that on March 2, 2016, Marlos L. Chenault and Shayrika L. Chenault, Plaintiffs in the case styled *Chenault v. Continental AG, et al.*, No. 12EV016009J, State Court of Fulton County, Georgia, filed a "Motion for Determination of Applicability of Automatic Stay."

PLEASE TAKE FURTHER NOTICE that any responses or objections to this Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5-inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399.

Such responses or objections shall be served, **so as to be received no later than 4:00 p.m. EST on March 23, 2016,** on the following: (1) Harris Penn Lowry LLP, attorneys for Marlos L. Chenault and Shayrika L. Chenault, 400 Colony Square, 1201 Peachtree St. NE Suite 900, Atlanta, Georgia 30361 (Attn: Jeffrey R. Harris, Esq.); (2) King & Spalding LLP, attorneys for General Motors LLC, 1180 Peachtree St. NE, Atlanta, Georgia 30309-3521 (Attn: David L. Balser, Esq., Philip E. Holladay, Jr., Esq., Susan M. Clare, Esq., and Anneke J. Shepard, Esq.); (3) the

1

Debtors, c/o Motors Liquidation Company, 401 S. Old Woodward Ave., Ste. 370, Birmingham, MI 48009 (Attn: Thomas Morrow); (4) General Motors LLC, 400 Renaissance Center, Detroit, MI 48265 (Attn: Lawrence S. Buonomo, Esq.); (5) Weil, Gotshal & Manges LLP, attorneys for the Debtors, Post-Effective Date Debtors, and Motors Liquidation Company GUC Trust, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq., Stephen Karotkin, Esq., and Joseph H. Smolinsky, Esq.); (6) The Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Esq.); (7) The United States Attorney's Office, SDNY, 86 Chambers Street, Third Floor, New York, NY 10007 (Attn: David S. Jones, Esq. and Natalie Kuehler, Esq.); (8) The United States Department of the Treasury, 1500 Pennsylvania Ave. NW, Room 2312, Washington, DC 20220 (Attn: Joseph Samarias, Esq.); (9) Cadwalader, Wickersham & Taft LLP, attorneys for the United States Department of the Treasury, One World Financial Center, New York, New York 10281 (Attn: John J. Rapisardi, Esq.); (10) Vedder Price, P.C., Attorneys for Export Development Canada, 1633 Broadway, 47th Floor, New York, NY 10019 (Attn: Michael J. Edelman, Esq. and Michael L. Schein, Esq.); (11) Kramer Levin Naftalis & Frankel LLP, Attorneys for the Creditors' Committee, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Thomas Moers Mayer, Esq., Robert Schmidt, Esq., Lauren Macksoud, Esq., and Jennifer Sharret, Esq.); (12) Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, Attorneys for the Future Claimants' Representative, 2323 Bryan Street, Suite 2200, Dallas, TX 75201 (Attn: Sander L. Esserman, Esq. and Robert T. Brousseau, Esq.); (13) Caplin & Drysdale, Chartered, Attorneys for the Asbestos Claimants' Committee, 375 Park Avenue, 35th Floor, New York, NY 10152-3500 (Attn: Elihu Inselbuch, Esq. and Rita C. Tobin, Esq.) and Thomas Circle, N.W., Suite 1100, Washington, DC 20005 (Attn: Trevor W. Swett III, Esq. and Kevin C. Maclay, Esq.); (14) FTI Consulting, as GUC Trust Monitor and Avoidance Action Trust Monitor, One Atlantic Center, 1201 W. Peachtree Street, Suite 500, Atlanta, GA 30309 (Attn: Anna Phillips); (15) Gibson, Dunn & Crutcher LLP, Attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance Action Trust Administrator, 200 Park Avenue, 47th Floor, New York, NY 10166 (Attn: Keith Martorana, Esq.); (16) Kirk P. Watson, Esq., Asbestos Trust Administrator, 2301 Woodlawn Boulevard, Austin, TX 78703; and (17) Crowell & Moring LLP, Attorneys for the Environmental Response Trust, 590 Madison Avenue, 19th Floor, New York, NY 10022-2524 (Attn: Michael V. Blumenthal, Esq.).

