# Exhibit  B

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

COBB COUNTY, GA
FILED IN OFFICE

14 DEC 23 PM 3: 24

ANGIE T. DAVIS
STATE COURT CLERK-13

VERONICA ALAINE FOX    *
                       *
    Plaintiff,         *
                       *
v.                     *    CIVIL ACTION FILE
                       *    NO. 14A 3468-4
                       *
GENERAL MOTORS LLC and *
ATLANTA AUTO BROKERS, INC. *
                       *
    Defendants.        *

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Veronica Fox and files this Complaint for Damages against

Defendants General Motors LLC ("GM") and Atlanta Auto Brokers, Inc. ("AAB"), and

respectfully shows the following:

### INTRODUCTION

On November 12, 2013, Plaintiff Veronica Fox was rendered quadriplegic in a rollover

wreck in the General Motors 2004 SRX she was driving. She was properly restrained in the

vehicle. When the SRX rolled over, the top of the roof literally came off the vehicle, and the

remaining roof structure buckled and collapsed on top of her. Her injuries were caused by the

resulting roof crush that occurred during the rollover. Her injuries were entirely preventable.

Her injuries would not have happened had GM designed the 2004 SRX to provide proper

protection for the occupants in a foreseeable rollover wreck.

GM knows and expects its vehicles *will be* involved in rollovers. GM, like other

automakers, has the resources to design and manufacture automobiles that will provide proper

protection to the occupants in a rollover. But GM designed the Cadillac SRX with a roof structure that *it knew* would utterly fail to provide such protection: the roof panel was made almost entirely of glass; the roof was secured to the vehicle by nothing but glue, with no welds or other mechanical fasteners; predictably, the entire, glued-on roof came off during the rollover, leaving a gaping hole in the top of the vehicle and depriving the roof system of the support the top of the roof should provide; there was little to no lateral support going across the roof to help support the sides of the vehicle when the roof panel came off during the roll; and the remaining roof structure was so inadequate, it buckled and crushed onto Veronica Fox's head, catastrophically and permanently injuring her.

Plaintiff files this action to recover for the injuries caused by GM's decision to adopt an unreasonably dangerous roof design, and for Defendants' election not to warn citizens including Plaintiff Fox of the dangers of the 2004 SRX.

## I. PARTIES, JURISDICTION, VENUE, & SERVICE OF PROCESS

### 1.

Plaintiff Veronica Fox is a citizen and resident of the State of Georgia. Plaintiff is subject to the jurisdiction of this Court.

### 2.

Defendant GM is a foreign corporation organized and incorporated under the laws of Delaware, with its principal place of business located at 300 Renaissance Center, Detroit, Michigan 48265. GM is engaged in the business of designing, manufacturing, marketing, promoting, advertising, distributing, and selling automobiles, trucks, SUVs, and other types of vehicles in the State of Georgia, throughout the United States, and elsewhere.

2

3.

GM is subject to the jurisdiction of this Court because it transacts business in this State and maintains a registered agent in this State: CSC of Cobb County, Inc., 192 Anderson Street S.E., Suite 125, Marietta, Georgia 30060. GM may be served with legal process there.

4.

Venue is proper in Cobb County as to Defendant GM under O.C.G.A. § 14-2-510 and GA. CONST. art. VI, § 2, ¶ VI, because Cobb County is where Defendant GM maintains a registered agent.

5.

Defendant AAB is a domestic corporation organized and incorporated under the laws of Georgia, with its principal place of business located at P.O. Box 3262, Alpharetta, Georgia 30023. AAB is engaged in the business of buying, selling, and inspecting used automobiles in the State of Georgia.

6,

Defendant AAB is subject to the jurisdiction of this Court because it is incorporated in this State, it transacts business in this State, and maintains a registered agent in this State: Joe Milligan, 487 Cobb Parkway, SE, Marietta, Georgia 30060. AAB may be served with legal process there.

7.

Venue is proper in Cobb County as to Defendant AAB under O.C.G.A. § 14-2-510 and GA. CONST. art. VI, § 2, ¶ VI, because Cobb County is where Defendant AAB maintains a

registered agent and under GA. CONST. art. 6, § 2, ¶ IV because it is a joint tortfeasor with Defendant GM.

