# Exhibit H

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                                    :         Chapter 11
                                                                              :
MOTORS LIQUIDATION COMPANY, *et al.*,   :        Case No.: 09-50026 (REG)
    f/k/a General Motors Corp., *et al.*          :
                                                                              :        (Jointly Administered)
                      Debtors.      :
------------------------------------------------------------x

## CASE MANAGEMENT ORDER RE NO-STRIKE, NO-STAY, OBJECTION, AND GUC TRUST ASSET PLEADINGS

1. The Court has received and reviewed New GM's letter (ECF #13381) and the accompanying order of the district court denying withdrawal of the reference on issues related to No-Strike, No-Stay, Objection, and GUC Trust Asset Pleadings. To facilitate consideration of the matters yet to be determined in this Court with respect to these and related matters,[1] the parties are to advise this Court by letter (also docketed, of course, on ECF), submitted no later than the close of business one week from today, of:

    (a) each of the individual complaints that are the subjects of No-Strike Pleadings, Objection Pleadings, or GUC Trust Asset Pleadings (or, to the extent applicable, No-Stay Pleadings and No Dismissal Pleadings), that need to be decided in this Court;

    (b) the extent to which briefs are expected to be filed that have not yet been filed with respect to the disputes listed in Paragraph 1(a)—broken down by dispute and complaint (including, without limitation, New GM's disputes with each of the Ignition Switch Economic Plaintiffs; the Non-Ignition Switch Economic Plaintiffs; the *Elliott*, *Sesay*, and *Bledsoe*

---

[1] Thus this Order does not cover New GM's Pillars Rule 9023 motion. It does, however, cover anything that needs to be done with respect to the *Elliott*, *Sesay*, and *Bledsoe* actions.

-1-

Plaintiffs; and the states of California and Arizona, and the GUC Trust's disputes with plaintiffs on the GUC Trust Asset pleading), and any deadlines that have been agreed upon or otherwise set for their submission;

(c) how long it would take for New GM to submit to the Court marked pleadings, with respect to each complaint as to which it has concerns (*e.g.*, the Ignition Switch Plaintiffs' Second Amended Consolidated Complaint)—which marked pleadings would show the particular individual paragraphs (or parts of paragraphs) to which New GM objects, and shorthand descriptions of the grounds for objection;

(d) whether New GM, any plaintiff, or any other party in interest would wish to provide commentary with respect to any marked pleadings (either with the marked pleading's submission or thereafter) apart from any briefs otherwise submitted or to be submitted;

(e) any alternative suggestions (beyond or instead of the combination of briefs and marked pleadings that the Court currently envisions) as to the best means for this Court to provide the MDL Court and other courts with rulings of the level of specificity they might need vis-à-vis issues yet to be decided by this Court;

(f) the extent to which oral argument on any of the matters subject to Paragraph 1(a) is desired;

(g) any other matters that need to be addressed by this Court; and

    (h) any upcoming dates as to which counsel, by reason of religious observance or other obligations, would be unavailable for oral argument at a hearing on the preceding matters.

  2. The Court is in particular need of information with respect to the Non-Ignition Switch Plaintiffs' claims (whether for injury or death or economic loss), and pending and future matters affecting them, but so long as such claims are satisfactorily covered in the letter(s) to come, they can be addressed in connection with other claims to the extent appropriate.

  3. Though the Court would prefer a joint submission, it will accept separate submissions if parties cannot timely agree.

SO ORDERED.

Dated: New York, New York      _s/Robert E. Gerber_
   August **19,** 2015        United States Bankruptcy Judge

-3-