# Exhibit K

| | | |
|---|---|---|
| James E. Butler, Jr., P.C.* | Tedra C. Hobson | |
| Joel O. Wooten | Robert H. Snyder** | |
| Robert D. Cheeley | David T. Rohwedder* | |
| Brandon L. Peak | Morgan E. Duncan | * admitted in GA & AL |
| John C. Morrison III | Joseph M. Colwell | ** admitted in GA & FL |



Butler Wooten Cheeley & Peak LLP

September 9, 2015

*VIA EMAIL (sdavidson@kslaw.com and kasher@kslaw.com) and U.S. MAIL*

Scott I. Davidson, Esq.
Jennifer A. Asher, Esq.
King & Spalding LLP
1185 Avenue of the Americas
New York, NY  10036-4003

   Re: *Veronica Alaine Fox v. General Motors LLC and Atlanta Auto Brokers, Inc.*, State Court of Cobb County, Georgia, Civil Action File No. 14A-3468-4

Dear Mr. Davidson and Ms. Asher:

  In direct response to your email of September 8, 2015, which constitutes our first receipt of your "demand letter,"—yes, K&S demanding on behalf of GM that we act "within 3 days" is manifestly "inconvenient."  We're not bankruptcy lawyers, and we will need to consult some bankruptcy law experts.  We don't have time to complete that process this week or next week.  In fact, I personally don't have time to study this matter much at all this week or next week.

  It is unclear why GM has even sent its September 8th email in this case.  GM claims that the Scheduling Order of a New York Bankruptcy Court, attached to its letter as Exhibit C, "appl[ies] to this matter."  Davidson Letter at 3.   That is incorrect.

  The Scheduling Order itself identifies the cases to which it applies.  *Fox v. GM* is not one of them.  It is not one of the specifically enumerated cases set out in paragraphs one through eight.  Nor is it a "lawsuit where New GM has previously sent a demand letter as authorized by the Judgment," as described on page 4.  As GM knows, GM has never sent such a "demand letter" to Ms. Fox.  Any representation that Plaintiff is governed by this scheduling order of the New York Bankruptcy Court is false.

  In an attempt to work through this, however, let me ask you some questions that will aid our consideration of your "demand letter."

  1. Who deputized you to perform "service" on us of the Judgment and Decision?  Please explain your claim of authority.
  2. Is there a ruling by the Bankruptcy Court specific to Veronica Fox?  (I did not see her, or her case, mentioned in the exhibits to your letter.)
  3. You are aware, are you not, that Ms. Fox has not filed an 'ignition switch' claim?

**REPLY TO Atlanta:**
2719 Buford Highway • Atlanta, GA 30324
404.321.1700 • 1.800.242.2962 • FAX 404.321.1713

Columbus Office:
P.O. Box 2766 • Columbus, GA 31902
105 13th Street • Columbus, GA 31901
706.322.1990 • 1.800.242.2962 • FAX 706.323.2962

www.butlerwooten.com

Scott Davidson, Esq.
September 9, 2015
Page 2

4. You are aware, are you not, that Ms. Fox has a claim for failure to warn under Georgia law, and that this wreck came after the bankruptcy date in 2009, and that the failure to warn came after that date, and that punitive damages are available under Georgia law on a failure to warn claim?

5. Does GM claim that Ms. Fox is subject to the jurisdiction of the New York Bankruptcy Court? If so, explain how that came to be, please.

6. More specifically, does GM claim that the Bankruptcy Court has jurisdiction and power to rule regarding what may, or may not, be asserted in Ms. Fox's Complaint?

7. Does GM contend that a failure by us, on behalf of Ms. Fox, to acquiesce to your demands within "three days" will constitute a violation of an Order of the Bankruptcy Court? If so, please explain the basis for that contention.

8. Are you, and is GM, threatening to ask the Bankruptcy Court to hold us, or Ms. Fox, in "contempt" for not acquiescing within "three days" to your demands?

9. What is the specific authority for your statement that we, that is to say, those to whom you addressed your letter, or Ms. Fox, "must file such objection in writing with the Bankruptcy Court within three (3) business days of receipt of this demand letter"?

10. That statement is a demand that Ms. Fox, and we, voluntarily submit ourselves to the jurisdiction of the Bankruptcy Court. What is your authority for contending that we must do so?

11. Does "New GM" contend that any claim for punitive damages based upon "New GM's" own failure to warn of known dangers is defeated by the successor liability exclusion in the Bankruptcy Court rulings? If so, isn't it clear that "New GM" is therefore contending that the entirety of the products liability inclusion is swallowed up within the successor liability exclusion? Does "New GM" contend that any products liability claim can be characterized by "New GM" as a successor liability claim?

We can find nothing in the bankruptcy court's judgment or orders that would apply to this non-ignition switch claim. Your apparent threat against Ms. Fox for a so-called "continu[ing] violation of the Bankruptcy Court's rulings" is unfounded.

        Sincerely,

        BUTLER WOOTEN CHEELEY & PEAK LLP

        Tedra L. Cannella

TLC/bt
*Via Email to:*
cc James E. Butler, Jr.
  Robert D. Cheeley, Esq.

Scott Davidson, Esq.
September 9, 2015
Page 3

    Robert H. Snyder, Esq.
    William Hammill, Esq.
    James C. Morton, Esq.
    Richard H. Willis, Esq.
    Kevin J. Malloy, Esq.
    Thomas M. Klein, Esq.
    C. Megan Fischer, Esq.
    Carrie L. Christie, Esq.
    Robert H. Burke, Esq.