# Exhibit  O

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel:  (212) 556-2100
Fax:  (212) 556-2222
www.kslaw.com

Scott Davidson
Direct Dial:  212-556-2164
sdavidson@kslaw.com

May 16, 2016

**Via E-Mail Transmission**
James E. Butler, Jr.
BUTLER WOOTEN & CHEELEY & PEAK LLP
2719 Buford Highway
Atlanta, Georgia 30324

> Re:    *Fox v. General Motors LLC, et al.*
>          <u>Case No.: 14A 3468-4</u>

Dear Counsel:

By this letter, General Motors LLC ("**New GM**") demands that certain allegations, claims and damage requests made in the Complaint filed in the above referenced lawsuit be withdrawn due to the requirements of federal bankruptcy law, for the reasons explained below.[1]

Plaintiff is violating the Sale Order and Injunction[2] entered by the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"), as well as certain recent decisions and judgments entered by the Bankruptcy Court.[3]  The following allegations, claims and damage requests are legally barred:

- Allegations that merely refer to "GM" and do not distinguish between Old GM and New GM (*see* Complaint, pages 1-2, and ¶¶ 2, 3, 16-24, 28, 29, 35, 38, 39, 40, 43, 46, 47, 62, 63);

---

[1]    You were previously sent a letter in connection with this Lawsuit in 2015 ("**2015 Letter**"), highlighting issues with the Complaint and explaining that the Complaint needed to be amended.  At that time, the Bankruptcy Court had not yet issued the November Decision and December Judgment (each as defined below).  The rulings by the Bankruptcy Court in the November Decision and December Judgment require the amendment of the Complaint, as explained herein.

[2]    A copy of the Sale Order and Injunction (with the Sale Agreement attached thereto) is annexed hereto as **Exhibit "A."**

[3]    *See In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y 2015) ("**April Decision**"); Judgment entered by the Bankruptcy Court on June 1, 2015 ("**June Judgment**"); *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015) ("**November Decision**"); and Judgment entered by the Bankruptcy Court on December 4, 2015 ("**December Judgment**"). Copies of the June Judgment and December Judgment are annexed hereto as **Exhibit "B"** and **Exhibit "C,"** respectively.  Copies of the two published decisions of the Bankruptcy Court can be provided upon request.

James E. Butler, Jr.
May 16, 2016
Page 2

- Allegations that New GM designed, manufactured, tested, marketed and/or distributed the subject vehicle, a 2004 SRX ("**Subject Vehicle**"), or performed other conduct relating to the Subject Vehicle before the closing of the Sale from Old GM to New GM (*see* Complaint, pages 1-2, and ¶¶ 8, 11, 15, 16-23, 28, 32-34, 38, 39, 43, 62);

- Claims that concern an alleged duty to warn, to the extent that such claims are based on the conduct of New GM (*see* Complaint, ¶¶ 22, 28, 38-41, 43, 44, 47); and

- All requests for punitive damages as against New GM.

**Applicable Bankruptcy Court Rulings**

The Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 (as amended) ("**Sale Agreement**"), which was approved by an Order, dated July 5, 2009 ("**Sale Order and Injunction**") of the Bankruptcy Court, provides that New GM assumed only three categories of liabilities for vehicles sold by Old GM: (a) post-sale accidents or incidents involving Old GM vehicles causing personal injury, loss of life or property damage; (b) repairs provided for under the "Glove Box Warranty"—a specific written warranty, of limited duration, that only covers repairs and replacement of parts and not monetary damages; and (c) Lemon Law claims (as defined in the Sale Agreement) essentially tied to the failure to honor the Glove Box Warranty. All other liabilities relating to vehicles sold by Old GM were "Retained Liabilities" of Old GM. *See* Sale Agreement § 2.3(b). To the extent the claims asserted in the Complaint are based on a successor liability theory or otherwise constitute Retained Liabilities, they were not assumed by New GM and, accordingly, New GM cannot be liable to Plaintiff for such claims. *See* Sale Order and Injunction, ¶¶ 7, 46; Sale Agreement, §§ 2.3(a), 2.3(b).

Paragraph 14 of the December Judgment provides as follows:

Plaintiffs of two types—1) plaintiffs whose claims arise in connection with vehicles without the Ignition Switch Defect, and 2) Pre-Closing Accident Plaintiffs—are not entitled to assert Independent Claims against New GM with respect to vehicles manufactured and first sold by Old GM (an "**Old GM Vehicle**"). To the extent such Plaintiffs have attempted to assert an Independent Claim against New GM in a pre-existing lawsuit with respect to an Old GM Vehicle, such claims are proscribed by the Sale Order, April Decision and the Judgment dated June 1, 2015[.]

The Plaintiff in the Lawsuit does not have a claim based on the Ignition Switch Defect and therefore is prohibited from asserting an Independent Claim[4] against New GM.

The December Judgment also described the types of allegations that cannot be made in complaints asserting claims against New GM based on Old GM vehicles. Specifically, Plaintiff is

---

[4]    The term "Independent Claim" was defined by the Bankruptcy Court in paragraph 4 of the June Judgment as "claims or causes of action asserted by Ignition Switch Plaintiffs against New GM (whether or not involving Old GM vehicles or parts) that are based solely on New GM's own, independent, post-Closing acts or conduct."

James E. Butler, Jr.
May 16, 2016
Page 3

prohibited from making allegations: (i) that New GM is the successor of Old GM (no matter how phrased) (*see* December Judgment, ¶ 16); (ii) that do not distinguish between Old GM and New GM (*see id.* ¶ 17); or (iii) that allege or suggest that New GM manufactured or designed an Old GM vehicle, or performed other conduct relating to an Old GM vehicle before the entry of the Sale Order and Injunction (*i.e.*, July 10, 2009) (*see id.* ¶ 18).

Moreover, the December Judgment determined that New GM did not assume punitive damages relating to Product Liabilities under the Sale Agreement. Parties such as Plaintiff can only seek compensatory damages. *See* December Judgment, ¶ 6 ("New GM did not contractually assume liability for punitive damages from Old GM.").

### The Barred Allegations, Claims and Requests for Damages in the Complaint

The Bankruptcy Court's rulings apply to Plaintiff's Lawsuit. As set forth on pages 1 and 2 above, the Complaint contains allegations that are prohibited by the December Judgment, requiring that the Complaint be amended.

Moreover, the Sale Order and Injunction enjoins parties from bringing actions against New GM for Retained Liabilities of Old GM. *Id.*, ¶ 8. Under the December Judgment, Non-Ignition Switch Plaintiffs (like Plaintiff) are barred from asserting any claims (other than Assumed Liabilities) against New GM. *See* December Judgment, ¶ 14. The December Judgment specifically provides that New GM did not assume various claims and/or causes of action when it agreed to assume Product Liabilities. Proscribed causes of action contained in the Amended Complaint are set forth on page 2 above.

In addition, because New GM did not assume punitive damages in connection with its assumption of Product Liabilities, and Plaintiff is a Non-Ignition Switch Plaintiff, the request for punitive damages against New GM violates the Sale Order and Injunction, and the Bankruptcy Court's rulings. All requests for punitive damages as against New GM must be stricken from the Complaint.

### Conclusion

The December Judgment stays the Lawsuit until all violations of the Sale Order and Injunction, and the Bankruptcy Court's other rulings, are sufficiently addressed. *See, e.g.*, December Judgment, ¶¶ 16, 17, 18. Please let us know by May 23, 2016 whether you will take the requested action and comply with the Bankruptcy Court's rulings.

New GM reserves all of its rights regarding any continuing violations of the Bankruptcy Court's rulings, including, but not limited to seeking all available relief if it is determined that there is a willful violation of the Sale Order and Injunction and the Bankruptcy Court's other rulings, particularly where Plaintiff previously received the 2015 Letter, which put Plaintiff on notice of applicable Bankruptcy Court rulings and the need to amend the Complaint. *See FirstBank Puerto Rico v. Barclays Capital Inc. (In re Lehman Brothers Holdings Inc.)*; Summary Order, Case No. 15-149-br. (2d Cir. March 29, 2016).

James E. Butler, Jr.
May 16, 2016
Page 4

     If you have any questions, please call me.

Very truly yours,

*/s/ Scott I. Davidson*

Scott I. Davidson

SD/hs
Encl.

cc:    Thomas Klein, Esq. (via Email)
       Bill Casey, Esq. (via Email)

James E. Butler, Jr., P.C.*    Robert H. Snyder**    Michael L. Thurmond     Butler Wooten
Joel O. Wooten    David T. Rohwedder*    *Of Counsel    Cheeley & Peak LLP
Robert D. Cheeley    Morgan E. Duncan
Brandon L. Peak    Joseph M. Colwell
John C. Morrison III    Christopher B. McDaniel    * admitted in GA & AL
Tedra L. Cannella    Rory A. Weeks    ** admitted in GA & FL

May 19, 2016

*VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED and EMAIL*

General Motors, LLC
c/o Thomas M. Klein
Bowman & Brooke, LLP
2901 N. Central Avenue, Suite 1600
Phoenix, AZ 85012
*Certified Mail No. 7196900891110422119*

King & Spalding, LLP
c/o Scott Davidson
1185 Avenue of the Americas
New York, NY 10016-4003
*Certified Mail No. 7196900891110422102*

Scott Davidson
King & Spalding, LLP
1185 Avenue of the Americas
New York, NY 10016-4003
*Certified Mail No. 7196900891110422096*

Jennifer Asher
King & Spalding, LLP
1185 Avenue of the Americas
New York, NY 10016-4003
*Certified Mail No. 7196900891110422089*

Thomas M. Klein
Bowman & Brooke, LLP
2901 N. Central Avenue, Suite 1600
Phoenix, AZ 85012
*Certified Mail No. 7196900891110422072*

Bowman & Brooke, LLP
c/o Thomas M. Klein
Bowman & Brooke, LLP
2901 N. Central Avenue, Suite 1600
Phoenix, AZ 85012
*Certified Mail No. 7196900891110422065*

Re:    *Veronica Alaine Fox v. General Motors LLC and Atlanta Auto Brokers, Inc.*, State
Court of Cobb County, Civil Action File No. 14A-3468-4, May 16, 2016 letter
from Scott Davidson of King & Spalding, LLP to Plaintiff's Counsel

To All Addressees Identified Above:

This letter is directed to "New GM" ("GM LLC"), to the law firm of King & Spalding,
LLP, to Mr. Davidson who signed the letter to Plaintiff's counsel dated May 16, 2016, to Ms.
Asher who forwarded said letter to us via email, to GM LLC's counsel in Fox v. GM, Thomas
Klein and the law firm of Bowman & Brooke, LLP, and to all others who participated in the
decision to send and compose said letter. This letter is directed to said persons pursuant to
O.C.G.A § 51-7-80 et seq. to give each an opportunity to withdraw said letter consistent with the

**REPLY TO Atlanta:**
2719 Buford Highway • Atlanta, GA 30324
404.321.1700 • 1.800.242.2962 • FAX 404.321.1713

**Columbus Office:**
P.O. Box 2766 • Columbus, GA 31902
105 13th Street • Columbus, GA 31901
706.322.1990 • 1.800.242.2962 • FAX 706.323.2962

www.butlerwooten.com

May 19, 2016
Page 2

terms of that statute.  Failure to do so will result in Plaintiff seeking all damages available to her pursuant to said statute.[1]

In the May 16, 2016 letter, those responsible for its content make strong accusations: "Plaintiff is violating" a court order; certain claims made by Plaintiff Fox are "legally barred"; "the Complaint contains allegations that are prohibited"; Ms. Fox's lawsuit is "stayed" based on your decision there are "violations."  Kindly send to us the Court Order so holding with regard to Ms. Fox's lawsuit.  If there is no such Order holding those things regarding Ms. Fox and her lawsuit, kindly send documentation that whoever is responsible for stating those conclusions has been appointed a judge of some court with authority to make such judgments.

