# Exhibit Q





**TURNER & ASSOCIATES, P.A.**
Attorneys at Law

4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
501-791-2277

**Tab Turner**
tab@tturner.com

September 2, 2015

Scott Davidson
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, NY 10036-4003

    Re: *Lemus v. GM*
       *Tibbetts v. GM, et al*
       *Chapman v. GM*
       *Trujillo v. GM*
       *Smith v. GM*
       *Durity v. GM*

Dear Mr. Davidson:

  I represent Plaintiffs in the above-listed cases. The purpose of this letter is to respond to various letters received from you and your colleagues pertaining to certain claims against "New GM". Specifically, the letters, which appear to be form letters, include the statement that "(F)rom a review of the Pleading, it appears that Plaintiff is making allegations and seeking punitive damages against New GM that arise from the conduct of Old GM (and not New GM)." The letters then state that my clients have 17 business days to amend the Pleading by striking any provisions that do not comply with the Judgment, Decision and Sale Order and Injunction.

  First, on behalf of my clients, I have previously requested that you and your colleagues explain the basis for the statement that the Pleading "appears" to make "allegations and (be) seeking punitive damages against New GM that arise from conduct of Old GM (and not New GM)". To date, GM has not neither responded nor provided any explanation of what particular references in the Pleading GM claims need to be amended. I would still appreciate those references well-within the 17 days provided.

  Second, allow this to confirm that my clients are _not_ alleging that New GM is liable for punitive damages for any alleged conduct of old GM. To the extent any such confusion exists, the intent of the complaint, and the language used, focuses on conduct of old GM that new GM became aware of after the Sale Order. New GM then acted in a manner that should subject it to punitive

damages by failing to warn and/or fraudulently concealing the defect from my clients.

As I am certain you are well-aware, 49 US 30120 (g) imposes a notification, recall and remedy obligation for ten (10) calendar years, which is in effect a statutory continuing duty to warn of known defects and dangerous conditions. There can be little dispute that New GM is bound by the referenced obligations, which include recalling defective vehicles and placing consumers on sufficient notice of these issues.

Should you have additional questions, feel free to call.

Sincerely,

Tab Turner

CTT/lg