# Exhibit  S

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel:  (212) 556-2100
Fax:  (212) 556-2222
www.kslaw.com

Scott Davidson
Direct Dial:  212-556-2164
sdavidson@kslaw.com

May 16, 2016

**Via E-Mail Transmission**
Tab Turner, Esq.
TURNER & ASSOCIATES, P.A.
4705 Somers Avenue
North Little Rock, AR 72116

Re:    *Chapman v. General Motors LLC, et al.*
       Case No.: D-101-CV-2013-03270

Dear Counsel:

By this letter, General Motors LLC ("**New GM**") demands that certain allegations, claims and damage requests made in the Complaint filed in the above referenced lawsuit be withdrawn due to the requirements of federal bankruptcy law, for the reasons explained below. You were previously sent a letter in September 2015 ("**2015 Letter**"), highlighting issues with the Complaint and explaining that the Complaint needed to be amended.  At that time, the Bankruptcy Court had not yet issued the November Decision and December Judgment (each as defined below).  Those rulings mandate the amendment of the Complaint, as explained herein.

Plaintiff is violating the Sale Order and Injunction[1] entered by the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"), as well as certain recent decisions and judgments entered by the Bankruptcy Court.[2]  The following allegations, claims and damage requests are legally barred:

- Allegations that New GM is the successor of Old GM (no matter how phrased) (*see* Complaint, ¶ 3);

---

[1]    A copy of the Sale Order and Injunction (with the Sale Agreement attached thereto) is annexed hereto as **Exhibit "A."**

[2]    *See In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y 2015) ("**April Decision**"); Judgment entered by the Bankruptcy Court on June 1, 2015 ("**June Judgment**"); *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015) ("**November Decision**"); and Judgment entered by the Bankruptcy Court on December 4, 2015 ("**December Judgment**"). Copies of the June Judgment and December Judgment are annexed hereto as **Exhibit "B"** and **Exhibit "C,"** respectively.  Copies of the two published decisions of the Bankruptcy Court can be provided upon request.

Tab Turner, Esq.
May 16, 2016
Page 2

- Allegations that merely refer to "GM" and do not distinguish between Old GM and New GM (*see* Complaint, ¶¶ 4, 9, 10, 12, 15)

- Allegations that New GM designed, manufactured, tested, marketed and/or distributed the subject vehicle, a 2004 Silverado C1500 pickup truck ("**Subject Vehicle**"), or performed other conduct relating to the Subject Vehicle before the closing of the Sale from Old GM to New GM (*see* Complaint, ¶¶ 3, 4, 8-12, 14, 15);

- Claims based on (i) an alleged failure to notify Plaintiff of a defect (*see* Complaint, ¶ 14) and (ii) an alleged duty to warn, to the extent that such claim is based on the conduct of New GM (*see* Complaint, ¶ 14); and

- All requests for punitive/exemplary damages as against New GM.

## Applicable Bankruptcy Court Rulings

The Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 (as amended) ("**Sale Agreement**"), which was approved by an Order, dated July 5, 2009 ("**Sale Order and Injunction**") of the Bankruptcy Court, provides that New GM assumed only three categories of liabilities for vehicles sold by Old GM: (a) post-sale accidents or incidents involving Old GM vehicles causing personal injury, loss of life or property damage; (b) repairs provided for under the "Glove Box Warranty"—a specific written warranty, of limited duration, that only covers repairs and replacement of parts and not monetary damages; and (c) Lemon Law claims (as defined in the Sale Agreement) essentially tied to the failure to honor the Glove Box Warranty. All other liabilities relating to vehicles sold by Old GM were "Retained Liabilities" of Old GM. *See* Sale Agreement § 2.3(b). To the extent the claims asserted in the Complaint are based on a successor liability theory or otherwise constitute Retained Liabilities, they were not assumed by New GM and, accordingly, New GM cannot be liable to Plaintiff for such claims. *See* Sale Order and Injunction, ¶¶ 7, 46; Sale Agreement, §§ 2.3(a), 2.3(b).

Paragraph 14 of the December Judgment provides as follows:

Plaintiffs of two types—1) plaintiffs whose claims arise in connection with vehicles without the Ignition Switch Defect, and 2) Pre-Closing Accident Plaintiffs—are not entitled to assert Independent Claims against New GM with respect to vehicles manufactured and first sold by Old GM (an "Old GM Vehicle"). To the extent such Plaintiffs have attempted to assert an Independent Claim against New GM in a pre-existing lawsuit with respect to an Old GM Vehicle, such claims are proscribed by the Sale Order, April Decision and the Judgment dated June 1, 2015[.]

The Plaintiff in the Lawsuit does not have a claim based on the Ignition Switch Defect and therefore is prohibited from asserting an Independent Claim[3] against New GM.

---

[3]    The term "Independent Claim" was defined by the Bankruptcy Court in paragraph 4 of the June Judgment as "claims or causes of action asserted by Ignition Switch Plaintiffs against New GM (whether or not involving Old GM vehicles or parts) that are based solely on New GM's own, independent, post-Closing acts or conduct."

Tab Turner, Esq.
May 16, 2016
Page 3

The December Judgment also described the types of allegations that cannot be made in complaints asserting claims against New GM based on Old GM vehicles. Specifically, Plaintiff is prohibited from making allegations: (i) that New GM is the successor of Old GM (no matter how phrased) (*see* December Judgment, ¶ 16); (ii) that do not distinguish between Old GM and New GM (*see id.* ¶ 17); or (iii) that allege or suggest that New GM manufactured or designed an Old GM vehicle, or performed other conduct relating to an Old GM vehicle before the entry of the Sale Order and Injunction (*i.e.*, July 10, 2009) (*see id.* ¶ 18).

Moreover, the December Judgment determines that the Sale Agreement does not provide for the assumption by New GM of punitive/exemplary damages relating to Product Liabilities. Parties such as Plaintiff can only seek compensatory damages. *See* December Judgment, ¶ 6 ("New GM did not contractually assume liability for punitive damages from Old GM.").

## The Barred Allegations, Claims and Requests for Damages in the Complaint

The Bankruptcy Court's rulings apply to Plaintiff's lawsuit. As set forth on pages 1 to 2 above, the Complaint contains allegations that are prohibited by the December Judgment, requiring that the Complaint be amended.

