**BINDER & SCHWARTZ LLP**
Eric B. Fisher
Neil S. Binder
Lindsay A. Bush
Lauren K. Handelsman
366 Madison Avenue, 6th Floor
New York, New York 10017
Telephone: (212) 510-7008
Facsimile: (212) 510-7299

*Attorneys for the Motors Liquidation Company*
*Avoidance Action Trust Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

                                    Debtors.

------------------------------------------------------------------------x

Chapter 11

Case No. 09-50026 (MG)
(Jointly Administered)

**MOTION OF WILMINGTON TRUST COMPANY, AS AVOIDANCE
ACTION TRUST ADMINISTRATOR AND TRUSTEE, FOR ENTRY
OF AN ORDER PURSUANT TO FED. R. BANKR. P. 9006(b)
EXTENDING THE DURATION OF THE AVOIDANCE ACTION TRUST**

**TO:    THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Wilmington Trust Company, solely in its capacity as trust administrator and trustee (the

"**Avoidance Action Trust Administrator**") of the Motors Liquidation Company Avoidance

Action Trust (the "**Avoidance Action Trust**"), as established under the Debtors' Second

Amended Joint Chapter 11 Plan dated as of March 18, 2011 [Docket No. 9836] (as confirmed,

the "**Plan**") of the above-captioned post-effective date debtors (the "**Debtors**"), submits this

motion (the "**Motion**") seeking entry of an Order, in the form attached hereto as Exhibit A (the

"**Order**"), pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure and section

4.1 of the Amended and Restated Motors Liquidation Company Avoidance Action Trust

Agreement dated as of May 11, 2012 (as amended, the "**Avoidance Action Trust Agreement**")

[Bankr. Dkt. No. 11704] extending the duration of the Avoidance Action Trust for an additional

36 months, through and including December 15, 2019.  In support of the foregoing, the

Avoidance Action Trust Administrator respectfully states as follows:

## PRELIMINARY STATEMENT

1.      The Avoidance Action Trust, which is vested with the authority and responsibility

of prosecuting the adversary action styled as *Official Committee of Unsecured Creditors of*

*Motors Liquidation Co. v. JPMorgan Chase Bank, N.A., et al.*, Adv. Pro. No. 09-00504 (Bankr.

S.D.N.Y. July 31, 2009) (the "**Term Loan Avoidance Action**"), is currently scheduled to

dissolve on December 15, 2016.

2.       The parties to the Term Loan Avoidance Action are in the midst of discovery,

and the current scheduling orders in place contemplate discovery continuing through the fall of

2016, with a trial on representative issues (only) to be held in late 2016 at the earliest.  Appeals

and/or other proceedings, including possible mediation or other efforts to resolve the Term Loan

Avoidance Action, are likely to follow the decision of the Bankruptcy Court for the Southern

District of New York (this "**Court**") on the representative issues.  These additional proceedings

will extend well into, and perhaps beyond, 2017, and, depending upon the nature and

circumstances of the proceedings, may continue into 2018 and 2019.

3.      As discussed in more detail below, the Avoidance Action Trust has made

substantial progress in fulfilling its mandate, but full and final resolution of the Term Loan

Avoidance Action cannot be accomplished absent further extension of the duration of the

Avoidance Action Trust.

4.      Such an extension is allowed and contemplated by the Avoidance Action Trust

Agreement, and by the extension order entered by the Court on November 3, 2014 that extended

the dissolution date of the Avoidance Action Trust through December 15, 2016.

5.      The Avoidance Action Trust Administrator respectfully submits that for these

reasons and the reasons discussed herein, the dissolution date for the Avoidance Action Trust

should be extended an additional 36 months, through December 15, 2019, to accommodate the

current schedule set by the Court and further proceedings so that the Avoidance Action Trust

may resolve the Term Loan Avoidance Action on behalf of the beneficiaries of the Avoidance

Action Trust.

