# EXHIBIT B

Assignment Agreement

EXECUTION VERSION

## ASSIGNMENT AGREEMENT (AVOIDANCE ACTION TRUST)

THIS ASSIGNMENT AGREEMENT (this "**Agreement**"), effective as of the 15th day of December, 2011, is made by Motors Liquidation Company, a Delaware corporation ("**MLC**" or "**Assignor**") and the Motors Liquidation Company Avoidance Action Trust (the "**Avoidance Action Trust**" or "**Assignee**") (acting through Wilmington Trust Company, solely in its capacity as trust administrator and trustee of the Avoidance Trust, and not in its individual or any other capacity (the "**Avoidance Action Trust Administrator**")).

WHEREAS, on June 1, 2009, MLC and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**");

WHEREAS, MLC's Chapter 11 case is being jointly administered with the chapter 11 cases of certain of its affiliates under Case No. 09-50026 (REG) (the "**Case**");

WHEREAS, in connection with the Case, on March 18, 2011, the Debtors filed that certain Second Amended Joint Chapter 11 Plan with the Bankruptcy Court (such plan, as it may be modified, supplemented or amended from time to time, the "**Plan**");

WHEREAS, capitalized terms used but not defined herein shall have the meanings set forth in the Plan;

WHEREAS, on March 29, 2011, the Bankruptcy Court approved the Plan pursuant to that certain Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure, filed with the Bankruptcy Court as Docket 9941 (the "**Confirmation Order**");

WHEREAS, on March 31, 2011, the Plan became effective;

WHEREAS, pursuant to Section 6.10 of the Plan, upon the dissolution of MLC, all remaining assets of MLC that are not transferred to the GUC Trust pursuant to the Plan are to be transferred to the Avoidance Action Trust at the sole discretion of the Avoidance Action Trust Administrator;

WHEREAS, MLC is the legal and beneficial owner of the Assigned Assets (as defined below) and in accordance with the Plan, MLC desires to transfer, assign and deliver to Assignee all of its right, title and interest in and to the Assigned Assets, and, subject to the terms and conditions precedent herein, Assignee agrees to accept such transfer, assignment and delivery of the Assigned Assets in accordance with and subject to the terms of the Plan and the Confirmation Order;

WHEREAS, notwithstanding section 6.10 of the Plan, it is the intent of MLC to transfer all remaining assets of MLC, other than the Assigned Assets, to a separate trust or trusts to be administered by a party other than the Avoidance Action Trust Administrator; and

WHEREAS, on December 2, 2011, the Bankruptcy Court entered an order (the "**Term Loan Ownership Order**"), granting summary judgment in favor of the plaintiff in the Adversary Proceeding entitled *Official Committee of Unsecured Creditors of Motors Liquidation Company, et al. v. United States Department of Treasury, Export Development Canada* [Adversary Proceeding No. 11-09406].

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements hereinafter contained, the parties hereby agree as follows:

## ARTICLE I

### Assignment

SECTION 1.1. Assignment. Pursuant to the Plan, at the Effective Time, MLC hereby absolutely and unconditionally transfers, assigns and delivers unto Assignee (the "**Assignment**") all of MLC's right, title and interest in and to:

(a) an amount in cash equal to $500,000.00 (the "**Avoidance Action Trust SEC Reporting Cash**");

(b) an amount in cash equal to $1,576,323.00 in order to administer the Avoidance Action Trust (the "**Avoidance Trust Administrative Cash**"); and

(c) the Term Loan Avoidance Action and any proceeds thereof (collectively, with the Avoidance Trust Administrative Cash and the Avoidance Action Trust SEC Reporting Cash, the "**Assigned Assets**");

free and clear of all Claims and Encumbrances, but subject to any obligations imposed by the Plan or the Confirmation Order (including without limitation any Claim or Encumbrance in favor of the DIP Lenders that remains effective pursuant to the Plan) subject to, solely in the case of the Term Loan Avoidance Action and proceeds thereof, the Term Loan Ownership Order and any orders entered in connection with appeals or motions for reconsideration thereof.

SECTION 1.2. Closing Transactions. Subject to the terms and conditions set forth in this Agreement, and in accordance with the Plan and the Confirmation Order, the Assignor shall, as of the Effective Time or promptly thereafter, pay to Assignee, by wire transfer of immediately available funds to the accounts specified by Assignee on Schedule A, the Avoidance Trust Administrative Cash and the Avoidance Action Trust SEC Reporting Cash.

SECTION 1.3. Further Assurances. Prior to the dissolution of MLC, to further give effect to the Assignment, the parties hereto agree to execute and deliver any such additional documents or instruments of assignment, transfer or conveyance, as may be necessary or appropriate to effectuate the Assignment described in this Article I or that is contemplated by the Plan.

## ARTICLE II

### Miscellaneous

SECTION 2.1. Effective Time. The Assignment shall be effective immediately upon the execution of this Agreement by each of Assignor and Assignee (the "**Effective Time**").

SECTION 2.2. Governing Law. Except to the extent the Bankruptcy Code is applicable, this Agreement shall be construed and enforced in accordance with, and the rights and obligations of the parties hereunder shall be governed by, the laws of the State of New York, without giving effect to the principles of conflicts of law thereof.

SECTION 2.3. <u>Counterparts</u>. This Agreement may be executed in multiple counterparts (including by means of telecopied or PDF signature pages), each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument.

*[Signature page follows]*

**IN WITNESS WHEREOF**, the parties have caused this Agreement to be executed and delivered as of the day and year first above written.

**MOTORS LIQUIDATION COMPANY**

By: /s/ A. A. Koch
Name: Albert A. Koch
Title: President & Chief Executive Officer

**MOTORS LIQUIDATION COMPANY
AVOIDANCE ACTION TRUST**

By: WILMINGTON TRUST COMPANY, solely in its capacity as Avoidance Action Trust Administrator

By: _____
Name: David A. Vanaskey, Jr.
Title: Vice President

[SIGNATURE PAGE TO ASSIGNMENT AND ASSUMPTION AGREEMENT (AVOIDANCE ACTION TRUST)]

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed and delivered as of the day and year first above written.

MOTORS LIQUIDATION COMPANY

By: _____
Name: Albert A. Koch
Title: President & Chief Executive Officer

MOTORS LIQUIDATION COMPANY
AVOIDANCE ACTION TRUST

By: WILMINGTON TRUST COMPANY, solely in its capacity as Avoidance Action Trust Administrator

By: _____
Name: David A. Vanaskey, Jr.
Title: Vice President

[SIGNATURE PAGE TO ASSIGNMENT AND ASSUMPTION AGREEMENT (AVOIDANCE ACTION TRUST)]

## SCHEDULE A

# REDACTED