# EXHIBIT C

# Declaration of David A. Vanaskey Jr.

09-50026-mg    Doc 13637-3    Filed 06/13/16    Entered 06/13/16 14:10:53    Exhibit C
Pg 1 of 4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

Debtors.
---------------------------------------------------------------x

Chapter 11

Case No. 09-50026 (MG)
(Jointly Administered)

## DECLARATION OF DAVID A. VANASKEY JR.

I, David A. Vanaskey Jr., declare as follows:

1. I submit this declaration on behalf of the motion of Wilmington Trust Company, solely in its capacity as trust administrator and trustee of the Motors Liquidation Company Avoidance Action Trust (the "Avoidance Action Trust"), for entry of an order pursuant to Fed. R. Bankr. P. 9006(b) extending the duration of the Avoidance Action Trust.

2. I am a Vice President in the Global Capital Markets division of Wilmington Trust Company. In that capacity, I am responsible for the day-to-day administration of the Avoidance Action Trust, including implementing the provisions of the Avoidance Action Trust Agreement dated as of May 11, 2012 (as amended, the "Avoidance Action Trust Agreement").

3. Section 4.1 of the Avoidance Action Trust Agreement provides that the Avoidance Action Trust continues in full force and effect until:

> (a) all of the Distributable Trust Assets and all Distributable Other Debtor Residual Trust Assets, if any, have been distributed pursuant to the Plan and this Trust Agreement, (b) the Trust Administrator determines, in its discretion and with the approval of the Trust Monitor, that the administration of the Avoidance Action Trust Assets is not likely to yield sufficient additional Distributable Trust Assets or Distributable Other Debtor Residual Trust Assets to justify further pursuit, and (c) all other distributions required to be made by the Trust

> Administrator under the Plan and this Trust Agreement have been made, but in no event shall the Trust be dissolved later than three (3) years from the earlier of (i) the Avoidance Action Trust Transfer Date and (ii) the Other Debtor Residual Assets Transfer Date, unless the Bankruptcy Court, upon motion within the six (6) month period prior to the third (3rd) anniversary of the earlier of (i) the Avoidance Action Trust Transfer Date and (ii) the Other Debtor Residual Assets Transfer Date (or at least six (6) months prior to the end of an extension period), determines that a fixed period extension (such that, together with any prior extensions, the dissolution of the Trust shall occur *no later than five (5) years from the date on which the Trust became effective, without a favorable private letter ruling from the IRS that any further extension would not adversely affect the status of the Trust as a liquidating trust for U.S. federal income tax purposes*) is *necessary to facilitate or complete the recovery and liquidation of the Avoidance Action Trust Assets or the Other Debtor Residual Trust Assets, as the case may be.*

Avoidance Action Trust Agreement § 4.1 (emphasis added).

4. The Avoidance Action Trust is currently scheduled to terminate on December 15, 2016, absent further extension by the Court.

5. It is my understanding that to extend the duration of the Avoidance Action Trust through December 15, 2019, the Avoidance Action Trust must obtain a favorable private letter ruling from the IRS as described in section 4.1 of the Avoidance Action Trust Agreement.

6. In early February 2016, approximately ten months before the date that the Avoidance Action Trust is scheduled to terminate, at my request, my counsel submitted a request to the IRS for a private letter ruling stating that an extension of the duration of the Avoidance Action Trust beyond December 15, 2016 will not adversely affect the status of the Avoidance Action Trust as a liquidating trust for U.S. federal income tax purposes.

7. I requested that my counsel submit this request to the IRS to comply with the requirements of section 4.1 of the Avoidance Action Trust Agreement to extend the duration of the Avoidance Action Trust. Such an extension of the duration of the Avoidance Action Trust is

necessary for it to complete the necessary recovery and liquidation in connection with the above-captioned action.

8.  To date, the Avoidance Action Trust has not received the requested private letter ruling from the IRS. However, I have been advised by my counsel that a private letter ruling is likely to be issued in the next few weeks, well in advance of December 15, 2016.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 13, 2016
      New York, New York

_____
David A. Vanaskey Jr.