Scott S. Balber
Herbert Smith Freehills New York LLP
450 Lexington Avenue, 14th Floor
New York, NY  10017
Tel.: (917) 542-7600

*Attorneys for WM Pool-High Yield Fixed Interest Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                    )
In re                               )    Chapter 11 Case
                                    )
MOTORS LIQUIDATION COMPANY, et al., )    Case No. 09-50026 (REG)
                                    )
             Debtors.               )    (Jointly Administered)
_____)
                                    )
MOTORS LIQUIDATION COMPANY          )
AVOIDANCE ACTION TRUST, by and      )    Adversary Proceeding
Through Wilmington Trust Company, solely )
in its capacity as Trust Administrator and )  Case No. 09-00504 (REG)
Trustee,                            )
             Plaintiff,             )
                                    )
vs.                                 )
                                    )
JPMORGAN CHASE BANK, N.A., et al.,  )
                                    )
             Defendants.            )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF WM POOL-HIGH
YIELD FIXED INTEREST TRUST'S MOTION TO QUASH
SERVICE OF PROCESS AND VACATE THE CERTIFICATE
OF DEFAULT**

**Table of Contents**

I.   **BACKGROUND** ........................................................................................................... 1

    A.   Plaintiff's Purported Service of WM, "c/o" Oaktree ...................................... 1

    B.   Oaktree Performs Only a Limited Asset Management Role on Behalf of WM…..…3

II.  **ARGUMENT** .................................................................................................................. 3

    A.   Mailing the Amended Summons and Amended Complaint to Oaktree Was Not Sufficient to Serve WM.................................................................................... 3

    B.   This Court Should Quash Service of Process and Vacate the Certificate of Default.. 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Hilaturas Miel, S.L. v. Republic of Iraq*,
   573 F. Supp. 2d 781 (S.D.N.Y. 2008)..................................................................................4

*Insituform Techs., Inc. v. AMerik Supplies, Inc.*,
   588 F. Supp. 2d 1349 (N.D. Ga. 2008) .................................................................................5

*Krepps v. Reiner*,
   No. 05 Civ.0107, 2005 WL 1793540 (S.D.N.Y. July 27, 2005) ...........................................5

*Luv N' Care, Ltd. v. Babelito, S.A.*,
   306 F.Supp.2d 468 (S.D.N.Y. 2004).....................................................................................5

*Mississippi Publ'g Corp. v. Murphree*,
   326 U.S. 438 (1946)..............................................................................................................3

*Montalbano v. Easco Hand Tools, Inc.*,
   766 F.2d 737 (2d Cir. 1985)..................................................................................................4

*In re Motors Liquidation Co.*,
   486 B.R. 596 (Bankr. S.D.N.Y. 2013)..............................................................................1, 2

*Turick v. Yamaha Motor Corp., USA*,
   121 F.R.D. 32 (S.D.N.Y. 1988) ............................................................................................4

**Other Authorities**

5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*
   § 1353 (3d ed. 2004) .............................................................................................................4

Federal Rule of Bankuptcy Procedure 7004 .................................................................................3, 4

Federal Rule of Bankruptcy Procedure 7012..........................................................................1, 3, 4

Federal Rule of Civil Procedure 4 ................................................................................................3, 4

Federal Rule of Civil Procedure 12 .........................................................................................1, 3, 4

WM Pool-High Yield Fixed Interest Trust ("WM") submits this memorandum of law in support of its Motion to Quash Service of Process and to Vacate the Certificate of Default under Federal Rule of Civil Procedure 12(b)(5) and Federal Rule of Bankruptcy Procedure 7012(b).

Plaintiff Motors Liquidation Company Avoidance Action Trust ("AAT") purports to have served process on WM on May 27, 2015 by mailing the First Amended Adversary Complaint (the "Amended Complaint") and Amended Summons to the offices of Oaktree Capital Management ("Oaktree") in Los Angeles, addressed to the "President, Managing or General Agent" of WM. This was not effective service of WM—WM does not maintain offices at Oaktree's address in Los Angeles (nor anywhere in the United States), and has not named Oaktree as its managing or general agent.

