## SCHEDULE "1"

### CHART OF PI LAWSUIT WITH ALLEGATIONS, CLAIMS AND/OR REQUESTS FOR PUNITIVE DAMAGES THAT VIOLATE THE BANKRUPTCY COURT'S RULINGS[1]

| | **Plaintiff** | **Subject Vehicle** | **Prohibited Allegations**[2] | **Prohibited Claims** | **Prohibited Request for Punitive Damages** |
|---|---|---|---|---|---|
| 1. | Atanaw[3] | 2001 Chevrolet Monte Carlo | Conduct Allegations (*see* Complaint, Second Claim for Relief, ¶¶ II, IV, VIII) | None | Yes |

---

[1] At the time of the filing of the Second June 2016 Motion to Enforce, New GM had reached agreement with various other plaintiffs in connection with the pleadings filed in their lawsuits and amendments to same to comply with the Bankruptcy Court rulings, but such amended pleadings have not yet been finalized and submitted and/or approved by the non-bankruptcy court where such lawsuits are pending. In addition, certain lawsuits were settled or were close to being settled, but settlement documents have not been finalized. New GM reserves the right to supplement this schedule prior to the hearing on the Second June 2016 Motion to Enforce to add those lawsuits where appropriate amendments still have not been filed with the non-bankruptcy courts or settlements have fallen through.

[2] Prohibited allegations that assert New GM is the successor to Old GM (no matter how phrased) are referred to herein as "**Successor Allegations**." Prohibited allegations that merely refer to "GM", "General Motors", "defendants" or similar phrases, and do not distinguish between Old GM and New GM, are referred to herein as "**Vague Entity Allegations**." Prohibited allegations that assert New GM designed, manufactured, tested, marketed and/or distributed a vehicle at issue in a complaint, or performed other conduct relating to that vehicle before the closing of the 363 Sale from Old GM to New GM are referred to herein as "**Conduct Allegations**."

[3] A copy of the Atanaw Complaint is annexed hereto as **Exhibit "A."**

| | **Plaintiff** | **Subject Vehicle** | **Prohibited Allegations**[2] | **Prohibited Claims** | **Prohibited Request for Punitive Damages** |
|---|---|---|---|---|---|
| 2. | Barbot[4] | 2003 Chevrolet Malibu | Successor Allegations (*see* Petition, ¶¶ 34, 40, 47, 87); Vague Entity Allegations (*see generally* Petition); Conduct Allegations (*see* Petition, ¶¶ 13, 28-33, 38, 39, 48, 53, 54, 63, 88, 112, 115, 116, 119, 121-123, 125-131, 134-143, 145, 147, 150-152, 154-156, 159, 160, 204); Allegations that New GM assumed liabilities associated with the Recall Covenant contained in Section 6.15(a) of the Sale Agreement (*see* Petition, ¶ 11, 45). | Duty to Warn Claim, to the extent it is asserted as an Independent Claim (*see* Petition, ¶¶ 129, 153-169). | Yes |
| 3. | Black[5] | 2002 GMC Envoy | Vague Entity Allegations (*see* Complaint, ¶ 20); Conduct Allegations (*see* First Amended Petition, ¶¶ 18, 32, 34, 35, 36, 39, 44-46). | A claim based on an alleged failure to recall the subject vehicle (*see* Complaint, ¶ 45); Duty to Warn Claim, to the extent it is asserted as an Independent Claim (*see* Complaint, ¶ 45). | Yes |

---

[4]   A copy of the Barbot Petition is annexed hereto as **Exhibit "B."**

[5]   A copy of the Black Complaint is annexed hereto as **Exhibit "C."**

| | **Plaintiff** | **Subject Vehicle** | **Prohibited Allegations[2]** | **Prohibited Claims** | **Prohibited Request for Punitive Damages** |
|---|---|---|---|---|---|
| 4. | Boker[6] | 2002 Oldsmobile Bravada | Successor Allegations (*see* First Amended Petition, ¶ 3); Vague Entity Allegations (*see* First Amended Petition, ¶¶ 3, 5, 6, 9, 10); Conduct Allegations (*see* First Amended Petition, ¶¶ 3, 5, 9, 10, 14, 15, 17, 19-23, 25, 27, 28). | A claim based on an alleged failure to identify defects and/or recall the subject vehicle (*see* First Amended Petition, ¶¶ 19, 21, 27); Duty to Warn Claim, to the extent it is asserted as an Independent Claim (*see* First Amended Petition, ¶¶ 21, 28). | Yes |
| 5. | Minard[7] | 2001 Chevrolet Blazer | Vague Entity Allegations (*see* Exemplary Damages Attachment); Conduct Allegations (*see* Exemplary Damages Attachment).[8] | Duty to Warn Claim, to the extent it is asserted as an Independent Claim.[9] | Yes |
| 6. | Minix[10] | 2009 Chevrolet Impala | Vague Entity Allegations; Conduct Allegations. | Any claims against New GM other than assumed Product Liabilities. | Yes |

---

[6]   A copy of the Boker First Amended Petition is annexed hereto as **Exhibit "D."**  While the Boker Plaintiff originally agreed to amend the First Amended Petition to comply with the Bankruptcy Court's rulings, a further amended petition has not been filed as of the filing of the Second June 2016 Motion to Enforce.

