# Exhibit C

# BLACK v. GENERAL MOTORS LLC, ET AL.,



ELECTRONICALLY FILED
3/14/2014 3:03 PM
41-CV-2014-900130.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

IN THE CIRCUIT COURT
IN AND FOR LAUDERDALE COUNTY, ALABAMA

| | |
|---|---|
| HANNAH LeSHAE BLACK,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS, LLC; TAKATA CORPORATION; TK HOLDINGS, INC.; TAKATA SEAT BELTS, INC.; TK-TAITO, LLC; SUSKI'S AUTO SALES, INC., formerly doing business as SUSKI'S AUTO SALES; "A", that person, corporation or other legal entity who or which designed, manufactured, or supplied the 2002 GMC Envoy which is the subject matter of this lawsuit; "B", that person, corporation or other legal entity who or which designed, manufactured or supplied the component parts for the manufacturer of the subject 2002 GMC Envoy; "C", that person, corporation or other legal entity who designed, manufactured and sold the seatbelt or restraint system for the 2002 GMC Envoy which is the subject matter of this lawsuit; "D", those persons, corporations or other legal entities whose negligence or other wrongful conduct combined and concurred to cause the injuries and damages alleged herein; "E", those persons, corporations or other legal entities who sold, marketed, distributed, or supplied the 2002 GMC Envoy which is the subject matter of this lawsuit; all of said Fictitious Defendants are unknown to Plaintiffs at this time but will be substituted by amendment when ascertained,<br><br>Defendants. | CIVIL ACTION NO. CV-2014-_____<br><br>PLAINTIFF HEREBY DEMANDS TRIAL BY JURY |

## COMPLAINT

### Statement of the Parties

1.   Plaintiff, HANNAH LeSHAE BLACK, is over the age of nineteen (19) years and is a resident citizen of Lauderdale County, Alabama.

2.   Defendant, GENERAL MOTORS, LLC (hereinafter "GM"), is believed to be a foreign limited liability company and, at all times material hereto, doing business by agent in Lauderdale County, Alabama. Defendant GM is registered with the Secretary of State of Alabama and authorized to do business in the State of Alabama. Defendant GM may be served with process by serving its Registered Agent: CSC Lawyers Incorporating SVC, Inc., 150 South Perry Street, Montgomery, Alabama 36104.

3.   Defendant, TAKATA CORPORATION (hereinafter "Takata"), is a foreign corporation doing business in the State of Alabama by designing, manufacturing, and distributing the subject seatbelt, retractor, and buckle restraints, believed to be Model # # 45 and TI-CN01 # A01, referred to hereinafter as "seatbelt/restraint system," through its wholly-owned and controlled subsidiaries and authorized dealers in the State of Alabama. Service of process can be accomplished by serving Defendant Takata through the Hague Convention at its home address: No. 25 Mori Building, 4-30, Roppongi 1-chrome, Minato-ku, Tokyo, Japan, 106-8510.

4.   Defendant, TK HOLDINGS, INC. (hereinafter "TK Holdings"), is a corporation, organized and formed under the laws of the State of Delaware with its principal place of business in Greensboro, North Carolina. At all times material, Defendant TK Holdings did business in Alabama by designing, manufacturing, testing, marketing, distributing and selling the seatbelt/restraint system at issue in this case.

2

Defendant TK Holdings is registered with the Secretary of State of Alabama and authorized to do business in the State of Alabama. Defendant TK Holdings may be served with process by serving its Registered Agent: CSC Lawyers Incorporating SVC, Inc., 150 South Perry Street, Montgomery, Alabama 36104.

