# Exhibit D

# IN THE IOWA DISTRICT COURT IN AND FOR POCAHONTAS COUNTY

| | |
|---|---|
| KYRA C. BOKER, MARK BOKER, and KERRI BOKER,<br><br>                        Plaintiffs,<br>vs.<br><br>GENERAL MOTORS LLC, TAKATA CORPORATION, TK HOLDINGS, A CORPORATION, AND UNKNOWN MANUFACTURER ONE, and UNKNOWN MANUFACTURER TWO<br><br>                        Defendants. | NO. LACV 126490<br><br><br><br><br>**PLAINTIFFS FIRST AMENDED AND SUBSTITUTED PETITION AT LAW**<br><br>**(Jury Trial Requested)** |

COME NOW the plaintiffs, Kyra Boker, Mark Boker and Kerri Boker, by and through their attorney's, Crowley Bünger Schroeder and Prill and, before any responsive pleading has been filed to plaintiffs original petition at law, file this first amended and substituted petition at law against the defendants, and in support of their claims, state:

1) Kyra Boker was born on or about November 13, 1995, she is the natural daughter of plaintiffs, Kerri Boker and Mark Boker.

2) At all times material here to, the plaintiffs were residents and citizens of the State of Iowa, particularly, common city of Rolfe, Iowa.

3) Defendant General Motors Corporation LLC (hereinafter referred to as "GM") is a corporation organized and existing under the laws of the state of Michigan, with its principal place of business in the State of Michigan. GM is the successor and interest to the previous business entity known as General Motors Corporation which designed, tested, manufactured, assembled, marketed and sold the motor vehicle at issue in this case and, following the bankruptcy of the original General Motors Corporation, has liability for the claims made herein as if it were the original GM.

4)   Takata Corporation (hereinafter referred to as "Takata") and TK Holdings (hereinafter referred to as "TK") are foreign corporations, organized and existing under the laws of the country of Japan, with its principal place of business in Japan, and with a principal office and manufacturing facilities in the United States. At all times material hereto, Takata and TK (hereinafter referred to collectively as Takata defendants) supplied component parts, including seat belts and retractor mechanisms for GM cars.

5)   At all times material hereto, GM was engaged in the business of designing, testing, building, marketing and selling motor vehicles in the United States, including the State of Iowa.

6)   At all times material hereto, the Takata defendants were engaged in the business of designing, testing, manufacturing and supplying component parts for motor vehicles to companies such as GM and including GM.

7)   Unknown manufacturers one and two cannot be identified with reasonable certainty until further investigation through discovery and disclosure of the named defendants records and service history. However, it is likely that other unknown manufacturer contributed to the design, testing manufacturing sale of the vehicle and component parts at issue in this case. These currently unknown designers, testers, manufacturers, and assemblers are designated as defendants pursuant to Iowa Code Section 613.18, and will be named specifically when their identities are determined.

8)   The damages claimed in this case exceed the maximum amount allowed for an expedited docket/ case so this matter is only eligible for the regular district court docket.

9) Before and since July 19, 2013, defendant GM was in the business of designing, testing, manufacturing, marketing and selling motor vehicles throughout the United States and in many other countries. Before and since July 19, 2013, the Takata defendants were in the business of designing, testing, manufacturing, marketing and selling motor vehicle components, including motor vehicle seat belts, and related mechanisms to automobile assemblers and manufacturing companies such as GM. In May of 2001, defendant GM designed, tested, and manufactured for sale in the United States a 2002 model year Oldsmobile Bravada passenger vehicle (commonly known as a multi- purpose or sport utility vehicle) VIN #1GHDT13S322153789, (hereinafter referred to as "the accident vehicle"). The accident vehicle incorporated, at GMs request and specification, a seatbelt and related occupant restraint mechanisms/components for the driver's position which was designed, tested, manufactured and placed into the stream of commerce by the Takata defendants. Unknown manufacturer one and unknown manufacturer 2 designed, tested, manufactured, and provided component parts for the seat, seatbelt, and active safety system of the accident vehicle.

