# Exhibit E

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** Michelin North America, Inc.;
*(AVISO AL DEMANDADO):* General Motors, L.L.C.;
Koepplin Wayne Lewis dba Lodi Small Car Sales;
Chase Chevrolet Co., Inc.; and DOES 1 through 100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
COURT-STOCKTON
2013 JUN 20 PM 1:14
ROSA JUNQUEIRO, CLERK
BY RAFAELA GUTIERREZ
DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:** Brianna Minard
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Joaquin County Superior Court
222 East Weber Avenue
Stockton, CA 95202

CASE NUMBER:
39-2013-00298477-CU-PL-STK

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph W. Carcione, Jr., Esq. (SBN 56693)      (650)367-6811    (650) 367-0367
Carcione, Cattermole, Dolinski,
Stucky, Markowitz & Carcione, L.L.P.
Redwood City, CA 94063

DATE: JUN 2 0 2013    ROSA JUNQUEIRO    Clerk, by RAFAELA GUTIERREZ , Deputy
*(Fecha)*                                  *(Secretario)*                           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS    Legal

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Joseph W. Carcione, Jr., Esq. (SBN 56693)<br>Carcione, Cattermole, Dolinski, Stucky, Markowitz & Carcione, L.L.P.<br>601 Brewster Avenue, P.O. Box 3389<br>Redwood City, CA 94063<br>TELEPHONE NO: (650)367-6811    FAX NO. (Optional): (650) 367-0367<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff | PLD-PI-001<br>**FOR COURT USE ONLY**<br>FILED<br>COURT-STOCKTON<br>2013 JUN 20 PM 1:14<br>ROSA JUNQUEIRO, CLERK<br>RAFAELA GUTIERREZ<br>BY_____<br>DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Joaquin
STREET ADDRESS: 222 East Weber Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, 95202
BRANCH NAME:

**PLAINTIFF:** Brianna Minard

**DEFENDANT:** Michelin North America, Inc.; General Motors, L.L.C.; Koepplin Wayne Lewis dba Lodi Small Car Sales; Chase Chevrolet Co., Inc.; and
[X] DOES 1 TO 100

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] AMENDED (Number):
Type (check all that apply):
[X] MOTOR VEHICLE    [X] OTHER (specify): Product Liability
[X] Property Damage    [ ] Wrongful Death
[X] Personal Injury    [X] Other Damages (specify): Exemplary

THIS CASE HAS BEEN ASSIGNED TO JUDGE CARTER P. HOLLY IN DEPARTMENT 41 FOR ALL PURPOSES INCLUDING TRIAL

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded    [ ] does not exceed $10,000
                       [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:
39-2013-00298477-CU-PL-STK

1. Plaintiff (name or names): Brianna Minard
   alleges causes of action against defendant (name or names): Michelin North America, Inc.; General Motors, L.L.C.; Koepplin Wayne Lewis dba Lodi Small Car Sales; Chase Chevrolet Co., Inc.; and Does 1 through 100
2. This pleading, including attachments and exhibits, consists of the following number of pages: 5
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other (specify):
      (5) [ ] other (specify):

   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other (specify):
      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
D-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Legal Solutions Plus

Page 1 of 3
Code of Civil Procedure, § 425.12

| SHORT TITLE: Minard vs. Michelin North America; et al. | CASE NUMBER: | PLD-PI-001 |
|---|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): Michelin North America, Inc.
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   b. ☒ except defendant (name): General Motors, L.L.C.
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   c. ☒ except defendant (name): Koepplin Wayne Lewis dba Lodi Small Car Sales
      (1) ☒ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   d. ☒ except defendant (name): Chase Chevrolet Co., Inc.
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): Does 1-100 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): Does 1-100 are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☒ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property Damage, Wrongful Death

Page 2 of 3

| SHORT TITLE: Minard vs. Michelin North America; et al. | | PLD-PI-001 |
|---|---|---|
| | CASE NUMBER: | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
    a. ☐ Motor Vehicle
    b. ☐ General Negligence
    c. ☐ Intentional Tort
    d. ☒ Products Liability
    e. ☐ Premises Liability
    f. ☐ Other *(specify)*:

11. Plaintiff has suffered
    a. ☒ wage loss
    b. ☒ loss of use of property
    c. ☒ hospital and medical expenses
    d. ☒ general damage
    e. ☒ property damage
    f. ☒ loss of earning capacity
    g. ☒ other damage *(specify)*: All personal injury economic and non-economic damages permitted by law.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☒ compensatory damages
       (2) ☒ punitive damages
    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
       (1) ☒ according to proof
       (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*: All

