# Exhibit H

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | SEVENTH JUDICIAL CIRCUIT |
| COUNTY OF SPARTANBURG ) | |
| ) | |
| James Walter Moore, ) | |
| ) | C.A. No. 2011-CP-42-3625 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **FIFTH AMENDED COMPLAINT** |
| ) | (Jury Trial Demanded) |
| Anthony Wade Ross, General Motors, LLC ) | |
| Dura Automotive Systems, Inc., Dura ) | |
| Operating, LLC, Sparton Corporation, ) | |
| and Sparton Engineered Products – Flora ) | |
| Group, ) | |
| Defendants. ) | |
| _____) | |

Plaintiff would respectfully show unto this Court:

### FOR A FIRST CAUSE OF ACTION

1.  Plaintiff is a citizen and resident of Spartanburg County, South Carolina.

2.  Plaintiff is informed and believes that the Defendant Anthony Wade Ross is a citizen and resident of Spartanburg County, South Carolina.

3.  Plaintiff is informed and believes that Defendant General Motors, LLC is a Delaware corporation, doing business in Spartanburg County, South Carolina. Pursuant to the Sale Order by which it acquired certain assets and liabilities from General Motors Corporation (n/k/a Motors Liquidation Company), General Motors, LLC is legally responsible for vehicles manufactured by General Motors Corporation (n/k/a Motors Liquidation Company).

4.  Plaintiff is informed and believes that the Defendant Dura Automotive Systems, Inc., is a corporation organized and existing under and by virtue of the laws of the state of

Michigan or one of the other states of the United States of America, doing business throughout the United States.

5.   Plaintiff is informed and believes that Dura Operating, LLC is a corporation organized and existing under and by virtue of the laws of the state of Delaware or one of the other states of the United States of America, doing business throughout the United States, and is a wholly-owned subsidiary of Defendant Dura Automotive Systems, Inc.

6.   Plaintiff is informed and believes that the Defendant Sparton Corporation is a corporation organized and existing under and by virtue of the laws of the state of Ohio or one of the other states of the United States of America, doing business throughout the United States.

7.   Plaintiff is informed and believes that Defendant Sparton Engineered Products, Inc. – Flora Group, is a corporation organized existing under and by virtue of the laws of the state of Illinois or one of the other states of the United States of America, doing business throughout the United States, and is a wholly-owned subsidiary of Defendant Sparton Corporation.

8.   On or about August 8, 2011, the Plaintiff was traveling in a northeasterly direction on Interstate Highway 85 when the spare tire of the Defendant Ross fell from the 1996 GMC pickup truck that the Defendant Ross was driving, into the path of the Plaintiff. In attempting to avoid the tire, the vehicle of the Plaintiff struck a barrier and overturned. The truck being operated by the Defendant Ross was manufactured by General Motors Corporation (n/k/a Motors Liquidation Company), for whose acts the Defendant General Motors, LLC, is responsible. Upon information and belief, the spare wheel retaining device (device) on this vehicle was manufactured by one or more of the Defendants: Dura Automotive Systems, Inc.;

Dura Operating, LLC; Sparton Corporation; and Sparton Engineered Products, Inc. – Flora Group.

9. As a direct and proximate result, the Plaintiff suffered severe disabling and incapacitating injuries, all of which have caused and will in the future cause the Plaintiff to endure great physical and mental pain and suffering, to require extensive medical treatment and care for the rest of his life, and will prevent him from working and earning an income.

10. The injuries and damages suffered by the Plaintiff herein were the direct and proximate result of the following negligent, wilful, wanton, careless, reckless, and grossly negligent acts of the Defendants herein at the time and place above mentioned:

### AS TO THE DEFENDANT ANTHONY WADE ROSS

a) Failing to maintain his vehicle in a proper condition;

b) Failing to have his vehicle properly secured and serviced; and

c) Operating his vehicle in an unsafe manner.

All of which are in violation of the common statutory laws of the state of South Carolina as well as the rules and regulations of the South Carolina Department of Transportation.

### AS TO THE DEFENDANT GENERAL MOTORS, LLC

a) Failing to design the vehicle properly;

b) Failing to manufacture the vehicle properly;

c) Failing to inspect the vehicle properly;

d) Failing to test the vehicle properly;

e) Failing to warn owners and the public as to the dangerous defect in this vehicle;

f) Failing to recall vehicles with this dangerous condition; and

g) Failing to retrofit vehicles with this dangerous condition.

