# Exhibit I

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2014 JUN 27 A 10: 14

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| BRIDGETTE NICOLE NEAL, as Parent )<br>and Next Friend of Alexis Leslie Benton, )<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>GENERAL MOTORS, LLC; Fictitious )<br>Defendant "A", that person, corporation, )<br>or other legal entity who designed, )<br>engineered, manufactured, installed, or )<br>marketed the 2002 Pontiac Grand Am SE1 )<br>vehicle which is the subject matter of this )<br>lawsuit; Fictitious Defendant "B", that )<br>person, corporation, or other legal entity )<br>who designed, engineered, manufactured, )<br>installed, or marketed the rear seats, )<br>including but not limited to frames, backs, )<br>attachment structures and seat pan for the )<br>vehicle which is the subject matter of this )<br>lawsuit; Fictitious Defendant "C", that )<br>person, corporation or other legal entity )<br>who designed, engineered, manufactured, )<br>installed or marketed the seat belt )<br>restraint system for the subject vehicle; )<br>Fictitious Defendant "D", that person, )<br>corporation, or other legal entity who )<br>designed, engineered, manufactured, )<br>installed, or marketed any trunk cargo )<br>restraining structures for the subject )<br>vehicle; Fictitious Defendant "E", that )<br>person, corporation or other legal entity )<br>who sold or participated in the )<br>distribution of the subject vehicle into the )<br>stream of commerce; Fictitious Defendant )<br>"F", that person, corporation or other )<br>legal entity who's negligence or )<br>wantonness combined with the negligence )<br>or wantonness of others to cause the )<br>injuries to Alexis Leslie Benton, all of said )<br>Fictitious Defendants are unknown to ) | CIVIL ACTION NO. ~~CV-2014~~ 2:14-cv-633<br>DEMAND TRIAL BY JURY |

**Plaintiff at this time but will be substituted    )**
**by amendment when ascertained,                    )**

    **Defendants.**

## COMPLAINT

## STATEMENT OF THE PARTIES

1. Plaintiff, Bridgette Nicole Neal is over the age of nineteen (19) years and is a resident citizen of Houston County, Alabama and is Parent and Next Friend of Alexis Leslie Benton, a minor.

2. Defendant General Motors, LLC (hereinafter "GM") is believed to be a foreign limited liability company with its principal place of business in Detroit, Michigan, and does business by agent in the State of Alabama. Said Defendant has sufficient contacts with the State of Alabama to invoke the jurisdiction of this Court. Defendant GM is believed to be the entity which was responsible for the design, engineering, manufacturing, and marketing of the 2002 Pontiac Grand Am SE1, VIN # 1G2NF52FX2C153767, which is the subject matter of this lawsuit. Defendant GM can be served by registered agent, CSC Lawyers Incorporating Service, Inc., 150 South Perry Street, Montgomery, Alabama 36104.

3. Fictitious Defendant "A" is that person, corporation, or other legal entity who designed, engineered, manufactured, installed, or marketed the 2002 Pontiac Grand Am SE1 vehicle which is the subject matter of this lawsuit.

4. Fictitious Defendant "B" is that person, corporation, or other legal entity who designed, engineered, manufactured, installed, or marketed the rear seats, including but not limited to frames, backs, attachment structures and seat pan for the vehicle which is the subject matter of this lawsuit.

5. Fictitious Defendant "C" is that person, corporation or other legal entity who designed, engineered, manufactured, installed, or marketed the seatbelt restraint system for the subject vehicle.

6. Fictitious Defendant "D" is that person, corporation, or other legal entity who designed, engineered, manufactured, installed, or marketed any trunk cargo restraining structures for the subject vehicle.

7. Fictitious Defendant "E" is that person, corporation or other legal entity who sold or participated in the distribution of the subject vehicle into the stream of commerce.

8. Fictitious Defendant "F" is that person, corporation or other legal entity whose negligence or wantonness combined with the negligence or wantonness of others to cause the injuries to Alexis Leslie Benton.

9. This Court has subject matter jurisdiction of this civil action on the basis that the amount in controversy exceeds $ 75,000, and is between citizens of different states. 28 U.S.C.S. § 1332.

## Statement of the Facts

10. This cause of action arises out of an incident that occurred on May 22, 2013 in Houston County, Alabama.

11. On said date, Bridgette Nicole Neal was driving her 2002 Pontiac Grand Am SE1, with her daughters, eastbound on Murray Road when her car collided with another vehicle. . Alexis Leslie Benton was a back seat passenger in the vehicle and was properly belted.

