# Exhibit K

STATE OF OKLAHOMA
COUNTY OF MUSKOGEE
FILED

2014 DEC 18 PM 3: 31

PAULA SEXTON
COURT CLERK

# IN THE DISTRICT COURT OF MUSKOGEE COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER POPE and GWENDOLYN POPE, individually and as co-personal representatives of the Estate of LESLEY CARYN TURAY,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS COMPANY A/K/A GENERAL MOTORS LLC, a foreign limited liability company; REGAL CAR SALES AND CREDIT, LLC, an Oklahoma limited liability company; SABER ACCEPTANCE COMPANY, LLC, an Oklahoma limited liability company; ELCO CHEVROLET, INC., a foreign company; SPECIALTY LEASE INVESTMENTS, LLC, a foreign limited liability company; and SOTHEA RENORDO MCCONNELL, an individual,<br><br>Defendants. | Case No. CJ-2014-467<br><br>JURY TRIAL DEMANDED |

## PETITION

Plaintiffs, Christopher Pope and Gwendolyn Pope, for their cause of action against Defendants allege and state as follows:

### PARTIES

1. Plaintiffs, Christopher Pope and Gwendolyn Pope, are the natural children and co-personal representatives of the Estate of Lesley Caryn Turay ("Ms. Turay").

2. Defendant, General Motors Company a/k/a General Motors LLC ("GM"), is a limited liability company formed under the laws of the state of Delaware with its principal place of business located in Detroit, Michigan. In 2009, GM acquired substantially all assets and assumed certain liabilities of its predecessor in interest, General Motors Corporation, in the course of a Chapter 11 bankruptcy. GM assumed liability for product defect claims which arose

out of accidents that occurred after the bankruptcy filing involving vehicles manufactured by General Motors Corporation prior to the bankruptcy.

3.  Defendant, Regal Car Sales and Credit, LLC ("REGAL"), is an Oklahoma limited liability company.

4.  Defendant, Saber Acceptance Company, LLC ("SABER"), is an Oklahoma limited liability company.

5.  Defendant, Elco Chevrolet, Inc. ("ELCO"), is a Missouri corporation.

6.  Defendant, Specialty Lease Investments, LLC ("SLI"), is a Missouri limited liability company.

7.  Defendant, Sothea Renordo McConnell ("McConnell"), is an Oklahoma resident who resided in Muskogee County on the date of the motor vehicle collision on which this lawsuit is based.

## FACTS OF COLLISION

8.  On December 22, 2012, Ms. Turay was involved in a head-on collision with a vehicle operated by McConnell which occurred on State Highway 16 in Muskogee County, State of Oklahoma ("Collision").

9.  At the time of the Collision, Ms. Turay was driving her 2001 Cadillac Deville (VIN #1G6KD54Y71U109398) ("Cadillac") which she had purchased from Regal and/or Saber on or about July 17, 2010.

10. The airbags in Ms. Turay's Cadillac failed to deploy in the Collision thereby causing Ms. Turay's fatal injuries.

2

COUNT I
PRODUCTS LIABILITY CLAIM AGAINST GM, REGAL, SABER, ELCO, AND SLI

11. The failure of the airbags in Ms. Turay's Cadillac to deploy in the Collision was the result of a product defect which rendered the Cadillac unreasonably dangerous to the user.

12. The Cadillac was offered for sale to members of the public in a defective condition.

13. Upon information and belief, REGAL and SABER owned, sold, repossessed, and re-sold the Cadillac at various times from late 2008 to early 2013 as commercial sellers of used automobiles.

14. Upon information and belief, ELCO purchased and sold the Cadillac in late 2008 as a commercial seller of used automobiles.

15. Upon information and belief, SLI purchased and sold the Cadillac in late 2008 as a commercial seller of used automobiles.

16. The defect in Ms. Turay's Cadillac caused Ms. Turay's fatal injuries.

17. GM, REGAL, SABER, ELCO, and/or SLI are strictly liable under a products liability theory of recovery for the wrongful death of Ms. Turay. These Defendants are liable for all damages recoverable pursuant to 12 O.S. § 1053.

18. Upon information and belief, the marketing, advertising, and sale of the defective Cadillac was reckless, willful, intentional, and/or malicious conduct which was life-threatening to humans thereby justifying an award of punitive damages against GM, REGAL, SABER, ELCO, and/or SLI pursuant to 23 O.S. § 9.1.

19. GM's failure to disclose the existence of the safety product defect to Ms. Turay or remedy the defect prior to the Collision was reckless, willful, intentional, and/or malicious

3

conduct which was life-threatening to humans thereby justifying an award of punitive damages against GM pursuant to 23 O.S. § 9.1.

## COUNT II
## VIOLATION OF OKLAHOMA CONSUMER PROTECTION ACT CLAIM AGAINST GM

20. Upon information and belief, GM was aware of the product defect in the supplemental restraint system for 2001 Cadillac Devilles and other GM vehicles utilizing the same supplemental restraint system prior to the Collision.

21. GM had an affirmative obligation to disclose the existence of the safety product defect to Ms. Turay and remedy the defect prior to the Collision.

22. GM failed to disclose the existence of the safety product defect to Ms. Turay or remedy the defect prior to the Collision.

23. As a result of GM's failure to disclose and failure to remedy the defect, Ms. Turay sustained fatal injuries in the Collision.

24. GM's actions and failures to act constitute deceptive trade practices and/or unfair trade practices in violation of the Oklahoma Consumer Protection Act, 15 O.S. § 751 *et seq*.

25. GM is liable the wrongful death of Ms. Turay which resulted from its violations of the Oklahoma Consumer Protection Act. GM is liable for all damages recoverable pursuant to 12 O.S. § 1053.

26. GM's violations of the Oklahoma Consumer Protection Act constitute reckless, willful, intentional, and/or malicious conduct which was life-threatening to humans thereby justifying an award of punitive damages against GM pursuant to 23 O.S. § 9.1.

## COUNT III
## NEGLIGENCE CLAIM AGAINST MCCONNELL

27. McConnell was negligent in causing the Collision.

4

28. As a result of Defendant's negligence, Ms. Turay sustained fatal injuries.

29. McConnell is liable for the wrongful death of Ms. Turay. McConnell is liable for all damages recoverable pursuant to 12 O.S. § 1053.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount which is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code plus interest, attorney fees, costs, and all other relief which the Court deems just and proper.

Respectfully submitted,

/s/ Kris Ted Ledford

KRIS TED LEDFORD, OBA #17552
LEDFORD LAW FIRM
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK 74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: kris@ledford-lawfirm.com

*Attorney for Plaintiffs*

ATTORNEY'S LIEN CLAIMED

S:\Pope\Pleadings\Word\2014.12.2 Petition.doc

5