# Exhibit F

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

August 26, 2015

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Robert E. Gerber
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

    Re: In re Motors Liquidation Company, *et al.*
      Case No. 09-50026 (REG)

      Letter In Response to Case
      Management Order, dated August 19, 2015

Dear Judge Gerber:

  King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. New GM has had two "meet and confers" with Designated Counsel and counsel for the GUC Trust/Unitholders (each of whom is copied on this correspondence) with respect to Your Honor's *Case Management Order Re No-Strike, No Stay, Objection, and GUC Trust Asset Pleadings*, entered by the Court on August 19, 2015 [ECF No. 13383]. While we were able to reach agreement on certain issues with Designated Counsel (subject to Your Honor's approval), we were not able to reach an agreement on all issues. We were able to reach an agreement with the GUC Trust/Unit holders on their issues. This letter will set forth where there is consensus among the parties, and New GM's position on the disputed issues.

  1. The individual complaints that already are the subject of pleadings filed with the Court pursuant to the Judgment, dated June 1, 2015 [ECF No. 13177] ("**Judgment**"), are those filed in the following lawsuits:

26676515v1

Honorable Robert E. Gerber
August 26, 2015
Page 2

    a.    The Second Amended Consolidated Complaint filed in *In re General Motors LLC Ignition Switch Litigation*; Case No. 14-MD-2543 (S.D.N.Y.) ("**No Strike SACC Pleading**");

    b.    *People of California v. General Motors LLC, et al.*, No. 30-2014-00731038-CU-BT-CXC (Orange County, Cal.) ("**California No Strike Pleading**");

    c.    *State of Arizona v. General Motors LLC*, No. CV2014-014090 (Maricopa County, Ariz.) ("**Arizona No Strike Pleading**," and with the California No Strike Pleading, the "**States No Strike Pleadings**"); and

    d.    *Adams v. General Motors LLC*; Case No. 15-5528 (S.D.N.Y.).[1]

New GM notes that, while formal pleadings have not yet been filed with the Court, New GM has sent demand letters to plaintiffs involved in other lawsuits—including but not limited to six bellwether personal injury complaints filed in MDL 2543, the first of which is scheduled for trial in January 2016—pursuant to the procedures set forth in the Judgment. It is anticipated that pleadings may eventually be filed in response to some (or all) of these demand letters. Attached hereto as **Exhibit "A"** is a list of lawsuits where demand letters have been sent by New GM as of the date hereof, but the deadline to amend or dismiss a complaint, or file a pleading pursuant to the Judgment has not yet occurred.[2] Although there are a number of lawsuits listed on Exhibit "A," many of them can be grouped together, and raise the same common issue. New GM believes that the issues raised by these lawsuits can be resolved at one time in the context of the procedures described herein.[3] It should be noted that many of the demand letters were recently sent out by New GM so that affected parties would be bound by Your Honor's rulings on the issues to be determined as set forth in this letter. In other words, affected parties would be subject to principles of collateral estoppel for these issues and not simply *stare decisis*.

It is further noted that New GM did not send out new demand letters for lawsuits that are already listed on the Exhibits to the Judgment. Such plaintiffs already received notice of the Judgment from New GM pursuant to the procedures set forth in the Judgment. To the extent such plaintiffs (a) did not amend their complaints to be fully compliant with the Judgment (in New

---

[1] Mr. Peller believes that Your Honor did not address all of the issues raised in his No Stay/No Strike/No Dismissal Pleading in *Bledsoe*, but New GM believes the Court has done so.

[2] Lawsuits against New GM based on Old GM vehicles continue to be filed against New GM. New GM believes that there may be other pending lawsuits against New GM, or future lawsuits filed against New GM, that may also warrant a demand letter. Accordingly, New GM reserves the right to send out demand letters on any lawsuit (currently pending against New GM or that will be filed in the future) if it believes such lawsuit violates the Judgment, April 15 Decision (as herein defined) or the Sale Order and Injunction. New GM will endeavor to do so before September 21, 2015 (the suggested time for it to submit the Marked Pleadings (as defined herein)), and will timely supplement Exhibit "A" and file and serve the relevant Marked Pleadings as described in paragraph 4.

