**OBJECTION DEADLINE: July 11, 2016 at 4:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME:  July 18, 2016 at 10:00 a.m. (Eastern Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
In re                             :        **Chapter 11**

                                  :

**MOTORS LIQUIDATION COMPANY,** *et al.,*   :        **Case No.:  09-50026 (MG)**
        **f/k/a General Motors Corp.,** *et al.*   :

                                  :

                **Debtors.**        :        **(Jointly Administered)**

                                  :

-------------------------------------------------------------x

**MOTION BY GENERAL MOTORS LLC TO ENFORCE THE BANKRUPTCY
COURT'S SALE ORDER AND INJUNCTION, AND THE RULINGS IN CONNECTION
THEREWITH, WITH RESPECT TO THE STEVENS PLAINTIFFS**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................... 2

BACKGROUND FACTS ............................................................................................ 5

    A.    **The Sale Order and Injunction and Sale Agreement** ......................... 5

    B.    **The 2014 Motions to Enforce** .............................................................. 8

    C.    **The April 2015 Decision and June 2015 Judgment** ........................... 8

    D.    **The New GM 2015 Letters and the September 3 Scheduling Order** ............... 9

    E.    **The November 2015 Decision and December 2015 Judgment** ....................... 12

    F.    **The Stevens Lawsuit and the Stevens Amended Complaint** ........................... 13

    G.    **The Stevens Partial Summary Judgment Motion** ............................................ 15

BASIS FOR RELIEF .................................................................................................. 17

    A.    **The Stevens Plaintiffs Cannot Seek Punitive Damages
Against New GM Based on Old GM Conduct** ................................................. 17

    B.    **Stevens Plaintiffs Are Collaterally Estopped From
Re-Litigating Issues Previously Decided by the Bankruptcy Court** .............. 19

NOTICE ...................................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Celotex Corp. v. Edwards*,
 514 U.S. 300 (1995) ............................................................................................................ **4, 17**

*In re Gen. Motors Corp.*,
 407 B.R. 463 (Bankr. S.D.N.Y. 2009) ................................................................................. **5**

*In re Lehman Bros. Holdings, Inc.*,
 No. 15-149-BR, 2016 WL 1212079 (2d Cir. Mar. 29, 2016) .................................................. **4**

*In re Motors Liquidation Co.*,
 513 B.R. 467 (Bankr. S.D.N.Y. 2014) ................................................................................. **17**

*In re Motors Liquidation Co.*,
 541 B.R. 104 (Bankr. S.D.N.Y 2015) ................................................................................. **12**

*Marvel Characters, Inc. v. Simon*,
 310 F.3d 280 (2d Cir. 2002)................................................................................................ **19**

*Trusky v. Gen. Motors LLC (In re Motors Liquidation Co.)*,
 Adv. Proc. No. 09-09803, 2013 WL 620281 (Bankr. S.D.N.Y. Feb. 19, 2013) ...................... **7**

**Statutes**

**11 U.S.C. § 105**........................................................................................................................ **1**

**11 U.S.C. § 363**........................................................................................................................ **1**

General Motors LLC ("**New GM**"), by its undersigned counsel, submits this motion

("**Stevens Motion to Enforce**") pursuant to 11 U.S.C. §§ 105 and 363, to enforce the

Bankruptcy Court's Order entered on July 5, 2009 ("**Sale Order and Injunction**") approving the

sale of assets from Motors Liquidation Company (f/k/a General Motors Corporation) ("**Old

GM**") to New GM,[2] and the decisions and judgments entered by the United States Bankruptcy

Court for the Southern District of New York ("**Bankruptcy Court**" or "**Court**"). New GM

requests that the Court enjoin the Stevens Plaintiffs from proceeding with claims that are barred

by the Sale Order and Injunction and to specifically direct the plaintiffs ("**Stevens Plaintiffs**")

and their counsel in the lawsuit ("**Stevens Lawsuit**") captioned *Zachary Stevens, Lisa Stevens,*

*And Mark Stevens v. General Motors LLC, et al.*, pending in the 152nd Judicial District Court of

Harris County, Texas ("**Texas State Court**"), Case No. 2015-04442, to withdraw or amend their

*Traditional Motion For Partial Summary Judgment*, filed in the Texas State Court on June 24,

2016 ("**Stevens Partial Summary Judgment Motion**")[3], which seeks, among other things,

summary judgment on the Stevens Plaintiffs' claim that the award of exemplary/punitive

damages is not subject to the cap on punitive damages set forth in § 41.008 of the Texas Civil

Practice & Remedies Code ("**Texas Statute**"). The Stevens Plaintiffs should be enjoined from

proceeding until they comply with the Sale Order and Injunction and the other Bankruptcy Court

rulings by withdrawing the motion or by striking all references to the acts or conduct of Old GM

as a basis for an enhanced punitive damages award.

