UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                              :   Chapter 11
                                                   :
MOTORS LIQUIDATION COMPANY, et al.,                :   Case No.: 09-50026 (REG)
        f/k/a General Motors Corp., et al.         :
                                                   :
                Debtors.                           :
                                                   :
---------------------------------------------------------------x

BRIEF OF PLAINTIFFS REGARDING PUNITIVE DAMAGES ISSUE

In re:   *James Walter Moore v. General Motors, LLC, et al.*
         Case No.: 2011-CP-42-3625 (Spartanburg Co. Cir. Ct., SC)

         *Jaimie Reda Moore v. General Motors, LLC, et al.*
         Case No.: 2011-CP-42-3627 (Spartanburg Co. Cir. Ct., SC)

The above-referenced actions are currently pending in the Court of Common Pleas in Spartanburg County, South Carolina. See attached Exhibits A and B. Plaintiffs' claims are based on an incident which occurred on August 8, 2011, after the closing of the sale by which General Motors, LLC (hereinafter "New GM") purchased assets and assumed liabilities of Motors Liquidation Company (f/k/a "Old GM") (hereinafter "363 Sale"). Plaintiffs allege that the incident and Plaintiffs' injuries were caused by a defective spare tire hoist mechanism installed on a vehicle manufactured prior to the 363 Sale.

On Tuesday, September 8, 2015, at 6:03PM, Plaintiffs received via e-mail a letter and various attachments from counsel for General Motors, LLC (hereinafter "General Motors") informing Plaintiffs that various allegations and causes of actions contained in Plaintiffs' Fourth Amended Complaint were improper or proscribed by the orders and judgments of this Court. See attached Exhibits C and D. Plaintiffs had received no prior communication from General Motors

regarding this issue and had not previously received a "Demand Letter," as referenced in the Scheduling Order entered September 3, 2015 (hereinafter "Scheduling Order").

Plaintiffs have reviewed the various letters and filings preceding the Scheduling Order and now submit this brief regarding the Punitive Damages Issue. Plaintiffs regret any duplication of arguments or issues with briefs submitted by other plaintiffs, but due to the fact that Plaintiffs were only notified of this matter within the last few days, Plaintiffs have been unable to coordinate with other counsel.

BACKGROUND

On August 8, 2011, Plaintiff James Moore was injured when a spare tire, which fell from another vehicle, crashed into the top of his vehicle. Mr. Moore was paralyzed as a result. It was determined that the tire fell from a 1996 GMC pickup truck and that the cable on the spare tire hoist mechanism had broken.

Plaintiff James Moore filed suit against New GM, the driver of the vehicle, and two manufacturers who may have produced the hoist mechanism. Plaintiff Jaimie Moore – Mr. Moore's wife – filed a consortium claim against the same parties. Plaintiffs asserted causes of action for: (1) failing to design the vehicle properly; (2) failing to manufacture the vehicle properly; (3) failing to inspect the vehicle properly; (4) failing to test the vehicle properly; (5) failing to warn owners and the public as to the dangerous defect in the vehicle; (6) failing to recall the vehicle; (7) failing to retrofit the vehicle; and (8) producing/selling a product unreasonably dangerous to the consumer.

Plaintiffs' claims included both compensatory and punitive damages. Plaintiffs' claims for compensatory damages are founded on the actions/inaction and product produced by Old GM, based on New GM's assumption of liabilities for such claims pursuant to § 2.3(a)(ix) of the Master

Sale and Purchase Agreement (hereinafter "Sale Agreement"). And, while Plaintiffs believe they have claims for punitive damages against New GM based on the conduct of Old GM, Plaintiffs assert that they need not amend their pleadings as we have independent claims for punitive damages based solely on the conduct of New GM. Such claims are based on the actions and inaction of New GM, which failed to recall or retrofit the GMC truck in question or to warn of the danger posed by the defective product at any point between the 363 Sale and the date of the accident, despite notice of the danger.

### ISSUE

Plaintiffs' claims against New GM for punitive damages are not barred by the Sale Agreement, as such claims are based, not on the actions or inaction of Old GM, but on the actions and inaction of New GM.[1]

### DISCUSSION

GM argues that the Plaintiffs may not seek punitive damages against New GM based on the conduct of Old GM. Yet the Plaintiffs' have independent claims for punitive damages based on the conduct of New GM. Such claims are not barred.

**A. Punitive Damages Based on Conduct of New GM**

In its letter to Plaintiffs, New GM contends that Plaintiffs' claims for punitive damages – as alleged in Plaintiffs' Fourth Amended Complaint – are barred by the Sale Agreement: "To the extent that the Pleading . . . requests punitive damages based on Old GM conduct, they are proscribed." See Exhibit B. Yet even assuming this point *arguendo*, Plaintiffs should be allowed to proceed with punitive damages claims based on New GM conduct – specifically, a failure to

---

[1] Again, Plaintiffs do not concede that New GM is not subject to punitive damages based on the conduct of Old GM. Plaintiffs believe that the broad assumption of Liabilities in the Sale Agreement includes an assumption of liability for punitive damages. However, Plaintiffs argue that, regardless of the Court's ruling on this point, Plaintiffs should still be allowed to proceed with punitive damage claims based on the conduct of New GM.

recall and/or retrofit the 1996 GMC truck, which is the subject of the suit, or to warn of the defective condition, from the 363 Sale closing to the date of the accident.

