# EXHIBIT A

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

August 26, 2015

**Via E-Mail And Overnight Delivery**
Robert B. Adelman
Adelman Hirsch & Connors, LLP
1000 Lafayette Boulevard
Bridgeport, CT 06604

   Re: *Pitterman et al. v. General Motors LLC*
      **Case No.: 3:14-cv-00967 (JCH) (U.S.D.C. D. Conn.)**

Dear Counsel:

  Reference is made to the *Complaint* ("**Pleading**"), filed in the above-referenced lawsuit ("**Lawsuit**"), which seeks to hold General Motors LLC ("**New GM**") liable for various claims, as well as seeks punitive damages relating to vehicles/parts manufactured and sold by Motors Liquidation Company (f/k/a General Motors Corporation) ("**Old GM**"). From a review of the Pleading, it appears that Plaintiff is making allegations and seeking punitive damages from New GM that arise from the conduct of Old GM (and not New GM). The attempt to seek such punitive damages from New GM is a violation of the Sale Order and Injunction (as herein defined) entered by the Bankruptcy Court (as herein defined). *See Decision on Motion to Enforce Sale Order, In re Motors Liquidation Company*, 529 B.R. 510 (Bankr. S.D.N.Y 2015) ("**Decision**"), as well as the Judgment entered by the Bankruptcy Court on June 1, 2015 ("**Judgment**").[1] As such, the request for punitive damages cannot be maintained against New GM.

  The Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 (as amended) ("**Sale Agreement**"), which was approved by an Order, dated July 5, 2009 ("**Sale Order and Injunction**"), of the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"), is clear in this regard. Specifically, under the Sale Agreement, New GM assumed only three categories of liabilities for vehicles and parts sold by Old GM: (a) post-sale accidents or incidents[2] involving Old GM vehicles causing personal injury, loss of life or property

---

[1] A copy of the Judgment is annexed hereto as **Exhibit "A."** The Judgment memorializes the rulings in the Decision, a copy of which is annexed hereto as **Exhibit "B."**

[2] According to the Pleading, Plaintiff is asserting, among others, product liability claims resulting from an accident that took place after the closing of the sale from Old GM to New GM. New GM assumed "Product Liabilities" (as defined in the Sale Agreement, as amended) for post-363 Sale accidents. As such, to the extent the Pleading asserts assumed Product Liabilities, those aspects of the Pleading would not be barred by the Sale Order and Injunction, the Sale Agreement or the Judgment. Note, however, that New GM disputes any and all liability for such claims.

26665016v1

Robert B. Adelman, Esq.
August 26, 2015
Page 2

damage; (b) repairs provided for under the "Glove Box Warranty"—a specific written warranty, of limited duration, that only covers repairs and replacement of parts and not monetary damages; and (c) Lemon Law claims (as defined in the Sale Agreement) essentially tied to the failure to honor the Glove Box Warranty. All other liabilities relating to vehicles and parts sold by Old GM were "Retained Liabilities" of Old GM. See Sale Agreement § 2.3(b). To the extent the request for punitive damages contained in the Pleading is based on a successor liability theory, such liabilities were not assumed by New GM and, accordingly, New GM cannot be liable to the Plaintiff under that theory of recovery.

In addition, the Sale Agreement made clear that while New GM assumed liabilities for post-sale accidents involving Old GM vehicles directly causing personal injury, loss of life, or property damage, that obligation was for the assumption of compensatory damages only – not punitive damages. The Sale Agreement defines "damages" as all Losses other than punitive damages. Moreover, the word "directly" in the definition of Product Liabilities was specifically used to make clear that the only liabilities assumed by New GM for post-sale accidents are those damages directly related to the accident. Punitive damages which are assessed to deter future wrongful conduct of Old GM, unrelated to the specific accident, was never something that New GM assumed. The Bankruptcy Court has previously found that New GM only assumed the liabilities that were commercially necessary for its post-sale business activities. Punitive damages assessed to punish alleged pre-sale wrongful conduct of Old GM would never be something considered "commercially necessary." In fact, based on the subordinated priority of punitive damage claims in bankruptcy, even Old GM would not have been required to pay such damages. And, clearly, New GM did not assume an obligation that Old GM would never have been required to pay.

