**OBJECTION DEADLINE: July 8, 2016 at 4:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME: July 18, 2016 at 10:00 a.m. (Eastern Time)**

| | |
|---|---|
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | **LIEFF CABRASER HEIMANN &** |
| Steve W. Berman (admitted *pro hac vice*) | **BERNSTEIN, LLP** |
| 1918 Eighth Avenue, Suite 3300 | Elizabeth J. Cabraser |
| Seattle, WA 98101 | 275 Battery St., 29th Floor |
| Telephone: 206-623-7292 | San Francisco, CA 94111 |
| | Telephone: 415-956-1000 |
| *Attorneys and Co-Lead Counsel for Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the MDL Court* | |
| **BROWN RUDNICK LLP** | **STUTZMAN, BROMBERG, ESSERMAN &** |
| Edward S. Weisfelner | **PLIFKA, A PROFESSIONAL** |
| Seven Times Square | **CORPORATION** |
| New York, NY 10036 | Sander L. Esserman |
| Telephone: 212-209-4800 | 2323 Bryan Street, Suite 2200 |
| | Dallas, TX 75201 |
| | Telephone: 214-969-4900 |
| *Attorneys and Designated Counsel for Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the Bankruptcy Court* | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ X
In re:                                                                              : Chapter 11
                                                                                       :
MOTORS LIQUIDATION COMPANY, *et al.*,          : No. 09-50026 (MG)
f/k/a GENERAL MOTORS CORP., *et al.*,                 :
                                                                                       : (Jointly Administered)
                                                           Debtors.         :
------------------------------------------------------------------ X

**RESPONSE TO MOTION BY GENERAL**
**MOTORS LLC PURSUANT TO 11 U.S.C. §§ 105**
**AND 363 TO ENFORCE THE BANKRUPTCY COURT'S**
**JULY 5, 2009 SALE ORDER AND INJUNCTION, AND THE**
**RULINGS IN CONNECTION THEREWITH, WITH RESPECT TO**
**PLAINTIFFS IDENTIFIED ON SCHEDULE "1" ATTACHED THERETO**

**THE SECOND JUNE 2016 MOTION TO ENFORCE**

Co-Lead Counsel in the multidistrict litigation captioned In re Gen. Motors LLC Ignition Switch Litig., No. 14-MD-2543 (JMF) (S.D.N.Y.) (the "MDL") and Designated Counsel in the Bankruptcy Court for the Ignition Switch Plaintiffs[1] and Certain Non-Ignition Switch Plaintiffs[2] (collectively, the "MDL Class Plaintiffs") respectfully submit this response to the Second June 2016 Motion to Enforce,[3] and state as follows:

**RESPONSE AND RESERVATION OF RIGHTS**

1. In the Second June 2016 Motion to Enforce, New GM asserts that the PI Plaintiffs, as Post-Closing Accident Plaintiffs who own or lease vehicles without the Ignition Switch Defect, must amend their complaints to, *inter alia*, strike claims against New GM involving Old GM vehicles and parts based solely on New GM's own, independent, post-Closing acts or conduct ("Independent Claims").

---

[1] "Ignition Switch Plaintiffs" shall mean those plaintiffs who own or lease a vehicle with the Ignition Switch Defect involved in the February and March 2014 Recalls (Recall No. 14-V-047). Thus, the term Ignition Switch Plaintiffs as used in this response includes only plaintiffs who own or lease those vehicles, and does not include those plaintiffs who own or lease other vehicles with defective ignition switches that were recalled in June and July 2014.

[2] "Non-Ignition Switch Plaintiffs" shall mean all plaintiffs that have commenced a lawsuit against New GM asserting economic losses based on or arising from an alleged defect, other than the Ignition Switch in the vehicles subject to Recall No. 14-V-047, or based on or arising from economic losses and diminution in value of their Old GM vehicles based on the Ignition Switch Defect or other alleged defects in Old GM vehicles.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Motion by General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Bankruptcy Court's July 5, 2009 Sale Order and Injunction, and the Rulings in Connection Therewith, With Respect to Plaintiffs Identified on Schedule "1" Attached Hereto*, dated June 24, 2016 [ECF No. 13655] (the "Second June 2016 Motion to Enforce").

1

2. The MDL Class Plaintiffs believe that any limitation regarding Independent Claims is unduly restrictive[4] and the breadth of the Sale Order and the Bankruptcy Court's subject matter jurisdiction are issues on appeal with the Second Circuit, *sub judice*.[5]

3. Given that the Second Circuit's decision may be dispositive of this issue, the Court may defer ruling on issues regarding Non-Ignition Switch Plaintiffs' Independent Claims until the Second Circuit decision.

