**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
In re:                                                                       :        Chapter 11
                                                                                :
MOTORS LIQUIDATION COMPANY, *et al.*,           :        Case Nos.:  09-50026 (MG)
    f/k/a General Motors Corp., *et al.*                  :
                                                                                :        (Jointly Administered)
               Debtors.                                  :
-----------------------------------------------------------X

**STIPULATION AND AGREED ORDER RESOLVING MOTION BY
GENERAL MOTORS LLC PURSUANT TO 11 U.S.C. §§ 105 AND 363
TO ENFORCE THE BANKRUPTCY COURT'S JULY 5, 2009 SALE
ORDER AND INJUNCTION, AND THE RULINGS IN
CONNECTION THEREWITH WITH RESPECT TO THE FOX PLAINTIFF**

General Motors LLC ("**New GM**") and Veronica Alaine Fox ("**Fox Plaintiff**," and together with New GM, the "**Parties**"), by and through their undersigned counsel, enter into this Stipulation and Agreed Order as follows:

WHEREAS, on June 1, 2016, New GM filed the *Motion by General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Bankruptcy Court's July 5, 2009 Sale Order and Injunction, and the Rulings in Connection Therewith* [ECF No. 13634] (the "**Motion**") with this Court,[1] seeking an order directing, among others, the Fox Plaintiff and her counsel in the Fox Lawsuit pending in the Georgia State Court to amend her Recast & Amended Complaint for Damages ("**Fox Amended Complaint**");

WHEREAS, on June 20, 2016 the State Court Plaintiffs (including the Fox Plaintiff) filed their *Objection By State Court Plaintiffs To Motion By General Motors LLC Pursuant To 11 U.S.C. §§ 105 And 363 To Enforce The Bankruptcy Court's July 5, 2009 Sale Order And Injunction, And The Rulings In Connection Therewith* [Dkt. No. 13642] ("**Objection**"); and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion. The Motion was filed against the Fox Plaintiff, along with three other plaintiffs, which are collectively referred to herein, and defined in the Motion as, the "**State Court Plaintiffs**."

WHEREAS, after good faith, arm's length negotiations, the Parties have agreed to resolve the issues set forth in the Motion and the Objection with respect to the Fox Plaintiff on the terms set forth below.

NOW, THEREFORE, it is hereby stipulated and agreed, by and among the Parties, subject to approval of the Bankruptcy Court, that:

1. New GM agrees that it assumed Product Liabilities (as defined in the Sale Agreement) in connection with its purchase of assets from Old GM.

2. New GM's assumption of Product Liabilities as to the Fox Plaintiff is subject to, among other things, the Fox Plaintiff proving that one or more of the exceptions to the Georgia statute of repose are applicable in her case.

3. The Fox Plaintiff has amended the Fox Complaint to remove allegations, claims and request for damages that New GM contends in its Motion contravene the Sale Order and Injunction and the related Bankruptcy Court rulings. A copy of the revised Fox Complaint ("Third Amended & Recast Complaint"), which is acceptable to the Parties and satisfactorily addresses the bankruptcy issues raised by New GM, is attached hereto as **Exhibit A**.

4. The Fox Plaintiff has agreed to file the Third Recast & Amended Complaint with the Georgia State Court within three (3) business days of the Bankruptcy Court so ordering this Stipulation and Agreed Order.

5. The Fox Plaintiff agrees that she will not attempt to assert any Independent Claims against New GM including an independent duty to warn by New GM (as contrasted to New GM's assumption of Old GM's alleged duty to warn in the context of an assumed Product Liability), and will not seek punitive damages against New GM in the Fox Lawsuit.

6. Nothing set forth in this Stipulation and Agreed Order or in the attached Third Recast & Amended Complaint shall constitute an admission of any allegation, fact or liability.

7. The Parties agree that the Bankruptcy Court shall retain exclusive jurisdiction with respect to all matters arising from or related to this Stipulation and Agreed Order, including, if necessary, to address any issues related to the interpretation or enforcement of this Stipulation and Agreed Order. The Parties agree that any issue relating to this Stipulation and Order will be resolved on an expedited basis with a hearing to be scheduled (subject to the Court's schedule) within three business days of the filing of a motion to enforce this Stipulation and Agreed Order.

8. Questions related to the admissibility of evidence will be decided by the State Court of Cobb County.

9. The Parties each agree to execute such documents as may be reasonably necessary to carry out the terms of this Stipulation and Agreed Order, including but not limited to any documents required by any other court to effectuate the implementation of this Stipulation and Agreed Order.

10. This Stipulation and Agreed Order constitutes the entire agreement and understanding between the Parties regarding the subject matter herein, and supersedes all prior promises or agreements with respect to the subject matter herein.  No waiver or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by the Parties hereto.

11. This Stipulation and Order may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document.  Facsimile signatures or signatures received via e-mail transmission are treated as a binding and original document, and the facsimile signature or e-mail signature of any party is considered an original signature.

Dated: New York, New York
July 1, 2016

| | |
|---|---|
| ___/s/ Arthur Steinberg_____<br>Arthur Steinberg<br>Scott Davidson<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>(212) 556-2100<br><br>-and-<br><br>Richard C. Godfrey, P.C. (admitted pro hac vice)<br>Andrew B. Bloomer, P.C. (admitted pro hac vice)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br><br>*Counsel for General Motors LLC* | ___/s/ William P. Weintraub_____<br>William P. Weintraub<br>Gregory W. Fox<br>GOODWIN PROCTER LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>(212) 813-8800<br><br>*Counsel for Butler Wooten & Peak LLP (which is counsel for the Fox Plaintiff)* |

**IT IS SO ORDERED.**

Dated:  July 12, 2016.
New York, New York

                                                  _____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge