**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                                                   :    Chapter 11
                                                                                              :
MOTORS LIQUIDATION COMPANY, *et al.*,     :    Case No.: 09-50026 (MG)
    f/k/a General Motors Corp., *et al.*                :
                                                                                              :
                        Debtors.       :    (Jointly Administered)
------------------------------------------------------------x

**ORDER GRANTING PARTIAL RELIEF IN CONNECTION WITH MOTION OF GENERAL MOTORS LLC PURSUANT TO 11 U.S.C. §§ 105 AND 363 TO ENFORCE THE BANKRUPTCY COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION AND THE RULINGS IN CONNECTION THEREWITH**

Upon the Motion, dated June 1, 2016 ("**June 1 Motion to Enforce**," ECF Doc. # 13634-1), of General Motors LLC ("**New GM**"),[1] seeking the entry of an order (i) enforcing the Sale Order and Injunction, entered by the Bankruptcy Court on July 5, 2009, and the Bankruptcy Court's rulings in connection therewith, by directing the State Court Plaintiffs to amend their Complaints so that they comply with the Sale Order and Injunction and the other Bankruptcy Court rulings, all as more fully set forth in the June 1 Motion to Enforce; and upon the Objection filed by the State Court Plaintiffs and the Response filed by Lead MDL Counsel in response to the June 1 Motion to Enforce, and the reply filed by New GM in response thereto; and upon due and proper notice of the June 1 Motion to Enforce having been provided, and it appearing that no other or further notice need be given; and a hearing (the "**Hearing**") having been held with respect to the June 1 Motion to Enforce on June 27, 2016; and upon the record of the Hearing, and after due deliberation and sufficient cause appearing therefore, it is hereby:[2]

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the June 1 Motion to Enforce.

[2]    As the Lemus Lawsuit has previously been settled, it is not subject to the June 1 Motion to Enforce or this Order.

**ORDERED** that the June 1 Motion to Enforce is GRANTED to the extent set forth below, and the Court will reserve decision with respect to the balance of the relief requested in the June 1 Motion to Enforce; and it is further

**ORDERED** that with respect to the Chapman and Tibbetts Lawsuits, subject to the next paragraph of this Order, (i) within three (3) business days of the entry of this Order, counsel for the Chapman and Tibbetts Plaintiffs shall provide to counsel for New GM amended complaints that purport to fully comply with the Bankruptcy Court's rulings with respect to the allegations in the Chapman and Tibbetts Complaints, (reserving the issues related to Independent Claims and punitive damages, as described below) (ii) within two (2) business days of receipt of the proposed Chapman and Tibbetts amended complaints, counsel for New GM is to notify counsel for the Chapman and Tibbetts Plaintiffs whether New GM agrees that the allegations in the amended complaints fully comply with the Bankruptcy Court's rulings, or if they do not, which allegations need to be corrected, (iii) within two (2) business days of New GM providing the notification discussed in (ii) above, counsel for New GM and counsel for the Chapman and Tibbetts Plaintiffs shall meet and confer ("**Chapman and Tibbetts Meet and Confer**") to attempt to resolve any remaining issues with respect to the allegations in the amended complaints; (iv) within two (2) business days of the Chapman and Tibbetts Meet and Confer, counsel for New GM and counsel for the Chapman and Tibbetts Plaintiffs shall either (a) jointly notify the Court by letter that the allegations in the amended complaints fully comply with the Bankruptcy Court's rulings, or, if New GM contends they do not, (b) each submit a marked up version of the proposed amended complaints which they each contend fully complies with the Bankruptcy Court's rulings, and the Court shall determine which versions of the proposed amended complaints are compliant with the Bankruptcy Court's rulings; and (v) within two (2)

business days of the Bankruptcy Court's ruling, the Chapman and Tibbetts Plaintiffs shall serve the compliant amended complaints on New GM who shall thereafter respond to such amended complaints in accordance with applicable state law; and it is further

**ORDERED** that the issues raised by the June 1 Motion to Enforce and the State Court Plaintiffs' Objection concerning whether the Chapman and Tibbetts Plaintiffs can assert Independent Claims against New GM and whether the Chapman and Tibbetts Plaintiffs can seek punitive damages against New GM shall be reserved and taken under advisement by this Court and will be addressed in a subsequent Order ("**Subsequent Order**") of this Court, and, until that Subsequent Order is entered by this Court, the Chapman and Tibbetts Plaintiffs shall be stayed and restrained from further prosecuting any Independent Claims or punitive damages, *provided however*, that the Chapman and Tibbetts Plaintiff and New GM may take such actions as set forth in the prior paragraph of this Order with respect to the proposed Chapman and Tibbetts amended complaints; and it is further

**ORDERED** that this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated: July 12, 2016.
New York, New York

                                                    _/s/Martin Glenn_
                                                    MARTIN GLENN
                                     United States Bankruptcy Judge