# Exhibit A

Page 1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 09-50026-reg

5  - - - - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  MOTORS LIQUIDATION COMPANY, et al.

9           f/k/a General Motors Corporation, et al.,

10

11             Debtors.

12

13 - - - - - - - - - - - - - - - - - - - - - - -x

14

15             U.S. Bankruptcy Court

16             One Bowling Green

17             New York, New York

18

19             June 1, 2010

20             9:42 AM

21

22  B E F O R E:

23  HON. ROBERT E. GERBER

24  U.S. BANKRUPTCY JUDGE

25

```
                                                              Page 2

  1

  2    Motion of General Motors, LLC for Entry of an Order Pursuant to

  3    11 U.S.C. Section 105 Enforcing 363 Sale Order

  4

  5

  6

  7

  8

  9

 10

 11

 12

 13

 14

 15

 16

 17

 18

 19

 20

 21

 22

 23

 24

 25    Transcribed by:  Dena Page
```

09-50026-mg Doc 13681-1 Filed 07/13/16 Entered 07/13/16 11:45:39 Exhibit A
09-50026-reg Doc 5961 Filed 06/03/10 Entered 06/03/10 12:42:00 Main Document
Pg 4 of 12 / Pg 3 of 127

Page 3

```
 1  A P P E A R A N C E S :

 2  WEIL, GOTSHAL & MANGES LLP

 3      Attorneys for Debtors and Debtors-in-Possession

 4      767 Fifth Avenue

 5      New York, NY 10153

 6

 7  BY:  STEPHEN KAROTKIN, ESQ.

 8       PABLO FALABELLA, ESQ.

 9

10

11  KRAMER LEVIN NAFTALIS & FRANKEL LLP

12      Attorneys for the Official Committee of Unsecured

13         Creditors

14      1177 Avenue of the Americas

15      New York, NY 10036

16

17  BY:  JENNIFER R. SHARRET, ESQ.

18

19

20  LAW OFFICES OF RUTLEDGE & RUTLEDGE, P.C.

21      Attorneys for Shane J. Robley

22      1053 West Rex Road #101

23      Memphis, TN 36119

24

25  BY:  ROGER KEITH RUTLEDGE, ESQ.
```

Page 4

```
 1   NORRIS, MCLAUGHLIN & MARCUS, P.A.
 2        Attorneys for Sanford Deutsch and the estate of Beverly
 3          Deutsch
 4        875 Third Avenue
 5        8th Floor
 6        New York, NY 10022
 7
 8   BY:   MELISSA A. PENA, ESQ.
 9
10
11   THE LAW OFFICES OF BARRY NOVACK
12        Attorneys for Sanford Deutsch and the estate of Beverly
13          Deutsch
14        8383 Wilshire Boulevard
15        Suite 830
16        Beverly Hills, CA 90211
17
18   BY:   BARRY B. NOVACK, ESQ.
19
20
21
22
23
24
25
```

Page 5

1  STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.
2       Attorneys for Legal Representatives
3       2323 Bryan Street
4       Suite 2200
5       Dallas, TX 75201
6
7  BY:   JO E. HARTWICK, ESQ. (TELEPHONICALLY)
8
9
10 ALSO PRESENT:
11      TERRIE SIZEMORE, Pro Se
12
13
14
15
16
17
18
19
20
21
22
23
24
25

09-50026-mg Doc 13681-1 Filed 07/13/16 Entered 07/13/16 14:45:39 Exhibit A
Pg 7 of 127

09-50026-reg Doc 5961 Filed 06/03/10 Entered 06/10/10 09:34:00 Main Document
Pg 6 of 177

MOTORS LIQUIDATION COMPANY, et al.

Page 6

```
 1                P R O C E E D I N G S
 2          THE COURT:  We have GM on for 9:45 and it's a little
 3   bit early.  Let me ask if people are ready to go on GM.  Is
 4   everybody who would want to be heard on that -- I think I need
 5   to hear, in addition to the debtors, from Ms. Sizemore -- or,
 6   Dr. Sizemore.  I hope you're on the phone.  Are you on the
 7   phone, Dr. Sizemore?
 8          COURTCALL OPERATOR:  She has no appearance for that
 9   matter, Your Honor.
10          THE COURT:  Okay, I heard you but not very loudly, so
11   I'm going to ask you to speak up.
12          Mr. Rutledge?
13          COURTCALL OPERATOR:  Your Honor?  Your Honor?
14          THE COURT:  Are you Dr. Sizemore?  Oh, you came
15   personally, after all.  All right, very well.
16          MR. RUTLEDGE:  Your Honor, I'm Roger Rutledge.  I'm
17   here from the Western District of Tennessee.  I have a motion
18   for appearance pro hac vice before the Court and would hope
19   that the Court would grant that.
20          THE COURT:  Of course.  Welcome.
21          MR. RUTLEDGE:  Thank you, Your Honor.
22          THE COURT:  And on behalf of the -- is it Deutsch
23   litigants?
24          MS. PENA:  Yes, Your Honor.  Melissa Pena from the law
25   firm Norris, McLaughlin & Marcus.  I serve as local counsel for
```

