# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*, | Case No. 09-50026 (MG) |
| | (Jointly Administered) |
| Debtors, | Adversary Proceeding Case No. 11-09406 (MG) |

------------------------------------------------------------------X

## STIPULATION AND AGREED ORDER (I) SETTLING DISPUTED ENTITLEMENTS OF DEBTOR-IN-POSSESSION LENDERS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO POTENTIAL TERM LOAN AVOIDANCE ACTION PROCEEDS, AND (II) MODIFYING AVOIDANCE ACTION TRUST AGREEMENT TO IMPLEMENT SETTLEMENT

This Stipulation and Agreed Order (this "**Stipulation and Order**") is made and entered into on the date hereof by and among (i) the United States Department of the Treasury and Export Development Canada (together, the "**DIP Lenders**"); (ii) the Official Committee of Unsecured Creditors of Motors Liquidation Company (the "**UCC**"); and (iii) the Motors Liquidation Company Avoidance Action Trust (the "**AAT**"), through Wilmington Trust Company, as Avoidance Action Trust Administrator and Trustee, and Arthur J. Gonzalez, as Avoidance Action Trust Monitor.

## RECITALS

A.   The DIP Lenders provided debtor-in-possession financing ("**DIP Financing**") to the Motors Liquidation Company bankruptcy estate (the "**Estate**"), including, without limitation, a $1.175 billion credit facility (the "**Wind-Down Facility**") to fund the wind-down of the Estate after the sale of substantially all the Estate's assets to an entity now known informally as New GM.

1

B.  As part of the DIP Financing, the DIP Lenders were granted, among other things, a superpriority administrative expense claim on account of the Wind-Down Facility in a total amount of $1.175 billion.

C.  The DIP Lenders also received certain security interests on account of the Wind-Down Facility, but agreed to exempt solely from the collateral that secured the Wind-Down Facility any interest in, among other things, the future proceeds from a pending adversary proceeding styled *Official Committee of Unsecured Creditors of Motors Liquidation Co. v. JPMorgan Chase Bank, N.A., et al.*, Adv. Pro. No. 09-504 (Bankr. S.D.N.Y.) (the "**Term Loan Avoidance Action**"), which the UCC was then authorized to pursue on behalf of the Estate.

D.  The Term Loan Avoidance Action remains pending and, pursuant to the Debtors' Second Amended Joint Chapter 11 Plan dated March 18, 2011 (the "**Plan**") and the Amended and Restated Avoidance Action Trust Agreement dated as of May 11, 2012 (the "**Avoidance Action Trust Agreement**"), is now being prosecuted by the AAT, with allocation of proceeds to be determined either by mutual agreement between the DIP Lenders and the UCC or by future order of this Court. *See* Notice of Amendment and Restatement of Motors Liquidation Company Avoidance Action Trust Agreement (ECF No. 11704).

E.  The DIP Lenders maintain that their superpriority administrative expense claim reaches any and all proceeds of the Term Loan Avoidance Action.

F.  The UCC disputes the DIP Lenders' entitlement to any of the funds recovered by the AAT through the Term Loan Avoidance Action. The UCC further asserts that the DIP Lenders agreed not to be repaid from Term Loan Avoidance Action proceeds and any such recovery should be distributed to unsecured creditors whose interests are represented by the UCC.

G.   The UCC commenced an adversary proceeding in the Bankruptcy Court (the "**DIP/UCC Proceeding**") against the DIP Lenders, by which the UCC sought a declaratory judgment on this issue, resulting in a ruling in favor of the UCC by this Court on November 28, 2011. *See Official Committee of Unsecured Creditors of Motors Liquidation Company v. United States Department of the Treasury (In re Motors Liquidation Company)*, 460 B.R. 603 (Bankr. S.D.N.Y. 2011)). The DIP Lenders appealed this ruling to the United States District Court for the Southern District of New York, which entered an opinion and order vacating the Bankruptcy Court's decision, and remanded the matter. *See United States Department of the Treasury v. Official Committee of Unsecured Creditors of Motors Liquidation Company*, 475 B.R. 347 (S.D.N.Y. 2012). No further applications or proceedings have occurred since the matter was remanded.

H.   The DIP Lenders and the UCC wish to resolve their dispute as to entitlements to proceeds of the Term Loan Avoidance Action based on the terms set forth herein and without the burden, expense, and uncertainty of further litigation. As a condition of such settlement, the DIP Lenders have agreed to provide certain additional funding to the AAT in respect of the Term Loan Avoidance Action expressly on terms provided herein.

