# EXHIBIT C

# AGREEMENT

## Motors Liquidation Company Avoidance Action Trust
## $15,000,000 Litigation-Related Advance

July 14, 2016

The signatory parties hereto agree as follows with respect to a proposed advance of fifteen million dollars ($15,000,000.00) (the "**Litigation Cost Advance**") to be provided by the Motors Liquidation Company ("**MLC**") debtor-in-possession lenders (the "**DIP Lenders**") to the MLC Avoidance Action Trust (the "**Trust**") on conditions described herein. This agreement (this "Agreement") arises in connection with, and is conditioned upon approval by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") of, the settlement of litigation between the DIP Lenders, on the one hand, and the MLC Official Committee of Unsecured Creditors (the "**Committee**"), on the other hand. Finalization and Bankruptcy Court approval of that settlement is a condition precedent to the DIP Lenders' obligation to provide the contemplated Litigation Cost Advance, which is a contemplated term of that settlement. Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Amended and Restated Motors Liquidation Company Avoidance Action Trust Agreement (the "**Trust Agreement**").

1. **DIP Lenders:** United States Department of the Treasury and Export Development Canada, in relative proportion

2. **AAT:** Motors Liquidation Company Avoidance Action Trust

3. **Litigation Cost Advance Amount:** $15,000,000

4. **Permitted Uses:** Section 1.1(e) of the Trust Agreement shall be amended to include the Litigation Cost Advance proceeds as part of Avoidance Action Trust Administrative Cash and such funds may be used as provided in the Trust Agreement.

5. **Availability:** The Litigation Cost Advance shall be made available on the Closing Date through a single funding to a segregated account in the name of the Trust (the "**Funding Account**"). The Funding Account shall be established at a bank reasonably acceptable to the Trust and the DIP Lenders. The Litigation Cost Advance is one term of a proposed litigation settlement between the DIP Lenders and the Committee ("**Litigation Settlement**"), and the DIP Lenders' agreement to provide the Litigation Cost Advance shall be expressly conditioned upon, and shall not precede or arise in the absence of, approval by the Bankruptcy Court of such Litigation Settlement that includes the terms contained in this Agreement.

6. **Security:** The Litigation Cost Advance shall be secured by a first priority lien over the Funding Account and the Avoidance Action Proceeds. The grant of such liens shall be included in the Bankruptcy Court order approving the Litigation Cost Advance. The Funding Account shall also be subject to a deposit account control agreement acceptable to the DIP Lenders and the AAT.

7. **Budgets:** The DIP Lenders shall receive annual Budgets and quarterly updates in accordance with Section 6.3 of the Trust Agreement. The quarterly updates shall reconcile actual expenditures with projections that had been included in the relevant Budget, and, if and when the

1

    Trust identifies a need for or the occurrence of actual expenditures that materially differ from the relevant Budget, they will notify the DIP Lenders as promptly as practicable, and no later than 15 days after identifying the issue.

8. **Invoices:** Section 8.3(b) of the Trust Agreement shall be amended to provide that Trust Professionals and any other persons entitled to payment from the Trust (other than the Trust Administrator and the Trust Monitor) shall be required to submit reasonably detailed invoices on a monthly basis to the Trust Administrator, the Trust Monitor and the DIP Lenders, including in such invoices a description of the work performed, the individuals who performed such work, and the hourly rate of such person, plus an itemized statement of expenses for which payment is sought. Invoices submitted to the DIP Lenders may be in a form reasonably necessary to protect the attorney-client privilege. For the avoidance of doubt, any and all payments by the Trust from funds that originated from the Litigation Cost Advance or that are contained in the Funding Account shall be subject to this invoice disclosure requirement. No payment on account of such invoices shall be made until 15 days after presentation of the invoices to the DIP Lenders. The Trust Administrator shall timely pay all such invoices that are not disputed by the Trust Administrator or the Trust Monitor. If either or both of the DIP Lenders have questions or concerns about any invoice submitted to the Trust, or about any other issue relating to the Trust's finances or administration, they shall be entitled to discuss the matter with the Trust Monitor, as well as with the Trust Administrator and/or counsel for the Trust, as appropriate, and the Trust Monitor will consult with the DIP Lenders and give good faith consideration to any objection that the DIP Lenders raise before approval of payment by the Trust Administrator or non-objection by the Trust Monitor. The Trust Monitor, Trust Administrator, and/or counsel for the Trust, as appropriate, will engage in good faith discussions and attempt in good faith to provide information reasonably requested by either or both DIP Lenders.

