**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

                                    Debtors.
------------------------------------------------------------------------x

Chapter 11

Case No. 09-50026 (MG)
  (Jointly Administered)

**DECLARATION OF ARTHUR J. GONZALEZ IN SUPPORT OF JOINT MOTION OF MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF (A) STIPULATION AND AGREED ORDER (I) SETTLING DISPUTED ENTITLEMENTS OF DEBTOR-IN-POSSESSION LENDERS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO POTENTIAL TERM LOAN AVOIDANCE ACTION PROCEEDS AND (II) MODIFYING AVOIDANCE ACTION TRUST AGREEMENT TO IMPLEMENT SETTLEMENT, AND (B) ORDER (I) APPROVING SETTLEMENT OF THE ALLOCATION DISPUTE, (II) APPROVING AMENDMENTS TO THE AVOIDANCE ACTION TRUST AGREEMENT, AND (III) AUTHORIZING THE AVOIDANCE ACTION TRUST TO GRANT A LIEN TO THE DIP LENDERS**

I, Arthur J. Gonzalez, declare as follows:

1.  I am the trust monitor (the "**Trust Monitor**") of the Motors Liquidation Company Avoidance Action Trust (the "**Trust**" or "**Avoidance Action Trust**"), and have acted as the Trust Monitor since the Bankruptcy Court approved my appointment on June 19, 2015 [Bankr. Dkt. 13229]. I make this declaration in connection with the joint motion (the "**Motion**") of Motors Liquidation Company Avoidance Action Trust And Official Committee Of Unsecured Creditors For Entry Of (A) Stipulation And Agreed Order (I) Settling Disputed Entitlements Of Debtor-In-Possession Lenders And Official Committee Of Unsecured Creditors To Potential Term Loan Avoidance Action Proceeds And (II) Modifying Avoidance Action Trust Agreement To Implement Settlement, And (B) Order (I) Approving Settlement Of The Allocation Dispute,

(II) Approving Amendments To The Avoidance Action Trust Agreement, And (III) Authorizing The Avoidance Action Trust To Grant A Lien To The DIP Lenders.

2. In addition to acting as the Trust Monitor, I am currently a Senior Fellow at New York University School of Law, where I teach courses in bankruptcy law. I previously served as a United States Bankruptcy Judge in this District for seventeen years, including serving as Chief Judge of this Court.

3. Consistent with Section 11.1 of the Amended and Restated Motors Liquidation Company Avoidance Action Trust Agreement, dated as of May 11, 2012 (the "**Avoidance Action Trust Agreement**"), I "oversee the activities of" Wilmington Trust Company, the trust administrator of the Avoidance Action Trust (the "**Trust Administrator**").

4. As Trust Monitor, I am directly involved in periodic discussions with the Trust Administrator regarding the cash position and budget for the Avoidance Action Trust. Since the point in time when the Trust Administrator, in consultation with me, made a determination that the cash available to the Avoidance Action Trust was not sufficient to meet its projected fees and expenses, I have been involved in the Avoidance Action Trust's efforts to seek additional funding. Absent additional funding, the Avoidance Action Trust will not have sufficient cash to meet its accrued financial obligations, including the fees and costs associated with prosecution of the Term Loan Avoidance Action, the administrative expenses of the Avoidance Action Trust, and the fees of the Trust Administrator and Trust Monitor.

5. As part of the effort to secure necessary funding, I was involved in the Avoidance Action's Trust's competitive bidding process to obtain private funding for the Trust, including consideration of the proposals that were submitted by four potential third-party private funders. I participated in the Avoidance Action Trust's decision to enter into a litigation funding agreement

with a private funder (the "**Private Litigation Funding Agreement**") after a careful analysis of all of the available funding options at that time.

6. During the competitive bidding process for private funding, the Avoidance Action Trust kept the DIP Lenders apprised of the process. I was involved in the Avoidance Action Trust's decision to negotiate a provision in the Private Litigation Funding Agreement that permitted the Avoidance Action Trust to terminate the Private Litigation Funding Agreement in the event that an agreement was reached with the DIP Lenders pursuant to which the DIP Lenders would provide a litigation cost advance for the Trust's prosecution of the Term Loan Avoidance Action.

7. On June 23, 2016, the Avoidance Action Trust filed a motion with this Court seeking approval of the Private Litigation Funding Agreement (the "**Private Funding Motion**"). I submitted a declaration in support of the Private Funding Motion because, at the time the motion was filed, the Private Litigation Funding Agreement provided the necessary funding for the Avoidance Action Trust on the most favorable economic terms available to the Trust from private third-party funders.

8. Since the filing of the Private Funding Motion, the Avoidance Action Trust has reached an agreement with the DIP Lenders whereby the DIP Lenders will provide a litigation cost advance of fifteen million dollars ($15,000,000) to the Avoidance Action Trust without fees or other charges, such as the interest, that would be required in commercial funding, in exchange for the granting of a first-priority lien on the proceeds of the Term Loan Avoidance Action and certain other property of the Trust (the "**Litigation Cost Advance Agreement**") and as an integral part of a resolution of the DIP Lenders' dispute with the unsecured creditors regarding the allocation of proceeds from the Avoidance Action.

9. Because the Litigation Cost Advance Agreement provides a litigation cost advance to the Avoidance Action Trust without the additional fees, expenses and costs, such as interest, its economic terms are clearly more favorable for the Trust than the terms in the Private Litigation Funding Agreement. Accordingly, the granting of a lien to the DIP Lenders in exchange for the agreed-upon litigation cost advance and as a part of the overall settlement of the DIP Lenders' dispute with the unsecured creditors regarding the allocation of proceeds from the Avoidance Action, is in the best interests of the Avoidance Action Trust. The Avoidance Action Trust, contemporaneously with the filing of this Motion, is sending a notice terminating the Private Litigation Funding Agreement consistent with the termination provision in that agreement.

10. As required by Section 6.1(d)(ii) of the Avoidance Action Trust Agreement, I submit this Declaration in support of the Motion insofar as it requests the Court's approval to grant a lien to the DIP Lenders in exchange for the agreed-upon litigation cost advance from the DIP Lenders and as part of the overall settlement regarding entitlement to proceeds.

11. I have also reviewed the proposed amendments to the Avoidance Action Trust Agreement, and I have concluded that those amendments will allow the Trust to implement the Litigation Cost Advance Agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 15, 2016

_____
Arthur J. Gonzalez