# EXHIBIT B

**RIVER BIRCH CAPITAL LLC**
Grace Building
1114 Avenue of the Americas, 41st Fl.
New York, New York 10036

July 21, 2016

Mr. David Vanaskey
Motors Liquidation Company Avoidance Action Trust
Wilmington Trust Company, Trustee
1100 N. Market Street
Wilmington, DE 19890
Fax: 302-636-4140
dvanaskey@wilmingtontrust.com

      Re:  <u>Funding Agreement dated as of May 18, 2016 ("Funding Agreement")</u>

David:

Further to our discussion of Monday, July 18 and my email of that same morning, we are in receipt of your July 15, 2016 letter claiming to terminate the Funding Agreement as a result of a purported Permitted Alternative Funding Event. Based on the limited information provided in the joint motion of the Trust and the Committee of Unsecured Creditors (the "Motion"), it does not appear to us that the conditions for a Permitted Alternative Funding Event have occurred. Accordingly, we do not believe the Trust has the right to terminate the Funding Agreement.

In my conversations with you and Eric, as well as in the Motion, the Trust claims that the DIP Lenders have agreed to provide a "$15 million (interest free) Litigation Cost Advance." However, the cost advance is "inextricably linked to (and conditioned on)" additional valuable consideration being paid to the DIP Lenders. In our view, that additional consideration makes the proposed Litigation Cost Advance materially <u>less</u> favorable to the Trust than the funding provided under the Funding Agreement. In fact, in every Term Loan Avoidance Action outcome in excess of $77.5 million, the DIP Lender's Litigation Cost Advance is more expensive -- and in most cases hundreds of millions of dollars more expensive -- than the funding provided under the Funding Agreement.

Because the Trust, the DIP Lenders and the Committee have chosen to bundle the Litigation Cost Advance and the Allocation Dispute settlement, the exact cost of the advance is obscured. Nonetheless, the Motion effectively admits that the cost advance is not "free." We therefore request that you provide us with the Trust's (and if you have it the Committee's) analysis of the cost of the Litigation Cost Advance, including how much the cost advance would cost if it were unbundled from the settlement. In addition, please provide us with detail on the DIP Lenders' willingness to provide the Litigation Cost Advance on a stand-alone.

Our agreement requires that a Permitted Alternative Funding Event occurs only if the alternative funding is on terms "materially more favorable to the Trust" than those provided under the Funding Agreement. Based on our analysis, the proposed Litigation Cost Advance could cost the Trust nearly $400 million more than the financing under the Funding Agreement. That

proposal does not satisfy the conditions required to terminate our agreement. We therefore reserve all of our rights and the rights of the Agent under the Agreement.

Best Regards,

James P. Seery, Jr.

Partner
Jseery@riverbirchcap.com

Cc:
Arthur J. Gonzalez
Eric B. Fisher
James A. Hanley