**EXHIBIT D**

Motors Liquidation Company Avoidance Action Trust
Wilmington Trust Company, Trustee
1100 N. Market Street
Wilmington, DE 19890

July 25, 2016

River Birch Master Fund, LP
Grace Building
1114 Avenue of the Americas, 41st Floor
New York, NY 10036
Attn: James P. Seery, Jr.

Re:    Funding Agreement dated as of May 18, 2016 ("Funding Agreement")

Dear Jim:

I write in response to your letter dated July 21, 2016.

Your assertions are incorrect. There is no question that the funding to be provided by the United States Department of the Treasury and Export Development Canada (together, the "**DIP Lenders**") will be on "terms materially more favorable to the [Avoidance Action] Trust" than those offered by River Birch. Under the Funding Agreement, in exchange for a commitment to provide $15 million in funding, the Trust would have been required to pay to River Birch the greater of (i) an amount equal to 2.25 times River Birch's investment or (ii) 4.75% of the Proceeds of the Term Loan Avoidance Action. In contrast, under the terms of the Avoidance Action Trust's agreement with the DIP Lenders, the Trust will receive $15 million and will not be required to make any payments to the DIP Lenders at all, other than to repay the advanced funds.

In other words, the DIP Lenders are providing the Trust money at no cost, terms materially better than those provided by River Birch.

What you refer to as "additional consideration" is not a payment by the Avoidance Action Trust. Rather, as we understand your position, you are treating as consideration by the Avoidance Action Trust the allocation to the DIP Lenders of 30% of the Distributable Trust Assets that is part of the proposed Stipulation and Agreed Order between the DIP Lenders and the Official Committee of Unsecured Creditors of Motors Liquidation Company f/k/a General Motors Corporation (the "**Committee**") (the "**DIP/UCC Settlement**"). The Avoidance Action Trust takes no position as to whether, in the absence of a settlement, the DIP Lenders or the holders of Allowed General Unsecured Claims are the beneficiaries of the Avoidance Action Trust. Nor does the Avoidance Action Trust express any view on the strength of either party's legal entitlement to those proceeds. The agreement between the DIP Lenders and the Committee to avoid litigating their respective claims to the Distributable Trust Assets and agreeing to an allocation is not a payment by the Avoidance Action Trust.

Because the economics are straightforward and obvious—the DIP Lender funding is at no cost to the Avoidance Action Trust—no comparative analysis of the economics of the two

transactions was required. Further, the Avoidance Action Trust does not have non-privileged documents concerning the considerations that caused the Avoidance Action Trust to decide to enter into its agreement with the DIP Lenders.

The Avoidance Action Trust reserves all rights.

Sincerely,
**MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST**
By:   Wilmington Trust Company, as
      Trust Administrator and Trust

By:   _____
      Name: David A. Vanaskey Jr.
      Title: Vice President

cc:   Arthur J. Gonzalez, Esq.
      Eric B. Fisher, Esq.

2