Paul T. Weinstein
EMMET MARVIN & MARTIN, LLP
120 Broadway, 32nd Floor
New York, New York 10271
Telephone: (212) 238-3000

*Conflicts Counsel to the Motors Liquidation
Company Avoidance Action Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, f/k/a GENERAL MOTORS CORPORATION, *et al.*, | Case No. 09-50026 (MG) (Jointly Administered) |
| Debtors. | Adversary Proceeding Case No. 11-09406 (MG) |

-------------------------------------------------------------------------x

**REPLY OF MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST TO DAVIDSON KEMPNER CAPITAL MANAGEMENT LP'S OBJECTION TO THE JOINT MOTION OF MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF (A) STIPULATION AND AGREED ORDER (I) SETTLING DISPUTED ENTITLEMENTS OF DEBTOR-IN-POSSESSION LENDERS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO POTENTIAL TERM LOAN AVOIDANCE ACTION PROCEEDS AND (II) MODIFYING AVOIDANCE ACTION TRUST AGREEMENT TO IMPLEMENT SETTLEMENT, AND (B) ORDER (I) APPROVING SETTLEMENT OF THE ALLOCATION DISPUTE, (II) APPROVING AMENDMENTS TO THE AVOIDANCE ACTION TRUST AGREEMENT, AND (III) AUTHORIZING THE AVOIDANCE ACTION TRUST TO GRANT A LIEN TO THE DIP LENDERS**

**TO:    THE HONORABLE MARTIN GLENN,
        UNITED STATES BANKRUPTCY JUDGE:**

Wilmington Trust Company, solely in its capacity as trust administrator and trustee of the Motors Liquidation Company Avoidance Action Trust ("**Avoidance Action Trust**" or the "**Trust**"), submits this reply ("**Reply**") in response to the *Objection dated and filed on July 29, 2016, by Davidson Kempner Capital Management LP (together with its affiliated investment fund, "Davidson Kempner") to the Joint Motion of the Avoidance Action Trust and the Official Committee of Unsecured Creditors Joint Motion of Motors Liquidation Company and the Official Committee of Unsecured Creditors [Bankr. Dkt. No. 13688] for Entry of (A) Stipulation and Agreed Order (I) Settling Disputed Entitlements of Debtor-In-Possession Lenders and Official Committee of Unsecured Creditors to Potential Term Loan Avoidance Action Proceeds and (II) Modifying Avoidance Action Trust Agreement to Implement Settlement, and (B) Order (I) Approving Settlement of the Allocation Dispute, (II) Approving Amendments to the Avoidance Action Trust Agreement, and (III) Authorizing the Avoidance Action Trust to Grant a Lien to the DIP Lenders* ("**Davidson Kempner Objection**") [Bankr. Dkt. No. 13704], and in further support of the Motion filed jointly with the Official Committee of Unsecured Creditors of Motors Liquidation Company f/k/a General Motors Corporation ("**Committee**") on July 15, 2016 [Bankr. Dkt. No. 13688] (the "**Motion**").[1]

## THE DAVIDSON KEMPNER OBJECTION SHOULD BE DENIED

1.   Emmet, Marvin & Martin, LLP, respectfully appears in this matter as conflicts counsel to the Avoidance Action Trust, for the purpose of submitting this Reply to the Davidson Kempner Objection.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

2. The Motion sought, among other things, judicial approval of the settlement of the Allocation Dispute between the Committee and the DIP Lenders, and $15 million in litigation funding, to be provided by the DIP Lenders at no cost to the Avoidance Action Trust (the "**Litigation Cost Advance**").

3. On July 29, 2016, River Birch Capital LLC ("**River Birch**") filed a Limited Objection to the Motion (the "**River Birch Objection**") [Bankr. Dkt. No. 13701]. River Birch claimed that the Trust had improperly terminated the funding agreement with River Birch (the "**Private Litigation Funding Agreement**"), in favor of the Litigation Cost Advance from the DIP Lenders. In its objection, River Birch conceded that the Trust was permitted to terminate the Private Litigation Funding Agreement, if funding from the DIP Lenders was obtained on terms "materially more favorable to the Trust" than provided for in the Private Litigation Funding Agreement. River Birch Objection at ¶ 2. River Birch further conceded that for its $15 million in funding, it would receive from the Trust a return calculated as the greater of (a) 4.75 percent of the aggregate proceeds of the TLA Action or (b) 2.25 times the amount of the investment drawn by the Trust (River Birch Objection at ¶ 1), while, as the Avoidance Action Trust informed River Birch, the Litigation Cost Advance was provided by the DIP Lenders at no cost to the Trust. River Birch Objection at Exh. D (July 25, 2016 Letter to River Birch from the Avoidance Action Trust). Nevertheless, River Birch contended that because the Private Litigation Funding Agreement was contingent upon the settlement of the Allocation Dispute, in which the DIP Lenders stood to receive more in the settlement than River Birch would have received as part of the Private Litigation Funding Agreement, then the Litigation Cost Advance was not "materially more favorable to the Trust" than the Private Litigation Funding Agreement. River Birch Objection at ¶¶ 3-6. This of course ignored that the DIP Lenders are beneficiaries of

2

the Trust themselves under the Avoidance Action Trust Agreement, and that distributions to the DIP Lenders as part of the settlement of the Allocation Dispute are not a cost to the Avoidance Action Trust.  *See* Bankr. Dkt. 11704-1 (Avoidance Action Trust Agreement § 1.1(zzz)).

