**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

MOTORS LIQUIDATION COMPANY, *et al.,*

f/k/a General Motors Corp*., et al.*,

Debtors.

Case No. 09-50026 (MG)

(Jointly Administered)

**ORDER RE HEARING ON JOINT MOTION SEEKING APPROVAL OF SETTLMENT**
**OF ALLOCATION DISPUTE AND APPROVAL OF FUNDING AGREEMENT**

The Court will hold a hearing on Wednesday, August 10, 2016, at 2:00 p.m., on the joint

motion of the Motors Liquidation Company Avoidance Action Trust and Official Committee of

Unsecured Creditors seeking Court approval of (1) a settlement of the Allocation Dispute and (2)

a litigation funding agreement with the DIP Lenders.  (*See* Case No. 09-50026 (MG), ECF Doc.

# 13688; Adv. Proc. 11-09406, ECF Doc. # 42).  Two objections to the joint motion were filed.

The pleadings in connection with the joint motion were filed in both the main Motors

Liquidation chapter 11 case—Case No. 09-50026 (MG)—and in Adversary Proceeding Case No.

11-09406 (MG).  The Motors Liquidation chapter 11 case(s) and the adversary proceeding were

transferred to me on January 5, 2016, in anticipation of Judge Gerber's retirement.  Some of the

pleadings with respect to the pending joint motion include the captions for both the main case

and the adversary proceeding.  The joint motion uses only the caption of the main case, but it

was also filed in the adversary proceeding.

The motion papers and objections include discussions about Judge Gerber's November

28, 2011 "*Bench Decision on Motions to Dismiss and for Summary Judgment re Disputes as to*

*Ownership of Term Loan Avoidance Action Proceeds,*" (Adv. Proc. 11-09406, ECF Doc. # 27),

and the subsequent decision by Judge Mahon, reversing Judge Gerber's decision.  *See U.S. Dept.*

*of Treasury v. Official Committee of Unsecured Creditors of Motors Liquidation Co.,* 475 B.R. 347 (S.D.N.Y. 2012).  Judge McMahon's decision concluded as follows:  "The order appealed from is vacated, and the case remanded to the Bankruptcy Court with instructions to Judge Gerber to dismiss the complaint for want of subject matter jurisdiction."  *Id.* at 367.  The bankruptcy court adversary proceeding docket does not include any entry reflecting Judge McMahon's decision, or the disposition ordered by the district court.  No order dismissing the adversary proceeding for want of subject matter jurisdiction was entered so the adversary proceeding remains "open."

During the August 10, 2016 hearing, the parties should address whether an order dismissing the adversary proceeding for want of subject matter jurisdiction should be entered. The parties may also address whether the dismissal of the adversary proceeding should have any effect on the Court's consideration of the present motion.

**IT IS SO ORDERED.**

Dated:    August 9, 2016
          New York, New York

                                        *Martin Glenn*
                                    MARTIN GLENN
                            United States Bankruptcy Judge