# Exhibit B

# 15-2844(L)

## 15-2847-bk(XAP), 15-2848-bk(XAP)

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

---

**IN THE MATTER OF: MOTORS LIQUIDATION COMPANY, *ET AL.*,
f/k/a General Motors Corp., *et al.,* Debtors**

---

(*For Continuation of Caption See Inside Cover*)

---

**ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

**UNOPPOSED *AMICUS CURIAE* BRIEF OF NATIONAL ASSOCIATION OF
MANUFACTURERS IN SUPPORT OF PETITION FOR PANEL
REHEARING AND REHEARING EN BANC OF
GENERAL MOTORS LLC (NEW GM)**

---

| | |
|---|---|
| Mark Behrens (*Counsel of Record*) | Mark Moedritzer |
| SHOOK HARDY & BACON L.L.P. | SHOOK HARDY & BACON L.L.P. |
| 1155 F Street NW, Suite 200 | 2555 Grand Blvd. |
| Washington, DC  20004 | Kansas City, MO  64108 |
| (202) 639-5621 | (816) 559-2317 |
| mbehrens@shb.com | mmoedrtizer@shb.com |

*Attorneys for Amicus Curiae*

CELESTINE ELLIOTT, LAWRENCE ELLIOTT, BERNICE SUMMERVILLE,
*Creditor – Appellants – Cross Appellees*,

SESAY AND BLEDSOE PLAINTIFFS,
*Appellants – Cross Appellees*,

IGNITION SWITCH PLAINTIFFS,
*Appellants – Cross Appellees*,

IGNITION SWITCH PRE-CLOSING ACCIDENT PLAINTIFFS,
*Appellants – Cross Appellees*,

GROMAN PLAINTIFFS,
*Appellants – Cross Appellees*,

-v.-

GENERAL MOTORS LLC,
*Appellee – Cross Appellant,*

WILMINGTON TRUST COMPANY,
*Trustee – Appellee – Cross Appellant,*

PARTICIPATING UNITHOLDERS,
*Creditor – Appellee – Cross Appellant.*

# **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, *amicus curiae* National Association of Manufacturers states that it has no parent corporation and has issued no stock.

/s/ Mark Behrens
Mark Behrens

Dated: August 10, 2016

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

INTEREST OF *AMICUS CURIAE* ...................................................................... 1

INTRODUCTION AND SUMMARY OF ARGUMENT ........................... 2

ARGUMENT .................................................................................................. 2

    I.    THE PANEL'S DECISION UNDERMINES THE INTEGRITY OF SECTION 363 SALES AND THEIR "FREE AND CLEAR" NATURE, NEGATIVELY IMPACTING DEBTORS, CREDITORS, AND BUYERS .................................................................. 2

    II.   THE PANEL'S DECISION IMPOSES LIABILITY ON A GOOD FAITH PURCHASER FOR THE DEBTOR'S VIOLATIONS, CONTRADICTING THE PRINCIPLE OF IMPOSING LIABILITY ON THE PARTY AT FAULT ................. 5

CONCLUSION ................................................................................................ 7

CERTIFICATE OF COMPLIANCE ................................................................. End

CERTIFICATE OF SERVICE ......................................................................... End

# **TABLE OF AUTHORITIES**

## **Cases**

*Douglas v. Stamco*, 363 F. App'x 100 (2d Cir. 2010) .............................. 3-4

*In re Colarusso*, 382 F.3d 51 (1st Cir. 2004) ............................................ 7

*In re Colony Hill Assocs.*, 111 F.3d 269 (2d Cir. 1997) ............................ 4

*In re Conway*, 885 F.2d 90 (3d Cir. 1989) ................................................ 6

*In re Edwards*, 962 F.2d 641 (7th Cir. 1992) ............................................ 6

*In re Gucci*, 105 F.3d 837 (2d Cir. 1997) .............................................. 3-4

*In re Motors Liquidation Co.*, 2016 WL 3766237
    (2d Cir. July 13, 2016) ................................................................*passim*

*In re Trans World Airlines, Inc.*, 322 F.3d 283 (3d Cir. 2003) .................. 3

*In re Tri-Cran, Inc.*, 98 B.R. 609 (Bankr. D. Mass. 1989) ........................ 4

*In re UNR Indus.*, 20 F.3d 766 (7th Cir. 1994) ......................................... 3

*In re WestPoint Stevens, Inc.*, 600 F.3d 231 (2d Cir. 2010) ...................... 3

*In re White Motor Credit Corp.*, 75 B.R. 944 (Bankr. N.D. Ohio 1987) .... 3

*Molla v. Adamar of New Jersey, Inc.*, 2014 WL 2114848
    (D.N.J. May 21, 2014) ....................................................................... 7

