

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 12, 2016

**By ECF**
Hon. Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York  10004

      Re:   *In re: Motors Liquidation Co.*, No. 09-B-50026 (MG)

Dear Judge Glenn:

      I write respectfully to identify record citations pertinent to one issue that was referenced during the August 10 oral argument on the Joint Motion of the Official Committee of Unsecured Creditors and the Avoidance Action Trust, which seeks approval of a proposed settlement agreement that includes litigation funding provisions.

      Although the parties and Court referenced Judge Gerber's comment that the issue that will be resolved by the proposed settlement was "close," the parties have not provided complete relevant record citations. During an October 21, 2011 hearing at which Judge Gerber heard argument on cross-motions for summary judgment and a motion to dismiss the Committee's adversary proceeding concerning the proceeds allocation dispute, Judge Gerber stated:  "The underlying issues . . . as my preliminary remarks on that are going to address, are very, very close" (transcript entered as Dkt. No. 26 in Adv. P. No 11-9406, at 6 lines 18-20), and, after disposing of the motion to dismiss, "summary judgment  . . . as I think I telegraphed earlier, I think the issues are much, much closer (*id.* at 10, lines 12-15).  In addition, as Your Honor noted yesterday, Judge Gerber also stated in his ensuing decision that the "issues on summary judgment were closer" than the issues on the motion to dismiss for lack of ripeness (the ground on which the District Court eventually reversed the decision).  *See* Dkt. No. 27 in Adv. P. No. 11-9406, at 3.  Thus, while Judge Gerber ultimately ruled for the Committee, he repeatedly acknowledged that the issues presented were substantial, and, of course, this Court or any court on appeal could easily conclude that the DIP Lenders are correct that their express and unqualified super-priority administrative claim for repayment of funds advanced to the estate cannot be overcome by provisions that more naturally apply directly to the DIP Lenders' security interests and related protections.

Thank you for your consideration of this submission.

        Respectfully,

        PREET BHARARA
        United States Attorney

By: s/ David S. Jones_____
   DAVID S. JONES
   Assistant United States Attorney
   86 Chambers Street, 3rd Floor
   New York, New York 10007
   Telephone: (212) 637-2739
   Facsimile: (212) 637-2730
   Email: David.Jones6@usdoj.gov

cc: Counsel for the UCC, AAT, River Birch, and Davidson Kempner (by ECF and email)