# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

August 16, 2016

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

> Re:    In re Motors Liquidation Company, *et al.*
>        Case No. 09-50026 (MG)
>
>        <u>Letter Regarding Update on Related Proceedings</u>

Dear Judge Glenn:

King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. Pursuant to Judge Gerber's Endorsed Order dated May 5, 2015 [Dkt. No. 13131], we write to update the Court regarding developments in proceedings relating to New GM. Specifically, on August 10, 2016, New GM filed the *Petition For Panel Rehearing And Rehearing En Banc of General Motors LLC (GM LLC)* ("**Rehearing Petition**") with the United States Court of Appeals for the Second Circuit ("**Second Circuit**") in connection with the Opinion issued on July 13, 2016 by the Second Circuit. The Rehearing Petition was previously provided to the Court on August 11, 2016. On August 15, 2016, the Clerk of Court for the Second Circuit entered an order granting the National Association of Manufacturers' unopposed motion for leave to file an amicus curiae brief in support of New GM's Rehearing Petition. A copy of the order is attached hereto as **Exhibit 1**.[1] Also on August 15, 2016, the Chamber of Commerce of the United States of America filed an unopposed motion for leave to file an amicus curiae brief in support of New GM's Rehearing Petition. The unopposed motion and proposed amicus brief are attached as **Exhibit 2**.

---

[1]    A copy of the National Association of Manufacturers' amicus curiae brief was previously provided to the Court on August 11, 2016.

Honorable Martin Glenn
August 16, 2016
Page 2

Respectfully submitted,

*/s/ Scott Davidson*

Scott Davidson

SD/hs
Encl.

cc: Edward S. Weisfelner
  Howard Steel
  Sander L. Esserman
  Jonathan L. Flaxer
  S. Preston Ricardo
  Alexander H. Schmidt
  Matthew J. Williams
  Lisa H. Rubin
  Keith Martorana
  Daniel Golden
  Deborah J. Newman
  William Weintraub
  Gregory Fox
  Steve W. Berman
  Elizabeth J. Cabraser
  Robert C. Hilliard
  Gary Peller

# <u>Exhibit 1</u>

Case 15-2844, Document 128, 08/16/2016, 1840939, Page1 of 2

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of August, two thousand and sixteen.

Before:          Denny Chin,
                     *Circuit Judge.*

_____

In the Matter of:  Motors Liquidation Company,

          Debtor.                        **ORDER**

_____

Celestine Elliott, Lawrence Elliott, Berenice Summerville,    Docket Nos. 15-2844(L)
                                             15-2847(XAP)

          Creditors - Appellants - Cross-Appellees,       15-2848(XAP)

Sesay and Bledsoe Plaintiffs, Ignition Switch Plaintiffs, Ignition Switch Pre-Closing Accident Plaintiffs, Doris Powledge Phillips,

          Appellants-Cross-Appellees,

Groman Plaintiffs,

          Appellants,

v.

General Motors LLC,

          Appellee - Cross-Appellant,

Wilmington Trust Company,

          Trustee - Appellee - Cross-Appellant,

Participating Unitholders,

          Creditors - Appellees - Cross - Appellants.

     _____

Case 15-2844, Document 125, 08/15/2016, 1836989, Page2 of 2

The National Association of Manufacturers moves for leave to file an *amicus curiae* brief in support of the petition for rehearing or rehearing *en banc* filed by General Motors LLC.

IT IS HEREBY ORDERED that the motion is GRANTED.


For the Court**:**

Catherine O'Hagan Wolfe,
Clerk of Court

# Exhibit 2

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s)**: 15-2844(L); 15-2847(XAP); 15-2848(XAP)     Caption [use short title]

**Motion for:** Leave to file amicus curiae brief by Chamber of Commerce of the United States of America

In the Matter of: Motors Liquidation Company

Set forth below precise, complete statement of relief sought:

Amicus Curiae Chamber of Commerce of the United States of America seeks leave to file an amicus brief in support of the Petition for Rehearing and Rehearing En Banc of General Motors LLC (New GM).

