# Exhibit 1

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

| | | |
|---|---|---|
| Andrew B. Bloomer, P.C.<br>To Call Writer Directly:<br>(312) 862-2482<br>andrew.bloomer@kirkland.com | 300 North LaSalle<br>Chicago, Illinois  60654<br><br>(312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

August 22, 2016

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   *In re: General Motors LLC Ignition Switch Litigation*, 14-MD-2543
>       *Norville v. General Motors LLC*, 14-CV-8176

Dear Judge Furman:

In response to plaintiff's August 19, 2016 letter (Docket No. 3255), New GM submits that plaintiff's successor liability claims should be decided by the Bankruptcy Court in the first instance.  The successor liability claim pled by plaintiff Norville is not limited in scope to ignition switch claims or to issues peripheral to the Sale Order.  Rather, plaintiff's Fourth Amended Complaint challenges the very foundations of the 2009 sale of certain Old GM assets to New GM under 11 U.S.C. § 363.  Plaintiff alleges that New GM is the "mere continuation" of Old GM (Fourth Am. Compl. at ¶ 25), which would mean that the entire bankruptcy, Sale Agreement, and Sale Order were a "sham."[1]  Among other things, plaintiff alleges that "New GM did not pay Old GM sufficient consideration for the Bankruptcy Sale," (*Id.* at ¶ 25(b)), even though the Bankruptcy Court found otherwise.[2]  Plaintiff apparently ignores the fact that the sale was approved only after the Bankruptcy Court sanctioned specific auction procedures, conducted a three-day sale hearing, and issued a lengthy decision that was affirmed on appeal.  Each step

---

[1]   *Brunner v. Estate of Lax*, 47 Misc.3d 1206(A), 2015 WL 1509815, *8 (N.Y. Sup. Ct. Apr. 3, 2015) ("basic concept" of "mere continuation" is that "the transaction which purported to transfer a business from one entity to another is a sham and that, here, such transaction occurred as a means to evade liability"); *see also Dixstar v. Gentec Equip.*, 2004 WL 3362501, at *5 (W.D. Ky. Feb. 11, 2004) ("The purpose of the 'mere continuation' exception is to prevent companies from changing their appearance in form, but not in substance, to avoid fulfilling obligations to creditors. . . . The transfer of assets to the new company is not conducted at arm's length, and the parties exchange inadequate consideration.").

[2]   *See In re Gen. Motors Corp.*, 407 B.R. 463, 494 (Bankr. S.D.N.Y. 2009) ("As to the sufficiency of the purchase price, the Court is equally satisfied.  No other, much less better, offer was received, and the GM Board even secured a fairness opinion from reputable advisors, expressing the opinion that the consideration was, indeed, fair.").

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
August 22, 2016
Page 2

along the way, the Sale Agreement presented to the Bankruptcy Court was supported by the Official Committee of Unsecured Creditors.

Plaintiff's mere continuation/sham claim seeks to eviscerate several of the Bankruptcy Court's specific findings in connection with approving the bankruptcy sale, including: (a) "the consideration provided for in the MPA constitutes the highest or otherwise best offer for the Purchased Assets and provides fair and reasonable consideration for the Purchased Assets" (Sale Order ¶ G; *see also id.* ¶ K); (b) the sale "was not entered into and none of the Debtors, the Purchaser, or the Purchasers' present or contemplated owners have entered into the MPA or propose to consummate the 363 Transaction for the purpose of hindering, delaying, or defrauding the Debtors' present or future creditors" (*id.* ¶ M); and (c) New GM "is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby" (*id.* ¶ R; *see also id.* ¶¶ Q, 55).[3] As a result, judicial findings made in connection with plaintiff's mere continuation claim (*e.g.*, relating to plaintiff's theory that the bankruptcy sale was a sham and that "New GM did not pay Old GM sufficient consideration") could significantly impact the interpretation and enforcement of the Sale Order, including, potentially, in cases inside and outside MDL 2543.

The Bankruptcy Court retained exclusive jurisdiction to enforce, implement, and interpret the provisions of the Sale Order as well as the underlying Sale Agreement, including to "protect the Purchaser against any of the Retained Liabilities or the assertion of any lien, claim, encumbrance, or other interest, of any kind or nature whatsoever, against the Purchased Assets." (Sale Order ¶ 71.) The Second Circuit agreed, holding that "the bankruptcy court had jurisdiction to interpret and enforce the Sale Order." *In re Motors Liquidation Co.*, 2016 WL 3766237, at *11 (2d Cir. July 13, 2016). Plaintiff's argument that she is not bound by the Sale Order and Agreement (an Agreement that plaintiff puts directly at issue in her mere continuation claim (*see* Fourth Am. Compl. at ¶ 25)) misses the point: plaintiff cannot seek to undercut critical judicial holdings at the heart of the Sale Order without implicating bankruptcy court jurisdiction.[4]

Because plaintiff's mere continuation successor liability theory attacks the judicially approved sale of assets from Old GM, as debtor, to New GM (the government-owned entity) and

---

[3] The appeal of the Sale Order was dismissed as equitably moot by the Second Circuit in *Parker v. Motors Liquidation Company*, 10-4882-BK (2d Cir. July 28, 2011).

[4] Lead Counsel previously argued unsuccessfully in this Court for a permissive withdrawal of the reference. *See In re Motors Liquidation Co.*, Docket No. 09-50026-REG, Docket No. 13455, Opinion and Order at 7-8 (S.D.N.Y. Sept. 21, 2015).

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
August 22, 2016
Page 3

the findings of the Bankruptcy Court's Sale Order, the Bankruptcy Court should decide in the first instance whether plaintiff may pursue that claim. Accordingly, as set forth in its August 19 letter, New GM has sought a status conference with Judge Glenn during the week of August 22, to seek clarity on the procedures for addressing these issues and to set a briefing schedule in order not to interfere with the timing of the *Norville* trial. That letter was simultaneously sent to Your Honor with the understanding that the Bankruptcy Court and this Court would discuss the issue raised. New GM's summary judgment motion in the *Norville* case, which will be filed on Monday, August 22, 2016, will not address the issue of successor liability, except to note New GM's position that the question should be decided by the Bankruptcy Court.

Respectfully submitted,

/s/ Richard C. Godfrey, P.C.
/s/ Andrew B. Bloomer, P.C.

*Counsel for Defendant General Motors LLC*

cc:   Honorable Martin Glenn
      MDL Counsel of Record