**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

(Full Caption of Later Filed Case)

```
------------------------------------------------------------ x
In re                                                        :   Chapter 11
                                                             :
MOTORS LIQUIDATION COMPANY, f/k/a                            :   Case No. 09-50026 (MG)
GENERAL MOTORS CORPORATION, et al.,                          :
                                                             :   (Jointly Administered)
                                                             :
                          Debtors.                           :
------------------------------------------------------------ x
DAVIDSON KEMPNER CAPITAL                                     :
MANAGEMENT LP,                                               :
                                                             :   No. 16 Civ. _____
                                                             :
                          Appellant,                         :
                                                             :
         - against -                                         :
                                                             :
OFFICIAL COMMITTEE OF UNSECURED                              :
CREDITORS OF MOTORS LIQUIDATION                              :
COMPANY, MOTORS LIQUIDATION                                  :
COMPANY AVOIDANCE ACTION TRUST,                              :
UNITED STATED DEPARTMENT OF THE                              :
TREASURY and EXPORT DEVELOPMENT                              :
CANADA,                                                      :
                                                             :
                          Appellees.                         :
------------------------------------------------------------ x
```

(Full Captions of Earlier Filed Cases)

```
------------------------------------------------------------ x
UNITED STATES DEPARTMENT OF THE                              :
TREASURY,                                                    :   No. 12 Civ.561 (CM)
                          Appellant,                         :
                                                             :
         - against -                                         :
                                                             :
OFFICIAL COMMITTEE OF UNSECURED                              :
CREDITORS OF MOTORS LIQUIDATION                              :
COMPANY,                                                     :
                                                             :
                          Appellee.                          :
------------------------------------------------------------ x
```

```
------------------------------------------------------------  x
EXPORT DEVELOPMENT CANADA,                                    :
                                                              :   No. 12 Civ.695 (CM)
                              Appellant,                      :
                                                              :
              - against -                                     :
                                                              :
OFFICIAL COMMITTEE OF UNSECURED                               :
CREDITORS OF MOTORS LIQUIDATION                               :
COMPANY,                                                      :
                                                              :
                              Appellee.                       :
------------------------------------------------------------  x
```

**Status of Earlier Filed Cases:**

Closed. Closed by court decision: the Decision and Order of the Honorable Colleen McMahon, Case Nos. 12-cv-695, 12-cv-561, respectively, and, ECF Nos. 16, 18, respectively.

**Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.**

See attached Statement of Case Relatedness.

Dated: September 2, 2016  
       New York, New York

STROOCK & STROOCK & LAVAN LLP

/s/ Kristopher M. Hansen  
Kristopher M. Hansen  
Daniel A. Ross  
Christopher M. Guhin  
Gabriel E. Sasson  
180 Maiden Lane  
New York, New York 10038-4982  
Telephone: (212) 806-5400

*Attorneys for Davidson Kempner Capital Management LP*

**Statement of Case Relatedness**

The instant appeal is from an Order (the "Settlement Order") of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, approving a settlement of a dispute over the allocation of future proceeds, if any, arising from an active lawsuit between the Official Committee of Unsecured Creditors of Motors Liquidation Company f/k/a General Motors Corporation (the "Committee") and the United States of America, on behalf of the debtor-in-possession lender the United States Department of the Treasury, and Export Development Canada (together, the "DIP Lenders"). The settled dispute (the "Allocation Dispute") was the subject of a prior order of the Bankruptcy Court (the "Summary Judgment Order") granting summary judgment in favor of the Committee in an adversary proceeding brought by the Committee, Adv. Proc. No. 11-09406 (the "Adversary Proceeding"), in which the Bankruptcy Court held that the DIP Lenders were not entitled to any of the proceeds of the underlying lawsuit because the DIP Lenders had waived their rights to recover from the proceeds thereof, if any. Chief Judge Colleen McMahon presided over the appeal of the Summary Judgment Order (the "Prior Appeal") and determined that there was and could be no ripe case or controversy between the Committee and the DIP Lenders until it was clear that there would be proceeds of the underlying lawsuit. Accordingly, Chief Judge McMahon vacated the Summary Judgment Order and directed that the Adversary Proceeding be dismissed. *See United States Dep't of Treasury v. Official Comm. of Unsecured Creditors of Motors Liquidation Co.*, 475 B.R. 347 (S.D.N.Y. 2012). In the order vacating the Summary Judgment Order and dismissing the Allocation Dispute, Chief Judge McMahon noted that, if the Allocation Dispute were ever refiled and reheard by the Bankruptcy Court, she would "accept the appeal from any declaration on this question under Rule 4(b) of the Local Rules for the Division of Business among District Judges of the Southern District of New York, which provides that a case previously dismissed and later re-filed is to be assigned to the judge who handled the original case. If such an appeal materializes, I will pull out my extensive notes and immediately get down to work on an opinion on the merits." *Id.* at 367.

Appellant Davidson Kempner Capital Management LP ("Davidson Kempner") objected to the settlement of the Allocation Dispute and asserted that: (a) the Bankruptcy Court did not have the authority to enter an order approving a settlement of the Allocation Dispute because Judge McMahon had already ruled that the Allocation Dispute was not yet ripe for adjudication; and (b) the Settlement should not have been approved under the standards applicable under Rule 9019.

The Settlement Order on appeal herein is clearly related to the Prior Appeal. The Settlement Order approves a settlement of the exact same dispute that was the subject of the Prior Appeal, and there are no new facts to dispute other than the terms of the settlement. Chief Judge McMahon's familiarity with the factual and legal issues involved in the Allocation Dispute will therefore serve the interests of justice and will allow the appeal to proceed more efficiently than if it was assigned to a new District Court Judge. Indeed, this matter has many of the same parties as the Prior Appeal, and Davidson Kempner's factual arguments in support of its ripeness and Rule 9019 arguments implicate the same events and involve substantial factual overlap with the arguments previously raised before Chief Judge McMahon. Thus, absent a determination of

relatedness, there would be an undue burden on the Court and the parties to the instant appeal due to a substantial duplication of effort and expense arising from the need for a new District Court Judge to familiarize himself or herself with this case.

For the foregoing reasons, Davidson Kempner respectfully requests that this Court accept this appeal as related to the Allocation Dispute pursuant to Rule 13 of the Local Rules for the Division of Business among District Judges of the Southern District of New York and refer the appeal to Chief Judge McMahon.