# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

September 8, 2016

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York  10004

    Re: **In re Motors Liquidation Company,** *et al.*
       **Case No. 09-50026 (MG)**

      **Letter Regarding Update on Related Proceedings**

Dear Judge Glenn:

  King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. We write to update the Court regarding developments in the appeal regarding the *Pillars* matter pending before District Judge Furman. The *Pillars* appeal, and the question of whether that appeal should be stayed, were discussed at the status conference held before Judge Furman yesterday ("**September 7 Status Conference**") in connection with MDL 2543.[1] On September 7, 2016, Judge Furman issued an Order

---

[1] A copy of the transcript of the September 7 Status Conference ("**MDL Sept. 7 Tr.**") is attached hereto as **Exhibit "A."** The discussion regarding the *Pillars* appeal can be found on pages 28 through 32.

In addition to the discussion of the *Pillars* appeal, the settlement in the *Norville* case was referenced as well as the successor liability issue that had been raised by the *Norville* plaintiff. In this regard, Judge Furman stated as follows:

> Getting to the agenda, first on the bankruptcy proceedings, it doesn't seem to me that there's much, if anything, to discuss there. Obviously, the successor liability issues with respect to Norville are now moot, and I understand that you've already been in touch with Judge Glenn to alert him to that and indicate that that issue can be decided on a less-expedited schedule, if you will.

MDL Sept. 7 Tr., at 3:6-12.

Pg 2 of 2

Honorable Martin Glenn
September 8, 2016
Page 2

("**September 7 Order**") staying the *Pillars* appeal.[2]  In the September 7 Order, Judge Furman noted that "there is a dispute about what effect, if any, the Second Circuit's decision has on the claims of Plaintiff Benjamin Pillars," given the parties' disagreement over what type of plaintiff Pillars is in these proceedings.  *See* September 7 Order, at 1-2.  Judge Furman concluded that:

> the question of what category Pillars falls within is one for either the Second Circuit (on petition for rehearing or rehearing *en banc*) or the Bankruptcy Court to resolve (at least in the first instance). In light of that, and the lack of urgency given that Pillars's underlying case is stayed indefinitely pursuant to MDL No. 2543 Order No. 1, the Court sees no reason to devote its time and attention to the appeal at this time. Accordingly, the case will be placed on the suspense docket pending further Order of the Court.

*Id.* at 2.

Judge Furman directed the parties "to bring [the September 7 Order] and the question of what category Pillars falls within to the Bankruptcy Court's attention as among those issues that the Bankruptcy Court may want to address on remand if the Circuit's decision stands."  *Id.*  This letter satisfies that directive and the issue referenced in the September 7 Order will now be among the issues discussed in the ongoing meet and confer process.

If the Court has any questions or needs additional information, please let me know.

Respectfully submitted,

*/s/ Arthur Steinberg*

Arthur Steinberg

AJS/sd
Encl.

cc:   Victor J. Mastromarco, Jr.
      Edward S. Weisfelner
      Howard S. Steel
      William Weintraub

---

[2]   A copy of the September 7 Order is attached hereto as **Exhibit "B."**

DMSLIBRARY01\21600\162081\29398429.v2-9/8/16