STROOCK & STROOCK & LAVAN LLP
Kristopher M. Hansen
Daniel A. Ross
Christopher M. Guhin
Gabriel E. Sasson
180 Maiden Lane
New York, NY 10038-4982
Telephone: (212) 806-5400

*Attorneys for Davidson Kempner Capital Management LP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :  Chapter 11
                                                             :
MOTORS LIQUIDATION COMPANY, f/k/a                            :  Case No. 09-50026 (MG)
GENERAL MOTORS CORPORATION, *et al.,*                        :
                                                             :  (Jointly Administered)
                                    Debtors.                 :
------------------------------------------------------------ x

**STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**
**AND DESIGNATION OF ITEMS FOR THE RECORD ON APPEAL**
**OF APPELLANT DAVIDSON KEMPNER CAPITAL MANAGEMENT LP**

Pursuant to Fed R. Bankr. P. 8009, Appellant Davidson Kempner Capital Management LP ("Davidson Kempner"), through its undersigned counsel, hereby submits this statement of the issues to be presented to the United States District Court for the Southern District of New York (the "District Court") and designation of items to be included in the record on appeal (this "Designation and Statement of Issues") from the following orders (the "Orders"), of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"):

(i) the *Memorandum Opinion and Order Approving Motion for an Order Approving Stipulation of Settlement and Other Relief* [ECF No. 13744], entered on August 24, 2016; and

(ii) the *Stipulation and Agreed Order (I) Settling Disputed Entitlements of Debtor-in-Possession Lenders and Official Committee of Unsecured Creditors to Potential Term Loan Avoidance Action Proceeds, and (II) Modifying Avoidance*

*Action Trust Agreement to Implement Settlement* [ECF No. 13748], entered on August 30, 2016.

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1.    Whether the Bankruptcy Court had the authority under Article III of the United States Constitution and/or Rule 9019 of the Federal Rules of Bankruptcy Procedure to enter the Orders finally resolving a dispute (the "Allocation Dispute") between the Official Committee of Unsecured Creditors of Motors Liquidation Company f/k/a General Motors Corporation (the "Committee") and the United States Department of the Treasury and Export Development Canada (together, the "DIP Lenders") regarding the Committee's and the DIP Lenders' respective rights with respect to the avoidance action (the "Term Loan Avoidance Action") that is the only asset of the Motors Liquidation Company Avoidance Trust (the "Trust"), when the District Court had previously held that the Allocation Dispute (a) was non-justiciable and not ripe because there was no case or controversy in the constitutional sense to decide and (b) was therefore subject to dismissal for lack of subject matter jurisdiction.

2.    Assuming, *arguendo*, that the Bankruptcy Court had authority to enter the Orders, whether the Bankruptcy Court erred in its application of the test for consideration of settlements under Rule 9019 of the Federal Rules of Bankruptcy Procedure set forth in *Motorola, Inc. v. Official Committee of Unsecured Creditors* (*In re Iridium Operating LLC*), 278 F.3d 452 (2d Cir. 2007), in any material way, including but not limited to the following:

   a.  the Bankruptcy Court's holding that it was reasonable for the Committee to settle the Allocation Dispute by providing the DIP Lenders with 30% of the proceeds of the Term Loan Avoidance Action (if any), when the Bankruptcy Court acknowledged that a prior decision of the Bankruptcy Court holding that the DIP

2

Lenders were not entitled to any of the proceeds of the Term Loan Avoidance Action was "persuasive[;]"

b. the Bankruptcy Court's holding that there was a likelihood of complex and protracted litigation of the Allocation Dispute, when the District Court (i) found that the parties to the Allocation Dispute may be able to stipulate to an immediate appeal from the Bankruptcy Court to the District Court upon any refiling of the Allocation Dispute and (ii) noted that, if and when such an appeal was filed, the presiding judge would expeditiously rule on the matter; and

c. the Bankruptcy Court's consideration of the interests of the DIP Lenders in assessing whether the settlement served "the paramount interests of the creditors" (factor (3) in the *Iridium* test), when a "persuasive" decision of the Bankruptcy Court had previously held that the DIP Lenders were not entitled to any proceeds of the Term Loan Avoidance Action.

