# EXHIBIT  A

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone:  212-857-8500**

### MOTION INFORMATION STATEMENT

**Docket Number(s):** 15-2844-bk(L), 15-2847-bk(L), 15-2848-bk(L)                    Caption [use short title]

**Motion for:** stay of issuance of mandate by                    In the Matter of Motors Liquidation Company

Appellee/Cross-Appellant General Motors LLC

Set forth below precise, complete statement of relief sought:

motion to stay issuance of the mandate pending

the filing and disposition of a petition for writ

of certiorari in the Supreme Court of the

United States

**MOVING PARTY:** General Motors LLC                    **OPPOSING PARTY:** See attached Addendum B

☐ Plaintiff          ☐ Defendant
☐ Appellant/Petitioner  ☑ Appellee/Respondent

**MOVING ATTORNEY:** Arthur Steinberg                    **OPPOSING ATTORNEY:** See attached Addendum B

[name of attorney, with firm, address, phone number and e-mail]

King & Spalding LLP, 1185 Avenue of the Americas,

NY, NY 10036(212) 556-2100; asteinberg@kslaw.com

See attached Addendum A for list of all counsel

Court-Judge/Agency appealed from: US Bankruptcy Court, Southern District of NY, Judge Robert Gerber

**Please check appropriate boxes:**                    **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
INJUNCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):    Has request for relief been made below?    ☐ Yes ☑ No
☑ Yes ☐ No (explain):                    Has this relief been previously sought in this Court?    ☐ Yes ☑ No
                                         Requested return date and explanation of emergency:

Opposing counsel's position on motion:
☑ Unopposed ☑ Opposed ☑ Don't Know
Does opposing counsel intend to file a response:
☑ Yes ☑ No ☑ Don't Know
   Certain parties are unopposed, certain parties are
   opposed and have indicated they will file responses,
   and other parties have not responded.

Is oral argument on motion requested?   ☐ Yes ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☑ Yes ☐ No  If yes, enter date: argued 3/15/16, decided 7/13/16, petition for rehearing denied 9/14/16

**Signature of Moving Attorney:**
/s/ Arthur J. Steinberg          **Date:** 9/21/2016          Service by: ☑ CM/ECF    ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

# ADDENDUM  A

# Attorneys for Movant-Appellee/Cross-Appellant, General Motors LLC

Arthur J. Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
(212) 556-2100
asteinburg@kslaw.com
sdavidson@kslaw.com

Merritt E. McAlister
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309-3521
(404) 572-4600
mmcalister@kslaw.com


Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
rgodfrey@kirkland.com
abloomer@kirkland.com

Edward L. Ripley
KING & SPALDING LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002-5213
(713) 751-3200
eripley@kslaw.com

Paul D. Clement
Erin E. Murphy
BANCROFT PLLC
500 New Jersey Avenue, NW
Seventh Floor
Washington, DC 20001
(202) 234-0090
pclement@bancroftpllc.com
emurphy@bancroftpllc.com

# ADDENDUM  B – Opposing Parties and Counsel

Gary Peller,
600 New Jersey Avenue, NW
Washington, DC 20001
(202) 662-9122;
peller@law.georgetown.edu

*Attorney for Creditors‐Appellants‐Cross‐Appellees Celestine Elliott,Lawrence Elliott, and Berenice
Summerville, and Appellants‐Cross‐Appellees Sesay and Bledsoe Plaintiffs*

Steven W. Berman
Hagens Berman Sobol Shapiro LLP
Suite 3300
1918 8th Avenue
Seattle, WA 98101
206-623-7292
steve@hbsslaw.com

Elizabeth J. Cabraser
Rachel J. Geman

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street
San Francisco, CA 94111
415-956-1000
ecabraser@lchb.com,
rgeman@lchb.com

Edward S. Weisfelner,
David J. Molton,
Howard S. Steel,
Brown Rudnick LLP
7 Times Square
New York, NY 10036
212-209-4800
eweisfelner@brownrudnick.com
dmolton@brownrudnick.com

Sander L. Esserman
Stutzman, Bromberg, Esserman & Plifka, P.C
Suite 2200
2323 Bryan Street
Dallas, TX 75201
214-969-4900
esserman@sbep-law.com

*Attorneys for Appellants‐Cross‐Appellees Ignition Switch Plaintiffs.*

William P. Weintraub
Goodwin Procter LLP
The New York Times Building
620 8th Avenue
New York, NY 10018
212-813-8839
wweintraub@goodwinprocter.com


*Attorneys for Appellants-Cross-Appellees Ignition Switch Pre-Closing Accident Plaintiffs.*

