# **<u>Exhibit B</u>**

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

| | | |
|---|---|---|
| Andrew B. Bloomer, P.C.<br>To Call Writer Directly:<br>(312) 862-2482<br>andrew.bloomer@kirkland.com | 300 North LaSalle<br>Chicago, Illinois 60654<br><br>(312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

October 7, 2016

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  *In re: General Motors LLC Ignition Switch Litigation*, 14-MD-2543

Dear Judge Furman:

Pursuant to this Court's Order No. 111, Section IV, and Order No. 112, Section IV (Docket Nos. 3178, 3365), counsel for General Motors LLC ("New GM") submit this letter regarding issues related to the plaintiffs' Fourth Amended Consolidated Complaint ("FACC"). Although New GM still believes that the most prudent course of action would be to wait until the disposition of its forthcoming petition for writ of *certiorari* in the United States Supreme Court prior to moving forward on the FACC, New GM recognizes the Court's intent "to keep things moving as much as we can" with respect to the resolution of plaintiffs' economic loss claims. (7/28/2016 Status Conf. Tr. 26:22-23.)[1]

Accordingly, New GM has proposed a reasonable, but aggressive schedule to proceed on the FACC, including the following: (1) additional motion practice under Fed.R.Civ.P. 12(b)(6) on named plaintiffs from eight new states;[2] (2) separate motion practice on the issue of successor liability critical to resolving further bankruptcy-related proceedings and for providing important guidance to the parties in this litigation and related actions pending in other courts;[3]    (3) class

---

[1]  New GM notes that in the FACC, plaintiffs are seeking to assert purportedly "Independent Claims" on behalf of numerous Non-Ignition Switch plaintiffs. As this Court noted at the September 7, 2016 Status Conference, it is New GM's position that the only plaintiffs "who have live claims and arguments on that score are those that actually appealed to the Second Circuit and that other 'non-ignition switch plaintiffs' who didn't appeal -- that their claims are basically over and done." (9/7/2016 Status Conf. Tr. 29:18-23.) New GM intends to raise this issue with the Bankruptcy Court.

[2]  The parties have met and conferred and agreed to the selection of the following eight additional states for 12(b)(6) motion practice: Alabama, Illinois, Massachusetts, Michigan, New York, Pennsylvania, Texas, and Wisconsin.

[3]  New GM proposes that motion practice on the issue of successor liability would include plaintiffs in each of the eight additional states at issue in the FACC motion to dismiss set forth in note 1, *supra*, and the plaintiffs in the

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
October 7, 2016
Page 2

certification motion practice for named plaintiffs in the eight jurisdictions at issue in New GM's motion to dismiss the TACC; (4) summary judgment motion practice for named plaintiffs in the eight jurisdictions at issue in New GM's motion to dismiss the TACC; (5) discovery (including depositions) of named plaintiffs who will be the subject of the parties' summary judgment and class certification briefing, and (6) reasonable and appropriate discovery (including depositions) of absent putative class members.  A copy of New GM's proposed order is attached hereto as Exhibit A.[4]  Consistent with Order No. 39 Section XIV (Docket No. 671), a redline comparison of the parties' competing orders is attached hereto as Exhibit B, with plaintiffs' position reflected in deletions and New GM's position reflected in additions.

During the meet and confer process, the parties identified several disputes that are ripe for the Court's determination.  Each of the major areas of disagreement is outlined below.

> ## I.    Implications of the Court's Order on New GM's Partial Motion to Dismiss Plaintiffs' Third Amended Consolidated Complaint ("TACC").

In its order granting in part New GM's partial motion to dismiss the TACC, the Court dismissed plaintiffs' RICO claims and their "unprecedented and unsound" brand devaluation theory of damages.  *In re: Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 3920353, at *42 (S.D.N.Y., 2016).  New GM's motion requested that these claims be dismissed with prejudice (Docket No. 2357), and the Court's order granted New GM's motion on these claims.  2016 WL 3920353, at *42.  And while the Court's order granted plaintiffs leave to amend the TACC to address bankruptcy-related issues (*see id.* at *42 (citing Docket No. 2323)), that leave had nothing to do with either plaintiffs' RICO claim or brand devaluation theory of damages and

---

original eight jurisdictions at issue in the TACC motion to dismiss briefing: California, the District of Columbia, Florida, Louisiana, Maryland, Missouri, Oklahoma, and Virginia.

[4]   In order to keep the litigation moving as much as possible and avoid further amendments to plaintiffs' consolidated complaint (which is now in its fourth iteration), New GM will not file a motion to strike the FACC, even though at 1,741 pages it clearly violates Rule 8.  Fed.R.Civ.P 8(a) requires that a complaint "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A 1741-page complaint fails to satisfy the rule on its face. *See, e.g., Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006) (affirming dismissal for "noncompliance with Rule 8(a)" where "the second amended complaint . . . was far from short or plain."); *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988) ("In light of the length and detail, the district court was within the bounds of discretion to strike or dismiss the complaint for noncompliance with Rule 8."); *Owens v. State of N.Y. Attorney Gen.*, 10 F. App'x. 34, 35 (2d Cir. 2001) (dismissing "fifty-five page amended complaint"); *Reddy v. Catone*, 2014 WL 2611351 (N.D.N.Y. June 11, 2014) (dismissing complaint that "contains more than 400 paragraphs. . . spanning over 150 pages of text); *Infanti v. Scharpf*, 2008 WL 2397607 (E.D.N.Y. June 10, 2008) (dismissing complaint that "spans 90 pages, consists of 500 numbered paragraphs and 27 counts").

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
October 7, 2016
Page 3

related claims.  As such, it is clear that these claims were dismissed with prejudice.  *See Stern v. Gen. Elec. Co.*, 924 F.2d 472, 478 (2d Cir. 1991) ("A district court's dismissal under rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice.") (quoting *Carter v. Norfolk Comty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir.1985)); *In re Time Warner Inc. Sec. Litig.*, 9 F.3d 259, 266 (2d Cir.1993) (upholding dismissal with prejudice under Fed.R.Civ.P. 9(b)).

Nevertheless, in their 1,741-page FACC plaintiffs reallege their RICO and brand devaluation claims (while adding a host of entirely new allegations relating to brand devaluation), claiming they did so "to preserve these claims for appeal."  (FACC at 1 n.1.)  This is improper; a claim that is dismissed is already preserved for appeal.  *See P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 96 (2d Cir. 2004) ("We will not require a party, in an amended complaint, to replead a dismissed claim in order to preserve the right to appeal the dismissal when the court has not granted leave to amend.  Such a formalistic requirement serves no valid purpose.")  What is more, plaintiffs neither asked for nor were granted leave to allege entirely new and different allegations relating to the dismissed brand devaluation claim.

