# EXHIBIT B

COUNSEL FOR THE PARTIES ARE
LISTED IN THE SIGNATURE BLOCK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                : Chapter 11
                                                     :
MOTORS LIQUIDATION COMPANY, *et al.*,                : Case No.: 09-50026 (REG)
       f/k/a General Motors Corp., *et al.*          :
                                                     :
                       Debtors.                      : (Jointly Administered)
-------------------------------------------------------------x

## AGREED AND DISPUTED STIPULATIONS OF FACT PURSUANT TO THE COURT'S SUPPLEMENTAL SCHEDULING ORDER, DATED JULY 11, 2014

Counsel for the Identified Parties[1] hereby provide, pursuant to the Supplemental Scheduling Order, their agreed-upon[2] and disputed Stipulations of Fact relating to the Four Threshold Issues,[3] as defined in the Supplemental Scheduling Order.

Upon consent of all of the Counsel for the Identified Parties, or upon approval by the Court after good cause shown, any party (a) may seek to amend or modify these agreed-upon factual stipulations, or (b) may use documents, testimony or other evidence that is not specifically referenced in these stipulations including documents produced after the date of these stipulations. It should also be noted that while Counsel for the Identified Parties agreed to the accuracy of the factual stipulations set forth below, in certain instances, they could not agree that such factual stipulations are relevant and/or are admissible evidence for the Court's

---

[1] As defined in the *Supplemental Scheduling Order Regarding (I) Motion Of General Motors LLC Pursuant To 11 U.S.C. §§ 105 And 363 To Enforce The Court's July 5, 2009 Sale Order And Injunction, (II) Objection Filed By Certain Plaintiffs In Respect Thereto, And (III) Adversary Proceeding No. 14-01929*, which was entered by the Court on July 11, 2014 ("Supplemental Scheduling Order").

[2] Each of the Counsel for the Identified Parties reserves the right to rely on any of the stipulations of fact agreed upon by Counsel for the Identified Parties in support of any of the Four Threshold Issues.

[3] For the avoidance of doubt, the issue of whether a claim asserted in the Ignition Switch Actions is timely and/or meritorious against the Old GM bankruptcy estate (and/or the GUC Trust) is not a Threshold Issue.

1

23414081v2

determination of the Four Threshold Issues. The parties have reserved their relevance and/or other evidentiary objections (including hearsay, privilege or other types of admissibility objections) to such factual stipulations. After a party understands how such factual stipulations will be asserted by another party in its pleadings and/or briefs relating to the Four Threshold Issues, it may ask the Court for an evidentiary ruling as to its admissibility prior to the oral argument on the Four Threshold Issues. Any party's failure to object to the use of such factual stipulations with respect to the Court's determination of the Four Threshold Issues shall not be deemed a waiver on relevance and/or other evidentiary objections (including hearsay, privilege or other types of admissibility objections) with respect to the use of such factual stipulations (including without limitation the documents or testimony which support such factual stipulations) for any other purpose in any proceeding before the Bankruptcy Court, the Court in MDL 2543, any other court or tribunal, or otherwise.

Counsel for the Identified Parties agree that each may refer to the following categories of documents and/or pleadings in connection with the Court's determination of the Four Threshold Issues. All such documents speak for themselves.

    a. All pleadings, briefs, declarations, affidavits, orders, decisions, evidence admitted by the Bankruptcy Court, reports filed by the GUC Trust, and deposition and hearing transcripts in adversary proceedings or contested matters arising under, in, or related to the Old GM bankruptcy case, including without limitation, appeals of any decisions emanating from the Bankruptcy Court.

    b. All filings with the Securities and Exchange Commission by Old GM, New GM and the GUC Trust.

    c. All press releases issued by Old GM, New GM and the GUC Trust.

    d. The GUC Trust Agreement, and any amendments thereto.

    e. The complaints (and any amendments thereof) filed in the Ignition Switch Actions, and any pleadings filed with the United States District Court for the

2

Southern District of New York, 14-MD-2543 (JMF); 14-MC-2543 ("**MDL Court**").

f.  Information contained on Bloomberg Financial with respect to the share price and trading volume of the GUC Trust Units, New GM stock and warrants.

