# EXHIBIT D

A.  **Threshold Issues to Be Decided by the Court**

The following are the Threshold Issues that this Court should first decide:

~~1.~~ ~~**Pillars Issue**: Are Ignition Switch Plaintiffs only those plaintiffs that are asserting claims against New GM based on an Ignition Switch in a Subject Vehicle (as each term is defined in the *Agreed and Disputed Stipulations of Fact Pursuant to the Court's Supplemental Scheduling Order, Dated July 11, 2014*, filed with the Bankruptcy Court on August 8, 2014 [Dkt. No. 12826], at 3), and all other plaintiffs are Non-Ignition Switch Plaintiffs (as that term is used in prior opinions of this Court, including the December 4, 2015 Judgment)?[5]~~
~~**Procedure**: New GM will brief this issue on a scheduled established by the Court, with any plaintiff that New GM asserts is a Non-Ignition Switch Plaintiff having an opportunity to respond. This issue and the briefing schedule would be included in the OSC, which would be served on all known plaintiffs that New GM asserts are Non-Ignition Switch Plaintiffs who have commenced a lawsuit against New GM.~~

1. ~~2.~~ **The ~~Failure-to-Appeal~~ Appeal/Waiver Issue re Independent Claims**: Are Non-Ignition Switch Plaintiffs, the state plaintiffs, or Second Stage Ignition Switch Plaintiffs barred from asserting "Independent Claims" against New GM because they purportedly did not appeal the April 2015 Decision/June 2015 Judgment ~~and therefore the Second Circuit~~ or the November 2015 Decision/December 2015 Judgment or under the Opinion ~~does not apply to them~~, or otherwise, are all Plaintiffs permitted to pursue Independent Claims?[1]

    ~~Similarly, are Non-Ignition Switch Plaintiffs precluded from asserting "Independent Claims" against New GM because they did not appeal the December 2015 Judgment that barred them from asserting Independent Claims against New GM. New GM's position is that the Second Circuit Opinion did not affect the Bankruptcy Court's subsequent ruling (the December 2015 Judgment) on this issue?~~

    **Procedure**: New GM will brief this issue on a ~~scheduled~~ schedule established by the Court, with Non-Ignition Switch Plaintiffs and Second Stage Ignition Switch Plaintiffs having an opportunity to respond. This issue and the briefing schedule would be included in the OSC, which would be served on all known Non-Ignition Switch Plaintiffs and Second Stage Ignition Switch Plaintiffs who have commenced a lawsuit against New GM.

2. ~~3.~~ **Used Car Purchasers**. ~~While~~: Is the ~~Second Circuit~~ Opinion ~~stated~~'s holding that claims held by Used Car Purchasers are not covered by the Sale Order because they had no contact or relationship with Old GM~~, is that holding~~ limited to (a) only those parties that appealed the April 2015 Decision/June ~~1,~~ 2015

---

[5] ~~This was an issue that Judge Furman asked this Court to decide in connection with the *Pillars* appeal before him.~~

[1] This issue is also applicable to the *Pillars* appeal and subject to Judge Furman's request that the Bankruptcy Court decide it in connection with the *Pillars* appeal before him.

1

Judgment to the Second Circuit, and/or (b) Independent Claims asserted by Used Car Purchasers based solely on New GM conduct. In other words, with respect to (b), or can Used Car Purchasers also assert claims that are based on Old GM conduct derivative of the original owner's claims (provided they are not otherwise Assumed Liabilities)? The June 1, 2015 Judgment answered (b) in the negative, and it is New GM's position that the Opinion did not hold otherwise.

**Procedure:** New GM will brief this issue on a schedule established by the Court would establish a deadline for plaintiffs who are, with Used Car Purchasers to file a written explanation setting forth what they believe their Independent Claims are. New GM would havehaving an opportunity to object, if necessary, to such Independent Claims on the basis that they are really Assumed Liabilities or Retained Liabilities.[6] respond.  This issue and the appropriate deadlinesbriefing schedule would be included in the OSC, which would be served on all known Used Car Purchaser plaintiffsPurchasers who have commenced a lawsuit against New GM involving an Old GM vehicle.

==[OTHER PARTIES' POSITIONS]==

3. **Late Proof of Claim:**  Can the Ignition Switch Plaintiffs and Ignition Switch Pre-Closing Accident Plaintiffs[2] file late proof(s) of claim or are such claims equitably moot?

   **Procedure:**  The Ignition Switch Plaintiffs and Ignition Switch Pre-Closing Accident Plaintiffs will file a motion for leave to file late proofs of claims to be briefed on a schedule established by the Court.

---

[6] The classification of the claim as an Independent Claim may affect, among other things, whether plaintiffs can seek punitive damages against New GM.

[2] The term "**Ignition Switch Pre-Closing Accident Plaintiffs**" refers to plaintiffs asserting personal injury or wrongful death claims based on or arising from the Ignition Switch in a Subject Vehicle (as such terms are defined in the Stipulations of Fact).