# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

14-MD-2543 (JMF)

Hon. Jesse M. Furman

------------------------------------------------------------------------x

### NEW GM'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SUCCESSOR LIABILITY

Defendant General Motors LLC ("GM LLC" or "New GM") respectfully requests that the Court grant summary judgment in its favor on the successor liability claims in plaintiffs' Fourth Amended Consolidated Complaint. Under the choice of law rules applicable to plaintiffs' successor liability claims, the law of Delaware applies. Alternatively, the law of New York should apply. In either event, and indeed under the law of every jurisdiction addressed in this motion, plaintiffs' successor liability claims fail for multiple reasons.

*First*, the general common law rule protects an asset purchaser against claims by the seller's creditors, and requires those creditors to prove that an exception applies. Plaintiffs here rely on the "mere continuation" exception, alleging that "New GM is the mere continuation or reincarnation of the same business enterprise as Old GM." (4th Am. Compl. ¶ 901) But that exception only applies where the sale transaction itself deprives creditors of recoveries they would have had against the seller in the absence of the sale, and where the purchaser acquired the assets with the specific purpose of placing them beyond the reach of the seller's creditors. Plaintiffs have no evidence that the 363 Sale deprived them of recoveries they would have had against Old GM but for the Sale, much less that it was the "specific purpose" of the U.S. and Canadian governments, which owned the purchaser entity that became New GM, to evade

creditors.[1]  Here, Old GM was insolvent and, in the absence of the Sale, would have liquidated and creditors would have recovered nothing.  Plaintiffs thus had no effective remedy against Old GM, let alone a remedy eliminated by the Sale.  Because the asset transaction did not deprive plaintiffs of any remedy, they have no claim for successor liability.

*Second*, plaintiffs' successor liability claims fail because Old GM creditors had a viable source of recovery following the Sale.  Old GM/Motors Liquidation Company (MLC) and its successor, the Motors Liquidation Company GUC Trust (the MLC GUC Trust), existed after the Sale and made billions of dollars in distributions on allowed claims.  Indeed, plaintiffs have represented that they will assert claims against the MLC GUC Trust.  The Sale also *improved* the recoveries of certain Old GM creditors (including certain ignition-switch plaintiffs) because New GM assumed certain categories of liabilities for vehicles and parts manufactured by Old GM, including post-sale accidents involving Old GM vehicles causing personal injury, loss of life or property damage, glove box warranty claims and lemon law claims.

*Third*, courts have overwhelmingly rejected successor liability claims arising from arm's length transactions in which the seller received adequate consideration.  Here, the Bankruptcy Court held that the Sale was negotiated at arm's length and that the $45-billion plus consideration paid by the U.S. and Canada was adequate, particularly given Old GM's $6.5-9.7 billion liquidation value. Plaintiffs' allegation that "New GM provided no cash consideration for the 363 Sale" (4th Am. Compl. ¶ 899) is contradicted by the Bankruptcy Court-approved, statutorily-authorized $49 billion credit bid by the U.S. and Canadian governments, whereby those governments:  (i) provided secured loans to Old GM in advance of the Sale, which were

---

[1] And even under the continuity of enterprise and product line theories of successor liability applicable in a small minority of jurisdictions (which do not apply here for choice-of-law reasons), the asset transaction must have deprived plaintiffs of an effective remedy against the predecessor corporation.

then (ii) credited back at the time of the Sale. Plaintiffs' position that a credit bid is a lesser form of consideration than cash is directly contrary to federal bankruptcy law and U.S. Supreme Court precedent. Moreover, plaintiffs do not allege that the consideration New GM paid was inadequate. And even if they did, that could not establish successor liability. Under the law, the test is whether the Sale "deprived" creditors of an existing remedy against the seller, not whether—in circumstances involving a Sale that did not deprive creditors of an available remedy—the plaintiff can claim that another hypothetical transaction would have increased creditor recoveries.

*Fourth,* plaintiffs' successor liability claims fail because a federal Bankruptcy Court authorized the auction procedures that resulted in the Sale, conducted an extensive hearing to approve the Sale transaction, and rejected claims that the Sale was actually a "reorganization" of Old GM under federal bankruptcy law. The Bankruptcy Court's rejection of creditors' claim that the Sale was a *sub rosa* reorganization was affirmed on appeal. Plaintiffs have no evidence to controvert these determinations.

*Finally,* plaintiffs' successor liability claims fail because there was no continuity of shareholders between Old GM and New GM. The former Old GM shareholders received no recovery from Old GM's ownership of 10% of New GM. Proceeds from that stock were paid to Old GM creditors and not former Old GM shareholders, whose worthless Old GM stock was cancelled without any payout.

WHEREFORE, because plaintiffs cannot prove mere continuation or any other exception to the general rule against successor liability, their claims based on that theory fail. For all of the foregoing reasons, New GM respectfully requests that the Court grant summary judgment dismissing all of plaintiffs' successor liability claims.

Dated:  November 11, 2016	Respectfully submitted,

	*/s/ Richard C. Godfrey, P.C.*

	Richard C. Godfrey, P.C.
	Andrew B. Bloomer, P.C.
	KIRKLAND & ELLIS LLP
	300 N. LaSalle
	Chicago, IL 60654-3406
	Phone:  312-862-2000
	Fax: 312-862-2200
	richard.godfrey@kirkland.com
	andrew.bloomer@kirkland.com

	*Attorneys for Defendant General Motors LLC*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2016, I electronically filed the foregoing document using the CM/ECF system which will serve notification of such filing to the email of all counsel of record in this action.

By:  /s/ *Andrew B. Bloomer, P.C.*
Andrew B. Bloomer, P.C.