**Status Conference: January 12, 2017 at 9:00 a.m. (Eastern Time)**
**Opposition Deadline: TBD**

William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
T: 212-813-8800
E: wweintraub@goodwinlaw.com
E: gfox@goodwinlaw.com

*Counsel for Ignition Switch Pre-Closing*
*Accident Plaintiffs Represented By*
*Hilliard Muñoz Gonzales L.L.P. Listed*
*on Exhibit A Hereto*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
In re:                                                      :        Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,                         :        Case No.: 09-50026 (MG)
            f/k/a General Motors Corp., et al.,             :
                                                            :
                                        Debtors.            :        (Jointly Administered)
------------------------------------------------------------X

## NOTICE OF OMNIBUS MOTION BY CERTAIN IGNITION SWITCH PRE-CLOSING ACCIDENT PLAINTIFFS FOR AUTHORITY TO FILE LATE PROOFS OF CLAIM FOR PERSONAL INJURIES AND WRONGFUL DEATHS

**PLEASE TAKE NOTICE** that upon the annexed *Omnibus Motion By Certain Ignition*

*Switch Pre-Closing Accident Plaintiffs for Authority to File Late Proofs of Claim for Personal*

*Injuries and Wrongful Deaths*, dated December 22, 2016 (the "Motion"), and pursuant to the

Court's *Order to Show Cause Regarding Certain Issues Arising From Lawsuits With Claims*

*Asserted Against General Motors LLC ("New GM") That Involve Vehicles Manufactured By*

*General Motors Corporation ("Old GM")*, entered on December 13, 2016 [ECF No. 13802] (the

"OSC"), a status conference on the Motion will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **January 12, 2017 at 9:00 a.m. (Eastern Time)** (the "January 12 Status Conference").  Pursuant to the OSC, at the January 12 Status Conference the Bankruptcy Court will set a briefing schedule for the motion, including deadlines for objections and replies.

PLEASE TAKE FURTHER NOTICE that, pursuant to the OSC, any plaintiff wishing to join the Motion shall file a joinder (not to exceed two pages) with the Bankruptcy Court by **no later than January 6, 2017** (the "Joinder Deadline").  Failure to join the Motion by the Joinder Deadline by a party purporting to have a claim against the GUC Trust for an Ignition Switch Pre-Closing Accident may impact such party's ability to participate in and benefit from the forthcoming proceedings on the Motion and the Late Proof of Claim Issue (as defined in the OSC).

 Dated: December 22, 2016

Respectfully submitted,

/s/ *William P. Weintraub*
William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: 212.813.8800
Fax:  212.355.3333
wweintraub@goodwinlaw.com
gfox@goodwinlaw.com

*Counsel for Ignition Switch Pre-Closing*
*Accident Plaintiffs Represented By*
*Hilliard Muñoz Gonzales L.L.P. Listed*
*on Exhibit A Hereto*

**Status Conference: January 12, 2017 at 9:00 a.m. (Eastern Time)**
**Opposition Deadline: TBD**

William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
T: 212-813-8800
E: wweintraub@goodwinlaw.com
E: gfox@goodwinlaw.com

*Counsel for Ignition Switch Pre-Closing*
*Accident Plaintiffs Represented By*
*Hilliard Muñoz Gonzales L.L.P. Listed*
*on Exhibit A Hereto*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
|   |   |   |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, et al., | : | Case No.: 09-50026 (MG) |
| f/k/a General Motors Corp., et al., | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------X

**OMNIBUS MOTION BY CERTAIN IGNITION SWITCH PRE-CLOSING**
**ACCIDENT PLAINTIFFS FOR AUTHORITY TO FILE LATE PROOFS**
**OF CLAIM FOR PERSONAL INJURIES AND WRONGFUL DEATHS**

## TABLE OF CONTENTS

**Page**

BACKGROUND ................................................................................................................. 1

ARGUMENT ..................................................................................................................... 4

A.  Now that the Bankruptcy Court's Equitable Mootness Ruling Has Been Vacated, the Movants Should Be Permitted to File and Prosecute Late Proofs of Claim Against the GUC Trust for their Injuries and Deaths............................................................................. 4

B.  The Movants Easily Meet the Requisite Standard for Seeking Allowance of their Proofs of Claim Notwithstanding the Passage of the Bar Date..................................................... 8

CONCLUSION.................................................................................................................. 14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re AMR Corp.*,
    492 B.R. 660 (Bankr. S.D.N.Y. 2013) .......................................................................................4

