**Hearing Date: TBD**
**Objection Deadline: January 3, 2017**
**Related to Dkt. No. 13802**

STUTZMAN, BROMBERG
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999
Sander L. Esserman (admitted pro hac vice)
Peter D'Apice (admitted)
esserman@sbep-law.com
dapice@sbep-law.com
*Attorneys for Chair Lead Counsel*
*Takata MDL Action Plaintiffs*

*Of counsel:*
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Ave., Suite 2700
Miami, FL 33131
Telephone: (305) 358-2800
Facsimile: (305) 358-2382
Peter Prieto
John Gravante, III
Matthew P. Weinshall
pprieto@podhurst.com
jgravanteIII@podhurst.com
mweinshall@podhurst.com
*Chair Lead Counsel*
*Takata MDL Action Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (MG) |
| f/k/a General Motors Corp. *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------x

**TAKATA MDL ACTION PLAINTIFFS' OBJECTION TO
ORDER TO SHOW CAUSE REGARDING CERTAIN ISSUES
ARISING FROM LAWSUITS WITH CLAIMS ASSERTED AGAINST
GENERAL MOTORS LLC ("NEW GM") THAT INVOLVE VEHICLES
<u>MANUFACTURED BY GENERAL MOTORS CORPORATION ("OLD GM")</u>**

Chair Lead Counsel for and on behalf of plaintiffs and proposed classes, the Plaintiffs' Personal Injury Track Lead Counsel, the Plaintiffs' Economic Damages Track Co-Lead Counsel, and the Plaintiffs' Steering Committee (collectively, the "**Takata MDL Action Plaintiffs**") in *In re: Takata Airbag Product Liability Litigation*, MDL No. 2599, 15-MD 2599-FAM, United States District Court, Southern District of Florida, Miami Division ("**Takata MDL Action**"), respectfully object to the *Order to Show Cause Regarding Certain Issues Arising From Lawsuits with Claims Asserted Against General Motors LLC ("New GM") that Involve Vehicles Manufactured by General Motors Corporation ("Old GM")* (Dkt. No. 13802) ("**Order to Show Cause**") on the following grounds:

**A.     Background**

1.     The Takata MDL Action concerns defective airbags manufactured by Takata Corporation and its related entities ("**Takata**"), and equipped in vehicles manufactured by various vehicle manufacturers. All Takata airbags at issue in the MDL share a common, uniform defect, and vehicles in which they were installed have been the subject of massive, nationwide recalls and government investigation. Numerous personal injury and economic loss lawsuits and proposed class actions against Takata and various vehicle manufacturers were filed in numerous jurisdictions across the country, which commencing in February 2015 have been transferred by the United States Judicial Panel on Multidistrict Litigation to the United States District Court for the Southern District of Florida for coordinated and consolidated Multi-District Litigation pretrial proceedings pursuant to 28 U.S.C. § 1407, in the Takata MDL Action.

2.     In order to coordinate the representation of the various plaintiffs and proposed classes in the Takata MDL Action, the presiding court in the Southern District of Florida has appointed Chair Lead Counsel for and on behalf of plaintiffs and proposed classes, a Plaintiffs'

2

Personal Injury Track Lead Counsel, two Plaintiffs' Economic Damages Track Co-Lead Counsel, and a Plaintiffs' Steering Committee, referred to herein collectively as the "**Takata MDL Action Plaintiffs**".

3. On or about June 15, 2015, the Takata MDL Action Plaintiffs filed the Second Amended Consolidated Class Action Complaint ("**Second Amended Complaint**") in the Takata MDL Action against Takata and numerous vehicle manufacturers. The Second Amended Complaint does not name General Motors LLC ("**New GM**") as a defendant.

4. On or about July 27, 2016, a complaint was filed against Takata and New GM in the United States District Court of New Jersey, styled *Karu v. Takata Corporation*, *et al*, No. 16-cv-04558 (D.N.J.). Pursuant to an order issued by the Judicial Panel on Multidistrict Litigation on December 14, 2016, the *Karu* case has now been transferred to the Takata MDL Action in Florida.

