KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
| | |
|---|---|
| In re : | **Chapter 11** |
| : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, : | **Case No.: 09-50026 (MG)** |
| **f/k/a General Motors Corp.,** *et al.* : | |
| : | |
| Debtors. : | **(Jointly Administered)** |

---------------------------------------------------------------x

**OMNIBUS REPLY BY GENERAL MOTORS LLC TO OBJECTIONS TO**
**THE ORDER TO SHOW CAUSE, DATED DECEMBER 13, 2016 [DKT. NO. 13802]**

General Motors LLC (**"New GM"**), by its undersigned counsel, submits this reply ("**Reply**") to the objections filed in connection with the *Order To Show Cause Regarding Certain Issues Arising From Lawsuits With Claims Asserted Against General Motors LLC ("New GM") That Involve Vehicles Manufactured By General Motors Corporation ("Old GM")*, dated December 13, 2016 [Dkt. No. 13802] ("**Show Cause Order**").

1.     There were four objections filed to the Show Cause Order.  One objection was filed by the Takata MDL Action Plaintiffs ("**Takata Plaintiffs**") [Dkt. No. 13813], who do not

1

currently assert any claims against New GM, but apparently intend to pursue a putative class action for, among other things, alleged "economic losses" relating to Takata airbags installed in Old and New GM vehicles and arising from Old GM conduct. A second and related objection was filed by Marlene S. Karu ("**Karu Plaintiff**") [Dkt. No. 13816], who is seeking to certify another putative class action ("**Karu Lawsuit**") transferred to (and stayed in) the Takata MDL, in which the named plaintiff alleges economic losses arising from an Old GM vehicle arising from Old GM conduct. Based on these allegations, the Takata and Karu Plaintiffs are Non-Ignition Switch Plaintiffs.

2. The third objection was filed by Marcos Michael ("**Michael Plaintiff**") [Dkt. No. 13819], a *pro se* plaintiff in a post-363 Sale accident of a Non-Ignition Switch (Old GM) vehicle. The final objection was filed by Camille Stueber ("**Stueber Plaintiff**") [Dkt. No. 13820], another plaintiff in a post-363 Sale accident of a Non-Ignition Switch (Old GM) vehicle.[1]

3. None of these objections require a modification to the Show Cause Order, and each of the Responding Plaintiffs (as well as all other plaintiffs served with the Show Cause Order) are and should remain bound by the terms of the Show Cause Order, as explained more fully below.

A. **Objections by the Takata Plaintiffs and Karu Plaintiff**

4. The Takata and Karu objections are similar; they both make allegations based on Old GM vehicles and Old GM conduct.

5. The Takata and Karu Plaintiffs objections fail on their merits. With respect to the Takata Plaintiffs, their objection is not ripe. The Takata Plaintiffs' objection notes that the operative complaint in the Takata MDL Action currently does not name New GM as a defendant,

---

[1] These four plaintiffs are individually and collectively referred to herein as the "**Responding Plaintiffs**."

although they "anticipate" that they may do so in the future. *See* Takata Plaintiffs' objection, at ¶ 9. As a result, the Takata Plaintiffs argue that the Court's rulings should not apply to them. This would not be the correct result, however. The 2016 Threshold Issues were intentionally designed and agreed upon to be of broad applicability, and to provide guidance to present and future litigants on basic issues relating to claims against New GM that may be in conflict with the 2009 Sale Order. Generally speaking, any complaint on behalf of a category of Non-Ignition Switch Plaintiffs seeking economic losses for Old GM vehicles containing Takata Airbags would violate orders of the Bankruptcy Court, including the Sale Order. *See, e.g.*, Sale Order ¶¶ 7, 8, 46, 47. If, or when, the Takata Plaintiffs file their amended complaint, the parties will have ample opportunity (a) to assess whether or not such amended complaint complies with the Sale Order, (b) to litigate in this Court, if necessary, any non-compliance with existing orders of this Court, and (c) to assess whether any discovery may be appropriate. Instead, the Takata Plaintiffs' objection essentially asks this Court to rule that the discovery they may seek in connection with a "not yet filed complaint," which would likely violate existing Orders of the Bankruptcy Court, is nonetheless proper. That is putting the cart before the horse. This Court should not be asked to bless a potential future violation of existing Bankruptcy Court Orders, which is what the Takata Plaintiffs' discovery request essentially asks this Court to do.

