**Hearing Date and Time: February 15, 2017 at 11:00 a.m. (Eastern Time)**

William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
T: 212-813-8800
E: wweintraub@goodwinlaw.com
E: gfox@goodwinlaw.com

-and-

Robert C. Hilliard
Anne K. Fornecker
HILLIARD MUÑOZ GONZALES LLP
719 South Shoreline
Suite 500
Corpus Christi, TX 78401
T: 361-882-1612
E: bobh@hmglawfirm.com
E: anne@hilliardshadowenlaw.com

*Designated Counsel for Ignition Switch*
*Pre-Closing Accident Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re:                                                      :    Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,                         :    Case No.: 09-50026 (MG)
      f/k/a General Motors Corp., et al.,                   :
                                                            :
                                       Debtors.             :    (Jointly Administered)
------------------------------------------------------------X

**IGNITION SWITCH PRE-CLOSING ACCIDENT PLAINTIFFS'**
**OBJECTIONS TO DRAFT INTERROGATORIES PROPOSED BY**
<u>**NEW GM, THE PARTICIPATING UNITHOLDERS AND THE GUC TRUST**</u>

I.      **INTRODUCTION**

Pursuant to the Court's order at the January 12, 2017 status conference, the Ignition Switch Pre-Closing Accident Plaintiffs who filed an Omnibus Motion for Authority to File Late Proofs of Claim for Personal Injuries and Wrongful Deaths (Dkt. No. 13807) ("Movants") submit these objections to the draft interrogatories proposed by New GM, the Participating Unitholders, and the GUC Trust. Movants make these objections to the specific interrogatories proposed without prejudice to: (a) Movants' contentions that (i) no discovery should be permitted because *Pioneer Inv. Servs. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 395 (1993) ("*Pioneer*") does not apply in light of Old GM's violation of Movants' due process rights, and (ii) prior orders or agreements tolled the filing of such late claims and therefore limit the relevant time period for discovery; (b) Movants' general objections, including but not limited to the fact that the proposed interrogatories are premature under Local Rule 7033-1; and (c) any other objections Movants are entitled to make under the Federal Rules of Civil Procedure when answering the interrogatories, if the Court ultimately permits them to be served.

Through the Court-ordered meet and confer process, the parties narrowed their disputes to one: whether Movants must answer interrogatories designed to elicit Movants' knowledge of defects other than the ignition switch defect that is the subject of Movants' Late Claims Motion. Discovery regarding non-ignition switch defects is irrelevant to whether "excusable neglect" permits Movants' late claims for damages resulting from the ignition switch defect.[1] Accordingly, Movants respectfully request the Court to rule that any discovery directed to the *Pioneer* factors must be limited to the ignition switch defect and associated claims.

---

[1] This objection applies to proposed Interrogatory Nos. 9-12, 15-18, 22, 27. *See* Ex. A, Proposed Interrogatories. Movants have edited these interrogatories to limit their applicability to Movants' knowledge of the ignition switch defect and associated claims. *See* Ex. B, Movants' Redline of the Proposed Interrogatories. More specifically, Movants have deleted those proposed interrogatories that relate solely to defects other than the ignition switch defect (Proposed Interrogatory Nos. 9-12) and narrowed other interrogatories to request information only about the ignition switch defect (Proposed Interrogatory Nos. 15-18, 22, 27). *See id.*

## II.    ARGUMENT

In proceedings in which the *Pioneer* line of cases applies, the Court is authorized to accept late proofs of claim where the failure to file the claim before the bar date was the result of "excusable neglect." Federal Rule of Bankruptcy Procedure 9006(b)(1). "Excusable neglect" in this context means "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 389. In determining whether the failure to timely file the proof of claim was the result of "excusable neglect," the Court must apply the four-part test articulated in *Pioneer*: (1) the danger of prejudice to the debtor; (2) the length of the delay and impact thereof on the proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id*. at 395. The Second Circuit gives particular weight to the third factor – the reason for the delay. *See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp.*, 419 F.3d 115, 122-23 (2d Cir. 2005) ("*Enron*").

Interrogatories directed to Movants' knowledge of some other potential claim—which Movants did not file and are not the subject of Movants' Late Claims Motion—are irrelevant to this analysis.[2] *DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 871 F. Supp. 2d 134 (E.D.N.Y. 2012) ("*DPWN Holdings*") is instructive. In that case, United Air Lines ("United") allegedly participated in an illegal price-fixing conspiracy prior to filing for bankruptcy which resulted in overcharges to its customers, including DPWN Holdings USA, Inc. ("DHL"). As a trade creditor, DHL received actual notice of United's bankruptcy and the bar date, but did not receive notice of United's potential antitrust violations. *DPWN Holdings* 871 F. Supp. 2d at 147,

---

[2] One of the proposed interrogatories asks whether Movants filed proofs of claim in the bankruptcy other than the proof of claim related to the ignition switch defect that is the subject of the Late Claims Motion. *See* Ex. A, Proposed Interrogatory No. 26. Even if any of the Movants did file a claim concerning a non-ignition switch defect, the objectionable interrogatories are still overbroad and irrelevant as they are not limited to the late-filed claim that is the subject of their motion, nor to any late-filed claim. Bankruptcy Rule 9006(b)(1) and *Pioneer* deal only with late-filed claims.

