EXHIBIT A – PROPOSED INTERROGATORIES

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, **f/k/a General Motors Corp.,** *et al.*, | Case No. 09-50026 (MG) |
| **Debtors.** | (Jointly Administered) |

**FIRST SET OF INTERROGATORIES TO MOVANTS PATRICIA BARKER AND CERTAIN IGNITION SWITCH PRE-CLOSING ACCIDENT MOVANTS**

PLEASE TAKE NOTICE that, pursuant to Judge Glenn's order at the status conference held on January 12, 2017, Wilmington Trust Company, in its capacity as trustee for and administrator of the Motors Liquidation Company General Unsecured Creditors Trust (the "GUC Trust"), and General Motors LLC ("New GM") hereby propounds the following written interrogatories to Movant Patricia Barker, as putative class representative for the Ignition Switch Economic Loss Movants, and Certain Ignition Switch Pre-Closing Accident Movants (as identified at Exhibit A to docket entry 13807). Each of these interrogatories is to be answered fully, accurately, separately, in writing, under oath, and within 30 days after the Bankruptcy Court rules on the Motions relating to the application of the *Pioneer* factors and tolling.

**DEFINITIONS**

1.    The definitions and rules of construction set forth in Rule 33 of the Federal Rules are incorporated herein.

2.    "And" and "or" mean "and/or." The masculine gender of any word used herein includes the feminine, and the singular includes the plural. The terms "any," "all," and "each" mean any, all, each, and every. The present tense shall be construed to include the past tense and vice versa. References to employees, officers, directors, or agents shall include both current and

former employees, officers, directors, and agents.

3. "Bar Date" means the deadline to file Proofs of Claim against Old GM, which was set by the United States Bankruptcy Court for the Southern District of New York as November 30, 2009.

4. "Communicate" or "communication" means any transmission or exchange of information, whether orally or in writing, electronically or in hard copy, including any conversation or discussion by means of letter, note, memorandum, text message, video, or any other medium.

5. "Concerning," "relating to," or "regarding" means referring to, reflecting, describing, evidencing, constituting, containing, alluding to, germane to, mentioning, analyzing, setting forth, summarizing, supporting, refuting, or characterizing, directly or indirectly, expressly or implicitly, in whole or in part, the subject matter of the Interrogatory.

6. "Date(s)" means the exact date(s), if known, or the closest approximation to the exact date(s) as can be specified including without limitation the year, month, week in a month, part of a month, or part of a year.

7. "Document" has the broadest possible meaning and shall refer to any and all documents, tangible things, and electronically stored information ("ESI"), including all non-original, non-conforming, and non-identical copies, whether by reason of subsequent modification, notation, deletion or otherwise. This includes all written, typed, or otherwise preserved communications, including any e-mail, letter, correspondence, note, book, pamphlet, article, bulletin, directive, review, publication, memorandum, diary, analysis, study, appraisal, projection, check, invoice, receipt, bill, financial statement, financial record, purchase order, shipping order, contract, lease, work paper, calendar, envelope, paper, telephone message, tape,

**EXHIBIT A – PROPOSED INTERROGATORIES**

computer tape, computer disk, computer card, computer file, recording, videotape, film, microfilm, microfiche, drawing, account, ledger, statement, database, financial data, agreement, contract, amendments or modification to such contracts or agreements, letter of intent, term sheet, agenda, schedule, minutes, memorandum of telephone or personal conference or communications, phone log, message log, binder, periodical, publication, facsimile, report, working paper, transcription, chart, paper, survey, index, photograph, picture, drawing, appointment book, calendar entry, address or telephone record, electronic message board posting, text message, instant message conversation, weblog or blog, social media content (*e.g.*, Facebook or Twitter content), and/or all other writings or communication, no matter how stored or maintained (*e.g.*, electronic or hard copy form) in Your actual or constructive possession, custody, or control, or of which You have knowledge of the existence, and whether prepared, published, or released by You or by any other person. The term "Document(s)" includes drafts and non-identical copies. Without limiting the foregoing, the term "Document" shall include any copy that differs in any respect from the original or other versions of the Document, including, without limitation: copies found in different custodians' files; copies containing notations, insertions, corrections, or marginal notes; or any other variations. The term "Document" includes all communications. To the extent that the parties reach agreement on an ESI production protocol, any relevant provisions of that agreement will supersede any conflicting aspects of this paragraph.

