**Hearing Date and Time: February 15, 2017 at 11:00 a.m. (Eastern Time)**

Steve W. Berman (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone:  206-623-7292
Email: steve@hbsslaw.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone:  414-956-1000
Email: ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch
Plaintiffs in the MDL Court*

Edward S. Weisfelner
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: 212-209-4800
Email: eweisfelner@brownrudnick.com

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, P.C.
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:  214-969-4900
Email:  esserman@sbep-law.com

*Designated Counsel for the Ignition Switch
Plaintiffs in the Bankruptcy Court*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                            :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, et al., | : | Case No.: 09-50026 (MG) |
|          f/k/a General Motors Corp., et al., | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------X

# THE IGNITION SWITCH PLAINTIFFS' OBJECTIONS TO
## DRAFT INTERROGATORIES PROPOSED BY NEW GM AND THE GUC TRUST

## I.    <u>INTRODUCTION</u>

In accordance with the Court's order at the January 12, 2017 status conference, Patricia Barker (the "**ISD Movant**"), the purported class representative of the Ignition Switch Plaintiffs who filed the *Motion for an Order Granting Authority to File Late Class Proofs of Claim*, dated December 22, 2016 (ECF No. 13806)[1] submits these objections to the draft interrogatories proposed by New GM and the GUC Trust (the "**Respondents**").    The ISD Movant and Respondents have met and conferred in good faith regarding the Respondents' proposed interrogatories and have reached agreement on many of the interrogatories, as well as on the timing of responses.    However, an overall dispute persists over whether the ISD Movant must answer burdensome and irrelevant interrogatories concerning knowledge of defects other than the Ignition Switch Defect.    Such discovery is burdensome and irrelevant to whether "excusable neglect" permits the ISD Movant's late claims for damages resulting from the Ignition Switch Defect.    Accordingly, the ISD Movant respectfully requests that the Court limit any discovery directed to the <u>Pioneer</u> factors to questions related to the Ignition Switch Defect.

The ISD Movant reserves all rights to assert: (i) that no discovery should be permitted because <u>Pioneer Inv. Servs. Co. v. Brunswick Assoc. L.P. P'ship</u>, 507 U.S. 380, 395 (1993) ("**Pioneer**") does not apply in light of Old GM's violation of the ISD Movant's due process rights; (ii) that prior orders or agreements tolled the filing of such late claims and limits the relevant time period for discovery; and (iii) any other objections the ISD Movant is entitled to make under the Federal Rules of Civil Procedure when answering the interrogatories, if the Court ultimately permits them to be served.

---

[1] Here, an Ignition Switch Defect Plaintiff and a non-Ignition Switch Defect Plaintiff moved on December 22, 2016 for authority to file late proofs of claim against the Old GM bankruptcy estate on behalf of themselves and classes of similarly-situated movants to recover economic losses.  This dispute concerns only the scope of interrogatories to the Ignition Switch Plaintiff.

## II.    **ARGUMENT**

The ISD Movant and the Respondents have an overall dispute over whether Respondents may seek irrelevant and burdensome information about other potential defects. The Respondents' proposed interrogatories are attached hereto as Exhibit A and the Movants' Joint Redline of the Proposed Interrogatories is attached hereto as Exhibit B.

Regardless of any dispute regarding the timing of Old GM's and New GM's *knowledge* of the Ignition Switch Defect—a dispute that persists even though New GM conceded knowledge and a cover-up of the Ignition Switch Defect since at least 2012 and Judge Gerber agreed that New GM had knowledge of the Ignition Switch Defect much earlier[2]—it is *undisputed* that the Ignition Switch Defect was not disclosed until early 2014.

Without rehashing or asking this Court to adjudicate important underlying facts, it is important to note that this is not a situation where there is any evidence of disclosures by Old or New GM here and there (*e.g.*, a case where if a consumer was industrious enough, they could call the right person to gain information, or a case where different agents of a defendant said different things). Practically speaking, this precludes arguments about the need for fulsome individualized inquiry as to when any one unsuspecting consumer (or even dealer) could have learned of the relevant Ignition Switch Defect during the relevant time at issue here. No one was told anything.

Respondents have asked in numerous of the agreed-upon interrogatories questions designed (at least in part) to elicit whether the ISD Movant did in fact have any kind of knowledge before the recall of the Ignition Switch Defect. The ISD Movant will answer, for

---

[2] See Verified Compl., United States v. $900,000,000 in U.S. Currency, No. 15 Civ. 7342 (S.D.N.Y. Sept. 17, 2015) [ECF No. 1], at Ex. C ¶¶ 3, 7-11; In re Motors Liquidation Co., 529 B.R. 510, 538 (Bankr. S.D.N.Y. 2015) (finding that at least twenty-four Old GM personnel who were aware of the Ignition Switch Defect were transferred to New GM).

example, Interrogatory No. 4 ("When did you first learn that Your Vehicle might have a Defect that may cause an Ignition Switch Related Event?"), Interrogatory No. 7 ("Did you communicate with Old GM or New GM about what you now allege to be a defect related to the ignition switch or an Ignition Switch Related Event?"), Interrogatory Nos. 11-14 (requesting information concerning contact with counsel about defects relating to the ignition switch or an Ignition Switch Related Event and when the ISD Movant believed that she had a claim), and Interrogatory No. 23 (requesting information related to the potential existence and timing of the filing of insurance claims).

