

Richard J. Riley
rriley@mrblaw.com

February 20, 2017

The Honorable Martin Glenn
U.S. Bankruptcy Judge
U.S. Bankruptcy Court for the
Southern District of New York

Re:   In re Motors Liquidation Company, et al.; Case No. 09-50026 (MG)
      Rebekah Oglesby v. General Motors L.L.C., et al.; Case No. 01-CV-2016-901555
           (Jefferson County, Alabama, Circuit Court)

Dear Judge Glenn,

I write for permission to file a brief of no more than ten pages on a unique issue presented by your December 13, 2016 order.

We have a wrongful death product liability case controlled by Alabama law that is filed in Alabama state court. One of the theories is an ignition switch defect for a GM vehicle manufactured in 2006. The vehicle came to be in the possession of Keith Oglesby (the decedent) in a used condition long after the GM bankruptcy petition was filed. The death happened on February 16, 2015. The lawsuit was filed on April 28, 2016.

This is a classic Post-Closing Injury/Death case, which was expressly exempted by the free and clear language of Section 2.3(a)(ix) the Sale Agreement and Order. However, we are now aware that the Court has construed the Sale Agreement and Sale Order in the Fall of 2015 to prohibit the recovery of punitive damages in Post-Closing Injury/Death cases based on Old GM's conduct.

While this is fair and right where the wrongful death claimant has a remedy for compensatory damages, there is no cause of action under Alabama law for compensatory damages for a wrongful death. The only cause of action that exists is one for punitive damages. There is no heightened burden of proof; instead, proof of negligence by a preponderance of evidence suffices.

Because a remedy for punitive damages is the only remedy in Alabama for a wrongful death, Congress treats Alabama wrongful death awards like compensatory damages for purpose of taxation. 26 U.S.C. § 104(c). Congress also has modified its no-punitive rule in Federal Tort Claims Act cases in light of Alabama's punitive-only rule. 28 U.S.C. § 2674.

Alabama's unique remedy might possibly have been the reason why the drafters of the Sale

MARSH | RICKARD | BRYAN, P.C., Attorneys at Law

800 Shades Creek Parkway, Suite 600-D    Birmingham Alabama 35209    205-879-1981    Fax 205-879-1986    mrblaw.com    mrbtrucklaw.com

Agreement did not expressly prohibit the recovery of punitive damages in Section 2.3(a)(ix). Instead, it preserved "all Liabilities to third parties for death ... " Ms. Oglesby's Alabama wrongful death claim, if proven, is unquestionably a "Liability to [a] third part[y] for death." Therefore, the Sale Agreement and Order should be interpreted so that New GM has expressly assumed this liability just like all of the other post-closing claims for wrongful death, even if it is a claim for punitive damages.

However, GM has argued in its answer in our case that the combined effect of Alabama's punitive-only wrongful death remedy and this Court's orders on punitive damages and should result in Alabamians having a personal injury action against New GM for compensatory damages but that Alabamians should have no remedy against New GM for a post-closing death. This argument is unconscionable. There is no logical basis for treating Alabama death claimants differently than death claimants from the other forty-nine States, from the other U.S. territories, and from other countries.

It does not appear that anyone notified this Court about Alabama's unique wrongful death law when the Court construed the Sale Agreement and Sale Order in the Fall of 2015. Nor was this firm aware that the Court was considering the issue, considering that our case had not yet been filed. Moreover, there is no indication that anyone involved in brokering the deal that ultimately resulted in New GM assuming liability for post-closing injuries and deaths intended to carve-out Alabama wrongful death actions from the claims that New GM would legally assume.

This issue may turn out to be moot because it appears that the Second Circuit's opinion last year would preserve all claims for punitive damages associated with post-closing death claims for claimants like Keith who did not own a GM vehicle at the time of the bankruptcy petition was filed. However, because this Court is taking up that issue, we deem it prudent for us to preserve this additional argument why Ms. Oglesby's unique punitive damage claims against New GM should go forward irrespective of how this Court rules on the punitive damage claims of other used sale plaintiffs.

For all of these reasons, I respectfully seek leave to file a ten page brief explaining how and why Alabama wrongful death claimants should be able to recover punitive damages from New GM for old GM's conduct as that is the only remedy available to them.

Most sincerely

*/s/ Richard Riley*

Richard Riley

RJR/hc