# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

February 22, 2017

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

    Re: In re Motors Liquidation Company, *et al.*
      Case No. 09-50026 (MG)

      **Response to Letter Filed by Counsel for Rebekah Oglesby**
      **[ECF No. 13847] for Leave to File Supplemental Opening Brief**

Dear Judge Glenn:

  King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. We write in response to the letter ("**Oglesby Letter**") filed on February 20, 2017 [ECF No. 13847] by counsel for Rebekah Oglesby, seeking permission to file a Supplemental Opening Brief[1] in connection with the 2016 Threshold Issues. For the reasons discussed below, Ms. Oglesby's request should be denied because her unique Alabama state law issue is not one of the 2016 Threshold Issues set forth in the Show Cause Order. If Ms. Oglesby wants to raise her unique issue as it relates to the Sale Order with this Court, then she should file an appropriate pleading setting forth her requested relief.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Order To Show Cause Regarding Certain Issues Arising From Lawsuits With Claims Asserted Against General Motors LLC ("New GM") That Involve Vehicles Manufactured By General Motors Corporation ("Old GM")*, dated December 13, 2016 [Dkt. No. 13802] ("**Show Cause Order**"), and the Glossary of Terms attached thereto as Exhibit "B."

Honorable Martin Glenn
February 22, 2017
Page 2

The *Oglesby* action is a wrongful death product liability lawsuit currently pending in Alabama.[2] Ms. Oglesby is a Non-Ignition Switch Post-Closing Accident Plaintiff because the subject vehicle is a 2006 Chevrolet Silverado and the accident occurred in February 2015. Ms. Oglesby properly recognizes that New GM did not assume liability for punitive damages when it assumed Product Liabilities (as defined in the Sale Agreement) from Old GM through the Sale Order and that New GM would only be liable for compensatory damages for Product Liabilities (if ultimately proven). *See* Oglesby Letter, at 1. Ms. Oglesby asserts, however, that there is no cause of action under Alabama law for compensatory damages for a wrongful death claim, and that she is only permitted to obtain, if successful, punitive damages on such claim. Ms. Oglesby's unique punitive damages issue under Alabama law is not part of any of the 2016 Threshold Issues.

The 2016 Threshold Issues being briefed are: (i) which plaintiffs are Ignition Switch Plaintiffs and which are not, (ii) whether Non-Ignition Switch Plaintiffs or Post-Closing Accident Plaintiffs are barred from asserting Independent Claims against New GM, (iii) what types of claims can be brought by Used Car Purchasers, and (iv) whether Post-Closing Accident Plaintiffs are barred from seeking punitive damages against New GM based on a successor liability theory. The issue that Ms. Oglesby is concerned about (i) does not depend on the Ignition Switch Plaintiff/Non-Ignition Switch Plaintiff distinction; (ii) does not relate to Independent Claims; (iii) does not relate to Used Car Purchasers (which the Second Circuit defined as economic loss claims of Used Car Owners of Subject Vehicles with the Ignition Switch Defect); and (iv) does not relate to successor liability.

Essentially, Ms. Oglesby is raising a separate issue that relates only to Alabama wrongful death cases concerning Old GM manufactured vehicles. If she seeks clarity about the effect of the Sale Order on this claim, then she should file a separate pleading in accordance with appropriate bankruptcy procedure, to raise this issue with this Court. Adding another Threshold Issue, at this late hour, is improper.

Accordingly, New GM believes Ms. Oglesby's request to file a Supplemental Opening Brief should be denied.

Respectfully submitted,

*/s/ Arthur Steinberg*

Arthur Steinberg

AJS/sd

cc:   Richard J. Riley, Esq.

---

[2]   *Oglesby v. General Motors LLC, et al.*, case No. 01-CV-2016-901555.00 (Circuit Court of Jefferson County, Alabama).

DMSLIBRARY01\21600\162081\30058781.v1-2/22/17