# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

February 27, 2017

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

      Re:    **In re Motors Liquidation Company,** *et al.*
               **Case No. 09-50026 (MG)**

               **Letter Regarding Update on Related Proceedings**

Dear Judge Glenn:

      King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. Pursuant to Judge Gerber's Endorsed Order dated May 5, 2015 [Dkt. No. 13131], as well as discussions during the hearing before the Court on February 15, 2017, we write to update the Court regarding developments in proceedings relating to New GM. Specifically, on February 24, 2017, New GM filed a letter in MDL 2543 updating Judge Furman on the status of personal injury and wrongful death claims in MDL 2543. A copy of the letter to Judge Furman is attached hereto as **Exhibit "A."**

      If the Court has any questions or needs additional information, please let me know.

                                  Respectfully submitted,

                                  */s/ Scott Davidson*

                                  Scott Davidson

SD/hs
Encl.

DMSLIBRARY01\21600\162081\30074889.v1-2/27/17

# **Exhibit A**

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Wendy L. Bloom<br>To Call Writer Directly:<br>(312) 862-2343<br>andrew.bloom@kirkland.com | 300 North LaSalle<br>Chicago, Illinois  60654<br><br>(312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

February 24, 2017

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

                        Re:    *In re: General Motors LLC Ignition Switch Litigation*, 14-MD-2543

Dear Judge Furman:

      In response to the Court's request at the February 10, 2017 Status Conference, General Motors LLC ("New GM" or "GM LLC") writes to update the Court on the status of personal injury and wrongful death claims in MDL 2543.  Set forth below are: (1) the number of personal injury and wrongful death claims settled to date in MDL 2543; (2) the remaining inventory of personal injury and wrongful death claims in MDL 2543, including the breakdown of claims within and outside of the bellwether categories; and (3) the portion of the remaining inventory of claims under current or future settlement discussions.  While these figures reflect New GM's best understanding of the docket, the numbers change on a regular basis as new claims are filed and as claims are settled.

## I.    Personal Injury And Wrongful Death Settled Claims To Date.

      New GM has settled the claims of 1,469 claimants[1] in MDL 2543 thus far, with 1,273 of those claims having been dismissed with prejudice thus far.  We anticipate that the claims of another 165 plaintiffs will be dismissed as a result of settlement within the next few months.  Following the February 10, 2017 Status Conference, New GM has been working with relevant plaintiffs' counsel to ensure that notices of dismissal include individual case numbers and clearly identify whether the individual case docket can be closed.

---

[1]    "Claimant" as used in this letter is the person who has filed or on whose behalf has been filed a personal injury or wrongful death lawsuit, and who is alleged to have been injured in an accident.  The Claimant may be the plaintiff in the lawsuit, or, for example, if the allegedly injured party is a minor, a decedent, or incapacitated, the Claimant may not be the plaintiff.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
February 24, 2017
Page 2

**II.    Remaining Personal Injury And Wrongful Death Claims In MDL 2543.**

Excluding the above 1,469 settled claims, a total of 1,683 personal injury and wrongful death claims remain pending in MDL 2543. Per the Court's request, we have endeavored to group these claims within each of the bellwether categories, as defined in Order No. 34 (Docket No. 573) and Order No. 107 (Docket No. 3081), based upon the most current information provided by plaintiffs to New GM.

- *Phase One*.  There are 233 plaintiffs remaining with Phase One claims, defined under Order No. 34 (Docket No. 573) as ignition-switch related claims involving air bag non-deployment allegations from accidents occurring on or after July 11, 2009 in the following "Production Part Vehicles": Chevrolet Cobalt (MY 2005-2007), Pontiac G5 (MY 2007), Saturn Ion (MY 2003-2007), Pontiac Solstice (MY 2006-2007), Chevrolet HHR (MY 2006-2007), and Saturn Sky (MY 2007).

- *Phase Two*.  There are 588 plaintiffs with Phase Two claims relating to alleged motor vehicle accidents occurring on or after July 11, 2009, and these claims are further broken down into Categories A, B, C, as defined in Order No. 107 (Docket No. 3081):

    o *Category A*.  There are 114 plaintiffs with claims involving air bag non-deployment allegations in the following alleged "Service Part Vehicles" subject to NHTSA Recall No. 14-V-047 where there is no evidence (putting aside plaintiff's reliance on the accident occurrence itself) that a service part ignition switch was installed in the vehicle before the subject accident: Chevrolet Cobalt (MY 2008-2010), Pontiac G5 (MY 2008-2010), Pontiac Solstice (MY 2008-2010), Chevrolet HHR (MY 2008-2011), and Saturn Sky (MY 2008-2010).

