USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/07/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE:                                                          :
                                                                :
MOTORS LIQUIDATION COMPANY,                 :         15-CV-8432 (JMF)
   f/k/a General Motors Corporation,                 :
                                                                :         ORDER
                           Debtors.                       :
                                                                :
------------------------------------------------------------X
                                                                :
GENERAL MOTORS LLC,                                 :
                                                                :
                           Appellant,                    :
                                                                :
               -v-                                       :
                                                                :
BENJAMIN PILLARS,                                     :
                                                                :
                           Appellee.                      :
                                                                :
------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Upon review of the parties' supplemental letters (Case No. 15-CV-8432, Docket Nos. 14, 15, and 16; Case No. 15-CV-6289, Docket No. 94), the Court concludes that there is no reason to resolve this appeal at the present time. As the parties' most recent letters make clear, there is a dispute about what effect, if any, the Second Circuit's decision has on the claims of Plaintiff Benjamin Pillars — specifically, whether (1) he brings a claim "relating to the ignition switch defect" as defined by the Second Circuit, *In Matter of Motors Liquidation Co.*, — F.3d —, No. 15-2844-BK(L), 2016 WL 3766237, at *21 (2d Cir. July 13, 2016), or he is a "Non-Ignition Switch Plaintiff" (even though his claims relate to the ignition switch), *id.*; and (2) if he is a Non-Ignition Switch Plaintiff, whether he is among those who can seek to prove up a due process



violation in the Bankruptcy Court on remand, *see id.* If Pillars brings a claim "relating to the ignition switch defect" within the meaning of the Second Circuit's decision, then his appeal would seem moot (assuming, of course, the Circuit's decision stands). If he is a Non-Ignition Switch Plaintiff and he is among those who can seek to prove up a due process violation in the Bankruptcy Court, his appeal could well become moot (and is thus arguably unripe at this time). The only scenario in which it would seem to make sense to resolve the issues on appeal is if Pillars turns out to be a "Non-Ignition Switch Plaintiff" and he is either not allowed to seek to prove up a due process violation in the Bankruptcy Court or he is allowed to do so, but the Bankruptcy Court rules against him on the issue.

In the Court's view, the question of what category Pillars falls within is one for either the Second Circuit (on petition for rehearing or rehearing *en banc*) or the Bankruptcy Court to resolve (at least in the first instance). In light of that, and the lack of urgency given that Pillars's underlying case is stayed indefinitely pursuant to MDL No. 2543 Order No. 1, the Court sees no reason to devote its time and attention to the appeal at this time. Accordingly, the case will be placed on the suspense docket pending further Order of the Court. If either party believes that further developments — in the Supreme Court, the Second Circuit, the Bankruptcy Court, or this Court — have a bearing on whether the appeal should go forward (or be dismissed as moot), it shall confer with the other party and, if appropriate, submit a joint letter to the Court. (The letter should further address whether supplemental briefing would be appropriate and, if so, propose a schedule.) In the meantime, the parties are directed to bring this Order and the question of what category Pillars falls within to the Bankruptcy Court's attention as among those issues that the Bankruptcy Court may want to address on remand if the Circuit's decision stands.

2

For the foregoing reasons, the Clerk of Court is directed to place this case on the suspense docket until further notice. In addition, out of an abundance of caution, the Clerk of Court is directed to docket this Order in the above-captioned case as well as 14-MD-2543 and 15-CV-6289. Going forward, the parties are directed to file any and all submissions relating to the bankruptcy appeal in both the MDL Docket (14-MD-2543) and 14-CV-8432. (The parties are welcome, but not required to, docket submissions relating to the bankruptcy appeal in the underlying case docket, 15-CV-6289.)

SO ORDERED.

Dated: September 7, 2016
      New York, New York

                                              JESSE M. FURMAN
                                          United States District Judge

3