## Case No.: 1:15-cv-08432-JMF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re: | On Appeal From The |
| | United States Bankruptcy Court |
| MOTORS LIQUIDATION COMPANY, *et al.*, | For The Southern District of New York |
| f/k/a General Motors Corp., *et al.* | |
| | Case No. 09-50026 (REG) |
| Debtors. | |

------------------------------------------------------------x

GENERAL MOTORS LLC,

    Appellant,

 -v-

BENJAMIN W. PILLARS,

    Appellee.

------------------------------------------------------------x

## BRIEF OF APPELLANT GENERAL MOTORS LLC

| | |
|---|---|
| KING & SPALDING LLP | KIRKLAND & ELLIS LLP |
| 1185 Avenue of the Americas | 300 North LaSalle |
| New York, NY 10036 | Chicago, IL 60654 |
| Tel: (212) 556-2100 | Tel: (312) 862-2000 |
| Fax: (212) 556-2222 | Fax: (312) 862-2200 |
| Arthur Steinberg | Richard C. Godfrey, P.C. |
| Scott Davidson | Andrew B. Bloomer, P.C. |
| asteinberg@kslaw.com | rgodfrey@kirkland.com |
| sdavidson@kslaw.com | abloomer@kirkland.com |

*Attorneys for Appellant, General Motors LLC*



It simply makes no sense that the Pillars Lawsuit is the *only* case in the country—ignition switch and non-ignition switch alike—based on a pre-363 Sale accident that is allowed to proceed against New GM. This is particularly true given that the Bankruptcy Court held in *Deutsch* that a claim based on the identical underlying fact pattern was barred. The Bankruptcy Court's judgment is contrary to the facts and the law. Its judgment should be reversed and the Pillars Lawsuit should be dismissed.

## ARGUMENT

### A. Pre-Closing Accident Claims, Like Those Asserted by Appellee, Are Plainly Barred By The Sale Order and Injunction

Pursuant to the First Amendment, any claim based on an accident that occurred prior to the closing of the 363 Sale is a Retained Liability of Old GM. *See* Sale Agreement §§ 2.3(a)(ix)(as amended), 2.3(b)(ix). Several provisions of the Sale Order and Injunction provide that New GM would not have any liability for claims against Old GM unless they were Assumed Liabilities. *See, e.g.*, A-22; A-40 (Sale Order and Injunction ¶¶ 8, 46). The Sale Order and Injunction enjoins parties from bringing actions against New GM for Retained Liabilities of Old GM. *See* A-40 (*id.* ¶ 8).

In 2015, the Bankruptcy Court confirmed on two separate occasions that any claim based on a pre-363 Sale accident—like the claims asserted by Appellee—cannot be asserted against New GM, and is proscribed by the Sale Order and Injunction. Specifically, the June Judgment expressly held as follows:

> Any claims and/or causes of action brought by the Ignition Switch Pre-Closing Accident Plaintiffs that seek to hold New GM liable for accidents or incidents that occurred prior to the closing of the 363 Sale are barred and enjoined pursuant to the Sale Order. The Ignition Switch Pre-Closing Accident Plaintiffs shall not assert or maintain any such claim or cause of action against New GM.

12