Hearing Date and Time: April 20, 2017 at 9:00 a.m.
Reply Brief Deadline: April 7, 2017

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
In re:

MOTORS LIQUIDATION COMPANY, *et al.,*
    f/k/a General Motors Corp., *et al.,*

        Debtors

---------------------------------------------------------------

Chapter 11

Case No.: 09-50026 (MG)

(Jointly Administered)

**PILGRIM PLAINTIFFS' SUPPLEMENTAL OPENING BRIEF ON THE 2016
THRESHOLD ISSUES**

    KNAPP, PETERSEN & CLARKE
    550 North Brand Boulevard, Suite 1500
    Glendale, California 91203
    Telephone: (818) 547-5000
    Facsimile: (818) 54705329
    André E. Jardini, Esq. (*admitted pro hac vice*)

    KLESTADT WINTERS JURELLER
    SOUTHARD & STEVENS, LLP
    200 West 41st Street, 17th Floor
    New York, NY 10036-7203
    Telephone: (212) 972-3000
    Facsimile: (212) 972-2245
    Sean Southard, Esq.
    Brendan M. Scott, Esq.

    *Attorneys for Plaintiffs William D. Pilgrim, et al.*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...........................................................................................................1

BACKGROUND ...............................................................................................................................2

PROCEDURAL HISTORY..................................................................................................................4

ARGUMENT ....................................................................................................................................5

    I.   The Pilgrim Plaintiffs are not bound by any Restrictive Definition of "Non Ignition Switch Plaintiffs".................................................................................................................5

    II.  Pilgrim Plaintiffs Assert that they were Denied Due Process Rights which Permit them to Pursue Successor Liability Claims against New GM ............................................................6

    III. New GM is Estopped from Contending that the Pilgrim Plaintiffs had any Obligation to Appeal the June 2015 Judgment and/or the December 2015 Judgment .............................7

CONCLUSION...................................................................................................................................7

TO:   THE HONORABLE MARTIN GLENN,
      UNITED STATES BANKRUPTCY JUDGE

The Pilgrim plaintiffs[1] respectfully submit this supplemental opening brief on the 2016 threshold issues.

**PRELIMINARY STATEMENT**

The Pilgrim Plaintiffs file this supplemental opening brief to address issues particular to their case and not specifically covered in Plaintiffs' Joint Opening Brief on the 2016 Threshold Issues. The Pilgrim Plaintiffs join in those arguments and positions stated in Plaintiffs' Joint Opening Brief.

The Pilgrim Plaintiffs were not a party in the Bankruptcy Court proceedings at the time of the April 2015 Decision/June 2015 Judgment, nor at the time of the November 2015 Decision/December 2015 Judgment. As such, any attempt to impose a definition discussed by the Court in these decisions as applying to "Ignition Switch Plaintiffs" is inapplicable to the Pilgrim Plaintiffs, whose circumstances must be separately considered.

Because the Pilgrim Plaintiffs were not a party to these proceedings, they had no opportunity to appeal from the June 2015 Judgment or December 2015 Judgment. As such, the Pilgrim Plaintiffs' right to bring Independent Claims should be separately assessed. Based on the Second Circuit Opinion, Independent Claims are not precluded by the Sale Order.

The Pilgrim Plaintiffs contend that the Second Circuit Opinion should be applicable to them, as these parties and New GM specifically so stipulated. Therefore, this Court should find the Second Circuit holding that claims of Used Car Purchasers are outside the Sale Order and, thus, cannot be enjoined, to be applicable to the Pilgrim Plaintiffs.

---

[1] The Pilgrim plaintiffs are 40 owners of Corvette V06 automobiles who have filed suit for defects causing economic loss in the case of *Pilgrim v. General Motors LLC*, case number CV 15-8047-JFW (Ex) pending in the United States District Court, Central District of California.

Lastly, the Pilgrim Plaintiffs assert Old GM's and New GM's conduct in failing to provide the Pilgrim Plaintiffs with notice of the defects and/or notice of the pendency of this case, notwithstanding the fact that they had knowledge concerning defects in Corvette Z06 vehicles, resulted in the violation of the Pilgrim Plaintiffs rights to Due Process, such that these plaintiffs should be entitled to bring successor liability claims against New GM.

## BACKGROUND

Old GM and New GM each have manufactured and sold the high performance Corvette Z06 model automobile with a LS7 or 427 cubic inch engine. The model years for the Corvette Z06 run from 2006 to 2013.[2]

Unfortunately, the Corvette Z06 engine has a dangerous defect. The defect in the valve manufacture of the engine results first, in excessive engine valve noise, and then, in catastrophic engine failure, even on cars with very few miles on the odometer. Most Corvette Z06 vehicles manufactured by Old GM and New GM from 2006 to 2013 have this defect.

