**Hearing Date and Time: April 20, 2017 at 9:00 a.m. (Eastern Time)**
**Reply Brief Deadline: April 7, 2017**

Gary Peller
GARY PELLER, ESQ.
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
Telephone:    (202) 662-9122
*Counsel for the Elliott, Sesay and*
*Bledsoe Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                                             :
In re:                                                       :          Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,                          :          Case No.: 09-50026 (MG)
          f/k/a General Motors Corp., et al.,                :
                                                             :
                                              Debtors.       :          (Jointly Administered)
-------------------------------------------------------------X

# The *Elliott*, *Sesay* and *Bledsoe* Plaintiffs' Supplemental Opening Brief Regarding the 2016 Threshold Issues

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..................................................................................................1

**I.      Procedural Background**..................................................................................................2

**II.     Effect of Court of Appeals Rulings on Plaintiffs' Claims**............................................6

**III.    The 2016 Threshold Issues** ..............................................................................................7

        *Issue No. 1*..............................................................................................7

        *Issue No. 2*..............................................................................................8

        *Issue No. 3*............................................................................................10

        *Issue No. 4*............................................................................................10

**IV.    Conclusion**.......................................................................................................................11

**PRELIMINARY STATEMENT**

Pursuant to the Court's December 13, 2016, Order to Show Cause, Dkt. No. 13802, the *Elliott*, *Sesay* and *Bledsoe* Plaintiffs[1] ("Supplemental Plaintiffs") respectfully submit this brief to supplement the Opening Brief of Brown Rudnick LLP and Goodwin Proctor LLP, whom the Court designated "as the drafters of the Plaintiffs' Opening Brief." *Id*. at 3.

The *Elliott*, *Sesay* and *Bledsoe* Plaintiffs' lawsuits have been consolidated with others against New GM as part of multidistrict ("MDL") proceedings. *In re General motors LLC Ignition Switch Litigation*, 1:14-md-2543 (S.D.N.Y.) (JMF). The Supplemental Plaintiffs are not named in any of the consolidated complaints filed by Lead Counsel in those proceedings, and they are not represented in these bankruptcy court proceedings by Lead Counsel or their designees, who here represent exclusively their own personal injury clients and the named

---

[1] Celestine Elliott and Lawrence Elliott are plaintiffs in *Elliott et al. v. General Motors* LLC, 1:14-cv-8382 (S.D.N.Y.) (JMF). As representatives of and on behalf of a class of District of Columbia residents, Mr. and Mrs. Elliott assert ignition switch related economic loss claims related to a 2006 Chevrolet Cobalt that they purchased new prior to the closing of the §363 Sale. Berenice Summerville, the other Plaintiff in Elliott, is no longer before the Court. She purchased her vehicle post-Closing, and this Court has already ruled that her claims and those of other post-Sale purchasers of new vehicles from New GM are not encompassed by the Sale Order. November 2015 Decision at 31; December 2015 Judgment ¶15.
 Ishmail Sesay and Joanne Yearwood are plaintiffs in *Sesay et al. v. General Motors LLC*, 1:14-cv-6018 (S.D.N.Y.) (JMF). Mr. Sesay seeks to represent a class of Maryland residents with respect to alleged non-ignition switch related defects in a vehicle manufactured by General Motors Corporation ("Old GM") that he bought post-sale. Ms. Yearwood, like Ms. Summerville, is a post-Sale purchasers of new vehicle manufactured by New GM whose claims are not encompassed by the Sale Order Injunction.
 Sharon Bledsoe, Celestine Elliott, Lawrence Elliott, Tina Farmer, Paul Fordham, Momoh Kanu, Tynesia Mitchell, Dierra Thomas, and James Tibbs are plaintiffs in *Bledsoe et al. v. General Motors LLC*, 1:14-cv-7631 (S.D.N.Y) (JMF). Mss. Bledsoe, Farmer and Thomas are pre-Closing purchasers of vehicles containing the ignition switch defect. Ms. Mitchell is a post-Closing purchaser of an ignition switch defect vehicle. They each seek to represent putative classes of similarly situated Maryland residents with respect to their economic loss. Ms. Bledsoe also seeks to recover in connection with two pre-Closing accidents, and Ms. Farmer seeks to recover in connection with a post-Closing accident. Mr. and Mrs. Elliott assert putative class claims in this lawsuit based on alleged non-ignition switch defects in a second vehicle that they also purchased pre-Closing. Messrs. Fordham, Kanu and Tibbs are post-Closing purchasers of vehicles manufactured by Old GM that they allege contain non-ignition switch defects (although Mr Fordham purchased his vehicles as "certified" from a New GM dealership and will be treated as if New GM had manufactured the vehicles).

