# **Exhibit B**

```
                    UNITED STATES BANKRUPTCY COURT
                    SOUTHERN DISTRICT OF NEW YORK


                                 .    Case No. 09-50026-mg
IN RE:                           .    Chapter 11
                                 .
MOTORS LIQUIDATION COMPANY,      .    (Jointly administered)
et al., f/k/a GENERAL            .
MOTORS CORP., et al,             .    One Bowling Green
                                 .    New York, NY 10004
             Debtors.            .
                                 .    Wednesday, November 16, 2016
. . . . . . . . . . . . . . . .       11:38 a.m.


    TRANSCRIPT OF CASE MANAGEMENT CONFERENCE (CC: DOCUMENT NUMBER
           13786, RELATED DOCUMENT(S) 13373, 13775, 13697)
                BEFORE THE HONORABLE MARTIN GLENN
              UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:              King & Spalding LLP
                             By:  ARTHUR STEINBERG, ESQ.
                                  SCOTT DAVIDSON, ESQ.
                             1185 Avenue of the Americas
                             New York, New York 10036-4003
                             (212) 556-2158


For the Ignition Switch      Brown Rudnick LLP
plaintiffs and certain       By:  EDWARD S. WEISFELNER, ESQ.
non-Ignition Switch          7 Times Square
plaintiffs:                  New York, New York 10036
                             (212) 209-4917


For Sesay, Bledsoe
and Elliott:                 GARY PELLER, ESQ.
                             600 New Jersey Ave., NW
                             Washington, DC 20001
                             (202) 662-9122


APPEARANCES CONTINUED.

Audio Operator:              Jonathan, ECRO


Transcription Company:       Access Transcripts, LLC
                             10110 Youngwood Lane
                             Fishers, IN 46038
                             (855) 873-2223
                             www.accesstranscripts.com


        Proceedings recorded by electronic sound recording,
            transcript produced by transcription service.
```

09-50026-mg    Doc 13865-2    Filed 02/27/17    Entered 02/27/17 20:36:06    Exhibit B
09-50026-mg    Doc 13796    Filed 11/17/16    Entered 11/18/16 11:08:44    Main Document
Pg 3 of 8
Pg 2 of 78

2

```
APPEARANCES (Continued):

For Personal Injury
Accident Plaintiffs:     Goodwin Procter LLP
                         By:  WILLIAM P. WEINTRAUB, ESQ.
                         The New York Times Building
                         620 Eighth Avenue
                         New York, NY 10018-1405
                         (212) 813-8839

For the GUC Trust
Administrator:           Gibson, Dunn & Crutcher LLP
                         By:  MITCHELL KARLAN, ESQ.
                         200 Park Avenue
                         New York, New York 10166-0193

For Participating
Unit Holders:            Akin Gump Strauss Hauer & Feld LLP
                         By:  DEBORAH NEWMAN, ESQ.
                         One Bryant Park
                         New York, NY 10036-6745
                         (212) 872-1000

TELEPHONIC APPEARANCES:

For Bernard Pitterman:   Adelman Hirsch & Connors LLP
                         By:  JORAM HIRSCH, ESQ.
                         1000 Lafayette Boulevard
                         Bridgeport, CT 06604
                         (203) 331-8888

For Benjamin Pillars:    The Mastromarco Firm
                         By:  RUSSELL C. BABCOCK, ESQ.
                         1024 North Michigan Avenue
                         Saginaw, MI 48602
                         (989) 752-1414

For Corvette economic
loss plaintiffs:         Knapp, Petersen & Clark
                         By:  ANDRE E. JARDINI, ESQ.
                              K.L. MYLES, ESQ.
                         550 North Brand Boulevard, Suite 1500
                         Glendale, CA 91203-1922
                         (818) 547-5000

For Pope plaintiffs:     Ledford Law Firm
                         By:  KRIS T. LEDFORD, ESQ.
                         1437 South Boulder Avenue West #820
                         Tulsa, OK 74119
                         (918) 376-4610
```



09-50026-mg Doc 13865-2 Filed 02/27/17 Entered 02/27/17 20:36:06 Exhibit B
09-50026-mg Doc 13796 Filed 11/17/16 Entered 11/18/16 11:08:44 Main Document
Pg 4 of 8
Pg 39 of 78

39

1 Those parties aren't a secret.  They didn't include categorical
2 all ignition switch, all pre-accident [sic] accident
3 plaintiffs.  They included particular parties who were
4 represented by designated counsel through the co-lead counsel.
5 Those are particular parties that the co-lead counsel
6 represents.  The co-lead counsel do not, for those purposes,
7 represent all parties in the MDL, but more importantly, those
8 parties are just listed on the Judge judgment.  They're --
9             THE COURT:  May I ask you this, Mr. Peller?  Do you
10 agree that the Court can consider a contested matter in which
11 all parties are properly served that addresses the issue of
12 whether the injunction in the sale order is enforceable against
13 them?
14            MR. PELLER:  Your Honor, I believe that the
15 procedurally appropriate thing is GM did for all the parties --
16            THE COURT:  Could you answer my question?
17            MR. PELLER:  Yes, but I think procedurally
18 appropriate is the initiation of --
19            THE COURT:  Mr. Peller?
20            MR. PELLER:  Yes, sir?
21            THE COURT:  Let's deal first with my question, and
22 then I'll let you expand.
23            MR. PELLER:  Yeah.  Yes, Your Honor.
24            THE COURT:  You agree that an order to show cause
25 properly served on all parties that New GM seeks to bind is a

