# **EXHIBIT A**

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

September 4, 2015

**Via E-Mail And Overnight Delivery**
James E. Butler, Jr.
Robert D. Cheeley
Tedra C. Hobson
Robert H. Snyder
BUTLER WOOTEN, ET AL.
2719 Buford Highway
Atlanta, GA  30324

William G. Hammill
KENNETH S. NUGENT, PC
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA  30096

     Re: *Fox vs. General Motors LLC, et al.*
       **Case No.: 14A 3468-4 (Cobb County, GA)**

Dear Counsel:

  Reference is made to the *Complaint for Damages* ("**Pleading**") filed in the above-referenced lawsuit ("**Lawsuit**"), which seeks to hold General Motors LLC ("**New GM**") liable for various claims, as well as seeks punitive damages. From a review of the Pleading, it appears that Plaintiff is making allegations and seeking punitive damages from New GM that arise from the conduct of Motors Liquidation Company (f/k/a General Motors Corporation) ("**Old GM**") (and not New GM). The attempt to seek such punitive damages from New GM is a violation of the Sale Order and Injunction (as herein defined) entered by the Bankruptcy Court (as herein defined). *See Decision on Motion to Enforce Sale Order*, *In re Motors Liquidation Company*, 529 B.R. 510 (Bankr. S.D.N.Y 2015) ("**Decision**"), as well as the Judgment entered by the Bankruptcy Court on June 1, 2015 ("**Judgment**").[1] As such, the request for punitive damages cannot be maintained against New GM.

  The Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 (as amended) ("**Sale Agreement**"), which was approved by an Order, dated July 5, 2009 ("**Sale**

---

[1] A copy of the Judgment is annexed hereto as **Exhibit "A."** The Judgment memorializes the rulings in the Decision, a copy of which is annexed hereto as **Exhibit "B."**

26761979v1

James E. Butler, Jr., et al., Esq.
September 4, 2015
Page 2

**Order and Injunction**"), of the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"), is clear in this regard. Specifically, various provisions of the Sale Agreement and the Sale Order and Injunction provide that New GM would have no responsibility for any liabilities (except for Assumed Liabilities, as defined in the Sale Agreement) predicated on Old GM conduct, relating to the operation of Old GM's business, or the production of vehicles and parts before July 10, 2009. *See, e.g.*, Sale Order and Injunction ¶¶ AA, 8, 46. The Sale Order and Injunction enjoins parties from bringing actions against New GM for unassumed Old GM liabilities. *Id.*, ¶ 8.

To the extent the request for punitive damages contained in the Pleading is based on a successor liability theory, such liabilities were not assumed by New GM and, accordingly, New GM cannot be liable to the Plaintiff under that theory of recovery. Punitive damages which are assessed to deter future wrongful conduct of Old GM, unrelated to the specific accident, was never something that New GM assumed. The Bankruptcy Court has previously found that New GM only assumed the liabilities that were commercially necessary for its post-sale business activities. Punitive damages assessed to punish alleged pre-sale wrongful conduct of Old GM would never be something considered "commercially necessary." In fact, based on the subordinated priority of punitive damage claims in bankruptcy, even Old GM would not have been required to pay such damages. And, clearly, New GM did not assume an obligation that Old GM would never have been required to pay.

The Sale Order and Injunction also provides that the Bankruptcy Court retains "exclusive jurisdiction to enforce and implement the terms and provision of [the] Order" including to "protect [New GM] against any of the [liabilities that it did not expressly assume under the Sale Agreement]." Sale Order and Injunction, ¶ 71. If there is any ambiguity with respect to any of the foregoing -- which there should not be -- the exclusive forum to clarify that ambiguity is the Bankruptcy Court. The Bankruptcy Court has consistently exercised jurisdiction over issues such as those raised in the Lawsuit.[2]

The Bankruptcy Court recently issued the Judgment, which reiterated that "[e]xcept for Independent Claims and Assumed Liabilities (if any), all claims and/or causes of action that the Ignition Switch Plaintiffs may have against New GM concerning an Old GM vehicle or part seeking to impose liability or damages based in whole or in part on Old GM conduct (including, without limitation, on any successor liability theory of recovery) are barred and enjoined pursuant to the Sale Order . . . ." Judgment ¶ 9; *see also* Decision, 529 B.R. at 528 ("Claims premised in any way on Old GM conduct are properly proscribed under the Sale Agreement and the Sale Order, and by reason of the Court's other rulings, the prohibitions against the assertion of such claims stand."). The reasoning and rulings set forth in the Judgment and Decision are equally applicable to the Lawsuit. To the extent that the Pleading requests punitive damages based on Old GM conduct, such a request is proscribed. Accordingly, the Pleading should be amended so that it is consistent with the rulings in the Judgment, Decision and Sale Order and Injunction.

---

[2] *See, e.g.*, *Trusky v. Gen. Motors LLC (In re Motors Liquidation Co.)*, Adv. Proc. No. 09-09803, 2013 WL 620281 (Bankr. S.D.N.Y. Feb. 19, 2013); *Castillo v. Gen. Motors LLC (In re Motors Liquidation Co.)*, Adv. Proc. No. 09–00509, 2012 WL 1339496 (Bankr. S.D.N.Y. Apr. 17, 2012), *aff'd,* 500 B.R. 333 (S.D.N.Y. 2013), *aff'd*, No. 13-4223-BK, 2014 WL 4653066 (2d Cir. Sept. 19, 2014). *See also Celotex Corp. v. Edward*, 514 U.S. 300 (1995).

James E. Butler, Jr., et al., Esq.
September 4, 2015
Page 3

      While the Judgment provided procedures for amending pleadings that violate the Judgment, Decision and Sale Order and Injunction, or filing a pleading with the Bankruptcy Court if you have a good faith basis to maintain that your pleading should not be amended, the Bankruptcy Court, on September [3], 2015, entered a *Scheduling Order Regarding Case Management Order Re: No-Strike, No Stay, Objection, And GUC Trust Asset Pleading* ("**Scheduling Order**"), which contains procedures that supersede the procedures set forth in the Judgment. A copy of the Scheduling Order is attached hereto as **Exhibit "C."** Please consult the Scheduling Order for the procedures that apply to this matter.

      If you have any objection to the procedures set forth in the Scheduling Order, you must file such objection in writing with the Bankruptcy Court within three (3) business days of receipt of this demand letter ("**Objection**"). Otherwise, you will be bound by the terms of the Scheduling Order and the determinations made pursuant thereto. If you believe there are issues that should be presented to the Bankruptcy Court relating to your lawsuit that will not otherwise be briefed and argued in accordance with the Scheduling Order, you must set forth that position, with specificity, in your Objection. The Bankruptcy Court will decide whether a hearing is required with respect to any Objection timely filed and, if so, will, promptly notify the parties involved.

      This letter and its attachments constitute service on you of the Judgment and Decision, as well as the Scheduling Order.

      New GM reserves all of its rights regarding any continuing violations of the Bankruptcy Court's rulings.

      If you have any questions, please call me.

      Very truly yours,

      */s/ Scott I. Davidson*

      Scott I. Davidson

SD/hs
Encl.

cc:    Richard Willis, Esq.
        Kevin Malloy, Esq.
        Thomas M. Klein, Esq.
        Carrie L. Christie, Esq.
        Robert H. Burke, Esq.