**Hearing Date and Time: TBD**
**Reply Deadline: March 20, 2017 at 5:00 p.m. (Eastern Time)**

Steve W. Berman (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: 206-623-7292
Email: steve@hbsslaw.com

Edward S. Weisfelner
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: 212-209-4800
Email: eweisfelner@brownrudnick.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: 414-956-1000
Email: ecabraser@lchb.com

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, P.C.
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: 214-969-4900
Email: esserman@sbep-law.com

*Co-Lead Counsel for the Ignition Switch*
*Plaintiffs in the MDL Court*

*Designated Counsel for the Ignition Switch*
*Plaintiffs in the Bankruptcy Court*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                        :
In re:                                                  :    Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,                     :    Case No.: 09-50026 (MG)
    f/k/a General Motors Corp., et al.,              :
                                                        :
                      Debtors.                   :    (Jointly Administered)
------------------------------------------------------------X

**THE IGNITION SWITCH PLAINTIFFS'**
**BRIEF ON THE INITIAL LATE CLAIM MOTIONS ISSUES**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .......................................................................................................................... 2

ARGUMENT ................................................................................................................................ 6

    I.    The Ignition Switch Plaintiffs Need Not Satisfy The *Pioneer* Factors In Order To Obtain Authority To File The Late Proposed Class Claim Because They Suffered A Due Process Violation ......................................... 6

    II.    The Bankruptcy Court Tolled The Time For The Ignition Switch Plaintiffs To File The Motion. ....................................................... 9

CONCLUSION ............................................................................................................................ 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Axinn v. Metro. Distribution Servs., Inc. (In re Golden Distribs., Ltd.),
    128 B.R. 349 (Bankr. S.D.N.Y. 1991) ......................................................................... 8, 9

Christianson v. Colt Indus. Operating Corp.,
    486 U.S. 800 (1988) ........................................................................................................ 6

City of N.Y. v. N.Y., New Haven & Hartford R.R.,
    344 U.S. 293, motion to modify denied, 345 U.S. 901 (1953) ...................................... 7

Elliott v. General Motors LLC (In re Motors Liquidation Co.),
    829 F.3d 135 (2d Cir. 2016) ............................................................................................ 4

In re AMR Corp.,
    492 B.R. 660 (Bankr. S.D.N.Y. 2013) ............................................................................ 8

In re Ciena Capital LLC,
    No. 08-13783 (AJG), 2010 WL 3156538 (Bankr. S.D.N.Y. Aug. 10, 2010) ................ 10

In re Drexel Burnham Lambert Grp. Inc.,
    151 B.R. 674 (Bankr. S.D.N.Y.), aff'd sub nom. Indian Motocycle Assocs.,
    Inc. v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert
    Grp., Inc.), 157 B.R. 532 (S.D.N.Y. 1993) ..................................................................... 8

In re Motors Liquidation Co.,
    529 B.R. 510 (Bankr. S.D.N.Y. 2015), aff'd in part, rev'd in part, vacated in
    part sub nom. Elliott v. General Motors LLC (In re Motors Liquidation Co.),
    829 F.3d 135 (2d Cir. 2016) ................................................................................. *passim*

In re PT-1 Commc'ns, Inc.,
    292 B.R. 482 (Bankr. E.D.N.Y. 2003) .......................................................................... 10

In re Residential Capital, LLC,
    No. 12-12020 (MG), 2015 WL 2256683 (Bankr. S.D.N.Y. May 11, 2015) ................ 7, 8

In re Thomson McKinnon Sec. Inc.,
    130 B.R. 717 (Bankr. S.D.N.Y. 1991) ............................................................................ 8

Johns-Manville Corp. v. Chubb Indem. Ins. Co. (In re Johns-Manville Corp.),
    600 F.3d 135 (2d Cir. 2010) ............................................................................................ 7

Koepp v. Holland,
 593 F. App'x 20 (2d Cir. 2014) ...................................................................................7

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,
 507 U.S. 380 (1993).............................................................................................. passim

Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Bros. LLP),
 809 F.3d 94 (2d Cir. 2015)........................................................................................6

United States v. Ben Zvi,
 242 F.3d 89 (2d Cir. 2001).....................................................................................6, 7

