# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Case No. 09-50026-mg<br>Chapter 11 |
| MOTORS LIQUIDATION COMPANY, et al., f/k/a GENERAL MOTORS CORP., et al, | (Jointly administered) |
| | One Bowling Green<br>New York, NY 10004 |
| Debtors. | Thursday, January 12, 2017<br>9:30 a.m. |

TRANSCRIPT OF (CC: DOC# 13802, 13813, 13819, 13820, 13822) STATUS CONFERENCE REGARDING LATE CLAIMS MOTION; (CC: DOC. NO. 13806) STATUS CONFERENCE RE: MOTION FOR AN ORDER GRANTING AUTHORITY TO FILE LATE CLASS PROOFS OF CLAIM FILED BY EDWARD S. WEISFELNER ON BEHALF OF DESIGNATED COUNSEL FOR THE IGNITION SWITCH PLAINTIFFS & CERTAIN NON-IGNITION SWITCH PLAINTIFFS; (CC: DOC# 13807) OMNIBUS MOTION TO ALLOW CLAIMS, FILE LATE PROOFS OF CLAIM FOR PERSONAL INJURIES AND WRONGFUL DEATHS

**BEFORE THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY COURT JUDGE**

APPEARANCES:

| | |
|---|---|
| For the Debtor: | King & Spalding LLP<br>By: ARTHUR STEINBERG, ESQ.<br>SCOTT DAVIDSON, ESQ.<br>1185 Avenue of the Americas<br>New York, New York 10036-4003<br>(212) 556-2158 |
| For the Ignition Switch plaintiffs and certain non-Ignition Switch plaintiffs: | Brown Rudnick LLP<br>By: EDWARD S. WEISFELNER, ESQ.<br>HOWARD S. STEEL, ESQ.<br>7 Times Square<br>New York, New York 10036<br>(212) 209-4917 |

APPEARANCES CONTINUED.

| | |
|---|---|
| Audio Operator: | Jonathan, ECRO |
| Transcription Company: | Access Transcripts, LLC<br>10110 Youngwood Lane<br>Fishers, IN 46038<br>(855) 873-2223<br>www.accesstranscripts.com |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

APPEARANCES (Continued):

For Personal Injury Accident Plaintiffs: Goodwin Procter LLP
By: WILLIAM P. WEINTRAUB, ESQ.
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 813-8839

For Participating Unit Holders: Akin Gump Strauss Hauer & Feld LLP
By: DANIEL GOLDEN, ESQ.
NAOMI MOSS, ESQ.
One Bryant Park
New York, NY 10036-6745
(212) 872-1000

For the GUC Trust Administrator: Gibson, Dunn & Crutcher LLP
By: MITCHELL KARLAN, ESQ.
200 Park Avenue
New York, New York 10166-0193

For the Ignition Switch Plaintiffs: Stutzman Bromberg Esserman & Plifka
By: SANDER L. ESSERMAN, ESQ.
2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689
(214) 969-4910

For JPMorgan Chase Bank, N.A.: Wachtell, Lipton, Rosen & Katz
By: HAROLD S. NOVIKOFF, ESQ.
51 West 52nd Street
New York, NY 10019
(212) 403-1000

TELEPHONIC APPEARANCES:

For the Ad Hoc Group Of Term Lenders: Jones Day
By: BRUCE BENNETT, ESQ.
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
(213) 243-2382

THE COURT: Let me hear from them whether the position is different, okay? Let's not --

Who's representing the GUC Trust?

MR. KARLAN: I am, Your Honor.

THE COURT: Why don't you come on up to the microphone, if you would.

MR. KARLAN: Thank you, Your Honor.

THE COURT: I apologize I don't know who you are, so you can just tell me.

MR. KARLAN: Your Honor, any time a federal judge hasn't seen my picture in the post office is a good day. I'm Mitch Karlan from Gibson Dunn, Your Honor, counsel for the GUC Trust.

THE COURT: Okay, Mr. Karlan. Thank you.

MR. KARLAN: A few preliminary points to respond to some of the things that you've asked from the bench, Judge. We do think Pioneer applies. We do think we need discovery before the Pioneer issues can be resolved. I can confirm for Your Honor, and I'll go into it in some detail on this, that the discovery we would like to take is different from the discovery that is presently underway in the MDL. And for what it's worth, we're not parties in the MDL. I don't presently have access to any discovery that has been or will be taken in the MDL.

I have read the fact sheets that -- not the answers,

but the questions, and as you might expect, they are long, they are detailed. They ask questions like, were you wearing your seatbelt, and, how old was the car, and how many miles were on it? That's not what we're interested in.

THE COURT: Well, of course, the accident victims are only one small portion of the -- not small, a very important portion, but we've got all these economic loss plaintiffs. When they had, you know, their seatbelts are irrelevant to that.

MR. KARLAN: Right. But the issue being tried in the MDL, as I understand it, Your Honor, they are several steps ahead of us with respect to their claims against GM. They are now onto the merits. We --

THE COURT: So let me ask you this, Mr. Karlan.

MR. KARLAN: Sure.

THE COURT: Have you drafted your interrogatories?

MR. KARLAN: I have, Your Honor, and I'm sorry that the other parties don't have them. The reason they don't have them is that as of six o'clock p.m. last night, there was an agreement among all of us as to how we were going to proceed, which involved me not serving the interrogatories.

THE COURT: Okay. Well --

MR. KARLAN: And that fell apart between -- and I found out when I arrived this morning that there was no deal. I have the interrogatories here. It's only 15, it's not 25.

I'm happy to read them if anybody's really bored and wants to be --

THE COURT: We can save the responsive reading.

MR. KARLAN: Okay. Okay. But they are not on the merits, Judge. They are, you know, what you would expect on a Pioneer set of issues. When did you first know about the bankruptcy?

THE COURT: Why do you think that the -- explain to me why you think the Pioneer factors are relevant to the Court's decision whether to permit the late claim and later the bankruptcy court and the Second Circuit determining a due process violation?

MR. KARLAN: Your Honor, I don't read the Second Circuit or Judge Glenn's --

THE COURT: Not Judge Glenn, I'm Judge Glenn.

MR. KARLAN: I'm sorry, Judge. Thank you, thank you.

THE COURT: Begins with a G, Judge Gerber.

MR. KARLAN: Judge Gerber. I don't read Judge Gerber's or the Second Circuit's opinion to mean that if, in 2075, somebody filed a motion for leave to file a late claim in this case that simply because they hadn't gotten the bar notice -- the bar order notice that they could proceed. I --

THE COURT: So assuming that -- let's assume that the Supreme Court denies cert.

MR. KARLAN: Okay.

THE COURT: Okay. But until that happens, we don't have a final decision with respect to the due process violation. Agree with that?

MR. KARLAN: I do.

THE COURT: Okay. So I have in front of me the motion for leave to file late claims. Your argument about somebody coming back in 2075 is not reality. Reality is we don't have a final decision yet with respect to the due process issue.

MR. KARLAN: No, my point was, Judge, the fact that those people who didn't get the bar notice and, according to the Second Circuit, should have, we, as of today, have a due process violation. That universe may be significantly larger than we know about. It may -- it is certainly larger than the people who have filed motions for leave to file late proofs of claim, and I think it's appropriate to inquire whether all of those people are now entitled to file late proofs of claim or whether there may be --

THE COURT: I haven't made a decision that anybody's entitled to file a late proof of claim.

MR. KARLAN: Well --

THE COURT: What I have is a motion, and with every -- precluding my agreement that whether it could be a class claim or not, that is not being decided yet.

MR. KARLAN: Right, right.