# **EXHIBIT B**

09-50026-mg Doc 13874-2 Filed 03/06/17 Entered 03/06/17 16:58:05 Exhibit R
August 18, 2014 Hearing Transcript Excerpt Pg 2 of 11

09-50026-mg Doc 12899 Filed 08/21/14 Entered 09/15/14 13:51:34 Main Document
Pg 1 of 94

                                                        Page 1

```
 1   UNITED STATES BANKRUPTCY COURT
 2   SOUTHERN DISTRICT OF NEW YORK
 3   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
 4   In the Matter of:
 5                                           Chapter 11
 6   MOTORS LIQUIDATION COMPANY,             Case No.: 09-50026(REG)
 7   et al, f/k/a General Motors             (Jointly Administered)
 8   Corp., et al.,
 9
10          Debtors.
11   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
12
13                  U.S. Bankruptcy Court
14                  One Boling Green
15                  New York, New York
16
17                  August 18, 2014
18                  9:46 AM
19
20
21   B E F O R E :
22   HON ROBERT E. GERBER
23   U.S. BANKRUPTCY JUDGE
24
25
```

                                                                  Page 2

 1    Hearing re:  Threshold Issues Letters, filed pursuant to the

 2    Supplemental Scheduling Order, Dated July 11, 2014.

 3

 4    Hearing re:  Motion of General Motors LLC Pursuant to 11

 5    U.S.C. § 105 And 363 To Enforce the Sale Order And

 6    Injunction ("Motion to Enforce"), filed by General Motors

 7    LLC (ECF 12620, 12621).

 8

 9    Hearing re:  Motion of General Motors LLC Pursuant to 11

10    U.S.C. §§ 105 and 363 to Enforce This Court's July 5, 2009

11    Sale Order And Injunction Against Plaintiffs In Pre-Closing

12    Accident Lawsuits ("Pre-Closing Accident Lawsuits Motion to

13    Enforce"), filed by General Motors LLC (ECF 12807).

14

15    Hearing re:  Motion of General Motors LLC Pursuant to 11

16    U.S.C. §§ 105 and 363 To Enforce This Court's July 5, 2009

17    Sale Order And Injunction (Monetary Relief Actions, Other

18    than Ignition Switch Actions)("Monetary Relief Actions

19    Motion to Enforce"), filed by General Motors LLC (ECF

20    12808).

21

22

23

24

25    Transcribed by:  Dawn South

09-50026-mg Doc 13874-2 Filed 03/06/17 Entered 03/06/17 16:58:05 Exhibit R Pg 4 of 11
09-50026-mg Doc 12899 Filed 08/21/14 Entered 09/15/14 13:51:34 Main Document Pg 3 of 94
August 18, 2014 Hearing Transcript Excerpt

Page 3

1  A P P E A R A N C E S :
2  KING & SPALDING LLP
3      Attorneys for General Motors LLC
4      1185 Avenue of the Americas
5      New York, NY 10036-4003
6
7  BY:  ARTHUR J. STEINBERG, ESQ.
8       SCOTT DAVIDSON, ESQ.
9
10 KIRKLAND & ELLIS
11     Attorney for New GM
12     300 North LaSalle
13     Chicago, IL 60654
14
15 BY:  RICHARD C. GODFREY, P.C., ESQ.
16
17 STUZMAN, BROMBERG, ESSERMAN & PLIFKA
18     Attorney for the Plaintiffs
19     2323 Bryan Street
20     Suite 2200
21     Dallas, TX 75201-2689
22
23 BY:  SANDER L. ESSERMAN, ESQ.
24
25

09-50026-mg Doc 13874-2 Filed 03/06/17 Entered 03/06/17 16:58:05 Exhibit R
Pg 4 of 94

09-50026-mg Doc 12899 Filed 08/21/14 Entered 09/15/14 13:51:34 Main Document
August 18, 2014 Hearing Transcript Excerpt Pg 5 of 11

