**Hearing Date and Time: TBD**

Steve W. Berman (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington  98101
Telephone:  206-623-7292
Email: steve@hbsslaw.com

Edward S. Weisfelner
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: 212-209-4800
Email: eweisfelner@brownrudnick.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone:  414-956-1000
Email: ecabraser@lchb.com

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, P.C.
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone:  214-969-4900
Email:  esserman@sbep-law.com

*Co-Lead Counsel for the Ignition Switch
Plaintiffs in the MDL Court*

*Designated Counsel for the Ignition Switch
Plaintiffs in the Bankruptcy Court*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re:                                                      :          Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,        :          Case No.: 09-50026 (MG)
          f/k/a General Motors Corp., et al.,          :
                                                            :
                                        Debtors.      :          (Jointly Administered)
------------------------------------------------------------X

**THE IGNITION SWITCH PLAINTIFFS' REPLY
BRIEF ON THE INITIAL LATE CLAIM MOTIONS ISSUES**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

REPLY ....................................................................................................................................3

I.     A *Pioneer* Analysis Is Unnecessary And Superfluous. .......................................................3

II.    There Is No Dispute That The Bankruptcy Court Tolled The Time For The
Ignition Switch Plaintiffs To File Late Claims. .................................................................7

CONCLUSION.........................................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Asbestosis Claimants v. Am. Steamship Owners Mut. Prot. and Indemnity Assoc.,
   Inc. (In re Prudential Lines, Inc.),
   533 F.3d 151 (2d Cir. 2008)............................................................................................3

City of N.Y. v. N.Y., N.H. & H.R. Co.,
   344 U.S. 293 (1953)........................................................................................................6

Elliott v. General Motors LLC (In re Motors Liquidation Co.),
   829 F.3d 135 (2d Cir. 2016).........................................................................................5, 6

In re Motors Liquidation Co.,
   529 B.R. 510 (Bankr. S.D.N.Y. 2015), aff'd in part, rev'd in part, vacated in
   part sub nom. Elliott v. General Motors LLC (In re Motors Liquidation Co.),
   829 F.3d 135 (2d Cir. 2016).......................................................................................1, 3, 4

In re Premier Membership Servs., LLC,
   276 B.R. 709 (Bankr. S.D. Fla. 2002) ...........................................................................6

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,
   507 U.S. 380 (1993)..........................................................................................1, 2, 4, 5, 6, 7

Sussman v. Crawford,
   548 F.3d 195 (2d Cir. 2008)...........................................................................................3

The Ignition Switch Plaintiffs[1] respectfully submit this Reply Brief on the Initial Late

Claim Motions Issues, and state as follows:[2]

## PRELIMINARY STATEMENT

1.      New GM and the GUC Trust cannot, and do not, challenge that the Bankruptcy

Court expressly held that the Ignition Switch Plaintiffs suffered a due process violation when

they failed to receive constitutionally adequate notice of the Bar Date, and that leave to file late

claims was the "obvious" remedy for this violation.[3]

2.      Rather, in their Opening Briefs, New GM and the GUC Trust assert misguided

attempts to sidestep the application of the Bankruptcy Court's holding that leave to file late

claims without a Pioneer[4] analysis is the appropriate remedy for the due process violation.  These

attempts must fail as a matter of law as set forth herein and in the Motion.  New GM attempts to

avoid application of the April 2015 Decision by contending that the holding with respect to the

Ignition Switch Plaintiffs' late claims is not a final order.  However, the law-of-the-case doctrine

provides that courts should adhere to prior rulings even if the rulings are not final.

---

1    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in *The Ignition Switch Plaintiffs' Brief On The Initial Late Claim Motions Issues*, dated Mar. 6, 2017 [ECF No. 13872] ("**ISP Br.**").    Except where otherwise indicated, references to "ECF No. _" are to docket entries in the Bankruptcy Court proceedings: In re Motors Liquidation Co., Bankr. Case No. 09-50026 (MG).

2    This Reply is in response to the *Opening Brief by General Motors LLC with Respect to Initial Late Claim Motions Issues*, dated March 6, 2017 [ECF No. 13871] ("**New GM Br.**") and the *Opening Brief of GUC Trust Administrator and Participating Unitholders on the Applicability of Pioneer and Tolling to Plaintiffs' Motions to File Late Claims*, dated March 6, 2017 [ECF No. 13879] ("**GUC Trust Br.**").  Issues related to Non-Ignition Switch Plaintiffs are deferred and are not the subject of this briefing on the Initial Late Claim Motions Issues. New GM's arguments regarding Non-Ignition Switch Plaintiffs should be disregarded.  Non-Ignition Switch Plaintiffs reserve all rights with respect to the Initial Late Claim Motions Issues.

