# Exhibit E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
In re:                                                         :       Chapter 11
                                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,                          :       Case No.: 09-50026 (MG)
       f/k/a General Motors Corp., *et al*.             :
                                                               :       (Jointly Administered)
                    Debtors.                  :
-------------------------------------------------------------- x

## DECLARATION OF SCOTT I. DAVIDSON

     I, Scott I. Davidson, hereby declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge, information and belief.

     1.    I am counsel in the law firm of King & Spalding LLP, attorneys for General Motors LLC ("**New GM**") in the above-captioned matter. I am familiar with the statements set forth below based on my personal knowledge, and my review of relevant documents. I submit this declaration in connection with the *Reply Brief By General Motors LLC On The 2016 Threshold Issues Set Forth In The Order To Show Cause, Dated December 13, 2016 (Except For The Late Proof Of Claim Issue)* ("**2016 Threshold Issues Reply Brief**"),[1] filed simultaneously herewith. Specifically, I submit this declaration to refute the contention made by the Pope Plaintiffs in their Supplemental Opening Brief on the 2016 Threshold Issues [ECF No. 13864] that New GM did not respond to their September 15, 2015 letter ("**September 2015 Pope Correspondence**")[2] to the undersigned regarding (i) a demand letter ("**Pope Plaintiffs Demand**

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the 2016 Threshold Issues Reply Brief.

[2]  A copy of the September 2015 Pope Correspondence is attached to the Pope Supplemental Brief as Exhibit "4."

1

**Letter**")[3] New GM sent the Pope Plaintiffs regarding the Pope Lawsuit on or about September 1, 2015, and (ii) the September 2015 Scheduling Order, which was served on counsel for the Pope Plaintiffs on or about September 4, 2015.

2. I caused to be sent the Pope Plaintiffs Demand Letter to counsel for the Pope Plaintiffs on September 1, 2015. The Pope Plaintiffs Demand Letter was one of over 100 demand letters that New GM sent out in August 2015 and September 2015 to plaintiffs involved in lawsuits asserting claims against New GM based on Old GM vehicles. In addition, I caused to be served the September 2015 Scheduling Order on counsel for the Pope Plaintiffs; the September 2015 Scheduling Order was also served on between 150 and 200 plaintiffs.

3. To keep track of the inquiries I received in response to the numerous demand letters and the service of the September 2015 Scheduling Order, it was my practice to make notes on correspondence I received at that time regarding these documents. That was done in connection with the September 2015 Pope Correspondence.

4. A notation on my copy of the September 2015 Pope Correspondence, attached hereto as **Exhibit "A,"** states as follows: "Called 9/15/15 @ 1:45 p.m. Left message. Spoke to him went through the procedures." As demonstrated by this notation, upon receipt of the September 2015 Pope Correspondence, I called counsel for the Pope Plaintiffs that day and left a message. My telephone call was returned, and during that conversation, I went through the procedures with counsel for the Pope Plaintiffs.

---

[3] A copy of the Pope Plaintiffs Demand Letter is attached to the Pope Supplemental Brief as Exhibit "2."

2

5. Accordingly, based on the foregoing and the notated September 2015 Pope Correspondence attached hereto as Exhibit "A," New GM timely responded to the September 2015 Pope Correspondence.

Dated: April 7, 2017

        /s/ Scott I. Davidson
        SCOTT I. DAVIDSON

3

# Exhibit A

*[Handwritten note: Called 9/15/15 @ 1:43 p.m. Left message Spoke to him. Went through the procedures.]*

**LEDFORD LAW FIRM**
ATTORNEY AT LAW
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK 74055
Telephone (918) 376-4610
Facsimile (918) 376-4993

Writer's Extension #: 303
Email: kris@ledford-lawfirm.com

September 15, 2015

**Via Email (sdavidson@kslaw.com) and Regular Mail**
Scott Davidson
King & Spalding
1185 Avenue of the Americas
New York, NY 10036-4003

      Re:    *Pope v. General Motors, et. al*
               Muskogee County Court Case No. CJ-2014-467

Dear Mr. Davidson:

I am writing in response to your correspondence dated September 1, 2015.

Following receipt of your correspondence, I emailed you requesting additional documentation. Thank you for emailing the requested documents. Having now reviewed your September 1st letter, the Decision, the Judgment, the Order authorizing Sale, and the Sale Agreement, I am writing to request an explanation of why you have concluded that the Pope lawsuit is affected by the Decision and Judgment.

As I read the Judgment, it relates to Ignition Switch Plaintiffs, Pre-Closing Accident Plaintiffs, and Non-Ignition Switch Plaintiffs. Ignition Switch Plaintiffs are *non-accident economic loss*[1] claims. Pre-Closing Accident Plaintiffs are claims based on accidents that occurred *prior* to the 363 sale closing which occurred in 2009. Non-Ignition Switch Plaintiffs are plaintiffs who have sued New GM for *economic losses* based on an alleged defect other than the Ignition Switch in an Old GM vehicle. On page 19 of the Decision, the Court further explains this category of claims as follows:

> The other category of Plaintiffs later coming into the picture ("Non-Ignition Switch Plaintiffs") brought actions asserting Economic Loss claims as to

---

[1] In the Decision, the Court identifies "economic loss" claims as claims "for alleged reduction in the resale value of affected cards, other economic loss (such as unpaid time off from work when getting an ignition switch replaced), and inconvenience." *See* Decision at p. 18. The claims in the Pope case are wrongful death claims brought under Oklahoma law arising out of a fatality accident in which an airbag failed to deploy. Clearly, the wrongful death claims in Pope are not what the Court was contemplating as being within the scope of "economic loss" claims.

Mr. Davidson
September 15, 2015
Page 2 of 2

GM branded cars that *did not have* Ignition Switch Defects, including cars made by New GM and Old GM alike. In fact, most of their cars did not have defects, and/or were not the subject of recalls, at all. But they contend, in substance, that the Ignition Switch Defect caused damage to "the brand" resulting in Economic Loss to them.

Please identify which of these categories of claims GM contends the Pope case falls within and explain the basis for GM's position. I do not want to get involved in bankruptcy proceedings without a clear understanding of whether and why my case would be implicated by the bankruptcy proceedings.

On page 2 of your September 1st letter, you make a statement that the Sale Agreement only provided for the assumption of compensatory damages and not punitive damages. Please identify the page number of the Sale Agreement on which you base that statement. In your letter, you reference the Sale Agreement definition of damages but the assumption provision (Section 2.3(a)(ix)) in the First Amended to the Sale Agreement does not reference damage (other than property damage) and instead references "all Liabilities to third parties for death . . ." Is GM now taking the position that "all" does not really mean "all"? Given this language, I do not understand the basis for the statement in your letter. In addition to identifying the references from the Sale Agreement on which you rely, please provide a more detailed explanation for your statement.

Subsequent to receipt of your September 1st letter, I received another letter from a member of your firm dated September 4th which purports to advise me of briefing deadlines in the bankruptcy matter. Upon my review of the September 4th letter, I did not locate any discussion of wrongful death products liability cases such as the Pope case. Please advise what portion of the scheduling order referenced in the September 4th letter which GM contends is applicable to the Pope lawsuit.

I look forward to hearing from you in the near future.

Sincerely,

KRIS TED LEDFORD