**OBJECTION DEADLINE: May 4, 2017 at 5:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME: May 11, 2017 at 2:00 p.m. (Eastern Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
In re                                                                    :    Chapter 11
                                                                              :
**MOTORS LIQUIDATION COMPANY,** *et al.*,    :    Case No.: 09-50026 (MG)
       f/k/a General Motors Corp., *et al.*              :
                                                                              :
                                    Debtors.                    :    (Jointly Administered)
                                                                              :
------------------------------------------------------------x

**MOTION BY GENERAL MOTORS LLC TO ENFORCE THE BANKRUPTCY
COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION AND THE RULINGS IN
<u>CONNECTION THEREWITH, WITH RESPECT TO THE HINES PLAINTIFF</u>**

30282604

**TABLE OF CONTENTS**

**Page**

**PRELIMINARY STATEMENT** ................................................................................................ 1

**BACKGROUND FACTS** ........................................................................................................... 3

      A.       The Sale Order and Injunction and Sale Agreement ......................................... 3

      B.       The 2014 Motions to Enforce, the June 2015 Judgment
              and the Second Circuit Opinion ......................................................................... 6

      C.       The November 2015 Decision/December 2015 Judgment ................................ 7

      D.       The Hines Lawsuit ............................................................................................ 10

**BASIS FOR RELIEF** ............................................................................................................... 11

      A.       The Hines Plaintiff Cannot Seek Punitive Damages Against New GM ......... 12

      B.       The Hines Petition Contains Allegations That Are Expressly Barred
              by the December 2015 Judgment ..................................................................... 14

**NOTICE** .................................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*CelotexCorp. v.Edwards*
   514 U.S. 300 (1995)..................................................................................................3, 11

*In re Gen. Motors Corp.*,
   407 B.R. 463 (Bankr. S.D.N.Y. 2009)..............................................................................4

*In re Lehman Bros. Holdings, Inc.*,
   No. 15-149-BR, 2016 WL 1212079 (2d Cir. Mar. 29, 2016)............................................3

*In re Motors Liquidation Co.*,
   513 B.R. 467 (Bankr. S.D.N.Y. 2014)............................................................................11

*In re Motors Liquidation Co.*,
   529 B.R. 510 (Bankr. S.D.N.Y. 2015)..............................................................................6

*In re Motors Liquidation Co.*,
   541 B.R. 104 (Bankr. S.D.N.Y. 2015).......................................................................8, 12

*In re Motors Liquidation Co.*,
   829 F.3d 135 (2d Cir. 2016)....................................................................................4, 5, 7

*Robert F. Bullock, Inc. v. Thorpe*,
   353 S.E.2d 340 (Ga. 1987)..............................................................................................11

*Trusky v. Gen. Motors LLC (In re Motors Liquidation Co.)*, Adv. Proc. No. 09-
   09803, 2013 WL 620281, at *2 (Bankr. S.D.N.Y. Feb. 19, 2013)....................................5

**Statutes**

O.C.G.A. § 51-1-11..............................................................................................................11

General Motors LLC (**"New GM"**), by its undersigned counsel, submits this motion to enforce ("**Hines Motion to Enforce**") the Order entered by the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**" or "**Court**") on July 5, 2009 ("**Sale Order and Injunction**") that approved the sale of assets from Motors Liquidation Company (f/k/a General Motors Corporation) ("**Old GM**") to New GM,[1] and the decisions and judgments entered by the Court in connection therewith, enjoining the plaintiff ("**Hines Plaintiff**") and her counsel in the lawsuit ("**Hines Lawsuit**") captioned *Patricia Shell, et al. v. General Motors LLC* pending in the Circuit Court of the City of St. Louis, Missouri ("**Missouri State Court**"), Case No. 1522-CC00346, from proceeding with certain allegations, claims and requests for damages contained in the *Fourth Amended Petition* ("**Hines Petition**").[2]

## PRELIMINARY STATEMENT[3]

1.  The continued prosecution of the Hines Lawsuit, in its present form, violates the Sale Order and Injunction, and other applicable Bankruptcy Court rulings. Under these rulings, the Hines Plaintiff is a Non-Ignition Switch Post-Closing Accident Plaintiff asserting Assumed Liabilities (in the form of negligence, strict liability and breach of warranty claims predicated on Old GM's conduct) pursuant to state law based on a post-363 Sale accident involving an Old GM

