# EXHIBIT C

IN THE CIRCUIT COURT OF THE
CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| **PATRICK SHELL, et al.** | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | Cause No. 1522-CC00346 |
| | § | |
| v. | § | Division No. 3 |
| | § | |
| **GENERAL MOTORS LLC,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

**MEMORANDUM IN SUPPORT OF GENERAL MOTORS LLC'S
MOTION FOR SUMMARY JUDGMENT**

**THOMPSON COBURN LLP**

Booker T. Shaw, #25548
Susan L. Werstak, #55689
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
(314) 552-7000 (fax)
bshaw@thompsoncoburn.com
swerstak@thompsoncoburn.com

**HARTLINE DACUS
BARGER DREYER LLP**

Kyle H. Dreyer (*pro hac vice*)
8750 N. Central Expressway
Suite 1600
Dallas, Texas 75231
(214) 369-2100
(214) 369-2118 (fax)
kdreyer@hdbdlaw.com

**KIRKLAND & ELLIS LLP**

Brian D. Sieve, P.C. (*pro hac vice*)
Renee D. Smith (*pro hac vice*)
Maria Rivera (*pro hac vice*)
300 N. LaSalle St.
Chicago, IL 60654
(312) 862-2000
(312) 862-2200 (fax)
bsieve@kirkland.com
rdsmith@kirkland.com
mrivera@kirkland.com

April 14, 2017

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ................................................................................................... 1

UNDISPUTED FACTS ........................................................................................... 2

      A.     Plaintiff's Vehicle ........................................................................... 2

      B.     Plaintiff's Crash and Lawsuits ...................................................... 3

ARGUMENT & AUTHORITIES .............................................................................. 4

I.     PLAINTIFF'S CLAIMS ARE TIME-BARRED........................................... 5

      A.     The Two-Year Statute of Limitations Bars Plaintiff's Claims. ............ 5

            1.     The Discovery Rule Does Not Apply Here. ............................ 6

            2.     The Statute of Limitations Was Not Tolled. ........................... 7

      B.     The Ten-Year Statute of Repose Bars Plaintiff's Strict Liability Claims............... 9

            1.     The Discovery Rule Does Not Apply to the Statute of Repose. ............... 10

            2.     The Statute of Repose for Plaintiff's Strict Liability Claim Was Not Tolled. ........................................................................ 10

II.    PLAINTIFF'S WARRANTY CLAIM FAILS UNDER THE UCC. ................ 11

      A.     Plaintiff Does Not Have a Viable Warranty Claim Because She Did Not Buy The Vehicle From Old GM or GM LLC......................... 11

      B.     All Warranties Expired Before Plaintiff Purchased the Vehicle. ............... 12

      C.     Plaintiff Disclaimed Her Warranty Claims............................. 12

CONCLUSION....................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Adair v. Baker Bros., Inc.*,
366 S.E.2d 164 (Ga. Ct. App. 1988) ............................................................. 5

*Allison v. McGhan Med. Corp.*,
184 F.3d 1300 (11th Cir. 1999) ..................................................................... 9

*Ambling Mgmt. Co. v. Purdy*,
640 S.E.2d 620 (Ga. Ct. App. 2006) ............................................................. 7

*Apex Supply Co., Inc. v. Benbow Indus., Inc.*,
376 S.E.2d 694 (Ga. Ct. App. 1988) ........................................................... 14

*Batek v. Curators of Univ. of Mo.*,
920 S.W.2d 895 (Mo. 1996) ........................................................................... 7

*Bitterman v. Emory Univ.*,
333 S.E.2d 378 (Ga. Ct. App. 1985) ............................................................. 6

*Byrn v. Am. Univeral Ins. Co.*,
548 S.W.2d 186 (Mo. Ct. App. 1977) ............................................................ 4

*Cole v. Gen. Motors Corp.*,
484 F.3d 717 (5th Cir. 2007) ....................................................................... 11

*Comerford v. Hurley*,
268 S.E.2d 358 (Ga. Ct. App. 1980),
*aff'd* 271 S.E.2d 782 ..................................................................................... 8

*Esener v. Kinsey*,
522 S.E.2d 522 (Ga. Ct. App. 1999) ........................................................... 10

*Evershine Prods., Inc. v. Schmitt*,
202 S.E.2d 228 (Ga. Ct. App. 1973) ........................................................... 11

*Galvin v. McGilley Mem'l Chapels*,
746 S.W.2d 588 (Mo. Ct. App. 1987) ............................................................ 4

*Gen. Motors Corp. v. Halco Instruments, Inc.*,
185 S.E.2d 619 (Ga. Ct. App. 1971) ........................................................... 11

*Gibson v. TJX Co., Inc.*,
2017 WL 455939 (M.D. Ga. Feb. 2, 2017) .................................................... 5

*Goerlitz v. City of Maryville*,
333 S.W.3d 450 (Mo. 2011) ............................................................................ 4

*Gullatt v. Omega PSI PHI Fraternity, Inc.*,
546 S.E.2d 927 (Ga. Ct. App. 2001) ............................................................. 5

*Hamburger v. PFM Capital Mgmt., Inc.,*
    649 S.E.2d 779 (Ga. Ct. App. 2007) ........................................................................ 8

