**Hearing Date and Time: May 17, 2017 at 9:00 a.m.**

William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
T: 212-813-8800
E: wweintraub@goodwinlaw.com
E: gfox@goodwinlaw.com

*Counsel for the Burnett Law Firm
and the Potts Law Firm*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
In re:                                                       :   Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,                          :   Case No.: 09-50026 (MG)
        f/k/a General Motors Corp., et al.,                  :
                                                             :
                                Debtors.                     :   (Jointly Administered)
-------------------------------------------------------------X

**OBJECTION TO MOTION BY GENERAL MOTORS LLC
TO ENFORCE THE BANKRUPTCY COURT'S JULY 5, 2009
SALE ORDER AND INJUNCTION AND THE RULINGS IN
<u>CONNECTION THEREWITH, WITH RESPECT TO THE HINES PLAINTIFF</u>**

On behalf of the Burnett Law Firm and the Potts Law Firm, trial counsel to Darlene Hines, one of the fifty-four (54) plaintiffs in the consolidated lawsuit captioned *Particia Shell, et al. v. General Motors LLC* pending in the Circuit Court of the City of St. Louis, Missouri (Case No. 1522-CC00346) (the "Hines Lawsuit"), the undersigned counsel hereby files this response to the *Motion By General Motors LLC to Enforce the Bankruptcy Court's July 5, 2009 Sale Order and Injunction and the Rulings In Connection Therewith, With Respect to the Hines Plaintiff* [Docket No. 13892] (the "Hines Motion to Enforce"),[1] which General Motors LLC ("New GM") filed on April 14, 2017. Counsel respectfully represents as follows:

On August 20, 2009,[2] Ms. Hines suffered serious injuries in a car wreck involving her 2004 Pontiac Grand Prix, which was manufactured by Old GM and which contained a defective ignition switch that New GM recalled on July 3, 2014 (GM Recall # N140350). Ms. Hines' vehicle was subject to one of the so-called "second wave" ignition switch recalls and, thus, Ms. Hines is considered to be a Non-Ignition Switch Post-Closing Accident Plaintiffs under the rubric of this case. *See* December 2016 Show Cause Order at 13 (definition of "Subject Vehicle"). Ms. Hines has asserted claims against New GM arising from the incident, which include Strict Liability for Failure to Warn, Design Defect, & Manufacturing Defect, Negligence, Statutory Action under Georgia's product liability statute (Georgia Stat. Ann §§ 51-1-11, et seq.), and Breach of Warranty, and she has sought compensatory and punitive damages with respect to such claims.

New GM has asserted that Ms. Hines is barred from asserting punitive damages against New GM under this Court's November 2015 Decision and December 2015 Judgment. In the interest of judicial and litigant economy, in response to the Hines Motion to Enforce, Ms. Hines

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Hines Motion to Enforce.

[2] This was shortly after the July 10, 2009 closing of the 363 Sale of the assets of Old GM to New GM.

1

ACTIVE/90685199.3

joins in and adopts herein by reference all of the arguments made on behalf of Non-Ignition Switch Post-Closing Accident Plaintiffs in the joint briefs submitted by plaintiffs in connection with the 2016 Threshold Issues.  *See Plaintiffs Joint Opening Brief On The 2016 Threshold Issues*, filed February 27, 2017 [Docket No. 13866]; *Plaintiffs' Joint Reply Brief On The 2016 Threshold Issues*, filed April 7, 2017 [Docket No. 13889].  Ms. Hines also does not believe that the Hines Motion to Enforce should be heard separately from the oral argument on the 2016 Threshold Issues and agrees to have her arguments in opposition to the Hines Motion to Enforce be subsumed by the arguments of other Non-Ignition Switch Post-Closing Accident Plaintiffs that the undersigned counsel made on April 20, 2017 and will make at the second day of oral argument, currently scheduled for May 17, 2017.

     Ms. Hines is aware that the Court asked at the oral argument on the 2016 Threshold Issues held on April 20, 2017, whether any of the lawsuits impacted by the 2016 Threshold Issues were scheduled for trial in the near term.  The trial of Ms. Hines' pending claims against New GM is scheduled to begin on July 10, 2017 in the Missouri State Court.  Ms. Hines appreciates the Court's recognition of the impact of the 2016 Threshold Issues on state court litigations and the Court's efforts to adjudicate these issues as quickly as possible to minimize disruption in these state court litigations.  If the Court is unable to adjudicate the 2016 Threshold Issues (specifically whether Non-Ignition Switch Post Closing Accident Plaintiffs such as Ms. Hines may assert Independent Claims and punitive damages against New GM) by the time the Hines Lawsuit trial is scheduled to begin, Ms. Hines represents that she will either (i) request that the Missouri State Court bifurcate the trial so that her Independent Claims and punitive damages request are held in abeyance until this Court rules on those issues or (ii) drop any Independent Claims and the punitive damages request as applied to Ms. Hines from the complaint.  Ms. Hines

also represents to the Court that she will work with New GM and the other plaintiffs in the Hines Lawsuit to tighten or correct any confusing or ambiguous language that might be unclear as to references to Old GM versus New GM and to clarify that Old GM manufactured, sold and warranted Ms. Hines' vehicle, not New GM.

Dated: May 4, 2017

Respectfully submitted,

/s/ *William P. Weintraub*
William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: 212.813.8800
Fax:  212.355.3333
wweintraub@goodwinlaw.com
gfox@goodwinlaw.com

*Counsel for the Burnett Law Firm and the Potts Law Firm*

## **CERTIFICATE OF SERVICE**

I, William P. Weintraub, hereby certify that a copy of the foregoing *Notice of Appearance and Request for Service of Documents*, filed through the CM/ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 4, 2017.

 /s/ William P. Weintraub
William P. Weintraub

ACTIVE/90685199.3