# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

May 5, 2017

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

    Re: **In re Motors Liquidation Company,** *et al.*
       **Case No. 09-50026 (MG)**

       **Letter Brief Correcting Statements Made by**
       **Plaintiffs' Counsel at Hearing on 2016 Threshold Issues**

Dear Judge Glenn:

  King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. At the April 20, 2017 hearing ("**April 2017 Hearing**") on the 2016 Threshold Issues,[1] the Court authorized New GM to submit a letter brief, not to exceed five (5) pages, to correct statements made by plaintiffs' counsel at the April 2017 Hearing that were not factually correct.[2] Highlighted below are three inaccurate statements made by plaintiffs' counsel, and the appropriate corrections.

**A. MDL 2543 Includes Numerous Cases Filed By Hundreds Of Non-Ignition Switch Post-Closing Accident Plaintiffs**

  Plaintiffs' counsel (Goodwin Proctor) represents Robert Hilliard, one of the Lead

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Order To Show Cause Regarding Certain Issues Arising From Lawsuits With Claims Asserted Against General Motors LLC ("New GM") That Involve Vehicles Manufactured By General Motors Corporation ("Old GM")*, dated December 13, 2016 [ECF No. 13802] ("**Show Cause Order**"), and the Glossary of Terms attached thereto as Exhibit "B."

[2] *See* April 20, 2017 Hr'g Tr. [ECF No. 13907], at 141:25-142:15.

Honorable Martin Glenn
May 5, 2017
Page 2

Counsel in MDL 2543, and his law firm (Hilliard Munoz and their clients) in these bankruptcy proceedings.[3] As Co-Lead Counsel, Mr. Hilliard is primarily responsible for the personal injury cases filed in MDL 2543. In arguing that Non-Ignition Switch Post-Closing Accident Plaintiffs were not involved in the bankruptcy proceedings leading to the December 2015 Judgment, Plaintiffs' counsel, at various times during the April 2017 Hearing, stated repeatedly and unequivocally that there are *no* cases involving Non-Ignition Switch Post-Closing Accident Plaintiffs in MDL 2543. *See* April 20, 2017 Hr'g Tr., at 101:2-4 ("It's important to note that the non-ignition switch post-closing accident plaintiffs are not part of the MDL."); *see also id.*, at 101:15-17 ("These guys were here [involved in this case], but not for people with post-closing non-ignition switch accident claims. They were not part of the MDL."); *id.*, at 103:3-7 ("The post-closing accident cases, as I said, were not even on the radar screen at this point, and the non-ignition switch post-closing accident cases were even further off the radar screen, because they were not part of the MDL."); *id.*, at 121:15-16 ("As I said earlier, they [Non-Ignition Switch Post-Closing Accident Plaintiffs] are not bankruptcy insiders, they are not part of the MDL.").

These statements are not true. As demonstrated by the chart attached hereto as **Exhibit "A,"** there were 693 Non-Ignition Switch Post-Closing Accident Plaintiffs involved in MDL 2543 as of September 3, 2015, *i.e.*, the date of this Court's September 3, 2015 Scheduling Order ("**September 2015 Scheduling Order**").[4] A majority of these plaintiffs were represented by Mr. Hilliard and his law firm.

### B. Discovery Of The Recalls Involving Non-Ignition Switch Vehicles Occurred In MDL 2543 And Was Not Stayed

At the April 2017 Hearing, as support for the assertion that a due process violation could not have been demonstrated during the proceedings leading to the December Judgment, plaintiffs' counsel stated that discovery with respect to Non-Ignition Switch Vehicles had not taken place. These statements include: (i) "At this point in the case, there had been no discovery into Old GM's knowledge of any other defect at the time of the sale . . . " (April 20, 2017 Hr'g Tr., at 113:16-18); and (ii) "Briefing commenced on September 18th. The non-ignition switch post-closing accident plaintiffs were not organized at that time. Each one of their defects was different. There were probably dozens if not more defects that were covered by those. Discovery had been stayed." ( *id.*, at 119:3-7). Both statements are inaccurate.

