# Exhibit C

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/14/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH
LITIGATION

*This Document Relates to All Actions*

------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

**ORDER NO. 31**

JESSE M. FURMAN, United States District Judge:

**[Regarding the Phase Two Discovery Plan][1]**

Defendants and Lead Counsel for the Multidistrict Litigation ("MDL") 2543 Plaintiffs having consented thereto, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that discovery in Phase Two shall proceed as follows.

1.  *Introduction.* The scope of Phase Two Discovery shall be limited to (a): the Phase One Recalls (covering roughly 5.7 million U.S. vehicles) (*see* Order No. 20 ¶ 1, 14-MD-2543 Docket No. 383); (b) NHTSA Recall Campaign Numbers 14V118, 14V224, 14V252, and 14V266 (the "Phase Two Recalls," which cover roughly 6 million U.S. vehicles); and (c) any other reasonable discovery contemplated by this order that is agreed to by the parties or ordered by the Court.

2.  *Scope of New GM Document Production.* For each of the Phase Two Recalls, General Motors LLC ("New GM") shall search for and produce copies of non-privileged (including non-work product) documents located as a result of New GM's searches as follows:

---

[1] Nothing herein shall be construed as amending or limiting any party's rights and obligations or any deadlines under Order No. 25 Regarding the Selection of Personal Injury and Wrongful Death Bellwether Cases and Early Trial Scheduling (14-MD-2543 Docket No. 422).

1

a. Documents that are responsive to the 47 category types described on Attachment A to Order No. 20; <u>and</u>

b. Documents relating to each of the Phase Two Recalls from the custodial files of (i) the New GM Product Investigation Engineer with principal responsibility for each of the Phase Two Recalls; and (ii) the members of New GM's Safety and Field Action Decision Authority ("SFADA") and/or the Executive Field Action Decision Committee ("EFADC") for each of the Phase Two Recalls. New GM shall work with Lead Counsel to develop agreed-upon search term criteria for these custodians and topics; <u>and</u>

c. Vehicle packages and investigative files (as described in 14-MD-2543 Docket No. 325, ¶ 8), if any, for economic loss Plaintiffs required to submit Plaintiff Fact Sheets pursuant to Order No. 30 (14-MD-2543 Docket No. 478). *See* Order No. 30 § III ("All plaintiffs who allege economic loss claims based on vehicles manufactured by New GM should submit substantially complete Plaintiff Fact Sheets by Monday, March 2, 2015 in accordance with the requirements set forth in Order No. 25 ¶ 16 . . . ."). By January 31, 2015, Plaintiffs shall provide New GM with VINs for all Plaintiffs required to submit Plaintiff Fact Sheets pursuant to Order No. 30, in order to enable New GM to begin identifying and collecting the Vehicle Packages.

3. *Scope of Plaintiffs' Document Production*. Under the bellwether trial plan for the personal injury and wrongful death cases, case-specific fact discovery of Plaintiffs in the Initial Discovery Pool will commence on February 18, 2015. (*See* Order No. 25 ¶ 42.) New GM may commence discovery of economic loss Plaintiffs who are required to submit Plaintiff Fact Sheets pursuant to Order No. 30 beginning on May 5, 2015. New GM will later pursue its right to

discovery of additional Plaintiffs and/or alleged putative class members asserting claims for economic loss arising from or based on vehicles and parts manufactured by New GM, as well as additional fact discovery related to such claims.

4.  *Timing and Sequencing of Production*. New GM shall begin a rolling production of Phase Two Discovery Documents by June 5, 2015, and the parties shall substantially complete their Phase Two productions by October 30, 2015.

5.  *Privilege Logs*. New GM shall identify on a privilege log any responsive document withheld from Phase Two Discovery on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery on a rolling basis no later than forty-five (45) days after withholding from production documents pursuant to a claim of privilege. With the exception of this timing, the Phase Two privilege log requirements and parameters shall be governed in all respects by Order No. 10 ¶ 11 (14-MD-2543 Docket No. 294).

6.  *Outstanding Requests for Production*. Plaintiffs shall review their existing 1,467-plus requests for production in light of New GM's document productions and the Phase One Discovery Plan, and by January 31, 2015 provide New GM with a single superseding and consolidated Request for Production that has been coordinated between Plaintiffs alleging economic loss damages for New GM vehicles and Plaintiffs alleging Post-Sale personal injury and/or wrongful death claims. Plaintiffs' superseding and consolidated set of document requests: (a): shall be limited to a reasonable number; (b) must comply with the requirements of FRCP 34, and should be designed to follow up on existing document productions or documents related to the Phase Two recalls rather than requiring New GM to duplicate efforts from prior searches and productions. New GM reserves the right to object to Plaintiffs' discovery requests. The parties shall meet and confer regarding Plaintiffs' superseding and consolidated Request for Production

3

in an attempt to reach agreement regarding a reasonable schedule for responding to Plaintiffs' specific requests and the nature and procedures for any production of documents. If the parties cannot reach agreement on these issues by March 2, 2015, any remaining disputes will be decided by the Court. New GM is not required to provide written responses and/or objections to, or to produce additional documents responsive to any previously served requests for production of documents served by Plaintiffs in MDL 2543.

7. *Additional Discovery Requests*. Plaintiffs are free to serve additional coordinated and non-duplicative consolidated discovery requests without leave of the Court. Those requests will be governed by the reasonableness provisions of the Federal Rules of Civil Procedure. In evaluating the reasonableness of any such requests, the Court will consider (among other factors) the timing of the additional requests, the materiality of the documents sought by the requests to the issues subject to discovery in Phase Two, the burden on New GM and the other discovery obligations being executed by New GM at the time, and whether the new document requests could have been included in Plaintiffs' January 31, 2015 consolidated Request for Production. The parties shall meet and confer regarding any such additional document requests and regarding a reasonable schedule for responding to any such requests and the nature and procedures for any production of documents. If the parties cannot reach agreement on these issues, the Court will resolve any disputes in accordance with the established process for resolving discovery disputes.

8. *Depositions.* Unless the Court orders otherwise for good cause shown, depositions of former or current employees or officers of New GM and/or former employees or officers of General Motors Corporation shall commence after New GM has substantially completed its Phase One document production, which is scheduled to be completed on May 5, 2015. Depositions in this litigation shall be governed by the Deposition Protocol Order to be entered by the Court, as

4

well as the applicable provisions of Order No. 25. The parties should meet and confer regarding depositions sought by Plaintiffs and depositions sought by Defendants in an attempt to reach an agreement regarding a reasonable and coordinated deposition schedule, in order to ensure that each witness is deposed only once as required by Order No. 25, ¶ 43. *See also* Order No. 15, ¶ 22 (14-MD-2543 Docket No. 315). If the parties cannot reach agreement, any remaining disputes will be decided by the Court. New GM may begin deposing economic loss Plaintiffs who have submitted substantially complete Plaintiff Fact Sheets, and produced the requested documents, on May 5, 2015 and will likely continue such depositions into Phase Three, which will be the subject of a separate order to be issued in the future. In addition, given that the economic loss pleadings have not yet been subject to motion practice, New GM may take additional fact discovery related to Plaintiffs' economic loss claims in Phase Three.

9. *Timing*. In accordance with Order No. 30, except as otherwise set forth herein, Phase Two Discovery will begin on Tuesday, May 5, 2015, and will be substantially completed by October 30, 2015.

SO ORDERED.

Dated: January 14, 2015
New York, New York

_____
JESSE M. FURMAN
United States District Judge

5