# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel:  (212) 556-2100
Fax:  (212) 556-2222
www.kslaw.com
Arthur Steinberg
Direct Dial:  212-556-2158
asteinberg@kslaw.com

May 8, 2017

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York  10004

      **Re:    In re Motors Liquidation Company, *et al.*
           Case No. 09-50026 (MG)**

          **Letter Providing Supplemental Authority in Connection with New GM's Motion to Enforce with Respect to the *Pitterman* Lawsuit**

Dear Judge Glenn:

      King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. At the hearing on the 2016 Threshold Issues[1] on April 20, 2017 ("**April 2017 Hearing**"), the Court set for hearing on May 11, 2017 at 2:00 p.m. that portion of New GM's previous motion to enforce the Sale Order, filed on June 24, 2016 ("**Motion to Enforce**") [ECF No. 13655], that concerns the *Pitterman* lawsuit.[2]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Order To Show Cause Regarding Certain Issues Arising From Lawsuits With Claims Asserted Against General Motors LLC ("New GM") That Involve Vehicles Manufactured By General Motors Corporation ("Old GM")*, dated December 13, 2016 [ECF No. 13802] and the Glossary of Terms attached thereto as Exhibit "B."

[2] For the Court's convenience, the relevant pleadings associated with the Motion to Enforce can be found at (i) ECF Nos. 13655 and 13656 (the Motion to Enforce and Compendium of Exhibits), (ii) ECF No. 13675 (the Opposition to the Motion to Enforce filed by Bernard Pitterman ("**Pitterman**")), and (iii) ECF No. 13681 (the reply brief by New GM to the objections filed to the Motion to Enforce). If the Court would like hard copies of these pleadings, New GM will promptly provide them.

DMSLIBRARY01\21600\162081\30395318.v1-5/8/17

Honorable Martin Glenn
May 8, 2017
Page 2

In *Pitterman,* the Plaintiff is improperly asserting claims against New GM for failure to recall or retrofit the vehicle (a 2004 Chevrolet Suburban), and a duty to warn as a purported Independent Claim. The *Pitterman* vehicle was never recalled by Old GM or New GM. The *Pitterman* Complaint[3] does not allege that New GM ever established a relationship with the *Pitterman* Plaintiff. Rather, the *Pitterman* Plaintiff asserts that his product liability claim against New GM is based, in part, on Old GM and New GM taking "no steps to directly notify and/or warn owners or the public of these defects" (*Pitterman* Complaint, ¶ 26) and that Old GM and New GM "took no steps to recall the vehicle" (*id.*, ¶ 27; *see also id.*, ¶ 28). The *Pitterman* Complaint seeks compensatory damages but not punitive damages.

A very recent decision by Judge Bernstein arising out of the *Old Carco* case[4] further supports New GM's position that the *Pitterman* claims are barred by the Sale Order. There, Judge Bernstein ruled that the obligations of FCA US LLC ("**New Chrysler**") relating to recalls for Old Carco LLC ("**Old Carco**") vehicles was limited to complying with the requirements promulgated by the National Traffic and Motor Vehicle Safety Act ("**NTMVSA**"). New Chrysler did not assume or take on any other recall-related duties with respect to Old Carco vehicles. Judge Bernstein found that if New Chrysler satisfied its obligations under the NTMVSA and incurred no new recall-related duties, post-sale, to Old Carco vehicle owners, then it would not be liable to Old Carco vehicle owners for a recall-related issue. Judge Bernstein also ruled that Old Carco vehicle owners had no private right of action under the NTMVSA. *Id.* at *5.[5]

The relevant provisions of the sale order in *Old Carco* are substantially the same as the Sale Order in the *Motors Liquidation Co.* case.[6] Thus, the *Old Carco* ruling supports New GM's position that it is not liable for any failure to recall the Pitterman vehicle. In the December 2015 Judgment, Judge Gerber ruled that New GM did not assume any duty to recall Old GM vehicles, which is consistent with *Old Carco*.[7] Indeed, the result reached in *Old Carco* is even more apt in *Pitterman* because here there was no recall, no allegation that New GM failed to comply with the NTMVSA, and no allegation that New GM had established a relationship with, let alone owed any new post-sale duty to, the *Pitterman* Plaintiff.

---

[3] A copy of the *Pitterman* Complaint is contained in Exhibit "J" to Schedule "1" attached to the Motion to Enforce.

[4] *Grimstad v. FCA US LLC (In re Old Carco LLC)*, Adv. Proc. No. 16-01204, 2017 WL 1628888 (Bankr. S.D.N.Y. Apr. 28, 2017). A copy of the decision is attached hereto as **Exhibit "A."**

[5] As support for this proposition, Judge Bernstein cited to *Handy v. General Motors Corp.*, 518 F.2d 786 (9th Cir. 1975); *Rosen v. J.M. Auto Inc.,* No. 07-61234-CIV, 2008 WL 9901501 (S.D. Fla. Mar. 6, 2008); *Tires Prods. Liab. Litig. v. Bridgestone/Firestone, Inc.*, 256 F. Supp. 2d 884 (S.D. Ind. 2003).

[6] Like New GM, "New Chrysler assumed Old Carco's existing obligations and liabilities in three situations: (1) the repair obligations imposed under the factory warranty and any extended warranties; (2) products liability arising from 'accidents'; and (3) liabilities under federal and state lemon laws." *Old Carco*, 2017 WL 1628888, at *4.

[7] A failure to recall claim based on Old GM actions is expressly barred by paragraph 21 of the December 2015 Judgment, which provides that "[a] duty to recall or retrofit is not an Assumed Liability, and New GM is not responsible for any failures of Old GM to do so."

Honorable Martin Glenn
May 8, 2017
Page 3

      Likewise, while the *Old Carco* case did not concern a duty to warn, another decision relating to *Old Carco*,[8] decided after the November 2015 Decision, supports New GM's argument that it had no independent duty to warn the *Pitterman* plaintiff after the 363 Sale. In that case, the court found that "knowledge alone is insufficient to establish a duty to warn on the part of FCA to warn Plaintiffs that their vehicles may be affected." *Holland*, 2015 WL 7196197, at *4. The court held that "Plaintiffs have failed to allege a relationship with FCA which would create a duty on the part of FCA to warn Plaintiffs of the alleged defect…." *Id.* The same ruling should apply to *Pitterman.*

      Accordingly, for the reasons set forth in the Motion to Enforce and New GM's reply, and based on the holdings in the recent *Old Carco* cases cited above, any purported claim based on a duty to recall or an Independent Claim based on a duty to warn should be stricken.

      Respectfully submitted,

      */s/ Arthur Steinberg*

      Arthur Steinberg

AS/sd

---

[8] *Holland v. FCA US LLC*, Case No. 1:15-cv-121, 2015 WL 7196197 (N.D. Ohio Nov. 16, 2015), *aff'd*, 656 Fed. App'x. 232 (6th Cir. 2016).