# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

May 10, 2017

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

    **Re: In re Motors Liquidation Company,** *et al.*
       **Case No. 09-50026 (MG)**

       **Letter Regarding the Impact of** *In re Tronox Inc.* **on
       2016 Threshold Issue No. 2 as it Relates to Independent Claims**

Dear Judge Glenn:

    King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in the above-referenced matter. At the April 20, 2017 hearing on the 2016 Threshold Issues[1] ("**April 2017 Hearing**"), the Court noted that the Second Circuit had just issued an Opinion in *In re Tronox Inc.*, Dkt. No. 16-343, 2017 WL 1403001 (2d Cir. Apr. 20, 2017), and asked the parties whether there should be any supplemental letter briefs filed about that Opinion. The parties then agreed to submit letter briefs regarding the *Tronox* Opinion on 2016 Threshold Issue No. 2, focusing on whether plaintiffs with vehicles without the Ignition Switch Defect had asserted viable Independent Claims, and whether such gate-keeping issues should continue to be decided by the Bankruptcy Court. The parties further agreed to submit letter briefs previously filed in MDL 2543 regarding the impact of the *Tronox* Opinion on

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Order To Show Cause Regarding Certain Issues Arising From Lawsuits With Claims Asserted Against General Motors LLC ("New GM") That Involve Vehicles Manufactured By General Motors Corporation ("Old GM")*, dated December 13, 2016 [ECF No. 13802], and the Glossary of Terms attached thereto as Exhibit "B."

DMSLIBRARY01\21600\162081\30405014.v2-5/10/17

Honorable Martin Glenn
May 10, 2017
Page 2

putative class plaintiffs' successor liability claims against New GM.[2]  This aspect of the *Tronox* Opinion is related to Threshold Issue No. 4 (whether Non-Ignition Switch Post-Closing Accident Plaintiffs can seek punitive damages based on a purported successor liability claim).  The primary focus of *Tronox* is the successor liability issue.

*Tronox*, though, also supports New GM's position that the Bankruptcy Court has continuing jurisdiction to review alleged independent claims against an asset purchaser like New GM to determine whether such claims are truly independent, or whether they are barred by the Sale Order or another Bankruptcy Court order.  Indeed, the entire focus of *Tronox* was whether an alter ego/successor liability claim[3] was a derivative claim and thus property of the bankruptcy estate, or an "independent claim" owned by the creditor.  In holding that the *Tronox* plaintiffs could not pursue alter ego/successor liability claims, the Second Circuit recognized and affirmed the gate-keeping function that this Court preserved under the Sale Order, and that this Court has exercised many times since 2009.

Various plaintiffs in this proceeding present Threshold Issue No. 2 as a theoretical question: whether plaintiffs in vehicles without the Ignition Switch Defect can assert Independent Claims against New GM in light of the Second Circuit Opinion?  The answer is and always has been "yes" if the claim is truly independent.  A valid Independent Claim must be based solely upon a New GM duty incurred after the 363 Sale and predicated solely on New GM conduct (*i.e.*, not based on Old GM conduct, the Sale Agreement and/or the 363 Sale transaction).  The real question, therefore, is whether the claims actually pled by plaintiffs are viable independent claims against New GM.  With regard to the alleged independent claims filed by vehicle owners without the Ignition Switch Defect that were before this Court in the Fall of 2015, the answer was "no", as the Bankruptcy Court reviewed the "marked pleadings" and found that "[t]o the extent such Plaintiffs have attempted to assert an Independent Claim against New GM in a pre-existing lawsuit with respect to an Old GM Vehicle, such claims are proscribed by the Sale Order, April Decision and the Judgment dated June 1, 2015[.]"  December 2015 Judgment, ¶ 14.

By analogy to this case, *Tronox* confirms that the Bankruptcy Court had jurisdiction to make such determinations in 2015.[4]  And here, the failure to appeal those rulings by the Non-

---

[2]  For the Court's convenience, a copy of the New GM letter submitted to Judge Furman on the successor liability issue is attached hereto as **Exhibit "A."**

[3]  For bankruptcy purposes, alter ego and successor liability claims are both treated as property of the estate.  *See In re Konstantinou*, Adv. Proc. No. 16–1103, 2017 WL 83350, at *7 (D. VT. Jan. 6, 2017) ("the Court finds the successor liability claim should not be treated any differently than the alter ego claims because both are derivative actions against bankruptcy debtors").

