

EDWARD S. WEISFELNER
direct dial: (212) 209-4900
fax: (212) 938-2900
eweisfelner@brownrudnick.com

May 10, 2017

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

**VIA EMAIL AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

**RE:** **In re Motors Liquidation Company,** *et al.***, Case No.: 09-50026 (MG)**

Dear Judge Glenn:

  Designated Counsel in the Bankruptcy Court and Co-Lead Counsel in the MDL Court for the Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs, and Goodwin Procter LLP for certain Post-Closing Accident Plaintiffs respectfully submit this supplemental letter brief in accordance with the Bankruptcy Court's Order, dated May 4, 2017 [ECF No. 13918] to address the effect of the Second Circuit's recent decision in Tronox Inc. v. Kerr-McGee Corp. (In re Tronox Inc.), Case No. 16-343, 2017 WL 1403001 (2d Cir. Apr. 20, 2017) on Threshold Issue Two of the 2016 Threshold Issues—whether Non-Ignition Switch Plaintiffs and Post-Closing Accident Plaintiffs are able to assert Independent Claims.[1] As set forth below, Tronox *supports* allowing all Non-Ignition Switch Plaintiffs (including Post-Closing Accident Plaintiffs) to assert Independent Claims.

  In Tronox, a chemical company, "Old Kerr-McGee," spun-off some of its assets to create "New Kerr-McGee" in 2001. See id. at *2. Several years later, Old Kerr-McGee entered bankruptcy under its post-spinoff name "Tronox." See id. at *3. In those proceedings, as part of a settlement of claims against non-debtor New Kerr-McGee, derivative claims against New Kerr-McGee were released and enjoined. See id. at *4-5. Thereafter, the "Avoca Plaintiffs" sought to bring claims against New Kerr-McGee for the wrongful conduct of Old Kerr-McGee under indirect alter ego, veil piercing, and successor liability theories. See id. at *5.

  To determine whether the Avoca Plaintiffs' claims were derivative claims within the scope of the injunction, the Second Circuit first distinguished derivative claims from independent claims. Derivative claims arise from a third party's harm to the bankruptcy estate before the commencement of the bankruptcy case. See id. at *11-15. Independent claims, on the other hand, arise from a third party's particularized harm to a plaintiff. See id. A claim is "'particularized' when it can be 'directly traced to [the third party's] conduct.'" Id. at *11 (quoting Marshall v. Picard (In re Bernard L. Madoff Inv. Sec. LLC), 740 F.3d 81, 89 (2d Cir. 2014)).

---

[1] See *Order to Show Cause Regarding Certain Issues Arising from Lawsuits with Claims Asserted Against General Motors LLC ("New GM") the Involve Vehicles Manufactured by General Motors Corporation ("Old GM")*, dated Dec. 13, 2016 [ECF No. 13802].

brownrudnick.com

Brown Rudnick LLP   Boston | Hartford | London | New York | Orange County | Paris | Providence | Washington, D.C.

Next, the Second Circuit explained that "[n]on-derivative claims are personal to the individual" and the individual is "exclusively entitled to pursue" such claims. Id. at *11 (quoting Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1093 (2d Cir. 1995)). As a result, "bankruptcy courts generally have limited authority to release a non-debtor's independent claims." Id. at *11; see also id. at *12 n.22 ("[A] bankruptcy court is without jurisdiction to enjoin claims against nondebtors that are not derivative of the debtor's wrongdoing . . . ." (citing Johns-Manville Corp. v. Chubb Indem. Ins. Co. (In re Johns-Manville Corp.), 517 F.3d 52, 67 (2d Cir. 2008) ("**Manville III**"), rev'd on other grounds sub nom. Travelers Indem. Co. v. Bailey, 557 U.S. 137 (2009))).

Applying these principles, the Second Circuit agreed that the Avoca Plaintiffs were entitled to assert claims where "[t]he harm . . . would have been suffered directly and solely by the Avoca Plaintiffs by the acts of New Kerr-McGee," because "those claims would be independent . . . ." Id. at *16. However, the Avoca Plaintiffs had not alleged any such claims or identified any act by New Kerr-McGee that caused them injury. See id. at *3, *16. Instead, the Avoca Plaintiffs alleged, in essence, that New Kerr-McGee was liable to them because Old Kerr-McGee/Tronox could not pay their claims by reason of the pre-bankruptcy transfer of assets from Old Kerr-McGee to New Kerr-McGee in the spinoff orchestrated by New Kerr-McGee. See id. at *17. Accordingly, the Second Circuit agreed with the district court that these were derivative claims that depended on harm to Old Kerr-McGee/Tronox by New Kerr-McGee and fell within the scope of the injunction. See id. at *18.

