# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

May 22, 2017

**VIA HAND DELIVERY**
The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

      Re:    **In re Motors Liquidation Company,** *et al.*
               **Case No. 09-50026 (MG)**

               **Cases Stating that Actual Notice of a Proceeding Can
               Provide a Basis to Bind a Person to a Court Order**

Dear Judge Glenn:

      In connection with arguments made by the *Pilgrim* plaintiffs[1] at the May 17, 2017 hearing on the 2016 Threshold Issues, the Court authorized New GM to submit a letter providing case law support for the proposition that a plaintiff who was aware of a bankruptcy proceeding will be bound by its resolution even though it did not receive formal notice of the proceeding.[2] This law effectively prevents a party, like the *Pilgrim* plaintiffs, to sit back and wait for a particular result and, if that result was adverse, argue a denial of due process for purported lack of notice. New GM directs the Court to the following cases in support of its position.

      In *In re Queen Elizabeth Realty Corp.*, Case No. 13–12335 (SMB), 2017 WL 1102865, (Bankr. S.D.N.Y. Mar. 24, 2017), Judge Bernstein recently stated:

> A bankruptcy case is a collective proceeding that affects the rights of many. Although the debtor did not give All Points actual or constructive notice, [*United*

---

[1] The *Pilgrim* pleading addressed one of the questions in Threshold Issue 2 of the 2016 Threshold Issues.

[2] *See* May 17, 2017 Hr'g Tr. [ECF No. 13943], at 253:6-18.

DMSLIBRARY01\21600\162081\30440865.v3-5/22/17

Honorable Martin Glenn
May 22, 2017
Page 2

> *Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010)[3]] as well as the governing law regarding excusable neglect and laches, discussed below, imply that a creditor who independently acquires knowledge of a pending action that will affect its rights cannot sit idly by, let time pass and assert its rights at a later date when it may be impossible or impractical to unwind earlier actions that affect the rights of others. Thus, although a known creditor with knowledge of the chapter 11 case who did not receive actual notice is not deemed to know the bar date or be under a duty to discover it, a creditor who has actual knowledge of the bar date ignores it at its peril.

*Id.* at *5.

Judge Bernstein's admonition is consistent with *DPWN Holdings (USA), Inc. v. United Airlines, Inc.*, 11 Civ. 0564 (BMC) (PK), 2017 WL 1194661 (E.D.N.Y. March 30, 2017). There, the claimant, DPWN Holdings (USA), Inc. ("**DHL**"), argued that its antitrust claim should not be discharged in *United Airlines'* bankruptcy case because DHL allegedly did not have enough information to file a timely proof of claim. The facts showed, however, that DHL had enough information well before it asserted its claims against United, and could have either filed a timely proof of claim or sought leave to file a late proof of claim. The district court noted that DHL exhibited a "hide and seek strategy" when asserting its claims against United. *Id.* at *11; *see also In re Ruti-Sweetwater, Inc.*, 836 F.2d 1263, 1266-67 (10th Cir. 1988) ("We hold that the district court correctly affirmed the bankruptcy court's ruling that Heins' inaction constituted an acceptance of the Plan. To hold otherwise would be to endorse the proposition that a creditor may sit idly by, not participate in any manner in the formulation and adoption of a plan in reorganization and thereafter, subsequent to the adoption of the plan, raise a challenge to the plan for the first time."). The district court further found that DHL was not denied due process because it had "actual notice of the bankruptcy and, through, its scheduled affiliates, the plan of reorganization. It was DHL's decision not to move for leave to file a late proof of claim, not the lack of notice from United regarding its claim, that caused the loss of any right to object to the plan of reorganization." *DPWN Holdings*, 2017 WL 1194661, at *11.

*In re Brodeur*, 434 B.R. 348 (Bankr. D. Vt. 2010) further supports New GM's position. In that case, prior to the debtor's chapter 13 case, the Town of Hubbardton ("**Town**") sold the debtor's real property to Mr. and Mrs. Ambrozaitis ("**Movants**") pursuant to a tax sale. The debtor was unaware of the tax sale; in its bankruptcy schedules, the debtor listed the Town, but not the Movants. Before the redemption period expired, the debtor filed a chapter 13 plan that effectively redeemed the property. The Movants sought to have the confirmation order voided because they were not listed on the debtor's bankruptcy schedules and the debtor did not send them notice of the confirmation hearing. It was undisputed, however, that the Movants received notice of the confirmation hearing from the Town and actually attended the confirmation

---

[3] As Judge Bernstein noted, *Espinosa* held that "[d]ue process only requires notice reasonably calculated under the circumstances 'to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Queen Elizabeth Realty Corp.*, 2017 WL 1102865, at *4 (quoting *Espinosa*, 559 U.S. at 272).

