

# Knapp Petersen Clarke
A PROFESSIONAL CORPORATION

550 North Brand Boulevard, Suite 1500, Glendale, California 91203-1922 • (818) 547-5000 • Facsimile: (818) 547-5329

May 26, 2017

Direct Dial: (818) 547-5178
E-Mail: aej@kpclegal.com

**HAND DELIVERED**

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

       Re:    In re: Motors Liquidation Company, et al.
                Case No.: 09-50026 (MG)
                Our File No. 8000-1006

Dear Judge Glenn:

Counsel for New GM has submitted a letter advocating that the *Pilgrim* plaintiffs, owners of defective Corvette automobiles, had received sufficient notice and had an opportunity to act such that they are bound by the December 2015 Judgment.

The letter purports to provide only "case law support" for the proposition that plaintiffs aware of a bankruptcy will be bound by the resolution even without formal notice of the proceeding. However, New GM goes further and argues that it has circumstantial evidence that the *Pilgrim* plaintiffs had sufficient knowledge of the bankruptcy proceeding such that they were obligated to appeal the December 2015 Judgment.

The *Pilgrim* plaintiffs dispute that the case law cited by New GM is applicable given the indisputable facts, which distinguish this matter. First, the Sale Order was entered in 2009 and there can be no credible argument that the *Pilgrim* plaintiffs were aware of the bankruptcy at all before 2009. (The *Pilgrim* plaintiffs contend, in contradistinction, that they received no actual notice of the bankruptcy even though GM knew of the defects in the Corvette engines and the Sale Order is therefore unenforceable.) See, *DPWN Holdings (USA) v. United Air Lines, Inc.*, 747 F.3d 145, 150 (2d Cir. 2014.



The Honorable Martin Glenn
*In Re Motors Liquidation Company, et al.*
May 26, 2017
Page 2

Second, the April 2015 Decision and June 2015 Judgment, which Judgment was appealed to the Second Circuit, also plainly and admittedly preceded any purported knowledge by the *Pilgrim* plaintiffs concerning the events in the bankruptcy.

Third, as will be demonstrated herein, the November 2015 Decision had already been briefed, argued, and was <u>sub judice</u> prior to the time New GM advised the *Pilgrim* plaintiffs concerning the bankruptcy and the state of its proceedings.

Fourth, there is no credible evidence, beyond New GM's self-serving suspicion, that the *Pilgrim* plaintiffs knew of the bankruptcy proceedings leading up to the December Judgment.

Fifth, after GM filed its motion to enforce the Stay Order on January 19, 2016, and the *Pilgrim* plaintiffs had duly opposed the motion by way of their reply on February 4, 2016, New GM and the *Pilgrim* plaintiffs entered into a stipulation to stay the proceedings to await the Second Circuit Opinion, which it was recognized might well have an impact on the parties' positions.

Sixth, as it turned out, in the view of the *Pilgrim* plaintiffs, the Second Circuit Opinion did, in fact, resolve certain issues between the parties, largely in the *Pilgrim* plaintiffs' favor. The full import of the Second Circuit Opinion is presently before the Court in connection with determination of threshold issues.

Lastly, as argued by multiple counsel, there was no obligation or reason to appeal the December Judgment while the June Judgment was already on appeal.

Relevant History

Much of the relevant history is set forth in the Pilgrim Plaintiffs' Supplemental Opening Brief on the 2016 Threshold Issues [Dkt. No. 13859]. The following additional facts demonstrate that the circumstances are much different than the circumstances in the cases cited by New GM.

On October 28, 2015, King & Spalding, on behalf of New GM wrote its letter[1] demanding that the *Pilgrim* plaintiffs dismiss their complaint, contending the action was in violation of the Sale Order. That letter sought enforcement not only of the Sale Order, but specifically referenced the Court's April 2014 Decision, April 2015 Decision and June 1, 2015 Judgment. Those events had

---

[1] A copy of the October 28, 2015 letter is attached hereto as Exhibit 1.



The Honorable Martin Glenn
*In Re Motors Liquidation Company, et al.*
May 26, 2017
Page 3

long proceeded New GM's letter. The letter also referenced a September 3, 2015 Scheduling Order. Concerning that order, New GM's counsel stated:

"All briefing on the matters set forth in (sic) Scheduling Order has concluded."

\*\*\*

"The Bankruptcy Court held a hearing on October 14, 2015 to address the matters set forth in the Scheduling Order, and such matters are currently sub judice before the Bankruptcy Court."

Plainly the *Pilgrim* plaintiffs had no notice of the Scheduling Order, no opportunity to brief the issues therein, nor to argue them to the Bankruptcy Court. The Court's decision was issued a short time later, on November 9, 2015, and was entered as a Judgment on December 4, 2015.

