# **<u>Exhibit A</u>**

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG | |

| | |
|---|---|
| James Walter Moore,           ) | |
|         Plaintiff,     ) | |
| v.                            ) | CASE NO. 2011-CP-42-3625 |
| Anthony Wade Ross, General Motors LLC, ) Dura Automotive Systems, Inc., Dura ) Operating, LLC, Sparton Corporation, and ) Sparton Engineered Products, Inc. – Flora ) Group,                         ) | |
|         Defendants.    ) | |
| Jaimie Reda Moore,            ) | |
|         Plaintiff,     ) | |
| v.                            ) | CASE NO. 2011-CP-42-3627 |
| Anthony Wade Ross, General Motors LLC, ) Dura Automotive Systems, Inc., Dura ) Operating, LLC, Sparton Corporation, and ) Sparton Engineered Products, Inc. – Flora ) Group,                         ) | **MOTION FOR SUMMARY JUDGMENT IN FAVOR OF GENERAL MOTORS LLC** |
|         Defendants.    ) | |

COMES NOW Defendant General Motors LLC (hereinafter "New GM") and moves for Summary Judgment pursuant to South Carolina Rule of Civil Procedure 56 on the grounds set forth below.

## INTRODUCTION

**A.    Plaintiffs' Alleged Claims Against GM.**

Plaintiffs' Fifth Amended Complaints in these cases allege product liability and loss of

1

consortium claims against New GM, and seek compensatory damages from the Company based on theories of strict liability, negligence, failure to warn, and failure to recall and retrofit the spare tire hoist assembly on the 1996 GMC Sonoma pickup truck that plaintiffs allege to be defective and unreasonably dangerous. In addition, plaintiffs seek punitive damages from New GM based on its alleged failure to warn and failure to recall and retrofit the spare tire hoist assembly used on the 1996 GMC Sonoma pickup truck at issue.

### B. Factual Background for Plaintiffs' Alleged Claims.

Plaintiffs' alleged claims in these cases arise out of a multiple rollover single-vehicle August 8, 2011 crash that occurred when plaintiff James Moore lost control of his employer's *2003 Ford Escape* while driving northbound on Interstate 85 in Spartanburg County, South Carolina. Mr. Moore suffered a serious spinal cord injury during the rollover portion of the crash.

Even though New GM had nothing to do with the design, manufacture, assembly and sale of the *Ford Escape* that Mr. Moore was driving at the time of the wreck, plaintiffs have sued New GM asserting that Mr. Moore lost control of the Escape because of a spare tire that had come loose and separated from a 1996 GMC Sonoma pickup truck that was being driven ahead of him on I-85 by the pickup's owner, Anthony Ross. Plaintiffs allege that the spare tire came off the pickup because the truck's spare tire hoist assembly was defective and unreasonably dangerous.

As with the 2003 Ford Escape, New GM had no role in designing, testing, manufacturing, assembling or selling the 1996 GMC Sonoma pickup truck alleged to be defective or its spare tire hoist assembly. New GM did not even come into existence until 2009. The 1996 pickup truck that is the alleged basis of plaintiffs' claims here was designed, tested, manufactured,

2

assembled and sold to an authorized dealer by General Motors Corporation ("Old GM"), and the spare tire hoist assembly used on the truck was designed, tested, manufactured and sold to Old GM by Sparton Corporation.

## **GROUNDS FOR SUMMARY JUDGMENT**

New GM moves for summary judgment on plaintiffs' alleged strict liability, failure to warn, failure to recall and retrofit, negligence and loss of consortium claims, and on plaintiffs' punitive damages claims on the following grounds:[1]

1.  New GM is entitled to summary judgment on all of plaintiffs' strict liability claims because neither plaintiff was or is a "user" or "consumer" of the 1996 GMC Sonoma

---

[1] New GM notes that it assumed certain liabilities of Old GM when it purchased assets from Old GM during Old GM's bankruptcy case. By Order dated July 5, 2009 ("Sale Order"), the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court") approved a sale agreement ("Sale Agreement") that provided for the sale of assets to New GM free and clear of all Old GM liabilities except for certain expressly defined liabilities. New GM did agree to assume "Product Liabilities" as defined in the Sale Agreement (as amended) that resulted from accidents involving Old GM vehicles occurring after the closing of the sale. However, New GM did not assume all causes of action that could be asserted in connection with such accidents, and New GM did not assume punitive damages, and is not liable for punitive damages based on Old GM conduct, or anything else that took place at Old GM.

