**BINDER & SCHWARTZ LLP**
Eric B. Fisher
Neil S. Binder
Lindsay A. Bush
Lauren K. Handelsman
366 Madison Avenue, 6th Floor
New York, New York 10017
Telephone: (212) 510-7008
Facsimile: (212) 510-7299

*Attorneys for the Motors Liquidation*
*Company Avoidance Action Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈x

In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

Debtors.

┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈x

MOTORS LIQUIDATION COMPANY AVOIDANCE
ACTION TRUST, by and through the Wilmington Trust
Company, solely in its capacity as Trust Administrator and
Trustee,

                 Plaintiff,

   against

JPMORGAN CHASE BANK, N.A., *et al.*,

                Defendants.

┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈┈x

Chapter 11

Case No. 09-50026 (MG)
(Jointly Administered)

Adversary Proceeding

Case No. 09-00504 (MG)

**DECLARATION OF ARTHUR J. GONZALEZ IN SUPPORT
OF MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST'S
MOTION FOR ENTRY OF ORDER PURSUANT TO SECTIONS 105 AND
1142 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3020(d): (I)
APPROVING AMENDMENTS TO THE SECOND AMENDED AND RESTATED
MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST AGREEMENT;
(II) AUTHORIZING THE AVOIDANCE ACTION TRUST ENTER INTO A CAPITAL
PROVISION AGREEMENT AND TO GRANT A LIEN TO THE CAPITAL
PROVIDERS; AND (III) AUTHORIZING THE AVOIDANCE ACTION TRUST AND
AVOIDANCE ACTION TRUST ADMINISTRATOR TO USE $1,750,759.93 IN
PROCEEDS FROM SETTLEMENTS BETWEEN THE AVOIDANCE ACTION TRUST
AND CERTAIN TERM LOAN DEFENDANTS TO SATISFY A PORTION OF THE
CURRENT FEES, COSTS AND EXPENSES OF THE AVOIDANCE ACTION TRUST**

I, Arthur J. Gonzalez, declare as follows:

1. I am the trust monitor (the "**Trust Monitor**") of the Motors Liquidation Company Avoidance Action Trust (the "**Avoidance Action Trust**"), and have acted as the Trust Monitor since the Bankruptcy Court approved my appointment on June 19, 2015 [Bankr. Dkt. 13229]. I make this declaration in support of the Avoidance Action Trust's motion (the "**Motion**") (i) seeking Bankruptcy Court approval of the Capital Provision Agreement (the "**Capital Provision Agreement**") the Avoidance Action Trust has entered into with Cynthiana Investments LLC and Earlham LLC (collectively, the "**Capital Providers**"), and (ii) pursuant to Sections 6.1(b)(ii) and (iii) of the Second Amended and Restated Motors Liquidation Company Avoidance Action Trust Agreement, dated as of August 25, 2016 (the "**Second Amended Avoidance Action Trust Agreement**") authorizing the Avoidance Action Trust and Avoidance Action Trust Administrator (defined below) to use $1,750,759.93 in Proceeds from settlements between the Avoidance Action Trust and certain Term Loan Defendants (the "**Settlement Holdback**"), to satisfy a portion of the current fees, costs and expenses of the Avoidance Action Trust.

2. In addition to acting as the Trust Monitor, I am currently a Senior Fellow at New York University School of Law, where I teach courses in bankruptcy law. I previously served as

2

a United States Bankruptcy Judge in this District for seventeen years, including serving as Chief Judge of this Court.

3. According to Section 11.1 of the Second Amended Avoidance Action Trust Agreement, I oversee the activities of Wilmington Trust Company as the trust administrator of the Avoidance Action Trust (the "**Trust Administrator**").

4. As Trust Monitor, I am directly involved in periodic discussions with the Trust Administrator regarding the cash position and budget for the Avoidance Action Trust. Since the point in time when the Trust Administrator, in consultation with me, made a determination that the cash available to the Avoidance Action Trust was not sufficient to meet its projected fees and expenses, I have been involved in the Avoidance Action Trust's efforts to seek additional funding. Such additional funding is critical to the Avoidance Action Trust, which estimates that as of May 31, 2017 the Trust will have less than $204,000 to fund the fees and costs associated with prosecution of the Term Loan Avoidance Action, the administrative expenses of the Avoidance Action Trust, and the fees of the Trust Administrator and Trust Monitor.

5. I was kept apprised of developments throughout the solicitation of litigation funding proposals that was undertaken by the Avoidance Action Trust, considered the proposals that were submitted by the potential third-party funders, and, ultimately, was involved in the decision to enter into the Capital Provision Agreement with the Capital Providers under that Agreement after a careful analysis of all of the available funding options.

6. I believe that the Capital Provision Agreement provides the necessary funding for the Avoidance Action Trust on the most favorable economic terms available to the Trust from private third-party funders. Accordingly, I support the Avoidance Action Trust's Motion seeking

Bankruptcy Court approval of the Transaction Documents described in the Motion, which are the Capital Provision Agreement, Security Agreement and the Subordination Agreement.

7. Further, as stated in the Motion, between approximately January 2016 and prior to the execution of the Capital Provision Agreement, the Avoidance Action Trust reached settlements with 20 Term Loan Defendants, and, in these settlements, received the Settlement Holdback in the total amount of $1,750,759.93. As Trust Monitor, I am satisfied that present expenses of the Avoidance Action Trust far exceed this sum, and that it is anticipated that fees and expenses of the Avoidance Action Trust for services already incurred will exceed both the Settlement Holdback and the initial $4,000,000 provided pursuant to the Capital Provision Agreement. Accordingly, it is my view as Trust Monitor that it is in the interest of the Trust both to use the Settlement Holdback to pay a portion of the current fees, costs and expenses of the Avoidance Action Trust, and to enter into the Capital Provision Agreement to pay additional current fees, costs and expenses, as well as to secure needed additional funding for the ongoing Avoidance Action litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 2, 2017

_____
Arthur J. Gonzalez