**OBJECTION DEADLINE: June 28, 2017 at 5:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME: July 5, 2017 at 2:00 p.m. (Eastern Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg, Esq.
Scott Davidson, Esq.

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (MG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

-----------------------------------------------------------x

**NOTICE OF MOTION BY GENERAL MOTORS LLC FOR AN EXTENSION OF
TIME TO APPEAL THE COURT'S "MEMORANDUM OPINION AND ORDER
GRANTING IN PART NEW GM'S MOTION TO ENFORCE SALE ORDER
AGAINST THE PITTERMAN PLAINTIFFS AND RESOLVING 2016 THRESHOLD
ISSUE TWO: WHETHER NON-IGNITION SWITCH PLAINTIFFS ARE BARRED FROM
ASSERTING INDEPENDENT CLAIMS AGAINST NEW GM," DATED JUNE 7, 2017 [ECF
NO. 13959], TO THE EXTENT IT IS NOT AN INTERLOCUTORY ORDER**

PLEASE TAKE NOTICE that upon the annexed Motion, dated June 20, 2017 (the "**Motion**"),[1] of General Motors LLC ("**New GM**"), pursuant to Rule 8002(d)(1)(A) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), to extend the time to appeal this Court's *Memorandum Opinion And Order Granting In Part New GM's Motion To Enforce Sale Order Against The Pitterman Plaintiffs And Resolving 2016 Threshold Issue Two: Whether Non-Ignition Switch Plaintiffs Are Barred From Asserting Independent Claims Against New GM*, dated June 7, 2017 [ECF No. 13959] ("**Pitterman Opinion**"), a hearing will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 5, 2017 at 2:00 p.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036 (Attn: Arthur Steinberg and Scott Davidson), and (ii), Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, (Attn: Richard C. Godfrey and Andrew B. Bloomer, P.C.) so as to be received no later than **June 28, 2017, at 5:00 p.m. (Eastern Time)**.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Dated: New York, New York
June 20, 2017

                        Respectfully submitted,

                        __/s/ Arthur Steinberg____
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

**OBJECTION DEADLINE: June 28, 2017 at 5:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME:  July 5, 2017 at 2:00 p.m. (Eastern Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
| In re | : | Chapter 11 |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | Case No.:  09-50026 (MG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

**MOTION BY GENERAL MOTORS LLC FOR AN EXTENSION OF TIME
TO APPEAL THE COURT'S "MEMORANDUM OPINION AND ORDER
GRANTING IN PART NEW GM'S MOTION TO ENFORCE SALE ORDER
AGAINST THE PITTERMAN PLAINTIFFS AND RESOLVING 2016 THRESHOLD
ISSUE TWO: WHETHER NON-IGNITION SWITCH PLAINTIFFS ARE BARRED
FROM ASSERTING INDEPENDENT CLAIMS AGAINST NEW GM," DATED JUNE 7,
2017 [ECF NO. 13959], TO THE EXTENT IT IS NOT AN INTERLOCUTORY ORDER**

General Motors LLC (**"New GM"**), by its undersigned counsel, submits this motion

(**"Motion"**), pursuant to Rule 8002(d)(1)(A) of the Federal Rules of Bankruptcy Procedure

(**"Bankruptcy Rules"**), to extend the time to appeal this Court's *Memorandum Opinion And*

*Order Granting In Part New GM's Motion To Enforce Sale Order Against The Pitterman*

1

30703239

*Plaintiffs And Resolving 2016 Threshold Issue Two: Whether Non-Ignition Switch Plaintiffs Are Barred From Asserting Independent Claims Against New GM*, dated June 7, 2017 [ECF No. 13959] ("**Pitterman Opinion**"),[1] if the Court[2] decides that the Pitterman Opinion is not an interlocutory order and finds that it is a final order.[3] In support of this Motion, New GM states as follows:

**A.    This Motion Should Be Resolved By Finding That the Pitterman Opinion is An Interlocutory Order**

1.    This Court should find that the Pitterman Opinion is not a final order but an interlocutory order that is not subject to an immediate appeal as of right pursuant to Bankruptcy Rule 8003.[4] If the Court so finds, then no extension of the time to appeal is required, and this Motion can be resolved in accordance with this finding.

