Hearing: June 30, 2017, 11:00 a.m. (ET)
Objection Deadline: June 23, 2017, 4:00 p.m. (ET)

WESTERMAN BALL EDERER MILLER
 ZUCKER & SHARFSTEIN, LLP
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
Richard F. Harrison, Esq.
*Attorneys for River Birch Capital LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
In re:                                                                    Chapter 11

MOTORS LIQUIDATION COMPANY, f/k/a                                         Case No. 09-50026 (MG)
GENERAL MOTORS CORPORATION, *et al.*,                                     (Jointly Administered)

                                                                          Adversary Proceeding Case No.
                                                  Debtors.                11-09406 (MG)
------------------------------------------------------------------------x

**LIMITED RESPONSE TO THE MOTION OF THE AVOIDANCE ACTION
TRUST FOR, AMONG OTHER THINGS, AN ORDER APPROVING
<u>FURTHER LITIGATION FUNDING</u>**

River Birch Capital LLC, as the Investment Manager with authority for River Birch Master Fund, LP ("**River Birch**") files this Limited Response and Reservation of Rights to the Motion of Motors Liquidation Company Avoidance Action Trust ("**Avoidance Action Trust**" or "**Trust**") for an Order, among other things, approving additional litigation funding to the Trust for its continued prosecution of claims in an action denominated as *Motors Liquidation Company Avoidance Action Trust v. JP Morgan Chase Bank N.A.* (*In re Motors Liquidation Co.*), Adv. Pro. No. 09-00504 (Bankr. S.D.N.Y. July 31, 2009).

## **RESERVATION OF RIGHTS**

1. River Birch does not seek relief from this Court in connection with or concerning the Trust's present application. River Birth files herein simply as Notice of its complete and continuing reservation of rights.

2. River Birch advises that any action taken by its agents, representatives or attorneys is not to be construed as nor constitute a waiver of any rights or claims available to River Birch by law or under the terms, conditions and provisions of its "*Private Litigation Funding Agreement*", dated May 19, 2016, among the Trust, designated investors and U.S. Bank National Association, as administrative and collateral agent.

**Background**

3. Prior to August 2016, the Official Committee of Unsecured Creditors of Motors Liquidation Company and the DIP Lenders contested entitlements to prospective Avoidance Action proceeds. The dispute culminated in a "litigation settlement" pursuant to which, among other things, (i) the DIP Lenders provided a litigation cost advance and (ii) the DIP Lenders received (x) the right to be repaid the litigation cost advance out of Distributable Trust Assets and (y) 30% of any litigation proceeds from the Avoidance Action.

4. River Birch contested the proposed "Litigation Advance Agreement" between the Trust and DIP Lenders on the grounds, *inter alia*:

(a) That River Birch held a Private Litigation Funding Agreement which was an exclusive agreement with limited termination rights;

(b) That the River Birch Litigation Funding Agreement could only be terminated if the DIP Lenders provided funding "on terms materially more favorable to the Trust"; and

(c) That the DIP Lenders' Litigation Advance Agreement conditioned their funding upon a receipt of 30% of the proceeds of the Avoidance Action, and thereby created prospective

outcomes under which the costs of the DIP Lenders' advances would be materially more expensive than the Private Litigation Funding Agreement provided by River Birch.

5.  The Trust countered that a "permitted alternative funding event" had occurred and that there were sufficient grounds for the Trust to terminate the Private Litigation Funding Agreement. However, at the August 16, 2016 hearing on the "litigation settlement" and the "advance," the Department of Justice again admitted that the funding and the settlement were inextricably linked and that the U.S. Treasury had not even identified any separate governmental lending authority. So the only way the Department of Justice could approve the "advance" was as part of an integrated "settlement."

6.  On August 24, 2016, the Court entered an Order pursuant to F.R. Bankr. Pr. § 9019 approving the Settlement Agreement and the Litigation Cost Advance Agreement (Bankr. Dkt. Nos. 13744, 13748). No findings or determination were made on whether there was a breach of River Birch's Private Litigation Funding Agreement.

7.  The Trust's present application again acknowledges that there remain insufficient funds to satisfy projected fees and costs for the litigation of the Avoidance Action, and the Trust seeks an Order permitting it to amend, *inter alia*, a Capital Provision Agreement so as to obtain additional subordinate funding of $15,000,000. The proposed terms of that funding seek approval of additional preferred distributions of any potential proceeds of the Avoidance Action.

8.  River Birch maintains that the DIP Lender's initial Litigation Cost Advance Agreement was not a permitted funding event under River Birch's Private Litigation Funding Agreement, and River Birch maintains and reasserts its rights and claims under the terms of its Private Litigation Funding Agreement. While the Avoidance Action Trust has not yet recovered anything in the Avoidance Action, to the extent that it does receive a recovery that would have

entitled River Birch to payments under the Private Litigation Funding Agreement, River Birch reserves all rights to seek recovery from any such amounts.

| | |
|---|---|
| Dated: Uniondale, New York<br>June 20, 2017 | WESTERMAN BALL EDERER MILLER<br>ZUCKER & SHARFSTEIN, LLP<br><br>By: /s/Richard F. Harrison, Esq.<br>Richard F. Harrison, Esq.<br>1201 RXR Plaza<br>Uniondale, New York 11556<br>Telephone: (516) 622-9200<br>*Attorneys for River Birch Capital LLC* |

1604323.2

4