```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                              :    Chapter 11
                                                    :
MOTORS LIQUIDATION COMPANY, et al.,                 :    Case No.: 09-50026 (MG)
        f/k/a General Motors Corp., et al.          :
                                                    :    (Jointly Administered)
                    Debtors.                        :
------------------------------------------------------------- x
```

## **DECLARATION OF ARTHUR STEINBERG**

I, Arthur Steinberg, hereby declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge, information and belief:

1. I am a partner in the law firm of King & Spalding LLP, attorneys for General Motors LLC ("**New GM**") in the above-captioned matter. I am admitted in, practicing in, and a member in good standing of, among others, the bar of the State of New York and the bar of the United States District Court for the Southern District of New York.

2. I submit this declaration, pursuant to Rule 9077-1(a) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, in support of entry of the proposed *Order To Show Cause Fixing A Date And Time For The Hearing On The Motion By General Motors LLC To Enforce The Rulings In The Bankruptcy Court's June 7, 2017 Opinion And Order With Respect To The Pitterman Plaintiffs* ("**Order to Show Cause**") and the *Motion By General Motors LLC To Enforce The Rulings In The Bankruptcy Court's June 7, 2017 Opinion And Order With Respect To The Pitterman Plaintiffs,* dated June 20, 2017 ("**Motion**"). Except as otherwise indicated, all facts set forth herein are based upon my personal knowledge, my review of documents or my discussions with representatives of New GM.

1

3. It is necessary for New GM to proceed by Order to Show Cause, scheduling a hearing on shortened notice for expedited consideration of the relief sought in the Motion, because prompt relief is necessary to avoid irreparable injury and to avoid disruption of a trial in the Pitterman Lawsuit. On June 14, 2017, the Pitterman Plaintiffs filed a *Motion to Amend Complaint* in the Connecticut District Court, which was the Pitterman Plaintiffs' attempt to comply with this Court's rulings in the Pitterman Opinion. A review of the proposed Amended Complaint, however, demonstrates that the Pitterman Plaintiffs failed in their attempt to assert Independent Claims against New GM. The Amended Complaint continues to contain purported Independent Claims that are based on Old GM's conduct, contrary to this Court's ruling.

4. On June 19, 2017, the undersigned and trial counsel for New GM contacted counsel for the Pitterman Plaintiffs to inform them that New GM believed that the Amended Complaint does not comply with this Court's rulings. Counsel for the Pitterman Plaintiffs responded to New GM on June 20, 2017, stating that they would not further amend the Amended Complaint.

5. The trial in the Pitterman Lawsuit is scheduled to commence on July 5, 2017. At this time, the Amended Complaint has not been authorized by the Connecticut District Court. Given that the trial in the Pitterman Lawsuit is scheduled to begin in two weeks, New GM is moving to enforce the rulings in the Pitterman Opinion and the Sale Order and Injunction in this Court, and is simultaneously objecting to the Amended Complaint as failing to state a claim under Connecticut state law in the Connecticut District Court.

6. Absent entry of the Order to Show Cause, New GM will suffer irreparable harm if the requested relief is not granted. If the trial proceeds on July 5, 2017, New GM could be

forced to incur liabilities and damages that it did not assume pursuant to the "free and clear" Sale Order and Injunction.  Permitting the Pitterman Lawsuit to go forward in another court without requiring that the Amended Complaint comply with this Court's rulings would encroach on this Court's gatekeeper function to review complaints to determine if they comply with the Sale Order and Injunction, and the rulings interpreting same.  In addition, permitting the Pitterman Lawsuit to proceed to trial may also result in inconsistent verdicts, all to the detriment of New GM.

7. Based on the foregoing, New GM seeks prompt relief to ensure that the trial in the Connecticut District Court does not go forward with a complaint that violates this Court's rulings and the Sale Order and Injunction.

Dated:   June 20, 2017

                                                                               __/s/ Arthur Steinberg____
                                                                               ARTHUR STEINBERG

DMSLIBRARY01\21600\162081\30704497.v1-6/19/17