Adelman Hirsch & Connors LLP
1000 Lafayette Blvd
Bridgeport, CT  06604
Tele: 203-331-8888
Fax:  203-333-4650
Joram Hirsch, Esq.  (admitted *pro hac vice*)

*Attorney for Bernard Pitterman, Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, et al. f/k/a General Motors Corp, et al. | Case No. :  09-50026 (MG) |
| | (Jointly Administered) |
| Debtors | |
| | June 27, 2017 |

-----------------------------------------------------------------:

**MEMORANDUM BY BERNARD PITTERMAN, ADMINISTRATOR,
IN OPPOSITION TO MOTION (ECF #13969-1) OF GENERAL MOTORS LLC TO
ENFORCE RULINGS IN THE BANKRUPTCY COURT'S
JUNE 7, 2017 OPINION AND ORDER WITH RESPECT TO PITTERAN PLAINTIFFS**

This memorandum is submitted by Bernard Pitterman, Administrator, as directed by the Court's Order to Show Cause (ECF Document #13969) as an objection to the Motion of General Motors LLC to Enforce Rulings in the Bankruptcy Court's June 7, 2017 Opinion and Order (ECF Document #13969-1).  The proposed amended complaint, attached to New GM's motion fully complies with this Court's June 7, 2017, Opinion by clarifying that the claims against New GM for failure to warn and failure to recall and retrofit are based solely upon the post-sale conduct of New GM and not based on generalized knowledge of both Old GM and New GM.

To the extent New GM claims that the allegations of the proposed amended complaint are not sufficient to establish the alleged cause of action, that is not an issue this court agreed to

1

determine. Instead, this court determined to leave that issue to be decided by Judge Hall of the Connecticut United States District Court where the Pitterman action is pending. New GM has, in fact, filed an objection in the Connecticut United States District Court to the proposed amended complaint which Pitterman Plaintiffs have opposed. Attached as Exhibit A is Plaintiffs' Memorandum in Support of the Proposed Amended Complaint in that action. Judge Hall has scheduled a pretrial conference for June 28 and jury selection for June 29. Presumably Judge Hall take up this issue at one of those occasions.

**Argument:**

1. **Proposed Amended Complaint complies with this Court's June 7, 2017 ruling**

This court ruled that that "[i]t is not acceptable, as the Pitterman Complaint does in several paragraphs, to base allegations on generalized knowledge of both Old GM and New GM. To pass the bankruptcy gate, a complaint must clearly allege that its causes of action are based solely on New GM's post closing wrongful conduct." The proposed amended complaint does exactly that. In both paragraphs 27 and 28, the proposed complaint alleges that New GM failed to act despite information and knowledge known to New GM (GM LLC) without any reference to "generalized knowledge" of Old GM.

Similarly, both paragraphs reference the alleged cause of action to be based solely on New GM's post sale conduct. By alleging that "GM LLC took no steps after June 2009" to warn and/or recall and retrofit, these allegations do not include any reference to Old GM conduct and are clearly based upon New GM's post sale conduct only.

As the allegations and claims are based solely on New GM's post-June 2009 conduct, they are not, contrary to New GM's claim, "disguised successor liability claims."

2. **There are sufficient allegations regarding New GM's post sale conduct to establish the cause of action alleged**

2

In its June 7, 2017, decision, this court did not address the sufficiency of the factual allegations of the complaint, although New GM wanted it to do so, determining instead that issue should be left for the Connecticut United States District Court to decide. The issue is presently before that Court. Under the notice pleading requirements in federal court, there are sufficient factual allegations in the proposed amended complaint to establish the cause of action alleged against New GM. For example, it is alleged that New GM assumed responsibility for product liability claims arising out of incidents occurring after the date of its asset purchase involving vehicles assembled or distributed by General Motors prior to its bankruptcy. New GM has admitted this allegation. The complaint alleges the circumstances of the collision and the nature of the vehicle design defect underlying the product liability claim. Most importantly, the complaint alleges that New GM had information and knowledge available and known to New GM, including knowledge of numerous "rollaway" incidents caused by the allege vehicle design defect in which numerous people, especially children, were catastrophically injured and killed. The complaint further alleges that New GM did not take any steps after June 2009 to notify and/or warn owners or the public of these defects nor to recall and retrofit the vehicles. Despite New GM's claim to the contrary, these factual allegations are sufficient to establish a cause of action against New GM based on its own post sale conduct. In any event, that decision should be made, will be made by the Connecticut United States District Court.

3. **Whether New GM owes a duty of care to Pitterman plaintiffs will be decided by the Connecticut United States District Court**

New GM offers no case law supporting its claim, at paragraph 3, that "[u]nder Connecticut substantive law there is no duty to warn or duty to recall/retrofit." The legal issue as to whether New GM owes a duty of care to Pitterman plaintiffs is also presently before the Connecticut United

States District. This Court has repeatedly stated that this issue is to be decided by a non-bankruptcy court and it is unclear why New GM raises this issue again before this Court. Nonetheless, Pitterman Plaintiffs have attached, as Exhibit A hereto, their memorandum in support of the motion to amend the complaint which articulates why, indeed, New GM owes a duty of care to Pitterman Plaintiffs under Connecticut law. Indeed, plaintiffs' memorandum also identifies three decisions by Judge Furman finding that New GM owed a duty of care to warn under applicable state law and one decision in which Judge Furman found New GM had a duty to recall and retrofit under applicable state law. Pitterman Plaintiffs respectfully refer this Court to that memorandum.

BERNARD PITTERMAN, ADM.

BY: _____
Joram Hirsch, Esq.
Adelman Hirsch & Connors, LLP
1000 Lafayette Boulevard
Bridgeport, CT 06604
Federal Bar No. - ct06734
Tele: (203) 331-8888
Fax: (203) 333-4650
Email: jhirsch@ahctriallaw.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true copy of the foregoing was sent by email and mailed via first class mail on the date hereof to:

Arthur Steinberg
Scott Davidson
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036

*Attorneys for General Motors LLC*

Richard C. Godfrey
Andrew B. Bloomer

4

Kirkland & Ellis LLP
300 North La Salle
Chicago, IL  60654

*Atttorneys for General Motors*

_____
Joram Hirsch, Esq.