**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
 ┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄x

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, f/k/a<br>GENERAL MOTORS CORPORATION, *et al.*, | Case No. 09-50026 (MG)<br>(Jointly Administered) |
| Debtors. | |

 ┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄┄x

**ORDER (I) APPROVING ENTRY INTO THIRD AMENDED AND
RESTATED AVOIDANCE ACTION TRUST AGREEMENT, (II)
AUTHORIZING THE AVOIDANCE ACTION TRUST TO ENTER
INTO A CAPITAL PROVISION AGREEMENT AND TO GRANT A
LIEN TO THE CAPITAL PROVIDERS, AND (III) AUTHORIZING
THE AVOIDANCE ACTION TRUST AND AVOIDANCE ACTION
TRUST ADMINISTRATOR TO USE $1,750,759.93 IN
SETTLEMENT HOLDBACK TO FUND NECESSARY FEES,
COSTS AND EXPENSES OF THE AVOIDANCE ACTION TRUST**

Upon the motion (the "Motion")[1] of Motors Liquidation Company Avoidance Action Trust for entry of an order, pursuant to sections 105 and 1142 of title 11 of the United States Code: (1) approving the amendment and restatement of the Second Amended Avoidance Action Trust Agreement, (2) authorizing the Avoidance Action Trust to enter into the Transaction Documents and to grant a lien to the Capital Providers, and (3) authorizing the Avoidance Action Trust and Avoidance Action Trust Administrator to use $1,750,759.93 in Settlement Holdback to fund necessary fees, costs and expenses of the Avoidance Action Trust, and upon the Declaration of Arthur J. Gonzalez in support of the Motion; and it appearing that the Court has jurisdiction to consider the Motion and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.),

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion. Capitalized terms not otherwise defined herein or in the Motion shall have the meaning ascribed to them in the applicable Transaction Document.

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b) and venue being proper before this Court pursuant to 28 U.S.C. § 1409; and upon the Certificate of No Objection Pursuant to LR 9075-2 (ECF Doc. No. 13973); and it appearing that the relief requested in the Motion is in the best interest of the above-captioned post-effective date debtors' creditors and estates; and it appearing that due and appropriate notice of the Motion has been given under the circumstances in these Chapter 11 cases; and it appearing that no other or further notice need be provided; and upon the record in these Chapter 11 cases; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED**, that the hearing on the Motion scheduled to be held before the Honorable Judge Martin Glenn, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on June 30, 2016 at 11:00 a.m. (Eastern Time), is cancelled; and it is further

**ORDERED**, that the Motion is granted as provided herein and the Avoidance Action Trust Administrator and Trust Monitor are authorized to enter into the Third Amended Avoidance Action Trust Agreement, in substantially the form attached as Exhibit C to the Motion; and it is further

**ORDERED**, that the Avoidance Action Trust is authorized to enter into the Transaction Documents, and grant a second priority lien to the Capital Providers (junior in priority to the liens of the DIP Lenders under the Litigation Cost Advance Agreement, the Settlement Agreement and the Third Amended Avoidance Action Trust Agreement) in the Collateral as set forth in the Transaction Documents; and it is further

**ORDERED**, this Order shall be sufficient and conclusive evidence of the validity, enforceability, perfection, and priority of the liens granted to the Capital Providers without the

necessity of filing or recording any financing statement or other instrument or document which may otherwise be required under the law of any jurisdiction, or taking any other action to validate or perfect the liens or to entitle the liens to the priorities granted herein; and it is further

**ORDERED**, that the Avoidance Action Trust and the Avoidance Action Trust Administrator are authorized to take all necessary actions to carry out this Order and execute and perform all of the obligations of the Avoidance Action Trust under the Transaction Documents, including the (i) satisfaction of all conditions precedent to the transactions contemplated thereby and (ii) payment to the Capital Providers of the Capital Providers' Entitlement and any other fees or expense reimbursement as and when due under the Transaction Documents, but solely to the extent permitted under the Subordination Agreement; and it is further

**ORDERED**, the Avoidance Action Trust shall at all times maintain the security interest of the Capital Providers as set forth in the Capital Provision Agreement and the Security Agreement as a valid, perfected lien, second and junior in priority to the liens of the DIP Lenders in the Collateral and senior in priority to any lien or security interest of any other party, and it is further;

