```
                      UNITED STATES BANKRUPTCY COURT
                       SOUTHERN DISTRICT OF NEW YORK


                                    .   Case No. 09-50026-mg
 IN RE:                             .   Chapter 11
                                    .
 MOTORS LIQUIDATION COMPANY,        .   (Jointly administered)
 et al., f/k/a GENERAL              .
 MOTORS CORP., et al,               .   One Bowling Green
                                    .   New York, NY 10004
             Debtors.               .
                                    .   Wednesday, July 5, 2017
 . . . . . . . . . . . . . . . .    .   2:07 p.m.


      TRANSCRIPT OF MOTION TO EXTEND TIME TO APPEAL THE COURT'S
          MEMORANDUM OPINION AND ORDER, DATED JUNE 7, 2017
                   (CC: DOC# 13963, 13959, 13974)
                 BEFORE THE HONORABLE MARTIN GLENN
                UNITED STATES BANKRUPTCY COURT JUDGE


 APPEARANCES:

 For New General Motors:    King & Spalding LLP
                            By:  ARTHUR STEINBERG, ESQ.
                            1185 Avenue of the Americas
                            New York, New York 10036-4003
                            (212) 556-2158

 For Certain Personal       Goodwin Procter LLP
 Injury Plaintiffs:         By:  GREGORY W. FOX, ESQ.
                            The New York Times Building
                            620 Eighth Avenue
                            New York, NY 10018
                            (212) 459-7348

 APPEARANCES CONTINUED

 Audio Operator:            F. Ferguson, ECRO


 Transcription Company:     Access Transcripts, LLC
                            10110 Youngwood Lane
                            Fishers, IN 46038
                            (855) 873-2223
                            www.accesstranscripts.com


         Proceedings recorded by electronic sound recording,
            transcript produced by transcription service.
```

```
APPEARANCES (Continued):

For the GUC Trust:        Gibson Dunn
                          By:  GABRIEL K. GILLETT, ESQ.
                          200 Park Avenue
                          New York, NY 10166-0193
                          (212) 351-4000

For Certain Economic      Brown Rudnick
Loss Plaintiffs:          By:  JILL L. FORSTER, ESQ.
                          7 Times Square
                          New York, NY 10036
                          (212) 209-4903
```

1       (Proceedings commence at 2:07 p.m.)
2              THE COURT:  All right.  Please be seated.  We're here
3  in Motors Liquidation, 09-50026.
4              MR. STEINBERG:  Can we approach the table, Your
5  Honor.
6              THE COURT:  Yeah, please.  And let me get the
7  appearances, please, Mr. Steinberg.
8              MR. STEINBERG:  Arthur Steinberg from King & Spalding
9  on behalf of New General Motors.
10             THE COURT:  Anybody else making an appearance?
11             MR. FOX:  Greg Fox, Goodwin Procter, on behalf of
12 certain personal injury plaintiffs.
13             MS. FORSTER:  Jill Forster from Brown Rudnick on
14 behalf of certain economic loss plaintiffs.
15             MR. GILLETT:  Gabriel Gillett from Gibson, Dunn &
16 Crutcher on behalf of the GUC Trust.
17             THE COURT:  Okay.  Go ahead, Mr. Steinberg.
18             MR. STEINBERG:  Your Honor, we filed a motion to
19 extend the time period to appeal Your Honor's June 7 decision
20 relating to Pitterman, and it was really done because we
21 thought that when Your Honor ultimately rules on all of the
22 threshold issues, it would be -- from a case management
23 perspective, it would be better if it all went at the same
24 time.
25             THE COURT:  I agree.  I shouldn't make any promises,

1  but I hope to issue a ruling on all but one of the threshold
2  issues next week, that one being the late claim issue, which
3  may never have to be ruled on by the Court.  Would I would
4  contemplate, Mr. Steinberg -- I'm not going to get into the
5  issue of whether what I did is final or not final or whatever.
6  I'll leave that to another court to decide.  But I would -- I'm
7  prepared to enter an order providing that the parties have 14
8  days after the Court's ruling on additional 2016 threshold
9  issues to appeal or seek leave to appeal.
10             MR. STEINBERG:  We --
11             THE COURT:  Because I agree.  If there's an appeal,
12 already one from -- there may be -- both sides may be
13 appealing, I don't know.
14             MR. STEINBERG:  And towards that end, Your Honor, you
15 may have noticed that we did have a hearing last Thursday on
16 the pyramid motion --
17             THE COURT:  Right.
18             MR. STEINBERG:  -- to enforce.  If we -- we have been
19 trading some language on the proposed order, but I would like
20 to be able to include that same type of paragraph in the last
21 Thursday motion so that if anybody chooses to appeal that order
22 that would be entered as a result of the last Thursday hearing,
23 which also relates to Pitterman, it all goes up at the same
24 time.
25             THE COURT:  Sure.  What's -- have you been back

