**OBJECTION DEADLINE:  August 14, 2017 at 5:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME:  August 22, 2017 at 11:00 a.m. (Eastern Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222
Arthur Steinberg, Esq.
Scott Davidson, Esq.

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                                            :          Chapter 11
                                                                     :
MOTORS LIQUIDATION COMPANY, *et al.*,     :          Case No.: 09-50026 (MG)
           f/k/a General Motors Corp., *et al.*       :
                                                                     :          (Jointly Administered)
                              Debtors.                      :
------------------------------------------------------------x

### NOTICE OF MOTION BY GENERAL MOTORS LLC TO ENFORCE THE BANKRUPTCY COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION AND THE RULINGS IN CONNECTION THEREWITH, WITH RESPECT TO THE REICHWALDT PLAINTIFF

PLEASE TAKE NOTICE that upon the annexed Motion, dated July 28, 2017 (the "**Motion**"),[1] of General Motors LLC ("**New GM**"), seeking the entry of an order to enforce the Sale Order and Injunction, entered by the Bankruptcy Court on July 5, 2009, and the Bankruptcy Court's

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

rulings in connection therewith, with respect to the Reichwaldt Plaintiff, a hearing will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 22, 2017 at 11:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036 (Attn: Arthur Steinberg and Scott Davidson), and (ii), Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, (Attn: Richard C. Godfrey and Andrew B. Bloomer, P.C.) so as to be received no later than **August 14, 2017, at 5:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no responses or objections are timely filed and served with respect to the Motion, New GM may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
     July 28, 2017

Respectfully submitted,


\_\_/s/ Arthur Steinberg\_\_\_
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for General Motors LLC*

**OBJECTION DEADLINE: August 14, 2017 at 5:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME: August 22, 2017 at 11:00 a.m. (Eastern Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **MOTORS LIQUIDATION COMPANY**, *et al.*, | : | Case No.:  09-50026 (MG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

----------------------------------------------------------------x


**MOTION BY GENERAL MOTORS LLC TO ENFORCE THE BANKRUPTCY COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION AND THE RULINGS IN CONNECTION THEREWITH, WITH RESPECT TO THE REICHWALDT PLAINTIFF**

# TABLE OF CONTENTS

**Page**

**PRELIMINARY STATEMENT** ....................................................................................... 1

**BACKGROUND FACTS** .............................................................................................. 4

    A.    Sale Order and Injunction; June 2015 Judgment; and Second Circuit
        Opinion ................................................................................................. 4

    B.    The November 2015 Decision/December 2015 Judgment ..................................... 5

    C.    The December 2016 Show Cause Order, and the June 2017 and July 2017
        Opinions ................................................................................................ 6

    D.    The Reichwaldt Lawsuit ......................................................................... 8

**BASIS FOR RELIEF** ................................................................................................ 12

    A.    Reichwaldt Is Bound by the Rulings in the June 2017 and July 2017
        Opinions ............................................................................................... 12

    B.    Reichwaldt Has Not Asserted Valid Independent Claims ................................... 13

    C.    Reichwaldt Cannot Seek Punitive Damages Against New GM ........................... 16

    D.    The Reichwaldt Complaint Contains Allegations That Are Expressly
        Barred by the December 2015 Judgment ...................................................... 18

**NOTICE** ............................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Burton v. Chrysler Grp. LLC (In re Old Carco LLC)*,
  492 B.R. 392 (Bankr. S.D.N.Y. 2013) ...............................................................................15, 16

*Celotex Corp. v. Edwards*,
  514 U.S. 300 (1995) ............................................................................................................3, 12

*Holland v. FCA US LLC*,
  Case No. 1:15CV 121, 2015 WL 7196197 (N.D. Ohio Nov. 16, 2015) ..................................16

*In re Gen. Motors Corp.*,
  407 B.R. 463 (Bankr. S.D.N.Y. 2009), *aff'd in part, vacated in part, reversed
  in part*, 829 F.3d 135 (2d Cir.), *cert. denied*, 137 S.Ct. 1813 (2017) ........................................4

*In re Motors Liquidation Co.*,
  513 B.R. 467 (Bankr. S.D.N.Y. 2014) ....................................................................................12

*In re Motors Liquidation Co.*,
  541 B.R. 104 (Bankr. S.D.N.Y. 2015) ...........................................................................5, 15, 16

*In re Motors Liquidation Co.*,
  Case No. 09-50026 (MG), 2017 WL 2457881 (Bankr. S.D.N.Y. June 7, 2017).......7, 8, 13, 15

*In re Motors Liquidation Co.*,
  Case No. 09-50026 (MG), 2017 WL 2963374 (Bankr. S.D.N.Y. July 12,
  2017) .....................................................................................................................8, 13, 16, 17

*In re Motors Liquidation Co.*,
  829 F.3d 135 (2d Cir. 2016) ...........................................................................................5, 7, 13

*Trusky v. Gen. Motors LLC (In re Motors Liquidation Co.)*, Adv. Proc. No. 09-
  09803 (REG), 2013 WL 620281, at *2 (Bankr. S.D.N.Y. Feb. 19, 2013) ..........................4, 14

General Motors LLC ("**New GM**"), by its undersigned counsel, submits this motion to enforce ("**Reichwaldt Motion to Enforce**") the Order entered by the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**" or "**Court**") on July 5, 2009 ("**Sale Order and Injunction**") that approved the sale of assets from Motors Liquidation Company (f/k/a General Motors Corporation) ("**Old GM**") to New GM,[1] and the related decisions, opinions and judgments entered by the Court, to enjoin plaintiff ("**Reichwaldt**" or "**Plaintiff**") and her counsel in the lawsuit ("**Reichwaldt Lawsuit**") captioned *Kaitlyn Reichwaldt v. General Motors LLC* pending in the United States District Court for the Northern District of Georgia ("**Georgia Court**"), Case No. 16-02171, from proceeding with certain allegations, claims and requests for damages contained in the *Complaint for Personal Injury and Punitive Damages* ("**Reichwaldt Complaint**").[2]

