# Exhibit D

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

July 14, 2017

**VIA E-MAIL TRANSMISSION AND**
**OVERNIGHT DELIVERY**

James E. Butler, Jr., Esq.
Robert H. Snyder, Esq.
David T. Rohwedder, Esq.
BUTLER WOOTEN CHEELEY & PEAK, LLP
105 13th Street
Post Office Box 2766
Columbus, Georgia 31902

      Re: *Kaitlyn Reichwaldt v. General Motors LLC*
         **US District Ct for ND Ga, Case No. 16-02171**

Dear Counsel:

  King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in connection with bankruptcy matters arising from lawsuits brought against New GM that involve vehicles manufactured by General Motors Corporation (n/k/a Motors Liquidation Company) ("**Old GM**"). For the reasons explained below, certain allegations, claims and requests for damages made in the above-referenced Plaintiff's *Complaint for Personal Injury and Punitive Damages* ("**Complaint**") violate the Sale Order and Injunction (defined below)[1] entered by the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"), and certain opinions and/or judgments entered by the Bankruptcy Court.[2] In particular, the legally barred allegations, claims and damage requests are as follows:

---

[1] A copy of the Sale Order and Injunction (with the Sale Agreement attached thereto) is annexed hereto as **Exhibit "A."**

[2] *See, e.g., In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015) ("**November 2015 Decision**"); and Judgment entered by the Bankruptcy Court on December 4, 2015 ("**December 2015 Judgment**"). A copy of the December 2015 Judgment is annexed hereto as **Exhibit "B."** While certain portions of the November 2015 Decision/December 2015 Judgment were appealed by some plaintiffs, the relevant rulings relied upon by New GM were not appealed and are final. *See also, e.g., In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2457881 (Bankr. S.D.N.Y. June 7, 2017) ("**June 2017 Decision**"); *Order Granting In Part And Denying In Part General Motors LLC's Motion To Enforce The Ruling In The Bankruptcy Court's June 7, 2017 Opinion With*

James E. Butler, Jr., Esq. *et al.*
July 14, 2017
Page 2

- Allegations that do not distinguish between Old GM and New GM; indeed, many of the allegations improperly and imprecisely refer to "GM";[3]

- Reckless & wanton misconduct allegations because they are based in whole or in part on several decades of alleged Old GM conduct, not solely post-Sale alleged wrongful conduct of New GM;

- Failure to warn allegations because they are based on several decades of alleged Old GM conduct, not solely post-Sale alleged wrongful conduct of New GM; and

- Punitive damages because they likewise are based in whole or in part upon on alleged Old GM conduct.

**Applicable Bankruptcy Court Rulings**

The Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 (as amended) ("**Sale Agreement**"), which was approved by an Order, dated July 5, 2009 ("**Sale Order and Injunction**") of the Bankruptcy Court, provides that New GM assumed only three categories of liabilities for vehicles sold by Old GM: (a) Product Liabilities (as defined in the Sale Agreement) related to post-sale accidents or incidents involving Old GM vehicles causing personal injury, loss of life or property damage;[4] (b) repairs provided for under the "Glove Box Warranty"— a specific written warranty, of limited duration, that only covers repairs and replacement of parts and not monetary damages; and (c) Lemon Law claims (as defined in the Sale Agreement) essentially tied to the failure to honor the Glove Box Warranty. All other liabilities relating to vehicles sold by Old GM were "Retained Liabilities" of Old GM. *See* Sale Agreement § 2.3(b).

---

*Respect To The Pitterman Plaintiffs*, dated July 10, 2017 [ECF No. 13991] ("**Pitterman Order**"), *In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2963374 (Bankr. S.D.N.Y. July 12, 2017) ("**July 2017 Decision**").

You were timely served with an Order to Show Cause entered by the Bankruptcy Court on December 13, 2016 ("**December 2016 Show Cause Order**"), which identified certain threshold issues that the Bankruptcy Court would address, and the procedures for resolving same. You did not object to the procedures set forth in the December 2016 Show Cause Order, and your firm was represented by counsel that litigated the threshold issues identified therein in the Bankruptcy Court. As stated in the December 2016 Show Cause Order, plaintiffs will be bound by the rulings made by the Bankruptcy Court in connection with such threshold issues. You and the Plaintiff are therefore bound by the June 2017 and July 2017 Decisions.

