# Exhibit F

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KAITLYN REICHWALDT | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | |
| vs. | * | 1:16-CV-02171-twt |
| | * | |
| GENERAL MOTORS LLC, | * | |
| | * | |
| Defendant. | * | |

### PLAINTIFF'S RESPONSE TO GM'S
### MOTION FOR LEAVE TO FILE SURREPLY IN SUPPORT OF ITS
### OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

GM LLC has filed a "motion for leave to file a surrreply," and in that motion has 'moved' that the Court not decide Plaintiff's motion to compel, or parts of it. There is much wrong with GM LLC's demand. Plaintiff Reichwaldt opposes GM LLC's motion.

*First*, GM LLC has filed no motion for continuance or stay. That is the only proper way for GM LLC to get the relief its "motion for permission" seeks: address the matter head-on, directly.

*Second*, the relief sought by GM LLC's mis-labeled "motion" is untimely. Plaintiffs' motion to compel was filed June 14, 2017. On June 15 the Court issued a Notice of Hearing on that motion for the already-scheduled

hearing set for June 20. On June 16 GM counsel wrote to the Court asking for a full 14 days to respond to Plaintiff's motion. This Court agreed. On June 28 GM LLC responded to Plaintiff's motion to compel. On July 11 Plaintiff replied. On July 12 the motion was submitted to the Court. Not until five days later did GM LLC ask, without filing a proper motion, that the Court not decide the pending motion to compel. That request, on July 17, was predicated on a "letter" sent by GM LLC's other lawyers to Plaintiff's counsel on Friday July 14 – *after* Plaintiff's motion to compel had been fully briefed and submitted to this Court.

    The untimeliness is even worse than that: GM LLC was served with Plaintiff's Complaint on May 19, 2016. GM LLC removed the case to this Court on June 23, 2016. On June 24, 2016, GM LLC filed, in the Bankruptcy Court, a "Motion . . . to Enforce the Bankruptcy Court's July 5, 2009 Sale Order and Injunction . . . with respect to Plaintiffs Identified on Schedule '1' Attached hereto."[1] That motion, and that schedule, made no mention of Kaitlyn Reichwaldt. That was over a year ago.

---

[1] In re Motors Liquidation Company, et. al., U.S. Bankruptcy Court, SD NY, Case No. 09-50026 (MG), Doc. 13655-1.

2

*Third,* even if GM LLC's arguments were correct (and they are not), that would be no basis to request that this Court stay its consideration of Plaintiff's motion to compel. GM LLC claims, as the basis for its request for a stay, that some of the discovery addressed in Plaintiff's motion to compel is relevant to Plaintiff's claim for punitive damages. That argument is disingenuous and GM LLC knows it. The same evidence that may be relevant to claims for punitive damages is clearly also relevant to the Georgia statute of repose which requires a showing that GM LLC was reckless, *or* wanton, *or* failed to warn. O.C.G.A § 51-1-11. That same evidence regarding GM LLC's *own* conduct after the 2009 bankruptcy bailout is also relevant to Plaintiff's claim that GM LLC's *own* post-2009 conduct supports a claim for punitive damages under Georgia law. In other words, Plaintiff is entitled to the very same evidence sought in her motion to compel *even if* GM LLC's bankruptcy related arguments were correct (and they are not). GM LLC has offered no good reason for this Court to stay its consideration of Plaintiff's motion to compel, or any part thereof.

*Fourth*, the premises of GM LLC's argument are just wrong.

GM LLC purports to 'rule' that "Plaintiff's claim for punitive damages violates orders from the United States Bankruptcy Court for the Southern District of New York" and "must be stricken." Doc. 69 at 1. GM LLC is

3

wrong, *and* GM LLC has filed no motion to strike said "claim for punitive damages" in this case, nor has GM LLC filed any motion to dismiss, or motion for summary judgment.

