# **Exhibit G**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAITLYN REICHWALDT, ) | |
| ) | Civil Action |
| Plaintiff, ) | File No.: 1:16-cv-02171-TWT |
| ) | |
| v. ) | |
| ) | |
| GENERAL MOTORS LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**GENERAL MOTORS LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**I. New GM Properly Seeks Relief Through Its Motion for Leave To File A Sur-Reply**

A sur-reply by General Motors LLC's ("New GM")[1] is necessary because on July 12, 2017 the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") issued an opinion that directly undercuts Plaintiff's punitive damage claim, and therefore the relevance of discovery sought from New GM via the pending Motion to Compel. A short sur-reply to Plaintiff's Motion is

---

[1] Throughout this Brief, General Motors LLC is referred to as "New GM" to be consistent with the terminology that has been used by the Bankruptcy Court. General Motors LLC has been referred to as GM LLC in prior briefing with this Court. "Old GM" refers to General Motors Corporation, the entity that filed for bankruptcy on June 1, 2009 and that designed and manufactured, in part, the 1984 Chevrolet pickup that is the subject of the Reichwaldt lawsuit.

1

the appropriate mechanism to advise this Court of the Bankruptcy Court's recent rulings and to request that the Court defer ruling on limited portions of the Motion to Compel so that the permissibility of punitive damages can be efficiently adjudicated by the Bankruptcy Court. Contrary to Plaintiff's suggestion, a separate motion for continuance would not be more efficient.

## II. New GM's Motion Is Timely

The Bankruptcy Court held on July 12, 2017 that "Post-Closing Accident Plaintiffs may not assert claims against New GM for punitive damages based on conduct of Old GM." Ex. A, *In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2963374 (Bankr. S.D.N.Y. July 12, 2017) ("July 2017 Decision"). Judge Glenn also ruled that it was the law of the case that New GM did not assume any punitive damage liability from Old GM. New GM's bankruptcy counsel wrote to Plaintiff on July 14th ("July 14 Letter") to advise Plaintiff of the ruling and request compliance with same. New GM then filed the instant motion for leave to file a sur-rely on the next business day, July 17th. New GM moved swiftly and without delay.

Plaintiff asserts that because New GM made a prior motion to enforce over a year ago regarding other plaintiffs, it has waived its ability to file a motion in the Bankruptcy Court to enforce the Bankruptcy Court's rulings with respect to

2

Plaintiff's complaint. This conclusory assertion is unsupported by any legal authority. In fact, in her letter dated July 20, 2017 ("July 20 Letter") in response to New GM's July 14 letter, Plaintiff acknowledges that New GM may file a motion to enforce with the Bankrupt Court with respect to this lawsuit. Moreover, New GM never stated in the June 2016 motion to enforce referenced by Plaintiff that the plaintiffs included therein were the only plaintiffs that may have been violating the Bankruptcy Court's rulings. Since June 2016, New GM has filed additional motions to enforce with the Bankruptcy Court with respect to other plaintiffs. Significantly, in its June 7, 2017 opinion the Bankruptcy Court expressly confirmed its continuing gate-keeping role to enforce compliance with its prior rulings. Ex. B, *In re Motors Liquidation Co.,* Case No. 09-50026 (MG), 2017 WL 2457881 at *3 (Bankr. S.D.N.Y. June 7, 2017) ("June 2017 Decision") ("The Court's role, then, is a 'gatekeeper' role. It should be the court to decide what claims and allegations should get through the 'gate,' under the Sale Order and this Court's prior decisions." (citations omitted)).[2] As discussed *infra*, Plaintiff was a

---

[2] Counsel for Ms. Reichwaldt is well aware of the Bankruptcy Court's gate-keeping role. Counsel had another client (Fox) that was scheduled to go to trial in the Fall of 2016. In June 2016, New GM prioritized bringing motions to enforce in the Bankruptcy Court for those cases that had important upcoming case deadlines, like Fox. Ultimately, the Fox plaintiff stipulated to the relief requested by New GM in its motion to enforce. Ex. D, *Stipulated and Agreed Order*, entered by the Bankruptcy Court on July 12, 2016 [Bankr. ECF No. 13679]. Here, Plaintiff brought her lawsuit in May 2016, shortly before the June 2016 motions to enforce

3

party to the proceedings leading to the June 2017 Decision[3] and is bound by the Bankruptcy Court's ruling on its ongoing gate-keeping role. In short, Plaintiff's waiver argument is meritless.

### III. Unless Plaintiff Is Withdrawing Her Punitive Damages Claim, The Bankruptcy Court's Rulings Are Relevant

New GM filed its motion to bring the bankruptcy issues to this Court's attention because Plaintiff's Motion To Compel argues that certain requested discovery is relevant to Plaintiff's punitive damage claim. *See* Motion To Compel (Doc. 61), p. 14, 18-20, 24; Plaintiff's Reply (Doc. 68), p. 2, 8, 12, 14. If Plaintiff is withdrawing those arguments, New GM agrees the instant Motion for Leave is moot. Otherwise, New GM properly brings these issues to the Court's attention.

Additionally, in the July 20 Letter, Plaintiff's Counsel states that Plaintiff intends to review and amend the Complaint to address the issues raised by New GM. Ex. C. Because Plaintiff will be amending her Complaint, New GM respectfully submits that Plaintiff's Motion to Compel should be held in abeyance pending any amendment so that New GM can review the same to determine if it

---

were filed, and there was no pressing need to seek Bankruptcy Court intervention for Plaintiff at that time.

[3] Plaintiff was also a party to the proceedings leading to the July 2017 Judgment and is bound by, among other things, the Bankruptcy Court's ruling on punitive damages.

4

impacts the Motion to Compel and the issues raised in New GM's Motion for Leave to file a Sur-Reply.

