# Exhibit I

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

KAITLYN REICHWALDT    *
    *
    Plaintiff,    *    CIVIL ACTION FILE NO.
    *
vs.    *    1:16-CV-02171-twt
    *
GENERAL MOTORS LLC,    *
    *
    Defendant.    *

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO GM'S MOTION FOR LEAVE [DOC. 69]

Plaintiff respectfully requests leave to file a short supplemental brief in opposition to GM's motion for leave [Doc. 69]. GM's Reply brief [Doc. 71] substantially misstates the proceedings in the New York Bankruptcy Court that GM claims prompted GM's request that this Court refrain from ruling on Plaintiff's Motion to Compel. Plaintiff needs to correct the record about those misstatements.

Plaintiff's proposed supplemental brief is six pages and is attached hereto as Exhibit 1 for the Court's consideration.

Respectfully submitted this the 24th day of July, 2017.

## BUTLER WOOTEN & PEAK LLP

BY: /s/ James E. Butler, Jr.

JAMES E. BUTLER, JR.
jim@butlerwooten.com
Georgia Bar No. 099625
ROBERT H. SNYDER
rob@butlerwooten.com
Georgia Bar No. 404522
DAVID T. ROHWEDDER
rohwedder@butlerwooten.com
Georgia Bar No. 104056
JOSEPH M. COLWELL
joseph@butlerwooten.com
Georgia Bar No. 531527
Butler Wooten & Peak LLP
105 13th Street
Post Office Box 2766
Columbus, Georgia 31902
(706) 322-1990
(706) 323-2962 (fax)

## ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the

foregoing filing complies with the applicable font and size requirements and is

formatted in Times New Roman, 14 point font.

/s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
  Georgia Bar No. 099625
ROBERT H. SNYDER
  Georgia Bar No. 404522
DAVID T. ROHWEDDER
  Georgia Bar No. 104056
JOSEPH M. COLWELL
  Georgia Bar No. 531527
Butler, Wooten & Peak LLP
105 13th Street
Post Office Box 2766
Columbus, Georgia 31902
(706) 322-1990
(706) 323-2962 (fax)

3

## CERTIFICATE OF SERVICE

This is to certify that on July 24, 2017, I electronically filed PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO GM'S MOTION FOR LEAVE [DOC. 69] with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

C. Bradford Marsh
Ashley W. Broach
SWIFT, CURRIE, MCGHEE
  & HIERS, LLP
1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309

Michael P. Cooney
Kelly Renee Houk
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, MI  48243


/s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
  Georgia Bar No. 099625
ROBERT H. SNYDER
  Georgia Bar No. 404522
DAVID T. ROHWEDDER
  Georgia Bar No. 104056
JOSEPH M. COLWELL
  Georgia Bar No. 531527
Butler Wooten & Peak LLP
105 13th Street
Post Office Box 2766
Columbus, Georgia 31902
(706) 322-1990
(706) 323-2962 (fax)

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAITLYN REICHWALDT            *
                              *
            Plaintiff,        *       CIVIL ACTION FILE NO.
                              *
vs.                           *       1:16-CV-02171-twt
                              *
GENERAL MOTORS LLC,           *
                              *
            Defendant.        *

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION
TO GM'S MOTION FOR LEAVE [Doc. 69]**

Plaintiff apologizes to the Court for having to file another brief on the seemingly simple question of whether GM should be allowed to file a surreply in opposition to Plaintiff's motion to compel. GM's proposed surreply is really a disguised motion to stay these proceedings pending GM's decision whether it will seek some relief from the United States Bankruptcy Court for the Southern District of New York. Another brief was necessary because GM's reply in support of its motion for leave substantially misstates the scope of recent Bankruptcy Court orders and of Plaintiff's involvement in those matters. Plaintiff needs to correct those misstatements so the Court can have a clear understanding of what has (and has not) happened with regard to Ms. Reichwaldt and GM's attempts to insulate itself from punitive damages in her case.

In its attempt to avoid a ruling on Plaintiff's motion to compel, GM substantially misstates what has transpired in the Bankruptcy court with regard to Ms. Reichwaldt. Attempting to completely explain all that has happened in the New York bankruptcy court is not possible in this brief, but some brief explanation is necessary.

*First*, GM argues that the New York Bankruptcy Court recently entered an Order on the question of whether GM LLC assumed liability for punitive damages against GM Corp. when GM LLC purchased most of GM Corp.'s assets in connection with the 2009 bankruptcy and bailout.[1] That argument is false. The most recent round of briefing in the Bankruptcy Court did not relate to the question of contractual assumption of punitive damages liability, but instead considered whether plaintiffs who were injured in GM Corp. cars after the bankruptcy could "bring successor liability claims against New GM and seek punitive damages in connection therewith...." *See In re Motors Liquidation Company,* Case No. 09-500026, U.S. Bankr. Ct. S.D.N.Y. (hereinafter the "GM Bankruptcy"), Doc.

---

[1] On June 1, 2009, GM Corp. filed Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York. Ultimately, GM Corp. sold most of its assets to a new GM entity called GM LLC. In connection with that purchase, GM LLC agreed to be subject to suit for certain claims, including product liability claims for injuries occurring in wrecks after the sale agreement.

2

13802, December 13, 2016 Show Cause Order, Ex. A.  The parties to that

proceeding *did not brief* the contractual assumption of punitive damages question,

but instead focused on whether injured plaintiffs could seek to recover punitive

damages against GM LLC because it is a successor to GM Corp.  To the extent that

the Bankruptcy Court discussed any contractual assumption issues in the June 12,

2017 Order that was attached to GM's reply, that discussion was *dicta* and merely

referenced a ruling in an earlier part of the bankruptcy proceedings that Ms.

Reichwaldt did not (and could not) take part in.

    Ms. Reichwaldt did not take part in those earlier proceedings for a very

simple reason – she had not yet filed a case against GM.  In the fall of 2015, the

New York Bankruptcy Court ordered briefing on the issue of whether GM LLC

could be subject to punitive damages based on conduct of GM Corp. because GM

LLC had assumed liability for those damages as part of the bankruptcy sale

agreement.  *See* GM Bankruptcy, Doc. 13416 Sep. 3, 2015 Scheduling Order,

excerpt attached as Ex. B.  That briefing arose out of claims asserted in the GM

Ignition Switch MDL.  The Bankruptcy Court entered an Order on November 9,

2015 finding that GM LLC did not assume liability for punitive damages based on

conduct of GM. Corp. *See In re Motors Liquidation Co.,* 541 B.R. 104, 108

(Bankr. S.D.N.Y. 2015).  The Bankruptcy Court's November 9, 2015 Order was

3

appealed as to several issues, *but the Court's ruling on punitive damages was not appealed by the parties to that Order*. Thus, the District Court for the Southern District of New York and the Second Circuit have never considered whether the November 2015 ruling was correct. Because Plaintiff Reichwaldt's case was not filed against GM LLC until May 19, 2016 more than six months after the Bankruptcy Court's November 2015 Order, Ms. Reichwaldt will make her own arguments regarding GM's assumption of liability when given the opportunity to do so.

