# Exhibit J

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KAITLYN REICHWALDT, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | File No.: 1:16-cv-02171-TWT |
| | ) | |
| v. | ) | |
| | ) | |
| GENERAL MOTORS LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GENERAL MOTORS LLC'S RESPONSE TO
PLAINTIFF'S SUPPLEMENTAL BRIEF IN
OPPOSITION TO GM'S MOTION FOR LEAVE**

General Motors LLC ("New GM") is constrained to file this response to *Plaintiff's Supplemental Brief in Opposition to GM's Motion for Leave [Doc. 72]* ("Plaintiff's Supplemental Brief") in order to correct new, additional, misstatements made by Plaintiff with respect to the Bankruptcy Court's[1] rulings, and Plaintiff's participation in Bankruptcy Court proceedings. New GM is mindful of the number of filings that have been made in connection with the Motion to Compel, but the bankruptcy issues are significant, and whenever misstatements are

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in *General Motors LLC's Reply In Support Of Its Motion For Leave To File Sur-Reply In Support Of Its Opposition To Plaintiff's Motion To Compel*, filed on July 20, 2017 [Doc. 71] ("New GM's Reply").

1

made in publicly filed documents regarding the bankruptcy proceedings, New GM must respond to make the record clear.

**I.     The Bankruptcy Court's Ruling With Respect to Punitive Damages in the July 2017 Decision Is Not *Dicta***

One of the Threshold Issues addressed by the Bankruptcy Court was whether "Post–Closing Accident Plaintiffs [*e.g.*, the Plaintiff] [can] pursue claims against New GM for punitive damages based on Old GM's conduct." *In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2963374 (Bankr. S.D.N.Y. July 12, 2017) ("July 2017 Decision"), at *1. The Bankruptcy Court unequivocally held that plaintiffs, like Plaintiff herein, cannot seek punitive damages based on Old GM conduct. In making this ruling, the Bankruptcy Court held:

> Judge Gerber ruled, as a matter of contract interpretation, that New GM did not assume liability for punitive damages based on Old GM's conduct in the Sale Agreement. . . . The Second Circuit Opinion did not review the November Decision, and the November Decision was not appealed. Judge Gerber's ruling ***therefore remains law of the case*** and New GM cannot be held liable for punitive damages on a contractual basis.

*Id.* at *7 (emphasis added). Clearly, an express ruling that an issue is the "law of the case" is not *dicta*.[2] *See, e.g.*, *Cary Oil Co., Inc. v. MG Refining & Marketing, Inc.*, 257 F.Supp.2d 751, 765 (S.D.N.Y. 2003) ("Judge Kaplan made these rulings

---

[2] Given Plaintiff's actions and her position on punitive damages, New GM will file a motion to enforce the Bankruptcy Court's rulings with the Bankruptcy Court this week, no later than Friday, July 28, 2017.

2

while explaining his reasons for denying Defendants' motion for summary judgment, which renders such language necessary to the holding and therefore not dicta."). In particular, by stating that this ruling was the "law of the case," Bankruptcy Judge Glenn was necessarily holding that his contractual interpretation of the Sale Agreement between Old GM and New GM, which the Bankruptcy Court had approved, would be binding on all alleged creditors of Old GM, including Plaintiff.[3]  *See Motors Liquidation Co. Avoidance Action Trust v. JPMorgan Chase Bank, N.A., et al. (In re Motors Liquidation Co.)*, 552 B.R. 253, 273-76 (Bankr. S.D.N.Y. 2016) (holding that the "law of the case" doctrine applied to interlocutory orders extending time to serve the amended summons and complaint on the defendants, even though the issues in "Phase I" of the litigation were decided by the Second Circuit without their participation and at a time when they were unserved).

II. **Plaintiff was on Notice of the Threshold Issues, Participated in Their Resolution, and Is Bound by the Bankruptcy Court's Rulings**

As stated in New GM's Reply, Goodwin Proctor LLP appeared in the Bankruptcy Court on behalf of: "Those Certain Post-Closing Accident Plaintiffs

---

[3] Butler Wooten represented another plaintiff in connection with the proceedings leading to the December 2015 Judgment, and had the opportunity to make whatever arguments it believed were appropriate in connection with the punitive damages issue decided by the December 2015 Judgment. For the bankruptcy punitive damages issue, the Plaintiff is in the same position as Butler Wooten's other client.

3

Represented By Butler Wooten & Peak LLP . . . ." Plaintiff's Joint Opening Brief, Cover Page.[4] This statement was not qualified in any respect, and Goodwin Proctor never stated *at any time* during the Bankruptcy Court proceedings leading to the July 2017 Decision that it was only representing certain of the plaintiffs represented by the Butler Wooten firm that had sued New GM, and not others.[5] If there is any issue as to who Goodwin Proctor represented in the Bankruptcy Court (there is none), Bankruptcy Judge Glenn should make that determination.

