**BROWN**RUDNICK

HOWARD S. STEEL

direct dial: (212) 209-4917

fax: (212) 209-4801

hsteel@brownrudnick.com

July 28, 2017

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

**VIA EMAIL AND ECF FILING**

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

**RE:    In re Motors Liquidation Company, et al., Case No.: 09-50026 (MG)**

Dear Judge Glenn:

Designated Counsel in the Bankruptcy Court and Co-Lead Counsel in the MDL Court for the Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs submit this letter in response to the *Request for Discovery Schedule Regarding Due Process Violations Related to Non-Ignition Switch Claims*, dated July 25, 2017 [ECF No. 13997].  As set forth below, the request should be denied at this time.

First, the letter is procedurally improper.  It does not specify any rule or statutory provision upon which it is predicated or indicate a return date, as required by Local Bankruptcy Rules 9013-1, 5070-1 and 9004-2.  If the letter is treated as a discovery-related motion, it also violates the requirement to confer with other parties and participate in a Court conference before filing.  See Local Bankr. R. 7007-1(a).

Second, for the last three years, Judge Furman has presided over extensive discovery in the MDL, including the discovery requested in the letter.  That discovery is ongoing and should continue exclusively in the MDL at this time.  Conducting the requested discovery in this proceeding may duplicate efforts and waste the resources of the courts and parties involved.  Discovery in the MDL includes information on Old GM's knowledge of the various defects—the same information that Mr. Peller would be seeking to demonstrate a violation of the due process rights of the Non-Ignition Switch Plaintiffs.  Judge Furman has ordered, *inter alia*: (i) New GM's production of responsive documents including information pertaining to customer complaint databases, vehicle packages,

Honorable Martin Glenn
July 28, 2017
**BR** Page 2

internal investigation files and test incident reports;[1] (ii) 30(b)(6) depositions of New GM;[2] (iii) individual depositions of New GM individuals;[3] and (iv) expert disclosures, reports and depositions.[4]  This discovery is not limited to information in the post-Sale period.  Thus, the discovery requested in the letter would require producing documents already produced or to be produced in the MDL, responding to duplicative interrogatories, and conducting depositions of individuals previously deposed or who will be deposed in the MDL.

Third, this discovery is premature.  The letter seeks discovery in light of the Court's July 12, 2017 opinion; however, that opinion is on appeal,[5] and discovery may not be appropriate until resolution of the appeal.  Discovery is also premature because discussions are ongoing between the Ignition Switch Plaintiffs, certain Non-Ignition Switch Plaintiffs, certain Pre-Closing Accident Plaintiffs and the GUC Trust that may obviate the Late Claims Issue.[6]  Similarly, with respect to successor liability claims of Non-Ignition Switch Plaintiffs, discovery is premature because the MDL Court is set to rule on New GM's motion for summary judgment on the viability of successor liability claims.[7]

---

[1]  See Order No. 20, Regarding the Phase One Discovery Plan, In re Gen. Motors LLC Ignition Switch Litig., Case No. 14-MD-2543 (JMF) (S.D.N.Y. Nov. 3, 2014) [ECF No. 383] ("**Order No. 20**"), ¶¶ 1-2, 5; Order No. 31, Regarding the Phase Two Discovery Plan, In re Gen. Motors LLC Ignition Switch Litig., Case No. 14-MC-2543 (JMF) (S.D.N.Y. Jan. 14, 2015) [ECF No. 85] ("**Order No. 31**"), ¶¶ 1-2; Order No. 44, Regarding Certain Discovery Disputes, In re Gen. Motors LLC Ignition Switch Litig., Case No. 14-MD-2543 (JMF) (S.D.N.Y. Mar. 27, 2015) [ECF No. 754], ¶¶ 3, 4; Order No. 69, Regarding MDL Discovery Coordination Obligation of All Plaintiffs' Counsel, In re Gen. Motors LLC Ignition Switch Litig., Case No. 14-MD-2543 (JMF) (S.D.N.Y. July 13, 2015) [ECF No. 1162] ("**Order No. 69**"), ¶ 1; Order No. 70, Regarding Discovery Disputes with Respect to Plaintiffs' Second Set of Consolidated Requests for Production of Documents, In re Gen. Motors LLC Ignition Switch Litig., Case No. 14-MD-2543 (JMF) (S.D.N.Y. July 15, 2015) [ECF No. 1188], at 2.

[2]  See Order No. 20 ¶ 7.

[3]  See Order No. 31 ¶ 8; Order No. 69 ¶ 1.

[4]  See Order No. 74, Regarding Discovery of Expert Witness-Related Materials, In re Gen. Motors LLC Ignition Switch Litig., Case No. 14-MD-2543 (JMF) (S.D.N.Y. Aug. 25, 2015) [ECF No. 1279], ¶¶ 1-6; Order No. 114, Regarding Schedule for Motion Practice and Discovery Related to the Fourth Amended Consolidated Complaint, In re Gen. Motors LLC Ignition Switch Litig., Case No. 14-MD-2543 (JMF) (S.D.N.Y. Oct. 14, 2016) [ECF No. 3431], at 4-5.

[5]  See, e.g., Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs Notice of Appeal, dated July 26, 2017 [ECF No. 14006]; General Motors LLC Notice of Appeal, dated July 25, 2017 [ECF No. 13996].

[6]  In re Motors Liquidation Co., Case No. 09-50026, 2017 WL 2963374, at *2 (Bankr. S.D.N.Y. July 12, 2017).

[7]  Plaintiffs have requested additional briefing on whether the settlement discussions between Plaintiffs and the GUC Trust will impact the successor liability issue, and New GM opposes such briefing.  See Letter from  Steve W. Berman, Elizabeth J. Cabraser, and Bob Hilliard, Co-Lead Counsel for Plaintiffs in the MDL Court, to the Honorable Jesse M. Furman, U.S. Dist. Court for S.D.N.Y., In re Gen. Motors LLC Ignition Switch Litig., Case No. 14-MD-2543 (JMF) (S.D.N.Y. July 13, 2017) [ECF No. 4275].  Judge Furman has yet to rule on this request.



Thus, for the foregoing reasons, we respectfully request that the Court deny the relief sought by the letter at this time.

Respectfully Submitted,

 */s/ Howard S. Steel*

Edward S. Weisfelner
Howard S. Steel
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
hsteel@brownrudnick.com

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION
2323 Bryan Street, Ste 2200
Dallas, Texas 75201
Tel: 214-969-4900
esserman@sbep-law.com

*Designated Counsel for the Ignition Switch
Plaintiffs and Certain Non-Ignition Switch
Plaintiffs in the Bankruptcy Court*

Steve W. Berman (admitted pro hac vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: 206-623-7292
steve@hbsslaw.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch
Plaintiffs and Certain Non-Ignition Switch
Plaintiffs in the MDL Court*

cc:  All Counsel of Record (via CM/ECF)