*Gary Peller*
*600 New Jersey Avenue, N.W.*
*Washington, D.C. 20001*
*(202) 662-9122*
*(202) 662-9680 (facsimile)*

**VIA E-MAIL TRANSMISSION**　　　　　　　　August 1, 2017
**AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

　　　　Re:　　**In re Motors Liquidation Company,** *et al.*, **Case No. 09-50026 (MG);**
　　　　　　　**Request for Discovery Schedule Regarding Due Process Violations Related to**
　　　　　　　**Non-Ignition Switch Claims**

Dear Judge Glenn:

　　　　Celestine Elliott, Lawrence Elliott, Ishmail Sesay, Paul Fordham, Momoh Kanu, and James Tibbs ("Plaintiffs") respectfully submit this letter to correct inaccuracies in the July 28, 2017, letter of Designated Counsel in the Bankruptcy Court and Co-Lead Counsel in the MDL Court for *certain* Ignition Switch Plaintiffs[1] and Non-Ignition Switch Plaintiffs ("Opposing Plaintiffs") [ECF No. 14017], which responded in turn to Plaintiffs' letter of July 27, 2017 [ECF No. 13997].

　　　　Opposing Plaintiffs' letter misstates the scope of ongoing discovery in the MDL Court and the relevance of fact that some parties are pursuing an appeal of this Court's ruling on the 2016 Threshold Issues.

---

[1] Despite requests by Plaintiffs' counsel, the Brown Rudnick firm insists on referring to the parties it represents in these proceedings generically as the "Ignition Switch Plaintiffs." In fact, no class of Plaintiffs has been certified in this or the MDL Court, and the firm represents no such categorical group of Plaintiffs here. Brown Rudnick represents the individual clients of MDL Co-Lead Counsel who retained the firm, presumably parties named in the Fourth Amended Consolidated Complaint ("FACC"). The firm does not, however, represent the *Elliott*, *Sesay* and *Bledsoe* Plaintiffs, several of whom also assert Ignition Switch claims for economic loss as well as claims related to non-ignition switch defects.

Honorable Martin Glenn                                                                                                   2
August 1, 2017

Discovery related to certain non-ignition switch defects alleged by Ms. Elliott *et al.* is not ongoing in the MDL Court. It has been explicitly postponed.[2] In fact, New GM contends that such discovery is barred by the Sale Order and should never proceed in the MDL Court.[3]

The discovery that Plaintiffs seek here is not duplicative of that sought by Lead Counsel in the MDL proceedings.[4] Ongoing discovery in the MDL Court is limited in substantive scope to information relating to defects alleged in the Fourth Amended Consolidated Complaint "FACC"). The ongoing discovery is explicitly circumscribed by specified recall campaign numbers associated with the ignition switch and non-ignition switch defects alleged by the named plaintiffs of the FACC.[5]

The *Elliott, Sesay* and *Bledsoe* lawsuits are part of the MDL, but they have not been consolidated with the claims of parties to the FACC.[6] Their lawsuits are stayed.

In the *Sesay* and *Bledsoe* lawsuits, in addition to claims relating to the ignition switch and certain non-ignition switch claims that are also alleged in the FACC and that are the subject of ongoing discovery, Plaintiffs allege *inter alia* claims based on specific defects that are *not* alleged in the FACC. These include the driver's door power module defect, subject to recall No. 14V404, the transmission cable defect alleged, subject to Recall No.14V224, and the ignition key related defect encompassed in recall no. 14V171.

Opposing Plaintiffs' invocation of pending appeals from the Court's rulings on the 2016 Threshold issues is beside the point. The non-independent claims of Mr. and Mrs. Elliott and other *pre-Sale purchasers* seeking economic loss relating to non-ignition switch hazards were not affected by the Court's rulings on the 201Threshold Issues and would not be affected by the disposition of any appeal from those rulings. Pre-sale purchasers are entitled to proceed with the

---

[2] *See* Joint Letter of New GM and the Peller Plaintiffs of February 1, 2017, *Bledsoe, et al. v. Gen. Motors LLC*, 14-CV-7631 [ECF No. 181]; *Sesay, et al. v. Gen. Motors LLC*, 14-CV-6018 [ECF 202], attached hereto as Exhibit 1.

