# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

| | | |
|---|---|---|
| Andrew B. Bloomer, P.C.<br>To Call Writer Directly:<br>(312) 862-2482<br>andrew.bloomer@kirkland.com | 300 North LaSalle<br>Chicago, Illinois 60654<br><br>(312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

February 1, 2017

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

>    Re:    *In re: Gen. Motors LLC Ignition Switch Litig.,* 14-MD-2543
>             *Bledsoe, et al. v. Gen. Motors LLC*, 14-CV-7631
>             *Sesay, et al. v. Gen. Motors LLC*, 14-CV-6018

Dear Judge Furman:

      Counsel for Celestine Elliott, Lawrence Elliott, Joanne Yearwood, and Paul Fordham, plaintiffs in the *Bledsoe* and *Sesay* lawsuits (the "Peller Plaintiffs") and counsel for General Motors LLC ("New GM" or "GM LLC") write jointly regarding the Peller Plaintiffs' January 27, 2017 motion. (Docket No. 3653.) The Peller Plaintiffs intend to seek discovery related to defects in their GM vehicles that are not asserted in the Fourth Amended Consolidated Complaint. New GM contends that the Peller Plaintiffs are not entitled to seek such discovery because, among other things: (a) the Peller Plaintiffs' lawsuits violate the Sale Order and Injunction and, thus, the discovery sought therein is barred; and/or (b) the Peller Plaintiffs have waived the right to seek such discovery under Order Nos. 69 and 90. Although the Peller Plaintiffs disagree with New GM's position, they have acknowledged that there is no need for this dispute to be resolved at this time. The Peller Plaintiffs have agreed, in the event they may be entitled to such discovery, it should be sought as part of an "additional phase" of discovery contemplated under Order No. 84 Paragraph 8. (Docket No. 1596.) Accordingly, and with a full reservation of their respective rights, the parties respectfully request permission to defer raising this discovery issue and dispute until an additional phase may later be established in this Court to accommodate discovery in individual, underlying cases if such cases have not otherwise been dismissed or enjoined. (*See id.*) For the avoidance of doubt, any waiver argument New GM makes will not be based on the Peller Plaintiffs' failure to seek discovery during the deferred period (*i.e.*, **after** January 27, 2017).

      Consistent with the parties' agreement above, the parties respectfully request that the Court deny as moot the Peller Plaintiffs' January 27, 2017 motion.

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
February 1, 2017
Page 2

/s/ Richard C. Godfrey, P.C.
/s/ Andrew B. Bloomer, P.C.

*Counsel for Defendant General Motors LLC*

cc:    MDL Counsel of Record