# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel:  (212) 556-2100
Fax:  (212) 556-2222
www.kslaw.com
Arthur Steinberg
Direct Dial:  212-556-2158
asteinberg@kslaw.com

August 1, 2017

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York  10004

> Re:  **In re Motors Liquidation Company,** *et al.*
> **Case No. 09-50026 (MG)**
>
> **Letter Response to Attorney Peller's Letter Requesting A Due**
> **Process Discovery Schedule for Non-Ignition Switch Plaintiffs**

Dear Judge Glenn:

General Motors LLC ("**New GM**") submits this letter in response to the July 25, 2017 *Letter Request for Discovery Schedule Regarding Due Process Violations Related to Non-Ignition Switch Claims* [ECF No. 13997] submitted by attorney Gary Peller on behalf of certain of his clients who are asserting economic loss claims against New GM due to their pre- and post-Sale purchases of Old GM vehicles.  For the reasons set forth below, this request should be denied.

In the *Status Report Pursuant to Order Setting Case Management Conference*, dated November 10, 2016 [Dkt. No. 13786], the parties (including to Mr. Peller) set forth what they believed were threshold issues that should be addressed on a priority basis.  Many of the parties proposed five threshold issues to be decided first, with certain issues deferred.  Mr. Peller argued that due process issues with respect to Non-Ignition Switch Plaintiffs was the only issue the Court should address (*see id.*, at 16), but New GM and other parties disagreed, asserting that the due process issues should be deferred until this Court resolved the 2016 Threshold Issues **and** Judge Furman decided the motion for summary judgment brought by New GM in MDL 2543 regarding the viability of successor liability claims.  *Id.*, at 17.

Honorable Martin Glenn
August 1, 2017
Page 2

At the November 16, 2016 status conference ("**November 2016 Status Conference**"), the Court stated the following with respect to litigation of due process while successor liability issues were pending before Judge Furman:

> Well, you know, I have found many of Judge Furman's decisions, not only in Motors Liquidation, but in other cases, quite persuasive. So whether one of his decisions is binding, it may well be persuasive. And if and to the extent the issues are before me, I might -- you know, I might well be inclined to follow him. So the briefing is underway before Judge Furman on the successor liability issue. No briefing has occurred here yet.

November 16, 2016 Hr'g Tr., at 36:15-22.

Later at the November 2016 Status Conference, Designated Counsel for economic loss plaintiffs asserted that discovery on due process issues, at least at that time was "terribly premature." *Id.*, at 58:9. He framed the issue as follows:

> If the sale order is not binding, then presumably you can sue New GM on account of Old GM's actions and conduct. Well, under what theory would you do that? The one that comes to mind, and I have a very narrow mind, is successor liability. Well, if Judge Furman decides in the context of the pending proposed class action that successor liability is not available in the 16 states that are pending, it may very well be that from the perspective of lead counsel in the MDL, we say, well, then, who cares whether or not there's a due process violation for anybody whose due process violation hasn't been determined because even if we win, it's a pyrrhic victory.

*Id.*, at 58:14-25. The Court then stated that discovery on the due process issue would not, at that stage, go forward. *Id.*, at 59:1-3. The Court ultimately entered an Order to Show Cause, dated December 16, 2016 ("**December 2016 Show Cause Order**"), which set forth the 2016 Threshold Issues and due process (including related discovery) was not one of them.

Nothing has changed since the November 2016 Status Conference. Like Designated Counsel and MDL Co-Lead Counsel for economic loss plaintiffs, New GM continues to believe that Judge Furman's decision on successor liability will impact due process issues, leading to waste, duplication and inefficiencies if due process discovery is allowed in this Court, and not in coordination with MDL 2543 proceedings.[1] Accordingly, consideration of due process discovery related to Old GM vehicles without the Ignition Switch Defect should be deferred, at a minimum, until Judge Furman rules on New GM's successor liability summary judgment motion in MDL 2543.

---

[1]    The only outstanding issue is that Judge Furman is currently deciding whether additional briefing is needed on one discrete topic (whether the GUC Trust's actual or potential settlement with plaintiffs regarding their Late Claims impacts New GM's alleged successor liability).

Honorable Martin Glenn
August 1, 2017
Page 3

Mr. Peller's assertion that "Non-ignition Swwitch [sic] Plaintiffs have not yet had any reasonable prior opportunity to pursue discovery" on their claims is simply incorrect.  In fact, nearly all of Mr. Peller' clients have vehicles that have been the subject of Phase I and Phase II discovery in the MDL, in which approximately four million documents (totaling approximately 23 million pages) have been produced, substantial written discovery has occurred, and 104 GM-related witnesses (including Fed. R. Civ. P. 30(b)(6) deponents), have been deposed.  Mr. Peller has access to all of this discovery to pursue his clients' claims.

