# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

August 14, 2017

VIA ECF

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

Re:    *In re Motors Liquidation Company*, Case No. 09-50026 (MG)

Dear Judge Glenn:

Following the Court's Order, we write on behalf of Wilmington Trust Company, trustee for and administrator of the Motors Liquidation Company GUC Trust, to "address whether any intervening changes in the law or factual circumstances regarding the *Motion for Leave to Pursue Claims Against General Motors LLC, and, Alternatively, to File a Post-Bar-Date Proof of Claim in the Motors Liquidation Company Bankruptcy* (the "Motion," ECF Doc. # 12727) have occurred since November 12, 2014, such that supplemental briefing would be helpful to this Court in deciding the Motion." Dkt. 14028. As explained below, the GUC Trust does not believe that supplemental briefing would be helpful at this time.

In its briefs, the GUC Trust argued that Mr. Gillispie had no pre-Sale claim under the Bankruptcy Code because he had no "right to payment … under the relevant non-bankruptcy law" at the time of the Sale, and therefore the Sale Order's injunction cannot bar him from pursuing New GM. *See* GUC Trust Br. (Dkt. 12864) 8-17; GUC Trust Reply Br. (Dkt. 12930) 4-7. In the alternative, the GUC Trust argued that if Mr. Gillispie were deemed to have had a pre-Sale claim then he could not pursue a remedy against the GUC Trust, either because he received direct-mail notice of the Sale and Bar Date, or because his remedy properly lies against New GM. *See* GUC Trust Br. 17-23; GUC Trust Reply Br. 7-9.

Both of those arguments remain fully valid today; the GUC Trust is not aware of any intervening change in the law since November 2014 that undermines them. If anything, the Second Circuit's decision in *Elliot v. General Motors LLC*, 829 F.3d 135 (2d Cir. 2016), has confirmed the correctness of the GUC Trust's positions. In *Elliot*, the Second Circuit reaffirmed that to have a claim under the Bankruptcy Code one must have "(1) a right to payment (2) that arose before the filing of the petition." *Id.* at 156 (citing *Pension Ben.*

**GIBSON DUNN**

The Honorable Martin Glenn
August 14, 2017
Page 2


*Guar. Corp. v. Oneida Ltd.*, 562 F.3d 154, 157 (2d Cir. 2009)).  That confirms that Mr.
Gillispie did not have a claim at the time of the Sale because he did not have any cause of
action under 42 U.S.C. § 1983—and therefore had no right to payment, contingent or
otherwise—until he was exonerated.  *See* GUC Trust Br. 1, 10, 11 (explaining that under
*Heck v. Humphrey*, 512 U.S. 477 (1994) and *D'Ambrosio v. Marino*, 747 F.3d 378, 384-86
(6th Cir. 2014), a § 1983 claim for malicious prosecution does not exist, even in contingent
form, until exoneration); GUC Trust Reply 5-6 (same).[1]  The *Elliot* decision also strongly
suggests that even if Mr. Gillispie did have a pre-Sale claim, then he cannot pursue a late
claim against the GUC Trust because the direct-mail notice of the Sale and Bar Date that he
received was adequate due process.  *See* 829 F.3d at 159; *see also* GUC Trust Br. 17-23;
GUC Trust Reply 7-9.

      As to the facts, any intervening changes in Mr. Gillispie's circumstances since
November 2014 do not alter the key points for deciding the Motion:  Mr. Gillispie's
conviction had not been vacated when the Sale closed in 2009, and he received direct-mail
notice of both the Sale and Bar Date.  *See* GUC Trust Br. 4-5.

      Accordingly, the GUC Trust does not believe that supplemental briefing would be
helpful as the Court decides the Motion.

Respectfully,

  */s/ Mitchell A. Karlan*


Mitchell A. Karlan


cc: Counsel of Record via CM/ECF

---

[1]  The Supreme Court has recently cited *Heck* with approval.  *See Manuel v. City of Joliet*, 137 S. Ct. 911,
921, 924 (Mar. 21, 2017).  And multiple Sixth Circuit decisions have recently reached the same result as in
*D'Ambrosio*, finding that a plaintiff has no cause of action for malicious prosecution under § 1983 when
his conviction and sentence have "not been invalidated in any way."  *Holland v. County of Macomb*, 2017
WL 3391653, at *2 (6th Cir. Mar. 17, 2017) (citing *Heck v. Humphrey*); *Naselrod v. Mabry*, 2017 WL
1363889, at *2 (6th Cir. Apr. 12, 2017) (same).