# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

August 14, 2017

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

      Re:    In re Motors Liquidation Company, *et al.*
              Case No. 09-50026 (MG)

            **Status Letter in Response to the Court's Order**
            **Requesting Status Letters, dated August 7, 2017 [ECF No. 14028]**

Dear Judge Glenn:

      General Motors LLC ("**New GM**") submits this letter in response to the Court's *Order Requesting Status Letters*, dated August 7, 2017 [ECF No. 14028], wherein the Court directed the parties to submit status reports addressing

> whether any intervening changes in the law or factual circumstances regarding the *Motion for Leave to Pursue Claims Against General Motors LLC, and, Alternatively, to File a Post-Bar-Date Proof of Claim in the Motors Liquidation Company Bankruptcy* (the "Motion," ECF Doc. # 12727) have occurred since November 12, 2014, such that supplemental briefing would be helpful to this Court in deciding the Motion.

      New GM would like to submit a supplemental brief regarding recent cases addressing when a contingent claim arises for bankruptcy purposes, which will include a discussion of the Second Circuit's ruling from July 2016. Specifically, New GM will demonstrate that the argument made by the Motors Liquidation Company GUC Trust previously (and more recently in its letter filed today [ECF No. 14049])—that Movant did not have a claim at the time of the bankruptcy sale in 2009—has been expressly rejected by the analysis provided by the Second

Honorable Martin Glenn
August 14, 2017
Page 2

Circuit.  *See In re Motors Liquidation Co.*, 829 F.3d 135, 156-157 (2d Cir. 2016) ("GUC Trust thus asserts that there was no right to payment prior to the petition. We disagree.").

In addition, New GM's supplemental brief will also demonstrate that Movant's claims are Retained Liabilities of Old GM, and not independent claims of New GM, as **all** of the conduct giving rise to the claims occurred decades prior to the closing of the bankruptcy sale. Such claims could never qualify as "independent claims" as defined by the Second Circuit.  *See id.* at 157 (defining independent claims as "claims based on New GM's own post-closing wrongful conduct. . . .  These sorts of claims are based on New GM's *post*-petition conduct, and are not claims that are based on a right to payment that arose before the filing of petition or that are based on pre-petition conduct.").

New GM requests that it be permitted to file a letter brief, not to exceed three (3) single-spaced pages, by a date determined by the Court.

                Respectfully submitted,

                */s/ Arthur Steinberg*

                Arthur Steinberg

AS/sd