# LOEVY & LOEVY

312 N. May St., Suite 100, Chicago, Illinois 60607

August 14, 2017

*Via ECF*
The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

Re: *In re Motors Liquidation Company*, No. 09-50026 (MG) ("Gillispie Claim")

Dear Judge Glenn:

Following the Court's Order, we write on behalf of Roger Dean Gillispie to address whether supplemental briefing is necessary to address any intervening changes in the law or factual circumstances regarding Gillsipie's *Motion for Leave to Pursue Claims Against General Motors LLC , and, Alternatively, to File a Post-Bar-Date Proof of Claim in the Motors Liquidation Company Bankruptcy* (the "Gillispie Motion") have occurred since the completion of the briefing on the motion.[1] Gillispie does not believe that supplemental briefing is necessary at this time.

By way of background, and as explained in the Gillispie Motion, Dkt. 12727, Mr. Gillispie was wrongfully convicted of crimes he did not commit in Ohio. Gillispie's conviction was overturned by two courts—one state and one federal— 2011 and 2012. The federal court found that Gillispie's conviction rested on a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and ordered the State of Ohio to produce the *Brady* material. Thereafter, in the Northern District of Ohio, Gillispie commenced a civil rights action under 42 U.S.C. § 1983, seeking redress for the violation of his constitutional rights and damages on account of being wrongfully convicted. *See Gillispie v. Miami Township, et. al.*, (N.D. Ohio.); Dkt. 12727-1 (First Amended Complaint). That action names Mr. Gillispie's former manager as a defendant—Gillispe used to work for General Motors—as well as General Motors itself.

---

[1] Gillispie's counsel recognizes that this letter was due by 5:00 p.m. EST, and that this filing is late. Counsel was unable to file this by 5Pm due to an unforeseen client emergency during the afternoon, and respectfully moves this Court to accept this tardy filing *instanter*.

In June 2014, the Gillispie motion was filed. The Gillispie Motion was fully briefed in November 2014. Since that time, two significant things have happened.

First, even though Gillispie's conviction was overturned by two separate courts, the State of Ohio sought to retry Mr. Gillispie without producing the *Brady* material. Gillispie's motion to dismiss the indictment against him was granted, and affirmed on appeal. *State v. Gillispie*, 2016-Ohio-76688 (2nd App. Dist. Nov. 10, 2016). That decision became final last month when the Ohio Supreme Court declined review, meaning the charges against Gillispie are completely terminated. Gillispie does not believe that this factual circumstance requires any supplemental briefing.

However, given that Gillispie's civil-rights action was stayed pending resolution of his criminal case, these facts do bear upon issues before this Court. In the civil-rights suit, New GM has filed a motion seeking a stay of those proceedings pending resolution of the Gillispie Motion before this Court. Gillispie has agreed to a stay against GM but not the police officers and other governmental entities he has sued, thus recognizing this Court's exclusive jurisdiction to determine whether New GM, Old GM, or both, can be parties to the suit. Nonetheless, New GM has sought a stay of that action entirely, even as to the other parties and even though it contends it cannot be a party to the suit. That motion remains pending. Regardless of how that turns out, from Mr. Gillispie's perspective, time is of the essence.

Second, turning to legal issues, the elephant in the room is whether and how, if at all, the Second Circuit's decision in *Elliot v. General Motors LLC (In Re Motors Liquidation Co.)*, 829 F.3d 135 (2d Cir. 2016) (*Motors Liquidation III*), impacts the Gillispie Motion. Gillispie's position is that *Motors Liquidation III* only affirms that he should be allowed to proceed against New GM or, in the alternative, file a post-bar-date claim against the GUC Trust as administrator of Old GM's estate. Specifically, Gillispie believes that *Motors Liquidation III* affirms that he did not—at the time of the Bankruptcy and *Sale Order*—have a "claim" against New GM; and that even if he had such a claim, the *Sale Order* cannot be applied against Gillispie without violating due process. New GM disagrees (Dkt. 14050). Gillispie maintains that the source of New GM's disagreement is a failure to recognize how the "relevant non-bankruptcy law"—namely, the law of claim accrual under § 1983, *e.g.*, *Heck v. Humphrey*, 512 U.S. 477 (1994)—impacts the issues at stake here. Instead, New GM seems intent on trying to analogize Mr. Gillispie's unique facts to other circumstances (e.g., "contingent claims," "retained liabilities," etc.) that Gillispie maintains are distinct. In the end, the question remains how existing bankruptcy law should be interpreted in the context of the unique § 1983 suit before this Court.

Neither *Motors Liquidation III*, nor the number of decisions issued by this Court in its wake, squarely address how the constitutional and civil-rights related

issues should play out here. But, Gillispie believes that law following *Motors Liquidation III*, *e.g.*, *In re Motors Liquidation Co.*, 568 B.R. 217 (Bankr. S.D.N.Y. 2017) supports his position.

      In the end, Gillispie believes that, given the familiarity of the court and the parties with *Motors Liquidation III*, no supplemental briefing is necessary. Instead, any questions about how to apply *Motors Liquidation III* can be raised at a hearing on this matter. That said, should the Court allow any briefing, Gillispie asks that it be simultaneous and confined to a three-page single-spaced letter or five-page double-spaced pleading.

                                                                         Respectfully submitted,

                                                                         David. B. Owens

Michael Kanovitz
Jon Loevy
David B. Owens
david@loevy.com
LOEVY & LOEVY
311 N. Aberdeen Street, 3FL
Chicago, IL 60607
(312) 243-5900