# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

August 15, 2017

**VIA E-MAIL TRANSMISSION
AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

   **Re:** **In re Motors Liquidation Company,** *et al.*
      **Case No. 09-50026 (MG)**

      **New GM's Position on Chambers Conference Scheduled for August 17, 2017 at 3:00 p.m. Regarding Proposed Settlement of Late Claim Motions**

Dear Judge Glenn:

  On Monday, August 14, 2017, General Motors LLC ("**New GM**") was informed by counsel for certain of the Motors Liquidation Company GUC Trust unitholders that a Chambers conference had been scheduled for this Thursday, August 17, 2017 at 3:00 p.m. to discuss a potential settlement of Late Claim Motions filed by certain parties in December 2016 ("**Late Claim Plaintiffs**"). This procedure was improper because New GM did not participate in any communication with Your Honor's Chambers to schedule this conference, and it was not sought in accordance with Your Honor's Chambers rule, which provides:

> Requests for conferences should ordinarily be made by letter, and emailed to the Courtroom Deputy at mg.chambers@nysb.uscourts.gov (link sends e-mail), together with a follow-up call to the Courtroom Deputy. The letter requesting the conference should ordinarily be filed on the Electronic Case Filing (ECF) System. The letter should include the reason for the conference request and must be no longer than two pages in length.

For the reasons set forth below, New GM requests that the Court cancel the August 17 Chambers conference.

DMSLIBRARY01\21600\162081\30973747.v1-8/15/17

Honorable Martin Glenn
August 15, 2017
Page 2

*First*, this Court's Chamber rule and the ordinary process for scheduling a conference were not followed. No counsel for the settlement proponents has submitted any letter explaining the request for the conference or why any such a conference is necessary. Given that New GM did not participate in settlement discussions, and the manner in which this conference was sought, New GM is justly concerned that it will be "sand bagged" at the conference. To protect against this risk, New GM seeks a detailed writing sufficiently in advance of any conference explaining the issues to be discussed and the relief, if any, being requested. New GM should also be given the opportunity to respond in writing before any conference. In particular, New GM is concerned by a statement made during an August 9 telephonic conference among counsel, that proponents in favor of the settlement will seek to use a Chambers conference to obtain a court-approved form of notice for the proposed settlement, and to compel New GM's cooperation in connection with providing such notice.

*Second*, any conference should not be in Chambers, but on the record in open Court. Among other reasons, New GM will want District Judge Furman to know what occurred in any proceedings relating to the Late Claim Motions since it is New GM's position that the MDL court should decide issues relating to the proposed settlement. In addition, given the significance of the issues, the amount of money at stake, New GM's objections to the legally improper settlement, and the proposed deviations from the regular procedures of this Court, New GM believes that it is both in the public interest as well as fair to New GM and other interested parties that whatever the parties want to say to the Court, they say publicly and on the record.

*Third*, as New GM informed Judge Furman and proponents for the settlement at the MDL status conference held last Friday, New GM objects to the proposed settlement, and issues relating to such a settlement should be heard by the MDL Court. In this regard, shortly after the settlement motion is filed, New GM will promptly move to withdraw the reference to Judge Furman. As will be more fully explained in the motion to withdraw the reference, the proposed settlement is inextricably tied to issues being actively litigated in the MDL. Among other things, the two putative economic loss class representatives in the Late Claim Motions were putative class representatives in the MDL and the Late Claims Motions seeks to assert the same types of economic loss claims at issue in the MDL. Most of the Ignition Switch Pre-Closing Accident Plaintiffs who have sought to file late proofs of claim have their litigations pending in the MDL. Many of the issues that underlie the claims of the Late Claim Plaintiffs have already been adjudicated in the MDL, or are scheduled to be determined in the MDL. That includes, among other things, Rule 23 class-related issues and non-bankruptcy common law defenses that bar Late Claim Plaintiffs' claims. For these reasons, among others, no conference should be held until it is determined which court should hear the settlement.

*Fourth*, late in the evening of August 14, counsel for New GM received drafts of the proposed settlement and related motions and other papers, which are voluminous. There were key exhibits that were missing. New GM has not had sufficient time to review these draft documents but, based on a preliminary review, they confirm that the proposed settlement is legally improper, collusive and in bad faith. It appears to be structured so that the GUC Trust essentially pays *de minimis* consideration to the Late Claim Plaintiffs, while allowing late claims

Honorable Martin Glenn
August 15, 2017
Page 3

of approximately $10 billion in order to improperly trigger a purchase price enhancement provision in the Sale Agreement, solely for the benefit of the Late Claim Plaintiffs. In agreeing to this $10 billion liability at breakneck speed (in contrast to the MDL, where identical and/or similar claims are being litigated over the last three years in accordance with a "reasonable but aggressive" schedule set by Judge Furman), the GUC Trust inexplicably has elected to ignore or waive any and all meritorious defenses to plaintiff's claims, including, among other things, that (i) Non-Ignition Switch Plaintiffs' claims received proper notice of the Bar Date and thus, their claims are time-barred under the *Pioneer* factors -- they constitute at least 85% of the economic loss Old GM vehicle owners; (ii) the economic loss claims of Ignition Switch and Non-Ignition Switch Plaintiffs suffer from numerous legal deficiencies that defeat and limit such claims; (iii) Late Claim Plaintiffs have no valid nationwide class proof of claim or any class proof of claim under Fed. R. Civ. P. 23; and (iv) the $10 billion claim is wildly inflated and contrived solely to transfer potential GUC Trust liability to New GM.

In sum, there should be no Chambers conference on August 17. The settlement proponents should be required to follow the rules. If they seek relief, it should be done by an advance written request, New GM should be given an opportunity to respond, and, at the appropriate time, there should be a public hearing. As noted, New GM believes that any decisions relating to the proposed settlement should be determined by Judge Furman, and the motion to withdraw the reference is a threshold issue that should be determined first.

Respectfully submitted,

*/s/ Arthur Steinberg*

Arthur Steinberg

AS/sd