# EXHIBIT 3

09-50026-mg    Doc 14068-3    Filed 08/18/17    Entered 08/18/17 11:16:11    Exhibit Ex 3 -
Plaintiffs Motion for Leave to File FAC    Pg 2 of 11

Case 1:16-cv-02171-TWT    Document 76    Filed 08/07/17    Page 1 of 20

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KAITLYN REICHWALDT | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | |
| vs. | * | 1:16-CV-02171-twt |
| | * | |
| GENERAL MOTORS LLC, | * | |
| | * | |
| Defendant. | * | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## FIRST AMENDED COMPLAINT

Plaintiff hereby requests leave of Court to file her First Amended Complaint, showing the Court as follows. Plaintiff filed her original Complaint in the State Court of Cobb County on May 19, 2016. *See* Doc. 1-1. GM removed the case to this Court on June 23, 2016.[1] Doc. 1. GM did not file a motion to dismiss, but instead answered the Complaint. Doc. 4. Then on July 1, 2016, GM moved to transfer the case to the District Court of Nebraska. *See* Doc. 6. In its briefing with

---

[1] References to GM in this brief are to defendant General Motors LLC. References to GM Corp. are to General Motors Corporation, the company that declared bankruptcy on June 1, 2009. The majority of GM Corp.'s assets were purchased by GM LLC in a sale agreement that was dated June 1, 2009 and was approved by the New York bankruptcy Court on July 10, 2009.

09-50026-mg Doc 14068-3 Filed 08/18/17 Entered 08/18/17 11:16:11 Exhibit Ex 3
Plaintiffs Motion for Leave to File FAC    Pg 3 of 11
Case 1:16-cv-02171-TWT Document 76 Filed 08/07/17 Page 2 of 20

regard to the motion to transfer, GM made no mention of any alleged bankruptcy "issues" with Plaintiff's Complaint. The Court denied GM's motion to transfer on March 27, 2017. Doc. 45.

On July 14, 2017, thirteen months after GM removed this case to this Honorable Court, GM's New York bankruptcy attorneys at King & Spalding sent Plaintiff a letter raising for the first time what GM contends are bankruptcy "issues" with regard to the language of Plaintiff's May 2016 complaint. Doc. 69-2. GM asked Plaintiff to withdraw or modify portions of her Complaint and requested that Plaintiff let GM know by July 21, 2017, whether Plaintiff would do what GM asked. *Id.* On July 20, 2017, Plaintiff's counsel sent a letter to GM stating that Plaintiff would make an attempt to amend her complaint to comply with GM's purported critiques. Doc. 71-4. Plaintiff noted in her letter that her lead counsel Mr. Butler would be out of the office through July 30 on a family vacation trip, but that Plaintiff would send a marked up Complaint to GM as soon after July 30 as possible. *Id.*

GM did not respond to Plaintiff's July 20 letter. Instead, without waiting to see what changes to her Complaint Plaintiff proposed to make, on July 28, 2017 GM filed a motion to enforce in the Bankruptcy Court for the Southern District of New York. *See* Doc. 74 (GM's Notice of Filing); Doc. 75 (Pl.'s Response to GM's

2

09-50026-mg    Doc 14068-3    Filed 08/18/17    Entered 08/18/17 11:16:11    Exhibit Ex 3
Plaintiffs Motion for Leave to File FAC    Pg 4 of 11

Case 1:16-cv-02171-TWT   Document 76   Filed 08/07/17   Page 3 of 20

Notice of Filing).  That filing was over a year after GM had voluntarily subjected itself to the jurisdiction of this Court, during which year GM raised no "bankruptcy" issues.

Notwithstanding that filing, as promised, Plaintiff sent a proposed First Amended Complaint to GM on August 2, 2017.  *See* Aug. 2, 2017, email from Rob Snyder to Scott Davidson, attached hereto as Ex. A.  When Plaintiff sent her proposed First Amended Complaint to GM, Plaintiff asked GM to review the proposed changes and to raise any issues with the changes as soon as possible.  *Id.* To date, GM has not responded to the proposed First Amended Complaint or offered any additional proposed revisions.

The reasons for GM's bankruptcy court filing are obvious.  GM seeks to divest this Court of jurisdiction over certain issues, seeks to stop this Court from deciding Plaintiff's pending motion to compel, and to embroil Plaintiff in time-consuming and expensive litigation in a distant forum.  Again, GM never raised any bankruptcy "issues" during the first thirteen months this case was pending before this Court.  Instead, GM waited for the Court to first deny GM's motion to transfer, then for Plaintiff's motion to compel to be fully briefed and submitted to the Court before GM decided to raise any bankruptcy "issues."  Now GM has asked a bankruptcy judge in New York to completely stay the case.  *See* Doc. 75 at

3

09-50026-mg    Doc 14068-3    Filed 08/18/17    Entered 08/18/17 11:16:11    Exhibit Ex 3
Case 1:16-cv-02171-TWT   Document 76   Filed 08/07/17   Page 4 of 20
Plaintiffs Motion for Leave to File FAC    Pg 5 of 11

2.

