# EXHIBIT 4

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

August 8, 2017

**VIA E-MAIL TRANSMISSION AND**
**OVERNIGHT DELIVERY**

James E. Butler, Jr., Esq.
Robert H. Snyder, Esq.
David T. Rohwedder, Esq.
Joseph M. Colwell
BUTLER WOOTEN & PEAK, LLP
105 13th Street
Post Office Box 2766
Columbus, Georgia 31902

      Re:   *Kaitlyn Reichwaldt v. General Motors LLC*
              **US District Ct for ND Ga, Case No. 16-02171**

Dear Counsel:

    We are in receipt of your draft *First Amended Complaint* ("**Amended Complaint**") in connection with the above-referenced matter.[1] So that it is absolutely clear, the purpose of the July 14 Letter was to have you correct the infirmities in the original version of your complaint which violated existing orders of the Bankruptcy Court. It was not intended as an invitation to you to amend your complaint to add new allegations. We do not consent to any amendment of the complaint that has such new allegations. You should be aware, however, that certain of the new allegations you improperly tried to assert violate the Bankruptcy Court's rulings. *See, e.g.*, Amended Complaint, ¶¶ 2, 28, 87 (allegations that allege or suggest that New GM is the successor to Old GM).[2]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings contained in my prior letter to you, dated July 14, 2017("**July 14 Letter**").

[2] *See* December 2015 Judgment, ¶ 16 (prohibited allegations include those that "speak of New GM as the successor of Old GM (e.g. allegations that refer to New GM as the 'successor of,' a 'mere continuation of, or a 'de facto successor of' of Old GM) . . .").

James E. Butler, Jr., Esq. *et al.*
August 8, 2017
Page 2

    Moreover, the Amended Complaint, with or without the additional allegations, as more fully set forth in the July 14 Letter, still suffers from the following infirmities: (i) the alleged independent claim for failure to warn is improper because it is based, at least in part, on Old GM conduct; and (ii) the requests for punitive damages is improper because they are based at least in part on alleged Old GM conduct.

    New GM reserves all of its rights regarding your client's continuing violation of the Bankruptcy Court's rulings.

                                                                                        Very truly yours,

                                                                                     */s/ Scott Davidson*

                                                                                     Scott Davidson