# **<u>Exhibit C</u>**

```
                        UNITED STATES BANKRUPTCY COURT
                         SOUTHERN DISTRICT OF NEW YORK


                                    .    Case No. 09-50026-mg
IN RE:                              .    Chapter 11
                                    .
MOTORS LIQUIDATION COMPANY,         .    (Jointly administered)
et al., f/k/a GENERAL               .
MOTORS CORP., et al,                .    One Bowling Green
                                    .    New York, NY 10004
             Debtors.               .
                                    .    Thursday, June 29, 2017
. . . . . . . . . . . . . . .       .    3:10 p.m.


              TRANSCRIPT OF HEARING RE: ORDER TO SHOW CAUSE
                    BEFORE THE HONORABLE MARTIN GLENN
                   UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:            King & Spalding LLP
                           By:  ARTHUR STEINBERG, ESQ.
                           1185 Avenue of the Americas
                           New York, New York 10036-4003
                           (212) 556-2158

TELEPHONIC APPEARANCES:

For Bernard Pitterman:     Adelman Hirsch & Connors LLP
                           By:  JORAM HIRSCH, ESQ.
                           1000 Lafayette Boulevard
                           Bridgeport, CT 06604
                           (203) 331-8888

Audio Operator:            Jonathan, ECRO


Transcription Company:     Access Transcripts, LLC
                           10110 Youngwood Lane
                           Fishers, IN 46038
                           (855) 873-2223
                           www.accesstranscripts.com

       Proceedings recorded by electronic sound recording,
          transcript produced by transcription service.
```

1       (Proceedings commence at 3:10 p.m.)
2            THE COURT:  Motors Liquidation Company, 09-50026.
3  I'm sorry, Mr. Steinberg.
4            Is anybody on the phone for this?
5            MR. HIRSCH:  Yes, Your Honor.  It's Attorney Joram
6  Hirsch.
7            THE COURT:  Okay, Mr. Hirsch.  Hang on.  I apologize
8  about the time.  Let me just write myself a note here.
9            Let me ask first, Mr. Steinberg, was there a hearing
10 before Judge Hall today?
11           MR. STEINBERG:  Yes.
12           THE COURT:  And when --
13           MR. STEINBERG:  We went yesterday.
14           THE COURT:  Was it yesterday?
15           MR. STEINBERG:  Yes, sir.
16           THE COURT:  Okay.  I wasn't in the country.  What did
17 she do?
18           MR. STEINBERG:  Your Honor, we filed a reply this
19 morning.  I'm not sure if you've had a chance to read it or
20 not.  Attached to that reply was the transcript of yesterday's
21 hearing as it relates to this issue.  Judge Hall determined
22 that the plaintiffs can assert a direct post-sale duty to warn
23 and duty to recall claim against New GM, but Judge Hall said
24 that she was only ruling on that matter as a matter of
25 Connecticut state law --

1    THE COURT:  Right.

2    MR. STEINBERG:  -- which she deemed as something of
3 first impression and she recognized that somewhere along the
4 line it may get very well certified to the Connecticut Supreme
5 Court, all of which is contained in the transcript.  But she
6 expressly acknowledged that Your Honor would have a hearing
7 today and would be exercising your gatekeeping function with
8 regard to whether the amended complaint that was filed is in
9 compliance with bankruptcy court rulings.

10    THE COURT:  All right.  And let me -- Mr. Hirsch, let
11 me tell you what my problem with your amended complaint is.
12 It's -- I agree with you that it's Judge Hall, and only Judge
13 Hall, who is going to determine whether your amended complaint
14 states a cause of action under Connecticut law.  The once piece
15 of your amended complaint that gives me pause is Paragraph 25,
16 which refers to the technical bulletin that Old GM issued when
17 -- I think it was in 2006 -- I don't have it in front of me --
18 in 2006.

19    I can't tell from reading the amended complaint
20 whether you're seeking to rely on Paragraph 25 for purposes of
21 your claim against New GM.  That would seem to completely run
22 afoul of my prior ruling.  I think you can properly rely on --
23 and here's what gave me the confusion.  I think because the
24 duty to warn is an assumed liability, I think you can rely on
25 Paragraph 25 for purposes of the assumed liability claim,

