# **Exhibit D**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAITLYN REICHWALDT,

       Plaintiff,

v

GENERAL MOTORS LLC,

       Defendant.

Civil Action
File No.: 1:16-cv-02171-TWT

[ON REMOVAL FROM STATE
COURT OF COBB COUNTY CIVIL
ACTION FILE NO. 16A 1405-2]

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant General Motors LLC ("GM LLC," also sometimes referred to as "New GM"), by its attorneys, hereby answers Plaintiff's Complaint as follows:

## I. INTRODUCTION

1.     GM LLC denies the allegations in paragraph 1 of the Complaint as untrue. GM LLC denies, in particular, that Edward Ivey, who never participated in any aspect of the design or production of the 1973-1987 C/K pickups, testified that the fuel storage systems of those vehicles were defective or "indefensible." In response to footnote 1, GM LLC did not design, manufacture, or sell the 1984 pickup truck ("subject vehicle") described in the Complaint; GM LLC did not exist when the subject vehicle was designed, manufactured, and sold. GM LLC admits that, before July 10, 2009, General Motors Corporation ("GMC") designed in part,

manufactured in part, marketed and distributed motor vehicles, including the subject vehicle, to independent authorized dealers.  GM LLC admits that GMC filed for bankruptcy protection on June 1, 2009 in the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court.") GM LLC admits that the New York Bankruptcy Court issued the Sale Order and Injunction approving the sale of substantially all of Motors Liquidation Company f/k/a GMC's assets to NGMCO, Inc., as successor in interest to Vehicle Acquisition Holdings LLC (defined in the Sale Order as the "Purchaser").  The sale was consummated on July 10, 2009. GM LLC admits it ultimately did acquire substantially all of Motors Liquidation Company f/k/a GMC's assets, free and clear of all liens, claims, and encumbrances, except for certain limited exceptions. GM LLC otherwise denies the allegations of footnote 1 and denies Plaintiff's attempt to collectively refer to General Motors LLC and General Motors Corporation as "GM."

2.    GM LLC denies the allegations in paragraph 2 of the Complaint, including the allegations of defect, danger, and concealment related to C/K pickup trucks, as untrue.  GM LLC further denies that the settlement of lawsuits proves defect.

3.      GM LLC denies the allegations in paragraph 3 of the Complaint, including the mischaracterization of Kashmerick's deposition testimony in footnote 3, as untrue.

4.      GM LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint regarding the underlying collision or Plaintiff's alleged injuries.  GM LLC denies the remaining allegations in paragraph 4, including that the subject vehicle's fuel storage system was "unprotected" when the vehicle left GMC's control.

5.      GM LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Complaint.

6.      GM LLC admits that GMC sold newly designed C/K model full-size pickup trucks in the 1973 model year.  GM LLC denies the remaining allegations in paragraph 6 of the Complaint as untrue.

7.      GM LLC denies the allegations in paragraph 7 as untrue.

8.      GM LLC admits that it has not recalled the 1973-9187 C/K pickups for fuel storage system defects and that any cited NHTSA letter to Chrysler speaks for itself.  GM LLC denies the remaining allegations in paragraph 8 of the Complaint, including the allegations of footnote 4, as untrue.

3

9.    GM LLC denies that the fuel storage systems in the 1973-1987 C/K pickups, as produced by GMC, were unprotected from impact and should not have been located outside the frame rail.    GM LLC admits only that documents referenced in subparts (a) through (k) of paragraph 9 of the Complaint speak for themselves.    GM LLC denies the allegations in subparts (a) through (k) of paragraph 9 to the extent they are incomplete, out of context, and/or misleading references to the cited documents, and GM LLC denies the remaining allegations of paragraph 9 of the Complaint as untrue.

10.    GM LLC objects to the allegations in paragraph 10 of the Complaint to the extent that they contain protected attorney work product and/or attorney-client communications.    Without waiving its objections, GM LLC admits that the quoted language is contained in a document dated in May 1972 that Mr. Elwell claims to have contributed to in part. GM LLC denies the remaining allegations of paragraph 10 of the Complaint as untrue.

