# **EXHIBIT O**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                                            :
In re:                                                      :    Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,                         :    Case No.: 09-50026 (MG)
      f/k/a General Motors Corp., et al.,                :
                                                            :
                          Debtors.       :    (Jointly Administered)
------------------------------------------------------------X

**DECLARATION OF LISA M. NORMAN IN SUPPORT OF THE JOINT MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363, 502(C) AND 1142 AND BANKRUPTCY RULES 3020 AND 9019 TO APPROVE THE SETTLEMENT AGREEMENT BY AND AMONG THE SIGNATORY PLAINTIFFS AND THE GUC TRUST, AND TO ESTIMATE THE PLAINTIFFS' AGGREGATE ALLOWED GENERAL UNSECURED CLAIMS AGAINST THE DEBTORS**

      Lisa M. Norman hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of her knowledge, information and belief:

      1.    I am Senior Counsel with the law firm of Andrews Myers, PC and I represent certain Ignition Switch Pre-Closing Accident Plaintiffs in conjunction with the following law firms: Avram Blair & Associates, PC; The Buckley Law Group; The Meyer Law Firm; The Potts Law Firm; Bailey Peavy Bailey Cowan Heckaman; Onder Law; Junell & Associates; Limandri & Jonna; Kirkendall Dwyer, LLP.

      2.    I submit this declaration in support of the *Joint Motion Pursuant to Bankruptcy Code Sections 105 and 502(c) and Bankruptcy Rule 9019 to Approve the Settlement Agreement by and Among the Signatory Plaintiffs and the GUC Trust, and to Estimate the Plaintiffs' Aggregate Allowed General Unsecured Claims Against the Debtors*, dated [ ], 2017 (the "**Motion**"). This declaration is based on our personal knowledge.

I.     **Settlement Agreement**

3.     The Settlement Agreement was negotiated by the Ignition Switch Plaintiffs, certain Non-Ignition Switch Plaintiffs, certain Pre-Closing Accident Plaintiffs (collectively, the "**Signatory Plaintiffs**"), the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), and counsel for certain unaffiliated holders of beneficial units of the GUC Trust (the "**Participating Unitholders**") (together with the GUC Trust and Signatory Plaintiffs, the "**Parties**") in good faith and at arm's length. After due diligence, the Signatory Plaintiffs and the GUC Trust entered into the Settlement Agreement.

4.     Continued litigation of the matters resolved by the Settlement Agreement would be complex and costly.

5.     The Settlement Agreement resolves multiple disputes, claims and issues to which the Parties are involved in varying degrees, and in related but not necessarily identical ways, such that each Party's overall obligations to one or more other Parties constitutes good and sufficient consideration for the overall benefits each Party is to receive from one or more of the other Parties.

6.     The settlements, compromises, releases and transfers contemplated in the Settlement Agreement are fair, reasonable and given in exchange for valuable and reasonably equivalent consideration.

II.    **Claims Estimate Order**

7.     The GUC Trust has been provided with proffers of evidence and expert reports by certain Ignition Switch Plaintiffs, certain Non-Ignition Switch Plaintiffs, and certain Pre-Closing Accident Plaintiffs. Based upon the proffers of evidence and expert reports provided to the GUC

Trust, Plaintiffs' claims, when combined with all of the other Allowed General Unsecured Claims against the Debtors' bankruptcy estates, equal or exceed $42 billion.

Dated: [ ], 2017

*Draft*_____
Lisa M. Norman