# EXHIBIT R

## United States Bankruptcy Court for the Southern District of New York

### NOTICE OF PROPOSED SETTLEMENT AND ORDER

| |
|---|
| **Current and former owners and lessees of certain General Motors vehicles may have their rights affected by a settlement and proposed order, including the release of claims, and may be entitled to a payment from the settlement.** |

*The Bankruptcy Court authorized this Notice. This is not a solicitation from a lawyer.*

**If you are an Affected Person (as defined below), your legal rights may be affected whether you act or do not act.**

### Please Read this Notice Carefully

This Notice provides information about a proposed settlement (the "Settlement") and related proposed order ("Order") regarding claims in the bankruptcy cases titled *In re Motors Liquidation Company, et al., f/k/a General Motors Corp.*, Bankr. No. 09-50026, pending before Judge Martin Glenn of the United States Bankruptcy Court for the Southern District of New York (the "Old GM Bankruptcy Case") against the Motors Liquidation Company General Unsecured Creditors Trust (the "GUC Trust") by owners and lessees of General Motors Corporation ("Old GM") vehicles.  The claims include allegations that consumers overpaid when they bought cars on or before July 10, 2009 with undisclosed defects in ignition switches, side airbags, or power steering that were included in certain National Highway Traffic Safety Administration ("NHTSA") recalls listed below.   The claims also include allegations that consumers suffered personal injury or wrongful death based on or arising from an accident involving certain of these vehicles that occurred prior to July 10, 2009.  A motion (the "Settlement Motion") seeking entry of the Order has been filed in the Bankruptcy Court, along with the Settlement Agreement, and can be found at the case website at www. **.com** (the "Settlement Website").

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **The Settlement Agreement and Order** | • Affected Persons (defined below) can write to the Court about why you do not like the Settlement or the Order. |
| | • More information about how to object can be found in paragraph __ and at the Settlement Website at www. **.com**. |
| | • The Court will hold a hearing on _____ __, **2017 at** _____ to determine whether to approve the Settlement Agreement and enter the Order.  Please note that the date and time of the hearing is subject to change without further notice other than an announcement on the Settlement Website. |

| | |
|---|---|
| **Distributions** | • The Settlement and Order provide Affected Persons with the exclusive benefit of the Settlement Fund (defined below).  Procedures for the administration and allocation to Affected Persons of the Settlement Fund, including criteria for Affected Persons to assert a claim against the Settlement Fund and the allocation methodology, will be established, subject to notice and an opportunity for Affected Persons to object. |

### WHAT THIS NOTICE CONTAINS

### {INSERT TOC}

### BASIC INFORMATION

**1.  What is this Notice and why should I read it?**

This Notice is to inform you of the proposed Settlement and Order regarding claims in the Old GM Bankruptcy Case.  The Bankruptcy Court has scheduled a hearing on the Settlement Motion on _____ __, 2017 at __:__ a.m./p.m. in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, Courtroom 523.  Please note that the date of the hearing may be changed without notice, other than an announcement on the Settlement Website.  Affected Persons are encouraged to visit www._____.com for future updates.

This Notice explains the terms of the Settlement, the Order, and your legal rights.

**2.  What are the Settlement and Order about?**

In the Old GM Bankruptcy Case, Ignition Switch Plaintiffs[1] and certain Non-Ignition Switch Plaintiffs[2] sought leave to file late proposed class claims against the GUC Trust seeking relief for alleged economic losses related to Old GM's alleged concealment of serious safety defects in ignition switches, side airbags, and power steering.  Certain Pre-Closing Accident Plaintiffs[3] have likewise sought leave to file late personal injury and wrongful death claims against the GUC Trust related to Old GM vehicles.

