# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

September 13, 2017

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York  10004

    Re:  In re Motors Liquidation Company, *et al.*
       Case No. 09-50026 (MG)

       **Remaining Issues With Respect to Reichwaldt Motion to Enforce**

Dear Judge Glenn:

  On August 31, 2017, this Court entered its *Memorandum Opinion and Order Enforcing Provisions of Sale Order Regarding Assumption of Liability of Product Liability Claims of Kaitlyn Reichwaldt* [ECF No. 14087] ("**Opinion**"),[1] granting in large part the Motion filed by General Motors LLC ("**New GM**") that sought to enforce the Court's rulings with respect to the Reichwaldt Action.

  In the Opinion, the Court found that the Proposed FAC did not pass through the bankruptcy gate. It directed that "counsel for the parties meet and confer within fourteen (14) days, seeking to agree on a marked version of the Proposed FAC, ***removing impermissible allegations and clarifying the allegations against New GM***." Opinion, at 17 (emphasis added). As directed by the Court, New GM sent Reichwaldt a marked-up version of the Proposed FAC ("**New GM Marked Proposed FAC**").[2] Reichwaldt, thereafter, sent New GM a proposed "Revised First Amended Complaint" ("**Reichwaldt Proposed Revised FAC**"), which is essentially a new amended complaint that added numerous allegations.[3]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Opinion.

[2] A copy of the New GM Marked Proposed FAC is attached hereto as **Exhibit "A."**

[3] A copy of the Reichwaldt Proposed Revised FAC is attached hereto as **Exhibit "B."** The Reichwaldt Proposed

Honorable Martin Glenn
September 13, 2017
Page 2

The Opinion did not allow Reichwaldt to supplement the Proposed FAC by adding entirely new or different allegations in a hypothetical pleading that is not before this Court or before the Georgia Federal Court as a proposed amended complaint.[4] Indeed, this Court specifically warned against this process during the August 29, 2017 hearing:

> I'm not going to have—it's not this Court's role to deal with amended complaints, what you might add. I deal with what I have in front of me. … I'm not going to get into a series of back and forth about what might conceivably pass through the gate. I talked about the gate. I don't give advisory opinions. I deal with what I have in front of me. What I have in front of me as part of your papers is the proposed first amended complaint … And I'm not going to get into a hypothetical about what would or wouldn't work if a complaint was amended to do something.

August 29, 2017 Hr'g Tr., at 25. The Opinion directed the parties to address proposed deletions and clarifications related to New GM's alleged post-Sale conduct, not to discuss or consider the addition of completely new allegations. In short, the new allegations added to the Reichwaldt Proposed Revised FAC go well beyond what was contemplated and permitted by the Opinion.

In any event, as discussed below, Reichwaldt's proposed new allegations should not pass through the bankruptcy gate. New GM reviewed the Reichwaldt Proposed Revised FAC and provided Reichwaldt with a marked-up, annotated version of same ("**New GM Marked Proposed Revised FAC**").[5] Like the Proposed FAC, the newest potential complaint continues to improperly allege (1) the generalized knowledge of New GM (which is not the manufacturer or seller of the Old GM vehicle, or the successor to Old GM), (2) irrelevant alleged post-Sale New GM conduct, and (3) other alleged New GM knowledge (not conduct) that by itself would not give rise to any legal duty by New GM to Reichwaldt. In essence, Reichwaldt added more words to her pleading but still is essentially alleging an Old GM failure to warn assumed liability, which, by definition, is not an Independent Claim.

In particular, in addition to the inappropriate allegations in the newly added Preface:

- Paragraphs in the Reichwaldt Proposed Revised FAC that allege generalized knowledge of New GM include paragraphs 48, 52, 53, 56, 57, 84 and 86 (these paragraphs allege generalized knowledge New GM allegedly gained through Old

---

Revised FAC added a new "Preface" (pp. 1-4), and, in addition to making revisions to certain paragraphs, added the following completely new paragraphs: 10, 29-32; 48-53, 57-60 and 86.

[4] The issue regarding the amendment to the original complaint (*i.e.*, the Proposed FAC) remains pending in the Georgia Federal Court (New GM's time to object to that motion was previously extended by the Georgia Federal Court).

[5] A copy of the New GM Marked Proposed Revised FAC is attached hereto as **Exhibit "C."** A copy of the email traffic relating to the New GM Marked Proposed Revised FAC is attached hereto as **Exhibit "D."** New GM did not respond to Mr. Butler's last missive (which it disagreed with) because there was a "meet and confer" scheduled for the next morning (*i.e.*, September 13, 2017).

Honorable Martin Glenn
September 13, 2017
Page 3

- Paragraphs in the Reichwaldt Proposed Revised FAC that contain irrelevant alleged post-Sale New GM conduct include paragraphs 48, 49, 50, 51, 54 and 55 (these paragraphs allege that New GM was aware of other accidents and lawsuits involving Old GM CK pickup trucks and that New GM continues to provide parts for Old GM vehicles, but do not allege any specific New GM conduct or relationship with respect to Reichwaldt or the Old GM vehicle owner).

- Paragraphs in the Reichwaldt Proposed Revised FAC that contain other alleged New GM knowledge that by itself would not give rise to any legal duty by New GM to Reichwaldt include paragraphs 48, 49, 50 and 60 (these paragraphs allege conduct by New GM in other lawsuits, conduct in monitoring Old GM vehicles for recalls,[6] and what information may be accessible by New GM; such conduct would not, by itself, give rise to a legal duty to warn (for a non-manufacturer, non-seller, non-successor)).

The parties held a final meet and confer on September 13, 2017 to resolve these disputes; however, an agreement could not be reached. At its core, New GM believes the sole purpose of the "meet and confer" process was to see if an agreement could be reached as to which allegations in the Proposed FAC should be stricken or clarified. Otherwise, New GM's Motion had been decided by the Opinion. Reichwaldt wants to use the "meet and confer" process to write a new Independent Claim, which the Court said she could not do at the August 29 hearing. Moreover, this new complaint is not before any court, and New GM would oppose that new complaint with a new motion to enforce, if it was ever filed.

The Opinion addressed how to proceed absent an agreement: "If the parties cannot agree on a marked complaint within fourteen (14) days, New GM's counsel shall promptly submit a proposed marked complaint, specifically identifying the allegations that counsel believe must be stricken from the Proposed FAC before this Court should lift the stay against prosecution of the action. The Court will then rule on any remaining objections." Opinion, at 17-18. Almost immediately after the final "meet and confer," Reichwaldt emailed Chambers, which is a violation of the above-cited directive in the Opinion. In any event, the New GM Marked Proposed FAC attached hereto as Exhibit "A" identifies the allegations that New GM believes must be stricken from the Proposed FAC before the stay can be lifted.[7] New GM therefore respectfully requests that the Court enter an order enjoining Reichwaldt from proceeding with the alleged independent claim against New GM, and to otherwise strike the subject allegations in accordance with Exhibit "A."

---

[6] The Old GM vehicle referenced in the Reichwaldt complaint (manufactured over 30 years ago) was never the subject of a recall.

[7] Exhibit "A" was not included in the email sent by Reichwaldt to Your Honor on September 13, 2017.

DMSLIBRARY01\21600\162081\31087776.v2-9/13/17

Honorable Martin Glenn
September 13, 2017
Page 4

                                                             Respectfully submitted,

                                                             */s/ Arthur Steinberg*

                                                             Arthur Steinberg

AS/sd
Encl.