# **Exhibit D**

| | |
|---|---|
| **From:** | Jim Butler |
| **Sent:** | Tuesday, September 12, 2017 4:33 PM |
| **To:** | 'Wheaton, Jill'; Rob Snyder |
| **Cc:** | Brad Marsh; Broach, Ashley; Steinberg, Arthur; Cooney, Michael; Joseph Colwell; Kim McCallister; Betht Telgenhoff; Beth Glen; Davidson, Scott; Susie Wynn |
| **Subject:** | RE: Reichwaldt v GM |

To GM counsel:

     This responds to your email of today, September 12, 2017, and your comment and proposed edits to the Revised First Amended Complaint (FAC) we prepared from the Proposed FAC to comply with Judge Glenn's Order.

     Your comment and limited edits appear to presuppose that Judge Glenn has ruled that Plaintiff *may not attempt* to allege independent claims against GM LLC based upon GM LLC's own breach of its own duty to warn based upon its own conduct. That is not what Judge Glenn ruled. *See, e.g.,* Doc. 14087 at 6, 9, 10, 13. Judge Glenn ruled

> "Reichwaldt's complaint cannot pass the bankruptcy gate because (i) it fails to clearly differentiate between Old GM and New GM; and (ii) it fails to identify specific conduct of New GM upon which the purportedly Independent Claims are based."

Doc. 14087 at 15. Judge Glenn gave very clear direction that "claims based on post-closing wrongful conduct of New GM could go forward as Independent Claims, but (as discussed further below) such claims must clearly distinguish between actions of Old GM and New GM," and that "truly independent claims" must be "claims based solely on wrongful post-closing conduct of New GM." Doc. 14087 at 6. He noted your complaint that "Independent Claims solely based on New GM's post-closing conduct have not been properly pleaded." *Id*. at 7. He concluded that "Reichwaldt fails to allege – other than in conclusory allegations and generalities – 'truly independent claims based solely on New GM's wrongful conduct . . .'" *Id.* at 9. He directed that "it is not acceptable . . . to base allegations on a generalized knowledge of both Old GM and New GM." *Id*. at 10. He held that "the Reichwaldt Complaint and Proposed FAC, like the complaint at issue in the *June 2017 Opinion*, do not sufficiently distinguish between the conduct of Old GM and New GM." *Id*. at 13. He held that "the Proposed FAC contains numerous impermissible allegations that conflate the conduct of Old GM and New GM," giving examples of same. *Id.* He found objectionable the Proposed FAC's statements about "New GM's contractual assumption of certain Assumed Liabilities in the Sale Order and Sale Agreement" and statements in the Proposed FAC about public statements attributed to Mary Barra. *Id*. at 13-14.

1

If your email was meant to suggest that we were limited, in our effort to fully comply with Judge Glenn's Order, to editing the words in the Proposed FAC based upon your 'redline' edit of those words, then you surely know that was literally impossible. Judge Glenn's directives were far too precise for that to be possible.

Your only "comment" was to our "Preface." We believe the "Preface" is entirely appropriate. Contrary to your comment, we have not "added new allegations and arguments." To the contrary, we have merely made it clear (1) that Plaintiff makes failure to warn claims against GM LLC both for the breach of the duty to warn by GM Corp. (which GM LLC indisputably assumed) and the breach by GM LLC of its *own* duty to warn, based on its own conduct since the bankruptcy sale, and (2) that after Judge Glenn's 8/31/17 Order the only remaining punitive damages claim against GM LLC is based on GM LLC's breach of its own duty to warn, based on GM LLC's own conduct. The Preface is intended "to clearly differentiate between Old GM and New GM" and "to identify specific conduct of New GM upon which the purportedly Independent Claims are based." That is precisely what Judge Glenn Ordered us to do.

Your only edits were to entirely delete the "Facts Related to GM LLC's Liability for Plaintiff's Independent Georgia Law Claims Based on the Conduct of GM LLC (Count Three & Count Four)" and to entirely delete Counts Three and Four. Those deletions are inconsistent with Judge Glenn's Order. The question, for you, under that Order is whether you contend the Revised FAC still "fails to clearly differentiate between Old GM and New GM" and "fails to identify specific conduct of New GM upon which the purportedly Independent Claims are based." We have read your email several times. You do not articulate a basis to so contend. You merely state ""the Revised FAC also fails to state a viable Independent Claim that can properly pass through the bankruptcy gate." That is a mere conclusion – about the issue that, respectfully, is for Judge Glenn to decide. *See* Doc. 14087 at 18.

