James E. Butler, Jr., P.C.*    Joseph M. Colwell
Joel O. Wooten              Ramsey B. Prather
Brandon L. Peak             Christopher B. McDaniel
John C. Morrison III        Rory A. Weeks
Tedra L. Cannella
Robert H. Snyder**          * admitted in GA & AL
David T. Rohwedder*         ** admitted in GA & FL



September 14, 2017

*VIA EMAIL and ECF*

The Honorable Martin Glenn
Judge, United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

    Re:    In re Motors Liquidation Company, *et al.*
            Case No. 09-50026 (MG)

           **Plaintiff Reichwaldt's Response to Doc. 14098**

Dear Judge Glenn:

    We respond to the September 13 letter to the Court from GM LLC as follows.

    We attach to this letter as Exhibit A our 1107 email to the Court of September 13. We attach as Exhibit B the Revised FAC created by counsel for Plaintiff pursuant to the clear instructions of this Court's August 31 Order. We attach as Exhibit C the marked up/redlined version of the same Revised FAC sent to us on September 12 by counsel for GM LLC. We attach as Exhibit D the emails exchanged among counsel regarding the efforts directed by the Court in its August 31 Order. This letter, and those Exhibits, have been filed on the Court's ECF system.

    Respectfully we submit that the issue before the Court, now, is whether the work done by Plaintiff's counsel *as a result of* this Court's directives in its 18-page August 31 Order – the Revised FAC - sufficiently "differentiate[s] between Old GM and New GM" and sufficiently "identif[ies] specific conduct of New GM upon which the purportedly Independent Claims are based." Doc. 14087 at 15.

    GM LLC takes the position that we are not allowed to follow your instructions and recast the version of the complaint you rejected on August 31 to comply with your Order. GM LLC contends that we are 'stuck with' the initial proposed FAC you rejected. Our position is that we were compelled by your August 31 Order to recast the proposed complaint to "[remove] impermissible allegations and [clarify] the allegations against New GM." That is precisely what you Ordered that counsel do. Doc. 14087 at 17. Clearly GM LLC does not want you to reach the merits of whether the Revised FAC passes the bankruptcy gate.

**REPLY TO Atlanta:**
2719 Buford Highway • Atlanta, GA 30324
404.321.1700 • 1.800.242.2962 • FAX 404.321.1713

Columbus Office:
P.O. Box 2766 • Columbus, GA 31902
105 13th Street • Columbus, GA 31901
706.322.1990 • 1.800.242.2962 • FAX 706.323.2962

www.butlerwooten.com

The Honorable Martin Glenn
September 14, 2017
Page 2

      The Court has already ruled upon whether the initial proposed FAC is sufficient in those respects, and ruled that it was not. That is precisely why we, as Plaintiff's counsel, studied both this Court's August 31 Order and the 'redline' markup of the initial proposed FAC sent to us by GM LLC on September 8 and endeavored to meet the directives of the Court and to satisfy the complaints of GM LLC. The "Revised FAC" we sent to counsel for GM LLC on September 8 *is the* "version of the proposed FAC" in which we attempted to make the edits the Court directed, "removing impermissible allegations and clarifying the allegations against New GM." Doc. 14087 at 17. *See* Plaintiff's Exhibit B.

      Counsel for GM LLC initially did as the Court instructed (Doc. 14097 at 17) and made 'redline' edits *to* the Revised FAC created as a result of this Court's Order and sent those to us on September 12. Plaintiff's Exhibit B. We discussed *those* redline edits at the meet and confer yesterday, and agreed that counsel for the parties disagree about the 'boiled-down' issue – whether the Revised FAC should pass the bankruptcy gate. As noted in our email to the Court (Plaintiff's Exhibit A), GM LLC had no significant edits to the Revised FAC – except to delete all allegations regarding GM LLC's post-bankruptcy conduct based upon their contention those allegations do not state causes of action under Georgia law.

      Yet instead of asking that you consider its marked/redlined version of the Revised FAC that should be under consideration since the Court has already rejected the initial proposed FAC, GM LLC sent to the Court as "Exhibit A" its marked version *of the initial proposed FAC* that this Court has already rejected. Doc. 14098, "Exhibit A." That does not help resolve the matter. Respectfully, we submit there can be nothing for this Court to decide about "Exhibit A": this Court has already rejected that initial proposed FAC, in an 18-page Order specifying that it does not pass the bankruptcy gate. *That initial proposed FAC is already a dead letter.* Yet the September 12 letter from GM LLC asks that this Court 'strike' the allegations in that initial proposed FAC that are redlined by counsel for GM LLC in their "Exhibit A." (Doc. 14098 at 3). There's nothing in that "Exhibit A" for this Court to "strike" – those allegations were very clearly stricken by this Court's August 31 Order. That is why it was necessary for Plaintiff's counsel to do precisely what this Court ordered, to redraft the initial proposed FAC based on this Court's very clear criticisms of that pleading. Doc. 14087 at 15.

