# EXHIBIT A

**From:** Jim Butler
**Sent:** Wednesday, September 13, 2017 11:07 AM
**To:** 'mg.chambers@nysb.uscourts.gov' <mg.chambers@nysb.uscourts.gov>; 'Andrew_Pollack@nysb.uscourts.gov' <Andrew_Pollack@nysb.uscourts.gov>; 'Deanna_Anderson@nysb.uscourts.gov' <Deanna_Anderson@nysb.uscourts.gov>; 'Deanna_Anderson@nysb.uscourts.gov' <Deanna_Anderson@nysb.uscourts.gov>; 'Amber_Covucci@nysb.uscourts.gov' <Amber_Covucci@nysb.uscourts.gov>
**Cc:** Steinberg, Arthur <ASteinberg@KSLAW.com>; JWheaton@dykema.com; Betht Telgenhoff <betht@butlerwooten.com>; Kim McCallister <kim@butlerwooten.com>; Beth Glen <beth@butlerwooten.com>; Joseph Colwell <Joseph@butlerwooten.com>; Rob Snyder <Rob@butlerwooten.com>
**Subject:** RE: Reichwaldt v GM

Dear Judge Glenn & Chambers:

The Court's August 31, 2017 Order directed that following the meet & confer, "counsel shall promptly file a status report with this Court regarding the outcome of the meet and confer. Doc. 140987 at 17. The meet & confer has just been completed. We are uncertain what format the Court prefers for the said status report. We will provide such report in whatever format the Court directs.

Upon receipt of the Court's 8/31/17 Order counsel for Plaintiff Kaitlyn Reichwaldt printed and carefully studied that Order. Counsel for GM LLC sent to us, on 9/8/17, a redline edit of Plaintiff's proposed First Amended Complaint ("FAC"). It was literally impossible to create, from GM LLC's redline edited version of the proposed FAC, a revision that would comply with the Court's 8/31/17 Order. The Court's Order was very detailed and precise, about what Plaintiff must do to state independent claims that would pass the bankruptcy gate. *See, e.g.*, Doc. 14087 at 6, 9, 10, 13, and:

> "Reichwaldt's complaint cannot pass the bankruptcy gate because (i) it fails to clearly differentiate between Old GM and New GM; and (ii) it fails to identify specific conduct of New GM upon which the purportedly Independent Claims are based."

Doc. 14087 at 15. Accordingly, we spent a lot of time editing the proposed FAC to create what we named the "Revised FAC" and sent that to counsel for GM LLC on 9/8/17. We were guided in that effort by this Court's 8/31/17 Order. (Consistent with this Court's 8/31/17 Order, we deleted the

claim for punitive damages against GM LLC based on the conduct of GM Corp.  *See* note 2 in first attachment hereto.)   We believed that the Revised FAC created from the previously filed proposed FAC solved all of GM LLC's complaints.   We believe the Revised FAC now clearly differentiates between Old GM and New GM and identifies the specific conduct of New GM upon which Plaintiff's independent claims are based.

On 9/12/17 counsel for GM LLC sent to us a redline of that Revised FAC.   The only significant proposed edits by counsel for GM LLC were to the "Preface" of the Revised FAC, and to delete entirely that section of the Revised FAC where were stated "Facts Related to GM LLC's Liability for Plaintiff's Independent Georgia Law Claims Based on the Conduct of GM LLC (Count Three & Count Four)," and to entirely delete Counts Three and Four (independent claims against GM LLC).

A copy of Plaintiff's Revised FAC is attached hereto, as the first attachment.  A copy of the redline edits thereto by GM LLC counsel is attached hereto, as the second attachment.  A copy of the emails that have passed between counsel regarding this effort is attached hereto, as the third attachment.

We believe the issue has thus been 'boiled down' to this: whether the Plaintiff's independent claims against GM LLC (in Counts Three and Four, as supported by paragraphs 47-60 ("Facts Related to GM LLC's Liability for Plaintiff's Independent Georgia Law Claims Based on the Conduct of GM LLC (Count Three & Count Four)") pass through the bankruptcy gate.  Plaintiff's counsel believe they should; counsel for GM LLC believe they should not; all agree that is, of course, a decision for this Court to make.

If this Court rules that the Revised FAC passes through the bankruptcy gate, then Plaintiff will file same with the Georgia Federal Court.  We have not done so, for the obvious reason that the Georgia action is stayed pursuant to this Court's 8/31/17 Order.

Respectfully submitted,

James E. Butler, Jr.

**From:** Rob Snyder
**Sent:** Tuesday, August 29, 2017 4:19 PM
**To:** 'mg.chambers@nysb.uscourts.gov' <mg.chambers@nysb.uscourts.gov>; 'Andrew_Pollack@nysb.uscourts.gov' <Andrew_Pollack@nysb.uscourts.gov>; 'Deanna_Anderson@nysb.uscourts.gov' <Deanna_Anderson@nysb.uscourts.gov>; 'Deanna_Anderson@nysb.uscourts.gov' <Deanna_Anderson@nysb.uscourts.gov>; 'Amber_Covucci@nysb.uscourts.gov' <Amber_Covucci@nysb.uscourts.gov>
**Cc:** Steinberg, Arthur <ASteinberg@KSLAW.com>; JWheaton@dykema.com; Jim Butler <jim@butlerwooten.com>; Betht Telgenhoff <betht@butlerwooten.com>; Kim McCallister <kim@butlerwooten.com>; Beth Glen <beth@butlerwooten.com>; Joseph Colwell <Joseph@butlerwooten.com>
**Subject:** FW: Reichwaldt v GM

Please see the email sent to GM counsel granting a two week extension for GM to respond to Ms. Reichwaldt's motion to amend in the Northern District of Georgia.

Best regards,

Rob Snyder
Butler Wooten & Peak LLP

**From:** Rob Snyder
**Sent:** Tuesday, August 29, 2017 4:16 PM
**To:** JWheaton@dykema.com; Steinberg, Arthur <ASteinberg@KSLAW.com>
**Cc:** Brad Marsh <brad.marsh@swiftcurrie.com>; Broach, Ashley <Ashley.WebberBroach@swiftcurrie.com>; Jim Butler <jim@butlerwooten.com>; Joseph Colwell <Joseph@butlerwooten.com>; Betht Telgenhoff <betht@butlerwooten.com>; Kim McCallister <kim@butlerwooten.com>
**Subject:** Reichwaldt v GM

Counsel,

GM's request for a two week extension to respond to Plaintiff's motion to amend is granted. Assuming Judge Thrash agrees, GM may have through and including 9/21 to respond to the motion.

GM has our permission to file a consent motion to extend in the NDGA. Please send us the draft before it is filed.

Rob Snyder
Butler Wooten & Peak LLP