**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, *et al.,*<br>f/k/a General Motors Corp*., et al.*,<br><br>Debtors. | Case No. 09-50026 (MG)<br><br>(Jointly Administered) |

**ORDER VACATING STAY ISSUED IN MEMORANDUM OPINION AND**
**ORDER ENFORCING PROVISIONS OF SALE ORDER REGARDING ASSUMPTION**
**OF LIABILITY OF PRODUCT LIABILITY CLAIMS OF KAITLYN REICHWALDT**

On August 31, 2017, this Court entered a *Memorandum Opinion and Order Enforcing Provisions of Sale Order Regarding Assumption of Liability of Product Liability Claims of Kaitlyn Reichwaldt* (the "Opinion and Order," ECF Doc. # 14087),[1] finding that Plaintiff Kaitlyn Reichwaldt's proposed First Amended Complaint (the "Proposed FAC," ECF Doc. # 14068-1) could not pass through the bankruptcy gate because, in conflict with the Court's prior rulings with respect to Independent Claims,[2] the Proposed FAC (i) failed to clearly differentiate between Old GM and New GM; and (ii) failed to identify specific conduct of New GM upon which the purportedly Independent Claims were based. (Opinion and Order at 15.) The Court stayed and enjoined Plaintiff and her counsel from prosecuting the Reichwaldt Action[3] in the Georgia Federal Court (the "Stay") pending further order of the Court, and directed counsel for the parties

---

[1]   Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Opinion and Order.

[2]   *See In re Motors Liquidation Co.*, 568 B.R. 217 (Bankr. S.D.N.Y. 2017) and *In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2963374 (Bankr. S.D.N.Y. July 12, 2017).

[3]   Case No. 1:16-cv-02171-twt.

to meet and confer in an effort to agree upon a revised version of the Proposed FAC, removing impermissible allegations and clarifying the allegations against New GM.  (*Id.* at 17.)  On September 14, 2017, Plaintiff filed a revised Proposed FAC (the "Revised FAC," ECF Doc # 14102-2) addressing the Proposed FAC's deficiencies under the Opinion and Order.  On September 13, 2017, Defendants filed a letter to the Court (ECF Doc. # 14098), arguing that Plaintiff impermissibly added new and different allegations to the Revised FAC, and the Revised FAC should not pass through the bankruptcy gate.

The Court has reviewed the Revised FAC, and finds that it does not conflict with this Court's prior rulings with respect to impermissible allegations concerning Independent Claims.  Nothing in the Opinion and Order prevented the Plaintiff from adding allegations to its Proposed FAC.  As this Court has explained, "[t]he Court's role, then, is a gatekeeper role.  It should be the court to decide what claims and allegations should get through the gate, under the Sale Order and this Court's prior decisions."  *In re Motors Liquidation, Co.*, 568 B.R. at 222 (internal citation omitted).  The Revised FAC "gets through the gate."  Whether the Revised FAC approved by this Court states a cause of action and otherwise meets the pleading standards under applicable nonbankruptcy law is a matter for the Georgia Federal Court to decide.

The Stay previously entered in the Opinion and Order is hereby vacated.

**IT IS SO ORDERED.**

Dated:  September 19, 2017
         New York, New York

*Martin Glenn*
_____
MARTIN GLENN
United States Bankruptcy Judge