# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>                                   Debtors. | Chapter 11<br>Case No. 09-50026 (MG)<br>(Jointly Administered) |

## [PROPOSED] PRE-TRIAL SCHEDULING ORDER

**WHEREAS,** counsel representing certain ignition-switch, non-ignition switch, and personal-injury plaintiffs ("**Plaintiffs**") have filed a motion (Dkt. No. 14092) (the "**Plaintiffs' Settlement Motion**") asserting that the unexecuted Settlement Agreement appearing at Dkt. No. 14061-1 (the "**Plaintiffs' Unexecuted Agreement**") is a binding agreement with the GUC Trust;

**WHEREAS,** the Motors Liquidation Company GUC Trust (the "**GUC Trust**") has filed a motion (Dkt. 14095) (the "**Forbearance Agreement Approval Motion**," and, with Plaintiffs' Settlement Motion, the "**Motions**") seeking approval of the Forbearance Agreement (as defined therein), and General Motors LLC ("**New GM**") filed a joinder therein (Dkt. 14096) (the "**New GM Joinder**");

**WHEREAS,** the GUC Trust disputes and denies that it is bound by the Plaintiffs' Unexecuted Agreement, and New GM opposes the Plaintiffs' Unexecuted Agreement, Plaintiffs' Settlement Motion, and otherwise denies the allegations made by Plaintiffs with respect to the Dispute (as defined below);

**WHEREAS,** Plaintiffs and certain participating unitholders in the GUC Trust that purport to hold approximately 65% of the GUC Trust Units (the "**Participating Unitholders**") oppose approval of the Forbearance Agreement and contend the Plaintiffs' Unexecuted Agreement is a binding agreement;

1

**WHEREAS,** a conference was held before the Court on August 17, 2017 concerning the disputes raised in various letters filed with the Court by Plaintiffs, New GM, the GUC Trust, and the Participating Unitholders (collectively, the "**Parties**," and each, a "**Party**") on August 15, 2017 and August 16, 2017 (hereinafter, the "**Dispute**");

**WHEREAS**, the Court has determined that with respect to the submission of the Dispute for adjudication, that the following schedule shall govern the events leading up to and including the final pre-trial conference and evidentiary hearing.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. **Phase 1 Issues.** The resolution of the Dispute shall be bifurcated as follows: In the first phase ("**Phase 1**"), the topics of discovery, briefing, and decision shall be limited exclusively to the following issues:

   (a) whether the Plaintiffs' Unexecuted Agreement is a binding agreement that requires the GUC Trust to seek its approval in Phase 2; and

   (b) if the Plaintiffs' Unexecuted Agreement is not found to be a binding agreement that requires the GUC Trust to seek its approval in Phase 2, should the Forbearance Agreement between the GUC Trust and New GM be approved by the Bankruptcy Court (hereinafter, (a) and (b) shall be referred to as the "**Phase 1 Issues**"); provided that for the avoidance of doubt, discovery with respect to the Phase 1 Issues shall include discovery concerning Plaintiffs' allegations—which New GM disputes— that New GM interfered with the Plaintiffs' Settlement Agreement.

2. **Phase 2 Issues.** The question of whether the terms of the Plaintiffs' Unexecuted Agreement—if found to be binding—should be approved under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 and applicable bankruptcy and non-bankruptcy law by this Court (or the United States District Court for the Southern District of New York), including, without

2

limitation, the supportability of the purported $10-billion estimated claim; whether purported claims that have not been filed with the Court may be included in "estimating the aggregate allowed general unsecured claims against Sellers' estates" under the Sale Agreement; whether the Plaintiffs' Unexecuted Agreement modifies the Debtors' Plan (and, if so, whether such modifications are legally permissible); whether under the MDL 2543 court's orders, Plaintiffs' counsel has the legal authority or capacity to represent the persons and individuals purportedly subject to Plaintiffs' Unexecuted Agreement—including those who have not filed claims or authorized Plaintiffs' counsel to represent them; whether those individuals can be bound in the absence of the procedures required by Fed. R. Civ. P. 23 ("**Rule 23**"); whether those individuals can be bound under the Due Process Clause absent a properly certified Rule 23 class; whether this Court should estimate claims that overlap with claims pending adjudication in the MDL court; and whether these issues should be submitted to the MDL court in the first instance (collectively, the "**Phase 2 Issues**") shall not be litigated or decided in connection with the Phase 1 Issues and instead shall constitute the subject matter of a second phase ("**Phase 2**"), if necessary. Any and all of the Parties' rights, claims, and defenses with respect to the Phase 2 Issues shall be, and hereby are reserved expressly. If the Plaintiffs' Unexecuted Agreement is found to be a binding agreement that requires the GUC Trust to seek its approval in Phase 2, the Parties shall meet and confer regarding the discovery, briefing, and trial schedule with respect to the Phase 2 Issues. For the avoidance of doubt, if the Plaintiffs' Unexecuted Agreement is found not to be a binding agreement that requires the GUC Trust to seek its approval, then there shall not be a Phase 2 proceeding.

