

**DEBORAH NEWMAN**
+1 212.872.7481/fax: +1 212.872.1002
djnewman@akingump.com

September 25, 2017

VIA ELECTRONIC COURT FILING

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

      Re:     *In re Motors Liquidation Company*, Case No. 09-50026 (MG)

Dear Judge Glenn:

      The undersigned represent certain Ignition-Switch, Non-Ignition Switch, and Pre-Closing Accident Plaintiffs ("**Plaintiffs**") and holders (the "**Participating Unitholders**") of more than 65 percent of the beneficial units of the Motors Liquidation Company GUC Trust (the "**GUC Trust**").  We write jointly in connection with the Court's directive at the August 17, 2017 hearing that the parties meet and confer regarding a plan of discovery governing: (i) Plaintiffs' then contemplated motion ("**Plaintiffs' Enforcement Motion**") to enforce the settlement agreement ("**Plaintiffs' Settlement Agreement**") by and among Plaintiffs and the GUC Trust, and  (ii) the then contemplated motion (the "**New GM Approval Motion**" and, together with Plaintiffs' Enforcement Motion, the "**Motions**") filed by Wilmington Trust Company ("**Wilmington Trust**"), as trustee for and administrator of the GUC Trust, for Court approval of a settlement agreement (the "**New GM Agreement**") between the GUC Trust and General Motors LLC ("**New GM**").[1]

      The parties have met and conferred over the course of the past month, but have been unable to reach a consensus on five main issues: (i) the sequence in which discovery should be conducted and the Motions should be heard; (ii) the persons that may be subject to discovery; (iii) the date range that should apply to such discovery; (iv) the applicable deadlines for completion of discovery and the filing of briefs; and (v) New GM's participation in discovery and briefing with respect to Plaintiffs' Enforcement Motion.  We write to provide the Court with

---

[1] The Motions were described to the Court at the August 17, 2017 hearing but had not yet been filed. Plaintiffs' Enforcement Motion and the New GM Approval Motion were ultimately filed on September 11, 2017 [Dkt. No. 14092] and September 12, 2017 [Dkt. No. 14095], respectively.  New GM filed a joinder to the New GM Approval Motion on September 12, 2017 [Dkt. No. 14096].



September 25, 2017
Page 2

Plaintiffs' and the Participating Unitholders' positions on these issues, and to jointly present a proposed path forward.[2]

 ***<u>Sequencing of the Motions.</u>***  Plaintiffs and the Participating Unitholders (collectively, the "**<u>Settlement Support Parties</u>**") believe that the New GM Approval Motion and any alternative forms of relief that are likely to be sought by the Settlement Support Parties (as discussed below) should be held in abeyance pending discovery and adjudication of Plaintiffs' Enforcement Motion.  New GM and Wilmington Trust believe that the New GM Approval Motion should proceed simultaneously with these matters.

 While we recognize that the Court has expressed its view that the Motions should be adjudicated simultaneously, we respectfully request that the Court reconsider this position, and submit that the most efficient and logical approach is to defer discovery and adjudication of the New GM Approval Motion and any related relief sought by the Settlement Support Parties until Plaintiffs' Enforcement Motion has been decided.  The New GM Agreement, by its terms, automatically terminates if Plaintiffs' Enforcement Motion is granted.  Thus, deferring the New GM Approval Motion until after Plaintiffs' Enforcement Motion has been decided will ensure that neither the parties nor the Court devote time and money to a motion that may ultimately be rendered moot.  The cost issue is especially pertinent for Plaintiffs and the Participating Unitholders, who are funding their own costs of litigation, and do not have New GM's deep pockets, or the remaining funds in the GUC Trust, to cover their expenses.

 Additionally, proceeding simultaneously with Plaintiffs' Enforcement Motion and the New GM Approval Motion is certain to engender significant additional litigation.  The Settlement Support Parties believe that if the New GM Approval Motion does go forward, it is important for the Court to simultaneously hear and adjudicate: (i) a motion to be filed by the Participating Unitholders to remove Wilmington Trust as trustee for and administrator of the GUC Trust (the "**<u>Removal Motion</u>**"); and (ii) a complaint to be filed by Plaintiffs against New GM asserting, *inter alia,* claims for tortious interference with contract, aiding and abetting breach of fiduciary duty, tortious interference with prospective contract or business relations, and violation of the Plan (the "**<u>Complaint</u>**").

 Accordingly, in the event that the Court orders the New GM Approval Motion and Plaintiffs' Enforcement Motion to proceed contemporaneously, the Participating Unitholders intend to file the Removal Motion and Plaintiffs intend to file the Complaint so that they may

---

[2] During a meet and confer held on September 18, 2017, the parties agreed to submit letters to the Court setting forth their respective positions on the disputed issues by 5:00 p.m. (ET) on September 25, 2017.



