**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>　　　　　　　　　　　　　　　　Debtors. | Chapter 11<br>Case No. 09-50026 (MG)<br>(Jointly Administered) |

## PRE-TRIAL STIPULATION AND SCHEDULING ORDER

　　**WHEREAS,** counsel representing certain personal-injury plaintiffs and counsel purporting to represent certain ignition-switch and non-ignition switch plaintiffs (collectively, "Plaintiffs") with alleged claims against the Motors Liquidation Company GUC Trust (the "GUC Trust") have filed a motion (Dkt. No. 14092) (the "Plaintiffs' Enforcement Motion") asserting that the unsigned Settlement Agreement appearing at Dkt. No. 14061-1 (the "Plaintiffs' Settlement Agreement") is a binding agreement with the GUC Trust;

　　**WHEREAS,** the GUC Trust has filed a motion (Dkt. 14095) (the "Forbearance Agreement Approval Motion") seeking approval of a forbearance agreement (the "Forbearance Agreement") between the GUC Trust and General Motors LLC ("New GM"), and New GM filed a joinder thereto (Dkt. 14096) (the "New GM Joinder"). (The Forbearance Agreement Approval Motion and Plaintiffs' Enforcement Motion shall be referred to collectively as the "Motions");

　　**WHEREAS,** the GUC Trust disputes and denies that it is bound by Plaintiffs' Settlement Agreement, and New GM opposes Plaintiffs' Settlement Agreement and Plaintiffs' Enforcement Motion;

　　**WHEREAS,** certain unaffiliated unitholders whose counsel has represented hold approximately 65% of the GUC Trust Units (the "Participating Unitholders") oppose approval of the Forbearance Agreement, believe Plaintiffs' Settlement Agreement is a binding agreement and support Plaintiffs' Enforcement Motion;

　　**WHEREAS,** a conference was held before the Court on August 17, 2017 concerning the

1

disputes raised in connection with Plaintiffs' Settlement Agreement and the Forbearance Agreement, and in various letters filed with the Court by Plaintiffs, New GM, the GUC Trust, and the Participating Unitholders prior to the August 17, 2017 conference (hereinafter, the "Dispute");

**WHEREAS,** during the August 17, 2017 conference, the Court ordered Plaintiffs, New GM, the GUC Trust and the Participating Unitholders (subject to the reservations of rights set forth below and for definitional purposes only, the "Parties") to meet and confer concerning, among other things, discovery in connection with the Dispute;

**WHEREAS,** since August 17, 2017, Plaintiffs, New GM and the GUC Trust have served discovery requests and, as directed by the Court, counsel for the Parties have engaged in meet and confer discussions concerning the scope and timing of discovery, as well as the timing and scope of the Parties' respective pleadings, relating to the Dispute;

**WHEREAS,** on October 3, 2017, the Court held a further conference to address discovery and hearing procedures with respect to the Motions; and

**WHEREAS,** the Court has determined that with respect to the submission of the Dispute for adjudication that the following schedule shall govern the events leading up to and including the final pre-trial conference and evidentiary hearing.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. **Phase 1 Issues.** The resolution of the Dispute shall be bifurcated as follows. In the first phase ("Phase 1"), the topics of discovery, briefing, and decision shall be limited exclusively to the following issues:

    (a) whether Plaintiffs' Settlement Agreement is a binding agreement; and

    (b) whether New GM has standing to be heard on the issue described in (a) above.

2. **Phase 2 Issues.** The potential Phase 2 Issues may include, without limitation, the

following (collectively, the "Phase 2 Issues"):

 (a) If the Court finds that Plaintiffs' Settlement Agreement is binding, whether the terms of Plaintiffs' Settlement Agreement should be approved under title 11 of the United States Code, 11 U.S.C. §§ 101-1532, and applicable bankruptcy and non-bankruptcy law by this Court (or by the United States District Court for the Southern District of New York);

 (b) If the Court finds that Plaintiffs' Settlement Agreement is not binding, whether the Forbearance Agreement should be approved;

 (c) Whether Plaintiffs or the Participating Unitholders interfered with the GUC Trust's performance of the Sale Agreement;

 (d) Whether New GM interfered with Plaintiffs' Settlement Agreement;

 (e) Whether Wilmington Trust Company ("Wilmington Trust") should be removed as trustee and trust administrator of the GUC Trust; and

 (f) Whether Wilmington Trust breached its fiduciary duties to GUC Trust beneficiaries.

Phase 2 Issues are not being decided at this time. Any and all rights, claims, and defenses with respect to the Phase 2 Issues shall be, and hereby are expressly reserved. The Parties shall meet and confer regarding the discovery, briefing and trial schedule with respect to the applicable Phase 2 Issues once the Phase 1 Issues are resolved by the Court.

