# Exhibit C

# HMG

### HILLIARD MARTINEZ GONZALES LLP
### TRIAL ATTORNEYS

October 18, 2017

**VIA CM/ECF**

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

      ***Re:***    ***In re General Motors LLC Ignition Switch Litigation****,* 14-MD-2543 (JMF)

Dear Judge Furman:

      Pursuant to the Court's instructions at the October 4, 2017 Status Conference and Order No. 136, Co-Lead Counsel with primary responsibility for the personal injury and wrongful death claims joins in the letter submitted by Co-Lead Counsel Steve Berman and Elizabeth Cabraser and writes separately to update the Court on the impact of the Bankruptcy Court proceedings regarding Plaintiffs' settlement with the GUC Trust (the "GUC Trust Settlement") on the personal injury and wrongful death claims in the MDL.

      The GUC Trust Settlement concerns claims against Old GM for pre-Sale accidents, including certain Pre-Closing Accident Plaintiffs' motions for authority to file late proofs of claim in the Bankruptcy Court against the bankruptcy estate with respect to pre-Sale accidents. Nothing in the GUC Trust Settlement extinguishes any claimant's right to assert claims against New GM,[1] which (at a minimum) Ignition Switch Pre-Sale Accident Plaintiffs may now do under a successor liability theory because they were not given constitutionally sufficient notice at the time of the Sale.[2] The GUC Trust Settlement does not operate as an election of remedies against New GM nor does it represent full satisfaction of any claims aginst Old GM (unless and until such claims are in fact paid in full from every available source).[3]

      Accordingly, the GUC Trust Settlement does not impact claims that may be asserted by pre-Sale personal injury and wrongful death Plaintiffs in the MDL. It does not discharge successor liability claims against New GM for Pre-Sale injuries. Although New GM would likely seek credit for what it pays on the claims of creditors via the accordion, New GM's payment of a greater purchaser price for Old GM's assets does not extinguish pre-Sale claims against New GM under the law of successor liability. In light of the ongoing nature of pre-Sale successor liability claims combined with New GM's obligation to issue the Adjustment Shares

---

[1] *See* Ex. 1, Settlement Agreement §2.12.
[2] *In the Matter of: Motors Liquidation Co.*, 829 F.3d 135, 166 (2d Cir. 2016).
[3] *See* Ex. 1, Settlement Agreement §2.12.

(if the Settlement is approved), New GM should be willing and incentivized to settle the pre-Sale personal injury and wrongful death claims. And we hope, once the parties meet and confer with respect to a plan to wind down the personal injury and wrongful death cases in the MDL,[4] that New GM will be willing to settle these cases either through mediation, intensive settlement protocol, or otherwise.

      The GUC Trust Settlement also has no impact on the post-Sale accident claims. Plaintiffs with post-Sale accident claims may assert claims against New GM under a theory of assumed liability or based on New GM's independent conduct. Plaintiffs asserting post-Sale accident claims are not included in the GUC Trust Settlement, and will not share in the proceeds of the GUC Trust Settlement.[5] Again, our hope is that through the upcoming meet and confer process, the parties will be able to agree on a process by which to resolve these cases.

      Respectfully,

/s/
Robert C. Hilliard
**HILLIARD MUÑOZ GONZALES LLP**
719 S. Shoreline Blvd.
Corpus Christi, TX 78401
Telephone: (361) 882-1612
Facsimile: (361) 882-3015

*Co-Lead Counsel for MDL plaintiffs with primary responsibility for wrongful death and personal injury cases*

---

[4] *See* Oct. 4, 2017 Status Conf. Tr. at 40:3-46:13.
[5] *See* Ex. 1, Settlement Agreement §1.45.