**BROWNRUDNICK**

HOWARD S. STEEL
direct dial: (212) 209-4917
fax: (212) 209-4801
hsteel@brownrudnick.com

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

November 13, 2017

**VIA ECF FILING**

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

RE:   **In re Motors Liquidation Company, et al., Case No. 09-50026 (MG)**

Dear Judge Glenn:

      During the telephonic conference held on November 7, 2017, counsel for Wilmington Trust Company, in its capacity as trustee and administrator for the GUC Trust, advised the Court that the GUC Trust intends to disclose six (6) documents over which it previously asserted privilege.  The GUC Trust's selective disclosure waives any privilege covering both the documents it discloses and any other documents concerning the same subject matter that it continues to withhold on privilege grounds. The GUC Trust cannot pick and choose the privileged documents that it discloses to advance its interests, and hide behind the privilege for other documents and information that concern the same subject matter.  Under the circumstances, this selective disclosure results in a subject matter waiver.

      Rule 502(a) of the Federal Rules of Evidence addresses the subject matter waiver arising from a litigant's partial disclosure of privileged information.[1]  That rule establishes a three-prong test that is satisfied in this instance:

---

[1] The Federal Rules of Evidence govern cases in the Bankruptcy Court.  Fed. R. Bankr. P. 9017 ("The Federal Rules of Evidence and Rule 43, 44 and 44.1 F R. Civ. P. apply in cases under the Code."); Fed. R. Evid. 1101(a) ("These rules apply to proceedings before: . . . United States bankruptcy and magistrate judges . . . ."); *Universal Church v. Geltzer*, 463 F.3d 218, 226 n.4 (2d Cir. 2006) ("The Federal Rules of Evidence apply to bankruptcy proceedings by virtue of Federal Rule of Evidence 1101."); *Drennen v. Certain Underwriters at Lloyd's of London (In re Residential Capital, LLC)*, Case No. 12–12020 , Adv. No. 15–01025, 2017 WL 3027560, at *2 (Bankr. S.D.N.Y. July 14, 2017) ("In cases under the Bankruptcy Code, the Federal Rules of Evidence apply.") (citing *In re Asia Glob. Crossing, Ltd.*, 322 B.R. 247, 254 (Bankr. S.D.N.Y. 2005)).

When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:

(1)   the waiver is intentional;

(2)   the disclosed and undisclosed communications or information concern the same subject matter; and

(3)   they ought in fairness to be considered together.

The purpose of Rule 502(a) is to prevent the very type of cherry-picking that the GUC Trust seeks to employ. Subject matter waiver occurs in situations, like here, "in which the privilege holder seeks to use the disclosed material for advantage in the litigation but to invoke the privilege to deny its adversary access to additional materials that could provide an important context for proper understanding of the privileged materials." 8 Charles Alan Wright, et al., *Fed. Prac. & Proc.* § 2016.2 (3d ed., Apr. 2017 Update); *see also* Advisory Committee notes to Rule 502 (explaining that subject matter waiver occurs in situations in which "a party intentionally puts protected information into the litigation in a selective, misleading and unfair manner"). Moreover, "[g]enerally, in analyzing whether and to what extent waiver may have occurred, the court must review the facts and circumstances of each case." *In re Symbol Techn., Inc. Sec. Litig.*, CV 05-3923, 2016 WL 8377036, at *6 (E.D.N.Y. Sept. 30, 2016).

The GUC Trust bears the burden under Rule 502(a) of showing that a subject matter waiver should not occur. *See In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 533 (S.D.N.Y. 2015); *US Airline Pilots Ass'n. v. Pension Benefit Guar. Corp.*, 274 F.R.D. 28, 31 (D.D.C. 2011). The GUC Trust cannot meet its burden:

*First*, the GUC Trust's proposed disclosure of selected documents is obviously intentional – in fact, the GUC Trust intends to disclose those documents at trial. *See US Airline Pilots Ass'n*, 274 F.R.D. at 31 ("[A] deliberate disclosure constitutes an intentional waiver . . . .").

*Second*, if the GUC Trust discloses selected privileged documents, it must also produce all documents that cover the same subject matter. *See Coleman v. Sterling*, No. 09–CV–1594, 2011 WL 2005227, at *3 (S.D. Cal. May 23, 2011) (requiring defendants to produce unredacted copies of four investigative reports, including three prepared by a law firm, because "the redacted sections concern[ed] the same subject matter – the investigation of Plaintiffs – as the rest of the investigative reports"). Indeed, in view of the fact that the GUC Trust intends to use the cherry-picked documents affirmatively, the scope of the subject matter of the selected documents should be liberally construed. *See* Advisory Committee notes to Rule 502 ("subject matter waiver" is appropriate where "fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary").

