# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                   :

In re:                                        :          Chapter 11

MOTORS LIQUIDATION COMPANY, et al.,  :          Case No.: 09-50026 (MG)

        f/k/a General Motors Corp., et al.,  :

                                                   :

                       Debtors.          :          (Jointly Administered)
------------------------------------------------------------X

## CLAIMS ESTIMATE ORDER

Upon the motion (the "**Motion**")[1] of the Signatory Plaintiffs and the GUC Trust pursuant to Bankruptcy Code Section 502(c) and Bankruptcy Rule 9019 for entry of an order estimating the aggregate Allowed General Unsecured Claims for purposes of issuance of the Adjustment Shares by New GM under Section 3.2(c) of the AMSPA and the Side Letter; and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be given; and the Court having found and determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED as provided herein.

2.    Any and all objections to the Motion that have not been withdrawn, resolved, waived or settled as reflected on the record of the hearing are overruled on the merits.

3.    The Pre-Closing Accident Plaintiffs' claims shall be estimated solely for the purposes of estimating the aggregate Allowed General Unsecured Claims in this Order. If further adjudication of their personal injury and wrongful death claims are necessary notwithstanding entry of this Order, the Pre-Closing Accident Plaintiffs' rights under Section

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

157(b)(5) of Title 28 to have their claims tried in the district court in which Old GM's

bankruptcy case is pending, or in the district court in which the claim arose, as determined by the

district court in which Old GM's bankruptcy case is pending, are expressly reserved.

4.      The aggregate Allowed General Unsecured Claims, including the allowed amount

of Plaintiffs' claims, are hereby estimated for purposes of the issuance of the Adjustment Shares

in an amount that is no less than $42 billion.[2]

5.      Within five (5) business days of entry of this Order, New GM shall issue 30 million

shares of New GM common stock (the "**Adjustment Shares**") or the value of the Adjustment

Shares, to an account designated by the Signatory Plaintiffs (the "**Settlement Fund**").

6.      Nothing in this Order is intended to waive any claims against New GM or to be an

election of remedies against New GM; nor does this Order or any payments made in connection

with this Order represent full satisfaction of any claims against Old GM, unless and until such

claims are in fact paid in full from every available source; provided, however, that in no event

shall any Plaintiff be permitted to seek any further payment or compensation from the GUC

Trust in respect of their claims or otherwise, other than the Settlement Amount and the

Adjustment Shares.  Except as mandated otherwise under applicable law, nothing in this Order

shall waive any claims that any Plaintiff may have against New GM or constitute an election of

remedies by any Plaintiff, and the Adjustment Shares (and any distribution thereof to any

Plaintiff) shall not represent full and final satisfaction of any claim that any Plaintiff may have

against New GM, all of which are expressly reserved.  The estimate of the aggregate Allowed

---

[2]     Notwithstanding anything to the contrary set forth herein, the estimation of the aggregate Allowed General Unsecured Claims is solely for the purposes of issuance of the Adjustment Shares, and shall not, among other things, constitute an estimation of any claims or potential claims of the defendants in the Term Loan Avoidance Action.

General Unsecured Claims herein shall not operate as a cap on any of the claims of any of the Plaintiffs against New GM.

7.    Provided that the Settlement Order has been entered and is a Final Order (or the GUC Trust has waived the requirement that the Settlement Order be a Final Order) (i) the Adjustment Shares, or the value thereof, shall be reserved for the exclusive benefit of the Plaintiffs, subject only to costs associated with the administration of the Settlement Fund, and (ii) the GUC Trust, holders of beneficial units of the GUC Trust, holders of Allowed General Unsecured Claims other than Plaintiffs, and the defendants in the Term Loan Avoidance Action, and all of their subsidiaries and affiliates, and all of their respective past, present and future agents, attorneys, employees, officers, directors, shareholders, successors, assigns, members, or representatives (in their capacity as such), shall have no rights or entitlements with respect to the Settlement Fund and are deemed to completely and irrevocably release and waive any and all rights or interests they may now have, ever had, or may in the future have with respect to the Settlement Fund.

8.    As provided under Sections 2.9(b), 2.9(c), and 2.11 of the Settlement Agreement, the Signatory Plaintiffs are specifically authorized and directed to establish an allocation methodology for the Settlement Fund and proposed criteria for determining the right or ability of each Plaintiff to receive a distribution from the Settlement Fund.  Notice of any agreement as to the proposed allocation of Adjustment Shares (or their value) and proposed criteria for eligibility, along with information about the hearing date and how and when to assert any objections, shall be provided via a settlement website to all known Plaintiffs whose rights might be affected by such allocation and such Plaintiffs shall have an opportunity to object at a hearing to be held before the appropriate court.  Being defined as a Plaintiff does not assure any party that he, she,

or it will receive a distribution from the Settlement Amount, the Adjustment Shares (or their value), or any other consideration contained in the Settlement Fund.

9.     The Signatory Plaintiffs are specifically authorized and directed to administer, allocate and distribute the proceeds of the Settlement Fund to Plaintiffs.  Proceeds from the Settlement Fund may be used to cover the costs associated with administration and distribution of the Settlement Fund.  The GUC Trust shall have no obligations associated with the funding (other than the payment of the Settlement Amount), administration, allocation and distribution of the Settlement Fund.

10.     Notwithstanding the possible applicability of Bankruptcy Rule 7062, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.


Dated: _____, 2017
        New York, New York


                                          _____
                                          THE HONORABLE MARTIN GLENN
                                          UNITED STATES BANKRUPTCY COURT


4