# EXHIBIT C

Message

| | |
|---|---|
| **From**: | Martorana, Keith R. [KMartorana@gibsondunn.com] |
| **Sent**: | 8/12/2017 5:40:32 PM |
| **To**: | Steel, Howard S. [HSteel@brownrudnick.com]; 'Weintraub, William P' [WWeintraub@goodwinlaw.com]; Forster, Jill L. [JForster@brownrudnick.com]; Golden, Daniel [/O=AKINGUMP/OU=NY/cn=Recipients/cn=dgolden]; Newman, Deborah [/O=AKINGUMP/OU=AKINGUMP/cn=Recipients/cn=dnewman]; Moss, Naomi [/O=AKINGUMP/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Moss, Naomi937]; Williams, Matt J. [MJWilliams@gibsondunn.com]; Gillett, Gabriel K. [GGillett@gibsondunn.com]; Chorba, Christopher [CChorba@gibsondunn.com]; Fox, Gregory W. [GFox@goodwinlaw.com]; Bob Hilliard [bobh@hmglawfirm.com]; Steve Shadowen [steve@hilliardshadowenlaw.com]; Thomas J. Henry [tjh@tjhlaw.com]; Michael E. Henry [mehenry@thomasjhenrylaw.com]; Lnorman@andrewsmyers.com; kelly@hmglawfirm.com |
| **CC**: | Weisfelner, Ed (External) [/O=AKINGUMP/OU=AKINGUMP/cn=Recipients/cn=EdWeisfelner]; Steve Berman [Steve@hbsslaw.com]; Chris O'Hara (ChrisO@hbsslaw.com) [ChrisO@hbsslaw.com]; Elizabeth Cabraser (ecabraser@lchb.com) [ecabraser@lchb.com]; Geman, Rachel (External) [/O=AKINGUMP/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Rgeman.lchb.com]; esserman@sbep-law.com |
| **Subject**: | RE: Motors - GUC Settlement (FRE 408) |
| **Attachments**: | 102348354_1 _GM - DTC Notice to Unitholders re_ Settlement Motion.DOCX; GUC Trust - Andrews Declaration for Settlement (8.8).docx |

SUBJECT TO FRE 408

From the GUC Trust perspective, all of the documents sent over by Howie (subject to one item we are discussing with Akin in the Settlement Agreement) are fine. In addition, please find (i) the DTC Notice that would be attached as an exhibit to the Notice Motion, and (ii) the Beth Andrews Declaration in support of the Settlement Motion.

Please let us know if you have any questions regarding the attached.

**Keith Martorana**
Of Counsel

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3991 • Fax +1 212.351.6391
KMartorana@gibsondunn.com • www.gibsondunn.com

**From:** Steel, Howard S. [mailto:HSteel@brownrudnick.com]
**Sent:** Friday, August 11, 2017 3:09 PM
**To:** Martorana, Keith R. <KMartorana@gibsondunn.com>; 'Weintraub, William P' <WWeintraub@goodwinlaw.com>;
Forster, Jill L. <JForster@brownrudnick.com>; Daniel H. Golden - Akin Gump Strauss Hauer & Feld LLP

CONFIDENTIAL

(dgolden@akingump.com) <dgolden@akingump.com>; dnewman@akingump.com; Moss, Naomi
<nmoss@akingump.com>; Williams, Matt J. <MJWilliams@gibsondunn.com>; Gillett, Gabriel K.
<GGillett@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Fox, Gregory W.
<GFox@goodwinlaw.com>; Bob Hilliard <bobh@hmglawfirm.com>; Steve Shadowen
<steve@hilliardshadowenlaw.com>; Thomas J. Henry <tjh@tjhlaw.com>; Michael E. Henry
<mehenry@thomasjhenrylaw.com>; Lnorman@andrewsmyers.com; kelly@hmglawfirm.com
**Cc:** Weisfelner, Edward S. <EWeisfelner@brownrudnick.com>; Steve Berman <Steve@hbsslaw.com>; Chris O'Hara
(ChrisO@hbsslaw.com) <ChrisO@hbsslaw.com>; Elizabeth Cabraser (ecabraser@lchb.com) <ecabraser@lchb.com>;
Geman, Rachel <rgeman@lchb.com>; esserman@sbep-law.com
**Subject:** RE: Motors - GUC Settlement (FRE 408)

**SUBJECT TO FRE 408**

Updated docs per today's all-hands.  Hoping these are final and we can schedule signatures.  Please let us know if we
missed anything.  Thanks and have a nice weekend.

