**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

                                                        Debtors.
------------------------------------------------------------------------x

Chapter 11

Case No. 09-50026 (MG)

(Jointly Administered)

## ORDER CONCLUDING THAT PRODUCTION AND USE OF FOUR DOCUMENTS PROTECTED BY A COMMON INTEREST AGREEMENT WOULD RESULT IN A <u>SUBJECT MATTER WAIVER</u>

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

The Court is asked to decide whether the production in discovery and use at trial by one of the parties of four documents protected from disclosure by a common interest agreement would result in a subject matter waiver. In connection with the pending *Motion to Enforce the Settlement Agreement by and among the Signatory Plaintiffs and the GUC Trust* (the "Motion to Enforce," ECF Doc. #14092), counsel for certain unaffiliated holders (the "Participating Unitholders") of approximately 65 percent of the beneficial units of the Motors Liquidation Company GUC Trust (the "GUC Trust"), raises the issue of whether counsel can produce in discovery and use at trial four documents (the "Four Documents")[1] that are subject to a common interest agreement (the "Common Interest Agreement") dated as of July 24, 2014, between the Participating Unitholders and Wilmington Trust Company, as trustee of and administrator for the GUC Trust ("Wilmington Trust"). A copy of the Common Interest Agreement was provided to

---

[1] Among the Four Documents, three are communications that "do not contain any communications by or work product of [counsel to the Participating Unitholders]," and one document is authored by counsel to the Participating Unitholders. (Participating Unitholders' Letter at 3, 5.)

1

the Court and counsel for other parties in interest pursuant to a *Stipulation and Order Regarding Disclosure of Common Interest Agreement* (ECF Doc. #14144).

During a telephone hearing on November 7, 2017, the Court requested letter briefs outlining each parties' arguments. On November 13, 2017, the Participating Unitholders (the "Participating Unitholders' Letter," ECF Doc. #14145), the GUC Trust (the "GUC Trust Letter," ECF. Doc. # 14147), as well as counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the Bankruptcy Court (ECF Doc. #14146) filed letter briefs.

The following issues are raised by the parties:

(1) Are the Four Documents subject to a common interest privilege?

(2) If the Four Documents are subject to common interest privilege, can the GUC Trust waive the privilege protecting any or all of the Four Documents without the consent of the other parties to the Common Interest Agreement?

(3) If the GUC Trust waives the privilege protecting any or all of the Four Documents, does subject matter privilege waiver apply to at least some other documents and communications subject to the Common Interest Agreement?

Counsel for the GUC Trust has stated that it would withdraw the request to produce and use the Four Documents if the Court concludes that a subject matter waiver would result. (GUC Trust Letter at 4.)

    **1.**    **The Common Interest Doctrine Applies**

The common interest privilege "permits persons who have common interests to coordinate their positions without destroying the privilege status of their communications with their lawyers." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 76 cmt. b. The common interest doctrine is "an exception to the general rule that voluntary disclosure of

2

confidential, privileged material to a third-party waives any applicable privilege." *Velo Holdings, Inc. v. Paymentech, LLC (In re Velo Holdings Inc.)*, 473 B.R. 509, 514 (Bankr. S.D.N.Y. 2012) (citing *HSH Nordbank AG N.Y. Branch v. Swerdlow*, 259 F.R.D. 64, 71 (S.D.N.Y. 2009)). As the court held in *Nordbank*, "[d]emonstrating the applicability of the common interest doctrine requires a two-part showing: (1) the party who asserts the rule must share a common legal interest with the party with whom the information was shared and (2) the statements for which protection is sought must have been designed to further that interest." 259 F.R.D. at 71 (internal quotation marks omitted). The common interest doctrine applies to both attorney-client communications and work product materials. *Am. Eagle Outfitters, Inc. v. Payless ShoeSource, Inc.*, 2009 WL 3786210, at *3 (E.D.N.Y. Nov. 12, 2009).

The Participating Unitholders and the GUC Trust appear to agree that the common interest privilege applies to the Four Documents. Regardless, it is clear that the Participating Unitholders and Wilmington Trust shared a common legal interest. Based on the representations from both the Participating Unitholders and the GUC Trust, the statements and communications for which protection is sought were designed to further that common interest.

