**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

November 16, 2017

VIA ECF & E-MAIL

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

Re:   *In re Motors Liquidation Company*, Case No. 09-50026 (MG)

Dear Judge Glenn:

I am counsel for the GUC Trust in connection with the pending motion to enforce the unexecuted settlement agreement. As directed by Your Honor Wednesday, I write to set forth our understandings and requests concerning the movants' trial witnesses representing the movants before the tribunal.

Paragraph 7 of this Court's scheduling order, dated October 11, 2017, provides in part that "[c]ounsel to the Parties will meet and confer in an attempt to resolve any issues in connection with any members or associates of trial counsel's respective firms serving as witnesses and will bring any disputes to the Court for resolution if they cannot agree." Dkt. 14130 at 7. Until this week, I thought the parties had agreed that Messrs. Berman and Hilliard, neither of whom is on the witness list, would try the motion in December, and that Messrs. Weisfelner, Steel, and Weintraub, each of whom is on the movants' witness list, would not represent the movants before the tribunal. It now appears that there is no such agreement, and the parties have not been able to agree on a protocol. The GUC Trust therefore moves for an order providing that, while no law firm is being disqualified, no lawyer on the witness list will represent the movants before the tribunal. This means that no such witness may (a) examine witnesses, (b) argue motions, or (c) present opening statements or closing arguments.

As Your Honor recently ruled in *In re Corporate Resource Services, Inc.*, No. 15-12329 (MG), 2017 WL 4736686 (Bankr. S.D.N.Y. Oct. 20, 2017), motions such as this are governed by Rule 3.7(a) of the New York Rules of Professional Conduct (the "Witness Advocate Rule"). That rule forbids an attorney from acting as an "advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact[.]" 22 N.Y.C.R.R. 1200, Rule 3.7(a).

Here, the central if not the only fact issue is whether the negotiations among various lawyers in the summer of 2017 ripened into a binding contract notwithstanding the absence of a

**GIBSON DUNN**

The Honorable Martin Glenn
November 16, 2017
Page 2

signed contract and the provision in the drafts stating that the document would not be binding until signed by all parties. Messrs. Weisfelner, Steel, and Weintraub were the principal negotiators for the movants' side last summer. It is no surprise to find them on movants' witness list. Each has been deposed. They will be testifying at trial as key witnesses with regard to the "central factual issue" (*In re Corp. Resource Servs., Inc.*, 2017 WL 4736686, at *7): whether the unexecuted settlement agreement is binding. Notwithstanding the "fairly strict scrutiny" applied to disqualifications under Rule 3.7, disqualification is warranted here because of the lawyers' "role as a likely fact witness in this case," which "presents a significant risk of prejudice to the [GUC Trust], and of trial taint." *Id*. *See also Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975) ("[I]n the disqualification situation, any doubt is to be resolved in favor of disqualification.") (citation omitted).

The Second Circuit has articulated the rationale for the Witness Advocate Rule. In *Murray v. Metropolitan Life Insurance Co.*, 583 F.3d 173, 178 (2d Cir. 2009), it identified "four risks that [the rule] is designed to alleviate: (1) the lawyer might appear to vouch for his own credibility; (2) the lawyer's testimony might place opposing counsel in a difficult position when she has to cross-examine her lawyer-adversary and attempt to impeach his credibility; (3) some may fear that the testifying attorney is distorting the truth as a result of bias in favor of his client; and (4) when an individual assumes the role of advocate and witness both, the line between argument and evidence may be blurred, and the jury confused." (citation omitted). Of course, here, if Messrs. Weisfelner, Steel, and Weintraub were permitted to represent the movants before the tribunal, they would be impermissibly vouching for their own credibility.

Finally, although trial witnesses ought not be conducting depositions, (*see, e.g.*, *Fulfree v. Manchester*, 945 F. Supp. 768, 772 (S.D.N.Y. 1996) ("There is no justification for allowing Mr. Fulfree to represent plaintiff during the pre-trial aspect of this litigation when it is clear that he may be a material witness at trial, and it is clear that he could be required to testify.")), we withdraw our objection to Mr. Weisfelner questioning at deposition.

Respectfully submitted,

 /s/ Mitchell A. Karlan

Mitchell A. Karlan


cc: Counsel of record, via CM/ECF