UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

Debtors.
------------------------------------------------------------------------x

Chapter 11

Case No. 09-50026 (MG)

(Jointly Administered)

### ORDER CONCLUDING THAT THE WITNESS ADVOCATE RULE PREVENTS ATTORNEYS CALLED AS WITNESSES FROM ADVOCATING BEFORE THE COURT AT THE TRIAL ON THE MOTION TO ENFORCE

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

The Court is asked to decide whether the Witness Advocate Rule prevents attorneys who will appear as trial witnesses from advocating before the Court at trial. On October 11, 2017, in connection with the pending *Motion to Enforce the Settlement Agreement by and among the Signatory Plaintiffs and the GUC Trust* (the "Motion to Enforce," ECF Doc. # 14092), the Court entered a scheduling order (the "Scheduling Order," ECF Doc. # 14130), providing in part, that "[c]ounsel to the Parties will meet and confer in an attempt to resolve any issues in connection with any members or associates of trial counsel's respective firms serving as witnesses and will bring any disputes to the Court for resolution if they cannot agree." (Scheduling Order ¶ 7.)

During a November 15, 2017 telephone hearing, counsel for the Motors Liquidation Company GUC Trust (the "GUC Trust") raised the issue whether the Witness Advocate Rule prohibits three attorneys,[1] Edward Weisfelner, Howard Steel, and William Weintraub, who are

---

[1] Although the issue was raised concerning only the three attorneys mentioned, for the avoidance of doubt, this Order applies to any attorney that is called as a witness at trial on the Motion to Enforce.

1

listed to testify as witnesses at trial on the Motion to Enforce, from also serving as advocates at trial.

The Court requested letter briefs outlining each parties' arguments. On November 16, 2017, the GUC Trust submitted its letter in support (the "GUC Trust Letter," ECF Doc. # 14160). On November 17, 2017, plaintiffs' counsel submitted its letter in support (ECF Doc. # 14161).

Rule 3.7(a) of the New York Rules of Professional Conduct (the "Witness Advocate Rule") prevents an attorney from acting as an "advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact[.]" 22 N.Y.C.R.R. 1200, Rule 3.7(a). The GUC Trust seeks to disqualify the attorneys—but not these attorneys' law firms—who will be called as witnesses at the trial from also serving as advocates. The Court concludes that, unless the parties agree otherwise, Rule 3.7(a) does not permit an attorney who testifies during trial to also be an advocate during trial on the Motion to Enforce. Accordingly, no such attorney may (a) examine witnesses, (b) argue motions, or (c) present opening statements or closing arguments.[2]

**IT IS SO ORDERED.**

Dated:  November 17, 2017
       New York, New York

                                                  **/s/ Martin Glenn**
                                                  MARTIN GLENN
                                        United States Bankruptcy Judge

---

[2] The GUC Trust has stated that it does not object to such lawyers participating in or questioning at depositions. (*See* GUC Trust Letter at 2.) This Order therefore does not apply to depositions.

2