UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | . | Case No. 09-50026-mg |
| IN RE: | . | Chapter 11 |
| | . | |
| MOTORS LIQUIDATION COMPANY, | . | (Jointly administered) |
| et al., f/k/a GENERAL | . | |
| MOTORS CORP., et al, | . | One Bowling Green |
| | . | New York, NY 10004 |
| Debtors. | . | |
| | . | Wednesday, November 1, 2017 |
| . . . . . . . . . . . . . . . | . | 4:09 p.m. |

TRANSCRIPT OF STATUS CONFERENCE HEARING REGARDING
THE PRE-TRIAL HEARING (CC: DOC NOS. 14092, 14093,
14095, 14114, 14115, 14117) HEARING REGARDING "PLAINTIFFS'
ENFORCEMENT MOTION" AND THE "FOREBEARANCE AGREEMENT
APPROVAL MOTION."
BEFORE THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY COURT JUDGE

TELEPHONIC APPEARANCES:

| | |
|---|---|
| For the Debtor: | King & Spalding LLP |
| | By: ARTHUR STEINBERG, ESQ. |
| | 1185 Avenue of the Americas |
| | New York, New York 10036-4003 |
| | (212) 556-2158 |

| | |
|---|---|
| For the Ignition Switch | Brown Rudnick LLP |
| plaintiffs and certain | By: EDWARD S. WEISFELNER, ESQ. |
| non-Ignition Switch | HOWARD S. STEEL, ESQ. |
| plaintiffs: | 7 Times Square |
| | New York, New York 10036 |
| | (212) 209-4917 |

APPEARANCES CONTINUED

| | |
|---|---|
| Audio Operator: | Matthew, ECRO |
| Transcription Company: | Access Transcripts, LLC |
| | 517 Dell Road |
| | Landing, NJ  07850 |
| | (855) 873-2223 |
| | www.accesstranscripts.com |

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

```
TELEPHONIC APPEARANCES (Continued):

For Personal Injury      Goodwin Procter LLP
Accident Plaintiffs:     By:  WILLIAM P. WEINTRAUB, ESQ.
                         The New York Times Building
                         620 Eighth Avenue
                         New York, NY 10018-1405
                         (212) 813-8839


For Motors Liquidation   Gibson, Dunn & Crutcher LLP
GUC Trust:               By:  MITCHELL KARLAN, ESQ.
                         200 Park Avenue
                         New York, NY 10166-0193
                         (212) 351-4000


For Certain Personal     Hilliard Munoz & Gonzales LLP
Injury/Death Plaintiffs: By:  ROBERT HILLIARD, ESQ.
                         719 South Shoreline Boulevard #500
                         Corpus Christi, Texas  78401
                         (361) 882-1612


For New General Motors:  Quinn Emanuel
                         By:  JAMES C. TECCE, ESQ.
                              JULIA BESKIN, ESQ.
                              SUSHEEL KIRPALANI, ESQ.
                         51 Madison Avenue, 22nd Floor
                         New York, NY  10010
                         (212) 849-7199


For the Ignition Switch  Hagens Berman Sobol Shapiro LLP
plaintiffs and certain   By:  STEVE W. BERMAN, ESQ.
non-Ignition Switch      1918 Eighth Ave.
plaintiffs and states    Suite 3300
of California and        Seattle, Washington 98101
Arizona:                 (206) 623-7292


For Motors Liquidation   Gibson, Dunn & Crutcher LLP
GUC Trust:               By:  MITCHELL KARLAN, ESQ.
                         200 Park Avenue
                         New York, NY 10166-0193
                         (212) 351-4000
```

1        (Proceedings commence at 4:09 p.m.)

2            THE COURT:  All right.  This is Judge Glenn.  We're

3  on the record in Motors Liquidation Company, 09-50026.  This is

4  on the record, and let me advise all parties that there is a

5  reporter for Law360 who's present in the courtroom.

6            Who's going to begin?  Hello?

7            MR. HILLIARD:  Judge Glenn, can you hear me?

8            THE COURT:  Yes, I can.

9            MR. TECCE:  Yeah.

10            MR. HILLIARD:  Judge Glenn, this is Bob Hilliard.

11  The issue that has caused us to need the Court's attention, as

12  I understand it, is whether or not New GM is allowed to

13  participate by examining witnesses during depositions, and I

14  think what both sides need is the Court's help in interpreting

15  the scheduling order where the Court ordered that GM withdraw

16  all of its discovery, but also ordered that GM could

17  participate in discovery.

