# Exhibit H

Message

| | |
|---|---|
| **From:** | Weintraub, William P [WWeintraub@goodwinlaw.com] |
| **Sent:** | 7/18/2017 13:11:56 |
| **To:** | Golden, Daniel [dgolden@AkinGump.com]; Martorana, Keith R. [KMartorana@gibsondunn.com]; Weisfelner, Ed (External) [eweisfelner@brownrudnick.com]; Steel, Howard S. [HSteel@brownrudnick.com]; Fox, Gregory W. [GFox@goodwinlaw.com] |
| **CC:** | Newman, Deborah [djnewman@akingump.com]; Moss, Naomi [nmoss@akingump.com]; Williams, Matt J. [MJWilliams@gibsondunn.com]; Chorba, Christopher [CChorba@gibsondunn.com]; Gillett, Gabriel K. [GGillett@gibsondunn.com] |
| **Subject:** | RE: GUC Settlement (FRE 408) |

Not sure why you assume these comments are just mine. Oh well. Whatever. I think you have my comments but since every draft from your side is sent with the caveat that it is subject to further client review, I can ask you the same thing. Please confirm we have all of your comments. If the gamesmanship and silliness are done, I think we should have a call so we can explain our concerns, and listen to yours, which was the purpose of my straight forward email to you.

---

**From:** Golden, Daniel [mailto:dgolden@AkinGump.com]
**Sent:** Tuesday, July 18, 2017 12:40 PM
**To:** Weintraub, William P; Martorana, Keith R.; Weisfelner, Ed (External); Steel, Howard S.; Fox, Gregory W.
**Cc:** Newman, Deborah; Moss, Naomi; Williams, Matt J.; Chorba, Christopher; Gillett, Gabriel K.
**Subject:** RE: GUC Settlement (FRE 408)

Bill: I have to ask how does anybody ever get a deal done with you. I agree that a phone call is in order but we need to put an end to this endless back and forth. We will have a final call when we have all of yours and your co counsel's comments so that final decisions can be made on that call. Please advise when we will have all of your comments so we can schedule a call.

**Daniel H. Golden**
**AKIN GUMP STRAUSS HAUER & FELD** LLP

One Bryant Park | New York, NY 10036-6745 | USA | Direct: +1 212.872.8010 | Internal: 38010
Fax: +1 212.872.1002 | dgolden@akingump.com | akingump.com | Bio

---

**From:** Weintraub, William P [mailto:WWeintraub@goodwinlaw.com]
**Sent:** Tuesday, July 18, 2017 12:22 PM
**To:** Martorana, Keith R.; Weisfelner, Ed (External); Steel, Howard S.; Fox, Gregory W.
**Cc:** Golden, Daniel; Newman, Deborah; Moss, Naomi; Williams, Matt J.; Chorba, Christopher; Gillett, Gabriel K.
**Subject:** RE: GUC Settlement (FRE 408)

FRE 408

Hello All:

Attached please find Goodwin's and Brown Rudnick's comments to the draft you sent to us last evening (7/17). The redline is marked against the clean version you sent to us. Our respective clients and co-counsel are still reviewing these changes and the draft remains subject to further comments and changes. I think that perhaps this is a good time to reconvene a call to discuss some of the points that seem stalled so we can discuss our respective concerns. I am not available today, but I am available tomorrow. Or Thursday.

Bill

William P Weintraub



EXHIBIT
27
11/9/17 WH



Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 813 8839
m +1 917 861 7200
f   +1 212 419 0964
WWeintraub@goodwinlaw.com | goodwinlaw.com

---

**From:** Martorana, Keith R. [mailto:KMartorana@gibsondunn.com]
**Sent:** Monday, July 17, 2017 9:07 PM
**To:** Weintraub, William P; Edward S. Weisfelner (eweisfelner@brownrudnick.com); Steel, Howard S.; Fox, Gregory W.
**Cc:** Golden, Daniel; dnewman@akingump.com; nmoss@akingump.com; Williams, Matt J.; Chorba, Christopher; Gillett, Gabriel K.
**Subject:** RE: GUC Settlement (FRE 408)

SUBJECT TO FRE 408

GP/BR Teams – attached please find a revised version of the Settlement Agreement reflecting the combined comments of GDC and Akin Gump (clean and blackline to the prior circulated version). Please note that the attached is being sent contemporaneously to our clients and thus remains subject to ongoing review and comment. Please let us know if you would like to discuss the attached.

Please also let us know when you anticipate being able to provide a revised version of the Settlement Order.

**Keith Martorana**
Of Counsel

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3991 • Fax +1 212.351.6391
KMartorana@gibsondunn.com • www.gibsondunn.com

---

**From:** Weintraub, William P [mailto:WWeintraub@goodwinlaw.com]
**Sent:** Friday, July 14, 2017 5:33 PM
**To:** Martorana, Keith R. <KMartorana@gibsondunn.com>; Edward S. Weisfelner (eweisfelner@brownrudnick.com) <eweisfelner@brownrudnick.com>; Steel, Howard S. <HSteel@brownrudnick.com>; Fox, Gregory W. <GFox@goodwinlaw.com>
**Cc:** Golden, Daniel <dgolden@AkinGump.com>; dnewman@akingump.com; nmoss@akingump.com; Williams, Matt J. <MJWilliams@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Gillett, Gabriel K. <GGillett@gibsondunn.com>
**Subject:** RE: GUC Settlement (FRE 408)

Hello All:

Attached please find a further draft of the Settlement Agreement containing comments from Goodwin and Brown Rudnick. The redline is marked against the version circulated by Keith on 7/12.

