# Exhibit T

Message

| | |
|---|---|
| **From:** | Martorana, Keith R. [KMartorana@gibsondunn.com] |
| **Sent:** | 7/28/2017 12:28:10 |
| **To:** | Weintraub, William P [WWeintraub@goodwinlaw.com]; Steel, Howard S. [HSteel@brownrudnick.com]; Forster, Jill L. [JForster@brownrudnick.com]; Daniel H. Golden - Akin Gump Strauss Hauer & Feld LLP (dgolden@akingump.com) [dgolden@akingump.com]; dnewman@akingump.com; Moss, Naomi [nmoss@akingump.com]; Williams, Matt J. [MJWilliams@gibsondunn.com]; Gillett, Gabriel K. [GGillett@gibsondunn.com]; Chorba, Christopher [CChorba@gibsondunn.com]; Fox, Gregory W. [GFox@goodwinlaw.com] |
| **CC:** | Weisfelner, Edward S. [EWeisfelner@brownrudnick.com] |
| **Subject:** | RE: Motors - GUC Settlement (FRE 408) |
| **Attachments:** | 102340248_3 _GM - Motion for Order Approving Notice Procedures - GUC Trust Settlement.DOCX; 102340451_2 _GM - Long Form Notice for Settlement.DOCX; 102340410 _2 _GM - Short Form Notice for Settlement.DOCX; Redline_102340248v1_GM - Motion for Order Approving Notice Procedures - ....pdf; Redline_102340451v1_GM - Long Form Notice for Settlement - 102340451v2_G....pdf; Redline_102340410v1_GM - Short Form Notice for Settlement - 102340410v2_....pdf |

SUBJECT TO FRE 408

All – attached are revised versions of the Notice Motion/Order and the Long Form/Short Form notice (clean and blackline comparison to prior circulated versions). To the extent that we are proceeding by motion, we did not understand the utility of including an OSC (or declaration in support of the OSC). Perhaps a conversation on that would be useful.

Please note that the attached remains subject to the ongoing review and comment of our clients. Please let us know if you would like to discuss the attached.

**Keith Martorana**
Of Counsel

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3991 • Fax +1 212.351.6391
KMartorana@gibsondunn.com • www.gibsondunn.com

---

**From:** Martorana, Keith R.
**Sent:** Friday, July 28, 2017 9:53 AM
**To:** 'Weintraub, William P' <WWeintraub@goodwinlaw.com>; Steel, Howard S. <HSteel@brownrudnick.com>; Forster, Jill L. <JForster@brownrudnick.com>; Daniel H. Golden - Akin Gump Strauss Hauer & Feld LLP (dgolden@akingump.com) <dgolden@akingump.com>; dnewman@akingump.com; Moss, Naomi <nmoss@akingump.com>; Williams, Matt J. <MJWilliams@gibsondunn.com>; Gillett, Gabriel K. <GGillett@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Fox, Gregory W. <GFox@goodwinlaw.com>
**Cc:** Weisfelner, Edward S. <EWeisfelner@brownrudnick.com>
**Subject:** RE: Motors - GUC Settlement (FRE 408)

SUBJECT TO FRE 408

Attached are revised versions of the Settlement Agreement (with one change requested by BR) and the Settlement Order incorporating the below change.

**Keith Martorana**
Of Counsel



EXHIBIT
8

CONFIDENTIAL

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3991 • Fax +1 212.351.6391
KMartorana@gibsondunn.com • www.gibsondunn.com

**From:** Weintraub, William P [mailto:WWeintraub@goodwinlaw.com]
**Sent:** Friday, July 28, 2017 9:44 AM
**To:** Martorana, Keith R. <KMartorana@gibsondunn.com>; Steel, Howard S. <HSteel@brownrudnick.com>; Forster, Jill L. <JForster@brownrudnick.com>; Daniel H. Golden - Akin Gump Strauss Hauer & Feld LLP (dgolden@akingump.com) <dgolden@akingump.com>; dnewman@akingump.com; Moss, Naomi <nmoss@akingump.com>; Williams, Matt J. <MJWilliams@gibsondunn.com>; Gillett, Gabriel K. <GGillett@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Fox, Gregory W. <GFox@goodwinlaw.com>
**Cc:** Weisfelner, Edward S. <EWeisfelner@brownrudnick.com>
**Subject:** RE: Motors - GUC Settlement (FRE 408)

Thanks.

**From:** Martorana, Keith R. [mailto:KMartorana@gibsondunn.com]
**Sent:** Friday, July 28, 2017 9:39 AM
**To:** Weintraub, William P; Steel, Howard S.; Forster, Jill L.; Daniel H. Golden - Akin Gump Strauss Hauer & Feld LLP (dgolden@akingump.com); dnewman@akingump.com; Moss, Naomi; Williams, Matt J.; Gillett, Gabriel K.; Chorba, Christopher; Fox, Gregory W.
**Cc:** Weisfelner, Edward S.
**Subject:** RE: Motors - GUC Settlement (FRE 408)

This change is fine.  If BR has no further changes, I will recirculate a version with that change.

**Keith Martorana**
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3991 • Fax +1 212.351.6391
KMartorana@gibsondunn.com • www.gibsondunn.com

**From:** Weintraub, William P [mailto:WWeintraub@goodwinlaw.com]
**Sent:** Friday, July 28, 2017 8:51 AM
**To:** Martorana, Keith R. <KMartorana@gibsondunn.com>; Steel, Howard S. <HSteel@brownrudnick.com>; Forster, Jill L. <JForster@brownrudnick.com>; Daniel H. Golden - Akin Gump Strauss Hauer & Feld LLP (dgolden@akingump.com) <dgolden@akingump.com>; dnewman@akingump.com; Moss, Naomi <nmoss@akingump.com>; Williams, Matt J. <MJWilliams@gibsondunn.com>; Gillett, Gabriel K. <GGillett@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Fox, Gregory W. <GFox@goodwinlaw.com>
**Cc:** Weisfelner, Edward S. <EWeisfelner@brownrudnick.com>
**Subject:** RE: Motors - GUC Settlement (FRE 408)

FRE 408:

CONFIDENTIAL

Hello All;

In paragraph 6 of the Settlement Order, please make the following underlined edit, which would conform the language of the Settlement Order to similar language in the Settlement Agreement and the Claims Estimate Order:

; and provided further that nothing in the Settlement Agreement, Motion or this Order shall waive or impair any claims that Plaintiffs may have against New GM, the Settlement shall not be an election of remedies by any Plaintiff, and the Settlement Fund shall not represent full and final satisfaction of any claims that Plaintiffs may have against New GM, which claims are expressly reserved. Nor shall the Settlement or any estimation or payment or distribution made in connection therewith constitute a cap on any claims by any of the Plaintiffs against New GM.

Thank you. No other comments to the docs.

Bill

William P Weintraub

 GOODWIN

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 813 8839
m +1 917 861 7200
f  +1 212 419 0964
WWeintraub@goodwinlaw.com | goodwinlaw.com

---

**From:** Martorana, Keith R. [mailto:KMartorana@gibsondunn.com]
**Sent:** Thursday, July 27, 2017 6:16 PM
**To:** Steel, Howard S.; Forster, Jill L.; Daniel H. Golden - Akin Gump Strauss Hauer & Feld LLP (dgolden@akingump.com); dnewman@akingump.com; Moss, Naomi; Williams, Matt J.; Gillett, Gabriel K.; Chorba, Christopher; Weintraub, William P; Fox, Gregory W.
**Cc:** Weisfelner, Edward S.
**Subject:** RE: Motors - GUC Settlement (FRE 408)

SUBJECT TO FRE 408

Attached are the updated versions of the Settlement Agreement and the Settlement Order incorporating that change. Also attached (so that they are all in one place) is the Claims Estimate Order, which has not changed.

**Keith Martorana**
Of Counsel

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3991 • Fax +1 212.351.6391
KMartorana@gibsondunn.com • www.gibsondunn.com

---

**From:** Martorana, Keith R.
**Sent:** Thursday, July 27, 2017 5:42 PM
**To:** 'Steel, Howard S.' <HSteel@brownrudnick.com>; Forster, Jill L. <JForster@brownrudnick.com>; Daniel H. Golden -

CONFIDENTIAL

Akin Gump Strauss Hauer & Feld LLP (dgolden@akingump.com) <dgolden@akingump.com>; dnewman@akingump.com; Moss, Naomi <nmoss@akingump.com>; Williams, Matt J. <MJWilliams@gibsondunn.com>; Gillett, Gabriel K. <GGillett@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Weintraub, William P <WWeintraub@goodwinlaw.com>; Fox, Gregory W. <GFox@goodwinlaw.com>
**Cc:** Weisfelner, Edward S. <EWeisfelner@brownrudnick.com>
**Subject:** RE: Motors - GUC Settlement (FRE 408)

Thanks – I'll revise and recirculate with that one change.  I had a lengthy conversation with our client today, and they are discussing internally.  Sign-off, with respect to the three documents (Settlement Agreement, Settlement Order, Claims Estimate Order) will likely come tomorrow.  We'll keep you posted.  Note, however, that sign-off on the settlement itself is subject to the finalization of all other document in a satisfactory manner and receipt of final approvals.


**Keith Martorana**
Of Counsel

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3991 • Fax +1 212.351.6391
KMartorana@gibsondunn.com • www.gibsondunn.com

---

**From:** Steel, Howard S. [mailto:HSteel@brownrudnick.com]
**Sent:** Thursday, July 27, 2017 5:36 PM
**To:** Martorana, Keith R. <KMartorana@gibsondunn.com>; Forster, Jill L. <JForster@brownrudnick.com>; Daniel H. Golden - Akin Gump Strauss Hauer & Feld LLP (dgolden@akingump.com) <dgolden@akingump.com>; dnewman@akingump.com; Moss, Naomi <nmoss@akingump.com>; Williams, Matt J. <MJWilliams@gibsondunn.com>; Gillett, Gabriel K. <GGillett@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Weintraub, William P <WWeintraub@goodwinlaw.com>; Fox, Gregory W. <GFox@goodwinlaw.com>
**Cc:** Weisfelner, Edward S. <EWeisfelner@brownrudnick.com>
**Subject:** RE: Motors - GUC Settlement (FRE 408)


Please use 7/10

you get client sign off?

---

**From:** Martorana, Keith R. [mailto:KMartorana@gibsondunn.com]
**Sent:** Thursday, July 27, 2017 10:56 AM
**To:** Steel, Howard S.; Forster, Jill L.; Daniel H. Golden - Akin Gump Strauss Hauer & Feld LLP (dgolden@akingump.com); dnewman@akingump.com; Moss, Naomi; Williams, Matt J.; Gillett, Gabriel K.; Chorba, Christopher; Weintraub, William P; Fox, Gregory W.
**Cc:** Weisfelner, Edward S.
**Subject:** RE: Motors - GUC Settlement (FRE 408)

**External E-mail. Use caution accessing links or attachments.**

---

SUBJECT TO FRE 408

Howie et al. – while the Settlement Agreement, Settlement Order and Claims estimate order generally looked fine from a GDC perspective (and client sign-off is pending), we wanted to understand why the notice date for

GUC_0003462

car owners has switched back again from July 10, 2009 to November 30, 2009. I thought where we left it on the call, we were going to use July 10, 2009. Please let us know the rationale for the change.

**Keith Martorana**
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3991 • Fax +1 212.351.6391
KMartorana@gibsondunn.com • www.gibsondunn.com

---

**From:** Steel, Howard S. [mailto:HSteel@brownrudnick.com]
**Sent:** Wednesday, July 26, 2017 10:52 AM
**To:** Martorana, Keith R. <KMartorana@gibsondunn.com>; Forster, Jill L. <JForster@brownrudnick.com>; Daniel H. Golden - Akin Gump Strauss Hauer & Feld LLP (dgolden@akingump.com) <dgolden@akingump.com>; dnewman@akingump.com; Moss, Naomi <nmoss@akingump.com>; Williams, Matt J. <MJWilliams@gibsondunn.com>; Gillett, Gabriel K. <GGillett@gibsondunn.com>; Chorba, Christopher <CChorba@gibsondunn.com>; Weintraub, William P <WWeintraub@goodwinlaw.com>; Fox, Gregory W. <GFox@goodwinlaw.com>
**Cc:** Weisfelner, Edward S. <EWeisfelner@brownrudnick.com>
**Subject:** RE: Motors - GUC Settlement (FRE 408)

Thanks Keith. Please see attached light comments. Let us know if we are final on these. Think you have pen for all other docs - please let us know timing on those. Happy to discuss any open issues.

Howard S. Steel
Brown Rudnick LLP
Seven Times Square
New York, New York 10036
212.209.4917 (direct)
732.757.1898 (cell)
212.938.2806 (direct fax)
hsteel@brownrudnick.com

---

**From:** Martorana, Keith R. [mailto:KMartorana@gibsondunn.com]
**Sent:** Tuesday, July 25, 2017 3:55 PM
**To:** Forster, Jill L.; Daniel H. Golden - Akin Gump Strauss Hauer & Feld LLP (dgolden@akingump.com); dnewman@akingump.com; Moss, Naomi; Williams, Matt J.; Gillett, Gabriel K.; Chorba, Christopher; Weintraub, William P; Fox, Gregory W.
**Cc:** Weisfelner, Edward S.; Steel, Howard S.
**Subject:** RE: Motors - GUC Settlement (FRE 408)

External E-mail. Use caution accessing links or attachments.

