# Exhibit W

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
                                          :

In re:                                 :          Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,    :          Case No.: 09-50026 (MG)
       f/k/a General Motors Corp., et al.,    :
                                       :
                       Debtors.   :          (Jointly Administered)
-----------------------------------------------------------------X

**THE IGNITION SWITCH AND NON-IGNITION SWITCH PLAINTIFFS'
("ECONOMIC LOSS PLAINTIFFS") FIRST SUPPLEMENT TO THEIR RESPONSES
AND OBJECTIONS TO THE GUC TRUST'S FIRST SET OF INTERROGATORIES**

In accordance with Federal Rule of Civil Procedure 33, made applicable to these proceedings through Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, the Ignition Switch and Non-Ignition Switch Plaintiffs ("Economic Loss Plaintiffs") hereby supplement *The Ignition Switch and Non-Ignition Switch Plaintiffs' ("Economic Loss Plaintiffs") Responses and Objections to the GUC Trust's First Set of Interrogatories*, dated Sept. 28, 2017 (the "Responses"), as follows:

### GENERAL OBJECTIONS

1.      The following General Objections apply to, and are incorporated by reference in, each supplemental response to the GUC Trust's First Set of Interrogatories. Economic Loss Plaintiffs' specific objections to each Interrogatory are not intended to preclude, override, or withdraw any of the General Objections to that Interrogatory. Economic Loss Plaintiffs incorporate such general objections into each and every response as though fully set forth herein. The fact that an objection is not listed does not constitute a waiver or otherwise preclude the Economic Loss Plaintiffs from raising that objection at a later time and the Economic Loss

Plaintiffs specifically reserve their right to supplement their objections and responses as the matter progresses.

2.      Economic Loss Plaintiffs object to the definition of "Claimants" and/or "You" and "Your" as overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant to any party's claims or defenses because the definition is not limited to counsel for Movant Patricia Barker, Movant Yvonne James-Bivens, and Certain Ignition Switch Pre-Closing Accident Movants.   Further, the Court has ruled that the GUC Trust shall not serve written discovery, including interrogatories, on the Economic Loss Plaintiffs. *See* Oct. 3, 2017 Hearing Tr. at 63:8-10.   Economic Loss Plaintiffs' responses will be made on behalf of counsel for Movant Patricia Barker and Movant Yvonne James-Bivens.

3.      Economic Loss Plaintiffs object generally to these Interrogatories to the extent that they are vague and ambiguous, overly broad, unduly burdensome, lacking in particularity, or unreasonable.

4.      The Economic Loss Plaintiffs object generally to these Interrogatories to the extent they seek information or documents from any other entity or where such information or documents should more appropriately be obtained from another Party.

5.      The Economic Loss Plaintiffs object generally to these Interrogatories to the extent they seek information and/or documents that are not within the Economic Loss Plaintiffs' possession, custody, or control.

6.      The Economic Loss Plaintiffs object generally to these Interrogatories to the extent that they call for information: (i) already in the GUC Trusts' possession, custody or control; or (ii) publicly available or otherwise equally available to the parties.

7.      The Economic Loss Plaintiffs object to these Interrogatories to the extent they call for information outside of the relevant time period of May 1, 2017 through August 17, 2017.

8.      The Economic Loss Plaintiffs object generally to these Interrogatories as duplicative and cumulative to the extent they are duplicative of one another.

9.      The Economic Loss Plaintiffs object generally to these Interrogatories to the extent they ask for information protected by the attorney-client privilege, the work product doctrine, the joint-defense privilege, the consulting expert privilege, common-interest privilege, or any other applicable privilege or immunity.  Nothing contained in these responses is intended to be, nor shall in any way be, construed as a waiver of any attorney-client privilege, the work product doctrine, the joint-defense privilege, consulting expert privilege, or common-interest privilege or any other applicable privilege, immunity or discovery protection.

10.     The Economic Loss Plaintiffs object to each Interrogatory to the extent that such Interrogatory seeks information or documents that may not be relevant to Phase 1, as defined by the *Pre-Trial Stipulation and Scheduling Order*, dated Oct. 11, 2017 [ECF No. 14130].

11.     The Economic Loss Plaintiffs object generally to these Interrogatories to the extent that they are argumentative, lack foundation, or incorporate allegations and assertions that are disputed or erroneous.  In responding and objecting to any Interrogatories, the Economic Loss Plaintiffs do not admit the correctness of any such assertions.

12.     The Economic Loss Plaintiffs do not admit, adopt or acquiesce to any factual or legal contention, assertion, characterization, or implication through any response.

13.     The Economic Loss Plaintiffs also refer to and incorporate the objections interposed by the Ignition Switch Pre-Closing Accident Plaintiffs.

## FIRST SUPPLEMENTAL RESPONSES
## AND SPECIFIC OBJECTIONS TO INTERROGATORIES

Without waiving the General Objections set forth above, and subject to the specific objections set forth below, Defendants supplement its response to the Interrogatories as follows:

**INTERROGATORY NO. 1:**

Identify all Claimants who were aware of the negotiations of the terms of the Contract or Proposed Settlement.

