# Exhibit X

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a General Motors Corp., *et al.*,<br><br>                                        Debtors. | Chapter 11<br>Case No. 09-50026 (MG)<br>(Jointly Administered) |

**CERTAIN IGNITION SWITCH PRE-CLOSING ACCIDENT PLAINTIFFS'**
**SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THE GUC TRUST'S FIRST**
**SET OF INTERROGATORIES TO ALL CLAIMANTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable to these proceedings through Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, the Ignition Switch Pre-Closing Accident Plaintiffs represented by Hilliard Muñoz Gonzales LLP and Thomas J. Henry Injury Attorneys ("HMG Claimants"), by and through their undersigned counsel, hereby submit these supplemental responses and objections to the GUC Trust's First Set of Interrogatories to All Claimants, dated August 29, 2017 (the "Interrogatories").

**GENERAL OBJECTIONS**

1.      By responding to these Interrogatories, HMG Claimants do not concede the relevance, materiality, or admissibility of the information sought.

2.      HMG Claimants object to these Interrogatories because they are premature under Local Rule 7033-1.

3.      HMG Claimants' objections and responses are provided without prejudice to HMG Claimants' right to supplement, amend, or correct these objections and responses in light

of the Court's rulings with respect to the proper scope of discovery, subsequently discovered facts, facts that HMG Claimants may later recall, or for any other reason.

4. HMG Claimants object to these Interrogatories to the extent they seek the disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. HMG Claimants will not provide privileged information and nothing contained herein is intended to be, nor should be construed as, a waiver of any applicable privilege. Inadvertent disclosure of such protected information is not intended to be, and shall not be, a waiver of any applicable privilege.

5. HMG Claimants object to these Interrogatories to the extent they seek to impose on HMG Claimants obligations beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules for the United States Bankruptcy Court Southern District of New York, or other applicable law.

6. HMG Claimants object to the definition of "Claimants" and "You" and "Your" to the extent the definitions include claimants not represented by Hilliard Muñoz Gonzales LLP and Thomas J. Henry Injury Attorneys. HMG Claimants further object to the definition of "Claimants" and "You" and "Your" to the extent the definitions seek to require each of the movants identified on Exhibit A to docket entry 13807 to respond individually to these Interrogatories. All parties involved in the negotiation of the Settlement Agreement, including the GUC Trust, acknowledge that the negotiations took place solely between counsel. And the Court has ruled that the GUC Trust shall not serve written discovery, including interrogatories, on the personal injury plaintiffs. *See* Oct. 3, 2017 Hearing Tr. at 63:8-10; October 11, 2017 Pretrial Stipulation and Scheduling Order (Docket No. 14130) ¶4(b). HMG Claimants' responses will be made on behalf of counsel for HMG Claimants and counsel for HMG

Claimants will respond to the Interrogatories as if they were directed to counsel, not the individual plaintiffs.

7. HMG Claimants object to these Interrogatories to the extent they seek information and/or documents that are not within HMG Claimants' possession, custody or control, or publicly available or otherwise available to the GUC Trust.

8. HMG Claimants object to the definition of "Proposed Settlement" to the extent it suggests that the GUC Trust did not assent to the Settlement Agreement reached between the Signatory Plaintiffs and the GUC Trust or that the Settlement Agreement reached between the Signatory Plaintiffs and the GUC Trust is not a binding contract. HMG Claimants will use the term "Settlement Agreement."

9. HMG Claimants object to these Interrogatories to the extent they seek information or documents that may not be relevant to whether the Settlement Agreement is a binding agreement.

10. HMG Claimants object to the Interrogatories to the extent that the Interrogatories are argumentative, lack foundation, or incorporate disputed assertions. In providing these responses, HMG Claimants do not concede the truth of any factual assertion or implication contained in the Interrogatories.

11. HMG Claimants object to the Interrogatories as vague, ambiguous, overly broad, unduly burdensome, cumulative, and/or not reasonably calculated to lead to the discovery of admissible evidence.

12. HMG Claimants object to the Interrogatories because they fail to identify any particular date range, and are therefore vague, ambiguous, overly broad, unduly burdensome, cumulative, and/or not reasonably calculated to lead to the discovery of admissible evidence.

