# Exhibit Y

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>MOTORS LIQUIDATIONS COMPANY, et al.<br>f/k/a General Motors Corp., et al.<br><br>    Debtors. | Chapter 11<br>Case No.: 09-50026 (MG)<br><br><br>(Jointly Administered) |

### ADDITIONAL IGNITION SWITCH PRE-CLOSING ACCIDENT PLAINTIFFS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THE GUC TRUST'S FIRST SET OF INTERROGATORIES TO ALL CLAIMANTS

The Additional Ignition Switch Pre-Closing Accident Plaintiffs represented by Andrews Myers, PC[1] (the "Claimants"), serve these First Supplemental Objections and Responses to the GUC Trust's First Set of Interrogatories to All Claimants ("Interrogatories"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable to these proceedings through Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

### General Objections

1.      By responding to these Interrogatories, Claimants do not concede the relevance, materiality, or admissibility of the information sought.

2.      Claimants object to these Interrogatories because they are premature under Local Rule 7033-1.

3.      Claimants' objections and responses are provided without prejudice to Claimants' right to supplement, amend, or correct these objections and responses in light of the Court's rulings with respect to the proper scope of discovery, subsequently discovered facts, facts that Claimants may later recall, or for any other reason.

---

[1] The Claimants represented by Andrews Myers, PC are identified in Exhibit A to Docket Nos. 14018, 14046 and 14112, which are hereby incorporated by reference as if set forth fully herein.

1

4.    Claimants object to these Interrogatories to the extent they seek the disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  Inadvertent disclosure of such protected information is not intended to be, and shall not be, a waiver of any applicable privilege.

5.    Claimants object to these Interrogatories to the extent they seek to impose on Claimants obligations beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules for the United States Bankruptcy Court Southern District of New York, or other applicable law.

6.    Claimants object to the definition of "Claimants" and "You" and "Your" to the extent the definitions include claimants not represented by Andrews Myers, PC.  Counsel for Claimants will not respond on behalf of clients whom they do not represent.  Claimants further object to the definition of "Claimants" and "You" and "Your" to the extent the definitions seek to require each of the movants identified on Exhibit A to docket entry 14018, 14046 and/or 14112 to respond individually to these Interrogatories.  All parties involved in the negotiation of the Settlement Agreement, including the GUC Trust, acknowledge that the negotiations took place solely between counsel.  Further, the Court has ruled that the GUC Trust shall not serve written discovery, including interrogatories, on the personal injury plaintiffs. *See* Oct. 3, 2017 Hearing Tr. at 63:8-10; October 11, 2017 Pretrial Stipulation and Scheduling Order (Docket No. 14130) ¶4(b). Claimants' responses will be made on behalf of counsel for Claimants and counsel for Claimants will respond to the Interrogatories as if they were directed to counsel, not the individual plaintiffs.

7.      Claimants object to these Interrogatories to the extent they seek information and/or documents that are not within HMG Claimants' possession, custody or control, or publicly available or otherwise available to the GUC Trust

8.      Claimants object to the definition of "Proposed Settlement" to the extent it suggests that the GUC Trust did not assent to the Settlement Agreement reached between the Signatory Plaintiffs and the GUC Trust or that the Settlement Agreement reached between the Signatory Plaintiffs and the GUC Trust is not a binding contract. Claimants will use the term "Settlement Agreement."

9.      Claimants object to these Interrogatories to the extent they seek information or documents that may not be relevant to whether the Settlement Agreement is a binding agreement.

10.     Claimants object to the Interrogatories to the extent that the Interrogatories are argumentative, lack foundation, or incorporate disputed assertions.  In providing these responses, Claimants do not concede the truth of any factual assertion or implication contained in the Interrogatories.

11.     Claimants object to the Interrogatories as vague, ambiguous, overly broad, unduly burdensome, cumulative, and/or not reasonably calculated to lead to the discovery of admissible evidence.

12.     Claimants object to the Interrogatories because they fail to identify any particular date range, and are therefore vague, ambiguous, overly broad, unduly burdensome, cumulative, and/or not reasonably calculated to lead to the discovery of admissible evidence.

13.     Claimants object to the Interrogatories to the extent they call for information outside of the date range relevant to whether the Settlement Agreement is a binding agreement.

3

14.     Claimants object to Instruction No. 2 which purports to require Claimants to include citations to supporting documents and other evidence, which exceeds Claimants' obligations under all applicable rules.

15.     Claimants object to Instruction No. 4 which purports to require Claimants to identify each individual who supplied information for, or participated or assisted in, the preparation of the answer, which exceeds Claimants' obligations under all applicable rules. The information sought is also protected attorney work product.

16.     Claimants object to Instruction No. 5 to the extent it contradicts Rule 26 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, the Local Rules of the Bankruptcy Court of the Southern District of New York, and/or the agreement reached among the parties regarding the identification of privileged documents on privilege logs.

