# Exhibit NN

```
 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------x

 3  IN RE:  GENERAL MOTORS LLC
    IGNITION SWITCH LITIGATION,
 4
                                        14 MD 2543 (JMF)
 5

 6  ------------------------------x
                                        New York, N.Y.
 7                                      August 11, 2017
                                        9:00 a.m.
 8
    Before:
 9
                    HON. JESSE M. FURMAN,
10
                                        District Judge
11
                          APPEARANCES
12

13  LIEFF CABRASER HEIMANN AND BERNSTEIN LLP
    BY:  ELIZABETH JOAN CABRASER
14           -AND-
    HAGENS BERMAN SOBOL SHAPIRO LLP (SEATTLE)
15  BY:  STEVE W. BERMAN
             -AND-
16  HILLIARD MUNOZ GONZALES LLP
    BY:  ROBERT HILLIARD
17           -AND-
    BROWN RUDNICK
18  BY:  HOWARD STEEL
         Attorneys for Plaintiffs
19
    KIRKLAND & ELLIS LLP
20  BY:  RICHARD CARTIER GODFREY
         ROBERT C. BROCK
21       ANDREW B. BLOOMER
         ALLAN PIXTON
22           -AND-
    KING & SPALDING
23  BY:  ARTHUR J. STEINBERG
         Attorneys for Defendant General Motors L.L.C.
24

25
```

1           If there is something in the declarations that are
2   filed in the first instance that changes the situation in some
3   material way, I think that enables us to stick with the current
4   schedule but allows GM, if it learns something from the factual
5   declarations that are filed that it changes things in some
6   meaningful way, it gives New GM an opportunity to tell me what
7   that is.  I would think that that would be a better way to
8   proceed.  That's what I would propose.
9           Thoughts.  No thoughts?
10          MR. GODFREY:  I have thoughts.  I thought Mr. Berman
11  was going to say something.
12          THE COURT:  It looks like he is.
13          MR. BERMAN:  I am.  On Wednesday we informed General
14  Motors that we plan on presenting papers in the bankruptcy
15  court next week, perhaps as early as Tuesday, that would ask
16  the bankruptcy court to issue a claims estimation order
17  pursuant to the sale agreement.
18          And under the sale agreement, your Honor, the Guc
19  Trust has the authority to go to the bankruptcy court and to
20  compromise claims.  In the event the Guc Trust makes a
21  determination that claims exceed $35,000,000, to ask the Court
22  to issue an estimation order that would require New GM to issue
23  stock that would be put into an account for the benefit of,
24  actually, our class.
25          And pursuant to that estimation order, we're going to

1  ask the bankruptcy court to issue that order which would
2  require GM to put up stock that's worth roughly a little over
3  $1,000,000,000.
4          THE COURT:  Correct me if my understanding of this is
5  wrong.  I take it this is the so-called "accordion feature";
6  that essentially the estimation order would trigger the
7  accordion feature?
8          MR. BERMAN:  That's correct.
9          THE COURT:  This might be what Mr. Godfrey was fearing
10 would be the --
11         MR. BERMAN:  Yes.  We gave GM a heads-up, as I said,
12 this week.  I don't think that this changes your briefing idea
13 because the fact of the matter is that you recognize the
14 positions New GM has taken with respect to successor liability.
15 We're not going to have a resolution of this proposed
16 settlement.  I suspect that GM is not going to just quietly
17 agree to issue $1,000,000,000 worth of stock.
18         THE COURT:  I'm pretty confident in sharing that
19 prediction.
20         MR. BERMAN:  I'm also pretty confident that the sale
21 agreement actually gives GM no rights to object, but we'll
22 fight that out.
23         THE COURT:  I intimate no view on that.
24         MR. BERMAN:  So I think that we should continue with
25 the briefing, but I wanted to give the Court a heads-up that

1  there will be some new facts on the table next week.
2          THE COURT:  I appreciate that heads-up.  I think, if
3  anything -- I understand from the grumpy looks at the back
4  table that you're not happy about the accordion feature issues
5  here.  Those are not my concern, at least in the
6  first instance.
7          I think to the extent that these implicate me, that
8  suggests to me that you'll have the information before the
9  deadline that I've imposed, and we can just proceed as I had
10 already planned.
11         Any reason otherwise, with the caveat, I suppose,
12 Mr. Godfrey and Mr. Bloomer, that if upon seeing what
13 plaintiffs file on Tuesday, you need additional time to sort
14 through what it all means, that you can always seek a
15 reasonable extension, and I would consider it.  Obviously the
16 sooner we can get briefing, the better, as far as I'm
17 concerned.
18         Your thoughts.  I don't want to hear your thoughts on
19 the accordion feature issue.  You'll have plenty of
20 opportunity, I'm sure, to air those, whether you have any right
21 to or not.  I'm sure you'll make those arguments but not to me,
22 at least in the first instance.
23         Any issues with what I have said on the successor
24 liability issues before me?
25         MR. GODFREY:  Well, both issues are going to be before