**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**MOTORS LIQUIDATION COMPANY,** *et al.*,<br>**f/k/a General Motors Corp.,** *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (MG)<br><br>(Jointly Administered) |

**DECLARATION OF DANIEL H. GOLDEN IN SUPPORT OF THE JOINDER OF THE PARTICIPATING UNITHOLDERS IN THE MOTION TO ENFORCE[1]**

Daniel H. Golden, pursuant to 28 U.S.C. § 1746, declares:

1.      I am a partner at the law firm Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), counsel for certain unaffiliated holders (the "Participating Unitholders") of approximately 65 percent of the beneficial units of the Motors Liquidation Company GUC Trust (the "GUC Trust").

2.      I respectfully submit this declaration in support of the *Joinder of the Participating Unitholders in the Motion to Enforce* (the "Joinder") filed contemporaneously herewith. I am fully familiar with the facts and circumstances in connection with the Joinder based on my personal knowledge or my review of documents produced in this matter.

3.      In or around May 2017, the Participating Unitholders, the Ignition Switch Plaintiffs, the Non-Ignition Switch Plaintiffs, and certain Pre-Closing Accident Plaintiffs (collectively, the "Signatory Plaintiffs"), and the Wilmington Trust Company ("Wilmington Trust"), as trustee of and administrator for the GUC Trust, began negotiating the contours of a potential settlement of the Signatory Plaintiffs' motions seeking authority to file late claims

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Joinder (as hereinafter defined).

against the GUC Trust, and similar claims that could be brought against the GUC Trust by
similarly situated potential claimants (the "Plaintiff Settlement").

4.        By late July 2017, the Participating Unitholders, Wilmington Trust, and the
Signatory Plaintiffs had agreed upon all of the material terms of the Plaintiff Settlement, and
were close to finalizing the documentation that would be necessary to seek the Court's approval
of the Plaintiff Settlement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.        At this point, the Participating Unitholders, Wilmington Trust, and the Signatory
Plaintiffs agreed that Edward Weisfelner of Brown Rudnick LLP ("Brown Rudnick"),
Designated Counsel for the Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs,
and I, as counsel for the Participating Unitholders, would contact Arthur Steinberg of King and
Spalding LLP, counsel for New GM, to apprise New GM of the Plaintiff Settlement, and to
inquire as to dates on which New GM's counsel would be available for a conference with the
Court to apprise the Court of the Plaintiff Settlement.  That call took place on August 9, 2017.

6.        Shortly thereafter, counsel for the Participating Unitholders, acting on behalf and
with the consent of Wilmington Trust and the Signatory Plaintiffs, reached out to chambers to
schedule a conference to apprise the Court of the Plaintiff Settlement and discuss the noticing
procedures proposed in connection therewith.  That conference was ultimately scheduled for
August 17, 2017.

7.        Also on August 9, 2017, I emailed counsel for Wilmington Trust and Signatory
Plaintiffs to schedule an "all hands call."  A true and correct copy of that e-mail is attached hereto
as **Exhibit A**.

8.        The "all hands call" took place on August 11, 2017.   A true and correct copy of
the email that Howard Steel, counsel for the Signatory Plaintiffs, circulated among the other

Signatory Plaintiffs, the Participating Unitholders, and Wilmington Trust following that call is attached hereto as **Exhibit B** (without attachments).[2]

9.  A true and correct copy of an e-mail from Keith Martorana, counsel for Wilmington Trust, dated August 12, 2017, is attached hereto as **Exhibit C**.

10.  A true and correct copy of an e-mail that was produced by Wilmington Trust in this action, from Beth Andrews, a Vice President at Wilmington Trust and one of the Wilmington Trust representatives leading Wilmington Trust's engagement as trustee for and administrator of the GUC Trust, dated August 14, 2017, is attached hereto as **Exhibit D**.

11.  A true and correct copy of Wilmington Trust's Form 10-Q Quarterly Report for the Period Ending June 30, 2017, dated August 14, 2017, that was printed off of www.sec.gov is attached hereto as **Exhibit E**.

12.  True and correct copies of an e-mail that was produced by Brown Rudnick in this action, from Mr. Martorana, dated August 14, 2017 at 10:09 a.m., and an e-mail from Mr. Steel, dated August 14, 2017 at 10:11 a.m., are attached hereto as **Exhibit F**.

13.  A true and correct copy of an e-mail from Mr. Steel, dated August 14, 2017 at 1:32 p.m., is attached hereto as **Exhibit G** (without attachments).

14.  On August 14, 2017, the Participating Unitholders were invited to a meeting between Wilmington Trust and General Motors, LLC ("New GM") to be held on August 15, 2017.  A true and correct copy of an email that was produced by Wilmington Trust in this action, dated August 14, 2017 that was sent by Gabriel Gillet, counsel for the Wilmington Trust, to Scott Davidson, counsel for New GM, in connection with that meeting, is attached hereto as **Exhibit H**.

---

[2] In an effort to avoid burdening the Court, the e-mails attached hereto are submitted without their attachments, unless the attachments are referenced in the Joinder.  To the extent the Court wishes to receive the attachments, the Participating Unitholders will promptly provide them.

15.     Later that day, Matt Williams, counsel for Wilmington Trust, disinvited the

Participating Unitholders from that meeting.  A true and correct copy of the e-mail from Mr.

Williams, dated August 14, 2017 at 7:18 p.m., and an email from Mr. Gillett, dated August 14,

2017 at 2:55 p.m., are attached hereto as **Exhibit I.**

16.     For reasons that are unknown to the Participating Unitholders to this day,

Wilmington Trust did not notify the Participating Unitholders that New GM had offered to enter

into an alternative agreement with the GUC Trust at this meeting until after Wilmington Trust

had disavowed the Plaintiff Settlement and agreed to enter into an agreement with New GM (the

"Forbearance Agreement") that was significantly less favorable for the GUC Trust than the

Plaintiff Settlement.

17.     A true and correct copy of an e-mail from Mr. Martorana, dated August 14, 2017

at 3:46 p.m., is attached hereto as **Exhibit J.**

18.     A true and correct copy of an e-mail that was produced by Brown Rudnick in this

action, from Mr. Martorana, dated August 14, 2017 at 7:26 p.m., is attached hereto as **Exhibit K**.

19.     A true and correct copy of an e-mail that was produced by Wilmington Trust in

this action, from David Vanaskey, an Administrative Vice President at Wilmington Trust and one

of the Wilmington Trust representatives involved in Wilmington Trust's engagement as trustee

for and administrator of the GUC Trust, dated August 15, 2017, is attached hereto as **Exhibit L**

(without attachments).

20.     On August 16, 2017, Wilmington Trust's counsel abruptly informed counsel for

the Participating Unitholders and the Signatory Plaintiffs that Wilmington Trust did not intend to

move forward with the Plaintiff Settlement, and had agreed instead to enter into the Forbearance

Agreement, which provided that Wilmington Trust would not enter into any settlement of

4

Plaintiffs' claims that could implicate New GM's assets, or seek a Claims Estimate Order or the issuance of Additional Shares.

21.     Despite repeated questioning from the Participating Unitholders and their counsel in the days and weeks that followed, Wilmington Trust was unable to provide a cogent explanation as to why it had suddenly chosen to abandon the carefully negotiated Plaintiff Settlement to which it had already agreed in lieu of the far less favorable Forbearance Agreement, or why it concealed its negotiations with New GM over the Forbearance Agreement from the Participating Unitholders before acquiescing to the agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated:  November 13, 2017                                    /s/ Daniel H. Golden
                                                             Daniel H. Golden