# **EXHIBIT A**

*In re: MOTORS LIQUIDATION COMPANY, et al., f/k/a General Motors Corp., et al.,*
Case No. 09-50026 (S.D.N.Y. Bankr.)

### **EXHIBIT A TO JOINT PRE-TRIAL ORDER: JOINT STIPULATION OF FACTS**[1]

**I.    THE PLAINTIFFS' SETTLEMENT AGREEMENT**

1.    The document entitled "Settlement Agreement" which appears annexed as Exhibit H to the Declaration of Edward Weisfelner appearing at Dkt. No. 14061-1 (for definitional purposes only the "**Plaintiffs' Settlement Agreement**") reflects the terms of the agreement to which Plaintiffs (and the Unitholders) seek to bind the GUC Trust.

2.    The Plaintiffs' Settlement Agreement references certain documents ("**Settlement Documents**") that are (collectively): (a) the Claims Estimate Order, which appears as Exhibit J to the Declaration of Edward Weisfelner; (b) a motion to approve the settlement and estimate the aggregate allowed unsecured claims against the Old GM estate pursuant to Bankruptcy Rule 9019, which appears as Exhibit K to the Declaration of Edward Weisfelner; (c) drafts of supporting declarations from Beth Andrews of Wilmington Trust Company as trustee for and administrator of the GUC Trust, and from counsel to the parties, which appear as Exhibits L-O to the Declaration of Edward Weisfelner; (d) a Notice Procedures motion, which appears as Exhibit P to the Declaration of Edward Weisfelner; (e) short- and long-form notice to Plaintiffs, and notice to Unitholders, which appear as Exhibits Q-S to the Declaration of Edward Weisfelner; and (f) a declaration from the notice provider, which appears as Exhibit B to the Declaration of Edward Weisfelner.

3.    In or around May 2017, counsel to the Plaintiffs, the Participating Unitholders and the Wilmington Trust Company ("**Wilmington Trust**"), as trustee for and administrator of the

---

[1] Unless otherwise defined, all capitalized terms used herein shall have the meaning ascribed to them in the Joint Pre-Trial Order filed herewith.

1

GUC Trust, began negotiating the contours of a potential settlement between Plaintiffs and GUC Trust.

4.      On or about June 9, 2017, a draft of the Plaintiffs' Settlement Agreement appearing at AG0005147-5184 was circulated to counsel for certain of the Signatory Plaintiffs containing comments from both Gibson Dunn (counsel for the GUC Trust) and Akin Gump (counsel for the Participating Unitholders) (the "**June 9 Draft**").

5.      The GUC Trust authorized its attorneys at Gibson Dunn & Crutcher ("**counsel for GUC Trust**"), including Keith Martorana, Matthew Williams and Gabriel Gillett, to participate in negotiations with the Plaintiffs' counsel and the Participating Unitholders' counsel concerning the Plaintiffs' Settlement Agreement.

6.      On August 9, 2017, Daniel Golden, counsel for the Participating Unitholders, reported to counsel to Plaintiffs and counsel to the GUC Trust, that he had notified counsel for New GM of the parties' desire to have a chambers conference with the Bankruptcy Court regarding the proposed settlement the following week, and had committed to providing counsel for New GM a copy of Plaintiffs' Settlement Agreement and Settlement Documents.

7.      The GUC Trust has never made a filing with the Securities and Exchange Commission stating it reached a final and binding settlement with any of the Plaintiffs.

8.      Beth Andrews was the Wilmington Trust employee with primary responsibility for the GUC Trust during the period June through August 2017. Mr. Vanaskey, an Administrative Vice President at Wilmington Trust, also had responsibility for the GUC Trust during this period.

9. No Plaintiff or counsel to any Plaintiff ever spoke directly with Beth Andrews, David Vanaskey, or any other employee of Wilmington Trust with responsibility for the GUC Trust concerning the Plaintiffs' Settlement Agreement.

10. On August 14, 2017, a meeting between counsel for the GUC Trust and counsel for New GM was scheduled. This meeting occurred on August 15, 2017 at 10:00 a.m.

11. At approximately 9:40 a.m. on August 16, 2017, counsel for the GUC Trust contacted counsel for the Participating Unitholders to request a telephonic conference. That conference call occured at 11:30 a.m. that day, during which counsel for Wilmington Trust notified counsel for the Participating Unitholders that the GUC Trust would not proceed with Plaintiffs' Settlement Agreement and would instead enter into an agreement with New GM. That afternoon, counsel for Wilmington Trust notified counsel for the Plaintiffs that the GUC Trust would not proceed with Plaintiffs' Settlement Agreement.

12. On the evening of August 16, 2017, New GM and the GUC Trust notified the Bankruptcy Court by joint letter that the GUC Trust decided to enter into "a proposed settlement agreement with New GM that will be subject to this Court's approval."

**II.   AUTHENTICITY OF DOCUMENTS**

13. All documents produced in discovery by any Party in this Dispute, including any true and correct copy thereof, are authentic for purposes of Federal Rule of Evidence 901.