**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
　　　　　　　　　　　　　　　　　　　　　　　　:
In re:　　　　　　　　　　　　　　　　　　　　:　　Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,　　　:　　Case No.: 09-50026 (MG)
　　　f/k/a General Motors Corp., et al.,　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　Debtors.　　　　:　　(Jointly Administered)
------------------------------------------------------------X

## JOINT PRE-TRIAL ORDER

The Parties[1] having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, made applicable by Fed. R. Bankr. P. 7016, the following statements, directions and agreements are adopted as the Pretrial Order herein.

**I.　NATURE OF THE CASE**

This contested matter concerns whether the terms of the unsigned settlement agreement appearing at Dkt. No. 14061-1 (for definitional purposes only, the "Plaintiffs' Settlement Agreement") between counsel for Motors Liquidation Company GUC Trust (the "GUC Trust") and counsel for Ignition Switch Plaintiffs,[2] certain Non-Ignition Switch Plaintiffs,[3] and PIWD Plaintiffs[4] (collectively, "Plaintiffs" or "Signatory Plaintiffs") are binding on the parties thereto.

---

[1]　　The term "Parties" refers to Plaintiffs, the GUC Trust, New GM, and certain unaffiliated noteholders whose counsel has represented hold approximately 65% of the GUC Trust units (the "Participating Unitholders").

[2]　　The term "Ignition Switch Plaintiffs" means those plaintiffs asserting economic loss claims or persons suffering economic losses who, as of July 10, 2009, owned or leased a vehicle with an ignition switch defect included in Recall No. 14V-047. New GM does not agree that Plaintifs' counsel represents all of those persons, has ever been retained by them, or has authority to speak for them.

[3]　　The term "Non-Ignition Switch Plaintiffs" means those plaintiffs asserting economic loss claims or persons suffering economic losses who, as of July 10, 2009, owned or leased a vehicle with defects in ignition switches, side airbags or power steering included in Recall Nos. 14V-355, 14V-394, 14V-400, 14V-346 and 14V 540, 14V-118 and 14V-153. New GM does not agree that Plaintiffs' counsel represents all of those persons, has ever been retained by them, or has authority to speak for them.

[4]　　The term "PIWD Plaintiffs" means "those certain Ignition Switch Pre-Closing Accident Plaintiffs represented by PIWD Counsel," and "PIWD Counsel" means "(i) Robert C. Hilliard of Hilliard Munoz Gonzalez,

During the period June 2017 through August 16, 2017, counsel for the GUC Trust engaged in settlement negotiations with Plaintiffs' counsel regarding potential resolution of the Late-Claims Motions and the underlying economic loss and personal injury claims against the GUC Trust.  During these negotiations, counsel for the GUC Trust, counsel for the Participating Unitholders, and counsel for Plaintiffs prepared and exchanged many drafts of the Plaintiffs' Settlement Agreement and ancillary documents (the "Settlement Documents").[5]

On August 16, 2017, the GUC Trust notified the Court and Plaintiffs' counsel of its intention not to sign Plaintiffs' Settlement Agreement and its intention to enter into an agreement (the "Forbearance Agreement") with General Motors LLC ("New GM").  On September 11, 2017, Plaintiffs filed the *Motion to Enforce the Settlement Agreement By and Among the Signatory Plaintiffs and the GUC Trust* (the "Motion to Enforce"), which the Participating Unitholders joined.  On September 12, 2017, the GUC Trust filed the *Motion of the Motors Liquidation Company GUC Trust Administrator Pursuant to Bankruptcy Code Sections 105(a), 363(b) and 1142(b) and Bankruptcy Rule 3021(d) to Authorize Entry into Forbearance Agreement with General Motors LLC* (the "Forbearance Agreement Approval Motion"), which New GM joined.

