# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Mitchell A. Karlan
Direct: +1 212.351.3827
Fax: +1 212.351.5254
MKarlan@gibsondunn.com

December 12, 2017

VIA ECF

The Honorable Martin Glenn
United States Bankruptcy Judge
Southern District of New York
One Bowling Green, Room 523
New York, New York 10004

Re:     *In re Motors Liquidation Company*, Case No. 09-50026 (MG)

Dear Judge Glenn:

I am counsel for the GUC Trust in connection with the pending motion to enforce the unexecuted settlement agreement. As directed by the Court, I write to object to, and move to strike, certain portions of the direct testimony submitted by Movants. Specifically, the GUC Trust objects to and moves to strike paragraphs 29–32, 47, and 55 of the Declaration of Mr. Weisfelner (Dkt. 14184-1) and paragraphs 29 and 32–34 of the Declaration of Mr. Golden (Dkt. 14184-4).[1]

***Direct Testimony of Mr. Weisfelner***: In paragraphs 29–32 of his declaration, Mr. Weisfelner testifies on the contents of reports by purported experts regarding claims estimates. The cited reports are not relevant to the discrete issue to be resolved on the pending motion— namely, whether the unexecuted settlement agreement is enforceable—and these reports, as well as the related testimony regarding conclusions about their contents, are both hearsay and impermissible lay testimony. Paragraphs 29–32 should therefore be struck on any of these independent grounds. *See* Fed. R. Evid. 602 and 802; *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 87 (2d Cir. 2005) (affirming exclusion under Rule 602 because the witness was "hardly competent to testify to [the opinions of others]"); *see also* Fed. R. Evid. 701 ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is . . . not based on scientific, technical, or other specialized knowledge"); *Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 182 (2d Cir. 2004) (finding that testimony is improper to the "extent [the] testimony . . . reflected specialized knowledge [that the witness] has because of his extensive experience in [a specialized field.]").

In addition, Mr. Weisfelner discusses in paragraph 47 of his declaration an August 11 MDL status conference that he did not attend and, in paragraph 55, the August 15 meeting between counsel for the GUC Trust and counsel for New GM that he similarly did not attend. Mr. Weisfelner's testimony as to both events lacks foundation and relies on inadmissible hearsay. This testimony should thus be stricken. *See* Fed. R. Evid. 602 ("A witness may testify

---

[1] There are a number of other infirmities in the direct testimony submitted by Movants. The GUC Trust will address those infirmities on cross-examination and in closing and, if the Court so-directs, in post-trial briefing.

**GIBSON DUNN**

The Honorable Martin Glenn
December 12, 2017
Page 2

to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *N.Y. Indep. Contractors All., v. Highway Rd. & St. Constr. Laborers Local Union 1010*, 2008 WL 5068870, at *4 (E.D.N.Y. Nov. 24, 2008) (precluding witness testimony where "[a]ny knowledge they have concerning the facts is based entirely on hearsay—what they have learned through their review of documents and from discussions with others").

   ***Direct Testimony of Mr. Golden***:  In paragraph 29 of his declaration, Mr. Golden recounts communications between the GUC Trust and counsel for the GUC Trust to which he was not party and was not contemporaneously aware.  Mr. Golden's testimony lacks foundation, is inadmissible hearsay, and should be stricken.  *See* Fed. R. Evid. 602 and 802; *see also King v. Pension Tr. Fund*, 2003 WL 22071612, at *7 (E.D.N.Y. Sept. 5, 2003) (granting motion to strike testimony that described a meeting for which witness lacked personal knowledge), *aff'd*, 131 F. App'x 740 (2d Cir. 2005); *N.Y. Indep. Contractors All.*, 2008 WL 5068870, at *4 (similar).

   Mr. Golden also makes a series of statements in paragraphs 32–34 with respect to the Forbearance Agreement between the GUC Trust and New GM, which are not relevant to the issue of whether the unexecuted settlement agreement is enforceable, consist (in part) of hearsay, and are improper attempts to opine in some expert capacity on the efficacy of the GUC Trust's exercise of its business judgment.  Specifically, Mr. Golden purports to (i) summarize certain terms of that Agreement, paragraph 32; (ii) describe testimony by the GUC Trust and its counsel regarding that Agreement, as well as opining on the merits of that Agreement, paragraph 33; and (iii) opine on the purported lack of an explanation to Mr. Golden from the GUC Trust and its counsel as to the merits of that Agreement, paragraph 34.  Each should be struck on any of the independent grounds of relevance, hearsay, and impermissible expert testimony.  *See* Fed. R. Evid. 602, 701, and 802; *see also United States v. Awadallah*, 401 F. Supp. 2d 308, 314 (S.D.N.Y. 2005), *aff'd*, 436 F.3d 125 (2d Cir. 2006) ("Moreover, a lay witness's testimony in the form of an opinion is permissible only when it is helpful to understanding the witness's testimony or to the determination of a fact in issue.  If the jury already has all the information upon which the witness's opinion is based, the opinion is not admissible." (quotation omitted)).

Respectfully submitted,

Mitchell A. Karlan


cc: Counsel of record, via CM/ECF