UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/k/a general motors corp., *et al.*,<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br>Case No. 09-50026 (MG)<br><br>(Jointly Administered) |

### PLAINTIFFS' AND THE PARTICIPATING UNITHOLDERS' OBJECTIONS TO THE DIRECT TESTIMONY OF BETH ANDREWS AND MATTHEW WILLIAMS

The Ignition Switch Plaintiffs, certain Non-Ignition Switch Plaintiffs, and certain Pre-Closing Accident Plaintiffs (collectively, "Plaintiffs") and the Participating Unitholders submit the following Objections to the Direct Written Testimony of Beth Andrews [ECF No. 14181] ("Andrews Direct") and Matthew Williams [ECF. No. 14182] ("Williams Direct"), filed by the GUC Trust and New GM in this matter.

(A) **Plaintiffs' and Participating Unitholders' Objections to the Direct Written Testimony of Beth Andrews (FRE 602, 701, 702)**

Plaintiffs and Participating Unitholders object to Paragraph 24 of the Andrews Direct on the grounds that it is improper opinion testimony prohibited by Federal Rules of Evidence 701 and 702, and that Ms. Andrews lacks the personal knowledge required by Federal Rule of Evidence 602 to provide this testimony. Specifically, Ms. Andrews' testimony as to how a binding agreement can be reached, and whether or not there was a binding agreement between the parties (the subject matter of this very litigation), is an opinion for which she has not provided a proper basis nor evidence of her personal knowledge, and thus runs afoul of the aforementioned Federal Rules of Evidence. *See* Fed. R. Evid. 602, 701, 702.

(B) **Plaintiffs' and Participating Unitholders' Objections to the Direct Written Testimony of Matthew J. Williams**

    a. **Williams Direct Paragraph 44 (FRE 602)**

Plaintiffs and Participating Unitholders object to Paragraph 44 of the Williams Direct on the grounds that he does not have the requisite personal knowledge to testify as to what other parties believed (". . . counsel for the other parties became convinced that this Court would not approve the notice procedures. . ."), nor may he properly assert the bases of other parties' decisions ("*for that reason* the Parties drafted an entirely separate motion and proposed notice procedures. . ."). M. Williams Decl. ¶ 44 (emphasis added). More specifically, Mr. Williams cannot testify as to the reasons why *other* parties acquiesced to the drafting of a separate notice order and notice procedures, since he does not have personal knowledge of other parties' motivations. This testimony runs afoul of the foundation and personal knowledge requirements of Federal Rule of Evidence 602 and should thus be excluded. *See* Fed. R. Evid. 602.

    b. **Williams Direct Paragraph 52 (FRE 602, 701, 702)**

Plaintiffs and Participating Unitholders object to the last sentence of Paragraph 52 of the Williams Direct ("Had the GUC Trust entered a binding settlement agreement by the time of filing on the morning of August 14, 2017, the GUC Trust would have disclosed such an agreement in its Quarterly Report."). Mr. Williams' testimony is pure speculation regarding what the GUC Trust would or would not have done with respect to its filing obligations. Further, Mr. Williams admittedly does not have the requisite personal knowledge, background, or expertise to assert an opinion regarding the GUC Trust's obligations with respect to its quarterly filings. *See* M. Williams Dep. (Vol. I) at 158:15-159:24 (explaining his deference to his securities counsel for issues relating to the GUC Trust's public filings). In this regard, Mr. Williams' testimony

constitutes improper opinion that cannot be described as being rationally based on his personal perception, nor in his realm of specialized knowledge or expertise, and thus runs afoul of the Federal Rules of Evidence. *See* Fed. R. Evid. 602, 701, 702.

c. **Williams Direct Paragraph 55 (FRE 602, 701, 702)**

Plaintiffs and Participating Unitholders object to Paragraph 55 of the Williams Direct as violating Federal Rules of Evidence 602, 701, and 702. Mr. Williams may not properly testify about what Counsel for the Signatory Plaintiffs knew or did not know because he has no personal knowledge of Counsel's knowledge. *See* Fed. R. Evid. 602. This is also improper opinion testimony because, to the extent the testimony is not based on personal knowledge, it is based on an opinion (either lay or expert) for which Mr. Williams has provided no basis. *See* Fed. R. Evid. 701, 702.

d. **Williams Direct Paragraphs 77 and 78 (FRE 701, 702)**

Plaintiffs and Participating Unitholders object to Paragraphs 77 and 78 of the Williams Direct on the grounds of Federal Rules of Evidence 602, 701, and 702. First, Mr. Williams' testimony in Paragraph 77 regarding what Counsel for the Signatory Plaintiffs and the Participating Unitholders "are not wrong" about constitutes an improper opinion, and further mischaracterizes the language in Section 3.1 of the settlement agreement. *See* Williams Direct ¶ 77 ("one agreed-upon term. . . was Section 3.1's requirement that the document not be binding until executed"). Further, Mr. Williams' testimony in Paragraph 78 that "Counsel for Signatory Plaintiffs are wrong" about the execution of the agreement is improper, and his legal opinion as to the bounds of his authority is improper opinion testimony as well. *See* Fed. R. Evid. 701, 702. The testimony in these paragraphs runs afoul of Federal Rules of Evidence 701 and 702, and Mr. Williams should not be permitted to offer said testimony at trial.

Dated: December 12, 2017
New York, New York

Respectfully submitted,

/s/ Robert C. Hilliard
Robert Hilliard, Esq.
HILLIARD MARTINEZ GONZALES LLP
719 South Shoreline
Corpus Christi, TX 78401
Tel: 361-882-1612
bobh@hmglawfirm.com

*Counsel to certain Pre-Closing Accident Plaintiffs*

Edward S. Weisfelner
Howard S. Steel
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
hsteel@brownrudnick.com

Sander L. Besserman
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION
2323 Bryan Street, Ste. 2200
Dallas, Texas 75201
Tel: 214-969-4900
esserman@sbep-law.com

*Designated Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the Bankruptcy Court*

Steve W. Berman (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel: 206-623-7292
steve@hbsslaw.com

4

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the MDL Court*

William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: 212-813-8800
wweintraub@goodwinlaw.com
gfox@goodwinlaw.com

*Counsel to Those Certain Pre-Closing Accident Plaintiffs Represented By Hilliard Muñoz Gonzales L.L.P. and the Law Offices of Thomas J. Henry*

Thomas J. Henry, Esq.
THE LAW OFFICES OF THOMAS J. HENRY
4715 Fredricksburg, Suite 507
San Antonio, TX 78229

*Counsel to Certain Pre-Closing Accident Plaintiffs*

Lisa M. Norman (admitted *pro hac vice*)
ANDREWS MYERS, P.C.
1885 St. James Place, 15th Floor
Houston, Texas 77056
Tel: 713-850-4200
Lnorman@andrewsmyers.com

*Counsel to Certain Pre-Closing Accident Plaintiffs*

Daniel H. Golden
Deborah J. Newman
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Tel: 212-872-1000
dgolden@akingump.com
djnewman@akingump.com

*Counsel to Participating Unitholders*