

T 206.623.7292   F 206.623.0594

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

December 13, 2017

<u>VIA ECF FILING</u>

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

  RE: *In re Motors Liquidation Co., et al.*, Case No. 09-50026 (MG)

Dear Judge Glenn:

  The undersigned counsel respectfully submit this joint response to the GUC Trust's *Letter re Direct Testimony Submitted by Movants*, dated Dec. 12, 2017 [ECF No. 14196] and New GM's joinder thereto, dated Dec. 12, 2017 [ECF No. 14197]. The GUC Trust's objections and request to strike certain portions of Edward Weisfelner's and Daniel Golden's direct testimony should be denied.

**Direct Testimony of Mr. Weisfelner**

  *First*, paragraphs 29-32 of Mr. Weisfelner's direct testimony regarding the contents of expert reports regarding claims estimates do not, as the GUC Trust argues, constitute hearsay or impermissible lay testimony. Mr. Weisfelner's testimony is not offered to demonstrate the truth of the contents of the proffered materials, *cf*. Fed. R. Evid. 801(c) (hearsay is an out-of-court statement offered "to prove the truth of the matter asserted in statement"); nor is Mr. Weisfelner's testimony an opinion that requires expert knowledge, *cf*. Fed. R. Evid. 701 (if a witness is not an expert, opinion testimony limited to that not based on specialized knowledge). Rather, in these paragraphs, Mr. Weisfelner simply describes the materials that were provided to the GUC Trust during the negotiations of the Settlement Agreement. Regardless of the truth of the statements in these proffered materials, the GUC Trust's receipt of these materials goes to the GUC Trust's knowledge, motivation, and intent in connection with the negotiation and finalization of the Settlement Agreement. Such testimony is not hearsay and should be admitted into evidence. *See W. Milford Shopping Plaza, LLC v. Great Atl. & Pac. Tea Co.* (*In re the Great Atl. & Pac. Tea Co.*), No. 14-cv-4170, 2015 WL 6395967, at *5 (S.D.N.Y. Oct. 21, 2015) (holding that, to the extent testimony regarding a statement was offered to demonstrate a party's knowledge of the statement itself, but not the truth of the matter asserted therein, the testimony

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   NEW YORK   PHOENIX   SAN DIEGO   SAN FRANCISCO   WASHINGTON, D.C.

010440-11 887475 V1

December 13, 2017
Page 2

was not hearsay); *Bernstein v. Vill. of Wesley Hills*, 95 F. Supp. 3d 547, 560 (S.D.N.Y. 2015) (holding that an affiant's reference to a statement of defendants' counsel was not hearsay because it was not offered for the truth of the matter asserted, but as evidence of defendants' intent), *aff'd*, 644 F. App'x 42 (2d Cir. 2016).

*Second*, the GUC Trust contends that Mr. Weisfelner's discussion in paragraph 47 of his declaration of the August 11, 2017 MDL status conference should be stricken because Mr. Weisfelner did not attend the status conference. Mr. Weisfelner is relaying information obtained from his review of a transcript of that hearing transcribed by a court reporter that has been designated by the GUC Trust as an exhibit for trial, DX-XXX. The authenticity of this public record has been stipulated to by the parties and cannot be questioned. That Mr. Weisfelner did not attend the hearing itself is no basis to strike Mr. Weisfelner's summary of this authentic transcript. *See King v. Pension Tr. Fund of the Pension, Hospitalization & Benefit Plan of the Elec. Indus.*, No. 01-CV-2604, 2003 WL 22071612, at *7 (E.D.N.Y. Sept. 5, 2003) (rejecting objection to testimony regarding minutes of meetings that declarant did not attend), *aff'd*, 131 F. App'x 740 (2d Cir. 2005).

