**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Mitchell A. Karlan
Direct: +1 212.351.3827
Fax: +1 212.351.5254
MKarlan@gibsondunn.com

December 13, 2017

VIA ECF

The Honorable Martin Glenn
United States Bankruptcy Judge
Southern District of New York
One Bowling Green, Room 523
New York, New York 10004

Re:    *In re Motors Liquidation Company*, Case No. 09-50026 (MG)

Dear Judge Glenn:

    I am counsel for the GUC Trust. I write in response to Plaintiffs' and the Participating Unitholders' Objections to the Direct Testimony of Beth Andrews and Matthew Williams (Dkt. No. 14198). On behalf of the GUC Trust, I respectfully request that the Court overrule Movant's objections and admit the testimony into evidence at the upcoming hearing. New GM joins in this request.

    ***Direct Testimony of Matthew Williams*** (Dkt. 14182): Movants object to Paragraph 44, contending that Mr. Williams is testifying to another's state of mind. In support of this objection, Movants present out-of-context sentence fragments from Mr. Williams's testimony. But the *complete* text of Paragraph 44 makes clear that Mr. Williams is testifying to his understanding and belief of what motivated the parties' actions during the negotiations he describes.[1] This context renders the testimony permissible under Federal Rule of Evidence 701, as Mr. Williams "certainly had personal knowledge of his own mental processes during those conversations and is competent to testify regarding them." *United States v. Kozinski*, 16 F.3d 795, 809 (7th Cir. 1994) (permitting witness to testify to what that witness "believed" another person's statements meant); *see also United States v. Garcia*, 291 F.3d 127, 141 (2d Cir. 2002) (permitting witness to testify "about what he meant when he said certain things" and also "what he understood [another party] to mean by certain words," and observing that to the extent the witness offered an opinion about what he understood another party to mean, he was indirectly offering opinion about what that party knew, which is "in itself is not impermissible").

---

[1] For example, Movants present the fragment "counsel for the other parties became convinced that this Court would not approve the notice procedures," but the sentence reads "as negotiations progressed, Gibson Dunn, and ***I believe***, counsel for the other parties became convinced that this Court would not approve the notice procedures . . . ." Williams Decl. ¶ 44 (emphasis added).

**GIBSON DUNN**

December 13, 2017
Page 2

Movants object to the last sentence of Paragraph 52, arguing that it is "pure speculation" that the GUC Trust would have disclosed a binding settlement in its August 14, 2017, Quarterly Report had it in fact reached one. Although Mr. Williams's testimony discusses a hypothetical situation, it is based on Mr. Williams's personal experience of participating in determinations regarding how to correctly satisfy the GUC Trust's reporting obligations.[2] When a witness's testimony is based on such personal experience, it is admissible, even concerning a relevant but hypothetical situation. *See United States v. Rigas*, 490 F.3d 208, 224 (2d Cir. 2007) (permitting lay witness to testify to what financial statements would have shown had a fraudulent debt reclassification "not occurred"); *see also United States v. Cuti*, 720 F.3d 453, 458–60 (2d Cir. 2013) (finding "hypothetical" testimony to be a permissible "lay opinion" when the witness was "personally familiar with the accounting of the transactions at issue").

Movants object to all of Paragraph 55, contending that the paragraph improperly opines on their state of mind. As an initial matter, only the fourth sentence of Paragraph 55 discusses Signatory Plaintiffs' knowledge and Movants raise no objections to the other portions of the paragraph, which are grounded entirely in Mr. Williams's knowledge and undisputed contemporaneous documents. Those portions of Paragraph 55 should thus be admitted. Further, the fourth sentence is also admissible because there "is no theoretical prohibition against allowing lay witnesses to give their opinions as to the mental states of others," provided there is a proper foundation. *United States v. Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992). Here, Mr. Williams outlines in Paragraph 55, and throughout his declaration, the specific conversations and emails—all of which he was a party to—that led to his understanding that counsel for the Signatory Plaintiffs knew that he did not have client authorization on August 14, 2017 to execute the draft settlement agreement, despite the parties' agreement regarding the form of the documents. Accordingly, his testimony is properly grounded. *See id*; *Garcia*, 291 F.3d at 141 (2d Cir. 2002) (A witness's "status as a participant in a conversation is sufficient to demonstrate the basis of his opinion" under Rules 602 and 701).[3]

