**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
David N. Griffiths
Candice M. Carson

*Attorneys for Motors Liquidation*
*Company DIP Lenders Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
:
In re                                             :    **Chapter 11 Case No.**
:
MOTORS LIQUIDATION COMPANY, *et al.*,  :    09-50026 (REG)
       f/k/a General Motors Corp., *et al.*       :
:
              Debtors.                            :    (Jointly Administered)
:
-------------------------------------------------------x

**DECLARATION OF THOMAS A. MORROW**
**IN SUPPORT OF MOTORS LIQUIDATION**
**COMPANY DIP LENDERS TRUST'S NOTICE**
**OF PRESENTMENT OF AGREEMENT AMONG MOTORS**
**LIQUIDATION COMPANY DIP LENDERS TRUST, GENERAL**
**MOTORS COMPANY, ARROWOOD INDEMNITY COMPANY,**
**ROYAL & SUN ALLIANCE INSURANCE PLC, AND RSA INSURANCE**
**GROUP PLC AND APPLICATION FOR ORDER APPROVING AGREEMENT**

I, Thomas A. Morrow, under penalty of perjury, declare as follows:

1.  I am the Sole Member of Evanto Group, LLC ("**Evanto Group**"), which maintains an office at 30115 Oakleaf Lane, Franklin Michigan 48025. Evanto Group is the successor Trust Administrator and trustee of Motors Liquidation Company DIP Lenders Trust ("**MLC DIP Trust**") and has acted in that capacity since its appointment by the beneficiaries of the MLC DIP Trust on January 1, 2015. I make this declaration in support of MLC DIP Trust's motion (the "**Motion**") seeking Bankruptcy Court approval pursuant to sections 105(a) and

363(c) of title 11 of the United States Code of MLC DIP Trust's entry into and performance under the Agreement (the "**Agreement**"), dated as of January 5, 2018, among MLC DIP Trust, General Motors Company ("**New GM**"), Arrowood Indemnity Company ("**Arrowood**"), Royal & Sun Alliance Insurance plc ("**RSAI**"), and RSA Insurance Group plc (f/k/a Royal & Sun Alliance Insurance Group plc) ("**RSA Group**") concerning the disbursement of the remaining proceeds (the "**LOC Proceeds**") from the drawdown of a $14.5 million Letter of Credit delivered by General Motors Corporation ("**Old GM**") to Arrowood pursuant to a Settlement Agreement dated, July 16, 2008, and a Collateral Reimbursement Agreement, dated July 16, 2008 (collectively, the "**Old GM Contracts**").

2.  I am aware of the facts and circumstances relating to the Motion. The facts set forth herein are based upon my personal knowledge, my discussions with the MLC DIP Trust's advisors, or my review of relevant documents.

3.  As the Sole Member of Evanto Group, I was the primary representative on behalf of the MLC DIP Trust in connection with its negotiations of the Agreement that is the subject of the Motion. In that role, I was extensively involved in negotiations with New GM, Arrowood, RSAI, and RSA Group Agreement concerning the LOC Proceeds over a period of two years. I have independently reviewed or overseen others who assisted me in reviewing the Old GM Contracts that are the basis of the Agreement. During that time, I also maintained an open dialogue with the management, representatives, and counsel of New GM, Arrowood, RSAI, and RSA Group regarding the Agreement.

4.  I believe that the Agreement is in the best interest of the beneficiaries of the MLC DIP Trust and that MLC Dip Trust's entry into the Agreement should be approved. The Agreement benefits the beneficiaries of the MLC DIP Trust by allowing the MLC DIP Trust to

receive the balance of the LOC Proceeds twenty years earlier than anticipated without requiring MLC DIP Trust to forfeit any of its rights under the Old GM Contracts or to provide any additional collateral other than the 5% of the LOC Proceeds that the MLC DIP Trust has agreed to share with New GM.

5. I believe that MLC DIP Trust's agreement to share 5% of the LOC Proceeds (excepting that portion of the LOC Proceeds payable to Arrowood under Section IV of the Agreement) with New GM is reasonable under the circumstances. As part of the Agreement, New GM has agreed to cover any shortfall in the reimbursement and or payment of the Secured Obligations received by Arrowood, RSAI, and RSA Group from Motors Insurance Corporation and MIC Property and Casualty Insurance Corporation (the "**New GM Reimbursement**"). I believe that the Agreement would not have been achieved without New GM's agreement to provide the New GM Reimbursement and that Arrowood, RSAI, and RSA Group would otherwise have retained the LOC proceeds to secure any shortfall in reimbursement. Accordingly, I believe that it is in the best interests of the MLC DIP Trust to both enter into the Agreement to receive the LOC Proceeds and to share a portion of the LOC Proceeds with New GM.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: February 6, 2018
New York, New York

/s/ Thomas A. Morrow
Thomas A. Morrow
Sole Member
Evanto Group, LLC