# Exhibit A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH
LITIGATION

*This Document Relates to All Actions*

------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

ORDER NO. 108

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/13/2016
```

JESSE M. FURMAN, United States District Judge:

**[Regarding Documentation from Personal Injury and
Wrongful Death MDL No. 2543 Plaintiffs]**

To facilitate future settlement discussions, General Motors LLC ("New GM") seeks documentation from all personal injury and wrongful death Plaintiffs in MDL No. 2543 with claims for alleged injuries from motor vehicle accidents occurring on or after July 10, 2009. New GM requests that these MDL No. 2543 Plaintiffs be ordered to produce specified documents relevant to their claims at this time so that New GM may review the documents in connection with its evaluation of each Plaintiff's claims to be prepared to engage in meaningful settlement discussions.

Except as otherwise indicated below (by a specific notation that Plaintiff need only provide documents in his or her possession, custody, or control), for any documents not currently in the possession of the MDL No. 2543 Plaintiff or his or her attorney, the Plaintiff shall comply with this Order by making a good-faith request for the document from the person reasonably believed to have possession of it. Plaintiffs making such a request shall provide a copy of the requesting communication to New GM.

Upon consideration of New GM's motion (*see* Docket No. 2903), submissions by Lead Counsel and New GM, and discussion on the record at the June 17, 2016 MDL 2543 status conference, and for good cause shown, it is hereby ORDERED that:

1. Each Plaintiff in MDL 2543 asserting claims for a Subject Incident[1] that occurred on or after July 10, 2009 is hereby ordered to produce the following documentation:

- Driver's License of the Claimant.[2]

- If Plaintiff is not the Claimant, the documentation Plaintiff contends establishes his or her legal authority to assert claims on Plaintiff's behalf, such as court order appointing Plaintiff legal guardian, if such documentation exists.

- Police Report for the Subject Incident.

- All photographs of Subject Vehicle taken at the time of the Subject Incident or thereafter that are known to Plaintiff, e.g., photographs taken by family members, insurance adjusters, mechanics. If photographs are known to Plaintiff but not obtainable for some reason, Plaintiff should identify the photographs and provide a written explanation.

- SDM and Tech II data from the Subject Vehicle if in the custody, control or possession of Plaintiff.

---

[1] Per New GM's request, and consistent with definitions set forth in the Short Form PFS that each Plaintiff must complete per Order No. 25 (Docket No. 422), "Subject Incident" is defined herein as the ignition-switch related event involving the "Subject Vehicle" that is the basis for the MDL No. 2543 Plaintiff's claims in this matter. "Subject Vehicle" is defined herein as the motor vehicle that serves as the basis for the Plaintiff's claims in this matter.

[2] Per request of New GM, "Claimant" as used in this Order is the person who has filed or on whose behalf has been filed a personal injury or wrongful death lawsuit in MDL No. 2543, including lawsuits transferred to MDL No. 2543, and who is alleged to have been injured in a Subject Vehicle during the Subject Incident. The Claimant may be the plaintiff in the MDL No. 2543 lawsuit, or, for example, if the allegedly injured party is a minor, a decedent, or incapacitated, the Claimant may not be the MDL No. 2543 Plaintiff. Instead, the Plaintiff in the MDL No. 2543 lawsuit may be a parent, guardian, executor or other legal representative with authority to file suit on behalf of the Claimant.

- If Claimant or Plaintiff filed an automobile insurance claim in connection with the Subject Incident, the insurance company file for the Subject Incident, including photographs of Subject Vehicle.

- If Claimant or Plaintiff know of, or assert that, any repairs or modifications were made to the Subject Vehicle prior to Subject Incident, such as replacement of the ignition switch or airbag, the documentation Claimant or Plaintiff contend establish that such a repair or modification occurred.

- The Carfax or Epic VIN report for the Subject Vehicle, if already in the possession, custody or control of Plaintiff.

- All medical records from each health care provider who treated the Claimant in connection with injuries that Plaintiff alleges were sustained as a result of the Subject Incident, including diagnostic testing results, if any.

- A copy of any results known to Plaintiff of drug and/or alcohol testing of Claimant that occurred, if any, relating to the Subject Incident.

- Death Certificate and Autopsy Report for Claimant, if applicable.

