

**DANIEL H. GOLDEN**
+1 212.872.8010/fax: +1 212.872.1002
dgolden@akingump.com

February 9, 2018

**VIA ELECTRONIC COURT FILING AND E-MAIL**

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

    Re:    *In re Motors Liquidation Company*, Case No. 09-50026 (MG)

Dear Judge Glenn:

We represent certain unaffiliated holders (the "**Participating Unitholders**") of approximately 65 percent of the beneficial units of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"). Pursuant to the Court's recent *Memorandum Opinion and Order Regarding Motion to Enforce the Settlement Agreement By and Among the Signatory Plaintiffs and the GUC Trust,* No. 09-50026 (MG), 2018 WL 491783 (Bankr. S.D.N.Y. Jan. 18, 2018) (the "**Decision**"),[1] we write to provide the Court with (i) an update on the status of these matters and (ii) the Participating Unitholders' request to postpone scheduling proceedings related to the Late Claims Motions.

Since the issuance of the Decision, certain events have transpired that the Participating Unitholders believe will have a meaningful impact on the trajectory of these cases. *First*, we understand that Wilmington Trust Company, as trust administrator and trustee of the GUC Trust, has terminated Gibson Dunn & Crutcher, LLP's engagement as counsel for the GUC Trust and has retained Drinker Biddle & Reath LLP ("**Drinker Biddle**") as replacement counsel. *Second*, Wilmington Trust Company has added senior leadership to the team that will be responsible for the operations and decisions of the GUC Trust going forward. Although the Participating Unitholders are cautiously optimistic that the foregoing actions taken by the GUC Trust will help move these cases forward, they are likewise mindful of the complexity of the underlying issues. Accordingly, the Participating Unitholders believe that Drinker Biddle will presumably require additional time to get up to speed in order to properly advise the GUC Trust.

---

[1] Capitalized terms used, but otherwise not defined herein shall have the meanings ascribed to such terms in the Decision.



February 9, 2018
Page 2

*Third*, and perhaps most importantly, since the Court issued the Decision, Akin Gump, on behalf of the Participating Unitholders, and counsel for the Plaintiffs have engaged in numerous conversations with respect to resurrecting the Settlement Agreement. The Participating Unitholders continue to believe that settlement of the Late Claims Motions is the preferred course when faced with the alternative path of potentially complex and extensive litigation. Therefore, the Participating Unitholders' current intention is to focus on reviving the Settlement Agreement. If a settlement is reached and subsequently approved by the Court, there would be no need to litigate the Late Claims Motions.

The Participating Unitholders understand that the Court directed the parties to meet and confer regarding a proposed schedule for completing discovery, briefing and hearing of the Late Claims Motions. While the parties did in fact meet and confer on January 26, 2018, during that conference, counsel for the Plaintiffs and Akin Gump, on behalf of the Participating Unitholders, informed counsel for the GUC Trust and counsel for New GM that it is the Plaintiffs' and the Participating Unitholders' intention to focus their collective efforts on settlement discussions rather than litigation related to the Late Claims Motions.[2]

Based on the foregoing, the Participating Unitholders respectfully request that the Court (i) delay setting a schedule on the Late Claims Motions at this time and (ii) adjourn the status conference scheduled for February 22, 2018 until a date in early March 2018.

We are available at the Court's convenience should Your Honor wish to discuss this matter further.

Respectfully Submitted,

*/s/ Daniel H. Golden*

Daniel H. Golden

---

[2] New GM's assertion in its letter to the Court dated February 8, 2018 [Docket No. 14220], that counsel for the Participating Unitholders stated during the meet and confer that "they would not have any discussions on the Late Claims Motions while Wilmington Trust Company was of the view that the unexecuted settlement agreement should not be signed," is incorrect. Rather, consistent with the position set forth herein, counsel for the Participating Unitholders stated during the meet and confer that the Participating Unitholders intend to focus their efforts on seeking to resurrect the settlement with Plaintiffs.