# Exhibit C

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

January 8, 2018

**VIA OVERNIGHT MAIL**
Edward J. Hood, Esq.
Stephen A. Campbell, Esq.
CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226

Alexander Mch. Memmen, Esq.
THE MEMMEN LAW FIRM, LLC
505 North LaSalle Street, Suite 500
Chicago, Illinois 60654

> Re:  *Terry Moore, et al. v. General Motors LLC*
> **United States District Court for the Eastern District of Michigan**
> **Case No. 2:17-cv-14226-NGE-SDD**

Dear Counsel:

King & Spalding LLP is counsel for General Motors LLC ("**New GM**") in connection with bankruptcy matters arising from lawsuits brought against New GM that concern real property (*i.e.*, the Milford Proving Ground, or the "**Site**") previously owned by General Motors Corporation (n/k/a Motors Liquidation Company) ("**Old GM**"). For the reasons explained below, certain allegations and claims made on behalf of the Plaintiffs in the *Class Action Complaint and Jury Demand* ("**Complaint**") violate the Sale Order and Injunction (defined below)[1] entered by the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"), and certain judgments, orders and decisions entered by the Bankruptcy Court.[2] In particular, the legally barred allegations and claims are as follows:

---

[1]   A copy of the Sale Order and Injunction (with the Sale Agreement attached thereto) is annexed hereto as **Exhibit "A."**

[2]   *See, e.g., In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015) ("**November 2015 Decision**"); and Judgment entered by the Bankruptcy Court on December 4, 2015 ("**December 2015 Judgment**"). A copy of the December 2015 Judgment is annexed hereto as **Exhibit "B."** While certain portions of the November 2015 Decision/December 2015 Judgment were appealed by some plaintiffs, the relevant rulings relied upon by New GM were not appealed and are final. *See also, e.g., In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL

Edward J. Hood, Esq. *et al.*
January 8, 2018
Page 2

- Allegations that allege or suggest that New GM is the successor to Old GM. *See, e.g.*, Complaint, ¶¶ 1, 2, 9, 39, 40, 44, 57, 58, 67, 71, 80, 85, 89, 93;

- Allegations that do not distinguish between Old GM and New GM or intermingle allegations with respect to Old GM and New GM in the same paragraph. *See, e.g.*, Complaint ¶¶ 2, 9, 12, 15, 44-47, 57, 58, 65, 71, 75-79, 83, 84, 86, 90, 92, 94, 98;

- Claims based on Fraud, Negligence, Trespass, Private Nuisance and Public Nuisance, to the extent they are asserted as Assumed Liabilities; and

- Independent claims because they are based, at least in part, on Old GM conduct.

## Applicable Bankruptcy Court Rulings

The Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 (as amended) ("**Sale Agreement**"), which was approved by an Order, dated July 5, 2009 ("**Sale Order and Injunction**") of the Bankruptcy Court, provides that New GM assumed only certain categories of liabilities related to Transferred Real Property. For purposes herein, among those are "all Liabilities arising under any Environmental Law (A) relating to the Transferred Real Property, other than those Liabilities described in **Section 2.3(b)(iv)**, (B) resulting from Purchaser's ownership or operation of the Transferred Real Property after the Closing or (C) relating to Purchaser's failure to comply with Environmental Laws after the Closing[.]" Sale Agreement, § 2.3(a)(viii). However, certain liabilities are expressly carved out of this category of Assumed Liabilities. Specifically, Section 2.3(b)(iv) of the Sale Agreement provides that the following are Retained Liabilities:

> all Liabilities (A) associated with noncompliance with Environmental Laws (including for fines, penalties, damages and remedies); (B) arising out of, relating to, in respect of or in connection with the transportation, off-site storage or off-site disposal of any Hazardous Materials generated or located at any Transferred Real Property; (C) arising out of, relating to, in respect of or in connection with third party Claims related to Hazardous Materials that were or are located at or that were Released into the Environment from Transferred Real Property prior to the Closing, except as otherwise required under applicable Environmental Laws; (D) arising under Environmental Laws related to the Excluded Real Property, except as provided under Section 18.2(e) of the Master Lease Agreement or as provided under the "Facility Idling Process" section of Schedule A of the Transition Services Agreement; or (E) for environmental Liabilities with respect to real property formerly owned, operated or leased by Sellers (as of the Closing), which, in the case of clauses (A), (B) and (C), arose prior to or at the Closing, and which, in the case of clause (D) and (E), arise prior to, at or after the Closing;

---

2457881 (Bankr. S.D.N.Y. June 7, 2017) ("**June 2017 Decision**"); *In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2963374 (Bankr. S.D.N.Y. July 12, 2017) ("**July 2017 Decision**"); *In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 3835802 (Bankr. S.D.N.Y. August 31, 2017) ("**August 2017 Decision**").

