# Exhibit D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRY MOORE, ELLEN MOORE, DAVID O'NIONS, DIANE O'NIONS, JOELLEN PISARCZYK, MARVIN PISARCZYK, and all others similarly situated, | Case No. 2:17-cv-14226-NGE-SDD<br><br>Hon. Nancy G. Edmunds<br><br>Hon. Mag. Stephanie Dawkins Davis |
| Plaintiffs, | |
| vs. | |
| GENERAL MOTORS LLC, | |
| Defendant. | |

**MOTION TO SEVER ALL INDEPENDENT CLAIMS
AGAINST NEW GM FROM JULY 5, 2009 TO THE PRESENT
FROM ALL CLAIMS AGAINST NEW GM AND RELATE TO OLD GM**

NOW COME Plaintiffs, Terry Moore, Ellen Moore, David O'Nions, Diane O'Nions, Joellen Pisarczyk and Marvin Pisarczyk, on behalf of themselves and all others similarly situated, hereby move to sever their independent claims against General Motors LLC ("New GM") from July 5, 2009 to the present from their claims against New GM that are not independent of General Motors Corporation ("Old GM") creating separate and independent actions with separate final judgments. In support of their motion, Plaintiff pleads as follows:

SUMMARY OF THE MOTION

Plaintiffs request that this Court, pursuant to Fed. R. Civ. P. 21, sever all independent claims of damages caused by or relating to New GM from the present

until July 5, 2009—the date it purchased all of Old GM's business and assets in a bankruptcy sale ("Sale Date")—from all claims against New GM for damages caused by or relating to Old GM prior to the Sale Date. Severing the claims in this manner will allow claims against New GM, independent of Old GM, to immediately move forward in the Circuit Court of Michigan while all remaining claims against New GM will remain in this Court or be transferred to Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").

STATEMENT OF FACTS

1.      This action arises from contamination of Plaintiffs' groundwater by Old GM, from 1985 to 2009, and New GM, from 2009 to present, at the Milford Proving Grounds (the "MPG"). Plaintiffs allege that both Old GM and New GM denied and concealed the contamination.  Plaintiffs seek compensation from New GM for property damage and personal injury caused by Old GM up to the Sale Date. Plaintiffs also seek compensation from New GM from the Sale Date to the present for the groundwater contamination.

2.      The MPG is an approximately 4,011-acre vehicle testing and development facility located near the border of Livingston and Oakland Counties. Old GM owned and operated the MPG from 1924 to the Sale Date and tested vehicles on the site 24 hours per day, seven days per week.  The MPG contains over 100 miles of paved and dirt roads, numerous parking lots, over 115

2

commercial and industrial buildings, several salt storage buildings, a wastewater treatment plant, landfills (for debris, compacted cars, pesticides, scrap tires etc.), and hundreds of aboveground and underground storage tanks containing petroleum products, sodium chloride, and numerous other hazardous materials.

3. On June 1, 2009, Old GM filed a petition in bankruptcy. Old GM failed to give Plaintiffs notice of claims against Old GM arising from the contamination and pollution. Pursuant to this Court's Order approving Old GM's sale of the bulk of its assets, on the Sale Date New GM purchased the MPG, along with all buildings, roads, facilities, wells, and other structures from Old GM's bankruptcy estate and became immediately liable for any environmental responsibilities stemming from the property. *In re General Motors Corp.*, 407 BR 463, 508 (Bankr. SD New York 2009). Since the Sale Date, New GM has proceeded to test vehicles on the site 24 hours per day, seven days per week.

4. On March 7, 2014, Conestoga-Rovers Associates ("CRA") submitted to the Michigan Department of Environmental Quality ("MDEQ") New GM's 2013 Annual Salt Usage and Monitoring Report which stated that over the course of the previous six years, Old GM and New GM combined to release into the environment: 16,671 tons of road salt; 226 tons of sidewalk salt; and 1,517 tons of water softening salt. New GM, however, did not fully disclose the amount of salt released into the environment from vehicle testing.

5.      In October of 2014, New GM abandoned previous denials by itself and Old GM and notified MDEQ, local residents, including Plaintiffs, and the public that New GM and Defendant had caused the contamination and pollution of the ground water surrounding the MPG.

