HEARING DATE AND TIME:  March 29, 2018 at 10:00 a.m.

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 556-2100
Facsimile:     (212) 556-2222
Arthur Steinberg
Scott Davidson

*Attorneys for General Motors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X
| | |
|---|---|
| In re : | Chapter 11 |
| : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, : | Case No.:  09-50026 (MG) |
|     f/k/a General Motors Corp., *et al.*   : | |
| : | |
|                          Debtors.    : | (Jointly Administered) |
| : | |

----------------------------------------------------------------x

**REPLY BY GENERAL MOTORS LLC TO OBJECTION BY PAT BOMBARD TO MOTION BY GENERAL MOTORS LLC TO ENFORCE THE BANKRUPTCY COURT'S SALE ORDER AND COURT-APPROVED DEFERRED TERMINATION (WIND-DOWN) AGREEMENT WITH RESPECT TO PAT BOMBARD**

General Motors LLC ("**New GM**")[1] submits this reply brief ("**Reply**"), both in response to the "Motion to Dismiss" (here, the "**Objection**")[2] filed by Pat Bombard[3] and in further support of the relief requested in the Bombard Motion to Enforce.

---

[1] Capitalized terms not defined herein have the meanings ascribed in the *Motion By General Motors LLC To Enforce The Bankruptcy Court's Sale Order And Court-Approved Deferred Termination (Wind-Down) Agreement With Respect To Pat Bombard*, filed on February 27, 2018 [ECF No. 14243] ("**Bombard Motion to Enforce**").

[2] On March 16, 2018, counsel for New GM received Mr. Bombard's *Motion to Dismiss* and certain other documents (the "**Bombard Documents**") concerning the Bombard Motion to Enforce.  According to this Court's docket, the Bombard Documents were not filed.  To ensure a complete record on the Bombard Motion to Enforce, New GM has attached a copy of the Bombard Documents as **Exhibit "A."**

[3] Mr. Bombard is represented by counsel before the NYDMV, but he filed the Objection here *pro se*.  Although this Court can be more lenient to *pro se* individuals, Mr. Bombard must comply with procedural rules, substantive law, and court orders.  *See, e.g.*, *Faretta v. Cal.*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law.");

1.  The Objection fails to refute any of New GM's arguments. Mr. Bombard merely states that the relief New GM requested should be denied based on the "documents provided to the court." Those documents, most of which New GM filed with the Bombard Motion to Enforce, clearly demonstrate that neither Mr. Bombard nor Bombard Car Co. has been a GM-authorized dealer for almost *eight years*. Under the governing Bombard WD Agreement, (a) the Bombard Dealership Agreement terminated in 2010, (b) Mr. Bombard and Bombard Car Co. granted Old GM and New GM broad releases that bar any claims, and (c) Mr. Bombard and Bombard Car Co. covenanted not to sue New GM.

2.  The state statutes that Mr. Bombard referenced do not control here. Under both the Bombard WD Agreement and the Sale Order, this Court – *not* the NYDMV[4] – has exclusive jurisdiction to interpret, enforce, and adjudicate any dispute regarding the Bombard WD Agreement.

3.  Of particular significance is Mr. Bombard's failure to refute New GM's argument that the "Participation Agreement" attached to his Adjudicatory Proceedings Request was never signed by Old GM (or New GM) and appears to have been doctored. Mr. Bombard also failed to explain how his sworn admissions in the United States Bankruptcy Court for the Northern

---

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") (citation omitted). For this reason, it bears noting that Bombard Car Co., the former Old GM dealer, is a corporation that cannot appear *pro se*. *See Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 (2d Cir. 2000); *In re BSL Operating Corp.*, 57 B.R. 945, 947 n.1 (Bankr. S.D.N.Y. 1986) ("It is well settled that a corporation cannot appear *pro se*.").

[4]  Pursuant to the notice of hearing that the NYDMV issued after receiving Mr. Bombard's Adjudicatory Proceeding Request, New GM timely filed its response on March 22, 2018. A copy of New GM's response is attached as **Exhibit "B"** and incorporated by reference. In it, New GM asked the NYDMV to stay that proceeding pending this Court's ruling on the Bombard Motion to Enforce. In the alternative, New GM stated the facts, identified the exhibits, and cited the law supporting its arguments for the dismissal of Mr. Bombard's claims and the denial of his Adjudicatory Proceeding Request under New York law.

District of New York do not establish that whatever relationship he had with Old GM (or New GM) ceased years ago.[5]

4.   In short, the Bombard WD Agreement controls the relationship between Old GM (and New GM) and Bombard Car Co. and Mr. Bombard.  Under that agreement, there is ***no*** current relationship between Bombard Car Co. or Mr. Bombard, on the one hand, and Old GM or New GM on the other hand; there has not been one for over seven years.[6]

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Bombard Motion to Enforce, New GM respectfully requests that this Court enter the proposed order attached to the Bombard Motion to Enforce as Exhibit "N," and grant New GM such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        March 26, 2018

Respectfully submitted,

   */s/ Arthur Steinberg*
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:   (212) 556-2100
Facsimile:    (212) 556-2222

*Attorneys for General Motors LLC*

---

[5]  The Second Circuit decision in *Beck Chevrolet Co., Inc. v. General Motors LLC*, a copy of which was among the Bombard Documents, has no bearing on the issues presented in the Bombard Motion to Enforce or the claims that Mr. Bombard asserted in his Adjudicatory Proceeding Request.

[6]  The Bombard Documents also included a proof of claim dated March 13, 2018.  That document is strange because Mr. Bombard was on notice of Old GM's bankruptcy when he executed the Bombard WD Agreement in 2009 and, through it, released his claims against Old GM (and New GM).  Regardless, this claim should be disallowed based upon this Court's February 8, 2012 Order [ECF No. 11394]:  "[A]ll claims filed against the Debtors on or after the date of entry of this Order shall be deemed disallowed . . . ."