Pat J. Bombard
5 Wheeler Ave
Fayetteville, NY 13066
(315) 382-9464
summerwinds@gmail.com

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOTORS LIQUIDATION COMPANY ET AL.,F/K/A GENERAL MOTORS.,ET AL, DEBTORS. PLANTIFF | Chapter 11 Case No.: 09-50026 (MG) |
| vs. | (Jointly Administered) |
| PAT J. BOMBARD, Defendant | MOTION TO DISMISS |

**Re: Notice Pursuant to NYS Vehicle and Traffic Law 471-a. The defendant hereby moves the court to dismiss Plaintiff's Complaint with prejudice. Your attention is directed to the automatic stay provisions, without bond, under Vehicle and Traffic Law Sections 463(2)(e)(1), 465(7) and CPLR 3211(a) (2) (4) (5). The basis for this Motion are set forth in the accompanied Memorandum.**

RECEIVED
MAR 16 2018
U.S. BANKRUPTCY COURT, SDNY

Dated this 13th of March, 2018.

Pro Se
Pat J. Bombard

Pat J. Bombard
5 Wheeler Ave
Fayetteville, NY 13066
(315) 382-9464
summerwinds@gmail.com

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOTORS LIQUIDATION COMPANY<br>ET AL.,F/K/A GENERAL MOTORS.,ET AL,<br>DEBTORS.<br>PLAINTIFF<br>vs.<br>PAT J. BOMBARD,<br>Defendant | Chapter 11<br><br>Case No.: 09-50026 (MG)<br><br>(Jointly Administered)<br><br>MOTION TO DISMISS |

**FACTS**

**I am providing the court copies of the following:**

- **A letter written to Deborah F. Collins, Esq., October 16, 2017.**
- **The NYS Department of Motor Vehicles, Request for Adjudicatory Proceeding, December 19, 2017.**
- **State of New York – Department of Motor Vehicles, Safety and Business Hearing Bureau, Notice of Hearing, in the matter of Pat J. Bombard DBA Bombard Car Company, Inc. Date of Hearing: April 23, 2018, Time of Hearing: 9:00 a.m.**
- **CPLR 3211 (a)(2) (4)(5) other action pending**

- **The United States Court of Appeals for the Second Circuit has ruled in the dealer franchise favor. I am providing a copy of the decision, Decided: December 29, 2016, Docket Nos. 13-4066, 13-4310.**

## ARGUMENT

**Plaintiff's claim must be dismissed because it is without merit based upon all documents provided to the court. They are clearly trying to hurt the defendant by using bankruptcy court as a way to delay and cause financial and personal damage.**

**The United States Court of Appeals for the Second Circuit has ruled in the dealer franchise favor. I am providing a copy of the decision, Decided: December 29, 2016, Docket Nos. 13-4066, 13-4310.**

## CONCLUSION

**For the** reasons stated above, Defendant's Motion to Dismiss should be granted.

Dated this 13th of March, 2018.

[signature]

Pro Se
Pat J. Bombard

*The*
**GUY LAW FIRM** *PLLC*

October 16, 2017

Deborah F. Collins, Esq.
Counsel GM Legal Staff
300 Renaissance Center
Detroit, Michigan 48265

**Re: Notice Pursuant to NYS Vehicle and Traffic Law 471-a**

Dear Deb

Pursuant to Section 471-a of the NYS Vehicle and Traffic Law, I am writing on behalf of my client, Pat Bombard, to formally request mediation of the dispute that you have maintained against his demand for renewal of his Franchise Agreement with GM.

As you have not responded to my repeated requests that you agree to terms for mediation, I will rely on the procedure set in Section 471-a to request your response within seven days.

Thereafter, we will proceed with a request under Section 471-b of the NYS Vehicle and Traffic Law to have the Commissioner of the Department of Motor Vehicles adjudicate your dispute of our franchise rights.

Sincerely,

Frederick R. Guy, Esq.

