# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH
LITIGATION

*This Document Relates to All Actions*

------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

**ORDER NO. 140**

JESSE M. FURMAN, United States District Judge:

**[Regarding the January 8, 2018 Status Conference]**

The Court, having held a Status Conference on January 8, 2018, and having given counsel an opportunity to be heard on the agenda items set forth in the parties' January 3, 2018 tentative agenda letter (Docket No. 4918), issues this Order to memorialize the actions taken and rulings made at the Status Conference.

**I.    NEXT STATUS CONFERENCE**

A Status Conference will be held **Friday, March 23, 2018, at 9:30 a.m. EDT** in Courtroom 1105 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York.

**II.   NEXT STEPS FOR ALL PLAINTIFFS ALLEGING SUCCESSOR LIABILITY CLAIMS**

Consistent with the Court's comments at the Status Conference, by **Wednesday, January 24, 2018**, Lead Counsel will inform New GM of their position on whether the successor liability claims of personal injury plaintiffs subject to the Court's August 3, 2017 and December 19, 2017 Orders should be determined based on the place of the incident, plaintiff's place of residence, or some other method, and the reasons for this position. *See In re Gen. Motors LLC Ignition Switch Litig.*, 2017 WL 3382071 (S.D.N.Y. Aug. 3, 2017; *In re Gen. Motors LLC Ignition Switch Litig.*,

2017 WL 6509256 (S.D.N.Y. Dec. 19, 2017).  The parties will then meet and confer by **Thursday, January 25**, in an attempt to resolve any disagreements on the choice of law rules.  By **Friday, January 26**, New GM will file on the main MDL docket a list of personal injury claims that it believes should be dismissed under the Court's successor liability rulings.  By **Wednesday, February 21**, Lead Counsel will file on the main MDL docket: (1) a list of the plaintiffs who agree to voluntarily dismiss their claims; (2) a list of plaintiffs as to whom counsel plans to move to withdraw; and (3) a list of the plaintiffs who intend to press their claims, along with the factual and/or legal bases as to why those plaintiffs believe dismissal is not appropriate.  By **Wednesday, February 28**, all voluntary dismissals and motions to withdraw shall be filed.  By **Friday, March 9**, Lead Counsel and New GM will file a joint letter proposing next steps to address any remaining disputes on successor liability claims.

Moreover, if the Court grants New GM's motion for reconsideration with regard to New York successor liability law (which would result in summary judgment against Texas and Virginia plaintiffs), then the same process will be followed (but with likely different due dates) for those personal injury plaintiffs whose successor liability claims are governed by New York law.

Furthermore, within fourteen (14) days after the Bankruptcy Court rules on whether to permit the filing of late claims ("Late Claims Ruling"), the parties shall meet and confer to identify those jurisdictions (from the 35 that remain) where economic loss and personal injury successor liability claims should be dismissed based on the Court's successor liability rulings and the Late Claims Ruling.  If the parties are unable to reach agreement, Lead Counsel and New GM shall file a joint letter proposing to the Court procedures for resolving successor liability issues in the remaining 35 jurisdictions.

### III.  NEXT STEPS FOR THE PERSONAL INJURY CASES

####   A.  Post-Sale Production Part and Service Part and Category C Cases

Consistent with the Court's comments at the Status Conference, by **Monday, January 22, 2018**, New GM will submit a letter (not to exceed ten single-spaced pages) proposing a specific plan for next steps for the post-Sale Production Part and Service Part claims, as well as addressing proposed Category C bellwether procedures. (*See* Order No. 107 at ¶ 3, Docket No. 3081 (defining categories).) By **Monday, January 29**, Lead Counsel will file a response (not to exceed ten single-spaced pages).

