2/19/2018

BARRY SPENCER II
Creditor
78 Pioneer Ave
Brockton, MA 02301

GIBSON DUNN
Matthew J. Williams
200 Park Ave
New York, NY 10166-0193

RE: Erroneous Distribution of Settlement of $200,000 Disbursement
From Motor Liquidation Company GUC Trust

FEB 23 2018

Dear Gentlemen,

I received your message of May 9, 2017, regarding the Wilmington Trust Company's $2/8^{th}$ disbursement of its client Motor Liquidation Company's $200,000 general unsecured claim debt owed to me. However it seems as though you have not read my settlement agreement with General Motors – Motor Liquidation Company nor any of the other documents concerning my claim. Albeit, your Client Wilmington Trust Company and your office believes that it has fulfilled its obligation towards Motor Liquidation Company's Debt to me, as its Creditor you are incorrect, your obligation to fulfill the full terms of my settlement has not been fulfilled based upon my bodily injury. Nowhere in the order of the Bankruptcy Court did it state you will pay only a portion or less than $2/8^{th}$ of Motor Liquidations Debt and if any part of the initial disbursement was sold there will be not be any other disbursements to fulfill the terms. This is fraud and unfair business practices.

Per your letter, on November 16, 2011, you have provided securities, however, I received my securities on November 3, 2011, consisting of 795 shares of common stock issued by General Motors Company (New GM Common Stock) valued at $19,103.85 , 723 warrants issued by General Motors Company valued at $11,002.61, 723 warrants issued by General Motors Company valued at $7,546.67, with a combined net value of $37,653.13. On June 12, 2012, 200 trust units were distributed with a total value of $2,520.00, and the pence valued less than $100 if so . The $40,173.13 payed, disbursed or received by me from Wilmington Trust Company only represents close to 2/8 of the $200,000 settlement leaving 7/8 $175,000 of Debt owed in future disbursement. Now you can provide me the settlement contract, the court order and your policy stating your position. Or you can allege that the Smith Barney committed improper practices by not properly explaining the consequences of its advice to sell the stock. The foregoing initial

disbursement of less than $2/8^{th}$ of my claim while you keep more than $6/8^{th}$ does not represent the entire distribution to which I am entitled by law.

In conclusion the information you provided is erroneous and your client needs to reevaluate its position concerning my claims' disbursement. You are not living up to the terms of my bodily injury settlement. Nor is it written that to sell, trade or transfer the stocks will result in the lost of its value.

*Barry Spencer II*

Barry Spencer ii
Creditor
78 Pioneer Ave
Brockton, MA 02301

CC:   Honorable Judge Martin Glenn
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004

Morgan Stanley Smith Barney LLC
Ruven Rodriguez
Financial Advisor
53 State Street  39th Floor
Boston, MA 02109