# Exhibit 7

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In Re:                                    CHAPTER 11

    PAT J. BOMBARD,                       CASE NO. 13-_____

               Debtor

_____

                  **AFFIDAVIT PURSUANT TO LBR 2015-2**

STATE OF NEW YORK    )
COUNTY OF ONONDAGA   )

    Pat J. Bombard, being duly sworn, deposes and says that:

    1.   I am the individual seeking relief pursuant to Chapter 11 of the Bankruptcy Code, and I am fully familiar with all the facts set forth herein.

    2.   This Affidavit is submitted pursuant to Local Bankruptcy Rule 2015-2.

    3.   I formerly operated two businesses in Skaneateles, New York. Those businesses were Bombard Car Co. Inc., doing business as "Bombard Chevrolet", and You Store it Skaneateles LLC. However, the car dealership is no longer operational, and due to a pending foreclosure action, I no longer operate my storage business at You Store it Skaneateles LLC. I was also a distributer for U-Haul during the time I operated the storage business. Part of my storage business included storing boats, and/or arranging for the storage of boats during the winter months. I am not employed, and do not have any other sources of income, other than those set forth above.

[FILED stamp: 2013 AUG 28 AM 9:24 CLERK OF THE BANKRUPTCY COURT N.D. OF NY SYRACUSE]

4. The primary asset of my bankruptcy estate is the real property upon which I operated my businesses. Said property is located at 1351 Cherry Valley Turnpike, Skaneateles, New York.

5. Since 1992, I operated Bombard Chevrolet, in Skaneateles New York. The primary business of Bombard Chevrolet was the sale and service of automobiles.

6. In 2006, I pursued an alternative business venture, and formed "You Store It Skaneateles, LLC"; a storage company, which I operated on the Cherry Valley property. I subsequently mortgaged my business property in the amount of $450,000.00 through Wilber National Bank, and also executed an assignment of rents in favor of the bank.

7. However, beginning in 2008, I could no longer effectively operate Bombard Chevrolet due to the problems General Motors faced at that time. The climate of the auto-industry, poor sales, and General Motors financial troubles ultimately closed a once successful family car business.

8. The closing of Bombard Chevrolet substantially strained my ability to meet both my personal and business financial obligations.

9. In addition, I was involved in an unfortunate situation concerning the mortgage upon my business parcel and a life tenant who resided on the property. These complex circumstances resulted in both financial and legal hardship.

10. In 2010, Brandwine Pavers, LLC, acquired the mortgage from Wilber National Bank, and commenced a foreclosure action in Onondaga County Supreme Court, whereby said creditor sought to foreclose the mortgage upon the Cherry Valley property. As a result of the pending

2

foreclosure action, a receiver was appointed to collect the rents and proceeds I received from You Store It Skaneateles, LLC. The receiver currently in place collecting the rents from You Store It Skaneateles is: David Martin, Esq. of the Harris Beach law firm.

11. The receiver's operation of the business, and the negative publicity in the community from my pending legal problems, have all but rendered the business defunct, and have cut off all rents and revenue streams I would receive as sole member of the business. The receiver has also hindered my ability to operate as a U-Haul distributor in connection with the storage business, and has effectively eliminated my ability to arrange storage for boats.

12. The financial difficulties from the personal and business debt I accumulated over the years, pending legal actions, and the closing of my businesses, ultimately lead to the foreclosure sale of my former home located at 39 Heritage Woods Road, Skaneateles, New York earlier this year.

13. However, I believe in good faith that the Cherry Valley property can be sold, or auctioned, for a substantial sum, which would effectively pay the secured creditors in this case. I further believe that there is equity in the property beyond that which is owed to the secured creditors in this case. I also believe that if given the opportunity I can restore my storage business to a profitable business venture.

14. I have filed all of my schedules, including its Schedules A and G, with my Petition.

15. No property of mine is in the possession or custody of any third party, other than that which is as set forth in my Petition and schedules.

16. I have filed my statement of financial affairs with my Petition.

17. I do not employ any person, and I am not obligated to provide any employees with pay, salary, or benefits.

18. I am not currently operating any of my businesses at this time. Accordingly I do not have any operational expenses to disclose.

_____
PAT J. BOMBARD

Sworn to before me this 27
Day of August, 2013

_____
Notary Public

MARK P. LAWRENCE
Notary Public, State of New York
Qualified in Onondaga County
No. 02LA6272995
My Commission Expires 12/03/2016

4