# Exhibit C




April 5, 2018

**BY ECF**

The Honorable Jesse M. Furman
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

   RE: *In re: General Motors LLC Ignition Switch Litigation*,
      14-MD-2543 (JMF); 14-MC-2543

Dear Judge Furman:

  At the March 22, 2018 Status Conference, the Court requested clarification on the status of the determination, if any, of whether "Non-Ignition Switch Plaintiffs" could demonstrate a due process violation. This issue relates to whether Non-Ignition Switch Plaintiffs: (i) can pursue successor liability claims despite the "free and clear" provision in the Sale Order; and (ii) should be granted leave to file late proofs of claims against the GUC Trust. The due process issue is not yet teed up for a determination on the merits by the Bankruptcy Court. The potential settlement between certain plaintiffs, including certain Non-Ignition Switch Plaintiffs, and the GUC Trust would resolve the issue of whether leave to file late proofs against the GUC Trust should be granted to Non-Ignition Switch Plaintiffs as a remedy for a due process violation.[1] However, the question of the due process violation would remain relevant for potential successor liability claims (which, of course, this Court would decide on the merits if the "free and clear" provision of the Sale Order does not apply to Non-Ignition Switch Plaintiffs).

  The relevant history is as follows: in 2014, New GM filed a motion to enforce the Sale Order seeking to enjoin claims brought by "Non-Ignition Switch Plaintiffs" (a term that was limited at the time to plaintiffs asserting economic losses and did not include plaintiffs asserting

---

[1] Certain Non-Ignition Switch Plaintiffs reserved the right to raise this issue in the *Motion for an Order Granting Authority to File Late Class Proofs of Claim*, dated Dec. 22, 2017 [Bankr. ECF No. 13806] (the "Late Claims Motion"). The Plaintiffs and GUC Trust began settlement negotiations to resolve issues related to the late claims before briefing on the Late Claims Motion was complete.

1536782.2

The Honorable Jesse M. Furman
April 5, 2018
Page 2

personal injury or wrongful death claims), including successor liability claims.[2] This motion was deferred pending the determination of New GM's motion to enforce against the Ignition Switch Plaintiffs. *See In re Motors Liquidation Co.*, 529 B.R. 510, 523 (Bankr. S.D.N.Y. 2015). Following the Bankruptcy Court's ruling on the motion to enforce against the Ignition Switch Plaintiffs, the Bankruptcy Court determined that "[t]he Non-Ignition Switch Plaintiffs' claims remain stayed" because they had not yet shown a due process violation. *See In re Motors Liquidation Co.*, 531 B.R. 354, 360 (Bankr. S.D.N.Y. 2015). However, the Second Circuit "vacate[d] the bankruptcy court's decision to enjoin those claims [based in non-ignition switch defects] and remand[ed] for further proceedings consistent with this opinion." *Elliott v. Gen. Motors LLC (In re Motors Liquidation Co.)*, 829 F.3d 135, 166 (2d Cir. 2016) (internal citation omitted). On remand, the definition of the term "Non-Ignition Switch Plaintiffs" was expanded to include plaintiffs asserting personal injury or wrongful death claims, in addition to plaintiffs asserting economic losses.

The Bankruptcy Court then directed counsel for New GM and plaintiffs to identify issues on remand and what discovery, if any, would be necessary, and the parties responded with their positions.[3] As advocated by Designated Counsel, Goodwin Proctor, and New GM, the Bankruptcy Court declined to address the fact-specific issue of the demonstration of a due process violation.[4] Instead, the Bankruptcy Court scheduled briefing on five threshold issues (which did not include whether the Non-Ignition Switch Plaintiffs could establish a due process violation).[5]

Notably, although New GM contended in the briefing on these threshold issues that the Non-Ignition Switch Plaintiffs had waived the right to establish a due process violation (which plaintiffs disputed), Judge Glenn specified that he was *not* addressing this dispute in his rulings. *See In re* Motors *Liquidation Co.*, 568 B.R. 217, 226 n.5 (Bankr. S.D.N.Y. 2017); *In re Motors Liquidation Co.*, 571 B.R. 565, 574 (Bankr. S.D.N.Y. 2017).

Finally, Plaintiffs note that the question of whether Non-Ignition Switch Plaintiffs can bring independent claims is pending before Your Honor as one of the appeals of the second set

---

[2] *See Motion of General Motors LLC Pursuant to 11 U.S.C. §§ 105 and 363 to Enforce the Court's July 5, 2009 Sale Order and Injunction (Monetary Relief Actions, Other Than Ignition Switch Actions)*, dated Aug. 1, 2014 [Bankr. ECF No. 12808]. This motion to enforce was filed against certain Non-Ignition Switch Plaintiffs asserting economic losses (but not personal injury or wrongful death claims).

[3] *See* July 18, 2016 Hr'g Tr. 11:7-14:8; *Order Setting Case Management Conference for 11:30 A.M., November 16, 2016*, dated Oct. 18, 2016 [Bankr. ECF No. 13775]; *Status Report Pursuant to Order Setting Case Management Conference*, dated Nov. 11, 2016 [Bankr. ECF No. 13786].

[4] *See* Nov. 16, 2016 Hr'g Tr. 59:1-3.

[5] *See Order to Show Cause Regarding Certain Issues Arising from Lawsuits with Claims Asserted Against General Motors LLC ("New GM") that Involve Vehicles Manufactured by General Motors Corporation ("Old GM")*, dated Dec. 13, 2016 [Bankr. ECF No. 13802] (the "Order to Show Cause").

1536782.2

The Honorable Jesse M. Furman
April 5, 2018
Page 3

of threshold issues.[6] However, given Your Honor's ruling as to the pre-sale purchasers' claims, which is preserved for appeal, *see In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 401-03 (S.D.N.Y. 2017), Plaintiffs respectfully observe in the interests of 'triage' that resolution of this threshold issue arguably has little if any immediate significance in the litigation.

Respectfully Submitted,

| | | |
|---|---|---|
| Steve W. Berman | Elizabeth J. Cabraser | Robert C. Hilliard |
| **Hagens Berman Sobol Shapiro LLP** | **Lieff Cabraser Heimann & Bernstein, LLP** | **Hilliard Martinez Gonzales LLP** |
| 1918 Eighth Ave. | 275 Battery Street | 719 S Shoreline Blvd. |
| Suite 3300 | 29th Floor | Suite 500 |
| Seattle, WA 98101 | San Francisco, CA 94111-3339 | Corpus Christi, TX 78401 |
| -and- | -and- | |
| 555 Fifth Avenue | 250 Hudson Street | |
| Suite 1700 | 8th Floor | |
| New York, NY 10017 | New York, NY 10013-1413 | |

---

[6] *See* GM appeal on whether NISD can assert Independent Claims – *In re Motors Liquidation Co.*, Case No. 17-6120.

1536782.2