# **Exhibit D**

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

|  | 300 North LaSalle<br>Chicago, Illinois  60654 |  |
|---|---|---|
| Andrew B. Bloomer, P.C.<br>To Call Writer Directly:<br>(312) 862-2482<br>andrew.bloomer@kirkland.com | (312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

April 5, 2018

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  *In re: General Motors LLC Ignition Switch Litigation*, 14-MD-2543

Dear Judge Furman:

  Pursuant to Order No. 147 Section VI (Docket No. 5302) arising out of the March 22, 2018 Status Conference, New GM responds to the Court's questions regarding (i) the status of the Bankruptcy Court's ruling on the definitions of who qualifies as an Ignition Switch Plaintiff and a Non-Ignition Switch Plaintiff, and (ii) proceedings in the Bankruptcy Court as to whether Non-Ignition Switch Plaintiffs can establish a due process violation relating to the Sale Order.  As shown below, Ignition Switch Plaintiffs are plaintiffs asserting claims based on the Ignition Switch Defect in vehicles subject to NHTSA Recall No. 14-V-047; all other plaintiffs asserting claims relating to Old GM vehicles are Non-Ignition Switch Plaintiffs.  New GM and Lead Counsel agree with these definitions.  The Second Circuit ruled in *In Matter of Motors Liquidation Co,,* 829 F.3d 135 (2d Cir. 2016) cert denied sub. nom. *Gen. Motors LLC v. Elliott*, 137 S. Ct. 1813 (2017) that because of a due process violation, the free and clear provisions of the Sale Order do not apply to Ignition Switch Plaintiffs.  No such ruling was made by the Second Circuit (or any other court) with respect to Non-Ignition Switch Plaintiffs.  Thus, the Sale Order continues to apply to such plaintiffs and it is too late for them to challenge the Sale Order.

### Definition of Ignition Switch/Non-Ignition Switch Plaintiffs

  The Court asked whether Judge Glenn's ruling on who qualifies as an Ignition Switch Plaintiff versus a Non-Ignition Switch Plaintiff is final and whether it has been appealed. (3/22/2018 Status Conf. Tr. at 53:11-14.)  On July 12, 2017, the Bankruptcy Court issued an opinion and order holding that "Ignition Switch Plaintiffs" include only those plaintiffs asserting claims against New GM that are based on the "Ignition Switch Defect" in vehicles subject to NHTSA Recall No. 14-V-047.  (*See* 7/12/2017 Lead Counsel Ltr., Mem. Opinion and Order Deciding Certain 2016 Threshold Issues at 9-14, 19-21, Docket No. 4258.)  All other plaintiffs asserting claims relating to Old GM vehicles are Non-Ignition Switch Plaintiffs.  The Bankruptcy Court's decision is consistent with the position taken by Lead Counsel and their Designated

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
April 5, 2018
Page 2

Counsel in the Bankruptcy Court, this Court, and the Second Circuit.  (*See, e.g.*, 2/27/2017 Pls.' Br. on 2016 Threshold Issues at 1 n.1, Bankr. Docket No. 13866; 2/27/2017 New GM Br. on 2016 Threshold Issues at 24-33, Bankr. Docket No. 13865 (collecting examples of definitions in plaintiffs' filings and/or court judgments and opinions).)  The Bankruptcy Court's July 12, 2017 opinion, however, was appealed by the *Pillars* plaintiff to this Court (*see* 17-CV-6196 Docket No. 7) and the matter is *sub judice*.  (*See* 9/29/2017 A. Bloomer Ltr. ¶ 1, Docket No. 4653.)[1]

### Non-Ignition Switch Plaintiffs (Whether Economic Loss or Pre-Sale Accident) May Not Challenge the Sale Order on Due Process Grounds

With regard to the Court's question about whether Non-Ignition Switch Plaintiffs can establish a due process violation relating to the Sale Order (3/22/2018 Status Conf. Tr. at 54:12-19), the short answer is that there has never been a ruling by any court that such plaintiffs were deprived of due process relating to the Sale Order.  Accordingly, Non-Ignition Switch Plaintiffs are bound by the free and clear provisions of the Sale Order, and may not assert successor liability claims against New GM.  *See, e.g., Celotex Corp. v. Edwards*, 514 U.S. 300 (1995) (the rule is well established that "persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed . . .") (internal citations omitted).  The burden to seek and prove a due process violation relating to the Sale Order has always been on Non-Ignition Plaintiffs.  Their failure to pursue, much less establish, a due process violation for approximately four years since the 2014 recalls were announced is outcome determinative.  The Sale Order indisputably applies to Non-Ignition Switch Plaintiffs.

