# Exhibit E




April 10, 2018

**BY ECF**

The Honorable Jesse M. Furman
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      RE:   *In re: General Motors LLC Ignition Switch Litigation*,
                14-MD-2543 (JMF); 14-MC-2543

Dear Judge Furman:

      Plaintiffs write in response to GM's April 5, 2018 letter, Dkt. No. 5341, to correct the most pronounced of its misrepresentations.

      *First,* contrary to GM's letter, the Bankruptcy Court has expressly deferred consideration of, rather than decided, the question of whether Non-Ignition Switch Plaintiffs can prove a due process violation such that, under Second Circuit law, the "free and clear" provision of the Sale Order would not apply to them (as relevant for their ability to assert successor liability claims). In arguing otherwise, GM completely ignores the relevant procedural history, as set forth in Plaintiffs' letter. Dkt. No. 5340.

      Specifically, upon the Second Circuit's remand and the Bankruptcy Court's directive to identify issues on discovery, Plaintiffs exchanged an initial issues list with GM, with one such issue being whether Non-Ignition Switch Plaintiffs could demonstrate a due process violation in connection with the Sale Order. Through the parties' discussions and as made apparent at the November 16, 2016 case management conference, the parties and the Bankruptcy Court agreed that discovery on the Non-Ignition Switch Plaintiffs' due process issue would be stayed. This resulted in, and is reflected by, the Bankruptcy Court's December 16, 2016 Order to Show Cause omitting the issue from its list of Threshold Issues. *See In re Motors Liquidation Co.*, Case No. 09-50026 (Bankr. S.D.N.Y.), *Order To Show Cause Regarding Certain Issues Arising From Lawsuits With Claims Asserted Against General Motors LLC ("New Gm") That Involve Vehicles Manufactured By General Motors Corporation ("Old Gm")* [Docket No. 13802]; *see also In re Motors Liquidation Co.*, Case No. 09-50026 (Bankr. S.D.N.Y.), Nov. 16, 2016 Hr'g Tr. 59:1-3 ("THE COURT: Believe it or not, Mr. Steinberg convinced me that—not to, at this stage, to have discovery on the due process issue.").

The Honorable Jesse M. Furman
April 10, 2018
Page 2

       *Second*, GM's reliance on statements contained in Judge Gerber's May 2015 decision regarding Non-Ignition Switch Plaintiffs is misleading.[1] The proceedings leading up to that decision were confined to *only* those claims brought by Ignition Switch Plaintiffs and—as detailed in Plaintiffs' letter—that decision only refers to economic loss parties, because, at that time, the defined term "Non-Ignition Switch Plaintiffs" was limited to economic loss plaintiffs. Regardless, GM neglects to mention that the portion of the May 2015 decision it cites was vacated by the Second Circuit as to all defects. *See Elliott v. Gen. Motors LLC (In re Motors Liquidation Co.)*, 829 F.3d 135, 166 (2d Cir. 2016).

       *Third,* GM fails to mention that to the extent the quoted language of the November 2015 Order by Judge Gerber is anything other than dicta, it is *not good law on the subject of Non-Ignition Switch Plaintiffs' claims.*[2] This is because Judge Gerber erred in stating that independent claims required the showing of a due process violation, among other reasons. The Second Circuit held that all independent claims could go forward without the need to show a due process violation: "[independent] claims are outside the scope of the Sale Order's 'free and clear' provision" and, thus, "could not be enjoined by enforcing the Sale Order." *Elliott*, 829 F.3d at 157 (internal citation omitted). The Second Circuit defined the term "Independent Claims" as "claims based on New GM's own post-closing wrongful conduct." This definition does not depend on the nature of the defect, vehicle, or claimant. *Id.* at 154-157.[3] Judge Glenn held similarly. *See In re Motors Liquidation Co.,* 568 B.R. 217, 224 (Bankr. S.D.N.Y. 2017).

       Moreover, GM's selected quote from footnote 70 of Judge Gerber's November 2015 Order did nothing to bar Plaintiffs from bringing due process issues at a later date. *See In re Motors Liquidation Co.*, 541 B.R. 104, 130 (Bankr. S.D.N.Y. 2015) ("Plaintiffs have not shown yet, *if they ever will* … that there was any kind of a due process violation") (emphasis added). Judge Glenn has reached a consistent conclusion. *See In re Motors Liquidation Co., Case No.*

---

[1] Judge Gerber made clear that his April 2015 Decision and June 2015 Judgment would not be *res judicata* to the Non-Ignition Switch Plaintiffs and that any reversal on appeal would inure to the benefit of Non-Ignition Switch Plaintiffs. *See* June 2015 Judgment ¶ 13(e).

[2] Moreover, the briefing in Fall 2015 was established by the September 2015 Scheduling Order, which contained a number of infirmities, including: (i) it was only served on approximately "150-200" Non-Ignition Switch Plaintiffs; (ii) it was not accompanied by a motion to enforce, adversary proceeding, summons, or any other recognized form of process that compelled the attendance or participation in the briefing contemplated under that order; and (iii) it did not contain the words "Independent Claims" or otherwise indicate that Independent Claims or the claims of Non-Ignition Switch Post-Closing Accident Plaintiffs were at issue in the proceedings. Therefore, the September 2015 Scheduling Order was ineffective to either compel the appearance of the few plaintiffs who were served or bind those that were not served.

[3] Even to the extent there could be a good faith dispute as to whether the Second Circuit's discussion was limited to Ignition Switch Plaintiffs, this ruling as to the categorical permissibility of independent claims must be adhered to under the mandate rule. Where an appellate court issues a mandate to the lower court, "the lower court must carry out its duty to give the mandate 'full effect' including foreclosing issues that are necessarily implied by a decision "from being considered by the lower court." *In re Coudert Bros. LLP,* 809 F.3d 94, 98-99) (2d Cir. 2015) (internal citations omitted).

09-50026-mg    Doc 14272-5    Filed 04/17/18    Entered 04/17/18 12:27:13    Exhibit E
Pg 4 of 4
Case 1:14-md-02543-JMF   Document 5368   Filed 04/10/18   Page 3 of 3

The Honorable Jesse M. Furman
April 10, 2018
Page 3

09-50026 (Bankr. S.D.N.Y.). Apr. 20, 2017 Hr'g Tr. 40:2-6 ("I don't see language in the footnote [70] that says that the non-ignition switch plaintiffs had a deadline for waging their challenge based on due process to the sale order. It's a statement that they haven't done it.").

Thus, GM can point to no ruling regarding the ability of Non-Ignition Switch Plaintiffs' to establish a due process violation relating to the Sale Order, and any discovery to resolve that question has been deferred.

Respectfully Submitted,

| Steve W. Berman | Elizabeth J. Cabraser | Robert C. Hilliard |
|---|---|---|
| **Hagens Berman Sobol Shapiro LLP** | **Lieff Cabraser Heimann & Bernstein, LLP** | **Hilliard Martinez Gonzales LLP** |
| 1918 Eighth Ave. | 275 Battery Street | 719 S Shoreline Blvd. |
| Suite 3300 | 29th Floor | Suite 500 |
| Seattle, WA  98101 | San Francisco, CA  94111-3339 | Corpus Christi, TX 78401 |
| -and- | -and- | |
| 555 Fifth Avenue | 250 Hudson Street | |
| Suite 1700 | 8th Floor | |
| New York, NY 10017 | New York, NY  10013-1413 | |

1537579.1
62996112 v4