# Exhibit F

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Andrew B. Bloomer, P.C.<br>To Call Writer Directly:<br>(312) 862-2482<br>andrew.bloomer@kirkland.com | 300 North LaSalle<br>Chicago, Illinois 60654<br><br>(312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

April 16, 2018

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

>      Re:    *In re: General Motors LLC Ignition Switch Litigation*, 14-MD-2543

Dear Judge Furman:

      This is New GM's reply to Lead Counsel's April 10, 2018 letter that purports to describe the status of due process litigation in the bankruptcy court and accuses New GM of misstating that record. (Docket No. 5368.) Contrary to plaintiffs' assertion, New GM's April 5, 2018 letter accurately states the status and history of due process litigation as it relates to Non-Ignition Switch Plaintiffs (that are making economic loss or personal injury claims) against New GM. (Docket No. 5341.) New GM has consistently taken the position that Footnote 70 of Judge Gerber's November 2015 Decision[1] precludes Non-Ignition Switch Plaintiffs represented by Lead Counsel and others from seeking to establish a due process violation relating to the 2009 Sale Order because they failed to do so on a timely basis. Since that November 2015 Decision, the Bankruptcy Court has not ruled on the contention that Old GM committed a due process violation relating to the Sale Order.

      Contrary to plaintiffs' straw man argument, New GM does not contend that Non-Ignition Switch Plaintiffs are barred from raising a due process violation due to Judge Gerber's May 2015 Decision.[2] Consistent with Judge Gerber's Footnote 70 of his November 2015 Decision, it is clear that the Bankruptcy Court did not decide Sale Order enforcement issues relating to Non-Ignition Switch Plaintiffs in that May 2015 Decision. Six months later, however, that changed. During that six-month time period, Judge Gerber expected Non-Ignition Switch Plaintiffs to raise the due process issue relating to the 2009 Sale Order if they wanted to pursue it.[3] When they did not

---

[1]    The November 2015 Decision is published at *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015).

[2]    The May 2015 Decision is published at *In re Motors Liquidation Co.*, 531 B.R. 354 (Bankr. S.D.N.Y. 2015).

[3]    *See Motors Liquidation Co.*, 531 B.R. at 360 ("it is time to come to closure on whether there is any basis to excuse the Non-Ignition Switch Plaintiffs from the provisions of the Sale Order and the [Bankruptcy] Court's mootness conclusions"); *see also* 8/31/2015 Bankr. Hr'g Tr. at 80:21-25 (statement at an August 31, 2015 status conference, wherein Judge Gerber discussed the due process issue as it related to Non-Ignition Switch Plaintiffs, noting that

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
April 16, 2018
Page 2

allege—much less seek to prove—a due process violation by November 2015, the Bankruptcy Court ruled that it was too late for them to make that claim in the future. That is why Judge Gerber modified the language from his May 2015 Decision — "has not shown *yet*, if they *ever will*" — and replaced it in his November 2015 Decision with "Non-Ignition Switch Plaintiffs **have not shown** they were victims of a denial of due process." *Motors Liquidation Co.*, 541 B.R. at 131 n. 70 (emphasis added).[4] Judge Gerber emphasized he was ruling on the lack of timeliness in pressing the due process issue when he highlighted in Footnote 70 (i) the importance of "finality" and "predictability," (ii) that prior rulings "must be respected," and (iii) the fact that it was then "more than 6 years after entry of the Sale Order."[5]

      Plaintiffs' reference to the Second Circuit's ruling regarding Independent Claims is beside the point. That holding did not obviate or change Judge Gerber's separate ruling in the November 2015—which was not appealed or considered by the Second Circuit—that Non-Ignition Switch Plaintiffs are barred, on timeliness grounds, from raising due process issues relating to the Sale Order.

      Finally, plaintiffs' complaint regarding "ambiguities" in the September 2015 Scheduling Order is unavailing. Lead Counsel consented to the form of the Scheduling Order before it was submitted to Judge Gerber, fully participated in the proceedings leading to the November 2015 Decision, and failed to appeal the due process issue they are now claiming to have somehow preserved.

---

    "the non-ignition switch plaintiffs' inability or inaction to have yet established a due process violation . . . is, in my view, a big issue."); *Id.* at 81:24-82:2 (Designated Counsel representing Lead Counsel at the August 31, 2015 conference telling Judge Gerber that, to the extent due process remained an issue for Non-Ignition Switch Plaintiffs, "we need to get that issue teed up quickly because to the extent that people, either New GM or us, depending on who loses, needs to appeal that decision, they ought to get started").

[4]    The reference to the May 2015 Decision in Footnote 70 of the November 2015 Decision was background showing the evolution of the Court's ruling on the timeliness/due process issue for Non-Ignition Switch Plaintiffs. Plaintiffs' suggestion that the language of the May 2015 Decision ("have not shown yet, if they ever will") was the actual ruling of the November 2015 Decision is incorrect.

[5]    *Motors Liquidation Co.*, 541 B.R. at 131 n.70.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
April 16, 2018
Page 3

                                              Respectfully submitted,

                                              /s/ Richard C. Godfrey, P.C.
                                              /s/ Andrew B. Bloomer, P.C.

                                              *Counsel for Defendant General Motors LLC*

cc:      MDL Counsel of Record