# Exhibit G

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/12/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH
LITIGATION

*This Document Relates to All Actions*

-------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

**ORDER NO. 148
[AMENDED]**

JESSE M. FURMAN, United States District Judge:

**[Regarding Next Steps For Pre-Sale Personal Injury Claims]**[1]

The Court, having held a Status Conference on March 22, 2018, and pursuant to Order No. 147 (Docket No. 5302), issues this Order to address the claims of personal injury plaintiffs in MDL 2543 alleging a Subject Incident[2] that occurred on or before July 10, 2009 ("pre-Sale" plaintiffs or claims).

**I.  NEXT STEPS FOR ORDER NO 140-PROCESSES FOR PRE-SALE PERSONAL INJURY CASES**

Upon consideration of the discussion on the record on March 22, 2018, and for good cause shown, it is hereby ORDERED that:

**A.  Air Bag Deployment Cases**

By **Friday, April 13, 2018**, General Motors LLC ("New GM") will file on the main MDL docket a list of pre-Sale plaintiffs that it has currently identified as ones it believes should be

---

[1] Order No. 148 (Docket No. 5366), entered on April 10, 2018, included an inadvertent error: "Tuesday, June 10, 2018" should have been "Tuesday, June 12, 2018." In the interest of clarity, the Court issues this Amended Order with the correct date throughout. The Amended Order is otherwise identical to the original Order.

[2] Consistent with the definitions set forth in Order No. 108 (Docket No. 3115), "Subject Incident" is defined herein as the ignition-switch related event involving the "Subject Vehicle" that is the basis for the MDL No. 2543 plaintiff's claims in this matter. "Subject Vehicle" is defined herein as the motor vehicle that serves as the basis for the plaintiff's claims in this matter. "Claimant" as used in this Order is the person who has filed or on whose behalf has been filed a personal injury or wrongful death lawsuit in MDL No. 2543, including lawsuits transferred to MDL No. 2543, and who is alleged to have been injured in a Subject Vehicle during the Subject Incident.

dismissed in light of the Court's December 28, 2017 Opinion and Order. *See In Re General Motors LLC Ignition Switch Litig.*, 2017 WL 6729295, at *1 (S.D.N.Y., Dec. 28, 2017). By **Friday, May 11, 2018**, counsel for plaintiffs included on that list will file <u>on the main MDL docket</u>: (1) a list of the plaintiffs who agree to voluntarily dismiss their claims; (2) a list of plaintiffs as to whom counsel plans to move to withdraw; and (3) a list of the plaintiffs who intend to press their claims, along with the factual bases as to why those plaintiffs believe dismissal is not appropriate. By **Monday, May 21, 2018**, those plaintiffs who agree to dismiss will file voluntary dismissals, and counsel for plaintiffs who intend to withdraw will file motions to withdraw. By **Tuesday, June 12, 2018**, Lead Counsel and New GM will file a joint letter identifying the number of and proposing next steps to address any remaining disputed claims in this category.

      **B.**    **"No Plausibly Pled Defect / Causation" Cases**

By **Friday, April 13, 2018**, New GM will file its motion to dismiss claims that New GM believes should be dismissed for failure to state a claim. By **Friday May 11, 2018**, counsel for plaintiffs included on that list will file <u>on the main MDL docket</u>: (1) a list of the plaintiffs who agree to voluntarily dismiss their claims; (2) a list of plaintiffs as to whom counsel plans to move to withdraw; and (3) a list of the plaintiffs who intend to press their claims (specifically identifying which plaintiffs intend to amend their complaints). By **Monday, May 21, 2018**, those plaintiffs who agree to dismiss will file voluntary dismissals, and counsel for plaintiffs who intend to withdraw will file motions to withdraw. By **Tuesday, June 12, 2018**, Lead Counsel and New GM will file a joint letter identifying the number of and proposing next steps to address any remaining disputed claims in this category, including the proposed timing for any amended complaints.

      **C.**    **Statute of Limitations/Repose Cases**

By **Friday, April 13, 2018**, New GM will file a list of claims that New GM believes are barred by applicable statutes of limitation or applicable statutes of repose. By **Friday, May 11,**

**2018**, counsel for plaintiffs included on that list will file *on the main MDL docket*: (1) a list of the plaintiffs who agree to voluntarily dismiss their claims; (2) a list of plaintiffs as to whom counsel plans to move to withdraw; and (3) a list of the plaintiffs who intend to press their claims, along with the basis as to why those plaintiffs believe their claims are not barred.  By **Monday, May 21, 2018**, those plaintiffs who agree to dismiss will file voluntary dismissals, and counsel for plaintiffs who intend to withdraw will file motions to withdraw.  By **Tuesday, June 12, 2018,** Lead Counsel and New GM will file a joint letter identifying the number of and proposing next steps to address any remaining disputed claims in this category.

