# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Arthur Steinberg
Direct Dial: 212-556-2158
asteinberg@kslaw.com

April 20, 2018

**VIA E-MAIL TRANSMISSION**
**AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York  10004

      Re:    In re Motors Liquidation Company, *et al.*
                Case No. 09-50026 (MG)

                **Remaining Issues With Respect to the Moore Amended Complaint**

Dear Judge Glenn:

      On March 29, 2018, this Court held a hearing ("**Hearing**") wherein, among other things, it agreed with New GM that the Moore Amended Complaint contains certain inappropriate allegations and insufficiently pled independent claims.  Counsel for New GM and the Moore Plaintiffs advised the Court that they would try and work out, or at least narrow the dispute, with respect to these issues.

      After multiple conversations between the parties, counsel for New GM and the Moore Plaintiffs failed to reach a complete agreement on a revised version of the Moore Amended Complaint.  New GM provided the Moore Plaintiffs with a marked-up version of the Moore Amended Complaint, showing how it believed the Moore Amended Complaint needed to be revised to comply with the Sale Order.[1]  The Moore Plaintiffs responded with their version of the revised Complaint accepting some, but not all, of the suggestions made by New GM.  Attached

---

[1] By marking up the Moore Amended Complaint, New GM (i) does not acknowledge or admit the accuracy of any allegation contained in the Moore Amended Complaint, (ii) does not admit that it is liable to the Moore Plaintiffs on any claim contained in the Moore Amended Complaint, and (iii) expressly reserves all of its rights to dispute all aspects of the Moore Amended Complaint.

Honorable Martin Glenn
April 20, 2018
Page 2

hereto as **Exhibit "A"** is a further revised Moore Amended Complaint, redlined to show the remaining disputes between the parties. The parties did not markup Counts III through VII of the Moore Amended Complaint because those counts are Retained Liabilities of Old GM and, as New GM urges in its Motion to Enforce, should be stricken in their entirety.

The basis for New GM's dispute with respect to the redlined allegations is as follows:

(a) Many of the allegations that the Moore Plaintiffs want included in the revised Complaint go to successor liability (*see* ¶¶ 1, 5, 42, 42(e), 47, 69, and 71), which are inappropriate in light of this Court's previous rulings.[2] In short: (i) Old GM is not the predecessor to New GM (¶ 1); (ii) New GM is not the successor to Old GM (¶ 5); (iii) New GM did not operate as a "continuing enterprise" of Old GM (¶ 42); (iv) Old GM did not become New GM (¶ 42(e)); (v) New GM was not a "mere continuation" of Old GM (¶ 47); and (vi) New GM is not liable for succession liability (¶¶ 69, 71).

(b) The added language in paragraph 77 is inappropriate because Count II relates to Old GM conduct, and it is not appropriate to ask for an injunction against New GM for Old GM conduct. The Moore Plaintiffs asked for an injunction against New GM conduct in ¶ 114, which New GM has not sought to strike as being contrary to prior Bankruptcy Court rulings relating to improperly pled allegations.

(c) The additional language in paragraphs 119, 121 and 122 are improper allegations for an alleged independent claim because (i) it relies on wholesale imputation without stating the specific basis therefore (¶ 119),[3] or (b) the statements and representations referred to were, according to the further revised Complaint, made by Old GM, which cannot form the basis of an Independent Claim.[4]

The parties are filing simultaneous briefs today on the issue raised by the Court at the Hearing as to "whether Michigan common law claims for damages for personal injury or property damage from environmental contamination are among the assumed liabilities."[5]

---

[2] *See* December 2015 Judgment, ¶ 16 ("Allegations that speak of New GM as the successor of Old GM (e.g. allegations that refer to New GM as the 'successor of,' a 'mere continuation of,' or a 'de facto successor of' of Old GM) are proscribed by the Sale Order, April Decision and June Judgment . . .").

[3] *See In re Motors Liquidation Co.*, 576 B.R. 313, 323 (Bankr. S.D.N.Y. 2017) ("complaint cannot pass the bankruptcy gate because . . . it fails to identify specific conduct of New GM upon which the purportedly Independent Claims are based"); *In re Motors Liquidation Co.*, 568 B.R. 217, 231 (Bankr. S.D.N.Y. 2017) ("It is not acceptable, as the Pitterman Complaint does in several paragraphs, to base allegations on generalized knowledge of both Old GM and New GM. To pass the bankruptcy gate, a complaint must clearly allege that its causes of action are based solely on New GM's post-closing wrongful conduct.").

[4] *See In re Matter of Motors Liquidation Co*., 829 F.3d 135, 157 (2d Cir. 2016) ("independent claims are claims based on New GM's own post-closing wrongful conduct. . . . These sorts of claims are based on New GM's *post*-petition conduct, and are not claims that are based on a right to payment that arose before the filing of petition or that are based on pre-petition conduct." (emphasis in original)).

[5] March 29, 2018 Hr'g Tr., at 81:23-25.

DMSLIBRARY01\21600\230002\32097408.v1-4/20/18

Honorable Martin Glenn
April 20, 2018
Page 3

    Unless the Court has further questions or concerns, after today's submissions, the Moore Motion to Enforce will have been fully submitted for the Court's adjudication.

                                         Respectfully submitted,

                                         */s/ Arthur Steinberg*

                                         Arthur Steinberg

AS/sd
Encl.