# **EXHIBIT D**

**United States Bankruptcy Court for the Southern District of New York**

NOTICE OF PROPOSED SETTLEMENT

> **Current and former owners and lessees of certain General Motors vehicles may have their rights affected by a settlement, including the release of claims, but may eventually be entitled to a payment from the settlement.**

*The Bankruptcy Court authorized this Notice. This is not a solicitation from a lawyer.*

**If you are an Affected Person (as defined below), your legal rights may be affected whether you act or do not act.**

**Please Read this Notice Carefully**

This Notice provides information about a proposed settlement (the "Settlement") regarding claims in the bankruptcy cases titled *In re Motors Liquidation Company, et al., f/k/a General Motors Corp.*, Bankr. No. 09-50026, pending before Judge Martin Glenn of the United States Bankruptcy Court for the Southern District of New York (the "Old GM Bankruptcy Case") against the Motors Liquidation Company General Unsecured Creditors Trust (the "GUC Trust") by owners and lessees of General Motors Corporation ("Old GM") vehicles. The claims that are proposed to be settled are that consumers overpaid when they bought or leased cars before July 10, 2009 that had undisclosed defects relating to the cars' ignition switches, side airbags, or power steering. These cars were the subject of certain National Highway Traffic Safety Administration ("NHTSA") recalls listed below. The claims also include allegations that consumers suffered personal injury or wrongful death as a result of an accident that occurred prior to July 10, 2009 involving vehicles that were later subject to the recalls listed below. A motion (the "Settlement Motion") seeking entry of an order approving the Settlement has been filed in the Bankruptcy Court, along with the Settlement Agreement, and can be found at the case website at **www._____.com** (the "Settlement Website").

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **The Settlement Agreement** | • If you are an Affected Person (defined below) you can write to the Court about why you do not like the Settlement.<br>• More information about how to object can be found in paragraph 8 and at the Settlement Website at **www._____.com**.<br>• The Court will hold a hearing on _____ __, **2018** at _____ to determine whether to approve the Settlement Agreement. Please note that the date and time of the hearing are subject to change without further notice other than an announcement on the Settlement Website. |

QUESTIONS? VISIT WWW._____.COM

| | |
|---|---|
| **Distributions** | • The Settlement provides Affected Persons with the exclusive benefit of the Settlement Fund (defined below).  Being defined as an Affected Person does not assure that you will receive a distribution from the Settlement Amount (as defined below), the Adjustment Shares (as defined below) or their value, or any other consideration contained in the Settlement Fund.  Procedures for the administration and allocation of the Settlement Fund to Affected Persons, including criteria for Affected Persons to assert a claim against the Settlement Fund and the allocation methodology, will be established in the future, subject to notice and an opportunity for Affected Persons to object. |

## WHAT THIS NOTICE CONTAINS

{INSERT TOC}

## BASIC INFORMATION

1. **What is this Notice and why should I read it?**

This Notice is to inform you of the proposed Settlement regarding claims in the Old GM Bankruptcy Case.  The Bankruptcy Court has scheduled a hearing on the Settlement Motion on _____ __, 2018 at __:__ a.m./p.m. in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, Courtroom 523.  Please note that the date of the hearing may be changed without notice, other than an announcement on the Settlement Website.  Affected Persons are encouraged to visit www._____.com for future updates.

This Notice explains the terms of the Settlement and your legal rights.

2. **What is the Settlement about?**

The deadline to file claims in the Old GM Bankruptcy Case was November 30, 2009.  On December 22, 2016, Ignition Switch Plaintiffs[1] and certain Non-Ignition Switch Plaintiffs[2] sought leave to file late proposed class claims against the GUC Trust seeking relief for alleged economic losses related to Old GM's alleged concealment of serious safety defects in ignition switches, side airbags, and power steering.  Certain Pre-Closing Accident Plaintiffs[3] have likewise sought leave to file late personal injury and wrongful death claims against the GUC Trust related to Old GM vehicles with serious safety defects in ignition switches.  These Plaintiffs have argued to the Bankruptcy Court that they should be permitted to file their late

---

[1] The term "Ignition Switch Plaintiffs" shall mean those plaintiffs asserting economic loss claims who, prior to July 10, 2009, owned or leased a vehicle with an ignition switch defect included in Recall No. 14V-047.

