# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | ) | Bankruptcy Case No.: 09-50026 (MG) |
| f/k/a General Motors Corporation, *et al.*, | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**ORDER APPROVING (I) THE GUC TRUST ADMINISTRATOR'S ACTIONS AND (II) THE SETTLEMENT AGREEMENT BY AND AMONG THE GUC TRUST AND THE SIGNATORY PLAINTIFFS PURSUANT TO SECTIONS 105, 363 AND 1142 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3002 AND 9019 AND (III) AUTHORIZING THE REALLOCATION OF GUC TRUST ASSETS**

Upon the *Motion Pursuant to Bankruptcy Code Sections 105, 363, and 1142 and Bankruptcy Rules 3002 and 9019 to Approve (i) the GUC Trust Administrator's Actions and (ii) the Settlement Agreement By and Among the Signatory Plaintiffs and the GUC Trust and to (iii) Authorize the Reallocation of GUC Trust Assets* filed on May 3, 2018 [ECF No. _____] (the "**Motion**") seeking entry of, *inter alia*, an order approving (i) the GUC Trust Administrator's[1] actions as set forth in the settlement agreement and (ii) the settlement agreement attached to the Motion as Exhibit 1 (the "**Settlement Agreement**") and (iii) authorizing the reallocation of GUC Trust Assets; and the Bankruptcy Court having considered the Motion; and a hearing on the Motion having been held before this Court on _____, 2018 (the "**Hearing**") to consider the relief requested in the Motion; and the Bankruptcy Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Plan; and the Bankruptcy Court having considered the statements of counsel on the record of the Hearing and the filings of the parties in connection with the Motion; and it appearing that this is a core

---

[1] All capitalized terms used but not defined herein shall have the meanings given to them in the Settlement Agreement dated April 25, 2018, by and between the GUC Trust and Signatory Plaintiffs.

1

92488043.5

proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the Hearing; and it appearing that proper and adequate notice of the Motion has been given in accordance with the *Order: (1) Granting Authority to Reallocate and Use Distributable Cash for Notice Procedures, (2) Approving Notice Procedures with Respect to Proposed Settlement and (3) Directing The Production Of Information Held By General Motors LLC Pursuant To Federal Rule Of Bankruptcy Procedure 2004 And Bankruptcy Code Section 105(a)* [ECF No. _____] (the "**Notice Order**") and that no other or further notice is necessary; and after due deliberation and sufficient cause appearing therefor,

**THE BANKRUPTCY COURT HEREBY FINDS AND DETERMINES THAT:**[2]

    A.    This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

    B.    The statutory predicates for the relief requested in the Motion are Sections 105, 363, and 1142 of the Bankruptcy Code and Bankruptcy Rules 3002 and 9019.

    C.    The Bankruptcy Court takes judicial notice of the docket of the Bankruptcy Cases maintained by the Clerk of the Bankruptcy Court or its duly appointed agent, including, but not limited to, all pleadings and other documents filed, all orders entered and all evidence and arguments made, proffered, adduced and/or presented at the various hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases as they related to the Sale, Bar Date, Plan, or Recalls.

    D.    As evidenced by the affidavits of service filed with this Court, and in accordance with the Notice Order, notice has been given and a reasonable opportunity to object or be heard

---

[2] The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

92488043.5

with respect to the Motion and the relief requested therein has been afforded to (i) all persons in the United States who, prior to July 10, 2009, owned or leased a vehicle manufactured by Old GM included in the Recalls; (ii) all Pre-Closing Accident Plaintiffs who have filed a lawsuit against New GM as of the date of the Settlement Agreement; (iii) all Plaintiffs who have filed or joined a motion for authority to file late claims against the GUC Trust; (iv) holders of units of beneficial interest in the GUC Trust; (v) the defendants to the Term Loan Avoidance Action; and (vi) the parties in interest in accordance with the *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rules 1015(c) and 9007 Establishing Notice and Case Management Procedures*, dated May 5, 2011 [ECF No. 10183]. Additional publication notice of the Motion has been given by the GUC Trust as set forth in the Notice Order. The notice was good, sufficient and appropriate in light of the circumstances and the nature of the relief requested, and no other or further notice is or shall be required.

