**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

MOTORS LIQUIDATION COMPANY, *et al.,*

f/k/a General Motors Corp*., et al.*,

Debtors.

Case No. 09-50026 (MG)

(Jointly Administered)

### ORDER RE CASE MANAGEMENT CONFERENCE REGARDING PROPOSED SETTLEMENT BETWEEN THE GUC TRUST AND SIGNATORY PLAINTIFFS

At the case management conference on May 25, 2018, counsel should be prepared to discuss whether the proposed settlement is *illusory*.

Assume, for example, that the Court approves all three motions—the form of notice motion, the 9019 settlement motion, and the estimation motion. Assume the Court estimates the economic loss claims at *$x, in the aggregate*, and estimates the personal injury and wrongful death ("PIWD") claims at *$y, in the aggregate, for allowance but not for distribution purposes*. Further assume that $x + y$ results in New GM having to contribute $200 million in value to the GUC Trust under the accordion feature of the AMSPA. Assume that the lawyers for the PIWD plaintiffs believe that their clients' claims in the aggregate are worth 5*y*. A result of $x + 5y$ would require New GM to provide $1 billion (or, at least, substantially more than $200 million) in value to the GUC Trust.

Under the terms of the proposed settlement, what happens?

1. I assume the lawyers for the economic loss plaintiffs and the PIWD plaintiffs have the right to appeal the estimation, but what happens if the estimation is affirmed on appeal?

2. If the estimation is affirmed on appeal, can the PIWD plaintiffs demand jury trials to determine the amount of their claims for distribution purposes? What happens if jury trials are held and if the aggregate amount of claims for PIWD plaintiffs for distribution purposes exceeds the bankruptcy court estimation for allowance? Does the amount that New GM is required to pay remain $200 million if the outcomes of the trials (or settlements) result in aggregate recoveries of $x + 3y$?

3. If the estimation is not appealed, but the PIWD plaintiffs demand jury trials in the district courts, would New GM be required to contribute more than the $200 million that would have been required by the aggregate estimate of $x + y$ if the aggregate recoveries exceed that amount?

4. Under the settlement, is the bankruptcy court estimating the economic loss claims both for allowance (in connection with determining the amount (if any) that New GM must pay to the GUC Trust) and for distribution (subject to allocation)?

5. What happens if the Court grants the three motions, estimates all claims, but later refuses to approve the plaintiffs' proposed allocation methodology for allocating the Settlement Fund?

6. Do the results of the jury trials affect allocations to economic loss plaintiffs and PIDW plaintiffs? Does this mean that no claimants can receive distributions until all economic loss claims and PIWD claims are finally resolved?

7. What if the district courts, after years of jury trials of PIWD claims, conclude by settlements or judgments that damages for all PIWD cases totals $2y$? If the amount that New GM would have to pay under the accordion feature cannot be

determined until all trials or settlements of PIWD claims are resolved, what has the settlement accomplished?

    a. May any economic loss or PIWD plaintiffs covered by the settlement who have not appealed estimation, or for PIWD claims, have not demanded jury trials, receive any distributions from the GUC Trust before all claims are resolved?

    b. Can the allocation among economic loss plaintiffs be made before all PIWD claims are resolved?

    c. By whom and how would the allocation of Settlement Fund be decided?

8. Should the Court order mandatory mediation between the GUC Trust, the Signatory Plaintiffs, and New GM, in an effort to resolve all issues (or as many issues as possible) before hearing and deciding the three pending motions? Notice is expensive and should not be given if the settlement cannot be approved. In this regard, the Court is aware of Order No. 132 and Order No. 135, entered by Judge Furman in the MDL with regard to mediation of economic loss claims.

In short, does the proposed settlement provide any benefits of certainty or finality?

**IT IS SO ORDERED.**

Dated:   May 10, 2018
           New York, New York

                                              */s/ Martin Glenn*
                                              MARTIN GLENN
                                        United States Bankruptcy Judge