**BROWNRUDNICK**

EDWARD S. WEISFELNER
direct dial: (212) 209-4900
fax: (212) 209-4801
eweisfelner@brownrudnick.com

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

May 22, 2018

**VIA EMAIL AND ECF FILING**

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

**RE:    In re Motors Liquidation Company, et al., Case No. 09-50026 (MG)**

Dear Judge Glenn:

      The undersigned counsel for the Signatory Plaintiffs and the GUC Trust write in response to Your Honor's May 10, 2018 *Order re Case Management Conference Regarding Proposed Settlement Between the GUC Trust and Signatory Plaintiffs* (ECF No. 14301) (the "**Order**").[1] Specifically, the parties wish to respond to Your Honor's concern that the proposed Settlement is illusory and to highlight its substantial benefits of both certainty and finality.

      Under the terms of the Settlement, the GUC Trust is requesting this Court to estimate economic loss and personal injury claims for both allowance and distribution purposes. It must be emphasized that this Court's estimation of Plaintiffs' claims against the GUC Trust, while subject to appeal, will not afford either economic loss or PIWD Plaintiffs the ability to seek jury trials to determine the amount of their individual claims for distribution purposes. Rather, the Settlement and notice procedures are crafted so that if the Settlement Agreement is approved, all Plaintiffs, as that term is defined in the Settlement Agreement, will be subject to a complete and irrevocable waiver and release with respect to any claims against the GUC Trust or GUC Trust Assets upon payment of the Settlement Amount. Additionally, the parties intend that all Plaintiffs will also waive jury trial rights with regard to fixing the amount of individual claims that are estimated for allowance purpose. Attached hereto as Exhibits A and B are revisions to the Settlement Agreement and the proffered notices (with corresponding blacklines), which make this intention crystal clear.[2]

---

[1] Capitalized terms used, but not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement at Docket No. 14293-1.

[2] We believe this responds to questions 1-3 and 6 of the Order.

The Settlement Fund, which may or may not include any Adjustment Shares, will be allocated based on criteria to be established by counsel to the Signatory Plaintiffs, with the initial oversight and assistance of Magistrate Judge Cott and subject, in any event, to approval by this Court, on subsequent notice to all affected parties, as reflected in the Settlement Agreement and proposed notice.[3]  In determining the propriety of the proposed allocation methodology, Your Honor will utilize his discretion and will not be bound by any agreements among the Signatory Plaintiffs. Likewise, in the unlikely event that the Signatory Plaintiffs are unable to reach consensus on an appropriate allocation methodology, the matter will be submitted, instead, to the sound discretion of this Court.[4]  In no event, however, will any Plaintiffs be entitled to jury trials to fix their entitlement to any portion of the Settlement Fund nor will the number of Adjustment Shares required to be delivered by New GM be changed.[5]

As such, distributions to affected Plaintiffs will not be dependent on the timing of resolution of their claims, if any, in either the MDL or any other court where their claims against New GM may be pending.  Rather, once an order approving the Settlement and the requested estimation are final, and subject to this Court's approval of the allocation methodology and eligibility and criteria for payment, distributions can be made without reservation for subsequent litigation.[6]

The three motions cannot result in New GM being liable for any more than the maximum amount (or value) of the Adjustment Shares, as determined by this Court's estimation.  However, it should be noted that, except as mandated otherwise under applicable law, nothing in the Settlement Agreement is intended to waive any claims against New GM or to be an election of remedies against New GM.

Finally, both the GUC Trust and the Signatory Plaintiffs want to assure this Court that they are ready, willing and able to participate in any mediation effort this Court thinks is appropriate. However, given the economic loss plaintiffs' experience in mediation efforts with New GM to date, they would urge the Court to have any mediation run on a parallel track with the prosecution of the motions.[7]

The undersigned look forward to addressing the Court further at the May 25th conference and are available in the meantime to respond to any questions or comments Your Honor may have.

Respectfully submitted,

 */s/ Edward S. Weisfelner*
Edward S. Weisfelner
Howard S. Steel
BROWN RUDNICK LLP

---

[3] We believe this responds to questions 4 and 7c of the Order.

[4] We believe this responds to question 5 of the Order.

[5] We believe this and the following paragraph respond to question 7 of the Order.

[6] We believe this responds to questions 7a and 7b of the Order.

[7] We believe this responds to question 8 of the Order.

Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
hsteel@brownrudnick.com
Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION
2323 Bryan Street, Ste 2200
Dallas, Texas 75201
Tel: 214-969-4900
esserman@sbep-law.com

*Designated Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the Bankruptcy Court*

Steve W. Berman (admitted pro hac vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Tel: 206-623-7292
steve@hbsslaw.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the MDL Court*

William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: 212-813-8800
wweintraub@goodwinlaw.com
gfox@goodwinlaw.com

*Counsel for Ignition Switch Pre-Closing Accident Plaintiffs Represented By Hilliard Martinez Gonzales L.L.P. and the Law Offices of Thomas J. Henry*

Robert Hilliard
HILLIARD MARTINEZ GONZALES LLP
719 South Shoreline, Suite 500
Corpus Christi, Texas 78401
Tel: 361-882-1612
bobh@hmglawfirm.com

*Counsel for Certain Ignition Switch Pre-Closing Accident Plaintiffs*

Thomas J. Henry, Esq.
THE LAW OFFICES OF THOMAS J. HENRY
4715 Fredricksburg, Suite 507
San Antonio, TX 78229

*Counsel for Certain Ignition Switch Pre-Closing Accident Plaintiffs*

Lisa M. Norman (admitted *pro hac vice*)
T. Joshua Judd (admitted *pro hac vice*)
ANDREWS MYERS, P.C.
1885 St. James Place, 15th Floor
Houston, Texas 77056
Tel: 713-850-4200
Lnorman@andrewsmyers.com
Jjudd@andrewsmyers.com

*Counsel for Certain Ignition Switch Pre-Closing Accident Plaintiffs*

Kristin K. Going
DRINKER BIDDLE
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Tel: (212) 248-3273
kristin.going@dbr.com

*Counsel for Wilmington Trust Company, as Administrator and Trustee of the GUC Trust*

cc:    Counsel of Record via CM/ECF