**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, NY 10036

---

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019

May 24, 2018

**VIA E-MAIL**
**AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

    Re: **In re Motors Liquidation Company,** *et al.*
       **Case No. 09-50026 (MG)**

Dear Judge Glenn:

  General Motors LLC ("**New GM**") writes in response to the Court's May 10, 2018 *Order re Case Management Conference Regarding Proposed Settlement*, ECF No. 14301 (the "**May 10th Order**"), as well as Movants' (i) May 22, 2018 *Letter Responding to May 10th Order*, ECF No. 14312 (the "**Response**"), and (ii) certain revisions to the Proposed Settlement (the "**Proposed Revisions**").[1]

  In their attempt to address the Court's questions regarding the Proposed Settlement, it is now crystal clear that the Proposed Settlement remains illusory, and that Movants have further tied themselves into a Constitutional knot.

  Movants' Response confirms several structural flaws with the Proposed Settlement, some of which arise out of the fact that the Proposed Settlement is intended to settle and allow claims of all "Plaintiffs," which is broadly defined in the Proposed Settlement to include *any individual* that could potentially assert a personal injury or economic loss claim against Old GM, *regardless* of whether the individual actually filed a proof of claim, is covered by the (uncertified) Proposed Class Claims, or is represented by Signatory Plaintiffs' counsel.

---

[1] Terms used herein and not otherwise defined shall have the meanings ascribed to them in the Proposed Settlement.

Honorable Martin Glenn
May 24, 2018
Page 2

Movants' Response further states that they are now asking the Court to estimate these "Plaintiffs'" claims "for both allowance and distribution purposes." (Response p. 1.) The Proposed Revisions, however, reveal that the claims are not being estimated for purposes of allowance. The fact remains that Movants still intend to establish certain claim filing and reconciliation procedures, and those determinations will occur *after* the "claims" are "allowed."

The Proposed Revisions also provide some clarity on these "to-be-determined" procedures. Among the "criteria" that "Plaintiffs" must satisfy to receive a distribution from the Settlement Fund is "***whether the Plaintiff had previously filed a timely proof of claim or timely request for permission to file a late proof of claim in the Old GM Bankruptcy Case***." (Proposed Revisions § 2.9 (emphasis added).) Movants' proposed sequencing is out of order: they must determine the timeliness of claims *before* they ask the Court to settle, estimate, and allow such claims. If a proof of claim is deemed untimely filed, then the Court cannot estimate it or allow it. Movants improperly ask the Court to require New GM to issue Adjustment Shares based on the Court's estimate of allowed general unsecured claims, and then seek to determine which claims are actually allowable, after-the-fact.

Next, to address the Court's concern that Pre-Closing Accident Plaintiffs have not consented to the Court's jurisdiction, Movants revised the Proposed Settlement to clarify the extent of such individuals' consent. But rather than clarify the issue, Movants have only created additional problems.

The Proposed Settlement still provides that Pre-Closing Accident Plaintiffs who are represented by PIWD Counsel "do not consent to estimation of their personal injury and wrongful death claims by the Bankruptcy Court for any other purpose other than implementation of" the Proposed Settlement. (Proposed Revisions § 2.9.) This is, quite obviously, less than a full consent to the Court's jurisdiction for purposes of adjudicating the allowed amount of individual personal injury claims. And since many of these Pre-Closing Accident Plaintiffs continue to assert the same type of claims against New GM in the MDL, their "consent" to a final order on estimation raises the question of whether Pre-Closing Accident Plaintiffs are entitled to disregard the Court's estimation of the allowed amount of their claim and assert a different amount against New GM in the MDL Court. Moreover, Movants have not addressed the issue that under their proposed schedule, this Court would determine many of the same issues at the same time they are being addressed by the MDL Court, thus raising the strong possibility that the Court's efforts would be a nullity, and the Proposed Settlement will not have resolved anything.

