To be argued by: Pat J. Bombard
Time Requested: 15 Minutes

# United States Bankruptcy Court
## For the Southern District of New York

MOTORS LIQUIDATION COMPANY ET AL.,
F/K/A GENERAL MOTORS., ET AL, DEBTORS,

*Plaintiff-Respondent,*

-against-

PAT J. BOMBARD,

*Defendant-Appellant.*

JUN 2 5 2018

**Case No.: 09-50026 (MG)**

# MEMORANDUM IN RESPONSE TO MEMORANDUM OF LAW OF GENERAL MOTORS LLC WITH RESPECT TO APPLICATION OF RULE 23 TO THE PROPOSED SETTLEMENT

Pat J. Bombard
Pro-Se Appellant
5 Wheeler Ave
Fayetteville, NY 13066
315.382.9464

## TABLE OF CONTENTS

<u>**REPLY TO GENERAL MOTORS' RESPONSE**</u> ...........................................................1

<u>**STATEMENT OF THE CASE**</u> ...............................................................................1

<u>**QUESTION PRESENTED**</u> ...................................................................................4

<u>**ARGUMENT**</u> ....................................................................................................5

<u>**POINT I**</u>
**The Bankruptcy Court did not have the jurisdiction to adjudicate this matter**............5

<u>**POINT II**</u>
**General Motors racing to bankruptcy court ahead of a scheduled hearing
shows bad faith and a desire to use the system to their own gain** ...................6

<u>**CONCLUSION**</u> .................................................................................................7

i

## REPLY TO GENERAL MOTORS' RESPONSE

In response to points 1-25 of our opponent's response, we would ask to have a hearing, mediation or trial. We ask the court to allow our claim to move forward.

## STATEMENT OF THE CASE

My name is Pat Bombard. I am a Chevrolet dealer since 1992. I am the owner of a Chevrolet franchise, and at one time I owned a Buick franchise, GMC franchise, Pontiac franchise and an Oldsmobile franchise. I grew to be a leader in the industry in New York State and across the united states, winning numerous awards, sales competitions, service competitions and customer service competitions as a true leader in the industry. I was a very profitable dealer from 1992-2008. When General Motors filed bankruptcy, it created hardship and financial pain and loss for me as a business owner. Through General Motors' bankruptcy, I was able to be awarded my franchise through the bankruptcy proceedings. Because of General Motors' bankruptcy and GMAC's bankruptcy, I struggled but was able to obtain the necessary requirements set forth by General Motors to be an authorized dealer.

1

The General Motors Corporation Dealer Sales and Service Agreement, good until October 31, 2010, stating:

This Agreement(s) shall expire on October 31, 2010 unless earlier terminated. Dealer is assured of an opportunity to enter into a new Agreement(s) at the expiration date if General Motors determines that Dealer has fulfilled its obligations under this Agreement(s).

From 2008-2018 I spoke on many occasions with General Motors' Dealer Contractual Department for the Northeast region, which was run by Lynn Howard. Any attempts at renewing my dealer franchise were ignored, only to be replaced by additional requirements to obtain that franchise, which I met. Once Mr. Howard had the complete package, he forwarded it to the head legal attorney for General Motors, Deborah Collins, sending the same package at my behest from 2008-2018. On October 6, 2014, there was a New York State Department of Motor Vehicles Hearing in which Administrative Law Judge Walter Zulkoski decided:

Section 46S.2(d}(1) of the Franchised Motor Vehicle Dealer Act allows a franchisor, in this case GM, to terminate, cancel or refuse to renew the franchise of any franchised motor vehicle dealer only with due cause, regardless of the terms of the franchise agreement-and such due cause is lacking by a preponderance of the. evidence in GM's attempt to terminate Beck's franchise and GM is therefore prohibited from terminating Beck's franchise pursuant to reasons stated in its termination letter of June 11, 2013.

2

On October 31, 2015, we asked for the GM Bulletin 15-03 Hearing Process to commence.

In October 2017, Ms. Collins was scheduled to meet with my Attorney, Frederick Guy via telephone, in order to come to a resolution, a meeting which she failed to attend. In December 2017, I took the matter in my own hands and approached the New York State Department of Motor Vehicles to schedule a safety and business hearing in order to resolve this dispute.

I was granted a hearing, scheduled for April 23, 2018 with the New York State Department of Motor Vehicles. On March 29, 2018, General Motors received a hearing in Bankruptcy Court to adjudicate the matter. After a second hearing on April 12, 2018, again in Bankruptcy Court, a decision was reached on April 13, 2018 granting General Motors the ability to control the franchise I had built, forcing me out of my business after twenty-six years.

## QUESTION PRESENTED

Did the Bankruptcy Court have the jurisdiction to adjudicate this matter,

superseding the jurisdiction of the New York State Department of Motor Vehicles.

Answer: No.

## ARGUMENT

**I.      The Bankruptcy Court did not have the jurisdiction to adjudicate this matter.**

The bankruptcy court lacks jurisdiction in this matter, as can be seen in the case of Beck Chevrolet Co., Inc. v. General Motors, LLC. Docket Nos. 13-4066 and 13-4310.  In that case, the Second Circuit Court of Appeals stated that the Department of Motor Vehicles was the proper venue for Beck's dispute with General Motors, a dispute that mirrors my own.  Proper jurisdiction belongs to the Department of Motor Vehicles and their dealer-franchise hearings:

> For the foregoing reasons, we REVERSE the district court's judgment in favor of GM on Beck's section 463(2)(gg) claim, VACATE the district court's judgment in favor of GM on Beck's section 463(2)(ff) claim, and REMAND to that court for further proceedings and the entry of judgment consistent with this opinion and the New York Court of Appeals's answers to our certified questions.

**II.     General Motors racing to bankruptcy court ahead of a scheduled hearing shows bad faith and a desire to use the system to their own gain.**

General Motors, LLC, raced to the bankruptcy court on March 29, 2018, a court with no legal standing in this matter, to seek a decision.  A hearing

5

commenced on April 12, 2018 with a decision having been reached on April 13, 2018. This was all done with the full knowledge by all parties involved that a hearing was scheduled for April 23, 2018 at the New York State Department of Motor Vehicles, the proper venue for this matter. By reaching a decision ten days before the April 23 hearing, the need for a hearing in the proper venue was negated, overruled by a court with no jurisdiction or standing. The fact that this was arbitrated in a bankruptcy court when the matter has nothing to do with that is laughable. This is, and always has been about a breach of a Dealer Sales and Service Agreement between franchisor and franchisee, a legal battle that the bankruptcy court holds no jurisdiction over.

## CONCLUSION

General Motors, LLC overstepped the boundaries of jurisdiction to attempt to garner a favorable decision through the bankruptcy court, an improper venue for this type of case. Due to the issues outlined above, the decision of the bankruptcy court favoring General Motors should be reversed and a hearing should be scheduled in the New York State Department of Motor Vehicles as is customary in this type of case and had been scheduled before the Appellee circumvented the jurisdiction.

Pat J. Bombard

Pro-Se Appellant

5 Wheeler Ave

Fayetteville, NY 13066

315.382.9464