7.17.18

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

Re: In re Motors Liquidation Company, *et al.*
Case No. 09-50026 (MG)

Response to New GM's Response Related to Rule 23 Briefing

Dear Judge Glenn:

Pro Se Appellant Pat Bombard writes in response to the Response of New GM, filed on July 10, 2018 (ECF 14342) (The Bombard Rule 23 Pleading). Mr. Bombard's company is active and the proposed settlement is not acceptable. The court should allow Bombard's Rule 23 hearing to proceed.

Mr. Bombard did file a Memorandum on June 28, 2018 and addressed all of the rule 23 pleadings. Mr. Bombard should be heard by the court and New GM should be liable for any damages. Please refer to the attached letter from May 2, 2018 as well as the previous brief.

Sincerely,

*Pat Bombard*

Pat Bombard

Pro-Se Appellant

Remainder of the Page Intentionally Left Blank

*To be argued by: Pat J. Bombard*
*Time Requested: 15 Minutes*

# United States Bankruptcy Court
## For the Southern District of New York

MOTORS LIQUIDATION COMPANY ET AL.,
F/K/A GENERAL MOTORS., ET AL, DEBTORS,

*Plaintiff-Respondent,*

-against-

PAT J. BOMBARD,

*Defendant-Appellant.*

RECEIVED
JUL 23 2018
U.S. BANKRUPTCY COURT, SDNY

Case No.: 09-50026 (MG)
Civil Case No.: 18-cv-3658

## RESPONSE TO NEW GM'S RESPONSE TO RULE 23 BRIEFING/ANSWER TO THE APPEAL

P.J. Bombard
1990 Main Street
Suite750
Sarasota, FIA 34236
P: 941.309.5385
C: 941.993.7846

The Honorable Judge Martin Glenn
Re: Case# 09-50026
US Bankruptcy Court
Southern District of NY
1 Bowling Green
New York, New York 10004-1408

The Honorable Judge Vernon S. Broderick
Re: Civil Case# 18-cv-3658
US Court of Appeals
Second Circuit
500 Pearl Street
New York, New York 10007

## STATEMENT OF THE CASE

My name is Pat Bombard. I am a Chevrolet dealer since 1992. I am the owner of a Chevrolet franchise, and at one time I owned a Buick franchise, GMC franchise, Pontiac franchise and an Oldsmobile franchise. I grew to be a leader in the industry in New York State and across the united states, winning numerous awards, sales competitions, service competitions and customer service competitions as a true leader in the industry. I was a very profitable dealer from 1992-2008. When General Motors filed bankruptcy, it created hardship and financial pain and loss for me as a business owner. Through General Motors' bankruptcy, I was able to be awarded my franchise through the bankruptcy proceedings. Because of General Motors' bankruptcy and GMAC's bankruptcy, I struggled but was able to obtain the necessary requirements set forth by General Motors to be an authorized dealer.

Attached as **Exhibit A** is the General Motors Corporation Dealer Sales and Service Agreement, good until October 31, 2010, stating:

This Agreement(s) shall expire on October 31, 2010 unless earlier terminated.
Dealer is assured of an opportunity to enter into a new Agreement(s) at the

## ARGUMENT

### I. The Bankruptcy Court did not have the jurisdiction to adjudicate this matter.

The bankruptcy court lacks jurisdiction in this matter, as can be seen in the case of Beck Chevrolet Co., Inc. v. General Motors, LLC. Docket Nos. 13-4066 and 13-4310 (**Exhibit D**). In that case, the Second Circuit Court of Appeals stated that the Department of Motor Vehicles was the proper venue for Beck's dispute with General Motors, a dispute that mirrors my own. Proper jurisdiction belongs to the Department of Motor Vehicles and their dealer-franchise hearings:

> For the foregoing reasons, we REVERSE the district court's judgment in favor of GM on Beck's section 463(2)(gg) claim, VACATE the district court's judgment in favor of GM on Beck's section 463(2)(ff) claim, and REMAND to that court for further proceedings and the entry of judgment consistent with this opinion and the New York Court of Appeals's answers to our certified questions.

Attached as **Exhibit E** is the Application and Documents for the granted franchise hearing, comprised of letters from Mr. Guy to Deborah Collins on October 16, 2017 and the New York State Department of Motor Vehicles on December 19, 2017, as well a Request for Adjudicatory Proceeding, dated December 19, 2017 and Confirmation of said Hearing for April 23, 2018.

## II. General Motors racing to bankruptcy court ahead of a scheduled hearing shows bad faith and a desire to use the system to their own gain.

General Motors, LLC, raced to the bankruptcy court on March 29, 2018, a court with no legal standing in this matter, to seek a decision. A hearing commenced on April 12, 2018 with a decision having been reached on April 13, 2018. This was all done with the full knowledge by all parties involved that a hearing was scheduled for April 23, 2018 at the New York State Department of Motor Vehicles, the proper venue for this matter. By reaching a decision ten days before the April 23 hearing, the need for a hearing in the proper venue was negated, overruled by a court with no jurisdiction or standing. The fact that this was arbitrated in a bankruptcy court when the matter has nothing to do with that is laughable. This is, and always has been about a breach of a Dealer Sales and Service Agreement between franchisor and franchisee, a legal battle that the bankruptcy court holds no jurisdiction over.

expiration date if General Motors determines that Dealer has fulfilled its obligations under this Agreement(s).

