# EXHIBIT A

## PROPOSED PROOFS OF CLAIM

Exhibit A-1

Fill in this information to identify the case:

Debtor 1: Motors Liquidation Company, et al.

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: Southern District of New York

Case number: 09-50026 (MG) (Jointly Administered)

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Vickey Meyers, as Personal Representative of the Estate of Karen King, Deceased
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

SEE ATTACHED RIDER
Name

_____
Number    Street

_____
City    State    ZIP Code

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

SEE ATTACHED RIDER
Name

_____
Number    Street

_____
City    State    ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/_____
                                                                      MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410    Proof of Claim    page 1

Official Form 410

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $_____ See Attached Rider. **Does this amount include interest or other charges?**
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Personal injury and wrongful death claim (See Attached Rider)

**9. Is all or part of the claim secured?**
☒ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____
Amount of the claim that is secured: $_____
Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☒ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**
☒ No
☐ Yes. Identify the property: _____

Official Form 410                    Proof of Claim                    page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No | |
|---|---|---|
| | ☐ Yes. Check one: | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  7 / 25 / 2018
                  MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name:      Lance A. Cooper
           First name    Middle name    Last name

Title:     Attorney

Company:   The Cooper Firm
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address:   531 Roselane Street, Suite 200
           Number    Street
           Marietta                     GA         30060
           City                         State      ZIP Code

Contact phone:  770-427-5588            Email: lance@thecooperfirm.com

*In re Motors Liquidation Company, et al. f/k/a General Motors Corp., et al.*
Case No. 09-50026 (MG) (Jointly Administered)

### RIDER TO PROOF OF CLAIM OF VICKEY MEYERS

1. **Name and Capacity of Claimant:** Vickey Meyers, as Personal Representative of the Estate of Karen King, Deceased ("**Claimant**").

2. **Nature and Basis of Claim:** Pursuant to this Proof of Claim, Claimant asserts a personal injury and wrongful death claim (the "**Claim**") against the bankruptcy estate of Motors Liquidation Company f/k/a General Motors Corporation ("**Old GM**") and its affiliated debtors (collectively, the "**Debtors**") and the Motors Liquidation Company General Unsecured Creditors Trust (the "**GUC Trust**"). The Claim arises out of accident that occurred on May 10, 2004 in York County, Pennsylvania, involving a 2003 Saturn Ion which was manufactured by Old GM. The accident was caused by an ignition switch defect in the subject vehicle, which was eventually subject to NHTSA Recall Number 14V-047 issued by New GM in 2014.

3. **Description of Accident:** On May 10, 2004, Karen King was driving her 2003 Saturn Ion on Red Lion Avenue just south of Main Street in Felton Borough, York, Pennsylvania. Because of the nature of the crash, the known safety defects in the vehicle caused the key in Karen King's car to turn from the run to accessory/off position as she was driving on Red Lion Avenue. Once she crossed over the bumpy bridge, the key turned and the engine shut off. As a result of the engine shutting off, Karen King and Hannah King were stranded on the bridge and the road was beginning to flood. Karen King called her mother and told her that she had lost power and steering. Since she was unable to get the car to restart, the vehicle ultimately began filing with water and rescue personnel were unable to save her and her daughter. Karen King King and Hannah King suffered fatal injuries during the accident.

5. **Amount of Claim:** The Claim is asserted in an amount to be proven at trial (or via estimation proceeding in the bankruptcy court).

6. **Related Litigation:** Claimant is the plaintiff in an action against General Motors LLC ("**New GM**") pending in the *In re General Motors LLC Ignition Switch Litigation* before Judge Furman in the United States District Court for the Southern District of New York, MDL No. 2543, Case No. 17-CV-09522 (the "**New GM Action**"). A copy of Claimant's complaint in the New GM Action will be made available upon request.

