**BROWNRUDNICK**

EDWARD S. WEISFELNER
direct dial: (212) 209-4900
fax: (212) 209-4801
eweisfelner@brownrudnick.com

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

July 31, 2018

**VIA EMAIL AND ECF FILING**

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

**RE:   In re Motors Liquidation Company, et al., Case No. 09-50026 (MG)**

Dear Judge Glenn:

We write on behalf of the Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs in reply to the *Response by New GM to Letter from Signatory Plaintiffs Dated July 26, 2018, Regarding a Proposed Settlement in the GenOn Bankruptcy*, dated July 30, 2018 [ECF No. 14354] (the "**Response**").[1]

In the Response, New GM contends that the *GenOn* Settlement "did not involve a settlement of putative class claims without a Rule 23 decision" because the *GenOn* Settlement was executed after the *GenOn* MDL and Bankruptcy Courts denied class certification. See Response 1-2. Based on these prior rulings, New GM assumes that the *GenOn* Settlement did not settle the proposed class claims, but rather resolved only the claims of the five Named Claimants. See id.

New GM misrepresents these prior rulings. The *GenOn* Bankruptcy Court denied without prejudice a motion seeking to apply Rule 23 to the proceedings because the *GenOn* MDL Court's ruling denying class certification was on appeal to the Ninth Circuit. Class certification was a live issue resolved as part of the *GenOn* Settlement. See *GenOn* 9019 Motion, attached to the Response as Exhibit C, at ¶ 32 ("The size of the potential exposure here will vary materially based on numerous separate issues, including whether a class is certified . . . ."). It is clear that the *GenOn* Settlement resolved proposed class proofs of claim, allowing the proofs of claim in the aggregate amount of $3,850,000 and providing for dismissal of the related class action complaints filed in the *GenOn* MDL Court. See id. ¶ 21 (describing the *GenOn* Settlement terms); ¶ 32 (contending that the *GenOn* Settlement reflects a reasonable compromise in light of potential damages for plaintiffs' claims—not solely Named Claimants' claims).

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Response.

Next, New GM notes that in the *GenOn* Settlement, "releases would be provided only by those unnamed claimants who 'opt in' to the *GenOn* Settlement by submitting claims to the bankruptcy court by a specified deadline or who participated in prior settlements in the MDL." Response 2. New GM ignores that any other putative class members would be subject to the original bar date under the confirmed *GenOn* plan of reorganization—a point made explicit by the parties to the *GenOn* Settlement. See *GenOn* Settlement, attached as Exhibit B to the Response, § 2(c); *GenOn* 9019 Motion ¶ 21(k). Thus, while the form of the release in the *GenOn* Settlement differs from the release in the Plaintiffs – GUC Trust Settlement, functionally it operates similarly. Moreover, New GM omits that the *GenOn* Settlement provides for the release of the claims of and distributions to class members who had participated in prior settlements in the *GenOn* MDL Court with no requirement that these individuals or entities file a claim in the bankruptcy.

Finally, there is no basis for New GM's contention that "if the mechanics of the *GenOn* Settlement were applied to the Proposed Settlement here, only the small number of actually filed claims would be estimated for allowance . . . ." Response 3. Estimation was not at issue in *GenOn*. In any event, it appears that this contention is an extension of New GM's assumption that the *GenOn* Settlement only resolved the claims of the Named Claimants. As described above, this assumption is belied by the *GenOn* Settlement and *GenOn* 9019 Motion, which utilize Bankruptcy Rule 9019 without application of Rule 23 to allow proposed class proofs of claim in an agreed-upon amount taking into account the debtors' potential exposure for plaintiffs' claims based on the resolution of such issues as class certification.

Respectfully submitted,

 */s/ Edward S. Weisfelner*
Edward S. Weisfelner
Howard S. Steel
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
hsteel@brownrudnick.com

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION
2323 Bryan Street, Ste 2200
Dallas, Texas 75201
Tel: 214-969-4900
esserman@sbep-law.com



Honorable Martin Glenn
July 31, 2018
Page 3

*Designated Counsel for the Ignition Switch
Plaintiffs and Certain Non-Ignition Switch
Plaintiffs in the Bankruptcy Court*

Steve W. Berman (admitted pro hac vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Tel: 206-623-7292
steve@hbsslaw.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch
Plaintiffs and Certain Non-Ignition Switch
Plaintiffs in the MDL Court*

cc:     Counsel of Record via CM/ECF