KING & SPALDING LLP
1185 AVENUE OF THE AMERICAS
NEW YORK, NY 10036

———————

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019

August 2, 2018

VIA E-MAIL
AND ECF FILING
The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

> Re:    **In re Motors Liquidation Company,** *et al.*
> **Case No. 09-50026 (MG)**
>
> **Response by New GM to Letter from Signatory Plaintiffs**
> **Dated July 31, 2018, Regarding the *GenOn* Settlement**

Dear Judge Glenn:

New GM[1] writes in response to the letter filed by the Signatory Plaintiffs, dated July 31, 2018 [ECF No. 14359] (the "July 31 Letter"), regarding the *GenOn* Settlement.[2]

Signatory Plaintiffs describe the *GenOn* Settlement as an example of a bankruptcy court using "Bankruptcy Rule 9019 without application of Rule 23 to allow proposed class proofs of claim . . . ." This directly contradicts the ***GenOn* parties' own characterization** of the *GenOn* Settlement as "***not a class settlement***." (*See GenOn* MDL Status Report (emphasis added).)

Signatory Plaintiffs' view of the *GenOn* Settlement as "allowing" the proposed class claims[3] is refuted by the plain language of the claims themselves. Both claims were filed and signed by the law firm representing the Named Claimants and carefully noted that "[a]uthority to

---

[1]    Capitalized terms not defined herein have the meanings given to them in New GM's letter to the Court regarding the *GenOn* Settlement dated July 30, 2018 [ECF No. 14354], to which the *GenOn* MDL Status Report, *GenOn* Settlement, and *GenOn* 9019 Motion are attached as exhibits.

[2]    New GM understands that the Court has already received letters on the *GenOn* Settlement, a matter raised for the first time at oral argument. However, Signatory Plaintiffs continue to emphasize the importance of this case and raise new arguments. Under these circumstances, New GM respectfully believes this letter will assist the Court in analyzing the issues presented by the *GenOn* Settlement.

[3]    Claims 1222 and 1224 are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

Honorable Martin Glenn
August 2, 2018
Page 2

sign the claim on behalf of the putative class is being sought concurrently by motion to apply Fed. R. Civ. P. 23 to these proceedings and allow counsel authority to sign on behalf of putative class members." (*See, e.g.*, Proposed Class Claim 1222 p.3.) Because the request for such "authority" was denied by the *GenOn* bankruptcy court, no class claims even existed, and therefore the proposed class claims were not allowed by the *GenOn* Settlement. Instead, they were expunged.[4]

Moreover, the fact that class certification was a "live issue" because the *GenOn* bankruptcy court denied certification without prejudice does not mean that the *GenOn* Settlement allowed proposed class claims without applying Rule 23. The *GenOn* Settlement effectively ended the class certification process and eliminated the risk to the *GenOn* debtors of having to satisfy allowed class claims. Here, on the other hand, Movants have structured the Proposed Settlement to similarly end the class certification process, but they also seek to reap the benefits of having a certified class. This approach—skipping class certification while functionally keeping the class—is certainly not supported by the *GenOn* Settlement.

Finally, Signatory Plaintiffs contend that there is "functional similarity" between the interplay of the *GenOn* bar date and the voluntary releases in the *GenOn* Settlement, on the one hand, and the nonconsensual releases Signatory Plaintiffs seek to impose on non-signatory Plaintiffs. The existence of a bar date (a ubiquitous feature of chapter 11 proceedings) that would have applied regardless of the *GenOn* Settlement does not give Signatory Plaintiffs the legal authority to impose releases upon millions of non-signatory Plaintiffs. Signatory Plaintiffs also forget that the non-participating *GenOn* claimants still retained the right to file late claims and seek their allowance (assuming they could make an appropriate showing to the *GenOn* bankruptcy court in accordance with applicable law).

In any case, this argument is essentially a repeat of the same flawed reasoning that Signatory Plaintiffs advanced at the July 19 hearing: that a bankruptcy court should not "slavishly adhere" to bankruptcy law if doing so would frustrate the objectives of Signatory Plaintiffs. (7/19/2018 Hr'g Tr. 90:1.) It also ignores that Signatory Plaintiffs seek **adjudication** for allowance purposes of millions of unfiled claims without being authorized to represent any of such claimants. The *GenOn* Settlement, by contrast, did not seek the adjudication of claims of absent class members by counsel who did not represent them.

To the best of New GM's knowledge, no bankruptcy court has ever "utilize[d] Bankruptcy Rule 9019 without application of Rule 23 to **allow proposed class proofs of claim**" (July 31 Letter p.2 (emphasis added)), and the *GenOn* Settlement is no exception.[5]

---

[4]    The inclusion of proposed class claims 1222 and 1224 in the list of proofs of claim being "resolved" and then "expunged" pursuant to the *GenOn* Settlement serves no purpose other than preventing Polsinelli (the law firm representing the Named Claimants) from later reasserting its request to certify the class claims.

[5]    That "[e]stimation was not at issue in *GenOn*" is irrelevant. Rule 23 applies to proposed class claims regardless of whether claims are being allowed by estimation or settlement.

