# Exhibit B



AlaFile E-Notice

09-CV-2017-900053.80

To:  BAUGH ROBERT RICHARDSON
rbaugh@sirote.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

KRUUZ FINCH AS THE ADM OF THE ESTATE OF LAMAR HOUGH VS GENERAL MOTORS
09-CV-2017-900053.80

The following complaint was FILED on 12/7/2017 9:37:17 AM

Notice Date:    12/7/2017 9:37:17 AM

RASHAWN HARRIS
CIRCUIT COURT CLERK
BULLOCK COUNTY, ALABAMA
217 PRAIRIE STREET
UNION SPRINGS, AL, 36089

334-738-2280

ELECTRONICALLY FILED
12/7/2017 9:36 AM
09-CV-2017-900053.80
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
RASHAWN HARRIS, CLERK

IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

| | |
|---|---|
| KRUUZ FINCH, as the Guardian and Representative of LAMAR HOUGH, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. CV-2017-900053.80 |
| GENERAL MOTORS, LLC; RONALD GOSHAY d/b/a RON'S AUTOMOTIVE, et al., | ) ) ) ) ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

Plaintiff incorporates the original and first amended complaints and amends such complaints to strike any claim for punitive damages based on Old GM conduct and to assert claims for punitive damages based on New GM conduct. Plaintiff amends the original and first amended complaints as follows:

### Statement of the Parties

1. Plaintiff, Kruuz Finch is the Administrator of the Estate of Lamar Hough, deceased. Mr. Finch is over the age of nineteen years and is a resident citizen of Bullock County, Alabama.

2. Defendant General Motors LLC ("New GM") is believed to be a foreign corporation with its principal place of business being in Detroit, Michigan but at all times material was doing business by agent in Bullock County, Alabama. New GM was formed in 2009 when General Motors Corporation ("Old GM") filed for Bankruptcy. Old GM sold its assets to New GM, and in return, New GM assumed liability for accidents that occurred

1

after the sale of assets due to the conduct of Old GM. In addition, New GM is liable for its own independent wrongdoing in connection with the post-sale accident.

3. Defendant Ronald Goshea is believed to be over the age of nineteen years, a resident citizen of Bullock County, Alabama and at all times material was doing business as Ron's Automotive in Bullock County, Alabama.

4. Fictitious Defendant "A" is that person, corporation or other legal entity who designed, manufactured and sold the GM vehicle which is the subject matter of this lawsuit.

5. Fictitious Defendant "B" is that person, corporation or other legal entity who maintained or serviced the GM vehicle which is the subject matter of this lawsuit.

6. Fictitious Defendant "C" is that person, corporation or other legal entity whose negligence, wantonness or other wrongful conduct combined and concurred to cause the injuries alleged herein.

## Statement of the Facts

7. On May 6, 2017, in Bullock County, Alabama, Lamar Hough was driving his 1998 Chevrolet Blazer, VIN 1GNCS13W9W2197171 on Alabama 223.

8. The subject vehicle started backfiring and running very rough. Unbeknownst to Mr. Hough, the vehicle had developed an engine/transmission fluid leak.

9. The subject vehicle shut off in the road and started rolling backwards. At approximately the same time the vehicle engine compartment caught fire and the vehicle rolled back into a ditch.

10. Mr. Hough was unable to get out before the engine fire came through the firewall resulting in his severe burns and died as a result of his burn injuries on August 17, 2017.

## COUNT ONE
### (Alabama Extended Manufacturer's Liability Doctrine [AEMLD])

11. Plaintiff realleges all allegations as contained in paragraphs 1 through 10 as if set out here in full.

12. The subject 1998 Chevrolet Blazer was in substantially the same design condition at the time of this accident as it was when it was put into the stream of commerce. The subject vehicle was originally sold in Alabama.

13. The firewall on the subject vehicle should have been designed to prevent engine fires from getting into the passenger compartment before the occupant had time to escape.

14. The engine fire in this case came into the vehicle within a short period of time from ignition.

15. The subject vehicle was defective in that the occupant compartment was not sealed in such a fashion as to prevent engine fires from getting into the passenger compartment before the occupants have adequate time to escape.

