# Exhibit E

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

August 31, 2018

<u>**VIA E-MAIL TRANSMISSION**</u>
J. Greg Allen, Esq.
BEASLEY, ALLEN, CROW,
   METHIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36104

Myron C. Penn, Esq.
Shane Seaborn, Esq.
PENN & SEABORN, L.L.C.
P.O. Box 688
Clayton, Alabama 36016

         Re:   *Kruuz Finch v. General Motors LLC, et al.*
               **Circuit Court for Bullock County, Alabama;**
               <u>**Case No. CV-2017-900053.80 ("Lawsuit")**</u>

Dear Counsel:

      You may recall that King & Spalding LLP is counsel for General Motors LLC ("**New GM**") for bankruptcy matters arising from lawsuits brought against New GM that involve vehicles manufactured by General Motors Corporation (n/k/a Motors Liquidation Company) ("**Old GM**"). We had previously written you about the Lawsuit in November 2017 concerning certain bankruptcy related issues; while those issues were unresolved, we had hoped that the mediation held on August 28, 2018 would have resolved the entire underlying dispute. Unfortunately, a settlement was not reached, and we understand that there is an upcoming trial scheduled for October 9, 2018. The remaining bankruptcy-related issues, therefore, need to be promptly addressed, failing which such issues will be presented to Bankruptcy Judge Glenn who is administering the *Old GM* bankruptcy case. Set forth below are the outstanding bankruptcy-related issues with the Second Amended Complaint ("**SAC**").

**A.**    <u>**A Failure To Recall Claim Based On Old GM Conduct Is Not**</u>
       <u>**An Assumed Liability; Plaintiff May Not Proceed to Trial On This Claim**</u>

      Plaintiff is asserting a failure to recall claim against New GM based on Old GM conduct. *See* SAC, ¶ 24 ("Old GM . . . negligently designed, manufactured, sold, placed into the stream of

J. Greg Allen, Esq., *et al.*
August 31, 2018
Page 2

commerce, failed to warn *or recall* or was otherwise negligent in its design, manufacture, sell, and monitoring of the subject 1998 Chevrolet Blazer. Because New GM assumed liability for Old GM's conduct in causing post-sale accidents, Plaintiff seeks compensatory damages based on the conduct listed in this paragraph.") (emphasis added)); *see also id.*, ¶ 42 (same). Failure to recall claims, though, were not assumed by New GM as part of the 363 Sale. *See* Judgment dated December 4, 2015 ("**December 2015 Judgment**") [Bankr. ECF No. 13563], ¶ 21 ("a duty to recall or retrofit is not an Assumed Liability, and New GM is not responsible for any failures of Old GM to do so"); *see id.*, ¶ 29 ("Obligations, if any, that New GM had to recall or retrofit Old GM Vehicles were not Assumed Liabilities, and New GM is not responsible for any failures of Old GM to do so.").

Accordingly, Plaintiff must agree not to further pursue this claim at trial.

**B.    The SAC Does Not Appropriately Plead Independent Claims;
Plaintiff May Not Proceed To Trial On Such Claims**

The alleged Independent Claims asserted by Plaintiff in the SAC are inconsistent with the Second Circuit's and Bankruptcy Court's rulings. Both of these Courts have ruled that Independent Claims must be based *solely* on New GM conduct, and cannot be based on Old GM conduct. *See In re Motors Liquidation Co.*, 829 F.3d 135, 157 (2d Cir. 2016) (defining Independent Claims as those "sorts of claims [that] are based on New GM's *post*-petition conduct, and are not claims that are based on a right to payment that arose before the filing of petition or that are based on pre-petition conduct"); *In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2963374, at *2 n.2 (Bankr. S.D.N.Y. July 12, 2017) ("truly Independent Claims" are "claims based solely on wrongful post-closing conduct of New GM . . ."); *In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2457881, at *10 (Bankr. S.D.N.Y. June 7, 2017) (defining "Independent Claims" as "claims against New GM based solely on New GM's post-closing wrongful conduct"); December 2015 Judgment, at 2 n.3 ("'Independent Claim' shall mean a claim or cause of action asserted against New GM that is based solely on New GM's own independent post-Closing acts or conduct.").

