# Exhibit F



**beasley allen**
LAW FIRM

ATLANTA | MONTGOMERY

218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

(800) 898-2034

BeasleyAllen.com

**J. Greg Allen**
Lead Products Liability Attorney
greg.allen@beasleyallen.com

September 6, 2018

SENT VIA EMAIL
Scott Davidson
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
sdavidson@kslaw.com

**Re: Finch, Kruuz v. General Motors et al**

Dear Mr. Davidson:

I have your letter of August 31, 2018. As you know, we amended the complaint based on your letter of November 27, 2017. I thought we had all of the issues covered. I would have assumed that you would have notified me at that time if there was some issue with our amended complaint which may have run afoul of the GM bankruptcy.

We do not intend to pursue a claim for failure to recall based on Old GM conduct. We will be making such a claim against New GM for its conduct only. The GM bankruptcy court and the Second Circuit have consistently recognized that the Sale Order does not bar claims against New GM for its own failure to warn or recall. See In re Motors Liquidation Co., 541 B.R. 104, 109 (Bankr. S.D.N.Y. 2015); In re Motors Liquidation Co., ("Second Circuit Opinion"), 829 F. 3d 135, 157 (2d Cir. 2016); In re Motors Liquidation Co., 568 B.R. 217, 230–31 (Bankr. S.D.N.Y. 2017), aff'd, No. 15-CV-8432 (JMF), 2018 WL 2416567 (S.D.N.Y. May 29, 2018). If you will refer to paragraph 25 and 38 of the second amended complaint, you will see that we do, in fact, allege independent acts of New GM. This is not a fraud action. This is an action under the rules of procedure for Alabama and the complaint adequately gives notice to GM of the claims.

As a matter of fact, General Motors could have moved for summary judgment on the issues alleged in the complaint if they were not viable.

We pursued discovery with General Motors for New GM's conduct relative to this particular vehicle. As you know, under Alabama law, a manufacturer can undertake a duty even if there's not an existing duty of care. There are ample facts and evidence to hold New GM liable for their own independent conduct and that is what we intend to pursue.



**Montgomery**
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

**Atlanta**
4200 Northside Parkway
Building One, Suite 100
Atlanta, GA 30327

(800) 898-2034

BeasleyAllen.com

**J. Greg Allen**
greg.allen@beasleyallen.com

   Relative to wrongful death damages, I would refer you back to my letter of December 7, 2017. If there are any misconceptions regarding this, you may want to appear at the pretrial hearing that is currently scheduled on Monday, October 1st at 8:30am in Bullock County, Alabama. We will handle this case in compliance with Alabama procedural and substantive law and within the framework provided by the bankruptcy Sale Order.

        Very truly yours,

        BEASLEY, ALLEN, CROW,
        METHVIN, PORTIS & MILES, P.C.

        J. GREG ALLEN

JGA/bwr

cc: Paul Cassisa
   Shane Seaborn
   Myron Penn