*Gary Peller*
*600 New Jersey Avenue, N.W.*
*Washington, D.C. 20001*
*(202) 662-9122*
*(202) 662-9680 (facsimile)*

**VIA E-MAIL TRANSMISSION**  December 12, 2018
**AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

  Re: **In re Motors Liquidation Company,** *et al.*, **Case No. 09-50026 (MG); Certain Plaintiffs' Response to the Court's November 6, 2018 Order Scheduling Case Management Conference (ECF No. 14377)**

Dear Judge Glenn:

  Pursuant to the Court's Order of November 6, 2018 (No. 14377), Sharon Bledsoe, Celestine Elliott, Lawrence Elliott, and Dierra Thomas ("Plaintiffs") respectfully submit this letter regarding the scheduling of future proceedings concerning whether leave should be granted for them to file late claims.

  Ms. Bledsoe is a pre-Sale accident victim who alleges that her injuries were caused by the Delta ignition switch hazard. Mr. and Mrs. Elliot and Ms. Thomas seek compensation for economic loss they suffered in connection with their pre-Sale purchases of GM vehicles containing the Delta ignition switch hazard. Mr. and Mrs. Elliott additionally seek compensation for economic loss they suffered in connection with their pre-Sale purchase of another GM vehicle, one containing non-ignition switch hazards.

  Plaintiffs each properly joined the other plaintiffs' late claims motion. (ECF No. 13811). None of the Plaintiffs were parties to the proposed settlement that was the subject of the Court's decision (ECF 14212), nor have any of them participated in discussions that may lead to the renewal of that settlement in some form.

  With respect to Plaintiffs' ignition-switch related claims, it has already been determined that their claims are not precluded by the Sale Order, and it remains to be determined whether their motion for leave to file their late claims should be granted. With respect to Mr. and Mrs. Elliott's *non-ignition switch* related claims, they have long awaited an opportunity to demonstrate that their non-ignition switch claims are not precluded by the Sale Order. *See* Letter of July 25, 2017 (ECF No. 13997) (following Second Circuit decision, requesting scheduling conference to plan discovery schedule to determine whether Plaintiffs with non-ignition switch

Honorable Martin Glenn                                                                                                              2
December 12, 2018

related claims were denied due process notice and an opportunity to be heard with respect to the Sale Order).

      Plaintiffs write to ensure that the Court is aware of their pending claims, and that it is aware that it is likely that determinations of whether their late claims should be allowed, and whether their non-ignition switch claims are barred by the Sale Order, may have to be made by the Court regardless of potential renewed settlement proposal/s by the Signatory Plaintiffs.

      Plaintiffs believe that the determination of Plaintiffs' motions to submit late claims with respect to their ignition switch claims should continue to await possible resolution of those claims according to mechanisms in potential proposed settlements of the Signatory Plaintiffs' late claims motions.

      With respect to scheduling of the Elliotts' motion to submit a late claim related to their non-ignition switch claims, the parties jointly propose the following initial schedule: By January 21, 2019, Plaintiffs will file their proposed proofs of claim; by February 11, 2019, the GUC Trust will file any objection.

      Respectfully,

      */s/ Gary Peller*
      Gary Peller
      Counsel for the *Elliott*, *Sesay*,
      and *Bledsoe Plaintiffs*