BROWNRUDNICK

EDWARD S. WEISFELNER
direct dial: (212) 209-4900
fax: (212) 209-4801
eweisfelner@brownrudnick.com

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

December 12, 2018

**VIA EMAIL AND ECF FILING**

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

**RE: In re Motors Liquidation Company, et al., Case No. 09-50026 (MG)**

Dear Judge Glenn:

We write on behalf of the Ignition Switch Plaintiffs, certain Non-Ignition Switch Plaintiffs, and certain Ignition Switch and Non-Ignition Switch Pre-Closing Accident Plaintiffs (collectively, the "**Plaintiffs**"), the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), and certain unaffiliated holders of beneficial units of the GUC Trust (the "**Participating Unitholders**," together with the Plaintiffs and the GUC Trust, the "**Parties**") in response to the Court's *Order Scheduling Case Management Conference*, dated Nov. 6, 2018 [ECF No. 14377].

The Parties are working towards a revised proposed settlement agreement that is consistent with the Court's *Memorandum Opinion And Order Concluding That The Signatory Plaintiffs And The GUC Trust Must Satisfy Civil Rule 23 For The Proposed Settlement To Be Approved And Denying Three Pending Motions Without Prejudice*, dated September 25, 2018 [ECF No. 14374] and Rule 23 of the Federal Rules of Civil Procedure.

The Parties anticipate that, as part of the revised settlement, Plaintiffs will seek certification for settlement purposes only of non-opt-out limited fund nationwide classes of owners and lessees of vehicles asserting economic loss claims against the GUC Trust related to the Ignition Switch Defect (Recall No. 14V-047) on one hand, and Non-Ignition Switch Defects (Recall Nos. 14V-355, 14V-394, 14V-400, 14V-118, and 14V-153) (together, the "**Recalls**"), on the other.

In addition to working on a revised settlement agreement, the Parties are preparing a draft motion pursuant to Bankruptcy Rules 9019, 9014 and 7023 (including recently amended Rule 23(e)) that will seek, *inter alia*, both preliminary then final approval of the settlement, settlement-purposes class certification, approval of the form and manner of notice, and appointment of class

brownrudnick.com

representatives and class counsel for settlement purposes (the "**Rule 23 Settlement Motion**"). The Rule 23 Settlement Motion will also seek approval of the revised settlement agreement for those Plaintiffs asserting personal injury or wrongful death claims arising from Pre-Closing Accidents involving vehicles with Ignition Switch or certain Non-Ignition Switch Defects covered by one or more of the Recalls and who are signatories to the revised settlement agreement.

The Parties anticipate that a revised settlement will be agreed upon and the Rule 23 Settlement Motion will be filed by January 31, 2019.

Thereafter, the tentative path forward would include the following proceedings (after a further meet and confer with New GM and other interested parties to discuss future proceedings):

Stage One – Approval of the Notices Procedures: At a preliminary hearing on the Rule 23 Settlement Motion, the Parties will seek approval of state of the art notice to class members under Rule 23(e)(1) and demonstrate that giving notice is justified because the Court will likely be able to approve the settlement under Rule 23(e)(2) and certify the class for settlement purposes. The Parties anticipate the preliminary hearing will take place in February 2019, subject to the Court's availability. Approval will also be sought for the form of notice to be provided to persons who may have had a Pre-Closing Accident in a vehicle subject to one or more of the Recalls and whose rights might be affected by the revised settlement agreement.

In order to provide mail notice, the Parties will need to obtain the names and addresses of purchasers and lessees of the subject vehicles from IHS Markit, a service provider that can obtain the names and addresses of applicable vehicle registrants. This process will take approximately 4-6 weeks to complete for most states, and an additional 6 weeks for certain states due to internal state government processes. The parties are still discussing the costs and expenses of complying with the Rule 23 notice requirements.

Stage Two – Final Approval of the Settlement and Class Certification: Following at least twenty-one days' notice to class members and to persons that might have personal injury or wrongful death claims arising from Pre-Closing Accidents in vehicles subject to one or more of the Recalls, and an opportunity for objections and replies, the Parties anticipate that the Court will conduct a final fairness hearing in Summer 2019, subject to the Court's availability. At the final fairness hearing, the Parties will seek final approval of the settlement and certification of the classes for settlement purposes. At this stage it is anticipated that the GUC Trust shall be granted full and final releases by Plaintiffs under the final approval order.

Stage Three – Estimation Proceedings: Plaintiffs will pursue a claims estimation proceeding with guidance from Judge Furman's rulings in the MDL, and pursuant to procedures approved under a motion to estimate the claims, to be filed by the GUC Trust, and related scheduling order(s).

