KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036

---

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019

December 12, 2018

**VIA E-MAIL
AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

    Re: In re Motors Liquidation Company, *et al.*
       Case No. 09-50026 (MG)

Dear Judge Glenn:

  New GM writes in response to the *Order Scheduling Case Management Conference*, dated November 6, 2018 [ECF No. 14377] (the "Order") regarding a proposed schedule for future proceedings and the status of mediation of potential late claims.

  Proposed Schedule for Future Proceedings

  After consulting with the Signatory Plaintiffs and the GUC Trust (the "Movants"), New GM understands that the Movants are negotiating a revised settlement (the "Revised Settlement") that preserves many of the same features as Movants' prior Proposed Settlement, but which seeks certification of a "limited fund" class pursuant to Rule 23(b)(1). New GM has not received a draft of the Revised Settlement, and therefore cannot comment on its merits. If, and when, Movants file the Revised Settlement, New GM will coordinate with the Movants regarding an appropriate schedule for future proceedings on the legal and factual issues that such Revised Settlement may raise.

Honorable Martin Glenn
December 12, 2018
Page 2

If Movants do not proceed with a revised settlement that would otherwise resolve late claim issues, then New GM believes the Court should proceed to hold oral argument on the Initial Late Claim Motions Issues (as defined in the Court's Order dated March 2, 2017 [ECF No. 13869]).[1] These issues have been fully briefed by the parties since April 2017. Aside from the Initial Late Claim Motions Issues, the parties can also brief other late-claim related issues, including (a) whether the laches defense should apply against plaintiffs who waited years after the 2014 recalls before seeking authority to file late claims and (b) whether plaintiffs who filed their requests to file late claims after the deadlines set forth in the December 2016 Scheduling Order should be time barred.

Status of Mediation

New GM has agreed to voluntarily mediate and attempt to resolve pre-sale personal injury and wrongful death claims (the "Pre-Sale PIWD Claims"). *See* July 30, 2018 Letter [ECF No. 14377]; June 11, 2018 Letter [ECF No. 14328]. A number of these mediations succeeded, as described below.

In November 2018, New GM conducted mediations with various PIWD Plaintiffs represented by plaintiff firms that had larger "dockets" (*i.e.*, in separate groups based on the law firms representing various PIWD Plaintiffs). New GM reached agreements in principle to settle three such dockets involving a total of 156 Pre-Sale PIWD Claims, of which (i) 85 are filed both as late claims in this Court and as claims in the MDL Court, (ii) 66 are pending only as late claims in this Court, (iii) 4 are pending only in the MDL Court, and (iv) one is unfiled. Each of these agreements is a confidential, private aggregate settlement that includes prerequisites to be met and, upon occurrence of those prerequisites, such claimants will withdraw their late claims in this Court and dismiss with prejudice their Pre-Sale PIWD Claims in the MDL Court or other forums as applicable.

Additional mediations and individual case negotiations will occur in December 2018 and during the first quarter of 2019 after New GM evaluates information still being produced by certain plaintiff counsel regarding such claims. New GM will update the Court as more information becomes available. New GM remains committed to mediating and settling as many Pre-Sale PIWD Claims as possible, minimizing further litigation costs and burdens for this Court, the GUC Trust, the late claimants and New GM.

---

1    The Initial Late Claim Motions Issues are: (i) whether the proponents of the Late Claims Motions must satisfy the standard set forth by the Supreme Court in *Pioneer Inv. Servs.* v. *Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380 (1993) for authority to file late proofs of claim, and (ii) whether (and, if so, as of when) some or all of the proponents of the Late Claims Motions are the beneficiaries of a tolling agreement with respect to the time for filing the Late Claims Motions.

Honorable Martin Glenn
December 12, 2018
Page 3

      Finally, in late October 2018, New GM conducted two mediation sessions with counsel for certain economic loss late claimants with Judge Layn Phillips as the mediator, but the mediation did not result in a settlement agreement.

      Respectfully submitted,

*/s/ Paul M. Basta*
Paul M. Basta
Aidan Synnott
Kyle J. Kimpler
Sarah Harnett
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*and*

Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

*Counsel for General Motors LLC*