# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corporation, *et al.*, | ) ) ) ) | Bankruptcy Case No.: 09-50026 (MG) (Jointly Administered) |
| Debtors. | ) ) | |

**PRELIMINARY ORDER: (1) EXTENDING BANKRUPTCY RULE
7023 TO THESE PROCEEDINGS; (2) APPROVING THE FORM AND MANNER
OF NOTICE OF THE SETTLEMENT TO THE CLASSES AND PRE-CLOSING
ACCIDENT PLAINTIFFS; AND (3) SCHEDULING A FAIRNESS HEARING**

Upon *The Economic Loss Plaintiffs' Motion to: (1) Extend Bankruptcy Rule 7023 to These Proceedings; (2) Approve the Form and Manner of Notice; (3) Grant Class Certification for Settlement Purposes Upon Final Settlement Approval; (4) Appoint Class Representatives and Class Counsel for Settlement Purposes; and (5) Approve the Settlement Agreement by and Among the Signatory Plaintiffs and the GUC Trust Pursuant to Rule 23*, filed on February 1, 2019 (the "**Motion**");[1] and the Bankruptcy Court having considered the Motion; and a preliminary hearing on the Motion having been held before this Court on March 11, 2019 (the "**Hearing**") to consider the preliminary relief requested in the Motion; and the Bankruptcy Court having considered the statements of counsel on the record of the Hearing and the filings of the parties in connection with the Motion; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

1

**THE BANKRUPTCY COURT HEREBY FINDS AND DETERMINES THAT:**[2]

A. The statutory predicates for the preliminary relief requested in the Motion are Section 105 of the Bankruptcy Code and Bankruptcy Rules 7023 and 9014.

B. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Proper and adequate notice of the Motion has been given for the purposes of granting the relief set forth herein.

D. The Bankruptcy Court takes judicial notice of the docket of the Bankruptcy Cases maintained by the Clerk of the Bankruptcy Court or its duly appointed agent, including, but not limited to, all pleadings and other documents filed, all orders entered and all evidence and arguments made, proffered, adduced and/or presented at the various hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases as they related to the Sale, Bar Date, Plan, or Recalls.

E. The Parties have demonstrated that the Court will likely be able to approve the Settlement Agreement under Rule 23(e)(2) as fair, reasonable, and adequate.

F. The Parties have demonstrated that the Court will likely be able to certify the Ignition Switch Class and Non-Ignition Switch Class for purposes of the Settlement.

G. The contents of the Direct Mail Notice and the Long Form Notice to the Classes meet the requirements of Rule 23(c)(2)(A) and 23(e)(1).

---

[2] The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

H.    The Notice Procedures are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement and meet all applicable requirements of law, including but not limited to, Federal Bankruptcy Rules 7023 and 9019, Bankruptcy Code Section 105(d), and the Due Process Clause of the Fifth Amendment of the United States Constitution.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Bankruptcy Rule 7023 is applicable to these proceedings under Bankruptcy Rule 9014.

2. The terms of the Settlement Agreement are preliminarily approved as fair, reasonable and adequate, subject to further consideration at the Fairness Hearing described below.

3. For the purpose of a settlement in accordance with the Settlement Agreement, this Court, pursuant to Bankruptcy Rule 7023, hereby preliminarily certifies, subject to further consideration at the Fairness Hearing described below, the following classes of persons as settlement classes:

> The "Ignition Switch Class" is defined as all persons asserting economic loss claims who, prior to July 10, 2009, owned or leased a vehicle with an ignition switch defect included in Recall No. 14V-047.
>
> The "Non-Ignition Switch Class" is defined as all persons asserting economic loss claims who, prior to July 10, 2009, owned or leased a vehicle with defects in ignition switches, side airbags, or power steering included in NHTSA Recall Nos. 14V-355, 14V-394, 14V-400, 14V-118 and 14V-153.

4. By this Order, the Court hereby exercises subject matter and personal jurisdiction over the Classes for purposes of evaluating the final certification of the Classes and the fairness and adequacy of the Settlement.

5.      The Direct Mail Notice, the DTC Notice, and the Long Form Notice, as set forth in **Exhibits D, E, and G** to the Motion (the "**Notices**"), are hereby approved.

6.      The Parties shall be authorized to make non-material changes to the Notices so long as Class Counsel and Counsel for the GUC Trust agree and one of the Parties files a notice thereof with the Court prior to the Fairness Hearing (defined below). Neither the insertion of dates nor the correction of typographical or grammatical errors shall be deemed a change to the Notices.

7.      The Notice Procedures are approved. In accordance with the Notice Procedures:

- The Direct Mail Notice in a form substantially the same as that set forth in Exhibit D to the Motion shall be mailed to: (A) all persons in the United States who, prior to July 10, 2009, purchased or leased a defective vehicle manufactured by Old GM included in the Recalls; and (B) all Pre-Closing Accident Plaintiffs who have filed a lawsuit against New GM or filed or joined a motion for authority to file late claims against the GUC Trust, as of the date of the Settlement Agreement.

- The DTC Notice in a form substantially the same as that set forth in Exhibit E to the Motion shall be provided to the Unitholders via DTC's LENSNOTICE system.

