# EXHIBIT C

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MOTORS LIQUIDATION COMPANY, *et al.*, | ) Bankruptcy Case No.: 09-50026 (MG) |
| f/k/a General Motors Corporation, *et al.*, | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

### FINAL ORDER: (1) GRANTING CLASS CERTIFICATION FOR SETTLEMENT PURPOSES; (2) APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL FOR SETTLEMENT PURPOSES; AND (3) APPROVING THE SETTLEMENT AGREEMENT BY AND AMONG THE SIGNATORY PLAINTIFFS AND THE GUC TRUST

Upon *The Economic Loss Plaintiffs' Motion to: (1) Extend Bankruptcy Rule 7023 to These Proceedings; (2) Approve the Form and Manner of Notice; (3) Grant Class Certification for Settlement Purposes Upon Final Settlement Approval; (4) Appoint Class Representatives and Class Counsel for Settlement Purposes; and (5) Approve the Settlement Agreement by and Among the Signatory Plaintiffs and the GUC Trust Pursuant to Rule 23*, filed on February 1, 2019 (the "**Rule 23 Motion**")[1] seeking entry of, *inter alia*, a final order (i) granting class certification for settlement purposes; (ii) appointing class representatives and class counsel for settlement purposes; and (iii) approving the Settlement Agreement; and upon the *Motion of Motors Liquidation Company GUC Trust to Approve (I) the GUC Trust Administrator's Actions, (II) the Settlement Agreement By and Among the Signatory Plaintiffs and the GUC Trust Pursuant to Bankruptcy Code Sections 105, 363, and 1142 and Bankruptcy Rules 3002, 9014, and 9019, and (III) Authorize the Reallocation of GUC Trust Assets*, filed on February 1, 2019 (the "**Rule 9019 Motion**," and together with the Rule 23 Motion, the "**Motions**"), seeking entry

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Rule 23 Motion.

1

of, *inter alia*, an order approving the Settlement Agreement; and the Bankruptcy Court having

considered the Motions; and a Fairness Hearing on the Motions having been held before this

Court on _____, 2019 (the "**Fairness Hearing**") to consider the final relief

requested in the Motions; and the Bankruptcy Court having considered the statements of counsel

on the record of the Hearing and the filings of the parties in connection with the Motions; and

upon the record of the Fairness Hearing; and after due deliberation and sufficient cause

appearing therefor,

**THE BANKRUPTCY COURT HEREBY FINDS AND DETERMINES THAT:**[2]

     A.     This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

     B.     The statutory predicates for the relief requested in the Motions are Sections 105,

363, and 1142 of the Bankruptcy Code and Bankruptcy Rules 3002, 7023, 9014, and 9019.

     C.     The Bankruptcy Court takes judicial notice of the docket of the Bankruptcy Cases

maintained by the Clerk of the Bankruptcy Court or its duly appointed agent, including, but not

limited to, all pleadings and other documents filed, all orders entered and all evidence and

arguments made, proffered, adduced and/or presented at the various hearings held before the

Bankruptcy Court during the pendency of the Chapter 11 Cases as they related to the Sale, Bar

Date, Plan, or Recalls.

     D.     This Final Order incorporates and makes the Settlement Agreement, filed with the

Court on February 1, 2019, a part hereof.

     E.     As evidenced by the affidavits of service filed with this Court, proper and

adequate notice of the Motions has been given in accordance  in accordance with the *Preliminary*

---

[2] The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

*Order (1) Extending Bankruptcy Rule 7023 to These Proceedings; (2) Approving the Form and Manner of Notice; and (3) Scheduling a Fairness Hearing* (the "**Preliminary Order**").  The notice was good, sufficient and appropriate in light of the circumstances and the nature of the relief requested, and no other or further notice is or shall be required.  The notice was reasonable and constituted due, adequate and sufficient notice to all persons and entities to be provided with notice.  The notice fully satisfied the requirements of Bankruptcy Rules 7023 and 9019, Rule 23, due process, and any other applicable law.

F.    Because adequate notice was disseminated and all potential members of the Classes and the Plaintiffs were given notice of the Settlement, the Court has personal jurisdiction over all members of the Classes and the Plaintiffs.

