# **<u>EXHIBIT H</u>**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-----------------------------------------------------x
                             :

In re                          :       **Chapter 11**

                             :

**TK HOLDINGS INC.,** *et al.,*     :       **Case No. 17-11375 (BLS)**

                             :

         Debtors.[1]         :       **Jointly Administered**

                             :

-----------------------------------------------------x   **Re: Docket No. 171**

**ORDER PURSUANT 11 U.S.C. §§ 105(a) AND 502(b)(9), FED. R. BANKR. P. 2002, 3003(c)(3), 5005, AND 9007, AND LOCAL RULES 2002-1(e), 3001-1 AND 3003-1 FOR AUTHORITY TO (I) ESTABLISH DEADLINES FOR FILING PROOFS OF CLAIM, (II) ESTABLISH THE FORM AND MANNER OF NOTICE THEREOF, AND (III) APPROVE PROCEDURES FOR PROVIDING NOTICE OF BAR DATE AND OTHER IMPORTANT DEADLINES AND INFORMATION TO POTENTIAL PSAN INFLATOR CLAIMANTS**

Upon the motion, dated July 7, 2017 (the "***Motion***"),[2] of TK Holdings Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "***Debtors***"), pursuant to sections 502(b)(9) and 105(a) of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 2002 and 3003(c)(3), 5005, and 9007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rules 2002-1(e), 3001-1, and 3003-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), for authority to (i) establish deadlines for filing proofs of claim, (ii) establish the form and manner of notice thereof, and (iii) approve the Debtors' plan for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion or the Reply (as defined below), as applicable.

providing notice of the Bar Dates and other important deadlines and information to PPICs and

other unknown creditors and parties in interest, including publication and other supplemental

noticing procedures, all as more fully set forth in the Motion; and upon consideration of the

Caudill Declaration; and upon consideration of the *Debtors' Omnibus Reply in Support of Bar*

*Date Motion* (Docket No. 717) (the "**Reply**"); and upon consideration of the *Declaration of Jim*

*Messina in Support of Supplemental Notice Plan to Provide Notice of Bar Dates and Other*

*Important Deadlines and Information to Potential PSAN Inflator Claimants and Other Unknown*

*Claimants* (Docket No. 720), the *Declaration of Thomas Vasquez in Support of Debtors' Motion*

*for Authority to (I) Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and*

*Manner of Notice Thereof, and (III) Approve Procedures for Providing Notice of Bar Date and*

*Other Important Deadlines and Information to Potential PSAN Inflator Claimants* (Docket No.

721), and the *Declaration of Shai Y. Waisman in Support of Debtors' Motion for Authority to (I)*

*Establish Deadlines for Filing Proofs of Claim, (II) Establish the Form and Manner of Notice*

*Thereof, and (III) Approve Procedures for Providing Notice of Bar Date and Other Important*

*Deadlines and Information to Potential PSAN Inflator Claimants* (Docket No. 719); and this

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States*

*District Court for the District of Delaware*, dated February 29, 2012; and consideration of the

Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided to the parties listed therein, and it appearing

that no other or further notice need be provided; and this Court having reviewed the Motion; and

this Court having held a hearing on the Motion; and this Court having determined that the legal

2

and factual bases set forth in the Motion establish just cause for the relief granted herein, and is

in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all

of the proceedings had before this Court and after due deliberation and sufficient cause appearing

therefor,

### IT IS HEREBY ORDERED THAT:

1.    The Motion is granted as provided herein.

*Procedures for Filing General Proofs of Claim*

2.    The following procedures for filing General Proofs of Claim against the

Debtors are approved:

(a)    Unless otherwise provided herein, the General Bar Date shall be
**November 27, 2017** at **5:00 p.m. (Prevailing Eastern Time)**.

(b)    Unless otherwise provided herein, the Governmental Bar Date
shall be **December 22, 2017** at **5:00 p.m. (Prevailing Eastern
Time)**.

(c)    General Proofs of Claim must: (i) be written in the English
language; (ii) be denominated in lawful currency of the United
States as of the Petition Date (using the exchange rate, if
applicable, as of the Petition Date); (iii) conform substantially to
the General Proof of Claim Form annexed hereto as **Exhibit B-1** or
Official Bankruptcy Form No. 410; (iv) specify by name and case
number the Debtor against which the General Proof of Claim is
filed; (v) set forth with specificity the legal and factual basis for the
alleged claim; (vi) include supporting documentation for the claim
or an explanation as to why such documentation is not available;
and (vii) be signed by the claimant or, if the claimant is not an
individual, by an authorized agent of the claimant.

(d)    If a claimant asserts a claim against more than one Debtor or has
claims against different Debtors, the claimant must file a separate
General Proof of Claim against each Debtor.

(e)    General Proofs of Claim must be filed either (i) through the
Electronic Filing System or (ii) by delivering the original General
Proof of Claim form by hand, or mailing the original General Proof

3

of Claim form on or before the General Bar Date or Governmental
Bar Date, as applicable, as follows:

If by first class mail:

> TK Holdings Inc.
> Claims Processing Center
> c/o Prime Clerk, LLC
> Grand Central Station
> PO Box 4850
> New York, NY 10163-4850

If by overnight courier or hand delivery:

> TK Holdings Inc.
> Claims Processing Center
> c/o Prime Clerk, LLC
> 850 Third Avenue, Suite 412
> Brooklyn, NY 11232

(f)     A General Proof of Claim shall be deemed timely filed only if it is
**actually received** by Prime Clerk (i) at the address listed above in
subparagraph (e) or (ii) electronically through the Electronic Filing
System on or before the General Bar Date or Governmental Bar
Date, as applicable.

(g)     General Proofs of Claim sent by facsimile, telecopy, or electronic
mail transmission (other than General Proofs of Claim filed
electronically through the Electronic Filing System) **will not** be
accepted.

(h)     Any person or entity (including, without limitation, individuals,
partnerships, corporations, joint ventures, trusts, and Governmental
Units) that asserts a claim that arises from the rejection of an
executory contract or unexpired lease must file a General Proof of
Claim based on such rejection by the later of (i) the General Bar
Date or Governmental Bar Date, as applicable, and (ii) the date
that is thirty (30) days following the entry of the Court order
approving such rejection, (which order may be the order
confirming a chapter 11 plan in the Debtors' Chapter 11 Cases) or
be forever barred from doing so.

(i)     Notwithstanding the foregoing, a party to an executory contract or
unexpired lease that asserts a claim on account of unpaid amounts
accrued and outstanding as of the Petition Date pursuant to such
executory contract or unexpired lease (other than a rejection
damages claim) must file a General Proof of Claim for such

4

amounts on or before the General Bar Date or Governmental Bar Date, as applicable, unless an exception identified in paragraph (m) below applies.

(j)     In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of this Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a General Proof of Claim or be subject to the provisions of paragraph 7 below and shall be given notice of such deadline.

(k)     Any person or entity that relies on the Schedules has the responsibility to determine that its claim is accurately listed in the Schedules.

(l)     Notwithstanding anything herein to the contrary, the Debtors shall not object or seek to expunge a proof of claim alleging a personal injury or wrongful death tort claim on the basis that such proof of claim was not timely filed prior to the expiration of the General Bar Date provided that such proof of claim was timely filed prior to the expiration of the PPIC Bar Date.

(m)     The following persons or entities are **not** required to file a General Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

(1)     any person or entity whose claim is listed on the Schedules; *provided* that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(2)     any person or entity whose claim has been paid in full;

(3)     any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such security or interest; *provided* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors

5

(including a claim relating to an equity interest or the purchase or sale of such equity interest), a General Proof of Claim must be filed on or before the General Bar Date or Governmental Bar Date, as applicable, pursuant to the Procedures;

(4)    any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a section 503(b)(9) claim);

(5)    any person or entity that holds a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Bar Date;

(6)    any holder of a claim for which a separate deadline has been fixed by this Court;

(7)    any person or entity who has already filed a General Proof of Claim with Prime Clerk or the Court against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the General Proof of Claim Form or Official Form No. 410;

(8)    any Debtor in these above-captioned cases having a claim against another Debtor in these above-captioned cases; or

(9)    any Consenting OEMs for any Consenting OEM Claims, which claims are hereby carved out of this Order and the procedures for filing General Proofs of Claim set forth herein, and shall instead be (a) filed in a format that reasonably describes, among other things, each Consenting OEM's claims, costs and expenses arising from or associated with any PSAN Inflators that are the subject of a recall, including without limitation, any amounts paid on account of litigation judgments against or settlements entered into by such Consenting OEM and (b) treated in accordance with the claims protocol to be agreed by and among the Debtors and the Initial Consenting OEMs; *provided*, that, notwithstanding the foregoing, the Consenting OEMs shall file their proofs of claim for any Consenting OEM Claims on or before the General Bar Date; *provided further*, that, in the event the restructuring support agreement to be entered into by and among the Debtors and the Initial Consenting OEMs (the "*RSA*") is (x) not approved via an order entered by the Court acceptable to the Consenting OEMs, including without

6

limitation, approval of the claims protocol agreed upon by
and among the Debtors and the Initial Consenting OEMs,
the Consenting OEMs shall have until sixty (60) days after
an order denying approval of the RSA, to amend or modify
any claim filed on or before the General Bar Date or (y)
terminated by a Consenting OEM or as to all Consenting
OEMs, such terminating Consenting OEM or all
Consenting OEMs, as applicable, shall have sixty (60) days
after the date on which such Consenting OEM or all
Consenting OEMs, as the case may be, provide notice of
such termination to amend or modify any such previously
filed proofs of claim.

