**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, New York 10036

_____

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019

February 11, 2019

**VIA E-MAIL**
**AND ECF FILING**
The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

     Re: **In re Motors Liquidation Company,** *et al.* **Case No. 09-50026 (MG)**

Dear Judge Glenn:

  On February 1, 2019, the GUC Trust and the Signatory Plaintiffs (together, the "Movants") filed the Settlement Motions[1] which, among other things, ask this Court to preliminarily certify under Rule 23(e) two non-opt-out limited fund nationwide classes consisting of more than 11 million individuals asserting five different causes of action under the differing laws of each of the fifty states and the District of Columbia. The Movants ask this Court to preliminarily certify the proposed classes, preliminarily approve the Proposed Settlement, appoint class representatives and class counsel, and approve and direct notice to the proposed classes and others, all by March 11, 2019.

  New GM believes that this timeline is impractical and improvident, and should be adjusted to allow this Court and the MDL Court to first determine how to proceed given the substantial overlap with proceedings before the MDL Court. And, to the extent this Court proceeds to address the Settlement Motions, it should do so on a timeline that provides it and the parties appropriate time to consider the multitude of legal and factual issues raised by the Proposed Settlement. On February 11, 2019, New GM and the Movants held a meet-and-confer to discuss proceedings

---

[1] *See Economic Loss Plaintiffs' Rule 23 Preliminary Certification and Approval Motion* [Docket No. 14408] and *GUC Trust 9019 Motion to Approve* [Docket No. 14409] (together, the "Settlement Motions," and the settlement embodied therein, the "Proposed Settlement").

Honorable Martin Glenn
February 11, 2019
Page 2

relating to the Proposed Settlement but were unable to agree on a schedule.

New GM expressed its concern that the Movants' request for a hearing on March 11, 2019 is unworkable because it does not provide sufficient time for this Court (or the MDL Court) to consider how to coordinate the overlapping proceedings pending before the two Courts. There is no question that the two proceedings are inextricably intertwined: the Proposed Settlement itself provides that if the MDL Court issues a summary judgement ruling "that impacts the size, scope or composition of the classes," then the parties will—even if this Court has **already certified the classes on a preliminary basis and sent notice to millions of proposed class members at a cost of more than $13 million**—"engage in good faith negotiations regarding the applicable provisions of [the] Settlement Agreement impacted by said decision." (Settlement Agreement § 4.5.) Although not mentioned, the same "impact" is equally obvious with respect to the completed class certification and *Daubert* briefing pending before the MDL Court.

Given the extensive overlap of issues and claims and the concomitant risk of inconsistent rulings, New GM believes that proceedings relating to the Proposed Settlement should be stayed and/or withdrawn to the MDL Court. New GM therefore intends to soon file a renewed motion to stay proceedings (the "Stay Motion") as well as a motion to withdraw the reference (the "Motion to Withdraw").[2] To be clear, New GM prefers the narrower relief requested in the Stay Motion, and any relief sought in the Motion to Withdraw would be unnecessary in the event a stay were granted. New GM further anticipates that the Stay Motion and Motion to Withdraw will provide an opportunity for this Court and the MDL Court to discuss how best to coordinate proceedings and minimize the risk of inconsistent rulings.

New GM also submits that it would be most efficient for this Court to consider the Stay Motion **before** considering the Settlement Motions. This sequence will allow the Court to ascertain the nexus between the fully briefed motions pending in the MDL Court (including class certification, summary judgment, and *Daubert* briefing) and the effects such rulings could have on the Movants' request that this Court preliminarily certify two nationwide classes. If the Court agreed to stay proceedings related to the Settlement Motions, it would save the parties (and the Court) from addressing complex issues related to the Proposed Settlement that will soon be decided by the MDL Court, and it would minimize the risk of inconsistent rulings.

In addition to New GM's concerns regarding the overlap with the MDL Court, New GM is concerned that the schedule proposed by the Movants does not allow sufficient time for the parties to fully brief and develop an evidentiary record regarding the issues raised in the Settlement Motions. As the Movants acknowledge, preliminary certification requires them to "provide the court with information sufficient to enable it to determine" whether "the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class[es] for purposes of judgment on the proposal."

Even a cursory review of the pending certification briefs in the MDL Court—which devote hundreds of pages to just three proposed state-wide classes given that the MDL Court dismissed

---

[2] *See, e.g.*, Dec. 20, 2018 Hr'g Tr. at 13, 42 (discussing whether reference should be withdrawn to MDL Court).

Honorable Martin Glenn
February 11, 2019
Page 3

plaintiffs' nationwide federal law class claim, ruled that state law differences dictate different results for plaintiffs in different jurisdictions,[3] and plaintiffs abandoned any nationwide class in the MDL Court—demonstrates the staggering number of issues that this Court must consider before it, even preliminarily, certifies the classes Movants propose. In short, the Movants propose to adjudicate the likely certification of classes involving numerous different legal theories in 51 different jurisdictions in a matter of weeks, even though it has taken the MDL Court over two years to reach the point at which it can decide those same issues in just three bellwether states. The Movants offer no rationale why this Court—in sharp contrast to the MDL Court—should proceed at breakneck speed on an immature and currently undeveloped record, especially where the risk of overlapping and potentially inconsistent results is so high.

    Accordingly, New GM respectfully requests a status conference at the Court's earliest convenience to discuss these concerns and the schedule relating to the Proposed Settlement.

Respectfully submitted,

*/s/ Paul M. Basta*
Paul M. Basta
Aidan Synnott
Kyle J. Kimpler
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

and

Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

*Counsel for General Motors LLC*

---

[3] For example, the MDL Court ruled and/or the MDL economic loss plaintiffs conceded that the manifest defect rule applies to and bars the claims of any plaintiff and proposed class member in eight states whose vehicle did not experience the alleged defect.