**brown**rudnick

EDWARD S. WEISFELNER
direct dial: 212.209.4900
fax: 212.938.2900
eweisfelner@brownrudnick.com

February 13, 2019

**VIA EMAIL AND ECF FILING**

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

RE:   **In re Motors Liquidation Company, et al., Case No. 09-50026 (MG)**

Dear Judge Glenn:

  We write on behalf of the Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs (together, the "**Economic Loss Plaintiffs**"), in response to the *Letter Requesting Status Conference Regarding Proposed Settlement*, filed way after the close of business on February 11, 2019 [ECF No. 14419] (the "**New GM Letter**").

  New GM seeks an adjournment of the Settlement Motions filed on February 1, 2019, and scheduled to be heard on March 11, 2019[1] because New GM believes that its forthcoming renewed stay motion and motion to withdraw the reference should be considered and fully decided before the Settlement Motions. New GM submits that it "intends to soon file" these pleadings, and does not propose any schedule for its yet-filed motions. At the February 11, 2019 meet and confer,[2] New GM conveyed that it intended to file the stay motion "within the next week or two," and had no intention for the stay motion to be heard at the March 11th

---

[1] *The Economic Loss Plaintiffs' Motion to: (1) Extend Bankruptcy Rule 7023 to These Proceedings; (2) Approve the Form and Manner of Notice; (3) Grant Class Certification for Settlement Purposes Upon Final Settlement Approval; (4) Appoint Class Representatives and Class Counsel for Settlement Purposes; and (5) Approve the Settlement Agreement by and Among the Signatory Plaintiffs and the GUC Trust Pursuant to Rule 23*, dated Feb. 1, 2019 [ECF No. 14408] (the "**Rule 23 Motion**"); *Motion of Motors Liquidation Company GUC Trust to Approve (I) the GUC Trust Administrator's Actions, (II) the Settlement Agreement By and Among the Signatory Plaintiffs and the GUC Trust Pursuant to Bankruptcy Code Sections105, 363, and 1142 and Bankruptcy Rules 3002, 9014, and 9019, and (III) Authorize the Reallocation of GUC Trust Assets*, dated Feb. 1, 2019 [ECF No. 14409] (the "**Rule 9019 Motion**," and together with the Rule 23 Motion, the "**Settlement Motions**").

[2] New GM first asked for this meet and confer in the evening of Friday, February 8, 2019, and the moving parties quickly accommodated its request.



The Honorable Martin Glenn
February 13, 2019
Page 2

hearing. New GM also communicated its intent to file a motion to withdraw the reference if this Court denies the stay motion.

There is no need for New GM's requested separate status conference and the Settlement Motions should be heard on the current schedule. The Settlement Motions have been scheduled on regular notice as required by the Bankruptcy Rules and due process, and bankruptcy courts consistently hear settlement motions under Bankruptcy Rule 9019 and Rule 23 without special delay and accommodation for objectors. See In re Residential Capital, LLC, Case No. 12-12020 (MG) (Bankr. S.D.N.Y.) [ECF No. 4451]; In re BGI, Inc., Case No. 11-10614 (MG) (Bankr. S.D.N.Y.) [ECF No. 2232]; In re Partsearch Technologies, Inc., Case No. 11-10282 (MG) (Bankr. S.D.N.Y.) [ECF No. 163]. If and when New GM files a renewed stay motion or motion to withdraw the reference, the Settlement Parties will respond on regular notice. If the Court is inclined to hear the stay motion in advance of the Settlement Motions, the stay motion, if timely filed, should be scheduled to be heard with the Settlement Motions on March 11, 2019.

New GM has long been aware of the issues raised by the Settlement Motions. At a December 7, 2018 meet and confer, the Economic Loss Plaintiffs informed New GM that they were working towards a revised proposed settlement agreement preserving many of the features of the prior proposed settlement but seeking settlement class certification on a limited fund basis. The Economic Loss Plaintiffs informed New GM and the Court no later than the December 12, 2018 status letter [ECF No. 14383], that they would be filing a motion to approve the settlement by January 31, 2019. The Settlement Motions were filed and served on New GM on February 1, 2019. The New GM Letter was filed 10 days thereafter.

The New GM Letter is also replete with misleading statements. As an initial and overarching matter, consideration of the Settlement Motions does not involve substantial overlap with proceedings before the MDL Court for multiple reasons.

First, the parties are different *on both sides of the "v."* Here, the proposed classes are all plaintiffs who owned or leased vehicles with certain defects pre-Sale and in the MDL Action, the proposed classes are residents of three states (California, Missouri, and Texas) who bought or leased vehicles with certain defects post-Sale.[3] And, here, the settling defendant is the GUC Trust; in the MDL Action, the defendant opposing class certification is New GM.

Second, in this Court, Your Honor is being asked to consider a *settlement* class under Rule 23(e), which involves considerations different from a litigation class (at issue in the MDL Action) and where manageability is not in the picture.

Third, in this Court, the Economic Loss Plaintiffs move for certification under Rule 23(b)(1)(B) (or, in the alternative, 23(b)(1)(A)). This is distinct from the Rule 23(b)(3) opt-out class sought in the MDL Action, where the issues of predominance and superiority are

---

[3] The sole exception is residents of Missouri who bought or leased vehicles with the Ignition Switch Defect pre-Sale who fall within the proposed classes in this Court and, with respect to successor liability claims, in the MDL Action.



The Honorable Martin Glenn
February 13, 2019
Page 3

paramount. Even the Rule 23(a) considerations before this Court and the MDL Action are completely different because there are different numbers (Rule 23(a)(1)), different common questions and different evidence to drive common answers (Rule 23(a)(2)), and different representatives and claims (Rule 23(a)(3) and (4)). Here, the proposed classes share a common interest in remedying the violation of their due process rights and triggering the maximum number of Adjustment Shares. The proposed classes in the MDL Action share a common interest in holding New GM accountable for wrongdoing between 2009 and 2014 (plus some limited successor liability).

