THOMPSON & KNIGHT LLP
Michael V. Blumenthal, Esq.
900 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 751-3321
Fax: (214) 999-9279
*Attorneys for RACER Trust*

Hearing Date: March 5, 2019
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 09-50026 (REG) |
| | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, | (Jointly Administered) |
| f/k/a General Motors Corp., *et al.*, | |
| Debtors. | |

## RACER'S RESPONSE TO THE MOTION OF AMERICAN AXLE & MANUFACTURING, INC.'S MOTION TO INCLUDE THE TONAWANDA FORGE SITE IN THE RACER TRUST

Revitalizing Auto Communities Environmental Response Trust ("RACER Trust"), by its undersigned attorneys, responds to the December 21, 2018, motion filed by American Axle & Manufacturing, Inc. ("American Axle") To Include The Tonawanda Forge Site (the "Site")[1] in RACER Trust (the "Motion") and states:

### Preliminary Statement

American Axle's Motion to include the Site in RACER Trust's portfolio would be inconsistent with and violate the terms of the confirmed Motors Liquidation Company Plan (as defined below) and the Environmental Response Trust Consent Decree and Settlement Agreement (the "Settlement Agreement") [Dkt. 9836] between and among, the United States Government, certain state governments and state environmental agencies, including New York

---

[1] The Site is located at 2390 and 2392 Kenmore Avenue in Tonawanda, New York and is owned by Lewis Bros., LLC, a defunct Virginia limited liability company.

State, the St. Regis Mohawk Tribe, and the Debtors; i.e., Motors Liquidation Company f/k/a General Motors Corporation and various affiliated corporations (collectively "Old GM").

Under certain circumstances, however, as set forth below, RACER Trust would not object to such inclusion.

RACER Trust was not formed, generally, to remediate and "deal with Old GM's environmental liabilities throughout the country"[2] including contaminated properties like the Site, that Old GM had at one time owned or operated, but did not own at the time of and following the 363 sale to General Motors, LLC ("New GM"). Rather, RACER Trust was created via the carefully negotiated Settlement Agreement to remediate contamination where required, and position for redevelopment, approximately 352 parcels of real estate in 89 locations (the "Trust Properties"). Each such parcel was transferred into the Trust free and clear and, if contaminated, provided with specific remediation funding amounts.

American Axle's Motion seeking inclusion of the Site in RACER Trust should be denied, unless sufficient funding to complete the Site's environmental remediation and positioning for redevelopment, as well as legal title to the Site, were also transferred to RACER Trust free and clear of all claims, liens and encumbrances, and unless the Trust's Sole Beneficiary, the United States Government, consents to such inclusion.

## Discussion

1. The Settlement Agreement was annexed and incorporated into the Second Amended Plan of Reorganization dated March 18, 2011, in the above-captioned case (the "Plan") [Dkt. 9836], which was confirmed on March 29, 2011, by order of the Bankruptcy Court ("Confirmation Order"). [Dkt. 9941].

---

[2] American Axle's Memorandum of Law in Support of the Motion, at p. 3.

2. The United States Government is designated as the Trust's Sole Beneficiary in the Settlement Agreement.

3. The Parties to the Settlement Agreement formed RACER Trust as a vehicle for the settlement of environmental-related Proofs of Claim filed against Old GM relating to environmental contamination <u>at parcels of real property that continued to be owned by Old GM following the 363 sale of certain Old GM assets to New GM.</u>

4. Per the Settlement Agreement (and an accompanying Trust Agreement), RACER Trust was given the dual mission of: (a) conducting, managing, and/or funding environmental actions to address contamination at or relating to the Trust Properties; and (b) positioning for redevelopment such facilities to help revitalize communities impacted by Old GM's bankruptcy.

5. Under the Settlement Agreement and Plan: (a) legal title to the Trust Properties was transferred by Old GM to RACER Trust on March 31, 2011, free and clear of all liens, claims, encumbrances, and interests[3] (see, Article 5.2 of Plan and Settlement Agreement, ¶31 [Dkt. 9836][4]) and (b) RACER Trust was funded by the United States Treasury from the Troubled Assets Relief Program (or TARP money). See, Settlement Agreement, ¶30; Plan, pp. 48-49. [Dkt. 9836].

6. The Parties to the Settlement Agreement, after a rigorous estimation process and negotiation among principally the governmental agency claimants, designated specific funding

---

[3] There is an overarching United States Treasury lien on the Trust Properties, which lien may be released at the time of the sale of a property upon the request of RACER Trust.
[4] There is one "site" in the RACER portfolio that was not owned by Old GM at the time of RACER's formation. Adjacent to one of the Old GM properties transferred to the RACER Trust is a portion of a creek, the environmental remediation of which was included in the Settlement Agreement as an obligation of the Trust and for which funding was provided in the budget for the adjacent Old GM property transferred into the Trust. Settlement Agreement, at ¶63.

amounts for each of the Trust Properties. See, Attachment A to Settlement Agreement. [Dkt. 9836]. Thus, RACER Trust was provided funding on a property-by-property basis.

