# Exhibit 34

# Exhibit F

**EXHIBIT F: NAMED PLAINTIFFS' TESTIMONY SHOWING THEY ARE INADEQUATE REPRESENTATIVES**

| Name | |
|---|---|
| **California** | |
| Basseri, Chimen | - When asked if she has "given [her] lawyers complete discretion and power to make all decisions affecting and relating to this lawsuit," Basseri said "Yes." (Ex. 71, 11/22/17 C. Basseri Dep. Tr. at 34:14-17)<br><br>- When asked if, as a class representative, she has "any role or involvement in a decision to enter into settlement negotiations" or any role "in the decision as to whether settlement is appropriate for the class," she answered "No." (*Id.* at 121:6-16)<br><br>- When asked at her deposition whether she would "need to speak to someone else about how the [delta ignition switch defect] class is defined" as well as "who's in the class, how the class is defined," Basseri answered "Yes." (*Id.* at 37:17-38:8)<br><br>- When asked whether her claims "with respect to [her] car not being able to turn on" "are typical of other people who are in the class" she answered "I don't know." (*Id.* at 120:7-12)<br><br>- She believes she represents "[a]ll the plaintiffs. All the people that have vehicles with the defective ignition." (*Id.* at 129:4-9). |
| Benton, Michael | - When asked if he gave his attorneys "the discretion and the power to make all decisions affecting [him] in this lawsuit" M. Benton answered "My attorneys, yes." (Ex. 116, 2/28/17 Michael Benton Dep. Tr. at 167:21-24) |
| Benton, Sylvia | - When asked if she had given her lawyers "complete discretion and power to make all decisions regarding [her] concerning this lawsuit" S. Benton answered "Yes." (Ex. 122, 2/28/17 Sylvia Benton Dep. Tr. at 96:7-11)<br><br>- When asked how the class she seeks to represent is defined, S. Benton said "I don't recall right now" (*Id.* at 97:6-9) and said that she did not remember which vehicles were in the class, other than the Cobalt (*Id.* at 97:16-18). |
| Brown, Kimberly | - When asked if she has "given [her] attorneys the discretion to control the day-to-day activities in this class-action lawsuit" and to make strategic decisions related to the lawsuit she answered "Yes." (Ex. 87, 4/24/17 Kimberly Brown Dep. Tr. at 140:25-141:13) |

| Name | |
|---|---|
| | - When asked if she could identify "any pleadings or court filings [she] reviewed related to this case" she answered "No, not offhand." (*Id.* at 140:6-9)<br><br>- Brown does not think she read any portion of the operative complaint, and does not recall ever receiving it. (*Id.* at 114:6-19)<br><br>- When asked if she believes the class she represents is limited to "individuals who own HHRs that have problems with their car shutting off or steering issues" she answered "Yes." (*Id.* at 136:21-24)<br><br>- She did not know if she represents individuals who purchased their vehicles outside of California. (*Id.* at 136:25-137:5)<br><br>- Brown does not know what damages she is claiming in this case. (*Id.* at 141:19-21) |
| Cereceres, Kellie | - With regard to whether she exercises control or supervision of her lawyers, Cereceres said "I trust that they are taking care of all the legal end of -- of what the responsibility is." (Ex. 55, 12/18/17 K. Cereceres Dep. Tr. at 108:22-109:20)<br><br>- She further testified "I want to say 'no'" when asked whether one of her responsibilities as a class representative is to make strategic decisions. (*Id.* at 108:22-109:20)<br><br>- When asked during her deposition whether she could define what the "side airbag defect class is", Cereceres testified "that would be someone [sic] to ask somebody else." (*Id.* at 26:10-15.)<br><br>- Cereceres does not know which models or years are affected by the side airbag class. (*Id.* at 112:19-22) |
| Hardin, Crystal | - When asked if "one of [her] responsibilities to exercise control or supervision of [her] lawyers" she said "No." (Ex. 131, 3/2/17 C. Hardin Dep. Tr. at 262:14-16)<br><br>- When asked if she has "any responsibility as a class representative to make strategic decisions for the litigation" she answered "No." (*Id.* at 262:25-263:3)<br><br>- When asked at her deposition whether she had "any familiarity whatsoever with how any of these proposed classes are defined within the complaint," she responded "I don't know." (Ex. 131, 3/2/17 C. Hardin Dep. Tr. at 60:18-21) |

