Paul M. Basta
Aidan Synnott
Kyle J. Kimpler
Sarah Harnett
Dan Youngblut
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

*Counsel for General Motors LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, et al.,<br>f/k/a General Motors Corp., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (MG)<br><br>(Jointly Administered) |

**GENERAL MOTORS LLC'S MOTION PURSUANT TO 11 U.S.C. § 107(B), FED. R. BANKR. P. 9018, AND LOCAL BANKRUPTCY RULE 9018-1 FOR AN ORDER AUTHORIZING FILING UNDER SEAL CERTAIN EXHIBITS TO ITS OBJECTION TO THE PROPOSED SETTLEMENT AMONG THE MOTORS LIQUIDATION GUC TRUST AND THE SIGNATORY ECONOMIC LOSS AND PERSONAL INJURY <u>PLAINTIFFS</u>**

General Motors LLC ("New GM") hereby moves this Court pursuant to Section 107(b) of Title 11 of the Title 11 of the United States Code (as amended, the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Bankruptcy Rule 9018-1 for an order authorizing filing under seal certain exhibits to its *Objection to the Proposed Settlement Among the Motors Liquidation GUC Trust and the Signatory Economic Loss And Personal Injury Plaintiffs* (the "**Objection**") that New GM is filing today, March 4, 2019 (such exhibits, the "**Subject Materials**"). As set forth herein, New GM seeks to file the Subject Materials under seal because it is required to do so under the Protective Order (attached hereto as Exhibit B) entered by Judge Furman on September 10, 2014 (the "**MDL Protective Order**") in *In re General Motors LLC Ignition Switch Litigation*, 14-MD-2543 (JMF) (S.D.N.Y.) (the "**Ignition Switch MDL**"). The Subject Materials have already been filed under seal in the Ignition Switch MDL pursuant to the MDL Protective Order. New GM plans to file a redacted version of the Subject Materials that will appear on the Court's public docket.

In support of its arguments in the Objection, New GM attaches (1) excerpts from select Ignition Switch MDL named plaintiff depositions and plaintiff fact sheets of individuals that are also named claimants in the Proposed Class Claims to the Proposed Settlement, and PIWD claims, and (2) expert reports that have been designated as "Confidential" or "Highly Confidential" pursuant to the MDL Protective Order. The documents at issue have already been filed under seal in the Ignition Switch MDL.

In support of this motion, New GM states as follows:

### I.    RELIEF REQUESTED

1.    By this motion, New GM seeks entry of an order, in the form attached hereto as Exhibit A, authorizing it to file the Subject Materials under seal in accordance with section 107(b)

of the Bankruptcy Code and directing that the Subject Materials shall remain under seal and confidential pending further order of the Court.

2.  New GM respectfully requests that (a) access to the Subject Materials filed under seal will be limited to Court personnel and counsel to the Signatory Plaintiffs and the GUC Trust (each as defined in the Objection); and (b) the proposed seal shall last until the conclusion of proceedings relating to the Proposed Settlement (as defined in the Objection), at which point New GM will retrieve the Subject Materials.

## II.    BASIS FOR RELIEF

3.  New GM seeks to initially file the Subject Materials under seal because they include excerpts from select Ignition Switch MDL named plaintiff depositions and plaintiff fact sheets and expert reports that were designated as "Confidential" or "Highly Confidential" in the Ignition Switch MDL pursuant to the MDL Protective Order.

4.  The MDL Protective Order states, in relevant part, that "[a]ny Party wishing to file a document or paper containing Confidential or Highly Confidential Information may request by motion that such Information be filed under seal."

5.  Accordingly, New GM requests an order permitting it to submit an unredacted version of the Subject Materials under seal and file a redacted version of the Subject Materials on the Court's public docket.

6.  Pursuant to Section 107(b) of the Bankruptcy Code, the Court may authorize New GM to file the Subject Materials under seal. Section 107(b) states in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> protect an entity with respect to a trade secret or confidential research, development or commercial information; . . . .
>
> protect a person with respect to scandalous or defamatory matter

3

   contained in a paper filed in a case under this title. . . .

11 U.S.C. § 107(b).

  7. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 states in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or entity in respect of a trade secret or confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . . .

Fed. R. Bankr. P. 9018.

Local Bankruptcy 9018-1(b) further provides that a motion to seal must include:

  (1) The grounds for sealing;

  (2) The identity of any parties other than the moving party who will have access to the documents to be sealed;

  (3) The duration of the seal;

  (4) The time when the movant will either unseal the documents or retrieve the documents at the conclusion of the matter;

  (5) A redacted copy of the documents sought to be sealed with only those redactions necessary to preserve confidentiality, made in good faith; and

  (6) A proposed order that contains language indicating that the order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the documents, or any part thereof.

  8. New GM respectfully submits that this Motion and the Proposed Order attached hereto as <u>Exhibit A</u> satisfy in all respects the MDL Protective Order, section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

### III.    NOTICE

9. Notice of this Motion has been provided in accordance with the *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*, dated May 5, 2011 [ECF No. 10183]. New GM respectfully submits that no further notice need be provided.

### IV.    NO PRIOR REQUEST

10. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, New GM respectfully requests entry of an order, in the form attached hereto as Exhibit A, authorizing New GM to file an unredacted version of the Subject Materials under seal, limiting the parties who have access to these documents, authorizing New GM to file a redacted version on the Court's public docket, and granting such other and further relief as the Court deems appropriate.

*[Remainder of Page Intentionally Left Blank]*

Dated: March 4, 2019
      New York, New York

*/s/ Kyle J. Kimpler*
Paul M. Basta
Aidan Synnott
Kyle J. Kimpler
Sarah Harnett
Maia S. Lichtenstein
PAUL, WEISS, RIFKIND, WHARTON &
& GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

*Counsel for General Motors LLC*