**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                   :

In re:                                :        Chapter 11

MOTORS LIQUIDATION COMPANY, et al.,    :        Case No.: 09-50026 (MG)

        f/k/a General Motors Corp., et al.,    :

                                :

                          Debtors.      :        (Jointly Administered)

-------------------------------------------------------------X

<u>**DECLARATION OF STEVE W. BERMAN**</u>

I, Steve W. Berman, declare under penalty of perjury as follows:

    1.      I am an attorney duly admitted *pro hac vice* in this proceeding and am the managing partner of the law firm of Hagens Berman Sobol Shapiro LLP.

    2.      Pursuant to Order No. 8, *In re Gen. Motors LLC Ignition Switch Litig.*, Case No. 14-md-02543-JMF (S.D.N.Y. 2014) (the "**MDL Action**"), I serve as Plaintiffs' Co-Lead Counsel with particular responsibility for economic loss claims. I respectfully submit this declaration in support of *The Economic Loss Plaintiffs' Reply in Support of Rule 23(e) Motion* (the "**Reply**").[1]

    3.      Except as otherwise stated, all facts set forth in this declaration are based on my personal knowledge and review of relevant documents.

**I.**    <u>**Economic Loss Class Claims.**</u>

    4.      The Settlement Agreement resolves issues arising from the proposed class claims of the Ignition Switch and Non-Ignition Switch Plaintiffs, attached as Exhibits A and B, respectively, to the *Notice of Filing of Amended Exhibits to Motion for an Order Granting Authority to File Late Class Proofs of Claim*, dated Apr. 25, 2018 [ECF No. 14280].[2]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Reply.

[2] Except as otherwise indicated, references to "ECF No. _" are to docket entries in the Bankruptcy Court proceedings: *In re Motors Liquidation Co.*, Case No. 09-50026 (MG).

A.   **Prospective Class Representatives.**

5.   The prospective class representatives for the Ignition Switch Plaintiffs are the claimants listed in Section II of the proposed ignition switch class claim. The prospective class representatives for the Non-Ignition Switch Plaintiffs are the claimants listed in Section II of the proposed non-ignition switch class claim.

B.   **The Proffered Evidence And The Amount Of The Proposed Class Claims.**

6.   Counsel for the Ignition Switch and certain Non-Ignition Switch Plaintiffs provided the GUC Trust with the Updated Economic Loss Plaintiffs' Summary of Support for Claim in the Bankruptcy Court attached hereto as **Exhibit A**, describing in detail the factual background for the proposed class claims, the alleged viability of the asserted claims and the alleged amount of damages.

7.   In addition, counsel for the Ignition Switch and certain Non-Ignition Switch Plaintiffs provided a report by Stefan Boedeker, an expert on surveys and statistical sampling, analyzing the amount of alleged damages for the proposed class claims based on a conjoint analysis conducted by Mr. Boedeker and the Berkeley Research Group, attached hereto as **Exhibit B**.

8.   Following rulings by Judge Furman in the MDL Action regarding the viability of claims in certain states, counsel for the Ignition Switch and certain Non-Ignition Switch Plaintiffs provided the GUC Trust with refined estimates of the amount of damages. Counsel started with median estimates of damages per vehicle based on the conjoint analysis, and multiplied that by the number of defective Old GM vehicles in each state without a manifestation requirement. Depending on which estimate was used (*i.e.*, the estimate based on a defect causing physical harm and death, or the estimate based on time-to-recall), the estimated damages could

equal or exceed $77 billion. The spreadsheets setting forth the updated estimates are attached hereto as **Exhibit C**.

## II.    **Personal Injury And Wrongful Death Claims.**

9.    The Settlement Agreement also resolves issues arising from the claims of the 442 Pre-Closing Accident Plaintiffs asserting claims or who suffered an injury or death involving an Old GM vehicle subject to Recall Nos. 14v-047, 14v-540, 14v-355, 14v-394, 14v-400, 14v-118, and 14v-153 who are signatories to the Settlement Agreement—439 Pre-Closing Accident Plaintiffs represented by Andrews Myers, P.C. and 3 Pre-Closing Accident Plaintiffs represented by Cole Schotz P.C.

10.    On February 28, 2019, New GM informed the Court that 254 of the Pre-Closing Accident Plaintiffs who are signatories to the Settlement Agreement are eligible for various aggregate settlements with New GM. *See* Letter, dated Feb. 28, 2019 [ECF No. 14444].

11.    549 Pre-Closing Accident Plaintiffs were signatories to the prior settlement agreement entered into by certain plaintiffs and the GUC Trust on April 24, 2018 (and amended on May 22, 2018)—352 Pre-Closing Accident Plaintiffs represented by Andrews Myers, P.C. and 197 Pre-Closing Accident Plaintiffs represented by Hilliard Martinez Gonzales, LLP and the Law Offices of Thomas J. Henry.

12.    On February 1, 2019, New GM reached an agreement in principle to settle 237 claims of certain plaintiffs represented by Hilliard Martinez Gonzales, LLP and the Law Offices of Thomas J. Henry, including (i) 163 filed both as late claims in this Court and as claims in the MDL court; (ii) 26 pending only as late claims in this Court; (iii) 34 pending only in the MDL Court; and (iv) 14 unfiled. *See* Letter, dated Feb. 2, 2019 [ECF No. 14411].

13.    As counsel for New GM stated at the March 1, 2019 status conference in the MDL, 282 claims related to persons alleged to have suffered a personal injury or wrongful death remain pending in the MDL Action, including 110 claims arising from motor vehicle accidents that occurred prior to July 10, 2009.  New GM anticipates that most of these claims will be resolved in the near future.  *See* Mar. 1, 2019 MDL Status Conference Hr'g Tr. attached hereto as **Exhibit D**.

### III.    Status Of Discovery In The MDL Action.

14.    Discovery in the MDL Action includes information on Old GM's knowledge of the various defects and is not limited to information in the post-Sale period.  New GM has produced more than 4.7 million documents (totaling more than 23.4 million pages) and the parties have conducted 759 depositions, including 454 depositions of case-specific witnesses, 102 depositions of current or former General Motors' employees, 126 depositions of experts related to bellwether cases, and 96 depositions of named plaintiffs in the Fifth Amended Consolidated Complaint.  *See* Joint Letter, *In re Gen. Motors LLC Ignition Switch Litig.*, Case No. 14-md-02543-JMF (S.D.N.Y. Feb. 22, 2019), ECF No. 6501.

15.    In conducting massive discovery for over four years of litigation in the MDL Action, the MDL plaintiffs constructed a detailed, comprehensive record of Old and New GM's liability, as revealed in Plaintiffs' Opposition to General Motors LLC's Motion for Summary Judgment Against the Bellwether Economic Loss Plaintiffs, attached hereto as **Exhibit E**, its associated Statement of Undisputed Material Facts [unredacted form at MDL Dkt. No. 6061], attached hereto as **Exhibit F**, and the Economic Loss Plaintiffs Offer of Proof in support of bellwether class certification [unredacted form at MDL Dkt. No. 5847], attached hereto as **Exhibit G**.

16.     Plaintiffs' Opposition to New GM's *Daubert* Motion to Exclude the Opinions of Stefan Boedeker filed in the MDL Action is attached hereto as **Exhibit H**.


I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States.

Executed this 8th day of March 2019 at Seattle, Washington.

Steve W. Berman