**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW JERSEY**

------------------------------------------------------------X
                                              :
In re:                                        :    Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,           :    Case No.: 09-50026 (MG)
     f/k/a General Motors Corp., et al.,      :
                                              :
                          Debtors.            :    (Jointly Administered)
------------------------------------------------------------X

## DECLARATION OF EDWARD S. WEISFELNER

I, Edward S. Weisfelner, declare under penalty of perjury as follows:

1. I am a partner with the law firm of Brown Rudnick LLP, Designated Counsel for the Ignition Switch Plaintiffs and certain Non-Ignition Switch Plaintiffs in the Bankruptcy Court.

2. I respectfully submit this declaration in support of *The Economic Loss Plaintiffs' Reply in Support of Rule 23(e) Motion* (the "**Reply**").[1]

3. Except as otherwise stated, all facts set forth in this declaration are based on my personal knowledge and review of relevant documents.

**I.    The Settlement Agreement Provides Class Members The Best Deal And Does Not Give The GUC Trust A Better Deal Than *Seriatim* Litigation Would Have Produced.**

4. Currently, there are approximately $31.85 billion Allowed General Unsecured Claims. *See* Motors Liquidation Company GUC Trust Quarterly Section 6.2(c) Report and Budget Variance Report as of December 31, 2018, dated Jan. 24, 2019 [ECF No. 14402] (the "**GUC Trust Report**").

5. If the Proposed Class Claims are allowed at approximately $10.15 billion, the issuance of the maximum amount of Adjustment Shares (30 million) will be triggered.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Reply.

- 1 -

6. If the proposed class claims are allowed at $10.15 billion, the aggregate Allowed General Unsecured Claims would increase to approximately $42 billion. Following successful completion of seriatim litigation, the assets available to satisfy those claims would be: (i) the value of 30 million Adjustment Shares (approximately $1.15 billion); and (ii) the Remaining GUC Trust Assets (currently $457.9 million as set forth in the GUC Trust Report) still available following the depletion that would occur to pay for the costs of litigation and operating the GUC Trust. It is highly unlikely that the Plaintiffs would be able to successfully clawback prior distributions of GUC Trust Assets, both as a practical and legal matter. 75% of the GUC Trust Assets were distributed in the initial distribution to holders of Allowed General Unsecured Claims, which was completed on or around May 26, 2011. *See Agreed and Disputed Stipulations of Fact Pursuant to the Court's Supplemental Scheduling Order, Dated July 11, 2014* [ECF No. 12826], Exhibit D, ¶ 34. As a practical matter, it would be nearly impossible to trace and collect distributions made nearly eight years ago. Moreover, Bankruptcy Code Section 549 only authorizes avoidance of post-petition transfers within two years after the transfer date and cannot be used to avoid plan distributions. *See* Rule 23(e) Motion p.38 n.45.

7. Together, the value of the Adjustment Shares and the Remaining GUC Trust Assets amounts to approximately $1.6 billion. That amount would be distributed on a pro rata basis to satisfy the aggregate Allowed General Unsecured Claims of $42 billion, providing each Plaintiff with a recovery of less than 4 cents on the dollar. On the other hand, under the Settlement Agreement, Plaintiffs would receive exclusive access to the Adjustment Shares. Distributing approximately $1.15 billion to satisfy the Plaintiffs' aggregate claims of $10.15 billion would provide each Plaintiff with approximately 11 cents on the dollar.

8. If the proposed class claims are allowed at $77 billion (the maximum amount of damages as set forth in the refined estimates provided to the GUC Trust), the aggregate Allowed General Unsecured Claims would increase to approximately $108.85 billion. Distributing $1.6 billion on a pro rata basis to satisfy the aggregate Allowed General Unsecured Claims of $108.85 billion would provide each Plaintiff with a recovery of approximately 1 cent on the dollar. Likewise, distributing approximately $1.15 billion to satisfy the Plaintiffs' aggregate claims of $77 billion would provide each Plaintiff with approximately 1 cent on the dollar.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States.

Executed this 8th day of March 2019 at New York, New York.

/s/ Edward S. Weisfelner
Edward S. Weisfelner