| | |
|---|---|
| **BROWN RUDNICK LLP**<br>Edward S. Weisfelner<br>Howard S. Steel<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>eweisfelner@brownrudnick.com<br>hsteel@brownrudnick.com | **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Steve W. Berman (admitted pro hac vice)<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Tel: 206-623-7292<br>steve@hbsslaw.com |
| **STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION**<br>Sander L. Esserman<br>2323 Bryan Street, Ste 2200<br>Dallas, Texas 75201<br>Tel: 214-969-4900<br>esserman@sbep-law.com | **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**<br>Elizabeth J. Cabraser<br>275 Battery Street, 29th Floor<br>San Francisco, California 94111<br>Tel: 414-956-1000<br>ecabraser@lchb.com |
| *Designated Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the Bankruptcy Court* | *Co-Lead Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the MDL Court* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
:
In re:                                                                   :    Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,    :    Case No.: 09-50026 (MG)
    f/k/a General Motors Corp., et al.,                  :
                                                     :
                                 Debtors.             :    (Jointly Administered)
------------------------------------------------------------X

**MOTION PURSUANT TO 11 U.S.C. § 107(B), FED. R. BANKR. P. 9018, AND LOCAL BANKRUPTCY RULE 9018-1 FOR AN ORDER AUTHORIZING FILING UNDER SEAL CERTAIN DOCUMENTS IN SUPPORT OF THE ECONOMIC LOSS PLAINTIFFS' REPLY IN SUPPORT OF RULE 23(E) MOTION**

1

The Economic Loss Plaintiffs[1] hereby moves this Court pursuant to Section 107(b) of Title 11 of the United States Code (as amended, the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1 of this Court's Local Rules ("**Local Rules**") for an order authorizing filing under seal certain exhibits (the "**Subject Materials**") to their Reply in Support of the Rule 23(e) Motion ("**Reply**") being filed today, March 8, 2019 (the "**Motion**").

In support of the Motion, Economic Loss Plaintiffs state as follows:

I. **GROUNDS FOR SEALING.**

1. Section 107(b) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 establishes the procedure by which a party in interest may obtain an order authorizing the filing of a document under seal pursuant to Section 107(b) of the Bankruptcy Code, and provides that "[o]n motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018; *see also* Local Rule 9018-1.

2. In support of their arguments in the Reply, the Economic Loss Plaintiffs have attached as exhibits the Subject Materials.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in *The Economic Loss Plaintiffs' Motion to: (1) Extend Bankruptcy Rule 7023 to These Proceedings; (2) Approve the Form and Manner of Notice; (3) Grant Class Certification for Settlement Purposes Upon Final Settlement Approval; (4) Appoint Class Representatives and Class Counsel for Settlement Purposes; and (5) Approve the Settlement Agreement By and Among the Signatory Plaintiffs and the GUC Trust Pursuant to Rule 23* [ECF No. 14408] (the "**Rule 23(e) Motion**").

2

3. The Subject Materials have been designated, or contain information that has been designated, as "Confidential" or "Highly Confidential" pursuant to a protective order (attached hereto as **Exhibit A**) entered by the Hon. Jesse M. Furman on September 10, 2014 (the "**MDL Protective Order**") in *In re General Motors Ignition Switch Litigation*, 14-MD-2543 (JMF) (S.D.N.Y.) (the "**MDL Action**").

4. The MDL Protective Order states, in relevant part, that "[a]ny Party wishing to file a document or paper containing Confidential or Highly Confidential Information may request by motion that such Information be filed under seal."

5. Certain of the Subject Materials have already been filed under seal in the MDL Action pursuant to the MDL Protective Order.

6. Accordingly, the Economic Loss Plaintiffs are required to file the Subject Materials under seal, and thus by this Motion seek entry of an order authorizing them to do so.

**II.    IDENTITY OF ANY PARTIES OTHER THAN THE MOVING PARTY
         WHO WILL HAVE ACCESS TO THE DOCUMENTS TO BE SEALED.**

7. The Economic Loss Plaintiffs request that access to the Subject Materials be limited to Court personnel and counsel to the Economic Loss Plaintiffs, GUC Trust, and New GM (each as defined in the Rule 23(e) Motion).

**III.   DURATION OF SEAL.**

8. The Economic Loss Plaintiffs request that the Subject Materials remain sealed and confidential pending further order of the Court.

**IV.  TIME WHEN THE MOVANT WILL EITHER UNSEAL THE DOCUMENTS OR RETRIEVE THE DOCUMENTS AT THE CONCLUSION OF THE MATTER.**

9. In the event the Subject Materials have not been unsealed by further order of the Court, Economic Loss Plaintiffs will retrieve the Subject Materials at the conclusion of proceedings relating to the Proposed Settlement (as defined in the Reply).

**V.  PROPOSED ORDER.**

10. A form of proposed order that contains language indicating the order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the documents, or any part thereof, is attached here as **Exhibit B**.

**VI.  UNREDACTED COPY OF SUBJECT MATERIALS.**

11. Economic Loss Plaintiffs will hand deliver a copy of this Motion and the unredacted version of the Subject Materials to the Chambers of the Honorable Martin Glenn.

**CONCLUSION**

WHEREFORE, the Economic Loss Plaintiffs respectfully request that the Court grant the Motion pursuant to Bankruptcy Code Section 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1; enter the Proposed Order substantially in the form attached as Exhibit B; and grant other such relief as the Court deems appropriate.

Dated: March 8, 2019
New York, New York

Respectfully submitted,

*/s/ Edward S. Weisfelner*
Edward S. Weisfelner
Howard S. Steel
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
hsteel@brownrudnick.com

4

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, A PROFESSIONAL CORPORATION
2323 Bryan Street, Ste 2200
Dallas, Texas 75201
Tel: 214-969-4900
esserman@sbep-law.com

*Designated Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the Bankruptcy Court*

Steve W. Berman (admitted pro hac vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: 206-623-7292
steve@hbsslaw.com

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Tel: 414-956-1000
ecabraser@lchb.com

*Co-Lead Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the MDL Court*

5