OBJECTION DEADLINE: May 2, 2019 at 5:00 p.m.
HEARING DATE AND TIME:  May 9, 2019 at 11:00 a.m.

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222
Arthur Steinberg, Esq.
Scott Davidson, Esq.

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                              :        Chapter 11
                                                    :
MOTORS LIQUIDATION COMPANY, *et al.*,               :        Case No.: 09-50026 (MG)
              f/k/a General Motors Corp., *et al.*  :
                                                    :        (Jointly Administered)
              Debtors.                              :
------------------------------------------------------------x

## NOTICE OF MOTION BY GENERAL MOTORS LLC TO ENFORCE THE BANKRUPTCY COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION AND THE RULINGS IN CONNECTION THEREWITH, WITH RESPECT TO KIMBERLY McCALL AND TAMMY McCALL

PLEASE TAKE NOTICE that upon the annexed Motion, dated April 10, 2019 (the "**Motion**"),[1] of General Motors LLC ("**New GM**"), seeking the entry of an order to enforce the Sale Order and Injunction, entered by the Bankruptcy Court on July 5, 2009, and the Bankruptcy Court's

---

[1]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

rulings in connection therewith, a hearing will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **May 9, 2019 at 11:00 a.m.,** or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) King & Spalding LLP, 1185 Avenue of the Americas, New York, New York  10036 (Attn:  Arthur Steinberg and Scott Davidson), and (ii) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654 (Attn:  Richard C. Godfrey and Andrew B. Bloomer) so as to be received no later than **May 2, 2019, at 5:00 p.m.** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no responses or objections are timely filed and served with respect to the Motion, New GM may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       April 10, 2019

                              Respectfully submitted,


                                 /s/ Arthur Steinberg
                              Arthur Steinberg
                              Scott Davidson
                              KING & SPALDING LLP
                              1185 Avenue of the Americas
                              New York, New York  10036
                              Telephone:    (212) 556-2100
                              Facsimile:    (212) 556-2222

                              KIRKLAND & ELLIS LLP
                              300 North LaSalle
                              Chicago, IL 60654
                              Telephone:    (312) 862-2000
                              Facsimile:    (312) 862-2200
                              Richard C. Godfrey, P.C. (admitted *pro hac vice*)
                              Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

                              *Attorneys for General Motors LLC*

**OBJECTION DEADLINE: May 2, 2019 at 5:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME: May 9, 2019 at 11:00 a.m. (Eastern Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
In re                                                :        **Chapter 11**
                                                     :
**MOTORS LIQUIDATION COMPANY**, *et al.*,   :        **Case No.:  09-50026 (MG)**
        **f/k/a General Motors Corp.**, *et al.*    :
                                                     :        **(Jointly Administered)**
                        **Debtors.**                 :
                                                     :
-------------------------------------------------------------x

**MOTION BY GENERAL MOTORS LLC TO ENFORCE THE**
**BANKRUPTCY COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION**
**AND THE RULINGS IN CONNECTION THEREWITH,**
**WITH RESPECT TO KIMBERLY McCALL AND TAMMY McCALL**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................ 1

BACKGROUND FACTS ................................................................................................... 5

    A.    Sale Order and Injunction ............................................................................. 5

    B.    The November 2015 Decision/December 2015 Judgment ....................... 6

    C.    The December 2016 Show Cause Order and the July 2017 Opinion ..................... 7

    D.    The Reichwaldt Decision ............................................................................. 10

    E.    The District Court's May 2018 Opinion Affirming the Punitive Damages Ruling in the July 2017 Opinion ........................................................... 11

    F.    The 2018 Chrysler-Overton Decision ...................................................... 11

    G.    The McCall Lawsuits .................................................................................. 13

BASIS FOR RELIEF ...................................................................................................... 15

    A.    The McCalls are Bound by the Punitive Damages Rulings in the July 2017 Opinion ........................................................................................ 15

    B.    The McCalls Cannot Proceed on Their Alabama Wrongful Death Claims Because the Only Remedy Available Under The Alabama Statute Is Punitive Damages ..................................................................... 16

        1.    The Sale Order and Injunction and Sale Agreement Preclude Claims for Punitive Damages .......................................................... 17

        2.    Alabama's Wrongful Death Act Permits Recovery of Punitive Damages Only ........................................................................ 17

        3.    Enforcing the Sale Order and Injunction is Not Against Public Policy .................................................................................... 21

    C.    The McCalls Cannot Seek Punitive Damages from New GM on Account of Any Assumed Product Liabilities .............................................. 23

    D.    The McCall Complaints Contain Allegations That Are Expressly Barred by the December 2015 Judgment .............................................................. 23

NOTICE .......................................................................................................................... 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Antonious v. Muhammad*,
  873 F.Supp. 817 (S.D.N.Y. 1995) ............................................................................... 16

*Black Belt Wood Co., Inc. v. Sessions*,
  514 So. 2d 1249 (Ala. 1987) ...................................................................................... 19

*Celotex Corp. v. Edwards*,
  514 U.S. 300 (1995) ............................................................................................... 4, 15

*In re Chrysler LLC*,
  576 F.3d 108 (2d Cir. 2009), *cert. dismissed*, 557 U.S. 961, *vacated*, 558 U.S.
  1087 (2009) .................................................................................................................. 2

*Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*,
  600 F.3d 190 (2d Cir. 2010) ...................................................................................... 16

*In re Gen. Motors Corp.*,
  407 B.R. 463 (Bankr. S.D.N.Y. 2009), *aff'd in part, vacated in part, reversed
  in part*, 829 F.3d 135 (2d Cir.), *cert. denied*, 137 S.Ct. 1813 (2017) ........................ 5

*King v. Nat'l Spa & Pool Inst., Inc.*,
  607 So. 2d 1241 (Ala. 1992) ................................................................................. 18, 19

*In re MF Global Holdings, Ltd*,
  Case No. 11–15059 (MG), 2014 WL 3536977 (Bankr. S.D.N.Y. July 17,
  2014) .......................................................................................................................... 16

*In re Motors Liquidation Co.*,
  428 B.R. 43 (S.D.N.Y. 2010) ....................................................................................... 6

*In re Motors Liquidation Co.*,
  430 B.R. 65 (S.D.N.Y. 2010) .................................................................................... 2, 6

*In re Motors Liquidation Co.*,
  513 B.R. 467 (Bankr. S.D.N.Y. 2014) ....................................................................... 15

*In re Motors Liquidation Co.*,
  541 B.R. 104 (Bankr. S.D.N.Y. 2015) .................................................................... 6, 17

*In re Motors Liquidation Co.*,
  568 B.R. 217 (Bankr. S.D.N.Y. 2017) ......................................................................... 8

34184700.v1

*In re Motors Liquidation Co.*,
    571 B.R. 565 (Bankr. S.D.N.Y. 2017) ....................................................9, 12, 15, 17

*In re Motors Liquidation Co.*,
    576 B.R. 313 (Bankr. S.D.N.Y. 2017) ..................................................10, 12, 15, 17

