# Exhibit B

DOCUMENT 2



ELECTRONICALLY FILED
6/2/2016 10:55 AM
36-CV-2016-900040.00
CIRCUIT COURT OF
HALE COUNTY, ALABAMA
CATRINNA LONG PERRY, CLERK

## IN THE CIRCUIT COURT OF HALE COUNTY, ALABAMA

| | |
|---|---|
| TAMMY DENISE POWELL McCALL, individually and as Personal Representative of the Estate of Samuel Jerry McCall, deceased, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MOTORS, LLC, a foreign Limited Liability Company, formerly known as General Motors Corporation, a foreign corporation; JOHN W. RYAN, JR., as Personal Representative of the Estate of April Shavon Richardson, deceased; Fictitious Defendants A through C, being those individuals or entities which were responsible for the defective condition of the subject vehicle but whose true and correct identities are unknown to Plaintiff at this time and who will be added by amendment once ascertained; and Fictitious Defendants D through F, being those individuals or entities who were responsible for the injuries and damages set forth herein but whose true and correct identities are unknown to Plaintiff at this time and who will be added by amendment once ascertained. <br><br> Defendants. | CIVIL ACTION NO. CV-2016-_____ |

## COMPLAINT

COMES NOW the Plaintiff, TAMMY DENISE POWELL McCALL, and states as her Complaint against the Defendants:

1.  Tammy Denise Powell McCall is an adult citizen and resident of Clarke County, Alabama, and is the duly appointed personal representative of the Estate of Samuel Jerry McCall (hereinafter "McCall"). She brings this suit both individually and in her capacity as personal representative of the Estate of Samuel Jerry McCall.

2. Defendant General Motors, LLC (hereinafter "GM") is a foreign limited liability company. Its predecessor in business, General Motors Corporation, manufactured, designed, sold, assembled, or distributed the 2004 Chevrolet Suburban 1500 Z71, vehicle identification number 3GNFK16Z94G271714 (hereinafter "subject vehicle"), and placed the subject vehicle into the stream of commerce in the United States, and more specifically, the State of Alabama.

3. At the time of her death, April Shavon Richardson (hereinafter "Richardson") was a resident of Hale County, Alabama. Attorney John W. Ryan, Jr., of Greensboro, Alabama, is the duly appointed personal representative of her Estate, and is a proper Defendant to this action.

4. Fictitious Defendants A through C are those individuals or entities which were responsible for the defective condition of the subject vehicle but whose true and correct identities are unknown to Plaintiff at this time. Said Defendants will be added by amendment once ascertained.

5. Fictitious Defendants D through F are those individuals or entities who were responsible for the injuries and damages set forth herein but whose true and correct identities are unknown to Plaintiff at this time. Said Defendants will be added by amendment once ascertained.

6. On or about November 2, 2014, Jerry McCall was driving the subject vehicle on Highway 69 in Hale County, Alabama. His passengers were Tammy Denise Powell McCall, Kimberly Bell and Hannah Foreman.

7. As Jerry McCall drove southbound, Richardson was northbound on Highway 69. At said time and place, Richardson caused or allowed her vehicle to enter McCall's lane and strike McCall's vehicle, the subject vehicle.

8. As a result of the collision and the defects in the subject vehicle, a post-collision fire occurred. As a result of that fire, Jerry McCall died. As a result of the collision, Tammy Denise Powell McCall suffered injuries, as set forth herein.

9. The subject vehicle was designed, engineered, manufactured, marketed, sold, assembled, distributed or placed into the stream of commerce by Defendant GM or Fictitious Defendants A-C.

10. The subject vehicle was in substantially the same condition at the time of the collision as it was at the time the Defendants GM or Fictitious Defendants A-C placed it into the stream of commerce.

11. At the time of the collision, the subject vehicle was defective in design or manufacture because it was unreasonably susceptible to a post-collision fire, and its fuel ignited when it was involved in a foreseeable collision, and there were other defects in the subject vehicle which led to the injuries and Death described herein.

12. As a direct and proximate consequence of the subject vehicle's defects, Jerry McCall died, and as a result of being within the zone of danger, Tammy Denise Powell McCall suffered mental anguish and emotional distress.

13. Richardson owed a duty to Tammy Denise Powell McCall and Jerry McCall to operate her vehicle in a reasonable and prudent manner. Richardson breached that duty, and negligently allowed her vehicle to cross into the southbound lane, and collide with the subject vehicle.

