# Exhibit D

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

November 14, 2017

**VIA OVERNIGHT MAIL**
Wyman O. Gilmore, Jr., Esq.
R. Edwin Lamberth, Esq.
Gilmore Law Firm
Post Office Box 729
Grove Hill, Alabama 36451

Re: *Tammy Denise Powell McCall v. General Motors LLC, et al.*
**Circuit Court of Hale County, Alabama**
**Case No. 36-CV-2016-900040.00**

Dear Counsel:

King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in connection with bankruptcy matters arising from lawsuits brought against New GM that involve vehicles manufactured by General Motors Corporation (n/k/a Motors Liquidation Company) ("**Old GM**"). For the reasons explained below, the Complaint filed in the above-referenced lawsuit violates the Sale Order and Injunction (defined below)[1] entered by the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"), as well as certain decisions and judgments entered by the Bankruptcy Court.[2] Because Plaintiff may only recover punitive damages in this lawsuit, and because such damages are legally barred as against New GM, the Complaint must be dismissed with prejudice.

While the Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 (as amended) ("**Sale Agreement**"), provides that New GM assumed Product Liabilities (as defined in the Sale Agreement, as amended) related to post-sale accidents involving Old GM

---

[1] The Sale Agreement was approved by an Order, dated July 5, 2009 ("**Sale Order and Injunction**") of the Bankruptcy Court, a copy of which is annexed hereto as **Exhibit "A."**

[2] *See In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015) ("**November 2015 Decision**"); and Judgment entered by the Bankruptcy Court on December 4, 2015 ("**December 2015 Judgment**"). A copy of the December 2015 Judgment is annexed hereto as **Exhibit "B."** While certain portions of the November 2015 Decision/December 2015 Judgment were appealed by some plaintiffs, the relevant rulings relied upon by New GM were not appealed and are final for purposes of Plaintiff's Complaint. *See also, e.g., In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2963374 (Bankr. S.D.N.Y. July 12, 2017) ("**July 2017 Decision**"); *In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 3835802 (Bankr. S.D.N.Y. August 31, 2017) ("**August 2017 Decision**").

DMSLIBRARY01\31373281.v3

Wyman O. Gilmore, Jr., Esq.
R. Edwin Lamberth, Esq.
November 14, 2017
Page 2

vehicles, the December 2015 Judgment expressly provides that the Sale Agreement did not provide for the assumption by New GM of punitive damages relating to Product Liabilities. Specifically, the December 2015 Judgment provides:

> New GM did not contractually assume liability for punitive damages from Old GM. Nor is New GM liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law. Therefore, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM.

December 2015 Judgment, ¶ 6.

In the July 2017 Decision, the Bankruptcy Court addressed certain threshold issues identified by the Bankruptcy Court in its Order to Show Cause, dated December 13, 2016 ("**December 2016 Show Cause Order**"). Your firm, on behalf of the Plaintiff, was timely served with the December 2016 Show Cause Order, and you did not object to the procedures set forth therein. Accordingly, your client is now bound by the rulings made in the July 2017 Decision. In that Decision, the Bankruptcy Court affirmed that "Post-Closing Accident Plaintiffs may not assert claims against New GM for punitive damages based on conduct of Old GM." July 2017 Decision, 2017 WL 2963374, at *11. The Bankruptcy Court further held that the rulings in the November 2015 Decision—that New GM did not contractually assume punitive damages—is the "law of the case and New GM cannot be held liable for punitive damages on a contractual basis." *Id.* at *7. The August 2017 Decision again confirmed that New GM did not assume liability for punitive damages from Old GM. August 2017 Decision, 2017 WL 3835802.[3]

Accordingly, as New GM did not assume punitive damages in connection with the sale from Old GM to New GM, and Plaintiff's only available remedy would be the imposition of punitive damages,[4] the Complaint must be dismissed as against New GM because it violates the Sale Order and Injunction, and the Bankruptcy Court's rulings.

*Please provide a written response to this letter by December 8, 2017.*

New GM reserves all of its rights regarding any continuing violations of the Bankruptcy Court's rulings.

---

[3] The Complaint also violates other Bankruptcy Court rulings. However, as the Complaint must be dismissed pursuant to the Bankruptcy Court's punitive damages rulings, it would only be cumulative to identify those other violations herein. New GM reserves all rights regarding those other violations.

[4] *See, e.g., Mack v. Carmack*, 79 So.3d 597, 605 (Sup. Ct. of Ala. 2011) ("our wrongful-death statutes provide for punitive damages to punish the tortfeasor"); *Trott v. Brinks, Inc.*, 972 So.2d 81, 84 (Sup. Ct of Ala. 2007) (in actions for wrongful death in Alabama, "the only recoverable damages are punitive damages intended to punish the tortfeasor for its actions—not to compensate the plaintiff").

Wyman O. Gilmore, Jr., Esq.
R. Edwin Lamberth, Esq.
November 14, 2017
Page 3

    If you have any questions, please call me.

                              Very truly yours,

                              */s/ Scott Davidson*

                              Scott Davidson

cc:    Mary Quinn Cooper, Esq.

SD/hs
Encl.

