# Exhibit E



Wyman O. Gilmore (1926-1988)
Wylynn Gilmore Phillippi
Wyman O. Gilmore, Jr.*
Lamar C. Johnson
R. Edwin Lamberth**
Willam R. Phillippi, III

Of Counsel:
Hardie B. Kimbrough

*Admitted in Alabama and Tennessee
**Admitted in Alabama and Mississippi

January 23, 2018

Mr. Scott Davidson
KING & SPALDING, LLP
1185 Avenue of the Americas
New York, New York 10036-4003

Re: Tammy Denis Powell McCall v. General Motors, LLC, et al
Case No. 36-CV-2016-900040 in the Circuit Court of Hale County, Alabama

Dear Mr. Davidson:

In response to your letter dated November 14, 2017, regarding the above-referenced case and your request that we dismiss that case based on the recent ruling, we refuse your request.

As you may recall, in the process of preparing for a ruling on the Threshold Issues, your firm, on behalf of GM, told the Court that the issue whether New GM was liable for Alabama wrongful death claims for Old GM-manufactured cars was "not one of the 2016 Threshold Issues," and, therefore, should not be heard. The Court agreed, and denied an Alabama lawyer's request to file a brief on the issue. Notably, the Court agreed with GM's argument and representation that this issue was not part of the issues under consideration. As such, the Court's July Order obviously did not decide the issue presented in this case. We attach the letters and the Court's prior Order in order to refresh your recollection.

Further, it is clear that new GM did accept liability for all wrongful death claims which arose after the Sale Order and which were caused by old GM-manufactured cars. The Sale Order did not exclude Alabama wrongful death claims. Thus, new GM may be held liable for old GM-manufactured car defects causing injury or death after the Sale Order.

For these reasons, and others which we may assert at a later time, we will not be dismissing our Complaint in the above-referenced case.

Sincerely,

R. Edwin Lamberth

REL/jlp

Enclosures



Attorneys

Robert F. Prince
R. Matt Glover
Joshua P. Hayes
G. Coe Baxter
D. Blake Williams

Areas of Practice

Personal Injury
Insurance Fraud
Environmental Law
Wrongful Death

Chief Investigator

Ken W. Swindle
*Chief of Police, retired*

1 Cypress Point
701 Rice Mine Road N.

P.O. Box 20149
(35402)

Tuscaloosa, AL 35406

205.345.1234

Fax 205.752.6313

Toll Free
800.536.1105

www.princelaw.net

www.princegloverblog.com

West Alabama Office
104 Main Street
Eutaw, AL 35469

*"Seek justice,
encourage the
oppressed. Defend
the cause of the
fatherless,
plead the case of
the widow."
Isaiah 1:17 NIV*

Members
Alabama Association
for Justice

Dena Prince
of Counsel

February 5, 2018

Scott Davidson, Esquire
KING & SPALDING, LLP
1185 Avenue of the Americas
New York, NY 10036-4003

      RE:    **Kimberly Bell aka Kimberly McCall, et al. v. General Motors, LLC, et al.;**
             **In The Circuit Court of Hale County, Alabama; CV-2016-900046**

Dear Mr. Davidson:

I, along with Marc Keahey, represent Kimberly McCall in the above reference case. I wanted to respond to your letter to Mr. Keahey dated November 14, 2017, regarding the above-referenced case and your request that we dismiss that case based on the recent ruling, we refuse your request.

As you may recall, in the process of preparing for a ruling on the Threshold Issues, your firm, on behalf of GM, told the Court that the issue whether New GM was liable for Alabama wrongful death claims for Old GM-manufactured cars was "not one of the 2016 Threshold Issues," and, therefore, should not be heard. The Court agreed, and denied an Alabama lawyer's request to file a brief on the issue. Notably, the Court agreed with GM's argument and representation that this issue was not part of the issues under consideration. As such, the Court's July Order obviously did not decide the issue presented in this case. We attach the letters and the Court's prior Order in order to refresh your recollection.

Further, it is clear that new GM did accept liability for all wrongful death claims which arose after the Sale Order and which were caused by old GM-manufactured cars. The Sale Order did not exclude Alabama wrongful death claims. Thus, new GM may be held liable for old GM-manufactured car defects causing injury or death after the Sale Order.

For these reasons, and others which we may assert at a later time, we will not be dismissing our Complaint in the above-referenced case.

Very Truly Yours,

Joshua P. Hayes

JPH/jt  
Enciosures

5077.10

cc: George M. "Marc" Keahey, Esquire