# Exhibit F

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

January 31, 2019

**VIA OVERNIGHT MAIL**
R. Edwin Lamberth, Esq.
Gilmore Law Firm
Post Office Box 729
Grove Hill, Alabama 36451

Re:     ***Tammy Denise Powell McCall v. General Motors LLC, et al.***
        **Circuit Court of Hale County, Alabama**
        <u>**Case No. 36-CV-2016-900040.00**</u>

Dear Counsel:

I previously sent you a letter, dated November 14, 2017 ("**New GM's November 2017 Letter**"),[1] explaining how the complaint filed in the above-referenced lawsuit violates the Sale Order and Injunction, along with certain decisions and judgments entered by the Bankruptcy Court. In your January 23, 2018 response, you asserted that New GM "did accept liability for all wrongful death claims which arose after the Sale Order and which were caused by old GM-manufactured cars. The Sale Order did not exclude Alabama wrongful death claims." Since our correspondence, additional legal developments have occurred that call for the dismissal of your claims.[2]

*First*, on May 29, 2018, the United States District Court for the Southern District of New York affirmed the Bankruptcy Court's July 2017 ruling that New GM did not assume liability for punitive damages due to accidents relating to Old GM vehicles where the punitive damages are based on Old GM conduct. *See In re Motors Liquidation Co.*, 590 B.R. 39, 61-64 (S.D.N.Y. 2018) ("In short, the Court affirms the Bankruptcy Court's decision precluding punitive damages claims against New GM based on Old GM conduct.").

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in New GM's November 2017 Letter.

[2]    Plaintiff has brought an Alabama wrongful death claim, on behalf of the Estate of Samuel Jerry McCall, as well as an individual personal injury claim on her own behalf. As discussed herein and in New GM's November 2017 Letter, the wrongful death claim cannot proceed. While the Plaintiff can seek compensatory damages from New GM on her individual personal injury claim (as such claim appears to be an assumed Product Liability, as defined by the Sale Agreement), she is barred from seeking punitive damages against New GM on such claim. New GM also disputes any and all liability for the individual personal injury claim and the request for compensatory damages.

R. Edwin Lamberth, Esq.
January 31, 2019
Page 2

*Second*, in *In re Old Carco LLC*, Case No. 09-50002 (SMB), 2018 WL 5761772 (Bankr. S.D.N.Y. Nov. 1, 2018), the Bankruptcy Court ruled that an Alabama plaintiff could not proceed with a wrongful death claim against New Chrysler when New Chrysler did not assume punitive damages claims as part of the bankruptcy court-approved sale with Old Chrysler. In rejecting plaintiff's claim under the Alabama Wrongful Death Act, the Bankruptcy Court ruled "the damages awarded under the Wrongful Death Act are still punitive damages, whether based on mere negligence or on more egregious wrongdoing, because they are intended to punish and deter rather than compensate." *Id*. at \*9. Accordingly, since New Chrysler did not assume punitive damages based on Old Chrysler conduct, the Bankruptcy Court enjoined the Alabama plaintiff from proceeding on its wrongful death claim against New Chrysler. *See id*. at \*13.

These decisions are directly applicable to your claims. The facts of both bankruptcy cases are, in all relevant respects, the same. Both debtors sold substantially all of their assets to a new entity, and both purchasers did not assume punitive damages based on the debtors' conduct. Neither the sale order nor the sale agreement in either case referenced an exception for wrongful death claims in Alabama.

Accordingly, please review these decisions and contact New GM's trial counsel, Michael Bell, Esq., to arrange a further telephonic conference to discuss next steps in your case, one of which could be a motion to enforce New GM's rights under the governing Sale Order. New GM continues to reserve its rights regarding any continued violations of the Bankruptcy Court's rulings.

Very truly yours,

Scott Davidson

cc:    Michael Bell, Esq.

