March 25, 2019

Page 1 of 3

Hon. Robert E. Gerber
U.S. Bankruptcy Court Judge
U.S. Bankruptcy Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

**RECEIVED**

**APR - 5 2019**

**U.S. BANKRUPTCY COURT, SDNY**

Re: In re Motors Liquidation Company f/k/a General Motors Corporation
    S.D.N.Y. Case No. 09-50026

Dear Honorable Gerber:

As far as I can tell Your Honor is one of the judges dealing with the above-referenced matter and I need to know some information and/or papers from the Court so I can file proceedings in the above-referenced matter but I do not know exactly what I have to do or how to do it.

General Motors Corporation filed for bankruptcy in 2009 which put an automatic stay on all litigation against the company and I did not find out about this until the beginning of March when I received a copy of the annexed court decision (Note: Because of my medical situation, being confined to a wheelchair and incarceration I was unable to obtain a copy of the court decision to submit with this letter so I typed out exactly what the judge stated in his decision)(see Page 3 of 3).

On May 1, 2017, I was severely injured in a Chevrolet 3500 Van because of defective product I filed a lawsuit in Wyoming County Supreme Court and I found out over a year later that there is an automatic stay from your court.

The Decision on Motion to Enforce Sale Order, In re Motors Liquidation Co., 529 BR 510, 533 (BR S.D.N.Y. 4/15/15) states that Motors Liquidation Co. specifically agreed to assure all responsibility for any accidents or incidents giving rise to death, personal injury or property damage after the date of closing of the 11 USC 363 sale, irrespective of whether the vehicle was manufactured by General Motors Corporation or Motors Liquidation Company, see also Roberts v G.M. LLC, 2015 WL 7352277 at *1 (E.D. Missouri 11/20/2015).

Since the Chevrolet 3500 Van was manufactured in 2008, Motors Liquidation Company has accepted liability for any defects causing injury in the 2008 van.

I need to know if the automatic stay is still in effect and if so, does it apply to injuries that happened eight years after the bankruptcy filing?

When is the automatic stay going to be lifted and when will I be able to find out about it so I can continue my litigation?

Did this Court terminate, annul or modify the automatic stay allowing litigation for injuries that took place after the filing for bankruptcy so I can continue with my litigation?

How do I file a motion with this Court to modify the automatic stay so I can proceed with my lawsuit and/or file a claim against Motors Liquidation Company over my injuries in this Court so it will be a part of the bankruptcy proceeding?

Can I file a claim against Motors Liquidation Company in your Court at this time that is not subject to an automatic stay? If so, how do I go about doing it?

I do not have access to your Court's website to look any of this up. When I wrote to a couple lawyers advertising on television that they provide bankruptcy representation about this matter and asked questions, I never received any response from them.

I do not want to file incorrect papers in your court when I have no idea what I am doing in bankruptcy court and since I have no income I cannot afford to do so along with the fact that bankruptcy court proceedings are totally confusing to me.

There are probably numerous procedures and other issues I need to deal with relating to this issue but I do not know what they are and your Court knows the procedures and I will only find out by doing things incorrectly.

I would greatly appreciate any information, court papers to use as an outline, etc., relating to this matter from your Court since I know that the federal courts have forms for individuals to use to file litigation.

Thank you very much for your time and consideration in this matter.

Sincerely,

_Robert Cardew_
Robert Cardew
82-C-0739
Five Points Correctional Facility
6600 State Route 96, P.O. Box 119
Romulus, New York 14541-0119

Robert Cardew v Motors Liquidation Company f/k/a General Motors Corporation, Wyoming County Index No. 49735 (M. Mohun, J.)

    The above-named plaintiff, an inmate at the Attica Correctional Facility, having moved **pro se** and **ex parte** pursuant to CPLR 2302(b) for the issuance of several subpoenas compelling the attendance of certain witnesses, including himself, at the inquest to determine damages in this case scheduled to occur on April 16, 2019, at 11:00 a.m., and said motion having duly come on to be heard.

    NOw, upon the notice of motion dated February 19, 2019, supported by the affidavits of the plaintiff, sworn to on February 19, 2019, together with the annexed exhibits, and upon taking judicial notice of the existence of a pending bankruptcy case involving the defendant, the following decision is rendered.

    It has come to the Court's attention that the defendant in this case is the debtor in a pending bankruptcy filed June 1, 2009, in the United States Bankruptcy Court of the Southern District of New York. The Court notes that this bankruptcy case has generated a substantial amount of litigation in the Federal Courts (see, for instance, In re Motors Liquidation Company, unreported slip opinion, 2019 WL 387334 [January 29, 2019], and In the Matter of Motors Liquidation Company, 829 F.3d 135 [2nd Cir. 2016]). In any event, the plaintiff's claim is clearly subject to the automatic stay provided by statute (11 USC § 362[a]). Indeed, "the clear language of the Bankruptcy Code prohibited the filing of a complaint against defendant during the pendency of the bankruptcy action" (Storini v Hortiales, 16 AD3d 1110, 1110 [4th Dept. 2005]). Also, all of the actions taken so far by this Court pursuant to the plaintiff's complaint - including the granting of a default judgment on February 6, 2019 - are "void ab initio" because they were done while the automatic stay was in effect (Levant v National Car Rental, Inc., 33 AD3d 367, 368 [3rd Dept. 2006]). Moreover, only the bankruptcy court may grant relief from the automatic stay (id.). Accordingly, the Court must deny the instant motion. No further actions will be taken by the Court in this case until the plaintiff can demonstrate that the stay has been lifted and that his claims have not been discharged or foreclosed as a result of the bankruptcy.

    NOW, THEREFORE, it is hereby

    ORDERED that the plaintiff's motion for judicial subpoenas is denied, and it is further

    ORDERED that the inquest scheduled for April 16, 2019, is postponed indefinitely and all other proceedings in this case are stayed until further order of the Court.

Dated. March 1, 2019