# Exhibit B

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

April 22, 2019

Mr. Robert Cardew
82-C-0739
Five Points Correctional Facility
6600 State Route 96
P.O. Box 119
Romulus, New York 14541-0119

Re: ***In re Motors Liquidation Company***
Case No. 09-50026 (MG)

### Response to Letter dated April 15, 2019

Dear Mr. Cardew:

This letter is in response to your letter dated April 15, 2019 to my colleague Arthur Steinberg.

Please note that King & Spalding LLP is counsel for General Motors LLC ("**GM LLC**"), the entity that purchased assets and assumed certain liabilities of General Motors Corporation (also known as Motors Liquidation Company) in connection with a sale ("**Sale**") that was approved in the Motors Liquidation Company's bankruptcy case in July 2009. King & Spalding does not represent, and has never represented Motors Liquidation Company, f/k/a General Motors Corporation ("**Old GM**"), the entity you have sued. MLC dissolved in December 2011, whereupon its assets and liabilities were then transferred to the Motors Liquidation Company General Unsecured Creditor Trust. The contact information for counsel for the Motors Liquidation Company General Unsecured Creditors Trust ("**MLC GUC Trust**") is: Kristen Going, Esq., Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor, New York, New York 10036-2714, (212) 248-3140.

Please also note that King & Spalding does not represent you and, therefore, it cannot give you legal advice. With that said, I can tell you that, in connection with the Sale, GM LLC did assume compensatory damages for Product Liabilities (as defined in the Sale Agreement) arising from accidents involving vehicles manufactured by Old GM that occurred after the closing of the Sale (*i.e.*, July 10, 2009). However, while GM LLC did assume Product

Mr. Robert Cardew
April 22, 2019
Page 2

Liabilities, that does not mean it is liable in connection with any Product Liabilities; GM LLC will defend against any Product Liabilities brought against it.

In addition, while GM LLC assumed compensatory damages for Product Liabilities (if ultimately proven), the Bankruptcy Court has found on a number of occasions that GM LLC did not assume punitive damages based on Old GM conduct. *See, e.g., In re Motors Liquidation Co.*, 571 B.R. 565, 580 (Bankr. S.D.N.Y. 2017) ("Post-Closing Accident Plaintiffs may not assert claims against New GM for punitive damages based on conduct of Old GM."); *In re Motors Liquidation Co.*, 576 B.R. 313, 323-24 (Bankr. S.D.N.Y. 2017) (same). Accordingly, a plaintiff asserting Product Liabilities against GM LLC can only seek compensatory damages against GM LLC, and not punitive damages.

In your letter, you raise a number of questions regarding the Old GM bankruptcy case and the application of the automatic stay. Those questions are best directed to the MLC GUC Trust and Ms. Going.

Very truly yours,

Scott Davidson

SD/hs

cc:    Kristen Going, Esq.