**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

                                    Debtors.
------------------------------------------------------------------x
MOTORS LIQUIDATION COMPANY AVOIDANCE
ACTION TRUST, by and through the Wilmington Trust
Company, solely in its capacity as Trust Administrator and
Trustee,

                                    Plaintiff,

      against

JPMORGAN CHASE BANK, N.A., *et al.*,

                                    Defendants.
------------------------------------------------------------------x

Chapter 11

Case No. 09-50026 (MG)
(Jointly Administered)

Adversary Proceeding

Case No. 09-00504 (MG)

**DECLARATION OF ARTHUR J. GONZALEZ IN SUPPORT OF MOTION OF
MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST
FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 9019
APPROVING THE SETTLEMENT BETWEEN THE PARTIES**

I, Arthur J. Gonzalez, declare as follows:

      1.      I am the trust monitor (the "**Trust Monitor**") of the Motors Liquidation Company Avoidance Action Trust (the "**AAT**"), and I have served in that role since the Bankruptcy Court approved my appointment on June 19, 2015. Bankr. Dkt. 13229. I make this declaration in support of the AAT's motion (the "**Motion**") seeking Bankruptcy Court approval of the global settlement agreement (the "**Settlement Agreement**") resolving all claims asserted in the above-captioned adversary proceeding (the "**Term Loan Avoidance Action**"), including

all claims asserted by the AAT and all cross-claims asserted by defendants as described in the Settlement Agreement.

2.      In addition to acting as the Trust Monitor, and among other professional commitments, I am currently a Senior Fellow at New York University School of Law, where I teach courses in bankruptcy law. I previously served as a United States Bankruptcy Judge in this District for nearly seventeen years.

3.      As Trust Monitor, in accordance with Section 11.1 of the Fourth Amended and Restated Motors Liquidation Company Avoidance Action Trust Agreement (the "**Trust Agreement**"), I oversee the activities of Wilmington Trust Company, as trust administrator for the AAT (the "**Trust Administrator**"). Under Section 11.3 of the Trust Agreement, the Trust Administrator's decision to settle the Term Loan Avoidance Action requires my approval.

4.      Since my appointment as Trust Monitor, I have worked closely with the Trust Administrator and Binder & Schwartz LLP, the AAT's counsel, with respect to the AAT's prosecution of the Term Loan Avoidance Action. I was involved in the effort to reach an overall negotiated resolution of the Term Loan Avoidance Action. Among other things, my involvement included participating in three mediation sessions held on December 12, 2017, December 13, 2017 and February 14, 2018, and the final two mediation sessions held on January 21 and January 30, 2019. These last two mediation sessions led to the agreement in principle reflected in the Settlement Agreement. In addition to the above, I also was kept apprised of all other mediation and settlement efforts by the AAT's counsel.

5.      The Trust Administrator, in consultation with counsel and with me, has concluded that the proposed settlement is in the best interests of the AAT's beneficiaries and has decided to enter into the Settlement Agreement to resolve the Term Loan Avoidance

Action. As described in detail in the Motion, the AAT's decision to enter into the Settlement Agreement was made after careful evaluation of the risks of not settling at this time and is the product of many months of arduous negotiations, in which I participated. The continued prosecution of the Term Loan Avoidance Action to a litigated conclusion would impose significant delays, costs and litigation risks. On the other hand, the Settlement Agreement will eliminate all of those delays, costs, and risks, and will allow the AAT to make a substantial distribution to its beneficiaries after paying in full all of its obligations to its government and private funders. Accordingly, I have concluded that the settlement is in the best interests of the AAT's beneficiaries, and I approve of the Trust Administrator's decision to enter into the settlement.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: May 8, 2019

*[signature]*
Arthur J. Gonzalez