# Exhibit B

**EXECUTION VERSION**

## SETTLEMENT AGREEMENT

### PREAMBLE

This SETTLEMENT AGREEMENT dated as of April 10, 2019 (the "Settlement Agreement") is entered into by and among the Motors Liquidation Company Avoidance Action Trust (the "AAT"), the Motors Liquidation Company GUC Trust (the "GUC Trust"), each of the defendants in the Term Loan Avoidance Action (including, without limitation, any other Person that is a successor to, designee, assignee or former manager of, or other Person related to a Term Lender defendant that becomes a Party as contemplated by Section 11(c)) that is listed on Schedule 1 hereto (each a "Term Lender Party," and collectively, the "Term Lender Parties"), including, without limitation, JPMorgan Chase Bank, N.A., in its individual capacity and as administrative agent (in both such capacities, "JPMorgan") under a Term Loan Agreement dated as of November 29, 2006 and amended from time to time (the "Term Loan Agreement"), and Simpson Thacher & Bartlett LLP ("STB") (each a "Party," and collectively, the "Parties"). Reference is made to Section 1 below for the meaning of certain capitalized terms used herein without definition.

### RECITALS

**WHEREAS**, pursuant to the Term Loan Agreement, JPMorgan and a syndicate of lenders (each such lender, together with its successors and assigns, a "Term Lender") made General Motors Corporation ("Old GM") an approximately $1.5 billion seven-year term loan (the "Term Loan") that, pursuant to a collateral agreement dated as of November 29, 2006, was secured by, among other things, equipment and fixtures in certain of Old GM's and Saturn Corporation's United States manufacturing facilities (the "Collateral"), which security interest was perfected by the filing of multiple UCC-1 financing statements and fixture filings;

**WHEREAS**, commencing on June 1, 2009 (the "Petition Date"), Old GM and certain of its successors and affiliates, including Motors Liquidation Company, MLC of Harlem, Inc., MLCS, LLC, MLCS Distribution Corporation, Remediation and Liability Management Company, Inc., and Environmental Corporate Remediation Company, Inc. (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

**WHEREAS**, on the Petition Date, the Debtors also filed a motion seeking approval to sell substantially all of their assets to a Government-sponsored entity in an expedited sale under Section 363 of the Bankruptcy Code (the "363 Sale");

**WHEREAS**, on June 25, 2009, the Bankruptcy Court entered the Final Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving a DIP Credit Facility and Authorizing the Debtors to Obtain Post-Petition Financing Pursuant Thereto, (B) Granting Related Liens and Super-Priority Status, (C) Authorizing the Use of Cash Collateral and (D) Granting Adequate Protection to Certain Pre-Petition Secured Parties (the "DIP Order");

**WHEREAS**, the DIP Order, among other things, approved $18.3 billion of debtor-in-possession financing from the United States Department of Treasury and Export Development

Canada (jointly, the "DIP Lenders"), authorized Old GM to repay the Term Loan in full, and expressly preserved the right of the Official Committee of Unsecured Creditors (the "Committee") to both investigate and bring actions with respect to the perfection of the Term Lenders' first priority liens;

WHEREAS, on June 30, 2009, Old GM paid $1,481,656,507.70 to JPMorgan, in its capacity as administrative agent under the Term Loan Agreement, which funds JPMorgan thereafter distributed to the Term Lenders of record as of June 30, 2009 in full payment of all amounts then outstanding under the Term Loan Agreement (the "Term Loan Repayment");

WHEREAS, on July 5, 2009, the Bankruptcy Court approved the 363 Sale and entered a modified final DIP financing order, revised to address the Debtors' financing needs during the post-363 Sale "wind-down" of the Debtors' chapter 11 case ("Wind-Down Financing Order");

WHEREAS, the 363 Sale closed on July 10, 2009;

WHEREAS, on July 31, 2009, the Committee initiated an adversary proceeding, and, pursuant to an order of the Bankruptcy Court, served JPMorgan but not the other Term Lenders, seeking to avoid the Term Loan Repayment based on the alleged termination of a Delaware UCC-1 financing statement (the "Delaware UCC-1"), which avoidance action is styled *Motors Liquidation Company Avoidance Action Trust* v. *JPMorgan Chase Bank, N.A. et al.*, Adv. Proc. No. 09-00504 (Bankr. S.D.N.Y.) (the "Term Loan Avoidance Action"), and which termination was contested by JPMorgan as unauthorized and ineffective;

WHEREAS, on March 29, 2011, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Debtors' Second Amended Joint Chapter 11 Plan (the "Plan");

WHEREAS, the effective date of the Plan was March 31, 2011, and the Plan provided for, among other things, establishing the AAT;

WHEREAS, on December 15, 2011, prosecution of the Term Loan Avoidance Action was transferred from the Committee to the AAT;

WHEREAS, on January 21, 2015, the United States Court of Appeals for the Second Circuit held that the Delaware UCC-1 had been effectively terminated (at least as to JPMorgan) and, accordingly, did not perfect the Term Lenders' security interest with respect to any of the Collateral purported to be covered thereby as of the Petition Date;

WHEREAS, on May 20, 2015, the AAT, as successor to the Committee, filed an amended complaint against JPMorgan and other Term Lenders seeking, among other things, to avoid the Term Loan Repayment to the extent the amount of the Term Loan Repayment exceeded the value of the Collateral as to which the security interest remained perfected by other UCC-1 financing statements and fixture filings;

WHEREAS, certain Term Lender Parties (the "Cross-Claimants") thereafter filed or agreed to toll the statute of limitations for cross-claims against JPMorgan (the "Cross-Claims") seeking, among other things, to recover from JPMorgan any amount that the AAT ultimately

recovers from the Cross-Claimants in the Term Loan Avoidance Action and their respective costs of defending the Term Loan Avoidance Action;

**WHEREAS**, on September 26, 2017, after a two-week trial, the Bankruptcy Court issued an opinion with respect to certain of the disputes in the Term Loan Avoidance Action;

**WHEREAS**, in the ensuing months, the AAT, those of the Term Lender Parties that are represented by Wachtell, Lipton, Rosen & Katz; Kelley Drye & Warren LLP; Munger, Tolles & Olson LLP; Jones Day; Davis Polk & Wardwell LLP; Kasowitz Benson Torres LLP; and Hahn & Hessen LLP (such law firms together, the "Defendants Steering Committee Counsel"), and other Parties and Persons engaged in a series of mediation sessions in an attempt to reach a global resolution of all disputes and potential disputes among them arising out of and/or related to the Term Loan Avoidance Action, including without limitation the Cross-Claims and the Delaware Actions;

**WHEREAS**, on February 1, 2019, AAT Counsel and the Defendants Steering Committee Counsel notified the Bankruptcy Court that the Parties they represent had reached an agreement in principle that will resolve all of the disputes in and related to the Term Loan Avoidance Action, including without limitation the Cross-Claims and the Delaware Actions, subject to definitive settlement documentation and Bankruptcy Court approval;

**WHEREAS**, on February 1, 2019, the Bankruptcy Court entered an Order Staying All Deadlines in the Term Loan Avoidance Action to "allow the parties to focus on finalizing the settlement agreement until further notice from the Court," Case No. 09-00504-mg at Dkt. 1169;

**WHEREAS**, pursuant to the DIP Order and the Wind-Down Financing Order, the GUC Trust reimbursed certain costs incurred by JPMorgan, in its capacity as administrative agent under the Term Loan Agreement, in defending the Term Loan Avoidance Action;

**WHEREAS**, the GUC Trust used funds provided by the DIP Lenders to reimburse those costs incurred by JPMorgan in defending the Term Loan Avoidance Action;

**WHEREAS**, the DIP Lenders and the GUC Trust assert that they may have claims against JPMorgan for repayment of those reimbursements, and JPMorgan asserts that it may be entitled to reimbursement from the GUC Trust in respect of additional costs of defense; and

**WHEREAS**, the Parties desire to provide for the global resolution of all of their disputes and potential disputes by entering into this Settlement Agreement on the terms and conditions set forth below, including the mutual releases with the DIP Lenders described below;

**NOW, THEREFORE**, in consideration of the above recitals and the promises and mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

**TERMS AND CONDITIONS**

1. **Defined Terms.** In this Settlement Agreement, the following terms shall have the following respective meanings:

"AAT" has the meaning set forth in the Preamble.

"AAT Administrator" means Wilmington Trust Company in its capacity as trust administrator and trustee under the AAT Agreement (together with any successor appointed under the terms of the AAT Agreement).

"AAT Agreement" means the Fourth Amended and Restated Motors Liquidation Company Avoidance Action Trust Agreement, dated as of February 25, 2019, as it may be amended from time to time, by and among Wilmington Trust Company, as trust administrator and trustee of the Motors Liquidation Company Avoidance Action Trust, and Arthur J. Gonzalez, as trust monitor.

"AAT Counsel" means Binder & Schwartz LLP.

"AAT Proposed Orders of Dismissal" means, together, (i) a duly executed proposed order of dismissal with prejudice of all of the AAT's claims in the Term Loan Avoidance Action in the form of Exhibit B to this Settlement Agreement, and (ii) joint stipulations of dismissal with prejudice of all of the AAT's claims in the Delaware Actions in the form of Exhibit C to this Settlement Agreement.

"AAT Settlement Account" means the following account:

| | |
|---|---|
| Account Name: | AAT Distributable Trust Assets Acct. |
| Bank Name and Address: | Wilmington Trust Company<br>1100 N. Market Street<br>Wilmington, Delaware 19890-0100 |
| ABA / Routing Number: | 031100092 |
| Account Number: | ███████ |

"AAT Settlement Funding Agreements" has the meaning set forth in Section 5(a).

"AAT Settlement Payment" means the sum of $231,000,000 (two hundred and thirty-one million dollars) to be paid to the AAT on behalf of the Term Lender Parties in accordance with Section 2.

"Actions" means all claims, including without limitation indemnification and subrogation claims, objections to claims, causes of action, avoidance actions, setoff challenges, debts, obligations, rights, suits, damages, actions, interests, remedies, fees, costs, expenses and liabilities, whether asserted or unasserted, known or unknown, foreseen or unforeseen, suspected or unsuspected, liquidated or unliquidated, contingent or fixed,

accrued or unaccrued, state or federal, currently existing or hereafter arising, in law, contract, equity or otherwise, including without limitation all claims for prepetition, postpetition, postconfirmation, prejudgment and postjudgment interest and all appeal rights.

"Additional Defense Costs" means, to the extent allowed in accordance with Section 11, (i) for any Required Term Lender Party, the reasonable and actual attorney fees, expert fees, and other litigation costs incurred as of December 31, 2018 by an outside law firm that is not a member of the Defendants Steering Committee Counsel on behalf of such Required Term Lender Party in connection with the Term Loan Avoidance Action or the Delaware Actions, and (ii) for each Additional Term Lender Party, any reasonable and actual attorney fees, expert fees, and other litigation costs incurred as of December 31, 2018 by outside counsel that filed a pleading on behalf of such Additional Term Lender Party in connection with the Term Loan Avoidance Action or the Delaware Actions prior to December 31, 2018.

"Additional Term Lender Parties" means Term Lenders that are not Defendants Steering Committee Clients but have become Term Lender Parties pursuant to Section 11.

"Additional Term Lender Party Deadline" means the Business Day that is five (5) Business Days prior to the date on which the first scheduled Approval Hearing is scheduled to start.

"Agreed Allocation" has the meaning set forth in Section 4(e).

"Allowed AAT Claims" has the meaning set forth in Section 4(d).

"Allowed GUC Trust Claims" has the meaning set forth in Section 4(c).

"Allowed TL Claims" means the Allowed GUC Trust Claims and Allowed AAT Claims.

"Approval Hearing" means the hearing in the Bankruptcy Court with respect to the Approval Motion.

"Approval Motion" has the meaning set forth in Section 4(b)(i).

"Approval Order" shall mean an order in the form of the Proposed Approval Order entered by the Bankruptcy Court approving this Settlement Agreement or, if applicable, such an order in different form that has become the Approval Order pursuant to Section 4(i).

"Bankruptcy Code" means Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

"Bankruptcy Court" has the meaning set forth in the Recitals.

"Business Day" means any day that (i) is not a Saturday or Sunday and (ii) is a day on which banks are open for business in New York City.

"Capital Providers" has the meaning set forth in the AAT Agreement.

"Capital Provider Release" means a release by a Capital Provider in the form of Exhibit F to this Settlement Agreement.

"Chapter 11 Cases" has the meaning set forth in the Recitals.

"Closing Certificate" has the meaning set forth in Section 9(b).

"Collateral" has the meaning set forth in the Recitals.

"Committee" has the meaning set forth in the Recitals.

"Confidential Material" means the AAT Settlement Funding Agreements, any Proof of Funding, the identity of each Payor and each Payor's respective contribution toward the AAT Settlement Payment.

"Confirmation Order" has the meaning set forth in the Recitals.

"Consent Group" means the AAT, the GUC Trust, STB, and each law firm that is a member of the Defendants Steering Committee Counsel on behalf of its client or clients.

"Court Order" has the meaning set forth in Section 4(i).

"Cross-Claimants" has the meaning set forth in the Recitals.

"Cross-Claims" has the meaning set forth in the Recitals.

"Debtors" has the meaning set forth in the Recitals.

"Defendants Steering Committee Client" means any Term Lender that is or was represented by Defendants Steering Committee Counsel.

"Defendants Steering Committee Counsel" has the meaning set forth in the Recitals.

"Defense Costs" means the Initial Defense Costs and the Additional Defense Costs.

"Delaware Actions" means the actions commenced by the AAT against Oaktree Loan Fund, L.P. and SSS Funding II, LLC in the Delaware Court of Chancery, styled *Motors Liquidation Company Avoidance Action Trust* v. *Oaktree Loan Fund, L.P.*, C.A. No. 12191-VCS (Del. Ch.), and *Motors Liquidation Company Avoidance Action Trust* v. *SSS Funding II, LLC*, C.A. No. 12248-VCS (Del. Ch.).

"Delaware UCC-1" has the meaning set forth in the Recitals.

"DIP Lender Release" means a mutual release among the DIP Lenders, JPMorgan and STB in the form of Exhibit E to this Settlement Agreement.

"DIP Lenders" has the meaning set forth in the Recitals.

"DIP Order" has the meaning set forth in the Recitals.

"Dissolved DSC Term Lender" means a Dissolved Term Lender that, at the time of the Term Loan Repayment, was affiliated with a Defendants Steering Committee Client or its manager.

"Dissolved Term Lender" means any Term Lender that is no longer extant as of the Effective Time.

"Effective Time" means the time and date on which the wire transfer(s) contemplated by Section 2(a) are completed and the AAT has received confirmation of such wire transfer(s).

"Fee Examiner" means Diana Goldberg Adams, who shall be responsible for determining disputes over invoices for Additional Defense Costs submitted by Term Lender Parties pursuant to Section 11(e).

"Fee Examiner Fee" means the Fee Examiner's flat fee payment of $30,000.

"Final Execution Date" means the Additional Term Lender Party Deadline or, if applicable, such later Business Day that has become the Final Execution Date pursuant to Section 8(b).

"Final Closing Conditions" has the meaning set forth in Section 9(a).

"Final Order" means an order or judgment of the Bankruptcy Court or other court of competent jurisdiction with respect to the applicable subject matter (a) which has not been reversed, stayed, modified, or amended, and as to which any right to appeal or seek certiorari, review, reargument, stay, or rehearing has expired, and as to which no appeal or petition for certiorari, review, reargument, stay, or rehearing is pending, or (b) as to which an appeal has been taken or petition for certiorari, review, reargument, stay, or rehearing has been filed and (i) such appeal or petition for certiorari, review, reargument, stay, or rehearing has been resolved by the highest court to which the order or judgment was appealed or from which certiorari, review, reargument, stay, or rehearing was sought or (ii) the time to appeal further or seek certiorari, review, reargument, stay, or rehearing has expired and no such further appeal or petition for certiorari, review, reargument, stay, or rehearing is pending.

"GUC Trust" has the meaning set forth in the Preamble.

"GUC Trust Administrator" means Wilmington Trust Company, in its capacity as trust administrator and trustee under the GUC Trust Agreement (together with any successor appointed under the terms of the GUC Trust Agreement).

"<u>GUC Trust Agreement</u>" means the Second Amended and Restated Motors Liquidation Company GUC Trust Agreement, dated as of July 30, 2015, as it may be amended from time to time, among Wilmington Trust Company, as trust administrator and trustee of the Motors Liquidation Company GUC Trust, and FTI Consulting, Inc., as trust monitor.

"<u>Initial Defense Costs</u>" means, for each Required Term Lender Party, the reasonable and actual attorney fees, expert fees, and other litigation costs incurred as of December 31, 2018 by Defendants Steering Committee Counsel on behalf of such Required Term Lender Party in connection with the Term Loan Avoidance Action.

"<u>Initial Execution Date</u>" means the date on which (i) this Settlement Agreement shall have been executed and delivered by each of the AAT, the GUC Trust, STB, JPMorgan, and the other Initial Required Term Lenders; and (ii) the AAT Settlement Funding Agreements shall have been executed and delivered by each signatory thereto and be in full force and effect.

"<u>Initial Required Term Lenders</u>" means all of the extant Defendants Steering Committee Clients, except for extant Defendants Steering Committee Clients that received in the aggregate no more than $10,000,000 (or such greater amount and/or such other Term Lenders as may be agreed by each of JPMorgan and STB in its sole discretion) of the Term Loan Repayment or interest payments that were sought to be recovered in the Term Loan Avoidance Action.

"<u>Initial Required Term Lender Parties</u>" means, collectively, (i) the Initial Required Term Lenders and (ii) any other Person that delivers an executed signature page on or before the Initial Execution Date that is a successor to, designee, assignee or former manager of, or other Person related to either an Initial Required Term Lender or a Dissolved DSC Term Lender, all as set forth on Schedule 1 hereto.

"<u>JPMorgan</u>" has the meaning set forth in the Preamble.

"<u>Law Firm Trust Account</u>" means a law firm trust account of STB, counsel for an STB Insurer, or another Party designated by the Consent Group into which a Payor shall deposit its respective share of the AAT Settlement Payment.

"<u>Net Proceeds Counter-Party</u>" means any Person, including such Person's successors and assigns, that (i) is not a Term Lender and (ii) is a counter-party to a Net Proceeds Transaction with any Term Lender that closed or settled on or after June 30, 2009.

"<u>Net Proceeds Transaction</u>" means a net proceeds claim transfer transaction whereby a Term Lender transferred, in whole or in part, its right to receive the proceeds of the Term Loan Repayment.

"<u>New York Court</u>" has the meaning set forth in Section 19.

"<u>Non-JPMorgan Term Lender Parties</u>" means all of the Term Lender Parties except for JPMorgan.

"Non-Party" means any Person that is not a Party.

"Non-Party Releases" means the Capital Provider Releases, the DIP Lender Release and the STB Insurer Release.

"Non-Party Term Lender" means a Term Lender that is not a Party to this Settlement Agreement.

"Notice of Termination" has the meaning set forth in Section 10(b).

"Old GM" has the meaning set forth in the Recitals.

"Party" has the meaning set forth in the Preamble.

"Payors" means the Persons funding the AAT Settlement Payment pursuant to the AAT Settlement Funding Agreements.

"Person" means an individual, partnership, corporation (including a business trust), joint stock company, estate, trust, limited liability company, unincorporated association, joint venture or other entity, or a government or political subdivision or any agency, department or instrumentality thereof.

"Petition Date" has the meaning set forth in the Recitals.

"Plan" has the meaning set forth in the Recitals.

"Pre-Hearing Conditions" has the meaning set forth in Section 8(a).

"Previously Reimbursed Fees and Expenses" means the $31,533,170 heretofore paid by Old GM and the GUC Trust to reimburse JPMorgan and its attorneys for fees and expenses relating to the Term Loan Avoidance Action.

"Proof of Funding" means account statements showing that funds in an aggregate amount equal to the AAT Settlement Payment (i) are on deposit in Law Firm Trust Account(s), and (ii) are being held in cash or cash equivalents.

"Proposed Approval Order" has the meaning set forth in Section 4(b)(i).

"Released Matters" means any and all Actions described in, arising from, related in any way to, or in connection with the Term Loan Avoidance Action, the Delaware Actions, the Synthetic Lease, the Term Loan Agreement, the Delaware UCC-1, and any transactions, financing statements, collateral, services or legal advice related to any of the foregoing, including, without limitation, any such Action with respect to fees, expenses, prejudgment interest, or valuation.  However, Released Matters do not include the following:  (i) any Action to enforce any rights under this Settlement Agreement, other Settlement Documents, the AAT Settlement Funding Agreements, or the Approval Order, and (ii) any Action by a Term Lender Party to pursue, receive or retain distributions on the Allowed TL Claims in accordance with the allocation set forth on Schedule 1.

"Remaining Required Term Lender" means any extant Defendants Steering Committee Client that did not execute the Settlement Agreement by the Initial Execution Date, except for any such extant Defendants Steering Committee Client as may be agreed by each of JPMorgan and STB in its sole discretion.

"Remaining Required Term Lender Parties" means, collectively, (i) the Remaining Required Term Lenders and (ii) any other Person (other than an Initial Required Term Lender Party) that is a successor to, designee, assignee or former manager of, or other Person related to either a Remaining Required Term Lender or a Dissolved DSC Term Lender, *provided* that such Person delivers an executed signature page on or before the Final Execution Date, all as set forth on Schedule 1 hereto.

"Request" has the meaning set forth in Section 13(b).

"Required Term Lender Party" means any of the Initial Required Term Lender Parties or the Remaining Required Term Lender Parties, all as set forth on Schedule 1 hereto.

"Required Term Lender Party Group" means the Required Term Lender Parties that are represented by the same member or members of the Defendants Steering Committee Counsel.

"Settlement Agreement" has the meaning set forth in the Preamble.

