May 10, 2019

BK clerk of
SD of NY

RECEIVED
MAY 13 2019

Please file in
Marjorie A Creamer
# 09-50026

General Motors
Motors LLC Liquidator

In UNITED STATES COURT
SDNY, BK court

# 1410 2543

CREANER
v
Gm
BK United Motors
# May 3923

Impeachment    # 09-50026

2008 President Barack Obama Impeachment for 2009
Gm Bankruptcy July filings in 50-26 pd #
and Response History of 2019 → interrogation → production

2011
GS    Answer?    Default Gm to Gm for trial by accusation
Sep 24 — 2009 & 2006 defective Cobalt
and Defaults of 2011 court

SDNY
Deny 2014 ms 2543 Gm refused to answer Plaintiff
(Gm refused to Clerk), Victim
in 2011 court car accident and Court
Bankruptcy 2013 study Report Center

SDNY TRANSCRIPT    set of Interrogation
and submit

Deny 2019 year pages 8
May 2

1 set of production
May 2, page 8

Gm
Bankruptcy
09-50026

RECEIVED
MAY 13 2019

Vanessa Barsanti
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654
Phone: 312-862-2000
Fax: 312-862-2200
vanessa.barsanti@kirkland.com


*Attorney for Defendant*
*General Motors LLC*

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br><br>IN RE: GENERAL MOTORS, LLC IGNITION<br>SWITCH LITIGATION<br><br><br>THIS DOCUMENT RELATES<br>TO:  MARJORIE CREAMER | 14-MD-2543 (JMF) |

## DEFENDANT GENERAL MOTORS LLC'S FIRST SET OF
## INTERROGATORIES TO MARJORIE CREAMER

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("FRCP") and the Local Rules

of the U.S. District Court for the Southern District of New York, Defendant General Motors LLC

("New GM") requests that Plaintiff answer, in writing and under oath, the following

interrogatories, and serve such answers upon counsel for New GM, Kirkland & Ellis LLP, no later

than thirty-three (33) days after service of these interrogatories.

### DEFINITIONS

1.      "Subject Vehicle" is defined as the vehicle that serves as the basis for Your claims

in this matter.

2.      "Subject Incident" is defined as the accident involving the Subject Vehicle that is the basis for Your claims in this matter.

3.      "Ignition-Switch Related Event" includes, but is not limited to, an incident during which You allege Your ignition switch moved from the run position to accessory or otherwise moved out of the run position resulting in a partial loss of electrical power, turning off the engine, a loss of power steering and/or caused the airbags not to deploy.

4.      The terms "You" and "Your" mean the Person that is alleged to have been injured in the Subject Incident and their agents, servants, representatives, assigns and any other person or persons acting for on their behalf, including their attorneys.   If the plaintiff is the legal representative of that individual, You and Your should be interpreted to also refer to the legal representative.

5.      "Identify" means state a person's full legal name and current whereabouts, the person's residence address and telephone number, and, in the case of a natural person, his or her business address, business telephone number, job title, and his or her relationship to you.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State whether you were suffering from physical infirmity, disability, or sickness at the time of the Subject Incident? If so, what was the nature of the infirmity, disability, or sickness?

### INTERROGATORY NO. 2:

*no tickets issued*

If you were issued any citations or tickets arising out of the Subject Incident described in the complaint, state the following: (i) the nature of the charge; (ii) what plea or answer, if any, you entered to the charge; (iii) what court or agency heard the charge; (iv) whether any written report was prepared and if you have a copy of the report; and (v) whether the testimony at any



( 2 - 8 )

trial, hearing, or proceeding on the charge was recorded in any manner, and, if so, identify the name and address of the person who recorded the testimony?

**INTERROGATORY NO. 3:**

Identify all Persons (including their addresses and telephone numbers) alleged to have knowledge of, or information concerning, the Subject Incident and state the facts about which the person has knowledge or information. *past cases filed*

**INTERROGATORY NO. 4:** *purchased 2007 new*

*10 years ago Sept 24, 2009*

Identify all Persons with whom You communicated about the Subject Incident and the *accident* circumstances leading up to the Subject Incident, including but not limited to any family member, friend, police officer, first responder, health care provider, or insurer. *unknown*

**INTERROGATORY NO. 5:** *Lance Cooper*

Identify every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of any model, plat, map, drawing, motion picture, video, or photograph pertaining to any fact or issue relating to the Subject Vehicle or the Subject Incident; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared. *Henberg (911)*

**INTERROGATORY NO. 6:** *none*

State whether any of the following parts, components, or systems of the Subject Vehicle have ever been repaired, replaced, or modified: air bags, air bag sensors, seatbelts, sensing and diagnostic module, ignition switch, ignition lock cylinder, power steering system, and power braking system. For each repair, replacement, or modification, provide the name and address of the person or entity performing the work, describe the work performed, and the date it was performed.

