**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
In re:                                            :        Chapter 11
                                                  :
MOTORS LIQUIDATION COMPANY, *et al.*,             :        Case No.:  09-50026 (MG)
    f/k/a General Motors Corp., *et al.*          :
                                                  :        (Jointly Administered)
                              Debtors.            :
----------------------------------------------------------------X

### STIPULATION AND ORDER RESOLVING MOTION OF GENERAL MOTORS LLC TO ENFORCE THE BANKRUPTCY COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION

General Motors LLC ("New GM") and the Pilgrim Plaintiffs[1] (collectively, the "Parties"),

by and through their undersigned counsel, enter into this Stipulation and Agreed Order and state:

**WHEREAS**, on December 22, 2015, the Pilgrim Plaintiffs filed an Amended Complaint

in the United States District Court for the Central District of California ("California District

Court"), Case No. CV 15-8047-JFW, asserting various claims against New GM that New GM

believed violated the Sale Order and Injunction entered in Old GM's bankruptcy case;

**WHEREAS**, on January 19, 2016, New GM filed a motion seeking to enforce the Sale

Order and Injunction as against the Pilgrim Plaintiffs (the "Pilgrim Motion to Enforce," ECF Doc.

# 13584);

**WHEREAS**, on February 4, 2016, the Pilgrim Plaintiffs filed a response (the "Response,"

ECF. No. 13599) to the Pilgrim Motion to Enforce;

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Motion Of General Motors LLC Pursuant To 11 U.S.C. §§ 105 And 363 To Enforce The Bankruptcy Court's July 5, 2009 Sale Order And Injunction, And The Bankruptcy Court's Rulings In Connection Therewith (Pilgrim Putative Class Action)*, dated January 19, 2016 ("Pilgrim Motion to Enforce," ECF Doc. # 13584).

**WHEREAS**, New GM's deadline to file a Reply to the Response was initially February 12, 2016 ("Reply Date") and the hearing date for the Pilgrim Motion to Enforce was previously scheduled for February 17, 2016 ("Hearing Date");

**WHEREAS**, after the filing of the Response, counsel for New GM and counsel for the Pilgrim Plaintiffs met and conferred on the issues raised in the Pilgrim Motion to Enforce and the Response, as well as issues raised in an appeal ("Second Circuit Appeal") from the Bankruptcy Court's June 1, 2015 Judgment that were, at that time, before the Second Circuit Court of Appeals ("Second Circuit"), and agreed that the resolution of the Second Circuit Appeal could have a material effect on the issues raised in the Pilgrim Motion to Enforce and the Response;

**WHEREAS**, pursuant to a Stipulation and Order, (ECF Doc. # 13603), so-ordered by the Bankruptcy Court on February 10, 2016, the Reply Date and Hearing Date were adjourned pending the resolution of the Second Circuit Appeal, with the Parties to meet and confer after the resolution of the Second Circuit Appeal to determine how best to proceed with the Pilgrim Motion to Enforce;

**WHEREAS**, the Second Circuit entered a written opinion ("Second Circuit Opinion") on the Second Circuit Appeal on July 13, 2016;

**WHEREAS**, after entry of the Second Circuit Opinion, the Bankruptcy Court entered an Order to Show Cause, dated December 13, 2016, which set forth certain threshold issues ("2016 Threshold Issue") to be decided related to the enforcement of the Sale Order and Injunction, and the procedures for resolving same;

**WHEREAS**, counsel for New GM and counsel for the Pilgrim Plaintiffs agreed that the resolution of the 2016 Threshold Issues could have a material effect on the issues raised in the Pilgrim Motion to Enforce and the Response, and the Parties agreed to wait for the resolution of the 2016 Threshold Issues to discuss how to proceed with the Pilgrim Motion to Enforce and the Response;

2

**WHEREAS**, the Bankruptcy Court entered written opinions concerning the 2016 Threshold Issues on June 7, 2017 and July 12, 2017 (collectively, the "2016 Threshold Issues Opinions"), and New GM and the Pilgrim Plaintiffs, among others, filed appeals ("2016 Threshold Issues Appeals") relating to the 2016 Threshold Issues Opinions with the United States District Court for the Southern District of New York ("New York District Court");

**WHEREAS**, the New York District Court entered a written opinion concerning the 2016 Threshold Issues Appeals on May 28, 2018 ("May 2018 DC Opinion");

