HEARING DATE AND TIME: July 10, 2019 at 11:00 a.m. (Eastern Time)
OBJECTION DEADLINE: July 3, 2019 at 4:00 p.m. (Eastern Time)

**BINDER & SCHWARTZ LLP**
Eric B. Fisher
Neil S. Binder
Lindsay A. Bush
Lauren K. Handelsman
366 Madison Avenue, 6th Floor
New York, New York 10017
Telephone: (212) 510-7008
Facsimile: (212) 510-7299

*Attorneys for the Motors Liquidation*
*Company Avoidance Action Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

Debtors.

------------------------------------------------------------------------x

MOTORS LIQUIDATION COMPANY AVOIDANCE
ACTION TRUST, by and through the Wilmington Trust
Company, solely in its capacity as Trust Administrator and
Trustee,

Plaintiff,

against

JPMORGAN CHASE BANK, N.A., *et al.*,

Defendants.

------------------------------------------------------------------------x

Chapter 11

Case No. 09-50026 (MG)
(Jointly Administered)

Adversary Proceeding

Case No. 09-00504 (MG)

**MOTION OF WILMINGTON TRUST COMPANY, AS TRUST ADMINISTRATOR
AND TRUSTEE, FOR ENTRY OF AN ORDER PURSUANT TO FEDERAL RULE
OF BANKRUPTCY PROCEDURE 9006(b) EXTENDING THE DURATION OF THE
<u>MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST</u>**

## **TABLE OF CONTENTS**

|   | Page |
|---|---|
| TABLE OF AUTHORITIES | II |
| PRELIMINARY STATEMENT | 1 |
| JURISDICTION AND VENUE | 3 |
| BACKGROUND | 3 |
| A. Prior Extensions of the Duration of the AAT | 3 |
| B. Global Settlement and the Anticipated Distribution Plan and Wind Up of the AAT | 6 |
| RELIEF REQUESTED | 8 |
| BASIS FOR RELIEF | 8 |
| NOTICE | 10 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*In re Boylan Int'l, Ltd.*,
   452 B.R. 43 (Bankr. S.D.N.Y. 2011) ................................................................................ 9

**STATUTES**

11 U.S.C. § 1142 ............................................................................................................. 3

28 U.S.C. § 1334 ............................................................................................................. 3

28 U.S.C. § 1409 ............................................................................................................. 3

28 U.S.C. § 157 ............................................................................................................... 3

**RULES**

Fed. R. Bankr. Proc. 9006 ....................................................................................... 1, 3, 9

Fed. R. Bankr. Proc. 8002 ............................................................................................... 6

TO:   THE HONORABLE MARTIN GLENN
      UNITED STATES BANKRUPTCY JUDGE

Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Section 4.1 of the Fourth Amended and Restated Motors Liquidation Company Avoidance Action Trust Agreement, dated as of February 25, 2019, as attached hereto as <u>Exhibit A</u> (the "**AAT Agreement**"), Wilmington Trust Company, solely in its capacity as trust administrator and trustee (the "**Trust Administrator**") of the Motors Liquidation Company Avoidance Action Trust (the "**AAT**" or the "**Trust**"), as established under the Debtors' Second Amended Joint Chapter 11 Plan (as confirmed, the "**Plan**"), Bankr. Dkt. No. 9836,[1] in the above-captioned bankruptcy proceeding, requests entry of an order substantially in the form attached hereto as <u>Exhibit B</u> (the "**Third Extension Order**"), extending the duration of the AAT for an additional 24 months, through and including December 15, 2021.  The Trust Administrator asks that the Third Extension Order be entered upon notice by the Trust Administrator to the Court that the Internal Revenue Service (the "**IRS**") has issued a private letter ruling (as described herein).

## PRELIMINARY STATEMENT

1.    The AAT's sole purpose is to liquidate and distribute proceeds from the above-captioned adversary proceeding (the "**Term Loan Avoidance Action**") to its beneficiaries.  The AAT currently is scheduled to dissolve no later than December 15, 2019.  Although poised to fulfill its mandate, the AAT requires additional time to take the required steps to make distributions and wind up the affairs of the Trust.

