June 10, 2019

Clerk's Office
United States Bankruptcy Court
Southern District of New York
United States Customs House
One Bowling Green, 6th Floor
New York, New York 10004-1408

Re:   In re Motors Liquidation Company
      United States Bankruptcy Court
      Southern District of New York, Case No. 09-50026(MG)

Dear Sir/Madam:

    Annexed herewith for filing and forwarding to the appropriate judge is my motion and supporting papers in the above-referenced matter.

    An Affirmation of Service is annexed showing service upon legal counsel for the Debtor.

Sincerely,


Robert Cardew
82-C-0739
Five Points Correctional Facility
6600 State Route 96, P.O. Box 119
Romulus, New York 14541-0119

June 10, 2019

Clerk's Office
United States Bankruptcy Court
Southern District of New York
United States Customs House
One Bowling Green, 6th Floor
New York, New York 10004-1408

Re:   In re Motors Liquidation Company
      United States Bankruptcy Court
      Southern District of New York, Case No. 09-50026(MG)

Dear Sir/Madam:

      Annexed herewith for filing and forwarding to the appropriate
judge is my motion and supporting papers in the above-referenced
matter.

      An Affirmation of Service is annexed showing service upon
legal counsel for the Debtor.

      Sincerely,


Robert Cardew
82-C-0739
Five Points Correctional Facility
6600 State Route 96, P.O. Box 119
Romulus, New York 14541-0119

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE MOTORS LIQUIDATION COMPANY,
f/k/a GENERAL MOTORS CORPORATION,
n/k/a MOTORS LIQUIDATION COMPANY
GENERAL UNSECURED CREDITORS TRUST,
n/k/a GENERAL MOTORS LLC,

                                    Debtor,

                    -against-

ROBERT CARDEW,

                    Intervenor.

AFFIRMATION OF SERVICE

Case No. 09-50026(MG)

Robert Cardew, affirms that on the 7th day of June, 2019, I served a true copy of a Notice of Motion, Affirmation in Support of Notice of Motion and supporting Exhibits upon counsel for General Motors LLC, Mr. Scott Davidson, Attorney at *Law*, *King* & Spaulding LLP, 1185 Avenue of the Americas, New York, New York 10036-4003; and counsel for Motors Liquidation Company General Unsecured Creditors Trust, Mr. Kristen Going, Attorney at Law, Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor, New York, New York 10036-2714; by placing same in a properly addressed postpaid wrapper and depositing same in a mailbox for inmate mail at Five Points Correctional Facility, Romulus, N.Y..

I swear under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the forgoing is true and correct.

Dated:  June  7, 2019
        Romulus, N.Y.

_Robert Cardew_ (signature)

Robert Cardew
82-C-0739
Five Points Correctional Facility
6600 State Route 96, P.O. Box 119
Romulus, New York 14541-0119

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE MOTORS LIQUIDATION COMPANY,                    NOTICE OF MOTION
f/k/a GENERAL MOTORS CORPORATION,
n/k/a MOTORS LIQUIDATION COMPANY
GENERAL UNSECURED CREDITORS TRUST,
n/k/a GENERAL MOTORS LLC,

                              Debtor,        Case No. 09-50026(MG)

              -against-

ROBERT CARDEW,

                         Intervenor.

PLEASE TAKE NOTICE that upon the annexed Affirmation of Robert
Cardew, affirmed on the 7th day of June, 2019, and all supporting
exhibits, that a motion will be made before this Court, located at
United States Customs House, One Bowling Green, 6th Floor, on the
5th day of July, 2019, at 9:00 a.m. in the forenoon of that day,
for an Order concerning the matters as addressed in the annexed
Affirmation and for such other and further relief that this Court
deems just and proper.


Dated:   June  7, 2019
         Romulus, N.Y.



