Official Form 417A (12/18)

1/3

FILED
U.S. BANKRUPTCY COURT
S.D. OF N.Y.
2019 JUN 27 P 4: 52

[Caption as in Form 416A, 416B, or 416D, as appropriate]

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): **Marianne OGrady**

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☑ Other (describe) _I am injured_

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☐ Debtor
   ☐ Creditor
   ☐ Trustee
   ☑ Other (describe) _see this page and attached_

   by 2002 DaimlerChrysler Corp manofactured vehicle and [1]

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: _as attached as isdated_

2. State the date on which the judgment, order, or decree was entered: _June 13, 2019_

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: _Marianne OGrady_    Attorney: _N/A pro Se_

   Motor Liquidation Co 83 E 236 St
   as host to process Bronx NY 10470
   involving Creditors in name of Indiana

2. Party: _____    Attorney: _Atty Donald Daly_
   Andi Man Muller
   2940 First Virginia

   09-50026-mg
   document # 14530
   "Pension Fund"
   660V(gov)word
   2940 "41"
   "GUC" "226"
   and those annuities
   on SchA

I do not agree to auto-vacate.
[·] unknown attorneys in May 2019 identified as GUC
have harassed, pursued, waited, and harmed
me from before Sept 2017 until presently

in collection of hindered victims for their
class cramdown in prohibited scheme as
lenders. It is racket which involves manufacturers

[2] 2/3 I am sole person with standing to appeal. I do not permit 1.5 billion of U.S. funds to get stolen by stoli racketeers to harm others including me. All others who held their client's property in constructive trust for 10 years may rewrite their 9019(c) agreement and sign it as identical to order being appealed except I do not appeal that branch of appeal so their clients are not prejudiced and lawyers may move you.

3/3

### Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

### Part 5: Sign below

_____    Date: June 27 2019
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
Havanne Ogley
83 E 234 St
Bronx NY 10470

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers: If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

Official Form 417A    Notice of Appeal and Statement of Election    page 2

**Lead, MEGA, PENAP, SchedF, FeeDueAP, APPEAL, LV2APPEAL, WDREF, MDisCs**

## U.S. Bankruptcy Court
### Southern District of New York (Manhattan)
### Bankruptcy Petition #: 09-50026-mg

Date filed: 06/01/2009

Assigned to: Judge Martin Glenn
Chapter 11
Voluntary
Asset

*[handwritten: Schedule A]*

**Debtor** *[handwritten: Appellee]*
**Motors Liquidation Company**
300 Renaissance Center
Detroit, MI 48265-3000
OUTSIDE HOME STATE
Tax ID / EIN: 38-0572515
*aka* **GMC Truck Division**
*aka* **Automotive Market Research**
*aka* **NAO Fleet Operations**
*aka* **National Car Rental**
*aka* **GM Corporation**
*aka* **National Car Sales**
*aka* **GM Corporation-GM Auction Department**
*fka* **General Motors Corporation**

represented by **Donald F. Baty, Jr.**
Honigman Miller Schwartz and Cohn, LLP
2290 First National Bldg.
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7314
Fax : (313) 465-7315
Email: dbaty@honigman.com

**David R. Berz**
Weil Gotshal & Manges, LLP
1300 Eye Street, NW
Suite 900
Washington, DC 20005
(202) 682-7190
Fax : (202) 682-7212
Email: gregory.bailey@weil.com

**Judy B. Calton**
Honigman Miller Schwartz & Cohn, LLP
2290 First National Bldg.
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7344
Fax : (313) 465-7345
Email: jcalton@honigman.com

**Stephen Karotkin**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8350
Fax : (212) 310-8007
Email: stephen.karotkin@weil.com

*[handwritten annotation: Motors Liquidation Company in capacity as host to proceeding of those having names of appellees "Indiana Pension Fund" of various in 2009 and 2010 in 09-50000 to 09-50025 (26 series cases) collecting Chrysler as entirely declared in 2005]*

**Deborah Kovsky-Apap**
Pepper Hamilton LLP
100 Renaissance Center
Suite 3600
Detroit, MI 48243-1157
(313) 393-7331
Fax : (313) 731-1572
Email: kovskyd@pepperlaw.com

**Robert J. Lemons**
Weil Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8924
Fax : (212) 310-8007
Email: robert.lemons@weil.com

