**WILK AUSLANDER LLP**
1515 Broadway, 43rd Floor
New York, New York 10036
Telephone: (212) 981-2300
Eric J. Snyder, Esq.

*Counsel for Kimberly and Tammy McCall*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------x
In re:                                    :
                                          :    Chapter 11
MOTORS LIQUIDATION COMPANY, *et al.*,     :
f/k/a General Motors Company, *et al*.    :    Case No. 09-50026(MG)
                                          :
                          Debtors.        :
                                          :    (Jointly Administered)
------------------------------------------x

# MCCALL PLAINTIFFS' SUPPLEMENTAL BRIEF

01100248.4

# **TABLE OF CONTENTS**

**Page**

BREACH OF WARRANTY CLAIMS WERE ASSUMED BY NEW GM ................................. 1

THIS COURT SHOULD DENY THE MOTION TO ENFORCE BASED ON THE
ARGUMENTS IN THE AG BRIEF....................................................................................... 4

   The Fifth Circuit Has Already Determined that Damages under the AWDA Are Not
   Punitive, Because They Do Not Supplement Compensatory Damages. ...................................... 4

   Granting the McCall Motion to Enforce Would Violate Public Policy....................................... 9

CONCLUSION............................................................................................................................ 11

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Benefield v. Aquaslide N Dive Corp.*,
   406 So. 2d 873 (Ala. 1981) .................................................................................................. 3

*Bolling v. Sharpe*,
   347 U.S. 497 (1954) ............................................................................................................. 9

*Geohagan v. Gen. Motors Corp.*,
   291 Ala. 167, 279 So. 2d 436 (1973) .................................................................................. 2

*Levy v. Louisiana*,
   391 U.S. 68 (1968) ..........................................................................................................9, 10

*Lor Inc. v. Cowley*,
   28 F.3d 19 (5th Cir. 1994) .......................................................................................4, 5, 8, 9

*Mazzola v. Cty. of Suffolk*,
   143 A.D.2d 724 (2d Dept. 1988) ......................................................................................5, 6

*In re Old Carco LLC,*
   593 B.R. 182 ........................................................................................................................ 7

*In re Old Carco LLC,*
   593 B.R. 182 (Bankr. S.D.N.Y. 2018), *aff'd,* No. 18-CV-11290 (AJN), 2019 WL 2336849
   (S.D.N.Y. May 31, 2019) ..................................................................................................... 5

*Painter v. Tennessee Val. Auth.*,
   476 F.2d 943 (5th Cir. 1973) ............................................................................................... 8

*Simmons v. Clemco Indus.*,
   368 So. 2d 509 (Ala. 1979) .................................................................................................. 3

*Waters v. Hipp*,
   600 So. 2d 981 (Ala. 1992) .................................................................................................. 1

*Watson v. Adams*,
   65 So. 528 (Ala. 1914) ......................................................................................................... 8

**Statutes**

Ala. Code, 1975, § 6-5-410 ...................................................................................................1, 8

01100248.4

Ala. Code, 1975, § 6-5-542 ................................................................................................. 1

**Other Authorities**

Black's Law Dictionary (6th Ed. 1991) ......................................................................... 5

Francis H. Hare, Sr. & Gary Pate, *Alabama Death Act – What Does Punitive Mean*? .................... 8
Alabama Plaintiff's Law Journal (March, 1979)

Jenelle Mims Marsh, *Alabama Law of Damages* § 37.3 (6th ed. 2019) ........................................ 1

01100248.4

At the hearing on the McCall Motion to Enforce[1], the Court requested that the parties address two questions in supplemental briefing. The first question was whether the McCall Plaintiffs may assert a claim for breach of warranties for compensatory damages for the deceased Jerry McCall and Hannah Foreman that did not arise under the AWDA, and if so, what the potential measure of damages for such a claim might be.

As set forth below, the answer to that question is that the McCall Complaint, if amended to include such a claim, could state a valid claim for breach of warranties for compensatory damages only. Damages are measured by the injuries suffered by the deceased before death.

