KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:     (212) 556-2100
Facsimile:     (212) 556-2222
Arthur Steinberg
Scott Davidson

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)

*Attorneys for General Motors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
| | | |
|---|---|---|
| **In re** | **:** | **Chapter 11** |
| | **:** | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | **:** | **Case No.:  09-50026 (MG)** |
| **f/k/a General Motors Corp.,** *et al.* | **:** | |
| | **:** | |
| **Debtors.** | **:** | **(Jointly Administered)** |
| | **:** | |

-----------------------------------------------------------------X

**SUPPLEMENTAL REPLY BRIEF BY GENERAL MOTORS LLC TO OBJECTION
TO MOTION TO ENFORCE THE BANKRUPTCY COURT'S JULY 5, 2009
SALE ORDER AND INJUNCTION, AND THE RULINGS IN CONNECTION
THEREWITH, WITH RESPECT TO KIMBERLY McCALL AND TAMMY McCALL**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT .................................................................................................................. 2

I.      THERE IS NO BASIS TO DEVIATE FROM THE CONTROLLING AUTHORITY UNEQUIVOCALLY ESTABLISHING THAT ALABAMA WRONGFUL DEATH DAMAGES ARE PUNITIVE.......................................................................... 2

A.      More Than a Century of Alabama Supreme Court Precedent Contradicts the Attorney General's Proposed Position, And Such Position Was Rejected by the District Court in *Old Carco*.................................................................................................. 2

B.      The District Court in the *Old Carco* Case Rejected the Attorney General's Position........ 4

II.     IN GENERAL, A VIABLE CONTRACT CLAIM ALLOWS FOR THE RECOVERY OF TRADITIONAL COMPENSATORY DAMAGES INCURRED BETWEEN THE TIME OF THE ALLEGED INJURY AND DEATH OF THE PLAINTIFF. .................... 6

CONCLUSION............................................................................................................. 10

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bd. of Trustees of the Univ. of Ala. v. Harrell*,
  188 So. 2d 555 (Ala. 1966) .................................................................................................4

*Benefield v. Aquaslide N Dive Corp.*,
  406 So. 2d 873 (Ala. 1981) ...........................................................................................7, 8, 9

*Billingsley v. Mike Schmitz Automotive Group*,
  No. 1:13-CV-412-WkW, 2014 WL 4230012 (M.D. Ala. 2014) ...............................................9

*Campbell v. Williams*,
  638 So. 2d 804 (Ala. 1994) .................................................................................................3

*Eich v. Town of Gulf Shores*,
  300 So. 2d 354 (Ala. 1974) .................................................................................................3

*Ex parte General Motors Corp.*,
  769 So. 2d 903 (Ala. 1999) .................................................................................................7

*King v. Nat'l Spa & Pool Inst., Inc.*,
  607 So. 2d 1241 (Ala. 1992) ......................................................................................4, 9, 10

*Lance, Inc. v. Ramanauskas*,
  731 So. 2d 1204 (Ala. 1999) ...............................................................................................3

*McCulley v. SouthTrust Bank of Baldwin County*,
  575 So. 2d 1106 (Ala. 1991) ...............................................................................................7

*Morales v. Kavulich & Assoc., P.C.*,
  294 F.Supp.3d 193 (S.D.N.Y. 2018) .....................................................................................2

*Nationwide Mut. Ins. Co. v. Wood*,
  121 So. 3d 982 (Ala. 2013) .................................................................................................7

*In re Old Carco LLC*,
  Case No. 18-cv-11290 (AJN), 2019 WL 2336849 (S.D.N.Y. May 31, 2019) ......................5, 6

*In re Old Carco LLC*,
  593 B.R. 182 (Bankr. S.D.N.Y. 2018), *aff'd*, *In re Old Carco LLC*, Case No.
  18-cv-11290 (AJN), 2019 WL 2336849 (S.D.N.Y. May 31, 2019) ...........................1, 2, 4, 5

*Omni Ins. Co. v. Foreman*,
  802 So. 2d 195 (Ala. 2001) .................................................................................................3

ii

*Painter v. Tenn. Valley Auth.*,
    476 F.2d 943 (5th Cir. 1973) ..................................................................................4

