# **Exhibit A**

**Alabama Law of Damages § 11:35 (6th ed.)**

**Alabama Law of Damages** February 2019 Update
Jenelle Mims Marsh

**Part I. Damages, Generally**

**Chapter 11. Actions; Pleading and Practice**

**E. Abatement, Revival, and Survival**

§ 11:35. Survival of tort causes of action

The prevailing common-law rule was that a personal cause of action in tort did not survive in favor of the personal representative of the deceased victim.[1] A tort cause of action likewise did not survive against the estate of the deceased tortfeasor.[2] This restriction on the survival of causes of action was expressed in the maxim *actio personalis moritur cum persona* (a personal right of action dies with the person).[3]

The general rule remains that where the cause of action sounds in torts and no action is filed before the death of the victim, it does not survive in favor of his personal representative.[4] However, if the cause of action was filed prior to the decedent's death, the cause of action survives to the personal representative.[5] This is so even if the injury in the tort cause of action results in the plaintiff's death.[6]

Contract causes of action survive the decedent's death, regardless of whether they have been filed prior to the decedent's death.[7]

In Alabama, by statute, personal tort causes of action survive against the personal representative of the deceased tortfeasor.[8] This is a statutory change in the historic common-law rule that such causes do not survive.[9]

Westlaw. © 2019 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

1 Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228 (1910); City of Birmingham v. Walker, 267 Ala. 150, 101 So. 2d 250, 70 A.L.R.2d 464 (1958).

2 Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228 (1910); Ex parte Holsonback, 236 Ala. 265, 182 So. 28 (1938).

3 See Cage, Jr., Note: Torts—"Survival" of Actions—Testamentary Libel, 7 Ala. L. Rev. 211, 212 (citing reason for the rule to be that tort actions were criminal in nature and were designed to punish the wrongdoer, not to compensate the injured person; since the deceased wrongdoer could not be punished, the action died with him).

4 Ala. Code § 6-5-462. Bates v. L & N Emp. Credit Union, 374 So. 2d 323 (Ala. 1979); Stacey v. Saunders, 437 So. 2d 1230 (Ala. 1983) (fraud). See also Cummings v. Food World, Brunos, Inc., 510 So. 2d 160 (Ala. 1987) (employee's workers'-compensation claim arising from her fall at her place of employment did not survive her death from lung cancer occurring 7 1/2 years later); Gillion v. Alabama Forestry Ass'n, 597 So. 2d 1315 (Ala. 1992) (an action for fraud did not survive the death of the allegedly defrauded party); Malcolm v. King, 686 So. 2d 231, 236 (Ala. 1996)

(when plaintiff's decedent suffered personal injuries in automobile accident and claim was filed during his lifetime, but another claim, alleging medical malpractice in diagnosing of the injuries sustained in the automobile accident, was not filed until after the decedent's death, medical malpractice claim did not relate back to the claim for injuries suffered in the automobile accident because the subsequent medical treatment for the injury was not the same "conduct or occurrence"); McDuffie v. Hopper, 982 F. Supp. 817, 830 (M.D. Ala. 1997) (holding in dicta that medical malpractice claim did not survive when plaintiff died prior to filing); A.W. Herndon Oil Co. v. Transamerica Occidental Life Ins. Co., 201 F. Supp. 2d 1213, 1215 (M.D. Ala. 2002) (when plaintiff's decedent filed suit claiming fraud during his lifetime, but suit was dismissed for lack of jurisdiction, suit refiled after his death did not survive); Callens v. Jefferson County Nursing Home, 769 So. 2d 273, 277 (Ala. 2000) (by complying with section 6-5-20, the personal-injury claim against the county survived decedent's death); Abrams v. Ciba Specialty Chemicals Corp., 663 F. Supp. 2d 1259, 1274 (S.D. Ala. 2009); Estate of Gilliam ex rel. Waldroup v. City of Prattville, 639 F.3d 1041, 1047 (11th Cir. 2011), cert. denied, 132 S. Ct. 817, 181 L. Ed. 2d 526 (2011) (decedent's unfiled § 1983 claim did not survive the death of the putative plaintiff when there was no claim that the conduct alleged to violate § 1983 caused the decedent's death); Bassie v. Obstetrics & Gynecology Associates of Northwest Alabama, P.C., 828 So. 2d 280, 285 (Ala. 2002) (applying statutory definition of death); Georgia Cas. and Sur. Co. v. White, 582 So. 2d 487, 491–92 (Ala. 1991).

