# Exhibit B

## Analysis of Alabama's Wrongful Death Act and Survivabilty Statute

| TYPE CLAIM | SURVIVES TO PERSONAL REP | ALLOWS COMPENSATORY* | ALLOWS PUNITIVE** |
|---|---|---|---|
| **Tort Claim filed Pre-Death** | YES (Ala. Code §6-5-462) | YES (King v. National Spa) | NO |
| **Tort Claim filed Post-Death** | NO (Ala. Code §6-5-462) | | |
| **Contract Claim filed Pre-Death** | YES (Ala. Code §6-5-462) | YES (Benefield v. Aquaslide) | NO |
| **Contract Claim filed Post-Death** | YES (Ala. Code §6-5-462) | YES (Benefield v. Aquaslide) | NO |
| **Wrongful Death Contract Claim** | NO (AL Powersport v. Weise) | | |
| **Wrongful Death Tort/AEMLD Claim** | YES (Ala. Code § 6-5-410) | NO | YES (Ala. Code § 6-5-410) |

Alabama Code § 6-5-410, Alabama's wrongful death statute, states: "A personal representative may commence an action and recover such damages as the jury may assess . . . for the wrongful act, omission, or negligence of any person, persons, or corporation . . . whereby the death of the testator or intestate was caused, provided the testator or intestate could have commenced an action for the wrongful act, omission, or negligence if it had not caused death. . . [.]"

Alabama Code § 6-5-462, Alabama's survival statute, states: "In all proceedings not of an equitable nature, [(1)] all claims upon which an action has been filed and [(2)]all claims upon which no action has been filed on a contract, express or implied, and [(3)] all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives . . . ."

Alabama Powersport Auction, LLC v. Weise, 143 So.3d 713 (Ala. 2013) (holding that a breach-of-warranty claim cannot be maintained under Alabama's wrongful-death statute).

King v. National Spa and Pool Institute, 607 Ala. 1241 (Ala. 1992) (holding that survival statute allows one to maintain both a tort-based personal injury action for pre-death compensatory damages and a wrongful death action for punitive damages if the personal injury action is filed before the decedent's death).

Benefield v. Aquaslide 'N' Dive Corp., 406 So.2d 873 (Ala. 1981) (citing survival statute in holding that when the injuries sued upon caused the death, the representative of the decedent's estate may simultaneously recover both for the punitive damages under a wrongful death count and for pre-death compensatory damages under a warranty count, whether or not the warranty count was filed before the decedent's death).

* As King and Aquaslide make clear, the allowance of compensatory damages is limited to those incurred between the time of injury and death but, within that timeframe, may include damages for pain and suffering, emotional/mental distress, lost wages, etc.

** The punitive damages available in a wrongful death claim are exclusively intended to punish the tortfeasor for its actions – not to compensate the plaintiff. Trott v. Brinks, Inc., 972 So. 2d 81, 84 (Ala. 2007) Further, because the wrongful death statute provides for punitive damages for the act causing death, it displaces any claim for punitive damages in a personal injury action based on the same act. Accordingly, such pre-death claims (whether in contract or

# EXHIBIT B