

Eric B. Fisher
Binder & Schwartz LLP
366 Madison Avenue 6th Floor
New York, NY 10017

(T) 212.933.4551
(F) 212.510.7299
efisher@binderschwartz.com

July 8, 2019

**By ECF and FedEx**

The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, New York 10004-1408

      Re:    *In re: Motors Liquidation Company, f/k/a General Motors Corporation, et al.*, Case No. 09-50026 (MG)

Dear Judge Glenn:

      On behalf of the Motors Liquidation Company Avoidance Action Trust (the "AAT" or the "Trust"), we write in response to Ms. Cheryl England's *pro se* letter dated June 26, 2019, Bankr. Dkt. No. 14543, objecting to the AAT's motion to extend the duration of the AAT.

      As an initial matter, the nature of Ms. England's objection is not clear. She objects to the request to extend the life of the Trust, but also implies that the "Trust Administration" will continue until the "following year," presumably meaning 2020. There appears to be some confusion. Absent an order of this Court, the Trust will not be able to continue into 2020; rather, it will dissolve on December 15, 2019. Were this to happen, the Trust risks being unable to conduct an orderly distribution for the benefit of all the Trust's beneficiaries.

      The AAT has received the $231 million settlement payment and the Term Loan Avoidance Action has been dismissed. Bankr. Dkt. Nos. 14544 & 14545. The AAT must now undertake a series of administrative steps before making a distribution of proceeds to its beneficiaries: *first*, the AAT must file a motion with the Court seeking approval of its plan of distribution; *second*, following approval of the distribution motion, the AAT must provide notice of the distribution to its beneficiaries; *third*, the AAT must provide a 60-day period to allow the beneficiaries to return necessary tax and address information to the trust administrator before the distribution checks can be mailed. Finally, after the initial distribution is made and all AAT expenses are paid, the AAT will make an additional, final distribution if sufficient funds remain to warrant or require such a distribution.

      The AAT is working diligently to make all distributions promptly and to wind down the Trust. The Trust Administrator expects the majority of the distributable proceeds will be distributed by the end of this year and that the Trust will wind down by the end of 2020. However, for the simple reason that it wants to avoid the additional expense of filing another extension motion were there to be an unforeseen delay, the Trust has requested an extension until December 15, 2021.

The Honorable Martin Glenn
July 8, 2019
Page 2

      For all the reasons stated in the AAT's motion papers, we respectfully request that, upon notice by the Trust Administrator to the Court that the Internal Revenue Service has issued the required private letter ruling, the Court grant the motion to extend the life of the AAT through and including December 15, 2021.

                                            Respectfully,

                                            /s/ Eric B. Fisher
                                            Eric B. Fisher

cc:  All counsel of record (via ECF)