# Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

                                                                  Debtors.

Chapter 11

Case No. 09-50026 (MG)
(Jointly Administered)

------------------------------------------------------------------------x
MOTORS LIQUIDATION COMPANY AVOIDANCE
ACTION TRUST, by and through the Wilmington Trust
Company, solely in its capacity as Trust Administrator and
Trustee,

                                                                  Plaintiff,

against

JPMORGAN CHASE BANK, N.A., *et al.*,

                                                                 Defendants.

Adversary Proceeding

Case No. 09-00504 (MG)

------------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105 AND 1142
OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 3020 APPROVING THE DISTRIBUTION PLAN TO THE
<u>AVOIDANCE ACTION TRUST'S BENEFICIARIES</u>**

Upon the motion (the "**Motion**"), dated July 8, 2019, of Wilmington Trust Company, in its capacity as trust administrator and trustee (in such capacity, the "**Trust Administrator**") of the Motors Liquidation Company Avoidance Action Trust (the "**AAT**"), as established under the Debtors' Second Amended Joint Chapter 11 Plan in the above-captioned bankruptcy proceeding, seeking entry of an order pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code and Rule 3020(d) of the Federal Rules of Bankruptcy Procedure, (i) approving the AAT's plan for distributing proceeds to its beneficiaries, (ii) approving the procedures for identifying holders of Allowed General Unsecured Claims (as defined below) and the notice to be provided to

them, (iii) authorizing the AAT to take all other actions necessary or appropriate to effectuate the distribution to its beneficiaries, and (iv) granting such other and further relief as the Court deems necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1409; and the Court having reviewed the AAT's distribution plan and proposed form of notice; and this Court having determined that the relief requested in the Motion is in the best interests of the AAT's beneficiaries; and it further appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefor:

**IT IS HEREBY:**

ORDERED, that the relief requested in the Motion is granted to the extent provided herein; and it is further

ORDERED, that the AAT's distribution plan and form of notice as set forth in the Motion is approved in full; and it is further

ORDERED, that the AAT is authorized to take all other actions necessary or appropriate to effectuate the distribution to its beneficiaries; and it is further

ORDERED, that this Order is without prejudice to the right of the Trust Administrator to seek further approval from the Court for any issue relating to the distribution of the proceeds of the Term Loan Avoidance Action at the discretion of the Trust Administrator and in accordance with the AAT Agreement; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated: _____, 2019
       New York, New York

                                                MARTIN GLENN
                                                United States Bankruptcy Judge