KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Arthur Steinberg, Esq.
Scott Davidson, Esq.

*Counsel to General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
MOTORS LIQUIDATION COMPANY, *et al.*, : Case No.: 09-50026 (MG)
    f/k/a General Motors Corp., *et al*. :
: (Jointly Administered)
Debtors. :
:
---------------------------------------------------------------x

**RESPONSE BY GENERAL MOTORS LLC TO
THE PLEADING FILED BY ROBERT CARDEW [ECF NO. 14534]**

General Motors LLC ("**New GM**"), by its undersigned counsel, hereby submits this response ("**Response**") to (i) the pleading ("**Cardew Pleading**") filed by Robert Cardew ("**Mr. Cardew**") with this Court on June 13, 2019 [ECF No. 14534],[1] and (ii) the Court's *Order Directing Response From General Motors LLC to Filing by Robert Cardew (ECF Doc. # 14534)*, dated June 20, 2019 [ECF No. 14538] ("**Scheduling Order**").

1. The Court's Scheduling Order directed that New GM "specifically address whether Cardew may proceed with his litigation claims against New GM arising from the facts alleged in Cardew's filing, and, if not, why not."

---

[1] It is unclear from a review of the Cardew Pleading what specific relief is sought. This Response will address the pertinent questions raised in the Cardew Pleading, and the issues raised in the Scheduling Order.

2. As New GM previously explained to Mr. Cardew, New GM did assume, pursuant to a sale agreement approved by the Bankruptcy Court in July 2009 ("**Sale Agreement**"), compensatory damages for Product Liabilities (defined in the Sale Agreement) arising from accidents occurring after the Sale (as herein defined) that involve Old GM motor vehicles. Therefore, Mr. Cardew can proceed with claims for compensatory damages against New GM arising from his alleged post-Sale accident involving a 2008 Chevrolet Express Van. However, New GM also previously explained to Mr. Cardew that based on the terms of the Sale Agreement and this Court's prior rulings, he cannot pursue claims for punitive damages against New GM based on Old GM conduct.

3. New GM previously directed Mr. Cardew to New GM's third-party claims administrator so that he can file an informal claim against New GM. Mr. Cardew has done so, and that claim process is underway. Mr. Cardew already has been provided with the information he needs to proceed with his claims against New GM.

### RELEVANT BACKGROUND

4. Mr. Cardew has asserted that he was involved in an accident on May 1, 2017 involving a 2008 Chevrolet Express Van. He thereafter commenced a lawsuit ("**Cardew Lawsuit**") against "Motors Liquidation Company, f/k/a General Motors Corporation" ("**Old GM**") in the Supreme Court for the State of New York, County of Wyoming ("**State Court**") and allegedly served Old GM with his complaint ("**Cardew Complaint**"). *See* Cardew Pleading, at ¶¶ 3-6. New GM was not a named defendant or otherwise a party in the Cardew Lawsuit.

5. Mr. Cardew further asserts that Old GM defaulted in answering the Cardew Complaint, a default judgment was granted, and an inquest was scheduled by the State Court.

*See* Cardew Pleading, at ¶ 8. However, prior to the inquest taking place, the State Court entered a Decision and Order, dated March 1, 2019 ("**State Court Order**"), wherein it noted that Old GM is the debtor in a pending bankruptcy case, Mr. Cardew's claims are subject to the automatic stay, and the default judgment previously granted was void *ab initio*. *See* Cardew Pleading, Exh. D. The State Court postponed the inquest indefinitely and stayed the Cardew Lawsuit until "further order of the Court." *Id.*

6. Upon receipt of the State Court Order, Mr. Cardew wrote this Court a letter, dated March 25, 2019 [ECF No. 14478] ("**Cardew March 25 Letter**"), wherein he asked several questions regarding the Old GM bankruptcy case, the applicability of the automatic stay and what procedures to follow. At the direction of the Court, on April 16, 2019, counsel for New GM responded by letter ("**New GM April 16 Letter**") to the Cardew March 25 Letter, informing Mr. Cardew that (i) King & Splading LLP ("**K&S**") represents New GM, which was the entity that purchased assets and assumed certain liabilities from Old GM in a sale ("**Sale**") approved by the Bankruptcy Court in July 2009, (ii) Old GM—the entity named as the defendant in the Cardew Lawsuit—dissolved in December 2011, whereupon its assets and liabilities were transferred to the Motors Liquidation Company General Unsecured Creditors Trust ("**GUC Trust**"), and (iii) Drinker Biddle and Reath LLP represents the GUC Trust (who was copied on the New GM April 16 Letter"); contact information for counsel for the GUC Trust was also provided. *See* Cardew Pleading, at Exh. F.

