McDermott, Will & Emery
340 Madison Ave.
New York, New York 10173-1922
Telephone: (212) 547-5429
Facsimile: (212) 547-5444
E-mail: kgoing@mwe.com
Kristin K. Going

HEARING DATE AND TIME: August 12, 2019
@ 10:00 A.M. (ET)
OBJECTION DEADLINE: August 5, 2019
@ 4:00 P.M. (ET)

*Attorney for the Motors Liquidation Company
GUC Trust Administrator*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
In re                                                            :
:                       Chapter 11 Case No.
:
**MOTORS LIQUIDATION COMPANY,** *et al.*,   :       09-50026 (MG)
f/k/a General Motors Corp., *et al.*                   :
:                       (Jointly Administered)
:
**Debtors.**                                              :
-----------------------------------------------------------------x

**MOTION OF WILMINGTON TRUST COMPANY, AS GUC TRUST
ADMINISTRATOR, FOR AN ORDER AUTHORIZING EXPEDITED
DISTRIBUTION TO HOLDERS OF 502(h) CLAIMS RESULTING FROM THE AAT
SETTLEMENT AGREEMENT PURSUANT TO SECTIONS 5.3 AND 5.8 OF
THE GUC TRUST AGREEMENT**

**TO:   THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

Wilmington Trust Company, not in its individual capacity and solely in its capacity as trust administrator and trustee (the "GUC Trust Administrator") of the Motors Liquidation Company GUC Trust (the "GUC Trust"), as established under the Debtors' Second Amended Joint Chapter 11 Plan dated as of March 18, 2011 [ECF No. 9836] (as confirmed, the "Plan") of the above-captioned post-effective date debtors (the "Debtors"), submits this motion (the "Motion") seeking entry of an Order, in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Sections 5.3 and 5.8 of the Second Amended and Restated Motors Liquidation Company GUC Trust Agreement dated as of July 30, 2015 (together with prior iterations of such agreement, as applicable, the "GUC Trust Agreement") authorizing expedited distribution of Bankruptcy Code Section 502(h) claims resulting from the AAT Settlement pursuant to Sections 5.3 and 5.8 of the GUC Trust Agreement. In support of the foregoing, the GUC Trust Administrator respectfully represents as follows:[1]

## PRELIMINARY STATEMENT

1. The Plan and GUC Trust Agreement each contemplate that general unsecured claims may arise in favor of defendants to the Term Loan Avoidance Action pursuant to section 502(h) of the Bankruptcy Code ("502(h) Claims"). Earlier this year, the parties to the Term Loan Avoidance Action reached a global settlement, which settlement has already been approved by this Court. By operation of the AAT Settlement Agreement and Approval Order, the aggregate 502(h) Claims have already been allowed in its entirety.

2. This Motion is simply about the timing of those already allowed claims, whereby the GUC Trust Administrator requests authorization for the GUC Trust to make an expedited distribution to holders of the 502(h) Claims allowed by the Approval Order (the "502(h) Distribution") other than on the quarterly schedule contemplated by Section 5.3 of the GUC Trust Agreement. Section 5.8 of the GUC Trust Agreement expressly permits such modification of the otherwise quarterly distribution.

## JURISDICTION

3. The Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and 1334(b), paragraph II of the order

---

[1] Capitalized terms not defined in the Preliminary Statement shall have the meaning ascribed to them the first time they appear in the remainder of this Motion. Capitalized terms not otherwise defined in the Motion shall have the meanings ascribed to them in the Plan or the GUC Trust Agreement, as applicable. Any description herein of the terms of the Plan or the GUC Trust Agreement is qualified in its entirety by the terms of the Plan or the GUC Trust Agreement, as applicable.

2

of the Court dated as of March 29, 2011 confirming the Plan [ECF No. 9941] (the "Confirmation Order"), Article XI of the Plan, and Sections 5.3 and 5.8 of the GUC Trust Agreement. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

**I.    The Motors Liquidation Company GUC Trust and Distribution According to the GUC Trust Agreement**

4. The GUC Trust was established pursuant to Article VI of the Plan. The primary purposes of the GUC Trust are to resolve disputed general unsecured claims, distribute trust assets to GUC Trust Beneficiaries, and to wind down the estates of the dissolved Debtors.

