July 17, 2019

United States Bankruptcy Court
Southern District of New York
United States Customs House
One Bowling Green, 6th Floor
New York, New York 10004-1408

Re:   In re Motors Liquidation Company
      SDNY Case No. 09-50026(MG)

Dear Sir/Madam:

    Annexed herewith for filing and forwarding to the Your Honor is my Reply in the above-referenced proceeding and an Affirmation of Service showing service upon Debtor's Counsel.

Sincerely,

*(signature)*
Robert Cardew
82-C-0739
Five Points Correctional Facility
6600 State Route 96, P.O. Box 119
Romulus, New York 14541-0119



TO:   Mr. Scott Davidson
      Attorney at Law
      King & Spaulding LLP
      1185 Avenue of the Amwericas
      New York, New York 10036

AFFIRMATION OF SERVICE

STATE OF NEW YORK)
                 )ss.:   In re Motors Liquidation Company
COUNTY OF SENECA )       SDNY Case No. 09-50026(MG)

Robert Cardew, affirms that on the 17th day of July, 2019, I served a true copy of my Reply in the above-referenced proceeding upon Mr. Scott Davidson, Attorney at Law, King & Spaulding LLP, 1185 Avenue of the Americas, New York, New York 10036, by placing same in a properly addressed postpaid wrapper and depositing same in a mailbox for inmate mail at Five Points Correctional Facility, Romulus, New York.

I affirm under the penalty of perjury pursuant to 28 USC § 1746, that the foregoing is true and correct.

Dated: July 17, 2019
       Romulus, N.Y.


_____
Robert Cardew
82-C-0739
Five Points Correctional Facility
6600 State Route 96, P.O. Box 119
Romulus, New York 14541-0119

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YOR

In re:                                        CHAPTER 11

MOTORS LIQUIDATION COMPANY, et al.,           Case No. 09-50026(MG)
f/k/a General Motors Corp., et al.,           (ECF No. 14534)

                              Debtors.        (Jointly Administered)

    Robert Cardew, hereby submits this Reply to the Answer of General Motors LLC (New GM) as to this Court's Scheduling Order (ECF No. 14538).

    1. I received New GM's Answer, dated July 11, 2019, on July 15, 2019, does not address the issues I bring up in my Motion and instead, just parroted back information previously provided to me that did not address my concerns, i.e., (1) Does the automatic stay stil apply in this bankruptcy proceeding and precluding me from filing a new lawsuit against New GM and litigating my current lawsuit against Motors Liquidation Company (MLC)? (2) How is the statute of limitations affected if the automatice stay is still in effect? (3) When will the automatice stay be lifted if it is still in effect? (4) How is it that New GM is still registered as MLC with the New York State Department of State (NYSDOS) as the current company name for the old General Motors Corporation (Old GM) when it was desolved in 2011? (5) Is New GM committing fraud because it is listed with the NYSDOS as MLC so that individuals like myself file lawsuits against New GM incorrectly because the lawsuit is filed against MLC instead of New GM like I intended to file suit against in the first place? and (6) Who is the regis-

tered agent for New GM who accepts service of process since the NYSDOS still says that the Old GM is still named MLC, not General Motors LLC?

2. I did file a claim with New GM (see New Gm's Exhibit "F"). I also submitted numerous medical documents to prove my injuries and that the incident took place with my claim and New GM did not provide them with the exhibit to this court.

3. However, filing the claim with New GM does not toll the statute of limitations ror me to file a lawsuit in court and waiting for a decision from my claim against New GM could preclude me from filing a lawsuit in court if a decision to my claim is made after the statute of limitations runs out.

4. New York State Business Corporation Law (BCL) § 305 concerns filing of registered agents and resignation of registered agents. BCL § 801(b)(1) concerns changing of corporate name and § 801(b)(4) concerns changing of address of registered agent.

5. The NYSDOS states that Old GM is currently named MLC, not General Motors LLC (See Exhibit "B" to my Motion). Therefore, New GM is intentionally committing fraud and using deceptive tactics to preclude me and others from filing lawsuits for personal injury that they received in Old GM's manufactured vehicles.

