**Hearing Date**: August 12, 2019 at 10:00 A.M. EST
**Response Deadline**: August 5, 2019 at 4:00 P.M. EST

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-100
Facsimile: (212) 872-1002
Daniel H. Golden
Mitchell P. Hurley
Naomi Moss

*Attorneys for the Participating Unitholders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MOTORS LIQUIDATION COMPANY, *et al.*, f/k/a General Motors Corp., *et al.*, | Case No. 09-50026 (MG) |
| Debtors. | (Jointly Administered) |

**THE PARTICIPATING UNITHOLDERS' JOINDER TO THE MOTION OF WILMINGTON TRUST COMPANY, AS GUC TRUST ADMINISTRATOR, FOR AN ORDER (A) AUTHORIZING THE EXPEDITED PAYMENT OF EXCESS GUC DISTRIBUTABLE ASSETS PURSUANT TO SECTION 5.4 OF THE GUC TRUST AGREEMENT, AND (B) APPROVING SUCH DISTRIBUTION AS AN APPROPRIATE EXERCISE OF THE GUC TRUST ADMINISTRATOR'S RIGHTS, POWERS AND/OR PRIVILEGES PURSUANT TO SECTION 8.1(E) OF THE GUC TRUST AGREEMENT**

Certain unaffiliated holders (the "**Participating Unitholders**") of more than 65 percent of the beneficial units of the Motors Liquidation Company GUC Trust (the "**GUC Trust**"), by and through their undersigned counsel, hereby submits this joinder (the "**Joinder**") to the *Motion of Wilmington Trust Company, as GUC Trust Administrator, for an Order (A) Authorizing the Expedited Payment of Excess GUC Distributable Assets Pursuant to Section 5.4 of the GUC Trust Agreement, and (B) Approving Such Distribution as an Appropriate Exercise of the GUC Trust Administrator's Rights, Powers and/or Privileges Pursuant to Section 8.1(e) of the GUC Trust*

*Agreement* [Docket No. 14565] (the "**Motion**").   In support of this Joinder, the Participating Unitholders respectfully state as follows:

## JOINDER[1]

1.      On March 31, 2011, over eight and a half years ago, the GUC Trust was established pursuant to General Motors Corporation's ("**Old GM**") liquidating Plan confirmed in Old GM's chapter 11 cases.  The GUC Trust was established for the benefit of Old GM's[2] unsecured creditors whose claims were pending as of the commencement of Old GM's chapter 11 cases and have remained pending for ***more than 10 years***.[3]  The Plan provides that the holders of Allowed General Unsecured Claims as of the Distribution Record Date (*i.e.*, Plan confirmation) receive distributions pursuant to the Plan "[a]s soon as reasonably practicable" after the Effective Date and thereafter on a quarterly basis to the extent assets are available for distribution.  Plan Art. 4.3 and 6.2(l).  The Plan went effective on March 31, 2011.  For reasons unforeseen at the time the Plan was confirmed, the pendency of the Term Loan Avoidance Action has delayed further distributions and has required the GUC Trust to remain open for an extended duration.[4]

2.      As the Court is well aware, a significant portion of the GUC Trust's remaining assets are now available for distribution following settlement by the parties to the Term Loan Avoidance Action of all claims and cross-claims after years of extensive litigation (the "**AAT**

---

[1] Capitalized terms used but otherwise not defined in this Joinder shall have the meanings ascribed to such terms in the *Debtors' Second Amended Joint Chapter 11 Plan*, dated as of March 18, 2011 [Docket No. 9836] (the "**Plan**").

[2] The GUC Trust Agreement states that the "sole purpose of the GUC Trust is to implement the Plan on behalf, and for the benefit, of the GUC Trust Beneficiaries, to serve as a mechanism for distributing the GUC Trust Distributable Assets . . . ." GUC Trust Agreement § 2.2.

[3] *See In re Motors Liquidation Co*., 529 B.R. 510, 523 (Bankr. S.D.N.Y. 2015), *aff'd in part, vacated in part, rev'd in part sub nom. Elliot v. GM LLC*, 829 F.3d 135 (2d Cir. 2016), *and aff'd in part, vacated in part*, 590 B.R. 39 (S.D.N.Y. 2018) (noting that unsecured creditors of Old GM for whose benefit the GUC Trust had been formed would be prejudiced if the GUC Trust's remaining assets were tapped to satisfy Plaintiffs' claims).

[4] The Plan provides that the duration of the GUC Trust be no longer than three years, unless authorized by the Court.  Plan Art. 6.2(o).  Notwithstanding the foregoing, the duration of the GUC Trust has been extended on five separate occasions and has been in existence for more than eight years, well in excess of the three years contemplated at the time of Plan confirmation.

**Settlement**").  On June 13, 2019, the Court entered an order approving the terms of the AAT Settlement (the "**AAT Order**"), including, among other things, payment of $231 million to the Avoidance Action Trust and allowance of a corresponding claim under Bankruptcy Code section 502(h) against the GUC Trust (the "**JPM 502(h) Claim**") in the amount of $231 million.  AAT Order ¶ 11.

3.      As of July 23, 2019, the date the Motion was filed, the only assets remaining in the GUC Trust were (i) cash necessary to fund the ongoing administrative costs of the GUC Trust and (ii) approximately $444 million held in reserve for any potential claims arising under Bankruptcy Code section 502(h) in connection with resolution of the Term Loan Avoidance Action (the "**JPM Reserve**").  As a result of the AAT Settlement and the attendant crystallization of the JPM 502(h) Claim, a significant portion of the JPM Reserve has been freed up for distribution to the Unitholders.

4.      Granting the relief requested by the Motion is consistent with the Plan and the GUC Trust Agreement and allows the GUC Trust Administrator to fulfill its mandate to administer the GUC Trust.  The GUC Trust Administrator's powers include, among others, the power to distribute the GUC Trust Distributable Assets to the GUC Trust Beneficiaries in accordance with the Plan, the Confirmation Order, the Liquidation Order and the GUC Trust Agreement.  GUC Trust Agreement ¶ G(iv).  Moreover, the GUC Trust Administrator is charged with distributing the GUC Trust Distributable Assets in an *expeditious manner* and is prohibited from prolonging the existence of the GUC Trust.  *Id.* § 2.5.

5.      The Participating Unitholders expressly reserve the right to respond to objections to the Motion and reserve all other rights, claims, remedies and defenses at law or in equity.

## **<u>CONCLUSION</u>**

For the reasons set forth above and in the Motion, the Participating Unitholders respectfully request that the Court approve the Motion, and grant such other and further relief as the Court deems just, proper and equitable.

Dated: July 30, 2019
      New York, New York

AKIN GUMP STRAUSS HAUER & FELD LLP

By:    */s/ Daniel H. Golden*
          Daniel H. Golden
          Mitchell P. Hurley
          Naomi Moss
          One Bryant Park
          New York, NY 10036
          (212) 872-1000 (Telephone)
          (212) 872-1002 (Facsimile)

          *Attorneys for the Participating Unitholders*