**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

                                  Debtors.

------------------------------------------------------------------------x

Chapter 11

Case No. 09-50026 (MG)
(Jointly Administered)

## ORDER DENYING ROBERT CARDEW ANY RELIEF

Robert Cardew
*Pro se*
82-C-0739
Five Points Correctional Facility
6600 State Route 96
P.O. Box 119
Romulus, NY 14541-0119
By:   Robert Carew

KING & SPALDING
*Counsel for General Motors LLC*
1185 Avenue of the Americas
New York, NY 10036
By:   Arthur Steinberg, Esq.
        Scott Davidson, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

      On June 13, 2019, Robert Cardew ("Cardew") filed a pleading in this case concerning his injuries, claim and litigation allegedly arising from an accident on May 1, 2017 involving a 2008 General Motors Corporation Chevrolet Express Van 3500. ("Cardew Pleading," ECF Doc. # 14534.) On June 20, 2019, the Court ordered counsel to General Motors LLC ("New GM") to file a response to the Cardew Pleading; and, it did so on July 11, 2019 ("New GM Response," ECF Doc. # 14557). On July 17, 2019, Cardew filed a response to the New GM Response. (ECF Doc. # 14568.) As explained in the New GM Response, "New GM did assume, pursuant

to a sales agreement approved by the Bankruptcy Court in July 2009 . . . compensatory damages for Product Liabilities (defines in the Sale Agreement) arising from accidents occurring after the Sale . . . that involve Old GM motor vehicles. Therefore, Mr. Cardew can proceed with claims for compensatory damages against New GM arising from his alleged post-sale accident . . . ." (*Id.* ¶ 2.) The New GM response further explained that New GM explained to Cardew in earlier correspondence that he can proceed with claims for compensatory damages against New GM and that Cardew was provided with the paperwork required to assert his claim against New GM through the third-party claims administrator. Cardew filed the claim and "that claim is presently being investigated." (*Id.* ¶ 11.)

Cardew is not entitled to any relief from this Court. Old GM's confirmed chapter 11 plan bars any claim Cardew may have had against Old GM (none, in any event, since the accident occurred post-Sale) and no relief is required with respect to Cardew's claim against New GM.

A copy of this order shall be mailed to Cardew by the Clerk of the Court at the address shown in Cardew's pleadings in this Court.

**IT IS SO ORDERED.**

Dated:    August 6, 2019
         New York, New York

                                    ___*Martin Glenn*___
                                       MARTIN GLENN
                                    United States Bankruptcy Judge