**WILK AUSLANDER LLP**
1515 Broadway, 43rd Floor
New York, New York 10036
Telephone: (212) 981-2300
Eric J. Snyder, Esq.
*Counsel for Kimberly and Tammy McCall*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------x
In re:                                     :
                                           :    Chapter 11
MOTORS LIQUIDATION COMPANY, *et al.*,      :
f/k/a General Motors Company, *et al.*     :    Case No. 09-50026(MG)
                                           :
                              Debtors.     :
                                           :    (Jointly Administered)
------------------------------------------x

## RECORD ON APPEAL AND STATEMENT OF ISSUES ON APPEAL

Kimberly and Tammy McCall file this statement designating the Record on Appeal and setting forth a Statement of Issues to be Presented on Appeal, pursuant to Bankruptcy Rule 8009:

### RECORD ON APPEAL

1. Motion by General Motors LLC to Enforce the Bankruptcy Court's July 5, 2009 Sale Order and Injunction and the Rulings in Connection Therewith, With Respect to Kimberly McCall and Tammy McCall ("Motion to Enforce") [ECF# 14477].

2. Objection of Kimberly and Tammy McCall to Motion to Enforce (the "Objection") [ECF# 14509].

3. Reply by General Motors LLC to Objection [ECF## 14515, 14517].

4. Opposition Brief of Kimberly and Tammy McCall [ECF# 14546].

5. Supplemental Reply to Motion to Enforce by General Motors LLC [ECF# 14547].

6. Transcript of Hearing of Motion to Enforce (Requested).

7. State of Alabama *Amicus Curiae* Brief in Support of Appellant and Reversal [18-cv-11290-AJN, ECF # 16, *In re Old Carco LLC*].

1

01105476.1

8. Memorandum Opinion and Order, Signed on 7/10/2019, Enforcing Provisions of Sale Order With Respect to Punitive Damage Claims Made by Kimberly and Tammy McCall, Both Individually and as Representatives ("Opinion and Order") [ECF# 14554].

9. Notice of Appeal of Opinion and Order [ECF # 14569].

## STATEMENT OF ISSUES PRESENTED ON APPEAL

1. New GM assumed all liabilities "of any kind whatsoever" and "arising under any Law" for all claims for wrongful death arising from the operation of Old GM's motor vehicles in the Amended and Restated Master Sale and Purchase Agreement, [ECF # 14477-1] ("the Sale Agreement"), and the Sale Agreement did not exclude claims under the Alabama Wrongful Death Act. Did the Bankruptcy Court commit reversible error in determining in the Opinion and Order that the McCalls wrongful death claims under the Alabama Wrongful Death Act, and arising from the operation of an Old GM vehicle, as asserted in their state court actions (Case Nos.36-CV-2016-900040.00 & 36-CV-2016-900046.00))("McCall State Court Actions") are barred from passing through the bankruptcy gate?

2. Did the Bankruptcy Court commit reversible error in determining in the Opinion and Order that the damages sought by the McCalls in the McCall State Court Actions under the Alabama Wrongful Death Act are not recoverable under the Sale Agreement?

3. The United States Court of Appeals for the Fifth Circuit has held that damages under the Alabama Wrongful Death Act are not "punitive damages" as those damages are defined in a contractual agreement like the Sale Agreement. Did the Bankruptcy Court commit reversible error when it did not follow this authority in the Opinion and Order?

4. Did the Bankruptcy Court commit reversible error in determining in the Opinion and Order that the November 2015 decision (*In re Motors Liquidation Co.*, 541 B.R. 104, 108 (Bankr. S.D.N.Y. 2015) was law of the case when the McCalls were not party to that case and received no notice of the briefing or decision?

5. Did the Bankruptcy Court commit reversible error when it determined in the Opinion and Order that the July 2017 Decision (*In re Motors Liquidation Co.*, 571 B.R. 565, 570 (Bankr. S.D.N.Y. 2017),

*aff'd,* 590 B.R. 39 (S.D.N.Y. 2018) and August 2017 Decision (*In re Motors Liquidation Co.*, 576 B.R. 313 (Bankr. S.D.N.Y. 2017), *aff'd,* 590 B.R. 39 (S.D.N.Y. 2018) were law of the case when, prior to the briefing in those cases, the Bankruptcy Court specifically held that the issues raised in the McCall State Court Actions were not part of the briefing or decision to be rendered?

6. The McCalls are entitled to equal protection of the laws under the United States Constitution, and this protection includes judicial rulings. The Bankruptcy Court's judicially-created exception in the Opinion and Order against Alabama wrongful death victims creates two differently treated classifications. Does the Bankruptcy Court's ruling violate equal protection when the classification lacks any rational basis?

7. Did the Bankruptcy Court err in the Opinion and Order holding that any of the McCalls' claims based on successor liability in the McCall State Court Actions are barred from passing through the bankruptcy gate?

Dated:  New York, New York
        August 7, 2019

WILK AUSLANDER LLP

By: /s/ Eric J. Snyder
    Eric J. Snyder, Esq.
1515 Broadway, 43rd Floor
New York, New York 10036
(212) 981-2300

*Counsel for Kimberly and Tammy McCall*