GEOFFREY S. BERMAN
Acting United States Attorney for the
Southern District of New York
By: DAVID S. JONES
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel:    (212) 637-2739
Fax:    (212) 637-2730
E-mail:david.jones6@usdoj.gov

Hearing Date/Time:
August 12, 2019, 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY, *et al.*,<br>f/ka General Motors Corp., *et al.*,<br><br>                Debtors, | Chapter 11 Case<br><br>Case No. 09-50026 (MG)<br><br>(Jointly Administered) |
| MOTORS LIQUIDATION COMPANY<br>AVOIDANCE TRUST,<br>                Plaintiff,<br><br>            v.<br><br>JPMORGAN CHASE BANK, N.A., *et al.*,<br>                Defendants. | Adv. P. Case No. 09-504 (MG) |

**JOINDER OF DEBTOR-IN-POSSESSION LENDERS UNITED STATES
DEPARTMENT OF THE TREASURY AND EXPORT DEVELOPMENT CANADA IN
MOTION OF MOTORS LIQUIDATION CO. AVOIDANCE ACTION TRUST FOR
ENTRY OF AN ORDER APPROVING DISTRIBUTION PLAN TO THE AVOIDANCE
ACTION TRUST'S BENEFICIARIES, AND DIP LENDERS' RESPONSE TO
OBJECTIONS TO THAT MOTION**

The United States Department of the Treasury ("**Treasury**") and its fellow debtor-in-possession lender Export Development Canada ("**EDC**" and together with Treasury, the "**DIP Lenders**"), by their undersigned counsel, respectfully submit this joinder (this "**Joinder**") in support of the July 8, 2019, motion (the "**Motion**," Case No. 09-50026, Dkt. No. 14552) of the Motors Liquidation Company Avoidance Action Trust ("**AAT**") for approval of a distribution plan by which AAT will distribute the proceeds of an already-received settlement payment to its beneficiaries, including to the DIP Lenders. This Joinder also responds to two objections (the "**Objections**") to the Motion, neither of which gives any reason to delay AAT's distribution to the DIP Lenders as AAT beneficiaries. *See* Dkt. Nos. 14571 (filed by so-called Economic Loss Plaintiffs), 14572 (filed by General Motors LLC).

**PRELIMINARY STATEMENT**

1. The Motion should be granted, especially with respect to AAT's immediate distribution to the DIP Lenders as AAT beneficiaries. Such distributions effectuate the AAT's purposes and obligations under the AAT Agreement[1] now that AAT has received payment pursuant to the Court-approved final settlement of the Term Loan Avoidance Action. The Objections identify no concerns with or reasons to defer distributions to the DIP Lenders, who are undisputedly entitled to receive 30% of the AAT's net settlement recovery, settlement funds that will never pass through the hands of the GUC Trust, that will not affect the sufficiency of the Trust's reserves, and that will not give rise to any additional unsecured claims against the GUC Trust's assets. There is simply no reason to delay an immediate distribution to the DIP Lenders, whose public financing facilitated the Debtors' bankruptcy proceedings.

---

[1] Capitalized terms not otherwise defined herein have the same meaning as in the Motion.

1

**BACKGROUND**

2. The Motion accurately describes the AAT's background and responsibilities, its prosecution of the Term Loan Avoidance Action, the Global Settlement Agreement resolving that litigation, and the AAT's receipt of a $231 million settlement payment. *See generally* Motion. The Motion further explains that the AAT is prepared to make required distributions to its beneficiaries as soon as possible. *Id.* ¶¶ 3, 22-27. There is no question that these obligations are ripe: the Term Loan Avoidance Action was settled with Court approval; the defendants in that action have paid the agreed-upon $231 million settlement amount; the action was dismissed; and the AAT is prepared to make the proposed distributions once it obtains Court approval. *Id.* ¶¶ 22-25.

3. Through the Motion, the AAT seeks approval to make "an initial distribution of the AAT proceeds, minus the withheld fees and expenses, immediately as to the DIP Lenders," to be followed "as quickly as possible" by a distribution to the unsecured-creditor beneficiaries of the AAT. *Id.* ¶ 40. That relief is consistent with the AAT Agreement and will help achieve its duty to discharge its responsibilities efficiently and cost-effectively. *Id.* ¶¶ 41-45.

4. The DIP Lenders provided financing that was instrumental to the Debtors' bankruptcy success beginning even before the Petition Date in 2009, and the DIP Lenders continue to seek to recover estate assets to which they are entitled pursuant to the DIP Financing orders and related agreements. *See, e.g.*, Case No. 09-50026, Dkt. Nos. 292 (Interim DIP Order); 2529 (Final DIP Order); 2969 (Wind-Down Order). In fact, certain of those obligations were confirmed and quantified by Court approval of a settlement among the DIP Lenders and unsecured creditor representatives by which, among other things, 30% of the net proceeds from the Term Loan Avoidance Action would be paid to the DIP Lenders. *See* Dkt. Nos. 13744

2

(Memorandum Opinion and Order approving settlement, Aug. 24, 2016), 13748 (court-approved stipulation and order, Aug. 30, 2016).

## ARGUMENT

5. The Motion simply seeks authorization for the AAT to carry out its obligations to its beneficiaries under the AAT Agreement, by distributing funds in agreed-upon amounts to parties to which the AAT unquestionably owes payment.

6. The Objections do not dispute that the AAT has received the $231 million settlement payment from defendants in the Term Loan Avoidance Action, nor that the settlement agreement that resolved that action is final and binding. Nor do they dispute that the AAT owes to the DIP Lenders a 30% distribution or identify any reason to defer the immediate payment to the DIP Lenders. Rather, the Objections hinge on various concerns relating to unsecured claims that assertedly will or may be impacted by unrelated relief sought by the Motion, alone or in conjunction with a separate motion seeking leave to make expedited distributions to a subset of unsecured creditors. See Economic Loss Plaintiffs' Objection ¶ 18; New GM's Objection ¶¶ 1-2, 38 and p. 23. These expressed concerns have no bearing on the AAT's obligations to the DIP Lenders and present no reason to delay any distribution to the DIP Lenders.

## CONCLUSION

The Court therefore should authorize the immediate payment of the DIP Lenders' 30% share of the Term Loan Avoidance Action settlement as requested in the AAT's Motion and provided under the AAT Agreement, irrespective of the other issues raised in the Objections.

New York, New York
August 8, 2019

                    GEOFFREY S. BERMAN
                    United States Attorney
                    Southern District of New York

By:      /s/ David S. Jones
          DAVID S. JONES
          Assistant United States Attorney
          86 Chambers Street, Third Floor
          New York, New York 10007
          Telephone: (212) 637-2739
          Facsimile:  (212) 637-2730
          Email:  David.jones6@usdoj.gov

*Attorney for United States Dep't of the Treasury*


          VEDDER PRICE P.C.

By:  */s/ Michael Schein*
     Michael Schein, Esq.
     1633 Broadway, 31st Floor
     New York, New York 10019
     Telephone: (212) 407-7700
     Facsimile:  (212) 407-7799
     Email:  mschein@vedderprice.com

*Attorneys for Export Development Canada*