| | |
|---|---|
| **McDermott, Will & Emery LLP**<br>340 Madison Ave.<br>New York, New York 10173-1922<br>Telephone: (212) 547-5429<br>Facsimile: (212) 547-5444<br>E-mail: kgoing@mwe.com<br>Kristin K. Going | <u>**HEARING DATE AND TIME**</u>: August 12, 2019<br>@ 10:00 A.M. (ET)<br><u>**OBJECTION DEADLINE**</u>: August 5, 2019<br>@ 4:00 P.M. (ET) |

*Attorney for the Motors Liquidation Company*
*GUC Trust Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
**In re**                                                         :
                                                                  :   **Chapter 11 Case No.**
                                                                  :
**MOTORS LIQUIDATION COMPANY**, *et al.*,                         :   **09-50026 (MG)**
f/k/a General Motors Corp., *et al.*                              :
                                                                  :   **(Jointly Administered)**
                                                                  :
                    **Debtors.**                                  :
------------------------------------------------------------------x

**REPLY OF WILMINGTON TRUST COMPANY, AS GUC TRUST
ADMINISTRATOR, TO ECONOMIC LOSS PLAINTIFFS' OBJECTION TO
MOTION FOR AN ORDER AUTHORIZING EXPEDITED DISTRIBUTION TO
HOLDERS OF 502(h) CLAIMS RESULTING FROM THE AAT SETTLEMENT
AGREEMENT PURSUANT TO SECTIONS 5.3 AND 5.8 OF THE GUC TRUST
AGREEMENT**

**TO:    THE HONORABLE MARTIN GLENN**
         **UNITED STATES BANKRUPTCY JUDGE**

Wilmington Trust Company, not in its individual capacity and solely in its capacity as trust administrator and trustee (the "GUC Trust Administrator") of the Motors Liquidation Company GUC Trust (the "GUC Trust"), submits this reply (the "Reply") to the objection that was filed to the *Motion of Wilmington Trust Company, as GUC Trust Administrator, for an Order Authorizing Expedited Distribution to Holders of 502(h) Claims Resulting from the AAT Settlement Agreement Pursuant to Sections 5.3 and 5.8 of the GUC Trust Agreement* (the

"502(h) Motion"). In support of the foregoing, the GUC Trust Administrator respectfully represents as follows:[1]

1. The sole objection to the 502(h) Motion was filed by the Economic Loss Plaintiffs [Dkt. No. 14571], who have an executed settlement agreement with the GUC Trust in which they disclaim any right to any of the funds subject to the 502(h) Motion. This objection was part of an omnibus objection the Economic Loss Plaintiffs filed to three different motions, presumably in an attempt to intertwine issues that have nothing to do with one another.

2. The Economic Loss Plaintiffs do not dispute the language of the GUC Trust Agreement which requires the GUC Trust Administrator to provide a distribution to newly allowed claims "as promptly as practicable following the beginning of each calendar quarter." GUC Trust Agreement, Section 5.3(a). Nor do they dispute that the newly allowed 502(h) Claims constitute a Resolved Allowed General Unsecured Claim as defined in the GUC Trust Agreement.

3. The Economic Loss Plaintiffs do not assert a right to the $68,471,056.60 that is sought to be paid on an expedited basis.

4. Rather, the Economic Loss Plaintiffs ask this Court to find, contrary to the plain contractual language of the GUC Trust Agreement, that the 502(h) Claims should not be paid until some indefinite time in the future after their unrelated settlement agreement is approved by the Court. To be clear, as set forth in the GUC Trust Agreement, the GUC Trust Administrator must pay the allowed 502(h) Claims regardless of whether this Court ultimately approves of the Economic Loss Plaintiffs' settlement.

---

[1] Capitalized terms not defined in this Reply shall have the meaning ascribed to them in the 502(h) Motion. Any description herein of the terms of the Plan or the GUC Trust Agreement is qualified in its entirety by the terms of the Plan or the GUC Trust Agreement, as applicable.

