**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re :
: Chapter 11
MOTORS LIQUIDATION COMPANY, *et al.*, :
f/k/a General Motors Corp., *et al*. : Case No. 09-50026 (MG)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------x

**ORDER AUTHORIZING THE GUC TRUST ADMINISTRATOR**
**TO EXPEDITE THE DISTRIBUTION TO HOLDERS OF 502(h) CLAIMS RESULTING**
**FROM THE AAT SETTLEMENT AGREEMENT PURSUANT TO SECTIONS 5.3 AND**
**5.8 OF THE GUC TRUST AGREEMENT**

Pending before the Court is the GUC Trust Administrator's Motion (the "Motion," ECF Dkt. No. 14566)[1] seeking entry of an Order pursuant to sections 105 and 1142 of title 11 of the United States Code, Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, and sections 5.3 and 5.8 of the GUC Trust Agreement authorizing expedited distribution to holders of 502(h) claims resulting from the AAT Settlement, all as more fully described in the Motion.

WHEREAS, pursuant to the Global Settlement Agreement entered into by and between the AAT, JPMorgan and numerous Term Lenders (collectively, the "Term Lenders") and other interested parties, as well as this Court's order approving the Global Settlement Agreement, the Term Lenders were granted an allowed unsecured claim pursuant to section 502(h) of the Bankruptcy Code, in the amount of their $231 million settlement payment;

WHEREAS, pursuant to the Global Settlement Agreement, the GUC Trust agreed to treat such allowed unsecured claim in accordance with the provisions of the GUC Trust Agreement,

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

and this Court's order approving the Global Settlement Agreement authorized the GUC Trust to execute and perform the Global Settlement Agreement;

WHEREAS, pursuant to the terms of the Plan and Section 5.3 of the GUC Trust Agreement, as promptly as practicable following the beginning of each calendar quarter, the GUC Trust Administrator shall deliver to each holder of a Disputed General Unsecured Claim that has become a Resolved Allowed General Unsecured Claim during the prior quarter, a distribution consisting of the pro rata amount of cash that the holder of such Resolved Allowed General Unsecured Claim would have received had such Resolved Allowed General Unsecured Claim been an Initial Allowed General Unsecured Claim (the "Catch-up Distribution"), and an amount of Units equal to the amount of the Resolved Allowed General Unsecured Claim;

WHEREAS, the Initial Allowed General Unsecured Claim pro rata percentage of recovery is currently approximately 29.6%;

WHEREAS, the Term Lenders Resolved Allowed General Unsecured Claim in the amount of $231 million is entitled to a Catch-up Distribution of $68,471,056.60 and an amount of Units equal to the amount of the Resolved Allowed General Unsecured Claim;

WHEREAS, under the terms of the GUC Trust Agreement, the Catch-up Distribution shall be made at the beginning of the quarter following the quarter in which the claim arose, unless the Court orders otherwise;

WHEREAS, the Economic Loss Plaintiffs' objection to the Motion is overruled; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors' creditors and estates; and it further appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefor:

IT IS HEREBY:

ORDERED, that the relief requested in the Motion is granted to the extent provided herein; and it is further

ORDERED, that, pursuant to Section 5.8 of the GUC Trust Agreement, the GUC Trust Administrator is authorized to make an expedited Catch-up Distribution to holders of 502(h) Claims resulting from the AAT Settlement in the amount of $68,471,056.60 on or after September 3, 2019; and it is further

ORDERED, that this Court shall retain jurisdiction of all matters and disputes arising in connection with or related to the interpretation or implementation of this Order, any use of Distributable Cash in connection herewith, or the GUC Trust Agreement.

**IT IS SO ORDERED.**

Dated:  August 15, 2019
         New York, New York

                                                 **/s/ Martin Glenn**
                                                MARTIN GLENN
                                      United States Bankruptcy Judge