**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

In re:

|  |  |
|---|---|
|  | Chapter 11 |

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

Case No. 09-50026 (MG)
(Jointly Administered)

Debtors.

------------------------------------------------------------------------x

MOTORS LIQUIDATION COMPANY AVOIDANCE
ACTION TRUST, by and through the Wilmington Trust
Company, solely in its capacity as Trust Administrator and
Trustee,

Adversary Proceeding

Plaintiff,

Case No. 09-00504 (MG)

against

JPMORGAN CHASE BANK, N.A., *et al.*,

Defendants.

------------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105 AND 1142**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULE 3020 APPROVING DISTRIBUTION OF AVOIDANCE**
**ACTION TRUST PROCEEDS TO THE DIP LENDERS**

Upon the motion (the "**Motion**"), dated July 8, 2019, of Wilmington Trust Company, in its

capacity as trust administrator and trustee (in such capacity, the "**Trust Administrator**") of the

Motors Liquidation Company Avoidance Action Trust (the "**AAT**"), as established under the

Debtors' Second Amended Joint Chapter 11 Plan in the above-captioned bankruptcy proceeding,

seeking entry of an order pursuant to sections 105(a) and 1142(b) of title 11 of the United States

Code and Rule 3020(d) of the Federal Rules of Bankruptcy Procedure, (i) approving the AAT's

plan for distributing proceeds to its beneficiaries, (ii) approving the procedures for identifying

holders of Allowed General Unsecured Claims (as defined below) and the notice to be provided to

them, (iii) authorizing the AAT to take all other actions necessary or appropriate to effectuate the distribution to its beneficiaries, and (iv) granting such other and further relief as the Court deems necessary; and

WHEREAS, the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and

WHEREAS, consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue is proper before this Court pursuant to 28 U.S.C. § 1409; and

WHEREAS, by its Motion, the AAT sought authorization to make an initial distribution of the AAT proceeds, minus withheld fees and expenses, to the United States Department of the Treasury and Export Development Canada (together, the "**DIP Lenders**") and the holders of Allowed General Unsecured Claims; and

WHEREAS, pursuant to the Fourth Amended and Restated Motors Liquidation Company Avoidance Action Trust Agreement (the "**AAT Agreement**"), the DIP Lenders are entitled to receive thirty percent (30%) and the holders of Allowed General Unsecured Claims are entitled to receive seventy percent (70%) of the total proceeds distributed by the AAT; and

WHEREAS, the Court held a hearing on the Motion on August 12, 2019; and

WHEREAS, there were no objections to an initial distribution of AAT proceeds to the DIP Lenders; and

WHEREAS, this Court determined that the distribution to the DIP Lenders is appropriate at this time; and

WHEREAS, this Court reserved decision on the other aspects of the Motion; and

WHEREAS, it further appears that proper and adequate notice of the Motion has been

given and that no other or further notice is necessary; and

WHEREAS, after due deliberation thereon, and good and sufficient cause appearing therefor:

**IT IS HEREBY:**

ORDERED, that the AAT is authorized to make an initial distribution to the DIP Lenders on or after September 3, 2019, in the amount of $38,318,289.61.

The Court reserves decision with respect to the portion of the AAT's Motion that seeks authorization to make distributions to the holders of Allowed General Unsecured Claims (as defined in the AAT Agreement) and to take such further actions as are necessary to distribute the proceeds of the Term Loan Avoidance Action in accordance with the AAT Agreement.

AND IT IS FURTHER ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated:  August 16, 2019
      New York, New York

_____**/s/ Martin Glenn**_____
MARTIN GLENN
United States Bankruptcy Judge