# US DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

---

Marianne OGrady, Appellant,

v.

**Amended Notice of Appeal**

## 19-cv-6668 (AJN)'

MOTORS LIQUIDATION COMPANY
*represented by:*
Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153

GUC TRUST as Trustee for *Motors Liquidation Company*
*represented by:*
Gibson Dunn & Crutcher LLP, 200 Park Ave Ave, New York, NY 10166

MLC GUC ADMINISTRATOR
*represented by:*
Binder & Schwartz LLP, 366 Madison Avenue, 6th Floor, New York, NY 10017

WILMINGTON TRUST COMPANY, as Trustee and as Administrator for *Motors Liquidation Company*
*represented by:*
Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153

WILMINGTON TRUST COMPANY, as Trustee of *Motors Liquidation Company Avoidance Action Trust*
*represented by:*
Eric Fisher,  Binder & Schwartz LLP, 366 Madison Avenue, 6th Floor, New York, NY 10017

WILMINGTON TRUST COMPANY as Trust Administrator and Trustee for *Motors Liquidation Company GUC Trust*
*represented by*
McDermott Will & Emery 340 Madison Ave, NY, NY 10173

GCG, Inc. aka Garden City Group, Inc.
CLAIMS AND NOTICING AGENT FOR MOTORS LIQUIDATION COMPANY
1985 Marcus Avenue, Lake Success, NY, 11042

Epiq Class Action & Claims Solutions, Inc
CLAIMS AND NOTICING AGENT FOR MOTORS LIQUIDATION COMPANY
1985 Marcus Avenue, Lake Success, NY, 11042

TERRY MOORE, Petitioner

*represented by:*   •
The Memmen Law Firm, LLC, 505 North LaSalle Drive suite 500, Chicago, IL 60654

GENERAL MOTORS CORPORATION
300 Renaissance Center Detroit, MI 48265

DEPARTMENT OF ATTORNEY GENERAL STATE OF MICHIGAN
*represented by:*
G. Mennen Williams Building 525 W. Ottawa Street, P.O. Box 30212, Lansing, MI 48909

U.S. ATTORNEY'S OFFICE (DOT, DOJ, SEC, OMB, GOA, SIGTARP, OCC)
P.O. Box 197 Montgomery, AL 36101-0197

GOVERNMENT ACCOUNTABILITY OFFICE
441 G St., NW Washington, DC 20548

UNITED STATES DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue NW, Room 2312, Washington, DC 20220

UNITED STATES DEPARTMENT OF JUSTICE ATTORNEY GENERAL
950 Pennsylvania Ave NW, Washington DC, 20530

UNITED STATES DEPARTMENT OF JUSTICE ANTI-TRUST DIVISION
950 Pennsylvania Ave NW, Washington DC, 20530

OFFICE OF THE UNITED STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF NEW YORK
33 Whitehall Street, 21st Floor, New York, New York 10004

MICHIGAN FUNDS ADMINISTRATION
7201 W Saginaw Hwy Ste 110 Lansing, MI 48917

U.S. SECURITIES AND EXCHANGE COMMISSION
NY Regional Office, Brookfield Place, 200 Vesey St suite 400, NY, NY 10281

SECURITY AND EXCHANGE COMMISSION
100 F Street, NE, Washington, DC 20549

EXPORT DEVELQPMENT CANADA
*represented by:*
Vedder Price, P.C. 1633 Broadway, 47th Floor, New York, New York 10019

COMMITTEE OF UNSECURED CREDITORS
*represented by:*
Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036

UNITED STATES ATTORNEY FOR THE SOUTHERN DISTRICT OF NEW YORK
86 Chambers Street 3rd floor, NY NY 10007

UNITED STATES ATTORNEY
Attn: Claims Unit - room 417, 1 ST. Andrews Plaza, NY NY 10007

ATTORNEY GENERAL for UNITED STATES DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW Washington, DC 20530-0001

U.S. DEPARTMENT OF TRANSPORTATION
1200 New Jersey Avenue S.E. Washington D.C 20590

GOVERNMENT ACCOUNTABILITY OFFICE
441 G St., NW, Washington, DC 20548

OFFICE OF SPECIAL INSPECTOR GENERAL FOR TROUBLED ASSET RELIEF PROGRAM
1801 L Street, NW, Washington, D.C. 20220

OFFICE OF MANAGEMENT & BUDGET
725 17th Street, NW Washington, DC 20503

OFFICE OF COMPTROLLER OF CURRENCY
400 7th Street, SW
Washington, D.C. 20219

GENERAL MOTORS LLC
*represented by:*
 Law Office of Alex Alers, 611 North Park Avenue, Inglewood, CA 90302

GENERAL MOTORS, LLC
300 Renaissance Center, Detroit, Michigan 48265

 FCA US LLC
*represented by:*
Herzfeld Rubin PC
125 Broad Street, NY, NY 10004

NYS DEPT OF FINANCIAL SERVICES
1 State St,  New York, NY 10004

OFFICE OF THE TRUSTEE REGION 2
U.S. Federal Office Building, 201 Varick Street, Room 1006, NY, NY 10014

SECURITIES AND EXCHANGE COMMISSION
3 World Financial Center suite 400, NY, NY 10281

EXPORT DEVELOPMENT CANADA
*represented by:*
Vedder Price PC, 1633 Broadway 47 floor, NY, NY 10019

FEDERAL DEPOSIT INSURANCE CORPORATION
Franchise Marketing, Division of Resolutions & Receiverships, 1601 Bryan Street Dallas, TX
75201-3479

MICHIGAN DEPARTMENT OF TREASURY
430 West Allegan Street, Lansing, MI 48922

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
Office of Site Remediation Enforcement
Office of Enforcement and Compliance Assurance
1200 Pennsylvania Ave, N.W. Washington, DC 20004-2004

NEW YORK STATE DEPARTMENT OF LAW
120 Broadway
New York, NY 10271

NYS OFFICE OF ATTORNEY GENERAL
The Capitol
Albany, NY 12224

NYS OFFICE OF ATTORNEY GENERAL
120 Broadway, 26th Floor , New York, NY 10271

NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION
Office of General Counsel
625 Broadway
Albany, NY 12233

MOTORS LIQUIDATION COMPANY
500 Renaissance Center, Suite 1400, Detroit, Michigan 48243

 UNITED STATES DEPARTMENT OF THE TREASURY
Cadwalader, Wickersham & Taft LLP
One World Financial Center, New York, New York 10281

DEUTSCHE BANK AG
*represented by:*

Bingham McCutchen LLP , 399 Park Avenue, New York, NY 10022

*and*:

