

mwe.com

Kristin Going
Attorney at Law
kgoing@mwe.com
+1 212 547 5429

October 22, 2019

**VIA EMAIL AND ECF FILING**

The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

      *Re:    Motors Liquidation - Proposed Briefing Schedule for Late Claims*

Dear Judge Glenn:

      Counsel for the Motors Liquidation Company GUC Trust (the "GUC Trust") submits this letter to (i) update the Court on the results of two meet and confer sessions that counsel for the GUC Trust conducted with counsel for the Participating Unitholders, New GM, the Economic Loss Plaintiffs, and counsel for the remaining 18 personal injury plaintiffs represented by Lisa Norman seeking recovery against the GUC Trust (the "PIWD Plaintiffs"); and (ii) request a status conference in order to finalize the proposed briefing schedule outlined below.

      As you know, the proposed settlement agreement dated February 1, 2019, between the Economic Loss Plaintiffs, the PIWD Plaintiffs, and the GUC Trust (the "Settlement Agreement") has been terminated effective September 25, 2019, rendering any briefing on the impact of Judge Furman's decision on the Settlement Agreement moot. The parties have now turned their full attention to finding a new path forward that will allow for the expeditious resolution of the late claims litigation. Counsel for the GUC Trust and Participating Unitholders held two meet and confer sessions with counsel for the PIWD Plaintiffs, the Economic Loss Plaintiffs, and New GM regarding future briefing. Counsel for the GUC Trust and the Participating Unitholders now write jointly to submit the following briefing proposal and to report that the Economic Loss Plaintiffs and New GM have confirmed that they do not oppose briefing the issues identified below. However, some of the parties oppose the timeline proposed below for briefing the agreed upon issues.

      Several of the issues listed below were previously identified as "Threshold Issues" in prior orders of this Court. Accordingly, we submit that these issues are ripe for the Court's adjudication and can be resolved promptly based upon the record that currently exists, along with minimal supplemental briefing.



340 Madison Avenue   New York NY 10173-1922   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

October 22, 2019
Page 2

The proposed issues to be addressed by the parties in their briefs are to be as follows:

(i) Does the due process violation determined by the Second Circuit in *Elliott v. General Motors LLC*, 829 F.3d 135 (2d Cir. 2016) and/or the assertion of a claim against new GM preclude Economic Loss Plaintiffs and PIWD Plaintiffs with claims arising from NHTSA Recall No. 14v-047 (the "Ignition Switch Plaintiffs") from seeking recovery from the GUC Trust?

(ii) The parties shall refresh/supplement arguments regarding the Initial Late Claim Motions Issues identified by the Court in its Order dated March 2, 2017 [Dkt. No. 13869], specifically:

- Are the proponents of the Late Claim Motions required to satisfy the standard set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) in order to obtain authority to file late proofs of claim? (the "Applicability of *Pioneer* Issue");

- Are some of or all of the proponents of the late claim motions the beneficiaries of a tolling agreement with respect to the time for filing late claim motions? (the "Tolling Issue");

(iii) If *Pioneer* applies to the late claim motions, can the Ignition Switch Plaintiffs satisfy the requirements for authorization to file late proofs of claim?

(iv) If the Ignition Switch Plaintiffs can satisfy *Pioneer*, should such claims nevertheless be disallowed/dismissed on the grounds of equitable mootness?

The GUC Trust and Unitholders further propose that, with the exception of the Tolling Issue, briefing be limited to claims of "Ignition Switch Plaintiffs," meaning plaintiffs whose claims relate to NHTSA Recall No. 14v-047. As the Court has recognized, the Second Circuit's due process finding related exclusively to the Ignition Switch Plaintiffs. *See In re Motors Liquidation Co.*, 571 B.R. 565, 572–73 (Bankr. S.D.N.Y. 2017), *aff'd in part, vacated in part*, 590 B.R. 39 (S.D.N.Y. 2018). As a result, the Ignition Switch Plaintiffs are in a fundamentally different position than all other plaintiffs in this case. Because the due process violation is central to the plaintiffs' arguments in support of their late claims, we submit that limiting briefing to the Ignition Switch Plaintiffs is the most logical and efficient way to proceed. Further, proceeding solely with regard to potential claims arising from NHTSA Recall No. 14v-047 is consistent with what the parties had previously contemplated in January 2017. *See* Tr. Jan. 12, 2017 Hr'g (Mr. Weisfelner - "all the parties agreed, and Your Honor so ordered, that what we're scheduling is late claims as it relates to what GM defines as ignition switch . . ."). However, because the Tolling Issue has already been briefed with respect to non-Ignition Switch Plaintiffs, the parties agree it should be resolved now in the manner set forth in the initial briefing Order of March 2017.

Further, while the GUC Trust and Participating Unitholders do not propose that the parties brief the issue of whether New GM has standing to be heard regarding these initial late claim issues, the GUC Trust and Unitholders reserve all rights to raise the issue of New GM's standing to be heard with respect to any of the proposed issues listed above. Based upon representations made by New GM's counsel and



October 22, 2019
Page 3

our understanding of what New GM intends to argue, the GUC Trust and Unitholders do not believe it is an efficient use of time and resources to debate whether New GM has any conceivable injury at this juncture.

The proposed procedure for filing and serving briefs is to be as follows:

- The Ignition Switch Plaintiffs, the GUC Trust, the Unitholders, and New GM shall file and serve concurrent opening briefs regarding the abovementioned issues by **November 22, 2019**.

- The Ignition Switch Plaintiffs, the GUC Trust, the Unitholders, and New GM shall file and serve concurrent reply briefs by **December 13, 2019**.

- The Court shall hold argument on _____.

The lengths of the opening briefs shall be no longer than **50 pages**, and reply briefs shall be no longer than **25 pages**.

We appreciate the Court's attention to this request, and we are available if the Court has questions or needs additional information.

Respectfully submitted,

*s/ Kristin Going*

Kristin Going

