**MCDERMOTT WILL & EMERY LLP**
340 Madison Ave.
New York, New York 10173
Telephone: (212) 547-5429
Facsimile: (646) 417-7313
E-mail: kgoing@mwe.com
Kristin K. Going

*Attorneys for the Motors Liquidation Company*
*GUC Trust Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
: 
**In re** :
: Chapter 11
:
: Case No. 09-50026 (MG)
**MOTORS LIQUIDATION COMPANY,** *et al.*, :
**f/k/a General Motors Corp.,** *et al.* : (Jointly Administered)
:
**Debtors.** :
-----------------------------------------------------------------x

*EX PARTE* **MOTION OF WILMINGTON TRUST COMPANY, AS GUC TRUST ADMINISTRATOR, FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND LOCAL BANKRUPTCY RULE 9077-1 ESTABLISHING FEBRUARY 26, 2020 AS THE DEADLINE BY WHICH: (I) THE REMAINING LATE CLAIMANTS MUST FILE A NOTICE OF INTENTION TO PROCEED *PRO SE* OR (II) COUNSEL TO THE REMAINING LATE CLAIMANTS (IF ANY) MUST FILE A <u>NOTICE OF APPEARANCE IN THIS CHAPTER 11 CASE</u>**

By and through its undersigned counsel, the GUC Trust Administrator of the Motors Liquidation Company GUC Trust (the "<u>GUC Trust</u>"), as established under the Debtors' Second Amended Joint Chapter 11 Plan dated as of March 18, 2011 [ECF No. 9836] (as confirmed, the "<u>Plan</u>") of the above-captioned post-effective date debtors (the "<u>Debtors</u>") in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), respectfully submits this Ex Parte *Motion for an Order Pursuant to Bankruptcy Code Section 105(a) and Local Bankruptcy Rule 9077-1 Establishing February 26, 2020 as the Deadline by Which: (I) the Remaining Late Claimants Must File a Notice of Intention to Proceed* Pro Se *or (II) Counsel to the Remaining Late*

*Claimants (if any) Must File a Notice of Appearance in This Chapter 11 Case* (the "Motion").

In support of the Motion, the GUC Trust Administrator respectfully represents as follows:

## RELIEF REQUESTED

1. By this Motion, the GUC Trust respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Show Cause Order"), under sections 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9077-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), establishing February 26, 2020 as the deadline by which: (i) the Remaining Late Claimants must file a notice of intention to proceed *pro se* or (ii) counsel to the Remaining Late Claimants (if any) must file a notice of appearance in this Chapter 11 Case (each, an "Intention to Prosecute").

## JURISDICTION

2. With respect to claims of Pre-Closing Accident Plaintiffs,[1] the Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 157(a)(2)(A).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought in this Motion are Bankruptcy Code section 105(a).

---

[1] The term "Pre-Closing Accident Plaintiffs" shall mean those plaintiffs asserting personal injury or wrongful death claims or persons who suffered a personal injury or wrongful death that occurred prior to the Closing Date involving an Old GM vehicle that was later subject to the Recalls. The Pre-Closing Accident Plaintiffs are comprised of a subset asserting claims or who suffered an injury or death involving an Old GM vehicle with an Ignition Switch Defect (the "Ignition Switch Pre-Closing Accident Plaintiffs"), and a subset asserting claims or who suffered an injury or death involving vehicles with other defects (the "Non-Ignition Switch Pre-Closing Accident Plaintiffs"). Collectively, the Ignition Switch Pre-Closing Accident Plaintiffs, Non-Ignition Switch Pre-Closing Accident Plaintiffs and Pre-Closing Accident Plaintiffs are the "Plaintiffs."

2

**BACKGROUND**

5.  On December 22, 2016, Goodwin Procter, LLP ("Goodwin") filed a motion seeking authority to file late proofs of claim (the "Initial Late Claims Motion")[2] on behalf of certain Ignition Switch Pre-Closing Accident Plaintiffs represented by Hilliard Muñoz Gonzales L.L.P. ("HMG"). On May 25, 2018, Goodwin filed a supplemental motion seeking authority to file late claims (the "Supplemental Late Claims Motion" and, together with the Initial Late Claims Motion, the "Late Claims Motions")[3] on behalf of certain Non-Ignition Switch Pre-Closing Accident Plaintiffs represented by HMG and Thomas J. Henry Injury Attorneys ("TJHIA"). The Late Claims Motions attached proposed proofs of claim for each individual Pre-Closing Accident Plaintiff.

