**MCDERMOTT WILL & EMERY LLP**
340 Madison Ave.
New York, New York 10173
Telephone: (212) 547-5429
Facsimile: (646) 417-7313
E-mail: kgoing@mwe.com
Kristin K. Going

*Attorneys for the Motors Liquidation Company*
*GUC Trust Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re

MOTORS LIQUIDATION COMPANY, *et al.*,
f/k/a General Motors Corp., *et al.*

**Debtors.**

------------------------------------------------------------x

**Chapter 11**

**Case No. 09-50026 (MG)**

**(Jointly Administered)**

**AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1**
**OF KRISTIN GOING**

I, Kristin Going, being duly sworn, hereby declare that the following is true to the best of my knowledge, information, and belief:

**Introduction**

1. I am an attorney admitted to practice before this Court and a partner of McDermott Will & Emery LLP, attorneys for the GUC Trust Administrator of the Motors Liquidation Company GUC Trust (the "GUC Trust"), as established under the Debtors' Second Amended Joint Chapter 11 Plan dated as of March 18, 2011 [ECF No. 9836] (as confirmed, the "Plan") of the above-captioned post-effective date debtors (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). Unless otherwise indicated, I have knowledge of the facts set forth herein based on my participation in the Chapter 11 Cases.

2. I submit this Declaration in support of the entry of the proposed *Show Cause Order Establishing February 26, 2020 as the Deadline by Which: (I) the Remaining Late Claimants Must File a Notice of Intention to Proceed Pro Se or (II) Counsel to the Remaining Late Claimants (if any) Must File a Notice of Appearance in These Chapter 11 Cases* (the "Show Cause Order"), attached as **Exhibit A** to the Ex Parte *Motion for an Order Pursuant to Bankruptcy Code Section 105(a) and Local Bankruptcy Rule 9077-1 Establishing February 26, 2020 as the Deadline by Which: (I) the Remaining Late Claimants Must File a Notice of Intention to Proceed* Pro Se *or (II) Counsel to the Remaining Late Claimants (if any) Must File a Notice of Appearance in These Chapter 11 Cases* (the "Motion")[1] filed contemporaneously herewith.

### Why Proceeding Other Than by Notice of Motion is Necessary

4. The GUC Trust Administrator filed the Motion because all interested parties, including the Court, need to know whether any of the Remaining Late Claim Movants intend on prosecuting the Late Claim Motions. Indeed, the Court shared the same concern at the December 10, 2019 Case Management Conference.[2] Furthermore, the GUC Trust Administrator has recently submitted a proposed briefing schedule to adjudicate the Late Claims Motions. It would be more efficient for the GUC Trust Administrator to understand the universe of plaintiffs before it files a brief in connection with the Late Claims Motions.

---

[1] Capitalized terms used but not otherwise defined shall have the meaning ascribed to such terms in the Motion.

[2] December 10, 2019 Hearing Transcript at 37:12–17:
>   THE COURT: Can I impose a deadline for them to decide?
>   MR. WEINTRAUB: Yes, Your Honor. You could do whatever you want, pretty much.
>   THE COURT: Well, without getting reversed about it, I mean, I just -- I would like some clarity as to whether they're in, whether they're out.

2

5. Use of a show cause order is necessary in this situation because it will prevent unnecessary filings and will not confuse the Remaining Late Claims Movants, who are all individuals not represented by counsel. If the GUC Trust Administrator serves the Remaining Late Claim Movants with a notice of the Motion, the notice may confuse the Remaining Late Claim Movants and lead them to file unnecessary responses to the Motion, rendering it ineffective at fulfilling its intended purpose—the filing of a notice of appearance from any personal injury or wrongful death claimant that intends to continue prosecuting the Late Claims Motions.

6. Finally, nothing in the show cause order shall determine the Remaining Late Claim Movants' rights or remedies.

7. Accordingly, the GUC Trust Administrator believes that there are good and sufficient reasons why proceeding other than by notice of motion is necessary.

8. No previous request for the relief sought in the Motion has been made by the GUC Trust Administrator to this or any other court.

Dated: January 23, 2020

_____
Kristin Going

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

I hereby certify that on this 23rd day of January, 2020, before me appeared Kristin Going, to me personally known and who executed the foregoing affidavit.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____
Notary Public
MARIA L. CARUSO
Notary Public, State of New York
No. 01CA4825888, Qualified in Queens County
Certificate Filed in New York County
Commission Expires Jan. 31, 20__

3

DM_US 165106242-3.108740.0012