

Eric B. Fisher
Binder & Schwartz LLP
366 Madison Avenue 6th Floor
New York, NY 10017

(T) 212.933.4551
(F) 212.510.7299
efisher@binderschwartz.com

January 27, 2020

**By ECF and Federal Express**

The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, New York 10004

      Re:    *In re Motors Liquidation Company, f/k/a General Motors Corporation, et al.*,
               Case No. 09-50026 (MG)

Dear Judge Glenn:

      We write on behalf of the Motors Liquidation Company Avoidance Action Trust (the "AAT") in response to this Court's order dated January 23, 2020, authorizing the parties to submit objections to the Proposed Scheduling Order filed by counsel for the Motors Liquidation Company GUC Trust (the "GUC Trust") on January 15, 2020. The AAT objects to the portion of the Proposed Scheduling Order that concerns the briefing of New GM and the Economic Loss Plaintiffs' (the "ELPs") pending objections to the AAT Distribution Motion.[1]

      Under the Proposed Scheduling Order, the AAT would file an initial "brief in support of the AAT Distribution Motion" by March 27, 2020, to be followed by "briefs in opposition to the AAT Distribution Motion" from New GM and the ELPs by April 20, 2020. For the reasons explained below, the sequencing of these briefs should be reversed, and the briefing of this issue should proceed more quickly.

      *First*, this proposed sequencing of briefs would not permit the AAT an opportunity to respond to arguments that have never been presented to the AAT or the Court, and it would thus prevent full briefing of the issues. The parties fully briefed the AAT's motion for approval of its distribution plan to the holders of Allowed General Unsecured Claims, ECF Doc. No. 14552 (the "AAT Distribution Motion"). However, on August 12, 2019, at the hearing on this motion, the Court requested that the parties address the impact of Judge Furman's August 6, 2019 decision (the "MDL Summary Judgment Decision") on the AAT Distribution Motion.

      By letter dated October 28, 2019 (the "October 28 Letter"), the AAT set out its position concerning the impact of the MDL Summary Judgment Decision on a potential claim by the

---

[1] As the Court is aware, the Proposed Scheduling Order submitted by the GUC Trust was mistakenly described as a consensual order. This mistake arose from the fact that the GUC Trust shared with the AAT a redline of the Proposed Scheduling Order that was inadvertently marked against the wrong version of the document. In any event, we appreciate the opportunity to present our position concerning the schedule to the Court.

The Honorable Martin Glenn
January 27, 2020
Page 2

ELPs. Based on Judge Furman's decision, it was evident that any claim by the ELPs was remote and speculative. Further, a review of documents filed by the ELPs in connection with the MDL Summary Judgment Decision (unsealed after the hearing on the AAT Distribution Motion), made clear that "even were the ELPs to have a claim against the AAT at some date in the distant future, the value of any individual claim would be below the threshold entitling any claimant to a distribution from the AAT" under the AAT Agreement. The AAT's position on the issue is a simple one: because the AAT Agreement forbids the Trust Administrator from making a payment of less than $25 to any holder of an Allowed General Unsecured Claim, and because it is implausible that any individual Economic Loss Plaintiff would have a claim in excess of $8,000 (the approximate claim amount required to receive a distribution of $25), no individual claimant would ever be entitled to a distribution from the AAT, even if granted permission to file a late claim.

In other words, the AAT has already set out its position. New GM and the ELPs have never responded.[2] They have never submitted a written response to the AAT's October 28 Letter, nor have they responded to the AAT's argument at any hearing before the Court. To ensure that the AAT has an opportunity to respond to New GM or the ELPs' arguments, and so that the issues are fully presented to the Court, New GM and the ELPs should respond to the AAT's October 28 Letter and the AAT should then reply.

*Second*, the AAT also objects to the schedule set forth in the Proposed Scheduling Order, under which the issue would not be fully briefed for this Court until April 20, 2020, almost three months from now. The issues concerning the AAT are separate from the other issues proposed to be addressed, and a shorter schedule is sufficient to allow the parties to brief the discrete issues raised by New GM and the Economic Loss Plaintiffs' objections. A shorter schedule would also allow the AAT to fulfill its obligation to its beneficiaries to make distributions as quickly as possible if the Court were to overrule the objections.

The AAT therefore proposes the following briefing schedule in connection with New GM and the ELPs' pending objections to the AAT Distribution Motion:

- **February 17, 2020**: New GM and ELPs to submit briefs responding to the AAT's October 28 Letter

- **March 9, 2020**: AAT to submit a brief in reply to the briefs submitted by New GM and the ELPs.

We submit herewith for the Court's consideration the AAT's proposed order (Exhibit 1), along with a redline version of the AAT's proposed order marked to show changes to the proposed order submitted by the GUC Trust (Exhibit 2).

---

[2] We note that it is the AAT's position that New GM lacks standing to object to the AAT Distribution Motion.

The Honorable Martin Glenn
January 27, 2020
Page 3

      We thank the Court for its attention to this letter.

                                    Respectfully,

                                    /s/ Eric B. Fisher

                                  Eric B. Fisher

cc:    All counsel of record (via ECF)