# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re                                                          :
                                                               :   Chapter 11 Case No.
                                                               :
MOTORS LIQUIDATION COMPANY, *et al.*,                          :
f/k/a General Motors Corp., *et al.*                           :   09-50026 (MG)
                                                               :
                        **Debtors.**                           :   (Jointly Administered)
                                                               :
---------------------------------------------------------------x

### SCHEDULING ORDER FOR BRIEFING LATE CLAIMS MOTIONS

Upon the Court's *Order Setting Case Management Conference Concerning Schedule for Briefing Late Claims Motions*, entered November 8, 2019 (ECF No. 14637); and upon the *Proposed Briefing Schedule for Late Claims* (ECF No. 14625), dated October 22, 2019, and the responses to the Proposed Briefing Schedule for Late Claims filed by (i) designated bankruptcy counsel for the Economic Loss Plaintiffs,[1] dated October 23, 2019 (ECF No. 14627), (ii) Plaintiffs Sharon Bledsoe, Celestine Elliott, Lawrence Elliott, Tina Farmer and Dierra Thomas, represented by Professor Gary Peller (the "Peller Plaintiffs"), dated October 27, 2019 (ECF No. 14629), (iii) the Motors Liquidation Company Avoidance Action Trust (the "AAT"), dated October 28, 2019 (ECF No. 14631) and (iv) General Motors LLC ("New GM"), dated October 28, 2019 (ECF No. 14632); and upon the record of the Case Management Conference held by the Court on December 10, 2019 (the "December 10 Conference"):

**NOW, THEREFORE, IT IS HEREBY:**

**ORDERED** that, the deadline for submitting a proposed briefing schedule for any and all matters relating to (i) late claims sought to be filed by the Economic Loss Plaintiffs and (ii)

---

[1] Economic Loss Plaintiffs is a term generally used in these proceedings to mean plaintiffs asserting economic loss claims who (i) prior to the July 10, 2009 closing of the Section 363 sale of assets of Old GM to New GM, owned or leased a vehicle with (a) an ignition switch defect included in NHTSA Recall No. 14V-047, or (b) defects in ignition switches, side airbags, or power steering included in NHTSA Recall Nos. 14V-355, 14V-394, 14V-400, 14V-118 and 14V-153, and (ii) have filed motions for authority to file late proofs of claim at ECF Nos. 13806 and 13811.

1

the supplemental briefing request made by the Peller Plaintiffs in their October 27, 2019 letter to the Court is extended to Monday, February 17, 2020; and it is further

**ORDERED** that, the proponents of the motions for authority to file late proofs of claim filed by (i) certain Pre-Closing Accident Plaintiffs on December 22, 2016 [ECF No. 13807], as supplemented on May 25, 2018 [ECF No. 14325]; and (ii) certain Pre-Closing Accident Plaintiffs on July 28, 2017 [ECF No. 14018], as supplemented on August 10, 2017, September 19, 2017, December 12, 2017 and July 19, 2018 [ECF Nos. 14046, 14112, 14195, 14346] (collectively, the "PIWD Late Claims Motions") shall each file and serve a brief in support of their respective PIWD Late Claims Motions by March 27, 2020 (the "Brief in Support"), and each Brief in Support shall be no longer than thirty (30) pages; and it is further

**ORDERED** that, the GUC Trust shall file and serve a brief in opposition to the PIWD Late Claims Motions (the "Opposition Brief") by April 20, 2020, which shall be no longer than fifty (50) pages; and it is further

**ORDERED** that, New GM shall be permitted, but is not required, to file a brief in opposition to the PIWD Late Claims Motions by April 20, 2020, and such brief shall be no longer than fifteen (15) pages; and it is further

**ORDERED** that, the proponents of the PIWD Late Claims Motions shall file and serve a reply brief in further support of their PIWD Late Claims Motion (the "Reply Brief") by May 11, 2020, which shall be no longer than fifteen (15) pages; and it is further

**ORDERED** that, using the procedures set forth below, parties shall supplement any and all briefing related to the AAT's *Motion for Entry of an Order Pursuant to Sections 105 and 1142 of the Bankruptcy Code and Bankruptcy Rule 3020 Approving the Distribution Plan to the Avoidance Action Trust's Beneficiaries* (ECF No. 14552) ("AAT Distribution Motion"), and specifically address the arguments made by the AAT in its letter to the Court dated October 28, 2019 (ECF No. 14631~~);~~) ("October 28 Letter"); and it is further

