**OBJECTION DEADLINE: February 24, 2020 at 5:00 p.m.**
**HEARING DATE AND TIME:  March 5, 2020 at 11:00 a.m.**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222
Arthur Steinberg, Esq.
Scott Davidson, Esq.

*Attorneys for General Motors LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No.: 09-50026 (MG) |
| f/k/a General Motors Corp., *et al*. | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

---------------------------------------------------------------x

### NOTICE OF MOTION BY GENERAL MOTORS LLC TO ENFORCE THE BANKRUPTCY COURT'S JULY 5, 2009 SALE ORDER AND INJUNCTION AND THE RULINGS IN CONNECTION THEREWITH, WITH RESPECT TO ROBERT RANDALL BUCHANAN

PLEASE TAKE NOTICE that upon the annexed Motion, dated February 4, 2020 (the "**Motion**"),[1] of General Motors LLC ("**New GM**"), seeking the entry of an order to enforce the Sale Order and Injunction, entered by the Bankruptcy Court on July 5, 2009, and the Bankruptcy Court's rulings in connection therewith, a hearing will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 5, 2020 at 11:00 a.m.,** or as soon thereafter as counsel may be heard.

---

[1]   Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on King & Spalding LLP, 1185 Avenue of the Americas, New York, New York  10036 (Attn:  Arthur Steinberg and Scott Davidson), so as to be received no later than **February 24, 2020, at 5:00 p.m.** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no responses or objections are timely filed and served with respect to the Motion, New GM may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
      February 4, 2020

Respectfully submitted,


  /s/ Arthur Steinberg
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

*Attorneys for General Motors LLC*

**OBJECTION DEADLINE: February 24, 2020 at 5:00 p.m. (Eastern Time)**
**HEARING DATE AND TIME: March 5, 2020 at 11:00 a.m. (Eastern Time)**

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222
Arthur Steinberg
Scott Davidson

*Attorneys for General Motors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------X | | |
| **In re** | : | **Chapter 11** |
| | : | |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, | : | **Case No.:  09-50026 (MG)** |
| **f/k/a General Motors Corp.,** *et al.* | : | |
| | : | **(Jointly Administered)** |
| **Debtors.** | : | |
| | : | |
| ------------------------------------------------------------x | | |

**MOTION BY GENERAL MOTORS LLC TO ENFORCE**
**THE BANKRUPTCY COURT'S JULY 5, 2009 SALE ORDER AND**
**INJUNCTION AND THE RULINGS IN CONNECTION THEREWITH,**
<u>**WITH RESPECT TO ROBERT RANDALL BUCHANAN**</u>

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

BACKGROUND FACTS ....................................................................................... 6

    **A.**    Sale Order and Injunction ...................................................................... 6

    **B.**    The November 2015 Decision/December 2015 Judgment ...................... 7

    **C.**    The December 2016 Show Cause Order, and the June 2017 and July 2017 Opinions ................................................................................................ 7

    **D.**    The Reichwaldt Opinion ....................................................................... 10

    **E.**    The District Court's May 2018 Opinion Affirming (i) the Punitive Damages Ruling in the July 2017 Opinion and (ii) the Rulings in the *Reichwaldt* August 2017 Opinion ......................................................... 10

    **F.**    The Second Circuit Opinions Affirming the Bankruptcy Court's and District Court's Rulings ...................................................................... 11

    **G.**    The Buchanan Lawsuit .......................................................................... 11

BASIS FOR RELIEF ........................................................................................... 14

    **A.**    Buchanan Has Not Asserted a Valid Independent Claim ...................... 14

    **B.**    Buchanan is Bound by the Rulings in the June 2017 and July 2017 Opinions ............................................................................................ 17

    **C.**    The Sale Order and Injunction and Sale Agreement Preclude Claims for Punitive Damages Based On Old GM Conduct .................................... 18

NOTICE ......................................................................................................... 18

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*,
  600 F.3d 190 (2d Cir. 2010)................................................................................17

*In re Gen. Motors Corp.*,
  407 B.R. 463 (Bankr. S.D.N.Y. 2009), *aff'd in part, vacated in part, reversed
  in part*, 829 F.3d 135 (2d Cir.), *cert. denied*, 137 S.Ct. 1813 (2017) ......................6

*In re MF Global Holdings, Ltd*,
  Case No. 11–15059 (MG), 2014 WL 3536977 (Bankr. S.D.N.Y. July 17,
  2014) ................................................................................................................18

*In re Motors Liquidation Co.*,
  943 F.3d 125 (2d Cir. 2019).............................................................................2, 11

*In re Motors Liquidation Co.*,
  No. 18-1939, 2019 WL 6130456 (2d Cir. Nov. 19, 2019) .....................................11

*In re Motors Liquidation Co.*,
  829 F.3d 135 (2d Cir. 2016)........................................................................2, 8, 14

*In re Motors Liquidation Co.*,
  590 B.R. 39 (S.D.N.Y. 2018).....................................................................2, 10, 17

*In re Motors Liquidation Co.*,
  541 B.R. 104 (Bankr. S.D.N.Y. 2015)..................................................................7

*In re Motors Liquidation Co.*,
  568 B.R. 217 (Bankr. S.D.N.Y. 2017)..........................................................8, 9, 15

