# Exhibit C

COBB COUNTY, GA
FILED IN OFFICE

16 MAY -3 PM 2: 21

DAVID T. DAVIS
STATE COURT CLERK-13

## IN THE STATE COURT OF COBB COUNTY

### STATE OF GEORGIA

| | |
|---|---|
| ROBERT RANDALL BUCHANAN, individually ) <br> and as Administrator of the **ESTATE OF** ) <br> **GLENDA MARIE BUCHANAN,** ) <br> ) <br>         Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **GENERAL MOTORS LLC** and **TERRY REID** ) <br> **GROUP, INC.,** ) <br> ) <br>         Defendants. ) <br> _____ ) | **CIVIL ACTION FILE** <br> **NO: 2012A-3351-1** |

### COMPLAINT FOR DAMAGES

**COMES NOW** Robert Randall Buchanan, individually and as Administrator of the Estate

of Glenda Marie Buchanan, Plaintiff in the above-styled action, and files his Complaint for Damages

as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Robert Randall Buchanan is a resident of Douglas County, Georgia.

2.

Defendant General Motors LLC ("GM") is a corporation organized and existing under the

laws of the State of Delaware, having its principal place of business in the State of Michigan. GM's

registered agent in this state is CSC of Cobb County, Inc., 192 Anderson Street, S.E., Suite 125,

Marietta, Cobb County, Georgia 30060, upon whom the Summons and Complaint may be served,

and when said agent is served with a copy of the Summons and Complaint, GM will be subject to the jurisdiction and venue of this Court

3.

Defendant Terry Reid Group, Inc. ("Terry Reid") is a corporation organized and existing under the laws of the State of Georgia and does business in this state. Terry Reid's registered agent is Jeffrey A. Watkins, 128 West Cherokee Avenue, Bartow County, Cartersville, Georgia 30120, upon whom the Summons and Complaint may be served, and when said agent is served with a copy of the Summons and Complaint, Terry Reid will be subject to the jurisdiction and venue of this Court.

4.

In addition, all Defendants are joint tortfeasors or obligors, and therefore venue properly lies in this county.

### The Product

5.

The product involved in this action is a 2007 Chevrolet Trailblazer, vehicle identification number 1GNDS13S972239115 (the particular vehicle involved in the incident is hereafter referred to as the "Trailblazer").

### The Incident

6.

The incident forming the basis for this action is a single vehicle accident which occurred on November 10, 2014 at approximately 3:15 p.m. on Mulberry Rock Road, east of Carl Haley Road in Paulding County, Georgia.

7.

Glenda Marie Buchanan ("Mrs. Buchanan") was driving the Trailblazer west on Mulberry Rock Road, east of Carl Haley Road. For unknown reasons, Mrs. Buchanan traveled off the north side of the roadway with her right side tires. She then turned the vehicle left back onto the road. She lost control of the vehicle and the vehicle went across the road and down into a ditch, overturning as it did so.

8.

Mrs. Buchanan was properly belted with the lap shoulder belt and the Trailblazer was equipped with Stabilitrak. The Stabilitrak did not engage in this accident and Mrs. Buchanan suffered fatal injuries.

## COUNT I

## STRICT LIABILITY OF DEFENDANT
## GENERAL MOTORS LLC

9.

All preceding statements and allegations of Plaintiff's Complaint are incorporated herein and realleged as if expressly set forth herein.

10.

GM designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed and sold the Trailblazer, and its components.

11.

GM sold the Trailblazer as a new product within ten (10) years before the filing of this action.

12.

The Trailblazer left the control of GM in the same condition as it was at the time and place of the accident, with the exception of ordinary wear and tear.

13.

GM is strictly liable in tort to Plaintiff for the fatal injuries sustained by Mrs. Buchanan as a result of defects in the design, manufacture, marketing and sale of the subject Trailblazer.

14.

The Trailblazer was defective and unreasonably dangerous when distributed and sold by GM.

15.

The defects in the Trailblazer include, but are not limited to, the following:

(a)   The Stabilitrak that was installed in the vehicle failed to activate and failed to prevent the vehicle from losing control and leaving the road;

(b)   The vehicle had an unreasonable propensity to lose control during foreseeable driving maneuvers because of the handling and stability design defects;

(c)   Failing to adequately warn Plaintiff, other consumers, or the public in general, about the unsafe and defective condition and design of the vehicle so that individuals like Plaintiff could make informed and prudent decisions regarding traveling or riding in such vehicles;

(d)   Failing to implement safe, technologically feasible, and economically practical design alternatives which would have mitigated or cured the design defects noted above.

