# Exhibit E

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com
Scott Davidson
Direct Dial: 212-556-2164
sdavidson@kslaw.com

January 29, 2020

**VIA E-MAIL TRANSMISSION AND**
**OVERNIGHT DELIVERY**
Lance A. Cooper, Esq.
THE COOPER FIRM
531 Roselane Street, Suite 200
Marietta, Georgia 30060

    Re: *Buchanan v. General Motors LLC, et al.*
       **State Court of Cobb County**
       **Civil Action No.: 16-A-1280-7**

Dear Mr. Cooper:

  King & Spalding LLP is counsel for General Motors LLC ("**New GM**") in connection with bankruptcy matters arising from lawsuits brought against New GM that involve vehicles manufactured by General Motors Corporation (n/k/a Motors Liquidation Company) ("**Old GM**"). For the reasons explained below, certain allegations and requests for damages made on behalf of the Plaintiff in the Complaint, dated May 3, 2016 ("**Complaint**"), violate the Sale Order and Injunction (defined below)[1] entered by the United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**"), and certain judgments, orders and decisions entered by the Bankruptcy Court and appellate courts.[2]  In particular, the legally barred allegations and damage requests are as follows:

---

[1] A copy of the Sale Order and Injunction, and attached Sale Agreement, is attached hereto as **Exhibit "A."**

[2] *See, e.g., In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015) ("**November 2015 Decision**"); and Judgment entered by the Bankruptcy Court on December 4, 2015 ("**December 2015 Judgment**") (a copy of the December 2015 Judgment is annexed hereto as **Exhibit "B"**; while certain portions of the November 2015 Decision/December 2015 Judgment were appealed by some plaintiffs, the relevant rulings relied upon by New GM were not appealed and are final); *see also, e.g., In re Motors Liquidation Co.*, 571 B.R. 565 (Bankr. S.D.N.Y. 2017) ("**July 2017 Decision**"); *In re Motors Liquidation Co.*, 576 B.R. 313 (Bankr. S.D.N.Y. 2017) ("**August 2017 Decision**").  The relevant portions of the July 2017 Decision and August 2017 Decision were affirmed by the District Court (*see In re Motors Liquidation Co.*, 590 B.R. 39 (S.D.N.Y. 2018) ("**May 2018 Decision**")) and the Second Circuit (*see In re Motors Liquidation Co.*, 943 F.3d 125 (2d Cir. 2019) and *In re Motors Liquidation Co.*, No. 18-1939, 2019 WL 6130456 (2d Cir. Nov. 19, 2019)).

Lance A. Cooper, Esq.
January 29, 2020
Page 2

- Allegations that allege or suggest that New GM performed actions relating to an Old GM vehicle before the closing of the 363 Sale. *See, e.g.*, Complaint, ¶¶ 10-14, 18-20, 29-32,[3] 35; and

- All requests for punitive damages against New GM based on Old GM conduct. *See* Complaint, ¶ 35, Wherefore Clause.

**Applicable Bankruptcy Court Rulings**

The Amended and Restated Master Sale and Purchase Agreement, dated as of June 26, 2009 (as amended) ("**Sale Agreement**"), which was approved by an Order of the Bankruptcy Court, dated July 5, 2009 ("**Sale Order and Injunction**"), provides that New GM assumed only certain categories of liabilities for vehicles sold by Old GM. Among those are Product Liabilities (as defined in the Sale Agreement) related to post-sale accidents involving Old GM vehicles causing personal injury, loss of life or property damage.[4] *See* Sale Agreement § 2.3(a)(ix) (as amended). All other liabilities relating to vehicles sold by Old GM were "Retained Liabilities" of Old GM. *See* Sale Agreement § 2.3(b).

### A.   **The Complaint Contains Inappropriate Allegations**

The Bankruptcy Court's December 2015 Judgment described the types of allegations that cannot be made against New GM based on Old GM vehicles. Specifically, parties are prohibited from making allegations that "allege or suggest that New GM manufactured or designed an Old GM Vehicle, or performed other conduct relating to an Old GM Vehicle[.]" December 2015 Judgment, ¶ 18. The Complaint contains numerous allegations that are prohibited by the December 2015 Judgment, requiring corrections or deletions. *See, e.g.*, Complaint, ¶¶ 10-14, 18-20, 29-32, 35. Until those corrections (along with the other infirmities in the Complaint described in this letter) are made, the Complaint violates the injunction contained in the Sale Order and Injunction and may not proceed. Paragraph 18 of the December 2015 Judgment is controlling. It provides that complaints (like the one you filed) with inappropriate allegations "are and remain stayed, unless and until they are amended consistent with the [November 2015] Decision and this Judgment".

