# EXHIBIT B

🖃 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**16-A-1280**
FEB 04, 2020 10:09 AM

*Angie J. Davis*
Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ROBERT RANDALL BUCHANAN, Individually and as Administrator of the ESTATE OF GLENDA MARIE BUCHANAN, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MOTORS LLC, <br><br> Defendant. | ) ) ) ) ) ) CAFN: 16-A-1280-7 ) ) ) ) ) ) ) |

## ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Pending is a Motion for Protective Order, brought by Defendant General Motors, LLC ("GM"). In dispute is the necessity and propriety of the deposition of Mary Barra, the Chief Executive Officer of GM. Plaintiff Robert Randall Buchanan seeks Barra's deposition as part of discovery in this products liability action.

After consideration of the full briefing from all parties, the record evidence and governing law, and arguments as heard during a hearing on January 27, 2020, the Court finds as follows:

## CONTEXT AND BACKGROUND

Plaintiff brought this action following the death of his wife, Glenda Marie Buchanan. Mrs. Buchanan was driving a 2007 Chevrolet Trailblazer SUV on November 10, 2014, when her vehicle left the roadway and rolled over. Mrs. Buchanan suffered injuries that ultimately led to her death.

Mrs. Buchanan's surviving husband, Plaintiff Robert Randall Buchanan, sues primarily for product liability claims. Plaintiff's claims are based upon GM's version of Electronic Stability Control ("ESC"), a technology designed to improve and control a vehicle's stability and steering control. Specifically, Plaintiff alleges a defect in the "Steering Wheel Angle Sensor," or SWAS. Generally, GM's version of the technology is identified as the StabiliTrak system.

As part of the litigation, Plaintiff seeks the deposition of Mary Barra, GM's CEO. GM opposes the deposition and asserts that it will impose "against both Ms. Barra and GM LLC extreme oppression, harassment, embarrassment, [and] undue burden and expense." Plaintiff contends that Barra has knowledge about GM's "Speak Up for Safety" Program, amongst other topics, about which Plaintiff is entitled to depose her.[1]

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Georgia's rules of discovery allow for liberal and open discovery, so that the facts may be found and cases decided on those facts and their merit. "The courts of this State have long recognized the overriding policy of liberally construing the application of the discovery law. To hold otherwise would be to give every litigant an effective veto of his adversaries' attempts at discovery." (Citation omitted). DeLoitte Haskins & Sells v. Green, 187 Ga. App. 376 (370 SE2d 194) (1988). Georgia's Civil Practice Act allows for broad discovery, the scope of which

---

[1]    The parties agree that Barra has been CEO and Chair of GM since January 2014, having held various other executive positions for years before that time. The record reflects that Barra has made public statements about safety issues at GM (including testifying before Congress), including the need for safety and quality as priorities, See Opposition to MPO, at 7-9 (citing GM website); Fleck v. GM LLC (In re GM LLC Ignition Switch Litig.), No. 14-MD-2543 (JMF), 2015 U.S. Dist. LEXIS 169598, at *1 (S.D.N.Y. Dec. 9, 2015) (noting Barra's testimony as to what actions GM would take to address known safety concerns, going forward).

2

is "any matter, not privileged, which is relevant to the subject matter involved in the pending action." O.C.G.A. § 9-11-26(b)(1). Contrary to GM's assertion, there is no express or implied law in Georgia for the "apex doctrine" or other framework that imposes presumptive hurdles to seeking discovery (or deposition testimony) from certain corporate individuals. See generally Bridges v. Twentieth Century Travel, 149 Ga. App. 837 (256 SE2d 102) (1979) (rejecting a discovery objection as to corporate stockholder's purported lack of knowledge as to factual underpinnings of a lawsuit).

Here, the Plaintiff's attempt to depose Ms. Barra appears in the Court's discretion to be a reasonably calculated attempt to discover evidence that might be admissible in a trial of this action. Particularly, Ms. Barra made numerous public statements (and gave sworn testimony before Congress) during recent GM ignition switch defect litigation that might reasonably be construed to lead to the discovery of admissible evidence in this action.[2] The "Speak Up For Safety" program, as well as Ms. Barra's further statements about GM's safety culture and efforts to investigate and eliminate safety issues, justify Ms. Barra's deposition. Whether or not GM has implemented, or not implemented, the safety approaches that Barra has previously testified about also is discoverable.

Protective orders are to be *"protective -- not prohibitive --* and, until such time as the court is satisfied by *substantial evidence* that *bad faith or harassment motivates the* discoveror's *action*, the court should not intervene to limit or prohibit the scope of pretrial discovery." (Citation and punctuation omitted). Bullard v. Ewing, 158 Ga. App. 287, 291 (279 SE2d 737) (1981). The Court finds that GM has not shown good cause for the issuance of the protective order it seeks. Accordingly, the defendant's' motion for protective order is DENIED,

---

[2] Plaintiff's assertion is that the SWAS issue in this case is widespread and has not been adequately addressed by GM, an assertion also made with respect to GM ignition switch defects.

3

the deposition of Ms. Barra shall go forward at a mutually convenient date and time within forty-five (45) days of the date of this Order, and the deposition shall be held in Detroit, Michigan. Excluding time spent on objections, the deposition is limited to 3 hours.

SO ORDERED, this ____4th____ day of February, 2020.

_____
Carl W. Bowers
Judge, State Court of Cobb County

The order as originally submitted by plaintiff's counsel has been amended by the Court.

4

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served true and exact copies of the foregoing

***ORDER***

(through Peachcourt), to the following:

mbell@lightfootlaw.com

rlary@ligthfootlaw.com

cyearout@lightfootlaw.com

bkappel@lightfootlaw.com

brad.marsh@swiftcurrie.com

myrece.johnson@swiftcurrie.com

darren@summervillefirm.com

lance@thecooperfirm.com

pat@thecooperfirm.com

This 4th day of February, 2020.

/s/ Wendy Basnett
Wendy Basnett
Judicial Administrative Specialist
Office of Judge Carl W. Bowers
State Court of Cobb County
Cobb Judicial Circuit