# Exhibit D

### IN THE STATE COURT OF COBB COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| ROBERT RANDALL BUCHANAN, Individually and as Administrator of the ESTATE OF GLENDA MARIE BUCHANAN, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MOTORS LLC and TERRY REID GROUP, INC., <br><br> Defendants. | CIVIL ACTION FILE NO.: 16-A-1280-7 |

### DEFENDANT GENERAL MOTORS LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant GENERAL MOTORS LLC (GM LLC), by and through its attorneys, Swift, Currie, McGhee & Hiers, LLP, hereby Answers Plaintiff's Complaint for Damages and Demand for Jury Trial ("Complaint") as follows:

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state facts sufficient to support a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages may have been due to or caused by intervening and superseding acts or omissions of others over whom GM LLC had no control.

#### THIRD AFFIRMATIVE DEFENSE

Based on facts that may be developed during discovery in this case, GM LLC may show that Glenda Marie Buchanan had knowledge of and assumed all risks by reason of the manner in

which the subject vehicle was being operated, maintained, serviced, or driven. Therefore, Plaintiff's claims for damages against GM LLC may be barred or reduced.

### FOURTH AFFIRMATIVE DEFENSE

The subject vehicle was designed, manufactured, engineered, assembled, and inspected in compliance with all applicable statutes, regulations, requirements, standards, and industry customs.

### FIFTH AFFIRMATIVE DEFENSE

The subject vehicle was state of the art and did not present unreasonable risk to Glenda Marie Buchanan.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff and Glenda Marie Buchanan's injuries and damages may have been due to or caused by abuse, misuse, or improper, unforeseeable, or unintended use of the subject vehicle.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and Glenda Marie Buchanan's injuries or damages may have been due to or caused by modification or alteration of the subject vehicle.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by contributory fault.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to properly mitigate his damages.

### TENTH AFFIRMATIVE DEFENSE

There may be a lack of joinder of one or more indispensable parties who should or must be joined and, without the joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this action.

### ELEVENTH AFFIRMATIVE DEFENSE

The alleged dangers, if any, may have been known to Glenda Marie Buchanan or were so open and obvious that she should have reasonably discovered them.

### TWELFTH AFFIRMATIVE DEFENSE

Some of Plaintiff's claims and/or requests for damages may be barred, preempted and/or precluded by applicable federal law and/or Orders, Judgments and/or Decisions of the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court") entered in the bankruptcy case captioned *In re Motors Liquidation Company, et al.*, Case No. 09-50026, which is pending before the New York Bankruptcy Court.

### THIRTEENTH AFFIRMATIVE DEFENSE

GM LLC's conduct does not give rise to liability for punitive damages under the laws controlling this action. Additionally, the imposition of punitive damages would violate the equal protection, due process, and excessive fines clauses of the United States and Georgia Constitutions. With respect to Plaintiff's demand for punitive damages, GM LLC specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards which arise in the decisions of *BMW v. Gore*, 517 U.S. 559 (1996), *Cooper Ind., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

### FOURTEENTH AFFIRMATIVE DEFENSE

GM LLC has not yet completed its investigation of Plaintiff's allegations and gives notice of its intent to assert any further affirmative defenses that its information-gathering process may indicate are supported by fact and law. GM LLC thus reserves the right to amend this Answer to assert any such defenses.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred by laches and estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred by release, payment, accord and satisfaction, and discharge.

**ANSWER TO PLAINTIFF'S COMPLAINT**

Responding to the specific enumerated paragraphs of Plaintiff's Complaint for Damages, Defendant shows as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

GM LLC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint and therefore, denies same.

2.

GM LLC asserts that it is a Delaware Limited Liability Company with its principal place of business in the State of Michigan and that it is authorized to do business, and does do business, throughout the United States including the State of Georgia and that it has a registered agent in Cobb County, Georgia. GM LLC denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

GM LLC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Complaint which are directed at another defendant, and therefore, denies same.

4.

GM LLC denies the allegation in Paragraph 4 of Plaintiff's Complaint that GM LLC and other defendants in this matter are joint tortfeasor or obligors. At this time, GM LLC is without knowledge and information sufficient to form a belief as to the truth of the allegation that venue is proper in Cobb County.

### The Product

5.

At this time, GM LLC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiff's Complaint and therefore, denies same.

### The Incident

6.

At this time, GM LLC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiff's Complaint and therefore, denies same.

7.

At this time, GM LLC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiff's Complaint and therefore, denies same.

8.

At this time, GM LLC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiff's Complaint and therefore, denies same.

## COUNT 1

## ALLEGATIONS OF STRICT LIABILITY OF DEFENDANT
## GENERAL MOTORS LLC

9.

GM LLC incorporates by reference all of the foregoing paragraphs as if set forth fully herein.

10.

GM LLC denies the allegations in Paragraph 10 of Plaintiff's Complaint. GM LLC denies that it designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed and sold the subject vehicle. GM LLC did not exist at the time the subject vehicle was designed, tested, manufactured, marketed, distributed, sold, or placed in the stream of commerce. GM LLC acquired substantially all of the assets of General Motors Corporation (later known as Motors Liquidation Company) on July 10, 2009 in a transaction pursuant to a sale agreement ("Sale Agreement") executed under the jurisdiction and pursuant to approval of the New York Bankruptcy Court. *See generally In re General Motors Corp.*, 407 B.R. 463 (Bankr., SDNY 2009) ("Sale Opinion") (approving sale transaction). In acquiring these assets, GM LLC assumed responsibility for certain Product Liabilities (as defined in the First Amendment to the Sale Agreement) involving products assembled or sold by General Motors Corporation but only for claims arising from incidents that occurred after the July 10 closing date. *Id.*, 407 B.R. at 499-507.

