Lisa M. Norman (admitted pro hac vice)
T. Joshua Judd (admitted pro hac vice)
ANDREWS MYERS, P.C.
1885 St. James Place, 15th Floor
Houston, Texas 77056
713-850-4200  Telephone
713-850-4211  Facsimile
Lnorman@andrewsmyers.com
Jjudd@andrewsmyers.com

*Counsel for Additional Ignition Switch*
*Pre-Closing Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>MOTORS LIQUIDATIONS COMPANY, et al.<br>f/k/a General Motors Corp., et al.<br><br>     Debtors. | Chapter 11<br>Case No.: 09-50026 (MG)<br><br>(Jointly Administered) |

**ADDITIONAL IGNITION SWITCH PRE-CLOSING ACCIDENT PLAINTIFFS'
OBJECTION TO THE GUC TRUST'S 9019 MOTION FOR
<u>APPROVAL OF SETTLEMENT WITH ECONOMIC LOSS PLAINTIFFS</u>**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

OBJECTION ............................................................................................................................ 2

    I.    THE SETTLEMENT AGREEMENT IS NOT FAIR AND EQUITABLE TO
          THE ESTATE'S CREDITORS ................................................................................. 2

CONCLUSION ........................................................................................................................ 4

## TABLE OF AUTHORITIES

Cases                                                                                                          Page(s)

*In re Drexel Burnham Lambert Grp.*,
    995 F.2d 1138 (2d Cir. 1993) ................................................................................. 3

*In re Masters Mates & Pilots Pension Plan & IRAP Litig.*,
    957 F.2d 1020 (2d Cir. 1992) ................................................................................. 3

*In re Miami Metals I, Inc.*,
    603 B.R. 531 (Bankr. S.D.N.Y. 2019) .................................................................... 2

*Motorola, Inc. v. Official Comm. of Unsecured Creditors* (*In re Iridium Operating LLC*),
    478 F.3d 452 (2d Cir. 2007) ................................................................................... 3

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*,
    390 U.S. 414 (1968) ............................................................................................... 2

*Stanwich Fin. Servs. Corp. v. Pardee* (*In re Stanwich Fin. Servs. Corp.*),
    377 B.R. 432 (Bankr. D. Conn. 2007) .................................................................... 3

The Additional Ignition Switch Pre-Closing Accident Plaintiffs[1] (the "Respondents"), by and through the undersigned counsel, hereby file this Objection to the GUC Trust's 9019 Motion for Approval of Settlement with Economic Loss Plaintiffs, and in support thereof, the Respondents respectfully state as follows:

**PRELIMINARY STATEMENT**

1.      Respondents' objection is limited in scope in that it only seeks to ensure that approval of the settlement will not prejudice Respondents.

2.      Respondents and the proposed class of Economic Loss Plaintiffs were parties to two prior settlement agreements with the GUC Trust in 2017 and 2018 and jointly sought approval to settle their late claims in the prior settlements. Thus, while the Respondents have not been opposed to the proposed class of Economic Loss Plaintiffs' efforts to settle their late claims in the past, Respondents are opposed to any settlement of the proposed class of Economic Loss Plaintiffs' late claim which proposes to treat such late claims differently than Respondents, whose late claims motion remains pending. The proposed class of Economic Loss Plaintiffs and their proposed late claims should not be treated differently than other general unsecured creditors with pending late claims motions.

---

[1] The "Additional Ignition Switch Pre-Closing Accident Plaintiffs", identified in Doc. 14018, 14046, 14112, 14195 and 14346, were not included in the Omnibus Motion filed by Certain Ignition Switch Pre-Closing [Docket No. 13807] but are seeking the same relief set forth in the motion at Docket No. 13807, which was still pending and for which oral arguments had not yet occurred when these "Additional Ignition Switch Pre-Closing Accident Plaintiffs" filed their late claims motion, and supplements thereto. These "Additional Ignition Switch Pre-Closing Accident Plaintiffs" are included in the subset of the Pre-Closing Accident Plaintiffs that had the Ignition Switch in their Subject Vehicles, but did not receive notice of the filing of Docket No. 13807 or the deadline to join in that motion.

