| | |
|---|---|
| **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>Daniel H. Golden<br>David M. Zensky<br>Naomi Moss | <u>Hearing Date and Time</u>: April 23, 2020<br>@ 9:30 a.m. |

*Attorneys for the Participating Unitholders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**MOTORS LIQUIDATION COMPANY,** *et al.*,<br>**f/k/a General Motors Corp.,** *et al.*,<br><br>**Debtors.** | Chapter 11<br><br>Case No. 09-50026 (MG)<br><br>(Jointly Administered) |

**JOINDER OF THE PARTICIPATING UNITHOLDERS IN THE REPLY OF GUC
TRUST TO OBJECTIONS BY (A) MOTORS LIQUIDATION COMPANY AVOIDANCE
ACTION TRUST AND (B) ADDITIONAL IGNITION SWITCH PRE-CLOSING
ACCIDENT PLAINTIFFS TO MOTION FOR ENTRY OF AN ORDER
(I) APPROVING THE GUC TRUST ADMINISTRATOR'S ACTIONS;
(II) APPROVING THE SETTLEMENT AGREEMENT AND THE RELEASE
AGREEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE
9019; AND (III) AUTHORIZING THE REALLOCATION OF GUC TRUST ASSETS**[1]

Certain unaffiliated holders (the "<u>Participating Unitholders</u>") of more than 68.5 percent of the beneficial units of the Motors Liquidation Company GUC Trust (the "<u>GUC Trust</u>"), by and through their undersigned counsel, hereby join in the *Reply of GUC Trust to Objections by (A) Motors Liquidation Company Avoidance Action Trust and (B) Additional Ignition Switch Pre-Closing Accident Plaintiffs to Motion for Entry of an Order (I) Approving the GUC Trust*

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the *Motion for Entry of an Order (I) Approving the GUC Trust Administrator's Actions; (II) Approving the Settlement Agreement and the Release Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019; and (III) Authorizing the Reallocation of GUC Trust Assets* [ECF No. 14691] (the "<u>Motion</u>") or the Reply.

*Administrator's Actions; (II) Approving the Settlement Agreement and the Release Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019; and (III) Authorizing the Reallocation of GUC Trust Assets* [ECF No. 14712] (the "Reply") filed by the GUC Trust.  In support of this joinder (the "Joinder"), the Participating Unitholders respectfully state as follows:

## JOINDER

1. The Participating Unitholders agree with the factual assertions and legal arguments set forth by the GUC Trust in the Reply and, accordingly, file this Joinder thereto.

2. The *Additional Ignition Switch Pre-Closing Accident Plaintiffs' Objection to the GUC Trust's 9019 Motion for Approval of Settlement with Economic Loss Plaintiffs* [ECF No. 14709] (the "Pre-Closing Accident Plaintiff Objection") filed by the 12 remaining Pre-Closing Accident Plaintiffs is completely without merit and should be overruled.  The Pre-Closing Accident Plaintiff Objection provides no factual or legal reason that the Settlement Agreement is detrimental to the remaining Pre-Closing Accident Plaintiffs' interests.  Furthermore, it argues that the remaining Pre-Closing Accident Plaintiffs' putative late claims have to be settled at the same time as the Economic Loss Plaintiffs' claims, so that distributions on both Plaintiff groups' claims are made at the same time.  Pre-Closing Accident Plaintiff Objection at ¶ 6.  There is nothing in the Code, Rules or Plan that requires that.  Moreover, given the time needed to obtain final approval and process claims filed by class members, distributions to the Economic Loss Plaintiffs on account of the Settlement Agreement will not be made until late 2020.  Tellingly, not a single creditor holding an allowed claim has objected to the Settlement Agreement or the Motion, and thus the *Iridium* factor that examines "the paramount interests of the creditors" is overwhelmingly satisfied.

