HEARING DATE AND TIME: April 23, 2020 @ 9:30 A.M. (EDT)

**BROWN RUDNICK LLP**
Edward S. Weisfelner
Kenneth J. Aulet
7 Times Square
New York, NY  10036
Telephone:  (212) 209-4800
eweisfelner@brownrudnick.com
kaulet@brownrudnick.com

**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, A PROFESSIONAL CORPORATION**
Sander L. Esserman
2323 Bryan Street, Ste 2200
Dallas, Texas 75201
Tel: 214-969-4900
esserman@sbep-law.com

*Designated Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the Bankruptcy Court*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                                          :
In re:                                                    :    Chapter 11
MOTORS LIQUIDATION COMPANY, et al.,                       :    Case No.: 09-50026 (MG)
          f/k/a General Motors Corp., et al.,             :
                                                          :
                                        Debtors.          :    (Jointly Administered)
-------------------------------------------------------------X

**RESPONSE OF THE ECONOMIC LOSS PLAINTIFFS TO THE MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST'S OBJECTION TO THE MOTION OF THE GUC TRUST PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

The Economic Loss Plaintiffs[1] hereby file this Response (the "Response") to the *Motors Liquidation Company Avoidance Action Trust's Objection To The Motion of the GUC Trust Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "9019 Objection" or "Objection") (Bankr. Dkt. No. 14708), and respectfully state as follows:

## RESPONSE

1. The Economic Loss Plaintiffs hereby join the replies of the GUC Trust (the "GUC Trust Reply"), New GM (the "New GM Reply") and the joinder filed on behalf of certain Unit Holders (the "Unit Holders Joinder," and, together with the GUC Trust Reply and the New GM Reply, the "Replies"), filed contemporaneously herewith. In addition to the points raised in those Replies, the Economic Loss Plaintiffs wish to emphasize a few key points.

2. As a threshold matter, the AAT consistently ignores the fact that the Economic Loss Plaintiffs were denied due process in connection with the establishment of the Bar Date in these cases. *See In re Motors Liquidation Co.*, 529 B.R. 510, 525, 574, 583 (Bankr. S.D.N.Y. 2015), *aff'd in part and rev'd in part sub nom. Elliott v. General Motors LLC (In re Motors Liquidation Co.)*, 829 F.3d 135, 166 (2d Cir. 2016). But for that denial, the Economic Loss Plaintiffs would, at a minimum, already hold timely, albeit "disputed," claims and would already be potential beneficiaries of the AAT, subject only to any objections asserted or efforts to estimate same.

3. The provisions of the Settlement granting the Economic Loss Plaintiffs "disputed" claim status does no more than permit them to seek relief against the one non-settling party that has an obligation to make distributions to holders of allowed claims. The AAT has decided not to settle those claims and should not be heard, in the context of the Settlement, to complain that it

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the *Motion of the GUC Trust Pursuant to Federal Rule of Bankruptcy Procedure 9019* [Bankr. Dkt. No. 14691] (the "9019 Motion") and the accompanying settlement attached thereto as Exhibit A (the "Settlement").

1

may now have to litigate any objections it may have to either the allowance or estimation of those claims.

4.  Like the Bar Date, the Plan, the GUC Trust Agreement, and the AAT Trust Agreement were all entered without any notice to, or opportunity to be heard by, the Economic Loss Plaintiffs. The attempted use of those agreements against the Economic Loss Plaintiffs suffers from the same infirmity as the attempt to use the Bar Date Order against the proofs of claims of the Economic Loss Plaintiffs.

5.  The AAT argues that provisions of the Settlement and the 9019 Motion somehow improperly thrusts upon it the right to object to the claims of the Economic Loss Plaintiffs and are somehow improper plan modifications. *See*, *e.g.*, 9019 Objection ¶¶ 28-39. This argument ignores the fact that, under the Bankruptcy Code, the AAT has, and has always had, standing to object to a claim as a "party in interest." *See* 11 U.S.C. 502(a). These challenged provisions of the Settlement Agreement do not impose new duties and powers on the AAT. Instead, they act to make clear, for the avoidance of doubt, that the AAT has standing to object to the claims of the Economic Loss Plaintiffs now that the GUC Trust has settled. If the AAT continues to decline to exercise that right – which, again, it has always had under the Bankruptcy Code – that is its business choice, but one not relevant to this Settlement.

6.  Finally, it should be emphasized that approval of the 9019 Motion was not intended to, nor does it, prejudice the AAT with regard to its pending motion for authority to make a final distribution. *See, e.g., AAT Distribution Motion* (Bankr. Dkt. No. 14552). Although the AAT's arguments with respect to its pending motion are without merit for the reasons set forth in the Economic Loss Plaintiffs' objection thereto, the issues implicated in that contested matter are not relevant to approval of the 9019 Motion.

2

**CONCLUSION**

WHEREFORE, for all the reasons set forth herein, in the Replies, and in the 9019 Motion, the Economic Loss Plaintiffs respectfully request that the Court overrule the AAT Objection, and grant the 9019 Motion together with such other and further relief as the Court deems just and proper.

Dated: April 20, 2020
       New York, New York

Respectfully submitted,

/s/ Edward S. Weisfelner
Edward S. Weisfelner
Kenneth J. Aulet
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel: 212-209-4800
eweisfelner@brownrudnick.com
kaulet@brownrudnick.com

Sander L. Esserman
STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA, A PROFESSIONAL CORPORATION
2323 Bryan Street, Ste 2200
Dallas, Texas 75201
Tel: 214-969-4900
esserman@sbep-law.com

*Designated Counsel for the Ignition Switch Plaintiffs and Certain Non-Ignition Switch Plaintiffs in the Bankruptcy Court*