PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON   (1946-1991)
RANDOLPH E. PAUL   (1946-1956)
SIMON H. RIFKIND   (1950-1995)
LOUIS S. WEISS   (1927-1950)
JOHN F. WHARTON   (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3253

WRITER'S DIRECT FACSIMILE

(212) 492-0253

WRITER'S DIRECT E-MAIL ADDRESS

kkimpler@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
DAVID J. BALL
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
ROBERT BRITTON
DAVID W. BROWN
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
RACHAEL G. COFFEY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
ANDREW J. FORMAN*
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
ROBERT E. HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
MEREDITH J. KANE
JONATHAN S. KANTER
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
ALEXIA D. KORBERG
ALAN W. KORNBERG
DANIEL J. KRAMER
CAITH KUSHNER
DAVID K. LAKHDHIR
JOHN E. LANGE
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
LINDSAY B. PARKS
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH R. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
DAVID R. SICULAR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

April 22, 2020

**By ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street
New York, NY 10007

The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 523
New York, New York 10004

Re:  Joint Hearing – *In re Motors Liquidation Company, f/k/a General Motors Corporation, et al.*, Case No. 09-50026 (MG); *In re: General Motors LLC Ignition Switch Litig.*, 14-MD-2543 (JMF)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

Dear Judge Furman and Judge Glenn:

  I write jointly on behalf of General Motors LLC ("New GM"), the economic loss plaintiffs (the "Plaintiffs"), the Motors Liquidation Avoidance Action Trust (the "AAT"), and the Motors Liquidation Company GUC Trust.

  We are pleased to report that Plaintiffs and New GM have reached a settlement in principle that will allow the AAT to become a party to the Settlement Agreement that is the subject of the above-referenced Joint Hearing.

  Under the settlement in principle reached with the AAT, the AAT will contribute $2.2 million to the Common Fund (all defined terms are as defined in the Settlement Agreement), which amount shall constitute an "AAT Contribution Amount" and be applied in accordance with Paragraph 81(a) of the Settlement Agreement to reduce New GM's payment obligation in an amount equal to 50% of such AAT Contribution Amount; and Plaintiffs, New GM, and the AAT will agree to broad mutual releases to include the release of all potential claims against Old GM, the Old GM bankruptcy estate and the AAT.

  Effective immediately, and in consideration for the AAT's agreement, subject to court approval, to contribute $2.2 million to the Common Fund and the mutual exchange of releases described above, (i) the AAT withdraws its objection to the motion of the GUC Trust seeking approval of the Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019, Bankr. Dkt. No. 14708 (the "AAT Objection"); (ii) the United States Department of Treasury and Export Development Canada (the "DIP Lenders") withdraw their joinder to the AAT Objection, Bankr. Dkt. No. 14714; and (iii) Plaintiffs and New GM withdraw their objections to the AAT Distribution Motion, Bankr. Dkt. Nos. 14571 and 14572.

  We attach hereto as <u>Exhibit A</u> a revised form of GUC Trust Approval Order agreed upon by the parties to reflect the AAT's participation in the Settlement Agreement and, assuming the relief requested in the revised order is granted, to permit such order to be entered following the hearing with the consent of the AAT.[1]  Further, by no later than May 1, 2020, the parties will file with each Court a revised Settlement Agreement that will include the revisions necessary for the AAT to become a party to the settlement.

  Finally, the AAT plans to file a motion with the Bankruptcy Court, pursuant to Federal Rule of Bankruptcy Procedure 9019, seeking approval of the settlement as to the AAT, and seeking authority to reallocate $2.2 million in funds from the AAT's expense reserve to make the settlement payment to the Common Fund.  The AAT plans to draw the settlement contribution from the share of funds otherwise allocable to unsecured

---

[1] Attached hereto as <u>Exhibit B</u> is a redline against the original GUC Trust Approval Order filed as Exhibit 3 to the Settlement Agreement.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

creditors, and such settlement payment will not diminish any future distributions to the DIP Lenders.

Counsel for the parties will be available during tomorrow's Joint Hearing to answer any questions Your Honors may have regarding the foregoing.

