UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

                                          Debtors.

Chapter 11

Case No. 09-50026 (MG)
(Jointly Administered)

------------------------------------------------------------------------x
MOTORS LIQUIDATION COMPANY AVOIDANCE
ACTION TRUST, by and through the Wilmington Trust
Company, solely in its capacity as Trust Administrator and
Trustee,

                                          Plaintiff,

            against

JPMORGAN CHASE BANK, N.A., *et al.*,

                                          Defendants.

Adversary Proceeding

Case No. 09-00504 (MG)

------------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105 AND 1142
OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 3020 APPROVING THE DISTRIBUTION PLAN TO THE
<u>AVOIDANCE ACTION TRUST'S BENEFICIARIES</u>**

Upon the motion (the "**Motion**"), dated July 8, 2019, of Wilmington Trust Company, in its capacity as trust administrator and trustee (in such capacity, the "**Trust Administrator**") of the Motors Liquidation Company Avoidance Action Trust (the "**AAT**"), as established under the Debtors' Second Amended Joint Chapter 11 Plan in the above-captioned bankruptcy proceeding, seeking entry of an order pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code and Rule 3020(d) of the Federal Rules of Bankruptcy Procedure, (i) approving the AAT's plan for distributing proceeds to its beneficiaries, (ii) approving the procedures for identifying holders of Allowed General Unsecured Claims (as defined below) and the notice to be provided

to them, (iii) authorizing the AAT to take all other actions necessary or appropriate to effectuate the distribution to its beneficiaries, and (iv) granting such other and further relief as the Court deems necessary;

WHEREAS, the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and

WHEREAS, consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue is proper before this Court pursuant to 28 U.S.C. § 1409; and

WHEREAS, by its Motion, the AAT sought authorization to make an initial distribution of the AAT proceeds, minus withheld fees and expenses, to the United State Department of the Treasury and Export Development Canada (together, the "**DIP Lenders**") and the holders of Allowed General Unsecured Claims (the "**Initial Distribution**"); and

WHEREAS, pursuant to the Fourth Amended and Restated Motors Liquidation Avoidance Action Trust Agreement (the "**AAT Agreement**"), the DIP Lenders are entitled to receive thirty percent (30%) and the holders of Allowed General Unsecured Claims are entitled to receive seventy percent (70%) of the total proceeds distributed by the AAT; and

WHEREAS, pursuant to the AAT Agreement, the holders of Allowed General Unsecured Claims are also entitled to receive $13.720,019.71 of GUC Trust Supplemental Cash being held in a segregated account; and

WHEREAS, the Court held a hearing on August 12, 2019 wherein the Court approved the initial distribution to the DIP Lenders and reserved decision on other aspects of the Motion; and

WHEREAS, on August 16, 2019, the Court issued an Order approving distribution of

2

AAT proceeds to the DIP Lenders (Bankr. Dkt. No. 14611);

WHEREAS, the Court held additional hearings relating to the remaining aspects of the Motion on December 10, 2019, and February 5, 2020;

WHEREAS, the objections to the Motion filed by the economic loss plaintiffs and General Motors LLC (Bankr Dkt. Nos. 14571 and 14572, respectively) have been withdrawn;

WHEREAS, it further appears that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and

WHEREAS, after due deliberation thereon, and good and sufficient cause appearing therefor:

**IT IS HEREBY:**

ORDERED, that the relief requested in the Motion is granted to the extent provided herein; and it is further

ORDERED, that the AAT is authorized to distribute to the holders of Allowed General Unsecured Claims the amount of $103,129,362.12, which the AAT has determined to be the amount of distributable proceeds available for holders of Allowed General Unsecured Claims in connection with its Initial Distribution; and it is further

ORDERED, that the AAT's distribution plan and form of notice as set forth in the Motion is approved in full; and it is further

ORDERED, that the AAT is authorized to take all other actions necessary or appropriate to effectuate the distribution to its beneficiaries; and it is further

ORDERED, that this Order is without prejudice to the right of the Trust Administrator to seek further approval from the Court for any issue relating to the distribution of the proceeds of the Term Loan Avoidance Action at the discretion of the Trust Administrator and in accordance

with the AAT Agreement; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**
Dated: April 24, 2020
New York, New York

___*Martin Glenn*___
MARTIN GLENN
United States Bankruptcy Judge