UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**MOTORS LIQUIDATION COMPANY,** *et al.*,<br>**f/k/a General Motors Corp.,** *et al.*<br><br>Debtors. | Chapter 11<br><br>Case. No. 09-50026 (MG)<br><br>(Jointly Administered) |

**ORDER APPROVING AAT'S ENTRY INTO AMENDED SETTLEMENT
AGREEMENT AND THE AAT RELEASE AGREEMENT PURSUANT
TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

Upon the motion (the "Motion") of the Motors Liquidation Company Avoidance Action Trust (the "AAT") pursuant to Bankruptcy Code sections 105(a), 363, and 1142 and Bankruptcy Rule 9019 for approval of (i) the AAT's entry into the settlement agreement, as amended on May 1, 2020 (the "Amended Settlement Agreement") by and among the AAT, the GUC Trust, New GM,[1] the Plaintiffs, and Plaintiffs' Class Counsel (each a "Party," and collectively, the "Parties") and (ii) the AAT Release Agreement (attached as Exhibit 19 to the Amended Settlement Agreement) between the AAT and New GM (the "AAT Release Agreement") dated as of May 1, 2020; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1409; and due and proper notice of the Motion having been given, and no other or further notice being necessary; and the Court having reviewed the Motion, the Amended Settlement Agreement, the AAT Release Agreement and the other documents filed in connection therewith; and after due deliberation and for good cause shown,

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion or the Settlement Agreement, as applicable.

THE COURT FINDS:[2]

A.    The Court held a hearing on April 23, 2020 to consider the GUC Trust's entry into the Settlement Agreement, and subsequently entered that certain *Order (I) Approving the GUC Trust Administrator's Actions, (II) Approving the Settlement Agreement and the Release Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019, and (III) Authorizing the Reallocation of GUC Trust Assets* [ECF No. 14730] (the "GUC Trust Approval Order") approving the Settlement Agreement solely with respect to the GUC Trust. Pursuant to the GUC Trust Approval Order, the Court ordered the Parties to file the Amended Settlement Agreement no later than May 1, 2020, in which the AAT would be added as a Party, and required the AAT to seek separate relief under Bankruptcy Rule 9019.

B.    The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

C.    The Amended Settlement Agreement was negotiated by the Parties in good faith and at arm's length.

D.    The AAT Release Agreement was negotiated by the AAT and New GM in good faith and at arm's length.

E.    The Amended Settlement Agreement and the AAT Release Agreement and the actions contemplated thereby, including the releases given therein, meet the applicable legal standards for the approval of a compromise and settlement by a debtor in bankruptcy, and are reasonable, fair, and equitable and supported by adequate consideration. The Court, however, does not express an opinion with respect to whether the Amended Settlement Agreement may

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

be approved by Federal Rule of Civil Procedure 23, which is a matter left to the MDL Court (as defined in the Motion).

F.  The AAT's request to allocate $2.2 million from its expense reserve for payment to the Common Fund, subject to the conditions set forth in the Amended Settlement Agreement, is hereby approved. The AAT's payment to the Common Fund shall be deemed solely a distribution to holders of Allowed General Unsecured Claims for purposes of calculating distribution allocations with respect to any future distributions by the AAT beyond the Initial Distribution and shall not diminish in any manner any future distributions from the AAT to the DIP Lenders (as defined in the Motion).

G.  The Amended Settlement Agreement and the AAT Release Agreement, and the actions contemplated thereby, including the releases given therein, are in the best interests of the beneficiaries of the AAT.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED as set forth herein.

2.  The Amended Settlement Agreement and the AAT Release Agreement are APPROVED pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105(a), 363 and 1142, and the AAT is authorized to enter into the Amended Settlement Agreement and the AAT Release Agreement.

3.  The AAT is authorized to take all necessary steps pursuant to the terms and conditions of the Amended Settlement Agreement and the Release Agreement to effectuate the Amended Settlement Agreement and the AAT Release Agreement.

4.  As evidenced by the affidavits of service filed with this Court, and in accordance with the procedures described in the Motion, notice has been given and a reasonable

opportunity to object or be heard with respect to the Motion and the relief requested therein has been provided in accordance with the Court-approved notice procedures, and the notice was good, sufficient and appropriate in light of the circumstances and the nature of the relief requested, and no other or further notice is or shall be required.

5.  The Provisions of this Order relating to the AAT Release Agreement are non-severable and mutually dependent, and shall remain binding, effective, and enforceable regardless of whether the Final Order is entered, the Final Effective Date occurs, or the Amended Settlement Agreement is hereafter terminated.

6.  Upon entry of this Order, and until the earlier to occur of (a) the occurrence of the Final Effective Date and (b) the termination of the Amended Settlement Agreement pursuant to its terms, all Persons shall be, and hereby are, stayed from commencing or pursuing any litigation in the Bankruptcy Court arising out of, in connection with, or related to the Amended Settlement Agreement.

7.  Upon entry of this Order, all Persons shall be permanently barred, enjoined and restrained from contesting or disputing the allocation of $2.2 million of AAT assets provided herein or the AAT Release Agreement.

8.  The failure to specifically include any particular provision of the Amended Settlement Agreement or the AAT Release Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Amended Settlement Agreement and the AAT Release Agreement, and all actions required for implementation of the Amended Settlement Agreement and the AAT Release Agreement, be approved in their entirety.

9.  For the avoidance of doubt, nothing in this Order shall preclude claims by the

Parties to the Amended Settlement Agreement and the Parties to the AAT Release Agreement to enforce any obligations created therein.

10. Nothing in this Order shall limit or modify the terms of the GUC Trust Approval Order.

11. This Order is a final order within the meaning of 28 U.S.C. § 158(a), as it fully and finally resolves the Motion.

12. This Order shall be immediately effective and enforceable upon entry.

13. The Court shall retain jurisdiction to hear and determine any and all matters concerning this Order.

**IT IS SO ORDERED.**

Dated:  May 8, 2020
        New York, New York

*Martin Glenn*
_____
MARTIN GLENN
United States Bankruptcy Judge