**McDermott Will & Emery LLP**
340 Madison Ave.
New York, New York 10173
Telephone: (212) 547-5429
Facsimile: (646) 417-7313
E-mail: kgoing@mwe.com
Kristin K. Going

*Attorneys for the Motors Liquidation Company
GUC Trust Administrator*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re:** : **Chapter 11**
:
**MOTORS LIQUIDATION COMPANY,** *et al.*, : **Case No. 09-50026 (MG)**
**f/k/a General Motors Corp.,** *et al.*, :
: **(Jointly Administered)**
**Debtors.** :
:
------------------------------------------------------------x

**THE GUC TRUST'S SUPPLEMENTAL OBJECTION ADDRESSING THE
FILING BY CERTAIN PRE-CLOSING ACCIDENT PLAINTIFFS ON
<u>APRIL 20, 2020</u>**

The Motors Liquidation Company GUC Trust (the "GUC Trust") files this objection (the "Objection") to the *Supplement to the Brief in Support of Motion Filed by Additional Ignition Switch Pre-Closing Accident Plaintiffs For Authority to File Late Proofs of Claim for Personal Injuries and Wrongful Deaths* (the "Supplement") filed by Andrews Myers, P.C. ("Andrews Myers") on April 20, 2020, the same day the GUC Trust's response was due pursuant to this Court's January 28, 2020 scheduling order (ECF No. 14661) (the "Briefing Schedule"). For the reasons stated below, the GUC Trust respectfully requests that the Court deny consideration of late claims for the additional eight plaintiffs identified in the Supplement.

Andrews Myers has consistently flouted the deadlines and procedures put in place by this Court, but their most recent filing was the most egregious of all. The GUC Trust files this short response to the Supplement to alert the Court that contrary to what is stated in the filing, two of the eight individuals identified therein are completely new and have never previously sought to file a late claim. Furthermore, of the remaining six, four individuals do not provide any information regarding the make and model of the vehicle allegedly giving rise to the proposed claim, making it impossible to determine the basis for these four individuals' proposed late claims, and the remaining two assert personal injuries related to a 2006 Chevy Cobalt, which is a vehicle that was part of the Ignition Switch recall. Copies of the six proofs of claim that were attached to previous filings by Andrews Myers are attached hereto as Exhibit A[1].

On December 5, 2019, Andrews Myers filed a status report (the "Status Report") representing to the Court (and the GUC Trust) that of the 389 plaintiffs the firm represented in connection with filing late claims against the GUC Trust, only 9 had not reached settlements

---

[1] These proofs of claim were not attached to the Supplement, rather the GUC Trust combed through all prior filings by the Andrew Myers firm to ascertain whether these individuals had in fact filed proposed proofs of claim.

-1-

and/or still desired to pursue late claims against the GUC Trust. [Dkt. No. 14643]. The Status Report went on to list the nine remaining plaintiffs as: (1) Bertha Brown; (2) Joann Donato; (3) Rodney Gentry; (4) Chas Grant; (5) Melinda Lynch; (6) Louella Martinez; (7) John McDonough; (8) David Pier; and (9) Shakiria Stephenson. The Status Report concluded by stating "For purposes of any pending litigation relating to potential late claims, out of the 389 proofs of claim identified in and attached to the Late Claims Motions, only nine (9) remaining Andrews Myers Plaintiffs identified in this letter will be participating in such litigation. The remaining 380 Andrews Myers Plaintiffs who were included in the Late Claims Motions we filed are no longer pursuing their claims in this case." Id.

On February 25, 2020, Andrews Myers filed a letter with the Court indicating that despite the representations in the Status Report, "there are three (3) other Plaintiffs whose claims were included in the Late Claims Motion [Doc. 14018] who have also not settled their claims and were inadvertently not included in the list in their prior status report." [Dkt. 14676]. The three plaintiffs identified in the February letter were (1) Kathryn Enders; (2) Sandra Samuels and (3) Ruby Merritt.

Pursuant to the Briefing Schedule, on March 27, 2020 Andrews Myers filed its *Brief in Support of Motion Filed by Additional Ignition Switch Pre-Closing Accident Plaintiffs for Authority to File Late Proofs of Claim for Personal Injuries and Wrongful Deaths*. In the first paragraph of the brief, it identified the twelve plaintiffs that remained, and argued that the Court should allow the late filing of the proposed proofs of claim for these twelve individuals.

On April 20, 2020—the same day the GUC Trust's objection to the late filing of these twelve proposed proofs of claim was due—Andrews Myers filed the Supplement in which it

attempted to add eight additional plaintiffs to the late claim litigation, despite the fact that Andrews Myers had previously informed the Court and the GUC Trust that these individuals were no longer pursuing late claims against the GUC Trust. Furthermore, two of these purported plaintiffs are entirely new—the GUC Trust cannot find Deborah Overcast and Kenneth Salm listed on any of the prior documents filed by Andrews Myers, and there do not appear to have been proposed proofs of claim ever filed for these individuals. The remaining six additional plaintiffs had been part of the group of 389 plaintiffs Andrews Myers represented in the Bankruptcy Court since 2017, but they had withdrawn their proposed proofs of claim pursuant to the Status Report.

The Supplement was untimely and should be rejected on this basis alone. *See* Local Bankruptcy Rule for the Southern District of New York 9006-1(b) ("Untimely papers may be rejected"); *see also Keating v. U.S. Lines, Inc. (In re U.S. Lines, Inc.)*, No. 04Civ.6614, 2006 WL 1559237, at *7-8 (S.D.N.Y. June 7, 2006) (holding that the bankruptcy court did not abuse its discretion in declining to consider a supplemental brief filed nearly a week late, where the party proffered no reason for the belated filing and did not seek additional time from the court).

Furthermore, allowing these additional eight plaintiffs to pursue late claims would render no less than three different orders of this Court meaningless. These eight plaintiffs failed to comply with, among others, the Bar Date, the Order to Show Cause[2] and the Briefing Schedule. Andrews Myers has previously represented to the Court that these eight plaintiffs were no longer pursuing late claims against the GUC Trust. The GUC Trust should be entitled to rely upon that

---

[2] The Order to Show Cause entered on December 13, 2016 [Dkt. No. 13802] established December 22, 2016 as a deadline for all parties seeking to file late proofs of claim related to Ignition Switch and Non-Ignition Switch defects.

representation.  Ambushing the GUC Trust with eight additional plaintiffs on the day its responsive brief is due is highly prejudicial.

## CONCLUSION

WHEREFORE, for the reasons stated herein, the GUC Trust respectfully requests that the Court deny the relief requested in the Supplement.

Dated: New York, New York
      May 8, 2020

Respectfully submitted,

  /s/   Kristin K. Going_____

**MCDERMOTT WILL & EMERY LLP**
Kristin K. Going
340 Madison Ave.
New York, New York 10173
Telephone:    (212) 547-5429
Facsimile:     (646) 417-7313
E-mail:         kgoing@mwe.com

*Attorneys for the Motors Liquidation Company GUC Trust*