Hearing Date and Time: TBD

Lisa M. Norman (admitted pro hac vice)
T. Joshua Judd (admitted pro hac vice)
ANDREWS MYERS, P.C.
1885 St. James Place, 15th Floor
Houston, Texas 77056
713-850-4200  Telephone
713-850-4211  Facsimile
Lnorman@andrewsmyers.com
Jjudd@andrewsmyers.com

*Counsel for Additional Ignition Switch*
*Pre-Closing Plaintiffs*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| MOTORS LIQUIDATIONS COMPANY, et al. f/k/a General Motors Corp., et al. | Case No.: 09-50026 (MG) |
| Debtors. | (Jointly Administered) |

**REPLY BRIEF TO THE RESPONSES AND OBJECTIONS TO
BRIEF IN SUPPORT OF MOTION FILED BY ADDITIONAL IGNITION SWITCH
PRE-CLOSING ACCIDENT PLAINTIFFS FOR AUTHORITY TO FILE
LATE PROOFS OF CLAIM FOR PERSONAL INJURIES AND WRONGFUL DEATHS**

The Additional Ignition Switch Pre-Closing Accident Plaintiffs[1] (the "Movants" or "Andrews Myers Plaintiffs"), by and through the undersigned counsel, hereby file this Reply Brief to the Responses and Objections to their Motion to File Late Proofs of Claim for Personal Injuries and Wrongful Deaths ("Motion") and supplements thereto [ECF Nos. 14018, 14046, 14112, 14195 and 14346], and in support thereof, the Movants respectfully state as follows:

---

[1] The "Additional Ignition Switch Pre-Closing Accident Plaintiffs", identified in Doc. 14018, 14046, 14112, 14195 and 14346, were not included in the Omnibus Motion filed by Certain Ignition Switch Pre-Closing [Docket No. 13807] but are seeking the same relief set forth in the motion at Docket No. 13807, which was still pending and for which oral arguments had not yet occurred when these "Additional Ignition Switch Pre-Closing Accident Plaintiffs" filed their late claims motion, and supplements thereto. These "Additional Ignition Switch Pre-Closing Accident Plaintiffs" are included in the subset of the Pre-Closing Accident Plaintiffs that had the Ignition Switch in their Subject Vehicles, but did not receive notice of the filing of

1

## IDENTIFICATION OF MOVANTS

1.  The twenty (20) Movants identified below have continued to seek authority from this Court since 2017 to allow them to file late claims.[2] On two separate occasions, they were parties to settlement agreements with the GUC Trust, but ultimately neither settlement agreement was approved. Accordingly, their last resort for recovery in this case is to obtain authority to file late claims.

|     | Last       | First   |
|-----|------------|---------|
| 1.  | Bednar     | Jared   |
| 2.  | Brown      | Bertha  |
| 3.  | Donato     | Joann   |
| 4.  | Dullen     | Ryan    |
| 5.  | El-Cheikh  | Sheryl  |
| 6.  | Enders     | Kathryn |
| 7.  | Gentry     | Rodney  |
| 8.  | Gillis     | Michael |
| 9.  | Grant      | Chas    |
| 10. | Johnson    | Shanga  |
| 11. | Lynch      | Melinda |
| 12. | Martinez   | Louella |
| 13. | McDonough  | John    |
| 14. | Merritt    | Ruby    |
| 15. | Overcast   | Deborah |
| 16. | Pier       | David   |
| 17. | Riley      | Jibreel |
| 18. | Salm       | Kenneth |
| 19. | Samuels    | Sandra  |
| 20. | Stephenson | Shakira |

## ARGUMENTS & AUTHORITIES

2.  The GUC Trust asserts that the *Pioneer* factors must be applied. While Movants respectfully disagree with this assertion, Movants will address the *Pioneer* factor to the extent that the Court intends to consider them in its analysis.

---

Docket No. 13807 or the deadline to join in that motion.
[2] *See* Exhibit 1 through 20, attached and incorporated by reference.

3. In *Pioneer* the Supreme Court endorsed a broad reading of the phrase "excusable neglect." The Court interpreted the "excusable neglect" provision in Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, which "empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline 'was the result of excusable neglect.'" 507 U.S. at 382, 113 S.Ct. 1489. Rejecting what it termed a "narrow view of 'excusable neglect,'" under which the failure to meet a deadline had to be "caused by circumstances beyond the movant's control," the Court advanced "a more flexible analysis." *Id.* at 387 n. 3, 113 S.Ct. 1489. The Court observed that the ordinary meaning of the word "neglect" encompasses not just unavoidable omissions, but also negligent ones, and concluded that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388, 113 S.Ct. 1489.

4. The Court then identified factors to be weighed in evaluating a claim of excusable neglect:

> we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395, 113 S.Ct. 1489. When considering these four (4) *Pioneer* factors, it is clear that Movants meet the standard of excusable neglect.

5. First, there is no danger of prejudice to the GUC Trust if Movants are allowed to file late claims. As stated by counsel for the GUC Trust at the hearing on the settlement motion between the GUC Trust and the Economic Loss Plaintiffs, the GUC Trust maintains sufficient

3

resources to pay Movants' claims, if they are allowed. These are the last remaining late claims before this Court for consideration, so there is no continuous risk of additional late claims as alleged by the GUC Trust.

6.      Second, with regard to the length of delay, Movants filed their motion to allow late claims as soon as they became aware that this Court was still considering potential late claims. Just as Movants did not receive notice of the initial order setting a bar date, they also did not receive notice of the December 2016 Show Cause Order setting the deadline for filing late claims motions. While Movants are similarly situated to the Hilliard Plaintiffs who filed the original late claims motion, unlike the Hilliard Plaintiffs, Movants were not recipients of that order. Once they became aware of the order, and the fact that the late claims motion filed by the Hilliard Plaintiffs was still pending, each of the Movants herein joined in seeking the same relief as the Hilliard Plaintiffs.

7.      Third, the earliest that any of the Movants became aware of the December 2016 Show Cause Order was mid-2017. At that time, Movants' initial late claims motion was filed. Prior to that time, Movants believed that there was no longer a vehicle by which they could recover in this bankruptcy case.

8.      Finally, Movants acted in good faith. They did not purposefully delay in filing their claims. All they have ever sought was the opportunity to recover for their personal injury and wrongful death claims, and they did so as soon as they became aware that such an opportunity might still exist in this Court.

9.      Based on the foregoing, Movants submit that to the extent *Pioneer* applies, the factors have been met and they request that an order be entered allowing them to file their late claims.

## CONCLUSION

WHEREFORE, Movants respectfully request that this Court enter an Order granting them leave to file their proposed late claims.

Dated: May 11, 2020

                                              Respectfully submitted,

                                              ANDREWS MYERS, P.C.

                                              */s/ Lisa M. Norman*
                                              Lisa M. Norman (admitted pro hac vice)
                                              T. Joshua Judd (admitted pro hac vice)
                                              ANDREWS MYERS, P.C.
                                              1885 St. James Place, 15th Floor
                                              Houston, Texas 77056
                                              713-850-4200  Telephone
                                              713-850-4211  Facsimile
                                              Lnorman@andrewsmyers.com
                                              Jjudd@andrewsmyers.com

                                              *Bankruptcy Counsel for Additional Ignition Switch Pre-Closing Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), copies will also be served by email on May 11, 2020 on those parties listed as "Notice Parties" under the Court's December 12, 2016 Order to Show Cause [ECF No. 13802], with paper copies served by first class mail postage prepaid on all Notice Parties for whom email addresses are unavailable.

                                              */s/ Lisa M. Norman*
                                              LISA M. NORMAN