USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Motors Liquidation Company,

              Debtor,

---

Marianne OGrady,

              Appellant,

    -v-

Motors Liquidation Company Avoidance Action Trust,

              Appellee.

19-cv-6668 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

    This is an appeal from an order of Bankruptcy Judge Martin Glenn in General Motors' Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of New York. Marianne OGrady, proceeding pro se, appeals Judge Glenn's June 13, 2019 order approving a settlement agreement between various parties. The Court now dismisses the appeal because of Appellant's failure to file a brief, pursuant to Rule 8018 of the Federal Rules of Bankruptcy Procedure, or to otherwise prosecute this appeal.

    **I.**    **BACKGROUND**

    The history of the underlying Chapter 11 bankruptcy proceeding in this matter is complex and lengthy, and the Court recounts only those portions relevant to this appeal. In June 2009, General Motors Corporation filed for Chapter 11 bankruptcy. Bankr. Dkt. 1. The Bankruptcy Court eventually confirmed a Chapter 11 plan of reorganization, which in turn created the Motors Liquidation Company Avoidance Action Trust (the AAT), a litigation trust. The AAT's purpose was to prosecute an avoidance action against a group of secured lenders and to distribute

1

the proceeds of the litigation to various beneficiaries. Dkt. No. 10 at 1. Years later, AAT reached a settlement in this litigation. In 2019, the AAT therefore sought the Bankruptcy Court's approval for a settlement agreement between AAT, the Motors Liquidation Company GUC Trust, and numerous other parties like JPMorgan Chase Bank and Simpson Thacher & Bartlett LLP. Dkt. No. 1 at 11–12. The Bankruptcy Court approved the settlement on June 13, 2019. *Id.* at 13–17.

Ms. OGrady, proceeding pro se, filed a notice of appeal from the settlement order. *See* Dkt. No. 1. Even construing the filing liberally, the Court is unable to determine the exact nature of Ms. OGrady's objection to the Bankruptcy Court's order. In the notice, she wrote that "I do not permit 1.5 billion of U.S. funds to get stolen by . . . racketeers to harm others including me." Dkt. No. 1 at 2. In June 2018, the Court entered a scheduling order to govern this action. Because the Appellant is proceeding pro se, the Court provided her lengthy deadlines to file briefing supporting her appeal and directed her to this District's pro se legal clinic. Dkt. No. 2.

Ms. OGrady, however, failed to file any briefing. She instead appealed the Court's scheduling order to the Second Circuit. Dkt. No. 4. In December 2019, the Second Circuit *sua sponte* dismissed Ms. OGrady's appeal for lack of appellate jurisdiction. Dkt. No. 7.

Upon remand, this Court issued a second scheduling order. Dkt. No. 8. This order likewise gave Ms. OGrady substantial time to file her briefing, again directed her to the pro se clinic, and advised her that if she needed an extension of time, she could seek the consent of opposing counsel and then submit a request to the Court. Dkt. No. 8. Once again, Ms. OGrady did not submit a brief by the Court's deadline. Because of the "special solicitude afforded to pro se litigants," however, the Court *sua sponte* extended Ms. OGrady's deadline to file a brief by several weeks. Dkt. No. 9. The Court also warned Ms. OGrady that a failure to submit a brief

2

may lead the Court to decide or dismiss this appeal without further warning to her. *Id.* Ms. OGrady did not submit a brief—indeed, she has not taken any action in this matter since June 2019. In March 2020, the Appellees submitted a letter noting that Ms. OGrady had failed to prosecute this action and seeking dismissal. Dkt. No. 10.

## II.     THIS APPEAL IS DISMISSED

A district court has the power to dismiss a bankruptcy appeal for failure to prosecute *sua sponte*. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (recognizing a district court's authority to dismiss sua sponte for failure to prosecute); *Sydlar v. Swimelar*, No. 6:10-cv-34 (GLS), 2010 WL 25222362 (N.D.N.Y. June 14, 2010) (dismissing a bankruptcy appeal *sua sponte* for failure to prosecute); *Bristol v. Ackerman* (*In re Bristol*), No. 09-cv-1683 (JFB), 2010 WL 1223053 (E.D.N.Y. Mar. 24, 2010) (same); *Freidus v. United States* (*In re Friedus*), No. 94-cv-2687 (NG), 1996 WL 622210 (E.D.N.Y. Oct. 23, 1996) (same); *In re Kleinman*, No. 95 Civ. 2663 (RO), No. 95 Civ. 2665 (RO), 1996 WL 157469 (S.D.N.Y. Apr. 4, 1996) (same).

