David V. Scott
1338 Miller Lane
New Albany, IN 47150

*Counsel for Claimant Billy England*

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | **ELECTRONICALLY FILED** |
|---|---|
| ------------------------------------------------------x : | |
| In re : | Chapter 11 Case No. |
| MOTORS LIQUIDATION COMPANY, *etal,* flk/a General Motors Corp., *et al* : : | 09-50026 (REG) (Jointly Administered) |
| Debtors.    : | |
| : ------------------------------------------------------x | |

**MOTION TO ALLOW WILMINGTON TRUST TO TRANSFER SETTLEMENT DIRECTLY TO ESCROW**

Comes now, Counsel for Creditor, David V. Scott and moves the Court for an order permitting Wilmington Trust Company to make its distribution to this Creditor directly to a security account set up as an escrow account using counsel for Creditor's TIN number. The Trust feels it does not have authority to make a distribution in this fashion but does not object to this motion.

**MEMORANDUM IN SUPPORT OF THIS MOTION**

**A. The Basis for the Claim Against GM.**

August 17, 2007, Fannie England was the restrained operator of a 1995 Chevrolet, Model K10753, pick-up truck when she was struck by another vehicle traveling in the opposite direction. As a result of the other

vehicle's contact with Mrs. England's truck her vehicle veered off the road. After her vehicle left the road it struck a tree and other objects causing serious injury to her lower extremities. Her air bag did not deploy. In addition to the airbag's failure to deploy, there was an intrusion the foot well of the driver's side of the vehicle, most likely the cause of her injuries to her lower extremities. The forces in this collision were well within the forces expected to be experienced by people involved in collisions on our highway. Her theory of liability against GM was that she sustained an enhanced injury as a result of GM's failure to exercise reasonable care in the design of its motor vehicle.

On February 24, 2009 Fannie L. England filed her products liability complaint against General Motors and other defendants in the Metcalf County Circuit Court in Edmonton, Kentucky. That action was subsequently, removed to the United States District Court for the Western District Court for the Western District of Kentucky Bowling Green Division. On March 11, 2009 Fannie L. England died of causes unrelated to the injuries she sustained in the collision at issue. On June 24, 2009, the District Court ordered the matter stayed because General Motors Corporation filed for relief under Chapter 11 of Title 11.

**B. Proceedings in Bankruptcy**

On November 30, 2009 Billie England filed his claim. Under Kentucky law Billie England as the surviving spouse had a right to bring a "survival action" for losses he sustained as a result of his wife's injury.

**KRS 411.140 What action shall survive.**

No right of action for personal injury or for injury to real or personal property shall cease or die with the person injuring or injured, except actions for slander, libel, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury. For any other injury an action may be brought or revived by the personal representative, or against the personal representative, heir or devisee, in the same manner as causes of action founded on contract.

He was entitled to recover for loss of spousal consortium, and he was jointly responsible for the medical bills incurred by her for her treatment as a result of the injuries sustained in the event at issue. Fannie England's medical bills totaled $155,687.42.

On July 2, 2010, Motors Liquidation Company filed their thirty-seventh omnibus objection to expunge certain claims. Included in those claims was Billy England's. On July 30, 2010, counsel, on the claimant's behalf, filed documentation regarding the legal and factual basis for Billy England's claim. Based on that documentation, Motor Liquidation Company withdrew its objection. Eventually the claim was resolved.

**C. The Basis for This Motion.**

Unfortunately, Billy England died before the payment he was entitled to could be distributed to him. A copy of the proposed distribution from Wilmington Trust Company is attached and marked "Exhibit A." As a result

of Mr. England's death, completing the distribution created a "catch 22." The Trust wanted counsel for claimant to set up an estate for Billie England and use that as the vehicle to process the settlement. There was a huge problem with this. This was not a wrongful death case. This was a "survival action." The original plaintiff to the action was Billy's wife, Fannie. Her death was unrelated to her initial claim. Had it been related Billie England could have brought wrongful death claim. In Kentucky as well as other jurisdictions the bulk of the proceeds from a wrongful death claim go directly to the survivors in a specific hierarchy.

