**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>MOTORS LIQUIDATION COMPANY,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50026 (MG)<br>(Jointly Administered) |

**ORDER ESTABLISHING PROCEDURES FOR REMOTE**
**EVIDENTIARY HEARING ON JULY 23, 2020 IN CONNECTION**
**WITH MS. NORMAN'S CONTESTED LATE CLAIMS MOTION AND**
**MOTION TO ALLOW WILMINGTON TRUST TO TRANSFER**
**SETTLEMENT DIRECTLY TO ESCROW**

The Court will hold a hearing at **2:00 p.m., July 23, 2020 (EST)** with respect *only* to the

following contested motions:  Motion by Additional Ignition Switch Pre-Closing Accident Plaintiffs

for Authority to File Late Proofs of Claim for Personal Injuries and Wrongful Deaths (ECF Doc. ##

14018, 14046, 14112, 14195, 14346) and the Motion to Allow Wilmington Trust to Transfer

Settlement Directly to Escrow (ECF Doc. ##  14753, 14757, 14758) (the "Contested Matters").

The Court having determined that issues of fact are appropriate for adjudication, these Contested

Matters are scheduled for a hearing on July 23, 2020 (the "Hearing").  Pursuant to Rule 43(a) of

the Federal Rules of Civil Procedure, made applicable here by Rule 9017 of the Federal Rules of

Bankruptcy Procedure, the current COVID-19 pandemic provides good cause in compelling

circumstances to allow this Hearing to be conducted remotely using audio and video conferencing

solutions.  Accordingly, pursuant to this Court's General Order M-543 regarding the COVID-19

pandemic, and after due deliberation, this Court adopts the following virtual hearing procedures

which provide appropriate safeguards in relation to the Hearing of these Contested Matters.

IT IS HEREBY ORDERED THAT:

1.      **Audio and Videoconferencing Solutions.**  The Hearing shall take place virtually using both audio and videoconferencing solutions as set forth herein.  The Court shall utilize Zoom for Government (for audio and video purposes).  The Zoom link shall be provided by the Court to the list of persons identified by the Parties as Zoom participants in accordance with Section 2 below, and to other attorneys, parties in interest or members of the public who provide notice to the Court in accordance with Section 3 below.  All counsel who participate via Zoom shall participate in appropriate pre-Hearing testing of Zoom as may be required by this Court's personnel.

2.      **Prior Notice of Intent to Zoom.**  The Debtors' counsel shall provide the Court with a list of all *attorneys* who will be heard with respect to the Contested Matter (including the attorneys' first and last names, affiliation, party represented, telephone number, live or listen-only participation, and email address) and *witnesses* (including first and last names, title(s), affiliation, phone number and email address) who will be heard during the Hearing via Zoom *by no later than 12:00 noon, July 21, 2020.*  Anyone who is connecting to the Hearing by telephone must provide the Court with the telephone number that will be used to connect to the Hearing along with the first and last names of the participant.  The Court will circulate by email prior to the Hearing the Zoom link to such persons.

3.      **Attendance at the Hearing by Other Attorneys, Parties in Interest and the Public.  All other attorneys, parties in interest, or members of the public who wish to hear or observe the July 23, 2020 Hearing shall send an email to Chambers (mg.chambers@nysb.uscourts.gov) on or before 5:00 p.m., July 21, 2020 (EST).  Attorneys, parties in interest, and the public must provide Chambers with the following information:**

**(1) the first and last name of each person who will connect to the Hearing; (2) a telephone number for any person connecting by telephone; (3) whether you are requesting a live or listen only line; (4) the law firm you are affiliated with (if applicable); and (5) and the client you represent (if applicable).  To avoid multiple appearances at the Hearing, parties will join with one device only.**  The Court will circulate by email prior to the Hearing the Zoom link to such persons who wish to hear or observe the Hearing via Zoom.

