# **Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re:                                                          :
                                                                :  Chapter 11
**MOTORS LIQUIDATION COMPANY,** *et al.*,                       :
**f/k/a General Motors Corp.,** *et al.*                        :  Case No. 09-50026 (MG)
                                                                :
**Debtors.**                                                    :  (Jointly Administered)
                                                                :
------------------------------------------------------------------x

**DECLARATION OF DAVID A. VANASKEY JR. IN SUPPORT OF**
**THE GUC TRUST ADMINISTRATOR'S MOTION FOR AN**
**ORDER AUTHORIZING THE WIND-DOWN AND DISSOLUTION**
**OF THE GUC TRUST AND GRANTING RELATED RELIEF**

I, David A. Vanaskey Jr. declare:

1. I am an Administrative Vice President of Wilmington Trust Company ("WTC"), located at Rodney Square North, 1110 North Market Street, Wilmington, Delaware, 19890-1615, and am duly authorized to submit this declaration (the "Declaration") on behalf of WTC in its capacity as trustee for and administrator (the "GUC Trust Administrator") of the Motors Liquidation Company GUC Trust (the "GUC Trust").[1]

**Background**

2. I submit this Declaration in support of *The GUC Trust Administrator's Motion for an Order and Final Decree Pursuant to Bankruptcy Code Section 350, Bankruptcy Rule 3022 and Local Rule 3022-1 (I) Closing the Chapter 11 Case, (II) Authorizing the Wind-Down and Dissolution of the GUC Trust, and (III) Granting Related Relief* (the "Motion") filed contemporaneously herewith.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion or the *Second Amended and Restated Motors Liquidation Company GUC Trust Agreement*, dated as of July 30, 2015 [ECF No. 13332] (the "GUC Trust Agreement").

1

3. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

4. I have over 30 years of experience in WTC's financial services group, including 25 years specializing in capital markets, defaults, and corporate restructuring. In such capacity, I and the WTC team overseen by me have directed the activities of the GUC Trust Administrator.

5. WTC's initial role in the Old GM bankruptcy was serving as the successor Indenture Trustee for approximately $23 billion in U.S. dollar denominated unsecured notes, bonds, and debentures issued by Motors Liquidation Company, formerly known as General Motors Corporation. During the bankruptcy, WTC served as chair of the Official Committee of Unsecured Creditors of Motors Liquidation Company.

6. On March 29, 2011, the Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") confirmed the Debtors' liquidating Plan, and appointed WTC as the GUC Trust Administrator. The GUC Trust is governed by a trust agreement, which has been modified in accordance with its terms several times since the entry of the Confirmation Order.

7. Prior to the Effective Date of the Plan, I served as the lead representative of WTC in its capacities as Indenture Trustee and chair of the Official Committee of Unsecured Creditors of Motors Liquidation Company. From and after the Effective Date, I served, and continue to serve, as the lead representative of WTC in its capacity as trustee for and administrator of the GUC Trust. Through such experiences, I have developed an intimate understanding of the Debtors, the Plan, the GUC Trust Agreement, and the other facts and circumstances that form the basis of this Declaration.

**Final Distribution**

8.     As of the date hereof, in accordance with the Plan and GUC Trust Agreement, the GUC Trust Administrator has issued 32,086,501 Units and has distributed $614,272,758.00 in cash, as well as securities, to holders of Allowed General Unsecured Claims. These distributions reflect a 30.7% recovery for such holders on account of their Allowed Claims.

9.     The GUC Trust Administrator intends to make one final "clean-up" distribution (the "Final Distribution") following the Bankruptcy Court's entry of the Order.

10.    As of February 1, 2021, approximately 474 of the GUC Trust Beneficiaries had not claimed their respective Units, and the GUC Trust continues to hold 8,968 Unclaimed Units.

11.    On January 13, 2021, the GUC Trust Administrator sent a Final Notice Letter to the parties entitled to the Unclaimed Units notifying them that the GUC Trust is being wound down and requiring them to respond to the Final Notice Letter by February 22, 2021.

12.    153 GUC Trust Beneficiaries (the "Responding Beneficiaries") responded to the Final Notice Letter and notified the GUC Trust Administrator that they were unable to comply with the procedures for claiming their Units. The remaining GUC Trust Beneficiaries (the "Non-Responding Beneficiaries") have never contacted the GUC Trust regarding their Units.

13.    With respect to the Units of the Responding Beneficiaries, the GUC Trust Administrator intends to provide them with the cash component of their distribution and then cancel the Units they would otherwise be entitled to receive. Following the cash distribution, the Responding Beneficiaries will receive no further distributions.

14.    With respect to the Non-Responding Beneficiaries, the GUC Trust intends to cancel their Units.

15.     I believe that the Final Distribution Procedures described herein and in the Motion are consistent with the terms of the Plan, the Confirmation Order, and the GUC Trust Agreement.

### Destruction of Books and Records

16.     WTC continues to hold the books and records related to the GUC Trust as required by the GUC Trust Agreement.

17.     Because the books and records are no longer necessary to closing the Remaining Case, the Plan has been substantially consummated, and the GUC Trust has been fully administered, the books and records are of no value, and the GUC Trust should not incur any further costs associated with maintaining and storing the books and records.

18.     Accordingly, the GUC Trust Administrator has determined, in its discretion, that that books and records should be destroyed, as authorized under Section 4.3 of the GUC Trust Agreement.

### Wind Down of the Trust

19.     Following entry of the Order and Final Decree, and prior to March 31, 2021, the GUC Trust Administrator will make the Final Distribution and file the final tax returns.  Upon completion of these tasks, WTC will seek to terminate the GUC Trust in accordance with section 3808 of the Delaware Act governing the termination and dissolution of Delaware statutory trusts.

20.     It is my belief that, because the GUC Trust has fulfilled its purposes, the wind-down and dissolution of the GUC Trust is consistent with and required by the Plan and GUC Trust Agreement.

4

**Payment of Fees and Closing Report**

21.     All expenses arising from the administration of the Remaining Case, including settlement payments due and owing in connection with the Ignition Switch Litigation, court fees, fees owed to the United States Trustee, and professional fees and expenses have been paid or will be paid in accordance with the Order and Final Decree.

22.     The GUC Trust shall file a Closing Report pursuant to Local Rule 3022-1 within 14 days of entry of the Order and Final Decree.

Dated:  Wilmington, Delaware
        March 2, 2021

*/s/ David A. Vanaskey, Jr.*
David A. Vanaskey Jr.