**HEARING DATE AND TIME: March 16, 2021 at 3:00 p.m. (Eastern Time)**
**OBJECTION DEADLINE: March 9, 2021 at 4:00 p.m. (Eastern Time)**

**BINDER & SCHWARTZ LLP**
Eric B. Fisher
Neil S. Binder
Lindsay A. Bush
Lauren K. Handelsman
366 Madison Avenue, 6th Floor
New York, New York 10017
Telephone: (212) 510-7008

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

Debtors.
------------------------------------------------------------------------x

Chapter 11

Case No. 09-50026 (MG)
(Jointly Administered)

# MOTION OF MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST FOR ENTRY OF AN ORDER AUTHORIZING THE WIND-DOWN AND DISSOLUTION OF THE AAT AND GRANTING RELATED RELIEF

# TABLE OF CONTENTS

                                                                                                                                     **Page**

TABLE OF AUTHORITIES ................................................................................................. iii

JURISDICTION ...................................................................................................................... 1

BACKGROUND ..................................................................................................................... 1

REQUESTED RELIEF ............................................................................................................ 3

BASIS FOR RELIEF ............................................................................................................... 4

      A.    Wind-Down and Dissolution of the AAT ................................................................ 4

      B.    Discharge and Release of the AAT Administrator, AAT Monitor and Related Parties ....................................................................................................................... 5

      C.    Destruction of Books and Records ........................................................................... 6

      D.    Disposal of Sealed Documents by the Clerk's Office ............................................. 7

NOTICE ................................................................................................................................... 7

CONCLUSION ........................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

11 U.S.C. § 554 ............................................................................................................................. 7

28 U.S.C. § 1334 ........................................................................................................................... 1

28 U.S.C. § 1409 ........................................................................................................................... 1

28 U.S.C. § 157 ............................................................................................................................. 1

TO:   **THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

The Motors Liquidation Company Avoidance Action Trust (the "**AAT**"), as established under the Debtors' Second Amended Joint Chapter 11 Plan (as confirmed, the "**Plan**") (Bankr. Dkt. No. 9836)[1], respectfully submits this motion (the "**Motion**") pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rule 6007, for entry of an order (the "**Order**"), substantially in the form attached hereto as **Exhibit A**, authorizing the termination of the AAT and granting the related relief described herein. The AAT further supports and joins in the requests for relief contained in the GUC Trust Administrator's Motion for an Order Authorizing the Wind-down and Dissolution of the GUC Trust and Granting Related Relief (Bankr. Dkt. No. 14784) (the "**GUC Trust Motion**").

## JURISDICTION

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334; paragraph II of the order of the Court confirming the Plan, Bankr. Dkt. No. 9941 (the "**Confirmation Order**"); Article XI of the Plan; and Paragraph K and Sections 8.1(e) and 13.3 of the Fourth Amended and Restated Motors Liquidation Company Avoidance Action Trust Agreement, Bankr. Dkt. No. 14443, Ex. A (the "**AAT Agreement**").

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

3.      Pursuant to the Plan, the AAT was created for the "sole purpose" of maximizing the value of its only asset—the avoidance action initially commenced by the unsecured creditors'

---

[1] All references to the Bankruptcy Docket are to *In re Motors Liquidation Company f/k/a General Motors Corporation*, Case No. 09-50026.

committee captioned *Motors Liquidation Company Avoidance Action Trust v. JPMorgan Chase Bank, N.A., et al.*, Adv. Proc. No. 09-00504 (Bankr. S.D.N.Y.) (the "**Term Loan Avoidance Action**")—and distributing the proceeds to its beneficiaries: the DIP Lenders and unsecured creditors that hold allowed claims. AAT Agreement ¶ E & § 2.2.

4. The AAT's governance includes Wilmington Trust Company, acting in its capacity as the trust's administrator and trustee (the "**AAT Administrator**"), and Arthur J Gonzalez, who serves as the trust's monitor (the "**AAT Monitor**").

5. After years of hard-fought litigation against JPMorgan Bank, N.A., and hundreds of other financial institutions, the AAT successfully resolved the Term Loan Avoidance Action by entering into a settlement, approved by the Court on June 13, 2019. (Bankr. Dkt. No. 14530). The AAT received $231 million in settlement proceeds on July 1, 2019 and a week later filed a motion with this Court seeking approval of its plan to distribute the net settlement proceeds to its beneficiaries (the "**AAT Distribution Motion**"). The AAT Distribution Motion described the AAT's plan for distributing proceeds in accordance with the AAT Agreement to the United States Department of the Treasury and Export Development Canada (the "**DIP Lenders**"), and to holders of Allowed General Unsecured Claims (as defined in the AAT Agreement).

