# Exhibit A

**UNITED STATE BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **MOTORS LIQUIDATION COMPANY,** *et al.,* **f/k/a General Motors Corp.,** *et al.* | **Case. No. 09-50026 (MG)** |
| **Debtors.** | **(Jointly Administered)** |

### ORDER AUTHORIZING TERMINATION OF THE AVOIDANCE ACTION TRUST

Upon the *Motion for an Order (i) Authorizing the Wind-Down and Dissolution of the AAT, and (ii) Granting Related Relief* (the "**Motion**"), dated March 2, 2021, filed by Wilmington Trust Company, in its capacity as trust administrator and trustee (in such capacity, the "**AAT Administrator**") of the Motors Liquidation Company Avoidance Action Trust (the "**AAT**"), as established under the Debtors' Second Amended Joint Chapter 11 Plan in the above-captioned bankruptcy proceeding, seeking entry of an order pursuant to Bankruptcy Code section 105(a), 554 and 1142, and Bankruptcy Rule 6007: (i) authorizing the wind-down and dissolution of the AAT, (ii) discharging and exculpating the AAT Administrator and AAT Monitor and their employees and professionals, and (iii) authorizing the destruction of the books and records of the AAT, as more fully described in the Motion; and the Court having jurisdiction over this matter; and it appearing that due and proper notice of the Motion has been given and that no other or further notice is necessary; and a hearing having been held on March 16, 2021 to consider the Motion; and the Court having considered the relief requested in the Motion and determined that granting the relief is in the best interest of the Debtors' estates, creditors, and other parties in interest; it is hereby

**ORDERED, DECREED, AND ADJUDGED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      Upon completion of any remaining tasks, including, without limitation, the making of the distribution of the Remaining Assets, the AAT shall be terminated in accordance with the AAT Agreement and applicable law.

3.      The AAT Administrator and AAT Monitor and their employees, professionals, and representatives are fully released and discharged of their respective duties and obligations under the Plan and AAT Agreement, with the exception of those remaining duties and obligations related to the wind down of the AAT.  Upon completion of any remaining tasks, the AAT Administrator and AAT Monitor and their employees, professionals, and representatives shall have no further responsibilities or obligations under the Plan and the AAT Agreement.

4.      Pursuant to Bankruptcy Code section 105(a), to the extent provided for in the Plan and the AAT Agreement and to the fullest extent allowable under applicable law, neither the AAT Administrator, the AAT Monitor, nor their members, officers, directors, employees, counsel, advisors, professionals, and agents shall have or incur any liability to any person for any act or omission in connection with, related to, or arising out of the Debtors' chapter 11 cases or the AAT Agreement; *provided*, *however*, that pursuant to section 12.6 of the Plan and section 9.4 of the AAT Agreement, nothing in this Order shall exculpate any person or entity for acts found by a court of competent jurisdiction to be willful misconduct, gross negligence, fraud, malpractice, criminal conduct, unauthorized use of confidential information that causes damages, breach of fiduciary duty, and *ultra vires* acts.

5.      Notwithstanding anything to the contrary in the Plan or the Confirmation Order, pursuant to Bankruptcy Code sections 105(a) and 554 and Bankruptcy Rule 6007, the AAT

2

Administrator is authorized but not directed to abandon and destroy any remaining estate property, including, without limitation, any books and records.

6.       The AAT Administrator and AAT Monitor and their employees, professionals, and representatives are authorized and directed to take any and all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.       The Clerk's Office is authorized to dispose of any hard copies of, or electronic storage devices with, documents filed under seal in the adversary proceeding commenced by the AAT, Adv. Pro. No. 09-00504, in a way that protects the confidentiality of those documents consistent with the orders that authorized the filing of documents under seal.

8.       This Order is without prejudice to and does not otherwise affect the Plan.

9.       Notwithstanding any stay that might be applicable to this Order, the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10.       This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


Dated: _____, 2021
          New York, New York


                                                                    _____
                                                                    MARTIN GLENN
                                                                    UNITED STATES BANKRUPTCY JUDGE