UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re: : Chapter 11
:
**MOTORS LIQUIDATION COMPANY,** *et al.*, : Case No. 09-50026 (MG)
f/k/a General Motors Corp., *et al.* :
: (Jointly Administered)
Debtors. :
:
------------------------------------------------------------------x

**ORDER AND FINAL DECREE PURSUANT TO BANKRUPTCY
CODE SECTION 350, BANKRUPTCY RULE 3022, AND LOCAL
RULE 3022-1 (I) CLOSING THE CHAPTER 11 CASE,
(II) AUTHORIZING THE WIND-DOWN AND DISSOLUTION OF
THE GUC TRUST, AND (III) GRANTING RELATED RELIEF**

Upon the *Motion for an Order and Final Decree Pursuant to Bankruptcy Code Section 350, Bankruptcy Rule 3022 and Local Rule 3022-1 (I) Closing the Chapter 11 Case, (II) Authorizing the Wind-Down and Dissolution of the GUC Trust, and (III) Granting Related Relief* (the "Motion")[1] filed by Wilmington Trust Company in its capacity as trust administrator and trustee (in such capacity, the "GUC Trust Administrator") of the Motors Liquidation Company GUC Trust (the "GUC Trust") seeking entry of an order and final decree (this "Order and Final Decree"): (i) authorizing the wind-down and dissolution of the GUC Trust, (ii) approving procedures for making the Final Distribution; (iii) authorizing the termination of the GUC Trust Units, (iv) discharging and exculpating the GUC Trust Administrator, the GUC Trust Monitor and their employees and professionals, (v) authorizing the destruction of the books and records; (vi) closing the Remaining Case (*Motors Liquidation Company, et al.*, Case No. 09-50026 (MG)); and (vii) terminating Epiq's engagement; and the Court having jurisdiction over this

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Motion, the GUC Trust Agreement, and Plan, as applicable.

matter; and it appearing that due and proper notice has been given and that no other or further notice is necessary; and it appearing that the Remaining Case has been fully administered within the meaning of Bankruptcy Code section 350, Bankruptcy Rule 3022, and Local Rule 3022-1; and a hearing having been held on March 16, 2021 to consider the Motion; and the Court having considered the relief requested in the Motion and determined that granting the relief is in the best interests of the Debtors' estates, creditors, and other parties in interest; it is hereby

**ORDERED, DECREED, AND ADJUDGED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to Bankruptcy Code section 350(a), Bankruptcy Rule 3022, and Local Rule 3022-1, the Remaining Case is hereby closed effective as of the date hereof, and a final decree is granted effective as of the date hereof, without prejudice to the rights of the GUC Trust Administrator or any other party in interest, including but not limited to General Motors LLC, to seek to reopen such case for good cause shown including, without limitation, to enforce prior orders of this Court; *provided*, *however*, that this Court shall retain jurisdiction as provided in the Plan and the Confirmation Order, and the Sale Order.

3. The Clerk of the United States Bankruptcy Court for the Southern District of New York (the "Clerk") shall forthwith enter a final decree closing the Remaining Case, and, thereafter, such docket shall be marked as "Closed."

4. The Final Distribution Procedures, as set forth in the Motion, are approved, and the GUC Trust Administrator is authorized to effectuate the Final Distribution in accordance with the Final Distribution Procedures on or before March 31, 2021.

5. Upon completion of any remaining tasks, including, without limitation, the making of the Final Distribution, the GUC Trust shall be terminated in accordance with the terms

of the GUC Trust Agreement, Treasury Regulations under IRS Code section 468B, and applicable law.

6. The GUC Trust Monitor, the GUC Trust Administrator and their respective employees, professionals, and representatives are fully released and discharged of their respective duties and obligations under the Plan and GUC Trust Agreement, with the exception of those remaining duties and obligations related to the wind down of the GUC Trust. Upon completion of any remaining tasks, the GUC Trust Administrator and its employees, professionals, and representatives shall have no further responsibilities or obligations in connection with the Plan and GUC Trust Agreement.

7. Any requirement that the GUC Trust Administrator file further post-confirmation reports is hereby terminated.

8. Pursuant to Bankruptcy Code section 105(a), to the extent provided for in the Plan and GUC Trust Agreement and to the fullest extent allowable under applicable law, neither the GUC Trust Monitor, the GUC Trust Administrator nor their respective members, officers, directors, employees, counsel, advisors, professionals, and agents shall have or incur any liability to any person for any act or omission in connection with, related to, or arising out of the Debtors' chapter 11 cases or the GUC Trust Agreement; *provided*, *however*, that pursuant to section 12.6 of the Plan and section 9.4 of the GUC Trust Agreement, nothing in this Order and Final Decree shall exculpate any person or entity for acts found by a court of competent jurisdiction to be willful misconduct, gross negligence, fraud, malpractice, criminal conduct, unauthorized use of confidential information that causes damages, breach of fiduciary duty, and *ultra vires* acts.

9. Notwithstanding anything to the contrary in the Plan or the Confirmation Order, pursuant to Bankruptcy Code sections 105(a) and 554 and Bankruptcy Rule 6007, the GUC Trust

Administrator is authorized but not directed to abandon and destroy any remaining estate property, including, without limitation, any books and records.

10. Upon completion of the Final Distribution, the Units are hereby terminated.

11. The GUC Trust Administrator is authorized to terminate Epiq's engagement. Except as otherwise set forth in this paragraph, Epiq's services as claims and noticing agent for the Debtors' chapter 11 cases are hereby terminated. As soon as reasonably practicable after the date of entry of this Order and Final Decree, in accordance with Local Rule 5075-1, Epiq shall deliver to the Clerk a copy of the final claims register.

12. The GUC Trust Administrator and its employees, professionals, and representatives are authorized and directed to take any and all actions necessary to effectuate the relief granted pursuant to this Order and Final Decree in accordance with the Motion.

13. The GUC Trust Administrator shall reserve sufficient funds to pay the Office of the United States Trustee the amount of any quarterly fees due pursuant to 28 U.S.C. § 1930 and any applicable interest due pursuant to 31 U.S.C. § 3717, which fees and interest, if any, shall be paid within ten (10) days of the entry of this Order of Final Decree. Within five (5) days after the entry of the Order and Final Decree, the GUC Trust Administrator shall provide to the United States Trustee an affidavit indicating cash disbursements for the 1st quarter of 2021 and for any additional period to the date that the Order and Final Decree has been entered.

14. This Order and Final Decree is without prejudice to and does not otherwise affect the Plan.

15. Notwithstanding any stay that might be applicable to this Order and Final Decree, the terms and conditions of this Order and Final Decree shall be effective and enforceable immediately upon its entry.

16.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order and Final Decree.

**IT IS SO ORDERED.**

Dated:   March 16, 2021
         New York, New York

                                          /s/ Martin Glenn
                                        MARTIN GLENN
                                  United States Bankruptcy Judge