# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No. 09-50026 (REG) |
| f/k/a General Motors Corp., *et al.* | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

---

ANNUAL REPORT AND ACCOUNT OF THE
MLC ASBESTOS PI TRUST
FOR THE FISCAL YEAR ENDING DECEMBER 31, 2020

Kirk Watson, the Asbestos Trust Administrator and Trustee of the MLC Asbestos PI Trust (the "Trust"), created pursuant to the Debtors' Second Amended Joint Chapter 11 Plan (the "Plan") submits this Annual Report, Financial Statements, and Claims Summary for the fiscal year ending December 31, 2020.

I.   INTRODUCTION

The purpose of this Annual Report is to fulfill the reporting requirements of the MLC Asbestos PI Trust Agreement (the "Trust Agreement") and to report to the Court on the actions taken by the Trustee on behalf of the Trust during the period January 1, 2020 to December 31, 2020 (the "Reporting Period").

Section 2.2(c) of the Trust Agreement provides:

The Trustee shall timely account to the Bankruptcy Court as follows:

(i)   The Trustee shall cause to be prepared and filed with the Bankruptcy Court, as soon as available, and in any event within one hundred and twenty (120) days following the end of each fiscal year, an annual report (the "Annual Report") containing financial statements of the PI Trust (including, without limitation, a balance sheet of the PI Trust as of the end of such fiscal year and a statement of operations for such fiscal year) audited by a firm of independent certified public accountants selected by the Trustee and accompanied by an opinion of such firm as to the fairness

               of the financial statements' presentation of the cash and investments available for the payment of claims and as to the conformity of the financial statements with generally accepted accounting principles. The Trustee shall provide a copy of such Annual Report to the TAC and the Futures Representative when such reports are filed with the Bankruptcy Court.

(ii)      Simultaneously with the filing of the Annual Report, the Trustee shall cause to be prepared and filed with the Bankruptcy Court a report containing a summary regarding the number and type of claims disposed of during the period covered by the financial statements. The Trustee shall provide a copy of such report to the TAC and the Futures Representatives when such report is filed.

(iii)     All materials required to be filed with the Bankruptcy Court by this Section 2.2(c) shall be available for inspection by the public in accordance with procedures established by the Bankruptcy Court and shall be filed with the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee").

The Trust Agreement further provides for the inclusion of a description of the amounts paid to the Trustee, TAC, and FCR in the accounts filed with the Bankruptcy Court. See Sections 4.5(c), 5.6, and 6.5.

## II.  BACKGROUND

On June 1, 2009,[1] Motors Liquidation Company ("MLC") and its affiliated debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* in the United States District Court for the Southern District of New York (the "Bankruptcy Court"). On March 29, 2011, the Bankruptcy Court entered an order confirming the Plan. On March 31, 2011 (the "Effective Date"), the Plan became effective and the Trustee began to operate the Trust.

The purpose of the Trust is to assume the liabilities of MLC and its affiliated debtors for all Asbestos Personal Injury Claims, as defined in the Plan, and to use the Trust's assets and the

---

[1] Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company, Inc filed voluntary petitions on October 9, 2009.

2

proceeds and income from such assets to pay both present and future asbestos claimants in accordance with the Trust Agreement and the Trust Distribution Procedures (the "Trust Documents"), in such a way that holders of Asbestos Personal Injury Claims are treated fairly, equitably, and reasonably in light of the finite assets available to satisfy such claims.

On or after the Effective Date, the Trust was funded as provided for in Section 6.3 (d) of the Plan and the Stipulation and Order Fixing Asbestos Trust Claim and Resolving Debtors' Estimation Motion approved by this Court on February 14, 2011.

III. TRUST ADMINISTRATION

    A. Trustee

Kirk Watson served as the Trustee of the Trust during the Reporting Period. Wilmington Trust served as the Delaware Trustee during the Reporting Period.

    1. Meetings

During the Reporting Period, the Trustee held formal meetings, or obtained waivers of the formal meeting requirement, in accordance with the requirements of the Trust Agreement. In addition to these formal meetings, the Trustee communicated with TAC Members, the FCR, and their respective counsel, and met individually with Trust advisors, held special purpose meetings, and devoted time to Trust matters outside of scheduled meetings. Activities included receiving and deploying trust assets with investment managers, ensuring compliance with the Trust Documents, communicating with claimants, responding to discovery requests directed to the Trust, consideration of the Payment Percentage, and monitoring the processing and payment of claims pursuant to the Trust Distribution Procedures.

      2.      Compensation

The compensation and expenses paid to the Trustee during the Reporting Period are set forth in the Trust's financial statements attached hereto as Exhibit "A." The inclusion of this information in the Trust's financial statements satisfies the requirements of Section 4.5 of the Trust Agreement. All distributions related to Trustee compensation and expense reimbursements were made in accordance with the Trust Agreement guidelines.

