UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-cv-10222-RGS

BARRY SPENCER

v.

WILMINGTON TRUST COMPANY
as Trust Administrator for the Motor Liquidation Company Trust GUC Trust

<u>ORDER TO SHOW CAUSE</u>

March 25, 2021

STEARNS, D.J.

1. Pro se plaintiff Barry H. Spencer's ("Spencer") Application to Proceed without Prepayment of Fees or Costs, Dkt. 6 is <u>ALLOWED</u>. Spencer's complaint is subject to screening pursuant to 28 U.S.C. § 1915 ("Section 1915") because he is proceeding *in forma pauperis*. Pursuant to Section 1915, federal courts must dismiss a complaint *sua sponte* if the claims therein are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In conducting this review, the court liberally construes Spencer's complaint because he is proceeding pro se. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

2. Spencer shall, **by April 9, 2021**, dismiss this action voluntarily or SHOW CAUSE why this action should not be DISMISSED without prejudice. A review of the docket in Chapter 11 bankruptcy proceeding styled *In re: Motors Liquidation Company, et al., f/k/a General Motors Corp., et al.*, 09-bk-50026-REG (Bankr. S.D.N.Y.) reveals: (1) significant litigation around Spencer's settlement agreement, (2) that court has issued several orders relating to and enforcing the settlement agreement, and (3) the United States Bankruptcy Court for the Southern District of New York has retained jurisdiction over this dispute. Spencer's recourse, if any, appears to be with that court.

3. Failure to comply with this Order will result in dismissal of this action.

                                        SO ORDERED.

                                        /s/ Richard G. Stearns
                                        UNITED STATES DISTRICT JUDGE

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY

In Re Motor Liquidation Company

| | |
|---|---|
| BARRY SPENCER | Case No: NYSB-1-2009-bk-50026 |
| Plaintiff, | COMPLAINT FOR: |
| Vs | (1) Professional Deceit and Fraud; |
| WILMINGTON TRUST COMPANY | (2) Professional Negligence; |
| As Trust Administrator and Trustee for the | (3) Breach of Fiduciary Duty; |
| MOTOR LIQUIDATION COMPANY GUC TRUST | (4) Fraudulent Misrepresentation; |
| | (5) Conversion; |
| | (6) Fraudulent Concealment; |
| | (7) Constructive Fraud; |
| | (8) Breach of Contract; |
| | (9) Breach of Implied Covenant of Good Faith and Fair Dealings; and |
| | (10) Unjust Enrichment. |

## DEMAND FOR JURY TRIAL

### PARTIES

1. Plaintiff, Barry Spencer, is and all times herein mentioned was and is a resident of Dorchester, in Suffolk County of the City of Boston, Commonwealth of Massachusetts.

2. Defendant, Wilmington Trust Company, as Trust Administrator and Trustee for the Motor Liquidation Company GUC Trust, is and at all times herein mentioned was and is a Corporation organized and existing under the laws of the State od Delaware with principle offices located at 1100 North Market St., in the City of Wilmington.

3. Plaintiff, Barry Spencer is ignorant of the true names and capacities of defendants sued herein as DOES I through X, inclusive, and therefore sues All these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

4.  Defendant, Administrator of Wilmington Trust, is always sued herein as the agent and employee of Wilmington Trust, acting within the purpose and scope of such agency and employment.

5.  Defendant, DOE I, is always sued herein as the agent and employee of Wilmington Trust, acting within the purpose and scope of such agency and employment.

6.  Defendant, DOE II, is always sued herein as the agent and employee of Wilmington Trust, acting within the purpose and scope of such agency and employment.

7.  Defendant, DOE III, is always sued herein as the agent and employee of Wilmington Trust, acting within the purpose and scope of such agency and employment.

8.  Defendant, Gibson Trust, represents Wilmington Trust - Trust Administrator and Trustee for the Motor Liquidation Company GUC Trust, is and at all times herein mentioned was and is a Corporation organized and existing under the laws of the State of New York with principle offices located at 200 Park Avenue in the City of New York, Defendant is always sued herein as the agent and employee of Wilmington Trust, acting within the purpose and scope of such agency and employment.