      The Court shall hold a hearing on the Motion on **April 13, 2016 at 10:00 o'clock in Courtroom 523, One Bowling Green, New York, New York 10004**. The relief requested in this Motion may be granted without a hearing if no objection is timely filed and served in accordance with these procedures.

      Dated March 2, 2016.

HARRIS PENN LOWRY LLP

/s/ Jeffrey R. Harris
Jeffrey R. Harris
Georgia Bar No. 330315
*Appearing pro hac vice*

400 Colony Square
1201 Peachtree St. NE Suite 900
Atlanta, GA 30361
(404) 961-7650
(404) 961-7651 (fax)

*Attorneys for Marlos L. Chenault and Shayrika L. Chenault*

3

Jeffrey R. Harris
**Harris Penn Lowry LLP**
400 Colony Square
1201 Peachtree St. NE Suite 900
Atlanta, GA 30361
(404) 961-7650
(404) 961-7651 (fax)

*Attorneys for Marlos L. Chenault
and Shayrika L. Chenault*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, ) | |
| f/k/a General Motors Corp., *et al.*, ) | Case No. 09-50026 (MG) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**MOTION FOR DETERMINATION OF APPLICABILITY OF
AUTOMATIC STAY**

Marlos L. Chenault and Shayrika L. Chenault, Plaintiffs in the case styled *Chenault v. Continental AG, et al.*, No. 12EV016009J, State Court of Fulton County, Georgia, hereby respectfully move this Court for an Order determining that the automatic stay of proceedings against Debtor has no applicability to their claims against General Motors LLC ("**New GM**") in the Fulton County proceedings. Plaintiffs file this Motion pursuant to an Order of the Fulton County

4

Court directing Plaintiffs to seek such a determination from this Court.  (Ex. A).  In support of this Motion, Plaintiffs show as follows.

Plaintiffs were involved in a single-car collision on January 29, 2011, when the right rear tire of their 2005 GMC Envoy Denali (the "**Subject Vehicle**") experienced a tread separation, causing the vehicle to strike a guardrail and roll over.  Plaintiffs filed their Complaint on October 18, 2012, naming various Defendants.  Among their claims, Plaintiffs sought to assert a products-liability claim against the manufacturer of the Subject Vehicle.

Plaintiffs are aware that General Motors Corporation ("**Old GM**") filed a voluntary petition for bankruptcy in this Court on June 1, 2009, and that it subsequently changed its name to Motors Liquidation Company.  Plaintiffs further understand that Motors Liquidation Company then sold substantially all of its assets to a new entity, New GM, which was then called General Motors Company and is now known as General Motors LLC.  As part of the sale, Plaintiffs understand that New GM assumed liability to third parties for all products liability claims arising after the **Closing Date** of July 10, 2009, for products manufactured before the Closing Date.  This would include claims pertaining to the Subject Vehicle that arose after the Closing Date.  Old GM/Motors Liquidation Company then dissolved in December 2011.  Although this bankruptcy matter remains open,

Plaintiffs understand that New GM—the entity liable for claims arising after the Closing Date for products manufactured before the Closing Date—is not the debtor entity and is not subject to the bankruptcy proceedings.

Because the Subject Vehicle was manufactured by Old GM prior to the Closing Date but Plaintiffs' claims did not arise until January 29, 2011, after the Closing Date, Plaintiffs have valid claims against New GM, which is Old GM's successor-in-interest insofar as such claims are concerned. ***Plaintiffs do not purport to have a claim against Old GM.*** Furthermore, New GM is not the debtor in these bankruptcy proceedings, Plaintiffs are not potential creditors of Old GM, Old GM has no interest in the Fulton County litigation, the Fulton County litigation has no connection to the bankruptcy proceedings, and ***the Fulton County Litigation does not implicate the assets of Old GM***. Thus, any automatic stay that might have affected suits against Old GM has no bearing on suits against New GM, including Plaintiffs' Fulton County suit.