## II. OPERATIVE FACTS

8.

On November 12, 2013, at around 2:00 a.m., Veronica Alaine Fox was the restrained driver of a 2004 Cadillac SRX designed, manufactured, and sold by Defendant GM (VIN: 1GYDE63A740113793) ("the subject SRX" or "subject vehicle"). Carl Coward was a restrained passenger in the front right seat. The subject SRX was traveling north on I-285, past the intersection with Martin Luther King Dr.

9.

Plaintiff Veronica Fox was properly seated in the driver's seat, wearing her seat belt.

10.

While traveling down the highway, the SRX left the roadway. The SRX rolled over and came to rest off the shoulder north of Martin Luther King Dr.

11.

Defendant General Motors manufactured, designed, marketed, and distributed the subject vehicle with a defective roof which was unable to withstand the forces of this foreseeable and survivable event. As the direct and proximate result of the defects in the roof structure of the subject vehicle, the roof panel came completely off during the wreck and the remaining structure crushed down on Plaintiff Veronica Fox during this incident, rendering her a quadriplegic.

4

12.

Defendant AAB inspected the vehicle and sold it to Plaintiff shortly before the wreck occurred. Defendant AAB had a duty to warn Veronica Fox of the danger posed by the SRX roof. AAB breached that duty.

13.

The defects and failures of the subject vehicle, combined with the acts and omissions of Defendant AAB, caused Veronica Fox's injuries.

14.

As a direct and proximate result of those defects and failures and Defendants' tortious acts and omissions, Plaintiff Veronica Fox endured, continues to endure, and will endure in the future, physical, and emotional pain and suffering.

15.

Defendant GM designed, tested, manufactured, marketed, distributed, and sold the subject SRX and placed it into the stream of commerce.

16.

The subject SRX was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured at the time of the subject incident because the design GM chose for the roof structure did not offer proper protection to occupants in foreseeable crashes, the risks of GM's chosen design outweighed the utility of the design, and GM did not implement other alternative designs that were safer, feasible, and practicable, and which would have prevented Plaintiff Veronica Fox's injuries.

5

17.

GM could have reasonably foreseen and did, in fact, foresee the occurrence of rollovers

such as the one described in this Complaint.

18.

But for GM's negligent and defective design of the SRX, and the vehicle's failure to offer

proper crash protection to occupants in foreseeable wrecks, Veronica Fox would not have been

seriously injured in this wreck.

19.

At the time the subject SRX was manufactured and at all times since then, GM has had

actual knowledge from, among other things, its notice of real world incidents involving its

vehicles, its own testing, and the laws of physics, that when a roof lacks sufficient structural

crashworthiness, occupants are highly vulnerable to being injured, paralyzed, or killed in a

rollover.

20.

Despite its knowledge set forth above, GM consciously designed the 2004 SRX, and

other GM vehicles equipped with the same or similar performing roofs, so that occupants would

be subject to injury from roof crush.

21.

Despite knowing at the time the subject Cadillac SRX was manufactured that safer

alternative designs were technologically feasible, economically practicable, and fundamentally

safer, GM willfully, wantonly, and recklessly chose not to implement any of those alternative

6

designs in the subject SRX and instead chose a design GM knew would result in preventable

injuries and deaths in foreseeable wrecks.

22.

Despite its knowledge of a duty and a need to warn the public, GM failed at the time of

manufacture and sale of the subject SRX—and all times since—to adequately warn the

consuming public, and Plaintiff in particular, of the dangers in a reasonably foreseeable wreck

presented by the design of the SRX roof.

23.

Despite the knowledge set forth in the paragraphs above, GM willfully, wantonly, and

recklessly continued to sell the vehicle to the consuming public and maintained it in the stream of

commerce without a warning, recall, or remedy of the vehicle's defects.

24.

Defendant GM's willful, reckless, and wanton conduct constituted disregard for the life

and safety of Veronica Fox, and the lives and safety of the motoring public generally. GM's

willful, reckless, and wanton conduct also manifests a conscious indifference to the foreseeable

consequences of that conduct to motorists like Veronica Fox.