Counsel for Plaintiff Fox have no intention of violating any Court Order or any prospective Court order, nor have we done so.  To eliminate any possible doubt, even in the fervid imaginations of those responsible for the May 16, 2016 letter, we are currently drafting a Recast & Amended Complaint to conform with the legal principles announced by the Bankruptcy Court in its December 4, 2015 Judgment regarding claims in the Ignition Switch cases.  So that there will be no doubt about what those responsible for the May 16, 2016 letter contend, kindly state, with respect to each paragraph of the original Complaint referenced in the four bullet points listed under the second paragraph of said letter, and any other paragraph of the original Complaint referenced in said letter, precisely what is the basis for any accusation that each said paragraph "violates" a "Court Order."

To repeat: do so separately for each paragraph of the original Complaint.  As stated, we are drafting a Recast & Amended Complaint.  To know which words to use, or not use, we have to know what it is specifically that you contend "violates" a Court Order—and how, which is to say, why.

Kindly also provide to us the purported authority for your position that the assertion of failure to warn and punitive damage claims against "New GM" in the Fox case is contrary to the Bankruptcy Court's Order of December 4, 2015 related to claims in the Ignition Switch cases and so, you presume, contrary to a Bankruptcy Court Order if the Bankruptcy Court were to enter an order applicable to Fox v. GM with the same provisions as the December 4, 2015 Order. We note that the judgment attached to your letter makes no reference to the Fox case (which is not an ignition switch case) and appears to contradict the positions espoused in your letter.  *See* Dec. 4, 2015 Judgment at ¶¶ 7, 20.

Just to be sure it is clear: we *will be* filing a Recast & Amended Complaint; we plan to do so just as soon as you respond to our 9/9/15 letter and to this letter. Our goal is to avoid any needless dispute.  The Recast & Amended Complaint will make it perfectly clear that the

---

[1] The statute requires that this letter be served by certified mail.  It is therefore being served on K&S and on B&B and on GM LLC care of K&S and B&B.   It is also being served, as a courtesy, via email.

May 19, 2016
Page 3

punitive damages claims are for post-bankruptcy conduct by GM LLC.  Plaintiff Fox *does not* seek punitive damages against GM LLC based on any pre-bankruptcy conduct of "Old GM." The Recast & Amended Complaint will also make it perfectly clear that the failure to warn case against GM LLC is for the post-bankruptcy conduct of GM LLC and the pre-bankruptcy conduct of "Old GM."  *If* you contend that GM LLC is immune from claims for punitive damages and/or immune from a claim for failure to warn which claims are based on GM LLC's own conduct, kindly state the basis for that contention.  If you contend that GM LLC is immune from product liability claims based on "Old GM's" failure to warn, kindly state the basis for that contention as well.

This is the second threatening letter we've received from you folks.  As stated, we have not violated and have no intention of violating any court orders, or violating even any possible prospective court orders (which is what you seem to really be writing about), or even getting close to violating any such possible prospective court orders.  That is why we spent considerable time composing our 9/9/15 reply to your previous threatening letter.  *See attached.*  You have not responded to that reply.  Please do so, now.  Please do so by direct and complete response to each enumerated paragraph of that 9/9/15 reply.  Nor have you explained why you did not reply to our 9/9/15 letter.  Please do so, now.

We do realize that you are apparently just sending out form letters to counsel for various plaintiffs, but your two letters have been accusations of misconduct, and threats.  We take that very seriously.

A complete and usable response to this letter and to our 9/9/15 letter will enable us to draft the said Recast & Amended Complaint so as to remove any possible excuse you could try to conjure up to delay the specially set trial of this case by filing something in the Bankruptcy Court in New York.  That is our objective.  Any attempt by you to delay that special setting will be frivolous.

Sincerely.

BUTLER WOOTEN CHEELEY PEAK, LLP

James E. Butler, Jr.

JEBjr/bt
Enclosure
cc:    Robert D. Cheeley, Esq.
       Tedra L. Cannella, Esq.
       Robert H. Snyder, Esq.

James E. Butler, Jr., P.C.*       Tedra C. Hobson
Joel O. Wooten                    Robert H. Snyder**
Robert D. Cheeley                 David T. Rohwedder
Brandon L. Peak                   Morgan E. Duncan         *admitted in GA & AL
John C. Morrison III              Joseph M. Colwell       **admitted in GA & FL


Butler Wooten
Cheeley & Peak LLP

September 9, 2015

*VIA EMAIL (sdavidson@kslaw.com and kasher@kslaw.com) and U.S. MAIL*

Scott I. Davidson, Esq.
Jennifer A. Asher, Esq.
King & Spalding LLP
1185 Avenue of the Americas
New York, NY  10036-4003

Re:     *Veronica Alaine Fox v. General Motors LLC and Atlanta Auto Brokers, Inc.*, State
        Court of Cobb County, Georgia, Civil Action File No. 14A-3468-4

Dear Mr. Davidson and Ms. Asher:

In direct response to your email of September 8, 2015, which constitutes our first receipt of your "demand letter,"—yes, K&S demanding on behalf of GM that we act "within 3 days" is manifestly "inconvenient."  We're not bankruptcy lawyers, and we will need to consult some bankruptcy law experts.  We don't have time to complete that process this week or next week.  In fact, I personally don't have time to study this matter much at all this week or next week.

It is unclear why GM has even sent its September 8th email in this case.  GM claims that the Scheduling Order of a New York Bankruptcy Court, attached to its letter as Exhibit C, "appl[ies] to this matter."  Davidson Letter at 3.  That is incorrect.

The Scheduling Order itself identifies the cases to which it applies.  *Fox v. GM* is not one of them.  It is not one of the specifically enumerated cases set out in paragraphs one through eight.  Nor is it a "lawsuit where New GM has previously sent a demand letter as authorized by the Judgment," as described on page 4.  As GM knows, GM has never sent such a "demand letter" to Ms. Fox.  Any representation that Plaintiff is governed by this scheduling order of the New York Bankruptcy Court is false.

In an attempt to work through this, however, let me ask you some questions that will aid our consideration of your "demand letter."

1.      Who deputized you to perform "service" on us of the Judgment and Decision? Please explain your claim of authority.
2.      Is there a ruling by the Bankruptcy Court specific to Veronica Fox?  (I did not see her, or her case, mentioned in the exhibits to your letter.)
3.      You are aware, are you not, that Ms. Fox has not filed an 'ignition switch' claim?

REPLY TO Atlanta:                                    Columbus Office:
2719 Buford Highway • Atlanta, GA 30324              P.O. Box 2766 • Columbus, GA 31902
404.321.1700 • 1.800.242.2962 • FAX 404.321.1713     105 13th Street • Columbus, GA 31901
                                                     706.322.1990 • 1.800.242.2962 • FAX 706.323.2962

www.butlerwooten.com

Scott Davidson, Esq.
September 9, 2015
Page 2

4.    You are aware, are you not, that Ms. Fox has a claim for failure to warn under
Georgia law, and that this wreck came after the bankruptcy date in 2009, and that
the failure to warn came after that date, and that punitive damages are available
under Georgia law on a failure to warn claim?

5.    Does GM claim that Ms. Fox is subject to the jurisdiction of the New York
Bankruptcy Court?  If so, explain how that came to be, please.

6.    More specifically, does GM claim that the Bankruptcy Court has jurisdiction and
power to rule regarding what may, or may not, be asserted in Ms. Fox's
Complaint?

7.    Does GM contend that a failure by us, on behalf of Ms. Fox, to acquiesce to your
demands within "three days" will constitute a violation of an Order of the
Bankruptcy Court?  If so, please explain the basis for that contention.

8.    Are you, and is GM, threatening to ask the Bankruptcy Court to hold us, or Ms.
Fox, in "contempt" for not acquiescing within "three days" to your demands?

9.    What is the specific authority for your statement that we, that is to say, those to
whom you addressed your letter, or Ms. Fox, "must file such objection in writing
with the Bankruptcy Court within three (3) business days of receipt of this demand
letter"?

10.   That statement is a demand that Ms. Fox, and we, voluntarily submit ourselves to the
jurisdiction of the Bankruptcy Court.  What is your authority for contending that we
must do so?

11.   Does "New GM" contend that any claim for punitive damages based upon "New
GM's" own failure to warn of known dangers is defeated by the successor liability
exclusion in the Bankruptcy Court rulings?  If so, isn't it clear that "New GM" is
therefore contending that the entirety of the products liability inclusion is swallowed
up within the successor liability exclusion?  Does "New GM" contend that any
products liability claim can be characterized by "New GM" as a successor liability
claim?

We can find nothing in the bankruptcy court's judgment or orders that would apply to
this non-ignition switch claim.  Your apparent threat against Ms. Fox for a so-called
"continu[ing] violation of the Bankruptcy Court's rulings" is unfounded.

Sincerely,

BUTLER WOOTEN CHEELEY & PEAK LLP

Tedra L. Cannella

TLC/bt
*Via Email to:*
cc    James E. Butler, Jr.
       Robert D. Cheeley, Esq.

Scott Davidson, Esq.
September 9, 2015
Page 3

Robert H. Snyder, Esq.
William Hammill, Esq.
James C. Morton, Esq.
Richard H. Willis, Esq.
Kevin J. Malloy, Esq.
Thomas M. Klein, Esq.
C. Megan Fischer, Esq.
Carrie L. Christie, Esq.
Robert H. Burke, Esq.

## Asher, Jennifer

| | |
|---|---|
| **From:** | Rob Snyder <Rob@butlerwooten.com> |
| **Sent:** | Thursday, May 19, 2016 3:09 PM |
| **To:** | Davidson, Scott; Asher, Jennifer; 'Thomas Klein' |
| **Cc:** | Jim Butler; Tedra Cannella; Betht Telgenhoff; Julie Houston; 'William Hammill (ATL)' |
| **Subject:** | Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4 |

Mr. Davidson,

Please provide us with dates when you are available to sit for a deposition in the referenced matter.

**Robert H. Snyder**
Attorney at Law

Butler Wooten Cheeley & Peak LLP
2719 Buford Highway
Atlanta, GA 30324
(404) 321-1700
Email: rob@butlerwooten.com
Website: www.butlerwooten.com



## Asher, Jennifer

| | |
|---|---|
| **From:** | Jim Butler <jim@butlerwooten.com> |
| **Sent:** | Friday, May 20, 2016 12:00 PM |
| **To:** | Davidson, Scott; Asher, Jennifer; Thomas Klein; Kevin Malloy; Megan Fischer |
| **Cc:** | Bill Casey; Tedra Cannella; Rob Snyder; Will Hammill; Julie Houston; Betht Telgenhoff |
| **Subject:** | Re: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4 |

To GM LLC and Counsel for GM LLC:

We've thought further on this, and will be filing, today or tomorrow at the latest, "Plaintiff's First Recast and Amended Complaint. As stated in the letter of yesterday, that pleading will make it clear that Plaintiff does not seek punitive damages from GM LLC based on "Old GM's" conduct. That pleading will also make it clear that Plaintiff does not seek to hold GM LLC liable based on "Old GM's" breach of the duty to warn.