Moreover, the Sale Order and Injunction enjoins parties from bringing actions against New GM for Retained Liabilities of Old GM. *Id.*, ¶ 8. Under the December Judgment, Non-Ignition Switch Plaintiffs (like Plaintiff) are barred from asserting any claims (other than Assumed Liabilities) against New GM. *See* December Judgment, ¶ 14. The December Judgment specifically provides that New GM did not assume various claims and/or causes of action when it agreed to assume Product Liabilities. The non-assumed liabilities include claims based on an alleged obligation to identify defects in Old GM vehicles and an alleged post-363 Sale duty to warn. Proscribed causes of action contained in the Complaint are set forth on page 2 above.

In addition, because New GM did not assume punitive/exemplary damages in connection with its assumption of Product Liabilities, and Plaintiff is a Non-Ignition Switch Plaintiff, the request for punitive/exemplary damages against New GM violates the Sale Order and Injunction, and the Bankruptcy Court's rulings. All requests for punitive/exemplary damages as against New GM must be stricken from the Complaint.

## Conclusion

The December Judgment stays the Lawsuit until all violations of the Sale Order and Injunction, and the Bankruptcy Court's other rulings, are sufficiently addressed. *See, e.g.*, December Judgment, ¶¶ 16, 17, 18. Please let us know by May 23, 2016 whether you will take the requested action and comply with the Bankruptcy Court's rulings.

New GM reserves all of its rights regarding any continuing violations of the Bankruptcy Court's rulings, including, but not limited to seeking all available relief if it is determined that there is a willful violation of the Sale Order and Injunction and the Bankruptcy Court's other rulings, particularly where Plaintiff previously received the 2015 Letter, which put Plaintiff on notice of applicable Bankruptcy Court rulings and the need to amend the Complaint. *See FirstBank Puerto*

Tab Turner, Esq.
May 16, 2016
Page 4

*Rico v. Barclays Capital Inc. (In re Lehman Brothers Holdings Inc.)*; Summary Order, Case No. 15-149-br. (2d Cir. March 29, 2016).

      If you have any questions, please call me.

                    Very truly yours,

                    */s/ Scott I. Davidson*

                    Scott I. Davidson

SD/hs
Encl.

cc:    Mary Quinn Cooper, Esq.

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel:  (212) 556-2100
Fax:  (212) 556-2222
www.kslaw.com

Scott Davidson
Direct Dial:  212-556-2164
sdavidson@kslaw.com

May 10, 2016

**Via E-Mail And Overnight Delivery**
Richard J. Velle, Esq.
CARTER & VALLE LAW FIRM, P.C.
8012 Pennsylvania Circle NE
Albuquerque, New Mexico 87110

Tab Turner, Esq.
TURNER & ASSOCIATES, P.A.
4705 Somers Avenue
North Little Rock, AR 72116

> Re:    *Lemus v. General Motors LLC, et al.*
>        **Case No.: D-101-CV-2013-03270**

Dear Counsel:

By this letter, General Motors LLC ("**New GM**") demands that certain allegations, claims and damage requests made in the Complaint filed in the above referenced lawsuit be withdrawn due to the requirements of federal bankruptcy law, for the reasons explained below. You were previously sent a letter in August of 2015 ("**2015 Letter**"), highlighting issues with the Complaint and explaining that the Complaint needed to be amended.  At that time, the Bankruptcy Court had not yet issued the November Decision and December Judgment (each as defined below).  Those rulings mandate the amendment of the Complaint, as explained herein.

Plaintiff is violating the Sale Order and Injunction[1] entered by the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"), as well as certain recent decisions and judgments entered by the Bankruptcy Court.[2]  The following allegations, claims and damage requests are legally barred:

---

[1]    A copy of the Sale Order and Injunction (with the Sale Agreement attached thereto) is annexed hereto as **Exhibit "A."**

[2]    *See In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y 2015) ("**April Decision**"); Judgment entered by the Bankruptcy Court on June 1, 2015 ("**June Judgment**"); *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015) ("**November Decision**"); and Judgment entered by the Bankruptcy Court on December 4, 2015 ("**December Judgment**"). Copies of the June Judgment and December Judgment are annexed hereto as **Exhibit**

Richard J. Velle, Esq.
Tab Turner, Esq.
May 10, 2016
Page 2

- Allegations that New GM designed, manufactured, tested, marketed and/or distributed the subject vehicle, a 2008 GMC truck ("**Subject Vehicle**"), or performed other conduct relating to the Subject Vehicle before the closing of the Sale from Old GM to New GM (*see* Complaint, ¶¶ 3, 12, 14, 16, 19, 23, 24, 25, 27);

- Claims based on a failure to recall or a failure to notify Plaintiff of a defect (*see* Complaint, ¶¶ 19(m), 19(n)); and

- All requests for punitive damages as against New GM.

## Applicable Bankruptcy Court Rulings

The Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 (as amended) ("**Sale Agreement**"), which was approved by an Order, dated July 5, 2009 ("**Sale Order and Injunction**") of the Bankruptcy Court, provides that New GM assumed only three categories of liabilities for vehicles sold by Old GM: (a) post-sale accidents or incidents involving Old GM vehicles causing personal injury, loss of life or property damage; (b) repairs provided for under the "Glove Box Warranty"—a specific written warranty, of limited duration, that only covers repairs and replacement of parts and not monetary damages; and (c) Lemon Law claims (as defined in the Sale Agreement) essentially tied to the failure to honor the Glove Box Warranty.  All other liabilities relating to vehicles sold by Old GM were "Retained Liabilities" of Old GM.  *See* Sale Agreement § 2.3(b).  To the extent the claims asserted in the Complaint are based on a successor liability theory or otherwise constitute Retained Liabilities, they were not assumed by New GM and, accordingly, New GM cannot be liable to Plaintiff for such claims.  *See* Sale Order and Injunction, ¶¶ 7, 46; Sale Agreement, §§ 2.3(a), 2.3(b).

Paragraph 14 of the December Judgment provides as follows:

Plaintiffs of two types—1) plaintiffs whose claims arise in connection with vehicles without the Ignition Switch Defect, and 2) Pre-Closing Accident Plaintiffs—are not entitled to assert Independent Claims against New GM with respect to vehicles manufactured and first sold by Old GM (an "Old GM Vehicle"). To the extent such Plaintiffs have attempted to assert an Independent Claim against New GM in a pre-existing lawsuit with respect to an Old GM Vehicle, such claims are proscribed by the Sale Order, April Decision and the Judgment dated June 1, 2015[.]

---

"**B**" and **Exhibit "C,"** respectively.  Copies of the two published decisions of the Bankruptcy Court can be provided upon request.

Richard J. Velle, Esq.
Tab Turner, Esq.
May 10, 2016
Page 3

The Plaintiff in the Lawsuit does not have a claim based on the Ignition Switch Defect and therefore is prohibited from asserting an Independent Claim[3] against New GM.