## JURISDICTION

6.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and

1334(b), paragraph II of the order of the Court dated as of March 29, 2011 confirming the Plan

[Docket No. 9941] (the "**Confirmation Order**"), Article XI of the Plan, and Section 4.1 of the

Avoidance Action Trust Agreement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

A.      **The Term Loan Avoidance Action and The Avoidance Action Trust**

7.      On July 31, 2009, the Official Committee of Unsecured Creditors of Motors

Liquidation Company (the "**Committee**") commenced the Term Loan Avoidance Action.

8.      The Term Loan Avoidance Action seeks the return of approximately $1.5 billion

that had been transferred by the Debtors to a consortium of lenders (the "**Term Lenders**") in

satisfaction of a prepetition loan (the "**Term Loan**") subject to the terms of the order approving a

DIP Credit Facility [Docket No. 2529] entered by the Court.  In the Term Loan Avoidance

Action, plaintiff contends, among other things, that, because the Term Lenders' security interests

3

in the Debtors' property were not properly perfected, the Term Lenders were not fully secured as of the bankruptcy filing and they must return transfers made during the preference period and after the petition was filed.

9.      On the effective date of the Plan (the "**Effective Date**"), the Avoidance Action Trust was established, pursuant to Article IV of the Plan.

10.      On December 15, 2011 (the "**Avoidance Action Trust Transfer Date**"), the right to prosecute the Term Loan Avoidance Action was transferred to the Avoidance Action Trust. *See* Exhibit B (Transfer Agreement).

11.      Pursuant to the Plan, following the Avoidance Action Trust Transfer Date, the Avoidance Action Trust Administrator was vested with authority and responsibility for prosecuting and resolving the Term Loan Avoidance Action on behalf of the beneficiaries of the Avoidance Action Trust.  Plan ¶¶ 1.21, 1.23, 6.5(f), 10.5.

12.      To perform this task, the Avoidance Action Trust was afforded an initial three-year life, ending on December 15, 2014 (the "**Initial Term**").

13.      The Avoidance Action Trust Agreement, however, specifically contemplated extension of the duration of the Avoidance Action Trust.  Pursuant to section 4.1 of the Avoidance Action Trust Agreement, the Avoidance Action Trust became effective on the "Avoidance Action Trust Transfer Date" and continues in full force and effect until:

> (a) all of the Distributable Trust Assets and all Distributable Other Debtor Residual Trust Assets, if any, have been distributed pursuant to the Plan and this Trust Agreement, (b) the Trust Administrator determines, in its discretion and with the approval of the Trust Monitor, that the administration of the Avoidance Action Trust Assets is not likely to yield sufficient additional Distributable Trust Assets or Distributable Other Debtor Residual Trust Assets to justify further pursuit, and (c) all other distributions required to be made by the Trust Administrator under the Plan and this Trust Agreement have been made, but in no event shall the Trust be dissolved later than three (3) years from the earlier of (i) the Avoidance Action Trust Transfer Date and (ii) the Other Debtor Residual

> Assets Transfer Date, unless the Bankruptcy Court, upon motion within the six (6)
> month period prior to the third (3rd) anniversary of the earlier of (i) the
> Avoidance Action Trust Transfer Date and (ii) the Other Debtor Residual Assets
> Transfer Date (or at least six (6) months prior to the end of an extension period),
> determines that a fixed period extension (such that, together with any prior
> extensions, the dissolution of the Trust shall occur no later than five (5) years
> from the date on which the Trust became effective, without a favorable private
> letter ruling from the IRS that any further extension would not adversely affect
> the status of the Trust as a liquidating trust for U.S. federal income tax purposes)
> is necessary to facilitate or complete the recovery and liquidation of the
> Avoidance Action Trust Assets or the Other Debtor Residual Trust Assets, as the
> case may be.

Avoidance Action Trust Agreement § 4.1.