On the basis of this defective service, AAT applied for a certificate of default against WM on April 20, 2016, which the Clerk of this Court entered on May 4, 2016.

Because AAT failed to effectively serve the Amended Complaint and Amended Summons on WM, this Court should quash service of process and vacate the certificate of default. Because the September 30, 2015 deadline for service has passed, AAT should not be granted leave to re-serve WM.

I. BACKGROUND

A. Plaintiff Purports to Serve WM "c/o" Oaktree

Plaintiff initiated this adversary proceeding on July 31, 2009, by filing a complaint against JPMorgan and over 500 other defendants who had provided financing for a $1.5 billion term loan that had been made to General Motors in November 2006. *In re Motors Liquidation Co.*, 486 B.R. 596, 602-03 (Bankr. S.D.N.Y. 2013). Service on many of the

defendants, including WM, was deferred so that the Court could consider certain threshold issues. *Id.* at 603 n.2.

On May 20, 2015, AAT filed the Amended Complaint (Dk. No. 91). AAT filed an Affidavit of Service May 28, 2015 (Dk. No. 94, the "Affidavit of Service"), in which Kimberly Gargan, an employee of the claims and noticing agent for the debtors in this proceeding, stated that on May 27, 2015, counsel for AAT directed her to serve "by first class mail" true and correct copies of the Amended Complaint (Dk. No. 91) and Amended Summons (Dk. No. 92) upon several defendants, including WM. In the Affidavit of Service, Ms. Gargan stated that she caused the Amended Complaint and Amended Summons to be served upon WM by mailing those documents to Oaktree's Los Angeles offices. Specifically, the Affidavit of Service states that Ms. Gargan purported to serve the Amended Complaint and Amended Summons upon WM at the below address:

> OCM-WM Pool High Yield Fixed Interest Trust
> c/o Oaktree Capital Management, L.P.
> Attn: President, Managing or General Agent
> 333 South Grand Street, 28th Floor
> Los Angeles, CA 90071 (Affidavit of Service, at 39)

As described in more detail below, WM did not respond to the improperly-served Amended Complaint and Amended Summons. On April 20, 2015, counsel for AAT filed a Declaration in Support of AAT's application to the Clerk of the Court to enter certificates of default against several defendants, including WM. (Dk. No. 495). In this Declaration, counsel for AAT stated that WM was "properly served with a Summons and Complaint" by "First Class Mail" on May 27, 2015. (*Id.* at 4).[1]

---

[1] On April 26, 2016 counsel for AAT filed an Amended Declaration in Support of its application to the Clerk of the Court to enter certificates of default against several defendants, including WM. (Dk. No. 504, the "Amended Declaration"). The Amended Declaration included the same assertions as to the time and manner of AAT's purported service upon WM.

2

### B. Oaktree Performs Only A Limited Asset Management Role on Behalf of WM

WM does not do business at Oaktree's Los Angeles office, and none of WM's "officer[s], managing or general agent[s]" are located at that address. (Declaration of Jennifer De Leo, at ¶ 2). Nor has WM ever authorized Oaktree to serve as its managing or general agent. Oaktree serves as WM's investment manager, and there is no contract in place between WM and Oaktree that would permit Oaktree to accept service on behalf of WM. (*Id.* at ¶ 3).

AAT has not sent the Amended Complaint nor the Amended Summons to WM at is place of business, nor has it attempted to serve WM in a foreign country pursuant to Federal Rule of Civil Procedure 4(f). Oaktree ultimately provided the Amended Summons and Amended Complaint to WM, though WM understood that it was not being served by Oaktree, and that Oaktree was providing the documents to WM only as a courtesy. (*Id.*at ¶¶ 4-5).