[7]   A copy of the Minard Complaint is annexed hereto as **Exhibit "E."**

[8]   While the Minard Plaintiff has indicated that she will amend the complaint to correct the prohibited allegations, as of the filing of the Second June 2016 Motion to Enforce, an amended complaint has not been received.

[9]   While the Minard Complaint does not appear to assert a duty to warn claim based on New GM conduct, the Minard Plaintiff has stated that she intends to pursue such claim against New GM, and to seek punitive damages in connection therewith.

[10]   A copy of the Minix Complaint is annexed hereto as **Exhibit "F."**  New GM notes that the plaintiff in the Minix Lawsuit has appeared *pro* se.  In this regard, New GM gave the Minix Plaintiff additional time to respond to the demand letter, and has subsequently tried to contact the Minix Plaintiff, but has been unsuccessful.  New GM hopes to have made greater progress prior to the hearing on the Second June 2016 Motion to Enforce.  New GM will provide an update to the Court prior to or at the hearing on the status of the Minx Lawsuit.

|   | **Plaintiff** | **Subject Vehicle** | **Prohibited Allegations[2]** | **Prohibited Claims** | **Prohibited Request for Punitive Damages** |
|---|---|---|---|---|---|
| 7. | Moore, J.R.[11] | 1996 GMC Pickup Truck | Conduct Allegations (*see* Fifth Amended Complaint, ¶ 11). | Duty to Warn Claim, to the extent it is asserted as an Independent Claim (*see* Fifth Amended Complaint, ¶ 11); Failure to recall or retrofit the subject vehicle (*see* Fifth Amended Complaint, ¶ 11). | No[12] |
| 8. | Moore, J.W.[13] | 1996 GMC Pickup Truck | Conduct Allegations (*see* Fifth Amended Complaint, ¶ 10). | Duty to Warn Claim, to the extent it is asserted as an Independent Claim (*see* Fifth Amended Complaint, ¶ 10). Failure to recall or retrofit the subject vehicle (*see* Fifth Amended Complaint, ¶ 10). | Yes |
| 9. | Neal[14] | 2002 Pontiac Grand Am | Conduct Allegations (*see* Complaint, ¶¶ 2, 12, 15, 19, 20, 22, 23, 28, 31). | Claim based on Wantonness (to the extent Plaintiff is seeking punitive damages against New GM). | No (unless Plaintiff is seeking punitive damages through its Wantonness Claim). |

---

[11]  A copy of the J.R. Moore Complaint is annexed hereto as **Exhibit "G."**

[12]  The J.R. Moore Fifth Amended Complaint does not presently seek punitive damages against New GM. To the extent the J.R. Moore Plaintiff intends to seek punitive Damages against New GM, she should be prohibited from doing for the reasons set forth in the Second June 2016 Motion to Enforce.

[13]  A copy of the J.W. Moore proposed Fifth Amended Complaint is annexed hereto as **Exhibit "H."**

[14]  A copy of the Neal Complaint is annexed hereto as **Exhibit "I."**

|  | **Plaintiff** | **Subject Vehicle** | **Prohibited Allegations[2]** | **Prohibited Claims** | **Prohibited Request for Punitive Damages** |
|---|---|---|---|---|---|
| 10. | Pitterman[15] | 2004 Chevrolet Suburban | None[16] | Duty to Warn Claim, to the extent it is asserted as an Independent Claim (*see* Amended Complaint, ¶ 26); Failure to recall or retrofit (*see* Amended Complaint, ¶¶ 27, 28) | No[17] |
| 11. | Pope[18] | 2001 Cadillac DeVille | Successor Allegations (*see* Petition, ¶ 2); Vague Entity Allegations (*see* Petition, ¶¶ 17-26); Conduct Allegations (*see* Petition, ¶¶ 18). | A claim based on an alleged failure to identify defects (*see* Petition, ¶ 19); A claim based on an alleged violation of a consumer protection statute (*see* Petition, Count II). | Yes |

---

[15]  A copy of the Pitterman Amended Complaint is annexed hereto as **Exhibit "J."**

[16]  While the Pitterman Amended Complaint originally contained a Successor Allegation, the Pitterman Plaintiff has agreed to further amend the Amended Complaint to correct this allegation.  New GM originally objected to a "reckless disregard" allegation in the Amended Complaint, but after discussing the allegation with counsel for the Pitterman Plaintiff, New GM has withdrawn the objection to the "reckless disregard" allegation because, as confirmed by counsel for the Pitterman Plaintiff, it is not being made in an effort to obtain punitive damages against New GM.

[17]  The Pitterman Plaintiff has confirmed that he is not seeking punitive damages against New GM.

[18]  A copy of the Pope Petition is annexed hereto as **Exhibit "K."**