5. Defendant, TAKATA SEAT BELTS, INC. (hereinafter "Takata Seat Belts"), is believed to be a foreign corporation organized under the laws of the State of Delaware with its principal place of business in San Antonio, Texas. At all times material, Defendant Takata Seat Belts did business in Alabama by designing, manufacturing, testing, marketing, distributing and selling the seatbelt/restraint system at issue in this case. Service of process can be accomplished by and through its Registered Agent, The Prentice Hall Corporation, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

6. Defendant, TK-TAITO, LLC (hereinafter "TK-Taito"), is believed to be a foreign limited liability company organized under the laws of the State of Delaware with its principal place of business in San Antonio, Texas. At all times material, Defendant TK-Taito did business in Alabama by designing, manufacturing, testing, marketing, distributing and selling the seatbelt/restraint system at issue in this case. Service of process can be accomplished by and through its Registered Agent, The Prentice Hall Corporation, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7. Defendant, SUSKI'S AUTO SALES, INC., formerly doing business as SUSKI'S AUTO SALES (hereinafter "Suski's"), is a domestic corporation incorporated under the laws of the state of Alabama. It is qualified to do business in the state of Alabama and its registered agent is Doug Suski, 24267 C Highway 72E, Athens,

Alabama 35613. Its principle place of business is 24267 C Highway 72E, Athens, Alabama 35613. Defendant Suski's is engaged in the business of distributing, marketing, and/or selling automobiles in Lauderdale County, Alabama, and sold the subject vehicle to the Plaintiff's parents.

8. Fictitious Defendant "A" is that person, corporation or other legal entity who or which designed, manufactured, or supplied the 2002 GMC Envoy which is the subject matter of this lawsuit.

9. Fictitious Defendant "B" is that person, corporation or other legal entity who or which designed, manufactured or supplied the component parts for the manufacturer of the subject 2002 GMC Envoy.

10. Fictitious Defendant "C" is that person, corporation or other legal entity who designed, manufactured and sold the seatbelt or restraint system for the 2002 GMC Envoy which is the subject matter of this lawsuit.

11. Fictitious Defendant "D" are those persons, corporations or other legal entities whose negligence or other wrongful conduct combined and concurred to cause the injuries and damages alleged herein.

12. Fictitious Defendant "E" are those persons, corporations or other legal entities who sold, marketed, distributed, or supplied the 2002 GMC Envoy which is the subject matter of this lawsuit.

## Statement of the Facts

13. On or about March 23, 2012, Hannah LeShae Black was driving her 2002 GMC Envoy, VIN 1GKDS13S722130335, eastbound on County Road 55 in Lauderdale County, Alabama.

4

14. Hannah LeShae Black was operating her vehicle in a reasonable and customary manner and was using the available restraint system for the subject vehicle.

15. For reasons unknown, the vehicle went out of control and rolled over.

16. As a consequence of the rollover, Hannah LeShae Black was severely injured.

## COUNT ONE

### (Crashworthiness - Vehicle)

17. Plaintiff adopts and incorporates by reference all prior paragraphs of the Complaint as if set out here in full.

18. Plaintiff contends that the 2002 GMC Envoy was designed, manufactured, sold or otherwise placed into the stream of commerce by Defendants GM, Suski's, and Fictitious Defendants "A" through "E".

19. At the time the subject vehicle was placed into the stream of commerce, the vehicle was defective and not crashworthy in that the vehicle was unstable and the restraint system did not provide reasonable protection to its occupants in foreseeable crashes.

20. The GM restraint system failed to perform as expected by its consumers.

21. The 2002 GMC Envoy was defective in its design, manufacture and the warnings that accompanied it.

22. As a result of the lack of crashworthiness of the 2002 GMC Envoy, Hannah LeShae Black, although properly using the restraint system, suffered severe injuries when she was ejected from the vehicle during the rollover.

23. As a proximate consequence of the lack of crashworthiness of the GM vehicle, Hannah LeShae Black has suffered and will continue to suffer from her severe injuries, including brain injury, internal injuries, disfigurement, disability, loss of enjoyment of life, medical and other expenses and loss of the ability to earn a living. The injuries are permanent and severe.

WHEREFORE, Plaintiff demands judgment against Defendants, General Motors, LLC; Suski's; and Fictitious Defendants "A" through "E", in such amount to which they may be entitled under the laws of the State of Alabama, including punitive damages as well as the cost of this action.

## COUNT TWO

### (Crashworthiness - Seatbelt)

24. Plaintiff adopts and incorporates by reference all prior paragraphs of the Complaint as if set out here in full.

25. Plaintiff contends that the seatbelt/restraint system in the 2002 GMC Envoy was designed, manufactured, sold or otherwise placed into the stream of commerce by Defendants Takata; TK Holdings; Takata Seat Belts; TK-Taito; Suski's; and Fictitious Defendant "A" through "E".