10) The defendants, GM, the Takata defendants, and unknown manufacturers one and two designed, tested, assembled, and manufactured the accident vehicle and its subject component parts and placed the completed vehicle into the stream of commerce to be sold to, and driven by, consumers in the United States.

11) Before July of 2013, plaintiff Kyra Boker purchased the accident vehicle for personal transportation. On or about July 19, 2013, at approximately 6:30 a.m., Kyra Boker was driving the accident vehicle on 270th Avenue, approximately 1.5 miles North

of County Road C26. Plaintiff Kyra Boker was alone in her vehicle and wearing her seatbelt as required by Iowa law.

12) As the plaintiff was traveling South on 270th Avenue, she encountered loose gravel, or other road condition which caused her to lose steering control. As the plaintiff attempted to slow the vehicle and regain steering control, the accident vehicle left the road and rolled over in the right hand ditch.

13) As the accident vehicle rolled over, the plaintiff's seat belt for the driver position failed to restrain plaintiff Kyra Boker and keep her safely in the vehicle. The restraint system failed to function as intended, and allowed plaintiff Kyra Boker to become ejected during the rollover accident. When the plaintiff was ejected, she sustained serious, permanent injuries to her body, including her spine.

14) As a direct and proximate result of the conduct of the defendants, complained of herein, and the defects complained of herein, Kyra Boker has been permanently injured and damaged. She has suffered harms and losses including, but not limited to the following:

    a) She has incurred health care expenses.

    b) She will continue to incur health care expenses in the future.

    c) She has suffered permanent partial disability which will affect her life and function into the future.

    d) She has lost a portion of her ability to earn income in the future, depending upon her final recovery and recuperation from these permanent injuries.

    e) She has endured pain, suffering and partial loss of function of her body in the past and will continue to suffer the same into the future.

    f) She has lost income in the past and will likely suffer a loss of earning capacity in the future.

15) As a direct and proximate result of the defendants conduct and the defects complained of herein, plaintiffs Mark Boker and Kerri Boker have been damaged and suffered harms and losses, including, but not limited to the following:

    a) As Kyra's parents they have incurred transportation, health care, and related expenses in the past for their minor daughter.

    b) They have been deprived of the love, support, assistance and companionship of a normal healthy daughter due to their daughter's injuries.

## PRODUCT LIABILITY AND NEGLIGENCE

16) Plaintiffs Kyra Boker, Mark Boker and Kerri Boker have made reasonable investigation, by and through their attorneys, investigators and others into the events referred to in this petition, but reserve the right to amend, modify or expand their claims due to the fact that the defendants have superior knowledge of all of their actions in connection with this case, and said information is not accessible without extended discovery of the defendants, including deposition testimony and the production of commercial and technical information. Plaintiffs have pleaded alternative theories of recovery which are consistent with the facts known at this time, and reserve the right to modify or amend this petition as set forth herein.

17) At all times material hereto, the defendants were in the business of designing, testing, assembling, selling, servicing, and placing into the stream of commerce motor vehicles, which included seats, seatbelts, seatbelt components and other systems which were to provide reasonable occupant protection in the event of an accident such as the one referred to here, commonly known as a rollover accident.

18) On or about July 19, 2013, the occupant protection system of the accident vehicle, particularly the seatbelt, seat, and related system of the accident vehicle failed, under foreseeable circumstances to restrain the plaintiff and protect her from ejection and enhanced injury in the event of a rollover accident.

19) The defendants were negligent, including, but not limited to, the following acts of negligence:

   a) Defendants designed, built, and installed a seat/seatbelt combination and related occupant restraint system which failed to provide reasonable protection in the event of a rollover accident such as experienced by the plaintiff, Kyra Boker.

   b) Defendants incorporated occupant protection components (which included the seat belt, retractor, and other components) which were damaged, outside specifications for safety and performance parameters.

   c) After learning that the occupant restraint and protection system was unreliable, defendants failed to notify the plaintiff and /or previous owner of the accident vehicle to have the components replaced or repaired.