Date: June 19, 2013

Joseph W. Carione, Jr., Esq.
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Page 3 of 3

| SHORT TITLE: Minard vs. Michelin North America, Inc.; et al. | CASE NUMBER: | PLD-PI-001(5) |
|---|---|---|

__First__ CAUSE OF ACTION—Products Liability
(number)

ATTACHMENT TO [X] Complaint  [ ] Cross-Complaint                                     Page __4__
(Use a separate cause of action form for each cause of action.)

Plaintiff (name): Brianna Minard

Prod. L-1. On or about (date): July 3, 2011 plaintiff was injured by the following product:
2001 Chevrolet Blazer and its component parts; and a Uniroyal Laredo Tire, and its components.

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
[X] used in the manner intended by the defendants.
[X] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
[X] purchaser of the product.
[ ] bystander to the use of the product.
[X] user of the product.
[ ] other (specify):

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L-4. [X] Count One--Strict liability of the following defendants who
a. [X] manufactured or assembled the product (names): Michelin North America, Inc.; General Motors, L.L.C.; and
    [X] Does 1 to 100
b. [X] designed and manufactured component parts supplied to the manufacturer (names): Michelin North America, Inc.; General Motors, L.L.C.; and
    [X] Does 1 to 100
c. [X] sold the product to the public (names): Michelin North America, Inc.; General Motors, L.L.C.; Koepplin Wayne Lewis dba Lodi Small Car Sales; and
    [X] Does 1 to 100

Prod. L-5. [X] Count Two--Negligence of the following defendants who owed a duty to plaintiff (names): Michelin North America, Inc.; General Motors, L.L.C.; Koepplin Wayne Lewis dba Lodi Small Car Sales; Chase Chevrolet Co., Inc. and
    [X] Does 1 to 100

Prod. L-6. [X] Count Three--Breach of warranty by the following defendants (names): Michelin North America, Inc.; General Motors, L.L.C.; Koepplin Wayne Lewis dba Lodi Small Car Sales; Chase Chevrolet Co., Inc. and
    [X] Does 1 to 100
a. [X] who breached an implied warranty
b. [X] who breached an express warranty which was
    [X] written  [X] oral

Prod. L-7. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
[ ] listed in Attachment-Prod. L-7  [ ] as follows:

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]                CAUSE OF ACTION—Products Liability                    Page 1 of 1
                                                                        Legal Solutions Plus              Code of Civil Procedure, § 425.12

| SHORT TITLE: Minard vs. Michelin North America, Inc.; et al. | CASE NUMBER | PLD-PI-001(6) |
|---|---|---|

## Exemplary Damages Attachment

ATTACHMENT TO  [X] Complaint   [ ] Cross-Complaint

Page 5

EX-1. As additional damages against defendant (name): Michelin North America, Inc.; General Motors, L.L.C.; Koepplin Wayne Lewis dba Lodi Small Car Sales; and DOES 1 to 100

Plaintiff alleges defendant was guilty of
- [X] malice
- [ ] fraud
- [ ] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:
See Attachment

EX-3. The amount of exemplary damages sought is
a. [X] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [ ] $

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

EXEMPLARY DAMAGES ATTACHMENT

Legal Solutions Plus

Page 1 of 1
Code of Civil Procedure, § 425.12

| SHORT TITLE: Minard vs. Michelin North America, Inc.; et al. | CASE NO.: |
|---|---|

Page __6__

# EXEMPLARY DAMAGES ATTACHMENT
# ATTACHMENT EX-2 TO COMPLAINT

1. Plaintiff is informed and believes and thereon alleges that the defendants, and each of them, designed, manufactured, assembled, inspected, sold, marketed and/or distributed the 2001 Chevrolet Blazer vehicle, which is a 2-wheel drive sport utility vehicle (SUV), and its component parts [the "Subject Vehicle"], including but not limited to the Uniroyal Laredo tire on the Subject Vehicle [the "Subject Tire"], which Plaintiff was driving on July 3, 2011, when she was severely injured in a rollover incident.

2. Plaintiff is informed and believes and thereon alleges that the defendants, and each of them, and their officers, directors and/or managing agents, knew at all relevant times before July 3, 2011, that the Subject Vehicle and the Subject Tire were defective.