### AS TO THE DEFENDANTS
### DURA AUTOMOTIVE SYSTEMS, INC.
### DURA OPERATING, LLC, SPARTON CORPORATION, AND SPARTON ENGINEERED PRODUCTS, INC. – FLORA GROUP

a) Failing to design the device properly;

b) Failing to manufacture the device properly;

c) Failing to test the device properly;

d) Failing to warn owners of the vehicles and the public as to the dangerous defect in this device;

e) Failing to recall the device; and

f) Failing to retrofit vehicles using the device.

11.   Plaintiff's claims for punitive damages against General Motors, LLC are based solely on the knowledge and/or conduct of General Motors, LLC, including the failure of General Motors, LLC, to inspect, test, warn, recall, or retrofit the vehicle, as set forth in Paragraph 10, above.

### FOR A SECOND CAUSE OF ACTION
### AS TO DEFENDANTS GENERAL MOTORS, LLC,
### DURA AUTOMOTIVE SYSTEMS, INC., DURA OPERATING, LLC, SPARTON CORPORATION, AND SPARTON ENGINEERED PRODUCTS, INC. – FLORA GROUP

12.   Plaintiff reiterates and realleges all of the allegations contained in Paragraphs One (1) through Ten (10) of the First Cause of Action as fully as though set forth verbatim.

13.   The 1996 pickup truck and the device were in defective condition and unreasonably dangerous to the consumer.

14.   As a direct and proximate result, the Plaintiff suffered severe disabling and incapacitating injuries, all of which have caused and will in the future cause the Plaintiff to

endure great physical and mental pain and suffering, to require extensive medical treatment and care for the rest of his life, and will prevent him from working and earning an income.

15. Plaintiff is informed and believes that he is entitled to such actual damages from the Defendants General Motors, LLC, Dura Automotive Systems, Inc., Dura Operating, LLC, Sparton Corporation, and Sparton Engineered Products, Inc. – Flora Group, as the jury may determine.

**WHEREFORE**, Plaintiff prays judgment against the Defendants for such actual and punitive damages as the jury may determine, for the costs of this action and for such other and further relief as may seem just and proper.

**THE ANTHONY LAW FIRM, P.A.**

---

Kenneth C. Anthony, Jr., S.C. Bar No. 0404
K. Jay Anthony, S.C. Bar No. 77433
250 Magnolia Street (29306)
P.O. Box 3565 (29304)
Spartanburg, South Carolina
(864) 582-2355 p
(864) 583-9772 f

**ATTORNEYS FOR THE PLAINTIFF**

Spartanburg, South Carolina
May _____, 2016

Jury Trial Demanded:

---

Kenneth C. Anthony, Jr.
Attorney for Plaintiff

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF SPARTANBURG ) | IN THE COURT OF COMMON PLEAS<br>SEVENTH JUDICIAL CIRCUIT |
| James Walter Moore,           )<br>)<br>    Plaintiff,      )<br>vs.                            )<br>)<br>Anthony Wade Ross, General Motors, LLC )<br>Dura Automotive Systems, Inc., Dura      )<br>Operating, LLC, Sparton Corporation,      )<br>and Sparton Engineered Products – Flora  )<br>Group,                                   )<br>    Defendants.   )<br>) | C.A. No. 2011-CP-42-3625<br><br>**AFFIDAVIT OF SERVICE BY MAIL** |

**PERSONALLY** appeared before me, Cynthia M. Hogan, who being duly sworn, deposes and says that she is employed in the law firm of The Anthony Law Firm, P.A., 250 Magnolia Street, Spartanburg, South Carolina, and is a person of such age and discretion as to be competent to serve papers. That on May 25, 2016, she served a Motion to Amend Complaint on the Defendants by placing copies in a postpaid envelope addressed to their attorneys hereinafter named, at the place and address stated below, by deposition said envelope and contents in the United States mail at Spartanburg, South Carolina.

Mr. Thomas M. Kennaday
**TURNER PADGET GRAHAM LANEY PA**
1901 Main Street
Suite 1700
Columbia, SC 29201

Mr. Elbert S. Dorn, Sr.
**Nexsen Pruet**
1101 Johnson Avenue
Suite 300
Myrtle Beach, SC 29577

Mr. William L. Duncan
**Butler Means Evins & Browne, PA**
Post Office Drawer 451
Spartanburg, SC 29304

Mr. Christopher J. Daniels
Mr. David Dukes
**Nelson, Mullins, Riley & Scarborough**
P.O. Box 11070
Columbia, SC 29211-1070

SWORN to before me this
May 25, 2016.

_/s/ Notary_
Notary Public for SC
My Commission Expires: 6/16/2018

**THE ANTHONY LAW FIRM, P.A.**

_/s/ Cynthia M. Hogan_
Cynthia M. Hogan, Paralegal