12. At the time of the accident the 2002 Pontiac Grand Am SE1 was being used as intended and in a manner reasonable foreseeable to Defendants.

13. Although she was properly seat belted at the time of the crash, the 2002 Pontiac Grand Am SE1 failed to protect Plaintiff Alexis Leslie Benton from receiving serious and permanent bodily injuries.

14. As a direct and proximate result of the failure of the 2002 Pontiac Grand Am SE1 to protect her in a foreseeable collision, Alexis Leslie Benton received significant injuries to her body, was paralyzed and was rendered permanently disabled. She will require ongoing treatment.

15. The Defendants knew or should have known that this vehicle was equipped with defective rear seats and seatbelts that were not fit for occupant protection in a foreseeable crash, yet failed to take steps to prevent their failure and resulting catastrophic injuries to Alexis Leslie Benton.

16. As a direct and proximate result of the injuries to her daughter, Bridgette Nicole Neal has suffered mental anguish, emotional pain and suffering.

## COUNT ONE
### (Alabama Extended Manufacturer's Liability Doctrine)

17. Plaintiffs reallege and incorporate by reference all of the allegations contained in paragraphs 1 through 16 of the Complaint as if set out here in full.

18. This cause of action is brought pursuant to the Alabama Extended Manufacturer's Liability Doctrine (AEMLD).

19. Defendant GM and Fictitious Defendants "A" through "F" designed, manufactured, distributed and marketed the 2002 Pontiac Grand Am SE1 and/or its component parts.

20. Defendants expected that the subject vehicle would reach the user or consumer in the condition that it was at the time of incident.

21. The subject vehicle was in substantially the same mechanical and design condition on the date of the incident as on the date of the original manufacture and sale.

22. The subject vehicle was being used as it was intended to be used and in a manner reasonably foreseeable to Defendants.

23. The subject crash was reasonably foreseeable to Defendants.

24. The subject vehicle, including its component parts, was defective in its design, manufacture and/or the warnings that accompanied it.

25. The defective or unreasonably dangerous condition of the vehicle subjected Plaintiffs to an unreasonable risk of harm.

26. As a direct and proximate result of the defective condition of the vehicle as alleged herein, Plaintiff Alexis Leslie Benton, suffered severe permanent physical injuries.

WHEREFORE, Plaintiffs Bridgette Nicole Neal and Alexis Leslie Benton demand judgment against Defendants GM and Fictitious Defendants "A" through "F" in such amount as a jury may award, plus the cost of this action.

## COUNT TWO
### (Negligence)

27. Plaintiffs reallege and incorporate by reference all of the allegations contained in paragraphs 1 through 26 of the Complaint as if set out here in full.

28. Defendants GM and Fictitious Defendants "A" through "F" were negligent in the design, manufacture, testing, inspection, distribution and/or sale, maintenance or repair, and failure to recall of the 2002 Pontiac Grand Am SE1 vehicle which is the subject matter of this lawsuit.

29.  As a proximate result of the negligence of Defendants, Alexis Leslie Benton was severely injured as described herein.

WHEREFORE, Plaintiffs Bridgette Nicole Neal and Alexis Leslie Benton demand such judgment against Defendants GM and Fictitious Defendants "A" through "F" in such amount as a jury may award, plus the cost of this action.

### COUNT THREE
### (Wantonness)

30.  Plaintiffs reallege and incorporate by reference all of the allegations contained in paragraphs 1 through 29 of the Complaint as if set out here in full.

31.  Defendants GM and Fictitious Defendants "A" through "F" were wanton in the design, manufacture, testing, inspection, distribution and/or sale, maintenance or repair, and failure to recall of the 2002 Pontiac Grand Am SE1 vehicle which is the subject matter of this lawsuit.

32.  As a proximate result of the wantonness of Defendants, Alexis Leslie Benton was severely and permanently injured.

WHEREFORE, Plaintiffs Bridgette Nicole Neal and Alexis Leslie Benton demand such judgment against Defendants GM and Fictitious Defendants "A" through "F" in such amount as a jury may award, plus the cost of this action.

/s/ D. Michael Andrews
D. MICHAEL ANDREWS (ASB 9591-V85A)
Attorneys for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
 PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36104