[3] New GM believes that the procedures set forth herein should supplement the procedures set forth in the Judgment such that, for plaintiffs who receive a demand letter from New GM and the deadline to file a No Strike/No Dismissal Pleading has not yet expired, they should file a Supplemental Pleading in accordance with the deadlines set forth herein, in lieu of a No Strike/No Dismissal Pleading.

Honorable Robert E. Gerber
August 26, 2015
Page 3

GM's view), or (b) did not file No Strike/No Dismissal pleadings, the Judgment provides, among other things, for New GM to file a pleading in this Court so that such disputed issues could be determined. New GM believes that the procedures set forth in this Letter are intended to do just that—present the issues disputed by the parties (in these and other lawsuits) relating to the Judgment for this Court's determination.

      2.      Subject to paragraph 3 below, additional pleadings with respect to the complaints listed in paragraph 1(a) through (c) above are not expected, as all pleadings authorized by the Judgment have been filed with the Court. With respect to the complaint referenced in paragraph 1(d) above, New GM's response to the Adams No Dismissal Pleading is due to be filed on or before September 3, 2015. The Adams Omnibus Complaint concerns Pre-Sale Accident Plaintiffs who seek damages against New GM for their failure to file a proof of claim by the Bar Date.

      3.      The accelerated briefing schedule for the Punitive Damages Issue (as herein defined), as suggested by New GM in paragraph 5(a)(i) below, has not been agreed to by the parties.

      4.      New GM believes that, except for the Punitive Damages Issue, there is an agreement with Designated Counsel regarding the timing of the following pleading submissions (subject to Your Honor's approval). New GM will submit to the Court by September 21, 2015 marked pleadings ("**Marked Pleadings**") with respect to each complaint that is set forth in paragraph 1 above and representative examples of the other complaints listed on Exhibit "A" (as may be amended), that highlight the issues to be decided by the Court. In addition, the parties believe that an appropriate briefing schedule for supplemental pleadings ("**Supplemental Pleadings**") with respect to, among other things, (i) the issues identified in pleadings already filed with the Court pursuant to the Judgment ("**Current Pleadings**," and with the Supplemental Pleadings, the "**Pleadings**"), and (ii) the issues set forth in paragraph 5 below, is as follows:

    a.    Simultaneously with filing the Marked Pleadings, New GM will file its supplemental brief ("**New GM Supplemental Brief**") with the Court, which will be 50 pages or less.

    b.    With respect to Marked Pleadings, Designated Counsel, and any other plaintiff counsel involved in a lawsuit affected by the Marked Pleadings submitted by New GM, shall filed a response to the Marked Pleading on or before October 12, 2015.

    c.    Designated Counsel and/or any other party that has filed a Current Pleading or is subject to a demand letter sent by New GM, may file a response (collectively, "**Responses**") to the New GM Supplemental Brief on or before October 19, 2015. So as to avoid duplication and, as has been the past practice, and in an effort to limit the number of Responses filed with the Court, to the extent reasonably practicable, Designated Counsel will consult and coordinate with other counsel who may wish to respond to the New GM Supplemental Brief. Assuming there will be only one Response brief, it shall be 50 pages or less. If coordination

Honorable Robert E. Gerber
August 26, 2015
Page 4

>becomes difficult, Designated Counsel and/or other plaintiff's counsel should inform the Court who would then set a page limit for each of those parties wishing to file a Response pleading. It should be noted that Designated Counsel requested the extra week for responding to New GM's Supplemental Brief in order to coordinate their response with others to minimize the number of responding briefs to be filed with this Court.
>
>d. New GM shall file an omnibus reply ("**New GM Reply**") to all Responses on or before November 2, 2015, that will be 30 pages or less.
>
>e. The parties agree that no further submissions or oral argument is necessary with respect to the GUC Trust Asset Pleading, and that the GUC Trust Asset Pleading may be decided separately from the other issues referenced herein.
>
>f. The parties request that the Court schedule oral argument on all remaining issues raised in the Pleadings at its earliest convenience after the New GM Reply is filed.