---

[2]   The full title of the Sale Order and Injunction is *Order (i) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (ii) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (iii) Granting Related Relief.* A copy of the Sale Order and Injunction, and the accompanying Sale Agreement (as defined herein), is contained in the accompanying compendium of exhibits as **Exhibit "A."**

[3]   A copy of the Stevens Partial Summary Judgment Motion is contained in the accompanying compendium of exhibits as **Exhibit "B."**

## PRELIMINARY STATEMENT[4]

1.       The Stevens Plaintiffs filed their *Original Petition and Request for Damages*, in the Texas State Court on January 27, 2015 ("**Stevens Original Petition**"). The Stevens Original Petition did not comply with the Sale Order and Injunction, and other applicable Bankruptcy Court rulings.  After discussions with New GM, the Stevens Plaintiffs agreed to amend their complaint and filed the *Plaintiff's First Amended Petition* on June 15, 2016 ("**Stevens Amended Petition**")[5] to make clear that plaintiffs were limiting "their demand for punitive or exemplary damages to only those Independent Claims against New GM arising on or after July 10, 2009." Stevens Amended Petition, ¶ 37.

2.       At no time during the discussions about amending the Stevens Original Petition to comply with the Sale Order and Injunction did the Stevens Plaintiffs advise New GM that they intended to ask the Texas State Court for a ruling that Texas' statutory punitive damages cap did not apply.  Nevertheless, less than two weeks after filing the Stevens Amended Petition, the Stevens Plaintiffs filed the Stevens Partial Summary Judgment Motion.  That Motion alleges and relies on Old GM conduct as a basis to award uncapped punitive damages against New GM on Independent Claims.  The assertion of Old GM conduct as the basis for an Independent Claim, and thus a predicate for punitive damages, is improper because an Independent Claim must be founded solely upon New GM conduct alone and may not be based in any way on Old GM conduct.[6]  Accordingly, the Partial Summary Judgment Motion filed by the Stevens Plaintiffs is

---

[4]   Capitalized terms not otherwise defined in this Preliminary Statement are defined in later sections of this Stevens Motion to Enforce.

[5]   A copy of the Stevens Amended Complaint is contained in the compendium of exhibits as **Exhibit "C."**

[6]   New GM recently filed an opposition to the Stevens Partial Summary Judgment Motion. *See General Motors LLC's Combined Motion for Summary Judgment On Punitive Damages Claims and Cross-Motion For Summary Judgment on Exemplary Damages Caps Under Tex. Civ. P. & Rem. Code § 41.008(b) and Opposition*

a violation of the Sale Order and Injunction, as well as other applicable Bankruptcy Court rulings, and the Court should enjoin the Stevens Plaintiffs from proceeding in this manner.[7]

3.     Specifically, the Stevens Plaintiffs allege in their Partial Summary Judgment Motion that Texas' statutory cap on punitive damages does not apply because New GM committed the alleged crime of "aggravated assault," which is one of the statutory bases to avoid the punitive damages cap under the Texas Statute.   While that issue might normally be decided by the State Court, the factual allegations made by Plaintiffs to support their punitive damages cap-busting theory of aggravated assault primarily relate to Old GM conduct before July 2009. The Bankruptcy Court clearly ruled in the December 2015 Judgment that Independent Claims and punitive damages are not Assumed Liabilities.[8]   Because Independent Claims must be based **solely** on New GM conduct and cannot be based in any way on Old GM conduct, it necessarily follows that the damages relating to Independent Claims must also be based only on New GM conduct and cannot be enhanced by relying on Old GM conduct that occurred before New GM even existed.

4.     For similar reasons, the punitive "cap-busting" claim set forth in the Stevens Partial Summary Judgment Motion is a proscribed successor liability claim.   The Bankruptcy

---

*to Plaintiffs' Motion for Partial Summary Judgment*, filed on June 30, 2016 ("**New GM Response**"), a copy of which is contained in the compendium of exhibits collectively as **Exhibit "D."**

[7]   After the entry of the December 2015 Judgment, New GM has filed other motions to enforce with this Court. *See* (i) *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Bankruptcy Courts July 5, 2009 Sale Order and Injunction, and the Bankruptcy Courts Rulings in Connection Therewith (Pilgrim Putative Class Action)*, filed January 19, 2016 [Dkt. No. 13585], (ii) *Motion By General Motors LLC Pursuant To 11 U.S.C. §§ 105 And 363 To Enforce The Bankruptcy Courts July 5, 2009 Sale Order And Injunction, and The Rulings in Connection Therewith (Veronica Alaine Fox, Claudia Lemus, Tammie Chapman and Constance Haynes-Tibbetts)*, filed June 1, 2016 [Dkt. No. 13634] ("**June 2016 Motion to Enforce**"); and (iii) *Motion By General Motors LLC Pursuant To 11 U.S.C. §§ 105 And 363 To Enforce The Bankruptcy Courts July 5, 2009 Sale Order And Injunction, and The Rulings in Connection Therewith, With Respect to Plaintiffs Identified on Schedule "1" Attached Thereto*, filed on June 24, 2016 [Dkt. No. 13655], with an accompanying compendium of exhibits [Dkt. No. 13656] ("**Second June 2016 Motion to Enforce**").

[8]   *See* Judgment, dated December 4, 2015 ("**December 2015 Judgment**"), ¶ 6.   A copy of the December 2015 Judgment is contained in the compendium of exhibits as **Exhibit "E."**

Court held in the December 2015 Judgment that plaintiffs, like the Stevens Plaintiffs, cannot plead successor liability claims in any form against New GM, and reaffirmed its finding in paragraph AA of the Sale Order and Injunction that, except for Assumed Liabilities, New GM cannot be held liable due to Old GM conduct. The Stevens Partial Summary Judgment Motion violates this proscription..