### B. New GM is Responsible to Warn, Recall, or Retrofit Defective Condition

New GM must admit that it is responsible for recalling and retrofitting Old GM products if it is aware of the need for such action. This responsibility is evidenced by New GM's recall of Old GM vehicles with ignition switch problems and was expressly assumed in § 6.15 of the Sale Agreement, which provides that New GM "shall comply with the certification, reporting, and recall requirements of the National Traffic and Motor Vehicle Safety Act, the Transportation Recall Enhancement Accountability and Documentation Act . . . and similar laws . . . to the extent applicable in respect of vehicles and vehicle parts manufactured or distributed by Seller." Additionally, under South Carolina law, New GM has a duty to warn consumers if it discovers a product to be defective. See Hubbard & Felix, *The South Carolina Law of Torts* 292 (1997) (when a company discovers dangers or defects in its product, "the weight of authority clearly imposes a duty of due care" on the company). Indeed, to hold that New GM assumed no such duty would endanger the public, as such a holding would allow companies to merely disregard information showing a product to be dangerously defective.

As New GM has this responsibility, it may be punished – through punitive damages – for abdicating this responsibility. To hold otherwise would eviscerate § 6.15 and allow New GM to turn a blind eye to any problems with Old GM vehicles.

### C. Allowing Punitive Claims Against New GM Comports with the Policy Behind Punitive Awards

Claims for punitive damages against New GM *based on the conduct of New GM* are perfectly proper and comport with the goals and policy behind punitive damages. As has been stated by the Supreme Court of the United States, punitive damages, "are private fines levied by

civil juries to punish reprehensible conduct and to deter its future occurrence." See Gertz v. Robert Welch, Inc., 418 U.S. 323, 350 (1974).  While there has been a split of opinion among courts as to whether a successor corporation should be responsible for the actions of the predecessor corporation with regard to punitive damages, there is no such debate with regard to a corporation's own actions.  Certainly, if a jury finds that New GM has acted egregiously in failing to recall or retrofit the hoist mechanism, then punitive damages will serve the purpose of deterring and punishing such wrongful conduct.

Even if it wished to do so, it is unlikely that New GM could insulate itself from punitive damages *for its own actions* through language in the Sale Agreement.  Certainly, were this possible, such a clause would be included in every corporate asset purchase or merger.  Yet the question is unnecessary as the Sale Agreement makes no such allowance.  Instead, the Sale Agreement provides that New GM assumes "all Liabilities to third parties for . . . personal injury . . . caused by motor vehicles designed for operation on public roadways or by the component parts of such motor vehicles and, in each case, manufactured, sold or delivered by Sellers . . . which arise directly out of . . . personal injury . . . caused by accidents occurring on or after the Closing Date . . . ." See § 2.3(a)(ix).  The Sale Agreement defines "Liabilities" as follows:  "Liabilities means any and all liabilities of every kind and description whatsoever . . . ." See Sale Agreement, § 1.1.

## CONCLUSION

In summary, Plaintiffs seek compensatory damages against New GM for various causes of action based on its assumption of such liabilities under § 2.3 of the Sale Agreement.  While Plaintiffs believe they have punitive claims against New GM based on the actions of Old GM, Plaintiffs also have independent claims for punitive damages against New GM based solely on the conduct of New GM and its failure to recall or retrofit the 1996 GMC truck or to warn of the

dangerous condition from the time of the 363 Sale to the time of the accident which injured Plaintiff James Moore.[2]

          Respectfully Submitted,

          **ANTHONY LAW FIRM, P.A.**

          *s/Kenneth C. Anthony, Jr.*
          Kenneth C. Anthony, Jr., Fed. Bar No.: 1102
          K. Jay Anthony, Fed. Bar No.: 10870
          P.O. Box 3565 (29304)
          250 Magnolia Street (29306)
          Spartanburg, S.C.
          (864) 582-2355 p
          (864) 583-9772 f
          kanthony@anthonylaw.com

          **ATTORNEYS FOR THE PLAINTIFF**

Spartanburg, South Carolina
September 13, 2015

---

[2] In presenting evidence regarding the conduct of New GM to justify a punitive award, Plaintiffs may cite to documents, including testing and complaints, created during the time of Old GM. Such documents were transferred to New GM pursuant to § 2.2(a)(xiv) of the Sale Agreement and Plaintiffs may cite the same as notice of the problem with the hoist mechanism to New GM or insofar as New GM employees can be shown to have notice and knowledge of the same.