Various provisions of the Sale Agreement and the Sale Order and Injunction provide that New GM would have no responsibility for any liabilities (except for Assumed Liabilities, as defined in the Sale Agreement) predicated on Old GM conduct, relating to the operation of Old GM's business, or the production of vehicles and parts before July 10, 2009. See, e.g., Sale Order and Injunction ¶¶ AA, 8, 46. The Sale Order and Injunction enjoins parties from bringing actions against New GM for unassumed Old GM liabilities. Id., ¶ 8. It also provides that the Bankruptcy Court retains "exclusive jurisdiction to enforce and implement the terms and provision of [the] Order" including to "protect [New GM] against any of the [liabilities that it did not expressly assume under the Sale Agreement]." Id., ¶ 71. If there is any ambiguity with respect to any of the foregoing -- which there should not be -- the exclusive forum to clarify that ambiguity is the Bankruptcy Court. The Bankruptcy Court has consistently exercised jurisdiction over issues such as those raised in the Lawsuit.[3]

The Bankruptcy Court recently issued the Judgment, which reiterated that "[e]xcept for Independent Claims and Assumed Liabilities (if any), all claims and/or causes of action that the Ignition Switch Plaintiffs may have against New GM concerning an Old GM vehicle or part seeking to impose liability or damages based in whole or in part on Old GM conduct (including, without limitation, on any successor liability theory of recovery) are barred and enjoined pursuant to the

---

[3] See, e.g., Trusky v. Gen. Motors LLC (In re Motors Liquidation Co.), Adv. Proc. No. 09-09803, 2013 WL 620281 (Bankr. S.D.N.Y. Feb. 19, 2013); Castillo v. Gen. Motors LLC (In re Motors Liquidation Co.), Adv. Proc. No. 09–00509, 2012 WL 1339496 (Bankr. S.D.N.Y. Apr. 17, 2012), aff'd, 500 B.R. 333 (S.D.N.Y. 2013), aff'd, No. 13-4223-BK, 2014 WL 4653066 (2d Cir. Sept. 19, 2014). See also Celotex Corp. v. Edward, 514 U.S. 300 (1995).

Robert B. Adelman, Esq.
August 26, 2015
Page 3

Sale Order . . . ." Judgment ¶ 9; *see also* Decision, 529 B.R. at 528 ("Claims premised in any way on Old GM conduct are properly proscribed under the Sale Agreement and the Sale Order, and by reason of the Court's other rulings, the prohibitions against the assertion of such claims stand."). The reasoning and rulings set forth in the Judgment and Decision are equally applicable to the Lawsuit. To the extent that the Pleading requests punitive damages based on Old GM conduct, such a request is proscribed. Accordingly, the Pleading should be amended so that it is consistent with the rulings in the Judgment, Decision and Sale Order and Injunction.

The Judgment provides procedures for amending pleadings that violate the Judgment, Decision and Sale Order and Injunction. Specifically, it provides as follows:

> New GM is hereby authorized to serve this Judgment and the Decision upon any additional party (or his or her attorney) (each, an "**Additional Party**") that commences a lawsuit and/or is not otherwise on Exhibits "A" through "D" hereto (each, an "**Additional Lawsuit**") against New GM that would be proscribed by the Sale Order (as modified by the Decision and this Judgment). Any Additional Party shall have 17 business days upon receipt of service by New GM of the Decision and Judgment to dismiss, without prejudice, such Additional Lawsuit or the allegations, claims or causes of action contained in such Additional Lawsuit that would violate the Decision, this Judgment, or the Sale Order (as modified by the Decision and this Judgment).

Judgment ¶ 18(a). Accordingly, pursuant to the terms of the Judgment, you have 17 business days from receipt of the Decision and Judgment to amend the Pleading by striking the provisions that do not comply with the Judgment, Decision and Sale Order and Injunction.

To the extent you have a

> good faith basis to maintain that the Additional Lawsuit or certain allegations, claims or causes of action contained in such Additional Lawsuit should not be dismissed without prejudice, [you] shall, within 17 business days upon receipt of the Decision and Judgment, file with [the Bankruptcy Court] a No Dismissal Pleading explaining why such Additional Lawsuit or certain claims or causes of action contained therein should not be dismissed without prejudice. *The No Dismissal Pleading shall not reargue issues that were already decided by the Decision and Judgment*. New GM shall file a response to the No Dismissal Pleading within 17 business days of service of the No Dismissal Pleading. The [Bankruptcy] Court will schedule a hearing thereon if it believes one is necessary.

*Id.* ¶ 18(b) (emphasis added).

If you fail to either timely strike the offending provisions in the Pleading or timely file a No Dismissal Pleading, New GM is permitted to file with the Bankruptcy Court a "notice of presentment on five (5) business days' notice, with an attached Dismissal Order that directs [you] to dismiss without prejudice the [offending provisions in the Pleading] . . ., within 17 business days of receipt of the Dismissal Order." *Id.* ¶ 18(c).

Robert B. Adelman, Esq.
August 26, 2015
Page 4

    This letter and its attachments constitute service on you of the Judgment and Decision, which triggers the provisions in paragraph 18 of the Judgment with respect to the Lawsuit.

    New GM reserves all of its rights regarding any continuing violations of the Bankruptcy Court's rulings.

    If you have any questions, please call me.

Very truly yours,

/s/ Scott I. Davidson

Scott I. Davidson

SD/hs
Encl.

cc:    Kent B. Hanson
       Mark J. Claflin
       Emily E. Cosentino