4. Indeed, at the June 27, 2016 hearing on the June 2016 Motion to Enforce, this Court suggested that may be the best course—maintain a stay and defer ruling on issues related to Non-Ignition Switch Plaintiffs' Independent Claims until the Second Circuit's decision because the Second Circuit's ruling may be dispositive of these issues. See Hr'g Tr., In re Motors Liquidation Co., Case No. 09-50026-MG (Bankr. S.D.N.Y. June 27, 2016), 22:4-11 ("[I]f they work out an agreement with New GM [on independent claims] fine, but if they don't, I mean, part of my reaction is I'm going to enjoin it until they stop. I'm going to enter a preliminary injunction against them until the Second Circuit rules. . . . Because I think that what the Second Circuit has to say may well be dispositive of the issues . . . ."); 38:25-39:3 ("If you want to drop the alleged independent claim, fine. If not, we'll all wait for the Second Circuit to

---

[4] See Br. for Appellant Ignition Switch Plaintiffs, Elliott v. General Motors LLC (In re Motors Liquidation Co.), Appeal Nos. 15-2844(L), 15-2847(XAP), 15-2848(XAP) (2d Cir. Nov. 16, 2015) (ECF No. 235), at 39-44 (arguing that a bankruptcy court's subject matter jurisdiction does not extend to third party claims which do not impact the *res* of the estate, and therefore, Independent Claims of *any* plaintiff should be permitted to proceed against New GM and that Independent Claims cannot be enjoined by the June 2015 Decision because such claims do not "arise in" or "under" Title 11 and are not "related to" Title 11); Response and Reply Br. for Appellant-Cross-Appellee Ignition Switch Plaintiffs, Elliott v. General Motors LLC (In re Motors Liquidation Co.), Appeal Nos. 15-2844(L), 15-2847(XAP), 15-2848(XAP) (2d Cir. Feb. 1, 2016) (ECF No. 315), at 30-33 (same). Although Co-Lead Counsel amended the MDL Class Plaintiffs' complaint in the MDL in light of the Bankruptcy Court's rulings such that the only Old GM vehicle owners and lessees bringing claims are Ignition Switch Plaintiffs, that amendment is subject to a reservation of rights to amend the complaint to reinstate claims on behalf of *all* Old GM vehicle owners and lessees when and if the Bankruptcy Court's rulings are altered by the Second Circuit or other court of competent jurisdiction. See Third Am. Consol. Compl., In re Gen. Motors LLC Ignition Switch Litig., 14-MD-2543 (JMF) (S.D.N.Y. Dec. 18, 2015) (ECF No. 1915), at 1.

[5] See Appellants' Statement of Issues on Appeal and Amended Designation of Items to be Included in the Record on Appeal, In re Motors Liquidation Co., Case No. 09-50026 (MG) (Bankr. S.D.N.Y. July 14, 2015) (ECF No. 13299). The Second Circuit reserved decision following oral argument held on March 15, 2016.

2

decide, and I'll see what issues the Second Circuit decides and which ones it doesn't."); 72:24-73:3 ("[O]ne of the things I'm very seriously contemplating is maintaining a stay in place until the Second Circuit rules and then giving everybody a chance to come back and tell me how the Second Circuit does or does not resolve the issues.").

5. In connection with the Second June 2016 Motion to Enforce, the MDL Class Plaintiffs believe that deferring ruling on issues regarding Non-Ignition Switch Plaintiffs' Independent Claims until the Second Circuit's ruling is the most pragmatic and equitable result and respectfully request that the Court do so.

6. The MDL Class Plaintiffs additionally reserve all rights to supplement this response and be heard at the hearing on the Second June 2016 Motion to Enforce.

[*Remainder of the page intentionally left blank*]

3

Dated: New York, New York
July 8, 2016

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

/s/  Steve W. Berman
Steve W. Berman (admitted *pro hac vice*)
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: 206-623-7292

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Elizabeth J. Cabraser
275 Battery St., 29th Floor
San Francisco, CA 94111
Telephone: 415-956-1000

*Attorneys and Co-Lead Counsel for Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the MDL Court*

-and-

BROWN RUDNICK LLP
Edward S. Weisfelner
Seven Times Square
New York, NY 10036
Telephone: 212-209-4800

STUTZMAN, BROMBERG, ESERMAN &
PLIFKA, A PROFESSIONAL
CORPORATION
Sander L. Esserman
2323 Bryan Street, Suite 2200
Dallas, TX 75201
Telephone: 214-969-4900

*Attorneys and Designated Counsel for Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the Bankruptcy Court*

4