09-50026-mg Doc 13681-1 Filed 07/13/16 Entered 07/13/16 14:45:39 Exhibit A
Pg 58 of 77

09-50026-reg Doc 5961 Filed 06/03/10 Entered 06/03/10 14:45:39 Main Document
MOTORS LIQUIDATION COMPANY, et al.
Pg 8 of 12

Page 58

1  sale order.  So we must look to the ARMSPA, rather than the

2  issues relating to the underlying claims, to ascertain the

3  extent, if any, to which the ARMSPA covers her claims as an

4  assumed liability.

5            That's a matter as to which she made no substantive

6  arguments.  I find no fault with her having acted as she did,

7  especially in light of the fact that she's a pro se litigant,

8  and certainly I wouldn't think of imposing sanctions on her,

9  and I do not do so now.  But the issue before me is,

10  nevertheless, whether her lawsuit must be brought to a halt, or

11  putting it differently, whether she can't bring it -- continue

12  it anymore, and the answer is that she can't continue it

13  anymore.  That's especially so since the discovery she seeks

14  relates to the merits of her claims as contrasted to the

15  content or intent of the ARMSPA whose terms defined the extent

16  to which she could or could not properly proceed.

17            Without dispute, Dr. Sizemore was injured in a

18  prepetition accident.  As relevant here, the ARMSPA

19  unequivocally provides that for claims to have been assumed by

20  New GM when they are based on an accident taking place at some

21  point in time, those accidents to be allowed to be assumed by

22  New GM must have taken place on or after the closing date.  Dr.

23  Sizemore simply doesn't qualify under that language.

24            Since Dr. Sizemore's claims result from an accident

25  prior to the closing date, she might have a prepetition claim

09-50026-mg Doc 13681-1 Filed 07/13/16 Entered 07/13/16 14:45:39 Exhibit A
Pg 59 of 77

09-50026-reg Doc 5961 Filed 06/03/10 Entered 06/03/10 21:04:39 Main Document
Pg 59 of 125

MOTORS LIQUIDATION COMPANY, et al.

Page 59

1  against Old GM, an issue that I haven't been asked to decide
2  today and which I'm not currently deciding. But her claim, if
3  any, is certainly not an assumed liability. Therefore, Dr.
4  Sizemore will be stayed from taking any action against New GM
5  on account of or arising from her preclosing date accident,
6  including for the avoidance of doubt, continuing litigation
7  against New GM for the purpose of conducting discovery on any
8  issue.
9           Turning next to the objection filed by Shane Robley,
10 Mr. Robley argues that New GM's motion should be denied
11 because, one, Mr. Robley was deprived of procedural due process
12 because he didn't receive actual notice of the sale motion that
13 led to the sale order; two, the sale to New GM did not convey
14 those assets free and clear of his product liability claim; and
15 three, that selecting July 10, 2009 as the closing date was
16 arbitrary, capricious, and unjust, or, putting it somewhat
17 differently, that I should force New GM to assume his and
18 perhaps other liabilities by reason of my notions of equity.
19          New GM disputes each of those contentions, and on the
20 facts and law here, I must agree with New GM. It's agreed by
21 all concerned that Mr. Robley didn't get mailed a personal
22 notice of the 363 hearing that resulted in the sale order, very
23 possibly because as of that time, Mr. Robley had not sued
24 either Old GM or New GM yet. It's also agreed that Old GM and
25 New GM did not give personal notice of the 363 hearing to all

09-50026-mg Doc 13681-1 Filed 07/13/16 Entered 07/13/16 14:45:39 Exhibit A
Pg 60 of 127

09-50026-reg Doc 5961 Filed 06/03/10 Entered 06/03/10 06:45:39 Main Document
Pg 60 of 77

MOTORS LIQUIDATION COMPANY, et al.