I.   The AAT previously received certain funding to prosecute the Term Loan Avoidance Action, including from the DIP Lenders, but now requires additional funding to further prosecute this action. The AAT consents to both (i) the terms of this Stipulation and Order and (ii) the terms of the Litigation Cost Advance (as defined therein) set forth in the agreement (the "**Agreement**") annexed hereto as Exhibit A. Each of the AAT, the DIP Lenders and the UCC also consents to certain modifications to the Avoidance Action Trust Agreement as contemplated herein and in the Agreement, and as may be necessary to implement the provisions

3

of this Stipulation and Order and the Agreement, including but not limited to the financing arrangements, lien rights and allocation of litigation proceeds set forth herein.

It is therefore hereby STIPULATED, AGREED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED that:

1. The terms contained herein, including in the Agreement annexed hereto, are hereby approved in all respects and are incorporated herein and made a part hereof. The DIP Lenders and the AAT are authorized to implement such terms as they deem necessary, including, without limitation, through amendments to the Avoidance Action Trust Agreement, without further order of this Court.

2. Upon entry of this Stipulation and Order, the DIP Lenders shall advance $15 million to the AAT (the "Litigation Cost Advance") on terms and conditions provided herein and in the Agreement. The AAT shall repay such $15 million advance to the DIP Lenders consistent with the terms of the Agreement and those Avoidance Action Trust Agreement modifications implemented pursuant to the terms set forth herein and in the Agreement.

3. Notwithstanding the waterfall priorities set forth in the current version of Sections 5.1(d)(iii) and (iv) of the Avoidance Action Trust Agreement, if and when the AAT has Distributable Trust Assets,[1] and following the repayment of all DIP Lender Advances (including the Litigation Cost Advance) and GUC Trust Advances in accordance with Sections 5.1(d)(i) and 5.1(d)(ii) of the Avoidance Action Trust Agreement, the DIP Lenders shall be entitled to receive thirty (30%) percent of all remaining Distributable Trust Assets, and holders of Allowed General Unsecured Claims (or Units) shall be entitled to receive seventy (70%) percent of all remaining Distributable Trust Assets, with each such distribution to the DIP Lenders and holders of

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Avoidance Action Trust Agreement.

4

Allowed General Unsecured Claims (or Units) to be made on a pari passu basis. The parties shall work in good faith to amend the Avoidance Action Trust Agreement to incorporate the foregoing settlement.

4. This Stipulation and Order, the Agreement and the payments and obligations required thereby are in full satisfaction, settlement and release of the DIP Lenders' and UCC's (and their respective predecessors', successors', agents' and assigns') respective claims and defenses against one another in connection with the DIP/UCC Proceeding.

5. The DIP Lenders are hereby granted, consistent with the terms contained in the Agreement and without filing or further action required by the DIP Lenders, a first priority, perfected continuing security interest in and lien on the Avoidance Action Proceeds and the Funding Account (as defined in the Agreement), up to the amount of the Litigation Cost Advance. Notwithstanding anything herein, in any other order of this Court or any agreement of the AAT or any other person or entity, in each case, whether entered before or after the date hereof, by the approval of this Stipulation by this Court, this Court hereby orders that no person or entity shall be granted any liens or security interests of any type or nature against the Term Loan Avoidance Action and/or the Avoidance Action Proceeds unless the DIP Lenders have provided written consent (which consent shall not be unreasonably withheld) of such liens (and any liens and/or security interests granted without the express written consent of the DIP Lenders shall be null and void and of no power or effect).

6. Other than the rights of Avoidance Action Trust Beneficiaries under the terms of the Avoidance Action Trust Agreement (which shall be amended as set forth in paragraph 3 above), this Stipulation and Order does not grant third-party beneficiaries any additional rights to enforce the terms of this Stipulation and Order.

7. Except as provided herein, each party to this Stipulation and Order bears its own costs and fees in connection with any and all litigation, dispute, negotiation, or analysis concerning their respective entitlements to proceeds of the Term Loan Avoidance Action, and/or in connection with the provision of additional funding to the AAT as provided for herein.

8. This Stipulation and Order (with exhibits if any) represents the entire agreement of the parties hereto. No prior discussions or communications form any part of such agreement.

9. Each signatory to this Stipulation and Order represents that he or she is authorized to bind his or her client, and does so bind his or her client.

10. No party's agreement to this Stipulation and Order is or shall be construed as an admission of liability or culpability of any kind, nor of any fact alleged or argument asserted by any other party.

11. This Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Order.

12. This Stipulation and Order is conditioned upon this Court's approval, and if not so approved, is null and void, with no force or effect.