9. **Funding Account Records; Reporting:** The bank administering the Funding Account shall be required to provide the DIP Lenders with account statements for the Funding Account, and shall be required to provide immediate access to any or all Funding Account records upon request by either or both of the DIP Lenders. Additionally, the Trust shall provide periodic and timely reporting to the DIP Lenders, on terms to be agreed upon, regarding the prosecution of the Term Loan Avoidance Litigation.

10. **Draws:** Prior to the Maturity Date (as defined below), and subject to the requirements of paragraph 8 hereof, the Trust shall be entitled to make withdrawals from the Funding Account at any time and in any amount determined by the Trust Administrator to be reasonable and appropriate to meet the needs of the Trust and not inconsistent with the terms and requirements of the Trust Agreement as amended hereby. Amounts not drawn shall remain in the Funding Account. Any amounts not withdrawn by the Maturity Date shall be returned to the DIP Lenders.

11. **Repayment:** As stated above, Section 1.1(e) of the Trust Agreement shall be amended to include the Litigation Cost Advance in the defined term "Avoidance Action Trust Administrative Cash," which will carry through to the definition of "DIP Lender Advances." An amount equal to the Litigation Cost Advance <u>less</u> any amounts returned to the DIP Lenders pursuant to paragraph 10 of this Agreement plus any other DIP Lender Advances, shall be repaid to the DIP Lenders first out of any Distributable Trust Assets in accordance with Section 5.1(d) of the Trust Agreement.

12. **No Additional Indebtedness or Liens:** Except as provided in this paragraph 12, the Trust may not incur additional indebtedness, whether unsecured or secured by any interest (including a security interest) in the Term Loan Avoidance Action or Avoidance Action Proceeds without the prior written consent of the DIP Lenders, except that the Trust may incur expenses in the ordinary

course of the Trust's business provided no lien or right of setoff is attached thereto. In the event that the Trust seeks other litigation funding, (a) the DIP Lenders shall be provided a right of first refusal to provide such funding, which right of first refusal must be exercised within thirty (30) days after being presented in writing the opportunity to provide such funding, and (b) such funding shall be junior and subordinate to the Litigation Cost Advance and to the amounts owed to the DIP Lenders on account of prior funding of the Trust, subject to a form of subordination that is acceptable to the DIP Lenders in all respects, such consent not to be unreasonably withheld.

13. **Closing Date:** The earliest date on which all conditions, including Bankruptcy Court approval of a settlement agreement that includes as a term the DIP Lenders' provision of the Litigation Cost Advance, are met.

14. **Maturity Date:** The third anniversary of the Closing Date. The Maturity Date may be extended for three (3) additional one-year periods thereafter, each with the prior written consent of the DIP Lenders.

15. **Documentation:** Documentation shall include, without limitation, (i) amendments to certain sections of the Trust Agreement and a motion of the Trust Administrator to approve such amendments; (ii) a motion to approve (A) the settlement between the DIP Lenders and the Committee over the allocation of the Avoidance Action Proceeds, and (B) the additional funding provided by the DIP Lenders to the Trust in the form of the Litigation Cost Advance on the terms herein; and (iii) deposit account control agreement for the Funding Account to be established pursuant to the terms herein.