4.     On August 5, 2016, contemporaneously with the filing of this Reply, the Avoidance Action Trust filed its Reply to the River Birch Objection (the "**Reply to the River Birch Objection**") [Bankr. Dkt. No. 13714].  In the Reply to the River Birch Objection, the Trust established that the Litigation Cost Advance would be provided to the Avoidance Action Trust without interest, fees or other charges, while the Private Litigation Funding Agreement would cost the Trust between approximately $18.75 million and $56 million.  Reply to the River Birch Objection at ¶ 13.  Thus, the no-cost financing to be provided by the DIP Lenders was "materially more favorable to the Trust" than the Private Funding Agreement.[2]  Reply to the River Birch Objection at ¶¶ 11-19.

5.     On July 29, 2016, Davidson Kempner filed the Davidson Kempner Objection, in substance making the same arguments as River Birch had made, that the Litigation Cost Advance, while provided at no cost to the Trust, was not "materially more favorable to the Trust" because the DIP Lenders could receive more from the settlement of the Allocation Dispute than River Birch would receive from the Private Litigation Funding.  Davidson Kempner Objection at ¶ 1.

---

[2] In its Reply to the River Birch Objection, the Avoidance Action Trust established not only that the terms of the Litigation Cost Advance were materially more favorable to the Trust than the Private Litigation Funding Agreement, but also showed that: a) River Birch lacked standing because it held no financial stake in the Term Loan Avoidance Action; b) its Objection was not a genuine objection to the Motion, because it provided no legal basis for the Court to consider as part of its challenge to the Litigation Cost Advance Agreement with the DIP Lenders; and that c) the Motion "is consistent with the Avoidance Action Trust's obligation to maximize recoveries for the benefit of all its beneficiaries," who are both the DIP Lenders and the Committee, as representative of the holders of Allowed General Unsecured Claims. Reply to the River Birch Objection at ¶ 6.

6.   This argument was fully addressed by the Avoidance Action Trust in its Reply to the River Birch Objection. Reply to the River Birch Objection at ¶¶ 11-19. There, the Trust demonstrated that its interest was to maximize proceeds for the Trust as a whole, regardless of the distribution percentages as between groups of Avoidance Action Trust beneficiaries. Reply to the River Birch Objection at ¶¶ 15-18. Thus, the Litigation Cost Advance, costing the Trust nothing, is materially more favorable to the Trust than the Private Funding Agreement, which imposes substantial costs on the Trust. Reply to the River Birch Objection at ¶ 19. Therefore, the arguments set forth by the Avoidance Action Trust in its Reply to the River Birch Objection are applicable here, and are adopted and incorporated by reference in this Reply.

7.   Davidson Kempner, a holder of general unsecured claims, further objected to the portion of the Motion that sought judicial approval of the settlement of the Allocation Dispute. Davidson Kempner Objection at ¶¶ 24-28.

8.   In its Reply to the River Birch Objection, the Avoidance Action Trust observed that because its interest was maximizing the total recovery in the Avoidance Action for the benefit of all of the beneficiaries, the Trust remains neutral with respect to the percentage allocation of the proceeds of the Term Loan Avoidance Action to different groups of beneficiaries. Therefore, the Trust has not participated in the Allocation Dispute (Reply to the River Birch Objection at ¶ 17), and, as stated in the Reply to the River Birch Objection, it "takes no position as to whether, in the absence of a settlement of the Allocation Dispute, the DIP Lenders or the holders of Allowed General Unsecured Claims are entitled to the proceeds of the Avoidance Action Trust. Nor does the Trust express any view on the strength of either party's legal entitlement to those proceeds; to do so would be an unwarranted expansion of its role and purpose established under the Plan." Reply to the River Birch Objection at ¶ 14.

4

## NOTICE

9.      The Avoidance Action Trust has provided notice of this Reply to the same parties that were served with the Motion. The Avoidance Action Trust submits that such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Avoidance Action Trust respectfully requests that the Court grant the relief requested.

Dated:  New York, New York
        August 5, 2016

Respectfully submitted,

**EMMET MARVIN & MARTIN, LLP**

/s/ Paul T. Weinstein
Paul T. Weinstein
120 Broadway, 32nd Floor
New York, New York 10271
Tel: (212) 238-3000

*Conflicts Counsel to the Motors Liquidation
Company Avoidance Action Trust*