*PBBPC, Inc. v. OPK Biotech, LLC*, 484 B.R. 860
    (BAP 1st Cir. 2013) ............................................................................ 3

## **Statutes**

11 U.S.C. § 363 ..................................................................................*passim*

# INTEREST OF *AMICUS CURIAE*[1]

The National Association of Manufacturers ("NAM") is the nation's largest manufacturing association, representing manufacturers in every industrial sector and all fifty states. Manufacturing employs over 12 million people, contributes roughly $2.17 trillion to the U.S. economy annually, has the largest economic impact of any major sector, and accounts for three-quarters of private-sector research and development. The NAM is the powerful voice of the manufacturing community and the leading advocate for a policy agenda that helps manufacturers compete in the global economy and create jobs across the U.S.

The NAM is interested in this case because its membership includes companies that may find themselves as debtors, creditors, or purchasers in bankruptcy. Those parties rely on the finality of Section 363 asset sales in bankruptcy, and the certainty of that rule is critical to the entire bankruptcy process.

---

[1] No counsel for a party authored this brief in whole or in part; and no party, party's counsel, or other person or entity—other than the NAM or its counsel—contributed money that was intended to fund preparing or submitting the brief. All parties were notified of the NAM's interest in filing this brief and indicated through counsel that they do not oppose the filing of the brief.

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

Rehearing and rehearing en banc should be granted because the Panel's ruling regarding General Motors LLC's ("New GM") liability as a good faith purchaser under Section 363 of the Bankruptcy Code is counter to the principles of § 363 asset sales, including the certainty and finality of such sales, and will have widespread negative repercussions. The Panel's decision also contradicts the basic principle of imposing liability on the party at fault, rather than an innocent good faith purchaser. If a debtor does not provide proper notice to claimants of an asset sale, the proper remedy is against the debtor's estate, and there is no basis to impose the liability on a good faith purchaser.

## ARGUMENT

**I.     THE PANEL'S DECISION UNDERMINES THE INTEGRITY OF SECTION 363 SALES AND THEIR "FREE AND CLEAR" NATURE, NEGATIVELY IMPACTING DEBTORS, CREDITORS, AND BUYERS**

Bankruptcy Code Section 363 permits a debtor or trustee to sell assets "free and clear of any interest in such property." 11 U.S.C. § 363(f). As the Panel recognized, other Circuits have held that § 363(f) is sufficiently broad to bar successor liability claims, and indeed the Panel "agree[s] that successor liability claims can be 'interests' [under

2

the statute] when they flow from a debtor's ownership of transferred assets." *In re Motors Liquidation Co.*, 2016 WL 3766237, at *12 (2d Cir. July 13, 2016) (the "Order").[2]

Parties turn to § 363 because it produces the best result for debtors and creditors. *See In re Gucci*, 105 F.3d 837, 840 (2d Cir. 1997) (trust in the terms of § 363 sales "assist[s] the bankruptcy court to secure the best price for the debtor's assets."); *In re UNR Indus.*, 20 F.3d 766, 770 (7th Cir. 1994) ("By protecting the interest of persons who acquire assets in reliance on a plan of reorganization, a court increases the price the estate can realize ex ante and thus produces benefits for creditors in the aggregate."); *In re White Motor Credit Corp.*, 75 B.R. 944, 951 (Bankr. N.D. Ohio 1987) ("The successor liability specter would chill and deleteriously affect sales of corporates assets, . . . This result precludes successor liability imposition.").

This policy of finality is exemplified by § 363(m), which explicitly prohibits modifications of sales on appeal unless the sale has been stayed. *See In re WestPoint Stevens, Inc.*, 600 F.3d 231, 248 (2d Cir.

---

[2] *See In re Trans World Airlines, Inc.* ("*TWA*"), 322 F.3d 283, 288 (3d Cir. 2003); *PBBPC, Inc. v. OPK Biotech, LLC*, 484 B.R. 860, 869 (BAP 1st Cir. 2013); *Douglas v. Stamco*, 363 F. App'x 100 (2d Cir. 2010).

3

2010); *In re Colony Hill Assocs.*, 111 F.3d 269, 272 (2d Cir. 1997); *In re Gucci*, 105 F.3d at 839-40.[3]

The Order regarding New GM's liability as a good faith purchaser, years after the sale and without any stay having been secured, is counter to these principles, and eviscerates the finality of § 363 sales.

The Panel explained that it was simply interpreting the Sale Order and not modifying it.  It is clear, however, that the Order modifies the "free and clear" condition precedent to the sale and an express finding in the Sale Order, exposing New GM to successor liability claims.  This will have widespread negative repercussions on § 363 sales.