Amicus Chamber of Commerce of the United States of America

**MOVING PARTY:**     **OPPOSING PARTY:**

[ ] Plaintiff   [ ] Defendant
[ ] Appellant/Petitioner   [ ] Appellee/Respondent

**MOVING ATTORNEY:** Thomas R. McCarthy     **OPPOSING ATTORNEY:**
[name of attorney, with firm, address, phone number and e-mail]

Consovoy McCarthy Park PLLC

3033 Wilson Blvd., Suite 700, Arlington, VA 22201

(703) 243-9423. tom@consovoymccarthy.com

**Court-Judge/Agency appealed from:** United States Bankruptcy Court for the Southern District of New York

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes [ ] No (explain):_____

Opposing counsel's position on motion:
[✓] Unopposed [ ] Opposed [ ] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes [ ] No [✓] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?   [ ] Yes [ ] No
Has this relief been previously sought in this Court?   [ ] Yes [ ] No
Requested return date and explanation of emergency:_____

_____

_____

_____

Is oral argument on motion requested?   [ ] Yes [✓] No   (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   [ ] Yes [✓] No   If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Thomas R. McCarthy     **Date:** August 15, 2016     Service by: [✓] CM/ECF   [ ] Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

# 15-2844(L)

## 15-2847-(XAP), 15-2848 (XAP)

---

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

---

IN THE MATTER OF: MOTORS LIQUIDATION COMPANY,

*Debtor.*

*(Caption continued on inside cover)*

---

ON DIRECT APPEAL FROM THE UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**MEMORANDUM OF THE CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA IN SUPPORT OF UNOPPOSED
MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN
SUPPORT OF PETITION FOR PANEL REHEARING AND
REHEARING EN BANC OF GENERAL MOTORS LLC (GM LLC)**

---

Kate Comerford Todd
Warren Postman
U.S. CHAMBER LITIGATION CENTER
1615 H Street, NW
Washington, DC 20062
(202) 463-5337

Thomas R. McCarthy
J. Michael Connolly
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(703) 243-9423

Dated: August 15, 2016

*Counsel for Amicus Curiae*

CELESTINE ELLIOTT, LAWRENCE ELLIOTT, BERENICE SUMMERVILLE,
*Creditors-Appellants-Cross-Appellees*,

SESAY AND BLEDSOE PLAINTIFFS, IGNITION SWITCH PLAINTIFFS, IGNITION
SWITCH PRE-CLOSING ACCIDENT PLAINTIFFS, DORIS POWLEDGE PHILLIPS,
*Appellants-Cross-Appellees*,

GROMAN PLAINTIFFS,

*Appellants*

– v. –

GENERAL MOTORS LLC,
*Appellee-Cross-Appellant*,

WILMINGTON TRUST COMPANY,
*Trustee-Appellee-Cross-Appellant*,

PARTICIPATING UNITHOLDERS,
*Creditor-Appellee-Cross-Appellant*.

The Chamber of Commerce of the United States of America ("the Chamber") hereby moves for leave to file the accompanying brief as *amicus curiae* in the above-captioned manner.[1] The Chamber is the world's largest business federation, representing 300,000 direct members and indirectly representing the interests of more than three million companies and professional organizations of every size, in every industry, from every region of the country. To protect its members' interests, the Chamber regularly files *amicus curiae* briefs in cases raising issues of concern to the Nation's business community.

The Chamber has a strong interest in this case. The Panel distorted bankruptcy and constitutional law to enable the pursuit of certain "successor liability" claims against General Motors LLC ("New GM") despite the Sale Order's preclusion of such claims. The Panel failed to account for the dubious nature of the claims at issue, which are the type of class-action allegations that cause great harm to the business community but offer paltry benefits for the class members. And the Panel's requirement that debtors catalogue all speculative theories of liability against them and provide

---

[1] Pursuant to Fed. R. App. P. 29(c), *amicus curiae* states that no counsel for a party authored this brief in whole or in part, and no counsel or party made a monetary contribution intended to fund the preparation or submission of this brief. No person other than *amicus curiae*, its members, or its counsel made a monetary contribution intended to fund its preparation or submission. All parties have consented to the filing of this brief.

direct-mail notice of those hypothetical liabilities to any potential plaintiff would place an enormous and unworkable burden on Chamber members. The Chamber seeks to participate as *amicus curiae* in order to assist the Court with these important issues.