## **DESIGNATION OF ITEMS FOR THE RECORD ON APPEAL**

Appellant hereby designates the following items to be included in the record on appeal, together with all exhibits, attachments, supplements and documents attached or annexed thereto and/or incorporated by reference therein:

| Item | Date | Docket No. & Case No. | Description |
|---|---|---|---|
| 1. | 6/7/2011 | ECF No. 1 (Adv. Pro. No. 11-09406) | Complaint for Declaratory Judgment |
| 2. | 6/7/2011 | ECF No. 2 (Adv. Pro. No. 11-09406) | Plaintiff's Rule 7.1 Corporate Disclosure Statement |

| Item | Date | Docket No. & Case No. | Description |
|---|---|---|---|
| 3. | 7/22/2011 | ECF No. 8 (Adv. Pro. No. 11-09406) | First Amended Complaint for Declaratory Judgment |
| 4. | 7/22/2011 | ECF No. 9 (Adv. Pro. No. 11-09406) | Notice of Hearing on Motion of Official Committee of Unsecured Creditors for Summary Judgment |
| 5. | 7/22/2011 | ECF No. 10 (Adv. Pro. No. 11-09406) | Plaintiff's Rule 7056-1 Statement of Material Facts |
| 6. | 7/22/2011 | ECF No. 11 (Adv. Pro. No. 11-09406) | Plaintiff's Memorandum Of Law In Support Of Motion For Summary Judgment |
| 7. | 7/22/2011 | ECF No. 11-1 (Adv. Pro. No. 11-09406) | Declaration Of Thomas Moers Mayer In Support Of Plaintiff's Motion For Summary Judgment |
| 8. | 7/25/2011 | ECF No. 14 (Adv. Pro. No. 11-09406) | Transcript regarding Hearing Held on July 19, 2011 |
| 9. | 8/5/2011 | ECF No. 12 (Adv. Pro. No. 11-09406) | Notice Of Motion To Dismiss Adversary Proceeding |
| 10. | 8/5/2011 | ECF No. 12-1 (Adv. Pro. No. 11-09406) | Memorandum Of Law In Support Of Defendant United States Department Of The Treasury's Motion To Dismiss The Complaint |
| 11. | 8/5/2011 | ECF No. 13 (Adv. Pro. No. 11-09406) | Joinder of Defendant Export Development Canada to Defendant United States Department of Treasury's Motion to Dismiss Complaint |
| 12. | 9/2/2011 | ECF No. 15 (Adv. Pro. No. 11-09406) | Government's Memorandum Of Law In Opposition To Plaintiff's Motion For Summary Judgment And In Support Of Government's Cross-Motion For Summary Judgment |

| Item | Date | Docket No. & Case No. | Description |
|---|---|---|---|
| 13. | 9/2/2011 | ECF No. 16 (Adv. Pro. No. 11-09406) | Counterstatement of Undisputed Fact of Defendant United States Department of the Treasury, and 7056-1 Statement in Support of Cross-Motion for Summary Judgment |
| 14. | 9/2/2011 | ECF No. 17 (Adv. Pro. No. 11-09406) | Notice of Cross-Motion for Summary Judgment of United States Department of the Treasury |
| 15. | 9/2/2011 | ECF No. 18 (Adv. Pro. No. 11-09406) | Defendant Export Development Canada Memorandum Of Law In Opposition To Plaintiffs' Motion For Summary Judgment And Joinder In Support Of Defendant United States Department Of The Treasury's Cross-Motion For Summary Judgment |
| 16. | 9/2/2011 | ECF No. 19 (Adv. Pro. No. 11-09406) | Plaintiffs Memorandum of Law In Opposition To Defendants Motion to Dismiss The First Amended Complaint |
| 17. | 9/22/2011 | ECF No. 20 (Adv. Pro. No. 11-09406) | Reply Memorandum Of Law In Support Of Defendant United States Department Of The Treasury's Motion To Dismiss The Complaint |
| 18. | 9/22/2011 | ECF No. 21 (Adv. Pro. No. 11-09406) | Defendant Export Development Canada's Reply Memorandum Of Law In Support Of Defendant United States Department Of The Treasury's Motion To Dismiss Complaint |
| 19. | 9/22/2011 | ECF No. 22 (Adv. Pro. No. 11-09406) | Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment and Response to Defendants' Cross-Motion for Summary Judgment |
| 20. | 9/28/2011 | ECF No. 23 (Adv. Pro. No. 11-09406) | Government's Reply Memorandum Of Law In Further Support Of Government's Cross-Motion For Summary Judgment |
| 21. | 9/29/2011 | ECF No. 24 (Adv. Pro. No. 11-09406) | Defendant Export Development Canadas Reply Memorandum Of Law In Support Of Dip Lenders Cross-Motion For Summary Judgment |
| 22. | 9/30/2011 | ECF No. 25 (Adv. Pro. No. 11-09406) | Defendant Export Development Canadas Amended Reply Memorandum Of Law In Support Of Dip Lenders Cross-Motion For Summary Judgment |