Joshua P. Davis
Josh Davis Law Firm
Suite 200
1010 Lamar
Houston, TX 77002
713-337-4100
josh@thejdfirm.com


*Attorneys for Appellant-Cross-Appellee Doris Powledge Phillips.*

Alexander H. Schmidt,
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016
212-545-4600
schmidt@whafh.com


*Attorneys for Appellants Groman Plaintiffs.*
Adam H. Offenhartz,
Aric H. Wu
Lisa H. Rubin
Gabriel K. Gillett,
Gibson, Dunn & Crutcher LLP,
200 Park Avenue
New York, NY 10166
212-351-3820
aoffenhartz@gibsondunn.com
awu@gibsondunn.com
lrubin@gibsondunn.com


*Attorneys for Trustee-Appellee-Cross-Appellant Wilmington Trust Company.*

Pratik A. Shah
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, DC 20036
202-887-4210
pshah@akingump.com

Daniel H. Golden
Deborah J. Newman
Akin Gump Strauss Hauer & Feld LLP
1 Bryant Park
New York, NY 10036
212-872-1000
dgolden@akingump.com
djnewman@akingump.com


*Attorneys for Creditors‑Appellees‑Cross‑Appellants Participating Unitholders.*

09-50026-mg    Doc 13767-1    Filed 09/21/16    Entered 09/21/16 15:14:34    Exhibit A -
Motion to Stay Issuance of the Mandate    Pg 8 of 22

Case 15-2844, Document 446-1, 09/21/2016, 1864508, Page1 of 15

# 15-2844-bk(L), 15-2874-bk(XAP), &15-2848-bk(XAP)

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

---

### In re MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*, Debtors

---

(For Continuation of Caption See Inside Cover)

---

## DIRECT APPEAL
## FROM THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---

## MOTION TO STAY ISSUANCE OF THE MANDATE BY
## APPELLEE-CROSS-APPELLANT GENERAL MOTORS LLC (GM LLC)

Arthur J. Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
(212) 556-2100
asteinberg@kslaw.com
sdavidson@kslaw.com

Merritt E. McAlister
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309-3521
(404) 572-4600
mmcalister@kslaw.com

Edward L. Ripley
KING & SPALDING LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002-5213
(713) 751-3200
eripley@kslaw.com

Paul D. Clement
Erin E. Murphy
BANCROFT PLLC
500 New Jersey Avenue, NW
Seventh Floor
Washington, D.C. 20001
(202) 234-0090
pclement@bancroftpllc.com
emurphy@bancroftpllc.com

Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
rgodfrey@kirkland.com
abloomer@kirkland.com

*ATTORNEYS FOR APPELLEE/
CROSS-APPELLANT,
GENERAL MOTORS LLC*

CELESTINE ELLIOTT, LAWRENCE ELLIOTT, BERNICE
SUMMERVILLE,

*Creditor – Appellants – Cross
Appellees*,

SESAY AND BLEDSOE PLAINTIFFS,

*Appellants – Cross Appellees*,

IGNITION SWITCH PLAINTIFFS,

*Appellants – Cross Appellees*,

IGNITION SWITCH PRE-CLOSING ACCIDENT PLAINTIFFS,

*Appellants – Cross Appellees*,

GROMAN PLAINTIFFS,

*Appellants – Cross Appellees*,

-v.-

GENERAL MOTORS LLC,

*Appellee – Cross Appellant,*

WILMINGTON TRUST COMPANY,

*Trustee – Appellee – Cross Appellant,*

PARTICIPATING UNITHOLDERS,

*Creditor – Appellee – Cross
Appellant.*

_____

Pursuant to Rule 41(d)(2) of the Federal Rules of Appellate Procedure, General Motors LLC ("GM LLC") respectfully moves for a stay of the issuance of the mandate in the above-captioned case pending the filing and disposition of a petition for writ of certiorari in the Supreme Court of the United States.  This Court issued its opinion on July 13, 2016, and denied GM LLC's petition for panel rehearing or rehearing en banc on September 14, 2016.   Under Rule 41(b) of the Federal Rules of Appellate Procedure, this Court's mandate is scheduled to issue on September 21, 2016.  GM LLC intends to file a petition for writ of certiorari.  Accordingly, GM LLC requests a 90-day stay to file its petition, with a further extension of the stay to follow the timely filing a petition until such time as the Supreme Court finally disposes of the petition.  *See* Fed. R. App. P. 41(d)(2)(B).[1]