New GM respectfully requests that the Court strike these claims from the FACC or otherwise clarify that these claims have been dismissed and are not to be the basis for further proceedings (including discovery) in the MDL.  *See Potomac Capital Mkts. Corp. v. Prudential-Bache Corp. Dividend Fund, Inc.*, 746 F. Supp. 372, 374–75 (S.D.N.Y. 1990) ("Plaintiffs, however, realleged these claims in counts four and five of their Amended Complaint.  Plaintiffs argue that as a technical matter, they were required to include the dismissed claims in the Amended Complaint in order to preserve their right to appeal the dismissal . . . .  Without reaching the merits of this argument, the Court dismisses counts four and five for the reasons set forth in its earlier opinion."); *see also In re Aggrenox Antitrust Litig.*, 2016 WL 4204478, at *2 (D. Conn. Aug. 9, 2016) (same); *Mechigian v. Art Capital Corp.*, 639 F. Supp. 702, 704 (S.D.N.Y. 1986) (calling "entirely unjustified" plaintiff's "fear that failure to include the dismissed claims in the Amended Complaint might result in a waiver of his right to appeal" and noting "all plaintiff needed to do to preserve that right would be to insert one sentence … stating that it was incorporating the claims in the original complaint.").[5]

---

[5]  The FACC includes a number of other dismissed allegations that plaintiffs allegedly re-plead for the "purpose of preserving the claim for appellate purposes."   (FACC p. 669 n. 398; *see also, e.g.*, FACC ¶ 968 n. 336 (incorporating by reference all class claims and models identified in the TACC).)  New GM respectfully requests that the Court also strike any such references or make it clear that they are not to be the subject of further discovery or litigation in this MDL.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
October 7, 2016
Page 4

Finally, the Court should reject plaintiffs' unworkable show cause proposal with respect to future 12(b)(6) motion practice. As the Court recognized in its order on New GM's motion to dismiss the TACC, "subtle differences in state law can dictate different results for plaintiffs in different jurisdictions," requiring separate analysis for each named plaintiff's claims. *In re: Ignition Switch Litig.*, 2016 WL 3920353, at *18.

## II.    Scope of Class Certification Motion Practice and Named Plaintiff Discovery.

Consistent with Lead Counsel's statements at the July 28, 2016 and September 7, 2016 Status Conference, the parties have discussed class certification motion practice related to the claims of plaintiffs from the jurisdictions that were at issue in New GM's motion to dismiss the TACC, and which survived that motion. (*See* 7/28/2016 Status Conf. Tr. 28:9-19 (Mr. Berman: "It seems to us right now that you have sustained claims for the states that were the subject of your ruling on the motion to dismiss. Our vision was that we would take those claims, and they are not affected by the bankruptcy, and we would move for class certification on those claims, that we would not wait for all the other rulings to be happening regarding the nonignition switch plaintiffs, the other defects and the FACC."); 9/7/2016 Status Conf. Tr. 27:7-11 ("You have sustained claims that are going to go forward no matter what happens to the [FACC]. We think it's time to begin thinking about test classes and test economic loss cases.").)

On the evening of Wednesday, October 5, 2016, Lead Counsel for the first time suggested that they intended to move for class certification under the proposed schedule on additional jurisdictions besides those which were the subject of New GM's motion to dismiss. But Lead Counsel would not share with New GM what those additional jurisdictions are, and they made it clear that they would oppose New GM's efforts to take discovery of any named plaintiffs beyond those from the original eight jurisdictions that were at issue in New GM's motion to dismiss the TACC.[6] Such sandbagging has no place in any litigation, particularly an MDL of this scope.

Lead Counsel's position is contrary to this Court's orders and fundamentally unfair. The Court's Phase Three Discovery Plan makes clear that New GM is entitled to take discovery of named plaintiffs who are the subject of motion practice during Phase Three. (*See* Order No. 84 ¶¶ 3, 5, Docket No. 1596.) To the extent plaintiffs intend to address various jurisdictions in class

---

[6]  New GM proposed to Lead Counsel that the named FACC plaintiffs from the eight additional states that the parties agreed would be the subject of FACC motion practice should produce Plaintiff Fact Sheets within thirty days, and that New GM be allowed to take additional discovery (including depositions) of those plaintiffs. Lead Counsel, however, oppose discovery of all named plaintiffs outside the original eight states at issue in New GM's motion to dismiss the TACC.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
October 7, 2016
Page 5

certification briefing, New GM is entitled to know what jurisdictions will be at issue in such briefing, and New GM should be allowed to take discovery of the named plaintiffs in those jurisdictions in order to present the Court with record evidence on which the Court can decide class certification and summary judgment. Plaintiffs have provided no basis for their position that New GM is entitled to discovery and depositions of named plaintiffs in some—but not all—of the states as to which plaintiffs intend to seek class certification. No legitimate basis exists. Nor is there any justification for plaintiffs' refusal to tell New GM all of the states that will be at issue in plaintiffs' motion. To date, economic loss discovery in the MDL has essentially been one-sided; the only discovery New GM has received are Plaintiff Fact Sheets and related documents from less than two dozen named plaintiffs whose claims were at issue in New GM's motion to dismiss the TACC, while New GM produced millions of pages of documents long before motion practice on the economic loss claims commenced. Under the Rules, New GM is entitled to take discovery (including depositions) from each of the 244 named plaintiffs in the FACC whom plaintiffs have designated as class representatives under FRCP 23. Nevertheless, New GM is prepared to limit near-term discovery to named plaintiffs in states which will be at issue in the next round of motion practice, including all jurisdictions for which Lead Counsel intend to seek class certification. *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"); *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) ("[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad . . . ."). Such discovery is necessary for New GM's defense to plaintiffs' claims, as well as to provide the Court with an adequate record on which to address and resolve class certification and summary judgment. New GM thus respectfully request that the Court adopt New GM's position on this issue.