Counsel for the Identified Parties also agree on the following definitions[4] for each of their Stipulations of Fact:

a.  "**Ignition Switch**" shall mean an ignition switch designed and/or sold by Old GM in the Subject Vehicles that may unintentionally move out of the "run" position, resulting in a partial loss of electrical power and turning off the engine. (Consent Order, In re TQ14-001, NHTSA Recall No. 14V-047 (Dep't of Transp., Nat'l Highway Safety Admin. Dated May 16, 2014 ("**Consent Order**") at 2, ¶¶5; Part 573 Defect Notice filed by New GM with the National Highway Traffic Safety Administration ("**NHTSA**"), dated February 7, 2014.).

b.  "**Subject Vehicles**" are (1) 2005-2007 Chevrolet Cobalt and Pontiac G5, 2003-2007 Saturn Ion, 2006-2007 Chevrolet HHR, 2005-2006 Pontiac Pursuit (Canada), 2006-2007 Pontiac Solstice and 2007 Saturn Sky vehicles; and (2) 2008-2010 Pontiac Solstice and G5; 2008-2010 Saturn Sky; 2008-2010 Chevrolet Cobalt; and 2008-2011 Chevrolet HHR vehicles -- certain of the vehicles in this second category may have been repaired using a defective Ignition Switch that had been sold to dealers or aftermarket wholesalers. Statements about the Ignition Switch apply to the Subject Vehicles listed in the second category only to the extent that the Subject Vehicles were actually repaired using a defective Ignition Switch. (Part 573 Defect Notices filed by New GM with the NHTSA, dated February 7, 2014, February 24, 2014, and March 28, 2014, hereinafter "**Feb. 7 Notice**", "**Feb. 24 Notice**", and "**March 28 Notice**").

Attached to this document are (a) New GM's agreed-upon factual stipulations, and disputed factual stipulations (Exhibit "A"), (b) Designated Counsel/Groman Plaintiffs agreed-upon factual stipulations and Designated Counsel's disputed factual stipulations (Exhibit "B"), (C) Groman Plaintiffs' disputed factual stipulations (Exhibit "C"), and (D) the GUC Trust/Unitholders agreed-upon factual stipulations and disputed factual stipulations (Exhibit "D").

---

[4] The definitions in these stipulations of fact are agreed to for the sole purpose of the Four Threshold Issues identified by the Bankruptcy Court in its Supplemental Scheduling Order. Counsel for the Identified Parties do not stipulate to the definitions set forth in these stipulations for any other purpose in either the Bankruptcy Court, in MDL 2543, or otherwise.

3

23414081v2

Dated: New York, New York  
August 8, 2014

Respectfully submitted,

/s/ Arthur Steinberg  
Arthur Steinberg  
Scott Davidson  
KING & SPALDING LLP  
1185 Avenue of the Americas  
New York, New York 10036  
Telephone: (212) 556-2100  
Facsimile: (212) 556-2222

-and-

Richard C. Godfrey, P.C. (admitted *pro hac vice*)  
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)  
KIRKLAND & ELLIS LLP  
300 North LaSalle  
Chicago, IL 60654  
Telephone: (312) 862-2000  
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

/s/ Edward S. Weisfelner  
Edward S. Weisfelner  
David J. Molton  
Howard S. Steel  
BROWN RUDNICK LLP  
7 Times Square New York, New York 10036  
Telephone: 212-209-4800

-and-

4

23414081v2

/s/ Elihu Inselbuch
Elihu Inselbuch
Peter Van N. Lockwood
CAPLIN & DRYSDALE, CHARTERED
600 Lexington Ave., 21st Fl.
New York, New York 10021
Telephone: 212-379-6000

-and-

/s/ Sander L. Esserman
Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, A PROFESSIONAL CORPORATION
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900

*Designated Counsel for Certain Plaintiffs*

/s/ Jonathan L. Flaxer
Jonathan L. Flaxer
S. Preston Ricardo
Michael S. Weinstein
GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
Telephone: (212) 907-7300
Facsimile: (212) 754-0330

-and-

Alexander H. Schmidt, Esq.
Stacey Kelly Breen, Esq.
Malcolm T. Brown, Esq.
WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

*Counsel for the Groman Plaintiffs*

5

23414081v2

/s/ Lisa H. Rubin
Matthew J. Williams
Lisa H. Rubin
Keith Martorana
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Wilmington Trust Company*


/s/ Daniel Golden
AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel Golden
Deborah J. Newman
Jamison Diehl
Naomi Moss
One Bryant Park, Bank of America Tower
New York, NY 10036-6745
Phone: (212) 872-8010
Facsimile: (212) 872-1002

*Attorneys for the Ad Hoc Group of Unitholders*

6

23414081v2