*In re Best Prods. Co., Inc.*,
    140 B.R. 353 (Bankr. S.D.N.Y. 1992) .......................................................................................4

*City of New York v. New York, New Haven & Hartford R.R. Co.*,
    344 U.S. 293, 73 S. Ct. 299, 97 L. Ed. 2d 333 (1953) .............................................................4

*Cty. of Suffolk v. Stone & Webster Eng'g Corp.*,
    106 F.3d 1112 (2d Cir. 1997) ...................................................................................................8

*In re Dana Corp.*,
    No. 06-10354 (BRL), 2007 WL 1577763 (Bankr. S.D.N.Y. May 30, 2007) .....................4, 10

*Elliott v. General Motors LLC (In re Motors Liquidation Co.)*,
    829 F.3d 135 (2d Cir. 2016) .......................................................................................... *passim*

*In re First Magnus Fin. Corp.*,
    415 B.R. 416 (Bankr. D. Ariz. 2009) ...........................................................................4, 10, 11

*Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*,
    419 F.3d 115 (2d Cir. 2005) ................................................................................................9, 10

*In re Motors Liquidation Co.*,
    529 B.R. 510 (Bankr. S.D.N.Y. 2015), *aff'd in part, rev'd in part and vacated
    in part sub nom. Elliott v. General Motors LLC (In re Motors Liquidation
    Co.)*, 829 F.3d 135 (2d Cir. 2016) ................................................................................. *passim*

*N. River Ins. Co. v. Philadelphia Reinsurance Corp.*,
    63 F.3d 160 (2d Cir. 1995) .......................................................................................................8

*In re Pettibone Corp.*,
    162 B.R. 791 (Bankr. N.D. Ill. 1994) .....................................................................................10

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*,
    507 U.S. 380, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993) : (i) .......................................9, 10, 13

*In re Residential Capital, LLC*,
    No. 12-12020 (MG), 2015 WL 2256683 (Bankr. S.D.N.Y. May 11, 2015) .........................4, 9

*Travelers Cas. & Sur. Co. v. Chubb Indem. Ins. Co. (In re Johns-Manville Corp.)*,
    600 F.3d 135 (2d Cir. 2010) (*per curiam*) ................................................................................9

*U.S. v. Cardinal Mine Supply, Inc.*,
    916 F.2d 1087 (6th Cir. 1990) ...................................................................................................4

*In re William B. Wilson Mfg. Co.*,
    59 B.R. 535 (Bankr. W.D. Tex. 1986) ...................................................................................10

*In re XO Commc'ns, Inc.*,
    301 B.R. 782 (Bankr. S.D.N.Y. 2003) ...................................................................................4

*In re Yoder Co.*,
    758 F.2d 1114 (6th Cir. 1985) ...............................................................................................10

**Statutes**

11 U.S.C. § 105(a) .....................................................................................................................1

11 U.S.C. § 502(a) .....................................................................................................................6

Federal Rule of Bankruptcy Procedure 9006(b)(1) ..................................................................1, 9

Pursuant to the Court's *Order to Show Cause Regarding Certain Issues Arising From Lawsuits With Claims Asserted Against General Motors LLC ("New GM") That Involve Vehicles Manufactured By General Motors Corporation ("Old GM")*, entered on December 13, 2016 [ECF No. 13802] (the "OSC"), the Ignition Switch Pre-Closing Accident Plaintiffs[1] listed on the attached Exhibit A (the "Movants"), by and through the undersigned counsel, hereby move (the "Motion") pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1), 11 U.S.C. § 105(a), the April 2015 Decision, the June 2015 Judgment, and the February 8, 2012 Order Approving Motion Pursuant to Bankruptcy Rule 3003 and Section 105(a) of the Bankruptcy Code for an Order Disallowing Certain Late Filed Claims [Docket No. 11394] (the "Late Filed Claims Order"), to allow the Movants to file late claims against the estate of Motors Liquidation Company, *et al*. (the "Debtors") and for those claims to be deemed timely.[2]  In support of this Motion, the Movants respectfully state as follows:

## Background

In its April 2015 Decision,[3] the Bankruptcy Court held that Old GM's knowledge of the Ignition Switch Defect, its failure to initiate a recall of the Subject Vehicles or "send out *any* recall notices" even though such recall was required, and its failure to "provide *any* alternative form of notice to those with Ignition Switch Defects," effectively prevented the Ignition Switch Pre-Closing Accident Plaintiffs (including the Movants) from timely asserting claims against Old

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the OSC.  As defined in the June 2015 Judgment, "Ignition Switch Pre-Closing Accident Plaintiffs" means the subset of the Pre-Closing Accident Plaintiffs that had the Ignition Switch in their Subject Vehicles (each term as defined in the *Agreed and Disputed Stipulations of Fact Pursuant to the Court's Supplemental Scheduling Order, Dated July 11, 2014*, filed Aug. 8, 2014 [Docket No. 12826], at 3).