5. On December 19, New GM counsel delivered this Court's Order to Show Cause to plaintiff's counsel in the *Karu* case under cover of a letter in which New GM counsel referred to the *Karu* case as one "involving New GM that concerns claims based on a vehicle manufactured by General Motors Corporation (a/k/a Old GM)." New GM counsel thus clearly believes that the Order to Show Cause applies to the *Karu* lawsuit, as well as any other suit brought against New GM in the Takata MDL Action.[1]

6. Finally, the Order to Show Cause itself provides that, "Unless the Court rules otherwise with respect to any timely filed and served objection, the terms of this order to show cause and the rulings made by the Court with respect to the 2016 Threshold Issues set forth herein will be binding on the notice parties and all persons/entities (including without limitation

---

[1] Another case involving GM that has been transferred into the Takata MDL Action is *McFarland v. Takata Corp. et al.,* 2:15-cv-00153-NBF (W.D. Pa.), filed on February 5, 2015, naming "General Motors Co." as a defendant, and transferred into the MDL on February 23, 2015.

plaintiffs) receiving notice of this order to show cause via first class mail." Order to Show Cause, at p. 1.

7. The Takata MDL Action Plaintiffs file this Objection to preserve their rights with respect to the applicability of the Order to Show Cause to the Takata MDL Action, including the provision in the Order to Show Cause that "no discovery shall be authorized or take place in this Court regarding the 2016 Threshold Issues or any other issue related to the enforcement or applicability of the Sale Order to a claim against New GM" (referred to herein as "**the Discovery Bar**").

**B.     Because the Takata MDL Action presently does not name New GM as a defendant, nor has discovery been served on New GM in that action, any assertion that the Order to Show Cause applies to the Takata MDL Action is premature.**

8. In the Second Amended Consolidated Class Action Complaint ("**Second Amended Complaint**"), the currently operative complaint in the Takata MDL Action, New GM is not a named defendant. No discovery has yet been served on New GM in the Takata MDL Action. As of December 28, 2016, the *Karu* case has been stayed by the District Court of the Southern District of Florida, and New GM has stipulated in the Takata MDL Action that "New GM's obligation to respond or otherwise plead to the *Karu* Complaint is stayed pending further Order of the MDL Court." (Takata MDL Action, Dkt. No. 1335.)

9. The Takata MDL Action Plaintiffs are in the process of drafting a consolidated, amended complaint ("**New Complaint**") in the Takata MDL Action against entities that were not named as defendants in the Second Amended Complaint. It is *anticipated* that New GM will be named as a defendant in the New Complaint, particularly in light of the transfer of the *Karu* case to the Takata MDL Action, but any New Complaint naming New GM as defendant has not yet been filed. Further, the Takata MDL Action Plaintiffs have not yet determined the extent of any

4

discovery that may be sought from New GM. Thus, the extent and scope of any future involvement of New GM in the Takata MDL Action is, at present, theoretical.

10. Accordingly, the Takata MDL Action Plaintiffs believe that any issue concerning the applicability of the Order to Show Cause to the Takata MDL Action, including the impact of the Discovery Bar on any discovery that may be sought at some point in the future from New GM in the Takata MDL Action, is at present hypothetical and not ripe for consideration. *See, e.g., Chafin v. Chafin*, ___U.S.___, 133 S.Ct. 1017, 1023, 185 L.Ed.2d. 1 (2013) (federal court cannot give opinions advising what the law would be upon a hypothetical set of facts); *In re Wright,* 220 B.R. 543, 545 (S.D.N.Y. 1998) (federal court not empowered to issue an advisory opinion regarding the legal effect of unspecified future testimony).

11. Further, even the last complaint in the *Karu* lawsuit that named New GM as a defendant (and which is currently stayed) would not trigger the issues raised in the Order to Show Cause. The *Karu* complaint sued New GM on behalf of two subclasses: "(a) persons who purchased or lease GM vehicles containing a defective Takata airbag that were manufactured by GM after July 10, 2009 (the 'New GM Subclass'), and (b) persons who purchased or leased *used* GM vehicles after July 10, 2009, regardless of when those vehicles were manufactured (the 'Used GM Vehicle Subclass')" (emphasis in original). The Second Circuit Court of Appeals has already ruled in the appeal in the instant *Motors Liquidation* case that "Used Car Purchasers … who purchased Old GM cars *after* the closing, without knowledge of the defect or possible claim against New GM … had no relation with Old GM prior to bankruptcy," and therefore the Second Circuit could not, "consistent with bankruptcy law, read the Sale Order to cover their claims." *In re Motors Liquidation Company*, 829 F.3d 135, at 157 (2d Cir. 2016) (emphasis in original). Because the Sale Order does not cover the claims asserted in the now-stayed *Karu* complaint,

5

neither would the Discovery Bar in the Order to Show Cause apply to any discovery against New GM in pursuit of those claims in the Takata MDL Action, and any broader applicability of the Order to Show Cause to the Takata MDL Action cannot yet be determined.