6.   With respect to discovery as a general matter, the Takata Plaintiffs have misread the Show Cause Order. The "no discovery" paragraph relates to discovery specific to the determination of the 2016 Threshold Issues. In other words, the Court will be able to determine the 2016 Threshold Issues without the need for further fact discovery. Clearly, there are pending lawsuits against New GM (such as MDL 2543) where discovery is pending for other issues, and there was never any intention to impede the progress (including discovery) in those other cases

for claims that are properly brought against New GM to the extent such discovery may otherwise be appropriate.

7.     As for the Karu Lawsuit, it already violates existing Orders of the Bankruptcy Court. Specifically, the Karu Plaintiff (on behalf of herself and others) is seeking economic loss damages from New GM based on Takata airbags installed in Old GM vehicles. The Karu Plaintiff, just like the other Takata Plaintiffs, is a Non-Ignition Switch Plaintiff; such plaintiffs are bound by the Sale Order and generally barred from suing New GM with respect to Old GM vehicles for economic losses. *See, e.g.*, Sale Order ¶¶ 7, 8, 46, 47. As a practical matter, since the Karu Lawsuit is stayed by the Takata MDL, there is no present need for New GM to seek relief against the Karu Plaintiff at this time (but New GM reserves all rights with respect to the actions taken by the Karu Plaintiff).

8.     Both the Takata and the Karu Plaintiffs' objections assert that the Karu Plaintiff is a "Used Car Purchaser" and, pursuant to the July 2016 Second Circuit Opinion, such plaintiffs may proceed against New GM unfettered by the Bankruptcy Court's previous rulings. *See* Takata Plaintiffs' objection, at ¶ 11; Karu Plaintiff's objection, at ¶ 10. But this is exactly the subject of the third 2016 Threshold Issues:

> Is the Opinion's holding that claims held by Used Car Purchasers are not covered by the Sale Order because they had no contact or relationship with Old GM limited to (a) only those parties that appealed the April 2015 Decision/June 2015 Judgment to the Second Circuit, and/or (b) Independent Claims asserted by Used Car Purchasers based solely on New GM conduct?

Show Cause Order, at 3. Thus, the determination of the third 2016 Threshold Issue will directly address whether or not the Takata and Karu Plaintiffs' claims with regard to used Old GM vehicles may go forward and, if so, whether such claims may rely on Old GM conduct. The Takata and Karu Plaintiffs will be bound by that determination.

4

9. The Karu Plaintiff makes an additional meritless argument: that since she was not involved in the prior Bankruptcy Court proceedings, she is not subject to the terms of the Show Cause Order, and that she should not be required to participate in these proceedings. *See* Karu Plaintiff's objection, ¶ 10. This argument is remarkable, given that counsel for the Karu Plaintiff has been involved in these bankruptcy proceedings for years.[2] Furthermore, this very issue was addressed at the Case Management Conference held before the Court on November 16, 2016, in which this Court clearly stated that plaintiffs who are properly served with the Show Cause Order—the Takata and Karu Plaintiffs have been—will be bound by the rulings issued by the Court. *See* H'rg Tr., November 16, 2016 ("**November 16 Transcript**"), at 39:9-43:24.[3] That necessarily means that the Takata and Karu Plaintiffs will be bound by this Court's determination of the 2016 Threshold Issues (including but not limited to the third one, as set forth in paragraph 8 hereof). Simply put, the Karu Plaintiff (and all others served with the Show Cause Order) are not required to participate in these proceedings, but have the option to participate. In all events, they will be bound by the Court's rulings.

10. In sum, neither the Takata Plaintiffs' objection nor the Karu Plaintiff's objection requires modifying the Show Cause Order.