155. Following United's emergence from bankruptcy, DHL sued United under the antitrust laws and United moved to dismiss arguing that DHL's antitrust claim had been discharged in bankruptcy. *Id*. at 149. The district court held that because DHL was not told about the existence of its price fixing claim before the bar date, that claim was not discharged in United's chapter 11 case and could be asserted against United notwithstanding the passing of the bar date. *Id*. at 156. In so holding, the district court made clear that DHL's knowledge of United's bankruptcy and of the bar date relative to its trade claims was not relevant to whether DHL had received sufficient notice of its price fixing claim. *Id*. On appeal, the Second Circuit remanded the case for further proceedings regarding what DHL knew *about the antitrust claim* prior to the bar date. *See DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 747 F.3d 145, 153 (2d Cir. 2014).

Here, the Omnibus Motion relates only to claims concerning the ignition switch defect. As in *DPWN Holdings*, where DHL's knowledge of potential trade claims was deemed irrelevant to notice of its price-fixing claim, the possibility that Movants might have had other problems with their vehicles unrelated to the ignition switch defect is not relevant to the late-filed claims concerning the ignition switch defect. Thus, assuming arguendo that one or more Movants had other problems with their vehicles but chose (for whatever reason) not to file those claims, the claim Movants knew about is not relevant to the claim Movants were not told about.

Analysis of the *Pioneer* factors further demonstrates that interrogatories directed to Movants' knowledge of some other potential claim are irrelevant and should not be permitted.

The danger of prejudice to the debtor. Although *Pioneer* may have given little guidance as to what "prejudice" entails, *see Enron*, 419 F.3d at 130, the decisions make clear (and, indeed, it should be stating the obvious) that the relevant inquiry is the prejudice that results from the

3

late-filed claim – not some other potential claim that was never filed, and thus could not reduce the assets otherwise available for timely filed claims. *See, e.g.*, *Pioneer*, 507 U.S. at 397 (referring to "the findings made below concerning the . . . absence of any danger of prejudice to the debtor or of disruption to efficient judicial administration *posed by the late filings*" in affirming the Court of Appeals' ruling) (emphasis added); *Enron*, 419 F.3d at 130 (examining the considerations evaluated by courts in deciding the prejudice suffered by the debtor, including but not limited to the size of the late-filed claim, whether the debtor had knowledge of the late-filed claim, and whether allowing the late-filed claim would open the floodgates to similar claims).

The length of the delay and impact thereof on the proceedings. Courts evaluate many of the same factors when considering the length of delay as they do when considering prejudice to the debtor. *See id*. at 130-31. And it is equally apparent here that the relevant inquiry concerns the late-filed proofs of claim. One can only calculate the length of the delay and assess the impact of this delay by reference to the claim that was filed after the bar date. In other words, there is no "delay" to assess with respect to a claim that has never been filed.

The reason for the delay. This same reasoning applies to the reason for the delay. There is no delay with respect to an unfiled claim, nor is there any neglect to excuse. The issue that the Court must decide under *Pioneer* is why Movants did not timely file their late claims, *i.e.*, their ignition switch defect claims; inquiry into a Movant's knowledge of a defect in her tires, for example, says nothing about that pertinent question. Whatever Movants may have known about their vehicles' non-ignition switch defects, which were not the subject of their late-filed claims, cannot explain whether the "*late filings* [were] caused by inadvertence, mistake, or carelessness .

4

. . [or] by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 389 (emphasis added).

<u>Whether the movant acted in good faith</u>. Again, the relevant inquiry is Movants' good faith in filing the late-filed claim. Whether Movants believed that their vehicles contained some defect other than the ignition switch defect simply has no bearing on whether Movants' late filings were the result of their good or bad faith. Nor does the fact that the *Pioneer* inquiry is "an equitable one, taking account of all relevant circumstances surrounding the omission," *see Pioneer*, 507 U.S. at 395, permit inquiry into non-ignition switch defects. The relevant "omission" is the untimely filed claim, which Bankruptcy Rule 9006(b)(1) might nevertheless permit if the circumstances surrounding that omission, *i.e.*, the late filing of the ignition switch defect claims, was the result of excusable neglect.

### III. CONCLUSION

For all the foregoing reasons, Movants respectfully request that, if the Court requires Movants to answer *Pioneer*-related interrogatories, it limit such interrogatories to the ignition switch defect and not permit discovery regarding other defects that are not the subject of Movants' Late Claims Motion.

Dated: February 8, 2017

Respectfully submitted,

/s/ *William P. Weintraub*
William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: 212.813.8800
Fax:  212.355.3333
wweintraub@goodwinlaw.com
gfox@goodwinlaw.com

-and-

5

Robert C. Hilliard
Anne K. Fornecker
HILLIARD MUÑOZ GONZALES LLP
719 South Shoreline
Suite 500
Corpus Christi, TX 78401
T: 361-882-1612
E: bobh@hmglawfirm.com
E: anne@hilliardshadowenlaw.com

*Designated Counsel for Ignition Switch*
*Pre-Closing Accident Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, William P. Weintraub, hereby certify that a copy of the foregoing *IGNITION SWITCH PRE-CLOSING ACCIDENT PLAINTIFFS' OBJECTIONS TO DRAFT INTERROGATORIES PROPOSED BY NEW GM, THE PARTICIPATING UNITHOLDERS AND THE GUC TRUST*, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 8, 2017.

/s/ *William P. Weintraub*
William P. Weintraub