8. "GUC Trust" means the Motors Liquidation Company General Unsecured Creditors Trust.

9. "Including" means "including but not limited to" or "including without limitation."

3

**EXHIBIT A – PROPOSED INTERROGATORIES**

10. "Ignition Switch Related Event" includes, but is not limited to, an incident where Your Vehicle's ignition switch moved from the "run" position to "accessory" position (or otherwise moved out of the "run" position) resulting in a partial loss of electrical power, the vehicle's engine turning off, a loss of power steering, and/or a failure of the airbags to deploy.

11. "Information" means facts, circumstances, specific statements, documents, and communications.

12. "New GM" means General Motors LLC, or any agents, dealers, attorneys, representatives, assigns, individuals, or entities acting on behalf of either.

13. "Old GM" means General Motors Corporation or Motors Liquidation Company, or any agents, dealers, attorneys, representatives, assigns, individuals, or entities acting on behalf of either.

14. "Proof of Claim" means a document filed with a bankruptcy court so as to register a claim against the debtor's bankruptcy estate. The claim sets out the amount that is owed to the creditor as of the date of the bankruptcy filing.

15. "You," and "Your" refer to you, individually, and any agents, representatives, assigns, or individuals, or entities acting on your behalf.

16. "Your Vehicle" means any vehicles that forms the basis for your claims.

17. The use of the singular form of any word includes the plural and vice versa.

18. The use of the term "the" shall not be construed as limiting the scope of any request.

19. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

**EXHIBIT A – PROPOSED INTERROGATORIES**

## INSTRUCTIONS

20. Movants are to answer each Interrogatory separately and fully, in writing and under oath, unless all portions of an Interrogatory are in good faith objected to, in which event Movants are to state in complete detail the basis of their objection and all facts upon which Movants rely to support the objection. If an objection pertains to only a portion of an Interrogatory, or to a word, phrase or clause contained in an Interrogatory, Movants are to state in complete detail the basis of their objection to that portion and all facts upon which Movants rely to support their objection, and answer the Interrogatory to the extent it is not objectionable.

21. Some questions may be duplicative of questions contained in a Plaintiff Fact Sheet that was previously submitted in connection with the multidistrict litigation captioned *In re General Motors Ignition Switch Litigation*, Case No. 14-md-2543, pending in the United States District Court for the Southern District of New York. If Movants have already responded to the Plaintiff Fact Sheet and it contains this information, then Movants may refer to where that response appears in the Plaintiff Fact Sheet and need not repeat the information in response to such questions.

22. In answering each Interrogatory, Movants are required to furnish all information known or reasonably available to them, in their possession, custody, or control, including, without limitation, all information in the possession of Movants' agents, investigators, representatives, and attorneys, and not merely such information as exists under Movants' immediate direction or control.

23. Whenever an Interrogatory may be answered by referring to a document, the

document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

24. If Movants withhold any requested information responsive to these Interrogatories under a claim of privilege, work product immunity, or some other immunity, Movants shall provide the information required by Local Rule 7033-1(e)(3).

25. Movants are to answer or respond fully to each Interrogatory as of the time their response is due. After exercising due diligence to secure the information requested by a specific Interrogatory, if Movants cannot secure information sufficient to fully respond to any of the following Interrogatories, Movants are to answer or respond to the extent possible, specifying the reason or reasons for their inability to answer or respond to the remainder.

26. These Interrogatories are to be considered continuing so as to require prompt supplemental responses as required under the Federal Rules of Civil Procedure if and when Movants obtain further information with respect to the same between the time Movants' initial responses are served and the time of trial, and such information is to be made known by means of supplemental answers to these Interrogatories promptly upon first being discovered.