The ISD Movant respectfully submits that this is more than enough information for the purposes for which these interrogatories may be used—the litigation of the excusable neglect standard (if applicable) under <u>Pioneer</u>. Conversely, any information about the ISD Movant's general day-to-day dealings about her car, *e.g.*, visits to a dealer or mechanic about other problems with the car, are (a) duplicative to the extent they are additional, attenuated proxies to get at core information about her knowledge of the Ignition Switch Defect, or (b) irrelevant to the extent not duplicative.

The ISD Movant addresses the specific areas of dispute below, and also joins, adopts and incorporates by reference the arguments contained in the Ignition Switch Pre-Closing Accident Movants' Objection and reserves the right to be heard on any of the grounds set forth therein:

1. <u>Disputed Interrogatory Nos. 9-12</u>[3]: These questions concern whether the ISD Movant brought her vehicle to a third party (mechanic, dealer, repair shop) relating to a defect *other* than the Ignition Switch Defect, and whether she communicated with Old and New GM about such non-ignition switch defects. Information about other defects is irrelevant, and, to the extent this is an opportunity to show that the ISD Movant could have learned in the by-and-by

---

[3] These refer to the draft interrogatories that were totally struck out in redline in Exhibit B.

about the covered-up Ignition Switch Defect, this would be covered by other interrogatories. Finally, Respondents have access to any communications.

2.      Disputed Interrogatory Nos. 11-14[4]:   The ISD Movant is willing to answer questions about when she considered legal counsel relating to the Ignition Switch Defect, and when she was first represented by counsel in connection with the same.   Relatedly, the ISD Movant is willing to answer questions about when she first believed that she had a claim against Old GM relating to the Ignition Switch Defect.   The ISD Movant submits it is irrelevant to answer questions about whether she considered seeking a lawyer about any issue concerning her vehicle, or had such a lawyer, or whether she believed she had other claims against Old GM.

3.      Disputed Interrogatory No. 18:   The ISD Movant submits that questions about unrelated car accidents are irrelevant for the reasons stated above.

4.      Disputed Interrogatory No. 23:   The ISD Movant is willing to answer the question about whether she submitted an insurance claim related to the Ignition Switch Defect, but does not agree that insurance claims, if any, about other defects are relevant to the issues here.

Finally, during the meet and confer process, Respondents made much of the fact that only one individual is answering these interrogatories.   In part for this reason, in the interests of practicality and overall compromise, the ISD Movant's counsel are not disputing certain interrogatories that frankly are overbroad or otherwise problematic.   However, relevance is different from burden, and burden applies to the party as well as to counsel: the ISD Movant stops short of agreeing to delve into truly irrelevant information that, in context, is burdensome to locate whether it is one person or 175.

---

[4] The numbering for these assumes that 9-12 are struck; if they are kept these are Interrogatory Nos. 15-18.   The same number applies to the rest.

Because Respondents have asked ISD Movant directly, and in various ways, about her actual and potential knowledge of the Ignition Switch Defect and the timing of the same, there is no need to ask otherwise irrelevant questions seeking the same information. This is particularly the case here because there is no background context where unsuspecting consumers were even arguably turning a blind eye to information that was generally "out there."

## III.    <u>CONCLUSION</u>

For all the foregoing reasons, the ISD Movant respectfully requests that, if the Court requires the ISD Movant to answer <u>Pioneer</u>-related interrogatories, it limit such interrogatories to the Ignition Switch Defect and not permit discovery regarding other defects.

Dated: February 8, 2017

<div style="margin-left:40%">

Respectfully submitted,

BROWN RUDNICK LLP

*/s/ Edward S. Weisfelner*
Edward S. Weisfelner
Howard S. Steel
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
hsteel@brownrudnick.com

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, A PROFESSIONAL
CORPORATION
2323 Bryan Street, Ste 2200
Dallas, Texas 75201
Tel: 214-969-4900
esserman@sbep-law.com

*Designated Counsel for the Ignition Switch
Plaintiffs in the Bankruptcy Court*

</div>

Steve W. Berman (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: 206-623-7292
steve@hbsslaw.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch*
*Plaintiffs in the MDL Court*