    o *Category B*. Based upon New GM's analysis of complaints, Plaintiff Fact Sheets, settlement documentation produced under Order 108, and its own investigations to date, New GM understands there to be at least 143 plaintiffs with claims involving alleged accidents in which air bags deployed in Production Part Vehicles and Service Part Vehicles subject to NHTSA Recall No. 14-V-047: Chevrolet Cobalt (MY 2005-2010), Pontiac G5 (MY 2007-2010), Saturn Ion (MY 2003-2007), Pontiac Solstice (MY 2006-2010), Chevrolet HHR (MY 2006-2011), and Saturn Sky (MY 2007-2010).

    o *Category C*.  There are 331 plaintiffs with claims alleging air bag non-deployment allegations in the following alleged "Unintended Key Rotation Vehicles" subject to NHTSA Recall Nos. 14-V-355, 14-V-360, 14-V-394, 14-V-400 and 14-V-540:

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
February 24, 2017
Page 3

>Buick Lacrosse (MY 2005-2009); Buick Lucerne (MY 2006-2011); Cadillac CTS (MY 2003-2014); Cadillac Deville (MY 2000-2005); Cadillac DTS (MY 2006-2011); Cadillac SRX (MY 2004-2006); Chevrolet Camaro (MY 2010-2014); Chevrolet Caprice (MY 2011-2013); Chevrolet Impala (MY 2000-2014); Chevrolet Malibu (MY 1997-2005); Chevrolet Malibu Classic (MY 1997-2005); Chevrolet Monte Carlo (MY 2000-2007); Oldsmobile Alero (MY 1999-2004); Oldsmobile Intrigue (MY 1998-2002); Pontiac G8 (MY 2008-2009); Pontiac Grand Am (MY 1999-2005); and Pontiac Grand Prix (MY 2004-2008).

There are several categories of claims in the MDL that do not fall within the Phase One and Phase Two bellwether categories, which are summarized below:

- *Air Bag Deployment Claims Involving Alleged Unintended Key Rotation Vehicles*. Based on New GM's analysis of complaints, Plaintiff Fact Sheets, settlement documentation produced under Order No. 108, and its own investigations to date, New GM understands there to be at least 85 plaintiffs with air bag deployment claims involving alleged Unintended Key Rotation Vehicles as that term is defined in Order No. 107.

- *Ignition Switch Related Claims for Non-Ignition Switch Recalled Vehicles*. There are 341 plaintiffs with pending claims alleging ignition switch defects in vehicles not subject to any of the recalls at issue in Phase One or Phase Two.

- *Pre-Sale Order Claims*. There are 432 plaintiffs remaining with pre-Sale Order claims. Please note that some pre-Sale claimants are named in both *Adams v. General Motors LLC* (Case No. 15-CV-5528) and *Edwards v. General Motors LLC* (Case No. 14-CV-6924). For purposes of determining the number of remaining pre-Sale claims, we have counted these known duplicative claimants only once.

- *Unknown Clams*. There are four plaintiffs with claims where the accident date is unknown, and New GM is unable to determine at this time whether the accident occurred pre or post-Sale Order.

- *Service Part Vehicles With Installation Prior to Accident*. New GM is aware of three plaintiffs with claims involving Service Part Vehicles where there is evidence that a service part ignition switch may have been installed in the vehicle prior to the subject accident.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
February 24, 2017
Page 4

The Court should note that significant numbers of new claims have been filed (and continue to be filed) and transferred into the MDL even as New GM is settling claims already on file. In the last twelve months, approximately 586 new claims have been filed in or transferred to the MDL, with 105 of those claims being filed in or transferred to the MDL in the last month. We anticipate that additional new claims will continue to be filed in or transferred to the MDL for at least the next year, and possibly into the year following.

### III. Remaining Post-Sale MDL 2543 Claims Under Discussion.

At present, New GM is focusing its efforts on resolving post-Sale Order claims in which there is no evidence of air bag deployment. At this point in time, New GM has prioritized discussions to resolve post-Sale claims, Phase One claims, and Phase Two (Category A and Category C) claims. Within this group of plaintiffs, New GM is prioritizing discussions with plaintiffs' counsel who represent large numbers of plaintiffs. New GM will then move to discussions with plaintiffs' counsel who represent smaller dockets of claims or a single plaintiff. New GM is devoting significant internal and external resources to its settlement efforts.

Please let us know if the Court has any questions or would like any additional information.

Respectfully submitted,

/s/ Richard C. Godfrey, P.C.
/s/ Andrew B. Bloomer, P.C.
/s/ Wendy L. Bloom

*Counsel for Defendant General Motors LLC*

cc: MDL Counsel of Record