The catastrophic engine failure which results from this defect results in a mechanical breakdown within the engine which can blow a hole in the engine up to six inches in diameter. This sudden explosive event results in an immediate loss of power and compromises the steering and braking of the vehicle. Also, the engine oil immediately gushes out of the engine and under the rear tires resulting in potential loss of traction and control of the vehicle. In one instance, caught on video, the discharged oil caught fire, engulfing the automobile. This sequence of events caused by this engine defect has caused injury to at least one driver.

---

[2] Evidence in support of the factual statements in this Background section are appended to the Reply filed by the Pilgrim Plaintiffs to GM's Motion to Enforce the Sale Order. (Dkt. No. 13599.)

2

Old GM knew of this defect. In 2008, Old GM directed its dealers to make certain relevant repairs to Z06 vehicles, but only if a customer complained of catastrophic engine failure. New GM also knows of this defect, by this lawsuit, and previously. Despite the knowledge by Old GM and New GM about the defect, and its danger to Corvette Z06 drivers, no recall of these vehicles for this defect has occurred.

New GM retained the obligation to recall vehicles with dangerous defects under the Assumed Liabilities accepted by it on purchase under the Sale Order, specifically listing under those Assumed Liabilities recalls under the Safety Act and compliance with the TREAD Act. Other lesser defects have resulted in recalls by New GM for Corvette Z06 models, even those before the 2009 model year.

Both Old GM and New GM had complete information concerning the identity and location of owners of Corvette Z06 automobiles from 2006 to 2013. The recalls which have been made for other defects on these Z06 vehicles clearly demonstrate this fact.

Despite the existence of this Corvette Z06 engine defect, and knowledge by Old GM of the defect, and the fact that Old GM knew the names and addresses of all Corvette Z06 owners, no actual notice was provided concerning the potential for a claim based on this defect in this bankruptcy proceeding before the Sale Order.

The required remedy for this Corvette Z06 defect is a substantial rebuild of the subject engine, with a cost upwards of $15,000.

There are 30,546 Corvette Z06 or 427 vehicles which have been manufactured between 2006 and 2013. This limited number of vehicles makes actual notice readily practicable.

A class action complaint was filed on behalf of the *Pilgrim* Plaintiffs on October 14, 2015. From that time, until the present, there has been no opportunity to conduct any discovery,

3

as a result of the procedural directives in effect in the Central District and stipulations before, and orders by, that Court concerning stays in the action to conform the pleadings to the orders of this Court and to permit this Court to make a determination on the GM Motion to Enforce the Sale Order.

## **PROCEDURAL HISTORY**

On October 14, 2015, the Pilgrim Plaintiffs filed their action in the United States District Court for the Central District of California. On January 25, 2016, that action was stayed by way of stipulation and order pending resolution of New GM's Motion that the case violated the July 5, 2009 Sale Order and Injunction.

On January 19, 2016, New GM filed its Motion to Enforce the Sale Order Against the Pilgrim Plaintiffs.

On February 4, 2016, the Pilgrim Plaintiffs made their first appearance in this matter by way of its Reply to the New GM Motion to Enforce the Sale Order [Dkt. No. 13599]. At the time of the appearance of the Pilgrim Plaintiffs in the action, the Second Circuit had already taken up the appeal concerning the April 2015 Decision/June 2015 Judgment. Also, before the appearance of the Pilgrim Plaintiffs in this matter, the Court had rendered its November 2015 Decision and entered its December 2015 Judgment.

Upon the filing of the Pilgrim Plaintiffs' Reply, New GM requested and the Pilgrim Plaintiffs agreed that an order should be issued staying New GM's Motion to Enforce the Sale Order. A Stipulation and Order adjourning the reply and hearing date with respect to New GM's Motion was filed and entered on February 10, 2016. [Dkt. No. 13603] The stipulation provided in part, as support for the request:

> "WHEREAS, prior to the filing of the Amended Complaint and the Pilgrim Motion to Enforce, the Bankruptcy Court entered the April

4

> Decision and June Judgment, finding, among other things, that a certain group of plaintiffs could assert Independent Claims against New GM, and that other plaintiffs could not;"
>
> "WHEREAS, the April Decision and June Judgment are currently on appeal in the Second Circuit Court of Appeals ("**Second Circuit Appeal**") with oral argument scheduled for March 15, 2016;
>
> WHEREAS, after filing of the Response, counsel for New GM and counsel for the Pilgrim Plaintiffs met and conferred on the issues raised in the Pilgrim Motion to Enforce and the Response, as well as the issues raised in the Second Circuit Appeal, and
>
> WHEREAS, the Parties hereto agree that **the resolution of the Second Circuit Appeal may have a material effect on the issues raised in the Pilgrim Motion to Enforce and the Response**, and, to conserve the Court's and the Parties' resources that the Reply Date and the Hearing Date should be adjourned pending a resolution of the Second Circuit Appeal."

[Dkt. No. 13603 at pps. 2, 3.] [Emphasis added.]

In the Stipulation and Order it was agreed that the adjournment of the hearing date would not prejudice the Pilgrim Plaintiffs' request to seek discovery against New GM on the Due Process issue.