plaintiffs in the consolidated complaints filed in the MDL on behalf of putative classes seeking recovery for economic loss. *In re GM LLC Ignition Switch Litig.*, 2015 U.S. Dist. LEXIS 75826, 2015 WL 3619584, 524-57 (S.D.N.Y. June 10, 2015) (explaining relationship between consolidated complaints and the independent *Elliott*, *Sesay* and *Bledsoe* lawsuits).

The *Elliott*, *Sesay* and *Bledsoe* Plaintiffs include pre- and post-Closing ignition switch accident victims, as well as pre- and post-sale purchasers of vehicles containing both ignition switch and non-ignition switch defects who seek to recovery for economic loss. In their economic loss claims, each Plaintiff seeks to represent a putative class of similarly situated owners of GM vehicles.[2]

The *Elliott*, *Sesay*, and *Bledsoe* Plaintiffs each appealed from this Court's April 15, 2015, Decision and June 1, 2015 Judgment which, *inter alia*, enjoined ignition switch plaintiffs from asserting successor liability claims against New GM and enjoined non-ignition switch Plaintiffs seeking from asserting either successor liability or independent claims against New GM. Plaintiffs may be differently situated in comparison to other parties asserting non-ignition switch claims who did not appeal those rulings. Accordingly, while they concur with the positions presented in the Plaintiffs' Opening brief and adopt them as their own, they submit this Supplemental Brief to set forth their particular posture with respect to the threshold issues.

## I.     Procedural Background

New GM brought the *Elliott, Sesay*, and *Bledsoe* Plaintiffs before this Court by identifying their lawsuits in New GM's motions to enforce the 2009 Sale Order. Plaintiffs declined to enter into voluntary stipulations to stay their lawsuits, and each submitted "No Stay

---

[2]     *See* n. 1, supra. The *Elliott*, *Sesay*, and *Bledsoe* do not include every category of plaintiff relevant to the determination of the 2016 Threshold Issues in that they include no pre- or post-closing accident victim who alleges that a non-ignition switch defect caused the accident.

2

Pleadings" pursuant to the Court's Scheduling Orders, along with motions to dismiss New GM's enforcement efforts as to their claims. They contended *inter alia* that this Court lacked jurisdictional and statutory authority to enjoin Plaintiffs from asserting independent claims against New GM for its own, independent and non-derivative wrongdoing, that the Court lacked jurisdictional and statutory authority to bar the "future claims" of post-Sale purchasers, and that none of the Plaintiffs claims could be barred because they did not receive the notice and opportunity to be heard that are the constitutional prerequisites to preclusion of their *in personam* claims against New GM, a non-debtor. This Court denied each of their "No Stay" pleadings and motions for dismissal. Dkt. Nos. 112834; 12989; 12991.

After this Court issued its April 15, 2014 decision on the "2014 Threshold Issues" and prior to the entry of judgment, Plaintiffs requested an opportunity to submit additional objections to New GM's motions to enforce prior to the entry of Judgment. Dkt. No. 13143. The Court denied the request. Dkt. No. 13161. The Court's Judgment purported to enforce the Sale Order to enjoin ignition switch economic loss plaintiffs from asserting successor liability claims against New GM, and to enjoin pre-Sale ignition switch accident Plaintiffs and non-ignition switch economic loss plaintiffs from asserting either independent or successor liability claims against New GM beyond the liabilities New GM had agreed to retain with respect to post-Closing accidents. Dkt. No. 13177. This Court certified the ruling for direct appeal to the Court of Appeals. Dkt. No. 13178.