40

 1 | proper procedure to raise the issue in this court, bind under
 2 | the injunction in the sale order?
 3 |             MR. PELLER:  No, I do not, Your Honor.
 4 |             THE COURT:  Why not?
 5 |             MR. PELLER:  Judge Gerber did rule, and it was not
 6 | appealed on the --
 7 |             THE COURT:  I don't want to know about Judge Gerber.
 8 | I'm --
 9 |             MR. PELLER:  Okay.  Your Honor --
10 |             THE COURT:  I may have the issue of whether Judge
11 | Gerber's rulings -- to what extent are those enforceable
12 | against, but even if I concluded they weren't, I may be able to
13 | decide as a fresh proposition.  I may find Judge Gerber's
14 | rulings to be persuasive.  It's the point I make about Judge
15 | Furman.  His decisions may not be binding on parties in matters
16 | before me, but I may find them persuasive.  I may find Judge
17 | Gerber's decisions persuasive.  So if -- to the extent that
18 | parties are given -- and I know this is disputed because Mr.
19 | Steinberg says they were given proper notice, and I'm going to
20 | have to decide that, but even if I assume that they weren't, if
21 | they're properly served now, an order to show cause is a proper
22 | method of raising the issues before me whether those parties
23 | are bound by the injunction in the sale order.  Do you agree
24 | with that?
25 |             MR. PELLER:  I don't, Your Honor.  I believe --

09-50026-mg    Doc 13865-2    Filed 02/27/17    Entered 02/27/17 20:36:06    Exhibit B
09-50026-mg    Doc 13796    Filed 11/17/16    Entered 11/18/16 11:08:44    Main Document
Pg 6 of 8
Pg 41 of 78

41

1         THE COURT:  Okay.  Tell me why.

2         MR. PELLER:  I believe that the appropriate procedure
3  -- we believe the appropriate procedure, because they're asking
4  for injunction, was the initiation of an adversary proceeding
5  --

6         THE COURT:  What about 7001(7), which specifically
7  seems to permit the procedure?  It's typically by motion, and
8  order to show cause is the same effect as a motion.  How do you
9  distinguish what 7001(7) provides?

10        MR. PELLER:  Because an order to show cause puts the
11 onus on the served party to come in and to prove, as if it were
12 presumed and the default was that they were --

13        THE COURT:  Oh, no.  New GM may have the onus of
14 proving, so an order to show cause doesn't set the burdens.  It
15 just says who's got to come before me.  And what I anticipate
16 is that a briefing schedule will have New GM going first and
17 parties having an opportunity to file objections and then New
18 GM filing a reply.  I'm not going to dictate.  I'm going to
19 leave it to counsel to try and work out an omnibus briefing
20 schedule, but you seem to be confusing -- an order to show
21 cause doesn't determine who has the burden.  It sets forth --
22 it brings before the Court a -- in this case, what I believe --
23 what is obviously a contested matter, and there will be a
24 scheduling order prepared.  It would include briefing, which I
25 expect counsel to work cooperatively, and I assume they will,

09-50026-mg Doc 13865-2 Filed 02/27/17 Entered 02/27/17 20:36:06 Exhibit B
09-50026-mg Doc 13796 Filed 11/17/16 Entered 11/18/16 11:08:44 Main Document
Pg 42 of 78

42

1 as to what the schedule is, but you haven't convinced me why
2 7001(7) doesn't -- the exception in that doesn't apply so that
3 it does not have to be by adversary proceeding.
4     MR. PELLER: I don't -- I understand that it can be
5 by a contested matter, Your Honor, but I believe --
6     THE COURT: And a contested matter can be triggered
7 by an order to show cause.
8     MR. PELLER: We believe that --
9     THE COURT: You disagree with -- do you have any
10 authority that says that a contested matter can't be triggered
11 by an order to show cause?
12     MR. PELLER: No, I don't, Your Honor. The -- we
13 believe that the appropriate procedure is the one that New GM
14 filed -- that was filed in the past, and that is to file a
15 motion to enforce that carries as a motion all the procedural
16 rights that are guaranteed under the Federal Rules of
17 Bankruptcy.
18     THE COURT: I hear you. I disagree with you.
19     MR. PELLER: Okay.
20     THE COURT: Okay.
21     MR. PELLER: And I accept that, Your Honor. So in
22 sum, Your Honor, we believe that the other problem with the
23 order to show cause procedure is that by that procedure, New GM
24 is just going to sweep in everyone who's filed kind of
25 complaints against New GM.

| | |
|---|---|
| 1 | THE COURT: They are. |
| 2 | MR. PELLER: Yes, exactly. And that is improper |
| 3 | given that the remand proceedings that involved the parties who |
| 4 | litigated the four threshold -- |
| 5 | THE COURT: I have -- |
| 6 | MR. PELLER: -- issues didn't involve all these other |
| 7 | parties out in the universe. |
| 8 | THE COURT: Mr. Peller, <u>Motors Liquidation</u> is pending |
| 9 | before me. Judge Gerber retired, the case got transferred to |
| 10 | me. Whether it's strictly within the four corners of the |
| 11 | remand or whether it's a matter that's properly raised in the |
| 12 | pending matter before me in the <u>Motors Liquidation</u>, you know, |
| 13 | but I only want to decide these questions once, to the extent |
| 14 | that that's possible. I want to give everybody a fair chance |
| 15 | to argue their positions, and it may be that not everything |
| 16 | that gets briefed to where the parties think can be resolved |
| 17 | without discovery, maybe it can't. I don't know. All right. |
| 18 | I'm not deciding any of that now. |
| 19 | But there -- I understand your objections. There |
| 20 | seems to be a fairly substantial broad agreement that there are |
| 21 | a group of threshold issues that can properly be brought before |
| 22 | the Court using this OFC procedure. I agree the procedure is a |
| 23 | correct one. All right. What the outcome of those issues, I |
| 24 | don't know. |
| 25 | MR. PELLER: Of course, Your Honor, and I'll conclude |