United States v. Stanley,
 54 F.3d 103 (2d Cir. 1995).....................................................................................6, 7

**Other Authorities**

18 James WM. Moore, Moore's Federal Practice (3d ed. 2016) ......................................6

The Ignition Switch Plaintiffs[1] respectfully submit this Brief on the Initial Late Claim Motions Issues, in support of their *Motion for an Order Granting Authority to File Late Class Proofs of Claim*, dated Dec. 22, 2016 [ECF No. 13806] (the "**Motion**"), and state as follows:[2]

## PRELIMINARY STATEMENT

1. In the April 2015 Decision, the Bankruptcy Court held that the Ignition Switch Plaintiffs were known creditors who did not receive actual notice of the November 30, 2009 Bar Date for filing proofs of claim against Old GM.[3] This notice failure prejudiced their ability to timely file claims and violated their due process rights. See id. at 574. *The Bankruptcy Court identified the "obvious remedy" for this due process violation as leave to file late claims*. See id. at 583. Accordingly, designating the Ignition Switch Plaintiffs' proposed class claim as timely, without conducting a Pioneer review, is the proper outcome to give good faith and fidelity to the April 2015 Decision.

2. Having failed to appeal the due process violation as it relates to the Bar Date, the GUC Trust and New GM cannot now seek to evade the Ignition Switch Plaintiffs' proposed class claim by arguing that the Ignition Switch Plaintiffs do not satisfy the Pioneer factors. Both the April 2015 Decision and controlling case law are clear that creditors who suffer a due process violation may assert late claims and need not rely on the Pioneer factors for demonstrating excusable neglect.

---

[1] The term "**Ignition Switch Plaintiffs**" shall mean those plaintiffs who, as of November 30, 2009, owned or leased a vehicle with an ignition switch defect included in Recall No. 14V-047 (the "**Ignition Switch Defect**"). Except where otherwise indicated, references to "ECF No. _" are to docket entries in the Bankruptcy Court proceedings: In re Motors Liquidation Co., Bankr. Case No. 09-50026 (MG).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] See In re Motors Liquidation Co., 529 B.R. 510, 573-74 (Bankr. S.D.N.Y. 2015), aff'd in part, rev'd in part, vacated in part sub nom. Elliott v. General Motors LLC (In re Motors Liquidation Co.), 829 F.3d 135 (2d Cir. 2016) (the "**April 2015 Decision**").

1

3.      Even if, *arguendo*, the Pioneer factors were applicable, consideration of these factors must take into account the GUC Trust's agreement to not assert a timeliness objection against the Ignition Switch Plaintiffs for any delay in asserting claims from May 16, 2014 through the entry of a final order on the Threshold Issues (defined below), which has not yet occurred. Therefore, any argument of delay by the GUC Trust must be limited to the period from February 2014, when the Ignition Switch Defect was finally disclosed, to May 16, 2014.[4]

## BACKGROUND

4.      The bulk of the relevant factual background is set forth in the Motion and for the sake of brevity, not restated herein.

5.      In September 2009, approximately two months after the 363 Sale, the Bankruptcy Court entered the Bar Date Order establishing November 30, 2009 as the Bar Date for filing proofs of claim against Old GM. See In re Motors Liquidation Co., 529 B.R. at 535.

6.      In February 2012, the Bankruptcy Court issued the Late Filed Claims Order, which provides, in relevant part, that "all claims filed against [Old GM] on or after the date of entry of this Order shall be deemed disallowed (each, a "**Late Claim**"), except any Late Claim . . . as to which the Court has entered an order deeming such Late Claim timely filed . . . ."[5]

7.      Over four years after the bar date passed, in February and March 2014, New GM for the first time publicly disclosed the existence of the Ignition Switch Defect and issued a recall, NHTSA Recall Number 14V-047, impacting approximately 1.6 million vehicles owned or leased by Ignition Switch Plaintiffs.

---

[4] In light of this limited period of delay, this Court, speaking to counsel for the GUC Trust, expressed the view that: "You can't be serious. . . . [Y]ou really think that . . . I'm going to find that the delay from February until May of [2014] would support an argument that I should not permit late claims for ignition switch economic loss plaintiffs?" See Hr'g Tr. 41:8-16, dated Jan. 12, 2017 [ECF No. 13826].