Page 4

1  BROWN RUDNICK LLP
2       Attorneys for Plaintiffs
3       Seven Times Square
4       New York, NY 10036
5
6  BY: EDWARD WEISFELNER, ESQ.
7       DAVID J. MOLTON, ESQ.
8       HOWARD S. STEEL, ESQ.
9
10 GOODWIN ROCTER LLP
11      Attorneys for Hilliard, et al.
12      The New York Times Building
13      620 Eighth Avenue
14      New York, NY 10018
15
16 BY: WILLIAM P. WEINTRAUB, ESQ.
17      EAMONN O'HAGAN, ESQ.
18
19 AKIN GUMP STRAUSS HAUER & FELD LLP
20      Attorney for Holders of Units in the GUC Trust
21      One Bryant Park
22      New York, NY 10036-6745
23
24 BY: DANIEL H. GOLDEN, ESQ.
25

Page 5

1  CAPLIN & DRYSDALE, CHARTERED
2      Attorney for Holders of Units in the GUC Trust
3      600 Lexington Avenue
4      21st Floor
5      New York, NY 10022-7619
6
7  BY: ELIHU INSELBUCH, ESQ.
8
9  GIBSON, DUNN & CRUTCHER LLP
10     Attorney for Motors Liquidation GUC Trust
11     200 Park Avenue
12     New York, NY 10166-0193
13
14 BY: LISA H. RUBIN, ESQ.
15
16 GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
17     Attorneys for the Plaintiffs
18     437 Madison Avenue
19     New York, NY 10022
20
21 BY: JONATHAN FLAXER, ESQ.
22
23
24
25

09-50026-mg Doc 13874-2 Filed 03/06/17 Entered 03/06/17 16:58:05 Exhibit R
August 18, 2014 Hearing Transcript Excerpt  Pg 7 of 11

09-50026-mg Doc 12899 Filed 08/21/14 Entered 09/15/14 13:51:34 Main Document
Pg 8 of 94

Page 6

    1   LAW OFFICES OF JOSH DAVIS
    2        Attorney for Dori Powledge
    3        1010 Lamar
    4        Suite 200
    5        Houston, TX 77002
    6
    7   BY:  JOSH DAVIS, ESQ.
    8
    9   HAGENS BERMAN SOBOL SHAPIRO LLP
   10        555 Fifth Avenue
   11        Suite 1700
   12        New York, NY 10017
   13
   14   BY:  JASON A. ZWEIG, ESQ.
   15
   16   WOLF HALDENSTEIN ADLER FREEMAN & HERBZ LLP
   17        Attorney for the Groman Plaintiffs
   18        270 Madison Avenue
   19        New York, NY 10016
   20
   21   BY:  ALEXANDER H. SCHMIDT, ESQ.
   22
   23
   24
   25

09-50026-mg Doc 13874-2 Filed 03/06/17 Entered 03/06/17 16:58:05 Exhibit R
August 18  2014 Hearing Transcript Excerpt    Pg 8 of 11

09-50026-mg Doc 12899 Filed 08/21/14 Entered 09/15/14 13:51:34 Main Document
Pg 7 of 94

Page 7

1   GENERAL MOTORS COMPANY
2        Attorney for General Motors
3        400 Renaissance Center
4        P.O. Box 400
5        Detroit, MI 48265-4000
6
7   BY:   L. JOSEPH LINES III, ESQ.
8
9   OTTERBOURG
10       Bankruptcy Liaison Counsel
11       230 Park Avenue
12       New York, NY 10169
13
14  BY:   MELANIE L. CYGANOWSKI, ESQ.
15
16
17
18
19
20
21
22
23
24
25

09-50026-mg    Doc 13874-2    Filed 03/06/17    Entered 03/06/17 16:58:05    Exhibit R    
August 18, 2014 Hearing Transcript Excerpt    Pg 9 of 11

09-50026-mg    Doc 12899    Filed 08/21/14    Entered 09/15/14 13:51:34    Main Document
Pg 61 of 94