3    See In re Motors Liquidation Co., 529 B.R. 510, 573-74, 583 (Bankr. S.D.N.Y. 2015), aff'd in part, rev'd in part, vacated in part sub nom. Elliott v. General Motors LLC (In re Motors Liquidation Co.), 829 F.3d 135 (2d Cir. 2016)  (the **"April 2015 Decision"**).

4    See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993).

3.      Moreover, New GM claims that because the Court did not decide whether the Ignition Switch Plaintiffs satisfy the Pioneer factors as a Threshold Issue, it must remain an open issue.  New GM is wrong again on the law.  The Bankruptcy Court determined that the Ignition Switch Plaintiffs suffered a due process violation related to the Bar Date Order, and the result is leave to file late claims without having to undergo a Pioneer analysis (which they will clearly meet if the Court finds it necessary).

4.      The GUC Trust takes a different, but equally erroneous, approach, contending that the Second Circuit Opinion vacated the Bar Date Order due process holding in the April 2015 Decision.  This assertion is unavailing because that issue was not on appeal, and the Second Circuit, if anything, reaffirmed that the Ignition Switch Plaintiffs suffered a due process violation by failing to receive adequate notice of the Bar Date.

5.      The GUC Trust further asserts that the Pioneer factors must be satisfied even if the Ignition Switch Plaintiffs suffered a due process violation, but cannot identify a single case credibly supporting its position.  To the contrary, this Court has held on several occasions that excusable neglect is irrelevant where a creditor's due process rights have been violated.

6.      Therefore, as New GM and the GUC Trust's legal arguments fail, the Motion should be granted and the Ignition Switch Plaintiffs should be permitted to file the proposed class claim without application of Pioneer.

7.      Even if, *arguendo*, the Pioneer factors were applicable, New GM and the GUC Trust concede that the relevant period of delay is the approximately three months from the February 2014 disclosure of the Ignition Switch Defect to May 16, 2014, when the tolling period set forth in the Scheduling Order commenced.  There can be no credible argument of unnecessary delay by the Ignition Switch Plaintiffs during this time period.

**REPLY**

**I.        A *Pioneer* Analysis Is Unnecessary And Superfluous.**

8.        The Bankruptcy Court ruled in the April 2015 Decision that the Ignition Switch
Plaintiffs were known creditors who did not receive constitutionally adequate notice of the Bar
Date, they "were plainly prejudiced" as a result, and the proper remedy for this due process
violation was "leave from the deadline imposed by the Court's Bar Date Order."  See In re
Motors Liquidation Co., 529 B.R. at 525-26, 574, 583 (the "**Bar Date Holdings**").  The Bar Date
Holdings were not appealed and cannot now be challenged, under the law-of-the-case doctrine.
See ISP Br. 6-7; Asbestosis Claimants v. Am. Steamship Owners Mut. Prot. and Indemnity
Assoc., Inc. (In re Prudential Lines, Inc.), 533 F.3d 151, 161-62 (2d Cir. 2008) (holding that a
party could not raise an argument at a later stage in a proceeding that was previously ruled on by
the bankruptcy court and which the party had failed to appeal).

9.        Neither New GM nor the GUC Trust dispute the substance of the Bar Date
Holdings.  Rather, New GM and the GUC Trust take issue with the effectiveness of the Bar Date
Holdings, and request that the Court ignore them.  New GM does so on the misguided basis that
they were not "final ruling[s]," see New GM Br. 4-8, and the GUC Trust contends that the
Second Circuit Opinion vacated the Bar Date Holdings, see GUC Trust Br. 11-12.    These
contentions are meritless and should be overruled.

10.        Turning first to New GM's contention, New GM cites no authority permitting a
court to disregard a prior ruling in the same proceedings based on a lack of finality.  To the
contrary, the law-of-the-case doctrine is applicable even in the absence of a final ruling.  See
Sussman v. Crawford, 548 F.3d 195, 198-200 (2d Cir. 2008) (adhering to prior interlocutory
decision under law-of-the-case doctrine).  New GM has not, and cannot, identify any rationale
for this Court to depart from application of the Bar Date Holdings.