---

[1] The full title of the Sale Order and Injunction is *Order (i) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (ii) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (iii) Granting Related Relief*. A copy of the Sale Order and Injunction, and the accompanying Sale Agreement (as defined herein), is attached hereto as **Exhibit "A."**

[2] A copy of the Hines Petition is attached hereto as **Exhibit "B."** The Hines Plaintiff is one of over 50 plaintiffs named in the Fourth Amended Petition that is asserting claims and requesting damages against New GM. For ease of reference, the operative pleading concerning the Hines Plaintiff's causes of action is referred to herein as the Hines Petition. New GM reserves the right to seek to enforce the Bankruptcy Court's rulings on the other plaintiffs named in the Hines Petition.

[3] Capitalized terms not otherwise defined in this Preliminary Statement are defined in later sections of this Hines Motion to Enforce.

1

vehicle (*i.e.*, a 2004 Pontiac Grand Prix).[4] The Hines Plaintiff is also seeking punitive damages on account of such claims. Both the Sale Order and Injunction and this Court's December 2015 Judgment, however, preclude the imposition of punitive damages against New GM when such damages are sought in connection with assumed Product Liabilities, or when they are premised on Old GM conduct. The Hines Plaintiff's continued pursuit of punitive damages against New GM should therefore be enjoined. Moreover, the Hines Plaintiff appears to base a portion of her negligence cause of action on a failure to recall her vehicle. However, a failure to recall claim is not an Assumed Liability.[5] In addition, the Hines Plaintiff is asserting allegations that are expressly prohibited because such allegations improperly attribute Old GM conduct to New GM.

    **2.** Counsel for the Hines Plaintiff has been on notice of the proceedings related to these bankruptcy issues for years. Counsel was provided with a copy of the June 2015 Judgment a day after its entry, and was provided notice of the proceedings leading to the November 2015 Decision/December 2015 Judgment. Counsel was also served with this Court's Order to Show Cause, dated December 13, 2016 ("**December 2016 Show Cause Order**"), which set forth the 2016 Threshold Issue[6] and the procedures for resolving same. Prior to filing this Motion to Enforce, New GM communicated with Hines' counsel that this pleading would be filed unless

---

[4] New GM disputes that it is liable to the Hines Plaintiff (or any of the plaintiffs named in the Hines Petition) for any causes of action and/or claims asserted in the Hines Petition.

[5] *See* December 2015 Judgment, ¶¶ 21, 29.

[6] Four of the 2016 Threshold Issues are, in summary: (1) who is an "Ignition Switch Plaintiff" and who is a "Non-Ignition Switch Plaintiff" as those terms are used in certain rulings; (2) which categories of plaintiffs may bring Independent Claims against New GM, and whether the Bankruptcy Court should have an ongoing role in ensuring that plaintiffs not violate the Sale Order; (3) what rights do Used Car Purchasers have against New GM; and (4) can Post-Closing Accident Plaintiffs seek punitive damages against New GM based on successor liability. The fifth 2016 Threshold Issue relates to motions seeking authority to file late proofs of claim against Old GM. As the Hines Plaintiff is only asserting assumed Product Liabilities against New GM, is not asserting any Independent Claim against New GM, and is not a used car purchaser (as the Hines Plaintiff purchased her Old GM vehicle prior to the 363 Sale), the 2016 Threshold Issues have no bearing on this Hines Motion to Enforce.

2

Hines made the corrective measures sought herein. Counsel refused to do so thus necessitating the filing of this Motion.

3. While New GM understands that the Court has expressed a preference to resolve as many issues as possible at one time, and entered the December 2016 Show Cause Order for that purpose, New GM is filing this motion because of the upcoming July 2017 trial date in the Hines Lawsuit, and its desire not to disrupt the timing of that trial.

4. The law is settled that a party subject to a Court's injunction does not have the option simply to proceed in another court as if the injunction had not been issued. As the United States Supreme Court explained in *Celotex Corp. v. Edwards*, the rule is "well-established" that "'persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order.'" 514 U.S. 300, 306 (1995). The continuation of the Hines Lawsuit without regard to the Bankruptcy Court's rulings is a clear violation of the Sale Order and Injunction.[7]

5. As explained below, this Court should enjoin the Hines Plaintiff from seeking punitive damages against New GM and direct the Hines Plaintiff to amend her Petition so that she is in full compliance with the controlling Bankruptcy Court rulings.