*Harris v. Sulcus Computer Corp.,*
    332 S.E.2d 660 (Ga. Ct. App. 1985) ...................................................................... 14

*In re Ford Motor Co. E-350 Van Prods. Liab. Litig. (No. II),*
    2012 WL 379944 (D. N.J. Feb. 6, 2012) ........................................................... 11, 12

*ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.,*
    854 S.W.2d 371 (Mo. 1993) ..................................................................................... 4

*Ivy v. Ford Motor Co.,*
    2010 WL 9115838 (N.D. Ga. Jan. 22, 2010) .......................................................... 10

*Kansas City Star Co.v. Gunn,*
    627 S.W.2d 332 (Mo. Ct. App. 1982) ....................................................................... 4

*King v. Seitzingers,*
    287 S.E.2d 252 (Ga. Ct. App. 1981) ......................................................................... 6

*Koncul Enters., Inc. v. Fleet Fin., Inc.,*
    630 S.E.2d 567 (Ga. Ct. App. 2006) ..................................................................... 5, 7

*Love v. Whirlpool Corp.,*
    449 S.E.2d 602 (Ga. 1994) ................................................................................. 9, 10

*Lyon v. Schramm,*
    661 S.E.2d 178 (Ga. Ct. App. 2008) ...................................................................... 10

*M.H.D. v. Westminster Sch.,*
    172 F.3d 797 (11th Cir. 1999) .................................................................................. 6

*Mayfield v. Heiman,*
    730 S.E.2d 685 (Ga. Ct. App. 2012) ......................................................................... 7

*Meraz v. Ford Motor Co.,*
    2014 WL 12558123 (C.D. Cal. June 13, 2014) .......................................................... 9

*Moore v. Mack,*
    598 S.E.2d 525 (Ga. Ct. App. 2004) ......................................................................... 7

*Parks v. Hyundai Motor Am., Inc.,*
    668 S.E.2d 554 (Ga. Ct. App. 2008) ......................................................................... 9

*Paws Holdings, LLC v. Daikin Indus., Ltd.,*
    2017 WL 706624 (S.D. Ga. Feb. 22, 2017) ............................................................... 8

*Robert F. Bullock, Inc. v. Thorpe,*
    353 S.E.2d 340 (Ga. 1987) ....................................................................................... 4

*Robertson v. Robertson,*
    778 S.E.2d 6 (Ga. Ct. App. 2015) ............................................................................ 8

*Steele v. Gold Kist, Inc.,*
    368 S.E.2d 196 (Ga. Ct. App. 1988) ...................................................................... 14

*Thomas v. Hubtex Maschinenbau GmbH & Co. KG,*
 2008 WL 4371977 (M.D. Ga. Sept. 23, 2008) ........................................... 9

*Webster v. Sensormatic Elec. Corp.,*
 389 S.E.2d 15 (Ga. Ct. App. 1989) ........................................... 14

*Williams v. Wal-Mart Stores East, LP,*
 2014 WL 12115943 (N.D. Ga. May 28, 2014) ........................................... 6

## Statutes

O.C.G.A. § 11-1-201(b)(10) ........................................... 13

O.C.G.A. § 11-2-316 ........................................... 13

O.C.G.A. § 11-2-725(2) ........................................... 5

O.C.G.A. § 51-1-11 ........................................... 4, 9, 10

O.C.G.A. § 9-11-41 ........................................... 5

O.C.G.A. § 9-3-33 ........................................... 5

O.C.G.A. § 9-3-96 ........................................... 7, 8

V.A.M.S. § 516.230 ........................................... 5

## Rules

Mo. Sup. Ct. R. 55.15 ........................................... 7

Mo. Sup. Ct. R. 74.04(c) ........................................... 4, 15

## INTRODUCTION

Darlene Hines is suing General Motors LLC ("GM LLC") for injuries she sustained in a single vehicle accident that occurred in Georgia on August 20, 2009. Plaintiff was driving a used 2004 Pontiac Grand Prix (the "Vehicle") when she went off-road and crashed. Plaintiff alleges that during the crash she could not control the steering or braking of the Vehicle and that the air bag should have deployed. Because she believed the Vehicle was defective, she hired an attorney shortly after the accident. She also preserved the Vehicle for over a year because she knew that it would be crucial evidence in any future lawsuit. Notwithstanding her knowledge and actions, Plaintiff did not file suit until December 2014.

Plaintiff seeks to recover under Georgia law for strict liability, negligence, and breach of warranty. GM LLC is entitled to summary judgment as a matter of law on each and every claim for the following reasons:

*First*, Plaintiff's claims are barred by Georgia's two-year statute of limitations. As a matter of law, her claims accrued when she was injured in August 2009. She therefore had to file suit by August 2011. She did not, and now cannot avoid summary judgment by invoking Georgia's discovery rule because her claims are not based on a "continuing tort." Nor can Plaintiff avoid summary judgment by arguing that the limitations period was tolled, as she has not alleged (much less proven) any affirmative concealment by GM LLC.

*Second*, Plaintiff's strict liability claim is barred by Georgia's separate and distinct ten-year statute of repose, which began running when the Vehicle was first sold in March 2004. The discovery rule does not apply to the statute of repose, so Plaintiff's strict liability claims expired in March 2014, at least nine months before Plaintiff filed suit. And as with the statute of limitations, there is no legal basis to toll the statute of repose.