---

[3] *See, e.g.*, August 31, 2015 Hr'g Tr., at 11:2-4 ("I am here representing the plaintiffs represented by Mr. Hilliard in personal injury cases."). In addition, among other things, Goodwin Procter filed a notice of appearance on behalf of "Hilliard Munoz Gonzales LLP, Thomas J. Henry Injury Attorney, Girard Gibbs LLP; and Jordan, Hyden, Womble and Culbreth" (*see* ECF No. 12701).

[4] New GM notes that certain of the plaintiffs listed in Exhibit "A" have, since September 3, 2015, settled and/or dismissed their lawsuits against New GM. However, such settlements/dismissals have no bearing on the fact that there were hundreds of Non-Ignition Switch Post-Closing Accident Plaintiffs in MDL 2543 on September 3, 2015.

Honorable Martin Glenn
May 5, 2017
Page 3

In MDL 2543, Judge Furman authorized discovery *via* MDL Order No. 20, dated November 3, 2014, and MDL Order No. 31, dated January 14, 2015, to commence on the following subjects:

(i) ***seven non-Ignition Switch Defect recalls*** (*i.e.*, NHTSA Recall Nos. 14V346, 14V355, 14V394, 14V400, 14V490, 14V540, and 14V153) ***on November 3, 2014***—more than a year before the December 2015 Judgment;[5] and

(ii) ***an additional four non-Ignition Switch Defect recalls*** (*i.e.*, NHTSA Recall Nos. 14V118, 14V224, 14V252 and 14V266) on January 14, 2015—almost a year before the December 2015 Judgment.[6]

Under MDL Order No. 31, discovery related to these 11 ***additional*** recalls implicated approximately 11.7 million vehicles. *Id.* Many of the vehicles involved in these recalls were manufactured by Old GM and were Non-Ignition Switch Vehicles.

Accordingly, by the fall of 2015, New GM had produced in MDL 2543 hundreds of thousands of documents in connection with Non-Ignition Switch Vehicles. In addition, over 100 depositions applicable to both Non-Ignition Switch Vehicles and Ignition Switch Vehicles occurred between May and December 2015.

**C.    Non-Ignition Switch Post-Closing Accident Plaintiffs Appeared And Litigated The Issues Leading to the December 2015 Judgment**

Plaintiffs' counsel stated at the April 2017 Hearing that ***no*** Non-Ignition Switch Post-Closing Accident Plaintiffs appeared in the proceedings leading to the December 2015 Judgment. *See* April 20, 2017 Hr'g Tr., at 93:2-7 ("People did not appear. Accident victims, post-closing accident victims, did not appear. They hadn't been injured yet. And we talk about, in our brief, and I'll get to that in my presentation, that they were not parties to the briefing in -- the briefing that resulted in the November and December decisions."); *see also id.*, at 101:15-16 ("These guys were here, but not for people with post-closing non-ignition switch accident claims."). Again, this is not accurate.

Specifically:

(i)    Exhibit "C" to the June 2015 Judgment listed numerous post-363 Sale personal injury/wrongful death complaints containing economic loss claims barred by the Sale Order; various of these lawsuits concerned Non-Ignition Switch Post-Closing Accident Plaintiffs. The June 2015 Judgment was served on these plaintiffs and they became part of the bankruptcy proceedings;

---

[5]   *See* MDL Order No. 20 [MDL ECF No. 383], at 1. A copy of MDL Order No. 20 is attached hereto as **Exhibit "B."**

[6]   *See* MDL Order No. 31 [MDL ECF No. 526], at 1. A copy of MDL Order No. 31 is attached hereto as **Exhibit "C."**

Honorable Martin Glenn
May 5, 2017
Page 4

    (ii)    Dolly Walton—a Non-Ignition Switch Post-Closing Accident Plaintiff asserting claims against New GM based on a 2006 Pontiac Grand Prix (not a Subject Vehicle)—filed a no strike pleading with the Court on June 18, 2015. *See* ECF No. 13228. The Walton No Strike Pleading was resolved pursuant to an Agreed Order entered on September 11, 2015, under which the Walton Plaintiff agreed to strike all requests for punitive damages. *See* ECF No. 13430;