[4]  The *Tronox* Opinion supports the Bankruptcy Court exercising jurisdiction to perform the gate-keeping function with respect to various claims for economic loss and personal injuries against New GM.  *See Tronox*, 2017 WL 1403001, at *22 ("The District court 'plainly had jurisdiction to interpret and enforce its own prior order[ ] [the Injunction]' which it 'explicitly retained jurisdiction to enforce.'" (citations omitted)); *see also In re Bernard. L Madoff Sec. LLC*, 740 F.3d 81, 91-92 (2d Cir. 2014) ("We are nonetheless wary of placing too much significance on the labels appellants attach to their complaints, lest they circumvent the New Equity Decision by pleading around the automatic stay and permanent injunction.").

Honorable Martin Glenn
May 10, 2017
Page 3

Ignition Switch Post-Closing Accident Plaintiffs, among others, makes the December 2015 Judgment final and binding pursuant to *res judicata* principles.

**Background of *Tronox***

The appellants in *Tronox* were tort claimants who alleged injuries from the operation of a wood-treatment plant owned by the debtor (Old Kerr-McGee). Prior to its bankruptcy, Old Kerr-McGee spun off its more profitable oil and gas business to New Kerr-McGee. After the spin-off (but before Old Kerr-McGee's bankruptcy), the tort claimants sued (a) Old Kerr-McGee asserting toxic tort claims, and (b) New Kerr-McGee based on alter ego/successor-liability theories. No direct liability, non-derivative claims were asserted against New Kerr-McGee.

During the bankruptcy proceeding, the bankruptcy estate representative settled an adversary proceeding against New Kerr-McGee relating to the spin off. The tort claimants, as creditors of the debtor, received a portion of the settlement proceeds but nonetheless sought to revive their lawsuit against New Kerr-McGee in violation of the settlement injunction shielding New Kerr-McGee from the claims of Old Kerr-McGee creditors who asserted alter ego/successor liability-type claims. New Kerr-McGee filed a motion to enforce the settlement injunction in the District Court, seeking dismissal of the tort claimants' litigation, and for contempt and sanctions. The District Court accepted jurisdiction over the dispute, held that the tort claimants' claims were derivative of the claims settled by the bankruptcy estate representative, and ordered the tort claimants to dismiss their litigation.[5] Inherent in this holding was the review and analysis of the nature of the claims being asserted by the tort claimants and whether they fell within the injunction in favor of New Kerr-McGee. That is the same analysis undertaken by this Court in 2015, and which is still necessary with regard to new purported independent claims against New GM.

**The *Tronox* Opinion and Its Impact on 2016 Threshold Issue No. 2**

In analyzing whether it had jurisdiction over the appeal pursuant to 28 U.S.C. § 1292(a)(1), the Second Circuit reviewed the claims made by the tort claimants—like the District Court did in *Tronox*, and like this Court did in the marked pleading exercise—to determine if those claims were (i) derivative of claims settled as part of the bankruptcy representative's litigation, and thus were property of the estate that could be released, or (ii) direct, independent claims against New Kerr-McGee based on its own wrongdoing that could proceed. The Second Circuit found that the tort creditors' claims were derivative. Thus, the alter ego/successor liability-type claims belonged to the bankruptcy estate—not the tort claimants—and could properly be settled by the bankruptcy estate representative.

In so ruling, the Second Circuit recognized that the lower courts had jurisdiction to review the claims at issue, holding that "[t]he District court 'plainly had jurisdiction to interpret and enforce its own prior order[ ] [the Injunction]' which it 'explicitly retained jurisdiction to

---

[5] The District Court did not rule on the contempt and sanctions issue which, according to the Second Circuit, affected its jurisdiction to review the District Court Opinion.

Honorable Martin Glenn
May 10, 2017
Page 4

enforce.'" *Id.* at *22 (quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009)). The Second Circuit further held that "[a] court can take 'any reasonable action ... to secure compliance,' and the 'scope of a district court's equitable powers to remedy past wrongs is broad.'" *Id.* (quoting *Berger v. Heckler*, 771 F.2d 1556, 1568 (2d Cir. 1985)).

The same is true, and actually occurred, here in the Bankruptcy Court. In 2015, this Court plainly had jurisdiction to review claims being asserted against New GM to determine if they fell within the injunction in the Sale Order.[6] The Court unquestionably had, and still has, jurisdiction to enforce that injunction by taking any reasonable action, including, as the District Court did in *Tronox*, directing plaintiffs to dismiss such claims with prejudice. In the proceedings leading to the December 2015 Judgment, the Bankruptcy Court went through this precise analysis as part of the marked pleading process. Its final and unappealed rulings with respect to such claims asserted by plaintiffs without the Ignition Switch Defect are binding.

Respectfully submitted,

*/s/ Arthur Steinberg*

Arthur Steinberg

AS/sd
Encl.

---

[6] The Court stated at the April 2017 Hearing that it had "satisfied [it]self that the Court needs to maintain a gatekeeping role." April 20, 2017 Hr'g Tr., at 78:2-3. The *Tronox* Opinion supports that correct conclusion.