By contrast, in the Fourth Amended Consolidated Complaint ("**FACC**") filed in the MDL and in individual complaints against New GM, Ignition Switch Plaintiffs, Non-Ignition Switch Plaintiffs and Post-Closing Accident Plaintiffs assert Independent Claims seeking to recover from New GM solely for New GM's own post-sale wrongdoing.

The FACC asserts Independent Claims on behalf of Non-Ignition Switch Plaintiffs who own or lease over 12 million vehicles containing defective ignition switches, side airbags or power steering.[2] The FACC alleges that New GM knew about these safety defects in Old GM and New GM vehicles, but concealed this material safety information with the intent to deceive the Non-Ignition Switch Plaintiffs.[3] In addition, New GM misled Non-Ignition Switch Plaintiffs by disseminating marketing materials that represented Old GM and New GM vehicles as safe and reliable.[4] This wrongdoing harmed the Non-Ignition Switch Plaintiffs by causing them to overpay for defective vehicles at the time of purchase, and thereby lose the benefit of the bargain.[5]

Based on these allegations, the Non-Ignition Switch Plaintiffs assert that New GM breached independent duties owed to them, giving rise to Independent Claims for: (i) fraudulent concealment; (ii) violation of unfair and deceptive trade practice acts and consumer protection acts; (iii) breach of the implied warranty of merchantability; (iv) violation of the Magnuson-Moss Warranty Act; (v) unjust enrichment; and (vi) negligence.[6] These are the same Independent Claims asserted by the

---

[2]   See Fourth Am. Consol. Compl., In re Gen. Motors LLC Ignition Switch Litig., Case No. 14-MD-2543 (JFM) (S.D.N.Y. Sept. 15, 2016) [ECF No. 3356], ¶¶ 8, 425-28, 1089-7463.

[3]   See id. ¶¶ 772-841, 855-95.

[4]   See id. ¶¶ 308-424, 772-841, 855-95.

[5]   See id. ¶¶ 855-95.

[6]   See id. ¶¶ 1089-7463.


Ignition Switch Plaintiffs under the FACC, which New GM admits are free to proceed.[7]  Similarly, many Non-Ignition Switch Post-Closing Accident Plaintiffs have asserted Independent Claims in their individual complaints (*e.g.*, breach of a duty to warn of a known defect) and have sought punitive damages in connection with such claims.  These Independent Claims are for particularized harms to Non-Ignition Switch Plaintiffs and Post-Closing Accident Plaintiffs resulting from wrongful acts committed by New GM.  They are not based on any conduct of Old GM.  Accordingly, these claims should be permitted to proceed in the MDL Court similar to the Ignition Switch Plaintiffs' Independent Claims, and as authorized under Tronox.

Notably, Judge Furman has held that New GM owed duties to owners of Old GM vehicles and, as a result, could be held liable for Independent Claims.  See In re Gen. Motors LLC Ignition Switch Litig., 202 F. Supp. 3d 362, 364 (S.D.N.Y. 2016).  In three opinions, Judge Furman held that various Independent Claims should proceed on the merits, including claims for breach of a duty to warn, fraudulent misrepresentation, violation of consumer protection acts, and negligence.[8]

Similarly, in the November 2015 Decision and December 2015 Judgment, Judge Gerber permitted numerous Ignition Switch Plaintiffs' claims through the bankruptcy gate, *including the claims that are also asserted by Non-Ignition Switch Plaintiffs in the FACC and the breach of duty to warn claims also asserted by numerous Post-Closing Accident Plaintiffs in their complaints*.  See In re Motors Liquidation Co., 541 B.R. 104, 128-32 (Bankr. S.D.N.Y. 2015) (holding that whether New GM had duties under nonbankruptcy law that formed the basis for the alleged Independent Claims was to be decided by the MDL Court).  The Non-Ignition Switch Plaintiffs' (including Post-Closing Accident Plaintiffs) Independent Claims should pass through the bankruptcy gate as well.