Honorable Martin Glenn
May 22, 2017
Page 3

hearing, although they did not enter an appearance or voice any objection. The court found that there was no due process violation because, while they did not receive formal notice from the debtor, they had actual notice of the proceedings and could have participated to protect their rights. *Id.* at 353.

Likewise, *In re CLC Corp.*, 110 B.R. 335 (Bankr. M.D. Tenn. 1990) stands for the same proposition. Certain claimants sought to set aside a bankruptcy court-approved sale because one of them alleged they did not receive required written notice. The bankruptcy court rejected that position, finding that the person "had actual knowledge of the sale in time to have filed an objection before closing of the sale." *Id.* at 339. The court ruled that the claimants learned of the sale before it was consummated, and "elected to be silent after actual knowledge of the impending sale notwithstanding the opportunity to interrupt the sale before prejudicial reliance by [others]." *Id.* Accordingly, the court held:

> [a]ctual knowledge has been held to satisfy formal written notice when required under § 363 and other sections of the Code. A sale will not be invalidated for noncompliance with notice formalities if the objecting party had actual knowledge of the sale.

*Id.* at 339 (citations omitted). The claimants also attempted to object to the sale because other creditors, including the creditors committee in the debtor's parent's bankruptcy case, had not received notice of the sale. The court similarly dismissed claimants' argument, holding that they lacked standing to object on behalf of others who had not complained of the sale. *Id.* at 340.

Outside of the bankruptcy context, the same reasoning applies. For example, *U-Series International Services, Ltd. v. United States of America*, No. 94 Civ. 2733, 1995 WL 671567 (S.D.N.Y. Nov. 7, 1995), concerned a forfeiture proceeding where it was undisputed that the plaintiff did not receive mail notice of forfeiture. *Id.* at *1. Nonetheless, the plaintiff learned of the forfeiture through other means. Instead of seeking judicial review of the forfeiture in a timely manner, the plaintiff pursued other legal remedies. The court accordingly rejected plaintiff's due process claim, holding that "when actual notice is present, a deficiency in formal notice will not undermine the constitutionality of the process provided." *Id.* at *4. The court further found that "due process requirements do not negate the duty of a person with actual notice to exercise due diligence to preserve his legal rights." *Id.*

With regard to this case, the original complaint filed by the *Pilgrim* plaintiffs on October 14, 2015 (which was almost 200 pages long) was strikingly similar to the complaint filed by Lead Counsel in MDL 2543, demonstrating that the *Pilgrim* plaintiffs' counsel was aware of the MDL 2543 proceedings, including the impact of bankruptcy proceedings on issues pending in MDL 2543. *See* New GM's Reply Brief on the 2016 Threshold Issues [ECF No. 13888], at 44-46. Furthermore, New GM sent counsel for the *Pilgrim* plaintiffs a demand letter on October 28, 2015—prior to the November 2015 Decision—which, among other things, notified them of the proceedings taking place in the Bankruptcy Court. *Id.* Thereafter, New GM provided the *Pilgrim* plaintiffs with the December 2015 Judgment before the time to appeal or move for rehearing had expired. *Id.* The *Pilgrim* plaintiffs were therefore notified and aware of the

Honorable Martin Glenn
May 22, 2017
Page 4

bankruptcy proceedings and could have acted to protect their rights. Instead they did nothing. Under applicable law, they are bound by the rulings in the December 2015 Judgment because they had actual notice of the bankruptcy proceedings and failed to act to protect their interests. Alternatively, New GM requests that it be permitted to conduct discovery of the *Pilgrim* plaintiffs and their counsel to determine when, exactly, they had actual notice of MDL 2543 and whether (and when) they had actual notice of the proceedings in the Bankruptcy Court that culminated in the December 2015 Judgment.[4]

                                               Respectfully submitted,

                                             */s/ Arthur Steinberg*

                                             Arthur Steinberg

AS/sd

---

[4] Whether a plaintiff is bound by the December 2015 Judgment may implicate factual issues, and New GM reserves the right to take discovery with respect thereto.

DMSLIBRARY01\21600\162081\30440865.v3-5/22/17