Thereafter, the parties engaged in discussions concerning the meaning and impact of the June Judgment. On December 22, 2015, the *Pilgrim* plaintiffs filed a first amended complaint in California.

On January 19, 2016, GM filed its Motion to Enforce the Sale Order. (Dkt. No. 13584.) The motion stated at paragraph 26, as follows:

> "The June judgment has been appealed directly from the
> Bankruptcy Court to the Second Circuit. Briefing of that appeal
> should conclude by late February 2016."

At paragraph 30 of the motion, New GM discussed the November Decision and December Judgment. The brief cited to the December Judgment as finding that plaintiffs without an Ignition Switch Defect are not entitled to assert Independent Claims because "such claims are prescribed by the Sale Order April Decision and the Judgment dated June 1, 2015." As such, the December Judgment did not constitute a new determination on the issue of Independent Claims for vehicle owners without the Ignition Switch Defect. Those claims were prescribed, according to New GM, by the June 1, 2015 Judgment. (There is no contention that the *Pilgrim* plaintiffs should have appealed the June Judgment.)

On February 4, 2016, the *Pilgrim* plaintiffs filed their reply (Dkt. No. 13599) to New GM's Motion to Enforce the Sale Order. That reply alleged and documented a due process violation. GM knew of the claimed engine defect in Corvette automobiles prior to the 2009 Sale Order, yet no actual notice was given. Also, the *Pilgrim* plaintiffs asked to conduct discovery concerning the due process violation. The *Pilgrim* plaintiffs took the position that they should be treated as



The Honorable Martin Glenn
*In Re Motors Liquidation Company, et al.*
May 26, 2017
Page 4


Economic Loss Plaintiffs who were permitted to make Independent Claims concerning New GM's post-sale conduct, such as for failure to recall and for failure to warn. Importantly, the *Pilgrim* plaintiffs asked that the issue be certified for direct review by the Second Circuit so that the *Pilgrim* plaintiffs could participate in the pending proceedings on appeal.

Soon after the *Pilgrim* plaintiffs' reply was filed, New GM solicited, and the *Pilgrim* plaintiffs agreed, that the issues raised in the New GM's Motion would be deferred pending decision on the Second Circuit Appeal. The reasoning for the stay, which was approved by this Court (Dkt. No. 13603), was that the June Judgment had found that a certain group of plaintiffs could assert Independent Claims against New GM, and that other plaintiffs could not, and that resolution of the Second Circuit Appeal could have a material effect on the issue of Independent Claims, potentially affecting the *Pilgrim* plaintiffs. That stay has never been lifted. The stipulation does not mention the need to file any further appeal to address the issue of Independent Claims.

Thereafter, the Second Circuit issued its Opinion finding, among other things, that Independent Claims against New GM are not barred by the Sale Order as they involve conduct after the Sale Order.

In light of the foregoing, it is passing strange that New GM would contend that the *Pilgrim* plaintiffs had some obligation to appeal the December Judgment, or are not beneficiaries of the reasoning and findings by the Second Circuit in its Opinion.

In closing, New GM argues the *Pilgrim* plaintiffs might have known about the MDL 2543 proceeding and that, therefore, all knowledge about the bankruptcy proceedings was automatically imputable to them. It is not clear if the argument is that this knowledge is imputable back to 2009, to a point before the June Judgment, or some other point in time. At this point, New GM misleadingly states that its demand letter of October 28, 2015 was "prior to the November 2015 decision." This is, of course, superficially true. However, the letter itself recognized that the September Scheduling Order had already been briefed and argued and was under submission before the demand letter was sent. Of course, the *Pilgrim* plaintiffs had no meaningful opportunity to participate in proceedings of which they had no notice, and which had for all practical reasons concluded.

New GM's letter concludes with the argument that the *Pilgrim* plaintiffs could have acted differently to protect their rights but "instead they did nothing." In fact, the *Pilgrim* plaintiffs acted rationally and reasonably in attempting to deal with New GM's contentions by filing an



The Honorable Martin Glenn
*In Re Motors Liquidation Company, et al.*
May 26, 2017
Page 5

amended complaint, opposing the Motion to Enforce the Sale Order raising due process violations and asking to participate in the Second Circuit proceedings. New GM, apparently satisfied with these efforts, agreed that all matters would be stayed pending the Second Circuit Opinion.

The *Pilgrim* plaintiffs ask that the Court's determination on threshold issues, as to which they participated, be applicable to them and that the Second Circuit Opinion be enforced.[2]

Very truly yours,

KNAPP, PETERSEN & CLARKE

André E. Jardini

AEJ/mm
Enclosure

---

[2] At a point after the stay on the *Pilgrim* plaintiffs' action is lifted, these parties reserve all arguments and rights to oppose any request for extraordinary discovery by New GM of the *Pilgrim* plaintiffs or their counsel, in support of New GM's intentions.

2845799.1  08000/01006