New GM previously litigated these issues in the New York Bankruptcy Court, and the Moore plaintiffs participated therein. Ultimately, the New York Bankruptcy Court entered a Judgment dated December 4, 2015 ("December 2015 Judgment") which decided certain issues in New GM's favor. The Moore plaintiffs did not appeal the Judgment. When the Moore plaintiffs refused to comply with the Judgment, New GM filed a motion ("New GM Motion to Enforce") with the New York Bankruptcy Court seeking a ruling that the following claims and requests for damages are barred by the Sale Order and the December 2015 Judgment: (i) plaintiffs' claims for failure to warn, to the extent they are based solely on New GM conduct, (ii) plaintiffs' claims for failure to recall and/or retrofit, whether based on Old GM conduct or solely on New GM conduct, and (iii) plaintiffs' request for punitive damages. The New GM Motion to Enforce is fully briefed and *sub judice* before the New York Bankruptcy Court. These rulings by the New York Bankruptcy Court may impact plaintiffs' lawsuits herein.

3

pickup truck or its spare tire hoist assembly as those terms are used in South Carolina's strict liability statute or under applicable South Carolina law. *See* S.C. Code Ann. § 15-73-10(1).

2. New GM is entitled to summary judgment on all of plaintiffs' alleged failure to warn claims because plaintiffs have come forward with no evidence that the instructions and warnings provided in the pickup's Owner's Manual regarding the use and maintenance of the spare tire and spare tire hoist assembly were inadequate in any way, or that alternative instructions and warnings would have made any difference here or prevented the incident that is alleged to be the basis of plaintiffs' claims against New GM.

3. New GM is entitled to summary judgment on plaintiffs' failure to recall and retrofit claims because those alleged causes of action do not exist against this defendant under applicable South Carolina law. In addition, the government agency charged with regulating and monitoring motor vehicle safety in the United States, the National Highway Traffic Safety Administration ("NHTSA"), has specifically investigated and assessed the safety of the spare tire hoist assembly that was used on the subject 1996 GMC pickup truck and concluded:

> *This investigation has not identified a significant risk to motor vehicle safety attributable to failure of the spare tire carrier/stowage assembly in the subject vehicles. The numbers of incidents reported from all sources are not adequate in magnitude, nor proportioned to the subject vehicle population, to demonstrate a trend for the kind of occurrence at issue.*
>
> *A safety-related defect trend resulting from separation of a spare tire from the subject vehicles has not been identified.*

*See* NHTSA Office of Defect Investigation Closing Memorandum, October 2000.

4. New GM is entitled to summary judgment on all of plaintiffs' claims because there is no dispute in the record that the spare tire hoist assembly at issue is safe for use if the instructions and warnings regarding the use and maintenance of the spare tire and spare tire hoist

4

assembly provided in the pickup's Owner's Manual are followed, and therefore, the product is not defective or unreasonably dangerous as a matter of law.

5. As noted in footnote 1, New GM is seeking relief in the New York Bankruptcy Court to enforce rulings already made in connection with certain claims (including plaintiffs' alleged failure to warn and failure to recall and/or retrofit claims) and punitive damage requests made herein. These issues emanate from rulings and orders entered by the New York Bankruptcy Court which retained exclusive jurisdiction to interpret and enforce its prior rulings and orders.

6. New GM is entitled to summary judgment on plaintiffs' alleged claims for punitive damages because: (a) plaintiffs cannot prove by clear and convincing evidence that New GM's conduct was malicious, reckless or wanton; (b) plaintiffs' claims are premised entirely on New GM's alleged post-sale conduct and South Carolina law does not recognize such claims based entirely on post-sale conduct; (c) an award of punitive damages would violate New GM's right to due process and would violate the constitutional vagueness doctrine; and (d) plaintiffs' request for punitive damages violates New GM's right to a particularized standard and fair notice under the due process clause and the constitutional vagueness doctrine. Additionally, Plaintiff Jaimie Moore's claim for punitive damages fails as a matter of law because in South Carolina a plaintiff has no cause of action to recover punitive damages for personal injuries of a spouse caused by the willful negligence of another.

7. New GM moves for summary judgment on Jaimie Moore's claims for loss of consortium on the same grounds asserted above.

5

## CONCLUSION

Based on the foregoing grounds, New GM respectfully requests that the Court grant summary judgment in favor of New GM on plaintiffs' alleged strict liability, failure to warn, failure to recall and retrofit, negligence and loss of consortium claims, and on plaintiffs' alleged punitive damages claims. New GM also asks for such other and further relief as this Court deems just and proper.

This motion is supported by South Carolina law and any memoranda and exhibits that New GM may submit when or before this motion is heard.

This 31st day of May, 2017.

                                              TURNER, PADGET, GRAHAM & LANEY, P.A.

By:   s/Thomas M. Kennaday
        Thomas M. Kennaday (S.C. Bar No. 16660)
        Post Office Box 1473
        Columbia, SC 29202
        Telephone: (803) 254-2200
        Facsimile: (803) 799-3957
        TKennaday@TurnerPadget.com

OF COUNSEL:

Philip E. Holladay, Jr.
Anne M. Carter
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5137

ATTORNEYS FOR DEFENDANT
GENERAL MOTORS LLC

6