---

[1]    The Pitterman Opinion is published at *In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2457881 (Bankr. S.D.N.Y. June 7, 2017).

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Order To Show Cause Regarding Certain Issues Arising From Lawsuits With Claims Asserted Against General Motors LLC ("New GM") That Involve Vehicles Manufactured By General Motors Corporation ("Old GM")*, dated December 13, 2016 [ECF No. 13802] ("**December 2016 Show Cause Order**") and the Glossary of Terms attached thereto as Exhibit "B."

[3]    Rule 9006-2 of the *Local Bankruptcy Rules For The Southern District Of New York* ("**Local Bankruptcy Rules**") provides:

> Unless otherwise provided in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or order of the Court, when a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, or order of the Court, with a return date that is no later than fourteen (14) days after the date of such filing or, if the Court is unable to schedule a return date within such period, as soon thereafter as the return date may be scheduled by the Court, the time shall automatically be extended until the Court resolves the motion to extend the time. An automatic extension under this rule shall not require the issuance or entry of an order extending the time.

Accordingly, if the Pitterman Opinion is a final order, then by New GM's filing of this Motion, the time period to appeal the Pitterman Opinion is automatically extended until the Court resolves this Motion. As stated in Local Bankruptcy 9006-2, as well as the comment to such Rule, no bridge order is required.

[4]    New GM asked Brown Rudnick (Designated Counsel for economic loss plaintiffs) for its view as to whether the Pitterman Opinion was interlocutory; it stated yes. When New GM asked Goodwin Proctor (counsel who represents certain personal injury and wrongful death plaintiffs) the same question, it would not provide an answer, which was one of the factors that necessitated filing this Motion.

2

2. "A bankruptcy court's order is 'final' if it 'completely resolve[s] all of the issues pertaining to a discrete claim, including issues as to the proper relief.'" *XO Communications, Inc. v. Start Investments, Inc. (In re XO Communications, Inc.)*, No. 03 Civ. 1898, 2004 WL 360437, at *2 (S.D.N.Y. Feb. 26, 2004) (quoting *In re Pegasus Agency, Inc.,* 101 F.3d 882, 885 (2d Cir. 1996) (citations omitted)). The Pitterman Opinion does not satisfy the "final order" test for the following reasons.

3. In the Pitterman Opinion, the Court held that the Pitterman Plaintiffs had not properly pled an Independent Claim and, until they did, they could not proceed on that basis in their non-bankruptcy court litigation against New GM. *See* Pitterman Opinion, 2017 WL 2457881, at *1 n.1. The Court noted the possibility that the Pitterman Plaintiffs could still theoretically get through the "bankruptcy gate" if the non-bankruptcy court authorized them to amend their complaint, and they thereafter properly pled a viable Independent Claim against New GM. *See id.*; *see also id*. at *10.

4. On June 14, 2017, the Pitterman Plaintiffs filed a motion in the Connecticut District Court to amend their complaint ("**Pitterman Proposed Amended Complaint**") to comply with the Bankruptcy Court's June 7 rulings, and to revise their purported independent claims. New GM is opposing certain of those amendments under Connecticut substantive law and the trial court has not yet ruled on that request. The Pitterman Proposed Amended Complaint may also be the subject of another motion to enforce ("**Pitterman Motion to Enforce**") because the revised claims fail to meet the requirements of an Independent Claim, as defined by this Court and the Second Circuit.

5. The Pitterman Opinion is only a partial resolution of the 2016 Threshold Issues. Among other things, 2016 Threshold Issue No. 2 had three sub-parts and it does not appear that

3

the Court fully resolved all of the sub-parts of 2016 Threshold Issue No. 2 in the Pitterman Opinion, but rather only addressed the portion of Issue No. 2 that was necessary to resolve the Pitterman dispute.[5]

6. Given the prospect that at least one party will appeal the Court's complete determination of the 2016 Threshold Issues, the interests of efficiency and economy favor the resolution and appeal of all 2016 Threshold Issues at one time. The Second Circuit has stated that there is a strong federal policy against piecemeal appeals. *See In re Fugazy Exp., Inc.,* 982 F.2d 769, 775-76 (2d Cir. 1992). If the Pitterman Opinion was required to be appealed now, it would contravene this sound federal policy.