**ORDERED**, the Avoidance Action Trust and the Avoidance Action Trust Administrator irrevocably waive any right to seek any amendment, modification, or extension of this Order without the prior written consent of the Capital Providers and the DIP Lenders, and no such consent shall be implied by any other action, inaction, or acquiescence of the Capital Providers or the DIP Lenders; and it is further;

**ORDERED**, upon five (5) business days' prior written notice (which notice may be delivered by electronic mail) (the "Remedies Notice Period") to the Avoidance Action Trust, the Avoidance Action Trust Administrator and the DIP Lenders, and subject to (a) the rights,

interests and remedies of the DIP Lenders under the Litigation Cost Advance Agreement, the Settlement Agreement, the Third Amended Avoidance Action Trust Agreement, and the Subordination Agreement and (b) the succeeding decretal paragraph, upon the occurrence of (i) a breach of Section 4 of the Security Agreement, (ii) a Material Breach of any provision of the Security Agreement other than Section 4 of the Security Agreement, (iii) the occurrence of a Remedy Event under the Capital Provision Agreement, or (iv) the commencement of an Insolvency Proceeding by or against the Avoidance Action Trust that has not been dismissed within thirty (30) days (collectively, an "Event of Default"), the Capital Providers are authorized, solely to the extent permitted under the Subordination Agreement, to exercise applicable remedies available to them in the Capital Provision Agreement and the Security Agreement without further application to or order of the Court. The Remedies Notice Period shall run concurrently with any notice period provided for under the Transaction Documents; and it is further

**ORDERED**, (a) that after the delivery of the written notice commencing the Remedies Notice Period, the Capital Providers shall not be required to advance any additional Capital Amounts without further Order of this Court, (b) subject to the rights, interests and remedies of the DIP Lenders pursuant to the Litigation Cost Advance Agreement, the Settlement Agreement, the Third Amended Avoidance Action Trust Agreement, and the Subordination Agreement, the Capital Providers may, solely to the extent permitted under the Subordination Agreement, exercise remedies available to them under the Transaction Documents if the Avoidance Action Trust or the Avoidance Action Trust Administrator have not obtained an order from this Court to the contrary prior to the expiration of the Remedies Notice Period, and (c) the issues at any hearing to obtain any relief under clause (b) of this paragraph shall be limited to (i) whether or

not an Event of Default has occurred and is continuing under the Transaction Documents and (ii) whether any proposed exercise of remedies by the Capital Providers is permitted under the Subordination Agreement; and it is further

**ORDERED**, the Capital Providers shall not be authorized, nor shall they be deemed, to control or direct in any manner whatsoever the method, manner and/or timing of the Avoidance Action Trust's actions in prosecuting, pursuing, negotiating and/or settling the Term Loan Avoidance Action or any contested matter, civil action, adversary proceeding or other matter of litigation to which the Avoidance Action Trust is a party; and it is further

**ORDERED**, that pursuant to Sections 6.1(b)(ii) and (iii) of the Second Amended Avoidance Action Trust Agreement, the Avoidance Action Trust and the Avoidance Action Trust Administrator are permitted to use $1,750,759.93 in Settlement Holdback to fund necessary fees, costs and expenses of the Avoidance Action Trust; and it is further

**ORDERED**, that in the event of any conflicting terms between the Third Amended Avoidance Action Trust Agreement and the Transaction Documents, the Third Amended Avoidance Action Trust Agreement shall govern and control; and it is further

**ORDERED**, that in the event of any conflicting terms between this Order and the Settlement Agreement, the Settlement Agreement shall govern and control; and it is further

**ORDERED**, that this Order shall be effective immediately upon entry; and it is further

[*Remainder of page intentionally left blank*]

**ORDERED,** that the Court shall retain jurisdiction to hear and determine any and all matters concerning this Order.

**IT IS SO ORDERED.**

Dated: June 29, 2017
      New York, New York

                                          **_/s/ Martin Glenn_**
                                             MARTIN GLENN
                                  United States Bankruptcy Judge