1  before Judge Hall or HA: she decided what's happening?  Is the
2  case going to trial this week -- next week?
3          MR. STEINBERG:  The case is scheduled to go to trial
4  tomorrow.
5          THE COURT:  Okay.
6          MR. STEINBERG:  Before I came here today, I was
7  reviewing some of the instructions that they wanted to give to
8  the jury, so unless the thing resolves itself after one o'clock
9  today, I think the matter is going to trial tomorrow.
10         THE COURT:  Okay.  All right.
11         MR. STEINBERG:  And I think that --
12         THE COURT:  I was just surprised that I hadn't seen
13 an order yet based on the ruling that I did orally from the
14 bench.  I assumed that Judge Hall was told what happened and --
15         MR. STEINBERG:  Well, we did -- Your Honor's
16 transcript was fairly short on Thursday, and so we did get the
17 transcript on Friday.  We drafted an order, and we provided the
18 transcript to the trial counsel on both sides.  So we provided
19 it to Mr. Hirsch, and I think that will -- either one of them
20 is going to give it to Judge Hall.  I will say, Your Honor,
21 just for whatever it's worth, in reviewing the full transcript
22 as compared to what we had attached to our reply, which was
23 just her ruling, she did say some very nice things about Your
24 Honor.  And so to the extent that we didn't give you the full
25 transcript, you missed the opportunity to say that she thought

1  you were a very good judge and a very nice man.
2          THE COURT:  I only have nice things to say about her,
3  too, and it's not because she apparently said nice things about
4  me.  I think very highly of Judge High.
5          MR. STEINBERG:  Your Honor, I think we have a little
6  greater crowd today in connection with something that was
7  spurred by the letter that I wrote to Your Honor this morning
8  on the fact that we still don't have an oral argument scheduled
9  for the late claims motion.  When we argued the other four
10 threshold issues on May 16th, I think Your Honor said that they
11 had to give you a report.  Of course, Mr. Weisfelner had stood
12 up and said he thought he can resolve it in 30 days.  The
13 report that was filed in the middle of June was, we're not
14 there yet, but we'll give you a report at the end of the month,
15 in the next two weeks.  And so last Friday, another letter was
16 filed that basically says, we're still discussing settlement,
17 and there was no control date that was attached.  It just says,
18 we're attach -- we're discussing settlement.
19         So we had written a letter this morning saying that
20 we believe that under these circumstances, seven weeks from the
21 oral argument, that with respect to the late claims threshold
22 issues, probably makes sense to schedule the oral argument.
23 And I have a feeling that counsel are here today because they
24 want to be able to address that issue to Your Honor.  So I
25 think whatever we had to say on that issue is actually

1  expressed in the letter, and I don't have anything more, but I
2  think someone else may want to say something.
3              THE COURT:  Okay.  Thank you, Mr. Steinberg.
4              Anybody else want to be heard?
5              MR. FOX:  Good afternoon, Your Honor.  Greg Fox from
6  Goodwin Procter on behalf of certain personal injury
7  plaintiffs.  My only report, I did see Mr. Steinberg's letter
8  this morning.  I'm aware that discussions are continuing,
9  ongoing regularly and that progress is being made, but that a
10 deal has not yet been reached, but that those discussions would
11 -- you know, if that deal came together, it would resolve the
12 motion, so the parties are not -- don't believe it's the best
13 use of resources at this time to prepare for oral argument.
14             THE COURT:  Let me say, I received a call on Friday
15 from Magistrate Judge James Cott.  I returned the call, and
16 Magistrate Judge Cott and I had a very brief telephone
17 conversation.  First, he told me that he is the magistrate
18 judge who has been assigned to the MDL and has been working
19 with Judge Furman.  He told me that he had been contacted -- he
20 didn't tell me which counsel -- which of the specific counsel,
21 I didn't ask which specific counsel -- to seek his help as a
22 mediator with respect to a possible settlement of the late
23 claim issues.  And I think he told me that Judge Furman
24 suggested that he call me to let me know that he had been
25 asked.  I told Magistrate Judge Cott that I had no objection at

1  all and encouraged him, if he and Judge Furman believed it
2  appropriate, to attempt to facilitate as a magistrate judge,
3  and I gather he has been involved in settlement negotiations in
4  other specific cases in MDL.
5      And that was the sum and substance of the
6  conversation.  He wanted to be sure I had no objection to his
7  doing it.  I assured him I had no objection.  I think at one of
8  the prior hearings, I inquired whether -- at one of the prior
9  hearings here, I inquired whether counsel had sought to attempt
10 to resolve it through mediation if necessary.  So there had
11 been some colloquy.  Then, I did have the letter, I guess from
12 plaintiff's counsel, that indicated they were making progress.
13     So I'm not going to set a date at this stage for oral
14 argument on the late claim motion.  I don't know -- I think
15 Magistrate Judge Cott told me at that point, he had not met
16 with any of the counsel involved at that point, and I don't
17 know that he had a specific date scheduled.  I don't get
18 involved in settlement negotiations in any matter in which I
19 may have to be -- make any determination of fact, and that's
20 certainly true with respect to the late claim motion.  The only
21 thing I ask is that counsel involved, I would say within about
22 a month, just provide the Court with a very brief status letter
23 indicating not -- certainly not the details.  If you've reached
24 a agreement in principle, settle, and contemplate a motion
25 being made in the Court, you can certainly let me know that.  I