## **PRELIMINARY STATEMENT**[3]

1.      The continued prosecution of the Reichwaldt Lawsuit, in its present form, violates the Sale Order and Injunction, and other applicable Bankruptcy Court rulings.  Reichwaldt is seeking recovery against New GM based on a post-363 Sale accident involving a 1984 Model Year Chevrolet truck.[4]  With reference to the Sale Order and Injunction and related decisions,

---

[1]   The full title of the Sale Order and Injunction is *Order (i) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (ii) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (iii) Granting Related Relief*.  A copy of the Sale Order and Injunction, and the accompanying Sale Agreement (as defined herein), is attached hereto as **Exhibit "A."**

[2]   A copy of the Reichwaldt Complaint is attached hereto as **Exhibit "B."**

[3]   Capitalized terms not otherwise defined in this Preliminary Statement are defined in later sections of this Reichwaldt Motion to Enforce.

[4]   Based on definitions established in other decisions, the Old GM vehicle at issue in the Reichwaldt Lawsuit is ***not*** a Subject Vehicle with the Ignition Switch Defect.  While Reichwaldt may assert Assumed Liabilities against New GM pursuant to the Sale Order and Injunction, New GM disputes that it is liable to Reichwaldt for any of the state law causes of action and/or claims asserted in the Reichwaldt Complaint.

Plaintiff is asserting both Assumed Liabilities and purported Independent Claims. Reichwaldt seeks punitive damages under both categories of claims.

2.      The alleged Independent Claims and punitive damages claims, as explained below, are inconsistent with the Sale Order and Injunction, and this Court's June 7 and July 12, 2017 Opinions. Moreover, the Reichwaldt Complaint contains allegations that improperly attribute actions to a generic "GM," and not specifically to either Old GM or New GM. As noted in the June 7, 2017 Opinion with respect to the similarly-situated Pitterman Plaintiffs, these types of infirmities must be addressed before the non-bankruptcy lawsuit can proceed.

3.      Counsel for Reichwaldt (the Butler Wooten law firm) has been on notice of numerous proceedings relating to the enforcement of the Sale Order and Injunction. Mr. Weintraub from the Goodwin Proctor law firm has made frequent appearances in this Court in 2016 and 2017 on motion to enforce issues for the Butler Wooten firm. Mr. Butler himself addressed the Court in connection with the June 2016 Motion to Enforce on behalf of his client, Veronica Fox.[5] Importantly, the Butler Wooten firm was served with this Court's Order to Show Cause, dated December 13, 2016 ("**December 2016 Show Cause Order**"), specifically on behalf of Reichwaldt.

4.      The December 2016 Show Cause Order set forth certain threshold issues ("**2016 Threshold Issue**")[6] and procedures related to enforcement of the Sale Order and Injunction.

---

[5]    After the hearing on the June 2016 Motion to Enforce, Fox entered into a stipulation, which was so-ordered by the Court [*see* ECF No. 13679], wherein she agreed to amend her complaint to remove allegations, claims and request for damages that New GM contended contravened the Sale Order and Injunction, including striking her request for punitive damages.

[6]    The 2016 Threshold Issues were, in summary: (1) who is an "Ignition Switch Plaintiff" and who is a "Non-Ignition Switch Plaintiff" as those terms are used in certain rulings; (2) which categories of plaintiffs may bring Independent Claims against New GM, and whether the Bankruptcy Court should have an ongoing role in ensuring that plaintiffs not violate the Sale Order and Injunction; (3) what rights do Used Car Purchasers have against New GM; and (4) can Post-Closing Accident Plaintiffs seek punitive damages against New GM based on successor liability. The fifth 2016 Threshold Issue is undecided and relates to motions seeking authority to file late proofs of claim against Old GM.

The Butler Wooten law firm did not object to those procedures, binding Reichwaldt to the Court's rulings relating to the 2016 Threshold Issues. Likewise, with regard to the merits, Goodwin Proctor filed a brief on the 2016 Threshold Issues on behalf of, among others, clients of the Butler Wooten law firm.

5.      Before the instant motion was filed, New GM informed Reichwaldt's counsel of the pleading infirmities and requested that the subject complaint be amended in conformity with this Court's rulings. He responded that he might consider amending the complaint to address certain pleading deficiencies, but that he intended to proceed with her punitive damage request and, if necessary, re-litigate punitive damage issues (already decided by this Court) in the Georgia Court. To this day, Reichwaldt continues to actively press for punitive damage discovery in the Georgia Court, and refuses to defer any punitive damage discovery to allow this Court to consider the important Sale Order and Injunction issues raised herein.

6.      A party subject to an injunction does not have the option simply to proceed in another court as if the injunction had not been issued. As the United States Supreme Court explained in *Celotex Corp. v. Edwards*, the rule is "well-established" that "'persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order.'" 514 U.S. 300, 306 (1995). Here, the continuation of the Reichwaldt Lawsuit without regard to and in violation of existing and recent Bankruptcy Court rulings constitutes a violation of the Sale Order and Injunction.

7.      This Court should therefore enjoin Reichwaldt from proceeding with the Reichwaldt Complaint, including without limitation the improper claims for punitive damages,

until it is amended so that it is in full compliance with controlling federal court rulings and orders.