[3] While the Complaint contains footnote 1 which attempts to globally differentiate between Old GM and New GM based on events either before or after a specific date, many times it is not clear when an alleged event took place. In addition, while you reference June 1, 2009 as the demarcation date, the correct demarcation date is July 10, 2009, which is the date that the sale from Old GM to New GM closed. Given the generic reference to "GM" throughout the Complaint and the lack of clarity in various allegations, the Complaint also violates the Bankruptcy Court's ruling prohibiting allegations that allege or suggest that New GM performed actions relating to an Old GM vehicle before the closing of the 363 Sale. *See* December 2015 Judgment, at ¶ 18.

[4] According to the Complaint, Plaintiff is asserting, among others, product liability claims resulting from an accident that took place after the closing of the sale from Old GM to New GM. New GM assumed "Product Liabilities" (as defined in the Sale Agreement, as amended) for post-bankruptcy sale accidents (which could include a "failure to warn" claim if based solely on Old GM conduct and if recognized under state law). To the extent the Complaint asserts assumed Product Liabilities, those aspects of the Complaint are not barred by the Sale Order and Injunction. Note, however, that New GM disputes any and all liability for such claims and requests for damages.

James E. Butler, Jr., Esq. *et al.*
July 14, 2017
Page 3

      The December 2015 Judgment described the types of allegations that cannot be made against New GM based on Old GM vehicles. Specifically, Plaintiff is prohibited from making allegations that "do not distinguish between Old GM and New GM (*e.g.*, referring to 'GM' or 'General Motors') . . . ."[5] As set forth above, the Complaint contains many allegations that are prohibited by the December 2015 Judgment, requiring numerous corrections or deletions. Until those corrections are made, the Complaint violates the injunction contained in the Sale Order.

      Moreover, pursuant to well-settled federal law, Plaintiff is barred from asserting any claims (other than Assumed Liabilities) against New GM if the claims are not based ***solely*** on New GM's post-Sale conduct. *See In re Matter of Motors Liquidation Co.*, 829 F.3d 135, 157 (2d Cir. 2016) ("independent claims are claims based on New GM's own post-closing wrongful conduct. . . . These sorts of claims are based on New GM's *post*-petition conduct, and are not claims that are based on a right to payment that arose before the filing of petition or that are based on pre-petition conduct." (emphasis in original)); July 2017 Decision ("truly Independent Claims" are "claims based solely on wrongful post-closing conduct of New GM . . ."); Pitterman Order, at 2 ("the Pitterman Plaintiffs are precluded from relying on conduct of Old GM in support of their alleged Independent Claims against New GM"); June 2017 Decision (defining "Independent Claims" as "claims against New GM *based solely on New GM's wrongful conduct*" (emphasis in original)); December 2015 Judgment, at 2 n.3 ("'Independent Claim' shall mean a claim or cause of action asserted against New GM that is based solely on New GM's own independent post-Closing acts or conduct.").

      Contrary to these legal requirements, Plaintiff's claims for wanton misconduct, failure to warn and punitive damages are not solely based on New GM conduct, but are based on ***both*** alleged New GM conduct and Old GM conduct. *See, e.g.*, Complaint, ¶ 70 ("***GM Corp.'s and GM LLC's*** misconduct was a reckless and wanton disregard for the lives and wellbeing of the public, and of untold numbers of victims, including Kaitlyn Reichwaldt." (emphasis added)); ¶ 71 ("The reckless and wanton misconduct by ***GM Corp. and by GM LLC*** proximately caused the bum injuries to Kaitlyn Reichwaldt." (emphasis added));[6] ¶ 74 ("As manufacturers of vehicles distributed and sold to the public, ***GM Corp. and GM LLC*** have a duty to adequately warn the public about dangers they know exist in their vehicles." (emphasis added)); ¶ 75 ("By failing to warn of the danger, ***GM. Corp. and GM LLC*** breached their duty and obligations to the public, including Kaitlyn Reichwaldt." (emphasis added)); ¶ 77 ("***GM Corp.'s and GM LLC's*** election not to warn of the known defective and unreasonably dangerous conditions in the subject pickup proximately caused the injuries to Kaitlyn Reichwaldt." (emphasis added)); ¶ 78 ("Plaintiff is entitled to recover damages from GM LLC as a result of ***GM LLC's and GM Corp.'s*** failure to warn." (emphasis added)).