As the basis for its 'ruling,' GM LLC states in the motion for permission that "Plaintiff has not asserted any valid independent claims against General Motors, LLC" and "Plaintiff has improperly predicated its punitive damage claim on the conduct of General Motors Corporation . . ." Doc. 69 at 2. GM LLC knows those statements are untrue: it can read Plaintiff's Complaint. *See*, *e.g.*, Doc. 1-1, Complaint, at ¶¶ 28, 47, 50-55, 70-72, 74-75, 77-80, 82-83. To even craft its belated and disguised motion to stay consideration of Plaintiff's motion to compel, GM LLC has to resort to deliberately ignoring and mischaracterizing the punitive damages claims actually made by Plaintiff Reichwaldt.

Plaintiff has made a claim against GM LLC for *its own* failure to warn of a danger known to GM LLC and for *its own* reckless and wanton conduct in failing to warn. *Id.* at ¶¶54, 55, 70-72, 74-75, 77-78, 79, 80, 82-83. That claim is made pursuant to the Georgia Statute of Repose, O.C.G.A § 51-1-11. *Id.* at ¶72, 80. Whether that claim "must be stricken" is not for GM LLC to decide.

That is for this Court to decide. GM has filed nothing asking that that claim be "stricken."

Plaintiff has also made a claim against GM LLC based on its voluntary assumption of liability for product liability claims against GM Corp., such as this Plaintiff's, that arose after the bankruptcy bailout. *Id.* at ¶50, 68, 79. GM LLC now contends, in its July 17 motion to file a surreply that it did not assume liability for *punitive* damages. GM LLC has previously so contended in the Bankruptcy Court in New York, which involved parties other than Ms. Reichwaldt, but not Ms. Reichwaldt.

What's going on here seems perfectly clear: GM LLC is belatedly, and disingenuously, trying to evade **any** ruling *by this Court* on Plaintiff's pending motion to compel, or parts thereof.

GM is *also* trying to divest this Court of jurisdiction over the question whether Plaintiff Reichwaldt has a claim for punitive damages based upon Georgia law - the statute of repose and the independent duty GM LLC had to warn of known dangers for which it admits it assumed liability.

That, Plaintiff respectfully submits, GM LLC plainly cannot do.

What GM *may* certainly do is to file a motion in the Bankruptcy Court for an adjudication that Plaintiff Reichwaldt may not assert a *punitive* damages

5

claim *based upon* GM LLC's undisputed voluntary assumption of liability for product liability claims such as Ms. Reichwaldt's claim, based on the argument by GM LLC that the sale agreement excluded liability for *punitive* damages based on the conduct of the pre-bailout entity, "GM Corp." (aka "Old GM."). GM LLC has made such arguments as to other claimants in the Bankruptcy Court. That Court has made a ruling – as to other claimants. *See In re Motors Liquidation Co.*, 541 B.R. 104, 107 (Bankr. S.D.N.Y. 2015). Those other claimants never appealed the Bankruptcy Court's ruling on the issue of GM LLC's contractual assumption of punitive damages. Ms. Reichwaldt was not a party to those proceedings and had not even filed her case when the Bankruptcy Court considered that issue.

When GM LLC files such a motion in the Bankruptcy Court, Ms. Reichwaldt will oppose it. She will argue that subject was not fully litigated heretofore – by other claimants, and, if the Bankruptcy Court disagrees, she will appeal to the Second Circuit Court of Appeals. She will argue that the parties to the GM sale agreement were sophisticated parties, and knew of the need to consider expressly excluding liability for punitive damages, and elected not to do so[2] – unlike the equally sophisticated parties to the virtually

---

[2] The reasons for that election will be explicated, when the issue is presented.

6

contemporaneous Chrysler bankruptcy sale agreement, who elected to expressly exclude any liability of FCA ("Fiat Chrysler Automobiles") for punitive damages based on Chrysler's conduct. She will also argue that GM LLC has waived its motion to enforce against Plaintiff Reichwaldt, given GM LLC's election, on June 24, 2016, to file its "motion" to "enforce" only against a number of other claimants, but not Ms. Reichwaldt, whose lawsuit with the claims for punitive damages was then pending.