### IV. The Bankruptcy Court Has Jurisdiction To Enforce Its Orders

Plaintiff plainly distorts New GM's position when it argues that New GM has "ruled" on Plaintiff's allegations, claims, and requests for damages. Simply put, based in part on the July 12, 2017 opinion, New GM believes that Plaintiff is violating bankruptcy laws and a demand letter was sent to Plaintiff seeking that she voluntarily amend her complaint in conformity with such rulings. That is New GM's normal procedure and counsel for Ms. Reichwaldt knows it, having received similar demand letters in 2015 and 2016 for other clients. Ex. E and F.

As Plaintiff's counsel also knows (and as articulated in her July 20 Letter), if Plaintiff chooses not to voluntarily resolve this matter, New GM will file a motion to enforce with the Bankruptcy Court. The Bankruptcy Court has primary jurisdiction to enforce its orders and will rule on the issues raised in any prospective motion to enforce.

### V. Plaintiff Has Been Represented In The Bankruptcy Case Since the Latter Half of 2016

Plaintiff's assertion that she is not bound by the Bankruptcy Court's recent rulings because she was never a party to those proceedings is wrong. Plaintiff was timely served with an Order to Show Cause entered by the Bankruptcy Court on

5

December 16, 2016 ("December 2016 Show Cause Order"), which identified certain threshold issues ("Threshold Issues") that the Bankruptcy Court would address, and the procedures for resolving same. Ex. G, Certificate of Service for Show Cause Order, p. 78. Plaintiff did not object to the procedures set forth in the December 2016 Show Cause Order, and Plaintiff, through its bankruptcy counsel, actually filed a brief in the Bankruptcy Court addressing the Threshold Issues. Ex. H, Plaintiff's Joint Opening Brief.[4] As stated in the December 2016 Show Cause Order, plaintiffs (*e.g.*, Plaintiff Reichwaldt) served with the Show Cause Order are bound by the rulings made by the Bankruptcy Court in connection with the Threshold Issues.

The Bankruptcy Court entered written opinions on the Threshold Issues on June 7, 2017 and July 12, 2017. Ex. A and B. Those decisions list the counsel who actively participated in the proceedings. Goodwin Proctor, bankruptcy counsel for plaintiffs represented by Butler, Wooten & Peak LLP (among others), is expressly referred to by the Bankruptcy Court in those Decisions.

**VI. The Bankruptcy Court Ruling Precludes Plaintiff From Asserting Punitive Damages Against New GM Based on Old GM Conduct**

---

[4] Plaintiffs' Joint Opening Brief (at p. 1) was filed on behalf of "those Post-Closing Accident Plaintiffs represented by the following law firms (i) Butler Wooten & Peak LLP . . . ."

6

Pursuant to the June 2017 Decision, "[i]t is not acceptable . . . to base allegations on generalized knowledge of both Old GM and New GM. To pass the bankruptcy gate, a complaint must clearly allege that its causes of action are based solely on New GM's post-closing wrongful conduct." Ex. B, June 2017 Decision p.*10. As set forth in New GM's letter to Plaintiff, the Complaint in this matter violates this ruling. In addition, contrary to Plaintiff's argument, New GM is not liable for punitive damages based on Old GM conduct. In the July 2017 Decision, the Bankruptcy Court held that "Post-Closing Accident Plaintiffs [*e.g.*, Plaintiff herein] may not assert claims against New GM for punitive damages based on conduct of Old GM." Ex. A, p. *11; *see also* Ex. I, December 2015 Judgment, ¶ 6 ("New GM did not contractually assume liability for punitive damages from Old GM. Nor is New GM liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law. Therefore, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM."). Pursuant to the terms of the December 2016 Show Cause Order, Plaintiff is bound by these rulings and if she chooses to continue to violate them, New GM should have the right to seek relief in the Bankruptcy Court before this Court decides whether punitive damage discovery should proceed.

7

Respectfully submitted,

/s/ C. Bradford Marsh
C. Bradford Marsh -Georgia Bar No.: 471280
Ashley Broach -Georgia Bar No.:083593
SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
(404) 888-6151
Brad.Marsh@swiftcurrie.com
Ashley.Broach@swiftcurrie.com

-and-

Michael P. Cooney (*Pro Hac Vice*)
Kelly R. Houk (*Pro Hac Vice*)
DYKEMA GOSSETT, PLLC
400 Renaissance Center
Detroit, MI 48243
(313) 568-6800
mcooney@dykema.com
khouk@dykema.com

*Attorneys for General Motors LLC*

## 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared in Times New Roman font, 14 point, and complies with Local Rules 5.1(C) and 7.1(D), ND Ga.

This 20th day of July, 2017.

Respectfully submitted,

/s/ C. Bradford Marsh
C. Bradford Marsh -Georgia Bar No.: 471280
Ashley Broach -Georgia Bar No.:083593
SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
(404) 888-6151
Brad.Marsh@swiftcurrie.com
Ashley.Broach@swiftcurrie.com

*Attorneys for General Motors LLC*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed:

**GENERAL MOTORS LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

to be electronically filed with the Clerk of the Court through the ECF system, which will send notification of such filing to all counsel of record.

This 20th day of July, 2017.

                Respectfully submitted,

                /s/ C. Bradford Marsh
                C. Bradford Marsh -Georgia Bar No.: 471280
                Ashley Broach -Georgia Bar No.:083593
                SWIFT, CURRIE, MCGHEE & HIERS, LLP
                1355 Peachtree St. N.E., Suite 300
                Atlanta, Georgia 30309
                (404) 888-6151
                Brad.Marsh@swiftcurrie.com
                Ashley.Broach@swiftcurrie.com

                *Attorneys for General Motors LLC*

3489906v.1