*Second*, GM argues that Ms. Reichwaldt was represented by counsel and took part in the recent briefing that led to the June 12, 2017 Order. *See* Doc. 71-2. That argument also is false. Ms. Reichwaldt has never appeared in the New York Bankruptcy Court. Her sole interaction with the New York Bankruptcy Court was receipt of a letter from GM's lawyers in December 2016. Ms. Reichwaldt's counsel, Butler Wooten & Peak, are represented in the New York Bankruptcy Court by Goodwin Proctor, but that representation is on behalf of another client of BWP named Veronica Fox. Goodwin Proctor began representing BWP last year when GM filed a motion to enforce against Ms. Fox on June 1, 2016.[2] *See* GM

---

[2] GM's motion to enforce was filed to disrupt a trial date in the Fox case and distract her counsel as they prepared for trial. Notably, the Fox Motion was filed after GM had removed Ms. Reichwaldt's case to federal court, but GM chose not

4

Bankruptcy, Doc. 13642, Objection filed June 20, 2016, excerpt attached as Ex. C.

Goodwin Proctor's representation of BWP on behalf of Ms. Fox has continued

through the most recent round of briefing on successor liability issues that resulted

in the June 12, 2017 Order.  *See* Ex. A at 9 (identifying Goodwin Proctor as

counsel to the "Parties to the Motion to Enforce filed by New GM on June 1,

2016").  But Goodwin Proctor has never entered an appearance in the Bankruptcy

Court on behalf of Ms. Reichwaldt or made any filings on her behalf.

        In short, Plaintiff has never been given the opportunity to argue to *any* Court

that GM LLC assumed liability for punitive damages against GM Corp. as part of

the bankruptcy sale agreement.  Given GM's argument in the Reichwaldt case

pending before this Court, that issue must now be decided. The first question is: by

whom? The second question is: what decision is correct? The contract is perfectly

clear: the parties to the GM bankruptcy sale agreement clearly elected NOT to

exclude liability for PDs. They could have done so: the parties to the Chrysler

bankruptcy action, pending at the same time before the same court, did exclude

liability for punitive damages.  Plaintiff will make those arguments when given the

---

to include Ms. Reichwaldt in its filing.  Instead, GM waited until this Court was
getting ready to rule on Plaintiff's motion to compel before threatening Ms.
Reichwaldt with litigation in New York.  A pattern emerges.

chance to do so, either in response to a motion for summary judgment filed in this Court or in response to a filing in New York.

Regardless, none of these issues have anything to do with the Court's consideration of Plaintiff's Motion to Compel. GM did not address a key argument made by Plaintiff in her response to GM's motion for leave that makes GM's entire argument moot. Plaintiff argued that there is no reason to delay ruling on her Motion to Compel based on GM's newly made bankruptcy arguments because the very same evidence that would be relevant to a claim for punitive damages is also relevant to the "Georgia statute of repose which requires a showing that GM LLC was reckless, *or* wanton, *or* failed to warn. O.C.G.A § 51-1-11." Doc. 70 at 3. GM completely ignores this argument in its reply brief because it has no response. It seems clear that what is driving GM's motion is not any alleged concern over bankruptcy issues, but instead is a real fear by GM that the Court will grant Plaintiff's Motion to Compel.

Plaintiff prays that the Court deny GM's motion for leave and grant Plaintiff's Motion to Compel.

Respectfully submitted this the 24th day of July, 2017.

**BUTLER WOOTEN & PEAK LLP**

BY:  /s/ James E. Butler, Jr.
      JAMES E. BUTLER, JR.
      jim@butlerwooten.com
      Georgia Bar No. 099625
      ROBERT H. SNYDER
      rob@butlerwooten.com
      Georgia Bar No. 404522
      DAVID T. ROHWEDDER
      rohwedder@butlerwooten.com
      Georgia Bar No. 104056
      JOSEPH M. COLWELL
      joseph@butlerwooten.com
      Georgia Bar No. 531527
      Butler Wooten & Peak LLP
      105 13th Street
      Post Office Box 2766
      Columbus, Georgia 31902
      (706) 322-1990
      (706) 323-2962 (fax)

**ATTORNEYS FOR PLAINTIFF**

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the

foregoing filing complies with the applicable font and size requirements and is

formatted in Times New Roman, 14 point font.

/s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
  Georgia Bar No. 099625
ROBERT H. SNYDER
  Georgia Bar No. 404522
DAVID T. ROHWEDDER
  Georgia Bar No. 104056
JOSEPH M. COLWELL
  Georgia Bar No. 531527
Butler, Wooten & Peak LLP
105 13th Street
Post Office Box 2766
Columbus, Georgia 31902
(706) 322-1990
(706) 323-2962 (fax)

8

## CERTIFICATE OF SERVICE

This is to certify that on July 24, 2017, I electronically filed PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO GM'S MOTION FOR LEAVE [Doc. 69] with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

C. Bradford Marsh
Ashley W. Broach
SWIFT, CURRIE, MCGHEE
 & HIERS, LLP
1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309

Michael P. Cooney
Kelly Renee Houk
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, MI 48243

/s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
  Georgia Bar No. 099625
ROBERT H. SNYDER
  Georgia Bar No. 404522
DAVID T. ROHWEDDER
  Georgia Bar No. 104056
JOSEPH M. COLWELL
  Georgia Bar No. 531527
Butler Wooten & Peak LLP
105 13th Street
Post Office Box 2766
Columbus, Georgia 31902
(706) 322-1990
(706) 323-2962 (fax)

```
    ###   #        #  #           #
     #    ##      ##  #           #
     #    #  #  #  #  #           #
     #    #    #   #  #           #
     #    #        #  #     #     #
     #    #        #  #   #       #
     #    #        #  # # # #     #
 #   #    #        #  ##        ##
 #   #    #        #  #           #
  ###     #        #  #           #
```

Job  : 154
Date: 7/24/2017
Time: 10:51:15 AM

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| KAITLYN REICHWALDT | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | |
| vs. | * | 1:16-CV-02171-twt |
| | * | |
| GENERAL MOTORS LLC, | * | |
| | * | |
| Defendant. | * | |