Furthermore, whether or not Plaintiff was represented in the Bankruptcy Court in connection with the Threshold Issues (she *was*), Plaintiff *concedes* that she was timely served with the December 2016 Show Cause Order, which identified the Threshold Issues that the Bankruptcy Court would address. *See* Plaintiff's Supplemental Brief, at 4 (Plaintiff's "sole interaction with the New York

---

[4] *See also* Plaintiff's Joint Opening Brief, at 1 ("The Ignition Switch Plaintiffs, certain Non-Ignition Switch Plaintiffs, and those Post- Closing Accident Plaintiffs represented by the following law firms (i) Butler Wooten & Peak LLP . . . respectfully submit the *Plaintiffs' Joint Opening Brief On The 2016 Threshold Issues* . . ."). Plaintiff's Joint Opening Brief is attached to New GM's Reply as Exhibit H.

[5] Plaintiff claims in her proposed Plaintiff's Supplemental Brief in Opposition to GM's Motion for Leave (Doc. 60) that Goodwin Proctor's representation was on behalf of another one of Plaintiff's counsel's client Veronica Fox, which claim is contradicted by the Goodwin Proctor filings discussed above. In addition, by the time the December 2016 Show Cause Order was entered, New GM had settled its dispute with Fox relating to the June 2016 Motion to Enforce pursuant to a Stipulation approved by the Bankruptcy Court.

4

Bankruptcy Court was receipt of a letter from GM's lawyers in December 2016").

The December 2016 Show Cause Order provides:

> **UNLESS THE COURT RULES OTHERWISE WITH RESPECT TO ANY TIMELY FILED AND SERVED OBJECTION, THE TERMS OF THIS ORDER TO SHOW CAUSE AND THE RULINGS MADE BY THE COURT WITH RESPECT TO THE 2016 THRESHOLD ISSUES SET FORTH HEREIN WILL BE BINDING ON THE NOTICE PARTIES AND ALL PERSONS/ENTITIES (INCLUDING WITHOUT LIMITATION PLAINTIFFS) RECEIVING NOTICE OF THIS ORDER TO SHOW CAUSE VIA FIRST CLASS MAIL.**

December 2016 Show Cause Order, at 1 (emphasis in original). Plaintiff readily admits that she was served with the December 2016 Show Cause Order (and she did not file any objections to the procedures set forth therein). Thus, she is unquestionably bound by the Bankruptcy Court's rulings in connection therewith, including those contained in the July 2017 Decision.

    Respectfully submitted,

    /s/ Ashley Broach
    C. Bradford Marsh -Georgia Bar No.: 471280
    Ashley Broach -Georgia Bar No.:083593
    SWIFT, CURRIE, MCGHEE & HIERS, LLP
    1355 Peachtree St. N.E., Suite 300
    Atlanta, Georgia 30309
    (404) 888-6151
    Brad.Marsh@swiftcurrie.com
    Ashley.Broach@swiftcurrie.com

    -and-

5

Michael P. Cooney (*Pro Hac Vice*)
Kelly R. Houk (*Pro Hac Vice*)
DYKEMA GOSSETT, PLLC
400 Renaissance Center
Detroit, MI 48243
(313) 568-6800
mcooney@dykema.com
khouk@dykema.com

*Attorneys for General Motors LLC*

## 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared in Times New Roman font, 14 point, and complies with Local Rules 5.1(C) and 7.1(D), ND Ga.

This 25th day of July, 2017.

Respectfully submitted,

/s/  Ashley Broach
C. Bradford Marsh -Georgia Bar No.: 471280
Ashley Broach  -Georgia Bar No.:083593
SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
(404) 888-6151
Brad.Marsh@swiftcurrie.com
Ashley.Broach@swiftcurrie.com

*Attorneys for General Motors LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed:

**GENERAL MOTORS LLC'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO GM'S MOTION FOR LEAVE**

via electronic transmission to all Counsel of Record.

This 25th day of July, 2017.

              Respectfully submitted,

              /s/ Ashley Broach
              C. Bradford Marsh -Georgia Bar No.: 471280
              Ashley Broach -Georgia Bar No.:083593
              SWIFT, CURRIE, MCGHEE & HIERS, LLP
              1355 Peachtree St. N.E., Suite 300
              Atlanta, Georgia 30309
              (404) 888-6151
              Brad.Marsh@swiftcurrie.com
              Ashley.Broach@swiftcurrie.com

              *Attorneys for General Motors LLC*

4851-5351-6620.1
106069\000472