[3] *Id*.

[4] As participants in the MDL proceedings, Plaintiffs have access to information produced during the discovery process led by Lead Counsel, and are obligated to coordinate their own discovery with that of Lead Counsel. *See* Order No. 69, Regarding MDL Discovery Coordination Obligation of All Plaintiffs' Counsel, *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-2543 (JMF) (S.D.N.Y. July 13, 2015).

[5] *See*, *e.g.*, Order No. 20, Regarding the Phase One Discovery Plan, *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-2543 (JMF) (S.D.N.Y. Nov. 3, 2014) ("The scope of Phase One Discovery shall be limited to NHTSA Recall Campaign Numbers 14V346, 14V355, 14V394, 14V400, 14V490, 14V540, and 14V153 (the "Phase One Recalls"); [ECF No. 383, ¶ 1]); Order No. 31, Regarding the Phase Two Discovery Plan (S.D.N.Y. Jan. 14, 2015) [ECF No. 85, , ¶ 1(b)] (extending discovery to "NHTSA Recall Campaign Numbers 14V118, 14V224, 14V252, and 14V266"); Order No. 84, Regarding the Phase Three Discovery Plan, 14-MC-2543 (JMF) (S.D.N.Y. Nov. 3, 2015), ¶ 6 and note 3.

[6] *See Opinion and Order, In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-2543 (JMF) (S.D.N.Y. June 10, 2015) (ruling that the filing of the consolidated complaint in MDL proceeding did not supersede claims of the *Elliott*, *Sesay*, and *Bledsoe* Plaintiffs).

Honorable Martin Glenn                                                                                                                  3
August 1, 2017

litigation that New GM has initiated against them. In addition, considering the Court's ruling that used vehicle purchasers are subject to the Sale Order because they gain no greater rights than their predecessors in interest, judicial efficiency may suggest simultaneous consideration of the related claims of Plaintiffs who are used vehicle purchasers that their predecessors in interest also were not subject to the Sale order because of due process violations.

Finally, by their letter of July 27, 2017, Plaintiffs intended to alert the Court to the need to schedule disposition of the issues remaining after the Court's consideration of the 2016 Threshold Issues. Because Plaintiffs are simply seeking a scheduling conference, and not an order of the Court, there was and is no need to proceed by formal motion.[7]

This contested matter was initiated against Plaintiffs and others in August 2014 by the *Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 To Enforce the Courts July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other Than Ignition Switch Actions* [ECF 12813] ("Non-Ignition Switch Motion to Enforce"). As the Court is aware, proceedings regarding New GM's Non-Ignition Switch Motion to Enforce have been stayed by the Court.[8] For some three years since it was filed, Plaintiffs have not had an opportunity even to submit papers in opposition to the motion. The Court of Appeals remanded the issue of the enforceability of the Sale Order against non-ignition switch economic loss plaintiffs to this Court for resolution in accordance with that Court's disposition of issues related to the Ignition Switch Plaintiffs and Post-Sale Ignition Switch Accident Plaintiffs. Plaintiffs respectfully submit that such consideration should proceed without delay.

Particularly in light of New GM's assertions that Plaintiffs had waived rights with respect to non-ignition switch claims by not seeking earlier to demonstrate a due process violation, it is reasonable for Plaintiffs to request a scheduling conference to consider discovery and briefing regarding the Non-Ignition Switch Motion to Enforce.

Plaintiffs respectfully request that the Court convene the parties to New GM's Non-Ignition Switch Motion to Enforce for a scheduling conference to consider discovery that is non-duplicative of that being conducted in the MDL and the submission of Plaintiffs' objections to the motion and any other briefing that they Court may wish to entertain.

                                                      Sincerely,

                                                      */s/ Gary Peller*
                                                      Gary Peller
                                                      Counsel for the *Elliott*, *Sesay*,
                                                      and *Bledsoe Plaintiffs*

---

[7] If Plaintiffs are incorrect, they respectfully request an opportunity to re-submit their request as a motion.

[8] *See* Scheduling Order Regarding Motion of General Motors LLC to Enforce the Court's July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other than Ignition Switch Actions) (September 15, 2014) (ECF No. 12898).