Moreover, in the event further discovery relating to the due process issue is ultimately deemed permissible, such discovery should only be conducted as part of an additional phase of discovery contemplated under the procedures established in MDL 2543.  This would be consistent with the existing agreement between New GM and Mr. Peller on behalf of his clients.[2]  Specifically, the February 2017 Letter stated:

> The Peller Plaintiffs have agreed, in the event they may be entitled to such discovery, it should be sought as part of an "additional phase" of discovery contemplated under Order No. 84 Paragraph 8.  Accordingly, and with a full reservation of their respective rights, the parties respectfully request permission to defer raising this discovery issue and dispute until an additional phase may later be established in this Court to accommodate discovery in individual, underlying cases if such cases have not otherwise been dismissed or enjoined. [Citations omitted.]

Finally, it is New GM's position that Mr. Peller's clients are not entitled to due process discovery since they did not timely seek Rule 60(b) due process relief relating to the Sale Order.  We note that footnote 5 of the Court's June 7, 2017 Opinion states that the Court may address, at a future date, New GM's contention that footnote 70 of the November 2015 Decision bars plaintiffs (like Mr. Peller's clients) from seeking a due process violation relating to the Sale Order.

If the Court believes a conference on this issue is required, New GM is prepared to participate and distribute notice as instructed by the Court.

Respectfully submitted,

*/s/ Arthur Steinberg*

Arthur Steinberg

AS/sd
Encl.

---

[2]    A copy of the letter to the Honorable Jesse M. Furman from Kirkland & Ellis LLP, dated February 1, 2017 ("**February 2017 Letter**")  setting forth this agreement is attached hereto as **Exhibit "A."**

-8/1/17

# **Exhibit A**

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

<table>
<tr>
<td>Andrew B. Bloomer, P.C.<br>To Call Writer Directly:<br>(312) 862-2482<br>andrew.bloomer@kirkland.com</td>
<td>300 North LaSalle<br>Chicago, Illinois 60654<br><br>(312) 862-2000<br><br>www.kirkland.com</td>
<td>Facsimile:<br>(312) 862-2200</td>
</tr>
</table>

February 1, 2017

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re: *In re: Gen. Motors LLC Ignition Switch Litig.,* 14-MD-2543
> *Bledsoe, et al. v. Gen. Motors LLC*, 14-CV-7631
> *Sesay, et al. v. Gen. Motors LLC*, 14-CV-6018

Dear Judge Furman:

Counsel for Celestine Elliott, Lawrence Elliott, Joanne Yearwood, and Paul Fordham, plaintiffs in the *Bledsoe* and *Sesay* lawsuits (the "Peller Plaintiffs") and counsel for General Motors LLC ("New GM" or "GM LLC") write jointly regarding the Peller Plaintiffs' January 27, 2017 motion. (Docket No. 3653.) The Peller Plaintiffs intend to seek discovery related to defects in their GM vehicles that are not asserted in the Fourth Amended Consolidated Complaint. New GM contends that the Peller Plaintiffs are not entitled to seek such discovery because, among other things: (a) the Peller Plaintiffs' lawsuits violate the Sale Order and Injunction and, thus, the discovery sought therein is barred; and/or (b) the Peller Plaintiffs have waived the right to seek such discovery under Order Nos. 69 and 90. Although the Peller Plaintiffs disagree with New GM's position, they have acknowledged that there is no need for this dispute to be resolved at this time. The Peller Plaintiffs have agreed, in the event they may be entitled to such discovery, it should be sought as part of an "additional phase" of discovery contemplated under Order No. 84 Paragraph 8. (Docket No. 1596.) Accordingly, and with a full reservation of their respective rights, the parties respectfully request permission to defer raising this discovery issue and dispute until an additional phase may later be established in this Court to accommodate discovery in individual, underlying cases if such cases have not otherwise been dismissed or enjoined. (*See id.*) For the avoidance of doubt, any waiver argument New GM makes will not be based on the Peller Plaintiffs' failure to seek discovery during the deferred period (*i.e.*, **after** January 27, 2017).

Consistent with the parties' agreement above, the parties respectfully request that the Court deny as moot the Peller Plaintiffs' January 27, 2017 motion.

Beijing   Hong Kong   Houston   London   Los Angeles   Munich   New York   Palo Alto   San Francisco   Shanghai   Washington, D.C.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
February 1, 2017
Page 2

/s/ Richard C. Godfrey, P.C.
/s/ Andrew B. Bloomer, P.C.

*Counsel for Defendant General Motors LLC*

cc:    MDL Counsel of Record