GM's criticisms of Plaintiff's Complaint are overblown, at best.  Plaintiff has repeatedly assured GM that she has no intention of seeking any damages other than those to which she is legally entitled, and has no intention of violating any court's orders.  Nevertheless, Plaintiff has no desire to litigate supposed "issues" that can be cured with simple language changes.  Plaintiff's proposed First Amended Complaint ("FAC"), attached hereto as Ex. B, addresses all but one of GM's purported "issues."  Specifically, Plaintiff modified the language of the Complaint so that it is clear in each reference to "GM" whether Plaintiff is referring to conduct of GM LLC or GM Corp.  Plaintiff also separated the claims into two groups: one group for liabilities assumed by GM LLC and one group for claims against GM LLC based on its own post-bankruptcy conduct.  To the extent there was any ambiguity about those claims and allegations in her original Complaint, Plaintiff's FAC cures the alleged ambiguity.

The only portion of Plaintiff's FAC to which GM can object is that portion of the FAC that seeks punitive damages against GM LLC based on the conduct of GM Corp.  In her FAC, Plaintiff specifically acknowledges there is a dispute with

4

09-50026-mg    Doc 14068-3    Filed 08/18/17    Entered 08/18/17 11:16:11    Exhibit Ex 3
Plaintiffs Motion for Leave to File FAC    Pg 6 of 11
Case 1:16-cv-02171-TWT   Document 76   Filed 08/07/17   Page 5 of 20

regard to that one claim. *See* FAC at 31, n. 22.[2] Whether Plaintiff will ultimately prevail on her claim for punitive damages based on GM Corp.'s conduct is not currently known, but it seems to be a simple matter of contract interpretation. GM LLC agreed to be subject to product liability claims for injuries suffered in GM Corp. cars. In its contractual assumption of liability, GM LLC did not exclude liability for punitive damages, even though the nearly identical and contemporaneous Chrysler sale agreement, adjudicated in the same court as was GM's bankruptcy case, did *specifically* exclude claims for punitive damages.

    Plaintiff acknowledges that other parties have lost the argument that Plaintiff seeks to make with regard to the GM "sale" agreement. In late 2015, in connection with issues arising out the GM Ignition Switch MDL, a New York bankruptcy court judge issued a ruling that – at least as to ignition switch plaintiffs – the GM bankruptcy sale agreement did not pass liability for punitive damages to GM LLC based on GM Corp's conduct. But that ruling by the bankruptcy judge was never

---

[2] The full text of Footnote 22 of Plaintiff's proposed FAC reads: "Plaintiff contends that GM LLC assumed liability for punitive damages based on the conduct of GM Corp. as part of GM LLC's assumption of liability for product liability claims. GM LLC has contended that it did not assume liability for punitive damages based on GM Corp.'s conduct. Kaitlyn Reichwaldt intends to litigate that issue. **Plaintiff will assert at trial those claims, and only those claims, which the Court determines she is legally allowed to assert**." (emphasis added).

5

09-50026-mg    Doc 14068-3    Filed 08/18/17    Entered 08/18/17 11:16:11    Exhibit Ex 3 - Plaintiffs Motion for Leave to File FAC    Pg 7 of 11

Case 1:16-cv-02171-TWT    Document 76    Filed 08/07/17    Page 6 of 20

appealed and thus no appellate court has had the opportunity to consider whether GM LLC agreed to be subject to claims for punitive damages as part of the GM bankruptcy "sale."

In addition, Plaintiff Reichwaldt took no part in the briefing of the contractual assumption of punitive damages issue in 2015. Nor could she have: her case was not yet filed at that time. Plaintiff will make her arguments with regard to the contractual assumption of punitive damages issue to the bankruptcy court and to the Second Circuit, if necessary. By allowing Plaintiff to amend her complaint to add a claim seeking to recover for punitive damages against GM LLC based on GM Corp. conduct, that issue can be preserved so it can be fully litigated.

Rule 15 provides the Court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The trial court has extensive discretion in deciding whether to grant leave to amend." *Goshawk Dedicated Ltd. v. Am. Viatical Servs., LLC*, No. 1:05-CV-2343-RWS, 2010 WL 5087844, at *1 (N.D. Ga. Dec. 6, 2010) (internal citations and quotations omitted). "Thus, the Court should deny leave to amend only where the amendment will result in undue delay, bad faith, undue prejudice, a repeated failure to cure deficiencies by amendments previously allowed, or futility." *U.S. ex. rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*, 2013 WL 5340480, at *8 (N.D. Ga. Sept. 17, 2013).