1  failure to warn, because that focuses on conduct of Old GM.
2           What I couldn't tell, and I don't know what you --
3  what, if anything, you told Judge Hall, I don't think I should
4  permit you to rely on Paragraph 25 in support of an independent
5  claim against New GM.  Whether your complaint states a claim
6  without it, that's for Judge Hall to determine.
7           So what's your position, Mr. Hirsch?
8           MR. HIRSCH:  My position is, Your Honor, that New --
9  that that paragraph and that piece of evidence is clearly
10 relevant to the duty to warn as against Old GM.  My --
11          THE COURT:  We agree.  I agree with you.
12          MR. HIRSCH:  Of course.  And my second position is
13 that New GM, after 2009, was aware of its existence.
14          THE COURT:  Okay.  I'm -- Mr. Steinberg, let me hear
15 you.
16          MR. STEINBERG:  Your Honor, in connection with your
17 June 7th ruling, you had said that the plaintiffs had actually
18 not properly pled an independent claim, and therefore those
19 claims did not get through the gate, and they moved to amend
20 their complaint.  Vis-à-vis the New GM allegations, they were
21 originally contained in one paragraph, and all that happened is
22 that they broke out that one paragraph and put it into two
23 paragraphs, essentially saying the same words, but saying that
24 Old GM had knowledge available to it or was aware of a defect
25 creating a duty to warn, and then saying the same thing for New

1  GM separately.  We believe just doing that doesn't set forth an
2  independent claim.
3           THE COURT:  Well, let me cut through this because I
4  know you're getting ready for trial.
5           Mr. Hirsch, I am precluding you from relying on the
6  allegation in Paragraph 25 in support of a failure to warn
7  independent claim against New GM.  You can call New GM
8  witnesses and show that they had knowledge of this alleged
9  defect.  That's going to be up to Judge Hall.  Okay?
10          But what I'm not going to do is -- this is exactly
11 what I wrote the opinion to prevent you from doing, to
12 bootstrap your independent -- your purported independent claim
13 by relying on conduct of Old GM.  If you have witnesses from
14 New GM who are going to testify at your trial that they had
15 knowledge of this alleged defect, you know, Judge Hall will
16 decide whether that testimony is admissible or not, but you're
17 not -- I'm not permitting you -- you're attempting to do
18 exactly what I precluded you from doing.  Okay?
19          MR. HIRSCH:  Your Honor, if I --
20          THE COURT:  No, stop.  Don't.  Stop.
21          MR. HIRSCH:  Okay.
22          THE COURT:  Okay.  Just so the rule --
23          Mr. Steinberg, you can prepare an order that, having
24 read the briefs and heard argument, the Court determines that
25 the allegation contained in Paragraph 25 of the amended

1  complaint may not be used to support an independent claim
2  against New GM for duty to warn. Whether Mr. Hirsch can offer
3  testimony about New GM's knowledge, that's not before me.
4  Okay? But it's not going to be that 2006 technical bulletin.
5          MR. STEINBERG: Your Honor, I appreciate that ruling,
6  but we do have other arguments as to why we think Paragraphs 27
7  and 28 should be stricken.
8          THE COURT: The objection is overruled. Okay? It
9  seemed to me that Judge Hall will have to determine whether
10 those additional paragraphs are sufficient to state a claim
11 under Connecticut law. What I am precluding is the plaintiff
12 from relying on conduct of Old GM in support of its alleged
13 independent claim against New GM. So the motion is granted in
14 part and denied in part.
15         MR. STEINBERG: Your Honor, there is something about
16 how Judge Hall ruled on this matter which we think is important
17 and important for the gatekeeping function that we'll be asking
18 Your Honor to exercise. Judge Hall determined that New GM was
19 a product seller under the Connecticut Product Liability Act
20 because of three facts. All of those facts have nothing to do
21 with establishing an independent claim. Those facts are
22 intended to establish a successor liability.
23         THE COURT: Mr. Steinberg, your objection is
24 sustained in part and overruled in part. You've heard my
25 ruling.

1          Judge Hall is the trial judge.  She will determine --
2  I understand the importance under Connecticut law of is New GM
3  a product seller with respect -- this is an old vehicle.  I've
4  read some of those cases.  Judge Hall is presiding.  She's
5  going to determine, and maybe she already has, and we'll see
6  what -- you'll see what the outcome of the trial is.  I may be
7  right; I may be wrong.
8          I've read the three paragraphs at issue.  The only
9  one that runs afoul of my earlier ruling is Paragraph 25.  If
10 Judge Hall thinks that the additional paragraphs are sufficient
11 to state a claim, you know, she'll hear the evidence.  What I'm
12 saying is that Paragraph 25, it can be used -- and the evidence
13 in support of it can be used in support of the assumed duty to
14 warn claim.  It can't be used in connection with the
15 independent claim.
16         That's my ruling.  Prepare an order accordingly.
17 We're adjourned.
18         MR. STEINBERG:  Thank you.
19     (Proceedings concluded at 3:19 p.m.)
20                         * * * * *
21
22
23
24
25

8

# **C E R T I F I C A T I O N**

    I, Alicia Jarrett, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____

ALICIA JARRETT, AAERT NO. 428     DATE:  June 30, 2017

ACCESS TRANSCRIPTS, LLC