11.    GM LLC denies the allegations in paragraph 11 of the Complaint as untrue.

12.    GM LLC admits that it may have been feasible for GMC to locate a fuel tank in various positions on a full-size pickup truck.    GM LLC denies that a fuel tank located inside the frame rails was practical for the 1973 C/K design and

4

denies that such a location would improve the overall safety of the vehicle. GM LLC denies the remaining allegations in paragraph 12 of the Complaint as untrue.

13. GM LLC admits that Edward Ivey authored a 1973 memorandum and that the document speaks for itself. GM LLC denies that the memorandum related to the 1973-1987 C/K pickups and denies the remaining allegations of paragraph 13 of the Complaint as untrue.

14. GM LLC objects to the allegations in paragraph 14 of the Complaint to the extent that they purport to be based on information contained in protected attorney work product and/or attorney-client communications. GM LLC admits only that, to the extent the allegations purport to quote from a document, the document speaks for itself. GM LLC otherwise denies the allegations of paragraph 14 as untrue.

15. GM LLC denies the allegations in paragraph 15 of the Complaint as untrue.

16. GM LLC admits the trial and verdict in *Moseley v. GM*, and that GMC and/or GM LLC have tried and settled lawsuits involving 1973-1987 C/K pickups. GM LLC denies the remaining allegations in paragraph 16 as untrue.

17. GM LLC objects to the allegations in paragraph 17 of the Complaint to the extent that they purport to reference protected attorney work product and/or

attorney-client communications.  Without waiving its objections, GM LLC admits only that Mr. Elwell's testimony speaks for itself.  GM LLC denies the remaining allegations in paragraph 17 as untrue.

18.    GM LLC admits only that Mr. Elwell's testimony speaks for itself. GM LLC denies the remaining allegations in paragraph 18 as untrue.

19.    GM LLC objects to the allegations in paragraph 19 of the Complaint to the extent that they purport to be based on information contained in protected attorney work product and/or attorney-client communications.  Without waiving its objections, GM LLC admits that GMC, with the assistance of counsel, collected and reviewed certain documents in the early 1980s related to passenger car fuel systems, to assist GMC in responding to litigation regarding passenger car fuel systems.  GM LLC admits those documents were collected from various persons and groups within GMC.  GM LLC otherwise denies the allegations of paragraph 19 of the Complaint as pled.

20.    GM LLC admits only that GMC and GM LLC have been sued by Plaintiffs alleging that persons were burned in post-collision fires in 1973-1987 C/K pickups.  GM LLC denies the remaining allegations in paragraph 20 as untrue.

21.    GM LLC admits only that its discovery responses in *Williams v GM* speak for themselves.  GM LLC lacks knowledge or information sufficient to form

Case 1:16-cv-02311-TWT    Document 4    Filed 06/23/17    Page 5 of 25

a belief about the truth of the allegations in paragraph 21 of the Complaint regarding what Plaintiff's counsel claims to be "aware of."  GM LLC denies the remaining allegations of paragraph 21 as untrue.

22.    GM LLC denies the allegations in paragraph 22 of the Complaint as untrue.

23.    GM LLC admits only that the circumstances of the cited motor vehicle crashes speak for themselves and denies the allegations in paragraph 23 of the Complaint that are contrary to those circumstances.  GM LLC denies that persons sustained injury as the result of a design defect in the fuel storage systems of 1973-87 C/K pickups and denies the remaining allegations of paragraph 23 of the Complaint as untrue.

24.    GM LLC admits only that the circumstances of the cited motor vehicle crashes speak for themselves and denies the allegations in paragraph 24 of the Complaint that are contrary to those circumstances.  GM LLC denies that persons sustained injury as the result of a design defect in the fuel storage systems of 1973-87 C/K pickups and denies the remaining allegations of paragraph 24 of the Complaint as untrue.

25.    GM LLC admits only that witness testimony in *Moseley v GM* speaks for itself and denies the allegations in paragraph 25 of the Complaint that are

7

incomplete, out of context, or erroneous citations to that testimony. GM LLC denies the remaining allegations in paragraph 25 as untrue.