The Ignition Switch Plaintiffs, certain Non-Ignition Switch Plaintiffs, certain Pre-Closing Accident Plaintiffs (collectively, the "Signatory Plaintiffs"), and the GUC Trust (together with the Signatory Plaintiffs, the "Parties") negotiated the Settlement Agreement to resolve these claims, and to provide a fund to pay for these and other claims that have been or may be

---

[1]   The term "Ignition Switch Plaintiffs" shall mean those plaintiffs asserting economic loss claims who, as of July 10, 2009, owned or leased a vehicle with an ignition switch defect included in Recall No. 14V-047.

[2]   The term "Non-Ignition Switch Plaintiffs" shall mean those plaintiffs asserting economic loss claims who, as of July 10, 2009, owned or leased a vehicle with defects in ignition switches, side airbags or power steering included in Recall Nos. 14V-355, 14V-394, 14V-400, 14V-346 and 14V-540, 14V-118 and 14V-153.

[3]   The term "Pre-Closing Accident Plaintiffs" shall mean those plaintiffs asserting personal injury or wrongful death claims based on or arising from an accident involving an Old GM vehicle that occurred prior to the closing of the Section 363 Sale.

asserted by other parties against the GUC Trust (which other claims will similarly be resolved by the Order).

The Settlement avoids the risk and cost of a trial, but still provides relief to the Affected Persons. The Signatory Plaintiffs and their attorneys think that the Settlement is in the best interests of Affected Persons and that it is fair, adequate, and reasonable.

### WHO IS INCLUDED IN THE SETTLEMENT AND ORDER?

To see if you are affected by the proposed Settlement or Order, you first have to determine if you are an Affected Person.

**3.  How do I know if I am part of the Settlement or Order?  What is the definition of Affected Person?**

If you fall under one of the categories below, you are an Affected Person whose claims against Old GM, the GUC Trust, the GUC Trust's current and previously distributed assets and certain other parties will be waived and released as part of the proposed Order (and in exchange you will be entitled to assert your claims against the Settlement Fund).

A.  All persons in the United States who, as of July 10, 2009, owned or leased a vehicle manufactured by Old GM included in the following recalls:

**(1)** Delta Ignition Switch Vehicles included in Recall No. 14v047: 2005-2010: Chevy Cobalt, 2006-2011 Chevy HHR, 2007-2010 Pontiac G5, 2007-2010 Saturn Sky, 2003-2007 Saturn ION, and 2006-2010 Pontiac Solstice;

**(2)** Low Torque Ignition Switch Vehicles, which are included in Recall Nos. 14v355, 14v394, and 14v400: 2005-2009:  Buick Lacrosse, 2006-2014 Chevrolet Impala, 2000-2005 Cadillac Deville, 2006-2011 Cadillac DTS, 2006-2011 Buick Lucerne, and 2006-2008 Chevrolet Monte Carlo; 2003-2014 Cadillac CTS and the 2004-2006 Cadillac SRX; and 1997-2005 Chevrolet Malibu, 2000-2005 Chevrolet Impala, 2000-2005 Chevrolet Monte Carlo, 2000-2005 Pontiac Grand Am, 2004-2008 Pontiac Grand Prix, 1998-2002 Oldsmobile Intrigue, and 1999-2004 Oldsmobile Alero;

**(3)** Other Vehicles with defective ignition switches in Recall Nos. 14V-346, and 14V-540: 2010-2014 Chevrolet Camaro, 2011-2013 Chevrolet Caprice, and 2008-2009 Pontiac G8;

**(4)** Side Airbag Defect Vehicles included in Recall No. 14v118: 2008-2013 Buick Enclave, 2009-2013 Chevrolet Traverse, 2008-2013 GMC Acadia, and 2008-2010 Saturn Outlook; and

**(5)** Power Steering Defect Vehicles included in Recall No. 14v153: 2004-2006 and 2008-2009 Chevrolet Malibu, 2004-2006 Chevrolet Malibu Maxx, 2009-2010 Chevrolet HHR, 2010 Chevrolet Cobalt, 2005-2006 and 2008-2009 Pontiac G6, 2004-2007 Saturn Ion, and 2008-2009 Saturn Aura.