Your email also concludes that "Plaintiff did not adhere to the Bankruptcy Court's invitation to clarify the Proposed FAC." We disagree: we did precisely that. It appears that you are interpreting the directing that Plaintiff clarify her allegations against GM LLC to mean that Plaintiff was required to strike all such allegations. That clearly is not what Judge Glenn Ordered.

Judge Glenn gave both sides very specific directions, to "meet and confer within fourteen (14) days, seeking to agree on a marked version of the Proposed FAC, *removing impermissible allegations and clarifying the allegations against New GM*." *Id*. at 17. We have done precisely as Ordered. We have provided to you a marked version of the Proposed FAC, which we have appropriately identified as "Revised FAC," which removes every allegation you have complained was "impermissible" and which Judge Glenn held was impermissible, and has clarified the allegations against New GM and limited those allegations to things "based solely on wrongful post-closing conduct of New GM."

2

The clarified allegations about GM LLC cure any possible complaints about any failure to "to clearly differentiate between Old GM and New GM" and any failure "to identify specific conduct of New GM upon which the purportedly Independent Claims are based." The clarified allegations are not "generalized" – they are very specific and allege facts that demonstrate GM LLC knew of the defect in these trucks and of the danger posed by that defect. Under Georgia law, that means GM LLC had a duty to warn. GM LLC has itself not only defended lawsuits based on the subject defect, but has itself paid its own money to settle all such lawsuits, and has been unwilling to take any of them to trial. GM LLC has itself assumed the duty to monitor the field performance of the subject GM Corp. CK trucks, and has done so, and is on notice of that information available to it from NHTSA's FARS database about other deaths by fire in the subject GM Corp CK trucks. GM LLC has admitted under oath (in sworn interrogatory responses) that it has every document related to the GM Corp. CK trucks in what GM LLC calls its "Document Repository," and that GM LLC has even trained its own employees to know those documents and be able to locate specific documents from amongst the some "300,000" documents located therein. GM LLC cannot deny its employees included former employees of GM Corp. who were very aware of the defect allegations and had worked in defending and settling CK truck cases before the bankruptcy and then continued in those same roles doing that same work for GM LLC after the bankruptcy sale.

We believe the Revised FAC states an independent claim against GM LLC for its own breach of the duty to warn based upon its own conduct. Certainly GM LLC is no stranger to such a proposition. Judge Furman has ruled that New GM had a duty to warn of known defects where he concluded that a state would recognize a post-sale duty to warn for asset purchasers like New GM. As just one example, Judge Furman held in *In re Gen. Motors LLC Ignition Switch Litig.*, 154 F. Supp. 3d 30, 36-41 (S.D.N.Y. 2015) (Furman, J.) (finding New GM state law duty to warn under Oklahoma law), in states that follow the Restatement (Third) of Torts: Products Liability Section 13, New GM could be liable for its own failure to warn because New GM had a sufficient relationship with the customers of Old GM to trigger an independent post-sale duty to warn. Judge Furman has not required a showing that Old GM necessarily had a relationship with the specific owner of the defective auto at issue; instead, an independent duty to warn arises generally because New GM assumed a "continuing duty to monitor and notify Old GM purchasers of defects" and that "is the kind of 'relationship … that g[i]ve[s] rise to a duty to warn.'" *Id.*; *see also id.* at 40 (quoting Restatement (Third) of Torts: Products Liability Section 13,cmt. b); *see also In re Gen. Motors LLC Ignition Switch Litig.,* 202 F. Supp. 3d 362, 365-72 (S.D.N.Y. 2016) (Furman, J.) (finding New GM had state law duty to warn under Virginia law); *In re Gen. Motors LLC Ignition Switch Litig.*, 14-md-2543-JMF, 2017 WL 2664199, at *7-9 (S.D.N.Y. June 20, 2017) (Furman, J.) (finding New GM had state law duty to warn under Arizona law).

If Judge Glenn rules that this Revised FAC passes the bankruptcy gate, then we will amend our motion to amend in the Georgia Federal Court to propose that this Revised FAC be filed of Record there.

It would appear our disagreement has now been boiled down to your position that Plaintiff's alleged independent claims against GM LLC should not pass through the bankruptcy gate – but that is a decision for Judge Glenn to make.

James E. Butler, Jr.