      This Court did not rule on August 31 that it was impossible for Plaintiff to articulate independent claims that would pass the bankruptcy gate. To the contrary, this Court took pains to spell out what must be done to accomplish that end. *See id.* at 6 (referring to the Court's June 7, 2017 Order, "[t]he Court ruled that claims based on post-closing wrongful conduct of New GM could go forward as Independent Claims, but (as discussed further below) such claims must clearly distinguish between actions of Old CM and New GM"); 9 ("As explained below, Reichwaldt fails to allege—other than in conclusory allegations and generalities—'truly independent claims based solely on New GM's wrongful conduct,' which this Court has previously held is required to state an Independent Claim against
New GM. . . . Only those claims satisfying this standard may pass through the bankruptcy gate as Independent Claims."); 10 ("To pass the bankruptcy gate, a complaint must clearly allege that its causes of action are based solely on New GM's postclosing wrongful conduct."); 13 ("The

The Honorable Martin Glenn
September 14, 2017
Page 3

Reichwaldt Complaint and initial proposed FAC, like the complaint at issue in the June 2017 Opinion, do not sufficiently distinguish between the conduct of Old GM and New GM.").

      The Court's August 31 letter was very clear and detailed – as described by Plaintiff's counsel to counsel for GM LLC. *See* Exhibit C. This Court clearly found the initial proposed FAC did not pass the bankruptcy gate, and the Court gave clear instructions about what must be done as a result. We studied this Court's Order, and believe we have followed it carefully.

      We do understand *why* GM LLC wants to back up to the initial proposed FAC and not simply submit to the Court their comments to the Revised FAC: it is because the Revised FAC, drafted *from* the initial proposed FAC *after* this Court's August 31 Order in an attempt to comply with that Order, does comply with that Order and also in fact cures all the complaints heretofore made by GM LLC. That is demonstrated by the fact GM LLC had no significant edits to the Revised FAC, except the deletions which were based solely on their argument that Ms. Reichwaldt has not adequately pleaded independent claims against GM LLC. *See* Plaintiff's Exhibit C. (GM LLC deleted Counts Three and Four and the facts upon which those independent claims are based (¶¶48-60 "Facts Related to GM LLC's Liability for Plaintiff's Independent Georgia Law Claims Based on the Conduct of GM LLC (Count Three & Count Four)").

      GM LLC stated in its September 13 letter (2d paragraph) that the Revised FAC is "essentially a new amended complaint that added numerous allegations." That is simply incorrect. In the meet and confer yesterday, counsel for GM made that claim regarding the following paragraphs of the Revised FAC: 10, 29-32, 48-60, 86, 90, 92. In its September 13 letter to the Court, GM LLC has dropped its complaints about paragraphs 54, 55, 90, and 91. We explained to counsel for GM LLC that no new claims and no new "allegations" were "added" in the Revised FAC.

      We explain further, here (the references are to the paragraphs in the Revised FAC, attached as Ex. B, about which GM LLC now complains):

- ¶ 10 was added to clarify that the Old GM conduct referenced in ¶ 9 (which was included in the initial proposed FAC) provided notice to and knowledge of the defect to Old GM, as opposed to New GM, thus differentiating between Old GM and New GM, as required by this Court's 8/31/17 Order. Doc. 14087 at 15.
- ¶¶ 29-32 were substituted for ¶¶ 28, 51, 68, 73, 80 of the initial proposed FAC, and to correct those things criticized in this Court's 8/31/17 Order regarding the bankruptcy sale. Doc. 14087 at 13-14.
- ¶ 48 is, as stated in that paragraph, a "summary," of statements made in the initial proposed FAC. *See, e.g.* 8/7/17 initial proposed FAC at ¶¶ 28, 49 (references to books and records); ¶ 51 (GM LLC hired GM Corp. employees); ¶ 53 (GM LLC itself expert regarding the subject defect); ¶¶ 2, 20, 21, n. 11, 43 (notice to GM LLC); ¶ 9, 44-46, 51 (GM LLC knowledge of defect); ¶¶ 2, (GM LLC settling prior cases).
- ¶ 50 further discusses the duties assumed by GM LLC, as stated in ¶ 31.