3. **Phase 1 Briefs.** The following briefs shall be filed with respect to the Phase 1 Issues in addition to the Plaintiffs' Settlement Motion, the Forbearance Agreement Approval Motion, and the New GM Joinder. On or before **November 22, 2017**, objections to Plaintiffs'

Motion and the Forbearance Agreement Approval Motion (and any respective joinders therein) (the "**Objections**") shall be filed by the Parties. On or before **December 6, 2017**, replies in further support of Plaintiffs' Motion and the Forbearance Agreement Approval Motion (and any respective joinders therein) (the "**Replies**," with the Plaintiffs' Settlement Motion, the Forbearance Agreement Approval Motion, the New GM Joinder, the Objections, and any respective joinders, collectively the "**Phase 1 Briefs**") shall be filed by the Parties. The Phase 1 Briefs shall be limited to Phase 1 Issues.

4.  **Phase 1 Discovery.** The discovery referenced below at 4(a) through 4(j) shall be limited in scope to the Phase 1 Issues. Any Party shall be entitled to propound discovery on any other Party.

    a.  Requests for production of documents, requests for admissions, and interrogatories shall be served on or before **September 26, 2017** and shall be focused upon the conduct and communications of each Party's outside counsel.

    b.  The date range with respect to requests for the production of documents propounded by any Party on any other Party shall be July 5, 2017 through August 17, 2017.

    c.  The Parties shall use the format for production of documents, including electronically stored information, set forth in the GM MDL 2543 protocol (MDL Order No. 11, MDL Docket No. 295); provided, however, that documents shall be produced to the Parties rather than to the MDL 2543 Document Depository, and documents shall be produced via secure electronic transfer.

  d. Document production shall be substantially complete by **October 26, 2017**.

  e. Responses to interrogatories and requests for admissions shall be served by **October 26, 2017**.

  f. The deadline to identify witnesses who either may be called to testify at trial or may submit a declaration shall be **October 26, 2017.**

  g. Categorical privilege logs shall be served by **October 31, 2017**. The Parties agree that internal communications among counsel representing the same Party, among in-house counsel, and between counsel and their clients need not be logged.[1] Notwithstanding the foregoing sentence, the Parties reserve all rights to challenge the assertion of privilege over internal communications between and among outside counsel and their clients (or any other document or communication over which privilege is asserted).

  h. Depositions shall be completed by **November 17, 2017**. The Parties agree to work together to schedule depositions at a time and place convenient to the witnesses.

  i. Documents produced in response to discovery demands shall be accessible by and, if requested, produced to all Parties.

  j. Discovery from third parties shall be completed on the same schedule as Party discovery.

---

[1] For purposes of this provision, (a) counsel representing Plaintiffs means Brown Rudnick LLP; Stuzman, Bromberg, Esserman & Plifka, P.C.; Hagens Berman Sobol & Shapiro LLP; Lief Cabraser Heimann & Bernstein LLP; Hilliard Muñoz Gonzales LLP; Hillard & Shadowen LLP; The Law Offices of Thomas J. Henry; Goodwin Proctor LLP; and Andrews Myers, P.C. and (b) counsel representing New GM means Kirkland & Ellis LLP, King & Spalding LLP, and Quinn Emanuel Urquhart & Sullivan LLP.

5. **Trial.**  The Court shall conduct an evidentiary hearing with respect to the Phase 1 Issues on _____, 2017.

6. **Amendment.**  The deadlines set forth in paragraph 3 and paragraph 4 above may be modified by agreement of the Parties without leave of Court.  Modifications to any other provision in this Stipulation and Order require leave of Court.  The Parties, separately or by agreement, may apply to the Court for modification of any part of the schedule.

**SO ORDERED:**

\---------------------------------------------------------
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

October [  ], 2017