September 25, 2017
Page 3

also proceed on the same schedule. This will unquestionably increase the expense and complexity of these proceedings. Again, however, the need for the Removal Motion and the Complaint may be obviated if Plaintiffs' Enforcement Motion is granted. Therefore, adjudication of Plaintiffs' Enforcement Motion is an important gating item that should occur before any other issues move forward.

As we understand it, the primary basis for New GM's and Wilmington Trust's opposition to deferring consideration of the New GM Approval Motion pending adjudication of Plaintiffs' Enforcement Motion is that it may result in the inconvenience of witnesses having to sit for multiple depositions. Any inconvenience posed, however, pales in comparison to the burden that will be imposed on Plaintiffs and the Participating Unitholders if they are forced to incur the expense of litigating issues that may be rendered moot.

***Discovery Targets.*** Wilmington Trust and New GM contend that because the negotiations over Plaintiffs' Settlement Agreement and the New GM Agreement took place between outside counsel, all discovery should be limited to outside counsel and discovery of the parties themselves should be precluded. There is simply no basis to limit discovery of Wilmington Trust and New GM in this manner.

During the initial phase, the parties should be permitted to conduct discovery only in connection with Plaintiffs' Enforcement Motion, and discovery should be limited to outside counsel with the exception of Wilmington Trust. Wilmington Trust evaluated Plaintiffs' Settlement Agreement and provided a declaration in support of Plaintiffs' Settlement Agreement. Thus, discovery of Wilmington Trust is unquestionably relevant to Plaintiffs' Enforcement Motion.

In the event that discovery proceeds on the New GM Approval Motion, the Removal Motion, and/or the Complaint, the Settlement Support Parties should be permitted to serve discovery directly on New GM and Wilmington Trust. The Settlement Support Parties have no way of knowing who participated in the negotiations over the New GM Agreement or New GM's efforts to induce Wilmington Trust to suddenly abandon Plaintiffs' Settlement Agreement, and should not be forced to simply accept New GM's and Wilmington Trust's representations on these issues at face value. Further, the Participating Unitholders should be permitted to take discovery of Wilmington Trust's assertions that entry into the New GM Agreement is consistent with Wilmington Trust's fiduciary duties and in the Unitholders' best interests.

Moreover, any argument by New GM and Wilmington Trust that they should not be limited to discovery of the Participating Unitholders' and Plaintiffs' outside counsel if Plaintiffs



September 25, 2017
Page 4

and the Participating Unitholders are not so limited should be rejected.  All of the parties involved in the negotiation of Plaintiffs' Settlement Agreement, ***including Wilmington Trust***, acknowledge that the discussions relevant to Plaintiffs' Enforcement Motion took place solely between counsel.  Thus, discovery of Plaintiffs or the Participating Unitholders themselves is wholly unwarranted, and would serve no purpose other than to impose an unnecessary burden.

    ***Discovery Time Period.***  Wilmington Trust and New GM contend that the time period subject to discovery of all issues should be July 7, 2017 to August 17, 2017.  This one-size-fits-all approach is too broad for some issues, and too narrow for others.

    As discussed above, during the initial phase, discovery should be limited to Plaintiffs' Enforcement Motion, and apply only to the time period of August 7, 2017 (two days before New GM was first informed by the Settlement Support Parties about the general terms of Plaintiffs' Settlement Agreement) to August 17, 2017 (the date of the status conference before this Court). There is no need for discovery spanning beyond this date range, as all of the documents and communications relevant to the question of whether Plaintiffs' Settlement Agreement is binding were created or exchanged within this period.

    In the event that discovery proceeds on the New GM Approval Motion, the Removal Motion, and/or the Complaint, the Settlement Support Parties believe that the time period subject to discovery should range from May 1, 2017 to the present.  Just as the Settlement Support Parties have no way of knowing who was involved in the negotiations over the New GM Agreement or the events that led to Wilmington Trust's sudden disavowal of Plaintiffs' Settlement Agreement, they have no way of knowing the period in which these discussions occurred.  It is certainly reasonable to believe, however, that they may have taken place over many months, rather than in the span of two hours as New GM and Wilmington Trust contend.[3] Again, the Settlement Support Parties are entitled to conduct discovery to test New GM's and Wilmington Trust's assertions in this regard.  If, as New GM and Wilmington Trust contend, no communications occurred prior to July 7, 2017, then the burden of such discovery will be *de minimis*.

    ***Deadlines for Discovery.***  The parties also appear to disagree regarding the discovery and briefing deadlines that should apply if the Motions proceed simultaneously.  In this event, the Settlement Support Parties believe that the deadlines discussed among the parties will need to move back to accommodate discovery and briefing regarding each of Plaintiffs' Enforcement

---

[3] Hearing Tr., 17:7 (Aug. 17, 2017).