 3. **Phase 1 Briefs.** In addition to Plaintiffs' Enforcement Motion, the following briefs shall be filed with respect to the Phase 1 Issues. On or before **November 13, 2017**, the following briefs or joinders shall be filed with the Court: (i) a brief in opposition to New GM's standing with respect to the Phase 1(a) Issue, not to exceed 25 pages, shall be filed jointly by Plaintiffs and the Participating Unitholders; (ii) a brief in support of New GM's standing with respect to the Phase 1(a) Issue, not to exceed 25 pages, shall be filed by New GM (collectively

with the brief described in the foregoing (i) the "**Opening Standing Briefs**"); and (iii) any joinders to Plaintiffs' Enforcement Motion, not to exceed 10 pages. The GUC Trust will not take a position on the Phase 1(b) Issue. On or before **November 28, 2017**, any objections to Plaintiffs' Enforcement Motion, not to exceed 25 pages, or respective joinders thereto, not to exceed 10 pages, shall be filed with the Court. On or before **December 7, 2017**, the following briefs shall be filed with the Court: (i) replies, not to exceed 10 pages, in further support of Plaintiffs' Enforcement Motion (and any respective joinders thereto, not to exceed 5 pages); (ii) responses, not to exceed 15 pages, to the Opening Standing Briefs shall be filed respectively by New GM and jointly by Plaintiffs and the Participating Unitholders. Each of the briefs described in this paragraph shall be limited to the Phase 1 Issues.

4. **Phase 1 Discovery.** The discovery referenced below at 4(a) through 4(g) shall be limited in scope to the Phase 1(a) Issue. New GM is permitted to participate in, and obtain access to all such discovery involving any Party. New GM's participation in such discovery, and in the briefing described in the preceding paragraph, is without prejudice to the position expressed by the Plaintiffs and the Participating Unitholders that New GM lacks standing in connection with the Phase 1(a) Issue.

    a. Requests for production of documents shall be served on or before **October 16, 2017**.

    b. The date range with respect to requests for the production of documents shall be May 1, 2017 through August 17, 2017; document discovery and written discovery concerning the Phase 1 Issues will be limited to Wilmington Trust and outside counsel for Plaintiffs, the GUC Trust, and the Participating Unitholders; subject to the following sentence regarding depositions of Plaintiffs, depositions concerning the Phase I Issue shall be limited to (i) Wilmington Trust, (ii) one Participating Unitholder under Fed. R. Civ. P. 30(b)(6)

4

or otherwise, subject to the right of New GM and the GUC Trust to seek additional discovery from the Participating Unitholders upon leave of Court in accordance with paragraph eight (¶ 8) (and the Participating Unitholders' right to object thereto), and (iii) outside counsel for Plaintiffs, the GUC Trust, and the Participating Unitholders; <u>provided</u>, however that the Parties reserve their rights to object to any of the forgoing depositions; and provided further that with respect to the deposition of the one Participating Unitholder in (ii) above, the objection shall be limited to the identity of the individual whose deposition is noticed and, if a deposition is noticed under Fed. R. Civ. P. 30(b)(6), the proposed topics of examination. If deposition discovery of individual Plaintiffs occurs, there will be no more than three (3) individual Plaintiffs deposed (for a maximum of four (4) hours each), as determined jointly by the GUC Trust and New GM. The parties will meet and confer on whether a stipulation can be reached in lieu of taking the depositions of individual Plaintiffs. If a stipulation in lieu of depositions of the individual Plaintiffs cannot be reached, the Plaintiffs have advised that they will seek reconsideration regarding the taking of individual injury plaintiffs' depositions. New GM (including its outside counsel) shall not be subject to discovery in Phase 1, and any discovery served on New GM to date in connection with the Dispute shall be withdrawn. New GM shall withdraw its requests for the production of documents, interrogatories, and requests for admissions served on Patricia Barker and Yvonne James-Bivens. Further, New GM shall withdraw its current requests for the production of documents served on the Participating Unitholders. Nothing in this Order shall limit or preclude the written discovery served by the GUC Trust on outside counsel for Plaintiffs or New GM's requests for the production of documents served on outside counsel for the Participating

5

Unitholders.

   c. The Parties shall use the format for production of documents, including electronically stored information, set forth in the GM MDL protocol (MDL Order No. 11, MDL Docket No. 295), provided however, that documents shall be produced to the Parties rather than to the MDL 2543 Document Depository.

   d. Document production shall be substantially complete by **October 30, 2017**.

   e. The deadline to identify witnesses who either will be called to testify at trial or will submit a declaration shall be **October 30, 2017.**

   f. Categorical privilege logs shall be served by **November 6, 2017**. The Parties agree that internal communications among counsel representing the same Party and between counsel and their clients need not be logged.[1] Notwithstanding the foregoing sentence, the Parties reserve all rights to challenge the assertion of privilege over internal communications between and among outside counsel and their clients (or any other document or communication over which privilege is asserted).

   g. Depositions shall be completed by **November 20, 2017**. The Parties agree to work together to schedule depositions at a time and place convenient to the witnesses.