*Third*, subject matter waiver is the only equitable result under these circumstances. To deny the Plaintiffs access to the documents that the GUC Trust refuses to disclose would unfairly

advantage the GUC Trust and inequitably prejudice the Plaintiffs. The documents that the GUC Trust intends to disclose and the other documents it continues to withhold concerning the same subject matter "ought in fairness to be considered together." *See* Fed. R. Evid. 502(a)(3).

Disclosure results in a subject matter waiver of undisclosed material "in those 'unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary.'" *In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d at 533 (citation omitted). This occurs where "the privilege holder seeks to use the disclosed material for advantage in the litigation but to invoke the privilege to deny its adversary access to additional materials that could provide an important context for proper understanding of the privileged materials." Charles A. Wright, et al., 8 *Fed. Prac. & Proc.* § 2016.2 (3d ed., Apr. 2017 Update).

In finding that no subject matter waiver had occurred in an unrelated discovery dispute in the MDL, Judge Furman specifically noted that New GM had not selectively disclosed privileged documents to support its position in that instance:

> Applying Rule 502, there is no basis to conclude that New GM waived either attorney-client privilege or the attorney work product doctrine with respect to documents that New GM has withheld—namely, the Interview Materials. Specifically, as New GM has shown, the company has—as of today's date—"neither offensively used the Valukas Report in litigation nor made a selective or misleading presentation that is unfair to adversaries in this litigation, or any other."

*In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d at 534 (citations omitted).

By contrast, here the GUC Trust seeks to use documents both offensively and selectively at trial. It is a classic instance where a litigant unfairly and improperly seeks to use a privilege as a sword and a shield. *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (explaining that "the attorney-client privilege cannot at once be used as a shield and a sword" and finding that "[t]his waiver principle is applicable here for Bilzerian's testimony that he thought his actions were legal would have put his knowledge of the law and the basis for his understanding of what the law required in issue"); *John Wiley & Sons, Inc.*, 17 F. Supp. 3d 400, 406 (S.D.N.Y. 2014) ("[I]nasmuch as Smyres testified about his private conversations with Mooney regarding the course of the counterfeit books, fairness dictates plaintiffs be allowed to question Mooney regarding these communications."); *US Airline Pilots Ass'n*, 274 F.R.D. at 32 (where "PBGC has presented the Hagan investigation to this Court as evidence that PBGC has complied with whatever duty to investigate the Plan's affairs that it may, as trustee of the Plan, now have," "it may not now use the work-product privilege to 'deny its adversary access to additional materials that could provide an important context for proper understanding of' the Report'") (citation omitted).

In sum, the GUC Trust seeks permission to do exactly what Rule 502(a) prohibits: use the privileged documents that support its case, but continue to withhold the ones that do not. Allowing the GUC Trust to proceed in this manner will unfairly prejudice the Plaintiffs. Because the three requirements under Federal Rule of Evidence 502(a) are satisfied, we respectfully request that the



Honorable Martin Glenn
November 13, 2017
Page 4

Court find that the GUC Trust's selective disclosure results in a subject matter waiver of any applicable privilege.

          Respectfully submitted,

          */s/* Howard S. Steel
          Edward S. Weisfelner
          Howard S. Steel
          BROWN RUDNICK LLP
          Seven Times Square
          New York, New York 10036
          Tel: 212-209-4800
          eweisfelner@brownrudnick.com
          hsteel@brownrudnick.com

          Sander L. Esserman
          STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
          A PROFESSIONAL CORPORATION
          2323 Bryan Street, Ste 2200
          Dallas, Texas 75201
          Tel: 214-969-4900
          esserman@sbep-law.com

          *Designated Counsel for the Ignition Switch*
          *Plaintiffs and Certain Non-Ignition Switch*
          *Plaintiffs in the Bankruptcy Court*

          Steve W. Berman (admitted pro hac vice)
          HAGENS BERMAN SOBOL SHAPIRO LLP
          1918 Eighth Avenue, Suite 3300
          Seattle, Washington 98101
          Tel: 206-623-7292
          steve@hbsslaw.com

          Elizabeth J. Cabraser
          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
          275 Battery Street, 29th Floor
          San Francisco, California 94111
          Tel: 414-956-1000
          ecabraser@lchb.com

          *Co-Lead Counsel for the Ignition Switch*
          *Plaintiffs and Certain Non-Ignition Switch*
          *Plaintiffs in the MDL Court*

cc:    Counsel of Record via CM/ECF