1.    Settlement Agreement and Redline

2.    Settlement Order

3.    Claims Estimate Order and redline

4.    9019 Motion and redline

5.    Berman/Cabraser Declaration

6.    Notice Motion and redline

7.    Long Form Notice

8.    Short Form Notice

9.    Cam Azari Declaration

CONFIDENTIAL                                                                                                                    AG0006674

Howard S. Steel

Brown Rudnick LLP

Seven Times Square

New York, New York 10036

212.209.4917 (direct)

732.757.1898 (cell)

212.938.2806 (direct fax)

hsteel@brownrudnick.com

**From:** Martorana, Keith R. [mailto:KMartorana@gibsondunn.com]
**Sent:** Tuesday, August 08, 2017 8:52 PM
**To:** Steel, Howard S.; 'Weintraub, William P'; Forster, Jill L.; Daniel H. Golden - Akin Gump Strauss Hauer & Feld LLP (dgolden@akingump.com); dnewman@akingump.com; Moss, Naomi; Williams, Matt J.; Gillett, Gabriel K.; Chorba, Christopher; Fox, Gregory W.; Bob Hilliard; Steve Shadowen; Thomas J. Henry
**Cc:** Weisfelner, Edward S.; Steve Berman; Chris O'Hara (ChrisO@hbsslaw.com); Elizabeth Cabraser (ecabraser@lchb.com); Geman, Rachel; esserman@sbep-law.com
**Subject:** RE: Motors - GUC Settlement (FRE 408)

**External E-mail. Use caution accessing links or attachments.**

---

**SUBJECT TO FRE 408**

All – attached please find combined GDC/AG comments to the following:

1.  Settlement Agreement

2.  Settlement Order

3.  Claims Estimate Order

CONFIDENTIAL

4.  9019 Motion

5.  Notice Motion

6.  Long Form Notice

7.  Cam Azari Declaration

We had no comments to the short form notice or Berman / Cabraser / Hilliard Declaration (the most recent versions have been reattached for the sake of completeness). Please note that we have been engaged in discussions with Lisa Norman who is counsel to the "Additional Ignition Switch Pre-Closing Accident Plaintiffs," and we understand that they are amenable to becoming signatories to the Settlement Agreement. Accordingly, the attached Settlement Agreement includes her firm as a PIWD Counsel. In addition, we understand from Akin that BR will be providing the back-up for the new cost of the Noticing Plan – please provide this document when possible.

Please note that the attached remains subject to the ongoing review and comment of our clients. Please let us know if you would like to discuss the attached.

**Keith Martorana**
Of Counsel

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3991 ∘ Fax +1 212.351.6391
KMartorana@gibsondunn.com ∘ www.gibsondunn.com

**From:** Steel, Howard S. [mailto:HSteel@brownrudnick.com]
**Sent:** Monday, August 7, 2017 12:58 PM
**To:** Martorana, Keith R. <KMartorana@gibsondunn.com>; 'Weintraub, William P'
<WWeintraub@goodwinlaw.com>; Forster, Jill L. <JForster@brownrudnick.com>; Daniel H. Golden - Akin Gump
Strauss Hauer & Feld LLP (dgolden@akingump.com) <dgolden@akingump.com>; dnewman@akingump.com;
Moss, Naomi <nmoss@akingump.com>; Williams, Matt J. <MJWilliams@gibsondunn.com>; Gillett, Gabriel K.
<GGillett@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Fox, Gregory W.
<GFox@goodwinlaw.com>; Bob Hilliard <bobh@hmglawfirm.com>; Steve Shadowen
<steve@hilliardshadowenlaw.com>; Thomas J. Henry <tjh@tjhlaw.com>
**Cc:** Weisfelner, Edward S. <EWeisfelner@brownrudnick.com>; Steve Berman <Steve@hbsslaw.com>; Chris
O'Hara (ChrisO@hbsslaw.com) <ChrisO@hbsslaw.com>; Elizabeth Cabraser (ecabraser@lchb.com)

<ecabraser@lchb.com>; Geman, Rachel <rgeman@lchb.com>; esserman@sbep-law.com

**Subject:** RE: Motors - GUC Settlement (FRE 408)

**SUBJECT TO FRE 408**

All - attached please find combined EL and PI comments to all docs.

Index:

1. Settlement Agreement

2. Settlement Order

3. Claims Estimate Order

4. 9019 Motion

5. Notice Motion

6. Short Form Notice

7. Long Form Notice

8. Berman / Cabraser / Hilliard Declaration

9. Cam Azari Declaration

Please let us know where we are final, and any comments / anything you would like to discuss.  Thanks.