### 2. Waiver of the Common Interest Privilege for the Four Documents Would Result in a Subject Matter Privilege Waiver

Having determined that the common interest privilege applies to the Four Documents subject to the Common Interest Agreement, the Court must address whether producing any or all of the Four Documents would cause a subject matter privilege waiver for other documents and communications protected by the Common Interest Agreement. Rule 502(a) of the Federal Rules of Evidence addresses the subject matter privilege waiver arising from partial disclosure of privileged information. Rule 502(a) provides, in relevant part, that when the disclosure is made and waives the attorney-client privilege, the waiver extends to undisclosed communications if:

3

1) the waiver is intentional;

2) the disclosed and undisclosed communications or information concern the same subject matter; and

3) they ought in fairness to be considered together.

If the GUC Trust deliberately produces and uses any of the Four Documents in discovery or at trial, an intentional waiver results. *See US Airline Pilots Ass'n. v. Pension Benefit Guar. Corp.*, 274 F.R.D. 28, 31 (D.D.C. 2011) (finding that a deliberate disclosure constitutes an intentional waiver) (citing *Seyler v. T-Systems N. Am., Inc.*, 771 F. Supp. 2d 284, 288 (S.D.N.Y. 2011)). Similarly, other documents or communications between the Participating Unitholders and Wilmington Trust, or their respective counsel, covered by the Common Interest Agreement that relate to the substance of the Four Documents—namely, actual or potential claims against the GUC Trust—would necessarily cover the same subject matter as the Four Documents. *See Coleman v. Stearling*, 2011 WL 2005227, at *3 (S.D. Cal. May 23, 2011) (redacted sections of a produced investigation, as well as other investigative reports, considered to concern the same subject matter—investigation of the plaintiff).

The Court must consider whether, in fairness, waiver of the protection for the Four Documents should also extend to any other documents and communications relating to the same subject matter. Disclosure results in a subject matter waiver of undisclosed material only in those "unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary." FED. R. EVID. 502(a), Advisory Committee's Note. The GUC Trust obviously wants to the use the Four Documents because it believes it is to its advantage to do so, and at what the Court can only assume would be the disadvantage of other parties.

4

Forfeiture of privilege should be determined on the basis of fairness. *John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003) ("Forfeiture of this nature is justified by considerations of fairness to the adversary. In some circumstances, courts have ruled that it would be unfair for a party asserting contentions to an adjudicating authority to then rely on its privileges to deprive its adversary of access to material that might disprove or undermine the party's contentions. While we have sometimes used broad language in describing the doctrine, such as generalizing about the incompatibility of using the assertions as a 'sword' while using privileges attaching to related matter as a 'shield,' because the doctrine is rooted in fairness we have also cautioned against broad generalizations, stressing that '[w]hether fairness requires disclosure . . . is best decided on a case by case basis, and depends primarily on the specific context in which the privilege is asserted.'") (citations omitted). The trial on the Motion to Enforce involves the sensitive issue whether a group of highly sophisticated lawyers came to an agreement on a settlement that could have ten-figure implications. The GUC Trust has determined that introducing the Four Documents protected by the Common Interest Agreement would further its position on the Motion to Enforce. During discovery, so far, the GUC Trust has produced over 13,900 pages of documents, and the Participating Unitholders have produced over 6,700 pages. (*See* GUC Trust Letter at 4.) The GUC Trust seeks permission from the Court to disclose these Four Documents without waiver of common interest protection. If the GUC Trust selectively determines to produce and then use at trial the Four Documents that it perceives as favorable to its position, fairness then demands that other documents related to the Four Documents and covered by the Common Interest Agreement likewise must be disclosed, thereby waiving the common interest protection. A subject matter waiver of work product protection would be the result in the circumstances.

5

      The Court has determined that production in discovery or use at trial of any of the Four Documents currently subject to the common interest privilege would result in a subject matter privilege waiver of work product protection.  The GUC Trust has stated that if a subject matter waiver would result, it would withdraw its request to disclose and use the Four Documents.  Therefore, nothing further needs to be resolved at this time.

      **IT IS SO ORDERED.**

Dated:  November 14, 2017
       New York, New York

                                              **_/s/ Martin Glenn_**
                                              MARTIN GLENN
                                  United States Bankruptcy Judge