18            And, you know, it was my position with both GUC and

19  New GM that that meant they can look at documents, but they

20  cannot independently examine witnesses that GUC examines, and

21  they disagree.  And that's why we have come to you, to try to

22  get some clarity as to can New GM examine witnesses during

23  depositions along with GUC, and our very brief argument is that

24  would be double dipping.  Their interests are aligned, and the

25  Court's intent in allowing them to participate was to have full

4

1   access to documents, but not to send out discovery or conduct

2   discovery through depositions, which would, in my view,

3   respectfully, be inconsistent if they can do their discovery in

4   depositions, but they cannot send out discovery.

5           THE COURT:  Let me hear from any of the other

6   plaintiffs' counsel.

7           MR. WEISFELNER:  Judge, it's Ed Weisfelner.  The only

8   thing I'd add is we're talking about phase one discovery,

9   which, as defined in the scheduling order, goes through the

10  question of whether or not we have an enforceable agreement,

11  and I'd just remind the Court, as I'm sure the Court's already

12  aware, New GM is not a party to the settlement agreement.

13          While they may be a party in interest generally under

14  1109, and we're not talking about their standing in connection

15  with enforcement of the settlement, should Your Honor agree

16  with us that it's an enforceable agreement, we're only talking

17  about phase one, which again they were never a party to.  I

18  have nothing else to add, Judge.

19          THE COURT:  Okay.  Anybody else on the plaintiffs'

20  side want to be heard?

21          All right.  Let me hear from the GUC Trust.

22          MR. KARLAN:  Your Honor, this is Mitch Karlan for the

23  GUC Trust.  I don't perceive this as our issue, but I will say

24  that I certainly understood Your Honor at the last hearing we

25  had in court to say that New GM could participate in discovery,

5

1 and that's what the order says, but Your Honor will tell me if

2 I'm misunderstanding it.

3          THE COURT:  Okay.  Let me hear from counsel for New

4 GM.

5          MR. TECCE:  Good afternoon, Your Honor.  This is

6 James Tecce of Quinn Emanuel on behalf of New GM, and I'm

7 joined by my partner, Mr. Kirpalani and Ms. Beskin.  Your

8 Honor, we requested the conference.  We submit, respectfully,

9 that the pretrial order is unequivocally clear.  And just to

10 frame the issue more precisely, this is not a dispute about GM

11 having propounded too many deposition notices.  This is not a

12 dispute about GM taking discovery of plaintiffs that's

13 unwanted.  This is a dispute about whether or not General

14 Motors's lawyers can attend depositions.

15          And to be clear, Your Honor, there are ten trial

16 witnesses that are listed on the plaintiffs' witness list, and

17 there are two trial witnesses that are listed on the GUC

18 Trust's witness list.  And New GM does not have a separate

19 list.  Those two lists are encompassing, as far as they're

20 concerned.

21          They anticipate that those ten trial witnesses will

22 be deposed, and New GM intends to appear at those depositions

23 and to participate.  It does not intend to duplicate the

24 efforts of parties conducting examinations, but it does reserve

25 the right to propound its own non-duplicative questions.

1          And to be clear, this was an issue that was argued at

2   the October 3rd hearing.  It was raised.  The idea of limiting

3   General Motors's participation in discovery was raised and

4   argued, and the Court, on page 63 of the transcript and 66 of

5   the transcript, we think, specifically authorized General

6   Motors to join in the GUC Trust in taking depositions, and it

7   did so again on page 72.  So the pretrial order that was very

8   heavily negotiated by the parties, and it appears that docket

9   14130, that pretrial order carries out and faithfully reflects

10  the Court's ruling.  Court told my partner, Mr. Kirpalani, on

11  page 63, "You can discuss with plaintiffs' counsel taking a

12  maximum of three depositions, not to exceed four hours in

13  length each, of plaintiffs or putative class representatives."

14          The Court told Mr. Hilliard on page 66 at line 10 to

15  13:

16          "I don't anticipate ruling on the standing motion in

17          advance of the trial.  Just to make that clear, I'm

18          not suggesting that any of the counsel for New GM

19          would go on a blitzkrieg about discovery, but if they

20          did, I would probably crack down pretty tight, just

21          to make that clear."