The draft remains subject to review and comment by Goodwin's and Brown Rudnick's respective clients and co-counsel.

CONFIDENTIAL

Thanks,

Bill

William P Weintraub

 **GOODWIN**

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o +1 212 813 8839
m +1 917 861 7200
f +1 212 419 0964
WWeintraub@goodwinlaw.com | goodwinlaw.com

---

**From:** Martorana, Keith R. [mailto:KMartorana@gibsondunn.com]
**Sent:** Wednesday, July 12, 2017 12:08 PM
**To:** Weintraub, William P; Edward S. Weisfelner (eweisfelner@brownrudnick.com); Steel, Howard S.; Fox, Gregory W.
**Cc:** Golden, Daniel; dnewman@akingump.com; nmoss@akingump.com; Williams, Matt J.; Chorba, Christopher; Gillett, Gabriel K.
**Subject:** RE: GUC Settlement (FRE 408)

SUBJECT TO FRE 408

BR/GP teams – attached please find a revised version of the Settlement Agreement, together with a blackline comparison to the prior version circulated, which is intended to reflect our conversation from yesterday. Please note that in the interests of time, this document is being sent simultaneously to our clients and remains subject to ongoing review and comment. Please let us know if you have any questions or comments, or would like to get on the phone to further discuss.


**Keith Martorana**
Of Counsel

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3991 • Fax +1 212.351.6391
KMartorana@gibsondunn.com • www.gibsondunn.com

---

**From:** Weintraub, William P [mailto:WWeintraub@goodwinlaw.com]
**Sent:** Monday, July 10, 2017 9:46 AM
**To:** Edward S. Weisfelner (eweisfelner@brownrudnick.com) <eweisfelner@brownrudnick.com>; Steel, Howard S. <HSteel@brownrudnick.com>; Golden, Daniel <dgolden@AkinGump.com>; Martorana, Keith R. <KMartorana@gibsondunn.com>
**Cc:** Fox, Gregory W. <GFox@goodwinlaw.com>
**Subject:** GUC Settlement (FRE 408)


Ed/Howie/Danny/Keith:

A few thoughts:

Consistent with my comments in my email of 7/8/2017 (see items 12, 15, and 16), section 3.1 must be similarly modified to have all of the releases and waivers triggered by entry of the Settlement Order.

The form of Settlement Order seems to contemplate all of the releases and waivers occurring at the same time, but it does not recite the correct paragraphs. *See* paragraph 5. In any event, the trigger for all of the waivers and releases should be entry of the Settlement Order and payment of the Settlement Amount. The efficacy of the Adjustment Shares Waiver can be subject to the condition subsequent of entry of the Claims Estimate Order, but Bob's and TJ's clients will not waive disgorgement up front without knowing they will not be sharing the Adjustment Shares with the unitholders. We cannot risk up front approval of the release of the Plaintiffs' disgorgement claims and later disapproval of the release of the unitholders ability to share in the Adjustment Shares in connection with the Claims Estimate Order. This could theoretically happen if the two releases (disgorgement and sharing) are approved separately rather than as a package.

The form of Settlement Order has a release that is being imposed on the "Plaintiffs" with all of the typical release language and waivers. There should be a parallel provision that reflects the release by the parties being released by the Plaintiffs. These parties should release any claims to the Settlement Amount, the Settlement Fund, and, conditioned upon entry of the Claims Estimate Order, the Adjustment Shares.

As with the Settlement Agreement, in the Settlement Order, the restriction on the use of the Settlement Amount/Settlement Fund to distribution of the Adjustment Shares should not apply if the Claims Estimate Order is not entered.

Paragraph 9 of the form of Settlement Order does not contemplate appeal from an adverse ruling by the Plaintiffs.

Perhaps you have already thought of this, but It seems to me that we need to have the form of notice blessed before we give it. Otherwise... well, you know the otherwise. I think this requires a separate motion re notice procedures and deadlines. Why spend the money on notice only to find out at the hearing that Judge Glenn does not like what we did? His prior approval is the preferred approach. Also, we think the allocation between EL and PI/WD that results from the mediation should be in the notice of the settlement hearing so that we do not have to give notice a second time, people get a fair opportunity to object to the allocation, and we bar any second guessers from taking a second bite down the road. In addition, we think we should add to add to the notice that will be given to the vehicle owners a deadline (approved by Judge Glenn) to put up or shut up on demonstrating a due process violation relative to the notice of the 11/30/2009 bar date.

When do people want to discuss?

William P Weintraub

 **GOODWIN**

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 813 8839
m +1 917 861 7200
f  +1 212 419 0964
WWeintraub@goodwinlaw.com | goodwinlaw.com

*****************************************************************

CONFIDENTIAL

GUC_0003890

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*******************************************************************

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

CONFIDENTIAL