SUBJECT TO FRE 408

All – attached please find the combined comments of GDC and Akin Gump to the Settlement Order and the Claims Estimate Order (clean and blackline to prior circulated versions). Please note that the

attached remains subject to the ongoing review and comment of our clients. Please let us know if you would like to discuss the attached.

**Keith Martorana**
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3991 • Fax +1 212.351.6391
KMartorana@gibsondunn.com • www.gibsondunn.com

---

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

****************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
****************************************************************

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*GDC/AG COMMENTS 7/28/2017*
*DRAFT*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

In re:                        :                 Chapter 11

MOTORS LIQUIDATION COMPANY, et al.,    :                 Case No.: 09-50026 (MG)

        f/k/a General Motors Corp., et al.,    :

                                 :

                    Debtors.    :                 (Jointly Administered)

-------------------------------------------------------------X

### MOTION FOR ORDER APPROVING NOTICE
### PROCEDURES WITH RESPECT TO PROPOSED SETTLEMENT
### BY AND AMONG THE SIGNATORY PLAINTIFFS AND THE GUC TRUST

The Ignition Switch Plaintiffs,[1] certain Non-Ignition Switch Plaintiffs,[2] certain Pre-Closing Accident Plaintiffs[3] (collectively, the "**Signatory Plaintiffs**") and the Motors Liquidation Company GUC Trust (the "**GUC Trust**," together with the Signatory Plaintiffs, the "**Parties**") hereby submit this *Motion for Order Approving Notice Procedures with Respect to Proposed Settlement by and Among the Signatory Plaintiffs and the GUC Trust* (the "**Motion**"). In support of this Motion, the Parties respectfully state as follows:

### PRELIMINARY STATEMENT

1.       On [ ], 2017, after good faith, arm's-length negotiation, the Signatory Plaintiffs and the GUC Trust entered into the Settlement Agreement.

---

[1]   The term "**Ignition Switch Plaintiffs**" shall mean those plaintiffs asserting economic loss claims or persons suffering economic losses who, as of July 10, 2009, owned or leased a vehicle with an ignition switch defect included in Recall No. 14V-047.

[2]   The term "**Non-Ignition Switch Plaintiffs**" shall mean those plaintiffs asserting economic loss claims or persons suffering economic losses who, as of July 10, 2009, owned or leased a vehicle with defects in ignition switches, side airbags or power steering included in Recall Nos. 14V-355, 14V-394, 14V-400, 14V-346 and 14V-540, 14V-118 and 14V-153.

[3]   The term "**Pre-Closing Accident Plaintiffs**" shall mean those plaintiffs asserting personal injury or wrongful death claims or persons who suffered a personal injury or wrongful death on or arising from an accident involving an Old GM vehicle that occurred prior to the closing of the Section 363 Sale. Collectively, all Ignition Switch Plaintiffs, Non-Ignition Switch Plaintiffs and Pre-Closing Accident Plaintiffs are referred to as "**Plaintiffs**."

1

GUC_0003465

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*GDC/AG COMMENTS 7/28/2017*
*DRAFT*

2.      Following the Court's consideration and approval of this Motion, the Parties intend to file and serve (in the manner contemplated by the proposed Notice Procedures herein) a motion (the "**9019 Motion**") requesting the Court's approval of the Settlement Agreement and Claims Estimate Order.

3.      The Settlement Agreement resolves numerous longstanding, disputed issues including, *inter alia*: (i) whether Plaintiffs should be granted authority to file late proofs of claim (and whether such authority can be granted solely on due process grounds): (ii) whether Plaintiffs' asserted claims are equitably moot; (iii) whether additional grounds exist to object to Plaintiffs' asserted claims; and (iv) the allowable amount of the Signatory Plaintiffs' claims (if any).

4.      Generally, under the Settlement Agreement,[4] the GUC Trust agrees to irrevocably pay $15,000,000 (the "**Settlement Amount**") into a trust, fund or other vehicle (the "**Settlement Fund**") for the exclusive benefit of Plaintiffs.

5.      In exchange, all Plaintiffs, including those who did not execute the Settlement Agreement, are deemed to irrevocably waive and release all claims (other than those arising under the Settlement Agreement) against Old GM, the Old GM estate, the GUC Trust, the GUC Trust Administrator, holders of beneficial units in the GUC Trust (the "**Unitholders**") and the Motors Liquidation Company Avoidance Action Trust, including a release of any rights to prior or future distributions of or current GUC Trust assets and any rights to distributions by the Motors Liquidation Company Avoidance Action Trust.

---

[4]   This summary of the Settlement Agreement is qualified in its entirety by the terms and provisions of the Settlement Agreement.  To the extent that there are any inconsistencies between the description of the Settlement Agreement contained in the Motion and the terms and provisions of the Settlement Agreement, the Settlement Agreement shall control.

CONFIDENTIAL

GUC_0003466

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*GDC/AG COMMENTS 7/28/2017*
*DRAFT*

6.    In addition, the GUC Trust agrees to provide assistance and cooperation in obtaining an order from the Court (the "**Claims Estimate Order**"): (i) finding that the estimated aggregate amount of Plaintiffs' claims, together with all other allowed claims, against the estates exceed $42 billion, triggering the provision of the Sale Agreement[5] requiring New GM to issue additional New GM common stock (the "**Adjustment Shares**"); and (ii) directing that those Adjustment Shares be promptly delivered to the Settlement Fund by New GM.

7.    The Signatory Plaintiffs will establish an allocation methodology for subsequent distributions of the Settlement Fund to Plaintiffs, subject to notice and an opportunity for Plaintiffs to object. All Unitholders, all defendants in the action captioned *Official Committee of Unsecured Creditors of Motors Liquidation Co. v. JPMorgan Chase Bank, N.A. et al.*, Adv. Pro. No. 09-00504 (Bankr. S.D.N.Y. July 31, 2009) (the "**Term Loan Avoidance Action**"), and all holders of Allowed General Unsecured Claims, other than Plaintiffs, will be deemed to irrevocably waive and release any and all rights to these Adjustment Shares, as well as the Settlement Amount.

8.    The Settlement Agreement does not contemplate the resolution of any claims of Plaintiffs against New GM, and Plaintiffs expressly reserve any claims against New GM. The Settlement Fund does not represent full and final satisfaction of any such claims and the Bankruptcy Court's estimate of the aggregate allowed general unsecured claims in a Claims Estimate Order is not a cap on any such claims.

---

[5]    See *Second Amended and Restated Master Sale and Purchase Agreement, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation and Chevrolet-Saturn of Harlem, Inc., as Sellers, and NGMCO, Inc., as Purchaser*, dated as of June 26, 2009 (the "**AMSPA**"), § 3.2(c).

3

CONFIDENTIAL

GUC_0003467

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*GDC/AG COMMENTS 7/28/2017*
*DRAFT*

9.      As part of the Settlement Agreement, the Parties by this Motion, request that the

Court enter an Order approving and establishing Notice Procedures for notice of the 9019

Motion.

## JURISDICTION

10.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

11.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## NOTICE PROCEDURES

12.      Pursuant to the Settlement Agreement, the Parties propose that they provide

notice of the 9019 Motion, and the hearing date to consider approval of the Settlement

Agreement and Claims Estimate Order, pursuant to the below "**Notice Procedures**":

    i.     publication notice in the form attached hereto as **Exhibit B** by the following multimedia channels: USA Today National Edition Run-of Press, PR Newswire, on-line search advertising, on-line banner advertising, twitter advertising, and a settlement website;

    ii.    notice by postcard in the form attached hereto as **Exhibit C** to: (A) all persons in the United States who, as of July 10, 2009, owned or leased a defective vehicle manufactured by Old GM included in the Recalls; and (B) all Pre-Closing Accident Plaintiffs who have filed a lawsuit against New GM as of the date of the Settlement Agreement;[6]

    iii.   notice to all defendants in the Term Loan Avoidance Action via the Bankruptcy Court's ECF system and, to the extent a defendant is not registered to receive notice via the ECF system, via postcard in the form attached hereto as **Exhibit C**;

    iv.   notice via DTC's LENSNOTICE system to holders of beneficial units of the GUC Trust; and

    v.    notice via ECF to all entities, including New GM, that receive electronic notice from the Court's ECF system.

---

[6]   The Parties request that the Court order New GM to turn over the names and addresses of individuals in category (ii).

4

13.    Pursuant to the Settlement Agreement, the GUC Trust shall be responsible for funding the cost of the notice contemplated hereby, up to an amount of $5,000,000 (the "**Notice Cost Cap Amount**").[7]    As described further below, the GUC Trust respectfully requests authority to "hold back" and reallocate for use up to $5,000,000 from otherwise distributable assets of the GUC Trust for use in funding the Notice Procedures.

14.    The Parties request that this Court:  (i) schedule the hearing to consider approval of the 9019 Motion for [ ], 2017 at [ ] (EST) (the "**Hearing**"); and (ii) establish [ ], 2017 at [ ] (EST), as the deadline by which all responses and objections to the 9019 Motion must be filed and served.

15.    The Parties respectfully submit that the foregoing Notice Procedures, and requested hearing date and objection deadline, will provide comprehensive notice to all affected parties of the terms and the relief to be sought at the hearing to consider approval of the 9019 Motion, and that no other or further notice is necessary or required.

## RELIEF REQUESTED

16.    By this Motion, the Parties respectfully request that the Court enter an order approving the Notice Procedures substantially in the form attached to this Motion as **Exhibit A**.

## BASIS FOR RELIEF

17.    Bankruptcy Code Section 105(a) provides a bankruptcy court with broad powers in its administration of a case.  See 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").  Pursuant to Section 105(a), the Bankruptcy Court has expansive equitable powers to achieve fairness and justice in the reorganization process.  See, e.g., Croton River Club, Inc. v. Half Moon Bay

---

[7]    Based upon proposals received from vendors, the cost of the notice contemplated hereby is approximately $[_____].

CONFIDENTIAL

GUC_0003469

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*GDC/AG COMMENTS 7/28/2017*
*DRAFT*

Homeowners Ass'n (In re Croton River Club, Inc.), 52 F.3d 41 (2d Cir. 1994) (holding that bankruptcy courts have broad equity power to manage affairs of debtors).

18.    In addition, the Court has the authority and discretion under Bankruptcy Code Section 105(d) to issue and prescribe procedures and conditions as the Court deems appropriate to ensure that matters before it are handled expeditiously and economically.  See 11 U.S.C. § 105(d); In re Fletcher Int'l, Ltd., 536 B.R. 551, 560 (S.D.N.Y. 2015), aff'd, 661 F. App'x 124 (2d Cir. 2016).  Under Bankruptcy Rule 2002, no less than 21 days' notice must be provided for proposed settlements under Bankruptcy Rule 9019.[8]

19.    Entry of the Proposed Order is appropriate under Bankruptcy Code Sections 105(a) and 105(d), as complemented by Bankruptcy Rule 9019, because it will allow the Parties to:  (i) comply with the terms of the Settlement Agreement (which specifically require the Parties to receive an order from this Court approving the Notice Procedures); and (ii) implement a process in which appropriate notice will be given to all relevant parties in interest so that this Court can consider the appropriateness of the 9019 Motion at the Hearing.

20.    [CONSIDER ADDING MORE DETAIL ON THE NOTICING PROCESS AND WHY WE THINK IT IS SUFFICIENT.  E.G. THAT SENDING FULL COPIES OF PLEADINGS WOULD COST TOO MUCH, KCC DID AN ANALYSIS OF WHAT WOULD MAXIMIZE NOTICE WHILE KEEPING COSTS REASONABLE UNDER THE CIRCUMSTANCES, ETC.  SEE E.G. TAKATA MOTION FOR NOTICE PROCEDURES.  ALSO CONSIDER NOTING HOW THESE PROCEDURES ARE SIMILAR TO WHAT IS BEING USED IN TAKATA].

---

[8]    [NTD – 45 days was used in Takata at the recommendation of Prime Clerk.  Does KCC recommend a 21 or 45 day period given the extensive mailing?].

6

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*GDC/AG COMMENTS 7/28/2017*
*DRAFT*

21.     As noted above, the GUC Trust shall be responsible for funding the cost of the

Notice Procedures up to the Notice Cost Cap Amount. Pursuant to Section 6.1(b) of the Second

Amended and Restated GUC Trust Agreement dated as of July 30, 2015 (the "**GUC Trust**

**Agreement**"), the GUC Trust Administrator is afforded the flexibility to "hold back" from

distributions (with the approval of FTI Consulting, Inc. as monitor of the GUC Trust (in such

capacity, the "**GUC Trust Monitor**"))[9] otherwise distributable assets for the purposes of, among

other things, funding fees, costs and expenses of the GUC Trust to the extent that such fees, costs

and expenses are not otherwise contemplated by the GUC Trust's budget. *See* GUC Trust

Agreement § 6.1(b). The GUC Trust Agreement further permits the GUC Trust Administrator to

seek Bankruptcy Court authority to reallocate and use the "held back" funds for the purposes of

satisfying such fees, costs and expenses as incurred (such funds, as reallocated, "**Other GUC**

**Trust Administrative Cash**"). *Id.* Section 6.13 of the GUC Trust Agreement provides that to

the extent any "expenses, costs, liabilities, obligations or fees [are] incurred by the GUC Trust...

in connection with the wind-down of the Debtors' affairs... [such liabilities] shall be satisfied...

from the applicable portion of Other GUC Trust Administrative Cash." *See* GUC Trust

Agreement § 6.13.