**RESPONSE TO INTERROGATORY NO. 2:**

The Economic Loss Plaintiffs incorporate the General Objections, and object on the basis that this Interrogatory calls for privileged information, is vague as to time period, is compound, seeks information outside of their ability to gauge (especially insofar as the Settlement was publicized), and is irrelevant. The Economic Loss Plaintiffs are willing to meet and confer about this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

To supplement the previous objections and response, the Economic Loss Plaintiffs respond as follows: COUNSEL DID NOT EXPRESSLY INFORM CLAIMANTS THAT THEY WERE NEGOTIATING THESE PARTICULAR TERMS. COUNSEL ACTED IN ACCORDANCE WITH SECTION 2(B) OF THE RIGHTS AND RESPONSIBILITIES OF THE CLASS REPRESENTATIVES, SIGNED AND AGREED TO BY YVONNE JAMES-BIVINS ON AUGUST 23, 2016, AND SIGNED AND AGREED TO BY PATRICIA BARKER ON MARCH 21, 2014, WHICH "AUTHORIZE[S] [PATRICIA BARKER'S AND YVONNE JAMES-BIVENS'] ATTORNEYS TO DO WHAT IS NECESSARY TO SUCCUSSFULLY PROSECUTE THIS CASE ON BEHALF OF THE CLASS."

**INTERROGATORY NO. 3:**

Identify all Claimants who had expressed, in writing, their consent to the terms of the Contract or Proposed Settlement.

**RESPONSE TO INTERROGATORY NO. 11:**

The Economic Loss Plaintiffs incorporate the General Objections, and object on the basis that this Interrogatory calls for privileged information, is vague as to consent, vague as to time period, is compound, seeks information outside of their ability to gauge (especially insofar as the Settlement was publicized, and counsel are not privy to every communication), and is irrelevant. The Economic Loss Plaintiffs are willing to meet and confer about this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

To supplement the previous objections and response, the Economic Loss Plaintiffs respond as follows: COUNSEL DID NOT SEEK CLAIMANTS' WRITTEN CONSENT TO THE TERMS OF THE CONTRACT OR PROPOSED SETTLEMENT AND NO SUCH WRITTEN CONSENT WAS REQUIRED TO FORM A BINDING AGREEMENT.

**INTERROGATORY NO. 4:**

Identify all Claimants who had received drafts of the Contract or the Proposed Settlement.

**RESPONSE TO INTERROGATORY NO. 3:**

The Economic Loss Plaintiffs incorporate the General Objections, and object on the basis that this Interrogatory calls for privileged information, is vague as to claimants and drafts, vague as to time period, is compound, seeks information outside of their ability to gauge, and is irrelevant. The Economic Loss Plaintiffs are willing to meet and confer about this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

To supplement the previous objections and response, the Economic Loss Plaintiffs respond as follows: COUNSEL DID NOT SEND DRAFTS OF THE CONTRACT OR THE PROPOSED SETTLEMENT TO CLAIMANTS.

**INTERROGATORY NO. 5:**

Identify all Claimants who had read drafts of the Contract or the Proposed Settlement.

**RESPONSE TO INTERROGATORY NO. 5:**

The Economic Loss Plaintiffs incorporate the General Objections, and object on the basis that this Interrogatory calls for privileged information, is vague as to claimants and drafts, vague as to time period, is compound, seeks information outside of their ability to gauge, and is irrelevant. The Economic Loss Plaintiffs are willing to meet and confer about this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

To supplement the previous objections and response, the Economic Loss Plaintiffs respond as follows: COUNSEL DID NOT SEND DRAFTS OF THE CONTRACT OR THE PROPOSED SETTLEMENT TO CLAIMANTS.

Dated: October 17, 2017
      New York, New York

Respectfully submitted,

Edward S. Weisfelner
Howard S. Steel
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
hsteel@brownrudnick.com

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, A PROFESSIONAL
CORPORATION
2323 Bryan Street, Ste. 2200
Dallas, Texas 75201
Tel: 214-969-4900
esserman@sbep-law.com

*Designated Counsel for the Ignition Switch
Plaintiffs and Certain Non-Ignition Switch
Plaintiffs in the Bankruptcy Court*

Steve W. Berman (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: 206-623-7292
steve@hbsslaw.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch
Plaintiffs and Certain Non-Ignition Switch
Plaintiffs in the MDL Court*

-7-

## DECLARATION OF HOWARD S. STEEL

I, Howard S. Steel, declare the following to be true pursuant to 28 U.S.C. § 1746:

I have read the Ignition Switch and Non-Ignition Switch Plaintiffs' ("Economic Loss Plaintiffs") First Supplement to their Responses and Objections to the GUC Trust's First Set of Interrogatories, know the contents thereof, and the responses to the interrogatories are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 17, 2017

-1-