3

13. HMG Claimants object to the Interrogatories to the extent they call for information outside of the date range relevant to whether the Settlement Agreement is a binding agreement.

14. HMG Claimants object to Instruction No. 2 which purports to require HMG Claimants to include all citations to supporting documents and other evidence. HMG Claimants have no such obligation under the applicable rules.

15. HMG Claimants object to Instruction No. 4 which purports to require HMG Claimants to identify each individual who supplied information for, or participated or assisted in, the preparation of the answer. HMG Claimants have no such obligation under the applicable rules and the information sought is protected attorney work product.

16. HMG Claimants object to Instruction No. 5 to the extent it contradicts Rule 26 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, the Local Rules of the Bankruptcy Court of the Southern District of New York, and/or the agreement reached among the parties regarding the identification of privileged documents on privilege logs.

17. The objections asserted by the Ignition Switch Plaintiffs and Non-Ignition Switch Plaintiffs are also incorporated by reference herein.

18. These General Objections are incorporated by reference into each and every specific response and objection set forth below. The absence of a specific reference to any of these General Objections in any of the specific responses below is not a waiver thereof.

**SPECIFIC OBJECTIONS AND RESPONSES**

*Interrogatory No. 1*: Do You contend that You and the GUC Trust currently have a legally binding contract (the "Contract") related to the Proposed Settlement? If so, please respond to Interrogatories 2, 3, 7, and 8, and also respond to Interrogatories 4 through 6 if applicable.

4

**Response to Interrogatory No. 1**:  Yes.

*Interrogatory No. 2*:  *On what date was the Contract entered into?*

**Response to Interrogatory No. 2**:  The contract was entered into by no later than August 12, 2017, and agreement on material terms existed by August 3, 2017.

*Interrogatory No. 3*:  *Is the Contract oral or written?  If written, please respond to Interrogatories 4 through 6.*

**Response to Interrogatory No. 3**:  HMG Claimants object to this Interrogatory as vague and ambiguous.  HMG Claimants further object to this Interrogatory because it improperly assumes that a binding contract may only be written or oral, and is therefore argumentative, lacks foundation, or incorporates disputed assertions.  Subject to and without waiving these objections and HMG Claimants' General Objections, HMG Claimants respond as follows.  The contract is a written agreement.  In the alternative, the contract is an oral agreement.

*Interrogatory No. 4*:  *Is the Contract contained in a single writing or in multiple writings that must be read together?*

**Response to Interrogatory No. 4**:  HMG Claimants object to this Interrogatory as vague and ambiguous, particularly as it relates to an agreement with multiple exhibits and implementing documents.  HMG Claimants also object to this Interrogatory because it seeks information already in the possession of the GUC Trust.  Subject to and without waiving these objections and HMG Claimants' General Objections, HMG Claimants respond as follows.  The final Settlement Agreement documents agreed to by the Signatory Plaintiffs and the GUC Trust include the: (1) Settlement Agreement; (2) Settlement Order, attached as Exhibit A to the Settlement Agreement; (3) Claims Estimate Order, attached as Exhibit B to the Settlement Agreement; (4) joint motion to approve the Settlement Agreement and estimate the aggregate allowed general unsecured claims against the Old GM estate pursuant to Bankruptcy Rule 9019;

5

(4) four supporting declarations from Wilmington Trust Company, as administrator of the GUC Trust, and counsel to the parties; (5) Notice Procedures Motion; (6) short- and long-form notices to Plaintiffs and notice to Unitholders; and (7) finalized declaration from the notice provider regarding the agreed notice plan. Counsel for the Signatory Plaintiffs and the GUC Trust confirmed their agreement, and that the settlement documents were final and agreed upon, by email.

*Interrogatory No. 5*: Identify all writing that memorialize the terms of the Contract.

**Response to Interrogatory No. 5**: HMG Claimants object to this Interrogatory as vague and ambiguous, particularly as it relates to an agreement with multiple exhibits. HMG Claimants also object to this Interrogatory because it seeks information already in the possession of the GUC Trust. Subject to and without waiving these objections and HMG Claimants' General Objections, HMG Claimants respond as follows. *See* HMG Claimants' Response to Interrogatory No. 4 above.