17.     The general and specific objections asserted by other Claimants not represented by counsel for Claimants are incorporated by reference herein.

18.     These General Objections are incorporated by reference into each and every specific response and objection set forth below. The absence of a specific reference to any of these General Objections in any of the specific responses below is not a waiver thereof.

## SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 1:**  Do You contend that You and the GUC Trust currently have a legally binding contract (the "Contract") related to the Proposed Settlement?  If so, please respond to Interrogatories 2, 3, 7, and 8, and also respond to Interrogatories 4 through 6 if applicable.

**Response:**  Yes.

**Interrogatory No. 2:**  On what date was the Contract entered into?

**Response:**  The contract was entered into by no later than August 12, 2017, and agreement on material terms existed by August 3, 2017.

**Interrogatory No. 3:**  Is the Contract oral or written?  If written, please respond to Interrogatories 4 through 6.

**Response:**  Claimants object to this Interrogatory as vague and ambiguous. Claimants further object to this Interrogatory because it improperly assumes that a binding contract may only be written or oral, and is therefore argumentative, lacks foundation, or incorporates disputed assertions. Subject to and without waiving these objections and Claimants' General Objections, Claimants respond as follows. The contract is a written agreement. In the alternative, the contract is an oral agreement.

**Interrogatory No. 4:**  Is the Contract contained in a single writing or in multiple writings that must be read together?

**Response:**  Claimants object to this Interrogatory as vague and ambiguous, particularly as it relates to an agreement with multiple exhibits.  Subject to and without waiving this objection and Claimants' General Objections, Claimants respond as follows.  The final Settlement Agreement documents agreed to by the Signatory Plaintiffs and the GUC Trust include the: (1) Settlement Agreement; (2) Settlement Order; (3) Claims Estimate Order; (4) joint motion to approve the Settlement Agreement and estimate the aggregate allowed general unsecured claims against the Old GM estate pursuant to Bankruptcy Rule 9019; (4) four supporting declarations from Wilmington Trust Company, as administrator of the GUC Trust; (5) Notice Procedures Motion; (6) short- and long-form notices to Plaintiffs and notice to Unitholders; and (7) finalized declaration from the notice provider regarding the agreed notice plan.  Counsel for the Signatory Plaintiffs and the GUC Trust confirmed their agreement, and that the settlement documents were final and agreed upon, by email.

**Interrogatory No. 5:**  Identify all writing that memorialize the terms of the Contract.

**Response:**  Claimants object to this Interrogatory as vague and ambiguous, particularly as it relates to an agreement with multiple exhibits. Claimants also object to this Interrogatory because it seeks information already in the possession of the GUC Trust. Subject to and without waiving these objections and Claimants' General Objections, Claimants respond as follows. *See* Claimants' Response to Interrogatory No. 4 above.

5

**Interrogatory No. 6:**  Identify all persons who executed the Contract.

**Response:**   Claimants object to this Interrogatory as vague and ambiguous as to the term "executed."  Claimants further object to this Interrogatory to the extent it suggests or implies that the final execution versions of the Settlement Agreement needed to have been signed for a binding contract to exist.  Claimants also object to this Interrogatory because it seeks information that is not in the possession, custody, or control of Claimants.  Subject to and without waiving these objections and Claimants' General Objections, Claimants respond as follows.  All parties to the Settlement Agreement executed the contract.

**Interrogatory No. 7:**  State all the material terms of the Contract on which the parties have reached agreement.

**Response:**   Claimants object to this Interrogatory because it seeks information already in the possession of the GUC Trust. Claimants further object because "material terms" is vague and ambiguous. Subject to and without waiving this objection and Claimants' General Objections, HMG Claimants respond as follows. The Signatory Plaintiffs and the GUC Trust identified the key terms of the Settlement Agreement on which they reached agreement at paragraph 44 of the Joint Motion Pursuant to Bankruptcy Code Sections 105, 363, 502(C) and 1142 and Bankruptcy Rules 3020 and 9019 to Approve the Settlement Agreement by and Among the Signatory Plaintiffs and the GUC Trust, and to Estimate the Plaintiffs' Aggregate Allowed General Unsecured Claims Against the Debtors. Moreover, the Signatory Plaintiffs and the GUC Trust agreed to the terms of the contract attached to the Joint Motion, and the terms of the contract speak for themselves.

**Interrogatory No. 8:**  State all material terms of the Contract on which the parties have yet to reach agreement.

**Response:**   There are no material terms of the contract on which the parties have yet to reach agreement.

**Interrogatory No. 9:**  Identify all Claimants who You intended to have sign the Contract.

**Response:**   Claimants object to this Interrogatory because it improperly seeks to discover attorney work product and/or the mental impressions of attorneys which are privileged and protected from discovery.  Claimants further object to this Interrogatory because it improperly assumes that a binding contract must be signed, and is therefore argumentative, lacks foundation, or incorporates disputed assertions.  Claimants further object to this Interrogatory to the extent is directed at the Ignition Switch Pre-Closing Accident Movants identified on Exhibit A to docket entry 14018, 14046 and/or 14112, who did not participate in negotiating the Settlement Agreement.  Subject to and without waiving these objections and Claimants' General Objections, Claimants respond as follows.  The intended signatories of the final execution version of the Settlement Agreement for Claimants are identified in the signature block of the final execution version of the Settlement Agreement.  Moreover, all parties to the Settlement Agreement confirmed their agreement, and that the settlement documents were final and agreed upon, by

6

email.