---

LLP and Thomas J. Henry of the law offices of Thomas J. Henry, but solely for the Pre-Closing Accident Plaintiffs reprsened by the two law firms; and (ii) Lisa M. Norman of Andrews Myers, P.C., but solely for the Pre-Closing Accident Plaintiffs represented by that law firm."

[5]    The "Settlement Documents" are (collectively):  (a) the draft Settlement Agreement, which appears as Exhibit H to the Declaration of Edward Weisfelner; (b) the Settlement Order, which appears as Exhibit I to the Declaration of Edward Weisfelner; (c) the Claims Estimate Order, which appears as Exhibit J to the Declaration of Edward Weisfelner; (d) a motion to approve the settlement and estimate the aggregate allowed unsecured claims against the Old GM estate pursuant to Bankruptcy Rule 9019, which appears as Exhibit K to the Declaration of Edward Weisfelner; (e) draft supporting declarations from the Wilmington Trust Company as administrator of the GUC Trust and counsel to the parties, which appear as Exhibits L-O to the Declaration of Edward Weisfelner; (f) a Notice Procedures motion, which appears as Exhibit P to the Declaration of Edward Weisfelner; (g) short- and long-form notice to Plaintiffs, and notice to Unitholders, which appear as Exhibits Q-S to the Declaration of Edward Weisfelner; and (h)  a  declaration from the notice provider, which appears as Exhibit B to the Declaration of Edward Weisfelner.

On August 17, 2017, a conference was held before the Court concerning the disputes raised in connection with these motions (the "Dispute"). On October 11, 2017, the Court entered the Pre-Trial Stipulation and Scheduling Order (Dkt. No. 14130). Pursuant to the Pre-Trial Stipulation and Scheduling Order, the resolution of the Dispute is bifurcated into two phases, with the second phase being dependent on the results of Phase I. The trial scheduled for December 18-20, 2017 will address the following Phase 1 issues: (a) whether Plaintiffs' Settlement Agreement is a binding agreement; and (b) whether New GM has standing to be heard on the issue described in (a).

## II. BASIS FOR JURISDICTION, WHETHER THE CASE IS CORE OR NON-CORE, AND WHETHER THE BANKRUPTCY JUDGE MAY ENTER FINAL ORDERS OR JUDGMENT

The Parties agree that (a) this Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; and (b) the claims in Phase 1 to be tried are core proceedings under 28 U.S.C. § 157(b), or they are otherwise related to a case under title 11 under 28 U.S.C. § 157(c) that may be heard and determined by this Court with consent of the parties subject to appellate review under 28 U.S.C. § 158. The Parties consent to entry of final orders or judgment.

## III. STIPULATED FACTS

The Parties' Joint Stipulation of Facts is set forth in Exhibit A to this Order.

## IV. PARTIES' CONTENTIONS

The pleadings are deemed amended to embrace only the following contentions of the parties:

### A. Plaintiffs' and Participating Unitholders' Contentions

The Plaintiffs' and Participating Unitholders' contentions are set forth in Exhibit B to this Order.

    **B.**    **GUC Trust's and New GM's Contentions**

The GUC Trust's and New GM's contentions are set forth in <u>Exhibit C-1</u> and <u>Exhibit C-2</u> to this Order.

**V.**    **ISSUES TO BE TRIED**

Pursuant to the Pre-Trial Stipulation and Scheduling Order, the resolution of the Dispute is bifurcated in two phases. This Order and the trial scheduled for December 18-20, 2017 will address only Phase 1, which considers: (a) whether Plaintiffs' Settlement Agreement is a binding agreement; and (b) whether New GM has standing to be heard on the issue described in (a).

**VI.**    **PLAINTIFFS' AND PARTICIPATING UNITHOLDERS' EXHIBITS**

The Plaintiffs' and Participating Unitholders' exhibits are listed in <u>Exhibit D</u> to this Order.

**VII.**    **GUC TRUST AND NEW GM'S EXHIBITS**

The GUC Trust's and New GM's trial exhibits are listed in <u>Exhibit E</u> to this Order.