*Finally*, Mr. Weisfelner's testimony in paragraph 55 regarding the August 15, 2017 meeting between New GM and the GUC Trust is admissible and should not be stricken for lack of personal knowledge or hearsay. Although Mr. Weisfelner was not present at the August 15 meeting, Mr. Weisfelner was present at the August 17, 2017 hearing at which the GUC Trust made representations in Court and on the record regarding the August 15 meeting. The GUC Trust's statements at the August 17th hearing regarding the August 15 meeting are statements of a party opponent and, thus Mr. Weisfelner's testimony is not "based entirely on hearsay," *cf. N.Y. Indep. Contractors All. v. Highway Rd. & St. Constr. Laborers Local Union 1010*, 2008 WL 5068870, at *4 (E.D.N.Y. Nov. 24, 2008), but on his own personal knowledge of an admission of a party opponent. *See* FED. R. EVID. 801(d)(2) (a statement made by and offered against a party opponent is not hearsay); *Forrester v. Prison Health Servs.*, No. 12-CV-363, 2015 WL 1469737, at *10 (E.D.N.Y. Mar. 30, 2015) (holding that statements of others contained in witness affidavits were admissible as non-hearsay admissions), *aff'd*, 651 F. App'x 27 (2d Cir. 2016).[1]

**Direct Testimony of Mr. Golden**

The GUC Trust's objections to portions of paragraph 29, and paragraphs 32-34, of Mr. Golden's direct testimony should also be overruled. *First*, the GUC Trust alleges that Mr. Golden's testimony in paragraph 29 "recounts communications between the GUC Trust and counsel for the GUC Trust to which he was not party and was not contemporaneously aware," and that as a result, the testimony "lacks foundation [and] is inadmissible hearsay." GUC Tr.

---

[1]  Even if Mr. Weisfelner's testimony is considered hearsay, it may be admitted into evidence under the "residual exception" in Federal Rule of Evidence 807(a).

December 13, 2017
Page 3

Ltr. p. 2.  The GUC Trust has stipulated to the authenticity of the communications in question, however, and even purports to cite them in the proposed direct testimony of Beth Andrews, the lead Wilmington Trust representative in its capacity as trustee for and administrator of the GUC Trust.  Joint Pre-Trial Order, Ex. A Stipulated Facts ¶ 13 [ECF No. 14193]; Declaration of Beth Andrews ("Andrews Decl.") [ECF No. 14181] ¶ 26.  Mr. Golden became familiar with the communications when they were produced in discovery, and is thus qualified to testify to their contents.  *See Gonzalez v. Conagra Grocery Products Co. (In re Furrs Supermarkets Inc.)*, 373 B.R. 691, 704 (10th Cir. B.A.P. 2007) (finding that there was no violation of Fed. R. Evid. 602 where witness summarized evidence that other witnesses had already offered).  Moreover, Mr. Golden's statements regarding these communications simply state the communications' contents.  Even the case on which the GUC Trust relies for alleged support of its objection to paragraph 29, *King v. Pension Tr. Fund*, holds that a declaration is admissible for this purpose.  2003 WL 22071612, at *7 (denying motion to strike testimony to the extent it sought to introduce minutes of meeting declarant did not attend).

The objection that the communications referred to in paragraph 29 are hearsay also fails.  The statements described in paragraph 29 were made by the GUC Trust and its counsel, and as such, are statements of a party opponent that fall outside the hearsay definition.  Fed. R. Evid. 801(d)(2).  Further, the email sent by Mr. Martorana at 7:26 p.m. on August 14, 2017 is not being offered for the truth of the matter asserted.  *See* Fed. R. Evid. 801(c)(2).

*Second*, with respect to paragraphs 32-34, the GUC Trust argues that Mr. Golden's testimony regarding the GUC Trust's decision to abandon the settlement with Plaintiffs and enter into the Forbearance Agreement with New GM should be "struck on any of the independent grounds of relevance, hearsay, and impermissible expert testimony."  GUC Tr. Ltr. p. 2.  These objections should also be overruled.  To begin with, Mr. Golden has reviewed the Forbearance Agreement, which has been publicly filed with the Court, and is thus qualified to describe the terms of the agreement to this Court.  Notably, the GUC Trust does not contend that Mr. Golden has incorrectly described the agreement.