Movants object to Paragraphs 77 and 78 on the grounds that Mr. Williams's testimony therein constitutes improper opinion testimony. In these paragraphs, Mr. Williams testifies as to events that go to the core of this dispute—"At no point did I sign any version of the proposed settlement agreement."—and, insofar as he frames these undisputed facts with

---

[2] *See* Williams Dep. Tr. 158:15–159:2, Nov. 13, 2017 (designated deposition testimony in which Mr. Williams testifies to his involvement in determining the GUC Trust's reporting obligations).

[3] Insofar as the Court finds the sentence—"Counsel for Signatory Plaintiffs were aware of this distinction at that time."—to be impermissible, the GUC Trust respectfully requests that only that testimony be struck, and that the remainder of the paragraph be admitted into evidence as proper fact testimony.

**GIBSON DUNN**

December 13, 2017
Page 3

his belief as to the status of the negotiations, the GUC Trust is not offering his testimony as a legal opinion, but for the permissible purpose of having Mr. Williams opine on the negotiations with which he was personally engaged.  *See, e.g.*, *United States v. Chapman*, 209 F. App'x 253, 267 (4th Cir. 2006) (testimony of employee regarding "personal understanding of the obligations imposed by a contract to which his company was a party" was a "typical and proper subject for lay witness testimony"); *Kinematic Techs., Inc. v. Brenton, LLC*, No. 13 Civ. 00153 (MAD), 2015 WL 6829042, at *2 (N.D.N.Y. Nov. 6, 2015) (holding that the lay witness can opine on contractual obligations when testimony is "based on the manner in which [the witness] conducted his business with [the defendant]").

*Direct Testimony of Beth Andrews*:  Movants object to Paragraph 24 of Ms. Andrews's testimony on the grounds that it is prohibited by Federal Rules of Evidence 601, 701, and 702.  Here too, these objections should be overruled.  Ms. Andrews is testifying as to her personal knowledge, understanding, beliefs, and motivations regarding core issues in this case—which is perhaps the most relevant testimony in this dispute.  As such, it is admissible.  Even if construed as an opinion regarding the GUC Trust's contractual obligations, Ms. Andrews's testimony would still be admissible, because Ms. Andrews is permitted to so opine as an officer of the GUC Trust who was engaged in the negotiations at issue.  *See* Fed. R. Evid. 701 Advisory Committee Notes (noting that the paradigmatic example of a lay opinion was a corporate officer's testimony that was based on the "particularized knowledge" gained pursuant to the officer's role); Andrews Decl. ¶ 6 (testifying that she is an officer of the trust); *see also Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1223 (11th Cir. 2003) (permitting opinion testimony on how to understand contractual obligations when it was offered by a corporate officer and was "based upon [the officer's] particular knowledge [gained] from years of experience within the field"); *Kinematic Techs.*, 2015 WL 6829042, at *2 (similar).  Finally, Movants have opened the door to all of Ms. Andrews's Paragraph 24 testimony by asking in her deposition and designating for admission at the hearing her testimony on these topics.[4]

Respectfully submitted,

Mitchell A. Karlan

cc: James C. Tecce (counsel to New GM); counsel of record, via CM/ECF

---

[4] *See, e.g.*, Andrews Dep. Tr. 90:9–22 (deposition testimony designated by Movants in which Ms. Andrews responds to questions about whether she believed that the 10-Q, which stated that negotiations continued, was correct); 107:2–109:2 (deposition testimony designated by Movants asking for Ms. Andrews' opinion on whether she had authorized anyone to sign the agreement).