- If Plaintiff is asserting a claim pertaining to unpaid medical bills, the source documents that Plaintiff contends supports his or claim, e.g., medical bills. Plaintiff is not ordered to produce any expert reports at this time.

- If Plaintiff is asserting a claim for future medical expenses, the source documents that Plaintiff contends supports his or her claim, e.g., tax returns, employer letter, health care provider letter. Plaintiff is not ordered to produce any expert reports at this time.

- If Plaintiff is asserting a claim for lost earnings, the source documents that Plaintiff contends supports his or her claim for lost earnings, e.g., income tax returns, employer documentation. Plaintiff is not ordered to produce any expert reports at this time.

If not previously produced to New GM, Plaintiffs shall provide New GM with the requested documentation within **90 days** of the date of this Order. For any category of documents that do not exist, Plaintiff shall provide New GM with written confirmation that no such documents exist. For any category of documents for which a Plaintiff contends that the documents were previously produced to New GM, Plaintiff shall provide New GM with a written description identifying with specificity the documents already produced, e.g., if medical records for a

3

particular health care provider were produced, Plaintiff should identify the provider by name, or, if source documents supporting Plaintiff's claim for lost earnings were previously produced, Plaintiff should provide a description sufficient to allow New GM to locate such documents from within the documents previously produced.

2. MDL No. 2543 Plaintiffs shall produce all documentation to New GM via a secure FTP site that is named, "KPMG MoveIT." To set up a KPMG MoveIT account, the MDL No. 2543 Plaintiff or Plaintiff's Counsel shall email deirdre.oreilly@kirkland.com with the contact person for whom the account should be set up. Instructions will then be sent to that user on how to activate and upload to his/her account. The user will then upload the documents for a particular Claimant in (1) folders by Claimant name, and then (2) subfolders for each document type.

3. New GM may in its sole discretion choose to waive or modify some or all requirements of this Order as to any MDL No. 2543 Plaintiff. Any such waiver or modification must be set forth in writing to Plaintiff. This Order is entered with the understanding that New GM will act in good faith so as to consent to waivers and modifications of this Order for lawsuits in which settlement discussions are well under way and the documentation has been provided already. If, following agreement to such a waiver or modification, New GM seeks to reinstitute the requirements of this Order as to a particular MDL No. 2543 Plaintiff, New GM may do so and must make the request to Plaintiff in writing. The MDL No. 2543 Plaintiff shall have 90 days from receipt of New GM's request in which to comply. Nothing in this Order shall require New GM or any MDL No. 2543 Plaintiff to disclose confidential settlement communications.

4. The requirements of Order No. 25, Docket No. 422, remain in full force and effect, including the requirement to submit a completed Short-Form PFS.

5. Lead Counsel and New GM should confer with respect to whether the Court should establish procedures to address any MDL No. 2543 Plaintiff who fails to comply with the terms of this Order. (*See* Order No. 25 (Docket No. 422) ¶¶ 24-25 (establishing procedures to address Plaintiffs who failed to submit a completed PFS)). Counsel should either submit an agreed-upon proposed order establishing such procedures or be prepared to address the issue at the next MDL status conference.

6. New GM encourages non-MDL No. 2543 plaintiffs and their attorneys in Coordinated Actions and Related Actions to likewise provide such documentation in order to facilitate settlement discussions. New GM requests that all such submissions be made to New GM via a secure FTP site that is named, "KPMG MoveIT." To set up a KPMG MoveIT account, the non-MDL No. 2543 plaintiff or their counsel should email deirdre.oreilly@kirkland.com with the contact person for whom the account should be set up. Instructions will then be sent to that user on how to activate and upload to his/her account. The user will then upload the documents for a particular Claimant in (1) folders by Claimant name, and then (2) subfolders for each document type.

7. Counsel for New GM is directed to serve a copy of this Order on all *pro se* Plaintiffs in the MDL. The Clerk of Court is directed to terminate Docket No. 2903.

SO ORDERED.

Dated: July 13, 2016
      New York, New York

                                                      JESSE M. FURMAN
                                                      United States District Judge