Edward J. Hood, Esq. *et al.*
January 8, 2018
Page 3

Retained Liabilities also include "Liabilities to third parties for Claims based on Contract, tort or any other basis[.]" Sale Agreement, § 2.3(b)(xi).  The Site was sold free and clear of all claims (except Assumed Liabilities), including claims based on successor or transferee liability (*see, e.g.*, Sale Order, ¶¶ 7, 46).

### A.    The Complaint Contains Inappropriate Allegations

The Bankruptcy Court's December 2015 Judgment described the types of allegations that cannot be made against New GM.  Specifically, parties are prohibited from making allegations that (i) speak of New GM as the successor of Old GM (e.g. allegations that refer to New GM as the 'successor of,' a 'mere continuation of,' or a 'de facto successor of' of Old GM)" (December 2015 Judgment, ¶ 16), and (ii) "do not distinguish between Old GM and New GM . . ." (*id.*, ¶ 17).  In addition, it is inappropriate to lump Old GM conduct and New GM conduct together.  *See In re Motors Liquidation Co.*, 568 B.R. 217, 220 n.1 (Bankr. S.D.N.Y. 2017) ("As the Court will discuss below, certain of the Pitterman Plaintiffs' claims do not sufficiently distinguish between conduct of Old GM or New GM. Those claims cannot go forward against New GM as drafted.").  As set forth above, the Complaint contains allegations that are prohibited by the December 2015 Judgment and other Bankruptcy Court rulings, requiring corrections or deletions.  Until those corrections (and others, as described in this letter) are made, the Complaint violates the injunction contained in the Sale Order and Injunction.

### B.    New GM Only Assumed Liabilities Arising Under Environmental Laws; It Did Not Assume Other Liabilities With Respect to Transferred Real Property

Counts III through VII of the Complaint are not claims arising under Environmental Law.  These Counts are therefore not Assumed Liabilities.  As stated above, with respect to claims arising from Transferred Real Property, Sections 2.3(a)(viii), 2.3(b)(iv) and 2.3(b)(xi) of the Sale Agreement, taken together, provide that New GM only assumed liabilities under Environmental Law, and did not assume any other claims related to the Site.  Accordingly, these counts in the Complaint violate the Bankruptcy Court's ruling and must be stricken.

### C.    Any Attempt To Allege An Independent Claim In The Complaint Is Improper

Moreover, pursuant to well-settled federal law, Plaintiffs are barred from asserting any claims (other than Assumed Liabilities) against New GM if the claims are not based *solely* on New GM's post-Sale conduct.  *See In re Matter of Motors Liquidation Co.*, 829 F.3d 135, 157 (2d Cir. 2016) ("independent claims are claims based on New GM's own post-closing wrongful conduct. . . . These sorts of claims are based on New GM's *post*-petition conduct, and are not claims that are based on a right to payment that arose before the filing of petition or that are based on pre-petition conduct." (emphasis in original)); July 2017 Decision ("truly Independent Claims" are "claims based solely on wrongful post-closing conduct of New GM . . ."); June 2017 Decision (defining "Independent Claims" as "claims against New GM *based solely on New GM's wrongful conduct*" (emphasis in original));  December 2015 Judgment, at 2 n.3 ("'Independent Claim' shall mean a claim or cause of action asserted against New GM that is based solely on New GM's own independent post-Closing acts or conduct.").

Edward J. Hood, Esq. *et al.*
January 8, 2018
Page 4

      Contrary to these legal requirements, Plaintiffs' claims for fraud, negligence, trespass, private nuisance and public nuisance are not solely based on New GM conduct, but are based on **both** alleged New GM conduct and Old GM conduct. *See generally* Counts III through VII. Deciding the propriety of a similar issue, Bankruptcy Judge Glenn recently held in his June 2017 Decision with respect to other plaintiffs, that "[i]t is not acceptable . . . to base allegations on generalized knowledge of both Old GM and New GM. To pass the bankruptcy gate, a complaint must clearly allege that its causes of action are based solely on New GM's post-closing wrongful conduct." June 2017 Decision, 2017 WL 2457881, at *10. Judge Glenn concluded in the June 2017 Decision that "[t]hose claims cannot go forward against New GM as drafted." *Id.* at *1 n.1.

      The same infirmities exist here. Specifically, the Complaint contains numerous allegations that impermissibly intermingle Old GM conduct and New GM conduct, and Plaintiffs do not base any purported independent claim solely on New GM conduct. Accordingly, any purported independent claim alleged by Plaintiffs in the Complaint violates the Bankruptcy Court's rulings.

## Conclusion

      ***Please let us know by January 18, 2018 whether you will take the requested action and comply with the Bankruptcy Court's rulings***.

      New GM reserves all of its rights regarding a continuing violation of the Bankruptcy Court's rulings.

      If you have any questions, please call me.

Very truly yours,

*/s/ Scott Davidson*

Scott Davidson

SD/hs
Encl.

cc:  Michael Caldwell, Esq.
     Gary August, Esq.
     Steven Hurvitz, Esq.