6.      On November 30, 2017, Plaintiffs' filed their Complaint at Law against New GM for ground water contamination leading to (I) violation of Part 201 of the Michigan Natural Resources and Environmental Protection Act, (II) violation of Michigan Environmental Protection Act, (III) fraud, (IV) negligence, (V) trespass, (VI) private nuisance, and (VII) public nuisance. *Exhibit A*, Terry Moore, *et al*. v. General Motors, LLC a Delaware Limited Liability Company, p. 15-21:56-101. Subsequently, this case was removed the United States District Court of Eastern Michigan because it is "a civil proceeding that (i) arises in a case under 11 U.S.C. sec. 101 et seq. (the "Bankruptcy Code"); and/or (ii) is related to a case under the Bankruptcy Code. However, all allegations against New GM do not fall under this Court's jurisdiction. Therefore, Plaintiffs' move to sever all claims against New GM from the Sale Date to the present, which are better suited for Michigan State Circuit Court, from all claims against New GM which are not independent of Old GM, and this Court may retain jurisdiction over. Plaintiffs have amended their complaint to separate out the claims arising before the sale from the

claims arising after the sale. See *Plaintiff's Exhibit B*, Plaintiff's First Amended Class Action Complaint and Jury Demand.

## BASIS FOR SEVERANCE

7. Rule 21 provides this Court with broad discretion to sever claims. Fed. R. Civ. P. 21 ("The court may also sever any claim against a party."). Severing the claims pursuant to Rule 21 would remove any issues as to whether this Court retains jurisdiction over any claims against New GM from the Sale Date to the present because two separate cases would then exist:

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.

*Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992) (quoting *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983)); *see also Gomez v. Dept. of the Air Force*, 869 F.2d 852, 859 (5th Cir. 1989) ("It is clear that district courts, pursuant to Rule 21, have the power to sever claims and have the claims proceed separately."); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000) ("It is within the district court's broad discretion whether to sever a claim under Rule 21. Before making the severance, the district court does not need to determine the merit of the second claim. As long as there is a discrete and

5

separate claim, the district court may exercise its discretion and sever it.") (citations omitted).

8. According to the Bankruptcy Court, New GM has "to comply with its environmental responsibilities starting with the day it got the property, and if the property required remediation as of that time, any such remediation would be [New GM's] responsibility." *In re General Motors Corp.*, 407 BR 463, 508 (Bankr. SD New York 2009). The court drew a clear line of distinction that would then allow this Court to make an effective severance of the claims as of the Sale Date.

9. Severing this case would also allow the parties to litigate the issues regarding New GM's potential liability for claims about actions before the sale date, while moving forward with claims about actions after the sale date.

10. Therefore, Plaintiffs request that this Court use its broad discretion to sever the claims against New GM from the Sale Date to the present from those against New GM which are not independent of Old GM. Severance will promote judicial efficiency, allow the claims against New GM from the Sale Date to the present to proceed immediately. Plaintiffs have amended their complaint to separate out claims relating to New GM from claims relating to Old GM.

## CONCLUSION

11. For the above reasons, Plaintiffs request this court grant their motion to sever their independent claims against New GM from their claims against New

GM which are not independent of Old GM. Specifically, Plaintiffs request counts I through VII of Plaintiffs' Amended Complaint be severed from counts VIII through XIV.

WHEREFORE Plaintiffs, Terry Moore, Ellen Moore, David O'Nions, Diane O'Nions, Joellen Pisarczyk and Marvin Pisarczyk, on behalf of themselves and all others similarly situated, hereby request to sever their independent claims against New GM from their claims against New GM which stem from the actions of Old GM and to create separate and independent actions with separate final judgments.

                                      Respectfully submitted,

                                      CLARK HILL PLC

                                      By:   /s/ Karl J. Edward Fornell
                                              Edward J. Hood (P42953)
                                              Karl J. Edward Fornell (P76327)
                                              Clark Hill PLC
                                              500 Woodward Avenue, Suite 3500
                                              Detroit, Michigan 48226-3435
                                              (313) 965-8300
                                              Ehood@clarkhill.com
                                              Kfornell@clarkhill.com

Date:  February 16, 2018                Attorneys for Plaintiffs

                                              and
                                              Alexander McH. Memmen
                                              The Memmen Law Firm, LLC
                                              505 North LaSalle Street, Suite 500
                                              Chicago, Illinois 60654
                                              P. 312.878.2357
                                              F. 312.794.1813
                                              (*pro hac vice* pending)
                                              Attorneys for Plaintiffs

Date:  February 16, 2018

216920441.1 50304/185579

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2018 my assistant electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all of the parties of record.

|  |  |
|---|---|
| By: | /s/ Karl J. Edward Fornell |
|  | Karl J. Edward Fornell (P76327) |
|  | Clark Hill PLC |
|  | 500 Woodward Avenue, Suite 3500 |
|  | Detroit, Michigan 48226-3435 |
|  | (313) 965-8300 |
|  | Kfornell@clarkhill.com |
|  | Attorney for Plaintiffs |

Date:   February 16, 2018

216920441.1 50304/185579