3596 PLEASANT VALLEY RD, SYRACUSE, NEW YORK 13215
*Phone*: 315.314.7461 * *Fax*: 315.254.2126 * rickguy7@gmail.com * www.rickguy.com

*The*
**GUY LAW FIRM** *PLLC*

December 19, 2017

NYS Department of Motor Vehicles
Division of Safety and Business Hearings
6 Empire State Plaza
Albany, NY 12228

Re: Request of Pat Bombard for an Adjudicatory Hearing

Dear Commissioner,

Enclosed please find NYS Form AA-71 comprising a Statement of Facts supporting Mr. Pat Bombard's claim against General Motors Corporation for having repeatedly violating the provisions of Article 17-A of the NYS Franchised Motor Vehicle Dealer Act, together with the required documentation supporting his claim. The $2,000.00 fee is also enclosed.

We are requesting an adjudicatory hearing so his claim and witnesses in support of it may me be heard by the Commissioner as soon as practicable.

Please do not hesitate to contact me if any further information is required.

Sincerely,

Frederick R. Guy, Esq.

enc.
cc: GM Counsel Deb Collins

3596 PLEASANT VALLEY RD, SYRACUSE, NEW YORK 13215
*Phone*: 315.314.7461 * *Fax*: 315.254.2126 * rickguy7@gmail.com * www.rickguy.com




**Franchised Motor Vehicle Dealer**
**REQUEST FOR ADJUDICATORY PROCEEDING**
Division of Safety & Business Hearings
Telephone: (518) 474-1509
Fax: (518) 473-8505

**COMPLETE THE INFORMATION REQUESTED BELOW. PLEASE PRINT.**

Name: Pat J. Bombard AKA/DBA Bombard Car Company, Inc.

Address *(include number & Street)* 5 Wheeler Ave.

City Fayetteville State NY Zip Code 13066 Telephone # (315 ) 382-9464

Dealer Certificate of Registration No.: 7058987 Represented by: Frederick R. Guy, Esq

***Requests a New York State Department of Motor Vehicles Adjudicatory proceeding with:***

Franchisor General Motors Corporation - Chevrolet

Address *(include number & Street)* General Motors Global Headquarters

City Detroit State MI Zip Code 48625 Telephone # ( 313 ) 667-9844

Represented by *(if known)*: Deborah F. Collins, Esq.

Address *(include number & Street)* 300 Renaissance Center

City Detroit State MI Zip Code 48625 Telephone # ( 313 ) 667-9844

**INSTRUCTIONS FOR REQUEST**

1) All documents relevant to the claim(s) made in this request, including all correspondence between the dealer and franchisor, must accompany this request when it is filed with the Commissioner. Include a copy of the current franchise agreement that exists between the dealer and the franchisor, and a copy of the certificate of service (see Instruction #2). Submit to:

   NYS Department of Motor Vehicles
   Div. Safety and Business Hearings, Room 424A
   6 Empire State Plaza
   Albany, NY 12228

2) At the time this request is filed with the Commissioner, a true copy of this request, with copies of all documents filed with it, must be served upon the franchisor in any manner specifically permitted under the terms of the franchise agreement or, if no such manner is specified, then via certified mail, return receipt requested, addressed to the officer or employee of the franchisor from whom the dealer has received correspondence relevant to the claims made in this request.

3) This request must be accompanied by a non-refundable filing fee of two thousand dollars ($2,000). Attach a certified check or money order payable to the Commissioner of Motor Vehicles.

4) In a short, plain statement present the facts that support your claim that the franchisor has violated one or more specific provisions of Article 17-A Franchised Motor Vehicle Dealer Act. Also, describe your request for a specific remedy other than damages. *(Use additional sheets as necessary.)*

Please See Attached Statement of Facts and Supporting Documentation

**Your attention is directed to the automatic stay provisions, without bond, under Vehicle and Traffic Law Sections 463(2)(e)(1) and 465(7).**

[signature: Pat J. Bombard] 12/19/2017

*Please Sign Here* *Date*

AA-71 (2/15)

**STATE OF NEW YORK - DEPARTMENT OF MOTOR VEHICLES**
**6 Empire State Plaza, Albany, New York 12228**

**Division of Safety and Business Hearings Tel: (518) 474-1509 Fax: (518) 473-8505**

SAFETY AND BUSINESS HEARING BUREAU
NOTICE OF HEARING

in the matter of
Pat J. Bombard DBA Bombard Car Company, Inc.