####   B.  Air Bag Deployment Cases

Consistent with the Court's comments at the Status Conference, by **Friday, January 19, 2018**, New GM will file on the main MDL docket a list of claims that it has currently identified as ones it believes should be dismissed in light of the Court's December 28, 2017 Opinion and Order. *See In Re: General Motors LLC Ignition Switch Litig.*, 2017 WL 6729295, at *1 (S.D.N.Y., Dec. 28, 2017). By **Wednesday, February 14**, counsel for plaintiffs included on that list will file on the main MDL docket: (1) a list of the plaintiffs who agree to voluntarily dismiss their claims; (2) a list of plaintiffs as to whom counsel plans to move to withdraw; and (3) a list of the plaintiffs who intend to press their claims, along with the factual bases as to why those plaintiffs believe dismissal is not appropriate. By **Wednesday, February 28**, those plaintiffs who agree to dismiss will file voluntary dismissals, and counsel for plaintiffs who intend to withdraw will file motions to withdraw. By **Friday, March 9**, Lead Counsel and New GM will file a joint letter identifying the number of and proposing next steps to address any remaining disputed claims in this category.

3

### C. "No Plausibly Pled Defect / Causation" Cases

Consistent with the Court's comments at the Status Conference, by **Wednesday, January 31, 2018**, New GM will file its motion to dismiss claims that New GM believes should be dismissed for failure to state a claim. By **Wednesday, February 14**, counsel for plaintiffs included on that list will file on the main MDL docket: (1) a list of the plaintiffs who agree to voluntarily dismiss their claims; (2) a list of plaintiffs as to whom counsel plans to move to withdraw; and (3) a list of the plaintiffs who intend to press their claims (specifically identifying which plaintiffs *intend* to amend their complaints). By **Wednesday, February 28**, those plaintiffs who agree to dismiss will file voluntary dismissals, and counsel for plaintiffs who intend to withdraw will file motions to withdraw. By **Friday, March 9**, Lead Counsel and New GM will file a joint letter identifying the number of and proposing next steps to address any remaining disputed claims in this category, including the proposed timing for any amended complaints.

### D. Statute of Limitation/Repose Cases

Consistent with the Court's comments at the Status Conference, by **Wednesday, January 31, 2018**, New GM will file a list of claims that New GM believes are barred by applicable statute of limitation or applicable statute of repose as discussed at the Status Conference. By **Wednesday, February 14**, counsel for plaintiffs included on that list will file on the main MDL docket: (1) a list of the plaintiffs who agree to voluntarily dismiss their claims; (2) a list of plaintiffs as to whom counsel plans to move to withdraw; and (3) a list of the plaintiffs who intend to press their claims, along with the basis as to why those plaintiffs believe their claims are not barred. By **Wednesday, February 28**, those plaintiffs who agree to dismiss will file voluntary dismissals, and counsel for plaintiffs who intend to withdraw will file motions to withdraw. By **Friday, March 9**, Lead Counsel and New GM will file a joint letter identifying the number of and proposing next steps to address any remaining disputed claims in this category.

## IV. NEW GM'S MOTION TO COMPEL REGARDING TOP CLASS ACTIONS

Consistent with the Court's comments at the Status Conference, by **Monday, January 22, 2018**, Lead Counsel shall submit in camera the four withheld emails between Top Class Actions, LLC ("TCA") and the Hagens Berman firm that were not already produced to New GM by TCA in response New GM's April 28, 2017 subpoena, as well as copies of the two different consumer form submissions. By that same date, the parties will submit supplemental briefs (not to exceed three single-spaced pages) addressing Lead Counsel's attorney-client privilege and work product assertions for the form submissions and Lead Counsel's work product assertions over the four withheld emails between Hagens Berman and TCA.

## V. SETTLEMENT

Consistent with the Court's comments at the Status Conference, New GM and the Bailey Peavy Bailey firm should: (1) immediately retain Robert Black of Mehafy Weber as a mediator in their settlement discussions; and (2) by no later than **Thursday, February 15, 2018**, submit a joint letter or competing letters (not to exceed five single-spaced pages) reporting whether those discussions have been fruitful or not, and if they have not been successful, what the parties propose as next steps. Additionally, the parties should continue to keep the Court apprised of developments regarding settlement.

SO ORDERED.

Dated: January 23, 2018
New York, New York

JESSE M. FURMAN
United States District Judge

5