### The 2015 Bankruptcy Proceedings

The question of whether Non-Ignition Switch Plaintiffs would seek to prove a due process violation was addressed and resolved during the 2015 bankruptcy proceedings.  After Judge Gerber entered his April 2015 Decision on the 2014 Threshold Issues,[2] he entered another decision in May 2015 concerning remaining disputes on the form of judgment for that decision,[3] in which he recognized that "it is time to come to closure on whether there is any basis to excuse the Non-Ignition Switch Plaintiffs from the provisions of the Sale Order and the [Bankruptcy] Court's

---

[1] The issue of how the Second Circuit used the term Ignition Switch Plaintiff was first raised in an earlier appeal involving the *Pillars* plaintiff (*see* 15-CV-8432 Docket No. 10), which is also *sub judice* before this Court.  (*See* Docket No. 4316.)  In that earlier appeal, the Court asked Judge Glenn to opine on the definitional issue of Ignition Switch Plaintiff (*see* 9/7/2016 Order, Docket No. 3339), and it became known as 2016 Threshold Issue 1 in the Bankruptcy Court, which, as noted, was determined by Judge Glenn in the July 12, 2017 decision, and appealed to this Court, where the matter is *sub judice*.

[2] The April 2015 Decision is published at *In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y. 2015).

[3] The May 2015 Decision is published at *In re Motors Liquidation Co.*, 531 B.R. 354 (Bankr. S.D.N.Y 2015).

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
April 5, 2018
Page 3

mootness conclusions." *In re Motors Liquidation Co.*, 531 B.R. 354 (Bankr. S.D.N.Y 2015). Thereafter, at an August 31, 2015 status conference, Judge Gerber discussed the due process issue as it related to Non-Ignition Switch Plaintiffs, noting that "the non-ignition switch plaintiffs' inability or inaction to have yet established a due process violation . . . is, in my view, a big issue." (8/31/2015 Bankr. Hr'g Tr. at 80:21-25.) Designated Counsel representing Lead Counsel at that conference told Judge Gerber that, to the extent due process remained an issue for Non-Ignition Switch Plaintiffs, "we need to get that issue teed up quickly because to the extent that people, either New GM or us, depending on who loses, needs to appeal that decision, they ought to get started." (*Id.* at 81:24-82:2.)

Notwithstanding these representations, the Non-Ignition Switch Plaintiffs and their counsel did not pursue a due process claim before the Bankruptcy Court.[4] Judge Gerber addressed their failure to pursue or establish a due process violation relating to the Sale Order in his November 2015 Decision:

> Ignition Switch Plaintiffs asserting Economic Loss Claims may assert them, to the extent they are Independent Claims, under the April 15 Decision and Judgment. Non–Ignition Switch Plaintiffs cannot. The latter could have tried to show the Court that they had "known claims" and were denied due process back in 2009, but they have not done so. The Court ruled on this expressly in the Form of Judgment Decision. It then held:
>
>> The Non–Ignition Switch Plaintiffs' claims remain stayed, and properly so; those Plaintiffs have not shown yet, if they ever will, that they were known claimants at the time of the 363 Sale, and that there was any kind of a due process violation with respect to them. And unless and until they do so, the provisions of the Sale Order, including its injunctive provisions, remain in effect.
>
> 531 B.R. at 360. That ruling stands. In the April 2015 Decision and resulting Judgment, the Court modified a Sale Order under which the buyer had a justifiable right to rely because a higher priority—a denial of due process, which was of Constitutional dimension—necessitated that. But without a showing of a denial of due process—and the Non–Ignition Switch Plaintiffs have not shown that they were victims of a denial of due process—the critically important interests of finality (in each of the 2009 Sale Order and the 2015 Form of Judgment Decision and

---

[4] The November 2015 Decision is published at *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015).

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
April 5, 2018
Page 4

> Judgment) and predictability must be respected, especially now, more than 6 years after entry of the Sale Order.

*Motors Liquidation Co.*, 541 B.R. at 130 n.70 (additional citation omitted). Judge Gerber's ruling on the due process issue was a final order that was never appealed by Designated Counsel, Lead Counsel or any Non-Ignition Switch Plaintiff. And now nearly nine years have passed since entry of the Sale Order.

### **Post-Second Circuit Opinion Events**

Since the Second Circuit's decision, Non-Ignition Switch Plaintiffs and their counsel have not taken any action in the Bankruptcy Court to challenge the Sale Order on due process grounds. For example, in November 2016 Lead Counsel and their Designated Counsel recommended threshold issues to be decided by the Bankruptcy Court in light of the Second Circuit's opinion; the due process issue relating to the Sale Order on behalf of Non-Ignition Switch Plaintiffs was not included in their list.

Finally, one of the 2016 Threshold Issues decided by Judge Glenn related to whether Non-Ignition Switch Plaintiffs could assert *Independent Claims*. In his June 2017 decision, Judge Glenn held that, to the extent footnote 70 of Judge Gerber's November 2015 Decision cited above addressed that particular issue, he considered it to be "dicta only." *In re Motors Liquidation Co.*, 568 B.R. 217, 226 (Bankr. S.D.N.Y. 2017). Judge Glenn made clear, however, that his ruling did not address the separate issue of whether Non-Ignition Switch Plaintiffs are precluded from seeking to litigate a due process violation relating to the Sale Order: "The issue whether Non-Ignition Switch Plaintiffs may still seek to establish a due process violation is not addressed in this Opinion." *Id.* at 226 n.5. New GM's appeal of the June 2017 decision relating to Independent Claims is *sub judice* before this Court.

Respectfully submitted,

/s/ Richard C. Godfrey, P.C.
/s/ Andrew B. Bloomer, P.C.

*Counsel for Defendant General Motors LLC*

cc:    MDL Counsel of Record