      **D.**      **Amended or Supplemental Notices or Motion**

New GM may file amended or supplemental notices identifying additional plaintiffs subject to the categories described in Paragraphs I.A., I.B., or I.C. based on additional information, including but not limited to information and materials received through the procedures described in Section II below.  Any such notices shall state that they are being made subject to this Order and New GM shall include in any such notices (1) the deadline for responding to the notice, which shall not be less than three weeks from the date of the amended or supplemental notice; and (2) the deadline to file voluntary dismissals or withdrawals (if any), which shall not be less than two weeks from the date the plaintiff's response to the amended or supplemental notice is due.

**II.**      <u>**NEXT STEPS FOR FURTHER ANALYSIS OF PRE-SALE CLAIMS**</u>

In addition to the initial notices and motions described above, the Court finds that the disposition of pre-Sale personal injury claims will be facilitated by the implementation of the following procedures.  It hereby ORDERED that:

      1.      The following obligations shall not apply (a) to any plaintiff who, in response to inclusion on New GM's Notices or Motion described in Sections I.A., I.B., or I.C., responds that

3

the plaintiff intends to dismiss their claims or that counsel intends to withdraw;[3] or (b) to any plaintiff not included on New GM's Notice or Motions described in Section I, who, before 90 days from the date of this Order otherwise voluntarily dismisses their claims or from whose case counsel files a motion to withdraw. This exception is without prejudice to any future request, in the case of plaintiffs from whose cases counsel moves to withdraw, by New GM or such plaintiffs to seek production of such documentation at an appropriate time after the Court rules upon motions to withdraw and after any procedures relating to any withdrawal orders have concluded.

2. With respect to each plaintiff in MDL 2543 asserting pre-Sale claims, New GM is hereby ordered to produce within **90 days** of the date of this Order, to the extent available and in New GM's possession as of the date of this Order, the following non-privileged and non-work-product materials:

- CDR/SDM data from Subject Vehicle
- Tech2/MDI from Subject Vehicle
- Customer Complaints relating to the Subject Vehicle (*i.e.*, 1241 or Service Request)
- Vehicle Invoice and Warranty /Repair Records
- Police Reports for Subject Incident (including photos)
- ESIS Photos relating to Subject Vehicle or Subject Incident
- Subject Vehicle or Subject Vehicle Parts

3. Each plaintiff in MDL 2543 asserting pre-Sale claims is hereby ordered to produce the following documentation:

- Driver's License of the Claimant

---

[3] If the motion to withdraw is denied and/or if the claimant files an amended complaint following the withdrawal, these obligations will be reinstated starting from the date of the denial or the filing of an amended complaint.

4

- If plaintiff is not the Claimant, the documentation plaintiff contends establishes his or her legal authority to assert claims on plaintiff's behalf, such as court order appointing plaintiff legal guardian, if such documentation exists.

- Police Report for the Subject Incident.

- All photographs of Subject Vehicle taken at the time of the Subject Incident or thereafter that are known to plaintiff, e.g., photographs taken by family members, insurance adjusters, mechanics. If photographs are known to plaintiff but not obtainable for some reason, plaintiff should identify the photographs and provide a written explanation.

- CDR/SDM and Tech II data from the Subject Vehicle if in the custody, control or possession of plaintiff.

- If Claimant or plaintiff filed an automobile insurance claim in connection with the Subject Incident, the insurance company file for the Subject Incident, including photographs of Subject Vehicle.

- If Claimant or plaintiff know of, or assert that, any repairs or modifications were made to the Subject Vehicle prior to Subject Incident, such as replacement of the ignition switch or airbag, the documentation Claimant or plaintiff contend establish that such a repair or modification occurred.

- The Carfax or Epic VIN report for the Subject Vehicle, if already in the possession, custody or control of plaintiff.

- All medical records from each health care provider who treated the Claimant in connection with injuries that plaintiff alleges were sustained as a result of the Subject Incident, including diagnostic testing results, if any.

- A copy of any results known to plaintiff of drug and/or alcohol testing of Claimant that occurred, if any, relating to the Subject Incident.

- Death Certificate and Autopsy Report for Claimant, if applicable.

- If plaintiff is asserting a claim pertaining to unpaid medical bills, the source documents that plaintiff contends supports his or claim, e.g., medical bills. Plaintiff is not ordered to produce any expert reports at this time.

- If plaintiff is asserting a claim for future medical expenses, the source documents that plaintiff contends supports his or her claim, e.g., tax returns, employer letter, health care provider letter. Plaintiff is not ordered to produce any expert reports at this time.

- If plaintiff is asserting a claim for lost earnings, the source documents that plaintiff contends supports his or her claim for lost earnings, e.g., income tax returns,

5

employer documentation.  Plaintiff is not ordered to produce any expert reports at this time.