[2] The term "Non-Ignition Switch Plaintiffs" shall mean those plaintiffs asserting economic loss claims who, prior to July 10, 2009, owned or leased a vehicle with defects in ignition switches, side airbags or power steering included in Recall Nos. 14V-355, 14V-394, 14V-400, 14V-118 and 14V-153.

[3] The term "Pre-Closing Accident Plaintiffs" shall mean those plaintiffs asserting personal injury or wrongful death claims based on or arising from an accident that occurred prior to July 10, 2009 involving an Old GM vehicle that was later subject to the Recalls.  The Ignition Switch Plaintiffs, Non-Ignition Switch Plaintiffs, and Pre-Closing Accident Plaintiffs are referred to collectively as the "Plaintiffs."

QUESTIONS?  VISIT WWW._____.COM

claims because Old GM knew that their cars had defects and failed to provide them with adequate notice of the deadline to file claims. The GUC Trust has argued in response that the Plaintiffs' late claims should not be allowed because they waited too long after learning of the defects to seek to assert claims against the GUC Trust. The GUC Trust also takes the position that even if the claims may be asserted, they are not valid.

The proposed class representatives for a putative class of Ignition Switch Plaintiffs, the proposed class representatives for a putative class of certain Non-Ignition Switch Plaintiffs, certain Pre-Closing Accident Plaintiffs (collectively, the "Signatory Plaintiffs"), and the GUC Trust (together with the Signatory Plaintiffs, the "Parties") negotiated the Settlement Agreement to resolve these and related disputes, and, should the estimation portion of the Settlement Agreement be approved by the Bankruptcy Court, to provide a fund to partially compensate for the Plaintiffs' claims.

The Settlement avoids the risk and cost of a trial, and may provide relief to Affected Persons. The Signatory Plaintiffs and their attorneys think that the Settlement is in the best interests of Affected Persons and that it is fair, adequate, and reasonable.

## WHO IS INCLUDED IN THE SETTLEMENT?

To see if you are affected by the proposed Settlement, you first have to determine if you are an Affected Person.

3. **How do I know if I am part of the Settlement? What is the definition of Affected Person?**

   If you fall under one of the categories below, you are an Affected Person whose claims against Old GM, the GUC Trust, the GUC Trust's current and previously distributed assets and certain other parties will be waived and released if the Settlement is approved (and in exchange you will be entitled to assert your claims against any Settlement Fund that may ultimately be established).

   A. All persons in the United States who, prior to July 10, 2009, bought or leased a vehicle manufactured by Old GM included in the following recalls:

   **(1)** Delta Ignition Switch Vehicles included in Recall No. 14v047: 2005-2010 Chevy Cobalt, 2006-2011 Chevy HHR, 2007-2010 Pontiac G5, 2007-2010 Saturn Sky, 2003-2007 Saturn ION, and 2006-2010 Pontiac Solstice;

   **(2)** Low Torque Ignition Switch Vehicles, which are included in Recall Nos. 14v355, 14v394, and 14v400: 2005-2009 Buick Lacrosse, 2006-2014 Chevrolet Impala, 2000-2005 Cadillac Deville, 2006-2011 Cadillac DTS, 2006-2011 Buick Lucerne, and 2006-2008 Chevrolet Monte Carlo; 2003-2014 Cadillac CTS and the 2004-2006 Cadillac SRX; and 1997-2005 Chevrolet Malibu, 2000-2005 Chevrolet Impala, 2000-2005 Chevrolet Monte Carlo, 2000-2005 Pontiac Grand Am, 2004-2008 Pontiac Grand Prix, 1998-2002 Oldsmobile Intrigue, and 1999-2004 Oldsmobile Alero;

    **(3)** Side Airbag Defect Vehicles included in Recall No. 14v118: 2008-2013 Buick Enclave, 2009-2013 Chevrolet Traverse, 2008-2013 GMC Acadia, and 2008-2010 Saturn Outlook; and

    **(4)** Power Steering Defect Vehicles included in Recall No. 14v153: 2004-2006 and 2008-2009 Chevrolet Malibu, 2004-2006 Chevrolet Malibu Maxx, 2009-2010 Chevrolet HHR, 2010 Chevrolet Cobalt, 2005-2006 and 2008-2009 Pontiac G6, 2004-2007 Saturn Ion, and 2008-2009 Saturn Aura.

B. All persons who have suffered personal injury or wrongful death as the result of an accident that occurred prior to July 10, 2009 involving an Old GM vehicle listed in Recall Nos. 14v047, 14v355, 14v394, 14v400, or 14v540 (vehicles included in 14v540: 2008-2009 Pontiac G8) and is not the subject of a claim that has been previously resolved, paid, dismissed or otherwise released.