E.     The GUC Trust has demonstrated good, sufficient and sound business purposes, causes and justifications for the relief requested in the Motion and the approval of the Settlement Agreement and the transactions contemplated thereby.

F.     The GUC Trust has demonstrated that the relief requested in the Motion is necessary for the prompt and efficient administration of the Old GM Bankruptcy Case and is in the best interests of the GUC Trust, its beneficiaries and other parties-in-interest.

G.     The Settlement Agreement was negotiated and entered into by and among the Parties in good faith and from arm's-length bargaining positions.

H.     The GUC Trust has demonstrated that continued litigation of the matters resolved by the Settlement Agreement would be complex, costly and delay the closing of the Old GM Bankruptcy Case and the distribution of GUC Trust Assets in accordance with the Plan.

3

92488043.5

I.      The Settlement Agreement resolves multiple disputes, claims and issues to which the Parties are involved in varying degrees, and in related but not necessarily identical ways, such that each Party's overall obligations to one or more other Parties constitutes good and sufficient consideration for the overall benefits each Party is to receive from one or more of the other Parties.

J.      The settlements, compromises, releases and transfers contemplated in the Settlement Agreement are fair, reasonable and given in exchange for valuable and reasonably equivalent consideration.

K.      The GUC Trust's entry into the Settlement Agreement, including the compromises and releases embodied therein, is a prudent and reasonable exercise of business judgment that is in the best interests of the GUC Trust and its beneficiaries.

L.      The Settlement Agreement represents a multi-party resolution of a number of complex factual and legal issues, and the releases and acknowledgments contained therein and herein, and the injunction and findings provided by this Order, are a necessary element of the consideration received by the Parties, and a condition to the effectiveness of the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The relief requested by the Motion is GRANTED and the Settlement Agreement and each of its terms are approved in their entirety as set forth herein.

2.      The actions to be taken by the GUC Trust Administrator pursuant to the terms of the Settlement Agreement, including (i) the filing of an estimation motion seeking an estimate of Recall claims that could exceed $10 billion and (ii) the reallocation of $15 million of Distributable Assets are hereby approved pursuant to Sections 8.01(e) and 6.1 of the GUC Trust Agreement.

92488043.5

3.  The GUC Trust Administrator is authorized to perform all of its obligations pursuant to the terms of the Settlement Agreement, and to take any and all actions necessary or appropriate to effectuate the Settlement Agreement and to enforce its terms.

4.  Any and all objections to the Motion that have not been withdrawn, resolved, waived or settled are overruled on the merits.

5.  In accordance with Paragraph 3.1 of the Settlement Agreement, the Settlement shall be effective and binding on all persons upon the Settlement Effective Date, including, but not limited to, all Plaintiffs, any past or present holder of units of beneficial interests in the GUC Trust, any past or present holder of an Allowed General Unsecured Claim, and all defendants in the Term Loan Avoidance Action.

6.  On or before the date that is five (5) business days following the Settlement Effective Date (the "**Cash Distribution Date**"), in full settlement of the Parties' disputes as contemplated in the Settlement Agreement, and in contemplation of, among other things, the releases and waivers set forth in Paragraph 2.4 of the Settlement Agreement and Paragraph 6 hereof, the GUC Trust is hereby directed to pay the total sum of fifteen million U.S. Dollars (USD $15,000,000) to an account established and designated by the Signatory Plaintiffs; provided that, in the event that Signatory Plaintiffs have not established and designated such Settlement Fund within two (2) business days following the Settlement Effective Date, the GUC Trust shall place the Settlement Amount into a third party escrow account established by the GUC Trust.