Because Movants also seek to estimate the unfiled claims of Pre-Closing Accident Plaintiffs *not represented* by PIWD Counsel (the "**Unrepresented PIWD Plaintiffs**")—whose consent to the Court's jurisdiction ***cannot be affirmatively*** obtained—Movants decided that "it is appropriate and an important aspect of the Settlement" that all such Unrepresented PIWD Plaintiffs be "*deemed*" to (i) consent to the Court's jurisdiction for purposes of estimating their unfiled claims, and (ii) waive any right to a jury trial. (*Id.*) Movants propose to implement their "waiver and release" of the Unrepresented PIWD Plaintiffs' Constitutional rights on a "deemed consent" basis which is not supported by applicable law.

Honorable Martin Glenn
May 24, 2018
Page 3

Accordingly, under the revised Proposed Settlement an Unrepresented PIWD Plaintiff who has not filed a proof of claim will be sent a notice explaining that unless he or she files a written objection to the Proposed Settlement, he or she will be "deemed" to have (i) provided a "complete and irrevocable waiver and release with respect to any claims" against the GUC Trust, GUC Trust Assets and numerous third parties, including all current and former GUC Trust Beneficiaries, (ii) consented to the Court's jurisdiction for purposes of estimating his or her claim against Old GM that he or she did not file, and (iii) waived any right to a jury trial on account of such claim. Moreover, such Unrepresented PIWD Plaintiff will not be granted a right to opt-out of the Proposed Settlement as would be required under Rule 23. Further, when asked to give these releases, waivers and consents, the Unrepresented PIWD Plaintiff will not know (i) the amount of recovery he or she may receive under the Proposed Settlement, or (ii) whether he or she will satisfy the "qualifications and criteria" that will be ***established after the individual has already given his or her "deemed consent***."

Overall, Movants' ineffective efforts to address the Court's valid concerns with the Proposed Settlement underscore why the Court should reject it. The Court lacks *in personam* jurisdiction, and Signatory Plaintiffs' counsel lack representational authority, to deprive unidentified "Plaintiffs" of their rights against the GUC Trust and third parties (*i.e.*, GUC Trust Beneficiaries), their rights under 28 U.S.C. § 157(b)(5), and their Constitutional rights to a jury trial. The Court cannot force individuals to waive Constitutional rights, and sending a perfunctory notice to Plaintiffs does not cure this basic defect. In response to the Court's questions concerning whether Pre-Closing Accident Plaintiffs would *consent* to the Court's jurisdiction, Movants' answer is that the Court—which, as the question implied, lacks jurisdiction without their consent—should coerce Unrepresented PIWD Plaintiffs' consent. This, of course, is not consent under any reasonable interpretation. Further, although "Plaintiffs" waiver of their jury trial rights is described as a "condition to any Plaintiffs' ability to receive a distribution from the . . . Settlement Fund," Unrepresented PIWD Plaintiffs who do not consent to the Court estimating their claim will ***nonetheless already have been deemed*** under the Proposed Settlement Order to have previously waived their jury trial rights and released all claims against the GUC Trust and GUC Trust Beneficiaries.

In short, the Proposed Settlement—especially as revised—raises two primary structural problems and remains inconsistent with applicable laws. *First*, Movants are seeking to estimate and allow millions of claims that have not been filed, while putting off the work of determining whether those "claims" are actually valid (including whether Rule 23's requirements are met) until after the Court has ordered New GM to issue the Adjustment Shares. *Second*, Signatory Plaintiffs' counsel do not represent the unidentified "Plaintiffs" that they seek to bind to the Proposed Settlement, and the Court lacks jurisdiction to impose the waivers, releases, and consents that are required from millions of individuals for the Proposed Settlement to work. Both of these problems are direct consequences of Movants' steadfast aversion to Rule 23.

New GM will be prepared to expand on these arguments, and to respond to any further questions the Court may have at the May 25, 2018 status conference.

Honorable Martin Glenn
May 24, 2018
Page 4

Respectfully submitted,

*/s/ Paul M. Basta*
Paul M. Basta
Aidan Synnott
Kyle J. Kimpler
Sarah Harnett
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*and*

Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

*Counsel for General Motors LLC*