From 2008-2018 I spoke on many occasions with General Motors' Dealer Contractual Department for the Northeast region, which was run by Lynn Howard. Any attempts at renewing my dealer franchise were ignored, only to be replaced by additional requirements to obtain that franchise, which I met. Once Mr. Howard had the complete package, he forwarded it to the head legal attorney for General Motors, Deborah Collins, sending the same package at my behest from 2008-2018. On October 6, 2014, there was a New York State Department of Motor Vehicles Hearing (included as **Exhibit B**) in which Administrative Law Judge Walter Zulkoski decided:

> Section 46S.2(d}(1) of the Franchised Motor Vehicle Dealer Act allows a franchisor, in this case GM, to terminate, cancel or refuse to renew the franchise of any franchised motor vehicle dealer only with due cause, regardless of the terms of the franchise agreement-and such due cause is lacking by a preponderance of the. evidence in GM's attempt to terminate Beck's franchise and GM is therefore prohibited from terminating Beck's franchise pursuant to reasons stated in its termination letter of June 11, 2013.

On October 31, 2015, we asked for the GM Bulletin 15-03 Hearing Process to commence (**Exhibit C**).

In October 2017, Ms. Collins was scheduled to meet with my Attorney, Frederick Guy via telephone, in order to come to a resolution, a meeting which she failed to attend. In December 2017, I took the matter in my own hands and approached the New York State Department of Motor Vehicles to schedule a safety and business hearing in order to resolve this dispute.

I was granted a hearing, scheduled for April 23, 2018 with the New York State Department of Motor Vehicles. On March 29, 2018, General Motors received a hearing in Bankruptcy Court to adjudicate the matter. After a second hearing on April 12, 2018, again in Bankruptcy Court, a decision was reached on April 13, 2018 granting General Motors the ability to control the franchise I had built, forcing me out of my business after twenty-six years.

## **QUESTION PRESENTED**

Did the Bankruptcy Court have the jurisdiction to adjudicate this matter, superseding the jurisdiction of the New York State Department of Motor Vehicles.

Answer: No.

## CONCLUSION

General Motors, LLC overstepped the boundaries of jurisdiction to attempt to garner a favorable decision through the bankruptcy court, an improper venue for this type of case. Due to the issues outlined above, the decision of the bankruptcy court favoring General Motors should be reversed and a hearing should be scheduled in the New York State Department of Motor Vehicles as is customary in this type of case and had been scheduled before the Appellee circumvented the jurisdiction.

*Pat Bombard*

Pat J. Bombard
Pro-Se Appellant
1990 Main Street
Suite750
Sarasota, FIA 34236
P: 941.309.5385
C: 941.993.7846

May 2, 2018

    I, Pat Bombard, the Appellant in the case, submit the following list of documents as well as the Statement of Issues regarding Case number 09-50026 (MG): In re: Motors Liquidation Company, f/k/a General Motors Corporation, et. al.

### Statement of the Issues:

I. **Venue:**
   The bankruptcy court was the improper venue for the hearing to commence because there was an automatic stay pursuant to the dealer-franchise hearing. The matter should have been decided by the dealer-franchise hearing at the Department of Motor Vehicles and should have never been heard at the bankruptcy court.

II. **Jurisdiction:**
   The bankruptcy court lacks jurisdiction in this matter, as can be seen in the case of Beck Chevrolet Co., Inc. v. General Motors, LLC. Docket Nos. 13-4066 and 13-4310. Proper jurisdiction belongs to the Department of Motor Vehicles and their dealer-franchise hearings.

III. **Bad Faith:**
   General Motors, LLC, raced to the bankruptcy court on March 29, 2018, a court with no legal standing in this matter, to seek a decision. A hearing commenced on April 12, 2018 with a decision having been reached on April 13, 2018. This was all done with the full knowledge by all parties involved that a hearing was scheduled for April 23, 2018 at the New York State Department of Motor Vehicles, the proper venue for this matter. By reaching a decision ten days before the April 23 hearing, the need for a hearing in the proper venue was negated, overruled by a court with no jurisdiction or standing. The fact that this was arbitrated in a bankruptcy court when the matter has nothing to do with that is laughable. This is, and always has been about a breach of a Dealer Sales and Service Agreement between franchisor and franchisee, a legal battle that the bankruptcy court holds no jurisdiction over.

### Conclusion:

    General Motors, LLC overstepped the boundaries of jurisdiction to attempt to garner a favorable decision through the bankruptcy court, an improper venue for this type of case. Due to the issues outlined above, the decision of the bankruptcy court favoring General Motors should be vacated and a hearing should be scheduled in the New York State Department of Motor Vehicles as is customary in this type of case, and had been scheduled before the Appellee circumvented the jurisdiction.

**Redesignated Record on Appeal:**

Notice of Appeal, filed April 19, 2018

Order and Decision of the Circuit Court Judges, decided December 29, 2016

Letter, detailing the facts of the case, dated April 3, 2018, with exhibits

    Chapter 11 motion to dismiss, dated April 3, 2018

    Statement of Facts, dated December 19, 2017

    Letter from Frederick Guy to Deb Collins, dated October 16, 2017

    Letter from Frederick Guy to NYS Department of Motor Vehicles, dated December 19, 2017

    Department of Motor Vehicles Franchised Motor Dealer Request for Adjudicatory Proceeding, dated December 19, 2017

    Voided Check and 1099-R forms

    Letter, dated June 1, 2009, from General Motors to Bombard

    General Motors Corporation Dealer Sales and Service Agreement, dated September 14, 2005

Memorandum Opinion and Order Granting General Motors LLC's Motion to Enforce Sale Order with Respect to Pat Bombard, ordered on April 13, 2018

 

Pat J. Bombard

Pro-Se Appellant

1990 Main Street

Suite750

Sarasota, FlA 34236

P: 941.309.5385

C: 941.993.7846