7. **Adjudication of Claim by the Bankruptcy Court and Jury Trial Right:**

    a. Claimant is a party to that certain Settlement Agreement, dated as of April 25, 2018 (as amended on May 22, 2018) and filed in the Bankruptcy Court on May 22, 2018 [Docket Number 141312-1] (the "**Settlement Agreement**"), by and between Wilmington Trust Company, in its capacity as trustee for and administrator of the Motors Liquidation Company General Unsecured Creditors Trust (the "**GUC Trust**") and certain Signatory Plaintiffs thereto.

    b. Pursuant to and in connection with the Settlement Agreement, Claimant (a) consents to the Bankruptcy Court estimating her Claim in connection with the settlement contemplated by the Settlement Agreement, but not for any other purpose; and (b) has agreed to waive any right to a jury trial in connection with, *inter alia*, the Bankruptcy Court estimating her Claim and fixing the amount of her Claim for purposes of receiving distributions from the

57986/0001-16101095v1

Settlement Fund as contemplated by the Settlement Agreement. (*See* Settlement Agreement at ¶ 2.9). Claimant's above-referenced consent to the Bankruptcy Court's estimation of her Claim and agreement to waive her jury trial right is more fully, particularly, and accurately described in the Settlement Agreement, is qualified in its entirety by the actual terms thereof, and is hereby expressly subject to the Bankruptcy Court's approval of the Settlement Agreement and entry of a final and non-appealable Settlement Order contemplated thereby.

    c. Except in connection with the Settlement Agreement and as provided therein, by virtue of filing this Proof of Claim, Claimant (a) does not consent to the jurisdiction of the Bankruptcy Court and does not waive the right to dispute the jurisdiction of the Bankruptcy Court to hear any proceeding, motion or other matter related to this claim or any other rights of claimant apart from this claim; (b) does not consent to this claim being adjudicated in the Bankruptcy Court; (c) demands a jury trial, to the extent permitted by law, with respect to the adjudication of this Claim; and (d) pursuant to 28 U.S.C. § 157(e), does not consent to such jury trial being conducted in the Bankruptcy Court.

    d. For the avoidance of any doubt, nothing in this Proof of Claim is intended to be, or should be construed as, a waiver of any of Claimant's rights and claims against New GM or an election of remedies against New GM in connection with the New GM Action or otherwise.

    8. **Reservation of Rights:** Subject to the Settlement Agreement, and other than what is provided in and contemplated thereby, the execution and filing of this Proof of Claim and Rider are not intended to: (a) waive or release any of Claimant's rights against any other entity or person that may be liable for all or any part of any of this Claim; (b) waive the right to seek withdrawal of the reference with respect to the subject matter of this Claim, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this proceeding against or otherwise involving the Debtors or any of their affiliates, successors, assigns, officers, directors, employees, advisors, agents, and/or counsel; or (c) constitute an election of remedies that waives or otherwise affects any other remedy. Claimant expressly reserves the right to amend, modify and/or supplement this Proof of Claim at any time for whatever reason. By virtue of filing this Proof of Claim, claimant does not waive, and hereby expressly reserves, its right to pursue claims based upon alternative legal theories.

    9. **Notice:** All notices with respect to this Claim should be sent to the following parties: (1) The Cooper Firm, 531 Roselane Street, Suite 200, Marietta, GA 30060, Attn.: Lance A. Cooper, Esq. (email: lance@thecooperfirm.com); (2) Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., 218 Commerce Street, P.O. Box 4160 Montgomery, AL 36104, Attn.: J. Cole Portis, Esq. (email: Cole.Portis@BeasleyAllen.com); and (3) Cole Schotz P.C., 1325 Avenue of the Americas, 19th Floor, New York, NY 10019, attn.: Mark Tsukerman, Esq. (email: mtsukerman@coleschotz.com).

    10. **Payment:** Interested parties should contact the following parties for instructions regarding making payments and distributions on the Claim: (1) The Cooper Firm, 531 Roselane Street, Suite 200, Marietta, GA 30060, Attn.: Lance A. Cooper, Esq. (email: lance@thecooperfirm.com); and (2) Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., 218

3

Commerce Street, P.O. Box 4160 Montgomery, AL 36104, Attn.: J. Cole Portis, Esq. (email: Cole.Portis@BeasleyAllen.com).

57986/0001-16101095v1

### Fill in this information to identify the case:

Debtor 1: Motors Liquidation Company, et al.