Honorable Martin Glenn
August 2, 2018
Page 3

Respectfully submitted,


*/s/ Paul M. Basta*

Paul M. Basta
Aidan Synnott
Kyle J. Kimpler
Sarah Harnett
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

*and*

Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

*Counsel for General Motors LLC*

## **EXHIBIT A**

### *GENON* **CLAIM 1222**

RECEIVED

SEP 1 4 2017

LEGAL SERVICES

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | RRI Energy Services, LLC f/k/a Reliant Energy Services Inc. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number | 17-33750 |

Filed: USBC - Southern District of Texas
GenOn Energy, Inc., et. al.
17-33695 (DRJ)

0000001222

Official Form 410

# Proof of Claim

12/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | | | |
|---|---|---|---|
| 1. | Who is the current creditor? | Kansas Class Members in U.S. Dist. of Nevada, Case No. 2:03-CV-S-1431-RCJ-PAL | |
| | | Name of the current creditor (the person or entity to be paid for this claim) | |
| | | Other names the creditor used with the debtor | |
| 2. | Has this claim been acquired from someone else? | ☒ No | |
| | | ☐ Yes. From whom? _____ | |

| | | |
|---|---|---|
| 3. | Where should notices and payments to the creditor be sent? | **Where should notices to the creditor be sent?** |
| | Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Andrew Nazar |
| | | Name |
| | | 900 W. 48th Place, Suite 900 |
| | | Number    Street |
| | | Kansas City        MO        64112 |
| | | City        State        ZIP Code |
| | | Contact phone   816-395-0641 |
| | | Contact email   anazar@polsinelli.com |

**Where should payments to the creditor be sent? (if different)**

Name

Number     Street

City        State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | | |
|---|---|---|
| 4. | Does this claim amend one already filed? | ☒ No |
| | | ☐ Yes.  Claim number on court claims registry (if known) _____ |

Filed on _____
        MM   / DD   / YYYY

| | | |
|---|---|---|
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No |
| | | ☐ Yes.  Who made the earlier filing? _____ |

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

| | |
|---|---|
| 7. How much is the claim? | $ **Unliquidated.  See Exhibit A.**   Does this amount include interest or other charges?<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Lawsuit (U.S. Dist. of Nevada, Case No. 2:03-CV-S-1431-RCJ-PAL) |

| | |
|---|---|
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:                                    $_____<br>Amount of the claim that is secured:        $_____<br><br>Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:   $_____<br><br>Annual Interest Rate (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition,   $_____ |

| | |
|---|---|
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | Amount entitled to priority |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b). | *Check the appropriate box:* |
|---|---|
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☐ I am the creditor. |
| | ☑ I am the creditor's attorney or authorized agent.* |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| | I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |
| | Executed on date  9/13/2017 |
| | MM / DD / YYYY |

Signature

Print the name of the person who is completing and signing this claim:

| Name | Andrew Nazar | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Polsinelli PC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 900 W. 48th Place, Suite 900 | | |
| | Number    Street | | |
| | Kansas City | MO | 64112 |
| | City | State    ZIP Code | |
| Contact phone | 816-395-0641 | Email  anazar@polsinelli.com | |

*Authority to sign the claim on behalf of the putative class is being sought concurrently by motion to apply
Fed. R. Civ. P. 23 to these proceedings and allow counsel authority to sign on behalf of putative class members.



RRI Energy Services, LLC f/k/a Reliant Energy Services, Inc.
U.S. Bankruptcy Court, Southern District of Texas
Case No. 17-33750
Chapter 11

### KANSAS CLASS MEMBERS' CLASS PROOF OF CLAIM

Debtor:  RRI Energy Services, LLC f/k/a Reliant Energy Services, Inc.

Petition Date:  June 14, 2017

Total Amount of Claim:  Unliquidated.

Treatment of Claim:  Unsecured claim.

Materials Supporting Claim:[1]

1.    Second Amended Complaint in Learjet, Inc., et al. vs. ONEOK, Inc., et al., Case No. CV-S-06-233-RCJ-PAL (U.S. District Court, District of Nevada).

2.    All documents produced by Plaintiffs in the Nevada Litigation.

3.    All deposition testimony taken in the Nevada Litigation.

4.    All audio recordings in the Nevada Litigation.

5.    All evidence of trading transactions regardless of the format that was produced in the Nevada Litigation.

6.    All evidence of reporting to trade publications regardless of the format that was produced in the Nevada Litigation.

7.    All evidence received from trade publications regardless of the format that was produced in the Nevada Litigation.

8.    Any and all discovery and deposition testimony not yet produced, received or taken in the Nevada Litigation.

9.    Any and all discovery and deposition testimony previously received or taken which becomes relevant as a result of future development or refinement of the arguments, theories and evidence of any Plaintiff or Defendant, in the Nevada Litigation.

---

[1] Pursuant to the Bar Date Order entered in this case and written permission from the Debtors' counsel, Claimants are referencing but not attaching a copy of the Materials Supporting the Claim referenced in this Exhibit. Those documents are available in the Nevada Litigation's electronic docket, or have already been provided to Debtors in the Nevada Litigation. Further, several of these documents are subject to a protective order entered in the Nevada Litigation, protections of which are not waived by referencing the documents here.

10. Any and all reports, including exhibits, supporting documents, data or information available to or used by and opinions given or held by Michael Harris, Mark Dwyer, Merrill Bateman or George Donkin relating to the Nevada litigation.

11. To the extent not inconsistent with Plaintiffs' legal positions in the Nevada Litigation and if elected by Plaintiffs, any and all portions of reports, including exhibits, supporting documents, data or information available to or used by and opinions given or held by Defendants' experts, whether relating to the Nevada Litigation or any other litigation.

12. To the extent not inconsistent with Plaintiffs' legal positions herein and if elected by Plaintiffs, any and all testimony or statements, including exhibits, of Defendants' or co-conspirators' witnesses, employees or representatives, whether relating to the Nevada Litigation or any other litigation.