16. There were alternative designs available to General Motors Corporation ("Old GM") at the time this vehicle was designed, manufactured and sold which would have significantly delayed the time for the fire to encroach into the occupant compartment.

17. The alternative designs were technologically and economically feasible and would have prevented the injuries to Mr. Hough.

3

18.     As a proximate consequence of the defects in the design of the subject vehicle, Mr. Hough was severely burned over a significant portion of his body; he suffered severe pain; mental anguish; physical disfigurement and disabilities which are permanent in nature; he has incurred significant medical and other expenses and will do so in the future; and he was otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment in an amount that will reasonably compensate Mr. Hough for his injuries, including the cost of this action.  Plaintiff does not seek punitive damages from New GM based on the conduct of Old GM.

## COUNT TWO
### (Negligence)

19.     Plaintiff realleges all allegations as contained in paragraphs 1 through 18 as if set out here in full.

20.     Defendant Ronald Goshea, d/b/a Ron's Automotive and Fictitious Defendants "B" and "C" performed maintenance on the subject 1998 Chevrolet Blazer in Bullock County, Alabama.

21.     As a part of the service, maintenance and inspection by Ron's Automotive, work included the engine and transmission of the subject vehicle.

22.     The maintenance and inspection was performed in a negligent manner and as a proximate consequence of the negligence of Defendants, the fluids escaped and the engine misfired causing the engine fire.

WHEREFORE, Plaintiff demands judgment against Defendant Ronald Goshea, d/b/a Ron's Automotive and Fictitious Defendants "B" and "C" in such an amount as a jury may award for the injuries and damages as alleged in paragraph 18 of the complaint plus the cost of this action.

4

## COUNT THREE
### (Negligence/Wantonness)

23. Plaintiff realleges all allegations as contained in paragraphs 1 through 22 as if set out here in full.

24. Old GM and Fictitious Defendants "A" and "C" negligently designed, manufactured, sold, placed into the stream of commerce, failed to warn or recall or was otherwise negligent in its design, manufacture, sell, and monitoring of the subject 1998 Chevrolet Blazer. Because New GM assumed liability for Old GM's conduct in causing post-sale accidents, Plaintiff seeks compensatory damages based on the conduct listed in this paragraph. Plaintiff does not seek punitive damages from New GM based on the conduct of Old GM.

25. New GM and Fictitious Defendants "A" and "C" negligently and wantonly failed to warn or recall the subject 1998 Chevrolet Blazer starting in 2009 until the date of the accident on May 6, 2017. Because New GM is liable for its own independent wrongdoing, Plaintiff seeks compensatory and punitive damages based on the conduct listed in this paragraph.

26. As a proximate consequence of the negligent or wanton acts alleged herein, Lamar Hough suffered severe injuries as alleged in paragraph 18 of the complaint.

## COUNT FOUR
### (Wrongful Death)

27. Plaintiff, Kruuz Finch, as the Administrator of the Estate of Lamar Hough, makes a claim for the wrongful death of his father.

28. Mr. Hough sustained burn injuries in the 1998 Chevrolet Blazer as alleged on May 6, 2017 in Bullock County, Alabama.

5

29. The subject vehicle was backfiring and running rough. Unbeknownst to Mr. Hough, the vehicle had developed an engine/transmission fluid leak.

30. The subject vehicle shut off in the road and started rolling backwards.

31. At approximately the same time, the vehicle engine compartment caught fire as the vehicle rolled back into a ditch.

32. Mr. Hough was unable to escape the vehicle before the engine fire came through the firewall resulting in severe injuries which caused personal injuries which lead to his death.

33. The subject 1998 Chevrolet Blazer was in substantially the same design condition at the time of this accident as it was when it was put into the stream of commerce. The subject vehicle was originally sold in Alabama.

34. The firewall on the subject vehicle should have been designed to prevent engine fires from getting into the passenger compartment before the occupant had time to escape.

35. The engine fire came into the vehicle within a short period of time from ignition.

36. The subject vehicle is defective in that the occupant compartment was not sealed in such a fashion as to prevent engine fires from getting into the passenger compartment before the occupants have adequate time to escape.

37. There were alternative designs available to Old GM at the time this vehicle was designed, manufactured and sold which would have significantly delayed the time for the fire to encroach into the occupant compartment.