Plaintiff's alleged Independent Claims are not *solely* based on New GM conduct; the SAC contains no allegations regarding New GM conduct related to Plaintiff, to the Plaintiff's vehicle, to the type of the Plaintiff's vehicle in general, or, for that matter, to any post-363 Sale event. The only allegations regarding New GM conduct are general and conclusory. *See* SAC, ¶¶ 25, 38, 43. Any specific event discussed in the SAC only relates to Old GM conduct. Deciding the propriety of a similar complaint, the Bankruptcy Court in 2017 ruled that "[i]t is not acceptable . . . to base allegations on generalized knowledge of both Old GM and New GM. To pass the bankruptcy gate, a complaint must clearly allege that its causes of action are based solely on New GM's post-closing wrongful conduct." *Motors Liquidation Co.*, 2017 WL 2457881, at *10. The Bankruptcy Court concluded that "[t]hose claims cannot go forward against New GM as drafted." *Id.* at *1 n.1. In a later opinion, the Bankruptcy Court ruled that since a proposed complaint did "not identify any specific New GM conduct upon which to base an Independent Claim," such claim could not proceed as pled. *In re Motors Liquidation Co.*, 576 B.R. 313, 322 (Bankr. S.D.N.Y. 2017).

The same result applies here. Accordingly, Plaintiff must agree not to further pursue such claims at trial.

J. Greg Allen, Esq., *et al.*
August 31, 2018
Page 3

C. **Plaintiff Should Confirm He Is Not Seeking Punitive Damages from New GM Based on Old GM Conduct For the Wrongful Death Cause of Action (Count 4)**

The Bankruptcy Court has ruled that New GM is not liable for punitive damages based on Old GM conduct.  *See, e.g.*, December 2015 Judgment, ¶ 6 (New GM did not contractually assume liability for punitive damages based on Old GM knowledge or conduct, or anything else that took place at Old GM); *Motors Liquidation Co.*, 2017 WL 2963374, at *11 ("Post-Closing Accident Plaintiffs may not assert claims against New GM for punitive damages based on conduct of Old GM.").  These rulings were recently affirmed on appeal.  *See In re Motors Liquidation Co.*, 17-CV-6083, 17-CV-6088, and 17-CV-8294, 2018 WL 2416567, at *15 (S.D.N.Y. May 29, 2018) (affirming "the Bankruptcy Court's decision precluding punitive damages claims against New GM based on Old GM conduct").  In short, while New GM assumed compensatory damages in connection with Old GM's "Product Liabilities" as defined in the Sale Agreement, it did not assume punitive damages in connection with those liabilities.

Certain of the claims asserted by Plaintiff fall within the definition of assumed Product Liabilities.  While Plaintiff can proceed with those claims against New GM, he can only seek compensatory damages and is barred from seeking punitive damages on such claims.

Plaintiff agreed in the SAC that he cannot seek punitive damages based on the conduct of Old GM as he specifically filed the SAC "to strike any claim for punitive damages based on Old GM conduct . . . ."  SAC, at 1; *see also id.*, at 4 (Wherefore Clause) (Plaintiff is "not seek[ing] punitive damages from New GM based on the conduct of Old GM"); ¶ 24 (same) ¶ 42 (same).  To ensure there will be no confusion at trial, New GM seeks confirmation that Plaintiff will not seek punitive damages against New GM based on Old GM conduct in connection with any claim set forth in the SAC, including Counts 1, 3, 4 and 5.

*Given the upcoming trial date, please provide a written response to this letter by Thursday, September 6, 2018*.

New GM reserves all of its rights.

If you have any questions, please call me.

> Very truly yours,
>
> */s/ Scott Davidson*
>
> Scott Davidson

cc:    Paul Cassisa, Esq.