Stage Four – Allocation and Distribution Procedures: Plaintiffs will develop and seek approval of an allocation methodology upon notice and opportunity to object and memorialized by trust distribution procedures (which may include amending or refining the class certification to provide for any necessary subclasses).



The Parties participated in a meet and confer with New GM, Gary Peller (counsel for certain plaintiffs), and Cole Schotz (counsel for certain plaintiffs) on December 7, 2018 to discuss scheduling and related issues for anticipated future proceedings in connection with the revised proposed settlement agreement. The Parties informed New GM that they were working towards a revised proposed settlement agreement and laid out the tentative proceedings and timetable set forth above. In connection therewith, the Parties asked whether New GM anticipated renewing its motion to stay proceedings on any proposed settlement or filing a motion to withdraw the reference. New GM was non-committal.

The Parties are prepared to discuss this proposed pathway forward at the upcoming status conference. Given they anticipate reaching agreement on a revised settlement, the Parties' position is that further proceedings on the motions seeking leave to file late claims related to the Recalls need not be scheduled and mediation should not proceed at this time.

Finally, Mr. Peller represents Lawrence and Celestine Elliott, pre-Sale purchasers of a 2006 Chevrolet Trailblazer that was subject to certain recalls for a faulty master door power module (the "**Door Power Module Recall**"). The Door Power Module Recall is not a "Recall" as defined by this letter and would not be included in any proposed settlement. On or about January 3, 2017, Mr. Peller filed the *Joinder of Certain Ignition Switch, Non-Ignition Switch and Pre-Sale Accident Plaintiffs to the Pending Motions for Leave to File Late Proofs of Claim* [ECF No. 13811], in which the Elliotts, among others, joined the Plaintiffs' motions for leave to file late proofs of claim. During the meet and confer, Mr. Peller advised that he intended to prosecute the motion for leave to file late proofs of claim on behalf of the Elliotts with respect to the Door Power Module Recall. Mr. Peller and counsel for the GUC Trust have engaged in subsequent discussion about the timing of such proceedings and jointly propose the following: (a) Mr. Peller file the proposed claim on behalf of the Elliotts related to the Door Power Module Recall on or before Monday, January 21, 2019 (the "**Door Power Module Claim**"); and (b) the GUC Trust file its objection to the Door Power Module Claim, if any, on or before Monday, February 11, 2019.

Respectfully submitted,

*/s/ Edward S. Weisfelner*

Edward S. Weisfelner
Howard S. Steel
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
hsteel@brownrudnick.com

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION

2323 Bryan Street, Ste 2200
Dallas, Texas 75201
Tel: 214-969-4900
esserman@sbep-law.com

*Designated Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the Bankruptcy Court*

Steve W. Berman (admitted pro hac vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Tel: 206-623-7292
steve@hbsslaw.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the MDL Court*

William P. Weintraub
Gregory W. Fox
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: 212-813-8800
wweintraub@goodwinlaw.com
gfox@goodwinlaw.com

*Counsel for Certain Pre-Closing Accident Plaintiffs Represented By Hilliard Muñoz Gonzales L.L.P. and the Law Offices of Thomas J. Henry*

Robert Hilliard
HILLIARD MUÑOZ GONZALES LLP
719 South Shoreline, Suite 500
Corpus Christi, Texas 78401
Tel: 361-882-1612

bobh@hmglawfirm.com

*Counsel for Certain Pre-Closing Accident Plaintiffs*

Thomas J. Henry, Esq.
THE LAW OFFICES OF THOMAS J. HENRY
4715 Fredricksburg, Suite 507
San Antonio, Texas 78229

*Counsel for Certain Pre-Closing Accident Plaintiffs*

Lisa M. Norman (admitted *pro hac vice*)
T. Joshua Judd (admitted *pro hac vice*)
ANDREWS MYERS, P.C.
1885 St. James Place, 15th Floor
Houston, Texas 77056
Tel: 713-850-4200
Lnorman@andrewsmyers.com
Jjudd@andrewsmyers.com

*Counsel for Certain Pre-Closing Accident Plaintiffs*

Kristin K. Going
Marita S. Erbeck
DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Tel: 212-248-3273
kristin.going@dbr.com
marita.erbeck@dbr.com

*Counsel for the Motors Liquidation
Company GUC Trust*

Daniel H. Golden
Deborah J. Newman
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel:  212-872-8010
dgolden@akingump.com
djnewman@akingump.com

*Counsel for the Participating Unitholders*

cc:     Counsel of Record via CM/ECF