- Additional notice shall be provided via paid media including: (1) digital banner advertisements targeted specifically to owners or lessees of the defective vehicles manufactured by Old GM included in the Recalls; (2) pre-roll video ads placed on YouTube and other sites with YouTube embedded videos; (3) sponsored search listings on the three most highly-visited Internet search engines, Google, Yahoo!, and Bing; (4) a party-neutral informational press release issued to online press outlets throughout the United States; and (5) a settlement website where individuals will be able to obtain detailed information about the case and review documents including the Long Form Notice in a form substantially the same as that set forth in Exhibit G to the Motion (in English and Spanish), Settlement Agreement, the Final Approval Order, and answers to frequently asked questions (FAQs).

8.      Prior to the Fairness Hearing (defined below), Class Counsel shall file a sworn statement of a person with knowledge evidencing compliance with the provisions of this Order concerning the Notice Procedures.

9. A hearing (the "**Fairness Hearing**") shall be held at _____, on _____, 2019, in United States Bankruptcy Court, Southern District of New York, One Bowling Green, Courtroom 523, New York, New York, 10004-1408.  At the Fairness Hearing, the Court will consider:  (i) granting class certification for settlement purposes; (ii) appointing class representatives and class counsel for settlement purposes; and (iii) approving the Settlement Agreement on a final basis.  The Fairness Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Classes or Pre-Closing Accident Plaintiffs.

10. To be considered at the Fairness Hearing, any Class member, Pre-Closing Accident Plaintiff, or other party-in-interest desiring to file an objection or other comment on the Settlement shall be required to file all such objections and comments and all supporting pleadings on or before _____, 2019, with service upon Counsel for the Signatory Plaintiffs and Counsel for the GUC Trust.  The objections must be in writing, and must specifically include the following:  (a) the name, address, and telephone number of the Class member, Pre-Closing Accident Plaintiff, or party-in-interest filing the objection; (b) a statement of each objection asserted; (c) a detailed description of the facts underlying each objection; (d) any documents in the possession or control of the objector and relied upon by the objector as a basis for the objection; (e) if the objector is represented by counsel, a detailed description of the legal authorities supporting each objection; (f) if the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts; (g) if the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to present; (h) a statement of whether the objector intends to appear at the hearing; (i) a copy of any exhibits which the objector may

5

offer during the hearing; and (j) a reference to "In re Motors Liquidation Company, *et al.*, f/k/a General Motors Corporation, *et. al.*, Case No. 09-50023(MG)."

11. Unless otherwise ordered by the Court, no objection to or other comment concerning the Settlement shall be heard unless timely filed in accordance with the respective guidelines specified above. Counsel for the Signatory Plaintiffs and Counsel for the GUC Trust shall promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.

12. Any objector who does not make his or her objection in the manner provided in this Order shall be deemed to have waived any such objection and shall forever be barred from making any objection to the Settlement, including without limitation, the propriety of class certification, the adequacy of any notice, or the fairness, adequacy or reasonableness of the Settlement.

13. Submissions of the Parties relative to the Settlement, including memoranda in support of the Settlement, shall be filed with the Clerk of the Court on or before _____, 2019.

14. Any attorney hired by any objector for the purpose of appearing and/or making an objection shall file his or her entry of Appearance at the objector's expense on or before _____, 2019, with service on Class Counsel, Counsel for each Signatory Plaintiff, and Counsel for the GUC Trust.

15. Any Class Member or Pre-Closing Accident Plaintiff may appear at the Fairness Hearing in person, or by counsel if an appearance is filed and served as provided in this Order, and such person will be heard to the extent allowed by the Court. No person shall be permitted to be heard unless, on or before _____, 2019, such person has (a) filed with the Clerk of

6

the Court a notice of such person's intention to appear; and (b) served copies of such notice upon Class Counsel and Counsel for the GUC Trust.

16.    All other events contemplated under the Settlement Agreement to occur after entry of this Order and before the Fairness Hearing shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.  Class Counsel and Counsel for the GUC Trust shall take such further actions as are required by the Settlement Agreement.

17.    If Final Approval of the Settlement does not occur, or if the Settlement does not become effective on or before the Effective Date as provided in the Agreement, or if the Settlement is rescinded or terminated for any reason, the Settlement and all proceedings had in connection therewith shall be null and void and without prejudice to the rights of the Parties before the Settlement was executed and made, and this Order and all Orders issued pursuant to the Settlement shall be vacated, rescinded, canceled, annulled and deemed "void" and/or "no longer equitable" for purposes of Fed. R. Bankr. P. 9024.

18.    Neither this Order, the Agreement, nor any of their terms or provisions, nor any of the negotiations between the Parties or their counsel (nor any action taken to carry out this Order), is, may be construed as, or may be used as an admission or concession by or against any of the Parties of:  (i) the validity of any claim or liability, any alleged violation or failure to comply with any law, and any legal or factual argument, contention or assertion; (ii) the truth or relevance of any fact alleged by Plaintiffs; (iii) the existence of any class alleged by Plaintiffs; (iv) the propriety of class certification if the litigation were to be litigated rather than settled; (v) the validity of any claim or any defense that has been or could have been asserted in this litigation or in any other litigation; or (vi) the propriety of class certification in any other proceeding or action.

19.     Notwithstanding the possible applicability of Bankruptcy Rules 3002, 6004, 6006, 7062, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20.     The Bankruptcy Court shall have exclusive jurisdiction to interpret and enforce this Order.

Dated: _____, 2019

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY COURT