G.    The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Plan.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

H.    The GUC Trust has demonstrated good, sufficient and sound business purposes, causes and justifications for the relief requested in the Rule 9019 Motion and the approval of the Settlement Agreement and the transactions contemplated thereby.

I.    The GUC Trust has demonstrated that the relief requested in the Rule 9019 Motion is necessary for the prompt and efficient administration of the Old GM Bankruptcy Case and is in the best interests of the GUC Trust, its beneficiaries and other parties-in-interest.

J.    The Settlement Agreement was negotiated and entered into by and among the Parties in good faith and from arm's-length bargaining positions.

K.     The GUC Trust has demonstrated that continued litigation of the matters resolved by the Settlement Agreement would be complex, costly and delay the closing of the Old GM Bankruptcy Case and the distribution of GUC Trust Assets in accordance with the Plan.

L.     The Settlement Agreement resolves multiple disputes, claims and issues to which the Parties are involved in varying degrees, and in related but not necessarily identical ways, such that each Party's overall obligations to one or more other Parties constitutes good and sufficient consideration for the overall benefits each Party is to receive from one or more of the other Parties.

M.     The settlements, compromises, releases and transfers contemplated in the Settlement Agreement are fair, reasonable and given in exchange for valuable and reasonably equivalent consideration.

N.     The GUC Trust's entry into the Settlement Agreement, including the compromises and releases embodied therein, is a prudent and reasonable exercise of business judgment that is in the best interests of the GUC Trust and its beneficiaries.

O.     The Settlement Agreement represents a multi-party resolution of a number of complex factual and legal issues, and the releases and acknowledgments contained therein and herein, and the injunction and findings provided by this Order, are a necessary element of the consideration received by the Parties, and a condition to the effectiveness of the Settlement Agreement.

P.     There are no apparent conflicts of interest between the Economic Loss Plaintiffs as Representatives of the Classes and the Classes, or among the Classes.

Q.      Co-Lead Counsel, Steve W. Berman of Hagens Berman Sobol Shapiro LLP and
Elizabeth J. Cabraser of Lieff Cabraser Heimann & Bernstein LLP, will fairly and adequately
represent and protect the interests of the Classes.

R.      The Classes fully satisfy all of the applicable requirements of Rule 23 and due
process.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      Any and all objections to the Motions that have not been withdrawn, resolved,
waived or settled are overruled on the merits.

2.      By this Order, the Court hereby exercises subject matter and personal jurisdiction
over the Classes and the Plaintiffs for the purposes of evaluating the final certification of the
Classes and the fairness and adequacy of the Settlement.

3.      The Classes, each of which the Court previously certified preliminarily in the
Preliminary Order, are hereby finally certified for settlement purposes as mandatory, non-opt out
classes under Rule 23(b)(1).  The Classes are defined as follows:

> The "Ignition Switch Class" is defined as all persons asserting economic loss
> claims who, prior to July 10, 2009, owned or leased a vehicle with an ignition
> switch defect included in Recall No. 14V-047.

> The "Non-Ignition Switch Class" is defined as all persons asserting economic loss
> claims who, prior to July 10, 2009, owned or leased a vehicle with defects in
> ignition switches, side airbags, or power steering included in NHTSA Recall Nos.
> 14V-355, 14V-394, 14V-400, 14V-118 and 14V-153.

4.      The Economic Loss Plaintiffs and Class Counsel will fairly and adequately
represent and protect the interest of the Classes, have satisfied the requirements of Rule 23 of the
Federal Rules of Civil Procedure and are hereby appointed and approved as the representatives
of the Classes and Class Counsel, respectively.

5

5.      The terms and provisions of the Settlement Agreement, including all exhibits, have been entered into in good faith and as a result of serious, informed, arm's length and non-collusive negotiations.   Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is reasonable and cost-effective.   The Settlement Agreement treats members of the Classes equitably relative to each other.   Therefore, the Settlement Agreement is fully and finally approved pursuant to Rule 23, as fair, reasonable, and adequate as to, and in the best interests of the Classes and in full compliance with all applicable requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.

6.      Likewise, the Settlement Agreement is fully and finally approved under Federal Bankruptcy Rule 9019 as fair and equitable to the debtor, the estate, creditors and all other parties in interest, including all Affected Persons and all Plaintiffs.   The Settlement Agreement and the transactions contemplated thereby, including the releases given therein, meet the standards established by the Second Circuit for the compromise and settlement in bankruptcy and are reasonable, fair and equitable and supported by adequate consideration.