*Procedures for Filing PPIC Proofs of Claim*

      3.      The following procedures for filing a PPIC Proof of Claim (*i.e.*, a proof of

claim alleging any prepetition claim against the Debtors for injuries (including death), losses or

asserted damages arising out of or relating to the manufacture or sale of an airbag containing a

PSAN Inflator or their component parts manufactured by the Debtors or their affiliates prior to

the Petition Date, provided such individual is not otherwise identified as a potential creditor on

the Debtors' Schedules) are approved:

      (a)    Unless otherwise provided herein, the PPIC Bar Date shall be
**December 27, 2017 at 5:00 p.m. (Prevailing Eastern Time).**

      (b)    PPIC Proofs of Claim must: (i) be written in the English language;
(ii) be denominated in lawful currency of the United States as of
the Petition Date (using the exchange rate, if applicable, as of the
Petition Date); (iii) conform substantially to the PPIC Proof of
Claim Form annexed hereto as **Exhibit B-2**; (iv) include the make,
model, year, and VIN Number of the PPIC's vehicle; (v) set forth
with specificity the legal and factual basis for the alleged claim;
(vi) include supporting documentation for the claim or an
explanation as to why such documentation is not available; and
(vii) be signed by the claimant or, if the claimant is not an
individual, by an authorized agent of the claimant.

      (c)    PPIC Proofs of Claim must be filed either (i) electronically through
the Electronic Filing System or (ii) by delivering the original PPIC
Proof of Claim form by hand, or mailing the original PPIC Proof

7

of Claim form on or before the PPIC Bar Date as follows:

If by first class mail:

> TK Holdings Inc.
> Claims Processing Center
> c/o Prime Clerk, LLC
> Grand Central Station
> PO Box 4850
> New York, NY 10163-4850

If by overnight courier or hand delivery:

> TK Holdings Inc.
> Claims Processing Center
> c/o Prime Clerk, LLC
> 850 Third Avenue, Suite 412
> Brooklyn, NY 11232

(d)    A PPIC Proof of Claim shall be deemed timely filed only if it is **actually received** by Prime Clerk (i) at the address listed above or (ii) electronically through the Electronic Filing System on or before the PPIC Bar Date.

(e)    PPIC Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than PPIC Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

(f)    Any PPIC that relies on the Schedules has the responsibility to determine that its claim is accurately listed in the Schedules.

(g)    The following persons or entities are **not** required to file a PPIC Proof of Claim on or before the PPIC Bar Date, solely with respect to the claims described below:

(1)    any person or entity that is not a PPIC;

(2)    any PPIC whose claim is listed on the Schedules; *provided* that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the PPIC does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the PPIC does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

8

(3)     any PPIC whose claim for personal injury is listed on the Schedules; *provided*, that the Schedules shall be amended within five (5) business days of the date hereof to include all persons who have provided written notice to the Debtors as of the date hereof of a claim asserting personal injury; *provided further*, that such amendments shall be acceptable to the Tort Committee;

(4)     any PPIC whose claim has been paid in full;

(5)     any PPIC that holds a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Bar Date;

(6)     any holder of a claim for which a separate deadline has been fixed by this Court;

(7)     any PPIC who has already filed a PPIC Proof of Claim with Prime Clerk or the Court against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the PPIC Proof of Claim Form or Official Form No. 410; *provided, however*, that a PPIC who also holds or asserts a claim other than a PPIC Claim must file a General Proof of Claim by the General Bar Date; or

(8)     The Future Claimants' Representative or any Future Claimant (each as defined in the *Order Appointing Roger Frankel as Legal Representative for Future Personal Injury Claimants Nunc Pro Tunc to July 20, 2017* (Docket No. 703), as modified, amended, or supplemented) for damages arising out of or relating to personal injury or wrongful death with respect to injuries sustained after the Petition Date arising from or related to PSAN Inflators or their component parts manufactured by the Debtors or their affiliates prior to confirmation of a chapter 11 plan of reorganization in these Chapter 11 Cases. In addition, notwithstanding any other provision of this Order, the claims of Future Claimants for such damages shall not be barred by this Order. However, neither the exemption set forth in this paragraph 3(g)(8), nor anything else in this Order, should be construed as a finding or conclusion that personal injury or wrongful death claims of the Future Claimants are not "claims" as defined in Bankruptcy Code section 101(5).

9

4.     PPIC Proofs of Claim asserting damages for economic loss shall be deemed filed and asserted against each of the Debtors that was engaged in the business of designing, manufacturing, or selling products containing PSAN Inflators.

5.     Notwithstanding anything herein to the contrary, the rights of all parties to object to any PPIC Proof of Claim or General Proof of Claim on any basis are hereby preserved.

6.     For the avoidance of doubt, the foregoing procedures shall apply to all PPICs and, unless otherwise subject to one of the exceptions set forth above, each PPIC shall be required to file a PPIC Proof of Claim by the PPIC Bar Date including any PPIC that may otherwise be included in, or represented by, a purported class action, class suit, or similar representative action filed against the Debtors.

7.     Any holder of a claim against the Debtors, including any PPIC, who is required to file a General Proof of Claim or PPIC Proof of Claim in accordance with this Bar Date Order, but fails to do so on or before the applicable Bar Date, shall not be permitted to vote to accept or reject any plan filed in the Chapter 11 Cases, or receive any distribution in the Chapter 11 Cases on account of such claim, or, for holders of unscheduled and unfiled claims, receive further notices regarding such claim.

8.     The General Bar Date Notice, the PPIC Combined Notice, and the Publication Notice (as defined below), attached hereto as **Exhibits A-1, A-2, and A-3**, respectively, are hereby approved.

*Procedures for Mailing of the General Bar Date Notice*

9.     The following Procedures are hereby approved with respect to the General Bar Date Notice:

10

(a) The Debtors shall cause to be mailed (i) a General Proof of Claim Form and
(ii) the General Bar Date Notice within five (5) business days of entry of this
Order to the following parties

    (i)     the Office of the U.S. Trustee;

    (ii)    all parties listed on the Consolidated Creditor Matrix (Docket No.
31);

    (iii)   all creditors and other known holders of claims against the
Debtors as of the date of entry of this Order, including all entities
listed in the Schedules as holding claims against the Debtors;

    (iv)   all persons or entities that have filed General Proofs of Claims as
of the date of entry of this Order;

    (v)    all known equity interest holders of the Debtors as of the date of
entry of this Order;

    (vi)   all counterparties to the Debtors' executory contracts and
unexpired leases as of the date of entry of this Order;

    (vii)  all named parties to pending litigation against the Debtors as of
the date of entry of this Order;

    (viii) all current and former employees, directors, and officers (to the
extent that contact information for former employees, directors,
and officers is available in the Debtors' records);

    (ix)   all regulatory authorities that regulate the Debtors' businesses as
of the date of entry of this Order;

    (x)    the Offices of the United States Attorney for the District of
Delaware and the Eastern District of Michigan;

    (xi)   the office of the attorney general for each state in which the
Debtors maintain or conduct business;

    (xii)  the District Director of the Internal Revenue Service for the
District of Delaware;

    (xiii) all other taxing authorities for the jurisdictions in which the
Debtors maintain or conduct business;

    (xiv) all parties who have requested notice pursuant to Bankruptcy Rule
2002 as of the date of entry of this Order; and

11

        (xv)    such additional persons and entities deemed appropriate by the Debtors.

     (b) The Debtors shall also post the General Bar Date Notice on Prime Clerk's website at TKRestructuring.com.

### Procedures for Mailing the PPIC Bar Date

10.     The Debtors are hereby ordered to serve the PPIC Notice Parties with the PPIC Combined Notice on a 6 x 9 postcard, substantially in the form filed with the Court on July 19, 2017 (Docket No. 282), via standard mail, at least **fifty-three (53) days** prior to the PPIC Bar Date. Such notice shall be deemed good and sufficient notice to the PPIC Notice Parties of the PPIC Bar Date and all other dates, deadlines, and other matters described therein, and no further or additional notice shall be necessary or required. Without limiting the generality of the foregoing, the Court finds and concludes that the PPIC Combined Notice constitutes good and sufficient notice of (a) the hearings set to consider approval of the Disclosure Statement and confirmation of the Chapter 11 Plan, and all related objection deadlines and procedures; (b) the terms of the contemplated plan highlighted therein; and (c) the opportunity for the PPICs to "opt out" of certain of the third-party release provisions of the contemplated plan and the procedures for doing so.