Thus, this Court need not wait for the MDL Court's pending consideration of separate and distinct class certification, summary judgment, and *Daubert* briefing.

Further, following New GM's argument to its logical conclusion, any stay of proceedings here would continue until any and all class certification issues in the MDL Action are resolved. One of New GM's most striking misrepresentations reveals why waiting for MDL class proceedings to end for all purposes would cause significant prejudice and would otherwise make no sense. New GM claims, wrongly and inexplicably, that the MDL Plaintiffs abandoned a nationwide class in the MDL Court when, as New GM well knows, the MDL Plaintiffs did not. The Court and the parties agreed that, for litigation purposes, proceeding with a three-state bellwether approach would be more efficient; if the Court certifies some or all of the requested litigation classes, additional states will follow. Unfortunately, New GM has shown it is largely unwilling to work in good faith to apply the District Court's rulings in an efficient way, and New GM engenders much unnecessary litigation.[4] New GM's scorched earth litigation approach in the MDL Action, in other words, belies its contention here that all the Bankruptcy Court need do is wait a bit to have all issues in the MDL Action related to economic loss claims decided.

Finally, contrary to New GM's suggestion, there is no risk of inconsistent rulings between this Court and the MDL Court if this Court timely considers the Settlement Motions. The Economic Loss Plaintiffs have and will continue to assimilate and accommodate Judge Furman's decisions. His rulings, including on summary judgment (anticipated by June 2019), will be taken into account at the estimation proceeding stage. For example, Judge Furman has already issued rulings on manifestation, incidental damages, and unjust enrichment in all jurisdictions.[5] Presently before Judge Furman on summary judgment are issues relating to benefit-of-the-bargain damages, lost-time damages, whether certain vehicles are defective, and whether used purchasers have claims, among other issues. Judge Furman is very likely to rule on these issues long before the estimation proceedings begin under the Proposed Settlement. And, to the extent Judge Furman's summary judgment decision impacts class notice, it may only reduce the number of notices sent, not the manner and form of said notice.

---

[4] For example, after New GM disputed the MDL Plaintiffs' position that many states do not have a manifestation requirement, the MDL Court ruled in favor of the MDL Plaintiffs' position across the board. See In re Gen. Motors LLC Ignition Switch Litig., 339 F. Supp. 3d 262 (S.D.N.Y. 2018).

[5] See id.; In re Gen. Motors LLC Ignition Switch Litig., 257 F. Supp. 3d 372 (S.D.N.Y. 2017).



The Honorable Martin Glenn
February 13, 2019
Page 4

For all these reasons, New GM's intention to file a stay motion should not delay proceedings on the Settlement Motions, nor necessitate a status conference.

Likewise, New GM's intention to file a motion to withdraw the reference (which would be heard by the District Court) should have no impact on scheduling in this Court. Any motion to withdraw the reference would not operate to stay proceedings before this Court unless and until this Court orders otherwise at the request of New GM. *See* Fed. R. Bankr. P. 5011(c).[6]

As a final point, New GM contends that the current schedule does not provide sufficient time to brief and develop an evidentiary record on the Settlement Motions based on the amount of time that has been spent on class certification issues in the MDL Action. This conflates the issues raised by the Settlement Motions and the MDL Action, and ignores the extensive record already developed in the MDL Action. Further, New GM's suggestion that the fact that the MDL Court has conducted extensive proceedings on economic loss claims somehow means that this Court cannot resolve the Settlement Motions without similarly extensive proceedings is absurd. There is no need for this Court to retread ground covered in the MDL Action in order to rule on the Settlement Motions. To the contrary, the key rulings on economic loss claims for each state that have been rendered by Judge Furman in the MDL Action have been and will continue to be taken into account by the Settlement Parties when we get to the estimation phase.

New GM has long known of the Plaintiffs' settlement framework embodied in the Settlement Motions. The Economic Loss Plaintiffs who have been seeking redress for close to five years for Old and New GM's due process violations are not moving at "breakneck speed," as New GM baldly claims. Rather it is New GM, once again, seeking to slow play and prolong these proceedings ad infinitum. The New GM Letter request for a status conference should be denied. The Settlement Motions should proceed as scheduled on March 11, 2019. We are available to answer any questions that the Court may have.

Respectfully submitted,

 */s/ Edward S. Weisfelner*
Edward S. Weisfelner
Howard S. Steel
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
hsteel@brownrudnick.com

---

[6] Moreover, it appears unlikely that any such motion to withdraw the reference would be successful. Judge Furman has previously denied a motion to withdraw the reference where, as here, the bankruptcy court will not be required to interpret the intricacies of federal non-bankruptcy law and the bankruptcy court is fully versed in plaintiffs' claims. See In re Motors Liquidation Co., 1:15-cv-05056-JMF (S.D.N.Y. Aug. 27, 2015) [ECF No. 24].



The Honorable Martin Glenn
February 13, 2019
Page 5

        Sander L. Esserman
        STUTZMAN, BROMBERG, ESSERMAN &
        PLIFKA, A PROFESSIONAL CORPORATION
        2323 Bryan Street, Ste 2200
        Dallas, Texas 75201
        Tel: 214-969-4900
        esserman@sbep-law.com

*Designated Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the Bankruptcy Court*

Steve W. Berman (admitted pro hac vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Tel: 206-623-7292
steve@hbsslaw.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the MDL Court*

cc:    Counsel of Record via CM/ECF