7. American Axle's request to include the Site in RACER Trust's portfolio, without adequate funding to address the Site's remediation and redevelopment, would not be consistent with the Settlement Agreement and the rights of the Parties thereto, and would require the Settlement Agreement's amendment. Additionally, there is no provision for the Site's funding in American Axle's motion.

8. Taken as a whole, the Settlement Agreement, Plan, and Confirmation Order fund and resolve the Settlement Agreement Parties' environmental-related Proofs of Claim with respect only to the Trust Properties owned by Old GM as of March 31, 2011, and transferred to RACER Trust on that same date.

9. Upon information and belief, the Site was most recently owned by Old GM in 1994, at which time it was sold to American Axle. In about 2009, American Axle sold the Site to the current owner, an entity that is now reportedly defunct. The Site was not owned by Old GM at the time of its bankruptcy filing, or following Old GM's 363 sale to New GM.

10. The Site is encumbered by an approximately $2 million real estate tax lien, as well as a $2 million judgment lien filed by New GM.

## Conclusion

11. RACER Trust objects to the Motion to include the Site in the Trust's portfolio, unless: (a) sufficient funding is also transferred into the Trust, along with legal title to the two parcels constituting the Site free and clear of all liens, claims, encumbrances, and interests; and (b) the United States Government as the Trust's Sole Beneficiary, consents to such inclusion.

12. Under certain circumstances, however, RACER Trust would not object to such inclusion. Assuming the Site were to be included in the Trust's portfolio by amendment to the


amounts for each of the Trust Properties. See, Attachment A to Settlement Agreement. [Dkt. 9836]. Thus, RACER Trust was provided funding on a property-by-property basis.

7. American Axle's request to include the Site in RACER Trust's portfolio, without adequate funding to address the Site's remediation and redevelopment, would not be consistent with the Settlement Agreement and the rights of the Parties thereto, and would require the Settlement Agreement's amendment. Additionally, there is no provision for the Site's funding in American Axle's motion.

8. Taken as a whole, the Settlement Agreement, Plan, and Confirmation Order fund and resolve the Settlement Agreement Parties' environmental-related Proofs of Claim with respect only to the Trust Properties owned by Old GM as of March 31, 2011, and transferred to RACER Trust on that same date.

9. Upon information and belief, the Site was most recently owned by Old GM in 1994, at which time it was sold to American Axle. In about 2009, American Axle sold the Site to the current owner, an entity that is now reportedly defunct. The Site was not owned by Old GM at the time of its bankruptcy filing, or following Old GM's 363 sale to New GM.

10. The Site is encumbered by an approximately $2 million real estate tax lien, as well as a $2 million judgment lien filed by New GM.

## Conclusion

11. RACER Trust objects to the Motion to include the Site in the Trust's portfolio, unless: (a) sufficient funding is also transferred into the Trust, along with legal title to the two parcels constituting the Site free and clear of all liens, claims, encumbrances, and interests; and (b) the United States Government as the Trust's Sole Beneficiary, consents to such inclusion.

12. Under certain circumstances, however, RACER Trust would not object to such inclusion. Assuming the Site were to be included in the Trust's portfolio by amendment to the

Settlement Agreement, the Trust's obligations for the Site's environmental remediation and positioning for redevelopment would need to be memorialized in a judicially-enforceable agreement that: (a) included at least the State of New York, the holders of liens and claims with respect to the Site (including New GM), American Axle, and the current owner of the Site; and (b) provided adequate funding for the Site's environmental remediation and positioning for redevelopment. Via such a settlement, the Site could be included in RACER Trust's portfolio on a footing consistent with the other parcels of real property transferred to, and currently under remediation and redevelopment efforts by, the Trust.

WHEREFORE, RACER Trust requests entry of an order (a) denying the Motion seeking to include the Site into the Trust unless adequate funding is provided, legal title to the Site is transferred to the Trust free and clear of all liens, claims, encumbrances, and interests, and consent of the United States Government for such arrangement is given; and (b) for such further and appropriate relief as is just and proper.

Dated: New York, New York
      February 25, 2019

                              THOMPSON & KNIGHT LLP
                              900 Third Avenue, 20th Floor
                              New York, New York 10022
                              Telephone: (212) 751-3321
                              Fax: (214) 999-9279

                              By: /s/ Michael V. Blumenthal
                                    Michael V. Blumenthal

                              *Attorneys for RACER Trust*

21845180.6