2

| Name | |
|---|---|
| | • When asked "if [her] claims are typical of members of the class that [she] want[s] to represent" she answered "I don't know." (*Id.* at 265:14-16) |
| Malaga, Javier | • "When asked if "one of [his] responsibilities [is] to control or supervise [his] lawyers" Malaga said "No, not to my knowledge."  (Ex. 132, 3/24/2017 J. Malaga Dep. Tr. at 153:18-24) |
| | • When asked if one of his responsibilities is "to make strategic decisions about the direction of this lawsuit." he answered "No." (*Id.* at 153:18-24) |
| | • When asked if he has "any involvement in whether or not to enter into settlement agreements" he said "Not to my knowledge." (*Id.* at 153:25-154:3) |
| | • Malaga testified that he does not know which classes he seeks to represent, how many classes there are in the lawsuit, what the classes represent, how many named plaintiffs there are, or if his claims are typical of the other named plaintiffs in this matter. (*Id.* at 159:15-160:3) When asked what he knows about the classes he seeks to represent, Malaga answered "Nothing." (*Id.* at 160:15-17) |
| | • When asked "if all of the plaintiffs in this lawsuit are seeking the same sort of damages" he answered "I don't know." (*Id.* at 167:17-20) |
| Mattos, Winifred | • Mattos testified that she "is "not really sure actually" about what it means to be a class representative, and that she "can't say that [she] know[s] for sure" what her responsibilities would be as a class representative. (Ex. 89, 3/03/17 W. Mattos Dep. Tr. at 98:25-99:22). |
| | • She does not know what class she is seeking to represent, nor does she know the contours of the class. (*Id.* at 102:13-103:8). |
| | • When Mattos was asked at her deposition whether she had "any idea" what was meant by the description in the Fifth ACC of the classes she purports to represent, she answered "I can't say I do exactly." (*Id.* at 87:8-24) |
| Orosco, Santiago | • Orosco testified that he had given his lawyers complete discretion and power to make decisions regarding the lawsuit. (Ex. 47, 3/9/17 S. Orosco Dep. Tr. at 159:23-160:3) |

3

| Name | |
|---|---|
| | - When asked about whether he has any involvement about decisions to enter into settlement negotiations, he responded "I think that that is something that would have to be up to my attorneys." (*Id.* at 170:21-25).<br><br>- Regarding whether he understood his responsibilities to other plaintiffs, Orosco stated that "I'm representing them, but as far as having responsibilities for them, no," noting that "I'm not certain of what it all entails" (*Id.* at 167:24-168:10).<br><br>- Orosco did not read the operative complaint prior to its filing. (*Id.* at 34:11-13) |
| Padilla, David | - Padilla testified that he does not know what it means to be a class representative, and when asked if he knew about his duties and responsibilities as a representative, he testified "No. I don't -- that's out of my league." (Ex. 64, 2/17/17 D. Padilla Dep. Tr. at 71:11-18)<br><br>- Padilla testified that he has never "seen the written complaint in this case before" and that he does not remember if he reviewed it before it was filed. (*Id.* at 78:20-79:3) |
| Ramirez, Esperanza | - When asked if she has "not done anything to exercise control or supervision over the decisions [her] lawyers are making in this lawsuit" she said "correct." (Ex. 70, 3/03/17 E. Ramirez Dep. Tr. at 180:1-4)<br><br>- When asked if she could say "what the Delta ignition switch defect, Magnuson-Moss and implied warranty successor liability subclass is" she answered "no," despite being a putative representative of those classes. (*Id.* at 162:2-5) She believes that she will be representing "maybe a hundred" people in this lawsuit. (*Id.* at 183:19-23)<br><br>- Ramirez did not read the operative complaint until she did so to prepare for her deposition. (*Id.* at 159:18-25) |
| Rukeyser, William | - When asked if one of his responsibilities as a putative class representative is to make strategic decisions about the lawsuit, he answered that it "not [his] understanding" (Ex. 137, 3/17/17 W. Rukeyser Dep. Tr. at 173:10-16)<br><br>- He does not know how many classes he seeks to represent, whether he would only represent owners of Cobalt vehicles, how many individuals he would be presenting, or if he would represent both individuals who have and have not had experienced issues with their ignition switches. (179:24-180:20). When asked whether it was his obligation to know "who is similarly situated in this lawsuit" he responded "I think that's the job of the court." (*Id.* at 184:16-19)<br><br>- Rukeyser testified that he did not review the operative complaint until 2017. (*Id.* at 150:6-9) |