*In re Motors Liquidation Co.*,
    590 B.R. 39 (S.D.N.Y. 2018) ..........................................................................11, 12

*In re Motors Liquidation Co.*,
    829 F.3d 135 (2d Cir. 2016) ................................................................................3, 6

*In re Motors Liquidation Co.*,
    Case No. 09-50026 (REG), 2012 WL 10864205 (Bankr. S.D.N.Y. Aug. 6,
    2012) .......................................................................................................................10

*In re Old Carco LLC*,
    593 B.R. 182 (Bankr. S.D.N.Y. 2018) .......................................2, 11, 12, 20, 21, 22

*Lance, Inc. v. Ramanauskas*,
    731 So. 2d 1204 (Ala. 1999) ...............................................................................18

*Omni Ins. Co. v. Foreman*,
    802 So. 2d 195 (Ala. 2001) ..................................................................................18

*Powell v. FCA US LLC*,
    No. 3:15-CV-393-WHA, 2015 WL 5014097 (M.D. Ala. Aug. 21, 2015) ............20

*Savannah & Memphis R.R. Co. v. Shearer*,
    58 Ala. 672 (1877) ...............................................................................................18

*Stinnett v. Kennedy*,
    232 So. 3d 202 (Ala. 2016) ..................................................................................19

*Tillis Trucking Co. v. Moses*,
    748 So. 2d 874 (Ala. 1999) .............................................................................18, 19

*Trott v. Brinks, Inc.*,
    972 So. 2d 81 (Ala. 2007 ......................................................................................18

*Trusky v. Gen. Motors LLC (In re Motors Liquidation Co.)*,
    Adv. No. 09-09803 (REG), 2013 WL 620281 (Bankr. S.D.N.Y. Feb. 19,
    2013) ........................................................................................................................6

*In re Weinstein*,
    173 B.R. 258 (Bankr. E.D.N.Y. 1994) .................................................................16

iii

**Statutes**

Alabama Wrongful Death Act ......................................................................2, 11, 12, 13, 18, 20, 22

An Act to Prevent Homicides ..............................................................................................................17

**Other Authorities**

*Chrysler to Accept More Product Liability Claims*,
http://www.autosafety.org/chrysler-accept-more-product-liability-claims (Aug.
28, 2009) ....................................................................................................................................11

34184700.v1

General Motors LLC ("**New GM**"), by its undersigned counsel, submits this motion to enforce ("**McCall Motion to Enforce**") the Order entered by the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**" or "**Court**") on July 5, 2009 ("**Sale Order and Injunction**") that approved the sale of assets from Motors Liquidation Company (f/k/a General Motors Corporation) ("**Old GM**") to New GM,[1] to enjoin plaintiffs ("**McCalls**" or the "**McCall Plaintiffs**") and their counsel in the lawsuits ("**McCall Lawsuits**") captioned *Tammy Denise Powell McCall v. General Motors LLC* pending in the Circuit Court of Hale County, Alabama ("**Alabama Court**"), Case No. 36-CV-2016-900040.00, and *Kimberly Bell a/k/a Kimberly McCall v. General Motors LLC* pending in the Alabama Court, Case No. CV-2016-900046, from proceeding with certain allegations, claims and requests for damages contained in the *Complaints for Personal Injury and Punitive Damages* (collectively, "**McCall Complaints**") filed in the McCall Lawsuits.[2]

### PRELIMINARY STATEMENT[3]

1.      Since the entry of the Sale Order and Injunction, the issue of whether New GM assumed punitive damages in connection with its assumption of Product Liabilities (as defined in the Sale Agreement) has been repeatedly litigated.  This Court has unequivocally held that New

---

[1]     The full title of the Sale Order and Injunction is *Order (i) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (ii) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (iii) Granting Related Relief.*  A copy of the Sale Order and Injunction, and the accompanying Sale Agreement, is attached hereto as **Exhibit "A."**

[2]     Copies of the McCall Complaints are attached hereto, collectively, as **Exhibit "B."**  Although there are two separate McCall Lawsuits, they both arise out of the same accident.

[3]     Capitalized terms not otherwise defined in this Preliminary Statement are defined in later sections of this McCall Motion to Enforce.

GM did not contractually assume punitive damages and therefore cannot be held liable for punitive damages based on Old GM conduct.  The District Court has affirmed these rulings.[4]

2.      Notwithstanding these rulings, the McCall Plaintiffs in the McCall Lawsuits seek to impose punitive damages on New GM for Old GM conduct in connection with a post-363 Sale accident involving their 2004 Chevrolet Suburban.  Accordingly, the continued prosecution of the McCall Lawsuits, in their present form, violates the Sale Order and Injunction, and other applicable Court rulings.

3.      The McCall Complaints contain a wrongful death claim based on the Alabama Wrongful Death Act.  Pursuant to that statute, the McCalls would only be able to obtain punitive damages for this claim.  New GM, as the good faith purchaser in a Court-approved "free and clear" 363 Sale, was not required to assume *any* Old GM liabilities[5] and, as this Court ruled, New GM did not assume punitive damages when it assumed Product Liabilities.  Accordingly, New GM did not assume liability for the McCalls' alleged wrongful death claims.

4.      Judge Bernstein, in the *Old Carco* bankruptcy proceeding, was recently confronted with this exact issue and held that the plaintiffs in that case could not maintain their Alabama wrongful death claims against New Chrysler, which similarly did not assume punitive damages under its applicable sale agreement.  *See In re Old Carco LLC*, 593 B.R. 182 (Bankr. S.D.N.Y. 2018) (referred to herein as the "**Chrysler-Overton Opinion**").[6]

---

[4]     These aspects of the District Court's opinion affirming the Bankruptcy Court's punitive damages rulings have been appealed by plaintiffs in three pending lawsuits to the Second Circuit Court of Appeals, which has not decided that appeal.

[5]     *See, e.g., In re Chrysler LLC*, 576 F.3d 108, 115-16 (2d Cir. 2009), *cert. dismissed*, 557 U.S. 961, *vacated*, 558 U.S. 1087 (2009) ("A § 363 sale can often yield the highest price for the assets because the buyer can select the liabilities it will assume and purchase a business with cash flow (or the near prospect of it)."); *see also In re Motors Liquidation Co.*, 430 B.R. 65, 79 (S.D.N.Y. 2010) ("[i]ndeed, 'cherry picking' of assets and liabilities to assume is exactly what Section 363 allows, as the Second Circuit expressly noted in" Chrysler).

[6]     Judge Bernstein's Chrysler-Overton Opinion has been appealed to the District Court, which has not decided that appeal.