14. As a direct and proximate result of Richardson's negligence, combined with the defects in the subject vehicle, Jerry McCall died.

15. As a direct and proximate consequence of Richardson's negligence, Tammy Denise Powell McCall suffered physical injuries, mental anguish, pain, emotional distress, was caused to incur medical bills, and was otherwise injured or damaged.

16. Fictitious Defendants D-F negligently caused or contributed to cause the death of Jerry McCall and the injuries and damages suffered by Tammy Denise Powell McCall.

WHEREFORE, Plaintiff Tammy Denise Powell McCall, as personal representative of the Estate of Samuel Jerry McCall, demands judgment against all Defendants in an amount of punitive damages, as is allowed by the Alabama Wrongful Death Act, as will be determined by a jury at a trial of this case, plus interest and costs, and any other relief to which the Plaintiff is entitled. Plaintiff Tammy Denise Powell McCall, individually, demands judgment against Defendants an amount of compensatory and punitive damages as will be determined by a jury at a trial of this case, plus interest and costs, and other relief to which she is entitled.

GILMORE LAW FIRM
Attorneys for Plaintiff

/s/ Wyman O. Gilmore, Jr.
By: _____
WYMAN O. GILMORE, JR. (GIL012)
wogilmore@gilmorelawfirm.com
R. EDWIN LAMBERTH (LAM024)
rel@gilmorelawfirm.com
Post Office Box 729
Grove Hill, Alabama 36451
Telephone:    (251) 275-3115
Facsimile:    (251) 275-3847

OF COUNSEL:

ROBERT H. TURNER, SR. (TUR016)
rturnersr@turnerturnerandbryant.com
TURNER, TURNER & BRYANT
Post Office Box 929
Marion, Alabama 36756
Telephone:    (334) 683-4111
Facsimile:    (334) 683-4180

DOCUMENT 2

Plaintiff demands a trial by jury of all the issues in this cause.

*/s/ Wyman O. Gilmore, Jr.*

WYMAN O. GILMORE, JR.

ELECTRONICALLY FILED
11/13/2017 3:03 PM
36-CV-2016-900046.00
CIRCUIT COURT OF
HALE COUNTY, ALABAMA
CATRINNA LONG PERRY, CLERK

## IN THE CIRCUIT COURT OF HALE COUNTY, ALABAMA

| | |
|---|---|
| KIMBERLY MCCALL, an individual; and as a Personal Representative of the Estate of Hannah Charity Foreman, deceased,<br><br>PLAINTIFFS,<br><br>VS.<br><br>GENERAL MOTORS, LLC, a foreign Limited Liability Company, formerly known as General Motors Corporation; JOHN W. RYAN, JR., as Special Administrator of the Estate of April Shavon Richardson, deceased, Fictitious Defendants A - C, being those individuals or entities responsible for the defective condition of the subject vehicle; and Fictitious Defendants D - I, being those other individuals or entities who caused or contributed to cause the injuries and damages to the Plaintiffs, the proper identities of all Fictitious Defendants are unknown to the Plaintiffs at this time, but will be substituted by amendment once ascertained,<br><br>DEFENDANTS. | Case No.: CV-2016-900046 |

### FIRST AMENDED COMPLAINT

**COMES NOW** the Plaintiff, by and through her counsel of record, and hereby amends her previous complaint by substituting Plaintiff's name from Kimberly Faith Bell to Kimberly McCall and files this Amended Complaint against the Defendants as follows:

1. Plaintiff Kimberly McCall (hereinafter "McCall"), an individual who is an adult citizen and resident of Clarke County, Alabama, brings this suit against the defendants for personal injuries sustained by her.

2.  Plaintiff Kimberly McCall is the duly appointed Personal Representative of the Estate of Hannah Charity Foreman (hereinafter "Foreman"), deceased, who brings this suit in said capacity against the defendants seeking damages arising from the wrongful death of Hannah Charity Foreman.

3.  Defendant General Motors, LLC (hereinafter "GM") is a foreign limited liability company whose predecessor in business, General Motors Corporation, manufactured, designed, sold, assembled, or distributed the 2004 Chevrolet Suburban 1500 Z71, vehicle identification number 3GNFK16Z94G271714 (hereinafter "subject vehicle"), and placed the subject vehicle into the stream of commerce in the United States, and more specifically, the State of Alabama.