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

November 14, 2017

**VIA OVERNIGHT MAIL**
George M. "Marc" Keahey, Esq.
Keahey Law Office, LLC
Post Office Box 934
Grove Hill, Alabama 36451

Re:   *Kimberly Faith Bell v. General Motors LLC, et al.*
      **Circuit Court of Hale County, Alabama**
      **Case No. 36-CV-2016-900046.00**

Dear Counsel:

King & Spalding LLP is co-counsel with Kirkland & Ellis LLP for General Motors LLC ("**New GM**") in connection with bankruptcy matters arising from lawsuits brought against New GM that involve vehicles manufactured by General Motors Corporation (n/k/a Motors Liquidation Company) ("**Old GM**"). For the reasons explained below, the Complaint filed in the above-referenced lawsuit violates the Sale Order and Injunction (defined below)[1] entered by the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"), as well as certain decisions and judgments entered by the Bankruptcy Court.[2] Because Plaintiff may only recover punitive damages in this lawsuit, and because such damages are legally barred as against New GM, the Complaint must be dismissed with prejudice.

While the Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 (as amended) ("**Sale Agreement**"), provides that New GM assumed Product Liabilities (as defined in the Sale Agreement, as amended) related to post-sale accidents involving Old GM vehicles, the December 2015 Judgment expressly provides that the Sale Agreement did not provide

---

[1] The Sale Agreement was approved by an Order, dated July 5, 2009 ("**Sale Order and Injunction**") of the Bankruptcy Court, a copy of which is annexed hereto as **Exhibit "A."**

[2] *See In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015) ("**November 2015 Decision**"); and Judgment entered by the Bankruptcy Court on December 4, 2015 ("**December 2015 Judgment**"). A copy of the December 2015 Judgment is annexed hereto as **Exhibit "B."** While certain portions of the November 2015 Decision/December 2015 Judgment were appealed by some plaintiffs, the relevant rulings relied upon by New GM were not appealed and are final for purposes of Plaintiff's Complaint. *See also, e.g., In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 2963374 (Bankr. S.D.N.Y. July 12, 2017) ("**July 2017 Decision**"); *In re Motors Liquidation Co.*, Case No. 09-50026 (MG), 2017 WL 3835802 (Bankr. S.D.N.Y. August 31, 2017) ("**August 2017 Decision**").

DMSLIBRARY01\31373411.v3

George M. "Marc" Keahey, Esq.
November 14, 2017
Page 2

for the assumption by New GM of punitive damages relating to Product Liabilities. Specifically, the December 2015 Judgment provides:

> New GM did not contractually assume liability for punitive damages from Old GM. Nor is New GM liable for punitive damages based on Old GM conduct under any other theories, such as by operation of law. Therefore, punitive damages may not be premised on Old GM knowledge or conduct, or anything else that took place at Old GM.

December 2015 Judgment, ¶ 6.

In the July 2017 Decision, the Bankruptcy Court addressed certain threshold issues identified by the Bankruptcy Court in its Order to Show Cause, dated December 13, 2016 ("**December 2016 Show Cause Order**"). Your firm, on behalf of the Plaintiff, was timely served with the December 2016 Show Cause Order, and you did not object to the procedures set forth therein. Accordingly, your client is now bound by the rulings made in the July 2017 Decision. In that Decision, the Bankruptcy Court affirmed that "Post-Closing Accident Plaintiffs may not assert claims against New GM for punitive damages based on conduct of Old GM." July 2017 Decision, 2017 WL 2963374, at *11. The Bankruptcy Court further held that the rulings in the November 2015 Decision—that New GM did not contractually assume punitive damages—is the "law of the case and New GM cannot be held liable for punitive damages on a contractual basis." *Id.* at *7. The August 2017 Decision again confirmed that New GM did not assume liability for punitive damages from Old GM. August 2017 Decision, 2017 WL 3835802.[3]

Accordingly, as New GM did not assume punitive damages in connection with the sale from Old GM to New GM, and Plaintiff's only available remedy would be the imposition of punitive damages,[4] the Complaint must be dismissed as against New GM because it violates the Sale Order and Injunction, and the Bankruptcy Court's rulings.

*Please provide a written response to this letter by December 8, 2017.*

New GM reserves all of its rights regarding any continuing violations of the Bankruptcy Court's rulings.

---

[3]  The Complaint also violates other Bankruptcy Court rulings. However, as the Complaint must be dismissed pursuant to the Bankruptcy Court's punitive damages rulings, it would only be cumulative to identify those other violations herein. New GM reserves all rights regarding those other violations.

[4]  *See, e.g., Mack v. Carmack*, 79 So.3d 597, 605 (Sup. Ct. of Ala. 2011) ("our wrongful-death statutes provide for punitive damages to punish the tortfeasor"); *Trott v. Brinks, Inc.*, 972 So.2d 81, 84 (Sup. Ct of Ala. 2007) (in actions for wrongful death in Alabama, "the only recoverable damages are punitive damages intended to punish the tortfeasor for its actions—not to compensate the plaintiff").

George M. "Marc" Keahey, Esq.
November 14, 2017
Page 3

    If you have any questions, please call me.

Very truly yours,

/s/ *Scott Davidson*

Scott Davidson

cc:    Mary Quinn Cooper, Esq.

SD/hs
Encl.