SD/hs

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

January 31, 2019

**VIA OVERNIGHT MAIL**
Joshua P. Hayes, Esq.
The Law Firm of Prince Glover & Hayes
1 Cypress Point
701 Rice Mine Road N.
Tuscaloosa, Alabama 35406

> **Re:** ***Kimberly Bell a/k/a Kimberly McCall v. General Motors LLC, et al.***
> **Circuit Court of Hale County, Alabama**
> <u>**Case No. CV-2016-900046**</u>

Dear Counsel:

    I previously sent a letter to Marc Keahey (as counsel to Plaintiff), dated November 14, 2017 ("**<u>New GM's November 2017 Letter</u>**"),[1] explaining how the complaint filed in the above-referenced lawsuit violates the Sale Order and Injunction, along with certain decisions and judgments entered by the Bankruptcy Court. In your February 5, 2018 response (as co-counsel with Mr. Keahey), you asserted that New GM "did accept liability for all wrongful death claims which arose after the Sale Order and which were caused by old GM-manufactured cars. The Sale Order did not exclude Alabama wrongful death claims." Since our correspondence, additional legal developments have occurred that call for the dismissal of your claims.[2]

    *First*, on May 29, 2018, the United States District Court for the Southern District of New York affirmed the Bankruptcy Court's July 2017 ruling that New GM did not assume liability for punitive damages due to accidents relating to Old GM vehicles where the punitive damages are based on Old GM conduct. *See In re Motors Liquidation Co.*, 590 B.R. 39, 61-64 (S.D.N.Y. 2018)

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in New GM's November 2017 Letter.

[2]    Plaintiff has brought an Alabama wrongful death claim, on behalf of the Estate of Hannah Charity Foreman, as well as an individual personal injury claim on her own behalf. As discussed herein and in New GM's November 2017 Letter, the wrongful death claim cannot proceed. While the Plaintiff can seek compensatory damages from New GM on her individual personal injury claim (as such claim appears to be an assumed Product Liability, as defined by the Sale Agreement), she is barred from seeking punitive damages against New GM on such claim. New GM also disputes any and all liability for the individual personal injury claim and the request for compensatory damages.

Joshua P. Hayes, Esq.
January 31, 2019
Page 2

("In short, the Court affirms the Bankruptcy Court's decision precluding punitive damages claims against New GM based on Old GM conduct.").

*Second*, in *In re Old Carco LLC*, Case No. 09-50002 (SMB), 2018 WL 5761772 (Bankr. S.D.N.Y. Nov. 1, 2018), the Bankruptcy Court ruled that an Alabama plaintiff could not proceed with a wrongful death claim against New Chrysler when New Chrysler did not assume punitive damages claims as part of the bankruptcy court-approved sale with Old Chrysler.  In rejecting plaintiff's claim under the Alabama Wrongful Death Act, the Bankruptcy Court ruled "the damages awarded under the Wrongful Death Act are still punitive damages, whether based on mere negligence or on more egregious wrongdoing, because they are intended to punish and deter rather than compensate." *Id.* at *9.  Accordingly, since New Chrysler did not assume punitive damages based on Old Chrysler conduct, the Bankruptcy Court enjoined the Alabama plaintiff from proceeding on its wrongful death claim against New Chrysler. *See id.* at *13.

These decisions are directly applicable to your claims.  The facts of both bankruptcy cases are, in all relevant respects, the same.  Both debtors sold substantially all of their assets to a new entity, and both purchasers did not assume punitive damages based on the debtors' conduct. Neither the sale order nor the sale agreement in either case referenced an exception for wrongful death claims in Alabama.

Accordingly, please review these decisions and contact New GM's trial counsel, Michael Bell, Esq., to arrange a further telephonic conference to discuss next steps in your case, one of which could be a motion to enforce New GM's rights under the governing Sale Order.  New GM continues to reserve its rights regarding any continued violations of the Bankruptcy Court's rulings.

Very truly yours,

Scott Davidson

cc:    Michael Bell, Esq.

SD/hs