"Settlement Document" means this Settlement Agreement or any document, agreement, proposed order, stipulation, notice, release or other writing contemplated to be executed or delivered pursuant hereto or in connection herewith; *provided* that neither the AAT Settlement Funding Agreements nor the Non-Party Releases shall be deemed a Settlement Document.

"STB" has the meaning set forth in the Preamble.

"STB Insurer" means each of the insurers participating in STB's 2008 professional liability insurance program as set forth on Schedule 2 hereto.

"STB Insurer Release" means a release agreement between STB and each of the STB Insurers that, at the Effective Time, shall automatically extinguish any and all Actions by the STB Insurers in connection with Released Matters, including without limitation any such Actions in the nature of subrogation.

"Synthetic Lease" means the financing arrangement between Old GM, JPMorgan Chase Bank, N.A., as administrative agent, and a group of financial institutions that, beginning on October 31, 2001, provided Old GM with approximately $300 million in financing, secured by liens on certain real estate properties that became subject to the financing over time.

"Term Lender" has the meaning set forth in the Recitals.

"Term Lender Parties" has the meaning set forth in the Preamble.

"Term Lenders' Stipulation of Dismissal" means a joint stipulation of dismissal with prejudice of all of the pending claims, counterclaims, cross-claims and third-party claims of JPMorgan and the Cross-Claimants in the Term Loan Avoidance Action in the form of Exhibit D to this Settlement Agreement.

"Term Loan" has the meaning set forth in the Recitals.

"Term Loan Avoidance Action" has the meaning set forth in the Recitals.

"Term Loan Agreement" has the meaning set forth in the Preamble.

"Term Loan Repayment" has the meaning set forth in the Recitals.

"Termination Event" has the meaning set forth in Section 10(a).

"363 Sale" has the meaning set forth in the Recitals.

"Trust Account Funding Date" means the Business Day that is two (2) Business Days prior to the date on which the first scheduled Approval Hearing is scheduled to start.

"Trusts" means the AAT and the GUC Trust.

"Wind-Down Financing Order" has the meaning set forth in the Recitals.

## 2. **Wiring of AAT Settlement Payment; Filing of Dismissals.**

(a)     Subject to subsection 2(b), upon email distribution of the fully executed Closing Certificate to all members of the Consent Group or their counsel, each Party to this Settlement Agreement that is a party to an AAT Settlement Funding Agreement shall take such action as is required on its part by such AAT Settlement Funding Agreement to authorize the AAT Settlement Payment to be immediately transferred and delivered to the AAT for itself and its beneficiaries by wire transfer of immediately available funds from the Law Firm Trust Account(s) to the AAT Settlement Account in accordance with the AAT Settlement Funding Agreements.

(b)     If the fully executed Closing Certificate is distributed to all members of the Consent Group or their counsel after 12:00 Noon (New York City Time), or on a day that is not a Business Day, the wire transfer(s) contemplated by the immediately preceding subsection 2(a) shall take place on the immediately succeeding Business Day.

(c)     Promptly after the Effective Time,

(i)     the AAT shall (x) cause the duly executed AAT Proposed Orders of Dismissal to be filed in the applicable courts and served on all applicable Parties, and (y) distribute by email to all members of the Consent Group or their counsel each of the duly executed Capital Provider Releases and DIP Lender Release;

(ii)    JPMorgan shall cause the duly executed Term Lenders' Stipulation of Dismissal to be filed in the Bankruptcy Court and served on all applicable Parties; and

(iii)    STB shall distribute by email to all members of the Consent Group or their counsel the duly executed STB Insurer Release.

3.    **Releases.**

(a)    <u>Releases by the AAT; Agreement Not to Sue</u>.  Automatically at the Effective Time, the AAT, on behalf of itself and on behalf of its past, present and future representatives, beneficiaries, monitors, trustees, agents, and predecessor and successor entities, hereby does and shall be deemed to fully, finally and forever generally release, waive and discharge each and every other Party, Term Lender, Net Proceeds Counter-Party and the STB Insurers, each of their respective predecessors, successors and assigns, each of their respective past, present and future direct and indirect parents, subsidiaries, affiliates and all of their respective property, and each of their respective past, present and future partners, members, officers, directors, employees, divisions, branches, control persons, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, collateral managers, equity holders, noteholders, agents, trustees and representatives and all of their respective property, from and in respect of all Released Matters.  For the avoidance of doubt:

(i)    The AAT confirms and agrees that it will commence no further Actions against JPMorgan, any of the Term Lenders, any of the Net Proceeds Counter-Parties, STB or the STB Insurers, or any of their respective predecessors, successors or assigns, or any of their respective past, present or future direct or indirect parents, subsidiaries, affiliates or any of their respective property, or any of their respective past, present or future partners, members, officers, directors, employees, divisions, branches, control persons, attorneys, financial advisors, accounts, investment bankers, investment advisors, actuaries, professionals, collateral managers, equity holders, noteholders, agents, trustees or representatives or any of their respective property relating to amounts that were paid on account of the Term Loan (including, without limitation, principal, interest, litigation expenses and attorneys' fees) or any other Released Matter, other than any Action solely as it relates to the enforcement or breach of the Settlement Documents or the Approval Order;

(ii)    The AAT confirms and agrees that it will not object to or otherwise challenge the Allowed AAT Claims or the Allowed GUC Trust Claims, will not pursue any efforts to reconstitute or otherwise revive any Dissolved Term Lender, and will not attempt to recover any funds from any Net Proceeds Counter-Party concerning any of the Released Matters; and

(iii)    The AAT confirms and agrees that it accepts the AAT Settlement Payment in full and complete satisfaction of any and all Actions concerning the Released Matters against JPMorgan, the Term Lenders, the Net Proceeds Counter-Parties,

STB and the STB Insurers, whether or not such Actions have been asserted or are otherwise held by the AAT at the Effective Time.

(b)    <u>Releases by the GUC Trust; Agreement Not to Sue</u>:  Automatically at the Effective Time, the GUC Trust, on behalf of itself and on behalf of its past, present and future representatives, beneficiaries, monitors, trustees, agents, and predecessor and successor entities, hereby does and shall be deemed to fully, finally and forever generally release, waive and discharge each and every other Party, Term Lender, Net Proceeds Counter-Party and the STB Insurers, each of their respective predecessors, successors and assigns, each of their respective past, present and future direct and indirect parents, subsidiaries, affiliates and all of their respective property, and each of their respective past, present and future partners, members, officers, directors, employees, divisions, branches, control persons, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, collateral managers, equity holders, noteholders, agents, trustees and representatives and all of their respective property, from and in respect of all Released Matters.  For the avoidance of doubt:

(i)    The GUC Trust confirms and agrees that it will commence no Actions against any of the Term Lenders, any of the Net Proceeds Counter-Parties, STB or the STB Insurers, or any of their respective predecessors, successors or assigns, or any of their respective past, present or future direct or indirect parents, subsidiaries, affiliates or any of their respective property, or any of their respective past, present or future partners, members, officers, directors, employees, divisions, branches, control persons, attorneys, financial advisors, accounts, investment bankers, investment advisors, actuaries, professionals, collateral managers, equity holders, noteholders, agents, trustees or representatives or any of their respective property relating to amounts that were paid on account of the Term Loan (including principal, interest, litigation expenses and attorneys' fees) or any other Released Matter, other than any Action solely as it relates to the enforcement or breach of the Settlement Documents or the Approval Order; and

(ii)    The GUC Trust confirms and agrees that it will not object to or otherwise challenge the Allowed GUC Trust Claims or the Allowed AAT Claims, and will not commence any Action to recover the Previously Reimbursed Fees and Expenses.

(c)    <u>Releases by JPMorgan</u>:

(i)    Automatically at the Effective Time, JPMorgan, on behalf of itself and on behalf of its past, present and future representatives, beneficiaries, monitors, trustees, agents, and predecessor and successor entities, hereby does and shall be deemed to fully, finally and forever generally release, waive and discharge each and every other Party, the Non-Party Term Lenders, the Dissolved Term Lenders and the STB Insurers, each of their respective predecessors, successors and assigns, each of their respective past, present and future direct and indirect parents, subsidiaries, affiliates and all of their respective property, and each of their respective past, present and future partners, members, officers, directors,

employees, divisions, branches, control persons, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, collateral managers, equity holders, noteholders, agents, trustees and representatives and all of their respective property, from and in respect of all Released Matters.

(ii)    Automatically at the Effective Time, JPMorgan, acting in its capacity as administrative agent pursuant to Section 8.05 of the Term Loan Agreement, on behalf of itself and the other Term Lenders (including, without limitation, the Term Lender Parties, the Non-Party Term Lenders, the Dissolved Term Lenders, and any Term Lenders that are in the process of dissolving), hereby does and shall be deemed to fully, finally and forever generally release, waive and discharge each and every other Party and the STB Insurers, each of their respective predecessors, successors and assigns, each of their respective past, present and future direct and indirect parents, subsidiaries, affiliates and all of their respective property, and each of their respective past, present and future partners, members, officers, directors, employees, divisions, branches, control persons, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, collateral managers, equity holders, noteholders, agents, trustees and representatives and all of their respective property, from and in respect of all Released Matters.   JPMorgan does not represent or warrant the extent of its authority to bind any Term Lenders to any provision of this Settlement Agreement pursuant to Section 8.05 of the Term Loan Agreement, and shall have no liability if such authority does not bind any Person (other than JPMorgan) to any provision of this Settlement Agreement.

(iii)    JPMorgan confirms and agrees that it will not seek any reimbursement of fees or expenses from the DIP Lenders in addition to the Previously Reimbursed Fees and Expenses.

(d)    <u>Releases by the Non-JPMorgan Term Lender Parties</u>:

(i)    Automatically at the Effective Time, each Non-JPMorgan Term Lender Party, on behalf of itself, and on behalf of its past, present and future representatives, agents, managers and predecessor and successor entities, hereby does and shall be deemed to fully, finally and forever generally release, waive and discharge each and every other Party, the Dissolved Term Lenders and the STB Insurers, each of their respective predecessors, successors and assigns, each of their respective past, present and future direct and indirect parents, subsidiaries, affiliates and all of their respective property, and each of their respective past, present and future partners, members, officers, directors, employees, divisions, branches, control persons, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, collateral managers, equity holders, noteholders, agents, trustees and representatives and all of their respective property, from and in respect of all Released Matters.

(ii)    Each Non-JPMorgan Term Lender Party confirms and agrees that it will not seek any reimbursement of fees or expenses from the DIP Lenders.

(e)    <u>Releases by STB</u>:  Automatically at the Effective Time, STB, on behalf of itself and on behalf of its past, present and future representatives, agents, and predecessor and successor entities, hereby does and shall be deemed to fully, finally and forever generally release, waive and discharge each and every other Party and the Dissolved Term Lenders, each of their respective predecessors, successors and assigns, each of their respective past, present and future direct and indirect parents, subsidiaries, affiliates and all of their respective property, and each of their respective past, present and future partners, members, officers, directors, employees, divisions, branches, control persons, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, collateral managers, equity holders, noteholders, agents, trustees and representatives and all of their respective property, from and in respect of all Released Matters.

(f)    <u>Waiver of Certain Rights</u>.  All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the Actions described in this Section.  Section 1542 of the California Civil Code reads as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE DEBTOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

(g)    <u>Preservation of Setoff Rights</u>.  If, in contravention of the provisions of the Approval Order, a Non-Party (including, without limitation, a Non-Party Term Lender or a Dissolved Term Lender, but excluding any Non-Party who is a signatory to a Non-Party Release) asserts a Released Matter against a Party or any Person who is released pursuant to Section 3(a), (b), (c), (d) or (e) by virtue of its relationship to a Party, then such Party or other Person against whom the Released Matter is asserted may assert a Released Matter against such Non-Party as a setoff (in addition to any other defenses, claims or remedies it may have), notwithstanding the release by such Party or other Person of Released Matters pursuant to Section 3(a), (b), (c), (d) or (e).

**4.    <u>Bankruptcy Court Approval; Allowance of Claims</u>.**

(a)    <u>Effectiveness of Rights and Obligations</u>.  The rights and obligations of the Parties to this Settlement Agreement are subject to Bankruptcy Court approval, except to the extent that this Settlement Agreement provides that action by a Party is required to be completed prior to the Effective Time.

(b)    <u>Approval Motion and Proposed Approval Order; Amended Schedule 1</u>.

(i)    Promptly following the Initial Execution Date and in any event not later than three (3) Business Days thereafter, the AAT shall file (x) a motion that shall

describe the terms and implementation of this Settlement Agreement in form and substance reasonably acceptable to the Consent Group (the "Approval Motion"), *provided* that the members of the Consent Group other than the AAT shall have no consent rights with respect to the form or substance of those portions of the Approval Motion regarding the AAT's legal positions and other analyses in respect of the Term Loan Avoidance Action, and (y) a related proposed order in the form of Exhibit A hereto (the "Proposed Approval Order"), pursuant to Bankruptcy Code Sections 105 and 1142 and Bankruptcy Rule 9019, seeking approval of the Settlement Agreement and entry of the related proposed order. The GUC Trust shall separately join in the Approval Motion to the extent necessary to obtain authorization for its entry into the Settlement Agreement and the other actions on its part contemplated by the Settlement Agreement.

(ii)    As soon as reasonably practicable following the Final Execution Date and in any event not later than three (3) Business Days thereafter, JPMorgan shall re-file this Settlement Agreement as amended to include (x) an amended Schedule 1 (in form and substance satisfactory to the Defendants Steering Committee Counsel) calculated in accordance with Section 4(e) to give effect to any Term Lenders that have become Additional Term Lender Parties pursuant to Section 11, any allocation information received on or before the Final Execution Date that was not reflected in a prior Schedule 1 and/or the failure of any Defendants Steering Committee Clients to become Parties, and (y) the duly executed signature pages of any Additional Term Lender Parties in the form of Exhibit I. Thereafter, JPMorgan shall re-file any further amended Schedule 1 (in form and substance satisfactory to the Defendants Steering Committee Counsel) as may be necessary to reflect the resolution of any disputed Defense Costs pursuant to Section 11(e). The last filed Schedule 1 shall be filed no later than thirty (30) calendar days after entry of the Approval Order and shall replace all prior versions of Schedule 1.

(c)    Allowed GUC Trust Claims.

(i)    The Parties acknowledge and agree that the AAT Settlement Payment (x) is being made to the AAT to settle the Term Loan Avoidance Action against the Term Lenders, (y) is a partial repayment of the Term Loan Repayment on behalf of the Term Lenders, and (z) is a recovery by the AAT of the proceeds of the Term Loan Avoidance Action. The claims arising in favor of the Term Lenders as a result of the AAT Settlement Payment are "Term Loan Avoidance Action Claims" under and as defined in the GUC Trust Agreement.

(ii)    Automatically at the Effective Time, there shall be allowed against the GUC Trust, in favor of the Term Lender Parties, Resolved Allowed General Unsecured Claims (as defined in the GUC Trust Agreement) in the aggregate amount of $231,000,000 (two hundred and thirty-one million dollars), corresponding to the AAT Settlement Payment paid on behalf of the Term Lender Parties (the "Allowed GUC Trust Claims"). The Allowed GUC Trust Claims shall be allocated among the Term Lender Parties as set forth in Schedule 1. The GUC Trust shall treat the Allowed GUC Trust Claims in accordance with the GUC Trust Agreement,

including, without limitation, Sections 3.4(a), 5.1(c), 5.3 and 5.4 thereof, and the Approval Order.

(d)    <u>Allowed AAT Claims</u>.

(i)    The Parties acknowledge and agree that the AAT Settlement Payment (x) is being made to the AAT to settle the Term Loan Avoidance Action against the Term Lenders, (y) is a partial repayment of the Term Loan Repayment on behalf of the Term Lenders, and (z) is a recovery by the AAT of the proceeds of the Term Loan Avoidance Action. The claims arising in favor of the Term Lender Parties as a result of the AAT Settlement Payment are allowed claims against the AAT pursuant to Bankruptcy Code section 502(h), and are "Term Loan Avoidance Action Claims" under and as defined in the AAT Agreement.

(ii)    Automatically at the Effective Time, there shall be allowed against the AAT, in favor of the Term Lender Parties, Resolved Allowed General Unsecured Claims (as defined in the AAT Agreement) in the aggregate amount of $231,000,000 (two hundred and thirty-one million dollars), corresponding to the AAT Settlement Payment paid on behalf of the Term Lender Parties (the "<u>Allowed AAT Claims</u>"). The Allowed AAT Claims shall be allocated among the Term Lender Parties as set forth in Schedule 1. The AAT shall treat the Allowed AAT Claims in accordance with the terms of the AAT Agreement, including, without limitation, Sections 3.4(a), 5.1(c), 5.3 and 5.4 thereof, and the Approval Order.

(e)    <u>Agreed Allocation</u>. The Allowed TL Claims shall be allocated in accordance with Schedule 1, which shall be calculated as follows (the "<u>Agreed Allocation</u>"):

(i)    No Term Lender shall share in any of the Allowed TL Claims unless it is a Term Lender Party. Nothing in this subsection prohibits a Term Lender Party from assigning its right to recover its share of the Allowed TL Claims to its manager or other Person, including, without limitation, counsel to such Term Lender Party, in accordance with the GUC Trust Agreement.

(ii)    JPMorgan and the other Term Lender Parties agree to share the Allowed TL Claims equally in proportion to their Defense Costs (giving effect to the receipt by JPMorgan of the Previously Reimbursed Fees and Expenses), *provided* that in no event shall JPMorgan's recovery be reduced below 59.8% of the Allowed TL Claims on account of claims for Additional Defense Costs. To effectuate this agreement, JPMorgan and the other Term Lender Parties agree to allocate the Allowed TL Claims as set forth in subsections 4(e)(iii)-(iv) below.

(iii)    As of the Initial Execution Date, and subject to any adjustments that may become necessary pursuant to Section 4(e)(iv), JPMorgan shall be entitled to 62.5% of each of the Allowed TL Claims, and the other Required Term Lender Parties shall collectively be entitled to 37.5% thereof.

    (iv)    As of the Final Execution Date and thereafter,

        (x)    JPMorgan shall be entitled to 62.5% of each of the Allowed TL Claims, *except* that if any Additional Defense Costs have been allowed pursuant to Section 11, then JPMorgan's percentage share of each of the Allowed TL Claims shall decrease in proportion to its reduced percentage share of the total Defense Costs of all of the Term Lender Parties, *provided* that in no event shall JPMorgan be entitled to less than 59.8% of each of the Allowed TL Claims.

        (y)    The Non-JPMorgan Term Lender Parties that are then Parties to this Settlement Agreement, including without limitation the Additional Term Lender Parties, shall collectively be entitled to 37.5% of each of the Allowed TL Claims, *except* that if any Additional Defense Costs have been allowed pursuant to Section 11, then the Non-JPMorgan Term Lender Parties' collective percentage share of the Allowed TL Claims shall increase in proportion to their increased collective percentage share of the total Defense Costs of all of the Term Lender Parties, *provided* that in no event shall the Non-JPMorgan Term Lender Parties be collectively entitled to more than 40.2% of each of the Allowed TL Claims.

(f)    <u>Bar Order</u>.  The Proposed Approval Order shall incorporate the following bar order provision:  "Upon entry of this Order, any Person (other than a DIP Lender) that is not a signatory to the Settlement Agreement is permanently barred, enjoined, and restrained from contesting or disputing the reasonableness of the settlement, or commencing, prosecuting, or asserting any Actions, including, without limitation, Actions for contribution, indemnity, or comparative fault (however denominated and on whatsoever theory), arising out of or related to any Released Matters."

(g)    <u>Notice of Approval Motion</u>.  Within five (5) Business Days after the filing of the Approval Motion,

    (i)    The AAT, at its own expense, shall provide notice of the Approval Motion to (x) each of its beneficiaries, (y) the DIP Lenders, the Capital Providers and all of its other sources of funding, and (z) the U.S. Trustee.

    (ii)    The GUC Trust, at its own expense, shall provide notice of the Approval Motion to (x) its unitholders; (y) counsel to the "Signatory Plaintiffs," as such term is defined in the settlement agreement by and among the Signatory Plaintiffs and the GUC Trust, dated as of February 1, 2019; and (z) all parties requesting notice in the Chapter 11 Cases pursuant to the Bankruptcy Court's CM/ECF system;

    (iii)    JPMorgan, at its own expense, shall provide notice of the Approval Motion via ECF or other means permitted by Section 12 to:  (w) the Defendants Steering Committee Counsel; (x) all other Term Lender counsel of record; (y) any other Term Lender recipient of the Term Loan Repayment at the electronic or physical address provided to JPMorgan, as agent, by the Term Lender as of June 30, 2009

(or such other address, if any, as provided by such Term Lender to JPMorgan thereafter in connection with the Term Loan Avoidance Action); and (z) any Net Proceeds Counter-Party to a Net Proceeds Transaction with JPMorgan; and

(iv)     Each Non-JPMorgan Term Lender Party that is represented by a member of the Defendants Steering Committee Counsel, at its own expense, shall provide notice of the Approval Motion to any Net Proceeds Counter-Party to a Net Proceeds Transaction with such Non-JPMorgan Term Lender Party, *provided* that such Net Proceeds Counter-Party is known to the employee or representative of such Non-JPMorgan Term Lender Party who is responsible for supervising the defense of the Term Loan Avoidance Action.

(h)     Additional Notices.  Publication notice substantially in the form of Exhibit H shall be published in The New York Times and Investor's Business Daily on two publication days at least two weeks prior to the Approval Hearing, and the cost of such publication notice shall be borne by STB.