*(3 — 8)*

**INTERROGATORY NO. 7:**

*tires 2008*

Other than the Subject Incident or damage caused by the Subject Incident, identify all other

accidents involving the Subject Vehicle or damage to the Subject Vehicle, describe each accident

and each item of damage, and identify all persons having knowledge of the accident or damage.

*None      purchased new*

**INTERROGATORY NO. 8:**

State whether Your current or previous driver's license has ever been suspended or

revoked, and describe the circumstances of such suspension or revocation, including the date and

the reason.    *haves    not been*

**INTERROGATORY NO. 9:**

*none*

Identify all traffic citations or tickets You have been issued as a driver in the ten (10) year

period before the Subject Incident, including the date of each citation, the reason for the citation,

and the vehicle You were driving, and explain how the citation or ticket was resolved.

**INTERROGATORY NO. 10:**

*none*

Identify all vehicular accidents You have been involved in as a driver in the ten (10) year

period before the Subject Incident, including the date of each accident, the make, model and year

of the vehicle You were driving, the general circumstances of each accident, who was found to be

at fault, if anyone, and any injuries sustained by You or any other Person (including whether

hospitalization was required).

**INTERROGATORY NO. 11:**

*Accident Sept 24, 2009*

Identify any internet social media website which you have used or maintained an account,

or which has been used or maintained on your behalf, in the last eight (8) years. "Internet social

media websites" includes, but is not limited to Facebook, Twitter, LinkedIn, Flickr, Google+, hi5,

LiveJournal, MyLife, Classmates.com, Reunion.com, Plaxo, Tagged, XboxLive, Foursquare,

Gowalla, Myspace, Windows Live Spaces, CarePages, Snapchat, Instagram or other similar sites.

*10 year ago*

*(4  -8)*

**INTERROGATORY NO. 12:**

*10 years ago*

If you have any internet social media website account(s), please identify or provide a copy

of all non-privileged content/data related to the Subject Incident, the Subject Vehicle, and/or

injuries Plaintiff alleges to have sustained in the Subject Incident that were shared on the account(s)

since six (6) months before the date of the Subject Incident to the present or, alternatively, please

provide your username and password for each account.

**INTERROGATORY NO. 13:**

*Unknown, head injury*

For any internet social media website accounts identified above, please describe any

changes you have made to your privacy or other account settings, and describe any content which

you have deleted or erased since the date of the Subject Incident that was related to the Subject

Incident, the Subject Vehicle, and/or injuries Plaintiff alleges to have sustained in the Subject

Incident.

**INTERROGATORY NO. 14:**

*Sold at auction*

State where the Subject Vehicle, any removed component parts, the ignition key, and any

key chain and key chain accessories are currently located and who has possession of them, and

explain the chain of custody since the time of the Subject Incident.

**INTERROGATORY NO. 15:**

*10 year ago Unknown Contact CLAY c/JEVO. HAYS, KS*

Identify all individuals or businesses that serviced, repaired, or modified the vehicle (before

and after the Subject Incident), and, for each, describe the nature of the service, repair, of

modification performed and the date(s) on which it was completed.

**INTERROGATORY NO. 16:**

*Unknown 10 years ago*

Describe the clothing and footwear You were wearing when the Subject Incident occurred

and describe the complete chain of custody for the clothing and footwear from the accident scene

( 5 — 8 )

to the present location of the clothing and footwear.  The term "clothing" includes but is not limited

to outerwear such as jackets or sweatshirts and accessories such as gloves and hats.

*Unknown     10 years ago*

*CREAMER v. GM*

*2006 Cobalt*

Dated: May 1, 2019                                  /s/ *Vanessa Barsanti*
                                                    Vanessa Barsanti
                                                    Kirkland & Ellis LLP
                                                    300 N. LaSalle Street
                                                    Chicago, IL 60654
                                                    Phone: 312-862-2000
                                                    Fax: 312-862-2200
                                                    Email: vanessa.barsanti@kirkland.com

                                                    *Attorney for Defendant General Motors LLC*

*(6 — 3)*

**VERIFICATION**

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the above responses to Defendant General Motors LLC's First Set of Interrogatories to Wave Three Plaintiffs are true and correct.

Date: _May 10, 2019_

Name _MARJORIE A CREAMER_

Signature _Mar. A Creamer_

2006 Cobalt LT Sedan Sport Pkg

Accident Sept 24, 2009

# 14 md 2543

# 16 - 3923

# 09 50026

(7 - 8)

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2019, I served the foregoing Request for Production via certified mail on Plaintiff in 1:16-cv-3923 as there is no counsel of record, in addition to Lead Counsel for Plaintiffs via email.