**WHEREAS**, after the entry of the May 2018 DC Opinion, the Parties met and conferred to determine how best to proceed with the Pilgrim Motion to Enforce, and it was agreed by the Parties that the Pilgrim Plaintiffs would propose to New GM a further amended complaint that would take into account the various rulings made by the Bankruptcy Court, the New York District Court and the Second Circuit; and

**WHEREAS**, after several meet and confers and drafts of a further amended complaint, the Parties are in agreement that the latest version of a proposed Second Amended Complaint provided to counsel for New GM on April 8, 2019, with a few additional revisions agreed to on April 9, 2019 during a meet and confer ("Proposed Second Amended Complaint"), adequately addresses the bankruptcy issues raised in the Pilgrim Motion to Enforce and the Response, and that the Pilgrim Motion to Enforce can be withdrawn on the terms contained herein.

NOW, THEREFORE, it is stipulated and agreed, by and among the Parties, subject to approval of the Bankruptcy Court, that:

1.      The Pilgrim Motion to Enforce is hereby withdrawn, provided that the Proposed Second Amended Complaint, in the form provided to counsel for New GM on April 8, 2019 with the few additional revisions agreed to during the April 9, 2019 meet and confer, and any further revisions made (if any) after respective counsel for the Pilgrim Plaintiffs and New GM meet and

confer regarding New GM's planned motion to dismiss under Rules 12(b)(2) and 12(b)(6) (as required by the Local Rules of the California District Court), is filed in the California District Court.  The Pilgrim Plaintiffs agree not to reassert the claims, damages and allegations that have been deleted from prior versions of their complaint through the above-described bankruptcy issues meet and confer process; such provisions are not and will not be included in the Proposed Second Amended Complaint.

2.      After the Proposed Second Amended Complaint is filed and accepted by the California District Court, all issues raised in the Pilgrim Motion to Enforce and in the Response shall be deemed resolved.  All remaining issues pertaining to the subject matter of the Proposed Second Amended Complaint will be addressed by the California District Court and, except as provided in paragraph 5 hereof, there will be no further issues raised by either Party in the Bankruptcy Court.

3.      The Parties agree to meet and confer prior to the filing of the Second Amended Complaint as to a reasonable schedule for proceeding in the California District Court.

4.      Nothing set forth in this Stipulation and Order shall constitute an admission by New GM of any allegation, fact or liability asserted in the Proposed Second Amended Complaint, and New GM disputes that it is liable to the Pilgrim Plaintiffs on any basis, with all such issues to be resolved by the California District Court.

5.      The Parties agree that the Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation and Order.

6.      This Stipulation and Order constitutes the entire agreement and understanding between the Parties regarding the subject matter herein.

7.      This Stipulation and Order is subject in all respects to approval by the Bankruptcy Court.  Upon such approval, this Stipulation and Order shall be binding upon the Parties, and may

not be changed, altered or modified except in writing, signed by the Parties or their duly authorized

attorneys and approved by the Bankruptcy Court.

       8.      This Stipulation and Order may be executed in one or more counterparts, each of

which is deemed an original, together constituting one and the same document.  Facsimile

signatures or signatures received via e-mail transmission are treated as a binding and original

document, and the facsimile signature or e-mail signature of any Party is considered an original

signature.

Dated: New York, New York
       May 17, 2019

| | |
|---|---|
| ___/s/ Scott Davidson_____<br>Arthur Steinberg<br>Scott Davidson<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY  10036<br>(212) 556-2100<br><br>Gregory R. Oxford (admitted *pro hac vice*)<br>ISAACS CLOUSE CROSE & OXFORD LLP<br>21515 Hawthorne Boulevard, Suite 950<br>Torrance, California 90503<br> (310) 316-1990<br><br>*Counsel to General Motors LLC* | ___/s/ Brendan M. Scott_____<br>Brendan M. Scott<br>KLESTADT WINTERS JURELLER<br>   SOUTHARD & STEVENS, LLP<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>(212) 972-3000<br><br>Andre E. Jardini (appearing *pro hac vice*)<br>KNAPP, PETERSEN & CLARKE<br>550 North Brand Boulevard, Suite 1500<br>Glendale, California 91203<br>(818) 547-5000<br><br>*Counsel to the Pilgrim Plaintiffs* |

**IT IS SO ORDERED.**

Dated:  June 13, 2019
      New York, New York

                               **_____/s/ Martin Glenn_____**
                                   MARTIN GLENN
                     United States Bankruptcy Judge