---

[1] All references to the Bankruptcy Docket are to *In re Motors Liquidation Company f/k/a General Motors Corporation*, Case No. 09-50026.  All references to the Adversary Docket are to *Motors Liquidation Company Avoidance Action Trust v. JPMorgan Chase Bank, N.A.*, Adv. Pro. No. 09-00504.

2.  After years of litigation, the parties to the Term Loan Avoidance Action, along with certain other interested parties, have executed a settlement agreement to fully resolve the litigation (the "**Global Settlement Agreement**").  On June 13, 2019, the Court entered an order (the "**Settlement Approval Order**") approving the Global Settlement Agreement.

3.  Once certain closing conditions are met, including that the time to appeal the Settlement Approval Order has expired, the AAT will receive an agreed settlement payment of $231 million and dismiss the Term Loan Avoidance Action.  The AAT must then provide notice to its beneficiaries and confirm necessary distribution information before distributing the proceeds of the Term Loan Avoidance Action and winding up.  Completing these mandatory steps will require that the AAT remain in operation beyond December 15, 2019.

4.  At the earliest, the AAT could receive the settlement payment in late June or early July of this year.  After the AAT repays its government and private funders, the AAT must then seek approval from the Court to distribute the proceeds of the Term Loan Avoidance Action, less withheld expenses, to its beneficiaries.  The Trust Administrator expects to seek approval of its distribution plan promptly after receiving the settlement payment.  Assuming that the Court approves the distribution plan, the AAT expects that the process of providing notice of the distribution, securing necessary beneficiary information, making the primary distribution, and following up with a second (and final) distribution, if warranted, will take between 6 and 12 months.  If this estimated timeframe holds, the Trust Administrator expects that dissolution and wind up of the AAT will be completed during the final quarter of 2020.

5.  Accordingly, the AAT seeks an order extending the duration of the Trust beyond December 15, 2019, to allow the Trust to fulfill its mandate to its beneficiaries.  The requested extension is allowed and contemplated by the AAT Agreement and by the extension order

entered by the Court on July 22, 2016, which extended the dissolution date of the AAT through December 15, 2019.

## JURISDICTION AND VENUE

6. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b); 11 U.S.C. § 1142(b); paragraph II of the order of the Court confirming the Plan, Bankr. Dkt. No. 9941 (the "**Confirmation Order**"); Article XI of the Plan; and Paragraph K and Sections 4.1 and 13.3 of the AAT Agreement.

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a). The statutory predicate for the relief requested is Bankruptcy Rule 9006(b).

## BACKGROUND

A. **Prior Extensions of the Duration of the AAT**

8. On July 31, 2009, the Official Committee of Unsecured Creditors of Motors Liquidation Company (the "**Committee**") commenced the Term Loan Avoidance Action.

9. On December 15, 2011, prosecution of the Term Loan Avoidance Action was transferred to the AAT (the "**Avoidance Action Trust Transfer Date**"). Ex. A (AAT Agreement § 1.1(l)).

10. Pursuant to Section 6.5 of the Plan, the AAT was established to liquidate and distribute the proceeds of the Term Loan Avoidance Action to its beneficiaries. The Trust Administrator was vested with authority and responsibility for prosecuting and resolving the Term Loan Avoidance Action. Bankr. Dkt. No. 9836 (Plan §§ 1.21 & 6.5(f)).

11. To perform these tasks, the AAT was afforded an initial three-year life, ending on December 15, 2014 (the "**Initial Term**").