Robert Cardew
82-C-0739
Five Points Correctional Facility
6600 State Route 96, P.O. Box 119
Romulus, New York 14541-0119

TO:   Counsel for General Motors LLC:

     Mr. Scott Davidson
     Attorney at Law
     King & Spaulding LLP
     1185 Avenue of the Americas
     New York, New York 10036-4003


     Counsel for Motors Liquidation Company General Unsecured
     Creditors Trust:

     Mr. Kristen Going
     Attorney at Law
     Drinker Biddle & Reath LLP
     1177 Avenue of the Americas, 41st Floor
     New York, New York 10036-2714

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MOTORS LIQUIDATION COMPANY,<br>f/k/a GENERAL MOTORS CORPORATION,<br>n/k/a MOTORS LIQUIDATION COMPANY<br>GENERAL UNSECURED CREDITORS TRUST,<br>n/k/a GENERAL MOTORS LLC, | AFFIRMATION IN SUPPORT<br>OF MOTION |
|                           Debtor, | Case No. 09-50026(MG) |

          -against-

ROBERT CARDEW,

                 Intervenor.

---

1.   Robert Cardew, intervenor herein, make this affirmation in support of my motion to have this Court make a determination to several issues relating to a lawsuit I filed for personal injury in the State of New York, Wyoming County, Supreme Court.

2.   On May 1, 2017, while being transported in a 2008 General Motors Corporation Chevrolet Express Van 3500, Vehicle Identification Number #1GAHG39K581167537, I sustained injuries to my chest area where I had open heart surgery on April 3, 2017.

3.   I contemplated filing a lawsuit against the manufacturer of the van and contacted the New York State Department of State where I was notified that as of June of 2017, General Motors Corporation was now named Motors Liquidation Company with its address as 300 Renaissance Center, Detroit, Michigan 48265, the Registered Agent who accepts service of process in New York State is CT Corporation System, 111 Eighth Avenue, New York, New York 10011 and this is where the Department of State would serve my Summons and Complaint if I had them serve my lawsuit on my behalf.

4.   Since Motors Liquidation Company was registered with the New York State Department of State in 2017 as the current name of the former General Motors Corporation, I filed a lawsuit in the New York State Wyoming County Supreme Court, Index Number 49735, on January 5, 2018, titled Robert Cardew v. Motors Liquidation Company f/k/a General Motors Corporation because Motors Liquidation Company had specifically agreed to assume all responsibility for any accidents or incidents giving rise to death, personal injury or property damage after the date of the closing of the 11 USC 363 sale, irrespective or whether the vehicle was manufactured by General Motors Corporation or Motors Liquidation Company, Decision on Motion to Enforce Sale Order, In re Motors Liquidation Co., 529 BR 510, 533 (Bankruptcy Court, S.D.N.Y. 4/15/15), and since my lawsuit was for personal injury, I could bring suit against Motors Liquidation Company for my injuries sustained in the General Motors designed and manufactured vehicle.

5.   On February 5, 2018, I had the New York City Sheriff serve CT Corporation System with my Summons and Complaint (Exhibit "A") and filed the original copy of the New York City Sheriff's Affidavit of Service with the Wyoming County Clerk on February 16, 2018.

6.   To verify that CT Corporation System was still the registered agent for service of process, I again contacted the New York State Department of State and on February 28, 2018, was provided with documentation that the former General Motors Corporation was still registered with the State of New York Department of State as

-2-

now named Motors Liquidation Company and that its registered agent was still CT Corporation System (Exhibit "B").

7.    At this point this Court can see that even though I am now told that General Motors Corporation is no longer named Motors Liquidation Company and went through two more name changes several years before May 1, 2017, the New York State Department of State was never notified of these name changes prior to May 1, 2017, and was still directing individuals that the former General Motors Corporation was now named Motors Liquidation Company and to serve their legal documents on CT Corporation System if their lawsuit originated in New York State, not Motors Liquidation Company General Unsecured Creditors Trust or General Motors LLC.

8.    Since Motors Liquidation Company never had its legal counsel notify the Wyoming County Supreme Court and myself that its counsel was going to submit an answer to my lawsuit or otherwise defend against my lawsuit in any way, on October 22, 2018, I submitted a motion for a default judgment which was granted by the Wyoming County Supreme Court on February 6, 2019, and filed with the Wyoming County Clerk on February 11, 2019 (Exhibit "C"), where an inquest for damages was scheduled for April 16, 2019.