**Harvey R. Miller**
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000
Fax : (212) 310-8007
Email: harvey.miller@weil.com

**Daniel R. Murray**
Jenner & Block, LLP
330 N. Wabash Avenue
Chicago, IL 606011
(312) 923-2953
Fax : (312) 527-0584
Email: dmurray@jenner.com

**Joseph R. Sgroi**
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7570
Fax : (313) 465-7571
Email: jsgroi@honigman.com

**Tricia A. Sherick**
Honigman Miller Schwartz and Cohn, LLP
660 Woodward Avenue
Suite 2290
Detroit, MI 48226
(313) 465-7662

Fax : (313) 465-7663
Email: tsherick@honigman.com

**Joseph H. Smolinsky**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8767
Fax : (212) 310-8007
Email: Joseph.Smolinsky@weil.com

**Patrick J. Trostle**
Thompson & Knight LLP
900 Third Avenue, 20th Floor
New York, NY 10022
(212) 751-3001
Fax : (212) 751-3113
Email: trostle66@gmail.com

**Robert B. Weiss**
Honigman Miller Schwartz & Cohn, LLP
2290 First National Building
Detroit, MI 48226
(313) 465-7596
Fax : (313) 465-7597
Email: rweiss@honigman.com

*Petitioning Creditor*
**Terry Moore**
12413 Forest Oaks Lane
Milford, MI 48380
517.376.2051

represented by **Alexander McHenry Memmen**
The Memmen Law Firm, LLC
505 North LaSalle Drive
Suite 500
Chicago, IL 60654
312-878-2357
Fax : 312-794-1813
Email: amm@memmenlaw.com

*Trustee*
**Wilmington Trust Company**

represented by **Jonathan D. Fortney**
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
212-351-2386
Fax : 212-351-6286
Email: jfortney@gibsondunn.com

**Alejandro A Herrera**
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
212-351-2456

Email: aherrera@gibsondunn.com

**Mitchell A. Karlan**
GIBSON DUNN & CRUTCHER LLP
200 PARK AVE
FL 47TH
New York, NY 10166
212-351-3827
Email: mkarlan@gibsondunn.com

**Lisa H. Rubin**
Gibson Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
212-351-2390
Fax : 212-716-0790
Email: lrubin@gibsondunn.com

**Aric Wu**
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
212-351-3820
Email: awu@gibsondunn.com

*Trustee*
**GUC Trust**

represented by **Mitchell A. Karlan**
(See above for address)

*U.S. Trustee*
**United States Trustee**
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014
(212) 510-0500

represented by **Brian S. Masumoto**
Office of the United States Trustee
201 Varick Street
Room 1006
New York, NY 10014
(212) 510-0500
Fax : (212) 668-2255
Email: nysbnotice@gmail.com

**Andrea B. Schwartz**
Dept. of Justice - Office of the U.S. Trustee
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500
Fax : (212) 668-2255
Email: andrea.b.schwartz@usdoj.gov

**Andrew D. Velez-Rivera**
Office of the U.S. Trustee
201 Varick Street

Suite 1006
New York, NY 10014
(212) 510-0500
Fax : (212) 668-2255
Email: andy.velez-rivera@usdoj.gov

| | |
|---|---|
| **Claims and Noticing Agent**<br>**GCG, Inc. Claims Agent**<br>a/k/a The Garden City Group, Inc.<br>1985 Marcus Ave<br>Lake Success, NY 11042<br>www.gcginc.com<br>631-470-5000 | represented by **Angela Ferrante**<br>Garden City Group, LLC<br>1985 Marcus Avenue, Suite 200<br>Lake Success, NY 11042<br>631-470-5000<br>Fax : 631-940-6544<br>Email: PACERTeam@gardencitygroup.com<br><br>**Jeffrey S. Stein**<br>The Garden City Group, Inc.<br>105 Maxess Road<br>Melville, NY 11747<br>(631) 470-6834<br>Email: PACERTeam@gardencitygroup.com |
| **Claims and Noticing Agent**<br>**Epiq Class Action & Claims Solutions, Inc.** | represented by **Lorri Staal**<br>Garden City Group<br>1985 Marcus AVE<br>Lake Success, NY 11042<br>631-470-6876<br>Fax : 631-940-6554<br>Email: lorri.staal@choosegcg.com |
| **Creditor Committee**<br>**Official Committee of Unsecured Creditors of General Motors Corporation** | represented by **Philip Bentley**<br>Kramer, Levin, Naftalis & Frankel, LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9100<br>Fax : (212) 715-8000<br>Email: pbentley@kramerlevin.com<br><br>**David E. Blabey**<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9100<br>Fax : (212) 715-8000<br>Email: dblabey@kramerlevin.com<br><br>**Amy Caton**<br>Kramer Levin Naftalis & Frankel, LLP<br>1177 Avenue of the Americas<br>New York, NY 10036 |