The second question is whether the McCall Plaintiffs adopt the arguments set forth in the document entitled "State of Alabama *Amicus Curiae* Brief in Support of Appellant and Reversal" filed by the Alabama Attorney General in the appeal of the BC Chrysler-Overton Opinion (the "AG Brief"). The answer is yes to this question as well, and this Court should adopt these arguments and deny the McCall Motion to Enforce.

## BREACH OF WARRANTY CLAIMS WERE ASSUMED BY NEW GM

At common law in Alabama, as in other states, no action for wrongful death existed. *Waters v. Hipp*, 600 So. 2d 981, 982 (Ala. 1992). In fact, at common law, even a personal injury claim (whether filed in court or not), terminated upon the death of the victim. Jenelle Mims Marsh, *Alabama Law of Damages* § 37.3 (6th ed. 2019).

In response to these inequities, the Alabama legislature adopted two statutes: (1) the Alabama survival statute, Ala. Code, 1975, § 6-5-542; and (2) the AWDA, Ala. Code, 1975, § 6-5-410. The survival statute "revived" three types of claims: (1) all claims upon which an action had already been filed; (2) all claims on which no action had been filed based on a contract; and

---

[1] Capitalized terms used herein shall have the means ascribed to them in the Motion to Enforce [ECF # 14477], unless otherwise defined.

1

01100248.4

(3) all personal claims on which no action had been filed, but which involved a deceased tortfeasor. These claims are revived in favor of the victim's personal representative.

In the present case, no action was filed before the death of Jerry McCall or Hannah Foreman, for obvious reasons. They survived the crash but succumbed to the ensuing fire shortly thereafter in an extremely gruesome and horrific way. This leaves their personal representatives two possible claims: (1) a claim based on a contract; or (2) a claim under the AWDA.

Some further background is necessary. After the adoption of the Uniform Commercial Code ("UCC"), which established the requirements of a breach of warranty claim, manufacturers of defective products which caused death in Alabama argued that the AWDA did not provide a contractual cause of action for wrongful death for breach of warranty.

In the seminal Alabama case, brought coincidentally against Old GM, Old GM successfully convinced the Alabama Supreme Court of their argument. Thus, the court held that "no contractual cause of action for wrongful death is created by our UCC arising from a breach of warranty, and that actions for wrongful death can arise in this state and be processed only under our wrongful death acts." *Geohagan v. Gen. Motors Corp.*, 291 Ala. 167, 172, 279 So. 2d 436, 440 (1973).

The court's rationale, at least in part, was that the AWDA provided a remedy for wrongful death, but that remedy was for acts which "must in nature be in tort and not in contract." *Id.* at 438. The court further reasoned that the Alabama legislature had declared the remedy under the AWDA to be public policy of the State of Alabama, and the UCC did not alter that policy. *Id.* at 439.

01100248.4

One year later, the Alabama Supreme Court was asked to answer the following certified question from a federal district court:

> Does an action for breach of warranty brought by a plaintiff under Title 7, ss 7-2-313, 7-2-314, and 7-2-315 survive the death of the plaintiff in favor of his personal representative, for the recovery of lost wages, pain and suffering, medical expenses and other damages which occurred between the time of the alleged breach of warranty and death of the plaintiff, in the circumstances where the plaintiff died as a result of the alleged breach of warranty, after the action had been brought by him?

*Simmons v. Clemco Indus.*, 368 So. 2d 509, 515 (Ala. 1979). That court answered the question in the affirmative. It reasoned that contractual actions seeking compensatory damages have always survived death under Alabama law. *Id.* at 516.

Two years later, a plaintiff brought an action *after* the death of the decedent against the manufacturer of a swimming pool sliding board for both wrongful death *and* breach of warranties. The trial court dismissed the claim for breach of warranties, and the plaintiff appealed.

The Alabama Supreme Court held that a claim for breach of warranties survives regardless of whether it was filed after death. The court also rejected the manufacturer's argument that the AWDA provided the plaintiff with his exclusive remedy. The Alabama Supreme Court reasoned that "[t]he fallacy of that argument is that this plaintiff as well as future plaintiffs would then be barred from seeking any damages other than punitive damages for the death of the decedent." *Benefield v. Aquaslide N Dive Corp.*, 406 So. 2d 873, 876 (Ala. 1981).