*Savannah & Memphis R.R. Co.* v. *Shearer*,
    58 Ala. 672 (1877) ..................................................................................................3

*Simmons v. Clemco Indus.*,
    368 So. 2d 509 (Ala. 1979) ..................................................................................7, 8

*Stinnett v. Kennedy*,
    232 So. 3d 202 (Ala. 2016) ....................................................................................3

*Tillis Trucking Co., Inc. v. Moses*,
    748 So. 2d 874 (Ala. 1999) ....................................................................................3

*Trott v. Brinks, Inc.*,
    972 So. 2d 81 (Ala. 2007) ......................................................................................4

*Trusky v. General Motors Co.*
    No. 09-50026 (REG), 2013 WL 620281 (Bankr. S.D.N.Y. Feb. 19, 2013) .............7

*In re UBS AG Secs. Litig.*,
    No. 07 Civ. 11225 (RJS), 2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012) ...............2

**Statutes**

ALA. CODE § 6-5-462 ...............................................................................................7, 10

ALA. CODE § 7-2-314 ....................................................................................................7

ALA. CODE § 7-2-725(2) ...............................................................................................7

Alabama Law of Damages § 11:35 (6th ed.) ...........................................................7, 10

Alabama Law of Damages § 32:5 (6th ed.) .............................................................7, 10

Alabama Law of Damages § 32:9 (6th ed.) ..................................................................8

DMSLIBRARY01\21600\162081\34530890.v3-7/2/19

General Motors LLC ("**New GM**") submits this supplemental reply brief ("**Supplemental Reply**") (i) to address the two issues raised by the Court at the May 30, 2019 hearing ("**Hearing**") on the *Motion by General Motors LLC to Enforce the Bankruptcy Court's July 5, 2009 Sale Order and Injunction and the Rulings in Connection Therewith, With Respect to Kimberly McCall and Tammy McCall* (April 10, 2019) (ECF No. 14477) ("**McCall Motion to Enforce**");[1] (ii) in further support of the relief requested in the McCall Motion to Enforce; and (iii) in further response to the *Objection To Motion By General Motors LLC To Enforce Stay As To Kimberly and Tammy McCall* (May 15, 2019) (ECF No. 14509) ("**Objection**").

## PRELIMINARY STATEMENT

At the Hearing, the Court requested supplemental briefing on two issues:

**ISSUE ONE:**  Are the "punitive" damages exclusively allowed under Alabama's Wrongful Death Act ("**Act**") truly punitive damages or, as argued by the Alabama Attorney General in his Amicus Brief in *Old Carco LLC*, do they represent some novel, alternative legal construct?

**BRIEF ANSWER:**  As confirmed by a legion of Alabama Supreme Court precedent and as most recently interpreted by the Southern District of New York in rejecting the Alabama Attorney General's position in the appeal arising out of *Old Carco LLC*,[2] damages under Alabama's Wrongful Death Act are exclusively and traditionally punitive, irrespective of the unique construct or legal implications of the Act.

**ISSUE TWO:**  What types of compensatory damages are recoverable, if any, on contractual claims filed on behalf of decedents in personal injury actions applying Alabama law?

**BRIEF ANSWER:**  In general, under Alabama law, a viable contract claim may seek the traditional expanse of compensatory damages for personal injuries incurred between the time of

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings set forth in the McCall Motion to Enforce.

[2]   The District Court's decision in *In re Old Carco* has been appealed to the Second Circuit Court of Appeals.

1

the alleged injury-causing breach and death.  These damages, for this time interval, could include

pain and suffering, emotional and mental distress, medical expenses and lost wages.