5 Ala. Code § 6-5-462; King v. National Spa and Pool Institute, Inc., 607 So. 2d 1241, 1246 (Ala. 1992); Hogland v. Celotex Corp., 620 So. 2d 621, 622 (Ala. 1993); Ex parte Burnham Service Co., Inc., 649 So. 2d 1270, 1273 (Ala. 1994) (personal representative is mandated to amend pending personal-injury action to add a claim of wrongful death).

6 King v. National Spa and Pool Institute, Inc., 607 So. 2d 1241, 1246 (Ala. 1992).

7 Ala. Code § 6-5-462; Benefield v. Aquaslide N Dive Corp., 406 So. 2d 873, 877 (Ala. 1981); McCulley v. SouthTrust Bank of Baldwin County, 575 So. 2d 1106, 1107 (Ala. 1991); Nationwide Mut. Ins. Co. v. Wood, 121 So. 3d 982, 986 (Ala. 2013) (insurance company is bound to an agreement negotiated on behalf of an injured minor, even if that minor dies before the scheduling of the court hearing necessary to obtain approval of the settlement agreement).

8 Ala. Code § 6-5-462.

9 Standard Acc. Ins. Co. v. Whitset, 270 Ala. 334, 118 So. 2d 922 (1960).

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

 © 2019 Thomson Reuters. No claim to original U.S. Government Works. 

**Alabama Law of Damages § 32:5 (6th ed.)**

**Alabama Law of Damages** February 2019 Update
Jenelle Mims Marsh

**Part II. Damages Relating to Particular Subject Areas**

**Chapter 32. Products Liability**

**C. Breach of Warranty**

## § 32:5. Generally

A breach of warranty gives rise to strict liability, so that it does not depend upon any knowledge on the part of the seller or any negligence.[1] For a cause of action to arise for breach of warranty, either express or implied, three things must first occur: (1) the existence of a warranty; (2) breach of the warranty; and (3) damages proximately resulting from that breach.[2]

The implied warranty arises by operation of law when the parties have assumed a certain contractual relationship that causes the law to impose the warranty.[3] The contractual agreement or arrangement that gives rise to a warranty is a product sale. Where the price is negotiable, the sales contract is not completed until the agreement has been reached on the terms of sale by the parties.[4] Thus, whatever the terms and method of sale, when there first exists mutuality of obligation between the parties, at that time, the implied warranty arises. Warranty does not depend upon the passage of title but upon the existence of a contract between the parties.[5] The Uniform Commercial Code states clearly that a warranty is implied upon a contract of sale and not solely upon the execution of the sale itself.[6] Every sale of goods, including a sale by auction, includes an implied warranty of merchantability if the seller is a merchant with respect to the goods of that kind.[7]

"Express" warranties rest on the negotiated terms of the bargain and go to the essence of that bargain.[8]

An action for breach of warranty brought under Code provisions survives the death of the plaintiff in favor of his personal representative for the recovery of lost wages, pain and suffering, medical expenses, and other damages that occurred between the time of the alleged breach of warranty and death of the plaintiff, in the circumstances where the plaintiff died as a result of the alleged breach of warranty, after the action had been brought by him.[9]

Westlaw. © 2019 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

1 Vann v. McCord, 22 Ala. App. 241, 114 So. 418 (1927); Geohagan v. General Motors Corp., 291 Ala. 167, 279 So. 2d 436, 12 U.C.C. Rep. Serv. 993 (1973). See also McDonnell, The New Privity Puzzle: Products Liability under Alabama's Uniform Commercial Code, 22 Ala. L. Rev. 455 (1970). See § 9:22 (discussing the Magnuson-Moss Act as another basis, outside the Uniform Commercial Code, for bringing a consumer warranty action).