7. On April 19, 2019, counsel for New GM received a letter directly from Mr. Cardew dated April 15, 2019 ("**Cardew April 15 Letter**"),[2] wherein he asked again certain of the same questions raised in the Cardew March 25 Letter (*e.g.*, whether the automatic stay with

---

[2] A copy of the Cardew April 15 Letter is attached hereto as **Exhibit "A."**

respect to the Old GM bankruptcy case was in effect and certain procedural questions). By letter dated April 22, 2019 ("**New GM April 22 Letter**"), counsel for New GM responded to the Cardew April 15 Letter, informing Mr. Cardew that (i) K&S represents New GM and does not represented Old GM (the entity he sued), (ii) Old GM dissolved in December 2011, and again provided contact information for counsel for the GUC Trust, (iii) K&S does not represent Mr. Cardew and cannot give him legal advice,[3] and (iv) New GM did assume compensatory damages (but not punitive damages) for Product Liabilities arising from accidents that occurred after the closing of the Sale that involved Old GM motor vehicles. *See* Cardew Pleading, at Exh. G. Also, in the New GM April 22 Letter, counsel for New GM directed Mr. Cardew to counsel for the GUC Trust with respect to his questions regarding the Old GM bankruptcy case and the automatic stay. *Id.*

8.      Counsel for New GM received another letter from Mr. Cardew on May 6, 2019 (dated April 29, 2019) ("**Cardew April 29 Letter**").[4] In the Cardew April 29 Letter, Mr. Cardew raised certain issues regarding Old GM's dissolution. In addition, Mr. Cardew again asked questions regarding the automatic stay, and if he could "file a claim with the company instead of a lawsuit because of the bankruptcy." By letter dated May 9, 2019 ("**New GM May 9 Letter**"),[5] counsel for New GM responded to the Cardew April 29 Letter, providing him with the certificate of dissolution for Old GM ("**Old GM Dissolution Certificate**"). With respect to the questions regarding the automatic stay, New GM again directed Mr. Cardew to counsel for the GUC Trust. Counsel for New GM also informed Mr. Cardew that if he wanted to pursue an

---

[3] In response to the Cardew March 25 Letter, this Court similarly informed Mr. Cardew that it could not provide legal advice and respond to his questions. *See* Cardew Pleading, Exh. E.

[4] A copy of the Cardew April 29 Letter is attached hereto as **Exhibit "B."**

[5] A copy of the New GM May 9 Letter is attached hereto as **Exhibit "C."**

informal claim against New GM, he could contact New GM's third-party claims administrator, ESIS/GM Claims Unit ("**ESIS**"); contact information for ESIS was provided.[6]

9. Mr. Cardew thereafter sent ESIS a letter, dated May 17, 2019 ("**Cardew May 17 Letter**")[7] asking for the "proper paperwork" to file a claim. By letter dated May 30, 2019 ("**ESIS May 30 Letter**"),[8] ESIS acknowledged receipt of Mr. Cardew's claim, stated that it was undertaking an investigation of his claim, and requested various documents and information. By letter dated June 10, 2019 ("**Cardew June 10 Letter**"),[9] Mr. Cardew submitted to ESIS a "Statement of Claim Against General Motors LLC."

## RESPONSE TO CARDEW PLEADING

10. The questions raised in the Cardew Pleading have been previously answered by New GM in the letters attached to the Cardew Pleading and to this Response.

11. New GM has consistently informed Mr. Cardew that New GM did agree to assume compensatory damages (but ***not*** punitive damages[10]) for Product Liabilities arising from accidents occurring after the Sale that involve Old GM motor vehicles. New GM also directed Mr. Cardew to its third party claims administrator, ESIS, so that he could file a claim against New GM. Mr. Cardew has done so. ESIS has acknowledged the filing of Mr. Cardew's claim, and that claim is presently being investigated.

---

[6] In both the New GM May 9 Letter and the New GM April 22 Letter, New GM informed Mr. Cardew that, while it agreed to assume compensatory damages for Product Liabilities, it did not (as this Court has previously found) assume punitive damages related to such claims. In addition, New GM expressly stated in both letters that while it agreed to assume Product Liabilities, that does not mean it is liable on such claims and expressly reserved its rights to contest such claims.

[7] A copy of the Cardew May 17 Letter is attached hereto as **Exhibit "D."**

[8] A copy of the ESIS May 30 Letter is attached hereto as **Exhibit "E."**

[9] A copy of the Cardew June 10 Letter is attached hereto as **Exhibit "F."** The Cardew June 10 Letter is not attached to the Cardew Pleading.

[10] *See, e.g., In re Motors Liquidation Co.*, 571 B.R. 565, 580 (Bankr. S.D.N.Y. 2017) ("Post-Closing Accident Plaintiffs may not assert claims against New GM for punitive damages based on conduct of Old GM."); *In re Motors Liquidation Co.*, 576 B.R. 313, 323-24 (Bankr. S.D.N.Y. 2017) (same).

12. At this point, there is nothing further for this Court to do in this matter.

Dated: New York, New York
July 11, 2019

KING & SPALDING LLP

By: /s/ Arthur Steinberg
Arthur Steinberg
Scott Davidson
1185 Avenue of the Americas
New York, NY  10036
(212) 556-2100

*Counsel to General Motors LLC*