5. Pursuant to the GUC Trust Agreement, holders of disputed general unsecured claims become entitled to receive distributions of cash from the GUC Trust if, and to the extent that, such disputed general unsecured claims are resolved and become allowed claims. Specifically, Section 5.3 of the GUC Trust Agreement provides:

> As promptly as practicable following the beginning of each calendar quarter . . . the GUC Trust Administrator, with the approval of the GUC Trust Monitor, shall deliver to each holder, if any, of a Disputed General Unsecured Claim[2] or other Claim that has become a Resolved Allowed General Unsecured Claim[3] during the prior calendar quarter . . . a distribution consisting of:
>
> (i) the pro rata amount of GUC Trust Distributable Assets that the holder of such Resolved Allowed General Unsecured Claim would have received had such Resolved Allowed General Unsecured Claim Been an Initial Allowed General Unsecured Claim, including the aggregate amount of Excess GUC Trust Distributable Assets that the holder would have received had it been the holder of Units . . . on each Excess Distribution Record Date . . . .; and

---

[2] "Disputed General Unsecured Claim" is defined by the GUC Trust Agreement as unsecured claims against the Debtors that are Disputed as of the Initial Distribution Record Date in accordance with the claims resolution procedures administered under the Plan.

[3] "Resolved Allowed General Unsecured Claim" is defined by the GUC Trust Agreement as Claims (a) to the extent and in the amount collected by the Avoidance Action Trust against the respective defendants in the Term Loan Avoidance Action, and (b) Other Avoidance Action Claims, to the extent and in the amount collected against the respective defendants in the underlying litigation.

3

>> (ii) a number of Units as provided [elsewhere in the GUC Trust Agreement].

GUC Trust Agreement § 5.3(a).

6. Thus, Section 5.3 of the GUC Trust Agreement expressly contemplates that the defendants to the Term Loan Avoidance Action that have made a payment to the Avoidance Action Trust on account of a settlement will be holders of a Resolved Allowed General Unsecured Claim and receive an Allowed General Unsecured Claim against the Debtors' estates (and thus the GUC Trust) consistent with section 502(h) of the Bankruptcy Code in the amount of the settlement amount attributable to each defendant. GUC Trust Agreement § 5.3(a).

7. Here, the defendants to the Term Loan Avoidance Action made their payment to the Avoidance Action Trust on July 1, 2019. Pursuant to the Avoidance Action Trust settlement agreement, the 502(h) claim arose at the time the payment was made, thus the Resolved Allowed General Unsecured Claim of the Term Loan Avoidance Action defendants became allowed on July 1, 2019, the first day of the third calendar quarter.

8. Thus, Section 5.3 of the GUC Trust Agreement would require the Term Loan Avoidance Action defendants Resolved Allowed General Unsecured Claim to be paid as promptly as practical following the beginning of the next, or fourth calendar quarter. This is an unnecessary delay given that the 502(h) Claims can be paid now, rather than waiting till October.

9. Section 5.8 of the GUC Trust Agreement offers the GUC Trust Administrator flexibility to make distributions not otherwise in compliance with the provisions discussed above. Specifically, if the GUC Trust Administrator determines in good faith that it is necessary or desirable in order to carry out the intent and purposes of the Plan, Confirmation Order, Liquidation Order and the GUC Trust Agreement to make any distribution in a manner not in technical compliance with the distribution framework established elsewhere in the GUC

4

Trust Agreement, it may make such a distribution, but only with the approval of the GUC Trust Monitor and the Bankruptcy Court. GUC Trust Agreement § 5.8. In addition, any such distribution must not result in any holder of an Allowed General Unsecured Claim receiving more than it would otherwise be entitled to; specifically, section 5.8 of the GUC Trust Agreement prohibits any distribution to any holder greater than the holder would have otherwise received had such claim been an Initial Allowed General Unsecured Claim.  Id.

**II.    The Term Loan Avoidance Action Settlement**

10.    On July 31, 2009, the Official Committee of Unsecured Creditors of Motors Liquidation Company commenced an adversary proceeding against JPMorgan Chase Bank, N.A., individually and as Administrative Agent, and various lenders party to a term loan agreement, dated as of November 29, 2006, between General Motors Corporation, as borrower, JPMorgan Chase Bank, N.A., as agent, and various institutions as lenders (the "Term Loan"), styled *Official Committee of Unsecured Creditors of Motors Liquidation Co. v. JPMorgan Chase Bank, N.A. et al., Adv. Pro. No. 09-00504* (Bankr. S.D.N.Y. July 31, 2009) (the "Term Loan Avoidance Action").