6. <u>Stillwell Cafe, Inc. v 1680 Eastchester Realty Corp.</u>, 145 AD3d 645, 645 (1st Dept. 2016) held that "there is no explanation as to what prevented defendant from updating its entity information with the Secretary of State did not demonstrate a reasonable excuse for its default"; see <u>Cedeno v Wimbleton Building Corp.</u>,

207 AD2d 297, 298 (1st Dept. 1994)(It is a corporation's obligation to keep on file with the Secretary of State the current address of an agent to receive service of process and failure to meet that obligation will not constitute reasonable excuse to vacate a default judgment); <u>Mtr. of CIT Group/Commercial Services, Inc. v 160-06 Jamaica Ave. L.P.</u>, 25 AD3d 301, 302 (1st Dept. 2006)(Partnership's subsequent application to vacate its default was denied on the ground that its failure to keep a current address on file with the Secretary of State was not a reasonable excuse); <u>B & L Auto Group, Inc. v Zelig</u>, 188 Misc.2d 851, 857 FN4 (Bronx County 2001)(A corporation cannot, except as authorized by law, change its own name either directly or by the user. A corporation may change its name by amendment to the certificate of incorporation, which is effected by executing and filing with the Department of State a certificate of amendment setting forth the change of name); see also <u>Dept. of Justice, FBI v Calspan Corp.</u>, 578 F2d 295 (U.S. Customs and Patent Appeals 1978); <u>Williams Grain Co. v Leval & Co.</u>, 277 F2d 13 (1960).

7. My intent when filing my lawsuit in Wyoming County Supreme Court was to file a lawsuit against the successor corporation to Old GM, which NYSDOS told me in 2017 and again in 2018 was MLC, not New GM and therefore, since New GM failed to change its name with the NYSDOS, my lawsuit should be considered against New GM, which is now in default, and this Court should allow my lawsuit to continue against New GM and MLC both as one company since New GM committed fraud by failing to notify NYSDOS of its name change as

well as the current name and address of New GM's registered agent.

8. I am requesting that this Court make a determination that my lawsuit in Wyoming County Supreme Court is against Old GM as well as all of the successor name changes it went through and not just against MLC, but against New GM as well.

9. I am also requesting that this Court notify me in an order approriate for me to provide to the Wyoming County Supreme Court concerning when the automatic stay was rescinded, or if it has not been rescinded, when will it be rescinded, how it applies to the statute of limitations and/or if it even applies to my litigation in Wyoming County Supreme Court, so that I can continue with my default judgment against MLC and/or New GM or both since under New York State law, the failure of New GM to notify the NYS-DOS of its name change and change of resident agent precludes MLC and New GM from obtaining relief from a default judgment against them in my court proceeding in Wyoming County Supreme Court.

10. I am also requesting that this Court answer all of my other questions and that a telephone conference between the Court, myself and counsel for New GM, be held to address the concerns in my motion so maybe some sort of agreement can be made between us.

11. Because my incarceration and the deterioration and seriousness of my health precludes me from obtaining counsel to represent me in a lawsuit against MLC and/or New GM, I must continue to represent myself and if I have to do so, I will file a new separate lawsuit against New GM because of misinformation and/or fraud by New GM that caused me to file a lawsuit naming MLC instead of

New GM since New GM did not change its entity information with the NYSDOS when my intent was to file suit against New GM.

12. No previous application for the relief requested herein has been made to this or any other Court.

I affirm under the penalty of perjury pursuant to 28 USC § 1746, that the foregoing is true and correct.

Dated: July 17, 2019
       Romulus, N.Y.


_____
Robert Cardew
82-C-0739
Five Points Correctional Facility
6600 State Route 96, P.O. Box 119
Romulus, New York 14541-0119


TO:  Mr. Scott Davidson
     Attorney at Law
     King & Spaulding LLP
     1185 Avenue of the Amwericas
     New York, New York 10036