2

**I.      The Economic Loss Plaintiffs' Objection**

5.      The Economic Loss Plaintiffs filed an omnibus objection to three separate motions filed by two different parties, in an attempt to conflate the issues raised in each specific motion.  They ask the Court for an injunction (without filing an adversary proceeding or taking any of the other required procedural steps necessary for the Court to issue injunctive relief) prohibiting the GUC Trust from complying with the terms of the GUC Trust Agreement, as they seek to prevent the distribution on account of the 502(h) Claims until the resolution of the motion to approve their settlement agreement, which will likely be months in the future.  To be clear, the GUC Trust is obligated to make the distribution on account of the 502(h) Claims within 45 days of the beginning of the 4th quarter of 2019.  The only relief being sought in the 502(h) Motion is the ability to make the 502(h) Claims distributions approximately one month sooner than required under the documents.

**II.     The GUC Trust Agreement Obligates the GUC Trust Administrator to Make the 502(h) Claim Distribution; the Motion only Seeks to Make the Distribution on an Expedited Basis.**

6.      The 502(h) Claims actually have two components.  First, the 502(h) Claims are entitled to a distribution of cash sufficient to provide the Term Loan Lenders with a pro rata distribution equal to that received by all other Allowed General Unsecured Claims (i.e., approximately 29%) which results in a cash payment of $68,471,056.60 (the "<u>Catch Up Distribution</u>") plus, a distribution of Units such that the Term Loan Lenders shall receive their pro rata portion of any future Excess GUC Trust Distributable Assets, including a portion of the $320M that the GUC Trust Administrator is seeking authority to distribute pursuant to the Excess Distribution Motion that will be heard concurrently with the 502(h) Motion.  The GUC Trust Administrator is seeking to make the Catch Up Distribution approximately one month earlier than required under the GUC Trust Agreement, but it is also seeking to start the process of establishing Units for the eligible Term Loan Lenders now, which process could be time

3

consuming given the fact that parties must establish brokerage accounts and provide sufficient information to the GUC Trust Administrator before the Units can be distributed.

7. The GUC Trust Administrator has an obligation to make distributions in an expeditious and orderly manner, and not unduly prolong the existence of the GUC Trust. *See* section 2.5 of the GUC Trust Agreement.

8. The GUC Trust Administrator filed the 502(h) Motion in furtherance of section 2.5 of the GUC Trust Agreement. It seeks to make a distribution on the allowed 502(h) Claims as soon as it can practically do so, and also start the process of establishing Units for the Term Loan Lenders, in order to continue the process of winding up the affairs of the GUC Trust. There is no basis to delay the timing of the 502(h) Claims distribution, particularly given that had the allowed claim arisen one day earlier, the GUC Trust Agreement would require the distribution to be made in the second quarter of the year, rather than the third quarter. Because the Term Loan Lenders' settlement payment (which triggered the allowance of the 502(h) Claims) was made on July 1, 2019 (the first day of the third quarter) rather than June 30, 2019 (the last day of the second quarter) the GUC Trust Administrator has filed the 502(h) Motion to expedite the already allowed 502(h) Claims.

## CONCLUSION

WHEREFORE, the GUC Trust Administrator respectfully requests that the Court enter an order authorizing the GUC Trust to expedite the timing of the 502(h) Distribution pursuant to section 5.8 of the GUC Trust Agreement, and granting such other and further relief as may be deemed just and proper.

Dated:  New York, New York
        August 9, 2019

                                McDermott Will & Emery LLP

                                By:  /s/  *Kristin K. Going*
                                     Kristin K. Going
                                     340 Madison Ave.

New York, NY 10173-1922
Tel: (212) 547-5429
E-mail: kgoing@mwe.com

*Attorneys for the Motors Liquidation Company GUC Trust Administrator*

5