State of Indiana Major Moves Construction Fund
Indiana Public Retirement System
Indiana State Police Pension Trust
Arch Reinsurance Ltd.
Bill & Melinda Gates Foundation Trust
Building Trades United Pension Trust Fund
Carillon Reams Core Plus Bond Fund (formerly Frontegra Columbus Core Plus Bond Fund)
Carlyle High Yield Par IX Ltd.
Carpenters Pension Fund of Illinois
Caterpillar Inc. Master Retirement Trust
Coca-Cola Company Retirement & Master Trust
Columbus Unconstrained Bond Fund (formerly Reams Unconstrained Bond Fund)
Connecticut General Life Insurance Company In Respect of Its Separate Account 4828CP
Cummins Inc. and Affiliates Collective Investment Trust
Dallas Employee Retirement Fund
Debello Investors LLC
Eighth District Electrical Pension Fund
Emerson Electric Co. Retirement Master Trust
Employees Retirement System of Baltimore County
Employees Retirement System of the City of Milwaukee
Foothill CLO I, Ltd
Golden Tree Loan Opportunities III, Ltd.
Golden Tree Loan Opportunities IV, Ltd.
Gulf Stream - Compass CLO 2007 Ltd.
Gulf Stream - Sextant CLO 2007-1 Ltd.
Halliburton Company Employee Benefit Master Trust
Health Forward Foundation, f/k/a Health Care Foundation of Greater Kansas City
Hewetts Island CLO IV
Hewetts Island CLO V Ltd.
Hewetts Island CLO VI Ltd.
ILWU/PMA Pension Plan
Indiana University
Inter-Local Pension Fund of the Graphic Communications Conference of the International Brotherhood of Teamsters
J.C. Penney Corporation, Inc. Pension Plan Trust
Kraft Heinz Foods Company & Kraft Foods Master Retirement Trust
Kynikos Opportunity Fund II, L.P.
Kynikos Opportunity Fund International Limited
Kynikos Opportunity Fund, L.P.
Los Angeles Fire and Police Pension Plan

Master Trust for Certain Tax Qualified Bechtel Retirement Plans, f/k/a Master Trust for Certain Tax-Qualified Retirement Plans of Bechtel Corporation

Master Trust Pursuant to the Retirement Plans of APL Limited & Subsidiaries

Mather Foundation

Montana Board of Investments

Municipal Employees Retirement System of Michigan

New Orleans Carpenters Pension Plan f/k/a Louisiana Carpenters Regional Council Pension Plan

Oak Hill Credit Opportunities Financing Ltd.

Oak Hill Credit Opportunities Master Fund, Ltd.

Oak Hill Credit Partners II Ltd.

Oak Hill Credit Partners III Ltd.

Oak Hill Credit Partners IV Ltd.

Oak Hill Credit Partners V Ltd.

OHA Capital Solution Financing (Offshore), Ltd.

OHA Capital Solution Financing (Onshore), Ltd.

OHA Park Avenue CLO I Ltd.

OHSF Financing Ltd.

OHSF II Financing Ltd.

Primus CLO II Ltd.

Prudential Retirement Insurance & Annuity Company, on behalf of Separate Account SA-1 8

Purdue University

Raytheon Master Pension Trust, with respect to accounts Logan Floating Rate Portfolio, WAMCO 3131, and Logan Mid Grade Portfolio

Retirement Board of the Park Employees and Retirement Board Employees Annuity and Benefit Fund of Chicago

Santa Barbara County Employees Retirement System

Seattle City Employees Retirement System

Shinnecock CLO II Ltd.

Sonoma County Employees Retirement Association

St. Lukes Health System Corporation, as successor to St. Lukes Episcopal Health System Foundation

Stichting Bewaarder Syntrus Achmea Global High Yield Pool f/k/a Stichting Bewaarder Interpolis Pensioenen Global High Yield Pool

Stichting Pensioenfonds Hoogovens

Stichting Pensioenfonds Metaal en Techniek

Stichting Pensioenfonds van de Metalektro f/k/a Stichting Bedrijfstakpensioenfonds Voor De Metalektro

Taxable Fixed Income Managers: Portfolio 1 [Series] f/k/a Goldman Sachs GMS Core Plus Fixed Income Portfolio

The Board of Pensions of the Presbyterian Church (U.S.A.)

The Childrens Hospital of Philadelphia

The Duchossois Group Inc. Pension Trust

The Rotary Foundation of Rotary International

Twin Lake Total Return Partners LP f/k/a Talon Total Return Partners LP

University of Kentucky

Ventura County Employees Retirement Association

Vulcan Ventures Incorporated
Wexford Catalyst Investors LLC
Wexford Spectrum Investors LLC

*all represented by:*

*Hahn & Hessen LLP*
488 Madison Ave
NY, NY 10022

related to:

Marianne OGrady, Appellant,
                    v.

**09-50026 (mg) appeal of**

**docket 14530 in that case.**

MOTORS LIQUIDATION COMPANY  and parties named above in any lawful capacity

Notice is hereby given that Marianne OGrady, the Appellant, in the above-named case appeals to
the United States Court of Appeals for the Second Circuit from order of doc 2 of SDNY case no.
19-cv-6668 (AJN) entered on July 18, 2019 ("doc 2") to effectively affirm doc 14530 of SDNY
09-bk-50026 (mg) entered on June 13, 2019 ("doc14530") in every respect, to cause to cause
extremely limited record or likely default, and as pre certified as frivolous to object.

- doc 2 merges with doc 14530 on basis of irreparable harm and collateral order, to
  preclude review (no time to establish record).
- doc 14530 is purported as if valid as order, judgment, injunctions, decree, creation of
  class with "potential beneficiaries" or "future beneficiaries" but who are not injured by
  asbestos or pollutants of environment.
- doc 14530 appoints receiver (prohibited by title 11 of district court jude or bankruptcy
  judge) as AAT
- doc 14530 writes blank check to AAT attorneys who misuse public funds to subsidize
  harmful process of extortion, false court removals (Chrysler bankruptcy docket is
  German fairytale as I purchased 10s of 1000s of pages, as transcript of proceedings shall
  prove, beside AAT, I am expert in Chrysler fraud,  but how may personal injury attorney
  contend with such federal bankruptcy fraud to recover for their client), theft of property
  from victims throughout U.S.
- doc 14530 enjoins me from taking action against AAT, to recover substantial losses

which AAT has caused to me and my family (Hon Glenn is not New York State, he may never bar me in that matter. AAT engaged in crime against vulnerable, abuse against victim, all part of scheme of substantial financial gain to victimize victim again, AAT is worse then mafia which has a code. AAT attorneys are predators, & attorneys which represent AAT like Eric Fisher may be disqualified "Gerald Shargel" style (on Apr 26, 2017, I informed SDNY district court in 16-cv-9145 doc 37 that attorneys may be in-house to be disqualified).

- doc 14530 decrees to usurp state authority to impose M-390 upon me (I've been subjected to that, what I referred to in public documents nicknamed as "conference capture" not knowing it is M-390 ruthlessly enforced to force me to look to other victim to steal THEIR property. AAT thinks it controls with its fake BC badge, US Treasury Special Master badge, and DOJ fake badge, all purchased by Daimler Distributable Excess Assets.

- doc 14530 decrees undermines US constitution which mandates state be free of federal interferencé in state matters. No streamlined fraud mandated by secrecy required of M-390.

- doc 14530 decrees to automatically vacate itself to preclude 2nd circuit (I notified Hon Glenn in day prior of 2nd circuit jurisdiction),

- doc 14530 orders property assigned to "trust" but there are no other creditors

- doc 14530 decrees to create a trust (it cannot, a miscellaneous tax regulation doesn't give jurisdiction to trust, state EPTL governs, and Glenn can't create state trust by title 11 order.

- doc 14530 purports to subject me to jurisdiction of Delaware. that federal interference of my right to sovereign state, without Delaware involved in my affairs.

- doc 14530 refers "potential beneficiaries" which arise from this bankruptcy case. Unless it is regulated by law, it cannot be. federal law governs asbestos, state law governs assembly warranty obligations which auto trust and slush fund attorneys attempt to steal.

- doc 14530 governs the distribution of bribes and rewards for wrongdoing (e.g. contingent attorneys complicity to steal assets by switch in name of victims).