6.  Goodwin filed the Late Claims Motions on behalf of approximately 244 Pre-Closing Accident Plaintiffs. Since the Late Claims Motions were filed, Goodwin withdrew as counsel to certain Pre-Closing Accident Plaintiffs that are no longer clients of HMG or TJHIA[4] in the multi-district litigation pending before the Honorable Jesse M. Furman of the United States District Court for the Southern District of New York, *In re General Motors LLC Ignition Switch Litigation*, MDL No. 2543 (JMF) (S.D.N.Y.) (the "MDL"). The orders approving the withdrawal motions required Goodwin to provide notice to each such former client to retain new counsel or to proceed *pro se*.[5] The orders approving the withdrawal motions also required

---

[2] See ECF No. 13807.

[3] See ECF No. 14325.

[4] See ECF Nos. 14179, 14282.

[5] See MDL ECF Nos. 4840 (the "November 27, 2017 Withdrawal Order"), 5685 (the "June 13, 2018 Withdrawal Order") and 5960 (the "August 22, 2018 Withdrawal Order"), attached hereto as **Exhibits B–D**. There are three motions to withdraw currently pending as well. See MDL ECF Nos. 7575, 7576 and 7578. The details of all of the Pre-Closing Accident Plaintiffs on whose behalves Goodwin filed motions to withdraw, that were dismissed from the MDL actions, and for whom withdrawal motions are pending are described in the *Notice of Withdrawal as Counsel of Record for Certain Movants Under Omnibus Motion By Certain Ignition Switch Pre-Closing Accident Plaintiffs for Authority to File Late Proofs of Claim for Personal Injuries and Wrongful Deaths [Docket No. 13807]* [ECF No. 14179] (the "First Withdrawal Notice"), *Second Notice of Withdrawal as Counsel of Record for Certain Movants Under Omnibus Motion By Certain Ignition Switch Pre-Closing Accident Plaintiffs for Authority to File Late Proofs of Claim for Personal Injuries and Wrongful*

each such former client to file, in the form of a new lawsuit, an amended and severed complaint in the United States District Court for the Southern District of New York and to pay accompanying filing fees.[6]

7. Most of the remaining Pre-Closing Accident Plaintiffs have now reached a settlement with New GM pursuant to which, *inter alia*, these settling plaintiffs have agreed to withdraw their proofs of claim from the applicable Late Claims Motions.[7] However, there are 5 non-settling Pre-Closing Accident Plaintiffs and 54 Pre-Closing Accident Plaintiffs that Goodwin has withdrawn as counsel for, but for whom Goodwin did not withdraw the applicable Late Claims Motions.

8. Thus, the Late Claims Motions remain live with respect to 59 Pre-Closing Accident Plaintiffs (the "Remaining Late Claim Movants"). However, Goodwin will not be prosecuting the Late Claims Motions with respect to such Remaining Late Claim Movants and the GUC Trust Administrator does not know whether any of the Remaining Late Claim Movants intend to the prosecute the Late Claims Motions.

9. At the December 10, 2019 Case Management Conference before the Court, the Court indicated that it may want to impose a deadline on the Remaining Late Claim Movants to decide whether or not to prosecute the Late Claims Motions.[8] Mr. Weintraub of Goodwin

---

*Deaths [Docket No. 13807]* [Docket No. 14282] (the "Second Withdrawal Notice"), and *Notice of Withdrawal as Counsel of Record for Certain Movants Under Omnibus Motions by Certain Pre-Closing Accident Plaintiffs for Authority to File Late Proofs of Claim for Personal Injuries and Wrongful Deaths [Docket Nos. 13807 and 14325]* [ECF No. 14644] (the "Third Withdrawal Notice"). In the Second Withdrawal Notice, Goodwin stated that claimant Santoria Gibbs has terminated HMG and TJHIA as her counsel and that HMG and TJHIA have not yet filed, but will file, a formal motion to withdraw in the MDL. The MDL eventually granted HMG and TJHIA's motion to withdraw as counsel for Santoria Gibbs, see MDL ECF No. 5960, but the MDL ultimately dismissed Santoria Gibbs' claim with prejudice on January 2, 2019. See MDL ECF No. 6380.