2

**ORDERED** that, ~~the AAT shall file and serve its brief in support of the AAT Distribution Motion by March 27, 2020, which shall not exceed twenty (20) pages, and~~ New GM and the Economic Loss Plaintiffs shall file and serve ~~their~~ briefs ~~in opposition~~<ins>responding</ins> to the ~~AAT Distribution Motion by April 20~~<ins>AAT's October 28 Letter by February 17</ins>, 2020, which briefs shall not exceed twenty (20) pages<ins>, and the AAT shall file and serve a brief in reply by March 9, 2020, which shall not exceed twenty (20) pages</ins>; and it is further

**ORDERED** that, the Court has scheduled oral argument for the PIWD Late Claims Motions and the AAT Distribution Motion for _____, 2020; and it is further

**ORDERED** that within three (3) business days of the entry of this Order, the GUC Trust shall serve by first class mail a copy of this Order on the Late Claims Movants (defined in the Notice of Withdrawal referenced below) identified on Exhibits A and B to the *Notice of Withdrawal as Counsel of Record for Certain Movants Under Omnibus Motions by Certain Pre-Closing Accident Plaintiffs for Authority to File Late Proofs of Claim for Personal Injuries and Wrongful Deaths [Docket Nos. 13807 and 14325]* (ECF No. 14644) and which are listed on <u>Exhibit A</u> hereto; and it is further

**ORDERED** that the Court shall retain exclusive jurisdiction to interpret/enforce this Order.

Dated: January __, 2020
       New York, New York

                                                    _____
                                                    UNITED STATES BANKRUPTCY JUDGE

3

**EXHIBIT A**

| | |
|---|---|
| 1. | Lynda Duncan |
| 2. | Christopher Gracia (Deceased) |
| 3. | Nicole Jaure |
| 4. | Tammie Marshall |
| 5. | Deidra Shipman |
| | |
| 6. | Allen, Lisa |
| 7. | Berard, Brandy |
| 8. | Bueno, John |
| 9. | Bueno, Lisa |
| 10. | Burns, Angela |
| 11. | Burns, Elizabeth Faye |
| 12. | Davis, Veronica Lynn |
| 13. | Duckett, Raymond |
| 14. | Ferrell, Tabatha |
| 15. | Garza, Rosy E |
| 16. | Gibbs, Santoria |
| 17. | Gibson, Mary |
| 18. | Gill, April |
| 19. | Hairston, John T |
| 20. | Harris, Charlesa |
| 21. | Hartnett, Carolyn individually and as representative of the Estate for Sara Hartnett |
| 22. | Haseleu, Tanya individually and as representative of the Estate for Tiffany Lee Haseleu |
| 23. | Haseleu, Todd individually and as representative of the Estate for Tiffany Lee Haseleu |
| 24. | Higgins, Sherell individually and as next friend of Darrell Brown Jr. and as representative of the Estate of Dameasha Brown |
| 25. | Honeycutt, Sammeeka |
| 26. | Hueber, Jamie |
| 27. | Jackman, Kenneth individually and as representative of the Estate for Jessica Jackman |
| 28. | Jackman, Patricia individually and as representative of the Estate for Jessica Jackman |
| 29. | Langley, Kim individually and as representative of the Estate for Richard Bailey |
| 30. | Langley, Nick individually and as representative of the Estate for Richard Bailey |
| 31. | Lindsay, Kenneth individually and as representative of the Estate of Rita Carol Lindsay |
| 32. | Lockhart, Marjorie |
| 33. | Lopez, Kimberly |
| 34. | Maclin, Justin |
| 35. | Moindi, Wycliffe |
| 36. | Moza, Joell individually and as representative of the Estate for Loretta Moza |
| 37. | Moza, Julie individually and as representative of the Estate for Loretta Moza |
| 38. | Moza, Richard individually and as representative of the Estate for Loretta Moza |
| 39. | Myra Washington a/k/a Minerva Peterson individually and as representative of the Estate for Myra Washington |

| | |
|---|---|
| 40. | Peoples, Earlesha |
| 41. | Peterson, Ranae |
| 42. | Platzke, Joell |
| 43. | Pylar, Shirley |
| 44. | Reetz, Janet individually and as representative of the Estate for Loretta Moza |
| 45. | Rooney, Richard |
| 46. | Shells, Willie |
| 47. | Snyder, Anthony |
| 48. | Stanley, Glenn |
| 49. | Stivers, Brandon |
| 50. | Surbeck, Kally |
| 51. | Torres, Aleni |
| 52. | Torres, Daniel |
| 53. | Vargas, Chelsea Dirks |
| 54. | Venable, Houston |
| 55. | Waithe, Dwayne |
| 56. | Wallace, Carla individually and as representative of the Estate for Cory Wallace |
| 57. | West, Linda individually and as representative of the Estate for Tracy West |
| 58. | Willis-Singh, Tanya |
| 59. | Wright, Jacqueline |