*In re Motors Liquidation Co.*,
  571 B.R. 565 (Bankr. S.D.N.Y. 2017)....................................................1, 9, 14, 17

*In re Motors Liquidation Co.*,
  576 B.R. 313 (S.D.N.Y. 2017).......................................................1, 10, 15, 16, 17

*Trusky v. Gen. Motors LLC (In re Motors Liquidation Co.)*, Adv. Proc. No. 09-
  09803 (REG), 2013 WL 620281 (Bankr. S.D.N.Y. Feb. 19, 2013) ........................6

36196891.v2

General Motors LLC ("**New GM**"), by its undersigned counsel, submits this motion to enforce ("**Buchanan Motion to Enforce**") the Order entered by the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**" or "**Court**") on July 5, 2009 ("**Sale Order and Injunction**") that approved the sale of assets from Motors Liquidation Company (f/k/a General Motors Corporation) ("**Old GM**") to New GM,[1] and to enjoin plaintiff ("**Buchanan**") and his counsel in the lawsuit ("**Buchanan Lawsuit**") captioned *Robert Randall Buchanan, Individually and as Administrator of the Estate of Glenda Marie Buchanan v. General Motors LLC, et al.*, pending in the State Court of Cobb County, Georgia ("**Georgia Court**"), Civil Action No.: 16-A-1280-7, from proceeding with the request for punitive damages contained in the *First Amended Complaint for Damages* ("**Buchanan Amended Complaint**") filed in the Buchanan Lawsuit.[2]

## PRELIMINARY STATEMENT[3]

1.     Since the entry of the Sale Order and Injunction, the issue of whether New GM assumed punitive damages in connection with its assumption of Product Liabilities (as defined in the Sale Agreement, as amended) has been repeatedly litigated. This Court has unequivocally held on multiple occasions[4] that New GM did not contractually assume punitive damages when it

---

[1]    The full title of the Sale Order and Injunction is *Order (i) Authorizing Sale of Assets Pursuant to Amended and Restated Master Sale and Purchase Agreement with NGMCO, Inc., a U.S. Treasury-Sponsored Purchaser; (ii) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (iii) Granting Related Relief.* A copy of the Sale Order and Injunction, and the accompanying Sale Agreement, is attached hereto as **Exhibit "A."**

[2]    A copy of the Buchanan Amended Complaint is attached hereto as **Exhibit "B."** A copy of Buchanan's original complaint ("**Buchanan Complaint**") is attached hereto as **Exhibit "C."**

[3]    Capitalized terms not otherwise defined in this Preliminary Statement are defined in later sections of this Buchanan Motion to Enforce.

[4]    *See, e.g., In re Motors Liquidation Co.*, 576 B.R. 313 (Bankr. S.D.N.Y. 2017) ("**August 2017 Opinion**"), *aff'd in part, rev'd in part, In re Motors Liquidation Co.*, 590 B.R. 39 (S.D.N.Y. 2018); *In re Motors Liquidation Co.*, 571 B.R. 565 (Bankr. S.D.N.Y. 2017), *aff'd in part, rev'd in part, In re Motors Liquidation Co.*, 590 B.R. 39 (S.D.N.Y. 2018) ("**July 2017 Opinion**"); Judgment dated December 4, 2015 [ECF No. 13563] ("**December 2015 Judgment**").

1

assumed Product Liabilities and therefore cannot be held liable for punitive damages based on Old

GM conduct. This Court also held that New GM is not liable for punitive damages on a successor

liability theory. The District Court and Second Circuit have affirmed these rulings, and they are

final.[5]

2.      Notwithstanding these rulings, in the Buchanan Lawsuit, Buchanan seeks to

improperly impose punitive damages on New GM in connection with a post-363 Sale accident

involving a 2007 Chevrolet Trailblazer ("**Subject Vehicle")**. Specifically, in the Buchanan

Amended Complaint, Buchanan purports to assert an Independent Claim[6] against New GM based

on a "failure to warn," which--based upon the Amended Complaint's allegations--is nothing more

than a "failure to warn" claim that allegedly Old GM had as the manufacturer and original seller

of the Subject Vehicle.

3.      In the December 2015 Judgment, this Court determined that: (a) failure to warn

claims against Old GM were subsumed as part of New GM's assumed Product Liabilities, however

(b) New GM would *not* be liable for punitive damages with respect to assumed Product Liabilities.

More broadly, this Court determined that New GM was not liable for punitive damages based, in

any way, on Old GM conduct, which subsumes all successor liability-based theories of recovery.[7]

---

[5]     *See In re Motors Liquidation Co.*, 590 B.R. 39 (S.D.N.Y. 2018) ("**DC May 2018 Opinion**"); *In re Motors Liquidation Co.*, 943 F.3d 125 (2d Cir. 2019) ("**Second Circuit 2019 Opinion**").

[6]     The Second Circuit defined Independent Claims as those "sorts of claims [that] are based on New GM's post-petition conduct, and are not claims that are based on a right to payment that arose before the filing of petition or that are based on pre-petition conduct." *In re Motors Liquidation Co.*, 829 F.3d 135, 157 (2d Cir. 2016).