16.

The defective Trailblazer caused Mrs. Buchanan's fatal injuries.

## COUNT II

## NEGLIGENCE OF DEFENDANT
## GENERAL MOTORS LLC

17.

All preceding statements and allegations of Plaintiff's Complaint are incorporated herein and realleged as if expressly set forth herein.

18.

GM was negligent in designing, inspecting, testing, manufacturing, assembling, marketing, selling and providing warnings for the Trailblazer.

19.

GM also negligently provided a Stabilitrak system that failed to activate which would have prevented the loss of control in the Trailblazer.

20.

Defendant GM's failure to exercise due care, combined with the defects present in the Trailblazer, proximately caused Mrs. Buchanan's fatal injuries.

## COUNT III

## NEGLIGENCE OF DEFENDANT TERRY REID GROUP, INC.

21.

All preceding statements and allegations of Plaintiff's Complaint are incorporated herein and realleged as if expressly set forth herein.

22.

Defendant Terry Reid sold the Trailblazer to Mrs. Buchanan on February 8, 2011.

23.

The Trailblazer was purchased as a used vehicle from Defendant Terry Reid.  Before

selling the Trailblazer, Defendant Terry Reid serviced the vehicle and Terry Reid knew, or

should have known, of the aforementioned defects with the Trailblazer.

24.

After servicing the Trailblazer, Defendant Terry Reid again failed to adequately warn of

the defective condition and/or known hazards with the Trailblazer.

25.

Defendant Terry Reid's negligence proximately caused the injuries and damages

sustained by Plaintiff, as set forth herein.

## COUNT IV

## <u>INJURIES AND DAMAGES</u>

26.

All preceding statements and allegations of Plaintiff's Complaint are incorporated herein

and realleged as if expressly set forth herein.

27.

Robert Randall Buchanan, as surviving spouse of Glenda Marie Buchanan, deceased, has

standing to recover for the wrongful death of his wife, Glenda Marie Buchanan.

28.

Robert Randall Buchanan, as Administrator of the Estate of Glenda Marie Buchanan, has standing to recover the general damages and special damages of Glenda Marie Buchanan.

29.

As a direct and proximate result of the negligence and misconduct of Defendants, as well as the defective, unsafe and unreasonably dangerous Trailblazer, Mrs. Buchanan was killed, and Plaintiff is entitled to recover from the Defendants the full value of the life of Mrs. Buchanan.

30.

As a direct and proximate result of the negligence and misconduct of Defendants, as well as the defective, unsafe and unreasonably dangerous Trailblazer, Mrs. Buchanan experienced physical pain and suffering.

31.

As a direct and proximate result of the negligence and misconduct of Defendants, as well as the defective, unsafe and unreasonably dangerous Trailblazer, Mrs. Buchanan experienced mental pain and suffering, including shock, fright, and terror.

32.

As a direct and proximate result of the negligence and misconduct of Defendants, Mrs. Buchanan's estate incurred funeral and burial expenses.

33.

As a direct and proximate result of the aforementioned negligent acts and omissions, Robert Randall Buchanan has been deprived of the full society, companionship and services of Mrs. Buchanan.

-7-

## COUNT V
## PUNITIVE DAMAGES

34.

All preceding statements and allegations of Plaintiff's Complaint are incorporated herein and realleged as if expressly set forth herein.

35.

GM through their conduct in designing, testing, manufacturing, assembling, marketing and selling the Trailblazer, demonstrated an entire want of care, evidencing a reckless indifference and disregard to the consequences of its actions. Plaintiff, pursuant to O.C.G.A. §51-12-5.1, is entitled to an award of punitive damages to deter GM from such conduct in the future.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount which will fully and completely compensate Plaintiff for the aforementioned injuries, damages and court costs. Plaintiff also demands punitive damages against GM to deter this Defendant from such conduct in the future.

Plaintiff demands a jury trial.

**RESPECTFULLY SUBMITTED** this 3rd day of May 2016.

THE COOPER FIRM

LANCE A. COOPER
Georgia State Bar No. 186100
**Attorneys for Plaintiffs**

531 Roselane Street
Suite 200
Marietta, GA 30060
770/427-5588

-8-