---

    Plaintiff (through counsel) was timely served with an Order to Show Cause entered by the Bankruptcy Court on December 13, 2016 ("**December 2016 Show Cause Order**"), which identified certain threshold issues ("**2016 Threshold Issues**") that the Bankruptcy Court would address, and the procedures for resolving same. Plaintiff did not object to the procedures set forth in the December 2016 Show Cause Order or file any pleadings in connection with the 2016 Threshold Issues. As stated in the December 2016 Show Cause Order, plaintiffs are bound by the rulings made by the Bankruptcy Court in connection with such threshold issues, which includes the July 2017 Decision.

[3]    Paragraphs 29-32 of the Complaint refer to the "negligence and misconduct of Defendants," but the allegations in the Complaint concern Old GM and not New GM.

[4]    According to the Complaint, Plaintiff appears to be asserting product liability claims resulting from an accident that took place after the closing of the sale from Old GM to New GM. New GM assumed "Product Liabilities" (as defined in the Sale Agreement, as amended) for post-bankruptcy sale accidents relating to Old GM vehicles. To the extent the Complaint asserts assumed Product Liabilities, those aspects of the Complaint are not barred by the Sale Order and Injunction or other Bankruptcy Court rulings. Note, however, that New GM disputes that it is liable on such claims and/or requests for damages.

Lance A. Cooper, Esq.
January 29, 2020
Page 3

Our records indicate that you were on notice of the proceedings leading to the entry of the December 2015 Judgment (albeit on behalf of other plaintiffs you represented). You should be aware that, based on the December 2015 Judgment, the Bankruptcy Court has stayed and enjoined the prosecution of lawsuits where, like here, improper allegations against New GM are made that are proscribed by the December 2015 Judgment. *See, e.g.*, August 2017 Decision, 576 B.R. at 321-323, 324. Further, the rulings in the December 2015 Judgment cited herein are the "law of the case," and are applicable to all plaintiffs (including Plaintiff) who brought lawsuits against New GM after the entry of the December 2015 Judgment. *See* May 2018 Decision, 590 B.R. at 62.

### B. Plaintiff Cannot Obtain Punitive Damages from New GM Based on Old GM Conduct

It has conclusively been established that New GM is not liable for punitive damages based on Old GM conduct. *See, e.g.*, *In re Motors Liquidation Co.*, 943 F.3d 125, 132 (2d Cir. 2019) ("the terms of the Sale Agreement reflect--and extrinsic evidence confirms--that New GM did not contractually assume claims for punitive damages based on Old GM's conduct"). The Second Circuit unequivocally held that "punitive damages are not an Assumed Liability in the Sale Agreement, and the Sale Order's free and clear provision bars punitive damages claims under a theory of successor liability." *Id.* at 133. Plaintiff was a party to the proceedings leading to the July 2017 Decision (later affirmed by the above-cited Second Circuit decision) which set forth this "no punitive damages" determination. Plaintiff never appealed that ruling and it is fully binding on Plaintiff. Accordingly, the punitive damages request contained in the Complaint which is exclusively based on Old GM conduct is improper and must be stricken.

### Conclusion

***Please let us know by Friday, January 31, 2020 whether you will amend the Complaint by taking the requested action so as to comply with the Bankruptcy Court's and appellate courts' rulings***. In the meantime, as mandated by the December 2015 Judgment, you are enjoined from proceeding with your lawsuit.

New GM reserves all of its rights regarding a continuing violation of the Bankruptcy Court's rulings and the federal court injunctions contained therein, including, if necessary, filing an appropriate motion in the Bankruptcy Court, which retained exclusive jurisdiction to enforce the Sale Order and Injunction (and the other rulings of the Bankruptcy Court based on the Sale Order and Injunction).

If you have any questions, please call me.

Very truly yours,

/s/ Scott Davidson

Scott Davidson

SD/hs
Encl.