11.

GM LLC denies the allegation in Paragraph 11 of Plaintiff's Complaint that it sold the subject vehicle for the same reasons set forth in its response to Paragraph 10, above. To the

6

extent this paragraph intends to assert that General Motors Corporation sold the subject TrailBlazer less than ten (10) years prior to the filing of this action, at this time, GM LLC is without knowledge and information sufficient to form a belief as to the truth of that allegation and therefore, denies same.

12.

GM LLC denies the allegation in Paragraph 12 of Plaintiff's Complaint for the same reasons set forth in its response to Paragraph 10, above. The subject vehicle was never in GM LLC's possession, custody or control. To the extent this paragraph intends to assert that the subject TrailBlazer left the control of General Motors Corporation in the same condition as it was at the time of the subject crash, at this time, GM LLC is without knowledge and information sufficient to form a belief as to the truth of that allegation and therefore, denies same.

13.

GM LLC denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14.

GM LLC denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15.

GM LLC denies the allegations in Paragraph 15, including all subparts, of Plaintiff's Complaint.

16.

GM LLC denies the allegations in Paragraph 16 of Plaintiff's Complaint.

## COUNT II

### ALLEGATIONS OF NEGLIGENCE OF DEFENDANT GENERAL MOTORS LLC

17.

GM LLC incorporates by reference all of the foregoing paragraphs as if set forth fully herein.

18.

GM LLC denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

GM LLC denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.

GM LLC denies the allegations in Paragraph 20 of Plaintiff's Complaint.

## COUNT III

### ALLEGATIONS OF NEGLIGENCE OF DEFENDANT TERRY REID GROUP, INC.

21.

GM LLC incorporates by reference all of the foregoing paragraphs as if set forth fully herein.

22.

GM LLC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiff's Complaint, which are directed at another defendant, and therefore, denies same.

23.

GM LLC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiff's Complaint, which are directed at another defendant, and therefore, denies same. GM LLC specifically denies, however, any allegations or assertions in this paragraph that the subject TrailBlazer was defective.

24

GM LLC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiff's Complaint, which are directed at another defendant, and therefore, denies same. GM LLC specifically denies, however, any allegations or assertions in this paragraph that the subject TrailBlazer was defective.

25.

GM LLC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of Plaintiff's Complaint, which are directed at another defendant, and therefore, denies same.

## COUNT IV

### ALLEGATIONS OF INJURIES AND DAMAGES

26.

GM LLC incorporates by reference all of the foregoing paragraphs as if set forth fully herein.

27.

The allegations in Paragraph 27 of Plaintiff's Complaint assert a legal conclusion or legal basis for the Complaint to which no response is required. To the extent a response is required,

GM LLC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of Plaintiff's Complaint.

28.

The allegations in Paragraph 28 of Plaintiff's Complaint assert a legal conclusion or legal basis for the Complaint to which no response is required. To the extent a response is required, GM LLC is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiff's Complaint.

29.

GM LLC denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.

GM LLC denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.

GM LLC denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.

GM LLC denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33.

GM LLC denies the allegations in Paragraph 33 of Plaintiff's Complaint.

## COUNT V

### ALLEGATIONS OF PUNITIVE DAMAGES

34.

GM LLC incorporates by reference all of the foregoing paragraphs as if set forth fully herein.

35.

GM LLC denies the allegations in Paragraph 35 of Plaintiff's Complaint and affirmatively asserts that Plaintiff must amend the Complaint to remove the punitive damages claim or be in violation of the New York Bankruptcy Court's Sale Order and Injunction and recent decisions and judgments entered by the Bankruptcy Court. *See In re Motors Liquidation Co.*, 529 B.R. 510 (Bankr. S.D.N.Y 2015); Judgment entered by the Bankruptcy Court on June 1, 2015; *In re Motors Liquidation Co.*, 541 B.R. 104 (Bankr. S.D.N.Y. 2015); and Judgment entered by the Bankruptcy Court on December 4, 2015.

Any allegations in Plaintiff's Complaint not heretofore specifically responded to by GM LLC, including all allegations in the Wherefore Paragraph, are hereby denied. GM LLC further denies that Plaintiff is entitled to recover from this Defendant in any sum or manner whatsoever.

WHEREFORE, having fully answered Plaintiff's Complaint, GM LLC prays that Plaintiff take nothing for his Complaint, that the Court dismiss Plaintiff's Complaint with prejudice, that GM LLC be awarded its costs, that GM LLC have a trial by twelve (12) jurors, as the law provides, and attorneys' fees to the extent permitted by law, and for such other and further relief as the Court deems just and proper.

Respectfully submitted, this 3rd day of June, 2016

SWIFT, CURRIE, McGHEE & HIERS, LLP

By: _____
C. Bradford Marsh
Georgia Bar No. 471280
Myrece R. Johnson
Georgia Bar No. 940301
**ATTORNEYS FOR DEFENDANT
GENERAL MOTORS LLC**

11

1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
(404) 888-6151
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

12

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT GENERAL MOTORS LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed as follows:

>Lance A. Cooper
>THE COOPER FIRM
>531 Roselane Street
>Suite 200
>Marietta, GA 30060

This 3rd day of June, 2016.

>SWIFT, CURRIE, McGHEE & HIERS, LLP
>
>By: /s/ Myrece
>C. Bradford Marsh
>Georgia Bar No. 471280
>Myrece R. Johnson
>Georgia Bar No. 940301
>**ATTORNEYS FOR DEFENDANT GENERAL MOTORS LLC**

1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
(404) 888-6151
brad.marsh@swiftcurrie.com
myrece.johnson@swiftcurrie.com

13

3196698v.1