**OBJECTION**

I. **THE SETTLEMENT IS NOT FAIR AND EQUITABLE TO THE ESTATE'S CREDITORS**

3. In considering whether to authorize the GUC Trust to enter into the Settlement Agreement, the Court "must make an informed and independent judgment as to whether [the] proposed compromise is 'fair and equitable' after apprising itself of 'all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated.'" *In re Miami Metals I, Inc.*, 603 B.R. 531, 535 (Bankr. S.D.N.Y. 2019) (*quoting Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)) (denying approval of settlement).

4. In order to "assess the fairness and equitability of a proposed settlement, the Second Circuit has articulated certain factors to consider, namely:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether the parties in interest support the proposed settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining."

*In re Miami Metals*, 603 B.R. at 535 (*citing Motorola, Inc. v. Official Comm. of Unsecured Creditors* (*In re Iridium Operating LLC*), 478 F.3d 452, 462 (2d Cir. 2007) (internal citation omitted).

5. In the present case, Respondent are non-settling parties and "when the rights of non-settling parties are implicated by the terms of a settlement, the court cannot approve it without considering the interests of those non-settling parties. *Stanwich Fin. Servs. Corp. v. Pardee* (*In re Stanwich Fin. Servs. Corp.*), 377 B.R. 432, 437 (Bankr. D. Conn. 2007) (*citing In re Drexel Burnham Lambert Grp.*, 995 F.2d 1138, 1146-47 (2d Cir. 1993)); *see also In re Masters Mates & Pilots Pension Plan & IRAP Litig.*, 957 F.2d 1020, 1026 (2d Cir. 1992) ("Where the rights of one who is not a party to the settlement are at stake, the fairness of the settlement to the settling parties is not enough to earn the judicial stamp of approval.").

6. For example, in *In re Ditech Holding Corp.*, 606 B.R. 544 (Bankr. S.D.N.Y. 2019), the court denied approval of a settlement that was supported by a GUC trust when that settlement was objected to by a committee of consumer creditors not party to the settlement. Here, the proposed settlement does not satisfy the Second Circuit's Iridium factors and does not meet the threshold for approval because it ignores the "interests of creditors," insofar as it is to the detriment of other unsecured creditors of the Debtors' estate, and specifically to the detriment of Respondents. At the very least, Respondents' pending late claims motion must be resolved before any settlement between the GUC Trust and the proposed class of Economic Loss Plaintiffs can be considered. To do otherwise would result in distributions to potential beneficiaries of the GUC Trust (the proposed class of Economic Loss Plaintiffs) while distributions to other potential beneficiaries of the GUC Trust (known Personal Injury and Wrongful Death Plaintiffs) continue to be delayed while litigation of their claims continues.

7. A fair and equitable settlement would result in *pro rata* equitable distributions to general unsecured creditors. The current Settlement Agreement does not ensure that is even a

possibility for the remaining proponents of the late claims motion. Because it is not fair and equitable to all creditors, it should not approved.

## CONCLUSION

WHEREFORE, Movants respectfully request that this Court deny the GUC Trust's motion for authorization to enter into the Proposed Settlement and (ii) grant such other and further relief as the Court deems necessary.

Dated: April 16, 2020

Respectfully submitted,

ANDREWS MYERS, P.C.

*/s/ Lisa M. Norman*
Lisa M. Norman (admitted pro hac vice)
T. Joshua Judd (admitted pro hac vice)
ANDREWS MYERS, P.C.
1885 St. James Place, 15th Floor
Houston, Texas 77056
713-850-4200  Telephone
713-850-4211  Facsimile
Lnorman@andrewsmyers.com
Jjudd@andrewsmyers.com

*Bankruptcy Counsel for Additional Ignition Switch Pre-Closing Plaintiffs*

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), copies will also be served by email on April 16, 2020 on those parties listed as "Notice Parties" under the Court's December 12, 2016 Order to Show Cause [ECF No. 13802], with paper copies served by first class mail postage prepaid on all Notice Parties for whom email addresses are unavailable.

*/s/ Lisa M. Norman*
LISA M. NORMAN