3. The *Motors Liquidation Company Avoidance Action Trust's Objection to the*

2

*Motion of the GUC Trust Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF No. 14708] (the "AAT Objection") filed by the Avoidance Action Trust ("AAT") is likewise without merit and should be overruled. As the Court knows, trust interests in the GUC Trust and the AAT are held by different persons. *See* August 12, 2019 Hearing Tr. at 11:2-12:22 (discussing distinction between the beneficiaries of the two trusts). Despite having completely different groups of beneficiaries, the AAT contends that the GUC Trust is precluded from settling putative claims seeking recovery from the GUC Trust, no matter how beneficial the settlement may be to the GUC Trust, unless the GUC Trust also pays for and obtains a general release for the AAT. Alternatively, the AAT would require the GUC Trust to litigate claims against it to conclusion. The AAT's "me-first" posture would elevate the GUC Trust to the level of an insurer, required to defend and indemnify the AAT in all litigation brought or threatened against any of the Trusts created by the Plan. But that is certainly not what the Plan says.

4.  The AAT complains that the Settlement Agreement leaves the AAT to defend the Economic Loss Plaintiffs' claims. AAT Objection at ¶¶ 3, 28-39. But the Settlement Agreement ensures that the AAT has the full power to litigate against the Economic Loss Plaintiffs, should it conclude that the risk/reward calculus favors litigation; alternatively the AAT can negotiate a settlement, just like the GUC Trust did. Nothing in the Settlement Agreement requires the AAT to make a payment or prejudices its legal rights.

5.  *In re Ditech Holding Corp.*, 606 B.R. 544 (Bankr. S.D.N.Y. 2019) is completely inapposite. In *Ditech*, the Court rejected a settlement that completely cut off the rights of thousands of consumer creditors (who were not participants in the settlement) to assert claims against the Debtors in exchange for a $5 million payment to a settlement trust (an amount the consumer creditors had not agreed to). The settlement at issue in *Ditech* would thus have

compromised the statutory protection accorded to thousands of non-settling parties holding claims against the estate. In contrast, the Settlement Agreement here fully preserves all of the legal rights of the AAT and its beneficiaries and does not affect the rights any non-settling potential creditor.

6. Finally, the AAT seeks to cast gratuitous aspersions on a "well-resourced group of beneficiaries that have acquired concentrated positions in the GUC Trust units." AAT Objection at ¶ 2. The AAT ignores the fact that the "well-resourced" GUC Trust unitholders (and their predecessors) provided liquidity to the holders of the AAT interests by buying their GUC Trust units (initially allocated to them as original creditors of Old GM) in arms-length market transactions, and are incurring a $50 million loss in order to clear the way for the GUC Trust's distribution. Furthermore, the AAT complains that the Settlement Agreement allows a distribution of a portion of the GUC Trust assets, but leaves the AAT to act for itself, with a potential delay in the AAT's distributions if the AAT chooses not to settle. But the AAT overlooks an obvious point—the GUC Trust beneficiaries are parting with 12% of GUC Trust assets in order to make that distribution, while the AAT is parting with nothing.

7. The Participating Unitholders expressly reserve the right to supplement, modify and amend this Joinder and/or raise additional arguments in support of the Reply in writing or orally at the hearing on the Motion.

## CONCLUSION

For the reasons set forth herein and in the GUC Trust's Motion and Reply, the Participating Unitholders respectfully request that the Court enter the GUC Trust Approval Order, substantially in the form attached as **Exhibit B** to the Motion (i) approving the actions to be undertaken by the GUC Trust Administrator under the terms and conditions of the Settlement

4

Agreement; (ii) approving the Settlement Agreement and Release Agreement and authorizing the GUC Trust to enter into the Settlement Agreement and the Release Agreement; (iii) authorizing the reallocation of $50,000,000.00 of GUC Trust Assets; (iv) authorizing the $300,000,000.00 Excess Distribution to be made immediately and (v) granting such other relief as is just and equitable.

Dated: April 20, 2020
      New York, New York

Respectfully submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By:   */s/ Daniel H. Golden*
      Daniel H. Golden
      David M. Zensky
      Naomi Moss
      One Bryant Park
      New York, NY 10036
      (212) 872-1000 (Telephone)
      (212) 872-1002 (Facsimile)
      Email: dgolden@AkinGump.com
      Email: dzensky@AkinGump.com
      Email: nmoss@akingump.com

*Attorneys for the Participating Unitholders*

5