Respectfully,

*/s/ Kyle Kimpler*

Kyle Kimpler

cc: Paul Basta, Esq.
Neil Binder, Esq.
Eric Fisher, Esq.
Kristin Going, Esq.
Daniel Golden, Esq.
Michael Huttenlocher, Esq.
Arthur Steinberg, Esq.
Edward Weisfelner, Esq.
David Zensky, Esq.

# Exhibit A

# Revised GUC Trust Approval Order

**UNITED STATE BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**MOTORS LIQUIDATION COMPANY,** *et al.*,<br>f/k/a General Motors Corp., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case. No. 09-50026 (MG)<br><br>(Jointly Administered) |

**ORDER (I) APPROVING THE GUC TRUST ADMINISTRATOR'S ACTIONS; (II) APPROVING THE SETTLEMENT AGREEMENT AND THE RELEASE AGREEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019; AND (III) AUTHORIZING THE REALLOCATION OF GUC TRUST ASSETS**

Upon the motion (the "Motion") of the Motors Liquidation Company GUC Trust (the "GUC Trust") pursuant to Bankruptcy Code sections 105(a), 363, and 1142 and Bankruptcy Rule 9019 for approval of the settlement agreement (the "Settlement Agreement") dated as of March 27, 2020, entered into among the GUC Trust, New GM,[1] and the Plaintiffs and Plaintiffs' Class Counsel (each a "Party," and collectively, the "Parties") and the Release Agreement (attached as Exhibit 8 to the Settlement Agreement) among the GUC Trust and New GM (the "Release Agreement") dated as of March 27, 2020; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1409; and upon consideration of the Declaration of Layn R. Phillips, the MDL Court-Appointed Economic Loss Settlement Mediator; and due and proper notice of the Motion having been given, and no other or further notice being

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion or the Settlement Agreement, as applicable.

necessary; and the Court having reviewed the Motion, Settlement Agreement, Release Agreement and the other documents filed in connection therewith; and the Court having held a hearing on April 23, 2020 (the "Hearing"); and after due deliberation and for good cause shown,

THE COURT FINDS:[2]

A.      The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

B.      The Settlement Agreement was negotiated by the Parties in good faith and at arms' length.

C.      The Release Agreement was negotiated by the GUC Trust and New GM in good faith and at arm's length.

D.      The Settlement Agreement and the Release Agreement and the actions contemplated thereby, including the releases given therein, meet the applicable legal standards for the approval of a compromise and settlement by a debtor in bankruptcy, and are reasonable, fair, and equitable and supported by adequate consideration.  The Court, however, does not express an opinion with respect to whether the Settlement Agreement may be approved by Federal Rule of Civil Procedure 23, which is a matter left to the MDL Court.

E.      The immediate distribution of $300,000,000.00 to Unitholders, granting the GUC Trust Release to New GM (including the termination of the right to seek the Adjustment Shares) as set forth in the Settlement Agreement and the Release Agreement, and the reallocation of $50,000,000.00 of GUC Trust Assets to fund $2,000,000.00 in Settlement Implementation Expenses and the GUC Trust's $48,000,000.00 payment into the Common Fund to be established

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.  To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

as a Qualified Settlement Fund, coupled with entry into the Settlement Agreement itself, are an appropriate exercise of the GUC Trust Administrator's rights, powers and privileges.

F.     The Settlement Agreement and the Release Agreement, and the actions contemplated thereby, including the releases given therein, are in the best interests of the beneficiaries of the GUC Trust.

G.     The $300,000,000.00 distribution to the Unitholders provided for in the Settlement Agreement and authorized below resolves the GUC Trust Excess Distribution Motion [ECF No. 14565].

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED as set forth herein.

2.     Without expressing any opinion with respect to whether the Settlement Agreement may be approved pursuant to Federal Rule of Civil Procedure 23, which is a matter left to the jurisdiction of the MDL Court, the Settlement Agreement and the Release Agreement are APPROVED pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105(a), 363 and 1142, and the GUC Trust is authorized to enter into the Settlement Agreement and the Release Agreement.