Although the time limitations of the Bankruptcy Rules "are not jurisdictional" and "the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines," the Second Circuit instructs that "the [district] court should exercise its discretion to determine whether dismissal is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion." *Balaber-Strauss v. Reichard* (*In re Tampa Chain Co., Inc.*), 835 F.2d 54, 56 (2d Cir. 1987) (per curiam) (citations omitted). An appeal should be dismissed when failure to prosecute was "inexcusable." *Burton v. Schachter*, 99 F. App'x 333, 335 (2d Cir. 2004) (summary order) (citing *Tampa Chain*, 835 F.2d at 56).

Courts in this Circuit look to several facts when weighing dismissal in this context. They include "bad faith, negligence, and indifference." *Tampa Chain*, 835 F.2d at 56. Other factors

3

include "1) the duration of [appellant's] failures or non-compliance; 2) whether [appellant] had notice that such conduct would result in dismissal; 3) whether prejudice to the [appellee] is likely to result"; 4) the balance of the court's "interest in managing its docket against [appellant's] interest in receiving an opportunity to be heard;" and 5) "the efficacy of a sanction less draconian than dismissal." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000) (citations omitted).

These factors weigh strongly in favor of dismissal here. Appellant has flatly ignored procedural rules and several orders of this Court for months on end. Appellant has been given ample notice that continued disregard for the Court's scheduling orders would result in dismissal. Moreover, this Court endeavors to resolve actions pending before it as quickly as possible and, consistent with the Civil Justice Reform Act, to move cases along efficiently. The Court has provided Appellant with multiple opportunities to be heard, but Appellant has not so much as communicated with this Court since June 2019. As other courts have noted, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Holcombe v. Skupien*, No. 14-cv-1448 (PAC), 2014 WL 6879077, at *3 (S.D.N.Y. Dec. 5, 2014) (quoting *Hibbert v. Apfel*, No. 99-cv-4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)). These facts suggest sufficient indifference and negligence to warrant dismissal.

The case for dismissal is even clearer here than in *Tampa Chain*. There, the Second Circuit held that dismissal for failure to prosecute was appropriate when a party had not filed a brief even seven months after the due date, counsel had offered no explanation or excuse for failure to file, and the district court had dismissed the appeal only after inquiring as to the reason for failure to file and receiving no explanation. 835 F.2d at 56. In the present case, the

4

Appellant has not filed a brief for more than three months after the due date and has not otherwise responded to the Court's multiple orders. In this context, therefore, Appellant's conduct amounts to bad faith. *See, e.g., In re Bristol*, 2010 WL 1223053, at *2 (identifying bad faith when a bankruptcy appellant failed to file a brief and to communicate with the court in 11 months).

Appellant has not offered an excuse for what appears to be a bad faith failure to prosecute, and the facts strongly suggest that none exists. On the totality of the circumstances, it is evident that a lesser sanction than dismissal would be meaningless and unwarranted. The Court is unaware of how a lesser sanction would prompt Appellant to comply with the Court's Orders given that Appellant has not responded to the Court's Orders or otherwise communicated an intention to participate in this case almost one year—even after the Court provided an express warning that the Court could decide this matter without further warning to her if she failed to respond. *See* Dkt. No. 9; *see Castaldo v. Bank of N.Y.* (*In re Castaldo*), No. 07-1840-bk, 2009 WL 754793, at *1 (2d Cir. Mar. 24, 2009) (summary order) ("A dismissal is not an abuse of discretion if it occurs after a party is asked to explain the failure to prosecute and fails to respond to the court's order" (citing *Tampa Chain*, 835 F.2d at 56)). This appeal is therefore dismissed for failure to prosecute.

### III.  CONCLUSION

For the foregoing reasons, the appeal is dismissed with prejudice. The Clerk of Court is directed to enter judgment accordingly and to close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

5

The Court will mail a copy of this Opinion to the *pro se* Appellant, and that mailing shall be noted on the public docket.

SO ORDERED.

Dated: May 28, 2020
      New York, New York

_____
ALISON J. NATHAN
United States District Judge

6