> **411.130 Action for wrongful death -- Personal representative to prosecute -- Distribution of amount recovered.**
>
> (1) Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it. If the act was willful or the negligence gross, punitive damages may be recovered. The action shall be prosecuted by the personal representative of the deceased.
>
> (2) The amount recovered, less funeral expenses and the cost of administration and costs of recovery including attorney fees, not included in the recovery from the defendant, shall be for the benefit of and go to the kindred of the deceased in the following order:

The hierarchy is not included as that is not relevant to this issue, what is relevant is that in a wrongful death claim, only those specifically fitting within that hierarchy are entitled to the proceeds. It is not considered an asset of that person's estate.

The claim was in Billy's behalf, based on the claims that survived Fannie's death. The legal significance of this in Kentucky and most

- 4 -

jurisdictions is that a survival claim is considered an estate asset and is not protected from creditors as is a wrongful death claim. Billy had substantial debt by the time of his death and the money from this distribution would have been lost to his creditors. His children would have received nothing.

The intent KRS 411.140 is that legitimate personal injury as well as others survive the death of the person originally injured. Billy has two children, Jacqueline Nichole Coleman and Billy Lee England, Jr who were Billy and Fanny England's only heirs. Under Kentucky law of intestate succession, they are each entitled to one half of his estate.

**KRS 391.030 Descent of personal property -- Exemption for surviving spouse and children -- Withdrawal of money from bank by surviving spouse.**

(1) Except as otherwise provided in this chapter, where any person dies intestate as to his or her personal estate, or any part thereof, the surplus, after payment of funeral expenses, charges of administration, and debts, shall pass and be ==distributed among the same persons, and in the proportions, to whom and in which real estate is directed to descend== . . .

**KRS 391.010 Descent of real estate.**

When a person having right or title to any real estate or inheritance dies intestate as to such estate, it shall descend in common to his kindred, male and female, in the following order, except as otherwise provided in this chapter:

(1) To his children and their descendants; if there are none, then . . .

Counsel for claimant proposed that he be allowed to meet the requirement set forth steps one, two and three in Exhibit A, by setting up an escrow account at Axiom Financial Strategies Group, a financial institution

authorized to maintain a securities account, located in New Albany, Indiana and to use his Tax ID number. It would receive the distribution from The Wilmington Trust Company and through that account counsel would distribute the proceeds as they would have been in any other personal injury or wrongful death claim. Counsel for claimant provided Wilmington Trust with affidavits from both children supporting this action.  Copies of those affidavits are attached and marked Exhibits B and C.

Counsel for claimant's argument for this procedure was that if this were a routine personal injury or wrongful death case, the result would be same.  The proceeds of the settlement or verdict would wind up the plaintiff's attorney's escrow account and would be distributed to all the people with interests in the proceeds. It would not matter if it was check with all interested parties' names on it or the money was deposited directly into the attorney's escrow account the result would be the same. It has to go through the escrow account and the lawyer is responsible for a proper distribution.  Also, the tax identification number on the Form 9 provided to the company issuing the proceeds of the settlement would be the plaintiff's attorneys.

The Wilmington Trust Company appreciated the problems Mr. England's heirs faced but did not feel it had the authority to make such a distribution.  They suggested that claimant's counsel file a motion with the Bankruptcy Court requesting it direct the Trust to deliver the distribution set

forth in Exhibit D as outlined above. Wilmington Trust Company has indicated they would not object to this motion.