4.    **Submission of Documents to Court.**  With respect to the Contested Matter, absent further order of the Court for good cause shown, only counsel for (1) Additional Ignition Switch Pre-Closing Accident Plaintiffs, (2) counsel for the Motors Liquidation GUC Trust (3), counsel for Billy England, (4) counsel for the Participating Unitholders (5), counsel for General Motors LLC, and (6) the United States Trustee (collectively, the "Parties") may offer evidence, argument, or otherwise be heard with respect to the Contested Matter.  If any of these parties intend to offer any exhibit at the hearing on July 23, 2020, such party shall provide the Court (and file on ECF) a copy of the exhibits it will seek to use during the Hearing (either by offering it in evidence or using it for demonstrative purposes) no later than 5:00 p.m., July 21, 2020. Any other exhibit or demonstrative that such parties may use at the Hearing for any purpose, including for rebuttal or impeachment, must be submitted via email by the offering party to the Court (at mg.chambers@nysb.uscourts.gov) and the other parties in .pdf format no later than 12:00 noon, July 20, 2020.

5.    **Remote Witness Testimony.**  It is unclear to the Court whether any counsel in this Contested Matter will offer any declarations in evidence during the Hearing and, if so, whether any other counsel wishes to cross examine the declarants.  Counsel should confer on or before 12:00 noon, July 21, 2020, and advise the Court in a written status letter (emailed to

3

mg.chambers@nysb.uscourts.gov) on or before 12:00 noon, July 22, 2020, whether any counsel

wishes to cross examine.  If so, the declarant must be available for cross examination during the

hearing.

Rule 43(a) of the Federal Rules of Civil Procedure, made applicable by Rule 9017 of

the Federal Rules of Bankruptcy Procedure, provides that for "good cause in compelling

circumstances" a witness may be permitted to testify by contemporaneous transmission from a

location other than the courtroom.  The Court finds and concludes that good cause in compelling

circumstances exists here due to the COVID-19 pandemic, any witness called to testify at the

Hearing shall testify by contemporaneous transmission from a different location than the

Courtroom ("Remote Witness").  All Remote Witnesses shall be sworn in over Zoom, and such

testimony will have the same effect as if such Remote Witness was sworn in person in open court

at the courthouse.  In the event of an error or malfunction with Zoom, the Remote Witness may be

sworn in and testify via the dial-in number included in the Zoom invitation.  The Party offering

the Remote Witness shall be responsible for ensuring that the Zoom link, and *all exhibits from all*

*parties* are supplied to the Remote Witness in hard copy prior to, or in the case of impeachment

exhibits, at the Hearing.  No person other than counsel may be present in the room from which the

Remote Witness will testify during the testimony of the Remote Witness.  While the Remote

Witness is testifying, he or she may not have in the room from which the Remote Witness will

testify any documents except his or her declaration submitted in lieu of direct testimony and all

exhibits from all parties submitted to the Court pursuant to Section 4 above.

6. **Courtroom Formalities.**  Although being conducted using audio and

videoconferencing solutions, the Hearing of the Contested Matters constitutes a court

proceeding, and any recording other than the official court version is prohibited.  No Party may

record images or sounds from any location.  When called to testify, a Remote Witness must

situate himself or herself in such a manner as to be able to view the video screen and be seen by

the Court.  For purposes of this Hearing, the formalities of a courtroom must be observed, *except*

that the Court will permit counsel or witnesses participating in this Hearing to be attired in

business casual clothing.

     **7.**  **Checking in for Contested Hearing.  All persons seeking to attend the 2:00**

**p.m., July 23, 2020 (EST) Hearing must connect to the Hearing beginning at 1:30 p.m., July**

**23, 2020 (EST).  When parties sign into Zoom for Government and add their names, they**

**must type in the first and last name that will be used to identify them at the**

**Hearing.  Parties that type in only their first name, a nickname or initials will not be**

**admitted into the Hearing.  When seeking to connect for either audio or video participation**

**in a Zoom for Government Hearing, you will first enter a "Waiting Room," in the order in**

**which you seek to connect.  Court personnel will admit each person to the Hearing from the**

**Waiting Room after confirming the person's name (and telephone number, if a telephone is**

**used to connect) provided to the Court in accordance with Sections 2 and 3, above.**

     **8.**  **Retention of Jurisdiction.**  This Court retains jurisdiction with respect to all matters

arising from or related to this Order.

Dated:   July 16, 2020
         New York, New York

                                           ___s/ **Martin Glenn**_____
                                               Martin Glenn
                                 United States Bankruptcy Judge