6. On April 24, 2020, the Bankruptcy Court entered an order (Bankr. Docket No. 14731) granting the AAT Distribution Motion (the "**AAT Distribution Order**"). Among other things, the AAT Distribution Order authorized the AAT to proceed with its distribution plan and to "take all other actions necessary or appropriate to effectuate the distribution to its beneficiaries." (Bankr. Docket No. 14731 at 3).

7. As of the date of this motion, the AAT has made its $2.2 million settlement payment pursuant to the court-approved settlement of the objections raised by the economic loss

2

plaintiffs. The AAT has also made distributions to its beneficiaries in accordance with the terms of the Plan, the AAT Agreement and the AAT Distribution Order, and intends to make a final distribution to its beneficiaries of approximately $4.2 million, which amount is net of the funds necessary to meet the AAT's wind down expenses (the "**Remaining Assets**"). The Remaining Assets will be used to meet all final AAT expenses and any distributable proceeds will be distributed in accordance with the Plan, the AAT Agreement and the AAT Distribution Order. To the extent that the AAT is left with an amount of assets that is too small to justify a further distribution, then any such assets will be donated to a charitable organization consistent with section 4.1 of the AAT Agreement.

8. Now that the AAT has nearly completed its work and fulfilled its purpose, it brings this motion concerning termination of the AAT.

9. For additional background information about the bankruptcy case, the AAT respectfully refers the Court to the case background set forth in the GUC Trust Motion at paragraphs 1 through 30.

## REQUESTED RELIEF

10. By this Motion, the AAT seeks entry of the Order, substantially in the form attached hereto as **Exhibit A**:

   (i) Authorizing the wind-down and dissolution of the AAT;

   (ii) Discharging and exculpating the AAT Administrator and AAT Monitor and their employees and professionals;

   (iii) Authorizing the destruction of the AAT's books and records; and

   (iv) Authorizing the Clerk's Office to dispose of any hard copies of, or electronic storage devices with, documents filed under seal in the

3

adversary proceeding commenced by the AAT, Adv. Pro. No. 09-00504, in a way that protects the confidentiality of those documents consistent with the orders that authorized the filing of documents under seal. Further, the AAT joins in, and expresses its support for, the relief requested in the GUC Trust Motion.

## BASIS FOR RELIEF

### A.   Wind-Down and Dissolution of the AAT

11.   First, the AAT requests that the Court authorize the wind-down and dissolution of the AAT.

12.   Section 4.1 of the AAT Agreement provides that the trust shall remain in effect until (a) all of its distributable assets have been distributed in accordance with the Plan and the AAT Agreement, (b) the AAT Administrator, in its discretion and with the approval of the AAT Administrator, determines that the continued administration of the trust is not likely to yield further distributable trust assets to warrant pursuit, and (c) any other distributions required to be made have been made.  Once any remaining distributable assets are distributed, as described above, all of the above criteria will have been satisfied.

13.   Under section 4.2 of the AAT Agreement, the AAT Administrator is required to use its reasonable business judgment to "terminate the Trust as soon as practicable in accordance with the purposes and provisions of this Trust Agreement and the Plan."  Further, upon the final dissolution and wind-up of the Trust, the AAT Administrator is required to file a certificate of cancellation with the Secretary of State.

14. After the AAT is dissolved, the AAT Administrator is authorized to continue to act in that capacity to complete the winding up of the AAT's affairs, including destruction of its books, records and files in accordance with Delaware law. AAT Agreement § 4.3.

15. Following entry of the Order, the AAT Administrator will distribute any remaining distributable proceeds, file any required tax returns, and take any other steps required to wind up the AAT. Once these final tasks have been completed, the AAT Administrator will terminate the AAT in accordance with section 3808 of the Delaware Act governing the termination and dissolution of Delaware statutory trusts.

16. Because the AAT has fulfilled its purpose under the Plan and the AAT Agreement, the AAT Administrator requests that the Court enter the Order authorizing the wind-down and dissolution of the AAT.[2]

### B. Discharge and Release of the AAT Administrator, AAT Monitor and Related Parties

17. As set forth above, because the AAT has fulfilled its purpose and all assets have been or, with respect to any remaining distributable proceeds will be, distributed in accordance with the AAT Agreement and the Plan, the AAT submits that it is proper for the Court to release and discharge the AAT Administrator and AAT Monitor of their duties and obligations under the Plan and the AAT Agreement, with the exception of those limited remaining duties and obligations related to the wind down of the trust.