    B.      Trust Officer

John Brophy served as the Trust's Executive Director during the Reporting Period.

    C.      Trust Advisory Committee

Steven Kazan, John Cooney, and Perry Weitz served as Members of the Trust Advisory Committee ("TAC Members") during the Reporting Period. The compensation and expenses paid to the TAC Members during the Reporting Period are set forth in the Trust's financial statements. The inclusion of this information in the Trust's financial statements satisfies the requirements of Section 5.6 of the Trust Agreement. All distributions related to TAC Member compensation and expense reimbursements were made in accordance with the Trust Agreement guidelines.

    D.      Legal Representative for Future Claimants

Hon. Dean M. Trafelet (Ret.) served as the Legal Representative for Future Claimants (the "FCR") during the Reporting Period. The compensation paid to the FCR during the Reporting Period is set forth in the Trust's financial statements. The inclusion of this information in the Trust's financial statements satisfies the requirements of Section 6.5 of the Trust Agreement. All distributions related to FCR compensation and expense reimbursements were made in accordance with the Trust Agreement guidelines.

E.  Claims Processing

The Trust continued to use MFR Claims Processing, Inc. as claims processor for the Trust during the Reporting Period.

F.  Investment Management

Cambridge Associates, LLC of Boston, Massachusetts served as the Trust's investment advisor. Cambridge Associates represents other asbestos settlement trusts and has experience advising such trusts regarding investment management. Cambridge Associates advises the Trustee on the asset allocation, meeting liquidity needs, and the selection and oversight of individual investment managers for the investable portions of the Trust's portfolio. The Trust Agreement sets forth certain general investment guidelines, primarily addressing credit quality and asset diversification. The asset allocation at the end of the Reporting Period is as follows: 60.2% of the Trust's invested assets are committed to fixed income, 11.6% to hedge funds and private investments, and 23.8% to equities. At year-end, the Trust also had 3.7% in cash, and 0.7% in GM-related securities.

The Trust retains the following investment managers: Northern Trust as equity manager; BlueMountain Capital, Governors Lane, Sculptor Capital, Farallon Capital, Sachem Head Capital, Taconic Capital, Tilden Park, and Valinor Capital as hedge funds; Breckinridge Capital and Income Research & Management as bond managers; and Accolade, Davidson Kempner and Ultra Capital as private investment managers.

The Northern Trust Bank serves as custodian for the Trust's separately-managed investment accounts. The Trust utilizes custodian accounts, wire transfers and zero-balance banking accounts to reduce its exposure to systemic banking system risk.

During the Reporting Period, the Trustee regularly met with Cambridge Associates to review investment performance and strategy, as well as to receive an update on the current market environment.

G.      General Counsel

Campbell & Levine, LLC of Pittsburgh, Pennsylvania and Wilmington, Delaware served as general counsel to the Trust.

IV.      ANNUAL REPORT AND ACCOUNT

A.      Summary of Claims

The Trust began accepting and processing Unliquidated claims on April 30, 2012. As of December 31, 2020, the Trust had received 58,990 Unliquidated Claims and paid a total of 11,632 claims since the date of inception of the Trust. Of the claims paid, there were 7,212 malignancy claims and 4,420 non-malignancy claims. The Trust paid approximately $74.5 million to asbestos victims in settlement of their Unliquidated Claims since the date of inception of the Trust.

During the Reporting Period, the Trust had received 6,003 Unliquidated Claims and paid a total of 3,179 claims. Of the claims paid during the Reporting Period, there were 1,965 malignancy claims and 1,214 non-malignancy claims. The Trust paid approximately $17.7 million to asbestos victims in settlement of their Unliquidated Claims during the Reporting Period.

A summary of the claims processing procedures and policies may be found at the Trust website at http://mlc.mfrclaims.com.

V.      FINANCIAL INFORMATION

The Trust's audited financial statements for the Reporting Period are attached hereto as Exhibit "A." The financial statements were audited by BDO USA, LLC.

Date:  New York, New York
April 29, 2021

        KLESTADT WINTERS JURELLER
        SOUTHARD & STEVENS, LLP

        By: /s/ *Brendan M. Scott*
            Brendan M. Scott
        200 West 41st Street, 17th Floor
        New York, New York 10036
        Tel:  (212) 972-3000
        Fax: (212) 972-2245

        CAMPBELL & LEVINE, LLC
        Kathleen Campbell Davis
        222 Delaware Avenue, Suite 1620
        Wilmington, DE 19801
        Tel. 302.426.1900
        Fax 302.426.9947

        -and-

        Douglas A. Campbell
        Stanley E. Levine
        1700 Grant Building
        Pittsburgh, PA 15219
        Tel. 412.261.0310
        Fax 412.261.5066

        Counsel to MLC Asbestos PI Trust