9.  Defendant, Mathew J. Williams, Lawyer for Gibson Dunn, is always sued herein as the agent and employee of Wilmington Trust, acting within the purpose and scope of such agency and employment.

## FIRST CAUSE OF ACTION

### (Against All Defendants for Professional Deceit & Fraud)

10.  This action stems from a Bodily Injury Settlement Stipulation and Settlement Agreement between Motor Liquidation Company f/k/a General Motors Corp., in the amount $200,000.00 U.S. entered on docket in the Bankruptcy Court in the Southern District of New York, Motor liquidation Company ch.11 Case No. 09-50026 on September 07, 2010. Exhibit 1

11.  On or about May 30, 2012, Defendant, Wilmington Trust, informed Plaintiff that he was the holder of a General Allowed Class 3 General Unsecured Claim and that he was to receive several distributions from Motor Liquidation Company GUC Trust as a Schedule A Creditor. Exhibit 2

12.  On or About April 1, 2017, Plaintiff wrote Defendant(s) with regards to their delinquent trust disbursements with respects towards his $200,000 general uninsured claim regarding their fiduciary duty as trust for GUC Trust, however, the Defendant had made a decision to falsely, deceitfully and misleading representation knowing the information was false with the intent to deceive the Plaintiff of his legal right to the settlement disbursements. Exhibit 3

13. Between May 2012 - May 9, 2017, GUC Trust made several distributions to Schedule A creditors and neglected to provide the Plaintiff his legal share.

14. At the time Defendants encouraged the Plaintiff of the signing of the Settlement Agreement the Defendants made promises to plaintiff, defendant had no intention of performing them the obligation to the Plaintiff, instead took it to harm the Plaintiff.

15. On or about May 9, 2017, Defendant(s) Wilmington Trust, Doe I – III, Gibson Dunn and Matthew J. William falsely and fraudulently represented to plaintiff that they made distributions predicated upon GM shares of common stock and warrants (Initial Distribution) however they are not making any other additional distributions from the trust, based upon the initial disbursement. Ibid

16. The representations made by defendant were in fact false. The true facts were that the Defendants and Gibson Dunn was established to resolve claims against MLC and **to make distributions to holders of claims** that were allowed by the bankruptcy court, not their circumvention of the court's definition of claimants entitled to distributions after approved by the Bankruptcy Court, herein mentioned.

17. When the Defendant(s) Wilmington Trust, Gibson Dunn, Matt J William, Doe I, Doe II, Doe III made these representations knew them to be false, and these **representations were made by All Defendants with the intent to defraud and deceive plaintiff and with the intent to induce plaintiff to act in the manner herein alleged.**

18. Defendant(s) Wilmington Trust, Doe I – III, Gibson Dunn and Matthew J. William falsely and fraudulently represented to plaintiff that it had no obligation to fulfill the contractual obligation to the **Plaintiff,** at the time these representations were made by defendant and at the time plaintiff took the actions herein alleged, was ignorant of the falsity of defendant's representations and believed them to be true.

19. Plaintiff, at the time this promised Settlement Agreement was made and at the time plaintiff took the actions herein alleged, was ignorant of defendant's secret intention not to perform and plaintiff could not, in the exercise of reasonable diligence, have discovered defendant's secret intention since all distribution was predicated upon the Initial Distribution.

20 In reliance on these representations, plaintiff was induced to and did write the Defendants to complain of the deceit and unfair business acts, and breach of contract obligations.

21. Plaintiff motioned the Bankruptcy court in several motions. Had plaintiff known the facts, the distributions were predicated upon the initial and subsequent distributions, he would not have taken such action contrary to retrieving his distributions.

22. Plaintiff's reliance on defendant's representations was justified because the Bankruptcy Court told them to provide all distributions owed the Plaintiff and nothing more. Exhibit 4

23. As a proximate result of defendant's fraud and deceit and the facts herein alleged, plaintiff was not allowed his Regular distribution from the Defendant(s) Wilmington Trust, Doe I, Doe II, Gibson Dunn Matthew Williams by reason of which plaintiff has been damaged in the sum of $800,000.00 in regards to the original $200,000.00 and treble damages due to violation of fair business practices $600,000.00.

24. In doing the acts herein alleged, defendant acted with oppression, fraud, and malice, and plaintiff is entitled to punitive damages in the sum of $600,000.00.