Accordingly, Plaintiffs sought to name New GM as a defendant in the Fulton County action. However, when pleading their Complaint, Plaintiffs mistakenly referred to New GM by the misnomer "General Motors Corporation" instead of "General Motors Company" or "General Motors LLC." (Ex. B). Following further litigation in the Fulton County action, that Court has expressed concern as

6

09-50026-mg Doc 13611 Filed 03/02/16 Entered 03/02/16 16:48:51 Main Document Pg 7 of 11

to whether Plaintiffs' claims exist against Old GM or New GM and whether the instant bankruptcy proceedings involving Old GM bar or stay Plaintiffs' claims. For this reason, the Fulton County Court has directed Plaintiffs "to seek a ruling from the Bankruptcy Court regarding the nature of the relationship between General Motors Corporation and General Motors, LLC, whether or not the claims herein survive or are barred for any reason, and whether or not the bankruptcy stay applies in this case."[1] (Ex. A).

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order determining as follows:

1. General Motors LLC (formerly known as General Motors Company) purchased substantially all of the assets of General Motors Corporation. As part of the sale, General Motors LLC agreed to assume liability for all products-liability claims arising on or after July 10, 2009 regarding products manufactured by General Motors Corporation prior to July 10, 2009.

2. Any claims Plaintiffs may have that arose on or after July 10, 2009, regarding the Subject Vehicle or any other product manufactured by

---

[1] This question as stated is the only one before this Court. If, as Plaintiffs believe, their claims exist only against New GM, the Fulton County court will resolve the question of whether New GM was properly brought into that suit.

7

General Motors Corporation prior to July 10, 2009, survive the sale of General Motors Corporation's assets to General Motors LLC and are not barred. To the extent liability exists for such claims, such liability would be on the part of General Motors LLC, not General Motors Corporation.

3. The automatic stay arising from *In re: Motors Liquidation Company*, No. 09-50026 (S.D.N.Y.), does not apply to the Fulton County action or any other claims against General Motors LLC.

Respectfully submitted this 2nd day of March, 2016.

                                        HARRIS PENN LOWRY LLP

                                        /s/ Jeffrey R. Harris
                                        Jeffrey R. Harris
                                        Georgia Bar No. 330315
                                        *Appearing pro hac vice*

400 Colony Square
1201 Peachtree St. NE Suite 900
Atlanta, GA 30361
(404) 961-7650
(404) 961-7651 (fax)

                                        *Attorneys for Marlos L. Chenault and Shayrika L. Chenault*

8

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **MOTION FOR DETERMINATION OF APPLICABILITY OF AUTOMATIC STAY** and **NOTICE OF HEARING** upon the following parties and attorneys of record by filing same with the Court's CM/ECF system:

| | |
|---|---|
| Thomas Morrow<br>**Motors Liquidation Company**<br>401 S. Old Woodward Ave., Ste. 370<br>Birmingham, MI 48009<br><br>*Debtors* | Lawrence S. Buonomo, Esq.<br>**General Motors LLC**<br>400 Renaissance Center<br>Detroit, MI 48265 |
| Harvey R. Miller, Esq.<br>Stephen Karotkin, Esq.<br>Joseph H. Smolinsky, Esq.<br>**Weil, Gotshal & Manges LLP**<br>767 Fifth Avenue<br>New York, NY 10153<br><br>*Attorneys for the Debtors, Post-Effective Date Debtors, and Motors Liquidation Company GUC Trust* | Tracy Hope Davis, Esq.<br>**Office of the United States Trustee for the Southern District of New York**<br>33 Whitehall Street, 21st Floor<br>New York, NY 10004 |
| David S. Jones, Esq.<br>Natalie Kuehler, Esq.<br>**U.S. Attorney's Office, SDNY**<br>86 Chambers Street, Third Floor<br>New York, NY 10007 | Joseph Samarias, Esq.<br>**The U.S. Department of the Treasury**<br>1500 Pennsylvania Ave. NW, Room 2312<br>Washington, DC 20220 |

9

John J. Rapisardi, Esq.
**Cadwalader, Wickersham & Taft LLP**
One World Financial Center
New York, NY 10281

*Attorneys for the United States Department of the Treasury*

Thomas Moers Mayer, Esq.
Robert Schmidt, Esq.
Lauren Macksoud, Esq.
Jennifer Sharret, Esq.
**Kramer Levin Naftalis & Frankel LLP**
1177 Avenue of the Americas
New York, NY 10036

*Attorneys for the Creditors' Committee*

Elihu Inselbuch, Esq.
Rita C. Tobin, Esq.
**Caplin & Drysdale, Chartered**
375 Park Avenue, 35th Floor
New York, NY 10152-3500