25.

No person other than Defendant GM and Defendant AAB is at fault for the injuries and

damages sustained by Veronica Fox.

26.

Plaintiff's injuries and damages were proximately caused by the tortious acts and

omissions of Defendants. The tortious acts and omissions of Defendants that caused the personal

injuries to Veronica Fox are described more fully and specifically in the paragraphs below.

### III. SPECIFIC COUNTS

### COUNT ONE

### Strict Liability of General Motors LLC

27.

Plaintiff incorporates as if re-alleged herein in full paragraphs 1 through 26 of this

Complaint.

28.

Defendant GM is strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other

applicable law because the risks inherent in the design of the roof structure in the 2004 Cadillac

SRX outweighed any utility of the chosen design, thereby rendering the vehicle defective,

unreasonably dangerous, and not reasonably suited to the use for which it was intended. The

defects in the SRX include, but are not limited to, the following:

a. The roof structure in the SRX failed to offer proper protection to
   occupants like Veronica Fox during foreseeable rollover events;

b. The roof panel was made almost entirely of glass with a narrow rim of
   fiber glass;

c. The roof panel was attached to the vehicle by nothing but glue;

8

d.    During the rollover, the entire roof panel came completely off the vehicle, leaving a gaping hole in the roof of the vehicle;

e.    GM knew that the glued-on glass roof would not protect occupants in a rollover;

f.    Despite this knowledge, GM did not design the remaining structure to protect occupants in a rollover;

g.    GM designed the 2004 SRX with a strength-to-weight ratio of 1.9, which earned it the lowest possible rating for roof strength by the Insurance Institute for Highway Safety. *See* Exhibit A, IIHS Website, http://www.iihs.org/iihs/ratings/ratings-info/roof-strength-test (last visited December 22, 2014). According to IIHS, a strength-to-weight ratio of 1.9 is not "good," "acceptable," or even "marginal"—it is "**poor**." *Id.*;

h.    GM did not adequately test the performance of the SRX's roof structure to determine whether prospective owners, users, and occupants of the 2004 SRX would be exposed to an unreasonable risk of physical harm during rollover events;

i.    GM knew, or should have known, from the testing that was performed on the SRX and other GM vehicles with the same or similar roofs, from real world incidents, and from the laws of physics, that the SRX roof would fail, and GM knew that serious injury to vehicle occupants could result;

j.    The SRX does not contain, and is not accompanied by, warnings to prospective owners, users, or occupants, including Plaintiff, either at the

9

time of sale or post-sale, of the unreasonable risk of physical harm

associated with the design of the roof structure of the 2004 SRX;

k.        The SRX does not contain, and is not accompanied by, <u>adequate</u> warnings

to prospective owners, users, or occupants, including Plaintiff, either at the

time of sale or post sale, of the unreasonable risk of physical harm

associated with the design of the roof structure of the 2004 SRX.

29.

The defects in the 2004 Cadillac SRX, in concert with the negligence of GM's co-

Defendant, proximately caused Plaintiff's injuries and damages.

30.

Defendants are liable for the injuries and damages Plaintiff suffered.

## COUNT TWO

### Negligence of General Motors LLC

31.

Plaintiff incorporates as if re-alleged herein in full paragraphs 1 through 30 of this

Complaint.

32.

Defendant GM, as a product manufacturer, owed a duty to the consuming public in

general, and Plaintiff in particular, to exercise reasonable care to design, test, manufacture,

inspect, market, and distribute a product free of unreasonable risk of harm to owners, users, and

occupants.

10

33.

At the time Defendant GM manufactured, marketed, distributed, and sold the 2004 SRX,

GM could reasonably have foreseen and did, in fact foresee, the occurrence of rollover events

such as the one described in this Complaint.

34.

Defendant GM breached its duty to exercise reasonable care as set forth in the paragraphs

above.

35.

In concert with the negligence of its Co-Defendant, GM's negligence proximately caused

Plaintiff's injuries and damages.

36.

Defendants are liable for the injuries and damages suffered by Plaintiff.