We will of course email that pleading to you.

We reiterate our request that you respond as soon as possible to our letters of 9/9/15 and 5/19/16 so that we can evaluate anything further you have to state and determine whether there is any need to file a "Second Recast and Amended Complaint." It is our object to render it totally unnecessary for GM LLC to try to do what it clearly seeks to do - file a petition in Bankruptcy Court for the sole purpose of delaying this case and avoiding the special trial setting of 9/13/16. Any such filing by GM LLC in Bankruptcy Court would be both frivolous and abusive.

James E. Butler, Jr.

The information contained in this electronic mail message is attorney privileged and confidential information intended only for the use of the individual or entity named. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (800) 233-4086 or by reply email and delete this message. Do not copy or distribute it to anyone other than the intended recipient.

On May 19, 2016, at 1:07 PM, Rob Snyder <Rob@butlerwooten.com> wrote:

Please see the attached letter. Copies have also been sent by certified mail.

**Robert H. Snyder**
Attorney at Law

Butler Wooten Cheeley & Peak LLP
2719 Buford Highway
Atlanta, GA 30324
(404) 321-1700
Email: rob@butlerwooten.com
Website: www.butlerwooten.com

<image001.jpg>

<2016-05-19 JEB to Klein, et al. responding to Davidson of 05-16-16.pdf>

## Asher, Jennifer

| | |
|---|---|
| **From:** | Davidson, Scott |
| **Sent:** | Friday, May 20, 2016 4:30 PM |
| **To:** | Jim Butler; Asher, Jennifer; Thomas Klein; Kevin Malloy; Megan Fischer |
| **Cc:** | Bill Casey; Tedra Cannella; Rob Snyder; Will Hammill; Julie Houston; Betht Telgenhoff |
| **Subject:** | RE: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4 |

Dear Counsel:

We are in receipt of Plaintiff's Recast & Amended Complaint for Damages, filed today, as well as your letter from yesterday.  We are reviewing both, and will respond to you as soon as possible.

Thank you
**Scott I. Davidson | King & Spalding LLP**

_____

Tel: 212.556.2164 | Fax: 212.556.2222 | E-mail: sdavidson@kslaw.com
1185 Avenue of the Americas | New York, New York 10036
_____
The information contained in this e-mail is personal and confidential and is intended for the recipient only. In the event that you have received this message in error, please delete it immediately and inform the sender as soon as possible.

**From:** Jim Butler [mailto:jim@butlerwooten.com]
**Sent:** Friday, May 20, 2016 12:00 PM
**To:** Davidson, Scott; Asher, Jennifer; Thomas Klein; Kevin Malloy; Megan Fischer
**Cc:** Bill Casey; Tedra Cannella; Rob Snyder; Will Hammill; Julie Houston; Betht Telgenhoff
**Subject:** Re: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4


To GM LLC and Counsel for GM LLC:

We've thought further on this, and will be filing, today or tomorrow at the latest, "Plaintiff's First Recast and Amended Complaint.  As stated in the letter of yesterday, that pleading will make it clear that Plaintiff does not seek punitive damages from GM LLC based on "Old GM's" conduct.  That pleading will also make it clear that Plaintiff does not seek to hold GM LLC liable based on "Old GM's" breach of the duty to warn.

We will of course email that pleading to you.

We reiterate our request that you respond as soon as possible to our letters of 9/9/15 and 5/19/16 so that we can evaluate anything further you have to state and determine whether there is any need to file a "Second Recast and Amended Complaint."  It is our object to render it totally unnecessary for GM LLC to try to do what it clearly seeks to do - file a petition in Bankruptcy Court for the sole purpose of delaying this case and avoiding the special trial setting of 9/13/16.  Any such filing by GM LLC in Bankruptcy Court would be both frivolous and abusive.

James E. Butler, Jr.


The information contained in this electronic mail message is attorney privileged and confidential information intended only for the use of the individual or entity named. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you have

received this communication in error, please immediately notify us by telephone at (800) 233-4086 or by reply email and delete this message. Do not copy or distribute it to anyone other than the intended recipient.


On May 19, 2016, at 1:07 PM, Rob Snyder <Rob@butlerwooten.com> wrote:

Please see the attached letter.  Copies have also been sent by certified mail.

**Robert H. Snyder**
Attorney at Law

Butler Wooten Cheeley & Peak LLP
2719 Buford Highway
Atlanta, GA 30324
(404) 321-1700
Email: rob@butlerwooten.com
Website: www.butlerwooten.com

 <image001.jpg>

<2016-05-19 JEB to Klein, et al. responding to Davidson of 05-16-16.pdf>

## Asher, Jennifer

| | |
|---|---|
| **From:** | Jim Butler |
| **Sent:** | Friday, May 20, 2016 4:36 PM |
| **To:** | Davidson, Scott |
| **Cc:** | Asher, Jennifer; Thomas Klein; Kevin Malloy; Megan Fischer; Bill Casey; Tedra Cannella; Rob Snyder; Will Hammill; Julie Houston; Betht Telgenhoff |
| **Subject:** | Re: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4 |

Good. And as Mr. Snyder emailed yesterday, we need dates when you are available to be deposed.  We prefer to do that in Atlanta, where the case pends and where K&S has an office.

James E. Butler, Jr.

The information contained in this electronic mail message is attorney privileged and confidential information intended only for the use of the individual or entity named. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (800) 233-4086 or by reply email and delete this message. Do not copy or distribute it to anyone other than the intended recipient.

On May 20, 2016, at 2:26 PM, Davidson, Scott <SDavidson@KSLAW.com> wrote:

> Dear Counsel:
>
> We are in receipt of Plaintiff's Recast & Amended Complaint for Damages, filed today, as well as your letter from yesterday.  We are reviewing both, and will respond to you as soon as possible.
>
> Thank you
> **Scott I. Davidson | King & Spalding LLP**
> _____
>
> Tel: 212.556.2164 | Fax: 212.556.2222 | E-mail: sdavidson@kslaw.com
> 1185 Avenue of the Americas | New York, New York 10036
> _____
> The information contained in this e-mail is personal and confidential and is intended for the recipient only.
> In the event that you have received this message in error, please delete it immediately and inform the
> sender as soon as possible.
>
> **From:** Jim Butler [mailto:jim@butlerwooten.com]
> **Sent:** Friday, May 20, 2016 12:00 PM
> **To:** Davidson, Scott; Asher, Jennifer; Thomas Klein; Kevin Malloy; Megan Fischer
> **Cc:** Bill Casey; Tedra Cannella; Rob Snyder; Will Hammill; Julie Houston; Betht Telgenhoff
> **Subject:** Re: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4
>
>
> To GM LLC and Counsel for GM LLC:
>
> We've thought further on this, and will be filing, today or tomorrow at the latest, "Plaintiff's First Recast and Amended Complaint.  As stated in the letter of yesterday, that pleading will make it clear that Plaintiff does not seek punitive damages from GM LLC based on "Old GM's" conduct.  That pleading will

also make it clear that Plaintiff does not seek to hold GM LLC liable based on "Old GM's" breach of the duty to warn.

We will of course email that pleading to you.

We reiterate our request that you respond as soon as possible to our letters of 9/9/15 and 5/19/16 so that we can evaluate anything further you have to state and determine whether there is any need to file a "Second Recast and Amended Complaint."  It is our object to render it totally unnecessary for GM LLC to try to do what it clearly seeks to do - file a petition in Bankruptcy Court for the sole purpose of delaying this case and avoiding the special trial setting of 9/13/16.  Any such filing by GM LLC in Bankruptcy Court would be both frivolous and abusive.

James E. Butler, Jr.

The information contained in this electronic mail message is attorney privileged and confidential information intended only for the use of the individual or entity named. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (800) 233-4086 or by reply email and delete this message. Do not copy or distribute it to anyone other than the intended recipient.

On May 19, 2016, at 1:07 PM, Rob Snyder <Rob@butlerwooten.com> wrote:

Please see the attached letter.  Copies have also been sent by certified mail.

**Robert H. Snyder**
Attorney at Law

Butler Wooten Cheeley & Peak LLP
2719 Buford Highway
Atlanta, GA 30324
(404) 321-1700
Email: rob@butlerwooten.com
Website: www.butlerwooten.com

<image001.jpg>

<2016-05-19 JEB to Klein, et al. responding to Davidson of 05-16-16.pdf>

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

## Asher, Jennifer

| | |
|---|---|
| **From:** | Davidson, Scott |
| **Sent:** | Monday, May 23, 2016 2:42 PM |
| **To:** | Betht Telgenhoff; Jim Butler; Asher, Jennifer; Thomas Klein; Kevin Malloy; Megan Fischer; CLC; RHB; 'brad.marsh@swiftcurrie.com' |
| **Cc:** | Bill Casey; Erica Morton; 'Amir.Nowroozzadeh@Hickscasey.com'; Stephanie Sheppard; Tedra Cannella; Rob Snyder; Will Hammill; Julie Houston |
| **Subject:** | RE: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4 |

Counsel:

We have reviewed your letter dated May 19, 2016, and your Recast & Amended Complaint for Damages sent to us last Friday, May 20, 2016. We think it would make sense to have a "meet and confer" to see whether any further progress can be made. Please let us know your availability this Wednesday (May 25, 2016) for a call.

We understand that you sometimes prefer to have a court reporter present at these meet and confers; we have no objection.

Thank you
**Scott I. Davidson | King & Spalding LLP**

---

Tel: 212.556.2164 | Fax: 212.556.2222 | E-mail: sdavidson@kslaw.com
1185 Avenue of the Americas | New York, New York 10036

---

The information contained in this e-mail is personal and confidential and is intended for the recipient only. In the event that you have received this message in error, please delete it immediately and inform the sender as soon as possible.

**From:** Betht Telgenhoff [mailto:betht@butlerwooten.com]
**Sent:** Friday, May 20, 2016 3:30 PM
**To:** Jim Butler; Davidson, Scott; Asher, Jennifer; Thomas Klein; Kevin Malloy; Megan Fischer; CLC; RHB; 'brad.marsh@swiftcurrie.com'
**Cc:** Bill Casey; Erica Morton; 'Amir.Nowroozzadeh@Hickscasey.com'; Stephanie Sheppard; Tedra Cannella; Rob Snyder; Will Hammill; Julie Houston
**Subject:** RE: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4

Re:    *Veronica Alaine Fox v. General Motors LLC and Atlanta Auto Brokers, Inc.*, State Court of Cobb County, Civil Action File No. 14A-3468-4

Counsel,

    Attached is Plaintiff's Recast & Amended Complaint for Damages, filed today. Service copy to follow by U.S. Mail.

Beth

**From:** Jim Butler
**Sent:** Friday, May 20, 2016 12:00 PM
**To:** SDavidson@KSLAW.com; JAsher@kslaw.com; Thomas Klein <Thomas.Klein@bowmanandbrooke.com>; Kevin Malloy <kevin.malloy@bowmanandbrooke.com>; Megan Fischer <C.Megan.Fischer@bowmanandbrooke.com>
**Cc:** Bill Casey <bill.casey@hickscasey.com>; Tedra Cannella <Tedra@butlerwooten.com>; Rob Snyder

<Rob@butlerwooten.com>; Will Hammill <whammill@attorneykennugent.com>; Julie Houston
<Julie@butlerwooten.com>; Betht Telgenhoff <betht@butlerwooten.com>
**Subject:** Re: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4

To GM LLC and Counsel for GM LLC:

We've thought further on this, and will be filing, today or tomorrow at the latest, "Plaintiff's First Recast and Amended Complaint. As stated in the letter of yesterday, that pleading will make it clear that Plaintiff does not seek punitive damages from GM LLC based on "Old GM's" conduct. That pleading will also make it clear that Plaintiff does not seek to hold GM LLC liable based on "Old GM's" breach of the duty to warn.