The December Judgment also described what types of allegations cannot be made in complaints asserting claims against New GM based on Old GM vehicles. Specifically, Plaintiff is prohibited from making allegations: (i) that New GM is the successor of Old GM (no matter how phrased) (*see* December Judgment, ¶ 16); (ii) that do not distinguish between Old GM and New GM (*see id.* ¶ 17); or (iii) that allege or suggest that New GM manufactured or designed an Old GM vehicle, or performed other conduct relating to an Old GM vehicle before the entry of the Sale Order and Injunction (*i.e.*, July 10, 2009) (*see id.* ¶ 18).

Moreover, the December Judgment determines that the Sale Agreement does not provide for the assumption by New GM of punitive damages relating to Product Liabilities.  Parties such as Plaintiff can only seek compensatory damages.  *See* December Judgment, ¶ 6 ("New GM did not contractually assume liability for punitive damages from Old GM.").

### The Barred Allegations, Claims and Requests for Damages in the Complaint

The Bankruptcy Court's rulings apply to Plaintiff's lawsuit. As set forth on page 2 above, the Complaint contains allegations that are prohibited by the December Judgment, requiring that the Complaint be amended.

Moreover, the Sale Order and Injunction enjoins parties from bringing actions against New GM for Retained Liabilities of Old GM.  *Id.*, ¶ 8.  Under the December Judgment, Non-Ignition Switch Plaintiffs (like Plaintiff) are barred from asserting any claims (other than Assumed Liabilities) against New GM.  *See* December Judgment, ¶ 14.  The December Judgment specifically provides that New GM did not assume various claims and/or causes of action when it agreed to assume Product Liabilities.  The non-assumed liabilities include claims based on a duty to recall or retrofit, and obligations to identify defects in Old GM vehicles.  *See* December Judgment, ¶¶ 21, 29, 31. Proscribed causes of action contained in the Complaint are set forth on page 2 above.

In addition, because New GM did not assume punitive damages in connection with its assumption of Product Liabilities, and Plaintiff is a Non-Ignition Switch Plaintiff, the request for punitive damages against New GM violates the Sale Order and Injunction, and the Bankruptcy Court's rulings.  All requests for punitive damages as against New GM must be stricken from the Complaint.

### Conclusion

The December Judgment stays the Lawsuit until all violations of the Sale Order and Injunction, and the Bankruptcy Court's other rulings, are sufficiently addressed.  *See, e.g.*, December Judgment, ¶¶ 16, 17, 18.  Please let us know by May 17, 2016 whether you will take the requested action and comply with the Bankruptcy Court's rulings.

---

[3]   The term "Independent Claim" was defined by the Bankruptcy Court in paragraph 4 of the June Judgment as "claims or causes of action asserted by Ignition Switch Plaintiffs against New GM (whether or not involving Old GM vehicles or parts) that are based solely on New GM's own, independent, post-Closing acts or conduct."

Richard J. Velle, Esq.
Tab Turner, Esq.
May 10, 2016
Page 4

New GM reserves all of its rights regarding any continuing violations of the Bankruptcy Court's rulings, including, but not limited to seeking all available relief if it is determined that there is a willful violation of the Sale Order and Injunction and the Bankruptcy Court's other rulings, particularly where Plaintiff previously received the 2015 Letter, which put Plaintiff on notice of applicable Bankruptcy Court rulings and the need to amend the Complaint. *See FirstBank Puerto Rico v. Barclays Capital Inc. (In re Lehman Brothers Holdings Inc.)*; Summary Order, Case No. 15-149-br. (2d Cir. March 29, 2016).

If you have any questions, please call me.

Very truly yours,

*/s/ Scott I. Davidson*

Scott I. Davidson

SD/hs
Encl.

cc:    Megan Fischer, Esq.

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel:  (212) 556-2100
Fax:  (212) 556-2222
www.kslaw.com

Scott Davidson
Direct Dial:  212-556-2164
sdavidson@kslaw.com

May 18, 2016

**Via E-Mail Transmission**
Robert M. Ortiz, Esq.
WILL FERGUSON & ASSOCIATES
1720 Louisiana Blvd NE, Suite 100
Albuquerque, New Mexico 87110

Tab Turner, Esq.
TURNER & ASSOCIATES, P.A.
4705 Somers Avenue, Suite 100
North Little Rock, Arkansas 72116

Re:  *Hayes-Tibbetts v. Armando Saenz, et al.*
      **Case No.: D-202-CV-2015-04918**

Dear Counsel:

By this letter, General Motors LLC ("**New GM**") demands that certain allegations, claims and damage requests made in the Complaint filed in the above referenced lawsuit be withdrawn due to the requirements of federal bankruptcy law, for the reasons explained below.[1]

Plaintiff is violating the Sale Order and Injunction[2] entered by the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"), as well as certain recent decisions and judgments entered by the Bankruptcy Court.[3]  The following allegations, claims and damage requests are legally barred:

---

[1]    You were previously sent a letter in connection with this Lawsuit in August of 2015 ("**2015 Letter**"), highlighting issues with the Complaint and explaining that the Complaint needed to be amended.  At that time, the Bankruptcy Court had not yet issued the November Decision and December Judgment (each as defined below).  These rulings mandate the amendment of the Complaint, as explained herein.

[2]    A copy of the Sale Order and Injunction (with the Sale Agreement attached thereto) is annexed hereto as **Exhibit "A."**

[3]    *See In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y 2015) ("**April Decision**"); Judgment entered by the Bankruptcy Court on June 1, 2015 ("**June Judgment**"); *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015) ("**November Decision**"); and Judgment entered by the Bankruptcy Court on December 4, 2015 ("**December Judgment**").  Copies of the June Judgment and December Judgment are annexed hereto as **Exhibit**

Robert M. Ortiz, Esq.
Tab Turner, Esq.
May 18, 2016
Page 2

- Allegations that New GM is the successor of Old GM (no matter how phrased) (*see* Complaint, ¶ 5);

- Allegations that merely refer to "GM" and do not distinguish between Old GM and New GM (*see* Complaint, ¶ 10);

- Allegations that New GM designed, manufactured, tested, marketed and/or distributed the subject vehicle, a 2005 Cadillac SRX ("**Subject Vehicle**"), or performed other conduct relating to the Subject Vehicle before the closing of the Sale from Old GM to New GM (*see* Complaint, ¶¶ 5, 10, 35, 37, 38-44, 48, 52, 55, 56);

- Claims based on a failure to identify defects and/or recall an Old GM vehicle (*see* Complaint, ¶ 44); and

- All requests for punitive/exemplary damages as against New GM.