14.    The Avoidance Action Trust Agreement defines (i) the "Avoidance Action Trust

Transfer Date" as the date selected by the Debtors on which the Term Loan Avoidance Action

(and related assets) are transferred to the Avoidance Action Trust (which date shall be no later

than December 15, 2011), and (ii) the "Other Debtor Residual Assets Transfer Date" as the date

selected by the Debtors on which other miscellaneous assets of Motors Liquidation Company

(the "**Other Debtor Residual Assets**"), if any, are transferred to the Avoidance Action Trust

(which date shall be no later than December 15, 2011). The Avoidance Action Trust Transfer

Date occurred on December 15, 2011, when the Term Loan Avoidance Action was transferred to

the Avoidance Action Trust pursuant to an Assignment Agreement between Motors Liquidation

Company and the Avoidance Action Trust. *See* Exhibit B. No Other Debtor Residual Assets

were transferred to the Avoidance Action Trust, and thus the Other Debtor Residual Assets

Transfer Date did not transpire.

**B.    The Initial Phase of the Term Loan Avoidance Action**

15.    Following commencement of the Term Loan Avoidance Action, the Committee

and JPMorgan Chase Bank, N.A. ("**JPMorgan**"), the administrative agent and collateral agent

on the secured loan at issue, engaged in discovery limited to the threshold issue of whether the

Term Lenders' security interests in the Debtors' property were not properly perfected due to the prepetition filing of a UCC termination statement.

16.    On July 1, 2010, the Committee filed a *Motion of Official Committee of Unsecured Creditors for Partial Summary Judgment* [Adv. Pro. Dkt. No. 24] (the "**Committee Summary Judgment Motion**"), seeking a ruling in favor of the Committee with respect to the Term Loan Avoidance Action on that issue.  Also on July 1, 2010, JPMorgan filed a *Motion for Summary Judgment of Defendant JPMorgan Chase Bank, N.A.* [Adv. Pro. Dkt. No. 28] (the "**JPMorgan Summary Judgment Motion**," and together with the Committee Summary Judgment Motion, the "**Cross-Motions for Summary Judgment**"), seeking a ruling in favor of JPMorgan with respect to the Term Loan Avoidance Action on that issue.

17.    On March 1, 2013, after the right to prosecute the Term Loan Avoidance Action was transferred to the Avoidance Action Trust, the Court rendered a *Decision on Cross-Motions for Summary Judgment* [Adv. Pro. Dkt. No. 71] and entered an *Order on Cross-Motions for Summary Judgment* [Adv. Pro. Dkt. No. 72] (the "**Term Loan Order**"), and *Judgment* [Adv. Pro. Dkt. No. 73] (the "**Term Loan Judgment**"), denying the Committee Summary Judgment Motion and granting the JPMorgan Summary Judgment Motion.

18.    In connection therewith, on March 1, 2013, the Court entered an *Order, Pursuant to 28 U.S.C. § 158(d), and Fed. R. Bankr. P. 8001(f)(4), Certifying Judgment for Direct Appeal to Second Circuit* [Adv. Pro. Dkt. No. 74] certifying the Term Loan Judgment and the Term Loan Order for direct appeal to the United States Court of Appeals for the Second Circuit (the "**Second Circuit**").

19.    On March 7, 2013, the Avoidance Action Trust filed a notice of appeal of the Term Loan Judgment and Term Loan Order pursuant to Fed. R. Bankr. P. 8001.  On April 5,

2013, the Avoidance Action Trust filed a petition for permission to appeal directly to the Second

Circuit (the "**Second Circuit Petition**").  The Second Circuit Petition was subsequently granted.

Following briefing, the Second Circuit heard oral arguments from the parties on March 25, 2014.