## II.    ARGUMENT

### A. Mailing the Amended Summons and Amended Complaint to Oaktree Was Not Sufficient to Serve WM

"[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946). Under Federal Rule of Civil Procedure 12(b)(5), incorporated by Bankruptcy Rule 7012, this Court may dismiss a complaint for insufficient service of process. Service of process is largely governed by Federal Rule of Civil Procedure 4, the relevant portions of which are incorporated into the Federal Bankruptcy Rules of Procedure. *See* Fed. R. Bankr. P. 7004(a).

AAT purported to serve WM by First Class Mail pursuant to Bankruptcy Rule 7004(b), which adopts and supplements Federal Rule of Civil Procedure 4. Under Rule 7004(b)(3), service upon a corporation may be made within the United States by mailing a

3

copy of the complaint and summons "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."[2] Rule 7004(b)(8) also permits service of any defendant "if a copy of the summons and complaint is mailed to an agent of such defendant authorized by appointment or by law to receive service of process, at the agent's dwelling house or usual place of abode or at the place where the agent regularly carries on a business or profession."

The defense of insufficient service of process under Rule 12(b)(5) may be raised by motion. *See* Fed. R. Bankr. P. 7012(b) (adopting Rule 12(b)). Where service of process is insufficient, "[t]he courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant." *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985). When the sufficiency of service of process is challenged, "[t]he party on whose behalf service is made has the burden of establishing its validity." *Hilaturas Miel, S.L. v. Republic of Iraq*, 573 F. Supp. 2d 781, 796 (S.D.N.Y. 2008); *see* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1353 (3d ed. 2004).

Quashing service of process under Rule 12(b)(5) is appropriate in "the absence of an agency relationship between the recipient of process and the defendant." Wright & Miller, *supra*, § 1353. When the sufficiency of service through a purported agent of the defendant is challenged, "plaintiffs must establish the agency of the person or entity receiving process." *Turick v. Yamaha Motor Corp., USA*, 121 F.R.D. 32 (S.D.N.Y. 1988).

Here, there is no question that Oaktree is not an agent authorized to receive service of process on behalf of WM. The affidavit of Jennifer De Leo establishes the lack of any such

---

[2] Federal Rule of Civil Procedure 4(h) provides for a similar means of service by First Class Mail. Service may be made by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

4

authorization for Oaktree to accept service on behalf of WM, and thus the insufficiency of service of process. *See Krepps v. Reiner*, No. 05 Civ.0107, 2005 WL 1793540, *2 – 3 (S.D.N.Y. July 27, 2005) (service on a purported agent of the defendant was insufficient when defendant showed that the person served was not a managing agent of defendant and was not authorized to accept service on behalf of defendant). Nor can AAT rely on any close relationship between WM and Oaktree to establish an agency relationship – "service upon one company is generally insufficient as to a legally distinct company," regardless of how close the business relationship between the two entities may be. *Luv N' Care, Ltd. v. Babelito, S.A.*, 306 F.Supp.2d 468, 470 (S.D.N.Y. 2004).

**B. This Court Should Quash Service of Process and Vacate the Certificate of Default**

As explained above, service of process upon WM was insufficient – as a result, the certificate of default should be vacated. "Where service of process is insufficient, the entry of default is void and must be set aside." *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008).

Because AAT's deadline for serving defendants expired on September 30, 2015, this Court should dismiss the Amended Complaint as to WM without extending AAT's time to re-serve WM.

5

Dated: June 17, 2016

Respectfully submitted,

/s/Scott S. Balber
Scott S. Balber

HERBERT SMITH FREEHILLS
NEW YORK LLP

450 Lexington Avenue. 14th Floor
New York, NY 10017
Tel: (917) 542-7600
Email: scott.balber@hsf.com

*Attorneys for* WM Pool High Yield Fixed Interest Trust

6