26. At the time the subject seatbelt/restraint system was placed into the stream of commerce, the seatbelt/restraint system was defective and not crashworthy in that the vehicle restraint system did not provide reasonable protection to its occupants in foreseeable crashes.

27. The Takata seatbelt/restraint system failed to perform as expected by its consumers or users.

28.   The Takata seatbelt/restraint system was defective in its design, manufacture, and the warnings that accompanied it.

29.   As a result of the lack of crashworthiness of the Takata seatbelt/restraint system, Hannah LeShae Black, although properly using the restraint system, suffered severe injuries when she was ejected from the vehicle during the rollover.

30.   As a proximate consequence of the lack of crashworthiness of the Takata restraint system, Hannah LeShae Black has suffered and will continue to suffer from her severe injuries, including brain injury, internal injuries, disfigurement, disability, loss of enjoyment of life, medical and other expenses and loss of the ability to earn a living. The injuries are permanent and severe.

WHEREFORE, Plaintiff demands judgment against Defendants Takata; TK Holdings; Takata Seat Belts; TK-Taito; Suski's; and Fictitious Defendants "A" through "E", in such amount to which she may be entitled under the laws of the State of Alabama, including punitive damages as well as the cost of this action.

### COUNT THREE

### (Alabama Extended Manufacturer's Liability Doctrine [AEMLD])

31.   Plaintiff adopts and incorporates by reference all prior paragraphs of the Complaint as if set out here in full.

32.   Defendants GM; Takata; TK Holdings; Takata Seat Belts; TK-Taito; Suski's; and Fictitious Defendants "A" through "E" designed, manufactured, sold or otherwise placed into the stream of commerce the 2002 GMC Envoy and component parts thereof which are the subject matter of this lawsuit.

7

33. At the time the vehicle was placed into the stream of commerce, the vehicle was defective and those defects rendered the vehicle unreasonably dangerous to foreseeable users and consumers.

34. At all times material, the vehicle was being used as expected and intended and in a manner reasonably foreseeable to Defendants.

35. The vehicle was unaltered and in the same design configuration as it was at the time Defendants GM; Takata; TK Holdings; Takata Seat Belts; TK-Taito; Suski's; and Fictitious Defendants "A" through "E" placed the vehicle into the stream of commerce.

36. It was foreseeable to Defendants GM; Takata; TK Holdings; Takata Seat Belts; TK-Taito; Suski's; and Fictitious Defendants "A" through "E", that user and consumers like Hannah LeShae Black would be involved in a collision and that the seatbelt/restraint system would be required to provide sufficient occupant protection.

37. As a proximate consequence of the defective nature of the vehicle and the component parts of the vehicle, Hannah LeShae Black was injured as stated above.

WHEREFORE, Plaintiff demands judgment against Defendants GM; Takata; TK Holdings; Takata Seat Belts; TK-Taito; Suski's; and Fictitious Defendants "A" through "E" in such amount to which she may be entitled under the laws of the State of Alabama, including compensatory and punitive damages as well as the cost of this action.

## COUNT FOUR

### (Alabama Extended Manufacturer's Liability Doctrine [AEMLD])

38. Plaintiff adopts and incorporates by reference all prior paragraphs of the Complaint as if set out here in full.

39. Defendants, GM; Suski's; and Fictitious Defendants "A" and "E" designed, manufactured and sold or otherwise placed into the stream of commerce the subject GMC Envoy.

40. The vehicle was unreasonably dangerous and defective in that it had a propensity to roll over on smooth dry pavement.

41. The vehicle at the time of the accident was in substantially similar design condition as it was originally sold.

42. As a result of the rollover propensity, the vehicle rolled over resulting in the injuries to Hannah LeShae Black as alleged above.

WHEREFORE, Plaintiff demands judgment against Defendants, General Motors, LLC; Suski's; and Fictitious Defendants "A" and "E", for such amount as a jury may determine plus punitive damages as well as the cost of this action.