20) The defendants knew, or should have known, before July 19, 2013, that the seat and incorporated seatbelt components or other occupant restraint components would fail to properly restrain an occupant such as Kyra Boker in a foreseeable rollover accident.

21) Defendants failed to act upon subsequently acquired knowledge concerning the potential defective or dangerous condition of the occupant restraint system in the accident vehicle and recall the substandard component, and/ or failed to warn the plaintiff that the occupant restraint in the vehicle would not provide reasonable

safety in certain foreseeable accidents such as the one the plaintiff experienced on July 19, 2013.

22) Defendants failed to test the subject seatbelt, seat and related components before or after the accident vehicle and its components were manufactured and placed into the stream of commerce, to determine whether or not they were reliable and effective in anticipated and foreseeable accidents such as occurred in this instance.

23) At the time the accident vehicle, including its component parts (seat, seatbelts, and occupant restraint system) left the control of the respective manufacturers, testers, assemblers and installers indentified herein, they were defective, and said defects rendered them unreasonably dangerous because they would fail to function as intended. They would fail to protect the occupant from ejection and or serious harm.

24) At the time the accident vehicle and its component parts were designed, tested, manufactured and placed into the stream of commerce, alternative designs existed which, if incorporated into the accident vehicle would have functioned properly and protected the plaintiff from ejection and serious injury.

25) The defects described herein, and the negligence of the defendants described herein were a legal, factual and proximate cause of the harms, losses and damages to the plaintiffs.

### REQUEST FOR JURY TRIAL

26) Plaintiffs Kyra Boker, Mark Boker and Kerri Boker hereby request a jury trial of all issues which can be submitted to a jury in this action.

**CLAIM FOR PUNITIVE/ EXEMPLARY DAMAGES/ IOWA CODE 668A.**

27) Before July 19, 2013, defendants had actual knowledge that its vehicles/ components such as those installed in the accident vehicle would likely fail to provide reasonable occupant protection in the event of a rollover accident. Despite this knowledge, they failed to take any action to recall, repair, or notify the public, including persons such as the plaintiffs, of the risk of serious injury or death in the event of an accident.

28) Before July 19, 2013, the defendants had actual knowledge that the accident vehicle and its occupant restraint system (including the seat, seatbelt retractor, and other components) would likely fail to provide reasonable occupant protection, especially in rollover crashes, and failed to warn of subsequently acquired knowledge. Hence, defendants conduct qualifies as wanton and willful disregard for the rights and safety of the public, including the plaintiffs, entitling plaintiffs to exemplary damages against one or more of the defendants pursuant to Iowa Code section 668A.

WHEREFORE, plaintiffs Kyra Boker, Mark Boker and Kerri Boker, ask for individual judgments of compensatory damages against the defendants as will fully, fairly, and adequately compensate them for the injuries and damages they have sustained, and will sustain hereafter, and for judgments of exemplary damages against individual defendants pursuant to Iowa Code Chapter 668A, together with interest and costs as provided by law, and such other relief as the court deems fair and equitable in the circumstances.

Respectfully submitted,

*[signature]*

Steven J. Crowley    AT0001845
Edward J. Prill    AT0012435
Darwin Bünger    AT0001297
Scott E. Schroeder    AT0006956
**CROWLEY, BÜNGER, SCHROEDER & PRILL**
3012 Division Street
Burlington, IA 52601
Telephone: (319) 753-1330
Facsimile: (319) 752-3934
scrowley@cbs-lawyers.com
eprill@cbs-lawyers.com
dbunger@cbs-lawyers.com
sschroeder@cbs-lawyers.com

**ATTORNEYS FOR PLAINTIFFS**