(a) Plaintiff is informed and believes and thereon alleges that the defendants, and each of them, and their officers, directors and/or managing agents, knew that the Subject Vehicle and the Subject Tire were defective and dangerous for the vehicle's intended purpose and/or use by the Plaintiff and other members of the public, because defendants knew and/or had notice that the design of the Subject Tire rendered it prone to delamination or tread belt separation during ordinary driving, and the design of the Subject Vehicle rendered it unstable and prone to rollover, and further that the design of the Subject Vehicle and its safety components rendered the vehicle

-42/

| SHORT TITLE: Minard vs. Michelin North America, Inc.; et al. | CASE NO.: |
|---|---|

Page __7__

uncrashworthy in the event of a rollover incident. Defendants knew and/or had notice that the technology was available since before the 1970s to produce tires with high resistance to delamination or tread belt separation, and vehicles with high resistance to rollover, and crashworthy vehicles in the event of a rollover. Despite that knowledge, and the existence of known technology, the defendants designed and manufactured and sold tires with low resistance to delamination and tread belt separation, and designed and manufactured and sold a class of vehicles known as "sport utility vehicles", including the Chevrolet Blazer, which were highly unstable and uncrashworthy.

(b)     Plaintiff is informed and believes and thereon alleges that the defendants, and each of them, and their officers, directors and/or managing agents, knew that the Subject Tire and the Subject Vehicle were defective and dangerous for the vehicle's intended purpose and/or use by the Plaintiff and other members of the public, because defendants knew and/or had notice that other persons have been injured and/or killed in the same or similar vehicles using the same or similar tires, including but not limited to the Chevrolet Blazer and the Uniroyal Laredo tire, in circumstances similar to that which occurred in the Plaintiff's accident.

(c)     Plaintiff is informed and believes and thereon alleges that the defendants, and each of them, and their officers, directors and/or managing agents, knew that the Subject Tire and the Subject Vehicle were defective and dangerous for the vehicle's intended purpose and/or use by the Plaintiff and other members of the public, because defendants knew and/or had notice that the same or similar vehicles and tires had failed to perform safely in tests, simulations,

;442/

| SHORT TITLE: Minard vs. Michelin North America, Inc.; et al. | CASE NO.: |
|---|---|

Page __8__

investigations, and/or studies conducted by or on behalf of said defendants, and each of them, which related to tire performance, vehicle stability and vehicle crashworthiness in the event of a rollover incident.

(d)  Plaintiff is informed and believes and thereon alleges that the defendants, and each of them, and their officers, directors and/or managing agents, knew that the Subject Tire and the Subject Vehicle were defective and dangerous for the vehicle's intended purpose and/or use by the Plaintiff and other members of the public, because defendants knew and/or had notice that the same or similar vehicles and tires had failed to perform safely in tests, simulations, investigations, and/or studies conducted by others, including private and public entities and individuals, which related to tire performance, vehicle stability and vehicle crashworthiness in the event of a rollover incident.

(e)  Plaintiff is informed and believes and thereon alleges that the defendants, and each of them, and their officers, directors and/or managing agents, knew that the Subject Tire and the Subject Vehicle were defective and dangerous for the vehicle's intended purpose and/or use by the Plaintiff and other members of the public, because defendants knew and/or had notice that the same or similar vehicles and tires had failed to perform safely in other similar situations and accidents, including but not limited to those circumstances where a vehicle sustained a rollover event.

(f)  Plaintiff is informed and believes and thereon alleges that the defendants, and each of them, and their officers, directors and/or managing agents, knew that the Subject Tire and

5442/

8

| SHORT TITLE: Minard vs. Michelin North America, Inc.; et al. | CASE NO.: |
|---|---|

Page 9

Subject Vehicle were defective and dangerous for the vehicle's intended purpose and/or use by the Plaintiff and other members of the public, because defendants had received prior complaints and notice from purchasers and users of same or similar vehicles and tires, which related to tire performance, vehicle stability and vehicle crashworthiness in the event of a rollover incident.

3. Plaintiff is informed and believes and thereon alleges that despite said knowledge on the part of the defendants, and each of them, and their officers, directors and/or managing agents, as alleged above, said defendants, and each of them, with conscious disregard for the rights, safety and well-being of the Plaintiff and other members of the public, designed, manufactured, assembled, sold, marketed and/or distributed the Subject Tire which was subject to delamination or tread belt separation, and the Subject Vehicle which was unstable and highly prone to rollover, and further was uncrashworthy in the event of a rollover event.