5. New GM believes that matters that the Court should address and which are the subject of Current Pleadings, or will be the subject of the Supplemental Pleadings, are the following:

>a. Whether the following claims, causes of action or requests for damages are barred by the Judgment, April 15 Decision, Sale Order and Injunction, and/or any other rulings by the Court:
>
>>i. requests for punitive/special damages against New GM based in any way on Old GM conduct, including but not limited to post-363 Sale accidents of Old GM vehicles ("**Punitive Damages Issue**").
>>
>>**Proposed Briefing Schedule for Punitive Damages Issue:** As the Punitive Damages Issue is raised in certain lawsuits that are coming up for trial in the very near term, New GM requests an expedited briefing schedule on this issue. As the Court may recall, this issue was raised in the *Walton* No Strike Pleading (which was fully briefed), and New GM believed that *Walton* would have resolved the issue. However, *Walton* agreed to voluntarily dismiss the punitive damages claim, thus leaving the issue still ripe for determination. Because of its briefing in *Walton*, New GM can promptly file the opening brief on this issue. New GM suggests the following briefing schedule be established: (A) New GM will file its opening brief on the Punitive Damages Issue (not to exceed 20 pages) on or before September 4, 2015; (B) Designated Counsel and other parties that are affected by the Punitive Damages Issue shall file any response (not to exceed 20 pages) by September 18, 2015; and (C) New GM shall file any reply (not to exceed 10 pages) by September 29, 2015. The Court

Honorable Robert E. Gerber
August 26, 2015
Page 5

        will schedule a hearing on the Punitive Damages Issue if it believes one is necessary.

    ii.    economic loss causes of action arising in cases that concern post-363 Sale accidents/incidents of an Old GM vehicle. (These are in the Hybrid Lawsuits referred to in the Judgment.)

    iii.    causes of action based on the timing of New GM recalling Old GM vehicles which allegedly prevented plaintiffs from timely filing proofs of claim in Old GM's bankruptcy case. (This issue is raised in Designated Counsel's No Strike SACC Pleading and in the Adams No Dismissal Pleading);

    iv.    causes of action based on state law consumer protection statutes relating to Old GM vehicles/parts. (This issue is raised in the No Strike SACC Pleading, the States No Strike Pleadings, and in certain of the Hybrid Lawsuits);

    v.    causes of action based on a failure to warn/duty to recall an Old GM vehicle (This issue is raised in the No Strike SACC Pleading, and in certain of the Hybrid Lawsuits); and

    vi.    other causes of action that are based on Old GM conduct, where New GM did not assume such liabilities. (This issue is raised in, among other lawsuits, the No Strike SACC Pleading.)

b.    Whether there are proper causes of action against New GM relating to Old GM vehicles/parts that are based on the knowledge Old GM employees gained while working for Old GM? Assuming plaintiffs identify such proper causes of action, can that knowledge be imputed to New GM at the time such employees were hired by New GM? (This issue is generally raised in Designated Counsel's No Strike SACC Pleading and in the Adams No Dismissal Pleading).

c.    Whether plaintiffs are misusing the findings in the April 15 Decision regarding the purported knowledge of 24 Old GM employees, and Old GM's knowledge as of July 2009, in violation of the terms of the Judgment, which expressly provides that "the findings of fact in the Decision shall apply only for the purpose of this Court's resolution of the Four Threshold Issues, and shall have no force or applicability in any other legal proceeding or matter, including without limitation, MDL 2543" (Judgment, ¶ 15(d))? (This issue is raised in certain lawsuits recently filed.)

d.    Whether plaintiffs named in the Second Amended Consolidated Complaint filed in MDL 2543 who were named Plaintiffs in the Pre-Sale Consolidated Complaint (*i.e.*, those Plaintiffs that purchased Old GM vehicles either (i) new and prior to

Honorable Robert E. Gerber
August 26, 2015
Page 6

      the closing of the 363 Sale, or (ii) used from a third party either prior to or after the closing of the 363 Sale), should be stricken and/or dismissed from the Second Amended Consolidated Complaint? (This issue is raised in the No Strike SACC Pleading.).

   e.   Whether the plaintiffs in MDL 2543 can seek economic loss damages for all owners of all Old GM vehicles, including those Old GM vehicle owners that never had a vehicle recalled? (This issue is raised in the No Strike SACC Pleading.)