5.      The law is settled that a party subject to a Court's injunction does not have the option simply to proceed in another court as if the injunction does not exist.  As the United States Supreme Court explained in *Celotex Corp. v. Edwards*, the rule is "well-established" that "'persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order.'"  514 U.S. 300, 306 (1995).  The Stevens Plaintiffs' decision to go forward in the Texas State Court in this manner as if the Bankruptcy Court's rulings do not apply to them, and to do so after repeated interactions with New GM's bankruptcy counsel regarding allowable claims, is a clear and intentional violation of the Sale Order and Injunction and the other controlling Bankruptcy Court rulings.[9]

6.      The Stevens Lawsuit is the first bellwether case in the Texas multidistrict litigation (as distinct from the federal MDL pending before Judge Furman) and is scheduled for trial on August 8, 2016.  Accordingly, New GM respectfully requests a prompt ruling on this matter. New GM has no choice but to bring this motion now because Plaintiffs first disclosed that they would rely on Old GM conduct to enhance their punitive damages claims in a motion filed in the State Court on June 24.  As further explained below, this Court should direct the

---

[9]      New GM reserves all of its rights in connection with improper actions taken by the Stevens Plaintiffs.  *See In re Lehman Bros. Holdings, Inc.*, No. 15-149-BR, 2016 WL 1212079 (2d Cir. Mar. 29, 2016) (upholding a bankruptcy court order that imposed sanctions on a plaintiff who violated a bankruptcy sale order by commencing and continuing to prosecute a lawsuit against the purchaser of a debtor's assets where the purchaser bought the debtor's assets free and clear of claims and liens).

Stevens Plaintiffs to withdraw the Stevens Partial Summary Judgment Motion or amend it, if they can do so in good faith, in a way that complies with the controlling Bankruptcy Court rulings.

## **BACKGROUND FACTS**

### A.    **The Sale Order and Injunction and Sale Agreement**

7.    On June 1, 2009, Old GM commenced a case under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court.  On that same day, it filed a motion seeking approval of the original version of the Sale Agreement, pursuant to which substantially all of Old GM's assets were to be sold to New GM.  *See In re Gen. Motors Corp.*, 407 B.R. 463, 473 (Bankr. S.D.N.Y. 2009).  The Sale Order and Injunction was entered on July 5, 2009, and the sale ("**363 Sale**") closed on July 10, 2009. New GM, which was formed in June 2009, is not a successor to Old GM. New GM bought Old GM's assets "free and clear" of all claims, obligations, and duties that Old GM owed to vehicle owners, other than certain specifically defined "Assumed Liabilities".

8.    Liabilities resulting from claims against Old GM were expressly allocated in the Sale Agreement into two categories: either they were Assumed Liabilities, *i.e.*, an obligation of New GM, or Retained Liabilities that stayed with Old GM.  *See generally* Sale Agreement § 2.3. New GM assumed only three categories of liabilities for Old GM vehicles under the Sale Agreement: (a) claims arising out of post-sale accidents that caused personal injury, loss of life or property damage, defined in the Sale Agreement (as amended) as "Product Liabilities"; (b) claims for repairs under the "glove box warranty"— a specific written warranty, of limited duration, that only covers repairs and replacement of parts (and not monetary damages); and (c) violations of Lemon Laws, tied essentially to the failure to honor the glove box warranty.  *See* Sale Agreement, § 2.3(a).  All other liabilities under the Sale Agreement relating to Old GM

vehicles are "Retained Liabilities" of Old GM.  *See* Sale Agreement § 2.3(b).  While certain of

the Stevens Plaintiff's claims fall within the definition of assumed Product Liabilities, some

clearly do not.  Claims or damage requests that are not Assumed Liabilities and are based on Old

GM conduct are Retained Liabilities of Old GM.

9.    The Sale Order and Injunction provides:

> Except for the Assumed Liabilities expressly set forth in the [Sale Agreement] . . .
> [New GM] . . . shall [not] have any liability for any claim that arose prior to the
> Closing Date, ***relates to the production of vehicles prior to the Closing Date***, or
> otherwise is assertable against [Old GM] . . . prior to the Closing Date . . . .
> Without limiting the foregoing, [New GM] shall not have any successor,
> transferee, derivative, or vicarious liabilities of any kind or character for any
> claims, including, but not limited to, under any theory of successor or transferee
> liability, de facto merger or continuity . . . and products . . . liability, ***whether
> known or unknown as of the Closing***, ***now existing or hereafter arising,
> asserted or unasserted, fixed or contingent, liquidated or unliquidated***.

Sale Order and Injunction, ¶ 46 (emphasis added); *see also id.*, ¶ 9(a) ("(i) no claims other than

Assumed Liabilities, will be assertable against the Purchaser; (ii) the Purchased Assets [are]

transferred to the Purchaser free and clear of all claims (other than Permitted Encumbrances) . .

."); and *id.*, ¶ 8 ("All persons and entities . . . holding claims against [Old GM] or the Purchased

Assets arising under or out of, in connection with, or in any way relating to [Old GM], the

Purchased Assets, ***the operation of the Purchased Assets prior to the Closing*** . . . are forever

barred, estopped, and permanently enjoined . . . from asserting [such claims] against [New GM].