Page 60

```
 1   of the individuals who had ever purchased a GM vehicle, and
 2   instead, supplemented its personal notice to a much smaller
 3   universe of people by notice by publication.  It's also
 4   undisputed that I expressly approved the notice that had been
 5   given in advance of the 363 hearing including the notice by
 6   publication, which I found to be reasonable under the
 7   circumstances.
 8             Mr. Robley relies on the First Circuit's decision in
 9   Western Auto Supply Company v. Savage Arms, Inc., 43 F.3d 714
10   (1st Cir, 1994), in which the First Circuit Court of Appeals,
11   speaking through Judge Conrad Cyr, a highly respected former
12   bankruptcy judge, agreed with the district judge that the
13   bankruptcy court had erred when the bankruptcy court enjoined
14   prosecution of product line liability actions brought against
15   the purchaser of the debtor's business for lack of notice.  But
16   the critically important distinction between this case and the
17   Savage Arms case is that here, and not there, notice was also
18   given by publication.  We all agree that due process requires
19   the best notice practical, but we look to the best notice
20   that's available under the circumstances.  Here, under the
21   facts presented in June of 2009, GM didn't have the luxury of
22   waiting to send out notice by mail to hundreds of thousands of
23   GM car owners, and instead gave notice by publication, which I
24   approved.  In Savage Arms, the debtor "conceitedly made no
25   attempt to provide notice by publication" (43 F.3d at 721) and
```

09-50026-mg Doc 13681-1 Filed 07/13/16 Entered 07/13/16 21:04:39 Exhibit A
09-50026-reg Doc 5961 Filed 06/04/10 MOTORS LIQUIDATION COMPANY, et al. Main Document
Pg 61 of 127

Page 61

1   the notice that was given was never determined, "appropriate in

2   the particular circumstances" (Id. at 722).  In other words,

3   the First Circuit found it significant that the debtors in

4   Savage Arms didn't do the very thing that was done here.

5            As I've indicated, I've already determined that notice

6   was appropriate in the particular circumstances, and provided

7   for that in an order that entered on July 5th, 2009 that

8   remains valid today.  Moreover, it's obvious that the notice

9   was, indeed, appropriate and did what it was supposed to do

10  because it permitted Mr. Jakubowski, in particular, to make

11  effectively and well the very arguments that Mr. Robley's

12  counsel would, himself, have to make either now or back then

13  and which I then considered and rejected.

14           I've already ruled on the arguments dealing with the

15  underlying propriety of a free and clear order cutting off

16  product liabilities claims as set forth in my opinion published

17  at 407 B.R. 463.  Until or unless some higher court reverses my

18  determination -- and neither of the district courts who've

19  ruled on that determination have yet done so (see 2010 W.L.

20  1524763 and 2010 W.L. 1730802) -- they're res judicata, or at

21  least res judicata subject to any limitations on the res

22  judicata doctrine requiring a final order.  And of course,

23  they're stare decisis.  I found these arguments to be

24  unpersuasive last summer, and considering the great deal with

25  which my previous opinion dealt with those exact issues, I am

09-50026-mg Doc 13681-1 Filed 07/13/16 Entered 07/13/16 14:45:39 Exhibit A
Pg 62 of 127

09-50026-reg Doc 5961 Filed 06/01/10 Entered 06/01/10 14:04:39 Main Document
Pg 62 of 127

MOTORS LIQUIDATION COMPANY, et al.

Page 62

1  not of a mind, nor do I think I could or should, come to a
2  different view on those identical issues today.
3       Lastly, of course, I sympathize with Mr. Robley's
4  circumstances, just as I've sympathized with each of the tort
5  victims who have been limited to the assertion of prepetition
6  claims against Old GM.  But I'm constrained to act in
7  accordance with the law, and can't substitute my own notions of
8  fairness, equity, or sympathy for what the law requires me to
9  do.  That's especially so since choosing a closing date
10 required some date to be chosen and there's no evidence in the
11 record to lead me to believe that the closing date was done in
12 any way to particularly target Mr. Robley.
13      Finally, turning to Mr. Deutsch, Mr. Deutsch,
14 understandably, doesn't argue that the personal injury claims
15 he might otherwise be able to assert are prepetition claims.
16 But he argues that because Ms. Deutsch died after the closing,
17 her resulting wrongful death claim didn't come into being until
18 that time.  And he further argues that the death of Ms. Deutsch
19 constituted an incident separate and apart from an event upon
20 which the cause of action accrued.  Thus, he argues, that while
21 the wrongful death claim wasn't assumed because of an
22 "accident" taking place after the closing, it was an "incident"
23 or especially a "distinct and discrete occurrence" as appearing
24 in some of the versions of the ARMSPA.  However, the problem I
25 have is that the record is now confused as to which version of