13. In the event this Stipulation and Order is vacated by a court of competent jurisdiction, the AAT's obligation to repay any and all advances made pursuant to this Stipulation and Order shall mature, and the DIP Lenders shall be entitled to immediate, first priority repayment from the first to become available of either (a) replacement financing or (b) Distributable Trust Assets, excluding from Distributable Trust Assets the amount of cash on hand on the day this Stipulation and Order is entered. The AAT shall be obligated to promptly seek, and shall use its best efforts to obtain, replacement financing for the purpose of repaying the DIP Lenders. The obligation to repay the DIP Lenders in accordance with this paragraph

shall be secured by the lien granted pursuant to Paragraph 5 above. Further, this paragraph is severable from the rest of this Stipulation and Order.

14. Upon repayment by the AAT of all advances to the DIP Lenders that were made pursuant to this Stipulation and Order in accordance with Paragraph 13 above, the provisions of Paragraph 3 and 4 of this Stipulation and Order shall be null and void, with no force and effect.

15. The Avoidance Action Trust Agreement shall be amended to conform with this Stipulation and Order, specifically including with respect to the relative priority of the AAT's obligations to repay to the DIP Lenders any advances made pursuant to this Stipulation and Order. In the event the provisions in Paragraph 3 of this Order are vacated or deemed null and void, the Avoidance Action Trust Agreement shall be further amended to remove the allocation of the remaining Distributable Trust Assets between the DIP Lenders and holders of Allowed General Unsecured Claims (or Units) as set forth in Paragraph 3.

Dated: New York, New York
       July 14, 2016

**UNITED STATES DEPARTMENT OF THE TREASURY**
PREET BHARARA
United States Attorney for the Southern District of New York
Counsel for United States Department of the Treasury

By: _____
DAVID S. JONES
JOSEPH CORDARO
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2739/2745
Fax: (212) 637-2730
Email: David.Jones6@usdoj.gov
       Joseph.Cordaro@usdoj.gov

7

**EXPORT DEVELOPMENT CANADA**

By: _____

Title: Sean Mitchell
        ~~Principal~~

By: _____
    Janet Boyd
Title: Loan Portfolio Manager

With respect to the Litigation Cost Advance and modifications of the Avoidance Action Trust Agreement:

BINDER & SCHWARTZ LLP

_____

Eric B. Fisher
Neil S. Binder
Lindsay A. Bush
Lauren K. Handelsman
366 Madison Avenue, 6th Floor
New York, New York 10017
Tel: (212) 510-7008
*Attorneys for the Motors Liquidation Company Avoidance Action Trust*

With respect to the settlement of the DIP/UCC Proceeding:

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOTORS LIQUIDATION COMPANY**
KRAMER LEVIN NAFTALIS & FRANKEL LLP

_____

Thomas Moers Mayer
Robert T. Schmidt
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax.: (212) 715-8000

8

**EXPORT DEVELOPMENT CANADA**

By: _____

Title: _____


By: _____

Title: _____


With respect to the Litigation Cost Advance and modifications of the Avoidance Action Trust Agreement:

BINDER & SCHWARTZ LLP

_/s/ Eric B. Fisher_____
Eric B. Fisher
Neil S. Binder
Lindsay A. Bush
Lauren K. Handelsman
366 Madison Avenue, 6th Floor
New York, New York 10017
Tel: (212) 510-7008
*Attorneys for the Motors Liquidation Company Avoidance Action Trust*


With respect to the settlement of the DIP/UCC Proceeding:

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOTORS LIQUIDATION COMPANY**
KRAMER LEVIN NAFTALIS & FRANKEL LLP


_____
Thomas Moers Mayer
Robert T. Schmidt
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax.: (212) 715-8000

8

**EXPORT DEVELOPMENT CANADA**

By: _____

Title: _____


By: _____

Title: _____


With respect to the Litigation Cost Advance and modifications of the Avoidance Action Trust Agreement:

BINDER & SCHWARTZ LLP

_____
Eric B. Fisher
Neil S. Binder
Lindsay A. Bush
Lauren K. Handelsman
366 Madison Avenue, 6th Floor
New York, New York 10017
Tel: (212) 510-7008
*Attorneys for the Motors Liquidation Company Avoidance Action Trust*


With respect to the settlement of the DIP/UCC Proceeding:

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MOTORS LIQUIDATION COMPANY**
KRAMER LEVIN NAFTALIS & FRANKEL LLP

_____
Thomas Moers Mayer
Robert T. Schmidt
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax.: (212) 715-8000

*Attorneys for the Official Committee of Unsecured Creditors*

8

SO ORDERED:

_____
United States Bankruptcy Judge

9

USActive 36659409.4