16. **Governing Law:** The Litigation Cost Advance and all agreements related to it shall be governed by the laws of the United States, and, to the extent the laws of any state apply, the State of New York (without regard to choice of law rules thereof).

17. **Jurisdiction:** Any disputes with respect to the Litigation Cost Advance, the parties submit to the exclusive jurisdiction of the Bankruptcy Court, and any appellate court thereto.

18. **Termination:** The Trust is currently seeking Bankruptcy Court approval of a proposed alternative financing (the "Proposed Financing") and the Trust will continue to seek such approval unless the following has occurred on or before July 18, 2016: either (i) a submission to the Bankruptcy Court of a motion seeking the approval of any agreement or arrangement, including, without limitation, the approval of any stipulation, with one or more DIP Lenders to provide funding for the Trust's prosecution of the Term Loan Avoidance Action and any other action brought by the Trust; or (ii) an agreement or arrangement between the Trust and one or more DIP Lenders pursuant to which such DIP Lenders will provide funding for the Trust's prosecution of the Term Loan Avoidance Action and any other action brought by the Trust. In the event of Bankruptcy Court approval of the Proposed Financing, this Agreement shall terminate and, in such event, the parties hereto shall have no further obligations or liabilities to each other under this Agreement.

*   *   *   *   *

3

AGREED AND ACCEPTED:

**MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST**

**By: Wilmington Trust Company, as Avoidance Action Trust Administrator and Trustee**

By: _____
David A. Vanaskey Jr.
Vice President

**By: Arthur J. Gonzalez, as Avoidance Action Trust Monitor**

By: _____
Arthur J. Gonzalez


**UNITED STATES DEPARTMENT OF THE TREASURY**
PREET BHARARA
United States Attorney for the Southern District of New York
Counsel for United States Department of the Treasury

By: _____ 7/14/2016
DAVID S. JONES
JOSEPH CORDARO
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2739/2745
Fax: (212) 637-2730
Email:  David.Jones6@usdoj.gov
        Joseph.Cordaro@usdoj.gov


**EXPORT DEVELOPMENT CANADA**

By: _____

Title: _____


By: _____

Title: _____

AGREED AND ACCEPTED:

**MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST**

**By: Wilmington Trust Company, as Avoidance Action Trust Administrator and Trustee**

By:_____
David A. Vanaskey Jr.
Vice President

**By: Arthur J. Gonzalez, as Avoidance Action Trust Monitor**

By: */s/ Arthur J. Gonzalez*
Arthur J. Gonzalez

**UNITED STATES DEPARTMENT OF THE TREASURY**
PREET BHARARA
United States Attorney for the Southern District of New York
Counsel for United States Department of the Treasury

By: _____
DAVID S. JONES
JOSEPH CORDARO
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2739/2745
Fax: (212) 637-2730
Email: David.Jones6@usdoj.gov
       Joseph.Cordaro@usdoj.gov

**EXPORT DEVELOPMENT CANADA**

By: _____

Title: _____

By: _____

Title: _____

AGREED AND ACCEPTED:

**MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST**

**By: Wilmington Trust Company, as Avoidance Action Trust Administrator and Trustee**

By:_____
David A. Vanaskey Jr.
Vice President

**By: Arthur J. Gonzalez, as Avoidance Action Trust Monitor**

By:_____
Arthur J. Gonzalez

**UNITED STATES DEPARTMENT OF THE TREASURY**
PREET BHARARA
United States Attorney for the Southern District of New York
Counsel for United States Department of the Treasury

By: _____
DAVID S. JONES
JOSEPH CORDARO
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2739/2745
Fax: (212) 637-2730
Email: David.Jones6@usdoj.gov
        Joseph.Cordaro@usdoj.gov

**EXPORT DEVELOPMENT CANADA**

By: _[signature]_

Title: Sean Mitchell
       ~~Principal~~

By: _[signature]_

Title: Janet Boyd
       Loan Portfolio Manager