By subjecting a good faith asset purchaser to successor liability claims, the Panel's decision means that future § 363 sales may take place at a steep discount, if at all.  Debtors' creditors — from lenders and business partners to tort claimants —will receive less value for their claims.  *See Douglas v. Stamco*, 363 F. App'x 100, 102-03 (2d Cir. 2010) ("it is evident that the potential chilling effect of allowing a tort

---

[3] *See also In re Tri-Cran, Inc.*, 98 B.R. 609, 618 (Bankr. D. Mass. 1989) ("[T]he policy it [363(m)] implements is as relevant and as applicable to a motion to set aside a sale as it is to an appeal from an order authorizing a sale.").

4

claim subsequent to the sale would run counter to a core aim of the Bankruptcy Code.").

Also under the Order, no § 363 sale is ever truly final. The express terms of a § 363 sale could be rewritten by a court years later if the court concludes that some group of creditors did not receive sufficient notice. The decision is fundamentally unfair to debtors, creditors, and buyers. It is also unfair to other innocent parties, such as investors, lenders, and commercial counterparties, that transact business with the good faith purchaser and relied on the integrity of the sale order to prevent the seller's liabilities being imposed on the purchaser.

## II. THE PANEL'S DECISION IMPOSES LIABILITY ON A GOOD FAITH PURCHASER FOR THE DEBTOR'S VIOLATIONS, CONTRADICTING THE PRINCIPLE OF IMPOSING LIABILITY ON THE PARTY AT FAULT

In reliance on the Sale Order, New GM closed the sale, paying significant value for the assets, and began manufacturing vehicles. Since July 2009, New GM no doubt has entered into countless transactions in reliance on the Sale Order and its free and clear provisions.

5

If the debtor seller did not provide proper notice to claimants of the asset sale, the proper remedy is against the debtor's estate, not a good faith purchaser. There is simply no basis to transfer Old GM's liabilities to New GM.

The Seventh Circuit's opinion in *In re Edwards*, 962 F.2d 641 (7th Cir. 1992) is instructive as to why New GM should not be forced to accept liabilities expressly left with Old GM under the Sale Order. In *Edwards*, the court held that terms of a sale could not be modified even when a known creditor received no notice.[4]

Thus, rather than imposing liability on the good faith purchaser, courts properly require that claimants seek a recovery against the estate. For example, in *In re Conway*, 885 F.2d 90, 96 (3d Cir. 1989),

---

[4] The *Edwards* court acknowledged that a balance must be struck:

> To take away a person's property—and a lien is property—without compensation or even notice is pretty shocking, but we have property rights on both sides of the equation here, since [second mortgagor] wants to take away property that [purchaser] bought and [new mortgagor] financed, without compensating them for their loss. As we said before, the liquidation of bankruptcy estates will be impeded if the bona fide purchaser cannot obtain a good title, and creditors will suffer.

*Id.* at 645.

the court stated that Conway's position that he did not receive adequate notice of an asset sale "provides a justification for permitting Conway to file a late proof of claim with the bankruptcy court . . ., rather than a justification for imposing successor liability on Volvo." In *Molla v. Adamar of New Jersey, Inc.*, 2014 WL 2114848, at *5 (D.N.J. May 21, 2014), the court found that if plaintiff did not receive adequate notice of the bankruptcy proceeding, that is relevant to whether its claims will be discharged, but not a basis to impose liability on a purchaser who acquired assets "free and clear" of such claims.[5]

## CONCLUSION

For these reasons, this Court should grant New GM's Petition for Rehearing and Rehearing En Banc.

---

[5] Courts also point to the § 363(m) stay requirement as evidence of the policy of protecting good faith purchasers. *See In re Colarusso*, 382 F.3d 51, 62 (1st Cir. 2004) (the rule "reflects the salutary policy of affording finality to judgments approving sales in bankruptcy by protecting good faith purchasers, the innocent third parties who rely on the finality of bankruptcy judgments in making their offers and bids.").

7

Respectfully submitted,

/s/ Mark Behrens
Mark Behrens (*Counsel of Record*)
SHOOK HARDY & BACON L.L.P.
1155 F Street NW, Suite 200
Washington, DC  20004
(202) 639-5621
mbehrens@shb.com

Mark Moedritzer
SHOOK HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108
(816) 559-2317
mmoedritzer@shb.com

Dated: August 10, 2016

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-spaced typeface using Microsoft Word 2010 in 14 point Century Schoolbook font for text and footnotes.

/s/ Mark Behrens
Mark Behrens

Dated: August 10, 2016

## CERTIFICATE OF SERVICE

I certify that on August, 10, 2016, I caused service of the foregoing brief to be made by electronic filing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all parties with an e-mail address of record, who have appeared and consent to electronic service in this action.

/s/ Mark Behrens
Mark Behrens

Dated: August 10, 2016