For these reasons, the Chamber requests that the Court grant its Motion.

Respectfully submitted,

*/s/ Thomas R. McCarthy*

Kate Comerford Todd
Warren Postman
U.S. CHAMBER LITIGATION CENTER
1615 H Street, NW
Washington, DC 20062
(202) 463-5337

Thomas R. McCarthy
J. Michael Connolly
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(703) 243-9423

Dated:  August 15, 2016

*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August, 2016, a true and correct copy of the foregoing was filed with the Clerk of the United States Court of Appeals for the Second Circuit via the Court's CM/ECF system, which will send notice of such filing to all counsel who are registered CM/ECF users.

/s/ Thomas R. McCarthy

Thomas R. McCarthy
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(703) 243-9423

Case 15-2844, Document 426-9, 05/2022010, 1040004, Page1 of 15

# 15-2844(L)

## 15-2847-(XAP), 15-2848 (XAP)

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

IN THE MATTER OF: MOTORS LIQUIDATION COMPANY,

*Debtor.*

*(Caption continued on inside cover)*

ON DIRECT APPEAL FROM THE UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*AMICUS CURIAE* BRIEF OF THE CHAMBER OF COMMERCE
OF THE UNITED STATES OF AMERICA IN SUPPORT OF
PETITION FOR PANEL REHEARING AND REHEARING EN
BANC OF GENERAL MOTORS LLC (GM LLC)

Kate Comerford Todd
Warren Postman
U.S. CHAMBER LITIGATION CENTER
1615 H Street, NW
Washington, DC 20062
(202) 463-5337

Thomas R. McCarthy
J. Michael Connolly
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(703) 243-9423

Dated:  August 15, 2016                    *Counsel for Amicus Curiae*

Case 15-2844, Document 126-9, 08/16/2016, 1840909, Page2 of 15

CELESTINE ELLIOTT, LAWRENCE ELLIOTT, BERENICE SUMMERVILLE,
*Creditors-Appellants-Cross-Appellees*,

SESAY AND BLEDSOE PLAINTIFFS, IGNITION SWITCH PLAINTIFFS, IGNITION
SWITCH PRE-CLOSING ACCIDENT PLAINTIFFS, DORIS POWLEDGE PHILLIPS,
*Appellants-Cross-Appellees*,

GROMAN PLAINTIFFS,

*Appellants*

– v. –

GENERAL MOTORS LLC,
*Appellee-Cross-Appellant*,

WILMINGTON TRUST COMPANY,
*Trustee-Appellee-Cross-Appellant*,

PARTICIPATING UNITHOLDERS,
*Creditor-Appellee-Cross-Appellant*.

Case 15-2844, Document 126-9, 05/16/2016, 1549909, Page3 of 15

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rules 26.1 and 29(c) of the Federal Rules of Appellate Procedure, *amicus* states as follows:

The Chamber of Commerce of the United States of America has no parent company. No publicly held company owns 10% or more of its stock.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................... v

INTEREST OF *AMICUS CURIAE* ............................................................... 1

INTRODUCTION AND SUMMARY OF ARGUMENT ............................. 2

ARGUMENT ................................................................................................. 3

I.   THE PANEL'S DECISION DISTORTS ESTABLISHED
     PRINCIPLES OF DUE PROCESS AND IMPOSES ENORMOUS
     PRACTICAL BURDENS ON THE BANKRUPTCY PROCESS .......... 3