| Item | Date | Docket No. & Case No. | Description |
|---|---|---|---|
| 23. | 10/24//2011 | ECF No. 26 (Adv. Pro. No. 11-09406) | Transcript regarding Hearing Held on 10/21/2011 |
| 24. | 11/28/2011 | ECF No. 27 (Adv. Pro. No. 11-09406) | Bench Decision On Motions To Dismiss And For Summary Judgment Re Disputes As To Ownership Of Term Loan Avoidance Action Proceeds |
| 25. | 12/2/2011 | ECF No. 28 (Adv. Pro. No. 11-09406) | Judgment |
| 26. | 12/2/2011 | ECF No. 29 (Adv. Pro. No. 11-09406) | Order Denying The Dip Lenders' Motions To Dismiss And Motions For Summary Judgment |
| 27. | 12/12/2011 | ECF No. 30 (Adv. Pro. No. 11-09406) | Errata Order signed on 12/12/2011 Re: Bench Decision On Motions To Dismiss And For Summary Judgment Re Disputes As To Ownership Of Term Loan Avoidance Action Proceeds |
| 28. | 12/16/2011 | ECF No. 31 (Adv. Pro. No. 11-09406) | Notice of Appeal filed by David S. Jones on behalf of United States Department of Treasury. |
| 29. | 12/30/2011 | ECF No. 30 (Adv. Pro. No. 11-09406) | Designation of Contents (appellant). U.S. Department of the Treasury's Designation of Contents of Record on Appeal and Statement of Issues on Appeal |
| 30. | 12/30/2011 | ECF No. 35 (Adv. Pro. No. 11-09406) | Statement of Issues on Appeal and Designation of Items To Be Included in The Record on Appeal by Export Development Canada |
| 31. | 1/10/2012 | ECF No. 37 (Adv. Pro. No. 11-09406) | Second Errata Order signed on 1/10/2012 Re: Bench Decision On Motions To Dismiss And For Summary Judgment Re Disputes As To Ownership Of Term Loan Avoidance Action Proceeds |
| 32. | 1/12/2012 | ECF No. 38 (Adv. Pro. No. 11-09406) | Appellees' Designation of Additional Items to be Included in the Record to be Presented on Appeal |

| Item | Date | Docket No. & Case No. | Description |
|---|---|---|---|
| 33. | 1/24/2012 | ECF No. 1 (S.D.N.Y. Case. No. 12-561) | Notice Of Appeal From The Bankruptcy Court To The S.D.N.Y. from the Judgment of Judge Robert E. Gerber dated December 12, 2011. Bankruptcy Court Case Numbers: 11-9406A, 09-B-50026 (REG). Certified copies of file received. Document filed by United States Department of Treasury |
| 34. | 1/24/2012 | ECF No. 2 (S.D.N.Y. Case. No. 12-561) | Designation Of Bankruptcy Record On Appeal by Appellant United States Department of Treasury |
| 35. | 1/24/2012 | ECF No. 3 (S.D.N.Y. Case. No. 12-561) | Counter Designation Of Bankruptcy Record On Appeal by Appellee Official Committee of Unsecured Creditors of Motors Liquidation Company |
| 36. | 3/9/2012 | ECF No. 7 (S.D.N.Y. Case. No. 12-561) | Appellant's Brief by United States Department of Treasury. |
| 37. | 4/6/2012 | ECF No. 8 (S.D.N.Y. Case. No. 12-561) | Memorandum of Law of the Official Committee of Unsecured Creditors of Motors Liquidation Company in Opposition to the Appeals by the United States Department of the Treasury and Export Development Canada. |
| 38. | 4/20/2012 | ECF No. 10 (S.D.N.Y. Case. No. 12-561) | Appellant's Reply Brief by United States Department of Treasury. |
| 39. | 5/14/2012 | ECF No. 12 (S.D.N.Y. Case. No. 12-561) | TRANSCRIPT of Proceedings re: ARGUMENT held on 5/4/2012 before Judge Colleen McMahon |
| 40. | 6/6/2012 | ECF No. 14 (S.D.N.Y. Case. No. 12-561) | ORDER. As promised, I have developed a list of questions, the answers to which I believe may help me decide this appeal. I strongly encourage the parties to include in your answers citation to (and explanation of) the Bankruptcy Code, as well as relevant cases. I am not a bankruptcy expert, but I am not going to rule in your favor based on suppositions, and suppositions alone. Your answers are due in Chambers by 5:00 p.m. Friday, June 15, 2012, and as further set forth in this Order. (Signed by Judge Colleen McMahon on 6/6/2012) Copies Sent By Chambers via ECF. (rjm) (Entered: 06/06/2012) |