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the 2009 bankruptcy of General Motors Corporation ("Old GM").  After filing for Chapter 11 bankruptcy, Old GM sold certain of its assets to a government-owned entity referred to here as GM LLC.  Op.10-15.  The sale was conducted pursuant to Section 363 of the Bankruptcy Code, which

---

[1] GM LLC has notified all counsel of its intention to file this motion. Counsel for the Wilmington Trust Company consents to a stay of the mandate. Counsel for the Elliott, Bledsoe, and Sesay Parties opposes the motion and plans to file a response.  Counsel for the Ignition-Switch Plaintiffs opposes the motion and plans to file a response.  GM LLC has not received responses from any other counsel.

allowed GM LLC to obtain Old GM's assets "free and clear" of any liabilities it
did not voluntarily assume. Op.15. As Section 363 required, Old GM sent court-
approved direct-mail notice of the impending sale to its "known" creditors and
provided court-approved publication notice to its "unknown" creditors. Op.13-14.
After hearing objections from noticed parties, including representatives of Old GM
vehicle owners, the bankruptcy court approved the sale, including the "free and
clear" provision. Op.14-15. The sale order was affirmed by two district court
opinions, and this Court later dismissed an appeal as equitably moot. Mot. Order,
*In re Motors Liquidation Co.*, No. 10-4882-BK (2d Cir. July 28, 2011), Dkt. 90.

In 2014—five years after the sale—GM LLC initiated a series of recalls for
certain Old GM vehicles, including to repair a defective ignition switch. Op.18.
Upon learning of the recall, owners of Old GM vehicles filed class actions against
GM LLC in various courts throughout the United States, seeking to impose
successor liability for economic losses that they supposedly suffered on account of
the defects and recalls; other individuals sought damages for injuries from
accidents that pre-dated the sale. Op.24-25.[2] GM LLC moved the bankruptcy
court to enforce the sale order and enjoin plaintiffs' claims pursuant to the "free

---

[2] Most of the ignition-switch actions are being jointly managed in a multi-
district proceeding in the Southern District of New York. There are also numerous
ongoing state court proceedings.

2

and clear" provision.  The bankruptcy court granted the motion in relevant part,
holding that plaintiffs could not press successor liability claims against GM LLC.
Op.26.

The panel reversed in relevant part.  It first held that the sale order could not
be enforced against the Ignition-Switch Plaintiffs because Old GM had violated the
Due Process Clause by not providing them with adequate pre-sale notice.  Op.65-
66.[3]  The panel then held that the remedy for the due process violation by *Old GM*
(*i.e.*, the seller) was to strip *GM LLC* (*i.e.*, the good-faith purchaser) of its "free and
clear" protection, notwithstanding the terms of the final and non-appealable sale
order and the paramount importance of finality under Section 363 of the
Bankruptcy Code.  *Id.*  GM LLC timely filed a petition for panel rehearing and
rehearing en banc, which was supported by the Chamber of Commerce and the
National Association of Manufacturers.  The petition was denied on September 14,
2016.

## ARGUMENT

To obtain a stay of the mandate pending the filing of a petition for certiorari,
the movant must show that "the certiorari petition would present a substantial

---

[3] The panel also vacated the bankruptcy court's decision with respect to the
Non-Ignition-Switch Plaintiffs and remanded for further discovery into whether
their due process rights were violated.  Op.66.

question and that there is good cause for a stay." *Khulumani v. Barclay Nat'l Bank Ltd.*, 509 F.3d 148, 152 (2d Cir. 2007); Fed. R. App. P. 41(d)(2)(A).  Those requirements are plainly satisfied here.  No one would seriously dispute that this case presents substantial questions of federal law, or that the answers to those questions are of tremendous importance to (among others) the countless stakeholders who have conducted business with GM LLC in reliance on the finality of the sale order.  Likewise, no one would seriously dispute that litigating the wide assortment of claims the panel opinion allows to proceed will require an enormous expenditure of both money and judicial resources.  Staying the issuance of the mandate until the Supreme Court has had the opportunity to examine the issues in this case will ensure that millions of dollars and countless hours do not go to waste litigating claims that ultimately may be barred from proceeding.

## I.    THIS CASE RAISES SUBSTANTIAL QUESTIONS OF FEDERAL LAW ON WHICH GM LLC WILL SEEK CERTIORARI.

This case presents substantial questions of federal and constitutional law that GM LLC plans to pursue in the Supreme Court of the United States.  First, this case raises the constitutional question of whether the Due Process Clause imposes notice obligations above and beyond what the Bankruptcy Code requires.  Section 363 has long been understood to require the debtor/seller to provide creditors with notice of the impending Section 363 sale, *not* with notice of the details of their potential claims against the debtor/seller.  And yet, the panel opinion requires

4

debtors proposing a Section 363 sale not only to provide claimants with notice of the sale, but also to disclose as part of the sale process the grounds on which potential claims against the debtor might be asserted.