### III.  Absent Class Member Discovery.

The parties previously filed letter briefs regarding the issue of absent class member discovery. (*See* Docket Nos. 1734, 1735.) This issue has been pending since November 23, 2015 and is now ripe for the Court's resolution. Plaintiffs argue that the Court should further delay ruling on New GM's request for absent class member discovery until after discovery of the FACC's named plaintiffs and until after any motion practice against the FACC. There is no reason to further delay absent class member discovery, which serves different purposes and is intended to accomplish different goals from named plaintiff discovery. And the voluntary

# KIRKLAND & ELLIS LLP

The Honorable Jesse M.  Furman
October 7, 2016
Page 6

safeguards New GM has proposed in this respect are amply supported by the law and more than sufficient to allay any concerns regarding the scope of such absent class member discovery.[7]

## IV.   Sequencing of Expert Discovery, Class Certification Briefing, and Summary Judgment Briefing.

New GM has proposed that the parties complete expert discovery (for both merits and class issues) prior to the commencement of class certification and summary judgment briefing. This is consistent with the parties' positions since at least November 2014, when in response to the Court's question regarding whether the parties believed there should be a distinction drawn between class discovery and merits discovery or if the parties wanted to proceed "kind of whole hog," Lead Counsel unequivocally responded, "[w]e are going whole hog, as you said." (11/6/2014 Status Tr. 114:1-12.)  This position is also consistent with numerous decisions of this Court which recognize that allowing expert reports simultaneous with or subsequent to summary judgment briefing "would result in severe prejudice to Defendants," will necessitate re-opening discovery, and will render the summary judgment briefs "an expensive waste of effort." *Advanced Analytics, Inc. v. Citigroup Global Mkts., Inc.*, 301 F.R.D. 31, 41 (S.D.N.Y. 2014) (internal quote marks omitted); *see also, e.g.*, *Fleming v. Verizon New York, Inc.*, 2006 WL 2709766, at *8 (S.D.N.Y. Sept. 22, 2006) (precluding expert reports after summary judgment briefing: "As an initial matter, Verizon would be prejudiced by the admission of the declarations, because it made its motion for summary judgment based on what it thought to be all of the evidence accumulated in discovery.")  Plaintiffs offer no justification for filing expert reports simultaneously with class certification and summary judgment briefing, let alone why they should be given an absolute right to "supplement" their expert reports after the Court's rulings on summary judgment and class certification.[8]

New GM also proposes that the parties simultaneously submit summary judgment and class certification briefing related to the named plaintiffs in the states that were at issue in New GM's motion to dismiss the TACC.   Courts routinely address and decide summary judgment prior to class certification at a defendant's request, especially where, as here, doing so would not prejudice plaintiffs.  *See, e.g.*, *Schwiezer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998)

---

[7]  Plaintiffs for the first time on the afternoon of Thursday, October 6, 2016 proposed limitations on absent class member discovery, which they have never raised in their submissions to the Court on this issue nor discussed in any of the parties' meet and confers.

[8]  Although New GM is not categorically opposed to either side filing rebuttal expert reports, New GM believes that, just as the Court found in connection with the Phase Two bellwether cases, such rebuttal reports should only be filed by agreement or upon a showing of good cause.  (*See* Order No. 107 ¶¶ 9(e), 19(e), Docket No. 3081.)

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
October 7, 2016
Page 7

(affirming district court's decision to decide summary judgment prior to class certification); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 2006 WL 3634567, at *1 (S.D.N.Y. Dec. 7, 2006) (resolving summary judgment before class certification); *Reynolds v. Barrett*, 741 F. Supp. 2d 416, 425 (W.D.N.Y. 2010) (considering defendant's motion for summary judgment before class certification on efficiency grounds).  Indeed, the Manual for Complex Litigation notes that "Rule 23(c)(1)(A) reflects… that [] precertification rulings on threshold dispositive motions are proper, and one study found a substantial rate of precertification rulings on motions to dismiss or for summary judgment…" and that "[p]recertification rulings frequently dispose of all or part of the litigation."  Manual for Complex Litigation (4th) § 21.133.[9]  New GM respectfully submits that the most efficient procedure is for the Court to address summary judgment prior to class certification, and that it would be a complete waste of the Court's and the parties' time and resources to brief class certification for plaintiffs as to whom the Court later determines do not even have valid claims.  It is axiomatic that in order to represent a class, a named plaintiff must have valid claims.  *See, e.g.,* Barbara J. Rothstein & Thomas E. Willging, Managing Class Action Litigation: A Pocket Guide for Judges at 9 (3d Ed., 2010) ("Managing Class Action Litigation") ("Ruling on class certification may prove to be unnecessary.  The most important actions you can take to promote settlement are to rule on dispositive motions and then, if necessary, rule on class certification.").  Plaintiffs have identified no prejudice to them in connection with simultaneous briefing of summary judgment and class certification.

## V.    Remand Issues.

Finally, Lead Counsel has proposed that any claims not included in the FACC be immediately remanded to transferor courts.  When New GM requested that Lead Counsel identify the plaintiffs who would be subject to such remand orders, Lead Counsel indicated that they had not looked at the economic loss complaints but rather that they would put the onus on individual plaintiffs' counsel to seek remand.  Lead Counsel's proposal is contrary to this Court's orders and ordinary MDL practice.  As a threshold matter, it would be inappropriate to remand those claims prior to the termination of all pretrial proceedings in this MDL.  *See Wang*

---

[9]   Accord Newberg on Class Actions § 7:8 (5th ed.) ("The emerging trend in courts appears to be to decide dispositive motions prior to the certification motion."); *id.* at § 7:10_("If the defendants prevails on the summary judgment motion, in most circumstances, the court will be relieved of the need to rule on the issue of class certification."); *id.* at § 7:10 (recognizing that summary judgment motions may be adjudicated prior to class certification motions, "particularly if the defendant prefers to proceed in that manner, and the plaintiff class is not prejudiced by that approach"); Fed. R. Civ. P. 23(c)(1)(A) advisory committee's note (2003) ("The party opposing the class may prefer to win dismissal *or summary judgment* as to the individual plaintiffs without certification and without binding the class that might have been certified.") (emphasis added); Managing Class Action Litigation at 9 ("Given the flexibility of the rules, the most efficient practice is to rule on motions to dismiss or for summary judgment before addressing class certification.").

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
October 7, 2016
Page 8

*v. Bear Stearns Cos., Inc.*, 2013 WL 3479507 (S.D.N.Y. July 10, 2013) (denying motion to remand from securities MDL where pretrial proceedings had not concluded and transferee court had accrued significant expertise that would result in inefficiency if case were remanded); *In re Merrill Lynch Auction Rate Sec. Litig.*, 2010 WL 532855 (S.D.N.Y. Feb. 8, 2010) (same); *In re Merrill Lynch Auction Rate Sec. Litig.*, 2010 WL 2541227 (S.D.N.Y. June 11, 2010) (same).[10] Further, in Order No. 50, this Court already has established a mechanism to address individual economic loss claims **after** class certification is decided.  (*See,* Order No. 50, ¶ 3 ("The provisions of this Order do not extinguish the claims of individual plaintiffs in the event class certification is denied, or the presentation of claims by individual plaintiffs who exclude themselves from any class that is certified, under procedures to be prescribed by the Court (after hearing from the parties) in connection with its class certification determinations."))