[2]   In accordance with the OSC, this Motion does not address whether future distributions of GUC Trust assets should be stayed or whether the Movants may seek to claw back prior distributions of GUC Trust assets to effectuate *pari passu* recoveries for the Movants' general unsecured claims upon such claims being liquidated and allowed.  The Movants reserve all rights with respect thereto.

[3]   *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015), *aff'd in part, rev'd in part and vacated in part sub nom. Elliott v. General Motors LLC (In re Motors Liquidation Co.)*, 829 F.3d 135 (2d Cir. 2016).

GM arising from the Ignition Switch Defect.  *April 2015 Decision*, 529 B.R. at 574 n.214.

Simply put, the Movants were known creditors of Old GM at the time it filed for bankruptcy but

Old GM did not apprise them of the existence of the Ignition Switch Defect before the November

30, 2009 bar date (the "Bar Date") and, consequently, the Movants were not able to file timely

proofs of claim based upon the Ignition Switch Defect.

On July 13, 2016, the Second Circuit held that "Old GM knew or should have known

with reasonable diligence about the [Ignition Switch Defect]" and, thus, upheld the Bankruptcy

Court's determination that the Ignition Switch Pre-Closing Accident Plaintiffs were known

creditors who did not receive constitutionally sufficient notice in connection with Old GM's

chapter 11 case.  *See Second Circuit Decision*, 829 F.3d at 161.

The Bankruptcy Court also held in its April 2015 Decision that the denial of

constitutionally sufficient notice of the Bar Date prejudiced the Ignition Switch Pre-Closing

Accident Plaintiffs and that the "obvious" remedy for that due process violation would be

granting such claimants leave to file late claims.  *See April 2015 Decision*, 529 B.R. at 573-74,

583 ("the failure to send out Ignition Switch Defect recall notices … resulted in the denial of the

notice that due process requires"; "the denial of timely notice of the Old GM Bar Date prejudiced

the Plaintiffs with respect to any claims they might have filed against Old GM"; "The remedy

with respect to the denial of notice sufficient to enable the filing of claims before the Bar Date is

obvious.  That is leave to file late claims.").  The Bankruptcy Court's rulings with respect to the

prejudice suffered in connection with the improper notice of the Bar Date and the proper remedy

for that due process violation were not appealed and remain law of the case.

Although the Bankruptcy Court ruled in its April 2015 Decision that the Movants' due

process rights were violated in connection with the Bar Date and that they should be allowed to

file late claims, the Bankruptcy Court concurrently ruled in that decision that any late proofs of claim that Ignition Switch Pre-Closing Accident Plaintiffs filed against the GUC Trust would be barred pursuant to the doctrine of equitable mootness. *Id.* at 592. Simply put, the Bankruptcy Court negated its due process ruling and rendered any request to file late claims a futile act by effectively and preemptively denying any motion for leave to file late claims by ruling that such a motion would be barred by equitable mootness.

On appeal, the Second Circuit vacated the Bankruptcy Court's equitable mootness holding as an advisory opinion. *See Second Circuit Decision*, 829 F.3d at 166-68.[4] Now that the Second Circuit has confirmed that the Movants suffered an actionable due process violation with respect to the Bar Date and that it is premature to determine that any claims they may assert against the GUC Trust are equitably moot, the Movants (in coordination with the other parties in interest) have determined that the time is now appropriate to file proofs of claim to seek to recover what amounts may be available to them from the GUC Trust (in addition to pursuing successor liability claims against New GM pursuant to the *Second Circuit Decision* and any other claims that may be available to them).[5] Accordingly, the Movants hereby seek a ruling on an omnibus basis that they may file their proofs of claim and seek to prosecute such claims as if they were timely filed.[6]

---

[4] It is worth noting that the Second Circuit declined to resolve "whether it is appropriate for a bankruptcy court – as opposed to an appellate court – to apply equitable mootness, which appears to be a recent phenomenon," but noted that the Second Circuit's equitable mootness cases "have all involved an appellate body applying the doctrine in the first instance." *Id.* at 167 n.30.