12. Therefore, the Takata MDL Action Plaintiffs file this objection and seek a ruling from the Court that (a) a determination of the applicability of the Order to Show Cause to the Takata MDL Action is premature and not ripe for determination; (b) the Discovery Bar in the Order to Show Cause does not prospectively bar discovery against New GM in the Takata MDL Action, and (c) any issue of the applicability of the Order to Show Cause to the Takata MDL Action or to any future discovery served on New GM in the Takata MDL Action, will be addressed in the appropriate jurisdiction at such time as such issue is properly raised and ripe for determination.

## CONCLUSION

WHEREFORE, the Takata MDL Action Plaintiffs respectfully request an order from the Court that:

(a) the issue of applicability of the Order to Show Cause to the Takata MDL Action is at present not ripe for determination;

(b) the Discovery Bar in the Order to Show Cause does not prospectively bar discovery against New GM in the Takata MDL Action;

(c) any issue of the applicability of the Order to Show Cause to the Takata MDL Action, or to any future discovery served on New GM in the Takata MDL Action, will be addressed in the appropriate jurisdiction at such time as such issue is properly raised and ripe for determination; and

(d) such other and further relief to which they may be entitled.

Dated: January 3, 2017

/s/ Sander L. Esserman
STUTZMAN, BROMBERG
ESSERMAN & PLIFKA,
A Professional Corporation
Sander L Esserman (admitted pro hac vice)
Peter D'Apice (admitted)
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 969-4900
Facsimile:  (214) 969-4999
esserman@sbep-law.com
*Attorneys for Chair Lead Counsel*
*Takata MDL Action Plaintiffs*

*Of counsel:*
PODHURST ORSECK, P.A.
Peter Prieto
John Gravante, III
Matthew P. Weinshall
pprieto@podhurst.com
jgravanteIII@podhurst.com
mweinshall@podhurst.com
SunTrust International Center
One S.E. 3rd Ave., Suite 2700
Miami, FL 33131
Telephone:  (305) 358-2800
Facsimile:  (305) 358-2382
pprieto@podhurst.com
*Chair Lead Counsel*
*Takata MDL Action Plaintiffs*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                                    :    Chapter 11
                                                                             :
MOTORS LIQUIDATION COMPANY, *et al.*,    :    Case No.: 09-50026 (MG)
       f/k/a General Motors Corp. *et al.*    :
                                                                             :
                           Debtors.    :    (Jointly Administered)
---------------------------------------------------------------x

### ORDER ON TAKATA MDL ACTION PLAINTIFF'S OBJECTION TO ORDER TO SHOW CAUSE REGARDING CERTAIN ISSUES ARISING FROM LAWSUITS WITH CLAIMS ASSERTED AGAINST GENERAL MOTORS LLC ("NEW GM") THAT INVOLVE VEHICLES MANUFACTURED BY GENERAL MOTORS CORPORATION ("OLD GM")

Chair Lead Counsel for and on behalf of Plaintiffs and proposed Classes, the Plaintiffs' Personal Injury Track Lead Counsel, the Plaintiffs' Economic Damages Track Co-Lead Counsel, and the Plaintiffs' Steering Committee (collectively, the "**Takata MDL Action Plaintiffs**") in *In re: Takata Airbag Product Liability Litigation*, MDL No. 2599, 15-MD 2599-FAM, United States District Court, Southern District of Florida, Miami Division ("**Takata MDL Action**"), filed an objection ("**Objection**") to the *Order to Show Cause Regarding Certain Issues Arising From Lawsuits with Claims Asserted Against General Motors LLC ("New GM") that Involve Vehicles Manufactured by General Motors Corporation ("Old GM")* (Dkt. No. 13802) ("**Order to Show Cause**");

The Court, having heard the Objection and the arguments of counsel and having found and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein, and after due deliberation and sufficient cause appearing therefore, **SUSTAINS** the Objection and it is hereby,

    **ORDERED**:

(a) that the issue of applicability of the Order to Show Cause to the Takata MDL Action is at present not ripe for determination;

1

(b) that the provision in the Order to Show Cause that "no discovery shall be authorized or take place in this Court regarding the 2016 Threshold Issues or any other issue related to the enforcement or applicability of the Sale Order to a claim against New GM," (the "**Discovery Bar**") does not prospectively bar discovery against New GM in the Takata MDL Action; and

(c) that any issue of the applicability of the Order to Show Cause to the Takata MDL Action, or to any future discovery served on New GM in the Takata MDL Action, will be addressed in the appropriate jurisdiction at such time as such issue is properly raised and ripe for determination.

**IT IS SO ORDERED**,

Dated: _____, 2017
       New York, New York

                                                                                          _____
                                                                                          MARTIN GLENN
                                                                                          United States Bankruptcy Judge