---

[2] The Karu Plaintiff is represented by counsel that is representing the Groman Plaintiffs (the Wolf Haldenstein firm). Likewise, the Takata Plaintiffs are represented by one of the Designated Counsel for the Ignition Switch Plaintiffs (the Stutzman Bromberg firm). In other words, these Plaintiffs each are represented by counsel that have been involved in these bankruptcy proceedings since early 2014, were involved in the numerous meet and confers that resulted in the Show Cause Order, and participated in the consensual submission of the Show Cause Order to this Court by the parties. These counsel cannot, on the one hand, credibly attest that the Show Cause Order procedures are good enough for everyone else (including the Ignition Switch and Groman Plaintiffs), but not for the Takata and Karu Plaintiffs.

[3] Relevant excerpts of the November 16 Transcript are annexed hereto as **Exhibit "A."**

5

**B.      Objection by the Michael Plaintiff**

11.     The objection filed by the Michael Plaintiff does not contain any objections to the procedures set forth in the Show Cause Order. It is essentially the Michael Plaintiff's brief in response to the 2016 Threshold Issues. Pursuant to the terms of the Show Cause Order, the Michael Plaintiff was required to first seek permission from this Court to file any brief in response to the 2016 Threshold Issues after reviewing Designated Counsel's Opening Brief. He did not do so. However, given that the Michael Plaintiff is acting *pro se*, New GM will not request that his objection be stricken as not being filed in accordance with the terms of the Show Cause Order. New GM will consider the Michael Plaintiff's objection in its briefing of the 2016 Threshold Issues. In short, the Michael Plaintiff's objection does not require any modification to the Show Cause Order.[4]

**C.      Objection by the Stueber Plaintiff**

12.     The Stueber Plaintiff's letter does not object to any of the terms contained in the Show Cause Order. Instead, she requests the Court's permission to file a brief in connection with one of the 2016 Threshold Issues.

13.     Unlike the Michael Plaintiff, the Stueber Plaintiff is represented by counsel. The request made at this stage to file a brief is not in compliance with the Show Cause Order. In particular, all requests for permission to file a Supplemental Opening Brief are to be made after the Plaintiffs' Opening Brief is circulated and there is good cause shown to the Court why another brief is appropriate. *See* Show Cause Order, at 4. Since the Plaintiffs' Opening Brief has not yet been circulated to plaintiffs' counsel, the Stueber Plaintiff's request is premature. In

---

[4] From the objection filed by the Michael Plaintiff, it appears that he might be violating the 2009 Sale Order by seeking punitive damages for his post-Closing accident involving a Non-Ignition Switch vehicle. New GM reserves all rights with respect to the lawsuit brought by the Michael Plaintiff.

6

any event, the Stueber Plaintiff objection does not require a modification to the Show Cause Order.[5]

WHEREFORE, for the foregoing reasons, New GM respectfully requests that the Court (i) not modify the Show Cause Order, and find on the record that the Responding Plaintiffs (as well as all other plaintiffs that were served with the Show Cause Order) are bound by the terms of the Show Cause Order and the rulings that will be made by the Court with respect to the 2016 Threshold Issues, and (ii) grant to New GM such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 9, 2017

Respectfully submitted,

/s/ Arthur Steinberg
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:    (212) 556-2100
Facsimile:     (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200

*Attorneys for General Motors LLC*

---

[5] A review of the Stueber Plaintiff's complaint (attached to her pleading) demonstrates that it violates various rulings previously issued by the Bankruptcy Court. The vehicle at issue (*i.e.*, 2008 Chevrolet Corvette) is not an Ignition Switch Vehicle, and the Stueber Plaintiff is therefore a Non-Ignition Switch Plaintiff. Non-Ignition Switch Plaintiffs are bound by the Sale Order and the other rulings issued by the Bankruptcy Court. While the complaint does appear to assert claims that would be considered Assumed Liabilities related to a post-363 Sale accident, it also contains inappropriate allegations, improper claims (*i.e.*, a consumer protection act claim which is not an Assumed Liability (*see* December 2015 Judgment, ¶ 19)), and a request for punitive damages which is barred pursuant to the Sale Order, the November 2015 Decision and the December 2015 Judgment. New GM reserves all rights with respect to the lawsuit brought by the Stueber Plaintiff.