27. These instructions are submitted for the purposes of discovery and are not to be taken as waiving any objections which may be made at trial to the introduction of evidence on subjects covered by these Interrogatories or as an admission at the trial of the relevance or materiality of any of the matters covered by these Interrogatories.

28. Defendants serve these Interrogatories without prejudice to their right to serve additional interrogatories.

**INTERROGATORIES**

**EXHIBIT A – PROPOSED INTERROGATORIES**

1. When, how, and under what circumstances did you first become aware that Old GM had filed for bankruptcy?

2. When, how, and under what circumstances did you first become aware of the Bar Date in the Old GM bankruptcy?

3. When, how, and under what circumstances did you first become aware that Your Vehicle was subject to NHTSA Recall No. 14v047?

4. When did you first learn that Your Vehicle might have a defect that may cause an Ignition Switch Related Event?

5. Did you bring Your Vehicle to a dealer, a repair shop, or a mechanic as a result of what you now allege to be a defect related to the ignition switch or an Ignition Switch Related Event?

6. If the answer to number 5 is yes, when was the first time that you brought Your Vehicle to a dealer, a repair shop, or a mechanic as a result of what you now allege to be a defect related to the ignition switch or an Ignition Switch Related Event?

7. Did you communicate with Old GM or New GM about what you now allege to be a defect related to the ignition switch or an Ignition Switch Related Event?

8. If the answer to number 7 is yes, when did you first communicate with Old GM or New GM, and how did you so communicate (telephone contact, e-mail, letter or other), about what you now allege to be a defect related to the ignition switch or an Ignition Switch Related Event?

9. Did you bring Your Vehicle to a dealer, a repair shop, or a mechanic as a result of what you now believe to be or was a defect (other than a defect related to the ignition switch)?

10. If the answer to number 9 is yes, when was the first time that you brought Your Vehicle to a dealer, a repair shop, or a mechanic as a result of what you believed to be or was a defect (other than a defect related to the ignition switch)?

11. Did you communicate with Old GM or New GM about what you now allege to be a defect (other than a defect related to the ignition switch)?

12. If the answer to number 11 is yes, when did you first communicate with Old GM or New GM, and how did you so communicate (telephone contact, e-mail, letter or other), about what you now allege to be a defect (other than a defect related to the ignition switch) or any other issue with Your Vehicle's performance?

13. When did you acquire Your Vehicle and from whom did you acquire it?

14. Do you or any member of your family still own or lease Your Vehicle and, if not, when

7

      did you transfer Your Vehicle or cease to own or lease it?

15. When did you first consider consulting with an attorney concerning Your Vehicle?

16. When was the first time that any attorney contacted you, or you contacted any attorney, concerning Your Vehicle, Old GM, or New GM?

17. When were you first represented by a lawyer in connection with Your Vehicle, Old GM, or New GM?

18. When did you first believe that you may have a claim against Old GM and what was that claim?

19. When did you first learn that the GUC Trust was making distributions to Old GM creditors?

20. When did you first see a draft of your Proof of Claim?

21. When did you sign your Proof of Claim?

22. When, if at all, were you involved in an accident involving Your Vehicle as a result of what you believe to be a defect in Your Vehicle?

23. Please explain your initial understanding of the cause of your accident.

24. Please explain how, if at all, your initial understanding of the cause of your accident has changed over time, and when and why your understanding changed.

25. If you applied to participate in the compensation fund established by New GM and administered by Kenneth Feinberg, what was the outcome of that application?

26. Other than the Proof of Claim you seek to file in connection with the motion filed on December 22, 2016 (Dkt No. 13807), have you previously filed a Proof of Claim in the Old GM bankruptcy?

27. Have you ever filed an insurance claim with respect to Your Vehicle and, if so, when, for how much, and under what circumstances did you make your claim?

28. If the answer to number 27 is yes, what was the result of the insurance claim that you filed?