## ARGUMENT

### I. The Pilgrim Plaintiffs Are Not Bound By Any Restrictive Definition Of "Non Ignition Switch Plaintiffs"

New GM has unfairly sought to mischaracterize the Pilgrim Plaintiffs as "Non Ignition Switch Plaintiffs," as they interpret this language in the April Decision.[3] The acceptance of this proposition would deprive the Pilgrim Plaintiffs of the right to assert their Due Process rights against GM, for the failure to apprise the Pilgrim Plaintiffs and the Class they represent of the bankruptcy, under circumstances where GM had full knowledge concerning the defects alleged.

---

[3] Non Ignition Switch Plaintiffs is a defined term in the Court's April 15, 2015, Decision ("the Decision"). 529 B.R. 510 (Bankr S.D.N.Y 2015 (Gerber J))

5

The Pilgrim Plaintiffs are not bound by this Court's description of Non-Ignition Switch Plaintiffs in the April 2015 Order, either under the terms of that Order, or under circumstances where the Pilgrim Plaintiffs were not a party to the case at the time the Order was entered.

A plain reading of the Order reveals that the group described by the Court as Non-Ignition Switch Plaintiffs were those plaintiffs that sought recovery for diminution in value caused by an ignition switch defect in other GM vehicles, causing harm to the overall brand. (Decision at p. 522.) The Decision, by its terms, does not concern other kinds of defects in GM vehicles.

The Pilgrim Plaintiffs allege a specific dangerous endemic defect, not economic harm due to damage to the GM brand. The Pilgrim Plaintiffs cannot fairly be considered to be, and dealt with as, Non-Ignition Switch Plaintiffs, as defined by New GM. The Pilgrim Plaintiffs are directly akin to Economic Loss plaintiffs as described in the opinion. (Decision at p. 521.) As such, the Pilgrim Plaintiffs should be permitted to assert Due Process rights that they allege were violated, the prejudice suffered thereby, and that the Sale Order as to them is overbroad and that they should be permitted to bring Independent Claims against New GM.

## II. **Pilgrim Plaintiffs Assert That They Were Denied Due Process Rights Which Permit Them To Pursue Successor Liability Claims Against New GM**

Pilgrim Plaintiffs assert Due Process violations based on knowledge by Old GM of a defect in Corvette vehicles that created a safety hazard, along with knowledge of the names and addresses of owners of the defective cars, which serves to make the owners of these vehicles "known creditors" to whom the debtor manufacturer had a Due Process obligation to provide actual notice. (Decision at p. 525.) If New GM disputes this knowledge requiring actual notice,

6

discovery should be permitted. At the appropriate time, the Pilgrim Plaintiffs will request the Court to permit such discovery.

### III. **New GM Is Estopped From Contending That The Pilgrim Plaintiffs Had Any Obligation To Appeal The June 2015 Judgment And/Or The December 2015 Judgment**

Having entered into a stipulation to defer decision on its motion to enforce the Bankruptcy Court's Sale Order, and having stated in support of a stipulation and order adjourning the reply and hearing date, that the parties agree that the resolution of the Second Circuit Appeal may have a material effect on the issues raised in the motion, GM is estopped from contending that the Pilgrim Plaintiffs should have taken any action in connection with the appeal.

Further, the Pilgrim parties were not parties to the case, and had not received notice of the existence of the case at the time the judgments at issue were entered.

### CONCLUSION

Based on the foregoing, the Pilgrim Plaintiffs contend that:

1. The term Non-Ignition Switch Plaintiffs cannot be narrowly defined to preclude Independent Claims by the Pilgrim Plaintiffs;

2. There is no obligation for the Pilgrim Plaintiffs to have appealed either the June 2015 Judgment or the November 2015 Judgment; and GM is estopped to contend to the contrary; therefore, the Pilgrim Plaintiffs are entitled to assert Independent Claims;

3. The Pilgrim Plaintiffs should have the benefit of the Second Circuit Opinion concerning Used Car Purchasers, i.e. permitting claims by those who purchased pre-2009 Corvette Z06 vehicles as used cars after July, 2009.

4. The Pilgrim Plaintiffs assert the right to raise Due Process violations at the appropriate time, and conduct discovery concerning those violations. These parties have the right on this basis to bring successor liability claims against New GM unimpeded by the Sale Order.

**WHEREFORE**, the Pilgrim Plaintiffs respectfully requests that the Court enter an order granting the relief sought herein and in Plaintiffs' Joint Opening Brief, and granting such other and further relief as this Court may deem just and proper.

Dated: February 27, 2017
New York, New York

Respectfully submitted,

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By: */s/ Brendan M. Scott*
Sean Southard
Brendan Scott
200 West 41st Street, 17th Floor
New York, NY 10036-7203
(212) 972-3000 Main
(212) 972-2245 Fax

KNAPP, PETERSEN & CLARKE

By: */s/ André E. Jardini*
André E. Jardini
(Appearing *Pro Hac Vice*)
550 North Brand Boulevard, Suite 1500
Glendale, California 91203
Telephone: (818) 547-5000
Facsimile: (818) 547-5329