The *Elliott* and *Sesay* Plaintiffs filed timely notices of appeal on June 1, 2015. Dkt. Nos. 13179, 13180. The *Bledsoe* Plaintiffs submitted a motion to reconsider or amend the Judgment to permit Ms. Bledsoe, a pre-Closing ignition switch accident plaintiff, to assert independent claims, and to find that Supplemental Plaintiffs each had been denied notice and an opportunity

3

to be heard prior to its entry and therefore they were not bound by the 2009 Sale Order injunction with respect to either independent or successor liability claims. Dkt. No. 13196, 13197. This Court denied the motion for reconsideration, Dkt. No. 13313. The *Bledsoe* Plaintiffs filed a timely notice of appeal. Dkt. No. 13337.

Pursuant to this Court's certification, the *Elliott* Plaintiffs petitioned for direct appeal. The Court of Appeals granted the *Elliott* Plaintiffs' petition and permitted intervention to hear the related appeals of certain other "ignition switch plaintiffs" and certain other "ignition switch pre-closing accident plaintiffs," the States of Arizona and California, the *Groman* Plaintiffs, and the appeal of Doris Powledge Phillips. In addition, New GM cross-appealed from the part of this Court's decision permitting ignition switch plaintiffs to assert independent claims against New GM.

Following the entry of Judgment, this Court entered a scheduling order for the consideration of issues raised by the application of the Judgment to the pleadings of particular parties. With respect to the *Elliott*, *Sesay*, and *Bledsoe* pleadings, the Court agreed that they had properly pled independent claims regarding against New GM for its own wrongdoing with respect to their claims for economic loss from the ignition switch defect. However, in accordance with Decision and Judgment, the Court ordered Plaintiffs to strike the successor liability allegations of ignition switch and non-ignition switch plaintiffs, and to strike particular references to conduct of Old GM. Dkt. No. 13563. The Court also ruled that claims against New GM asserting that its concealment had prevented plaintiffs from asserting timely claims in the Old GM bankruptcy proceedings were not independent claims and therefore could not be asserted by pre-closing purchasers of vehicles containing the defective ignition switch. In addition to applying its ruling to the particular parties who had been before the Court during the

2014 Threshold Issues proceedings, the Court applied its rulings to post-Closing accident victims, such as Ms. Farmer, ruling that New GM's agreement to be liable for post-Closing accidents due to defects in Old GM vehicles did not include liability for punitive damages, and that, in light of the bar against post-closing accident plaintiffs from pursuing successor liability claims against New GM found enforceable in the April 2015 Decision and June 2015 Judgment, such plaintiffs could recover punitive damages only in connection with the independent claims that the earlier rulings permitted ignition switch plaintiffs to assert.

Supplemental Plaintiffs agree with the analysis in the Plaintiffs' Opening Brief regarding the Court of Appeals Opinion. In sum, the Court of Appeals agreed with Plaintiffs that the bankruptcy court lacked a statutory basis to enjoin independent claims against New GM for its own wrongdoing, or to enjoin "future claims" of post-sale purchasers. *Elliott v. Gen. Motors LLC (In re Motors Liquidation Co.),* 829 F.3d 135, 157 (2d Cir. 2016) (the "Court of Appeals Opinion"). With respect to successor liability claims, the Court held that such claims may be barred as part of a free and clear sale under §363, but only if the constitutional prerequisites of notice and an opportunity to be heard are accorded. *Id*. at 158-59. The Court of Appeals did not reach the issue whether, once a violation of notice is shown, prejudice is also required to make out a due process violation precluding the application of the judgment on the parties. *Id*. at 163. The Court of Appeals ruled that, contrary to this Court's finding, the ignition switch plaintiffs were prejudiced by the lack of notice and an opportunity to be heard. Recognizing that the bankruptcy court had not ruled on the due process contentions of non-ignition switch plaintiffs, the court vacated this court's injunction barring pre-closing purchasers of vehicles containing non-ignition switch defects from pursuing their successor liability claims and remanded to this Court to determine if the due process rights of pre-Closing purchaser non-ignition switch

5

plaintiffs had also been violated, with the consequence that they also would be free of the Sale Order's bar on successor liability claims. *Id*. at 166.