[5] *Order Approving Motion Pursuant to Bankruptcy Rule 3003 and Section 105(a) of the Bankruptcy Code for an Order Disallowing Certain Late Filed Claims*, dated February 8, 2012 [ECF No. 11394] (the "**Late Filed Claims Order**") at 1-2.

2

8.    In April 2014, New GM sought to enjoin the prosecution of numerous class actions arising out of the Ignition Switch Defect by filing the Motion to Enforce.[6] The Bankruptcy Court identified four threshold issues (the "**Threshold Issues**") to be determined on the Motion to Enforce, including whether any of the claims asserted in the actions against New GM were claims against Old GM.[7] The identification and consideration of any additional issues was deferred until resolution of the Threshold Issues and all rights were reserved with respect to such issues. See id.

9.    The Bankruptcy Court also tolled the Ignition Switch Plaintiffs' time to file the Motion until final resolution of the threshold issues, including appeals. Specifically, the Bankruptcy Court ordered that:

> [T]he GUC Trust agrees that it shall not assert a timeliness objection to any claims that the Plaintiffs may attempt to assert against the Old GM bankruptcy estate and/or the GUC Trust, based directly or indirectly on the ignition switch issue, as a result of Plaintiffs' delay in asserting such claims during "Interval." For purposes hereof, (a) the "Interval" shall commence on the date of this Order and shall end 30 days after a Final Order is entered with respect to an adjudication of the Threshold Issues . . . and (b) "Final Order" shall mean the entry of an order by a court of competent jurisdiction, and there are no pending appeals . . . .[8]

10.    In the April 2015 Decision, the Bankruptcy Court held that Old GM failed to provide constitutionally adequate notice of the Bar Date to the Ignition Switch Plaintiffs, which

---

[6]  See *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction*, dated April 21, 2014 [ECF No. 12620] (the "**Motion to Enforce**").

[7]  See *Supplemental Scheduling Order Regarding (I) Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 To Enforce the Court's July 5, 2009 Sale Order and Injunction, (II) Objection Filed by Certain Plaintiffs in Respect thereto, and (III) Adversary Proceeding No. 14-01929*, dated July 11, 2014 [ECF No. 12770] (the "**Supplemental Scheduling Order**").

[8]  *Scheduling Order Regarding (I) Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 To Enforce the Court's July 5, 2009 Sale Order and Injunction, (II) Objection Filed by Certain Plaintiffs in Respect thereto, and (III) Adversary Proceeding No. 14-01929*, dated May 16, 2014 [ECF No. 12697] (the "**Scheduling Order**"), at 3; see also Supplemental Scheduling Order at 2 (ordering "that, except as specifically set forth herein, the May 16 Scheduling Order remains in full force and effect, and is binding on all parties").

3

prejudiced them in filing timely claims and violated their due process rights.  <u>See</u> <u>In re Motors Liquidation Co.</u>, 529 B.R. at 525, 574.

11.  The Bankruptcy Court expressly recognized that "[t]he remedy with respect to the denial of notice sufficient to enable the filing of claims before the Bar Date is obvious.  That is leave to file late claims.  And the Court may grant leave from the deadline imposed by the Court's Bar Date Order . . . ."  <u>Id.</u> at 583.  Thus, the Bankruptcy Court instructed that the Ignition Switch Plaintiffs may file late claims.  <u>See</u> <u>id.</u> at 598.  Likewise, the Judgment states that:

> Plaintiffs were prejudiced by the failure to receive the notice due process required of the deadline ("**Bar Date**") to file proofs of claim against the Old GM bankruptcy estate.  Any Plaintiff may petition the Bankruptcy Court (on motion and notice) for authorization to file a late or amended proof of claim against the Old GM bankruptcy estate.

<u>See</u> Judgment, dated June 1, 2015 [ECF 13177], ¶ 6.  These holdings were not appealed.