Page 61

```
 1              Let's go forward with issue 1, due process, issue
 2   number 2, remedy.  And the only people that say no, stop the
 3   entire train are Mr. Golden and Ms. Rubin, and they tell you
 4   their rationale is we should all wait to see an amended
 5   consolidated complaint.  Really, on your equitable mootness
 6   position?  How could it possibly inform your decision?
 7              So, Your Honor, we would respectfully request that
 8   the main litigants in this case and their point of view be
 9   afforded deference.  New GM, designated counsel, even the
10   outlier Groman plaintiffs all believe that we ought to go
11   forward with issue 1 and 2 and not defer all four issues.
12   But go forward with 1 and 2, defer 3 and 4, and give Your
13   Honor the briefing on the fraud on the Court standards.
14              Thank you.
15              THE COURT:  All right, thank you.
16              Has everybody had a chance to speak their peace?
17   Mr. Golden, limited of course to the new stuff your
18   opponents laid on you.
19              MR. GOLDEN:  Your Honor, Mr. Weisfelner makes a
20   big point that the real parties in action, the plaintiffs
21   all --
22              THE COURT:  Pull that mic close to you, please,
23   Mr. Golden.
24              MR. GOLDEN:  -- all the plaintiffs and the
25   defendants want to go forward with 1 and 2 and it's only the
```

09-50026-mg Doc 13874-2 Filed 03/06/17 Entered 03/06/17 16:58:05 Exhibit R
August 18 2014 Hearing Transcript Excerpt Pg 10 of 11

09-50026-mg Doc 12899 Filed 08/21/14 Entered 09/15/14 13:51:34 Main Document
Pg 62 of 94

Page 62

1   GUC Trust unit holders and the GUC Trust that are insisted
2   upon going forward with equitable mootness now.  But maybe
3   that's because it's only the GUC Trust and the unit holders
4   who have the right to raise the argument about equitable
5   mootness.  So I wouldn't expect New GM or the plaintiffs to
6   be that concerned about when and in what context we can
7   raise equitable mootness.
8              You asked Mr. Weisfelner a very what I thought a
9   germane question, lawyers all the time argue in the
10  alternative.  He begrudgingly acknowledged that but said
11  well so could -- so to could the GUC Trust unit holders and
12  the GUC Trust argue in the alternative.  Except by virtue of
13  the way they tried to separate the threshold issues we are
14  really not going to be able to argue that in the
15  alternative.  So let's just go down the path they want to
16  just brief and have oral argument on the threshold issue
17  regarding procedural due process and the related remedies.
18             We would want to argue to the extent that it was
19  determined that there was a violation but that the remedy is
20  not going to be against New GM we want to defend against the
21  remedy being against the GUC Trust and we would be arguing
22  equitable mootness.  But they don't want us to argue
23  equitable mootness now, they want that issue deferred until
24  a later point in time.
25             So it's not like they say you could argue in the

09-50026-mg    Doc 13874-2    Filed 03/06/17    Entered 03/06/17 16:58:05    Exhibit R
August 18    2014 Hearing Transcript Excerpt    Pg 11 of 11

09-50026-mg    Doc 12899    Filed 08/21/14    Entered 09/15/14 13:51:34    Main Document
Pg 63 of 94

Page 63

```
 1   alternative, but you can argue in the alternative with one

 2   arm tied behind your back because you're not going to be

 3   able to brief defensively in the context of the procedural

 4   due process and remedies threshold, you're not going to be

 5   argue equitable mootness.  That is inherently unfair.

 6           We've heard a lot about the delay.  We've been at

 7   this months just trying to get to a stipulation of facts.  I

 8   just don't see how this 60 days when everybody acknowledges

 9   that having a consolidated complaint in front of us will

10   inform everybody's decision and then we'll be able to brief

11   all four of the threshold issues simultaneously at the same

12   time as was always contemplated by the first scheduling

13   order and by the second scheduling order.

14           Thank you, Your Honor.

15           THE COURT:  All right.  Ladies and gentlemen, I'm

16   going to take a brief recess.  I would like you all back

17   here by 11:25 on the clock up there.  I can't guarantee you

18   that I'll be ready then, but please be back in the courtroom

19   at that point.  We're in recess.

20           (Recess at 11:15 a.m.)

21           THE CLERK:  All rise.

22           THE COURT:  Have seats, please.

23       (Pause)

24           THE COURT:  Ladies and gentlemen, I'm denying the

25   Groman plaintiffs request for a delay of the briefing to
```