11.     New GM next contends that the Bar Date Holdings were not final because "the Bankruptcy Court declined to include the ***Bar Date notice*** issue as one of the 2014 Threshold Issues." New GM Br. 4. New GM cites to scheduling orders excluding "the issue of whether a claim asserted in the Ignition Switch Actions is timely and/or meritorious against the Old GM bankruptcy estate (and/or the GUC Trust)" from the Threshold Issues, explaining that this exclusion arose from the Court's view that "matters involved in compliance with Pioneer are fact intensive . . . ." See id. at 4-6; Scheduling Order 4 n.4; Supplemental Scheduling Order 3 n.4.

12.     Whether their claims against the GUC Trust are timely fits hand in glove with whether the Ignition Switch Plaintiffs' due process rights were violated with respect to the Bar Date. See ISP Br. 7-9 (collecting cases demonstrating that creditors who suffered a due process violation may file late claims without relying on the doctrine of excusable neglect). The Bankruptcy Court found that the determination of whether the Ignition Switch Plaintiffs were denied due process with respect to the Bar Date "***cannot appropriately be divorced***" from the "Due Process Threshold Issue" concerning the Sale Order. See In re Motors Liquidation Co., 529 B.R. at 540. By ruling that the Ignition Switch Plaintiffs' due process rights were violated in connection with the Bar Date Order, and the appropriate remedy was leave to file late claims, the Bankruptcy Court did not defer, and directly answered that excusable neglect was not applicable for the Ignition Switch Plaintiffs' late claims because of the due process violation.

13.     New GM further contends that the Second Circuit Opinion on equitable mootness "confirms" that the Bar Date Holdings were not final. See New GM Br. 6-8. Likewise, the GUC Trust contends that the Second Circuit Opinion vacated the Bar Date Holdings. See GUC Trust Br. 12. Both of these contentions are off base.

4

14.     The Second Circuit vacated as an advisory opinion the Bankruptcy Court's ruling

that if any late claims against the GUC Trust were ultimately allowed, then the assets of the GUC

Trust could not be tapped to pay those claims on grounds of equitable mootness.  See Elliott v.

General Motors LLC (In re Motors Liquidation Co.), 829 F.3d 135, 168-69 (2d Cir. 2016).

Whether there was a due process violation as to the Bar Date, and the appropriate remedy, was

neither presented to, nor considered by, the Second Circuit.  Thus, New GM's wide-ranging

assertion that the Second Circuit's ruling on equitable mootness somehow demonstrates that a

due process challenge to the bar date was "hypothetical" when the April 2015 Decision was

entered, and that the Bar Date Holdings are not final rulings cannot withstand scrutiny.

15.     While the GUC Trust contends that the Pioneer factors must be satisfied even if

the Ignition Switch Plaintiffs suffered a due process violation, that contention conflicts with

controlling case law.  See GUC Trust Br. 9-11.  The GUC Trust asserts that the Supreme Court

in Pioneer "did not suggest that adequate notice was a prerequisite for evaluating excusable

neglect," which, in its view, establishes "clear precedent" that the Pioneer factors must be

satisfied regardless of constitutionally inadequate notice.  See GUC Trust Br. 9-10.  But due

process was not discussed in Pioneer because there was no due process violation at issue—not

because the Supreme Court was establishing "precedent" that due process principles are

irrelevant to the ability to file late claims.  See Pioneer, 507 U.S. at 383-84 (explaining that the

creditor received and read the mailed notice of the bar date).

16.     The sole case cited by the GUC Trust as following this purported "clear

precedent," see GUC Trust Br. 10, is an out-of-circuit case where the bankruptcy court held that

the creditor could file a late claim both as a matter of due process and because the Pioneer factors

were satisfied.  See In re Premier Membership Servs., LLC, 276 B.R. 709, 713-14 (Bankr. S.D.

Fla. 2002) (holding that the claim of a known creditor who did not receive adequate notice of the bar date could not be barred as a matter of due process before proceeding to apply the Pioneer factors); id. at 716 ("[T]he Court concludes that under the principles of City of N.Y. v. N.Y., N.H. & H.R. Co., 344 U.S. 293 (1953), the claim of [creditor], as a known creditor entitled to actual notice of the Claims Bar Date, cannot be barred."). In re Premier Membership Servs., LLC in no way held, or addressed, whether an explicit and separate Pioneer analysis is necessary when there is already a finding that due process was violated. It is not.