## BACKGROUND FACTS

**A.    The Sale Order and Injunction and Sale Agreement**

1. On June 1, 2009, Old GM commenced a case under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court. On that same day, it filed a motion seeking approval of the original version of the Sale Agreement, pursuant to which substantially all of Old GM's assets

---

[7] New GM reserves all of its rights in connection with improper actions taken by the Hines Plaintiff. *See In re Lehman Bros. Holdings, Inc.,* No. 15-149-BR, 2016 WL 1212079 (2d Cir. Mar. 29, 2016) (upholding a bankruptcy court order that imposed sanctions on a plaintiff who violated a bankruptcy sale order by commencing and continuing to prosecute a lawsuit against the purchaser of a debtor's assets where the purchaser bought the debtor's assets free and clear of claims and liens).

3

were to be sold to New GM. *See In re Gen. Motors Corp.*, 407 B.R. 463, 473 (Bankr. S.D.N.Y. 2009). The Sale Order and Injunction was entered on July 5, 2009, and the sale ("**363 Sale**") closed on July 10, 2009.

2.    The Sale Agreement expressly allocated liabilities resulting from claims against Old GM into two categories.[8] Thus, claims asserted by Non-Ignition Switch Post-Closing Accident Plaintiffs (*e.g.*, the Hines Plaintiff) based on an Old GM vehicle are either Assumed Liabilities, *i.e.*, an obligation of New GM, or Retained Liabilities that stayed with Old GM. *See generally* Sale Agreement § 2.3.

3.    New GM assumed certain categories of liabilities for Old GM vehicles, including claims arising out of post-sale accidents that caused personal injury, loss of life or property damage, defined in the Sale Agreement (as amended) as "Product Liabilities." *See* Sale Agreement, § 2.3(a) (as amended by the First Amendment to the Sale Agreement). The Hines Plaintiff's claims generally fall within the definition of assumed Product Liabilities.[9] The request for punitive damages does not.

4.    The Sale Order and Injunction provides:

Except for the Assumed Liabilities expressly set forth in the [Sale Agreement] . . . [New GM] . . . shall [not] have any liability for any claim that arose prior to the

---

[8] The June 2015 Judgment introduced a third category of Liabilities—"Independent Claims." Independent Claims have been defined by the Second Circuit as only those "sorts of claims [that] are based on New GM's *post*-petition conduct, and are not claims that are based on a right to payment that arose before the filing of petition or that are based on pre-petition conduct." *In re Motors Liquidation Co.*, 829 F.3d 135, 157 (2d Cir. 2016) (emphasis in original). As discussed below, all of the Hines Plaintiff's causes of action are based on Old GM conduct and, thus, are not Independent Claims. Accordingly, this third type of liability is not implicated in the Hines Lawsuit or this Hines Motion to Enforce. Moreover, it is worth noting that, based on the marked pleading process which was part of the proceedings leading to the December 2015 Judgment, the Court rejected the alleged Independent Claims filed by Old GM vehicle owners without the Ignition Switch Defect. *See* December 2015 Judgment, ¶ 14 ("plaintiffs whose claims arise in connection with vehicles without the Ignition Switch Defect . . . are not entitled to assert Independent Claims against New GM with respect to vehicles manufactured and first sold by Old GM (an 'Old GM Vehicle'). To the extent such Plaintiffs have attempted to assert an Independent Claim against New GM in a pre-existing lawsuit with respect to an Old GM Vehicle, such claims are proscribed by the Sale Order, April Decision and the Judgment dated June 1, 2015".

[9] As noted, a failure to recall claim is not an Assumed Liability.

4

> Closing Date, *relates to the production of vehicles prior to the Closing Date*, or otherwise is assertable against [Old GM] . . . prior to the Closing Date . . . . Without limiting the foregoing, [New GM] shall not have any successor, transferee, derivative, or vicarious liabilities of any kind or character for any claims, including, but not limited to, under any theory of successor or transferee liability, de facto merger or continuity . . . and products . . . liability, *whether known or unknown as of the Closing*, *now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated*.