*Third*, GM LLC is entitled to summary judgment on Plaintiff's claim for breach of warranty of merchantability because Plaintiff was the Vehicle's third owner and acquired it "used." Under Georgia law, the warranty of merchantability attaches only to the *first* owner of a product sold to the public. Furthermore, all express and implied warranties had expired on the Vehicle by the time Plaintiff acquired it in 2008, and she explicitly disclaimed all remaining warranties (if any) during that transaction.[1]

## UNDISPUTED FACTS

### A.    Plaintiff's Vehicle

On August 20, 2009, Plaintiff was involved in an accident while driving her Vehicle in Waynesboro, Georgia. The Vehicle was manufactured by General Motors Corporation ("Old GM") on May 13, 2003. (SUF ¶ 3; 4th Am. Pet. ¶ 143.) GM LLC did not design, manufacture, fabricate, assemble, inspect, market, distribute, or sell the Vehicle. (SUF ¶ 3.) Indeed, GM LLC did not come into existence until more than six years after the Vehicle was built.

Plaintiff acquired the Vehicle, after it had already been driven for 152,101 miles, on July 23, 2008 from Taylor Brothers Auto Sales, Inc.—a used car dealership unaffiliated with Old GM or GM LLC. (SUF ¶¶ 1–2, 4 and 19.) Plaintiff was the third owner of the Vehicle, so unsurprisingly all of the original manufacturer express warranties, and any applicable implied warranties, were expired when Plaintiff bought the Vehicle. (SUF ¶¶ 18–20.) In fact, Plaintiff acquired the Vehicle "AS IS - SOLD WITHOUT WARRANTY," signing documents stating that "this vehicle is sold as is, where is and without any warranty." (SUF ¶¶ 21–24.)

---

[1]    On April 14, 2017, GM LLC separately filed a Motion to Enforce with the United States Bankruptcy Court for the Southern District of New York, moving that court to enjoin Plaintiff from asserting a claim for punitive damages against GM LLC because such claim is proscribed by the Bankruptcy Court's orders.

### B.    Plaintiff's Crash and Lawsuits

On the morning of August 20, 2009, Plaintiff claims she was driving on Middleground Road when she swerved to miss a flock of birds in the roadway, went off the road, and crashed into several trees. (SUF ¶¶ 5–6.) The airbag did not deploy, but Plaintiff immediately believed that it should have. (SUF ¶ 7.) Her husband, who saw the Vehicle shortly after the crash, agreed with this conclusion. (SUF ¶ 8.) Plaintiff claims that the Vehicle lost power steering and brakes as it left the roadway. (SUF ¶¶ 9–12.) She also suspected in August 2009 that "the steering and the brakes on the car weren't functioning properly at the time of the accident." (SUF ¶ 9.)

In the weeks after the accident, Plaintiff retained a personal injury attorney in Georgia because she thought that the airbag should have deployed. (SUF ¶ 15–16.) The Vehicle was totaled in the crash, but Plaintiff and her husband preserved the Vehicle behind their house for over one year, thinking that it might be relevant evidence in a lawsuit. (SUF ¶ 13.) They even accepted approximately $1,000 less from their insurance company in order to retain ownership and possession of the car. (SUF ¶ 14.)

Nonetheless, Plaintiff did not file suit against GM LLC until December 2014, when she joined six other plaintiffs in a complaint filed in Los Angeles, California. Compl., *Mullin et al. v. GM LLC.*, Case No. BC568381 (Super. Ct, Los Angeles Cty, Cal. Dec. 31, 2014)). In September 2015, the Superior Court for Los Angeles County granted GM LLC's motion to dismiss Plaintiff's claims for *forum non conveniens*. Order, *Mullin et al. v. GM LLC.*, Case No. BC568381 (Super. Ct., Los Angeles Cty, Cal. Sept. 3, 2015)). Before that order was entered, however, Plaintiff joined her claims to the Third Amended Petition in the *Shell* matter pending here. That pleading alleges that "Plaintiff Hines lost power to the engine while steering her car . . . lost control of her vehicle and hit several trees in a frontal crash . . . [and] the frontal air bags did not deploy in the crash." (3d Am. Pet. ¶ 120; 4th Am. Pet. ¶ 143.)

3

## ARGUMENT & AUTHORITIES

A trial court shall grant summary judgment "if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law." *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 452 (Mo. 2011). "Summary judgment proceeds from an analytical predicate that, where the facts are not in dispute, a prevailing party can be determined as a matter of law." *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. 1993); *see also* Mo. Sup. Ct. R. 74.04(c).

Plaintiff asserts four causes of action: (1) strict liability (4th Am. Pet. ¶¶ 177–90); (2) negligence (*id.* ¶¶ 191–95); (3) breach of warranty (*id.* ¶¶ 196–200); and (4) breach of Georgia's product liability statute, O.C.G.A. § 51-1-11 *et seq.* (*id.* ¶¶ 201–02).[2] None of those claims are viable under Georgia law.