    (iii)    New GM filed a notice of presentment with the Court on August 28, 2015 [ECF No. 13407], seeking to enforce the Sale Order and other Bankruptcy Court rulings against the Non-Ignition Switch Post-Closing Accident Plaintiff in the *Bavlsik* lawsuit. The Bavlsik lawsuit concerned a 2003 GMC Savanna Van, which is not a Subject Vehicle. The notice of presentment, which sought to bar the Bavlsik plaintiff from seeking punitive damages against New GM, was discussed in detail at the August 31, 2015 Status Conference (which resulted in the September 2015 Scheduling Order). *See* August 31, 2015 Hr'g Tr., at 103-109. After the August 31, 2015 Status Conference, the Bavlsik plaintiff agreed to strike the punitive damages request;

    (iv)    Plaintiffs in the *Moore* cases—Non-Ignition Switch Post-Closing Accident Plaintiffs asserting claims based on a 1996 GMC pickup truck (not a Subject Vehicle)—filed a brief in connection with the punitive damages issue set forth in the September 2015 Scheduling Order;

    (v)    Plaintiff in the *Rickard* case—a Non-Ignition Switch Post-Closing Accident Plaintiff asserting claims based on a 2002 Chevrolet S-10 pickup truck (not a Subject Vehicle)—filed a response [ECF No. 13478] to New GM's letter objecting to claims in other complaints;[7] and

    (vi)    New GM filed a letter with the Court which included marked-up complaints filed by Gary Peller; two of Mr. Peller's clients (Kanu and Tibbs) are Non-Ignition Switch Post-Closing Accident Plaintiffs.

Issues with respect to the *Moore*, *Rickard* and Peller Non-Ignition Switch Post-Closing Accident Plaintiffs were expressly referenced in the December 2015 Judgment (*see* ¶¶ 28, 30, 35).

---

[7] In its "Other Complaint" letter [ECF No. 13466], New GM also objected to certain claims contained in the *Benbow* complaint, which concerned a Non-Ignition Switch Post-Closing Accident Plaintiff (the vehicle at issue was a 2005 Chevrolet Malibu).

Honorable Martin Glenn
May 5, 2017
Page 5

In addition, plaintiffs filed a letter with the Court regarding a proposed judgment for the November 2015 Decision.[8] In that letter, which is on the letterhead of the three Co-Lead Counsel in MDL 2543[9] and which was filed on behalf of, among others, "Post-Closing Accident Plaintiffs," plaintiffs objected to language referring to "[p]laintiffs in vehicles without the Ignition Switch Defect," which subsumes Non-Ignition Switch Post-Closing Accident Plaintiffs.[10] The December 2015 Judgment rejected plaintiffs' objection and makes clear in Paragraph 14 that the December 2015 Judgment applies to "plaintiffs whose claims arise in connection with vehicles without the Ignition Switch Defect."

In sum, notwithstanding plaintiffs' counsel's statements at the April 2017 Hearing, it is indisputable that (i) MDL 2543 has included numerous cases filed by hundreds of Non-Ignition Switch Post-Closing Accident Plaintiffs, (ii) extensive discovery with respect to Non-Ignition Switch Defect recalls had been conducted in the MDL and various state court cases before the December 2015 Judgment was entered, and (iii) Non-Ignition Switch Post-Closing Accident Plaintiffs were on notice of and actively litigated issues leading to the December 2015 Judgment.

Respectfully submitted,

*/s/ Arthur Steinberg*

Arthur Steinberg

AJS/sd
Encl.

---

[8] *See Plaintiffs' Letter Brief in Support of Form of Proposed Judgment*, dated November 30, 2015 [ECF No. 13558]

[9] According to Judge Furman, "Lead Counsel will be responsible for prosecuting any potential common benefit claims, as well as coordinating the pretrial proceedings conducted by counsel for the individual Plaintiffs." MDL Order No. 13 [MDL ECF No. 304], at 1-2. Part of these responsibilities include "determin[ing] (after such consultation with members of the Executive Committee and other co-counsel as may be appropriate) and present[ing] (in briefs, oral argument, or such other fashion as may be appropriate, personally or by designee) to the Court and opposing parties the position of the Plaintiffs on matters arising during the coordinated pretrial proceedings[.]" *Id.* at 2. A copy of MDL Order No. 13 is attached hereto as **Exhibit "D."**

[10] *See Letter Regarding Proposed Judgment*, dated November 30, 2015 [ECF No. 13559], Exh. "A" at ¶ 9.