Allowing the Non-Ignition Switch Plaintiffs and Post-Closing Accident Plaintiffs to assert Independent Claims is clearly in accordance with the Second Circuit Opinion, which held that "[independent] claims are outside the scope of the Sale Order's 'free and clear' provision" and, thus, "could not be enjoined by enforcing the Sale Order."  See Elliott v. Gen. Motors LLC (In re Motors Liquidation Co.), 829 F.3d 135, 154, 157 (2d Cir. 2016) ("**Motors**"), cert denied, No. 16-764, 2017 WL 1427591 (Apr. 24, 2017).  Moreover, the Second Circuit recognized that these types of claims for New GM's post-sale wrongful conduct exist.  See id. at 157 ("Though the parties do not lay out the whole universe of possible independent claims, we can imagine that some claims involve misrepresentations by New GM about the safety of Old GM cars.").  This ruling focuses on the nature of the claim and its application supports a finding by this Court that the Non-Ignition Switch

---

[7]  See id. ¶¶ 1089-7463; *Reply Brief by General Motors LLC on the 2016 Threshold Issues Set Forth in the Order to Show Cause, Dated December 13, 2016 (Except for the Late Proof of Claim Issue)*, dated Apr. 7, 2017 [ECF No. 13888], at 27.

[8]  Specifically, in connection with the "Bellwether" cases involving post-closing accidents suffered in Subject Vehicles, Judge Furman held that the following Independent Claims survive summary judgment because New GM had a duty under the applicable state law: (i) negligence (failure to warn and negligence per se), actual fraud, and violation of the Virginia Consumer Protection Act, In re Gen. Motors LLC Ignition Switch Litig., 202 F. Supp. 3d at 365-76 (applying Virginia law); (ii) strict liability, actual and constructive fraud; negligence (failure to warn, failure to recall, failure to fix a defect, and negligence per se), and violation of the Oklahoma Consumer Protection Act, In re Gen. Motors LLC Ignition Switch Litig., 154 F. Supp. 3d 30, 36-47 (S.D.N.Y. 2015) (applying Oklahoma law); and (iii) fraudulent misrepresentation, In re Gen. Motors LLC Ignition Switch Litig., Case No. 14-MD-2543 (JMF), 2016 WL 874778, at *5 (S.D.N.Y. Mar. 3, 2016) (applying Louisiana law).

Plaintiffs (both economic loss and personal injury) may prosecute Independent Claims regardless of whether they have demonstrated a due process violation in connection with the Sale Order.

Consistent with this ruling, the Tronox panel reinforced and emphasized the correctness of Manville III, and noted that the Tronox settlement's clear delineation of releasing derivative claims against New Kerr-McGee but not non-derivative independent claims against New Kerr-McGee made perfect sense because it "specifically avoids the appearance of a Manville III problem, where the Injunction could appear to go beyond the jurisdiction of the bankruptcy court." Tronox, 2017 WL 1403001, at *21 (citing Manville III, 517 F.3d at 65).

Any argument that this Court should enjoin the Non-Ignition Switch Plaintiffs' and Post-Closing Accident Plaintiffs' Independent Claims under the November 2015 Decision and December 2015 Judgment is meritless, especially in light of Motors and Tronox. As set forth in the Plaintiffs' 2016 Threshold Issues briefs, outside of a collateral attack on a final order governed by res judicata principles, a lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. See Lyndonville Sav. Bank & Tr. Co. v. Lussier, 211 F. 3d 697, 700 (2d Cir. 2000). The November 2015 Decision and December 2015 Judgment held that the Non-Ignition Switch Plaintiffs' claims were stayed under the Sale Order unless and until they demonstrated a due process violation. See In re Motors Liquidation Co., 541 B.R. at 130 n.70. Because the November 2015 Decision and December 2015 Judgment left open the due process violation issue for Non-Ignition Switch Plaintiffs (both personal injury and economic loss), and because Independent Claims had previously been decided by Judge Gerber solely on due process grounds (prior to the Second Circuit's application of jurisdictional grounds), the November 2015 Decision and December 2015 Judgment should not be treated as res judicata to bar the Non-Ignition Switch Plaintiffs' Independent Claims. See Plaintiffs Reply Br. 18-22.[9]