**B.    If the Pitterman Opinion is a Final Order, The Court Should Grant the Motion At Such Time As It Resolves the Remaining 2016 Threshold Issues**

7. If the Pitterman Opinion is deemed a final order and immediately appealable as of right, the Court is authorized to extend the time to appeal pursuant to Bankruptcy Rule 8002(d), which provides:

> (1) *When the Time May be Extended.* Except as provided in subdivision (d)(2), the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed:
>
> (A) within the time prescribed by this rule;

New GM is properly filing this Motion before the expiration of time to appeal the Pitterman Opinion. The Bankruptcy Rules do not contain a standard that should govern motions made

---

[5] For example, 2016 Threshold Issue No. 2 included the following question:

> Are Non-Ignition Switch Plaintiffs barred from asserting Independent Claims against New GM either because (a) other than those plaintiffs represented by Mr. Peller in the *Elliott*, *Sesay* and *Bledsoe* cases that appealed the April 2015 Decision/June 2015 Judgment, they did not appeal the April 2015 Decision/June 2015 Judgment to the Second Circuit, and therefore the Opinion does not apply to them; and/or (b) they did not appeal the November 2015 Decision/December 2015 Judgment and/or the Opinion did not affect the rulings in the November 2015 Decision/December 2015 Judgment?

December 2016 Show Cause Order, at 2. This issue was not addressed in the Pitterman Opinion.

pursuant to Bankruptcy Rule 8002(d). *Collier on Bankruptcy* states that "[t]he absence of a standard to govern the decision of the bankruptcy court if the request for an extension of time is made prior to the expiration of the periods prescribed in Rule 8002(a) and (b) suggests that, with the exceptions to be discussed below, the extension should usually be granted." 10 COLLIER ON BANKRUPTCY ¶ 8002.12[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2016).[6]

8. Bankruptcy Rule 8002(d)(3) provides that "[n]o extension of time may exceed 21 days after the time prescribed by this rule, or 14 days after the order granting the motion to extend time is entered, whichever is later." If the Pitterman Opinion is a final order, then New GM requests that this Court rule on this Motion when it rules on the remaining 2016 Threshold Issues. By doing so, and if the extension request is granted, the time to appeal the Pitterman Opinion will run concurrently with the Court's other rulings on the 2016 Threshold Issues.

9. If the Court believes that the Pitterman Opinion is a final order that should be appealed prior to the resolution of the remaining 2016 Threshold Issues, New GM requests that the Court grant New GM the maximum extension authorized by Bankruptcy Rule 8002(d)(3).

## NOTICE AND NO PRIOR REQUESTS

10. Notice of this Motion has been provided to all counsel that filed pleadings regarding the 2016 Threshold Issues and all entities that receive electronic notice from the Court's ECF system. New GM submits that such notice is sufficient and no other or further notice need be provided.

11. No prior request for the relief sought in this Motion has been made to this or any other Court.

---

[6] The exceptions set forth in Bankruptcy Rule 8002(d)(2) are not applicable to this Motion.

WHEREFORE, New GM respectfully requests that this Court either (a) find that the Pitterman Opinion is an interlocutory order that is not immediately appealable at this time, or (b) rule on the relief requested in this Motion when it rules on the remaining 2016 Threshold Issues, granting the requested extension so that the time to appeal the Pitterman Opinion runs concurrently with the Court's other rulings on the 2016 Threshold Issues. Alternatively, New GM requests an order granting an extension of time to appeal the Pitterman Opinion for the maximum amount of time under Bankruptcy Rule 8002(d)(3) and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 20, 2017

Respectfully submitted,

   */s/ Arthur Steinberg*
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Attorneys for General Motors LLC*