1  don't want to know -- you know, I'm certainly not going to get
2  involved in any of the settlement negotiations.
3           So -- but I try to be transparent about it, and I did
4  have that conversation with him on Friday afternoon.  Okay?
5           MR. FOX:  Thank you, Your Honor.
6           THE COURT:  I guess at the same time, I would ask --
7  I think about a month would be the appropriate time that I
8  would like to at least get a report on where things stand.  I
9  may decide then to schedule argument on it.
10          Mr. Steinberg, is all the discovery completed?  I
11 guess -- well, the letter I received said that because of
12 progress in settlement, there hadn't been any.  I don't know
13 whether there hadn't been any discovery or discovery efforts
14 had ceased at that point.
15          MR. STEINBERG:  Your Honor, I'm not aware of what is
16 going on with the magistrate judge.  It may be that New General
17 Motors is not involved and they're looking to have the
18 mediation between the GUC Trust and the plaintiffs to try to
19 resolve just the late claims issue, which will obviously have
20 ramifications and concerns for New General Motors.  We do have
21 an MDL conference tomorrow, and they are starting another
22 bellwether trial the following week.  So maybe there will be
23 some further elucidation at that conference, and to the extent
24 that there's a transfer from the MDL conference that relates to
25 this issue, we'll provide it to Your Honor.

1    Best as we can say now is that if Your Honor is
2 saying that you're imposing a control date similar to what you
3 had done in May, that people respond 30 days from today to give
4 you a status report and then you'll set the oral argument, if
5 you want to at that point in time.  That is --
6    THE COURT:  Yeah.  And if there are developments
7 obviously before then, people don't have to wait 30 days to
8 give me a status report, but within the 30 days, I would like a
9 status report.
10    MR. STEINBERG:  Your Honor, just to be transparent,
11 and a concern that New General Motors have is that, you know,
12 what's before Judge Furman is a successor liability motion.
13 One of the elements of successor liabilities is the ability to
14 assert a claim against a seller as compared to just a
15 purchaser, and there was a concern that the delay in getting
16 this to an oral argument was somewhat strategic, as a lot of
17 things that have happened in this case.
18    THE COURT:  I --
19    MR. STEINBERG:  But they say they're actively
20 negotiating a settlement.  I take them at their word on it, and
21 we're prepared to live --
22    THE COURT:  Well, look, as I understand it,
23 Mr. Steinberg, Judge Furman has before him a pending motion or
24 motions dealing with successor liability issues, and I make
25 clear that I want to tread very carefully so as not to deal

1  with any of the issues -- successor liability issues that
2  Judge Furman is dealing with, but I -- and I think Your Honor
3  had forwarded me copies of the letter briefs they were going to
4  file with Judge Furman.  I don't know whether it was all of
5  them, but certainly I saw the arguments that were being made
6  before Judge Furman.  I know he has motions pending before him.
7  When I issued my ruling on Pitterman, it applied more than just
8  Pitterman.  That's why all counsel were listed.  It was
9  certainly one of the threshold issues from the 2016 threshold
10 issues.  I sent a copy of it to Judge Furman.  Others may have
11 done that directly, but I sent a copy to Judge Furman, as well.
12 I didn't believe that anything that I decided trenched on
13 anything that he had before him, but -- so --

14         MR. STEINBERG:  Your Honor, I think for purposes of
15 today's hearing, I don't think it behooves me to talk further
16 about why we have this additional concern.  I think the parties
17 have represented to you that they've actively engaged in
18 settlement discussions and that they would need some --

19         THE COURT:  Well, you saw the letter.  They filed a
20 letter with me.  They indicated that -- they filed a letter on
21 the docket here indicating what was happening.

22         MR. STEINBERG:  Right.  And so we're prepared to wait
23 for the -- see if there's a settlement, no settlement, or an
24 updated status report in 30 days.  Thank you.

25         THE COURT:  And I guess -- so just to circle back,

1  what I would ask you to do is submit a proposed order extending
2  your time to file the notice of appeal or seek leave to appeal
3  with respect to 2016 threshold issues.  It's my hope to issue a
4  ruling on everything other than the late claim motion by next
5  week.
6            MR. STEINBERG:  Your Honor, there's -- I think the
7  rules --
8            THE COURT:  And I would just -- just to finish up.
9  So what I contemplate doing was giving you 14 days from the
10 time that I rule -- next rule.
11           MR. STEINBERG:  Okay.  Thank you.
12           THE COURT:  Okay. Anything else anybody have?  Okay.
13 Thanks very much.  We're adjourned.
14      (Proceedings concluded at 2:22 p.m.)
15                          * * * * *

**C E R T I F I C A T I O N**

I, Alicia Jarrett, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____

ALICIA JARRETT, AAERT NO. 428    DATE:  July 26, 2017

ACCESS TRANSCRIPTS, LLC