## BACKGROUND FACTS

A.    **Sale Order and Injunction; June 2015 Judgment; and Second Circuit Opinion**

8.    On the same day it filed for bankruptcy (June 1, 2009), Old GM filed a motion to sell substantially all of its' assets to New GM. *See In re Gen. Motors Corp.*, 407 B.R. 463, 473 (Bankr. S.D.N.Y. 2009), *aff'd in part, vacated in part, reversed in part*, 829 F.3d 135 (2d Cir.), *cert. denied*, 137 S.Ct. 1813 (2017). The Sale Order and Injunction was entered on July 5, 2009, and the sale ("**363 Sale**") closed on July 10, 2009. Under the Sale Agreement, New GM assumed Product Liabilities for Old GM vehicles (*i.e.*, claims arising out of post-363 Sale accidents). *See* Sale Agreement, § 2.3(a), as amended. Certain of Reichwaldt's claims fall within the definition of assumed Product Liabilities; others do not.

9.    The Sale Order and Injunction provides that, except for Assumed Liabilities, New GM is not liable for claims based on Old GM conduct, including successor liability claims. *See, e.g.* Sale Order and Injunction, ¶ AA; *Trusky v. Gen. Motors LLC (In re Motors Liquidation Co.)*, Adv. Proc. No. 09-09803 (REG), 2013 WL 620281, at *2 (Bankr. S.D.N.Y. Feb. 19, 2013). Paragraph 71 of the Sale Order and Injunction affirms the Bankruptcy Court's exclusive jurisdiction over matters regarding the 363 Sale.

10.    In 2014, New GM announced a number of recalls relating to Old GM vehicles. Thereafter, lawsuits were filed against New GM asserting personal injury and economic loss claims allegedly arising from defects in Old GM vehicles. New GM filed three motions to enforce the Bankruptcy Court's Sale Order and Injunction. On June 1, 2015, the Bankruptcy Court entered its Judgment [ECF No. 13177] ("**June 2015 Judgment**") holding, among other

things, that the Sale Order and Injunction would be modified because Ignition Switch Plaintiffs[7]

(but not other plaintiffs, such as Reichwaldt) established a due process violation (and were

prejudiced) in connection with Old GM's notice of the 363 Sale.  As a result, Ignition Switch

Plaintiffs were allowed to assert Independent Claims against New GM.

11.     After an appeal of the June 2015 Judgment, the Second Circuit Court of Appeals

("**Second Circuit**") entered an Opinion on July 13, 2016 ("**Second Circuit Opinion**") wherein it

ruled that, because of a due process violation committed by Old GM, Ignition Switch Plaintiffs

would not be bound by the Sale Order and Injunction.  The Second Circuit defined Independent

Claims as those "sorts of claims [that] are based on New GM's *post*-petition conduct, and are not

claims that are based on a right to payment that arose before the filing of petition or that are

based on pre-petition conduct."  *In re Motors Liquidation Co.*, 829 F.3d 135, 157 (2d Cir. 2016)

(emphasis in original).

**B.      The November 2015 Decision/December 2015 Judgment**

12.     After the June 2015 Judgment, but before the Second Circuit Opinion, the

Bankruptcy Court made further rulings (a decision dated November 9, 2015 ("**November 2015**

**Decision**")[8] and a Judgment dated December 4, 2015 [ECF No. 13563] ("**December 2015**

**Judgment**")) relating to the enforcement of the Sale Order and Injunction.  Pursuant to the

December 2015 Judgment, the Bankruptcy Court ruled that, *inter alia*, (a) New GM did not

contractually assume liability for punitive damages based on Old GM knowledge or conduct, or

---

[7]     The June 2015 Judgment defines the term Ignition Switch Plaintiffs as those plaintiffs who assert claims against New GM based on the first three ignition switch recalls issued by New GM in February/March 2014.  *See* June 2015 Judgment, at 1 n.1.  Reichwaldt is not an "Ignition Switch Plaintiff."

[8]     The November 2015 Decision is published at *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015).

anything else that took place at Old GM (December 2015 Judgment, ¶ 6); and (b) certain types of allegations could not be asserted against New GM.[9]

**C.**    **The December 2016 Show Cause Order, and the June 2017 and July 2017 Opinions**

13.    On December 13, 2016, this Court entered the December 2016 Show Cause Order, identifying the 2016 Threshold Issues that the Bankruptcy Court would address, and the procedures for resolving same.  Reichwaldt's counsel (Butler Wooten) was timely served with the December 2016 Show Cause Order.[10]

14.    The December 2016 Show Cause Order conspicuously stated that plaintiffs served with that Order would be bound by the Court's rulings on the 2016 Threshold Issues:

> **UNLESS THE COURT RULES OTHERWISE WITH RESPECT TO ANY TIMELY FILED AND SERVED OBJECTION, THE TERMS OF THIS ORDER TO SHOW CAUSE AND THE RULINGS MADE BY THE COURT WITH RESPECT TO THE 2016 THRESHOLD ISSUES SET FORTH HEREIN WILL BE BINDING ON THE NOTICE PARTIES AND ALL PERSONS/ENTITIES (INCLUDING WITHOUT LIMITATION PLAINTIFFS) RECEIVING NOTICE OF THIS ORDER TO SHOW CAUSE VIA FIRST CLASS MAIL.**

December 2016 Show Cause Order, at 1 (emphasis in original).  Reichwaldt did not file any objections to these procedures.