---

[5] December 2015 Judgment, ¶ 17; *see also* June 2017 Decision, at n.1 (finding that claims of a plaintiff that "do not sufficiently distinguish between conduct of Old GM or New GM" could not go forward).

[6] Paragraphs 70 and 71 are contained in Count Two of the Complaint, which is titled "Reckless & Wanton Misconduct." This Count does not appear to be pled as an assumed Product Liability as defined by the Sale Agreement, and the Bankruptcy Court has previously found that New GM is not liable for Old GM conduct. *See Trusky v. Gen. Motors LLC (In re Motors Liquidation Co.)*, Adv. Proc. No. 09–09803, 2013 WL 620281, at*2 (Bankr. S.D.N.Y. Feb. 19, 2013). New GM has therefore assumed that Count Two was meant to be pled as an alleged independent claim by which New GM would be directly liable to the Plaintiff. As stated above, Count Two violates the Bankruptcy Court's rulings.

James E. Butler, Jr., Esq. *et al.*
July 14, 2017
Page 4

Deciding the propriety of a similar complaint, Bankruptcy Judge Glenn recently held in his June 2017 Decision with respect to other plaintiffs ("**Pitterman Plaintiffs**"), that "[i]t is not acceptable . . . to base allegations on generalized knowledge of both Old GM and New GM. To pass the bankruptcy gate, a complaint must clearly allege that its causes of action are based solely on New GM's post-closing wrongful conduct."  June 2017 Decision, 2017 WL 2457881, at *10. Judge Glenn concluded that "[t]hose claims cannot go forward against New GM as drafted." *Id.* at *1 n.1.  In the instant Complaint, the "Reckless & Wanton Misconduct" Count and the "Failure to Warn" Count are not based solely on New GM conduct.  Accordingly, they are not viable independent claims and must be stricken from the Complaint.

Nor is New GM liable for punitive damages based on Old GM conduct.  On July 12, 2017, Bankruptcy Judge Glenn affirmed that "Post-Closing Accident Plaintiffs may not assert claims against New GM for punitive damages based on conduct of Old GM."  July 2017 Decision, 2017 WL 2963374; *see also* December 2015 Judgment, ¶ 6 ("New GM did not contractually assume liability for punitive damages from Old GM.  Nor is New GM liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law. Therefore, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM.").  While the Complaint attempts to limit the request for punitive damages to New GM conduct, there is no specific post-Sale New GM conduct alleged.  Rather, all of the conduct alleged in the Complaint relates to several decades of alleged Old GM conduct.  This is not surprising as New GM—a non-seller and non-manufacturer of the Old GM vehicle at issue, which was manufactured in 1984 (*25 years before the bankruptcy sale*)—had no relationship with the owner of the vehicle or the Plaintiff.

Thus, because New GM did not assume punitive damages in connection with its assumption of Product Liabilities and Plaintiff has not asserted any valid independent claim against New GM, Plaintiff's request for punitive damages violates the Sale Order and Injunction and the Bankruptcy Court's rulings.  All requests for punitive damages by Plaintiff must be stricken from the Complaint without delay.  Until that is done, the request for punitive damages, including any related discovery, cannot proceed given the injunction contained in, among other things, the Sale Order and Injunction, the December 2015 Judgment and the July 2017 Decision.

**Conclusion**

*Please let us know by July 21, 2017 whether you will take the requested action and comply with the Bankruptcy Court's rulings*.

New GM reserves all of its rights regarding a continuing violation of the Bankruptcy Court's rulings.

If you have any questions, please call me.

Very truly yours,

*/s/ Scott Davidson*

Scott Davidson