What GM LLC certainly may also do is to file a proper motion in this Court asking that Plaintiff's claim for punitive damages based on Georgia law be "stricken." GM LLC could denominate such a motion as one "to strike," or "to dismiss," or "for summary judgment." But GM LLC cannot ask that this Court decide that issue without GM LLC affirmatively filing a motion of some kind – so that Plaintiff Reichwaldt can contest GM LLC's arguments. Yet that is precisely what GM LLC's "motion for permission" indirectly seeks. That is improper.

Ultimately, the parties can find out what, if any, punitive damages claims Plaintiff is entitled to make: as to the Georgia law claims based on GM LLC's *own* conduct, from this Court; as to the claim based upon GM LLC's

7

assumption of liability for this Plaintiff's claim and failure to exclude liability for punitive damages, from the Second Circuit Court of Appeals.

One or both grounds should remain, to be noted in this Court's Pretrial Order as a decision for the jury to make.

What GM LLC has sought to do in the Bankruptcy Court with respect to other claimants, and now threatens to do with respect to Ms. Reichwaldt, is litigate there – in Bankruptcy Court in New York - over the words in a complaint pending here - before this Court.  A complaint is not an adjudication." A Pretrial Order *is*.[3]  There is no Pretrial Order in this case, yet. Plaintiff is certain that the Pretrial Order ultimately entered by this Court will not allow *any* claims to be asserted that are contrary to any binding court orders. Plaintiff Reichwaldt does not seek to recover from GM LLC any damages she is not legally entitled to recover.

---

[3] *Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1089 (11th Cir. 2016) ("[A] pretrial order supersedes the pleadings, thereby 'eliminating' any claims not preserved in the pretrial order." (quoting *State Treasurer of Mich. v. Barry*, 168 F.3d 8, 9–10 (11th Cir. 1999)); see also FRCP 16(d) (The PTO "controls the course of the action unless the court modifies it.").

8

Respectfully submitted this the 18th day of July, 2017.

**BUTLER WOOTEN & PEAK LLP**

BY:  /s/ James E. Butler, Jr.
     JAMES E. BUTLER, JR.
     jim@butlerwooten.com
     Georgia Bar No. 099625
     ROBERT H. SNYDER
     rob@butlerwooten.com
     Georgia Bar No. 404522
     DAVID T. ROHWEDDER
     rohwedder@butlerwooten.com
     Georgia Bar No. 104056
     JOSEPH M. COLWELL
     joseph@butlerwooten.com
     Georgia Bar No. 531527
     Butler Wooten & Peak LLP
     105 13th Street
     Post Office Box 2766
     Columbus, Georgia 31902
     (706) 322-1990
     (706) 323-2962 (fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

/s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
  Georgia Bar No. 099625
ROBERT H. SNYDER
  Georgia Bar No. 404522
DAVID T. ROHWEDDER
  Georgia Bar No. 104056
JOSEPH M. COLWELL
  Georgia Bar No. 531527
Butler, Wooten & Peak LLP
105 13th Street
Post Office Box 2766
Columbus, Georgia 31902
(706) 322-1990
(706) 323-2962 (fax)

# CERTIFICATE OF SERVICE

     This is to certify that on July 18, 2017, I electronically filed PLAINTIFF'S RESPONSE TO GM'S MOTION FOR LEAVE TO FILE SURREPLY IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| C. Bradford Marsh<br>Ashley W. Broach<br>SWIFT, CURRIE, MCGHEE<br>  & HIERS, LLP<br>1355 Peachtree St. N.E., Suite 300<br>Atlanta, Georgia 30309 | Michael P. Cooney<br>Kelly Renee Houk<br>DYKEMA GOSSETT PLLC<br>400 Renaissance Center<br>Detroit, MI  48243 |

                                           /s/ James E. Butler, Jr.
                                           JAMES E. BUTLER, JR.
                                             Georgia Bar No. 099625
                                         ROBERT H. SNYDER
                                            Georgia Bar No. 404522
                                         DAVID T. ROHWEDDER
                                           Georgia Bar No. 104056
                                         JOSEPH M. COLWELL
                                         Georgia Bar No. 531527
                                       Butler Wooten & Peak LLP
                                       105 13th Street
                                       Post Office Box 2766
                                       Columbus, Georgia 31902
                                       (706) 322-1990
                                       (706) 323-2962 (fax)