## EXHIBIT LIST
## TO

### PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION
### TO GM'S MOTION FOR LEAVE [Doc. 69]

| Exhibit | Description |
|---|---|
| A | 12/13/2016 Show Cause Order |
| B | 09/03/2015 Scheduling Order (Excerpt) |
| C | 06/20/2016 Goodwin Proctor Notice of Appearance (Excerpt) |

# EXHIBIT  A

09-50026-mg    Doc 14016-9    Filed 07/28/17    Entered 07/28/17 15:09:51    Exhibit I
Case 1:16-cv-02171-TWT    Document 9236    Filed 07/24/17    Page 2 of 15

09-50026-mg    Doc 13802    Filed 12/13/16    Entered 12/13/16 13:39:56    Main Document
Pg 1 of 14

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re                                                  :        Chapter 11
                                                       :
MOTORS LIQUIDATION COMPANY, *et al.*,                  :        Case No.: 09-50026 (MG)
    f/k/a General Motors Corp., *et al.*,           :
                                                       :
             Debtors.                      :        (Jointly Administered)
-------------------------------------------------------------x

### ORDER TO SHOW CAUSE REGARDING CERTAIN ISSUES ARISING FROM LAWSUITS WITH CLAIMS ASSERTED AGAINST GENERAL MOTORS LLC ("NEW GM") THAT INVOLVE VEHICLES MANUFACTURED BY GENERAL MOTORS CORPORATION ("OLD GM")

> ANY PERSON/ENTITY THAT HAS AN OBJECTION ("OBJECTION") TO THE PROCEDURES SET FORTH HEREIN MUST FILE AN OBJECTION IN WRITING, WITH SPECIFICITY, WITH THE COURT AND SERVE THE OBJECTION ON THE NOTICE PARTIES SET FORTH ON EXHIBIT "A" HERETO ("NOTICE PARTIES"), WITHIN TWENTY (20) DAYS OF THE DATE OF THIS ORDER TO SHOW CAUSE.
>
> THE COURT WILL DECIDE WHETHER A HEARING IS REQUIRED WITH RESPECT TO ANY OBJECTION TIMELY FILED AND SERVED, AND IF ONE IS REQUIRED, IT WILL NOTIFY THE OBJECTOR(S) AND THE NOTICE PARTIES OF THE HEARING DATE.
>
> UNLESS THE COURT RULES OTHERWISE WITH RESPECT TO ANY TIMELY FILED AND SERVED OBJECTION, THE TERMS OF THIS ORDER TO SHOW CAUSE AND THE RULINGS MADE BY THE COURT WITH RESPECT TO THE 2016 THRESHOLD ISSUES SET FORTH HEREIN WILL BE BINDING ON THE NOTICE PARTIES AND ALL PERSONS/ENTITIES (INCLUDING WITHOUT LIMITATION PLAINTIFFS) RECEIVING NOTICE OF THIS ORDER TO SHOW CAUSE VIA FIRST CLASS MAIL.

Upon the Court's *Order Setting Case Management Conference for 11:30 a.m., November 16, 2016*, entered on October 18, 2016 (ECF Doc. # 13775); and upon the *Status Report Pursuant to Order Setting Case Management Conference (ECF Doc. # 13775)*, dated November 10, 2016 (ECF Doc. # 13786); and upon the record of the Case Management Conference held by the Court

09-50026-mg    Doc 14016-9    Filed 07/28/17    Entered 07/28/17 15:09:51    Exhibit I
Case 1:16-cv-02171-TWT    Document 9-39    Filed 07/24/17    Page 3 of 15
Pg 20 of 36

09-50026-mg    Doc 13802    Filed 12/13/16    Entered 12/13/16 13:39:56    Main Document
Pg 2 of 14

on November 16, 2016 ("November 16 Conference"); and the Court having issued directives from

the bench at the November 16 Conference which are set forth in this Order.

**NOW, THEREFORE, IT IS HEREBY**

ORDERED that, in accordance with the procedures set forth herein, the following issues

shall be addressed (collectively, the "2016 Threshold Issues") by the Court:

1.  In the context of (a) the April 2015 Decision/June 2015 Judgment, and (b) the November 2015 Decision/December 2015 Judgment, are Ignition Switch Plaintiffs[1] only those plaintiffs that are asserting claims against New GM based on an "Ignition Switch" in a "Subject Vehicle," and all other plaintiffs are Non-Ignition Switch Plaintiffs? If that is not correct, what did the Bankruptcy Court mean when it used the terms Ignition Switch Plaintiffs and Non-Ignition Switch Plaintiffs in (a) the April 2015 Decision/June 2015 Judgment, and (b) the November 2015 Decision/December 2015 Judgment?

2.  Are Non-Ignition Switch Plaintiffs able to assert Independent Claims against New GM based solely on New GM's conduct because (a) the Opinion permits such claims to be asserted, and/or (b) the Sale Order cannot bar Post-Closing Accident Plaintiffs in non-Subject Vehicles from asserting such claims, and/or (c) the Post-Closing Accident Plaintiffs in non-Subject Vehicles are not bound by the November 2015 Decision/December 2015 Judgment? or

    Are Non-Ignition Switch Plaintiffs barred from asserting Independent Claims against New GM either because (a) other than those plaintiffs represented by Mr. Peller in the *Elliott*, *Sesay* and *Bledsoe* cases that appealed the April 2015 Decision/June 2015 Judgment, they did not appeal the April 2015 Decision/June 2015 Judgment to the Second Circuit, and therefore the Opinion does not apply to them, and/or (b) they did not appeal the November 2015 Decision/December 2015 Judgment and/or the Opinion did not affect the rulings in the November 2015 Decision/December 2015 Judgment?

    If Non-Ignition Switch Plaintiffs are able to assert Independent Claims against New GM either in light of the Opinion and/or issues related to subject matter jurisdiction or due process: (i) are such alleged Independent Claims really disguised Assumed Liabilities, or successor liability claims dressed up to look like something else (*i.e.*, Retained Liabilities) and, therefore, cannot be asserted against New GM, and/or

---

[1]    Terms used herein and not otherwise defined shall have meanings ascribed to them in the Glossary attached hereto as Exhibit "B." Parties rights are reserved to contend that the definitions for the terms contained in the Glossary are different from how such terms were defined in prior Orders of the Bankruptcy Court.