09-50026-mg    Doc 14068-3    Filed 08/18/17    Entered 08/18/17 11:16:11    Exhibit Ex 3
Plaintiffs Motion for Leave to File FAC    Pg 8 of 11

Case 1:16-cv-02171-TWP   Document 76   Filed 08/07/17   Page 7 of 20

Justice requires that Plaintiff be given leave to amend. Plaintiff is simply trying to avoid needless time-consuming and expensive litigation. The only litigation in the New York bankruptcy court that is necessary is litigation over the contractual assumption issue. Plaintiff is just the most recent victim of the CK truck's flawed design. Hundreds of Americans have burned in CK trucks, most to death, because of GM Corp.'s and then GM LLC's reprehensible conduct. GM Corp.'s decision to design and sell plainly defective CK trucks, followed by GM Corp.'s and (then later) GM LLC's decision not to warn the public of the dangers of those CK trucks resulted in Plaintiff suffering excruciating burns over most of her body that have caused permanent physical and mental scarring.

In addition, Plaintiff's FAC will simplify matters in both this Court and in the New York bankruptcy Court. Plaintiff's FAC addresses all but one of the bankruptcy "issues" raised by GM in its motion to enforce. Thus, the amendment will simplify the issues for the New York bankruptcy court and allow the parties to focus there on the contractual assumption of punitive damages issue. The amendment will also simplify issues in this Court because all of the other supposed bankruptcy "issues" will have been eliminated by the filing of Plaintiff's FAC. This amendment should also enable Plaintiff to obtain a ruling from this Court on her pending motion to compel, which involves issues relating to evidence and

7

09-50026-mg    Doc 14068-3    Filed 08/18/17    Entered 08/18/17 11:16:11    Exhibit Ex 3 - Plaintiffs Motion for Leave to File FAC    Pg 9 of 11

Case 1:16-cv-02171-TWT    Document 76    Filed 08/07/17    Page 8 of 10

discovery this Court should decide irrespective of GM's motion in bankruptcy court. Thus, this Court can focus on moving those claims towards trial.

Plaintiff respectfully requests her Motion be granted and she be allowed to file her FAC.

Respectfully submitted this the 7th day of August, 2017.

                **BUTLER WOOTEN & PEAK LLP**

BY:  /s/ James E. Butler, Jr.
       JAMES E. BUTLER, JR.
        jim@butlerwooten.com
        Georgia Bar No. 099625
       ROBERT H. SNYDER
        rob@butlerwooten.com
        Georgia Bar No. 404522
       DAVID T. ROHWEDDER
        rohwedder@butlerwooten.com
        Georgia Bar No. 104056
       JOSEPH M. COLWELL
        joseph@butlerwooten.com
        Georgia Bar No. 531527
       Butler Wooten & Peak LLP
       105 13th Street
       Post Office Box 2766
       Columbus, Georgia 31902
       (706) 322-1990
       (706) 323-2962 (fax)

                **ATTORNEYS FOR PLAINTIFF**

09-50026-mg    Doc 14068-3    Filed 08/18/17    Entered 08/18/17 11:16:11    Exhibit Ex 3
Case 1:10-cv-02171-TWT   Document 76   Filed 08/07/17   Page 9 of 20
Plaintiffs Motion for Leave to File FAC    Pg 10 of 11

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

/s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
  Georgia Bar No. 099625
ROBERT H. SNYDER
  Georgia Bar No. 404522
DAVID T. ROHWEDDER
  Georgia Bar No. 104056
JOSEPH M. COLWELL
  Georgia Bar No. 531527
Butler, Wooten & Peak LLP
105 13th Street
Post Office Box 2766
Columbus, Georgia 31902
(706) 322-1990
(706) 323-2962 (fax)

09-50026-mg Doc 14068-3 Filed 08/18/17 Entered 08/18/17 11:16:11 Exhibit Ex 3
Plaintiffs Motion for Leave to File FAC Pg 11 of 11
Case 1:16-cv-02171-TWT Document 76 Filed 08/07/17 Page 10 of 10

## CERTIFICATE OF SERVICE

    This is to certify that on August 7, 2017, I electronically filed PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

C. Bradford Marsh
Ashley W. Broach
SWIFT, CURRIE, MCGHEE
  & HIERS, LLP
1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309

Michael P. Cooney
Kelly Renee Houk
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, MI 48243

/s/ James E. Butler, Jr.
JAMES E. BUTLER, JR.
  Georgia Bar No. 099625
ROBERT H. SNYDER
  Georgia Bar No. 404522
DAVID T. ROHWEDDER
  Georgia Bar No. 104056
JOSEPH M. COLWELL
  Georgia Bar No. 531527
Butler Wooten & Peak LLP
105 13th Street
Post Office Box 2766
Columbus, Georgia 31902
(706) 322-1990
(706) 323-2962 (fax)