26.   GM LLC denies the allegations in paragraph 26 of the Complaint as untrue.

27.   GM LLC denies the allegations in paragraph 27 of the Complaint as untrue.

28.   GM LLC incorporates by reference its averments and admissions provided in Paragraph 1 above. GM LLC denies the allegations in paragraph 28 of the Complaint as untrue.

29.   GM LLC admits that its CEO Mary Barra appeared before the House Committee on Energy and Commerce, Subcommittee on Oversight and Investigations, and the Senate Committee on Commerce, Science, and Transportation, Subcommittee on Consumer Protection, Product Safety and Insurance related to GM Recall Nos. 13454 and 14063. GM LLC denies the remaining allegations of paragraph 29 as pled.

30.   GM LLC denies that CEO Mary Barra testified before Congress on June 5, 2014. GM LLC admits that on June 5, 2014, Ms. Barra addressed GM LLC employees in connection with GM Recall Nos. 13454 and 14063 and that Ms. Barra's statements speak for themselves.

8

31.     GM LLC admits that paragraph 31 accurately quotes a portion of Ms. Barra's statement made to Congress related to GM Recall Nos. 13454 and 14063 on June 18, 2014, the contents of which speak for themselves.

32.     GM LLC admits that Paragraph 32 accurately quotes a portion of its CEO Mary Barra's April 1, 2014 Congressional testimony related to GM Recall Nos. 13454 and 14063.

33.     GM LLC denies the allegations in paragraph 33 as untrue.

34.     GM LLC admits only that its discovery responses in *Williams v GM* and *Synovus v. GM* speak for themselves.  GM LLC denies the incomplete, out of context, and mischaracterized citations to those responses and denies the remaining allegations of paragraph 34 of the Complaint as pled.

## II. PARTIES, JURISDICTION, VENUE, AND SERVICE OF PROCESS

35.     GM LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint and, therefore, denies the same.

36.     GM LLC admits that it is a Delaware limited liability company with its principal place of business in Michigan, and that it does business in Georgia. GM LLC admits that since July 10, 2009, it designs in part, assembles in part, and

9

sells motor vehicles to authorized dealers throughout the United States. The remainder of the allegations in Paragraph 36 are denied.

37.    GM LLC admits that its registered agent in Georgia is set forth in paragraph 37 of the Complaint.  GM LLC denies the remaining allegations and legal conclusions in paragraph 37 of the Complaint to the extent that they are inconsistent with the applicable law.

38.    GM LLC admits it operates an Information Technology Center in Roswell, Georgia.  GM LLC denies that it is subject to general personal jurisdiction in Georgia or that it is "at home" in Georgia.  GM LLC denies the legal conclusions of paragraph 38 of the Complaint to the extent that they are inconsistent with the applicable law.

39.    GM LLC admits that venue is proper in this Court.  GM LLC denies that venue is convenient and appropriate in this Court.

### III.  <u>OPERATIVE FACTS</u>

40.    GM LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Complaint and, therefore, denies the same.

Case 1:16-cv-04251-TWT   Document 4   Filed 06/20/16   Page 13 of 25

41.     GM LLC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Complaint and, therefore, denies the same.

42.     GM LLC denies the allegations in paragraph 42 of the Complaint as untrue.

43.     GM LLC incorporates by reference its averments and admissions as provided in paragraph 1 above.  GM LLC admits many individuals who had been employed by GMC became employees of GM LLC following GMC's bankruptcy. GM LLC denies the remaining allegations in paragraph 43 of the Complaint as untrue.

44.     GM LLC incorporates by reference its averments and admissions as provided in paragraph 1 above.  GM LLC admits many individuals who had been employed by GMC became employees of GM LLC following GMC's bankruptcy. GM LLC denies the remaining allegations in paragraph 44 of the Complaint as untrue.

45.     GM LLC incorporates by reference its averments and admissions as provided in paragraph 1 above.  GM LLC admits many individuals who had been employed by GMC became employees of GM LLC following GMC's bankruptcy.