B.  All persons who have suffered personal injury or wrongful death claims based on or arising from an accident involving an Old GM vehicle that occurred prior to July 10, 2009.

## THE TERMS OF THE SETTLEMENT AGREEMENT AND ORDER

**4. What would happen to my claim under the proposed Order?**

Under the proposed Order, each Affected Person will be deemed to have waived and released (the "Waiver") any claims that the Affected Person might otherwise directly or indirectly assert against the GUC Trust, the trust administrator of the GUC Trust, the current and previously distributed assets of the GUC Trust, the Motors Liquidation Company Avoidance Action Trust, the holders of beneficial units in the GUC Trust and certain other related parties (the "Released Parties").

If approved by the Bankruptcy Court, the Order will prohibit you from suing or being part of any other lawsuit or claim against the Released Parties that relate to the recalls, the Old GM Bankruptcy Case, or the multi-district litigation pending before Judge Furman in the United States District Court for the Southern District of New York, Case No. 14-md-2543 (JMF) (the "GM MDL"). The Released Parties do NOT include General Motors LLC ("New GM"). The specifics of the Waiver are set out in more detail in the proposed Order, which is posted at **www._____.com**. The proposed Order describes the Waiver in specific legal terminology. Talk to your own lawyer if you have questions about the Waiver or what it means.

Nothing in the Settlement Agreement is intended to waive any claims against New GM or to be an election of remedies against New GM; nor does the Settlement Agreement or any payments made in connection therewith represent full satisfaction of any claims against Old GM, unless and until such claims are in fact paid in full from every available source; provided, however, that in no event shall any Affected Person be permitted to seek any further payment or compensation from the GUC Trust in respect of their claims or otherwise, other than the Settlement Amount and the Adjustment Shares. Except as mandated otherwise under applicable law, nothing in the Settlement Agreement shall waive any claims that any Affected Person may have against New GM or constitute an election of remedies by any Affected Person.

**5. What will I receive if the Bankruptcy Court enters the proposed Order?**

The proposed Order allows Affected Persons to assert claims against a Settlement Fund for administration and potential satisfaction. The Settlement Fund will consist of the Settlement Amount and may include the Adjustment Shares, as detailed below. Being defined as an Affected Person does not assure that you will receive a distribution from the Settlement Amount, the Adjustment Shares (or their value), or any other consideration contained in the Settlement Fund. Eligibility and criteria for payment will be approved by the Bankruptcy Court at a later date and will be subject to notice on the Settlement Website and an opportunity to object.

Neither the Settlement Amount nor the Adjustment Shares (nor any distribution thereof to any Affected Person) shall represent full and final satisfaction of any claim that any Affected Person may have against New GM, all of which claims are expressly reserved.

**A. The Settlement Amount**

In exchange for the Waiver, the GUC Trust will pay $15,000,000 (the "Settlement Amount") to the Settlement Fund, subject to the Order becoming a final order (unless the GUC Trust waives the final order requirement).

### B.    The Adjustment Shares

The Amended Master Sale and Purchase Agreement pursuant to which New GM purchased substantially all of the assets of Old GM provides that if the Bankruptcy Court issues an order ("Claims Estimate Order") finding that the estimated aggregate allowed general unsecured claims against the Old GM estate exceeds $35 billion, then New GM must issue additional shares of New GM common stock (the "Adjustment Shares").  If the estimate reaches or exceeds $42 billion, New GM must issue the maximum amount of Adjustment Shares (30 million shares).

As part of the Settlement Agreement, the GUC Trust, following a review of evidence and expert reports provided by the Signatory Plaintiffs, agreed to support entry of a Claims Estimate Order: (i) finding that the allowable amount of Affected Persons' claims against the GUC Trust, when combined with all of the other allowed general unsecured claims against the Old GM bankruptcy estate, equals or exceeds $42 billion, thus triggering the maximum amount of Adjustment Shares (30 million shares); and (ii) directing that the Adjustment Shares, or the value of the Adjustment Shares, be promptly delivered to the Settlement Fund by New GM.