---

**From:** Wheaton, Jill [mailto:JWheaton@dykema.com]
**Sent:** Tuesday, September 12, 2017 10:45 AM
**To:** Jim Butler <jim@butlerwooten.com>; Rob Snyder <Rob@butlerwooten.com>
**Cc:** Brad Marsh <brad.marsh@swiftcurrie.com>; Broach, Ashley <Ashley.WebberBroach@swiftcurrie.com>; asteinberg@kslaw.com; Cooney, Michael <MCooney@dykema.com>; Joseph Colwell <Joseph@butlerwooten.com>; Kim McCallister <kim@butlerwooten.com>; Betht Telgenhoff <betht@butlerwooten.com>; Beth Glen <beth@butlerwooten.com>; sdavidson@kslaw.com; Susie Wynn <susie@butlerwooten.com>
**Subject:** RE: Reichwaldt v GM

We are in receipt of the "Revised First Amended Complaint" you circulated on Friday, September 8, 2017 (the "Revised FAC"). However, this document is a completely new Amended Complaint and not properly before New GM or the Bankruptcy or Trial Courts. Rather, Plaintiff's Proposed First Amended Complaint (the "First FAC") which was the subject of New GM's July 28, 2017 Motion to Enforce and referred to by Judge Glenn in his August 31, 2017 Opinion (the "Opinion") is the document Judge Glenn directed counsel to meet and confer about. Accordingly, it is the First FAC that New GM marked-up and sent to Plaintiff's counsel on September 8, 2017 as directed by the Opinion.

The Opinion did not allow Plaintiff to supplement the Proposed FAC by adding entirely new or different allegations in a pleading that can only be characterized as hypothetical. Indeed, Judge Glenn specifically warned against this during the August 29 hearing, when he stated:

> I'm not going to have—it's not this Court's role to deal with amended complaints, what you might add. I deal with what I have in front of me. … I'm not going to get into a series of back and forth about what might conceivably pass through the gate. I talked about the gate. I don't give advisory opinions. I deal with what I have in front of me. What I have in front of me as part of your papers is the proposed first amended complaint … And I'm not going to get into a hypothetical about what would or wouldn't work if a complaint was amended to do something.

August 29, 2017 Hr'g Tr., at 25.

Judge Glenn's Opinion prevents the submission of a hypothetical and entirely different set of allegations. Rather, Judge Glenn directed "that counsel for the parties meet and confer within fourteen (14) days, seeking to agree on a marked version of the Proposed FAC, ***removing impermissible allegations and clarifying the allegations against New GM***." Opinion, at 17 (emphasis added). That is, the parties were directed to address proposed deletions and clarifications related to New GM's alleged post-Sale conduct, not discuss or consider the addition of completely new allegations. In short, the new allegations added to your Revised FAC go well beyond what was contemplated and permitted by the Opinion.

Plaintiff's Revised FAC likewise is procedurally unworkable. Plaintiff moved in the Georgia Court to amend her original complaint with the Proposed FAC, not the Revised FAC. The Bankruptcy Court found that the Proposed FAC does not pass through the bankruptcy gate, but allowed Plaintiff an additional opportunity to

delete problematic allegations that conflate Old GM and New GM along with a chance to clarify New GM's alleged post-Sale conduct.  Plaintiff did not adhere to the Bankruptcy Court's invitation to clarify the Proposed FAC.  Unless plaintiff does so, the case will be subject to a continuing stay.  *See* Opinion, at 17.

Nonetheless, without waiver of and subject to all procedural and substantive objections and defenses, New GM has marked-up Plaintiff's Revised FAC.  Like Plaintiff's First FAC, the Revised FAC also fails to state a viable Independent Claim that can properly pass through the bankruptcy gate.

Again, without waiving any of its rights, New GM is willing to discuss all of these issues at the meet and confer.  **Let us know a time that works for the meet and confer Wed or Thurs. AM.**  We hope you all weathered the storm well.

---

**From:** Jim Butler [mailto:jim@butlerwooten.com]
**Sent:** Monday, September 11, 2017 9:30 AM
**To:** Wheaton, Jill; Rob Snyder
**Cc:** Brad Marsh; Broach, Ashley; asteinberg@kslaw.com; Cooney, Michael; Joseph Colwell; Kim McCallister; Betht Telgenhoff; Beth Glen; sdavidson@kslaw.com; Susie Wynn
**Subject:** Re: Reichwaldt v GM

GM Counsel:

We have not heard from you regarding whether you have any complaints about our Revised FAC.  For that reason and because our offices are closed today we're postponing the conference call set for 2 pm. Please advise (1) whether you have any complaints about our Revised FAC and if so, what hey are specifically, and (2) your availability for a conference call tomorrow afternoon or Wednesday or Thursday.  If you have complaints please inform us well in advance of any conference call so we can discuss internally and try to resolve same.

James E. Butler, Jr.