The Honorable Martin Glenn
September 14, 2017
Page 4

- ¶ 51 further discusses GM LLC's awareness of other incidents *since the bankruptcy sale,* which was referenced in the initial proposed FAC ¶¶ 21, n. 11, 20, 23, 24, 53; and admissions by GM LLC in the Georgia Federal Court case *Williams v. GM* (settled in 2016) which was also referenced in the initial proposed FAC – n. 11, n. 15.
- ¶ 52 reiterates the statements regarding GM LLC acquiring the knowledge of GM Corp. through the books and records in the "Document Repository" and through the knowledge of GM LLC's own employees, as referenced in the initial proposed FAC ¶¶ 28, 49, 51.
- ¶ 53 reiterates the same point as ¶ 52 regarding the knowledge of GM LLC employees and notes that "under general agency principles, GM LLC acquired the knowledge of the defect in the subject pickup possessed by its employees."
- ¶¶ 56 - 57 are restatements of ¶ 53 of the initial proposed FAC.
- ¶¶ 58 – 59 are restatements to clarify Ms. Reichwaldt's allegations against New GM in order to support a duty to warn under Georgia law.
- ¶ 60 relates to and clarifies GM LLC's own duty to warn, referenced in initial proposed FAC ¶¶ 26, 54, 85-88
- ¶ 86 summarizes the bases for GM LLC's own independent failure to warn - a duty repeatedly stated in the initial proposed FAC.

GM LLC states, in its September 13 letter (p. 2) that the Court's "Opinion directed the parties to address proposed deletions and clarifications related to New GM's alleged post-sale conduct." That is precisely what the Revised FAC does. GM LLC had no edits to the Revised FAC, except to delete eliminate the Independent Claims stated against GM LLC (Counts Three & Four) and the section of the Revised FAC explicitly stating the facts upon which those claims were based (¶¶ 48-60, "Facts Related to GM LLC's Liability for Plaintiff's Independent Georgia Law Claims Based on the Conduct of GM LLC (Count Three & Count Four)").

The Revised FAC *is* before this Court – it is the marked up version of the initial proposed FAC this Court instructed us to prepare, in the August 31 Order. Counsel for GM LLC is correct that the Revised FAC is not "before the Georgia Federal Court" yet – for the obvious reason that this Court stayed that proceeding in its August 31 Order. We did not file the Revised FAC in the Georgia Federal Court for that reason.

We disagree with the conclusion stated by GM LLC that the Revised FAC "should not pass through the bankruptcy gate." (p. 2).

Contrary to GM LLC's claim, paragraphs 48, 52, 53, 56, 57, 84, and 86 do not merely "allege generalized knowledge." The knowledge of, and notice to, GM LLC alleged in the Revised FAC is quite specific. For example purposes only,

"GM admits that it has been *repeatedly* put on notice, since July 10, 2009, that citizens have burned, often to death, following side impacts into a GM Corp. CK pickup with side-mounted gas tanks. GM LLC admits that it has defended numerous such claims since July 10, 2009, and settled them all, paying to claimants GM LLC's own money. GM LLC has declined

The Honorable Martin Glenn
September 14, 2017
Page 5

to take any such claims to trial. GM admits that as part of the sale agreement it expressly assumed the continuing duty to monitor the performance of vehicles manufactured by GM Corp. and to notify owners of vehicles manufactured by GM Corp. of defects in those vehicles, as required by law.[1]"

Revised FAC ¶ 48. That GM LLC itself has been sued in cases just like this, litigated those cases, and made the decision to pay GM LLC's own money to settle same, is a very specific allegation.

We do agree with the conclusion stated by GM LLC that "Reichwaldt added more words to her pleading" – that is what this Court's August 31 Order very clearly required her to do. We disagree with GM LLC's statement that the Revised FAC "is essentially alleging an Old GM failure to warn assumed liability." That particular claim regarding Old GM is spelled out in "Count Two – Failure to Warn *by GM Corp.*," not "Count Three," and is based upon ¶¶ 41-46, "Facts Related to GM Corp.'s Liability," not upon ¶¶ 48-60, "Facts Related to GM LLC's Liability for Plaintiff's Independent Georgia Law Claims Based on the Conduct of GM LLC (Count Three & Count Four)".