September 25, 2017
Page 5

Motion, the New GM Approval Motion, the Complaint, and the Removal Motion (the dates
originally discussed among the parties also need to be pushed back to account for the time it has
taken the parties to brings these issues to the Court for resolution).

The Settlement Support Parties submit that the scheduling order attached as Exhibit A
(the "**<u>Full Bifurcation Scheduling Order</u>**") should govern if all motions and the Complaint are
held in abeyance pending adjudication of Plaintiffs' Enforcement Motion, and that the
scheduling order attached as Exhibit B (the "**<u>Partial Bifurcation Scheduling Order</u>**") should
govern if Plaintiffs' Enforcement Motion, the New GM Approval Motion, the Complaint, and
the Removal Motion proceed simultaneously.

**<u>*New GM Lacks Standing to Challenge Plaintiffs' Settlement Agreement*</u>.**  Under the
terms of the Plan confirmed in this case, New GM was to have no role in the estimation or
allowance of general unsecured claims.  Furthermore, because New GM is neither a party to
Plaintiffs' Settlement Agreement nor a third-party beneficiary of it, New GM lacks standing to
challenge the enforcement of Plaintiffs' Settlement Agreement or raise any affirmative defenses
with respect to that contract.  *See, e.g.*, *Hillside Metro Assoc., LLC v. JPMorgan Chase Bank,
Nat. Ass'n*, 747 F.3d 44, 49 (2d Cir. 2014); *Shea v. Royal Enterprises, Inc.*, No. 09 CIV 8709
THK, 2011 WL 43460, at *3 (S.D.N.Y. Jan. 6, 2011); *Tamir v. Bank of New York Mellon*, No.
12-CV-4780 DLI JO, 2013 WL 4522926, at *3 (E.D.N.Y. Aug. 27, 2013).  Accordingly, New
GM should not be permitted to participate in briefing or discovery with respect to Plaintiffs'
Enforcement Motion, which concerns an agreement that New GM has no standing to challenge.
While New GM may be interested in the outcome of Plaintiffs' Enforcement Motion, that
interest simply does not confer standing on New GM to challenge the enforcement of an
agreement to which it was neither a party nor a third-party beneficiary.



September 25, 2017
Page 6

 We look forward to the opportunity to address these matters further with the Court, and understand that all parties are available for a Court conference any day the week of October 2, 2017 other than October 6.  Of course, in the event that these dates do not work for the Court, we will make ourselves available at the Court's convenience.

Respectfully Submitted,

/s/ Edward S. Weisfelner
Edward S. Weisfelner
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel: 212-209-4800


Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN
& PLIFKA, A PROFESSIONAL
CORPORATION
2323 Bryan Street, Ste 2200
Dallas, Texas 75201
Tel: 214-969-4900


*Designated Counsel for the Ignition Switch
Plaintiffs and Certain Non-Ignition Switch
Plaintiffs in the Bankruptcy Court*


/s/ Steve W. Berman
Steve W. Berman (admitted pro hac vice)
HAGENS BERMAN SOBOL SHAPIRO
LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Tel: 206-623-7292

/s/ Deborah J. Newman
Deborah J. Newman
AKIN GUMP STRUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212-872-8010

*Counsel to the Participating Unitholders*


/s/ William P. Weintraub
William P. Weintraub
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: 212-813-8800

*Counsel to Those Certain Pre-Closing Accident
Plaintiffs Represented by Hilliard Muñoz Gonzalez
L.L.P. and the Law Offices of Thomas J. Henry*


/s/ Robert Hilliard
Robert Hilliard
HILLIARD MUÑOZ GONZALES LLP
719 South Shoreline, Suite 500
Corpus Christi, Texas 78401
Tel: 361-882-1612
bobh@hmglawfirm.com



September 25, 2017
Page 7

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000

*Co-Lead Counsel for the Ignition Switch
Plaintiffs and Certain Non-Ignition Switch
Plaintiffs in the MDL Court*

*Counsel for Certain Ignition Switch Pre-Closing
Accident Plaintiffs*

Thomas J. Henry, Esq.
THE LAW OFFICES OF THOMAS J. HENRY
4715 Fredricksburg, Suite 507
San Antonio, TX 78229

*Counsel to Certain Pre-Closing Accident Plaintiffs*

/s/ Lisa M. Norman
Lisa M. Norman (admitted *pro hac vice*)
ANDREWS MYERS, P.C.
1885 St. James Place, 15th Floor
Houston, Texas 77056
Tel: 713-850-4200

*Counsel to Certain Pre-Closing Accident Plaintiffs*

Enclosures

**Exhibit A**

Full Bifurcation Scheduling Order

EXHIBIT A – FULL BIFURCATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

MOTORS LIQUIDATION COMPANY, *et al.*,
f/k/a General Motors Corp., *et al.*,

                      Debtors.