5. **Joint Pretrial Conference Order.**  The Parties shall submit to the Court (i) a proposed Joint Pretrial Conference Order, (ii) deposition designations for individual Plaintiffs and (iii) direct testimony of trial witnesses in written narrative form, by **December 5, 2017.**

---

[1] For purposes of this provision, (a) counsel representing Plaintiffs means Brown Rudnick LLP; Stuzman, Bromberg, Esserman & Plifka, P.C.; Hagens Berman Sobol & Shapiro LLP; Lieff Cabraser Heimann & Bernstein LLP; Hilliard Muñoz Gonzales LLP; Hillard & Shadowen LLP; The Law Offices of Thomas J. Henry; Goodwin Proctor LLP; and Andrews Myers, P.C. and (b) counsel representing New GM means Kirkland & Ellis LLP, King & Spalding LLP, and Quinn Emanuel Urquhart & Sullivan LLP.

6

6. **Final Pretrial Conference**. The Final Pretrial Conference will be held on **December 11, 2017 at 10:00 A.M.** in Courtroom 523.

7. **Trial.** The Court shall conduct an evidentiary hearing with respect to the Phase 1 Issue from December 18–20, 2017. Wilmington Trust and New GM will not move to disqualify any law firm on the basis of the Rule 3.7 of the Model Rules of Professional Conduct, the witness advocate rule. Counsel to the Parties will meet and confer in an attempt to resolve any issues in connection with any members or associates of trial counsel's respective firms serving as witnesses and will bring any disputes to the Court for resolution if they cannot agree.

8. **Amendment.** The deadlines set forth in paragraphs 3 and 4 above may be modified by agreement of the Parties without leave of Court. Modifications to any other provision in this Stipulation and Order require leave of Court. The Parties, separately or by agreement, may apply to the Court for modification of any part of the schedule.

|  |  |
|---|---|
| Richard C. Godfrey, P.C.<br>Andrew B. Bloomer, P.C.<br>Leonid Feller, P.C.<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL  60654<br>Tel:  312-862-2482<br><br>Arthur J. Steinberg<br>Scott Davidson<br>KING AND SPALDING LLP<br>1185 Avenue of the Americas<br>New York, New York  10036<br>Tel:  212-556-2158<br><br>By:  *James C. Tecce*<br>Susheel Kirpalani<br>James C. Tecce<br>Julia M. Beskin<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>52 Madison Avenue<br>New York, NY  10010<br>Tel:  212-849-7100<br><br>*Counsel to New GM*<br><br>By:  *Mitchell A. Karlan*<br>Mitchell A. Karlan<br>GIBSON DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY  10166<br>Tel:  212-351-3800<br><br>*Counsel to GUC Trust* | By:  *Edward S. Weisfelner*<br>Edward S. Weisfelner<br>Howard S. Steel<br>BROWN RUDNICK LLP<br>Seven Times Square<br>New York, New York 10036<br>Tel: 212-209-4800<br>eweisfelner@brownrudnick.com<br>hsteel@brownrudnick.com<br><br>By:  *Sander L. Esserman*<br>Sander L. Esserman<br>STUTZMAN, BROMBERG, ESSERMAN &<br>PLIFKA,<br>A PROFESSIONAL CORPORATION<br>2323 Bryan Street, Ste 2200<br>Dallas, Texas 75201<br>Tel: 214-969-4900<br>esserman@sbep-law.com<br><br>*Designated Counsel for the Ignition Switch*<br>*Plaintiffs and Certain Non-Ignition Switch*<br>*Plaintiffs in the Bankruptcy Court*<br><br>By:  *Deborah J. Newman*<br>Daniel H. Golden<br>Deborah J. Newman<br>AKIN GUMP STRAUSS HAUER<br>  & FELD LLP<br>One Bryant Park<br>New York, NY  10036<br>Tel:  212-871-1002<br><br>*Counsel to Participating Unitholders* |

8

By: *Steve W. Berman*
Steve W. Berman (admitted pro hac vice)
HAGENS BERMAN SOBOL & SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Tel: 206-623-7292
steve@hbsslaw.com

By: *Elizabeth J. Cabraser*
Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the MDL Court*

By: *William P. Weintraub*
William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: 212-813-8800
wweintraub@goodwinlaw.com
gfox@goodwinlaw.com

*Counsel to Ignition Switch Pre-Closing Accident Plaintiffs Represented By Hilliard Muñoz Gonzales L.L.P.*

By: *Robert Hilliard*
Robert Hilliard
HILLIARD MUÑOZ GONZALES LLP
719 South Shoreline, Suite 500
Corpus Christi, Texas 78401
Tel: 361-882-1612
bobh@hmglawfirm.com

*Counsel for Certain Ignition Switch Pre-Closing Accident Plaintiffs*

By: *Thomas J. Henry*
Thomas J. Henry, Esq.
THE LAW OFFICES OF THOMAS J. HENRY
4715 Fredricksburg, Suite 507
San Antonio, TX 78229

*Counsel to Certain Pre-Closing Accident Plaintiffs*

By: *Lisa M. Norman*
Lisa M. Norman (admitted *pro hac vice*)
ANDREWS MYERS, P.C.
1885 St. James Place, 15th Floor
Houston, TX 77056
Tel: 713-850-4200

*Counsel to Certain Pre-Closing Accident Plaintiffs*

**IT IS SO ORDERED.**

Dated: October 11, 2017
New York, New York

                                       **/s/ Martin Glenn**
                                       MARTIN GLENN
                              United States Bankruptcy Judge