Howard S. Steel

Brown Rudnick LLP

Seven Times Square

New York, New York 10036

CONFIDENTIAL

AG0006677

212.209.4917 (direct)

732.757.1898 (cell)

212.938.2806 (direct fax)

hsteel@brownrudnick.com

**From:** Martorana, Keith R. [mailto:KMartorana@gibsondunn.com]
**Sent:** Thursday, August 03, 2017 3:22 PM
**To:** Steel, Howard S.; 'Weintraub, William P'; Forster, Jill L.; Daniel H. Golden - Akin Gump Strauss Hauer & Feld LLP (dgolden@akingump.com); dnewman@akingump.com; Moss, Naomi; Williams, Matt J.; Gillett, Gabriel K.; Chorba, Christopher; Fox, Gregory W.; Bob Hilliard; Steve Shadowen; Thomas J. Henry
**Cc:** Weisfelner, Edward S.; Steve Berman; Chris O'Hara (ChrisO@hbsslaw.com); Elizabeth Cabraser (ecabraser@lchb.com); Geman, Rachel; esserman@sbep-law.com
**Subject:** RE: Motors - GUC Settlement (FRE 408)

**External E-mail. Use caution accessing links or attachments.**

---

SUBJECT TO FRE 408

All – attached please find the following, each of which remains subject to the ongoing review and comment of our clients:

- A revised settlement agreement (new version incorporates the comments of GP and minor clean-ups);

- A revised settlement order (minor clean-ups);

- A revised claims estimate order (minor clean-ups);

- A revised long-form notice (slight changes);

- A revised short-form notice (slight changes);

- A revised Settlement Motion.

CONFIDENTIAL

I believe that is all of the documents that GDC/AG held the pen on.  I believe we are awaiting a return draft of the notice motion/order from you.  Please let us know if you would like to discuss any of the attached.

**Keith Martorana**
Of Counsel

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3991 ◦ Fax +1 212.351.6391
KMartorana@gibsondunn.com ◦ www.gibsondunn.com

**From:** Steel, Howard S. [mailto:HSteel@brownrudnick.com]
**Sent:** Thursday, August 3, 2017 10:35 AM
**To:** 'Weintraub, William P' <WWeintraub@goodwinlaw.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>; Forster, Jill L. <JForster@brownrudnick.com>; Daniel H. Golden - Akin Gump Strauss Hauer & Feld LLP (dgolden@akingump.com) <dgolden@akingump.com>; dnewman@akingump.com; Moss, Naomi <nmoss@akingump.com>; Williams, Matt J. <MJWilliams@gibsondunn.com>; Gillett, Gabriel K. <GGillett@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Fox, Gregory W. <GFox@goodwinlaw.com>; Bob Hilliard <bobh@hmglawfirm.com>; Steve Shadowen <steve@hilliardshadowenlaw.com>; Thomas J. Henry <tjh@tjhlaw.com>
**Cc:** Weisfelner, Edward S. <EWeisfelner@brownrudnick.com>; Steve Berman <Steve@hbsslaw.com>; Chris O'Hara (ChrisO@hbsslaw.com) <ChrisO@hbsslaw.com>; Elizabeth Cabraser (ecabraser@lchb.com) <ecabraser@lchb.com>; Geman, Rachel <rgeman@lchb.com>; esserman@sbep-law.com
**Subject:** RE: Motors - GUC Settlement (FRE 408)

Please see attached updated notices (incorporating EL and PI comments) - cleans and blacklines from last GD / Akin circulation.

Happy to organize a page turn this afternoon or please send final comments / sign-off.

Leaving settlement agreement revisions per Bill's comments to GD.  Thanks.

AG0006679

Howard S. Steel

Brown Rudnick LLP

Seven Times Square

New York, New York 10036

212.209.4917 (direct)

732.757.1898 (cell)

212.938.2806 (direct fax)

hsteel@brownrudnick.com

**From:** Weintraub, William P [mailto:WWeintraub@goodwinlaw.com]
**Sent:** Thursday, August 03, 2017 8:07 AM
**To:** Martorana, Keith R.; Steel, Howard S.; Forster, Jill L.; Daniel H. Golden - Akin Gump Strauss Hauer & Feld LLP (dgolden@akingump.com); dnewman@akingump.com; Moss, Naomi; Williams, Matt J.; Gillett, Gabriel K.; Chorba, Christopher; Fox, Gregory W.; Bob Hilliard; Steve Shadowen; Thomas J. Henry
**Cc:** Weisfelner, Edward S.
**Subject:** RE: Motors - GUC Settlement (FRE 408)

**External E-mail. Use caution accessing links or attachments.**

---

FRE 408:

Whoops.  Items 3 and 4 resolve the EL / PIWD open issues with each other.  Bill

**From:** Weintraub, William P
**Sent:** Thursday, August 03, 2017 7:54 AM
**To:** 'Martorana, Keith R.'; Steel, Howard S.; Forster, Jill L.; Daniel H. Golden - Akin Gump Strauss

AG0006680

Hauer & Feld LLP (dgolden@akingump.com); dnewman@akingump.com; Moss, Naomi; Williams, Matt J.; Gillett, Gabriel K.; Chorba, Christopher; Fox, Gregory W.; Bob Hilliard; Steve Shadowen; Thomas J. Henry

**Cc:** Weisfelner, Edward S.

**Subject:** RE: Motors - GUC Settlement (FRE 408)

**FRE 408**

Hello All:

For the sake of good order, I want to repeat here the edits the PIWD Plaintiffs want made to the Settlement Agreement and the two forms of Notice (short and long).  Items 2 and 3 under the heading "Settlement Agreement" resolve the gating issue between EL and PIWD and enables us to move ahead.  EL has seen the language and it my understanding they have approved it.

**Settlement Agreement:**

1.    Section 1.43.  Please add the words "those certain" to the definition **PIWD Plaintiffs** means <u>those certain</u> Ignition Switch Pre-Closing Accident Plaintiffs represented by PIWD Counsel.  [This was done yesterday.]

2.    Section 2.8.  in the first sentence please add the underscored language as follows: "Notwithstanding Sections 157(b)(2)(B) and (b)(2)(O) of Title 28, in connection with the Settlement Motion, <u>to the extent (if any)consent is required,</u> the Pre-Closing Accident Plaintiffs represented by PIWD Counsel consent to the Bankruptcy Court....."

3.    Section 2.9(b).  Add a new first sentence as follows: "Allocation of the Settlement Amount, the Adjustment Shares (or their value), and any other consideration contained in the Settlement Fund between the Plaintiffs asserting economic loss claims and the Plaintiffs asserting PIWD claims shall be determined and approved in the first instance by District Judge Furman or Magistrate Cote, as applicable."

4.    Section 2.9(c).  Add a new first sentence as follows: "Approval of the qualifications and criteria for Plaintiffs to be eligible to receive distributions from the Settlement Amount, the Adjustment Shares (or their value), and any other consideration contained in the Settlement Fund shall be done by the Bankruptcy Court in the first instance."

CONFIDENTIAL

5.   Section 2.9(c).  Add new last sentence as follows: "Being defined as a Plaintiff does not assure any party that he, she, or it will receive a distribution from the Settlement Amount, the Adjustment Shares (or their value), or any other consideration contained in the Settlement Fund."

**Forms of Notice:**

1.   Please add to both the long and short form notices the following:  "Being defined as an Affected Party does not assure you will receive a distribution from the Settlement Amount, the Adjustment Shares (or their value), or any other consideration contained in the Settlement Fund.  Eligibility and criteria for payment will be approved by the Bankruptcy Court at a later date and will be subject to notice and an opportunity to object."

2.   Please be specific in the forms of Notice that the releases and waivers that are contemplated under the Settlement Agreement to go into effect upon entry of the Settlement Order, and the channeling of claims to the Settlement Fund and to any other settlement consideration that will be done as contemplated by the Waiver Provision, will be solely the function of entry of the Settlement Order.  **[We have shared a mark-up of the  Notices with Brown Rudnick in this regard.  It is our understanding that Brown Rudnick is drafting revisions to the Notices that will be circulated shortly.]**

We are ready to move ahead, subject to acceptance of these points and our review of any additional changes to the documents.

Bill

William P Weintraub

 **GOODWIN**

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o   +1 212 813 8839
m  +1 917 861 7200
f   +1 212 419 0964
WWeintraub@goodwinlaw.com | goodwinlaw.com

CONFIDENTIAL                                                                                    AG0006682

\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIAL

ATTACHMENT 1

**ALL DEPOSITORIES, NOMINEES, BROKERS AND OTHERS:
PLEASE FACILITATE THE TRANSMISSION OF THIS NOTICE
TO ALL BENEFICIAL OWNERS.**

**NOTICE
TO HOLDERS OF**

**MOTORS LIQUIDATION COMPANY
GUC TRUST UNITS (CUSIP NO. 62010U101)[i]**

**August ___, 2017**

Reference is made to (i) the Second Amended Joint Chapter 11 Plan dated as of March 18, 2011 of Motors Liquidation Company and certain of its affiliates, which was confirmed by an order of the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered on March 29, 2011 (as so confirmed, the "Plan") and which became effective on March 31, 2011, and (ii) the Second Amended and Restated Motors Liquidation Company GUC Trust Agreement dated as of July 30, 2015 (the "GUC Trust Agreement").[2] The above-described units representing contingent beneficial interests in the GUC Trust (the "Trust Units") were issued pursuant to the terms of the Plan and the GUC Trust Agreement.  Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan.