22          And then on page 72 at line 22 to 73, line 6, in

23  addressing the issue of counsel depositions, the Court said:

24          "Just to make clear, Mr. Kirpalani or Mr. Karlan,

25          you've got to reduce the number of counsel you're

1              going to depose.  Find out from Mr. Karlan who are

2              the principal negotiators on their side, and, you

3              know, I'm going to put limits on how many

4              depositions."

5         And coming out of that hearing, Your Honor, the

6 parties very heavily negotiated the pretrial order, and it says

7 in paragraph four, quite clearly and consistent with the

8 hearing, quote, "New GM is permitted to participate in and

9 obtain access to all such discovery involving any party," end

10 quote.

11         And it states that specifically in a paragraph that

12 also says that that participation is without prejudice to the

13 rights of the plaintiffs and the participating unitholders to

14 object to their standing.  But New GM is a party for

15 definitional purposes under the order.  Parties under the order

16 can participate in discovery.  Participate means partake and

17 nothing less, and it certainly does not mean review deposition

18 transcripts.

19         To be clear, though, Your Honor, New GM has been very

20 judicious in exercising its right to participate in discovery.

21 The pretrial order withdrew New GM's demands on the plaintiffs

22 and its document demands on the participating unitholders.

23 When the deadline came under the pretrial order to propound

24 document demands, New GM did not propound additional document

25 demands.

8

1        It simply joined in those propounded by the GUC

2    Trust.  And since the October hearing, New GM has noticed one

3    deposition, and that's of Mr. Goldman, who is listed as a trial

4    witness by plaintiffs, and it has cross-noticed

5    Mr. Weisfelner's deposition, who's also listed as a trial

6    witness by plaintiffs, and it will presumably cross-notice the

7    other depositions that are being scheduled.

8        And there may be one witness beyond the trial

9    witnesses, but the pretrial order specifically says that New GM

10   can take a participating unitholder deposition.  That's being

11   evaluated right now.  No deposition notice has been issued.

12   But by the express provisions of the order, there is no

13   justification to exclude them from attending depositions and

14   asking questions or propounding their own deposition notices.

15       The final point I make, Your Honor, is that it bears

16   noting that if we are excluded from discovery, and this is why

17   it was something that my partner pushed for at the last hearing

18   and why we pushed for in negotiating the pretrial order.  The

19   Court indicated that it will not decide the standing issue

20   until the eve of trial, and if the Court finds that New GM is a

21   party in interest, either depositions will have to be

22   reconvened at that point to allow New GM to take them and

23   propound the questions they would have asked had they been

24   allowed, or on the flip side, they will have been excluded and

25   not given an opportunity to take depositions of witnesses that

1  will be examined at the trial.  But there's no prejudice to the

2  plaintiffs because, first, New GM will not duplicate the

3  efforts of any other examining party, but secondly, these

4  depositions are going to be rather discrete, perhaps four to

5  five hours apiece.

6         New GM's deposition is not going to change the time

7  delay or the time that's allotted for these depositions.  So

8  we'd respectfully submit that the pretrial order is clear, that

9  the record from the hearing is clear, and that there's no basis

10  to renegotiate that order, there's no basis to collaterally

11  attack that order, and there's no basis to raise again whether

12  GM has standing to participate in the discovery in dispute.

13         THE COURT:  Let me -- I want to make sure I

14  understand.  The issue for today is only with respect to the

15  depositions of the ten trial witnesses that the plaintiffs have

16  identified.  Is that correct, Mr. Tecce?

17         MR. TECCE:  No, Your Honor, it's not.  The issue for

18  today is whether GM has standing to attend any deposition,

19  standing to ask questions at any deposition, and standing to

20  serve notice of any deposition.  That's the issue for today.

21         THE COURT:  Well, let me -- I -- at this stage --

22         MR. TECCE:  Notwithstanding the clear provisions of

23  the order, I might add.

24         THE COURT:  -- I'm not deciding -- I don't view that

25  as the issue today, Mr. Tecce.  You may, but I don't.  As of

10

1  now, as I understand it, the plaintiffs have designated ten

2  trial witnesses and the GUC Trust one?