22.     The GUC Trust's agreement to pay up to $5 million for the notice contemplated

hereby is not currently budgeted by the GUC Trust and falls well within the types of "expenses,

costs, liabilities, obligations or fees" that may be "held back" and reallocated for use by the GUC

Trust pursuant to Section 6.13 of the GUC Trust Agreement. Accordingly, the GUC Trust

submits that, pursuant to Section 6.1(b) of the GUC Trust Agreement, the request to reallocate up

---

[9]    As required by Section 6.1 of the GUC Trust Agreement, the GUC Trust Administrator has consulted with the GUC Trust Monitor with respect to the proposed reallocation and use of distributable cash. GUC Trust Agreement § 6.1. The GUC Trust Monitor has indicated that it supports the relief requested herein.

CONFIDENTIAL

GUC_0003471

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*GDC/AG COMMENTS 7/28/2017*
*DRAFT*

to $5 million of otherwise distributable assets for the purposes of funding the Notice Procedures is warranted.

## NOTICE

23.    Notice of this Motion has been provided to all entities that receive electronic notice from the Court's ECF system and otherwise in accordance with the *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rules 1015(c) and 9007 establishing Notice and Case Management Procedures*, dated May 5, 2011 (Bankr. Dkt. No. 10183).

24.    No previous application for the relief sought in this Motion has been made to this or any other Court.

## CONCLUSION

WHEREFORE the Parties respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and equitable.

Dated: July [ ], 2017          Respectfully submitted,
New York, New York

                              */s/ Draft*
                              Edward S. Weisfelner
                              Howard S. Steel
                              BROWN RUDNICK LLP
                              Seven Times Square
                              New York, New York 10036
                              Tel: 212-209-4800
                              eweisfelner@brownrudnick.com
                              hsteel@brownrudnick.com

                              Sander L. Esserman
                              STUTZMAN, BROMBERG, ESSERMAN
                              &PLIFKA, A PROFESSIONAL
                              CORPORATION
                              2323 Bryan Street, Ste 2200
                              Dallas, Texas 75201
                              Tel: 214-969-4900

8

*PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT
GDC/AG COMMENTS 7/28/2017
DRAFT*

esserman@sbep-law.com

*Designated Counsel for the Ignition Switch
Plaintiffs and Certain Non-Ignition Switch
Plaintiffs in the Bankruptcy Court*

Steve W. Berman (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO
LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: 206-623-7292
steve@hbsslaw.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch
Plaintiffs and Certain Non-Ignition Switch
Plaintiffs in the MDL Court*

William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: 212-813-8800
wweintraub@goodwinlaw.com
gfox@goodwinlaw.com

*Counsel to Those Certain Pre-Closing
Accident Plaintiffs Represented By Hilliard
Muñoz Gonzales L.L.P. and the Law Offices
of Thomas J. Henry*

Robert Hilliard, Esq.
HILLIARD MUÑOZ GONZALES LLP
719 South Shoreline
Suite 500

9

GUC_0003473

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*GDC/AG COMMENTS 7/28/2017*
*DRAFT*

Corpus Christi, TX 78401
Tel: 361-882-1612
bobh@hmglawfirm.com

*Counsel to Certain Pre-Closing Accident*
*Plaintiffs*

Thomas J. Henry, Esq.
THE LAW OFFICES OF THOMAS J.
HENRY
4715 Fredricksburg, Suite 507
San Antonio, TX 78229

*Counsel to Certain Pre-Closing Accident*
*Plaintiffs*

Matthew Williams
Keith R. Martorana
Gabriel Gillett
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
Tel: 212-351-400

*Counsel for Wilmington Trust Company, as*
*Administrator and Trustee of the GUC Trust*

10

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*GDC/AG COMMENTS 7/28/2017*
*DRAFT*

# EXHIBIT A

GUC_0003475

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*GDC/AG COMMENTS 7/28/2017*
*DRAFT*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                            :

In re:                             :         Chapter 11

MOTORS LIQUIDATION COMPANY, et al.,  :        Case No.: 09-50026 (MG)

     f/k/a General Motors Corp., et al.,   :

                             :

                    Debtors.   :         (Jointly Administered)

-------------------------------------------------------------X

**ORDER APPROVING NOTICE PROCEDURES**
**WITH RESPECT TO PROPOSED SETTLEMENT BY AND**
**AMONG THE SIGNATORY PLAINTIFFS AND THE GUC TRUST**

Upon the *Motion for Order Approving Notice Procedures with Respect to Proposed Settlement by and Among the Signatory Plaintiffs and the GUC Trust*, dated [ ], 2017 (the "**Motion**"),[10] of the Ignition Switch Plaintiffs, Certain Non-Ignition Switch Plaintiffs, Certain Pre-Closing Accident Plaintiffs and the GUC Trust (collectively the "**Parties**") for approval of the Notice Procedures with respect to the 9019 Motion, all as more fully described in the Motion; and the Bankruptcy Court having considered the Motion; and a hearing on the Motion having been held before this Bankruptcy Court on _____, 2017 (the "**Hearing**") to consider the relief requested in the Motion; and the Bankruptcy Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Plan; and the Bankruptcy Court having considered the statements of counsel on the record of the Hearing and the filings of the parties in connection the Motion; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the Hearing; and it appearing that proper and adequate notice of the Motion has been given and that

---

[10] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*GDC/AG COMMENTS 7/28/2017*
*DRAFT*

no other or further notice is necessary; and after due deliberation and sufficient cause appearing

therefor, it is

**ORDERED** that the Motion is granted as set forth herein; and it is further

**ORDERED** that the Notice Procedures are approved; and it is further

**ORDERED** that notice of the 9019 Motion in accordance with the Notice Procedures

will be sufficient and effective notice in satisfaction of federal and state due process

requirements and other applicable law to put the parties in interest in these Chapter 11 cases, all

Plaintiffs, and others on notice of the 9019 Motion; and it is further

**ORDERED** that, pursuant to Section 6.1(b) of the GUC Trust Agreement, the GUC

Trust is authorized to reallocate and use up to $5,000,000 of otherwise distributable assets to

satisfy the costs of the Notice Procedures.

**ORDERED** that, no later than two (2) days after the entry of this Order, New GM shall

turn over to the Parties the names and addresses of (A) all persons in the United States who, as of

July 10, 2009, owned or leased a defective vehicle manufactured by Old GM included in the

Recalls; and (B) all Pre-Closing Accident Plaintiffs who have filed a lawsuit against New GM as

of the date of this Order;

**ORDERED** that, all responses and objections to the 9019 Motion must be filed and

served so as to be received by [ ], 2017 at [ ] (EST); and it is further

**ORDERED** that the hearing on the 9019 Motion shall take place in the Bankruptcy Court

on [ ], 2017 at [ ] (EST); and it is further

**ORDERED** that notice of the 9019 Motion as provided herein shall be deemed good and

sufficient notice of the 9019 Motion; and it is further

2

GUC_0003477

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*GDC/AG COMMENTS 7/28/2017*
*DRAFT*

**ORDERED** that this Court retains jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

Dated: _____, 2017
    New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

CONFIDENTIAL                                    GUC_0003478

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*GDC/AG COMMENTS 7/28/2017*
*DRAFT*

# EXHIBIT B

**(Long Form Notice)**

CONFIDENTIAL

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*GDC/AG COMMENTS 7/28/2017*
*DRAFT*

# EXHIBIT C

**(Short Form Postcard Notice)**

                                                 GUC_0003480

DRAFT
GDC/AG COMMENTS 7/28/17

## United States Bankruptcy Court for the Southern District of New York

### NOTICE OF PROPOSED SETTLEMENT

> **Subject to court approval of the settlement, current and former owners and lessees of certain General Motors vehicles that were subject to recalls listed below may have their rights affected by a settlement, including the release of claims, and may be entitled to a payment from the settlement.**

*The Bankruptcy Court authorized this Notice. This is not a solicitation from a lawyer.*

**If you are an Affected Person (as defined below), your legal rights may be affected whether you act or do not act.**

#### Please Read this Notice Carefully

This Notice provides information about a proposed settlement (the "Settlement") of claims in the bankruptcy cases titled *In re Motors Liquidation Company, et al., f/k/a General Motors Corp.*, Bankr. No. 09-50026, pending before Judge Martin Glenn of the United States Bankruptcy Court for the Southern District of New York (the "Old GM Bankruptcy Case") against the Motors Liquidation Company General Unsecured Creditors Trust (the "GUC Trust") by owners and lessees of General Motors Corporation ("Old GM") vehicles containing certain defective ignition switches, side airbags, or power steering that were included in certain National Highway Traffic Safety Administration ("NHTSA") recalls listed below. The claims include allegations that consumers overpaid when they bought cars with defects, and/or suffered personal injury or wrongful death based on or arising from an accident involving certain of these vehicles that occurred prior to July 10, 2009. A motion (the "Settlement Motion") seeking entry of an order approving the Settlement Agreement (the "Settlement Order") has been filed in the Bankruptcy Court, along with the Settlement Agreement, and can be found at the case website at **www. .com** (the "Settlement Website").

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **The Settlement Agreement** | • Affected Persons can write to the Court about why you do not like the Settlement. |
| | • More information about how to object can be found in paragraph __ and at the Settlement Website at **www. .com**. |
| | • The Court will hold a hearing on _____, **2017 at** _____ to determine whether to approve the Settlement Agreement. Please note that the date and time of the hearing is subject to change without further notice other than an announcement on the Settlement Website. |

QUESTIONS? VISIT WWW. .COM

010440-11 973164 V1

CONFIDENTIAL

DRAFT
GDC/AG COMMENTS 7/28/17

| Distributions | • The Settlement provides Affected Persons with the exclusive benefit of the Settlement Fund (defined below). Procedures for the administration and allocation to Affected Persons of the Settlement Fund, including criteria for Affected Persons to assert a claim against the Settlement Fund and the allocation methodology, will be established, subject to notice and an opportunity for Affected Persons to object. |
|---|---|

## WHAT THIS NOTICE CONTAINS

### {INSERT TOC}

### BASIC INFORMATION

**1.  What is this Notice and why should I read it?**

This Notice is to inform you of the proposed Settlement of claims in the Old GM Bankruptcy Case. The Bankruptcy Court has scheduled a hearing on the Settlement Motion on      , 2017 at   :   a.m./p.m. in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, Courtroom 523. Please note that the date of the hearing may be changed without notice, other than an announcement on the Settlement Website. Affected Persons are encouraged to visit www.     .com for future updates.

This Notice explains the terms of the Settlement and your legal rights.

**2.  What is the Settlement about?**

In the Old GM Bankruptcy Case, Ignition Switch Plaintiffs[1] and certain Non-Ignition Switch Plaintiffs[2] sought leave to file late proposed class claims against the GUC Trust seeking relief for alleged economic losses related to Old GM's alleged concealment of serious safety defects in ignition switches, side airbags, and power steering. Certain Pre-Closing Accident Plaintiffs[3] have likewise sought leave to file late personal injury and wrongful death claims against the GUC Trust related to Old GM vehicles.

The Ignition Switch Plaintiffs, certain Non-Ignition Switch Plaintiffs, certain Pre-Closing Accident Plaintiffs (collectively, the "Signatory Plaintiffs"), and the GUC Trust (together with the Signatory Plaintiffs, the "Parties") negotiated the Settlement Agreement to resolve these claims, as well as the economic loss, personal injury or wrongful death claims that have been

---

[1]    The term "Ignition Switch Plaintiffs" shall mean those plaintiffs asserting economic loss claims who, as of July 10, 2009, owned or leased a vehicle with an ignition switch defect included in Recall No. 14V-047.

[2]    The term "Non-Ignition Switch Plaintiffs" shall mean those plaintiffs asserting economic loss claims who, as of July 10, 2009, owned or leased a vehicle with defects in ignition switches, side airbags or power steering included in Recall Nos. 14V-355, 14V-394, 14V-400, 14V-346 and 14V-540, 14V-118 and 14V-153.

[3]    The term "Pre-Closing Accident Plaintiffs" shall mean those plaintiffs asserting personal injury or wrongful death claims based on or arising from an accident involving an Old GM vehicle that occurred prior to the closing of the Section 363 Sale.

QUESTIONS?  VISIT WWW.     .COM

010440-11 973164 V1

DRAFT
GDC/AG COMMENTS 7/28/17

or may be asserted by other parties against the GUC Trust (collectively with the Signatory Plaintiffs, the "Affected Persons").

The Settlement avoids the risk and cost of a trial, but still provides relief to the Affected Persons. The Signatory Plaintiffs and their attorneys think that the Settlement is in the best interests of Affected Persons and that it is fair, adequate, and reasonable.