*Interrogatory No. 6*: *Identify all persons who executed the Contract.*

**Response to Interrogatory No. 6**: HMG Claimants object to this Interrogatory as vague and ambiguous as to the term "executed." HMG Claimants further object to this Interrogatory to the extent it suggests or implies that the final execution versions of the Settlement Agreement needed to have been signed for a binding contract to exist. HMG Claimants also object to this Interrogatory because it seeks information that is not in the possession, custody, or control of HMG Claimants and/or is already in the possession of the GUC Trust. Subject to and without waiving these objections and HMG Claimants' General Objections, HMG Claimants respond as follows. All parties to the Settlement Agreement executed the contract.

*Interrogatory No. 7*: *State all the material terms of the Contract on which the parties have reached agreement.*

6

**Response to Interrogatory No. 7**: HMG Claimants object to this Interrogatory because it seeks information already in the possession of the GUC Trust. HMG Claimants further object because "material terms" is vague and ambiguous. Subject to and without waiving this objection and HMG Claimants' General Objections, HMG Claimants respond as follows. The Signatory Plaintiffs and the GUC Trust identified the key terms of the Settlement Agreement on which they reached agreement at paragraph 44 of the Joint Motion Pursuant to Bankruptcy Code Sections 105, 363, 502(C) and 1142 and Bankruptcy Rules 3020 and 9019 to Approve the Settlement Agreement by and Among the Signatory Plaintiffs and the GUC Trust, and to Estimate the Plaintiffs' Aggregate Allowed General Unsecured Claims Against the Debtors. Moreover, the Signatory Plaintiffs and the GUC Trust agreed to the terms of the contract attached to the Joint Motion, and the terms of the contract speak for themselves.

*Interrogatory No. 8*: *State all material terms of the Contract on which the parties have yet to reach agreement.*

**Response to Interrogatory No. 8**: There are no material terms of the contract on which the parties have yet to reach agreement.

*Interrogatory No. 9*: *Identify all Claimants who You intended to have sign the Contract.*

**Response to Interrogatory No. 9**: HMG Claimants object to this Interrogatory because it improperly seeks to discover attorney work product and/or the mental impressions of attorneys which are privileged and protected from discovery. HMG Claimants further object to this Interrogatory because it improperly assumes that a binding contract must be signed, and is therefore argumentative, lacks foundation, or incorporates disputed assertions. HMG Claimants further object to this Interrogatory to the extent is directed at the Ignition Switch Pre-Closing Accident Movants identified on Exhibit A to docket entry 13807, who did not participate in

7

negotiating the Settlement Agreement. Subject to and without waiving these objections and HMG Claimants' General Objections, HMG Claimants respond as follows. The intended signatories of the final execution version of the Settlement Agreement for HMG Claimants are identified in the signature block of the final execution version of the Settlement Agreement. All parties to the Settlement Agreement confirmed their agreement, and that the settlement documents were final and agreed upon, by email.

*Interrogatory No. 10*: *Identify all Claimants who were aware of the negotiations of the terms of the Contract or Proposed Settlement.*

**Supplemental Response to Interrogatory No. 10**: HMG Claimants object to this Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege. HMG Claimants further object to this Interrogatory because it fails to identify any particular date range, and is irrelevant, vague, ambiguous, overly broad, unduly burdensome, cumulative, and/or not reasonably calculated to lead to the discovery of admissible evidence. HMG Claimants further object to this Interrogatory to the extent it requires a response from each of the movants identified on Exhibit A to docket entry 13807 and is contrary to the October 11, 2017 Pretrial Stipulation and Scheduling Order (Docket No. 14130) ¶4(b). Subject to and without waiving these objections and HMG Claimants' General Objections, HMG Claimants respond as follows. On July 11, 2017, Robert C. Hilliard and Thomas J. Henry sent each of the HMG Claimants a letter regarding the negotiation of the Settlement Agreement with the GUC Trust. On September 13, 2017, Robert C. Hilliard and Thomas J. Henry sent each of the HMG Claimants a letter regarding the Settlement Agreement with the GUC Trust. On October 9 and 10, 2017, Robert C. Hilliard and Thomas J. Henry sent each of the HMG Claimants a letter regarding the Settlement Agreement with the GUC Trust.