**Interrogatory No. 10:** Identify all Claimants who were aware of the negotiations of the terms of the Contract or Proposed Settlement.

**Response:** Claimants object to this Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege. Claimants further object to this Interrogatory because it fails to identify any particular date range, and is irrelevant, vague, ambiguous, overly broad, unduly burdensome, cumulative, and/or not reasonably calculated to lead to the discovery of admissible evidence. Claimants further object to this Interrogatory to the extent it requires a response from each of the movants identified on Exhibit A to docket entry14018, 14046 and/or 14112, and is contrary to the October 11, 2017 Pretrial Stipulation and Scheduling Order (Docket No. 14130) ¶4(b). Subject to and without waiving these objections and Claimants' General Objections, Claimants respond as follows. On August 7, 2017, August 10, 2017 and August 14, 2017, the undersigned bankruptcy counsel sent correspondence to each of the personal injuries attorneys representing Claimants regarding the Settlement Agreement with the GUC Trust for discussion with the individual Claimants.

**Interrogatory No. 11:** Identify all Claimants who had expressed, in writing, their consent to the terms of the Contract or Proposed Settlement.

**Response:** Claimants object to this Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege. Claimants further object to this Interrogatory as irrelevant, overly broad, unduly burdensome, cumulative, and/or not proportional to the needs of this case. Claimants further object to this Interrogatory to the extent it requires a response from each of the movants identified on Exhibit A to docket entry 14018, 14046 and 14112 and is contrary to the October 11, 2017 Pretrial Stipulation and Scheduling Order (Docket No. 14130) ¶4(b). Subject to and without waiving these objections and HMG Claimants' General Objections, Claimants respond as follows. The Parties to the Contract, including the GUC Trust, never requested, required, nor contemplated the Claimants' written consent and Claimants' written consent was not required to form a binding agreement.

**Interrogatory No. 12:** Identify all Claimants who received drafts of the Contract or the Proposed Settlement.

**Response:** Claimants object to this Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege. Claimants further object to this Interrogatory as overly broad, unduly burdensome, cumulative, and/or not proportional to the needs of this case. Claimants further object to this Interrogatory to the extent it requires a response from each of the movants identified on Exhibit A to docket entry 14018, 14046 and/or 14112 and is contrary to the October 11, 2017 Pretrial Stipulation and Scheduling Order (Docket No. 14130) ¶4(b). Subject to and without waiving these objections and Claimants' General Objections, Claimants respond as follows. The undersigned bankruptcy counsel for Claimants did not send drafts of the Settlement Agreement

7

to each Claimant, but did send such drafts to each of the personal injury counsel for the Claimants.

**Interrogatory No. 13:**  Identify all Claimants who read drafts of the Contract or the Proposed Settlement.

**Response:**    Claimants object to this Interrogatory because it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege.   Claimants further object to this Interrogatory as irrelevant, overly broad, unduly burdensome, cumulative, and/or not proportional to the needs of this case.   Claimants further object to this Interrogatory to the extent it requires a response from each of the movants identified on Exhibit A to docket entry 14018, 14046 and/or 14112 and is contrary to the October 11, 2017 Pretrial Stipulation and Scheduling Order (Docket No. 14130) ¶4(b). Subject to and without waiving these objections and Claimants' General Objections, Claimants respond as follows. Counsel for Claimants did not send drafts of the Settlement Agreement to each Claimant, but did send such drafts to each of the personal injury counsel for the Claimants.

Dated: October 20, 2017

Respectfully submitted,

ANDREWS MYERS, P.C.

*/s/ Lisa M. Norman*
Lisa M. Norman (pro hac vice)
T. Joshua Judd (pro hac vice)
ANDREWS MYERS, P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056
713-850-4200  Telephone
713-850-4211  Facsimile
Lnorman@andrewsmyers.com
Jjudd@andrewsmyers.com

*Counsel for Additional Ignition Switch*
*Pre-Closing Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served electronically to the following counsel of record on October 20, 2017:

Mitchell A. Karlan
Jonathan D. Fortney
Gibson, Dunn & Crutcher, LLP
200 Park Avenue
New York, NY 10166
mkarlan@gibsondunn.com
jfortney@gibsondunn.com

*Attorneys for Wilmington Trust Company, as Trustee for and Administrator of the Motors Liquidation Company General Unsecured Creditors Trust*

*/s/ Lisa M. Norman*
LISA M. NORMAN

4851-0599-9954, v. 1