No exhibit not listed by either Plaintiffs and Participating Unitholders on the one hand, or the GUC Trust and New GM on the other hand, may be used at trial except (a) for cross-examination purposes, or (b) if good cause for its exclusion from this Order is shown. Each side shall list all exhibits it intends to offer in its case in chief. The list shall include a description of each exhibit. All exhibits shall be pre-marked with each exhibit bearing a unique number or letter (numbers for Plaintiffs and Participating Unitholders, and letters for GUC Trust and New GM), with the prefix PX for Plaintiffs' and Participating Unitholders' exhibits and DX for the GUC Trust's and New GM's exhibits. Three copies of each exhibit shall be delivered to chambers with the proposed pretrial conference order.

**VIII.   STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS**

The Plaintiffs' and the Participating Unitholders' stipulations and objections to the GUC Trust's and New GM's exhibit list are listed in Exhibit F to this Order.  The GUC Trust's and New GM's stipulations and objections to Plaintiffs' and Participating Unitholders' exhibit list are listed in Exhibit G to this Order.  Any objections not set forth herein will be considered waived absent good cause shown.

**IX.   PLAINTIFFS' AND PARTICIPATING UNITHOLDERS' WITNESS LIST**

The Plaintiffs' and the Participating Unitholders' fact witnesses who will testify live at trial are:

1. Beth Andrews
2. Daniel Golden
3. Keith Martorana
4. Howard Steel
5. David Vanaskey
6. William Weintraub
7. Edward Weisfelner
8. Matthew Williams

**X.   GUC TRUST'S AND NEW GM'S WITNESS LIST**

The GUC Trust's and New GM's fact witnesses who will testify live at trial are:

1. Beth Andrews
2. Matthew Williams

The witnesses listed may be called at trial.  No witness not identified herein shall be permitted to testify in either party's case in chief absent good cause shown.  Each party shall list the witnesses it intends to call in its case in chief and, if a witness's testimony will be offered by

5

deposition, shall designate by page and line numbers the portions of the deposition transcript it intends to offer. Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefor.

The Parties' deposition designations are attached as the following exhibits to this Order. For each witness, the below-listed exhibits contain a list of the designations and counter-designated testimony of Plaintiffs' and the Participating Unitholders' on the one hand, and the GUC Trust and New GM on the others and their respective objections. Highlighted copies of each transcript have also been provided for the convenience of the Court. Plaintiffs' and the Participating Unitholders' designations are highlighted in green; the GUC Trust's and New GM's designations and counter-designations are highlighted in yellow.

- Beth Andrews Deposition (Exhibit H)
- James Barton Deopsition (Exhibit I)
- Daniel Golden Deposition (Exhibit J)
- Keith Martorana Deposition (Exhibit K)
- Melanie Mosley Deposition (Exhibit L)
- Howard Steel Deposition (Exhibit M)
- William Weintraub Deposition (Exhibit N)
- Edward Weisfelner Deposition (Exhibit O)
- Matthew Williams Deposition (Exhibit P)

## XI.   RELIEF SOUGHT

The Plaintiffs and the Participating Unitholders request an Order from the Court concluding that (i) the Plaintiffs' Settlement Agreement is binding, (ii) WTC is responsible for the fees and expenses incurred in connection with this matter (without recourse to the GUC

6

Trust),[6] and (iii) New GM has no standing to challenge the binding nature of the Plaintiffs' Settlement Agreement. The GUC Trust and New GM request an Order from the Court concluding that the Plaintiffs' Settlement Agreement is not binding. New GM further requests an Order from the Court that New GM has standing to participate in any and all aspects of Phase 1.