Further, Mr. Golden's description of the GUC Trust's statement regarding the alleged reason that it decided to abandon the settlement with Plaintiffs in favor of the Forbearance Agreement is not being offered for the truth of the matter asserted.  This statement, and those made by Keith Martorana and Matthew Williams of Gibson Dunn, counsel to the GUC Trust, regarding their views, respectively, that (i) New GM likely will not be willing to pay a meaningful rate of return to unitholders unless the GUC Trust corpus is significantly reduced, and (ii) the GUC Trust's fees and expenses in defending against Plaintiffs' claims could be as low as $1 million, are also statements of a party opponent that fall outside the hearsay definition.  Fed. R. Evid. 801(d)(2).

Finally, the GUC Trust has placed the GUC Trust's decision to abandon the settlement with Plaintiffs in favor of the Forbearance Agreement directly at issue, by including it within Ms.

December 13, 2017
Page 4

Andrews' own proposed direct testimony. Specifically, Ms. Andrews purports to summarize the Forbearance Agreement, and states that she "agreed to the proposed agreement offered by New GM, because [she] believe[s] the deal with New GM is far superior to the proposed settlement offered by certain plaintiffs," and that her "best judgment is that the agreement with New GM presents the best option for maximizing GUC Trust assets and the quickest path to distribution of those assets." Andrews Decl. ¶ 30. Given this proposed testimony from Ms. Andrews, the GUC Trust's efforts to preclude the lay opinion of Mr. Golden, the representative of more than 65 percent of the GUC Trust beneficiaries, that he finds Ms. Andrews' testimony on this point impossible to believe, should be rejected. *See* Fed. R. Evid. 701.

**Conclusion**

Accordingly, we respectfully request that the Court overrule the GUC Trust's and New GM's objections and deny the GUC Trust's and New GM's request to strike certain portions of Mr. Weisfelner's and Mr. Golden's direct testimony.

Respectfully submitted,

 */s/ Steve W. Berman*
Steve W. Berman (admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Tel: 206-623-7292
steve@hbsslaw.com

*Co-Lead Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the MDL Court*

Edward S. Weisfelner
Howard S. Steel
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
hsteel@brownrudnick.com

010440-11 1004666 V1

December 13, 2017
Page 5

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, A PROFESSIONAL CORPORATION
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Tel: 214-969-4900
esserman@sbep-law.com

*Designated Counsel for the Ignition Switch
Plaintiffs and Certain Non-Ignition Switch
Plaintiffs in the Bankruptcy Court*

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN,
LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch
Plaintiffs and Certain Non-Ignition Switch
Plaintiffs in the MDL Court*

William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: 212-813-8800
wweintraub@goodwinlaw.com
gfox@goodwinlaw.com

*Counsel to Those Certain Pre-Closing
Accident Plaintiffs Represented By Hilliard
Martinez Gonzales L.L.P. and the Law Offices
of Thomas J. Henry*

Robert Hilliard, Esq.
HILLIARD MARTINEZ GONZALES LLP
719 South Shoreline
Suite 500
Corpus Christi, TX 78401
Tel: 361-882-1612
bobh@hmglawfirm.com

*Counsel to Certain Pre-Closing Accident Plaintiffs*

Thomas J. Henry, Esq.
THE LAW OFFICES OF THOMAS J. HENRY
4715 Fredricksburg, Suite 507
San Antonio, TX 78229

*Counsel to Certain Pre-Closing Accident Plaintiffs*

Lisa M. Norman (admitted *pro hac vice*)
ANDREWS MYERS, P.C.
1885 St. James Place, 15th Floor
Houston, Texas 77056
Tel: 713-850-4200
Lnorman@andrewsmyers.com

*Counsel to Certain Pre-Closing Accident Plaintiffs*

Daniel H. Golden
Deborah J. Newman
Jennifer L. Woodson
AKIN GUMP STRUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: 212-872-8010
dgolden@akingump.com
djnewman@akingump.com
jwoodson@akingump.com

*Counsel to the Participating Unitholders*