Dealer/Franchisee

and

General Motors Corporation-Chevrolet

Franchisor

RESPONDENT

Case No. FMD201801

Date of Hearing: April 23, 2018
Time of Hearing: 9:00 AM
Place of Hearing:
NYS Dept. of Motor Vehicles
Western Lights Plaza
4671 Onondaga Blvd Suite #100B
Syracuse, NY 13219

Presiding Officer: Jeffrey Leibo

YOU ARE HEREBY GIVEN NOTICE that an Adjudicatory Hearing, conducted by the New York State Department of Motor Vehicles, in accordance with Vehicle and Traffic Law Section 471-a, and 15 N.Y.C.R.R., part 127.13, has been scheduled between the above parties before the assigned presiding officer.

This hearing is a result of a *Request for Adjudicatory Proceeding*, filed by the franchised motor vehicle dealer with the Commissioner of the Department of Motor Vehicles. The matters asserted by the dealer are as per the attached sheet. If you are hearing impaired, an interpreter will be available to you if you notify the Safety and Business Hearing Bureau in advance. An interpreter for the hearing impaired will be provided at no charge. It is your responsibility to bring an English translator if needed. You are permitted to appear with counsel. You should be prepared to present all evidence and witnesses at the hearing.

Adjournments are not granted except for good cause based on all the circumstances. Requests for adjournments should be made to the Safety and Business Hearing Bureau, Department of Motor Vehicles, 6 Empire State Plaza, Albany, NY 12228. Contact the bureau promptly. Do not assume an adjournment has been granted without specific confirmation. **In case of inclement weather such as a snow/ice storm please call Safety Hearing at (518) 474-1509 on the morning of hearing to see if hearing is still on.**

**Franchisor:** You have **20 Days** from receipt of this Hearing notice to deliver to the assigned presiding officer at the above address, and to the Dealer-Franchisee, a short and concise answering statement in response to the Dealer-Franchisee's allegations, and of the facts on which you rely upon in defense of such allegations, along with any supporting documents. **Your attention is directed to the automatic stay provisions, without bond, under Vehicle and Traffic Law Sections 463(2)(e)(1) and 465(7).**

**Dealer-Franchisee:** You have **20 Days** from receipt of the Franchisor's answering statement, to submit to the presiding officer at the above address, an additional statement of facts and documentary material but only to the extent of answering any new matter raised by the franchisor.
Date: 1/31/18

THE HEARING WILL START PROMPTLY

Dealer/Franchisee: Pat J. Bombard DBA Bombard Car Company, Inc.
Address: 5 Wheeler Avenue
Fayetteville, NY 13066
Telephone #: 315-382-9464
Represented By: Fredrick R. Guy, ESQ
Address: The Guy Law Firm PLLC
3596 Pleasant Valley Road
Syracuse, NY 13215
Telephone #: 315-314-7461

Franchisor: General Motors Corporation-Chevrolet
Address : General Motors Global Headquarters
Detroit, MI 48625
Telephone #: 313-667-9844
Represented By: Deborah F. Collins, Esq
Address: 300 Renaissance Center
Detroit, MI 48625
Telephone #: 313-667-9844

AA-70 (6/10)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2014

(Argued: October 6, 2014 Final Submission: October 7, 2016

Decided: December 29, 2016)

Docket Nos. 13-4066, 13-4310

---

Beck Chevrolet Co., Inc.,
Plaintiff–Appellant-Cross-Appellee,

v.

General Motors LLC,
Defendant–Appellee-Cross-Appellant.

---

Before: SACK, LIVINGSTON, and LOHIER, *Circuit Judges*.

The plaintiff, a motor vehicle dealer, appeals from a July 13, 2012, order granting summary judgment to the defendant, a motor vehicle manufacturer, and a September 30, 2013, final judgment denying the plaintiff's two remaining claims, both entered by the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*). We previously concluded that the plaintiff's appeal raised two important questions of unsettled New York law as to the proper application of sections 463(2)(gg) and 463(2)(ff) of New York's Franchised Motor Vehicle Dealer Act (the "Dealer Act"), and certified those