If not previously produced to New GM, plaintiffs shall provide New GM with the requested documentation within **ninety (90) days** of the date of this Order.  For any category of documents that do not exist, plaintiff shall provide New GM with written confirmation that no such documents exist.

4. MDL No. 2543 plaintiffs shall produce all documentation to New GM via a secure FTP site that is named, "KPMG MoveIT."  To set up a KPMG MoveIT account, the MDL No. 2543 plaintiff or plaintiff's Counsel shall email deirdre.oreilly@kirkland.com with the contact person for whom the account should be set up.  Instructions will then be sent to that user on how to activate and upload to his/her account.  The user will then upload the documents for a particular Claimant in (1) folders by Claimant name, and then (2) subfolders for each document type.

5. New GM may in its sole discretion choose to waive or modify some or all requirements of this Order as to any MDL No. 2543 plaintiff.  Any such waiver or modification must be set forth in writing to plaintiff.  This Order is entered with the understanding that New GM will act in good faith so as to consent to waivers and modifications of this Order for lawsuits in which settlement discussions are well under way and the documentation has been provided already.  If, following agreement to such a waiver or modification, New GM seeks to reinstitute the requirements of this Order as to a particular MDL No. 2543 plaintiff, New GM may do so and must make the request to plaintiff in writing.  The MDL No. 2543 plaintiff shall have **ninety (90) days** from receipt of New GM's request in which to comply.   Nothing in this Order shall require New GM or any MDL No. 2543 plaintiff to disclose confidential settlement communications.

6. The requirements of Order No. 25, Docket No. 422, remain in full force and effect, including the requirement to submit a completed Short-Form PFS.

6

7.  Any plaintiff who fails to comply with his or her obligations under this Order may be subject to having his or her claims dismissed. For plaintiffs whose claims were pending in MDL 2543 as of **April 5, 2018,** plaintiffs must comply with the terms of Paragraphs 1-3 of this Order within **ninety (90) days.** For plaintiffs whose claims are subsequently transferred and/or consolidated to MDL 2543, plaintiffs must comply with Paragraphs 1-3 of this Order within **ninety (90) days** of his or her claims being transferred to and/or consolidated in MDL 2543.

8.  If a plaintiff has not submitted the information required under Paragraphs 1-3 of this Order within **fourteen (14) days** following the due date set forth in this Order, New GM may serve on plaintiff (if *pro se*) or plaintiff's counsel a Notice of Overdue Discovery identifying the discovery overdue and stating that, unless plaintiff complies with the Court's discovery orders, the case may be subject to dismissal. If plaintiff fails to submit the information required under this Order within **fourteen (14) days** after service of the Notice of Overdue Discovery, New GM may move the Court for an Order dismissing the relevant Complaint without prejudice. Plaintiff shall have **fourteen (14) days** from the date of New GM's motion to file a response either (a) certifying that the plaintiff has submitted the information required under Order No. 108 or (b) opposing New GM's motion for other reasons. If a plaintiff certifies that he or she has submitted the information required under this Order, the plaintiff's claims shall not be dismissed (unless the Court finds that the certification is false or incorrect). If any plaintiff files a response to a motion to dismiss his or her claims without prejudice pursuant to the terms of this Order, New GM shall file a reply, no later than **seven (7) days** following the deadline for objections to New GM's motion, indicating which plaintiffs' claims (if any) it still moves to dismiss.

9.  If the Court dismisses a Complaint without prejudice under the previous paragraph, the Order will be converted to a Dismissal With Prejudice upon New GM's motion — to be filed

no earlier than **thirty (30) days** after the Court's entry of the Order of Dismissal without Prejudice — unless a plaintiff submits the information required under this Order or moves to vacate the dismissal without prejudice within that same time period.

10. If any plaintiff files a motion to vacate the dismissal of his or her claims, New GM shall file a consolidated opposition to any motions arising out of the same dismissal without prejudice **two weeks** after those plaintiffs' deadline for submitting such motions (thirty days after the Court granted the motion to dismiss). Each plaintiff's reply, if any, shall be due **one week** thereafter. If the Court denies any plaintiff's motion, New GM may move for dismissal with prejudice at any point thereafter.

11. If New GM files a motion to dismiss with prejudice, any opposition shall be filed **two weeks** after the motion's filing. New GM's reply, if any, shall be filed **one week** thereafter.

12. Counsel is advised to file all documents related to motions to dismiss pursuant to Order Nos. 25 and 45 in 14-MD-2543 and to "spread" the filings to any relevant individual member case or cases.

SO ORDERED.

Dated: April 10, 2018 (nunc pro tunc)
New York, New York

JESSE M. FURMAN
United States District Judge

8