## THE TERMS OF THE SETTLEMENT AGREEMENT

**4. What would happen to my claim under the Settlement?**

Under the Settlement, each Affected Person will be deemed to have waived and released (the "Waiver") any claims that the Affected Person might otherwise directly or indirectly assert against the GUC Trust, the trust administrator of the GUC Trust, the current and previously-distributed assets of the GUC Trust, the Motors Liquidation Company Avoidance Action Trust, the holders of beneficial units in the GUC Trust and certain other related parties (the "Released Parties"). Importantly, the Released Parties do **NOT** include General Motors LLC ("New GM").

If approved by the Bankruptcy Court, the Settlement will prohibit you from suing or being part of any other lawsuit or claim against the Released Parties that relate to the recalls. This means that: (a) if you have an existing lawsuit against Old GM or the Released Parties that includes the same claims that this Settlement resolves, your lawsuit will end; (b) you release and forfeit any right to prior or future distributions of the GUC Trust assets and Avoidance Action Trust assets, other than those distributions provided for in the Settlement; and (c) you cannot bring a new lawsuit against Old GM or the Released Parties with respect to any of these issues in any forum. The specifics of the Waiver are set out in more detail in the proposed order approving the Settlement, which is posted at **www.        .com**. The order describes the Waiver in specific legal terminology. You should talk to your own lawyer if you have questions about the Waiver or what it means.

Nothing in the Settlement Agreement is intended to waive any claims against New GM or to be an election of remedies against New GM; nor is the Settlement Agreement or any payments made in connection therewith intended to represent full satisfaction of any claims against Old GM, unless and until such claims are in fact paid in full from every available source; provided, however, that in no event shall any Affected Person be permitted to seek any further payment or compensation from the GUC Trust in respect of their claims or otherwise, other than the Settlement Amount (as defined below) and the Adjustment Shares (as defined below), if any. Except as mandated otherwise under applicable law, nothing in the Settlement Agreement shall waive any claims that any Affected Person may have against New GM or constitute an election of remedies by any Affected Person.

5. **What will I receive if the Bankruptcy Court Approves the Settlement?**

    The Settlement allows Affected Persons to assert claims against a Settlement Fund. The Settlement Fund will consist of the Settlement Amount (as defined below) (to the extent that any proceeds remain after administration), and may include some or all of the Adjustment Shares (as defined below) (or their value), as detailed below (the "Settlement Fund"). **Being defined as an Affected Person does not assure that you will receive any distribution from the Settlement Amount, the Adjustment Shares (or their value), or any other consideration contained in the Settlement Fund.** Eligibility and criteria for payment will be approved by a court of competent jurisdiction at a later date and will be subject to notice on the Settlement Website and an opportunity to object.

    Neither the Settlement Amount nor the Adjustment Shares (nor any distribution thereof to any Affected Person) shall represent full and final satisfaction of any claim that any Affected Person may have against New GM, all of which claims are expressly reserved.

    A. **The Settlement Amount**

    In exchange for the Waiver, the GUC Trust will pay $15,000,000 (the "Settlement Amount") to the Settlement Fund, subject to the proposed order approving the Settlement becoming a final order (unless the GUC Trust waives the final order requirement).

    B. **The Adjustment Shares**

    The Amended Master Sale and Purchase Agreement pursuant to which New GM purchased substantially all of the assets of Old GM provides that if the Bankruptcy Court issues an order ("Claims Estimate Order") finding that the estimated aggregate allowed general unsecured claims against the Old GM estate exceeds $35 billion, then New GM must issue additional shares of New GM common stock (the "Adjustment Shares"). If the estimate reaches or exceeds $42 billion, New GM must issue the maximum amount of Adjustment Shares (30 million shares).

    As part of the Settlement Agreement, the GUC Trust, following a review of evidence and expert reports provided by the Signatory Plaintiffs and New GM, agreed to seek entry of a Claims Estimate Order: (i) that estimates the aggregate allowed General Unsecured Claims of certain Affected Persons' claims against Old GM and/or the GUC Trust in an amount that, as of the date of the Claims Estimate Order, could equal or exceed $10 billion, thus triggering the issuance of the maximum amount of Adjustment Shares (30 million shares); and (ii) directing that the Adjustment Shares, or the value of the Adjustment Shares, be promptly delivered to the Settlement Fund by New GM. The Parties have sought entry of the Claims Estimate Order as

part of the Settlement Motion. If the Claims Estimate Order is entered in an amount between $3 billion and $10 billion, New GM will be required to issue shares of New GM common stock in an amount pursuant to a formula but less than 30 million. The current value of 30 million shares of New GM common stock is approximately $[1.14] billion.