7.  Upon the occurrence of the Settlement Effective Date, all Plaintiffs, for themselves, and on behalf of their respective agents, employees, officers, directors, shareholders, successors, assigns, assignors, predecessors, members, beneficiaries, representatives (in their

capacity as such) and any subsidiary or affiliate thereof, (the "**Releasing Parties**"), shall be deemed to completely, unconditionally and irrevocably release, waive (including a waiver under California Civil Code Section 1542) and forever waiver, discharge and release the GUC Trust, the GUC Trust Administrator, the GUC Trust Monitor, the Motors Liquidation Company Avoidance Action Trust, and the holders of beneficial units in the GUC Trust, and all of their subsidiaries and affiliates, and all of their respective past, present and future agents, attorneys, employees, officers, directors, shareholders, successors, assigns, members, representatives (in their capacity as such) (the "**Released Parties**"), from any and all, actions, obligations, suits, damages, attorneys' fees, charges, claims (including but not limited to General Unsecured Claims and claims for injunctive and/or declaratory relief), costs, demands, expenses, judgments, liabilities and causes of action of any kind, nature or description, whether matured or unmatured, contingent or absolute, liquidated or unliquidated, known or unknown, foreseen or unforeseen, direct or derivative, preliminary or final, which the Releasing Parties may now have, ever had, or may in the future have against the Released Parties, the GUC Trust Assets, the Debtors, or their estates, arising out of or based on any facts, circumstances, issues, services, advice, or the like, occurring from the beginning of time through the date hereof that relate to, could relate to, arise under, or concern the Recalls, the Old GM Bankruptcy Case, the GM MDL, the Plan, the Late Claims Motions, the AMPSA, the Sale Order or any matter associated with any of the foregoing (collectively, the "**Released Claims**"); provided, however, that the Releasing Parties shall retain all remedies available in law or equity for breach of the Settlement Agreement by the GUC Trust; and provided further that solely in the event that the Bankruptcy Court enters the Claims Estimate Order as contemplated by the Settlement Agreement, the foregoing Release and Waiver shall not apply to the Adjustment Shares, which shall be issued by New GM to the Settlement

6

Fund for the exclusive benefit of Plaintiffs pursuant to the terms of the entered Claims Estimate Order (if any); and provided further that, nothing in the Settlement Agreement, Motion or this Order is intended to waive any claims against New GM or be an election of remedies against New GM; nor does the Settlement Agreement, Motion or this Order, or any payments made in connection therewith, represent full satisfaction of any claims against Old GM, unless and until such claims are in fact paid in full for every available source (provided, however, that in no event shall any Plaintiff be permitted to seek any further payment or compensation from the GUC Trust in respect of their claims or otherwise, other than the Settlement Amount and the Adjustment Shares) and, except as mandated otherwise by applicable law, nothing in the Settlement Agreement, Motion or this Order shall waive or impair any claims that Plaintiffs may have against New GM, the Settlement shall not be an election of remedies by any Plaintiff, and the Settlement Fund shall not represent full and final satisfaction of any claims that Plaintiffs may have against New GM, which claims are expressly reserved.  Nor shall the Settlement or any estimation or payment or distribution made in connection therewith constitute a cap on any claims by any of the Plaintiffs against New GM.  In addition, the Releasing Parties shall be deemed to have agreed not to make any claim, commence or continue any action, lawsuit, adversary proceeding or other legal, equitable or administrative proceeding that asserts any such Released Claims against the Released Parties, the GUC Trust Assets, the Debtors, or their estates, or to seek any further funding from the Released Parties in connection with the Released Claims, and the Released Parties are released and discharged of any further obligation to provide such funding, it being the intent of the Parties that (other than the rights of the Plaintiffs to the Adjustment Shares following entry of the Claims Estimate Order) the payment of the Settlement

92488043.5

Amount is the last and only payment the Released Parties or any of their subsidiaries or affiliates will make to the Plaintiffs in connection with the Released Claims.

8. The Releasing Parties shall be permanently stayed, restrained, enjoined and forever barred from taking any action against any of the Released Parties, the GUC Trust Assets, or Old GM's estates for the purpose of, directly or indirectly, collecting, recovering, or receiving payment or recovery with respect to, relating to, arising out of, or in any way connected with any Released Claim, whenever and wherever arising or asserted, all of which shall be resolved and satisfied by the Settlement Fund.