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: Southern District of New York

Case number: 09-50026 (MG) (Jointly Administered)

Official Form 410

# Proof of Claim                                                                                              04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Larry A. King, as Personal Representative of the Estate of Hannah King, Deceased
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

SEE ATTACHED RIDER
Name

_____ _____
Number    Street

_____ _____ _____
City      State    ZIP Code

Contact phone _____
Contact email _____

Where should payments to the creditor be sent? (if different)

SEE ATTACHED RIDER
Name

_____ _____
Number    Street

_____ _____ _____
City      State    ZIP Code

Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____      Filed on ___/___/_____
                                                                          MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                              Proof of Claim                              page 1

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**  $_____.   **Does this amount include interest or other charges?**

See Attached Rider

☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Personal injury and wrongful death claim (See Attached Rider)

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                  $_____
   **Amount of the claim that is secured:**   $_____

   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $_____

   **Annual Interest Rate** (when case was filed) _____ %
   ☐ Fixed
   ☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410       Proof of Claim       page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No ☐ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  7/15/2018
                 MM / DD / YYYY

_/s/ Lance Cooper_
Signature

Print the name of the person who is completing and signing this claim:

Name: Lance A. Cooper
      First name    Middle name    Last name

Title: Partner

Company: The Cooper Firm
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 531 Roselane Street, Suite 200
         Number    Street
         Marietta                    GA         30060
         City                        State      ZIP Code

Contact phone: 770-427-5588          Email: lance@thecooperfirm.com

Official Form 410    Proof of Claim    page 3

*In re Motors Liquidation Company, et al. f/k/a General Motors Corp., et al.*
Case No. 09-50026 (MG) (Jointly Administered)

## RIDER TO PROOF OF CLAIM OF LARRY A. KING

1. **Name and Capacity of Claimant:** Larry A. King, as Personal Representative of the Estate of Hannah King, Deceased ("**Claimant**").

2. **Nature and Basis of Claim:** Pursuant to this Proof of Claim, Claimant asserts a personal injury and wrongful death claim (the "**Claim**") against the bankruptcy estate of Motors Liquidation Company f/k/a General Motors Corporation ("**Old GM**") and its affiliated debtors (collectively, the "**Debtors**") and the Motors Liquidation Company General Unsecured Creditors Trust (the "**GUC Trust**"). The Claim arises out of accident that occurred on May 10, 2004 in York County, Pennsylvania, involving a 2003 Saturn Ion which was manufactured by Old GM. The accident was caused by an ignition switch defect in the subject vehicle, which was eventually subject to NHTSA Recall Number 14V-047 issued by New GM in 2014.

3. **Description of Accident:** On May 10, 2004, Karen King was driving her 2003 Saturn Ion on Red Lion Avenue just south of Main Street in Felton Borough, York, Pennsylvania. Because of the nature of the crash, the known safety defects in the vehicle caused the key in Karen King's car to turn from the run to accessory/off position as she was driving on Red Lion Avenue. Once she crossed over the bumpy bridge, the key turned and the engine shut off. As a result of the engine shutting off, Karen King and Hannah King were stranded on the bridge and the road was beginning to flood. Karen King called her mother and told her that she had lost power and steering. Since she was unable to get the car to restart, the vehicle ultimately began filing with water and rescue personnel were unable to save her and her daughter. Karen King King and Hannah King suffered fatal injuries during the accident.

5. **Amount of Claim:** The Claim is asserted in an amount to be proven at trial (or via estimation proceeding in the bankruptcy court).

6. **Related Litigation:** Claimant is the plaintiff in an action against General Motors LLC ("**New GM**") pending in the *In re General Motors LLC Ignition Switch Litigation* before Judge Furman in the United States District Court for the Southern District of New York, MDL No. 2543, Case No. 17-CV-09522 (the "**New GM Action**"). A copy of Claimant's complaint in the New GM Action will be made available upon request.

7. **Adjudication of Claim by the Bankruptcy Court and Jury Trial Right:**

    a. Claimant is a party to that certain Settlement Agreement, dated as of April 25, 2018 (as amended on May 22, 2018) and filed in the Bankruptcy Court on May 22, 2018 [Docket Number 141312-1] (the "**Settlement Agreement**"), by and between Wilmington Trust Company, in its capacity as trustee for and administrator of the Motors Liquidation Company General Unsecured Creditors Trust (the "**GUC Trust**") and certain Signatory Plaintiffs thereto.