13. Any and all evidence received as a result of FOIA Requests about Defendants' manipulation of natural gas prices with:

   - Federal Energy Regulatory Commission (FERC);

   - Commodity Futures Trading Commission (CFTC);

   - Department of Justice (DOJ); and

   - Securities and Exchange Commission (SEC).

14. Any and all testimony or statements contained in depositions or court transcripts relating to any civil or criminal investigation or action relating, in whole or part, to natural gas trading, pricing or reporting during the time frame of January 1, 2000 through December 31, 2003. This shall also include all exhibits relating to such testimony or statements.

15. Any and all testimony or statements contained in any depositions or court transcripts relating to any civil or criminal investigation or action relating, in whole or part, to natural gas trading, pricing or reporting during the time frame of January 1, 2000 through December 31, 2003. This shall also include all exhibits relating to such testimony or statements.

16. Any and all documents obtained as a result of any in any governmental investigation or action relating, in whole or part, to natural gas trading, pricing or reporting during the time frame of January 1, 2000 through December 31, 2003.

17. Any and all documents obtained as a result of any in any civil or criminal investigation or action relating, in whole or part, to natural gas trading, pricing or reporting during the time frame of January 1, 2000 through December 31, 2003.

18. Any evidence produced by any Defendant in the Nevada Litigation or which was otherwise discovered by Plaintiffs in the Nevada Litigation.

2

19. All documents produced by Plaintiffs and Defendants in the Nevada Litigation.

20. All documents produced by third parties in the Nevada Litigation.

21. All written discovery responses by the parties in the Nevada Litigation.

22. All deposition testimony in the Nevada Litigation.

23. All audio files produced by Defendants in the Nevada Litigation.

24. All audio files produced by third parties in the Nevada Litigation.

25. Final Report on Price Manipulation in Western Markets; Fact-Finding Investigation of Potential Manipulation of Electric and Natural Gas Prices, Docket No. PA02-2-000, Prepared by the Staff of the Federal Energy Regulatory Commission, March 2003.

26. Policy Statement on Natural Gas and Electric Price Indices, Docket No. PL03-3-000, Issued July 24, 2003 by Federal Energy Regulatory Commission.

27. All pleadings and briefs filed in the Nevada Litigation.

28. All orders from the court in the Nevada Litigation and any courts of appeal.

29. Any and all documents referenced in the Plaintiffs' interrogatory responses in the Nevada Litigation.

30. Any and all documents, pleadings, discovery, orders, pleas, judgments, Consent Agreements, settlements, etc. relating to any investigation by the government into allegations of false reporting, wash trading, churning or conspiracy, including but not limited to the following matters:

- CFTC v. Am. Elec. Power Co., No. 2:03-CV-891 (S.D. Ohio Jan. 26, 2005).
- United States v. Am. Elec. Power Company, Inc. and AEP Energy Services, Inc., DOJ deferred prosecution agreement. See Press Release, DOJ, American Electric Power, Inc. to Pay $30 Million Penalty to Resolve Criminal Allegations, No. 05-032 (Jan. 26, 2005).
- Am. Elec. Power Company, Inc. et al., No. IN02-10-001, 110 FERC ¶ 61061 (Jan. 26, 2005).
- United States v. Baggett, No. 1:07-CR-00021 (D. D.C. May 25, 2007).
- CFTC v. Foley, No. 2:05-CV-849 (S.D. Ohio Sept. 27, 2006).
- United States v. Foley, No. 1:07-CR-00062 (D. D.C. Jul. 10 2007).
- United States v. Hoover, No. 1:07-CR-00020 (D. D.C. May 15, 2007).
- CMS Mktg. Services and Trading Company and CMS Field Services, Inc., CFTC No. 04-05, (Nov, 25, 2003).

60320397.1

- CMS Energy Corp. and Terry Woolley, Securities Act Release No. 8403, Exchange Act Release No. 49,432, Accounting and Auditing Enforcement Release No. 1978, Admin. Proceeding File No. 3-11436 (Mar. 17, 2004).
- CFTC v. Bradley & Martin, No. 4:05-CV-00062 (N.D. Okla. Jun. 25, 2007).
- Tamela Pallas, Securities Act Release No. 8931, Exchange Act Release No. 57,979, Accounting and Auditing Enforcement Release No. 2841, Admin. Proceeding File No. 3-13073 (Jun. 17, 2008).
- Preston D. Hopper, CPA, Securities Act Release No. 8930, Exchange Act Release No. 57,978, Accounting and Auditing Enforcement Release No. 2840, SEC Admin. Proceeding File No. 3-13072 (Jun. 17, 2008).
- Coral Energy Res., L.P., CFTC No. 04-21, Comm. Fut. L. Rep. P 29815 (Jul. 28, 2004).
- Coral Energy Res., L.P., No. IN05-5-000, 110 FERC ¶ 61205 (Mar. 3, 2005).
- CFTC v. Johnson, et al., No. Civ. A. H-05-332 (S.D. Tex. Nov. 8, 2007).
- Duke Energy Trading & Mktg., LLC, CFTC No. 03-26, Comm. Fut. L. Rep. P 29583 (Sept. 17, 2003).
- Duke Energy Corp., Exchange Act Release No. 51,995, Accounting and Auditing Enforcement Release No. 2273, SEC Admin. Proceeding File No. 3-11974 (Jul. 8, 2005).
- United States v. Lavielle, et al., No. H-04-CR-00155 (S.D. Tex. Feb. 10, 2005).
- CFTC v. Whitney, Civ. A. No. H–05–333 (S.D.Tex. Mar. 5, 2008).
- Dynegy Marketing & Trade and West Coast Power LLC, CFTC No. 03-03, Comm. Fut. L. Rep. P. 29262 (Dec. 18, 2002).
- In re Dynegy Mktg. & Trade, West Coast Power LLC, SEC Admin. Proceeding.  See Press Release, SEC, Dynegy Settles Securities Fraud Charges Involving SPEs, Round-Trip Energy Trades, No. 2002-140 (Sept. 24, 2002).
- United States v. Valencia, No. 4:04-CR-00514 (S.D. Tex. Sept. 3, 2008).
- ePrime, Inc., CFTC No. 04-12, Comm. Fut. L. Rep. P 29671 (Jan. 28, 2004).
- El Paso Merchant Energy, LP, CFTC No. 03-09, Comm. Fut. L. Rep. P 29431 (Mar. 26, 2003).
- SEC v. El Paso Corp., et al., No. 4:08-cv-02191 (S.D. Tex. Jul. 28, 2008).
- United States v. Brooks, et al., No. 4:04-CR-00512 (S.D. Tex.).
- United States v. Bakkenist, No. H-04-CR-00453 (S.D. Tex. Oct. 05, 2004).
- United States v. Burwell, No. H-04-CR-00513 (S.D. Tex. Feb. 28, 2006).
- United States v. Dean, No. H-04-CR-00450 (S.D. Tex. Oct. 05, 2004).
- United States v. Geiger, No. H-02-CR-00712 (S.D. Tex. Dec. 10, 2003).
- United States v. Guilbault, No. H-04-CR-00451 (S.D. Tex. Oct. 18, 2004).
- United States v. Ham, No. H-04-CR-00452 (S.D. Tex. Oct. 05, 2004).