38.  Old GM and New GM should have known about the design flaws of the vehicle long before this fire occurred yet took no action to eliminate the dangerous design, to warn/recall the subject Chevy Blazer containing the dangerous design.

39.  Alternative designs were both technologically and economically feasible and those designs would have prevented the injuries to Mr. Hough which resulted in his death.

40.  As a proximate consequence of the defects in the design of the subject vehicle, Mr. Hough was severely burned over a significant portion of body which ultimately lead to cause his death.

WHEREFORE, Plaintiff demands judgment on behalf of the next-of-kin under the Alabama Wrongful Death Statute for those damages that a jury may assess and for the cost of this action.

## COUNT FIVE
### (Negligence/Wantonness)

41.  Plaintiff realleges all allegations as contained in paragraphs 1 through 43 of the original and Amended Complaints as if set out here in full.

42.  Old GM negligently designed, manufactured, sold, placed into the stream of commerce, failed to warn or recall or was otherwise negligent in its design, manufacture, sell, and monitoring of the subject 1998 Chevrolet Blazer.  Because New GM assumed liability for Old GM's conduct in causing post-sale accidents, Plaintiff seeks compensatory damages based on the conduct listed in this paragraph. Plaintiff does not seek punitive damages from New GM based on Old's GM conduct.

7

43. New GM and Fictitious Defendants "A" and "C" negligently and wantonly failed to warn or recall the subject 1998 Chevrolet Blazer starting in 2009 until the date of the accident on May 6, 2017. Because New GM is liable for its own independent wrongdoing, Plaintiff seeks compensatory and punitive damages based on the conduct listed in this paragraph.

44. As a proximate consequence of the negligent or wanton acts as alleged herein, Lamar Hough was injured as alleged in paragraph 18, which ultimately resulted in his death.

## COUNT SIX

45. Plaintiff realleges all allegations as contained in paragraphs 1 through 46 of the original and Amended Complaints as if set out here in full.

46. Defendant Ronald Goshay, d/b/a Ron's Automotive and Fictitious Defendants "B" and "C" performed maintenance on the subject 1998 Chevrolet Blazer in Bullock County, Alabama.

47. As a part of the service, maintenance and inspection by Ron's Automotive, work included the engine and transmission of the subject vehicle.

48. The maintenance and inspection was performed in a negligent manner and as a proximate consequence of the negligence of Defendants, the fluids escaped and the engine caught fire resulting the death of Mr. Hough.

WHEREFORE, Plaintiff demands judgment against Defendant Ronald Goshay, d/b/a Ron's Automotive and Fictitious Defendants "B" and "C" in such an amount as a jury may award and for the cost of this action.

8

/s/ Jere L. Beasley
JERE L. BEASLEY (BEA020)


/s/ J. Greg Allen
J. GREG ALLEN (ALL021)


/s/ D. Michael Andrews
D. MICHAEL ANDREWS (AND076)


/s/ L. Shane Seaborn
L. SHANE SEABORN (SEA027)


/s/ Myron C. Penn
Myron C. Penn (PEN020)
Attorneys for Plaintiff


OF COUNSEL:

BEASLEY, ALLEN, CROW,
  METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36104
(334) 269-2343
jere.beasley@beasleyallen.com
greg.allen@beasleyallen.com
michael.andrews@beasleyallen.com

PENN AND SEABORN, L.L.C.
P.O. Box 688
Clayton, AL 36016
(334) 775-9778
sseaborn1@yahoo.com
myronpenn28@hotmail.com

9

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the foregoing upon the following counsel by electronically filing same and/or by placing a copy of same in the U.S. Mail, postage prepaid, and properly addressed this 7th day of December, 2017.


/s/   J. Greg Allen
OF COUNSEL


**Attys. for Defendant General Motors, LLC**
Robert R. Baugh
Alyse N. Gillman
SIROTE & PERMUTT, PC
2311 Highland Avenue South
Birmingham, AL  35205
rbaugh@sirote.com
agillman@sirote.com

Ronald Goshay d/b/a Ron's Automotive
120-A Blackmon Avenue
Union Springs, AL  36089

10