7.      The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.   The GUC Trust Administrator is authorized to perform all of its obligations pursuant to the terms of the Settlement Agreement, and to take any and all actions necessary or appropriate to effectuate the Settlement Agreement and to enforce its terms.

8.      The terms of the Settlement Agreement and this Final Order shall be forever binding on all persons including, but not limited to, all members of the Classes, all Plaintiffs, any past or present holder of units of beneficial interests in the GUC Trust, any past or present holder

of an Allowed General Unsecured Claim, and all defendants in the Term Loan Avoidance
Action.

9.       All Plaintiffs, for themselves, and on behalf of their respective agents, employees,
officers, directors, shareholders, successors, assigns, assignors, predecessors, members,
beneficiaries, representatives (in their capacity as such) and any subsidiary or affiliate thereof,
(the "**Releasing Parties**"), shall be deemed to completely, unconditionally and irrevocably
release, waive (including a waiver under California Civil Code Section 1542) and forever
waiver, discharge and release the GUC Trust, the GUC Trust Administrator, the GUC Trust
Monitor, the Motors Liquidation Company Avoidance Action Trust, and the holders of beneficial
units in the GUC Trust, and all of their subsidiaries and affiliates, and all of their respective past,
present and future agents, attorneys, employees, officers, directors, shareholders, successors,
assigns, members, representatives (in their capacity as such) (the "**Released Parties**"), from any
and all, actions, obligations, suits, damages, attorneys' fees, charges, claims (including but not
limited to General Unsecured Claims and claims for injunctive and/or declaratory relief), costs,
demands, expenses, judgments, liabilities and causes of action of any kind, nature or description,
whether matured or unmatured, contingent or absolute, liquidated or unliquidated, known or
unknown, foreseen or unforeseen, direct or derivative, preliminary or final, which the Releasing
Parties may now have, ever had, or may in the future have against the Released Parties, the GUC
Trust Assets, the Debtors, or their estates, arising out of or based on any facts, circumstances,
issues, services, advice, or the like, occurring from the beginning of time through the date hereof
that relate to, could relate to, arise under, or concern the Recalls, the Old GM Bankruptcy Case,
the GM MDL, the Plan, the Late Claims Motions, the AMPSA, the Sale Order or any matter
associated with any of the foregoing (collectively, the "**Released Claims**"); <u>provided</u>, <u>however</u>,

that the Releasing Parties shall retain all remedies available in law or equity for breach of the

Settlement Agreement by the GUC Trust; and provided further that solely in the event that the

Bankruptcy Court enters the Claims Estimate Order as contemplated by the Settlement

Agreement, the foregoing Release and Waiver shall not apply to the Adjustment Shares, which

shall be issued by New GM to the Settlement Fund for the exclusive benefit of Plaintiffs

pursuant to the terms of the entered Claims Estimate Order (if any); and provided further that,

nothing in the Settlement Agreement, the Motions or this Order is intended to waive any claims

against New GM or be an election of remedies against New GM; nor does the Settlement

Agreement, the Motions or this Order, or any payments made in connection therewith, represent

full satisfaction of any claims against Old GM, unless and until such claims are in fact paid in

full for every available source (provided, however, that in no event shall any Plaintiff be

permitted to seek any further payment or compensation from the GUC Trust in respect of their

claims or otherwise, other than the Adjustment Shares, if any) and, except as mandated otherwise

by applicable law, nothing in the Settlement Agreement, the Motions or this Order shall waive or

impair any claims that Plaintiffs may have against New GM, the Settlement shall not be an

election of remedies by any Plaintiff, and the Settlement Fund shall not represent full and final

satisfaction of any claims that Plaintiffs may have against New GM, which claims are expressly

reserved.   Nor shall the Settlement or any estimation or payment or distribution made in

connection therewith constitute a cap on any claims by any of the Plaintiffs against New GM.   In

addition, the Releasing Parties shall be deemed to have agreed not to make any claim, commence

or continue any action, lawsuit, adversary proceeding or other legal, equitable or administrative

proceeding that asserts any such Released Claims against the Released Parties, the GUC Trust

Assets, the Debtors, or their estates, or to seek any further funding from the Released Parties in

connection with the Released Claims, and the Released Parties are released and discharged of any further obligation to provide such funding.