### Publication of the Notice of Commencement and the Supplemental Notice Plan

11.     The Debtors shall publish notice of the Bar Dates, substantially in the form attached hereto as **<u>Exhibit A-3</u>** (the "***Publication Notice***"), with any necessary modifications for ease of publication, once in the national editions of each of *The Wall Street Journal, The New York Times,* and *USA Today,* as well as once in each of the *Los Angeles Times, The Mercury News, The Dallas Morning News, Houston Chronicle, Miami Herald, Tampa Bay Times,* and *Automotive News.*

12

12.    The Debtors shall use commercially reasonable efforts to publish the

Publication Notice, as soon as practicable (allowing reasonable time for translations and other

administrative and logistical issues), with any necessary modifications for ease of publication,

once in each of the international publications listed on **Exhibit C** hereto.

13.    Publication of notice of the Bar Dates as set forth in this Order is

reasonably calculated to provide notice to unknown creditors, including PPICs, of the Bar Dates,

and is hereby approved and no other or further notice shall be required.

14.    The PPIC Notice Procedures, including the Supplemental Notice Plan, are

reasonably calculated to provide notice to unknown creditors, including PPICs, of the Chapter 11

Cases and Bar Dates and the other matters described therein, and are hereby approved and no

other or further notice shall be required; *provided, however*, that the Debtors shall limit the

Supplemental Notice Plan to (i) publication of the Publication Notice as provided in paragraphs

11 and 12 of this Order, (ii) the Informational Release, and (iii) the dedicated websites and the

toll free number described in the Motion.  The Court finds and concludes that identities and

contact information of PPICs other than Traditional Notice Parties are not reasonably

ascertainable and that such parties therefore are unknown creditors with respect to any claims

they may have against the Debtors' estates, for whom notice by publication pursuant to

Bankruptcy Rule 2002(*l*) is appropriate and sufficient.

15.    The Court further finds and concludes that publication of the Publication

Notice as provided in paragraphs 11 and 12 of this Order will itself constitute adequate notice of

the Bar Dates and other matters described therein on all unknown creditors, without regard to the

additional elements of the Supplemental Notice Plan.

WEIL:\96229977\14\76903.0004

16.     Except as with respect to service of the PPIC Combined Notice, and
notwithstanding any requirement under Bankruptcy Rule 2002 or otherwise, neither the Debtors,
Prime Clerk, the clerk of the Court, nor any other person shall be required to serve or otherwise
provide notice of any other pleadings, papers, deadlines, hearings, or other matters in the Chapter
11 Cases, whether by mail, hand delivery, overnight courier, or otherwise, on any PPIC, unless
such PPIC is also a Traditional Notice Party as of the date of such service or notice.  All updates
and other notices sent to the PPIC Notice Parties shall be delivered electronically in accordance
with the PPIC Electronic Opt-In Procedures, including those notices required pursuant to
Bankruptcy Rule 2002.

***Disclosure Statement and Chapter 11 Plan Objection Deadlines and Hearing Dates***

17.     The Disclosure Statement Hearing (at which time this Court will consider,
among other things, the adequacy of the Disclosure Statement) will be held before the Honorable
Brendan L. Shannon United States Bankruptcy Judge, in Courtroom #1 of the United States
Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Wilmington,
Delaware 19801, on **January 3, 2018 at 10:00 a.m. (Prevailing Eastern Time).** The Disclosure
Statement Hearing may be continued from time to time by the Court without further notice other
than adjournments announced in open court in the filing of a notice or a hearing agenda in these
Chapter 11 Cases.  The deadline to file responses or objections, if any, to the Disclosure
Statement is **December 27, 2017 at 4:00 p.m. (Prevailing Eastern Time).**

18.     The Confirmation Hearing will be held before the Honorable Brendan L.
Shannon United States Bankruptcy Judge, in Courtroom #1 of the United States Bankruptcy
Court for the District of Delaware, 824 Market Street, 6th Floor, Wilmington, Delaware 19801,
on **February 13, 2018 at 10:00 a.m. (Prevailing Eastern Time).**  The Confirmation Hearing

14

may be continued from time to time by the Court without further notice other than adjournments announced in open court in the filing of a notice or a hearing agenda in these Chapter 11 Cases. The deadline to file responses or objections, if any, to confirmation of the Chapter 11 Plan is **February 6, 2018 at 4:00 p.m. (Prevailing Eastern Time)**.

19.   Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

20.   Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

21.   The Debtors and Prime Clerk are authorized to take all steps necessary or appropriate to carry out this Order.

22.   Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Dates established herein must file such claims against the Debtors or be forever barred from so doing.

23.   This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: O c t  4_____, 2017
     Wilmington, Delaware

_____
THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

15

**Exhibit A-1**

**General Bar Date Notice**

Para acceder a una versión de este aviso en español, por favor visite
http://tkrestructuring.com.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

----------------------------------------------------------x
                              :
In re                    :       **Chapter 11**
                              :
**TK HOLDINGS INC.**, *et al.*,   :       **Case Nos. 17-11372 (BLS)**
                              :       **Through 17-11383 (BLS)**
       **Debtors.**[1]          :
                              :       **Jointly Administered**
----------------------------------------------------------x

## NOTICE OF DEADLINES REQUIRING FILING OF PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE DEBTORS SET FORTH BELOW:**

| Name of Debtor | Case Number | Tax Identification Number |
|---|---|---|
| Takata Americas | 17-11372 | XX–XXX9766 |
| TK Finance, LLC | 17-11373 | XX–XXX2753 |
| TK China, LLC | 17-11374 | XX–XXX1312 |
| TK Holdings Inc. | 17-11375 | XX–XXX3416 |
| Takata Protection Systems Inc. | 17-11376 | XX–XXX3881 |
| Interiors in Flight Inc. | 17-11377 | XX–XXX4046 |
| TK Mexico Inc. | 17-11378 | XX–XXX8331 |
| TK Mexico LLC | 17-11379 | XX–XXX9029 |
| TK Holdings de Mexico, S. de R.L. de C.V. | 17-11380 | N/A |
| Industrias Irvin de Mexico, S.A. de C.V. | 17-11381 | N/A |
| Takata de Mexico, S.A. de C.V. | 17-11382 | N/A |
| Strosshe-Mex, S. de R.L. de C.V. | 17-11383 | N/A |

On October 3, 2017, the Bankruptcy Court entered an order [Docket No. __] (the "***Bar***

***Date Order***") establishing certain deadlines for the filing of proofs of claim in the above-listed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

Debtors' chapter 11 cases (each a "***Proof of Claim***"), including a deadline for asserting claims

against any of the Debtors for past or future monetary losses, personal injuries (including death),

or asserted damages arising out of or relating to an airbag containing phase-stabilized ammonium

nitrate propellant ("***PSAN Inflators***"), or their component parts, manufactured or sold by the

Debtors or their affiliates prior to the Petition Date (each a "***PPIC Claim***").  Except as otherwise

set forth herein, all persons, entities (including individuals, partnerships, corporations, joint

ventures, and trusts), and governmental units who have a claim or potential claim, including any

claims under section 503(b)(9) of title 11 of the United States Code (the "***Bankruptcy Code***"),

against any of the Debtors that arose prior to the June 25, 2017 (the "***Petition Date***"), no matter

how remote or contingent, **MUST FILE A PROOF OF CLAIM.**

The deadlines set forth in the Bar Date Order for filing Proofs of Claim are as follows

(collectively, the "***Bar Dates***"):

(a)   For all claims against any of the Debtors other than (i) PPIC Claims and (ii)
claims of Governmental Units (as defined below), the last date and time to file a Proof of Claim
is **November 27, 2017 at 5:00 p.m. (Prevailing Eastern Time)** (the "***General Bar Date***");

(b)   For all PPIC Claims, the last date and time to file a Proof of Claim is **December
27, 2017 at 5:00 p.m. (Prevailing Eastern Time)** (the "***PPIC Bar Date***"); and

(c)   For claims against any of the Debtors asserted by a governmental unit (as defined
in section 101(27) of the Bankruptcy Code), the last date and time to file a Proof of Claim is
**December 22, 2017 at 5:00 p.m. (Prevailing Eastern Time)** (the "***Governmental Bar Date***").

## 1.   WHO MUST FILE A PROOF OF CLAIM

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to

share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to

the Petition Date, and it is not one of the types of claims described in Section 4 below.

Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be

WEIL:\96201012\6\76903.0003

filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2.    SPECIAL PROVISIONS FOR OWNERS OF VEHICLES WITH TAKATA AIRBAG INFLATORS

If you (or, in the case of a wrongful-death claim, the estate you represent) believe you have a claim against the Debtors, including for past or future monetary loss, personal injury, or death on account of your current or past ownership of a vehicle containing a PSAN Inflator regardless of whether such PSAN Inflator is subject to a recall or has already been repaired or you have thus far suffered no loss, injury, or death on account of your PSAN Inflator (as such claims may be deemed to have accrued before the Petition Date), you **MUST** file a Proof of Claim for your PPIC Claim prior to the PPIC Bar Date and in accordance with the instructions below.

For the avoidance of doubt, the Debtors are not seeking to, and the passage or expiration of the PPIC Bar Date shall not, bar or prevent any individuals from filing claims against the Debtors' estates for personal injury or wrongful death tort claims that arise from or relate to incidents that occur after the Petition Date involving vehicles that contain PSAN Inflators or their component parts manufactured by the Debtors or their affiliates.

3

You must file a Proof of Claim even if you may be included in, or represented by, a
purported class action, class suit, or similar representative action filed against the Debtors.

Information about how to file a Proof of Claim on account of a PPIC Claim, including the
ability to file such claim electronically, is available at TKRestructuring.com/PPIC. **If you fail to
file a Proof of Claim on or before the PPIC Bar Date: (a) you may be forever barred,
estopped, and enjoined from asserting a PPIC Claim against the Debtors even if your loss
or injury does not occur until some point in the future; (b) the Debtors and their property
may be forever discharged from any and all indebtedness or liability with respect to such
claim; and (c) you may not receive any distribution in these cases on account of such claim.**

3.    **WHAT TO FILE**

The Debtors are enclosing a proof of claim form (the "***General Proof of Claim
Form***") for use in these cases; if your claim is listed on the schedules of assets and liabilities
filed by the Debtors (collectively, the "***Schedules***," which are available at
www.primeclerk.com/takataschedules), the proof of claim form also sets forth the amount of
your claim as listed on the Schedules, the specific Debtor against which the claim is scheduled,
and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will
receive a different proof of claim form for each claim listed in your name on the Schedules. You
may utilize the proof of claim form(s) provided by the Debtors to file your claim. Additional
proof of claim forms may be obtained at (i) the website established by the Debtors' Court-
approved claims and noticing agent, Prime Clerk LLC ("***Prime Clerk***"), located at
TKRestructuring.com or (ii) the Bankruptcy Court's website located at
www.uscourts.gov/forms/bankruptcy-forms.

4

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You also should set forth with specificity the legal and factual basis for the alleged claim and attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or explanation as to why the documents are not available.

Your proof of claim form must <u>not</u> contain complete social security numbers or taxpayer identification numbers (only the last four (4) digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four (4) digits of such account number).

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor. Any holder of a claim must identify on its proof of claim the specific Debtor against which its claim is asserted and the case number of that Debtor's bankruptcy case. A list of the Debtors and their respective case numbers is set forth above on the first page of this Notice. Any holder of a claim must sign the claim or, if the claimant is not an individual, an authorized agent must sign the claim.

**3. WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received **on or before the applicable deadline set forth above** as follows:

**IF BY FIRST CLASS MAIL:**

> TK Holdings Inc.
> Claims Processing Center
> c/o Prime Clerk LLC
> Grand Central Station
> PO Box 4850
> New York, NY 10163-4850

5

**IF BY OVERNIGHT COURIER OR HAND DELIVERY:**

>TK Holdings Inc.
>Claims Processing Center
>c/o Prime Clerk LLC
>850 Third Avenue, Suite 412
>Brooklyn, NY 11232

**IF ELECTRONICALLY:**

>The website established by Prime Clerk, using the interface available on such website located at TKRestructuring.com under the linked entitled "Submit a Claim" (the "*Electronic Filing System*").

Proofs of claim will be deemed filed only when <u>received</u> at the addresses listed above or via the Electronic Filing System on or before the applicable Bar Dates.  Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission (other than proofs of claim filed electronically through the Electronic Filing System).

### 4.  WHO NEED NOT FILE A PROOF OF CLAIM

You do **not** need to file a proof of claim on or prior to the applicable Bar Dates if you are:

>(a) any person or entity whose claim is listed on the Schedules; *provided* that (i) the claim is **<u>not</u>** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

>(b) any person or entity whose claim has been paid in full;

>(c) any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such security or interest; *provided* that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of claim must be filed on or before the General Bar Date or Governmental Bar Date, as applicable, pursuant to the procedures described herein;

6

(d) the holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a section 503(b)(9) claim);

(e) any person or entity that holds a claim that heretofore has been allowed by Order of the Bankruptcy Court entered on or before the applicable Bar Date;

(f) any holder of a claim for which a separate deadline has been fixed by the Bankruptcy Court;

(g) any person or entity who has already filed a proof of claim with Prime Clerk or the Court against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the General Proof of Claim Form or Official Form No. 410;

(h) any Debtor listed on the first page of this Notice having a claim against another Debtor listed on the first page of this Notice;

(i) any Consenting OEMs for any Consenting OEM Claims, which claims are hereby carved out of this Order and the procedures for filing General Proofs of Claim set forth herein, and shall instead be (a) filed in a format that reasonably describes, among other things, each Consenting OEM's claims, costs and expenses arising from or associated with any PSAN Inflators that are the subject of a recall, including without limitation, any amounts paid on account of litigation judgments against or settlements entered into by such Consenting OEM and (b) treated in accordance with the claims protocol to be agreed by and among the Debtors and the Initial Consenting OEMs; **provided**, that, notwithstanding the foregoing, the Consenting OEMs shall file their proofs of claim for any Consenting OEM Claims on or before the General Bar Date; **provided further**, that, in the event the restructuring support agreement to be entered into by and among the Debtors and the Initial Consenting OEMs (the "*RSA*") is (x) not approved via an order entered by the Court acceptable to the Consenting OEMs, including without limitation, approval of the claims protocol agreed upon by and among the Debtors and the Initial Consenting OEMs, the Consenting OEMs shall have until sixty (60) days after an order denying approval of the RSA, to amend or modify any claim filed on or before the General Bar Date or (y) terminated by a Consenting OEM or as to all Consenting OEMs, such terminating Consenting OEM or all Consenting OEMs, as applicable, shall have sixty (60) days after the date on which such Consenting OEM or all Consenting OEMs, as the case may be, provide notice of such termination to amend or modify any such previously filed proofs of claim.

This Notice may be sent to persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors.

7

*The fact that you have received this Notice does not mean that you have a claim or that the*

*Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.*

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you hold a claim arising out of the rejection of an executory contract or unexpired

lease you must file a proof of claim based on such rejection by the later of (i) the General Bar

Date or Governmental Bar Date, as applicable, and (ii) the date that is thirty (30) days

following the entry of the Bankruptcy Court order approving such rejection, (which order may

be the order confirming a chapter 11 plan in the Debtors' Chapter 11 Cases) or be forever

barred from doing so *provided, however,* that a party to an executory contract or unexpired

lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the

Petition Date pursuant to such executory contract or unexpired lease (other than a rejection

damages claim) must file a proof of claim for such amounts on or before the General Bar Date

or Governmental Bar Date, as applicable, unless an exception identified in section 4 above

applies.

## 6. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as a holder of a claim against one or more of the Debtors in the

Debtors' Schedules.

To determine if and how you are listed on the Schedules, please refer to the descriptions

set forth on the enclosed proof of claim form(s) regarding the nature, amount, and status of

your claim(s). If you received postpetition payments from the Debtors (as authorized by the

Bankruptcy Court) on account of your claim(s), the enclosed proof of claim form will reflect

the net amount of your claim(s). If the Debtors believe that you hold claims against more than

8

one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules and/or the enclosed proof of claim form(s), it is your responsibility to determine that the claim accurately is listed on the Schedules. However, you may rely on the enclosed form, which lists your claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the claim is disputed, contingent, or unliquidated.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim only is against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Dates, in accordance with the procedures set forth in this Notice.

In the event that the Debtors amend or supplement their Schedules subsequent to the entry of the Bar Date Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a proof of claim or be barred from doing so and shall be given notice of such deadline.

Copies of the Debtors' Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on (i) the website established by Prime Clerk for the Debtors' cases at TKRestructuring.com and (ii) on the Court's website at http://www.deb.uscourts.gov/. A login and password to the Bankruptcy Court's Public Access to Electronic Records ("*PACER*") are required to access this

9

information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules also may be examined between the hours of 8:00 a.m. and 4:00 p.m., Prevailing Eastern Time, Monday through Friday at the Office of the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. Copies of the Debtors' Schedules also may be obtained by request to Prime Clerk, at the address and telephone number set forth below:

## 7. RESTRUCTURING PROCEEDINGS OF DEBTORS' JAPANESE AFFILIATES

Takata Corporation, Takata Kyushu Corporation, and Takata Service Corporation (collectively, "***Takata Japan***") have commenced proceedings under the Civil Rehabilitation Act ("CRA") in Tokyo, Japan. Takata Japan has sought recognition by the Bankruptcy Court of its CRA proceedings under Chapter 15 of the Bankruptcy Code. Parties who believe they have claims against Takata Japan can obtain information about the CRA proceedings at www.takata.com.