4

| Name | |
|---|---|
| | • Rukeyser testified that he discards documents that he receives from his attorneys. (*Id.* at 176:9-16) |
| **Missouri** | |
| Akers, Brad | • Akers testified that he does not have any role in whether to enter into settlement negotiations, or any role in deciding whether settlement is appropriate for the class. (Ex. 48, 3/23/17 B. Akers Dep. Tr. at 185:1-22) |
| Hamilton, Deloris | • When asked whether "in terms of the claims [she is] asserting in this lawsuit [her] attorneys are making all the decisions about those claims" she answered "yes." (Ex. 39, 3/13/17 D. Hamilton Dep. Tr. at 158:17-22)<br><br>• Hamilton testified that she has only reviewed one paragraph of the operative complaint, and she reviewed it for the first time on the day of her deposition. (*Id.* at 149:24-151:1) |
| Hawkins, Cynthia | • When asked what she has done to perform her role as putative class representative, Hawkins testified "I would say just by being here as a representative" and that she has provided some documentation, but that she has not done anything else to participate as a class representative. (Ex. 99, 3/24/17 C. Hawkins Dep. Tr. at 93:14-19; 94:22-95:5)<br><br>• Hawkins testified that she has not weighed in on any strategic decisions in the lawsuit. (*Id.* at 95:6-9).<br><br>• When asked about her decision making role in whether to enter settlement negotiations, she testified "No, I'm not an expert. I'm just giving my testimony here. I don't know what happens next or what my part will be.' (*Id.* at 95:14-21).<br><br>• When asked whether she seeks to represent purchasers of new vehicles, Hawkins said "I don't exactly know everyone that's in the lawsuit or in the class action. I don't know everyone who's involved. I don't know their particulars." (*Id.* at 100:2-7)<br><br>• Similarly, when asked if her claims are typical of the class members she seeks to represent, Hawkins said "I don't know the members so I don't know. All I know what the problem I had [sic]." (*Id.* at 101:22-102:1)<br><br>• When asked if her damages are typical of the classes she seeks to represent, Hawkins said "I think it could be more. I had a problem where it wasn't getting fixed. . . . Mine could be typical or atypical." (*Id.* at 103:3-12) She agreed that she did not know one way or the other. (*Id.* at 103:13-15) |

| Name | |
|---|---|
| Robinson, Kenneth | • With respect to how he has fulfilled his responsibilities as a class representative, K. Robinson testified that he has "kept up somewhat on the lawsuit" but "that's about it." (Ex. 49, 5/9/17 K. Robinson Dep. Tr. at 116:25-117:4)<br><br>• He testified that it is not his responsibility to exercise control or supervision over his lawyers, or to make any strategic decisions with respect to the lawsuit. (*Id.* at 118:3-14).<br><br>• K. Robinson testified that his obligation to absent class members is "to stay in touch with the lawyers, for the lawyers to stay in touch with me, stay up on what's going on with the suit, the paperwork, and stuff like that." (*Id.* at 121:4-14).<br><br>• K. Robinson believes that he seeks to represent individuals who have had problems with the Delta ignition switch vehicles, but said he has "no way of knowing" whether his problems were typical of the class members. (*Id.* at 126:4-16). He does not know about any other classes in the lawsuit. (*Id.* at 126:25-127:2)<br><br>• K. Robinson does not know the types of damages that other plaintiffs are seeking. (*Id.* at 135:4-6) |
| Robinson, Ronald | • R. Robinson believes that his sole responsibility as a class representative is to "be truthful." (Ex. 50, 3/21/17 R. Robinson Dep. Tr. at 120:5-23.)<br><br>• Other than gathering documents and preparing for and sitting for his deposition, he has not done anything else to participate in this case. (*Id.* at 120:19-23).<br><br>• When asked if he could define the low-torque ignition switch defect class, R. Robinson answered "Truthfully, no" (Ex. 50, 3/21/17 R. Robinson Dep. Tr. at 104:18-105:8)<br><br>• He does not know whether the lawsuit involves one class or numerous classes. (*Id.* at 106:1-5) Similarly, he does not know which vehicles belong to which class, or what the differences are between classes. (*Id.* at 106:6-12). |
| Stefano, Mario | • Stefano said that he does not "make any decisions to what happens in the lawsuit. I simply tell what I know and what's about to happen to me and what has happened to me." (Ex. 51, 4/14/17 M. Stefano Dep. Tr. at 122:3-9)<br><br>• When asked whether he has any role in the decision to enter into settlement negotiations, he stated "No, none whatsoever." (*Id.* at 122:10-13)<br><br>• Stefano testified that he believes he represents all drivers of Chevrolet vehicles, and that he does not know what his responsibilities are as a putative class representative (*Id.* at 120:6-14). When asked to describe the class he |