2

5.    The McCall Complaints do not involve any issue relating to the 2014 recalls or the proposed settlement between the GUC Trust and certain plaintiffs pending before this Court.  No Independent Claims[7] are asserted in the McCall Lawsuits.  The tragic accident was allegedly caused when another vehicle heading in the opposite direction on an Alabama highway crossed over into the lane of travel of the McCalls' 2004 Chevrolet Suburban vehicle.  The driver of the other vehicle is also named as a defendant in the McCall Lawsuits for his alleged negligent operation of the vehicle resulting in the accident.  The McCall Complaints also contain claims against New GM that are not based on the Alabama wrongful death statute.  New GM acknowledges that it has assumed compensatory damages (and not punitive damages) for such claims (if proven).

6.    Counsel for the McCalls were served with this Court's Order to Show Cause, dated December 13, 2016 ("**December 2016 Show Cause Order**"), which set forth certain threshold issues ("**2016 Threshold Issue**") to be decided related to the enforcement of the Sale Order and Injunction, and the procedures for resolving same.  One of the 2016 Threshold Issues was whether plaintiffs could seek punitive damages against New GM based on successor liability.[8]  Counsel for the McCalls did not object to the procedures set forth in the December 2016 Show Cause Order and did not appeal this Court's rulings that New GM did not assume punitive damages when it assumed Product Liabilities under the Sale Agreement and that plaintiffs (like the McCalls) cannot seek punitive damages against New GM based on Old GM conduct.  New GM previously informed

---

[7]    The Second Circuit defined Independent Claims as those "sorts of claims [that] are based on New GM's *post*-petition conduct, and are not claims that are based on a right to payment that arose before the filing of petition or that are based on pre-petition conduct."  *In re Motors Liquidation Co.*, 829 F.3d 135, 157 (2d Cir. 2016).

[8]    The other 2016 Threshold Issues were, in summary: (1) who is an "Ignition Switch Plaintiff" and who is a "Non-Ignition Switch Plaintiff" as those terms are used in certain rulings; (2) which categories of plaintiffs may bring Independent Claims against New GM, and whether the Bankruptcy Court should have an ongoing role in ensuring that plaintiffs not violate the Sale Order and Injunction; (3) what rights do Used Car Purchasers have against New GM; and (4) whether certain plaintiffs can file late proofs of claim against Old GM.

counsel for the McCalls of (i) this Court's prior punitive damages rulings, (ii) the District Court's ruling affirming this Court's punitive damages rulings, and (iii) Judge Bernstein's Chrysler-Overton Opinion.  The McCall Plaintiffs are bound by these rulings as a matter of *res judicata* and law of the case.

7.      A party subject to an injunction does not have the option simply to proceed in another court as if the injunction had not been issued.  As the United States Supreme Court explained in *Celotex Corp. v. Edwards*, the rule is "well-established" that "'persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order.'"  514 U.S. 300, 306 (1995).  Here, the continuation of the McCall Lawsuits is a violation of the Sale Order and Injunction and the other controlling Bankruptcy Court rulings.

8.      It has been almost a decade since the Sale Order and Injunction was entered, and this is not the first time that an Alabama wrongful death claim has been asserted against New GM with respect to a post-363 Sale accident involving an Old GM vehicle.  In each of these other cases, the litigation has been consensually resolved by settlement.  In those cases, however, the plaintiffs understood that the Alabama wrongful death statute imposes punitive damages that were barred by the Sale Order and Injunction, and the consensual resolutions focused on the alleged compensatory damages incurred by plaintiffs.

9.      Prior to bringing this McCall Motion to Enforce, New GM and the McCall Plaintiffs engaged in a mediation session to resolve the McCall Lawsuits, which proved to be unsuccessful.  With the McCall Lawsuits about to enter the next stage of discovery, New GM determined that it was appropriate to bring this Motion.  To be clear, however, New GM remains committed to mediating and settling as many personal injury and wrongful death claims as

possible, including the claims brought by the McCalls.[9]   Notwithstanding entry of an order

approving this Motion, New GM will continue pursuing a consensual resolution with the McCalls,

as it has successfully done with hundreds of other personal injury plaintiffs.

10.     For the reasons set forth below, this Court should enjoin the McCall Plaintiffs from

proceeding with the McCall Complaints until they are appropriately amended so that they are in

full compliance with this Court's rulings.

## BACKGROUND FACTS

### A.    Sale Order and Injunction

11.     On the same day it filed for bankruptcy (June 1, 2009), Old GM filed a motion to

sell substantially all of its assets to New GM.  *See In re Gen. Motors Corp.*, 407 B.R. 463, 473

(Bankr. S.D.N.Y. 2009), *aff'd in part, vacated in part, reversed in part*, 829 F.3d 135 (2d Cir.),

*cert. denied*, 137 S.Ct. 1813 (2017).  The Sale Order and Injunction was entered on July 5, 2009,

and the sale ("**363 Sale**") closed on July 10, 2009.  The State of Alabama, through its attorney

general, filed a limited objection to the 363 Sale motion[10] but did not raise any issue relating to the

Alabama wrongful death statute and never appealed the Sale Order and Injunction.

12.     Under the Sale Agreement, New GM bargained for which liabilities it would

assume.  For example, New GM did not assume liabilities relating to pre-363 Sale accidents.  *See*

Sale Agreement, § 2.3(b)(ix).  Certain pre-363 Sale accident plaintiffs argued at the 363 Sale

hearing that it was unfair that New GM assumed Product Liabilities for post-363 Sale accidents,

but not their claims.  Those objections were overruled by the Court and that ruling was affirmed

---

[9]    *See, e.g.*, GM's Letter to the Court dated February 28, 2019 [ECF No. 14444].

[10]    *See Limited Objection of the State of Alabama*, dated July 1, 2009 [ECF No. 3088].

on appeal.[11]   Certain of the McCalls' claims fall within the definition of assumed Product

Liabilities; others do not.[12]

13.     The Sale Order and Injunction provides that, except for Assumed Liabilities, New

GM is not liable for claims based on Old GM conduct, including successor liability claims.  *See,*

*e.g.*, Sale Order and Injunction, ¶ AA; *Trusky v. Gen. Motors LLC (In re Motors Liquidation Co.)*,

Adv. Proc. No. 09-09803 (REG), 2013 WL 620281, at *2 (Bankr. S.D.N.Y. Feb. 19, 2013).

Paragraph 71 of the Sale Order and Injunction affirms the Bankruptcy Court's exclusive

jurisdiction over matters regarding the 363 Sale.

**B.      The November 2015 Decision/December 2015 Judgment**

14.     After the Bankruptcy Court held that the Sale Order and Injunction would be

modified because the Ignition Switch Plaintiffs established a due process violation, but before the

Second Circuit affirmed that ruling in *In re Motors Liquidation Co.*, 829 F.3d 135 (2d Cir. 2016),

the Bankruptcy Court made further rulings (a decision dated November 9, 2015 ("**November 2015**

**Decision**")[13] and a Judgment dated December 4, 2015 [ECF No. 13563] ("**December 2015**

**Judgment**")) relating to the interpretation and enforcement of the Sale Order and Injunction.

Pursuant to the December 2015 Judgment, the Bankruptcy Court ruled that, *inter alia*, New GM

did not contractually assume liability for punitive damages based on Old GM knowledge or

conduct, or anything else that took place at Old GM.  December 2015 Judgment, ¶ 6.