4.  Defendant John W. Ryan, Jr., an adult citizen and resident of Hale County, Alabama, is the duly appointed Special Administrator of the Estate of April Shavon Richardson (hereinafter "Richardson"), deceased. At the times giving rise to this action including the time of her death, Richardson was a resident of Hale County, Alabama. As the Special Administrator of the Estate of April Shavon Richardson, deceased, John W. Ryan, Jr., is a proper Defendant to this action.

5.  Fictitious Defendants A-C are those individuals or entities responsible for the defective condition of the subject vehicle giving rise to Plaintiffs' injuries and damages.

6.  Fictitious Defendants D-I are those other individuals or entities which were otherwise responsible for the Plaintiffs' injuries and damages.

7.  Plaintiffs aver that the identities of the fictitious party defendants as described herein are otherwise unknown to the Plaintiffs at this time; or if their names are known to the

Plaintiffs, their identities as proper party defendants are not known to the Plaintiffs at this time, and their true names will be substituted by amendment once ascertained.

8. On or about November 2, 2014, Samuel Jerry McCall was driving the subject vehicle southbound on Highway 69 in Hale County, Alabama, while Kimberly McCall, Hannah Charity Foreman and Tammy Denise Powell McCall were passengers in the subject vehicle.

9. As the subject vehicle was southbound on Highway 69, Richardson was operating a vehicle traveling northbound on Highway 69 when Richardson caused or allowed the vehicle she was operating to enter into the subject vehicle's lane of travel resulting in a collision.

10. As a result of the collision and the defects in the subject vehicle, a post-collision fire occurred, and as a result thereof, Kimberly McCall was injured and damaged, and Hannah Charity Foreman was killed as a proximate result of the said post-collision fire.

11. The subject vehicle was designed, engineered, manufactured, marketed, sold, assembled, distributed, and/or placed into the stream of commerce by Defendants GM and/or Fictitious Defendants A-C.

12. At the time of the collision, the subject vehicle was in substantially the same condition as it was at the time it was placed into the stream of commerce by Defendants GM and/or Fictitious Defendants A-C.

13. At the time of the collision, the subject vehicle was defective in design or manufacture in that it was unreasonably susceptible to a post-collision fire, whereas in the subject foreseeable collision, the subject vehicle's fuel was caused to ignite, and there were other defects in the subject vehicle which caused or contributed to the injuries sustained by Kimberly McCall and the death of Hannah Charity Foreman.

14. As a direct and proximate consequence of the subject vehicle's defects, Hannah Charity Foreman died; and as a result of the collision and being within the zone of danger, Kimberly McCall was caused to suffer injuries, including but not limited to mental anguish and emotional distress, as well as being otherwise damaged.

15. At the time of the collision, Richardson owed a duty to the Plaintiffs to operate her vehicle in a reasonable and prudent manner, and Richardson breached that duty when she negligently allowed her vehicle to cross into the southbound lane of travel so as to cause the collision with the subject vehicle.

16. As a direct and proximate result of Richardson's negligence, combined with the defects in the subject vehicle, Hannah Charity Foreman was killed.

17. As a direct and proximate consequence of Richardson's negligence, combined with the defects in the subject vehicle, Kimberly McCall suffered physical injuries, including but not limited to mental anguish, pain, emotional distress; she was caused to incur medical bills, as well as being otherwise injured or damaged.

18. Fictitious Defendants D-I negligently caused or contributed to cause the death of Hannah Charity Foreman and the injuries and damages suffered by Kimberly McCall.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Kimberly McCall, as Personal Representative of the Estate of Hannah Charity Foreman, demands judgment against all Defendants under the Alabama Wrongful Death Act in an amount of punitive damages to be determined by a jury at a trial of this action, plus interest and costs, and for any and all other relief to which said Plaintiff is entitled. Plaintiff Kimberly McCall, an individual, demands judgment against all Defendants in this action in an amount of compensatory and punitive damages as well as damages available to her for mental anguish and emotional distress, all of

which to be determined by a jury at a trial of this action, plus interest and costs, and for any and all other relief to which said Plaintiff is entitled.

Respectfully submitted,

s/Joshua P. Hayes
Joshua P. Hayes  (HAY059)
Prince, Glover & Hayes
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, Alabama 35406
Phone: (205) 345-1234
Fax: (205) 752-6313
Email: jhayes@princelaw.net

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the Alabama Judicial System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

H. Lanier Brown, II, Esquire
Wilbor J. Hust, Jr., Esquire
George M. (Marc) Keahey, Esquire
Robert H. Turner, Sr., Esquire

This the 13th day of November, 2017.

s/Joshua P. Hayes
Of Counsel