(i)     Modification to Proposed Approval Order.  If the Bankruptcy Court enters an order (the "Court Order") that varies from the form of Proposed Approval Order, the Consent Group shall have ten (10) Business Days to determine whether to consent to the Court Order.  The Court Order shall become effective and be deemed the Approval Order for all purposes of this Settlement Agreement if (x) the Consent Group consents to the Court Order, or (y) with respect to any varying provisions of the Court Order that solely modify the benefits afforded to or the obligations of each of the Non-JPMorgan Term Lender Parties in an equivalent manner, the Defendants Steering Committee Counsel consent to the Court Order.

**5.     AAT Settlement Payment; Settlement Documents; Non-Party Releases.**

(a)     No later than the Initial Execution Date, the Payors shall execute and provide to STB and/or JPMorgan confidential agreements (the "AAT Settlement Funding Agreements") whereby the Payors shall agree as follows:

(i)     Each Payor will be obligated to fund its share of the AAT Settlement Payment totaling in the aggregate $231,000,000 (two hundred and thirty-one million dollars) in accordance with and subject to the terms and conditions of this Settlement Agreement;

(ii)     Each Payor commits that, by no later than the Trust Account Funding Date, it shall cause its respective share of the AAT Settlement Payment to be received and deposited in cash or cash equivalents into a Law Firm Trust Account, and shall not withdraw the deposited funds unless (x) 180 calendar days have elapsed since the Trust Account Funding Date and no Approval Order has been entered, or (y) the Settlement Agreement has been terminated pursuant to Section 10 of this Settlement Agreement; *provided, however*, that if the Approval Hearing has been adjourned pursuant to Section 8(b) because the Pre-Hearing Condition set forth in

subsection 8(a)(i) will not be satisfied on or before the Additional Term Lender Party Deadline, the 180-day period shall commence on the Final Execution Date;

(iii)   Each Payor authorizes the law firm holding its respective share of the AAT Settlement Payment to deliver Proof of Funding regarding its respective share of the AAT Settlement Payment to Defendants Steering Committee Counsel and AAT Counsel; and

(iv)   Each Payor authorizes the law firm holding its respective share of the AAT Settlement Payment, upon the law firm's receipt of a fully executed Closing Certificate from STB and/or JPMorgan, to immediately transfer and deliver its share of the AAT Settlement Payment to the AAT Settlement Account by wire transfer of immediately available funds in accordance with Section 2 of this Settlement Agreement.

(b)   No later than three (3) Business Days following the Initial Execution Date:

(i)   The AAT shall distribute to all members of the Consent Group or their counsel a duly executed copy of this Settlement Agreement and confirm by email to all members of the Consent Group or their counsel that it has (x) received duly executed AAT Proposed Orders of Dismissal, (y) received a duly executed DIP Lender Release, and (z) received a duly executed Capital Provider Release from every Capital Provider;

(ii)   STB and JPMorgan shall confirm by email to all members of the Consent Group or their counsel that a duly executed copy of each of the AAT Settlement Funding Agreements has been distributed to every member of the Defendants Steering Committee Counsel; and

(iii)   STB shall confirm by email to all members of the Consent Group or their counsel that it has entered into the STB Insurer Release with all of the STB Insurers.

(c)   Upon the Trust Account Funding Date, the Payors or their designees shall deliver Proof of Funding to STB and every member of the Defendants Steering Committee Counsel.  No later than one (1) Business Day following receipt of Proof of Funding, JPMorgan shall confirm such receipt by email to the AAT or AAT Counsel and make such Proof of Funding available for inspection by AAT Counsel.

(d)   No later than three (3) Business Days following the Final Execution Date, JPMorgan shall confirm by email to all members of the Consent Group or their counsel that it has received the duly executed Term Lenders' Stipulation of Dismissal.

(e)   Each Term Lender Party confirms and agrees that:

(i)   to the extent that, prior to executing this Settlement Agreement, it obtained reimbursement of fees, expenses or damages relating to the Term Loan Avoidance Action from any Non-Party, including but not limited to insurers or Net Proceeds Counter-Parties, it has delivered or will deliver to

JPMorgan and STB prior to the Final Execution Date a release, in form and substance satisfactory to each of JPMorgan and STB, by such Non-Party of any Actions arising from, related in any way to, or in connection with the Released Matters; and

(ii)    after executing this Settlement Agreement, it will not seek reimbursement (apart from the Allowed TL Claims) of fees, expenses or damages relating to the Term Loan Avoidance Action from any Non-Party, including but not limited to insurers or Net Proceeds Counter-Parties, and will forego any such claims previously asserted, unless, prior to the Final Execution Date, it delivers to JPMorgan and STB a release, in form and substance satisfactory to each of JPMorgan and STB, by such Non-Party of any Actions arising from, related in any way to, or in connection with the Released Matters.

(f)    JPMorgan and STB each agree that to the extent a Non-Party provides JPMorgan and STB with a release contemplated by Section 5(e), JPMorgan and STB each hereby fully, finally and forever generally release, waive and discharge such Non-Party from any Actions arising from, related in any way to, or in connection with the Released Matters. Such release shall be immediately effective at the Effective Time.

6.    **Representations and Warranties.**

(a)    General Representations and Warranties.  To induce each other Party to enter into and perform its obligations under this Settlement Agreement, each Party, for itself, represents, warrants and acknowledges, as of the Initial Execution Date (for all Parties other than the Remaining Required Term Lender Parties and any Additional Term Lender Parties) and as of the Final Execution Date (for all Parties), as follows:

(i)    *Due Existence*.  It is duly organized, validly existing and in good standing under the laws of the jurisdiction of its organization and has all the requisite corporate, partnership, limited liability company, or other power and authority to execute and deliver this Settlement Agreement and the other documents and instruments contemplated hereby to which it is contemplated to be a party and perform its obligations under this Settlement Agreement and the other documents and instruments contemplated hereby to which it is contemplated to be a party, and to consummate the transactions contemplated herein and therein.

(ii)    *Authority*.  Other than approval of the Bankruptcy Court contemplated by Section 4 hereof, the execution, delivery and performance by it under this Settlement Agreement and the other Settlement Documents to which it is contemplated to be a party and the consummation of the transactions contemplated herein and therein, have been duly authorized by all necessary action on its part, and no other actions or proceedings on its part are necessary to authorize and approve this Settlement Agreement or the other Settlement Documents to which it is contemplated to be a party or any of the transactions contemplated herein or therein.

21

(iii)    *Validity*.  This Settlement Agreement and the other Settlement Documents, as applicable, have been duly executed and delivered by it and constitute its legal, valid, and binding agreement, enforceable against it in accordance with their terms.

(iv)    *No Conflict*.  Its execution, delivery, and performance (when such performance is due) of this Settlement Agreement does not and shall not (x) violate any provision of law, rule or regulation applicable to it or any of its subsidiaries or its or their subsidiaries' certificates of incorporation or bylaws or other organizational documents, or (y) conflict with, result in a breach of, or constitute a default under any material contractual obligations to which it or any of its subsidiaries is a party.

(v)    *No Reliance*.  This Settlement Agreement has been negotiated by it and its respective legal counsel, and legal or equitable principles that might require the construction of this Settlement Agreement or any of its provisions against the Party responsible for drafting this Settlement Agreement will not apply in any construction or interpretation of this Settlement Agreement.  It acknowledges and agrees that it has been represented by its own counsel and advisors in connection with this Settlement Agreement, has conducted its own investigations of the relevant facts and circumstances, and is not relying on any representations or warranties of any other Party except for the representations and warranties expressly set forth herein.

(vi)    *No Assignment*.  It is not aware of any transaction in which it has sold, assigned, transferred or otherwise disposed of (other than by release or pursuant to a Net Proceeds Transaction) any Action purported to be released by such Party pursuant to Section 3, or, for the avoidance of doubt, any Action that, if not for any such sale, assignment, transfer or other disposition, would be released by Section 3; and it will not sell, assign, transfer or otherwise dispose of (other than by release), any Action purported to be released by such Party pursuant to Section 3, or, for the avoidance of doubt, any Action that, if not for any such sale, assignment, transfer or other disposition, would be released by Section 3.  If it is required to give notice pursuant to Section 4(g)(iii) or (iv), its counter-party to any Net Proceeds Transaction referred to in the preceding sentence is a Net Proceeds Counter-Party that shall receive notice of the Approval Motion pursuant to Section 4(g)(iii) or (iv) or is a Party.

(b)    <u>Additional Representations, Warranties and Acknowledgments</u>.

(i)    To induce each other Party to enter into and perform its obligations under this Settlement Agreement, each Required Term Lender Party, for itself, represents, warrants, and acknowledges, as of the Initial Execution Date, as follows:

(a)    *Threatened Non-Party Actions*.  It is not aware of any threatened Action by any non-Party relating to any of the Released Matters.

(b)    *Net Proceeds Transactions.*    Its employee or representative responsible for supervising the defense of the Term Loan Avoidance Action is not aware of any Net Proceeds Counter-Party with which it has entered into a Net Proceeds Transaction other than the Net Proceeds Counter-Parties to which it will provide notice of the Approval Motion under Section 4(g).

(ii)    To the extent that funds for the AAT Settlement Payment are provided by Persons other than the Term Lender Parties, each of the Required Term Lender Parties and STB agrees and acknowledges that those funds are being paid to the AAT on behalf of and at the direction of the Term Lender Parties to fully resolve, among other things, the potential liabilities of the Term Lenders to the AAT.

(iii)    Each of JPMorgan and STB, for itself, represents that on or before the Initial Execution Date (x) it has received the AAT Settlement Funding Agreements (or copies thereof) contemplated by Section 5(a), (y) it has executed each AAT Settlement Funding Agreement to which it is a party and each AAT Settlement Funding Agreement has been executed on behalf of all other parties thereto by individuals purporting to be authorized to sign on behalf of such other parties, and (z) to the best of its knowledge, each AAT Settlement Funding Agreement is in full force and effect.

## 7.    <u>Covenants</u>.

(a)    The Parties shall use good faith efforts to implement this Settlement Agreement and the transactions and other Settlement Documents and agreements contemplated hereby.  Without limiting the generality of the foregoing, all of the Parties shall, or shall cause their attorneys to, timely execute the proposed orders and stipulations required to be delivered to all members of the Consent Group or their counsel in accordance with Section 5.

(b)    The Parties shall cooperate with each other in good faith and shall coordinate their activities (to the extent possible and subject to the terms of this Settlement Agreement) in respect of (i) the implementation of the terms set forth in this Settlement Agreement, and (ii) the consummation of the transactions contemplated by this Settlement Agreement.

## 8.    <u>Pre-Hearing Conditions</u>.

(a)    This Settlement Agreement shall be subject to the following additional conditions (the "<u>Pre-Hearing Conditions</u>"):

(i)    This Settlement Agreement shall have been duly executed and delivered by every Remaining Required Term Lender; and

(ii)    No litigation or proceeding shall be pending before any court that may adversely affect any Party's ability to enter into the Settlement Agreement (and the other Settlement Documents) or perform its obligations thereunder.

(b)      If it appears that the Pre-Hearing Condition set forth in subsection 8(a)(i) immediately above will not be satisfied on or before the Additional Term Lender Party Deadline, the Consent Group may request the Court to adjourn the Approval Hearing.  If the Approval Hearing is adjourned, the Final Execution Date for all purposes of this Settlement Agreement shall be the Business Day that is five (5) Business Days prior to the date on which the Approval Hearing is then scheduled to start.

**9.      Final Closing Conditions; Effective Time.**

(a)      The Effective Time shall not occur unless and until the following additional conditions are satisfied (the "Final Closing Conditions"):

(i)      The Approval Order shall have been entered by the clerk of the Bankruptcy Court on the docket of the Chapter 11 Cases and shall have become a Final Order;

(ii)      The funds required to make the AAT Settlement Payment shall have been deposited in the Law Firm Trust Account(s);

(iii)      The distributions and confirmations required by Sections 5(b) and (d) shall have been made;

(iv)      No Termination Event shall have occurred and be continuing; and

(v)      No litigation or proceeding shall be pending before any court that may adversely affect any Party's ability to perform its obligations under the Settlement Agreement (and the other Settlement Documents).

(b)      Within three (3) Business Days after the satisfaction of the last of the Final Closing Conditions to occur, each member of the Consent Group shall execute and deliver to Wachtell, Lipton, Rosen & Katz via email a certificate confirming that each Final Closing Condition has been satisfied or duly waived (the "Closing Certificate"), which Closing Certificate shall be in the form of Exhibit G to this Settlement Agreement.  Upon receipt of signature pages from each member of the Consent Group, Wachtell, Lipton, Rosen & Katz shall distribute the fully executed Closing Certificate to the email address for each member of the Consent Group that is set forth on such member's signature page to the Closing Certificate.

(c)      If all of the Final Closing Conditions are met and any member of the Consent Group has failed to execute the Closing Certificate, each of the AAT, the GUC Trust, JPMorgan, the Required Term Lender Parties, and STB shall be entitled to bring a motion in the Bankruptcy Court to compel the execution of the Closing Certificate by any required signatory.

10.    **Termination.**

(a)    The occurrence of any of the following shall be a termination event (each, a "Termination Event"):

(i)    The breach by any Party of any agreement, representation, warranty, or covenant of such Party set forth in this Settlement Agreement or any Settlement Document which would result in any Party (without its consent) not obtaining the full payment, full allowed claim, complete release or bar order intended to be provided by this Settlement Agreement; or

(ii)    The Bankruptcy Court or any regulatory authority or any other court of competent jurisdiction enters an order denying the Approval Motion or otherwise denies or modifies the benefits afforded to or the obligations of any Party thereunder (unless such Party consents to such denial or modification within ten (10) Business Days or, in the case of any denial or modification that affects the Non-JPMorgan Term Lender Parties in an equivalent manner, the Defendants Steering Committee Counsel consents thereto within ten (10) Business Days).

(b)    Upon the occurrence of a Termination Event, any non-breaching Party adversely affected by the relevant breach in the case of clause (a)(i) of this Section, and any Party adversely affected by the relevant modification or denial in the case of clause (a)(ii) of this Section, shall have the right to deliver a notice of termination (a "Notice of Termination") to each other Party.

(c)    Immediately upon the receipt by all Parties of a Notice of Termination, all Parties' obligations under this Settlement Agreement (other than specific provisions expressly intended to survive termination) and all Non-Party Releases shall be terminated, and all Parties and Non-Parties shall be released from all commitments, undertakings, agreements, and obligations arising from or under this Settlement Agreement, and thereby returned to the status quo ante; *provided* that in the case of a termination resulting from a breach by any Party, all non-breaching Parties shall retain all rights and remedies to recover damages from the breaching Party or obtain specific enforcement against the breaching Party in respect of such breach.

(d)    If this Settlement Agreement is terminated for any reason, nothing in this Settlement Agreement shall be construed as a waiver by any Party of any or all of such Party's rights, remedies, claims, and defenses, and, in the event of termination, the Parties expressly reserve any and all of their respective rights, remedies, claims, and defenses.

(e)    If this Settlement Agreement is terminated for any reason, this Settlement Agreement will have no precedential or evidentiary effect in any proceeding other than a proceeding with respect to validity, effectuation, and enforcement of this Settlement Agreement.

(f)    Notwithstanding anything herein to the contrary, no Party shall be responsible or otherwise liable for any other Party or Person's failure to perform any of its obligations under the Settlement Documents or the AAT Settlement Funding Agreements.  For the

avoidance of doubt, if a Termination Event occurs because of a default by a Party or Person under the AAT Settlement Funding Agreements, no non-defaulting Party is responsible for such a default.

11. **Execution by Term Lender Parties; Defense Costs.**

(a)   Execution by Required Term Lender Parties.

(i)   The Initial Required Term Lender Parties shall be the only Term Lender Parties as of the Initial Execution Date. After the Initial Execution Date and on or before the Final Execution Date, any Remaining Required Term Lender may become a Remaining Required Term Lender Party by providing JPMorgan its duly executed and completed signature page in the form of Exhibit I hereto.

(ii)   The Required Term Lender Parties shall be entitled to Allowed TL Claims in respect of their Initial Defense Costs in accordance with the Agreed Allocation. Prior to the Initial Execution Date, each law firm that is a member of the Defendants Steering Committee Counsel shall have provided JPMorgan with the aggregate Initial Defense Costs incurred by each such law firm. By no later than the Final Execution Date, each such law firm shall have instructed JPMorgan as to how its Initial Defense Costs should be allocated among the Required Term Lender Parties represented by each such law firm.

(iii)   Prior to the Initial Execution Date, Schedule 1 shall reflect the Allowed TL Claims of each Required Term Lender Party Group on an aggregate basis. If, prior to the fifth Business Day prior to the Initial Execution Date, any law firm that is a member of the Defendants Steering Committee Counsel has instructed JPMorgan as to the allocation among the Required Term Lender Parties in its Required Term Lender Party Group of the Initial Defense Costs incurred by such law firm, JPMorgan shall distribute within three Business Days after the Initial Execution Date by email to all members of the Consent Group or their counsel an amended Schedule 1 reflecting such additional allocation information, which shall be the version of Schedule 1 filed with the Approval Motion.

(iv)   Additional allocation and Defense Cost information not previously reflected in Schedule 1 will be included in the amendment(s) to Schedule 1 filed in accordance with Section 4(b)(ii). JPMorgan shall have no obligation to revise Schedule 1 to reflect allocation information submitted to it after the Final Execution Date.

(b)   Execution by Additional Term Lender Parties. After the Initial Execution Date and on or before the Additional Term Lender Party Deadline, any Term Lender that is not a Required Term Lender Party may become an Additional Term Lender Party by providing JPMorgan its duly executed and completed signature page in the form of Exhibit I hereto. The notice of the Approval Motion provided to the Term Lenders shall notify them of the

opportunity to (i) become an Additional Term Lender Party and (ii) obtain an allocation of each of the Allowed TL Claims as set forth in Section 11(d).

(c)    _Other Persons as Parties_.  A Person that is a successor to, designee, assignee or former manager of, or other Person related to a Term Lender or Dissolved Term Lender defendant may become a Party to this Settlement Agreement by executing and delivering, within the timeframe applicable to such Term Lender pursuant to Section 11(a) or (b), a signature page in the form of Exhibit I hereto (i) to signify such Person's agreement to be bound to this Settlement Agreement and (ii) to become the holder of Allowed TL Claims and/or receive distributions in respect of Allowed TL Claims to which such Term Lender is otherwise entitled.

(d)    _Additional Defense Costs_.  Any Term Lender Party may seek an allocation to it of each of the Allowed TL Claims in respect of its Additional Defense Costs by submitting on or before the Additional Term Lender Party Deadline copies of invoices for its proposed Additional Defense Costs to the Defendants Steering Committee Counsel, which invoices shall set forth in reasonable detail the specific legal services performed by its counsel on a task basis, the amount of time allocated to each individual task and a breakdown of any expenses.    The Defendants Steering Committee Counsel shall keep such invoices confidential and shall not disclose them to any Person except the Fee Examiner pursuant to Section 11(e).  Submission of invoices to the Defendants Steering Committee Counsel or the Fee Examiner shall not constitute a waiver of the attorney-client or any other privilege applicable to the information contained in such invoices.

(e)    _Disputes Regarding Additional Defense Costs_.  In the event that, on or before the third (3rd) Business Day following the date of entry of the Approval Order, any of the Defendants Steering Committee Counsel objects in writing (including sending a copy of the objection and the proposed Additional Defense Costs to the Fee Examiner) to any proposed Additional Defense Costs submitted by any Term Lender Party, including without limitation on the ground that such proposed Additional Defense Costs are not reasonable, such Term Lender Party and the objecting member of the Defendants Steering Committee Counsel shall attempt to resolve consensually such dispute.

(i)    If consensually resolved, subject to the approval of the other members of the Defendants Steering Committee Counsel, the resolved amount shall be allowed as such Term Lender Party's Additional Defense Costs.

(ii)    If such Term Lender Party and the objecting member of the Defendants Steering Committee Counsel are unable to resolve consensually such dispute on or before the tenth (10th) calendar day following the date of entry of the Approval Order, or if the other members of the Defendants Steering Committee do not consent to the proposed resolution of such dispute on or before the tenth (10th) calendar day following the date of entry of the Approval Order, then the amount, if any, to be allowed for such Term Lender Party's Additional Defense Costs shall be determined by the Fee Examiner within twenty (20) calendar days following the entry of the Approval Order.    The Fee Examiner shall promptly send her determination to the Defendants Steering Committee Counsel and the relevant

Term Lender Party. Absent a showing of fraud, the Fee Examiner's determination shall be binding and final on all of the Term Lender Parties and the Defendants Steering Committee Counsel.

(f)    Payment of Fee Examiner Fee.    JPMorgan shall pay the Fee Examiner Fee to the Fee Examiner within five (5) Business Days after entry of the Approval Order.

(g)    No Repayment from the DIP Lenders.    No Term Lender Party shall seek or be entitled to payment or reimbursement of or on account of its Defense Costs or other litigation costs from the DIP Lenders.