*/s/ Vanessa Barsanti*
Vanessa Barsanti

*May 7, 2019    1st 2019 unbringch*

*Certifying of Serry, US mail email, fax*

*to*

*Clerk of Court SD of NY*

*Def attorny*

*( 8-8 )*

Vanessa Barsanti
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654
Phone: 312-862-2000
Fax: 312-862-2200
vanessa.barsanti@kirkland.com

*Attorney for Defendant*
*General Motors LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 MD 2543 (JMF)

IN RE: GENERAL MOTORS, LLC IGNITION
SWITCH LITIGATION

THIS DOCUMENT RELATES
TO:  MARJORIE CREAMER

**DEFENDANT GENERAL MOTORS LLC'S FIRST SET OF REQUESTS**
**FOR PRODUCTION TO MARJORIE CREAMER**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP") and the Local Rules

of the U.S. District Court for the Southern District of New York, Defendant General Motors LLC

("New GM") requests that Plaintiff respond to the following Requests for Production within the

time prescribed by the Federal Rules of Civil Procedure, and produce the following documents

and things for inspection and copying at the offices of Kirkland & Ellis LLP, 300 North LaSalle,

Chicago, Illinois 60654, or at such other place as may be agreed upon by the parties.

**DEFINITIONS**

1.    "Subject Vehicle" is defined as the vehicle that serves as the basis for and gives

rise to Your claims in this matter.

2.    "Subject Incident" is defined as accident involving the Subject Vehicle that is

the basis for and gives rise to Your claims in this matter.

3.      "Ignition-Switch Related Event" includes, but is not limited to, an incident during which You allege the ignition switch in the Subject Vehicle moved from the run position to accessory or otherwise moved out of the run position resulting in a partial loss of electrical power, turning off the engine, a loss of power steering and/or caused the airbags not to deploy.

4.      The terms "You" and "Your" mean the Person that is alleged to have been injured in the Subject Incident and their agents, servants, representatives, assigns and any other person or persons acting for on their behalf, including their attorneys.  If the plaintiff is the legal representative of that individual, You and Your should be interpreted to also refer to the legal representative.

## REQUESTS

1.      The Subject Vehicle, including any component parts.

2.      The Subject Vehicle ignition key, key ring(s), key fob, key chain or assembly, or any items or accessories on the key chain at the time of the Subject Incident.

3.      Any document identified in your answers to any interrogatories served upon you in this matter or in your Plaintiff Fact Sheet.

4.      All documents or technical data supporting any allegation made by You that: (a) the Subject Vehicle's ignition switch moved out of the run position in connection with the Subject Incident or any other Ignition-Switch Related Event; (b) the Subject Vehicle experienced a "moving stall" or otherwise lost engine power and that this caused a loss of vehicle control during the Subject Incident or any other Ignition-Switch Related Event; (c) a loss of power steering occurred because the Subject Vehicle's ignition switch moved out of the run position during the Subject Incident or any other Ignition-Switch Related Event; (d) a loss

( 2 — 8 )

of power assist brakes occurred because the Subject Vehicle's ignition switch moved out of the

run position during the Subject Incident or any other Ignition-Switch Related Event; or (e) any

of the airbag systems in the Subject Vehicle failed to deploy during the Subject Incident or any

other Ignition-Switch Related Event because the Subject Vehicle's ignition switch moved out

of the run position.

5.     All written and/or recorded statements and communications about the Subject

Incident or any other Ignition-Switch Related Event given by You to any person or entity.

6.     All written and/or recorded statements and communications about the Subject

Incident given by any witness or third party.

7.     If you were driving the Subject Vehicle at the time of the Subject Incident,

provide a copy of Your itemized mobile telephone bill for the 24-hour period before and after

the Subject Incident, including a listing of all calls or communications for the mobile telephone

during that period.

8.     All communications sent by or to You during the 24-hour period immediately

preceding the Subject Incident and the 24-hour period immediately following the Subject

Incident.

9.     All non-privileged communications concerning GM, GM vehicles, this

litigation, or the Subject Incident sent to You or by You to any expected witness or person with

knowledge of the Subject Incident.

10.    All communications, including but not limited to all e-mails, facsimiles, instant

messages, text messages, picture messages, social media posts, and/or video messages, sent by

or to You or on Your behalf concerning the Subject Incident, except for privileged

communications with Your counsel.

3

11.    All communications, including but not limited to e-mails, facsimiles, instant messages, text messages, picture messages, social media posts, and/or video messages, sent by or to You or on Your behalf concerning the Subject Vehicle and involving an alleged vehicle defect, including but not limited to an alleged defect of the vehicle's ignition switch, except those communications to Your counsel.

12.    All diaries, calendars, journals, or other writings, drawings, depictions, or blogs kept or made by You or on Your behalf concerning the Subject Vehicle, the Subject Incident, and any alleged vehicle defect, and/or Your alleged injuries or damages.