12. The AAT Agreement specifically provided for extension of the duration of the AAT. Barring earlier dissolution, the AAT was scheduled to dissolve on December 15, 2014:

> unless the Bankruptcy Court, upon motion within the six (6) month period prior to the third (3rd) anniversary of the earlier of (i) the Avoidance Action Trust Transfer Date and (ii) the Other Debtor Residual Assets Transfer Date (or at least six (6) months prior to the end of an extension period), determines that a fixed period extension (such that, together with any prior extensions, the dissolution of the Trust shall occur no later than five (5) years from the date on which the Trust became effective, without a favorable private letter ruling from the IRS that any further extension would not adversely affect the status of the Trust as a liquidating trust for U.S. federal income tax purposes) is necessary to facilitate or complete the recovery and liquidation of the Avoidance Action Trust Assets or the Other Debtor Residual Trust Assets, as the case may be.

Ex. A (AAT Agreement § 4.1).[2]

13. In the fall of 2014, as the date by which the AAT was scheduled to dissolve (December 15, 2014) approached, the Trust Administrator recognized that the AAT would not be able to complete litigation of the Term Loan Avoidance Action without extending the duration of the AAT. Accordingly, on October 9, 2014, within the six-month period prior to December 15, 2014 as required by Section 4.1 of the AAT Agreement, the Trust Administrator sought entry of an order to extend the duration of the AAT through and including December 15, 2016 (the "**First Extended Term**"). Bankr. Dkt. No. 12946.

14. On November 3, 2014, the Court granted the motion, entering an order extending the duration of the AAT through and including December 15, 2016 (the "**First Extended Term Order**"). Bankr. Dkt. No. 12971. The First Extended Term Order specifically allowed the Trust Administrator to seek a further extension of the duration of the AAT if necessary. *Id*.

---

[2] Reference to the Other Debtor Residual Assets Transfer Date is inapplicable here because no Other Debtor Residual Assets were transferred to the AAT.

15. In early 2016, with the First Extended Term scheduled to end on December 15, 2016, the Trust Administrator again recognized that prosecution of the Term Loan Avoidance Action would not be completed within the First Extended Term.

16. As required by Section 4.1 of the AAT Agreement, the AAT requested a private letter ruling from the IRS that an extension of the duration of the AAT for a period of up to three years beyond December 15, 2016 would not adversely affect the status of the AAT as a liquidating trust for U.S. federal income tax purposes. Ex. A (AAT Agreement § 4.1). Although the IRS had not yet issued its private letter ruling, the Trust Administrator nonetheless moved to extend the duration of the AAT to comply with the requirement in the AAT Agreement that such a motion be made at least 6 months before expiration of the First Extended Term. *Id.* Accordingly, on June 13, 2016, the Trust Administrator again sought entry of an order to extend the duration of the AAT through and including December 15, 2019 (the "**Second Extended Term**"). Bankr. Dkt. No. 13637. The motion was made contingent on the AAT receiving a favorable private letter ruling from the IRS. *Id.* at 12.

17. On July 20, 2016, the AAT received the private letter ruling from the IRS that stated an extension of the Trust's term to December 15, 2019, would not adversely affect the classification of the Trust as a liquidating trust for U.S. federal income tax purposes. Bankr. Dkt. No. 13694.

18. Upon receipt of the IRS's private letter ruling, on July 22, 2016, the Court entered an order extending the duration of the AAT through and including December 15, 2019 (the "**Second Extended Term Order**"). Bankr. Dkt. No. 13695. The Second Extended Term Order was again entered "without prejudice to the right of the Avoidance Action Trust Administrator to seek authority to further extend or shorten the duration of the Avoidance Action Trust upon

application of the Avoidance Action Trust Administrator to this Court in accordance with the Avoidance Action Trust Agreement." *Id*.

19.   The AAT is scheduled to terminate no later than December 15, 2019, absent a further order of the Court.

**B.   Global Settlement and the Anticipated Distribution Plan and Wind Up of the AAT**

20.   After many years of litigation, on April 10, 2019, the AAT, certain defendants, and other interested parties entered into the Global Settlement Agreement to fully resolve the Term Loan Avoidance Action. Bankr. Dkt. No. 14505-2. On May 13, 2019, the AAT filed a motion pursuant to Bankruptcy Rule 9019 for Court approval of the Global Settlement Agreement (the "**9019 Motion**"). Bankr. Dkt. No. 14505. A hearing on the 9019 Motion was held on June 12, 2019, during which the Court approved the Global Settlement Agreement from the bench for reasons stated on the record. The following day the Court entered the Settlement Approval Order granting the 9019 Motion. Bankr. Dkt. No. 14530.