9.    On February 19, 2019, I submitted a motion to the Wyoming County Supreme Court to have the court subpoena myself and others as witnesses to testify at the inquest for damages and at that point the Wyoming County Supreme Court made a Decision and Order dated March 1, 2019, denying my motion and bringing up the issue of the bankruptcy proceeding in this Court and concerning an auto-

-3-

matic stay, etc. (Exhibit "D"), and that is why this proceeding is now before this Court.

10.  I wrote a letter to the Southern District Bankruptcy Court Clerk concerning the matters of an automatic stay, etc., and on April 8, 2019, I received a letter from the Court Services Department giving me three names of organizations to contact as well as their telephone numbers (Exhibit "E").

11.  However, I am incarcerated by the State of New York and I am not allowed to make telephone calls without them being collect calls, the telephone number must be on an approved list, I would also have to provide addresses of these agencies to get them on the approved list, as well as the agency would have to open a pre-paid account for incarcerated individuals to call them with the telephone provider that provides telephone services to inmates in New York State.  Therefore, these agencies and telephone numbers were totally useless to me.

12.  I also wrote a letter to Bankruptcy Judge Martin Glenn concerning my questions in this matter and this letter was directed to King & Spaulding LLP, 1185 Avenue of the Americas, New York, New York 10036-4003 (Exhibit "F"), where I was provided with some information and address for counsel for Motors Liquidation Company General Unsecured Creditors Trust.

13.  When I wrote a letter to Kristen Going, Attorney at Law, Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor, New York, New York 10036-2714, concerning my questions as to what I should do as suggested by Mr. Scott Davidson of King &

-4-

Spaulding LLP, I never received a response from Mr. Going.

14.   In Scott Davidson's letter of April 16, 2019, he also gave me Mr. Going's telephone number and also suggested that if I had any more questions I should call him at his office.   However, as previously stated in ¶ 11, supra, I am unable to call either of them on the telephone.

15.   I received a second letter from Mr. Scott Davidson dated April 22, 2019, concerning a letter I wrote to one of his colleagues back when I sent a letter to Judge Glenn, this Court's clerk and Arthur Steinburg at King & Spaulding after finding his name as an attorney in a court decision dealing with the bankruptcy litigation of Motors Liquidation Company in my facility's law library (Exhibit "G").   However, my questions haave never been answered concerning tne bankruptcy and which one of the four company names I am supposed to file a lawsuit against.

16.   However, my questions have not been answered concerning my legal proceeding in Wyoming County Supreme Court against Motors Liquidation Company and I am requesting that this Court instruct me on what I am supposed to do since I am totally unfamiliar with bankruptcy proceedings, have not found an attorney who is willing to represent me in my legal proceeding or provide me with information, as well as I am very limited in what I can research because my access to legal procedures, court cases, forms, etc., are very limited by my incarceration and being confined to a wheelchair because of my health.

17.   Is the automatic stay from this Court relating to the

-5-

bankruptcy proceeding herein still in effect?  If not, what was the date that it was lifted?  If it is still in effect, can I be provided with relief from the automatic stay through this motion or do I have to file a separate motion in this Court?

18.  If the automatic stay is still in effect, does the automatic stay suspend the statute of limitations from running and if so, when would the statute of limitations start to run after the automatic stay is lifted?

19.  In New York State I have three years to file a lawsuit for personal injury so I need to know how the automatic stay works in relation to the statute of limitations and if the automatic stay does not stop the statute of limitations and it continues past April 30, 2020, it would then be impossible for me to file a lawsuit relating to my personal injuries if the lawsuit I currently have in Wyoming County Supreme Court is moot because of the automatic stay.

20.  Am I supposed to file any type of claim with this Court relating to my injuries that occurred on May 1, 2017, while being in the 2008 General Motors Chevrolet Express van because of the bankruptcy proceeding?  If so, what type of claim am I supposed to file and where do I get the proper forms to do so or outline on how to prepare the papers and what I am supposed to submit?

21.  Which one of the following companies are now responsible for personal injury claims that occurred in a 2008 General Motors Chevrolet 3500 van on May 1, 2017, since the name has several times?  Motors Liquidation Company f/k/a General Motors Corpora-

tion or Motors Liquidation Company General Unsecured Creditors
Trust or General Motors LLC?