(212) 715-9100
Email: acaton@kramerlevin.com

**Eric Fisher**
Dickstein Shapiro LLP
1630 Broadway
32nd Floor
New York, NY 10017
(212) 277-6500
Fax : (212) 277-6501
Email: fishere@dicksteinshapiro.com

**Eric Fisher**
Binder & Schwartz LLP
366 Madison Avenue, 6th Floor
New York, NY 10017
212-510-7008
Fax : (212) 510-7299
Email: efisher@binderschwartz.com

**Lauren Macksoud**
Kramer Levin LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9145
Fax : (212) 715-8000
Email: lmacksoud@kramerlevin.com

**Thomas Moers Mayer**
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036

**Gordon Z. Novod**
Kramer Levin Naftalis & Frankel LLP
1177 AVENUE OF THE AMERICAS
New York, NY 10036
(212) 715-3275

**Gregory G. Plotko**
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9149
Fax : (212) 715-8000
Email: gplotko@kramerlevin.com

**Adam C. Rogoff**
Kramer Levin Naftalis & Frankel LLP

                    1177 Avenue of the Americas
                    New York, NY 10036-2714
                    (212) 715-9285
                    Fax : (212) 715-8000
                    Email: arogoff@kramerlevin.com

**Robert T. Schmidt**
Kramer, Levin, Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
Email: rschmidt@kramerlevin.com

**Jennifer Sharret**
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9526
Fax : (212) 715-8000
Email: jsharret@kramerlevin.com

*Creditor Committee*
**Official Committee of Unsecured Creditors Holding Asbestos-Related Claims**

represented by **Lauren Macksoud**
(See above for address)

| Filing Date | # | Docket Text |
|---|---|---|
| 06/01/2009 | 1 | Voluntary Petition (Chapter 11). Order for Relief Entered. Schedule A due 6/16/2009. Schedule B due 6/16/2009. Schedule C due 6/16/2009. Schedule D due 6/16/2009. Schedule E due 6/16/2009. Schedule F due 6/16/2009. Schedule G due 6/16/2009. Schedule H due 6/16/2009. Summary of schedules - Page 1 due 6/16/2009. Summary of schedules - Page 2 (Statistical Summary) due 6/16/2009. Incomplete Filings due by 6/16/2009, Chapter 11 Plan due by 9/29/2009, Disclosure Statement due by 9/29/2009, Initial Case Conference due by 7/1/2009, Filed by Stephen Karotkin of Weil, Gotshal & Manges LLP on behalf of General Motors Corporation. (Karotkin, Stephen) (Entered: 06/01/2009) |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

                                                      Debtors.

Chapter 11

Case No. 09-50026 (MG)
(Jointly Administered)

------------------------------------------------------------------------x
MOTORS LIQUIDATION COMPANY AVOIDANCE
ACTION TRUST, by and through the Wilmington Trust
Company, solely in its capacity as Trust Administrator and
Trustee,

                                                     Plaintiff,

against

JPMORGAN CHASE BANK, N.A., *et al.*,

                                                     Defendants.

Adversary Proceeding

Case No. 09-00504 (MG)

------------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105 AND 1142 OF THE BANKRUPTCY**
**CODE AND BANKRUPTCY RULE 9019 APPROVING**
**THE SETTLEMENT AGREEMENT AND RELATED RELIEF**