These decisions firmly establish that the McCall Plaintiffs may amend their Complaints to assert claims for breach of warranties for compensatory damages, *and* those claims would not arise under the AWDA.

## THIS COURT SHOULD DENY THE MOTION TO ENFORCE
## BASED ON THE ARGUMENTS IN THE AG BRIEF

The second question the Court asked at the hearing is whether the McCall Plaintiffs are adopting the Alabama Attorney General's arguments made in the AG Brief, 18-cv-11290 [ECF # 16]. The McCall Plaintiffs adopt those arguments.

Specifically, those arguments fall into two categories: (1) the remedy provided by the AWDA is not "punitive" as that term is defined in the Sale Agreement; and (2) an interpretation of the Sale Agreement to eliminate the remedy provided by the AWDA would be contrary to public policy. This Court is familiar with both arguments, but the McCall Plaintiffs address each briefly.

### The Fifth Circuit Has Already Determined that Damages under the AWDA Are Not Punitive, Because They Do Not Supplement Compensatory Damages.

First, this Court should understand one critical fact about the McCalls' adoption of the Alabama Attorney General's arguments. This Court need not decide this case on the basis of whether New GM assumed liabilities for punitive damages or not. It could, and should, decide this case on one simple fact: damages under the AWDA, whether you call them punitive or wrongful death damages, are not included in the term "punitive damages" as set out in the Sale Agreement. AG Brief, p.9.

This is not a novel or unique argument. It is one which has already been accepted by the United States Court of Appeals for the Fifth Circuit in a contract very similar to the Sale Agreement. In *Lor Inc. v. Cowley*, 28 F.3d 19, 22 (5th Cir. 1994), the Fifth Circuit was asked to determine whether an insurance contract which contained an exclusion for "punitive damages," meant damages under the AWDA. Because the insurance contract did not contain a definition of punitive damages, the Fifth Circuit analyzed the legal dictionary definition of punitive damages at length.

4

01100248.4

The Fifth Circuit noted that under the plain legal dictionary definition, the term punitive damages means the types of damages awarded "over and above" compensatory damages, and awarded only in cases in which the wrong was done "under circumstances of violence, oppression, malice, fraud, or wanton and wicked conduct on the part of the defendant." *Id*. (quoting *Black's Law Dictionary* 390-391 (6th ed. 1991)).

Because damages under the AWDA are not awarded over and above compensatory damages and because they are not awarded only in circumstances of outrageous conduct, the Fifth Circuit concluded that "[d]amages under the Alabama Wrongful Death Act do not satisfy this definition." *Id.*

Just like the insurance contract in *Lor,* the term "punitive damages" is not defined in the GM Sale Agreement. However, the Sale Agreement is nothing more than a contract, just like an insurance contract, to which traditional principles of contract interpretation apply. *See* Section 9.12 of the Sale Agreement (Motion. to Enforce, Ex. C, p. 99). Under New York law, courts use dictionary definitions when a term is not defined. *Mazzola v. Cty. of Suffolk*, 143 A.D.2d 724, 735 (2d Dept. 1988).

When applying the plain dictionary meaning of punitive damages, it is clear, as it was to the Fifth Circuit, that the term in the Sale Agreement does not include damages under the AWDA, because they are not damages awarded over and above other damages and they are not damages awarded only in circumstances involving outrageous conduct.

This is an important point which the decisions of the Bankruptcy Court (the "BC Chrysler-Overton Opinion") and District Court (the "DC Chrysler-Overton Opinion") in the Chrysler-Overton decisions (collectively, as the "Chrysler-Overton Opinions")[2] completely

---

[2] *See In re Old Carco LLC*, 593 B.R. 182, 192 (Bankr. S.D.N.Y. 2018), *aff'd,* No. 18-CV-11290 (AJN), 2019 WL 2336849 (S.D.N.Y. May 31, 2019)

missed. In the Chrysler-Overton Opinions, both courts ignored the legal dictionary definition of punitive damages. They did not cite the portions of the definition recognized by the Fifth Circuit, specifically, defining them as damages awarded "over and above" compensatory damages and damages awarded only in cases of outrageous conduct. It is not clear why the court did so, but it is clear that damages under the AWDA are not damages awarded over and above compensatory damages. It is equally clear that they are not awarded only in cases involving outrageous conduct.