## ARGUMENT

I.     **THERE IS NO BASIS TO DEVIATE FROM THE CONTROLLING AUTHORITY UNEQUIVOCALLY ESTABLISHING THAT ALABAMA WRONGFUL DEATH DAMAGES ARE PUNITIVE.**

Alabama's Attorney General argued in his Amicus Brief in the appeal of a proceeding

emanating from *Old Carco LLC* that the punitive damages exclusively allowed under the Act are

not "ordinary" punitive damages because the Act does not use the word "punitive" and there is

an "obvious[]" compensatory aspect to Alabama's wrongful death damages.  *See* State of

Alabama's Amicus Brief in Support of Appellant and Reversal, *Old Carco LLC*, 1:18-CV-11290

(S.D.N.Y. February 22, 2019) (ECF No. 16), pp. 5-9 ("**Amicus Brief**").[3]  There is no applicable

precedent for this position.

A.     **More Than a Century of Alabama Supreme Court Precedent Contradicts the Attorney General's Proposed Position, And Such Position Was Rejected by the District Court in *Old Carco*.**

More than 100 years ago, the Alabama Supreme Court interpreted the title and text of the

Act, as then enacted, in holding that the only damages available for wrongful death are punitive

damages intended to impose civil punishment – no different than traditional punitive or

exemplary damages:

---

[3]     With respect to the McCalls, any argument that damages recoverable under the Act are compensatory and not punitive has been expressly renounced, abandoned and/or waived by the McCalls.  *See, e.g.*, Hr'g Tr., May 30, 2019, at 27:3-9 (MR SNYDER: "I decided, after speaking with counsel, that we wouldn't do it the way everyone else did and try and argue that something that walks and talks and looks like a duck isn't a duck.  The Alabama statute is a punitive damages statute.  The pattern -- PJI says it's a punitive statute.  The Supreme Court has said more than once it's a punitive damages statue [sic], as has Judge Bernstein in <u>Chrysler</u>."); *id.* at 33:3-9 (the McCalls' counsel stating that he "didn't agree" with the Alabama Attorney General's position); *see also Morales v. Kavulich & Assoc., P.C.*, 294 F.Supp.3d 193, 196 n. 2 (S.D.N.Y. 2018) ("Defendants did not oppose this argument in their opposition memorandum and thus waives any argument challenging Rosewall's vicarious liability."); *In re UBS AG Secs. Litig.*, No. 07 Civ. 11225 (RJS), 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) (recognizing that party "concedes through silence" arguments by its opponent that it fails to address).

2

> Prevention of homicide is the purpose of the statute, and this it proposes to accomplish by such pecuniary mulct as the jury 'deem just.' ***The damages are punitive, and they are none the less so, in consequence of the direction the statute gives to the damages when recovered.*** They are assessed against the railroad '[to prevent homicides.']

*Savannah & Memphis R.R. Co.* v. *Shearer*, 58 Ala. 672, 678 (1877) (emphasis added). Irrespective of the absence of the word "punitive" in the text of the Act, from that point forward, the Alabama Supreme Court has repeatedly construed its language to limit recovery to punitive damages without hesitation or reservation. *E.g., Stinnett v. Kennedy*, 232 So. 3d 202, 212 (Ala. 2016) (citing to the Act's settled history in noting that "the avowed public purpose of the wrongful death statute is to prevent homicide and to punish the culpable party . . . ."); *Omni Ins. Co. v. Foreman*, 802 So. 2d 195, 199 (Ala. 2001) (reiterating that "[i]t is hornbook law that in Alabama, the only damages a plaintiff is allowed to recover in an action for wrongful death are punitive damages."); *Lance, Inc. v. Ramanauskas*, 731 So. 2d 1204, 1221 (Ala. 1999) (holding that "the crushing weight of 150 years of *stare decisis* [has] consistently held that [the Act] allows for the recovery of punitive damages only."); *Tillis Trucking Co., Inc. v. Moses*, 748 So. 2d 874, 888-89 (Ala. 1999) (recognizing that "[f]rom the time the Legislature enacted the predecessor of [the Act] in 1852, this Court has understood the legislative intent behind the phrase 'such damages as the jury may assess' to be that the jury is to award punitive or exemplary damages."); *Campbell v. Williams*, 638 So. 2d 804, 812 (Ala. 1994) (holding that "'the damages recoverable being punitive and exemplary in all cases under the [Act] – punitive of the act done and intended by their imposition to stand as an example to deter others from the commission of mortal wrongs or to incite the diligence in the avoidance of fatal casualties.'") (internal citation omitted); *Eich v. Town of Gulf Shores*, 300 So. 2d 354, 356 (Ala. 1974) (holding that "the damages recoverable under [the Act] are entirely punitive and are based on the

3

culpability of the defendant and the enormity of the wrong, and are imposed for the preservation

of human life").