2 Storey v. Day Heating & Air Conditioning Co., Inc., 56 Ala. App. 81, 319 So. 2d 279, 17 U.C.C. Rep. Serv. 1208 (Civ. App. 1975); Ala. Code § 7-2-314. See also Rhodes v. General Motors Corp., Chevrolet Div., 621 So. 2d 945, 947, 21 U.C.C. Rep. Serv. 2d 34 (Ala. 1993). Claims based on the breach of a manufacturer's warranty to repair a good or to render certain services do not arise until the manufacturer actually fails or refuses to perform its obligation to repair the good or to render a service under the warranty. American Suzuki Motor Corp. v. Burns, 81 So. 3d 320,

325 (Ala. 2011); Brown v. General Motors Corp., 14 So. 3d 104, 113, 67 U.C.C. Rep. Serv. 2d 924 (Ala. 2009).

3 Ala. Code § 7-2-314; Redman Industries v. Binkey, 49 Ala. App. 595, 274 So. 2d 621, 12 U.C.C. Rep. Serv. 436 (Civ. App. 1973); Russell v. Wilson, 991 So. 2d 745, 749 (Ala. Civ. App. 2008) (sales representatives for pharmaceutical drug manufacturer were not "sellers" of the drug, but were instead agents of the seller; thus, a breach of warranty claim was viable only against the manufacturer).

4 Hamm v. Continental Gin Co., 276 Ala. 611, 165 So. 2d 392 (1964).

5 Mitchell-Huntley Cotton Co., Inc. v. Waldrep, 377 F. Supp. 1215, 15 U.C.C. Rep. Serv. 317 (N.D. Ala. 1974).

6 Ala. Code § 7-2-314.

7 Bradford v. Northwest Alabama Livestock Ass'n, 379 So. 2d 609, 28 U.C.C. Rep. Serv. 1009 (Ala. Civ. App. 1980).

8 Ala. Code § 7-2-313.

9 Simmons v. Clemco Industries, 368 So. 2d 509, 25 U.C.C. Rep. Serv. 1088 (Ala. 1979).

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

**Alabama Law of Damages § 32:9 (6th ed.)**

**Alabama Law of Damages** February 2019 Update
Jenelle Mims Marsh

**Part II. Damages Relating to Particular Subject Areas**

**Chapter 32. Products Liability**

**C. Breach of Warranty**

§ 32:9. Damages

The topic of warranty damages is given an in-depth treatment as regards sales in Chapter 35. Suffice it to say here, however, that where the buyer has accepted the goods, the basic recovery for the defective goods themselves is the difference at the time of acceptance between the value of the goods accepted and the value that they would have had if they had been as warranted.[1] This formula of recovery is part of the broader rule that the buyer may recover as damages, for any nonconformity of tender, the loss resulting in the ordinary course of events from the seller's breach.[2] The buyer may likewise recover incidental[3] and consequential damages.[4] Consequential damages include losses resulting from the general or particular foreseeable requirements and needs of the seller,[5] as well as injury to person or property proximately resulting from the breach of warranty.[6] This latter provision has been recognized as allowing the recovery of consequential damages in cases involving injuries to personal property resulting from a breach of warranty.[7] As regards damages for personal injury, it should be remembered that the seller's warranty extends to any natural person who might reasonably be expected to use, consume, or be affected by the goods.[8]

The exclusion of warranties provision in the Uniform Commercial Code[9] expressly recognizes the power of the seller and buyer to liquidate[10] and limit damages.[11] If parties settle on an amount that is reasonable, they may state by agreement an amount that will be paid as liquidated damages upon breach of the contract.[12] The parties likewise may provide for substitute remedies and alter the measure of damages as otherwise called for in Article 2 of the Code.[13] Such provisions are not binding if the circumstances cause the exclusive or limited remedy to fail of its essential purpose.[14] Consequential damages may be limited or excluded unless such is unconscionable.[15] Any limitation of consequential damages for personal injury from consumer goods is prima facie unconscionable while a limitation as to commercial loss is not.[16] The seller may not modify or limit contractually the buyer's remedy for injury to the person in the case of consumer goods.[17]

The Alabama Supreme Court has ruled that a wrongful-death action cannot be based upon a breach of warranty.[18] The rationale for this ruling lies in the fact that an allegation of breach of warranty sounds in contract, and the punitive nature of the wrongful-death statute is incompatible with such an action.[19]

Westlaw. © 2019 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

1 Ala. Code § 7-2-714(2). See also Massey-Ferguson, Inc. v. Laird, 432 So. 2d 1259, 36 U.C.C. Rep. Serv. 437 (Ala. 1983).