11.    The Term Loan Avoidance Action seeks the return of approximately $1.5 billion that had been transferred by the Debtors to the lender-defendants in satisfaction of the Term Loan, on a theory that such lenders' security interests in the Debtors' property (the "Term Loan Collateral") were not properly perfected, and thus such lenders were unsecured creditors of the Debtors as of the bankruptcy filing. The Motors Liquidation Company Avoidance Action Trust (the "Avoidance Action Trust") is the successor-plaintiff to the Term Loan Avoidance Action.

12.    On or about January 31, 2019, the parties to the Term Loan Avoidance Action reached an agreement in principle on the terms of a settlement (the "AAT Settlement") that was ultimately the subject of a motion before this Court [ECF No. 14505].

5

13. The AAT Settlement involved a global resolution of all claims, asserted or that could be asserted, against all parties. At its core, the AAT Settlement required payment of $231 million (the "AAT Settlement Amount") to the AAT to resolve its claims. Among other terms, the AAT Settlement also provided for the allowance of Resolved General Unsecured Claims against the GUC Trust pursuant to section 502(h) of the Bankruptcy Code in the aggregate amount of $231 million in favor of the Term Lender Parties upon payment of the AAT Settlement Amount to the AAT. Specifically, the agreement memorializing the AAT Settlement (the "AAT Settlement Agreement") provided: "[a]utomatically at the Effective Time,[4] there shall be allowed against the GUC Trust, in favor of the Term Lender Parties, Resolved Allowed General Unsecured Claims (as defined in the GUC Trust Agreement) in the aggregate amount of $231,000,000 (two hundred and thirty-one million dollars) . . . ." AAT Settlement Agreement § 4(c)(ii).

14. On June 13, 2019, the Bankruptcy Court entered the *Order Pursuant to Sections 105 and 1142 of the Bankruptcy Code and Bankruptcy Rule 9019 Approving the Settlement Agreement and Related Relief* [ECF No.14530] (the "Approval Order"). The Approval Order approved the AAT Settlement and expressly provided that "[t]he claims arising in favor of the Term Lenders as a result of the AAT Settlement Payment are allowed claims against the GUC Trust and the AAT pursuant to Bankruptcy Code section 502(h)." Approval Order § 11. Accordingly, upon payment of the Settlement Amount by Term Lenders, there arose 502(h) claims in favor of the Term Lenders against the GUC Trust.

15. As of July 1, 2019, the GUC Trust continues to hold approximately $443,100,000 in reserve in respect of the potential unsecured claims of the defendants in the Term Loan Avoidance Action.

---

[4] The "Effective Time" is the "time and date on which the wire transfer(s) contemplated by Section 2(a) are completed and the AAT has received confirmation of such wire transfer(s)."

16. On July 1, 2019, the Term Lenders paid the Settlement Amount to the AAT. Thus, the Effective Time of the Settlement occurred on the first business day of the third quarter.

## RELIEF REQUESTED

17. By this Motion, the GUC Trust Administrator requests entry of an order authorizing the GUC Trust Administrator to make an expedited 502(h) Distribution rather than quarterly as contemplated by the GUC Trust Agreement and at such time that the GUC Trust deems appropriate.

## BASIS FOR RELIEF

18. The relief requested is consistent with the terms of the Plan, the Confirmation Order and the GUC Trust Agreement. The GUC Trust Administrator has the power and authority to perform such "functions as are provided in the Plan and the Trust Agreement," including to modify timing of distributions made to holders of Allowed General Unsecured Claims. Confirmation Order ¶¶ 15, 31, 35; GUC Trust Agreement §§ 5.3, 5.8.

19. The GUC Trust Administrator has sought and obtained the approval of the GUC Trust Monitor.

20. The relief requested herein is also supported by governing bankruptcy law. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 1142(b) further provides the Court with authority to direct any necessary party "to perform any [act] . . . that is necessary for the consummation of the plan." 11 U.S.C. §1142(b). Thus, the Bankruptcy Code itself permits the GUC Trust Administrator's request to modify the timing of the 502(h) Distribution on a schedule other than as contemplated by Section 5.3 of the GUC Trust Agreement.