- doc 14530 purports to "restructure" corp entities, by appearance of Chrysler subsumed secret property, to be dissolved in trade, then AAT disappears, and but reforms as successor AAT after theft. Title 11 doesn't permit this type of dissolution, deconsolidation, mergers, it permits only assets of estate to be distributed and the "restructure" of relations among and with creditors, with each other, and debtors. The 1998-2018 German fairytale of Oppenheim aka GM and classes of retirees requiring billions of dollars for medical payments, college tuition and childcare is outrageous.

- doc 14530 purports to grant of immunities and indemnities to attorneys engaged in securities fraud & exchange damages of suffering and death as medical reimbursement &

college tuition (there is nothing beneficial or non-profit or tax-exempt which involves this organization, which is disqualified as matter of law as tax exempt).

- doc 14530 purports to grant of immunity to attorneys who do not represent clients with actual authority as stated in docketed records and SEC statements (e.g. equity recapture agreement filed with SEC).

- doc 14530 retains perpetual authority, but for no reason other than to enable AAT to run a national fake insurer racket to effectively undermine U.S., states, and US constitution and endanger public safety. The 2nd circuit is aware of dangers of AAT by GM ignition switch. As it turns out, according to the "Contracts" there is financial incentive to create victims early in this 10 year racket (that is what I understood from hasty review of contracts, I would need to review to provide citations for, it may have been 9% plus quote as FDIC insured, something maybe to that effect, as it seems to be operated in Texas Fed Reserve district as elected "regulatory" district, but NY be the duplicated Fed Res. location).

- doc 14530 is for purpose of perpetuating AAT racket but more for control of AAT matters, but AAT victimizes victims state courts with fake BC, DOJ, and US Treasury credentials, but insurance, and theft of it, is not federal matter to undermine the US constitution to permit such perpetual racket.

- doc 14530 incredibly authorizes AAT blackmail upon "contingent attorney" with contingent SUBSTANTIAL losses (i) credit racket involving fake funds, (ii) substantial taxes liabilities upon filing of partnership return in major tax evasion scheme,(iii) threat of professional harm upon contingent attorneys. these are docketed threats affirmed by doc 14530.

- doc 14530 imposes false process upon state of victim

- doc 14530 violates rights of victims to make claim to recover loss (AAT no longer pays, its sues victims by stealing their recovery of insurance by shakedown against other insurers which have nothing to do with AAT. In other words, AAT must stand in my shoes with Travelers or in Travelers shoes when dealing with me. Either ways, its interference under state law CPRL 1602(6) which precludes that interference. I pled CPLR 1602(6) and that the vehicle has motor (not muscular powered). the owner of vehicle is 100% liable to me, although he is not even there. Trav. had to admit in years ago that it is 100% liable on own occurrence basis, but AAT thinks it may interfere and it has, to impose total loss upon my family, my kids, and medicaid, and that is criminal. That is how AAT operates. My neighbor lost child SIX YEARS AGO and has suffered all these years and needs to be free of AAT which hold her to capture me. Its CRIMINAL enterprise of harm.

- doc 14530 strip victims of right to seek independent tribunal assessment of peers (no jury trial permitted, see SEC contingent value contract, agree to collude to coral the class of

victims, no jury trial, to detriment of victims, to benefit of now their AAT attorneys for benefit Daimler AG/ Deutsche Bank AG)

- doc 14530 denies every individual the right to make claims for correct value of loss. How may M-390 be mandated, subject to report of cooperation of private meets, secrecy, and absurdity.   If someone has loss of $100,000 can't be coerced into 90,000 loss.  That what goes on and that is false.

- doc 14530 enables AAT to front one victim by name to race to into courthouse, to acquire jurisdiction over all victims of different occurrences as DEFENDANTs IN plaintiff's raced case.  But if we injured and sick (I was incapacitated for 1.5 years, how may I have been sued for medical records in 2 months time, as I vomited as sight of bright paper due to TBI, then lost feeling in right leg one year after occurrence due to undiagnosed spinal fracture in L5 coupled with thoracic compression fractures.    Fractures of my right arm only healed by time spine took turn for worse.   Due to my condition of incapacity, state law afforded me toll of extra 3 years after first 3 years of statute of limitations.  AAT had plaintiff race to court Nov 2013, had order 14530 had been effective then,  I'd have been sued then but incapacitated.  Its ambush and preclusion, rush, rush says M-390 but why. Its to benefit AAT slush fund attorneys by shakedown and fewer medical records to share stolen insurance money of insurers from victims who continue to incur losses long after being sued.

- doc 14530 is harmful because it enables fake class as one attorney will race to court house, e.g. one raced in Nov 2013 as I am so sick, but then then waited until 2017 (to entrap me).   But his client is child who is now adult all these years later, and I believe still has no access to her property as trapped in state court.  The pleadings are 3 counterparts of one action, rigged to ambush victims.  The 3 pieces of each action, although impermissible is really an insurer arbitration action which must have await all victims, as it bank which AAT operates for (ITS WILMINGTON or JP MORGAN bank or other bank) which will cause an exchange  as if bank is insurer reimbursing med pay.  I have the proof which I didn't understand until I read learned of this from the contracts in July or Aug 2019.

- doc 14530  strip victims who own their chose of action (it was attempted with me, as AAT blocked doors of federal and state courts),  class cram down or zero are only choices under M390.

- doc 14530 enables an unregulated racket to harm victims by attacking good name,  AAT defames to discredit,  a federal subpoena to disprove every single false AAT statement made against me by perjury of attorneys to destroy my good name.  I have learned to never directly engage with their pawns.  Its ALL harm.  AAT seemed momentarily wary of 2nd circuit in fall 2017, so I know I am safe in 2nd circuit until GUC pawns appear (all insiders fake controversy, its all fairytale, whines of prejudice fronted by AAT, but worse

AAT has it rigged whereby if one fails, they all must pay "contribution" which is to the IRS and to the usurious lenders involved in stoli racket pretended to be somehow unregulated "funds" (of fake classes of retirees in fake 501c9 entities).

- doc 14530 perpetuates an unregulated racket in which AAT forged an order they couldn't get, its sloppy forgery, and I am mailed a more original of what is docketed as forgery. One setting in basic software proves it photocopied signature along with two lines of page. They switched real order with forged order.

- doc 14530 imposes unlawful process of M-390 upon different sets of victims, but 22 NYCRR 603.28 prohibits such group of injury victims.

- doc 14530 perpetuates an unregulated racket (SDNY M-390) to invade privacy by threat of non-cooperation report to refuse to concede to false unknown terms.

- docket 14530 had two "arbitrators" assigned to deal w. me (per M-390). I wonder if these people reported this matter back to 1 Bowling Green. I refused to appear on July 13, 2017, Sept 8, 2017, Oct 11, 2017, Oct 30, 2017, Nov 8, 2017, Dec 15, 2017, etc. etc. My matter then is in 2nd circuit a swarm of about dozen AAT attorneys sought to harm me in state to undermine 2nd circuit. I couldn't explain to 2nd circuit, but e-filed 300+ page appendix on Dec 20 2017, which 2nd circuit order me to correct as oversized appendix, but it wasn't filed for later purpose. I may now move to unstrike and correct as part of my own designation of proceedings involving AAT stalking me. One attorney G&E law firm for Wilmington Delaware appeared in name on Oct 4 2017 against me in state. I recently found that name in MLC service list as "interested party". I am thrilled to get Attorney's affidavit for motion to dismiss against me in May 2018 with listing of all those No Shows as AAT had me summoned to appear into *someone else's case*, so I couldn't even explain to 2nd circuit about appointments imposed upon me. I had no proof until Motion to Dismiss, I can finally now corroborate what is going on (they then threatened other harm so I had to abandon trying to get back to 2nd circuit to prevent all inevitable loss, by preemptive studying what they are up to in order to thwart from safety of No State Court). I understood I had to follow some alternate process, to timely object to appointment of "referee" while restating on docket there is no jurisdiction in state court, as I understood I may never be able to explain this to federal court.