[6] See e.g., MDL ECF No. 4840, ¶ 3.

[7] Id. at 3.

[8] December 10, 2019 Hearing Transcript ("Tr.") at 37:12–17:
    THE COURT: Can I impose a deadline for them to decide?
    MR. WEINTRAUB: Yes, Your Honor. You could do whatever you want, pretty much.

also stated that, by and large, the Remaining Late Claim Movants have not been responsive or cooperative in the MDL.[9]

## BASIS FOR REQUESTED RELIEF

10. Bankruptcy Code Section 105(a) allows this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

11. This Court should issue an order, establishing February 26, 2020 as the deadline by which the Remaining Late Claim Movants must file an Intention to Prosecute the Late Claims Motions. The *ex parte* order is necessary and appropriate to ensure that the Late Claims Motions are adjudicated to their logical conclusions. Further, the proposed requirement to file an Intention to Prosecute is less burdensome than the withdrawal orders entered in the MDL, which require the former clients to file new, severed complaints and pay filing fees. Lastly, failure to file an Intention to Prosecute will not be outcome-determinative at this time. The Remaining Late Claim Movants are also receiving notice of the briefing schedule and, only in the event that the Remaining Late Claim Movants fail to respond to the Show Cause Order *and* fail to file a brief in support of their late claims, will the GUC Trust Administrator request the applicable Late Claims Motion be denied.

12. The proposed February 26, 2020 deadline provides the Remaining Late Claim Movants ample time to decide whether they want to proceed *pro se* or retain counsel to prosecute the Late Claims Motions.

---

THE COURT: Well, without getting reversed about it, I mean, I just -- I would like some clarity as to whether they're in, whether they're out.

[9] Tr. at 38:6–9.

MR. WEINTRAUB: Sure. Without saying too much, I think, by and large, these are people that have not been responsive or cooperative, so I don't know what happens when they get served yet again.

5

13. The alternative is to serve the Remaining Late Claim Movants with a notice of this Motion and give them an opportunity to respond. However, this may confuse the Remaining Late Claim Movants and lead them to file unnecessary responses to the Motion, rendering it ineffective at fulfilling its intended purpose.

14. The GUC Trust Administrator, this Court and other parties in interest need to know whether any of the Remaining Late Claim Movants intend on prosecuting the Late Claims Motions, the first of which was filed in December 2016. Further, Goodwin has not represented some of the Late Claim Movants since December 2017.

15. The GUC Trust Administrator opposes the Late Claims Motions, and briefing regarding the legal right to file late proofs of claim is going to begin shortly. The GUC Trust Administrator believes having an understanding of the number of Remaining Late Claims Movants that are still pursuing the Late Claims Motions will be more efficient than simply filing an opposition under the assumption that all 59 Remaining Late Claimants will respond.

## MOTION PRACTICE

16. This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the GUC Trust Administrator submits that this motion satisfies Local Rule 9013-1(a).

## NO PRIOR REQUEST

17. No previous request for the relief sought herein has been made by the GUC Trust Administrator to this or any other court.

WHEREFORE, the GUC Trust Administrator respectfully requests the entry of an order establishing February 26, 2020 as the deadline by which: (i) the Remaining Late Claim Movants must file a notice of intention to proceed *pro se* or (ii) counsel to the Remaining Late Claim Movants (if any) must file a notice of appearance in this Chapter 11 Case.

Dated:   New York, New York
         January 23, 2020

                                      **McDERMOTT WILL & EMERY LLP**

By:   /s/   Kristin K. Going
       Kristin K. Going
       340 Madison Avenue
       New York, New York 10173
       Tel: (212) 547-5429
       E-mail: kgoing@mwe.com

       *Attorneys for the Motors Liquidation*
       *Company GUC Trust Administrator*