[7]     According to the Buchanan Amended Complaint, Buchanan is asserting, among others, product liability claims resulting from an accident that took place after the closing of the 363 Sale from Old GM to New GM. New GM assumed Product Liabilities for post-bankruptcy sale accidents relating to Old GM vehicles. To the extent the Buchanan Amended Complaint asserts assumed Product Liabilities those aspects are not barred by the Sale Order and Injunction or other Bankruptcy Court rulings, and Buchanan can seek compensatory damages (and not punitive damages) for such claims (if proven). Note, however, that New GM disputes that it is liable on such claims and/or requests for compensatory damages.

36196891.v2

4.      Initially, Buchanan sought punitive damages in the Buchanan Complaint based on certain inappropriate allegations that attributed the conduct of Old GM to New GM (things such as New GM manufactured the Subject Vehicle which was clearly manufactured by Old GM). Buchanan had not asserted an Independent Claim against New GM, based on failure to warn, or otherwise.

5.      In addition, Buchanan had not pressed his improper punitive damages request until very recently, when, during the Georgia Court's hearing on New GM's motion for a protective order relating to the deposition of Mary Barra, he argued that the deposition of New GM's chief executive officer is required on the punitive damages issue.[8]  At the time Buchanan argued for Mary Barra's deposition, Buchanan had not asserted an Independent Claim against New GM, and the claims asserted in the Buchanan Lawsuit, while alleging New GM conduct, were based solely on Old GM conduct.  Among other things, in the Georgia Court, when pressing for the deposition of Mary Barra relating to the punitive damages issue, Buchanan's counsel cited to and relied upon the Georgia Suggested Pattern Jury Instructions, which refer to the duty to warn imposed on a *manufacturer* (*i.e.*, the alleged duty of solely Old GM, the manufacturer of the Subject Vehicle).[9]

6.      By letter dated January 29, 2020 ("**New GM January 2020 Letter**"),[10] New GM reminded counsel for Buchanan of (i) this Court's prior punitive damages rulings, (ii) the District Court's and Second Circuit's decisions affirming this Court's punitive damages rulings, and (iii) the Bankruptcy Court's ruling with respect to inappropriate allegations that conflate Old GM's

---

[8]     Buchanan's argument that Ms. Barra's deposition is appropriate on the basis of punitive damages was raised, for the first time, during oral argument at the Georgia Court's hearing. Buchanan did not raise this argument in his written opposition to New GM's motion for a protective Order.

[9]     The Georgia Court orally denied New GM's motion for a protective order on January 27, 2020 and, on February 4, 2020, entered an order denying New GM's motion.  A copy of the Georgia Court's February 4, 2020 Order (which New GM will be challenging) is attached hereto as **Exhibit "D."**

[10]    A copy of the New GM January 2020 Letter is attached hereto as **Exhibit "E."**

conduct with New GM's conduct.  New GM demanded that Buchanan immediately address the infirmities in the Buchanan Complaint.  In response, Buchanan provided New GM with the Buchanan Amended Complaint that cleaned up various of the inappropriate allegations that conflated the conduct of Old GM and New GM, but did not solve the fundamental problem of seeking to hold New GM liable for punitive damages based on Old GM conduct.[11]

7.     In this regard, Buchanan took the opportunity to add to the Buchanan Amended Complaint a so-called Independent Claim based purportedly on New GM's failure to warn Mrs. Buchanan about an alleged defect in the Subject Vehicle.  But the alleged Independent Claim asserted by Buchanan is not based *solely* on specific and identifiable New GM conduct—in fact, it is not based on *any* expressly-stated New GM volitional conduct, or any identified post-363 Sale event.  New GM did not manufacture, design or sell the Subject Vehicle.  The Buchanan Amended Complaint does not allege any relationship between New GM and Mrs. Buchanan.  In effect, the Buchanan Amended Complaint alleges that Old GM should have warned Mrs. Buchanan and, New GM, by purchasing Old GM's assets and hiring various of its employees, acquired whatever failure to warn obligation that Old GM had.  That is the essence of a successor liability-type claim, and it has been squarely held that New GM does not have punitive damage liability for such claims. Further, assuming Old GM had a failure to warn obligation, that is part of the assumed Product Liability in which New GM is potentially liable for only compensatory, and not punitive, damages.

8.     What Buchanan has done is completely transparent.  He has improperly tried to convert an Assumed Liability under the Sale Agreement or a successor liability-type claim into an Independent Claim to assert an otherwise proscribed punitive damages claim against New GM.

---

[11]    Buchanan did not notify the Georgia Court that it had sought discovery (Mary Barra's deposition) on the punitive damages issue based on the improper (now amended) allegations in the Buchanan Complaint.

As this Court has done on other occasions when presented with the same issue, these self-styled "Independent Claims" are first scrutinized by the Bankruptcy Court in its "gate-keeper" capacity to assess whether they run afoul of the Sale Order and Injunction, before the product liability lawsuit is allowed to proceed in the non-bankruptcy court.  As shown below, the Buchanan so-called Independent Claim should not be allowed to pass through the bankruptcy gate.  Once that claim is seen for what it is (part of an assumed Product Liability claim), the punitive damages request falls away.