3.     The objections filed by (i) the Motors Liquidation Company Avoidance Action Trust (the "AAT") [ECF No. 14708] and (ii) the United States of America and Export Development Canada, as DIP Lenders [ECF No. 14714], are withdrawn pursuant to the terms described on the record at the Hearing and as set forth in the joint letter dated April 22, 2020 and filed on the docket.  Any and all other objections to the Motion and/or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled on the merits.  The objections filed by Plaintiffs and New GM to the AAT's motion for

3

approval of its distribution plan [ECF No. 14552] are withdrawn pursuant to the terms described on the record at the Hearing and as set forth in the joint letter dated April 22, 2020.

4. The Parties and the AAT shall file an amended Settlement Agreement (the "<u>Amended Settlement Agreement</u>"), no later than May 1, 2020, which, in consideration for the AAT's agreement, subject to this Court's approval, to contribute $2.2 million to the Common Fund (as defined in the Settlement Agreement), shall include a provision releasing all potential claims against Old GM, the Old GM bankruptcy estate and the AAT. For the avoidance of doubt, any provisions in the Settlement Agreement preserving claims against Old GM, the Old GM bankruptcy estate and the AAT, including but not limited to paragraphs 142 and 143, are not approved.

5. The AAT shall seek approval of its entry into the Amended Settlement Agreement pursuant to a separate motion pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105(a), 363, and 1142 by no later than May 1, 2020, and nothing in this Order shall constitute approval of the AAT's entry into the Settlement Agreement or Amended Settlement Agreement.

6. The GUC Trust is authorized to take all necessary steps pursuant to the terms and conditions of the Settlement Agreement and the Release Agreement to effectuate the Settlement Agreement and the Release Agreement, including without limitation: (i) the GUC Trust's execution, delivery and performance of the Settlement Agreement and the Release Agreement are hereby approved; (ii) the GUC Trust's distribution of $300,000,000.00 to the Unitholders is hereby authorized; (iii) the granting of the releases and covenants not to sue incorporated in the Settlement Agreement and the Release Agreement are hereby approved; and (iv) the reallocation of $50,000,000.00 in GUC Trust Assets to fund $2,000,000.00 in Settlement Implementation

Expenses upon the MDL Court's order preliminarily approving the Settlement Agreement and the GUC Trust's $48,000,000.00 payment into the Common Fund to be established as a Qualified Settlement Fund is hereby approved, *provided, however*, that the GUC Trust shall not pay $2,000,000.00 for Settlement Implementation Expenses and $48,000,000.00 into the Common Fund to be established as a Qualified Settlement Fund until the conditions specified by the Settlement Agreement are met.

7. The GUC Trust is authorized to take all necessary steps to enter into and effectuate the Amended Settlement Agreement without seeking any further orders or approvals from the Court.

8. Pursuant to Section 8.1(e) of the GUC Trust Agreement, the GUC Trust is authorized to take the actions set forth in the Settlement Agreement to effectuate the Settlement.

9. Immediately and automatically upon the Excess Distribution Date, pursuant to the terms of the Settlement Agreement and the Release Agreement, the GUC Trust shall be deemed to have (i) released all claims, rights, and interests in the Adjustment Shares and, as a result, New GM shall have no further obligation to issue the Adjustment Shares under any circumstance; and (ii) waived any and all rights to seek a Claims Estimation Order in the Bankruptcy Court or in any other court of competent jurisdiction, or otherwise seek any order that would directly or indirectly require New GM to issue any Adjustment Shares, regardless of (a) the aggregate amount of allowed general unsecured claims, whether estimated or otherwise determined, asserted or allowed in any court, including the Bankruptcy Court, and (b) any provision to the contrary in the Sale Agreement, the GUC Trust Agreement, the Letter Regarding Adjustment Shares, the Old GM Plan or any other agreement.

10. As evidenced by the affidavits of service filed with this Court, and in accordance

with the procedures described in the Motion, notice has been given and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been provided in accordance with the Court-approved notice procedures, and notice has also been provided to any other required notice party under Section 6.1(b)(iv) of the GUC Trust Agreement, and the notice was good, sufficient and appropriate in light of the circumstances and the nature of the relief requested, and no other or further notice is or shall be required.

11. The Provisions of this Order relating to the Release Agreement and the $300,000,000.00 distribution to GUC Trust Unitholders are non-severable and mutually dependent, and shall remain binding, effective, and enforceable regardless of whether the Preliminary Approval Order is entered, the Final Order is entered, the Final Effective Date occurs, or the Settlement Agreement is hereafter terminated.