        David V. Scott
        1338 Miller Lane
        New Albany, IN 47150
        Phone:  502.593.0442
        E-Mail:  dave@davescott.us

        By:  s/ David V. Scott
        Counsel for Creditor, Billie England

## CERTIFICATE OF SERVICE

I certify that on this 14th day of May 2020, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system.

        s/ David V. Scott

**REMINDER NOTICE**
**DISTRIBUTION RELATED MATERIAL ENCLOSED**

WILMINGTON TRUST COMPANY
as Trust Administrator and Trustee for the
MOTORS LIQUIDATION COMPANY GUC TRUST

April 21, 2017

Billy England Husband and Surviving Spouse of Fannie England
c/o Dave Scott
4965 US Hwy 42
Suite 1000
Louisville, KY 40222

Dear Billy England Husband and Surviving Spouse of Fannie England,

Wilmington Trust Company is the trust administrator and trustee for the Motors Liquidation Company GUC Trust (in such capacity, the "Trust Administrator") that has made and will continue to make distributions to holders of Allowed Class 3 General Unsecured Claims pursuant to the Second Amended Joint Chapter 11 Plan of Motors Liquidation Company *et al.* (f/k/a General Motors Corporation) (the "Plan").[1]

The agreement governing the Motors Liquidation Company GUC Trust (the "Trust," and such agreement, the "Trust Agreement") provides for distributions to be made to newly allowed holders of Allowed Class 3 General Unsecured Claims as promptly as practicable following the end of the fiscal quarter in which such claim was allowed (such distribution a "Newly Allowed Claim Distribution").  While actual disbursement dates for the Newly Allowed Claim Distributions are set at the discretion of the Trust Administrator and are subject to change, the Trust Administrator currently anticipates making an initial disbursement of the Newly Allowed Claim Distributions to certain claimants within 45 days of each fiscal quarter end, and then rolling disbursements to additional claimants on or about the eighteenth day of each calendar month thereafter (each such disbursement date a "Scheduled Disbursement Date").[2]

As a holder of one or more Allowed Class 3 General Unsecured Claims, you are entitled to participate in the Newly Allowed Claim Distribution in accordance with the requirements of the Plan, subject to the following paragraph.  It is currently anticipated that, with respect to the most recent fiscal quarter ended, you will receive (i) cash,[3] and (ii) units in the Trust (representing

---

[1]  On March 29, 2011, the United States Bankruptcy Court for the Southern District of New York entered an order confirming the Plan.  The effective date of the Plan was March 31, 2011.

[2]  If such disbursement date is not a business day, the Scheduled Disbursement Date shall occur on the next succeeding business day.

[3]  Prior to July 2, 2015, the Trust Administrator made distributions to holders of Class 3 Allowed General Unsecured Claims in the form of stock and warrants issued by General Motors Company ("New GM

[Footnote continued on next page]


EXHIBIT A

contingent beneficial interests in the Trust), each as set forth in the attached Schedule 1. Your continued ownership of units in the Trust may entitle you to additional future distributions of cash from the Trust. Please note that the Trust has not yet determined whether, and in what amounts, additional distributions on account of the units will be made.

**In order to ensure timely treatment of your distribution, you should provide the information and documentation requested in this letter so that it is actually received by the Trust Administrator as soon as practicable. If you do not provide the information and documentation requested in this letter so that it is actually received by the Trust Administrator at least five business days prior to the next Scheduled Disbursement Date, your distribution may be delayed until, at the earliest, the next succeeding Scheduled Disbursement Date. In addition, if the Trust Administrator determines, in its sole discretion, that the information or documentation you have sent is incomplete or illegible, you may not receive your distribution until, at the earliest, the first Scheduled Disbursement Date following your remedy of any defects.**

Listed on the accompanying Schedule 1 is your name as it appears on the records of the Trust, the identification number that has been assigned to you and the amount of your Allowed Class 3 General Unsecured Claim. In order to receive the distributions to which you are entitled pursuant to your Allowed Class 3 General Unsecured Claim, please review and confirm the accuracy of Schedule 1 and then continue with the steps below.

### Step 1

**If claimant is a U.S. person**, complete a Form W-9 Request for Taxpayer Identification Number and Certification (including your social security number or other taxpayer identification number).

**If claimant is not a U.S. person**, instead please complete a Form W-8BEN Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding (or other applicable Form W-8).