18. Further, section 12.6 of the Plan provides that, to the maximum extent permitted by law, the AAT Administrator, the AAT Monitor and their members, officers, directors,

---

[2] In accordance with Local Rule 3022-1 for the Southern District of New York, a closing report will be filed with the Court after entry of an order approving the relief requested herein, and in the companion GUC Trust Motion.

5

employees counsel, advisors, professionals, or agents (the "**Related Parties**"), shall not have or incur any liability to any holder of a claim or interest for any act or omission in connection with, related to, or arising out of the Debtors' chapter 11 cases or the AAT Agreement (with the exception of actions found to be willful misconduct, gross negligence, fraud, malpractice, criminal conduct, unauthorized use of confidential information that causes damages, breach of fiduciary duty, and *ultra vires* acts). *See* Plan § 12.6.

19.    Section 9.4 of the AAT Agreement, together with Section 11.4, similarly provide that the AAT Administrator, the AAT Monitor and the Related Parties shall be exculpated by all persons from any and all claims, causes of action and other assertions of liability arising out of the discharge of their respective powers and duties conferred by the Plan, the Confirmation Order, the AAT Agreement, or any order of the Bankruptcy Court (subject to the same limitations as section 12.6 of the Plan). *See* AAT Agreement §§ 9.4, 11.4.

20.    Accordingly, the AAT requests that the Order expressly discharge and release the AAT Administrator, AAT Monitor and the Related Parties from all liability related to the AAT and the Debtors' chapter 11 cases, subject to the limitations in section 12.6 of the Plan and section 9.4 of the AAT Agreement.

C.    **Destruction of Books and Records**

21.    Section 4.3 of the AAT Agreement provides:

> The [AAT] Trust Administrator shall retain the books, records and files that shall have been delivered to or created by the Trust Administrator until distribution or resolution of all the Avoidance Action Trust Assets and Other Debtor Residual Trust Assets, if any. At the Trust Administrator's discretion, all of such books, records and files may be destroyed at any time following the later of (x) final distribution of the Avoidance Action Trust Assets and Other Debtor Residual Trust Assets, if any, unless such books, records and files are necessary to fulfill the Trust Administrator's obligations pursuant to Articles VI and VIII hereof and subject to any joint prosecution and common interests agreement(s) to which the Trust Administrator may be party, and (y) the date until which the Trust Administrator is required by applicable law to retain such books, records and files.

22. Bankruptcy Code section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

23. Because the books and records are no longer necessary to winding up the estate and the AAT has been fully administered, the books and records are no longer of value, and the AAT should not have to incur any further costs associated with maintaining and storing the books and records. The AAT Administrator has therefore determined, in its discretion, that the books and records should be destroyed, as authorized under Section 4.3 of the AAT Agreement.

### D. Disposal of Sealed Documents by the Clerk's Office

24. During the pendency of the Term Loan Avoidance Action, the AAT and other parties in interest sought, and obtained, permission to file documents, or submit electronic copies of documents, under seal pursuant to section 107(b) of the Bankruptcy Code. These orders were entered in the Term Loan Avoidance Action.

25. All the claims and cross-claims in the Term Loan Avoidance Action were dismissed on or around July 2019.

26. Because the Term Loan Avoidance Action has been fully resolved, there is no reason for the Clerk's office to be required to maintain hard copies of, or electronic storage devices with, documents filed under seal in the Term Loan Avoidance Action.

## NOTICE

Notice of this Motion has been provided in accordance with the Court-approved notice procedures, *see Sixth Amended Order Pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rules 1015(c) and 9007 Establishing Notice and Case Management Procedures*, dated May 5, 2011 (Bankr. Dkt. No. 10183), which includes notice to (a) the potential beneficiaries of the AAT,

including the holders of Allowed General Unsecured Claims (as defined in the AAT Agreement); (b) the GUC Trust; (c) the DIP Lenders; (d) the Office of the United States Trustee for the Southern District of New York; (e) counsel to the ELPs Signatory Plaintiffs, and (f) counsel to New GM. Further, this Motion shall be filed on the bankruptcy docket in the chapter 11 cases and will be published on the GUC Trust's website located at https://www.mlcguctrust.com.

## CONCLUSION

WHEREFORE, the AAT respectfully requests that the Court enter an order substantially in the form of the Order attached as Exhibit A and grant such other and further relief as may be necessary.

Dated:  New York, New York
        March 2, 2021

Respectfully submitted,

**BINDER & SCHWARTZ LLP**

/s/ Eric B. Fisher
Eric B. Fisher
Neil S. Binder
Lindsay A. Bush
Lauren K. Handelsman
366 Madison Avenue, 6th Floor
New York, New York 10017
Tel: (212) 510-7008

*Attorneys for the Motors Liquidation Company Avoidance Action Trust*

8