## Second Cause of Action

### (Against All Defendants for Professional Negligence)

25, Plaintiff realleges and incorporate by reference herein each allegation contained in paragraphs 1 through 24 above.

26. For over a decade, Defendants was appointed by the Bankruptcy Court where they professed to the court a specialty as a trust administrator established and bound by the court to resolve claims against Motor Liquidation Company (the former General Motors Corporation) to holders of claims that were allowed by the Bankruptcy Court – and, during this time, Defendants held themselves as Trust Administrator who were willing and able to procure such trust units and distribute them to the Plaintiff in a timely fashion.

27. On about April 1, 2017, Plaintiff noticed the defendants failed to make timely distributions of Trust units to his Stock brokerage Clearing House and cash distributions to himself according to the Settlement Agreement between himself and MLC. After review and analysis of distributions made to other holders of the claim Plaintiff became concerned that the Trust distributions from the GUC Trust units was extraordinarily withheld.

28. It also became clear during the time of initial distribution of trust units and years, months and days followed that Defendants engaged in other breaches of conduct, including failing to advise Plaintiff his obligation to ensure future distributions from the MLC GUC Trust units, nor did they have the authority to expunge any MLC debt towards a Holder of Claim that was **Allowed** by the Bankruptcy Court. Specifically, Plaintiff is informed and believe, and on that basis allege, that Defendants did not have authority to expunge MLC's debt to the holder of claim without the court 's permission and may illegally dissolved Plaintiff's claim without just cause.

29. When Defendants were asked to produce and provide a list of all distributions to Holders of Claim for Schedule A and the total amount due to a holder of claim of $200,000.00, they refused and persisted Plaintiff got what was coming to him, Defendants stole several

disbursements of GUC Trust Units and Cash, total amount on a $200,000.00 claim has yet to be determined.

30. Defendants, in course of their dealings with Plaintiff's Claim, held themselves out as skilled Trust Administrators, having superior knowledge regarding their ability to precure myriad types of trust obligations in design, negotiation, and distribution of the GUC Trust Units, held obligated and bound by the court to satisfy Holder of Claims credits held by them. In doing so, Defendants were required to use the skill and care that a reasonably careful Trust Administrator would have used in similar circumstances.

31. Plaintiff is informed and believe, and on that basis allege, that Defendants failed to use the skill and care that a reasonably careful Trust administrator would have used in similar circumstances by, among other things:

   a.  Misrepresenting their ability to disburse GUC Trust units, for example, failing to advise Plaintiff as to all GUC Trust units and cash disbursements owed him;

   b.  Illegally dissolving and withholding a Holder of Claim's ability to procure his debt against MLC;

   c.  Circumventing GUC Trust for the Defendants' benefit;

   d.  Covering up their predatory embezzlement scheme through manipulation and deceit.

32. Moreover, Plaintiff are informed and believe, and on that basis allege, that the Defendants used their positions as Trust Administrator for MLC, Attorneys, and agents obligated to Plaintiff by court order obtained a secret profit and/or commission by collecting unnecessary fees in litigation for denial of, and expungement of claims.

33. As a direct, foreseeable, and proximate cause of Defendants' negligence, Plaintiff has suffered damages, including costs, expenses, social and economic disenfranchisement, hindered ability to move freely in commerce. The amount of damages has not been precisely determined and the damages are continuing to accrue. Plaintiff will seek to amend this Complaint when the precise amount of these damages is ascertained.

### Third Cause of Action

### (Against All Defendants for Breach of Fiduciary Duty)

34. Plaintiff realleges and incorporate by reference herein each allegation contained in paragraphs 1 through 33 above.

35. Based upon their representations, their expertise, and their long – standing relationship with Plaintiff, Defendants owed Plaintiff a fiduciary duty to act with the utmost good faith in the interest of Plaintiff.

36. For over ten years, Defendants have agreed to act as Plaintiffs' agent, broker and/or Trust Administrator for purposes of collection, procurement and distribution of GUC Trust Units. As such, a confidential relationship existed at all relevant times herein mentioned between Plaintiff and defendants.