*Attorneys for the Asbestos Claimants' Committee*

Anna Phillips
**FTI Consulting**
GUC Trust Monitor and Avoidance Action Trust Monitor
One Atlantic Center
1201 W. Peachtree Street, Suite 500
Atlanta, GA 30309

Michael J. Edelman, Esq.
Michael L. Schein, Esq.
**Vedder Price, P.C.**
1633 Broadway, 47th Floor
New York, NY 10019

*Attorneys for Export Development Canada*

Sander L. Esserman, Esq.
Robert T. Brousseau, Esq.
**Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation**
2323 Bryan Street, Suite 2200
Dallas, TX 75201

*Attorneys for the Future Claimants' Representative*

Trevor W. Swett III, Esq.
Kevin C. Maclay, Esq.
**Caplin & Drysdale, Chartered**
Thomas Circle, N.W., Suite 1100
Washington, DC 20005

*Attorneys for the Asbestos Claimants' Committee*

Keith Martorana, Esq.
**Gibson, Dunn & Crutcher LLP**
200 Park Avenue, 47th Floor
New York, NY 10166

Attorneys for Wilmington Trust Company as GUC Trust Administrator and for Wilmington Trust Company as Avoidance

10

Action Trust Administrator

| | |
|---|---|
| Kirk P. Watson, Esq. | Michael V. Blumenthal, Esq. |
| Asbestos Trust Administrator | **Crowell & Moring LLP** |
| 2301 Woodlawn Boulevard | 590 Madison Avenue, 19th Floor |
| Austin, TX 78703 | New York, NY 10022-2524 |

*Attorneys for the Environmental Response Trust*

I further certify that I have served the following persons or entities by placing a copy of the foregoing in first-class U.S. Mail, proper postage prepaid, addressed as follows:

David L. Balser, Esq.
Philip E. Holladay, Jr., Esq.
Susan M. Clare, Esq.
Anneke J. Shepard, Esq.
**King & Spalding LLP**
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521

*Attorneys for General Motors LLC*

This the 2nd day of March, 2016.

                                            HARRIS PENN LOWRY LLP

                                            /s/ Jeffrey R. Harris
                                           Jeffrey R. Harris
                                           Georgia Bar No. 330315

400 Colony Square
1201 Peachtree St. NE Suite 900
Atlanta, GA 30361
(404) 961-7650                            *Attorneys for Marlos L. Chenault and*
(404) 961-7651 (fax)                   *Shayrika L. Chenault*

09-50026-mg    Doc 13626-10    Filed 05/13/16    Entered 05/13/16 15:21:48    Exhibit J
Pg 2 of 3

09-50026-mg    Doc 13611-1    Filed 05/02/16    Entered 05/02/16 16:43:11    Exhibit
Order Directing to Bankruptcy Court    Pg 13 of 17

State Court of Fulton County
**E-FILED**
12EV016009
9/28/2015 2:08:35 PM
Cicely Barber, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **MARLOS L. CHENAULT, et al,**<br>　　Plaintiffs,<br><br>v.<br><br>**GENERAL MOTORS CORPORATION, et al,**<br>　　Defendants. | )<br>)<br>)<br>)　**CIVIL ACTION FILE**<br>)　**NO. 2012EV016009-J**<br>)<br>)<br>) |

### ORDER STAYING MOTION FOR DEFAULT JUDGMENT
### AND DIRECTING PARTIES TO BANKRUPTCY COURT

　　This action currently appears before this Court on a motion by Plaintiffs to correct the misnomer of General Motors Corporation to General Motors, LLC and for entry of default judgment against that entity. The motion was filed on July 24, 2015, and on August 3, 2015 GM filed a notice of its intent to object to the motion and the entry of a default judgment. Then, on August 14, 2015, GM did, in fact, object to the motion.

　　The record in this case reflects that Plaintiffs named General Motors Corporation in their Complaint; however, the agent served with process was the registered agent for General Motors, LLC. The Affidavit of Service reflects that the entity served was "General Motors, LLC" and that service was perfected by leaving the pleadings with CSC, the registered agent for General Motors, LLC. Despite this, CSC apparently rejected the service because the Complaint named General Motors Corporation.[1] GMC/GM now argue that General Motors, LLC is not a proper party to this action because service was never properly perfected and because the underlying bankruptcy of General Motors Corporation bars any claims against General Motors, LLC in this – or any other – action.