## COUNT THREE

### General Motors LLC's Failure to Warn

37.

Plaintiff incorporates as if re-alleged herein in full paragraphs 1 through 36 of this

Complaint.

38.

Defendant GM could reasonably have foreseen and did, in fact, foresee the occurrence of

rollover events such as the one described in this Complaint, and it knew or reasonably should

have known that the SRX roof would fail in such foreseeable rollover wrecks.

11

39.

Defendant GM, as a product manufacturer, owed a duty to the consuming public in general, and to Plaintiff in particular, to warn of the dangers arising from the design of the SRX. Defendant GM's duty to warn arose at the time of sale and continued up to, and after, the time of Plaintiff Veronica Fox's injury.

40.

In concert with the negligence of its Co-Defendant, GM's failure to warn proximately caused Plaintiff's injuries and damages.

41.

Defendants are liable for the injuries and damages Plaintiff suffered.

## COUNT FOUR

### Punitive Damages

42.

Plaintiff incorporates as if re-alleged herein in full paragraphs 1 through 41 of this Complaint.

43.

Defendant GM acted with conscious indifference to the safety and well-being of the public, and willfully and wantonly, as defined by O.C.G.A. § 51-12-5.1, in designing, testing, manufacturing, inspecting, marketing, distributing, selling, and failing to effectively repair or warn about the dangers of the 2004 SRX. GM knew or should have known of those dangers. GM's misconduct warrants the imposition of punitive damages against GM.

12

44.

Defendant GM's failure to warn was so egregious that it rises to the level of conscious indifference to the safety and well-being of the public under O.C.G.A. § 51-12-5.1. Such misconduct warrants the imposition of punitive damages against GM.

## COUNT FIVE

### Statute of Repose

45.

Plaintiff incorporates as if re-alleged herein in full paragraphs 1 through 44 of this Complaint.

46.

The willful and wanton misconduct by GM referenced in this Complaint precludes the application of any statute of repose as a defense. Georgia's statute of repose does not bar claims when the defendant acted with willful and wanton disregard of the dangers of its conduct.

47.

GM's failure to warn of the dangers referenced in this Complaint precludes the application of any statute of repose as a defense. Georgia's statute of repose does not bar claims when the defendant failed to warn of the dangers which were known to or should have been known to the defendant.

## COUNT SIX

### Atlanta Auto Brokers, Inc.'s Failure to Warn

48.

Plaintiff incorporates as if re-alleged herein in full paragraphs 1 through 47 of this Complaint.

49.

Defendant AAB sold the subject 2004 Cadillac SRX to Plaintiff Veronica Fox on or about September 27, 2013, less than two months before the wreck that is the subject of this Complaint.

50.

AAB is in the business of buying, selling, and inspecting cars. It has been in that business for over 20 years. As a result of this extensive experience, AAB has specialized and superior knowledge about cars, car repair and parts, vehicle safety, and vehicle quality.

51.

Before selling the vehicle to Plaintiff, Defendant AAB undertook to inspect the vehicle for Plaintiff's benefit. It therefore had a duty to conduct its inspection non-negligently.

52.

Plaintiff originally sought to purchase a Chevrolet Suburban at AAB, but AAB's inspection had revealed the Suburban needed repairs. AAB therefore discouraged Plaintiff from purchasing that vehicle. AAB told Plaintiff that the SRX had passed its inspection. AAB therefore encouraged her to choose the SRX instead of the Suburban. Plaintiff relied upon

14

AAB's inspection and its statements about the inspection when she chose to purchase the subject SRX.

53.

AAB also detailed the car before selling it Plaintiff. AAB's inspection and detail of the vehicle either did or should have revealed the dangers of the SRX roof, including but not limited to the fact that the roof was made almost entirely of glass and was attached by nothing but glue. A lay person like Plaintiff would not know that the roof was made of glass because the rear panels of glass were concealed from the inside by the headliner. Plaintiff, in fact, did not know that the roof was made almost entirely of glass until after the wreck occurred.

54.