We will of course email that pleading to you.

We reiterate our request that you respond as soon as possible to our letters of 9/9/15 and 5/19/16 so that we can evaluate anything further you have to state and determine whether there is any need to file a "Second Recast and Amended Complaint." It is our object to render it totally unnecessary for GM LLC to try to do what it clearly seeks to do - file a petition in Bankruptcy Court for the sole purpose of delaying this case and avoiding the special trial setting of 9/13/16. Any such filing by GM LLC in Bankruptcy Court would be both frivolous and abusive.

James E. Butler, Jr.

The information contained in this electronic mail message is attorney privileged and confidential information intended only for the use of the individual or entity named. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (800) 233-4086 or by reply email and delete this message. Do not copy or distribute it to anyone other than the intended recipient.

On May 19, 2016, at 1:07 PM, Rob Snyder <Rob@butlerwooten.com> wrote:

Please see the attached letter. Copies have also been sent by certified mail.

**Robert H. Snyder**
Attorney at Law

Butler Wooten Cheeley & Peak LLP
2719 Buford Highway
Atlanta, GA 30324
(404) 321-1700
Email: rob@butlerwooten.com
Website: www.butlerwooten.com

 <image001.jpg>

<2016-05-19 JEB to Klein, et al. responding to Davidson of 05-16-16.pdf>

## Asher, Jennifer

| | |
|---|---|
| **From:** | Jim Butler <jim@butlerwooten.com> |
| **Sent:** | Monday, May 23, 2016 4:07 PM |
| **To:** | Davidson, Scott; Betht Telgenhoff; Asher, Jennifer; Thomas Klein; Kevin Malloy; Megan Fischer; CLC; RHB; 'brad.marsh@swiftcurrie.com' |
| **Cc:** | Bill Casey; Erica Morton; 'Amir.Nowroozzadeh@Hickscasey.com'; Stephanie Sheppard; Tedra Cannella; Rob Snyder; Will Hammill; Julie Houston |
| **Subject:** | RE: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4 |

We decline.  We do so for the very obvious and practical reason that there is no point in my endeavoring to take notes of a "meet & confer," then possibly concluding it is necessary to draft a "Second Recast and Amended Complaint" to send to you, only to have you make claims or objections about some parts of it also, thus requiring another "meet & confer" and further redrafting.  We have serious work to do getting *Fox v. GM* ready *for trial.*

You have made very serious accusations against us in your letters of 9/4/15 and 5/16/16.  We have responded, in detail, to both your letters - on 9/9/15 and 5/19/16.  We have requested complete and direct replies to those responses.  Consequently there should be nothing to "meet & confer" *about*: you should have known very specifically what changes you thought were necessary before you sent those accusatory and threatening letters.

Accordingly, we request once again – the fourth or fifth time- that you reply thoroughly to our responses to your two letters.  We also ask that you provide to us a "redline" of the First Recast and Amended Complain, using the 'comment' function to explain any additional complaints you wish to lodge.  We have made changes in the First Recast and Amended Complaint; if you believe further changes are appropriate, so indicate in your replies ***and*** in your 'redline' of that version of the Complaint.

GM's object is perfectly clear:  to conjure some excuse to file something in the Bankruptcy Court for the purpose of avoiding the special setting of this case for trial on September 13, 2016.  It appears from GM's dawdling about your complaints – which has now stretched out over eight months – that perhaps GM is trying to delay trial of this case until after 2016.   That would be judge-shopping.   Our object in response is equally clear: we will seek to deprive GM of any excuse to avoid the special setting.  Anything GM files in the Bankruptcy case regarding *Fox v. GM will be* frivolous and abusive.

We note again that our response letter of 5/19/16 is a formal abusive litigation letter pursuant to the Georgia statute, and requires a formal response.

James E. Butler, Jr.

---

**From:** Davidson, Scott [mailto:SDavidson@KSLAW.com]
**Sent:** Monday, May 23, 2016 2:42 PM
**To:** Betht Telgenhoff <betht@butlerwooten.com>; Jim Butler <jim@butlerwooten.com>; Asher, Jennifer <JAsher@kslaw.com>; Thomas Klein <Thomas.Klein@bowmanandbrooke.com>; Kevin Malloy <kevin.malloy@bowmanandbrooke.com>; Megan Fischer <C.Megan.Fischer@bowmanandbrooke.com>; CLC <clc@rclawllp.com>; RHB <rhb@rclawllp.com>; 'brad.marsh@swiftcurrie.com' <brad.marsh@swiftcurrie.com>
**Cc:** Bill Casey <bill.casey@hickscasey.com>; Erica Morton <erica.morton@hickscasey.com>; 'Amir.Nowroozzadeh@Hickscasey.com' <Amir.Nowroozzadeh@Hickscasey.com>; Stephanie Sheppard <stephanie.sheppard@hickscasey.com>; Tedra Cannella <Tedra@butlerwooten.com>; Rob Snyder <Rob@butlerwooten.com>; Will Hammill <whammill@attorneykennugent.com>; Julie Houston <Julie@butlerwooten.com>
**Subject:** RE: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4

Counsel:

We have  reviewed your letter dated May 19, 2016, and your Recast & Amended Complaint for Damages sent to us last Friday, May 20, 2016.  We think it would make sense to have a "meet and confer" to see whether any further progress can be made.  Please let us know your availability this Wednesday (May 25, 2016) for a call.

We understand that you sometimes prefer to have a court reporter present at these meet and confers; we have no objection.

Thank you
**Scott I. Davidson | King & Spalding LLP**

Tel: 212.556.2164 | Fax: 212.556.2222 | E-mail: sdavidson@kslaw.com
1185 Avenue of the Americas | New York, New York 10036

The information contained in this e-mail is personal and confidential and is intended for the recipient only. In the event that you have received this message in error, please delete it immediately and inform the sender as soon as possible.

**From:** Betht Telgenhoff [mailto:betht@butlerwooten.com]
**Sent:** Friday, May 20, 2016 3:30 PM
**To:** Jim Butler; Davidson, Scott; Asher, Jennifer; Thomas Klein; Kevin Malloy; Megan Fischer; CLC; RHB; 'brad.marsh@swiftcurrie.com'
**Cc:** Bill Casey; Erica Morton; 'Amir.Nowroozzadeh@Hickscasey.com'; Stephanie Sheppard; Tedra Cannella; Rob Snyder; Will Hammill; Julie Houston
**Subject:** RE: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4

Re: *Veronica Alaine Fox v. General Motors LLC and Atlanta Auto Brokers, Inc.*, State Court of Cobb County, Civil Action File No. 14A-3468-4

Counsel,

Attached is Plaintiff's Recast & Amended Complaint for Damages, filed today.  Service copy to follow by U.S. Mail.

Beth

**From:** Jim Butler
**Sent:** Friday, May 20, 2016 12:00 PM
**To:** SDavidson@KSLAW.com; JAsher@kslaw.com; Thomas Klein <Thomas.Klein@bowmanandbrooke.com>; Kevin Malloy <kevin.malloy@bowmanandbrooke.com>; Megan Fischer <C.Megan.Fischer@bowmanandbrooke.com>
**Cc:** Bill Casey <bill.casey@hickscasey.com>; Tedra Cannella <Tedra@butlerwooten.com>; Rob Snyder <Rob@butlerwooten.com>; Will Hammill <whammill@attorneykennugent.com>; Julie Houston <Julie@butlerwooten.com>; Betht Telgenhoff <betht@butlerwooten.com>
**Subject:** Re: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4

To GM LLC and Counsel for GM LLC:

We've thought further on this, and will be filing, today or tomorrow at the latest, "Plaintiff's First Recast and Amended Complaint.  As stated in the letter of yesterday, that pleading will make it clear that Plaintiff does not seek punitive damages from GM LLC based on "Old GM's" conduct.  That pleading will also make it clear that Plaintiff does not seek to hold GM LLC liable based on "Old GM's" breach of the duty to warn.

We will of course email that pleading to you.

We reiterate our request that you respond as soon as possible to our letters of 9/9/15 and 5/19/16 so that we can evaluate anything further you have to state and determine whether there is any need to file a "Second Recast and Amended Complaint."  It is our object to render it totally unnecessary for GM LLC to try to do what it clearly seeks to do - file a petition in Bankruptcy Court for the sole purpose of delaying this case and avoiding the special trial setting of 9/13/16.  Any such filing by GM LLC in Bankruptcy Court would be both frivolous and abusive.

James E. Butler, Jr.

The information contained in this electronic mail message is attorney privileged and confidential information intended only for the use of the individual or entity named. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (800) 233-4086 or by reply email and delete this message. Do not copy or distribute it to anyone other than the intended recipient.

On May 19, 2016, at 1:07 PM, Rob Snyder <Rob@butlerwooten.com> wrote:

Please see the attached letter.  Copies have also been sent by certified mail.

**Robert H. Snyder**
Attorney at Law

Butler Wooten Cheeley & Peak LLP
2719 Buford Highway
Atlanta, GA 30324
(404) 321-1700
Email: rob@butlerwooten.com
Website: www.butlerwooten.com

<image001.jpg>

<2016-05-19 JEB to Klein, et al. responding to Davidson of 05-16-16.pdf>

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

## Asher, Jennifer

| | |
|---|---|
| **From:** | Jim Butler <jim@butlerwooten.com> |
| **Sent:** | Thursday, May 26, 2016 2:11 PM |
| **To:** | Davidson, Scott; Betht Telgenhoff; Asher, Jennifer; 'Thomas Klein'; Kevin Malloy; 'Megan Fischer'; CLC; RHB; 'brad.marsh@swiftcurrie.com' |
| **Cc:** | Bill Casey; Erica Morton; 'Amir.Nowroozzadeh@Hickscasey.com'; Stephanie Sheppard; Tedra Cannella; Rob Snyder; 'Will Hammill'; Julie Houston |
| **Subject:** | RE: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4 |

GM counsel:

When might we expect to receive full and direct replies to our two responsive letters AND a redline of our First Recast & Amended Complaint?  We have scheduling/calendaring issues, in this and in other cases, and need to budget time to review promptly upon receipt, if possible.

Also kindly identify any pending case against GM LLC anywhere in the country with respect to which GM LLC has filed any pleading in the Bankruptcy Court seeking any kind of relief whatsoever, since the date of that Court's Order in the ignition switch case, wherein GM LLC alleged that something some plaintiff was doing was contrary to said Order.  Identify by case name, court, case number, and name and contact information for the Plaintiff's counsel.

James E. Butler, Jr.