### Applicable Bankruptcy Court Rulings

The Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 (as amended) ("**Sale Agreement**"), which was approved by an Order, dated July 5, 2009 ("**Sale Order and Injunction**") of the Bankruptcy Court, provides that New GM assumed only three categories of liabilities for vehicles sold by Old GM: (a) post-sale accidents or incidents involving Old GM vehicles causing personal injury, loss of life or property damage; (b) repairs provided for under the "Glove Box Warranty"—a specific written warranty, of limited duration, that only covers repairs and replacement of parts and not monetary damages; and (c) Lemon Law claims (as defined in the Sale Agreement) essentially tied to the failure to honor the Glove Box Warranty.  All other liabilities relating to vehicles sold by Old GM were "Retained Liabilities" of Old GM.  *See* Sale Agreement § 2.3(b).  To the extent the claims asserted in the Complaint are based on a successor liability theory or otherwise constitute Retained Liabilities, they were not assumed by New GM and, accordingly, New GM cannot be liable to Plaintiff for such claims.  *See* Sale Order and Injunction, ¶¶ 7, 46; Sale Agreement, §§ 2.3(a), 2.3(b).

Paragraph 14 of the December Judgment provides as follows:

Plaintiffs of two types—1) plaintiffs whose claims arise in connection with vehicles without the Ignition Switch Defect, and 2) Pre-Closing Accident Plaintiffs—are not entitled to assert Independent Claims against New GM with respect to vehicles manufactured and first sold by Old GM (an "Old GM Vehicle"). To the extent such Plaintiffs have attempted to assert an Independent Claim against New GM in a pre-existing lawsuit with respect to an Old GM Vehicle, such claims are proscribed by the Sale Order, April Decision and the Judgment dated June 1, 2015[.]

---

"**B**" and **Exhibit "C,"** respectively.  Copies of the two published decisions of the Bankruptcy Court can be provided upon request.

Robert M. Ortiz, Esq.
Tab Turner, Esq.
May 18, 2016
Page 3

The Plaintiff in the Lawsuit does not have a claim based on the Ignition Switch Defect and therefore is prohibited from asserting an Independent Claim[4] against New GM.

The December Judgment also described the types of allegations that cannot be made in complaints asserting claims against New GM based on Old GM vehicles. Specifically, Plaintiff is prohibited from making allegations: (i) that New GM is the successor of Old GM (no matter how phrased) (*see* December Judgment, ¶ 16); (ii) that do not distinguish between Old GM and New GM (*see id.* ¶ 17); or (iii) that allege or suggest that New GM manufactured or designed an Old GM vehicle, or performed other conduct relating to an Old GM vehicle before the entry of the Sale Order and Injunction (*i.e.*, July 10, 2009) (*see id.* ¶ 18).

Moreover, the December Judgment determines that the Sale Agreement does not provide for the assumption by New GM of punitive/exemplary damages relating to Product Liabilities. Parties such as Plaintiff can only seek compensatory damages. *See* December Judgment, ¶ 6 ("New GM did not contractually assume liability for punitive damages from Old GM.").

**The Barred Allegations, Claims and Requests for Damages in the Complaint**

The Bankruptcy Court's rulings apply to Plaintiff's lawsuit. As set forth on page 2 above, the Complaint contains allegations that are prohibited by the December Judgment, requiring that the Complaint be amended.

Moreover, the Sale Order and Injunction enjoins parties from bringing actions against New GM for Retained Liabilities of Old GM. *Id.*, ¶ 8. Under the December Judgment, Non-Ignition Switch Plaintiffs (like Plaintiff) are barred from asserting any claims (other than Assumed Liabilities) against New GM. *See* December Judgment, ¶ 14. The December Judgment specifically provides that New GM did not assume various claims and/or causes of action when it agreed to assume Product Liabilities. The non-assumed liabilities include claims based on a failure to identify or remedy a defect, and/or recall the Subject Vehicle. *See* December Judgment, ¶¶ 29, 31. Proscribed causes of action contained in the Complaint are set forth on page 2 above.

In addition, because New GM did not assume punitive/exemplary damages in connection with its assumption of Product Liabilities, and Plaintiff is a Non-Ignition Switch Plaintiff, the request for punitive/exemplary damages against New GM violates the Sale Order and Injunction, and the Bankruptcy Court's rulings. All requests for punitive/exemplary damages as against New GM must be stricken from the Complaint.

**Conclusion**

The December Judgment stays the Lawsuit until all violations of the Sale Order and Injunction, and the Bankruptcy Court's other rulings, are sufficiently addressed. *See, e.g.*, December Judgment, ¶¶ 16, 17, 18. Please let us know by May 25, 2016 whether you will take the requested action and comply with the Bankruptcy Court's rulings.

---

[4]    The term "Independent Claim" was defined by the Bankruptcy Court in paragraph 4 of the June Judgment as "claims or causes of action asserted by Ignition Switch Plaintiffs against New GM (whether or not involving Old GM vehicles or parts) that are based solely on New GM's own, independent, post-Closing acts or conduct."

Robert M. Ortiz, Esq.
Tab Turner, Esq.
May 18, 2016
Page 4

New GM reserves all of its rights regarding any continuing violations of the Bankruptcy Court's rulings, including, but not limited to seeking all available relief if it is determined that there is a willful violation of the Sale Order and Injunction and the Bankruptcy Court's other rulings, particularly where Plaintiff previously received the 2015 Letter, which put Plaintiff on notice of applicable Bankruptcy Court rulings and the need to amend the Complaint.  *See FirstBank Puerto Rico v. Barclays Capital Inc. (In re Lehman Brothers Holdings Inc.)*; Summary Order, Case No. 15-149-br. (2d Cir. March 29, 2016).

If you have any questions, please call me.

Very truly yours,

*/s/ Scott I. Davidson*

Scott I. Davidson

SD/hs
Encl.

cc:   Kent Hanson, Esq.



# TURNER & ASSOCIATES, P.A.
**Attorneys at Law**

4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
501-791-2277

**Tab Turner**
tab@tturner.com

May 24, 2016

Scott Davidson
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, NY 10036-4003

Re:    *Lemus v. GM*
       *Chapman v. GM*
       *Tibbetts v. GM*

Dear Mr. Davidson:

The purpose of this letter is to respond to GM's letters "demanding" that certain allegations, claims and damage requests in the Complaints be withdrawn due to requirements of federal bankruptcy law. I am aware that these are "form letters" sent to virtually every victim named in a lawsuit in the country thus explaining the vagueness of the letters.