20.    On June 17, 2014, the Second Circuit issued an opinion certifying a question of

first impression (the "**Certified Question**") of statutory interpretation regarding UCC Article 9,

as adopted into Delaware law, to the Supreme Court of the State of Delaware (the "**Delaware**

**Court**").  *See Official Comm. of Unsecured Creditors of Motors Liquidation Co. v. JPMorgan*

*Chase Bank, N.A. (In re Motors Liquidation Co.)*, 755 F.3d 78 (2d Cir. 2014).  Specifically, the

Certified Question was:

> Under UCC Article 9, as adopted into Delaware law by Del. Code Ann. tit. 6, art.
> 9, for a UCC–3 termination statement to effectively extinguish the perfected
> nature of a UCC–1 financing statement, is it enough that the secured lender
> review and knowingly approve for filing a UCC–3 purporting to extinguish the
> perfected security interest, or must the secured lender intend to terminate the
> particular security interest that is listed on the UCC–3?

*Id.* at 86.

21.    On October 17, 2014, the Delaware Court concluded that it was enough for the

secured lender merely to review and knowingly approve the UCC-3 filing, as JPMorgan had.

*Official Comm. of Unsecured Creditors of Motors Liquidation Co. v. JPMorgan Chase Bank,*

*N.A.*, 103 A.3d 1010 (Del. 2014).

**C.    The Initial Extension of the Avoidance Action Trust**

22.    In the fall of 2014, as the date that the Avoidance Action Trust was scheduled to

dissolve (December 15, 2014) was approaching, the parties were still awaiting a decision on the

Certified Question and a ruling from the Second Circuit.

23.    Given the status of the litigation, the Avoidance Action Trust Administrator

recognized that the Avoidance Action Trust would not be in a position to complete litigating the

Avoidance Action without extending the duration of the Avoidance Action Trust. Accordingly, on October 9, 2014, the Avoidance Action Trust Administrator sought entry of an order pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure and section 4.1 of the Avoidance Action Trust Agreement to extend the duration of the Avoidance Action Trust through and including December 15, 2016 (the "**Extended Term**") [Bankr. Dkt. No. 12946].

24.    On November 3, 2014, the Court entered an Order extending the duration of the Avoidance Action Trust through and including December 15, 2016 [Bankr. Dkt. No. 12971] (the "**Extended Term Order**"). The Extended Term Order was entered "without prejudice to the right of the Avoidance Action Trust Administrator to seek authority to further extend or shorten the duration of the Avoidance Action Trust upon application of the Avoidance Action Trust Administrator to the Court in accordance with the Avoidance Action Trust Agreement."

25.    While at that time the Avoidance Action Trust Administrator believed that extension through December 15, 2016 would provide reasonable time to accomplish the tasks required, it was understood that litigation timing is inherently unpredictable and, in that regard, the ability to extend the life of the Avoidance Action Trust upon order of the Court was preserved and the Court's intervention could again be sought.

26.    The duration of the Avoidance Action Trust is scheduled to end on December 15, 2016, absent a further order of the Court.

**D.    Litigation Developments During The Extended Term**

27.    On January 21, 2015, the Second Circuit reversed the Term Loan Order and Judgment and remanded the matter to the Court with instructions to enter partial summary judgment in favor of the Avoidance Action Trust. *Official Comm. of Unsecured Creditors of Motors Liquidation Co. v. JPMorgan Chase Bank, N.A.*, 777 F.3d 100, 101 (2d Cir. 2015).

09-50026-mg    Doc 13637    Filed 06/13/16    Entered 06/13/16 14:10:53    Main Document
Pg 9 of 14

28.     On February 4, 2015, JPMorgan filed a petition for rehearing en banc [2d Cir. Dkt. No. 149], which the Second Circuit subsequently denied on April 13, 2015 [2d Cir. Dkt. No. 179].

29.     On June 12, 2015, following issuance of the Second Circuit's mandate, the Court entered partial summary judgment in favor of the Avoidance Action Trust [Adv. Pro. Dkt. No. 96].

30.     The Avoidance Action Trust filed an amended complaint and served it upon all of the lender defendants (with the exception of two foreign defendants as to which the Avoidance Action Trust continues to pursue service abroad) [Adv. Pro. Dkt. Nos. 91, 94, 95, 163, 164].