## COUNT FIVE
### (Negligence/Wantonness)

43. Plaintiff adopts and incorporates by reference all prior paragraphs of the Complaint as if set out here in full.

44. Defendants GM; Takata; TK Holdings; Takata Seat Belts; TK-Taito; Suski's; and Fictitious Defendants "A" through "E", were responsible for the design, manufacture and instruction of the subject vehicle and component parts therein.

9

45.  Said Defendants negligently or wantonly designed, tested, warned against or failed to recall the seatbelt/restraint system for the subject 2002 GMC Envoy.

46.  Said Defendants negligently or wantonly failed to properly design and test as required to design a reasonably safe vehicle.

47.  As a proximate consequence of the negligence or wantonness as alleged herein, Hannah LeShae Black was injured as alleged above.

WHEREFORE, Plaintiff demands judgment against Defendants GM; Takata; TK Holdings; Takata Seat Belts; TK-Taito; Suski's; and Fictitious Defendants "A" through "E", in such amount to which they may be entitled under the laws of the State of Alabama, including compensatory and punitive damages as well as the cost of this action.

### COUNT SIX
### (Negligence)

48.  Plaintiff adopts and incorporates by reference all prior paragraphs of the Complaint as if set out here in full.

49.  Defendant Suski's placed the subject 2002 GMC Envoy into the stream of commerce and negligently failed to inspect the subject vehicle for safety and negligently failed to prepare the subject vehicle for sale.

50.  Defendant Suski's negligently failed to inspect so as to confirm and eliminate the dangerous seatbelt system in the subject vehicle and for safety prior to the sale of the 2002 GMC Envoy to Plaintiff's parents.

51.  Defendant Suski's had a duty to inspect, prepare, and service the 2002 GMC Envoy prior to delivery of the subject vehicle.

10

52. Defendant Suski's was aware of the propensity of this model GMC vehicle's seatbelt to fail and, independently and separately, failed to warn Plaintiff.

53. Defendant Suski's breached their duty to use reasonable care in inspecting, preparing and servicing the subject vehicle.

54. As a result of said breach, Defendant Suski's failed to discover the defective condition of the subject vehicle and its seatbelt component parts at the time of delivery of the subject vehicle to Plaintiff's parents. Defendants negligently failed to correct or warn of the defective condition of the subject vehicle and its seatbelt components, after it became known, or reasonably should have been known, by the Defendant Suski's.

55. As a proximate consequence of the negligence as alleged herein, Hannah LeShae Black was injured as alleged above.

WHEREFORE, Plaintiff demands judgment against Defendants GM; Takata; TK Holdings; Takata Seat Belts; TK-Taito; and Fictitious Defendants "A" through "E", in such amount to which they may be entitled under the laws of the State of Alabama, including compensatory and punitive damages as well as the cost of this action.

/s// Richard D. Morrison
RICHARD D. MORRISON (MOR073)
ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
  PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama  36104
(334) 269-2343
(334) 954-7555 - Facsimile

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

//s// Richard D. Morrison
OF COUNSEL

Please serve the Defendants with the Summons and Complaint in this matter, via certified mail, at the addresses listed below:

General Motors, LLC
c/o of its agent for service of process
CSC Lawyers Incorporating SVC, Inc.
150 South Perry Street
Montgomery, Alabama  36104

TK HOLDINGS, INC.
c/o of its agent for service of process
CSC Lawyers Incorporating SVC, Inc.
150 South Perry Street
Montgomery, Alabama  36104

TAKATA SEAT BELTS, INC.
c/o of its agent for service of process
The Prentice Hall Corporation
2711 Centerville Road, Suite 400
Wilmington, Delaware  19808

TK-TAITO, LLC
c/o of its agent for service of process
The Prentice Hall Corporation
2711 Centerville Road, Suite 400
Wilmington, Delaware  19808

Suski's Auto Sales, Inc.
c/o of its agent for service of process
Doug Suski
24267 C Highway 72E
Athens, Alabama  35613

Plaintiff's counsel will serve the following Defendants with the Summons and Complaint in this matter at the addresses listed below pursuant to the Hague Convention by special process server:

TAKATA CORPORATION
No. 25 Mori Building, 4-30
Roppongi 1-chrome
Minato-ku
Tokyo, Japan, 106-8510