4. Plaintiff is informed and believes and thereon alleges that despite said knowledge on the part of the defendants, and each of them, and their officers, directors and/or managing agents, as alleged above, said defendants, and each of them, with conscious disregard for the rights, safety and well-being of the Plaintiff and other members of the public, sold, marketed, and/or distributed the Subject Tire and the Subject Vehicle without alerting, advising, warning or otherwise adequately informing purchasers and/or users of the vehicles of their defective and dangerous nature and/or character. Plaintiff is informed and believes and thereon alleges that the defendants further failed to alert, advise, warn or otherwise adequately inform purchasers and/or users of the Subject tire and the Subject Vehicle that safer, feasible alternatives were available

5442/

| SHORT TITLE: Minard vs. Michelin North America, Inc.; et al. | CASE NO.: |
|---|---|

Page __10__

which would substantially decrease the risk of a tire delamination or tread belt separation, and the risk of a rollover incident, and which would substantially increase the survivability of a rollover incident, and which would substantially decrease the extent of any injury in a rollover incident, if it occurred. Plaintiff is informed and believes and thereon alleges that the defendants failed to alert, advise, warn or otherwise adequately inform purchasers and/or users of the Subject Tire and the Subject Vehicle's defective and dangerous nature and/or character knowing that the Subject Tire and the Subject Vehicle would not be and/or was not likely to be, examined or inspected for defects by their purchasers and/or users. By failing to so alert, advise, warn or adequately inform purchasers or users of the defective and dangerous nature and/or character of said products, the defendants, and each of them, warranted and represented that the Subject Tire and the Subject Vehicle were safe and suitable for the vehicle's intended purpose and use by Plaintiff and other members of the public. As a direct, proximate and legal result thereof, Plaintiff purchased and used the Subject Tire and the Subject Vehicle for its intended purpose and thereby suffered severe personal injury.

5. Plaintiff is informed and believes and thereon alleges that the defendants, and each of them, and their officers, directors and/or managing agents, acted in the manner described above and/or failed to take the actions mentioned above, for reasons of economic gain, and to save money and increase their business profits. If the defendants, and each of them, had taken actions to improve and/or make their vehicles safe or substantially safer, said acts would have cost them money. The corporate management of the defendants refused to adopt more of the

442/

| SHORT TITLE: Minard vs. Michelin North America, Inc.; et al. | CASE NO.: |
|---|---|

Page 11

engineering safety changes recommended by their automotive engineers because of cost. Hence, the defendants, and each of them, consciously, willfully and wantonly decided that their profits were more valuable and important than human suffering and life.

6. In doing the acts herein alleged, the defendants, and each of them, and their officers, directors, and/or managing agents, directly, and in authorizing and ratifying the conduct of each of them, acted with malice by engaging in the misconduct despicably and with a willful and conscious disregard of the rights and/or safety of others, and/or acted with oppression by engaging in the misconduct despicably and by subjecting others to cruel and unjust hardship in conscious disregard of the rights of other persons, and/or acted with fraud by engaging in the misconduct through intentional misrepresentation, deceit, and/or concealment of a material fact known to the defendants with the intention on the part of the defendants of thereby depriving a person or property or legal rights or otherwise causing injury, and are liable under Civil Code §3294 for exemplary and punitive damages. Plaintiff is therefore entitled to an award of exemplary and punitive damages against the defendants, and each of them, in an amount to be shown according to proof at trial.

5442/

# SUPERIOR COURT OF CALIFORNIA

SAN JOAQUIN

222 E Weber Avenue

Stockton, CA 95202

(209) 468-2355

## NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

Case Number: 39-2013-00298477-CU-PL-STK

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlaying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 11/18/2013 | | Time: 08:45:00 AM |
|---|---|---|---|
| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
| Hon. Carter P Holly | STOCKTON | 41 | (209) 468-2355 |

[ X ] ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

See attached ADR packet.

**Ex Parte Matters**

See attached ADR packet.

**Noticed Motions**

At least one party demanding a jury trial on each side must pay a nonrefundable fee of $150.00 on or before the initial case management conference or as otherwise provided by statute. CCP 631(b)

**Other Information**

See attached ADR packet.

Date: 06/20/2013

Rafaela Gutierrez
_____, Deputy Clerk

NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

V3 INIT 100 (June 2004)