   6.   With respect to Non-Ignition Switch Plaintiffs (*i.e.,* plaintiffs that are involved in both pre-363 Sale accident cases and economic loss cases), based on the April 15 Decision and the Judgment, such plaintiffs may not assert against New GM claims based on Old GM vehicles/parts, including any claims that are allegedly based on New GM's independent conduct that would otherwise be barred by the Sale Order and Injunction, because Non-Ignition Switch Plaintiffs have not established a due process violation with respect to the 363 Sale. New GM is not certain whether any such independent claims, otherwise barred by the Sale Order and Injunction, exist, and Non-Ignition Switch Plaintiffs have never identified this category of claims. In MDL 2543, New GM already has produced over 1.7 million documents, totaling 12.5 million pages, and at least 219 depositions have been taken. Non-Ignition Switch Plaintiffs (who are also represented by Lead counsel in MDL 2543) have had the benefit of such discovery. They should set forth in their Supplemental Pleading whether they have Independent Claims that would otherwise be barred by the Sale Order and Injunction, and, if so, what they are and how and when they intend to establish any due process violation arising from the 363 Sale.

   Other issues with respect to the Non-Ignition Switch Plaintiffs are (a) whether the "no prejudice" finding relating to the Due Process Threshold Issue as to Ignition Switch Plaintiffs should also be binding on them, and (b) whether the ruling on equitable mootness for Ignition Switch Plaintiffs should be binding on them. The Judgment required that the parties brief those issues, which has been done. No oral argument is requested by New GM or the GUC Trust on the issues identified in this paragraph.[4]

*****

---

[4] The Court has scheduled a hearing for September 22, 2015 on Designated Counsel's request to enjoin further distributions from the GUC Trust.

Honorable Robert E. Gerber
August 26, 2015
Page 7

      To facilitate the implementation of the foregoing procedures, the parties request that the Court schedule a status conference at its earliest convenience so that any remaining issues can be addressed and the necessary procedures finalized.

                                        Respectfully submitted,

                                        */s/ Arthur Steinberg*

                                        Arthur Steinberg

cc:     Richard C. Godfrey, P.C.
        Andrew B. Bloomer, P.C.
        Edward S. Weisfelner
        Howard Steel
        Sander L. Esserman
        Jonathan L. Flaxer
        S. Preston Ricardo
        Matthew J. Williams
        Lisa H. Rubin
        Keith Martorana
        Daniel Golden
        Deborah J. Newman
        William P. Weintraub
        Eamonn O'Hagan
        Gregory W. Fox
        Steve W. Berman
        Elizabeth J. Cabraser
        Robert C. Hilliard

# Exhibit A

# EXHIBIT A

## Category 1:  Lawsuits that Raise the Punitive Damages Issue Only

- Alexander v. General Motors LLC, et al.
  Case No.: 2013-29761 (Dist. Ct., Harris County, Texas)

- Ballard v. General Motors LLC
  Case No.: 14-CI-00162 (Barren Co. Cir. Ct, KY)

- Barbot v. General Motors LLC, et al.
  Case No.: 2015-07436 (Dist. Ct. Parish of Orleans, LA)

- C. Grant v. General Motors LLC
  Case No.: 6:14-cv-2132 (United States District Court, M.D. Fla.)

- Callahan v. General Motors LLC
  Case No.: 13-CI-00387 (Carter Circuit Court, KY)

- Collins et al. v. General Motors LLC, et al
  Case No.: 1322-CC09999 (Cir. Ct. St. Louis, Missouri)

- Curtis v. General Motors LLC, et al.
  Case No.: CV2014-053479 (Sup. Ct. Arizona)

- Fain v. General Motors LLC, et al.
  Case No.: 15BA-CV01733 (Cir. Ct. Boone Cty., MO)

- Flor Aguero-Fraire v. General Motors LLC, et al.
  Case No.: 2015DCV1065

- Flores v. General Motors LLC
  Case No.: BC545589 (Sup. Ct. of California)

- Howell v. General Motors LLC
  Case No.: 1:15-CV-0398 (N.D. Ga.)