. . .") (emphasis added).

10.    The Sale Order and Injunction specifically holds that its provisions, as well as the

Sale Agreement, are binding on all creditors, ***known and unknown*** alike.  *See* Sale Order and

Injunction, ¶ 6 ("This [Sale] Order and [Sale Agreement] "shall be binding in all respects upon

the Debtors, their affiliates, all known and unknown creditors of, and holders of equity security

interests in, any Debtor, including any holders of liens, claims, encumbrances, or other interests,

including rights or claims based on any successor or transferee liability . . . ." (emphasis added));
*see also id.*, ¶ 46.  In short, except for Assumed Liabilities, claims made by plaintiffs like the
Stevens Plaintiffs based on an Old GM vehicle and Old GM conduct, remain the exclusive
responsibility of Old GM.

11.    The Sale Order and Injunction is equally clear that, except for Assumed
Liabilities, New GM is not liable for any claims arising in any way from any acts, or failures to
act of Old GM, whether known or unknown, contingent or otherwise, whether arising before or
after Old GM's bankruptcy, including claims arising under doctrines of successor or transferee
liabilities.  Sale Order and Injunction, ¶ AA.  This provision makes it evident that "New GM is
not liable for Old GM's conduct . . . ."  *Trusky v. Gen. Motors LLC (In re Motors Liquidation
Co.)*, Adv. Proc. No. 09-09803, 2013 WL 620281, at *2 (Bankr. S.D.N.Y. Feb. 19, 2013).

12.    Anticipating the possibility of wrongful claims against New GM based on
Retained Liabilities, the Sale Order and Injunction permanently enjoins such claims:

> [A]ll persons and entities . . . holding liens, claims and encumbrances, and other
> interests of any kind or nature whatsoever, including rights or claims based on any
> successor or transferee liability, against [Old GM] or the Purchased Assets
> (whether legal or equitable, secured or unsecured, **matured or unmatured,
> contingent or noncontingent**, senior or subordinated), **arising under or out of, in
> connection with, or in any way relating to [Old GM], the Purchased Assets, the
> operation of the Purchased Assets prior to the Closing . . . are forever barred,
> estopped, and permanently enjoined . . . from asserting against [New GM] . . .
> such persons' or entities' liens, claims, encumbrances, and other interests,
> including rights or claims based on any successor or transferee liability.**

Sale Order and Injunction, ¶ 8 (emphasis added); *see also id.*, ¶ 47.

13.    Finally, paragraph 71 of the Sale Order and Injunction makes the Bankruptcy
Court the gatekeeper to enforce its provisions.  It provides for this Court's exclusive jurisdiction
over matters and claims regarding the 363 Sale, including jurisdiction to protect New GM
against claims based on Retained Liabilities of Old GM:

This Court retains exclusive jurisdiction to enforce and implement the terms and provisions of this Order, the [Sale Agreement], all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith, . . ., in all respects, including, but not limited to, retaining jurisdiction to . . . (c) resolve any disputes arising under or related to the [Sale Agreement], except as otherwise provided therein, (d) interpret, implement, and enforce the provisions of this Order, (e) protect the Purchaser against any of the Retained Liabilities or the assertion of any lien, claim, encumbrance, or other interest, of any kind or nature whatsoever, against the Purchased Assets . . . . (Emphasis added.)

## B.   The 2014 Motions to Enforce[10]

14.     In 2014, New GM announced a number of recalls relating to Old GM vehicles and New GM Vehicles.  Thereafter, lawsuits were filed around the country seeking to hold New GM liable in connection with, among other things, personal injury and economic loss claims allegedly arising from defects in Old GM vehicles. New GM filed three motions to enforce the Bankruptcy Court's Sale Order and Injunction.  The overriding question before the Bankruptcy Court in the 2014 Motions to Enforce was whether the claims asserted against New GM violated the Sale Order and Injunction.

## C.   The April 2015 Decision and June 2015 Judgment

15.     Since the Sale Order and Injunction was entered, the Bankruptcy Court has addressed numerous issues with respect to the interpretation and enforcement of the Sale Order and Injunction, and the Sale Agreement that it approved.  In particular, the Bankruptcy Court has ruled on what types of claims may be asserted against New GM that concern Old GM vehicles, what allegations can be made in complaints that assert such claims, who may bring such claims,

---

[10]   The three motions to enforce the Sale Order and Injunction filed by New GM were (i) *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction*, dated April 21, 2014 [Dkt. No. 12620], (ii) *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Courts July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other Than Ignition Switch Actions)*, dated August 1, 2014 [Dkt. No. 12808]; and (iii) *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Courts July 5, 2009 Sale Order and Injunction Against Plaintiffs in Pre-Closing Accident Lawsuits*, dated August 1, 2014 [Dkt. No. 12807] (collectively, the "**2014 Motions to Enforce**").

and what type of damages may be sought.  Specifically, the Bankruptcy Court has held that the

Sale Order and Injunction remains in full force and effect, and bars lawsuits relating to Old GM

vehicles, except for (a) Independent Claims, which may be brought solely by Ignition Switch

Plaintiffs[11]; and (b) Assumed Liabilities.  *See* Judgment entered by the Bankruptcy Court on

June 1, 2015 [Dkt. No. 13177] ("**June 2015 Judgment**"),[12] ¶¶ 4, 5; December 2015 Judgment,

¶¶ 14, 39.  The term Independent Claims was introduced in the Bankruptcy Court's April 2015

Decision and June Judgment and  is defined as "claims or causes of action asserted by Ignition

Switch Plaintiffs against New GM (whether or not involving Old GM Vehicles) that are based

**solely** on New GM's **own independent, post-Closing acts or conduct**." June 2015 Judgment,

¶  4 (emphasis added).