CONCLUSION ............................................................................................. 8

CERTIFICATE OF COMPLIANCE ............................................................. 9

CERTIFICATE OF SERVICE .................................................................... 10

# TABLE OF AUTHORITIES

## Cases

*AT&T Mobility LLC v. Concepcion,*
   563 U.S. 333 (2011) ...................................................................... 8

*Blue Chip Stamps v. Manor Drug Stores,*
   421 U.S. 723 (1975) ...................................................................... 8

*Cafeteria & Restaurant Workers Union v. McElroy,*
   367 U.S. 886 (1961) ...................................................................... 4

*DPWN Holdings (USA), Inc. v. United Air Lines, Inc.,*
   747 F.3d 145 (2d Cir. 2014) .......................................................... 4

*In re Kaelin,*
   308 F.3d 885 (8th Cir. 2002) ........................................................ 5

*In re Motors Liquidation Co.,*
   529 B.R. 510 (Bankr. S.D.N.Y. 2015) ......................................... 3

*Kotteakos v. United States,*
   328 U.S. 750 (1946) ...................................................................... 6

*Morrissey v. Brewer,*
   408 U.S. 471 (1972) ...................................................................... 4

*Mullane v. Central Hanover Bank & Trust Co.,*
   339 U.S. 306 (1950) ...................................................................... 4

*Spinelli v. City of New York,*
   579 F.3d 160 (2d Cir. 2009) .......................................................... 4

*U.S. ex rel. Drake v. Norden Sys., Inc.,*
   375 F.3d 248 (2d Cir. 2004) .......................................................... 5

## Statutes

Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 .............. 7

## Other Authorities

*Cy Pres in Class Action Settlements,* 88 S. Cal. L. Rev. 97 (2014) .............. 7

*Do Class Actions Benefit Class Members?: An Empirical Analysis*
   *of Class Actions* (Dec. 11, 2013) ................................................. 7

# INTEREST OF *AMICUS CURIAE*[1]

The Chamber of Commerce of the United States of America ("the Chamber") is the world's largest business federation, representing 300,000 direct members and indirectly representing the interests of more than three million companies and professional organizations of every size, in every industry, from every region of the country. To protect its members' interests, the Chamber regularly files *amicus curiae* briefs in cases raising issues of concern to the Nation's business community.

The Chamber has a strong interest in this case. The Panel distorted bankruptcy and constitutional law to enable the pursuit of certain "successor liability" claims against General Motors LLC ("New GM") despite the Sale Order's preclusion of such claims. The Panel failed to account for the dubious nature of the claims at issue, which are the type of class-action allegations that cause great harm to the business community but offer paltry benefits for the class members. And the Panel's requirement that debtors catalogue all speculative theories of liability against them and provide

---

[1] Pursuant to Fed. R. App. P. 29(c), *amicus curiae* states that no counsel for a party authored this brief in whole or in part, and no counsel or party made a monetary contribution intended to fund the preparation or submission of this brief. No person other than *amicus curiae*, its members, or its counsel

direct-mail notice of those hypothetical liabilities to any potential plaintiff
would place an enormous and unworkable burden on Chamber members.

## INTRODUCTION AND SUMMARY OF ARGUMENT

To understand why rehearing and rehearing en banc should be
granted, one must appreciate what this case does *not* involve. The claims at
issue do *not* seek to require New GM to repair any defective ignition
switches, to perform warranty service on vehicles purchased from General
Motors Corporation ("Old GM"), or to recover for any post-sale accidents
causing injury, death, or property damage. New GM agreed to assume all of
*those* liabilities in the Sale Order. Instead, this case involves more than 100
class actions alleging far more attenuated claims of injury—for example, the
alleged diminution of value of mature Old GM vehicles (which never
manifested any symptom of the ignition-switch defect), or the costs of
babysitting while a vehicle was repaired. Plaintiffs claim to represent a class
that, based on such claims, seeks damages approaching $10 billion.