| Item | Date | Docket No. & Case No. | Description |
|---|---|---|---|
| 41. | 6/15/2012 | ECF No. 15 (S.D.N.Y. Case. No. 12-561) | Appellant's Reply Brief by United States Department of Treasury |
| 42. | 6/15/2012 | ECF No. 16 (S.D.N.Y. Case. No. 12-561) | Response by Official Committee of Unsecured Creditors of Motors Liquidation Company, et al.. |
| 43. | 6/20/2012 | ECF No. 17 (S.D.N.Y. Case. No. 12-561) | ENDORSED LETTER addressed to Judge Colleen McMahon from Thomas Moers Mayer dated 6/19/2012 re: The Committee believes that none of the new points raised by EDC (or Treasury) have merit. Nonetheless, if the Court would find it helpful for the Committee to respond to these points, the Committee requests permission to submit a short response. ENDORSEMENT: If there is some RELEVANT argument raised by the RadLAX Case, please feel free to bring it. |
| 44. | 7/3/2012 | ECF No. 18 (S.D.N.Y. Case. No. 12-561) | DECISION AND ORDER: The order appealed from is vacated, and the case remanded to the Bankruptcy Court with instructions to Judge Gerber to dismiss the complaint for want of subject matter jurisdiction. Dismissal is, of course, without prejudice. Should Judge Gerber decide the Avoidance Action in favor of the bankruptcy estate, there will be a fully ripe case or controversy to decide, and a new declaratory judgment action can and should be filed immediately. The parties might even be able to stipulate to an expedited procedure, in which Judge Gerber's November 2011 decision is deemed to be the final decision and order in that new declaratory judgment action; that would allow for an immediate appeal. Whatever procedure is adopted in the Bankruptcy Court, and whenever judgment is entered, I will accept the appeal from any declaration on this question under Rule 4(b) of the Local Rules for the Division of Business among District Judges of the Southern District of New York, which provides that a case previously dismissed and later re-filed is to be assigned to the judge who handled the original case. If such an appeal materializes, I will pull out my extensive notes and immediately get down to work on an opinion on the merits. This constitutes the decision and order of the Court. The Clerk of Court is directed to close the above-captioned cases. |
| 45. | 1/27/2012 | ECF No. 1 (S.D.N.Y. Case. No. 12-695) | Notice Of Appeal From The Bankruptcy Court To The S.D.N.Y. from the Judgment of Judge Robert E. Gerber dated December 12, 2011. Bankruptcy Court Case Numbers: 11-9406A, 09-B-50026 (REG). Certified copies of file received.Document filed by Export Development Canada. Appellant Brief due by 2/17/2012.(bkar) (Entered: 01/30/2012) |

| Item | Date | Docket No. & Case No. | Description |
|---|---|---|---|
| 46. | 1/27/2012 | ECF No. 2 (S.D.N.Y. Case. No. 12-695) | Designation Of Bankruptcy Record On Appeal by Appellant Export Development Canada |
| 47. | 1/27/2012 | ECF No. 3 (S.D.N.Y. Case. No. 12-695) | Counter Designation Of Bankruptcy Record On Appeal by Appellee Official Committee of Unsecured Creditors of Motors Liquidation Company |
| 48. | 3/9/2012 | ECF No. 7 (S.D.N.Y. Case. No. 12-695) | Appellant's Brief by Export Development Canada |
| 49. | 4/6/2012 | ECF No. 8 (S.D.N.Y. Case. No. 12-695) | Memorandum of Law of the Official Committee of Unsecured Creditors of Motors Liquidation Company in Opposition to the Appeals by the United States Department of the Treasury and Export Development Canada. |
| 50. | 4/21/2012 | ECF No. 10 (S.D.N.Y. Case. No. 12-695) | Appellant's Reply Brief by Export Development Canada |
| 51. | 7/3/2012 | ECF No. 16 (S.D.N.Y. Case. No. 12-695) | DECISION AND ORDER: The order appealed from is vacated, and the case remanded to the Bankruptcy Court with instructions to Judge Gerber to dismiss the complaint for want of subject matter jurisdiction. Dismissal is, of course, without prejudice. Should Judge Gerber decide the Avoidance Action in favor of the bankruptcy estate, there will be a fully ripe case or controversy to decide, and a new declaratory judgment action can and should be filed immediately. The parties might even be able to stipulate to an expedited procedure, in which Judge Gerber's November 2011 decision is deemed to be the final decision and order in that new declaratory judgment action; that would allow for an immediate appeal. Whatever procedure is adopted in the Bankruptcy Court, and whenever judgment is entered, I will accept the appeal from any declaration on this question under Rule 4(b) of the Local Rules for the Division of Business among District Judges of the Southern District of New York, which provides that a case previously dismissed and later re-filed is to be assigned to the judge who handled the original case. If such an appeal materializes, I will pull out my extensive notes and immediately get down to work on an opinion on the merits. This constitutes the decision and order of the Court. The Clerk of Court is directed to close the above-captioned cases. |