While this new and onerous disclosure requirement is not made explicit in the panel opinion, it follows inexorably from the panel's holding that Old GM deprived the Ignition-Switch Plaintiffs of constitutionally sufficient notice even though there is no question that they had actual notice of the impending Section 363 sale. According to the panel, the prejudice to those plaintiffs was not that they received notice of the sale through publication instead of through direct mail, but rather that they did not know about *the ignition-switch defect* at the time of the sale. In other words, the panel concluded that notice of the sale itself—*i.e.*, the only notice that the Bankruptcy Code requires—was insufficient, and that the Due Process Clause required Old GM to provide something more—*i.e.*, notice of the grounds for potential claims against it. In effect, then, the panel concluded that the notice requirements of the Bankruptcy Code are constitutionally deficient. Whether the Due Process Clause compels that novel conclusion is plainly a substantial question of federal constitutional law.

This case also raises the substantial question of whether a due process violation by *the debtor/seller* may be remedied by stripping *the good-faith purchaser* of the sale order's "free and clear" protections. According to the panel,

09-50026-mg   Doc 13767-1   Filed 09/21/16   Entered 09/21/16 15:14:34   Exhibit A -
Motion to Stay Issuance of the Mandate   Pg 15 of 22

Case 15-2844, Document 446-2, 09/21/2016, 1869303, Page83 of 15

*Old GM* violated the due process rights of potential claimants by failing to give them adequate notice of their claims before the sale. Yet the panel's remedy for that violation was to allow claimants to pursue their claims against *GM LLC*, notwithstanding that GM LLC not only did not commit the due process violation, but obtained Old GM's assets free and clear of successor liability—as Section 363 specifically allows a good-faith purchaser to do.  That holding threatens the continued viability of Section 363 sales, as it eliminates the protections that incentivize purchasers to buy distressed assets on compressed timelines with limited opportunity for due diligence.  If good-faith purchasers cannot rest assured that the sale order will protect them against successor liability for the wrongdoing of insolvent entities, they undoubtedly will demand steep discounts on the now-risk-laden assets they acquire, reducing the value of the debtor's estate and harming the debtor's creditors.

That result undermines the statutory scheme Congress created in Section 363, which places finality above all other values.  *See* 11 U.S.C. §363(m).  It also squarely conflicts both with the Supreme Court's decision in *Factors' & Traders' Insurance Co. v. Murphy*, 111 U.S. 738 (1884), and the Seventh Circuit's decision in *In re Edwards*, 962 F.2d 641 (7th Cir. 1992).  Those decisions both recognize that good-faith purchaser protections must remain inviolate, even at the expense of plaintiffs who did not receive *any* notice of an impending bankruptcy sale.  The

panel opinion holds exactly the opposite, prioritizing plaintiffs' claims over the good-faith purchaser's bargained-for protections (and the claims of other creditors as well), even though there is no dispute that plaintiffs had *actual* notice of the sale. Given the clear conflict between the panel opinion and those cases, GM LLC's certiorari petition surely will present substantial questions of federal law.

## II.    GOOD CAUSE EXISTS TO STAY THE MANDATE.

The panel opinion allows millions of claimants to press forward with individual and class claims against GM LLC that are no longer barred by the sale order. It is difficult to overstate the volume of financial and judicial resources that will be required to litigate, manage, and adjudicate those claims in courts across the country. All of those expenditures will be for naught, however, if the Supreme Court grants certiorari and reverses. On the other hand, those expenditures would be wholly avoidable if this Court stays its mandate and allows the Supreme Court to consider whether any of the claims are barred by the sale order before they begin to move forward. This court routinely grant motions to stay the mandate to prevent expenditures of time, resources, and money that pale in comparison to the expenditures that would become necessary here—*see, e.g.*, Mot. Order, *Laurent v. PriceWaterhouseCoopers LLP*, No. 14-1179 (Aug. 17, 2015), Dkt. 145; Mot. Order, *Tanasi v. New Alliance Bank*, No. 14-1389 (June 30, 2015), Dkt. 90—and it should likewise stay the mandate in this case.