At present, with the exception of the *Elliot, Sesay, and Bledsoe* plaintiffs, all economic loss claims not encompassed within the FACC have been dismissed without prejudice pursuant to the terms of Order No. 50.  (*See* Order No. 49: "the allegations and claims of parties who did not object following the filing of Order No. 29 were dismissed without prejudice and should remain so."  (Order No. 49 at 1, Docket No. 855 (citing *In re Global Crossing*, 2004 WL 2584874, at *3 (S.D.N.Y. Nov. 12, 2004) (stating that it is appropriate for "the Court [to] put plaintiffs and their attorneys on clear notice that they must advise the Court, within a specified time limit, whether they object to consolidation and/or whether, after consolidation is ordered, they continue to see a rationale for pursuing a separate complaint, on pain of dismissal").)  And although the *Elliot*, *Sesay*, and *Bledsoe* plaintiffs allege one or more defects not included in the FACC, the same plaintiffs also make allegations regarding the ignition switch and other recalls that plainly are encompassed in the FACC.  It makes no sense, and would be hopelessly inefficient, to sever and remand portions of this complaints, which are stayed in any event.

---

[10]  *See also Walsh v. Nortel Networks Corp.*, 2007 WL 1946546, at *2–4 (S.D.N.Y. 2007) (denying remand motion where "issues of liability… overlap" regardless of whether both cases seek different forms of relief and involve some different defendants); *In re Wilson*, 451 F.3d 161, 172 (3d Cir. 2006) (holding plaintiffs not entitled to mandamus order to remand from diet drug MDL where "substantive issues… overlap" and where consolidated proceedings continued to promote just and efficient conduct of litigation); *In re Patenaude*, 210 F.3d 135, 146 (3d Cir. 2000) (holding plaintiffs not entitled to mandamus order to remand from asbestos MDL because coordinated pretrial proceedings had not concluded, as discovery was ongoing regarding "overlapping issues that affect many asbestos cases, even if not the plaintiffs' . . .").

# KIRKLAND & ELLIS LLP

The Honorable Jesse M.  Furman
October 7, 2016
Page 9

Respectfully submitted,

/s/ Richard C. Godfrey, P.C.
/s/ Andrew B. Bloomer, P.C.

*Counsel for Defendant General Motors LLC*

cc:     MDL Counsel of Record

Case 1:14-md-02543-JMF    Document 3414-1    Filed 10/07/16    Page 1 of 11

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
IN RE:                                                                                      14-MD-2543 (JMF)
                                                                                            14-MC-2543 (JMF)
GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates to All Actions*                                        **[PROPOSED] ORDER NO.
                                                                                                  __**
--------------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

**[Regarding Schedule for Motion Practice and Discovery
Related to Fourth Amended Consolidated Complaint]**

The Court, having received and reviewed the parties' letter briefs (Docket Nos. ____,

____), HEREBY ORDERS, ADJUDGES, AND DECREES that proceedings concerning the

appeals from the Bankruptcy Court's December 4, 2015 Judgment and plaintiffs' Fourth

Amended Consolidated Complaint ("FACC"), including motion practice and New GM's

discovery of the named plaintiffs (the individuals and entities that are plaintiffs in the FACC)

and absent putative class members (members of the putative class that have not been named in

the FACC) in Phase Three, shall proceed as follows.[1]

1.     **Plaintiffs' Appeals from December 4, 2015 Bankruptcy Court Judgment**.

Plaintiffs shall file one consolidated brief for the appeals from the December 4, 2015 Bankruptcy

Court Judgment by **Monday, November 14, 2016**.  New GM shall file its opposition brief by

**Wednesday, December 21, 2016**.  Plaintiffs shall file their consolidated reply brief by **Monday,

January 16, 2017**.  Plaintiffs' memorandum and New GM's opposition memorandum are

limited to thirty (30) pages and plaintiffs' reply memorandum is limited to ten (10) pages.

---

[1]  Nothing in this order shall be construed to waive any of the parties' preserved arguments, objections or rights with respect to the Second Circuit's July 13, 2016 Opinion.  *In re Motors Liquidation Co.* (829 F.3d 135 (2d Cir. 2016)). To the contrary, all such arguments, objections, and rights are expressly preserved.

Case 1:14-mc-02543-JMF  Document 3414  Filed 10/07/16  Page 53 of 11

2.      **Motions to Dismiss Under the Laws Of Eight Additional States In The FACC**.  Motion to dismiss practice shall be limited to the claims of the FACC named plaintiffs in the following jurisdictions: Alabama, Illinois, Massachusetts, Michigan, New York, Pennsylvania, Texas, and Wisconsin. New GM's memorandum in support of its motion to dismiss and plaintiffs' opposition memorandum are limited to sixty (60) pages, and New GM's reply memorandum is limited to thirty (30) pages.  New GM's motions to dismiss must be filed by **Tuesday, December 2, 2016**.  Plaintiffs' oppositions must be filed by **Friday, January 13, 2017**.  New GM's replies must be filed by **Monday, February 13, 2017**.  Nothing in the Paragraph shall preclude New GM from conducting additional motion to dismiss practice on the claims of named plaintiffs in states other than those listed above; however, any such additional motion to dismiss practice shall not occur until further order from the Court after the Court rules on the motion to dismiss described in this Paragraph.

3.      **Motion Practice On Successor Liability**.  Motion practice on the validity of successor liability claims of named plaintiffs in the FACC will advance the resolution of remaining bankruptcy-related issues following the Second Circuit's July 13, 2016 Opinion and provide important guidance to the parties in this litigation and related actions pending in other courts.  Accordingly, the parties shall meet and confer and provide to this Court by 12:00 p.m. EDT on Thursday, October 13, 2016 either an agreed order or competing letter briefs to address motion practice on the successor liability claims of named plaintiffs in the eight original jurisdictions subject to motion to dismiss practice on the Third Amended Consolidated Complaint ("TACC") and the eight additional states subject to motion to dismiss practice on the FACC.  For the avoidance of doubt, these 16 jurisdictions are: Alabama, California, the District

of Columbia, Florida, Illinois, Louisiana, Maryland, Massachusetts, Michigan, Missouri, New York, Oklahoma, Pennsylvania, Texas, Virginia, and Wisconsin.

4.    **No Answer to the FACC Required**.  New GM shall not be required to file an answer or any other response to the FACC unless and until further order of the Court.

5.    **Plaintiff Fact Sheets**.  By **Monday, November 7, 2016**, each of the named plaintiffs in the following jurisdictions that were the subject of motion to dismiss practice on the TACC shall provide to New GM a substantially complete Plaintiff Fact Sheet and the documents requested therein:  California, the District of Columbia, Florida, Louisiana, Maryland, Missouri, Oklahoma, and Virginia.  (*See* Order No. 25 PDF pages 56-77 (Consumer Plaintiff Fact Sheet), 78-100 (Non-Consumer Plaintiff Fact Sheet).) By **Monday, November 7, 2016**, each of the named plaintiffs in any additional jurisdictions for which plaintiffs intend to seek class certification in the first round of briefing set forth in Paragraph 13 below shall also provide substantially complete Plaintiff Fact Sheets and requested documents to New GM.