[5] Copies of the Movants' proposed proofs of claim are attached hereto as Exhibit B. The Movants' prepared and signed their proofs of claim while the appeal of the April 2015 Decision was pending to the Second Circuit. Because such claims were moot at the time they were prepared and barred by this Court's Late Filed Claims Order, in order to preserve claimant and judicial resources the Movants determined, in consultation with counsel to the GUC Trust, not to file and seek allowance of these claims until after the Second Circuit ruled on the mootness issue.

[6] In accordance with the OSC, this Motion (i) does not address the merits of the Movants' proofs of claim and (ii) does not address Non-Ignition Switch claims or any other claims for which a due process violation predicate for a late claim has not yet been established.

## Argument

**A.**   **Now that the Bankruptcy Court's Equitable Mootness Ruling Has Been Vacated, the Movants Should Be Permitted to File and Prosecute Late Proofs of Claim Against the GUC Trust for Their Injuries and Deaths**

"[T]he Due Process Clause of the Fifth Amendment dictates that a debtor's creditors receive notice of the debtor's bankruptcy case and applicable bar date so that creditors have an opportunity to make any claims they may have against the debtor's estate." *In re XO Commc'ns, Inc.*, 301 B.R. 782, 791-92 (Bankr. S.D.N.Y. 2003) (citing *In re Drexel Burnham Lambert Grp. Inc.*, 151 B.R. 674, 679 (Bankr. S.D.N.Y. 1993)).  It is well-established that if a known creditor has not received the actual notice of a claims bar date that due process requires, its claim cannot be barred as untimely.  *See City of New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 73 S. Ct. 299, 97 L. Ed. 2d 333 (1953); *In re Residential Capital, LLC*, No. 12-12020 (MG), 2015 WL 2256683, at *6 (Bankr. S.D.N.Y. May 11, 2015) ("'[I]f a debtor who files for chapter 11 bankruptcy protection does not give 'reasonable notice' to a creditor of the bankruptcy proceeding and the applicable bar date(s), the creditor's proof of claim cannot be constitutionally discharged.'"); *In re AMR Corp.*, 492 B.R. 660, 663 (Bankr. S.D.N.Y. 2013) ("a known creditor must receive proper, adequate notice before its claim is barred forever"); *In re Dana Corp.*, No. 06-10354 (BRL), 2007 WL 1577763, at *3 (Bankr. S.D.N.Y. May 30, 2007) (same); *In re Best Prods. Co., Inc.*, 140 B.R. 353, 357 (Bankr. S.D.N.Y. 1992) (same).  Indeed, courts have held that due process requires that when a creditor does not receive adequate notice, it "must be permitted to file [a claim] tardily. . . ."  *U.S. v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1089 (6th Cir. 1990).

In its April 2015 Decision, the Bankruptcy Court found that the notice of the Bar Date provided to Ignition Switch Pre-Closing Accident Plaintiffs was deficient for at least two reasons.  First, as "known creditors," the Ignition Switch Pre-Closing Accident Plaintiffs were

entitled to *actual* notice of the Bar Date. *See April 2015 Decision*, 529 B.R. at 525, 560.

Second, because there was no recall prior to the Bar Date that alerted Ignition Switch Pre-

Closing Accident Plaintiffs to the existence of the Ignition Switch Defect and the notice did not

mention the existence of the Ignition Switch Defect, the notices themselves were insufficient to

put the Ignition Switch Pre-Closing Accident Plaintiffs on notice that they had Ignition Switch

Defect-related claims. *See id.* at 525, 556-57; *see also id.* at 574, n.214 ("Old GM failed to send

out any recall notices, or provide any alternative form of notice to those with Ignition Switch

Defects."). Specifically, the Bankruptcy Court wrote:

> [b]y reason of its failure to provide the Plaintiffs with either the
> notice required under the Safety Act or any other form of written
> notice, Old GM failed to provide the Plaintiffs with the notice that
> due process requires. And because that failure prejudiced them in
> filing timely claims, the Plaintiffs were prejudiced as a result. The
> failure to give the Plaintiffs the notice that due process requires,
> coupled with the prejudice to them that resulted, denied the
> Plaintiffs the requisite due process.

*Id.* at 574.

As such, each Ignition Switch Pre-Closing Accident Plaintiff was entitled to actual notice

of the Bar Date by first class mail. Moreover, regardless of whether notice of the Bar Date was

sent by first class mail or was published in a newspaper of general circulation, the content of the

notice was deficient. This is because the form of notice did not mention the Ignition Switch

Defect and there was no other information about the existence of the Ignition Switch Defect

(such as a recall notice) disseminated to the Movants that could be determined to have

supplemented the information contained in the notice.