## II.     Effect of Court of Appeals Rulings on Supplemental Plaintiffs' Claims

As the Plaintiffs' Opening Brief describes, effect of the Court of Appeals ruling on Plaintiffs' claims is clear.

All Plaintiffs' independent claims against New GM for its own wrongdoing can go forward, whether asserted in relation to an ignition switch claims or not. The Court of Appeals agreed with Plaintiffs that independent claims are categorically outside the authority of the bankruptcy court to enjoin and therefore were not encompassed by the injunctive provisions of the 2009 Sale Order that New GM sought in these proceedings to enforce.[3]

The Court of Appeals also ruled that the "future claims" of "used car purchasers" who bought vehicles manufactured by Old GM after the closing were also outside the scope of the Sale Order. Accordingly, the ignition switch claims of Tynesia Mitchell and the non-ignition switch claims of Ishmail Sesay, Momoh Kanu, Paul Fordham and James Tibbs are all outside the scope of the Sale Order, and thus, as post-Closing purchasers of Old GM vehicles, they are free of any provisions of the Sale Order injunction and may assert both independent and successor liability claims against New GM.

The ignition switch economic loss claims of Celestine Elliott, Lawrence Elliott, Dierra Thomas, Sharon. Bledsoe, and Tina Farmer are not barred by the Sale Order injunction under the Court of Appeals due process holding that they had been denied their rights to notice and an

---

[3] In an apparent oversight, the Court of Appeals stated that this Court's ruling that independent claims are not barred by the Sale Order is "affirmed" and did not explicitly stated that the portion of this Court rulings purporting to bar independent claims of non-ignition switch plaintiffs was "reversed." The oversight is of no moment, however. To the extent that the Court of Appeals vacated and remanded the claims of non-ignition switch plaintiffs to be resolved "consistent with this opinion," this Court is obligated to give effect to the Court of Appeals' decision by ruling that their independent claims are not barred by the Sale Order injunction.

6

opportunity to be heard in connection with the entry of the 2009 Order. Similarly, Sharon Bledsoe, a pre-closing ignition switch accident plaintiff, and Tina Farmer, a pre-Closing purchaser of a vehicle with an ignition switch defect in which she suffered an accident post-Closing, are also not barred from pursuing claims for personal injury under the terms of the Court of Appeals ruling.

Finally, the sole issue left to be determined by this Court under the Court of Appeals' remand is the ability of pre-Closing purchasers of vehicles with non-ignition switch related defects to assert successor liability claims for personal injury or economic loss against New GM. Under the Court of Appeals' ruling regarding independent claims, only successor liability claims are now at issue on remand. And under the Court of Appeals ruling regarding post-closing purchasers, only the rights of pre-closing purchasers are left to be determined.

In terms of the *Elliott*, *Sesay* and *Bledsoe* Plaintiff group, only the economic loss, successor liability claims of Celestine and Lawrence Elliott with respect to their allegations regarding a non-ignition switch defect in their 2006 Trailblazer, which they purchased new, are left to be determined by this Court.

### III.    The 2016 Threshold Issues

In light of the Court of Appeals rulings, no questions for this Court are raised by the 2016 Threshold Issues. New GM is engaging in delay by attempting to re-litigate issues that the Court of Appeals already resolved.

*Issue No. 1:*

Supplemental Plaintiffs agree with the treatment of this issue in the Plaintiffs' Opening Brief; Judge Gerber used the term "non-ignition switch plaintiffs" to refer exclusively to claims for economic loss.