12.  On the direct appeal, the Second Circuit addressed whether the Ignition Switch Plaintiffs suffered a due process violation in connection with the Sale Order and the proper remedy for a due process violation.[9]  In relevant part, the Second Circuit affirmed that the Ignition Switch Plaintiffs were known creditors of Old GM entitled to actual notice of the Sale Order.  <u>See</u> <u>Elliott</u>, 829 F.3d at 161, 166.  The Second Circuit further held that "[b]ecause enforcing the Sale Order would violate procedural due process . . . these plaintiffs thus cannot be 'bound by the terms of the [Sale] Order[].'"  <u>Id.</u> at 166.[10]

---

[9] <u>See</u> <u>Elliott v. General Motors LLC (In re Motors Liquidation Co.)</u>, 829 F.3d 135, 166 (2d Cir. 2016) (the "**Second Circuit Opinion**").

[10] New GM has filed a petition for writ of *certiorari* with the United States Supreme Court challenging the Second Circuit's ruling.  <u>See</u> Petition for Writ of Certiorari, <u>General Motors LLC v. Elliott</u>, No. 16-764 (Dec. 13, 2016).

4

13. After the Second Circuit issued its mandate remanding the case to the Bankruptcy Court for further proceedings consistent with the Second Circuit Opinion,[11] the Bankruptcy Court entered the Order to Show Cause identifying initial issues to be addressed on remand.[12]

14. Pursuant to the Order to Show Cause, on December 22, 2016, the Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs filed the Motion, attaching, *inter alia*, a proposed class claim asserted on behalf of Patricia Barker as purported class representative of the Ignition Switch Plaintiffs. Determinations on the Motion related to the Non-Ignition Switch Plaintiffs have been deferred pending the resolution of the other issues identified in the Order to Show Cause. See Order to Show Cause at 5 ¶ 2.

15. Following two status conferences on the Motion and related discovery, this Court entered an order providing for briefing on two issues related to the Motion: (i) whether the Ignition Switch Plaintiffs must satisfy the Pioneer factors in order to obtain the relief requested in the Motion; and (ii) whether and as of when the GUC Trust's agreement to toll any timeliness objections to late proofs of claim applies to certain plaintiffs seeking authority to file late claims.[13]

---

[11] Mandate, Elliott v. General Motors LLC, Docket Nos. 15-2844(L), 15-2847(XAP), 15-2848(XAP) (2d Cir. Sept. 30, 2016) [ECF No. 454].

[12] *Order to Show Cause Regarding Certain Issues Arising from Lawsuits with Claims Asserted Against General Motors LLC ("New GM") that Involve Vehicles Manufactured by General Motors Corporation ("Old GM")*, dated Dec. 13, 2016 [ECF No. 13802], at 2-3.

[13] See *Order Establishing, Inter Alia, Briefing Schedule for Certain Issues Arising From Late Claim Motions Filed by Ignition Switch Plaintiffs, Non-Ignition Switch Plaintiffs and Certain Ignition Switch Pre-Closing Accident Plaintiffs*, dated Mar. 2, 2017 [ECF No. 13869].

5

# ARGUMENT

## I. The Ignition Switch Plaintiffs Need Not Satisfy The *Pioneer* Factors In Order To Obtain Authority To File The Late Proposed Class Claim Because They Suffered A Due Process Violation.

16. Under the law of the case doctrine, this Court must adhere to the prior rulings in these proceedings that the Ignition Switch Plaintiffs are known creditors who did not receive constitutionally adequate notice of the Bar Date and the remedy for this due process violation is leave to file late claims.

17. The "law of the case" doctrine holds that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988); see also 18 James WM. Moore, Moore's Federal Practice § 134.20[2] (3d ed. 2016). Under a branch of law of the case doctrine called the mandate rule, a lower court is precluded from relitigating "matters expressly decided by the appellate court" and "issues impliedly resolved by the appellate court." Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Bros. LLP), 809 F.3d 94, 98-99 (2d Cir. 2015). "[W]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the [lower] court from reopening the issue on remand . . . ." United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001); United States v. Stanley, 54 F.3d 103, 107 (2d Cir. 1995) (holding that lower court on remand could not reopen issue that party failed to raise on first appeal).