17.     At bottom, the GUC Trust cannot harmonize its contention that the Pioneer factors are always applied with its concession that this Court has "suggested that [it] would decline to apply Pioneer if a late claimant did not receive adequate notice." GUC Trust Br. 10 (citing, *inter alia*, In re AMR Corp., 492 B.R. 660, 663-65 (Bankr. S.D.N.Y. 2013)). In fact, this Court has moved beyond suggestion and granted authority to file late claims on due process grounds alone, declining to apply Pioneer. See ISP Br. 7-9. These decisions follow the well-established principle that a party cannot be bound by an order entered in violation of that party's due process rights. See ISP Br. at 7-8; see also Elliott, 829 F.3d at 166 ("Because enforcing the Sale Order would violate procedural due process . . . these plaintiffs thus cannot be 'bound by the terms of the [Sale] Order[].'").[5]

18.     In sum, the Pioneer factors need not be satisfied for the Ignition Switch Plaintiffs to file the proposed class claim because Old GM failed to provide the Ignition Switch Plaintiffs

---

[5] Whether the Pioneer factors are satisfied is not at issue in this briefing and, thus, the GUC Trust's contention that the Ignition Switch Plaintiffs have not met the "reason for delay" factor should be disregarded. See GUC Trust Br. 10-11. Likewise for the GUC Trust's premature laches argument. See GUC Trust Br. 11-12 & n.5. The Ignition Switch Plaintiffs reserve all rights to respond to these meritless arguments at the appropriate time, if necessary.

with constitutionally adequate notice of the Bar Date Order in violation of due process and the "obvious" remedy is granting them leave to file the late claims without more.

## II.     There Is No Dispute That The Bankruptcy Court Tolled The Time For The Ignition Switch Plaintiffs To File Late Claims.

19.     New GM and the GUC Trust concede that the Ignition Switch Plaintiffs are the beneficiaries of the tolling agreement in the Scheduling Order.  See New GM Br. 8-9; GUC Trust Br. 13.  New GM and the GUC Trust also concede that the relevant period of delay to be considered in a Pioneer analysis is the mere three months from the announcement of the Ignition Switch Defect in February 2014 until the Scheduling Order was entered on May 16, 2016.  See New GM Br. 12; GUC Trust Br. 3, 13; see also Hr'g Tr. 41:4-7, dated Jan. 12, 2017 [ECF No. 13826] (counsel for the GUC Trust conceded that "for the ignition switch economic loss plaintiffs, the only possible argument about Pioneer factors is February to May 2014").[6]

20.     Thus, if the Pioneer factors were applicable (which they are not), any examination of those factors, and any related discovery, must take into account this limited period of delay, and the natural result that the Ignition Switch Plaintiffs' claims were not unreasonably delayed.

## CONCLUSION

For the reasons set forth above and in the Motion, the Ignition Switch Plaintiffs respectfully request that the Court enter an Order granting the Ignition Switch Plaintiffs leave to file the proposed class claim.

---

[6]   References in New GM's and the GUC Trust's Briefs to events occurring after May 2014 are irrelevant because all parties agree that timeliness objections against the Ignition Switch Plaintiffs were tolled during that period.

7

Dated: March 20, 2017
       New York, New York

                         Respectfully submitted,

                         BROWN RUDNICK LLP

                         */s/ Edward S. Weisfelner*
                         Edward S. Weisfelner
                         Howard S. Steel
                         BROWN RUDNICK LLP
                         Seven Times Square
                         New York, New York 10036
                         Tel: 212-209-4800
                         eweisfelner@brownrudnick.com
                         hsteel@brownrudnick.com

                         Sander L. Esserman
                         STUTZMAN, BROMBERG, ESSERMAN &
                         PLIFKA, A PROFESSIONAL CORPORATION
                         2323 Bryan Street, Ste 2200
                         Dallas, Texas 75201
                         Tel: 214-969-4900
                         esserman@sbep-law.com

                         *Designated Counsel for the Ignition Switch*
                         *Plaintiffs in the Bankruptcy Court*

                         Steve W. Berman (admitted *pro hac vice*)
                         HAGENS BERMAN SOBOL SHAPIRO LLP
                         1918 Eighth Avenue, Suite 3300
                         Seattle, WA 98101
                         Tel: 206-623-7292
                         steve@hbsslaw.com

                         Elizabeth J. Cabraser
                         LIEFF CABRASER HEIMANN & BERNSTEIN,
                         LLP
                         275 Battery Street, 29th Floor
                         San Francisco, California 94111
                         Tel: 414-956-1000
                         ecabraser@lchb.com

                         *Co-Lead Counsel for the Ignition Switch*
                         *Plaintiffs in the MDL Court*

8