Sale Order and Injunction, ¶ 46 (emphasis added).

5.    The Sale Order and Injunction is equally clear that, except for Assumed Liabilities, New GM is not liable for any claims arising in any way from any acts, or failures to act of Old GM, whether known or unknown, contingent or otherwise, whether arising before or after Old GM's bankruptcy, including claims arising under doctrines of successor or transferee liabilities. Sale Order and Injunction, ¶ AA. This provision makes it evident that except for Assumed Liabilities, "New GM is not liable for Old GM's conduct . . . ." *Trusky v. Gen. Motors LLC (In re Motors Liquidation Co.)*, Adv. Proc. No. 09-09803, 2013 WL 620281, at *2 (Bankr. S.D.N.Y. Feb. 19, 2013).

6.    Paragraph 71 of the Sale Order and Injunction affirms that the Bankruptcy Court's exclusive jurisdiction over matters and claims regarding the 363 Sale, including jurisdiction to protect New GM against improper claims:

> This Court *retains exclusive jurisdiction to enforce and implement the terms and provisions of this Order, the [Sale Agreement]*, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith, . . ., in all respects, including, but not limited to, retaining jurisdiction to . . . (c) *resolve any disputes arising under or related to the [Sale Agreement], except as otherwise provided therein, (d) interpret, implement, and enforce the provisions of this Order, (e) protect the Purchaser against any of the Retained Liabilities or the assertion of any lien, claim, encumbrance, or other interest, of any kind or nature whatsoever, against the Purchased Assets* . . . . (Emphasis added.)

5

**B.    The 2014 Motions to Enforce,[10] the June 2015 Judgment and the Second Circuit Opinion**

1.    In 2014, New GM announced a number of recalls relating to Old GM vehicles. Thereafter, lawsuits were filed around the country seeking to hold New GM liable in connection with, among other things, personal injury and economic loss claims allegedly arising from defects in Old GM vehicles. New GM filed three motions to enforce the Bankruptcy Court's Sale Order and Injunction. One of the questions raised in the 2014 Motions to Enforce was whether the claims asserted against New GM violated the Sale Order and Injunction.

2.    On June 1, 2015, the Bankruptcy Court entered its Judgment [ECF No. 13177] ("**June 2015 Judgment**") on two of the three 2014 Motions to Enforce,[11] holding, among other things, that the Sale Order and Injunction would be modified because the Bankruptcy Court found that Ignition Switch Plaintiffs[12] (but not other plaintiffs such as the Hines Plaintiff) established a due process violation (and were prejudiced) in connection with Old GM's notice of the 363 Sale. Accordingly, Ignition Switch Plaintiffs were allowed to assert Independent Claims (if viable under non-bankruptcy law) against New GM.[13]

---

[10]    The three motions to enforce the Sale Order and Injunction filed by New GM were (i) *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction*, dated April 21, 2014 [ECF No. 12620], (ii) *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Courts July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other Than Ignition Switch Actions)*, dated August 1, 2014 [ECF No. 12808] ("**Non-Ignition Switch Motion to Enforce**"); and (iii) *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Courts July 5, 2009 Sale Order and Injunction Against Plaintiffs in Pre-Closing Accident Lawsuits*, dated August 1, 2014 [ECF No. 12807] (collectively, the "**2014 Motions to Enforce**").

[11]    Issues with respect to the Non-Ignition Switch Motion to Enforce were deferred by the Bankruptcy Court. *See In re Motors Liquidation Co.*, 529 B.R. 510, 523 (Bankr. S.D.N.Y. 2015).

[12]    The June 2015 Judgment defines the term Ignition Switch Plaintiffs as those plaintiffs who assert claims against New GM based on the first three ignition switch recalls issued by New GM in February/March 2014. *See* June 2015 Judgment, at 1 n.1. The Hines Plaintiff is not an "Ignition Switch Plaintiff;" instead, her claims relate to an Old GM vehicle that was not subject to those specifically-referenced recalls.