Georgia law controls Plaintiff's substantive causes of action because Missouri choice-of-law principles dictate that, in a products liability action, a court should apply the substantive laws of the state with the most significant relationship to the tort. *Byrn v. Am. Univeral Ins. Co.*, 548 S.W.2d 186, 188–89 (Mo. Ct. App. 1977). Here, Plaintiff is a resident of Georgia, purchased the Vehicle in Georgia, operated her Vehicle primarily in Georgia, and sustained her car crash and injuries in Georgia. (SUF ¶¶ 1, 5.) The location of injury is generally given primacy in tort actions filed in Missouri. *Galvin v. McGilley Mem'l Chapels*, 746 S.W.2d 588, 590–91 (Mo. Ct. App. 1987); *Kansas City Star Co.v. Gunn*, 627 S.W.2d 332, 335 (Mo. Ct. App. 1982). Other than the forum, this case has no connection to Missouri.

---

[2] Counts 1 and 4 are duplicative, as O.C.G.A. § 51-1-11 codifies Georgia's strict products liability claim. *Robert F. Bullock, Inc. v. Thorpe*, 353 S.E.2d 340, 341 (Ga. 1987) (citing O.C.G.A. § 51-1-11 and holding that "[t]he petitioner correctly argues that Georgia's strict liability doctrine is legislatively enacted and, we have said it will be strictly construed."). This Memorandum will therefore analyze counts 1 and 4 together.

4

I.    **PLAINTIFF'S CLAIMS ARE TIME-BARRED.**

Failure to file suit within the applicable limitations period is grounds for summary judgment. *Koncul Enters., Inc. v. Fleet Fin., Inc.*, 630 S.E.2d 567, 570 (Ga. Ct. App. 2006). Here, Plaintiff filed suit long after both the two-year limitations period had run and after the separate and distinct ten-year statute of repose had expired.

A.    **The Two-Year Statute of Limitations Bars Plaintiff's Claims.**

Under Georgia law, "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues." O.C.G.A. § 9-3-33.[3] In personal injury actions alleging defective products, the right of action accrues at the time of injury. *Gullatt v. Omega PSI PHI Fraternity, Inc.*, 546 S.E.2d 927, 928–29 (Ga. Ct. App. 2001) (applying two-year statute of limitations from date of personal injury); *Gibson v. TJX Co., Inc.*, 2017 WL 455939, at *1 (M.D. Ga. Feb. 2, 2017) (citing O.C.G.A. § 9-3-33 and holding that "Gibson's claims accrued on the date of her injury."). Plaintiff claims to have sustained injuries on August 20, 2009, as a result of a crash caused by a defect in the Vehicle. Therefore, the limitations period expired on August 20, 2011, more than three years before Plaintiff first filed suit in December 2014.[4] Plaintiff's claims for strict liability, negligence, and breach of warranty—all of which are "actions for injuries to the person"—are precluded by the plain language of the statute of limitations.

---

[3]    This includes actions for breach of warranty if the underlying claim is for personal injury, as here. *Adair v. Baker Bros., Inc.*, 366 S.E.2d 164, 165 (Ga. Ct. App. 1988) ("[A]n action to recover for personal injuries is, in essence, a personal injury action, and, regardless of whether it is based upon an alleged breach of an implied warranty or is based upon an alleged tort, the limitations statute governing actions for personal injuries is controlling.") (internal citations omitted). Plaintiff's warranty claims would also be time-barred under the four-year statute of limitations for contract actions. O.C.G.A. § 11-2-725(2). A cause of action for "breach of warranty occurs when tender of delivery is made," and the Vehicle in this case was first sold in 2004. (SUF ¶ 17.) Any contract-based warranty claims therefore expired in 2008, a year prior to Plaintiff's crash.

[4]    Plaintiff originally brought her claims against GM LLC as part of a consolidated complaint in California. 12/31/2014 Compl., *Mullin et al. v. GM LLC.*, Case No. BC568381 (Super. Ct, Los Angeles Cty, Cal.)). Under both Missouri and Georgia law, Plaintiff's claims might relate back to the date of the earlier-filed complaint. *See* V.A.M.S. § 516.230; O.C.G.A. § 9-11-41. That difference is immaterial, as her claims had expired well before December 2014.

### 1.    The Discovery Rule Does Not Apply Here.

Georgia's discovery rule, which under certain circumstances extends the limitations period "until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct," does not apply here. *King v. Seitzingers*, 287 S.E.2d 252, 254 (Ga. Ct. App. 1981) (internal citations omitted).    Georgia strictly limits that rule to "continuing torts" (*i.e.*, torts involving injuries that develop and manifest over an extended period of time due, for example, to continuous exposure to a toxic substance or to a latent physiological response to a medical error). *M.H.D. v. Westminster Sch.*, 172 F.3d 797, 804–05 (11th Cir. 1999) ("Thus, in Georgia the discovery rule only applies to cases involving 'continuing torts,' where the plaintiff's injury developed from prolonged exposure to the defendant's tortious conduct.") (internal citations omitted); *Williams v. Wal-Mart Stores East, LP*, 2014 WL 12115943, at *2 (N.D. Ga. May 28, 2014) (in personal injury case, two-year statute of limitations began running "the moment she sustained the injury"); *Bitterman v. Emory Univ.*, 333 S.E.2d 378, 379 (Ga. Ct. App. 1985) (declining to apply discovery rule in personal injury case because "[a] continuing tort is one inflicted over a period of time" and plaintiff "did not suffer such a tort.").    GM LLC is not aware of any court applying Georgia law that has invoked the discovery rule when the alleged injury was readily apparent and complete on the date it occurred (as in a car crash).    Plaintiff's claims thus expired on August 20, 2011.[5]