Even if, *arguendo*, the Non-Ignition Switch Plaintiffs and Post-Closing Accident Plaintiffs were bound by the November 2015 Decision and December 2015 Judgment, they plainly held future claims as of the date of the Sale Order and had no notice that the Sale Order would purportedly bar their right to sue New GM for its future wrongful conduct. See Plaintiffs Br. 23-27. Consequently, the Non-Ignition Switch Plaintiffs and Post-Closing Accident Plaintiffs cannot be bound by any aspect of the Sale Order that purports to limit their ability to pursue Independent Claims as a matter of due process. See id.[10] In any event, relief from the November 2015 Decision and December 2015 Judgment is appropriate under Rule 60(b)(5) or, alternatively, 60(b)(6). See id. 30-35.

We respectfully request that the Court allow the Non-Ignition Switch Plaintiffs and Post-Closing Accident Plaintiffs to pursue Independent Claims, particularly in light of the Second Circuit's recognition in Motors and Tronox that this Court should not enjoin Independent Claims.

---

[9] Moreover, because the Second Circuit rendered these rulings erroneous (by changing the construct from due process to the permissible scope of the Sale Order), it "wipes out" any inconsistency. See id. 15-17; Plaintiffs Br. 20-23.

[10] Many of the Non-Ignition Switch Plaintiffs' vehicles contain ignition switches with defects similar to the Ignition Switch Defect. Following conclusion of discovery (which had not even begun at the time of the proceedings resulting in the November 2015 Decision and December 2015 Judgment), they will likely be able to demonstrate that their due process rights were violated, like the Ignition Switch Plaintiffs.



Respectfully submitted,

 */s/ Edward S. Weisfelner*
Edward S. Weisfelner
Howard S. Steel
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
hsteel@brownrudnick.com

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION
2323 Bryan Street, Ste 2200
Dallas, Texas 75201
Tel: 214-969-4900
esserman@sbep-law.com

*Designated Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the Bankruptcy Court*

Steve W. Berman (admitted pro hac vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: 206-623-7292
steve@hbsslaw.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the MDL Court*



Honorable Martin Glenn
May 10, 2017
Page 6

William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: 212-813-8800
wweintraub@goodwinlaw.com
gfox@goodwinlaw.com

*Counsel to Those Certain Post-Closing Accident Plaintiffs Represented By Butler Wooten & Peak LLP, Denney & Barrett, P.C., Hilliard Muñoz Gonzales L.L.P., and Turner & Associates, P.A.*

Robert Hilliard, Esq.
HILLIARD MUÑOZ GONZALES LLP
719 South Shoreline, Suite 500
Corpus Christi, TX 78401
Tel: 361-882-1612
bobh@hmglawfirm.com

*Lead Counsel in the MDL Court with Primary Responsibility for Personal Injury and Wrongful Death Cases*

| cc: | Arthur Steinberg | Tab Turner |
|---|---|---|
| | Scott Davidson | Lawrence B. Springberg |
| | Richard C. Godfrey | Martin E. Regan |
| | Andrew B. Bloomer | Rick Morrison |
| | Matthew J. Williams | Kenneth C. Anthony, Jr. |
| | Keith R. Martorana | K. Jay Anthony |
| | Lisa Rubin | Joram Hirsch |
| | Mitch Karlan | Kris Ted Ledford |
| | Gabriel Gillett | Steven J. Crowley |
| | Gary Peller | Michael Andrews |
| | Daniel H. Golden | Paul Minix |
| | Deborah Newman | Andre E. Jardini |
| | Jonathan L. Flaxer | K.L. Myles |
| | Preston Ricardo | Sean C. Southard |
| | Michael Weinstein | Brendan M. Scott |
| | Alexander Schmidt | Victor J. Mastromarco |
| | Malcolm T. Brown | Russell C. Babcock |
| | Joshua P. Davis | Peter Prieto |

| | |
|---|---|
| Keith Medley | John Gravante, III |
| Matthew P. Weinshall | Richard J. Riley |
| James C. Ellis | Marcos Michael |
| Daniel P. Estes | |