---

[9]    Under the December 2015 Judgment, plaintiffs are prohibited, *inter alia*, from making (i) "[a]llegations that do not distinguish between Old GM and New GM (*e.g.*, referring to 'GM' or 'General Motors') . . ." (December 2015 Judgment, ¶ 17; and (ii) "[a]llegations that allege or suggest that New GM manufactured or designed an Old GM Vehicle, or performed other conduct relating to an Old GM Vehicle before the Sale Order . . ." (*id.*, ¶ 18).  Complaints "containing such allegations are and remain stayed, unless and until they are amended consistent with the Decision and this Judgment."  *Id.*, at ¶¶ 17, 18.

[10]    *See Certificate of* Service, dated December 21, 2016 [ECF No. 13804], at 69 (listing the Reichwaldt Lawsuit); *see also* Letter, dated December 16, 2016 ("**December 2016 Service Letter**"), from Scott Davidson to Butler Wooten, as counsel for Reichwaldt, attaching the December 2016 Show Cause Order.  A copy of the December 2016 service Letter is attached hereto as **Exhibit "C."**  As discussed below, Reichwaldt admits that she was served with the December 2016 Show Cause Order.

15.    In connection with the 2016 Threshold Issues, the clients of Butler Wooten (which included Reichwaldt) were represented by Goodwin Procter.[11]

16.    On June 7, 2017, the Court decided Threshold Issue No. 2 via its *Memorandum Opinion And Order Granting In Part New GM's Motion To Enforce Sale Order Against The Pitterman Plaintiffs And Resolving 2016 Threshold Issue Two: Whether Non-Ignition Switch Plaintiffs Are Barred From Asserting Independent Claims Against New GM* [ECF No. 13959]("**June 2017 Opinion**").[12]    While the June 2017 Opinion provides that Post-Closing Accident Plaintiffs (*e.g.*, Reichwaldt) can assert independent claims against New GM, this Court followed Second Circuit guidance and held:

> The Court emphasizes that its analysis here applies only to claims based solely on *New GM's alleged wrongful conduct*.  It is not acceptable . . . **to base allegations on generalized knowledge of both Old GM and New GM**.  To pass the bankruptcy gate, **a complaint must clearly allege that its causes of action are based solely on New GM's post-closing wrongful conduct**."

June 2017 Opinion, 2017 WL 2457881, at *10 (italicized emphasis in original; italicized and bold emphasis added); *see also Motors Liquidation Co.*, 829 F.3d at 157 ("By definition, independent claims are claims based on New GM's own post-closing wrongful conduct. . . . These sorts of claims are based on New GM's *post*-petition conduct, and are not claims that are based on a right to payment that arose before the filing of petition or that are based on pre-petition conduct.").  Deciding whether a similar complaint properly stated an Independent Claim, this Court held that "certain of the Pitterman Plaintiffs' claims do not sufficiently distinguish

---

[11]    *See Plaintiffs' Joint Opening Brief on the 2016 Threshold Issues*, dated February 27, 2017 [ECF No. 13866] ("**Plaintiffs' Joint Opening Brief**"), at 1 (stating that the brief was filed on behalf of, among others, "those Post-Closing Accident Plaintiffs represented by the following law firms (i) Butler Wooten & Peak LLP . . ."); *see also Notice of Appearance and Request for Service of Documents*, filed by Goodwin Proctor on June 20, 2016 [ECF No. 13641], on behalf of, among others, Butler Wooten & Peak LLP; this Notice of Appearance was not qualified in any way.

[12]    The June 2017 Opinion is published at *In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2457881 (Bankr. S.D.N.Y. June 7, 2017).

between conduct of Old GM or New GM.  Those claims cannot go forward against New GM as drafted." June 2017 Opinion, 2017 WL 2457881, at *1 n.1.

17.     In addition, the Court confirmed that it would continue to be the gatekeeper to review complaints to determine if they violate the Sale Order and Injunction and/or other Bankruptcy Court rulings.  *See* June 2017 Opinion, 2017 WL 2457881, at *3 ("The Court's role, then, is a 'gatekeeper' role.  It should be the court to decide what claims and allegations should get through the 'gate,' under the Sale Order and this Court's prior decisions." (citations omitted)).

18.     Thereafter, on July 12, 2017, this Court entered another Opinion, which addressed 2016 Threshold Issues Nos. 1, 3 and 4.  *See In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2963374 (Bankr. S.D.N.Y. July 12, 2017) ("**July 2017 Opinion**").  In the July 2017 opinion, the Court affirmed that "truly Independent Claims" are "claims based solely on wrongful post-closing conduct of New GM . . . ." *Id* at *2 n.2.  The Court also held that "Post-Closing Accident Plaintiffs may not assert claims against New GM for punitive damages based on conduct of Old GM."  *Id.* at *11; *see also* December 2015 Judgment,¶ 6.  In addition, the Court ruled in the July 2017 Opinion that "Judge Gerber's [December 2015] ruling therefore remains law of the case and New GM cannot be held liable for punitive damages on a contractual basis." July 2017 Opinion, 2017 WL 2963374, at *7.[13]

D.     **The Reichwaldt Lawsuit**

19.     On January 27, 2015, Reichwaldt's vehicle was struck by a 1984 Model Year Chevrolet pickup truck (*see* Reichwaldt Complaint, ¶ 4), a vehicle first manufactured, sold and

---

[13]   The July 2017 Opinion was appealed by, among others, Goodwin Proctor on behalf of "Those Certain Post-Closing Accident Plaintiffs Represented By Butler Wooten & Peak LLP, Denney & Barrett, P.C., Hilliard Muñoz Gonzales L.L.P., and Turner & Associates, P.A."  *Notice of Appeal*, dated July 26, 2017 [ECF No. 14007].

delivered by Old GM *approximately 25 years prior to the closing of the 363 Sale*.  All of the affirmative conduct alleged in the Reichwaldt Complaint with respect to the Old GM vehicle related to Old GM actions and inactions in the decades before the closing of the 363 Sale.  The Reichwaldt Complaint contains no allegations demonstrating any type of post-Sale relationship between New GM and Reichwaldt or the owner of the then 30+ year old vehicle at the time of the accident.