09-50026-mg    Doc 14016-9    Filed 07/28/17    Entered 07/28/17 15:09:51    Exhibit I
Case 1:16-cv-02171-TWT    Document 9-36    Filed 07/24/17    Page 4 of 15

09-50026-mg    Doc 13802    Filed 12/13/16    Entered 12/13/16 13:39:56    Main Document
Pg 3 of 14

(ii) should all determinations with respect to alleged Independent Claims be left to non-bankruptcy judge(s)?

3.    Is the Opinion's holding that claims held by Used Car Purchasers are not covered by the Sale Order because they had no contact or relationship with Old GM limited to (a) only those parties that appealed the April 2015 Decision/June 2015 Judgment to the Second Circuit, and/or (b) Independent Claims asserted by Used Car Purchasers based solely on New GM conduct?

4.    Are Post-Closing Accident Plaintiffs bound by the Sale Order or may they bring successor liability claims against New GM and seek punitive damages in connection therewith notwithstanding the Court's rulings in the November 2015 Decision/December 2015 Judgment?

5.    Can the Ignition Switch Plaintiffs and/or Non-Ignition Switch Plaintiffs satisfy the requirements for authorization to file late proof(s) of claim against the GUC Trust and/or are such claims equitably moot ("Late Proof of Claim Issue")?

ORDERED that, unless otherwise further ordered by the Court, no discovery shall be authorized or take place in this Court regarding the 2016 Threshold Issues or any other issue related to the enforcement or applicability of the Sale Order to a claim against New GM; and it is further

ORDERED that the following procedures shall apply with respect to the resolution of the 2016 Threshold Issues, except the Late Proof of Claim Issue:

1.    Opening briefs of New GM and Plaintiffs ("Plaintiffs' Opening Brief") shall be filed and served by February 27, 2017 ("Opening Brief Deadline"), and each shall be no longer than 75 pages. The GUC Trust/Unitholders shall be permitted but are not required to file an opening brief by the Opening Brief Deadline, and such brief shall be no longer than twenty (20) pages;

2.    Brown Rudnick LLP and Goodwin Procter LLP are hereby designated as the drafters of the Plaintiffs' Opening Brief. Brown Rudnick and Goodwin Procter shall circulate a draft of the Plaintiffs' Opening Brief to all plaintiffs at least ten (10) business days prior to the Opening Brief Deadline to provide all plaintiffs with an opportunity to review the draft Plaintiffs' Opening Brief and provide comments on same.

Nothing in this Order to Show Cause is intended to nor shall it preclude any other plaintiff's counsel (or *pro se* plaintiff), affected by the 2016 Threshold Issues, from taking a position in connection with any such matters; *provided, however*, that such affected other plaintiff's counsel (or *pro se* plaintiff) who wishes to file a separate opening brief with respect to the 2016 Threshold Issues shall file a letter with the Court at least five (5) business days prior to the Opening Brief Deadline seeking

3

09-50026-mg    Doc 14016-9    Filed 07/28/17    Entered 07/28/17 15:09:51    Exhibit I
Pg 22 of 36
Case 1:16-cv-02171-TWT    Document 72-3    Filed 07/24/17    Page 5 of 15

09-50026-mg    Doc 13802    Filed 12/13/16    Entered 12/13/16 13:39:56    Main Document
Pg 4 of 14

permission to do so. Such letter shall specify (a) which issue is to be covered, (b) the length of the brief ("Supplemental Opening Brief") sought to be filed, and (c) why such issue is not otherwise covered by the Plaintiffs' Opening Brief. The Court will decide the appropriate relief based on any timely filed letters, it being understood that the Court desires to avoid duplicative arguments and to limit the number of briefs on the same issue(s). Any Supplemental Opening Brief must be filed and served by the Opening Brief Deadline or such other date established by the Court.

Notwithstanding the foregoing, the *Pope* Plaintiffs, the *Pillars* Plaintiffs, the *Pilgrim* Plaintiffs and the *Elliott, Sesay* and *Bledsoe* Plaintiffs shall be permitted to file a Supplemental Opening Brief to address issues not covered in the Plaintiffs' Opening Brief by the Opening Brief Deadline, with each such brief being limited to fifteen (15) pages.

3.    Reply briefs by New GM ("New GM's Reply Brief") and Plaintiffs ("Plaintiffs' Reply Brief") shall be filed and served by April 7, 2017 ("Reply Brief Deadline"). New GM's Reply Brief and Plaintiffs' Reply Brief shall be no longer than 50 pages, *provided, however*, (i) New GM may also have an additional twenty (20) pages to respond to the Supplemental Opening Briefs, and (ii) Brown Rudnick LLP/Goodwin Procter LLP may also have an additional ten (10) pages to respond to the Supplemental Opening Briefs.

Brown Rudnick LLP and Goodwin Procter LLP are hereby designated as the drafters of the Plaintiffs' Reply Brief. Brown Rudnick and Goodwin Procter shall circulate a draft of the Plaintiffs' Reply Brief to all plaintiffs at least five (5) business days prior to the Reply Brief Deadline to provide all plaintiffs with an opportunity to review the draft Plaintiffs' Reply Brief and provide comments on same.

Nothing in this Order to Show Cause is intended to nor shall it preclude any other plaintiff's counsel (or *pro se* plaintiff) affected by the 2016 Threshold Issues from filing a reply brief, *provided, however*, that any such affected other plaintiff's counsel (or *pro se* plaintiff) who wishes to file a separate reply brief shall file a letter with the Court at least three (3) business days prior to the Reply Brief Deadline seeking permission to do so. Such letter shall specify (a) which issue is to be covered, (b) the length of the reply brief ("Supplemental Reply Brief") sought to be filed, and (c) why such issue is not otherwise covered by the Plaintiffs' Reply Brief. The Court will decide the appropriate relief based on any timely filed letters. Any Supplemental Reply Brief must be filed and served by the Reply Brief Deadline or such other date established by the Court.

Nothing in this Order to Show Cause is intended to nor shall it preclude the GUC Trust/Unitholders from filing a reply brief, *provided, however*, that the GUC Trust/Unitholders shall file a letter with the Court at least three (3) business days prior to the Reply Brief Deadline seeking permission to do so. Such letter shall specify (a) which issue is to be covered, and (b) the length of the reply brief sought

09-50026-mg   Doc 14016-9   Filed 07/28/17   Entered 07/28/17 15:09:51   Exhibit I
Case 1:16-cv-02171-TWT   Document 9-29   Filed 07/24/17   Page 6 of 15
Pg 23 of 36

09-50026-mg   Doc 13802   Filed 12/13/16   Entered 12/13/16 13:39:56   Main Document
Pg 5 of 14

to be filed. The Court will decide the appropriate relief based on any timely filed letter. Any reply brief by the GUC Trust/Unitholders must be filed and served by the Reply Brief Deadline or such other date established by the Court.