GM LLC denies the remaining allegations in paragraph 45 of the Complaint as untrue.

46.    GM LLC incorporates by reference its averments and admissions as provided in paragraph 1 above.  GM LLC admits many individuals who had been employed by GMC became employees of GM LLC following GMC's bankruptcy. GM LLC denies the remaining allegations in paragraph 46 of the Complaint as untrue.

47.    GM LLC denies the allegations in paragraph 47 of the Complaint as untrue.

48.    GM LLC denies the allegations in paragraph 48 of the Complaint as untrue.

49.    GM LLC incorporates by reference its averments and admissions as provided in paragraph 1 above.  GM LLC denies the remaining allegations of paragraph 49 of the Complaint as untrue.

50.    GM LLC admits that its assumed the liability as provided in Section 2.3(a)(ix) of the First Amendment to the Sale Agreement.  Imposition of liability upon GM LLC, if any, is limited by the terms of this Agreement and the orders and judgments of the New York Bankruptcy Court.  To the extent the allegations of

paragraph 50 of the Complaint are contrary to the Agreement, GM LLC denies the allegations as untrue.

51.    GM LLC admits that it employed certain GMC employees and that GM LLC and its employees have knowledge regarding the fuel storage systems of the 1973-1987 C/K pickups.

52.    GM LLC denies the allegations in paragraph 52 of the Complaint as untrue.

53.    GM LLC denies the allegations in paragraph 53 of the Complaint as untrue.

54.    GM LLC denies the allegations in paragraph 54 of the Complaint as untrue.

55.    GM LLC denies the allegations in paragraph 55 of the Complaint as untrue.

### III.  LIABILITY OF GM LLC [SIC]

### COUNT ONE— NEGLIGENCE & STRICT LIABILITY

56.    GM LLC incorporates by reference its answers to paragraphs 1 through 55 of the Complaint.

57.   GM LLC admits that GMC designed in part, assembled in part, and originally sold 1984 C/K pickups.  GM LLC denies the allegations of paragraph 57 of the Complaint to the extent that they are directed to GM LLC.

58.   GM LLC denies the legal conclusions in paragraph 58 of the Complaint to the extent they are contrary to the applicable law.  GM LLC denies the remaining allegations in paragraph 58 of the Complaint as untrue.

59.   GM LLC denies the allegations in paragraph 59 of the Complaint as untrue.

60.   GM LLC denies the allegations in paragraph 60 of the Complaint as untrue.

61.   GM LLC denies the allegations in paragraph 61 of the Complaint as untrue.

62.   GM LLC denies the allegations in paragraph 62 of the Complaint as untrue.

63.   GM LLC denies the allegations in paragraph 63 of the Complaint as untrue.

64.   GM LLC denies the allegations in paragraph 64 of the Complaint as untrue.

65.   GM LLC denies the allegations in paragraph 65 of the Complaint as untrue.

66.   GM LLC denies the allegations in paragraph 66 of the Complaint as untrue.

67.   GM LLC denies the allegations and legal conclusions in paragraph 67 of the Complaint as untrue.

68.   GM LLC incorporates by reference its averments and admissions as provided in paragraphs 1 and 50 above.  Imposition of liability upon GM LLC, if any, is limited by the terms of this Agreement and the orders and judgments of the New York Bankruptcy Court.  To the extent the allegations of paragraph 68 of the Complaint are contrary to the Agreement, GM LLC denies the allegations as untrue.

## COUNT TWO — RECKLESS & WANTON MISCONDUCT

69.   GM LLC incorporates by reference its answers to paragraphs 1 through 68 of the Complaint.

70.   GM LLC denies the allegations in paragraph 70 of the Complaint as untrue.

71.   GM LLC denies the allegations in paragraph 71 of the Complaint as untrue.

15

72.    GM LLC denies the allegations in paragraph 72 of the Complaint as untrue.

## COUNT THREE — FAILURE TO WARN

73.    GM LLC incorporates by reference its answers to paragraphs 1 through 72 of the Complaint.

74.    GM LLC denies the legal conclusions in paragraph 74 of the Complaint to the extent they are contrary to the applicable law.