The Parties have sought entry of the Claims Estimate Order as part of the Settlement Motion. The current value of 30 million shares of New GM common stock is approximately $1.08 billion.  Regardless of whether the Claims Estimate Order is entered, the Order would remain binding, including the Waiver and the payment of the Settlement Amount.

The Bankruptcy Court's estimate of the aggregate allowed claims in the Claims Estimate Order shall not operate as a cap on any of the claims of any of the Affected Persons against New GM.

### C.    How will the Settlement Fund be allocated and distributed?

The Settlement Fund is for the exclusive benefit of Affected Persons.  The allocation of the value of the Settlement Fund between the economic-loss claims and the personal injury/wrongful death claims will be done by the lawyers for the Signatory Plaintiffs with the assistance of a court-appointed mediator.  Thereafter, the economic loss lawyer lead counsel and the personal injury lawyer lead counsel will determine the specifics for distribution within each pool, including the criteria for determining eligibility for payment.  Any agreement on the allocation process and the distribution procedure will be described at www._____.com when determined and Affected Persons will be provided with an opportunity to object.

## LEGAL REPRESENTATION

### 6.    Do I have a lawyer in this case?

The counsel to the Signatory Plaintiffs, listed below, negotiated the Settlement Agreement and jointly filed the Settlement Motion.  You will not be charged for services performed by this counsel in negotiating the Settlement Agreement. If you want to be represented by your own lawyer, you may hire one at your own expense, but you do not need to have a lawyer to participate in the Settlement or exercise any of your options with respect to the Settlement.

If you want to contact the counsel for the Signatory Plaintiffs, they can be reached by ==sending an email to **info@_____.com**== or as follows:

| | |
|---|---|
| Steve W. Berman<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>steve@hbsslaw.com | Robert C. Hilliard<br>HILLIARD MUNOZ GONZALES LLP<br>719 S Shoreline Blvd., # 500<br>Corpus Christi, TX 78401<br>Telephone: (361) 882-1612<br>bobh@hmglawfirm.com |
| Elizabeth J. Cabraser<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN<br>275 Battery Street, 29th Floor<br>San Francisco, California 94111<br>Telephone: (414) 956-1000<br>ecabraser@lchb.com | Counsel for Certain Pre-Closing<br>Accident Plaintiffs<br><br>Thomas J. Henry, Esq.<br>THE LAW OFFICES OF THOMAS J.<br>HENRY<br>4715 Fredricksburg, Suite 507<br>San Antonio, TX 78229 |
| Co-Lead Counsel for the Economic Loss<br>Plaintiffs in the MDL Court | Counsel for Certain Pre-Closing<br>Accident Plaintiffs |
| Edward S. Weisfelner<br>BROWN RUDNICK LLP<br>BROWN RUDNICK LLP<br>Seven Times Square<br>New York, New York 10036<br>Tel: 212-209-4800<br>eweisfelner@brownrudnick.com | William P. Weintraub<br>GOODWIN PROCTER LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018<br>Tel: 212-813-8800<br>wweintraub@goodwinlaw.com |
| Sander L. Esserman<br>STUTZMAN, BROMBERG, ESSERMAN &<br>PLIFKA, P.C.<br>2323 Bryan Street, Ste 2200<br>Dallas, Texas 75201<br>Tel: 214-969-4900<br>esserman@sbep-law.com | Counsel to Those Certain Pre-Closing<br>Accident Plaintiffs Represented By Hilliard<br>Muñoz Gonzales L.L.P. and the Law Offices<br>of Thomas J. Henry |
| Designated Counsel for the Economic Loss<br>Plaintiffs in the Bankruptcy Court | |

**7. How will the lawyers be paid?**

Procedures for the payment of attorneys' fees for counsel to the Signatory Plaintiffs from the Settlement Fund will be established, subject to notice and an opportunity for Affected Persons to object.