On Sep 8, 2017, at 12:31 PM, Jim Butler <jim@butlerwooten.com> wrote:

> Gentlepersons:
>
> We have reviewed your proposed edits to our First Amended Complaint.  We have prepared the attached Revised First Amended Complaint.  We believe it is consistent with Judge Glenn's 8/31/17 Order.  More specifically, we believe it fully complies, especially, with this part of that Order, from page 13: "To pass through the
> bankruptcy gate, an Independent Claim must clearly allege specific conduct of New GM upon which it is based."
>
> Please review this and send us a redline back if you have any requested changes.  If you have any requested changes, please do so asap, so we have time to review before any conference call.  Otherwise we'd have to delay the currently scheduled 2 pm Monday 9/11 conference call.
>
> James E. Butler, Jr.

**From:** Wheaton, Jill [mailto:JWheaton@dykema.com]
**Sent:** Friday, September 08, 2017 9:21 AM
**To:** Jim Butler <jim@butlerwooten.com>; Rob Snyder <Rob@butlerwooten.com>
**Cc:** Brad Marsh <brad.marsh@swiftcurrie.com>; Broach, Ashley <Ashley.WebberBroach@swiftcurrie.com>; asteinberg@kslaw.com; Cooney, Michael <MCooney@dykema.com>; Joseph Colwell <Joseph@butlerwooten.com>; Kim McCallister <kim@butlerwooten.com>; Betht Telgenhoff <betht@butlerwooten.com>; Beth Glen <beth@butlerwooten.com>; sdavidson@kslaw.com
**Subject:** RE: Reichwaldt v GM

Attached is a draft redline of Plaintiff's Proposed First Amended Complaint for your review before our conference call Monday afternoon.  As you know, this is being performed and provided by Defendant in accordance with the Bankruptcy Court's order in this case, and Defendant is not admitting to any of the allegations by virtue of creating and providing this mark-up.

**From:** Jim Butler [mailto:jim@butlerwooten.com]
**Sent:** Tuesday, September 5, 2017 1:07 PM
**To:** Wheaton, Jill; Rob Snyder
**Cc:** Brad Marsh; Broach, Ashley; asteinberg@kslaw.com; Cooney, Michael; Joseph Colwell; Kim McCallister; Betht Telgenhoff; Beth Glen; sdavidson@kslaw.com
**Subject:** RE: Reichwaldt v GM

Neither Rob nor I are available this Thursday afternoon due to preexisting conflicts.  We could be available Friday morning.  However, Judge Glenn's Order is very specific about what we are to discuss, so it would obviously be far more productive for GM LLC to provide us with something to review, first.

Judge Glenn's Order provides that if the M&C is unsuccessful counsel for GM LLC "shall promptly submit [to the Court] a proposed marked complaint, specifically identifying the allegations that counsel believe must be stricken from the Proposed FAC."   Since that is where we'll end up, if the M&C is unsuccessful, it makes sense to start there, with counsel for GM LLC clearly identifying, now, what it is they "believe must be stricken from the Proposed FCA."  That will clearly make agreement easier to obtain, especially since Plaintiffs' counsel are highly motivated to be agreeable and get this behind us so we can get to trial on this case.

Kindly indicate whether counsel for GM LLC will do as requested herein.

With respect to scheduling the M&C, let's go ahead and find other times, now.  It would be most efficient, from our side, for both Rob and I to be on the call.   We are both available next Monday afternoon; next Wednesday morning; next Thursday after 2; next Friday anytime.

James E. Butler, Jr.


**From:** Wheaton, Jill [mailto:JWheaton@dykema.com]
**Sent:** Tuesday, September 05, 2017 11:52 AM
**To:** Rob Snyder <Rob@butlerwooten.com>
**Cc:** Brad Marsh <brad.marsh@swiftcurrie.com>; Broach, Ashley <Ashley.WebberBroach@swiftcurrie.com>; asteinberg@kslaw.com; Cooney, Michael <MCooney@dykema.com>; Jim Butler <jim@butlerwooten.com>; Joseph Colwell <Joseph@butlerwooten.com>; Kim McCallister <kim@butlerwooten.com>; Betht Telgenhoff

<betht@butlerwooten.com>; Beth Glen <beth@butlerwooten.com>; sdavidson@kslaw.com

**Subject:** RE: Reichwaldt v GM

Per the bankruptcy court's recent opinion and order, this is to arrange a meet and confer call between counsel for GM and counsel for plaintiff.  Are you, or whoever will attend that call for plaintiff, available this Thursday after 1 PM?

.

| <image001.jpg> | **Jill M. Wheaton**<br>Member<br>JWheaton@dykema.com | 734-214-7629 Direct<br>734-214-7660 Main<br>855-262-6793 Fax<br>734-272-8289 Mobile | 2723 South State Street, Suite 400<br>Ann Arbor, Michigan  48104<br>www.dykema.com |

*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately. Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

<2017-09-08 - FOURTH draft -Revised First Amended Complaint - Reichwaldt v. GM.docx>