We do not agree with the conclusion stated by GM LLC that ¶¶ 48, 49, 50, 41, 54, and 55 "contain irrelevant alleged post-sale New GM conduct." Those paragraphs allege what is indisputably fact, that since the bankruptcy sale GM LLC has been put on notice of the defect and of the dangers of the defect, and has itself paid money to settle claims based thereupon, in addition to the duty GM LLC assumed in the bankruptcy sale for compliance with a variety of laws which necessarily required that GM LLC monitor the field performance of GM Corp. vehicles – something GM LLC cannot deny it has done. Ex. B, Revised FAC ¶¶ 31, 50, 51. The allegations regarding GM LLC's post-sale duty to warn and breach of that duty contained in the Revised FAC are as detailed, if not more so, than allegations made in complaints filed in the Ignition Switch MDL that have passed through the bankruptcy gate and that have resulted in a summary judgment ruling by Judge Furman that GM LLC had a state law duty to warn of defects existing in GM Corp. vehicles. *See, e.g.,* Third Am. Compl., *In re Gen. Motors LLC Ignition Switch Litig. (Scheuer)*, 1:14-md-2543-JMF, ECF 1696, at 112-15 (¶¶ 393-405) (S.D.N.Y. Nov. 17, 2015); *In re Gen. Motors LLC Ignition Switch Litig.*, 154 F. Supp. 3d 30, 36-41 (S.D.N.Y. 2015) (Furman, J.) (holding New GM had state law duty to warn under Oklahoma law).

---

[1] N. 17, Revised FAC ("*See* Sale Agreement, §6.15 '(a) From and after the Closing, Purchaser [Defendant GM LLC] shall comply with the certification, reporting, and recall requirements of the National Traffic and Motor Vehicle Safety Act, the Transportation Recall Enhancement, Accountability and Documentation Act, the Clean Air Act, the California Health and Safety Code and similar Laws, in each case, to the extent applicable in respect of vehicles and vehicle parts manufactured or distributed by Seller [GM Corp.]'"

The Honorable Martin Glenn
September 14, 2017
Page 6

      We disagree with the conclusion by GM LLC that the allegations of the Revised FAC "would not give rise to any legal duty by New GM," but, as this Court Ordered, that is a question of Georgia law, and "[t]he decision whether any proposed amended complaint ultimately approved by this Court states causes of action under applicable nonbankruptcy law is remitted to the Georgia Federal Court." Doc. 14087 at 18. Judge Furman has found based on similar facts that GM LLC had a state law duty to warn in at least three separate states. *See In re Gen. Motors LLC Ignition Switch Litig.*, 154 F. Supp. 3d at 36-41 (Furman, J.) (finding New GM state law duty to warn under Oklahoma law); *In re Gen. Motors LLC Ignition Switch Litig.*, 202 F. Supp. 3d 362, 365-72 (S.D.N.Y. 2016) (Furman, J.) (finding New GM state law duty to warn under Virginia law); *In re Gen. Motors LLC Ignition Switch Litig.*, 14-md-2543-JMF, 2017 WL 2664199, at *7-9 (S.D.N.Y. June 20, 2017) (Furman, J.) (finding New GM state law duty to warn under Arizona law);

      Not noted by counsel for GM LLC, but very evident in the Revised FAC, are two further edits by Plaintiff's counsel:

- We have dropped any claim for "strict liability" under Georgia law, based upon further review by us of O.C.G.A.§51-1-11 (c) and Georgia case law interpreting same; and
- Because of the Court's reference to the paragraphs referring to GM LLC CEO Mary Barra, Doc. 14087 at 14, all such paragraphs in the initial proposed FAC (¶¶ 29-34) were deleted from the Revised FAC.

      Plaintiff prays that this Court order that the Revised FAC passes through the bankruptcy gate, and that this Court order that the stay is lifted and thereby allow the Georgia Federal Court to decide GM LLC's argument that same fails to state Georgia law claims against GM LLC.

      Finally, so there is no confusion by the Court, Ms. Reichwaldt notes that she will be filing today a notice of appeal of the Court's August 31 Order. That appeal will be of the portions of the Court's August 31 Order discussing Ms. Reichwaldt's proposed claim for punitive damages against GM LLC based upon GM Corp.'s conduct. As noted in the Revised FAC, that claim was stricken by us, as required by your August 31 Order. *See* Exh. B at p. 3, note 2.

                                          Respectfully submitted,

                                          BUTLER WOOTEN & PEAK LLP

                                          James E. Butler, Jr.

JEBjr/bt
Enclosure