Chapter 11
Case No. 09-50026 (MG)
(Jointly Administered)

## <u>PRE-TRIAL STIPULATION AND SCHEDULING ORDER</u>

**WHEREAS,** counsel representing certain ignition-switch, non-ignition switch, and personal-injury plaintiffs ("**<u>Plaintiffs</u>**") in the Motors Liquidation Company GUC Trust (the "**<u>GUC Trust</u>**") have filed a motion (Dkt. No. 14092) (the "**<u>Plaintiffs' Enforcement Motion</u>**") asserting that the Settlement Agreement appearing at Dkt. No. 14061-1 (the "**<u>Plaintiffs'</u>** **<u>Settlement Agreement</u>**") is a binding agreement with the GUC Trust;

**WHEREAS,** the GUC Trust has filed a motion (Dkt. 14095) (the "**<u>New GM Approval</u>** **<u>Motion</u>**," and, with Plaintiffs' Enforcement Motion, the "**<u>Motions</u>**") seeking approval of an agreement (the "**<u>New GM Agreement</u>**") between the GUC Trust and General Motors LLC ("**<u>New GM</u>**")  and New GM filed a joinder therein (Dkt. 14096) (the "**<u>New GM Joinder</u>**");

**WHEREAS,** the GUC Trust disputes and denies that it is bound by Plaintiffs' Settlement Agreement, and New GM opposes Plaintiffs' Settlement Agreement and otherwise denies the allegations made by Plaintiffs with respect to the Dispute (as defined below);

**WHEREAS,** certain participating Unitholders holding approximately 65% of the GUC Trust Units (the "**<u>Participating Unitholders</u>**") oppose approval of the New GM Agreement, and believe Plaintiffs' Settlement Agreement is a binding agreement;

**WHEREAS,** a conference was held before the Court on August 17, 2017 concerning the disputes raised in the Motions and in various letters filed with the Court by Plaintiffs, New GM, the GUC Trust, and the Participating Unitholders on August 15, 2017 and August 16, 2017

- 1 -

(hereinafter, the "**Dispute**");

**WHEREAS,** during the August 17, 2017 conference, the Court ordered the Parties (as herein defined) to meet and confer concerning discovery in connection with the Dispute;

**WHEREAS,** since August 17, 2017, Plaintiffs and the GUC Trust have served discovery requests and, as directed by the Court, counsel for Plaintiffs, the GUC Trust, the Participating Unitholders, and New GM have engaged in meet and confer discussions concerning the scope and timing of discovery, as well as the timing and scope of the Parties' respective pleadings, relating to the Dispute;

**WHEREAS**, Plaintiffs, the GUC Trust, the Participating Unitholders, and New GM (each, a "**Party**," and collectively, the "**Parties**") have agreed, and the Court has determined that with respect to the submission of the Dispute for adjudication, that the following schedule shall govern the events leading up to and including the final pre-trial conference and evidentiary hearing.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    **Phase 1 Issue.**  The resolution of the Dispute shall be bifurcated as follows.  In the first phase ("**Phase 1**"), the topics of discovery, briefing, and decision shall be limited exclusively to the following issue:

(a)    whether Plaintiffs' Settlement Agreement is a binding agreement.

2.    **Phase 2 Issues.**  Any and all of the Parties' rights, claims, and defenses with respect to the Phase 2 Issues shall be, and hereby are reserved expressly.  The Parties shall meet and confer regarding the discovery, briefing (in addition to the New GM Approval Motion and the New GM Joinder that have already been filed), and trial schedule with respect to the applicable Phase 2 Issue once the Phase 1 Issue is resolved by the Court.  Phase 2 shall include discovery, briefing, and decision on one of the following issues:

(a) If the Court finds that Plaintiffs' Settlement Agreement is binding, whether Plaintiffs' Settlement Agreement should be approved; or

(b) If the Court finds that Plaintiffs' Settlement Agreement is not binding, whether the New GM Agreement should be approved.

3.    **Phase 1 Briefs.**  In addition to Plaintiffs' Enforcement Motion, the following briefs shall be filed with respect to the Phase 1 Issue.  On or before **November 27, 2017**, any joinders to Plaintiffs' Enforcement Motion, and any objections to Plaintiffs' Enforcement Motion, or respective joinders thereto (the "**Objections**"), shall be filed by the Parties.  On or before **December 7, 2017**, replies in further support of Plaintiffs' Enforcement Motion (and any respective joinders therein) (the "**Replies**," with Plaintiffs' Enforcement Motion, the Objections, and any respective joinders, collectively the "**Phase 1 Briefs**") shall be filed by the Parties.  The Phase 1 Briefs shall be limited to Phase 1 Issues.