The Plan provides for the establishment of the Motors Liquidation Company GUC Trust (the "GUC Trust") to implement the Plan, including by distributing GUC Trust Distributable Assets (as defined in the GUC Trust Agreement) and resolving outstanding Disputed General Unsecured Claims.

As previously disclosed in the GUC Trust's public reports filed with the U.S. Securities and Exchange Commission, the GUC Trust is involved in litigations (collectively, the "Recall Litigation") concerning purported economic losses, personal injuries and/or death suffered by certain lessees and owners of vehicles (persons who have suffered such losses or injuries, regardless of whether they are currently involved in the Recall Litigation, "Potential Plaintiffs") manufactured by General Motors Corporation prior to its sale of substantially all of its assets to NGMCO, Inc., n/k/a General Motors LLC ("New GM") on July 10, 2009.  Certain of the Potential Plaintiffs have filed lawsuits against New GM, filed motions seeking authority from the Bankruptcy Court to file claims against the GUC Trust, or are members of a putative class covered by those actions.

---

[i]   The CUSIP number appearing herein has been included solely for the convenience of the holders of the Trust Units.  Wilmington Trust Company assumes no responsibility for the selection or use of such number and makes no representations as to the correctness of the CUSIP number appearing herein.

[2]   Information on the bankruptcy proceedings, including a copy of the Plan, can be found at: http://www.motorsliquidationdocket.com/.   Information can also be found on the website maintained by the trust administrator and trustee of the Motors Liquidation Company GUC Trust at https://www.mlcguctrust.com/.

CONFIDENTIAL

AG0006684

On August ____, 2017 the GUC Trust announced that it had reached an agreement (the "Proposed Agreement") with certain of the Potential Plaintiffs (the "Signatory Plaintiffs") which, if approved by the Bankruptcy Court, would result in a waiver and release of all claims that are held, or could be held, by all Potential Plaintiffs against the GUC Trust in exchange for (i) a payment by the GUC Trust of $15 million to a settlement fund to be established by the Signatory Plaintiffs (the "Settlement Fund"), and (ii) an agreement by the GUC Trust to support entry of an order estimating the total claims of the Potential Plaintiffs in an amount that, when combined with all other general unsecured claims that were previously allowed against the GUC Trust, would equal or exceed $42 billion.

Wilmington Trust Company, as trust administrator and trustee of the GUC Trust (in such capacity, the "GUC Trust Administrator"), hereby informs you that, on August ___, 2017, the GUC Trust filed a joint motion (the "Motion") with the Bankruptcy Court seeking, among other things, approval of the Proposed Agreement and authority to pay $15 million to the Settlement Fund. A copy of the Motion is available on the website maintained by the GUC Trust: [ HYPERLINK "http://www.mlcguctrust.com" ].

**The Motion is currently scheduled to be heard by the Bankruptcy Court on _____, 2017 at _____ _.m. (Eastern)**, with an objection deadline of _____, 2017 at _____ _.m. **(Eastern).**[3]

Wilmington Trust Company has prepared this communication in its capacity as GUC Trust Administrator, based upon information supplied to it without independent investigation. You should not rely on Wilmington Trust Company as your sole source of information. Wilmington Trust Company makes no recommendations and gives no investment or legal advice herein, and holders of Trust Units are urged to consult with their own advisors concerning the Trust Units, the Plan and the Motion.

Should any holder of Trust Units have any questions regarding this notice, please contact Wilmington Trust Company as follows:

> Wilmington Trust Company
> Rodney Square North
> 1110 North Market Street
> Wilmington, Delaware, 19890-1615
> Phone No.: (866) 521-0079
> Fax No.: (302) 636-4140

---

[3] Please note the times and dates set forth herein are subject to change without further notice.

CONFIDENTIAL
AG0006685

Wilmington Trust Company may conclude that a specific response to particular inquiries from individual holders of Trust Units is not consistent with its duties to provide equal and full dissemination to all holders of Trust Units.