3          MR. TECCE:  Two witnesses, Your Honor.

4          THE COURT:  Two.

5          MR. TECCE:  Two witnesses, who are subsumed by the

6  ten.  So there are ten total, two shared by the GUC Trust,

7  and --

8          THE COURT:  And I want to make clear that all I'm

9  deciding today is whether or not New GM can participate in the

10 sense of asking questions of the ten witnesses who have been

11 identified as trial witnesses.  I am not deciding today

12 whether, in the event of a dispute as to depositions of other

13 witnesses, whether New GM can or can't participate in taking of

14 the depositions.

15         So no one should understand anything that I rule

16 today to open the door to broader questioning, noticing of

17 depositions, or questioning of deponents other than the ten who

18 have been designated by the parties so far.

19         And, Mr. Tecce, you've indicated that the GUC Trust

20 has identified two witnesses, but they're within the ten that

21 New GM has already identified.  I'm correct in that, Mr. Tecce?

22         MR. TECCE:  That's correct, Your Honor.  The

23 plaintiffs have identified ten, the GUC Trust two.  The two

24 identified by the GUC Trust also appear on the plaintiffs'

25 list.

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

11

1          THE COURT:  Okay.  As to those ten deponents, I am

2 permitting New GM to participate in non-duplicative questioning

3 of the deponents.  The time allotted for the depositions is not

4 being expanded.  I want -- I recognize that the parties are

5 going to brief and that I am going to have to decide -- in all

6 likelihood have to decide whether New GM has standing to object

7 to the issue of whether the plaintiffs' alleged agreement with

8 the GUC Trust is enforceable.  I didn't decide it, and I made

9 clear I don't intend to decide it in advance of the hearing.

10          I want to be able to decide it on a reasonable,

11 factual record.  I don't want to have to do this twice, and if

12 I preclude New GM from participating in the discovery with the

13 conditions that have been discussed and I ultimately determine

14 that New GM has standing, I don't want them to be faced with

15 the issue of having to reopen discovery, but I also don't want

16 to be in the position of having to decide this issue now

17 without an adequate factual record.  I don't want to slow down

18 the schedule for the trial scheduled in December.  I want to

19 move forward and decide these issues.  It's important to

20 everybody.

21          And so I'm going to permit New GM to participate in

22 the depositions by asking questions, non-duplicative questions,

23 within the time limits that have already been established for

24 the depositions for the ten witnesses who've already -- trial

25 witnesses who have been identified.

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

12

1          If the issue arises -- and I understand you're still

2    considering, Mr. Tecce, whether you wish to take the deposition

3    of a unitholder, and if you can't resolve that issue among

4    yourselves, you can arrange another call with me.  I'm not

5    going to deal with that today.  Today, all I'm dealing with is

6    the depositions of the ten trial witnesses.  Have they been --

7    have the depositions been scheduled at this point?

8          MR. KARLAN:  Most of them, Judge, yes.

9          THE COURT:  Okay.  And I assume that you're -- that

10   -- scheduling them is not a problem, you're working that out

11   among yourselves?

12         MR. KARLAN:  I believe that's correct, Judge.

13         THE COURT:  Okay.  I'm not shy about making

14   decisions, but I only want to be making this decision once,

15   whether the settlement agreement is enforceable or not, and

16   whether New GM has standing or not, I don't view as necessarily

17   a simple issue.  And I'm trying to move this all along on quite

18   a -- what I consider to be a rapid schedule.  We're moving

19   towards this December trial.  Time is relatively short.  I

20   fully expect and anticipate you'll all cooperate in getting the

21   discovery done within the time.

22         Any other issue for today?  Let me ask the

23   plaintiffs' lawyers first.

24         MR. HILLIARD:  Judge, this is Bob Hilliard.  I will

25   say that given the Court's standing in December that all sides

13

1 have been, you know, relatively cooperative in getting

2 witnesses scheduled and documents produced.  I think all of the

3 productions are substantially complete.  There's one pending

4 issue not ripe yet that we may come back to the Court on on

5 some GUC Trust documents that are yet to be produced, but I'm

6 working with Mr. Lovitz to get those to us before the

7 depositions start.  But this was really the only first

8 roadblock that we've had.

9           THE COURT:  Okay.  Anything -- anybody else on the

10 plaintiffs' side want to be heard?

11           Anybody else, either New GM or the GUC Trust?

12           MR. KARLAN:  Your Honor, this is Mitch Karlan.  Your

13 Honor alluded a couple of times to time limits for the

14 depositions, which I --

15           THE COURT:  Yes.

16           MR. KARLAN:  -- which I favor, but I -- and I'm happy

17 to be corrected.  I don't think there are any time limits at

18 the moment.  I would like there to be time limits shortened.