## WHO IS INCLUDED IN THE SETTLEMENT?

To see if you are affected by the proposed Settlement, you first have to determine if you are an Affected Person.

**3. How do I know if I am part of the Settlement?  What is the definition of Affected Person?**

If you fall under one of the categories below, you are an Affected Person whose claims against Old GM, the GUC Trust, the GUC Trust's current and previously distributed assets and certain other parties will be waived and released as part of the Settlement (and in lieu thereof will be entitled to assert your claims against Settlement Fund):

A. All persons in the United States who, as of July 10, 2009, owned or leased a vehicle manufactured by Old GM included in the following recalls:

**(1)** Delta Ignition Switch Vehicles included in Recall No. 14v047: 2005-2010: Chevy Cobalt, 2006-2011 Chevy HHR, 2007-2010 Pontiac G5, 2007-2010 Saturn Sky, 2003-2007 Saturn ION, and 2006-2010 Pontiac Solstice;

**(2)** Low Torque Ignition Switch Vehicles, which are included in Recall Nos. 14v355, 14v394, and 14v400: 2005-2009:  Buick Lacrosse, 2006-2014 Chevrolet Impala, 2000-2005 Cadillac Deville, 2006-2011 Cadillac DTS, 2006-2011 Buick Lucerne, and 2006-2008 Chevrolet Monte Carlo; 2003-2014 Cadillac CTS and the 2004-2006 Cadillac SRX; and 1997-2005 Chevrolet Malibu, 2000-2005 Chevrolet Impala, 2000-2005 Chevrolet Monte Carlo, 2000-2005 Pontiac Grand Am, 2004-2008 Pontiac Grand Prix, 1998-2002 Oldsmobile Intrigue, and 1999-2004 Oldsmobile Alero;

**(3)** Other Vehicles with defective ignition switches in Recall Nos. 14V-346, and 14V-540: 2010-2014 Chevrolet Camaro, 2011-2013 Chevrolet Caprice, and 2008-2009 Pontiac G8;

**(4)** Side Airbag Defect Vehicles included in Recall No. 14v118: 2008-2013 Buick Enclave, 2009-2013 Chevrolet Traverse, 2008-2013 GMC Acadia, and 2008-2010 Saturn Outlook; and

**(5)** Power Steering Defect Vehicles included in Recall No. 14v153: 2004-2006 and 2008-2009 Chevrolet Malibu, 2004-2006 Chevrolet Malibu Maxx, 2009-2010 Chevrolet HHR, 2010 Chevrolet Cobalt, 2005-2006 and 2008-2009 Pontiac G6, 2004-2007 Saturn Ion, and 2008-2009 Saturn Aura.

B.  All persons who have suffered personal injury or wrongful death claims based on or arising from an accident involving a vehicle subject to the foregoing recalls that occurred prior to July 10, 2009.

QUESTIONS?  VISIT WWW._____.COM

010440-11 973164 V1

CONFIDENTIAL

DRAFT
GDC/AG COMMENTS 7/28/17

## THE TERMS OF THE SETTLEMENT AGREEMENT

### 4. What am I giving up under the Settlement Agreement?

Under the proposed Settlement, each Affected Person will be deemed to have waived and released (the "Waiver") any claims that the Affected Person might otherwise directly or indirectly assert against the GUC Trust, the trust administrator of the GUC Trust, the current and previously distributed assets of the GUC Trust, the Motors Liquidation Company Avoidance Action Trust, the holders of beneficial units in the GUC Trust and certain other related parties (the "Released Parties").

If approved by the Bankruptcy Court, the Settlement will prohibit you from suing or being part of any other lawsuit or claim against the Released Parties that relate to the recalls, the Old GM Bankruptcy Case, or the multi-district litigation pending before Judge Furman in the United States District Court for the Southern District of New York, Case No. 14-md-2543 (JMF) (the "GM MDL"). The specifics of the Waiver are set out in more detail in the Settlement Agreement and proposed Settlement Order, which are posted at **www.          .com**. The Settlement Agreement and proposed Settlement Order describe the Waiver in specific legal terminology. Talk to your own lawyer if you have questions about the Waiver or what it means.

Nothing in the Settlement Agreement or Settlement Order shall waive any claims that any Affected Person may have against General Motors LLC ("New GM") or constitute an election of remedies by any Affected Person.

### 5. What am I receiving under the Settlement Agreement?

The Settlement allows Affected Persons to assert claims against a Settlement Fund for administration and potential satisfaction. The Settlement Fund will consist of the Settlement Amount and may include the Adjustment Shares, as detailed below.

Neither the Settlement Fund nor the Adjustment Shares (nor any distribution thereof to any Affected Person) shall represent full and final satisfaction of any claim that any Affected Person may have against New GM, all of which claims are expressly reserved. The Bankruptcy Court's estimate of the aggregate allowed claims in the Claims Estimate Order shall not operate as a cap on any of the claims of any of the Affected Persons against New GM.

#### A. The Settlement Amount

In exchange for the Waiver, the GUC Trust will pay $15,000,000 (the "Settlement Amount") to the Settlement Fund, subject to the Settlement Order becoming a final order (unless the GUC Trust waives the final order requirement).

#### B. The Adjustment Shares

The Amended Master Sale and Purchase Agreement pursuant to which New GM purchased substantially all of the assets of Old GM provides that if the Bankruptcy Court issues an order

010440-11 973164 V1

CONFIDENTIAL

DRAFT
GDC/AG COMMENTS 7/28/17

("Claims Estimate Order") finding that the estimated aggregate allowed general unsecured claims against the Old GM estate exceeds $35 billion, then New GM must issue additional shares of New GM common stock (the "Adjustment Shares"). If the estimate reaches or exceeds $42 billion, New GM must issue the maximum amount of Adjustment Shares (30 million shares).

As part of the Settlement Agreement, the GUC Trust, following a review of evidence and expert reports provided by the Signatory Plaintiffs, agreed to support entry of a Claims Estimate Order: (i) finding that the allowable amount of Affected Persons' claims against the GUC Trust, when combined with all of the other allowed general unsecured claims against the Old GM bankruptcy estate, equals or exceeds $42 billion, thus triggering the maximum amount of Adjustment Shares (30 million shares); and (ii) directing that the Adjustment Shares, or the value of the Adjustment Shares, be promptly delivered to the Settlement Fund by New GM.

The Parties have sought entry of the Claims Estimate Order as part of the Settlement Motion. The current value of 30 million shares of New GM common stock is approximately $1.08 billion.

Regardless of whether the Claims Estimate Order is entered, the Settlement Agreement remains binding, including the Waiver and the payment of the Settlement Amount.

### C.  How will the Settlement Fund be allocated and distributed?

The Settlement Fund is for the exclusive benefit of Affected Persons. The value of the Settlement Fund will be first allocated by the Lead Lawyers for the economic loss claims and the Lead Lawyers for the personal injury claims in the GM MDL. Thereafter, the economic loss lawyer lead counsel and the personal injury lawyer lead counsel will determine the specifics for distribution within each pool, including the criteria for determining eligibility for payment. Any agreement on the allocation process and the distribution procedure will be described at www._____.com when determined and Affected Persons will be provided with notice and an opportunity to object.

## LEGAL REPRESENTATION

### 6.  Do I have a lawyer in this case?

The counsel to the Signatory Plaintiffs, listed below, negotiated the Settlement Agreement and jointly filed the Settlement Motion. You will not be charged for services performed by this counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

If you want to contact the counsel for the Signatory Plaintiffs, they can be reached by sending an email to **info@_____.com** or as follows:

| | |
|---|---|
| Steve W. Berman | Robert C. Hilliard |
| HAGENS BERMAN SOBOL SHAPIRO LLP | HILLIARD MUNOZ GONZALES LLP |
| 1918 Eighth Avenue, Suite 3300 | 719 S Shoreline Blvd., # 500 |
| Seattle, WA 98101 | Corpus Christi, TX 78401 |
| Telephone: (206) 623-7292 | Telephone: (361) 882-1612 |

QUESTIONS? VISIT WWW._____.COM

010440-11 973164 V1

CONFIDENTIAL

GUC_0003485

DRAFT
GDC/AG COMMENTS 7/28/17

| | |
|---|---|
| steve@hbsslaw.com | bobh@hmglawfirm.com |
| Elizabeth J. Cabraser<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN<br>275 Battery Street, 29th Floor<br>San Francisco, California 94111<br>Telephone: (414) 956-1000<br>ecabraser@lchb.com<br>Co-Lead Counsel for the Economic Loss<br>Plaintiffs in the MDL Court | Counsel for Certain Pre-Closing<br>Accident Plaintiffs<br><br><br><br><br><br>Thomas J. Henry, Esq.<br>THE LAW OFFICES OF THOMAS J.<br>HENRY |
| Edward S. Weisfelner<br>BROWN RUDNICK LLP<br>BROWN RUDNICK LLP<br>Seven Times Square<br>New York, New York 10036<br>Tel: 212-209-4800<br>eweisfelner@brownrudnick.com | 4715 Fredricksburg, Suite 507<br>San Antonio, TX 78229<br><br>Counsel for Certain Pre-Closing<br>Accident Plaintiffs<br><br>William P. Weintraub<br>GOODWIN PROCTER LLP |
| Sander L. Esserman<br>STUTZMAN, BROMBERG, ESSERMAN &<br>PLIFKA, P.C.<br>2323 Bryan Street, Ste 2200<br>Dallas, Texas 75201<br>Tel: 214-969-4900<br>esserman@sbep-law.com | The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018<br>Tel: 212-813-8800<br>wweintraub@goodwinlaw.com<br><br>Counsel to Those Certain Pre-Closing<br>Accident Plaintiffs Represented By Hilliard |
| Designated Counsel for the Economic Loss<br>Plaintiffs in the Bankruptcy Court | Muñoz Gonzales L.L.P. and the Law Offices<br>of Thomas J. Henry |

**7.  How will the lawyers be paid?**

Procedures for the payment of attorneys' fees for counsel to the Signatory Plaintiffs from the Settlement Fund will be established, subject to notice and an opportunity for Affected Persons to object.

### OBJECTING TO THE SETTLEMENT

**8.  How do I tell the Court I do not like the Settlement?**

If you are an Affected Person, you can object to the proposed Settlement if you don't like it. You can give reasons why you think the Court should not approve any or all of these items, and the Court will consider your views.

To object, you must file your objection with the Court. To be timely, your objection must be filed with the Court by no later than _____ __, **2017 at 4:00 p.m. (Eastern Time)** at the following addresses:

QUESTIONS? VISIT WWW._____.COM

010440-11 973164 V1

CONFIDENTIAL

DRAFT
GDC/AG COMMENTS 7/28/17

| The Court | Judge Martin Glenn |
|---|---|
| | United States Bankruptcy Court for the Southern District of New York |
| | One Bowling Green |
| | New York, NY 10004-1408 |
| | Courtroom: 523 |

**NOTE:** You may mail your objection to the Court, but it must be received by the Court and filed by _____, 2017, at 4:00 p.m. (Eastern Time). See www._____.com for more information on how to object to the Settlement.

## THE COURT'S SETTLEMENT APPROVAL HEARING

**9. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing to decide whether to approve the proposed Settlement. The hearing will be on _____, ___, 2017, at ___ : ___ .m. before Judge Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, Courtroom 523. Please note that the date of the hearing may be changed without notice other than an announcement on the Settlement Website. Affected Persons are encouraged to visit www._____.com for future updates.

At the hearing, the Court will consider whether the proposed Settlement and all of its terms falls within the range of reasonableness required for approval of the Settlement. If there are objections, the Court will consider them. The Court may listen to people who have asked for permission to speak at the hearing and have complied with the other requirements for objections explained in Section ___.

At or after the hearing, the Court will decide whether to approve the proposed Settlement. There may be appeals after that. There is no set timeline for either the Court's final approval decision, or for any appeals that may be brought from that decision, so it is impossible to know exactly when and if the Settlement will become final.

The Court may change deadlines listed in this Notice without further notice. To keep up on any changes in the deadlines, please visit www._____.com.

**10. Do I have to go to the hearing?**

Counsel to the Signatory Plaintiffs will appear at the hearing in support of the Settlement and will answer any questions asked by the Court.

If you send an objection, you don't have to come to Court to talk about it. So long as you filed your written objection on time and complied with the other requirements for a proper objection, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**11. May I speak at the hearing?**

Yes. If you submitted a proper written objection to the Settlement, you or your lawyer may, at your own expense, come to the hearing and speak.

QUESTIONS? VISIT WWW._____.COM

CONFIDENTIAL

DRAFT
GDC/AG COMMENTS 7/28/17

## GETTING MORE INFORMATION

### 12. How do I get more information about the Settlement?

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement and proposed Settlement Order, available at www._____.com.

| YOU MAY OBTAIN ADDITIONAL INFORMATION BY | |
|---|---|
| **VISITING THE SETTLEMENT WEBSITE** | Please go to www._____.com, where you will find answers to common questions and other detailed information to help you. |
| **REVIEWING LEGAL DOCUMENTS** | You can review the legal documents that have been filed with the Clerk of Court in these cases at: United States Bankruptcy Court for the Southern District of New York One Bowling Green New York, NY 10004-1408. You can access the Court dockets in these cases through the court documents and claims register website at http://www.motorsliquidationdocket.com/ or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. |

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK TO ASK QUESTIONS ABOUT THE LAWSUITS, THE SETTLEMENT, OR THIS NOTICE.**

QUESTIONS? VISIT WWW._____.COM

DRAFT
GDC/AG COMMENTS 7/28/17

## Important Court-Approved Legal Notice from the United States Bankruptcy Court for the Southern District of New York

## Subject to court approval, current and former owners and lessees of certain General Motors vehicles subject to recalls listed below may have their rights affected by a settlement, including the release of claims, and may be entitled to a payment from the settlement.