8

*Interrogatory No. 11*: *Identify all Claimants who had expressed, in writing, their consent to the terms of the Contract or Proposed Settlement.*

**Supplemental Response to No. Interrogatory No. 11**:  HMG Claimants object to this Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege.  HMG Claimants further object to this Interrogatory because it fails to identify any particular date range, and is irrelevant, overly broad, unduly burdensome, cumulative, and/or not proportional to the needs of this case.  HMG Claimants further object to this Interrogatory to the extent it requires a response from each of the movants identified on Exhibit A to docket entry 13807 and is contrary to the October 11, 2017 Pretrial Stipulation and Scheduling Order (Docket No. 14130) ¶4(b).  Subject to and without waiving these objections and HMG Claimants' General Objections, HMG Claimants respond as follows.  The Parties to the Contract, including the GUC Trust, never requested, required, nor contemplated the HMG Claimants' written consent and HMG Claimants' written consent was not required to form a binding agreement.

*Interrogatory No. 12*: *Identify all Claimants who received drafts of the Contract or the Proposed Settlement.*

**Supplemental Response to Interrogatory No. 12**:  HMG Claimants object to this Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege.  HMG Claimants further object to this Interrogatory because it fails to identify any particular date range, and is irrelevant, overly broad, unduly burdensome, cumulative, and/or not proportional to the needs of this case.  HMG Claimants further object to this Interrogatory to the extent it requires a response from each of the movants identified on Exhibit A to docket entry 13807 and is contrary to the October 11, 2017 Pretrial Stipulation and Scheduling Order (Docket No. 14130) ¶4(b).  Subject to and without

9

waiving these objections and HMG Claimants' General Objections, HMG Claimants respond as follows.  Counsel for HMG Claimants did not send drafts of the Settlement Agreement to HMG Claimants.

*Interrogatory No. 13*:  Identify all Claimants who read drafts of the Contract or the Proposed Settlement.

**Supplemental Response to Interrogatory No. 13**:  HMG Claimants object to this Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege.  HMG Claimants further object to this Interrogatory because it fails to identify any particular date range, and is irrelevant, overly broad, unduly burdensome, cumulative, and/or not proportional to the needs of this case.  HMG Claimants further object to this Interrogatory to the extent it requires a response from each of the movants identified on Exhibit A to docket entry 13807 and is contrary to the October 11, 2017 Pretrial Stipulation and Scheduling Order (Docket No. 14130) ¶4(b).  Subject to and without waiving these objections and HMG Claimants' General Objections, HMG Claimants respond as follows.  Counsel for HMG Claimants did not send drafts of the Settlement Agreement to HMG Claimants.

Dated: October 17, 2017

                                        Respectfully Submitted,

                                        By:   */s/ Robert C. Hilliard*
                                                Robert C. Hilliard

                                        HILLIARD MUÑOZ GONZALES LLP
                                        719 South Shoreline Blvd.
                                        Corpus Christi, Texas 78401
                                        Tel: 361-882-1612
                                        bobh@hmglawfirm.com

*Counsel for Certain Ignition Switch Pre-Closing Accident Plaintiffs*

Thomas J. Henry, Esq.
THE LAW OFFICES OF THOMAS J. HENRY
4715 Fredricksburg, Suite 507
San Antonio, TX 78229

*Counsel for Certain Ignition Switch Pre-Closing Accident Plaintiffs*

William P. Weintraub
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: 212-813-8800

*Counsel to Those Certain Pre-Closing Accident Plaintiffs Represented by Hilliard Muñoz Gonzales LLP and the Law Offices of Thomas J. Henry*

11

## VERIFICATION OF INTERROGATORY RESPONSES

I, Robert C. Hilliard, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief. I verify under penalty of perjury that the foregoing is true and correct.

Dated:  October 17, 2017

By:    */s/ Robert C. Hilliard*
      Robert C. Hilliard

HILLIARD MUÑOZ GONZALES LLP
719 South Shoreline Blvd.
Corpus Christi, Texas 78401
Tel: 361-882-1612
bobh@hmglawfirm.com

*Counsel for Certain Ignition Switch Pre-Closing Accident Plaintiffs*