Dated: New York, New York
December 11, 2017

By: /s/ Howard S. Steel
Edward S. Weisfelner
Howard S. Steel
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
hsteel@brownrudnick.com

-and-

By: /s/ Sander L. Esserman
Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION
2323 Bryan Street, Ste 2200
Dallas, Texas 75201
Tel: 214-969-4900

---

[6] The GUC Trust objects to Plaintiffs' and the Participating Unitholders' request for attorneys' fees in the JPTO on the grounds that, among other things (i) it is a procedurally improper request because neither Plaintiffs' Enforcement Motion nor the Participating Unitholders' Joinder thereto, nor any other pleading to date from either of these parties, included a request for attorneys' fees and expenses; (ii) should these parties seek to move for fees and expenses, they should do so in a properly filed motion, and this relief should not be requested for the first time in the JPTO; (iii) the Participating Unitholders' have no standing to request attorneys' fees or expenses from the GUC Trust—much less Wilmington Trust Company as the GUC Trust Administrator—in connection with their Joinder or otherwise; and (iv) in any event, such a request is inconsistent with, and impermissible under, the express terms of the Second Amended and Restated Motors Liquidation Company GUC Trust Agreement, dated July 30, 2015, which among other things limits Wilmington Trust Company's liability as the GUC Trust Administrator "[t]o the fullest extent permitted by applicable law" and mandates that "[n]o provision of the Plan, Confirmation Order, Liquidation Order or this Trust Agreement shall be construed as requiring the GUC Trust Administrator to . . . incur any personal financial liability (x) in the performance of any of its duties thereunder or hereunder . . ., or (y) in the exercise of any of its rights or powers afforded hereunder or thereunder."

7

esserman@sbep-law.com

*Designated Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the Bankruptcy Court*

By: /s/ Steve W. Berman
Steve W. Berman (admitted pro hac vice)
HAGENS BERMAN SOBOL &
SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Tel: 206-623-7292
steve@hbsslaw.com

-and-

By: /s/ Elizabeth J. Cabraser
Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the MDL Court*

By: /s/ William P. Weintraub
William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: 212-813-8800
wweintraub@goodwinlaw.com
gfox@goodwinlaw.com

*Counsel to Ignition Switch Pre-Closing Accident Plaintiffs Represented By Hilliard Muñoz Gonzales L.L.P.*

8

By: /s/ Robert Hilliard
Robert Hilliard
HILLIARD MUÑOZ GONZALES LLP
719 South Shoreline, Suite 500
Corpus Christi, Texas 78401
Tel: 361-882-1612
bobh@hmglawfirm.com

*Counsel for Certain Ignition Switch Pre-Closing Accident Plaintiffs*

Thomas J. Henry, Esq.
THE LAW OFFICES OF THOMAS J. HENRY
4715 Fredricksburg, Suite 507
San Antonio, TX 78229

*Counsel to Certain Pre-Closing Accident Plaintiffs*

By: /s/ Lisa M. Norman
Lisa M. Norman (admitted *pro hac vice*)
ANDREWS MYERS, P.C.
1885 St. James Place, 15th Floor
Houston, TX 77056
Tel: 713-850-4200

*Counsel to Certain Pre-Closing Accident Plaintiffs*

By: /s/ Deborah J. Newman
Daniel H. Golden
Deborah J. Newman
AKIN GUMP STRAUSS HAUER
& FELD LLP
One Bryant Park
New York, NY 10036
Tel: 212-871-1002

*Counsel to Participating Unitholders*

9

By: /s/ Mitchell S. Karlan
Mitchell A. Karlan
GIBSON DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: 212-351-3800

*Counsel to GUC Trust*

By: /s/ James C. Tecce
Susheel Kirpalani, Esq.
James C. Tecce, Esq.
Julia M. Beskin, Esq.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
(212) 849-7100

-and-

Arthur J. Steinberg
Scott Davidson
KING AND SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel: 212-556-2158

*Counsel to New GM*

**IT IS SO ORDERED.**

Dated:  December 11, 2017
        New York, New York

                              **/s/ Martin Glenn**
                               MARTIN GLENN
                         United States Bankruptcy Judge