questions to the New York Court of Appeals. *Beck Chevrolet Co., Inc. v. Gen. Motors LLC*, 787 F.3d 663, 682 (2d Cir. 2015). The Court of Appeals accepted the certification and responded that: (1) the defendant's performance standard is "unreasonable" and "unfair" under Dealer Act section 463(2)(gg) because it fails to account for local brand popularity; and (2) a change to a dealer's Area of Geographic Sales and Service Advantage ("AGSSA") constitutes a "modification" to the franchise agreement, which is prohibited by Dealer Act section 463(2)(ff) if it is "unfair" and "may substantially and adversely affect the . . . dealer's rights, obligations, investment or return on investment." *Beck Chevrolet Co., Inc. v. Gen. Motors LLC*, 27 N.Y.3d 379, 391-92, 396-97, 53 N.E.3d 706, 713-15, 717, 33 N.Y.S.3d 829, 836-38, 840 (2016) ("*Beck II*"), *reargument denied*, 27 N.Y.3d 1187, 59 N.E.3d 1208, 38 N.Y.S.3d 96 (2016).

In light of these rulings, we REVERSE the district court's judgment in favor of the defendant on the plaintiff's section 463(2)(gg) claim, VACATE the district court's judgment in favor of the defendant on the plaintiff's section 463(2)(ff) claim, and REMAND for further proceedings and the entry of judgment.

RUSSELL P. MCRORY, Arent Fox LLP, New York, New York, *for Plaintiff-Appellant-Cross-Appellee.*

JAMES C. MCGRATH, Seyfarth Shaw LLP, Boston, Massachusetts, *for Defendant-Appellee-Cross-Appellant.*

PER CURIAM:

This is the second occasion on which we are called upon to address the appeal of plaintiff-appellant Beck Chevrolet Co., Inc. ("Beck") from two judgments by the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*) in favor of defendant-appellee General Motors LLC ("GM"). The underlying facts and procedural history of this case are set forth at length in *Beck Chevrolet Co., Inc. v. Gen. Motors LLC*, 787 F.3d 663, 666-71 (2d Cir. 2015) ("*Beck I*"). We repeat them here only insofar as we think it helpful to the reader in understanding the discussion that follows.

Beck initially appealed from the district court's (1) grant of summary of judgment for GM on Beck's claim seeking monetary relief under section 463(2)(a) of New York's Franchised Motor Vehicle Dealer Act (the "Dealer Act"), codified at N.Y. VEH. & TRAF. LAW §§ 460-473; (2) grant of summary judgment for GM on Beck's claim seeking injunctive relief under section 463(2)(ff) of the Dealer Act; (3) entry of judgment for GM, following a bench trial, on Beck's claim seeking injunctive relief under section 463(2)(gg) of the Dealer Act; and (3) denial of

Beck's application for costs and attorney's fees. In our previous opinion in this matter, we affirmed the district court's grant of summary judgment dismissing Beck's section 463(2)(a) claim and its denial of Beck's fees application. *Beck I*, 787 F.3d at 678-79.[1] With respect to the district court's disposition of Beck's claims under sections 463(2)(gg) (prohibiting the "use [of] an unreasonable, arbitrary or unfair sales or other performance standard in determining a franchised motor vehicle dealer's compliance with a franchise agreement") and 463(2)(ff) (prescribing limits on the ability of a franchisor to "modify the franchise of a[] franchised motor vehicle dealer"), however, we determined that "New York state law is insufficiently developed in these areas to enable us to predict with confidence how the New York Court of Appeals would resolve these questions." *Id.* at 666; *see also id.* at 672-78. We therefore certified to the Court of Appeals two questions concerning the proper scope and application of these Dealer Act provisions. *Id.* at 682.

The Court of Appeals accepted our certified questions and, on May 3, 2016, issued a response.[2] *Beck Chevrolet Co., Inc. v. Gen. Motors LLC*, 27 N.Y.3d 379, 53

[1] We also affirmed the district court's dismissal of GM's counterclaim for rescission and the various evidentiary rulings challenged by the parties. *Beck I*, 787 F.3d at 679-81.

[2] On October 7, 2016, the parties submitted supplemental letter briefs.

N.E.3d 706, 33 N.Y.S.3d 829 (2016) ("*Beck II*"), *reargument denied*, 27 N.Y.3d 1187, 59 N.E.3d 1208, 38 N.Y.S.3d 96 (2016). Equipped with this guidance, we now return to the remaining issues on appeal.