**THERE IS NO GUARANTEE THAT THE COURT WILL DETERMINE THAT ANY ADJUSTMENT SHARES, LET ALONE THE MAXIMUM AMOUNT OF ADJUSTMENT SHARES, MUST BE DELIVERED. IN THE EVENT THE COURT DETERMINES THAT NO ADJUSTMENT SHARES ARE TO BE DELIVERED, YOU WILL, NEVERTHELESS, BE BOUND TO THE WAIVER. BEING DEFINED AS AN AFFECTED PERSON DOES NOT ASSURE THAT YOU WILL RECEIVE ANY DISTRIBUTION FROM THE SETTLEMENT AMOUNT, THE ADJUSTMENT SHARES (OR THEIR VALUE), OR ANY OTHER CONSIDERATION CONTAINED IN THE SETTLEMENT FUND. ELIGIBILITY AND CRITERIA FOR PAYMENT WILL BE APPROVED BY A COURT OF COMPETENT JURISDICTION AT A LATER DATE AND WILL BE SUBJECT TO NOTICE ON THE SETTLEMENT WEBSITE AND AN OPPORTUNITY TO OBJECT.**

**C.  How will the Settlement Fund be allocated and distributed?**

The Settlement Fund is for the exclusive benefit of Affected Persons. The proposed allocation of the value of the Settlement Fund between the economic-loss claims and the personal injury/wrongful death claims will be done by the lawyers for the Signatory Plaintiffs with the assistance of a court-appointed mediator. Thereafter, the economic loss lawyer lead counsel and the personal injury lawyer lead counsel will propose the specifics for distribution within each pool, including the criteria for determining eligibility for payment. Any agreement on the allocation process and the distribution procedure will be described at www._____.com when determined and Affected Persons will be provided with an opportunity to object.

## LEGAL REPRESENTATION

**6.  Do I have a lawyer in this case?**

The counsel to the Signatory Plaintiffs, listed below, negotiated the Settlement Agreement and jointly filed the Settlement Motion. You will not be charged for services performed by this counsel in negotiating the Settlement Agreement. If you want to be represented by your own lawyer, you may hire one at your own expense, but you do not need to have a lawyer to participate in the Settlement or exercise any of your options with respect to the Settlement.

If you want to contact the counsel for the Signatory Plaintiffs, they can be reached by sending an email to **info@_____.com** or as follows:

| | |
|---|---|
| Steve W. Berman<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>steve@hbsslaw.com | Robert C. Hilliard<br>HILLIARD MARTINEZ GONZALES LLP<br>719 S Shoreline Blvd., # 500<br>Corpus Christi, TX 78401<br>Telephone: (361) 882-1612<br>bobh@hmglawfirm.com |

QUESTIONS?  VISIT WWW._____.COM

| | |
|---|---|
| Elizabeth J. Cabraser<br>LIEFF CABRASER HEIMANN & BERNSTEIN<br>275 Battery Street, 29th Floor<br>San Francisco, California 94111<br>Telephone: (414) 956-1000<br>ecabraser@lchb.com<br><br>Co-Lead Counsel for the Economic Loss Plaintiffs in the MDL Court<br><br>Edward S. Weisfelner<br>BROWN RUDNICK LLP<br>Seven Times Square<br>New York, New York 10036<br>Tel: 212-209-4800<br>eweisfelner@brownrudnick.com<br><br>Sander L. Esserman<br>STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.<br>2323 Bryan Street, Ste 2200<br>Dallas, Texas 75201<br>Tel: 214-969-4900<br>esserman@sbep-law.com<br><br>Designated Counsel for the Economic Loss Plaintiffs in the Bankruptcy Court | Counsel for Certain Pre-Closing Accident Plaintiffs<br><br>Thomas J. Henry, Esq.<br>THE LAW OFFICES OF THOMAS J. HENRY<br>4715 Fredricksburg, Suite 507<br>San Antonio, TX 78229<br><br>Counsel for Certain Pre-Closing Accident Plaintiffs<br><br>William P. Weintraub<br>GOODWIN PROCTER LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018<br>Tel: 212-813-8800<br>wweintraub@goodwinlaw.com<br><br>Counsel to Those Certain Pre-Closing Accident Plaintiffs Represented By Hilliard Martinez Gonzales L.L.P. and the Law Offices of Thomas J. Henry<br><br>Lisa M. Norman<br>ANDREWS MYERS<br>1885 Saint James Place, 15th Floor<br>Houston, TX 77056<br><br>Counsel for Certain Pre-Closing Accident Plaintiffs |

7. **How will the lawyers be paid?**

Procedures for the payment of attorneys' fees for counsel to the Signatory Plaintiffs from the Settlement Fund will be established, subject to notice and an opportunity for Affected Persons to object.