9. The Released Parties: (a) shall have no liability whatsoever to any holder or purported holder of a claim, equity interest or unit of beneficial interest in the GUC Trust, or any other party-in-interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, or arising out of, the settlement of the claims addressed by the Settlement Agreement, or the pursuit of approval of the Settlement Agreement or the Claims Estimate Order, the administration of the Settlement Agreement, or any transaction contemplated by the Settlement Agreement, or in furtherance thereof, or any obligations that they have under or in connection with the Settlement Agreement or the transactions contemplated by the Settlement Agreement (collectively, the "**Exculpated Claims**"), except (i) for any act or omission that constitutes willful misconduct or gross negligence as determined by a final order, and (ii) for any contractual obligation that is owed to a Party under the Settlement Agreement or this Order; and (b) in all respects, shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Settlement Agreement. No holder of any claim, interest or unit of beneficial interest in the GUC Trust, or other party-in-interest, none of their respective agents,

employees, representatives, financial advisors, attorneys, or affiliates, and no successors or assigns of the foregoing, shall have any right of action against the Released Parties or the GUC Trust Monitor with respect to the Exculpated Claims.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting such Released Parties from liability.

10. All of the value of the Settlement Fund, including the Settlement Amount (and, if issued pursuant to the Claims Estimate Order, the Adjustment Shares or their value), shall be reserved for the exclusive benefit of the Plaintiffs, subject only to tax obligations or costs associated with the administration of the Settlement Fund.

11. Upon the Settlement Effective Date, the GUC Trust, the GUC Trust Administrator, the GUC Trust Monitor, all holders of beneficial units of the GUC Trust, all defendants in the Term Loan Avoidance Action, for themselves, and on behalf of their respective agents, employees, officers, directors, shareholders, successors, assigns, assignors, predecessors, members, beneficiaries, representatives (in their capacity as such) and any subsidiary or affiliate thereof (the "**GUC Releasing Parties**"), shall be deemed to completely and irrevocably release and waive any and all rights or interests they may now have, ever had, or may in the future have with respect to the Settlement Amount.  In addition, the GUC Releasing Parties shall be deemed to have agreed not to make any claim, commence or continue any action, lawsuit, adversary proceeding or other legal, equitable or administrative proceeding that seeks to share in or recover from the Settlement Amount.  Further, the GUC Releasing Parties shall be enjoined and forever barred from directly or indirectly bringing, commencing, initiating, instituting, maintaining, prosecuting or otherwise aiding, in any action of any kind or nature, whether in the United States, Canada or elsewhere, that seeks to share in or recover from the Settlement Amount.

92488043.5

12. Limited only by the tax provisions in the Settlement Agreement, upon the Settlement Effective Date, the GUC Releasing Parties shall be deemed to completely and irrevocably release and waive any and all rights or interests they may now have, ever had, or may in the future have with respect to the Adjustment Shares, which shall be issued by New GM to the Settlement Fund for the exclusive benefit of Plaintiffs pursuant to the terms of the entered Claims Estimate Order (if any). In addition, the GUC Releasing Parties shall be deemed to have agreed not to make any claim, commence or continue any action, lawsuit, adversary proceeding or other legal, equitable or administrative proceeding that seeks to share in or recover from the Adjustment Shares. Further, the GUC Releasing Parties shall be enjoined and forever barred from directly or indirectly bringing, commencing, initiating, instituting, maintaining, prosecuting or otherwise aiding, in any action of any kind or nature, whether in the United States, Canada or elsewhere, that seeks to share in or recover from the Adjustment Shares.

13. For the avoidance of doubt, this Order shall not be affected by the entry or non-entry of any Claims Estimate Order, or any subsequent reversal of any Claims Estimate Order on appeal or on remand.

14. The failure to specifically describe or include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Settlement Agreement be authorized and approved in its entirety.

15. If there is any conflict between the terms of the Motion and the Settlement Agreement, the terms of the Settlement Agreement shall control, and if there is any conflict between the terms of this Order and the Settlement Agreement, the terms of this Order shall control.

92488043.5

16. Notwithstanding the possible applicability of Bankruptcy Rules 3002, 6004, 6006, 7062, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. The Bankruptcy Court shall have exclusive jurisdiction to interpret and enforce the Settlement Agreement and to resolve any disputes relating to or concerning the Settlement Agreement.

Dated: _____, 2018

                                                                                 THE HONORABLE MARTIN GLENN
                                                                                 UNITED STATES BANKRUPTCY COURT

92488043.5