    b. Pursuant to and in connection with the Settlement Agreement, Claimant (a) consents to the Bankruptcy Court estimating her Claim in connection with the settlement contemplated by the Settlement Agreement, but not for any other purpose; and (b) has agreed to waive any right to a jury trial in connection with, *inter alia*, the Bankruptcy Court estimating her Claim and fixing the amount of her Claim for purposes of receiving distributions from the

Settlement Fund as contemplated by the Settlement Agreement. (*See* Settlement Agreement at ¶ 2.9). Claimant's above-referenced consent to the Bankruptcy Court's estimation of her Claim and agreement to waive her jury trial right is more fully, particularly, and accurately described in the Settlement Agreement, is qualified in its entirety by the actual terms thereof, and is hereby expressly subject to the Bankruptcy Court's approval of the Settlement Agreement and entry of a final and non-appealable Settlement Order contemplated thereby.

        c.      Except in connection with the Settlement Agreement and as provided therein, by virtue of filing this Proof of Claim, Claimant (a) does not consent to the jurisdiction of the Bankruptcy Court and does not waive the right to dispute the jurisdiction of the Bankruptcy Court to hear any proceeding, motion or other matter related to this claim or any other rights of claimant apart from this claim; (b) does not consent to this claim being adjudicated in the Bankruptcy Court; (c) demands a jury trial, to the extent permitted by law, with respect to the adjudication of this Claim; and (d) pursuant to 28 U.S.C. § 157(e), does not consent to such jury trial being conducted in the Bankruptcy Court.

        d.      For the avoidance of any doubt, nothing in this Proof of Claim is intended to be, or should be construed as, a waiver of any of Claimant's rights and claims against New GM or an election of remedies against New GM in connection with the New GM Action or otherwise.

    8.    **Reservation of Rights:** Subject to the Settlement Agreement, and other than what is provided in and contemplated thereby, the execution and filing of this Proof of Claim and Rider are not intended to: (a) waive or release any of Claimant's rights against any other entity or person that may be liable for all or any part of any of this Claim; (b) waive the right to seek withdrawal of the reference with respect to the subject matter of this Claim, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this proceeding against or otherwise involving the Debtors or any of their affiliates, successors, assigns, officers, directors, employees, advisors, agents, and/or counsel; or (c) constitute an election of remedies that waives or otherwise affects any other remedy. Claimant expressly reserves the right to amend, modify and/or supplement this Proof of Claim at any time for whatever reason. By virtue of filing this Proof of Claim, claimant does not waive, and hereby expressly reserves, its right to pursue claims based upon alternative legal theories.

    9.    **Notice:** All notices with respect to this Claim should be sent to the following parties: (1) The Cooper Firm, 531 Roselane Street, Suite 200, Marietta, GA 30060, Attn.: Lance A. Cooper, Esq. (email: lance@thecooperfirm.com); (2) Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., 218 Commerce Street, P.O. Box 4160 Montgomery, AL 36104, Attn.: J. Cole Portis, Esq. (email: Cole.Portis@BeasleyAllen.com); and (3) Cole Schotz P.C., 1325 Avenue of the Americas, 19th Floor, New York, NY 10019, attn.: Mark Tsukerman, Esq. (email: mtsukerman@coleschotz.com).

    10.    **Payment:** Interested parties should contact the following parties for instructions regarding making payments and distributions on the Claim: (1) The Cooper Firm, 531 Roselane Street, Suite 200, Marietta, GA 30060, Attn.: Lance A. Cooper, Esq. (email: lance@thecooperfirm.com); and (2) Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., 218

2

Commerce Street, P.O. Box 4160 Montgomery, AL 36104, Attn.: J. Cole Portis, Esq. (email: Cole.Portis@BeasleyAllen.com).

# Fill in this information to identify the case:

Debtor 1: Motors Liquidation Company, et al.