- *United States v. Singleton*, No. H-06-CR-000080 (S.D. Tex. Sept. 8, 2008).
- *ONEOK Energy Mktg. and Trading Company, L.P. and ONEOK, Inc.*, CFTC No. 04-09, Comm. Fut. L. Rep. P 29673 (Jan. 28, 2004).
- *Reliant Energy Services, Inc.*, CFTC No. 04-06, Comm. Fut. L. Rep. P 29639 (Nov. 25, 2003).
- *United States v. Reliant Energy Services Inc., et al.*, No. CR 04-0125 VRW (N.D. Cal. Mar. 06, 2007).
- *FERC v. Reliant Energy Services, Inc.*, No. PA02-2-001, 102 FERC ¶ 61108, 61285 (Jan. 31, 2003).
- In re Reliant Resources. Inc. and Reliant Energy Inc., Securities Act Release No. 8232, Exchange Act Release No. 47,828, Accounting and Auditing Enforcement Release No. 1780, Admin. Proceeding File No. 3-11110 (May 12, 2003).
- *United States v. Futch*, No. 04-CR-00511 (S.D. Tex. Mar. 15, 2006).
- Eddie Richard Meche, Securities Act Release No. 8551, Exchange Act Release No. 51,315, Accounting and Auditing Enforcement Release No. 2198, Admin. Proceeding File No. 3-11844 (Mar. 3, 2005).
- *Williams Energy Mktg. & Trading, and The Williams Companies*, CFTC No. 03-21, Comm. Fut. L. Rep. P 29558 (Jul. 29, 2003).
- *United States v. Williams Energy Marketing & Trading and The Williams Companies*, DOJ Agreement (N.D. Cal.). See Press Release, DOJ, Williams Power Company, Inc., to Pay $50 Million Penalty to Resolve Criminal Allegations, No. 06-094 (Feb. 22, 2006).
- *United States v. Brown*, No. 06-CR-0226 (N.D. Cal. Dec. 20, 2010).
- *United States v. McKenna*, No. 05-CR-00275 (N.D. Cal. Dec. 15, 2010).
- *Brion Scott McKenna*, CFTC No. SD 05-03, Comm. Fut. L. Rep. P 30076 (May 20, 2005).
- *United States v. Pool*, No. 04-CR-0404 (N.D. Cal. Dec. 17, 2004).
- *United States v. Thompson*, No. 06-CR-288 (D.D.C. Sept. 29, 2010).

## Basis for Claim

Claimants are the Kansas Class Members in a multi-district litigation matter captioned *In re Western States Wholesale Natural Gas Antitrust Litigation*, Case File No. 2:03-CV-01431, before the United States District Court for the District of Nevada (the "MDL"). The Class Representatives filed their Second Amended Complaint on behalf of Creditors in 2005 seeking recovery on behalf of themselves and the class, for Defendants' violations of the Kansas Restraint of Trade Act. K.S.A. §§ 50-101 et al.

The Kansas Class Members contend that defendants, including Reliant Energy Services, Inc., conspired to manipulate the prices of natural gas during January 2000 through October 2002. The Kansas Class Members filed suit under the Kansas antitrust laws, which entitle them to recover from defendants the full amount they paid for natural gas, K.S.A § 50-115. In the alternative, the Kansas Class Members seek damages under the Kansas treble damages statute,

5

K.S.A. § 50-161, which entitles them to three times the overcharge caused by defendants' conduct. Kansas law also entitles the Kansas Class Members to interest, costs, and attorney fees.

The reports of the Kansas Class Members' experts are referenced in support of the claim. Dr. Harris and Dr. Dwyer propose a methodology for assessing damages, and Dr. Bateman calculated the overcharge that resulted from Defendants' manipulation. Those reports are referenced in full here. Nothing herein shall waive or estop Claimant from pursuing any methodology or calculation of damages.

The Kansas Class Members are contemporaneously filing a Motion and Memorandum of Law in Support of Allowance of Class Proofs of Claim.