10.     The Releasing Parties shall be permanently stayed, restrained, enjoined and forever barred from taking any action against any of the Released Parties, the GUC Trust Assets, or Old GM's estates for the purpose of, directly or indirectly, collecting, recovering, or receiving payment or recovery with respect to, relating to, arising out of, or in any way connected with any Released Claim, whenever and wherever arising or asserted, all of which shall be resolved and satisfied by the Settlement Fund.

11.     The Released Parties: (a) shall have no liability whatsoever to any holder or purported holder of a claim, equity interest or unit of beneficial interest in the GUC Trust, or any other party-in-interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, or arising out of, the settlement of the claims addressed by the Settlement Agreement, or the pursuit of approval of the Settlement Agreement or the Claims Estimate Order, the administration of the Settlement Agreement, or any transaction contemplated by the Settlement Agreement, or in furtherance thereof, or any obligations that they have under or in connection with the Settlement Agreement or the transactions contemplated by the Settlement Agreement (collectively, the "**Exculpated Claims**"), except (i) for any act or omission that constitutes willful misconduct or gross negligence as determined by a final order, and (ii) for any contractual obligation that is owed to a Party under the Settlement Agreement or this Order; and (b) in all respects, shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Settlement Agreement.  No holder of any claim, interest or unit of beneficial interest in the GUC Trust, or other party-in-interest, none of their respective agents,

employees, representatives, financial advisors, attorneys, or affiliates, and no successors or assigns of the foregoing, shall have any right of action against the Released Parties or the GUC Trust Monitor with respect to the Exculpated Claims.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting such Released Parties from liability.

12.    All of the value of the Settlement Fund (including the Adjustment Shares or their value, if issued pursuant to the Claims Estimate Order), shall be reserved for the exclusive benefit of the Plaintiffs, subject only to tax obligations or costs associated with the administration of the Settlement Fund.

13.    Limited only by the tax provisions in the Settlement Agreement, the GUC Trust, the GUC Trust Administrator, the GUC Trust Monitor, all holders of beneficial units of the GUC Trust, all defendants in the Term Loan Avoidance Action, for themselves, and on behalf of their respective agents, employees, officers, directors, shareholders, successors, assigns, assignors, predecessors, members, beneficiaries, representatives (in their capacity as such) and any subsidiary or affiliate thereof (the "**GUC Releasing Parties**") shall be deemed to completely and irrevocably release and waive any and all rights or interests they may now have, ever had, or may in the future have with respect to the Adjustment Shares, which shall be issued by New GM to the Settlement Fund for the exclusive benefit of Plaintiffs pursuant to the terms of the entered Claims Estimate Order (if any).  In addition, the GUC Releasing Parties shall be deemed to have agreed not to make any claim, commence or continue any action, lawsuit, adversary proceeding or other legal, equitable or administrative proceeding that seeks to share in or recover from the Adjustment Shares.  Further, the GUC Releasing Parties shall be enjoined and forever barred from directly or indirectly bringing, commencing, initiating, instituting, maintaining, prosecuting

10

or otherwise aiding, in any action of any kind or nature, whether in the United States, Canada or elsewhere, that seeks to share in or recover from the Adjustment Shares.

14.     For the avoidance of doubt, this Order shall not be affected by the entry or non-entry of any Claims Estimate Order, or any subsequent reversal of any Claims Estimate Order on appeal or on remand.

15.     The failure to specifically describe or include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Settlement Agreement be authorized and approved in its entirety.

16.     If there is any conflict between the terms of the Motions and the Settlement Agreement, the terms of the Settlement Agreement shall control, and if there is any conflict between the terms of this Order and the Settlement Agreement, the terms of this Order shall control.

17.     Notwithstanding the possible applicability of Bankruptcy Rules 3002, 6004, 6006, 7062, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18.     The Bankruptcy Court shall have exclusive jurisdiction to interpret and enforce the Settlement Agreement and to resolve any disputes relating to or concerning the Settlement Agreement.

Dated: _____, 2019

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY COURT