## 8. RESTITUTION FUND

Individuals who have suffered, or will suffer, personal injury caused by the malfunction of a PSAN Inflator may be eligible for compensation from Restitution Funds established by order of the Federal Court for the E.D. of Michigan. The Court has appointed a Special Master, Prof. Eric D. Green, to administer the claimant compensation process and make recommendations regarding the distribution of funds. If you believe you may qualify for compensation from the Restitution Funds, please visit www.takataspecialmaster.com for further information and to review relevant case documents.

## 9. PLAN AND DISCLOSURE STATEMENT

The Debtors will soon file a chapter 11 plan of reorganization (the "***Plan***") and accompanying disclosure statement (the "***Disclosure Statement***"). The Plan will describe the

10

proposed treatment of claims against, and interests in, the Debtors; the Disclosure Statement will

provide information about the Plan and the Debtors. The Bankruptcy Court will hold hearings to

consider, and has set deadlines to object to, the Disclosure Statement and Plan.

*Disclosure Statement Hearing.* January 3, 2018 at 10:00 a.m. (Prevailing Eastern Time), with

objections due no later than December 27, 2017, at 4:00 p.m. (Prevailing Eastern Time);

*Confirmation Hearing.* February 13, 2018 at 10:00 a.m. (Prevailing Eastern Time), with

objections due no later than February 6, 2018, at 4:00 p.m. (Prevailing Eastern Time).

To receive notices on the chapter 11 cases, or to review the Plan and Disclosure

Statement, visit and register your email address at TKRestructuring.com/PPIC. All documents

filed with the Bankruptcy Court are available for inspection at the Office of the Clerk of the

Court or free of charge at: TKRestructuring.com/PPIC. *The Plan will bind all creditors and*

*interest holders upon its confirmation. If you wish to object to Plan or Disclosure Statement, you*

*must properly file and serve an objection by the applicable deadline listed above.*

### 10.   CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE
REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 4 ABOVE,
AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE
FORM SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OF REORGANIZATION
FILED IN THESE CASES AND SHALL RECEIVE NO DISTRIBUTION IN THE
DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

—

**A holder of a potential claim against the Debtors should consult an attorney regarding any**

**matters not covered by this Notice, such as whether the holder should file a**

**proof of claim.**

Dated: _____, 2017                    **BY ORDER OF THE COURT**
        Wilmington, Delaware

RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Brett M. Haywood (No. 6166)
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
Marcia L. Goldstein
Ronit J. Berkovich
Matthew P. Goren
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for the Debtors*
*and Debtors in Possession*

**Exhibit A-2**

**PPIC Combined Notice**

TK Holdings Inc. Return Mail
P.O. Box 3004
Monroe, WI 53566-3004

[PRIMECLERKID] - Barcode
***[PRIMECLERKID] - Human Readable

[GIVEN NAME] [MIDDLE INITIAL] [SURNAME/
FIRM NAME] [SURNAME SUFFIX] - wrap as necessary
[ADDRESS FIELDS FROM NCOA/CASS] - including country



**Visit www.AirbagRecall.com to see if you're at risk of
injury or death, or call 1.888.327.4236 for more
information about the safety of your vehicle.**

---

In re: TK HOLDINGS INC., *et al.*,                Chapter 11 Case No. 17-11375 (BLS)
Debtors

**IMPORTANT LEGAL NOTICE FOR OWNERS OF VEHICLES WITH TAKATA
AIRBAG INFLATORS**

*– This Notice was authorized by a federal court. Read it carefully.
Your rights are at stake. –*

**Why have I received this notice?** TK Holdings Inc. and certain of its affiliates listed on
the reverse side of this notice (collectively, the "Debtors") have filed chapter 11
bankruptcy cases in the United States. The Debtors are subsidiaries of Takata Corporation,
a Japanese corporation engaged in the manufacture and sale of airbag inflators and other
automotive components. Takata Corporation and its worldwide affiliates (including the
Debtors) are referred to collectively as "Takata." Takata Corporation has filed a
bankruptcy proceeding in Japan. This notice relates only to the Debtors located in the U.S.
and Mexico.

You have been identified as the current or former registered owner of a vehicle with one or
more Takata-manufactured airbag inflators containing phase-stabilized ammonium nitrate
propellant ("PSAN Inflators"), which are or may be defective and could rupture, creating a
risk of personal injury or death. This notice sets forth the deadline for asserting claims
against the Debtors in the U.S. bankruptcy proceedings and provides other important
deadlines and information about the chapter 11 cases. **If your vehicle contains a defective
or potentially defective airbag inflator and is under recall, contact your nearest
dealership immediately to schedule a free repair.**

**Do I have a claim against the Debtors?** You (or, in the case of a wrongful-death claim,
the estate you represent) may have claims against the Debtors, including for monetary loss,
personal injury, or death (in each case, whether past or future) on account of your current
or past ownership of a vehicle containing a PSAN Inflator regardless of whether such
PSAN Inflator is subject to a recall or has already been repaired or you have thus far
suffered no loss, injury, or death on account of your PSAN Inflator (as such claims may be
deemed to have accrued before the Debtors filed for bankruptcy). *To assert a claim, you
must file a proof of claim by the deadline and in accordance with the instructions on the
reverse side of this notice. If you fail to do so, your claim may be barred and you may
receive no recovery.*

**What else should I do?** The Debtors strongly recommend that you:
• Carefully review this notice, including the reverse side, in its entirety.
• Please visit www.AirbagRecall.com or call 1.888.327.4236 for more information about
  obtaining free replacement airbags.
• *Register your email address at TKRestructuring.com/PPIC. You will receive no further
  notices in the chapter 11 cases unless you do so and may miss important information.*
• Call 833-619-7579 (U.S. toll-free) or 920-238-6810 (international), email
  tkppic@primeclerk.com, or visit TKRestructuring.com/PPIC if you have questions.
• Contact an attorney for legal advice concerning the chapter 11 cases.

**Commencement of Chapter 11 Cases.** On June 25, 2017 (the "Petition Date"), Debtors Takata Americas; TK Finance, LLC; TK China, LLC; TK Holdings Inc.; Takata Protection Systems Inc.; Interiors in Flight Inc.; TK Mexico Inc.; TK Mexico LLC; TK Holdings de Mexico S. de R.L. de C.V.; Industrias Irvin de Mexico, S.A. de C.V.; Takata de Mexico, S.A. de C.V.; and Strosshe-Mex, S. de R.L. de C.V each filed a voluntary petition for relief under chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Dist. of Delaware. *Filing of the chapter 11 cases imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the Debtors or the Debtors' property outside of the chapter 11 cases.*

**Restructuring Proceedings of Debtors' Japanese Affiliates.** Takata Corporation, Takata Kyushu Corporation, and Takata Service Corporation (collectively, "Takata Japan") have commenced proceedings under the Civil Rehabilitation Act ("CRA") in Tokyo, Japan. Takata Japan has also sought recognition by the Bankruptcy Court of its CRA proceedings under Chapter 15 of the Bankruptcy Code. Parties who believe they have claims against Takata Japan can obtain information about the CRA proceedings at www.takata.com.

**Further Notices.** You should register your email address at TKRestructuring.com/PPIC. You will not receive notice of any further documents filed in the chapter 11 cases unless you do so. All documents filed with the Bankruptcy Court are available for inspection at the Office of the Clerk of the Court or free of charge at TKRestructuring.com/PPIC.

**Restitution Fund:** Individuals who have suffered, or will suffer, personal injury caused by the malfunction of a PSAN Inflator may be eligible for compensation from Restitution Funds established by order of the Federal Court for the E.D. of Michigan. The Court has appointed a Special Master, Prof. Eric D. Green, to administer the claimant compensation process and make recommendations regarding the distribution of funds. If you believe you may qualify for compensation from the Restitution Funds, please visit www.takataspecialmaster.com for further information.