| Name | |
|---|---|
| | represents, he responded "I wouldn't know how to even phrase that. Anyone that's bought a car that has the ignition that GM installed with the bad ignition, I mean, I'm not an expert on that, so I couldn't tell you who would be affected by that, but I imagine any one of the many millions of cars that they recalled." (*Id.* at 126:12-19)<br><br>• When asked if his claims are typical of the class, Stefano testified that "I don't know because I haven't spoken with anyone. I don't know anyone else in the claim [sic]." (*Id.* at 127:6-9).<br><br>• When asked if he seeks to represent other classes in this lawsuit, Stefano said "I know what's wrong with my vehicle, and I know what's affected my vehicle, so if I'm talking about another vehicle that doesn't have the same defect as mine, then I would be misrepresenting someone else which would do them no justice whatsoever. So I shouldn't be speaking about someone that isn't in my class." (*Id.* at 127:10-20).<br><br>• When asked about whether he seeks to represent individuals who have never had problems with their ignition switch, he testified that "I have no idea. I couldn't answer that. I don't know." (*Id.* at 128:20-24)<br><br>• When asked if all members of the alleged class seek the same type of damages, he responded "I would have no knowledge of that." (*Id.* at 131:19-22) |
| Tinen, Christopher | • Tinen testified that it is not his responsibility as a putative class representative to make strategic decisions with respect to the lawsuit, and that he does not have any role in the decision to enter into a settlement. (Ex. 52, 4/13/17 C. Tinen Dep. Tr. at 127:23-128:3)<br><br>• Tinen believes he represents five classes, comprised of GM owners affected by "side airbag, the three different ignition issues, and power steering." (*Id.* at 131:3-13; 134:24-135:5).<br><br>• Tinen testified that he does not know if his experience is typical of other people he seeks to represent, and that "I don't think it matters." (*Id.* at 134:1-6)<br><br>• Tinen testified that he does not know what types of damages other plaintiffs are seeking, nor does he know if all members of the alleged classes are seeking the same types of damages. (*Id.* at 138:3-8). |
| Witherspoon, Patrice | • Witherspoon testified that she could not say what makes and model years are in the putative classes, or what differences there are between them. (Ex. 53, 5/31/17 P. Witherspoon Dep. Tr. at 52:22-53:3) |

7

| Name | |
|---|---|
| **Texas** | |
| Al-ghamdi, Gareebah | • Al-ghamdi testified that it is not her responsibility as a class representative to exercise control or supervision of the attorneys, to make strategic decisions about how to pursue the case, or to decide whether settlement is appropriate. (Ex. 16, 5/5/2017 G. Al-ghamdi Dep. Tr. at 144:15-25). She testified that she has not been consulted about any of those issues. (*Id.* at 145:1-2) |
| Bacon, Dawn | • Bacon testified that she has delegated strategic decision-making to her lawyers, and that she has not taken any steps in attempt to supervise her lawyers. (Ex. 57, 3/28/17 D. Bacon Dep. Tr. at 128:23-129:6)<br><br>• Bacon's understanding is that she represents plaintiffs affected by "three ignition switch recall…problems. And two airbag problems. And there was another one, but I can't remember what it is." (*Id.* at 140:15-21.)  When asked if she could identify what other cars the class members have that she represents, Bacon testified "I just know they're made by GM. I just -- I really don't know what other cars. I can barely keep up with my own car stuff. So I know there are several…I don't even know if they are all GM, but I know there is several." (*Id.* at 141:5-15)<br><br>• When asked about the damages that other plaintiffs are seeking, she testified "Do I know what they are seeking? No, I don't." (*Id.* at 152:5-9). |
| Fuller, Dawn | • Fuller does not believe that she has a responsibility as a putative class representative to exercise control or supervision of her lawyers, to make strategic decisions, or to have any involvement in a decision to enter into settlement negotiations. (Ex. 151, 11/20/17 D. Fuller Dep. Tr. at 101:11-20)<br><br>• Fuller testified that she only read the paragraph of the operative complaint related to her own situation, and agreed that she would not be able to talk about any other paragraph. (*Id.* at 27:17-28:5)<br><br>• Fuller testified that she "can't specify the exact cars" that would be in the low torque ignition switch defect class. (*Id.* at 29:17-30:2) |
| Graciano, Michael | • When asked if one of his responsibilities as a putative class representative is to make strategic decisions about how the case is conducted, Graciano said "No. Because I'm just -- I mean, I'm only for me. I can't speak on anybody else's behalf." (Ex. 18, 5/1/2017 M. Graciano Dep. Tr. at 166:18-23) |

| **Name** | |
|---|---|
| | - He similarly testified that his role in the decision to accept a settlement as appropriate for the class he represents is "to accept it" and that "[t]hat would probably have to be up to my attorney" and "I believe just tell the lawyer I agree." (*Id.* at 167:6-23)<br><br>- When asked if he knows "anything about the claims of the class members that you propose to represent" Graciano replied, "No." (*Id.* at 169:23-170:1)<br><br>- Graciano testified that he is not aware of the damages sought by other plaintiffs in this case. (*Id.* at 171:15-18) |
| McClellan, Lisa | - When asked if her claim as a putative representative of the power steering class is typical, she responded "I don't know. I don't know if that would be typical or not." (Ex. 17, 5/4/17 L. McClellan Dep. Tr. at 153:2-6)<br><br>- When asked about the damages sought by putative ignition switch class members who sold their vehicles before the recall and never experienced the defect, McClellan testified "I wouldn't know." (*Id.* at 167:5-168:7) |