---

[11]   *See In re Motors Liquidation Co.*, 430 B.R. 65 (S.D.N.Y. 2010); *In re Motors Liquidation Co.*, 428 B.R. 43 (S.D.N.Y. 2010).

[12]   Each of the McCall Lawsuits assert Alabama wrongful death claims as well as individual personal injury claims. As discussed herein, the wrongful death claims cannot proceed.  However, the McCall Plaintiffs can seek compensatory damages from New GM on their individual personal injury claims (as such claims appear to be assumed Product Liabilities, as defined by the Sale Agreement), and this McCall Motion to Enforce does not seek any relief with respect to those claims to the extent they seek compensatory damages.  Nonetheless, New GM disputes any and all liability for the individual personal injury claims.

[13]   The November 2015 Decision is published at *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015).

6

15.     In addition, pursuant to the December 2015 Judgment, plaintiffs are prohibited, *inter alia*, from making "[a]llegations that allege or suggest that New GM manufactured or designed an Old GM Vehicle, or performed other conduct relating to an Old GM Vehicle before the Sale Order . . . ." December 2015 Judgment, ¶ 18.  Complaints "containing such allegations are and remain stayed, unless and until they are amended consistent with the Decision and this Judgment." *Id.*

16.     Significantly, no one appealed from the December 2015 Judgment with respect to these rulings.

**C.     The December 2016 Show Cause Order and the July 2017 Opinion**

17.     On December 13, 2016, this Court entered the December 2016 Show Cause Order, identifying the 2016 Threshold Issues that the Bankruptcy Court would address, and the procedures for resolving same.  The McCalls' counsel were timely served with the December 2016 Show Cause Order.[14]

18.     The December 2016 Show Cause Order conspicuously stated that plaintiffs served with that Order would be bound by the Court's rulings on the 2016 Threshold Issues:

> **UNLESS THE COURT RULES OTHERWISE WITH RESPECT TO ANY TIMELY FILED AND SERVED OBJECTION, THE TERMS OF THIS ORDER TO SHOW CAUSE AND THE RULINGS MADE BY THE COURT WITH RESPECT TO THE 2016 THRESHOLD ISSUES SET FORTH HEREIN WILL BE BINDING ON THE NOTICE PARTIES AND ALL PERSONS/ENTITIES (INCLUDING WITHOUT LIMITATION PLAINTIFFS) RECEIVING NOTICE OF THIS ORDER TO SHOW CAUSE VIA FIRST CLASS MAIL.**

---

[14]     *See* Certificate of Service, dated December 21, 2016 [ECF No. 13804], Exh. 2 at 8 and 66 (listing the McCall Lawsuits).  A copy of the Certificate of Service is attached hereto as **Exhibit "C."**

34184700.v1

December 2016 Show Cause Order, at 1 (emphasis in original). The McCalls did not file any objections to these procedures or otherwise appear in connection with the proceedings concerning the 2016 Threshold Issues.

19.    The fourth 2016 Threshold Issue was: "Are Post-Closing Accident Plaintiffs bound by the Sale Order or may they bring successor liability claims against New GM and seek punitive damages in connection therewith notwithstanding the Court's rulings in the November 2015 Decision/December 2015 Judgment." December 2016 Show Cause Order, at 3.

20.    After the December 2016 Show Cause Order was entered, a different Alabama plaintiff (Oglesby) filed a letter with the Court, asking for permission to brief the Alabama wrongful death/punitive damages issue as another threshold issue. *See* ECF No. 13847. New GM responded by saying, *inter alia*, the 2016 Threshold Issues should not be modified and Oglesby could separately seek relief from the Bankruptcy Court on that issue if he chose to. *See* ECF No. 13851. The Court agreed with New GM and did not permit Oglesby to file a separate brief on the 2016 Threshold Issues. *See* ECF No. 13852. Oglesby never raised this issue with the Court after this exchange, and New GM ultimately settled that case (as well as all other Alabama wrongful death cases brought to date, except for the McCall Lawsuits).

21.    In resolving one of the 2016 Threshold Issues, the Court confirmed that it would continue to be the gatekeeper to review complaints to determine if they violate the Sale Order and Injunction and/or other Bankruptcy Court rulings. *See In re Motors Liquidation Co.*, 568 B.R. 217, 222 (Bankr. S.D.N.Y. 2017) ("The Court's role, then, is a 'gatekeeper' role. It should be the court to decide what claims and allegations should get through the 'gate,' under the Sale Order and this Court's prior decisions." (citations omitted)).

22.    Thereafter, on July 12, 2017, this Court entered an Opinion, which addressed, among others, 2016 Threshold Issues No. 4 – the punitive damages issue. *See In re Motors Liquidation Co.*, 571 B.R. 565 (Bankr. S.D.N.Y. 2017) ("**July 2017 Opinion**"). In the July 2017 Opinion, the Court held that, under the Sale Agreement, "Post-Closing Accident Plaintiffs may not assert claims against New GM for punitive damages based on conduct of Old GM." *Id.* at 580; *see also* December 2015 Judgment, ¶ 6. In addition, the Court ruled in the July 2017 Opinion that "Judge Gerber's [December 2015] ruling therefore remains law of the case and New GM cannot be held liable for punitive damages on a contractual basis." July 2017 Opinion, 571 B.R. at 576.

23.    The Court also determined, in the July 2017 Opinion, that New GM could not be liable for punitive damages based on Old GM conduct because of the priority scheme in the Bankruptcy Code. Specifically, the Court held:

> its decision is based on the priority scheme under the Bankruptcy Code. While an insolvent debtor may pay general unsecured claims on a *pro rata* basis, the Bankruptcy Code dictates that an insolvent debtor would never pay punitive damages until higher priority claims are paid in full. It is thus inconsistent with the Bankruptcy Code to hold a purchaser in a section 363 sale liable for damages that would be categorically barred as a matter of priority had the sale never occurred.
>
> Exposing a section 363 buyer to punitive damages based on the conduct of the insolvent seller—when the Bankruptcy Code prevents recovery of punitive damages from the insolvent seller—would seriously chill a robust section 363 sale process designed to maximize creditor recoveries. The buyer would be unable to quantify the financial risk to which it was exposing itself in purchasing the assets; the stronger the financial condition of the buyer, the greater the risk of a large punitive damages award based on the insolvent seller's conduct.

July 2017 Opinion, 571 B.R. at 580.27.