12.    **Notices.**    With the exception of the notices required by Section 4(h), all notices hereunder shall be deemed given if in writing and delivered by electronic mail, courier, or U.S. mail to the following addresses (or at such other addresses as shall be specified by like notice):

(a)    if to the AAT, the GUC Trust, JPMorgan or STB, to the addresses of that Party and its counsel set forth on that Party's signature page to this Settlement Agreement;

(b)    if to any other Party, to the addresses of that Party and, if applicable, its counsel set forth on that Party's signature page to this Settlement Agreement;

(c)    if to a Non-Party Term Lender, to the last known address of such Non-Party Term Lender according to JPMorgan's books and records pursuant to Section 4(g)(iii)(y);

(d)    if to a Net Proceeds Counter-Party, to the last known address of such Net Proceeds Counter-Party according to the books and records of the Term Lender Party that is responsible for notifying such Net Proceeds Counter-Party pursuant to Section 4(g);

(e)    if to an STB Insurer, to the address listed for such STB Insurer on Schedule 2;

(f)    if to the beneficiaries of the AAT, to the last known address of the holders of the Initial Allowed General Unsecured Claims (as defined in the AAT Agreement) as reflected on the books and records of the GUC Trust Administrator;

(g)    if to the U.S. Treasury, to:

United States Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, DC 20220
Attn:  Chief Counsel, Office of Financial Stability
Telecopy:  (202) 927-9225
with a copy to:  OFSChiefCounselNotices@treasury.gov

with a copy to:

David S. Jones
Deputy Chief, Civil Division
United States Attorney's Office for the Southern District of New York

86 Chambers St., Third Floor
New York, NY 10007
Email:  david.jones6@usdoj.gov

(h)    if to Export Development Canada, to:

Export Development Canada
150 Slater Street
Ottawa, Ontario
Canada K1A 1K3
Attention:  Loans Services
                    Asset Management/Covenants Officer
Telecopy:  613-598-2514
                    613-598-3186

with a copy to:

Michael L. Schein
Vedder Price P.C.
1633 Broadway, 31st Floor
New York, NY 10019
Email:  mschein@vedderprice.com

(i)    if to the AAT Capital Providers, to:

Cynthiana LLC
2711 Centerville Road
Wilmington, DE 19808
Fax Number:  (302) 636-5454
Email:  info@litfinsolutions.com
Attn:  Cynthiana LLC Manager

Earlham LLC
2711 Centerville Road
Wilmington, DE 19808
Fax Number:  (302) 636-5454
Email:  info@litfinsolutions.com
Attn:  Earlham LLC Manager

LW Holdco VI LLC
1350 Avenue of the Americas, 2nd Floor
New York, NY 10019
Fax Number:  (646) 389-1032
Email:  weinstein@lakewhillans.com
Attn:  Boaz Weinstein

(j)      if to a GUC Trust beneficiary or unitholder, to such address as appears on the books and records of the GUC Trust Administrator, or such other address as may be designated from time to time by notice given in accordance with the provision of this Section 12.

**13.   Confidentiality.**

(a)      The Confidential Material shall be kept strictly confidential and may not be disclosed by any Party or its counsel to any Person other than (i) managers, partners, directors, officers, employees, legal counsel, accountants, auditors, tax advisors, regulators, insurers, or reinsurers of such Party or its affiliates who have a need to know such information and only to the extent such Party has made reasonable efforts to advise such person or entity to maintain confidentiality in accordance with the terms hereof; (ii) as necessary in connection with prosecuting or defending Actions regarding rights under this Settlement Agreement, any Settlement Documents or the AAT Settlement Funding Agreements; (iii) to the extent deemed necessary by counsel representing a Party or any affiliate thereof to protect the interests of such Party or affiliate in connection with either defending a derivative action against the board of directors of such Party or any affiliate thereof or responding to a shareholder demand on such Party or affiliate, in a manner calculated to maintain the confidentiality of such materials to the fullest extent possible; (iv) as required by court order or other compulsory judicial process or as required by any regulatory agency or self-regulatory organization; or (v) to the Bankruptcy Court, upon its request and in a manner calculated to maintain confidentiality of such materials to the fullest extent possible.

(b)      If any Party receives compulsory judicial process or other request (collectively, a "Request") to provide information regarding the Confidential Material, or otherwise intends to provide information regarding the Confidential Material pursuant to Section 13(a)(ii), (iii) or (iv), such Party shall promptly notify STB and every member of the Defendants Steering Committee Counsel in writing of such Request or such intent so that STB or any member of the Defendants Steering Committee Counsel may have an opportunity to oppose such disclosure, *except* that notwithstanding anything in this Agreement to the contrary, Term Lenders may disclose Confidential Material to their regulators or in response to a shareholder demand on such Term Lender or any affiliate thereof, in each case without notice to any Party.

(c)      Nothing in this Agreement is intended to or shall preclude any Party from disclosing in any way it deems appropriate its own contribution (or absence of contribution) or the contribution (or absence of contribution) of any of its insurers toward the AAT Settlement Payment.

(d)      The rights and obligations under this Section 13 shall survive termination of the Settlement Agreement.

**14.   Headings; References.**  The headings contained in this Settlement Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Settlement Agreement or of any term or provision hereof.  Unless otherwise specified, (a) all references to Sections, the Preamble, or Recitals in this Agreement refer to Sections, the Preamble, or Recitals

of this Agreement, and (b) the terms hereof, herein, herewith or the like refer to this Agreement in its entirety.

15.    **Entire Agreement**.    The Settlement Documents and the AAT Settlement Funding Agreements constitute the entire contract among the Parties relative to the subject matter hereof. The Settlement Documents supersede any previous agreements or understandings among the Parties, express or implied, with respect to the subject matter hereof.

16.    **Amendments**.    Unless otherwise stated herein, this Settlement Agreement and the provisions hereof may not be amended, supplemented, waived or otherwise modified without the prior written consent of each of the Parties (or, in the case of any change that solely modifies the benefits afforded to or the obligations of each of the Non-JPMorgan Term Lender Parties in an equivalent manner, the consent of the Defendants Steering Committee Counsel), nor may any Party seek to terminate this Settlement Agreement except in respect of a Termination Event.

17.    **No Admissions**.    Nothing in this Settlement Agreement, the other Settlement Documents, the AAT Settlement Funding Agreements or any negotiations or proceedings in connection herewith or therewith shall be claimed to be evidence of an admission by any Party or DIP Lender or their affiliates of any liability, violation of law, or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any Party, including, without limitation, the over- or under-collateralization of the obligations under the Term Loan Agreement and the claims and defenses at issue in the Cross-Claims.    Each of the Parties denies any and all wrongdoing or liability of any kind and does not concede any infirmity in the claims or defenses which it has asserted or could assert.    None of this Settlement Agreement, the other Settlement Documents, the AAT Settlement Funding Agreements or the negotiations or proceedings in connection herewith or therewith may be used in any proceeding against any Party or its affiliates for any purpose except with respect to the validity, effectuation, and enforcement of this Settlement Agreement.    The waiver by any Party of any breach of this Settlement Agreement, the Settlement Documents, or the AAT Settlement Funding Agreements shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous of this Settlement Agreement.

18.    **Counterparts; Signatures**.    This Settlement Agreement may be executed in one or more counterparts, all of which taken together shall constitute one instrument.    This Settlement Agreement may be executed and delivered manually, by facsimile transmission or by email transmission.

19.    **Governing Law; Jurisdiction**.    THIS SETTLEMENT AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO THE CONFLICT OF LAWS PRINCIPLES THEREOF.    Each Party hereby irrevocably and unconditionally submits, for itself and its property, to the exclusive jurisdiction of the Bankruptcy Court and any appellate court from such court, in any proceeding arising out of or relating to this Settlement Agreement, or for recognition or enforcement of any judgment resulting from any such proceeding, and each Party hereby irrevocably and unconditionally agrees that all claims in respect of any such suit, action, or proceeding may be heard and determined in the Bankruptcy Court.    In the event that the Bankruptcy Court does not have jurisdiction to hear and/or determine any such matter, each Party

hereby irrevocably and unconditionally submits, for itself and its property, to the exclusive jurisdiction of the New York state court located in the Borough of Manhattan, City of New York or the United States District for the Southern District of New York (as applicable, the "New York Court") with respect to any such matter.  Each Party hereby knowingly, voluntarily, intentionally, irrevocably and unconditionally waives, to the full extent it may legally and effectively do so, (a) any objection which it may now or hereafter have to the laying of venue of any proceeding arising out of or relating to the Settlement Agreement in the Bankruptcy Court or the New York Court, as applicable, specified above, (b) the defense of an inconvenient forum to the maintenance of such proceeding in any such court, and (c) the right to object, with respect to such proceeding, that such court does not have jurisdiction over such Party.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Settlement Agreement or caused this Settlement Agreement to be duly executed by their respective officers, representatives or agents, effective as of the date first above written.

**MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST,**
by Wilmington Trust Company, as Trust Administrator and Trustee

**Address:** _1100 North Market St._

_Wilmington, DE 19890_

**By:** _____
*Its duly authorized representative*

**Name:** _Beth Andrews_

**Title:** _Vice President_

**Counsel:**  Eric B. Fisher
Binder & Schwartz LLP
366 Madison Avenue, 6th Floor
New York, NY 10017
Email:  efisher@binderschwartz.com

**MOTORS LIQUIDATION COMPANY GUC TRUST,**
by Wilmington Trust Company, as Trust Administrator and Trustee

Address: 1100 NORTH MARKET ST.
WILMINGTON, DE 19890

By: _____
*Its duly authorized representative*

Name: Russell L. Crane

Title: ASSISTANT VICE PRESIDENT

Counsel: Kristin K. Going
Drinker Biddle & Reath LLP
1500 K Street, N.W.
Washington, DC 20005
Email: Kristin.Going@dbr.com

Marita S. Erbeck
Drinker Biddle & Reath LLP
600 Campus Dr.
Florham Park, NJ 07932
Email: Marita.Erbeck@dbr.com

**JPMORGAN CHASE BANK, N.A.,**
in its individual capacity and as Administrative Agent

**Address:**     4 New York Plaza, 19th Floor
New York, NY 10004

**By:** _Susan E Atkins_
*Its duly authorized representative*

Name: _Susan E. Atkins_

Title: _Managing Director_

**Counsel:**   Harold S. Novikoff
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
Email:  HSNovikoff@wlrk.com

John M. Callagy
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
Email:  JCallagy@kelleydrye.com

**SIMPSON THACHER & BARTLETT LLP**

**Address:** 425 Lexington Avenue
New York, NY  10017

By: _____

*Its duly authorized representative*

Name: _____

Title: _____

**Counsel:**  Michael J. Garvey
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Email:  mgarvey@stblaw.com

# Non-JPMorgan Initial Required Term Lender Party Signature Pages Intentionally Omitted

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *JPMorgan Chase Bank, N.A.*<br>c/o Gabriel Torres<br>4 New York Plaza, 19th Floor<br>New York, NY 10004<br>Email:  gabriel.torres@jpmchase.com | Wachtell Lipton Rosen & Katz<br>c/o Harold S. Novikoff<br>51 West 52nd Street<br>New York, NY 10019<br>Email:  HSNovikoff@wlrk.com<br><br>Kelley Drye & Warren LLP<br>c/o John M. Callagy<br>101 Park Avenue<br>New York, NY 10178<br>Email:  jcallagy@kelleydrye.com | $144,375,000.00 |
| *Arrowgrass Master Fund Ltd.*<br>c/o Andrew Trowbridge<br>Arrowgrass Capital Partners LLP<br>3rd Floor, 10 Portman Square<br>Marylebone, London, W1H6AZ<br>United Kingdom<br>Email: andrew.trowbridge@arrowgrass.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email:  elliot.moskowitz@davispolk.com | $124,952.89 |
| *Baltic Funding, LLC*<br>c/o Jason Stone<br>Bank of America<br>50 Rockefeller Plaza, 7th Floor<br>New York, NY 10020<br>Email: jason.stone@bankofamerica.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email:  elliot.moskowitz@davispolk.com | $257,045.29 |
| *Bank of America, N.A .*<br>c/o Jason Stone<br>Bank of America<br>50 Rockefeller Plaza, 7th Floor<br>New York, NY 10020<br>Email: jason.stone@bankofamerica.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email:  elliot.moskowitz@davispolk.com | $20,584.81 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

1

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Barclays Bank PLC*<br>c/o Fiona M. Fallon<br>Barclays Bank PLC<br>745 Seventh Avenue<br>New York, NY 10019<br>Email: fiona.m.fallon@barclayscapital.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $193,022.18 |
| *Bismarck CBNA Loan Funding LLC*<br>c/o James S. Goddard<br>Citi<br>388 Greenwich Street, 17th Floor<br>New York, NY 10013<br>Email: james.goddard@citi.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $0.02 |
| *Carbonado LLC*<br>c/o Hayward H. Smith<br>NatWest Markets<br>600 Washington Boulevard<br>Stamford, CT 06901<br>Email: hayward.smith@natwestmarkets.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $1,194.36 |
| *Citibank, N.A.*<br>c/o James S. Goddard<br>Citi<br>388 Greenwich Street, 17th Floor<br>New York, NY 10013<br>Email: james.goddard@citi.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $367,462.31 |
| *Citigroup Financial Products Inc.*<br>c/o James S. Goddard<br>Citi<br>388 Greenwich Street, 17th Floor<br>New York, NY 10013<br>Email: james.goddard@citi.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $367,462.31 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Deutsche Bank AG*<br>c/o Eric Herbst<br>DB USA Core Corporation<br>5201 Gate Parkway<br>Jacksonville, FL 32256<br>Email: eric.herbst@db.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $121,231.59 |
| *Diamond Springs Trading LLC*<br>c/o Jason Stone<br>Bank of America<br>50 Rockefeller Plaza, 7th Floor<br>New York, NY 10020<br>Email: jason.stone@bankofamerica.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $455.41 |
| *Goldman Sachs – ABS Loans 2007 Ltd.*<br>c/o Stephanie Goldstein<br>Goldman Sachs<br>200 West Street<br>New York, NY 10282<br>Email: stephanie.goldstein@gs.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $53,397.75 |
| *Goldman Sachs Lending Partners LLC*<br>c/o Stephanie Goldstein<br>Goldman Sachs<br>200 West Street<br>New York, NY 10282<br>Email: stephanie.goldstein@gs.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $374,184.37 |
| *Grand Central Asset Trust, WAM Series*<br>c/o Fiona M. Fallon<br>Barclays Bank PLC<br>745 Seventh Avenue<br>New York, NY 10019<br>Email: fiona.m.fallon@barclayscapital.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $58,939.98 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Loan Funding XI LLC*<br>c/o James S. Goddard<br>Citi<br>388 Greenwich Street, 17th Floor<br>New York, NY 10013<br>Email: james.goddard@citi.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $0.02 |
| *MacKay Short Duration Alpha Fund*<br>c/o Joseph-Henri Diatta<br>Nomura Bank (Luxembourg) S.A.<br>P.O. Box 289 – L-2012 Luxembourg<br>Email: joseph-henri.diatta@nomura.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $80,883.84 |
| *Marathon CLO I Ltd.*<br>c/o Nate Johnson<br>Marathon Asset Management, LP<br>One Bryant Park, 38th Floor<br>New York, NY  10036<br>Email: njohnson@marathonfund.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $49,361.16 |
| *Marathon CLO II Ltd*<br>c/o Nate Johnson<br>Marathon Asset Management, LP<br>One Bryant Park, 38th Floor<br>New York, NY  10036<br>Email: njohnson@marathonfund.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $66,791.36 |
| *Marathon Financing I, B.V.*<br>c/o Nate Johnson<br>Marathon Asset Management, LP<br>One Bryant Park, 38th Floor<br>New York, NY  10036<br>Email: njohnson@marathonfund.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $671,425.62 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Meritage Fund LLC f/k/a Meritage Fund Ltd.*<br>c/o Chief Compliance Officer<br>Meritage Group LP<br>One Ferry Building, Suite 375<br>San Francisco, CA 94111<br>Email: Meritage-cco@meritagegroup.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $17,476.15 |
| *Merrill Lynch Capital Services, Inc.*<br>c/o Jason Stone<br>Bank of America<br>50 Rockefeller Plaza, 7th Floor<br>New York, NY 10020<br>Email: jason.stone@bankofamerica.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $31,926.86 |
| *Morgan Stanley Senior Funding Inc.*<br>c/o Rebecca Winters<br>Morgan Stanley<br>1633 Broadway, 30th Floor<br>New York, NY 10019<br>Email: rebecca.winters@morganstanley.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $464,156.40 |
| *Muzinich & Company (Ireland) Ltd. for the Account of Muzinich Loan Fund Plus f/k/a Muzinich & Company (Ireland) Ltd. for the Account of Extra Yield $ Loan Fund*<br>c/o Adam Kaufman<br>Muzinich & Co., Inc.<br>450 Park Avenue<br>New York, NY 10022<br>Email: akaufman@muzinich.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $149,058.05 |
| *The Royal Bank of Scotland plc*<br>c/o Hayward H. Smith<br>NatWest Markets<br>600 Washington Boulevard<br>Stamford, CT 06901<br>Email: hayward.smith@natwestmarkets.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $516,809.88 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Arch Reinsurance Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | $2,779,541<br>[This is the aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients] |
| *Bill & Melinda Gates Foundation Trust*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Building Trades United Pension Trust Fund*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Carillon Reams Core Plus Bond Fund (formerly Frontegra Columbus Core Plus Bond Fund)*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Carpenters Pension Fund of Illinois*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Caterpillar Inc. Master Retirement Trust*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Columbus Unconstrained Bond Fund (formerly Reams Unconstrained Bond Fund)*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Connecticut General Life Insurance Company In Respect of Its Separate Account 4828CP*<br>*c/o Hahn & Hessen LLP*<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Cummins Inc. and Affiliates Collective Investment Trust*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Dallas Employee Retirement Fund*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Debello Investors LLC*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Eighth District Electrical Pension Fund*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Emerson Electric Co. Retirement Master Trust*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Employees' Retirement System of Baltimore County*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Employees' Retirement System of the City of Milwaukee*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Foothill CLO I, Ltd*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Gulf Stream – Compass CLO 2007 Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Gulf Stream – Sextant CLO 2007-1 Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Halliburton Company Employee Benefit Master Trust*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Health Forward Foundation, f/k/a Health Care Foundation of Greater Kansas City*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *ILWU/PMA Pension Plan*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Indiana Public Retirement System*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Indiana State Police Pension Trust*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Indiana University*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *J.C. Penney Corporation, Inc. Pension Plan Trust*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Kraft Heinz Foods Company & Kraft Foods Master Retirement Trust*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Kynikos Opportunity Fund II, L.P.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Kynikos Opportunity Fund International Limited*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Kynikos Opportunity Fund, L.P.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Los Angeles Fire and Police Pension Plan*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Master Trust for Certain Tax Qualified Bechtel Retirement Plans, f/k/a Master Trust for Certain Tax-Qualified Retirement Plans of Bechtel Corporation* c/o Hahn & Hessen LLP Attn: Mark T. Power 488 Madison Avenue New York, NY 10022 email:  Mpower@hahnhessen.com | Hahn & Hessen LLP c/o Mark T. Power 488 Madison Avenue New York, NY 10022 Email:  Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Master Trust Pursuant to the Retirement Plans of APL Limited & Subsidiaries* c/o Hahn & Hessen LLP Attn: Mark T. Power 488 Madison Avenue New York, NY 10022 email: MPower@hahnhessen.com | Hahn & Hessen LLP c/o Mark T. Power 488 Madison Avenue New York, NY 10022 Email:  Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Mather Foundation* c/o Hahn & Hessen LLP Attn: Mark T. Power 488 Madison Avenue New York, NY 10022 email: MPower@hahnhessen.com | Hahn & Hessen LLP c/o Mark T. Power 488 Madison Avenue New York, NY 10022 Email:  Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Montana Board of Investments* c/o Hahn & Hessen LLP Attn: Mark T. Power 488 Madison Avenue New York, NY 10022 email: MPower@hahnhessen.com | Hahn & Hessen LLP c/o Mark T. Power 488 Madison Avenue New York, NY 10022 Email:  Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Municipal Employees' Retirement System of Michigan* <br> c/o Hahn & Hessen LLP <br> Attn: Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> email: MPower@hahnhessen.com | Hahn & Hessen LLP <br> c/o Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *New Orleans Carpenters Pension Plan f/k/a Louisiana Carpenters Regional Council Pension Plan* <br> c/o Hahn & Hessen LLP <br> Attn: Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> email: MPower@hahnhessen.com | Hahn & Hessen LLP <br> c/o Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Primus CLO II Ltd.* <br> c/o Hahn & Hessen LLP <br> Attn: Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> email: MPower@hahnhessen.com | Hahn & Hessen LLP <br> c/o Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Prudential Retirement Insurance & Annuity Company, on behalf of Separate Account SA-1 8* <br> c/o Hahn & Hessen LLP <br> Attn: Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> email: MPower@hahnhessen.com | Hahn & Hessen LLP <br> c/o Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Purdue University* <br> c/o Hahn & Hessen LLP <br> Attn: Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> email: MPower@hahnhessen.com | Hahn & Hessen LLP <br> c/o Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Raytheon Master Pension Trust, with respect to accounts Logan Floating Rate Portfolio, WAMCO 3131, and Logan Mid Grade Portfolio* <br> c/o Hahn & Hessen LLP <br> Attn: Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> email: MPower@hahnhessen.com | Hahn & Hessen LLP <br> c/o Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Retirement Board of the Park Employees' and Retirement Board Employees' Annuity and Benefit Fund of Chicago* <br> c/o Hahn & Hessen LLP <br> Attn: Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> email: MPower@hahnhessen.com | Hahn & Hessen LLP <br> c/o Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Santa Barbara County Employees' Retirement System* <br> c/o Hahn & Hessen LLP <br> Attn: Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> email: MPower@hahnhessen.com | Hahn & Hessen LLP <br> c/o Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Seattle City Employees' Retirement System* <br> c/o Hahn & Hessen LLP <br> Attn: Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> email: MPower@hahnhessen.com | Hahn & Hessen LLP <br> c/o Mark T. Power <br> 488 Madison Avenue <br> New York, NY 10022 <br> Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Shinnecock CLO II Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Sonoma County Employees' Retirement Association*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *St. Luke's Health System Corporation, as successor to St. Luke's Episcopal Health System Foundation*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *State of Indiana Major Moves Construction Fund*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Stichting Bewaarder Syntrus Achmea Global High Yield Pool f/k/a Stichting Bewaarder Interpolis Pensioenen Global High Yield Pool* c/o Hahn & Hessen LLP Attn: Mark T. Power 488 Madison Avenue New York, NY 10022 email: MPower@hahnhessen.com | Hahn & Hessen LLP c/o Mark T. Power 488 Madison Avenue New York, NY 10022 Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Stichting Pensioenfonds Hoogovens* c/o Hahn & Hessen LLP Attn: Mark T. Power 488 Madison Avenue New York, NY 10022 email: MPower@hahnhessen.com | Hahn & Hessen LLP c/o Mark T. Power 488 Madison Avenue New York, NY 10022 Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Stichting Pensioenfonds Metaal en Techniek* c/o Hahn & Hessen LLP Attn: Mark T. Power 488 Madison Avenue New York, NY 10022 email: MPower@hahnhessen.com | Hahn & Hessen LLP c/o Mark T. Power 488 Madison Avenue New York, NY 10022 Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Taxable Fixed Income Managers: Portfolio 1 [Series] f/k/a Goldman Sachs GMS Core Plus Fixed Income Portfolio* c/o Hahn & Hessen LLP Attn: Mark T. Power 488 Madison Avenue New York, NY 10022 email: MPower@hahnhessen.com | Hahn & Hessen LLP c/o Mark T. Power 488 Madison Avenue New York, NY 10022 Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *The Board of Pensions of the Presbyterian Church (U.S.A.)* c/o Hahn & Hessen LLP Attn: Mark T. Power 488 Madison Avenue New York, NY 10022 email: MPower@hahnhessen.com | Hahn & Hessen LLP c/o Mark T. Power 488 Madison Avenue New York, NY 10022 Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *The Children's Hospital of Philadelphia* c/o Hahn & Hessen LLP Attn: Mark T. Power 488 Madison Avenue New York, NY 10022 email: MPower@hahnhessen.com | Hahn & Hessen LLP c/o Mark T. Power 488 Madison Avenue New York, NY 10022 Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *The Duchossois Group Inc. Pension Trust* c/o Hahn & Hessen LLP Attn: Mark T. Power 488 Madison Avenue New York, NY 10022 email: MPower@hahnhessen.com | Hahn & Hessen LLP c/o Mark T. Power 488 Madison Avenue New York, NY 10022 Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *The Rotary Foundation of Rotary International* c/o Hahn & Hessen LLP Attn: Mark T. Power 488 Madison Avenue New York, NY 10022 email: MPower@hahnhessen.com | Hahn & Hessen LLP c/o Mark T. Power 488 Madison Avenue New York, NY 10022 Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Twin Lake Total Return Partners LP f/k/a Talon Total Return Partners LP* c/o Hahn & Hessen LLP Attn: Mark T. Power 488 Madison Avenue New York, NY 10022 email: MPower@hahnhessen.com | Hahn & Hessen LLP c/o Mark T. Power 488 Madison Avenue New York, NY 10022 Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Twin Lake Total Return Partners QP LP f/k/a Talon Total Return QP Partners LP*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *University of Kentucky*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Ventura County Employees' Retirement Association*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: mPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Vulcan Ventures Incorporated*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: mPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Wexford Catalyst Investors LLC*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Wexford Spectrum Investors LLC*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email:  Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Ares Enhanced Loan Investment Strategy III, Ltd.* | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $0.00 |
| *Ares IIIR-IVR CLO Ltd.* | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $0.00 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Ares Management LLC*<br>2000 Avenue of the Stars, 12th Floor<br>Los Angeles, California 90067<br>Email: cnikolaus@aresmgmt.com<br>   on behalf of:<br>   ● ARES VIR CLO LTD<br>   ● ARES XI CLO LTD.<br>   ● Ares Enhanced Loan Investment Strategy IR, Ltd. | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $354,531.62 |
| *Ares VR CLO Ltd.* | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $0.00 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Atrium IV*<br>c/o Credit Suisse Asset Management, LLC<br>Attn: Michael Chaisanguanthum<br>Eleven Madison Avenue<br>New York, NY 10010<br>Email: michael.chaisanguanthum@credit-suisse.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $100,001.97 |
| *Atrium V*<br>c/o Credit Suisse Asset Management, LLC<br>Attn: Michael Chaisanguanthum<br>Eleven Madison Avenue<br>New York, NY 10010<br>Email: michael.chaisanguanthum@credit-suisse.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $284,733.39 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Avery Point CLO, Limited*<br>c/o James Goldman<br>200 Clarendon Street<br>Boston, MA 02116<br>Email: JGoldman@baincapital.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $394,241.57 |
| *Bentham Syndicated Loan Fund*<br>c/o Credit Suisse Asset Management, LLC<br>Attn: Michael Chaisanguanthum<br>Eleven Madison Avenue<br>New York, NY 10010<br>Email: michael.chaisanguanthum@credit-suisse.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $228,281.41 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Black Diamond CLO 2005-1 Adviser, L.L.C.*<br>c/o Sam Goldfarb<br>One Sound Shore Drive, Suite 200<br>Greenwich, CT 06830<br>Email: sgoldfarb@bdcm.com<br>    on behalf of: Black Diamond CLO 2005-1 Ltd. | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $1,685,580.65 |
| *Black Diamond CLO 2005-2 Adviser, L.L.C.*<br>c/o Sam Goldfarb<br>One Sound Shore Drive, Suite 200<br>Greenwich, CT 06830<br>Email: sgoldfarb@bdcm.com<br>    on behalf of: Black Diamond CLO 2005-2 Ltd. | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $1,355,987.75 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Black Diamond CLO 2006-1 Adviser, L.L.C.*<br>c/o Sam Goldfarb<br>One Sound Shore Drive, Suite 200<br>Greenwich, CT 06830<br>Email: sgoldfarb@bdcm.com<br>    on behalf of: Black Diamond CLO 2006-1 (Cayman) Ltd. | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $1,735,298.46 |
| *Black Diamond International Funding, Ltd.*<br>c/o Sam Goldfarb<br>One Sound Shore Drive, Suite 200<br>Greenwich, CT 06830<br>Email: sgoldfarb@bdcm.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $3,402,693.50 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