13.    All photographs, films, movies, or video recordings of You taken after the Subject Incident.

14.    All photographs, films, movies, or video recordings of the Subject Vehicle.

15.    All photographs, films, movies, or video recordings of the Subject Vehicle ignition key, key ring(s), key fob, key chain or assembly, or any items or accessories on the key chain at the time of the Subject Incident.

16.    All documents and communications from You or Your counsel or on Your behalf, to any individual with relevant knowledge of the Subject Vehicle or Subject Incident.

17.    All non-privileged documents and tangible things evidencing or concerning any investigation conducted by You or on Your behalf regarding the Subject Incident.

18.    Copies of all writings, drawings, photographs, videos, charts, sketches, diagrams, blueprints, plats, samples, maps, plans, or renderings You or someone on Your behalf made which depict the location or area where the Subject Incident occurred (other than documents created by Your counsel or at Your counsel's request).

19.    All documentation, photographs, videos or recordings of any testing or

measurements of the torque or torque resistance of the Subject Vehicle's ignition switch or ignition system.

20.    Documents concerning all additions of accessories or modifications to the Subject Vehicle, including documents sufficient to show the Person who performed same, where it was performed and on what date.

21.    Documents related to your receipt of a notice of a recall campaign or technical service bulletin, including documents evidencing the date on which you received such communications.

22.    Documents concerning all repairs performed on the Subject Vehicle pursuant to a recall campaign or technical service bulletin, including documents sufficient to show the dates same were performed and the dealership where performed.

23.    All documents, records, photos, communications, or videos concerning any accidents in which the Subject Vehicle was involved.

24.    If you were driving the Subject Vehicle at the time of the Subject Accident, all documents, records, photos, communications, or videos concerning any vehicular accidents in which You have been involved in the past ten (10) years other than the Subject Incident.

25.    If you were driving the Subject Vehicle at the time of the Subject Accident, all documents concerning any suspension or revocation of Your current driver's license or any previous driver's license in the past ten (10) years, including documents describing the reason for the suspension or revocation and the date and duration of any suspension or revocation.

26.    If you were driving the Subject Vehicle at the time of the Subject Accident, all documents concerning all traffic citations or tickets You have been issued for a moving violation in the past ten (10) years.

27.  All documents concerning any Ignition-Switch-Related Event that You or any other Person claims to have experienced in the Subject Vehicle, whether as a driver or passenger, other than the Subject Incident.

28.  If you were driving the Subject Vehicle at the time of the Subject Accident, all pharmacy records for prescriptions You filled in the one year period prior to the Subject Incident.

29.  If you were driving the Subject Vehicle at the time of the Subject Accident, all documents concerning any treatment or consultation for any alcohol or chemical dependency condition that You experienced, were diagnosed with, or were treated for during the five (5) years prior to the Subject Incident and/or since the Subject Incident.

30.  If you were driving the Subject Vehicle at the time of the Subject Accident, all documents concerning any medications or drugs You took during the 120-hour period prior to the Subject Incident and/or since the Subject Incident.

31.  All documents reflecting any appraisals of vehicle damage or estimate of repair work for damage to the Subject Vehicle sustained in the Subject Incident and all records of any repair work done to the Subject Vehicle as a result of the accident.

32.  All documents You have received from Persons other than General Motors LLC in this above-entitled cause number that relate to the design, performance, manufacture, testing, inspection, marketing, and/or distribution of any Subject Vehicle component that You claim is defective.

33.  All documents related to the sale or disposal, if any, of the Subject Vehicle.

34.  All documents related to any repairs or modifications made to the Subject Vehicle before the Subject Incident.

35.  All documents relating to the use, repair, modifications, or whereabouts of the

Subject Vehicle after the Subject Incident, including tow records, repair records, auction, salvage or sales records.

36.    All documents or other materials sent to or received from any automobile insurer related to the Subject Vehicle or Subject Incident.

37.    All documents relating to the road conditions at the time of the Subject Incident.

Dated:  May 2, 2019                          /s/ Vanessa Barsanti
                                             Vanessa Barsanti
                                             Kirkland & Ellis LLP
                                             300 N. LaSalle Street
                                             Chicago, IL 60654
                                             Phone: 312-862-2000
                                             Fax: 312-862-2200
                                             Email: vanessa.barsanti@kirkland.com

                                             *Attorney for Defendant General Motors LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2019, I served the foregoing Request for Production via certified mail on Plaintiff in 1:16-cv-3923 as there is no counsel of record, in addition to Lead Counsel for Plaintiffs via email.

_/s/ Vanessa Barsanti_
Vanessa Barsanti

*[handwritten annotations:]*

response product
Mfile Alum
May 10, 2019

Cert of Servic
US mail, fay - email
Clerk of pro se SD of NY

Def attorney

( 8 ~ 8 ) Clemm