21.   Certain closing conditions must be met before the AAT will receive the $231 million settlement payment. *See* Bankr. Dkt. No. 14505-2 (Global Settlement Agreement § 9). One of these conditions is that the fourteen-day time to appeal the Settlement Approval Order has run. *Id*. (Global Settlement Agreement § 9(a)(i)); Fed. R. Bankr. Proc. 8002(a)(1). The parties then have an additional three business days to confirm that the closing conditions have been met, entitling the AAT to receive the $231 million settlement payment. Bankr. Dkt. No. 14505-2 (Global Settlement Agreement §§ 2(a), 2(c), & 9(b)). Thus, the AAT will receive the proceeds from the Term Loan Avoidance Action at the end of June or beginning of July 2019 at the earliest.

22. After the AAT receives the $231 million settlement payment, the AAT must take several administrative steps before distributing proceeds to its beneficiaries.

23. First, among other expenses and obligations, the Trust Administrator plans to repay its government and private litigation funders as required by the AAT Agreement. Ex. A (AAT Agreement §§ 5.1(d)(i)-(iv)). Second, the Trust Administrator, with the approval of the AAT's monitor, must retain sufficient funds to pay its remaining fees and expenses, including fees and expenses it will incur when it terminates the AAT. *Id*. (AAT Agreement §§ 5.1(d)(v) & 5.5(b)). Third, the AAT must seek approval from the Court to distribute the proceeds from the Term Loan Avoidance Action to the AAT's beneficiaries. *Id*. (AAT Agreement ¶ K (Background)). The Trust Administrator expects to seek approval of its distribution plan promptly after receiving the settlement payment.

24. Distribution to the AAT's beneficiaries is a multi-step process. In order to make a distribution, the AAT must provide notice to its beneficiaries and allow several months to receive necessary distribution information from its beneficiaries, including address and tax withholding information. *See id*. (AAT Agreement §§ 6.8 & 7.5). The AAT will then make a distribution of the proceeds of the Term Loan Avoidance Action to those beneficiaries that provide the necessary information. After the initial distribution is made and all AAT expenses are paid, the AAT will make an additional, final distribution if sufficient funds remain such that a distribution is warranted or required under the AAT Agreement. *See id*. (AAT Agreement §§ 5.6 & 2.6(c)). The Trust Administrator expects that it will take until the second or third quarter of 2020 to fully complete all aspects of the distribution process.

25.     Once the litigation proceeds have been fully distributed, the AAT will dissolve and wind up, a process that could take several months.  *See* Ex. A (AAT Agreement § 4.2).

## RELIEF REQUESTED

26.     By this motion, the Trust Administrator seeks entry of an order continuing the duration of the AAT through and including December 15, 2021—24 months beyond the Second Extended Term—in order to permit the AAT sufficient time to complete its purpose of distributing the net proceeds of the Term Loan Avoidance Action and to wind up.  Although the Trust Administrator expects to wind up the AAT well before December 2021, the requested 24-month extension will ensure that the Trust Administrator will not need to come back to the Court to request a further extension should distribution and wind up take longer than expected.

27.     As set forth above, this is the Trust Administrator's third request for an extension of the duration of the AAT and, barring unforeseen circumstances, will be the last.

## BASIS FOR RELIEF

28.     The relief requested herein is consistent with the terms of the Plan, the Confirmation Order, the AAT Agreement, and applicable bankruptcy law.

29.     The Trust Administrator has the power and authority to perform such "functions as are provided in the Plan and the Trust Agreement," including seeking Court authority to extend the duration of the AAT.  Bankr. Dkt. No. 9941 (Confirmation Order ¶ 35); Ex. A (AAT Agreement § 4.1).  More specifically, the AAT Agreement provides that the duration of the AAT may be extended by order of the Court if necessary to facilitate or complete the recovery and liquidation of the "Avoidance Action Trust Assets" as referenced in Section 4.1 of the AAT Agreement.