22. Am I supposed to file a non-court claim for my injuries
directly with the company's name provided by this Court in ¶ 21,
supra? If so, what is the name of the office and its address that
I can request the information from to do so and what documents do
I ask for to fill out and return to them?

23. If I decide to file a new lawsuit in court against the
company name provided in ¶ 21, supra, since it is now responsible
for personal injury claims in General Motors vehicles manufactured
before the bankruptcy, if it is now a different name than Motors
Liquidation Company, who is the registered agent and its address
in New York State to accept service of process since the New York
State Department of State says that old General Motors Corpora-
tion's name is currently Motors Liquidation Company and its reg-
istered agent is CT Corporation Systems (Exhibit "B")?

24. The April 16, 2019, letter (Exhibit "F") I was informed
that Motors Liquidation Company was dissolved in December of 2011.
However, at the same time, until February 28, 2018, Motors Liqui-
dation Company was still registering itself with the New York
State Department of State claiming that the old General Motors
Corporation and providing CT Corporations System as its registered
agent in New York State and its main office is located in the old
General Motors Corporation company headquarters in Detroit, Michi-
gan (Exhibit "B"), when the company allegedly went through two
more name changes to Motors Liquidation Company General Unsecured

-7-

Creditors Trust and then to General Motors LLC?

25.  Since a corporation has to register each year with the
New York State Department of State.  How is it that old General
Motors Corporation was allowed to register its name as Motors
Liquidation Company after December of 2011 when it was allegedly
dissolved and not under its new name thereby allowing individuals
like myself to file lawsuits against a dissolved company that is
allegedly no longer responsible for personal injury claims in
court for old General Motors Corporation vehicles built before the
bankruptcy.

26.  It seems to me that this was intentionally done so that
individuals like myself would file a personal injury lawsuit
against the wrong named company instead of the correctly named
company that was responsible for personal injury claims relating
to General Motors vehicles built before the bankruptcy and their
injuries happened several years after the alleged dissolution of
Motors Liquidation Company which is exactly what happened to me.

27.  Would a company intentionally falsely registering itself
with the New York Department of State each year under a name of a
dissolved company when it had changed its name to a new one con-
stitute fraud?  Especially when it seems like it was done for the
purpose of evading personal injury lawsuits?

28.  As can be seen by Exhibits "E", "F" & "G", the Clerk's
Office of this Court as well as counsel that this Court referred
my letter to Your Honor too, will not answer my questions concern-
ing the bankruptcy and how it applies or does not apply to my sit-

-8-

uation because they either are not allowed to give out legal advice and/or do not represent me so they will not do so. Especially when it is in the best interest of the Debtors herein to keep me totally confused and unable to properly file legal papers herein and/or in any other court over my injuries. Furthermore, when I wrote a letter to Mr. Kristen Going as recommended by Mr. Davidson (Exhibit "F"), as well as Mr. Davidson sent a copy of my letter to this Court and Mr. Davidson's response to Mr. Going, he never contacted me or answered my letter.

29. I request that this Court answer my questions as stated herein, supra, and any other questions I may have and/or direct some other agency and/or person to do so because as can be seen by Exhibits "C" & "D", I cannot continue my current litigation in Wyoming County Supreme Court and/or refile in another court since the above-named companies are continuing to file incorrect information with the New York State Department of State concerning what is the correct name for old General Motors Corporation, who their registered agent is as well as if the automatic stay is still in effect or not, and which company's name is responsible for personal injuries sustained on May 1, 2017, while in a 2008 old General Motors Corporation manufactured vehicle, etc..

30. I also request that if this Court determines it is necessary, a telephone conference be set up between the Court, myself and other necessary parties to resolve the questions herein and the problems created by the situation as stated herein and for whatever further relief that this Court deems necessary herein.

-9-

31.  I also need a written order from this Court concerning if the automatic stay is currently in effect or not, if it can be waived as to any litigation I a have brought or may bring concerning my personal injuries sustained on May 1, 2017, as well as what are the names of the companies the automatic stay applies to and what are the names of the companies that the automatic stay does not apply too.