Upon the motion (the "**Motion**") of Motors Liquidation Company Avoidance Action Trust (the "**AAT**") pursuant to Bankruptcy Code sections 105(a) and 1142 and Bankruptcy Rule 9019 dated May 13, 2019 for approval of the settlement agreement (the "**Settlement Agreement**") dated as of April 10, 2019, entered into among the AAT, the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), each of the defendants in the Term Loan Avoidance Action that are listed on Schedule 1 to the Settlement Agreement (including any dissolved defendant on behalf of which its former manager or other related Person executed the Settlement Agreement), including, without limitation, JPMorgan Chase Bank, N.A., in its individual capacity and as administrative agent (in

both such capacities, "**JPMorgan**") under a Term Loan Agreement dated as of November 29, 2006 and amended from time to time (the "**Term Loan Agreement**"), and Simpson Thacher & Bartlett LLP (each a "**Party**," and collectively, the "**Parties**")[1]; and the joinder to the Motion by the GUC Trust dated May 13, 2019; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1409; and upon consideration of the Declaration of Arthur J. Gonzalez dated May 8, 2019; and due and proper notice of the Settlement Agreement having been given, and no other or further notice being necessary; and the Court having reviewed the Settlement Agreement; and after due deliberation and for good cause shown,

THE COURT FINDS:[2]

A.  The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

B.  The Settlement Agreement and the actions contemplated thereby, including the releases and bar order given therein, meet the standards established by the Second Circuit for the approval of a compromise and settlement in bankruptcy, and are reasonable, fair and equitable and supported by adequate consideration.

C.  The Settlement Agreement and the actions contemplated thereby, including the

---

[1]    The Settlement Agreement is annexed as Exhibit B to the Motion. Capitalized terms used in this Order without definition have the meanings ascribed thereto in the Settlement Agreement.

[2]    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

releases given therein, are in the best interests of the beneficiaries of the AAT.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED** and the Settlement Agreement is **APPROVED**, to the extent set forth herein.

2. Any and all objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled on the merits.

3. The AAT and the GUC Trust are authorized to take all necessary steps pursuant to the terms and conditions of the Settlement Agreement to effectuate the Settlement Agreement and the other Settlement Documents, including without limitation, execution, delivery and performance of the Settlement Agreement and the other Settlement Documents, allowance of the Allowed TL Claims, and effectuation of the releases, bar order and the covenants not to sue incorporated in the Settlement Agreement, the other Settlement Documents and/or this Order.

4. As evidenced by the affidavits of service filed with this Court, and in accordance with the procedures described in the Motion, notice has been given and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to (a) the potential beneficiaries of the AAT, including the holders of Allowed General Unsecured Claims (as defined in the AAT Agreement); (b) the DIP Lenders; (c) the Capital Providers; (d) the Office of the United States Trustee for the Southern District of New York; (e) counsel to the Signatory Plaintiffs, as such term is defined in the settlement agreement by and among the Signatory Plaintiffs and the GUC Trust, dated as of February 1, 2019; (f) JPMorgan; (g) the Defendants Steering Committee Counsel; (h) all other Term Lender counsel of record; (i) any other Term Lender recipient of the Term Loan Repayment at the electronic or physical address provided

to JPMorgan, as agent, by the Term Lender as of June 30, 2009 (or such other address, if any, as provided by such Term Lender to JPMorgan thereafter in connection with the Term Loan Avoidance Action); (j) any Net Proceeds Counter-Party to a Net Proceeds Transaction with JPMorgan; (k) any Net Proceeds Counter-Party to a Net Proceeds Transaction with a Non-JPMorgan Term Lender Party, provided that such Net Proceeds Counter-Party is known to the employee or representative of such Non-JPMorgan Term Lender Party who is responsible for supervising the defense of the Term Loan Avoidance Action; (l) additional publication notice of the Motion has been published in The New York Times and Investor's Business Daily, as set forth in the Settlement Agreement; and the notice was good, sufficient and appropriate in light of the circumstances and the nature of the relief requested, and no other or further notice is or shall be required.

5.    The Fee Examiner shall be given the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of her duties. In addition to such immunity, no action may be commenced against the Fee Examiner in connection with Fee Examiner matters except in this Court and only with the prior approval of this Court, which retains exclusive jurisdiction.

6.    This Order is a final order within the meaning of 28 U.S.C. § 158(a).

7.    Upon entry of this Order, any Person (other than a DIP Lender) that is not a signatory to the Settlement Agreement is permanently barred, enjoined, and restrained from contesting or disputing the reasonableness of the settlement, or commencing, prosecuting, or asserting any Actions, including, without limitation, Actions for contribution, indemnity, or comparative fault (however denominated and on whatsoever theory), arising out of or related to any Released Matters, to the fullest extent permitted by law.