Further, if it is true, as this Court has said, that a section 363 sale is a product of negotiation resulting in a party receiving a benefit of the bargain, then it is equally true that New GM bargained for, and received by the Sale Agreement: all liabilities for wrongful death in all 50 states. According to this Court, what it did *not* bargain for was damages "over and above" these liabilities.

Therefore, the McCall Plaintiffs are not asking this Court to permit the McCalls to recover damages "over and above" the wrongful death claims which New GM assumed. They are not asking for punitive damages as that term is used in the Sale Agreement. They are simply asking this Court to hold New GM to the bargain it made, which is the assumption of all liabilities for all wrongful death claims.

In the November 2015 Decision, this Court held that it was "[a]t best ambiguous" as to whether the Sale Agreement excluded punitive damages. 541 B.R. at 108. It resolved the ambiguity in the Sale Agreement on the basis of "the indicia of intent" as to whether New GM assumed punitive damages. *Id*. Unlike the facts underlying the November 2015 Decision, the indicia of intent here establish that New GM intended to assume all claims for all remedies for

6

wrongful death from all 50 states. That is what the Sale Agreement says. It does not say "all" . . . except, like Chrysler-Overton.

It is this fact that makes the Alabama Attorney General's argument about the nature of the remedy provided by the AWDA so relevant to this case. GM did not assume liabilities for wrongful death for *only* compensatory damages. It assumed all liabilities for all claims for wrongful death. Because AWDA damages are not punitive damages as that term is used in the GM Sale Agreement, GM assumed them.

This is where the Chrysler-Overton Opinions miss the mark again. In the BC Chrysler-Overton Opinion, the Bankruptcy Court stated that the plaintiff was arguing that damages under the AWDA are compensatory in nature. That is not the argument being made. The argument is that regardless of how you classify the damages under the AWDA, they do not constitute punitive damages in the Sale Agreement. This makes sense because, contrary to popular belief, the Sale Agreement does not contain the term "compensatory damages." It simply states that New GM assumes "all Liabilities" for death "from such motor vehicles' performance." Liabilities, under the Agreement, is defined as "any and all liabilities and obligations of every kind and description whatsoever" including "those arising under any Law, Claim, Order, Contract or otherwise."

Thus, it is not that the remedy provided by the AWDA is entirely compensatory, it is that the remedy does not constitute punitive damages as used in the Sale Agreement. That is where the Bankruptcy Court goes wrong in describing "140 years of settled Alabama law." BC Chrysler-Overton Opinion, 593 B.R. at 192. Contrary to that court's statement, that law does not establish that damages under the AWDA are "traditional" punitive damages.

The pre-eminent scholar on Alabama damages law, and former dean of the University of Alabama Law School has noted as much. He wrote in his book Alabama Law of Damages § 37-2, p. 543 n.4 (3rd ed. 1994):

> The Alabama approach to wrongful death and punitive damages is a departure from the traditional purpose intended to be served by the imposition of punitive damages.

As noted, the AWDA does not even use the term punitive damages. It simply provides that one may "recover such damages as the jury may assess" for the "wrongful act, omission, or negligence" that causes death. Ala. Code, 1975, § 6-5-410.

In hindsight, it would have been simpler for Alabama courts to label damages under the AWDA as "wrongful death damages" instead of punitive damages. As the Alabama Supreme Court has noted for over 100 years, damages under the AWDA are not "punitive in nature," and are not "penal or quasi-criminal." *Watson v. Adams*, 65 So. 528, 532 (Ala. 1914). There are multiple examples explaining this point. *See generally* Francis H. Hare, Sr. & Gary Pate, *Alabama Death Act – What Does Punitive Mean*?, Alabama Plaintiff's Law Journal 4, 5 (March 1979) (citing cases and stating that "[a] review of Alabama cases unmistakably proves that our interpretation of the word punitive is not to be construed in the narrow sense of the word penal.").