That legion of precedent rejects with equal force the notion that the Act's punitive

damages are non-traditional or compensatory in any way. *E.g.*, *Painter v. Tenn. Valley Auth.*,

476 F.2d 943, 944 (5th Cir. 1973) ("reject[ing] the argument that the damages awarded under the

[wrongful death] statute are, regardless of the label applied by the Alabama courts, inherently

compensatory to any extent"); *Trott v. Brinks, Inc.*, 972 So. 2d 81, 84 (Ala. 2007) (holding that

the "only recoverable damages" in a wrongful death case "are punitive damages intended to

punish the tortfeasor for its actions – not to compensate the plaintiff."); *King v. Nat'l Spa & Pool

Inst., Inc.*, 607 So. 2d 1241, 1247 (Ala. 1992) (holding that "[a] wrongful death claim does not

provide compensation for injuries that cause death. Punitive damages are not compensation, and

our system should not be contorted to treat them as such."); *Bd. of Trustees of the Univ. of Ala. v.

Harrell*, 188 So. 2d 555, 556, 57 (Ala. 1966) (stating that "[a]ny damages recovered under the

wrongful death act are punitive in nature, not actual or compensatory").   Accordingly, the

position taken by the Alabama Attorney General in his Amicus Brief is without merit.

**B.**    **The District Court in the *Old Carco* Case Rejected the Attorney General's Position.**

Varying arguments that the punitive damages available under the Act are somehow not

the same as traditional punitive damages have been expressly rejected by, first the Bankruptcy

Court and then the District Court in the *Old Carco* case.  In *Old Carco LLC*, Judge Bernstein

noted at the outset of his discussion on this issue that any "argument regarding the compensatory

nature of an award under the [Act] ignores over 140 years of settled Alabama law." *In re Old

Carco LLC*, 593 B.R. 182, 192 (Bankr. S.D.N.Y. 2018), *aff'd*, *In re Old Carco LLC*, Case No.

18-cv-11290 (AJN), 2019 WL 2336849 (S.D.N.Y. May 31, 2019).  Instead, Judge Bernstein

DMSLIBRARY01\21600\162081\34530890.v3-7/2/19

determined that the unequivocal language in the horde of Alabama Supreme Court opinions addressing the issue made clear that the Act was intended "to limit recovery to punitive damages and to exclude recovery of compensatory damages[,]" even though "the words 'punitive' or 'exemplary' do not appear in" the text of the Act. *Id.*

Judge Bernstein also readily dismissed any argument that the Internal Revenue Service's treatment of punitive damages suggested a compensatory nature, concluding that "[t]he result in this case is not driven by federal tax policy." *Id.* at 197. Rather, Judge Bernstein relied on the host of Alabama Supreme Court precedent – untouched by any action of the Alabama legislature – "consistently rul[ing] that the plaintiff in a wrongful death action may recover only punitive damages, and evidence supporting a compensatory award is irrelevant." *Id.* at 198. In doing so, Judge Bernstein held that the plaintiff's wrongful death claims were enjoined by the sale documents between Old Carco (*i.e.*, Old Chrysler) and New Chrysler, which excluded New Chrysler's liability for punitive damages under the plaintiff's Alabama wrongful death claim. *Id.*

On appeal, District Judge Alison Nathan recently affirmed Judge Bernstein's decision, holding that the "Bankruptcy Court applied settled Alabama caselaw that has consistently construed the Wrongful Death Act to limit recovery to punitive damages only." *See In re Old Carco LLC*, 2019 WL 2336849, at *4 (citations omitted). In rejecting the Alabama Attorney General's argument that "Alabama's wrongful death damages contain characteristics of both compensatory and punitive damages[,]" the District Court reiterated that "Alabama authority is clear that the damages available are not punitive in name only. Rather, damages under the Wrongful Death statute are to punish tortfeasors, not to compensate victims." *Id.* (citations omitted). The District Court was equally unpersuaded by the argument – additionally advanced in the Amicus Brief – that Alabama's wrongful death damages "are not 'punitive' in the