2 Ala. Code § 7-2-714(1).

3 Ala. Code § 7-2-715(1).

4 Ala. Code § 7-2-715(2). See also Caldwell v. Brown Service Funeral Home, 345 So. 2d 1341, 21 U.C.C. Rep. Serv. 999 (Ala. 1977); Winchester v. McCulloch Bros. Garage, Inc., 388 So. 2d 927, 30 U.C.C. Rep. Serv. 212 (Ala. 1980).

5 Ala. Code § 7-2-715(2)(a).

6 Ala. Code § 7-2-715(2)(b).

7 Atkins v. American Motors Corp., 335 So. 2d 134, 19 U.C.C. Rep. Serv. 756 (Ala. 1976).

8 Ala. Code § 7-2-318.

9 Ala. Code § 7-2-316(4).

10 Ala. Code § 7-2-718.

11 Ala. Code § 7-2-719.

12 Ala. Code § 7-2-718(1).

13 Ala. Code § 7-2-719(1)(a).

14 Ala. Code § 7-2-719(2). See also Winchester v. McCulloch Bros. Garage, Inc., 388 So. 2d 927, 30 U.C.C. Rep. Serv. 212 (Ala. 1980); Volkswagen of America, Inc. v. Harrell, 431 So. 2d 156, 36 U.C.C. Rep. Serv. 553 (Ala. 1983); Massey-Ferguson, Inc. v. Laird, 432 So. 2d 1259, 36 U.C.C. Rep. Serv. 437 (Ala. 1983); Ex parte Miller, 693 So. 2d 1372, 1377, 32 U.C.C. Rep. Serv. 2d 839 (Ala. 1997) (generally, a warranty fails when the seller limits the buyer's remedies to repair or replacement of the product, and the seller refuses to perform within a reasonable time).

15 Ala. Code § 7-2-719(3). See also Fleming Farms v. Dixie Ag Supply, Inc., 631 So. 2d 922, 22 U.C.C. Rep. Serv. 2d 1039 (Ala. 1994) (summary judgment was proper upon defendant's establishing a prima facie case that the limitation-of-liability clause was not unconscionable, and plaintiff failed to present substantial evidence to the contrary). For a discussion of the exclusion or limitation of damages in a commercial setting, see § 35:2.

16 Ala. Code § 7-2-719(3).

17 Ala. Code § 7-2-719(4). See also Atkins v. American Motors Corp., 335 So. 2d 134, 19 U.C.C. Rep. Serv. 756 (Ala. 1976).

18 Geohagan v. General Motors Corp., 291 Ala. 167, 279 So. 2d 436, 12 U.C.C. Rep. Serv. 993 (1973); Alabama Powersport Auction, LLC v. Wiese, 143 So. 3d 713, 721, 82 U.C.C. Rep. Serv. 2d 52 (Ala. 2013); Gaylord v. Lawler Mobile Homes, Inc., 477 So. 2d 382, 42 U.C.C. Rep. Serv. 131 (Ala. 1985). See Boyd, Note: Torts—Wrongful Death—An Action for Wrongful Death Cannot be Maintained in Alabama for Breach of Implied Warranty, 26 Ala. L. Rev. 273 (1973).

19 Geohagan v. General Motors Corp., 291 Ala. 167, 279 So. 2d 436, 12 U.C.C. Rep. Serv. 993 (1973); Gaylord v. Lawler Mobile Homes, Inc., 477 So. 2d 382, 42 U.C.C. Rep. Serv. 131 (Ala. 1985). See also Boyd, Note: Torts—Wrongful Death—An Action for Wrongful Death Cannot be Maintained in Alabama for Breach of Implied Warranty, 26 Ala. L. Rev. 273 (1973). See § 37:3.

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.