21. Finally, the relief requested has no impact on existing GUC Trust beneficiaries. The Court has already allowed the 502(h) Claim and the Motion seeks only to alter the timing of the 502(h) Distribution.

**I.    The GUC Trust Should Be Permitted to Make the 502(h) Distribution Pursuant to Section 5.8 of the GUC Trust Agreement**

22. By operation of the AAT Settlement, the Approval Order and the Bankruptcy Code[5], the 502(h) Claims are allowed as of July 1, 2019, the Effective Time thereof. The Motion concerns only timing of the 502(h) Distribution.

23. As set forth herein, the AAT Settlement Amount was paid on July 1, 2019. Were distribution of the 502(h) Claim to be made in strict compliance with Section 5.3(a) of the GUC Trust Agreement, the 502(h) Distribution would not occur until after the start of the fourth quarter, at the earliest. However, the GUC Trust will be prepared to make such distribution earlier than that, and through the Motion, seeks the authority to do so.

24. The GUC Trust Administrator has previously requested, and been granted authority to make a distribution outside the procedures set forth in the GUC Trust Agreement. In what is colloquially known as the Nova Scotia settlement[6] this Court approved the GUC Trust making the payment on account of the newly allowed claim within five (5) business days following the effective date.

25. Further, the relief requested herein does not result in any holder of an Allowed General Unsecured Claim receiving a distribution in excess of the distribution that such holder would have received had such claim been an Initial Allowed General Unsecured Claim, nor does it unfairly discriminate among the holders of the Units.

---

[5] Section 502(h) of the Bankruptcy Code contemplates that any recovery by an avoidance action plaintiff (debtor, trustee, etc.) results in the right to file a claim for every avoidance dollar returned to the estate. 11 U.S.C. § 502(h).
[6] The Nova Scotia Settlement is embodied in the Settlement Agreement of Wind-Up Claim and Guarantee Claim and Disputes Related Thereto, entered into September 26, 2013, by and between the GUC Trust, GUC Trust Monitor, Trustee for General Motors Nova Scotia Finance Corporation, General Motors LLC, GM Canada and certain Noteholders [ECF No. 12512]. The Order approving the Nova Scotia Settlement is ECF No. 12531.

26. Finally, as required by Section 5.8 of the GUC Trust Agreement, the GUC Trust Administrator has consulted with the GUC Trust Monitor with respect to making the 502(h) Distributions as described herein, GUC Trust Agreement § 6.1, and the GUC Trust Monitor supports such relief.

27. The GUC Trust Administrator has determined that, given the timing of payment of the AAT Settlement Amount – on the first day of the third quarter – and the interest in resolving remaining issues as expeditiously as possible, it is necessary and appropriate to seek to expedite the payment of the 502(h) Claims.

28. Accordingly, the Court should find that modification of the schedule for distributions contemplated by Section 5.3 of the GUC Trust Agreement for the 502(h) Distribution is an appropriate exercise of the GUC Trust Administrator's authority and approve the actions to be taken pursuant therewith.

## NOTICE

29. The GUC Trust Administrator has served notice of this Motion on (a) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, New York 10014, (b) the parties in interest in accordance with the *Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 1015(c) and 9007 Establishing Notice and Case Management Procedures*, dated May 5, 2011 [ECF No. 10183], and (c) any other required notice parties under Section 6.1(b)(iv) of the GUC Trust Agreement. The GUC Trust Administrator respectfully submits that no other or further notice need be provided.

## **CONCLUSION**

WHEREFORE, the GUC Trust Administrator respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the GUC Trust to expedite the timing of the 502(h) Distribution pursuant to section 5.8 of the GUC Trust Agreement, and (ii) granting such other and further relief as may be deemed just and proper.

Dated:  New York, New York
        July 23, 2019

>                                       McDermott Will & Emory
>                                       By:    /s/  *Kristin K. Going*
>                                              Kristin K. Going
>                                              340 Madison Ave.
>                                              New York, NY 10173-1922
>                                              Tel: (212) 547-5429
>                                              E-mail: kgoing@mwe.com
>
>                                              *Attorneys for the Motors Liquidation*
>                                              *Company GUC Trust Administrator*