- doc 14530 will impose substantial loss upon victim who refuses illegal group and adversity. AAT intends No Pay, only profit as broker. the purpose is to preclude. AAT relies upon "final and binding arbitration" as if secret collusive agreement as if 3 separate occurrences on 3 different city streets, involving different subsets of victims, is one occurrence. But 14530 is substantial threat as AAT represents Travelers, the injured victims who refuse fake process is precluded by AAT's "indemnification" of Travelers. It is later claimed arbitration is relied upon but that is typical AAT misapplication of law and frivolous process. NYS requires coverage even if non insurable, on basis to timely

disclaim (matter of weeks).    So AAT races to court house to sue victims to get Travelers disclaimer.    I have been subjected to all this harm since 2013, and in 2013 threatened Travelers with declaratory action, which forced the admission of per occurrence liability, so I never worried of occurrence, and Travelers is OK, its AAT which controls with fake BC-DOJ badge in state.    Until recently, I had no idea that is pervasive to nation, its nothing short of treason as it undermines US, states, and US Constitution.

- years, its all in docketed in various jurisdictions or in other form of verifiable proof (2nd circuit subpoena of email from other attorney regarding such one session of arbitration, then threat upon me).

- doc 14530 impose victims as gladiators with each other but also against pitbulls of AAT malicious attorneys, who have economic interest in YOUR health, but they are not your attorney or defendants attorneys.  My health matters has NOTHING to do with those fiends, and any process of govt may never impose such adversity upon me.   non process of M390 is ruthlessly enforced.

- doc 14530 requires M-390 "private meets" held in state court property for record purposes only.    I docket to corrupt clerk whatever meetings you hold on state property is not gov't business,   It is private meetings about nothing to endlessly hold victims trapped there for 6 years for being injured, in order for AAT to misuse their names to capture me to preclusion.

- doc 14530 breeds corrupt state process.  In Aug 2018 I docketed to state court clerk after I couldn't stop his appointments and received  no help from administrator, which I reached out to with offer to keep problem in house or go to first department about Anthony Nunez. That very administrator rubber stamped the next BC "order" which I prohibit Nunez from giving to his excellent Judge.  AAT must bribe or show fake federal badge as if with authority, but they are NOBODIES.

- doc 14530 enables AAT to manipulates evidence to obstruct and undermine NHTSA investigation. The NHTSA outcome of investigation is court outcome.  In Jan 2017, I am plagued by attorneys misrepresenting client who intends to fix scene of occurrences. He represents decedent estate and still is stuck in state court while I have been locked out of fed and state courts because of primarily him as front for simple matter which had nothing ever to do with me in first place.  I have learned thru the "contracts" that I was needed as type of tax deduction for AAT which is why they misuse name of estate of decedent. Decedent shared common yard with my children, played  with them. I didn't understand obsession to merge US Court action into and with that surrogate inaction. At least I understand now, why.   Tax evasion, somehow it offsets tax liability for AAT bookkeeper and must have benefited that attorney who stalked me.   he and his counter part of the same split action have no actual authority in that matter.

- doc 14530 forces victims into these adverse group meets to be forced to surrender liberty

right to privacy regarding medical records. I opted to deal only with Travelers is is MY right which AAT blocked to force even that matter out of court to get rid of AAT from my affairs. state law enables me to decide order of priority, ( not AAT, not M-390)

- doc 14530. undermine state toll laws afford infants who are wards of state, to be deprived of state court process, to be deprived of right to counsel, to impose me or my infant into false class, to order the transfer of billions stolen 10 years ago in bankruptcy and bank and securities fraud as to be distributed in billions for 20 year fraud under supervision of Arthur Gonzalez, but to harm of all victims who are unaware of Delaware corporate meeting of June 12 2019 at 1 Bowling Green NYC to effect theft of beneficial interests, to impose in-rem interests upon a fake created class, as if the switched carcass of odd-lots of fixtures is the very property which victims sought in fake disputed ownership trust (aka 501(a)9 tax free organization).

- **in all of the above, it is assumed that Hon Glenn's is familiar with his own findings of facts. These are facts I am not yet fully aware of one month ago, as I have to get thru thousands of documents to zero in on concealed plan. I can begin docketing pages of it for judicial notice.**

-

I respectfully request all those engaged in wrongdoing be granted immunity, and Chrysler and GM cases shut permanently, to end the matter. Daimler and Deutsche to get out of U.S.A. and must get out of NHTSA, as this organization may not self-regulate itself by auto trust.

I have over 200 police photos, 90 page police report, proving separate occurrence, and piles of proof against AAT and harm to other victims whose names were used to harm me and pursue me to preclusion at total loss or sue other victim. I am fond of & protective of AAT lead attorney in my own matter. There is nothing personal. its needs to terminate by moratorium order of oversight of NHTSA where the auto trust festers.

The GM and Chrysler cases are corrupt, there is no deadline, or service requirements, as its tax fraud, insurance fraud, federal fraud, treason upon states and U.S( EU states to be ambushed by Daimler AG and Deutsche Bank AG), securities fraud due to non-SEC disclosure despite beneficial interests in stolen property, grand larceny, court fraud, stoli racket, bank and much more. Wilmington has Silence of the Lambs operating for ten years.

The United States is statutory party under 49 USC 30120A.

I had to review thousands of pages of documents. Its 20 year fraud, it is disclosed to SEC. Its another sale, another effective date, I review German law and Delaware law. In accordance

with Delaware law they had to wait 10 years. Its theft of subsumed corporate entity valued at
hundreds of billions in today's dollars (worth about 170 billion in 1995). The German
accountant disclose 20 years ago its no in accordance with gaap accounting methods.

For past ten years this is repurchase transaction. It transferred its assets in bankruptcy fraud, to
conceal theft, but then for ten years shed all liabilities as perspective purchaser. There is no Fiat
purchaser.    The dealerships in Manhattan and Bronx are Chrysler Jeep Dodge Mopar, no Fiat.
Fiat is name online, likely to become Ford as there auto-trust involved. In 2017, in 16-cv-9145
(SDNY), I summarized those findings to Hon Kimba Wood, its liability scam. After June 10,
2009, its elimination of all liabilities.

Its GM motion doc 14505, the merger of parties to conceal. At all times, U.S. is concealed in
merged

This is not discretionary appeal. I did not seek Hon Nathan's consent to appeal (she denied it in
advance). Appeal of doc 2 is unrelated to "interlocutory" as defined by 28 USC 1292(b).    I had
no choice but attempt to try and comply with doc 2.    I was prejudiced to even attempt to
petition Dist court for certification of 2nd circuit appeal, as one month ago, I couldn't know what
I now know, e.g. recently ,    I had to identify dockets, get thru 888 pages GM 2nd amended plan,
review Chrysler plan, locate GM first plan as real Chrysler plan, understand how this scheme is
implement.