9.    Buchanan's attempt to "end run" this Court's rulings which are binding on him should not be tolerated.  Buchanan was served with this Court's Order to Show Cause, dated December 13, 2016 ("**December 2016 Show Cause Order**"), which set forth certain threshold issues ("**2016 Threshold Issue**") to be decided related to the enforcement of the Sale Order and Injunction, and the procedures for resolving same.  A 2016 Threshold Issue decided by the June 2017 Opinion concerned Independent Claims, with the Court finding that they must be based exclusively on specific New GM conduct alone.  Another of the 2016 Threshold Issues was whether plaintiffs could seek punitive damages against New GM based on successor liability. Counsel for Buchanan did not object to the procedures set forth in the December 2016 Show Cause Order and did not appeal this Court's rulings with respect to Independent Claims or that New GM did not assume punitive damages when it assumed Product Liabilities under the Sale Agreement, and that plaintiffs (like Buchanan) cannot seek punitive damages against New GM based on Old GM conduct.  Buchanan is therefore bound by these rulings as a matter of *res judicata* and law of the case.

10.     Accordingly, for the reasons set forth herein, this Court should enjoin Buchanan from proceeding with the Buchanan Amended Complaint until it is appropriately amended so that the punitive damages request is stricken.

### BACKGROUND FACTS

A.     **Sale Order and Injunction**

11.     On the same day it filed for bankruptcy (June 1, 2009), Old GM filed a motion to sell substantially all of its assets to New GM. *See In re Gen. Motors Corp.*, 407 B.R. 463, 473 (Bankr. S.D.N.Y. 2009), *aff'd in part, vacated in part, reversed in part*, 829 F.3d 135 (2d Cir.), *cert. denied*, 137 S.Ct. 1813 (2017). The Sale Order and Injunction was entered on July 5, 2009, and the sale ("**363 Sale**") closed on July 10, 2009.

12.     Under the Sale Agreement, New GM assumed Product Liabilities for Old GM vehicles (*i.e.*, claims arising out of post-363 Sale accidents). *See* Sale Agreement, § 2.3(a)(ix) (as amended). Certain of Buchanan's claims fall within the definition of assumed Product Liabilities including any claim based on Old GM's failure to warn. The Sale Order and Injunction provides that, except for Assumed Liabilities, New GM is not liable for claims based on Old GM conduct, including successor liability claims. *See, e.g.*, Sale Order and Injunction, ¶ AA; *Trusky v. Gen. Motors LLC (In re Motors Liquidation Co.*), Adv. Proc. No. 09-09803 (REG), 2013 WL 620281, at *2 (Bankr. S.D.N.Y. Feb. 19, 2013).

13.     The Sale Order and Injunction affirms the Bankruptcy Court's exclusive jurisdiction over matters regarding the 363 Sale, including enforcement of the provision of the Sale Order and Injunction,[12] and enjoins all actions against New GM that are contrary to the provisions of the Sale Order and Injunction.

---

[12]   *See* Sale Order and Injunction, ¶ 71 ("This Court retains exclusive jurisdiction to enforce and implement the terms and provisions of this Order, the MPA, all amendments thereto, any waivers and consents thereunder, and each

36196891.v2

B.    **The November 2015 Decision/December 2015 Judgment**

14.    In late 2015, the Bankruptcy Court made certain rulings (a decision dated November 9, 2015 ("**November 2015 Decision**"))[13] and the December 2015 Judgment) relating to the interpretation and enforcement of the Sale Order and Injunction.  Pursuant to the December 2015 Judgment, the Bankruptcy Court ruled that, *inter alia*, New GM did not contractually assume liability for punitive damages based on Old GM knowledge or conduct, or anything else that took place at Old GM.  December 2015 Judgment, ¶ 6.

15.    The December 2015 Judgment also defined "Independent Claims" as:  "a claim or cause of action asserted against New GM that is based solely on New GM's own independent post-Closing acts or conduct."  *Id.*, at 2 n.3.

16.    Significantly, no one appealed from the December 2015 Judgment with respect to these rulings.[14]

C.    **The December 2016 Show Cause Order, and the June 2017 and July 2017 Opinions**

17.    On December 13, 2016, this Court entered the December 2016 Show Cause Order, identifying the 2016 Threshold Issues that the Bankruptcy Court would address, and the procedures for resolving same.  Buchanan was timely served with the December 2016 Show Cause Order.[15]

---

of the agreements executed in connection therewith . . ., in all respects, including, but not limited to, retaining jurisdiction to, . . . (d) interpret, implement, and enforce the provisions of this Order, (e) protect the Purchaser against any of the Retained Liabilities or the assertion of any lien, claim, encumbrance, or other interest, of any kind or nature whatsoever, against the Purchased Assets . . . .").

[13]    The November 2015 Decision is published at *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015).