12. Upon entry of this Order, and until the earlier to occur of (a) the occurrence of the Final Effective Date and (b) the termination of the Settlement Agreement pursuant to its terms, all Persons shall be, and hereby are, stayed from commencing or pursuing any litigation in the Bankruptcy Court arising out of, in connection with, or related to the Settlement Agreement.

13. Upon entry of this Order, all Persons shall be permanently barred, enjoined and restrained from contesting or disputing the Excess Distribution, the reallocation of $50,000,000.00 of GUC Trust Assets or the Release Agreement.

14. The failure to specifically include any particular provision of the Settlement Agreement or the Release Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Settlement Agreement and the Release Agreement, and all actions required for implementation of the Settlement Agreement and the Release Agreement, be approved in their entirety.

15. For the avoidance of doubt, nothing in this Order shall preclude claims by the Parties to the Settlement Agreement and the Parties to the Release Agreement to enforce any obligations created therein.

16. This Order is a final order within the meaning of 28 U.S.C. § 158(a), as it fully and finally resolves the Motion and the GUC Trust Excess Distribution Motion.

17. This Order shall be immediately effective and enforceable upon entry.

18. The Court shall retain jurisdiction to hear and determine any and all matters concerning this Order.

Dated: _____    _____
New York, New York                                    THE HONORABLE MARTIN GLENN
                                                       UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

# Redline -- GUC Trust Approval Order

**UNITED STATE BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **MOTORS LIQUIDATION COMPANY,** *et al.*, f/k/a General Motors Corp., *et al.* | Case. No. 09-50026 (MG) |
| Debtors. | (Jointly Administered) |

### ORDER (I) APPROVING THE GUC TRUST ADMINISTRATOR'S ACTIONS; (II) APPROVING THE SETTLEMENT AGREEMENT AND THE RELEASE AGREEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019; AND (III) AUTHORIZING THE REALLOCATION OF GUC TRUST ASSETS

Upon the motion (the "Motion") of the Motors Liquidation Company GUC Trust (the "GUC Trust") pursuant to Bankruptcy Code sections 105(a), 363, and 1142 and Bankruptcy Rule 9019 for approval of the settlement agreement (the "Settlement Agreement") dated as of March 27, 2020, entered into among the GUC Trust, New GM,[1] and the Plaintiffs and Plaintiffs' Class Counsel (each a "Party," and collectively, the "Parties") and the Release Agreement (attached as Exhibit 8 to the Settlement Agreement) among the GUC Trust and New GM (the "Release Agreement") dated as of March 27, 2020; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1409; and upon consideration of the Declaration of Layn R. Phillips, the MDL Court-Appointed Economic Loss Settlement Mediator; and due and proper notice of the Motion having been given, and no

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion or the Settlement Agreement, as applicable.

other or further notice being necessary; and the Court having reviewed the Motion, Settlement Agreement, Release Agreement and the other documents filed in connection therewith; and the Court having held a hearing on April 23, 2020 (the "Hearing"); and after due deliberation and for good cause shown,

THE COURT FINDS:[2]

A. The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

B. The Settlement Agreement was negotiated by the Parties in good faith and at arms' length.

C. The Release Agreement was negotiated by the GUC Trust and New GM in good faith and at arm's length.

~~D. The actions contemplated pursuant to Paragraphs 142 and 143 of the Settlement Agreement for the Plaintiffs and New GM to preserve claims, if any, against the AAT, including permitting the Proposed Proofs of Claim to be late filed and listed as Disputed General Unsecured Claims on the claims registry, are an appropriate exercise of the GUC Trust Administrator's rights, powers and privileges.~~

D. ~~E.~~ The Settlement Agreement and the Release Agreement and the actions contemplated thereby, including the releases given therein, meet the applicable legal standards for the approval of a compromise and settlement by a debtor in bankruptcy, and are reasonable, fair, and equitable and supported by adequate consideration.  The Court, however, does not

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.  To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2

express an opinion with respect to whether the Settlement Agreement may be approved by Federal Rule of Civil Procedure 23, which is a matter left to the MDL Court.