---

[Footnote continued from previous page]

Securities"). On July 2, 2015, the Trust Administrator received authority pursuant to an order (the "Liquidation Order") of the Bankruptcy Court for the Southern District of New York to liquidate the New GM Securities then held by the Trust. Following the liquidation of the Trust's holdings of New GM Securities in conformance with the Liquidation Order, distributions to holders of Class 3 Allowed General Unsecured Claims consist of cash distributions in lieu of New GM Securities. The cash distributions referenced in this letter are comprised of (i) the net liquidated value of the New GM Securities that would have been distributed to you prior to the entry of the Liquidation Order, (ii) cash in lieu of any fractional New GM Securities you would have received prior to entry of the Liquidation Order, and (iii) cash dividends received by the Trust in respect of New GM Securities that would have been distributed to you prior to the entry of the Liquidation Order. Payments of cash as set forth herein will be mailed to you directly by check at the address indicated in the records of the Trust Administrator as soon as practicable following receipt by the Trust Administrator of the properly completed documentation described herein.

**Step 2**

Send the fully completed Form W-9 or Form W-8BEN to the Trust Administrator via email to mlcguctrust@wilmingtontrust.com or by mail to the address listed below. If the Trust Administrator determines, in its sole discretion, that the information you have sent is incomplete or illegible, your submission may be rejected by the Trust Administrator, and you may not receive your distribution until, at the earliest, the next succeeding Scheduled Disbursement Date. The information you provide, including your social security or taxpayer identification number, will be held on a confidential basis.

**Step 3**

***You must maintain a securities account with a broker, bank or other financial institution in order to receive the distribution to which you are entitled.***

If you do not currently have a securities account with a broker, bank or other financial institution, you ***must*** open such an account before you can receive your distribution. We have listed at the end of this letter certain brokerage firms that are prepared to assist you in opening a securities account. You are not limited to these firms, and may select any broker, bank or other financial institution authorized to maintain a securities account on your behalf. Once you have opened a securities account, you may proceed to the steps set forth below.

**Step 4**

Your broker, bank or other financial institution must complete the attached Form A, and deliver an original copy, containing an original signature and medallion guarantee, to the Trust Administrator via U.S. Mail or overnight courier service to the following address:

> Motors Liquidation Company GUC Trust
> c/o Wilmington Trust Company, as Trust Administrator
> Rodney Square North
> 1100 Market Street
> Wilmington, DE 19890-1615
> Attn: Corporate Capital Markets

In order for your Form A to be accepted by the Trust Administrator, the form must be placed on the letterhead of your broker, bank or other financial institution, fully completed, signed by an authorized signatory of your broker, bank or other financial institution, and medallion guaranteed.

      Upon receipt of your Form A by the Trust Administrator, the Trust Administrator may, to the extent necessary, contact your broker, bank or other financial institution using the contact information you provided therein.  The Trust Administrator may provide additional instructions to your broker, bank or other financial institution in order to deliver the units to the securities account identified in your Form A.  To the extent that your broker, bank or other financial institution fails to complete any additional steps required by the Trust Administrator, delivery of your distribution may be delayed.[4]

***IMPORTANT NOTE:  Please ensure your Claimant Identification Number (referenced on the attached Schedule 1) is included on ALL of your communications with the Trust Administrator.  The Trust Administrator will reject any paperwork that does not contain the Claimant Identification Number, and such rejection may have an impact on the timely receipt of any distributions.***

Receipt of your distribution may have tax consequences for you, and you are encouraged to consult with your tax advisor.

Please be advised that if you do not take the actions required by this letter and any further instructions provided by the Trust Administrator, you could forfeit your interests in any distributions pursuant to the Plan to which you would otherwise be entitled.