37. Plaintiff is informed and believe, and on that basis allege, that Defendants violated their relationship of trust and confidence with Plaintiff, breached their fiduciary duties, and failed to act as reasonable and careful agents and brokers by, among other things:

   a. Misrepresenting their ability to disburse GUC Trust units, for example, failing to advise Plaintiff as to all GUC Trust units and cash disbursements owed him;

   b. Illegally dissolving and withholding a Holder of Claim's ability to procure his debt against MLC;

   c. Circumventing GUC Trust for the Defendants' benefit;

   d. Covering up their predatory embezzlement scheme through manipulation and deceit.

38. Moreover, Plaintiff is informed and believe, and on that basis allege, that the Defendants used their positions at Trust Administrator of Plaintiff to obtain a secret profit and/or commission by collecting unnecessary fees in litigation for denial of, and expungement of claims.

39. As a direct, foreseeable, and proximate cause of Defendants' breaches of their fiduciary duties, Plaintiff has suffered damages, including costs, expenses, social and economic disenfranchisement, hindered ability to move freely in commerce. The amount of damages has not been precisely determined and the damages are continuing to accrue. Plaintiff will seek to amend this Complaint when the precise amount of these damages is ascertained.

40. Defendants' breaches of their duties as alleged above were undertaken with the intent of depriving Plaintiff of his right to his property or legal rights or otherwise causing injury, and was despicable, malicious, oppressive, and/or fraudulent conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary punitive damages in an amount to be proven at trial.

## Fourth Cause of Action

### (Against All Defendants for Fraudulent Misrepresentation)

41. Plaintiff reallege and incorporate by reference herein each allegation contained in paragraphs

1 through 40 above.

42.    In connection with procurement of Trust policies and Trust requirements from the Court for the Plaintiff, Defendants fraudulently misrepresented to Plaintiff that they had authority to dissolve valid legal claims and circumvent them, made specific and false representations as to the amount of the distributions represented to the Plaintiff that Defendants had procured the right amount of distribution of Trust Units for each Plaintiff at each level.

43.    Plaintiff are informed and believe, and on that basis allege, that the representations alleged above were in fact false. At the time such representations were made by Defendants, Plaintiff was ignorant of the falsity of Defendants' representations and believe them to be true. Plaintiff is informed and believe, and on that basis allege, that at the time Defendants made these representations, Defendants knew, or should have known, that these representations were false, and that Plaintiffs would rely upon them. Plaintiff is informed and believe, and on that basis allege, that Defendants intended for the Plaintiff to rely on these representations.

44.    Plaintiff justifiably relied in Defendants representations with respect to the procurement and distribution of GUC Trust of Plaintiff claim. In reliance on these representations, Plaintiff was induced to, and did, sign the settlement for future distributions from the trust. Had the Plaintiff known that Defendants were covering up their scheme, to circumvent and dissolve claims, Plaintiff would not have taken this action.

45.    Plaintiffs' reliance on Defendants' representations was justified because of Defendants' alleged superior knowledge and expertise in management of trust and distribution of units to claimants, Defendants holding themselves out as skilled Trust Management, and the Defendants' long term and court appointed relationship with the Plaintiff.

46.    As a Direct and proximate result of Defendants' negligent misrepresentations, Plaintiff has suffered damages, by the failure to be distributed his GUC Trust Units and Cash disbursements, attorney fees, costs and expenses. The amount of these damages has not been precisely determined and the damages are continuing to accrue. Plaintiff will seek leave to amend this Complaint when the precise amount of these damages is ascertained.

## Fifth Cause of Action

### (Against All Defendants for Conversion)

47.    Plaintiff realleges and incorporate by reference herein each allegation contained in paragraphs 1 through 46 above.

48.    As set forth above, Plaintiff was Court induced to and allowed Defendants to procure and distribute GUC Trust Funds on his behalf. Had Plaintiff known that Defendants were to circumvent, or dissolve court allowed claims for the same Plaintiff at the same level, and/or covering up their scheme, Plaintiff would not have taken these actions.

49.     Plaintiff reasonably and justifiably relied on Defendants to execute their duties as Trust Administrator Brokers for Plaintiff and the representations Defendants made to Plaintiff, and therefore procured court ordered policies and inner house policies quoted by Defendants. Defendants have converted a substantial portion of the GUC Trust units paid for their own use and benefit to the detriment of Plaintiff. Defendants have failed and refused to repay the improperly withheld disbursements.