---

[1] No copy of this rejection was filed in the record until General Motors filed its objections to the entry of a default judgment.

Exhibit A

Determination of whether or not GMC is a mere misnomer for General Motors LLC, and and that service upon the LLC was proper, rests, almost exclusively, on issues raised and events within the Bankruptcy action. Notably, GMC/GM's response brief is rife with references to the bankruptcy proceedings, involving the sale and transfer of General Motor Corporation's assets and liabilities, as well as an alleged bar to future claims against GMC. Furthermore, several Orders from the Bankruptcy Court were submitted as "evidence" that the claims herein are barred by the Bankruptcy proceeding. Pretermitting the question of service, whether or not these two companies are interrelated sufficiently so that one is a mere misnomer of the other, and whether or not the claims against General Motors Corporation are barred in this case, are issues for the Bankruptcy Court to determine, because resolution would involve an analysis of that Court's own orders and rulings, as well as a detailed review of the proceedings and the transfer of assets/liabilities from General Motors Corporation to General Motors, LLC.[2]

Therefore, pursuant to this Court's inherent and discretionary authority to control the disposition of cases on its docket, the Plaintiffs are **DIRECTED** to seek a ruling from the Bankruptcy Court regarding the nature of the relationship between General Motors Corporation and General Motors, LLC, whether or not the claims herein survive or are barred for any reason, and whether or not the bankruptcy stay applies in this case. Plaintiffs are further **DIRECTED** to notify this Court within **ten (10) days** of any final determination by the Bankruptcy Court as to these matters. This action and any proceedings against General Motors Corporation and/or General Motors, LLC are hereby STAYED pending a ruling by the Bankruptcy Court.

---

[2] According to General Motors, LLC, the bankruptcy proceeding with General Motors Corporation remains open and pending.

09-50026-mg    Doc 13626-10    Filed 05/13/16    Entered 05/13/16 15:21:48    Exhibit J
Order Directing to Bankruptcy Court    Pg 3 of 3

09-50026-mg    Doc 13611-1    Filed 05/02/16    Entered 05/02/16 16:43:11    Exhibit
Pg 15 of 17

**SO ORDERED**, this __28th__ day of September, 2015.

_(signature)_

Judge Diane E. Bessen
State Court of Fulton County

Copies by efile to counsel
*C:\CIVIL\MISC\EFILE\CHENAULT-GMC-STAY.doc*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, ) | |
| f/k/a General Motors Corp., *et al.*, ) | Case No. 09-50026 (MG) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**ORDER**

This matter is before the Court on Movants Marlos L. Chenault and Shayrika L. Chenault's Motion for Determination of Applicability of Automatic Stay. Having reviewed the arguments and briefs of the parties, the Court finds as follows:

1. In *Chenault v. Continental AG, et al.*, No. 12EV016009J, State Court of Fulton County, Georgia, Plaintiffs allege that they were injured in a collision on January 29, 2011, in part as a result of alleged product defects in a 2005 GMC Envoy Denali manufactured by General Motors Corporation.

2. General Motors LLC (formerly known as General Motors Company) has purchased substantially all of the assets of General Motors Corporation. As part of the sale, General Motors LLC agreed to assume liability for all products-liability claims arising on or after July 10, 2009 regarding products manufactured by General Motors Corporation prior to July 10, 2009.

1

Exhibit "B"

3.  Any claims Plaintiffs may have that arose on or after July 10, 2009 regarding the Subject Vehicle or any other product manufactured by General Motors Corporation prior to July 10, 2009, including but not limited to any claims allegedly arising from the January 29, 2011 collision, survive the sale of General Motors Corporation's assets to General Motors LLC and are not barred. To the extent liability exists for such claims, such liability would be on the part of General Motors LLC, not General Motors Corporation.

4.  The automatic stay arising from *In re: Motors Liquidation Company*, No. 09-50026 (S.D.N.Y.), does not apply to the Fulton County action or any other claims against General Motors LLC.

IT IS SO ORDERED.

 

The Hon. Martin Glenn
United States Bankruptcy Judge