Defendant AAB encouraged Plaintiff to purchase the SRX because of the sunroof. AAB repeatedly emphasized the sunroof as a selling feature because it extended to the second row of seats. AAB's statements about the sunroof were incomplete and misleading because AAB did not inform Plaintiff that the glass actually extended almost the entire length of the vehicle and because the structure of the roof was itself a deadly design defect.

55.

AAB provided safety warnings to Plaintiff about the use of the sunroof, advising her not to allow passengers to "hang out of the sunroof." AAB's warnings were incomplete and misleading because they suggested that the only danger associated with the roof was the danger of passengers being injured as a result of a decision to "hang out of the sunroof."

15

56.

Defendant AAB knew or should have known that the SRX roof would not protect occupants in the event of a rollover wreck and therefore had a duty to warn Plaintiff about the dangers created by the SRX roof. AAB's actual or constructive knowledge was a result of its superior knowledge of vehicle parts, quality, and safety, generally—and the SRX's parts, quality, and safety, specifically; its inspection of the vehicle; and its knowledge about the SRX roof and sunroof.

57.

Defendant AAB knew or reasonably should have known that the SRX roof was dangerous and could result in serious or catastrophic injury or death in foreseeable rollover wrecks.

58.

Plaintiff would not have purchased the SRX had she been informed of and known about the dangers of the roof.

59.

In concert with the negligence of its Co-Defendant, AAB's failure to warn proximately caused Plaintiff's injuries and damages.

60.

Defendant AAB is liable for the injuries and damages Plaintiff suffered.

16

## <u>DAMAGES & PRAYER FOR RELIEF</u>

### 61.

Plaintiff incorporates as if re-alleged herein in full paragraphs 1 through 60 of this Complaint.

### 62.

As a direct result of the defective condition of the 2004 SRX, GM's negligence and failure to remedy or give appropriate warnings about the vehicle, and AAB's failure to warn about the vehicle, Plaintiff Veronica Fox has suffered severe and permanent personal injuries, including quadriplegia.

### 63.

Plaintiff Veronica Fox seeks damages from Defendants in an amount to be determined by the enlightened conscience of the jury and as demonstrated by the evidence, for all elements of compensatory damages allowed by Georgia law.  Plaintiff's injuries are permanent, and damages sought include the following:

a.   all components of the mental and physical pain and suffering Veronica Fox endured upon impact and up until the present time;

b.   all components of the mental and physical pain and suffering Veronica Fox will endure in the future;

c.   past and future loss of enjoyment of life; and

d.   all past and future economic losses, including medical bills, medical expenses, other necessary expenses for the care and treatment of Veronica Fox,  including household services.

17

e.    Punitive damages against Defendant GM, pursuant to O.C.G.A. § 51-12-5.1, in an

amount to be determined by the enlightened conscience of the jury to be sufficient

to punish GM for the harm caused to them and to deter GM from similar

misconduct.

64.

WHEREFORE, Plaintiff prays for the following relief:

a.    That summons issue and service be perfected upon Defendants requiring them to

appear before this Court and answer this Complaint for Damages;

b.    That judgment be entered against Defendants;

c.    That Plaintiff Veronica Fox recovers all elements of compensatory damages,

including general and special damages, against Defendants;

d.    That Plaintiff Veronica Fox recovers punitive damages against Defendant GM;

e.    That all costs be cast against Defendants; and

f.    That Plaintiff has such other and further relief as this Court deems just and proper.

This ___23rd___ day of December, 2014.

Respectfully submitted,

BUTLER WOOTEN & CHEELEY & PEAK LLP

BY: _____

JAMES E. BUTLER, JR.
Georgia Bar No.099625
ROBERT D. CHEELEY
Georgia Bar No. 122727
TEDRA CANNELLA HOBSON
Georgia Bar No. 881085

18

2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700

KENNETH S. NUGENT PC

BY: _William A. Hammill_

WILLIAM G. HAMMILL
Georgia Bar No. 943334
*Signed with Express Permission
by Tedra C. Hobson*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
(404) 885-1983

**ATTORNEYS FOR PLAINTIFF**

19

# EXHIBIT  A

Roof strength-to-weight ratio



Plate displacement (inches)