---

**From:** Jim Butler
**Sent:** Monday, May 23, 2016 4:07 PM
**To:** 'Davidson, Scott' <SDavidson@KSLAW.com>; Betht Telgenhoff <betht@butlerwooten.com>; Asher, Jennifer <JAsher@kslaw.com>; Thomas Klein <Thomas.Klein@bowmanandbrooke.com>; Kevin Malloy <kevin.malloy@bowmanandbrooke.com>; Megan Fischer <C.Megan.Fischer@bowmanandbrooke.com>; CLC <clc@rclawllp.com>; RHB <rhb@rclawllp.com>; 'brad.marsh@swiftcurrie.com' <brad.marsh@swiftcurrie.com>
**Cc:** Bill Casey <bill.casey@hickscasey.com>; Erica Morton <erica.morton@hickscasey.com>; 'Amir.Nowroozzadeh@Hickscasey.com' <Amir.Nowroozzadeh@Hickscasey.com>; Stephanie Sheppard <stephanie.sheppard@hickscasey.com>; Tedra Cannella <Tedra@butlerwooten.com>; Rob Snyder <Rob@butlerwooten.com>; Will Hammill <whammill@attorneykennugent.com>; Julie Houston <Julie@butlerwooten.com>
**Subject:** RE: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4

We decline.  We do so for the very obvious and practical reason that there is no point in my endeavoring to take notes of a "meet & confer," then possibly concluding it is necessary to draft a "Second Recast and Amended Complaint" to send to you, only to have you make claims or objections about some parts of it also, thus requiring another "meet & confer" and further redrafting.  We have serious work to do getting *Fox v. GM* ready *for trial.*

You have made very serious accusations against us in your letters of 9/4/15 and 5/16/16.   We have responded, in detail, to both your letters - on 9/9/15 and 5/19/16.  We have requested complete and direct replies to those responses.  Consequently there should be nothing to "meet & confer" *about*: you should have known very specifically what changes you thought were necessary before you sent those accusatory and threatening letters.

Accordingly, we request once again – the fourth or fifth time- that you reply thoroughly to our responses to your two letters.  We also ask that you provide to us a "redline" of the First Recast and Amended Complain, using the 'comment' function to explain any additional complaints you wish to lodge.  We have made changes in the First Recast and

Amended Complaint; if you believe further changes are appropriate, so indicate in your replies **and** in your 'redline' of that version of the Complaint.

GM's object is perfectly clear:  to conjure some excuse to file something in the Bankruptcy Court for the purpose of avoiding the special setting of this case for trial on September 13, 2016.  It appears from GM's dawdling about your complaints – which has now stretched out over eight months – that perhaps GM is trying to delay trial of this case until after 2016.   That would be judge-shopping.   Our object in response is equally clear: we will seek to deprive GM of any excuse to avoid the special setting.  Anything GM files in the Bankruptcy case regarding *Fox v. GM will be* frivolous and abusive.

We note again that our response letter of 5/19/16 is a formal abusive litigation letter pursuant to the Georgia statute, and requires a formal response.

James E. Butler, Jr.

---

**From:** Davidson, Scott [mailto:SDavidson@KSLAW.com]
**Sent:** Monday, May 23, 2016 2:42 PM
**To:** Betht Telgenhoff <betht@butlerwooten.com>; Jim Butler <jim@butlerwooten.com>; Asher, Jennifer <JAsher@kslaw.com>; Thomas Klein <Thomas.Klein@bowmanandbrooke.com>; Kevin Malloy <kevin.malloy@bowmanandbrooke.com>; Megan Fischer <C.Megan.Fischer@bowmanandbrooke.com>; CLC <clc@rclawllp.com>; RHB <rhb@rclawllp.com>; 'brad.marsh@swiftcurrie.com' <brad.marsh@swiftcurrie.com>
**Cc:** Bill Casey <bill.casey@hickscasey.com>; Erica Morton <erica.morton@hickscasey.com>; 'Amir.Nowroozzadeh@Hickscasey.com' <Amir.Nowroozzadeh@Hickscasey.com>; Stephanie Sheppard <stephanie.sheppard@hickscasey.com>; Tedra Cannella <Tedra@butlerwooten.com>; Rob Snyder <Rob@butlerwooten.com>; Will Hammill <whammill@attorneykennugent.com>; Julie Houston <Julie@butlerwooten.com>
**Subject:** RE: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4

Counsel:

We have  reviewed your letter dated May 19, 2016, and your Recast & Amended Complaint for Damages sent to us last Friday, May 20, 2016.  We think it would make sense to have a "meet and confer" to see whether any further progress can be made.  Please let us know your availability this Wednesday (May 25, 2016) for a call.

We understand that you sometimes prefer to have a court reporter present at these meet and confers; we have no objection.

Thank you
**Scott I. Davidson | King & Spalding LLP**

---

Tel: 212.556.2164 | Fax: 212.556.2222 | E-mail: sdavidson@kslaw.com
1185 Avenue of the Americas | New York, New York 10036

The information contained in this e-mail is personal and confidential and is intended for the recipient only. In the event that you have received this message in error, please delete it immediately and inform the sender as soon as possible.

**From:** Betht Telgenhoff [mailto:betht@butlerwooten.com]
**Sent:** Friday, May 20, 2016 3:30 PM
**To:** Jim Butler; Davidson, Scott; Asher, Jennifer; Thomas Klein; Kevin Malloy; Megan Fischer; CLC; RHB; 'brad.marsh@swiftcurrie.com'
**Cc:** Bill Casey; Erica Morton; 'Amir.Nowroozzadeh@Hickscasey.com'; Stephanie Sheppard; Tedra Cannella; Rob Snyder; Will Hammill; Julie Houston
**Subject:** RE: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4

Re:    *Veronica Alaine Fox v. General Motors LLC and Atlanta Auto Brokers, Inc.*, State Court of Cobb County,
Civil Action File No. 14A-3468-4

Counsel,

      Attached is Plaintiff's Recast & Amended Complaint for Damages, filed today.  Service copy to follow by U.S.
Mail.

Beth

---

**From:** Jim Butler
**Sent:** Friday, May 20, 2016 12:00 PM
**To:** SDavidson@KSLAW.com; JAsher@kslaw.com; Thomas Klein <Thomas.Klein@bowmanandbrooke.com>; Kevin Malloy
<kevin.malloy@bowmanandbrooke.com>; Megan Fischer <C.Megan.Fischer@bowmanandbrooke.com>
**Cc:** Bill Casey <bill.casey@hickscasey.com>; Tedra Cannella <Tedra@butlerwooten.com>; Rob Snyder
<Rob@butlerwooten.com>; Will Hammill <whammill@attorneykennugent.com>; Julie Houston
<Julie@butlerwooten.com>; Betht Telgenhoff <betht@butlerwooten.com>
**Subject:** Re: Fox v. General Motors, LLC & Atlanta Auto Brokers, Case No.: 14A-3468-4

To GM LLC and Counsel for GM LLC:

We've thought further on this, and will be filing, today or tomorrow at the latest, "Plaintiff's First Recast and Amended
Complaint.  As stated in the letter of yesterday, that pleading will make it clear that Plaintiff does not seek punitive
damages from GM LLC based on "Old GM's" conduct.  That pleading will also make it clear that Plaintiff does not seek to
hold GM LLC liable based on "Old GM's" breach of the duty to warn.

We will of course email that pleading to you.

We reiterate our request that you respond as soon as possible to our letters of 9/9/15 and 5/19/16 so that we can
evaluate anything further you have to state and determine whether there is any need to file a "Second Recast and
Amended Complaint."  It is our object to render it totally unnecessary for GM LLC to try to do what it clearly seeks to do
- file a petition in Bankruptcy Court for the sole purpose of delaying this case and avoiding the special trial setting of
9/13/16.  Any such filing by GM LLC in Bankruptcy Court would be both frivolous and abusive.

James E. Butler, Jr.

The information contained in this electronic mail message is attorney privileged and confidential information intended
only for the use of the individual or entity named. If the reader of this message is not the intended recipient, you are
hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you have
received this communication in error, please immediately notify us by telephone at (800) 233-4086 or by reply email and
delete this message. Do not copy or distribute it to anyone other than the intended recipient.

On May 19, 2016, at 1:07 PM, Rob Snyder <Rob@butlerwooten.com> wrote:

      Please see the attached letter.  Copies have also been sent by certified mail.

      **Robert H. Snyder**
      Attorney at Law

Butler Wooten Cheeley & Peak LLP
2719 Buford Highway
Atlanta, GA 30324
(404) 321-1700
Email: rob@butlerwooten.com
Website: www.butlerwooten.com

<image001.jpg>

<2016-05-19 JEB to Klein, et al. responding to Davidson of 05-16-16.pdf>

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

May 27, 2016

**VIA E-MAIL TRANSMISSION**
James E. Butler, Esq.
BUTLER, WOOTEN & CHEELEY & PEAK LLP
2719 Buford Highway
Atlanta, Georgia 30324

Re:    *Fox v. General Motors LLC, et al.*
       <u>Case No.: 14A 3468-4 ("Lawsuit")</u>

Dear Mr. Butler:

This letter is in response to your letter, dated May 19, 2016 ("**May 19 Letter**"), as well as the Recast & Amended Complaint for Damages ("**Amended Complaint**") you circulated on May 20, 2016. While It appears that the revisions to the allegations in the Amended Complaint do address and correct certain issues, the Amended Complaint still does not fully comply with the Bankruptcy Court's rulings. Therefore, it remains New GM's position that (i) plaintiff in the Lawsuit is bound by the Judgment, dated December 4, 2015 ("**December Judgment**") entered by the Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"), (ii) New GM cannot be sued for punitive damages in the Lawsuit, and (iii) any failure to warn claim cannot be based on New GM conduct.

As requested in your May 19 Letter, attached hereto as **Exhibit "A"** is a marked-up version of the Amended Complaint ("**Marked Complaint**"), identifying which allegations, claims and requests for damages New GM contends continue to violate the Bankruptcy Court's rulings. Please be aware that the comments contained in the Marked Complaint only address bankruptcy-related issues, and New GM reserves all of its rights to dispute liability for any claim set forth in the Amended Complaint, on any basis or ground, and nothing set forth in this letter or the Marked Complaint shall constitute an admission of any allegation, fact or liability, nor a waiver of any of New GM's rights and defenses.

## A.    <u>Plaintiff Was on Notice of the Proceedings That Resulted in the December Judgment</u>

Plaintiff was expressly put on notice of the proceedings leading to the December Judgment. As detailed in correspondence sent to you in September 2015, the Bankruptcy Court entered a Scheduling Order on September 3, 2015 ("**September 3 Scheduling Order**") that established a briefing scheduling to address, among other things, (i) whether plaintiffs may request punitive

James E. Butler, Esq.
May 27, 2016
Page 2

damages against New GM based on the conduct of Old GM, and (ii) what type of claims are appropriately considered Assumed Liabilities, Retained Liabilities or Independent Claims. The September 3 Scheduling Order provided that "nothing in this Order is intended to nor shall preclude any other plaintiff's counsel (or *pro se* plaintiff), affected by the issues being resolved by this Court, from taking a position in connection with any such matters[.]" A copy of the September 3 Scheduling Order, as well as all pleadings filed by New GM in connection therewith, were served on plaintiff in September 2015.

Plaintiff was informed in previous correspondence that New GM believed plaintiff's request for punitive damages violated the Bankruptcy Court's rulings, and that the Bankruptcy Court was addressing this issue in connection with the issues identified in the September 3 Scheduling Order. Despite being on notice of the foregoing, and their effect on the Lawsuit, plaintiff did not file any pleading in response to the September 3 Scheduling Order or the issues raised therein, and did not appear at the hearing that took place on October 14, 2015.

Plaintiff in the Lawsuit is like other plaintiffs in similar lawsuits that assert inappropriate claims and requests for damages against New GM. While your Amended Complaint corrected certain deficiencies, it still does not fully comply with the Bankruptcy Court's rulings.