In summary, the letters are confusing, vague, ambiguous, and fail to spell out with any level of specificity what GM contends is at issue. My clients have no problem cooperating to ensure the correct issues are litigated pursuant to applicable law, but we believe the Complaints are in full compliance with applicable law. Nevertheless, if you will point out specific portions you believe are not in compliance, we will work with you to amend.

Having the benefit of reading the applicable rulings, the following seem quite clear:

1. **SUCCESSOR LIABILITY**:

   - The Court has very clearly rules that allegations that speak of New GM being liable for misconduct as the "successor" of Old GM (e.g. allegations that refer to New GM as the "successor of," a "mere continuation of," or a "de facto successor of" of Old GM) are proscribed by the Sale Order, April Decision and June Judgment, and that complaints that contain such allegations are and remain stayed, unless and until they are amended consistent with the Decision and this Judgment.

- I find no reference in the Complaints to any claim that New GM's liability is based on "successor" liability. Where do you find such an allegation?

## 2. ALLEGATIONS THAT MERELY REFER TO "GM":

- The Court has very clearly stated that allegations designed to mix New GM with Old GM are inappropriate. Examples include referring to "GM-branded vehicles", or that assert that New GM "was not born innocent", or any substantially similar phrase or language, are proscribed by the Sale Order, April Decision and June Judgment, and complaints containing such allegations are and remain stayed, unless and until they are amended consistent with the Decision and this Judgment.

- Notwithstanding the foregoing, references to "GM-branded vehicles" may be used when the context is clear that the reference can only refer to New GM, and does not blend the periods during which vehicles were manufactured by Old GM and New GM; and complaints may say, without using code words as euphemisms for imposing successor liability, or muddying the distinctions between Old GM and New GM, that New GM purchased the assets of Old GM; that New GM assumed Product Liabilities from Old GM; and that New GM acquired specified knowledge from Old GM.

- In searching the Complaints, I find no such language in the subject complaints. If you feel there are, where are they?

## 3. ALLEGATIONS THAT NEW GM DESIGNED, MANUFACTURED OR DISTRIBUTED:

- The Court has ruled that allegations that allege or suggest that New GM manufactured or designed an Old GM Vehicle, or performed other conduct relating to an Old GM Vehicle before the Sale Order, are proscribed by the Sale Order, April Decision and June Judgment, and complaints containing such allegations are and remain stayed, unless and until they are amended consistent with the Decision and this Judgment.

- I find no instance in the subject Complaints wherein my client alleges that New GM did anything prior to the sale order that results in liability.

## 4. CLAIMS FOR FAILURE TO IDENTIFY DEFECTS AND/OR RECALL:

- The Court has very clearly ruled that a duty to recall or retrofit is not an Assumed Liability, and New GM is not responsible for any failures of Old GM to do so.  However, the Court has also very

clearly ruled that whether an Independent Claim can be asserted that New GM had a duty to recall or retrofit an Old GM Vehicle is a question of non-bankruptcy law that can be determined by a court other than this Court. Whether New GM had a duty, enforceable in damages to vehicle owners, to notify people who had previously purchased Old GM Vehicles of the is an issue to be determined by a court other than the Bankruptcy Court.

- The Court did not, however, decide whether there is the requisite duty for New GM under non-bankruptcy law for Old GM Vehicles, but allowed the claim to be asserted by Plaintiffs and the Post-Closing Accident Plaintiffs, leaving determination of whether there is the requisite duty under non-bankruptcy law to the non-bankruptcy court hearing that action. Similarly, obligations, if any, that New GM had an independent duty to identify or respond to defects in previously sold Old GM Vehicles that New GM did not manufacture is a question of non-bankruptcy law that may be decided by the non-bankruptcy court hearing that action. The Court specifically chose not to decide whether there is the requisite duty for New GM under non-bankruptcy law for such Old GM Vehicles, and allows such a claim to be asserted by t Plaintiffs and the Post-Closing Accident Plaintiffs, leaving determination of whether there is the requisite duty under non-bankruptcy law to the court hearing that action.

5. **PUNITIVE DAMAGES**:

- The Court ruled quite clearly that New GM did not contractually assume liability for punitive damages from Old GM. Nor is New GM liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law. Therefore, punitive damages may <u>not</u> be premised on Old GM knowledge or conduct, or anything else that took place at Old GM.

- Notwithstanding the foregoing, a claim for punitive damages with respect to a post-Sale accident involving vehicles manufactured by Old GM <u>may</u> be asserted against New GM to the extent—but only to the extent—it relates to an otherwise viable Independent Claim and is based solely on New GM conduct or knowledge, <u>including</u> (a) knowledge that can be imputed to New GM under the principles set forth in the Decision and Judgment (and under non bankruptcy law), and (b) information obtained by New GM after the 363 Sale. The extent to which any such claim is "viable" <u>shall</u> be determined under non-bankruptcy law by the non-bankruptcy court presiding over that action.

- Similarly, the Court expressed no view as to whether any punitive claim was viable. In fact, claims for punitive damages are permitted to be asserted in actions based on post-Sale accidents

involving vehicles manufactured by Old GM to the extent the claim is premised on New GM action or inaction after it was on notice of information "inherited" by New GM, or information developed by New GM post-Sale. In fact, claims for punitive damages involving New GM manufactured vehicles were never foreclosed under the Sale Order, and remain permissible. The underlying allegations and evidence used to support such claims for punitive damages are subject only to the limitations, if any, provided by non-bankruptcy law. As for claims for punitive damages relating to post-Sale Non-Product Liabilities actions involving personal injuries suffered in vehicles manufactured by Old GM, claims may be asserted to the extent, but only the extent, they are premised on New GM knowledge and conduct, including "inherited" knowledge and knowledge acquired after the Sale. As for claims for punitive damages relating to post-Sale Non-Product Liabilities actions involving personal injuries suffered in vehicles manufactured by New GM are not subject to the Sale Order and may proceed. The underlying allegations and evidence used to support   for punitive damages are subject only to the limitations, if any, provided by non-bankruptcy law.

In summary, if you think there are instances of non-compliance, please point them out specifically and I will be glad to address each point with you, including amending the Complaints if and where necessary. However, I believe you will find that both Complaints are in full compliance.

Thank you for your consideration and let me know if I may be of further assistance.