31.     The parties then focused on what is now the current phase of the Term Loan Avoidance Action:  the Avoidance Action Trust's contention that, because the Term Lenders' security interest was not properly perfected, they should not have been paid as fully secured creditors, and the value of the transfers made in connection with the loan in excess of the value of any surviving collateral should be avoided and recovered for the benefit of the Avoidance Action Trust's beneficiaries under 11 U.S.C. §§ 547, 549 and 550.

32.     This current phase of the litigation primarily involves identification and valuation of the remaining collateral securing the Term Loan.  In addition to their contention that the Term Loan remains secured by valuable collateral, the defendants have asserted numerous affirmative defenses.

33.     The overall discovery schedule currently in place for the Term Loan Avoidance Action, as set forth in the Court's August 17, 2015 *Order Regarding Discovery and Scheduling* (the "**August 17, 2015 Order**"), contemplates that fact discovery (including document discovery and depositions) will be completed by July 31, 2016, expert depositions and discovery will be

9

closed by October 31, 2016, and the parties will file summary judgment motions (or letter requests for dispositive motions, if required) by November 15, 2016 [Adv. Pro. Dkt. No. 153].

34.    In addition to the August 17, 2015 Order, on May 4, 2016, the Court entered the *Order Amending the August 17, 2015 "Order Regarding Discovery and Scheduling" to Provide for Proceedings Concerning Characterization and Valuation of Representative Assets* (the "**May 4, 2016 Order**") [Adv. Pro. Dkt. No. 547], which provided for a schedule to streamline proceedings specifically regarding fixture classification and valuation issues with regard to a total of forty representative assets to be selected by the parties.  The May 4, 2016 Order culminates in the submission of pre-trial briefs to the Court on November 18, 2016, with a trial on the representative assets (only) to take place thereafter on a date to be set by the Court. Appeals and/or other proceedings, including possible mediation or other efforts to resolve the Term Loan Avoidance Action, are likely to follow the Court's decision on the representative assets.

35.    In addition to the Term Loan Avoidance Action itself, in April 2016, the Avoidance Action Trust also commenced two proceedings in Delaware seeking to nullify certificates of cancellation of two entities named as defendants in the Term Loan Avoidance Action based on their failure to wind up and distribute their assets in accordance with Delaware law, so that the Avoidance Action Trust can prosecute the Term Loan Avoidance Action against those defendants.

36.    Further significant negotiations and proceedings regarding the outstanding issues in the case, including resolution as to the identity and valuation of the remaining assets at issue (beyond the forty representative assets) are expected to follow the trial on the representative assets.  No scheduling order has been entered for that next phase of the case.

10

37. Under the current litigation schedule, the earliest possible adjudicated resolution of the action by the Court would not be until 2017 with possible appeals and follow-on collection litigation in different jurisdictions beyond 2017, and possibly through 2019.

## RELIEF REQUESTED

38. By this Motion, the Avoidance Action Trust Administrator seeks entry of an order continuing the duration of the Avoidance Action Trust through and including December 15, 2019, 36 months beyond the Extended Term, in order to permit the Avoidance Action Trust sufficient time to complete its duties as set forth in the Avoidance Action Trust Agreement.

39. As set forth above, this is the Avoidance Action Trust Administrator's second request for an extension of the duration of the Avoidance Action Trust.

## BASIS FOR RELIEF

40. The relief requested herein is consistent with the terms of the Plan, the Confirmation Order, the Avoidance Action Trust Agreement and applicable bankruptcy law.

41. The Avoidance Action Trust Administrator has the power and authority to perform such "functions as are provided in the Plan and the Trust Agreement" including seeking Court authority to extend the duration of the Avoidance Action Trust. Confirmation Order ¶ 35; Avoidance Action Trust Agreement § 4.1. More specifically, the Avoidance Action Trust Agreement provides that the duration of the Avoidance Action Trust may be extended by order of the Court, if necessary to facilitate or complete the recovery and liquidation of the "Avoidance Action Trust Assets" as referenced in section 4.1 of the Avoidance Action Trust Agreement.