- Kelley et al. v. General Motors LLC et al.
  Case No.:  CIV26294 (411th Dist. Ct., Polk Cty., TX

- Lai v. General Motors LLC
  Case No.: CJ-14-77 (Dist. Ct. Murray Cty., OK)

- Lebron v. General Motors LLC, et al.
  Case No.: 2015-25589 (Harris Cty. Dist. Ct., TX)

**Category 1:  Lawsuits that Raise the Punitive Damages Issue Only (Cont'd)**

- Little et al. v. General Motors LLC
  Case No.: 14-CI-00926 (Floyd Cty., KY)

- McGrath v. General Motors Company et al.
  Case No.: BC560375 (L.A. Sup. Ct., CA)

- McNeil v. General Motors LLC, et al.
  Case No.: 2014-CP-15-91 (Ct. of Common Pleas, S.C.)

- Meisel v. General Motors LLC, et al.
  Case No.: BC511453 (Superior Court, California)

- Meza et al. v. General Motors LLC, et al.
  Case No.: 30-2015-00786518-CU-PL-CXC (Orange Cty. Sup. Ct.)

- Michael Bavlsik and Kathleen Skelly v. General Motors LLC
  Case No. 4:13-cv-00509-DDN (USDC, E.D. of Missouri, Eastern Division)

- Miller v. General Motors LLC, et al.
  Case No.: 257,917-B (Dist. Ct. Bell Cty., TX)

- Minard v. General Motors LLC, et al.
  Case No.: 39-2013-00298477-CU-PL-STK (Sup. Ct of California)

- Morris v. General Motors LLC, et al.
  Case No.: 15-C-566 (Circuit Court for Davidson Cty, TN)

- Moss v. General Motors LLC
  Case No.: 3:15-cv-00200 (U.S. Dist. Ct., E.D. Ark.)

- Neal v. General Motors LLC
  Case No.: 2:14-CV-633 (U.S.D.C.  N. Div. M.D. AL)

- Nunez v. General Motors LLC et al.
  Case No.: 14SL-CC01787 (St. Louis Cty. MO)

- Perez v. General Motors LLC, et al.
  Case No.: 1:15-cv-240 (N.D.N.Y.)

- Peterson v. General Motors LLC, et al.
  Case No.: 2:15-cv-01108-SPL (D Az.)

- Phillips v. General Motors LLC, et al.
  Case No.: 2014CCV-61957-3 (County Court, Nueces County, Texas)

**Category 1: Lawsuits that Raise the Punitive Damages Issue Only (Cont'd)**

- Pitterman et al. v. General Motors LLC
  Case No.: 3:14-cv-00967 (JCH) (U.S.D.C. D. Conn.)

- Roberts v. General Motors LLC
  Case No.: 4:13-cv-00541-CAS (U.S.D.C. E.D. MO)

- Rone, et al. v. General Motors LLC, et al.
  Case No.: 14C1474-202 (Dist. Ct. Bowie County, Texas)

- Rooney v. General Motors LLC
  Case No.: 15-2247-NP (Circuit Court for Macomb County, MI)

- Schrader v. General Motors LLC, et al.
  Case No.: 15SL-CC01853 (St. Louis Cty. MO)

- Sevilla et al. v. General Motors LLC, et al.
  Case No.: 34-2015-00175939 (Super. Ct. Sacramento Cty., CA)

- Sixkiller v. General Motors LLC, et al.
  Case No.: CJ-15-105 (Dist Ct. Mayes County, Oklahoma)

- Smith, et al., v. General Motors LLC, et al.
  Case No.: CV2015-051753 (Super. Ct. Maricopa Cty., AZ)

- Stevens et al. v. General Motors LLC, et al.
  Case No.: 2015-04442 (Dist. Ct. of Harris County, Texas)

- Tafoya, et al. v. General Motors LLC, et al.
  Case No.: D-412-CV-2012-00055 (4th J.D., San Miguel Cty., NM)

- Tibbetts v. General Motors LLC, et al.
  Case No.: D-202-CV-2015-04918 (Dist. Ct., Bernalillo Cty., NM)

- Vaughan v. General Motors LLC, et al.
  Case No.: S-1500-cv-284626 (Sup. Ct. of California)

- Vieira v. General Motors LLC
  Case No.: C-14-00775 (Sup. Ct. of California)

- Wilson, et al. v. General Motors LLC, et al.
  Case No.: 2014CVC01003 (Court of Common Pleas, Clermont County, Ohio)