D.    **The New GM 2015 Letters and the September 3 Scheduling Order**

16.    After entry of the June 2015 Judgment, various parties filed pleadings with the

Bankruptcy Court ("**June Judgment Pleadings**") asserting that they should not be bound by the

Bankruptcy Court rulings.  Thereafter, on August 19, 2015, the Bankruptcy Court entered a Case

Management Order [Dkt. No. 13383] ("**August 2015 CMO**"),[13] explicitly asking the parties to

inform the Court if "any other matters . . . need to be addressed by this Court" in connection with

the pleadings filed after the entry of the June 2015 Judgment. August 2015 CMO, ¶ 1(g).

17.    In response to the August 2015 CMO, New GM filed a letter with the Bankruptcy

Court, dated August 26, 2015 [Dkt. No. 13390] ("**New GM August 26 Letter**"),[14] that informed

---

[11]    The June 2015 Judgment defines the term "Ignition Switch Plaintiffs" as those plaintiffs who assert claims
against New GM based on the first three ignition switch recalls issued in February/March 2014.  *See* June 2015
Judgment, at 1 n.1.  The Stevens Plaintiffs are "Ignition Switch Plaintiffs".

[12]    A copy of the June 2015 Judgment is contained in the compendium of exhibits as **Exhibit "F."**

[13]    A copy of the August 19, 2015 Case Management Order is contained in the compendium of exhibits as **Exhibit
"G."**

[14]    A copy of the New GM August 26 Letter is contained in the compendium of exhibits as **Exhibit "H."**

the Bankruptcy Court about demand letters sent to plaintiffs involved in other lawsuits pursuant to the procedures set forth in the June 2015 Judgment.  Attached to the New GM August 26 Letter was an exhibit which listed the lawsuits where a demand letter was sent.  The list included the Stevens Plaintiffs.[15]  An issue identified by New GM to be addressed by the Bankruptcy Court was whether "requests for punitive/special damages against New GM based in any way on Old GM conduct, including but not limited to post-363 Sale accidents of Old GM vehicles" were barred by the Bankruptcy Court's rulings.  *See* New GM August 26 Letter, at 4.  The punitive damage issue specifically referred to post-363 Sale accidents and resulting lawsuits involving Old GM Vehicle Owners with the Ignition Switch Defect (such as the Stevens Plaintiffs). Moreover, in the New GM August 26 Letter, New GM specifically stated that it

> believes that the issues raised by these lawsuits can be resolved at one time in the context of the procedures described herein.  It should be noted that many of the demand letters were recently sent out by New GM so that affected parties would be bound by Your Honor's rulings on the issues to be determined as set forth in this letter. In other words, affected parties would be subject to principles of collateral estoppel for these issues and not simply stare decisis.

*Id.* at 2.

18.    After a hearing before the Bankruptcy Court on August 31, 2015, the Bankruptcy Court entered a Scheduling Order on September 3, 2015 [Dkt. No. 13416] ("**September 3 Scheduling Order**")[16] which set forth a briefing schedule to address, among other things, (i) whether plaintiffs may request punitive damages against New GM with respect to Old GM vehicles, and (ii) whether certain causes of action or allegations in complaints filed against New GM relating to Old GM vehicles were barred by the Sale Order and Injunction.

---

[15]    In August of 2015, New GM notified the Stevens Plaintiffs ("**New GM/Stevens 2015 Letter**"), explaining, among other things, that their request for punitive damages violated the Bankruptcy Court's rulings as the request was based on Old GM conduct.  A copy of the New GM/Stevens 2015 Letter (without exhibits) is contained in the compendium of exhibits as **Exhibit "I."**

[16]    A copy of the September 3 Scheduling Order is contained in the compendium of exhibits as **Exhibit "J."**

19.     The September 3 Scheduling Order also provided that New GM could serve that Order on parties who previously received demand letters with the following Court-approved cover note:

> General Motors LLC ("New GM") previously served on you a demand letter ("Demand Letter") in connection with a lawsuit commenced by you against New GM which set forth certain deadlines for filings pleadings with the Bankruptcy Court (as defined in the Demand Letter). The attachment is a Scheduling Order entered by the Bankruptcy Court on September 3, 2015 ("Scheduling Order").
>
> Please review the Scheduling Order as it modifies the time periods set forth in the Demand Letter for filing certain pleadings with the Bankruptcy Court, including without limitation, the 17 business days to respond to the Demand Letter. If you have any objection to the procedures set forth in the Scheduling Order, you must file such objection in writing with the Bankruptcy Court within three (3) business days of receipt of this notice ("Objection"). ***Otherwise, you will be bound by the terms of the Scheduling Order and the determinations made pursuant thereto***. If you believe there are issues that should be presented to the Court relating to your lawsuit that will not otherwise be briefed and argued in accordance with the Scheduling Order, you must set forth that position, with specificity in your Objection. The Court will decide whether a hearing is required with respect to any Objection timely filed and, if so, will promptly notify the parties involved.