In permitting the Plaintiffs to pursue these dubious claims against
New GM—notwithstanding the clear terms of the Sale Order entered seven
years ago—the Panel strained to find both a due process violation and
resulting prejudice from the fact that Old GM did not mail millions of
individual notices of a widely publicized pending bankruptcy sale. The Panel

made little effort to consider the specific and unique circumstances of the parties' competing interests—as required by precedent—and it ignored the applicable standard of review that governs findings of prejudice.

If allowed to stand, the Panel's decision will impose enormous and impractical burdens on companies who participate in bankruptcy sales and drive up the costs for debtors, creditors, and purchasers alike. It will inevitably dilute the value of the estate of Chapter 11 debtors by requiring debtors to invite plaintiffs' lawyers to file claims regardless of merit. And it will perpetuate the kind of abusive and expensive litigation that will offer little in the way of relief for the class members, and provide an enormous windfall for the plaintiffs' lawyers who bring them.

## ARGUMENT

## I.    THE PANEL'S DECISION DISTORTS ESTABLISHED PRINCIPLES OF DUE PROCESS AND IMPOSES ENORMOUS PRACTICAL BURDENS ON THE BANKRUPTCY PROCESS.

The Bankruptcy Court recognized the opportunistic nature of these claims, observing that dozens of class actions seeking damages for economic loss only were filed immediately after New GM announced a recall to address the ignition switch issue. *In re Motors Liquidation Co.*, 529 B.R. 510, 521 & n.4 (Bankr. S.D.N.Y. 2015). The Panel repeatedly glossed over this important distinction, describing Plaintiffs as "claiming that the ignition

switch defect caused personal injuries and economic losses, both before and after the § 363 sale closed." Slip Op. at 24.[2] *See also id.* at 62 (referring to "millions of faultless individuals with defective Old GM cars").

The Panel's failure to address the attenuated nature of Plaintiffs' claims affected its analysis. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *see also Spinelli v. City of New York*, 579 F.3d 160, 170 (2d Cir. 2009). The analysis requires "a determination of the precise nature . . . of the private interest" at stake. *Cafeteria & Restaurant Workers Union v. McElroy*, 367 U.S. 886, 895 (1961). And this flexibility extends to the form of notice required in any given case. *DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 747 F.3d 145, 150 (2d Cir. 2014); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

The Panel, however, eschewed *any* flexibility. Specifically, the Panel incorrectly found the publication notice insufficient even though: (1) none of the claimants at issue notified Old GM of any loss or damage arising from alleged defects; (2) it would have cost millions of dollars to send direct mail

---

[2] One set of claims at issue are for personal injuries from accidents that occurred *before* the sale closed. *See* Slip Op. at 25. But these Plaintiffs were unquestionably on notice of a potential claim against Old GM before the sale, and had time to investigate and file claims against the estate.

notices to the millions of people who *might* have a faulty ignition switch (even assuming Old GM knew that this defect existed); (3) almost every single one of the claimants had actual notice of Old GM's widely-publicized bankruptcy; and (4) the Sale Order did not eliminate any claim against Old GM, but merely routed such claims to the trust established by the sale proceeds. Under these circumstances, and in light of the attenuated nature of the Plaintiffs' economic damages, the notice was constitutionally sufficient.

Moreover, the Panel's finding of prejudice from the lack of direct-mail notice gave short shrift to the factual findings of the Bankruptcy Court. Prejudice to a litigant is "a finding of fact" subject to reversal only when "clearly erroneous[.]" *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 257 (2d Cir. 2004). Other courts have specifically held in the context of bankruptcy that "prejudice to creditors [is a] finding[] of fact and therefore subject to review for clear error." *In re Kaelin*, 308 F.3d 885, 888-89 (8th Cir. 2002) (citing *In re Arnold*, 252 B.R. 778, 784 (9th Cir. BAP 2000)). But the Panel erred by showing *no* deference to the Bankruptcy Court's finding that these Plaintiffs—even if they had received direct-mail notice and

objected—could not have changed the scope of the Sale Order, given that many objectors unsuccessfully opposed the cut-off of successor liability.[3]