| Item | Date | Docket No. & Case No. | Description |
|---|---|---|---|
| 52. | 6/23/2016 | 13650<br><br>Bankr. Case No. 09-50026 | Motion to Approve Litigation Funding Agreement |
| 53. | 6/23/2016 | 13651<br><br>Bankr. Case No. 09-50026 | Declaration of Arthur J. Gonzalez in Support of Motion to Approve Litigation Funding Agreement |
| 54. | 7/15/2016 | 13677<br><br>Bankr. Case No. 09-50026 | Joint Motion to Approve Settlement of Disputed Entitlements of DIP Lenders and Committee to Potential Term Loan Avoidance Action Proceeds, and for Entry of an Order Modifying Avoidance Action Trust Agreement and Authorizing the Grant of a Lien to the DIP Lenders |
| 55. | 7/15/2016 | 13689<br><br>Bankr. Case No. 09-50026 | Declaration of Arthur J. Gonzalez In Support of Joint Motion of Avoidance Action Trust and Official Committee of Unsecured Creditors for Approval of Settlement of Disputed Entitlements of DIP Lenders and Committee to Potential Term Loan Avoidance Action Proceeds, and for Entry of an Order Modifying Avoidance Action Trust Agreement and Authorizing the Grant of a Lien to the DIP Lenders |
| 56. | 7/15/2016 | 13690<br><br>Bankr. Case No. 09-50026 | Letter to Judge Glenn Withdrawing Motion to Approve Litigation Funding |
| 57. | 7/20/2016 | 13697<br><br>Bankr. Case No. 09-50026 | Transcript regarding Hearing Held on 7/18/2016 |
| 58. | 7/29/2016 | 13701<br><br>Bankr. Case No. 09-50026 | Limited Objection To The Joint Motion Of The Avoidance Action Trust And Committee For, Among Other Things, An Order Approving The Settlement Of The Allocation Dispute, Including The Litigation Cost Advance Agreement |
| 59. | 7/29/2016 | 13704<br><br>Bankr. Case No. 09-50026 | Objection of Davidson Kempner Capital Management LP to the Motion of Motors Liquidation Company Avoidance Action Trust and Official Committee of Unsecured Creditors for Entry of (A) Stipulation and Agreed Order (I) Settling Disputed Entitlements of Debtor-In-Possession Lenders and Official Committee of Unsecured Creditors to Potential Term Loan Avoidance Action Proceeds and (II) Modifying Avoidance Action Trust Agreement to Implement Settlement, and (B) Order (I) Approving Settlement of the Allocation Dispute, (II) Approving Amendments to the Avoidance Action Trust Agreement, and (III) Authorizing the Avoidance Action Trust to Grant a Lien to the DIP Lenders |