7

The expenditure of resources on further proceedings in the bankruptcy court alone would be considerable.  The panel opinion vacated the bankruptcy court's decision regarding the Non-Ignition-Switch Plaintiffs and remanded their claims for further proceedings to determine whether they were entitled to notice of potential claims before the bankruptcy sale.  Op.65-66.  The Non-Ignition-Switch Plaintiffs' claims vary considerably, as they relate to dozens of different models and model year vehicles that were subject to dozens of different recalls.  Given the breadth and scope of those claims, the discovery necessary to determine whether and when Old GM knew about each of the myriad alleged defects will be tremendously resource-intensive and time-consuming.    Moreover, the panel opinion allows the Ignition-Switch Plaintiffs to proceed on their successor liability claims against GM LLC, necessitating litigation to determine whether the Ignition-Switch Plaintiffs can even satisfy state law requirements for imposing successor liability.

And if that were not enough, the effect of this Court's mandate will reach far beyond the bankruptcy court to which it issues.  In the MDL currently pending in the Southern District of New York, several aspects of the proceedings have so far been put on hold pending resolution of the issues presented in this case.  Issuance of the mandate thus could trigger the commencement of substantial discovery and class certification proceedings with respect to classes of economic loss plaintiffs

with Old GM vehicles—proceedings that would be wholly unnecessary were the
Supreme Court to grant certiorari and reverse.  Likewise, individual plaintiffs with
Old GM vehicles may assert additional economic loss claims and pursue discovery
with respect to recalls not covered by the Fourth Amended Consolidated
Complaint that was recently filed in the MDL.  Moreover, issuance of the mandate
would allow pre-sale accident plaintiffs to press forward and pursue their claims in
state court.

On the other side of the ledger, none of the individual or class plaintiffs will
be prejudiced by a brief delay to allow the Supreme Court to consider the
substantial questions of federal law that this case presents.  None of the plaintiffs
holds a judgment against GM LLC or possesses a present entitlement to recovery
that would be delayed by a stay—in part because they made the strategic decision
not to pursue claims against the actual successor to Old GM (the GUC Trust) when
they had the chance.  Moreover, the plaintiffs themselves stand to expend massive
resources that they will be unable to recover should litigation on their claims
proceed only to have the Supreme Court reverse and conclude that the sale order
bars those claims entirely.  Accordingly, the equities strongly favor staying the
mandate while GM LLC timely pursues its right to seek Supreme Court review.

Case 15-2844, Document 449-2, 09/21/2016, 1869594, Page43 of 15

# CONCLUSION

Because this case presents multiple substantial questions of federal law, and because immediate issuance of the mandate could cause an extraordinary waste of time, money, and judicial resources, GM LLC respectfully requests that the Court stay its mandate pending the filing and resolution of a petition for a writ of certiorari.

Dated:  September 21, 2016                    Respectfully submitted,


By:      /s/ Arthur J. Steinberg

   Arthur J. Steinberg
   Scott Davidson
   KING & SPALDING LLP
   1185 Avenue of the Americas
   New York, New York 10036
   (212) 556-2100
   asteinberg@kslaw.com
   sdavidson@kslaw.com

   Merritt E. McAlister
   KING & SPALDING LLP
   1180 Peachtree Street, NE
   Atlanta, Georgia  30309-3521
   (404) 572-4600
   mmcalister@kslaw.com

   Edward L. Ripley
   KING & SPALDING LLP
   Houston, Texas  77002-5213
   (312) 751-3200
   eripley@kslaw.com

and


Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
(312) 862-2000
rgodfrey@kirkland.com
abloomer@kirkland.com

Paul D. Clement
Erin E. Murphy
BANCROFT PLLC
500 New Jersey Avenue, NW
Seventh Floor
Washington, D.C. 20001
(202) 234-0090
pclement@bancroftpllc.com
emurphy@bancroftpllc.com

*Attorneys for Appellee / Cross-
Appellant, General Motors LLC*

## CERTIFICATE OF COMPLIANCE WITH
## TYPEFACE AND TYPE STYLE REQUIREMENTS

This petition complies with the typeface requirements of Federal Rule of

Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of

Appellate Procedure 32(a)(6) because this petition has been prepared in a

proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New

Roman font.


Dated:  September 21, 2016

_____/s/ Arthur J. Steinberg_____
Arthur J. Steinberg

Case 15-2844, Document 448-2, 09/21/2016, 1869364, Page23 of 15

## CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, September 21, 2016, I caused service of the foregoing to be made by electronic filing with the Clerk of the Court using the **CM/ECF** system, which will send a Notice of Electronic Filing to all parties with an e-mail address of record, who have appeared and consent to electronic service in this action.

  /s/ Arthur J. Steinberg  
Arthur J. Steinberg