6.    **New GM's Discovery of Named Plaintiffs**.  New GM may conduct any form of discovery allowed under the Federal Rules of Civil Procedure ("FRCP") with respect to the named plaintiffs required to provide Plaintiff Fact Sheets under Paragraph 5 above, including document requests, interrogatories, and depositions, as well as requests for admission.  Unless otherwise agreed to by the parties, the deadlines in the FRCP shall apply regarding named plaintiffs' responses.

7.    **Depositions of Named Plaintiffs**.  Depositions of named plaintiffs required to provide Plaintiff Fact Sheets under Paragraph 5 shall be governed by the Orders previously entered by this Court, including Order No. 36; provided, however, that for purposes of Paragraph

16 of Order No. 36, there is no limit to the number of named plaintiffs New GM may depose in a calendar month.

8.    **Communications with Absent Putative Class Members**.  Under FRCP 23 and the Constitution, parties and their counsel have the right to communicate with absent putative class members prior to class certification, if any.  Nothing in this Order shall limit or restrict the right of the parties or their counsel to communicate with absent putative class members.

9.    **New GM's Discovery of Absent Putative Class Members**.

a.    *Interrogatories*.  New GM may serve interrogatories on absent putative class members.  The interrogatories shall begin with a brief description of this litigation, that the absent putative class member might in the future be a part of a class suing New GM, that the interrogatories are being served to collect factual information from the absent putative class member, and that New GM may move to compel answers to the interrogatories and/or for sanctions if the absent putative class member does not respond to the interrogatories.  New GM may ask absent putative class members for documents within their possession, custody or control (such as service records or documents related to a sale or attempted sale of the vehicles), or copies thereof, as part of these interrogatories.  Absent putative class members shall have 45 days to respond to the interrogatories and produce the requested documents.  If New GM knows that an absent putative class member is represented by counsel, New GM shall serve the interrogatories on that counsel rather than the absent putative class member (but New GM shall have no obligation to determine if an absent putative class member is represented by counsel before serving the absent putative class member with the interrogatories).

b.    *Topics for Interrogatories*.  The interrogatories shall be limited to seeking facts relevant to class certification or trial of class-wide issues.  For example, and not by way of limitation, the interrogatories may seek information relating to: (a) whether the absent putative class member's vehicle manifested an issue or problem; (b) whether the absent putative class member has sold or attempted to sell the vehicle; (c) whether the absent putative class member has brought in the vehicle to be repaired pursuant to New GM's recalls, whether the absent putative class member has had any issues with the vehicle after the recall repairs, and what those issues (if any) are; (d) whether absent putative class members relied on or saw the New GM statements or advertisements cited by plaintiffs in the FACC or any amendment thereto; (e) the absent putative class member's use of the vehicle, maintenance of the vehicle, and the vehicle's mileage; and (f) the absent putative class member's opportunity to review the vehicle's warranty booklet, including the limitations on implied warranties contained therein.

4

    c.  *Depositions*.  Deposition of absent class members will be governed by the Orders entered in this MDL, including but not limited to Order No. 36, provided that for purposes of Paragraph 16 of Order No. 36 New GM shall have the right to depose at least 8 absent putative class members each calendar month.  New GM shall subpoena the putative absent class members whom it intends to depose, and shall provide Lead Counsel with notice of all such subpoenas.  Unless otherwise agreed to by the absent putative class member, the depositions will take place in the judicial district where the absent putative class member resides.  New GM and Lead Counsel shall cooperate with each other in scheduling depositions and shall make all reasonable efforts to accommodate the schedule of the absent putative class members in scheduling the depositions.  In the event that an absent putative class member refuses to appear for a deposition, New GM shall inform the absent putative class member that New GM may move to compel the absent putative class member's appearance and/or for sanctions if the putative absent class member does not appear for a deposition, and also inform Lead Counsel that the putative absent class member is refusing to appear for a deposition.  New GM and Lead Counsel shall be responsible for maintaining the confidentiality of any deposition testimony by an absent putative class member that would be considered confidential or highly confidential under the Orders in this MDL.

    d.  *Topics for Deposition*.  Questions at the deposition shall be limited to those seeking basic information about the deponent and facts relevant to class certification or trial of class-wide issues.  Paragraph 8(b) sets forth a non-exclusive list of examples of topics about which deponents may be questioned.

10.    **Fact Discovery Deadline**.  Fact discovery contemplated under Order No. 84 and under this order shall be completed by no later than **Friday, September 1, 2017**.

11.    **Expert Discovery**.  By no later than **Friday, September 15, 2017**, Lead Counsel shall disclose any experts (including, but not limited to class and merits experts) and serve expert reports.  By **Thursday, November 2, 2017**, New GM shall depose plaintiffs experts, disclose any experts (including, but not limited to class and merits experts) and serve expert reports.  The parties are highly encouraged to discuss deposition scheduling as soon as experts are disclosed so as to avoid delays in the schedule.  By **Wednesday, December 14, 2017**, plaintiffs shall depose New GM's experts and expert discovery shall be completed.  No rebuttal or sur-rebuttal expert reports shall be allowed, absent an order from the Court upon a showing of good cause.

12.    **Summary Judgment Motion Practice**.  New GM shall file any motion for summary judgment by **Friday, December 15, 2017**.  Plaintiffs shall file their opposition by **Monday, January 15, 2018**.  New GM shall file its reply by **Friday, February 9, 2018**.  New GM's memorandum to its motion for summary judgment and plaintiffs' opposition memorandum are limited to seventy-five (75) pages, and New GM's reply memorandum is limited to thirty-five (35) pages.  Summary judgment motion practice shall be limited to the claims of the named plaintiffs in the following jurisdictions: California, the District of Columbia, Florida, Louisiana, Maryland, Missouri, Oklahoma, and Virginia.

13.    **Class Certification Motion Practice**.  Plaintiffs shall file any motion for class certification by **Friday, December 15, 2017**.  New GM shall file their opposition by **Thursday, February 15, 2018**.  Plaintiffs shall file their reply by **Friday, March 9, 2018**.  Plaintiffs' memorandum to their class certification motion and New GM's opposition memorandum are limited to ninety (90) pages, and plaintiffs' reply memorandum is limited to fifty (50) pages.  Class certification motion practice shall be limited to the claims of the named plaintiffs in the jurisdictions that are the subject of summary judgment motion practice.  For the avoidance of doubt, those jurisdictions are as follows: California, the District of Columbia, Florida, Louisiana, Maryland, Missouri, Oklahoma, and Virginia.