Because it determined there was a due process violation that prejudiced the Ignition

Switch Pre-Closing Accident Plaintiffs, the Bankruptcy Court held that that group of claimants

"may petition the Bankruptcy Court (on motion and notice) for authorization to file a late or

amended proof of claim against the Old GM bankruptcy estate." June 2015 Judgment at 2; *April 2015 Decision*, 529 B.R. at 583 ("[t]he remedy with respect to the denial of notice sufficient to enable the filing of claims before the Bar Date is obvious. That is leave to file late claims.").

However, prior to its April 2015 Decision, the Bankruptcy Court had already put into place another impediment that prevented the Ignition Switch Pre-Closing Accident Plaintiffs from filing late proofs of claim. Well before February 2014 when the existence of the Ignition Switch defect finally came to light, on February 8, 2012 the Bankruptcy Court entered the Late Filed Claims Order. That order reversed the statutory presumption of Bankruptcy Code section 502(a) that proofs of claim are deemed allowed unless objected to[7] and instead provided that claims filed after February 8, 2012 were deemed <u>disallowed</u>. Specifically, pursuant to the Late Filed Claims Order, all claims filed after February 8, 2012 were deemed disallowed unless such claim (i) amended a timely filed claim, (ii) was filed with the consent of the GUC Trust, or (iii) was the subject of a Bankruptcy Court order deeming such late claim timely filed. *See Late Filed Claims Order at* 1-2.

The practical effect of the Late Filed Claims Order was to disallow any late claim <u>until</u> the claimant had a basis to seek allowance. Until such time as the Bankruptcy Court determined in its April 2015 Decision that there had been a due process violation as to the Ignition Switch Pre-Closing Accident Plaintiffs, not only were the Ignition Switch Pre-Closing Accident Plaintiffs unaware that they had a basis to file a late claim against the GUC Trust, but even if they had filed a late claim before the April 2015 Decision, the filing of such claim would have been a futile act. This is because such claims would have been deemed invalid pursuant to the Late Filed Claims Order and, absent consent from the GUC Trust (which was not forthcoming),

---

[7] "A claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest…objects." 11 U.S.C. § 502(a).

before the April 2015 Decision there was no earlier basis for the Ignition Switch Pre-Closing

Accident Plaintiffs to seek allowance of late claims.

In addition to the impediment presented by the Late Filed Claims Order, the Bankruptcy

Court ruled in its April 2015 Decision that any late claim filed by an Ignition Switch Pre-Closing

Accident Plaintiff would be barred as equitably moot. *April 2015 Decision*, 529 B.R. at 592.

The combined effect of the Bankruptcy Court's equitable mootness ruling and the Late Filed

Claims Order was to render the act of seeking permission to file a late proof of claim relating to

the Ignition Switch Defect a waste of time and resources. Given the twelve year concealment of

the Ignition Switch Defect,[8] followed by the August 2014 Motion to Enforce (defined below)

and the April 2015 Decision on equitable mootness, no basis existed to seek allowance of late

claims relating to the Ignition Switch Defect until July 2016 when the Second Circuit vacated the

Bankruptcy Court's equitable mootness ruling. Simply put, until the due process violation was

adjudicated, the Late Filed Claims Order and the Bar Date Order barred an untimely proof of

claim; and even then, the equitable mootness ruling in the April 2015 Decision was a further bar

until July 2016.

Things have now changed. The Second Circuit recently affirmed the Bankruptcy Court's

ruling that the Movants and all other Ignition Switch Pre-Closing Accident Plaintiffs were

known creditors who did not receive proper notice in connection with Old GM's bankruptcy.

*Second Circuit Decision*, 829 F.3d at 160-61. The Bankruptcy Court's ruling that the due

process violation vis-à-vis the Bar Date prejudiced the Ignition Switch Pre-Closing Accident

Plaintiffs and that the appropriate remedy for that violation was granting leave to file a late proof

---

[8] *See Second Circuit Decision*, 829 F.3d at 148-50 (chronicling history of the Ignition Switch Defect from 2002, when "prototypes consistently failed to meet technical specifications" and almost immediately after production "customers complained of moving stalls, sometimes at highway speeds," to February 2014, when New GM began its Ignition Switch Defect related recalls).

of claim was never appealed and is now law of the case. *See General Motors LLC's Statement of Issues to Be Presented on Appeal and Designation of Additional Items to Be Included in the Record on Appeal* [Docket No. 13261]; *[GUC Trust's and Participating Unit Holders'] Statement of Issues on Cross-Appeal and Designation of Items to Be Included in the Record on Appeal* [Docket No. 13264]; *Cty. of Suffolk v. Stone & Webster Eng'g Corp.*, 106 F.3d 1112, 1117 (2d Cir. 1997) ("a decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case."); *N. River Ins. Co. v. Philadelphia Reinsurance Corp.*, 63 F.3d 160, 164 (2d Cir. 1995) ("a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.") (internal quotes omitted).