7

*Issue 2:*

As described above, the Court of Appeals' Opinion makes clear that Independent Claims of any kind are outside the permissible scope of "free and clear" provisions. Accordingly, Non-Ignition Switch Plaintiffs are not barred from asserting independent claims.[4] The only issue in the November 2015 Decision/December 2015 Judgment that was not dependent on the April 2015 Decision/June 2015 Judgment (and therefore rendered nugatory by the Court of Appeals' rulings) was the particular determination whether Plaintiffs' claims asserting that New GM's concealment caused them to miss the opportunity to file timely claims in Old GM's bankruptcy proceeding were independent claims or not. Supplemental Plaintiffs joined with other parties in appealing this Court ruling on that issue; that appeal is pending before the MDL court. Every other aspect of the November 2015 Decision/December 2015 Judgment was premised on the April 2015 Decision/June 2015 Judgment. Having already appealed those rulings, there was no basis for Supplemental Plaintiffs to file a second appeal, raising the same issues with respect to the November 2015 Decision/December 2015 Judgment, which was intended to simply implementing the earlier rulings.

While it is true that only the *Elliott*, *Sesay* and *Bledsoe* Plaintiffs had standing to assert arguments on behalf of non-ignition switch plaintiffs in the Court of Appeals, it is also clear that other parties are not precluded by their failure to appeal the April 2015 Decision/June 2015 Judgment. The June 2015 Judgment makes clear that lawsuits would be stayed rather than dismissed, and thus while styled a "Judgment," the Court's Order was interlocutory and not

---

[4] Supplemental Plaintiffs do not assert any non-ignition switch claims for personal injury and therefore do not address particular issues regarding the claims of Post-Closing Accident Plaintiffs in non-Subject vehicles.

8

intended as a final judgment. Accordingly, no question of claim preclusion is presented. The Court itself indicated this lack of finality by explicitly providing that

> if the [April 2015] Decision and [June 2015] Judgment are reversed on appeal such that the appellate court finds that the Non-Ignition Switch Pre-Closing Accident Plaintiffs or Non-Ignition Switch Plaintiffs can make the allegations, or maintain the lawsuit or claims or causes of action, against New GM and/or the GUC Trust heretofore dismissed or stricken pursuant to this Judgment, all of the Non-Ignition Switch Pre-Closing Accident Plaintiffs' or Non-Ignition Switch Plaintiffs' rights against New GM and/or the GUC Trust that existed prior to the dismissal of their lawsuit or the striking of claims or causes of action pursuant to this Judgment shall be reinstated as if the dismissal or the striking of such claims or causes of action never occurred.[5]

Moreover, even were this Court to find that parties to the June 2015 Judgment who did not appeal are therefore precluded, it should be noted that such preclusion can only apply to those who participated in those proceedings. Absent parties, including non-ignition switch plaintiffs who had not been brought before the Court, cannot be precluded by a purported failure to appeal a judgment in proceedings in which they did not participate.

This Court has also already resolved the issue posed in the last paragraph of threshold issue #2 regarding the determination whether Plaintiffs assert valid independent claims. Those determinations are to be made by nonbankruptcy judges:

> Under the principles in this Judgment and the Decision, the determination of whether claims asserted in complaints filed by Ignition Switch Plaintiffs (including the MDL Consolidated Complaint filed in MDL 2543), or complaints filed by Post-Closing Accident Plaintiffs (including the Bellwether Complaints filed in MDL 2543) with the Ignition Switch Defect, are Independent Claims that may properly be asserted against New GM, or Retained Liabilities of Old GM, can be made by nonbankruptcy courts overseeing such lawsuits, *provided however*, such plaintiffs may not assert allegations of Old GM knowledge or seek to introduce evidence of Old GM's knowledge in support of

---

[5] See June 2015 Judgment ¶ 13(e)(ii). It is true that Supplemental Plaintiffs suggested that non-appealing Plaintiffs "may" have risked preclusion by failing to appeal on behalf of non-ignition switch plaintiffs. *See Notice of Conflict Within the Plaintiffs' Group and of the Possible Need for the Court to Augment Plaintiffs' Leadership Structure* at 1, 14-md-2543, Dkt. No. 2772. However, that suggestion did not take account of the interlocutory nature of the proceedings as of the June 2015 Judgment, nor the explicit provisions in that ruling regarding the reserved rights of non-ignition switch plaintiffs.