18. In the April 2015 Decision, the Bankruptcy Court held that the Ignition Switch Plaintiffs were known creditors entitled to actual notice of the Bar Date Order. See In re Motors Liquidation Co., 529 B.R. at 525. The failure to provide constitutionally adequate notice prejudiced the Ignition Switch Plaintiffs in timely filing claims and violated their due process rights. See id. at 526, 574.

19.     The Bankruptcy Court concluded that the obvious remedy for this due process violation was leave to file late claims. See id. at 583. The Bankruptcy Court recognized that it could "grant leave from the deadline imposed by the Court's Bar Date Order" under the Second Circuit's decisions in Manville IV and Koepp, see id., which both hold that a party cannot be bound by an order entered in violation of that party's due process rights. See Johns-Manville Corp. v. Chubb Indem. Ins. Co. (In re Johns-Manville Corp.), 600 F.3d 135, 158 (2d Cir. 2010) ("Manville IV") (remedying violation of due process rights by denying enforcement of order); Koepp v. Holland, 593 F. App'x 20, 22-23 (2d Cir. 2014) (order purporting to vest certain real property in a reorganized railroad free and clear of interests could not operate to extinguish plaintiffs' predecessor-in-interest's easement on land belonging to railroad where there was no evidence that predecessor-in-interest received notice of the bankruptcy).

20.     These holdings in the April 2015 Decision were not appealed and cannot now be challenged under the law of the case doctrine. See Ben Zvi, 242 F.3d at 95; Stanley, 54 F.3d at 107. Because the April 2015 Decision clearly endorsed the filing of the Ignition Switch Plaintiffs' proposed class claim against the GUC Trust, the Motion should be granted without application of the Pioneer factors.

21.     Moreover, ample authority supports the Bankruptcy Court's ruling that the Ignition Switch Plaintiffs' proposed class claim may proceed as a remedy for the violation of their due process rights. A known creditor who fails to receive constitutionally adequate notice of the bar date cannot be bound by that bar date. See City of N.Y. v. N.Y., New Haven & Hartford R.R., 344 U.S. 293, 296-97 (finding that the bar date order could not be sustained absent constitutionally appropriate notice), motion to modify denied, 345 U.S. 901 (1953); In re Residential Capital, LLC, No. 12-12020 (MG), 2015 WL 2256683, at *6 (Bankr. S.D.N.Y. May

7

11, 2015) ("[I]f a debtor who files for chapter 11 bankruptcy protection does not give 'reasonable notice' to a creditor of the bankruptcy proceeding and the applicable bar date(s), the creditor's proof of claim cannot be constitutionally discharged."); In re AMR Corp., 492 B.R. 660, 663 (Bankr. S.D.N.Y. 2013) ("The bar date is strictly enforced except when a known creditor is not listed on the schedules and fails to receive notice of the bar date.").

22. Absent a binding bar date, there is no basis for precluding a creditor from filing claims after the bar date. See In re Drexel Burnham Lambert Grp. Inc., 151 B.R. 674, 680-82 (Bankr. S.D.N.Y.) (holding that known creditor who did not receive actual notice of bar date could file late proof of claim), aff'd sub nom. Indian Motocycle Assocs., Inc. v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert Grp., Inc.), 157 B.R. 532 (S.D.N.Y. 1993); In re Thomson McKinnon Sec. Inc., 130 B.R. 717, 720-21 (Bankr. S.D.N.Y. 1991) (holding that known creditor was not time-barred and could file late proof of claim because debtor failed to give actual notice of the bar date order); Axinn v. Metro. Distribution Servs., Inc. (In re Golden Distribs., Ltd.), 128 B.R. 349, 351 (Bankr. S.D.N.Y. 1991) (holding that creditor who did not receive proper notice of the bar date order was not time-barred by that order and, therefore, could file a late proof of claim).