[13]    The lawsuit that contained the Hines Plaintiff's claims at the time (*i.e.*, the Mullin lawsuit) was referenced in Exhibit "C" to the June 2015 Judgment, which listed post-sale personal injury/wrongful death lawsuits with economic loss claims to be stricken. The June 2015 Judgment was served on counsel for the Hines Plaintiff on June 2, 2015. *See* Certificate of Service, dated June 3, 2015 [ECF No. 13187], at 5.

6

3.      Certain parties (but not the Hines Plaintiff) appealed the June 2015 Judgment directly to the Second Circuit Court of Appeals ("**Second Circuit**").  The Second Circuit entered its Opinion with respect to the appeal on July 13, 2016 ("**Second Circuit Opinion**").[14]  The Second Circuit Opinion did not address (i) lawsuits brought by Post-Closing Accident Plaintiffs (like the Hines Plaintiff), (ii) punitive damages claims, (iii) which Old GM liabilities were assumed by New GM, or (iv) specific allegations and/or claims that are being asserted against New GM, each of which are implicated by this Hines Motion to Enforce.

C.      **The November 2015 Decision/December 2015 Judgment**

1.      On August 19, 2015, the Bankruptcy Court entered a Case Management Order [ECF No. 13383] that directed parties in interest to submit their views on how best to address the remaining issues relating to the Sale Order.  After a hearing before the Bankruptcy Court on August 31, 2015, the Bankruptcy Court entered a Scheduling Order on September 3, 2015 [ECF No. 13416] ("**September 2015 Scheduling Order**") which set forth a briefing schedule to address, among other things, (i) whether plaintiffs may request punitive damages against New GM with respect to Old GM vehicles, and (ii) whether certain causes of action or allegations in complaints filed against New GM relating to Old GM vehicles were barred by the Sale Order and Injunction.  Counsel for the Hines Plaintiff was served with the September 3, Scheduling Order.[15]

2.      The September 2015 Scheduling Order authorized New GM to send a cover note to plaintiffs when serving the September 2015 Scheduling Order, stating that plaintiffs would be bound by the rulings entered by the Bankruptcy Court:

---

[14]  Published at *In re Motors Liquidation Co.*, 829 F.3d 135 (2d Cir. 2016).

[15]  *See Certificate of Service*, dated September 10, 2015 [ECF No. 13428].  While the Hines Plaintiff was not specifically mentioned in the Certificate of Service, counsel for the Hines Plaintiff (*i.e.*, the Potts Law Firm) is listed therein. *See id.*, at 17.

7

> If you have any objection to the procedures set forth in the Scheduling Order, you must file such objection in writing with the Bankruptcy Court within three (3) business days of receipt of this notice ("Objection"). ***Otherwise, you will be bound by the terms of the Scheduling Order and the determinations made pursuant thereto.*** If you believe there are issues that should be presented to the Court relating to your lawsuit that will not otherwise be briefed and argued in accordance with the Scheduling Order, you must set forth that position, with specificity in your Objection. The Court will decide whether a hearing is required with respect to any Objection timely filed and, if so, will promptly notify the parties involved.

September 2015 Scheduling Order, at 4 (emphasis added).

3.  The September 2015 Scheduling Order further provided that "nothing in this Order is intended to nor shall preclude any other plaintiff's counsel (or *pro se* plaintiff), affected by the issues being resolved by this Court, from taking a position in connection with any such matters[.]" September 2015 Scheduling Order, at p. 5.

4.  The Bankruptcy Court held a hearing on all matters set forth in the September 2015 Scheduling Order on October 14, 2015. On November 9, 2015, the Bankruptcy Court entered its Decision ("**November 2015 Decision**") with respect to the matters identified in the September 2015 Scheduling Order. *See generally In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015). On December 4, 2015, the Bankruptcy Court entered its December 2015 Judgment, memorializing the rulings set forth in the November 2015 Decision. Specifically, the December 2015 Judgment found that:

> New GM *did not contractually assume liability for punitive damages* from Old GM. Nor is New GM liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law. Therefore, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM.

8

December 2015 Judgment, ¶ 6 (emphasis added). Accordingly, the Hines Plaintiff, who is asserting only Assumed Liabilities against New GM, may not seek punitive damages in connection with such claims.[16]

**5.** Moreover, the December 2015 Judgment further provided that "[a] duty to recall or retrofit is not an Assumed Liability, and New GM is not responsible for any failures of Old GM to do so." December 2015 Judgment, ¶ 21; *see also id.*, ¶ 29.