---

[5]    If the discovery rule is applied here, Plaintiff's claims would still be time-barred.    The uncontroverted facts show that Plaintiff suspected from the date of her crash that her car malfunctioned and she had a potential product defect claim against GM LLC. (*See* SUF ¶¶ 7–16.) Many years later, the Petition included allegations similar to what Plaintiff had known in 2009. (4th Am. Pet. ¶ 143 (due to a vehicle defect "Plaintiff Hines lost power to the engine while steering her car . . . lost control of her vehicle and hit several trees in a frontal crash . . . [and] the frontal air bags did not deploy in the crash."); *id.* ¶ 180 (asserting claim based on "design defects" that caused "loss of engine power [and] loss of power steering" and "prevented the vehicles' airbags from deploying in the event of an impact.").)    Thus, undisputed evidence demonstrates that Plaintiff "discover[ed] or in the exercise of reasonable diligence should have discovered" as early as autumn of 2009 that her "injury may

### 2.    The Statute of Limitations Was Not Tolled.

The Petition asserts that "any applicable statute of limitation or statute of repose should be equitably tolled or the Defendant estopped from asserting any such limitation due to defendant's purposeful and fraudulent concealment of know[n] defects with the specific intent to dissuade or prevent claims against Defendant." (4th Am. Pet. ¶ 84.)  Georgia law will toll a limitations period if the defendant commits "a fraud by which the plaintiff has been debarred or deterred from bringing an action." O.C.G.A. § 9-3-96. But Georgia courts have explicitly and repeatedly held that "fraudulent concealment" may toll a limitations period only if the defendant commits an *affirmative* act of concealment with intent to deceive: "[S]ome trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied on must be of an affirmative character and fraudulent." *Mayfield v. Heiman*, 730 S.E.2d 685, 690 (Ga. Ct. App. 2012), quoting *Moore v. Mack*, 598 S.E.2d 525, 528 (Ga. Ct. App. 2004); *see also Koncul*, 630 S.E.2d at 570 (rejecting tolling by fraudulent concealment for lack of evidence of "intent to deceive or defraud.")

Here, Plaintiff has not alleged—much less proven—that GM LLC took any affirmative step to prevent her from filing suit between August 2009 (when her claim accrued) and August 2011 (when her claim expired), nor does her complaint allege any facts suggesting that GM LLC did so with *intent* to deceive her. She certainly has not set forth any fraudulent conduct "with particularity," as required by Missouri's pleading rules. Mo. Sup. Ct. R. 55.15; *Batek v. Curators of Univ. of Mo.*, 920 S.W.2d 895, 900–01 (Mo. 1996) (statute of limitations was not

---

have been caused by [GM's] conduct." This is sufficient to trigger the limitations clock, which expired in 2011. *Ambling Mgmt. Co. v. Purdy*, 640 S.E.2d 620, 625 (Ga. Ct. App. 2006) ("The test for determining when the statute of limitation began to run against plaintiffs is not when they were diagnosed with symptoms consistent with Chlordane poisoning, it is when they suspected that their alleged injuries may have been caused by Gold Kist's conduct.") (internal citations and quotations omitted).

tolled, because the plaintiff "fails to set out with particularity the conduct that constituted fraudulent concealment"). Rather, she alleges only that GM LLC failed to timely disclose the existence of different defects related to entirely different vehicles. (*See, e.g.*, 4th Am. Pet. ¶ 98 ("The presence and dangerous consequences of the Ignition Switch Defect were known prior to the July 2009 Agreement, yet, the Defendant continued to conceal that information from safety regulators and the public.")) But "mere silence" is insufficient to toll the statute of limitations based on fraudulent concealment. *Comerford v. Hurley*, 268 S.E.2d 358, 360 (Ga. Ct. App. 1980) ("[C]oncealment of a cause of action must be by positive affirmative act and not by mere silence."), *aff'd* 271 S.E.2d 782; *Robertson v. Robertson*, 778 S.E.2d 6, 11 (Ga. Ct. App. 2015) (declining tolling because "mere silence is insufficient to show fraudulent concealment."); *Paws Holdings, LLC v. Daikin Indus., Ltd.*, 2017 WL 706624, at *15 (S.D. Ga. Feb. 22, 2017) ("Plaintiff has failed to plead any positive affirmative act committed—as opposed to mere silence—by [either defendant] that concealed Plaintiff's warranty-based causes of action.").[6] Because Plaintiff lacks evidence that GM LLC engaged in an affirmative fraud with respect to the Vehicle or the Grand Prix recall, the limitations period was not tolled.[7]

---

[6]    To the extent Plaintiff relies on admissions in the Statement of Facts accompanying GM LLC's Deferred Prosecution Agreement, such admissions are irrelevant to this matter. The Statement of Facts relates only to vehicles with the "Defective Switch," and it defines the "Defective Switch" as relating only to certain model year vehicles that do *not* include the 2004 Pontiac Grand Prix. (4th Am. Pet. at P-31–32 (Statement of Facts ¶ 4).) Neither GM LLC nor Old GM concealed the Grand Prix defect, and there is no evidence that, had Plaintiff diligently filed a lawsuit and pursued pretrial discovery, she could not have discovered the same defects she now alleges.