20.    Though the accident occurred in Nebraska, the Reichwaldt Lawsuit was commenced on May 19, 2016 in the State Court of Cobb County, Georgia.  The Reichwaldt Complaint was subsequently removed from state court to the federal Georgia Court, where it remains pending.  The counts in the Reichwaldt Complaint are (i) Negligence & Strict Liability, (ii) Reckless & Wanton Conduct, and (iii) Failure to Warn.  In addition to compensatory damages, Reichwaldt also seeks punitive damages.

21.    There is an ongoing discovery dispute between New GM and Reichwaldt in the Georgia Court, with Reichwaldt seeking to compel discovery of certain documents and information in connection with her request for punitive damages.  New GM believes that the requests are improper because Reichwaldt is seeking punitive damages on Assumed Liabilities and has not asserted valid Independent Claims against New GM that are solely based on New GM conduct.

22.    On July 14, 2017—within two days of the entry of the July 2017 Opinion—New GM sent Reichwaldt a letter ("**New GM July 14 Letter**") explaining that the Reichwaldt Complaint contains certain allegations, claims and damage requests that violate the Bankruptcy Court rulings, including the July 2017 Opinion.[14]

---

[14]    A copy of the New GM July 14 Letter is attached hereto as **Exhibit "D."**

23.     In addition, on July 17, 2017, trial counsel for New GM sought authority to file a sur-reply ("**Sur-Reply Request**")[15] in the Georgia Court in connection with Reichwaldt's motion to compel so that New GM could inform the Georgia Court about this Court's July 2017 Opinion.  In the Sur-Reply Request, New GM provided the Georgia Court with a copy of the New GM July 14 Letter, which outlines the deficiencies with the Reichwaldt Complaint.  On July 18, 2017, Reichwaldt filed with the Georgia Court a response to the Sur-Reply Request ("**Reichwaldt Response**").[16]  On July 20, 2017, New GM filed a reply with the Georgia Court ("**New GM Reply**"),[17] responding to the Reichwaldt Response and providing further support for the Sur-Reply Request.

24.     By letter dated July 20, 2017 ("**Reichwaldt July 20 Letter**"),[18] Reichwaldt responded to the New GM July 14 Letter.  While  disputing the issues raised in the New GM July 14 Letter, she agreed to consider amending the Reichwaldt Complaint to address certain unspecified deficiencies, but continued to assert that punitive damages can be obtained against New GM, as follows:

> We also disagree with your premise that GM LLC did not assume liability for punitive damages and that the punitive damages assumption issue has actually been fully litigated as to Kaitlyn Reichwaldt in the bankruptcy action.  Ms. Reichwaldt had not even filed a case against GM LLC when the bankruptcy court entered its Order with regard to the assumption of punitive damages and clearly did not take part in those proceedings.  If and when GM LLC files a motion as to Ms. Reichwaldt, she will then test GM LLC's assertion that it did not assume liability for punitive damages, in the bankruptcy court and on appeal if necessary.

Reichwaldt July 20 Letter, at 1.

---

[15]    A copy of the Sur-Reply Request is attached hereto as **Exhibit "E."**

[16]    A copy of the Reichwaldt Response is attached hereto as **Exhibit "F."**

[17]    A copy of the New GM Reply (without exhibits) is attached hereto as **Exhibit "G."**

[18]    A copy of the Reichwaldt July 20 Letter is attached hereto as **Exhibit "H."**

25.     On July 24, 2017, Reichwaldt filed with the Georgia Court a *Motion for Leave to File Supplemental Brief in Opposition to GM's Motion for Leave* ("**Reichwaldt Motion for Leave**").[19]  In her proposed supplemental brief, Reichwaldt asserted that certain of this Court's rulings with respect to punitive damages were *dicta* (even though this Court found that the rulings were the law of the case).  In addition, Reichwaldt tried to distance herself from her participation in the proceedings that led to the July 2017 Opinion by arguing that when Goodwin Proctor appeared and briefed the 2016 Threshold Issues on behalf of Post-Closing Accident Plaintiffs represented by the Butler Wooten firm (*i.e.*, Reichwaldt's counsel), it was only representing one of Butler Wooten's clients, and not all of them.  In the Reichwaldt Motion for Leave, Reichwaldt admitted, however, that she timely received the December 2016 Show Cause Order.[20]  Given the many misstatements contained in Reichwaldt's Supplemental Brief, New GM was forced to file a response with the Georgia Court on July 25, 2017 ("**New GM's Response to Supplemental Brief**").[21]  New GM explained that the Court's rulings in the July 2017 Opinion were not *dicta*, and that Reichwaldt was represented in and bound by the 2016 Threshold Issues proceedings leading to the July 2017 Opinion.[22]  The Georgia Court has not yet ruled on Reichwaldt's motion to compel.

---

[19]    A copy of the Reichwaldt Motion for Leave is attached hereto as **Exhibit "I."**

[20]    *See* Plaintiff's Supplemental Brief (attached to the Reichwaldt Motion for Leave as Exhibit 1), at 4 (Plaintiff's "sole interaction with the New York Bankruptcy Court was receipt of a letter from GM's lawyers in December 2016").

[21]    A copy of New GM's Response to the Supplemental Brief is attached hereto as **Exhibit "J."**

[22]    In New GM's Response to Supplemental Brief, it notified the Georgia Court that given Reichwaldt's "actions and her position on punitive damages, New GM will file a motion to enforce the Bankruptcy Court's rulings with the Bankruptcy Court this week, no later than Friday, July 28, 2017."  *Id.* at 2 n.2.