4.   The Court has scheduled oral argument for the 2016 Threshold Issues for April 20, 2017 at 9:00 AM.

**ORDERED** that the following procedures shall apply to the Late Proof of Claim Issue:

1.   Brown Rudnick LLP and Goodwin Procter LLP (on behalf of their respective clients) shall file motions (collectively, the "Late Claim Motions") seeking authority to file late proof(s) of claim by no later than December 22, 2016. The Late Claim Motions shall include draft proofs of claim. The Late Claim Motions shall only address the authority to file late proof(s) of claim, and shall not address other issues, including without limitation issues relating to (i) whether a class proof of claim can be filed, (ii) class certification, (iii) discovery, or (iv) the merits of any late proof(s) of claim. If other plaintiffs wish to join in a Late Claim Motion, they shall file a joinder (not to exceed two pages) with the Court by January 6, 2017. Any plaintiff filing a joinder need not file a proof of claim until further order of the Court.

2.   The Court shall hold a status conference ("Late Claim Motions Status Conference") with respect to the Late Claim Motions on January 12, 2017 at 9:00 AM to address any issues arising from the Late Claim Motions, including without limitation (i) whether discovery is necessary with respect to the Late Claim Motions, (ii) if discovery is necessary, the appropriate parameters of such discovery, and (iii) an appropriate briefing schedule for the Late Claim Motions, including deadlines for objections and replies, *provided, however*, that while the briefing and adjudication of the Late Claim Motions filed by Brown Rudnick LLP and/or Goodwin Procter LLP on behalf of Ignition Switch Plaintiffs is intended to go forward, the relief sought by Non-Ignition Switch Plaintiffs shall be stayed pending the Court's resolution of the other 2016 Threshold Issues and no briefing with respect to the Late Claim Motions filed on behalf of Non-Ignition Switch Plaintiffs shall take place pending such stay, *provided, further*, that such stay shall not impact any discovery authorized by the Bankruptcy or District Court relating to the claims of the Non-Ignition Switch Plaintiffs.

3.   Between the time of the filing of the Late Claim Motions and the Late Claim Motions Status Conference, the proponents of the Late Claim Motions, New GM, the GUC Trust and the Unitholders shall meet and confer in an effort to consensually resolve as many issues as possible that are raised in the Late Claim Motions;

**ORDERED** that within five (5) business days of the entry of this Order to Show Cause,

New GM shall serve by first class mail a copy of this Order to Show Cause on the Notice Parties

09-50026-mg   Doc 14016-9   Filed 07/28/17   Entered 07/28/17 15:09:51   Exhibit I
Case 1:16-cv-02171-TWT   Document 72-3   Filed 07/24/17   Page 7 of 15
Pg 24 of 36

09-50026-mg   Doc 13802   Filed 12/13/16   Entered 12/13/16 13:39:56   Main Document
Pg 6 of 14

and any other plaintiffs (or their representatives) in any lawsuit where New GM is a defendant and

the vehicle at issue in such lawsuit was manufactured by Old GM; and it is further

**ORDERED** that the Court shall retain exclusive jurisdiction to interpret/enforce this

Order.

**IT IS SO ORDERED.**

Dated: December 13, 2016
       New York, New York

_____/s/ Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge

09-50026-mg    Doc 14016-9    Filed 07/28/17    Entered 07/28/17 15:09:51    Exhibit I
Case 1:16-cv-02171-TWT    Document 92-3    Pg 25 of 36    Filed 07/24/17    Page 8 of 15

09-50026-mg    Doc 13802    Filed 12/13/16    Entered 12/13/16 13:39:56    Main Document
Pg 7 of 14

## EXHIBIT "A"

## NOTICE PARTIES

| | |
|---|---|
| Arthur Steinberg, Esq.<br>Scott Davidson, Esq.<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 556-2100<br>Facsimile: (212) 556-2222<br>asteinberg@kslaw.com<br>sdavidson@kslaw.com<br><br>*Counsel for General Motors LLC* | Richard C. Godfrey, P.C.<br>Andrew B. Bloomer, P.C.<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>rgodfrey@kirkland.com<br>abloomer@kirkland.com<br><br>*Counsel for General Motors LLC* |
| Edward S. Weisfelner, Esq.<br>Howard Steel, Esq.<br>BROWN RUDNICK LLP<br>Seven Times Square<br>New York, NY 10036<br>T: 212-209-4800<br>eweisfelner@brownrudnick.com<br>hsteel@brownrudnick.com<br><br>*Designated Counsel for Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs in the Bankruptcy Court* | Sander L. Esserman, Esq.<br>STUTZMAN, BROMBERG,<br>  ESSERMAN & PLIFKA<br>2323 Bryan Street, Suite 2200<br>Dallas, TX 75201<br>T: 214-969-4900<br>esserman@sbep-law.com<br><br>*Designated Counsel for Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs in the Bankruptcy Court* |
| William Weintraub, Esq.<br>Gregory Fox, Esq.<br>GOODWIN PROCTER LLP<br>620 Eighth Avenue<br>New York, NY 10018<br>T: 212-813-8800<br>wweintraub@goodwinprocter.com<br>gfox@goodwinprocter.com<br><br>*Designated Counsel for Ignition Switch Pre-Sale Accident Plaintiffs and counsel to certain Ignition Switch Post-Closing Accident Plaintiffs and certain Non-Ignition Switch Post-Closing Accident Plaintiffs* | Robert Hilliard, Esq.<br>HILLIARD MUNOZ GONZALES LLP<br>719 South Shoreline<br>Suite 500<br>Corpus Christi, TX 78401<br>T: 361-882-1612<br>bobh@hmglawfirm.com<br><br>*Lead Counsel in MDL 2543* |

7

09-50026-mg   Doc 14016-9   Filed 07/28/17   Entered 07/28/17 15:09:51   Exhibit I
Pg 26 of 36
Case 1:16-cv-02171-TWT   Document 92-3   Filed 07/24/17   Page 9 of 15