75.    GM LLC denies the allegations in paragraph 75 of the Complaint as untrue.

76.    GM LLC denies the allegations in paragraph 76 of the Complaint as untrue.

77.    GM LLC denies the allegations in paragraph 77 of the Complaint as untrue.

78.    GM LLC denies the allegations in paragraph 78 of the Complaint as untrue.

79.    GM LLC incorporates by reference its averments and admissions as provided in paragraphs 1 and 50 above.  .  Imposition of liability upon GM LLC, if any, is limited by the terms of this Agreement and the orders and judgments of the New York Bankruptcy Court.  To the extent the allegations of paragraph 79 of the

Complaint are contrary to the Agreement, GM LLC denies the allegations as untrue.

80.     GM LLC denies the allegations in paragraph 80 of the Complaint as untrue.

## COUNT FOUR — PUNITIVE DAMAGES

81.     GM LLC incorporates by reference its answers to paragraphs 1 through 80 of the Complaint.

82.     GM LLC denies the allegations in paragraph 82 of the Complaint as untrue.

83.     GM LLC denies the allegations in paragraph 83 of the Complaint as untrue.

## COUNT FIVE — EXPENSES OF LITIGATION

84.     GM LLC incorporates by reference its answers to paragraphs 1 through 83 of the Complaint.

85.     GM LLC denies the allegations in paragraph 85 of the Complaint as untrue and contrary to applicable law.

## IV. DAMAGES SOUGHT

86.    GM LLC incorporates by reference its answers to paragraphs 1 through 85 of the Complaint.

87.    GM LLC denies the allegations in paragraph 87 of the Complaint as untrue.

88.    GM LLC denies that Plaintiff is entitled to an award of damages from GM LLC as alleged in paragraph 88 of the Complaint, including subparts (a) through (e).

## V.     PRAYER FOR RELIEF

WHEREFORE, GM LLC requests that Plaintiff's Complaint be dismissed in its entirety with prejudice and requests entry of a judgment with no cause of action together with its costs and attorneys' fees incurred in the defense of this matter, and for such other and further relief at law or in equity to which GM LLC may show itself justly entitled.

## RELIANCE ON JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, GM LLC demands a jury trial on all issues triable of right of jury.

## <u>AFFIRMATIVE DEFENSES</u>

GM LLC has not yet had the opportunity to complete discovery or its investigation of this matter; therefore, GM LLC relies upon such of the following defenses as may prove applicable after discovery or at trial.

1.      Plaintiff's Complaint, in whole or part, fails to state a claim on which relief can be granted and GM LLC is entitled to a judgment of no cause of action as a matter of law.

2.      Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of repose or other law.

3.      Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitations or other law.

4.      Plaintiff's allegations of injuries or expenses relating to the alleged injuries were caused, in whole or in part, by Plaintiff's own acts or omissions.

5.      Plaintiff's allegations of injuries or expenses relating to the alleged injuries were caused, in whole or in part, by the acts or omissions of another or others for whose conduct GM LLC is not responsible and over whose conduct GM LLC has no control.

Case 1:16-cv-04211-TWT    Document 4    Filed 06/20/16    Page 25 of 25

6.     Plaintiff's allegations of injuries or expenses relating to the alleged injuries were caused, in whole or in part, by Plaintiff's assumption of the risk and/or contributory negligence.

7.     The subject vehicle, when produced, complied with all applicable federal, state and local laws and regulations.

8.     Plaintiff's injury claims may have resulted from the abuse/misuse of the subject vehicle.

9.     Plaintiff's injury claims may have resulted from a substantial modification of the subject vehicle.

10.     Plaintiff's injury claims may have been due to failure to use the vehicle occupant restraint system.

11.     GM LLC asserts all defenses available to it under Federal Rules of Civil Procedure 8(c).

12.     Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

13.     GM LLC did not design, manufacture, or sell the subject vehicle.

14.     GM LLC's assumption of liability for General Motors Corporation, now known as Motors Liquidation Company, is governed by the Amended and Restated Master Sale and Purchase Agreement entered in *In re Motors Liquidation*

20

*Co.*. Chapter 11 Case No. 09-50026 (Bankr. S.D.N.Y. 2009). Imposition of liability on GM LLC, if any, is limited by the terms of this Agreement. Some of Plaintiffs' claims and requests for damages may be barred, preempted and/or precluded by applicable federal law and/or Orders, Judgments and/or Decisions of the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court") entered in the bankruptcy case captioned *In re Motors Liquidation Co.*, Case No. 09-50026, which is pending before the New York Bankruptcy Court.