## OBJECTING TO THE SETTLEMENT OR ORDER

**8.  How do I tell the Court I do not like the Settlement or Order?**

If you are an Affected Person, you can object to the proposed Settlement or proposed Order if you don't like it.  You can give reasons why you think the Court should not approve any or all of these items, and the Court will consider your views.

To object, you must file your objection with the Court. To be timely, your objection must be filed with the Court by no later than **____ __, 2017** at **4:00 p.m. (Eastern Time)** at the following addresses:

| **The Court** | Judge Martin Glenn |
|---|---|
| | United States Bankruptcy Court for the Southern District of New York |
| | One Bowling Green |
| | New York, NY 10004-1408 |
| | Courtroom: 523 |

**NOTE:** You may mail your objection to the Court, but it must be received by the Court and filed by **____ __, 2017,** at **4:00 p.m. (Eastern Time)**. See **www._____.com** for more information on how to object to the Settlement.

## THE COURT'S APPROVAL HEARING

**9.  When and where will the Court decide whether to approve the Settlement and issue the Order?**

The Court will hold a hearing to decide whether to approve the proposed Settlement and Order. The hearing will be on **_____, __, 2017, at __:__ _.m.** before Judge Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, Courtroom 523.  Please note that the date of the hearing may be changed without notice other than an announcement on the Settlement Website. Affected Persons are encouraged to visit **www._____.com** for future updates.

At the hearing, the Court will consider whether the proposed Settlement and all of its terms falls within the range of reasonableness required for approval of the Settlement and whether to issue the proposed Order. If there are objections, the Court will consider them. The Court may listen to people who have asked for permission to speak at the hearing and have complied with the other requirements for objections explained in Section **__**.

At or after the hearing, the Court will decide whether to approve the proposed Settlement and issue the Order. There may be appeals after that. There is no set timeline for either the Court's final approval decision, or for any appeals that may be brought from that decision, so it is impossible to know exactly when and if the Settlement and Order will become final.

The Court may change deadlines listed in this Notice without further notice. To keep up on any changes in the deadlines, please visit **www._____.com**.

**10. Do I have to go to the hearing?**

No.  Counsel to the Signatory Plaintiffs will appear at the hearing in support of the Settlement and Order and will answer any questions asked by the Court.

QUESTIONS? VISIT WWW._____.COM

If you send an objection, you don't have to come to Court to talk about it. So long as you filed your written objection on time and complied with the other requirements for a proper objection, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**11. May I speak at the hearing?**

Yes. If you submitted a proper written objection to the Settlement or Order, you or your lawyer may, at your own expense, come to the hearing and speak.

### GETTING MORE INFORMATION

**12. How do I get more information about the Settlement and Order?**

This Notice summarizes the proposed Settlement and proposed Order. For the precise terms and conditions of the Settlement and Order, please see the Settlement Agreement and proposed Order, available at **www._____.com**.

| YOU MAY OBTAIN ADDITIONAL INFORMATION BY | |
|---|---|
| **VISITING THE SETTLEMENT WEBSITE** | Please go to **www._____.com**, where you will find answers to common questions and other detailed information to help you. |
| **REVIEWING LEGAL DOCUMENTS** | You can review the legal documents that have been filed with the Clerk of Court in these cases at: <br> United States Bankruptcy Court for the Southern District of New York <br> One Bowling Green <br> New York, NY 10004-1408. <br> You can access the Court dockets in these cases through the court documents and claims register website at http://www.motorsliquidationdocket.com/ or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. |

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK TO ASK QUESTIONS ABOUT THE LAWSUITS, THE SETTLEMENT, THE PROPOSED ORDER OR THIS NOTICE.**