4.    **Phase 1 Discovery.**  The discovery referenced below at 4(a) through 4(i) shall be limited in scope to the Phase 1 Issue.  Any Party shall be entitled to propound discovery on any other Party.

a.    Requests for production of documents, requests for admissions, and interrogatories shall be served on or before **October 16, 2017**.

b.    The date range with respect to requests for the production of documents propounded by any Party on any other Party shall be August 7, 2017 through August 17, 2017; because Plaintiffs' and the GUC Trust's counsel have represented that the negotiations between Plaintiffs and the GUC Trust concerning Plaintiffs' Settlement Agreement took place between outside counsel, document discovery, written discovery, and depositions propounded on Plaintiffs and the GUC Trust concerning the negotiations that led to the Plaintiffs'

Settlement Agreement and whether the Plaintiffs' Settlement Agreement is a binding agreement will be limited to outside counsel for Plaintiffs and the GUC Trust only.  For the avoidance of doubt, absent further order of the Court or agreement of the parties, no such limitation shall apply with respect to any discovery of the Phase 2 Issues.

      c.      The Parties shall use the format for production of documents, including electronically stored information, set forth in the GM MDL protocol (MDL Order No. 11, MDL Docket No. 295), provided however, that documents shall be produced to the Parties rather than  to the MDL 2543 Document Depository.

      d.      Document production shall be substantially complete by **October 30, 2017**.

      e.      Responses to interrogatories and requests for admissions shall be served by **October 30, 2017**.

      f.      The deadline to identify witnesses who either will be called to testify at trial or will submit a declaration shall be **October 30, 2017.**

      g.      Categorical privilege logs shall be served by **November 6, 2017**.  The Parties agree that internal communications among counsel representing the same Party and between counsel and their clients need not be logged.[1]  Notwithstanding the foregoing sentence, the Parties reserve all rights to challenge the assertion of privilege over internal communications between and

---

[1]      For purposes of this provision, (a) counsel representing Plaintiffs means Brown Rudnick LLP; Stuzman, Bromberg, Esserman & Plifka, P.C.; Hagens Berman Sobol & Shapiro LLP; Lief Cabraser Heimann & Bernstein LLP; Hilliard Muñoz Gonzales LLP; Hillard & Shadowen LLP; The Law Offices of Thomas J. Henry; Goodwin Proctor LLP; and Andrews Myers, P.C. and (b) counsel representing New GM means Kirkland & Ellis LLP, King & Spalding LLP, and Quinn Emanuel Urquhart & Sullivan LLP.

among outside counsel and their clients (or any other document or communication over which privilege is asserted).

       h.       Depositions shall be completed by **November 21, 2017**. The Parties agree to work together to schedule depositions at a time and place convenient to the witnesses.

       i.       Discovery from third parties shall be completed on the same schedule as Party discovery.

     5.       **Trial.**  The Court shall conduct an evidentiary hearing with respect to the Phase 1 Issue on _____, 2017.

     6.       **Amendment.**  The deadlines set forth in paragraphs 3 and 4 above may be modified by agreement of the Parties without leave of Court.  Modifications to any other provision in this Stipulation and Order require leave of Court.  The Parties, separately or by agreement, may apply to the Court for modification of any part of the schedule.

Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.
Leonid Feller, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Tel:  312-862-2482

Arthur J. Steinberg
Scott Davidson
KING AND SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Tel:  212-556-2158

By:_____
    Susheel Kirpalani
    James C. Tecce
    Julia M. Beskin
    QUINN EMANUEL URQUHART &
    SULLIVAN LLP
    52 Madison Avenue
    New York, NY  10010
    Tel:  212-849-7100

*Counsel to New GM*

By:_____
    Mitchell A. Karlin
    GIBSON DUNN & CRUTCHER LLP
    200 Park Avenue
    New York, NY  10166
    Tel:  212-351-3800

*Counsel to GUC Trust*

By: _____
    Edward S. Weisfelner
    Howard S. Steel
    BROWN RUDNICK LLP
    Seven Times Square
    New York, New York 10036
    Tel: 212-209-4800
    eweisfelner@brownrudnick.com
    hsteel@brownrudnick.com

By: _____
    Sander L. Esserman
    STUTZMAN, BROMBERG, ESSERMAN &
    PLIFKA,
    A PROFESSIONAL CORPORATION
    2323 Bryan Street, Ste 2200
    Dallas, Texas 75201
    Tel: 214-969-4900
    esserman@sbep-law.com

*Designated Counsel for the Ignition Switch*
*Plaintiffs and Certain Non-Ignition Switch*
*Plaintiffs in the Bankruptcy Court*

By: _____
    Daniel H. Golden
    Deborah J. Newman
    AKIN GUMP STRAUSS HAUER
     & FELD LLP
    One Bryant Park
    New York, NY  10036
    Tel:  212-871-1002