Very Truly Yours,

Wilmington Trust Company,
solely in its capacity as GUC Trust Administrator

CONFIDENTIAL

AG0006686

# ATTACHMENT 2

DRAFT // PRIVILEGED AND CONFIDENTIAL // ATTORNEY WORK PRODUCT

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | 09-50026 (MG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

---------------------------------------------------------------x

## DECLARATION OF BETH ANDREWS IN SUPPORT OF THE
## JOINT MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363, 502(C) AND 1142 AND  BANKRUPTCY RULES 3020 AND 9019 TO APPROVE THE SETTLEMENT AGREEMENT BY AND AMONG THE SIGNATORY PLAINTIFFS AND THE GUC TRUST, AND TO ESTIMATE THE PLAINTIFFS' AGGREGATE ALLOWED GENERAL UNSECURED CLAIMS AGAINST THE DEBTORS

I, Beth Andrews, declare:

1.      I am a Vice President of Wilmington Trust Company ("**WTC**"), located at

Rodney Square North, 1110 North Market Street, Wilmington, Delaware, 19890-1615, and am

duly authorized to submit this declaration (the "**Declaration**") on behalf of WTC in its capacity

as trustee for and administrator of the Motors Liquidation Company GUC Trust (the "**GUC**

**Trust**").[1]

2.      I submit this Declaration in support of the *Joint Motion Pursuant To Bankruptcy*

*Code Sections 105, 363, 502(C) And 1142 And Bankruptcy Rules 3020 And 9019 To Approve*

*The Settlement Agreement By And Among The Signatory Plaintiffs And The GUC Trust, And To*

*Estimate The Plaintiffs' Aggregate Allowed General Unsecured Claims Against The Debtors* (the

"**Settlement Motion**"), dated August [__], 2017, filed concurrently with this declaration.

---

[1]     Unless otherwise defined in this declaration, capitalized terms shall have the meanings noted in the Second Amended and Restated Motors Liquidation Company GUC Trust Agreement, dated as of July 30, 2015 (the "**GUC Trust Agreement**") [ECF No. 13332].

CONFIDENTIAL                                                                                                    AG0006687

3.    Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

### Background

4.    I am a Vice President of WTC with over 5 years of experience in its financial services group, including in *In re General Motors Corporation.*

5.    WTC's initial role in the Old GM bankruptcy was serving as the successor Indenture Trustee for approximately $23 billion in U.S. dollar denominated unsecured notes, bonds and debentures issued by Motors Liquidation Company, formerly known as General Motors Corporation.  During the bankruptcy, WTC served as chair of the Official Committee of Unsecured Creditors of Motors Liquidation Company.

6.    I currently serve as the lead representative of WTC in its capacity as trustee for and administrator of the GUC Trust.

### The GUC Trust's Creation and Current State

7.    The GUC Trust was formed to implement the Plan.  The GUC Trust is a liquidating trust with the primary purpose of resolving disputed claims and distributing GUC Trust Assets and GUC Trust Units to the GUC Trust's defined beneficiaries (**"GUC Trust Beneficiaries," or "Beneficiaries"**).  GUC Trust Beneficiaries include holders of Allowed General Unsecured Claims as of March 31, 2011, holders of disputed claims as of March 31, 2011 that were later allowed, and holders of freely transferable Units in the GUC Trust.

8.    The GUC Trust operates for the benefit of GUC Trust Beneficiaries and has a fiduciary duty to maximize the recoveries of the GUC Trust Beneficiaries.  Under the GUC Trust Agreement, which governs the Trust, the GUC Trust Administrator shall deliver distributions to unitholders "as promptly as practicable," and "not unduly prolong the existence of the GUC Trust."

[ PAGE  \* MERGEFORMAT ]

CONFIDENTIAL
AG0006688

9.    Under the GUC Trust Agreement, the GUC Trust "shall have the authority to compromise, settle, otherwise resolve or withdraw any objections to Disputed General Unsecured Claims." Dkt. 13332 § 5.1(d). If the amount to be Allowed exceeds $10 million, then the GUC Trust Monitor must review and approve "[a]ny decision to settle or otherwise resolve any objections to Disputed General Unsecured Claims against the Debtors." *Id.* § 11.3(a)(i).

10.    To date, creditors have filed [$31.854] billion in general unsecured claims that have been Allowed.

11.    As of November 2016, the GUC Trust had distributed approximately 94% of its initial assets in the form of New GM stock, warrants, and cash, to holders of allowed claims and to holders of Units.

### New GM's Recalls and Resulting Litigation

12.    In 2014, New GM recalled more than 30 million vehicles, including millions of vehicles due to a defective ignition switch as part of NHTSA Recall Number 14V-047 (the "**Ignition Switch Defect**"), millions of vehicles due to other defects related to the ignition switch, and millions of vehicles due to defective side airbags, power steering, and other defects.