19           THE COURT:  I thought I -- I didn't look -- I have

20 the order in front of me, but frankly, I didn't have time to

21 read it again before I took the bench.  Isn't there any -- in

22 the transcript, I thought I talked about time limits on

23 depositions.

24           MR. TECCE:  Your Honor, this is James Tecce.  The

25 plaintiff depositions, to the extent that they go forward, they

1 are limited in time to four hours.  For the others, there are

2 whatever limitations are imposed by the federal rules, but your

3 order specifically speaks in paragraph 4 to the extent that

4 there are three individual plaintiff depositions --

5            THE COURT:  Okay.

6            MR. TECCE:  -- they are not to exceed four hours.

7            MR. KARLAN:  Judge, this is Mr. Karlan.  I would ask

8 that that limit be imposed on all the depositions.

9            THE COURT:  Let me hear from the plaintiffs lawyer.

10 What's -- so the plaintiffs' have got a four-hour limit for

11 some of the depositions, correct.  I didn't ask to -- this is

12 in -- on page 5, if deposition discovery of individual

13 plaintiffs occurs, there will be no more than three individual

14 plaintiffs deposed for a maximum of four hours each as

15 determined jointly by the GUC Trust and New GM.  I want to hear

16 from the plaintiffs about time limits on depositions for the

17 other witnesses.

18            MR. HILLIARD:  Your Honor, this is Bob Hilliard.  I

19 was operating under the idea that the four hours would likely

20 apply to all of the witnesses, and so we're not -- I don't

21 believe that we're going to need more than that for the ten

22 that are listed.  I agree with Mr. Karlan that a limit as to

23 all of the fact witnesses, not just the plaintiffs, should be

24 considered, and four hours is reasonable to the plaintiffs.

25            THE COURT:  Anybody else on the plaintiffs' side want

15

1 to be heard?

2           Anybody from the GUC Trust or New GM?

3           MR. KARLAN:  Four hours is great, Judge.  I'm sorry,

4 was that the question, four --

5           THE COURT:  Yeah, it was a question.  Yeah, it was a

6 question I wanted to find out what your side's position was.

7           MR. KARLAN:  Yes, four hours is good.

8           THE COURT:  You know, the only time that ever runs

9 into a problem is if one side deposes them for three hours.

10 Oh, you only have one hour left on your side.  And my view

11 about time limits on depositions is they're the presumptive

12 operative time limits unless the parties agree otherwise, you

13 know, it's usually during a deposition --

14           MR. KARLAN:  Your Honor, I don't think that --

15           THE COURT:  My view is four hours is usually enough.

16           MR. KARLAN:  Your Honor, I'm going to be surprised if

17 there are any witnesses where both sides examine.  I think

18 since these are trial witnesses we're talking about --

19           THE COURT:  All right.

20           MR. KARLAN:  -- it'll just be one side examining.

21           THE COURT:  That Mr. Karlan speaking again?

22           MR. KARLAN:  I'm sorry?

23           THE COURT:  Was that Mr. Karlan speaking?

24           MR. KARLAN:  Oh, yes.  I'm sorry, Judge, yes, it's

25 Mitch Karlan.

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

16

1              THE COURT:  I just want to make sure because we have

2  a transcript that's being made, and I want to make sure it's

3  clearly identified who's speaking.

4              So, all right, everybody's in agreement.  So the

5  four-hour time limit applies to all of the deponents then.  And

6  so today, we're dealing with the ten trial witnesses that have

7  been identified by any of the parties in interest at this

8  point, and there already is provisions in the order about

9  individual plaintiffs being deposed.  That hasn't come up yet.

10 If there are other issues, call the court and we'll resolve it

11 if you can't agree.  Okay?

12             MR. TECCE:  Your Honor, do you want me to -- just

13 one point.  It's James Tecce again.  I wanted to be clear about

14 one thing, that there are ten trial witnesses, but one of the

15 issues just -- it's not an issue for today -- that may require

16 is the extent to which -- there may be some disagreement as to

17 the extent to which all ten should be trial witnesses,

18 including one which may be proffered as an expert by the

19 plaintiffs, and that's something that's being reviewed by us.