A proposed settlement (the "Settlement") has been reached with respect to claims of owners and lessees of General Motors Corporation ("Old GM") vehicles containing defective ignition switches, side airbags, or power steering included in the following recalls: 14V-047, 4V-355, 14V-394, 14V-400, 14V-346, 14V-540, 14V-118 and 14V-153 (the "Recalls"). The claims include allegations that consumers overpaid when they bought cars with defects, and/or suffered personal injury or wrongful death based on or arising from an accident involving certain of these vehicles that occurred prior to July 10, 2009. A motion seeking entry of an order approving the Settlement (the "Settlement Order") has been filed in the Bankruptcy Court and can be found, along with the Settlement Agreement, at the case website at www._____.com. (the "Settlement Website"). **The purpose of this notice is to inform you of the proposed Settlement and your legal rights.**

**Who is Included? General Motors LLC's ("New GM") records indicate that you may be affected by the Settlement or the Settlement Order.** If the Settlement is approved by the Bankruptcy Court, persons in the United States who, as of July 10, 2009, owned or leased a vehicle manufactured by Old GM included in the Recalls ("Affected Persons") will have their claims (if any) against the GUC Trust, its current and previously distributed assets, and certain other parties waived and released. In lieu thereof, such persons will be entitled to assert their claims against a newly created trust, fund or other vehicle (the "Settlement Fund") established to hold the proceeds of the Settlement and may be eligible for a cash distribution from the Settlement Fund. A complete list of the cars currently included in the Settlement is posted on the Settlement Website.

**What are the Settlement Terms?** Under the proposed Settlement, each Affected Person will be deemed to provide a waiver and release of any claims they might otherwise directly or indirectly assert against the GUC Trust, the trust administrator of the GUC Trust, the past and present assets of the GUC Trust, the Motors Liquidation Company Avoidance Action Trust and/or the holders of beneficial units in the GUC Trust. In exchange, the GUC Trust will pay $15 million into the Settlement Fund and support entry of an order estimating the aggregate allowed claims against the Old GM bankruptcy estate, including all Affected Persons' claims, at no less than $42 billion (the "Claims Estimate Order"). If the Claims Estimate Order is entered, New GM may be required to issue up to 30 million shares of New GM common stock to the Settlement Fund. The current value of 30 million shares of New GM common stock is approximately $1.08 billion. For further details about the Settlement, including the relief, eligibility, allocation, and release of claims, you can review the Settlement Agreement and the proposed Settlement Order at the Settlement Website.

- 1 -

010440-11 973287 V1

CONFIDENTIAL

GUC_0003489

DRAFT
GDC/AG COMMENTS 7/28/17

**How Can I Get a Payment?**  With the assistance of a court-appointed mediator, the Lead Lawyers for the economic loss claims and the Lead Lawyers for certain of the personal injury claims in the GM MDL (as that term is defined in the Settlement Agreement) will allocate the value of the Settlement Fund and determine the specifics for distribution within each pool.  Information on allocation, including objection and distribution procedures, will be provided on the Settlement Website.

**Your Other Options.**  You can object to the proposed Settlement.  The Long Form Notice available on the Settlement Website listed below explains how to object to the Settlement Motion.  The Court will hold a hearing **on _____ __, 2017 at _____[a][p]m** to consider whether to approve the Settlement. You may appear at the hearing, either yourself or through an attorney hired by you, but you do not have to.  Please note that the date and time of the hearing is subject to change without further notice other than an announcement on the Settlement Website.  For more information, call or visit the Settlement Website below.

**1-8xx-xxx-xxxx**                    **www._____.com**


[On the back of the postcard will be the plaintiff's name and address, and court logo:]

<u>Court-Approved Settlement Notice</u>



Plaintiff John Doe
123 45th Street
Anytown, USA. _____

General Motors Bankruptcy Settlement Information [or something like that]

010440-11  973287 V1

CONFIDENTIAL

GUC_0003490

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*BR DRAFTGDC/AG COMMENTS 7/2528/2017*
*DRAFT*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
                                                            :
In re:                                                      :          Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,                         :          Case No.: 09-50026 (MG)
          f/k/a General Motors Corp., et al.,               :
                                                            :
                                        Debtors.            :          (Jointly Administered)
------------------------------------------------------------X

**MOTION FOR ORDER APPROVING NOTICE**
**PROCEDURES WITH RESPECT TO PROPOSED SETTLEMENT**
**BY AND AMONG THE SIGNATORY ~~PLAINITIFFS~~PLAINTIFFS AND THE GUC**
**TRUST**

The Ignition Switch Plaintiffs,[1] certain Non-Ignition Switch Plaintiffs,[2] certain Pre-Closing Accident Plaintiffs[3] (collectively, the "**Signatory Plaintiffs**") and the Motors Liquidation Company GUC Trust (the "**GUC Trust**," together with the Signatory Plaintiffs, the "**Parties**") hereby submit this *Motion for ~~Entry of~~ Order Approving Notice Procedures with Respect to Proposed Settlement by and Among the Signatory Plaintiffs and the GUC Trust* (the "**Motion**"). In support of this Motion, the Parties respectfully state as follows:

**PRELIMINARY STATEMENT**

---

[1]   The term "**Ignition Switch Plaintiffs**" shall mean those plaintiffs asserting economic loss claims or persons suffering economic losses who, as of ~~November 30,~~July 10, 2009, owned or leased a vehicle with an ignition switch defect included in Recall No. 14V-047.

[2]   The term "**Non-Ignition Switch Plaintiffs**" shall mean those plaintiffs asserting economic losses or persons suffering economic losses who, as of ~~November 30,~~July 10, 2009, owned or leased a vehicle with defects in ignition switches, side airbags or power steering included in Recall Nos. 14V-355, 14V-394, 14V-400, 14V-346 and 14V-540, 14V-118 and 14V-153.

[3]    The term "**Pre-Closing Accident Plaintiffs**" shall mean those plaintiffs asserting personal injury or wrongful death claims based~~or persons who suffered a personal injury or wrongful death~~ on or arising from an accident involving an Old GM vehicle that occurred prior to the closing of the Section 363 Sale. Collectively, all Ignition Switch Plaintiffs, Non-Ignition Switch Plaintiffs and Pre-Closing Accident Plaintiffs are referred to as "**Plaintiffs**."

1

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*BR DRAFTGDC/AG COMMENTS 7/2528/2017*
*DRAFT*

1.     On [ ], 2017, after good faith, arm's-length negotiation, the Signatory Plaintiffs and the GUC Trust entered into the Settlement Agreement.

2.     Following the Court's consideration and approval of this Motion, the Parties intend to file and serve (in the manner contemplated by the proposed Notice Procedures herein) a motion (the "**9019 Motion**") requesting the Court's approval of the Settlement Agreement and Claims Estimate Order.

3.     The Settlement Agreement resolves numerous longstanding, disputed issues including, *inter alia*: (i) whether Plaintiffs should be granted authority to file late proofs of claim (and whether such authority can be granted solely on due process grounds): (ii) whether Plaintiffs' asserted claims are equitably moot; (iii) whether additional grounds exist to object to Plaintiffs' asserted claims; and (iv) the allowable amount of the Signatory Plaintiffs' claims (if any).

4.     Generally, under the Settlement Agreement,[4] the GUC Trust agrees to irrevocably pay [$15,000,000] (the "**Settlement Amount**") into a trust, fund or other vehicle (the "**Settlement Fund**") for the exclusive benefit of Plaintiffs.

5.     In exchange, all Plaintiffs, including those who did not execute the Settlement Agreement, are deemed to irrevocably waive and release all claims (other than those arising under the Settlement Agreement) against Old GM, the Old GM estate, the GUC Trust, the GUC Trust Administrator, holders of beneficial units in the GUC Trust (the "**Unitholders**") and the Motors Liquidation Company Avoidance Action Trust, including a release of any rights to prior or future distributions of or current GUC Trust assets and any rights to distributions by the Motors Liquidation Company Avoidance Action Trust.

---

[4]   This summary of the Settlement Agreement is qualified in its entirety by the terms and provisions of the Settlement Agreement. To the extent that there are any inconsistencies between the description of the Settlement

2

GUC_0003492

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
~~*BR DRAFT*~~*GDC/AG COMMENTS* 7/~~25~~28/2017
*DRAFT*

6.      In addition, the GUC Trust agrees to provide assistance and cooperation in obtaining an order from the Court (the "**Claims Estimate Order**"): (i) finding that the ~~estimate~~estimated aggregate amount of Plaintiffs' claims, together with all other allowed claims, against the estates exceed $42 billion, triggering the provision of the Sale Agreement[5] requiring New GM to issue additional New GM common stock (the "**Adjustment Shares**"); and (ii) directing that those Adjustment Shares be promptly delivered to the Settlement Fund by New GM.

7.      The Signatory Plaintiffs will establish an allocation methodology for subsequent distributions of the Settlement Fund to Plaintiffs, subject to notice and an opportunity for Plaintiffs to object. All Unitholders, all defendants in the action captioned *Official Committee of Unsecured Creditors of Motors Liquidation Co. v. JPMorgan Chase Bank, N.A. et al.*, Adv. Pro. No. 09-00504 (Bankr. S.D.N.Y. July 31, 2009) (the "**Term Loan Avoidance Action**"), and all holders of Allowed General Unsecured Claims, other than Plaintiffs, will be deemed to irrevocably waive and release any and all rights to these Adjustment Shares, as well as the Settlement Amount.

8.      The Settlement Agreement does not contemplate the resolution of any claims of Plaintiffs against New GM, and Plaintiffs expressly reserve any claims against New GM. The Settlement Fund does not represent full and final satisfaction of any such claims and the Bankruptcy Court's estimate of the aggregate allowed general unsecured claims in a Claims Estimate Order is not a cap on any such claims.

9.      As part of the Settlement Agreement, the Parties by this Motion, request that the Court enter an Order approving and establishing Notice Procedures for notice of the 9019 Motion.

---

Agreement contained in the Motion and the terms and provisions of the Settlement Agreement, the Settlement Agreement shall control.

[5]    See *Second Amended and Restated Master Sale and Purchase Agreement, by and among General Motors Corporation, Saturn LLC, Saturn Distribution Corporation and Chevrolet-Saturn of Harlem, Inc., as Sellers, and NGMCO, Inc., as Purchaser*, dated as of June 26, 2009 (the "**AMSPA**"), § 3.2(c).

CONFIDENTIAL

GUC_0003493

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*BR DRAFTGDC/AG COMMENTS 7/2528/2017*
*DRAFT*

## JURISDICTION

10.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

11.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## NOTICE PROCEDURES

12.    Pursuant to the Settlement Agreement, the Parties propose that they provide notice

of the 9019 Motion, and the hearing date to consider approval of the Settlement Agreement and

Claims Estimate Order, pursuant to the below "**Notice Procedures**":

  i.    publication notice in the form attached hereto as **Exhibit B** by the following multimedia channels: USA Today National Edition Run-of Press, PR Newswire, on-line search advertising, on-line banner advertising, twitter advertising, and a settlement website (which, for the avoidance of doubt, may be the GUC Trust's website at www.mlcguctrust.com);

  ii.   notice by postcard in the form attached hereto as **Exhibit C** to: (A) all persons in the United States who, as of November 30,July 10, 2009, owned or leased a defective vehicle manufactured by Old GM included in the Recalls; and (B) all Pre-Closing Accident Plaintiffs who have filed a lawsuit against New GM as of the date of thisthe Settlement Agreement;[6]

  iii.  notice to all defendants in the Term Loan Avoidance Action via the Bankruptcy Court's ECF system and, to the extent a defendant is not registered to receive notice via the ECF system, via postcard in the form attached hereto as **Exhibit C**;

  iv.   notice via DTC's LENSNOTICE system to holders of beneficial units of the GUC Trust; and

  v.    notice via ECF to all entities, including New GM, that receive electronic notice from the Court's ECF system.

13.    Pursuant to the Settlement Agreement, the GUC Trust shall be responsible for

funding the cost of the notice contemplated hereby, up to an amount of $5,000,000 (the "**Notice**

---

[6]   The Parties request that the Court order New GM to turn over the names and addresses of individuals in category (ii).

4

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*BR DRAFTGDC/AG COMMENTS 7/2528/2017*
***DRAFT***

Cost Cap Amount").[7]  As described further below, the GUC Trust respectfully requests authority to "hold back" and reallocate for use up to $5,000,000 from otherwise distributable assets of the GUC Trust for use in funding the Notice Procedures.

14.    13. The Parties request that this Court:  (i) schedule the hearing to consider approval of the 9019 Motion for [ ], 2017 at [ ] (EST) (the "**Hearing**"); and (ii) establish [ ], 2017 at [ ] (EST), as the deadline by which all responses and objections to the 9019 Motion must be filed and served.