## I. Reasonableness of GM's Performance Standard

Section 463(2)(gg) of the Dealer Act provides that "[i]t shall be unlawful for any franchisor, notwithstanding the terms of any franchise contract . . . [t]o use an unreasonable, arbitrary or unfair sales or other performance standard in determining a franchised motor vehicle dealer's compliance with a franchise agreement." N.Y. VEH. & TRAF. LAW § 463(2)(gg). Beck alleged that the statewide average GM uses to determine expected sales performance for its dealers (the "Retail Sales Index" or "RSI") is "unreasonable" and "unfair" because it adjusts for certain local characteristics, but does not account for local variations in brand popularity. The district court disagreed and, following a bench trial, ruled in GM's favor on Beck's claim for injunctive relief under this section.[3] Beck appealed.

[3] The district court also granted GM's motion for summary judgment on Beck's claim for damages under this section on the ground that Beck had not established damages in connection with this claim. Beck conceded that its section 463(2)(gg) claim "sound[s] in injunction, not money damages." Russell P. McCrory Decl. at ¶ 18, *Beck Chevrolet Co.,*

Recognizing the competing policy considerations at issue and the absence of existing guidance from the New York Court of Appeals, we certified the following question for its determination:

> Is a performance standard that requires "average" performance based on statewide sales data in order for an automobile dealer to retain its dealership "unreasonable, arbitrary, or unfair" under New York Vehicle & Traffic Law section 463(2)(gg) because it does not account for local variations beyond adjusting for the local popularity of general vehicle types?

*Beck I*, 787 F.3d at 676; *see also id.* at 682.

At GM's request, the Court of Appeals reformulated the question to read:

> Is a performance standard that uses "average" performance based on statewide sales data in order to determine an automobile dealer's compliance with a franchise agreement "unreasonable, arbitrary or unfair" under New York Vehicle and Traffic Law § 463(2)(gg) because it does not account for local variations beyond adjusting for the local popularity of general vehicle types?

*Beck II*, 27 N.Y.3d at 389, 53 N.E.3d at 712, 33 N.Y.S.3d at 835.

The Court of Appeals answered the question thus reformulated in the affirmative. It reasoned that, "[a]t a minimum, [section] 463(2)(gg) forbids the use of standards not based in fact or responsive to market forces because performance benchmarks that reflect a market different from the dealer's sales

*Inc. v. Gen. Motors LLC*, No. 11-cv-2856 (S.D.N.Y. Mar. 19, 2012), ECF No. 45. We do not understand it to challenge this ruling on appeal.

area cannot be reasonable or fair." *Id.* at 390–91, 53 N.E.3d at 713, 33 N.Y.S.3d at 836. Therefore, it instructed, "[t]o comply with the Dealer Act, if a franchisor intends to measure a dealer's performance based on a comparison to statewide data for other dealers, then the comparison data must take into account the market-based challenges that affect dealer success." *Id.* at 392, 53 N.E.3d at 714, 33 N.Y.S.3d at 837.

Applying these principles to the facts of this case, the Court of Appeals concluded that GM's RSI is unlawful:

> [O]nce GM determined that statewide raw data must be adjusted to account for customer preference as a measure of dealer sales performance, GM's exclusion of local brand popularity or import bias rendered the standard unreasonable and unfair because these preference factors constitute market challenges that impact a dealer's sales performance differently across the state. It is unlawful under section 463(2)(gg) to measure a dealer's sales performance by a standard that fails to consider the desirability of the Chevrolet brand itself as a measure of a dealer's effort and sales ability.

*Id.* at 391, 53 N.E.3d at 714, 33 N.Y.S.3d at 837.

In light of this ruling, the district court's judgment in favor of GM on Beck's section 463(2)(gg) claim must be reversed.[4] We therefore reverse the

[4] GM argues that the Court of Appeals's decision is "not dispositive" of this issue because the Court of Appeals concluded only that it would be unlawful for GM to determine a dealer's compliance with its sales performance obligations based *solely* on the RSI, whereas the district court found that GM considers the RSI as well as "other

district court's judgment and remand with a direction to enter judgment for Beck on this claim and to order injunctive relief consistent with the New York Court of Appeals's answer to our certified question. We leave it to the district court, in its discretion, to determine whether this decision justifies reconsideration of its denial of Beck's fees application.