**OBJECTING TO THE SETTLEMENT**

8. **How do I tell the Court I do not like the Settlement?**

If you are an Affected Person, you can object to the proposed Settlement if you don't like it. You can give reasons why you think the Court should not approve any or all of these items, and the Court will consider your views.

QUESTIONS?  VISIT WWW._____.COM

To object, you must file your objection with the Court. To be timely, your objection must be filed with the Court by no later than _____, 2018 at 4:00 p.m. (Eastern Time) at the following addresses:

| **The Court** | The Honorable Martin Glenn |
| --- | --- |
| | United States Bankruptcy Court for the Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408<br>Courtroom: 523 |

**NOTE:** You may mail your objection to the Court, but it must be received by the Court and filed by _____, **2018, at 4:00 p.m. (Eastern Time)**. See **www._____.com** for more information on how to object to the Settlement.

### THE COURT'S APPROVAL HEARING

9. **When and where will the Court decide whether to approve the Settlement?**

   The Court will hold a hearing to decide whether to approve the proposed Settlement. The hearing will be on _____, \_\_, 2018, at \_\_:\_\_ \_.m. before The Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, Courtroom 523. Please note that the date of the hearing may be changed without notice other than an announcement on the Settlement Website. Affected Persons are encouraged to visit **www._____.com** for future updates.

   At the hearing, the Court will consider whether the proposed Settlement and all of its terms falls within the range of reasonableness required for approval of the Settlement. If there are objections, the Court will consider them. The Court may listen to people who have asked for permission to speak at the hearing and have complied with the other requirements for objections explained in the prior Section.

   At or after the hearing, the Court will decide whether to approve the proposed Settlement. There may be appeals after that. There is no set timeline for either the Court's final approval decision, or for any appeals that may be brought from that decision, so it is impossible to know exactly when and if the Settlement will become final.

   The Court may change deadlines listed in this Notice without further notice. To keep up on any changes in the deadlines, please visit **www._____.com**.

10. **Do I have to go to the hearing?**

    No. Counsel to the Signatory Plaintiffs will appear at the hearing in support of the Settlement and will answer any questions asked by the Court.

    If you send an objection, you don't have to come to Court to talk about it, but you may choose to do so. So long as you filed your written objection on time and complied with the other requirements for a proper objection, the Court will consider it. You may also pay another lawyer to attend or attend yourself, but it's not required.

QUESTIONS? VISIT WWW._____.COM

**11. May I speak at the hearing?**

Yes. If you submitted a proper written objection to the Settlement, you or your lawyer may, at your own expense, come to the hearing and speak.

**12. What will happen if I do not object to the Settlement and it is approved?**

If you do not object to the Settlement and it is approved by the Bankruptcy Court, you will be bound by the Waiver unless the order approving the Settlement is reversed on appeal.

## GETTING MORE INFORMATION

**13. How do I get more information about the Settlement?**

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement and proposed order approving the Settlement, available at **www._____.com**.

| YOU MAY OBTAIN ADDITIONAL INFORMATION BY | |
| --- | --- |
| **VISITING THE SETTLEMENT WEBSITE** | Please go to **www._____.com**, where you will find answers to common questions and other detailed information to help you. |
| **REVIEWING LEGAL DOCUMENTS** | You can review the legal documents that have been filed with the Clerk of Court in these cases at: United States Bankruptcy Court for the Southern District of New York<br><br>One Bowling Green<br><br>New York, NY 10004-1408.<br><br>You can access the Court dockets in these cases through the court documents and claims register website at http://www.motorsliquidationdocket.com/ or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.nysb.uscourts.gov. |

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK TO ASK QUESTIONS ABOUT THE LAWSUITS, THE SETTLEMENT, THE ORDER OR THIS NOTICE.**

QUESTIONS? VISIT WWW._____.COM