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: Southern District of New York

Case number: 09-50026 (MG) (Jointly Administered)

Official Form 410

# Proof of Claim    04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

1. **Who is the current creditor?**
   Rose Thompso, as Personal Representative of the Estate of Ter'iel Thompson, Deceased
   Name of the current creditor (the person or entity to be paid for this claim)
   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**
   ☑ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?
   SEE ATTACHED RIDER
   Name

   Where should payments to the creditor be sent? (if different)
   SEE ATTACHED RIDER
   Name

   Number   Street
   City   State   ZIP Code
   Contact phone _____
   Contact email _____

   Number   Street
   City   State   ZIP Code
   Contact phone _____
   Contact email _____

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):
   __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

4. **Does this claim amend one already filed?**
   ☑ No
   ☐ Yes. Claim number on court claims registry (if known) _____   Filed on ____ / ____ / _____
                                                                      MM    DD    YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☑ No
   ☐ Yes. Who made the earlier filing? _____

Official Form 410    Proof of Claim    page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

6. Do you have any number you use to identify the debtor?
   - ☑ No
   - ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. How much is the claim? $_____ See Attached Rider. Does this amount include interest or other charges?
   - ☐ No
   - ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   Personal injury and wrongful death claim (See Attached Rider)

9. Is all or part of the claim secured?
   - ☑ No
   - ☐ Yes. The claim is secured by a lien on property.
     **Nature of property:**
     - ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
     - ☐ Motor vehicle
     - ☐ Other. Describe: _____

     **Basis for perfection:** _____
     Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

     Value of property:    $_____
     Amount of the claim that is secured:    $_____
     Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

     Amount necessary to cure any default as of the date of the petition:    $_____

     Annual Interest Rate (when case was filed) _____%
     - ☐ Fixed
     - ☐ Variable

10. Is this claim based on a lease?
    - ☑ No
    - ☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

11. Is this claim subject to a right of setoff?
    - ☑ No
    - ☐ Yes. Identify the property: _____

Official Form 410                           Proof of Claim                           page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No ☐ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  1 / 25 / 2018
                  MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

Name: Lance A. Cooper
      First name    Middle name    Last name

Title: Partner

Company: The Cooper Firm
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 531 Roselane Street, Suite 200
         Number    Street
         Marietta                    GA    30060
         City                        State ZIP Code

Contact phone: 770-427-5588    Email: lance@thecooperfirm.com

Official Form 410                Proof of Claim                page 3

*In re Motors Liquidation Company, et al. f/k/a General Motors Corp., et al.*
Case No. 09-50026 (MG) (Jointly Administered)

### RIDER TO PROOF OF CLAIM OF ROSE THOMPSON

1. **Name and Capacity of Claimant:** Rose Thompson, as Personal Representative of the Estate of Ter'iel Thompson, Deceased ("**Claimant**").

2. **Nature and Basis of Claim:** Pursuant to this Proof of Claim, Claimant asserts a personal injury and wrongful death claim (the "**Claim**") against the bankruptcy estate of Motors Liquidation Company f/k/a General Motors Corporation ("**Old GM**") and its affiliated debtors (collectively, the "**Debtors**") and the Motors Liquidation Company General Unsecured Creditors Trust (the "**GUC Trust**"). The Claim arises out of accident that occurred on September 2, 2006 in Jefferson County, Arkansas, involving a 2005 Chevrolet Cobalt which was manufactured by Old GM. The accident was caused by an ignition switch defect in the subject vehicle, which was eventually subject to NHTSA Recall Number 14V-047 issued by New GM in 2014.

3. **Description of Accident:** On September 2, 2006, Ter'iel Thompson was driving her 2005 Chevrolet Cobalt southbound on I-530 in Jefferson County, Arkansas. Because of the nature of the crash, the known safety defects in the Cobalt caused the key in Ter'iel Thompson's car to turn from the run to accessory/off position as she was driving on I-530. Once the key turned, the engine shut off. As a result of the engine shutting off, Ter'iel Thompson lost control of the vehicle, entered the center grassy median and subsequently turns over. The vehicle came to rest in the northbound lanes where it was struck by another vehicle. Despite the force and magnitude of the impact, the safety-related defects in the vehicle caused the airbags in Ter'iel Thompson's car not to deploy. Ter'iel Thompson suffered fatal injuries during the accident.

5. **Amount of Claim:** The Claim is asserted in an amount to be proven at trial (or via estimation proceeding in the bankruptcy court).

6. **Related Litigation:** Claimant is the plaintiff in an action against General Motors LLC ("**New GM**") pending in the *In re General Motors LLC Ignition Switch Litigation* before Judge Furman in the United States District Court for the Southern District of New York, MDL No. 2543, Case No. 18-CV-00729 (the "**New GM Action**"). A copy of Claimant's complaint in the New GM Action will be made available upon request.