### Reservation of Rights

Claimants expressly reserve the right to claim any additional amounts, including amounts which are or may be currently contingent or unliquidated and amounts that may be entitled to administrative priority under sections 507 and 503 of title 11 of the United States Code. Claimants also expressly include the right to any pre or post-petition interest and for any pre or post-petition legal fees.

This Proof of Claim is filed under the compulsion of the bar date established in these chapter 11 proceedings and is filed to protect the Claimants from any asserted forfeiture of claims by reason of said bar date. Claimants expressly reserve the right to amend, modify and/or supplement any of the claims set forth herein and to file, in accordance with orders of the Bankruptcy Court and/or the Federal Rules of Bankruptcy Procedure, any amended, modified and/or supplementary claims that Claimants may have against the Debtor.

Claimants expressly reserve the right to attach, produce and/or rely upon additional documentation which supports their claims and any additional documents that may become available after further investigation or discovery.

The filing of this proof of claim does not and shall not constitute a waiver or release of any of Claimants' rights or claims against: (a) any other person, entity or property; (b) to contest the jurisdiction of the Bankruptcy Court with respect to the subject matter of the claims set forth herein; and/or (c) to elect remedies or choice of law.

Claimants expressly reserve all rights with respect to claims and causes of action they may hold against the Debtor. The Claimants reserve all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims or defenses that may be asserted by the Debtor, including, without limitation, any rights of setoff, offset, and/or recoupment.

The Claimants hereby further reserve all rights accruing to them, and the filing of this Proof of Claim is not and shall not be deemed or construed as: (i) a waiver, release, or limitation of its rights against any person, entity, or property (including, without limitation, the Debtor or any other person or entity that is or may become a debtor in a case pending in this Court; (ii) a consent by the Claimants to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the Claimants;

6

60320397.1

(iii) a waiver, release, or limitation of the right of the Claimants to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether or not such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by the Claimant to a jury trial in this Court of any other court in any proceeding as to any and all mattes so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release, or limitation of the right of the Claimants to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by U.S. District Court Judge; (vi) consent to this Court hearing or deciding any matter or proceeding, to the extent this Court lacks the constitutional authority to do so, under *Stern v. Marshall* or otherwise; (vii) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving the Claimants; (viii) an election of remedies; or (ix) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

## Certificate of Service.

Copies of the Proof of Claim Form 410 were sent by U.S. Mail to counsel on record for the Debtors.  Per Footnote 1, the Materials Supporting the Claim have not been attached to the Proof of Claim.

C
O
U
R
T

D
O
C
K
E
T

| 17-33750 | 24-1 | 9/15/2017 | SH |
|----------|------|-----------|-----|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

## EXHIBIT B

*GENON* **CLAIM 1224**

RECEIVED

SEP 1 4 2017

LEGAL SERVICES

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | RRI Energy Services, LLC f/k/a Reliant Energy Services Inc. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number | 17-33750 |

Filed: USBC - Southern District of Texas
GenOn Energy, Inc., et. al.
17-33695 (DRJ)

0000001224

Official Form 410

# Proof of Claim

12/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Missouri Class Members in U.S. Dist. of Nevada. Case No. 2:03-CV-S-1431-RCJ-PAL |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

| | |
|---|---|
| 2. Has this claim been acquired from someone else? | ☒ No <br> ☐ Yes.   From whom? _____ |

| | | |
|---|---|---|
| 3. Where should notices and payments to the creditor be sent? <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? <br><br> Andrew Nazar <br> Name <br> 900 W. 48th Place, Suite 900 <br> Number    Street <br> Kansas Class    MO    64112 <br> City    State    ZIP Code <br><br> Contact phone  816-395-0641 <br> Contact email  anazar@polsinelli.com | Where should payments to the creditor be sent? (if different) <br><br> Name <br><br> Number    Street <br> City    State    ZIP Code <br><br> Contact phone <br> Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br> _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |

| | | |
|---|---|---|
| 4. Does this claim amend one already filed? | ☒ No <br> ☐ Yes.   Claim number on court claims registry (if known) _____ | Filed on ____/____/____ <br> MM / DD / YYYY |

| | |
|---|---|
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☒ No <br> ☐ Yes.   Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6.** Do you have any number you use to identify the debtor?

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7.** How much is the claim?   $ _Unliquidated.  See_ Does this amount include interest or other charges?
_Exhibit A._

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Lawsuit (U.S. Dist. of Nevada, Case No. 2:03-CV-S-1431-RCJ-PAL)

**9.** Is all or part of the claim secured?

☑ No

☐ Yes.  The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection:
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                           $_____

Amount of the claim that is secured:     $_____

Amount of the claim that is unsecured: $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10.** Is this claim based on a lease?

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11.** Is this claim subject to a right of setoff?

☑ No

☐ Yes. Identify the property: _____

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ **No**<br>☐ **Yes.** *Check one:*                                  **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).      $_____

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).      $_____

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).      $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).      $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).      $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.      $_____

\* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

| | |
|---|---|
| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | *Check the appropriate box:*<br><br>☐ I am the creditor.<br>☑ I am the creditor's attorney or authorized agent.\*<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date   **9/13/2017**<br>                 MM / DD / YYYY |

                *signature*

Print the name of the person who is completing and signing this claim:

| Name | **Andrew Nazar** | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | **Attorney** | | |
| Company | **Polsinelli PC** | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | **900 W. 48th Place, Suite 900** | | |
| | Number   Street | | |
| | **Kansas City** | **MO** | **64112** |
| | City | State | ZIP Code |
| Contact phone | **816-395-0641** | Email | **anazar@polsinelli.com** |

**\*Authority to sign the claim on behalf of the putative class is being sought concurrently by motion to apply Fed. R. Civ. P. 23 to these proceedings and allow counsel authority to sign on behalf of putative class members.**



RRI Energy Services, LLC f/k/a Reliant Energy Services, Inc.
U.S. Bankruptcy Court, Southern District of Texas
Case No. 17-33750
Chapter 11

## MISSOURI CLASS MEMBERS' CLASS PROOF OF CLAIM

Debtor: RRI Energy Services, LLC f/k/a Reliant Energy Services, Inc.