**Deadline for Filing Proof of Claim. December 27, 2017, at 5:00 p.m. (Eastern Time)** (the "PPIC Bar Date") is the last date and time to assert claims against any of the Debtors for monetary losses, personal injuries (including death), or asserted damages arising out of or relating to an airbag containing a PSAN Inflator or their component parts manufactured or sold by Takata prior to the Petition Date (a "PPIC Claim".) You must file a proof of claim for a PPIC Claim (a "PPIC Proof of Claim") even if you are included in a class action lawsuit or other representative action filed against the Debtors. Information about how to file a PPIC Proof of Claim, including the ability to file such claim electronically, is available at TKRestructuring.com/PPIC. **If you fail to file a PPIC Proof of Claim before the PPIC Bar Date: (a) you may be forever barred, estopped, and enjoined from asserting a PPIC Claim against the Debtors even if your loss or injury does not occur until some point in the future; (b) the Debtors and their property may be forever discharged from any and all indebtedness or liability with respect to such claim; and (c) you may not receive any distribution in these chapter 11 cases on account of such claim.** Filing a proof of claim submits a creditor to the jurisdiction of the Bankruptcy Court, with consequences a lawyer can explain. *The PPIC Bar Date does not apply to claims for personal injury or wrongful death sustained after the Petition Date arising from or relating to a PSAN Inflator or its component parts manufactured by Takata. This means that you may be entitled to seek a distribution under the Plan upon injury or death even if you do not file a proof of claim by the PPIC Bar Date. However, you will remain subject to the other terms of the Plan—including the releases, injunctions, and "safe free and clear" provisions described below—to the same extent as other holders of claims.*

**Plan and Disclosure Statement.** The Debtors will soon file a chapter 11 plan of reorganization (the "Plan") and accompanying disclosure statement (the "Disclosure Statement"). The Plan will describe the proposed treatment of claims against, and interests in, the Debtors; the Disclosure Statement will provide information about the Plan and the Debtors. The Bankruptcy Court will hold hearings to consider, and has set deadlines to object to, the adequacy of the Disclosure Statement and confirmation of the Plan.

• *Disclosure Statement Hearing*, **January 3, 2018 at 10:00 a.m.** (Eastern Time), with objections due no later than **December 27, 2017, at 4:00 p.m.** (Eastern Time);

• *Confirmation Hearing*, **February 13, 2018 at 10:00 a.m.** (Eastern Time), with objections due no later than **February 6, 2018, at 4:00 p.m.** (Eastern Time).

*Carefully review the Plan and Disclosure Statement, available at: TKRestructuring.com/PPIC. If you register at TKRestructuring.com/PPIC, you will receive an electronic copy of the Plan and Disclosure Statement and other notices. If you fail to register, this will be the only notice you will receive. The Plan will bind all creditors and interest holders upon its confirmation. If you wish to object to the adequacy of the Disclosure Statement or confirmation of the Plan, you must properly file and serve an objection by the applicable deadline listed above.*

**Discharge.** Confirmation of the Plan may result in a discharge of debts of the Debtors, which may include all or a part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect against the Debtors, except as provided in the Plan.

**RELEASES.** In addition to the discharge described above, the Plan will likely contain broad releases of third-party claims and related injunction provisions. If approved, these provisions could release claims you hold against certain third parties, including the manufacturers of your vehicle and the Plan Sponsor (defined below). The foregoing is a summary only. You should carefully review the full text of the Plan's release, injunction, and related provisions and any applicable release "opt out" provision at TKRestructuring.com/PPIC.

**SALE "FREE AND CLEAR."** The Debtors have proposed Joyson KSS Auto Safety S.A., together with one or more of its current or future subsidiaries or affiliates, as their "Plan Sponsor." The Plan will provide for the Plan Sponsor's acquisition of substantially all assets of the Debtors (with specified exclusions generally related to Takata's PSAN Inflator business). Under the Plan, the Plan Sponsor's acquired assets free and clear of all claims, liens, charges and other interests (collectively, the "Claims and Interests"), except for certain specifically assumed liabilities. The Plan Sponsor will not assume any claims of the Debtors or Takata unless it expressly agrees to do so. Without limiting the foregoing, the Plan Sponsor is not assuming any claims or liabilities related in any way to the PSAN Inflators (and the propellant), including PPIC Claims. *If you do not file an objection to the Plan with the Bankruptcy Court by the deadline above, your right to challenge the sale of the Debtors' assets "free and clear" of Claims and Interests and the related injunction will be forfeited. The Bankruptcy Court's approval of the sale of the Debtors' assets "free and clear" and the related injunction means that you will be forever barred from asserting any Claims and Interests against the Plan Sponsor and/or the Plan Sponsor's predecessors, successors, assigns, subsidiaries, affiliates, equity holders, current and former officers and directors, employees, agents, professionals, and various other related persons. You should review the full text of this provision at TKRestructuring.com/PPIC.*

**Exhibit A-3**

**Publication Notice**

**IN RE TK HOLDINGS, INC., *ET AL.*, CASE NO. 17-11375 (BLS)**

**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM INCLUDING CLAIMS
OF POTENTIAL TAKATA AIRBAG INFLATOR CLAIMANTS**

1.      On June 25, 2017 (the "***Petition Date***"), TK Holdings, Inc. and certain of its affiliates
(collectively, the "***Debtors***") filed chapter 11 cases in the United States Bankruptcy Court for the
District of Delaware (the "***Bankruptcy Court***"). The Debtors are subsidiaries of Takata
Corporation, a Japanese corporation engaged in the manufacture and sale of automotive
components, including airbag inflators. Takata Corporation filed a bankruptcy proceeding in
Japan. This notice relates only to claims against the Debtors in the U.S. and Mexico. The name
and case number for each Debtor is: Takata Americas, 17-11372; TK Finance, LLC, 17-11373;
TK China, LLC, 17-11374; TK Holdings Inc., 17-11375; Takata Protection Systems Inc., 17-
11376; Interiors in Flight Inc., 17-11377; TK Mexico Inc., 17-11378; TK Mexico LLC, 17-
11379; TK Holdings de Mexico, S. de R.L. de C.V., 17-11380; Industrias Irvin de Mexico, S.A.
de C.V., 17-11381; Takata de Mexico, S.A. de C.V., 17-11382; Strosshe-Mex, S. de R.L. de
C.V., 17-11383.

2.      On October 3, 2017, the Bankruptcy Court entered an order [Docket No. ___] (the "***Bar
Date Order***") establishing deadlines for filing proofs of claim in the Debtors' chapter 11 cases
(each a "***Proof of Claim***"), including a deadline for asserting claims against any Debtor for
monetary losses, personal injury, or death (whether past or future) arising out of or relating to an
airbag containing phase-stabilized ammonium nitrate propellant ("***PSAN Inflators***"), or their
component parts, manufactured or sold by the Debtors or their affiliates prior to the Petition Date
(each a "***PPIC Claim***"). Except as otherwise stated herein, all persons (including individuals,
partnerships, corporations, joint ventures, and trusts), and governmental units who have a claim
or potential claim, including under Bankruptcy Code section 503(b)(9), against any Debtor that
arose before the Petition Date, no matter how remote or contingent, **MUST FILE A PROOF
OF CLAIM.**

**I.      DEADLINES FOR FILING CLAIMS**

3.      The deadlines stated in the Bar Date Order for filing Proofs of Claim are as follows
(collectively, the "***Bar Dates***"):

        (a)      For claims against any of the Debtors other than (i) PPIC Claims and (ii) claims
of Governmental Units (as defined below), the deadline to file a Proof of Claim is **November 27,
2017 at 5:00 p.m. (Eastern Time)** (the "***General Bar Date***");

        (b)      For PPIC Claims, the deadline to file a Proof of Claim is **December 27, 2017 at
5:00 p.m. (Eastern Time)** (the "***PPIC Bar Date***"); and

        (c)      For claims against any Debtor asserted by a governmental unit (as defined in
Bankruptcy Code section 101(27)), the deadline to file a Proof of Claim is **December 22, 2017
at 5:00 p.m. (Eastern Time)** (the "***Governmental Bar Date***").

## II.    WHO MUST FILE A PROOF OF CLAIM

4.    With limited exceptions stated below, you **MUST** file a Proof of Claim to vote on the Debtors' chapter 11 plan or share in distributions from the Debtors' estates. Claims based on acts or omissions of the Debtors before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

5.    Under Bankruptcy Code section 101(5), "claim" means: (a) a right to payment, whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## III.    SPECIAL PROVISIONS FOR OWNERS OF VEHICLES WITH TAKATA AIRBAG INFLATORS

6.    If you have a claim against the Debtors, including for monetary loss, personal injury, or death (past or future) due to your current or past ownership of a vehicle containing a PSAN Inflator regardless of whether it is subject to recall or has already been repaired or you have suffered no harm (as such claims may be deemed to have accrued before the Petition Date), you **MUST** file a Proof of Claim for your PPIC Claim before the PPIC Bar Date in accordance with the instructions below.

7.    The Debtors are not seeking to, and the PPIC Bar Date shall not, bar any individuals from filing claims against the Debtors' estates for personal injury or wrongful death tort claims that arise from or relate to incidents that occur after the Petition Date involving vehicles containing PSAN Inflators or their component parts manufactured by the Debtors or their affiliates.

8.    You must file a Proof of Claim even if you may be included in, or represented by, a purported class action, class suit, or similar action against the Debtors.