24.    Since Old GM as an insolvent debtor would not be liable to pay punitive damages because of the Bankruptcy Code priority scheme, neither would New GM be liable for such damages as a successor or otherwise. In other words, New GM could not contractually assume punitive damages pursuant to a 363 Sale that Old GM, as the debtor-seller, did not owe. Nor could

New GM be otherwise liable under a successor liability theory for punitive damages that Old GM did not owe.[15]

### D.        The Reichwaldt Decision

25.        After the entry of the July 2017 Opinion, New GM filed a motion to enforce ("**Reichwaldt Motion to Enforce**") with respect to another plaintiff (Reichwaldt), who was asserting, among other things, that she could maintain claims against New GM for punitive damages based on Old GM conduct.  While Reichwaldt was served with the 2016 Show Cause Order and agreed she was bound by the July 2017 Opinion, she nonetheless refused to strike her request for punitive damages in her state court lawsuit.  In its Reichwaldt Motion to Enforce, New GM, among other things, argued that Reichwaldt could not seek punitive damages against New GM based on Old GM conduct based on *res judicata* principles because she was on notice of the December 2016 Show Cause Order and the punitive damages issue.

26.        The Court agreed with New GM and found that Reichwaldt was bound by the July 2017 Opinion and could not seek punitive damages against New GM based on Old GM conduct because of *res judicata* and law of the case.  *See In re Motors Liquidation Co.*, 576 B.R. 313, 323-24 (Bankr. S.D.N.Y. 2017) ("**August 2017 Opinion**").

27.        The McCalls are no different than Reichwaldt and the rationale for the August 2017 Opinion applies equally to the McCalls.

---

[15]    *See also In re Motors Liquidation Co.*, Case No. 09-50026 (REG), 2012 WL 10864205, at *11 (Bankr. S.D.N.Y. Aug. 6, 2012) ("Awarding punitive damages in cases where all unsecured creditors are not receiving full satisfaction of their claims in effect forces the innocent creditors to pay for the debtor's wrongful conduct. . . . Thus, even if a showing had been made that punitive damages might be appropriate in a non-bankruptcy context, I could not authorize them here.").

34184700.v1

**E.    The District Court's May 2018 Opinion Affirming the Punitive Damages Ruling in the July 2017 Opinion**

28.    On May 29, 2018, the United States District Court for the Southern District of New York ("**District Court**") affirmed (i) the July 2017 Opinion ruling that New GM did not assume liability for punitive damages based on Old GM conduct, and (ii) the August 2017 Opinion that Reichwaldt could not seek punitive damages against New GM based on Old GM conduct because of *res judicata* and the law of the case doctrines. *See In re Motors Liquidation Co.*, 590 B.R. 39 (S.D.N.Y. 2018) ("**May 2018 Opinion**").

**F.    The 2018 Chrysler-Overton Decision**

29.    Another decision relevant to the McCall Lawsuits emanates out of the *Old Carco* (Chrysler) bankruptcy case. Judge Bernstein was faced with the exact same issue that is being raised in this McCall Motion to Enforce: whether an Alabama wrongful death plaintiff is barred from proceeding against a purchaser of a debtor's assets where the purchaser did not assume punitive damages and the Alabama wrongful death plaintiff can only obtain punitive damages. Judge Bernstein found that the plaintiff (Overton) was barred from proceeding on its wrongful death claim against New Chrysler. *See In re Old Carco LLC*, 593 B.R. 182 (Bankr. S.D.N.Y. 2018). The same result applies to the McCall Plaintiffs.

30.    Judge Bernstein found that Overton's sole remedy for a wrongful death claim under Alabama law was through Alabama's Wrongful Death Act. *Id.* at 190. Because New Chrysler did not assume punitive damages in connection with the sale of assets from Old Chrysler,[16] and

---

[16]    There is no dispositive difference between the Sale Agreement in this case and the sale agreement in Chrysler with respect to the punitive damages issue. Amendment No. 4 to the Chrysler Sale Agreement states that New Chrysler was not assuming punitive damages. Chrysler-Overton Opinion, 593 B.R. at 190. Amendment No. 4 was specifically intended to make Chrysler's approach "consistent with that taken by General Motors as part of its bankruptcy process." *Chrysler to Accept More Product Liability Claims*, http://www.autosafety.org/chrysler-accept-more-product-liability-claims (Aug. 28, 2009). While the Sale Agreement here does not have the "punitive damages" language, this Court has found, on several occasions, that New GM did not assume punitive damages

because Overton could only obtain punitive damages under the Alabama Wrongful Death Act, Overton could not proceed with his wrongful death claim against New Chrysler. Judge Bernstein thoroughly analyzed Alabama law and whether "punitive" damages awarded pursuant to the Alabama Wrongful Death Act were really punitive in nature, or more in the nature of compensatory damages. He found that "[t]his argument regarding the compensatory nature of an award under the AWDA ignores over 140 years of settled Alabama law." *Id.* at 192. He further held that "the damages awarded under the Wrongful Death Act are still punitive damages, whether based on mere negligence or on more egregious wrongdoing, because they are intended to punish and deter rather than compensate." *Id.* at 195.

31.    Judge Bernstein recognized a perceived unfairness of this result, but held that, "[i]ndeed, the seeming unfairness of permitting an award of punitive damages based on mere negligence has been the subject of several unsuccessful Constitutional challenges, challenges that would not arise if the Wrongful Death Act did not limit recovery to traditional punitive damages." *Id.* at 194.

32.    Overton also argued "that interpreting Amendment No. 4's restriction on punitive damages to preclude claims under the Wrongful Death Act would lead to the absurd result of preventing wrongful death claims brought by Alabamians against New Chrysler while permitting the same claims brought by citizens of other states." *Id.* at 196  Judge Bernstein rejected this argument, finding that it "is not new. It has been considered and rejected in analogous situations involving federal statutes that preclude the recovery of punitive damages." *Id.* Judge Bernstein also rejected Overton's public policy arguments. *Id.* at 197-98.

---

based on Old GM conduct. *See, e.g.*, July 2017 Opinion, August 2017 Opinion. These rulings have been affirmed on appeal by the District Court. *See* May 2018 Opinion.

34184700.v1

33.     Accordingly, Judge Bernstein granted New Chrysler's motion to enforce and enjoined the prosecution of the Overton wrongful death claim. The Overton precedent is directly relevant to the McCall Lawsuits.

## G.     The McCall Lawsuits

34.     On or about November 2, 2014, the McCalls were involved in a highway accident involving their 2004 Chevrolet Suburban when a driver in another vehicle heading in the opposite direction crossed over and drove into their lane and their vehicle.  The McCalls allege that because of the collision and defects in the vehicle, a post-collision fire occurred, and the McCalls sustained injuries, and Jerry McCall, the driver of the vehicle, and Hannah Charity Foreman, another passenger in the vehicle, died.

35.     In the McCall Lawsuits, the McCalls have sued the driver of the other vehicle under the Alabama Wrongful Death Act for negligent operation of his vehicle.[17] As noted, the McCalls also sued New GM under the Alabama Wrongful Death Act.[18]

36.     In November 2017, counsel for New GM sent counsel for the McCalls letters ("**New GM's November 2017 Letters**"),[19] stating that, while the Sale Agreement provided that New GM assumed Product Liabilities related to post-sale accidents involving Old GM vehicles, the December 2015 Judgment, July 2017 Opinion and August 2017 Opinion expressly held that the Sale Agreement did not provide for the assumption by New GM of punitive damages relating to Product Liabilities.  New GM's November 2017 Letters also referred to the December 2016

---

[17]   The claims against the other driver (including the punitive damages sought against the other driver) are not impacted by the McCall Motion to Enforce.