24

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Board of Retirement of the San Diego County Employees Retirement Association*<br>Attn: Brant Will<br>2275 Rio Bonito Way, Suite 100<br>San Diego, CA 92108<br>Email: BWill@sdcera.org | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $20,734.99 |
| *Castle Garden Funding*<br>c/o Credit Suisse Asset Management, LLC<br>Attn: Michael Chaisanguanthum<br>Eleven Madison Avenue<br>New York, NY 10010<br>Email: michael.chaisanguanthum@credit-suisse.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $228,281.41 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Chatham Light II CLO, Limited*<br>c/o James Goldman<br>200 Clarendon Street<br>Boston, MA 02116<br>Email: JGoldman@baincapital.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $295,834.94 |
| *Eaton Vance CDO IX, Ltd.*<br>c/o Chris Fortier<br>Two International Place<br>Boston, MA 02110<br>Email: CFortier@EatonVance.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $265,865.64 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

26

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Eaton Vance CDO VIII, Ltd .*<br>c/o Chris Fortier<br>Two International Place<br>Boston, MA 02110<br>Email: CFortier@EatonVance.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $461,443.63 |
| *Eaton Vance CDO X PLC*<br>c/o Chris Fortier<br>Two International Place<br>Boston, MA 02110<br>Email: CFortier@EatonVance.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $230,432.32 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Eaton Vance Floating Rate Income Trust*<br>c/o Chris Fortier<br>Two International Place<br>Boston, MA 02110<br>Email: CFortier@EatonVance.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $475,369.35 |
| *Eaton Vance Floating Rate Portfolio*<br>c/o Chris Fortier<br>Two International Place<br>Boston, MA 02110<br>Email: CFortier@EatonVance.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $1,214,506.55 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Eaton Vance International (Cayman Islands) Floating Rate Income Portfolio*<br>c/o Chris Fortier<br>Two International Place<br>Boston, MA 02110<br>Email: CFortier@EatonVance.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $172,202.26 |
| *Eaton Vance Limited Duration Income Fund*<br>c/o Chris Fortier<br>Two International Place<br>Boston, MA 02110<br>Email: CFortier@EatonVance.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $512,008.15 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Eaton Vance Management*<br>c/o Chris Fortier<br>Two International Place<br>Boston, MA 02110<br>Email: CFortier@EatonVance.com<br>    on behalf of: Eaton Vance Institutional Senior Loan Fund | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $1,842,127.22 |
| *Eaton Vance Senior Debt Portfolio*<br>c/o Chris Fortier<br>Two International Place<br>Boston, MA 02110<br>Email: CFortier@EatonVance.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $731,413.93 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Eaton Vance Senior Floating Rate Trust*<br>c/o Chris Fortier<br>Two International Place<br>Boston, MA 02110<br>Email: CFortier@EatonVance.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $398,363.50 |
| *Eaton Vance Senior Income Trust*<br>c/o Chris Fortier<br>Two International Place<br>Boston, MA 02110<br>Email: CFortier@EatonVance.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $205,088.40 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Eaton Vance Short Duration Diversified Income Fund* c/o Chris Fortier Two International Place Boston, MA 02110 Email: CFortier@EatonVance.com | Jones Day c/o Christopher DiPompeo 51 Louisiana Ave., N.W. Washington, D.C. 20001 Email: cdipompeo@jonesday.com Munger, Tolles & Olson LLP c/o Nicholas Fram 560 Mission St., 27th Floor San Francisco, CA 94105 Email: nicholas.fram@mto.com | $105,975.23 |
| *Eaton Vance Variable Trust Floating Rate Income Fund* c/o Chris Fortier Two International Place Boston, MA 02110 Email: CFortier@EatonVance.com | Jones Day c/o Christopher DiPompeo 51 Louisiana Ave., N.W. Washington, D.C. 20001 Email: cdipompeo@jonesday.com Munger, Tolles & Olson LLP c/o Nicholas Fram 560 Mission St., 27th Floor San Francisco, CA 94105 Email: nicholas.fram@mto.com | $661,541.29 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *FCA US LLC Pension Investment Committee on behalf of the FCA US LLC Master Retirement Trust*<br>Attn: Robert Watson (or Jing Ling, Jeff Pickett, or Michael Groebe)<br>555 Chrysler Drive<br>Auburn Hills, MI 48326<br>Email: robert.watson@fcagroup.com<br>Email: jing.ling@fcagroup.com<br>Email: jeff.pickett@fcagroup.com<br>Email: michael.groebe@fcagroup.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $100,622.13 |
| *FIAM Floating Rate High Income Commingled Pool*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $188,351.05 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *FIAM High Yield Bond Commingled Pool*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $2,804.23 |
| *FIAM High Yield Fund, LLC*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $27,107.60 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Fidelity Advisor Series I: Fidelity Advisor Floating Rate High Income Fund*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $265,701.17 |
| *Fidelity Advisor Series I: Fidelity Advisor High Income Advantage Fund*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $584,215.42 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Fidelity Advisor Series II: Fidelity Advisor Strategic Income Fund*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $2,793,951.80 |
| *Fidelity Advisor Strategic Income Fund, a series of Fidelity Advisor Series II, as successor in interest to Fidelity Strategic Income Fund, a series of Fidelity School Street Trust*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $2,326,813.16 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Fidelity American High Yield Fund*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $4,440.04 |
| *Fidelity Canadian Asset Allocation Fund*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $4,907.41 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Fidelity Central Investment Portfolios LLC: Fidelity Floating Rate Central Fund*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $3,764,216.77 |
| *Fidelity Central Investment Portfolios LLC: Fidelity High Income Central Fund 1*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $701.06 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Fidelity Central Investment Portfolios LLC: Fidelity High Income Central Fund 2* c/o Fidelity Investments Attn: Colm Hogan Mail Code: V10F 245 Summer St. Boston MA 02210 Email: Colm.Hogan@FMR.com | Jones Day c/o Christopher DiPompeo 51 Louisiana Ave., N.W. Washington, D.C. 20001 Email: cdipompeo@jonesday.com Munger, Tolles & Olson LLP c/o Nicholas Fram 560 Mission St., 27th Floor San Francisco, CA 94105 Email: nicholas.fram@mto.com | $151,194.95 |
| *Fidelity High Income Fund, a series of Fidelity Summer Street Trust, as successor in interest to Fidelity Advisor High Income Fund, a series of Fidelity Advisor Series I* c/o Fidelity Investments Attn: Colm Hogan Mail Code: V10F 245 Summer St. Boston MA 02210 Email: Colm.Hogan@FMR.com | Jones Day c/o Christopher DiPompeo 51 Louisiana Ave., N.W. Washington, D.C. 20001 Email: cdipompeo@jonesday.com Munger, Tolles & Olson LLP c/o Nicholas Fram 560 Mission St., 27th Floor San Francisco, CA 94105 Email: nicholas.fram@mto.com | $934.74 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Fidelity Income Fund: Fidelity Total Bond Fund*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $1,402.12 |
| *Fidelity Puritan Trust: Fidelity Puritan Fund*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $4,673.72 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Fidelity Summer Street Trust: Fidelity Capital & Income Fund*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $11,588,029.62 |
| *Fidelity Summer Street Trust: Fidelity High Income Fund*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $1,517,090.59 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *First Trust Advisors L.P.*<br>c/o First Trust Portfolios L.P.<br>Attn: Amy Lum<br>Assistant General Counsel<br>500 W. 5th Street, 8th Floor<br>Austin, Texas 78701<br>Email: ALum@ftportfolios.com<br>    on behalf of: First Trust/Four Corners Senior Floating Rate Income Fund | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $267,081.23 |
| *First Trust Senior Floating Rate Income Fund II*<br>c/o First Trust Portfolios L.P.<br>Attn: Amy Lum<br>Assistant General Counsel<br>500 W. 5th Street, 8th Floor<br>Austin, Texas 78701<br>Email: ALum@ftportfolios.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $790,222.18 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *General Electric Capital Corporation* | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $0.00 |
| *General Electric Pension Trust*<br>c/o GE Capital<br>Attn: Megan Easley<br>901 Main Avenue<br>Norwalk, CT 06851<br>Email: Megan.Easley@ge.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $573,479.77 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *IBM Personal Pension Plan Trust*<br>C/o IBM Corporation<br>Attn: Jihwan Kim<br>1 North Castle Drive<br>Armonk, NY 10504<br>Email: jihwank@us.ibm.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $14,484.57 |
| *International Paper Company Commingled Investment Group Trust*<br>C/o Carol Tusch (or Mary Jane Palmer)<br>6400 Poplar Avenue<br>Memphis, TN 38197<br>Email: carol.tusch@ipaper.com<br>Email: MaryJane.Palmer@ipaper.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $39,355.93 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Iowa Public Employees' Retirement System*<br>Attn: Keith Scholten (or Gregg Schochenmaier)<br>7401 Register Drive PO Box 9117<br>Des Moines, IA 50306-9117<br>Email: keith.scholten@ipers.org<br>Email: gregg.schochenmaier@ipers.org | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $108,226.41 |
| *Jersey Street CLO, Ltd.*<br>c/o MFS<br>Attn: Matthew Stowe<br>111 Huntington Avenue<br>Boston, MA 02199<br>Email: MStowe@MFS.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $121,681.20 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Katonah III, Ltd.*<br>c/o James Goldman<br>200 Clarendon Street<br>Boston, MA 02116<br>Email: JGoldman@baincapital.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $13,223.39 |
| *Katonah IV, Ltd.*<br>c/o James Goldman<br>200 Clarendon Street<br>Boston, MA 02116<br>Email: JGoldman@baincapital.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $16,298.60 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Madison Park Funding I, Ltd.* | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $0.00 |
| *Madison Park Funding II, Ltd.*<br>c/o Credit Suisse Asset Management, LLC<br>Attn: Michael Chaisanguanthum<br>Eleven Madison Avenue<br>New York, NY 10010<br>Email: michael.chaisanguanthum@credit-suisse.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $139,893.18 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Madison Park Funding III, Ltd.*<br>c/o Credit Suisse Asset Management, LLC<br>Attn: Michael Chaisanguanthum<br>Eleven Madison Avenue<br>New York, NY 10010<br>Email: michael.chaisanguanthum@credit-suisse.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $139,893.18 |
| *Madison Park Funding V, Ltd.* | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $0.00 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Madison Park Funding VI, Ltd.*<br>c/o Credit Suisse Asset Management, LLC<br>Attn: Michael Chaisanguanthum<br>Eleven Madison Avenue<br>New York, NY 10010<br>Email: michael.chaisanguanthum@credit-suisse.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $228,281.41 |
| *Madison Park Funding XXVI, Ltd.*<br>c/o Credit Suisse Asset Management, LLC<br>Attn: Michael Chaisanguanthum<br>Eleven Madison Avenue<br>New York, NY 10010<br>Email: michael.chaisanguanthum@credit-suisse.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $228,281.41 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Marlborough Street CLO, Ltd.*<br>c/o MFS<br>Attn: Matthew Stowe<br>111 Huntington Avenue<br>Boston, MA 02199<br>Email: MStowe@MFS.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $115,492.35 |
| *Metropolitan West Asset Management, LLC*<br>Attn: Eric Hausner<br>865 S. Figueroa St., Suite 1800<br>Los Angeles, CA 90017<br>Email: Eric.Hausner@tcw.com<br>    on behalf of:<br>METROPOLITAN WEST HIGH YIELD BOND FUND | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $349,485.43 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *MFS Charter Income Trust*<br>c/o MFS<br>Attn: Matthew Stowe<br>111 Huntington Avenue<br>Boston, MA 02199<br>Email: MStowe@MFS.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $141,457.65 |
| *MFS Intermarket Income Trust I*<br>c/o MFS<br>Attn: Matthew Stowe<br>111 Huntington Avenue<br>Boston, MA 02199<br>Email: MStowe@MFS.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $23,407.18 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *MFS Intermediate High Income Fund*<br>c/o MFS<br>Attn: Matthew Stowe<br>111 Huntington Avenue<br>Boston, MA 02199<br>Email: MStowe@MFS.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $42,055.62 |
| *MFS Meridian Funds on behalf of Global High Yield Fund f/k/a*<br>*MFS Meridian Funds on behalf of MFS Floating Rate Income Fund*<br>c/o MFS<br>Attn: Matthew Stowe<br>111 Huntington Avenue<br>Boston, MA 02199<br>Email: MStowe@MFS.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $177.98 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *MFS Multimarket Income Trust* c/o MFS Attn: Matthew Stowe 111 Huntington Avenue Boston, MA 02199 Email: MStowe@MFS.com | Jones Day c/o Christopher DiPompeo 51 Louisiana Ave., N.W. Washington, D.C. 20001 Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP c/o Nicholas Fram 560 Mission St., 27th Floor San Francisco, CA 94105 Email: nicholas.fram@mto.com | $83,124.53 |
| *MFS Series Trust III on behalf of MFS Global High Yield Fund f/k/a MFS Series Trust II on behalf of MFS High Yield Opportunities Fund* c/o MFS Attn: Matthew Stowe 111 Huntington Avenue Boston, MA 02199 Email: MStowe@MFS.com | Jones Day c/o Christopher DiPompeo 51 Louisiana Ave., N.W. Washington, D.C. 20001 Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP c/o Nicholas Fram 560 Mission St., 27th Floor San Francisco, CA 94105 Email: nicholas.fram@mto.com | $335,468.84 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *MFS Series Trust III on behalf of MFS High Income Fund f/k/a MFS Series Trust X on behalf of MFS Floating Rate High Income Fund* c/o MFS Attn: Matthew Stowe 111 Huntington Avenue Boston, MA 02199 Email: MStowe@MFS.com | Jones Day c/o Christopher DiPompeo 51 Louisiana Ave., N.W. Washington, D.C. 20001 Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP c/o Nicholas Fram 560 Mission St., 27th Floor San Francisco, CA 94105 Email: nicholas.fram@mto.com | $79,117.06 |
| *MFS Series Trust III on behalf of MFS High Income Fund* c/o MFS Attn: Matthew Stowe 111 Huntington Avenue Boston, MA 02199 Email: MStowe@MFS.com | Jones Day c/o Christopher DiPompeo 51 Louisiana Ave., N.W. Washington, D.C. 20001 Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP c/o Nicholas Fram 560 Mission St., 27th Floor San Francisco, CA 94105 Email: nicholas.fram@mto.com | $594,369.74 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *MFS Series Trust VIII on behalf of MFS Strategic Income Fund*<br>c/o MFS<br>Attn: Matthew Stowe<br>111 Huntington Avenue<br>Boston, MA 02199<br>Email: MStowe@MFS.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $63,091.85 |
| *MFS Series Trust XIII on behalf of MFS Diversified Income Fund*<br>c/o MFS<br>Attn: Matthew Stowe<br>111 Huntington Avenue<br>Boston, MA 02199<br>Email: MStowe@MFS.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $41,544.44 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *MFS Special Value Trust*<br>c/o MFS<br>Attn: Matthew Stowe<br>111 Huntington Avenue<br>Boston, MA 02199<br>Email: MStowe@MFS.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $30,906.53 |
| *MFS Variable Insurance Trust II on behalf of MFS High Yield Portfolio f/k/a High Yield Variable Account*<br>c/o MFS<br>Attn: Matthew Stowe<br>111 Huntington Avenue<br>Boston, MA 02199<br>Email: MStowe@MFS.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $30,603.78 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *MFS Variable Insurance Trust II on behalf of MFS High Yield Portfolio f/k/a MFS Variable Insurance Trust on behalf of MFS High Income Series*<br>c/o MFS<br>Attn: Matthew Stowe<br>111 Huntington Avenue<br>Boston, MA 02199<br>Email: MStowe@MFS.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $198,427.49 |
| *MFS Variable Insurance Trust II on behalf of MFS High Yield Portfolio*<br>c/o MFS<br>Attn: Matthew Stowe<br>111 Huntington Avenue<br>Boston, MA 02199<br>Email: MStowe@MFS.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $182,838.69 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *MFS Variable Insurance Trust II on behalf of MFS Strategic Income Portfolio f/k/a MFS Variable Insurance Trust on behalf of MFS Strategic Income Series*<br>c/o MFS<br>Attn: Matthew Stowe<br>111 Huntington Avenue<br>Boston, MA 02199<br>Email: MStowe@MFS.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $7,579.43 |
| *MFS Variable Insurance Trust II on behalf of MFS Strategic Income Portfolio*<br>c/o MFS<br>Attn: Matthew Stowe<br>111 Huntington Avenue<br>Boston, MA 02199<br>Email: MStowe@MFS.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $13,574.59 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Microsoft Global Finance*<br>Attn: Brad Faulhaber<br>One Microsoft Way<br>Redmond, WA 98052<br>Email: bradfa@microsoft.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $74,394.49 |
| *NAPIER PARK DISTRESSED DEBT OPPORTUNITY MASTER FUND LTD.*<br>Attn: Jeffrey Traum<br>280 PARK AVE, 3RD FLOOR<br>NEW YORK, NY 10017<br>Email: legal@napierparkglobal.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $341,265.76 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Nash Point CLO Unlimited Company* c/o James Goldman 200 Clarendon Street Boston, MA 02116 Email: JGoldman@baincapital.com | Jones Day c/o Christopher DiPompeo 51 Louisiana Ave., N.W. Washington, D.C. 20001 Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP c/o Nicholas Fram 560 Mission St., 27th Floor San Francisco, CA 94105 Email: nicholas.fram@mto.com | $623,959.56 |
| *Northern Trust Global Advisors, Inc., as Named Fiduciary to the Central States, Southeast, and Southwest Area Pension Fund* Attn: John Serfling (or John Amberg) Northern Trust Investments, Inc. 50 South LaSalle Street, M-15 Chicago, Illinois 60603 Email: jls3@ntrs.com Email: jja11@ntrs.com | Munger, Tolles & Olson LLP c/o Nicholas Fram 560 Mission St., 27th Floor San Francisco, CA 94105 Email: nicholas.fram@mto.com | $16,463.46 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Oaktree Fund GP II, L.P.*<br>C/o Oaktree Capital Management, L.P.<br>Attn: Martin Boskovich<br>333 South Grand Ave., 28th Floor<br>Los Angeles, CA 90071<br>Email: mboskovich@oaktreecapital.com<br>       on behalf of: Oaktree Loan Fund, L.P. | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $6,026,562.87 |
| *Oaktree High Yield Bond Fund, L.P.*<br>C/o Oaktree Capital Management, L.P.<br>Attn: Martin Boskovich<br>333 South Grand Ave., 28th Floor<br>Los Angeles, CA 90071<br>Email: mboskovich@oaktreecapital.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $83,768.12 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Oaktree High Yield Fund II, L.P.*<br>C/o Oaktree Capital Management, L.P.<br>Attn: Martin Boskovich<br>333 South Grand Ave., 28th Floor<br>Los Angeles, CA 90071<br>Email: mboskovich@oaktreecapital.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $293,978.68 |
| *Oaktree High Yield Plus Fund, L.P.*<br>C/o Oaktree Capital Management, L.P.<br>Attn: Martin Boskovich<br>333 South Grand Ave., 28th Floor<br>Los Angeles, CA 90071<br>Email: mboskovich@oaktreecapital.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $2,288,608.19 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Oaktree Loan Fund 2x (Cayman), L.P.*<br>C/o Oaktree Capital Management, L.P.<br>Attn: Martin Boskovich<br>333 South Grand Ave., 28th Floor<br>Los Angeles, CA 90071<br>Email: mboskovich@oaktreecapital.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $6,695,127.28 |
| *Oaktree Senior Loan Fund, L.P.*<br>C/o Oaktree Capital Management, L.P.<br>Attn: Martin Boskovich<br>333 South Grand Ave., 28th Floor<br>Los Angeles, CA 90071<br>Email: mboskovich@oaktreecapital.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $232,337.99 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *OCM High Yield Trust*<br>C/o Oaktree Capital Management, L.P.<br>Attn: Martin Boskovich<br>333 South Grand Ave., 28th Floor<br>Los Angeles, CA 90071<br>Email: mboskovich@oaktreecapital.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $184,922.07 |
| *Pacific Gas and Electric Company Postretirement Medical Plan Trust - Non-Management Employees and Retirees*<br>Attn: Ted Huntley (or Robin Reilly)<br>P.O. Box 7442<br>San Francisco, CA 94120<br>Email: txh8@pge.com<br>Email: r1ra@pge.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $3,254.08 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *PG&E Corporation Retirement Master Trust*<br>Attn: Ted Huntley (or Robin Reilly)<br>P.O. Box 7442<br>San Francisco, CA 94120<br>Email: txh8@pge.com<br>Email: r1ra@pge.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $45,557.12 |
| *Race Point II CLO, Limited*<br>c/o James Goldman<br>200 Clarendon Street<br>Boston, MA 02116<br>Email: JGoldman@baincapital.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $435,449.35 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Race Point III CLO Public Unlimited Company*<br>c/o James Goldman<br>200 Clarendon Street<br>Boston, MA 02116<br>Email: JGoldman@baincapital.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $317,668.91 |
| *Race Point IV CLO, Ltd.*<br>c/o James Goldman<br>200 Clarendon Street<br>Boston, MA 02116<br>Email: JGoldman@baincapital.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $626,727.24 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Sankaty Special Situations I Grantor Trust*<br>c/o James Goldman<br>200 Clarendon Street<br>Boston, MA 02116<br>Email: JGoldman@baincapital.com<br>    on behalf of: SSS Funding II LLC | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $351,803.71 |
| *State Teachers Retirement System of Ohio*<br>Attn: Mark Maxwell (or Ryan Collins)<br>275 East Broad Street<br>Columbus, Ohio 43215<br>Email: MaxwellM@strsoh.org<br>Email: CollinsR@strsoh.org | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $61,099.68 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *TCW Asset Management Company LLC*<br>Attn: Eric Hausner<br>865 S. Figueroa St., Suite 1800<br>Los Angeles, CA 90017<br>Email: Eric.Hausner@tcw.com<br>   on behalf of:<br>   ● CRESCENT SENIOR SECURED FLOATING RATE LOAN FUND, LLC<br>    ● MOMENTUM CAPITAL FUND LTD<br>    ● TCW HIGH INCOME PARTNERS, LTD.<br>    ● TCW SENIOR SECURED LOAN FUND, L.P.<br>    ● VITESSE CLO, LTD.<br>    ● VELOCITY CLO, LTD.<br>    ● WEST BEND MUTUAL INSURANCE COMPANY<br>    ● RGA Reinsurance Company | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $1,397,946.54 |
| *Texas County & District Retirement System*<br>Attn: Sandra Bragg (or Ann McGeehan)<br>901 Mopac S., Barton Oaks Plaza IV, Ste. 500<br>Austin, TX 78746<br>Email: sandra@tcdrs.org<br>Email: ann@tcdrs.org | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $87,517.96 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *TMCT II, LLC*<br>Attn: William Steinhart, Jr. (or Mike Jenkins)<br>100 East Corson Street, Suite 200<br>Pasadena, CA  91103<br>Email: wstinehart@gibsondunn.com<br>Email: MJenkins@lhmp.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $14,055.96 |
| *TMCT, LLC*<br>Attn: William Steinhart, Jr. (or Mike Jenkins)<br>100 East Corson Street, Suite 200<br>Pasadena, CA  91103<br>Email: wstinehart@gibsondunn.com<br>Email: MJenkins@lhmp.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $13,976.82 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Transamerica Aegon High Yield Bond VP, a series of Transamerica Series Trust*<br>c/o Transamerica<br>Attn: Rhonda Mills<br>1801 California Street, Suite 5200<br>Denver, CO  80202<br>Email: rhonda.mills@transamerica.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $350,030.83 |
| *Variable Insurance Products Fund : High Income Portfolio*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $3,271.61 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Variable Insurance Products Fund V: Strategic Income Portfolio*<br>c/o Fidelity Investments<br>Attn: Colm Hogan<br>Mail Code: V10F<br>245 Summer St.<br>Boston MA 02210<br>Email: Colm.Hogan@FMR.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $138,809.58 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Wells Fargo Bank, N.A.*<br>Attn: Joel Brighton, Legal Department<br>MAC: D1130-161<br>Two Wells Fargo Center<br>301 S. Tryon St., Suite 1615<br>Charlotte, NC 28202<br>Email: joel.brighton@wellsfargo.com<br>    on behalf of:<br>    ● Wells Fargo Principal Investments, LLC<br>    ● Wells Fargo High Yield Bond Fund, a series of Wells Fargo Funds Trust<br>    ● Wells Fargo Income Opportunities Fund<br>    ● Wells Fargo Multi-Sector Income Fund<br>    ● Wells Fargo Utilities and High Income Fund<br>    ● High Yield Bond Fund, a series of 525 Market Street Fund LLC<br>    ● Wells Fargo & Company Master Pension Trust<br>    ● Wells Fargo Core Plus Bond Fund, a series of Wells Fargo Funds Trust<br>    ● Los Angeles Department Water and Power Employees' Retirement, Disability and Death Benefit Insurance Plan | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $2,493,630.92 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Western Asset Management Company, LLC*<br>Attn: Adam Wright, Legal Department<br>385 East Colorado Blvd.<br>Pasadena, CA 91101<br>Email: Adam.Wright@westernasset.com<br>    on behalf of:<br>    ● Mt. Wilson CLO II, Ltd.<br>    ● Legg Mason ClearBridge Capital & Income Fund<br>    ● Western Asset Floating Rate High Income Fund, LLC | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $2,087,462.13 |
| *Westpath Benefits and Investments*<br>Attn: Constance Christian (or Frank Holsteen or Rashed Khan)<br>1901 Chestnut Avenue<br>Glenview, IL  60025<br>Email: cchristian@wespath.org<br>Email: fholsteen@wespath.org<br>Email: rkhan@wespath.org | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $41,467.56 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