30.     The extension of the duration of the AAT is necessary to complete the liquidation and distribution of the "Avoidance Action Trust Assets."  *See* Ex. A (AAT Agreement § 1.1(i)

8

(defining term)).  Although the AAT is working in good faith to expeditiously complete the process, as summarized above, the steps that must occur for the AAT to complete the distribution process and wind up cannot be completed before December 15, 2019.  Accordingly, an extension of the dissolution date is necessary.

31.     The Trust Administrator's request complies with the other requirements in Section 4.1 of the AAT Agreement.  On March 26, 2019, more than eight months before the expiration of the Second Extended Term, the Trust Administrator requested a private letter ruling from the IRS that an extension of the duration of the AAT for a period of up to three years beyond December 15, 2019 will not adversely affect the status of the AAT as a liquidating trust for U.S. federal income tax purposes, as required under Section 4.1 of the AAT Agreement.  The Trust Administrator expects that the IRS ruling will be issued in the near future and well in advance of December 15, 2019.

32.     This motion is made more than six months prior to the end of the Second Extended Term, as required by Section 4.1 of the AAT Agreement.  However, entry of the proposed Third Extension Order, attached as Exhibit B, should be deferred until the IRS issues its private letter ruling.  The Trust Administrator will notify the Court upon its receipt of the private letter ruling and will submit the proposed order for the Court's consideration at that time.

33.     The relief requested herein is in the best interests of the beneficiaries of the AAT.  Without additional time, the AAT will not be able to make orderly distributions or ensure that all eligible beneficiaries are afforded a fair opportunity to participate in those distributions.

34.     Although the Trust Administrator expects that distribution and wind up will occur well before December 15, 2021, a 24-month extension will ensure that the Trust Administrator will not have to incur the additional costs associated with making another extension request.

35. The relief requested herein is also supported by governing bankruptcy law. Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or within a specified period . . . by order of [the] court, the court for cause shown may at any time in its discretion . . . order the period enlarged . . . ." Fed. R. Bankr. P. 9006(b). Courts in this jurisdiction have granted similar relief, *see e.g.*, *In re Boylan Int'l, Ltd.*, 452 B.R. 43, 52 (Bankr. S.D.N.Y. 2011), as has the Court in this matter when it entered the First and Second Extended Term Orders.

## NOTICE

36. The Trust Administrator will serve notice of this motion on (a) the potential beneficiaries of the AAT, including the holders of Allowed General Unsecured Claims (as defined in the AAT Agreement); (b) United States Department of the Treasury and Export Development Canada; (c) the private funders of the AAT—Cynthiana LLC and Earlham LLC and LW Holdco VI LLC; (d) the Office of the United States Trustee for the Southern District of New York; and (e) counsel of record for the defendants in the Term Loan Avoidance Action. Further, this motion will be filed on the bankruptcy docket in the chapter 11 cases and on the adversary docket for the Term Loan Avoidance Action. The Trust Administrator submits that no other or further notice need be provided.

37. No previous motion for the relief sought herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Trust Administrator respectfully requests that the Court, upon notice by the Trust Administrator that the IRS has issued a favorable private letter ruling, enter an order substantially in the form attached hereto as Exhibit B extending the duration of the AAT for an additional 24 months, through and including December 15, 2021; and grant such other and further relief as may be deemed just and proper.

Dated: June 13, 2019
   New York, New York

              Respectfully submitted,

              **BINDER & SCHWARTZ LLP**

              /s/ Eric B. Fisher
              Eric B. Fisher
              Neil S. Binder
              Lindsay A. Bush
              Lauren K. Handelsman
              366 Madison Avenue, 6th Floor
              New York, New York 10017
              Tel: (212) 510-7008
              Facsimile: (212) 510-7299

              *Attorneys for the Motors Liquidation*
              *Company Avoidance Action Trust*