32.  No previous application has been made in this or any other court for the relief request herein.

WHEREFORE, your affirmant respectfully requests the relief as requested herein and for such other and further relief that this Court deems necessary in this matter.


I swear under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the forgoing is true and correct.


Dated:   June 7, 2019
         Romulus, N.Y.




Robert Cardew
82-C-0739
Five Points Correctional Facility
6600 State Route 96, P.O. Box 119
Romulus, New York 14541-0119

SHERIFF'S CERTIFICATE OF SERVICE ON CORPORATION, PARTNERSHIP OR GOVERMENTAL SUBDIVISION

Docket # 49735
Sheriff's Case # 18004539

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WYOMING
---------------------------------------------------------x

ROBERT CARDEW,
PLAINTIFF,

    VS

MOTORS LIQUIDATION COMPANY, F/K/A
GENERAL MOTORS CORPORATION,
DEFENDANT.
---------------------------------------------------------x
STATE OF NEW YORK}
COUNTY OF NEW YORK} SS:

I, QIN ZHANG, Deputy Sheriff of the City and State of New York, authorized pursuant to my special duties to serve process, hereby certify that: I am not a party to this action or proceeding and over 18 years of age. I further certify that on 2/5/2018, at approximately 9:55 AM at 111 8TH AVENUE 13 FLOOR NEW YORK, NY 10011 in the borough of MANHATTAN, County of NEW YORK, I served the annexed: SUMMONS & COMPLAINT upon MOTORS LIQUIDATION COMPANY, F/K/A GENERAL MOTORS CORPORATION, in the following manner:

[X] PERSONAL SERVICE ON CORPORATION, PARTNERSHIP OR GOVERMENTAL SUBDIVISION

By delivering to and leaving with, NORA DINDY.AL, a true copy thereof. Said person stated she was the INTAKE SPECIALIST FOR CT CORPORATION SYSTEM an agent authorized to accept service of legal process for MOTORS LIQUIDATION COMPANY, F/K/A GENERAL MOTORS CORPORATION.

[X] DESCRIPTION:

| | | | |
|---|---|---|---|
| Skin Complexion: **DARK** | Sex: **FEMALE** | Approx. Age: **45** | Height: **5'6"** |
| Weight: **120lbs.** | Hair Color: **BLACK** | | |

I understand that false statements made herein are punishable as a class A misdemeanor pursuant to Penal Law §210.45.

SHERIFF OF THE CITY OF NEW YORK
JOSEPH FUCITO

Dated: 2/5/2018

BY: _____
        QIN ZHANG
        DEPUTY SHERIFF
        SHIELD # 482

A

Entity Information                                                      Page 1 of 2
09-50026-mg   Doc 14534   Filed 06/13/19   Entered 06/14/19 17:23:04   Main Document
Pg 18 of 28

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through February 27, 2018.

Selected Entity Name: MOTORS LIQUIDATION COMPANY
Selected Entity Status Information

**Current Entity Name:** MOTORS LIQUIDATION COMPANY
**DOS ID #:** 2818
**Initial DOS Filing Date:** SEPTEMBER 04, 1918
**County:** NEW YORK
**Jurisdiction:** DELAWARE
**Entity Type:** FOREIGN BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
C/O CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

**Chief Executive Officer**
FREDERICK ARTHUR HENDERSON
300 RENAISSANCE CENTER
DETROIT, MICHIGAN, 48265

**Principal Executive Office**
MOTORS LIQUIDATION COMPANY
300 RENAISSANCE CENTER
DETROIT, MICHIGAN, 48265

**Registered Agent**
C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

This office does not record information regarding the names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate of incorporation, however this information is not recorded and only available by viewing the certificate.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| No Information Available | | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| JUL 10, 2009 | Actual | MOTORS LIQUIDATION COMPANY |
| SEP 04, 1918 | Actual | GENERAL MOTORS CORPORATION |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Services/Programs  |  Privacy Policy  |  Accessibility Policy  |  Disclaimer  |  Return to DOS Homepage  |  Contact Us

At a term of the Supreme Court held in and for the County of Wyoming, at the Court-house in Warsaw, New York, on the 6th day of February, 2019.