8. JPMorgan is authorized in its capacity as administrative agent pursuant to Section 8.05 of the Term Loan Agreement to grant the releases by the Term Lenders contemplated by the Settlement Agreement, to the fullest extent permitted by law.

9. For the avoidance of doubt, nothing in this Order shall preclude: (i) claims by the Parties to the Settlement Agreement or Settlement Documents to enforce any obligations created therein; (ii) claims by the Parties to the Settlement Agreement to enforce this Order; or (iii) claims by JPMorgan and the non-JPMorgan Term Lender Parties to pursue, receive or retain distributions on the Allowed TL Claims allocated in Schedule 1 of the Settlement Agreement.

10. The AAT Settlement Payment is (i) being made to the AAT to settle the Term Loan Avoidance Action against the Term Lenders, (ii) a partial repayment of the Term Loan Repayment on behalf of the Term Lenders, and (iii) a recovery by the AAT of the proceeds of the Term Loan Avoidance Action.

11. The claims arising in favor of the Term Lenders as a result of the AAT Settlement Payment are allowed claims against the GUC Trust and the AAT pursuant to Bankruptcy Code section 502(h), and are "Term Loan Avoidance Action Claims" under and as defined in the GUC Trust Agreement and the AAT Agreement, respectively.

12. The failure to specifically include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Settlement Agreement, and all actions required for its implementation, be approved in its entirety.

13. If the Final Closing Conditions are not met, then this Order shall be deemed to be nullified and void ab initio in all respects.

14. This Order shall be immediately effective and enforceable upon entry.

15. The Court shall retain jurisdiction to hear and determine any and all matters concerning this Order.

**IT IS SO ORDERED.**
Dated: June 13, 2019
      New York, New York

                                                **/s/ Martin Glenn**
                                                MARTIN GLENN
                                       United States Bankruptcy Judge

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Marianne OGrady

**DEFENDANTS** Daimler Chrysler Corp. [1]
FC US LLC [2]

**(b)** County of Residence of First Listed Plaintiff: Bronx
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: NY County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)* and FC US LLC [reason to FCA US LLC]
[2] statement part VIII applies
[1] GM n/ka Motors Liq. SDNY 09-50026-mg hosts fraud which if related now is sec fraud

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff [4]
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

[4] US is statutory party 49 USC 30120A

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*
[5]

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 [5] Principal Party is FCA US LLC | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Click here for: Nature of Suit Code Descriptions.

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☒ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☒ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☒ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- ☒ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☒ 871 IRS—Third Party 26 USC 7609

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**OTHER STATUTES**
- ☒ 375 False Claims Act
- ☒ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☒ 410 Antitrust
- ☒ 430 Banks and Banking
- ☒ 450 Commerce
- ☐ 460 Deportation
- ☒ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☒ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☒ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☒ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☒ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
49 USC 30120A, Title 49 ref. by 49 11 USC 30303(b), US Constit. Amdmt 1, 4, 5, 10, 14, 28 USC 2041 & 11 USC 105(b), 11 USC
Brief description of cause:
§§105(b), 107, 544; NYS Gen. Ob Laws ("GOB")13-101(1),(2)nd (3); GOB 51501B, NYS CPLR 1602(6); GOB 5-101,5-702, [3]

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* in matter of Chrysler, of SDNY Bankr.Court index 09-500xx and "xx" is 00, 01, 02 in same order to and include 25
JUDGE: Bernstein    DOCKET NUMBER: 09-5002?-smb SDNY Bankr

DATE: June 27, 2019    SIGNATURE OF ATTORNEY OF RECORD: /s/ pro se

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

[3] NYS ins law 3205(a)&(d), threat, libel, interference (contract insurer-driver contract, NYS CPLR 1602(6)) no right to trial, no fed /state process due bankr fraud. GUC class cramdown threats. concealment of insurance, fraud (bankruptcy, securities, banking, insurance) in 10 yrs. Harm of non-art III judge in irregular process in name GM but with Indiana Pension Fund from Chrysler of petition in 2009. ignore written notice of No consent, (Stern). but add threat of vacate. STOLI auto trust switch insurance for impaired equities, conceal w. class. obstructed justice for 10 yrs. Harm as auto trust GUCs ignore title 49 obligations, e.g. ignition switch, rear impact gas tank explosions, to warrant punitive damages