Thus, it is clear that the Chrysler-Overton courts misunderstood the argument. Again, it is not that the AWDA damages are entirely compensatory, it is that they are not punitive as they are set out in the contract that is the Sale Agreement. It is this misunderstanding that also led that court to rely on *Painter v. Tennessee Val. Auth.*, 476 F.2d 943 (5th Cir. 1973), which was decided decades before *Lor*, supra. *Painter* does not apply here.

8

01100248.4

As the Fifth Circuit explained in *Lor*, *Painter* is easily distinguishable because it involved "a waiver of sovereign immunity, not a private insurance contract; it goes without saying the rules governing our interpretation differ greatly." *Lor*, 28 F.3d at 21, n 5.

That is the McCall Plaintiffs' point. Contractual interpretation matters. No matter what the damages are called under the AWDA, they do not meet the contractual term in the GM Sale Agreement. They are not over and above compensatory damages. They are not used in cases only involving outrageous conduct. They are not penal in nature. They are Liabilities assumed under the Sale Agreement, and should pass through the bankruptcy gate.

**Granting the McCall Motion to Enforce Would Violate Public Policy**

Finally, granting the McCall Motion to Enforce would violate the rights of the McCall Plaintiffs' (and potentially other Alabamians') right to due process and equal protection under the law. As set forth in the AG Brief, (pp. 12-13), granting the McCall Motion to Enforce prevents Alabama—and only Alabama—from enforcing both its legal code (the AWDA) and protecting the health and well-being of its residents.

If the McCall Motion to Enforce is granted, the citizens of Alabama would be singled out/discriminated against in violation of the fundamental constitutional principle that all states and their citizens should be treated equally under the Constitution. Denying the McCall Motion to Enforce would not result in this Court "carving out an exception" under the Sale Agreement, but it would result in the recognition of the rights of all citizens, including Alabamians, to equal protection under the law.

The federal government, including its courts, is required to provide equal protection of the laws. *Bolling v. Sharpe*, 347 U.S. 497 (1954). The United States Supreme Court has held that "invidious discrimination" is not permissible when it comes to wrongful death claims. *Levy v. Louisiana*, 391 U.S. 68 (1968) (holding that granting legitimate children, but not illegitimate

children the right to pursue wrongful death claims violated equal protection).  The question is whether the classification drawn "is a rational one." *Id.* at 71.  Why is it that GM should go free merely because its cars kill someone in Alabama, but not some other state or territory? There is no rational reason to treat Alabamians differently from citizens of another state.  None.

This is not a problem created by Alabama or its courts' interpretation of the AWDA's "damages as the jury may assess."  It would be an issue created by this Court and this Court alone simply by its interpretation of the Sale Agreement.  This inequity is exactly what the 2009 amendments to the Sale Order were designed to address.

As set out in the McCall's Objection, Congress pressured car manufacturers to accept liabilities for personal injury and wrongful death claims, and accept them they did – all of them.  They did not exclude Alabama.  (McCall Objection at 8).  This Court should not now discriminate against one group of those claimants simply through unnecessary judicial interpretation.  AWDA damages are simply not part of the Sale Agreement's term "punitive damages" because they are not over and above compensatory damages.  They are a part of a remedy for wrongful death given to every citizen of every state under the Agreement.

10

01100248.4

## CONCLUSION

WHEREFORE, for the reasons set forth in the Objection [ECF #14509] and herein, Kimberly and Tammy McCall respectfully request entry of an Order denying the McCall Motion to Enforce and/or granting such other and further relief as is just.

Dated: New York, New York
        July 2, 2019

**WILK AUSLANDER LLP**

By: /s/ Eric J. Snyder
    Eric J. Snyder, Esq.
1515 Broadway, 43rd Floor
New York, New York 10036
(212) 981-2300

*Counsel for the Kimberly and Tammy McCall*

11