5

traditional sense because one can recover under the Wrongful Death Act based on negligence," noting that "the fact that recovery can occur based on mere negligence does not change the punitive nature of the damages[,] . . . [where] it is clear that damages under the Wrongful Death Act are punitive damages, meant to punish and deter rather than to compensate."[4]  *Id*. at *5. Accordingly, the District Court affirmed the bankruptcy court's decision in holding that it "correctly applied settled Alabama law and concluded that damages under Alabama's Wrongful Death Act are punitive damages." *Id*.

\*        \*        \*

The Amicus Brief is without colorable support of any sort.  Purely *ipse dixit*, it ignores the identical interpretation of the Act by every Alabama court and commentator to have examined the issue, which the McCalls agree with.  *See* Hr. Tr., May 30, 2019, at 27:6-9 (conceding that "[t]he Alabama statute is a punitive damage statute. The Supreme Court has said more than once that it's a punitive damage statute, as has Judge Bernstein in <u>Chrysler</u>.").  In addition to every Alabama court to have addressed the issue, the Alabama Attorney General's specific arguments have now been expressly rejected by District Judge Nathan and should be rejected here.

## II.    IN GENERAL, A VIABLE CONTRACT CLAIM ALLOWS FOR THE RECOVERY OF TRADITIONAL COMPENSATORY DAMAGES INCURRED BETWEEN THE TIME OF THE ALLEGED INJURY AND DEATH OF THE PLAINTIFF.

Alabama law provides that contract causes of action may survive the decedent's death, regardless of whether or not they have been filed prior to death.[5]  *See* Alabama Law of Damages

---

[4]    And particularly where, the District Court noted, "the degree of culpability is one of the elements a jury can consider in assessing the amount of the award."  *In re Old Carco LLC*, 2019 WL 2336849, at *5 (internal citations omitted).

[5]    The imposition of motor vehicle manufacturer/seller liability in Alabama based on a theory of breach of contract typically arises from: (a) an express warranty between the manufacturer and/or seller and the

6

§ 11:35 (6ᵗʰ ed.) (citing ALA. CODE § 6-5-462); *Benefield v. Aquaslide N Dive Corp.*, 406 So. 2d

873, 876 (Ala. 1981); *McCulley v. SouthTrust Bank of Baldwin County*, 575 So. 2d 1106, 1107

(Ala. 1991); *Nationwide Mut. Ins. Co. v. Wood*, 121 So. 3d 982, 986 (Ala. 2013)).[6]

A viable action for breach of warranty will allow the personal representative to recover

lost wages, pain and suffering, medical expenses, and other compensatory damages that occurred

between the time of the alleged breach and death of the decedent.[7]   *See* Alabama Law of

Damages § 32:5 (6ᵗʰ ed.) (citing *Simmons v. Clemco Indus.*, 368 So. 2d 509 (Ala. 1979)); *see

also*, *Aquaslide*, 406 So. 2d at 875-76 (recognizing that when the injuries sued upon caused the

death, the representative of the decedent's estate may simultaneously recover both for punitive

damages under a wrongful death count and for compensatory damages under a warranty count);

---

purchaser; or (b) Alabama's implied warranty of merchantability statute, ALA. CODE § 7-2-314, which establishes an implied warranty from the seller that the product be fit for the ordinary use for which it was intended.  *See* Alabama Law of Damages § 32:5 (6ᵗʰ ed.).