AAT never thought it would get caught, it left trail of evidence, unravelled as in moment of time.
It gets away with its schemes thru merger of time there is only but one instant to move and no
other time to prevent more harm than most harm. It is what is it is, but cannot be legitimized as
it is treason upon US and states and citizens of state and US Constitution.

my inability to meet file brief of Aug 19 2019, with pre-certification any object is without merit
and is frivilous. if I didn't have $505 for appeal to 2nd circuit, that order may have or would
have affirmed Hon Glenn's order 14530.

Doc 2 is established without Appellee written notice of appearance, without Appellee juridicial
standing, without Appellee capacity, without Appellee interest, and without appearance of a
trustee to represent this so-called "trust".

On June 12, 2019,  Hon Glenn and Hon Bernstein were each notified by email and by phone to
each of clerk prior to hearing that I refuse to consent to any judgment, decree, order, injunction,
as final and binding, that either have no authority under law to consider motion of state matters,

that purchaser interest as beneficiary of insurance is impermissible, and that *that very Chrysler* matter is pending in 2nd circuit under lead case no 17-1628, and may not be interfered as Chrysler hides within GM, despite its 2015 "discharge".

On June 13, 2019, Hon Glenn overrode my non-consent and entered Doc 14530 , and *according to itself,* it is final and binding upon the world, the fake class he created.   Moreover, he issued injunction prohibiting challenge, decreed doc 14530 as null ab initio if challenged, retained exclusive authority to himself, of challenge of his own authority.   He has unlimited unfettered power under 11 USC 105 to issue such injunctions,   decrees of immunities and indemnities, assign receiver of 1.5 billion of US govt money as there is no valid and enforceable contract to give AAT a penny of federal funds, as AAT is now known as the group of racketeers referred to in lead case 17-1628 in 2nd circuit in 2017 (AAT undermined and obstructed that federal proceeding by threats, intimidation, frivolous harm and malice directed squarely at me during summer and fall of 2017).

11 USC 105  is UNCONSTITUTIONAL on its face and as it effect me.  There are no boundaries or safeguards to protect from unlawful arbitrary unfettered power.

Martin Glenn exercised no authority under Fed Bankr Rule 9019 to issue doc 14530, as that matter was moot for months after final binding arbitration (according to motion 14505 itself) to cause in-rem division of estate and dissolution of debtors with 1.5 billion for US govt.

I appeal no part of the order in which title 11-defined debtors and title 11-defined creditors of General Motors Corporation have resolved all of their matters in 2019 through binding arbitration and enforceable contract, with 1.5 billion remaining which I challenge belongs to US govt.

on June 27 2019, I appealed doc 14530 for every aspect of that motion other than what is stated in preceding sentence.

On Aug 7 2019,  SDNY clerk of Manhattan bankruptcy unit mailed me 2-page docket no. 14605, that Notice of Appeal (appeal of doc 14530) is docketed in dis. court (as case no. 19-cv-6668) , that I will notified whenever schedule may be considered by the district court.  Days later, doc 14605 became overwrote with 10 pages.  I am unserved by PACER/ECF in that matter.

On July 18 2019, I am unaware that U.S. Dist. Court Judge Nathan is involved or that any appellee purportedly appear.  Hon Nathan issued sua sponte "order" ("doc 2") entered on July 18 2019.

- 15 -

Hon Nathan exercised unlawful authority in appellate capacity in megacase, without written notice of appearance of "lead attorneys" (3 of them) for "Avoidance Action Trust" without juridicial capacity (no trustee), without standing, without state interest, and without docketed notice of appearance.

Doc 2 is not an act of court procedure, as for valid purpose which requires itself, notice and opportunity to be heard, as fair and lawful. Doc 2, without my notice and knowledge, without being docketed, within context of self-certified statement that any objection I am to make regarding such timeline is now pre-certified as frivolous.

Hon Nathan's "deadline" of Aug 19, 2019 submission of "brief" was preclusive and collateral to end this matter as forfeit. *This megacase involves deceit, fraud and concealment.* it may be argued that I may have made motion to vacate, there wasn't time, as I am under duress to comply, due to self-certified bias as deterrent not to protest, and loose whatever precious time which she "afforded" me to protect myself from such harm of doc 14530.

Under absolute duress, and in good faith, I attempted to meet her brief deadline until by Aug 22, 2019 (3 days extension for mailed brief of non-ECF filer). Finally by Aug 21, 2019, I understood I am to be irreparably harmed if I do not appeal. I had no choice but to appeal to avoid harm of doc 14530 as effectively affirmed by my default which is caused by prejudice of her timeline, deterred to challenge it, futility of absolute loss of dare challenge it to her, and concealment of Chrysler fraud.

Doc 2 is same exercise of unlawful authority as doc 14530 is predicated upon. Within context of facts and circumstances (including fraud and concealment in Chrysler megacase, falsified bankruptcy dockets & false SEC filings), doc 2 and doc 14530 are so intertwined to cause same outcome - prejudice, injunctions, appointment of receiver, exercise of unlawful authority, loss of liberty, loss of property, loss of right of action, loss of ability to get counsel, loss of access to court, preclusion of ability of trial, obstruction of 2nd circuit in matter already pending in 2nd circuit, interference of state authority, interference in federal constitutional rights, imposition of fake class imposed upon world without authority, immunities and indemnities, injunctions against insurers which are liable to victims and which have NOTHING to do with the bankrupt or its assets purchaser within context.

11 USC 105 is unconstitutional and there is no SDNY jurisdiction to have hosted any of the frivolous process involving AAT frivolous motion without capacity, without standing, without interest as doc 14505 and Hon Glenn's doc 14530. Hon Glenn's doc 14530 and Hon Nathan's

doc 2 are under challenge as unlawful and without jurisdiction of any district court.  This matter escalates to 2nd circuit as related to same issue before 2nd circuit in 17-1628(L) and later I may move to consolidate those cases, but first will provide foundation to do so.  The exercise of unlawful authority in Dist Court by Hon Glenn and then by Hon Nathan give rise to what is NOW an article III controversy of interference of state sovereignty, and violation of constitutional rights, under guise of exercise of Art III authority as related to title 11.

As matter of constitutional law, upon guarantee of irreparable harm of doc 14530 by doc 2, with no recourse, doc 2 merged with doc 14530 for them to become immediately appealable to the 2nd circuit.  Despite my voluntary supplemental statement of relatedness (as doc 3 of 19-cv-6668), the district court designated it as transcript of proceeding.  I didn't designate it as such, and it is not.  The transcript of proceedings is being compiled, ordered (since before Aug 26 2019), verified, and is being categorized to be designated (since June 27 2019).

Appeal of doc 2 is merged into and with appeal of doc 14530 on this appeal to 2nd circuit as Article controversy of district court authority under Art III, Art I predicated upon title 11 and with misuse of 11 USC 105 as UNCONSTITUTIONAL, as without safeguards or standards to effect an exercise of discretion.  It is unfettered arbitrary and unlawful power in which people are governed by whim of others and no longer by law and constitution and governments of state and United states.

The 2nd circuit already has jurisdiction since June 2017 in this very matter of federal inference of state sovereignty by slush fund attorneys and federal funded trustee (wilmington)which looks the other way.

Dated:  September 15, 2019

Marianne OGrady, pro se, and appellant
83 E 236 St, Bronx NY 10470
347-739-7036
marianne_ogrady@hotmail.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Motors Liquidation Company,

                    Debtor,                              19-cv-6668 (AJN)

Marianne OGrady,

                    Appellant,                           ORDER

          -v-

Motors Liquidation Company Avoidance Action Trust,

                    Appellee.