[14]    Counsel for Buchanan—albeit on behalf of a number of different plaintiffs that he represented at the time—was timely served with the Scheduling Order that commenced the proceedings that led to the November 2015 Decision and December 2015 Judgment.  *See* Certificate of Service, dated September 10, 2015 [ECF No. 13428], at, *e.g.*, 4, 9, 11, 12, 13, 14, 15 (listing service on lance@thecooperfirm.com).  A copy of the September 2015 Certificate of Service is attached hereto as **Exhibit "F."**

[15]    *See* Certificate of Service, dated December 21, 2016 [ECF No. 13804], Exh. 2 at 16 (listing the Buchanan Lawsuit).  A copy of the December 2016 Certificate of Service is attached hereto as **Exhibit "G."**

18.    The December 2016 Show Cause Order conspicuously stated that plaintiffs served

with that Order would be bound by the Court's rulings on the 2016 Threshold Issues:

> **UNLESS THE COURT RULES OTHERWISE WITH RESPECT TO ANY TIMELY FILED AND SERVED OBJECTION, THE TERMS OF THIS ORDER TO SHOW CAUSE AND THE RULINGS MADE BY THE COURT WITH RESPECT TO THE 2016 THRESHOLD ISSUES SET FORTH HEREIN WILL BE BINDING ON THE NOTICE PARTIES AND ALL PERSONS/ENTITIES (INCLUDING WITHOUT LIMITATION PLAINTIFFS) RECEIVING NOTICE OF THIS ORDER TO SHOW CAUSE VIA FIRST CLASS MAIL.**

December 2016 Show Cause Order, at 1 (emphasis in original).  Buchanan did not file any

objections to these procedures or otherwise appear in connection with the proceedings concerning

the 2016 Threshold Issues.

19.    On June 7, 2017, the Court decided Threshold Issue No. 2 (*i.e.*, whether Non-

Ignition Switch Plaintiffs can assert Independent Claims against New GM).  *See In re Motors

Liquidation Co.*, 568 B.R. 217 (Bankr. S.D.N.Y. 2017) ("__June 2017 Opinion__").  While the June

2017 Opinion provides that Post-Closing Accident Plaintiffs (*e.g.*, Buchanan) can assert

Independent Claims against New GM, this Court followed Second Circuit guidance and held:

> The Court emphasizes that its analysis here applies only to claims based solely on *New GM's alleged wrongful conduct.  **It is not acceptable . . . to base allegations on generalized knowledge of both Old GM and New GM.  To pass the bankruptcy gate, a complaint must clearly allege that its causes of action are based solely on New GM's post-closing wrongful conduct**.*"

June 2017 Opinion, 568 B.R. at 231 (italicized emphasis in original; italicized and bold emphasis

added); *see also Motors Liquidation Co.*, 829 F.3d at 157 ("By definition, independent claims are

claims based on New GM's own post-closing wrongful conduct. . . .  These sorts of claims are

based on New GM's post-petition conduct, and are not claims that are based on a right to payment

that arose before the filing of petition or that are based on pre-petition conduct.").  Deciding

whether a similar complaint properly stated an Independent Claim, this Court held that "certain of

8

the Pitterman Plaintiffs' claims do not sufficiently distinguish between conduct of Old GM or New

GM. Those claims cannot go forward against New GM as drafted." June 2017 Opinion, 568 B.R.

at 220 n.1.

20.    In addition, the Court confirmed that it would continue to be the gatekeeper to

review complaints to determine if they violate the Sale Order and Injunction and/or other

Bankruptcy Court rulings. *See* June 2017 Opinion, 568 B.R. at 222 ("The Court's role, then, is a

'gatekeeper' role. It should be the court to decide what claims and allegations should get through

the 'gate,' under the Sale Order and this Court's prior decisions." (citations omitted)).

21.    The fourth 2016 Threshold Issue was: "Are Post-Closing Accident Plaintiffs bound

by the Sale Order or may they bring successor liability claims against New GM and seek punitive

damages in connection therewith notwithstanding the Court's rulings in the November 2015

Decision/December 2015 Judgment." December 2016 Show Cause Order, at 3.

22.    Thereafter, on July 12, 2017, this Court entered the July 2017 Opinion, which

addressed, among others, 2016 Threshold Issues No. 4 – the punitive damages issue. *See* July

2017 Opinion, 571 B.R. 565. In the July 2017 Opinion, the Court held that, under the Sale

Agreement, "Post-Closing Accident Plaintiffs may not assert claims against New GM for punitive

damages based on conduct of Old GM." *Id.* at 580; *see also* December 2015 Judgment, ¶ 6. In

addition, the Court ruled in the July 2017 Opinion that "Judge Gerber's [December 2015] ruling

therefore remains law of the case and New GM cannot be held liable for punitive damages on a

contractual basis." July 2017 Opinion, 571 B.R. at 576. Buchanan did not appeal the July 2017

Opinion.

D.     **The Reichwaldt Opinion**

23.     After the entry of the July 2017 Opinion, New GM filed a motion to enforce

("**Reichwaldt Motion to Enforce**") with respect to another plaintiff (Reichwaldt) who brought a

lawsuit in the Georgia courts, and who was asserting, among other things, that she could maintain

claims against New GM for punitive damages based on Old GM conduct.  While Reichwaldt was

served with the 2016 Show Cause Order and agreed she was bound by the July 2017 Opinion, she

nonetheless refused to strike her request for punitive damages in her lawsuit.  In its Reichwaldt

Motion to Enforce, New GM, among other things, argued that Reichwaldt could not seek punitive

damages against New GM for Old GM conduct based on *res judicata* principles because she was

on notice of the December 2016 Show Cause Order and the punitive damages issue.

24.     The Court agreed with New GM and found that Reichwaldt was bound by the July

2017 Opinion and could not seek punitive damages against New GM based on Old GM conduct

because of *res judicata* and law of the case.  *See* August 2017 Opinion, 576 B.R. at 323-24.