E.  ~~F.~~ The immediate distribution of $300,000,000.00 to Unitholders, granting the GUC Trust Release to New GM (including the termination of the right to seek the Adjustment Shares) as set forth in the Settlement Agreement and the Release Agreement, and the reallocation of $50,000,000.00 of GUC Trust Assets to fund $2,000,000.00 in Settlement Implementation Expenses and the GUC Trust's $48,000,000.00 payment into the Common Fund to be established as a Qualified Settlement Fund, coupled with entry into the Settlement Agreement itself, are an appropriate exercise of the GUC Trust Administrator's rights, powers and privileges.

F.  ~~G.~~ The Settlement Agreement and the Release Agreement, and the actions contemplated thereby, including the releases given therein, are in the best interests of the beneficiaries of the GUC Trust.

G.  ~~H.~~ The $300,000,000.00 distribution to the Unitholders provided for in the Settlement Agreement and authorized below resolves the GUC Trust Excess Distribution Motion [ECF No. 14565].

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Without expressing any opinion with respect to whether the Settlement Agreement may be approved pursuant to Federal Rule of Civil Procedure 23, which is a matter left to the jurisdiction of the MDL Court, the Settlement Agreement and the Release Agreement are APPROVED pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105(a), 363 and 1142, and the GUC Trust is authorized to enter into the Settlement Agreement and the

3

Release Agreement.

3. ~~Any and all~~The objections filed by (i) the Motors Liquidation Company Avoidance Action Trust (the "AAT") [ECF No. 14708] and (ii) the United States of America and Export Development Canada, as DIP Lenders [ECF No. 14714], are withdrawn pursuant to the terms described on the record at the Hearing and as set forth in the joint letter dated April 22, 2020 and filed on the docket.  Any and all other objections to the Motion and/or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled on the merits.  The objections filed by Plaintiffs and New GM to the AAT's motion for approval of its distribution plan [ECF No. 14552] are withdrawn pursuant to the terms described on the record at the Hearing and as set forth in the joint letter dated April 22, 2020.

4. The Parties and the AAT shall file an amended Settlement Agreement (the "Amended Settlement Agreement"), no later than May 1, 2020, which, in consideration for the AAT's agreement, subject to this Court's approval, to contribute $2.2 million to the Common Fund (as defined in the Settlement Agreement), shall include a provision releasing all potential claims against Old GM, the Old GM bankruptcy estate and the AAT.  For the avoidance of doubt, any provisions in the Settlement Agreement preserving claims against Old GM, the Old GM bankruptcy estate and the AAT, including but not limited to paragraphs 142 and 143, are not approved.

5. The AAT shall seek approval of its entry into the Amended Settlement Agreement pursuant to a separate motion pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105(a), 363, and 1142 by no later than May 1, 2020, and nothing in this Order shall constitute approval of the AAT's entry into the Settlement Agreement or Amended

4

Settlement Agreement.

6.   4. The GUC Trust is authorized to take all necessary steps pursuant to the terms and conditions of the Settlement Agreement and the Release Agreement to effectuate the Settlement Agreement and the Release Agreement, including without limitation: (i) the GUC Trust's execution, delivery and performance of the Settlement Agreement and the Release Agreement are hereby approved; (ii) the GUC Trust's distribution of $300,000,000.00 to the Unitholders is hereby authorized; (iii) the granting of the releases and covenants not to sue incorporated in the Settlement Agreement and the Release Agreement are hereby approved; and (iv) the reallocation of $50,000,000.00 in GUC Trust Assets to fund $2,000,000.00 in Settlement Implementation Expenses upon the MDL Court's order preliminarily approving the Settlement Agreement and the GUC Trust's $48,000,000.00 payment into the Common Fund to be established as a Qualified Settlement Fund is hereby approved, *provided, however*, that the GUC Trust shall not pay $2,000,000.00 for Settlement Implementation Expenses and $48,000,000.00 into the Common Fund to be established as a Qualified Settlement Fund until the conditions specified by the Settlement Agreement are met.

7.   The GUC Trust is authorized to take all necessary steps to enter into and effectuate the Amended Settlement Agreement without seeking any further orders or approvals from the Court.