If you have any questions about your distribution, or for more information, please visit the Trust website at https://www.mlcguctrust.com/.  You may also contact the Trust Administrator by calling (866) 521-0079 or in writing at:

            Motors Liquidation Company GUC Trust
            c/o Wilmington Trust Company, as Trust Administrator
            Rodney Square North
            1100 North Market Street
            Wilmington, Delaware 19890-1615

Sincerely,

WILMINGTON TRUST COMPANY,
solely in its capacity as Trust Administrator

For your convenience, we provide below contact information for brokerage firms that have indicated their willingness to assist you in opening a securities account.  In addition, there may be numerous other brokers, banks and other financial institutions prepared to act in this capacity.

---

[4] As noted above, the payments of cash as set forth herein will be mailed to you directly by check at the address indicated in the records of the Trust Administrator, rather than to your securities account with a broker, bank or other financial institution.  However, payment of the cash will not be made unless and until all of the steps set forth in this letter are properly completed by you and accepted by the Trust Administrator.

The fact that a brokerage firm is listed below is in no way an endorsement or recommendation of that firm by the Trust Administrator. Before choosing a broker, bank or other financial institution to maintain a securities account on your behalf, you should consider, among other things, any fees that the institution may charge for its services. You may also wish to consult with a financial advisor, attorney or other professional before opening a securities account.

| | |
|---|---|
| • **M&T Securities, Inc.**<br>**(877) 405-1791** | • **Morgan Stanley Smith Barney**<br>**(800) 780-0718** |

# SCHEDULE 1

Claimant Identification Number    **MLC-0071277**
Name    **BILLY ENGLAND HUSBAND AND SURVIVING SPOUSE OF FANNIE ENGLAND**
Allowed Class 3 General Unsecured Claim    **$65,000.00**

| Distribution | Cash | Number of GUC Trust Units |
|---|---|---|
| Distribution on account of resolved general unsecured claim and prior quarterly distributions on account of units | $19,287.81 | 65 |

# **FORM A**

[LETTERHEAD OF FINANCIAL INSTITUTION]

Motors Liquidation Company GUC Trust
c/o Wilmington Trust Company, as Trust Administrator
Rodney Square North
1100 North Market Street
Wilmington, DE 19890-1615
Attn: Corporate Capital Markets

    RE:    Distribution to Billy England Husband and Surviving Spouse of Fannie England ("**Claimant**"):

Please be advised that _____ (*Name of Financial Institution*) is a broker, bank or financial institution which holds a securities account for Claimant, whose identification number for purposes of distributions from the Motors Liquidation Company GUC Trust is MLC-0071277.

I am in receipt of your letter dated April 21, 2017 which provides that Claimant is entitled to a distribution of securities pursuant to the Second Amended Joint Chapter 11 Plan of Motors Liquidation Company *et al.* (f/k/a General Motors Corporation). In that regard, we hereby request that you deliver to us for the account of Claimant, via free delivery, the following:

65 of Motors Liquidation Company GUC Trust units, CUSIP # 62010U101.

Please have the above securities delivered to:

    Name of Financial Institution_____

    DTCC Participant Number of Financial Institution_____

    Account Number of Claimant_____

    Reference: _____

We understand that the free delivery of the above securities may require the provision of additional information and assistance by us. We understand and agree that none of the above listed securities will be delivered to us or to Claimant unless and until Wilmington Trust Company, as Trust Administrator, is satisfied, in its sole discretion, with the information and assistance provided by us.

Thank you,

_____*(Name of Financial Institution)*

By _____
    Authorized Signatory

                                          Medallion Guarantee:

                                          _____

_____*(Contact Name at Financial Institution)*

_____*(Contact Phone Number)*

_____*(Contact E-Mail Address)*

David V. Scott
Dave Scott, PLC
4965 U.S. Hwy. 42, Suite 1000
Louisville, KY 40222

*Counsel for Claimant Billie England*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>---------------------------------------------------x<br>:<br>In re                                          :<br>MOTORS LIQUIDATION COMPANY, *etal*,<br>flk/a General Motors Corp., *et al*    :<br>Debtors.   :<br>:<br>---------------------------------------------------x | **ELECTRONICALLY<br>FILED**<br><br>Chapter 11 Case No.<br><br>09-50026 (REG)<br><br>(Jointly Administered) |

## AFFIDAVIT OF JACQUELINE NICOLE COLEMAN

Comes now Jacqueline Nicole Coleman. and being first duly sworn, for her affidavit states:

1. That she and her Brother, Billy Lee England, Jr., are the only surviving children of the claimant Billy England.

2. That the Claimant Billie England died, unmarried, on August 25, 2012.

3. Her father died without sufficient assets to warrant probating an estate.

4. She is aware that her father had a claim against General Motors and that his claim was included with all of the creditors in this bankruptcy.