50.     As a direct and proximate result of Defendants' conversion, Plaintiff has suffered damages, including disenfranchisement of commerce with Trust Units allowed by Court, attorney fees, costs and expenses. The amount of these damages has not been precisely determined and the damages are continuing to accrue. Plaintiff will seek leave to amend this Complaint when the precise amount of these damages is ascertained.

51.     Defendants' acts of conversion were done with the intent of depriving Plaintiffs of their property or legal rights or otherwise causing injury, and were despicable, malicious, oppressive, and/or fraudulent conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages in an amount to be proven at trial.

## Sixth Cause of Action

### (Against All Defendants for Fraudulent Concealment)

52.     Plaintiff realleges and incorporate by reference herein each allegation contained in paragraphs 1 through 51 above.

53.     Plaintiff is informed and believe, and on that basis allege, that Defendants suppressed or concealed the following material facts, among others:

   a.   Misrepresenting their ability to disburse GUC Trust units, for example, failing to advise Plaintiff as to all GUC Trust units and cash disbursements owed him;

   b.   Illegally dissolving and withholding a Holder of Claim's ability to procure his debt against MLC;

   c.   Circumventing GUC Trust for the Defendants' benefit;

   d.   Covering up their predatory embezzlement scheme through manipulation and deceit.

54.     Plaintiff is informed and believe, and on that basis allege, that the suppression or concealment of information herein alleged was undertaken with the intent to induce Plaintiff to act in reliance thereon and in the manner herein alleged.

55. At the time of Defendants' concealment or suppression, Plaintiffs were ignorant of the information concealed or suppressed by Defendants. If the Plaintiff had been aware of the existence of the facts not disclosed by Defendants, Plaintiff would not have signed the Settlement Agreement quoted by Defendants or allowed Defendants to continue as Trust Administrator on his behalf and distribute GUC Trust funds recommended by the Defendants albeit court ordered.

56. As a direct and proximate result of Defendants' conversion, Plaintiff has suffered damages, including disenfranchisement of commerce with Trust Units allowed by Court, attorney fees, costs and expenses. The amount of these damages has not been precisely determined and the damages are continuing to accrue. Plaintiff will seek leave to amend this Complaint when the precise amount of these damages is ascertained.

57. Defendants' acts alleged above included deceit and/or fraudulent concealment of material facts known to Defendants with the intent of depriving Plaintiffs of his property or legal rights or otherwise causing injury, and were despicable, malicious, oppressive, and/or fraudulent conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages in an amount to be proven at trial.

## Seventh Cause of Action

### (Against All Defendants for Constructive Fraud)

58. Plaintiff realleges and incorporate by reference herein each allegation contained in paragraphs 1 through 57 above.

59. As stated above, Defendants owed fiduciary duties. Specially, Defendants was court ordered and agreed to act as Plaintiffs' Trust agents and brokers for purposes of procuring certain personal and business GUC Trust Units for Plaintiff. As such, a confidential relationship existed at all relevant times herein between Plaintiff and Defendants. In that regard, Plaintiff placed confidence in the fidelity and integrity of Defendants in entrusting Defendants with the responsibility to procure the appropriate the GUC Trust for MLC to be distributed to Plaintiffs.

60. Despite having voluntary accepted the court ordered trust arrangement with trust and confidence reposed in them with regard to Plaintiffs' trust units and cash disbursements, and in violation of this relationship of trust and confidence, Plaintiff are informed and believe, and on that allege, that Defendants abused the trust and confidence of Plaintiff by, among other things:

   a. Misrepresenting their ability to disburse GUC Trust units, for example, failing to advise Plaintiff as to all GUC Trust units and cash disbursements owed him;

  b. Illegally dissolving and withholding a Holder of Claim's ability to procure his debt against MLC;

  c. Circumventing GUC Trust for the Defendants' benefit;

  d. Covering up their predatory embezzlement scheme through manipulation and deceit.

61. Moreover, Plaintiff is informed and believe, and on that basis allege, that the Defendants used their positions as agents and brokers of the GUC Trust of Plaintiff to obtain a secret profit and/or commission by dissolving and circumventing the trust units owed the Plaintiff.