## B.    Plaintiff Is A Non-Ignition Switch Plaintiff

As stated in my May 10 Letter, plaintiff in this lawsuit is *not* an "Ignition Switch Plaintiff." The Judgment entered by the Bankruptcy Court on June 1, 2015 ("**June Judgment**") defines the term Ignition Switch Plaintiffs as those plaintiffs who assert claims against New GM based on the first three ignition switch recalls issued in February/March 2014. *See* June Judgment, at 1 n.1. The Lawsuit relates to a 2004 Cadillac SRX (which is not subject to the applicable recalls), and an alleged issue with the vehicle's roof that has nothing to do with the ignition switch.

Only Ignition Switch Plaintiffs can assert an "Independent Claim" against New GM. The Bankruptcy Court defined the term "Independent Claims" as "claims or causes of action *asserted by Ignition Switch Plaintiffs* against New GM (whether or not involving Old GM Vehicles) that are based solely on New GM's own, independent, post-Closing acts or conduct." June Judgment, ¶ 4 (emphasis added). The December Judgment also makes clear that Non-Ignition Switch Plaintiffs—like plaintiff in the Lawsuit—cannot assert Independent Claims against New GM:

> Plaintiffs of two types—1) *plaintiffs whose claims arise in connection with vehicles without the Ignition Switch Defect*, and 2) Pre-Closing Accident Plaintiffs—are not entitled to assert Independent Claims against New GM with respect to vehicles manufactured and first sold by Old GM (an "**Old GM Vehicle**"). *To the extent such Plaintiffs have attempted to assert an Independent Claim against New GM in a pre-existing lawsuit with respect to an Old GM Vehicle, such claims are proscribed by the Sale Order, April Decision and the Judgment dated June 1, 2015*[.]

December Judgment, ¶ 14.

James E. Butler, Esq.
May 27, 2016
Page 3

In sharp contrast to plaintiff, as a result of the December Judgment, the Lead Counsel (who litigated the issues resolved by the December Judgment in the Bankruptcy Court) amended their complaint in MDL-2543 pending before District Judge Furman to remove all Independent Claims relating to Non-Ignition Switch Plaintiffs that owned Old GM vehicles as of the 363 Sale. Clearly, Lead Counsel understood the impact of the December Judgment and, unlike the plaintiff, recognized the obligation to comply with the controlling Bankruptcy Court rulings.

Accordingly, since the plaintiff in this Lawsuit does not have a claim based on the Ignition Switch Defect, she is prohibited from asserting an Independent Claim against New GM. Furthermore, the Sale Order and Injunction entered by the Bankruptcy Court in 2009 remains in full force and effect. With respect to an Old GM vehicle (like the subject matter of the Lawsuit), either plaintiff's claim is an Assumed Liability of New GM, or a Retained Liability of Old GM (each as defined in the Sale Agreement, as amended). There are no other applicable categories for such claims.

### C. Plaintiff Cannot Assert a Duty to Warn Claim Against New GM Based on New GM Conduct

The duty to warn claim contained in the Amended Complaint is based solely on New GM conduct. While the Bankruptcy Court found that a duty to warn claim could be an Independent Claim, that finding was limited to Ignition Switch Plaintiffs only. *See In re Motors Liquidation Co.*, 541 B.R. 104, 129 (Bankr. S.D.N.Y. 2015) ("The issue [whether a duty to warn can be an Independent Claim] is one of nonbankruptcy law—whether New GM, as an entity that did not manufacture or sell the vehicle, had a duty, enforceable in damages to vehicle owners, *to notify people who had previously purchased Old GM vehicles of the Ignition Switch Defect.*" (emphasis added)).

As set forth above, the plaintiff in the Lawsuit is not an Ignition Switch Plaintiffs and, accordingly, she cannot assert an Independent Claim based on a duty to warn against New GM; such claims should be stricken from the Amended Complaint.

### D. Plaintiff Cannot Seek Punitive Damages Against New GM

In the Amended Complaint, plaintiff seeks punitive damages against New GM in connection with her failure to warn claim, which is based solely on New GM conduct. As demonstrated above, she cannot assert such a claim against New GM, and any request for punitive damages on account of such a claim necessarily fails. In addition, to be clear, plaintiff cannot seek punitive damages against New GM based on assumed Product Liabilities (as defined in the First Amendment to the Sale Agreement). The Bankruptcy Court conclusively ruled that New GM did not assume punitive damages relating to Product Liabilities (as defined in the Sale Agreement). The December Judgment provides as follows:

New GM did not contractually assume liability for punitive damages from Old GM. Nor is New GM liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law. Therefore, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM.

James E. Butler, Esq.
May 27, 2016
Page 4

*Id.*, ¶ 6; *see also In re Motors Liquidation Co.*, 541 B.R. at 108 ("New GM did not contractually assume liability for punitive damages based on Old GM knowledge or conduct. Nor is New GM liable for punitive damages based on Old GM conduct under other theories, such as by operation of law as a result of New GM's assumption of certain liabilities for compensatory damages. Consequently, under the April Decision and Judgment, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM.").[1]

Accordingly, based on the Bankruptcy Court's explicit rulings in its Decision entered in November 2015, and in the December 2015 Judgment, New GM did not assume punitive damages in connection with assumed Product Liabilities, and it cannot be liable to a Non-Ignition Switch Plaintiff (like plaintiff in the Lawsuit) for any Independent Claim. Any request for punitive damages should be stricken from the Amended Complaint.

## E.    Conclusion

Please let us know as soon as possible whether plaintiff will take the required action and fully comply with the Bankruptcy Court's rulings.

Very truly yours,

Scott I. Davidson

SD/hs

cc:    Thomas Klein, Esq. (via e-mail transmission)
       Bill Casey, Esq. (via e-mail transmission)

---

[1]    While you cite to paragraph 7 of the December 2015 Judgment in your May 19 Letter, this paragraph clearly applies only to Ignition Switch Plaintiffs: "A claim for punitive damages with respect to a post-Sale accident *involving vehicles manufactured by Old GM with the Ignition Switch Defect* may be asserted against New GM to the extent—*but only to the extent—it relates to an otherwise viable Independent Claim* and is based solely on New GM conduct or knowledge . . . ."

# EXHIBIT A

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| VERONICA ALAINE FOX, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION FILE |
| | * | |
| | * | NO. 14A 3468-4 |
| GENERAL MOTORS LLC and | * | |
| ATLANTA AUTO BROKERS, INC., | * | |
| | * | |
| Defendants. | * | |

## RECAST & AMENDED COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Veronica Fox and files this Complaint for Damages against Defendants General Motors LLC ("GM LLC") and Atlanta Auto Brokers, Inc. ("AAB"), and respectfully shows the following:

### INTRODUCTION

On November 12, 2013, Plaintiff Veronica Fox was rendered quadriplegic in a rollover wreck in the General Motors 2004 SRX she was driving. She was properly restrained in the vehicle. When the SRX rolled over, the top of the roof literally came off the vehicle, and the remaining roof structure buckled and collapsed on top of her. Her injuries were caused by the resulting roof crush that occurred during the rollover. Her injuries were entirely preventable. Her injuries would not have happened had General Motors Corporation ("GM Corp.") designed the 2004 SRX to provide proper protection for the occupants in a foreseeable rollover wreck. ~~They would not have happened if General Motors LLC ("GM LLC") would have warned her of the dangers of the roof design~~.

GM Corp. ~~and GM LLC~~ knew and expected that its vehicles *would be* involved in rollovers. GM Corp., like other automakers such as GM LLC, had the resources to design and manufacture automobiles that would provide proper protection to the occupants in a rollover. But GM Corp. designed the 2004 Cadillac SRX with a roof structure that *it knew* would utterly fail to provide such protection: the roof panel was made almost entirely of glass; the roof was secured to the vehicle by nothing but glue, with no welds or other mechanical fasteners; predictably, the entire, glued-on roof came off during the rollover, leaving a gaping hole in the top of the vehicle and depriving the roof system of the support the top of the roof should provide; there was little to no lateral support going across the roof to help support the sides of the vehicle when the roof panel came off during the roll; and the remaining roof structure was so inadequate, it buckled and crushed onto Veronica Fox's head, catastrophically and permanently injuring her. ~~GM LLC knew all these facts. Yet, it chose not to warn Veronica Fox, or anyone else, of the dangerous design of the 2004 SRX.~~

Plaintiff files this action to recover for the injuries caused by GM Corp.'s decision to adopt an unreasonably dangerous roof design, and for ~~GM LLC's and~~ Atlanta Auto Broker Inc.'s ("AAB") election not to warn citizens including Plaintiff Fox of the dangers of the 2004 SRX.

## I. PARTIES, JURISDICTION, VENUE, & SERVICE OF PROCESS

1.

Plaintiff Veronica Fox is a citizen and resident of the State of Georgia. Plaintiff is subject to the jurisdiction of this Court.

2.

Defendant GM LLC is a foreign corporation organized and incorporated under the laws of Delaware, with its principal place of business located at 300 Renaissance Center, Detroit,

2

Michigan 48265. GM LLC, like GM Corp., is engaged in the business of designing,
manufacturing, marketing, promoting, advertising, distributing, and selling automobiles, trucks,
SUVs, and other types of vehicles in the State of Georgia, throughout the United States, and
elsewhere.

3.

GM LLC is subject to the jurisdiction of this Court because it transacts business in this
State and maintains a registered agent in this State: CSC of Cobb County, Inc., 192 Anderson
Street S.E., Suite 125, Marietta, Georgia 30060. GM LLC may be served with legal process
there.

4.

Venue is proper in Cobb County as to Defendant GM LLC under O.C.G.A. § 14-2-510
and GA. CONST. art. VI, § 2, ¶ VI, because Cobb County is where Defendant GM LLC maintains
a registered agent.

5.

Defendant AAB is a domestic corporation organized and incorporated under the laws of
Georgia, with its principal place of business located at P.O. Box 3262, Alpharetta, Georgia
30023. AAB is engaged in the business of buying, selling, and inspecting used automobiles in
the State of Georgia.

6.

Defendant AAB is subject to the jurisdiction of this Court because it is incorporated in
this State, it transacts business in this State, and maintains a registered agent in this State: Joe

Milligan, 487 Cobb Parkway, SE, Marietta, Georgia 30060. AAB may be served with legal process there.

7.

Venue is proper in Cobb County as to Defendant AAB under O.C.G.A. § 14-2-510 and GA. CONST. art. VI, § 2, ¶ VI, because Cobb County is where Defendant AAB maintains a registered agent and under GA. CONST. art. 6, § 2, ¶ IV because it is a joint tortfeasor with Defendant GM LLC.

## II. OPERATIVE FACTS

8.

On November 12, 2013, at around 2:00 a.m., Veronica Alaine Fox was the restrained driver of a 2004 Cadillac SRX designed, manufactured, and sold by GM Corp. (VIN: 1GYDE63A740113793) ("the subject SRX" or "subject vehicle"). Carl Coward was a restrained passenger in the front right seat. The subject SRX was traveling north on I-285, past the intersection with Martin Luther King Dr.

9.

Plaintiff Veronica Fox was properly seated in the driver's seat, wearing her seat belt.

10.

While traveling down the highway, the SRX left the roadway. The SRX rolled over and came to rest off the shoulder north of Martin Luther King Dr.

11.

GM Corp. manufactured, designed, marketed, and distributed the subject vehicle with a defective roof which was unable to withstand the forces of this foreseeable and survivable event. As the direct and proximate result of the defects in the roof structure of the subject vehicle, the

4

roof panel came completely off during the wreck and the remaining structure crushed down on Plaintiff Veronica Fox during this incident, rendering her a quadriplegic.

12.