Sincerely,

Tab Turner

CTT/lg

cc.    Mary Quinn-Cooper
       Megan Fischer
       Rich Valle
       Robert Ortiz

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

May 26, 2016

**VIA E-MAIL TRANSMISSION**
Tab Turner, Esq.
TURNER & ASSOCIATES, P.A.
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116

> Re:  ***Lemus v. General Motors LLC, et al.***
> ***Chapman v. General Motors LLC, et al.***
> ***Hayes-Tibbetts v. Armando Saenz, et al.***

Dear Mr. Turner:

    This letter is in response to your letter, dated May 24, 2016 ("**May 24 Letter**"). Contrary to your view expressed in the May 24 Letter, and as set forth in my previous letters sent to you in connection with the above-referenced Lawsuits, each of the plaintiffs' complaints contains allegations, claims and damage requests that violate explicit rulings made by the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"). While each of my letters pointed you to specific paragraphs of each of the complaints that are inappropriate based on the Bankruptcy Court's rulings, set forth below are specific responses to the points raised in your May 24 Letter.[1]

A.    **Successor Liability**

    Paragraph 16 of the Judgment entered by the Bankruptcy Court on December 4, 2015 ("**December Judgment**") provides:

> Allegations that speak of New GM as the successor of Old GM (e.g. allegations that refer to New GM as the "successor of," a "mere continuation of," or a "de facto successor of" of Old GM) are proscribed by the Sale Order, April Decision and June Judgment, and complaints that contain such allegations are and remain stayed, unless and until they are amended consistent with the Decision and this Judgment.

---

[1]    While each letter sent to you was similar because each complaint contains similar issues, they were not "form letters" as each contained specific citations to paragraphs in each individual complaint with an explanation why such paragraphs are prohibited by the Bankruptcy Court's rulings.

Tab Turner, Esq.
May 26, 2016
Page 2

In the *Chapman* letter, I specifically pointed you to paragraph 3 of the Complaint, which states, in part:

> Defendant, General Motors, LLC ('GM-LLC') is a Delaware Limited Liability Company *and the successor to GM.*" . . . Prior to June 1, 2009, General Motors Corporation (n/k/a Motors Liquidation Company 'MLC') *and now known as* GM-LLC . . . . [Emphasis added]

In the *Tibbetts* letter, I specifically pointed you to paragraph 5 of the Complaint, which contains the exact same language as in the *Chapman* Complaint. Paragraph 3 in the *Lemus* Complaint similarly asserts that "[p]rior to June 1, 2009, General Motors Corporation (n/k/a Motors Liquidation Company 'MLC') *and now known as* GM-LLC . . . ." (emphasis added).

The above allegations clearly "speak of New GM as the successor of Old GM" and are prohibited by the December Judgment.

**B.  Allegations that Merely Refer to "GM"**

Paragraph 17 of the December Judgment provides:

> Allegations that do not distinguish between Old GM and New GM (*e.g.*, referring to "GM" or "General Motors"), or between Old GM vehicles and New GM vehicles (*e.g.,* referring to "GM-branded vehicles"), or that assert that New GM "was not born innocent" (or any substantially similar phrase or language) are proscribed by the Sale Order, April Decision and June Judgment, and complaints containing such allegations are and remain stayed, unless and until they are amended consistent with the Decision and this Judgment.

As stated in my letters, the complaints contain allegations that simply refer to "GM." *See Lemus* Complaint, ¶ 3; *Chapman* Complaint, ¶¶ 3, 4, 9, 10, 12, 15; *Tibbetts* Complaint, ¶¶ 5, 10. The term "GM" is not defined in the complaints. The complaints should be made clear which entity the term "GM" is referring to. In addition, if the term is meant to refer to General Motors Corporation, instead of merely using the term "GM," the term "Old GM" should be used to avoid any possible confusion.

**C.  Allegations that New GM Performed Actions that Were Clearly Performed by Old GM**

Paragraph 18 of the December Judgment provides:

> Allegations that allege or suggest that New GM manufactured or designed an Old GM Vehicle, or performed other conduct relating to an Old GM Vehicle before the Sale Order, are proscribed by the Sale Order, April Decision and June Judgment, and complaints containing such allegations are and remain stayed, unless and until they are amended consistent with the Decision and this Judgment.

In each of my prior letters, I pointed you to specific paragraphs of each of the complaints that contain allegations that violate paragraph 18 of the December Judgment. I suggest you re-read

Tab Turner, Esq.
May 26, 2016
Page 3

my letters and review each of the identified paragraphs. An example of allegations from each of the complaints that violate this ruling by the Bankruptcy Court are as follows:

   i.   *Lemus* Complaint, ¶ 12: "The defective vehicle which forms the basis for this suit is a 2008 GMC truck designed, tested, manufactured, assembled, and/or distributed by GM-LLC. New GM was not in existence at the time the subject vehicle was "designed, tested, manufactured, assembled, and/or distributed . . . ."

   ii.  *Chapman* Complaint, ¶ 14: This paragraph references the "defendants" and asserts, numerous times they (which includes New GM) "negligently designed the vehicle . . . ." Again, New GM was not in existence at the time the subject vehicle was "designed".

   iii. *Tibbetts* Complaint, ¶ 10: "The defective 2005 Cadillac SRX . . . which forms the basis for this suit, was designed, tested, manufactured, marketed, assembled, and/or distributed by Defendant GM-LLC." Once again, New GM was not in existence at the time the subject vehicle was "designed, tested, manufactured, marketed, assembled, and/or distributed . . . ."

Accordingly, based on the foregoing, pursuant to paragraphs 16, 17 and 18 of the December Judgment, each of the Lawsuits are stayed until the prohibited allegations are sufficiently addressed.

**D.    Plaintiff is a Non-Ignition Switch Plaintiff and Cannot Assert an Independent Claim Against New GM or Seek Punitive Damages**

   In your May 24 Letter, you acknowledge that the Bankruptcy Court found that certain claims are not Assumed Liabilities, and that plaintiffs may not seek punitive damages against New GM based on Assumed Liabilities. The apparent confusion in your letter rests on your belief that the plaintiffs in the three Lawsuits are Ignition Switch Plaintiffs; they are not.

   The Judgment entered by the Bankruptcy Court on June 1, 2015 ("**June Judgment**") defines the term Ignition Switch Plaintiffs as those plaintiffs who assert claims against New GM based on the first three ignition switch recalls issued in February/March 2014. *See* June Judgment, at 1 n.1. The *Lemus* Lawsuit concerns a 2008 GMC truck, which is not subject to the applicable recalls, and does not concern a purportedly defective ignition switch. The *Chapman* Lawsuit concerns a 2004 Silverado C1500 pickup, which again is not subject to the applicable recalls, and does not concern a purportedly defective ignition switch. And, the *Tibbetts* Lawsuit concerns a 2005 Cadillac SRX, once again not a vehicle subject to the applicable recalls, and does not concern a purportedly defective ignition switch. Accordingly, none of the plaintiffs are Ignition Switch Plaintiffs.