42. On February 3, 2016, approximately ten months before the expiration of the Extended Term, the Avoidance Action Trust Administrator requested a private letter ruling from the IRS that an extension of the duration of the Avoidance Action Trust for a period of up to

11

three years beyond December 15, 2016 will not adversely affect the status of the Avoidance

Action Trust as a liquidating trust for U.S. federal income tax purposes, as required under section

4.1 of the Avoidance Action Trust Agreement. *See* Exhibit C.  The Avoidance Action Trust

Administrator understands that a favorable decision on the IRS private letter ruling request is

likely to be forthcoming in the near future, and expects that the IRS ruling will be issued well in

advance of December 15, 2016. *Id.*

43.    This motion is made more than six months prior to the end of the Extended Term,

as required by the section 4.1 of the Avoidance Action Trust Agreement.  However, entry of the

proposed order attached as Exhibit A should be deferred until the IRS issues its private letter

ruling.  The Avoidance Action Trust Administrator will notify the Court upon its receipt of the

private letter ruling, and submit the proposed order for the Court's consideration at that time.

44.    The extension of the duration of the Avoidance Action Trust is necessary to

complete the recovery and liquidation of the "Avoidance Action Trust Assets" – the Term Loan

Avoidance Action.  While the Avoidance Action Trust is working in good faith to prosecute the

Term Loan Avoidance Action, the current schedule does not contemplate complete recovery and

liquidation before December 15, 2016.  Accordingly, the Avoidance Action Trust Administrator

believes that an extension of the dissolution date of the Avoidance Action Trust is necessary to

facilitate the successful resolution of the Term Loan Avoidance Action.

45.    The relief requested herein is in the best interests of the above-captioned post-

effective date debtors' creditors and estates.

46.    The relief requested herein is also supported by governing bankruptcy law.

Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or

12

within a specified period . . . by order of [the] court, the court for cause shown may at any time

in its discretion . . . order the period enlarged . . . ."  Fed. R. Bankr. P. 9006(b).

47.    Courts in this jurisdiction have granted similar relief, *see e.g., In re Boylan*

*Intern., Ltd.*, 452 B.R. 43 (Bankr. S.D.N.Y. 2011), as has the Court in this matter when it entered

the Extended Term Order.

48.    For these reasons, the Avoidance Action Trust Administrator respectfully requests

that the relief sought herein be granted.

## NOTICE

49.    The Avoidance Action Trust Administrator has served notice of this Motion on (i)

the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004, (ii) the DIP Lenders and (iii) parties in interest

in accordance with the *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr.

P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*, dated May 5, 2011

[Docket No. 10183].  The Avoidance Action Trust Administrator submits that no other or further

notice need be provided.

50.    No previous motion for the relief sought herein has been made to this or any other

court.

## CONCLUSION

WHEREFORE, the Avoidance Action Trust Administrator respectfully requests that the

Court, upon notice by the Avoidance Action Trust Administrator that the IRS has issued a

favorable private letter ruling (i.e., that such extension of the Trust will not adversely impact the

status of the Trust as a liquidating trust for federal income tax purposes), enter an order

substantially in the form attached hereto as Exhibit A, extending the duration of the Avoidance

13

Action Trust for an additional 36 months, through and including December 15, 2019, and grant

such other and further relief as may be deemed just and proper.

Dated:  June 13, 2016
      New York, New York

                        Respectfully submitted,

                        **BINDER & SCHWARTZ LLP**

                        /s/  Eric B. Fisher
                        Eric B. Fisher
                        Neil S. Binder
                        Lindsay A. Bush
                        Lauren K. Handelsman
                        366 Madison Avenue, 6th Floor
                        New York, New York 10017
                        Tel: (212) 510-7008
                        Facsimile: (212) 510-7299

                        *Attorneys for the Motors Liquidation*
                        *Company Avoidance Action Trust*