- Worthington v. General Motors LLC, et al.
  Case No.: 14-A-3063-3 (Cobb Cty. Super. Ct., GA)

**Category 2: Lawsuits that Concern Post Sale Accidents and Allege Claims
That Should Be Barred and Seek Punitive Damages**

- Alden et al. v. General Motors LLC
  Case No.: 1522-CC09842 (Cir. Ct. of St. Louis, MO, Division I)

- Barragan, et al. v. General Motors LLC
  Case No.: P-14-CV-093

- Barthelemy v. General Motors LLC
  Case No.: 1:14-cv-05810 (S.D.N.Y.)

- Blood, at al. v. General Motors LLC[1]
  Case No.: 1:15-cv-06578 (S.D.N.Y.)

- Broderson v. General Motors LLC, et al.
  Case No.: 49Civ11-001627 (2nd J.C., Cir. Ct., Minnehaha Cty., S.D.)

- Carl Hand v. General Motors LLC
  Case No.: 2014-308 (Smith County Circuit Court, MS)

- Cockram v. General Motors LLC
  Case No.: 1:14-cv-08176 (S.D.N.Y.)

- Cull, et al. v. General Motors LLC, et al.
  Case No.: 10C02-1404-CT060 (Circuit Court, Clark County, Indiana)

- De Los Santos v. General Motors LLC, et al.
  Case No.: 2014CCV-6078802 (County Court, Nueces County, Texas)

- Dean, et al. v. General Motors LLC, et al.
  Case No.: 14-C-1693 (Cir. Ct. Kanawha Cty., WV)

- Dewalt v. General Motors LLC
  Case No.: 5:15-cv-00708-EGS (E.D. Pa.)

- Dunleavy v. General Motors LLC, et al.
  Case No.: 13-011278 (C.P. Allegheny Cty., PA)

---

[1] While the Blood Lawsuit was filed on behalf of numerous plaintiffs who were allegedly involved in accidents that occurred after the closing of the 363-Sale ("**Post-Sale Accident Plaintiffs**"), a few plaintiffs named in the Blood Lawsuit were involved in accidents that occurred prior to the closing of the 363 Sale ("**Pre-Sale Accident Plaintiffs**"). Accordingly, in addition to improperly alleging claims and seeking punitive damages on behalf of Post-Sale Accident Plaintiffs (which should be barred), the Blood Lawsuit also improperly asserts claims on behalf of Pre-Sale Accident Plaintiffs in violation of the Judgment, April 15 Decision and Sale Order and Injunction.

Exhibit A – Pg. 4

**Category 2:  Lawsuits that Concern Post Sale Accidents and Allege Claims
That Should Be Barred and Seek Punitive Damages (Cont'd)**

- Gilbert v. General Motors LLC
  Case No.: 00140 (Ct of Common Pleas, Philadelphia County)

- Green v. General Motors LLC, et al.
  Case No.: 2015-24496 (Dist. Ct. Harris County, Texas)

- Grey v. General Motors LLC
  Case No.: 5:15-cv-00227-KKC (E.D. KY)

- Grier v. General Motors LLC
  Case No.: CV-2014-385-1 (Cir. Ct. White Cty. AK)

- Grindle v. General Motors LLC, et al.
  Case No.: 15-C-83 (Circuit Court of Randolph County, WV)

- Hafen v. General Motors LLC, et al.
  Case No.: A-14-696746-C (Dept. No. XIX, Dist. Ct. Clark Cty., NV)

- Hague, et al. v. General Motors Company
  Case No.: CGC-11-514543 (Super. Ct., San Francisco Cty., CA)

- Jacobs v. General Motors LLC
  Case No.: 7:14-cv-00257 (E.D. N.C.)

- Jarvis, et al. v. General Motors LLC, et al.
  Case No.: [Pending] (Circuit Court for Macomb County, MI)

- Lowe v. General Motors LLC, et al.
  Case No.: 14-A-523395 (DeKalb Cty., GA)

- Melhorn v. General Motors LLC, et al.
  Case No.: GD-12-000362 (Allegheny County, PA)

- Minx v. GM Motors et al.
  Cause No.: 15-04-77819-C (Dist. Ct. Victoria Cty, TX)

- Nelson et al. v. General Motors LLC, et al.
  Case No.: 2-138-15 (Circuit Ct for Knox County, TN)

- Norville v. General Motors LLC
  Case No.: 1:14-cv-08176 (S.D.N.Y.)