September 3 Scheduling Order, at 4 (emphasis added).

20.     The September 3 Scheduling Order further provided:

> nothing in this Order is intended to nor shall preclude any other plaintiff's counsel (or pro se plaintiff), affected by the issues being resolved by this Court, from taking a position in connection with any such matters; provided, however, that such affected other plaintiffs' counsel who wishes to file a separate pleading with respect such matter(s) shall timely file a letter with the Court seeking permission to do so.

*Id.* at 5.

21.     The Stevens Plaintiffs were notified of the September 3 Scheduling Order and provided copies of all the ensuing and related pleadings.

22.     The Bankruptcy Court held a hearing on all matters set forth in the September 3 Scheduling Order on October 14, 2015.

E.      **The November 2015 Decision and December 2015 Judgment**

23.     On November 9, 2015, the Bankruptcy Court entered its Decision ("**November 2015 Decision**")[17] by the Bankruptcy Court with respect to the matters identified in the September 3 Scheduling Order.  *See generally* November 2015 Decision.  On December 4, 2015, the Bankruptcy Court entered its December 2015 Judgment, memorializing the rulings set forth in the November 2015 Decision.  The December 2015 Judgment specifically held:

> New GM *did not contractually assume liability for punitive damages* from Old GM. Nor is New GM liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law. Therefore, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM.
>
> A claim for punitive damages with respect to a post-Sale accident *involving vehicles manufactured by Old GM with the Ignition Switch Defect may be asserted against New GM to the extent—but only to the extent—it relates to an otherwise viable Independent Claim and is based solely on New GM conduct or knowledge* . . . .

December 2015 Judgment, ¶¶ 6-7 (emphasis added). Accordingly, Ignition Switch Plaintiffs, like the Stevens Plaintiffs, can only seek punitive damages *based solely on New GM conduct or knowledge*.

24.     In the December 2015 Judgment, the Bankruptcy Court also described the types of allegations that plaintiffs cannot assert in pleadings with claims against New GM.  Under that Judgment, plaintiffs (like the Stevens Plaintiffs) are prohibited from making allegations that New GM is the successor of Old GM (no matter how phrased) (*see* December 2015 Judgment, ¶ 16); and that allege or suggest that New GM manufactured or designed an Old GM vehicle, or performed other conduct relating to an Old GM vehicle before the entry of the Sale Order and Injunction (*i.e.*, July 10, 2009) (*see id.* ¶ 18).

---

[17]    The November 2015 Decision is published as *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y 2015).

25.     Complaints containing allegations highlighted above "are and remain stayed, unless and until they are amended consistent with the [November] Decision and this Judgment." December 2015 Judgment, ¶¶ 16, 17, 18.

26.     The December 2015 Judgment was appealed but not with respect to the Bankruptcy Court's rulings (i) regarding Independent Claims, (ii) limiting punitive damages requests, and (iii) regarding improper allegations.[18]

### F.    The Stevens Lawsuit and the Stevens Amended Complaint

27.     The Stevens Lawsuit arises from a November 15, 2011 accident involving the Stevens Plaintiffs' 2007 Saturn Sky, which was purchased in July 2006.  The Stevens Vehicle was manufactured and distributed by Old GM.  *See* Stevens Amended Petition, ¶¶ 24-25.   The Stevens Plaintiffs acknowledge that New GM—which first came into existence **almost three years** after the Stevens' purchase—"did not design, manufacture, fabricate, assemble, inspect, market, distribute or sell" the Vehicle.  *Id.*, ¶ 25. Indeed, the Stevens Plaintiffs had no contact or communication with New GM in any manner until **after** the November 15, 2011 accident.

28.     On January 27, 2015, the Stevens Plaintiffs filed their lawsuit against New GM. In the New GM/Stevens 2015 Letter, New GM explained, among other things, that the Stevens Original Complaint included improper allegations and a request for punitive damages in violation of the Bankruptcy Court's rulings because the demand was based on Old GM conduct.

29.     The Stevens Plaintiffs did not respond to the New GM/Stevens 2015 Letter. Counsel for the Stevens Plaintiffs was served with all pleadings that New GM filed in connection with the issues set forth in the September 3 Scheduling Order.[19] The Stevens Plaintiffs did not

---

[18]    New GM has appealed whether the Bankruptcy Court should have modified the Sale Order to provide for Independent Claims. The matter was argued in the Second Circuit in March 2016, and is *sub judice*.

[19]    Copies of relevant affidavits of service are contained in the compendium of exhibits as **Exhibit "K."**

file any pleading in response to the September 3 Scheduling Order or the issues raised therein, and did not appear at the hearing, and did not appeal the December 2015 Judgment.