The practical consequences of the Panel's distortion of due process are enormous. Future debtors will be required to spend millions of dollars and untold time mailing countless individual notices—a step that was likely redundant in this case, as GM's bankruptcy was front-page news nationwide. The decision also injects uncertainty into the bankruptcy process, making it more difficult to find purchasers and lowering the value of Section 363 sales to account for the risks of hidden successor liability. Moreover, as New GM notes, it requires debtors to provide not only notice of the sale to anybody who could bring a future claim—no matter how hypothetical or meritless— but also notice of the theory of liability. *See* Pet. for Rehearing at 2, 8-9. That novel requirement will prove disastrous for all participants in the bankruptcy process. It is an open invitation to plaintiffs' lawyers to dilute the value of the estate by filing dubious class-action claims like those at issue here. The assertion of millions of novel claims seeking billions of dollars will multiply the administrative costs to the estate. And it will harm other

---

[3] The Panel relied on *Kotteakos v. United States*, 328 U.S. 750, 765 (1946), which sets forth the harmless-error standard for criminal trials. Criminal defendants' interests are far graver than the Plaintiffs' economic-loss claims, which were not extinguished by the sale but channeled to the debtor's estate.

creditors—especially unsecured creditors, including genuine tort victims— who will be left with a drastically reduced share of the debtor's proceeds.

Indeed, the class-action process is often abused, providing a windfall in lawyers' fees but few meaningful benefits for the class members. As Congress found a decade ago, "[c]lass members often receive little or no benefit from class actions, and are sometimes harmed." Class Action Fairness Act of 2005, Pub. L. No. 109-2 § 2(a)(3), 119 Stat. 4. This was confirmed by a recent study conducted at the request of the Chamber's Institute of Legal Reform, which analyzed 148 consumer and employee class actions filed in or removed to federal court in 2009.[4] Of the six cases for which distribution data were public, five delivered funds to only miniscule percentages of the class: 0.000006%, 0.33%, 1.5%, 9.66%, and 12%.

Plaintiffs' lawyers are handsomely rewarded notwithstanding these abysmal claims rates, "[s]ince attorneys' fees in class actions are often calculated as a percentage of the recovery." Rhonda Wasserman, *Cy Pres in Class Action Settlements*, 88 S. Cal. L. Rev. 97, 122 (2014). Businesses subject to large class actions are forced to spend immense amounts of money on defense costs, which can soar into the tens of millions of dollars. And

---

[4] *Do Class Actions Benefit Class Members?: An Empirical Analysis of Class Actions* (Dec. 11, 2013), available at http://goo.gl/mCzSy5.

"when damages allegedly owed to tens of thousands of potential claimants are aggregated and decided at once, the risk of an error will often become unacceptable." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350 (2011). Thus, the stakes in these class actions are so high that "even a complaint which by objective standards may have very little chance of success at trial has a settlement value to the plaintiff out of any proportion to its prospect of success at trial." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 740 (1975). The Panel's decision encourages this behavior to the detriment of debtors and creditors alike.

## CONCLUSION

For the foregoing reasons, this Court should grant the petition for rehearing and rehearing en banc.

Respectfully submitted,

*/s/ Thomas R. McCarthy*

Kate Comerford Todd
Warren Postman
U.S. CHAMBER LITIGATION CENTER
1615 H Street, NW
Washington, DC 20062
(202) 463-5337

Thomas R. McCarthy
J. Michael Connolly
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(703) 243-9423

Dated: August 15, 2016

*Counsel for Amicus Curiae*

8

Case 16-2374, Document 49-3, 08/19/2016, 1846904, Page14 of 15

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), undersigned counsel certifies that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman 14-point font.

*/s/ Thomas R. McCarthy*

Thomas R. McCarthy
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(703) 243-9423

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August, 2016, a true and correct copy of the foregoing was filed with the Clerk of the United States Court of Appeals for the Second Circuit via the Court's CM/ECF system, which will send notice of such filing to all counsel who are registered CM/ECF users.

/s/ Thomas R. McCarthy

Thomas R. McCarthy
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(703) 243-9423