| Item | Date | Docket No. & Case No. | Description |
|---|---|---|---|
| 60. | 8/5/2016 | 13713 Bankr. Case No. 09-50026 | Statement of United States in response to objections and in support of joint motion |
| 61. | 8/5/2016 | 13714 Bankr. Case No. 09-50026 | Reply to Motion to Approve Settlement of Disputed Entitlements of DIP Lenders and Committee to Potential Term Loan Avoidance Action Proceeds, and for Entry of an Order Modifying Avoidance Action Trust Agreement and Authorizing the Grant of a Lien to the DIP Lenders |
| 62. | 8/5/2016 | 13715 Bankr. Case No. 09-50026 | Reply to Motion Reply to the Objection of Davidson Kempner Capital Management LP to the Motion to Approve Settlement of Disputed Entitlements of DIP Lenders and Committee to Potential Term Loan Avoidance Action Proceeds, and for Entry of an Order Modifying Avoidance Action Trust Agreement and Authorizing the Grant of a Lien to the DIP Lenders |
| 63. | 8/5/2016 | 13716 Bankr. Case No. 09-50026 | Joinder Of Export Development Canada To United States Response (A) In Further Support Of Joint Motion Of MLC Avoidance Action Trust And Official Committee Of Unsecured Creditors For Entry Of Stipulation And Agreed Order Settling Disputed Entitlements Of Debtor-In-Possession Lenders And Official Committee Of Unsecured Creditors And (B) In Response To Objections Interposed By River Birch And Davidson Kempner |
| 64. | 8/5/2016 | 13717 Bankr. Case No. 09-50026 | Omnibus Reply of the Official Committee of Unsecured Creditors to Objections for Entry of (A) Stipulation and Agreed Order (I) Settling Disputed Entitlements of Debtor-in-Possession Lenders and Official Committee of Unsecured Creditors to Potential Term Loan Avoidance Action Proceeds and (II) Modifying Avoidance Action Trust Agreement to Implement Settlement, and (B) Order (I) Approving Settlement of the Allocation Dispute, (II) Approving Amendments to the Avoidance Action Trust Agreement, and (III) Authorizing the Avoidance Action Trust to Grant a Lien to the DIP Lenders |
| 65. | 8/5/2016 | 13718 Bankr. Case No. 09-50026 | Declaration of Thomas Moers Mayer in Support of the Joint Motion of the Motors Liquidation Company Avoidance Action Trust and Official Committee of Unsecured Creditors for Entry of (A) Stipulation and Agreed Order (I) Settling Disputed Entitlements of Debtor-in-Possession Lenders and Official Committee of Unsecured Creditors to Potential Term Loan Avoidance Action Proceeds and (II) Modifying Avoidance Action Trust Agreement to Implement Settlement, and (B) Order (I) Approving Settlement of the Allocation Dispute, (II) Approving Amendments to the Avoidance Action Trust Agreement, and (III) Authorizing the Avoidance Action Trust to Grant a Lien to the DIP Lenders and Reply in Response to Objections to the Motion |

| Item | Date | Docket No. & Case No. | Description |
|---|---|---|---|
| 66. | 8/9/2016 | 13721<br><br>Bankr. Case No. 09-50026 | Order signed on 8/9/2016 Re Hearing on Joint Motion Seeking Approval of Settlement of Allocation Dispute and Approval of Funding Agreement |
| 67. | 8/12/2016 | 13734<br><br>Bankr. Case No. 09-50026 | Transcript regarding Hearing Held on Wednesday, August 10, 2016 |
| 68. | 8/24/2016 | 13744<br><br>Bankr. Case No. 09-50026 | Memorandum Opinion and Order Approving Motion for an Order Approving Stipulation of Settlement and Other Relief |
| 69. | 8/29/2016 | 13747<br><br>Bankr. Case No. 09-50026 | Notice of Amendment and Restatement of Motors Liquidation Company Avoidance Action Trust Agreement |
| 70. | 8/30/2016 | 13748<br><br>Bankr. Case No. 09-50026 | Stipulation and Agreed Order (I) Settling Disputed Entitlements of Debtor-in-Possession Lenders and Official Committee of Unsecured Creditors to Potential Term Loan Avoidance Action Proceeds, and (II) Modifying Avoidance Action Trust Agreement to Implement Settlement |
| 71. | 8/30/2016 | 13749<br><br>Bankr. Case No. 09-50026 | Notice of Appeal |

## RESERVATION OF RIGHTS

Appellant reserves the right to (i) withdraw, supplement, amend or modify this Designation and Statement of Issues and (ii) move to strike any items included by the Appellees in a designation of additional items.

Dated: September 13, 2016
New York, New York

STROOCK & STROOCK & LAVAN LLP

/s/ Kristopher M. Hansen
Kristopher M. Hansen
Daniel A. Ross
Christopher M. Guhin
Gabriel E. Sasson
180 Maiden Lane
New York, New York 10038-4982
Telephone: (212) 806-5400

*Attorneys for Davidson Kempner Capital Management LP*