14.    **Future Motion Practice**.    Nothing in the Paragraph shall preclude the parties from proposing or agreeing to summary judgment or class certification motion practice on the claims of named plaintiffs in jurisdictions other than California, the District of Columbia, Florida, Louisiana, Maryland, Missouri, Oklahoma, and Virginia; however, any such additional motion to dismiss practice shall not occur until further order of the Court after the Court rules on the motions for summary judgment and class certification described in Paragraphs 12 and 13.

15.     **Summary of Economic Loss Claims Deadlines**.  For ease of reference, the chart
attached as Exhibit 1 to this Order summarizes all of the deadlines set forth above for next steps
related to the economic loss claims in the MDL.  If any party should later move to amend any of
these deadlines, that party shall submit as part of the letter motion requesting the extension a
revised version of this chart with the proposed amendments.

SO ORDERED

Date:  October ___, 2016
   New York, New York        _____
                  JESSE M. FURMAN
               United States District Judge

# Exhibit 1

## [PROPOSED] ECONOMIC LOSS DEADLINES

| Deadline | Submission | Party or Parties |
|---|---|---|
| October 13, 2016 at 12:00 p.m. EDT | Proposed Briefing Schedule re Successor Liability Issue | Both Parties |
| November 7, 2016 | Plaintiff Fact Sheets for Named Plaintiffs in Jurisdictions Subject to Motion Practice | Lead Counsel |
| November 14, 2016 | Consolidated Brief re Appeals from 12/4/2015 Judgment | Lead Counsel |
| December 2, 2016 | 12(b)(6) Motion to Dismiss | New GM |
| December 21, 2016 | Opposition Brief re Appeals from 12/4/2015 Judgment | New GM |
| January 13, 2017 | 12(b)(6) Opposition Brief | Lead Counsel |
| February 13, 2017 | 12(b)(6) Reply Brief | New GM |
| September 1, 2017 | Fact Discovery Deadline | Both Parties |
| September 15, 2017 | Plaintiffs' Expert Disclosures and Reports | Lead Counsel |
| November 2, 2017 | Deadline to Depose Plaintiffs' Experts | Both Parties |
| November 2, 2017 | New GM's Expert Disclosures and Reports | New GM |
| December 14, 2017 | Deadline to Depose New GM's Experts | Both Parties |
| December 15, 2017 | Summary Judgment Motion | New GM |
| December 15, 2017 | Class Certification Motion | Lead Counsel |
| January 15, 2018 | Summary Judgment Opposition Brief | Lead Counsel |
| February 9, 2018 | Summary Judgment Reply Brief | New GM |

| February 15, 2018 | Class Certification Opposition Brief | New GM |
|---|---|---|
| March 9, 2018 | Class Certification Reply Brief | Lead Counsel |

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates to All Actions*

-------------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

**[PROPOSED] ORDER NO.**
**__**

JESSE M. FURMAN, United States District Judge:

**[Regarding Schedule for Motion Practice and Discovery**
**Related to Fourth Amended Consolidated Complaint]**

The Court, having received and reviewed the parties' letter briefs (Docket Nos. ____,

____), HEREBY ORDERS, ADJUDGES, AND DECREES that proceedings concerning the

appeals from the Bankruptcy Court's December 4, 2015 Judgment and plaintiffs' Fourth

Amended Consolidated Complaint ("FACC"), including motion practice and New GM's

discovery of the named plaintiffs (the individuals and entities that are plaintiffs in the FACC)

and absent putative class members (members of the putative class that have not been named in

the FACC) in Phase Three, shall proceed as follows.[1]

1.      **Plaintiffs' Appeals from December 4, 2015 Bankruptcy Court Judgment**.

Plaintiffs shall file one consolidated brief for the appeals from the December 4, 2015 Bankruptcy

Court Judgment by **Monday, November 14, 2016**.  New GM shall file its opposition brief by

~~Friday~~**Wednesday**, December ~~16~~**21**, 2016.  Plaintiffs shall file their consolidated reply brief by

~~Friday~~**Monday**, January ~~13~~**16**, 2017.   Plaintiffs' memorandum and New GM's opposition

---

[1]  Nothing in this order shall be construed to waive any of the parties' preserved arguments, objections or rights with
respect to the Second Circuit's July 13, 2016 Opinion.  *In re Motors Liquidation Co.* ~~(~~(829 F.3d ~~—, 2016 WL
3766237~~135 (2d Cir. ~~July 13,~~2016)).  To the contrary, all such arguments, objections, and rights are expressly
preserved.

memorandum are limited to thirty (30) pages and plaintiffs' reply memorandum is limited to ~~fifteen (15~~ten (10) pages.

2.      **Motions to Dismiss Under the Laws Of Eight Additional States In The FACC**. ~~The next round of motion~~Motion to dismiss practice shall be limited to the claims of the FACC named plaintiffs in the following jurisdictions: Alabama, ~~California, the District of Columbia, Florida,~~ Illinois, ~~Louisiana, Maryland,~~ Massachusetts, Michigan, ~~Missouri,~~ New York, ~~Oklahoma,~~ Pennsylvania, Texas, ~~Virginia,~~ and Wisconsin. ~~New GM shall file one~~GM's memorandum in support of its motion to dismiss ~~successor liability claims of the plaintiffs in the above mentioned jurisdictions~~and plaintiffs' opposition memorandum are limited to sixty (60) pages, and New GM's reply memorandum is limited to thirty (30) pages.  New GM's motions to dismiss must be filed by **Tuesday, December 2, 2016**.  Plaintiffs' oppositions must be filed by **Friday, January ~~20~~13, 2017**.  New GM's replies must be filed by **Monday, February ~~20~~13, 2017**.

~~3.~~2.      **Additional Motions to Dismiss**.  Nothing in the Paragraph ~~2~~ shall preclude New GM from conducting additional motion to dismiss practice on the claims of named plaintiffs in states other than those listed above; however, any such additional motion to dismiss practice shall not occur until further order from the Court after the Court rules on the ~~motions to dismiss described in this Paragraph.  Within 30 days after the Court's decision on the motions to dismiss the FACC, the parties shall meet and confer to discuss application of the Court's motion to dismiss orders to the named plaintiffs in the remaining states that have not been the subject of the prior motions to dismiss.  If disputes remain regarding the application of the Court's prior orders to the remaining states, and if New GM choose to file an additional motion to dismiss directed at plaintiffs in the remaining states, that motion shall be filed within 60 days after the Court's~~

10440-11-906024 V1

~~decision on the motion to dismiss the FACC.  The parties shall meet and confer and submit an agreed briefing schedule or competing proposals~~<ins>motion to dismiss described in this Paragraph</ins>.