The Second Circuit has now vacated the Bankruptcy Court's equitable mootness ruling as an improper advisory opinion. *See Second Circuit Decision*, 829 F.3d at 166-68. Accordingly, now there is no impediment to the Movants pursuing the remedy that the Bankruptcy Court proposed in its April 2015 Decision – seeking authority to file late proofs of claim and to have those claims allowed and paid from GUC Trust assets.

### B.    The Movants Easily Meet the Requisite Standard for Seeking Allowance of their Proofs of Claim Notwithstanding the Passage of the Bar Date

Having established that they were denied due process in connection with the Bar Date, the Movants should not be required to make any showing in order to be permitted to file "late" claims. Neglect (excusable or otherwise) had nothing to do with the Ignition Switch Pre-Closing Accident Plaintiffs missing the Bar Date. Rather, the cause was the concealment of the existence of the Ignition Switch Defect until years after the Bar Date had passed. The failure to file timely proofs of claim was the result of the due process violation found by the Bankruptcy

Court and the Second Circuit.  Indeed, under the Second Circuit's 2010 *Manville* decision, the

remedy is clear:  the Movants are not bound by the Bar Date Order.  *Travelers Cas. & Sur. Co. v.*

*Chubb Indem. Ins. Co. (In re Johns-Manville Corp.)*, 600 F.3d 135, 157-58 (2d Cir. 2010) (*per*

*curiam*) ("*Manville IV*").[9]

However, even if the "excusable neglect" standard typically applied in situations where

the party seeking to act outside of a deadline is applicable here, the Movants easily meet the

requirement that the "lateness" of their proofs of claim is excusable.  In this regard, "[w]hen

creditors fail to file claims before a bar date <u>despite having constitutionally sufficient notice to</u>

<u>do so</u>," Federal Rule of Bankruptcy Procedure 9006(b)(1) provides courts with the discretion to

deem the claims timely filed if the failure to act was the result of excusable neglect.  *Residential*

*Capital*, 2015 WL 2256683 at *9 (emphasis added); *Midland Cogeneration Venture Ltd. P'ship*

*v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 121 (2d Cir. 2005) ("*Enron*").  Specifically,

Rule 9006(b)(1) provides:

> [w]hen an act is required or allowed to be done at or within a
> specified period . . . by order of court, the court for cause shown
> may at any time in its discretion . . . on motion made after the
> expiration of the specified period permit the act to be done where
> the failure to act was <u>the result of excusable neglect</u>.

FED. R. BANKR. P. 9006(b)(1) (emphasis added).

In determining whether the failure to timely file a proof of claim is the result of

"excusable neglect," courts apply a four part test first articulated by the Supreme Court in

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395, 123 L. Ed. 2d 74, 113 S.

---

[9] In *Manville IV*, in connection with a settlement, the bankruptcy court entered orders in 1986 (as well as a
"clarifying order" in 2004) that enjoined claims against certain settling insurers.  *Id*. at 141-42.  Years after entry of
the 1986 orders, Chubb Indemnity Insurance Co. ("<u>Chubb</u>"), one of the parties purportedly subject to the injunction,
argued that it could not be bound by the 1986 orders because, among other reasons, "it was not given
constitutionally sufficient notice of the 1986 Orders."  *Id*. at 137, 142.  The Second Circuit, agreed that Chubb did
not receive constitutionally sufficient notice of the 1986 orders and held that  because Chubb's due process rights
were violated, it was "not bound by the terms of the 1986 Orders."  *Id*. at 158.

Ct. 1489 (1993) ("*Pioneer*"): (i) the danger of prejudice to the debtor; (ii) the length of the delay

and impact thereof on the proceedings; (iii) the reason for the delay, including whether it was

within the reasonable control of the movant, and (iv) whether the movant acted in good faith.