9

such Independent Claims (except to the extent the Imputation principles set forth in the Decision and this Judgment are applicable).[6]

*Issue No. 3:*

As the Plaintiffs' Opening Brief demonstrates, the Court of Appeals held that the claims of post-closing purchasers are wholly outside the ambit of interests that can be barred in a §363 Sale, because post-closing purchasers of used vehicles manufactured by Old GM had no relationship with Old GM and held no claims against Old GM that could be barred. There is no basis for limiting the ruling to independent claims against New GM for its own wrongdoing, as the Court of Appeals held that the Sale Order injunction simply does not apply to such parties, and therefore the Sale Order bar on successor liability claims cannot apply.

*Issue No. 4:*

As defined in the Order to Show Cause, "Post-Closing Accident Plaintiffs" include all parties asserting claims relating to post-closing accidents in vehicles manufactured by Old GM. The category must be further refined to determine whether such parties' successor liability claims may go forward now or must await further proceedings under the Court of Appeals' ruling. The reference to the Court's November 2015 Decision/December 2015 Judgment in the statement of the issue may obscure the fact that, as rulings implementing the Court's April 2015 Decision/June 2015 Judgment, the later rulings were premised on the earlier ones, and are no longer valid upon the reversal of the Court's earlier rulings.

For any post-closing accident plaintiffs who purchased their vehicles after the closing, they are "used car purchasers" who are not subject to the Sale Order injunction under the terms of the Court of Appeals ruling. Whether they allege that their accidents were caused by ignition

---

[6] See June 2015 Judgment ¶ 23.

switch or non-ignition switch defects, used car purchasers are not barred from asserting successor liability and punitive damage claims in any way.

The successor liability claims of post-closing accident plaintiffs such as Ms. Farmer, who purchased her vehicle pre-closing and who alleges that her injuries were caused by an ignition switch defect, may also go forward under the Court of Appeals ruling that pre-closing purchasers of vehicles containing the ignition switch defect were denied their due process rights in connection with the entry of the 2009 Sale Order injunction, and therefore pre-closing purchasers of ignition switch defective vehicles are not subject to the Sale Order injunction. The successor liability claims of pre-Sale purchasers who suffered post-closing accidents due to the ignition switch defect therefore are not barred by the Sale Order.

The only "post-closing accident plaintiffs" whose rights to assert successor liability claims are still to be determined by this Court are pre-closing purchasers of vehicles containing non-ignition switch defects which they allege caused their post-closing accidents. As noted above, the Supplemental Plaintiffs group does not include any non-ignition switch personal injury or wrongful death plaintiffs.

### IV. Conclusion

Pursuant to the Court of Appeals ruling regarding the claims of Supplemental Plaintiffs, the only issue remaining for this Court's determination is whether the successor liability claims of pre-closing purchasers alleging non-ignition switch defects in their vehicles are barred by the Sale Order injunction. The Court of Appeals remanded the issue for this Court to determine whether pre-closing non-ignition switch plaintiffs were denied the constitutionally required notice and opportunity to be heard prior to the entry of the 2009 Sale Order. Except for that single category of claims for which the Court of Appeals vacated this Court's prior orders and

remanded for further proceedings, the resolution of the 2016 Threshold Issues are dictated by the plain terms of the Court of Appeals ruling. Supplemental Plaintiffs submit that the Court should turn to those issues forthwith.

        Respectfully submitted,

        */s/ Gary Peller* (*pro hac vice*)

        Gary Peller
        600 New Jersey Ave., N.W.
        Washington, DC 20001
        (202) 662-9122
        peller@law.georgetown.edu
        Counsel for the *Elliott*, *Sesay* and *Bledsoe* Plaintiffs