23. In each of these opinions, the Bankruptcy Court permitted creditors to file late claims on due process grounds alone, explicitly holding that the creditor need not demonstrate excusable neglect. See In re Drexel Burnham Lambert Grp. Inc., 151 B.R. at 680 ("If Claimant was a known creditor, it was entitled to actual notice of the bar date and will be permitted to file a proof of claim. If Claimant was unknown, the excusable neglect standard applies."); In re Thomson McKinnon Sec. Inc., 130 B.R. at 720-21 (explaining that known creditor who did not receive actual notice of the bar date order "need not rely on the doctrine of excusable neglect in

8

requesting an extension of time to file a proof of claim"); In re Golden Distribs., Ltd., 128 B.R. at 351 (holding that creditor who did not receive proper notice of the bar order need not demonstrate excusable neglect to obtain authority to file a late claim).

24.     Accordingly, the Ignition Switch Plaintiffs need not satisfy the Pioneer factors in order to obtain authority to file their proposed class claim under the April 2015 Decision and as a matter of due process.

## II.     The Bankruptcy Court Tolled The Time For The Ignition Switch Plaintiffs To File The Motion.

25.     Assuming, *arguendo*, that the Pioneer factors were applicable, the Bankruptcy Court's consideration of these factors must take into account the GUC Trust's agreement to not assert a timeliness objection against the Ignition Switch Plaintiffs for any delay in asserting claims from May 2014 through the time the Motion was filed. See Scheduling Order at 3.

26.     In the Scheduling Order, the Bankruptcy Court ordered that:

> [T]he GUC Trust agrees that it shall not assert a timeliness objection to any claims that the Plaintiffs may attempt to assert against the Old GM bankruptcy estate and/or the GUC Trust, based directly or indirectly on the ignition switch issue, as a result of the Plaintiffs' delay in asserting such claims during the "Interval."

Scheduling Order at 3. The "Interval" began on May 16, 2014, when the Scheduling Order was entered, and does not end until 30 days after a "Final Order" is entered on the Threshold Issues with no pending appeals. See id. In light of the pending petition for writ of *certiorari* on certain Threshold Issues, the "Interval" has not yet expired.

27.     The Motion was filed in December 2016, prior to the expiration of the tolling period. Thus, any examination of the Pioneer factors, and any related discovery, should be limited to events prior to the commencement of the tolling period on May 16, 2014.

9

28. Indeed, the GUC Trust conceded at the January 12, 2017 status conference that "for the ignition switch economic loss plaintiffs, the only possible argument about <u>Pioneer</u> factors is February to May 2014"—the time between the first public disclosure of the Ignition Switch Defect and the start of the tolling period. <u>See</u> Hr'g Tr. 41:4-7, dated Jan. 12, 2017 [ECF No. 13826].

29. In particular, one <u>Pioneer</u> factor considers the length of delay in filing a motion seeking authority to file a late claim. <u>See</u> <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993). In light of the tolling agreement, the relevant delay is, at most, this three month period from February to May 2014. Accordingly, even if the Ignition Switch Plaintiffs were required to satisfy the <u>Pioneer</u> factors to obtain authority to file late claims (which they are not), it is evident that they have satisfied the factor considering the length of delay. <u>See</u> <u>In re Ciena Capital LLC</u>, No. 08-13783 (AJG), 2010 WL 3156538, at *3 (Bankr. S.D.N.Y. Aug. 10, 2010) (eighteen month delay not substantial); <u>In re PT-1 Commc'ns, Inc.</u>, 292 B.R. 482, 489 (Bankr. E.D.N.Y. 2003) (delay of three and a half months after discovery of alleged liability not substantial).

## **CONCLUSION**

WHEREFORE, the Ignition Switch Plaintiffs respectfully request that this Court enter an Order granting the Ignition Switch Plaintiffs leave to file the Proposed Class Claim.

[*Remainder of the page intentionally left blank*]

Dated: March 6, 2017
New York, New York

Respectfully submitted,

BROWN RUDNICK LLP

*/s/ Edward S. Weisfelner*

Edward S. Weisfelner
Howard S. Steel
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
hsteel@brownrudnick.com

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, A PROFESSIONAL CORPORATION
2323 Bryan Street, Ste 2200
Dallas, Texas 75201
Tel: 214-969-4900
esserman@sbep-law.com

*Designated Counsel for the Ignition Switch
Plaintiffs in the Bankruptcy Court*

Steve W. Berman (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: 206-623-7292
Email: steve@hbsslaw.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN,
LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
Email: ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch
Plaintiffs in the MDL Court*