**6.** In the December 2015 Judgment, the Bankruptcy Court also described the types of allegations that cannot be asserted against New GM. Under the December 2015 Judgment, plaintiffs (like the Hines Plaintiff) are prohibited, *inter alia*, from making allegations that allege or suggest that New GM manufactured or designed an Old GM vehicle, or performed other conduct relating to an Old GM vehicle before the entry of the Sale Order and Injunction (*i.e.*, July 10, 2009) (*see id.* ¶ 18). Specifically, the December 2015 Judgment provides:

> Allegations that allege or suggest that New GM manufactured or designed an Old GM Vehicle, or performed other conduct relating to an Old GM Vehicle before the Sale Order, are proscribed by the Sale Order, April Decision and June Judgment . . . .

*Id.*, ¶ 18.

**7.** The December 2015 Judgment further provides that, except as modified by the June 2015 Judgment and the Bankruptcy Court's decision that resulted in that Judgment, the Sale Order and Injunction remained "unmodified and in full force and effect, including, without

---

[16] As stated above, the Bankruptcy Court found that "plaintiffs whose claims arise in connection with vehicles without the Ignition Switch Defect . . . are not entitled to assert Independent Claims against New GM with respect to vehicles manufactured and first sold by Old GM[.]" December 2015 Judgment, ¶ 14.

9

limitation, paragraph AA of the Sale Order, which states that, except with respect to Assumed Liabilities, New GM is not liable for the actions or inactions of Old GM." *Id.*, ¶ 39.[17]

8.  Paragraph 37 of the December 2015 Judgment provided that this Court would retain jurisdiction over these matters:

> The Court shall retain jurisdiction, to the fullest extent permissible under law, to construe or enforce the Sale Order, this Judgment, and the Decision on which it was based; *provided, however*, that the nonbankruptcy courts hearing the plaintiffs' claims shall have the authority to construe and implement the Decision and this Judgment, and to apply the principles laid out in the Decision and this Judgment, with respect to the particular cases before them. This Judgment shall not be collaterally attacked, or otherwise subjected to review or modification, in any Court other than this Court or any court exercising appellate authority over this Court.

**D.     The Hines Lawsuit**

1.  On August 20, 2009, Plaintiff was involved in an accident while driving her 2004 Pontiac Grand Prix (*see* Hines Petition, ¶ 143), a vehicle manufactured, sold and delivered by Old GM (not New GM). The Hines Plaintiff originally commenced the Hines Lawsuit against New GM in December 2014, when she joined six other plaintiffs in a complaint filed in Los Angeles, California. In September 2015, the Superior Court for Los Angeles County granted New GM's motion to dismiss the Hines Plaintiff's claims for *forum non conveniens*. Thereafter, the Hines Plaintiff joined her claims to the Third Amended Petition of the *Shell* action filed in the Missouri State Court. The current Hines Petition is part of that Fourth Amended Petition.

2.  The Hines Petition defines the defendant as New GM. *See id.* at 3. The counts in the Hines Petition are (i) Strict Liability for Failure to Warn, Design Defect, & Manufacturing

---

[17]   The Hines Plaintiff did not appeal the December 2015 Judgment. The December 2015 Judgment was appealed by others but not with respect to the Bankruptcy Court's rulings regarding punitive damages requests, Independent Claims, the duty to recall claim, and improper allegations.

10

Defect,[18] (ii) Negligence, and (iii) Breach of Warranty. In addition to compensatory damages, the Hines Plaintiff also seeks punitive damages. The trial in the Hines Lawsuit is scheduled to begin on July 10, 2017, the timing of which necessitated the filing of this Motion to Enforce.

**3.** New GM will be filing today a motion for summary judgment in the Hines Lawsuit ("**Hines Summary Judgment Motion**"), seeking to dismiss the Hines Petition on statute of limitations grounds, among other things. The Hines Summary Judgment Motion references the instant motion before the Bankruptcy Court. A copy of the **Hines Summary Judgment Motion** is attached hereto as **Exhibit "C"**.