[7]    Moreover, the evidence confirms that Plaintiff was not "debarred or deterred" from investigating or filing her claim. *See* O.C.G.A. § 9-3-96. She retained counsel in 2009, preserved her Vehicle for a year, and considered filing suit in 2009 on a theory that is similar to the one she eventually asserted in this case. (SUF ¶¶ 13–16.) *See Hamburger v. PFM Capital Mgmt., Inc.*, 649 S.E.2d 779, 785 (Ga. Ct. App. 2007) (fraudulent concealment did not apply when the plaintiff "was aware of the facts that she contends gave rise to her claims"; plaintiff is not permitted to "put it on the back burner, shove the statements in a drawer, sit on her rights, and then hope to bring a lawsuit clearly outside the statute of limitation period").

**B.      The Ten-Year Statute of Repose Bars Plaintiff's Strict Liability Claims.**

Counts 1 and 4 of the Petition are likewise barred by Georgia's ten-year statute of repose: "No action shall be commenced pursuant to this [strict liability] subsection with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury." O.C.G.A. § 51-1-11(b)(2). Plaintiff's Vehicle was first sold no later than March 16, 2004.[8] (SUF ¶ 17.)  Thus, the statute of repose expired no later than March 16, 2014—nine months before Plaintiff filed her lawsuit in December 2014. *See Love v. Whirlpool Corp.*, 449 S.E.2d 602, 606–07 (Ga. 1994) (affirming summary judgment for the defendant on a strict liability claim filed more than ten years after product purchase); *Meraz v. Ford Motor Co.*, 2014 WL 12558123, at *8 (C.D. Cal. June 13, 2014) (interpreting Georgia's statute of repose and dismissing a strict liability claim as untimely because the vehicle was first sold in 1999 but the lawsuit was filed in 2013).

While O.C.G.A. § 51-1-11(c) excludes *negligent* failure-to-warn cases from the statute of repose, that exception only applies to negligence claims, not strict liability failure-to-warn claims. *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1307 (11th Cir. 1999) ("While [plaintiff] may argue that it would have been logical for the legislature to have extended the exception to strict liability actions as well as negligence, it did not do so. . . . Accordingly, the district court correctly granted summary judgment barring [plaintiff's] strict liability claims."); *Thomas v. Hubtex Maschinenbau GmbH & Co. KG*, 2008 WL 4371977, at *9 (M.D. Ga. Sept. 23, 2008) (declining to apply the statutory exception, and holding that "[b]ecause Defendant sold the sideloader to Propex over ten years ago, Defendant is entitled to summary judgment on

---

[8]    The statute of repose began running when the *first* owner purchased the vehicle, not when Plaintiff purchased it. *Parks v. Hyundai Motor Am., Inc.*, 668 S.E.2d 554, 557 (Ga. Ct. App. 2008) ("[T]he statute of repose commenced to run from the date the [vehicle] was bought for use by the first retail owner…"). Here the car was leased for retail use on June 12, 2003 and purchased for retail use on March 16, 2004. (SUF ¶ 17.)  As such, the statute of repose began running, at the latest, on March 16, 2004.

Plaintiff's strict liability failure to warn claim."). The language of the statute therefore bars Plaintiff's strict liability claims.

### 1.    The Discovery Rule Does Not Apply to the Statute of Repose.

There are no exceptions to the statute of repose for strict liability. *Ivy v. Ford Motor Co.*, 2010 WL 9115838, at *7 (N.D. Ga. Jan. 22, 2010) ("O.C.G.A. § 51-1-11(b)(2) does not have exceptions."). In particular, no discovery rule can prolong the repose period. *See Love*, 449 S.E.2d at 604 ("O.C.G.A. § 51-1-11 bars, without exception, the commencement of strict products liability actions 'after ten years from the date of the first sale.'").

### 2.    The Statute of Repose for Plaintiff's Strict Liability Claim Was Not Tolled.

While fraudulent concealment is not available to toll the statute of repose, *Lyon v. Schramm*, 661 S.E.2d 178, 180 (Ga. Ct. App. 2008) ("[A] statute of ultimate repose cannot be tolled for any reason.") (internal citations omitted), some   courts have held that equitable estoppel may apply. *See Esener v. Kinsey*, 522 S.E.2d 522, 525 (Ga. Ct. App. 1999) ("[T]he doctrine of equitable estoppel [ ] prevents the defendant from relying upon the statute of repose when his fraud concealed the cause of the injury."). But to establish equitable tolling, a plaintiff must prove the same types of affirmative concealment required by the doctrine of fraudulent concealment. *Id.* ("While statutes of repose cannot be tolled, actual fraud concealing the negligence can estop the defendant from asserting the defense of the statute of repose through the doctrine of equitable estoppel.") For the reasons explained above, Plaintiff cannot prove any affirmative fraud by GM LLC, and thus the statute of repose applies here.[9]

---

[9]   There is no genuine issue of material fact as to whether Plaintiff had sufficient information in 2009 to state a claim for strict liability, which applies to any "natural person who may use, consume, or reasonably be affected by the property and who suffers injury to his person or property." O.C.G.A. § 51-1-11(b)(1). Plaintiff knew or suspected those facts on the date of the crash, or shortly thereafter. (SUF ¶¶ 7–12.)