**BASIS FOR RELIEF**

26.    Reichwaldt cannot simply ignore the Bankruptcy Court's Sale Order and Injunction and its related rulings regarding allegations made, claims filed and damages sought against New GM.  As the Supreme Court held in *Celotex*:

> If respondents believed the Section 105 Injunction was improper, they should have challenged it in the Bankruptcy Court, like other similarly situated bonded judgment creditors have done. . . .  Respondents chose not to pursue this course of action, but instead to collaterally attack the Bankruptcy Court's Section 105 Injunction in the federal courts in Texas.  This they cannot be permitted to do without seriously undercutting the orderly process of the law.

514 U.S. at 313; *see also In re Motors Liquidation Co.*, 513 B.R. 467, 478 (Bankr. S.D.N.Y. 2014) (quoting *Celotex*).  These settled principles bind Reichwaldt.  She is subject to the Sale Order and Injunction and the Bankruptcy Court's other rulings, and is required to comply with them.

27.    Despite having notice of the applicable Bankruptcy Court's rulings, and participating in the proceedings that led to the June 2017 and July 2017 Opinions, Reichwaldt continues to disregard specific provisions contained therein, and is proceeding in the Georgia Court as though she is exempt from the Bankruptcy Court rulings.

**A.    Reichwaldt Is Bound by the Rulings in the June 2017 and July 2017 Opinions**

28.    As noted, Reichwaldt was timely served with the December 2016 Show Cause Order.  In fact, Reichwaldt has readily admitted this in the Reichwaldt Motion for Leave.  By the express terms of the December 2016 Show Cause Order, Reichwaldt is bound by the Court's rulings in the 2016 Threshold Issues (*i.e.*, those set forth in the June 2017 and July 2017 Opinions).

29.    Reichwaldt cannot reasonably contend that she is exempt from complying with this Court's June 2017 and July 2017 Opinions.  In particular, Reichwaldt was represented by

Goodwin Proctor in all phases of the proceedings leading to the June 2017 and July 2017

Opinions.    Goodwin Proctor submitted briefs on behalf of "[t]hose Certain Post-Closing

Accident Plaintiffs Represented By Butler Wooten & Peak LLP . . . ." Plaintiff's Joint Opening

Brief, Cover Page; *see also* Plaintiff's Joint Opening Brief, at 1 ("The Ignition Switch Plaintiffs,

certain Non-Ignition Switch Plaintiffs, and those Post- Closing Accident Plaintiffs represented by

the following law firms (i) Butler Wooten & Peak LLP . . . respectfully submit the Plaintiffs'

Joint Opening Brief On The 2016 Threshold Issues . . .").  These statements by Goodwin Proctor

were not qualified in any respect, and prove that Reichwaldt was an active participant in the

proceedings leading to the June 2017 and July 2017 Opinions.[23]

## B.    Reichwaldt Has Not Asserted Valid Independent Claims

30.    Both the Second Circuit and this Court have ruled that Independent Claims must

be based solely on New GM conduct, and cannot be based on Old GM conduct.  *See Motors*

*Liquidation Co.*, 829 F.3d at 157; July 2017 Opinion, 2017 WL 2963374 at *2, n.2 ("truly

Independent Claims" are "claims based solely on wrongful post-closing conduct of New GM . .

."); *Order Granting In Part And Denying In Part General Motors LLC's Motion To Enforce The*

*Ruling In The Bankruptcy Court's June 7, 2017 Opinion With Respect To The Pitterman*

*Plaintiffs*, dated July 10, 2017 [ECF No. 13991], at 2 ("the Pitterman Plaintiffs are precluded

from relying on conduct of Old GM in support of their alleged Independent Claims against New

GM"); June 2017 Opinion, 2017 WL 2457881, at *10   (defining "Independent Claims" as

"claims against New GM ***based solely on New GM's post-closing wrongful conduct***" (emphasis

---

[23]    In Reichwaldt's supplemental brief attached to the Reichwaldt Motion for Leave, she argues that her counsel—Butler Wooten, who, at the time of the proceedings related to the 2016 Threshold Issues, was representing Reichwaldt in the Reichwaldt Lawsuit—was not representing her in connection with the 2016 Threshold Issues. This outrageous attempt to play "hide the ball" in the Georgia Court will not work here.  This Court knows who appeared before it.  The July 2017 Opinion identifies the Goodwin Proctor firm as representing the Butler Wooten clients without qualification.

in original)); December 2015 Judgment, at 2 n.3 ("'Independent Claim' shall mean a claim or cause of action asserted against New GM that is based solely on New GM's own independent post-Closing acts or conduct.").

31.    Despite these clear rulings, Reichwaldt's claims for "reckless and wanton misconduct" and "failure to warn" are not *solely* based on New GM conduct, but are based on **both** alleged New GM conduct and Old GM conduct. *See, e.g.*, Reichwaldt Complaint, ¶ 70 ("***GM Corp.'s and GM LLC's*** misconduct was a reckless and wanton disregard for the lives and wellbeing of the public, and of untold numbers of victims, including Kaitlyn Reichwaldt." (emphasis added)); ¶ 71 ("The reckless and wanton misconduct by ***GM Corp. and by GM LLC*** proximately caused the bum injuries to Kaitlyn Reichwaldt." (emphasis added));[24] ¶ 74 ("As manufacturers of vehicles distributed and sold to the public, ***GM Corp. and GM LLC*** have a duty to adequately warn the public about dangers they know exist in their vehicles." (emphasis added)); ¶ 75 ("By failing to warn of the danger, ***GM. Corp. and GM LLC*** breached their duty and obligations to the public, including Kaitlyn Reichwaldt." (emphasis added)); ¶ 77 ("***GM Corp.'s and GM LLC's*** election not to warn of the known defective and unreasonably dangerous conditions in the subject pickup proximately caused the injuries to Kaitlyn Reichwaldt." (emphasis added)); ¶ 78 ("Plaintiff is entitled to recover damages from GM LLC as a result of ***GM LLC's and GM Corp.'s*** failure to warn." (emphasis added)).