09-50026-mg   Doc 13802   Filed 12/13/16   Entered 12/13/16 13:39:56   Main Document
Pg 8 of 14

| | |
|---|---|
| Elizabeth J. Cabraser, Esq.<br>LIEFF, CABRASER, HEIMANN &<br>  BERNSTEIN, L.L.P.<br>275 Battery Street<br>Embarcadero Center W.<br>San Francisco, CA 94111<br>T: 415- 956-1000<br>ecabraser@lchb.com<br><br>*Lead Counsel in MDL 2543* | Steve W. Berman, Esq.<br>HAGENS BERMAN SOBOL<br>  SHAPIRO LLP<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WN 98101<br>T: 206-623-7292<br>steve@hbsslaw.com<br><br>*Lead Counsel in MDL 2543* |
| Matthew J. Williams, Esq.<br>Keith R. Martorana, Esq.<br>Lisa Rubin, Esq.<br>Mitch Karlan, Esq.<br>Gabriel Gillett, Esq.<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>T: 212-351-3845<br>mjwilliams@gibsondunn.com<br>kmartorana@gibsondunn.com<br>lrubin@gibsondunn.com<br>mkarlan@gibsondunn.com<br>ggillett@gibsondunn.com<br><br>*Counsel for Wilmington Trust Company as<br>GUC Trust Administrator* | Gary Peller, Esq.<br>GARY PELLER, ESQ.<br>600 New Jersey Avenue, NW<br>Washington, DC 20001<br>T: 202-662-9122<br>peller@law.georgetown.edu<br><br>*Counsel for Bledsoe Plaintiffs, Elliott<br>Plaintiffs and Sesay Plaintiffs* |
| Daniel H. Golden, Esq.<br>Deborah Newman, Esq.<br>AKIN GUMP STRAUSS<br>  HAUER & FELD LLP<br>One Bryant Park<br>New York, NY 10036<br>T: 212-872-1000<br>dgolden@akingump.com<br>djnewman@akingump.com<br><br>*Counsel for Participating GUC Trust Unit<br>Holders* | Jonathan L. Flaxer, Esq.<br>Preston Ricardo, Esq.<br>Michael Weinstein, Esq.<br>GOLENBOCK EISENMAN<br>  ASSOR BELL & PESKOE LLP<br>711 Third Avenue<br>New York, NY 10017<br>T: 212-907-7300<br>jflaxer@golenbock.com<br>pricardo@golenbock.com<br>mweinstein@golenbock.com<br><br>*Counsel for Groman Plaintiffs* |

09-50026-mg   Doc 14016-9   Filed 07/28/17   Entered 07/28/17 15:09:51   Exhibit I
Case 1:16-cv-02171-TWT   Document 72-36   Filed 07/24/17   Page 10 of 15

09-50026-mg   Doc 13802   Filed 12/13/16   Entered 12/13/16 13:39:56   Main Document
Pg 9 of 14

| | |
|---|---|
| Alexander Schmidt, Esq.<br>Malcolm T. Brown, Esq.<br>WOLF HALDENSTEIN ADLER<br>  FREEMAN & HERZ LLP<br>270 Madison Avenue<br>New York, NY  10016<br>T: 212-545-4600<br>schmidt@whafh.com<br>brown@whafh.com<br><br>*Counsel for ABC Flooring, Inc., et al.* | Joshua P. Davis, Esq.<br>JOSH DAVIS LAW FIRM<br>1010 Lamar, Suite 200<br>Houston, TX 77002<br>T: 713-337-4100<br>josh@thejdfirm.com<br><br>*Counsel for Doris Phillips* |

**Parties to the Motion to Enforce, filed by New GM on June 1, 2016 (ECF Doc. # 13634)**

| | |
|---|---|
| Tab Turner, Esq.<br>TURNER & ASSOC.<br>4705 Somers Ave., S-100,<br>North Little Rock, AR 72116<br>T: 501-791-2277 – Phone<br>tab@tturner.com<br><br>*Counsel for Tibbetts and Chapman Plaintiffs* | William Weintraub, Esq.<br>Gregory Fox, Esq.<br>GOODWIN PROCTER LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY  10018<br>T: 212-813-8800<br>wweintraub@goodwinprocter.com<br>gfox@goodwinprocter.com<br><br>*Designated Counsel for Certain Pre-Sale<br>Accident Plaintiffs and Post-Closing Accident<br>Plaintiffs* |

**Parties to the Motion to Enforce filed by New GM on June 24, 2016 (ECF Doc. # 13655)**

| | |
|---|---|
| Laurence B. Springberg, Esq.<br>THOMAS & SPRINGBERG<br>844 East Sahara Ave.<br>Las Vegas, NV 89104-3017<br>T: (702) 731-9222<br>lspringberg@thomasandspringberg.com<br><br>*Counsel for the Atanaw Plaintiff* | Martin E. Regan, Esq.<br>REGAN LAW PLC<br>2125 St Charles Ave.<br>New Orleans, LA 70130<br>T: (504) 522-7260<br>mregan@reganlaw.net<br>lrayon@reganlaw.net<br><br>*Counsel for the Barbot Plaintiffs* |

09-50026-mg    Doc 14016-9    Filed 07/28/17    Entered 07/28/17 15:09:51    Exhibit I
Pg 28 of 36
Case 1:16-cv-02171-TWT    Document 72-3    Filed 07/24/17    Page 11 of 15

09-50026-mg    Doc 13802    Filed 12/13/16    Entered 12/13/16 13:39:56    Main Document
Pg 10 of 14

| | |
|---|---|
| Rick Morrison, Esq.<br>7149 Mid Pines Dr,<br>Montgomery, AL 36117<br>bluegrayton@me.com<br><br>Keith Medley, Esq.<br>JOHNSON, PASEUR & MEDLEY, LLC<br>1847 North Wood Ave.<br>Florence, AL 35630<br>T: (256) 766-3131<br>keith.medley@johnsonpaseur.com<br><br>*Counsel for the Black Plaintiff* | Kenneth C. Anthony, Jr., Esq.<br>K. Jay Anthony, Esq.<br>ANTHONY LAW FIRM, P.A.<br>P.O. Box 3565<br>250 Magnolia Street<br>Spartanburg, S.C. 29306<br>T: (864) 582-2355<br>kanthony@anthonylaw.com<br>janthony@anthonylaw.com<br><br>*Counsel for the Moore Plaintiffs* |
| Joram Hirsch, Esq.<br>ADELMAN HIRSCH & CONNORS LLP<br>1000 Lafayette Blvd<br>Bridgeport, CT 06604<br>T: 203-331-8888<br>jhirsch@ahctriallaw.com<br><br>*Counsel for the Pitterman Plaintiffs* | Kris Ted Ledford, Esq.<br>LEDFORD LAW FIRM<br>Heritage Professional Plaza<br>425 East 22nd Street, Suite 101<br>Owasso, OK 74055<br>T: (918) 376-4610<br>kris@ledford-lawfirm.com<br><br>*Counsel for the Pope Plaintiffs* |
| Steven J. Crowley, Esq.<br>CROWLEY, BUNGER & PRILL<br>3012 Division St.<br>Burlington, IA 52601<br>T: (319) 753-1330<br>scrowley@cbp-lawyers.com<br><br>*Counsel for the Boker Plaintiffs* | Michael Andrews, Esq.<br>BEASLEY, ALLEN, CROW, METHVIN,<br>  PORTIS & MILES, P.C.<br>P.O. Box 4160<br>Montgomery, Alabama 36104<br>mike.andrews@beasleyallen.com<br><br>*Counsel for the Neal Plaintiffs* |
| Paul Minix<br>2330 Quail Lane<br>Longview, Texas 75602<br><br>*Minix – Pro Se Plaintiff* | |