15. An award of punitive or exemplary damages in this action would violate GM LLC's rights to protection from "excessive fines" as provided in the VIII Amendment of the United States Constitution and Paragraph 17 of Section I of the Constitution of the State of Georgia.

16. Plaintiff fails to plead with particularity any alleged fraud or the circumstances constituting recovery of punitive damages as related to this Plaintiff.

17. Plaintiff's claims for punitive damages cannot be sustained because the standard for determining liability for punitive damages under Georgia law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim. Therefore, any award of punitive

damages would violate GM's due process rights under the United States and Georgia Constitutions.

18.    An award of punitive or exemplary damages in this case would constitute a violation of GM's right to due process of law under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, equal protection under the Equal Protection clause of the Fourteenth Amendment to the United States Constitution, and due process and equal protection under the Equal Protection Clause of the Fourteenth Amendment and to protection under Paragraphs 1 and 2 of Article I of the Constitution of the State of Georgia.

19.    Plaintiff's claim for punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive award under Georgia law, and because Georgia law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages. Therefore, any award of punitive damages would violate GM's due process rights under the United States and Georgia Constitutions.

20.    Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia law without proof of every element beyond a reasonable doubt would violate GM's rights under Amendments IV, V, VI, and XIV to the United States Constitution.

21.    Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia law without proof of every element by clear and convincing evidence would violate GM's rights under the due process clause of the United States and Georgia Constitutions and would be improper under the common law and public policies of the State of Georgia.

22.    Plaintiff's claim for punitive damages cannot be sustained because the substantive, procedural and evidentiary prerequisites to recovery of such damages do not afford GM the protections outlined in *BMW of North America, Inc. v. Gore,* 517 U.S. 559 (1996) and *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003).

23.    For the convenience of the parties and witnesses, in the interests of justice, venue of this matter should be transferred to another district, including the District of Nebraska or the Eastern District of Michigan.

## RESERVATION OF RIGHT

Defendant GM LLC hereby reserves its right to file such amended answers and such additional defenses as may be appropriate upon completion of their investigation and discovery.

This 29th day of June, 2016.

Respectfully submitted,

**GENERAL MOTORS LLC**

*/s/ Ashley Webber Broach*

By: _____

    C. Bradford Marsh
    Georgia Bar No. 471280
    Ashley Webber Broach
    Georgia Bar No. 083593
    Attorneys for General Motors LLC

Swift Currie McGhee & Hiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia  30309-3231
(404) 874-8800 Telephone
(404) 888-6199 Facsimile
brad.marsh@swiftcurrie.com
ashley.broach@swiftcurrie.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing document was prepared in Times New Roman 14-point font in conformance with Local Rule 5.1(C), and that I have this day served a true and correct copy of the within and foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter via electronic service through ECF filing system as follows:

James E. Butler, Jr.
Robert H. Snyder
David T. Rohwedder
105 13th Street
Post Office Box 2766
Columbus, Georgia 31902

Respectfully submitted this 29th day of June, 2016.

SWIFT, CURRIE, MCGHEE & HIERS, LLP

*/s/ Ashley Webber Broach*

By: _____

C. Bradford Marsh
Georgia Bar No. 471280
Ashley Webber Broach
Georgia Bar No. 083593
**Attorneys for Defendants**
**General Motors LLC**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia  30309-3231
(404) 874-8800 Telephone
(404) 888-6199 Facsimile
brad.marsh@swiftcurrie.com
ashley.broach@swiftcurrie.com

25

3214361v.1