*Counsel to Participating Unitholders*

By:_____    By: _____

    Steve W. Berman (admitted pro hac vice)    Robert Hilliard
    HAGENS BERMAN SOBOL &amp;    HILLIARD MUÑOZ GONZALES LLP
    SHAPIRO LLP    719 South Shoreline, Suite 500
    1918 Eighth Avenue, Suite 3300    Corpus Christi, Texas 78401
    Seattle, Washington 98101    Tel: 361-882-1612
    Tel: 206-623-7292    bobh@hmglawfirm.com
    steve@hbsslaw.com

        *Counsel for Certain Ignition Switch Pre-*
By: _____    *Closing Accident Plaintiffs*

    Elizabeth J. Cabraser
    LIEFF CABRASER HEIMANN &amp;
    BERNSTEIN LLP
    275 Battery Street, 29th Floor
    San Francisco, California 94111
    Tel: 414-956-1000
    ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch*
*Plaintiffs and Certain Non-Ignition Switch*
*Plaintiffs in the MDL Court*

By:_____

    William P. Weintraub
    Gregory W. Fox
    GOODWIN PROCTER LLP
    The New York Times Building
    620 Eighth Avenue
    New York, New York 10018
    Tel: 212-813-8800
    wweintraub@goodwinlaw.com
    gfox@goodwinlaw.com

*Counsel to Ignition Switch Pre-Closing*
*Accident Plaintiffs Represented By Hilliard*
*Muñoz Gonzales L.L.P.*

**SO ORDERED:**

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

September [  ], 2017

**Exhibit B**

Partial Bifurcation Scheduling Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>                                                  Debtors. |

Chapter 11
Case No. 09-50026 (MG)
(Jointly Administered)

## <u>PRE-TRIAL STIPULATION AND SCHEDULING ORDER</u>

**WHEREAS,** counsel representing certain ignition-switch, non-ignition switch, and personal-injury plaintiffs ("**<u>Plaintiffs</u>**") in the Motors Liquidation Company GUC Trust (the "**<u>GUC Trust</u>**") have filed a motion (Dkt. No. 14092) (the "**<u>Plaintiffs' Enforcement Motion</u>**") asserting that the Settlement Agreement appearing at Dkt. No. 14061-1 (the "**<u>Plaintiffs'</u>** **<u>Settlement Agreement</u>**") is a binding agreement with the GUC Trust;

**WHEREAS,** Wilmington Trust Company ("**<u>Wilmington Trust</u>**"), in its capacity as trustee and trust administrator of the GUC Trust, has filed a motion (Dkt. 14095) (the "**<u>New GM</u>** **<u>Approval Motion</u>**," and, with Plaintiffs' Enforcement Motion, the "**<u>Motions</u>**") seeking approval of an agreement (the "**<u>New GM Agreement</u>**") between the GUC Trust and General Motors LLC ("**<u>New GM</u>**")  and New GM filed a joinder therein (Dkt. 14096) (the "**<u>New GM Joinder</u>**");

**WHEREAS,** Wilmington Trust disputes and denies that it is bound by the Plaintiffs' Settlement Agreement, and New GM opposes Plaintiffs' Settlement Agreement and otherwise denies the allegations made by Plaintiffs with respect to the Dispute (as defined below);

**WHEREAS,** certain participating Unitholders holding approximately 65% of the GUC Trust Units (the "**<u>Participating Unitholders</u>**") oppose approval of the New GM Agreement, believe Plaintiffs' Settlement Agreement is a binding agreement, and intend to seek to remove Wilmington Trust as the trustee and trust administrator of the GUC Trust;

**WHEREAS,** a conference was held before the Court on August 17, 2017 concerning the

disputes raised in the Motions and in various letters filed with the Court by Plaintiffs, New GM, the GUC Trust, and the Participating Unitholders on August 15, 2017 and August 16, 2017 (hereinafter, the "**Dispute**");

WHEREAS, during the August 17, 2017 conference, the Court ordered the Parties (as herein defined) to meet and confer concerning discovery in connection with the Dispute;

WHEREAS, since August 17, 2017, Plaintiffs and the GUC Trust have served discovery requests and, as directed by the Court, counsel for Plaintiffs, the GUC Trust, the Participating Unitholders, and New GM have engaged in meet and confer discussions concerning the scope and timing of discovery, as well as the timing and scope of the Parties' respective pleadings, relating to the Dispute;

WHEREAS, Plaintiffs, Wilmington Trust, the Participating Unitholders, and New GM (each, a "**Party**," and collectively, the "**Parties**") have agreed, and the Court has determined that with respect to the submission of the Dispute for adjudication, that the following schedule shall govern the events leading up to and including the final pre-trial conference and evidentiary hearing.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     **Phase 1 Issues.**  The resolution of the Dispute shall be bifurcated as follows.  In the first phase ("**Phase 1**"), the topics of discovery, briefing, and decision shall be limited exclusively to the following issues (the "**Phase 1 Issues**"):