13.    Hundreds of plaintiffs responded to the revelations by filing individual and putative class actions against New GM seeking damages, under various theories, for alleged economic loss, personal injury, and wrongful death. After filing motions to enforce the Sale Order's injunction, New GM suggested that plaintiffs look to the GUC Trust for recovery insofar as such claims allegedly constituted general unsecured claims.

14.    On a stipulated record related to the Ignition Switch Defects, the Bankruptcy Court found, *inter alia*, that Old GM knew or should have known about the Ignition Switch

[ PAGE   \* MERGEFORMAT ]

CONFIDENTIAL
AG0006689

Defect and therefore gave inadequate notice to plaintiffs, but that any claims against the GUC

Trust were nonetheless barred by the doctrine of equitable mootness.

15.     On appeal, the Second Circuit affirmed in part, reversed in part, and vacated in

part. Most relevant for purposes of the joint motion, the Second Circuit held that plaintiffs had

suffered a due process violation and thus were free from the Sale Order's injunction, and that the

issue of equitable mootness was not ripe because no plaintiff had sought permission to file late

claims.

### The Late Claims Motions

16.     Upon remand, the parties began addressing whether plaintiffs could satisfy the

requirements for authorization to file late proofs of claim against the GUC Trust, and whether

such claims are equitably moot.

17.     On December 22, 2016, Designated Counsel for certain Ignition Switch Pre-

Closing Accident Plaintiffs filed a motion for authority to file late proofs of claim on behalf of

175 plaintiffs alleging personal injury and wrongful death claims arising from the Ignition

Switch Defect. Separately, Designated Counsel for the Ignition Switch Plaintiffs and certain

Non-Ignition Switch Plaintiffs filed a motion for authority to file one late putative class proof of

claim for economic losses on behalf of Ignition Switch Plaintiffs, and another for economic

losses on behalf of Non-Ignition Switch Plaintiffs.

18.     On January 4, 2017 counsel for the *Groman* Plaintiffs and counsel for the Peller

Plaintiffs filed a joinder to the late claims motions filed by Designated Counsel. On July 28,

2017 counsel for Additional Ignition Switch Pre-Closing Accident Plaintiffs filed a motion for

authority to file late proofs of claim on behalf of 171 plaintiffs alleging personal injury and

wrongful death claims arising from the Ignition Switch Defect (collectively, the "**Late Claims**

**Motions**").

[ PAGE  \* MERGEFORMAT ]

CONFIDENTIAL                                                                                          AG0006690

19.     Per the Bankruptcy Court's order, the GUC Trust received limited discovery from certain putative late claimants regarding when they knew or reasonably could have known that they potentially had claims against the GUC Trust.  In addition, the parties briefed disputed questions about whether the plaintiffs would be required to show excusable neglect under *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380 (1992), in order to obtain permission to file late claims, and the applicability of any agreements with the GUC Trust to toll the time to file late claims (the "***Pioneer* Briefing**").

20.     To date, the Court has not set a schedule for hearing argument or deciding the disputed issues raised in the *Pioneer* briefing.  The Court also has not set a schedule for briefing, arguing, or deciding the merits of the Late Claims Motions.

## The Settlement

21.     Based on consultation with counsel, and my experience with the many aspects of the complex and protracted litigations related to New GM's 2014 recalls, it is my view that it is substantially likely that, absent settlement, the GUC Trust will continue to be involved in litigating this complex and protracted case for the foreseeable future.

22.     Given the litigation risk of having multiple disputed issues that remain to be resolved by the Bankruptcy Court, the likelihood that those issues would be subject to appeals, the corresponding risk of re-litigating those issues after an appeal, the corresponding uncertainty, and both the cost to operate the GUC Trust during the pendency of the litigation and the time-value of money lost while the GUC Trust cannot distribute funds to its beneficiaries, I believe that the GUC Trust has ample business reason and justification for seeking the relief requested in the Settlement Motion.

23.     Specifically, litigation related to the disputed issues addressed in the *Pioneer* Briefing, and the fact-intensive and complicated legal questions implicated by the merits of

[ PAGE  \* MERGEFORMAT ]

CONFIDENTIAL

Plaintiffs' Late Claims Motions, is likely to be complex and protracted. In addition, the ultimate resolution of the Late Claims Motions may be impacted by the overlay of multiple additional complex legal and factual questions that are at issue before the multi-district litigation that is currently pending before Judge Furman in the Southern District of New York that is related to New GM's 2014 recalls.