20 But so -- while I was very intent on identifying the ten trial

21 witnesses, I would not want to be construed that we concede

22 that all ten witnesses are acceptable to being trial witnesses

23 or that we would consent to that.  I think it's something that

24 probably would be discussed among the parties and may require

25 further relief from the Court.

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

17

 1          THE COURT:  What I'm -- look, ten witnesses have been

 2  identified.  Fact or expert, I'm not particularly focused on

 3  today.  All ten of those can be deposed.  I'm not -- by

 4  indicating that, I'm not deciding any other issues as to

 5  whether one side or the other has objections to one or more of

 6  the witnesses.  If that issue arises, I'll deal with it, as

 7  well.  Does that satisfy you, Mr. Tecce?

 8          MR. TECCE:  That's fine.  Thank you very much, Your

 9  Honor.  I appreciate it.

10          THE COURT:  Okay.  Anything on the plaintiffs' side?

11          MR. HILLIARD:  Your Honor, Bob Hilliard.  One thing

12  occurs to me is there are three sides to the plaintiffs' side.

13  There's the economic loss, the personal injury and wrongful

14  death side, and then there is the unitholders, all of which

15  believe that this was a deal and all of which intend to

16  participate in the discovery, including the depositions.  I

17  just wanted to be sure that everyone on the call was aware of

18  and the Court was aware of that there will be no duplicative

19  questioning, but there will be questioning from all three of

20  those parties particularly in any or all of the depositions.

21          THE COURT:  So you know what I -- Mr. Hilliard, when

22  I was in practice in multiparty cases, what I've had judges do

23  to me and to other counsel, and I think there's only one or two

24  cases where I've done it, is require -- so every -- you know,

25  everyone on your side -- by your side of the table, everyone

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

18

1  who supports the enforceability of the agreement, I understand

2  you have different interests for personal injury, economic

3  loss, unitholders, but I urge you all -- I'm not going to order

4  it -- that you try and agree who will take the lead of the

5  questioning from your side.  If there are particular areas that

6  you think should be reserved to personal injury, the lawyers

7  for personal injury plaintiffs, try and work that all out.

8  Clearly, a coordination is going to be required to be able to

9  do these depositions efficiently in the four hours.  I will --

10        MR. HILLIARD:  I hear you, Judge, and we will get

11  together and be sure to do that.

12        THE COURT:  Okay.  I have to say because I've done

13  this in a couple cases that I've presided over, and nobody's

14  ever come back to me with any disputes.  It's always worked

15  out, so I'm assuming you're all -- you're all good lawyers,

16  that you're all going to work this out.

17        I'm available if need be.  You know, I can be

18  available on fairly short notice by telephone.  I have some

19  travel plans over the next week or two, but all those travel

20  plans are domestic and there are phones wherever I'll be.  And

21  if necessary, you'll get prompt hearings.  If you can't work

22  things out, which I hope you will be able to do, I'll be

23  available to work it out.  I want to keep on schedule.

24        MR. HILLIARD:  And again, Judge, I'm hopeful, given

25  the behind the scenes professional conduct, that you won't hear

19

 1 from us again unless it's a document production issue, but I'd

 2 be surprised if you --

 3             THE COURT:  Okay.

 4             MR. HILLIARD:  -- if we needed much more of your

 5 time.

 6             THE COURT:  Okay.  Thanks very much.  All right,

 7 we're adjourned.

 8             MR. TECCE:  Your Honor, thank you very much for your

 9 time.

10             MR. HILLIARD:  Thank you, Judge.

11             THE COURT:  Okay.  We're adjourned.

12             MR. KARLAN:  Thank you, Judge.

13        (Proceedings concluded at 4:34 p.m.)

14                         *  *  *  *  *

15

16

17

18

19

20

21

22

23

24

25

09-50026-mg   Doc 14165   Filed 11/07/17   Entered 11/21/17 10:52:59   Main Document
                        Pg 20 of 20

20

# C E R T I F I C A T I O N

3    I, Alicia Jarrett, court-approved transcriber, hereby

4 certify that the foregoing is a correct transcript from the

5 official electronic sound recording of the proceedings in the

6 above-entitled matter.



_____

ALICIA JARRETT, AAERT NO. 428      DATE:  November 7, 2017

ACCESS TRANSCRIPTS, LLC

ACCESS TRANSCRIPTS, LLC        1-855-USE-ACCESS (873-2223)