15.    14. The Parties respectfully submit that the foregoing Notice Procedures, and requested hearing date and objection deadline, will provide comprehensive notice to all affected parties of the terms and the relief to be sought at the hearing to consider approval of the 9019 Motion, and that no other or further notice is necessary or required.

## RELIEF REQUESTED

16.    15. By this Motion, the Parties respectfully request that the Court enter an order approving the Notice Procedures substantially in the form attached to this Motion as **Exhibit A**.

## BASIS FOR RELIEF

17.    16. Bankruptcy Code Section 105(a) provides a bankruptcy court with broad powers in its administration of a case.  See 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."). Pursuant to Section 105(a), the Bankruptcy Court has expansive equitable powers to achieve fairness and justice in the reorganization process.  See, e.g., Croton River Club, Inc. v. Half Moon Bay Homeowners Ass'n (In re Croton River Club, Inc.), 52 F.3d 41 (2d Cir. 1994) (holding that bankruptcy courts have broad equity power to manage affairs of debtors).

---

[7]    Based upon proposals received from vendors, the cost of the notice contemplated hereby is approximately $[          ].

CONFIDENTIAL

GUC_0003495

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*~~BR DRAFT~~GDC/AG COMMENTS 7/25̶28/2017*
*DRAFT*

18.   ~~17.~~ In addition, the Court has the authority and discretion under Bankruptcy Code

Section 105(d) to issue and prescribe procedures and conditions as the Court deems appropriate to

ensure that matters before it are handled expeditiously and economically.  See 11 U.S.C. § 105(d);

In re Fletcher Int'l, Ltd., 536 B.R. 551, 560 (S.D.N.Y. 2015), aff'd, 661 F. App'x 124 (2d Cir.

2016).  Under Bankruptcy Rule 2002, no less than 21 days' notice must be provided for proposed

settlements under Bankruptcy Rule 9019.[8]

19.   ~~18.~~ Entry of the Proposed Order is appropriate under Bankruptcy Code Sections

105(a) and 105(d), as complemented by Bankruptcy Rule 9019, because it will allow the Parties to:

(i) comply with the terms of the Settlement Agreement (which specifically require the Parties to

receive an order from this Court approving the Notice Procedures); and (ii) implement a process in

which appropriate notice will be given to all relevant parties in interest so that this Court can

consider the appropriateness of the 9019 Motion at the Hearing.

20.   [CONSIDER ADDING MORE DETAIL ON THE NOTICING PROCESS AND

WHY WE THINK IT IS SUFFICIENT. E.G. THAT SENDING FULL COPIES OF

PLEADINGS WOULD COST TOO MUCH, KCC DID AN ANALYSIS OF WHAT WOULD

MAXIMIZE NOTICE WHILE KEEPING COSTS REASONABLE UNDER THE

CIRCUMSTANCES, ETC. SEE E.G. TAKATA MOTION FOR NOTICE PROCEDURES.

ALSO CONSIDER NOTING HOW THESE PROCEDURES ARE SIMILAR TO WHAT IS

BEING USED IN TAKATA].

21.   As noted above, the GUC Trust shall be responsible for funding the cost of the

Notice Procedures up to the Notice Cost Cap Amount.  Pursuant to Section 6.1(b) of the Second

Amended and Restated GUC Trust Agreement dated as of July 30, 2015 (the "**GUC Trust**

---

[8]   [NTD – 45 days was used in Takata at the recommendation of Prime Clerk.  Does KCC recommend a 21 or 45 day period given the

CONFIDENTIAL

GUC_0003496

Agreement"), the GUC Trust Administrator is afforded the flexibility to "hold back" from distributions (with the approval of FTI Consulting, Inc. as monitor of the GUC Trust (in such capacity, the "**GUC Trust Monitor**"))[9] otherwise distributable assets for the purposes of, among other things, funding fees, costs and expenses of the GUC Trust to the extent that such fees, costs and expenses are not otherwise contemplated by the GUC Trust's budget. *See* GUC Trust Agreement § 6.1(b). The GUC Trust Agreement further permits the GUC Trust Administrator to seek Bankruptcy Court authority to reallocate and use the "held back" funds for the purposes of satisfying such fees, costs and expenses as incurred (such funds, as reallocated, "**Other GUC Trust Administrative Cash**"). *Id.* Section 6.13 of the GUC Trust Agreement provides that to the extent any "expenses, costs, liabilities, obligations or fees [are] incurred by the GUC Trust… in connection with the wind-down of the Debtors' affairs… [such liabilities] shall be satisfied… from the applicable portion of Other GUC Trust Administrative Cash." *See* GUC Trust Agreement § 6.13.

22.    The GUC Trust's agreement to pay up to $5 million for the notice contemplated hereby is not currently budgeted by the GUC Trust and falls well within the types of "expenses, costs, liabilities, obligations or fees" that may be "held back" and reallocated for use by the GUC Trust pursuant to Section 6.13 of the GUC Trust Agreement. Accordingly, the GUC Trust submits that, pursuant to Section 6.1(b) of the GUC Trust Agreement, the request to reallocate up to $5 million of otherwise distributable assets for the purposes of funding the Notice Procedures is warranted.

## NOTICE

---

extensive mailing?].

CONFIDENTIAL

GUC_0003497

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*BR DRAFTGDC/AG COMMENTS 7/2528/2017*
*DRAFT*

**23.** ~~19.~~ Notice of this Motion has been provided to all entities that receive electronic notice from the Court's ECF system.~~—~~ and otherwise in accordance with the *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rules 1015(c) and 9007 establishing Notice and Case Management Procedures,* dated May 5, 2011 (Bankr. Dkt. No. 10183).

**24.** ~~20.~~ No previous application for the relief sought in this Motion has been made to this or any other Court.

### CONCLUSION

WHEREFORE the Parties respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and equitable.

Dated: July [ ], 2017          Respectfully submitted,
New York, New York

                              */s/ Draft*
                              Edward S. Weisfelner
                              Howard S. Steel
                              BROWN RUDNICK LLP
                              Seven Times Square
                              New York, New York 10036
                              Tel: 212-209-4800
                              eweisfelner@brownrudnick.com
                              hsteel@brownrudnick.com

                              Sander L. Esserman
                              STUTZMAN, BROMBERG, ESSERMAN
                              &PLIFKA, A PROFESSIONAL
                              CORPORATION
                              2323 Bryan Street, Ste 2200
                              Dallas, Texas 75201
                              Tel: 214-969-4900
                              esserman@sbep-law.com

                              *Designated Counsel for the Ignition Switch*

---

[9]  As required by Section 6.1 of the GUC Trust Agreement, the GUC Trust Administrator has consulted with the GUC Trust Monitor with respect to the proposed reallocation and use of distributable cash.  GUC Trust Agreement § 6.1.  The GUC Trust Monitor has indicated that it supports the relief requested herein.

CONFIDENTIAL

*Plaintiffs and Certain Non-Ignition Switch
Plaintiffs in the Bankruptcy Court*

Steve W. Berman (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO
LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: 206-623-7292
steve@hbsslaw.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch
Plaintiffs and Certain Non-Ignition Switch
Plaintiffs in the MDL Court*

William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: 212-813-8800
wweintraub@goodwinlaw.com
gfox@goodwinlaw.com

*Counsel to Those Certain Pre-Closing
Accident Plaintiffs Represented By Hilliard
Muñoz Gonzales L.L.P. and the Law Offices
of Thomas J. Henry*

Robert Hilliard, Esq.
HILLIARD MUÑOZ GONZALES LLP
719 South Shoreline
Suite 500
Corpus Christi, TX 78401
Tel: 361-882-1612
bobh@hmglawfirm.com

9

GUC_0003499

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
~~*BR DRAFT*~~*GDC/AG COMMENTS* *7/25~~28~~/2017*
*DRAFT*

*Counsel to Certain Pre-Closing Accident Plaintiffs*

Thomas J. Henry, Esq.
THE LAW OFFICES OF THOMAS J. HENRY
4715 Fredricksburg, Suite 507
San Antonio, TX 78229

*Counsel to Certain Pre-Closing Accident Plaintiffs*

Matthew Williams
Keith R. Martorana
Gabriel Gillett
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
Tel: 212-351-400

*Counsel for Wilmington Trust Company, as Administrator and Trustee of the GUC Trust*

10

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*~~BR DRAFT~~GDC/AG COMMENTS 7/~~25~~28/2017*
*DRAFT*

# EXHIBIT A

GUC_0003501

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*BR DRAFTGDC/AG COMMENTS 7/2528/2017*
*DRAFT*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
                                                         :
In re:                                                   :        Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,                      :        Case No.: 09-50026 (MG)
          f/k/a General Motors Corp., et al.,            :
                                                         :
                                          Debtors.       :        (Jointly Administered)
-----------------------------------------------------------X

### ORDER APPROVING NOTICE PROCEDURES
### WITH RESPECT TO PROPOSED SETTLEMENT BY AND
### AMONG THE SIGNATORY PLAINTIFFS AND THE GUC TRUST

Upon the *Motion for Order Approving Notice Procedures with Respect to Proposed Settlement by and Among the Signatory Plaintiffs and the GUC Trust*, dated [  ], 2017 (the "**Motion**"),[710] of the Ignition Switch Plaintiffs, Certain Non-Ignition Switch Plaintiffs, Certain Pre-Closing Accident Plaintiffs and the GUC Trust (collectively the "**Parties**") for approval of the Notice Procedures with respect to the 9019 Motion, all as more fully described in the Motion; and the Bankruptcy Court having considered the Motion; and a hearing on the Motion having been held before this Bankruptcy Court on _____, 2017 (the "**Hearing**") to consider the relief requested in the Motion; and the Bankruptcy Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Plan; and the Bankruptcy Court having considered the statements of counsel on the record of the Hearing and the filings of the parties in connection the Motion; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the Hearing; and it

---

[710] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

1

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
~~*BR DRAFT*~~*GDC/AG COMMENTS* 7/~~25~~28/2017
*DRAFT*

appearing that proper and adequate notice of the Motion has been given and that no other or further

notice is necessary; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted as set forth herein; and it is further

**ORDERED** that the Notice Procedures are approved; and it is further

**ORDERED** that notice of the 9019 Motion in accordance with the Notice Procedures will

be sufficient and effective notice in satisfaction of federal and state due process requirements and

other applicable law to put the parties in interest in these Chapter 11 cases, all Plaintiffs, and others

on notice of the 9019 Motion; and it is further

**ORDERED** that, pursuant to Section 6.1(b) of the GUC Trust Agreement, the GUC Trust

is authorized to reallocate and use up to $5,000,000 of otherwise distributable assets to satisfy the

costs of the Notice Procedures.

**ORDERED** that, no later than two (2) days after the entry of this Order, New GM shall

turn over to the Parties the names and addresses of (A) all persons in the United States who, as of

~~November 30,~~July 10, 2009, owned or leased a defective vehicle manufactured by Old GM

included in the Recalls; and (B) all Pre-Closing Accident Plaintiffs who have filed a lawsuit

against New GM as of the date of this Order;

~~**ORDERED** that the Parties shall file the 9019 Motion no later than twenty-one (21) days~~

~~after the entry of this Order; and it is further~~

**ORDERED** that, all responses and objections to the 9019 Motion must be filed and served

so as to be received by [ ], 2017 at [ ] (EST); and it is further

**ORDERED** that the hearing on the 9019 Motion shall take place in the Bankruptcy Court

on [ ], 2017 at [ ] (EST); and it is further

2

GUC_0003503

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*~~BR DRAFT~~GDC/AG COMMENTS 7/~~25~~28/2017*
*DRAFT*

**ORDERED** that notice of the 9019 Motion as provided herein shall be deemed good and

sufficient notice of the 9019 Motion; and it is further

**ORDERED** that this Court retains jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

Dated: _____, 2017
     New York, New York

                            _____
                            THE HONORABLE MARTIN GLENN
                            UNITED STATES BANKRUPTCY JUDGE

CONFIDENTIAL

GUC_0003504

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*BR DRAFTGDC/AG COMMENTS 7/2528/2017*
*DRAFT*

# EXHIBIT B

**(Long Form Notice)**

GUC_0003505

*PRIVILEGED AND CONFIDENTIAL*
*ATTORNEY WORK PRODUCT*
*BR DRAFTGDC/AG COMMENTS 7/2528/2017*
*DRAFT*

# EXHIBIT C

**(Short Form Postcard Notice)**

Document comparison by Workshare 9 on Friday, July 28, 2017 10:45:10 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://NYDMS/AL/102340248/1 |
| Description | #102340248v1<AL> - GM - Motion for Order Approving Notice Procedures - GUC Trust Settlement |
| Document 2 ID | interwovenSite://NYDMS/AL/102340248/3 |
| Description | #102340248v3<AL> - GM - Motion for Order Approving Notice Procedures - GUC Trust Settlement |
| Rendering set | GDCv9Rendering |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 62 |
| Deletions | 34 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 96 |

CONFIDENTIAL

DRAFT
GDC/AG COMMENTS 7/28/17

# United States Bankruptcy Court for the Southern District of New York

### NOTICE OF PROPOSED SETTLEMENT

> ## Subject to court approval of the settlement, current and former owners and lessees of certain General Motors vehicles that were subject to recalls <u>listed below</u> may have their rights affected by ~~the~~a settlement, including the release of claims, and may be entitled to a payment from the settlement.