## II. Modification of the Franchise Agreement

Beck also appeals from the district court's grant of summary judgment for GM on Beck's claim that changes to its Area of Geographic Sales and Service Advantage ("AGSSA") constituted an "unfair" "modification" of its franchise

---

relevant factors." Def. Supp. Letter Br. at 1-2, *Beck Chevrolet Co., Inc. v. Gen. Motors LLC*, No. 13-4066 (2d Cir. Oct. 7, 2016), ECF No. 159. But the Court of Appeals anticipated and rejected this argument by reformulating, and broadening, the question this Court certified to it. *See Beck II*, 27 N.Y.3d at 388-89, 53 N.E.3d at 712, 33 N.Y.S.3d at 835 (noting that "the first certified question [was] predicated on the incorrect presumption that GM terminates all dealers who have a below-average sales performance, when, in fact, GM bases termination on the RSI and other relevant factors"). Accordingly, the Court of Appeals determined that it is unlawful not only to terminate a dealer on the basis of a below-average RSI, but also to "use" that standard—alone or in connection with other metrics—to assess an automobile dealer's compliance with its franchise agreement. *Id.* at 389, 391, 53 N.E.3d at 712, 714, 33 N.Y.S.3d at 835, 837.

GM also argues that the district court's factual findings show that GM's use of the RSI was fair and reasonable "*in this case.*" Def. Supp. Letter Br. at 6, *Beck Chevrolet Co., Inc. v. Gen. Motors LLC*, No. 13-4066 (2d Cir. Oct. 7, 2016), ECF No. 159 (emphasis in original). But the Court of Appeals eschewed such an "as-applied" analysis, concluding that the RSI is "facially unreasonable, arbitrary or unfair without reference to facts particular to any individual dealer." *Beck II*, 27 N.Y.3d at 389, 53 N.E.3d at 712, 33 N.Y.S.3d at 835.

agreement, in violation of Dealer Act section 463(2)(ff). That section provides that it is

> unlawful for any franchisor, notwithstanding the terms of any franchise contract . . . [t]o modify the franchise of any franchised motor vehicle dealer unless the franchisor notifies the . . . dealer, in writing, . . . at least ninety days before the effective date thereof, stating the specific grounds for such modification.

N.Y. VEH. & TRAF. LAW § 463(2)(ff)(1). It defines "modification" as "any change or replacement of any franchise if such change or replacement may substantially and adversely affect the new motor vehicle dealer's rights, obligations, investment or return on investment." *Id.* § 463(2)(ff)(2).

The Dealer Act permits a franchisee, upon receiving notice of an intended modification, to challenge the modification as "unfair," thereby shifting to the franchisor "the burden of proving that such modification is fair and not prohibited." *Id.* § 463(2)(ff)(3). "A modification is deemed unfair if it is not undertaken in good faith; is not undertaken for good cause; or would adversely and substantially alter the rights, obligations, investment or return on investment of the franchised motor vehicle dealer under an existing franchise agreement." *Id.*

The district court concluded that GM's revision of Beck's AGSSA did not constitute a "modification" of the franchise agreement because that agreement expressly reserved to GM the power to make such a revision. It denied Beck's claim for injunctive relief under section 463(2)(ff) on that basis. On review, we voiced skepticism as to whether the Dealer Act permits franchisors to thus circumvent the Act's protections by retaining unilateral discretion to revise specified elements of the franchise agreement. *See Beck I*, 787 F.3d at 677. Noting the absence of any state appellate court decisions indicating how the New York Court of Appeals would rule on this issue, we certified the following question for its determination:

> Does a change to a franchisee's Area of Primary Responsibility or AGSSA constitute a prohibited "modification" to the franchise under section 463(2)(ff), even though the standard terms of the Dealer Agreement reserve the franchisor's right to alter the Area of Primary Responsibility or AGSSA in its sole discretion?

*Id.* at 677-78; *see also id.* at 682.