7. **Adjudication of Claim by the Bankruptcy Court and Jury Trial Right:**

    a. Claimant is a party to that certain Settlement Agreement, dated as of April 25, 2018 (as amended on May 22, 2018) and filed in the Bankruptcy Court on May 22, 2018 [Docket Number 141312-1] (the "**Settlement Agreement**"), by and between Wilmington Trust Company, in its capacity as trustee for and administrator of the Motors Liquidation Company General Unsecured Creditors Trust (the "**GUC Trust**") and certain Signatory Plaintiffs thereto.

    b. Pursuant to and in connection with the Settlement Agreement, Claimant (a) consents to the Bankruptcy Court estimating her Claim in connection with the settlement contemplated by the Settlement Agreement, but not for any other purpose; and (b) has agreed to waive any right to a jury trial in connection with, *inter alia*, the Bankruptcy Court estimating her Claim and fixing the amount of her Claim for purposes of receiving distributions from the Settlement Fund as contemplated by the Settlement Agreement. (*See* Settlement Agreement at

¶ 2.9). Claimant's above-referenced consent to the Bankruptcy Court's estimation of her Claim and agreement to waive her jury trial right is more fully, particularly, and accurately described in the Settlement Agreement, is qualified in its entirety by the actual terms thereof, and is hereby expressly subject to the Bankruptcy Court's approval of the Settlement Agreement and entry of a final and non-appealable Settlement Order contemplated thereby.

    c. Except in connection with the Settlement Agreement and as provided therein, by virtue of filing this Proof of Claim, Claimant (a) does not consent to the jurisdiction of the Bankruptcy Court and does not waive the right to dispute the jurisdiction of the Bankruptcy Court to hear any proceeding, motion or other matter related to this claim or any other rights of claimant apart from this claim; (b) does not consent to this claim being adjudicated in the Bankruptcy Court; (c) demands a jury trial, to the extent permitted by law, with respect to the adjudication of this Claim; and (d) pursuant to 28 U.S.C. § 157(e), does not consent to such jury trial being conducted in the Bankruptcy Court.

    d. For the avoidance of any doubt, nothing in this Proof of Claim is intended to be, or should be construed as, a waiver of any of Claimant's rights and claims against New GM or an election of remedies against New GM in connection with the New GM Action or otherwise.

    8. **Reservation of Rights:** Subject to the Settlement Agreement, and other than what is provided in and contemplated thereby, the execution and filing of this Proof of Claim and Rider are not intended to: (a) waive or release any of Claimant's rights against any other entity or person that may be liable for all or any part of any of this Claim; (b) waive the right to seek withdrawal of the reference with respect to the subject matter of this Claim, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this proceeding against or otherwise involving the Debtors or any of their affiliates, successors, assigns, officers, directors, employees, advisors, agents, and/or counsel; or (c) constitute an election of remedies that waives or otherwise affects any other remedy. Claimant expressly reserves the right to amend, modify and/or supplement this Proof of Claim at any time for whatever reason. By virtue of filing this Proof of Claim, claimant does not waive, and hereby expressly reserves, its right to pursue claims based upon alternative legal theories.

    9. **Notice:** All notices with respect to this Claim should be sent to the following parties: (1) The Cooper Firm, 531 Roselane Street, Suite 200, Marietta, GA 30060, Attn.: Lance A. Cooper, Esq. (email: lance@thecooperfirm.com); (2) Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., 218 Commerce Street, P.O. Box 4160 Montgomery, AL 36104, Attn.: J. Cole Portis, Esq. (email: Cole.Portis@BeasleyAllen.com); and (3) Cole Schotz P.C., 1325 Avenue of the Americas, 19th Floor, New York, NY 10019, attn.: Mark Tsukerman, Esq. (email: mtsukerman@coleschotz.com).

    10. **Payment:** Interested parties should contact the following parties for instructions regarding making payments and distributions on the Claim: (1) The Cooper Firm, 531 Roselane Street, Suite 200, Marietta, GA 30060, Attn.: Lance A. Cooper, Esq. (email: lance@thecooperfirm.com); and (2) Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., 218 Commerce Street, P.O. Box 4160 Montgomery, AL 36104, Attn.: J. Cole Portis, Esq. (email: Cole.Portis@BeasleyAllen.com).

57986/0001-16132506v1