Petition Date: June 14, 2017

Total Amount of Claim: Unliquidated.

Treatment of Claim: Unsecured claim.

Materials Supporting Claim:[1]

1.   Amended Complaint in Heartland Regional Medical Center v. ONEOK, Inc., Case No. CV-S-07-987-RCJ-PAL (U.S. District Court, District of Nevada).

2.   All documents produced by Plaintiffs in the Nevada Litigation.

3.   All deposition testimony taken in the Nevada Litigation.

4.   All audio recordings in the Nevada Litigation.

5.   All evidence of trading transactions regardless of the format that was produced in the Nevada Litigation.

6.   All evidence of reporting to trade publications regardless of the format that was produced in the Nevada Litigation.

7.   All evidence received from trade publications regardless of the format that was produced in the Nevada Litigation.

8.   Any and all discovery and deposition testimony not yet produced, received or taken in the Nevada Litigation.

9.   Any and all discovery and deposition testimony previously received or taken which becomes relevant as a result of future development or refinement of the arguments, theories and evidence of any Plaintiff or Defendant, in the Nevada Litigation.

---

[1] Pursuant to the Bar Date Order entered in this case and written permission from the Debtors' counsel, Claimants are referencing but not attaching a copy of the Materials Supporting the Claim referenced in this Exhibit. Those documents are available in the Nevada Litigation's electronic docket, or have already been provided to Debtors in the Nevada Litigation. Further, several of these documents are subject to a protective order entered in the Nevada Litigation, protections of which are not waived by referencing the documents here.

60320427.1

10. Any and all reports, including exhibits, supporting documents, data or information available to or used by and opinions given or held by Michael Harris, Mark Dwyer, Merrill Bateman or George Donkin relating to the Nevada litigation.

11. To the extent not inconsistent with Plaintiffs' legal positions in the Nevada Litigation and if elected by Plaintiffs, any and all portions of reports, including exhibits, supporting documents, data or information available to or used by and opinions given or held by Defendants' experts, whether relating to the Nevada Litigation or any other litigation.

12. To the extent not inconsistent with Plaintiffs' legal positions herein and if elected by Plaintiffs, any and all testimony or statements, including exhibits, of Defendants' or co-conspirators' witnesses, employees or representatives, whether relating to the Nevada Litigation or any other litigation.

13. Any and all evidence received as a result of FOIA Requests about Defendants' manipulation of natural gas prices with:

    • Federal Energy Regulatory Commission (FERC);

    • Commodity Futures Trading Commission (CFTC);

    • Department of Justice (DOJ); and

    • Securities and Exchange Commission (SEC).

14. Any and all testimony or statements contained in depositions or court transcripts relating to any civil or criminal investigation or action relating, in whole or part, to natural gas trading, pricing or reporting during the time frame of January 1, 2000 through December 31, 2003. This shall also include all exhibits relating to such testimony or statements.

15. Any and all testimony or statements contained in any depositions or court transcripts relating to any civil or criminal investigation or action relating, in whole or part, to natural gas trading, pricing or reporting during the time frame of January 1, 2000 through December 31, 2003. This shall also include all exhibits relating to such testimony or statements.

16. Any and all documents obtained as a result of any in any governmental investigation or action relating, in whole or part, to natural gas trading, pricing or reporting during the time frame of January 1, 2000 through December 31, 2003.

17. Any and all documents obtained as a result of any in any civil or criminal investigation or action relating, in whole or part, to natural gas trading, pricing or reporting during the time frame of January 1, 2000 through December 31, 2003.

18. Any evidence produced by any Defendant in the Nevada Litigation or which was otherwise discovered by Plaintiffs in the Nevada Litigation.

60320427.1

19.     All documents produced by Plaintiffs and Defendants in the Nevada Litigation.

20.     All documents produced by third parties in the Nevada Litigation.

21.     All written discovery responses by the parties in the Nevada Litigation.

22.     All deposition testimony in the Nevada Litigation.

23.     All audio files produced by Defendants in the Nevada Litigation.

24.     All audio files produced by third parties in the Nevada Litigation.

25.     Final Report on Price Manipulation in Western Markets; Fact-Finding Investigation of Potential Manipulation of Electric and Natural Gas Prices, Docket No. PA02-2-000, Prepared by the Staff of the Federal Energy Regulatory Commission, March 2003.

26.     Policy Statement on Natural Gas and Electric Price Indices, Docket No. PL03-3-000, Issued July 24, 2003 by Federal Energy Regulatory Commission.