9.    Information about how to file a Proof of Claim on account of a PPIC Claim, including how to file electronically, is available at TKRestructuring.com/PPIC. **If you fail to file a Proof of Claim by the PPIC Bar Date: (a) you may be forever barred, estopped, and enjoined from asserting a PPIC Claim against the Debtors even if your loss or injury does not occur until some point in the future (subject to paragraph 7 hereof); (b) the Debtors and their property may be forever discharged from any and all indebtedness or liability with respect to such claim; and (c) you may not receive any distribution on account of such claim.**

## IV.    WHO NEED NOT FILE A PROOF OF CLAIM

10.    You do **not** need to file a proof of claim on or prior to the applicable Bar Dates if:

(a)    Your claim is listed on the Debtors' schedules of assets and liabilities filed with the Court (the "*Schedules*," available at www.primeclerk.com/takataschedules) and (i) is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," and (ii) you do not dispute

(I) the amount, nature, and priority of the claim as set forth in the Schedules, and (II) that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

       (b)    Your claim has been fully paid;

       (c)    You hold a claim allowable under Bankruptcy Code section 503(b) and 507(a)(2) as an administrative expense (**other than** a section 503(b)(9) claimholder);

       (d)    You hold a claim that has been allowed by order of the Bankruptcy Court entered on or before the applicable Bar Date;

       (e)    You already filed a Proof of Claim with Prime Clerk or the Bankruptcy Court against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the proof of claim forms, including a special proof of claim form for PPIC Claims (collectively the "***Proof of Claim Forms***"), or Official Form No. 410;

       (f)    Certain other Bar Date Order exclusions apply.

11.    DO NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.

## V.    WHAT TO FILE

12.    The Proof of Claim Forms may be obtained from (a) the Debtors' Court-approved claims and noticing agent, Prime Clerk LLC ("***Prime Clerk***"), through TKRestructuring.com or by calling 844-822-9229 (U.S.) or 920-238-6810 (international), or (b) the Bankruptcy Court's website: www.uscourts.gov/forms/bankruptcy-forms. Information about filing a PPIC Proof of Claim is available at TKRestructuring.com/PPIC.

13.    All Proof of Claim Forms must: (a) be **signed** by the claimant or its authorized agent, written in English, and denominated in U.S. currency (using the Petition Date exchange rate if applicable); (b) state with specificity the legal and factual basis for the alleged claim, and (c) attach supporting documents, or if voluminous or unavailable, a summary. Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor. Any holder of a claim must identify the Debtor against which its claim is asserted and that Debtor's bankruptcy case number.

14.    Your proof of claim form **must not contain**: (a) complete social security or taxpayer identification numbers (only include the last four digits), (b) a complete birth date (include only the year), (c) the name of a minor (include only initials), or (d) financial account numbers (include only the last four digits).

## VI.    WHEN AND WHERE TO FILE A CLAIM

15.    Except as provided herein, all Proofs of Claim Forms must be filed (i) electronically through Prime Clerk's website by using TKRestructuring.com under the link "Submit a Claim" (the "***Electronic Filing System***") or (ii) by delivering the original Proof of Claim form to: (a) by mail, TK Holdings Inc., Claims Processing Center, c/o Prime Clerk LLC, Grand Central Station,

WEIL:\96248126\8\76903.0003

PO Box 4850, New York, NY 10163-4850, or (b) by overnight, courier or hand delivery, TK
Holdings Inc., Claims Processing Center, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412 ,
Brooklyn, NY 11232. Proof of Claim Forms may not be delivered by facsimile, telecopy, or
electronic transmission (except those filed through the Electronic Filing System).

## VII.    RESTRUCTURING PROCEEDINGS OF DEBTORS' JAPANESE AFFILIATES

16.    Takata Corporation, Takata Kyushu Corporation, and Takata Service Corporation
(collectively, "***Takata Japan***") commenced proceedings under the Civil Rehabilitation Act in
Japan, where they are seeking recognition by the Bankruptcy Court under Bankruptcy Code
Chapter 15. Parties with claims against Takata Japan can obtain information at www.takata.com.

## VIII.   RESTITUTION FUND

17.    Individuals who have suffered, or will suffer, personal injury caused by a PSAN Inflator
may be eligible for compensation from Restitution Funds established by order of the Federal
Court for the E.D. of Michigan. The Court has appointed a Special Master, Prof. Eric D. Green,
to administer the claimant compensation process and make recommendations regarding fund
distribution. If you believe you may qualify for compensation from the Restitution Funds, visit
www.takataspecialmaster.com for further information.

## IX.    PLAN AND DISCLOSURE STATEMENT

18.    The Debtors will soon file a chapter 11 plan of reorganization (the "***Plan***") and disclosure
statement (the "***Disclosure Statement***"). The Plan will describe the proposed treatment of claims
against, and interests in, the Debtors; the Disclosure Statement will provide information about
the Plan and Debtors. The Bankruptcy Court will hold hearings to consider, and has set deadlines
to object to, the Disclosure Statement and Plan.

*Disclosure Statement Hearing.* **January 3, 2018 at 10:00 a.m. (Eastern Time)**, with objections
due by **December 27, 2017, at 4:00 p.m. (Eastern Time)**;

*Confirmation Hearing.* **February 13, 2018 at 10:00 a.m. (Eastern Time)**, with objections due
by **February 6, 2018, at 4:00 p.m. (Eastern Time)**.

19.    To receive notices or review the Plan and Disclosure Statement, register your email
address at TKRestructuring.com/PPIC. All documents filed with the Bankruptcy Court are
available for inspection at the Office of the Clerk of the Court or free of charge at
TKRestructuring.com/PPIC. *The Plan will bind all creditors and interest holders upon its*
*confirmation. If you wish to object to Plan or Disclosure Statement, you must properly file and*
*serve an objection by the applicable deadline listed above.*

20.    **RELEASES. The Plan will likely contain broad releases of third-party claims and**
**related injunction provisions. If approved, these provisions could release claims you hold**
**against certain third parties, including Joyson KSS Auto Safety S.A. (together, with one or**
**more of its current or future subsidiaries or affiliates, the "Plan Sponsor"). The foregoing**
**is a summary only. Carefully review the full text of the Plan's release, injunction, related**
**provisions and any applicable release "opt out" provision at TKRestructuring.com/PPIC.**

4

21.     **SALE "FREE AND CLEAR." The Plan will provide for the Plan Sponsor's acquisition of substantially all assets of the Debtors (with specified exclusions generally related to Takata's PSAN Inflator business) free and clear of all claims and interests (collectively, "Claims and Interests"), except for certain specifically assumed liabilities. The Plan Sponsor will not assume any claims of the Debtors or Takata unless it expressly agrees to do so. Without limiting the foregoing, the Plan Sponsor is not assuming any claims or liabilities related in any way to the PSAN Inflators (and the propellant), including PPIC Claims. If you do not file a timely objection to the Plan with the Bankruptcy Court, your right to challenge the sale of the Debtors' assets "free and clear" of Claims and Interests and related injunction will be forfeited. The Bankruptcy Court's approval of the "free and clear" sale and related injunction means that you will be forever barred from asserting any Claims and Interests against the Plan Sponsor and various other related persons. You should review the full text of this provision at TKRestructuring.com/PPIC.**

## X.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

22.     ANY HOLDER OF A CLAIM NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND SHALL RECEIVE NO DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

23.     A holder of a potential claim against the Debtors should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file a Proof of Claim Form.

Dated:     _____, 2017                    **BY ORDER OF THE COURT**
           Wilmington, Delaware

**<u>Exhibit B-1</u>**

**General Proof of Claim Form**

**United States Bankruptcy Court, District of Delaware**

| Fill in this information to identify the case (Select only one Debtor per claim form): |

☐ TK Holdings Inc.
(Case No. 17-11375)

☐ Takata Protection
Systems Inc. (Case No.
17-11376)

☐ TK Holdings de Mexico S.
de R.L. de C.V. (Case No.
17-11380)

☐ Takata Americas
(Case No. 17-11372)

☐ Interiors in Flight Inc.
(Case No. 17-11377)

☐ Industrias Irvin de Mexico,
S.A. de C.V. (Case No. 17-
11381)

☐ TK Finance, LLC
(Case No. 17-11373)

☐ TK Mexico Inc.
(Case No. 17-11378)

☐ Takata de Mexico, S.A. de
C.V. (Case No. 17-11382)

☐ TK China, LLC
(Case No. 17-11374)

☐ TK Mexico LLC
(Case No. 17-11379)

☐ Strosshe-Mex, S. de R.L.
de C.V. (Case No. 17-
11383)

## Modified Form 410

# Proof of Claim

4/16

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Where should payments to the creditor be sent? (if different)

Contact phone _____

Contact email _____

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.   Claim number on court claims registry (if known)_____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

Case 1-13575-BLS   Doc 599-1   Filed 10/04/17   Page 3 of 11

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**   $_____   **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                $_____

Amount of the claim that is secured:     $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies.    $_____

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No |
|---|---|
| | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**    $_____ |

---

**Part 3:**   **Sign Below**

The person completing this claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Name of the person who is completing and signing this claim:**

Name    _____
        First name          Middle name          Last name

Title   _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number        Street

        _____
        City                    State       ZIP Code

Contact phone  _____    Email  _____

## Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                        12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

### How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.

- Fill in the caption at the top of the form.

- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- Attach any supporting documents to this form.
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- Do not attach original documents because attachments may be destroyed after scanning.

- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.

- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.

- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://www.TKRestructuring.com.

### Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

If by first class mail:
TK Holdings Inc. Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by overnight courier or hand delivery:
TK Holdings Inc. Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

---

**Do not file these instructions with your form**

Case 11-11375-BLS    Doc 399-1    Filed 10/04/17    Page 7 of 11

**Exhibit B-2**

**PPIC Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
| TK HOLDINGS, INC., *et al.*, Debtors. | Case No. 17-11375 (BLS) |
| | Jointly Administered |

# Proof of Claim (Airbag Inflator Related)

Read the instructions before filling out this form. This form is for asserting <u>general unsecured claims</u> based on registration of a vehicle that was equipped with an airbag containing a phase-stabilized ammonium nitrate inflator manufactured by the Debtors.

**Do not use this form to assert any other pre-petition claims, including secured claims or claims entitled to priority under 11 U.S.C. § 507(a).**

**Secured claims, claims entitled to priority under 11 U.S.C. § 507(a) and non-airbag inflator related claims should be filed on Form 410, available on tkrestructuring.com.**

PPIC Proofs of Claim asserting damages for economic loss shall be deemed filed and asserted against each of the Debtors that was engaged in the business of designing, manufacturing, or selling products containing PSAN inflators.

Filers must leave out or redact information that is entitled to privacy on this form or on any supporting documents. Attach redacted copies of any documents that support the claim. Do not send original documents; they may be destroyed after scanning.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. Please Type or Print in the Boxes Below. Do NOT use Red Ink or Pencil.

**Part 1:    Identify the Claim**

1. **Who is the creditor?**

   First Name          Middle    Last Name

   First Name (Co-Registrant, if any)          Middle    Last Name (Co-Registrant, if any)

   Company Name (If creditor is not an Individual)

   Last 4 Digits of Social Security Number/Taxpayer ID Number

2. **Where should notices to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Address Line 1/Contact Name (If creditor is not an Individual)

   Address Line 2

   City          State/Province    Zip Code/Postal Code

   Country (if outside of the United States)

   Email Address (Optional, however if one is provided you are consenting to electronic notice regarding updates related to this claim)

3. **Where should payments to the creditor be sent? (if different than above)**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Address Line 1

   Address Line 2

   City          State/Province    Zip Code/Postal Code

   Country (if outside of the United States)

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**4. Identify the vehicle with the airbag inflator. Please submit a separate form for each vehicle.**

Vehicle Identification Number (VIN)

Model Year          Make/Manufacturer

Model

**5. Did you own or lease the vehicle?**

☐ Own

☐ Lease

**6. Are you the original registered owner or lessee?**

☐ No

☐ Yes

**7. Identify the period that you owned or leased the vehicle.**

Date Purchased or Leased

☐☐ / ☐☐ / ☐☐☐☐
M M    D D    Y Y Y Y

Date Sold or Lease Terminated

☐☐ / ☐☐ / ☐☐☐☐        **OR**        ☐ I am the current owner or lessee
M M    D D    Y Y Y Y

**8. How much is the claim?**    $ ☐☐☐☐☐☐☐ . ☐☐        **OR**        ☐ Unknown

**9. What is the basis of the claim?**

☐ Loss of Economic Value

☐ Personal Injury/Litigation. Please provide details regarding type and date of injury. Add additional pages if necessary.

☐ Other. Please describe below. Add additional pages if necessary.

| Part 3: | Sign Below |
|---|---|

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.          ☐ I am the creditor's attorney or authorized agent.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____
Signature

Print the name of the person who is completing and signing this claim:

Name _____
First name          Middle name          Last name

Title (if applicable) _____

Company (if applicable) _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

# Instructions for Proof of Claim (Airbag Inflator Related)

You or your estate may have a claim against the Debtors for monetary loss, personal injury, or death you have suffered, or in the future may suffer, on account of your current or past ownership of a vehicle containing a Takata-manufactured airbag. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists. (See the definition of redaction.)

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

> This form is for asserting <u>general unsecured claims</u> based on registration of a vehicle that was equipped with an airbag containing a phase-stabilized ammonium nitrate inflator manufactured by the Debtors. Do not use this form to assert any other pre-petition claims, including secured claims or claims entitled to priority under 11 U.S.C. § 507(a). Secured claims, claims entitled to priority under 11 U.S.C. § 507(a) and non-airbag inflator related claims should be filed on Form 410, available on tkrestructuring.com.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at TKRestructuring.com/PPIC.

## Understand the terms used in this form

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5).

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

If by first class mail:
TK Holdings Inc. Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by overnight courier or hand delivery:
TK Holdings Inc. Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

| **Do not file these instructions with your form** |

**Exhibit C**

**International Publication List**

## International Publication List

The Debtors propose to publish the Publication Notice in the 38 countries and 58 publications listed below:

| Country | Newspaper | Circulation[1] |
|---|---|---|
| Argentina | La Nacion | 90,000 |
| Australia | The Australian | 96,602 |
| Brazil | Super Noticia | 221,000 |
| Brazil | Fohla | 3,300,000 |
| Canada | Globe and Mail | 162,550 |
| Canada | Le Devoir | 29,000 |
| China | People's Weekly/Daily | 3,300,000 |
| Colombia | El Tiempo | 250,000 |
| Costa Rica | Diario Extra | 153,000 |
| Cyprus | Phileleftheros | 26,000 |
| Dominican Republic | Listín Diario | 166,000 |
| Egypt | Al-Ahram | 1,000,000 |
| France | Le Monde | 320,000 |
| France | Le Fiagro | 330,000 |
| France | Le Parisien/Edition Nationale | 205,000 |
| France | Les Echos/Le publicateur legal-la vie judiclaire | 127,000 |
| Germany | Frankfurter Allgemeine Zeitung | 256,000 |
| Germany | Berliner Zeitung | 139,000 |
| Germany | Die Walt | 182,100 |
| Germany | Bild | 1,800,000 |
| Ghana | The Ghanian Chronicle | 40,000 |
| Greece | To Vima | 114,000 |
| India | Hindustan Dainik | 2,237,000 |
| India | The Times of India | 4,261,000 |
| Indonesia | Kompas | 500,000 |
| Israel | Haaretz | 720,000 |
| Italy | Corriere della Sera | 388,000 |
| Malaysia | Berita Harian | 47,000 |
| Malaysia | Sin Chew | 500,000 |
| Malaysia | The Star | 1,400,000 |

---

[1] The circulation numbers listed below were reported to Signal IM by the individual publications listed. Accordingly, the circulation numbers may not be exact as some publications in emerging markets frequently conflate the terms "circulation" and "readership," thereby skewing circulation numbers higher than what they may actually be.

| Country | Newspaper | Circulation[1] |
|---|---|---|
| Mexico | El Universal | 300,000 |
| Mexico | Diario Oficial | TBD |
| Morocco | Le Matin du Sahara et du Maghreb | 75,000 |
| Nigeria | Vanguard | 120,000 |
| Panama | El Siglo | 25,000 |
| Philippines | Philippines Daily Inquirer | 260,000 |
| Poland | Gazeta Wyborcza | 151,000 |
| Poland | Rzeczpospolita | 38,000 |
| Portugal | Jornal de Noticias | 52,000 |
| Russia | Moskovsky Komsomolets | 930,000 |
| Russia | Kommersant | 130,000 |
| Saudi Arabia | Arab News | 51,000 |
| Singapore | The Straits Times | 365,000 |
| Singapore | Business Times | 31,000 |
| South Africa | Isolezwe (Zulu) | 72,000 |
| South Africa | Sunday Times (English) | 263,000 |
| South Africa | Mercury | 26,000 |
| South Korea | Chosun Ilbo | 1,800,000 |
| Spain | El Pais | 350,000 |
| Spain | Expansion | 24,000 |
| Thailand | Post Today | 320,000 |
| Thailand | Thai Rhat | 1,000,000 |
| Turkey | Hürriyet | 296,000 |
| United Arab Emirates | Gulf News | 91,000 |
| United Kingdom | Daily Mail | 1,500,000 |
| United Kingdom | The Times | 450,000 |
| U.S. Virgin Islands | Virgin Islands Daily News | 17,000 |
| Vietnam | Tuoi Tre | 500,000 |