[18]   *See* Kimberly McCall First Amended Complaint, Whereas Clause (plaintiff seeks judgment "under the Alabama Wrongful Death Act in an amount of punitive damages to be determined by a jury at a trial of this action . . ."); Tammy McCall Complaint, Whereas Clause (plaintiff seeks judgment "in an amount of punitive damages, as is allowed by the Alabama Wrongful Death Act . . .").

[19]   Copies of New GM's November 2017 Letters are attached hereto collectively as **Exhibit "D."**

Show Cause Order, and explained that, because the McCalls did not object to that Order, they were bound by the rulings in the July 2017 Decision.

37.    In January and February 2018, counsel for each of the McCalls responded to New GM's November 2017 Letters ("**McCalls' 2018 Letters**").[20]  The McCalls' 2018 Letters were substantially similar.  They both stated that the issue of whether New GM was liable for Alabama wrongful death claims for Old GM conduct was not a 2016 Threshold Issue.  They also both stated that New GM did accept liability for all wrongful death claims which arose after the Sale Order and Injunction, and which were caused by Old GM vehicles.

38.    By letters dated January 31, 2019 ("**New GM's January 2019 Letters**"),[21] New GM put counsel for the McCalls on notice of (i) the District Court's May 2018 Opinion affirming this Court's July 2017 Opinion and August 2017 Opinion, and (ii) Judge Bernstein's Chrysler-Overton Opinion, wherein the court found that Overton's wrongful death claims were barred against New Chrysler.  In New GM's January 2019 Letters, it requested that counsel for the McCalls contact New GM's trial counsel to discuss next steps in the McCall Lawsuits.

39.    Despite the fact that the McCalls' wrongful death claims are barred by the Sale Order and Sale Agreement, New GM, in good faith, participated in a mediation with the McCalls in February 2019 in an effort to reach a settlement of all of the claims raised in the McCall Lawsuits, including the wrongful death claims.  Despite these efforts, a settlement could not be reached.  The McCalls have indicated that they intend to commence discovery, including expert discovery, on the wrongful death claims, thus necessitating the filing of this McCall Motion to Enforce.

---

[20]    Copies of the McCalls' 2018 Letters are attached hereto collectively as **Exhibit "E."**

[21]    Copies of New GM's January 2019 Letters are attached hereto collectively as **Exhibit "F."**

14

**BASIS FOR RELIEF**

40.    The Sale Order and Injunction and related rulings regarding allegations made, claims filed and damages sought against New GM bar the McCalls' claims for punitive damages. As the Supreme Court held in *Celotex*:

> If respondents believed the Section 105 Injunction was improper, they should have challenged it in the Bankruptcy Court, like other similarly situated bonded judgment creditors have done. . . .  Respondents chose not to pursue this course of action, but instead to collaterally attack the Bankruptcy Court's Section 105 Injunction in the federal courts in Texas.  This they cannot be permitted to do without seriously undercutting the orderly process of the law.

514 U.S. at 313; *see also In re Motors Liquidation Co.*, 513 B.R. 467, 478 (Bankr. S.D.N.Y. 2014) (quoting *Celotex*).  The principle underlying *Celotex* applies with equal force to the McCalls:  they are subject to the Sale Order and Injunction and the Bankruptcy Court's other rulings and are required to comply with them.  Accordingly, an order to enforce the Sale Order and Injunction is warranted.

**A.**     **The McCalls are Bound by the Punitive Damages Rulings in the July 2017 Opinion**

41.    As noted, the McCalls were timely served with the December 2016 Show Cause Order and are thus bound by the Court's rulings on the 2016 Threshold Issues (*i.e.*, those set forth in the July 2017 Opinions).  Just like Reichwaldt, the McCall Plaintiffs are bound by the Court's rulings under the law of the case doctrine.  *See* August 2017 Opinion, 576 B.R. at 324 ("The Court need not revisit in detail its determination that Judge Gerber's ruling remains law of the case. . . . This Court's decision that punitive damages based on Old GM's conduct are barred by the Bankruptcy Code's priority scheme is likewise law of the case and should not be revisited."); July 2017 Opinion, 571 B.R. at 576 ("Judge Gerber's ruling that New GM did not contractually assume liability for punitive damages remains law of the case.").  Both of these rulings were upheld on appeal by the District Court.

42.     The McCalls' claims for punitive damages are *also* barred by *res judicata*. "Under both New York law and federal law, the doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010) (citation omitted). "[T]he mere pendency of an appeal does not deprive a challenged judgment of its res judicata effects." *Antonious v. Muhammad*, 873 F.Supp. 817, 824 (S.D.N.Y. 1995); *see also In re Weinstein*, 173 B.R. 258, 279 (Bankr. E.D.N.Y. 1994). As this Court held in *In re MF Global Holdings, Ltd*, Case No. 11–15059 (MG), 2014 WL 3536977, at *4 (Bankr. S.D.N.Y. July 17, 2014):

> Res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Under federal law, res judicata "bars later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." Further, the pendency of an appeal does not affect a decision's finality for res judicata purposes. [Citations omitted]

43.     Here, the July 2017 Opinion is a final judgment, and the McCalls never appealed that ruling. The issue has thus been finally determined for the McCalls, and they cannot assert that New GM is liable for punitive damages based on Old GM conduct. And, since the McCalls' Alabama wrongful death claim is based on Old GM conduct, it is barred by the controlling rulings of this Court.

## B.     The McCalls Cannot Proceed on Their Alabama Wrongful Death Claims Because the Only Remedy Available Under The Alabama Statute Is Punitive Damages

44.     The McCalls are in the exact same position as the plaintiffs in *Overton* and their arguments relating to the Alabama wrongful death statute fail for the same reasons as stated by Judge Bernstein in *Overton*.

34184700.v1

### 1.    The Sale Order and Injunction and Sale Agreement Preclude Claims for Punitive Damages

45.    In the July 2017 Opinion, the Court ruled that plaintiffs cannot seek punitive damages based on Old GM conduct.  *See* July 2017 Opinion, 571 B.R. at 580; *see also* August 2017 Opinion, 576 B.R. at 324; December 2015 Judgment, ¶ 6.[22]  This determination was made based in part on the Court's interpretation of the Sale Agreement; there are no unstated exceptions covering the Alabama wrongful death statute or otherwise.  The Court's determination was also based on the priority scheme set forth in the Bankruptcy Code—that is, that since claims for punitive damages would never have been paid by Old GM, New GM could not be liable for such claims.  *See* July 2017 Opinion, 571 B.R. at 576-77.  Accordingly, the McCalls cannot fairly claim that New GM accepted liability for their Alabama wrongful death claims.