73

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *BBT Master Fund, L.P.*<br>*BBT Fund, L.P.*<br>*SRI Fund, L.P.*<br>c/o Kasowitz Benson Torres LLP<br>Attn: Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $137,561.72 |
| *BlackRock Corporate High Yield Fund, Inc.*<br>*BlackRock Debt Strategies Fund, Inc.*<br>*BlackRock Floating Rate Income Strategies Fund Inc.*<br>*BlackRock High Yield Bond Portfolio, a series of BlackRock Funds II*<br>*High Yield Bond Portfolio*<br>*BlackRock Senior Income Series II*<br>*BlackRock Senior Income Series IV*<br>*R3 Capital Partners Master L.P.*<br>*BGIS Income Strategies Portfolio*<br>c/o Kasowitz Benson Torres LLP<br>Attn: Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $317,944.55 |
| *California State Teachers' Retirement System*<br>c/o Kasowitz Benson Torres LLP<br>Attn: Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $107,983.77 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Delaware Strategic Income Fund, a series of Delaware Group Government Fund (fka Delaware Core Plus Bond Fund); Delaware Corporate Bond Fund, a series of Delaware Group Income Funds; Delaware Diversified Income Fund, a series of Delaware Group Adviser Funds; Delaware Investments Dividend and Income Fund, Inc.; Delaware Wealth Builder Fund, a series of Delaware Group Equity Fund V (fka Delaware Dividend Income Fund); Macquarie Core Bond Portfolio, a series of Delaware Pooled Trust (fka The Core Plus Fixed Income Portfolio); Macquarie High Yield Bond Portfolio, a series of Delaware Pooled Trust (fka The High-Yield Bond Portfolio); Delaware Enhanced Global Dividend and Income Fund; Delaware Extended Duration Bond Fund, a series of Delaware Group Income Funds; Delaware High-Yield Opportunities Fund, a series of Delaware Group Income Funds (on its own behalf and as successor to Delaware Delchester Fund, a series of Delaware Group Income Funds); Delaware VIP Diversified Income Series, a series of Delaware VIP Trust; Delaware VIP High A17Yield Series, a series of Delaware VIP Trust; Optimum Fixed Income Fund, a series of Optimum Fund Trust*<br>c/o Kasowitz Benson Torres LLP<br>Attn: Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $614,546.58 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Fortress Credit Investments I Ltd.*<br>*Fortress Credit Investments II Ltd.*<br>*Drawbridge Special Opportunities Fund LP*<br>*Drawbridge Special Opportunities Fund Ltd.*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $990,543.73 |
| *Four Corners CLO II Ltd.*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $27,494.11 |
| *Four Corners CLO III Ltd.*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $27,494.21 |
| *Guggenheim High Yield Fund*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $47,653.07 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Guggenheim Portfolio Company X, LLC*<br>*GPC 69 LLC*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email:  Aglenn@kasowitz.com | $145,244.77 |
| *Houston Police Officers' Pension System*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email:  Aglenn@kasowitz.com | $7,949.00 |
| *Illinois Municipal Retirement Fund*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email:  Aglenn@kasowitz.com | $45,106.92 |
| *JHF II Floating Rate Income Fund*<br>*JHF II High Yield Bond Fund*<br>*JHVIT Floating Rate Income Trust*<br>*JHVIT High Yield Bond Trust*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email:  Aglenn@kasowitz.com | $1,419,873.28 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Lord Abbett Investment Trust - Lord Abbett High Yield Fund*<br>*Lord Abbett Investment Trust - Lord Abbett Floating Rate Fund*<br>c/o Kasowitz Benson Torres LLP<br>Attn: Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $72,847.21 |
| *LVIP Delaware Bond Fund, a series of Lincoln Variable Insurance Products Trust*<br>*LVIP JP Morgan Retirement Income Fund (the successor to LVIP Delaware Foundation® Conservative Allocation Fund, a series of Lincoln Variable Insurance Products Trust and the LVIP Delaware Managed Fund)*<br>c/o Kasowitz Benson Torres LLP<br>Attn: Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $1,444.80 |
| *Mason Capital, Ltd.*<br>*Mason Capital, LP*<br>c/o Kasowitz Benson Torres LLP<br>Attn: Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $1,204,660.71 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Missouri State Employees' Retirement System*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email:  Aglenn@kasowitz.com | $23,983.68 |
| *Neuberger Berman High Yield Strategies Fund Inc. (f/k/a Lehman Brothers First Trust Income Opportunity Fund)*<br>*Neuberger Berman High Income Bond Fund (f/k/a Lehman Brothers High Income Bond Fund)*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email:  Aglenn@kasowitz.com | $122,065.35 |
| *New York Life Insurance Company on behalf of itself, its subsidiaries, and any fund, account, pool, or investment vehicle owned, managed or advised by New York Life Insurance Company, including but not limited to MacKay New York Life Insurance Company (Guaranteed Products), New York Life Insurance Company Guaranteed Products, New York Life Insurance Company (Guaranteed Products), New York Life Insurance Company GP – Portable Alpha, and MacKay Shields Core Plus Alpha Fund Ltd*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email:  Aglenn@kasowitz.com | $41,026.32 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *North Dakota State Investment Board*<br>c/o Kasowitz Benson Torres LLP<br>Attn: Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $9,550.20 |
| *PIMCO 1464 - Freescale Semiconductor Inc. Retirement Savings*<br>c/o Kasowitz Benson Torres LLP<br>Attn: Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $67,482.48 |
| *PIMCO Income Strategy Fund*<br>*PIMCO Income Strategy Fund II*<br>*Red River HYPi, L.P.*<br>*PIMCO Cayman Trust: PIMCO Cayman Bank Loan Fund*<br>*StocksPLUS, Sub-Fund B, LLC*<br>*PIMCO Funds: PIMCO Total Return Fund*<br>*PIMCO Funds: Private Account Portfolio Series High Yield Portfolio*<br>*PIMCO Funds: Global Investors Series plc, Global Investment Grade Credit Fund*<br>*GIS Global Investment Grade Credit Fund*<br>*Fairway Loan Funding Company*<br>*Mayport CLO, Ltd.*<br>*Portola CLO, Ltd.*<br>c/o Kasowitz Benson Torres LLP<br>Attn: Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $131,057.68 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Plumbers & Pipefitters National Pension Fund*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email:  Aglenn@kasowitz.com | $72,374.00 |
| *Putnam Floating Rate Income Fund*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email:  Aglenn@kasowitz.com | $42,362.49 |
| *Russell Investment Company Russell Strategic Bond Fund*<br>*Russell Institutional Funds LLC Russell Core Bond Fund*<br>*Russell Investment Company plc Russell U.S. Bond Fund*<br>*Russell Investment Company plc on behalf of its sub-fund The*<br>*Global Strategic Yield Fund, and its successor funds, and Multi-*<br>*Style, Multi-Manager Fund plc on behalf of its sub-fund, The*<br>*Global Strategic Yield Fund*<br>*Russell Trust Company Russell Multi-Manager Bond Fund*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email:  Aglenn@kasowitz.com | $57,791.05 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Solus Core Opportunities Master Fund* <br> *Sola Ltd* <br> *Ultra Master Ltd* <br> c/o Kasowitz Benson Torres LLP <br> Attn: Andrew K. Glenn <br> 1633 Broadway <br> New York, NY 10019 <br> Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP <br> c/o Andrew K. Glenn <br> 1633 Broadway <br> New York, NY 10019 <br> Email: Aglenn@kasowitz.com | $96,900.74 |
| *Taconic Capital Partners 1.5 L.P.* <br> *Taconic Market Dislocation Fund II L.P.* <br> *Taconic Market Dislocation Master Fund II L.P.* <br> *Taconic Opportunity Fund L.P.* <br> c/o Kasowitz Benson Torres LLP <br> Attn: Andrew K. Glenn <br> 1633 Broadway <br> New York, NY 10019 <br> Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP <br> c/o Andrew K. Glenn <br> 1633 Broadway <br> New York, NY 10019 <br> Email: Aglenn@kasowitz.com | $2,337,485.31 |
| *The Lincoln National Life Insurance Company Separate Account 12* <br> *The Lincoln National Life Insurance Company Separate Account 20* <br> c/o Kasowitz Benson Torres LLP <br> Attn: Andrew K. Glenn <br> 1633 Broadway <br> New York, NY 10019 <br> Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP <br> c/o Andrew K. Glenn <br> 1633 Broadway <br> New York, NY 10019 <br> Email: Aglenn@kasowitz.com | $22,280.86 |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Initial Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Thrivent Financial for Lutherans*<br>*Thrivent High Yield Fund, a series of Thrivent Mutual Funds*<br>*Thrivent High Yield Portfolio, a series of Thrivent Series Fund, Inc.*<br>*Thrivent Income Fund, a series of Thrivent Mutual Funds*<br>*Thrivent Income Portfolio, a series of Thrivent Series Fund, Inc.*<br>c/o Kasowitz Benson Torres LLP<br>Attn: Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $423,366.47 |
| *Virginia Retirement System*<br>c/o Kasowitz Benson Torres LLP<br>Attn: Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $118,080.65 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Remaining Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Grand Central Asset Trust, SIL Series*<br>c/o Fiona M. Fallon<br>Barclays Bank PLC<br>745 Seventh Avenue<br>New York, NY 10019<br>Email: fiona.m.fallon@barclayscapital.com | Davis Polk & Wardwell LLP<br>c/o Elliot Moskowitz<br>450 Lexington Avenue<br>New York, NY 10017<br>Email: elliot.moskowitz@davispolk.com | $214.38 |
| *Carlyle High Yield Par IX Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Coca-Cola Company Retirement & Master Trust*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *GoldenTree Loan Opportunities III, Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *GoldenTree Loan Opportunities IV, Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Remaining Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Hewett's Island CLO IV*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Hewett's Island CLO V Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Hewett's Island CLO VI Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Oak Hill Credit Opportunities Financing Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Oak Hill Credit Opportunities Master Fund, Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Remaining Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Oak Hill Credit Partners II Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Oak Hill Credit Partners III Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Oak Hill Credit Partners IV Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Oak Hill Credit Partners V Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *OHA Capital Solution Financing (Offshore), Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Remaining Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *OHA Capital Solution Financing (Onshore), Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *OHA Park Avenue CLO I Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *OHSF Financing Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *OHSF II Financing Ltd.*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Inter-Local Pension Fund of the Graphic Communications Conference of the International Brotherhood of Teamsters*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |

\* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Remaining Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Stichting Pensioenfonds van de Metalektro f/k/a Stichting Bedrijfstakpensioenfonds Voor De Metalektro*<br>c/o Hahn & Hessen LLP<br>Attn: Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>email: MPower@hahnhessen.com | Hahn & Hessen LLP<br>c/o Mark T. Power<br>488 Madison Avenue<br>New York, NY 10022<br>Email: Mpower@hahnhessen.com | [The aggregate share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Hahn & Hessen LLP on behalf of all of its clients is listed above] |
| *Caterpillar Inc. Pension Master Trust*<br>Attn: Asha Mehrotra<br>510 Lake Cook Rd., Suite 100<br>Deerfield, IL 60015<br>Email: Mehrotra_Asha_T@cat.com | Jones Day<br>c/o Christopher DiPompeo<br>51 Louisiana Ave., N.W.<br>Washington, D.C. 20001<br>Email: cdipompeo@jonesday.com<br><br>Munger, Tolles & Olson LLP<br>c/o Nicholas Fram<br>560 Mission St., 27th Floor<br>San Francisco, CA 94105<br>Email: nicholas.fram@mto.com | $25,629.14 |
| *Genesis CLO 2007-1 Ltd.*<br>c/o Kasowitz Benson Torres LLP<br>Attn: Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $42,917.63 |
| *Golden Knight II CLO, Ltd.*<br>c/o Kasowitz Benson Torres LLP<br>Attn: Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: Aglenn@kasowitz.com | $0.00 |

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| Remaining Required Term Lender Party (or its Designee), Address and Email | Counsel, Address and Email | Pro Rata Share of Allowed GUC Trust Claims* |
|---|---|---|
| *Teachers' Retirement System of Oklahoma*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email:  Aglenn@kasowitz.com | [The pro rata share of Allowed GUC Trust Claims in respect of Initial Defense Costs incurred by Kasowitz Benson Torres LLP on behalf of Teachers' Retirement System of Oklahoma is currently included with the Pro Rata Share of Allowed GUC Trust Claims listed above for Lord Abbett Investment Fund - Lord Abbett High Yield Fund and Lord Abbett Investment Trust - Lord Abbett Floating Rate Fund] |
| *Fire & Police Employees' Retirement System of the City of Baltimore*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email:  Aglenn@kasowitz.com | $20,408.28 |
| *SF-3 Segregated Portfolio*<br>c/o Kasowitz Benson Torres LLP<br>Attn:  Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email: aglenn@kasowitz.com | Kasowitz Benson Torres LLP<br>c/o Andrew K. Glenn<br>1633 Broadway<br>New York, NY 10019<br>Email:  Aglenn@kasowitz.com | $370.41 |

**Total:**  $231,000,000.00

* The pro rata shares of the Allowed AAT Claims and Allowed GUC Trust Claims are the same.

| STB Insurer | Address |
|---|---|
| AIG Excess Liability Insurance International Limited | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |
| Arch Reinsurance Ltd. | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |
| Bar Vermont Risk Retention Group, Inc | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |
| Beazley Syndicate at Lloyd's (Reinsurer) | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |
| Brit Syndicate 2987/Brit Insurance Limited | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |
| Columbia Casualty Company (CNA) | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |

| STB Insurer | Address |
|---|---|
| Endurance Specialty Insurance Ltd. | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |
| General Security Indemnity Company of Arizona (Scor Re) | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |
| Hiscox Syndicate at Lloyd's (Reinsurer) | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |
| Interstate Fire & Casualty Company | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |
| Lexington Insurance Company (UK) | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |
| Lexington Insurance Company (US) | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |

| STB Insurer | Address |
|---|---|
| Liberty Mutual Insurance Europe | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |
| Max Bermuda Ltd. | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |
| Nautilus Insurance Company (Berkley) | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |
| St. Paul Surplus Lines Insurance Company | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |
| Swiss Re International SE | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |
| XL Insurance (Bermuda) Ltd. | Mendes & Mount LLP<br>c/o Kevin G. Flynn<br>750 Seventh Avenue<br>New York, NY 10019<br>Email: kevin.flynn@mendes.com |

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

                                                        Debtors.