PRESENT:   HONORABLE MICHAEL M. MOHUN
           Acting Supreme Court Justice

STATE OF NEW YORK, WYOMING COUNTY, SS.
I, Rhonda Pierce, Clerk of said County and also Clerk of Supreme and County Courts of said County, do hereby certify that I have compared the annexed copy with the original _Decision + Order_ filed in my office on _FEB 1 1 2019_ and that it is a correct transcript thereof and of the whole of said original in Testimony whereof, I have hereunto set my hand and affixed the seal of said County and Courts on _FEB 1 1 2019_.

_Rhonda Pierce_, Clerk

STATE OF NEW YORK
SUPREME COURT: COUNTY OF WYOMING

---

ROBERT CARDEW,

                   *Plaintiff,*

          v.

MOTORS LIQUIDATION COMPANY F/K/A
GENERAL MOTORS CORPORATION,

                   *Defendant.*

---

DECISION AND ORDER

Index No. 49735

The above-named plaintiff, an inmate at the Attica Correctional Facility, having moved pro se and ex parte for an order pursuant to CPLR 3215 for judgment in favor of the plaintiff against the defendant upon the causes of action stated in the complaint due to the defendant's default, and said motion having duly come on to be heard.

NOW, on reading the summons and complaint with affidavit of service, and on reading and filing the notice of motion dated October 22, 2018, supported by the affidavits of Robert Cardew, sworn to on October 22, 2018, together with the annexed exhibits, the following decision is rendered.

The plaintiff's complaint is verified, and the Court finds that it constitutes sufficient proof of the facts of the claim for the purposes of this motion (CPLR §3215[f]). With respect to proof of service upon the defendant, the plaintiff has filed a "Sheriff's Certificate of Service" signed by Deputy Qin Zhang of the New York City Sheriff's Office stating that the

Page 1 of 2

C-1

summons and complaint in this action were personally served upon Nora Dindyal on February 5, 2018, at 111 8th Avenue, 13th Floor, New York, New York, 10011. According to Deputy Zhang, Ms. Dindyal "[s]tated that she was the Intake Specialist for CT Corporation System, an agent authorized to accept service of legal process for Motors Liquidation Company, f/k/a General Motors Corporation." That the CT Corporation System is, in fact, the current, registered agent in New York for Motors Liquidation Company may be confirmed through a search of the online entity information database maintained by the New York State Department of State, Division of Corporations. The database lists Motors Liquidation Company as an active foreign corporation incorporated in the State of Delaware, whose Chief Executive Officer is Frederick Arthur Henderson, having an office address of 300 Renaissance Center, Detroit Michigan, 48265. The plaintiff has included a printout of this information with his motion papers.

Despite being served through its agent on February 5, 2018, the defendant has failed to appear or plead in this action to recover damages for personal injuries. The Court finds that the defendant is in default. Accordingly, the motion shall be granted.

**NOW, THEREFORE,** it is hereby

**ORDERED** that the plaintiff's motion for a default judgment is granted; and it is further

**ORDERED** that judgment shall be entered in favor of the plaintiff against the defendant upon the causes of action stated in the complaint in an amount to be determined following an inquest; and it is further

**ORDERED** that the matter is set down for an inquest to determine damages which shall be held before the Court without a jury on April 16, 2019, at 11:00 am.

Dated:  February 6, 2019

MICHAEL M. MOHUN
Acting Supreme Court Justice

Page 2 of 2

C-2

At a term of the Supreme Court held in and
for the County of Wyoming, at the Court-
house in Warsaw, New York, on the 1st day
of March, 2019.

PRESENT:    **HONORABLE MICHAEL M. MOHUN**
Acting Supreme Court Justice

STATE OF NEW YORK
SUPREME COURT: COUNTY OF WYOMING

---

ROBERT CARDEW,

                    *Plaintiff,*

                                                          **DECISION AND ORDER**

            v.