[6]   The Supplemental Reply's citations to the Alabama Law of Damages are collectively attached as **Exhibit "A."**

[7]   As is typically the case, it is from the facts that the law arises.  Accordingly, the viability of any particular contract claim must be evaluated on a case-by-case basis, as there are innumerable hurdles that might affect the successful maintenance of such a claim – *e.g.*, an express warranty may have expired; the statute of limitations may have run; and/or the law may preclude the issuance of implied warranties from certain types of defendants. For example, here, the McCalls have not asserted a breach of warranty claim and it may be too late to amend the McCall Complaints and/or the McCalls may have waived such claim.  In addition, the express warranty for the 2004 Chevrolet Suburban at issue appears to have been for the shorter of two years or 32,000 miles and, as such, offers no relief to the McCalls.  The McCalls might also face fact-specific challenges as to any implied warranty claim based on provisions in the Sale Order and Sale Agreement, the statute of limitations, or the inability to qualify GM as a "seller" under Alabama's version of the Uniform Commercial Code. *See, e.g.*, Sale Agreement, § 2.3(b)(xvi) (Retained Liabilities include "all Liabilities arising out of, related to or in connection with any (A) implied warranty or other implied obligation arising under statutory or common law without the necessity of an express warranty or (b) allegation, statement or writing by or attributable to Sellers"); Sale Agreement, § 6.15(b) (same); Sale Order, ¶ 56 ("Purchaser is not assuming responsibility for Liabilities contended to arise by virtue of other alleged warranties, including implied warranties and statements in materials such as, without limitation, individual customer communications, owner's manuals, advertisements, and other promotional materials, catalogs, and point of purchase materials"); *Trusky v. General Motors Co. (In re Motors Liquidation Co.)*, Case No. 09-50026 (REG), 2013 WL 620281, at *2 (Bankr. S.D.N.Y. Feb. 19, 2013) ("New GM's warranty obligations are limited to honoring the specific terms of the Glove Box Warranty as to vehicles presented for repair to New GM dealers within the mileage and duration limitations of the Glove Box Warranty[.]"); ALA. CODE § 7-2-725(2) (establishing four-year statute of limitations); *Ex parte General Motors Corp.*, 769 So. 2d 903, 910-11 (Ala. 1999) (stating in case seeking damages for, among other issues, personal injuries, medical expenses, and emotional/mental distress, that GM, as the vehicle's manufacturer, would be due summary judgment on any implied warranty claims on the alternative ground that those claims are only applicable to sellers, not manufacturers).

DMSLIBRARY01\21600\162081\34530890.v3-7/2/19

Alabama Law of Damages § 32:9 (6th ed.) (stating that breach of warranty claims allow for

recovery of all incidental and consequential damages, which include injury to the person

proximately resulting from the breach of warranty) (citations omitted).[8]

In *Simmons*, the Alabama Supreme Court addressed a number of certified questions from

a federal district court arising out of breach of warranty claims for personal injuries brought

against the manufacture and distributor of a sandblasting hood.  368 So. 2d at 511.  One of those

questions related to the survivability of those warranty claims when the plaintiff died as a result

of the alleged breach after the action had been brought and included specific reference to

particular compensatory damages:

> Does an action for breach of warranty brought by a plaintiff under
> [Alabama's version of the Uniform Commercial Code] survive the
> death of the plaintiff in favor of his personal representative, for the
> recovery of lost wages, pain and suffering, medical expenses and
> other damages which occurred between the time of the alleged
> breach of warranty and death of the plaintiff, in the circumstances
> where the plaintiff died as a result of the alleged breach of
> warranty, after the action had been brought by him?

*Id*. at 515.  In answering the question in the affirmative, the court implicitly approved the

recovery of the identified compensatory damages.  *Id*. at 515-16.

Subsequent cases have not altered *Simmons'* allowance of the full gamut of compensatory

damages for breach of warranty claims seeking recovery between the date of alleged injury and

death.  For example, *Aquaslide* reversed the dismissal of a warranty claim in holding that, despite

the tortious characteristics of the claim, it remained one rooted in contract and survived in favor

of the personal representative regardless of whether it was filed before the decedent's death:

> Should breaching manufacturers be allowed to escape liability for
> compensatory contract damages sustained by the decedent before

---

[8]    The McCalls have not made an *Aquaslide*-type claim against New GM.

8

his death merely because he dies as a result of the breach?  We
think not.  The breach of warranty (contract) claim is a separate
and distinct claim from the wrongful death (tort) claim and seeks
compensatory damages only, not for the wrongful death of the
decedent but for the injuries suffered before his death.