ALISON J. NATHAN, District Judge:

          The above case has been assigned to me for all purposes.  It is hereby ORDERED that the

Appellant shall file their brief by no later than August 19, 2019.  Appellee shall file their

opposition by September 2, 2019.  Appellant's reply brief, if any, must be filed by September 16,

2019.  The parties are also directed to proceed pursuant to this Court's Special Rules of Practice

in Civil Pro Se Cases.[1]

          Should Appellant want legal advice, they may consult the *pro se* legal clinic. On

September 19, 2016, a new legal clinic opened in this District to assist people who are parties in

civil cases and do not have lawyers. The Clinic is run by a private organization called the New

York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things,

therefore cannot accept filings on behalf of the Court, which must still be made by any

unrepresented party through the Pro Se Intake Unit). The Clinic is located in the Thurgood

---

[1] These are available at http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=623

Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22,

which is just inside the Pearl Street entrance to that Courthouse. The Clinic is open on weekdays

from 10 a.m. to 4 p.m., except on days when the Court is closed. An unrepresented party can

make an appointment in person or by calling 212-659-6190.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

A copy of this Order shall be mailed to the *pro se* Appellant and that mailing shall be

noted on the public docket.

SO ORDERED:

Dated: July **18**, 2019
     New York, New York

7/18/19

_____
ALISON J. NATHAN
United States District Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x

In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

Chapter 11

Case No. 09-50026 (MG)
(Jointly Administered)

                                              Debtors.
-----------------------------------------------------------------------x

MOTORS LIQUIDATION COMPANY AVOIDANCE
ACTION TRUST, by and through the Wilmington Trust
Company, solely in its capacity as Trust Administrator and
Trustee,

                                              Plaintiff,

                against

JPMORGAN CHASE BANK, N.A., *et al.*,

                                              Defendants.
-----------------------------------------------------------------------x

Adversary Proceeding

Case No. 09-00504 (MG)

**ORDER PURSUANT TO SECTIONS 105 AND 1142 OF THE BANKRUPTCY**
**CODE AND BANKRUPTCY RULE 9019 APPROVING**
**THE SETTLEMENT AGREEMENT AND RELATED RELIEF**

Upon the motion (the **"Motion"**) of Motors Liquidation Company Avoidance Action Trust

(the "AAT") pursuant to Bankruptcy Code sections 105(a) and 1142 and Bankruptcy Rule 9019

dated May 13, 2019 for approval of the settlement agreement (the **"Settlement Agreement"**) dated

as of April 10, 2019, entered into among the AAT, the Motors Liquidation Company GUC Trust

(the **"GUC Trust"**), each of the defendants in the Term Loan Avoidance Action that are listed on

Schedule 1 to the Settlement Agreement (including any dissolved defendant on behalf of which its

former manager or other related Person executed the Settlement Agreement), including, without

limitation, JPMorgan Chase Bank, N.A., in its individual capacity and as administrative agent (in

both such capacities, "**JPMorgan**") under a Term Loan Agreement dated as of November 29, 2006

and amended from time to time (the "**Term Loan Agreement**"), and Simpson Thacher & Bartlett

LLP (each a "**Party**," and collectively, the "**Parties**")[1]; and the joinder to the Motion by the GUC

Trust dated May 13, 2019; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. § 1409; and upon consideration of the

Declaration of Arthur J. Gonzalez dated May 8, 2019; and due and proper notice of the Settlement

Agreement having been given, and no other or further notice being necessary; and the Court having

reviewed the Settlement Agreement; and after due deliberation and for good cause shown,

THE COURT FINDS:[2]

A.    The legal and factual bases set forth in the Motion establish just and sufficient cause

to grant the relief requested therein.

B.    The Settlement Agreement and the actions contemplated thereby, including the

releases and bar order given therein, meet the standards established by the Second Circuit for the

approval of a compromise and settlement in bankruptcy, and are reasonable, fair and equitable and

supported by adequate consideration.

C.    The Settlement Agreement and the actions contemplated thereby, including the

---

[1]    The Settlement Agreement is annexed as Exhibit B to the Motion. Capitalized terms
used in this Order without definition have the meanings ascribed thereto in the Settlement
Agreement.

[2]    The findings and conclusions set forth herein constitute the Court's findings of fact and
conclusions of law pursuant to Bankruptcy Rule 7052. To the extent that any of the findings of
fact constitute conclusions of law, they are adopted as such. To the extent any of the following
conclusions of law constitute findings of fact, they are adopted as such.

2

releases given therein, are in the best interests of the beneficiaries of the AAT.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is **GRANTED** and the Settlement Agreement is **APPROVED**, to the extent set forth herein.

2.      Any and all objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled on the merits.

3.      The AAT and the GUC Trust are authorized to take all necessary steps pursuant to the terms and conditions of the Settlement Agreement to effectuate the Settlement Agreement and the other Settlement Documents, including without limitation, execution, delivery and performance of the Settlement Agreement and the other Settlement Documents, allowance of the Allowed TL Claims, and effectuation of the releases, bar order and the covenants not to sue incorporated in the Settlement Agreement, the other Settlement Documents and/or this Order.

4.      As evidenced by the affidavits of service filed with this Court, and in accordance with the procedures described in the Motion, notice has been given and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to (a) the potential beneficiaries of the AAT, including the holders of Allowed General Unsecured Claims (as defined in the AAT Agreement); (b) the DIP Lenders; (c) the Capital Providers; (d) the Office of the United States Trustee for the Southern District of New York; (e) counsel to the Signatory Plaintiffs, as such term is defined in the settlement agreement by and among the Signatory Plaintiffs and the GUC Trust, dated as of February 1, 2019; (f) JPMorgan; (g) the Defendants Steering Committee Counsel; (h) all other Term Lender counsel of record; (i) any other Term Lender recipient of the Term Loan Repayment at the electronic or physical address provided

3

to JPMorgan, as agent, by the Term Lender as of June 30, 2009 (or such other address, if any, as provided by such Term Lender to JPMorgan thereafter in connection with the Term Loan Avoidance Action); (j) any Net Proceeds Counter-Party to a Net Proceeds Transaction with JPMorgan; (k) any Net Proceeds Counter-Party to a Net Proceeds Transaction with a Non-JPMorgan Term Lender Party, provided that such Net Proceeds Counter-Party is known to the employee or representative of such Non-JPMorgan Term Lender Party who is responsible for supervising the defense of the Term Loan Avoidance Action; (l) additional publication notice of the Motion has been published in The New York Times and Investor's Business Daily, as set forth in the Settlement Agreement; and the notice was good, sufficient and appropriate in light of the circumstances and the nature of the relief requested, and no other or further notice is or shall be required.

5.    The Fee Examiner shall be given the maximum immunity permitted by law from civil actions for all acts taken or omitted in the performance of her duties. In addition to such immunity, no action may be commenced against the Fee Examiner in connection with Fee Examiner matters except in this Court and only with the prior approval of this Court, which retains exclusive jurisdiction.

6.    This Order is a final order within the meaning of 28 U.S.C. § 158(a).

7.    Upon entry of this Order, any Person (other than a DIP Lender) that is not a signatory to the Settlement Agreement is permanently barred, enjoined, and restrained from contesting or disputing the reasonableness of the settlement, or commencing, prosecuting, or asserting any Actions, including, without limitation, Actions for contribution, indemnity, or comparative fault (however denominated and on whatsoever theory), arising out of or related to any Released Matters, to the fullest extent permitted by law.