25.     Buchanan is no different than Reichwaldt and the rationale for the August 2017

Opinion applies equally to Buchanan.

E.     **The District Court's May 2018 Opinion Affirming (i) the Punitive Damages Ruling
       in the July 2017 Opinion and (ii) the Rulings in the *Reichwaldt* August 2017 Opinion**

26.     On May 29, 2018, the United States District Court for the Southern District of New

York ("**District Court**") affirmed (i) the July 2017 Opinion ruling that New GM did not assume

liability for punitive damages based on Old GM conduct, and (ii) the August 2017 Opinion that

Reichwaldt could not seek punitive damages against New GM based on Old GM conduct because

of *res judicata* and the law of the case doctrines.  *See* DC May 2018 Opinion, 590 B.R. 39

(S.D.N.Y. 2018).

F.    **The Second Circuit Opinions Affirming the Bankruptcy Court's and District Court's
Rulings**

27.    On November 19, 2019, the Second Circuit affirmed the District Court's rulings in
the May 2018 Opinion that New GM did not assume liability for punitive damages based on Old
GM conduct.  *See generally* Second Circuit 2019 Opinion, 943 F.3d 125.  It has now conclusively
and finally been determined that New GM is not liable for punitive damages based on Old GM
conduct.  *See, e.g., id.* at 132 ("the terms of the Sale Agreement reflect--and extrinsic evidence
confirms--that New GM did not contractually assume claims for punitive damages based on Old
GM's conduct").  The Second Circuit unequivocally held that "punitive damages are not an
Assumed Liability in the Sale Agreement, and the Sale Order's free and clear provision bars
punitive damages claims under a theory of successor liability." *Id.* at 133.

28.    Also on November 19, 2019, the Second Circuit entered a Summary Order,
affirming the DC May 2018 Opinion with respect to Reichwaldt, and that she was barred by *res
judicata* from arguing that New GM assumed punitive damages based on Old GM conduct. *In re
Motors Liquidation Co.*, No. 18-1939, 2019 WL 6130456 (2d Cir. Nov. 19, 2019).

G.    **The Buchanan Lawsuit**

29.    On or about November 10, 2014, Glenda Marie Buchanan was involved in a one-
vehicle accident involving the Subject Vehicle that unfortunately resulted in her death.  Her
husband, Robert Randall Buchanan, commenced the Buchanan Lawsuit against New GM and
Terry Reid Group, Inc. on or about May 3, 2016.  The Buchanan Complaint contained two claims
against New GM (i) strict liability, and (ii) negligence.  Both claims were based solely on Old GM
conduct.  *See* Buchanan Complaint, ¶¶ 9-20.

30.    The Buchanan Complaint also contained a request for punitive damages against
New GM that was expressly based only on Old GM conduct.  Paragraph 35 of the Buchanan

Complaint—the only paragraph that concerned a request for punitive damages[16]—provided, in total, as follows:

> GM through their conduct in designing, testing, manufacturing, assembling, marketing and selling the Trailblazer, demonstrated an entire want of care, evidencing a reckless indifference and disregard to the consequences of its actions. Plaintiff, pursuant to O.C.G.A. §51-12-5.1, is entitled to an award of punitive damages to deter GM from such conduct in the future.

31.    Until very recently, last week in fact, Buchanan had not attempted to assert an Independent Claim against New GM, and had not pressed the punitive damages claim in the Georgia Court.  However, that changed, with Buchanan seeking discovery regarding the request for punitive damages even though he was on notice of the December 2016 Show Cause Order and the punitive damages ruling emanating therefrom.  This punitive damages-related discovery includes a now court-ordered deposition of Mary Barra, New GM's chief executive officer.

32.    In light of Buchanan's new litigation strategy in the Georgia Court related to the inappropriately-alleged punitive damages claim, on January 29, 2020, New GM sent Buchanan the New GM January 2020 Letter stating that, while the Sale Agreement provided that New GM assumed Product Liabilities related to post-sale accidents involving Old GM vehicles, the December 2015 Judgment, and the July 2017 Opinion and August 2017 Opinion (each of which were affirmed on appeal by the District Court and Second Circuit) expressly held that the Sale Agreement did not provide for the assumption by New GM of punitive damages relating to assumed Product Liabilities.  New GM's January 2020 Letter also referred to the December 2016 Show Cause Order, and explained that, because Buchanan did not object to that Order, Buchanan (like the Georgia plaintiff in *Reichwaldt*) was bound by the rulings in the July 2017 Decision.  New

---

[16]    The Wherefore Clause in the Buchanan Complaint also referenced a request for punitive damages, but merely stated: "Plaintiff also demands punitive damages against GM to deter this Defendant from such conduct in the future."

GM's January 2020 Letter also identified the paragraphs of the Buchanan Complaint that contained inappropriate allegations, and stated that such allegations needed to be corrected if the Buchanan Lawsuit was to continue without violating this Court's injunction.

33.    In response to the New GM January 2020 Letter, Buchanan sent a letter to New GM, dated January 31, 2020 ("**Buchanan January 2020 Letter**").[17]  The Buchanan January 2020 Letter did not dispute any of the objections or arguments set forth in the New GM January 2020 Letter; it merely attached the Buchanan Amended Complaint.  The Buchanan Amended Complaint was filed with the Georgia Court on January 31, 2020, minutes before Buchanan sent New GM the Buchanan January 2020 Letter.