8.   5. Pursuant to Section 8.1(e) of the GUC Trust Agreement, the GUC Trust is authorized to take the actions set forth in the Settlement Agreement to effectuate the Settlement, including but not limited to permitting the Proposed Proofs of Claim to be late filed and listing the Proposed Proofs of Claim as Disputed General Unsecured Claims on the claims registry, provided however, such Proposed Proofs of Claim shall not be recoverable against the

5

~~GUC Trust and the GUC Trust shall have no obligation to defend, object to, or otherwise respond to the Proposed Proofs of Claim.~~.

9. ~~6.~~ Immediately and automatically upon the Excess Distribution Date, pursuant to the terms of the Settlement Agreement and the Release Agreement, the GUC Trust shall be deemed to have (i) released all claims, rights, and interests in the Adjustment Shares and, as a result, New GM shall have no further obligation to issue the Adjustment Shares under any circumstance; and (ii) waived any and all rights to seek a Claims Estimation Order in the Bankruptcy Court or in any other court of competent jurisdiction, or otherwise seek any order that would directly or indirectly require New GM to issue any Adjustment Shares, regardless of (a) the aggregate amount of allowed general unsecured claims, whether estimated or otherwise determined, asserted or allowed in any court, including the Bankruptcy Court, and (b) any provision to the contrary in the Sale Agreement, the GUC Trust Agreement, the Letter Regarding Adjustment Shares, the Old GM Plan or any other agreement.

10. ~~7.~~ As evidenced by the affidavits of service filed with this Court, and in accordance with the procedures described in the Motion, notice has been given and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been provided in accordance with the Court-approved notice procedures, and notice has also been provided to any other required notice party under Section 6.1(b)(iv) of the GUC Trust Agreement, and the notice was good, sufficient and appropriate in light of the circumstances and the nature of the relief requested, and no other or further notice is or shall be required.

~~8. The AAT shall not constitute a Released Party, and the Releasing Parties and New GM have not released the AAT from any rights, claims or causes of action that the Releasing Parties and/or New GM have or may assert against the AAT.  The Releasing Parties and New~~

6

~~GM have not released Old GM or the Old GM Bankruptcy Estates from any Actions solely to the extent such Actions are asserted only against, or recoverable only from the AAT and provided that, for the avoidance of doubt, such Actions may not be asserted against, or recoverable from, the GUC Trust, the assets of the GUC Trust, or any Unitholder, solely in their capacity as a Unitholder of the GUC Trust.~~

11.    ~~9.~~ The Provisions of this Order relating to the Release Agreement and the $300,000,000.00 distribution to GUC Trust Unitholders are non-severable and mutually dependent, and shall remain binding, effective, and enforceable regardless of whether the Preliminary Approval Order is entered, the Final Order is entered, the Final Effective Date occurs, or the Settlement Agreement is hereafter terminated.

12.    ~~10.~~ Upon entry of this Order, and until the earlier to occur of (a) the occurrence of the Final Effective Date and (b) the termination of the Settlement Agreement pursuant to its terms, all Persons shall be, and hereby are, stayed from commencing or pursuing any litigation in the Bankruptcy Court arising out of, in connection with, or related to the Settlement Agreement~~, including, without limitation, any provisions of the Settlement Agreement related to the preservation of claims, if any, against the AAT~~.

13.    ~~11.~~ Upon entry of this Order, all Persons shall be permanently barred, enjoined and restrained from contesting or disputing the Excess Distribution, the reallocation of $50,000,000.00 of GUC Trust Assets or the Release Agreement.

14.    ~~12.~~ The failure to specifically include any particular provision of the Settlement Agreement or the Release Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Settlement Agreement and the Release Agreement, and all actions required for implementation of the Settlement

7

Agreement and the Release Agreement, be approved in their entirety.

15. ~~13.~~ For the avoidance of doubt, nothing in this Order shall preclude claims by the Parties to the Settlement Agreement and the Parties to the Release Agreement to enforce any obligations created therein.

16. ~~14.~~ This Order is a final order within the meaning of 28 U.S.C. § 158(a), as it fully and finally resolves the Motion and the GUC Trust Excess Distribution Motion.

17. ~~15.~~ This Order shall be immediately effective and enforceable upon entry.

18. ~~16.~~ The Court shall retain jurisdiction to hear and determine any and all matters concerning this Order.

Dated: _____          _____
       New York, New York                    THE HONORABLE MARTIN GLENN
                                             UNITED STATES BANKRUPTCY JUDGE