5. She is further aware that David V. Scott represented her father in this matter.



**EXHIBIT B**

6. She and her brother approved a settlement of his father's claim.

7. She has previously approved, because this settlement required the use of General Motors stock and warrants in lieu of cash, that these securities be forward to an escrow account at licensed securities firm using David V. Scott, now, Dave Scott, PLC's tax identification number.

8. Motors Liquidation Company GUC Trust requires that she and her brother go to the expense of opening an estate, obtain a tax identification number, and transfer the securities through this estate.

9. The amount of the settlement is a stated $65,000.00. It is her understanding that the actual value of these securities is considerably less than that.

10. She and her brother request that that these securities go into an escrow account set up using Dave Scott, PLC's tax identification number.

**I affirm under the penalties of perjury that the foregoing representations are true and correct to the best of my knowledge and belief.**

Dated: October 17, 2013

*Jacqueline Nicole Coleman*
Jacqueline Nicole Coleman

David V. Scott
Dave Scott, PLC
4965 U.S. Hwy. 42, Suite 1000
Louisville, KY 40222

*Counsel for Claimant Billie England*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------x<br>:<br>In re                                                                :<br>                                                                         :<br>MOTORS LIQUIDATION COMPANY, *etal*,   :<br>flk/a General Motors Corp., *et al*                 :<br>                                                                         :<br>                                            Debtors.       :<br>                                                                         :<br>-----------------------------------------------------x | **ELECTRONICALLY FILED**<br><br>Chapter 11 Case No.<br><br>09-50026 (REG)<br><br>(Jointly Administered) |

## AFFIDAVIT OF BILLY LEE ENGLAND, JR.

Comes now Billy Lee England, Jr. and being first duly sworn, for his affidavit states:

1. That he and his sister, Jacqueline Nicole Coleman, are the only surviving children of the claimant Billy England.

2. That the Claimant Billy England died, unmarried, on August 25, 2012.

3. His father died without sufficient assets to warrant probating an estate.

4. He is aware that his father had a claim against General Motors and that his claim was included with all of the creditors in this bankruptcy.

5. He is further aware that David V. Scott represented his father in this matter.



**EXHIBIT C**

- 2 -

6. He and his sister approved a settlement of his father's claim.

7. He and his sister had previously approved, because this settlement required the use of General Motors stock and warrants in lieu of cash, that these securities be forward to an escrow account at a licensed securities firm using David V. Scott, now Dave Scott, PLC's tax identification number.

8. Motors Liquidation Company GUC Trust, requires that he and his sister go to the expense of opening an estate, obtain a tax identification number, and transfer the securities through this estate.

9. The amount of the settlement is a stated $65,000.00. It is his understanding that the actual value of these securities is considerably less than that.

10. He and his sister request that that these securities go into an escrow account set up using Dave Scott, PLC's tax identification number.

**I affirm under the penalties of perjury that the foregoing representations are true and correct to the best of my knowledge and belief.**

Dated: October 14, 2013

_____
Billy Lee England, Jr

# SCHEDULE 1

Claimant Identification Number    MLC-0071277
Name    **BILLY ENGLAND HUSBAND AND SURVIVING SPOUSE OF FANNIE ENGLAND**
Allowed Class 3 General Unsecured Claim    **$65,000.00**

| Distribution | Cash | Number of GUC Trust Units |
|---|---|---|
| Distribution on account of resolved general unsecured claim and prior quarterly distributions on account of units | $19,287.81 | 65 |