62. Plaintiff is informed and believe, and on that basis allege, that Defendants' wrongful acts described above were untaken with the intent to deceive and defraud Plaintiff. Plaintiff reasonably relied on Defendants in view of their long-standing special relationship.

63. At the time of Defendants' concealment or suppression, Plaintiffs were ignorant of the information concealed or suppressed by Defendants. If the Plaintiff had been aware of the existence of the facts not disclosed by Defendants, Plaintiff would not have signed the Settlement Agreement quoted by Defendants or allowed Defendants to continue as Trust Administrator on his behalf and distribute GUC Trust funds recommended by the Defendants albeit court ordered.

64. As a direct and proximate result of Defendants' conversion, Plaintiff has suffered damages, including disenfranchisement of commerce with Trust Units allowed by Court, attorney fees, costs and expenses. The amount of these damages has not been precisely determined and the damages are continuing to accrue. Plaintiff will seek leave to amend this Complaint when the precise amount of these damages is ascertained.

65. Defendants' acts alleged above included deceit and/or fraudulent concealment of material facts known to Defendants with the intent of depriving Plaintiffs of his property or legal rights or otherwise causing injury, and were despicable, malicious, oppressive, and/or fraudulent conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages in an amount to be proven at trial.

### Eighth Cause of Action

### (Against All Defendants for Breach of Contract)

66. Plaintiff realleges and incorporate by reference herein each allegation contained in paragraphs 1 through 65 above.

67. For over ten years the Settlement Agreement was signed, allowed by court, Defendants acted as Trust Administrators and professional Trust Management on behalf of MLC. In exchange, for the settlement agreement the Defendants were obligated to make disbursement to Plaintiff to satisfy compensation for his bodily injuries due to malfunctioning of a Cadillac

with fuel line recall, instead of one payment of $200,000.00 US as normally done in a personal injury claim at Defendants direction to file a claim with the Bankruptcy Court for the court to allow it.

68. Plaintiff performed all his obligations under the Agreement with Defendants or have been excused from performance by reason of the acts and conduct of Defendants or by operation of the law.

69. In acting and failing to act as alleged above, Defendants breached their Agreement with Plaintiff. 70. As a direct and proximate result of Defendants' conversion, Plaintiff has suffered damages, including disenfranchisement of commerce with Trust Units allowed by Court, attorney fees, costs and expenses. The amount of these damages has not been precisely determined and the damages are continuing to accrue. Plaintiff will seek leave to amend this Complaint when the precise amount of these damages is ascertained.

### Ninth Cause of Action

### (Against All Defendants for Breach of the Implied Covenant of Good Faith and Fair Dealing)

71. Plaintiff realleges and incorporate by reference herein each allegation contained in paragraphs 1 through 70 above.

72. The Agreement contained an implied covenant of good faith and fair dealing requiring that: (1) Defendants would not do anything to jeopardize Plaintiffs' Agreement with MLC or Plaintiffs' ability to realize, procure and obtain the benefits of the GUC Trust Disbursements that MLC and the Court promised to procure and distribute to the Plaintiff; (2) Defendants would deal fairly and in good faith with Plaintiff; (3) Defendants would promptly and fairly carry out their obligations under the Agreement, as alleged above.

73. Defendants breached the implied covenant of good faith and fair dealing by, in addition to the wrongful acts described above, engaged in actions purposefully aimed at frustrating and interfering with Plaintiffs' GUC Trust Distribution and/or Plaintiffs' ability to realize the benefits of coverage that Defendants promised to procure on their behalf.

74. The acts alleged above constitute violations of the implied covenant of good faith and fair dealing.

75. As a direct, foreseeable, and proximate result of Defendants' breach of the implied covenant of good faith and fair dealings, Plaintiff has suffered damages, including disenfranchisement of commerce with Trust Units allowed by Court, attorney fees, costs and expenses. The amount of these damages has not been precisely determined and the damages are continuing to accrue. Plaintiff will seek leave to amend this Complaint when the precise amount of these damages is ascertained.