Defendant AAB inspected the vehicle and sold it to Plaintiff shortly before the wreck occurred. Defendant AAB had a duty to warn Veronica Fox of the danger posed by the SRX roof. AAB breached that duty.

13.

The defects and failures of the subject vehicle, combined with the acts and omissions of GM Corp., ~~GM LLC~~, and AAB, caused Veronica Fox's injuries.

14.

As a direct and proximate result of the subject vehicle's defects and failures and the tortious acts and omissions of GM Corp., ~~GM LLC~~, and AAB, Plaintiff Veronica Fox endured, continues to endure, and will endure in the future physical and emotional pain and suffering.

15.

GM Corp. designed, tested, manufactured, marketed, distributed, and sold the subject SRX, thereby placing it into the stream of commerce.

16.

The subject SRX was defective, unreasonably dangerous, and not fit for its ordinary use when manufactured as well as at the time of the subject incident because (a) the design GM Corp. chose for the roof structure did not offer proper protection to occupants in foreseeable crashes; (b) the risks of GM Corp.'s chosen design outweighed the utility of the design; and (c) GM Corp. did not implement safer, feasible, and practicable alternative designs that would have prevented Plaintiff Veronica Fox's injuries.

5

17.

GM Corp. could have reasonably foreseen and did, in fact, foresee the occurrence of rollovers such as the one described in this Complaint.

18.

But for GM Corp.'s negligent and defective design of the SRX, and the vehicle's failure to offer proper crash protection to occupants in foreseeable wrecks, Veronica Fox would not have been seriously injured in this wreck.

19.

At the time the subject SRX was manufactured and at all times since then, GM Corp. has had actual knowledge from, among other things, its notice of real-world incidents involving its vehicles, its own testing, and the laws of physics, that when a roof lacks sufficient structural crashworthiness, occupants are highly vulnerable to being injured, paralyzed, or killed in a rollover.

20.

Despite its knowledge set forth above, GM Corp. consciously designed the 2004 SRX, and other GM Corp. vehicles equipped with the same or similar performing roofs, so that occupants would be subject to injury from roof crush.

21.

Despite knowing at the time the subject Cadillac SRX was manufactured that safer alternative designs were technologically feasible, economically practicable, and fundamentally safer, GM Corp. wantonly and recklessly chose not to implement any of those alternative designs in the subject SRX and instead chose a design GM Corp. knew would result in preventable injuries and deaths in foreseeable wrecks.

6

22.

GM Corp.'s reckless and wanton conduct constituted disregard for the life and safety of

Veronica Fox, and the lives and safety of the motoring public generally. GM Corp.'s reckless

and wanton conduct also manifests a conscious indifference to the foreseeable consequences of

that conduct to motorists like Veronica Fox.

23.

In 2009, after GM Corp. filed for Chapter 11 bankruptcy protection, Defendant GM LLC

purchased ~~the~~ assets of GM Corp., including GM Corp.'s books and records.

24.

As part of its 2009 purchase of GM Corp., Defendant GM LLC expressly assumed

liability for product liability claims against GM Corp. that arose after the bankruptcy sale. *(as set forth in the Sale Agreement and rulings by the Bankruptcy Court)*

25.

After the bankruptcy sale, Defendant GM LLC employed ~~the~~ engineers who designed the

2004 SRX roof, and GM LLC possessed all relevant knowledge, books, and records regarding

the 2004 SRX roof design. In short, GM LLC acquired all knowledge regarding the 2004 SRX's

defective roof from GM Corp.

26.

~~Defendant GM LLC could have reasonably foreseen and did, in fact, foresee the~~

~~occurrence of rollovers such as the one described in this Complaint.~~

27.

~~Since the bankruptcy sale, Defendant GM LLC, like GM Corp., has had actual~~

~~knowledge from, among other things, the knowledge of its engineers, the records and books it~~

~~acquired from GM Corp., its notice of real-world incidents involving its and GM Corp.'s~~

vehicles, its and GM Corp.'s testing, GM LLC's decision to substantially strengthen the roof in the 2010 SRX, and the laws of physics, that when a roof lacks sufficient structural crashworthiness, occupants are highly vulnerable to being injured, paralyzed, or killed in a rollover.

28.

Since the bankruptcy sale, Defendant GM LLC, like GM Corp., has had actual knowledge from, among other things, the knowledge of its engineers, the records and books it acquired from GM Corp., its notice of real-world incidents involving its and GM Corp.'s vehicles, its and GM Corp.'s testing, GM LLC's decision to substantially strengthen the roof in the 2010 SRX, and the laws of physics, that the 2004 SRX roof was unreasonably dangerous and defective.

29.

Despite GM LLC's duty to warn and its knowledge of a need to warn the public, Defendant GM LLC failed at the time of the bankruptcy sale—and all times since—to adequately warn the consuming public, and Plaintiff in particular, of the dangers in a reasonably foreseeable wreck presented by the design of the SRX roof.

30.

Despite the knowledge set forth in the paragraphs above, Defendant GM LLC and GM Corp. wantonly and recklessly continued to sell the vehicle to the consuming public and maintained it in the stream of commerce without a warning, recall or remedy of the vehicle's defects.

8

31.

~~Defendant GM LLC's and~~ GM Corp.'s reckless and wanton conduct constituted disregard for the life and safety of Veronica Fox, and the lives and safety of the motoring public generally. ~~GM LLC's reckless and wanton conduct also manifests a conscious indifference to the foreseeable consequences of that conduct to motorists like Veronica Fox~~.

32.

But for the tortious conduct of GM Corp. ~~and GM LLC~~, Plaintiff Veronica Fox would not have been seriously injured in this wreck.

33.

As a direct and proximate result of GM Corp. ~~and GM LLC~~'s tortious conduct, Plaintiff Veronica Fox endured, continues to endure, and will endure in the future physical and emotional pain and suffering.

34.

No person other than Defendant GM LLC and Defendant AAB is liable for the injuries and damages sustained by Veronica Fox.

35.

Plaintiff's injuries and damages were proximately caused by the tortious acts and omissions of GM Corp. ~~GM LLC~~, and AAB. The tortious acts and omissions of GM Corp. ~~GM LLC~~, and AAB that caused the personal injuries to Veronica Fox are described more fully and specifically in the paragraphs below.

### III.  SPECIFIC COUNTS

### COUNT ONE

#### Strict Liability of General Motors LLC

36.

Plaintiff incorporates as if re-alleged herein in full paragraphs 1 through 35 of this Complaint.

37.

GM Corp. is strictly liable to Plaintiff under O.C.G.A. § 51-1-11 and other applicable law because the risks inherent in the design of the roof structure in the 2004 Cadillac SRX outweighed any utility of the chosen design, thereby rendering the vehicle defective, unreasonably dangerous, and not reasonably suited to the use for which it was intended.  The defects in the SRX include, but are not limited to, the following:

a.  The roof structure in the SRX failed to offer proper protection to occupants like Veronica Fox during foreseeable rollover events;

b.  The roof panel was made almost entirely of glass with a narrow rim of fiber glass;

c.  The roof panel was attached to the vehicle by nothing but glue;

d.  During the rollover, the entire roof panel came completely off the vehicle, leaving a gaping hole in the roof of the vehicle;

e.  GM Corp. knew that the glued-on glass roof would not protect occupants in a rollover;

f.  Despite this knowledge, GM Corp. did not design the remaining structure to protect occupants in a rollover;

10

g.    GM Corp. designed the 2004 SRX with a strength-to-weight ratio of 1.9, which earned it the lowest possible rating for roof strength by the Insurance Institute for Highway Safety. *See* Exhibit A, IIHS Website, http://www.iihs.org/iihs/ratings/ratings-info/roof-strength-test (last visited May 19, 2016). According to IIHS, a strength-to-weight ratio of 1.9 is not "good," "acceptable," or even "marginal"—it is "**poor.**" *Id.*;

h.    GM Corp. did not adequately test the performance of the SRX's roof structure to determine whether prospective owners, users, and occupants of the 2004 SRX would be exposed to an unreasonable risk of physical harm during rollover events;

i.    GM Corp. knew, or should have known, from the testing that was performed on the SRX and other GM Corp. vehicles with the same or similar roofs, from real world incidents, and from the laws of physics, that the SRX roof would fail, and GM Corp. knew that serious injury to vehicle occupants could result;

j.    The SRX does not contain, and is not accompanied by, warnings to prospective owners, users, or occupants, including Plaintiff, either at the time of sale or post-sale, of the unreasonable risk of physical harm associated with the design of the roof structure of the 2004 SRX;

k.    The SRX does not contain, and is not accompanied by, <u>adequate</u> warnings to prospective owners, users, or occupants, including Plaintiff, either at the time of sale or post sale, of the unreasonable risk of physical harm associated with the design of the roof structure of the 2004 SRX.

11

*( as set forth in The Sale Agreement and rulings by the Bankruptcy Court).*

38.

Defendant GM LLC assumed liability for product liability claims against GM Corp. that arose after the bankruptcy sale. Plaintiff's strict liability claims against GM Corp. are properly asserted against GM LLC.

39.

The defects in the 2004 Cadillac SRX, in concert with the acts and omissions of ~~Defendants GM LLC and~~ AAB, proximately caused Plaintiff's injuries and damages.

40.

Defendants are liable for the injuries and damages Plaintiff suffered.

## COUNT TWO

### Negligence of General Motors LLC

41.

Plaintiff incorporates as if re-alleged herein in full paragraphs 1 through 40 of this Complaint.

42.

GM Corp. owed a duty to the consuming public in general, and Plaintiff in particular, to exercise reasonable care to design, test, manufacture, inspect, market, and distribute a product free of unreasonable risk of harm to owners, users, and occupants.

43.

At the time GM Corp. manufactured, marketed, distributed, and sold the 2004 SRX, GM Corp. could reasonably have foreseen and did, in fact, foresee the occurrence of rollover events such as the one described in this Complaint.

12

44.

GM Corp. breached its duty to exercise reasonable care as set forth in the paragraphs above.

45.

In concert with the acts and omissions of Defendant AAB and GM LLC, GM Corp.'s negligence proximately caused Plaintiff's injuries and damages.

46.

Defendant GM LLC assumed liability for product liability claims against GM Corp. that arose after the bankruptcy sale, Plaintiff's negligence claims against GM Corp. are properly asserted against GM LLC. ⌐ ( as set forth in The Sale Agreement and rulings by The Bankruptcy Court).

47.

Defendants are liable for the injuries and damages suffered by Plaintiff.

## ~~COUNT THREE~~

### ~~General Motors LLC's Failure to Warn~~

~~48.~~

~~Plaintiff incorporates as if re-alleged herein in full paragraphs 1 through 47 of this~~ Complaint.

49.

GM LLC could reasonably have foreseen and did, in fact, foresee the occurrence of rollover events such as the one described in this Complaint.

50.

GM LLC owed a duty to the consuming public in general, and to Plaintiff in particular, to ~~warn of the dangers arising from the design of the SRX~~

13

51.

~~GM LLC~~ knew after the bankruptcy sale about the danger of the roof of the 2004 SRX,
but chose not to warn the public or Plaintiff about that danger.

52.

~~In concert with the acts and omissions of Defendant AAB and GM Corp., GM LLC's
failure to warn proximately caused Plaintiff's injuries and damages.~~

53.

~~Defendants are liable for the injuries and damages Plaintiff suffered.~~

## ~~COUNT FOUR~~

**Punitive Damages**

54.

Plaintiff incorporates as if re-alleged herein in full paragraphs 1 through 53 of this
Complaint.

55.