   Only Ignition Switch Plaintiffs can assert an "Independent Claim" against New GM. The Bankruptcy Court defined the term "Independent Claims" as "claims or causes of action *asserted by Ignition Switch Plaintiffs* against New GM (whether or not involving Old GM Vehicles) that are based solely on New GM's own, independent, post-Closing acts or conduct." June Judgment, ¶ 4 (emphasis added). The December Judgment also makes clear that Non-Ignition Switch Plaintiffs—like the plaintiffs in these Lawsuits—cannot assert Independent Claims against New GM:

Tab Turner, Esq.
May 26, 2016
Page 4

> Plaintiffs of two types—1) *plaintiffs whose claims arise in connection with vehicles without the Ignition Switch Defect*, and 2) Pre-Closing Accident Plaintiffs—are not entitled to assert Independent Claims against New GM with respect to vehicles manufactured and first sold by Old GM (an "**Old GM Vehicle**"). *To the extent such Plaintiffs have attempted to assert an Independent Claim against New GM in a pre-existing lawsuit with respect to an Old GM Vehicle, such claims are proscribed by the Sale Order, April Decision and the Judgment dated June 1, 2015*[.]

December Judgment, ¶ 14.

In sharp contrast to plaintiffs, as a result of the December Judgment, the Lead Counsel (who litigated the issues resolved by the December Judgment in the Bankruptcy Court) amended their complaint in MDL-2543 pending before District Judge Furman to remove all Independent Claims relating to Non-Ignition Switch Plaintiffs that owned Old GM vehicles as of the 363 Sale. Clearly, Lead Counsel understood the impact of the December Judgment and, unlike the plaintiffs herein, recognized the obligation to comply with the controlling Bankruptcy Court rulings.

Accordingly, since none of the vehicles at issue in the Lawsuits were the subject of the applicable recalls, and none base their claims on the Ignition Switch Defect, each plaintiff (i) is prohibited from asserting an Independent Claim against New GM, and (ii) is prohibited from seeking punitive damages against New GM. Furthermore, the Sale Order and Injunction entered by the Bankruptcy Court in 2009 remains in full force and effect. With respect to Old GM vehicles (like the subject matter of the Lawsuits), either plaintiffs' claims are Assumed Liabilities of New GM, or Retained Liabilities of Old GM. There are no other applicable categories for such claims.

**E.**    **Conclusion**

Please let us know as soon as possible whether the plaintiffs will take the required action and fully comply with the Bankruptcy Court's rulings.

Very truly yours,

Scott I. Davidson

SD/hs

cc:    Megan Fischer, Esq.
       Mary Quinn Cooper, Esq.
       Kent Hanson, Esq.



## TURNER & ASSOCIATES, P.A.
**Attorneys at Law**

4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
501-791-2277

**Tab Turner**
tab@tturner.com

May 27, 2016

Scott Davidson
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, NY 10036-4003

Re:      _Lemus v. GM_
         _Chapman v. GM_
         _Tibbetts v. GM_

Dear Mr. Davidson:

The purpose of this letter is to respond to your most recent letter regarding language in the Complaints referenced above. Although I understand your position that these are not "form letters", I respectfully disagree. As for substance, I respectfully disagree with your conclusions.

It is crystal clear from the Complaints at issue that there is no successor liability claim, no claim in these cases that New GM is responsible for old GM behavior, no pre-sale claims, and no claims for punitive damages for conduct that is prohibited under the rulings of the Bankruptcy court. This is a very simple product liability claim against New GM because New GM accepted responsibility for any liability Old GM has under product liability law in Arkansas and New Mexico. Although I realize everyone has to make a living, billing hourly for these kinds of letters is not helping advance any legitimate interest. We are all in agreement about the claims in the litigation; there is no confusion; and the positions you have taken thus far are vague, ambiguous, and seem to be designed for nothing other billing hours. Nevertheless, and in the spirit of cooperation, the following further responds to your inquiry in hopes that this will clarify the situation.

1. **<u>SUCCESSOR LIABILITY</u>**:

- The word "successor" is a word used once in the complaints to describe a fact: the fact that GM, LLC did succeed, come after, follow, and be created after Old GM -- in laymen's terms -- in that there once was an Old GM and after bankruptcy, there is a New GM. Nowhere in the Complaints is there any claim, insinuation,

implication or even hint that under either Arkansas or New Mexico law New GM is legally responsible for the conduct of Old GM based on <u>successor liability</u>. That much is crystal clear and not even reasonable debatable.

- In case there is confusion, and as I am sure you are aware, in order to successfully plead a claim of successor liability against a corporation, the law, at least according to the traditional and product line approaches to successor liability, forbids a claim for successor liability <u>unless</u> an exception applies, which is <u>must</u> be plead. The exceptions include (1) the existence of an agreement for the successor to assume such liability; (2) allegations that the acquisition resulted from a fraudulent conveyance to escape liability for the debts or liabilities of the predecessor; (3) an acquisition that constituted a continuation or merger with the predecessor; or (4) an acquisition that resulted in the successor becoming a mere continuation of the predecessor. *Swayze v. A.O. Smith Corp.*, 694 F. Supp. 619, 622-24 (E.D. Ark. 1988) (applying Arkansas law)); *Garcia v. Coe Mfg. Co.*, 933 P.2d 243, 248-50 (N.M. 1997) (applying N.M. law. Here, none of the Complaints make any such allegation, raise none of the exceptions, and don't even hint that a claim for successor liability is plead.

- What the Court proscribed is likewise clear. The Court very clearly ruled that <u>allegations that speak of New GM being liable for misconduct as the "successor" of Old GM (e.g. allegations that refer to New GM as the "successor of," a "mere continuation of," or a "de facto successor of" of Old GM) are proscribed by the Sale Order, April Decision and June Judgment, and that complaints that contain such allegations are and remain stayed, unless and until they are amended consistent with the Decision and this Judgment</u>. The very specific language of the Court's order does <u>not</u> focus on the word "successor", but on "allegations that speak of New GM being liable for misconduct as the successor of Old GM". I have looked at your references and no such "allegations" are made anywhere in the Complaints. If you believe there are, precisely where is such an allegation located? None can be found, but if you think I missed one, show me where and I will reconsider and amend the Complaints.