- Pelletier v. General Motors Co., et al.
  Case No.: 2012-CP-10-7438 (Ct. of Common Pleas, Charleston Cty., SC)

**Category 2: Lawsuits that Concern Post Sale Accidents and Allege Claims That Should Be Barred and Seek Punitive Damages (Cont'd)**

- Reid v. General Motors LLC
  Case No.: 1:14-cv-05810 (S.D.N.Y.)

- Salazar vs. GM, LLC, et al
  Case No.: BC487984 (Superior Court, Los Angeles Cty., CA)

- Scheuer v. General Motors LLC
  Case No.: 1:14-cv-08176 (S.D.N.Y.)

- Solomon v. General Motors LLC, et al.
  Case No.: 14-C-1694 (Cir. Ct. Kanawha Cty., WV)

- Tarver v. G.M.C. Corp. et al.
  Cause No.: C-1430282 and 2014-65837 (TX MDL)

- Terrell v. General Motors LLC, et al.
  Case No.: 15-CV-877 (Ct. of Common Please, Mahoning Cty., OH)

- Vaughn v. General Motors LLC, et al.
  Case No.: S-1500-CV-284626 (Super. Ct. Kern Cty., CA)

- Williams v. General Motors LLC
  Case No.: 1:15cv249 HSO-JCG (U.S. Dist. Ct., S.D. Miss.)

- Wilson v. General Motors LLC, et al.
  Cause No.: 2014-51871 (Dist. Ct. Harris County, Texas)

- Yingling v. General Motors LLC
  Case No.: 1:14-cv-05336 (S.D.N.Y.)

**Category 3:  Lawsuits that Concern Post Sale Accidents and Allege Claims
That Should Be Barred (But Do Not Seek Punitive Damages)**

- Benbow v. General Motors LLC, et al.
  Case No.: 14-789 (Superior Court, Massachusetts)

- Gore v. General Motors LLC,  et al.
  Case No.: 623,410 (19th J.D.C., Parsh of Baton Rouge, LA)

- J.Williams v. General Motors LLC, et al.
  Case No.: 14-CI-027 (Magoffin Circuit Court, KY)

- Lowe, et al. v. General Motors LLC, et al.
  Case No.: 3:15-cv-00532 (M.D. LA)

- Ratcliff v. General Motors LLC
  Case No.: 21-C-13-047954 (Circuit Court for Washington Cty, MD)

- Rickard v. General Motors LLC et al.
  Case No.: GD-14-020549 (Ct. of Common Pleas, Allegheny Cty., PA)

- Thacker v. General Motors LLC
  Case No.: 7:15-cv-00015-ART-EBA (E.D. KY)

- Varney et al. v. General Motors LLC
  Case No.: 3:15-cv-10129-MGM

09-50026-reg    Doc 13390-1    Filed 08/26/15    Entered 08/26/15 16:51:18    Exhibit A
                                    Pg 17 of 17

**Category 4: Lawsuits that Concern Economic Loss Claims That Should Be Barred**

- Christenberry v. General Motors LLC
  Case No.: 2014-016 (Blount County Chancery Ct., TN)

- Duba v. General Motors LLC, et al.
  Case No.: 13-C-235 (Logan County Circuit Ct., WV)

- Figley, et al., v. General Motors LLC et al.
  Case No.: 2015-32887 (190th Judicial Dist. Ct. of Harris County, TX)

- Medlin v. General Motors LLC
  Case No.: 15SL-AC20440 (Circuit Ct. of St. Louis Co., MO)

- Roussel v. General Motors LLC, et al.
  Case No.: 2008-16334-E (22nd Jud. Dist. Ct. St. Tammany Parrish, LA)

- Wright v. General Motors LLC, et al.
  Case No.: SU-14-CV-627-68 (Super. Ct. Muscogee Cty., GA)

- Russell v. General Motors LLC
  Case No.: 13-C-62 (Wyoming County Circuit Ct., WV)