30.    The Stevens Plaintiffs did not comply with the New GM/Stevens 2015 Letter, or the November 2015 Decision or the December 2015 Judgment.  On May 5, 2016, New GM sent the Stevens Plaintiffs another letter, explaining that the Stevens Original Complaint contained certain allegations and damage requests that violate the Bankruptcy Court rulings ("**New GM/Stevens 2016 Letter**").[20] On the same day, counsel to the Stevens Plaintiffs ("**Stevens' Counsel**") sent counsel to New GM a copy of the Stevens Original Complaint to mark-up the problems with the complaint.  On May 9, 2016, Counsel to New GM provided a redline to show the changes necessary to bring the pleading into compliance with the Bankruptcy Court rulings.[21]

31.    After several rounds of communication between Stevens' Counsel and Counsel to New GM, Stevens' Counsel (a) agreed to amend the original petition to correct the improper allegations and (b) agreed that the Stevens Plaintiffs could not seek exemplary/punitive damages for Assumed Liabilities, but could only seek exemplary/punitive damages for a viable Independent Claim.  On May 16, 2016, Counsel to New GM sent Stevens' Counsel the revised and agreed-upon amended complaint to be filed by Stevens' Counsel.  After another round of communications, Stevens' Counsel agreed to file the Stevens Amended Petition, which stated that the Stevens Plaintiffs are only seeking punitive damages for Independent Claims. Specifically, paragraph 37 of the Stevens Amended Complaint declares that:

> For purposes of all of Plaintiffs' facts, claims and damages as alleged and outlined herein Plaintiffs limit their demand for punitive or exemplary damages to only

---

[20]    A copy of the New GM/Stevens 2016 Letter (without exhibits) is contained in the compendium of exhibits as **Exhibit "L."**

[21]    Note that in marking-up the Stevens Original Complaint, New GM does not admit by any of these revisions any allegation in the complaint and does not believe it has any liability for the claims asserted therein

those Independent Claims (as defined in the Judgment entered by the United States Bankruptcy Court for the Southern District of New York on June 1, 2015) against New GM arising on or after July 10, 2009.

Additionally, in the cover letter, dated June 9, 2016, to the Texas State Court submitting the Stevens Amended Complaint ("**Stevens Cover Letter**"), Stevens Counsel wrote: "*After further consultation between counsel for Plaintiffs and [New GM], the parties agreed to the attached Amended Petition to further clarify that Plaintiffs do not seek punitive damages against New GM that are not clearly allowed as Independent Claims.*" (emphasis added).[22]   This record confirms that, based on the explicit rulings of the Bankruptcy Court to which the Stevens Plaintiffs are bound, Stevens Counsel could not allege Old GM conduct to support an Independent Claim.[23]

### G.      The Stevens Partial Summary Judgment Motion

32.      Notwithstanding the fact that no Independent Claims are alleged against New GM in separate counts, Plaintiffs apparently intend to seek punitive damages against New GM.  On June 24, 2016, Plaintiffs filed the Stevens Partial Summary Judgment Motion in Texas State Court seeking to avoid the cap on punitive damage awards that applies to litigation in Texas by operation of the Texas Statute.  Under that Statute, an award of exemplary damages is limited based on the amount of economic and non-economic damages awarded by a jury. However, the Stevens Partial Summary Judgment Motion argues that the statutory cap can be "busted" if the

---

[22]    A copy of the Stevens Cover Letter is contained in the compendium of exhibits collectively as **Exhibit "M."**

[23]    The only claims against New GM in the Stevens Amended Complaint are negligence and strict liability, which are Assumed Liabilities. *See* Stevens Amended Petition, ¶¶ 23-48.  These claims include the typical laundry list of alleged manufacturer-based liability theories such as a purported breach of "a duty to design, manufacture, [and] sell" safe vehicles, and strict liability for purportedly "designing, manufacturing, [and] selling … the subject automobile in a defective condition."  Stevens Amended Petition, ¶¶ 25, 46.  Because no Independent Claims are alleged against New GM, New GM has sought a ruling in the State Court that punitive damages are not available to Plaintiffs in this action.

conduct of the defendant constitutes the knowing or intentional commission of one or more specified felonies as defined in the Texas Penal Code.[24]

33.    Significantly, the basis of the Stevens Plaintiffs' request to bust the punitive damages cap is Old GM conduct. *See* Stevens Partial Summary Judgment, at 2 ("Before the defective switch even went into production in 2002, GM engineers knew that it was prone to movement out of the Run position"); *id.* at 3 ("At least as early as 2004 and 2005, GM was well aware of the defect in its ignition switch due to reports of sudden stalls and engine shutoffs it received from GM employees, media representatives, and customers"); *id.* ("In  June 2005, GM issued a statement acknowledging circumstances where the ignition key could move to the Accessory or Off positions, but reiterated that the ignition did not pose a safety concern"); *id.* at 4 ("In early 2005, GM issued a formal Service Bulletin to its dealers. GM intentionally omitted the word 'stall' from its bulletin even though it was fully aware that customers would naturally describe the defect as stalling"); *id.* ("GM took further action to conceal the serious nature of the Defective Switch in 2006").)

34.    Plaintiffs' only allegation about New GM before the date of the accident (November 15, 2011) in connection with the allegation of "aggravated assault" is the Stevens Plaintiffs' claim that New GM "had taken no action to prevent the injuries and death that occurred in the accident made the basis of this lawsuit." Stevens Partial Summary Judgment Motion, at 6. Simply put, a pure omission allegation based on an alleged duty that Old GM owed as the manufacturer/seller of their vehicle, is not sufficient to establish a viable Independent Claim.

---

[24]    Texas limits the amount of exemplary damages to "an amount equal to the greater of: (1)(A) two times the amount of economic damages; plus (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000." Tex. Civ. Prac. & Rem. Code § 41.008(b).