~~4.~~3.     **Motion Practice ~~on~~<ins>On</ins> Successor Liability**.  Motion practice on the validity of successor liability claims of named plaintiffs in the FACC will advance the resolution of remaining bankruptcy-related issues following the Second Circuit's July 13, 2016 Opinion and provide important guidance to the parties in this litigation and related actions pending in other courts.  Accordingly, the parties shall meet and confer and provide to this Court by 12:00 p.m. EDT on Thursday, October 13, 2016~~,~~ either an agreed order or competing letter briefs to address motion practice on the successor liability claims of named plaintiffs in the eight original jurisdictions subject to motion to dismiss practice on the Third Amended Consolidated Complaint ("TACC") and the eight additional states subject to motion to dismiss practice on the FACC.  For the avoidance of doubt, these 16 jurisdictions are: Alabama, California, the District of Columbia, Florida, Illinois, Louisiana, Maryland, Massachusetts, Michigan, Missouri, New York, Oklahoma, Pennsylvania, Texas, Virginia, and Wisconsin.

~~5.~~4.     **No Answer to the FACC Required**.  New GM shall not be required to file an answer or any other response to the FACC unless and until further order of the Court.

~~6.~~5.     **Plaintiff Fact Sheets**.  By ~~Friday~~<ins>Monday</ins>, November ~~11~~<ins>7</ins>, 2016, each of the named plaintiffs in the following jurisdictions that were the subject of motion to dismiss practice on the ~~Third Amended Consolidated Complaint (TACC)~~<ins>TACC</ins> shall provide to New GM a substantially complete Plaintiff Fact Sheet and the documents requested therein:  California, the District of Columbia, Florida, Louisiana, Maryland, Missouri, Oklahoma, and Virginia.  (*See* Order No. 25 PDF pages 56-77 (Consumer Plaintiff Fact Sheet), 78-100 (Non-Consumer Plaintiff Fact Sheet).)  ~~Disclosure~~<ins>**By Monday, November 7, 2016**, each</ins> of ~~Plaintiff Fact Sheets~~

3

~~and associated documents for~~ the ~~remaining~~ named ~~Plaintiffs shall proceed~~plaintiffs in ~~accord~~ ~~with~~ any additional jurisdictions for which plaintiffs intend to seek class certification in the ~~schedule~~first round of briefing set forth ~~below~~ in Paragraph ~~7.~~13 below shall also provide substantially complete Plaintiff Fact Sheets and requested documents to New GM.

~~7.~~6.	**New GM's Discovery of Named Plaintiffs**.  New GM may conduct any form of discovery allowed under the Federal Rules of Civil Procedure ("FRCP") with respect to the named plaintiffs required to provide Plaintiff Fact Sheets under Paragraph 5 above, including document requests, interrogatories, and depositions, as well as requests for admission.  Unless otherwise agreed to by the parties, the deadlines in the FRCP shall apply regarding named plaintiffs' responses ~~except that such discovery shall be staged.  Until the Court issues its order on the motion to dismiss the FACC, discovery of the named plaintiffs is limited to the plaintiffs in the jurisdictions that were the subject of motion to dismiss practice on the TACC (and where such plaintiffs are named in the FACC).  Discovery of plaintiffs in the states subject to the motion to dismiss the FACC may proceed after the Court issues its order on the motion to dismiss the FACC.  Discovery of all remaining plaintiffs may occur after the parties have engaged in the meet and confer process referenced in Paragraph 3 of this Order~~.

~~8.~~7.	**Depositions of Named Plaintiffs**.  ~~Subject to the limitations set forth in~~ ~~Paragraph 7, depositions~~Depositions of named plaintiffs required to provide Plaintiff Fact Sheets under Paragraph 5 shall be governed by the Orders previously entered by this Court, including Order No. ~~36, except~~36; provided, however, that for purposes of Paragraph 16 of Order No. ~~36's~~ 36, there is no limit ~~of no more than 16 deponents per~~to the number of named plaintiffs New GM may depose in a calendar month ~~may be expanded to 25 deponents~~.

4

~~9.~~8.    **Communications with Absent Putative Class Members**.  Under FRCP 23 and the Constitution, parties and their counsel have the right to communicate with absent putative class members prior to class certification, if any.  ~~However, such communications~~Nothing in this Order shall ~~be subject to~~limit or restrict the ~~following procedures intended to protect~~right of the parties or their counsel to communicate with absent putative class members ~~from being inappropriately influenced or subjected to harassment:~~.

~~10.    a.    Lead Counsel, **New GM's Counsel**, and those acting~~

9.    **New GM's Discovery of Absent Putative Class Members.**

~~a.    on their behalf shall be permitted to initiate informal oral communications with any putative class member who is not already represented by counsel, if the procedures set forth below are followed.~~

a.    *Interrogatories*.  New GM may serve interrogatories on absent putative class members.  The interrogatories shall begin with a brief description of this litigation, that the absent putative class member might in the future be a part of a class suing New GM, that the interrogatories are being served to collect factual information from the absent putative class member, and that New GM may move to compel answers to the interrogatories and/or for sanctions if the absent putative class member does not respond to the interrogatories.  New GM may ask absent putative class members for documents within their possession, custody or control (such as service records or documents related to a sale or attempted sale of the vehicles), or copies thereof, as part of these interrogatories.  Absent putative class members shall have 45 days to respond to the interrogatories and produce the requested documents.  If New GM knows that an absent putative class member is represented by counsel, New GM shall serve the interrogatories on that counsel rather than the absent putative class member (but New GM shall have no obligation to determine if an absent putative class member is represented by counsel before serving the absent putative class member with the interrogatories).

~~b.    Prior to speaking with putative class members, Lead Counsel, New GM's counsel, and their representatives shall read a "script" that will inform the individual that (i) litigation has been commenced against New GM regarding the ignition switch, power steering, and side impact airbag recalls; (ii) the caller is contacting the individual on behalf of [plaintiffs or New GM]; (iii) the individual does not have any obligation to~~

5

speak with the caller; (iv) the individual is free to end the conversation at any time; and (v) a toll free number has been set up to allow class members to opt out of receiving unsolicited communications concerning this litigation or to report harassment. The parties are to meet and confer on the precise language of the script, taking into consideration the foregoing guidelines, and submit an agreed proposed script or competing proposed scripts by **November 11, 2016**.

c. The parties shall set up a toll free number administered by a neutral third party that putative class members can call to report harassment or to opt out of receiving unsolicited contact concerning this litigation. The cost of administering the toll free number shall be shared by the parties.

d. This Order shall not prevent New GM or its dealers from acting in the normal course of their business or in any way alter New GM's normal continuing business operations. Nor shall this Order in any way limit New GM or New GM's counsel's ability to communicate with authorized New GM dealers or New GM employees and similar persons who are not exclusively customers of New GM.

e. This Order shall not prevent Lead Counsel or other plaintiffs' counsel from acting in the normal course of their business by responding to inquiries made by putative class members or potential class representatives, including requests to be represented by counsel.