While courts have recognized that the inquiry is an equitable one and that "all relevant

circumstances surround the party's omission" must be considered, courts in the Second Circuit

accord particular weight to the third factor – the reason for the delay.  *Enron*, 419 F.3d at 122-23

(citing *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003)); *Dana Corp.*, 2007

WL 1577763 at *4 (quoting *In re Musicland Holding Corp.*, 356 B.R. 603, 607 (Bankr. S.D.N.Y.

2006)).

In addition, courts have routinely "found excusable neglect where the creditor fails to

comply with the bar date because, through no fault of its own, it had no notice of that date." *In*

*re William B. Wilson Mfg. Co.*, 59 B.R. 535, 538 (Bankr. W.D. Tex. 1986); *In re Yoder Co.*, 758

F.2d 1114, 1118 (6th Cir. 1985) ("nonreceipt of notice would clearly constitute excusable

neglect."); *In re Pettibone Corp.*, 162 B.R. 791, 814 (Bankr. N.D. Ill. 1994) (quotations omitted)

("[c]ourts have consistently found the lack of notice to 'known' creditors to constitute the

paradigm example of excusable neglect and freely grant motions to file late claims on behalf of

known creditors who through no fault of their own, had no notice of the bar date.").

The Movants easily satisfy all four factors of the *Pioneer* test and should be permitted to

prosecute their proofs of claim notwithstanding the passage of the Bar Date.[10]

First, there can be no prejudice to the Debtors where, as here, Old GM has been

liquidated and the delay in filing these claims is the result of Old GM's own due process

---

[10] To avoid duplication, the Movants hereby incorporate by reference herein the arguments and authorities made
with regards to the *Pioneer* factors in the motion filed by Designated Counsel for the Ignition Switch Plaintiffs, the
Second Stage Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs (collectively, the "Economic Loss
Plaintiffs") for authority to file a late class proof of claim.

violation (and New GM's concealment of the existence of the Ignition Switch Defect from the closing of the sale from Old GM in the summer of 2009 until February 2014). *See In re First Magnus Fin. Corp.*, 415 B.R. 416, 423 (Bankr. D. Ariz. 2009) ("[t]he Liquidating Trustee's argument that the late claim will cause judicial inefficiency and prejudice to the estate rings hollow in light of [the claimant's] right to due process and the Debtor's duties to provide adequate notice of the bar date to known creditors."). It is also worth noting that the vast majority of the GUC Trust's assets was distributed to Old GM creditors before New GM admitted to the existence of the Ignition Switch Defect in February 2014. *See Second Circuit Decision*, 829 F.3d at 148 ("As of March 31, 2014, GUC Trust had distributed roughly ninety percent of its New GM securities and nearly 32 million units of GUC Trust"; "On February 7, 2014, New GM first informed the National Highway Traffic Safety Administration ('NHTSA') that it would be recalling, among other vehicles, the 2005 Chevrolet Cobalt. A defect in the ignition switch could prevent airbags from deploying."). To date, the due process violations have resulted in a windfall to Old GM's other creditors because those creditors have been paid (and may receive future payments) without dilution by the Movants' legitimate claims. In other words, it is the Movants and the other plaintiffs denied due process who have been prejudiced to date, not the Debtors or their other stakeholders.

Second, the length of the delay in filing the claims is appropriate here in light of the circumstances surrounding the delay. As discussed above, the Movants' delay in filing their proofs of claim resulted from Old GM's failure to provide the Movants with appropriate and constitutionally mandated notice of the Bar Date and the subsequent concealment of the Ignition Switch Defect by New GM. In the context of these cases and the facts that the Movants (through Designated Counsel for the Ignition Switch Pre-Closing Accident Plaintiffs) diligently

11

participated in the litigation and appeals over the "Four Threshold Issues" and that the Movants'

claims only recently became viable after the Second Circuit vacated the Bankruptcy Court's

equitable mootness ruling, the length of delay factor weighs in favor of the Movants.