## BASIS FOR RELIEF

**1.** The Hines Plaintiff cannot simply ignore the Bankruptcy Court's Sale Order and Injunction and its related rulings regarding claims filed against New GM. As the Supreme Court held in *Celotex*:

> If respondents believed the Section 105 Injunction was improper, they should have challenged it in the Bankruptcy Court, like other similarly situated bonded judgment creditors have done. . . . Respondents chose not to pursue this course of action, but instead to collaterally attack the Bankruptcy Court's Section 105 Injunction in the federal courts in Texas. This they cannot be permitted to do without seriously undercutting the orderly process of the law.

514 U.S. at 313; *see also In re Motors Liquidation Co.*, 513 B.R. 467, 478 (Bankr. S.D.N.Y. 2014) (quoting *Celotex*). These settled principles bind the Hines Plaintiff. She is subject to the Sale Order and Injunction and the Bankruptcy Court's other rulings, and is required to comply with them.

---

[18] The Hines Petition also contains a cause of action for a breach of Georgia's product liability statute, O.C.G.A. § 51-1-11 *et seq.* However, this cause of action is duplicative of the strict liability cause of action as O.C.G.A. § 51-1-11 codifies Georgia's strict products liability claim. *See Robert F. Bullock, Inc. v. Thorpe*, 353 S.E.2d 340, 341 (Ga. 1987) (citing O.C.G.A. § 51-1-11 and holding that "[t]he petitioner correctly argues that Georgia's strict liability doctrine is legislatively enacted and, we have said it will be strictly construed."). This Hines Motion to Enforce will address the strict liability cause of action and the statutory action together.

11

  **2.**  Despite having notice of the Sale Order and Injunction, and the other Bankruptcy Court's rulings, the Hines Plaintiff continues to disregard specific provisions contained therein, and is proceeding in the Missouri State Court as though she is exempt from the Bankruptcy Court rulings.

**A.**  <u>**The Hines Plaintiff Cannot Seek Punitive Damages Against New GM**</u>

  **1.**  Under the December 2015 Judgment, punitive damages against New GM arising from an Old GM vehicle cannot be sought in connection with, among other things, Assumed Liabilities. The Bankruptcy Court conclusively ruled that New GM did not assume punitive damages relating to Product Liabilities (as defined in the Sale Agreement). *See* December 2015 Judgment, ¶ 6.[19]

  **2.**  The November 2015 Decision provides:

> The Post–Closing Accident Plaintiffs first argue that New GM contractually assumed claims for punitive damages. The Court finds that contention unpersuasive. It can't agree with the Post–Closing Accident Plaintiffs' contention that the Sale Agreement unambiguously so provides. And once it looks at the totality of the contractual language, and extrinsic evidence, and employs common sense, it must agree with New GM's contention that New GM neither agreed to, nor did, contractually take on Old GM's punitive damages liability.

*Id.*, 541 B.R. at 117.

  **3.**  Each of the causes of action asserted by the Hines Plaintiff falls within the definition of assumed Product Liabilities. Strict liability, negligence and breach of warranty claims are typical product liability claims, and each is dependent on Old GM conduct. For example, the strict liability cause of action is dependent on the design, manufacture and sale of the Hines Plaintiff's vehicle. *See* Hines Petition, ¶¶ 178-184, 187-189. This cause of action

---

[19] *See* paragraph 18, *supra*, for the text of paragraph 6 of the December 2015 Judgment.

12

unquestionably concerns Old GM conduct as it was Old GM (and not New GM) that designed, manufactured and originally sold the 2004 model year vehicle.

4. Similarly, the negligence cause of action is also dependent on the design, manufacture and sale of the Hines Plaintiff's vehicle. *See id.*, ¶¶ 192-194. Moreover, this negligence cause of action, in addition to a litany of other allegations, contains failure to recall allegations. *See* Hines Petition, ¶ 193 ("Defendant failed to exercise ordinary care in designing, manufacturing, marketing, testing, selling, distributing and recalling the Subject Vehicle in question."); ¶ 194 ("Defendant breached their duties to Plaintiffs by designing, manufacturing, marketing, testing, selling, distributing, and recalling the Subject Vehicles with a latent dangerous defect . . . ."). While a negligence claim would fit within the definition of assumed Product Liabilities, the Bankruptcy Court has found that a failure to recall is not an Assumed Liability. *See* December 2015 Judgment, ¶ 21 ("A duty to recall or retrofit is not an Assumed Liability, and New GM is not responsible for any failures of Old GM to do so."). Accordingly, such claim cannot be asserted by the Hines Plaintiff against New GM.