## II.    PLAINTIFF'S WARRANTY CLAIM FAILS UNDER THE UCC.

Count 3 of the Fourth Amended Petition alleges that GM LLC breached the express and implied warranties on the Vehicle, including the warranty of merchantability: "The Subject Vehicles were not of merchantable quality and were not safe or fit for their intended use because it was unreasonably dangerous and unfit for the ordinary purpose for which they are used in that it caused injury to Plaintiffs." (4th Am. Pet. ¶ 199.) Plaintiff has no claim for breach of warranty because she purchased the Vehicle third-hand and after all warranties on the Vehicle had expired. She also explicitly disclaimed all warranties when she bought it. For these reasons, GM LLC is entitled to summary judgment on Plaintiff's warranty claim.

### A.    Plaintiff Does Not Have a Viable Warranty Claim Because She Did Not Buy The Vehicle From Old GM or GM LLC.

Plaintiff was the third owner of the Vehicle, which she bought used in 2008 from an automobile dealership unaffiliated with either Old GM or GM LLC. (SUF ¶¶ 1–2, 17.) Georgia law clearly states that warranties do not extend from a remote manufacturer to a purchaser of used goods: "When goods are sold by an original purchaser to a third party as used or second-hand goods, there is, of course, no implied warranty with respect to the manufacturer or original seller." *Gen. Motors Corp. v. Halco Instruments, Inc.*, 185 S.E.2d 619, 622 (Ga. Ct. App. 1971) ("[T]here could be no recovery by Halco because of a lack of privity between it and General Motors."); *accord Evershine Prods., Inc. v. Schmitt*, 202 S.E.2d 228, 231 (Ga. Ct. App. 1973) ("[I]f a defendant is not the seller to the plaintiff-purchaser, the plaintiff as the ultimate purchaser cannot recover on the implied or express warranty, if any, arising out of the prior sale by the defendant to the original purchaser."); *see also Cole v. Gen. Motors Corp.*, 484 F.3d 717, 730 (5th Cir. 2007) (acknowledging that jurisdictions vary, but noting that Georgia does *not* extend the implied warranty to purchasers of used goods); *In re Ford Motor Co. E-350 Van Prods. Liab.*

*Litig. (No. II)*, 2012 WL 379944, at *34 (D. N.J. Feb. 6, 2012) ("The Court is aware of no Georgia authority that would permit express or implied warranty claims to lie against the manufacturer where the consumer purchased used goods (even a vehicle) from an unrelated third party."). For this reason alone, Plaintiff's warranty claim fails as a matter of law.

### B.    All Warranties Expired Before Plaintiff Purchased the Vehicle.

Even if the warranties could have extended to Plaintiff, any warranties on this particular Vehicle had long since expired. Each of the express warranties running with the Vehicle expired upon the earlier of a date or an odometer reading. (SUF ¶ 18.) Those dates and odometer readings varied based on the specific warranty, but none lasted longer than 100,000 miles. (*Id.*) Plaintiff bought the Vehicle more than four years after it was initially sold as new, and the Vehicle had been driven for more than 150,000 miles. (SUF ¶ 19.) All express warranties had therefore expired well before Plaintiff acquired it. (SUF ¶¶ 18–19.) Moreover, the Vehicle did not even come with an express warranty of merchantability, which is the only warranty alleged in the pleadings. (*See*, *e.g.*, 4th Am. Pet. ¶ 198.)

The manufacturer's warranty documents also explain in bold lettering that **"[a]ny implied warranty of merchantability or fitness for a particular purpose applicable to this vehicle is limited in duration to the duration of this written warranty."** (SUF ¶ 20.) This limitation was conspicuous (as described more fully in the next section), mentions merchantability as required, and easily meets the standard for exclusion or limitation of warranties under O.C.G.A. § 11-2-316. Because all of the written warranties expired prior to Plaintiff's purchase, any implied warranty expired as well. (SUF ¶¶ 18–20.)

### C.    Plaintiff Disclaimed Her Warranty Claims.

Summary judgment is also warranted because Plaintiff disclaimed all warranties when she purchased the Vehicle "AS IS." (SUF ¶¶ 21–24.) At her deposition, Plaintiff testified that

she knew at the time she bought the Vehicle "AS IS" without any warranty. (SUF ¶ 21.) Under

Georgia's UCC provisions, a seller can "negate or limit" both express and implied warranties.

O.C.G.A. § 11-2-316(1). For a disclaimer of the implied warranty of merchantability to be

effective, "the language must mention merchantability and in case of a writing must be

conspicuous." O.C.G.A. § 11-2-316(2) Additionally, "all implied warranties are excluded by

expressions like 'as is,' 'with all faults,' or other language which in common understanding calls

the buyer's attention to the exclusion of warranties and makes plain that there is no implied

warranty." O.C.G.A. § 11-2-316(3)(a). The Georgia UCC defines "conspicuous" as "so written,

displayed, or presented that a reasonable person against which it is to operate ought to have

noticed it." O.C.G.A. § 11-1-201(b)(10). Features of conspicuous writings include capital

letters larger than their surrounding text, contrasting type or font, and language set off from

surrounding text by symbols or other marks. O.C.G.A. § 11-1-201(b)(10)(A)–(B).