32.    Deciding the propriety of a similar complaint, this Court ruled in the June 2017 Opinion that "[i]t is not acceptable . . . to base allegations on generalized knowledge of both Old GM and New GM.  To pass the bankruptcy gate, a complaint must clearly allege that its causes

---

[24]    Paragraphs 70 and 71 are contained in Count Two of the Complaint, which is titled "Reckless & Wanton Misconduct."  This Count is not pled as an assumed Product Liability as defined by the Sale Agreement, and the Bankruptcy Court has previously found that New GM is not liable for Old GM conduct.  *See Trusky*, 2013 WL 620281, at *2.  New GM has therefore assumed that Count Two was meant to be pled as an Independent Claim.

of action are based solely on New GM's post-closing wrongful conduct."  June 2017 Opinion,

2017 WL 2457881, at *10.  This Court concluded that "[t]hose claims cannot go forward against

New GM as drafted."  *Id.* at *1 n.1.  The same result applies here.

33.     In addition, Reichwaldt has not pled any specific New GM conduct with respect

to her or the Old GM vehicle, and there are *no* allegations that (a) Reichwaldt or the

driver/owner of the 30+ year old truck had any relationship with New GM, or (b) that there was

any New GM post-Sale conduct that would give rise to post-Sale legal duties to her.  Indeed, the

*only* allegation of specific conduct in the Reichwaldt Complaint concerns Old GM, and much of

that conduct took place years, and in many cases decades, before closing of the 363 Sale.  As

such, Reichwaldt's so-called Independent Claims fail to pass through the bankruptcy gate

because plaintiffs have not alleged a post-Sale relationship between New GM and Reichwaldt

that would create a new state law duty owed by New GM to Reichwaldt.  *See Burton v. Chrysler*

*Grp. LLC (In re Old Carco LLC* ), 492 B.R. 392, 405 (Bankr. S.D.N.Y. 2013).

34.     Reichwaldt's allegations reveal that the alleged Independent Claims asserted in

the Reichwaldt Complaint are really successor liability claims in disguise because they are not

based solely on New GM's conduct.  Bankruptcy Courts have summarily dealt with these

improper claims when presented with the issue in a motion to enforce a prior court order.  *See In*

*re Motors Liquidation Co.*, 541 B.R. 104, 133 (Bankr. S.D.N.Y. 2015).  For example, in *Burton*,

the Bankruptcy Court rejected plaintiffs' post-bankruptcy sale duty to warn claim arising from an

alleged latent defect in plaintiffs' vehicles.  That claim never got through the bankruptcy gate

because plaintiffs failed to properly allege (i) a post-sale duty that the purchaser incurred to

plaintiffs, and (ii) a breach of that duty based solely on the purchaser's post-sale conduct.  Judge

Bernstein held that plaintiffs' claims were clearly based on the conduct of the debtor/seller (not

the purchaser) and, thus, "each plaintiff's failure to warn claim 'is a typical successor liability case dressed up to look like something else, and is prohibited by the plain language of the bankruptcy court's Order.'" *Id.*, 492 B.R. at 405 (citations omitted). In these circumstances (like here), the bankruptcy court properly refused to defer to another court to decide whether a meritless claim had been asserted against the good faith purchaser.

35.    Similarly, in *Holland v. FCA US LLC*, Case No. 1:15 CV 121, 2015 WL 7196197 (N.D. Ohio Nov. 16, 2015), the Court held that knowledge of an alleged defect by the purchaser was insufficient to establish a duty to warn on the purchaser, absent the required "relationship." *See id*. at *4 ("while the [post-sale] TSB may serve as evidence that FCA had knowledge of the potential existence of rust and corrosion on 2004-2005 Pacificas, knowledge alone is insufficient to establish a duty on the part of FCA to warn Plaintiffs that their vehicles may be affected. Plaintiffs must allege a relationship between FCA and Plaintiffs that gave rise to a duty to warn."). Here, Reichwaldt does not own an Old GM vehicle; she has not alleged that New GM entered into any "relationship" with her. As a result, Reichwaldt's so-called Independent Claims cannot pass through the bankruptcy gate.

36.    As the "Reckless & Wanton Misconduct" Count and the "Failure to Warn" Count are not—and in fact cannot be—based solely on New GM conduct, they are not viable Independent Claims and should be stricken from the Reichwaldt Complaint.

## C.    Reichwaldt Cannot Seek Punitive Damages Against New GM

37.    In the July 2017 Opinion, the Court ruled that Post-Closing Accident Plaintiffs (like Reichwaldt) cannot seek punitive damages based on Old GM conduct. *See* July 2017 Opinion, 2017 WL 2963374 at *7-*8, *10-*11; *see also* December 2015 Judgment, ¶ 6.[25]    In

---

[25]    *See also* November 2015 Decision, 541 B.R. at 117 ("The Post–Closing Accident Plaintiffs first argue that New GM contractually assumed claims for punitive damages. The Court finds that contention unpersuasive. It can't

addition, the Court conclusively ruled in the July 2017 Opinion that Judge Gerber's ruling on punitive damages set forth in the December 2015 Judgment—that New GM did not contractually assume punitive damages—is the law of the case. *See* July 2017 Opinion, 2017 WL 2963374 at *7. Reichwaldt litigated those issues in this Court, and is bound by those rulings.