09-50026-mg    Doc 14016-9    Filed 07/28/17    Entered 07/28/17 15:09:51    Exhibit I
Case 1:16-cv-02171-TWT   Document 72-36   Filed 07/24/17   Page 12 of 15

09-50026-mg    Doc 13802    Filed 12/13/16    Entered 12/13/16 13:39:56    Main Document
Pg 11 of 14

**Parties Subject to the Pilgrim Motion to Enforce**

| | |
|---|---|
| André E. Jardini, Esq.<br>K.L. Myles, Esq.<br>KNAPP, PETERSEN & CLARKE<br>550 North Brand Boulevard, Suite 1500<br>Glendale, CA 91203<br>T: (818) 547-5000<br>aej@kpclegal.com<br>klm@kpclegal.com<br><br>*Counsel for the Pilgrim Plaintiffs* | Sean C. Southard, Esq.<br>Brendan M. Scott, Esq.<br>KLESTADT WINTERS JURELLER<br>SOUTHARD & STEVENS, LLP<br>200 West 41st Street, 17th Floor<br>New York, NY 10036<br>T: (212) 972-3000<br>ssouthard@klestadt.com<br>bscott@klestadt.com<br><br>*Counsel for the Pilgrim Plaintiffs* |

**Other Parties**

| | |
|---|---|
| Victor J. Mastromarco, Esq.<br>Russell C. Babcock, Esq.<br>THE MASTROMARCO FIRM<br>1024 N. Michigan Ave<br>Saginaw, MI 48602<br>T: (989) 752-1414<br>vmastromarco@aol.com<br>russellbabcock@aol.com<br><br>*Counsel for the Pillars Plaintiffs* | |

11

09-50026-mg    Doc 14016-9    Filed 07/28/17    Entered 07/28/17 15:09:51    Exhibit I
Case 1:16-cv-02171-TWT    Document 22-36    Filed 07/24/17    Page 13 of 15
Pg 30 of 36

09-50026-mg    Doc 13802    Filed 12/13/16    Entered 12/13/16 13:39:56    Main Document
Pg 12 of 14

## EXHIBIT "B"

## GLOSSARY OF TERMS

| | |
|---|---|
| 363 Sale | The sale of assets of Old GM to New GM pursuant to Section 363 of the Bankruptcy Code, which was approved by the Bankruptcy Court on July 5, 2009 and closed on July 10, 2009. |
| April 2015 Decision | *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y 2015). |
| Assumed Liabilities | Certain specifically-identified liabilities listed in Section 2.3(a) of the Sale Agreement that New GM agreed to assume in connection with the 363 Sale. |
| Bankruptcy Code | Refers to the United States Bankruptcy Code. Statutory Citation: 11 U.S.C. §§ 101, *et seq.* |
| Bankruptcy Court or the Court | United States Bankruptcy Court for the Southern District of New York. |
| December 2015 Judgment | Judgment entered by the Bankruptcy Court on December 4, 2015. [ECF No. 13563].[2] |
| GUC Trust | Motors Liquidation Company General Unsecured Creditors Trust. |
| Ignition Switch | An ignition switch designed and/or sold by Old GM that gave rise to NHTSA Recall No. 14v047 which are in the Subject Vehicles. |
| Ignition Switch Plaintiff | Plaintiffs (either asserting economic loss claims, or claims based on personal injury or wrongful death that arose from accidents that occurred either prior to or after the closing of the 363 Sale) whose claims are based on or arise from the Ignition Switch in a Subject Vehicle. |
| Independent Claims | "[A] claim or cause of action asserted against New GM that is based solely on New GM's own independent post-Closing acts or conduct. Independent Claims do not include (a) Assumed Liabilities, or (b) Retained Liabilities, which are any Liabilities that Old GM had prior to the closing of the 363 Sale that are not Assumed Liabilities." December 2015 Judgment, at 2 n.3. |
| June 2015 Judgment | Judgment entered by the Bankruptcy Court on June 1, 2015. [ECF No. 13177] |

---

[2]    All references herein to the Electronic Case Filing ("**ECF**") docket relate to *In re Motors Liquidation Company, et al.*, Case No. 09-50026 (MG) (Bankr. S.D.N.Y.).

09-50026-mg    Doc 14016-9    Filed 07/28/17    Entered 07/28/17 15:09:51    Exhibit I
Case 1:16-cv-02171-TWT    Document 12-36    Filed 07/24/17    Page 14 of 15
Pg 31 of 36

09-50026-mg    Doc 13802    Filed 12/13/16    Entered 12/13/16 13:39:56    Main Document
Pg 13 of 14

| New GM | General Motors LLC |
|---|---|
| Non-Ignition Switch Plaintiffs | All plaintiffs (whether asserting economic loss claims, or personal injury and/or wrongful death claims based on accidents that occurred prior to or after the closing of the 363 Sale) other than Ignition Switch Plaintiffs. |
| November 2015 Decision | *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015) |
| Old GM | Motors Liquidation Company, formerly known as General Motors Corporation, that filed a bankruptcy petition in the Bankruptcy Court on June 1, 2009 |
| Opinion | *Elliott et al. v. General Motors LLC (In re Motors Liquidation Co.)*, 829 F.3d 135 (2d Cir. 2016). |
| Post-Closing Accident Plaintiffs | Plaintiffs asserting personal injury or wrongful death claims based on or arising from an accident involving an Old GM vehicle that occurred after the closing of the 363 Sale. |
| Sale Agreement | *Amended and Restated Master Sale and Purchase Agreement By and Among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation and Chevrolet-Saturn of Harlem, Inc., as Sellers and NGMCO, Inc., as Purchaser* (as amended) [ECF No. 2968-2]. |
| Sale Order | *Order (i) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (ii) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (iii) Granting Related Relief*, entered by the Bankruptcy Court on July 5, 2009 [ECF No. 2968]. |
| Second Circuit | United States Court of Appeals for the Second Circuit. |
| Subject Vehicle | (A) 2005-2007 Chevrolet Cobalt and Pontiac G5, 2003-2007 Saturn Ion, 2006-2007 Chevrolet HHR, 2005-2006 Pontiac Pursuit (Canada), 2006-2007 Pontiac Solstice and 2007 Saturn Sky vehicles; and (B) 2008-2010 Pontiac Solstice and G5; 2008-2010 Saturn Sky; 2008-2010 Chevrolet Cobalt; and 2008-2011 Chevrolet HHR vehicles. |
| Unitholders | Participating holders of GUC Trust units. |