(a)     whether Plaintiffs' Settlement Agreement is a binding agreement;

(b)     if the Court finds that Plaintiffs' Settlement Agreement is not binding, whether the New GM Agreement should be approved; provided that for the avoidance of doubt, discovery with respect to the Phase 1 Issues shall include discovery concerning Plaintiffs' allegations—which New GM disputes—that New GM interfered with

Plaintiffs' Settlement Agreement;[1] and

      (c)    whether Wilmington Trust shall be removed as trustee and trust administrator of the GUC.

      2.    **Phase 2 Issue.**  Any and all of the Parties' rights, claims, and defenses with respect to the Phase 2 Issue shall be, and hereby are reserved expressly.  The Parties shall meet and confer regarding the discovery, briefing, and trial schedule with respect to the Phase 2 Issue once the Phase 1 Issues are resolved by the Court.  If the Court finds that Plaintiffs' Settlement Agreement is binding, Phase 2 shall include discovery, briefing, and decision on whether Plaintiffs' Settlement Agreement should be approved under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 and applicable bankruptcy and non-bankruptcy law by this Court (or the United States District Court for the Southern District of New York) (the "**Phase 2 Issue**"). For the avoidance of doubt, if Plaintiffs' Settlement Agreement is found not to be a binding agreement, then there shall not be a Phase 2 proceeding.

      3.    **Phase 1 Briefs.**  The following briefs shall be filed with respect to the Phase 1 Issues in addition to Plaintiffs' Enforcement Motion, the New GM Approval Motion, and the New GM Joinder.  On or before **October 20, 2017**, the Participating Unitholders shall file a motion seeking removal of Wilmington Trust as the trustee and trust administrator of the GUC Trust (the "**Removal Motion**").  On or before **December 11, 2017**, any joinders to Plaintiffs' Enforcement  Motion or the Removal Motion, and any objections to Plaintiffs' Enforcement Motion, the New GM Approval Motion, or the Removal Motion (and any respective joinders thereto) (the "**Objections**"), shall be filed by the Parties.  On or before **December 21, 2017**, replies in further support of Plaintiffs' Enforcement Motion, the New GM Approval Motion, and the Removal Motion (and any respective joinders thereto) (the "**Replies**," with the Plaintiffs'

---

[1] Plaintiffs intend to file a complaint against New GM in connection with Phase 1; however, this Scheduling Order does not include deadlines for briefing or decision on the compliant, which will be addressed in a separate scheduling order or an amendment hereto.

Enforcement Motion, the New GM Approval Motion, the New GM Joinder, the Objections, and

any respective joinders, collectively the "**Phase 1 Briefs**") shall be filed by the Parties.  The

Phase 1 Briefs shall be limited to Phase 1 Issues.

      4.     **Phase 1 Discovery.**  The discovery referenced below at 4(a) through 4(i) shall be

limited in scope to the Phase 1 Issues.  Any Party shall be entitled to propound discovery on any

other Party.

      a.     Requests for production of documents, requests for

admissions, and interrogatories shall be served on or before **October 30, 2017**.

      b.     The date range with respect to requests for the production

of documents propounded by any Party on any other Party shall be May 1, 2017

through August 17, 2017; provided that, because Plaintiffs' and the GUC Trust's

counsel have represented that the negotiations between Plaintiffs and the GUC

Trust concerning Plaintiffs' Settlement Agreement took place between outside

counsel, document discovery, written discovery, and depositions propounded on

Plaintiffs and the GUC Trust concerning the negotiations that led to the Plaintiffs'

Settlement Agreement and whether the Plaintiffs' Settlement Agreement is a

binding agreement will be limited to outside counsel for Plaintiffs and the GUC

Trust only.  For the avoidance of doubt, no such limitation shall apply with

respect to any other issue, including, without limitation, whether the New GM

Agreement shall be approved by this Court, and whether New GM interfered with

Plaintiffs' Settlement Agreement.

      c.     The Parties shall use the format for production of

documents, including electronically stored information, set forth in the GM MDL

protocol (MDL Order No. 11, MDL Docket No. 295), provided however, that

documents shall be produced to the Parties rather than to the MDL 2543

Document Depository.

d.        Document production shall be substantially complete by

**November 13, 2017**.

e.        Responses to interrogatories and requests for admissions

shall be served by **November 13, 2017**.

f.        The deadline to identify witnesses who either will be called

to testify at trial or will submit a declaration shall be **November 13, 2017.**

g.        Categorical privilege logs shall be served by **November 20,**

**2017**.  The Parties agree that internal communications among counsel

representing the same Party and between counsel and their clients need not be

logged.[2]  Notwithstanding the foregoing sentence, the Parties reserve all rights to

challenge the assertion of privilege over internal communications between and

among outside counsel and their clients (or any other document or communication

over which privilege is asserted).

h.        Depositions shall be completed by **December 4, 2017**.  The

Parties agree to work together to schedule depositions at a time and place

convenient to the witnesses.

i.        Discovery from third parties shall be completed on the

same schedule as Party discovery.