24.    The GUC Trust believes that it has a strong position on both the *Pioneer* issues and the merits of the Late Claims Motions. But the ultimate outcome of those motions in the Bankruptcy Court is uncertain. And even if the GUC Trust were to prevail before the Bankruptcy Court, any decision would likely be subject to an appeal (if not multiple appeals), and thus would not likely be finally determined for the foreseeable future. Meanwhile the GUC Trust would be required to incur litigation costs and administrative costs to continue operating, and GUC Trust Beneficiaries would not be able to receive distributions of GUC Trust Assets and invest them as they see fit.

25.    Moreover, plaintiffs have shown to be highly committed litigants represented by skilled and experienced counsel. They have asserted late claims that, based on the evidence they have proffered and that WTC has reviewed in its capacity as GUC Trust Administrator, could be valued at tens of billions of dollars. As a result, if plaintiffs ultimately prevail in both obtaining permission to file late claims and having their purported multi-billion dollar claims allowed, then current GUC Trust Beneficiaries could be forced to surrender rights to future distributions. Plaintiffs have also reserved the right to seek to claw back previously distributed funds.

26.    Due to the significant risks that the Late Claims Motions present to the GUC Trust Beneficiaries, and the fluid nature of this litigation, the GUC Trust agreed to enter settlement negotiations with certain Plaintiffs beginning in Spring 2017. Those negotiations

[ PAGE  \* MERGEFORMAT ]

CONFIDENTIAL

AG0006692

have been at arms-length and in good faith.  Notably, all parties to the negotiations were

represented and advised by experienced counsel, and negotiations proceeded at a high level of

intensity over multiple months, with the parties (or their attorneys) engaging in several in-person

and teleconference meetings and exchanging numerous drafts of the Settlement Agreement and

ancillary documents.

27.     The primary terms of the Settlement are essentially as follows: 1) the GUC Trust

agrees to pay $15 million (the "**Settlement Amount**") to a settlement fund and up to another

$[6] million for providing notice; 2) the GUC Trust agrees to support entry of a Claims Estimate

Order estimating the aggregate Allowed General Unsecured Claims (including the claims of the

Plaintiffs) in an amount that equals or exceeds $42 billion; 3) the GUC Trust Beneficiaries agree

to waive any claim to the Settlement Amount and, if the Claims Estimate Order is entered, the

Adjustment Shares, and any Adjustment Shares issued will be deposited into the settlement fund

for the sole benefit of Plaintiffs; 4) all Plaintiffs agree (or will be deemed to agree) to waive all

current and future claims against the GUC Trust the Avoidance Action Trust and certain other

parties, and instead seek satisfaction of such claims from the settlement fund.

28.     I believe that the Settlement is a prudent and reasonable exercise of business

judgment because it presents the best option for the GUC Trust to maximize recovery for the

benefit of the GUC Trust Beneficiaries while minimizing the substantial risk posed by the Late

Claims Motions.

29.     The Settlement is in the best interests of the GUC Trust, the Old GM estates and

the GUC Trust Beneficiaries because it provides such parties with substantial benefits.  For

example, the Settlement offers the concrete benefit of resolving a long-standing dispute related to

the Late Claims Motions.  Settlement eliminates the risk of claw-backs of previously distributed

[ PAGE  \* MERGEFORMAT ]

CONFIDENTIAL

AG0006693

assets and potentially clears the way for future distributions to GUC Trust Beneficiaries in the near term. It eliminates substantial uncertainty and saves the GUC Trust from substantial litigation costs. It will foster the ability of the GUC Trust to expeditiously wind-down the affairs of the Debtors in accordance with the Plan. And it preserves the distributable assets for the GUC Trust Beneficiaries. In short, the Settlement maximizes recoveries for GUC Trust Beneficiaries, which is the primary function of the GUC Trust and the GUC Trust Administrator.

30.     To be sure, Settlement comes at a cost to Beneficiaries. In the Settlement, the GUC Trust has agreed to pay up to $[6] million to distribute notice of the Settlement and $15 million to establish the Settlement Fund, funds that would otherwise potentially be available to Beneficiaries if the GUC Trust ultimately prevailed in the Late Claim Motion litigation. But given the substantial benefits of the Settlement, these costs are reasonable and prudent.

31.     In consideration of all these issues, it is my opinion that the Settlement falls within the range of reasonableness—well above the lowest point in the range of reasonableness—and provides the best outcome for the GUC Trust Beneficiaries.

32.     Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.


Dated: Wilmington, Delaware
        August ___, 2017


                                        /s/ [Draft]_____
                                        Beth Andrews


[ PAGE  \* MERGEFORMAT ]

CONFIDENTIAL                                                              AG0006694