*The Bankruptcy Court authorized this Notice. This is not a solicitation from a lawyer.*

**If you are ~~a Plaintiff~~<u>an Affected Person</u> (as defined below), your legal rights may be affected whether you act or do not act.**

### Please Read this Notice Carefully

This Notice provides information about a proposed <u>settlement (the "Settlement")</u> of claims in the bankruptcy cases titled *In re Motors Liquidation Company, et al., f/k/a General Motors Corp.*, Bankr. No. 09-50026, pending before Judge Martin Glenn of the United States Bankruptcy Court for the Southern District of New York (the "Old GM Bankruptcy Case") against the Motors Liquidation Company General Unsecured Creditors Trust (the "GUC Trust") by owners and lessees of General Motors Corporation ("Old GM") vehicles containing certain defective ignition switches, side airbags, or power steering that were included in certain National Highway Traffic Safety Administration ("NHTSA") recalls <u>listed below</u>. The claims include ~~economic loss claims alleging~~<u>allegations</u> that consumers overpaid when they bought cars with defects, and<u>/or suffered</u> personal injury ~~and~~<u>or</u> wrongful death ~~claims~~ based on or arising from an accident involving certain of these vehicles that occurred prior to July <u>10,</u> 2009. A motion (the "Settlement Motion") seeking entry of an order approving the Settlement Agreement (the "Settlement Order") has been filed in the Bankruptcy Court, along with the Settlement Agreement, and can be found at the case website at **www._____.com** (the "Settlement Website").

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **The Settlement Agreement** | • ~~Plaintiffs~~<u>Affected Persons</u> can write to the Court about why you do not like the Settlement. |
| | • More information about how to object can be found in paragraph \_\_ and at the ~~case website~~<u>Settlement Website</u> at **www._____.com**. |
| | • The Court will hold a hearing on _____, **2017 at** _____ to determine whether to approve the Settlement Agreement. <u>Please note that the date and time of the hearing is subject to change without further notice other than an announcement on the Settlement Website.</u> |

QUESTIONS? VISIT WWW._____.COM

CONFIDENTIAL

GUC_0003508

DRAFT
GDC/AG COMMENTS 7/28/17

| | |
|---|---|
| **Distributions** | • The Settlement provides ~~Plaintiffs~~Affected Persons with the exclusive benefit of the Settlement Fund (defined below). Procedures for the administration and allocation to ~~Plaintiffs~~Affected Persons of the Settlement Fund, including criteria for ~~Plaintiffs~~Affected Persons to assert a claim against the Settlement Fund and the allocation methodology, will be established, subject to notice and an opportunity for ~~Plaintiffs~~Affected Persons to object. |

## WHAT THIS NOTICE CONTAINS

{INSERT TOC}

## BASIC INFORMATION

**1.**        **What is this Notice and why should I read it?**

This Notice is to inform you of the proposed Settlement of claims in the Old GM Bankruptcy Case. The Bankruptcy Court has scheduled a hearing on the Settlement Motion on ▓▓▓▓▓▓, 2017 at   :   a.m./p.m. in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, Courtroom 523. Please note that the date of the ~~final~~ hearing may be changed without notice. ~~Plaintiffs~~, other than an announcement on the Settlement Website. Affected Persons are encouraged to visit www.▓▓▓▓▓▓.com for future updates.

This Notice explains the terms of the Settlement and your legal rights.

**2.**        **What is the Settlement about?**

In the Old GM Bankruptcy Case, Ignition Switch Plaintiffs[1] and certain Non-Ignition Switch Plaintiffs[2] sought leave to file late proposed class claims against the GUC Trust seeking relief for alleged economic losses related to Old GM's alleged concealment of serious safety defects in ignition switches, side airbags, and power steering. Certain Pre-Closing Accident Plaintiffs[3] have likewise sought leave to file late personal injury and wrongful death claims against the GUC Trust related to Old GM vehicles.

The Ignition Switch Plaintiffs, certain Non-Ignition Switch Plaintiffs, certain Pre-Closing Accident Plaintiffs (collectively, the "Signatory Plaintiffs"), and the GUC Trust (together with the Signatory Plaintiffs, the "Parties") negotiated the Settlement Agreement to resolve these

---

[1]    The term "Ignition Switch Plaintiffs" shall mean those plaintiffs asserting economic loss claims who, as of ~~November 30,~~July 10, 2009, owned or leased a vehicle with an ignition switch defect included in Recall No. 14V-047.

[2]    The term "Non-Ignition Switch Plaintiffs" shall mean those plaintiffs asserting economic loss claims who, as of ~~November 30,~~July 10, 2009, owned or leased a vehicle with defects in ignition switches, side airbags or power steering included in Recall Nos. 14V-355, 14V-394, 14V-400, 14V-346 and 14V-540, 14V-118 and 14V-153.

[3]    The term "Pre-Closing Accident Plaintiffs" shall mean those plaintiffs asserting personal injury or wrongful death claims based on or arising from an accident involving an Old GM vehicle that occurred prior to the closing of the Section 363 Sale.

QUESTIONS? VISIT WWW.▓▓▓▓▓▓.COM

CONFIDENTIAL

claims, as well as the economic loss ~~or~~, personal injury ~~and~~or wrongful death claims that have been or may be asserted by other ~~Plaintiffs~~parties against the GUC Trust (collectively with the Signatory Plaintiffs, the "Affected Persons").

The Settlement avoids the risk and cost of a trial, but still provides relief to the ~~people affected~~Affected Persons. The Signatory Plaintiffs and their attorneys think that the Settlement is in the best interests of ~~Plaintiffs~~Affected Persons and that it is fair, adequate, and reasonable.

## WHO IS <u>INCLUDED</u> IN THE SETTLEMENT?

To see if you are affected by the proposed Settlement, you first have to determine if you are ~~a Plaintiff~~an Affected Person.

3. **How do I know if I am part of the Settlement?  What is the definition of ~~Plaintiffs~~Affected Person?**

If you fall under one of the ~~definitions~~categories below ~~for the Settlement~~, you are ~~a Plaintiff affected by the Settlement~~an Affected Person whose claims against Old GM ~~and the GUC Trust will be channeled to the Settlement Fund and you may be eligible for a cash distribution from the Settlement Fund~~, the GUC Trust, the GUC Trust's current and previously distributed assets and certain other parties will be waived and released as part of the Settlement (and in lieu thereof will be entitled to assert your claims against Settlement Fund):

A. All persons in the United States who, as of ~~November 30,~~July 10, 2009, owned or leased a vehicle manufactured by Old GM included in the following recalls:

(1) Delta Ignition Switch Vehicles included in Recall No. 14v047: 2005-2010: Chevy Cobalt, 2006-2011 Chevy HHR, 2007-2010 Pontiac G5, 2007-2010 Saturn Sky, 2003-2007 Saturn ION, and 2006-2010 Pontiac Solstice;

(2) Low Torque Ignition Switch Vehicles, which are included in Recall Nos. 14v355, 14v394, and 14v400: 2005-2009:   Buick Lacrosse, 2006-2014 Chevrolet Impala, 2000-2005 Cadillac Deville, 2006-2011 Cadillac DTS, 2006-2011 Buick Lucerne, and 2006-2008 Chevrolet Monte Carlo; 2003-2014 Cadillac CTS and the 2004-2006 Cadillac SRX; and 1997-2005 Chevrolet Malibu, 2000-2005 Chevrolet Impala, 2000-2005 Chevrolet Monte Carlo, 2000-2005 Pontiac Grand Am, 2004-2008 Pontiac Grand Prix, 1998-2002 Oldsmobile Intrigue, and 1999-2004 Oldsmobile Alero;

(3) Other Vehicles with defective ignition switches in Recall Nos. 14V-346, and 14V-540: 2010-2014 Chevrolet Camaro, 2011-2013 Chevrolet Caprice, and 2008-2009 Pontiac G8;

(4) Side Airbag Defect Vehicles included in Recall No. 14v118: 2008-2013 Buick Enclave, 2009-2013 Chevrolet Traverse, 2008-2013 GMC Acadia, and 2008-2010 Saturn Outlook; and

(5) Power Steering Defect Vehicles included in Recall No. 14v153: 2004-2006 and 2008-2009 Chevrolet Malibu, 2004-2006 Chevrolet Malibu Maxx, 2009-2010 Chevrolet HHR, 2010 Chevrolet Cobalt, 2005-2006 and 2008-2009 Pontiac G6, 2004-2007 Saturn Ion, and 2008-2009 Saturn Aura.

010440-11 973164 V1

CONFIDENTIAL

GUC_0003510

B. ~~Plaintiffs asserting~~All persons who have suffered personal injury or wrongful death claims based on or arising from an accident involving a vehicle ~~manufactured and sold by Old GM that occurred prior to July 10, 2009 involving vehicles subject to the foregoing recalls.~~subject to the foregoing recalls that occurred prior to July 10, 2009.

## THE TERMS OF THE SETTLEMENT AGREEMENT

**4.**        **What am I giving up under the Settlement Agreement?**

Under the proposed Settlement, ~~subject to the Settlement Order becoming a Final Order (unless the GUC Trust waives the Final Order requirement), each Plaintiff provides a waiver and release~~each Affected Person will be deemed to have waived and released (the "Waiver") ~~of~~any claims that the ~~Plaintiff~~Affected Person might otherwise directly or indirectly assert against the GUC Trust, the trust administrator of the GUC Trust, the current and previously distributed assets of the GUC Trust, the Motors Liquidation Company Avoidance Action Trust ~~and~~, the holders of beneficial units in the GUC Trust and certain other related parties (the "Released Parties").

~~You can't sue or be~~If approved by the Bankruptcy Court, the Settlement will prohibit you from suing or being part of any other lawsuit or claim against the Released Parties that relate to the recalls, the Old GM Bankruptcy Case, or the multi-district litigation pending before Judge Furman in the United States District Court for the Southern District of New York, Case No. 14-md-2543 (JMF) (the "GM MDL"). The specifics of the ~~release of claim~~Waiver are set out in more detail in the Settlement Agreement and proposed Settlement Order, which ~~is~~are posted at **www._____.com**. The Settlement Agreement ~~describes the release~~and proposed Settlement Order describe the Waiver in specific legal terminology. Talk to your own lawyer if you have questions about the ~~release~~Waiver or what it means.

Nothing in the Settlement Agreement or Settlement Order shall waive any claims that any ~~Plaintiff~~Affected Person may have against General Motors LLC ("New GM") or constitute an election of remedies by any ~~Plaintiff~~Affected Person.

**5. What am I receiving under the Settlement Agreement?**

The Settlement ~~channels Plaintiffs'~~allows Affected Persons to assert claims against ~~the GUC Trust to~~ a Settlement Fund for administration and potential satisfaction. The Settlement Fund ~~consists~~will consist of the Settlement Amount and may include the Adjustment Shares, as detailed below.

Neither the Settlement Fund nor the Adjustment Shares (nor any distribution thereof to any ~~Plaintiff~~Affected Person) shall represent full and final satisfaction of any claim that any ~~Plaintiff~~Affected Person may have against New GM, all of which claims are expressly reserved. The Bankruptcy Court's estimate of the aggregate ~~Allowed General Unsecured Claims~~allowed claims in the Claims Estimate Order shall not operate as a cap on any of the claims of any of the ~~Plaintiffs~~Affected Persons against New GM.

010440-11 973164 V1

DRAFT
GDC/AG COMMENTS 7/28/17

### A.  The Settlement Amount

In exchange for the Waiver, the GUC Trust will pay $15,000,000 (the "Settlement Amount") to the Settlement Fund, subject to the Settlement Order becoming a ~~Final Order~~final order (unless the GUC Trust waives the ~~Final Order~~final order requirement).

### B.  The Adjustment Shares

The Amended Master Sale and Purchase Agreement pursuant to which New GM purchased substantially all of the assets of Old GM provides that if the Bankruptcy Court issues an order ("Claims Estimate Order") finding that the estimated aggregate allowed general unsecured claims against the Old GM estate exceeds $35 billion, then New GM must issue additional shares of New GM common stock (the "Adjustment Shares").  If the estimate reaches or exceeds $42 billion, New GM must issue the maximum amount of Adjustment Shares (30 million shares).

As part of the Settlement Agreement, the GUC Trust, following a review of evidence and expert reports provided by the Signatory Plaintiffs, agreed to ~~seek~~support entry of a Claims Estimate Order: (i) finding that the allowable amount of ~~Plaintiffs'~~Affected Persons' claims against the GUC Trust, when combined with all of the other ~~Allowed General Unsecured Claims~~allowed general unsecured claims against the Old GM bankruptcy estate, equals or exceeds $42 billion, thus triggering the maximum amount of Adjustment Shares (30 million shares); and (ii) directing that the Adjustment Shares, or the value of the Adjustment Shares, be promptly delivered to the Settlement Fund by New GM.

The Parties have sought entry of the Claims Estimate Order as part of the Settlement Motion. The current value of 30 million shares of New GM common stock is approximately $1.08 billion.