The Court of Appeals responded that a change in the AGSSA constitutes a "modification . . . to the franchise" within the meaning of section 463(2)(ff) because it "has the potential to significantly impact the franchise agreement." *Beck II*, 27 N.Y.3d at 395-96, 53 N.E.3d at 716-17, 33 N.Y.S.3d at 839-40. The Court of Appeals explained that "a franchisor may not insulate itself from the

requirements and proscriptions of section 463(2)(ff) by contractually reserving in the [franchise agreement] the power to revise an AGSSA, as GM did in this case." *Id.* at 396, 53 N.E.3d at 717, 33 N.Y.S.3d at 840. "To the extent section 463(2) makes unlawful certain franchisor abuses, 'notwithstanding the terms of any franchise contract,' [it] abrogates contract principles which traditionally bind the parties to their agreements." *Id.* at 395, 53 N.E.3d at 716-17, 33 N.Y.S.3d at 839-40. "Otherwise," the Court of Appeals reasoned, "a franchisor with superior bargaining power could easily circumvent the purpose of the Dealer Act by reserving the right to change franchise terms at will, even where a change results in significant adverse [e]ffects on the dealer." *Id.* at 396, 53 N.E.3d at 717, 33 N.Y.S.3d at 840.

That does not end the inquiry, however, because, as the Court of Appeals emphasized, section 463(2)(ff) prohibits only those modifications that "'may substantially and adversely affect the new motor vehicle dealer's rights, obligations, investment or return on investment.'" *Id.* (quoting N.Y. VEH. & TRAF. LAW § 463(2)(ff)(2)). Moreover, to be unlawful under the Dealer Act, a modification "must be deemed unfair, meaning 'it is not undertaken in good faith; is not undertaken for good cause; or would adversely and substantially

alter the rights, obligations, investment or return on investment of the franchised motor vehicle dealer under an existing franchise agreement.'" *Id.* (quoting N.Y. VEH. & TRAF. LAW § 463(2)(ff)(3)). Therefore, the Court of Appeals concluded, "a revision of the AGSSA is not *perforce* violative of section 463(2)(ff). Rather, such change must be assessed on a case-by-case basis, upon consideration of the impact of the revision on a dealer's position." *Id.* at 397, 53 N.E.3d at 717, 33 N.Y.S.3d at 840 (emphasis added).

GM acknowledges that the Court of Appeals's answer to our certified question undermines the legal basis for the district court's dismissal of Beck's section 463(2)(ff) claim. *See* Def.'s Supp. Letter Br. at 7 n.3, *Beck Chevrolet Co., Inc. v. Gen. Motors LLC*, No. 13-4066 (2d Cir. Oct. 7, 2016), ECF No. 159. GM argues that we should nonetheless affirm the entry of summary judgment in its favor because "Beck failed to offer any evidence suggesting that GM's [revision of its AGSSA] . . . was undertaken in bad faith or without good cause, or would substantially and adversely affect[] Beck's interests." *Id.* at 7. But because the district court concluded that GM's revision of the AGSSA was not a franchise "modification" within the meaning of the Dealer Act, it did not determine whether that modification was "unfair" and thus prohibited by the statute. We

therefore vacate the district court's judgment and remand for it to resolve this issue in the first instance, consistent with the legal principles set forth in the New York Court of Appeals's answer to our second certified question. *See Prats v. Port Auth. of N.Y. & N.J.*, 350 F.3d 58, 59 (2d Cir. 2003) ("As a general rule, 'a federal appellate court does not consider an issue not passed upon' by the district court." (quoting *SEC v. Monarch Funding Corp.*, 192 F.3d 295, 308 (2d Cir. 1999))).

We express no view on how the district court should resolve this matter. We merely conclude that, in light of the New York Court of Appeals's answer to our certified question, the district court's judgment can no longer stand. Should this matter come before this Court again, the Court will review the district court's decision under the ordinarily applicable standards of deference.

## CONCLUSION

For the foregoing reasons, we REVERSE the district court's judgment in favor of GM on Beck's section 463(2)(gg) claim, VACATE the district court's judgment in favor of GM on Beck's section 463(2)(ff) claim, and REMAND to that court for further proceedings and the entry of judgment consistent with this opinion and the New York Court of Appeals's answers to our certified questions.