27.     All pleadings and briefs filed in the Nevada Litigation.

28.     All orders from the court in the Nevada Litigation and any courts of appeal.

29.     Any and all documents referenced in the Plaintiffs' interrogatory responses in the Nevada Litigation.

30.     Any and all documents, pleadings, discovery, orders, pleas, judgments, Consent Agreements, settlements, etc. relating to any investigation by the government into allegations of false reporting, wash trading, churning or conspiracy, including but not limited to the following matters:

- CFTC v. Am. Elec. Power Co., No. 2:03-CV-891 (S.D. Ohio Jan. 26, 2005).
- United States v. Am. Elec. Power Company, Inc. and AEP Energy Services, Inc., DOJ deferred prosecution agreement. See Press Release, DOJ, American Electric Power, Inc. to Pay $30 Million Penalty to Resolve Criminal Allegations, No. 05-032 (Jan. 26, 2005).
- Am. Elec. Power Company, Inc. et al., No. IN02-10-001, 110 FERC ¶ 61061 (Jan. 26, 2005).
- United States v. Baggett, No. 1:07-CR-00021 (D. D.C. May 25, 2007).
- CFTC v. Foley, No. 2:05-CV-849 (S.D. Ohio Sept. 27, 2006).
- United States v. Foley, No. 1:07-CR-00062 (D. D.C. Jul. 10 2007).
- United States v. Hoover, No. 1:07-CR-00020 (D. D.C. May 15, 2007).
- CMS Mktg. Services and Trading Company and CMS Field Services, Inc., CFTC No. 04-05, (Nov, 25, 2003).

3

- CMS Energy Corp. and Terry Woolley, Securities Act Release No. 8403, Exchange Act Release No. 49,432, Accounting and Auditing Enforcement Release No. 1978, Admin. Proceeding File No. 3-11436 (Mar. 17, 2004).
- CFTC v. Bradley & Martin, No. 4:05-CV-00062 (N.D. Okla. Jun. 25, 2007).
- Tamela Pallas, Securities Act Release No. 8931, Exchange Act Release No. 57,979, Accounting and Auditing Enforcement Release No. 2841, Admin. Proceeding File No. 3-13073 (Jun. 17, 2008).
- Preston D. Hopper, CPA, Securities Act Release No. 8930, Exchange Act Release No. 57,978, Accounting and Auditing Enforcement Release No. 2840, SEC Admin. Proceeding File No. 3-13072 (Jun. 17, 2008).
- Coral Energy Res., L.P., CFTC No. 04-21, Comm. Fut. L. Rep. P 29815 (Jul. 28, 2004).
- Coral Energy Res., L.P., No. IN05-5-000, 110 FERC ¶ 61205 (Mar. 3, 2005).
- CFTC v. Johnson, et al., No. Civ. A. H-05-332 (S.D. Tex. Nov. 8, 2007).
- Duke Energy Trading & Mktg., LLC, CFTC No. 03-26, Comm. Fut. L. Rep. P 29583 (Sept. 17, 2003).
- Duke Energy Corp., Exchange Act Release No. 51,995, Accounting and Auditing Enforcement Release No. 2273, SEC Admin. Proceeding File No. 3-11974 (Jul. 8, 2005).
- United States v. Lavielle, et al., No. H-04-CR-00155 (S.D. Tex. Feb. 10, 2005).
- CFTC v. Whitney, Civ. A. No. H–05–333 (S.D.Tex. Mar. 5, 2008).
- Dynegy Marketing & Trade and West Coast Power LLC, CFTC No. 03-03, Comm. Fut. L. Rep. P. 29262 (Dec. 18, 2002).
- In re Dynegy Mktg. & Trade, West Coast Power LLC, SEC Admin. Proceeding. See Press Release, SEC, Dynegy Settles Securities Fraud Charges Involving SPEs, Round-Trip Energy Trades, No. 2002-140 (Sept. 24, 2002).
- United States v. Valencia, No. 4:04-CR-00514 (S.D. Tex. Sept. 3, 2008).
- ePrime, Inc., CFTC No. 04-12, Comm. Fut. L. Rep. P 29671 (Jan. 28, 2004).
- El Paso Merchant Energy, LP, CFTC No. 03-09, Comm. Fut. L. Rep. P 29431 (Mar. 26, 2003).
- SEC v. El Paso Corp., et al., No. 4:08-cv-02191 (S.D. Tex. Jul. 28, 2008).
- United States v. Brooks, et al., No. 4:04-CR-00512 (S.D. Tex.).
- United States v. Bakkenist, No. H-04-CR-00453 (S.D. Tex. Oct. 05, 2004).
- United States v. Burwell, No. H-04-CR-00513 (S.D. Tex. Feb. 28, 2006).
- United States v. Dean, No. H-04-CR-00450 (S.D. Tex. Oct. 05, 2004).
- United States v. Geiger, No. H-02-CR-00712 (S.D. Tex. Dec. 10, 2003).
- United States v. Guilbault, No. H-04-CR-00451 (S.D. Tex. Oct. 18, 2004).
- United States v. Ham, No. H-04-CR-00452 (S.D. Tex. Oct. 05, 2004).