### 2.    Alabama's Wrongful Death Act Permits Recovery of Punitive Damages Only

46.    In 1860, the Alabama legislature enacted "An Act to Prevent Homicides."  This Act, which amended Alabama's wrongful death statute, allowed plaintiffs to recover an amount "the jury deem[s] just" for conduct that resulted in the death of another.  Seventeen years later, in 1877, the Alabama Supreme Court interpreted the title and text of the Act, as amended, in holding that it afforded recovery of punitive damages only:

> Charge four fixes an erroneous measure of damages, and was rightly refused on that account, although in other respects it may have asserted correct legal principles.  Lacerated feelings of surviving relations, and mere capacity of deceased to make money if permitted to live, do not constitute the measure of recovery under the act of Feb. 5, 1872.  Prevention of homicide is the purpose of the statute, and this it proposes to accomplish by such pecuniary mulct as the jury "deem just."  The damages are punitive, and they are none the less so, in consequence of the direction

---

[22]    *See also* November 2015 Decision, 541 B.R. at 117 ("The Post–Closing Accident Plaintiffs first argue that New GM contractually assumed claims for punitive damages. The Court finds that contention unpersuasive. It can't agree with the Post–Closing Accident Plaintiffs' contention that the Sale Agreement unambiguously so provides. And once it looks at the totality of the contractual language, and extrinsic evidence, and employs common sense, it must agree with New GM's contention that New GM neither agreed to, nor did, contractually take on Old GM's punitive damages liability.").

17

the statute gives to the damages when recovered. They are assessed against the railroad "to prevent homicides."

*Savannah & Memphis R.R. Co. v. Shearer*, 58 Ala. 672, 680 (1877) (emphasis added).

47.     The text of the Wrongful Death Act has changed over the years.  Yet, the Alabama Supreme Court's interpretation of the Wrongful Death Act to allow for recovery of punitive damages only has remained consistent throughout.   Despite a multitude of attacks aimed at changing the law to reflect the result preferred by the McCalls, the Alabama Supreme Court has routinely held in the face of various constitutional and other challenges that punitive damages are the sole remedy for tortious infliction of death in the State of Alabama.

48.     The Alabama Supreme Court in *Lance, Inc. v. Ramanauskas* explained that it had, "***under the crushing weight of 150 years of stare decisis, consistently held that our wrongful-death statute allows for the recovery of punitive damages only***."  731 So. 2d 1204, 1221 (Ala. 1999) (emphasis added).  The same was true in *Tillis Trucking Co. v. Moses*, in which the court explained that, "[f]rom the time the Legislature enacted the predecessor of this provision in 1852, this Court has understood the legislative intent behind the phrase 'such damages as the jury may assess' to be that the jury is to award punitive or exemplary damages."  748 So. 2d 874, 888-89 (Ala. 1999).

49.     In clear terms, the Alabama Supreme Court has stated that "[t]he policy of the Wrongful Death Act is solely to protect human life by deterring tortious acts that result in death and impose civil punishment on those who take human life."  *King v. Nat'l Spa & Pool Inst., Inc.*, 607 So. 2d 1241, 1246-47 (Ala. 1992); *see also Trott v. Brinks, Inc.*, 972 So. 2d 81, 84 (Ala. 2007) ("The instant action is a wrongful-death action under Ala. Code 1975, § 6–5–410.  In such a case, the only recoverable damages are punitive damages intended to punish the tortfeasor for its actions—not to compensate the plaintiff."); *Omni Ins. Co. v. Foreman*, 802 So. 2d 195, 199 (Ala.

18

2001) ("It is hornbook law that in Alabama, the only damages a plaintiff is allowed to recover in an action for wrongful death are punitive damages.").

50.    The Alabama Supreme Court's rulings are consistent with the Alabama legislature's intent in first enacting and subsequently amending and preserving this unique approach to wrongful death damages.  In *Black Belt Wood Co., Inc. v. Sessions*, 514 So. 2d 1249, asserted 1261-65 (Ala. 1987), the Alabama Supreme Court traced a consistent line of decisions that each held punitive damages were the only form of damages available to a wrongful death plaintiff, and further explained that the Alabama legislature's decision to amend the Act in 1872 without addressing the compensatory versus punitive damages question imparted an element of legislative approval to the court's prior decisions on the matter.  Similarly, the Alabama Supreme Court recognized in *Tillis Trucking Co.*, that the legislature's decision in 1987 not to "disturb the 135-year-old application of that [wrongful death] law" was meaningful since the legislature had "otherwise enacted tort reform legislation to affect punitive-damages awards in actions other than actions based on wrongful death."  *Tillis Trucking Co.*, 748 So. 2d at 891. 36.

51.    The Alabama Supreme Court has succinctly summarized its views in rejecting assertions that wrongful death punitive damages are merely compensatory damages in disguise:

> A wrongful death claim does not provide compensation for injuries that cause death.  ***Punitive damages are not compensation, and our system should not be contorted to treat them as such***.

*King*, 607 So. 2d at 1247 (emphasis added).  More recently, in 2016, the Alabama Supreme Court again cited to the settled history that "the avowed public purpose of the wrongful death statute is to prevent homicide and ***to punish the culpable party and not to compensate for the loss***."  *Stinnett v. Kennedy*, 232 So. 3d 202, 212 (Ala. 2016) (emphasis added).

19

52.     In *Powell v. FCA US LLC*, another *Chrysler*-related case, the plaintiff argued in its motion to remand that wrongful death punitive damages are somehow not really punitive and therefore should not be subject to the Sale Order's injunction. *See Powell v. FCA US LLC*, No. 3:15-CV-393-WHA, 2015 WL 5014097, at *5 (M.D. Ala. Aug. 21, 2015). The *Powell* court rejected that argument outright, explaining that the recovery on a wrongful death claim was "exemplary or punitive" and thus implicated the Sale Order injunction, and reaffirmed that this fact had "been clearly established for many, many years." *Id.*[23]

53.     Thus, there is no question under Alabama law that the sole recovery for wrongful death claims is punitive damages. As such, the McCalls' claims for wrongful death seek punitive damages—and only punitive damages—with respect to an Old GM vehicle and are enjoined by the Sale Order and Injunction.

54.     New GM's arguments herein are entirely consistent with Judge Bernstein's rulings in the Chrysler-Overton Opinion, wherein he examined "140 years of settled Alabama law" that "has consistently construed the Wrongful Death Act to limit recovery to punitive damages and to exclude recovery of compensatory damages." Chrysler-Overton Opinion, 593 B.R. at 192. The facts of the Chrysler-Overton case and the McCall Lawsuits are, in all relevant respects, the same. Both Old Chrysler and Old GM filed for bankruptcy, and in a court-approved sale, sold substantially all their assets and assumed certain liabilities. In each of the sale agreements, punitive damages based on the debtors' conduct were not assumed by the buyers. Neither sale agreement included an exception for wrongful death claims in Alabama. Because of the striking similarity of

---

[23]     The *Powell* case was subsequently transferred to the United States District Court for the Southern District of New York and referred to the Bankruptcy Court. It subsequently was settled without any substantive motion practice.

34184700.v1

the two cases, the Chrysler-Overton Opinion is directly applicable and New GM respectfully requests that this Court follow Judge Bernstein's reasoning and holding in that case.

55.    The McCalls may assert that it is unfair that they cannot maintain a wrongful death claim against New GM, unlike non-Alabama plaintiffs.[24]  But the fact that the McCalls cannot pursue compensatory damages as the remedy for their wrongful death claims under Alabama law against New GM was determined by the Alabama legislature, which has not provided for compensatory damages to be available in a wrongful death case.  *See* Chrysler-Overton Opinion, 593 B.R. at 198 ("the Alabama legislature has chosen not to change the Wrongful Death Act to permit the award of compensatory damages in wrongful death actions" and "[w]hile the result is unsatisfactory, the Court is powerless to change the result").  In other words, the McCalls' inability to pursue a wrongful death claim against New GM is due to the unique nature of Alabama's wrongful death punitive damages statute and does not provide an exception to the general rule that New GM did not assume liability for punitive damages.

### 3.    <u>Enforcing the Sale Order and Injunction is Not Against Public Policy</u>

56.    New GM anticipates that, like the Overton plaintiffs in *Chrysler*, the McCalls may argue that enforcing the Sale Order and Injunction with respect to the McCalls is against Alabama public policy.  As explained above, the Alabama legislature and the Alabama state courts have routinely acknowledged the uniqueness of the Alabama wrongful death punitive damages statute and yet have regularly reinforced it.  The issue here, therefore, is the enforcement of rights granted under a Court-approved 363 Sale.

---

[24]    The McCalls ignore the fact that they are seeking a special right to collect punitive damages from New GM, while other plaintiffs are barred from doing so based on this Court's rulings.

34184700.v1

57.     The public policy argument also fails for the reasons recognized by Judge Bernstein

in the Chrysler-Overton Opinion, where he concluded:

> Here, Old Chrysler, New Chrysler and other stakeholders that participated in the
> negotiation struck a bargain under which New Chrysler agreed, in relevant part, to
> assume liability for compensatory damages for post-Closing accidents involving
> vehicles manufactured and sold by Old Chrysler, but not to assume liability for
> punitive damages.  The Plaintiffs do not make the untenable argument that the
> parties to Amendment No. 4 understood that they were limiting New Chrysler's
> liability for punitive damages based on egregious conduct but not based on ordinary
> negligent conduct.  Regardless of the evidentiary standard, the nature and amount
> of the award are still punitive and not compensatory.

> In the end, Amendment No. 4 did not create the unfair or anomalous result in this
> case.  The result flows from interpretation accorded to the nature of the damages
> recoverable under the Wrongful Death Act.  Since *Savannah,* the Alabama Supreme
> Court has consistently ruled that the plaintiff in a wrongful death action may
> recover only punitive damages, and evidence supporting a compensatory award is
> irrelevant.  Despite judicial and academic criticism, . . . the Alabama Supreme Court
> has not overruled its precedent.

593 B.R. at 197-98.  While noting that "the result is unsatisfactory," Judge Bernstein found he was

"powerless to change the result."  *Id.* at 198.  As New GM is in the exact same position as New

Chrysler, Judge Bernstein's conclusions are particularly apt here.

58.     Accordingly, the McCalls' wrongful death claims are barred by the Sale Order and

Injunction and the Sale Agreement, and they cannot proceed against New GM on such claims.

## C.     The McCalls Cannot Seek Punitive Damages from New GM on Account of Any Assumed Product Liabilities

59.     In addition to asserting a claim based on the Alabama Wrongful Death Act, the

McCalls also assert claims for personal injuries arising from the accident.  These claims, as phrased

in the McCall Complaints, are assumed Product Liabilities (as defined in the Sale Agreement, as

amended).  As such, to the extent the McCalls can establish liability with respect to the assumed Product Liabilities, they could obtain compensatory damages from New GM.[25]

60.     However, the McCall Complaints go further for these claims, seeking compensatory damages **and** punitive damages.  *See* McCall Complaints, Whereas Clauses.  This they cannot do pursuant to the May 2018 Opinion, the August 2017 Opinion, the July 2017 Opinion and the December 2015 Judgment, as each of these final rulings unequivocally held that New GM cannot be liable for punitive damages based on Old GM conduct.

61.     Accordingly, the McCalls' requests for punitive damages in connection with any assumed Product Liabilities are barred, and this Court should direct the McCalls to strike such punitive damages requests from the McCall Complaints.

## D.     The McCall Complaints Contain Allegations That Are Expressly Barred by the December 2015 Judgment

62.     In the December 2015 Judgment, the Bankruptcy Court expressly set forth what types of allegations could not be asserted against New GM.  Among other things, plaintiffs are prohibited from making allegations that allege or suggest that New GM manufactured or designed an Old GM vehicle, or performed other conduct relating to an Old GM Vehicle before the closing of the 363 Sale.  December 2015 Judgment, ¶ 18.

63.     Paragraphs 11 and 12 in Kimberly McCall's First Amended Complaint and paragraphs 9 and 10 in Tammy McCall's Complaint violate paragraph 18 of the December 2015 Judgment as they each allege that New GM manufactured, designed or performed other conduct

---

[25]    As noted previously, New GM intends to continue efforts to mediate and consensually resolve any personal injury or wrongful death claim for compensatory—rather than punitive—damages.

34184700.v1

relating to an Old GM Vehicle before the Sale Order and Injunction. These allegations are prohibited and must be corrected.[26]

## NOTICE

64.    Notice of this McCall Motion to Enforce has been provided to counsel for the McCalls, and all entities that receive electronic notice from the Court's ECF system. New GM submits that such notice is sufficient, and no other or further notice need be provided.

65.    Except to the extent expressly noted herein, no prior request for the relief sought in this McCall Motion to Enforce has been made to this or any other Court.

WHEREFORE, New GM respectfully requests that this Court enter an order, substantially in the form set forth in **Exhibit "G"** hereto, granting the relief sought herein and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 10, 2019

Respectfully submitted,


_/s/ Arthur Steinberg_
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

-and-

---

[26] Specifically, paragraphs 11 and 12 in Kimberly McCall's First Amended Complaint allege: (i) "The subject vehicle was designed, engineered, manufactured, marketed, sold, assembled, distributed, and/or placed in the stream of commerce by Defendants GM and/or Fictitious Defendants A-C.", and (ii) "At the time of the collision, the subject vehicle was in substantially the same condition as it was at the time it was placed into the stream of commerce by Defendants GM and/or Fictitious Defendants A-C." Paragraphs 9 and 10 in Tammy McCall's Complaint are substantially similar.

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Attorneys for General Motors LLC*

25