------------------------------------------------------------------------x

MOTORS LIQUIDATION COMPANY AVOIDANCE
ACTION TRUST, by and through the Wilmington Trust
Company, solely in its capacity as Trust Administrator and
Trustee,

                                        Plaintiff,

                        against

JPMORGAN CHASE BANK, N.A., *et al*.,

                                        Defendants.

------------------------------------------------------------------------x

Chapter 11

Case No. 09-50026 (MG)
(Jointly Administered)

Adversary Proceeding

Case No. 09-00504 (MG)

## ORDER PURSUANT TO SECTIONS 105 AND 1142 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 APPROVING THE SETTLEMENT AGREEMENT AND RELATED RELIEF

Upon the motion (the "**Motion**") of Motors Liquidation Company Avoidance Action Trust

(the "**AAT**")  pursuant to Bankruptcy Code sections 105(a) and 1142 and Bankruptcy Rule 9019

dated April __, 2019 for approval of the settlement agreement (the "**Settlement Agreement**")

dated as of April 10, 2019, entered into among the AAT, the Motors Liquidation Company GUC

Trust (the "**GUC Trust**"), each of the defendants in the Term Loan Avoidance Action that are

listed on Schedule 1 to the Settlement Agreement (including any dissolved defendant on behalf of

which its former manager or other related Person executed the Settlement Agreement), including,

without limitation, JPMorgan Chase Bank, N.A., in its individual capacity and as administrative

agent (in both such capacities, "**JPMorgan**") under a Term Loan Agreement dated as of November 29, 2006 and amended from time to time (the "**Term Loan Agreement**"), and Simpson Thacher & Bartlett LLP  (each a "**Party**," and collectively, the "**Parties**")[1]; and the joinder to the Motion by the GUC Trust dated _____; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1409; and upon consideration of the Declaration of Arthur J. Gonzalez dated April __, 2019; and due and proper notice of the Settlement Agreement having been given, and no other or further notice being necessary; and the Court having reviewed the Settlement Agreement; and after due deliberation and for good cause shown,

THE COURT FINDS[2]:

A.    The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

B.    The Settlement Agreement and the actions contemplated thereby, including the releases and bar order given therein, meet the standards established by the Second Circuit for the approval of a compromise and settlement in bankruptcy, and are reasonable, fair and equitable and supported by adequate consideration.

---

[1]    The Settlement Agreement is annexed as Exhibit __ to the Motion.  Capitalized terms used in this Order without definition have the meanings ascribed thereto in the Settlement Agreement.

[2]    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.  To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      The Settlement Agreement and the actions contemplated thereby, including the
releases given therein, are in the best interests of the beneficiaries of the AAT.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is **GRANTED** and the Settlement Agreement is **APPROVED**.

2.      Any and all objections to the Motion or the relief requested therein that have not
been withdrawn, waived or settled, and all reservations of rights included therein, are hereby
overruled on the merits.

3.      The AAT and the GUC Trust are authorized to take all necessary steps pursuant to
the terms and conditions of the Settlement Agreement to effectuate the Settlement Agreement and
the other Settlement Documents, including without limitation, execution, delivery and
performance of the Settlement Agreement and the other Settlement Documents, allowance of the
Allowed TL Claims, and effectuation of the releases, bar order and the covenants not to sue
incorporated in the Settlement Agreement, the other Settlement Documents and/or this Order.

4.      As evidenced by the affidavits of service filed with this Court, and in accordance
with the procedures described in the Motion, notice has been given and a reasonable opportunity
to object or be heard with respect to the Motion and the relief requested therein has been afforded
to (a) the potential beneficiaries of the AAT, including the holders of Allowed General Unsecured
Claims (as defined in the AAT Agreement); (b) the DIP Lenders; (c) the Capital Providers; (d) the
Office of the United States Trustee for the Southern District of New York; (e) counsel to the
Signatory Plaintiffs, as such term is defined in the settlement agreement by and among the
Signatory Plaintiffs and the GUC Trust, dated as of February 1, 2019; (f) JPMorgan; (g) the
Defendants Steering Committee Counsel; (h) all other Term Lender counsel of record; (i) any other
Term Lender recipient of the Term Loan Repayment at the electronic or physical address provided

to JPMorgan, as agent, by the Term Lender as of June 30, 2009 (or such other address, if any, as provided by such Term Lender to JPMorgan thereafter in connection with the Term Loan Avoidance Action); (j) any Net Proceeds Counter-Party to a Net Proceeds Transaction with JPMorgan; (k) any Net Proceeds Counter-Party to a Net Proceeds Transaction with a Non-JPMorgan Term Lender Party, provided that such Net Proceeds Counter-Party is known to the employee or representative of such Non-JPMorgan Term Lender Party who is responsible for supervising the defense of the Term Loan Avoidance Action; (l) additional publication notice of the Motion has been published in The New York Times and Investor's Business Daily, as set forth in the Settlement Agreement; and the notice was good, sufficient and appropriate in light of the circumstances and the nature of the relief requested, and no other or further notice is or shall be required.

5.    The Fee Examiner shall be given the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of her duties. In addition to such immunity, no action may be commenced against the Fee Examiner in connection with Fee Examiner matters except in this Court and only with the prior approval of this Court, which retains exclusive jurisdiction.

6.    This Order is a final order within the meaning of 28 U.S.C. § 158(a).

7.    Upon entry of this Order, any Person (other than a DIP Lender) that is not a signatory to the Settlement Agreement is permanently barred, enjoined, and restrained from contesting or disputing the reasonableness of the settlement, or commencing, prosecuting, or asserting any Actions, including, without limitation, Actions for contribution, indemnity, or comparative fault (however denominated and on whatsoever theory), arising out of or related to any Released Matters.

8.      JPMorgan is authorized in its capacity as administrative agent pursuant to Section 8.05 of the Term Loan Agreement to grant the releases by the Term Lenders contemplated by the Settlement Agreement.

9.      For the avoidance of doubt, nothing in this Order shall preclude: (i) claims by the Parties to the Settlement Agreement or Settlement Documents to enforce any obligations created therein; (ii) claims by the Parties to the Settlement Agreement to enforce this Order; or (iii) claims by JPMorgan and the non-JPMorgan Term Lender Parties to pursue, receive or retain distributions on the Allowed TL Claims allocated in Schedule 1 of the Settlement Agreement.

10.     The AAT Settlement Payment is (i) being made to the AAT to settle the Term Loan Avoidance Action against the Term Lenders, (ii) a partial repayment of the Term Loan Repayment on behalf of the Term Lenders, and (iii) a recovery by the AAT of the proceeds of the Term Loan Avoidance Action.

11.     The claims arising in favor of the Term Lenders as a result of the AAT Settlement Payment are allowed claims against the GUC Trust and the AAT pursuant to Bankruptcy Code section 502(h), and are "Term Loan Avoidance Action Claims" under and as defined in the GUC Trust Agreement and the AAT Agreement, respectively.

12.     The failure to specifically include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Settlement Agreement, and all actions required for its implementation, be approved in its entirety.

13.     If the Final Closing Conditions are not met, then this Order shall be deemed to be nullified and void ab initio in all respects.

14.     This Order shall be immediately effective and enforceable upon entry.

15.    The Court shall retain jurisdiction to hear and determine any and all matters

concerning this Order.

**IT IS SO ORDERED.**

Dated: _____, 2019
      New York, New York


                               _____
                               MARTIN GLENN
                               United States Bankruptcy Judge

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | :    Chapter 11 Case |
| | : |
| MOTORS LIQUIDATION COMPANY, *et al.*, | :    Case No. 09-50026 (MG) |
| | : |
|         Debtors. | :    (Jointly Administered) |
| | : |
| MOTORS LIQUIDATION COMPANY AVOIDANCE | :    Adversary Proceeding |
| ACTION TRUST, by and through the Wilmington Trust | : |
| Company, solely in its capacity as Trust Administrator and | :    Case No. 09-00504 (MG) |
| Trustee, | : |
| | : |
|         Plaintiff, | : |
| vs. | : |
| | : |
| JPMORGAN CHASE BANK, N.A., individually and as | : |
| Administrative Agent for Various Lenders Party to the Term | : |
| Loan Agreement described herein, *et al.*, | : |
| | : |
|         Defendants. | : |
| | : |

<u>**[PROPOSED] ORDER OF DISMISSAL**</u>

WHEREAS, the Motors Liquidation Company Avoidance Action Trust (the

"<u>AAT</u>") has negotiated and agreed to a settlement of its claims in the above-captioned action (the

"<u>Action</u>");

NOW, THEREFORE, IT IS HEREBY ORDERED, that:

1.    The AAT's claims in the Action are dismissed with prejudice and without costs

except as provided and in accordance with the settlement agreement settling all claims in the

Action (the "<u>Settlement Agreement</u>").

2.      The Settlement Agreement shall not be admissible in any proceeding, except to

enforce the terms of the Settlement Agreement.


Dated: _____, 2019


**BINDER & SCHWARTZ LLP**


By: _____
        Eric B. Fisher
        Neil S. Binder
        Lindsay A. Bush
        Lauren K. Handelsman
        Tessa B. Harvey
        Lisa C. Lightbody
        366 Madison Avenue, 6th Floor
        New York, New York 10017
        Telephone: (212) 510-7008
        Facsimile: (212) 510-7008

        *Attorneys for the Motors Liquidation*
        *Company Avoidance Action Trust*


        SO ORDERED this _____ day of _____, 2019.


                                        _____
                                                Martin Glenn
                                        United State Bankruptcy Judge

# EXHIBIT C

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST, by and through the Wilmington Trust Company, solely in its capacity as Trust Administrator and Trustee, | ) ) ) ) ) ) | |
| Plaintiff, | ) | C.A. No. 12191-VCS |
| v. | ) ) | |
| OAKTREE LOAN FUND, L.P., | ) | |
| Defendant. | ) ) | |

## STIPULATION AND [PROPOSED] ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff Motors Liquidation Company Avoidance Action Trust, by and through the Wilmington Trust Company, solely in its capacity as Trust Administrator and Trustee, and Oaktree Loan Fund, L.P., by and through Oaktree Loan Fund GP, L.P., solely in its capacity as Trustee, hereby stipulate and agree, pursuant to Rule 41(a)(1)(ii), and subject to the approval of the Court, to the dismissal with prejudice of the above-captioned action and all claims asserted therein.

The parties shall bear their own fees and costs.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

OF COUNSEL:

Eric B. Fisher
Neil S. Binder
Lindsay A. Bush
Lauren K. Handelsman
BINDER & SCHWARTZ LLP
366 Madison Avenue, 6th Floor
New York, New York 10017
(212) 510-7008

/s/ _____
Elena C. Norman (#4780)
Richard J. Thomas (#5073)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600

*Counsel for Plaintiff Motors Liquidation Company Avoidance Action Trust, by and through Wilmington Trust Company, solely in its capacity as the Trust Administrator and Trustee*

ROSS ARONSTAM & MORITZ LLP

OF COUNSEL:

Erin L. Burke
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
(213) 243-2692

C. Kevin Marshall
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
(202) 879-3851

/s/ _____
David E. Ross (Bar No. 5228)
Benjamin Z. Grossberg (Bar No. 5615)
100 S. West Street, Suite 400
Wilmington, Delaware 19801
(302) 576-1600

*Attorneys for Defendant Oaktree Loan Fund GP, L.P, solely in its capacity as Trustee of and for Defendant Oaktree Loan Fund, L.P.*

Dated: _____

SO ORDERED this ___ day of _____, 2019


_____
Vice Chancellor Joseph R. Slights III

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST, by and through the Wilmington Trust Company, solely in its capacity as Trust Administrator and Trustee, | ) ) ) ) ) ) | |
| Plaintiff, | ) | C.A. No. 12248-VCS |
| v. | ) ) | |
| SSS FUNDING II, LLC, | ) | |
| Defendant. | ) ) | |

## STIPULATION AND [PROPOSED] ORDER
## OF DISMISSAL WITH PREJUDICE

Plaintiff Motors Liquidation Company Avoidance Action Trust, by and through the Wilmington Trust Company, solely in its capacity as Trust Administrator and Trustee, and SSS Funding II, LLC, by and through Sankaty Special Situations I, L.P., solely in its capacity as Receiver, hereby stipulate and agree, pursuant to Rule 41(a)(1)(ii), and subject to the approval of the Court, to the dismissal with prejudice of the above-captioned action and all claims asserted therein.

The parties shall bear their own fees and costs.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

OF COUNSEL:

Eric B. Fisher
Neil S. Binder
Lindsay A. Bush
Lauren K. Handelsman
BINDER & SCHWARTZ LLP
366 Madison Avenue, 6th Floor
New York, New York 10017
(212) 510-7008

/s/ _____
Elena C. Norman (#4780)
Richard J. Thomas (#5073)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600

*Counsel for Plaintiff Motors Liquidation Company Avoidance Action Trust, by and through Wilmington Trust Company, solely in its capacity as the Trust Administrator and Trustee*

ROSS ARONSTAM & MORITZ LLP

OF COUNSEL:

Erin L. Burke
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
(213) 243-2692

C. Kevin Marshall
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
(202) 879-3851

Dated: _____

/s/ _____
David E. Ross (Bar No. 5228)
Benjamin Z. Grossberg (Bar No. 5615)
100 S. West Street, Suite 400
Wilmington, Delaware 19801
(302) 576-1600

*Attorneys for Sankaty Special Situations I, L.P., solely in its capacity as Receiver for Defendant SSS Funding II, LLC*

SO ORDERED this ___ day of _____, 2019


_____
Vice Chancellor Joseph R. Slights III

**EXHIBIT D**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : Chapter 11 Case |
| | : |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : Case No. 09-50026 (MG) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST, by and through the Wilmington Trust Company, solely in its capacity as Trust Administrator and Trustee, | : Adversary Proceeding : Case No. 09-00504 (MG) : : |
| | : |
| Plaintiff, | : |
| vs. | : |
| | : |
| JPMORGAN CHASE BANK, N.A., individually and as Administrative Agent for Various Lenders Party to the Term Loan Agreement described herein, *et al.*, | : : : |
| | : |
| Defendants. | : |
| | : |

**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL**

WHEREAS, the undersigned parties to the above-captioned action (the "Action") have negotiated and agreed to a settlement of their claims and cross-claims in the Action:

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, that:

1.    All claims and cross-claims by the undersigned parties are dismissed with prejudice and without costs except as provided and in accordance with the settlement agreement settling all claims in the Action (the "Settlement Agreement").

2.    The Settlement Agreement shall not be admissible in any proceeding, except to enforce the terms of the Settlement Agreement.

Dated: _____, 2019

**WACHTELL, LIPTON, ROSEN & KATZ**

By: _____
    Marc Wolinsky
    Harold S. Novikoff
    Amy R. Wolf
    51 West 52nd Street
    New York, New York  10019
    Telephone:  (212) 403-1000
    Facsimile:  (212) 403-2000
    Email:  MWolinsky@wlrk.com

**KELLEY DRYE & WARREN LLP**

    John M. Callagy
    Nicholas J. Panarella
    Martin A. Krolewski
    101 Park Avenue
    New York, New York  10178
    Telephone:  (212) 808-7800
    Facsimile:  (212) 808-7897
    Email:  JCallagy@kelleydrye.com

**JONES DAY**

    C. Lee Wilson
    250 Vesey Street
    New York, New York  10281
    Telephone:  (212) 326-3885
    Facsimile:  (212) 755-7306
    Email:  CLWilson@jonesday.com

*Attorneys for Defendant and Cross-Claim*
*Defendant JPMorgan Chase Bank, N.A.*

**MUNGER, TOLLES & OLSON LLP**

By:    _____
     John W. Spiegel
     Bradley R. Schneider
     Matthew A. Macdonald
     350 South Grand Avenue, 50th Floor
     Los Angeles, CA 90071
     Telephone:  (213) 683-9100
     Email:  john.spiegel@mto.com

**JONES DAY**

     Bruce Bennett
     Erin Burke
     555 South Flower Street, 50th Floor
     Los Angeles, CA 90071
     Telephone:  (213) 489-3939
     Email:  bbennett@jonesday.com

     Gregory Shumaker
     Christopher DiPompeo
     51 Louisiana Avenue, N.W.
     Washington, D.C. 20001
     Telephone:  (202) 879-3939
     Email:  gshumaker@jonesday.com

*Attorneys for the Term Loan Lenders as listed in*
*Appendix A to the Consent Motion to Withdraw [Dkt. 753]*

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**

By:    _____
     Andrew K. Glenn
     Michelle Genet Bernstein
     Frank DiCarlo
     1633 Broadway
     New York, NY 10019
     Tel: (212) 506-1700
     Email:  aglenn@kasowitz.com

*Attorneys for the Ad Hoc Group of Cross-Claiming*
*Term Lenders listed in Appendix A to Dkt. 334 and*
*the Ad Hoc Supplemental Group of Answering Term*
*Lenders listed in Appendix A to Dkt. 690*

**ENTWISTLE & CAPPUCCI LLP**

By:   _____

      Joshua K. Porter
      299 Park Avenue, 20th Floor
      New York, NY 10171
      Tel: (212) 894-7282
      Email:  jporter@entwistle-law.com

      *Attorneys for Teachers' Retirement System*
      *of the State of Illinois and TCW Illinois*
      *State Board of Investments*


**BARONE MOONEY NEWMAN & FOREMAN**

By:   _____

      Cindy Newman
      343 Thornall Street, Suite 650
      Edison, New Jersey 08837
      Tel: (732) 494-0050
      Email:  Cindy.Newman@csaa.com

      *Attorneys for Wells Cap Mgmt—13923601*

**EXHIBIT E**

<u>MUTUAL RELEASES BY AND AMONG UNITED STATES DEPARTMENT OF
TREASURY ON BEHALF OF THE DIP LENDERS; JPMORGAN CHASE BANK, N.A.;
AND SIMPSON THACHER & BARTLETT LLP</u>

The United States Department of Treasury ("<u>Treasury</u>"), on behalf of itself and, in Treasury's capacity as Required Lender, Export Development Canada (collectively, the "<u>DIP Lenders</u>"), in each case on behalf of itself and on behalf of its past, present and future representatives, beneficiaries, monitors, trustees, agents and predecessor and successor entities, hereby does and shall be deemed to fully, finally and forever generally release, waive and discharge JPMorgan Chase Bank, N.A. ("<u>JPMorgan</u>"), Simpson Thacher & Bartlett LLP ("STB") and each of their respective predecessors, successors and assigns, past, present and future direct and indirect parents, subsidiaries, affiliates and all of their respective property, and each of their respective past, present and future partners, members, officers, directors, employees, divisions, branches, control persons, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, collateral managers, equity holders, noteholders, agents, trustees and representatives and all of their respective property, if any, from and in respect of all Released Matters, as defined below.

JPMorgan and STB, in each case on behalf of itself and on behalf of its past, present and future representatives, beneficiaries, monitors, trustees, agents and predecessor and successor entities, hereby does and shall be deemed to fully, finally and forever generally release, waive and discharge each of the DIP Lenders and each of their respective predecessors, successors and assigns, past, present and future direct and indirect parents, subsidiaries, affiliates and all of their respective property, and each of their respective past, present and future partners, members, officers, directors, employees, divisions, branches, control persons, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, collateral managers, equity holders, noteholders, agents, trustees and representatives and all of their respective property, if any, from and in respect of all Released Matters, as defined below.

All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the Actions described in this Release.  Section 1542 of the California Civil Code reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE DEBTOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

For purposes of this release, the following terms shall have the following respective meanings:

"<u>AAT Agreement</u>" means the Motors Liquidation Company Avoidance Action Trust Agreement dated as of March 30, 2011 (as amended and restated from time to time).

"Actions" means all claims, including without limitation indemnification and subrogation claims, objections to claims, causes of action, avoidance actions, setoff challenges, debts, obligations, rights, suits, damages, actions, interests, remedies, fees, costs, expenses and liabilities, whether asserted or unasserted, known or unknown, foreseen or unforeseen, suspected or unsuspected, liquidated or unliquidated, contingent or fixed, accrued or unaccrued, state or federal, currently existing or hereafter arising, in law, contract, equity or otherwise, including without limitation all claims for prepetition, postpetition, postconfirmation, prejudgment and postjudgment interest and all appeal rights.

"Delaware UCC-1" means the Delaware UCC-1 financing statement that was deemed terminated by the United States Court of Appeals for the Second Circuit in *In re Motors Liquidation Co.*, 777 F.3d 100 (2d Cir. 2015).

"GUC Trust Agreement" means the Motors Liquidation Company GUC Trust Agreement dated as of March 30, 2011 (as amended and restated from time to time).

"Released Matters" means any and all Actions described in, arising from, related in any way to, or in connection with the Term Loan Avoidance Action, the Synthetic Lease, the Term Loan Agreement, the Delaware UCC-1, and any transactions, financing statements, collateral, services or legal advice related to any of the foregoing, including, without limitation, any such Action with respect to fees, expenses, prejudgment interest, or valuation.  For the avoidance of doubt, Released Matters do not include any Action to enforce any rights or claims against persons or entities other than the DIP Lenders, JPMorgan and STB under the AAT Agreement, the GUC Trust Agreement or the Settlement Agreement.  Nor shall this agreement or the definition of Released Matters bar any Governmental Unit (as defined in Bankruptcy Code Section 101(27)) from pursuing any police or regulatory action, or from pursuing any claim arising from the exercise or enforcement of any safety, police or regulatory power or authority against any debtor or non-debtor (together, the "Police or Regulatory Actions and Claims"). Police or Regulatory Actions and Claims include, but are not limited to, any criminal, civil or administrative enforcement of any law, regulation, rule or other regulatory obligation, such as liabilities arising under tax laws (including the Internal Revenue Code), environmental laws, civil fraud or false claim laws, securities laws, criminal laws, and any statutory or common-law claims associated with any fraud on or misstatement made to a Governmental Unit; and further include the assessment and collection of any judgments, fines, taxes, penalties, or other monetary recoveries, as well as the pursuit and imposition of any non-monetary relief, associated with the exercise of these police or regulatory powers except in respect of the claims asserted in the Term Loan Avoidance Action.

"Required Lender" refers to Treasury, and has the meaning stated in Section 8.1 of the Wind-Down Agreement.

"Settlement Agreement" means the Settlement Agreement dated as of April__, 2019 to which JPMorgan and STB are parties governing the settlement of the Term Loan Avoidance Action.

"Synthetic Lease" means the financing arrangement between General Motors Corporation, JPMorgan as administrative agent, and a group of financial institutions that, beginning on October 31, 2001, provided General Motors Corporation with approximately $300 million in financing, secured by liens on certain real estate properties that became subject to the financing over time.

"Term Loan Agreement" means the Term Loan Agreement dated as of November 29, 2006 and amended from time to time, among General Motors Corporation, Saturn Corporation, JPMorgan as administrative agent, and a syndicate of lenders.

"Term Loan Avoidance Action" means the action that is captioned *Motors Liquidation Company Avoidance Action Trust* v. *JPMorgan Chase Bank, N.A. et al.*, Adv. Pro No. 09-00504 (Bankr. S.D.N.Y.).

"Wind-Down Agreement" means the agreement titled "$1,175,000,000 Amended and Restated Secured Superpriority Debtor-in-Possession Credit Agreement" approved by the United States Bankruptcy Court for the Southern District of New York by an order (Dkt. No. 2969) in *In re Motors Liquidation Co.*, Case No. 09-50026-MG (Bankr. S.D.N.Y. July 5, 2009).

**United States Department of Treasury,** on behalf of itself and Export Development Canada

By:   _____
       *Its duly authorized representative*

Name:   _____

Title:   _____

Dated:   _____

**JPMorgan Chase Bank, N.A.**, in its individual capacity and as Administrative Agent

By:   _____
       *Its duly authorized representative*

Name:   _____

Title:   _____

Dated:   _____

**Simpson Thacher & Bartlett LLP**

By:   _____
       *Its duly authorized representative*

Name:   _____

Title:   _____

Dated:   _____

**EXHIBIT F**

## RELEASE BY CYNTHIANA LLC

Cynthiana LLC, on behalf of itself and on behalf of its past, present and future representatives, beneficiaries, monitors, trustees, agents, and predecessor and successor entities, hereby does and shall be deemed to fully, finally and forever generally release, waive and discharge JPMorgan Chase Bank, N.A. ("JPMorgan") and Simpson Thacher & Bartlett LLP, and each of their respective predecessors, successors and assigns, each of their respective past, present and future direct and indirect parents, subsidiaries, affiliates and all of their respective property, and each of their respective past, present and future partners, members, officers, directors, employees, divisions, branches, control persons, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, collateral managers, equity holders, noteholders, agents, trustees and representatives and all of their respective property, from and in respect of all Released Matters, as defined below.

All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the Actions described in this Release. Section 1542 of the California Civil Code reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE DEBTOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

For purposes of this release, the following terms shall have the following respective meanings:

"Actions" means all claims, including without limitation indemnification and subrogation claims, objections to claims, causes of action, avoidance actions, setoff challenges, debts, obligations, rights, suits, damages, actions, interests, remedies, fees, costs, expenses and liabilities, whether asserted or unasserted, known or unknown, foreseen or unforeseen, suspected or unsuspected, liquidated or unliquidated, contingent or fixed, accrued or unaccrued, state or federal, currently existing or hereafter arising, in law, contract, equity or otherwise, including without limitation all claims for prepetition, postpetition, postconfirmation, prejudgment and postjudgment interest and all appeal rights.

"Delaware UCC-1" means the Delaware UCC-1 financing statement that was deemed terminated by the United States Court of Appeals for the Second Circuit in *In re Motors Liquidation Co.*, 777 F.3d 100 (2d Cir. 2015).

"Released Matters" means any and all Actions described in, arising from, related in any way to, or in connection with the Term Loan Avoidance Action, the Synthetic Lease, the Term Loan Agreement, the Delaware UCC-1, and any transactions, financing statements, collateral, services or legal advice related to any of the foregoing, including,

without limitation, any such Action with respect to fees, expenses, prejudgment interest, or valuation.

"<u>Synthetic Lease</u>" means the financing arrangement between General Motors Corporation, JPMorgan as administrative agent, and a group of financial institutions that, beginning on October 31, 2001, provided General Motors Corporation with approximately $300 million in financing, secured by liens on certain real estate properties that became subject to the financing over time.

"<u>Term Loan Agreement</u>" means the Term Loan Agreement dated as of November 29, 2006 and amended from time to time, among General Motors Corporation, Saturn Corporation, JPMorgan as administrative agent, and a syndicate of lenders.

"<u>Term Loan Avoidance Action</u>" means the action that is captioned *Motors Liquidation Company Avoidance Action Trust* v. *JPMorgan Chase Bank, N.A. et al.*, Adv. Pro No. 09-00504 (Bankr. S.D.N.Y.).

This Release shall be construed in accordance with, and this Release and all matters arising out of or relating in any way whatsoever to it (whether in contract, tort or otherwise) shall be governed by, the laws of the State of New York (without reference to any conflict of law principles or choice of law doctrine that would have the effect of causing this Release to be construed in accordance with or governed by the law of any other jurisdiction).

**Cynthiana LLC**

By:    _____
      *Its duly authorized representative*

Name:    _____

Title:    _____

Dated:    _____

## RELEASE BY EARLHAM LLC

Earlham LLC, on behalf of itself and on behalf of its past, present and future representatives, beneficiaries, monitors, trustees, agents, and predecessor and successor entities, hereby does and shall be deemed to fully, finally and forever generally release, waive and discharge JPMorgan Chase Bank, N.A. ("JPMorgan") and Simpson Thacher & Bartlett LLP, and each of their respective predecessors, successors and assigns, each of their respective past, present and future direct and indirect parents, subsidiaries, affiliates and all of their respective property, and each of their respective past, present and future partners, members, officers, directors, employees, divisions, branches, control persons, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, collateral managers, equity holders, noteholders, agents, trustees and representatives and all of their respective property, from and in respect of all Released Matters, as defined below.

All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the Actions described in this Release.  Section 1542 of the California Civil Code reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE DEBTOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

For purposes of this release, the following terms shall have the following respective meanings:

"Actions" means all claims, including without limitation indemnification and subrogation claims, objections to claims, causes of action, avoidance actions, setoff challenges, debts, obligations, rights, suits, damages, actions, interests, remedies, fees, costs, expenses and liabilities, whether asserted or unasserted, known or unknown, foreseen or unforeseen, suspected or unsuspected, liquidated or unliquidated, contingent or fixed, accrued or unaccrued, state or federal, currently existing or hereafter arising, in law, contract, equity or otherwise, including without limitation all claims for prepetition, postpetition, postconfirmation, prejudgment and postjudgment interest and all appeal rights.

"Delaware UCC-1" means the Delaware UCC-1 financing statement that was deemed terminated by the United States Court of Appeals for the Second Circuit in *In re Motors Liquidation Co.*, 777 F.3d 100 (2d Cir. 2015).

"Released Matters" means any and all Actions described in, arising from, related in any way to, or in connection with the Term Loan Avoidance Action, the Synthetic Lease, the Term Loan Agreement, the Delaware UCC-1, and any transactions, financing statements, collateral, services or legal advice related to any of the foregoing, including, without limitation, any such Action with respect to fees, expenses, prejudgment interest, or valuation.

"<u>Synthetic Lease</u>" means the financing arrangement between General Motors Corporation, JPMorgan as administrative agent, and a group of financial institutions that, beginning on October 31, 2001, provided General Motors Corporation with approximately $300 million in financing, secured by liens on certain real estate properties that became subject to the financing over time.

"<u>Term Loan Agreement</u>" means the Term Loan Agreement dated as of November 29, 2006 and amended from time to time, among General Motors Corporation, Saturn Corporation, JPMorgan as administrative agent, and a syndicate of lenders.

"<u>Term Loan Avoidance Action</u>" means the action that is captioned *Motors Liquidation Company Avoidance Action Trust* v. *JPMorgan Chase Bank, N.A. et al.*, Adv. Pro No. 09-00504 (Bankr. S.D.N.Y.).

This Release shall be construed in accordance with, and this Release and all matters arising out of or relating in any way whatsoever to it (whether in contract, tort or otherwise) shall be governed by, the laws of the State of New York (without reference to any conflict of law principles or choice of law doctrine that would have the effect of causing this Release to be construed in accordance with or governed by the law of any other jurisdiction).

**Earlham LLC**

By: _____
    *Its duly authorized representative*

Name: _____

Title: _____

Dated: _____

## RELEASE BY LW HOLDCO VI LLC

LW Holdco VI LLC, on behalf of itself and on behalf of its past, present and future representatives, beneficiaries, monitors, trustees, agents, and predecessor and successor entities, hereby does and shall be deemed to fully, finally and forever generally release, waive and discharge JPMorgan Chase Bank, N.A. ("JPMorgan") and Simpson Thacher & Bartlett LLP, and each of their respective predecessors, successors and assigns, each of their respective past, present and future direct and indirect parents, subsidiaries, affiliates and all of their respective property, and each of their respective past, present and future partners, members, officers, directors, employees, divisions, branches, control persons, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, collateral managers, equity holders, noteholders, agents, trustees and representatives and all of their respective property, from and in respect of all Released Matters, as defined below.

All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the Actions described in this Release. Section 1542 of the California Civil Code reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE DEBTOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

For purposes of this release, the following terms shall have the following respective meanings:

"Actions" means all claims, including without limitation indemnification and subrogation claims, objections to claims, causes of action, avoidance actions, setoff challenges, debts, obligations, rights, suits, damages, actions, interests, remedies, fees, costs, expenses and liabilities, whether asserted or unasserted, known or unknown, foreseen or unforeseen, suspected or unsuspected, liquidated or unliquidated, contingent or fixed, accrued or unaccrued, state or federal, currently existing or hereafter arising, in law, contract, equity or otherwise, including without limitation all claims for prepetition, postpetition, postconfirmation, prejudgment and postjudgment interest and all appeal rights.

"Delaware UCC-1" means the Delaware UCC-1 financing statement that was deemed terminated by the United States Court of Appeals for the Second Circuit in *In re Motors Liquidation Co.*, 777 F.3d 100 (2d Cir. 2015).

"Released Matters" means any and all Actions described in, arising from, related in any way to, or in connection with the Term Loan Avoidance Action, the Synthetic Lease, the Term Loan Agreement, the Delaware UCC-1, and any transactions, financing statements, collateral, services or legal advice related to any of the foregoing, including, without limitation, any such Action with respect to fees, expenses, prejudgment interest, or valuation.

"<u>Synthetic Lease</u>" means the financing arrangement between General Motors Corporation, JPMorgan as administrative agent, and a group of financial institutions that, beginning on October 31, 2001, provided General Motors Corporation with approximately $300 million in financing, secured by liens on certain real estate properties that became subject to the financing over time.

"<u>Term Loan Agreement</u>" means the Term Loan Agreement dated as of November 29, 2006 and amended from time to time, among General Motors Corporation, Saturn Corporation, JPMorgan as administrative agent, and a syndicate of lenders.

"<u>Term Loan Avoidance Action</u>" means the action that is captioned *Motors Liquidation Company Avoidance Action Trust* v. *JPMorgan Chase Bank, N.A. et al.*, Adv. Pro No. 09-00504 (Bankr. S.D.N.Y.).

This Release shall be construed in accordance with, and this Release and all matters arising out of or relating in any way whatsoever to it (whether in contract, tort or otherwise) shall be governed by, the laws of the State of New York (without reference to any conflict of law principles or choice of law doctrine that would have the effect of causing this Release to be construed in accordance with or governed by the law of any other jurisdiction).

**LW Holdco VI LLC**

By: _____
   *Its duly authorized representative*

Name: _____

Title: _____

Dated: _____

**EXHIBIT G**

<u>CLOSING CERTIFICATE</u>

The undersigned parties certify that each of the Final Closing Conditions set forth in Section 9 of the Settlement Agreement has been satisfied or duly waived.

Dated: _____

**BINDER & SCHWARTZ LLP**

By: _____

    Eric B. Fisher
    Neil S. Binder
    Lindsay A. Bush
    Lauren K. Handelsman
    Tessa B. Harvey
    Lisa C. Lightbody
    366 Madison Avenue, 6th Floor
    New York, New York 10017
    Telephone: (212) 510-7008
    Email: efisher@binderschwartz.com

    *Attorneys for the Motors Liquidation
    Company Avoidance Action Trust*

**DRINKER BIDDLE & REATH LLP**

By: _____

    Kristin K. Going
    Marita Erbeck
    1500 K Street, N.W. Suite 1100
    Washington, D.C. 20005
    Telephone: (202) 842-8800
    Email: Kristin.Going@dbr.com

    *Attorneys for the Motors Liquidation
    Company GUC Trust*

**WACHTELL, LIPTON, ROSEN & KATZ**

By: _____

    Marc Wolinsky
    Harold S. Novikoff
    Amy R. Wolf
    51 West 52nd Street
    New York, New York 10019
    Telephone: (212) 403-1000
    Email: MWolinsky@wlrk.com

**KELLEY DRYE & WARREN LLP**

    John M. Callagy
    Nicholas J. Panarella
    Martin A. Krolewski
    101 Park Avenue
    New York, New York 10178
    Telephone: (212) 808-7800
    Email: JCallagy@kelleydrye.com

**JONES DAY**

    C. Lee Wilson
    250 Vesey Street
    New York, New York 10281
    Telephone: (212) 326-3885
    Email: CLWilson@jonesday.com

    *Attorneys for Defendant and Cross-Claim
    Defendant JPMorgan Chase Bank, N.A.*

**JONES DAY**

By: _____
    Bruce Bennett
    Erin Burke
    555 South Flower Street, 50th Floor
    Los Angeles, CA 90071
    Telephone: (213) 489-3939
    Email: bbennett@jonesday.com

    Gregory Shumaker
    Christopher DiPompeo
    51 Louisiana Avenue, N.W.
    Washington, D.C. 20001
    Telephone: (202) 879-3939
    Email: gshumaker@jonesday.com

**MUNGER, TOLLES & OLSON LLP**

    John W. Spiegel
    Bradley R. Schneider
    Matthew A. Macdonald
    355 South Grand Avenue, 35th Floor
    Los Angeles, CA 90071
    Telephone: (213) 683-9100
    Email: john.spiegel@mto.com

*Attorneys for the Term Loan Lenders as
listed in Appendix A to the Consent Motion
to Withdraw [Dkt. 753]*

**KASOWITZ, BENSON, TORRES &
   FRIEDMAN LLP**

By: _____
    Andrew K. Glenn
    Michelle Genet Bernstein
    Frank DiCarlo
    1633 Broadway
    New York, NY 10019
    Tel: (212) 506-1700
    Email: aglenn@kasowitz.com

*Attorneys for the Ad Hoc Group of Cross-
Claiming Term Lenders listed in Appendix A
to Dkt. No. 908*

**DAVIS POLK & WARDWELL LLP**

By: _____
    Elliot Moskowitz
    Marc J. Tobak
    M. Nick Sage
    450 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 450-4000
    Email: elliot.moskowitz@davispolk.com

*Attorneys for certain Term Loan Lender
Defendants identified on Exhibit 1 to Dkt.
No. 788*

**HAHN & HESSEN LLP**

By: _____
    Mark T. Power
    Allison M. Ladd
    488 Madison Avenue
    New York, New York 10022
    Telephone: (212) 478-7200
    Email: mpower@hahnhessen.com

*Attorneys for certain Term Loan Investor
Defendants identified on Exhibit 1 to Dkt.
No. 788*

**SIMPSON THACHER & BARTLETT
LLP**

By: _____
    Paul C. Curnin
    Sandeep Qusba
    Michael J. Garvey
    425 Lexington Avenue
    New York, New York 10017
    Telephone: (212) 455-2000
    Email: pcurnin@stblaw.com

**EXHIBIT H**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, f/k/a<br>GENERAL MOTORS CORPORATION, et al.,<br><br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (MG)<br>(Jointly Administered) |
| MOTORS LIQUIDATION COMPANY AVOIDANCE<br>ACTION TRUST, by and through the Wilmington Trust<br>Company, solely in its capacity as Trust Administrator and<br>Trustee,<br><br>Plaintiff,<br><br>against<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>Defendants. | Adversary Proceeding<br><br>Case No. 09-00504 (MG) |

**NOTICE OF PROPOSED SETTLEMENT AND OF SETTLEMENT HEARING**

On, April [ ], 2019, the Motors Liquidation Company Avoidance Action Trust ("AAT") filed a motion seeking approval of a proposed global settlement agreement (the "Settlement Agreement") resolving all claims and cross-claims in the Term Loan Avoidance Action (the "Action"). The Action was filed in July 2009 in connection with the bankruptcy of General Motors Corporation ("GM") to avoid liens and recover an approximately $1.5 billion repayment made to the lenders of a syndicated secured term loan made to GM pursuant to a November 29, 2006 agreement (the "Term Loan"). If approved by the Bankruptcy Court, the Settlement Agreement would result in a payment of $231,000,000 to be distributed in accordance with the Fourth Amended Avoidance Action Trust Agreement. The parties to the Settlement include the AAT, the Motors Liquidation Company GUC Trust, JPMorgan Chase Bank, N.A., participating lenders in the Term Loan, and Simpson Thacher & Bartlett LLP.

If you believe you have legal claims related in any way to the Term Loan or the Action, the Settlement Agreement may affect your rights because it provides for entry of an order of the Bankruptcy Court ("Approval Order") that bars any and all claims against the parties to the Settlement Agreement and other related persons arising from or related in any way to the subject matter of the Action. The Approval Order will provide as follows: "Upon entry of this Order, any Person (other than a DIP Lender) that is not a signatory to the Settlement Agreement is permanently barred, enjoined, and restrained from contesting or disputing the reasonableness of

the settlement, or commencing, prosecuting, or asserting any Actions, including, without limitation, Actions for contribution, indemnity, or comparative fault (however denominated and on whatsoever theory), arising out of or related to any Released Matters." "Released Matters" means any and all Actions described in, arising from, related in any way to, or in connection with the Term Loan Avoidance Action, the Delaware Actions, the Synthetic Lease, the Term Loan Agreement, the Delaware UCC-1, and any transactions, financing statements, collateral, services or legal advice related to any of the foregoing, including, without limitation, any such Action with respect to fees, expenses, prejudgment interest, or valuation.  Capitalized terms not defined herein are defined in the Settlement Agreement.

If you are a defendant in the Action, you may be able to become a party to the Settlement Agreement and qualify to recover a portion of any fees and expenses you incurred defending the Action, subject to and in accordance with the provisions of the Settlement Agreement.

The Bankruptcy Court (Glenn, J.) will hold a hearing, currently scheduled for [DATE] at [TIME], at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004, to determine whether to approve the Settlement Agreement.

The Settlement Agreement and AAT's motion seeking approval of the Settlement Agreement can be found at [www.motorsliquidationdocket.com/adversary_JPM.php3].

**EXHIBIT I**

**TERM LENDER SIGNATURE PAGE**

By signing and completing this Term Lender Signature Page in the spaces provided below, the signing Term Lender will become a party to the Settlement Agreement dated as of April 10, 2019 (the "<u>Settlement Agreement</u>") among the Motors Liquidation Company Avoidance Action Trust, the Motors Liquidation Company GUC Trust, certain of the defendants in the Motors Liquidation Company Term Loan Avoidance Action, JPMorgan Chase Bank, N.A., in its individual capacity and as administrative agent under a Term Loan Agreement dated as of November 29, 2006, and Simpson Thacher & Bartlett LLP, and be deemed to have made the representations and warranties set forth therein.


**Term Lender Party Name:**  _____

**Address:**  _____

_____

**By:**  _____
*Its duly authorized representative*

Name:  _____

Title:  _____