                                                          Index No. 49735

MOTORS LIQUIDATION COMPANY F/K/A
GENERAL MOTORS CORPORATION,

                    *Defendant.*

---

The above-named plaintiff, an inmate at the Attica Correctional Facility, having

moved pro se and ex parte pursuant to CPLR 2302(b) for the issuance of several subpoenas

compelling the attendance of certain witnesses, including himself, at the inquest to determine

damages in this case scheduled to occur on April 16, 2019, at 11:00 a.m., and said motion having

duly come on to be heard.

NOW, upon the notice of motion dated February 19, 2019, supported by the

affidavits of the plaintiff, sworn to on February 19, 2019, together with the annexed exhibits, and

upon taking judicial notice of the existence of a pending bankruptcy case involving the

defendant, the following decision is rendered.

It has come to the Court's attention that the defendant in this case is the debtor in

a pending bankruptcy case filed June 1, 2009, in the United States Bankruptcy Court for the

Southern District of New York. The Court notes that this bankruptcy case has generated a

Page 1 of 2

D-1

substantial amount of litigation in the Federal Courts (see, for instance, In re Motors Liquidation Company, unreported slip opinion, 2019 WL 387334 [January 29, 2019]; and In the Matter of Motors Liquidation Company, 829 F.3d 135 [2nd Cir., 2016]).  In any event, the plaintiff's claim is clearly subject to the automatic stay provided by statute (11 USC §362[a]).  Indeed, "the clear language of the Bankruptcy Code prohibited the filing of a complaint against defendant during the pendency of the bankruptcy action" (Storini v. Hortiales, 16 A.D.3d 1110, 1110 [4th Dept., 2005]).  Also, all of the actions taken so far by this Court pursuant to the plaintiff's complaint – including the granting of a default judgment on February 6, 2019 – are "void ab initio" because they were done while the automatic stay was in effect (Levant v. National Car Rental, Inc., 33 A.D.3d 367, 368 [3rd Dept., 2006]).  Moreover, only the bankruptcy court may grant relief from the automatic stay (id.).  Accordingly, the Court must deny the instant motion.  No further actions will be taken by the Court in this case until the plaintiff can demonstrate that the stay has been lifted and that his claims have not been discharged or foreclosed as a result of the bankruptcy.

NOW, THEREFORE, it is hereby

ORDERED that the plaintiff's motion for judicial subpoenas is denied; and it is further

ORDERED that the inquest scheduled for April 16, 2019, is postponed indefinitely and all other proceedings in this case are stayed until further order of the Court.

Dated:  March 1, 2019

MICHAEL M. MOHUN
Acting Supreme Court Justice

GRANTED

MAR - 1 2019

CHIEF CLERK
WYOMING COUNTY SUPREME COURT

D-2

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
### ONE BOWLING GREEN ← _U.S. Customs House_
### NEW YORK, NY 10004-1408
_6th Floor_

VITO GENNA
CLERK OF COURT
TELEPHONE: (212) 284-4040

April 8, 2019

Robert Cardew
82-C-0739
Five Points Correctional Facility
6600 State Route 96, P.O. Box 119
Romulus, NY 14541-0119

*Re*: **Letter**

Dear Mr. Cardew:

    Pursuant to your request letter dated March 25, 2019, please note that staff clerks cannot provide legal advice to your questions, but you may contact:  The City Bar Justice Center Legal Hotline number (212) 626-7383 or the NYC Bankruptcy Assistance Project NYC BAP Hotline at (646) 442-3630, or the New York City Bar Legal Referral Service telephone number at (212) 626-7373 with any questions you have regarding bankruptcy or filing for bankruptcy.

Sincerely,

Court Services Department

E

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

April 16, 2019

Mr. Robert Cardew
82-C-0739
Five Points Correctional Facility
6600 State Route 96
P.O. Box 119
Romulus, New York 14541-0119

Re:    *In re Motors Liquidation Company*
Case No. 09-50026 (MG)

**Response to Letter dated March 25, 2019
[Entered on Docket on April 10, 2019]**

Dear Mr. Cardew:

King & Spalding LLP is counsel for General Motors LLC, the entity that purchased assets and assumed certain liabilities of General Motors Corporation (also known as Motors Liquidation Company). That sale was approved in the Motors Liquidation Company's bankruptcy case in July 2009. The Honorable Martin Glenn, the Bankruptcy Judge presiding over the Motors Liquidation Company bankruptcy case, has directed me to respond to your letter to him dated March 25, 2019 (entered on the Bankruptcy Court's docket on April 10, 2019). Your lawsuit was filed against "Motors Liquidation Company, f/k/a General Motors Corporation." That entity dissolved in December 2011 whereupon its assets and liabilities were then transferred to the Motors Liquidation Company General Unsecured Creditor Trust. The contact information for the counsel of the Motors Liquidation Company General Unsecured Creditors Trust is:

Kristen Going, Esq.
Drinker Biddle & Reath LLP
1177 Avenue of the Americas
41st Floor
New York, New York 10036-2714
(212) 248-3140

DMSLIBRARY01\21600\162081\34221245.v1-4/15/19

F-1

Robert Cardew
April 16, 2019
Page 2

     I am copying Ms. Going on this letter.  If you have any further questions, you may call me at (212) 556-2164.

Very truly yours,

Scott Davidson

SD/hs

cc:    Kristen Going, Esq.

F-2

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

April 22, 2019

Mr. Robert Cardew
82-C-0739
Five Points Correctional Facility
6600 State Route 96
P.O. Box 119
Romulus, New York 14541-0119

      Re:   ***In re Motors Liquidation Company***
           **Case No. 09-50026 (MG)**

<u>**Response to Letter dated April 15, 2019**</u>

Dear Mr. Cardew:

      This letter is in response to your letter dated April 15, 2019 to my colleague Arthur Steinberg.

      Please note that King & Spalding LLP is counsel for General Motors LLC ("**<u>GM LLC</u>**"), the entity that purchased assets and assumed certain liabilities of General Motors Corporation (also known as Motors Liquidation Company) in connection with a sale ("**<u>Sale</u>**") that was approved in the Motors Liquidation Company's bankruptcy case in July 2009. King & Spalding does not represent, and has never represented Motors Liquidation Company, f/k/a General Motors Corporation ("**<u>Old GM</u>**"), the entity you have sued. MLC dissolved in December 2011, whereupon its assets and liabilities were then transferred to the Motors Liquidation Company General Unsecured Creditor Trust. The contact information for counsel for the Motors Liquidation Company General Unsecured Creditors Trust ("**<u>MLC GUC Trust</u>**") is: Kristen Going, Esq., Drinker Biddle & Reath LLP, 1177 Avenue of the Americas, 41st Floor, New York, New York 10036-2714, (212) 248-3140.

      Please also note that King & Spalding does not represent you and, therefore, it cannot give you legal advice. With that said, I can tell you that, in connection with the Sale, GM LLC did assume compensatory damages for Product Liabilities (as defined in the Sale Agreement) arising from accidents involving vehicles manufactured by Old GM that occurred after the closing of the Sale (*i.e.*, July 10, 2009). However, while GM LLC did assume Product

DMSLIBRARY01\21600\162081\34238138.v2-4/22/19

G-1

Mr. Robert Cardew
April 22, 2019
Page 2

Liabilities, that does not mean it is liable in connection with any Product Liabilities; GM LLC will defend against any Product Liabilities brought against it.

In addition, while GM LLC assumed compensatory damages for Product Liabilities (if ultimately proven), the Bankruptcy Court has found on a number of occasions that GM LLC did not assume punitive damages based on Old GM conduct. *See, e.g., In re Motors Liquidation Co.*, 571 B.R. 565, 580 (Bankr. S.D.N.Y. 2017) ("Post-Closing Accident Plaintiffs may not assert claims against New GM for punitive damages based on conduct of Old GM."); *In re Motors Liquidation Co.*, 576 B.R. 313, 323-24 (Bankr. S.D.N.Y. 2017) (same). Accordingly, a plaintiff asserting Product Liabilities against GM LLC can only seek compensatory damages against GM LLC, and not punitive damages.

In your letter, you raise a number of questions regarding the Old GM bankruptcy case and the application of the automatic stay. Those questions are best directed to the MLC GUC Trust and Ms. Going.

Very truly yours,

Scott Davidson

SD/hs

cc:   Kristen Going, Esq.

G-2