406 So. 2d at 876.  As a viable claim, it sought "recovery not for the death of the decedent but

for the pain and medical expenses suffered by him between the date of his injury and the date of

his death" nine days later.  *Id*. at 874.

More than a decade later, the Alabama Supreme Court decided *King v. Nat'l Spa & Pool

Inst., Inc.*, 607 So. 2d 1241 (Ala. 1992).  While *King* concerned a tort claim filed before death

and not a contract claim, it addressed the availability of compensatory damages  for pre-death

injuries and loss.[9]  *King* also addressed the unavailability of compensatory damages (such as lost

wages) for the time period after the death of the plaintiff.  The *King* rationale should be

applicable to both tort and contract claims seeking compensatory damages:[10]

> Should this case proceed to trial, [the plaintiffs] will be able to
> present both [a claim for pre-death personal injuries and a claim
> for wrongful death] to the trier of fact.  The estate's personal injury
> claim for compensatory damages to compensate for expenses and
> losses incurred up to the moment of death is not mutually
> exclusive or inconsistent with the heirs' wrongful death claim for
> punitive damages.  That is, should [the estate] prove liability, [it]
> will be able to recover compensatory damages for [the decedent's]
> personal injuries up to the instant of his death.  [The estate's] claim
> for damages based on [the decedent's] personal injuries would be
> presented exactly as any other claim based on personal injury.
> Losses and expenses and other compensable items recognized in a
> personal injury action, such as medical expenses, lost wages, and
> pain and suffering, would be recoverable by [the estate] on behalf
> of [the decedent] up to the amount of [his] death.
>
> . . .

---

[9]    Similar cases across Alabama courts since *King* continue to seek these types of compensatory damages for
personal injuries in breach of warranty cases.  *See e.g., Billingsley v. Mike Schmitz Automotive Group*, No. 1:13-
CV-412-WKW, 2014 WL 4230012 (M.D. Ala. 2014) (listing breach of implied warranty claims seeking
compensatory damages for, among other issues, incurred medical costs and lost wages in non-death case).

[10]   The McCalls have not sought compensatory damages under either a contract or tort theory.

9

> Because [the Act] provides for punitive damages for the act
> causing death, it also displaces any claim for punitive damages in
> the personal injury action based on the same act.  Accordingly,
> ***[the estate's] personal injury claim will provide no recovery for
> punitive damages, or for any damage or loss, such as lost wages
> or any other item, that occurred, or might occur, at any time after
> [the decedent's] death***.

*King*, 607 So. 2d at 1247-48 (emphasis added).[11]

## CONCLUSION

For all of the foregoing reasons, New GM respectfully requests that this Court grant the

relief sought in the McCall Motion to Enforce and for such other and further relief as the Court

may deem just and proper.

Dated: New York, New York
       July 2, 2019

                                        Respectfully submitted,


                                        _/s/ Arthur Steinberg_____
                                        Arthur Steinberg
                                        Scott Davidson
                                        KING & SPALDING LLP
                                        1185 Avenue of the Americas
                                        New York, New York  10036
                                        Telephone:    (212) 556-2100
                                        Facsimile:    (212) 556-2222

                                        -and-

---

[11]   While not applicable here, *King* makes clear that a plaintiff may recover compensatory damages via tort claims
that are filed before death. *See* ALA. CODE § 6-5-462.  Where they are timely filed, *King* seemingly allows for
the same recovery of compensatory damages allowed under a contract claim (and imposes the same prohibition
on the recovery of punitive damages).  607 Ala. at 1247-48; Alabama Law of Damages, §§ 11:35, 32:5 (stating
that a claim may exist for personal injuries of decedent and his death).  An illustrative chart depicting New
GM's overlay of Alabama's survivability statute with its wrongful death statute as to both tort and contract
claims is attached hereto as **Exhibit "B."**

10

Richard C. Godfrey, P.C. (admitted *pro hac vice*)
Andrew B. Bloomer, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Attorneys for General Motors LLC*

11