4

8.      JPMorgan is authorized in its capacity as administrative agent pursuant to Section 8.05 of the Term Loan Agreement to grant the releases by the Term Lenders contemplated by the Settlement Agreement, to the fullest extent permitted by law.

9.      For the avoidance of doubt, nothing in this Order shall preclude: (i) claims by the Parties to the Settlement Agreement or Settlement Documents to enforce any obligations created therein; (ii) claims by the Parties to the Settlement Agreement to enforce this Order; or (iii) claims by JPMorgan and the non-JPMorgan Term Lender Parties to pursue, receive or retain distributions on the Allowed TL Claims allocated in Schedule 1 of the Settlement Agreement.

10.      The AAT Settlement Payment is (i) being made to the AAT to settle the Term Loan Avoidance Action against the Term Lenders, (ii) a partial repayment of the Term Loan Repayment on behalf of the Term Lenders, and (iii) a recovery by the AAT of the proceeds of the Term Loan Avoidance Action.

11.      The claims arising in favor of the Term Lenders as a result of the AAT Settlement Payment are allowed claims against the GUC Trust and the AAT pursuant to Bankruptcy Code section 502(h), and are "Term Loan Avoidance Action Claims" under and as defined in the GUC Trust Agreement and the AAT Agreement, respectively.

12.      The failure to specifically include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Settlement Agreement, and all actions required for its implementation, be approved in its entirety.

13.      If the Final Closing Conditions are not met, then this Order shall be deemed to be nullified and void ab initio in all respects.

14.      This Order shall be immediately effective and enforceable upon entry.

5

15.    The Court shall retain jurisdiction to hear and determine any and all matters concerning this Order.

**IT IS SO ORDERED.**
Dated:  June 13, 2019
         New York, New York

**/s/ Martin Glenn**
MARTIN GLENN
United States Bankruptcy Judge

6

FILED: BRONX COUNTY CLERK 09/23/2015 01:19 PM
NYSCEF DOC. NO. 10

INDEX NO. 23913/2015E
RECEIVED NYSCEF: 09/23/2015

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX**

|  |  |
|---|---|
| KAREN GILL and DAMIEN GILL,<br>Individually, and as Administrators of the<br>Estate of KALIE LOUISE GILL, Deceased,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>ROSEANNE PICCIRILLI, NICOLA<br>PICCIRILLI, L & S AUTO REPAIR INC.,<br>DAIMLERCHRYSLER CORP., OLD<br>CARCO LLC f/k/a CHRYSLER LLC,<br>CHRYSLER GROUP LLC, and FCA US LLC,<br><br>　　　　　　Defendants. | Index No. 23913/2015E<br><br>**NOTICE OF PLAN INJUNCTION** |

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

　　　　1.　　On April 30, 2009 (the "Petition Date"), Old Carco LLC (formerly known as Chrysler LLC) ("Old Carco") and 24 of Old Carco's domestic direct and indirect subsidiaries (collectively with Old Carco, the "Original Debtors"), filed voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On May 19, 2009, Alpha Holding LP ("Alpha" and, collectively with the Original Debtors, the "Debtors") commenced its bankruptcy case by filing a voluntary petition under chapter 11 of the Bankruptcy Code. By orders of the Bankruptcy Court, the Debtors' chapter 11 cases were consolidated for procedural purposes and have been jointly administered under Case No. 09-50002 (SMB) (Bankr. S.D.N.Y.).

　　　　2.　　On April 23, 2010, the Bankruptcy Court entered the Order Confirming the Second Amended Joint Plan of Liquidation of Debtors and Debtors in Possession, as

- 26 -

Modified (Docket No. 6875) (the "Confirmation Order"), a copy of which is attached hereto as

Exhibit A. Attached to the Confirmation Order as Annex I is the confirmed Second Amended

Joint Plan of Liquidation of Debtors and Debtors in Possession, as Modified, which was further

modified by the Order, Pursuant to Section 1127(b) of the Bankruptcy Code, Approving

Technical Modification of Confirmed Second Amended Joint Plan of Liquidation of Debtors and

Debtors in Possession, as Modified, dated April 28, 2010 (Docket No. 6923) (collectively with

all exhibits thereto, the "Plan").[1]

       3.     The Plan became effective in accordance with its terms on April 30, 2010

(the "Effective Date"). On the Effective Date, the Debtors (other than Alpha) were dissolved,

and Old Carco Liquidation Trust (the "Liquidation Trust") was established pursuant to and in

accordance with the Plan for the purpose of, among other things, resolving all Disputed Claims.

The Liquidation Trust is the successor in interest to the Debtors for purposes of implementing

the Plan.

       4.     As of the Effective Date, pursuant to Section III.E.4 of the Plan and

paragraphs 25 through 31 of the Confirmation Order, among other things, all Persons who have

been, are or may be holders of Claims against a Debtor are enjoined from commencing,

conducting or continuing in any manner, directly or indirectly, any suit, action or other

proceeding of any kind against a Debtor, its Estate, the Liquidation Trust, the Liquidation

Trustee or the Litigation Manager, or the respective Assets or property of any of the foregoing,

including the Liquidation Trust Assets (the "Plan Injunction"). Notwithstanding the Plan

Injunction, pursuant to paragraphs 30 and 31 of the Confirmation Order, holders of Tort Claims

are permitted to (a) commence, pursue or continue litigation to pursue applicable insurance,

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Plan.

-2-

including litigation against the Debtors' insurers, if any ("Insurance Litigation"); and (b) in connection therewith, name one or more of the Debtors as nominal defendants solely for the purpose of pursuing claims against and collection of payment of proceeds under any such insurance, if any.

5.      In light of the Plan Injunction, except with respect to Insurance Litigation as set forth in paragraphs 30 and 31 of the Confirmation Order, no cause of action arising prior to, or relating to the period prior to, the Effective Date may be commenced or continued against the Liquidation Trust (as successor in interest to the Debtors), in any judicial, administrative or other forum and no related judgment may be entered or enforced against the Liquidation Trust outside of the Bankruptcy Court without the Bankruptcy Court first issuing an order lifting or modifying the Plan Injunction for such specific purpose.

-3-

Dated: September 23, 2015      By: _Genna Ghaul_
     New York, New York      Genna L. Ghaul
                                     JONES DAY
                                     222 East 41st Street
                                     New York, New York 10017
                                     Telephone:  (212) 326-3939
                                     Facsimile:  (212) 755-7306
                                     Email:  gghaul@jonesday.com

                                     Jeffrey B. Ellman
                                     JONES DAY
                                     1420 Peachtree Street, N.E.
                                     Suite 800
                                     Atlanta, Georgia 30309
                                     Telephone:  (404) 581-3939
                                     Facsimile:  (404) 581-8330
                                     Email:  jbellman@jonesday.com

                                     Thomas A. Wilson
                                     JONES DAY
                                     901 Lakeside Avenue
                                     Cleveland, Ohio 44114
                                     Telephone:  (216) 586-3939
                                     Facsimile:  (216) 579-0212
                                     Email:  tawilson@jonesday.com

                                     **Attorneys for Old Carco Liquidation Trust**

-4-

[docket 9477 of 09-bk-50026  SDNY]

Exhibit A-3

Motors Liquidation Company
GUC Trust Agreement

Hypothetical Distribution to a Holder of
a Unit from Excess GUC Trust Distributable Assets[3]

Assumptions:

*As of the Effective Date:*

| | |
|---|---:|
| Number of shares of New GM Common Stock available for distribution on the Effective Date ($G_I$):[4] | 150,000,000 |
| Number of New GM $10.00 Warrants available for distribution on the Effective Date ($G_I$): | 136,363,636 |
| Number of New GM $18.33 Warrants available for distribution on the Effective Date ($G_I$): | 136,363,636 |
| Total Allowed Amount as of the Initial Distribution Record Date(sum of Initial Allowed General Unsecured Claims): | $32,000,000,000 |
| Aggregate Maximum Amount (sum of Maximum amounts of Disputed General Unsecured Claims, Unresolved Term Loan Avoidance Action Claims, and Unresolved Other Avoidance Action Claims): | $10,000,000,000 |
| Current Total Amount (sum of Total Allowed Amount and Aggregate Maximum Amount): | $42,000,000,000 |
| Unit Issuance Ratio: | 1 Unit/$1,000 of Allowed Claim |
| Number of Units issuable: | 42,000,000 |

---

[3]  This illustration is purely hypothetical, uses hypothetical numbers for the amounts of allowed/disputed claims, and is not representative of the actual dollar amounts of claims in any respect.

[4]  If the total claims pool exceeds $35 billion and the GUC Trust receives Additional Securities, such Additional Securities will be distributed as provided in Sections 5.3 and 5.4 of the Agreement.

A3-1

[docket 9477 of 09-bk-50026  SDNY]

<u>First Distribution Date</u>

*As of the end of the first calendar quarter:*

| | |
|---|---:|
| Total Amount of Resolved Allowed General Unsecured Claims: | |
|     Amount of Resolved Allowed General Unsecured Claims as of the Initial Distribution Record Date: | $0 |
|     Amount of Resolved Allowed General Unsecured Claims since the Initial Distribution Record Date: | $2,000,000,000 |
|     Total | **$2,000,000,000** |
| Amount of General Unsecured Claims disallowed since the Initial Distribution Record Date (L): | **$500,000,000** |
| Aggregate Maximum Amount (sum of Maximum amounts of Disputed General Unsecured Claims, Unresolved Term Loan Avoidance Action Claims, and Unresolved Other Avoidance Action Claims): | **$7,500,000,000** |
| Total Allowed Amount (sum of Initial Allowed General Unsecured Claims and Resolved Allowed General Unsecured Claims) (T): | **$34,000,000,000** |
| Current Total Amount (C): | **$41,500,000,000** |
| Number of Units outstanding as of Effective Date | 32,000,000 |
| $U_O$ (total number of Units outstanding, including Units distributed, or to be distributed to holders of Resolved Allowed General Unsecured Claims during the calendar quarter) | 34,000,000 |
| H (Protective Holdback and other deductions)[6] | 0 |
| $G_{X \text{ shares}} = (G_I - H) * [T/C - T/(C + L)]$ | 1,462,995 |
| $G_{X \text{ warrants}} = (G_I - H) * [T/C - T/(C + L)]$ | 1,329,995 |

---

[6] Ignoring for these purposes the initial Reporting and Transfer Holdback.

A3-2

KL2 2677419.19

[docket 9477 of 09-bk-50026  SDNY]

Calculations:

*Distributions to Holders of Units*

| Shares of New GM Common Stock | *On a 32,000,000 Unit basis* |
|---|---|
| | $32{,}000{,}000 \div 34{,}000{,}000 \; x \; 1{,}462{,}995$ $= 1{,}376{,}936$ shares |
| | *On a 1000 Unit basis* |
| | $1000 \div 34{,}000{,}000 \; x \; 1{,}462{,}995 = 43$ shares |
| New GM $10.00 Warrants | *On a 32,000,000 Unit basis* |
| | $32{,}000{,}000{,}000 \div 34{,}000{,}000{,}000 \; x \; 1{,}329{,}995 =$ warrants to acquire 1,251,760 shares |
| | *On a 1,000,000 Unit basis* |
| | $1000 \div 34{,}000{,}000{,}000 \; x \; 1{,}329{,}995 =$ warrants to acquire 39 shares |
| New GM $18.33 Warrants | *On a 32,000,000 Unit basis* |
| | $32{,}000{,}000{,}000 \div 34{,}000{,}000{,}000 \; x \; 1{,}329{,}995 =$ warrants to acquire 1,251,760 shares |
| | *On a 1,000,000 Unit basis* |
| | $1000 \div 34{,}000{,}000{,}000 \; x \; 1{,}329{,}995 =$ warrants to acquire 39 shares |

A3-3

KL2 2677419.19

[docket 9477 of 09-bk-50026  SDNY]

## Second Distribution Date

*As of the End of the second calendar quarter*

| | |
|---|---:|
| Total Amount of Resolved Allowed General Unsecured Claims as of the end of the calendar quarter: | |
| Amount of Resolved Allowed General Unsecured Claims as of the end of the prior calendar quarter: | $2,000,000,000 |
| Amount of Resolved Allowed General Unsecured Claims during the calendar quarter: | $1,000,000,000 |
| Total | **$3,000,000,000** |
| Amount of General Unsecured Claims disallowed as of the end of the calendar quarter: | |
| Amount of Claims disallowed as of the end of the prior calendar quarter: | $500,000,000 |
| Amount of Claims disallowed during the calendar quarter (L): | $700,000,000 |
| Total | **$1,200,000,000** |
| Aggregate Maximum Amount at the time: | **$5,800,000,000** |
| Total Allowed Amount (sum of Initial Allowed General Unsecured Claims and Resolved Allowed General Unsecured Claims) (T) | **$35,000,000,000** |
| Current Total Amount (C): | **$40,800,000,000** |
| Total number of Units outstanding at the end of the prior quarter | 34,000,000 |
| $U_O$ (total number of Units outstanding, including Units distributed, or to be distributed to holders of Resolved Allowed General Unsecured Claims during the calendar quarter) | 35,000,000 |
| H (Protective Holdback and other deductions)[7] | 0 |
| $G_{X \text{ shares}} = (G_I - H) * [T/C - T/(C + L)]$ | 2,170,446 |
| $G_{X \text{ warrants}} = (G_I - H) * [T/C - T/(C + L)]$ | 1,973,133 |

---

[7] Ignoring for these purposes the initial Reporting and Transfer Holdback.

[docket 9477 of 09-bk-50026  SDNY]

*Distributions to Holders of Units*

| | |
|---|---|
| Shares of New GM Common Stock | *On a 34,000,000 Unit basis:*<br><br>34,000,000 ÷ 35,000,000 *x* 2,170,446 =  2,108,434 shares<br><br>*On a 1000 Unit basis:*<br><br>1000 ÷ 35,000,000 *x* 2,170,446 =  62 shares |
| New GM $10.00 Warrants | *On a 34,000,000 Unit basis:*<br><br>34,000,000 ÷ 35,000,000 *x* 1,973,133= warrants to acquire 1,916,758 shares<br><br>*On a 1000 Unit basis:*<br><br>1000 ÷ 35,000,000 *x* 1,973,133= warrants to acquire 56 shares |
| New GM $18.33 Warrants | *On a 34,000,000 Unit basis:*<br><br>34,000,000 ÷ 35,000,000 *x* 1,973,133= warrants to acquire 1,916,758 shares<br><br>*On a 1000 Unit basis:*<br><br>1000 ÷ 35,000,000 *x* 1,973,133= warrants to acquire 56 shares |

A3-5

KL2 2677419.19