34.    The Buchanan Amended Complaint, for the first time, contains a newly-added Independent Claim supposedly based on New GM conduct.  However, such claim does not refer to any specific New GM conduct at all.  The Buchanan Amended Complaint merely contains (i) a reference to statements made in a 2011 New GM Press Release (*see* Buchanan Amended Complaint, ¶ 18) with no allegation that Mrs. Buchanan saw this Press Release; (ii) general statements that Old GM employees became New GM employees (*see id.*, ¶ 11), which is a predicate fact for a proscribed successor liability claim, and (iii) general and conclusory allegations that New GM failed to warn Mrs. Buchanan about an alleged defect in the Subject Vehicle.

35.    While no specific New GM conduct was alleged, the Buchanan Amended Complaint contains numerous allegations about Old GM's conduct (*see e.g.*, ¶¶ 21-24, 31-35, 38, 39, 41), and in Paragraph 42 expressly alleges that New GM is liable for Old GM's conduct.  In addition, the Buchanan Amended Complaint also revised the punitive damages request as follows: "New GM, through its conduct in failing to warn of a known defect in the Subject Vehicles,

---

[17]    A copy of the Buchanan January 2020 Letter is attached hereto as **Exhibit "H."**

36196891.v2

including the Trailblazer, demonstrated, and continues to demonstrate, an entire want of care, evidencing a reckless indifference and disregard to the consequences of its actions."  Buchanan Amended Complaint, ¶ 52.

36.    As the Buchanan Amended Complaint fails to contain any specific allegations regarding New GM conduct upon which to base any Independent Claim, such claim is improper, as is the corresponding request for punitive damages predicated upon such claim.  Buchanan is either saying that New GM contractually assumed Old GM's duty to warn, which would be an assumed Product Liability that cannot bear punitive damages.  Or, alternatively, Buchanan is saying that New GM, as the purchaser of Old GM's business, acquired Old GM's duty to warn, which is a successor liability claim that cannot bear punitive damages.  Either legal theory gets you to the same place.  Without alleging, much less identifying, any express conduct by New GM that creates a new and separate duty to warn totally divorced from Old GM, New GM as the non-manufacturer/non-seller of the Subject Vehicle, with no relationship with Buchanan, cannot be liable for punitive damages to Buchanan based on a failure to warn claim.  Accordingly, this Buchanan Motion to Enforce was filed to address these bankruptcy-related issues.

## BASIS FOR RELIEF

37.    The Sale Order and Injunction and related rulings bar Buchanan's inappropriate request for punitive damages.

### A.    Buchanan Has Not Asserted a Valid Independent Claim

38.    Both the Second Circuit and this Court (as well as the District Court) have ruled that Independent Claims must be based *solely* on New GM conduct, and cannot be based on Old GM conduct.  *See Motors Liquidation Co.*, 829 F.3d at 157; July 2017 Opinion, 571 B.R. at 569, n.2 ("truly Independent Claims" are "claims based solely on wrongful post-closing conduct of New GM . . ."); *Order Granting In Part And Denying In Part General Motors LLC's Motion To*

14

*Enforce The Ruling In The Bankruptcy Court's June 7, 2017 Opinion With Respect To The Pitterman Plaintiffs*, dated July 10, 2017 [ECF No. 13991], at 2 ("the Pitterman Plaintiffs are precluded from relying on conduct of Old GM in support of their alleged Independent Claims against New GM"); June 2017 Opinion, 568 B.R. at 224 (defining "Independent Claims" as "claims against New GM *based solely on New GM's post-closing wrongful conduct*" (emphasis in original)); December 2015 Judgment, at 2 n.3 ("'Independent Claim' shall mean a claim or cause of action asserted against New GM that is based solely on New GM's own independent post-Closing acts or conduct.").

39.    Buchanan's alleged Independent Claim is not ***solely*** based on New GM's volitional conduct; in fact, the Buchanan Amended Complaint contains no specific allegations regarding New GM conduct related to Mr. or Mrs. Buchanan, or the Subject Vehicle.  The only allegations regarding New GM conduct are general and conclusory.  Deciding the propriety of a similar complaint, this Court ruled in the June 2017 Opinion that "[i]t is not acceptable . . . to base allegations on generalized knowledge of both Old GM and New GM.  To pass the bankruptcy gate, a complaint must clearly allege that its causes of action are based solely on New GM's post-closing wrongful conduct."  June 2017 Opinion, 568 B.R. at 231.  This Court concluded that "[t]hose claims cannot go forward against New GM as drafted."  *Id.* at 220 n.1.

40.    Similarly, in the *Reichwaldt* Opinion, this Court ruled that reliance on general public statements made by New GM (like general statements made by New GM's CEO Mary Barra to Congress) or allegations that New GM purchased Old GM's books and records are not sufficient to support an Independent Claim.  *See* August 2017 Opinion, 576 B.R. at 322-23.  This Court ruled in *Reichwaldt* that since a proposed complaint did "not identify any specific New GM conduct upon which to base an Independent Claim," such claim could not proceed as pled.  *Id.* at

15

322. Indeed, "[p]ermitting a complaint through the bankruptcy gate on the basis of general public statements such as these would completely end-run this Court's gatekeeping function." *Id.* at 323.

41.     The same analysis and result apply here.  Buchanan has completely failed to plead any specific New GM conduct with respect to Mr. or Mrs. Buchanan, or the Subject Vehicle at issue, and there are *no* allegations in the Buchanan Amended Complaint that (a) Mr. or Mrs. Buchanan had any relationship with New GM, or (b) there was any New GM post-Sale conduct that would give rise to post-363 Sale legal duties.  In fact, Buchanan argued in the Georgia Court that Mary Barra's deposition on the punitive damages issue is required because of the duty to warn obligation on the manufacturer of the Subject Vehicle, which clearly is Old GM, and not New GM. *See* Buchanan's PowerPoint Presentation, dated January 27, 2020, at 52 ("A ***manufacturer's duty to warn*** is a continuing one and may arise 'months, years or even decades after the date of the first sale of the product.  The ***manufacturer's duty to warn*** may be "based on knowledge acquired after the product is sold." (emphasis added)).[18]

42.     In short, the ***only*** allegations of specific conduct in the Buchanan Amended Complaint concern Old GM, and much of that conduct took place years before the closing of the 363 Sale when the vehicle at issue was designed and manufactured.  Based on the foregoing, Buchanan's so-called Independent Claim is not appropriately pled and Buchanan should be precluded from asserting such claim in the Buchanan Lawsuit except to the extent it is part of New GM's assumed Product Liability, which by definition cannot permissibly include a claim for punitive damages.

---

[18]    The relevant excerpt from Buchanan's PowerPoint presentation, used in the Georgia Court, is attached hereto as **Exhibit "I."**

36196891.v2

**B.**    **Buchanan is Bound by the Rulings in the June 2017 and July 2017 Opinions**

43.    Buchanan must base any Independent Claim against New GM on specific, identifiable conduct of New GM; it cannot merely be based on generalized statements or conclusory allegations.  As the Buchanan Amended Complaint fails to do so, the alleged Independent Claim must be stricken.  Once Buchanan is precluded from maintaining an alleged independent duty to warn claim, the punitive damages claim must also be barred as it is expressly based on the inappropriate independent failure to warn claim.

44.    As noted, Buchanan was timely served with the December 2016 Show Cause Order and is thus bound by the Court's rulings on the 2016 Threshold Issues (*i.e.*, those set forth in the June 2017 and July 2017 Opinions).  Just like the Georgia plaintiff in *Reichwaldt*, Buchanan is bound by the Court's rulings under the law of the case doctrine.  *See* August 2017 Opinion, 576 B.R. at 324 ("The Court need not revisit in detail its determination that Judge Gerber's ruling remains law of the case. . . .  This Court's decision that punitive damages based on Old GM's conduct are barred by the Bankruptcy Code's priority scheme is likewise law of the case and should not be revisited."); July 2017 Opinion, 571 B.R. at 576 ("Judge Gerber's ruling that New GM did not contractually assume liability for punitive damages remains law of the case.").  The District Court agreed.  *See* DC May 2018 Opinion, 590 B.R. at 68 ("The Bankruptcy Court's conclusions that it is law of the case that New GM did not contractually assume liability for punitive damages claims based on Old GM conduct and that punitive damages against New GM based on Old GM conduct are not available as a matter of federal bankruptcy law are AFFIRMED[.]").

45.    Buchanan's purported Independent Claim and request for punitive damages are *also* barred by *res judicata*.  "Under both New York law and federal law, the doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action." *Duane*

17

*Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010) (citation omitted).

As this Court held in *In re MF Glob. Holdings, Ltd*, Case No. 11–15059 (MG), 2014 WL 3536977,

at *4 (Bankr. S.D.N.Y. July 17, 2014):

> Res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Under federal law, res judicata "bars later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." Further, the pendency of an appeal does not affect a decision's finality for res judicata purposes. [Citations omitted]

46.     Here, the June 2017 Opinion and the July 2017 Opinion are final judgments as to

Buchanan as he was on notice of them and never appealed the rulings contained therein. These

issues have thus been finally determined for Buchanan, and he cannot maintain inappropriate

Independent Claims or assert that New GM is liable for punitive damages based on Old GM

conduct.

**C.     The Sale Order and Injunction and Sale Agreement Preclude Claims for Punitive Damages Based On Old GM Conduct**

47.     The alleged Independent Claim is a failure to warn claim based on Old GM conduct,

which, in essence, is nothing more than an assumed Product Liability or a successor liability claim.

As such, Buchanan may not seek punitive damages from New GM. Accordingly, this Court should

direct Buchanan to strike such punitive damages requests from the Buchanan Amended Complaint.

**<u>NOTICE</u>**

48.     Notice of this Buchanan Motion to Enforce has been provided to counsel for

Buchanan, and all entities that receive electronic notice from the Court's ECF system. New GM

submits that such notice is sufficient, and no other or further notice need be provided.

49.     Except to the extent expressly noted herein, no prior request for the relief sought in

this Buchanan Motion to Enforce has been made to this or any other Court.

36196891.v2

WHEREFORE, New GM respectfully requests that this Court enter an order, substantially in the form set forth in **Exhibit "J"** hereto, granting the relief sought herein and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 4, 2020

Respectfully submitted,


_____/s/ Arthur Steinberg_____
Arthur Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222

19