## Tenth Cause of Action

### (Against All Defendants for Unjust Enrichment)

76. Plaintiff realleges and incorporate by reference herein each allegation contained in paragraphs 1 through 75 above.

77. Plaintiff is informed and believe, and on that basis allege, that Defendants improperly circumvented and/or dissolved court allowed GUC Trust units that was assigned as debt to MLC to be distributed to the Plaintiff. Moreover, Plaintiff is informed and believe, and on that basis allege, that Defendants used their positions as court appointed Trust agents, brokers and lawyers for the Trusts' benefit of claimants to obtain a secret profit and/or commission by dissolving and circumventing claims illegally and unjustly.

78. As a result of Defendants wrongful conduct, Defendants have been unjustly enriched at the expense of Plaintiff and have unjustly retained the benefits of their wrongful conduct.

79. As a direct and proximate result of Defendants' fraud and deceit, Plaintiff has suffered damages, including costs, expenses, social and economic disenfranchisement, hindered ability to move freely in commerce. The amount of damages has not been precisely determined and the damages are continuing to accrue. Plaintiff is entitled to a constructive trust and restitution of the amounts wrongfully taken and retained by Defendants at Plaintiffs' expense.

## PRAYER

WHEREFORE, Plaintiff prays for judgement against Defendants, and each of them, jointly and severally, as follows:

### ON THE FIRST CAUSE OF ACTION FOR PROFESSIONAL DECEIT AND FRAUD

1. For damages in the amount to be proven at trial;
2. For interest thereon; and
3. For costs of suit incurred herein.

### ON THE SECOND CAUSE OF ACTION PROFESSIONAL NEGLIGENCE

1. For damages in the amount to be proven at trial;
2. For interest thereon; and
3. For costs of suit incurred herein

### ON THE THIRD CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

1. For damages in an amount to be proven at trial;
2. For recovery of the Defendants' secret profits and/or commissions;

3. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar conduct;
4. For interest on the damages according to proof at the legal rate; and
5. For costs of suit incurred herein.

### ON THE FOURTH CAUSE OF ACTION FOR FRAULANT MISREPRESENTATION

1. For damages in an amount to be proven at trial;
2. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar conduct;
3. For interest on the damages according to proof at the legal rate; and
4. For costs of suit incurred herein.

### ON THE FIFTH CAUSE OF ACTION FOR CONVERSION

1. For damages in an amount to be proven at trial;
2. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar conduct;
3. For interest on the damages according to proof at the legal rate; and
4. For costs of suit incurred herein.

### ON THE SIXTH CAUSE OF ACTION FOR FRAUDULENT CONCEALMENT

1. For damages in an amount to be proven at trial;
2. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar conduct;
3. For interest on the damages according to proof at the legal rate; and
4. For costs of suit incurred herein.

### ON THE SEVENTH CAUSE OF ACTION FOR CONSTRUCTIVE FRAUD

1. For damages in an amount to be proven at trial;
2. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar conduct;
3. For interest on the damages according to proof at the legal rate; and
4. For costs of suit incurred herein.

### ON THE EIGHTH CAUSE OF ACTION FOR BREACH OF CONTRACT

1. For compensatory damages in an amount to be determined at trial; and
2. For costs of suit incurred herein.

### ON THE NINTH CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVERNANT OF

### GOOD FAITH AND FAIR DEALING

1. For compensatory damages in an amount to be determined at trial;

2. For interest on the damages according to proof at the legal rate; and
3. For attorneys' fees and costs of suit herein incurred.

### ON THE TENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

1. For restitution of the money wrongfully retain by Defendants as a result of their wrongful acts in an amount proven at trial;
2. For interest on the damages according to proof at the legal rate; and
3. For costs of suit herein incurred.

### ON ALL CAUSES OF ACTION

1. Such other, further, and/or different relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, Barry Spencer, as Claimant of GUC Trust Owner of Trust Units hereby demand a trial by jury in this Action.

Dated: January 14, 2021                              Barry Spencer Pro, se

By:/s/Barry H. Spencer Jr.,

Barry H. Spencer Jr.,

**VERIFICATION**

I, Barry Spencer, am a Plaintiff in the above-entitled action. I have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed at 15 Tiffany Drive Brockton, MA 02301, on January 14, 2021.

/s/Barry H. Spencer Jr.,