GM LLC acted with conscious indifference to the safety and well-being of the public in
failing to effectively repair or warn about the dangers of the 2004 SRX. GM LLC knew or
should have known of those dangers. GM LLC purchased all GM Corp.'s books and records
revealing the defective and dangerous design of the 2004 SRX roof. GM LLC employed the
same engineers who designed and knew about the defective and dangerous design of the 2004
SRX roof. Despite knowing of the dangers posed by the 2004 SRX, GM LLC acted wantonly
and with conscious indifference to the safety and well-being of the public, as defined by
~~O.C.G.A. § 51-12-5.1, in failing to repair or warn about the dangers of the 2004 SRX.~~

56.

~~Defendant GM LLC's own failure to warn, which occurred after the June 2009
bankruptcy sale, was so egregious that it rises to the level of conscious indifference to the safety
and well-being~~ of the public under O.C.G.A. § 51-12-5.1.  Such misconduct warrants the
~~imposition of punitive damages against GM LLC.~~

## COUNT FIVE

### Statute of Repose

57.

Plaintiff incorporates as if re-alleged herein in full paragraphs 1 through 56 of this
Complaint.

58.

The willful and wanton misconduct by GM Corp. ~~and GM LLC~~ referenced in this
Complaint precludes the application of any statute of repose as a defense.  Georgia's statute of
repose does not bar claims when the defendant acted with willful and wanton disregard of the
dangers of its conduct.

59.

~~GM LLC's failure to warn of the dangers referenced in this Complaint precludes the
application of any statute of repose as a defense.  Georgia's statute of repose does not bar claims
when the defendant failed to warn of the dangers which were known to or should have been
known to the defendant.~~

15

## COUNT SIX

### Atlanta Auto Brokers, Inc.'s Failure to Warn

60.

Plaintiff incorporates as if re-alleged herein in full paragraphs 1 through 59 of this Complaint.

61.

Defendant AAB sold the subject 2004 Cadillac SRX to Plaintiff Veronica Fox on or about September 27, 2013, less than two months before the wreck that is the subject of this Complaint.

62.

AAB is in the business of buying, selling, and inspecting cars. It has been in that business for over 20 years. As a result of this extensive experience, AAB has specialized and superior knowledge about cars, car repair and parts, vehicle safety, and vehicle quality.

63.

Before selling the vehicle to Plaintiff, Defendant AAB undertook to inspect the vehicle for Plaintiff's benefit. It therefore had a duty to conduct its inspection non-negligently.

64.

Plaintiff originally sought to purchase a Chevrolet Suburban at AAB, but AAB's inspection had revealed the Suburban needed repairs. AAB therefore discouraged Plaintiff from purchasing that vehicle. AAB told Plaintiff that the SRX had passed its inspection. AAB therefore encouraged her to choose the SRX instead of the Suburban. Plaintiff relied upon AAB's inspection and its statements about the inspection when she chose to purchase the subject SRX.

16

65.

AAB also detailed the car before selling it Plaintiff. AAB's inspection and detail of the vehicle either did or should have revealed the dangers of the SRX roof, including but not limited to the fact that the roof was made almost entirely of glass and was attached by nothing but glue. A lay person like Plaintiff would not know that the roof was made of glass because the rear panels of glass were concealed from the inside by the headliner. Plaintiff, in fact, did not know that the roof was made almost entirely of glass until after the wreck occurred.

66.

Defendant AAB encouraged Plaintiff to purchase the SRX because of the sunroof. AAB repeatedly emphasized the sunroof as a selling feature because it extended to the second row of seats. AAB's statements about the sunroof were incomplete and misleading because AAB did not inform Plaintiff that the glass actually extended almost the entire length of the vehicle and because the structure of the roof was itself a deadly design defect.

67.

AAB provided safety warnings to Plaintiff about the use of the sunroof, advising her not to allow passengers to "hang out of the sunroof." AAB's warnings were incomplete and misleading because they suggested that the only danger associated with the roof was the danger of passengers being injured as a result of a decision to "hang out of the sunroof."

68.

Defendant AAB knew or should have known that the SRX roof would not protect occupants in the event of a rollover wreck and therefore had a duty to warn Plaintiff about the dangers created by the SRX roof. AAB's actual or constructive knowledge was a result of its superior knowledge of vehicle parts, quality, and safety, generally—and the SRX's parts, quality,

17

and safety, specifically; its inspection of the vehicle; and its knowledge about the SRX roof and
sunroof.

69.

Defendant AAB knew or reasonably should have known that the SRX roof was
dangerous and could result in serious or catastrophic injury or death in foreseeable rollover
wrecks.

70.

Plaintiff would not have purchased the SRX had she been informed of and known about
the dangers of the roof.

71.

In concert with the acts and omissions of GM Corp. and GM LLC, AAB's failure to warn
proximately caused Plaintiff's injuries and damages.

72.

Defendant AAB is liable for the injuries and damages Plaintiff suffered.

## DAMAGES & PRAYER FOR RELIEF

73.

Plaintiff incorporates as if re-alleged herein in full paragraphs 1 through 72 of this
Complaint.

74.

As a direct result of the defective condition of the 2004 SRX, GM Corp.'s negligence,
GM LLC's failure to remedy or give appropriate warnings about the vehicle, and AAB's failure
to warn about the vehicle, Plaintiff Veronica Fox has suffered severe and permanent personal
injuries, including quadriplegia.

18

75.

Plaintiff Veronica Fox seeks damages from Defendants in an amount to be determined by the enlightened conscience of the jury and as demonstrated by the evidence, for all elements of compensatory damages allowed by Georgia law.  Plaintiff's injuries are permanent, and damages sought include the following:

a.    all components of the mental and physical pain and suffering Veronica Fox endured upon impact and up until the present time;

b.    all components of the mental and physical pain and suffering Veronica Fox will endure in the future;

c.    past and future loss of enjoyment of life; and

d.    all past and future economic losses, including medical bills, medical expenses, other necessary expenses for the care and treatment of Veronica Fox,  including household services.

e.    ~~Punitive damages against Defendant GM LLC, pursuant to O.C.G.A. § 51-12-5.1, in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish GM LLC for the harm caused to them and to deter GM LLC from similar misconduct.~~

76.

WHEREFORE, Plaintiff prays for the following relief:

a.    That summons issue and service be perfected upon Defendants requiring them to appear before this Court and answer this Complaint for Damages;

b.    That judgment be entered against Defendants;

19

c.    That Plaintiff Veronica Fox recovers all elements of compensatory damages,

including general and special damages, against Defendants;

d.    ~~That Plaintiff Veronica Fox recovers punitive damages against Defendant OM~~

~~LLC;~~

e.    That all costs be cast against Defendants; and

f.    That Plaintiff has such other and further relief as this Court deems just and proper.

This 20th day of May, 2016.

Respectfully submitted,

BUTLER WOOTEN & CHEELEY & PEAK LLP

BY: _____

JAMES E. BUTLER, JR.
Georgia Bar No.099625
TEDRA L. CANNELLA
Georgia Bar No. 881085
ROBERT H. SNYDER
Georgia Bar No. 404522

2719 Buford Highway
Atlanta, Georgia 30324
(404) 321-1700

KENNETH S. NUGENT PC

BY: _____

WILLIAM G. HAMMILL
Georgia Bar No. 943334
*Signed with Express Permission
by Tedra C. Hobson*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
l.    (404) 885-1983

**ATTORNEYS FOR PLAINTIFF**

20

# EXHIBIT A



Insurance Institute for Highway Safety
Highway Loss Data Institute

# About our tests

IIHS evaluates a vehicle's crashworthiness with the help of five tests: moderate overlap front, small overlap front, side, roof strength and head restraints & seats. For front crash prevention ratings, the Institute conducts low- and moderate-speed track tests of vehicles with automatic braking systems. IIHS also conducts evaluations of headlight systems and of the child seat attachment hardware known as LATCH. The descriptions below explain how each test is conducted and how the results translate into <u>ratings</u>.

Thousands of people are killed each year in rollovers. The best way to prevent these deaths is to keep vehicles from rolling over in the first place. Electronic stability control is significantly reducing rollovers, especially fatal single-vehicle ones. When vehicles do roll, side curtain airbags help protect the people inside, and belt use is essential. However, for these safety technologies to be most effective, the roof must be able to maintain the occupant survival space when it hits the ground during a rollover. Stronger roofs crush less, reducing the risk that people will be injured by contact with the roof itself. Stronger roofs also can prevent occupants, especially those who aren't using safety belts, from being ejected through windows, windshields or doors that have broken or opened because the roof has deformed.

In the test, the strength of the roof is determined by pushing a metal plate against one side of it at a slow but constant speed. The force applied relative to the vehicle's weight is known as the strength-to-weight ratio. This ratio varies as the test progresses. The peak strength-to-weight ratio recorded at any time before the roof is crushed 5 inches is the key measurement of roof strength.

A good rating requires a strength-to-weight ratio of at least 4. In other words, the roof must withstand a force of at least 4 times the vehicle's weight before the plate crushes the roof by 5 inches. For an acceptable rating, the minimum required strength-to-weight ratio is 3.25. For a marginal rating, it is 2.5. Anything lower than that is poor.

The figure below shows sample results for two vehicles — one rated good and one rated poor. Peak force for Vehicle A is 7.26. Since that number is higher than 4, the vehicle is rated good. Peak force for Vehicle B is 2.31. Since that number is lower than 2.5, the vehicle is rated poor.



The following video shows how the roof strength test is conducted. In this test of the 2010 Buick LaCrosse, the peak force is 19,571 pounds for a strength-to-weight ratio of 4.90 and a good rating. The playback speed of this video has been increased. The plate normally crushes at a rate of about 1/8 inch per second.

In every test, the roof is crushed 5 inches. What varies — and can't be seen in a video — is the force used by the machine to achieve that degree of crush. To demonstrate how roof strength can vary and what those differences mean for people inside a vehicle during a rollover, IIHS conducted a demonstration in which two vehicles with different roof strength ratings were subjected to identical force. This video shows what happened when the 2009 Volkswagen Tiguan, rated good for roof strength, and the 2008 Kia Sportage, rated poor, were each subjected to a crush force of 15,000 pounds.

©1996-2016, Insurance Institute for Highway Safety, Highway Loss Data Institute | www.iihs.org

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record with a copy of the foregoing pleading by depositing it in the United States Mail with adequate postage affixed thereon and addressed as follows:

Kevin J. Malloy, Esq.
Bowman and Brooke LLP
1441 Main Street, Suite 1200
Columbia, SC 29201

Thomas M. Klein, Esq.
C. Megan Fischer, Esq.
Bowman and Brooke LLP
2901 N. Central Avenue, Suite 1600
Phoenix, AZ 85012

C. Bradford Marsh, Esq.
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree St., N.E., Suite 300
Atlanta, GA 30309

Carrie L. Christie, Esq.
Robert H. Burke, Esq.
Rutherford & Christie LLP
225 Peachtree Street NE
South Tower, Suite 1750
Atlanta, GA 30303

William T. Casey, Jr., Esq.
Erica L. Morton, Esq.
Hicks, Casey & Morton, P.C.
136 North Fairground Street, N.E.
Marietta, GA 30060-1533

This 20th day of May, 2016.

BUTLER WOOTEN CHEELEY & PEAK LLP

BY: _____
JAMES E. BUTLER, JR.
Georgia Bar No. 099625
TEDRA L. CANNELLA
Georgia Bar No. 881085
ROBERT H. SNYDER
Georgia Bar No. 404522