## 2. <u>ALLEGATIONS THAT MERELY REFER TO "GM":</u>

- As pointed out in my first letter, the Court has very clearly stated that allegations <u>designed to mix</u> New GM with Old GM are inappropriate. Examples include referring to "*GM-branded vehicles*", or that assert that New GM "*was not born innocent*", or any substantially similar phrase or language, are proscribed by the Sale Order, April Decision and June Judgment, and complaints containing such allegations are and remain stayed, unless and until they are amended consistent with the Decision

and this Judgment. In short, the clear intent of the Order is to proscribe victims from using language that is "designed to mix" the two together using very clear examples, such as "GM-branded vehicles" or "was not born innocent". I find neither of those examples in the Complaints nor do I see any language "designed to mix" the two together. If I am missing something, point it out and I am glad to reconsider.

- Notwithstanding the foregoing, references to "GM-branded vehicles" is permissible when the context is clear that the reference can only refer to New GM, and does not blend the periods during which vehicles were manufactured by Old GM and New GM; and complaints may say, without using code words as euphemisms for imposing successor liability, or muddying the distinctions between Old GM and New GM, that New GM purchased the assets of Old GM; that New GM assumed Product Liabilities from Old GM; and that New GM acquired specified knowledge from Old GM. The language I read in the Complaint makes crystal clear that GM, LLC is the defendant; that no conduct is "designed to be mixed"; and that no effort is being made to do anything other than what is permitted by the Court's ruling. However, I will give you the benefit of the doubt and will agree to modify language that you feel is inappropriate and "designed to mix". If such language exists in your view, please specifically point it out in each Complaint. I will then reconsider and modify the Complaint where appropriate.

## 3. ALLEGATIONS THAT NEW GM DESIGNED, MANUFACTURED OR DISTRIBUTED:

- The Court has ruled that allegations that allege or suggest that New GM manufactured or designed an Old GM Vehicle, or performed other conduct relating to an Old GM Vehicle before the Sale Order, are proscribed by the Sale Order, April Decision and June Judgment, and complaints containing such allegations are and remain stayed, unless and until they are amended consistent with the Decision and this Judgment.

- As you will note from the Complaints, Old GM is not a defendant in the cases. We painstakingly set forth this history of the bankruptcy, including the fact that New GM has accepted responsibility for liability associated with the design, manufacture, testing, marketing and distribution of GM vehicles produced prior to the sale order. In accepting that responsibility, New GM is legally responsible for the design, manufacture, assembly, testing, marketing, and distribution of the vehicle at issue in each of the three (3) cases.

- I find no instance in the subject Complaints wherein my client alleges that New GM did <u>anything</u> prior to the sale order that results in liability. The Complaints, when read as a whole and with common sense, clearly seem to meet the requirements of the orders. However, in the spirit of cooperation, if there is an instance wherein you feel that Plaintiff is somehow making an allegation that New GM is somehow responsible under the law other than as the legally responsible party, I am more than glad to work with you to satisfy you that no such claim is being made, including amending the pleading where such a claim is asserted.

4. **<u>PUNITIVE DAMAGES</u>**:

- The Court ruled quite clearly that New GM did not contractually assume liability for punitive damages from Old GM. That is beyond dispute.

- It is equally clear that New GM is not liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law. Therefore, punitive damages may <u>not</u> be premised on Old GM knowledge or conduct, or anything else that took place at Old GM.

- Each Complaint is consistent with the foregoing concepts and rulings.

- Notwithstanding the foregoing limitations, a claim for punitive damages with respect to a post-Sale accident involving vehicles manufactured by Old GM <u>may</u> be asserted against New GM to the extent—but only to the extent—it relates to an otherwise viable Independent Claim and is based solely on New GM conduct or knowledge, <u>including</u> (a) knowledge that can be imputed to New GM under the principles set forth in the Decision and Judgment (and under non bankruptcy law), and (b) information obtained by New GM after the 363 Sale. The extent to which any such claim is "viable" <u>shall</u> be determined under non-bankruptcy law by the non-bankruptcy court presiding over that action.

- Similarly, the Court expressed no view as to whether any punitive claim was viable. In fact, claims for punitive damages are permitted to be asserted in actions based on post-Sale accidents involving vehicles manufactured by Old GM to the extent the claim is premised on New GM action or inaction after it was on notice of information "inherited" by New GM, or information developed by New GM post-Sale. In fact, claims for punitive damages involving New GM manufactured vehicles were never foreclosed under the Sale Order, and remain permissible. The underlying allegations and evidence used to support such claims for punitive damages are subject only to the limitations, if any, provided by non-

bankruptcy law. As for claims for punitive damages relating to post-Sale Non-Product Liabilities actions involving personal injuries suffered in vehicles manufactured by Old GM, claims may be asserted to the extent, but only the extent, they are premised on New GM knowledge and conduct, including "inherited" knowledge and knowledge acquired after the Sale. As for claims for punitive damages relating to post-Sale Non-Product Liabilities actions involving personal injuries suffered in vehicles manufactured by New GM are not subject to the Sale Order and may proceed. The underlying allegations and evidence used to support for punitive damages are subject only to the limitations, if any, provided by non-bankruptcy law.

- If I am reading you correctly, and granted I many not due to lack of clarity, but you seem to be arguing that the Court's ruling that punitive damages <u>can be pursued</u> is somehow limited only to ignition switch defect cases and <u>not</u> defect cases involving something other than ignition switches. Am I understanding you correctly? If so, I am more than glad to consider whatever support you have for such a proposition. However, I do not read the Court's opinion as saying that ignition switch cases receive special treatment over other similar defects involving other components or aspects of vehicles and that punitive damages are <u>only</u> available for ignition switch cases. Where does the Court say that? If there is such a ruling, then you have my apologies for missing it, but I simply don't see such a narrow holding anywhere in any of the opinions. In fact, to the contrary, the Court's repeated discussion about a victim's right to impute knowledge to New GM is a clear recognition that punitive damages are in fact available against New GM for its own post-bankruptcy conduct.

In summary, my clients are more than willing to cooperate to ensure all court orders are fully complied with in pleading. However, I am still having difficulty understanding your position given the vagueness with which you continue to respond. If there are genuine violations, at least in your view, please point them out with specificity and explain the reasoning and I am more than glad to reconsider.

Thank you for your consideration and let me know if I may be of further assistance.

Sincerely,

Tab Turner

CTT/lg


cc.     Mary Quinn-Cooper
        Megan Fischer
        Rich Valle
        Robert Ortiz