35.     Accordingly, the Stevens Partial Summary Judgment Motion must be withdrawn or amended, if the Stevens Plaintiffs have a good faith basis to do so, to strike all references to Old GM conduct in order to comply with the Bankruptcy Court's rulings.

## BASIS FOR RELIEF

36.     The Stevens Plaintiffs cannot simply ignore the Bankruptcy Court's Sale Order and Injunction and its multiple rulings addressing its effect on lawsuits and pleadings filed against New GM.  As the Supreme Court held in *Celotex*:

> If respondents believed the Section 105 Injunction was improper, they should have challenged it in the Bankruptcy Court, like other similarly situated bonded judgment creditors have done. . . .  Respondents chose not to pursue this course of action, but instead to collaterally attack the Bankruptcy Court's Section 105 Injunction in the federal courts in Texas.  This they cannot be permitted to do without seriously undercutting the orderly process of the law.

514 U.S. at 313; *see also In re Motors Liquidation Co.*, 513 B.R. 467, 478 (Bankr. S.D.N.Y. 2014) (citing to *Celotex*).  These settled principles bind the Stevens Plaintiffs.  They are subject to the Sale Order and Injunction and the Bankruptcy Court's other rulings, and are required to comply with them. As further explained in the next section, the Stevens Plaintiffs may not seek punitive damages from New GM based on Old GM conduct.

## A.     The Stevens Plaintiffs Cannot Seek Punitive Damages Against New GM Based on Old GM Conduct

37.     Under the December 2015 Judgment, punitive damages against New GM arising from an Old GM vehicle can only be sought in connection with an Independent Claim, not an Assumed Liability.   Courts use the terms "punitive damages" and "exemplary damages" interchangeably.  In the context of this motion, they mean the same thing.

38.     In the December Judgment, the Bankruptcy Court expressly held that "New GM did not contractually assume liability for punitive damages from Old GM." December Judgment,

¶ 6.  A claim for punitive or exemplary damages with "respect to a post-363 Sale accident involving vehicles manufactured by Old GM with the Ignition Switch Defect may be asserted against New GM to the extent—**but only to the extent**—it relates to an **otherwise viable Independent Claim** . . . ." *Id.*, ¶ 7  (emphasis added).

39.    In other words, to state an Independent Claim, the Stevens Plaintiffs must allege a cause of action against New GM that (i) is recognized by Texas law and (ii) is based solely on the conduct of New GM and not in any way on the conduct or actions of Old GM. *See id*, ¶ 6 With respect to punitive damages related to an alleged Independent Claim, the Bankruptcy Court has held that: "New GM did not contractually assume liability for punitive damages from Old GM. Nor is New GM liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law. Therefore, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM." *Id.*

40.    The Stevens Partial Summary Judgment Motion violates this proscription by relying on Old GM conduct to try to enhance any punitive damage award they may receive in connection with an Independent Claim.  As set forth above, the allegations in the Motion that are used to support the accusation of aggravated assault (and thus to try to avoid the statutory cap on punitive damages) are almost exclusively based on conduct of Old GM that took place before July 2009.[25]

41.    In sum, the Stevens Plaintiffs are trying to bust the cap on the punitive damages based on Old GM conduct.  That is a violation of the Sale Order and Injunction.  It must be enjoined.

---

[25]  *See* discussion at Section I.F, ¶ 36.

B.    **Stevens Plaintiffs Are Collaterally Estopped From Re-Litigating Issues Previously Decided by the Bankruptcy Court**

42.    New GM timely served counsel for the Stevens Plaintiffs with the September 3 Scheduling Order and the Court-approved note (as well as pleadings filed by New GM in connection therewith).    The Court-approved note clearly provided that the Stevens Plaintiffs were required to file any objections to the procedures set forth in the September 3 Scheduling Order.    "Otherwise, [they would] ***be bound by the terms of the Scheduling Order and the determinations made pursuant thereto***."    September 3 Scheduling Order, at 4 (emphasis added). While the Stevens Plaintiffs were not ***required*** to participate in the proceedings leading up to the November 2015 Decision and the December 2015 Judgment, they were put on notice that if they did not, they would be bound by the Bankruptcy Court's rulings.    *See* September 3 Scheduling Order, at 4.

43.    Collateral estoppel applies when the following requirements are met: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the part[ies] had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288–89 (2d Cir. 2002).    Here, all of the collateral estoppel requirements are met to bind the Stevens Plaintiffs to the November 2015 Decision and the December 2015 Judgment.

## NOTICE

44.    Notice of the Stevens Motion to Enforce has been provided to Stevens' Counsel, and all entities that receive electronic notice from the Court's ECF system. In addition, notice of the Stevens Motions to Enforce will be provided to the Judge presiding over the Steven's

Lawsuit. New GM submits that such notice is sufficient and no other or further notice need be provided.

45.    No prior request for the relief sought in the Stevens Motion to Enforce has been made to this or any other Court.

WHEREFORE, New GM respectfully requests that this Court enter an order, substantially in the form contained in the compendium of exhibits as **Exhibit "N,"** granting the relief sought herein, and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 1, 2016

Respectfully submitted,


      /s/ *Arthur Steinberg*
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Attorneys for General Motors LLC*