11. **Discovery of Absent Class Members**. There shall be no discovery of absent class members until New GM has (i) taken discovery, including depositions, of the named plaintiffs, (ii) files a motion with the Court seeking leave to take discovery of absent class

6

members and demonstrates good cause as to why such discovery is necessary, and (iii) the Court

grants the motion.

      b.  *Topics for Interrogatories*.  The interrogatories shall be limited to seeking facts relevant to class certification or trial of class-wide issues.  For example, and not by way of limitation, the interrogatories may seek information relating to: (a) whether the absent putative class member's vehicle manifested an issue or problem; (b) whether the absent putative class member has sold or attempted to sell the vehicle; (c) whether the absent putative class member has brought in the vehicle to be repaired pursuant to New GM's recalls, whether the absent putative class member has had any issues with the vehicle after the recall repairs, and what those issues (if any) are; (d) whether absent putative class members relied on or saw the New GM statements or advertisements cited by plaintiffs in the FACC or any amendment thereto; (e) the absent putative class member's use of the vehicle, maintenance of the vehicle, and the vehicle's mileage; and (f) the absent putative class member's opportunity to review the vehicle's warranty booklet, including the limitations on implied warranties contained therein.

      c.  *Depositions*.  Deposition of absent class members will be governed by the Orders entered in this MDL, including but not limited to Order No. 36, provided that for purposes of Paragraph 16 of Order No. 36 New GM shall have the right to depose at least 8 absent putative class members each calendar month.  New GM shall subpoena the putative absent class members whom it intends to depose, and shall provide Lead Counsel with notice of all such subpoenas.  Unless otherwise agreed to by the absent putative class member, the depositions will take place in the judicial district where the absent putative class member resides.  New GM and Lead Counsel shall cooperate with each other in scheduling depositions and shall make all reasonable efforts to accommodate the schedule of the absent putative class members in scheduling the depositions.  In the event that an absent putative class member refuses to appear for a deposition, New GM shall inform the absent putative class member that New GM may move to compel the absent putative class member's appearance and/or for sanctions if the putative absent class member does not appear for a deposition, and also inform Lead Counsel that the putative absent class member is refusing to appear for a deposition.  New GM and Lead Counsel shall be responsible for maintaining the confidentiality of any deposition testimony by an absent putative class member that would be considered confidential or highly confidential under the Orders in this MDL.

      d.  *Topics for Deposition*.  Questions at the deposition shall be limited to those seeking basic information about the deponent and facts relevant to class certification or trial of class-wide issues.  Paragraph 8(b) sets forth a non-exclusive list of examples of topics about which deponents may be questioned.

    12.10.  **Fact Discovery Deadline**.  Fact discovery contemplated under Order No. 84 and

under this order shall be completed by no later than **Friday, September 1, 2017**.

10440-11-906024 V1

13.11.  **Expert Discovery**.  By no later than **Friday, September 15, 2017**, Lead Counsel shall disclose any experts (including, but not limited to class and merits experts) and serve expert reports.  By **Thursday, November 2, 2017**, New GM shall depose plaintiffs' experts, disclose any experts (including, but not limited to class and merits experts) and serve expert reports.  The parties are highly encouraged to discuss deposition scheduling as soon as experts are disclosed so as to avoid delays in the schedule.  By **Wednesday, December 14, 2017**, plaintiffs shall depose New GM's experts, serve any expert reports strictly limited to rebuttal of New GM's experts. and expert discovery shall be completed.  No rebuttal or sur-rebuttal expert reports shall be allowed, absent an order from the Court upon a showing of good cause.

14.12.  **Summary Judgment Motion Practice**.  New GM shall file any motion for summary judgment by **Friday, December 15, 2017**.  Plaintiffs shall file their opposition by **Friday****Monday**, **January 19****15, 2018**.  New GM shall file its reply by **Friday, February 16****9**, **2018**.  New GM's memorandum to its motion for summary judgment and plaintiffs' opposition memorandum are limited to seventy-five (75) pages, and New GM's reply memorandum is limited to thirty-five (35) pages.  Summary judgment motion practice shall be limited to the claims of the named plaintiffs in the following jurisdictions: California, the District of Columbia, Florida, Louisiana, Maryland, Missouri, Oklahoma, and Virginia.

15.13.  **Class Certification Motion Practice**.  Plaintiffs shall file any motion for class certification by **Friday, December 15, 2017**.  New GM shall file their opposition by **Thursday, February 15, 2018**.  Plaintiffs shall file their reply by **Friday, March 9, 2018**.  Plaintiffs' memorandum to their class certification motion and New GM's opposition memorandum are limited to ninety (90) pages, and plaintiffs' reply memorandum is limited to fifty (50) pages.  Class certification motion practice shall be limited to the claims of the named plaintiffs in the

10440-11-906024 V1

jurisdictions that are the subject of summary judgment motion practice.  For the avoidance of doubt, those jurisdictions are as follows: California, the District of Columbia, Florida, Louisiana, Maryland, Missouri, Oklahoma, and Virginia.

16.    **Supplemental Expert Discovery.**  By no later than 60 days after issuance of the latter of the Court's order on motions for summary judgment or the motion for class certification, the parties shall (i) disclose any supplemental experts and expert reports that may be necessary in light of the Court's summary judgment and class certification orders and (ii) propose a schedule for the discovery of supplemental expert opinions and rebuttal reports.

14.    **Future Motion Practice.**    Nothing in the Paragraph shall preclude the parties from proposing or agreeing to summary judgment or class certification motion practice on the claims of named plaintiffs in jurisdictions other than California, the District of Columbia, Florida, Louisiana, Maryland, Missouri, Oklahoma, and Virginia; however, any such additional motion to dismiss practice shall not occur until further order of the Court after the Court rules on the motions for summary judgment and class certification described in Paragraphs 12 and 13.

17.15.  **Summary of Economic Loss Claims Deadlines**.  For ease of reference, the chart attached as Exhibit 1 to this Order summarizes all of the deadlines set forth above for next steps related to the economic loss claims in the MDL.  If any party should later move to amend any of these deadlines, that party shall submit as part of the letter motion requesting the extension a revised version of this chart with the proposed amendments.

SO ORDERED

Date:  October ___, 2016
          New York, New York                         _____
                                                                        JESSE M. FURMAN
                                                                    United States District Judge

10440-11-906024 V1