Third, the Movants' delay was not within their reasonable control; it was the direct result

of the Debtors' failure to provide appropriate notice of the Bar Date to its known creditors with

claims relating to the Ignition Switch Defect – a defect of which Old GM was well aware at the

time it filed bankruptcy, as has now been established. The Movants were unaware of the

existence of their Ignition Switch Defect claims until the recall notices were issued in 2014 and

almost immediately thereafter the Movants were swept into the proceedings in the Bankruptcy

Court that culminated in the April 2015 Decision and the June 2015 Judgment. Because the

April 2015 Decision provided that any claim that the Movants could have filed against the GUC

Trust would have been equitably moot, it was futile and wasteful for the Movants to file proofs

of claim prior to the Second Circuit overturning that ruling on appeal. Once the Second Circuit

vacated the equitable mootness ruling, the Movants (through counsel) participated in the meet

and confer process ordered by this Court[11] and filed this Motion in accordance with the OSC in a

coordinated fashion with the other plaintiffs seeking permission to file late claims.[12]

---

[11] *See Letter to the Honorable Judge Martin Glenn Regarding Update on Meet and Confer in Light of Second Circuit's Opinion dated July 13, 2016* [Docket No. 13725].

[12] The Bankruptcy Court's May 16, 2014 Scheduling Order tolled the Ignition Switch Plaintiffs' (*i.e.*, the "Economic Loss Plaintiffs") time to seek authority to file late proofs of claim until a final resolution on the "Four Threshold Issues," including appeals. *See Scheduling Order Regarding (I) Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction, (II) Objection Filed By Certain Plaintiffs In Respect Thereto, and (III) Adversary Proceeding No. 14-01929*, entered May 16, 2014 [Docket No. 12697] (the "May 16 Scheduling Order") at 3. At the time the Bankruptcy Court entered the May 16 Scheduling Order, no motion to enforce the Sale Order had been filed with respect to the Ignition Switch Pre-Closing Accident Plaintiffs. After New GM filed its motion to enforce the Sale Order with respect to the Ignition Switch Pre-Closing Accident Plaintiffs in August 2014 [Docket No. 12807] (the "August 2014 Motion to Enforce"), the Bankruptcy Court entered a supplemental order that "[u]ntil further order of the Court, the schedule governing New GM's Ignition Switch Motion to Enforce (which is subject to various Orders previously entered by the Court [including the May 16 Scheduling Order], copies of which shall be provided by New GM to Plaintiffs upon written request) shall govern the schedule for the Pre-Closing Accident Motion to Enforce." *Scheduling Order Regarding Motion of General Motors LLC to Enforce this Court's July 5, 2009 Sale Order and Injunction Against Plaintiffs in*

<u>Fourth</u>, the Movants are acting in good faith by filing their proofs of claims in accordance with the OSC and the express mandate given to them by the Court in its April 2015 Decision. Movants are merely seeking to have their legitimate claims deemed timely filed as would have been the case absent the due process violation inflicted upon them.

Accordingly, the *Pioneer* factors are satisfied here and the Movants should be permitted to file and prosecute their late proofs of claim.

---

*Pre-Closing Accident Lawsuits*, entered September 15, 2014 [Docket No. 12897] (the "<u>Sept. 15 Scheduling Order</u>"), at 2. The Sept. 15 Scheduling Order also required the Ignition Switch Pre-Closing Accident Plaintiffs to coordinate their efforts with each other and with the Economic Loss Plaintiffs in order to avoid repetition and duplicative arguments. *Id.* The Movants have coordinated with Designated Counsel for the Economic Loss Plaintiffs so that this Motion and their motion for authority to file a late class proof of claim on behalf of Economic Loss Plaintiffs would be heard in tandem. Separately, the Movants have coordinated with the GUC Trust to defer filing their proofs of claim – which were prepared in 2015 – until after the equitable mootness ruling was reversed.

## **Conclusion**

For the foregoing reasons, the Movants respectfully request entry of an order deeming the

Movants' proofs of claim timely filed and such other and further relief as this Court finds just

and proper.

Dated: December 22, 2016                                Respectfully submitted,

                                                        /s/ *William P. Weintraub*
                                                        William P. Weintraub
                                                        Gregory W. Fox
                                                        GOODWIN PROCTER LLP
                                                        The New York Times Building
                                                        620 Eighth Avenue
                                                        New York, NY 10018
                                                        Tel.: 212.813.8800
                                                        Fax: 212.355.3333
                                                        wweintraub@goodwinlaw.com
                                                        gfox@goodwinlaw.com

                                                        *Counsel for Ignition Switch Pre-Closing*
                                                        *Accident Plaintiffs Represented By*
                                                        *Hilliard Muñoz Gonzales L.L.P. Listed*
                                                        *on Exhibit A Hereto*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), copies will also be served by email on December 22, 2016 on those parties listed as "Notice Parties" under the Court's December 12, 2016 Order to Show Cause [ECF No. 13802], with paper copies served by first class mail postage prepaid on all Notice Parties for whom email addresses are unavailable.

/s/ William P. Weintraub