5. The breach of warranty cause of action is also based on the conduct of Old GM because it is dependent on when the vehicle was placed into the stream of commerce (by Old GM) and warranted (by Old GM). *See id.*, ¶¶ 197, 199.[20]

6. In addition, the December 2015 Judgment provides that punitive damages cannot be based on Old GM conduct. *See* December 2015 Judgment, ¶ 6 ("punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM"). As demonstrated in the preceding paragraphs, each of the causes of action contained in the Hines

---

[20] As each of the causes of action asserted by the Hines Plaintiff is dependent on Old GM conduct, none of them qualify as Independent Claims. Moreover, the Hines Plaintiff bought her car in the used car market before the 363 Sale on an "as is" basis, after all warranties had expired, so she has no warranty based claim anyway.

13

Petition contains allegations regarding Old GM conduct. The punitive damages demand is inextricably linked to the causes of action pled, which are alleged Assumed Liabilities only.

7.  While the Hines Plaintiff has a conclusory paragraph at the end of the Hines Petition asserting that she is only seeking punitive damages "against Defendant for its conduct from July 10, 2009 to the present" (Hines Petition, ¶ 207), none of the causes of action asserted by the Hines Plaintiff are directed only at New GM's conduct; as demonstrated above, *all* of the causes of action fit within the definition of assumed Product Liabilities and each is based on Old GM conduct. Accordingly, these claims cannot form the basis for punitive damages against New GM.

8.  Accordingly, based on the Bankruptcy Court's explicit rulings in the November 2015 Decision and December 2015 Judgment, New GM did not assume punitive damages in connection with assumed Product Liabilities or claims based on Old GM conduct, and the Hines Plaintiff is prohibited from seeking punitive damages from New GM in connection with any of her claims.

**B.  The Hines Petition Contains Allegations That
    Are Expressly Barred by the December 2015 Judgment**

1.  In the December 2015 Judgment, the Bankruptcy Court expressly set forth the types of allegations that plaintiffs cannot assert against New GM. Specifically, the Hines Plaintiff is prohibited from making allegations that allege or suggest that New GM manufactured or designed an Old GM vehicle, or performed other conduct relating to an Old GM vehicle before the entry of the Sale Order and Injunction (*i.e.*, July 10, 2009). *See* December 2015 Judgment, ¶ 18. The Hines Petition contains allegations that directly violate this provision of the December 2015 Judgment.

14

**2.** For example, many of the allegations contained in the Hines Plaintiff's causes of action assert that "Defendant" (which is defined as New GM) "designed, manufactured, distributed and/or sold the Subject Vehicles including Plaintiffs' vehicles with design, manufacturing, and/or marketing defects, more particularly set forth herein." Hines Petition, ¶ 177; *see also, e.g., id.*, ¶¶ 178-184, 192-194. The Hines Petition also contains other allegations that violate the December 2015 Judgment, such as, *inter alia*, that New GM "placed the Subject Vehicles into the stream of commerce" (*id.*, ¶ 197) and that New GM warranted the vehicle (*id.*, ¶¶ 197-200) (when it was Old GM that warranted the vehicle).

**3.** Accordingly, the Hines Petition contains allegations that are expressly prohibited by the December 2015 Judgment. Until appropriately amended, the Hines Lawsuit should be stayed pursuant to the express rulings in the December 2015 Judgment.

**NOTICE**

**1.** Notice of this Hines Motion to Enforce has been provided to counsel for the Hines Plaintiff, and all entities that receive electronic notice from the Court's ECF system. New GM submits that such notice is sufficient and no other or further notice need be provided.

**2.** No prior request for the relief sought in this Hines Motion to Enforce with respect to the Hines Plaintiff has been made to this or any other Court.

WHEREFORE, New GM respectfully requests that this Court enter an order, substantially in the form set forth in **Exhibit "D"** hereto, granting the relief sought herein, and for such other and further relief as the Court may deem just and proper.

15

Dated: New York, New York
April 14, 2017

Respectfully submitted,

/s/ Arthur Steinberg
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Attorneys for General Motors LLC*

16