The disclaimer knowingly signed by Plaintiff is valid and enforceable. (SUF ¶ 22.)

During the sales transaction, Plaintiff signed a document titled "**AS IS - SOLD WITHOUT**

**WARRANTY**." (SUF ¶ 22–23.) This document set forth—in bold, all-capitals typeface—the

following provisions:

- "**SELLER HEREBY EXPRESSLY DISCLAIMS ALL WARRANTIES EITHER EXPRESSED OR IMPLIED INCLUDING ALL IMPLIED WARRANTIES OF MERCHANTABILITY.**"

- "**NOTICE OF VEHICLE SOLD WITHOUT ANY WARRANTY**," with a box around that notice.

- "**THIS VEHICLE IS SOLD AS IS, WHERE IS AND WITHOUT ANY WARRANTY.**"

- "**WARRANTY DISCLAIMER - SOLD AS IS.**"

(*Id.*) Those provisions mention the warranty of merchantability, as required, and they are clearly

conspicuous by virtue of their size, capitalization, boldface type, and set-off within boxes. *Apex*

*Supply Co., Inc. v. Benbow Indus., Inc.*, 376 S.E.2d 694, 697–98 (Ga. Ct. App. 1988) (finding disclaimer of implied warranty where the sales invoices included a bold, capital-letter provision: "ALL WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING THOSE OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE HEREBY EXCLUDED."); *Harris v. Sulcus Computer Corp.*, 332 S.E.2d 660, 662 (Ga. Ct. App. 1985) (finding disclaimer where sales order stated in large, capital letters: "[appellee] makes NO WARRANTY EXPRESSED OR IMPLIED with respect to this software, the related hardware, and any other related items, their quality, performance, merchantability, or fitness for any particular use." (punctuation added)); *Steele v. Gold Kist, Inc.*, 368 S.E.2d 196, 197 (Ga. Ct. App. 1988) (finding disclaimer where contract stated in capitalized letters that appellee "MAKES NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, EXCEPT AS EXPRESSLY STATED HEREIN."); *Webster v. Sensormatic Elec. Corp.*, 389 S.E.2d 15, 16 (Ga. Ct. App. 1989) (similar). By signing this disclaimer in front of a witness, Plaintiff "acknowledge[d] [s]he has read, understands, and accepts the provisions of this warranty statement for the above identified vehicle." (SUF ¶ 23.)[10] The "as is" language used throughout the disclaimer also puts this Vehicle squarely within O.C.G.A. § 11-2-316(3)(a).

In sum, even if the warranties had somehow survived the sale of the Vehicle and the expiration of the warranties (which they did not), GM LLC is still entitled to summary judgment on Count 3 because Plaintiff disclaimed her right to bring a warranty claim.

---

[10] Separately, Plaintiff's purchase documents contain a "buyer's guide," which indicates in very large font that the vehicle was sold "'**AS IS - NO DEALER WARRANTY**." (SUF ¶ 24.)

## CONCLUSION

There are no disputed issues of material fact here. Plaintiff's claims are clearly time barred, and otherwise fail for the reasons set forth above. For all the foregoing reasons, this Court should grant GM LLC summary judgment on all of Plaintiff's claims and requests for damages, pursuant to Mo. Sup. Ct. R. 74.04(c).

DATED: April 14, 2017                    Respectfully submitted,

                                         **THOMPSON COBURN LLP**

                                         By: */s/ Booker T. Shaw*
                                         Booker T. Shaw, #25548
                                         Susan L. Werstak, #55689
                                         One US Bank Plaza
                                         St. Louis, MO 63101
                                         (314) 552-6000
                                         (314) 552-7000 (fax)
                                         bshaw@thompsoncoburn.com
                                         swerstak@thompsoncoburn.com

                                         **HARTLINE DACUS BARGER DREYER LLP**
                                         Kyle H. Dreyer (admitted *pro hac vice*)
                                         8750 N. Central Expressway, Suite 1600
                                         Dallas, Texas 75231
                                         (214) 369-2100
                                         (214) 369-2118 (fax)
                                         kdreyer@hdbdlaw.com

                                         **KIRKLAND & ELLIS LLP**
                                         Brian D. Sieve, P.C. (admitted *pro hac vice*)
                                         Renee D. Smith (admitted *pro hac vice*)
                                         Maria Pellegrino Rivera (admitted *pro hac vice*)
                                         300 N. LaSalle St.
                                         Chicago, IL 60654
                                         (312) 862-2000
                                         (312) 862-2200 (fax)
                                         bsieve@kirkland.com
                                         rdsmith@kirkland.com
                                         mrivera@kirkland.com

                                         **ATTORNEYS FOR DEFENDANT
                                         GENERAL MOTORS LLC**

15

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2017, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following attorneys for Plaintiffs:

Derek H. Potts
Eric G. Jensen
The Potts Law Firm, LLP
1901 W. 47th Place, Suite 210
Westwood, KS 66205
(816) 931-2230 (telephone)
(816) 817-0478 (facsimile)
dpotts@potts-law.com
ejensen@potts-law.com

David M. Zevan
Richard A. Voytas
The Zevan & Davidson Law Firm
1 North Taylor Avenue
St. Louis, MO 63108
(314) 588-7200
david@zevandavidson.com
rvoytas@zevandavidson.com

*/s/ Booker T. Shaw*