38.    Certain of the claims asserted by Reichwaldt fall within the definition of assumed Product Liabilities (*i.e.,*, Negligence and Strict Liability, and failure to warn but only to the extent it is based on Old GM conduct and only if it is viable under state law). As such, Reichwaldt cannot seek punitive damages on such claims. In addition, as explained above, Reichwaldt has not asserted valid Independent Claims. While the Reichwaldt Complaint contains two conclusory paragraphs with respect to her request for punitive damages,[26] neither of these paragraphs describe actual New GM conduct; they merely recite general, boilerplate language found in requests for punitive damages. Moreover, as demonstrated above, none of the claims asserted by Reichwaldt are directed *only* at New GM's conduct; *all* of the claims are based, at least in part, on Old GM conduct. Thus, these claims cannot form the basis for punitive damages against New GM.

39.    Accordingly, based on the Court's explicit rulings in the July 2017 Opinion and the December 2015 Judgment, New GM did not assume punitive damages in connection with assumed Product Liabilities or claims based on Old GM conduct, and Reichwaldt is prohibited from seeking punitive damages from New GM in connection with any of her claims.

---

agree with the Post–Closing Accident Plaintiffs' contention that the Sale Agreement unambiguously so provides. And once it looks at the totality of the contractual language, and extrinsic evidence, and employs common sense, it must agree with New GM's contention that New GM neither agreed to, nor did, contractually take on Old GM's punitive damages liability.").

[26]    *See* Reichwaldt Complaint, ¶¶ 82-83.

D.    **The Reichwaldt Complaint Contains Allegations That**
      **Are Expressly Barred by the December 2015 Judgment**

40.    In the December 2015 Judgment, the Bankruptcy Court expressly set forth the types of allegations that plaintiffs cannot assert against New GM.  Specifically, plaintiffs are prohibited from making "[a]llegations that do not distinguish between Old GM and New GM (*e.g.*, referring to 'GM' or 'General Motors) . . . ."  December 2015 Judgment, ¶ 17.

41.    Despite the clear ruling in the December 2015 Judgment (of which counsel for Reichwaldt was aware), many of the allegations in the Reichwaldt Complaint refer simply to "GM."  Reichwaldt attempts to address this deficiency in a footnote, where she attempts to globally differentiate between Old GM and New GM based on events either before or after a specific date.  *See* Reichwaldt Complaint, at 1 n.1.[27]  Many times, however, it is not clear when an alleged event took place.  By way of example, paragraph 2 of the Reichwaldt Complaint states as follows:  "Despite actual knowledge of the defect and of the danger, despite hundreds of cases settled by GM, despite GM's own long-concealed crash tests that proved the tanks were vulnerable to rupture and explosion, GM continues to deny the obvious - that the design is indefensible - and continues to refuse to warn Americans of the danger."  It is not at all clear if Reichwaldt is referring to Old GM, New GM or both in this paragraph. This vagueness runs through the Reichwaldt Complaint.  Accordingly, the Reichwaldt Complaint violates paragraph 17 of the December 2015 Judgment.

42.    In addition, given the generic reference to "GM" throughout the Reichwaldt Complaint and the lack of clarity in various allegations, the Reichwaldt Complaint also violates the Bankruptcy Court's ruling prohibiting allegations that allege or suggest that New GM

---

[27]    In addition, while footnote 1 in the Reichwaldt Complaint references June 1, 2009 as the demarcation date for Old GM or New GM conduct, this is incorrect.  The correct demarcation date would be July 10, 2009, which is the date that the sale from Old GM to New GM closed.  In any event, footnote 1 does not cure the allegation violations contained in the Reichwaldt Complaint.

performed actions relating to an Old GM vehicle before the closing of the 363 Sale. *See* December 2015 Judgment, at ¶ 18.

43.      Accordingly, the Reichwaldt Complaint contains allegations that are expressly prohibited by the December 2015 Judgment. Until appropriately amended, the Reichwaldt Lawsuit should be stayed pursuant to the express rulings in the December 2015 Judgment.

44.      The fact that the Reichwaldt Lawsuit was commenced after the December 2015 Judgment does not excuse Reichwaldt's actions.  Through her counsel, she knew, based on what the Bankruptcy Court had ruled, what was permissible, and what was not.  There is no reason why Reichwaldt should be treated any differently than other plaintiffs bound by the December 2015 Judgment, and if she had any reason to be treated uniquely (she has no reason), the burden was on her to come to the Bankruptcy Court first, which she clearly did not do.

45.      Finally, the Reichwaldt Lawsuit is an important example of the need for the Court to continue to exercise its' gate-keeping function.  The Court's enforcement of the Sale Order and its' other rulings are critical for the fair and consistent enforcement of rights and obligations incurred by New GM under the Sale Agreement.

## NOTICE

46.      Notice of this Reichwaldt Motion to Enforce has been provided to counsel for Reichwaldt, and all entities that receive electronic notice from the Court's ECF system.  New GM submits that such notice is sufficient and no other or further notice need be provided.

47.      Except to the extent expressly noted herein, no prior request for the relief sought in this Reichwaldt Motion to Enforce has been made to this or any other Court.

WHEREFORE, New GM respectfully requests that this Court enter an order, substantially in the form set forth in **Exhibit "K"** hereto, granting the relief sought herein, and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 28, 2017

Respectfully submitted,


_____/s/ Arthur Steinberg_____
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222


Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Attorneys for General Motors LLC*