13

09-50026-mg   Doc 14016-9   Filed 07/28/17   Entered 07/28/17 15:09:51   Exhibit I
Case 1:16-cv-02171-TWT   Document 72-36   Filed 07/24/17   Page 15 of 15

09-50026-mg   Doc 13802   Filed 12/13/16   Entered 12/13/16 13:39:56   Main Document
Pg 14 of 14

| Used Car Purchasers | Plaintiffs who have commenced lawsuits against New GM concerning vehicles manufactured by Old GM that were purchased used by plaintiffs from third parties after the closing of the 363 Sale. For the avoidance of doubt, Used Car Purchasers do not include plaintiffs that purchased used Old GM vehicles as certified pre-owned vehicles from authorized New GM dealers. |
|---|---|

14

# EXHIBIT  B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------X

## SCHEDULING ORDER REGARDING CASE MANAGEMENT ORDER
## RE: NO-STRIKE, NO STAY, OBJECTION, AND GUC TRUST ASSET PLEADING

Upon the Court's Case Management Order, dated August 19, 2015 ("**August 19 Order**"), regarding issues related to No-Strike, No Stay, Objection and GUC Trust Asset Pleadings (each as defined in the Court's Judgment, dated June 1, 2015 ("**Judgment**")); and upon responses thereto being filed on August 26, 2015 by certain parties in connection with the issues raised in the August 19 Order; and upon the record of the Case Management Conference held before the Court on August 31, 2015 ("**August 31 Conference**"); and due and proper notice of the August 31 Conference having been provided; and the Court having issued directives from the bench at the August 31 Conference in connection with the issues raised thereat which are memorialized in this Order. Accordingly, it is hereby

ORDERED that the following procedures shall apply:

1.　The briefing schedule with respect to the issue ("**Punitive Damages Issue**") in complaints filed against General Motors LLC ("**New GM**") that request punitive/special/exemplary damages against New GM based in any way on the conduct of Motors Liquidation Co. (f/k/a General Motors Corporation) ("**Old GM**"), shall be as follows: (i) simultaneous opening briefs shall be filed by Sunday, September 13, 2015 at 12:00 noon (Eastern Time), and shall be no longer than 25 pages; and (ii) simultaneous reply briefs shall be filed by no later than Tuesday, September 22, 2015 at 12:00 noon (Eastern Time), and shall be no longer than 10 pages.[1] Designated Counsel for the Bellwether Cases (as herein

---

[1]　Hard copies of the briefs referred to in this paragraph may be delivered to Chambers the next business day.

26744235v2

**Objection Deadline: June 20, 2016 at 4:00 p.m. (ET)**
**Hearing Date and Time: June 27, 2016 at 11:00 a.m. (ET)**

William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
T: 212-813-8800
E: wweintraub@goodwinprocter.com
E: gfox@goodwinprocter.com

*Counsel for Turner & Associates, P.A. and*
*Butler Wooten & Peak LLP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                               :

In re:                        :        Chapter 11

MOTORS LIQUIDATION COMPANY, et al.,  :        Case No.: 09-50026 (MG)

       f/k/a General Motors Corp., et al.,  :

                               :

                   Debtors.    :        (Jointly Administered)

--------------------------------------------------------------X

## OBJECTION BY STATE COURT PLAINTIFFS TO MOTION BY GENERAL MOTORS LLC PURSUANT TO 11 U.S.C. §§ 105 AND 363 TO ENFORCE THE BANKRUPTCY COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION, AND THE RULINGS IN CONNECTION THEREWITH

Turner & Associates, P.A. (the "**Turner Firm**"), as counsel to the plaintiffs in the

Chapman Lawsuit[1] pending in the Arkansas State Court and the Tibbetts Lawsuit pending in the

New Mexico State Court,[2] and Butler Wooten & Peak LLP ("**BW&P**"), as counsel to the

plaintiff in the Fox Lawsuit pending in the Georgia State Court, by and through undersigned

counsel hereby respectfully submit this objection (the "**Objection**") to the *Motion by General*

*Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Bankruptcy Court's July 5,*

*2009 Sale Order and Injunction, and the Rulings In Connection Therewith*, which was filed on

June 1, 2016 [Docket No. 13634] (the "**Motion**"). In support of this Objection, the Turner Firm

and BW&P (together, the "**Objecting Firms**") respectfully state as follows:

## PRELIMINARY STATEMENT

The Objecting Firms represent the State Court Plaintiffs, each of whom were injured or

killed <u>after</u> the July 10, 2009 closing of the 363 Sale in incidents involving vehicles

manufactured by Old GM. None of the vehicles at issue in the State Court Lawsuits were among

the models of vehicles containing the "Ignition Switch Defect"[3] and none of the State Court

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion (defined below).

[2] The Turner Firm also represents the Plaintiff in the Lemus Lawsuit pending before the New Mexico State Court, which was referenced in New GM's Motion. As of the date hereof, the Lemus Lawsuit has been settled and is no longer at issue in these proceedings. Moreover, after meeting and conferring with counsel to New GM, the Turner Firm has filed amended complaints in the Tibbetts Lawsuit and the Chapman Lawsuit to assuage New GM's concerns regarding certain wording in those complaints expressed in paragraphs 57 through 62 of the Motion. Those revised complaints are attached hereto as **Exhibit A**. BW&P, as Plaintiff's counsel in the Fox Lawsuit pending in Georgia State Court, has likewise been conferring with counsel to New GM, have filed a First Recast & Amended Complaint, to which counsel for New GM has commented, and have offered to file a Second Recast & Amended Complaint. Those discussions continue. Accordingly, this Objection shall only focus on New GM's argument that the State Court Plaintiffs cannot pursue punitive damages or Independent Claims (defined below).

[3] The term "Ignition Switch Defect" was defined in Judge Gerber's April 2015 Decision as follows: "In March 2014, New GM announced to the public, for the first time, serious defects in ignition switches that had been installed in Chevy Cobalts and HHRs, Pontiac G5s and Solstices,