5.        **Trial.**  The Court shall conduct an evidentiary hearing with respect to the Phase 1

---

[2]        For purposes of this provision, (a) counsel representing Plaintiffs means Brown Rudnick LLP; Stuzman,
Bromberg, Esserman & Plifka, P.C.; Hagens Berman Sobol & Shapiro LLP; Lief Cabraser Heimann &
Bernstein LLP; Hilliard Muñoz Gonzales LLP; Hillard & Shadowen LLP; The Law Offices of Thomas J.
Henry; Goodwin Proctor LLP; and Andrews Myers, P.C. and (b) counsel representing New GM means
Kirkland & Ellis LLP, King & Spalding LLP, and Quinn Emanuel Urquhart & Sullivan LLP.

Issues on _____, 2017.

      6.    **<u>Amendment.</u>**  The deadlines set forth in paragraphs 3 and 4 above may be modified by agreement of the Parties without leave of Court.  Modifications to any other provision in this Stipulation and Order require leave of Court.  The Parties, separately or by agreement, may apply to the Court for modification of any part of the schedule.

Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.
Leonid Feller, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Tel:  312-862-2482

Arthur J. Steinberg
Scott Davidson
KING AND SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Tel:  212-556-2158

By:_____
      Susheel Kirpalani
      James C. Tecce
      Julia M. Beskin
      QUINN EMANUEL URQUHART &
      SULLIVAN LLP
      52 Madison Avenue
      New York, NY  10010
      Tel:  212-849-7100

*Counsel to New GM*

By:_____
      Mitchell A. Karlin
      GIBSON DUNN & CRUTCHER LLP
      200 Park Avenue
      New York, NY  10166
      Tel:  212-351-3800

*Counsel to GUC Trust*

By: _____
      Edward S. Weisfelner
      Howard S. Steel
      BROWN RUDNICK LLP
      Seven Times Square
      New York, New York 10036
      Tel: 212-209-4800
      eweisfelner@brownrudnick.com
      hsteel@brownrudnick.com

By: _____
      Sander L. Esserman
      STUTZMAN, BROMBERG, ESSERMAN &
      PLIFKA,
      A PROFESSIONAL CORPORATION
      2323 Bryan Street, Ste 2200
      Dallas, Texas 75201
      Tel: 214-969-4900
      esserman@sbep-law.com

*Designated Counsel for the Ignition Switch
Plaintiffs and Certain Non-Ignition Switch
Plaintiffs in the Bankruptcy Court*

By: _____
      Daniel H. Golden
      Deborah J. Newman
      AKIN GUMP STRAUSS HAUER
       & FELD LLP
      One Bryant Park
      New York, NY  10036
      Tel:  212-871-1002

*Counsel to Participating Unitholders*

By:_____     By: _____

    Steve W. Berman (admitted pro hac vice)        Robert Hilliard
    HAGENS BERMAN SOBOL &            HILLIARD MUÑOZ GONZALES LLP
    SHAPIRO LLP                        719 South Shoreline, Suite 500
    1918 Eighth Avenue, Suite 3300          Corpus Christi, Texas 78401
    Seattle, Washington 98101             Tel: 361-882-1612
    Tel: 206-623-7292                   bobh@hmglawfirm.com
    steve@hbsslaw.com

                                      *Counsel for Certain Ignition Switch Pre-*
By: _____     *Closing Accident Plaintiffs*

    Elizabeth J. Cabraser
    LIEFF CABRASER HEIMANN &
    BERNSTEIN LLP
    275 Battery Street, 29th Floor
    San Francisco, California 94111
    Tel: 414-956-1000
    ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch*
*Plaintiffs and Certain Non-Ignition Switch*
*Plaintiffs in the MDL Court*

By:_____

    William P. Weintraub
    Gregory W. Fox
    GOODWIN PROCTER LLP
    The New York Times Building
    620 Eighth Avenue
    New York, New York 10018
    Tel: 212-813-8800
    wweintraub@goodwinlaw.com
    gfox@goodwinlaw.com

*Counsel to Ignition Switch Pre-Closing*
*Accident Plaintiffs Represented By Hilliard*
*Muñoz Gonzales L.L.P.*

**SO ORDERED:**

----------------------------------------------------
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

September [  ], 2017