Regardless of whether the Claims Estimate Order is entered, the Settlement Agreement remains binding, including the Waiver and the payment of the Settlement Amount.

### C.  How will the Settlement Fund be allocated and distributed?

The Settlement Fund is for the exclusive benefit of ~~Plaintiffs~~Affected Persons.  The value of the Settlement Fund will be first allocated by the Lead Lawyers for the economic loss claims and the Lead Lawyers for the personal injury claims in the GM MDL.  Thereafter, the economic loss lawyer lead counsel and the personal injury lawyer lead counsel will determine the specifics for distribution within each pool, including the criteria for determining eligibility for payment. Any agreement on the allocation process and the distribution procedure will be described at www._____.com when determined and ~~Plaintiffs~~Affected Persons will be provided with notice and an opportunity to object.

## LEGAL REPRESENTATION

### 6.  Do I have a lawyer in this case?

The counsel to the Signatory Plaintiffs, listed below, negotiated the Settlement Agreement and jointly filed the Settlement Motion.  You will not be charged for services performed by this counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

QUESTIONS?  VISIT WWW._____.COM

010440-11 973164 V1

CONFIDENTIAL

DRAFT
GDC/AG COMMENTS 7/28/17

If you want to contact the counsel for the Signatory Plaintiffs, they can be reached by sending an email to info@_____.com or as follows:

| | |
|---|---|
| Steve W. Berman<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>steve@hbsslaw.com | Robert C. Hilliard<br>HILLIARD MUNOZ GONZALES LLP<br>719 S Shoreline Blvd., # 500<br>Corpus Christi, TX 78401<br>Telephone: (361) 882-1612<br>bobh@hmglawfirm.com |
| Elizabeth J. Cabraser<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN<br>275 Battery Street, 29th Floor<br>San Francisco, California 94111<br>Telephone: (414) 956-1000<br>ecabraser@lchb.com<br>Co-Lead Counsel for the Economic Loss<br>Plaintiffs in the MDL Court | Counsel for Certain Pre-Closing<br>Accident Plaintiffs<br><br><br><br><br>Thomas J. Henry, Esq.<br>THE LAW OFFICES OF THOMAS J.<br>HENRY |
| Edward S. Weisfelner<br>BROWN RUDNICK LLP<br>BROWN RUDNICK LLP<br>Seven Times Square<br>New York, New York 10036<br>Tel: 212-209-4800<br>eweisfelner@brownrudnick.com | 4715 Fredricksburg, Suite 507<br>San Antonio, TX 78229<br><br>Counsel for Certain Pre-Closing<br>Accident Plaintiffs<br><br>William P. Weintraub |
| Sander L. Esserman<br>STUTZMAN, BROMBERG, ESSERMAN &<br>PLIFKA, P.C.<br>2323 Bryan Street, Ste 2200<br>Dallas, Texas 75201<br>Tel: 214-969-4900<br>esserman@sbep-law.com<br><br>Designated Counsel for the Economic Loss<br>Plaintiffs in the Bankruptcy Court | GOODWIN PROCTER LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018<br>Tel: 212-813-8800<br>wweintraub@goodwinlaw.com<br><br>Counsel to Those Certain Pre-Closing<br>Accident Plaintiffs Represented By Hilliard<br>Muñoz Gonzales L.L.P. and the Law Offices<br>of Thomas J. Henry |

7.  **How will the lawyers be paid?**

Procedures for the payment of attorneys' fees for counsel to the Signatory Plaintiffs from the Settlement Fund will be established, subject to notice and an opportunity for ~~Plaintiffs~~Affected Persons to object.

QUESTIONS?  VISIT WWW._____.COM

010440-11 973164 V1

CONFIDENTIAL

DRAFT
GDC/AG COMMENTS 7/28/17

## OBJECTING TO THE SETTLEMENT

**8.    How do I tell the Court I do not like the Settlement?**

If you're a Plaintiff are an Affected Person, you can object to the proposed Settlement if you don't like it. You can give reasons why you think the Court should not approve any or all of these items, and the Court will consider your views.

To object, you must file your objection with the Court. To be timely, your objection must be filed with the Court by no later than _____, 2017 at 4:00 p.m. (Eastern Time) at the following addresses:

| **The Court** | Judge Martin Glenn |
| --- | --- |
| | United States Bankruptcy Court for the Southern District of New York |
| | One Bowling Green<br>New York, NY 10004-1408<br>Courtroom: 523 |

**NOTE:** You may mail your objection to the Court, but it must be received by the Court and filed by _____, 2017 2017, at 4:00 p.m. (Eastern Time). See **www._____.com** for more information on how to object to the Settlement.

## THE COURT'S SETTLEMENT APPROVAL HEARING

**9.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing to decide whether to approve the proposed Settlement. The hearing will be on _____, __, 2017, at __:__ .m. before Judge Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, Courtroom 523. Please note that the date of the hearing may be changed without notice. Plaintiffs other than an announcement on the Settlement Website. Affected Persons are encouraged to visit www._____.com for future updates.

At the hearing, the Court will consider whether the proposed Settlement and all of its terms falls within the range of reasonableness required for approval of the Settlement. If there are objections, the Court will consider them. The Court may listen to people who have asked for permission to speak at the hearing and have complied with the other requirements for objections explained in Section __.

At or after the hearing, the Court will decide whether to approve the proposed Settlement. There may be appeals after that. There is no set timeline for either the Court's final approval decision, or for any appeals that may be brought from that decision, so it is impossible to know exactly when and if the Settlement will become final.

The Court may change deadlines listed in this Notice without further notice. To keep up on any changes in the deadlines, please visit **www._____.com**.

**10.    Do I have to go to the hearing?**

Counsel to the Signatory Plaintiffs will appear at the hearing in support of the Settlement and will answer any questions asked by the Court.

QUESTIONS? VISIT WWW._____.COM

CONFIDENTIAL

DRAFT
GDC/AG COMMENTS 7/28/17

If you send an objection, you don't have to come to Court to talk about it. So long as you filed your written objection on time and complied with the other requirements for a proper objection, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**11.    May I speak at the hearing?**

Yes. If you submitted a proper written objection to the Settlement, you or your lawyer may, at your own expense, come to the hearing and speak.

## GETTING MORE INFORMATION

**12.    How do I get more information about the Settlement?**

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement and proposed Settlement Order, available at **www.          .com**.

| YOU MAY OBTAIN ADDITIONAL INFORMATION BY | |
| --- | --- |
| **VISITING THE SETTLEMENT WEBSITE** | Please go to **www.          .com**, where you will find answers to common questions and other detailed information to help you. |
| **REVIEWING LEGAL DOCUMENTS** | You can review the legal documents that have been filed with the Clerk of Court in these cases at: United States Bankruptcy Court for the Southern District of New York<br><br>One Bowling Green<br><br>New York, NY 10004-1408.<br><br>You can access the Court dockets in these cases through the court documents and claims register website at http://www.motorsliquidationdocket.com/ or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. |

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK TO ASK QUESTIONS ABOUT THE LAWSUITS, THE SETTLEMENT, OR THIS NOTICE.**

QUESTIONS? VISIT WWW.          .COM

010440-11 973164 V1

CONFIDENTIAL

GUC_0003515

Document comparison by Workshare 9 on Friday, July 28, 2017 10:46:52 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://NYDMS/AL/102340451/1 |
| Description | #102340451v1<AL> - GM - Long Form Notice for Settlement |
| Document 2 ID | interwovenSite://NYDMS/AL/102340451/2 |
| Description | #102340451v2<AL> - GM - Long Form Notice for Settlement |
| Rendering set | GDCv9Rendering |

| Legend: |
|---|
| Insertion |
| ~~Deletion~~ |
| ~~Moved from~~ |
| Moved to |
| Style change |
| Format change |
| ~~Moved deletion~~ |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | Count |
|---|---|
| Insertions | 84 |
| Deletions | 60 |
| Moved from | 2 |
| Moved to | 2 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 148 |

CONFIDENTIAL

DRAFT
GDC/AG COMMENTS 7/28/17

## Important Court-Approved Legal Notice from the United States Bankruptcy Court for the Southern District of New York

## Subject to court approval ~~of the settlement~~, current and former owners and lessees of certain General Motors vehicles subject to recalls <u>listed below</u> may have their rights affected by ~~the~~a settlement, including the release of claims, and may be entitled to a payment from the settlement.

A proposed settlement (the "Settlement") has been reached ~~of~~with respect to claims of owners and lessees of General Motors Corporation ("Old GM") vehicles containing defective ignition switches, side airbags, or power steering included in ~~certain recalls~~the following recalls: 14V-047, 4V-355, 14V-394, 14V-400, 14V-346, 14V-540, 14V-118 and 14V-153 (the "Recalls"). The claims include ~~economic loss claims alleging~~allegations that consumers overpaid when they bought cars with defects, and/or suffered personal injury ~~and~~or wrongful death ~~claims~~ based on or arising from an accident involving certain of these vehicles that occurred prior to July 10, 2009. A motion seeking entry of an order approving the Settlement (the "Settlement Order") has been filed in the Bankruptcy Court and can be found, along with the Settlement Agreement, at the case website at www._____.com. (the "Settlement Website"). **The purpose of this notice is to inform you of the proposed ~~settlement~~Settlement and your legal rights.**

**Who~~'s~~ is Included?** General Motors LLC's ("New GM") records indicate that you may be affected by the Settlement or the Settlement Order. ~~Persons~~If the Settlement is approved by the Bankruptcy Court, persons in the United States who, as of ~~November 30,~~July 10, 2009, owned or leased a vehicle manufactured by Old GM included in ~~certain recalls may~~the Recalls ("Affected Persons") will have their claims (if any) against the GUC Trust ~~channeled to~~, its current and previously distributed assets, and certain other parties waived and released. In lieu thereof, such persons will be entitled to assert their claims against a newly created trust, fund or other vehicle (the "Settlement Fund") established to hold the proceeds of the Settlement and may be eligible for a cash distribution from the Settlement Fund. A complete list of the cars currently included in the Settlement is posted on the ~~www._____.com~~ Settlement Website.

**What are the Settlement Terms?** Under the proposed Settlement, ~~subject to the Settlement Order becoming a Final Order (unless the GUC Trust waives the Final Order requirement), each Plaintiff provides~~each Affected Person will be deemed to provide a waiver and release of any claims ~~that the Plaintiff~~they might otherwise directly or indirectly assert against the GUC Trust, the trust administrator of the GUC Trust, the past and present assets of the GUC Trust, the Motors Liquidation Company Avoidance Action Trust and/or the holders of beneficial units in the GUC Trust. In exchange, the GUC Trust will pay $15 million into the Settlement Fund and ~~seeks~~support entry of an order estimating the aggregate ~~Allowed General Unsecured Claims~~allowed claims against the Old GM bankruptcy estate, including ~~Plaintiffs~~all Affected Persons' claims, at no less than $42 billion (the "Claims Estimate Order"). If the Claims Estimate Order is entered, New GM may be required to issue up to 30 million shares of New GM common stock to the Settlement Fund. The current value of 30 million shares of New GM common stock is approximately

- 1 -

010440-11 973287 V1

DRAFT
GDC/AG COMMENTS 7/28/17

$1.08 billion. For further details about the Settlement, including the relief, eligibility, allocation, and release of claims, you can review the Settlement Agreement and the proposed Settlement Order at the website, www._____.comSettlement Website.

**How Can I Get a Payment?** With the assistance of a court-appointed mediator, the Lead Lawyers for the economic loss claims and the Lead Lawyers for certain of the personal injury claims in the GM MDL (as that term is defined in the Settlement Agreement) will allocate the value of the Settlement Fund and determine the specifics for distribution within each pool. Information on allocation, including objection and distribution procedures, will be provided on the Settlement Website.

**Your Other Options.** You can object to the proposed Settlement. The Long Form Notice available on the websiteSettlement Website listed below explains how to object to the Settlement Motion. The Court will hold a hearing byon _____ __, 2017 at _____ [a][p]m to consider whether to approve the Settlement. You may appear at the hearing, either yourself or through an attorney hired by you, but you do not have to. Please note that the date and time of the hearing is subject to change without further notice other than an announcement on the Settlement Website. For more information, call or visit the websiteSettlement Website below.

**1-8xx-xxx-xxxx**                                      **www._____.com**


[On the back of the postcard will be the plaintiff's name and address, and court logo:]

Court-Approved Settlement Notice



                                        Plaintiff John Doe
                                        123 45th Street
                                        Anytown, USA. _____

        General Motors Bankruptcy Settlement Information [or something like that]

010440-11 973287 V1

CONFIDENTIAL                                                      GUC_0003518

Document comparison by Workshare 9 on Friday, July 28, 2017 10:47:56 AM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://NYDMS/AL/102340410/1 |
| Description | #102340410v1<AL> - GM - Short Form Notice for Settlement |
| Document 2 ID | interwovenSite://NYDMS/AL/102340410/2 |
| Description | #102340410v2<AL> - GM - Short Form Notice for Settlement |
| Rendering set | GDCv9Rendering |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | Count |
|---|---|
| Insertions | 32 |
| Deletions | 24 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 56 |

CONFIDENTIAL