4

- United States v. Singleton, No. H-06-CR-000080 (S.D. Tex. Sept. 8, 2008).
- ONEOK Energy Mktg. and Trading Company, L.P. and ONEOK, Inc., CFTC No. 04-09, Comm. Fut. L. Rep. P 29673 (Jan. 28, 2004).
- Reliant Energy Services, Inc., CFTC No. 04-06, Comm. Fut. L. Rep. P 29639 (Nov. 25, 2003).
- United States v. Reliant Energy Services Inc., et al., No. CR 04-0125 VRW (N.D. Cal. Mar. 06, 2007).
- FERC v. Reliant Energy Services, Inc., No. PA02-2-001, 102 FERC ¶ 61108, 61285 (Jan. 31, 2003).
- In re Reliant Resources. Inc. and Reliant Energy Inc., Securities Act Release No. 8232, Exchange Act Release No. 47,828, Accounting and Auditing Enforcement Release No. 1780, Admin. Proceeding File No. 3-11110 (May 12, 2003).
- United States v. Futch, No. 04-CR-00511 (S.D. Tex. Mar. 15, 2006).
- Eddie Richard Meche, Securities Act Release No. 8551, Exchange Act Release No. 51,315, Accounting and Auditing Enforcement Release No. 2198, Admin. Proceeding File No. 3-11844 (Mar. 3, 2005).
- Williams Energy Mktg. & Trading, and The Williams Companies, CFTC No. 03-21, Comm. Fut. L. Rep. P 29558 (Jul. 29, 2003).
- United States v. Williams Energy Marketing & Trading and The Williams Companies, DOJ Agreement (N.D. Cal.). See Press Release, DOJ, Williams Power Company, Inc., to Pay $50 Million Penalty to Resolve Criminal Allegations, No. 06-094 (Feb. 22, 2006).
- United States v. Brown, No. 06-CR-0226 (N.D. Cal. Dec. 20, 2010).
- United States v. McKenna, No. 05-CR-00275 (N.D. Cal. Dec. 15, 2010).
- Brion Scott McKenna, CFTC No. SD 05-03, Comm. Fut. L. Rep. P 30076 (May 20, 2005).
- United States v. Pool, No. 04-CR-0404 (N.D. Cal. Dec. 17, 2004).
- United States v. Thompson, No. 06-CR-288 (D.D.C. Sept. 29, 2010).

**Basis for Claim**

Creditors are the Missouri Class Members in a multi-district litigation matter captioned *In re Western States Wholesale Natural Gas Antitrust Litigation*, Case File No. 2:03-CV-01431, before the United States District Court for the District of Nevada (the "MDL"). The Class Representatives filed their Amended Complaint on behalf of Creditors in 2007 seeking recovery on behalf of themselves and the class, for Defendants' violations of the Missouri Antitrust Laws. Mo. Rev. Stat. §§ 416.011 et seq.

The Missouri Class Members contend that defendants, including Reliant Energy Services, Inc., conspired to manipulate the prices of natural gas during January 2000 through October 2002. The Missouri Class Members seek damages under the Missouri treble damages statute, R.S. Mo. 416.121, which entitles them to three times the overcharge caused by defendants' conduct. The statute also entitles the Missouri Class Members to interest and the cost of bringing the suit, including reasonable attorneys' fees.

5

The reports of the Missouri Class Members' experts are referenced in support of the claim. Dr. Harris and Dr. Dwyer propose a methodology for assessing damages, and Dr. Bateman calculated the overcharge that resulted from Defendants' manipulation. Those reports are referenced in full here. Nothing herein shall waive or estop Claimant from pursuing any methodology or calculation of damages.

The Missouri Class Members are contemporaneously filing a Motion and Memorandum of Law in Support of Allowance of Class Proofs of Claim.

## Reservation of Rights

Claimants expressly reserve the right to claim any additional amounts, including amounts which are or may be currently contingent or unliquidated and amounts that may be entitled to administrative priority under sections 507 and 503 of title 11 of the United States Code. Claimants also expressly include the right to any pre or post-petition interest and for any pre or post-petition legal fees.

This Proof of Claim is filed under the compulsion of the bar date established in these chapter 11 proceedings and is filed to protect the Claimants from any asserted forfeiture of claims by reason of said bar date. Claimants expressly reserve the right to amend, modify and/or supplement any of the claims set forth herein and to file, in accordance with orders of the Bankruptcy Court and/or the Federal Rules of Bankruptcy Procedure, any amended, modified and/or supplementary claims that Claimants may have against the Debtor.

Claimants expressly reserve the right to attach, produce and/or rely upon additional documentation which supports their claims and any additional documents that may become available after further investigation or discovery.

The filing of this proof of claim does not and shall not constitute a waiver or release of any of Claimants' rights or claims against: (a) any other person, entity or property; (b) to contest the jurisdiction of the Bankruptcy Court with respect to the subject matter of the claims set forth herein; and/or (c) to elect remedies or choice of law.

Claimants expressly reserve all rights with respect to claims and causes of action they may hold against the Debtor. The Claimants reserve all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims or defenses that may be asserted by the Debtor, including, without limitation, any rights of setoff, offset, and/or recoupment.

The Claimants hereby further reserve all rights accruing to them, and the filing of this Proof of Claim is not and shall not be deemed or construed as: (i) a waiver, release, or limitation of its rights against any person, entity, or property (including, without limitation, the Debtor or any other person or entity that is or may become a debtor in a case pending in this Court; (ii) a consent by the Claimants to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the Claimants; (iii) a waiver, release, or limitation of the right of the Claimants to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related

60320427.1

hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether or not such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by the Claimant to a jury trial in this Court of any other court in any proceeding as to any and all mattes so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release, or limitation of the right of the Claimants to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by U.S. District Court Judge; (vi) consent to this Court hearing or deciding any matter or proceeding, to the extent this Court lacks the constitutional authority to do so, under *Stern v. Marshall* or otherwise; (vii) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving the Claimants; (viii) an election of remedies; or (ix) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

## Certificate of Service

Copies of the Proof of Claim Form 410 were sent by U.S. Mail to counsel on record for the Debtors. Per Footnote 1, the Materials Supporting the Claim have not been attached to the Proof of Claim.

60320427.1

C

O

U

R

T


D

O

C

K

E

T

| 17-33750 | **26-1** | 9/15/2017 | SH |
|----------|----------|-----------|-----|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |